# EXHIBIT 5

AO88  (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____EASTERN_____            _____PENNSYLVANIA_____

CARTER BRYANT, an Individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware Corporation

Case Number: [1]  C.D.Cal. CV 04-9049 SGL(RNBx)
Consolidated with cases CV 04-9059 and
CV 05-2727

TO: Wachovia Corporation, Legal Division
    Legal Orders Processing
    101 N. Independence Mall East, Philadelphia, PA 19106

    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[ X ]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Court House Legal Services | January 26, 2009 |
| 1420 Walnut St., Suite 1218 | 9:00 a.m. |
| Philadelphia, PA 19102 | |

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /ru   Attorney for Plaintiff, Mattel, Inc. | January 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT _____ 5 _____

PAGE _____ 83 _____

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.
(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT _____5_____

PAGE _____84_____

### ATTACHMENT A

1.      All agreements, contracts and written communications between MGA Entertainment, Inc. and Wachovia since January 1, 2007.

2.      All agreements, contracts and written communications between OmniNet Capital, LLC and Wachovia since January 1, 2007.

3.      All agreements, contracts and written communications between Omni 808 Investors, LLC and Wachovia since January 1, 2007.

4.      All agreements, contracts and written communications between Isaac Larian and Wachovia since January 1, 2007.

5.      All agreements and contracts referring or relating to any indebtedness owed by MGA Entertainment, Inc. or any credit extended to MGA Entertainment, Inc. since January 1, 2007, and any amendments or modifications thereto, and any communications related to any such agreements or contracts.

6.      The information provided to you by MGA Entertainment, Inc. for purposes of entering into or modifying any agreement or contract, or any potential agreement or contract, at any time since January 1, 2007.

7.      Any explanation or justification that you understood or was provided for why MGA Entertainment, Inc. needed or sought any loan agreement or line of credit or other financing arrangement from Wachovia Corporation since January 1, 2007.

8.      All documents referring or relating to any other MGA Entertainment, Inc. lenders or persons who extended or were requested to extend a line of credit to MGA Entertainment, Inc. since January 1, 2007.

9.      All documents referring or relating to any lenders or persons who have taken a security interest in any MGA Entertainment, Inc. asset since January 1, 2007.

10.     All documents referring or relating to the assignment of your security interest in MGA Entertainment, Inc. assets, as identified in the U.C.C. financing statements attached as Exhibit 1, to Omni 808 Investors, LLC.

11.     All communications with Omni 808 Investors, LLC, OmniNet Capital, LLC or Neil Kadisha referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, any family member of Isaac Larian, Fred Mashian and/or Bratz.

1

EXHIBIT _____ 5 _____

PAGE _____ 85 _____

      12.     All communications with MGA Entertainment, Inc. referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, Isaac Larian, any family member of Isaac Larian, Neil Kadisha, Fred Mashian and/or Bratz since January 1, 2007.

EXHIBIT _____ 5

PAGE _____ 86

# EXHIBIT 1

EXHIBIT ___5___

PAGE ___87___

06-7090318014
10/30/2006 16:46

**FILED**
CALIFORNIA
SECRETARY OF STATE
S05

10214830002   UCC 1 FILING

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER (optional)
Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | ORGANIZATION DEBTOR | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | ORGANIZATION DEBTOR | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ THIS FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum (if applicable) | | ☐ Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors ☐ | Debtor 1 ☐ | Debtor 2 ☐ |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MN(67U8P45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

**EXHIBIT** _____ 5

**PAGE** _____ 88

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

     All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

     (i)     all Accounts;

     (ii)     all Inventory;

     (iii)     all Documents relating to Inventory;

     (iv)     all books and records pertaining to any property described in this definition;

     (v)     all Supporting Obligations pertaining to any property described in this definition; and

     (vi)     to the extent not otherwise included, all Proceeds.

     Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

     "Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

     "UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

LEGAL02/30132896v1

EXHIBIT _____ 5
PAGE _____ 89

08-71714105
09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

18335690003   UCC 3 FILING

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

PG-0000-8510-Z

CL@S
INFORMATION
SERVICES
WWW.CLASINFO.COM
3370 BIXLEY WAY, SUITE 200
SACRAMENTO, CA 95833
TEL-916.341.2000 / 800.952.5646
FAX-916.341.2000

account number 1036AM(RW)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
| --- | --- | --- |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only **one** of these two boxes.
Also check **one** of the following three boxes **and** provide appropriate information in items 6 and/or 7.

| ☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable). |
| --- | --- | --- |

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
| OR | | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
| OR | OMNI 808 Investors LLC, as Agent | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
| --- | --- | --- | --- | --- |

8. **AMENDMENT (COLLATERAL CHANGE):** check only **one** box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
| OR | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment Inc.                                                              CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

N72646923.1/3001762-0000308275

EXHIBIT __5__

PAGE __90__

**06-7090318135**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214840002   UCC 1 FILING

## UCC FINANCING STATEMENT
**FOLLOW INSTRUCTIONS (front and back) CAREFULLY**

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE: ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE: ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State          MN0768 PG/5-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT ___5___

PAGE ___91___

10214840002

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30133111v1

A - 1



EXHIBIT _____ 5

PAGE _____ 92

*As used herein:*

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting; and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT ___5___

PAGE ___93___

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

EXHIBIT 5

PAGE 94

**07-71137423**
**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12649550004  UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
┌ UCC Direct Services
  1232 Q St
  Sacramento CA 95814
  Account 10010537
└ CDD
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090318135 filed 10/30/06

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.
☐ DELETE name: Give record name to be deleted in item 6a or 6b.
☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany, GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc., and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.     (8926488 90     JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT _____ 5

PAGE _____ 95

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A - 1

EXHIBIT _____ 5

PAGE _____ 96

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT ___5___

PAGE ___97___

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARI. | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

EXHIBIT _____ 5

PAGE _____ 98

**08-71714106**

**09/09/2008 16:03**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

18335698004   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

FE-0000-859-2

CL@S
INFORMATION SERVICES
WWW.CLASINFO.COM
1025 OAKLEY WAY, SUITE 510
SACRAMENTO, CA  95825
916.920.5240/FAX / 916.920.5249
916/920.5250/500

record number  1036AMRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] [or recorded] in the 0 REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| OR | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| OR | 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| | OMNI 808 Investors LLC, as Agent | | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| OR | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**

Debtor: MGA Entertainment Inc.                                   CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

N/72646923.1/3001762-0000308275

EXHIBIT _____5_____

PAGE _____99_____

```
06-7090317861
10/30/2006  16:46

            FILED
S0S         CALIFORNIA
            SECRETARY OF STATE

10214810002  UCC 1 FILING
```

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

┌─────────────────────────────────┐
│ CT Corporation System            │
│ 2295 Gateway Oaks Drive          │
│ Ste 185                          │
│ Sacramento CA 95833              │
└─────────────────────────────────┘

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum | | [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State

MN07168845-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

EXHIBIT ___5___

PAGE ___100___

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

LEGAL02/30133146v1

A - 1

EXHIBIT _____ 5

PAGE _____ 101

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

EXHIBIT _____ 5

PAGE _____ 102

## SCHEDULE I

**MGA Entertainment (Mexico), Inc.**
**Pledged Equity Interests**

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares .Parte Social | N/A | 65% |

EXHIBIT_____5_____

PAGE_____103_____

| FILING OFFICER STATEMENT | |
| --- | --- |
| INTERNAL USE ONLY | |
| 1. Identification of the Record to which this FILING OFFICER STATEMENT relates. | |
| 1a. INITIAL FINANCING STATEMENT #: 067090317861 | DOCUMENT NUMBER: 10268190001 |
| 1b. RECORD TO WHICH THIS STATEMENT RELATES: | FILING NUMBER: 0670908369<br>FILE DATE/TIME: 11/3/2006 1:34:00 PM |
| | THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY |

2. Describe the inaccuracy or mistake on the part of the file office:

- ☒ Debtor   ☐ Secured Party
- ☐ Name and Address not Indexed.
- ☒ Name Indexed incorrectly
- ☐ Address indexed incorrectly

- ☐ File Date entered Incorrectly
- ☐ Wrong Action type entered
- ☐ Wrong Filing Type entered
- ☐ Filed in Error
- ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

- ☐ Added Name:
- ☐ Address:
- ☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
- ☒ To: MGA ENTERTAINMENT (MEXICO), INC.
- ☐ Corrected Address from:
- ☐ To:
- ☐ Corrected File Date from          to
- ☐ Re-entered the UCC3          as a
- ☐ Changed the Filing Type from          to
- ☐ Document Deleted
- ☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34

1

EXHIBIT _____ 5

PAGE _____ 104

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

    UCC Direct Services
    1232 Q St
    Sacramento CA 95814
    Account 10010537
    CDD

07-71137422
05/14/2007 11:35

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12849850003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090317861 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

OR  6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

OR  7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE

8. AMENDMENT (COLLATERAL CHANGE) check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
Wachovia Bank, National Association, as Agent

OR  9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   6926488 SO
JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gordon 19513/315438

EXHIBIT ___5___

PAGE ___105___

## Exhibit A

Debtor:
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)      all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)      all payments due or to become due to Debtor in respect of any of the foregoing;

(c)      all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)      all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)      all certificates and instruments representing or evidencing any of the foregoing;

(f)      all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)      all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

EXHIBIT _____ 5

PAGE _____ 106

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT _____ 5

PAGE _____ 107

SCHEDULE 1

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

EXHIBIT _____ 5 _____

PAGE _____ 108 _____

08-71714107
09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

18335698005   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

76-0000454-2

CL@S
INFORMATION SERVICES
WWW.CLSCORP.COM
7830 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
916-554-4111 / 800-952-5696
FAX 916-554-5111

account number 1036 AM RW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed for record (or recorded) in the U. REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
|OR| | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION

| | 7a. ORGANIZATION'S NAME | | | |
|OR| **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|OR| **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment (Mexico), Inc.                                    CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A72646923.1/3001762-0000308275

EXHIBIT _____5_____

PAGE _____109_____

# EXHIBIT 6

# DAVIS POLK & WARDWELL

1600 EL CAMINO REAL
MENLO PARK, CA 94025
650 752 2000
FAX 650 752 2111

NEW YORK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

NEAL A. POTISCHMAN
650 752 2021
NEAL.POTISCHMAN@DPW.COM

January 29, 2009

**Re:    Non-Party Subpoena in *Bryant v. Mattel Inc.*, CV 04-09049**

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543

Dear Jon:

I am writing to memorialize our discussion related to Mattel's subpoena
addressed to my client, Wachovia Corporation ("Wachovia"), dated January 12,
2009 (the "Subpoena").

As per our discussion, Wachovia has identified a number of documents
responsive to the Subpoena. Notwithstanding Wachovia's objections to the
Subpoena, and dependent upon (1) the resolution of MGA Entertainment Inc.'s
forthcoming motion to quash, and (2) Mattel's agreement to reimburse Wachovia
for reasonable out-of-pocket expenses that have been and will be incurred in
connection with producing responsive documents, Wachovia will produce non-
privileged documents in the following categories:

- A copy of MGA's "credit file," which apparently includes
  materials such as primary credit documents, executed credit,
  security and guarantee agreements, monthly asset reports, draft
  consolidated balance sheets and cash flow statements;

- Copies of selected Wachovia's workout officers' desk files.
  These "desk files" include, *inter alia*, drafts of documents, internal
  analyses, correspondence between a borrower and the workout
  officers regarding violation of debt covenants and debt
  restructuring scenarios. In this instance, I believe the files also
  contain correspondence and agreements relating to transactions
  with OmniNet Capital, LLC and Omni 808 Investors, LLC,

EXHIBIT _____ 6

PAGE _____ 110

Jon D. Corey, Esq.                              2                          January 29, 2009

> reports on MGA's cash-flow, "Lender Update" presentations by
> MGA detailing the company's financial situation, reports on
> MGA's operations, set-off notices, and correspondence regarding
> same. As noted, Wachovia would produce files from a Managing
> Director, Director, and Associate with responsibility for the MGA
> account;

- A complete set of all documents made available to lenders on
  Wachovia's ACBS SyndTrak[1] system. These documents include,
  *inter alia*, executed agreements (including agreements relating to
  transactions with Omni 808 Investors, LLC and OmniNet Capital,
  LLC), executed waivers of conditions in credit agreements,
  promissory notes, offer letters, term sheets, notices of borrowing,
  acceleration and set-off notices, due diligence reports, debt
  restructuring proposals, and correspondence between MGA and
  Wachovia; and

- A complete copy of the closing set of the MGA/OmniNet Capital,
  LLC transaction.

We believe that the foregoing documents sufficiently respond to each of
the requests in the Subpoena. Wachovia will not produce additional documents
including electronic communications between Wachovia and various entities
sought in certain of your requests. The collection, processing, and review of
electronic documents in these circumstances would be extremely burdensome,
particularly for a non-party. Further, in light of the planned production of the
above-listed documents, as well as the productions that Wachovia has made in
this matter in the past, further collection, review, and production of electronic
documents would be unduly burdensome, and otherwise inappropriate. Note,
however, that electronic documents that were printed and stored as part of the
above-listed categories would be included in any production from those sources.

Please do not hesitate to let me know if you have any questions.

Very truly yours,

Neal A. Potischman

By Electronic Mail

---

[1] ACBS SyndTrak is a front-office software system that facilitates data sharing among
lenders.

EXHIBIT _____ 6

PAGE _____ 111

# EXHIBIT 7

1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   PETER N. VILLAR (SBN 204038)
    JENNIFER A. LOPEZ (SBN 232320)
3   600 Anton Boulevard
    18th Floor
4   Costa Mesa, CA 92626-1924
    Telephone: 714.830.0600
5   Facsimile: 714.830.0700
    Email: todd.gordinier@bingham.com
6          jennifer.lopez@bingham.com

7   Attorneys for Non-party
    OMNI 808 INVESTORS, LLC
8
                    UNITED STATES DISTRICT COURT
9
                  CENTRAL DISTRICT OF CALIFORNIA
10
                          EASTERN DIVISION
11

12
    Carter Bryant, an individual,          Case No. CV 04-9049 SGL (RNBx)
13
                     Plaintiff
14
                        v.                 **NON-PARTY OMNI 808**
15                                         **INVESTORS, LLC'S OBJECTIONS**
                                           **TO DEFENDANT MATTEL, INC.'S**
16  Mattel, Inc., a Delaware Corporation,  **SUBPOENA FOR THE**
                                           **PRODUCTION OF DOCUMENTS**
17                   Defendant.

18                                         Judge:      Hon. Stephen G. Larson

19

20

21

22

23

24

25

26

27        EXHIBIT   7
28        PAGE    112
    A/72816085.3/3009108-0000335082

    NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
                  SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1        Pursuant to Federal Rule of Civil Procedure 45, non-party OMNI 808

2   INVESTORS, LLC ("Omni") hereby responds to the Subpoena for the production

3   of documents (hereafter, "the Subpoena") served in this action by defendant

4   Mattel, Inc., as follows:

5

6                       **PRELIMINARY STATEMENT**

7        These responses are based solely on the facts, information and documents

8   presently known and available to Omni. Omni's search for and review of

9   potentially responsive documents is ongoing and may disclose the existence of

10  additional facts, information or documents, or possibly lead to additions or changes

11  to these responses. Omni reserves the right to revise or supplement these

12  responses if and when additional facts, information or documents are discovered.

13       The inadvertent production of proprietary, confidential, highly confidential,

14  or privileged documents or information by Omni does not and shall not constitute

15  waiver of any applicable privilege, rights under any protective order or trade

16  secret, nor should production of any document or information be construed to

17  waive any objection to the admission of such documents or information in

18  evidence, including without limitation that of relevancy.

19

20                      **GENERAL OBJECTIONS**

21       1.     Omni objects to the Subpoena, and each document request contained

22  therein, to the extent and on the ground that it seeks documents that are protected

23  by any applicable privilege, doctrine or immunity, including without limitation, the

24  attorney-client privilege and the attorney work product doctrine.

25       2.     Omni objects to the Subpoena, and each document request contained

26  therein, to the extent and on the ground that the Subpoena was not properly issued

27  or served, or otherwise fails to comply with the Federal Rules of Civil Procedure.

28      EXHIBIT ___7___

A/72816085.3/3009108-0000335082    PAGE  -1-  113

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1       3.    Omni objects to the Subpoena, and each document request contained

2  therein, to the extent and on the ground that it seeks documents which contain

3  private, confidential or proprietary information of Omni or its clients or employees,

4  or where disclosure would invade the privacy rights of Omni or its clients or

5  employees.

6       4.    Omni objects to the Subpoena, and each document request contained

7  therein, to the extent and on the ground that it seeks documents that are not

8  relevant to the parties' claims or defenses asserted in the action.

9       5.    Omni objects to the Subpoena, and each document request contained

10  therein, to the extent and on the ground that the burden, expense or intrusiveness of

11  the discovery outweighs the likelihood that the documents sought will lead to the

12  discovery of relevant evidence.

13       6.    Omni objects to the Subpoena, and each document request contained

14  therein, to the extent and on the ground that it seeks documents from non-party

15  Omni that are equally or more readily available and attainable from parties to the

16  action.

17       7.    Omni objects to the Subpoena, and each document request contained

18  therein, to the extent and on the ground that it is vague, ambiguous or fails to

19  identify the documents sought with sufficient particularity.

20       8.    Omni objects to the Subpoena, and each document request contained

21  therein, to the extent and on the ground that it is overly broad, unduly burdensome,

22  oppressive or harassing.

23       9.    Omni objects to the Subpoena, and each document request contained

24  therein, to the extent and on the ground that it seeks documents from sources that

25  are not reasonably accessible and would subject the responding party to undue

26  burden and expense.

27

28

EXHIBIT __7__

A/72816085.3/3009108-0000335082

PAGE   - 2 -  **114**

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1       10.    Omni objects to the Subpoena, and each document request contained

2   therein, to the extent and on the ground that it requires the production of

3   documents that are subject to a confidentiality or nondisclosure agreement.

4       11.    Omni objects to the Subpoena, and each document request contained

5   therein, on the ground that the place, date and time for compliance is not

6   reasonable or sufficient given the scope of the requests.

7       12.    Omni objects to the production of any documents under the Subpoena

8   unless and until there is an acceptable protective order issued by the Court.

9       In addition to these general objections which are incorporated into each and

10   every response herein, Omni specifically responds to each individual document

11   request as follows:

12

13   **SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION**

14   **REQUEST NO. 1:**

15       All documents referring or relating to agreements, contracts or transactions

16   between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any

17   subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or

18   modifications thereto, and any communications referring or relating to any such

19   agreements, contracts or transactions.

20   **RESPONSE TO REQUEST NO. 1:**

21       In addition to the general objections set forth above, Omni objects to this

22   request on the ground that it seeks documents that are protected by the attorney-

23   client privilege and attorney work product doctrine.  Omni further objects to the

24   request on the ground that it is overly broad and unduly burdensome.  Omni further

25   objects to the request on the ground that it seeks documents that contain private,

26   confidential or proprietary information of Omni or other non-parties.  Omni further

27   objects to the request on the ground that the burden, expense and intrusiveness of

28   the discovery outweighs the likelihood that the documents sought will lead to the

EXHIBIT 7

PAGE 115

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1  discovery of relevant evidence.

2  **REQUEST NO. 2:**

3      All documents referring or relating to agreements, contracts or transactions

4  between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808

5  Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any

6  amendments or modifications thereto, and any communications referring or

7  relating to any such agreements, contracts or transactions.

8  **RESPONSE TO REQUEST NO. 2:**

9      In addition to the general objections set forth above, Omni objects to this

10  request on the ground that it seeks documents that are protected by the attorney-

11  client privilege and attorney work product doctrine.  Omni further objects to the

12  request on the ground that it is overly broad and unduly burdensome.  Omni further

13  objects to the request on the ground that it seeks documents that contain private,

14  confidential or proprietary information of Omni, Wachovia or other non-parties.

15  Omni further objects to the request on the ground that the burden, expense and

16  intrusiveness of the discovery outweighs the likelihood that the documents sought

17  will lead to the discovery of relevant evidence.

18  **REQUEST NO. 3:**

19      All documents containing financial information, including but not limited to

20  historical and prospective performance, provided by MGA Entertainment, Inc. to

21  Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors,

22  LLC, since January 1, 2007.

23  **RESPONSE TO REQUEST NO. 3:**

24      In addition to the general objections set forth above, Omni objects to this

25  request on the ground that it is overly broad and unduly burdensome.  Omni further

26  objects to the request on the ground that it seeks documents that contain private,

27  confidential or proprietary financial information.  Omni further objects to the

28  request on the ground that the burden, expense and intrusiveness of the discovery

A/72816085.3/3009108-0000335082

EXHIBIT - 4 - 7

1  outweighs the likelihood that the documents sought will lead to the discovery of

2  relevant evidence.

3  **REQUEST NO. 4:**

4         Documents sufficient to identify (a) each member, managing member,

5  holder of any ownership interest in, shareholder, officer and director of Omni 808

6  Investors, LLC and (b) the dates of such person's affiliation with Omni 808

7  Investors, LLC.

8  **RESPONSE TO REQUEST NO. 4:**

9         In addition to the general objections set forth above, Omni objects to this

10  request on the ground that it seeks private, confidential and proprietary information

11  of Omni and other non-parties. Omni further objects to the request on the ground

12  that it is overly broad, unduly burdensome, oppressive and harassing. Omni

13  further objects to the request on the ground that the burden, expense and

14  intrusiveness of the discovery outweighs the likelihood that the documents sought

15  will lead to the discovery of relevant evidence.

16  **REQUEST NO. 5:**

17         All documents referring or relating to the formation and governance of Omni

18  808 Investors, LLC.

19  **RESPONSE TO REQUEST NO. 5:**

20         In addition to the general objections set forth above, Omni objects to this

21  request on the ground that it seeks private, confidential and proprietary information

22  of Omni. Omni further objects to the request on the ground that it is overly broad,

23  unduly burdensome, oppressive and harassing. Omni further objects to the request

24  on the ground that the burden, expense and intrusiveness of the discovery

25  outweighs the likelihood that the documents sought will lead to the discovery of

26  relevant evidence. Omni further objects to the request on the ground that it seeks

27  documents that are protected by the attorney-client privilege and attorney work

28  product doctrine. Omni further objects to the request on the ground that it is

A/72816085.3/3009108-0000335082   EXHIBIT   7   - 5 -

1  vague, ambiguous and fails to identify the documents with sufficient particularity.

2  **REQUEST NO. 6:**

3      All documents detailing or setting forth the relationship between Omni 808

4  Investors, LLC and OmniNet Capital, LLC, if any.

5  **RESPONSE TO REQUEST NO. 6:**

6      In addition to the general objections set forth above, Omni objects to this

7  request on the ground that it seeks private, confidential and proprietary information

8  of Omni and other non-parties.  Omni further objects to the request on the ground

9  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

10  further objects to the request on the ground that the burden, expense and

11  intrusiveness of the discovery outweighs the likelihood that the documents sought

12  will lead to the discovery of relevant evidence.  Omni further objects to the request

13  on the ground that it seeks documents that are protected by the attorney-client

14  privilege and attorney work product doctrine.  Omni further objects to the request

15  on the ground that it is vague, ambiguous and fails to identify the documents with

16  sufficient particularity.

17  **REQUEST NO. 7:**

18      All documents detailing or setting forth the relationship between Omni 808

19  Investors, LLC and Vision Capital, LLC, if any.

20  **RESPONSE TO REQUEST NO. 7:**

21      In addition to the general objections set forth above, Omni objects to this

22  request on the ground that it seeks private, confidential and proprietary information

23  of Omni and other non-parties.  Omni further objects to the request on the ground

24  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

25  further objects to the request on the ground that the burden, expense and

26  intrusiveness of the discovery outweighs the likelihood that the documents sought

27  will lead to the discovery of relevant evidence.  Omni further objects to the request

28  on the ground that it seeks documents that are protected by the attorney-client

A/72816085.3/3009108-0000335082

**EXHIBIT - 6 - 7**

1  privilege and attorney work product doctrine.  Omni further objects to the request

2  on the ground that it is vague, ambiguous and fails to identify the documents with

3  sufficient particularity.

4  **REQUEST NO. 8:**

5  　　All documents detailing or setting forth the relationship between Omni 808

6  Investors, LLC and Lexington Financial, LLC, if any.

7  **RESPONSE TO REQUEST NO. 8:**

8  　　In addition to the general objections set forth above, Omni objects to this

9  request on the ground that it seeks private, confidential and proprietary information

10  of Omni and other non-parties.  Omni further objects to the request on the ground

11  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

12  further objects to the request on the ground that the burden, expense and

13  intrusiveness of the discovery outweighs the likelihood that the documents sought

14  will lead to the discovery of relevant evidence.  Omni further objects to the request

15  on the ground that it seeks documents that are protected by the attorney-client

16  privilege and attorney work product doctrine.  Omni further objects to the request

17  on the ground that it is vague, ambiguous and fails to identify the documents with

18  sufficient particularity.

19  **REQUEST NO. 9:**

20  　　All documents detailing or setting forth the relationship between Omni 808

21  Investors, LLC and MGA Entertainment, Inc., if any.

22  **RESPONSE TO REQUEST NO. 9:**

23  　　In addition to the general objections set forth above, Omni objects to this

24  request on the ground that it seeks private, confidential and proprietary information

25  of Omni.  Omni further objects to the request on the ground that it is overly broad,

26  unduly burdensome, oppressive and harassing.  Omni further objects to the request

27  on the ground that the burden, expense and intrusiveness of the discovery

28  outweighs the likelihood that the documents sought will lead to the discovery of

A/72816085.3/3009108-0000335082

EXHIBIT - 7 - 7

1 │ relevant evidence. Omni further objects to the request on the ground that it seeks

2 │ documents that are protected by the attorney-client privilege and attorney work

3 │ product doctrine. Omni further objects to the request on the ground that it is

4 │ vague, ambiguous and fails to identify the documents with sufficient particularity.

5 │ **REQUEST NO. 10:**

6 │     All documents detailing or setting forth the relationship between Omni 808

7 │ Investors, LLC and Isaac Larian and his family members, if any.

8 │ **RESPONSE TO REQUEST NO. 10:**

9 │     In addition to the general objections set forth above, Omni objects to this

10 │ request on the ground that it seeks private, confidential and proprietary information

11 │ of Omni and other non-parties. Omni further objects to the request on the ground

12 │ that it is overly broad, unduly burdensome, oppressive and harassing. Omni

13 │ further objects to the request on the ground that the burden, expense and

14 │ intrusiveness of the discovery outweighs the likelihood that the documents sought

15 │ will lead to the discovery of relevant evidence. Omni further objects to the request

16 │ on the ground that it seeks documents that are protected by the attorney-client

17 │ privilege and attorney work product doctrine. Omni further objects to the request

18 │ on the ground that it is vague, ambiguous and fails to identify the documents with

19 │ sufficient particularity.

20 │ **REQUEST NO. 11:**

21 │     All documents referring or relating to the source of funding for Lexington

22 │ Financial, LLC.

23 │ **RESPONSE TO REQUEST NO. 11:**

24 │     In addition to the general objections set forth above, Omni objects to this

25 │ request on the ground that it seeks private, confidential and proprietary information

26 │ of Omni and other non-parties. Omni further objects to the request on the ground

27 │ that it is overly broad, unduly burdensome, oppressive and harassing. Omni

28 │ further objects to the request on the ground that the burden, expense and

A/72816085.3/3009108-0000335082

EXHIBIT 8 - 7

1   intrusiveness of the discovery outweighs the likelihood that the documents sought

2   will lead to the discovery of relevant evidence.  Omni further objects to the request

3   on the ground that it seeks documents that are protected by the attorney-client

4   privilege and attorney work product doctrine.  Omni further objects to the request

5   on the ground that it is vague, ambiguous and fails to identify the documents with

6   sufficient particularity.

7   **REQUEST NO. 12:**

8        All documents referring or relating to the source of funding for Vision

9   Capital, LLC.

10  **RESPONSE TO REQUEST NO. 12:**

11       In addition to the general objections set forth above, Omni objects to this

12  request on the ground that it seeks private, confidential and proprietary information

13  of Omni and other non-parties.  Omni further objects to the request on the ground

14  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

15  further objects to the request on the ground that the burden, expense and

16  intrusiveness of the discovery outweighs the likelihood that the documents sought

17  will lead to the discovery of relevant evidence.  Omni further objects to the request

18  on the ground that it seeks documents that are protected by the attorney-client

19  privilege and attorney work product doctrine.  Omni further objects to the request

20  on the ground that it is vague, ambiguous and fails to identify the documents with

21  sufficient particularity.

22  **REQUEST NO. 13:**

23       All documents referring or relating to all contributions, loans and any

24  sources of funding for Omni 808 Investors, LLC during the last twelve months,

25  including but not limited to agreements and/or contracts supporting these

26  transactions.

27  **RESPONSE TO REQUEST NO. 13:**

28       In addition to the general objections set forth above, Omni objects to this

1    request on the ground that it seeks private, confidential and proprietary information

2    of Omni and other non-parties. Omni further objects to the request on the ground

3    that it is overly broad, unduly burdensome, oppressive and harassing. Omni

4    further objects to the request on the ground that the burden, expense and

5    intrusiveness of the discovery outweighs the likelihood that the documents sought

6    will lead to the discovery of relevant evidence. Omni further objects to the request

7    on the ground that it seeks documents that are protected by the attorney-client

8    privilege and attorney work product doctrine. Omni further objects to the request

9    on the ground that it is vague, ambiguous and fails to identify the documents with

10   sufficient particularity.

11   **REQUEST NO. 14:**

12        All documents showing detail of all loan facilities with an indication of

13   creditor and relevant terms.

14   **RESPONSE TO REQUEST NO. 14:**

15        In addition to the general objections set forth above, Omni objects to this

16   request on the ground that it is unintelligible. Omni further objects to the request

17   on the ground that it seeks private, confidential and proprietary information of

18   Omni and other non-parties. Omni further objects to the request on the ground that

19   it is overly broad, unduly burdensome, oppressive and harassing. Omni further

20   objects to the request on the ground that the burden, expense and intrusiveness of

21   the discovery outweighs the likelihood that the documents sought will lead to the

22   discovery of relevant evidence. Omni further objects to the request on the ground

23   that it seeks documents that are protected by the attorney-client privilege and

24   attorney work product doctrine. Omni further objects to the request on the ground

25   that it is vague, ambiguous and fails to identify the documents with sufficient

26   particularity.

27

28

A/72816085.3/3009108-0000335082

EXHIBIT __7__

PAGE __-10-__ **122**

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1   **REQUEST NO. 15:**

2       All documents referring or relating to transactions involving any

3   compensation, loans, advances, payments, fees or any other form of consideration

4   paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or

5   affiliates, or any other related party, including MGA Entertainment, Inc.

6   **RESPONSE TO REQUEST NO. 15:**

7       In addition to the general objections set forth above, Omni objects to this

8   request on the ground that it seeks private, confidential and proprietary information

9   of Omni and other non-parties.  Omni further objects to the request on the ground

10  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

11  further objects to the request on the ground that the burden, expense and

12  intrusiveness of the discovery outweighs the likelihood that the documents sought

13  will lead to the discovery of relevant evidence.  Omni further objects to the request

14  on the ground that it seeks documents that are protected by the attorney-client

15  privilege and attorney work product doctrine.  Omni further objects to the request

16  on the ground that it is vague, ambiguous and fails to identify the documents with

17  sufficient particularity.

18  **REQUEST NO. 16:**

19      Any and all records that substantiate transfers of assets by Omni 808

20  Investors, LLC to other entities, individuals and/or parties, within the U.S. and

21  outside of the U.S.

22  **RESPONSE TO REQUEST NO. 16:**

23      In addition to the general objections set forth above, Omni objects to this

24  request on the ground that it seeks private, confidential and proprietary information

25  of Omni and other non-parties.  Omni further objects to the request on the ground

26  that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

27  further objects to the request on the ground that the burden, expense and

28  intrusiveness of the discovery outweighs the likelihood that the documents sought

A/72816085.3/3009108-0000335082   EXHIBIT   - 11 -   7

1  will lead to the discovery of relevant evidence.  Omni further objects to the request

2  on the ground that it seeks documents that are protected by the attorney-client

3  privilege and attorney work product doctrine.  Omni further objects to the request

4  on the ground that it is vague, ambiguous and fails to identify the documents with

5  sufficient particularity.

6  **REQUEST NO. 17:**

7      All communications referring or relating to Vision Capital, LLC, Lexington

8  Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

9  **RESPONSE TO REQUEST NO. 17:**

10     In addition to the general objections set forth above, Omni objects to this

11 request on the ground that it seeks private, confidential and proprietary information

12 of Omni and other non-parties.  Omni further objects to the request on the ground

13 that it is overly broad, unduly burdensome, oppressive and harassing.  Omni

14 further objects to the request on the ground that the burden, expense and

15 intrusiveness of the discovery outweighs the likelihood that the documents sought

16 will lead to the discovery of relevant evidence.  Omni further objects to the request

17 on the ground that it seeks documents that are protected by the attorney-client

18 privilege and attorney work product doctrine.  Omni further objects to the request

19 on the ground that it is vague, ambiguous and fails to identify the documents with

20 sufficient particularity.

21 **REQUEST NO. 18:**

22     All documents relating to the U.C.C. financing statements and amendments

23 attached as Exhibit 1.

24 **RESPONSE TO REQUEST NO. 18:**

25     In addition to the general objections set forth above, Omni objects to this

26 request on the ground that it seeks documents that are protected by the attorney-

27 client privilege and attorney work product doctrine.  Omni further objects to the

28 request on the ground that it is overly broad, unduly burdensome, oppressive and

A/72816085.3/3009108-0000335082       EXHIBIT   - 12 - 7

1    harassing.  Omni further objects to the request on the ground that it seeks

2    documents that contain private, confidential or proprietary information of Omni or

3    other non-parties.  Omni further objects to the request on the ground that the

4    burden, expense and intrusiveness of the discovery outweighs the likelihood that

5    the documents sought will lead to the discovery of relevant evidence.

6

7    DATED:  January 28, 2009              Bingham McCutchen LLP

8

9

10                                        By: _____
                                              Todd E. Gordinier
11                                            Attorneys for Non-party
                                              Omni 808 Investors, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __7__
PAGE ___-13-__ 125

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **January 28, 2009**, I served the attached:

**NON-PARTY OMNI 808 INVESTORS, LLP'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☑ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

## PLEASE SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **January 28, 2009**.

_Julie Valenzuela_

EXHIBIT __7__
PAGE __126__

A/72816085.3/3009108-0000335082

1

## SERVICE LIST

2

3    QUINN EMANUEL URQUHART          SKADDEN ARPS SLATE MEAGHER
     OLIVER & HEDGES, LLP            & FLOM, LLP
4    Jon D. Corey, Esq.             Thomas Nolan, Esq.
     865 S. Figueroa St., 10th Fl.   300 S. Grand Ave., Ste. 3400
5    Los Angeles, CA 90017-2543     Los Angeles, CA 90071
6    Tele. No. (213) 443-3000        Tele. No. (213) 687-5250
     Fax No. (213) 443-3100          Fax No. (213) 621-5250
7    Email joncorey@quinnemanuel.com  Email thomas.nolan@skadden.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___7___
PAGE ___127___

# EXHIBIT 8

1  Bingham McCutchen LLP
   TODD E. GORDINIER (SBN 82200)
2  PETER N. VILLAR (SBN 204038)
   JENNIFER A. LOPEZ (SBN 232320)
3  600 Anton Boulevard
   18th Floor
4  Costa Mesa, CA 92626-1924
   Telephone: 714.830.0600
5  Facsimile: 714.830.0700
   Email: todd.gordinier@bingham.com
6         jennifer.lopez@bingham.com

7  Attorneys for Non-party
   VISION CAPITAL, LLC
8
                    UNITED STATES DISTRICT COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                        EASTERN DIVISION
11

12
   Carter Bryant, an individual,          Case No. CV 04-9049 SGL (RNBx)
13
                  Plaintiff
14
                       v.                 **NON-PARTY VISION CAPITAL,**
15                                         **LLC'S OBJECTIONS TO**
   Mattel, Inc., a Delaware Corporation,  **DEFENDANT MATTEL, INC.'S**
16                                         **SUBPOENA FOR THE**
                  Defendant.              **PRODUCTION OF DOCUMENTS**
17

18                                        Judge:      Hon. Stephen G. Larson

19

20

21

22

23

24

25

26

27        EXHIBIT  *8*
28        PAGE ___ 128
   A/72823367.1

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1    Pursuant to Federal Rule of Civil Procedure 45, non-party Vision Capital,

2    LLC ("Vision Capital") hereby responds to the Subpoena for the production of

3    documents (hereafter, "the Subpoena") served in this action by defendant Mattel,

4    Inc., as follows:

5

6                        **PRELIMINARY STATEMENT**

7        These responses are based solely on the facts, information and documents

8    presently known and available to Vision Capital.  Vision Capital's search for and

9    review of potentially responsive documents is ongoing and may disclose the

10   existence of additional facts, information or documents, or possibly lead to

11   additions or changes to these responses.  Vision Capital reserves the right to revise

12   or supplement these responses if and when additional facts, information or

13   documents are discovered.

14       The inadvertent production of proprietary, confidential, highly confidential,

15   or privileged documents or information by Vision Capital does not and shall not

16   constitute waiver of any applicable privilege, rights under any protective order or

17   trade secret, nor should production of any document or information be construed to

18   waive any objection to the admission of such documents or information in

19   evidence, including without limitation that of relevancy.

20

21                        **GENERAL OBJECTIONS**

22       1.    Vision Capital objects to the Subpoena, and each document request

23   contained therein, to the extent and on the ground that it seeks documents that are

24   protected by any applicable privilege, doctrine or immunity, including without

25   limitation, the attorney-client privilege and the attorney work product doctrine.

26       2.    Vision Capital objects to the Subpoena, and each document request

27   contained therein, to the extent and on the ground that the Subpoena was not

28   A/72823367.1

EXHIBIT  8
PAGE  129

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1  properly issued or served, or otherwise fails to comply with the Federal Rules of

2  Civil Procedure.

3      3.    Vision Capital objects to the Subpoena, and each document request

4  contained therein, to the extent and on the ground that it seeks documents which

5  contain private, confidential or proprietary information of Vision Capital or its

6  clients or employees, or where disclosure would invade the privacy rights of

7  Vision Capital or its clients or employees.

8      4.    Vision Capital objects to the Subpoena, and each document request

9  contained therein, to the extent and on the ground that it seeks documents that are

10 not relevant to the parties' claims or defenses asserted in the action.

11     5.    Vision Capital objects to the Subpoena, and each document request

12 contained therein, to the extent and on the ground that the burden, expense or

13 intrusiveness of the discovery outweighs the likelihood that the documents sought

14 will lead to the discovery of relevant evidence.

15     6.    Vision Capital objects to the Subpoena, and each document request

16 contained therein, to the extent and on the ground that it seeks documents from

17 non-party Vision Capital that are equally or more readily available and attainable

18 from parties to the action.

19     7.    Vision Capital objects to the Subpoena, and each document request

20 contained therein, to the extent and on the ground that it is vague, ambiguous or

21 fails to identify the documents sought with sufficient particularity.

22     8.    Vision Capital objects to the Subpoena, and each document request

23 contained therein, to the extent and on the ground that it is overly broad, unduly

24 burdensome, oppressive or harassing.

25     9.    Vision Capital objects to the Subpoena, and each document request

26 contained therein, to the extent and on the ground that it seeks documents from

27 sources that are not reasonably accessible and would subject the responding party

28 to undue burden and expense. EXHIBIT __8__

A/72823367.1                    PAGE __130__

1      10.    Vision Capital objects to the Subpoena, and each document request

2   contained therein, to the extent and on the ground that it requires the production of

3   documents that are subject to a confidentiality or nondisclosure agreement.

4      11.    Vision Capital objects to the Subpoena, and each document request

5   contained therein, on the ground that the place, date and time for compliance is not

6   reasonable or sufficient given the scope of the requests.

7      12.    Vision Capital objects to the production of any documents under the

8   Subpoena unless and until there is an acceptable protective order issued by the

9   Court.

10      In addition to these general objections which are incorporated into each and

11   every response herein, Vision Capital specifically responds to each individual

12   document request as follows:

13

14   **SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION**

15   **REQUEST NO. 1:**

16      All documents referring or relating to agreements, contracts or transactions

17   between MGA Entertainment, Inc. and Vision Capital, LLC or any subsidiary or

18   affiliate of Vision Capital, LLC and any amendments or modifications thereto, and

19   any communications referring or relating to any such agreements, contracts or

20   transactions.

21   **RESPONSE TO REQUEST NO. 1:**

22      In addition to the general objections set forth above, Vision Capital objects

23   to this request on the ground that it seeks documents that are protected by the

24   attorney-client privilege and attorney work product doctrine.  Vision Capital

25   further objects to the request on the ground that it is overly broad and unduly

26   burdensome.  Vision Capital further objects to the request on the ground that it

27   seeks documents that contain private, confidential or proprietary information of

28   Vision Capital or other non-parties. Vision Capital further objects to the request

A/72823367.1

EXHIBIT 2

NON-PARTY VISION CAPITAL LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1    on the ground that the burden, expense and intrusiveness of the discovery

2    outweighs the likelihood that the documents sought will lead to the discovery of

3    relevant evidence.

4    **REQUEST NO. 2:**

5         All documents referring or relating to agreements, contracts or transactions

6    between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,

7    and Lexington Financial, LLC, or any subsidiary or affiliate of Lexington

8    Financial, LLC, and any amendments or modifications thereto, and any

9    communications referring or relating to any such agreements, contracts or

10   transactions.

11   **RESPONSE TO REQUEST NO. 2:**

12        In addition to the general objections set forth above, Vision Capital objects

13   to this request on the ground that it seeks private, confidential and proprietary

14   information of Vision Capital.  Vision Capital further objects to the request on the

15   ground that it is overly broad, unduly burdensome, oppressive and harassing.

16   Vision Capital further objects to the request on the ground that the burden, expense

17   and intrusiveness of the discovery outweighs the likelihood that the documents

18   sought will lead to the discovery of relevant evidence.  Vision Capital further

19   objects to the request on the ground that it seeks documents that are protected by

20   the attorney-client privilege and attorney work product doctrine.  Vision Capital

21   further objects to the request on the ground that it is vague, ambiguous and fails to

22   identify the documents with sufficient particularity.

23   **REQUEST NO. 3:**

24        All documents referring or relating to agreements, contracts or transactions

25   between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC,

26   and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors,

27   LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any

28

A/72823367.1

EXHIBIT ___8___

PAGE ___-4___ **132**

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1  amendments or modifications thereto, and any communications referring or

2  relating to any such agreements, contracts or transactions.

3  **RESPONSE TO REQUEST NO. 3:**

4      In addition to the general objections set forth above, Vision Capital objects

5  to this request on the ground that it seeks private, confidential and proprietary

6  information of Vision Capital.  Vision Capital further objects to the request on the

7  ground that it is overly broad, unduly burdensome, oppressive and harassing.

8  Vision Capital further objects to the request on the ground that the burden, expense

9  and intrusiveness of the discovery outweighs the likelihood that the documents

10  sought will lead to the discovery of relevant evidence.  Vision Capital further

11  objects to the request on the ground that it seeks documents that are protected by

12  the attorney-client privilege and attorney work product doctrine.  Vision Capital

13  further objects to the request on the ground that it is vague, ambiguous and fails to

14  identify the documents with sufficient particularity.

15  **REQUEST NO. 4:**

16      All documents containing financial information, including but not limited to

17  historical and prospective performance, provided by MGA Entertainment, Inc. to

18  Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC since

19  January 1, 2007.

20  **RESPONSE TO REQUEST NO. 4:**

21      In addition to the general objections set forth above, Vision Capital objects

22  to this request on the ground that it is overly broad and unduly burdensome.

23  Vision Capital further objects to the request on the ground that it seeks documents

24  that contain private, confidential or proprietary financial information.  Vision

25  Capital further objects to the request on the ground that the burden, expense and

26  intrusiveness of the discovery outweighs the likelihood that the documents sought

27  will lead to the discovery of relevant evidence.

28

EXHIBIT __8__

PAGE  - 5 -  __133__

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1  **REQUEST NO. 5:**

2      Documents sufficient to identify (a) each member, managing member,

3  holder of any ownership interest in, shareholder, officer and director of Vision

4  Capital, LLC and (b) the dates of such person's affiliation with Vision Capital,

5  LLC.

6  **RESPONSE TO REQUEST NO. 5:**

7      In addition to the general objections set forth above, Vision Capital objects

8  to this request on the ground that it seeks private, confidential and proprietary

9  information of Vision Capital and other non-parties.  Vision Capital further objects

10  to the request on the ground that it is overly broad, unduly burdensome, oppressive

11  and harassing.  Vision Capital further objects to the request on the ground that the

12  burden, expense and intrusiveness of the discovery outweighs the likelihood that

13  the documents sought will lead to the discovery of relevant evidence.

14  **REQUEST NO. 6:**

15      All documents referring or relating to the formation and governance of

16  Vision Capital, LLC.

17  **RESPONSE TO REQUEST NO. 6:**

18      In addition to the general objections set forth above, Vision Capital objects

19  to this request on the ground that it seeks private, confidential and proprietary

20  information of Vision Capital.  Vision Capital further objects to the request on the

21  ground that it is overly broad, unduly burdensome, oppressive and harassing.

22  Vision Capital further objects to the request on the ground that the burden, expense

23  and intrusiveness of the discovery outweighs the likelihood that the documents

24  sought will lead to the discovery of relevant evidence.  Vision Capital further

25  objects to the request on the ground that it seeks documents that are protected by

26  the attorney-client privilege and attorney work product doctrine.  Vision Capital

27  further objects to the request on the ground that it is vague, ambiguous and fails to

28  identify the documents with sufficient particularity.

1 | **REQUEST NO. 7:**

2 |     All documents detailing or setting forth the relationship between Vision

3 | Capital, LLC and OmniNet Capital, LLC, if any.

4 | **RESPONSE TO REQUEST NO. 7:**

5 |     In addition to the general objections set forth above, Vision Capital objects

6 | to this request on the ground that it seeks private, confidential and proprietary

7 | information of Vision Capital and other non-parties. Vision Capital further objects

8 | to the request on the ground that it is overly broad, unduly burdensome, oppressive

9 | and harassing. Vision Capital further objects to the request on the ground that the

10 | burden, expense and intrusiveness of the discovery outweighs the likelihood that

11 | the documents sought will lead to the discovery of relevant evidence. Vision

12 | Capital further objects to the request on the ground that it seeks documents that are

13 | protected by the attorney-client privilege and attorney work product doctrine.

14 | Vision Capital further objects to the request on the ground that it is vague,

15 | ambiguous and fails to identify the documents with sufficient particularity.

16 | **REQUEST NO. 8:**

17 |     All documents detailing or setting forth the relationship between Vision

18 | Capital, LLC and Omni 808 Investors, LLC, if any.

19 | **RESPONSE TO REQUEST NO. 8:**

20 |     In addition to the general objections set forth above, Vision Capital objects

21 | to this request on the ground that it seeks private, confidential and proprietary

22 | information of Vision Capital and other non-parties. Vision Capital further objects

23 | to the request on the ground that it is overly broad, unduly burdensome, oppressive

24 | and harassing. Vision Capital further objects to the request on the ground that the

25 | burden, expense and intrusiveness of the discovery outweighs the likelihood that

26 | the documents sought will lead to the discovery of relevant evidence. Vision

27 | Capital further objects to the request on the ground that it seeks documents that are

28 | protected by the attorney-client privilege and attorney work product doctrine.

A/72823367.1

EXHIBIT    - 7 -   8

1  Vision Capital further objects to the request on the ground that it is vague,

2  ambiguous and fails to identify the documents with sufficient particularity.

3  **REQUEST NO. 9:**

4      All documents detailing or setting forth the relationship between Vision

5  Capital, LLC and Lexington Financial, LLC, if any.

6  **RESPONSE TO REQUEST NO. 9:**

7      In addition to the general objections set forth above, Vision Capital objects

8  to this request on the ground that it seeks private, confidential and proprietary

9  information of Vision Capital and other non-parties. Vision Capital further objects

10  to the request on the ground that it is overly broad, unduly burdensome, oppressive

11  and harassing. Vision Capital further objects to the request on the ground that the

12  burden, expense and intrusiveness of the discovery outweighs the likelihood that

13  the documents sought will lead to the discovery of relevant evidence. Vision

14  Capital further objects to the request on the ground that it seeks documents that are

15  protected by the attorney-client privilege and attorney work product doctrine.

16  Vision Capital further objects to the request on the ground that it is vague,

17  ambiguous and fails to identify the documents with sufficient particularity.

18  **REQUEST NO. 10:**

19      All documents detailing or setting forth the relationship between Vision

20  Capital, LLC and MGA Entertainment, Inc., if any.

21  **RESPONSE TO REQUEST NO. 10:**

22      In addition to the general objections set forth above, Vision Capital objects

23  to this request on the ground that it seeks private, confidential and proprietary

24  information of Vision Capital. Vision Capital further objects to the request on the

25  ground that it is overly broad, unduly burdensome, oppressive and harassing.

26  Vision Capital further objects to the request on the ground that the burden, expense

27  and intrusiveness of the discovery outweighs the likelihood that the documents

28  sought will lead to the discovery of relevant evidence. Vision Capital further

1  objects to the request on the ground that it seeks documents that are protected by

2  the attorney-client privilege and attorney work product doctrine. Vision Capital

3  further objects to the request on the ground that it is vague, ambiguous and fails to

4  identify the documents with sufficient particularity.

5  **REQUEST NO. 11:**

6       All documents detailing or setting forth the relationship between Vision

7  Capital, LLC and Isaac Larian and his family members, if any.

8  **RESPONSE TO REQUEST NO. 11:**

9       In addition to the general objections set forth above, Vision Capital objects

10 to this request on the ground that it seeks private, confidential and proprietary

11 information of Vision Capital and other non-parties. Vision Capital further objects

12 to the request on the ground that it is overly broad, unduly burdensome, oppressive

13 and harassing. Vision Capital further objects to the request on the ground that the

14 burden, expense and intrusiveness of the discovery outweighs the likelihood that

15 the documents sought will lead to the discovery of relevant evidence. Vision

16 Capital further objects to the request on the ground that it seeks documents that are

17 protected by the attorney-client privilege and attorney work product doctrine.

18 Vision Capital further objects to the request on the ground that it is vague,

19 ambiguous and fails to identify the documents with sufficient particularity.

20 **REQUEST NO. 12:**

21      All documents referring or relating to the source of funding or credit for

22 Lexington Financial, LLC.

23 **RESPONSE TO REQUEST NO. 12:**

24      In addition to the general objections set forth above, Vision Capital objects

25 to this request on the ground that it seeks private, confidential and proprietary

26 information of Vision Capital and other non-parties. Vision Capital further objects

27 to the request on the ground that it is overly broad, unduly burdensome, oppressive

28 and harassing. Vision Capital further objects to the request on the ground that the

A/72823367.1

EXHIBIT ___ - 95

1  burden, expense and intrusiveness of the discovery outweighs the likelihood that

2  the documents sought will lead to the discovery of relevant evidence. Vision

3  Capital further objects to the request on the ground that it seeks documents that are

4  protected by the attorney-client privilege and attorney work product doctrine.

5  Vision Capital further objects to the request on the ground that it is vague,

6  ambiguous and fails to identify the documents with sufficient particularity.

7  **REQUEST NO. 13:**

8       All documents referring or relating to the source of funding or credit for

9  Omni 808 Investors, LLC.

10  **RESPONSE TO REQUEST NO. 13:**

11       In addition to the general objections set forth above, Vision Capital objects

12  to this request on the ground that it seeks private, confidential and proprietary

13  information of Vision Capital and other non-parties. Vision Capital further objects

14  to the request on the ground that it is overly broad, unduly burdensome, oppressive

15  and harassing. Vision Capital further objects to the request on the ground that the

16  burden, expense and intrusiveness of the discovery outweighs the likelihood that

17  the documents sought will lead to the discovery of relevant evidence. Vision

18  Capital further objects to the request on the ground that it seeks documents that are

19  protected by the attorney-client privilege and attorney work product doctrine.

20  Vision Capital further objects to the request on the ground that it is vague,

21  ambiguous and fails to identify the documents with sufficient particularity.

22  **REQUEST NO. 14:**

23       All documents referring or relating to the source of funding or credit for

24  MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

25  **RESPONSE TO REQUEST NO. 14:**

26       In addition to the general objections set forth above, Vision Capital objects

27  to this request on the ground that it is overly broad and unduly burdensome.

28  Vision Capital further objects to the request on the ground that it seeks documents

A/72823367.1

EXHIBIT - 10 - 8

1   that contain private, confidential or proprietary financial information.  Vision

2   Capital further objects to the request on the ground that the burden, expense and

3   intrusiveness of the discovery outweighs the likelihood that the documents sought

4   will lead to the discovery of relevant evidence.

5   **REQUEST NO. 15:**

6        All documents referring or relating to all contributions, loans and any

7   sources of funding for Vision Capital, LLC during the last twelve months,

8   including but not limited to agreements and/or contracts supporting these

9   transactions.

10   **RESPONSE TO REQUEST NO. 15:**

11        In addition to the general objections set forth above, Vision Capital objects

12   to this request on the ground that it seeks private, confidential and proprietary

13   information of Vision Capital and other non-parties.  Vision Capital further objects

14   to the request on the ground that it is overly broad, unduly burdensome, oppressive

15   and harassing.  Vision Capital further objects to the request on the ground that the

16   burden, expense and intrusiveness of the discovery outweighs the likelihood that

17   the documents sought will lead to the discovery of relevant evidence.  Vision

18   Capital further objects to the request on the ground that it seeks documents that are

19   protected by the attorney-client privilege and attorney work product doctrine.

20   Vision Capital further objects to the request on the ground that it is vague,

21   ambiguous and fails to identify the documents with sufficient particularity.

22   **REQUEST NO. 16:**

23        All documents showing detail of all loan facilities with an indication of

24   creditor and relevant terms referring or relating to MGA Entertainment, Inc.,

25   OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial, LLC or

26   any subsidiary or affiliate of the foregoing, or to Isaac Larian or his family

27   members.

28   A/72823367.1

EXHIBIT  8
PAGE  - 11 -  139

1 **RESPONSE TO REQUEST NO. 16:**

2       In addition to the general objections set forth above, Vision Capital objects

3 to this request on the ground that it is unintelligible.  Vision Capital further objects

4 to the request on the ground that it seeks private, confidential and proprietary

5 information of Vision Capital and other non-parties.  Vision Capital further objects

6 to the request on the ground that it is overly broad, unduly burdensome, oppressive

7 and harassing.  Vision Capital further objects to the request on the ground that the

8 burden, expense and intrusiveness of the discovery outweighs the likelihood that

9 the documents sought will lead to the discovery of relevant evidence.  Vision

10 Capital further objects to the request on the ground that it seeks documents that are

11 protected by the attorney-client privilege and attorney work product doctrine.

12 Vision Capital further objects to the request on the ground that it is vague,

13 ambiguous and fails to identify the documents with sufficient particularity.

14 **REQUEST NO. 17:**

15       All documents referring or relating to transactions involving any

16 compensation, loans, advances, payments, fees or any other form of consideration

17 paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or

18 any other related party, including MGA Entertainment, Inc.

19 **RESPONSE TO REQUEST NO. 17:**

20       In addition to the general objections set forth above, Vision Capital objects

21 to this request on the ground that it seeks private, confidential and proprietary

22 information of Vision Capital and other non-parties.  Vision Capital further objects

23 to the request on the ground that it is overly broad, unduly burdensome, oppressive

24 and harassing.  Vision Capital further objects to the request on the ground that the

25 burden, expense and intrusiveness of the discovery outweighs the likelihood that

26 the documents sought will lead to the discovery of relevant evidence.  Vision

27 Capital further objects to the request  on the ground that it seeks documents that are

28 protected by the attorney-client privilege and attorney work product doctrine.

A/72823367.1

EXHIBIT    8

PAGE   - 12 -   140

1   Vision Capital further objects to the request on the ground that it is vague,

2   ambiguous and fails to identify the documents with sufficient particularity.

3   **REQUEST NO. 18:**

4        Any and all records that substantiate transfers of assets by Vision Capital,

5   LLC to other entities, individuals and/or parties, within the U.S. and outside of the

6   U.S.

7   **RESPONSE TO REQUEST NO. 18:**

8        In addition to the general objections set forth above, Vision Capital objects

9   to this request on the ground that it seeks private, confidential and proprietary

10   information of Vision Capital and other non-parties.  Vision Capital further objects

11   to the request on the ground that it is overly broad, unduly burdensome, oppressive

12   and harassing.  Vision Capital further objects to the request on the ground that the

13   burden, expense and intrusiveness of the discovery outweighs the likelihood that

14   the documents sought will lead to the discovery of relevant evidence.  Vision

15   Capital further objects to the request on the ground that it seeks documents that are

16   protected by the attorney-client privilege and attorney work product doctrine.

17   Vision Capital further objects to the request on the ground that it is vague,

18   ambiguous and fails to identify the documents with sufficient particularity.

19   **REQUEST NO. 19:**

20        All communications referring or relating to Omni 808 Investors, LLC,

21   Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

22   **RESPONSE TO REQUEST NO. 19:**

23        In addition to the general objections set forth above, Vision Capital objects

24   to this request on the ground that it seeks private, confidential and proprietary

25   information of Vision Capital and other non-parties.  Vision Capital further objects

26   to the request on the ground that it is overly broad, unduly burdensome, oppressive

27   and harassing.  Vision Capital further objects to the request on the ground that the

28   burden, expense and intrusiveness of the discovery outweighs the likelihood that

A/72823367.1

EXHIBIT 8

PAGE 141

- 13 -

1    the documents sought will lead to the discovery of relevant evidence. Vision

2    Capital further objects to the request on the ground that it seeks documents that are

3    protected by the attorney-client privilege and attorney work product doctrine.

4    Vision Capital further objects to the request on the ground that it is vague,

5    ambiguous and fails to identify the documents with sufficient particularity.

6    **REQUEST NO. 20:**

7       All documents referring or relating to the U.C.C. financing statement

8    attached as Exhibit 1 and/or security interest(s) allegedly reflected herein.

9    **RESPONSE TO REQUEST NO. 20:**

10      In addition to the general objections set forth above, Vision Capital objects

11   to this request on the ground that it seeks documents that are protected by the

12   attorney-client privilege and attorney work product doctrine. Vision Capital

13   further objects to the request on the ground that it is overly broad, unduly

14   burdensome, oppressive and harassing. Vision Capital further objects to the

15   request on the ground that it seeks documents that contain private, confidential or

16   proprietary information of Vision Capital or other non-parties. Vision Capital

17   further objects to the request on the ground that the burden, expense and

18   intrusiveness of the discovery outweighs the likelihood that the documents sought

19   will lead to the discovery of relevant evidence.

20

21   DATED: January 28, 2009       Bingham McCutchen LLP

22

23

24       By: _____

25                 Todd E. Gordinier
                Attorneys for Non-party
                Vision Capital, LLC

26

27

28   A/72823367.1



EXHIBIT 8
PAGE - 14 - 142

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

1

## PROOF OF SERVICE

2      I am over 18 years of age, not a party to this action and employed in the

3  County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa,

4  California 92626-1924. I am readily familiar with the practice of this office for

5  collection and processing of correspondence for mailing with the United States

6  Postal Service and correspondence is deposited with the United States Postal

7  Service that same day in the ordinary course of business. On **January 28, 2009**, I

8  served the attached:

9      **NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO**
       **DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE**
10     **PRODUCTION OF DOCUMENTS**

11     ☐  (BY FAX) by transmitting via facsimile the document(s) listed above to the
          fax number(s) set forth below on this date before 5:00 p.m.
12

13     ☑  (BY MAIL) by causing a true and correct copy of the above to be placed in
          the United States Mail at Costa Mesa, California in sealed envelope(s) with
14        postage prepaid, addressed as set forth below. I am readily familiar with this
          law firm's practice for collection and processing of correspondence for
15        mailing with the United States Postal Service. Correspondence is deposited
          with the United States Postal Service the same day it is left for collection and
16        processing in the ordinary course of business.
17

18     ☐  (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct
          copy of the document(s) listed above to be delivered by _____ in sealed
19        envelope(s) with all fees prepaid at the address(es) set forth below.

20     ☑  (VIA EMAIL) by transmitting via email the document(s) listed above on this
          date before 5:00 p.m. PST to the person(s) at the email address(es) set forth
21        below.

22                    **PLEASE SEE ATTACHED SERVICE LIST**

23     I declare that I am employed in the office of a member of the bar of this

24  court at whose direction the service was made and that this declaration was

25  executed on **January 28, 2009**.

26

27                                        _____
                                                  Julie Valenzuela
28
    EXHIBIT 8
    PAGE 143

A/72823367.1

1

## SERVICE LIST

2

3

4  QUINN EMANUEL URQUHART       SKADDEN ARPS SLATE MEAGHER
   OLIVER & HEDGES, LLP          & FLOM, LLP
5  Jon D. Corey, Esq.            Thomas Nolan, Esq.
   865 S. Figueroa St., 10th Fl.  300 S. Grand Ave., Ste. 3400
6  Los Angeles, CA 90017-2543    Los Angeles, CA 90071
7  Tele. No. (213) 443-3000      Tele. No. (213) 687-5250
   Fax No. (213) 443-3100        Fax No. (213) 621-5250
8  Email joncorey@quinnemanuel.com  Email thomas.nolan@skadden.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___8___
PAGE ___144___

A/72823367.1

# EXHIBIT 9

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5358
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
——
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
——
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 23, 2008

### VIA FACSIMILE & U.S. MAIL

Mr. Michael Zeller
Mr. Jon D. Corey
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Mr. Neil Potischman
Davis Polk & Wardwell, LLP
1600 El Camino Real
Menlo Park, California 94025

Mr. Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626

Mr. Jeff Valle
Valle and Associates, LLP
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049

RE:   *Mattel v. Bryant*

Gentlemen:

I am writing to confirm the agreement regarding the subpoenas issue by Mattel to IGWT 826 Investments, LLC, IGWT Group, LLC, OmiNet Capital, LLC, Omni 808 Investors, LLC, Vision Capital, LLC and Wachovia Corporation (together "the Subpoenas"). As discussed, all objections to the Subpoenas will be due on Wednesday, January 28, 2009. Counsel for the parties and third parties will then meet and confer at mutually agreeable times on January 29 and 30, and any motions to quash, for protective order, or to compel will be due on Monday, February 2, 2009.

EXHIBIT ___9___
PAGE ___145___

MATCOR054262

01-23-2009   06:42pm   From-                    +2136877808         T-008   P.003/003   F-162

January 23, 2009
Page 2

Thank you for your cooperation on these issues.

Sincerely,

Robert J. Herrington

cc: Mr. Jason Russell

541077.01-Los Angeles Server 1A - MSW

EXHIBIT ___9___
PAGE ___146___

MATCOR054263

# EXHIBIT 10

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 2, 2009

**VIA FACSIMILE AND U.S. MAIL**

Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Peter:

I write to memorialize our discussions of February 2, 2009 regarding Mattel's subpoenas to Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC.

You stated that Omni 808 and Vision Capital will not stipulate that they will produce all non-privileged documents responsive to the subpoenas if MGA's anticipated motion to quash is denied. Rather, you indicated that your clients are only willing to produce documents reflecting (1) Wachovia Corporation's loan to MGA Entertainment, Inc., and (2) the assignment of the debt from Wachovia to Omni 808. In response, I stated that Mattel believes that the subpoenas properly request relevant, discoverable information. You inquired whether Mattel would be willing to put off its anticipated motion to compel until after the motion to quash is decided and, if it was denied, to review the above-identified documents. I informed you that it was not in Mattel's interest to wait and resolve this piece-meal, particularly when the motion to quash, as I have been informed by counsel for MGA, will not address any objections in the subpoenas, but only whether the subpoenas are premature.

Separately, in response to your request I provided you with a copy of the subpoena that Mattel served on OmniNet Capital with the proof of service, and you confirmed that your firm will be representing OmniNet Capital with respect to that subpoena. You informed me that the position

EXHIBIT __10__

PAGE __147__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

that you would take with respect to the OmniNet Capital subpoena is the same as the position as Omni 808 and Vision Capital.

Finally, this will confirm our agreement reached on Friday, January 30, 2009 that, notwithstanding the prior agreement, that your clients would not argue that any motion to compel would be untimely in any way if not filed on Monday, February 2, 2009.

Best regards,

Jon Corey

Jon Corey

EXHIBIT __10__
PAGE ___²__148__

## Fax Call Report

HP Color LaserJet 4730mfp Series

Page 1

---

### Fax Header Information

Quinn Emanuel
213-443-3100
02-Feb-2009 08:36 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 412 | 02-Feb-2009 08:35 PM | Send | 17148300719 | 0:59 | 3 | Success |

---

### QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | TOKYO |
|----------|-------------|-------|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | Akasaka Twin Tower Main Building, 6th Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | 17-22 Akasaka 2-Chome |
| (212) 849-7000 | (213) 443-3000 | Minato-ku, 107-0052 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | +81 3 5561-1711 |
| | | Facsimile: +81 3 5561-1712 |

| SILICON VALLEY | SAN FRANCISCO | LONDON |
|----------------|---------------|--------|
| 555 Twin Dolphin Drive, Suite 560 | 50 California Street, 22nd Floor | 16 Old Bailey |
| Redwood Shores, CA 94065 | San Francisco, CA 94111 | London United Kingdom |
| (650) 801-5000 | (415) 875-6600 | +44(0) 20 7653 2000 |
| Facsimile: (650) 801-5100 | Facsimile: (415) 875-6700 | Facsimile: +44(0) 20 7653 2100 |

**LOS ANGELES OFFICE**

### FACSIMILE TRANSMISSION

DATE:  February 2, 2009

NUMBER OF PAGES, INCLUDING COVER:  3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|--------------|-----------|---------|
| Peter Villar, Esq.<br>Bingham McCutchen LLP | 714.830.0640 | 714.830.0719 |

FROM:  Jon Corey

RE:  Mattel, Inc. v. MGA Entertainment, Inc. et al.

| CLIENT # 07975 | ROUTE/<br>RETURN TO: Johanna/10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  10
PAGE  149

# EXHIBIT 11

O

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10              EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|---|
| 12 | Plaintiff, | Consolidated with Case Nos. CV 04-09059 & CV 05-2727 |
| 13 | vs. | |
| 14 | MATTEL, INC., a Delaware corporation, | **ORDER GRANTING MATTEL'S MOTION FOR CONSTRUCTIVE TRUST AND FOR FINDING LIABILITY AND INJUNCTIVE RELIEF PURSUANT TO CAL. BUS. & PROF CODE § 17200** |
| 15 | | |
| 16 | Defendant. | |
| 17 | AND CONSOLIDATED ACTIONS | |

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __11__
PAGE __150__

07209/2649025.3

ORDER GRANTING MATTEL'S MOTION FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION

Case 2:04-cv-09049-DOC-RNB   Document 4776-8   Filed 02/05/09   Page 76 of 90   Page ID #:149145

1
## ORDER

2        Having considered Mattel, Inc.'s ("Mattel") Motion for Constructive

3 Trust and for a Finding of Liability and Injunctive Relief Pursuant to <u>California</u>

4 <u>Business & Professional Code</u> § 17200, and all other papers and arguments

5 submitted in connection therewith, as well as the evidence admitted at trial and the

6 jury's verdicts in the Phase 1 trial, the Court hereby GRANTS the Motion against

7 MGA Entertainment Inc. ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong

8 Kong"), and Isaac Larian ("Larian") (collectively the "MGA Defendants"):

9        1.    A constructive trust in favor of Mattel on all rights to trademarks,

10 service marks and domain names held by MGA or Larian, or any person or entity

11 acting on their behalf or for their benefit, anywhere in the world that include the

12 terms "Bratz" or "Jade," including all such trademark registrations and trademark

13 applications (including, without limitation, United States Trademark Registrations

14 identified by Registration Nos. 3206114, 3327385, 3150045, 3087710, 3055465,

15 3072141, 3127890, 3024713, 2989052, 2911097, 3080450, 2921772, 3071614,

16 2803235, 2848386, 2795675, 2776558, 2848281, 2751890, 2671473, 2787942,

17 2789216 and 2836780 and United States Trademark Applications identified by

18 Serial Nos. 78530196, 78571028, 78706504, 78706502, 78819868, 78857100,

19 78490324, 77443372 and 77575881), and the good will inhering therein, as well as

20 all such domain name registrations, is HEREBY ORDERED and all rights therein

21 are ORDERED transferred to Mattel.

22        2.    MGA and Larian are HEREBY ORDERED to (a) identify all

23 trademark registrations and applications held by them, or any person or entity acting

24 on their behalf or for their benefit, anywhere in the world that include the terms

25 "Bratz" or "Jade," (b) identify all marks that include the terms "Bratz" or "Jade" in

26 which they, or any person or entity acting on their behalf or for their benefit, claim

27 to own trademark rights, whether or not such marks are subject to existing

28 trademark registrations or pending trademark applications, (c) identify all domain

07209/2649025.3

-2-
ORDER GRANTING MATTEL'S MOTION FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION



EXHIBIT _11_
PAGE _151_

1  names and domain name registrations held by them, or any person or entity acting
2  on their behalf or for their benefit, anywhere in the world that include the terms
3  "Bratz" or "Jade," and (d) execute any and all documents necessary to effect the
4  transfer and/or assignment of such marks and domain names and associated
5  applications and registrations to Mattel.  MGA shall fully comply with (a), (b) and
6  (c) of this paragraph within fourteen (14) calendar days of the date of this Order.

7        3.    The Court HEREBY FINDS that the MGA Defendants violated
8  California Business and Professions Code § 17200 and are liable to Mattel on its
9  twelfth claim for relief for unfair competition.

10        4.    The MGA Defendants, along with their respective officers,
11  directors, principals, agents, representatives, servants, employees, affiliates,
12  successors or assigns, and any person or entity acting on their behalf or in concert or
13  participation with them, are HEREBY PERMANENTLY ENJOINED from (a)
14  using the terms "Bratz" or "Jade," either alone or in combination and whether as a
15  trademark, domain name or otherwise, in connection with the manufacture,
16  promotion, advertising, distribution, offering for sale or sale of any goods or
17  services anywhere in the world and (b) taking any action to preclude Mattel from
18  using the terms "Bratz" or "Jade" in any such manner, including without limitation
19  as a mark in connection with goods and services.

20        **IT IS SO ORDERED.**

21

22  DATED:  December 3, 2008

                                  Hon. Stephen G. Larson
23                                    United States District Judge

24

25

26

27

28

      -3-
ORDER GRANTING MATTEL'S MOTION FOR CONSTRUCTIVE TRUST AND PERMANENT INJUNCTION



EXHIBIT  11
PAGE  152

# EXHIBIT 12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 3, 2009

**VIA FACSIMILE AND U.S. MAIL**

Todd E. Gordinier, Esq.
Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I received a copy of Omni 808 Investors, LLC.'s ex parte application to intervene and a proposed order and associated proof of service. I did not receive, however, a copy of the Notice of Interested Parties required by Local Rule 7.1-1, which is required with any first appearance. That Notice requires a party to "list all persons, associations of persons, firms, partnership and corporations (including parent corporations clearly identified as such) which may have a pecuniary interest in the outcome of the case". Local Rule 7.1-1.

Please let me know when I can expect to receive a copy of that Notice, with the necessary certification. Please note that if we do not receive the required disclosure, we will bring the failure to comply with the Rules' requirements to the Court's attention and may ask that Omni 808's ex parte be stricken.

Best regards,

Jon Corey

EXHIBIT ___12___
PAGE ___153___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2783739.1

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   February 3, 2009

**NUMBER OF PAGES, INCLUDING COVER:** 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0640 | 714.830.0719 |
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0622 | 714.830.0717 |

**FROM:**   Jon Corey

**RE:**   *Bryant v. Mattel*

**MESSAGE:**

07209/2780161.1

| CLIENT # 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|
| OPERATOR: | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___
PAGE ___154___

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2307
RECIPIENT ADDRESS    76706#7209#17148300717 ✓
DESTINATION ID
ST. TIME             02/03 17:48
TIME USE             00'51
PAGES SENT           2
RESULT               OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010.
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:** February 3, 2009          **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq. Bingham McCutchen LLP 600 Anton Boulevard 18th Floor Costa Mesa, California 92626-1924 | 714.830.0640 | 714.830.0719 |
| Todd E. Gordinier, Esq. Bingham McCutchen LLP 600 Anton Boulevard 18th Floor Costa Mesa, California 92626-1924 | 714.830.0622 | 714.830.0717 ✓ |

**FROM:**      Jon Corey

**RE:**      *Bryant v. Mattel*          EXHIBIT 12

**MESSAGE:**          PAGE 155

## Confirmation Report — Memory Send

Page : 001
Date & Time : 02-03-2009 17:43
Line 1 : 2134433100
Line 2 :
Machine ID : QUINN EMANUEL

| | |
|---|---|
| Job number | : 848 |
| Date | 02-03 17:42 |
| To | ☎76706#7209#17148300719 |
| Number of pages | : 002 |
| Start time | 02-03 17:42 |
| End time | 02-03 17:43 |
| Pages sent | 002 |
| Status | OK |

Job number : 848 **\*\*\* SEND SUCCESSFUL \*\*\***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE: February 3, 2009 NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0640 | 714.830.0719 |
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0622 | 714.830.0717 |

FROM: Jon Corey

RE: *Bryant v. Mattel*

MESSAGE:

| 07209/2780161.1 | ROUTE/ | | ☒ CONFIRM FAX |
|---|---|---|---|
| CLIENT # 7209 | RETURN TO: | Johanna Lopez/10th Floor | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED? ☐ No ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. This information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.



EXHIBIT 12
PAGE 156

# EXHIBIT 13

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR
DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
600 Anton Boulevard, 18th Floor
Costa Mesa, CA  92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com

ATTORNEYS FOR:  Non-Party Omni 808 Investors, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Carter Bryant, an individual,<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation, | CASE NUMBER<br><br>CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff(s), | |
| Defendant(s) | CERTIFICATION AND NOTICE<br>OF INTERESTED PARTIES<br>(Local Rule 7.1-1) |

TO:      THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for  Non-Party Omni 808 Investors, LLC
(or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary
interest in the outcome of this case.  These representations are made to enable the Court to evaluate possible
disqualification or recusal.  (Use additional sheet if necessary.)

**PARTY**                                                    **CONNECTION**

(List the names of all such parties and identify their connection and interest.)

Non-party Omni 808 Investors, LLC ("Omni") is a private          Omni is the largest secured creditor of MGA Entertainment, Inc.
limited liability company duly formed under the laws of the State   Omni is seeking to intervene in this action for a limited purpose
of California. Omni's president and chief executive officer is       concerning Mattel's request to appoint a reciver at MGA and
Neil Kadisha.                                                     related issues concerning Omni's interests as a secured creditor.

2/4/09
Date

Sign

Todd E. Gordinier
Attorney of record for or party appearing in pro per

CV-30 (12/03)

NOTICE OF INTERESTED PARTIES

EXHIBIT __13__
PAGE __157__

# EXHIBIT 14

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100 ·

February 5, 2009

**VIA FACSIMILE AND U.S. MAIL**

Peter N. Villar, Esq.
Todd E. Gordinier, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:    Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I am writing regarding deficiencies in the Certification and Notice of Interested Parties ("Notice") that Omni 808 Investors, LLC filed yesterday, February 4, 2009.

Omni 808's Notice merely states that Omni 808 is a "private limited liability company duly formed under the laws of the State of California" and identifies Neil Kadisha as its alleged president and chief executive officer. This limited disclosure fails to satisfy the requirements of Local Rule 7.1-1. Omni 808 itself indicated that other individuals or entities hold an ownership interest in Omni 808 when it represented to the Court in its *ex parte* application to intervene that "Mr. Kadisha solicited various private investors and formed a special purpose entity, Omni 808 Investors, LLC, a California limited liability company." (See App. at 5). If true, these investors must be disclosed under Local Rule 7.1-1, which requires a litigant to "list *all* persons, associations of persons, firms, partnership and corporations (including parent corporations clearly identified as such) *which may have a pecuniary interest* in the outcome of the case." (Emphasis added).

Please let me know when we can expect to be served with Omni 808's corrected Notice that complies with the Local Rules. As I indicated in my letter of February 3, 2009, if Mattel does

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2787459.1

EXHIBIT 10
PAGE 158

not receive the required disclosure, we will bring Omni 808's non-compliance to the Court's
attention.

Best regards,

Jon Corey /sh

Jon Corey

EXHIBIT 2 14
PAGE 159

# WORKING COPY

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

LONDON
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   February 5, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP | (714) 830-0640 | (714) 830-0719 |
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP | (714) 830-0622 | (714) 830-0717 |

**FROM:**   Jon D. Corey, Esq.

**RE:**   *Mattel v. MGA*

**MESSAGE:**



FEB 0 5 2009

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | **Tiffany Garcia** | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _14_

PAGE _160_

## Group Send Report

Page        : 001
Date & Time: 02-05-2009   16:04
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL

Job number          :   896

Date                :   02-05  16:03

Number of pages     :   003

Start time          :   02-05  16:03

End time            :   02-05  16:04

Successful nbrs.

    Fax numbers

            ☎1+17148300719
            ☎1+17148300717


Unsuccessful nbrs.                                              Pages sent


EXHIBIT __14__
PAGE ___161___

Job number     : 896            *** SEND SUCCESSFUL *✦

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

LONDON
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**     February 5, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP | (714) 830-0640 | (714) 830-0719 |
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP | (714) 830-0622 | (714) 830-0717 |

**FROM:**     Jon D. Corey, Esq.

**RE:**     *Mattel v. MGA*

**MESSAGE:**

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Tiffany Garcia | | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|---|
| OPERATOR: | PASCUA | | CONFIRMED? | ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 3600 AS SOON AS POSSIBLE.

EXHIBIT  14
PAGE  162