# EXHIBIT 18



# NEVIS ISLAND ADMINISTRATION

*Ministry of Finance, Statistics & Economic Planning*
REGULATION AND SUPERVISION DEPARTMENT

December, 12th 2008

Austin Lescott
Clay Ghaut
St. John's Parish
Nevis

Dear Sir

**RE: INFORMATION REQUESTED ON 12th December, 2008**

In connection with the above, we advise as follows:

| | |
|---|---|
| Exact Company Name: | LEXINGTON FINANCIAL LIMITED |
| Date of Incorporation: | 03rd March, 2006 |
| Company Number: | C 29848 |
| Registered Agent & Address: | Trust Services Nevis Limited<br>Springates Building<br>Government Road, Charlestown, Nevis<br>Telephone Number: 1 (869) 469-7270/1<br>Fax Number: 1 (869) 469-7272 |
| Shares: | 100,000 shares with par value USD$1.00 |
| Status (standing, etc.): | The Company is in Good Standing |

Public Record Documents (Art. Of Inc./Org., Amendments, etc): *FILED*

There are no charges, liens, mortgages or encumbrances filed for or on behalf of the company and/or its shareholders. Also note that information on directors, shareholders, officers, beneficial owners, annual returns and financial statements are not required to be filed by law. Consequently, such information is not available.

Should you require any further information, please do not hesitate to contact us.

Yours sincerely,

Clevelan Williams (Mr).
REGISTRAR

NEVIS FINANCIAL
SERVICES DEPARTMENT

P. O. Box 689, Main Street, Charlestown, Nevis, West Indies
Tel: 1(869) 469-1469 • 1(869) 469-5521 Ext. 2150 • Fax: 1(869) 469-7739
Website: www.nevisfinance.com • Email: nevfin@sisterisles.kn

EXHIBIT 18

PAGE 259

# EXHIBIT 19

```
 1  THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
 2  RAOUL D. KENNEDY (Bar No. 40892)
    (rkennedy@skadden.com)
 3  JASON D. RUSSELL (Bar No. 169219)
    (jrussell@skadden.com)
 4  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue, Suite 3400
 5  Los Angeles, CA  90071-3144
    Tel.: (213) 687-5000
 6  Fax: (213) 687-5600
 7  Attorneys for The MGA Parties
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　　Defendant.<br><br>AND CONSOLIDATED ACTIONS.<br><br>**CONFIDENTIAL – ATTORNEYS' EYES ONLY**<br><br>**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>(1) MGA PARTIES' CORRECTIONS TO THE OPPOSITION TO MATTEL, INC.'S *EX PARTE* APPLICATION FOR APPOINTMENT OF A RECEIVER OR FOR ALTERNATIVE RELIEF;<br><br>**FILED UNDER SEPARATE COVER:**<br><br>(2) DECLARATION OF BRIAN WING IN SUPPORT THEREOF [under seal].<br><br>Hearing Date:　January 5, 2008<br>Time:　　　　　10:00 AM |

EXHIBIT __19__

PAGE __260__

12/31

MGA Parties' Corrections to the Opp'n To Mattel's *Ex Parte* Appl. For Appointment Of A Receiver
Case No. CV 04-9049 SGL (RNBx)

## PRELIMINARY STATEMENT

The MGA Parties respectfully submit this memorandum to correct an unintended erroneous factual assertion made in their opposition to Mattel's *ex parte* application seeking appointment of a receiver or alternative relief, filed early yesterday morning with this Court. The MGA Parties also wish to modify their position concerning Mattel's request for expedited discovery in light of the Court's comments at the December 30 hearing. In all other respects, the MGA Parties stand behind their opposition brief and maintain that the imposition of a receiver is not warranted and Mattel's *ex parte* application should be denied.

At page 2, lines 23 to 24 of their Opposition, the MGA Parties asserted that a third party creditor called Omni 808 International, LLC ("Omni") "did nothing more than step into the shoes of Wachovia by purchasing its security interest. This entity did *not* extend any new credit to MGA." (Opp'n at 2:23-24 (emphasis in original).) It made similar statements at page 3, lines 1 to 2, at page 7, lines 24 to 25, and at page 9, lines 23 to 24. Since the filing of this Opposition, counsel has learned that after the jury's verdict in Phase 1b but before the Court granted a permanent injunction, constructive trust and declaratory relief on December 3rd, Omni did in fact enter into a Secured Delayed Draw Demand Note as of October 16, 2008 (the "Note"). (See Declaration of Brian Wing ¶ 3.) Under the terms of the Note, if MGA satisfied certain terms and obligations, $40 million was available to draw upon. (Id.) MGA drew down $6 million under the Note on October 17, 2008. (Id. ¶ 4.) At some point thereafter, MGA was declared in default under the Note and Omni has not extended and will not extend further credit to MGA. (Id. ¶ 5.)[1]

As soon as MGA's counsel learned of this inadvertent error, it contacted counsel for

---

[1] As the Court is aware, Mattel filed its *ex parte* at 4:10 a.m. the day before the hearing on MGA's motion to stay. Given the serious allegations made, the exigent circumstances, and the fact that MGA was still finalizing its voluminous submissions in support of its motion to stay, MGA sought leave of Court to file its opposition on the afternoon of December 30th. The Court's clerk called to inform MGA at 4:20 p.m. that an opposition had to be filed within 24 hours of Mattel's filing (or 4:10 a.m. on December 30th) so that the issue would be briefed in time for the 10:00 a.m. hearing on MGA's motion for a stay. Despite at that point having less than 12 hours to do so, MGA's counsel prepared and timely filed an opposition to Mattel's *ex parte* application.

1

MGA Parties' Corrections to the Opp'n To Mattel's *Ex Parte* Appl. For Appointment Of A Receiver
Case No. CV 04-9049 SGL (RNBx)   EXHIBIT 19
PAGE 261

1 | Mattel to alert them to the error and stipulated to allow Mattel additional time to prepare its
2 | reply in support of the *ex parte* application. (See Dkt. Nos. 4596 (Stipulation) and 4596-2
3 | ([Proposed] Order.) Despite this error, the fundamental point made in the MGA Parties'
4 | opposition remains correct, a receiver is an extraordinary remedy that should not be
5 | imposed here for the reasons stated in MGA's Opposition. (Opp'n at 3-4, 13-17.) Moreover,
6 | MGA's position concerning Omni also remains correct; due to the entry of the Court's
7 | December 3rd Orders and the threat that they will be enforced soon, MGA cannot obtain
8 | new credit and its existing creditors are threatening to rescind their credit arrangements with
9 | MGA. (See, e.g., Wing Decl. Ex. B at 4 (discussing impact of Court's Orders on MGA).)
10 |     In opposing Mattel's *ex parte*, the MGA Parties took the position that no discovery
11 | was needed or appropriate. They continue to believe that is true. However, at the December
12 | 30th hearing, in response to arguments made by Mattel, the Court expressed the view that:
13 |     . . . the finances of MGA, [] at this point, quite frankly, are a mystery to the Court.
14 |     And that mystery was compounded in part by what I read on appeal, what I've
15 |     heard from counsel, what I've seen in other papers. I just don't know what
16 |     exactly is going on with all of that, and I want to explore that at Monday's
17 |     hearing on that motion.
18 | (12/30 Hearing Transcript at 57:11-18.)
19 |     Although the MGA Parties respectfully submit that, for the reasons they set forth in
20 | their *ex parte* opposition, Mattel did not come close to showing that MGA's finances were
21 | such that the limited assets as to which Mattel has a legal entitlement (the Bratz intellectual
22 | property and the damages award after remittitur) are at risk, MGA wishes to assuage the
23 | Court's concerns and remove any "mystery" so that Mattel's charges can be shown to be
24 | groundless. Moreover, MGA wishes to remove this "mystery" because Mattel is using
25 | MGA's legitimate right to confidentiality of its financial status to harm MGA in the
26 | community by re-publishing the charges made in Mattel's *ex parte* application, which has
27 | caused vendors, retailers, suppliers, and creditors to express concern about MGA's viability
28 | even if the Court's December 3rd Orders are stayed for the entirety of 2009.

2

MGA Parties' Corrections to the Opp'n To Mattel's *Ex Parte* Appl. For Appointment Of A Receiver
Case No. CV 04-9049 SGL (RNBx)   EXHIBIT 19

PAGE 262

1  Consequently, the MGA Parties wish to modify their position on the discovery sought
2  in Mattel's *ex parte* application as follows.  <u>First</u>, MGA proposes that a reputable third-
3  party independent auditor be appointed by this Court to evaluate and audit MGA's financial
4  status, the contours and timing of which can be discussed at the hearing on January 5th but
5  the findings of which would have to remain Attorneys' Eyes Only.  In the interest of
6  reducing expense and effort to both parties, MGA proposes that auditor be Ernst & Young,
7  the accounting firm currently retained by MGA to prepare its financial statements because
8  those accountants are obviously very familiar with MGA's finances. In making this
9  proposal, MGA emphatically <u>deny</u> that such action is merited by any prior bad acts or
10 fraudulent conduct on the part of MGA Parties -- and, to be clear, there is no such conduct.
11 The <u>only</u> reason that MGA is making this proposal is to lay to rest any uncertainty this
12 Court may have without resorting to expensive and invasive discovery and to put to an end,
13 once and for all, Mattel's groundless accusations concerning MGA's financial status.
14  <u>Second</u>, to eliminate any suggestion of financial impropriety during the pendency of
15 the audit, MGA is willing to agree to a temporary order prohibiting MGA or Isaac Larian
16 from taking any action to make any sizeable distributions of MGA's revenues and/or assets
17 or engaging in any transactions resulting in the dissipation of said assets or revenues while
18 the third-party audit is being conducted. Again, the precise contours of this proposal can be
19 discussed at the January 5th hearing; the only absolutely critical component is that the terms
20 of that order be confidential because the very knowledge of such an order will dramatically
21 harm MGA's status in the market place and upset the status quo that the Court was trying to
22 maintain when it acted as it did at the December 30th hearing.  This order would give both
23 Mattel and the Court comfort that Mattel's interests in enforcing its monetary judgments
24 will be protected without the extraordinary (and MGA, would maintain, completely
25 unjustified) appointment of a receiver.
26  <u>Third</u>, no depositions or document discovery of any kind should be permitted to be
27 taken by Mattel concerning the finances of MGA during the pendency of the audit.  If, after
28 the accountants complete their report, there are issues that Mattel has with that report or any

3

findings therein, the parties can revisit the issue. To allow otherwise would impose duplicative and, more importantly, very costly discovery burdens on MGA at a time when it is faced with financial difficulties arising out of the existence of the December 3rd Orders.

## CONCLUSION

The MGA Parties respectfully submit the above corrections and proposals and reiterate their request that Mattel's *ex parte* request for appointment of a receiver and alternative request for expedited discovery be denied.

DATED: December 31, 2008    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
Thomas J. Nolan
Attorneys for the MGA Parties

EXHIBIT 19

264

4

MGA Parties' Corrections to the Opp'n To Mattel's *Ex Parte* Appl. For Appointment Of A Receiver
Case No. CV 04-9049 SGL (RNBx)

**EXHIBIT 20**

```
06-7090318014
10/30/2006 16:46
FILED
CALIFORNIA
SECRETARY OF STATE
S05
10214830002  UCC 1 FILING
```

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| MGA Entertainment Inc. | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | | CA | 91406 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
| 95-3726898 | ORGANIZATION DEBTOR | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING
6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]  7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2
8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State     MN(67UPP45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT  20

PAGE  265

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

(i) all Accounts;

(ii) all Inventory;

(iii) all Documents relating to Inventory;

(iv) all books and records pertaining to any property described in this definition;

(v) all Supporting Obligations pertaining to any property described in this definition; and

(vi) to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

LEGAL02/30132896v1

A-1

EXHIBIT 2
PAGE 266

# EXHIBIT 21

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., <br> PLAINTIFF(S), <br> v. <br> MGA ENTERTAINMENT, INC., <br> DEFENDANT(S), | CASE NUMBER <br> 2:04-CV-09049 SGL <br><br> NOTICE OF CLERICAL ERROR |

TO:   U. S. District Judge(s)
      U. S. Magistrate Judge(s)
      Counsel of Record

You are hereby notified that due to a clerical error ☐ documents associated with the filing of the new action ☐ the following scanned document ☑ docket entry   have/has been corrected as indicated below.

Title of Scanned Document: Minute Order

Filed Date: 1/12/09                              Document Number: Docket 4681

☐ Incorrect case number _____ was assigned to this ☐ action ☐ document.

☐ Case number has been corrected. The correct case number is _____

☐ Incorrect judge's initials were indicated on this ☐ action ☐ document. The correct judge's initials are _____

☐ Incorrect magistrate judge's initials were indicated on this ☐ action ☐ document. The correct magistrate judge's initials are _____.

☐ Case has been reassigned from ☐ Judge ☐ Magistrate Judge _____ to
   ☐ Judge ☐ Magistrate Judge _____. The initials of the new judge(s) are _____

☐ Case was assigned to ☐ Western ☐ Southern ☐ Eastern division. Pursuant to General Order ☐ 349, ☐ 98-3 ☐ 02-06, the case has been reassigned to the ☐ Western ☐ Southern ☐ Eastern division. The former case number _____ has been reassigned to new case number _____

☐ Subsequent documents must be filed at the ☐ Western ☐ Southern ☐ Eastern division. Failure to file at the proper location will result in your documents being returned to you.

☐ Case title is corrected from _____ to _____

☐ Document has been re-numbered as document number _____

☐ Incorrect ☐ Filed Date ☐ Date of Document ☐ ENTERED Date ☐ DATE ENTERED ON CM/ICMS was stamped on document. The correct date is _____

☐ Document is missing page number(s): _____

☐ To ensure proper routing of documents, all documents filed with the court must reflect the following case number and judge's initials: _____

☑ Other: the imaged copy for the above-referenced docket No. 4681, is hereby attached.


CLERK, U.S. DISTRICT COURT

Date 1/12/09                              By: _____Jim Holmes, CRD_____
                                               Deputy Clerk

cc: Intake Supervisor / Deputy In Charge

---

G-11 (06/05)            NOTICE OF CLERICAL ERROR

EXHIBIT ___21___

PAGE ___267___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                              Date: January 12, 2009
Title:   MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.

PRESENT: HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

Jim Holmes                                  None Present
Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:           ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                None Present

PROCEEDINGS:   **ORDER RE: MGA PARTIES' OBJECTION TO PHASE TWO DISCOVERY MASTER ROBERT O'BRIEN**

**ORDER STRIKING OBJECTION FROM RECORD**

**ORDER RE: REQUEST FOR APPROVAL OF SUBSTITUTION OF COUNSEL**

The Court has received and reviewed the document captioned MGA Parties' Objection to Phase Two Discovery Master Robert O'Brien. In the document, filed by attorneys of Glaser Weil Fink Jacobs & Shapiro and Mitchell, Silberberg & Knupp, MGA purportedly objects to the Discovery Master on the ground that his law office, Arent Fox, previously represented three third-party witnesses in this matter (Margo Eldridge, Charlotte Broussard, and Andrew Gallerani; collectively, the "Eldridge witnesses"). The Court does not sustain this objection to the Discovery Master.

First, the objection was not submitted by MGA's counsel of record -- namely, the law firm of Skadden, Arps for MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Isaac Larian. Accordingly, the objections are **HEREBY STRICKEN** from the record. Because no timely objections to the appointment of Mr. O'Brien as Discovery Master were submitted pursuant to the Court's December 3, and December 5, 2008, Orders, any and all such objections are waived and the parties are deemed to have consented to the appointment of Mr.

MINUTES FORM 90                                   Initials of Deputy Clerk __jh____
CIVIL -- GEN                       1

EXHIBIT   21
PAGE   268

O'Brien as Discovery Master.

Second, notwithstanding the above, the Court observes that Arent Fox previously represented the Eldridge witnesses was disclosed to the MGA parties by the court-appointed Settlement Officer, Ambassador Pierre Prosper, as well as by Mattel in a letter dated October 24, 2007. Notwithstanding that disclosure, counsel for the MGA parties expressly stated, in their in camera submissions to the Court, that the MGA parties had no objection to the appointment of Mr. O'Brien as the Discovery Master; specifically, they stated "[s]ubject to their preference for a federal magistrate, the MGA parties have no objection to Mr. O'Brien." Accordingly, the singular objection noted in the stricken document was also previously waived.

Third, in the interest of insuring that no conflict of interest or grounds for disqualification exists, the Court promptly disclosed the putative objection set forth in the stricken document to the Discovery Master and directed him to respond to the objection and to serve that response on the Court and lead counsel of record. The Court has received and reviewed the Discovery Master's letter dated January 9, 2009, responding to said objection. Having considered the Discovery Master's response, the Court finds that the objection is not well-taken. Thus, even if it were timely filed by counsel of record and had not been previously waived, the objection would be **OVERRULED**.

Fourth, to avoid any subjective concern, the Court **ORDERS** the parties to refer any discovery disputes directed to the Eldridge witnesses, if any should arise, to the Court and not to the Discovery Master. All other discovery matters shall be referred, in the first instance, to the Discovery Master.

The Court has also received and reviewed the Request for Approval of Substitution of Counsel. The Request seeks the Court's approval of "the substitution of Patricia L. Glaser of Glaser Weil Fink Jacobs & Shapiro LLP and Russell Frackman of Mitchell, Silberberg & Knupp LLP as attorneys of record in place and stead of Skadden, Arps, Slate, Meagher & Flom LLP for any and all matters relating to Phase 2 of the proceedings in the above-referenced actions before this Court," with Skadden, Arps to "remain counsel of record for the purpose of all remaining Phase 1 proceedings before this Court, including the pending motions scheduled to be heard on February 11, 2009, and any further matters relating to the December 3, 2008, Orders."

Although the Court might be inclined to approve additional counsel associating in on behalf of the MGA parties, or separate counsel for separate parties, the Court is disinclined to approve separate lead counsel for the same party or parties divided between the two "phases" of the same, consolidated case. To do so, the Court is concerned, would delay proceedings and vastly complicate the Court's management of an already complicated case, as well as raise numerous questions concerning a number of pending motions that relate to the second phase. The Court is also concerned that proposed counsel Ms. Glaser, who previously sought and obtained approval from the Court to be removed as counsel of record for the MGA parties, was referenced by MGA as a witness in an earlier trial in this case and, given the basis for her being described as a witness to the Court, may well be a witness in a future hearing and/or trial in this case.

| MINUTES FORM 90 | | Initials of Deputy Clerk __jh_____ |
|---|---|---|
| CIVIL -- GEN | 2 | |

EXHIBIT 21

PAGE 269

Case 2:04-cv-09049-DOC-RNB   Document 4776-11   Filed 02/05/09   Page 16 of 20   Page ID
#:149190
Case 2:04-cv-09049-    L-RNB   Document 4682   Filed  /12/2009   Page 4 of 4

To address these and other concerns, the Court ORDERS all lead counsel, all proposed counsel, and the Discovery Master to appear for a status conference on Wednesday, January 14, 2009, at 1:00 p.m. The directives of the discovery master are not suspended pending resolution of this matter.

**IT IS SO ORDERED.**

**EXHIBIT 22**

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER

# EXHIBIT 23

# REDACTED

# SUBJECT TO

# PROTECTIVE ORDER