1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@chrisglase.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@chrisglase.com
3   Caroline H. Mankey, State Bar No. 187302
    Cmankey@glaserweil.com
4   GLASER, WEIL, FINK, JACOBS
       & SHAPIRO, LLP
5   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
6   Telephone:  (310) 553-3000
    Facsimile:  (310) 556-2920
7
    Attorneys for MGA ENTERTAINMENT, INC., ISAAC LARIAN,
8   MGA ENTERTAINMENT (HK) LIMITED, and
    MGAE de MEXICO S.R.L. de C.V.
9

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13   CARTER BRYANT, an individual      )   Case No. CV 04-9049 SGL (RNBx)
                                        )
14              Plaintiff,             )   Consolidated with
                                        )   Case No. CV 04-9059
15   v.                                 )   Case No. CV 05-2727
                                        )
16   MATTEL, INC., a Delaware           )   **DISCOVERY MATTER**
     Corporation                        )   **[To Be Heard by Discovery Master**
17                                      )   **Robert C. O'Brien Pursuant to Order**
                Defendant.             )   **of January 6, 2009]**
18                                      )
                                        )   **MGA ENTERTAINMENT, INC.'S**
19                                      )   **NOTICE OF MOTION AND**
                                        )   **RENEWED MOTION TO COMPEL**
20                                      )   **MATTEL TO PRODUCE**
                                        )   **DOCUMENTS RESPONSIVE TO**
21                                      )   **REQUESTS FOR PRODUCTION**
                                        )   **526 AND 528; MEMORANDUM OF**
22   ─────────────────────────────      )   **POINTS AND AUTHORITIES**
                                        )
23   Consolidated with MATTEL, INC. v.  )   Time:  T.B.D.
     BRYANT and MGA                     )   Date:  T.B.D.
24   ENTERTAINMENT, INC. v.             )   Place: T.B.D.
     MATTEL, INC.                       )
25                                      )   [Declaration of Robert J. Herrington
                                        )   filed concurrently herewith]
26                                      )
                                        )   [Honorable Stephen G. Larson]
27                                      )
                                        )   **Phase 2**
28                                      )   Pre-Trial Conference:  T.B.D.
                                        )   Trial Date:  T.B.D.

666098

MGA'S MOTION TO COMPEL MATTEL TO PRODUCE DOCS RESPONSIVE TO RFPS 526 AND 528

1    **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

2    **PLEASE TAKE NOTICE** that at a hearing before the Discovery Master

3    Robert O'Brien, occurring at a date and time to be set by the Discovery Master, MGA

4    Entertainment, Inc. ("MGA") will, and hereby does, renew its motion pursuant to

5    Federal Rules of Civil Procedure 26 and 37 to compel Mattel, Inc. ("Mattel") to

6    produce documents and things responsive to MGA's Request Nos. 526 and 528 of

7    MGA's Fifth Set of Requests for Production served on Mattel ("RFPs 526 and 528").

8    This Motion is made on the grounds that Mattel has no reasonable basis to

9    withhold production of the documents requested by RFPs 526 and 528 which relate to

10   Mattel's communications with law enforcement authorities and documents provided

11   to law enforcement authorities that concern Mattel's allegations against MGA.

12   This renewed Motion is based on this Notice of Motion and Motion, the

13   accompanying Memorandum of Points and Authorities, the Declaration of Robert J.

14   Herrington filed concurrently herewith (all originally filed on January 16, 2008), the

15   records and files of this Court, and all other matters of which the Court may take

16   judicial notice.

17   For the Court's convenience, MGA also submits the following documents

18   which were filed previously:

19       (1) Mattel's Opposition brief (originally filed on January 24, 2008);

20       (2) The Declaration of Timothy L. Alger in Support of Mattel's Opposition

21           (originally filed on January 24, 2008);

22       (3) MGA's Notice of Stay of Phase Two Discovery and Its Impact on

23           MGA's Motion to Compel Mattel to Produce Documents Responsive to

24           Requests for Production 526 and 528 (originally filed on February 13,

25           2008); and

26       (4) Joint Report to Discovery Master Regarding Pending Discovery Motions

27           (originally filed on February 22, 2008).

28   \\\

666098

1

1       MGA asks that the Court deem all documents hereby submitted as filed.

2   Accordingly, MGA shall file its reply papers in support of its Motion on Wednesday,

3   February 11, three court days from the filing of this Motion, pursuant to the

4   December 6, 2006, Stipulation and Order appointing a discovery master, the terms of

5   which were incorporated into the Court's January 6, 2009, Order Appointing

6   Discovery Master O'Brien.

7                       **Statement of Rule 37-1 Compliance**

8       This Motion is made following the conference of counsel pursuant to Local

9   Rule 7-3, which took place on September 25, 2007, and January 9, 2008.  *See*

10  Declaration of Robert Herrington, ¶¶ 4-6, Ex. D, E.

11

12  Dated:  February 6, 2009               Patricia L. Glaser

                                  Joel N. Klevens

13                                    Caroline H. Mankey

                                  GLASER, WEIL, FINK, JACOBS

14                                      & SHAPIRO, LLP

15

16                      By:    /s/ Caroline H. Mankey

                                  Caroline H. Mankey

17                                    Attorneys for Defendants, MGA

                                  ENTERTAINMENT, INC., ISAAC LARIAN,

18                                    MGA ENTERTAINMENT (HK) LIMITED,

                                  and MGAE de MEXICO S.R.L. de C.V.

19

20

21

22

23

24

25

26

27

28

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

666098

MGA'S MOTION TO COMPEL MATTEL TO PRODUCE DOCS RESPONSIVE TO RFPS 526 AND 528

THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
Tel.: (213) 687-5000/Fax: (213) 687-5600

RAOUL D. KENNEDY (Bar No. 40892)
(rkennedy@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Embarcadero Center, 38th Floor
San Francisco, CA 94111-5974
Tel.: (415) 984-6400 / Fax: (415) 984-2698

Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>                    Defendant.<br><br><br>AND CONSOLIDATED ACTIONS | Case No.  CV 04-09049 SGL (RNBx)<br>(consolidated with CV 04-9059 & 05-2727)<br><br>**[DISCOVERY MATTER]**<br><br>**(1) NOTICE OF MOTION AND MOTION BY MGA ENTERTAINMENT TO COMPEL MATTEL TO PRODUCE DOCUMENTS RESPONSIVE TO MGA'S REQUESTS FOR PRODUCTION 526 AND 528; AND**<br><br>**(2) DECLARATION OF ROBERT J. HERRINGTON IN SUPPORT THEREOF**<br><br>Hearing Date: T.B.D.<br>Time: T.B.D.<br>Place: T.B.D<br><br>Phase I Discovery Cut-off: January 28, 2008 |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, at a telephonic conference before Discovery

3  Master Hon. Edward Infante (Ret.) on a date and at a time to be determined, MGA

4  Entertainment, Inc. ("MGA") will, and hereby does, move pursuant to Federal Rules

5  of Civil Procedure 26 and 37 to compel Mattel to produce (a) all documents

6  responsive to MGA's Requests 526 and 528 of MGA's Fifth Set of Requests for

7  Production served on Mattel.

8    This Motion is made on the grounds that Mattel has no reasonable basis to

9  withhold production of the documents requested by RFPs 526 and 528, which relate

10  to Mattel's communications with law enforcement authorities and documents

11  provided to law enforcement authorities that concern Mattel's allegations against

12  MGA. This Motion is made without prejudice to MGA's ability to move to compel

13  production of documents responsive to the remaining requests in MGA's Fifth Set of

14  Requests for Production.

15    This Motion is based on this Notice of Motion and Motion, the accompanying

16  Memorandum of Points and Authorities, the Declaration of Robert J. Herrington

17  filed concurrently herewith, the records and files of this Court, and all other matters

18  of which the Court may take judicial notice.

19    The parties met and conferred regarding Mattel's failure to produce documents

20  responsive to RFPs 526 and 528 on October 2, 2007 and thereafter, but were unable

21  to resolve the issue.

22  Dated:  January 16, 2008          SKADDEN, ARPS, SLATE,
23                                    MEAGHER & FLOM, LLP

24                                    By: _____
                                      Raoul D. Kennedy
25                                    Attorney for MGA Entertainment, Inc.

26

27

28

- 1 -

MTN TO COMPEL MATTEL TO PRODUCE DOCS RESPONSIVE TO RFPS 526 AND 528

## I.   INTRODUCTION

Mattel, Inc. ("Mattel") has asserted in this case that MGA Entertainment, Inc. ("MGA") engaged in a global conspiracy to steal its trade secrets. Mattel has communicated with law enforcement authorities in Mexico, Canada and the United States, trying to encourage criminal investigations that would assist Mattel in its lawsuit against MGA. To defend Mattel's meritless allegations, MGA has asked Mattel to produce the communications and the documents provided to the law enforcement authorities. These documents are relevant and, not privileged, and MGA is entitled to review those documents to assist its defense against Mattel's trade secret and RICO counterclaims. Mattel has no reasonable basis for withholding these documents and should be compelled to produce them immediately.

## II.   STATEMENT OF FACTS

Prior to and throughout this litigation, Mattel has been in communication with law enforcement authorities in the Mexico, Canada, and the United States regarding activities that relate to the allegations in its counterclaims. Mattel's Second Amended Answer and Counterclaims ("SAAC") explicitly state that "Mattel notified Mexican authorities about the [alleged] theft of its trade secret and confidential information." (SAAC at 44, ¶ 53.) The SAAC further details Mattel's knowledge of the Mexican authorities' activities related to MGAE de Mexico and suggests that Mattel communicated with the authorities regarding their seizure of certain documents from MGA's office. (SAAC ¶ 53.)

Mattel also alleges that "Mattel notified Canadian law enforcement authorities" about its belief that Janine Brisbois copied documents onto a thumb drive when she left Mattel. (SAAC at 51, ¶ 75.) Mattel's allegations also indicate that it communicated with Canadian authorities regarding the information allegedly recovered from Brisbois' thumb drive. (SAAC ¶ 75.) MGA was mindful of Mattel's contact with law enforcement authorities when it served its Fifth Set of Requests for Production ("RFPs") on Mattel on August 3, 2007. (Copy attached to Declaration of

- 2 -

1  Robert Herrington as Exhibit A.)  Specifically, MGA requested that Mattel produce

2  copies of its communications with law enforcement authorities (RFP 526) and copies

3  of any documents that it has provided to law enforcement authorities (RFP 528).

4  The complete text of each RFP is as follows:

- Request No. 526: All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada, or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state, or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA.

- Request No. 528: All DOCUMENTS that YOU (including YOUR agents and attorneys) provided to law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state, or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA.

20  In spite of the obvious relevance of the requested documents, Mattel objected

21  to RFPs 526 and 528 (Herrington Decl. Ex. B.)  In addition to its general objections,

22  including an objection to the production of privileged documents, Mattel asserted

23  several boilerplate objections to RFPs 526 and 528.  Although it initially agreed to

24  produce responsive, non-privileged documents in response to RFP 526, Mattel

25  recently served "corrected" responses, which no longer promise to produce any

26  responsive documents.  (Herrington Decl. Ex. C.)  Mattel objected to RFP 528 in its

27  entirety without any statement that it would produce responsive documents.

28

1   On September 25, 2007, MGA's prior counsel asked that Mattel withdraw its

2   objections to RFPs 526 and 528 and produce all responsive documents.  To resolve

3   any remaining issues, MGA asked Mattel to meet and confer regarding this

4   production.  On October 2, 2007, the parties' counsel met and conferred, but could

5   not reach agreement.

6   **III.   ARGUMENT**

7         Mattel does not deny that it has communicated with law enforcement

8   authorities regarding the RICO and trade secret allegations in its counterclaims.  If

9   Mattel has presented documents to law enforcement that it believes support its

10  claims that MGA engaged in theft of trade secrets or other unlawful acts, those

11  documents are directly relevant to MGA's defense.  Mattel has no reasonable basis

12  to withhold the documents requested in RFPs 526 and 528, and each of Mattel's

13  objections should be overruled, as explained below.

14        Mattel's relevance objection should be overruled because RFPs 526 and 528

15  are reasonably calculated to lead to the discovery of admissible evidence.  Mattel

16  objects that these requests seek irrelevant information, but fails to state any facts to

17  support this objection.  These types of vague, boilerplate objections have no merit

18  and should be overruled. *See A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186,

19  188 (C.D. Cal. 2006) ("boilerplate relevancy objections, without setting forth any

20  explanation or argument why the requested documents are not relevant, are

21  improper.")

22        These requests seek documents directly tied to Mattel's claim that "MGA or

23  persons currently or formerly employed by MGA" took confidential information

24  from Mattel.  Mattel's theft of trade secret allegations are broad.  In addition to the

25  specific allegations noted above, the SACC includes a catch-all allegation stating

26  that unidentified "additional employees accessed, copied and took from Mattel

27  confidential and proprietary information."  (SACC at 52, ¶ 77.)  To test and defend

28  against Mattel's allegations, MGA is entitled to discover the documents Mattel

- 4 -

1  provided to law enforcement authorities as these parallel investigations concerning
2  the same subject matter as Mattel's civil counterclaims. *See, e.g., In re Qwest*
3  *Communications Int'l, Inc.*, 450 F.3d 1179, 1181-82, 1201 (10th Cir. 2006) (private
4  plaintiff permitted discovery of materials provided to law enforcement authorities
5  concerning the same underlying facts).  If Mattel communicated with any law
6  enforcement authority with reference to any statement by a witness, any
7  documentary evidence or any other tangible evidence, MGA has the right to discover
8  that information.

9      Mattel's objection that RFP 526 duplicates prior requests should be overruled.
10  Mattel asserts that RFP 526 duplicates prior requests, but fails to identify which
11  requests supposedly are duplicated, nor does it confirm that all responsive documents
12  have been produced in response to prior requests.  RFP 526 requires production of all
13  communications Mattel has had with law enforcement that relate to its counterclaims;
14  it is immaterial whether one or more communications may have been covered by an
15  earlier RFP.  MGA is entitled to production of these communications as a complete
16  set in the same form that they were provided to the government.  Anything less,
17  including prior isolated production, risks removing the communications from their
18  context.

19      Mattel's boilerplate objections regarding overbreadth and burden should be
20  overruled.  Mattel also asserts that RFPs 526 and 528 are overbroad and would result
21  in undue burden, but fails to provide any explanation for these objections  Again,
22  Mattel's boilerplate objections are improper and should be rejected. *See Garber*, 234
23  F.R.D. at 188 ("general or boilerplate objections such as 'overly burdensome and
24  harassing' are improper").

25      Indeed, Mattel has not identified any category of documents that would render
26  RFPs 526 and 528 overbroad.  To the contrary, MGA's RFPs are straightforward and
27  narrowly crafted to include those documents that relate to the current litigation.
28  Mattel's assertion that there is no subject matter limitation is plainly incorrect.  And

1 | it is unclear what burden Mattel would face in producing this limited set of
2 | documents. If the volume of documents comprising Mattel's communications with
3 | law enforcement authorities and documents provided to law enforcement authorities
4 | is so large as to be unmanageable, that fact alone raises an issue regarding Mattel's
5 | motive in maintaining such frequent and voluminous contact with the government
6 | while pursuing parallel civil litigation.

7 |     <u>Mattel's confidentiality objections should be rejected</u>. The Protective Order
8 | governing discovery in this litigation provides sufficient protection for any
9 | confidential, proprietary or trade secret information. Mattel's objections based on
10 | the alleged confidential nature of the documents it is withholding should be
11 | overruled.

12 |     <u>Mattel's privilege objections should be overruled</u>. As an initial matter, it is
13 | unclear whether Mattel actually is asserting privilege objections for any of the
14 | responsive documents it is withholding because Mattel has not identified any
15 | documents responsive to RFPs 526 or 528 on its privilege log. If Mattel is
16 | withholding documents based on privilege and has not identified those documents on
17 | a log, the Court could concluded that Mattel has waived any privilege. *See*
18 | *Burlington N. & Santa Fe Ry. Co. v. District Court*, 408 F.3d 1142, 1149 (9th Cir.
19 | 2005) (failure to identify documents on privilege log can work waiver).

20 |     Mattel also waived any potentially applicable attorney-client and work product
21 | privilege when it chose to communicate with and/or provide documents to law
22 | enforcement. *See Weil v. Investment/Indicators, Research & Mgmt., Inc.*, 647 F.2d
23 | 18, 24 (9th Cir. 1981) ("voluntary disclosure of the content of a privileged attorney
24 | communication constitutes waiver of the privilege as to all other such
25 | communications on the same subject."); *In re Qwest*, 450 F.3d at 1187-99 (party
26 | waived privilege by providing documents to law enforcement); *United States v.*
27 | *Reyes*, 239 F.R.D. 591, 603-04 (N.D. Cal. 2006) (attorney client and work product
28 | privileges waived by providing privileged communications to the government); *Fru-*

1  *Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2006 WL 2255538, at *3 (E.D.

2  Cal. Aug. 7, 2006) ("Documents submitted to governmental agencies waive the

3  privilege with respect to such documents."). There is no other privilege that would

4  permit Mattel to withhold its communications with law enforcement and documents

5  voluntarily provided to law enforcement.[1]

6      Finally, when considering Mattel's boilerplate objections to RFPs 526 and 528,

7  the Court should bear in mind that MGA is seeking the same type of documents that

8  it has been asked to produce by Mattel. Specifically, RFP 164 in Mattel's First Set

9  Of Requests For Documents And Things Re Claims of Unfair Competition asks

10  MGA to produce "All DOCUMENTS RELATING TO any COMMUNICATIONS

11  with, or inquiry or investigation by, any government entity RELATING TO the

12  CONTESTED MGA PRODUCTS or the CONTESTED MATTEL PRODUCTS."

13  **IV.    CONCLUSION**

14      For the foregoing reasons, MGA respectfully requests that this Motion be

15  granted and that Mattel be ordered to produce immediately all documents responsive

16  to MGA's RFPs 526 and 528.

17

18  Dated: January 16, 2008                  SKADDEN, ARPS, SLATE,
                                             MEAGHER & FLOM, LLP
19
                                             By: _Raoul Kennedy/zll_
20                                               Raoul D. Kennedy
                                             Attorney for MGA Entertainment, Inc.
21

22

23

24

25

26  [1]    Although these documents and communications may have been related to law
27  enforcement investigations, the law enforcement investigative privilege can only be
    invoked by government law enforcement authorities. *In re Sealed Case*, 856 F. 2d
28  268, 271-72 (D.C. Cir. 1988).

-7-

## DECLARATION OF ROBERT J. HERRINGTON

1.     I am an attorney at Skadden, Arps, Slate Meagher & Flom, counsel of record for MGA Entertainment, Inc. in this case.  I have personal knowledge of the facts stated in this declaration and could testify competently thereto if called as a witness.

2.     Exhibit A to this Declaration is a true an correct copy of Requests for Production 526 and 528 from the Fifth Set of Requests for Production ("RFPs") on Mattel, served on August 3, 2007.

3.     Exhibit B to this Declaration is a true and correct copy of Mattel's original objections and responses to Requests for Production 526 and 528.

4.     Exhibit C to this Declaration is a true and correct copy of Mattel's "corrected" responses to Requests for Production 526 and 528.

5.     Exhibit D to this Declaration is a meet and confer letter MGA's prior counsel sent to Mattel's counsel on September 25, 2007.

6.     I understand that, on October 2, 2007, MGA's prior counsel met and conferred with Mattel's counsel regarding Requests for Production 526 and 528, but were not able to reach a resolution of the issues.

7.     On January 9, 2008, I sent the letter attached as Exhibit E to this Declaration seeking to confirm that Mattel's position on these issues had not changed.  Mattel did not respond to my letter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 16, 2008

Robert J. Herrington

Exhibit A

DIANA M. TORRES (S.B. #162284)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: dtorres@omm.com

DALE M. CENDALI (admitted pro hac vice)
MICHAEL KEATS (admitted pro hac vice)
JOHANNA SCHMITT (admitted pro hac vice)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: dcendali@omm.com

PATRICIA GLASER (S.B. # 55668)
CHRISTENSEN, GLASER, FINK,
JACOBS, WEIL & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067
Telephone:  (310) 553-3000
Facsimile:  (310) 556-2920
Email: pglaser@chrisglase.com

Attorneys for Plaintiff
MGA Entertainment, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant<br><br>CONSOLIDATED WITH<br><br>MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Case No.  CV 04-09049 SGL (RNBx)<br>(Consolidated with CV 04-9059 and CV 05-2727)<br><br>**MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |

Exhibit __A__, P. __9__

| | |
|---|---|
| PROPOUNDING PARTY: | MGA ENTERTAINMENT, INC. |
| RESPONDING PARTY: | MATTEL, INC. |
| SET NO. | FIVE |
| NOS. | 470 - 531 |

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel") produce all DOCUMENTS and tangible things described, in accordance with the Definitions and Instructions set forth below, at 9:00 a.m. on September 4, 2007, at the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, California 90071.

### DEFINITIONS

As used in these Requests:

1.    "ACTION" shall mean this action now consolidated under Case No. 04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc.; first filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses therein.

2.    "ACCELERACERS" means and refers to each image, character, logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been manufactured, marketed or sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise commonly known as, or sold and marketed under the name, "AcceleRacerS."

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit  A , P. 10

3.     "ADVERTISEMENT" means a commercial message or advertisement in any medium, including without limitation, television, radio, movies, magazines, newspapers, the Internet, signage, and billboards.

4.     "ASAHI" means Asahi Kasei Life & Living Corporation and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Asahi Kasei Life & Living Corporation and any others acting on Asahi Kasei Life & Living Corporation's behalf, pursuant to its authority or subject to its control.

5.     "BRATZ" means and refers to each image, character, logo, doll, plush toy, styling head, toy, accessory, product, packaging, theme, or other thing or matter that is or has ever been manufactured, marketed or sold by MGA, or others under license, as part of a line of goods or merchandise commonly known as, or sold and marketed under the "Bratz" trademark or trade dress, including, but not limited to, fashion dolls, styling heads, and plush toys.

6.     "BRYANT" means Carter Bryant, any of his current or former agents, representatives, attorneys, employees, partners, joint venturers, and any other person acting on his behalf, pursuant to his authority or subject to his control.

7.     "CONTESTED MGA PRODUCTS" means "Bratz" female fashion dolls and their packaging, products in the "Bratz Wintertime Wonderland" theme, products in the "Bratz Formal Funk" theme, products in the "Bratz Sun Kissed Summer" theme, products in the "Bratz Forever Diamondz" theme, "Bratz Petz" plush toys (including "Bratz Dogz") and their packaging, "Bratz Funky Fashion Makeover" heads, "Bratz Formal Funk Super Stylin' Runway Disco" playset and packaging, "4-Ever Best Friends" dolls and packaging, "Mommy's Little" doll line, and "Alien Racers" toy racing vehicles, as identified in Response to

- 2 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1   Interrogatory No. 2 of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s

2   First Set of Interrogatories Re Claims of Unfair Competition.

3         8.   "COMMUNICATION[S]" means any transmission of information

4   from one person or entity to another, including, without limitation, by personal

5   meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

6   that encompasses information relating in any way to communications to, from or

7   within a business or corporate entity is hereby designated to mean, and should be

8   construed to include, all communications by and between representatives,

9   employees, agents or servants of the business or corporate entity.

10         9.   "COUNTERCLAIM[S]" means the Second Amended Answer and

11   Counterclaims filed by Mattel on July 12, 2007.

12         10.   "DIVA STARZ" means and refers to each image, character, logo,

13   doll, toy, accessory, product, packaging or any other thing that is or has ever been

14   manufactured, marketed or sold by MATTEL, or others under license by

15   MATTEL, as part of a line of goods or merchandise commonly known as, or sold

16   and marketed under the name "Diva Starz."

17         11.   "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

18   Civil Procedure 34, and shall be construed in the broadest sense to mean any and

19   all writings, tangible things and property, of any kind, that are now or that have

20   been in YOUR actual or constructive possession, custody or control, including, but

21   not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

22   punched, copied, recorded, transcribed, graphic or photographic matter of any kind

23   or nature, in, through, or from which information may be embodied, translated,

24   conveyed or stored, whether an original, a draft or copy, however produced or

25   reproduced, whether sent or received or neither, including, but not limited to,

26   notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals,

27   reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets,

28   work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

- 3 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _1_, P. _12_

1   sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase

2   orders, telephone records, telegrams, telexes, literature, invoices, contracts,

3   purchase orders, estimates, recordings, transcriptions of recordings, records,

4   books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,

5   video, audio and digital recordings, television commercials, story boards, website

6   or other spot advertisements, movies, movie trailers, prototypes, products, diaries,

7   calendars, charts, drawings, sketches, messages, photographs and data contained in

8   or accessible through any electronic data processing system, including, but not

9   limited to, computer databases, data sheets, data processing cards, computer files

10   and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche,

11   electronic mail, website and web pages and transcriptions thereof and all other

12   memorializations of any conversations, meetings and conference, by telephone or

13   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

14   where such copy is not an identical duplicate of the original, whether because of

15   deletions, underlinings, showing of blind copies, initialing, signatures, receipt

16   stamps, comments, notations, differences in stationery or any other difference or

17   modification of any kind.

18       12.   "EARLY LIGHT" means the toy manufacturer Early Light Industrial

19   Company Limited and any of its past or present officers, directors, agents,

20   employees, representatives, consultants, attorneys, parents, subsidiaries, divisions,

21   affiliates, predecessors-in-interest, entities and persons acting in joint venture or

22   partnership relationships with Early Light Industrial Company Limited and any

23   others acting on Early Light Industrial Company Limited's behalf, pursuant to its

24   authority or subject to its control.

25       13.   "FILO" means L.A.M.P. S.p.A., and any of its past or present

26   officers, directors, agents, employees, representatives, consultants, attorneys,

27   parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

28   persons acting in joint venture or partnership relationships with L.A.M.P. S.p.A.

- 4 -

Exhibit _4_ , P. _13_

1    and any others acting on L.A.M.P. S.p.A.'s behalf, pursuant to its authority or

2    subject to its control.

3      14.   "FISHER-PRICE" means Fisher-Price, Inc. and any of its past or

4    present officers, directors, agents, employees, representatives, consultants,

5    attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,

6    entities and persons acting in joint venture or partnership relationships with Fisher-

7    Price, Inc. and any others acting on Fisher-Price, Inc.'s behalf, pursuant to Fisher-

8    Price, Inc.'s authority or subject to Fisher-Price, Inc.'s control.

9      15.   "JETTA" means the toy manufacturer Jetta Company Limited, and

10    any of its past or present officers, directors, agents, employees, representatives,

11    consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

12    interest, entities and persons acting in joint venture or partnership relationships

13    with Jetta Company Limited and any others acting on Jetta Company Limited's

14    behalf, pursuant to its authority or subject to its control.

15      16.   "KANEKA" means plastics manufacturer Kaneka Corporation, and

16    any of its past or present officers, directors, agents, employees, representatives,

17    consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

18    interest, entities and persons acting in joint venture or partnership relationships

19    with Kaneka Corporation and any others acting on Kaneka Corporation's behalf,

20    pursuant to its authority or subject to its control.

21      17.   "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

22      18.   "MATTEL," "YOU," or "YOUR" means defendant MATTEL, Inc.

23    and any of its past or present officers, directors, agents, employees,

24    representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

25    predecessors-in-interest, entities and persons acting in joint venture or partnership

26    relationships with YOU and any others acting on YOUR behalf, pursuant to

27    YOUR authority or subject to YOUR control.

28

- 5 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit  A , P. 14

1   19. "MGA" means MGA Entertainment, Inc. and any of its past or

2 present officers, directors, agents, employees, representatives, consultants,

3 attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,

4 entities and persons acting in joint venture or partnership relationships with MGA

5 and any others acting on MGA's behalf, pursuant to its authority or subject to its

6 control.

7   20. "MY SCENE" means and refers to each image, character, logo, doll,

8 toy, styling head, plush toy, play set, accessory, product, packaging or any other

9 thing that is or has ever been manufactured, marketed or sold by YOU, or others

10 under licensed by YOU, as part of a line of goods or merchandise commonly

11 known as, or sold and marketed under the name "MY SCENE."

12   21. "PERSON[S]" means any or all entities, including but not limited to,

13 any or all individuals, single proprietorships, associations, companies, firms,

14 partnerships, joint ventures, corporations, employees or former employees, or any

15 other business, governmental, or labor entity, and any divisions, departments, or

16 other units thereof.

17   22. "POLLY POCKET COLOR SURPRISE POLLY" means and refers to

18 each image, character, logo, doll, styling head, toy, accessory, product, packaging

19 or any other thing that is or has ever been manufactured, marketed or sold by

20 MATTEL, or others under license by MATTEL, as part of a line of goods or

21 merchandise commonly known as, or sold and marketed under the name "Polly

22 Pocket Color Surprise Polly."

23   23. "REFERRING OR RELATING TO" should be construed in the

24 broadest possible sense to mean concerning, consisting of, referring to, relating to,

25 describing, discussing, constituting, evidencing, containing, reflecting,

26 mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or

27 factual connection with the matter discussed.

28

- 6 -

MGA'S FIFTH SET OF REQUESTS FOR THE<br/>PRODUCTION OF DOCUMENTS AND THINGS

Exhibit __A__ , P. __15__

24.   "SIMBA TOYS" means Simba Toys GmbH and Company KG, Simba Toys (France), Simba Toys (Hong Kong) Ltd. and/or any of their parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Simba Toys GmbH and Company KG, Simba Toys (France) and/or Simba Toys (Hong Kong) Ltd.

25.   "SIMBA LITIGATION" means any litigation between SIMBA TOYS and MATTEL, including, but not limited to, (1) the litigation in Germany resulting in a decision by the Bundesgerichtshof (BGH) on or about October 28, 2004; (2) litigation in France resulting in a decision by the Commercial Court of Paris on or about June 28, 2002; and (3) litigation in the United Kingdom before the High Court of Justice, Chancery Division, Patents Court under docket or reference number HC 03 CO 2684 in 2003.

26.   "UNIVERSAL" means Universal Commerce Corporation Limited and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Universal Commerce Corporation Limited and any others acting on Universal Commerce Corporation Limited's behalf, pursuant to its authority or subject to its control.

27.   "ZEUS SERVER" means the "Zeus server" as defined in the deposition of MATTEL's 30(b)(6) witness, Julia Marine.

28.   The singular form includes the plural, and vice versa.

29.   The terms "any" and "all" are interchangeable.

30.   The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

- 7 -

MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS

Exhibit  A , P. 16

## INSTRUCTIONS

1.     YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control. A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.     If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

3.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

4.     Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

5.     These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 470:**

All DOCUMENTS REFERRING OR RELATING TO any claims and/or litigation that MATTEL or FISHER-PRICE has brought or considered bringing against any PERSON regarding infringement of MY SCENE, DIVA STARZ, or any other intellectual property including, but not limited to, cease and desist letters.

**REQUEST NO. 471:**

All DOCUMENTS REFERRING OR RELATING TO any claims, threat of

- 8 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _A_, P. _17_

1   litigation and/or litigation that any PERSON has asserted against MATTEL

2   regarding infringement by MY SCENE or DIVA STARZ, including, but not

3   limited to, cease and desist letters.

4   **REQUEST NO. 472:**

5       All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6   LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7   briefs, deposition transcripts, orders or other documents, and any English

8   translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9   support of its claims and defenses or any rulings or decisions issued by the court.

10  **REQUEST NO. 473:**

11      All DOCUMENTS REFERRING OR RELATING TO the creation and

12  development of the "We Believe in Girls" website, found at

13  www.webelieveingirls.com, that also mention BRATZ and/or MGA.

14  **REQUEST NO. 474:**

15      All DOCUMENTS REFERRING OR RELATING TO the mention of

16  BRATZ and/or MGA on the "We Believe in Girls" website, including, but not

17  limited to, any community bulletin boards.

18  **REQUEST NO. 475:**

19      Copies of all photographs taken by MATTEL (including, but not limited to,

20  MATTEL's counsel) during the course of its inspection of any DOCUMENT or

21  item made available to it by MGA or Bryant, including, but not limited to,

22  products, packaging, samples, sculptures, sketches, or drawings.

23  **REQUEST NO. 476:**

24      All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any

25  efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

26  MGA's trade secrets, non-public information, non-public activities, unreleased

27  products, and product development, including, but not limited to:

28

- 9 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

1        a.     DOCUMENTS REFERRING OR RELATING TO YOUR

2   COMMUNICATIONS or contacts with MGA's current or former employees or

3   contractors about MGA or its business, including, but not limited to, any tape

4   recordings of such COMMUNICATIONS;

5        b.     DOCUMENTS REFERRING OR RELATING TO YOUR use or

6   attempts to use confidential informants, spies, or moles within MGA, including, but

7   not limited to, any tape recordings of MGA employees or contractors;

8        c.     DOCUMENTS REFERRING OR RELATING TO YOUR  knowledge

9   of any MGA product before its release to the public or of any other non-public

10  information about MGA, its business or its products;

11       d.     DOCUMENTS REFERRING OR RELATING TO YOUR access, or

12  attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising

13  displays, Toy Fair displays on false pretenses (including, but not limited to, by

14  using fake business cards);

15       f.     DOCUMENTS REFERRING OR RELATING TO YOUR access to

16  MGA's products or showroom at any Toy Fair (including Hong Kong Toy Fair,

17  New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

18       h.     YOUR access to MGA's confidential product and pricing information

19  through "competitive management agreements" or "category management

20  agreements" with retailers; and

21       i.     YOUR access to MGA's confidential product and pricing information

22  from non-public sources and/or through non-public means.

23  **REQUEST NO. 477:**

24       All COMMUNICATIONS between YOU and any recruiting agency or

25  service including, but not limited to, Gregory Michaels & Associates, that REFER

26  OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

27  **REQUEST NO. 478:**

28       All DOCUMENTS REFERRING OR RELATING to any use or

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit __A__, P. _15_

1  contemplated use by YOU of any recruiting agency or service including, but not

2  limited to Gregory Michaels & Associates to contact or recruit any MGA employee

3  to work for YOU.

4  **REQUEST NO. 479:**

5      DOCUMENTS sufficient to show weekly and monthly point of sale data for

6  MY SCENE fashion dolls.

7  **REQUEST NO. 480:**

8      All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

9  reproduction, copying, storage, transmission, transfer, retention, destruction,

10  deletion, or use of any DOCUMENT identifying MGA products in the course of

11  any planning, design, development or revision of any YOUR products.

12  **REQUEST NO. 481:**

13      All DOCUMENTS, including, but not limited to, any compilation of

14  information, that were prepared, made, created, generated, assembled or compiled

15  by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de

16  C.V.

17  **REQUEST NO. 482:**

18      All DOCUMENTS, including, but not limited to, any compilation of

19  information, that were prepared, made, created, generated, assembled or compiled

20  by or for MGA or any MGA subsidiary, and that YOU received from any third

21  party, including Rachel Harris or Fred Larian.

22  **REQUEST NO. 483:**

23      All investigative files REFERRING OR RELATING to BRYANT, MGA or

24  any of its employees, including but not limited to file numbers 02-299, 02-1680,

25  and 03-034.

26  **REQUEST NO. 484:**

27      DOCUMENTS sufficient to show the directory structure of the ZEUS

28  SERVER as it relates to MATTEL's girls toys division.

- 11 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _4_, P. _20_

**REQUEST NO. 485:**

All DOCUMENTS, since January 1, 1999, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**REQUEST NO. 486:**

All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**REQUEST NO. 487:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**REQUEST NO. 488:**

All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**REQUEST NO. 489:**

All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

**REQUEST NO. 490:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared,

- 12 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _A_, P. _21_

1  made, created, generated, assembled or compiled by or for MGA or any MGA

2  subsidiary.

3  **REQUEST NO. 491:**

4      All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

5  that any of the items seized by Canadian authorities from Brisbois' thumb drive

6  were prepared, made, created, generated, assembled or compiled by or for MGA or

7  any MGA subsidiary.

8  **REQUEST NO. 492:**

9      All DOCUMENTS that REFER OR RELATE TO the retention, destruction,

10  transfer, or use of any information or DOCUMENTS known to or possessed by any

11  current or former MGA employee, freelancer or contractor, including but not

12  limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard,

13  and Andrew Gallerani.

14  **REQUEST NO. 493:**

15      All COMMUNICATIONS between YOU and any PERSON REFERRING

16  OR RELATING TO the retention, destruction, transfer, or use of any information

17  or DOCUMENTS known to or possessed by any current or former MGA employee,

18  freelancer or contractor, including but not limited to Tina Patel, Christopher

19  Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

20  **REQUEST NO. 494:**

21      All COMMUNICATIONS between YOU and Tina Patel prior to her date of

22  hire by MATTEL.

23  **REQUEST NO. 495:**

24      All DOCUMENTS REFERRING OR RELATING TO

25  COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

26  MATTEL, including but not limited to all calendar entries, phone logs, phone

27  records and notes reflecting such COMMUNICATIONS.

28  **REQUEST NO. 496:**

- 13 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _A_, P. 22

1   All DOCUMENTS, including but not limited to all COMMUNICATIONS

2   with any PERSON, REFERRING OR RELATING TO Tina Patel prior to her date

3   of hire by MATTEL.

4   **REQUEST NO. 497:**

5   All DOCUMENTS, including but not limited to all COMMUNICATIONS

6   with any PERSON, REFERRING OR RELATING TO Tina Patel's resignation

7   from MGA.

8   **REQUEST NO. 498:**

9   All DOCUMENTS, including but not limited to all COMMUNICATIONS

10  with any PERSON, REFERRING OR RELATING TO compensation, money or

11  any other item of value paid to Tina Patel, whether directly or indirectly, by YOU.

12  **REQUEST NO. 499:**

13  All DOCUMENTS received by YOU, directly or indirectly, from Tina Patel

14  REFERRING OR RELATING TO any MGA product or plan.

15  **REQUEST NO. 500:**

16  All DOCUMENTS, including but not limited to all COMMUNICATIONS

17  with any PERSON, REFERRING OR RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MGA and that YOU received, directly

22  or indirectly, from Tina Patel.

23  **REQUEST NO. 501:**

24  A copy of each personnel file maintained or created by YOU REFERRING

25  OR RELATING TO Tina Patel.

26  **REQUEST NO. 502:**

27  All DOCUMENTS, including but not limited to all COMMUNICATIONS,

28  prepared, created, sent or transmitted, whether in whole or in part, by Tina Patel

- 14 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _A_ , P. _23_

1 REFERRING OR RELATING TO any of the CONTESTED MGA PRODUCTS.

2 **REQUEST NO. 503:**

3  All COMMUNICATIONS between YOU and Christopher Hardouin prior to

4 his date of hire by MATTEL.

5 **REQUEST NO. 504:**

6  All DOCUMENTS REFERRING OR RELATING TO

7 COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of

8 hire by MATTEL, including but not limited to all calendar entries, phone logs,

9 phone records and notes reflecting such COMMUNICATIONS.

10 **REQUEST NO. 505:**

11  All DOCUMENTS, including but not limited to all COMMUNICATIONS

12 with any PERSON, REFERRING OR RELATING TO Christopher Hardouin prior

13 to his date of hire by MATTEL.

14 **REQUEST NO. 506:**

15  All DOCUMENTS, including but not limited to all COMMUNICATIONS

16 with any PERSON, REFERRING OR RELATING TO Christopher Hardouin's

17 resignation from MGA.

18 **REQUEST NO. 507:**

19  All DOCUMENTS, including but not limited to all COMMUNICATIONS

20 with any PERSON, REFERRING OR RELATING TO compensation, money or

21 any other item of value paid to Christopher Hardouin, whether directly or

22 indirectly, by YOU.

23 **REQUEST NO. 508:**

24  All DOCUMENTS received by YOU, directly or indirectly, from

25 Christopher Hardouin REFERRING OR RELATING TO any MGA product or

26 plan.

27 **REQUEST NO. 509:**

28  All DOCUMENTS, including but not limited to all COMMUNICATIONS

- 15 -

MGA'S FIFTH SET OF REQUESTS FOR THE<br>PRODUCTION OF DOCUMENTS AND THINGS

Exhibit 4 , P. 24

1   with any PERSON, REFERRING OR RELATING TO YOUR receipt,

2   reproduction, copying, storage, transmission, transfer, retention, destruction,

3   deletion or use of any DOCUMENTS, data and/or information, including but not

4   limited to any compilation of information, that was prepared, made, created,

5   generated, assembled or compiled by or for MGA and that YOU received, directly

6   or indirectly, from Christopher Hardouin.

7   **REQUEST NO. 510:**

8       A copy of each personnel file maintained or created by YOU REFERRING

9   OR RELATING TO Christopher Hardouin.

10  **REQUEST NO. 511:**

11      All DOCUMENTS, including but not limited to all COMMUNICATIONS,

12  prepared, created, sent or transmitted, whether in whole or in part, by Christopher

13  Hardouin REFERRING OR RELATING TO any of the CONTESTED MGA

14  PRODUCTS.

15  **REQUEST NO. 512:**

16      All DOCUMENTS REFERRING OR RELATING TO the creation, origins

17  or sources of inspiration of "POLLY POCKET COLOR SURPRISE POLLY"

18  including, without limitation, the creation, origins or sources of inspiration of the

19  pose of "POLLY POCKET COLOR SURPRISE POLLY."

20  **REQUEST NO. 513:**

21      All DOCUMENTS REFERRING OR RELATING TO any similarity or

22  dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

23  MGA product (whether released or unreleased) known to YOU, including but not

24  limited to any similarity or dissimilarity between the pose of "POLLY POCKET

25  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

26  **REQUEST NO. 514:**

27      All DOCUMENTS REFERRING OR RELATING TO whether the

28  appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

- 16 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _A_, P. _25_

1    replicates, or in any way imitates the appearance or pose of any MGA product

2    (whether released or unreleased) known to YOU.

3    **REQUEST NO. 515:**

4         DOCUMENTS, including but not limited to organizational charts, sufficient

5    to identify (by name and job function) all current and former MATTEL personnel

6    and/or freelancers comprising the primary team that worked on the creation, design

7    and development of "POLLY POCKET COLOR SURPRISE POLLY."

8    **REQUEST NO. 516:**

9         All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

10   institute a litigation hold in response to the litigation originally captioned *Mattel,*

11   *Inc. v. Bryant.*, Case No. CV 04-9059 SGL (RNBx).

12   **REQUEST NO. 517:**

13        All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

14   institute a litigation hold in response to the litigation originally captioned *MGA*

15   *Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-02727 SGL (RNBx).

16   **REQUEST NO. 518:**

17        All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

18   institute a litigation hold in response to the litigation originally captioned *Bryant v.*

19   *Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx).

20   **REQUEST NO. 519:**

21        All COMMUNICATIONS between YOU and the toy manufacturer JETTA

22   REFERRING OR RELATING to MGA, BRATZ or LARIAN.

23   **REQUEST NO. 520:**

24        All COMMUNICATIONS between YOU and EARLY LIGHT, including

25   but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR

26   RELATING to MGA, BRATZ or LARIAN.

27   **REQUEST NO. 521:**

28        All COMMUNICATIONS between YOU and ASAHI REFERRING OR

- 17 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _A_, P. _26_

1  RELATING to MGA, BRATZ or LARIAN.

2  **REQUEST NO. 522:**

3      All COMMUNICATIONS between YOU and UNIVERSAL REFERRING

4  OR RELATING to MGA, BRATZ or LARIAN.

5  **REQUEST NO. 523:**

6      All COMMUNICATIONS between YOU and KANEKA REFERRING OR

7  RELATING to MGA, BRATZ or LARIAN.

8  **REQUEST NO. 524:**

9      All COMMUNICATIONS between YOU and FILO REFERRING OR

10 RELATING to MGA, BRATZ or LARIAN.

11 **REQUEST NO. 525:**

12     Copies of all producers' affidavits for any ADVERTISEMENT for MY

13 SCENE or ACCELERACERS.

14 **REQUEST NO. 526:**

15     All DOCUMENTS that constitute COMMUNICATIONS between YOU

16 (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

17 Canada or the United States, including but not limited to the United States

18 Attorney's Office, the Department of Justice and any national, regional, state or

19 local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS

20 or any other alleged taking of confidential MATTEL information by MGA or

21 persons currently or formerly employed by MGA.

22 **REQUEST NO. 527:**

23     All DOCUMENTS REFERRING OR RELATING TO Board of Directors

24 meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer, Janine

25 Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or Pablo

26 Vargas San Jose were discussed, including, but not limited to, meeting minutes,

27 notes and memoranda.

28 **REQUEST NO. 528:**

- 18 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _A_, P. _27_

1    All DOCUMENTS that YOU (including YOUR agents and attorneys)

2   provided to law enforcement authorities in Mexico, Canada or the United States,

3   including but not limited to the United States Attorney's Office, the Department of

4   Justice and any national, regional, state or local authorities, concerning any of the

5   allegations in YOUR COUNTERCLAIMS or any other alleged taking of

6   confidential MATTEL information by MGA or persons currently or formerly

7   employed by MGA.

8   **REQUEST NO. 529:**

9    All DOCUMENTS that support the information and belief alleged in

10   paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

11   **REQUEST NO. 530:**

12    All DOCUMENTS, including but not limited to agreements, draft

13   agreements and correspondence, REFERRING OR RELATING TO the payment or

14   offer of payment of attorneys fees by MATTEL to any PERSON in connection this

15   ACTION.

16   **REQUEST NO. 531:**

17    DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

18   counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

19   with this ACTION, including, but not limited to, a copy of the fee agreement or

20   retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

21   LLP.

22

23    Dated: August 3, 2007          O'MELVENY & MYERS LLP

24

25

26                                  Melanie Bradley
                                    Attorneys for MGA Entertainment, Inc.
27

28   1704218

- 19 -
MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

Exhibit _A_, P. _28_

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On August 3, 2007, I caused to be personally served the following documents:

1. **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017

☒ (By Personal Service) I prepared such envelope to be delivered by hand to the addressee(s) by Nationwide Legal, Inc. Attorney Services, whose address is 316 W. 2nd Street, Suite 705, Los Angeles, California 90012.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2007, at Los Angeles, California.

Mary C. Layman

LA2:830924.1

Exhibit _A_ , P. _29_

# Exhibit B

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2      John B. Quinn (Bar No. 090378)
       johnquinn@quinnemanuel.com
3      Michael T. Zeller (Bar No. 196417)
       michaelzeller@quinnemanuel.com
4      Jon D. Corey (Bar No. 185066)
       (joncorey@quinnemanuel.com)
5      Timothy L. Alger (Bar No. 160303)
       timalger@quinnemanuel.com
6    865 South Figueroa Street, 10th Floor
     Los Angeles, California 90017-2543
7    Telephone:  (213) 443-3000
     Facsimile:  (213) 443-3100

8    Attorneys for Plaintiff and
     Counter-Defendant Mattel

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13   CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14                  Plaintiff,            Consolidated with:
                                          Case No. CV 04-09059
15                                        Case No. CV 05-02727

16          v.                            MATTEL'S RESPONSES TO MGA'S
                                          FIFTH SET OF REQUESTS FOR
17   MATTEL, INC., a Delaware             PRODUCTION
     Corporation,
18                                        Hon. Stephen G. Larson
                    Defendant.
19

20

21   AND CONSOLIDATED ACTIONS

22

23   PROPOUNDING PARTY:     MGA ENTERTAINMENT, INC.

24   RESPONDING PARTY:      MATTEL, INC.

25   SET NO.:               FIVE

26   NOS.                   470 - 531

27   SERVED ON US BY MAIL

28     9|4|07

/12200584.1

     MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

     Exhibit  B , P. 30

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.  Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.     Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.     Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege.  Mattel will not produce such privileged documents.

209/2200584.1

Exhibit _B_, P. _31_

1    3.    Mattel objects to the Requests on the grounds and to the extent
2  they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

3    4.    Mattel objects to the Requests on the grounds and to the extent
4  they seek information which is not relevant to the subject matter of this action nor
5  reasonably calculated to lead to the discovery of admissible evidence.

6    5.    Mattel objects to the Requests on the grounds and to the extent
7  they seek documents equally or more available to, or already in the possession,
8  custody or control of MGA and/or Carter Bryant.

9    6.    Mattel objects to the Requests on the grounds and to the extent
10 they seek documents not in Mattel's possession, custody or control.

11    7.    Mattel objects to the Requests on the grounds that they are
12 unduly burdensome and vague and ambiguous in that they purport to require Mattel
13 to identify and produce documents relating to matters that are currently known to
14 and in the possession, custody and control of defendants and third parties, including
15 third parties associated with defendants, and that are not known to Mattel.

16    8.    Mattel objects to the Requests on the grounds that they seek the
17 production of documents or information that are in the possession, custody and
18 control of independent parties over whom Mattel has no control, including without
19 limitation defendants, and seek the disclosure of information or documents that are
20 in the possession, custody and control of defendants or are publicly available and
21 hence equally available to all parties to this litigation.

22    9.    Mattel objects to the Requests on the ground and to the extent
23 they seek trade secret, proprietary or otherwise confidential information of Mattel or
24 third parties or would violate the terms of any agreement or contracts with third
25 parties. Any such documents that are produced, if any, will be produced only
26 pursuant to and in reliance upon the Protective Order entered in this case.

27    10.    Mattel objects to the Requests on the grounds that the definitions
28 of the terms "ADVERTISEMENT," "ACCELERACERS," "BRATZ,"

2200584.1

-2-

MATTEL'S RESPONSES TO ~~~~~ ~~~~TH SET OF REQUESTS FOR PRODUCTION

Exhibit _B_, P. _52_

1  "CONTESTED MGA PRODUCTS," "DIVA STARZ," "FISHER-PRICE,"
2  "MATTEL," "MGA," "MY SCENE," and "POLLY POCKET COLOR SURPRISE
3  POLLY" are overbroad, vague and ambiguous, unduly burdensome, and extend
4  beyond those products and matters placed at issue in this litigation.

5       11.    Mattel objects to each and every Request that seeks "all"
6  documents which constitute, mention, refer or relate to a given topic on the grounds
7  of undue burden and oppression.  Mattel will make available for inspection and
8  copying those documents and tangible items, if any, that it is able to locate after a
9  reasonable, good-faith search for and review of non-privileged responsive
10  documents.

11       12.    Mattel objects to the Requests on the grounds that they seek
12  information about matters that are not within the subject matter jurisdiction of the
13  Court.  Production by Mattel, if any, will be limited to those matters within the
14  Court's jurisdiction, and only in the event and to the extent that it is permitted by or
15  otherwise in compliance with foreign laws limiting disclosure and discovery and
16  only in the event and to the extent that the documents are within Mattel's possession,
17  custody or control pursuant to governing law.

18       13.    Mattel objects to each and every Request to the extent that it
19  seeks documents already produced in this action.  Documents which have already
20  been produced will not be produced again in response to these Requests.

21       14.    Objection to the production of any document or category of
22  documents described in the Requests, or agreement to produce any such documents,
23  is not and shall not be construed as an admission by Mattel that any such documents
24  or category of documents exist.  Where the responses indicate that Mattel will
25  produce such responsive documents, such documents, if any, will be produced if and
26  to the extent any such documents are in Mattel's possession, custody or control.

27       15.    Mattel objects to the time, place and manner of production
28  specified in the Requests.  Mattel will produce such responsive, non-privileged

-3-

Exhibit _β_ , P. 33

1  documents and tangible things, if any and to the extent not previously produced, in

2  accordance with its responses at a time and place and in a manner that is reasonable,

3  convenient and mutually agreed upon by the parties.

4

5  ## RESPONSES TO REQUESTS FOR PRODUCTION

6  Each of the following objections and responses to the Requests is

7  expressly made subject to the above Preliminary Statement and General Objections,

8  all of which are incorporated in each of the following objections and responses to

9  specific Requests. A statement that Mattel will produce documents or tangible

10  things in response to a Request is not intended to suggest, nor should it be construed

11  to mean, that any such documents or tangible things exist, or that they are in Mattel's

12  possession, custody or control.

13

14  **REQUEST FOR PRODUCTION NO. 470:**

15  All DOCUMENTS REFERRING OR RELATING TO any claims

16  and/or litigation that MATTEL or FISHER-PRICE has brought or considered

17  bringing against any PERSON regarding infringement of MY SCENE, DIVA

18  STARZ, or any other intellectual property including, but not limited to, cease and

19  desist letters.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 470:**

22  In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it is overbroad and unduly burdensome, including in that it seeks all documents on

25  this subject without limitation as to time, and regardless of whether such documents

26  relate to products or matters at issue in this case. Mattel further objects to the use of

27  the terms "any claims and/or litigation," "brought or considered bringing," and

28  "regarding infringement" in this context as vague and ambiguous. Mattel further

1 objects to the Request on the grounds that it seeks documents that are not relevant to

2 this action or likely to lead to the discovery of admissible evidence. Mattel further

3 objects to this Request on the grounds that it seeks confidential, proprietary and

4 trade secret information, including such information that has no bearing on the

5 claims or defenses in this case. Mattel further objects to this Request on the grounds

6 that it calls for the disclosure of information subject to the attorney-client privilege,

7 the attorney work-product doctrine and other applicable privileges.

8

9 **REQUEST FOR PRODUCTION NO. 471:**

10       All DOCUMENTS REFERRING OR RELATING TO any claims,

11 threat of litigation and/or litigation that any PERSON has asserted against MATTEL

12 regarding infringement by MY SCENE or DIVA STARZ, including, but not limited

13 to, cease and desist letters.

14

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 471:**

16       In addition to the general objections stated above which are

17 incorporated herein by reference, Mattel objects to this Request on the grounds that

18 it is overbroad and unduly burdensome, including in that it seeks all documents on

19 this subject without limitation as to time, and regardless of whether such documents

20 relate to products or matters at issue in this case. Mattel further objects to the use of

21 the terms "any claims, threat of litigation and/or litigation" and "regarding

22 infringement" in this context as vague and ambiguous. Mattel further objects to the

23 Request on the grounds that it seeks documents that are not relevant to this action or

24 likely to lead to the discovery of admissible evidence. Mattel further objects to this

25 Request on the grounds that it seeks confidential, proprietary and trade secret

26 information, including such information that has no bearing on the claims or

27 defenses in this case. Mattel further objects to this Request on the grounds that it

28

1   calls for the disclosure of information subject to the attorney-client privilege, the

2   attorney work-product doctrine and other applicable privileges.

3

4   **REQUEST FOR PRODUCTION NO. 472:**

5           All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6   LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7   briefs, deposition transcripts, orders or other documents, and any English

8   translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9   support of its claims and defenses or any rulings or decisions issued by the court.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 472:**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case. Mattel further objects to the

17  Request on the grounds that it seeks documents that are not relevant to this action or

18  likely to lead to the discovery of admissible evidence. Mattel further objects to this

19  Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case. Mattel further objects to this Request on the grounds that it

22  calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges. Mattel further

24  objects to the extent the Request seeks documents already produced by Mattel.

25  Such documents will not be produced again.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 473:**

2         All DOCUMENTS REFERRING OR RELATING TO the creation and

3   development of the "We Believe in Girls" website, found at

4   www.webelieveingirls.com, that also mention BRATZ and/or MGA.

5

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 473:**

7         In addition to the general objections stated above which are

8   incorporated herein by reference, Mattel objects to this Request on the grounds that

9   it is overbroad and unduly burdensome, including in that it seeks all documents on

10  this subject without limitation as to time, and regardless of whether such documents

11  relate to products or matters at issue in this case.  Mattel further objects to the

12  Request on the grounds that it seeks documents that are not relevant to this action or

13  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

14  Request on the grounds that it seeks confidential, proprietary and trade secret

15  information, including such information that has no bearing on the claims or

16  defenses in this case.  Mattel further objects to this Request on the grounds that it

17  calls for the disclosure of information subject to the attorney-client privilege, the

18  attorney work-product doctrine and other applicable privileges.

19

20  **REQUEST FOR PRODUCTION NO. 474:**

21        All DOCUMENTS REFERRING OR RELATING TO the mention of

22  BRATZ and/or MGA on the "We Believe in Girls" website, including, but not

23  limited to, any community bulletin boards.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 474:**

26        In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

-7-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit _β_ , P. _37_

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case.  Mattel further

3  objects to the Request on the grounds that it seeks documents that are not relevant to

4  this action or likely to lead to the discovery of admissible evidence.  Mattel further

5  objects to this Request on the grounds that it seeks confidential, proprietary and

6  trade secret information, including such information that has no bearing on the

7  claims or defenses in this case.  Mattel further objects to this Request on the grounds

8  that it calls for the disclosure of information subject to the attorney-client privilege,

9  the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 475:**

12         Copies of all photographs taken by MATTEL (including, but not

13  limited to, MATTEL's counsel) during the course of its inspection of any

14  DOCUMENT or item made available to it by MGA or Bryant, including, but not

15  limited to, products, packaging, samples, sculptures, sketches, or drawings.

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 475:**

18         In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad and unduly burdensome, including in that it seeks all documents

21  regardless of whether such documents relate to products or matters at issue in this

22  case.  Mattel further objects to this Request on the grounds that it calls for the

23  disclosure of information subject to the attorney-client privilege, the attorney work-

24  product doctrine and other applicable privileges.

25         Subject to and without waiving the foregoing objections, Mattel

26  responds as follows:  Mattel will produce such responsive, non-privileged

27  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

28

Exhibit __B__, P. _3Y_

1   been able to locate after a diligent search and reasonable inquiry, to the extent not

2   previously produced.

3

4   **REQUEST FOR PRODUCTION NO. 476:**

5         . All DOCUMENTS RELATING TO YOUR efforts, or knowledge of

6   any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

7   MGA's trade secrets, non-public information, non-public activities, unreleased

8   products, and product development, including, but not limited to:

9         a.     DOCUMENTS REFERRING OR RELATING TO YOUR

10   COMMUNICATIONS or contacts with MGA's current or former employees or

11   contractors about MGA or its business, including, but not limited to, any tape

12   recordings of such COMMUNICATIONS;

13         b.     DOCUMENTS REFERRING OR RELATING TO YOUR use

14   or attempts to use confidential informants, spies, or moles within MGA, including,

15   but not limited to, any tape recordings of MGA employees or contractors;

16         c.     DOCUMENTS REFERRING OR RELATING TO YOUR

17   knowledge of any MGA product before its release to the public or of any other

18   non-public information about MGA, its business or its products;

19         d.     DOCUMENTS REFERRING OR RELATING TO YOUR

20   access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,

21   merchandising displays, Toy Fair displays on false pretenses (including, but not

22   limited to, by using fake business cards);

23         f.     DOCUMENTS REFERRING OR RELATING TO YOUR

24   access to MGA's products or showroom at any Toy Fair (including Hong Kong Toy

25   Fair, New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

26         h.     YOUR access to MGA's confidential product and pricing

27   information through "competitive management agreements" or "category

28   management agreements" with retailers; and

209/2200584.1

-9-

Exhibit _B_, P. 35

1          i.      YOUR access to MGA's confidential product and pricing

2   information from non-public sources and/or through non-public means.

3

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 476:**

5          In addition to the general objections stated above which are

6   incorporated herein by reference, Mattel objects to this Request on the grounds that

7   it is overbroad, unduly burdensome, compound, and unintelligible, especially given

8   its broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks

9   all documents on this subject without limitation as to time, and regardless of

10  whether such documents relate to products or matters at issue in this case.  Mattel

11  further objects to the use of the terms "knowledge of any efforts by any PERSONS,"

12  "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

13  information," "non-public activities," "unreleased products," "product

14  development," "confidential informants, spies, or moles ," "non public information,"

15  "non-public sources ," "non-public means," "on false pretenses," "confidential

16  product and pricing information," and "'competitive management agreements' or

17  'category management agreements,'"  in this context as vague, ambiguous, and

18  incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

19  documents that are not relevant to this action or likely to lead to the discovery of

20  admissible evidence.  Mattel further objects to this Request on the grounds that it

21  seeks, in its entirety, confidential, proprietary and trade secret information, including

22  such information that has no bearing on the claims or defenses in this case.  Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

-10-

Exhibit __B__ , P. __40__

**REQUEST FOR PRODUCTION NO. 477:**

All COMMUNICATIONS between YOU and any recruiting agency or service including, but not limited to, Gregory Michaels & Associates, that REFER OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 477:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 478:**

All DOCUMENTS REFERRING OR RELATING to any use or contemplated use by YOU of any recruiting agency or service including, but not limited to Gregory Michaels & Associates to contact or recruit any MGA employee to work for YOU.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 478:**

2         In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad and unduly burdensome, including in that it seeks all documents on

5  this subject without limitation as to time, and regardless of whether such documents

6  relate to products or matters at issue in this case.  Mattel further objects to the use of

7  the term "recruiting agency or service" in this context as vague and ambiguous.

8  Mattel further objects to the Request on the grounds that it seeks documents that are

9  not relevant to this action or likely to lead to the discovery of admissible evidence.

10  Mattel further objects to this Request on the grounds that it seeks confidential,

11  proprietary and trade secret information, including such information that has no

12  bearing on the claims or defenses in this case.  Mattel further objects to this Request

13  on the grounds that it calls for the disclosure of information subject to the attorney-

14  client privilege, the attorney work-product doctrine and other applicable privileges.

15

16  **REQUEST FOR PRODUCTION NO. 479:**

17         DOCUMENTS sufficient to show weekly and monthly point of sale

18  data for MY SCENE fashion dolls.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 479:**

21         In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24  this subject without limitation as to time, and regardless of whether such documents

25  relate to products or matters at issue in this case.  Mattel further objects to the use of

26  the term "point of sale data" in this context as vague and ambiguous.  Mattel further

27  objects to the Request on the grounds that it seeks documents that are not relevant to

28  this action or likely to lead to the discovery of admissible evidence.  Mattel further

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information, including such information that has no bearing on the

3   claims or defenses in this case.

4

5   **REQUEST FOR PRODUCTION NO. 480:**

6          All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

7   reproduction, copying, storage, transmission, transfer, retention, destruction,

8   deletion, or use of any DOCUMENT identifying MGA products in the course of any

9   planning, design, development or revision of any YOUR products.

10

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 480:**

12          In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad and unduly burdensome, including in that it seeks all documents on

15   this subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case. The Request is also unintelligible,

17   leaving Mattel to guess what documents are being sought.  Mattel further objects to

18   the Request on the grounds that it seeks documents that are not relevant to this

19   action or likely to lead to the discovery of admissible evidence.  Mattel further

20   objects to this Request on the grounds that it seeks confidential, proprietary and

21   trade secret information, including such information that has no bearing on the

22   claims or defenses in this case.  Mattel further objects to this Request on the grounds

23   that it calls for the disclosure of information subject to the attorney-client privilege,

24   the attorney work-product doctrine and other applicable privileges.

25

26   **REQUEST FOR PRODUCTION NO. 481:**

27          All DOCUMENTS, including, but not limited to, any compilation of

28   information, that were prepared, made, created, generated, assembled or compiled

-13-

Exhibit  B , P. 42

1  by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de

2  C.V.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 481:**

5          In addition to the general objections stated above which are

6  incorporated herein by reference, Mattel objects to this Request on the grounds that

7  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

8  documents on this subject without limitation as to time, and regardless of whether

9  such documents relate to products or matters at issue in this case.  Mattel further

10  objects to the use of the term "any compilation of information, that were prepared

11  made, created, generated, assembled or compiled by or for MGA or any MGA

12  subsidiary, including MGAE de Mexico, S.R.L. de C.V." in this context as vague

13  and ambiguous.  Mattel further objects to the Request on the grounds that it seeks

14  documents that are not relevant to this action or likely to lead to the discovery of

15  admissible evidence.  Mattel further objects to this Request on the grounds that it

16  seeks confidential, proprietary and trade secret information, including such

17  information that has no bearing on the claims or defenses in this case.  Mattel further

18  objects to this Request on the grounds that it calls for the disclosure of information

19  subject to the attorney-client privilege, the attorney work-product doctrine and other

20  applicable privileges.  Mattel further objects to this Request to the extent it seeks

21  documents already produced by Mattel, including documents stolen by MGA and

22  other defendants.  Such documents will not be produced again.

23          Subject to and without waiving the foregoing objections, Mattel

24  responds as follows:  Mattel will produce such responsive, non-privileged

25  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

26  been able to locate after a diligent search and reasonable inquiry, to the extent not

27  previously produced.

28

2200584.1

1 | **REQUEST FOR PRODUCTION NO. 482:**

2         All DOCUMENTS, including, but not limited to, any compilation of

3 information, that were prepared, made, created, generated, assembled or compiled

4 by or for MGA or any MGA subsidiary, and that YOU received from any third

5 party, including Rachel Harris or Fred Larian.

6

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 482:**

8         In addition to the general objections stated above which are

9 incorporated herein by reference, Mattel objects to this Request on the grounds that

10 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11 documents on this subject without limitation as to time, and regardless of whether

12 such documents relate to products or matters at issue in this case. Mattel further

13 objects to the use of the term "any compilation of information, that were prepared

14 made, created, generated, assembled or compiled by or for MGA or any MGA

15 subsidiary" in this context as vague and ambiguous. Mattel further objects to the

16 Request on the grounds that it seeks documents that are not relevant to this action or

17 likely to lead to the discovery of admissible evidence. Mattel further objects to this

18 Request on the grounds that it seeks confidential, proprietary and trade secret

19 information, including such information that has no bearing on the claims or

20 defenses in this case. Mattel further objects to this Request on the grounds that it

21 calls for the disclosure of information subject to the attorney-client privilege, the

22 attorney work-product doctrine and other applicable privileges.

23

24 | **REQUEST FOR PRODUCTION NO. 483:**

25         All investigative files REFERRING OR RELATING to BRYANT,

26 MGA or any of its employees, including but not limited to file numbers 02-299,

27 02-1680, and 03-034.

28                 Exhibit _B_ , P. _44_

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 483:**

2         In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents regardless of whether such documents relate to products, matters, or

6 persons at issue in this case. Mattel further objects to the use of the terms

7 "investigative files" in this context as vague and ambiguous. Mattel further objects

8 to this Request on the grounds that it calls for the disclosure of information subject

9 to the attorney-client privilege, the attorney work-product doctrine and other

10 applicable privileges. Mattel further objects to the Request on the grounds that it

11 seeks documents that are not relevant to this action or likely to lead to the discovery

12 of admissible evidence. Mattel further objects to this Request on the grounds that it

13 seeks confidential, proprietary and trade secret information, including such

14 information that has no bearing on the claims or defenses in this case. Mattel further

15 objects to this Request to the extent that it seeks documents already produced by

16 Mattel. Such documents will not be produced again.

17         Subject to and without waiving the foregoing objections, Mattel

18 responds as follows: Mattel will produce such responsive, non-privileged

19 documents relating to Bryant that are in Mattel's possession, custody, or control, if

20 any, that Mattel has been able to locate after a diligent search and reasonable

21 inquiry, to the extent not previously produced.

22

23 | **REQUEST FOR PRODUCTION NO. 484:**

24         DOCUMENTS sufficient to show the directory structure of the ZEUS

25 SERVER as it relates to MATTEL's girls toys division.

26

27

28

Exhibit _B_ , P. _45_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 484:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "directory structure" and "MATTEL's girls toys division" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will make available to defendants for inspection and copying tapes from which this information may be derived.

**REQUEST FOR PRODUCTION NO. 485:**

All DOCUMENTS, since January 1, 1999, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 485:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

1   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject regardless of whether such documents relate to products

3   or matters at issue in this case.  Mattel further objects to the use of the term "any

4   compilation of information, that were prepared made, created, generated, assembled

5   or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico,

6   S.R.L. de C.V." in this context as vague and ambiguous.  Mattel further objects to

7   the Request on the grounds that it seeks documents that are not relevant to this

8   action or likely to lead to the discovery of admissible evidence.  Mattel further

9   objects to this Request on the grounds that it seeks confidential, proprietary and

10   trade secret information, including such information that has no bearing on the

11   claims or defenses in this case.  Mattel further objects to this Request on the grounds

12   that it calls for the disclosure of information subject to the attorney-client privilege,

13   the attorney work-product doctrine and other applicable privileges.  Mattel further

14   objects to this Request to the extent it seeks documents already produced by Mattel,

15   including documents stolen by MGA and other defendants.  Such documents will

16   not be produced again.

17         Subject to and without waiving the foregoing objections, Mattel

18   responds as follows:  Mattel will produce such responsive, non-privileged

19   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

20   been able to locate after a diligent search and reasonable inquiry, to the extent not

21   previously produced.

22

23   **REQUEST FOR PRODUCTION NO. 486:**

24         All DOCUMENTS REFERRING OR RELATING TO YOUR or

25   YOUR attorney's or agent's knowledge of or participation in the investigation or

26   search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

27

28

-18-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit _B_ , P. _47_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 486:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V." in this context as vague and ambiguous. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 487:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 487:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

1  such documents relate to products or matters at issue in this case.  Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence.  Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case.  Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges.  Mattel further

9  objects to this Request to the extent it seeks documents already produced by Mattel,

10  including documents stolen by MGA and other defendants.  Such documents will

11  not be produced again.

12  　　　　　Subject to and without waiving the foregoing objections, Mattel

13  responds as follows:  Mattel will produce such responsive, non-privileged

14  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

15  been able to locate after a diligent search and reasonable inquiry, to the extent not

16  previously produced.

17

18  **REQUEST FOR PRODUCTION NO. 488:**

19  　　　　　All DOCUMENTS REFERRING OR RELATING TO YOUR

20  knowledge that any of the items seized by Mexican authorities from MGAE de

21  Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated,

22  assembled or compiled by or for MGA or any MGA subsidiary.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 488:**

25  　　　　　In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

1   such documents relate to products or matters at issue in this case. Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence. Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and

5   trade secret information, including such information that has no bearing on the

6   claims or defenses in this case. Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges. Mattel further

9   objects to this Request to the extent it seeks documents already produced by Mattel,

10  including documents stolen by MGA and other defendants. Such documents will

11  not be produced again.

12

13  **REQUEST FOR PRODUCTION NO. 489:**

14          All DOCUMENTS REFERRING OR RELATING TO YOUR or

15  YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois'

16  thumb drive by Canadian law enforcement.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 489:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of

25  or participation in the seizure of Brisbois' thumb drive by Canadian law

26  enforcement" in this context as vague and ambiguous. Mattel further objects to the

27  Request on the grounds that it seeks documents that are not relevant to this action or

28  likely to lead to the discovery of admissible evidence. Mattel further objects to this

1 | Request on the grounds that it seeks confidential, proprietary and trade secret
2 | information, including such information that has no bearing on the claims or
3 | defenses in this case.  Mattel further objects to this Request on the grounds that it
4 | calls for the disclosure of information subject to the attorney-client privilege, the
5 | attorney work-product doctrine and other applicable privileges.

6 |

7 | **REQUEST FOR PRODUCTION NO. 490:**

8 |     All DOCUMENTS REFERRING OR RELATING TO whether any of
9 | the items seized by Canadian authorities from Brisbois' thumb drive were prepared,
10 | made, created, generated, assembled or compiled by or for MGA or any MGA
11 | subsidiary.

12 |

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 490:**

14 |     In addition to the general objections stated above which are
15 | incorporated herein by reference, Mattel objects to this Request on the grounds that
16 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
17 | documents on this subject without limitation as to time, and regardless of whether
18 | such documents relate to products or matters at issue in this case.  Mattel further
19 | objects to the Request on the grounds that it seeks documents that are not relevant to
20 | this action or likely to lead to the discovery of admissible evidence.  Mattel further
21 | objects to this Request on the grounds that it seeks confidential, proprietary and
22 | trade secret information, including such information that has no bearing on the
23 | claims or defenses in this case.  Mattel further objects to this Request on the grounds
24 | that it calls for the disclosure of information subject to the attorney-client privilege,
25 | the attorney work-product doctrine and other applicable privileges.  Mattel further
26 | objects to this Request to the extent it seeks documents already produced by Mattel,
27 | including documents stolen by MGA and other defendants.  Such documents will
28 | not be produced again.  Exhibit _B_, P. _51_

09/2200584.1

-22-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1    Subject to and without waiving the foregoing objections, Mattel

2  responds as follows:  Mattel will produce such responsive, non-privileged

3  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

4  been able to locate after a diligent search and reasonable inquiry, to the extent not

5  previously produced.

6

7  **REQUEST FOR PRODUCTION NO. 491:**

8    All DOCUMENTS REFERRING OR RELATING TO YOUR

9  knowledge that any of the items seized by Canadian authorities from Brisbois'

10  thumb drive were prepared, made, created, generated, assembled or compiled by or

11  for MGA or any MGA subsidiary.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 491:**

14    In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects to this Request to the extent it seeks documents already produced by Mattel,

27  including documents stolen by MGA and other defendants.  Such documents will

28  not be produced again.

-23-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit __B__, P. __52__

1  **REQUEST FOR PRODUCTION NO. 492:**

2      All DOCUMENTS that REFER OR RELATE TO the retention,

3  destruction, transfer, or use of any information or DOCUMENTS known to or

4  possessed by any current or former MGA employee, freelancer or contractor,

5  including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge,

6  Charlotte Broussard, and Andrew Gallerani.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 492:**

9      In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12 documents on this subject without limitation as to time, and regardless of whether

13 such documents relate to products, matters, or persons at issue in this case.  Mattel

14 further objects to the Request on the grounds that it seeks documents that are not

15 relevant to this action or likely to lead to the discovery of admissible evidence.

16 Mattel further objects to this Request on the grounds that it seeks confidential,

17 proprietary and trade secret information, including such information that has no

18 bearing on the claims or defenses in this case.  Mattel further objects to this Request

19 on the grounds that it calls for the disclosure of information subject to the attorney-

20 client privilege, the attorney work-product doctrine and other applicable privileges.

21

22 **REQUEST FOR PRODUCTION NO. 493:**

23     All COMMUNICATIONS between YOU and any PERSON

24 REFERRING OR RELATING TO the retention, destruction, transfer, or use of any

25 information or DOCUMENTS known to or possessed by any current or former

26 MGA employee, freelancer or contractor, including but not limited to Tina Patel,

27 Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

28

Exhibit _B_ , P. _53_

209/2200584.1

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 493:**

2            In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5   documents on this subject without limitation as to time, and regardless of whether

6   such documents relate to products, matters, or persons at issue in this case.  Mattel

7   further objects to the Request on the grounds that it seeks documents that are not

8   relevant to this action or likely to lead to the discovery of admissible evidence.

9   Mattel further objects to this Request on the grounds that it seeks confidential,

10  proprietary and trade secret information, including such information that has no

11  bearing on the claims or defenses in this case.  Mattel further objects to this Request

12  on the grounds that it calls for the disclosure of information subject to the attorney-

13  client privilege, the attorney work-product doctrine and other applicable privileges.

14

15  **REQUEST FOR PRODUCTION NO. 494:**

16            All COMMUNICATIONS between YOU and Tina Patel prior to her

17  date of hire by MATTEL.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 494:**

20            In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad and unduly burdensome, including in that it seeks all documents on

23  this subject without limitation as to time, and regardless of whether such documents

24  relate to products, matters, or persons at issue in this case.  Mattel further objects to

25  the Request on the grounds that it seeks documents that are not relevant to this

26  action or likely to lead to the discovery of admissible evidence.  Mattel further

27  objects to this Request on the grounds that it seeks confidential, proprietary and

28  trade secret information, including such information that has no bearing on the

209/2200584.1

-25-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit _B_ , P. _54_

1  claims or defenses in this case.  Mattel further objects to this Request on the grounds

2  that it calls for the disclosure of information subject to the attorney-client privilege,

3  the attorney work-product doctrine and other applicable privileges.

4

5  **REQUEST FOR PRODUCTION NO. 495:**

6          All DOCUMENTS REFERRING OR RELATING TO

7  COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

8  MATTEL, including but not limited to all calendar entries, phone logs, phone

9  records and notes reflecting such COMMUNICATIONS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 495:**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products, matters, or persons at issue in this case.  Mattel further objects to

17  the Request on the grounds that it seeks documents that are not relevant to this

18  action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24

25  **REQUEST FOR PRODUCTION NO. 496:**

26          All DOCUMENTS, including but not limited to all

27  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

28  Patel prior to her date of hire by MATTEL.

_9/7200584.1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 496:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 497:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina Patel's resignation from MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 497:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit _B_, P. _56_

1   trade secret information, including such information that has no bearing on the

2   claims or defenses in this case.  Mattel further objects to this Request on the grounds

3   that it calls for the disclosure of information subject to the attorney-client privilege,

4   the attorney work-product doctrine and other applicable privileges.

5

6   **REQUEST FOR PRODUCTION NO. 498:**

7          All DOCUMENTS, including but not limited to all

8   COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

9   compensation, money or any other item of value paid to Tina Patel, whether directly

10  or indirectly, by YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 498:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products, matters, or persons at issue in this case.  Mattel further objects to

18  the Request on the grounds that it seeks documents that are not relevant to this

19  action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 499:**

27          All DOCUMENTS received by YOU, directly or indirectly, from Tina

28  Patel REFERRING OR RELATING TO any MGA product or plan.

f209/2200584.1

-28-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit __B__ , P. __57__

**RESPONSE TO REQUEST FOR PRODUCTION NO. 499:**

        In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any MGA product or plan" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 500:**

        All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MGA and that YOU received, directly or indirectly, from Tina Patel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 500:**

        In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

Exhibit _6_, P. _59_

1   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject without limitation as to time, and regardless of whether

3   such documents relate to products or matters at issue in this case. Mattel further

4   objects to the use of the term "any compilation of information, that were prepared

5   made, created, generated, assembled or compiled by or for MGA" in this context as

6   vague and ambiguous. Mattel further objects to the Request on the grounds that it

7   seeks documents that are not relevant to this action or likely to lead to the discovery

8   of admissible evidence. Mattel further objects to this Request on the grounds that it

9   seeks confidential, proprietary and trade secret information, including such

10   information that has no bearing on the claims or defenses in this case. Mattel further

11   objects to this Request on the grounds that it calls for the disclosure of information

12   subject to the attorney-client privilege, the attorney work-product doctrine and other

13   applicable privileges.

14

15   **REQUEST FOR PRODUCTION NO. 501:**

16       A copy of each personnel file maintained or created by YOU

17   REFERRING OR RELATING TO Tina Patel.

18

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 501:**

20       In addition to the general objections stated above which are

21   incorporated herein by reference, Mattel objects to this Request on the grounds that

22   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23   documents on this subject without limitation as to time, and regardless of whether

24   such documents relate to products, matters, or persons at issue in this case. Mattel

25   further objects to the Request on the grounds that it seeks documents that are not

26   relevant to this action or likely to lead to the discovery of admissible evidence.

27   Mattel further objects to this Request on the grounds that it seeks confidential,

28   proprietary and trade secret information, including such information that has no

-30-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit __B__. P. __59__

1   bearing on the claims or defenses in this case. Mattel further objects to this Request

2   on the grounds that it calls for the disclosure of information subject to the attorney-

3   client privilege, the attorney work-product doctrine and other applicable privileges.

4

5   **REQUEST FOR PRODUCTION NO. 502:**

6           All DOCUMENTS, including but not limited to all

7   COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

8   in part, by Tina Patel REFERRING OR RELATING TO any of the CONTESTED

9   MGA PRODUCTS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 502:**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence. Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24          Subject to and without waiving the foregoing objections, Mattel

25  responds as follows: Mattel will produce such responsive, non-privileged

26  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

27  been able to locate after a diligent search and reasonable inquiry, to the extent not

28  previously produced.

1  **REQUEST FOR PRODUCTION NO. 503:**

2          All COMMUNICATIONS between YOU and Christopher Hardouin

3  prior to his date of hire by MATTEL.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 503:**

6          In addition to the general objections stated above which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it is overbroad and unduly burdensome, including in that it seeks all documents on

9  this subject without limitation as to time, and regardless of whether such documents

10  relate to products or matters at issue in this case.  Mattel further objects to the

11  Request on the grounds that it seeks documents that are not relevant to this action or

12  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

13  Request on the grounds that it seeks confidential, proprietary and trade secret

14  information, including such information that has no bearing on the claims or

15  defenses in this case.  Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.

18

19  **REQUEST FOR PRODUCTION NO. 504:**

20          All DOCUMENTS REFERRING OR RELATING TO

21  COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of

22  hire by MATTEL, including but not limited to all calendar entries, phone logs,

23  phone records and notes reflecting such COMMUNICATIONS.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 504:**

26          In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad and unduly burdensome, including in that it seeks all documents on

Exhibit _B_, P. _61_

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products, matters, or persons at issue in this case.  Mattel further objects to

3  the Request on the grounds that it seeks documents that are not relevant to this

4  action or likely to lead to the discovery of admissible evidence.  Mattel further

5  objects to this Request on the grounds that it seeks confidential, proprietary and

6  trade secret information, including such information that has no bearing on the

7  claims or defenses in this case.  Mattel further objects to this Request on the grounds

8  that it calls for the disclosure of information subject to the attorney-client privilege,

9  the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 505:**

12        All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

14  Christopher Hardouin prior to his date of hire by MATTEL.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 505:**

17        In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents on

20  this subject without limitation as to time, and regardless of whether such documents

21  relate to products, matters, or persons at issue in this case.  Mattel further objects to

22  the Request on the grounds that it seeks documents that are not relevant to this

23  action or likely to lead to the discovery of admissible evidence.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case.  Mattel further objects to this Request on the grounds

27  that it calls for the disclosure of information subject to the attorney-client privilege,

28  the attorney work-product doctrine and other applicable privileges.

209/2200584.1

-33-

Exhibit __B__, P. _62_

1    **REQUEST FOR PRODUCTION NO. 506:**

2            All DOCUMENTS, including but not limited to all

3    COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

4    Christopher Hardouin's resignation from MGA.

5

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 506:**

7            In addition to the general objections stated above which are

8    incorporated herein by reference, Mattel objects to this Request on the grounds that

9    it is overbroad and unduly burdensome, including in that it seeks all documents on

10   this subject without limitation as to time, and regardless of whether such documents

11   relate to products, matters, or persons at issue in this case.  Mattel further objects to

12   the Request on the grounds that it seeks documents that are not relevant to this

13   action or likely to lead to the discovery of admissible evidence.  Mattel further

14   objects to this Request on the grounds that it seeks confidential, proprietary and

15   trade secret information, including such information that has no bearing on the

16   claims or defenses in this case.  Mattel further objects to this Request on the grounds

17   that it calls for the disclosure of information subject to the attorney-client privilege,

18   the attorney work-product doctrine and other applicable privileges.

19

20   **REQUEST FOR PRODUCTION NO. 507:**

21           All DOCUMENTS, including but not limited to all

22   COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

23   compensation, money or any other item of value paid to Christopher Hardouin,

24   whether directly or indirectly, by YOU.

25

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 507:**

27           In addition to the general objections stated above which are

28   incorporated herein by reference, Mattel objects to this Request on the grounds that

-34-

Exhibit _B_ , P. _63_

1   it is overbroad and unduly burdensome, including in that it seeks all documents on

2   this subject without limitation as to time, and regardless of whether such documents

3   relate to products, matters, or persons at issue in this case.  Mattel further objects to

4   the Request on the grounds that it seeks documents that are not relevant to this

5   action or likely to lead to the discovery of admissible evidence.  Mattel further

6   objects to this Request on the grounds that it seeks confidential, proprietary and

7   trade secret information, including such information that has no bearing on the

8   claims or defenses in this case.  Mattel further objects to this Request on the grounds

9   that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 508:**

13          All DOCUMENTS received by YOU, directly or indirectly, from

14  Christopher Hardouin REFERRING OR RELATING TO any MGA product or plan.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 508:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case.  Mattel further

22  objects to the use of the term "MGA product or plan" in this context as vague and

23  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

24  documents that are not relevant to this action or likely to lead to the discovery of

25  admissible evidence.  Mattel further objects to this Request on the grounds that it

26  seeks confidential, proprietary and trade secret information, including such

27  information that has no bearing on the claims or defenses in this case.  Mattel further

28  objects to this Request on the grounds that it calls for the disclosure of information

209/2200584.1

-35-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit  B , P.  64

1  subject to the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 509:**

5       All DOCUMENTS, including but not limited to all

6  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

7  YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

8  destruction, deletion or use of any DOCUMENTS, data and/or information,

9  including but not limited to any compilation of information, that was prepared,

10  made, created, generated, assembled or compiled by or for MGA and that YOU

11  received, directly or indirectly, from Christopher Hardouin.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 509:**

14       In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence. Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case. Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges.

26

27

28

Exhibit _B_, P. _65_

1  **REQUEST FOR PRODUCTION NO. 510:**

2       A copy of each personnel file maintained or created by YOU

3  REFERRING OR RELATING TO Christopher Hardouin.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 510:**

6       In addition to the general objections stated above which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it is overbroad and unduly burdensome, including in that it seeks all documents on

9  this subject without limitation as to time, and regardless of whether such documents

10  relate to products, matters, or persons at issue in this case.  Mattel further objects to

11  the Request on the grounds that it seeks documents that are not relevant to this

12  action or likely to lead to the discovery of admissible evidence.  Mattel further

13  objects to this Request on the grounds that it seeks confidential, proprietary and

14  trade secret information, including such information that has no bearing on the

15  claims or defenses in this case.  Mattel further objects to this Request on the grounds

16  that it calls for the disclosure of information subject to the attorney-client privilege,

17  the attorney work-product doctrine and other applicable privileges.

18

19  **REQUEST FOR PRODUCTION NO. 511:**

20       All DOCUMENTS, including but not limited to all

21  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

22  in part, by Christopher Hardouin REFERRING OR RELATING TO any of the

23  CONTESTED MGA PRODUCTS.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 511:**

26       In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

1  documents on this subject without limitation as to time, and regardless of whether
2  such documents relate to products or matters at issue in this case. Mattel further
3  objects to the Request on the grounds that it seeks documents that are not relevant to
4  this action or likely to lead to the discovery of admissible evidence. Mattel further
5  objects to this Request on the grounds that it seeks confidential, proprietary and
6  trade secret information, including such information that has no bearing on the
7  claims or defenses in this case. Mattel further objects to this Request on the grounds
8  that it calls for the disclosure of information subject to the attorney-client privilege,
9  the attorney work-product doctrine and other applicable privileges.
10
11 **REQUEST FOR PRODUCTION NO. 512:**
12         All DOCUMENTS REFERRING OR RELATING TO the creation,
13 origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE
14 POLLY" including, without limitation, the creation, origins or sources of inspiration
15 of the pose of "POLLY POCKET COLOR SURPRISE POLLY."
16
17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 512:**
18         In addition to the general objections stated above which are
19 incorporated herein by reference, Mattel objects to this Request on the grounds that
20 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
21 documents on this subject without limitation as to time, and regardless of whether
22 such documents relate to products or matters at issue in this case. Mattel further
23 objects to the Request on the grounds that it seeks documents that are not relevant to
24 this action or likely to lead to the discovery of admissible evidence. Mattel further
25 objects to this Request on the grounds that it seeks confidential, proprietary and
26 trade secret information, including such information that has no bearing on the
27 claims or defenses in this case. Mattel further objects to this Request on the grounds
28 that it calls for the disclosure of information subject to the attorney-client privilege,

-38-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

Exhibit _B_, P. _67_

1  the attorney work-product doctrine and other applicable privileges.  Mattel further

2  objects on the ground that this Request seeks to circumvent the Discovery Master's

3  Orders of April 19, 2007, and May 22, 2007.

4

5  **REQUEST FOR PRODUCTION NO. 513:**

6           All DOCUMENTS REFERRING OR RELATING TO any similarity

7  or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

8  MGA product (whether released or unreleased) known to YOU, including but not

9  limited to any similarity or dissimilarity between the pose of "POLLY POCKET

10  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 513:**

13           In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects on the ground that this Request seeks to circumvent the Discovery Master's

26  Orders of April 19, 2007, and May 22, 2007.

27

28