# **ATTACHMENT 1**

(Mattel, Inc.'s Opposition to MGA's Motion to Compel Mattel to Produce Documents Responsive to MGA's Requests for Production 526 and 528)

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
                                           Consolidated with
13                Plaintiff,               Case Nos. CV 04-9059 & CV 05-2727

14       vs.                               **DISCOVERY MATTER**

15  MATTEL, INC., a Delaware               **[To Be Heard By Hon. Edward Infante
    corporation,                           (Ret.) Pursuant To Order Of
16                                         December 6, 2006]**

17                Defendant.               MATTEL, INC.'S OPPOSITION TO
                                           MGA'S MOTION TO COMPEL
18                                         DOCUMENTS RESPONSIVE TO
                                           REQUESTS FOR PRODUCTION 526
19  AND CONSOLIDATED ACTIONS              AND 528

20                                         [Declaration of Timothy L. Alger filed
                                           concurrently]
21

22                                         Date:   T.B.D.
                                           Time:   T.B.D.
23                                         Place:  T.B.D.

24                                         **Phase 1**
                                           Discovery Cut-Off:     January 28, 2008
25                                         Pre-Trial Conference:  May 5, 2008
                                           Trial Date:            May 27, 2008
26

27

28

7209/2362072.3

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND FACTS.............................................................................................. 2

ARGUMENT................................................................................................................ 4

I.  COMMUNICATIONS WITH LAW ENFORCEMENT
    AUTHORITIES ARE IRRELEVANT TO MATTEL'S CLAIMS AND
    MGA'S DEFENSES ............................................................................................ 4

    A.  The Category Two Requests Seek Documents for "Allegations"
        Outside Mattel's Complaint ................................................................... 5

    B.  Neither Mattel's Claims Nor MGA's Defenses Are Based on the
        Documents Sought in the Category One Requests ................................. 5

II. REPORTS TO LAW ENFORCEMENT AUTHORITIES ARE
    PRIVILEGED UNDER CALIFORNIA LAW AND THE *NOERR-
    PENNINGTON* DOCTRINE.................................................................................. 8

III. REQUEST NOS. 526 AND 528 ALSO ARE CUMULATIVE ..................... 10

CONCLUSION.......................................................................................................... 11

## TABLE OF AUTHORITIES

**Page**

### Cases

Bernstein v. Travelers Ins. Co.,
    447 F. Supp. 2d 1100 (N.D. Cal. 2006) .......................................... 3

Forro Precisions, Inc. v. Int'l Bus. Mach.,
    673 F.2d 1045 ..................................................................... 8, 9

Hagberg v. California Fed. Bank FSB,
    32 Cal. 4th 350 (2004) ............................................................. 8

Hunsucker v. Sunnyvale Hilton Inn,
    23 Cal. App. 4th 1498 (1994) ..................................................... 9

Jacob B. v. County of Shasta,
    40 Cal. 4th 948 (2007) ............................................................. 8

Ottensmeyer v. Chesapeake & Potomac Tel. Co.,
    756 F.2d 986 (4th Cir. 1985) ...................................................... 8

In re Qwest Communications Int'l, Inc.,
    450 F.3d 1179 (2006) ............................................................... 6

Rivera v. NIBCO, Inc.,
    364 F.3d 1057 (9th Cir. 2004) ..................................................... 4

Silberg v. Anderson,
    50 Cal. 3d 205 (1990) .............................................................. 8

Whitney Nat'l Bank v. Karam,
    306 F. Supp. 2d 678 (S.D. Tex. 2004) ............................................ 9

Williams v. Taylor,
    129 Cal. App. 3d 745 (1982) ...................................................... 9

### Statutes

Fed. R. Civ. P. 26(b)(1) ............................................................... 4

Fed. R. Civ. P. 26(b)(2)(C) ........................................................... 10

1  <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2  <u>Preliminary Statement</u>

3  MGA seeks to discover Mattel's communications with law enforcement

4  authorities in three countries.  The requested documents are wholly irrelevant to

5  Mattel's claims and MGA's defenses.

6  Mattel has already provided to MGA documents supporting the factual

7  allegations underlying its Counterclaims.  Mattel's Counterclaims arise from the acts

8  of MGA and its employees, not from any communications with law enforcement

9  authorities.  And MGA has not identified any defense to Mattel's Counterclaims that

10  requires disclosure of Mattel's communications with law enforcement.

11  Accordingly, communications with and documents provided to law

12  enforcement authorities have no independent significance and are not relevant to

13  Mattel's claims or MGA's defenses.

14  Further, Mattel's communications with law enforcement authorities are

15  privileged under California and federal law.  Strong public policy encourages a free

16  and open discussion between citizens and law enforcement authorities.  Disclosure

17  of communications between Mattel and law enforcement authorities will chill future

18  communications and compromise confidential ongoing investigations.

19  It is ironic that MGA goes to great lengths to attack Mattel's objections,

20  but utterly fails to present <u>any</u> arguments as to the threshold question of why such

21  documents are relevant.  Simply put, Mattel's communications with law

22  enforcement authorities are entirely protected under the First Amendment, and,

23  therefore, wholly irrelevant.  Denial of discovery of communications with law

24  enforcement deprives MGA of nothing.  Many thousands of pages of stolen and

25  related documents, including a massive judicial file from Mexico, have already been

26  produced by Mattel.

27  Moreover, much of the evidence relating to its theft of trade secrets

28  remains in the unique possession of MGA, which employs at least four former

1   Mattel employees who participated in these thefts.  And MGA has not been deprived

2   of any right to pursue normal civil discovery through depositions, document

3   requests, and interrogatories relating to Mattel's Counterclaims.

4          MGA's motion to compel should be denied.

5

6                                   **Background Facts**

7          Mattel's Counterclaims include allegations that MGA intentionally

8   stole not just specific Mattel property, but also a vast array of trade secrets and other

9   confidential information that comprise Mattel's intellectual infrastructure.[1]

10  Specifically, Mattel alleges that MGA stole its trade secrets in the United States,

11  Mexico and Canada.[2]  These claims are based on the acts of the entities and

12  individuals named in Mattel's Counterclaims – not any communications with or

13  documents provided to law enforcement authorities.[3]  Furthermore, MGA raises no

14  defense based on communications between Mattel and law enforcement.[4]

15         In Request for Production No. 526, MGA seeks "[a]ll DOCUMENTS

16  that constitute COMMUNICATIONS" between Mattel and "law enforcement

17  authorities in Mexico, Canada or the United States . . . concerning any of the

18  allegations in YOUR COUNTERCLAIMS *or any other* alleged taking of

19  confidential MATTEL information by MGA or persons currently or formerly

20  employed by MGA."[5]

21         In Request for Production No. 528, MGA seeks "[a]ll DOCUMENTS

22  that YOU . . . provided to law enforcement authorities in Mexico, Canada and the

23  United States . . . concerning any of the allegations in YOUR COUNTERCLAIMS

---

25   [1]   Declaration of Timothy L. Alger, dated January 24, 2008, and filed concurrently herewith ("Alger Dec."), ¶ 2.

26   [2]   Id.

27   [3]   Id. ¶ 3.
     [4]   Id. ¶¶ 4-5.

28   [5]   Id. ¶¶ 6-7 (emphasis added).

1    *or any other* alleged taking of confidential MATTEL information by MGA or

2    persons currently or formerly employed by MGA."[6]

3          Both requests seek two categories of documents:  (1) documents

4    provided to and communications with law enforcement authorities "concerning any

5    of the allegations in [Mattel's] COUNTERCLAIMS" (the "Category One

6    Requests"); and (2) documents provided to and communications with law

7    enforcement authorities "concerning . . . *any other* alleged taking of confidential

8    MATTEL information by MGA or persons currently or formerly employed by

9    MGA" (the "Category Two Requests").

10         Mattel properly objected to the requests, *inter alia*, on the grounds that

11   the documents sought are not relevant to this action or likely to lead to the discovery

12   of admissible evidence and that they duplicate prior requests by MGA.[7]

13         On October 2, 2007, the parties met and conferred regarding Request

14   Nos. 526 and 528.[8] Mattel informed MGA that it had produced documents relating

15   to Mattel's Counterclaims, including the judicial file in criminal proceedings in

16   Mexico relating to the trade secret thefts in that country – nearly 20,000 pages.[9]

17   Some of those materials reflected communications between Mattel and law

18   enforcement.[10] Mattel also has produced copies of the materials stolen in Mexico,

19   Canada, and the United States, comprising about 16,000 pages.[11] During the meet-

20   and-confer, Mattel asked MGA to describe the relevancy of communications with

21   law enforcement, given that no claim or defense arose from those communications.[12]

22

23

---

24   [6] Id. ¶ 8 (emphasis added).

25   [7] Id. ¶¶ 10, 12-13.

26   [8] Id. ¶ 15.

     [9] Id. ¶¶ 16, 19.

27   [10] Id. ¶ 16.

     [11] Id. ¶ 19.

28   [12] Id. ¶ 17.

1  MGA did not articulate during that conference – or in any correspondence – how the

2  communications had any relevance to this litigation.[13]

3       Mattel also informed MGA during the meet-and-confer that Mattel's

4  communications with law enforcement were privileged, and for this additional

5  reason, they would not be produced.[14]  No claim by MGA could arise from those

6  communications, and, accordingly, their disclosure would not be pertinent to any

7  claim in this litigation.[15]  MGA did not respond to this objection, either.[16]

8

9                       **Argument**

10  **I.    COMMUNICATIONS WITH LAW ENFORCEMENT AUTHORITIES**

11        **ARE IRRELEVANT TO MATTEL'S CLAIMS AND MGA'S**

12        **DEFENSES**

13       Rule 26 of the Federal Rules of Civil Procedure provides that a party is

14  entitled to discovery that is "relevant to the claim or defense of any party."  Fed. R.

15  Civ. P. 26(b)(1).  As the Discovery Master has repeatedly admonished the litigants

16  in this case, a party may not use the discovery process as a fishing expedition to

17  discover new claims.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004)

18  ("District courts need not condone the use of discovery to engage in 'fishing

19  expeditions.'").  "It is not immaterial . . . that in the year 2000 the judiciary and

20  Congress made changes in the language of Rule 26(b) that clearly were intended to

21  pull back the presumptive outer relevance-boundaries of civil discovery.  The

22  change that most obviously signaled this intent consisted of substituting the words

23  'claim or defense' for the phrase 'subject matter involved in the pending action' in the

24  general description of the presumptively permissible scope of discovery."  Bernstein

25

26  [13]  Id. ¶¶ 14, 17, 20.

27  [14]  Id. ¶ 18.

28  [15]  Id.

   [16]  Id.

1  v. Travelers Ins. Co., 447 F. Supp. 2d 1100, 1102 (N.D. Cal. 2006).  A party cannot

2  "use broad discovery requests, untethered to a claim or defense, to fish for new

3  claims."  Discovery Master's Order dated April 19, 2007, at 7:1, 7:6-7.[17]

4        A.    **The Category Two Requests Seek Documents for "Allegations"**

5              **Outside Mattel's Complaint**

6          Request Nos. 526 and 528 both seek documents "concerning . . . *any*

7  *other* alleged taking of confidential MATTEL information by MGA or persons

8  currently or formerly employed by MGA."[18]  By their own terms, the Category Two

9  Requests seek documents concerning "any other" allegations, separate and apart

10  from the factual allegations supporting Mattel's Counterclaims.  Accordingly, the

11  Discovery Master should deny the motion to compel as to these documents because

12  the requests constitute fishing expeditions and are not tethered to a claim or defense.

13  See April 19, 2007 Order at 7:1, 7:6-7.[19]

14

15        B.    **Neither Mattel's Claims Nor MGA's Defenses Are Based on the**

16              **Documents Sought in the Category One Requests**

17          Request Nos. 526 and 526 also attempt to discover communications

18  with and documents provided to law enforcement authorities "concerning any of

19  [Mattel's] allegations in [its]" Counterclaims,[20]  These requests are grossly

20  overbroad because they are not restricted to Mattel's Counterclaims, but seek

21  documents regarding the "subject matter" of Mattel's Counterclaims.[21]  It is

22  impossible to discern the outer boundaries of the requests.

23

24    [17]  Alger Dec. ¶ 21.

25    [18]  Id. ¶¶ 7-8 (emphasis added).
      [19]  Id. ¶ 21.

26    [20]  Id. ¶¶ 7-8.

27    [21]  MGA argues that Mattel waived its privilege claims by failing to place
    withheld documents on a privilege log.  This is incorrect.  Rule 26(b)(5) requires a

28  party to describe the nature of documents withheld when a party withholds
    (footnote continued)

1    In any event, Mattel has produced documents relevant to its

2  Counterclaims, and communications with law enforcement will not advance Mattel's

3  claims or any unarticulated defense by MGA.  Mattel's RICO and Misappropriation

4  of Trade Secrets Counterclaims are based on the acts of Counter-defendants in the

5  United States, Mexico and Canada.[22]  Mattel has produced documents relating to

6  those thefts under Rule 26(a), and in response to numerous other MGA document

7  requests, including MGA's Request No. 529.[23]  This discovery includes copies of the

8  stolen documents and the Mexico judicial file.[24]  In contrast, communications with

9  and the provision of documents law enforcement authorities do not provide the basis

10  for Mattel's Counterclaims or MGA's defenses.

11    To date, MGA has not offered any rationale for disclosure of these

12  communications, and has asserted in conclusory fashion only that it wants to "test

13  and defend against Mattel's allegations."[25]  Motion at 4:27-4:28.

14    Mattel has produced evidence of the trade secret thefts by defendants.

15  By way of example, in Paragraph 74 of its Counterclaims, Mattel alleged that Janine

16  Brisbois "copied approximately 45 Mattel documents on to a USB or "thumb" drive

17  with the volume label 'BACKPACK.'"[26]  Mattel has produced more than 2,700

18  _____

19  information "otherwise discoverable."  Mattel has not placed the documents at issue
   on a privilege log because they are irrelevant, i.e., they are not "otherwise

20  discoverable."

21    [22]  Alger Dec. ¶¶ 2-3.

     [23]  Id. ¶¶ 11, 16, 19.

22    [24]  Id. ¶ 16.

     [25]  MGA cites In re Qwest Communications Int'l, Inc., 450 F.3d 1179 (2006),

23  and states that it is entitled to discover information provided to law enforcement

24  authorities in "parallel investigations."  In Qwest, the court examined whether the
   attorney-client and work-product privileges had been waived by a defendant who

25  had provided documents to the Securities and Exchange Commission.  Id.  The court
   did not consider the issue presented here, whether communications with law

26  enforcement authorities that do not provide the basis for any claim or defense are
   relevant and discoverable.

27    [26]  Alger Dec. ¶ 2.

28

7209/2362072.3

1  pages of documents supporting that allegation.[27]  Those documents – and MGA's

2  employment of (and access to) Ms. Brisbois – certainly will permit MGA to "test

3  and defend against Mattel's allegations."  See Motion at 4:27-4:28.  In contrast,

4  communications with law enforcement authorities are not relevant, have no

5  independent significance and do not form the basis for Mattel's Counterclaims.  See

6  Discovery Master's May 22, 2007 Order at 12-13, 15 (limiting production of

7  communications to those that are the basis for claims).[28]

8          Further, MGA does not articulate how communications with law

9  enforcement authorities are necessary in any manner – beyond the evidence already

10  produced by Mattel – to "test and defend against Mattel's allegations."  See

11  Travelers Ins. Co., 447 F. Supp. 2d at 1105 (explaining the test for relevancy is

12  "whether there appears to be a sufficient connection between the target of the

13  discovery probe and the issues to be litigated to support a conclusion that there is a

14  decent chance that the party propounding the discovery would be able to use the

15  information it uncovers either as evidence or to help find evidence").  MGA does

16  not explain how any of the documents that it seeks will assist it, given that it already

17  has received documents supporting Mattel's factual allegations.  Moreover, the

18  former Mattel employees who participated in MGA's thefts – Ms. Brisbois, Ron

19  Brawer, Carlos Gustavo Machado Gomez, Mariana Trueba Almada, and Pablo

20  Vargas San Jose – are readily available to MGA, who is now employing them.

21          Communications with law enforcement are not relevant and to Mattel's

22  claims or MGA's defenses, and MGA's motion to compel should be denied.[29]

23

24

25  [27]  Id. ¶ 19.

    [28]  Alger Dec. ¶ 22.

26  [29]  Mattel's much narrower request for communications with the government

27  relating to the contested MGA products -- referenced in MGA's motion -- has no
    bearing here.  MGA objected to the request (see Alger Dec. ¶ 23) and, as far as

28  Mattel can discern, has not produced any documents in response.

1  II.    **REPORTS TO LAW ENFORCEMENT AUTHORITIES ARE**
2         **PRIVILEGED UNDER CALIFORNIA LAW AND THE *NOERR-***
3         ***PENNINGTON* DOCTRINE**

4              The law is well settled that "when a citizen contacts law enforcement
5  personnel to report suspected criminal activity and to instigate law enforcement
6  personnel to respond, the communication [] enjoys an unqualified privilege" under
7  Section 47(b) of the California Civil Code.  Hagberg v. California Fed. Bank FSB,
8  32 Cal. 4th 350, 364 (2004).  The privilege "applies to any publication required or
9  permitted by law in the course of a judicial proceeding to achieve the objects of the
10 litigation, even though the publication is made outside the courtroom and no
11 function of the court or its officers is involved."  Silberg v. Anderson, 50 Cal. 3d
12 205, 212 (1990).

13             The purposes of the unqualified privilege include "afford[ing] litigants
14 and witnesses free access to the courts without fear of being harassed subsequently
15 by derivative tort actions [and] encourag[ing] open channels of communication and
16 zealous advocacy."  Jacob B. v. County of Shasta, 40 Cal. 4th 948, 955 (2007)
17 (internal quotations omitted).  "To further these purposes, the privilege has been
18 broadly applied.  It is absolute and applies regardless of malice."  Id.

19             Communications with law enforcement authorities also are privileged
20 under the Noerr-Pennington doctrine, which is rooted in First Amendment
21 principles.  In Forro Precisions, Inc. v. Int'l Bus. Mach., 673 F.2d 1045, the Court
22 explained that "it would be difficult indeed for law enforcement authorities to
23 discharge their duties if citizens were in any way discouraged from providing
24 information.  We therefore hold that the Noerr-Pennington doctrine applies to
25 citizen communications with police."  673 F.2d 1045, 1060 (9th Cir. 1982)
26 (affirming judgment for defendant IBM); accord Ottensmeyer v. Chesapeake &
27 Potomac Tel. Co., 756 F.2d 986, 993-94 (4th Cir. 1985) (adopting reasoning of
28 Forro Precisions).

1    It is clear that no liability can attach to Mattel for its communications

2  with law enforcement authorities.[30]  The Discovery Master should deny MGA's

3  motion to compel because permitting MGA to discover Mattel's communications

4  with law enforcement authorities will chill its right to freely communicate with

5  those authorities and undermine the strong public policy favoring those

6  communications.  "The policy underlying the [Section 47(b)] privilege is to assure

7  utmost freedom of communication between citizens and public authorities whose

8  responsibility it is to investigate and remedy wrongdoing.  In order for such

9  investigation to be effective, there must be an open channel of communication by

10  which citizens can call his attention to wrongdoing." Williams v. Taylor, 129 Cal.

11  App. 3d 745, 753 (1982) (internal quotations and citation omitted); see also Forro

12  Precisions, 673 F.2d at 1060 ("[T]he public policies served by ensuring the free flow

13  of information to the police, although somewhat different from those served by

14  Noerr-Pennington, are equally strong.").

15    Permitting discovery here would discourage free and open discussions

16  with law enforcement authorities and comprise the investigations.  Indeed, MGA's

17  discovery requests are thinly veiled attempts to intimidate Mattel and interfere with

18  law enforcement proceedings.

19    Their privileged nature makes the communications with law

20  enforcement irrelevant. Whitney Nat'l Bank v. Karam, 306 F. Supp. 2d 678, 682

21  (S.D. Tex. 2004) (explaining that immunity provisions for bank Suspicious Activity

22  Reports "make the information [sought] *irrelevant*") (emphasis added).

23    Given that (i) Mattel has already produced documents relevant to the

24  factual allegations supporting its Counterclaims; (ii) the documents sought are not

25

26    [30]  The only exception to Section 47(b) privilege is a malicious prosecution
action. Hunsucker v. Sunnyvale Hilton Inn, 23 Cal. App. 4th 1498, 1502 (1994).
27  And only the "sham" exception negates immunity under the Noerr-Pennington
doctrine. Forro Precisions, 673 F.2d at 1060.  Neither exception applies here.
28

1   the basis for any of Mattel claims; (iii) MGA has not articulated specifically how
2   any of documents are relevant to its defenses; and (iv) Mattel's communications
3   with law enforcement authorities are entirely privileged, MGA's motion to compel
4   should be denied.

5

6   **III.   REQUEST NOS. 526 AND 528 ALSO ARE CUMULATIVE**

7           A court is required to limit discovery where "the discovery sought is
8   unreasonably cumulative or duplicative" or "the burden or expense of the proposed
9   discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C). Here, Request
10  Nos. 526 and 528 are cumulative of Request No. 529 because Mattel has already
11  produced to MGA the documents supporting the factual allegations contained in its
12  complaint.

13          Further, the expense to Mattel of complying with Request Nos. 526 and
14  528 is outweighed by any minimal benefit that MGA may proffer that the
15  documents will provide.  Searching for, collecting and producing documents
16  responsive to Request Nos. 526 and 528 would cause Mattel to expend incur
17  significant unwarranted costs. The Discovery Master should deny MGA's motion
18  for these additional reasons.

19

20

21

22

23

24

25

26

27

28

MATTEL'S OPPOSITION TO MGA'S MOTION TO COMPEL DOCS. RESPONSIVE TO RFPs 526 & 528

1

<u>Conclusion</u>

2   For the foregoing reasons, Mattel respectfully requests that the

3   Discovery Master deny MGA's motion to compel.

4

5   DATED:  January 24, 2008          Respecfully submitted,

6                                     QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
7

8

9   By _Timothy L. Alger / by HS#_____

10                                    Timothy L. Alger
                                      Attorneys for Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2        I am employed in the County of Los Angeles, State of California.  I am over

3 the age of eighteen years and not a party to the within action; my business address is

4 NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5 California 90026.

6        On January 24, 2008, I served true copies of the following documents

7 described as:

8    **MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL**
**DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 526**

9                      **AND 528**

10

11 on the parties in this action as follows:

| Skadden, Arps, Slate, Meagher & Flom LLP | Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |
|---|---|
| Thomas J. Nolan, Esq. 300 South Grand Avenue, Suite 3400 Los Angeles, CA 90071 Telephone: 213.687.5000 Facsimile: 213.687.5600 | |

16

17    [√ ]   **[PERSONAL]** by personally delivering the document listed above to

the person(s) at the address(es) set forth above.

19

20        I declare that I am employed in the office of a member of the bar of this court

21 at whose direction the service was made

22

23 Executed on January 24, 2008, at Los Angeles, California.

24

25

David Quintana

26

27

28

07209/2223909.1

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 24, 2008, I served true copies of the following documents described as:

**MATTEL, INC.'S OPPOSITION TO MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 526 AND 528**

on the parties in this action as follows:

| | |
|---|---|
| Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | Attorneys for *Carter Bryant* |
| Overland Borenstein Scheper &<br>Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | Attorneys for *Carlos Gustavo Machado Gomez* |

[√]    **[MAIL]** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 24, 2008, at Los Angeles, California.

Albert V. Villamil

07209/2223909.1