1        88.   MGA Defendants repeat their responses contained in paragraphs

2  1 through 87 of this Answer and incorporate them by reference as though fully and

3  completely set forth herein.

4        89.   MGA Defendants deny the allegations set forth in paragraph 89.

5        90.   MGA Defendants deny the allegations set forth in paragraph 90.

6        91.   MGA Defendants deny the allegations set forth in paragraph 91.

7        92.   MGA Defendants deny the allegations set forth in paragraph 92.

8        93.   MGA Defendants deny the allegations set forth in paragraph 93.

9        94.   MGA Defendants deny the allegations set forth in paragraph 94.

10       95.   MGA Defendants deny the allegations set forth in paragraph 95.

11       96.   MGA Defendants deny the allegations set forth in paragraph 96.

12       97.   MGA Defendants deny the allegations set forth in paragraph 97.

13       98.   MGA Defendants repeat their responses contained in paragraphs

14  1 through 97 of this Answer and incorporate them by reference as though fully and

15  completely set forth herein.

16       99.   MGA Defendants deny the allegations set forth in paragraph 99.

17      100.   MGA Defendants deny the allegations set forth in paragraph

18  100.

19      101.   MGA Defendants deny the allegations set forth in paragraph

20  101.

21      102.   MGA Defendants deny the allegations set forth in paragraph

22  102.

23      103.   MGA Defendants deny the allegations set forth in paragraph

24  103.

25      104.   MGA Defendants deny the allegations set forth in paragraph

26  104.

27      105.   MGA Defendants deny the allegations set forth in paragraph

28  105.

LA2:841935.2

EXHIBIT 2  PAGE 96

1    106.   MGA Defendants repeat their responses contained in paragraphs

2    1 through 105 of this Answer and incorporate them by reference as though fully and

3    completely set forth herein.

4    107.   MGA Defendants deny the allegations set forth in paragraph

5    107.

6    108.   MGA Defendants deny the allegations set forth in paragraph

7    108.

8    109.   MGA Defendants deny the allegations set forth in paragraph

9    109.

10   110.   MGA Defendants deny the allegations set forth in paragraph

11   110.

12   111.   MGA Defendants deny the allegations set forth in paragraph

13   111.

14   112.   MGA Defendants deny the allegations set forth in paragraph

15   112.

16   113.   MGA Defendants deny the allegations set forth in paragraph

17   113.

18   114.   MGA Defendants deny the allegations set forth in paragraph

19   114.

20   115.   MGA Defendants deny the allegations set forth in paragraph

21   115.

22   116.   MGA Defendants repeat their responses contained in paragraphs

23   1 through 115 of this Answer and incorporate them by reference as though fully and

24   completely set forth herein.

25   117.   MGA Defendants deny the remaining allegations set forth in

26   paragraph 117.

27   118.   MGA Defendants deny the allegations set forth in paragraph

28   118.

LA2:841935.2

EXHIBIT __2__ PAGE __97__

1       119.   MGA Defendants deny the allegations set forth in paragraph

2   119.

3       120.   MGA Defendants deny the allegations set forth in paragraph

4   120.

5       121.   MGA Defendants deny the allegations set forth in paragraph

6   121.

7       122.   MGA Defendants repeat their responses contained in paragraphs

8   1 through 121 of this Answer and incorporate them by reference as though fully and

9   completely set forth herein.

10       123.   MGA Defendants deny the allegations set forth in paragraph

11   123.

12       124.   MGA Defendants deny the allegations set forth in paragraph

13   124.

14       125.   MGA Defendants deny the allegations set forth in paragraph

15   125.

16       126.   MGA Defendants deny the allegations set forth in paragraph

17   126.

18       127.   MGA Defendants deny the allegations set forth in paragraph

19   127.

20       128.   MGA Defendants deny the allegations set forth in paragraph

21   128.

22       129.   MGA Defendants repeat their responses contained in paragraphs

23   1 through 128 of this Answer and incorporate them by reference as though fully and

24   completely set forth herein.

25       130.   The first and fifth sentences of paragraph 130 are statements of

26   Mattel's legal position, to which no response is necessary.  To the extent a response

27   is required, MGA Defendants deny the allegations set forth in the first and fifth

28   sentences of paragraph 130.  MGA Defendants are without sufficient knowledge to

EXHIBIT __2__ PAGE __98__

1  admit or deny the remaining allegations set forth in paragraph 130, and on that

2  basis, deny the remaining allegations set forth in paragraph 130.

3          131.   MGA Defendants deny the allegations set forth in paragraph

4  131.

5          132.   MGA Defendants deny the allegations set forth in paragraph

6  132.

7          133.   MGA Defendants deny the allegations set forth in paragraph

8  133.

9          134.   MGA Defendants deny the allegations set forth in paragraph

10  134.

11          135.   MGA Defendants deny the allegations set forth in paragraph

12  135.

13          136.   MGA Defendants repeat their responses contained in paragraphs

14  1 through 135 of this Answer and incorporate them by reference as though fully and

15  completely set forth herein.

16          137.   MGA Defendants deny the allegations set forth in paragraph

17  137.

18          138.   MGA Defendants deny the allegations set forth in paragraph

19  138.

20          139.   MGA Defendants deny the allegations set forth in paragraph

21  139.

22          140.   MGA Defendants deny the allegations set forth in paragraph

23  140.

24          141.   MGA Defendants deny the allegations set forth in paragraph

25  141.

26          142.   MGA Defendants repeat their responses contained in paragraphs

27  1 through 141 of this Answer and incorporate them by reference as though fully and

28  completely set forth herein.

LA2:841935.2

- 16 -

EXHIBIT 2   PAGE 99

1    143.   Paragraph 143 is a statement of Mattel's legal position, to which
2  no response is necessary. To the extent a response is required, MGA Defendants
3  deny the allegations set forth in the paragraph 143.

4    144.   MGA Defendants deny the allegations set forth in paragraph
5  144.

6    145.   MGA Defendants deny the allegations set forth in paragraph
7  145.

8    146.   MGA Defendants deny the allegations set forth in paragraph
9  146.

10    147.   MGA Defendants deny the allegations set forth in paragraph
11  147.

12    148.   MGA Defendants deny the allegations set forth in paragraph
13  148.

14    149.   MGA Defendants repeat their responses contained in paragraphs
15  1 through 148 of this Answer and incorporate them by reference as though fully and
16  completely set forth herein.

17    150.   MGA Defendants deny the allegations set forth in paragraph
18  150.

19    151.   MGA Defendants deny the allegations set forth in paragraph
20  151.

21    152.   MGA Defendants deny the allegations set forth in paragraph
22  152.

23    153.   MGA Defendants deny the allegations set forth in paragraph
24  153.

25    154.   MGA Defendants deny the allegations set forth in paragraph
26  154.

27

28

EXHIBIT 2 PAGE 100

155.   MGA Defendants repeat their responses contained in paragraphs 1 through 154 of this Answer and incorporate them by reference as though fully and completely set forth herein.

156.   MGA Defendants deny the allegations set forth in paragraph 156.

157.   MGA Defendants deny the allegations set forth in paragraph 157.

158.   MGA Defendants deny the allegations set forth in paragraph 158.

159.   MGA Defendants deny the allegations set forth in paragraph 159.

160.   MGA Defendants deny the allegations set forth in paragraph 160.

161.   MGA Defendants deny the allegations set forth in paragraph 161.

162.   MGA Defendants deny the allegations set forth in paragraph 162.

163.   MGA Defendants repeat their responses contained in paragraphs 1 through 162 of this Answer and incorporate them by reference as though fully and completely set forth herein.

164.   MGA Defendants deny the allegations set forth in paragraph 164.

165.   MGA Defendants deny the allegations set forth in paragraph 165.

166.   MGA Defendants deny the allegations set forth in paragraph 166.

EXHIBIT 2   PAGE 101

167.   MGA Defendants repeat their responses contained in paragraphs 1 through 166 f this Answer and incorporate them by reference as though fully and completely set forth herein.

168.   MGA Defendants deny the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary.   To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary.   To the extent a response is required, MGA Defendants deny the allegations set forth in the paragraph 170.

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of MGA Defendants or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, MGA Defendants allege the following affirmative defenses to the Counterclaims.  By designating the following as affirmative defenses, MGA Defendants do not in any way waive or limit any defenses which are or may be raised by their denials, allegations, and averments set forth herein.  MGA Defendants also do not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses. These defenses are pled in the alternative, and are raised to preserve the rights of MGA Defendants to assert such defenses, and are without prejudice to their ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against MGA Defendants upon which relief can be granted.

EXHIBIT __2__ PAGE __162__

## SECOND AFFIRMATIVE DEFENSE

### (Unclean Hands/*in Pari Delicto*)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands and wrongful acts. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, Polly Pocket, and Little Mommy products, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; Mattel's efforts to create negative publicity or press about MGA, MGA products, Bryant, Larian, or MGA employees; Mattel's efforts to fund or commission market research or studies that portray Bratz or MGA products negatively; Mattel's efforts to interfere with MGA's acquisition of or investment in Zapf Creation AG; Mattel's efforts to include negative references to MGA or Bratz on Mattel's "We Believe in Girls" website; Mattel's efforts or intent to interfere with business dealings or contractual relations between MGA and Smoby Group; Mattel's influencing Nickelodeon to reject MGA advertisements or to limit time slots for advertisements; assisting parties in lawsuits against MGA; Mattel's monitoring, "spying on" or gaining knowledge of MGA's trade secrets, non-public information, non-public activities, unreleased products, and product development; gaining access, or attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false pretenses; Mattel's wrongfully obtaining MGA's costs and sales information through Mattel-employed category managers at retailers; Mattel's inducing non-party customers to breach confidentiality agreements with MGA and divulge non-public information about MGA's unreleased products; Mattel's covertly investigating MGA, its officers and employees, and their family members; Mattel's contacting persons under false

EXHIBIT _2_  PAGE _103_

1   pretense in order to interrogate them about Bratz and this litigation; Mattel's
2   coercing its employees to accept restrictive covenants (right before a massive
3   layoff) and non-compete clauses and other efforts to prevent prospective MGA
4   employees from accepting offers of employment; Mattel's delay in suing Carter
5   Bryant because, *inter alia*, Mattel wanted Bryant to testify in an unrelated Mattel
6   case; Mattel's falsely inflating its Barbie sales figures in an effort to mislead the
7   public and retailers; and Mattel's taking all measures to conceal its bad acts,
8   including the willful non-retention and destruction of documents. Additionally,
9   Mattel believed from the time that Carter Bryant left Mattel's employ that he was
10  going to perform work for a Mattel competitor. Mattel began investigating Bryant
11  and MGA Defendants, including Bryant's role in the creation and development of
12  Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring
13  suit, all the while allowing MGA Defendants to spend years developing their
14  business and invest tens of millions of dollars developing the Bratz products and
15  building the Bratz brand. These averments are made on information and belief
16  except where MGA Defendants have knowledge thereof.

17  **THIRD AFFIRMATIVE DEFENSE**

18  (Laches)

19      Mattel's counterclaims are barred by the equitable doctrine of laches
20  because, among other things, Mattel believed from the time that Carter Bryant left
21  Mattel's employ that he was going to perform work for a Mattel competitor. Mattel
22  began investigating Bryant and MGA Defendants, including Bryant's role in the
23  creation and development of Bratz, at least as early as March 2002 and thereafter
24  continued its investigation into Bryant's role in the creation and development of
25  Bratz, as well as his work with MGA, in August 2002 after Mattel's CEO, Robert
26  Eckert, received an "anonymous letter" that claimed that Bryant stole the idea for
27  Bratz from Mattel and sold it to MGA Defendants. Nonetheless, Mattel waited
28  years to bring suit, all the while allowing MGA Defendants to spend years

EXHIBIT  2  PAGE  104

1    developing their business and invest tens of millions of dollars developing the Bratz

2    products and building the Bratz brand.

3                        **FOURTH AFFIRMATIVE DEFENSE**

4                            (Statute of Limitations)

5         Mattel's counterclaims are barred by the applicable statutes of limitations,

6    including but not limited to, 18 U.S.C. § 1961 *et seq.*, 17 U.S.C. § 507(b), and Code

7    of Civil Procedure §§ 337, 339, 343 and 338(c).

8                        **FIFTH AFFIRMATIVE DEFENSE**

9                        (*Bona Fide* Purchaser for Value)

10        Mattel cannot maintain its counterclaims against MGA Defendants because

11   MGA Defendants paid valuable consideration for Bryant's assignment of his rights

12   in the original Bratz drawings to MGA Defendants, and MGA Defendants acted

13   with a good faith belief that Bryant owned the rights to his original Bratz drawings

14   and that his assignment of such rights to MGA Defendants was valid and

15   permissible.

16                       **SIXTH AFFIRMATIVE DEFENSE**

17                           (17 U.S.C. § 205(d))

18        Mattel cannot maintain its counterclaims against MGA Defendants because,

19   among other things, MGA Defendants acted with a good faith belief that Bryant

20   owned the rights to his original Bratz drawings and that his assignment of such

21   rights to MGA Defendants was valid and permissible.

22                       **SEVENTH AFFIRMATIVE DEFENSE**

23                       (Information Readily Ascertainable)

24        MGA Defendants cannot be liable, either on their own account or by

25   association with other defendants, for misappropriation of information that was

26   readily ascertainable by proper means at the time of the alleged acquisition or use.

27   Such information includes, but is not limited to, the identity of suppliers,

28

LA2:841935.2

- 22 -

EXHIBIT _2_ PAGE _105_

1    manufacturers, distributors and retailers; contact information for the same; and

2    sales, marketing and media data.

3                **EIGHTH AFFIRMATIVE DEFENSE**

4                 (Acts or Omissions of Others)

5      Mattel's damages, if any, were not caused by MGA Defendants and are not

6    attributable to any acts or omissions of MGA Defendants.

7               **NINTH AFFIRMATIVE DEFENSE**

8                   (Estoppel)

9      Mattel's counterclaims are barred in whole or in part by the equitable

10   doctrine of estoppel because, among other things, Mattel believed from the time

11   that Carter Bryant left Mattel's employ that he was going to perform work for a

12   Mattel competitor. Mattel began investigating Bryant and MGA Defendants,

13   including Bryant's role in the creation and development of Bratz, at least as early as

14   March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing

15   MGA Defendants to spend years developing their business and invest tens of

16   millions of dollars developing the Bratz products and building the Bratz brand.

17              **TENTH AFFIRMATIVE DEFENSE**

18                 (Acquiescence)

19      Mattel's counterclaims are barred in whole or in part by acquiescence

20   because, among other things, Mattel believed from the time that Carter Bryant left

21   Mattel's employ that he was going to perform work for a Mattel competitor. Mattel

22   began investigating Bryant and MGA Defendants, including Bryant's role in the

23   creation and development of Bratz, at least as early as March 2002. Nonetheless,

24   Mattel waited years to bring suit, all the while allowing MGA Defendants to spend

25   years developing their business and invest tens of millions of dollars developing the

26   Bratz products and building the Bratz brand. Additionally, Mattel tolerated and

27   condoned conduct by other employees similar to the alleged conduct by Bryant and

28   others on which Mattel bases its claims.

LA2:841935.2

EXHIBIT 2   PAGE 106

ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

MGA Defendants deny that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

TWELFTH AFFIRMATIVE DEFENSE

(No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

THIRTEENTH AFFIRMATIVE DEFENSE

(Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel believed from the time that Carter Bryant left Mattel's employ that he was going to perform work for a Mattel competitor. Mattel began investigating Bryant and MGA Defendants, including Bryant's role in the creation and development of Bratz, at least as early as March 2002. Nonetheless, Mattel waited years to bring suit, all the while allowing MGA Defendants to spend years developing their business and invest tens of millions of dollars developing the Bratz products and building the Bratz brand.

FOURTEENTH AFFIRMATIVE DEFENSE

(Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

FIFTEENTH AFFIRMATIVE DEFENSE

(De Minimus Use)

MGA Defendants deny that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an

LA2:841935.2

- 24 -

EXHIBIT 2 PAGE 107

1  aspect of a Mattel copyrighted work, such use would be *de minimus* and non-

2  infringing.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Joint Authorship)

5  MGA Defendants deny that Mattel owns any copyright interest in the alleged

6  works, but even if it did, any liability would be eliminated or greatly diminished by

7  the doctrine of joint authorship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Competition Privilege/Justification)

10  Mattel's counterclaims are barred in whole or in part on the grounds that the

11  acts of the MGA Defendants were lawful competition or justified.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

14  Mattel's counterclaims are barred in whole or in part because the MGA

15  Defendants acted in good faith.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Lack of Authority)

18  Mattel's counterclaims are barred in whole or in part on the grounds that to

19  the extent any person committed an unlawful or tortious act, the person lacked

20  authority to commit such act on behalf of the MGA Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

23  Mattel's counterclaims are barred in whole or in part by its lack of standing.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Joinder in Defenses of Co-Defendants)

26  MGA Defendants hereby adopt and incorporate by reference any and all

27  other affirmative defenses that have been or will be asserted by any other defendant

28  (including Bryant) in this litigation to the extent that defendants may share in such

EXHIBIT 2  PAGE 108

1   affirmative defenses.

2   ## TWENTY-SECOND AFFIRMATIVE DEFENSE

3   (Undiscovered Defenses)

4   MGA Defendants have insufficient knowledge or information upon which to

5   form a belief as to whether additional defenses are available. MGA Defendants

6   reserve the right to assert any further or additional defenses upon receiving more

7   complete information regarding the matters alleged in the Counterclaims, through

8   discovery or otherwise.

9

10   WHEREFORE, MGA Entertainment, Inc., MGA Entertainment (HK)

11   Limited, and MGAE de Mexico S.R.L. de C.V., pray for relief as follows:

12   a.   that the Counterclaims be dismissed with prejudice;

13   b.   that judgment be entered in favor of counter-defendants and against

14   counterclaimant;

15   c.   that counter-defendants recover their costs and attorneys' fees; and

16   d.   that the Court award such other and further relief as is just and proper.

17

18   Dated: September 19, 2007          O'MELVENY & MYERS LLP

19

20                                      Marc F. Feinstein

21                                      Attorneys for Counter-defendants
                                        MGA Entertainment, Inc., Isaac Larian,
22                                      MGA Entertainment (HK) Limited, and
                                        MGAE de Mexico S.R.L. de C.V.

23

24

25

26

27

28

LA2:841935.2

- 26 -

EXHIBIT 2 PAGE 109

<u>PROOF OF SERVICE</u>

I, Karen A. Nakatsu, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 400 South Hope Street, Los Angeles, California 90071-2899. On September 19, 2007, I served the within document(s):

**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF MGA ENTERTAINMENT, INC., MGA ENTERTAINMENT (HK) LIMITED, AND MGAE DE MEXICO S.R.L. DE C.V. TO MATTEL, INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS**

[X]   by causing to be personally served the document(s) listed above to the person(s) listed below.

John B. Quinn, Esq.
Michael T. Zeller, Esq.
B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street,
10th Floor
Los Angeles, CA 90017

[X]   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Patricia Glaser, Esq.                      Michael H. Page, Esq.
Christensen, Glaser, Fink, Jacobs,         Keker & Van Nest LLP
Weil & Shapiro, LLP                        710 Sansome Street
10250 Constellation Blvd.,                 San Francisco, CA 94111
19th Floor
Los Angeles, CA 90067

James W. Spertus, Esq.
Law Offices of James W. Spertus
12100 Wilshire Blvd., Suite 620
Los Angeles, CA 90025

LA2:817525.2

EXHIBIT 2 PAGE 110

1    I declare under penalty of perjury under the laws of the United States that the
2   above is true and correct.

3        Executed on September 19, 2007, at Los Angeles, California.

4
                                    _____
5                                         Karen A. Nakatsu

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:817525.2

EXHIBIT 2 PAGE 111

**EXHIBIT 3**

RECEIVED

AUG 0 3 2007

CALENDARED

1   DIANA M. TORRES (S.B. #162284)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, California 90071-2899
    Telephone: (213) 430-6000
4   Facsimile: (213) 430-6407
    Email: dtorres@omm.com
5
6   DALE M. CENDALI (admitted pro hac vice)
    MICHAEL KEATS (admitted pro hac vice)
    JOHANNA SCHMITT (admitted pro hac vice)
7   O'MELVENY & MYERS LLP
    Times Square Tower
8   7 Times Square
    New York, New York 10036
9   Telephone: (212) 326-2000
    Facsimile: (212) 326-2061
10  Email: dcendali@omm.com
11  PATRICIA GLASER (S.B. # 55668)
    CHRISTENSEN, GLASER, FINK,
12  JACOBS, WEIL & SHAPIRO LLP
    10250 Constellation Boulevard, 19th Floor
13  Los Angeles, CA 90067
    Telephone: (310) 553-3000
14  Facsimile:  (310) 556-2920
    Email: pglaser@chrisglase.com
15
    Attorneys for Plaintiff
16  MGA Entertainment, Inc.
17
18              UNITED STATES DISTRICT COURT
19            CENTRAL DISTRICT OF CALIFORNIA
20                    EASTERN DIVISION

| | |
|---|---|
| 21   CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) (Consolidated with CV 04-9059 and CV 05-2727) |
| 22                    Plaintiff, | |
| 23            v. | **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727** |
| 24   MATTEL, INC., a Delaware Corporation, | |
| 25            Defendant | |
| 26   CONSOLIDATED WITH | |
| 27   MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |
| 28 | |

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT __3__  PAGE __112__

1   PROPOUNDING PARTY:        MGA ENTERTAINMENT, INC.

2   RESPONDING PARTY:         MATTEL, INC.

3   SET NO.                   FIVE

4   NOS.                      470 - 531

5

6          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

7

8          Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff MGA

9   Entertainment, Inc. ("MGA") requests that defendant Mattel, Inc. ("Mattel")

10  produce all DOCUMENTS and tangible things described, in accordance with the

11  Definitions and Instructions set forth below, at 9:00 a.m. on September 4, 2007, at

12  the offices of O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles,

13  California 90071.

                          **DEFINITIONS**

14

15         As used in these Requests:

16         1.      "ACTION" shall mean this action now consolidated under Case No.

17  04-9049 before the Hon. Stephen Larson and formerly Mattel v. Bryant, Inc., first

18  filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA

19  Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and

20  defenses therein.

21         2.      "ACCELERACERS" means and refers to each image, character,

22  logo, doll, toy, accessory, product, packaging or other thing or matter that is or has

23  ever been manufactured, marketed or sold by MATTEL, or others under license by

24  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

25  and marketed under the name, "AcceleRacerS."

26

27

28

                              - 1 -        MGA'S FIFTH SET OF REQUESTS FOR THE
                                           PRODUCTION OF DOCUMENTS AND THINGS

                              EXHIBIT _3_ PAGE _113_

1    3.    "ADVERTISEMENT" means a commercial message or

2    advertisement in any medium, including without limitation, television, radio,

3    movies, magazines, newspapers, the Internet, signage, and billboards.

4    4.    "ASAHI" means Asahi Kasei Life & Living Corporation and any of

5    its past or present officers, directors, agents, employees, representatives,

6    consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

7    interest, entities and persons acting in joint venture or partnership relationships

8    with Asahi Kasei Life & Living Corporation and any others acting on Asahi Kasei

9    Life & Living Corporation's behalf, pursuant to its authority or subject to its

10    control.

11    5.    "BRATZ" means and refers to each image, character, logo, doll,

12    plush toy, styling head, toy, accessory, product, packaging, theme, or other thing

13    or matter that is or has ever been manufactured, marketed or sold by MGA, or

14    others under license, as part of a line of goods or merchandise commonly known

15    as, or sold and marketed under the "Bratz" trademark or trade dress, including, but

16    not limited to, fashion dolls, styling heads, and plush toys.

17    6.    "BRYANT" means Carter Bryant, any of his current or former

18    agents, representatives, attorneys, employees, partners, joint venturers, and any

19    other person acting on his behalf, pursuant to his authority or subject to his

20    control.

21    7.    "CONTESTED MGA PRODUCTS" means "Bratz" female fashion

22    dolls and their packaging, products in the "Bratz Wintertime Wonderland" theme,

23    products in the "Bratz Formal Funk" theme, products in the "Bratz Sun Kissed

24    Summer" theme, products in the "Bratz Forever Diamondz" theme, "Bratz Petz"

25    plush toys (including "Bratz Dogz") and their packaging, "Bratz Funky Fashion

26    Makeover" heads, "Bratz Formal Funk Super Stylin' Runway Disco" playset and

27    packaging, "4-Ever Best Friends" dolls and packaging, "Mommy's Little" doll

28    line, and "Alien Racers" toy racing vehicles, as identified in Response to

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3 PAGE 114

1  Interrogatory No. 2 of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s

2  First Set of Interrogatories Re Claims of Unfair Competition.

3      8.   "COMMUNICATION[S]" means any transmission of information

4  from one person or entity to another, including, without limitation, by personal

5  meeting, conversation, letter, telephone, facsimile or electronic mail.  Each request

6  that encompasses information relating in any way to communications to, from or

7  within a business or corporate entity is hereby designated to mean, and should be

8  construed to include, all communications by and between representatives,

9  employees, agents or servants of the business or corporate entity.

10     9.   "COUNTERCLAIM[S]" means the Second Amended Answer and

11  Counterclaims filed by Mattel on July 12, 2007.

12     10.  "DIVA STARZ" means and refers to each image, character, logo,

13  doll, toy, accessory, product, packaging or any other thing that is or has ever been

14  manufactured, marketed or sold by MATTEL, or others under license by

15  MATTEL, as part of a line of goods or merchandise commonly known as, or sold

16  and marketed under the name "Diva Starz."

17     11.  "DOCUMENT[S]" incorporates the full meaning of Federal Rule of

18  Civil Procedure 34, and shall be construed in the broadest sense to mean any and

19  all writings, tangible things and property, of any kind, that are now or that have

20  been in YOUR actual or constructive possession, custody or control, including, but

21  not limited to, any handwritten, typewritten, printed, drawn, charted, taped, filmed,

22  punched, copied, recorded, transcribed, graphic or photographic matter of any kind

23  or nature, in, through, or from which information may be embodied, translated,

24  conveyed or stored, whether an original, a draft or copy, however produced or

25  reproduced, whether sent or received or neither, including, but not limited to,

26  notes, memoranda, correspondence, letters, facsimiles and facsimile transmittals,

27  reports, inter- and intra-office COMMUNICATIONS, work papers, work sheets,

28  work records, ledgers, graphs, indexes, advertisements, brochures, price lists, cost

- 3 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT  3  PAGE 115

1   sheets, estimating sheets, bills, bills of lading, bids, time cards, receipts, purchase

2   orders, telephone records, telegrams, telexes, literature, invoices, contracts,

3   purchase orders, estimates, recordings, transcriptions of recordings, records,

4   books, pamphlets, periodicals, publications, papers, tapes, DVDs, video CDs,

5   video, audio and digital recordings, television commercials, story boards, website

6   or other spot advertisements, movies, movie trailers, prototypes, products, diaries,

7   calendars, charts, drawings, sketches, messages, photographs and data contained in

8   or accessible through any electronic data processing system, including, but not

9   limited to, computer databases, data sheets, data processing cards, computer files

10   and tapes, computer disks, CD-ROMs, computer metadata, microfilm, microfiche,

11   electronic mail, website and web pages and transcriptions thereof and all other

12   memorializations of any conversations, meetings and conference, by telephone or

13   otherwise.  The term DOCUMENT also means every copy of a DOCUMENT,

14   where such copy is not an identical duplicate of the original, whether because of

15   deletions, underlinings, showing of blind copies, initialing, signatures, receipt

16   stamps, comments, notations, differences in stationery or any other difference or

17   modification of any kind.

18       12.   "EARLY LIGHT" means the toy manufacturer Early Light Industrial

19   Company Limited and any of its past or present officers, directors, agents,

20   employees, representatives, consultants, attorneys, parents, subsidiaries, divisions,

21   affiliates, predecessors-in-interest, entities and persons acting in joint venture or

22   partnership relationships with Early Light Industrial Company Limited and any

23   others acting on Early Light Industrial Company Limited's behalf, pursuant to its

24   authority or subject to its control.

25       13.   "FILO" means L.A.M.P. S.p.A., and any of its past or present

26   officers, directors, agents, employees, representatives, consultants, attorneys,

27   parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and

28   persons acting in joint venture or partnership relationships with L.A.M.P. S.p.A.

- 4 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___3___ PAGE ⎿⎿6

1   and any others acting on L.A.M.P. S.p.A.'s behalf, pursuant to its authority or

2   subject to its control.

3       14.   "FISHER-PRICE" means Fisher-Price, Inc. and any of its past or

4   present officers, directors, agents, employees, representatives, consultants,

5   attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,

6   entities and persons acting in joint venture or partnership relationships with Fisher-

7   Price, Inc. and any others acting on Fisher-Price, Inc.'s behalf, pursuant to Fisher-

8   Price, Inc.'s authority or subject to Fisher-Price, Inc.'s control.

9       15.   "JETTA" means the toy manufacturer Jetta Company Limited, and

10  any of its past or present officers, directors, agents, employees, representatives,

11  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

12  interest, entities and persons acting in joint venture or partnership relationships

13  with Jetta Company Limited and any others acting on Jetta Company Limited's

14  behalf, pursuant to its authority or subject to its control.

15      16.   "KANEKA" means plastics manufacturer Kaneka Corporation, and

16  any of its past or present officers, directors, agents, employees, representatives,

17  consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-

18  interest, entities and persons acting in joint venture or partnership relationships

19  with Kaneka Corporation and any others acting on Kaneka Corporation's behalf,

20  pursuant to its authority or subject to its control.

21      17.   "LARIAN" means MGA's Chief Executive Officer Isaac Larian.

22      18.   "MATTEL," "YOU," or "YOUR" means defendant MATTEL, Inc.

23  and any of its past or present officers, directors, agents, employees,

24  representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates,

25  predecessors-in-interest, entities and persons acting in joint venture or partnership

26  relationships with YOU and any others acting on YOUR behalf, pursuant to

27  YOUR authority or subject to YOUR control.

28

- 5 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT __3__ PAGE __117__

1    19.    "MGA" means MGA Entertainment, Inc. and any of its past or

2    present officers, directors, agents, employees, representatives, consultants,

3    attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest,

4    entities and persons acting in joint venture or partnership relationships with MGA

5    and any others acting on MGA's behalf, pursuant to its authority or subject to its

6    control.

7    20.    "MY SCENE" means and refers to each image, character, logo, doll,

8    toy, styling head, plush toy, play set, accessory, product, packaging or any other

9    thing that is or has ever been manufactured, marketed or sold by YOU, or others

10   under licensed by YOU, as part of a line of goods or merchandise commonly

11   known as, or sold and marketed under the name "MY SCENE."

12   21.    "PERSON[S]" means any or all entities, including but not limited to,

13   any or all individuals, single proprietorships, associations, companies, firms,

14   partnerships, joint ventures, corporations, employees or former employees, or any

15   other business, governmental, or labor entity, and any divisions, departments, or

16   other units thereof.

17   22.    "POLLY POCKET COLOR SURPRISE POLLY" means and refers to

18   each image, character, logo, doll, styling head, toy, accessory, product, packaging

19   or any other thing that is or has ever been manufactured, marketed or sold by

20   MATTEL, or others under license by MATTEL, as part of a line of goods or

21   merchandise commonly known as, or sold and marketed under the name "Polly

22   Pocket Color Surprise Polly."

23   23.    "REFERRING OR RELATING TO" should be construed in the

24   broadest possible sense to mean concerning, consisting of, referring to, relating to,

25   describing, discussing, constituting, evidencing, containing, reflecting,

26   mentioning, pertaining to, citing, summarizing, analyzing or bearing any logical or

27   factual connection with the matter discussed.

28

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___2___ PAGE __118__

24.    "SIMBA TOYS" means Simba Toys GmbH and Company KG, Simba Toys (France), Simba Toys (Hong Kong) Ltd. and/or any of their parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Simba Toys GmbH and Company KG, Simba Toys (France) and/or Simba Toys (Hong Kong) Ltd.

25.    "SIMBA LITIGATION" means any litigation between SIMBA TOYS and MATTEL, including, but not limited to, (1) the litigation in Germany resulting in a decision by the Bundesgerichtshof (BGH) on or about October 28, 2004; (2) litigation in France resulting in a decision by the Commercial Court of Paris on or about June 28, 2002; and (3) litigation in the United Kingdom before the High Court of Justice, Chancery Division, Patents Court under docket or reference number HC 03 CO 2684 in 2003.

26.    "UNIVERSAL" means Universal Commerce Corporation Limited and any of its past or present officers, directors, agents, employees, representatives, consultants, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest, entities and persons acting in joint venture or partnership relationships with Universal Commerce Corporation Limited and any others acting on Universal Commerce Corporation Limited's behalf, pursuant to its authority or subject to its control.

27.    "ZEUS SERVER" means the "Zeus server" as defined in the deposition of MATTEL's 30(b)(6) witness, Julia Marine.

28.    The singular form includes the plural, and vice versa.

29.    The terms "any" and "all" are interchangeable.

30.    The terms "and" and "or" shall be construed disjunctively and conjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of any Request, DOCUMENTS that would otherwise not be within its scope.

- 7 -

## INSTRUCTIONS

1.     YOU are instructed to produce all non-privileged DOCUMENTS in YOUR possession, custody or control.  A document is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another person or entity who has physical possession of the DOCUMENT.

2.     If any DOCUMENT or category of DOCUMENTS is not produced in full, please state with particularity the reason or reasons it is not being produced in full.

3.     Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized, separated, or identified.

4.     Each DOCUMENT maintained or stored electronically in native, electronic format is to be produced with all relevant metadata intact and in an appropriate and useable electronic manner.

5.     These Requests impose a continuing obligation subsequent to your initial production to the full extent provided for in Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST NO. 470:

All DOCUMENTS REFERRING OR RELATING TO any claims and/or litigation that MATTEL or FISHER-PRICE has brought or considered bringing against any PERSON regarding infringement of MY SCENE, DIVA STARZ, or any other intellectual property including, but not limited to, cease and desist letters.

### REQUEST NO. 471:

All DOCUMENTS REFERRING OR RELATING TO any claims, threat of

- 8 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT  3  PAGE  120

1   litigation and/or litigation that any PERSON has asserted against MATTEL

2   regarding infringement by MY SCENE or DIVA STARZ, including, but not

3   limited to, cease and desist letters.

4   **REQUEST NO. 472:**

5       All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6   LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7   briefs, deposition transcripts, orders or other documents, and any English

8   translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9   support of its claims and defenses or any rulings or decisions issued by the court.

10  **REQUEST NO. 473:**

11      All DOCUMENTS REFERRING OR RELATING TO the creation and

12  development of the "We Believe in Girls" website, found at

13  www.webelieveingirls.com, that also mention BRATZ and/or MGA.

14  **REQUEST NO. 474:**

15      All DOCUMENTS REFERRING OR RELATING TO the mention of

16  BRATZ and/or MGA on the "We Believe in Girls" website, including, but not

17  limited to, any community bulletin boards.

18  **REQUEST NO. 475:**

19      Copies of all photographs taken by MATTEL (including, but not limited to,

20  MATTEL's counsel) during the course of its inspection of any DOCUMENT or

21  item made available to it by MGA or Bryant, including, but not limited to,

22  products, packaging, samples, sculptures, sketches, or drawings.

23  **REQUEST NO. 476:**

24      All DOCUMENTS RELATING TO YOUR efforts, or knowledge of any

25  efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

26  MGA's trade secrets, non-public information, non-public activities, unreleased

27  products, and product development, including, but not limited to:

28

- 9 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _3_ PAGE _121_

1      a.     DOCUMENTS REFERRING OR RELATING TO YOUR

2 COMMUNICATIONS or contacts with MGA's current or former employees or

3 contractors about MGA or its business, including, but not limited to, any tape

4 recordings of such COMMUNICATIONS;

5      b.     DOCUMENTS REFERRING OR RELATING TO YOUR use or

6 attempts to use confidential informants, spies, or moles within MGA, including, but

7 not limited to, any tape recordings of MGA employees or contractors;

8      c.     DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

9 of any MGA product before its release to the public or of any other non-public

10 information about MGA, its business or its products;

11     d.     DOCUMENTS REFERRING OR RELATING TO YOUR access, or

12 attempts to gain access, to MGA showrooms, Plan-o-Grams, merchandising

13 displays, Toy Fair displays on false pretenses (including, but not limited to, by

14 using fake business cards);

15     f.     DOCUMENTS REFERRING OR RELATING TO YOUR access to

16 MGA's products or showroom at any Toy Fair (including Hong Kong Toy Fair,

17 New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

18     h.     YOUR access to MGA's confidential product and pricing information

19 through "competitive management agreements" or "category management

20 agreements" with retailers; and

21     i.     YOUR access to MGA's confidential product and pricing information

22 from non-public sources and/or through non-public means.

23 **REQUEST NO. 477:**

24     All COMMUNICATIONS between YOU and any recruiting agency or

25 service including, but not limited to, Gregory Michaels & Associates, that REFER

26 OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

27 **REQUEST NO. 478:**

28     All DOCUMENTS REFERRING OR RELATING to any use or

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT _3_ PAGE _122_

1   contemplated use by YOU of any recruiting agency or service including, but not
2   limited to Gregory Michaels & Associates to contact or recruit any MGA employee
3   to work for YOU.

4   **REQUEST NO. 479:**
5       DOCUMENTS sufficient to show weekly and monthly point of sale data for
6   MY SCENE fashion dolls.

7   **REQUEST NO. 480:**
8       All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,
9   reproduction, copying, storage, transmission, transfer, retention, destruction,
10  deletion, or use of any DOCUMENT identifying MGA products in the course of
11  any planning, design, development or revision of any YOUR products.

12  **REQUEST NO. 481:**
13      All DOCUMENTS, including, but not limited to, any compilation of
14  information, that were prepared, made, created, generated, assembled or compiled
15  by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de
16  C.V.

17  **REQUEST NO. 482:**
18      All DOCUMENTS, including, but not limited to, any compilation of
19  information, that were prepared, made, created, generated, assembled or compiled
20  by or for MGA or any MGA subsidiary, and that YOU received from any third
21  party, including Rachel Harris or Fred Larian.

22  **REQUEST NO. 483:**
23      All investigative files REFERRING OR RELATING to BRYANT, MGA or
24  any of its employees, including but not limited to file numbers 02-299, 02-1680,
25  and 03-034.

26  **REQUEST NO. 484:**
27      DOCUMENTS sufficient to show the directory structure of the ZEUS
28  SERVER as it relates to MATTEL's girls toys division.

- 11 -

EXHIBIT __3__ PAGE __122__

**REQUEST NO. 485:**

All DOCUMENTS, since January 1, 1999, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**REQUEST NO. 486:**

All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**REQUEST NO. 487:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**REQUEST NO. 488:**

All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge that any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**REQUEST NO. 489:**

All DOCUMENTS REFERRING OR RELATING TO YOUR or YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois' thumb drive by Canadian law enforcement.

**REQUEST NO. 490:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Canadian authorities from Brisbois' thumb drive were prepared,

- 12 -

EXHIBIT _3_ PAGE _124_

1   made, created, generated, assembled or compiled by or for MGA or any MGA

2   subsidiary.

3   **REQUEST NO. 491:**

4       All DOCUMENTS REFERRING OR RELATING TO YOUR knowledge

5   that any of the items seized by Canadian authorities from Brisbois' thumb drive

6   were prepared, made, created, generated, assembled or compiled by or for MGA or

7   any MGA subsidiary.

8   **REQUEST NO. 492:**

9       All DOCUMENTS that REFER OR RELATE TO the retention, destruction,

10   transfer, or use of any information or DOCUMENTS known to or possessed by any

11   current or former MGA employee, freelancer or contractor, including but not

12   limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard,

13   and Andrew Gallerani.

14   **REQUEST NO. 493:**

15       All COMMUNICATIONS between YOU and any PERSON REFERRING

16   OR RELATING TO the retention, destruction, transfer, or use of any information

17   or DOCUMENTS known to or possessed by any current or former MGA employee,

18   freelancer or contractor, including but not limited to Tina Patel, Christopher

19   Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

20   **REQUEST NO. 494:**

21       All COMMUNICATIONS between YOU and Tina Patel prior to her date of

22   hire by MATTEL.

23   **REQUEST NO. 495:**

24       All DOCUMENTS REFERRING OR RELATING TO

25   COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

26   MATTEL, including but not limited to all calendar entries, phone logs, phone

27   records and notes reflecting such COMMUNICATIONS.

28   **REQUEST NO. 496:**

- 13 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT ___3___ PAGE ___125___

1     All DOCUMENTS, including but not limited to all COMMUNICATIONS

2   with any PERSON, REFERRING OR RELATING TO Tina Patel prior to her date

3   of hire by MATTEL.

4   **REQUEST NO. 497:**

5     All DOCUMENTS, including but not limited to all COMMUNICATIONS

6   with any PERSON, REFERRING OR RELATING TO Tina Patel's resignation

7   from MGA.

8   **REQUEST NO. 498:**

9     All DOCUMENTS, including but not limited to all COMMUNICATIONS

10  with any PERSON, REFERRING OR RELATING TO compensation, money or

11  any other item of value paid to Tina Patel, whether directly or indirectly, by YOU.

12  **REQUEST NO. 499:**

13     All DOCUMENTS received by YOU, directly or indirectly, from Tina Patel

14  REFERRING OR RELATING TO any MGA product or plan.

15  **REQUEST NO. 500:**

16     All DOCUMENTS, including but not limited to all COMMUNICATIONS

17  with any PERSON, REFERRING OR RELATING TO YOUR receipt,

18  reproduction, copying, storage, transmission, transfer, retention, destruction,

19  deletion or use of any DOCUMENTS, data and/or information, including but not

20  limited to any compilation of information, that was prepared, made, created,

21  generated, assembled or compiled by or for MGA and that YOU received, directly

22  or indirectly, from Tina Patel.

23  **REQUEST NO. 501:**

24     A copy of each personnel file maintained or created by YOU REFERRING

25  OR RELATING TO Tina Patel.

26  **REQUEST NO. 502:**

27     All DOCUMENTS, including but not limited to all COMMUNICATIONS,

28  prepared, created, sent or transmitted, whether in whole or in part, by Tina Patel

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3   PAGE 126

1   REFERRING OR RELATING TO any of the CONTESTED MGA PRODUCTS.

2   **REQUEST NO. 503:**

3       All COMMUNICATIONS between YOU and Christopher Hardouin prior to

4   his date of hire by MATTEL.

5   **REQUEST NO. 504:**

6       All DOCUMENTS REFERRING OR RELATING TO

7   COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of

8   hire by MATTEL, including but not limited to all calendar entries, phone logs,

9   phone records and notes reflecting such COMMUNICATIONS.

10  **REQUEST NO. 505:**

11      All DOCUMENTS, including but not limited to all COMMUNICATIONS

12  with any PERSON, REFERRING OR RELATING TO Christopher Hardouin prior

13  to his date of hire by MATTEL.

14  **REQUEST NO. 506:**

15      All DOCUMENTS, including but not limited to all COMMUNICATIONS

16  with any PERSON, REFERRING OR RELATING TO Christopher Hardouin's

17  resignation from MGA.

18  **REQUEST NO. 507:**

19      All DOCUMENTS, including but not limited to all COMMUNICATIONS

20  with any PERSON, REFERRING OR RELATING TO compensation, money or

21  any other item of value paid to Christopher Hardouin, whether directly or

22  indirectly, by YOU.

23  **REQUEST NO. 508:**

24      All DOCUMENTS received by YOU, directly or indirectly, from

25  Christopher Hardouin REFERRING OR RELATING TO any MGA product or

26  plan.

27  **REQUEST NO. 509:**

28      All DOCUMENTS, including but not limited to all COMMUNICATIONS

- 15 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3 PAGE 127

1   with any PERSON, REFERRING OR RELATING TO YOUR receipt,

2   reproduction, copying, storage, transmission, transfer, retention, destruction,

3   deletion or use of any DOCUMENTS, data and/or information, including but not

4   limited to any compilation of information, that was prepared, made, created,

5   generated, assembled or compiled by or for MGA and that YOU received, directly

6   or indirectly, from Christopher Hardouin.

7   **REQUEST NO. 510:**

8       A copy of each personnel file maintained or created by YOU REFERRING

9   OR RELATING TO Christopher Hardouin.

10   **REQUEST NO. 511:**

11       All DOCUMENTS, including but not limited to all COMMUNICATIONS,

12   prepared, created, sent or transmitted, whether in whole or in part, by Christopher

13   Hardouin REFERRING OR RELATING TO any of the CONTESTED MGA

14   PRODUCTS.

15   **REQUEST NO. 512:**

16       All DOCUMENTS REFERRING OR RELATING TO the creation, origins

17   or sources of inspiration of "POLLY POCKET COLOR SURPRISE POLLY"

18   including, without limitation, the creation, origins or sources of inspiration of the

19   pose of "POLLY POCKET COLOR SURPRISE POLLY."

20   **REQUEST NO. 513:**

21       All DOCUMENTS REFERRING OR RELATING TO any similarity or

22   dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

23   MGA product (whether released or unreleased) known to YOU, including but not

24   limited to any similarity or dissimilarity between the pose of "POLLY POCKET

25   COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

26   **REQUEST NO. 514:**

27       All DOCUMENTS REFERRING OR RELATING TO whether the

28   appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT 3 PAGE 128

1    replicates, or in any way imitates the appearance or pose of any MGA product

2    (whether released or unreleased) known to YOU.

3    **REQUEST NO. 515:**

4         DOCUMENTS, including but not limited to organizational charts, sufficient

5    to identify (by name and job function) all current and former MATTEL personnel

6    and/or freelancers comprising the primary team that worked on the creation, design

7    and development of "POLLY POCKET COLOR SURPRISE POLLY."

8    **REQUEST NO. 516:**

9         All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

10   institute a litigation hold in response to the litigation originally captioned *Mattel,*

11   *Inc. v. Bryant.*, Case No.  CV 04-9059 SGL (RNBx).

12   **REQUEST NO. 517:**

13        All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

14   institute a litigation hold in response to the litigation originally captioned *MGA*

15   *Entertainment, Inc. v. Mattel, Inc.*, Case No.  CV 05-02727 SGL (RNBx).

16   **REQUEST NO. 518:**

17        All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to

18   institute a litigation hold in response to the litigation originally captioned *Bryant v.*

19   *Mattel, Inc.*, Case No.  CV 04-9049 SGL (RNBx).

20   **REQUEST NO. 519:**

21        All COMMUNICATIONS between YOU and the toy manufacturer JETTA

22   REFERRING OR RELATING to MGA, BRATZ or LARIAN.

23   **REQUEST NO. 520:**

24        All COMMUNICATIONS between YOU and EARLY LIGHT, including

25   but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR

26   RELATING to MGA, BRATZ or LARIAN.

27   **REQUEST NO. 521:**

28        All COMMUNICATIONS between YOU and ASAHI REFERRING OR

- 17 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT  3   PAGE  129

1    RELATING to MGA, BRATZ or LARIAN.

2    **REQUEST NO. 522:**

3       All COMMUNICATIONS between YOU and UNIVERSAL REFERRING

4    OR RELATING to MGA, BRATZ or LARIAN.

5    **REQUEST NO. 523:**

6       All COMMUNICATIONS between YOU and KANEKA REFERRING OR

7    RELATING to MGA, BRATZ or LARIAN.

8    **REQUEST NO. 524:**

9       All COMMUNICATIONS between YOU and FILO REFERRING OR

10    RELATING to MGA, BRATZ or LARIAN.

11    **REQUEST NO. 525:**

12       Copies of all producers' affidavits for any ADVERTISEMENT for MY

13    SCENE or ACCELERACERS.

14    **REQUEST NO. 526:**

15       All DOCUMENTS that constitute COMMUNICATIONS between YOU

16    (including YOUR agents and attorneys) and law enforcement authorities in Mexico,

17    Canada or the United States, including but not limited to the United States

18    Attorney's Office, the Department of Justice and any national, regional, state or

19    local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS

20    or any other alleged taking of confidential MATTEL information by MGA or

21    persons currently or formerly employed by MGA.

22    **REQUEST NO. 527:**

23       All DOCUMENTS REFERRING OR RELATING TO Board of Directors

24    meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer, Janine

25    Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or Pablo

26    Vargas San Jose were discussed, including, but not limited to, meeting minutes,

27    notes and memoranda.

28    **REQUEST NO. 528:**

- 18 -

MGA'S FIFTH SET OF REQUESTS FOR THE
PRODUCTION OF DOCUMENTS AND THINGS

EXHIBIT __3__ PAGE __130__

1   All DOCUMENTS that YOU (including YOUR agents and attorneys)

2   provided to law enforcement authorities in Mexico, Canada or the United States,

3   including but not limited to the United States Attorney's Office, the Department of

4   Justice and any national, regional, state or local authorities, concerning any of the

5   allegations in YOUR COUNTERCLAIMS or any other alleged taking of

6   confidential MATTEL information by MGA or persons currently or formerly

7   employed by MGA.

8   **REQUEST NO. 529:**

9   All DOCUMENTS that support the information and belief alleged in

10   paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

11   **REQUEST NO. 530:**

12   All DOCUMENTS, including but not limited to agreements, draft

13   agreements and correspondence, REFERRING OR RELATING TO the payment or

14   offer of payment of attorneys fees by MATTEL to any PERSON in connection this

15   ACTION.

16   **REQUEST NO. 531:**

17   DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

18   counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

19   with this ACTION, including, but not limited to, a copy of the fee agreement or

20   retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

21   LLP.

22

23   Dated: August 3, 2007          O'MELVENY & MYERS LLP

24

25   *Melanie Bradley*

26   Melanie Bradley
     Attorneys for MGA Entertainment, Inc.

27

28   1704218

- 19 -

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On August 3, 2007, I caused to be personally served the following documents:

1. **MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California  90017

☒   (By Personal Service)  I prepared such envelope to be delivered by hand to the addressee(s) by Nationwide Legal, Inc. Attorney Services, whose address is 316 W. 2nd Street, Suite 705, Los Angeles, California 90012.

☐   (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒   (Federal)  I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed on August 3, 2007, at Los Angeles, California.

Mary C. Layman

LA2:830924.1

EXHIBIT __3__ PAGE __132__

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Nationwide Legal, Inc., whose address is 316 W. 2nd Street, Suite 705, Los Angeles, CA 90012.  I am over the age of eighteen years and not a party to the within action.  On May 8, 2007, I personally served the following:

**1. MGA'S FIFTH SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS IN CASE NO. 05-2727.**

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with the _____ of the office thereof:

### Service List

Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California  90017

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed on May 8, 2006, at Los Angeles, California.

SIGNATURE: _____

PRINTED NAME: _____

LA2:830925.1

EXHIBIT 3   PAGE 133

**EXHIBIT 4**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    michaelzeller@quinnemanuel.com
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    timalger@quinnemanuel.com
     865 South Figueroa Street, 10th Floor
6    Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
7    Facsimile:   (213) 443-3100

8  Attorneys for Plaintiff and
   Counter-Defendant Mattel

9

10                 UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12                        EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14               Plaintiff,              Consolidated with:
                                         Case No. CV 04-09059
15                                       Case No. CV 05-02727

16        v.                             MATTEL'S RESPONSES TO MGA'S
                                         FIFTH SET OF REQUESTS FOR
17  MATTEL, INC., a Delaware             PRODUCTION
    Corporation,
18                                       Hon. Stephen G. Larson
                 Defendant.
19

20

21  AND CONSOLIDATED ACTIONS

22

23  PROPOUNDING PARTY:      MGA ENTERTAINMENT, INC.

24  RESPONDING PARTY:       MATTEL, INC.

25  SET NO.:                FIVE

26  NOS.                    470 - 531

27

28                          9/04/07

07209/2200584.1

          MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT  4   PAGE 134

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered. Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents. Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.      Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.      Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege. Mattel will not produce such privileged documents.

EXHIBIT 4   PAGE 135

1        3.    Mattel objects to the Requests on the grounds and to the extent

2 they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

3        4.    Mattel objects to the Requests on the grounds and to the extent

4 they seek information which is not relevant to the subject matter of this action nor

5 reasonably calculated to lead to the discovery of admissible evidence.

6        5.    Mattel objects to the Requests on the grounds and to the extent

7 they seek documents equally or more available to, or already in the possession,

8 custody or control of MGA and/or Carter Bryant.

9        6.    Mattel objects to the Requests on the grounds and to the extent

10 they seek documents not in Mattel's possession, custody or control.

11        7.    Mattel objects to the Requests on the grounds that they are

12 unduly burdensome and vague and ambiguous in that they purport to require Mattel

13 to identify and produce documents relating to matters that are currently known to

14 and in the possession, custody and control of defendants and third parties, including

15 third parties associated with defendants, and that are not known to Mattel.

16        8.    Mattel objects to the Requests on the grounds that they seek the

17 production of documents or information that are in the possession, custody and

18 control of independent parties over whom Mattel has no control, including without

19 limitation defendants, and seek the disclosure of information or documents that are

20 in the possession, custody and control of defendants or are publicly available and

21 hence equally available to all parties to this litigation.

22        9.    Mattel objects to the Requests on the ground and to the extent

23 they seek trade secret, proprietary or otherwise confidential information of Mattel or

24 third parties or would violate the terms of any agreement or contracts with third

25 parties. Any such documents that are produced, if any, will be produced only

26 pursuant to and in reliance upon the Protective Order entered in this case.

27       10.   Mattel objects to the Requests on the grounds that the definitions

28 of the terms "ADVERTISEMENT," "ACCELERACERS," "BRATZ,"

07209/2200584.1

EXHIBIT 4 PAGE 136

1    "CONTESTED MGA PRODUCTS," "DIVA STARZ," "FISHER-PRICE,"

2    "MATTEL," "MGA," "MY SCENE," and "POLLY POCKET COLOR SURPRISE

3    POLLY" are overbroad, vague and ambiguous, unduly burdensome, and extend

4    beyond those products and matters placed at issue in this litigation.

5          11.    Mattel objects to each and every Request that seeks "all"

6    documents which constitute, mention, refer or relate to a given topic on the grounds

7    of undue burden and oppression. Mattel will make available for inspection and

8    copying those documents and tangible items, if any, that it is able to locate after a

9    reasonable, good-faith search for and review of non-privileged responsive

10   documents.

11          12.    Mattel objects to the Requests on the grounds that they seek

12   information about matters that are not within the subject matter jurisdiction of the

13   Court. Production by Mattel, if any, will be limited to those matters within the

14   Court's jurisdiction, and only in the event and to the extent that it is permitted by or

15   otherwise in compliance with foreign laws limiting disclosure and discovery and

16   only in the event and to the extent that the documents are within Mattel's possession,

17   custody or control pursuant to governing law.

18          13.    Mattel objects to each and every Request to the extent that it

19   seeks documents already produced in this action. Documents which have already

20   been produced will not be produced again in response to these Requests.

21          14.    Objection to the production of any document or category of

22   documents described in the Requests, or agreement to produce any such documents,

23   is not and shall not be construed as an admission by Mattel that any such documents

24   or category of documents exist. Where the responses indicate that Mattel will

25   produce such responsive documents, such documents, if any, will be produced if and

26   to the extent any such documents are in Mattel's possession, custody or control.

27          15.    Mattel objects to the time, place and manner of production

28   specified in the Requests. Mattel will produce such responsive, non-privileged

EXHIBIT 4 PAGE 137

1  documents and tangible things, if any and to the extent not previously produced, in

2  accordance with its responses at a time and place and in a manner that is reasonable,

3  convenient and mutually agreed upon by the parties.

4

5                    RESPONSES TO REQUESTS FOR PRODUCTION

6                    Each of the following objections and responses to the Requests is

7  expressly made subject to the above Preliminary Statement and General Objections,

8  all of which are incorporated in each of the following objections and responses to

9  specific Requests.  A statement that Mattel will produce documents or tangible

10  things in response to a Request is not intended to suggest, nor should it be construed

11  to mean, that any such documents or tangible things exist, or that they are in Mattel's

12  possession, custody or control.

13

14  REQUEST FOR PRODUCTION NO. 470:

15                    All DOCUMENTS REFERRING OR RELATING TO any claims

16  and/or litigation that MATTEL or FISHER-PRICE has brought or considered

17  bringing against any PERSON regarding infringement of MY SCENE, DIVA

18  STARZ, or any other intellectual property including, but not limited to, cease and

19  desist letters.

20

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 470:

22                    In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it is overbroad and unduly burdensome, including in that it seeks all documents on

25  this subject without limitation as to time, and regardless of whether such documents

26  relate to products or matters at issue in this case.  Mattel further objects to the use of

27  the terms "any claims and/or litigation," "brought or considered bringing," and

28  "regarding infringement" in this context as vague and ambiguous.  Mattel further

EXHIBIT  4  PAGE 38

1  objects to the Request on the grounds that it seeks documents that are not relevant to

2  this action or likely to lead to the discovery of admissible evidence.  Mattel further

3  objects to this Request on the grounds that it seeks confidential, proprietary and

4  trade secret information, including such information that has no bearing on the

5  claims or defenses in this case.  Mattel further objects to this Request on the grounds

6  that it calls for the disclosure of information subject to the attorney-client privilege,

7  the attorney work-product doctrine and other applicable privileges.

8

9  **REQUEST FOR PRODUCTION NO. 471:**

10          All DOCUMENTS REFERRING OR RELATING TO any claims,

11  threat of litigation and/or litigation that any PERSON has asserted against MATTEL

12  regarding infringement by MY SCENE or DIVA STARZ, including, but not limited

13  to, cease and desist letters.

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 471:**

16          In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome, including in that it seeks all documents on

19  this subject without limitation as to time, and regardless of whether such documents

20  relate to products or matters at issue in this case.  Mattel further objects to the use of

21  the terms "any claims, threat of litigation and/or litigation" and "regarding

22  infringement" in this context as vague and ambiguous.  Mattel further objects to the

23  Request on the grounds that it seeks documents that are not relevant to this action or

24  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

25  Request on the grounds that it seeks confidential, proprietary and trade secret

26  information, including such information that has no bearing on the claims or

27  defenses in this case.  Mattel further objects to this Request on the grounds that it

28

072D9/2200584.1

-5-

EXHIBIT ___4___ PAGE 139

1  calls for the disclosure of information subject to the attorney-client privilege, the

2  attorney work-product doctrine and other applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 472:**

5        All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6  LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7  briefs, deposition transcripts, orders or other documents, and any English

8  translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9  support of its claims and defenses or any rulings or decisions issued by the court.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 472:**

12        In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products or matters at issue in this case. Mattel further objects to the

17  Request on the grounds that it seeks documents that are not relevant to this action or

18  likely to lead to the discovery of admissible evidence. Mattel further objects to this

19  Request on the grounds that it seeks confidential, proprietary and trade secret

20  information, including such information that has no bearing on the claims or

21  defenses in this case. Mattel further objects to this Request on the grounds that it

22  calls for the disclosure of information subject to the attorney-client privilege, the

23  attorney work-product doctrine and other applicable privileges. Mattel further

24  objects to the extent the Request seeks documents already produced by Mattel.

25  Such documents will not be produced again.

26

27

28

-6-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4 PAGE 140

1  **REQUEST FOR PRODUCTION NO. 473:**

2      All DOCUMENTS REFERRING OR RELATING TO the creation and

3  development of the "We Believe in Girls" website, found at

4  www.webelieveingirls.com, that also mention BRATZ and/or MGA.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 473:**

7      In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to products or matters at issue in this case.  Mattel further objects to the

12 Request on the grounds that it seeks documents that are not relevant to this action or

13 likely to lead to the discovery of admissible evidence.  Mattel further objects to this

14 Request on the grounds that it seeks confidential, proprietary and trade secret

15 information, including such information that has no bearing on the claims or

16 defenses in this case.  Mattel further objects to this Request on the grounds that it

17 calls for the disclosure of information subject to the attorney-client privilege, the

18 attorney work-product doctrine and other applicable privileges.

19

20 **REQUEST FOR PRODUCTION NO. 474:**

21     All DOCUMENTS REFERRING OR RELATING TO the mention of

22 BRATZ and/or MGA on the "We Believe in Girls" website, including, but not

23 limited to, any community bulletin boards.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 474:**

26     In addition to the general objections stated above which are

27 incorporated herein by reference, Mattel objects to this Request on the grounds that

28 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

-7-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

07209/2200584.1

EXHIBIT _4_ PAGE _141_

1    documents on this subject without limitation as to time, and regardless of whether

2    such documents relate to products or matters at issue in this case. Mattel further

3    objects to the Request on the grounds that it seeks documents that are not relevant to

4    this action or likely to lead to the discovery of admissible evidence. Mattel further

5    objects to this Request on the grounds that it seeks confidential, proprietary and

6    trade secret information, including such information that has no bearing on the

7    claims or defenses in this case. Mattel further objects to this Request on the grounds

8    that it calls for the disclosure of information subject to the attorney-client privilege,

9    the attorney work-product doctrine and other applicable privileges.

10

11    **REQUEST FOR PRODUCTION NO. 475:**

12         Copies of all photographs taken by MATTEL (including, but not

13    limited to, MATTEL's counsel) during the course of its inspection of any

14    DOCUMENT or item made available to it by MGA or Bryant, including, but not

15    limited to, products, packaging, samples, sculptures, sketches, or drawings.

16

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 475:**

18         In addition to the general objections stated above which are

19    incorporated herein by reference, Mattel objects to this Request on the grounds that

20    it is overbroad and unduly burdensome, including in that it seeks all documents

21    regardless of whether such documents relate to products or matters at issue in this

22    case. Mattel further objects to this Request on the grounds that it calls for the

23    disclosure of information subject to the attorney-client privilege, the attorney work-

24    product doctrine and other applicable privileges.

25         Subject to and without waiving the foregoing objections, Mattel

26    responds as follows: Mattel will produce such responsive, non-privileged

27    documents that are in Mattel's possession, custody, or control, if any, that Mattel has

28

07209/2200584.1

-8-

EXHIBIT 4 PAGE 142

1  been able to locate after a diligent search and reasonable inquiry, to the extent not

2  previously produced.

3

4  **REQUEST FOR PRODUCTION NO. 476:**

5      All DOCUMENTS RELATING TO YOUR efforts, or knowledge of

6  any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

7  MGA's trade secrets, non-public information, non-public activities, unreleased

8  products, and product development, including, but not limited to:

9      a.    DOCUMENTS REFERRING OR RELATING TO YOUR

10  COMMUNICATIONS or contacts with MGA's current or former employees or

11  contractors about MGA or its business, including, but not limited to, any tape

12  recordings of such COMMUNICATIONS;

13      b.    DOCUMENTS REFERRING OR RELATING TO YOUR use

14  or attempts to use confidential informants, spies, or moles within MGA, including,

15  but not limited to, any tape recordings of MGA employees or contractors;

16      c.    DOCUMENTS REFERRING OR RELATING TO YOUR

17  knowledge of any MGA product before its release to the public or of any other

18  non-public information about MGA, its business or its products;

19      d.    DOCUMENTS REFERRING OR RELATING TO YOUR

20  access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,

21  merchandising displays, Toy Fair displays on false pretenses (including, but not

22  limited to, by using fake business cards);

23      f.    DOCUMENTS REFERRING OR RELATING TO YOUR

24  access to MGA's products or showroom at any Toy Fair (including Hong Kong Toy

25  Fair, New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

26      h.    YOUR access to MGA's confidential product and pricing

27  information through "competitive management agreements" or "category

28  management agreements" with retailers; and

-9-

07209/2200584.1



EXHIBIT 4 PAGE 143

1        i.     YOUR access to MGA's confidential product and pricing

2   information from non-public sources and/or through non-public means.

3

4   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 476:</u>

5        In addition to the general objections stated above which are

6   incorporated herein by reference, Mattel objects to this Request on the grounds that

7   it is overbroad, unduly burdensome, compound, and unintelligible, especially given

8   its broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks

9   all documents on this subject without limitation as to time, and regardless of

10  whether such documents relate to products or matters at issue in this case.  Mattel

11  further objects to the use of the terms "knowledge of any efforts by any PERSONS,"

12  "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

13  information," "non-public activities," "unreleased products," "product

14  development," "confidential informants, spies, or moles ," "non public information,"

15  "non-public sources ," "non-public means," "on false pretenses," "confidential

16  product and pricing information," and "'competitive management agreements' or

17  'category management agreements,'"  in this context as vague, ambiguous, and

18  incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

19  documents that are not relevant to this action or likely to lead to the discovery of

20  admissible evidence.  Mattel further objects to this Request on the grounds that it

21  seeks, in its entirety, confidential, proprietary and trade secret information, including

22  such information that has no bearing on the claims or defenses in this case.  Mattel

23  further objects to this Request on the grounds that it calls for the disclosure of

24  information subject to the attorney-client privilege, the attorney work-product

25  doctrine and other applicable privileges.

26

27

28

07209/2200584.1

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT 4 PAGE 144

1  **REQUEST FOR PRODUCTION NO. 477:**

2      All COMMUNICATIONS between YOU and any recruiting agency or

3  service including, but not limited to, Gregory Michaels & Associates, that REFER

4  OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 477:**

7      In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to products or matters at issue in this case. Mattel further objects to the use of

12 the term "recruiting agency or service" in this context as vague and ambiguous.

13 Mattel further objects to the Request on the grounds that it seeks documents that are

14 not relevant to this action or likely to lead to the discovery of admissible evidence.

15 Mattel further objects to this Request on the grounds that it seeks confidential,

16 proprietary and trade secret information, including such information that has no

17 bearing on the claims or defenses in this case. Mattel further objects to this Request

18 on the grounds that it calls for the disclosure of information subject to the attorney-

19 client privilege, the attorney work-product doctrine and other applicable privileges.

20

21 **REQUEST FOR PRODUCTION NO. 478:**

22     All DOCUMENTS REFERRING OR RELATING to any use or

23 contemplated use by YOU of any recruiting agency or service including, but not

24 limited to Gregory Michaels & Associates to contact or recruit any MGA employee

25 to work for YOU.

26

27

28

07209/2200584.1

-11-

EXHIBIT 4   PAGE 45

**RESPONSE TO REQUEST FOR PRODUCTION NO. 478:**

1            In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 479:**

            DOCUMENTS sufficient to show weekly and monthly point of sale data for MY SCENE fashion dolls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 479:**

            In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "point of sale data" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

EXHIBIT ___4___ PAGE 146

1   objects to this Request on the grounds that it seeks confidential, proprietary and

2   trade secret information, including such information that has no bearing on the

3   claims or defenses in this case.

4

5   **REQUEST FOR PRODUCTION NO. 480:**

6           All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,

7   reproduction, copying, storage, transmission, transfer, retention, destruction,

8   deletion, or use of any DOCUMENT identifying MGA products in the course of any

9   planning, design, development or revision of any YOUR products.

10

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 480:**

12           In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad and unduly burdensome, including in that it seeks all documents on

15   this subject without limitation as to time, and regardless of whether such documents

16   relate to products or matters at issue in this case. The Request is also unintelligible,

17   leaving Mattel to guess what documents are being sought. Mattel further objects to

18   the Request on the grounds that it seeks documents that are not relevant to this

19   action or likely to lead to the discovery of admissible evidence. Mattel further

20   objects to this Request on the grounds that it seeks confidential, proprietary and

21   trade secret information, including such information that has no bearing on the

22   claims or defenses in this case. Mattel further objects to this Request on the grounds

23   that it calls for the disclosure of information subject to the attorney-client privilege,

24   the attorney work-product doctrine and other applicable privileges.

25

26   **REQUEST FOR PRODUCTION NO. 481:**

27           All DOCUMENTS, including, but not limited to, any compilation of

28   information, that were prepared, made, created, generated, assembled or compiled

EXHIBIT 4 PAGE 147

1  by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de
2  C.V.

3

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 481:**

5          In addition to the general objections stated above which are
6  incorporated herein by reference, Mattel objects to this Request on the grounds that
7  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
8  documents on this subject without limitation as to time, and regardless of whether
9  such documents relate to products or matters at issue in this case. Mattel further
10 objects to the use of the term "any compilation of information, that were prepared
11 made, created, generated, assembled or compiled by or for MGA or any MGA
12 subsidiary, including MGAE de Mexico, S.R.L. de C.V." in this context as vague
13 and ambiguous. Mattel further objects to the Request on the grounds that it seeks
14 documents that are not relevant to this action or likely to lead to the discovery of
15 admissible evidence. Mattel further objects to this Request on the grounds that it
16 seeks confidential, proprietary and trade secret information, including such
17 information that has no bearing on the claims or defenses in this case. Mattel further
18 objects to this Request on the grounds that it calls for the disclosure of information
19 subject to the attorney-client privilege, the attorney work-product doctrine and other
20 applicable privileges. Mattel further objects to this Request to the extent it seeks
21 documents already produced by Mattel, including documents stolen by MGA and
22 other defendants. Such documents will not be produced again.
23          Subject to and without waiving the foregoing objections, Mattel
24 responds as follows: Mattel will produce such responsive, non-privileged
25 documents that are in Mattel's possession, custody, or control, if any, that Mattel has
26 been able to locate after a diligent search and reasonable inquiry, to the extent not
27 previously produced.
28

07209/2200584.1

-14-


EXHIBIT 4 PAGE 148

1  **REQUEST FOR PRODUCTION NO. 482:**

2  All DOCUMENTS, including, but not limited to, any compilation of

3  information, that were prepared, made, created, generated, assembled or compiled

4  by or for MGA or any MGA subsidiary, and that YOU received from any third

5  party, including Rachel Harris or Fred Larian.

6

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 482:**

8  In addition to the general objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the use of the term "any compilation of information, that were prepared

14  made, created, generated, assembled or compiled by or for MGA or any MGA

15  subsidiary" in this context as vague and ambiguous. Mattel further objects to the

16  Request on the grounds that it seeks documents that are not relevant to this action or

17  likely to lead to the discovery of admissible evidence. Mattel further objects to this

18  Request on the grounds that it seeks confidential, proprietary and trade secret

19  information, including such information that has no bearing on the claims or

20  defenses in this case. Mattel further objects to this Request on the grounds that it

21  calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.

23

24  **REQUEST FOR PRODUCTION NO. 483:**

25  All investigative files REFERRING OR RELATING to BRYANT,

26  MGA or any of its employees, including but not limited to file numbers 02-299,

27  02-1680, and 03-034.

28

07209/2200584.1

-15-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT __4__ PAGE 149

**RESPONSE TO REQUEST FOR PRODUCTION NO. 483:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the use of the terms "investigative files" in this context as vague and ambiguous. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request to the extent that it seeks documents already produced by Mattel. Such documents will not be produced again.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents relating to Bryant that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 484:**

DOCUMENTS sufficient to show the directory structure of the ZEUS SERVER as it relates to MATTEL's girls toys division.

07209/2200584.1


EXHIBIT 4 PAGE 150

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 484:**

2          In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case. Mattel further

7  objects to the use of the terms "directory structure" and "MATTEL's girls toys

8  division" in this context as vague and ambiguous. Mattel further objects to the

9  Request on the grounds that it seeks documents that are not relevant to this action or

10  likely to lead to the discovery of admissible evidence. Mattel further objects to this

11  Request on the grounds that it seeks confidential, proprietary and trade secret

12  information, including such information that has no bearing on the claims or

13  defenses in this case.

14          Subject to and without waiving the foregoing objections, Mattel

15  responds as follows: Mattel will make available to defendants for inspection and

16  copying tapes from which this information may be derived.

17

18  **REQUEST FOR PRODUCTION NO. 485:**

19          All DOCUMENTS, since January 1, 1999, REFERRING OR

20  RELATING TO YOUR receipt, reproduction, copying, storage, transmission,

21  transfer, retention, destruction, deletion or use of any DOCUMENTS, including but

22  not limited to any compilation of information, that were prepared, made, created,

23  generated, assembled or compiled by or for MGA or any MGA subsidiary, including

24  MGAE de Mexico, S.R.L. de C.V. in Mexico City.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 485:**

27          In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request on the grounds that

07209/2200584.1

-17-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4   PAGE 151

1   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject regardless of whether such documents relate to products

3   or matters at issue in this case.  Mattel further objects to the use of the term "any

4   compilation of information, that were prepared made, created, generated, assembled

5   or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico,

6   S.R.L. de C.V." in this context as vague and ambiguous.  Mattel further objects to

7   the Request on the grounds that it seeks documents that are not relevant to this

8   action or likely to lead to the discovery of admissible evidence.  Mattel further

9   objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information, including such information that has no bearing on the

11  claims or defenses in this case.  Mattel further objects to this Request on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects to this Request to the extent it seeks documents already produced by Mattel,

15  including documents stolen by MGA and other defendants.  Such documents will

16  not be produced again.

17          Subject to and without waiving the foregoing objections, Mattel

18  responds as follows:  Mattel will produce such responsive, non-privileged

19  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

20  been able to locate after a diligent search and reasonable inquiry, to the extent not

21  previously produced.

22

23  **REQUEST FOR PRODUCTION NO. 486:**

24          All DOCUMENTS REFERRING OR RELATING TO YOUR or

25  YOUR attorney's or agent's knowledge of or participation in the investigation or

26  search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

27

28

-18-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT _4_   PAGE _152_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 486:**

1            In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
documents on this subject without limitation as to time, and regardless of whether
such documents relate to products or matters at issue in this case. Mattel further
objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of
or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V."
in this context as vague and ambiguous. Mattel further objects to this Request on
the grounds that it calls for the disclosure of information subject to the attorney-
client privilege, the attorney work-product doctrine and other applicable privileges.
Mattel further objects to the Request on the grounds that it seeks documents that are
not relevant to this action or likely to lead to the discovery of admissible evidence.
Mattel further objects to this Request on the grounds that it seeks confidential,
proprietary and trade secret information, including such information that has no
bearing on the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 487:**

           All DOCUMENTS REFERRING OR RELATING TO whether any of
the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in
Mexico City were prepared, made, created, generated, assembled or compiled by or
for MGA or any MGA subsidiary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 487:**

           In addition to the general objections stated above which are
incorporated herein by reference, Mattel objects to this Request on the grounds that
it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
documents on this subject without limitation as to time, and regardless of whether


EXHIBIT 4 PAGE 153

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence. Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges. Mattel further

9  objects to this Request to the extent it seeks documents already produced by Mattel,

10  including documents stolen by MGA and other defendants. Such documents will

11  not be produced again.

12       Subject to and without waiving the foregoing objections, Mattel

13  responds as follows: Mattel will produce such responsive, non-privileged

14  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

15  been able to locate after a diligent search and reasonable inquiry, to the extent not

16  previously produced.

17

18  **REQUEST FOR PRODUCTION NO. 488:**

19       All DOCUMENTS REFERRING OR RELATING TO YOUR

20  knowledge that any of the items seized by Mexican authorities from MGAE de

21  Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated,

22  assembled or compiled by or for MGA or any MGA subsidiary.

23

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 488:**

25       In addition to the general objections stated above which are

26  incorporated herein by reference, Mattel objects to this Request on the grounds that

27  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28  documents on this subject without limitation as to time, and regardless of whether

-20-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4   PAGE 54

1  such documents relate to products or matters at issue in this case. Mattel further

2  objects to the Request on the grounds that it seeks documents that are not relevant to

3  this action or likely to lead to the discovery of admissible evidence. Mattel further

4  objects to this Request on the grounds that it seeks confidential, proprietary and

5  trade secret information, including such information that has no bearing on the

6  claims or defenses in this case. Mattel further objects to this Request on the grounds

7  that it calls for the disclosure of information subject to the attorney-client privilege,

8  the attorney work-product doctrine and other applicable privileges. Mattel further

9  objects to this Request to the extent it seeks documents already produced by Mattel,

10  including documents stolen by MGA and other defendants. Such documents will

11  not be produced again.

12

13  **REQUEST FOR PRODUCTION NO. 489:**

14  All DOCUMENTS REFERRING OR RELATING TO YOUR or

15  YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois'

16  thumb drive by Canadian law enforcement.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 489:**

19  In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case. Mattel further

24  objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of

25  or participation in the seizure of Brisbois' thumb drive by Canadian law

26  enforcement" in this context as vague and ambiguous. Mattel further objects to the

27  Request on the grounds that it seeks documents that are not relevant to this action or

28  likely to lead to the discovery of admissible evidence. Mattel further objects to this



EXHIBIT 4  PAGE 155

1  Request on the grounds that it seeks confidential, proprietary and trade secret

2  information, including such information that has no bearing on the claims or

3  defenses in this case.  Mattel further objects to this Request on the grounds that it

4  calls for the disclosure of information subject to the attorney-client privilege, the

5  attorney work-product doctrine and other applicable privileges.

6

7  **REQUEST FOR PRODUCTION NO. 490:**

8          All DOCUMENTS REFERRING OR RELATING TO whether any of

9  the items seized by Canadian authorities from Brisbois' thumb drive were prepared,

10  made, created, generated, assembled or compiled by or for MGA or any MGA

11  subsidiary.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 490:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects to this Request to the extent it seeks documents already produced by Mattel,

27  including documents stolen by MGA and other defendants.  Such documents will

28  not be produced again.

EXHIBIT  4  PAGE  156

1   Subject to and without waiving the foregoing objections, Mattel

2   responds as follows:  Mattel will produce such responsive, non-privileged

3   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

4   been able to locate after a diligent search and reasonable inquiry, to the extent not

5   previously produced.

6

7   **REQUEST FOR PRODUCTION NO. 491:**

8   All DOCUMENTS REFERRING OR RELATING TO YOUR

9   knowledge that any of the items seized by Canadian authorities from Brisbois'

10   thumb drive were prepared, made, created, generated, assembled or compiled by or

11   for MGA or any MGA subsidiary.

12

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 491:**

14   In addition to the general objections stated above which are

15   incorporated herein by reference, Mattel objects to this Request on the grounds that

16   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17   documents on this subject without limitation as to time, and regardless of whether

18   such documents relate to products or matters at issue in this case.  Mattel further

19   objects to the Request on the grounds that it seeks documents that are not relevant to

20   this action or likely to lead to the discovery of admissible evidence.  Mattel further

21   objects to this Request on the grounds that it seeks confidential, proprietary and

22   trade secret information, including such information that has no bearing on the

23   claims or defenses in this case.  Mattel further objects to this Request on the grounds

24   that it calls for the disclosure of information subject to the attorney-client privilege,

25   the attorney work-product doctrine and other applicable privileges.  Mattel further

26   objects to this Request to the extent it seeks documents already produced by Mattel,

27   including documents stolen by MGA and other defendants.  Such documents will

28   not be produced again.



EXHIBIT ___4___ PAGE 157

**REQUEST FOR PRODUCTION NO. 492:**

All DOCUMENTS that REFER OR RELATE TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MGA employee, freelancer or contractor, including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 492:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 493:**

All COMMUNICATIONS between YOU and any PERSON REFERRING OR RELATING TO the retention, destruction, transfer, or use of any information or DOCUMENTS known to or possessed by any current or former MGA employee, freelancer or contractor, including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

EXHIBIT 4  PAGE 158

**RESPONSE TO REQUEST FOR PRODUCTION NO. 493:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 494:**

All COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 494:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products, matters, or persons at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the

07209/2200584.1

-25-

EXHIBIT 4 PAGE 159

1   claims or defenses in this case. Mattel further objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the attorney work-product doctrine and other applicable privileges.

4

5   **REQUEST FOR PRODUCTION NO. 495:**

6            All DOCUMENTS REFERRING OR RELATING TO

7   COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

8   MATTEL, including but not limited to all calendar entries, phone logs, phone

9   records and notes reflecting such COMMUNICATIONS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 495:**

12           In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products, matters, or persons at issue in this case. Mattel further objects to

17  the Request on the grounds that it seeks documents that are not relevant to this

18  action or likely to lead to the discovery of admissible evidence. Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24

25  **REQUEST FOR PRODUCTION NO. 496:**

26           All DOCUMENTS, including but not limited to all

27  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

28  Patel prior to her date of hire by MATTEL.

EXHIBIT 4  PAGE 160

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 496:**

2   In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it is overbroad and unduly burdensome, including in that it seeks all documents on

5   this subject without limitation as to time, and regardless of whether such documents

6   relate to products, matters, or persons at issue in this case. Mattel further objects to

7   the Request on the grounds that it seeks documents that are not relevant to this

8   action or likely to lead to the discovery of admissible evidence. Mattel further

9   objects to this Request on the grounds that it seeks confidential, proprietary and

10   trade secret information, including such information that has no bearing on the

11   claims or defenses in this case. Mattel further objects to this Request on the grounds

12   that it calls for the disclosure of information subject to the attorney-client privilege,

13   the attorney work-product doctrine and other applicable privileges.

14

15   **REQUEST FOR PRODUCTION NO. 497:**

16   All DOCUMENTS, including but not limited to all

17   COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

18   Patel's resignation from MGA.

19

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 497:**

21   In addition to the general objections stated above which are

22   incorporated herein by reference, Mattel objects to this Request on the grounds that

23   it is overbroad and unduly burdensome, including in that it seeks all documents on

24   this subject without limitation as to time, and regardless of whether such documents

25   relate to products, matters, or persons at issue in this case. Mattel further objects to

26   the Request on the grounds that it seeks documents that are not relevant to this

27   action or likely to lead to the discovery of admissible evidence. Mattel further

28   objects to this Request on the grounds that it seeks confidential, proprietary and

EXHIBIT 4 PAGE 161

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case. Mattel further objects to this Request on the grounds

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the attorney work-product doctrine and other applicable privileges.

5

6  **REQUEST FOR PRODUCTION NO. 498:**

7  All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

9  compensation, money or any other item of value paid to Tina Patel, whether directly

10  or indirectly, by YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 498:**

13  In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products, matters, or persons at issue in this case. Mattel further objects to

18  the Request on the grounds that it seeks documents that are not relevant to this

19  action or likely to lead to the discovery of admissible evidence. Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case. Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 499:**

27  All DOCUMENTS received by YOU, directly or indirectly, from Tina

28  Patel REFERRING OR RELATING TO any MGA product or plan.



EXHIBIT 4 PAGE 162

**RESPONSE TO REQUEST FOR PRODUCTION NO. 499:**

1  
2     In addition to the general objections stated above which are  
3  incorporated herein by reference, Mattel objects to this Request on the grounds that  
4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all  
5  documents on this subject without limitation as to time, and regardless of whether  
6  such documents relate to products or matters at issue in this case. Mattel further  
7  objects to the use of the term "any MGA product or plan" in this context as vague  
8  and ambiguous. Mattel further objects to the Request on the grounds that it seeks  
9  documents that are not relevant to this action or likely to lead to the discovery of  
10 admissible evidence. Mattel further objects to this Request on the grounds that it  
11 seeks confidential, proprietary and trade secret information, including such  
12 information that has no bearing on the claims or defenses in this case. Mattel further  
13 objects to this Request on the grounds that it calls for the disclosure of information  
14 subject to the attorney-client privilege, the attorney work-product doctrine and other  
15 applicable privileges.  
16  

**REQUEST FOR PRODUCTION NO. 500:**

17  
18     All DOCUMENTS, including but not limited to all  
19 COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO  
20 YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,  
21 destruction, deletion or use of any DOCUMENTS, data and/or information,  
22 including but not limited to any compilation of information, that was prepared,  
23 made, created, generated, assembled or compiled by or for MGA and that YOU  
24 received, directly or indirectly, from Tina Patel.  
25  

**RESPONSE TO REQUEST FOR PRODUCTION NO. 500:**

26  
27     In addition to the general objections stated above which are  
28 incorporated herein by reference, Mattel objects to this Request on the grounds that  

EXHIBIT __4__ PAGE __163__

1 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
2 | documents on this subject without limitation as to time, and regardless of whether
3 | such documents relate to products or matters at issue in this case. Mattel further
4 | objects to the use of the term "any compilation of information, that were prepared
5 | made, created, generated, assembled or compiled by or for MGA" in this context as
6 | vague and ambiguous. Mattel further objects to the Request on the grounds that it
7 | seeks documents that are not relevant to this action or likely to lead to the discovery
8 | of admissible evidence. Mattel further objects to this Request on the grounds that it
9 | seeks confidential, proprietary and trade secret information, including such
10 | information that has no bearing on the claims or defenses in this case. Mattel further
11 | objects to this Request on the grounds that it calls for the disclosure of information
12 | subject to the attorney-client privilege, the attorney work-product doctrine and other
13 | applicable privileges.

14 |

15 | **REQUEST FOR PRODUCTION NO. 501:**

16 | A copy of each personnel file maintained or created by YOU

17 | REFERRING OR RELATING TO Tina Patel.

18 |

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 501:**

20 | In addition to the general objections stated above which are

21 | incorporated herein by reference, Mattel objects to this Request on the grounds that

22 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23 | documents on this subject without limitation as to time, and regardless of whether

24 | such documents relate to products, matters, or persons at issue in this case. Mattel

25 | further objects to the Request on the grounds that it seeks documents that are not

26 | relevant to this action or likely to lead to the discovery of admissible evidence.

27 | Mattel further objects to this Request on the grounds that it seeks confidential,

28 | proprietary and trade secret information, including such information that has no

07209/2200584.1

-30-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION



EXHIBIT 4 PAGE 164

1  bearing on the claims or defenses in this case. Mattel further objects to this Request
2  on the grounds that it calls for the disclosure of information subject to the attorney-
3  client privilege, the attorney work-product doctrine and other applicable privileges.

4

5  **REQUEST FOR PRODUCTION NO. 502:**

6          All DOCUMENTS, including but not limited to all

7  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

8  in part, by Tina Patel REFERRING OR RELATING TO any of the CONTESTED

9  MGA PRODUCTS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 502:**

12          In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15  documents on this subject without limitation as to time, and regardless of whether

16  such documents relate to products or matters at issue in this case. Mattel further

17  objects to the Request on the grounds that it seeks documents that are not relevant to

18  this action or likely to lead to the discovery of admissible evidence. Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case. Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24          Subject to and without waiving the foregoing objections, Mattel

25  responds as follows: Mattel will produce such responsive, non-privileged

26  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

27  been able to locate after a diligent search and reasonable inquiry, to the extent not

28  previously produced.

07209/2200584.1

EXHIBIT __4__ PAGE __165__

1  **REQUEST FOR PRODUCTION NO. 503:**

2       All COMMUNICATIONS between YOU and Christopher Hardouin

3  prior to his date of hire by MATTEL.

4

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 503:**

6       In addition to the general objections stated above which are

7  incorporated herein by reference, Mattel objects to this Request on the grounds that

8  it is overbroad and unduly burdensome, including in that it seeks all documents on

9  this subject without limitation as to time, and regardless of whether such documents

10  relate to products or matters at issue in this case.  Mattel further objects to the

11  Request on the grounds that it seeks documents that are not relevant to this action or

12  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

13  Request on the grounds that it seeks confidential, proprietary and trade secret

14  information, including such information that has no bearing on the claims or

15  defenses in this case.  Mattel further objects to this Request on the grounds that it

16  calls for the disclosure of information subject to the attorney-client privilege, the

17  attorney work-product doctrine and other applicable privileges.

18

19  **REQUEST FOR PRODUCTION NO. 504:**

20       All DOCUMENTS REFERRING OR RELATING TO

21  COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of

22  hire by MATTEL, including but not limited to all calendar entries, phone logs,

23  phone records and notes reflecting such COMMUNICATIONS.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 504:**

26       In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad and unduly burdensome, including in that it seeks all documents on

07209/2200584.1



EXHIBIT 4 PAGE 146

1  this subject without limitation as to time, and regardless of whether such documents

2  relate to products, matters, or persons at issue in this case. Mattel further objects to

3  the Request on the grounds that it seeks documents that are not relevant to this

4  action or likely to lead to the discovery of admissible evidence. Mattel further

5  objects to this Request on the grounds that it seeks confidential, proprietary and

6  trade secret information, including such information that has no bearing on the

7  claims or defenses in this case. Mattel further objects to this Request on the grounds

8  that it calls for the disclosure of information subject to the attorney-client privilege,

9  the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 505:**

12          All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

14  Christopher Hardquin prior to his date of hire by MATTEL.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 505:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents on

20  this subject without limitation as to time, and regardless of whether such documents

21  relate to products, matters, or persons at issue in this case. Mattel further objects to

22  the Request on the grounds that it seeks documents that are not relevant to this

23  action or likely to lead to the discovery of admissible evidence. Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case. Mattel further objects to this Request on the grounds

27  that it calls for the disclosure of information subject to the attorney-client privilege,

28  the attorney work-product doctrine and other applicable privileges.

EXHIBIT 4  PAGE 167

1    **REQUEST FOR PRODUCTION NO. 506:**

2           All DOCUMENTS, including but not limited to all

3    COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

4    Christopher Hardouin's resignation from MGA.

5

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 506:**

7           In addition to the general objections stated above which are

8    incorporated herein by reference, Mattel objects to this Request on the grounds that

9    it is overbroad and unduly burdensome, including in that it seeks all documents on

10   this subject without limitation as to time, and regardless of whether such documents

11   relate to products, matters, or persons at issue in this case.  Mattel further objects to

12   the Request on the grounds that it seeks documents that are not relevant to this

13   action or likely to lead to the discovery of admissible evidence.  Mattel further

14   objects to this Request on the grounds that it seeks confidential, proprietary and

15   trade secret information, including such information that has no bearing on the

16   claims or defenses in this case.  Mattel further objects to this Request on the grounds

17   that it calls for the disclosure of information subject to the attorney-client privilege,

18   the attorney work-product doctrine and other applicable privileges.

19

20   **REQUEST FOR PRODUCTION NO. 507:**

21          All DOCUMENTS, including but not limited to all

22   COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

23   compensation, money or any other item of value paid to Christopher Hardouin,

24   whether directly or indirectly, by YOU.

25

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 507:**

27          In addition to the general objections stated above which are

28   incorporated herein by reference, Mattel objects to this Request on the grounds that

07209/2200584.1

-34-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION



EXHIBIT 4 PAGE 148

1  it is overbroad and unduly burdensome, including in that it seeks all documents on

2  this subject without limitation as to time, and regardless of whether such documents

3  relate to products, matters, or persons at issue in this case. Mattel further objects to

4  the Request on the grounds that it seeks documents that are not relevant to this

5  action or likely to lead to the discovery of admissible evidence. Mattel further

6  objects to this Request on the grounds that it seeks confidential, proprietary and

7  trade secret information, including such information that has no bearing on the

8  claims or defenses in this case. Mattel further objects to this Request on the grounds

9  that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 508:**

13      All DOCUMENTS received by YOU, directly or indirectly, from

14  Christopher Hardouin REFERRING OR RELATING TO any MGA product or plan.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 508:**

17      In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the use of the term "MGA product or plan" in this context as vague and

23  ambiguous. Mattel further objects to the Request on the grounds that it seeks

24  documents that are not relevant to this action or likely to lead to the discovery of

25  admissible evidence. Mattel further objects to this Request on the grounds that it

26  seeks confidential, proprietary and trade secret information, including such

27  information that has no bearing on the claims or defenses in this case. Mattel further

28  objects to this Request on the grounds that it calls for the disclosure of information

-35-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4 PAGE 169

1  subject to the attorney-client privilege, the attorney work-product doctrine and other

2  applicable privileges.

3

4  **REQUEST FOR PRODUCTION NO. 509:**

5          All DOCUMENTS, including but not limited to all

6  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

7  YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

8  destruction, deletion or use of any DOCUMENTS, data and/or information,

9  including but not limited to any compilation of information, that was prepared,

10  made, created, generated, assembled or compiled by or for MGA and that YOU

11  received, directly or indirectly, from Christopher Hardouin.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 509:**

14          In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges.

26

27

28

07209/2200584.1

-36-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4 PAGE 170

1   **REQUEST FOR PRODUCTION NO. 510:**

2           A copy of each personnel file maintained or created by YOU

3   REFERRING OR RELATING TO Christopher Hardouin.

4

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 510:**

6           In addition to the general objections stated above which are

7   incorporated herein by reference, Mattel objects to this Request on the grounds that

8   it is overbroad and unduly burdensome, including in that it seeks all documents on

9   this subject without limitation as to time, and regardless of whether such documents

10  relate to products, matters, or persons at issue in this case. Mattel further objects to

11  the Request on the grounds that it seeks documents that are not relevant to this

12  action or likely to lead to the discovery of admissible evidence. Mattel further

13  objects to this Request on the grounds that it seeks confidential, proprietary and

14  trade secret information, including such information that has no bearing on the

15  claims or defenses in this case. Mattel further objects to this Request on the grounds

16  that it calls for the disclosure of information subject to the attorney-client privilege,

17  the attorney work-product doctrine and other applicable privileges.

18

19  **REQUEST FOR PRODUCTION NO. 511:**

20          All DOCUMENTS, including but not limited to all

21  COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

22  in part, by Christopher Hardouin REFERRING OR RELATING TO any of the

23  CONTESTED MGA PRODUCTS.

24

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 511:**

26          In addition to the general objections stated above which are

27  incorporated herein by reference, Mattel objects to this Request on the grounds that

28  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

07209/2200584.1

-37-

EXHIBIT 4   PAGE 171

1 | documents on this subject without limitation as to time, and regardless of whether

2 | such documents relate to products or matters at issue in this case.  Mattel further

3 | objects to the Request on the grounds that it seeks documents that are not relevant to

4 | this action or likely to lead to the discovery of admissible evidence.  Mattel further

5 | objects to this Request on the grounds that it seeks confidential, proprietary and

6 | trade secret information, including such information that has no bearing on the

7 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

8 | that it calls for the disclosure of information subject to the attorney-client privilege,

9 | the attorney work-product doctrine and other applicable privileges.

10 |

11 | **REQUEST FOR PRODUCTION NO. 512:**

12 | All DOCUMENTS REFERRING OR RELATING TO the creation,

13 | origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE

14 | POLLY" including, without limitation, the creation, origins or sources of inspiration

15 | of the pose of "POLLY POCKET COLOR SURPRISE POLLY."

16 |

17 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 512:**

18 | In addition to the general objections stated above which are

19 | incorporated herein by reference, Mattel objects to this Request on the grounds that

20 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

21 | documents on this subject without limitation as to time, and regardless of whether

22 | such documents relate to products or matters at issue in this case.  Mattel further

23 | objects to the Request on the grounds that it seeks documents that are not relevant to

24 | this action or likely to lead to the discovery of admissible evidence.  Mattel further

25 | objects to this Request on the grounds that it seeks confidential, proprietary and

26 | trade secret information, including such information that has no bearing on the

27 | claims or defenses in this case.  Mattel further objects to this Request on the grounds

28 | that it calls for the disclosure of information subject to the attorney-client privilege,

07209/2200584.1

-38-



EXHIBIT 4   PAGE 172

1  the attorney work-product doctrine and other applicable privileges.  Mattel further

2  objects on the ground that this Request seeks to circumvent the Discovery Master's

3  Orders of April 19, 2007, and May 22, 2007.

4

5  **REQUEST FOR PRODUCTION NO. 513:**

6        All DOCUMENTS REFERRING OR RELATING TO any similarity

7  or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

8  MGA product (whether released or unreleased) known to YOU, including but not

9  limited to any similarity or dissimilarity between the pose of "POLLY POCKET

10  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 513:**

13        In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects on the ground that this Request seeks to circumvent the Discovery Master's

26  Orders of April 19, 2007, and May 22, 2007.

27

28

EXHIBIT 4 PAGE 173

1  **REQUEST FOR PRODUCTION NO. 514:**

2          All DOCUMENTS REFERRING OR RELATING TO whether the

3  appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

4  replicates, or in any way imitates the appearance or pose of any MGA product

5  (whether released or unreleased) known to YOU.

6

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 514:**

8          In addition to the general objections stated above which are

9  incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence. Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information, including such information that has no bearing on the

17  claims or defenses in this case. Mattel further objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.   Mattel further

20  objects on the ground that this Request seeks to circumvent the Discovery Master's

21  Orders of April 19, 2007, and May 22, 2007.

22

23  **REQUEST FOR PRODUCTION NO. 515:**

24          DOCUMENTS, including but not limited to organizational charts,

25  sufficient to identify (by name and job function) all current and former MATTEL

26  personnel and/or freelancers comprising the primary team that worked on the

27  creation, design and development of "POLLY POCKET COLOR SURPRISE

28  POLLY."

07209/2200584.1

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT 4   PAGE 174

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 515:**

2        In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case.  Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information, including such information that has no bearing on the

11  claims or defenses in this case.  Mattel further objects to this Request on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.  Mattel further

14  objects on the ground that this Request seeks to circumvent the Discovery Master's

15  Orders of April 19, 2007, and May 22, 2007.

16

17  **REQUEST FOR PRODUCTION NO. 516:**

18        All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

19  to institute a litigation hold in response to the litigation originally captioned *Mattel,*

20  *Inc. v. Bryant.*; Case No. CV 04-9059 SGL (RNBx).

21

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 516:**

23        In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it is overbroad and unduly burdensome.  Mattel further objects on the ground that

26  this Request duplicates prior Requests by MGA, and is clearly designed to burden

27  and harass.  Mattel further objects to the Request on the grounds that it seeks

28  documents that are not relevant to this action or likely to lead to the discovery of

EXHIBIT 4 PAGE 175

1  admissible evidence. Mattel further objects to this Request on the grounds that it

2  calls for the disclosure of information subject to the attorney-client privilege, the

3  attorney work-product doctrine and other applicable privileges.

4          Subject to and without waiving the foregoing objections, Mattel

5  responds as follows: Mattel will produce one or more affidavits setting forth its

6  preservation efforts and policies with respect to the present litigation, as required by

7  Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

8  2007.

9

10  **REQUEST FOR PRODUCTION NO. 517:**

11          All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

12  to institute a litigation hold in response to the litigation originally captioned *MGA*

13  *Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-02727 SGL (RNBx).

14

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 517:**

16          In addition to the general objections stated above which are

17  incorporated herein by reference, Mattel objects to this Request on the grounds that

18  it is overbroad and unduly burdensome. Mattel further objects on the ground that

19  this Request duplicates prior Requests by MGA, and is clearly designed to burden

20  and harass. Mattel further objects to the Request on the grounds that it seeks

21  documents that are not relevant to this action or likely to lead to the discovery of

22  admissible evidence. Mattel further objects to this Request on the grounds that it

23  calls for the disclosure of information subject to the attorney-client privilege, the

24  attorney work-product doctrine and other applicable privileges.

25          Subject to and without waiving the foregoing objections, Mattel

26  responds as follows: Mattel will produce one or more affidavits setting forth its

27  preservation efforts and policies with respect to the present litigation, as required by

28

07209/2200584.1

-42-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION



EXHIBIT 4 PAGE 176

1 Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

2 2007.

3

4 **REQUEST FOR PRODUCTION NO. 518:**

5    All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

6 to institute a litigation hold in response to the litigation originally captioned *Bryant*

7 *v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx).

8

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 518:**

10    In addition to the general objections stated above which are

11 incorporated herein by reference, Mattel objects to this Request on the grounds that

12 it is overbroad and unduly burdensome.  Mattel further objects on the ground that

13 this Request duplicates prior Requests by MGA, and is clearly designed to burden

14 and harass.  Mattel further objects to the Request on the grounds that it seeks

15 documents that are not relevant to this action or likely to lead to the discovery of

16 admissible evidence.  Mattel further objects to this Request on the grounds that it

17 calls for the disclosure of information subject to the attorney-client privilege, the

18 attorney work-product doctrine and other applicable privileges.

19    Subject to and without waiving the foregoing objections, Mattel

20 responds as follows:  Mattel will produce one or more affidavits setting forth its

21 preservation efforts and policies with respect to the present litigation, as required by

22 Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

23 2007.

24

25 **REQUEST FOR PRODUCTION NO. 519:**

26    All COMMUNICATIONS between YOU and the toy manufacturer

27 JETTA REFERRING OR RELATING to MGA, BRATZ or LARIAN.

28

07209/2200584.1

EXHIBIT 4  PAGE 177

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 519:

2           In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it is overbroad and unduly burdensome, including in that it seeks all documents on

5   this subject without limitation as to time, and regardless of whether such documents

6   relate to products or matters at issue in this case. Mattel further objects to the

7   Request on the grounds that it seeks documents that are not relevant to this action or

8   likely to lead to the discovery of admissible evidence. Mattel further objects to this

9   Request on the grounds that it seeks confidential, proprietary and trade secret

10   information, including such information that has no bearing on the claims or

11   defenses in this case. Mattel further objects on the ground that this Request seeks to

12   circumvent the Discovery Master's Order dated May 22, 2007.

13

14   REQUEST FOR PRODUCTION NO. 520:

15           All COMMUNICATIONS between YOU and EARLY LIGHT,

16   including but not limited to Francis Choi; Wilson Ng, and Carmen Choi,

17   REFERRING OR RELATING to MGA, BRATZ or LARIAN.

18

19   RESPONSE TO REQUEST FOR PRODUCTION NO. 520:

20           In addition to the general objections stated above which are

21   incorporated herein by reference, Mattel objects to this Request on the grounds that

22   it is overbroad and unduly burdensome, including in that it seeks all documents on

23   this subject without limitation as to time, and regardless of whether such documents

24   relate to products or matters at issue in this case. Mattel further objects to the

25   Request on the grounds that it seeks documents that are not relevant to this action or

26   likely to lead to the discovery of admissible evidence. Mattel further objects to this

27   Request on the grounds that it seeks confidential, proprietary and trade secret

28   information, including such information that has no bearing on the claims or

07209/2200584.1

-44-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT 4  PAGE 178

1   defenses in this case. Mattel further objects on the ground that this Request seeks to

2   circumvent the Discovery Master's Order dated May 22, 2007.

3

4   **REQUEST FOR PRODUCTION NO. 521:**

5           All COMMUNICATIONS between YOU and ASAHI REFERRING

6   OR RELATING to MGA, BRATZ or LARIAN.

7

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 521:**

9           In addition to the general objections stated above which are

10   incorporated herein by reference, Mattel objects to this Request on the grounds that

11   it is overbroad and unduly burdensome, including in that it seeks all documents on

12   this subject without limitation as to time, and regardless of whether such documents

13   relate to products or matters at issue in this case. Mattel further objects to the

14   Request on the grounds that it seeks documents that are not relevant to this action or

15   likely to lead to the discovery of admissible evidence. Mattel further objects to this

16   Request on the grounds that it seeks confidential, proprietary and trade secret

17   information, including such information that has no bearing on the claims or

18   defenses in this case. Mattel further objects on the ground that this Request seeks to

19   circumvent the Discovery Master's Order dated May 22, 2007.

20

21   **REQUEST FOR PRODUCTION NO. 522:**

22           All COMMUNICATIONS between YOU and UNIVERSAL

23   REFERRING OR RELATING to MGA, BRATZ or LARIAN.

24

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 522:**

26           In addition to the general objections stated above which are

27   incorporated herein by reference, Mattel objects to this Request on the grounds that

28   it is overbroad and unduly burdensome, including in that it seeks all documents on

07209/2200584.1

EXHIBIT 4 PAGE 179

1   this subject without limitation as to time, and regardless of whether such documents

2   relate to products or matters at issue in this case. Mattel further objects to the

3   Request on the grounds that it seeks documents that are not relevant to this action or

4   likely to lead to the discovery of admissible evidence. Mattel further objects to this

5   Request on the grounds that it seeks confidential, proprietary and trade secret

6   information, including such information that has no bearing on the claims or

7   defenses in this case. Mattel further objects on the ground that this Request seeks to

8   circumvent the Discovery Master's Order dated May 22, 2007.

9

10   **REQUEST FOR PRODUCTION NO. 523:**

11         All COMMUNICATIONS between YOU and KANEKA REFERRING

12   OR RELATING to MGA, BRATZ or LARIAN.

13

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 523:**

15         In addition to the general objections stated above which are

16   incorporated herein by reference, Mattel objects to this Request on the grounds that

17   it is overbroad and unduly burdensome, including in that it seeks all documents on

18   this subject without limitation as to time, and regardless of whether such documents

19   relate to products or matters at issue in this case. Mattel further objects to the

20   Request on the grounds that it seeks documents that are not relevant to this action or

21   likely to lead to the discovery of admissible evidence. Mattel further objects to this

22   Request on the grounds that it seeks confidential, proprietary and trade secret

23   information, including such information that has no bearing on the claims or

24   defenses in this case. Mattel further objects on the ground that this Request seeks to

25   circumvent the Discovery Master's Order dated May 22, 2007.

26

27

28


EXHIBIT 4   PAGE 180

1   <u>**REQUEST FOR PRODUCTION NO. 524:**</u>

2           All COMMUNICATIONS between YOU and FILO REFERRING OR

3   RELATING to MGA, BRATZ or LARIAN.

4

5   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 524:**</u>

6           In addition to the general objections stated above which are

7   incorporated herein by reference, Mattel objects to this Request on the grounds that

8   it is overbroad and unduly burdensome, including in that it seeks all documents on

9   this subject without limitation as to time, and regardless of whether such documents

10  relate to products or matters at issue in this case.  Mattel further objects to the

11  Request on the grounds that it seeks documents that are not relevant to this action or

12  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

13  Request on the grounds that it seeks confidential, proprietary and trade secret

14  information, including such information that has no bearing on the claims or

15  defenses in this case.  Mattel further objects on the ground that this Request seeks to

16  circumvent the Discovery Master's Order dated May 22, 2007.

17

18  <u>**REQUEST FOR PRODUCTION NO. 525:**</u>

19          Copies of all producers' affidavits for any ADVERTISEMENT for MY

20  SCENE or ACCELERACERS.

21

22  <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 525:**</u>

23          In addition to the general objections stated above which are

24  incorporated herein by reference, Mattel objects to this Request on the grounds that

25  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

26  documents on this subject without limitation as to time, and regardless of whether

27  such documents relate to products or matters at issue in this case.  Mattel further

28  objects to the use of the terms "producers' affidavits" in this context as vague and

07209/2260584.1

-47-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION


EXHIBIT 4   PAGE 61

1  ambiguous.  Mattel further objects to the Request on the grounds that it seeks

2  documents that are not relevant to this action or likely to lead to the discovery of

3  admissible evidence.  Mattel further objects to this Request on the grounds that it

4  seeks confidential, proprietary and trade secret information, including such

5  information that has no bearing on the claims or defenses in this case.

6     Subject to and without waiving the foregoing objections, Mattel

7  responds as follows:  Mattel will produce such responsive, non-privileged

8  documents relating to those advertisements placed at issue in this litigation that are

9  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10  after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12  **REQUEST FOR PRODUCTION NO. 526:**

13     All DOCUMENTS that constitute COMMUNICATIONS between

14  YOU (including YOUR agents and attorneys) and law enforcement authorities in

15  Mexico, Canada or the United States, including but not limited to the United States

16  Attorney's Office, the Department of Justice and any national, regional, state or local

17  authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any

18  other alleged taking of confidential MATTEL information by MGA or persons

19  currently or formerly employed by MGA.

20

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 526:**

22     In addition to the general objections stated above which are

23  incorporated herein by reference, Mattel objects to this Request on the grounds that

24  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

25  documents on this subject without limitation as to time, and regardless of whether

26  such documents relate to products or matters at issue in this case.  Mattel further

27  objects on the ground that this Request duplicates prior Requests by MGA, and is

28  clearly designed to burden and harass.  Mattel further objects to the Request on the

-48-

07209/2200584.1



EXHIBIT 4  PAGE 182

1  grounds that it seeks documents that are not relevant to this action or likely to lead

2  to the discovery of admissible evidence.  Mattel further objects to this Request on

3  the grounds that it seeks confidential, proprietary and trade secret information,

4  including such information that has no bearing on the claims or defenses in this

5  case.

6        Subject to and without waiving the foregoing objections, Mattel

7  responds as follows:  Mattel will produce such responsive, non-privileged

8  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

9  been able to locate after a diligent search and reasonable inquiry, to the extent not

10  previously produced.

11

12  **REQUEST FOR PRODUCTION NO. 527:**

13        All DOCUMENTS REFERRING OR RELATING TO Board of

14  Directors meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer,

15  Janine Brisbois, Carlos Gustavo Machado Gomez, Mariana Trueba Almada, or

16  Pablo Vargas San Jose were discussed, including, but not limited to, meeting

17  minutes, notes and memoranda.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 527:**

20        In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products or matters at issue in this case.  Mattel further

25  objects to the Request on the grounds that it seeks documents that are not relevant to

26  this action or likely to lead to the discovery of admissible evidence.  Mattel further

27  objects to this Request on the grounds that it seeks confidential, proprietary and

28  trade secret information, including such information that has no bearing on the

07209/2200584.1

-49-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4   PAGE 183

1   claims or defenses in this case. Mattel further objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the attorney work-product doctrine and other applicable privileges.

4

5   **REQUEST FOR PRODUCTION NO. 528:**

6            All DOCUMENTS that YOU (including YOUR agents and attorneys)

7   provided to law enforcement authorities in Mexico, Canada or the United States,

8   including but not limited to the United States Attorney's Office, the Department of

9   Justice and any national, regional, state or local authorities, concerning any of the

10  allegations in YOUR COUNTERCLAIMS or any other alleged taking of

11  confidential MATTEL information by MGA or persons currently or formerly

12  employed by MGA.

13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 528:**

15           In addition to the general objections stated above which are

16  incorporated herein by reference, Mattel objects to this Request on the grounds that

17  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

18  documents on this subject without limitation as to time, and regardless of whether

19  such documents relate to products or matters at issue in this case. Mattel further

20  objects to the Request on the grounds that it seeks documents that are not relevant to

21  this action or likely to lead to the discovery of admissible evidence. Mattel further

22  objects to this Request on the grounds that it seeks confidential, proprietary and

23  trade secret information, including such information that has no bearing on the

24  claims or defenses in this case.

25

26  **REQUEST FOR PRODUCTION NO. 529:**

27           All DOCUMENTS that support the information and belief alleged in

28  paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

07209/2200584.1

-50-
MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

EXHIBIT 4 PAGE 184

**RESPONSE TO REQUEST FOR PRODUCTION NO. 529:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will produce such responsive, non-privileged documents that are in Mattel's possession, custody, or control, if any, that Mattel has been able to locate after a diligent search and reasonable inquiry, to the extent not previously produced.

**REQUEST FOR PRODUCTION NO. 530:**

All DOCUMENTS, including but not limited to agreements, draft agreements and correspondence, REFERRING OR RELATING TO the payment or offer of payment of attorneys fees by MATTEL to any PERSON in connection this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 530:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it calls for the disclosure of information

EXHIBIT 4   PAGE 185

1  subject to the attorney-client privilege, joint defense privilege, the attorney work-

2  product doctrine and other applicable privileges.

3         Subject to and without waiving the foregoing objections, Mattel

4  responds as follows:  Mattel will produce such responsive, non-privileged

5  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

6  been able to locate after a diligent search and reasonable inquiry, to the extent not

7  previously produced.

8

9  **REQUEST FOR PRODUCTION NO. 531:**

10        DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

11 counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

12 with this ACTION, including, but not limited to, a copy of the fee agreement or

13 retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

14 LLP.

15 /

16 /

17 /

18 /

19 /

20 /

21 /

22 /

23 /

24 /

25 /

26 /

27 /

28 /

07209/2200584.1

EXHIBIT ___4___ PAGE _186_

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 531:

2      In addition to the general objections stated above which are

3  incorporated herein by reference, Mattel objects to this Request on the grounds that

4  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5  documents on this subject without limitation as to time, and regardless of whether

6  such documents relate to products or matters at issue in this case.  Mattel further

7  objects to the Request on the grounds that it seeks documents that are not relevant to

8  this action or likely to lead to the discovery of admissible evidence.  Mattel further

9  objects to this Request on the grounds that it calls for the disclosure of information

10  subject to the attorney-client privilege, the attorney work-product doctrine and other

11  applicable privileges.

12

13  DATED:  September 4, 2007       QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
14

15                                 By_____
16                                    Timothy L. Alger
                                      Attorneys for Plaintiff and
17                                    Counter-Defendant Mattel

18

19

20

21

22

23

24

25

26

27

28

072D9/Z200584.1

EXHIBIT 4    PAGE 187

**PROOF OF SERVICE**

1

2    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On September 4, 2007, I served true copies of the following document(s) described as **MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION**

5    on the parties in this action as follows:

6    John W. Keker, Esq.                          Diana M. Torres, Esq.
     Michael H. Page, Esq.                        **O'MELVENY & MYERS, LLP**

7    Christina M. Anderson, Esq.                  400 S. Hope Street
     Keker & Van Nest, LLP                        Los Angeles, CA 90071

8    710 Sansome Street                           *Attorneys for MGA Entertainment, Inc.*
     San Francisco, CA 94111

9    *Attorneys for Carter Bryant*

10   Patricia Glaser, Esq.                        James Spertus
     **Christensen, Glaser, Fink, Jacobs, Weil**  Law Offices of James W. Spertus

11   **& Shapiro, LLP**                           12100 Wilshire Blvd., Suite 620
     10250 Constellation Blvd., 19th Floor        Los Angeles, CA 90025

12   Los Angeles, CA 90067
     *Attorney for MGA Entertainment*

13

14   **BY U.S. MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed

15   with postage thereon fully prepaid.

16   I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

17   Executed on September 4, 2007, at Los Angeles, California.

18

19                                     _Cyrus Naim_

20                                     Cyrus Naim

21

22

23

24

25

26

27

28

07209/2207468.1

EXHIBIT 4    PAGE 188

**EXHIBIT 5**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      michaelzeller@quinnemanuel.com
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      timalger@quinnemanuel.com
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Plaintiff and
    Counter-Defendant Mattel

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13   CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

14                  Plaintiff,            Consolidated with:
                                          Case No. CV 04-09059
15         v.                             Case No. CV 05-02727

16                                        MATTEL'S CORRECTED
17   MATTEL, INC., a Delaware             RESPONSES TO MGA'S FIFTH SET
     Corporation,                         OF REQUESTS FOR PRODUCTION
18
                                          Hon. Stephen G. Larson
19                  Defendant.

20

21   AND CONSOLIDATED ACTIONS

22

23   PROPOUNDING PARTY:      MGA ENTERTAINMENT, INC.

24   RESPONDING PARTY:       MATTEL, INC.

25   SET NO.:                FIVE

26   NOS.                    470 – 531

27

28
                            EXHIBIT 5   PAGE 189

209/2200584.1

                        1-9

## Preliminary Statement

Mattel, Inc. ("Mattel") has not yet completed its investigation of the facts relating to this action, has not yet reviewed all documents relating to this action, has not yet interviewed all witnesses in this action, and has not yet received all requested discovery from defendants and third parties with regard to this action. Consequently, Mattel reserves the right to amend and/or supplement its responses if and when additional facts or documents are discovered.  Additionally, because Mattel's responses are based on facts and documents that Mattel has identified to date, they do not preclude Mattel from later relying on facts discovered pursuant to further investigation or discovery or on subsequently discovered or generated documents.  Mattel's response to any of MGA Entertainment, Inc.'s ("MGA") Fifth Set of Requests for Production of Documents and Things in Case No. 05-2727 (the "Requests") is not to be construed as a waiver of any of its objections or its right to object to any other request.

## General Objections

Mattel generally objects to each of the Requests on each and every one of the following grounds, which are incorporated into and made a part of the response to each and every individual request:

1.     Mattel objects to the Requests on the grounds and to the extent that they seek to impose discovery obligations beyond those required or permitted by the Federal Rules of Civil Procedure.

2.     Mattel objects to the Requests on the grounds and to the extent they call for the production of documents subject to the attorney-client privilege, the attorney work product doctrine, the right to privacy as set forth in the United States and/or California Constitutions, or any other applicable law, privilege, immunity, doctrine or other ground of privilege.  Mattel will not produce such privileged documents.

EXHIBIT 5 PAGE 190

209/2200584.1

-1-

3.      Mattel objects to the Requests on the grounds and to the extent they are overly broad, unduly burdensome, oppressive or unreasonably cumulative.

4.      Mattel objects to the Requests on the grounds and to the extent they seek information which is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Mattel objects to the Requests on the grounds and to the extent they seek documents equally or more available to, or already in the possession, custody or control of MGA and/or Carter Bryant.

6.      Mattel objects to the Requests on the grounds and to the extent they seek documents not in Mattel's possession, custody or control.

7.      Mattel objects to the Requests on the grounds that they are unduly burdensome and vague and ambiguous in that they purport to require Mattel to identify and produce documents relating to matters that are currently known to and in the possession, custody and control of defendants and third parties, including third parties associated with defendants, and that are not known to Mattel.

8.      Mattel objects to the Requests on the grounds that they seek the production of documents or information that are in the possession, custody and control of independent parties over whom Mattel has no control, including without limitation defendants, and seek the disclosure of information or documents that are in the possession, custody and control of defendants or are publicly available and hence equally available to all parties to this litigation.

9.      Mattel objects to the Requests on the ground and to the extent they seek trade secret, proprietary or otherwise confidential information of Mattel or third parties or would violate the terms of any agreement or contracts with third parties.  Any such documents that are produced, if any, will be produced only pursuant to and in reliance upon the Protective Order entered in this case.

10.      Mattel objects to the Requests on the grounds that the definitions of the terms "ADVERTISEMENT," "ACCELERACERS," "BRATZ,"

-2-  EXHIBIT S  PAGE 191

1    "CONTESTED MGA PRODUCTS," "DIVA STARZ," "FISHER-PRICE,"

2    "MATTEL," "MGA," "MY SCENE," and "POLLY POCKET COLOR SURPRISE

3    POLLY" are overbroad, vague and ambiguous, unduly burdensome, and extend

4    beyond those products and matters placed at issue in this litigation.

5           11.    Mattel objects to each and every Request that seeks "all"

6    documents which constitute, mention, refer or relate to a given topic on the grounds

7    of undue burden and oppression.  Mattel will make available for inspection and

8    copying those documents and tangible items, if any, that it is able to locate after a

9    reasonable, good-faith search for and review of non-privileged responsive

10   documents.

11          12.    Mattel objects to the Requests on the grounds that they seek

12   information about matters that are not within the subject matter jurisdiction of the

13   Court.  Production by Mattel, if any, will be limited to those matters within the

14   Court's jurisdiction, and only in the event and to the extent that it is permitted by or

15   otherwise in compliance with foreign laws limiting disclosure and discovery and

16   only in the event and to the extent that the documents are within Mattel's possession,

17   custody or control pursuant to governing law.

18          13.    Mattel objects to each and every Request to the extent that it

19   seeks documents already produced in this action.  Documents which have already

20   been produced will not be produced again in response to these Requests.

21          14.    Objection to the production of any document or category of

22   documents described in the Requests, or agreement to produce any such documents,

23   is not and shall not be construed as an admission by Mattel that any such documents

24   or category of documents exist.  Where the responses indicate that Mattel will

25   produce such responsive documents, such documents, if any, will be produced if and

26   to the extent any such documents are in Mattel's possession, custody or control.

27          15.    Mattel objects to the time, place and manner of production

28   specified in the Requests.  Mattel will produce such responsive, non-privileged

209/2200584.1;

-3-

EXHIBIT S PAGE 192