1 documents and tangible things, if any and to the extent not previously produced, in
2 accordance with its responses at a time and place and in a manner that is reasonable,
3 convenient and mutually agreed upon by the parties.

4

5 ## RESPONSES TO REQUESTS FOR PRODUCTION

6 Each of the following objections and responses to the Requests is
7 expressly made subject to the above Preliminary Statement and General Objections,
8 all of which are incorporated in each of the following objections and responses to
9 specific Requests.  A statement that Mattel will produce documents or tangible
10 things in response to a Request is not intended to suggest, nor should it be construed
11 to mean, that any such documents or tangible things exist, or that they are in Mattel's
12 possession, custody or control.

13

14 ## REQUEST FOR PRODUCTION NO. 470:

15 All DOCUMENTS REFERRING OR RELATING TO any claims
16 and/or litigation that MATTEL or FISHER-PRICE has brought or considered
17 bringing against any PERSON regarding infringement of MY SCENE, DIVA
18 STARZ, or any other intellectual property including, but not limited to, cease and
19 desist letters.

20

21 ## RESPONSE TO REQUEST FOR PRODUCTION NO. 470:

22 In addition to the general objections stated above which are
23 incorporated herein by reference, Mattel objects to this Request on the grounds that
24 it is overbroad and unduly burdensome, including in that it seeks all documents on
25 this subject without limitation as to time, and regardless of whether such documents
26 relate to products or matters at issue in this case.  Mattel further objects to the use of
27 the terms "any claims and/or litigation," "brought or considered bringing," and
28 "regarding infringement" in this context as vague and ambiguous.  Mattel further

1   objects to the Request on the grounds that it seeks documents that are not relevant to
2   this action or likely to lead to the discovery of admissible evidence.  Mattel further
3   objects to this Request on the grounds that it seeks confidential, proprietary and
4   trade secret information, including such information that has no bearing on the
5   claims or defenses in this case.  Mattel further objects to this Request on the grounds
6   that it calls for the disclosure of information subject to the attorney-client privilege,
7   the attorney work-product doctrine and other applicable privileges.

8

9   **REQUEST FOR PRODUCTION NO. 471:**

10              All DOCUMENTS REFERRING OR RELATING TO any claims,
11   threat of litigation and/or litigation that any PERSON has asserted against MATTEL
12   regarding infringement by MY SCENE or DIVA STARZ, including, but not limited
13   to, cease and desist letters.

14

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 471:**

16              In addition to the general objections stated above which are
17   incorporated herein by reference, Mattel objects to this Request on the grounds that
18   it is overbroad and unduly burdensome, including in that it seeks all documents on
19   this subject without limitation as to time, and regardless of whether such documents
20   relate to products or matters at issue in this case.  Mattel further objects to the use of
21   the terms "any claims, threat of litigation and/or litigation" and "regarding
22   infringement" in this context as vague and ambiguous.  Mattel further objects to the
23   Request on the grounds that it seeks documents that are not relevant to this action or
24   likely to lead to the discovery of admissible evidence.  Mattel further objects to this
25   Request on the grounds that it seeks confidential, proprietary and trade secret
26   information, including such information that has no bearing on the claims or
27   defenses in this case.  Mattel further objects to this Request on the grounds that it

28

209/2200584.1

EXHIBIT 5   PAGE: 194

-5-

1 │ calls for the disclosure of information subject to the attorney-client privilege, the

2 │ attorney work-product doctrine and other applicable privileges.

3 │

4 │ **REQUEST FOR PRODUCTION NO. 472:**

5 │     All DOCUMENTS REFERRING OR RELATING TO any SIMBA

6 │ LITIGATION, including, but not limited to, all pleadings, declarations, affidavits,

7 │ briefs, deposition transcripts, orders or other documents, and any English

8 │ translations thereof, submitted to the court by MATTEL or SIMBA TOYS in

9 │ support of its claims and defenses or any rulings or decisions issued by the court.

10 │

11 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 472:**

12 │     In addition to the general objections stated above which are

13 │ incorporated herein by reference, Mattel objects to this Request on the grounds that

14 │ it is overbroad and unduly burdensome, including in that it seeks all documents on

15 │ this subject without limitation as to time, and regardless of whether such documents

16 │ relate to products or matters at issue in this case.  Mattel further objects to the

17 │ Request on the grounds that it seeks documents that are not relevant to this action or

18 │ likely to lead to the discovery of admissible evidence.  Mattel further objects to this

19 │ Request on the grounds that it seeks confidential, proprietary and trade secret

20 │ information, including such information that has no bearing on the claims or

21 │ defenses in this case.  Mattel further objects to this Request on the grounds that it

22 │ calls for the disclosure of information subject to the attorney-client privilege, the

23 │ attorney work-product doctrine and other applicable privileges.  Mattel further

24 │ objects to the extent the Request seeks documents already produced by Mattel.

25 │ Such documents will not be produced again.

26 │

27 │

28 │

EXHIBIT 5 PAGE 195

-6-

**REQUEST FOR PRODUCTION NO. 473:**

All DOCUMENTS REFERRING OR RELATING TO the creation and development of the "We Believe in Girls" website, found at www.webelieveingirls.com, that also mention BRATZ and/or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 473:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 474:**

All DOCUMENTS REFERRING OR RELATING TO the mention of BRATZ and/or MGA on the "We Believe in Girls" website, including, but not limited to, any community bulletin boards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 474:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

1   documents on this subject without limitation as to time, and regardless of whether

2   such documents relate to products or matters at issue in this case.  Mattel further

3   objects to the Request on the grounds that it seeks documents that are not relevant to

4   this action or likely to lead to the discovery of admissible evidence.  Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10

11   **REQUEST FOR PRODUCTION NO. 475:**

12          Copies of all photographs taken by MATTEL (including, but not

13   limited to, MATTEL's counsel) during the course of its inspection of any

14   DOCUMENT or item made available to it by MGA or Bryant, including, but not

15   limited to, products, packaging, samples, sculptures, sketches, or drawings.

16

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 475:**

18          In addition to the general objections stated above which are

19   incorporated herein by reference, Mattel objects to this Request on the grounds that

20   it is overbroad and unduly burdensome, including in that it seeks all documents

21   regardless of whether such documents relate to products or matters at issue in this

22   case.  Mattel further objects to this Request on the grounds that it calls for the

23   disclosure of information subject to the attorney-client privilege, the attorney work-

24   product doctrine and other applicable privileges.

25          Subject to and without waiving the foregoing objections, Mattel

26   responds as follows:  Mattel will produce such responsive, non-privileged

27   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

28

r09/2200584.1

EXHIBIT 5   PAGE 197

-8-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1   been able to locate after a diligent search and reasonable inquiry, to the extent not

2   previously produced.

3

4   **REQUEST FOR PRODUCTION NO. 476:**

5           All DOCUMENTS RELATING TO YOUR efforts, or knowledge of

6   any efforts by any PERSONS, worldwide to monitor, "spy on" or gain knowledge of

7   MGA's trade secrets, non-public information, non-public activities, unreleased

8   products, and product development, including, but not limited to:

9           a.      DOCUMENTS REFERRING OR RELATING TO YOUR

10  COMMUNICATIONS or contacts with MGA's current or former employees or

11  contractors about MGA or its business, including, but not limited to, any tape

12  recordings of such COMMUNICATIONS;

13          b.      DOCUMENTS REFERRING OR RELATING TO YOUR use

14  or attempts to use confidential informants, spies, or moles within MGA, including,

15  but not limited to, any tape recordings of MGA employees or contractors;

16          c.      DOCUMENTS REFERRING OR RELATING TO YOUR

17  knowledge of any MGA product before its release to the public or of any other

18  non-public information about MGA, its business or its products;

19          d.      DOCUMENTS REFERRING OR RELATING TO YOUR

20  access, or attempts to gain access, to MGA showrooms, Plan-o-Grams,

21  merchandising displays, Toy Fair displays on false pretenses (including, but not

22  limited to, by using fake business cards);

23          f.      DOCUMENTS REFERRING OR RELATING TO YOUR

24  access to MGA's products or showroom at any Toy Fair (including Hong Kong Toy

25  Fair, New York Toy Fair, Dallas Toy Fair, or Nuremberg Toy Fair);

26          h.      YOUR access to MGA's confidential product and pricing

27  information through "competitive management agreements" or "category

28  management agreements" with retailers; and          EXHIBIT 5   PAGE 198

209/2200584.1

-9-

1    i.  YOUR access to MGA's confidential product and pricing

2 information from non-public sources and/or through non-public means.

3

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 476:**

5    In addition to the general objections stated above which are

6 incorporated herein by reference, Mattel objects to this Request on the grounds that

7 it is overbroad, unduly burdensome, compound, and unintelligible, especially given

8 its broad definitions of "MATTEL," "MGA," and "PERSONS," and in that it seeks

9 all documents on this subject without limitation as to time, and regardless of

10 whether such documents relate to products or matters at issue in this case.  Mattel

11 further objects to the use of the terms "knowledge of any efforts by any PERSONS,"

12 "monitor, 'spy on' or gain knowledge," "MGA's trade secrets," "non-public

13 information," "non-public activities," "unreleased products," "product

14 development," "confidential informants, spies, or moles ," "non public information,"

15 "non-public sources ," "non-public means," "on false pretenses," "confidential

16 product and pricing information," and "'competitive management agreements' or

17 'category management agreements,'"  in this context as vague, ambiguous, and

18 incomprehensible.  Mattel further objects to the Request on the grounds that it seeks

19 documents that are not relevant to this action or likely to lead to the discovery of

20 admissible evidence.  Mattel further objects to this Request on the grounds that it

21 seeks, in its entirety, confidential, proprietary and trade secret information, including

22 such information that has no bearing on the claims or defenses in this case.  Mattel

23 further objects to this Request on the grounds that it calls for the disclosure of

24 information subject to the attorney-client privilege, the attorney work-product

25 doctrine and other applicable privileges.

26

27

28

209/2200584.1

EXHIBIT 5   PAGE 199

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1   **REQUEST FOR PRODUCTION NO. 477:**

2        All COMMUNICATIONS between YOU and any recruiting agency or

3 service including, but not limited to, Gregory Michaels & Associates, that REFER

4 OR RELATE TO recruiting or contacting any MGA employee to work for YOU.

5

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 477:**

7        In addition to the general objections stated above which are

8 incorporated herein by reference, Mattel objects to this Request on the grounds that

9 it is overbroad and unduly burdensome, including in that it seeks all documents on

10 this subject without limitation as to time, and regardless of whether such documents

11 relate to products or matters at issue in this case.  Mattel further objects to the use of

12 the term "recruiting agency or service" in this context as vague and ambiguous.

13 Mattel further objects to the Request on the grounds that it seeks documents that are

14 not relevant to this action or likely to lead to the discovery of admissible evidence.

15 Mattel further objects to this Request on the grounds that it seeks confidential,

16 proprietary and trade secret information, including such information that has no

17 bearing on the claims or defenses in this case.  Mattel further objects to this Request

18 on the grounds that it calls for the disclosure of information subject to the attorney-

19 client privilege, the attorney work-product doctrine and other applicable privileges.

20

21   **REQUEST FOR PRODUCTION NO. 478:**

22        All DOCUMENTS REFERRING OR RELATING to any use or

23 contemplated use by YOU of any recruiting agency or service including, but not

24 limited to Gregory Michaels & Associates to contact or recruit any MGA employee

25 to work for YOU.

26

27

28

EXHIBIT _6_ PAGE _200_

-11-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 478:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "recruiting agency or service" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 479:**

DOCUMENTS sufficient to show weekly and monthly point of sale data for MY SCENE fashion dolls.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 479:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "point of sale data" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further

EXHIBIT 5 PAGE 261

-12-

*209/2200584.1

1 | objects to this Request on the grounds that it seeks confidential, proprietary and
2 | trade secret information, including such information that has no bearing on the
3 | claims or defenses in this case.

4 |

5 | **REQUEST FOR PRODUCTION NO. 480:**

6 | All DOCUMENTS REFERRING OR RELATING TO YOUR receipt,
7 | reproduction, copying, storage, transmission, transfer, retention, destruction,
8 | deletion, or use of any DOCUMENT identifying MGA products in the course of any
9 | planning, design, development or revision of any YOUR products.

10 |

11 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 480:**

12 | In addition to the general objections stated above which are
13 | incorporated herein by reference, Mattel objects to this Request on the grounds that
14 | it is overbroad and unduly burdensome, including in that it seeks all documents on
15 | this subject without limitation as to time, and regardless of whether such documents
16 | relate to products or matters at issue in this case  The Request is also unintelligible,
17 | leaving Mattel to guess what documents are being sought.  Mattel further objects to
18 | the Request on the grounds that it seeks documents that are not relevant to this
19 | action or likely to lead to the discovery of admissible evidence.  Mattel further
20 | objects to this Request on the grounds that it seeks confidential, proprietary and
21 | trade secret information, including such information that has no bearing on the
22 | claims or defenses in this case.  Mattel further objects to this Request on the grounds
23 | that it calls for the disclosure of information subject to the attorney-client privilege,
24 | the attorney work-product doctrine and other applicable privileges.

25 |

26 | **REQUEST FOR PRODUCTION NO. 481:**

27 | All DOCUMENTS, including, but not limited to, any compilation of
28 | information, that were prepared, made, created, generated, assembled or compiled

709/2200584.1

-13-

EXHIBIT 5   PAGE 202

1 | by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de

2 | C.V.

3

4 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 481:**

5 | In addition to the general objections stated above which are

6 | incorporated herein by reference, Mattel objects to this Request on the grounds that

7 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

8 | documents on this subject without limitation as to time, and regardless of whether

9 | such documents relate to products or matters at issue in this case. Mattel further

10 | objects to the use of the term "any compilation of information, that were prepared

11 | made, created, generated, assembled or compiled by or for MGA or any MGA

12 | subsidiary, including MGAE de Mexico, S.R.L. de C.V." in this context as vague

13 | and ambiguous. Mattel further objects to the Request on the grounds that it seeks

14 | documents that are not relevant to this action or likely to lead to the discovery of

15 | admissible evidence. Mattel further objects to this Request on the grounds that it

16 | seeks confidential, proprietary and trade secret information, including such

17 | information that has no bearing on the claims or defenses in this case. Mattel further

18 | objects to this Request on the grounds that it calls for the disclosure of information

19 | subject to the attorney-client privilege, the attorney work-product doctrine and other

20 | applicable privileges. Mattel further objects to this Request to the extent it seeks

21 | documents already produced by Mattel, including documents stolen by MGA and

22 | other defendants. Such documents will not be produced again.

23 | Subject to and without waiving the foregoing objections, Mattel

24 | responds as follows: Mattel will produce such responsive, non-privileged

25 | documents that are in Mattel's possession, custody, or control, if any, that Mattel has

26 | been able to locate after a diligent search and reasonable inquiry, to the extent not

27 | previously produced.

28

EXHIBIT 5 PAGE 203

-14-

1   **REQUEST FOR PRODUCTION NO. 482:**

2         All DOCUMENTS, including, but not limited to, any compilation of

3   information, that were prepared, made, created, generated, assembled or compiled

4   by or for MGA or any MGA subsidiary, and that YOU received from any third

5   party, including Rachel Harris or Fred Larian.

6

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 482:**

8         In addition to the general objections stated above which are

9   incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case. Mattel further

13  objects to the use of the term "any compilation of information, that were prepared

14  made, created, generated, assembled or compiled by or for MGA or any MGA

15  subsidiary" in this context as vague and ambiguous. Mattel further objects to the

16  Request on the grounds that it seeks documents that are not relevant to this action or

17  likely to lead to the discovery of admissible evidence. Mattel further objects to this

18  Request on the grounds that it seeks confidential, proprietary and trade secret

19  information, including such information that has no bearing on the claims or

20  defenses in this case. Mattel further objects to this Request on the grounds that it

21  calls for the disclosure of information subject to the attorney-client privilege, the

22  attorney work-product doctrine and other applicable privileges.

23

24  **REQUEST FOR PRODUCTION NO. 483:**

25        All investigative files REFERRING OR RELATING to BRYANT,

26  MGA or any of its employees, including but not limited to file numbers 02-299,

27  02-1680, and 03-034.

28

EXHIBIT 5   PAGE 264

7/09/2200584.1

-15-

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 483:**

2         In addition to the general objections stated above which are

3 | incorporated herein by reference, Mattel objects to this Request on the grounds that

4 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 | documents regardless of whether such documents relate to products, matters, or

6 | persons at issue in this case. Mattel further objects to the use of the terms

7 | "investigative files" in this context as vague and ambiguous. Mattel further objects

8 | to this Request on the grounds that it calls for the disclosure of information subject

9 | to the attorney-client privilege, the attorney work-product doctrine and other

10 | applicable privileges. Mattel further objects to the Request on the grounds that it

11 | seeks documents that are not relevant to this action or likely to lead to the discovery

12 | of admissible evidence. Mattel further objects to this Request on the grounds that it

13 | seeks confidential, proprietary and trade secret information, including such

14 | information that has no bearing on the claims or defenses in this case. Mattel further

15 | objects to this Request to the extent that it seeks documents already produced by

16 | Mattel. Such documents will not be produced again.

17         Subject to and without waiving the foregoing objections, Mattel

18 | responds as follows: Mattel will produce such responsive, non-privileged

19 | documents relating to Bryant that are in Mattel's possession, custody, or control, if

20 | any, that Mattel has been able to locate after a diligent search and reasonable

21 | inquiry, to the extent not previously produced.

22 |

23 | **REQUEST FOR PRODUCTION NO. 484:**

24         DOCUMENTS sufficient to show the directory structure of the ZEUS

25 | SERVER as it relates to MATTEL's girls toys division.

26 |

27 |

28 |

EXHIBIT 5  PAGE 205

**RESPONSE TO REQUEST FOR PRODUCTION NO. 484:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "directory structure" and "MATTEL's girls toys division" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

Subject to and without waiving the foregoing objections, Mattel responds as follows: Mattel will make available to defendants for inspection and copying tapes from which this information may be derived.

**REQUEST FOR PRODUCTION NO. 485:**

All DOCUMENTS, since January 1, 1999, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, including but not limited to any compilation of information, that were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico, S.R.L. de C.V. in Mexico City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 485:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

7209/2200584.1

EXHIBIT 5 PAGE 204

-17-

1   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2   documents on this subject regardless of whether such documents relate to products

3   or matters at issue in this case. Mattel further objects to the use of the term "any

4   compilation of information, that were prepared made, created, generated, assembled

5   or compiled by or for MGA or any MGA subsidiary, including MGAE de Mexico,

6   S.R.L. de C.V." in this context as vague and ambiguous. Mattel further objects to

7   the Request on the grounds that it seeks documents that are not relevant to this

8   action or likely to lead to the discovery of admissible evidence. Mattel further

9   objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information, including such information that has no bearing on the

11  claims or defenses in this case. Mattel further objects to this Request on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges. Mattel further

14  objects to this Request to the extent it seeks documents already produced by Mattel,

15  including documents stolen by MGA and other defendants. Such documents will

16  not be produced again.

17          Subject to and without waiving the foregoing objections, Mattel

18  responds as follows: Mattel will produce such responsive, non-privileged

19  documents that are in Mattel's possession, custody, or control, if any, that Mattel has

20  been able to locate after a diligent search and reasonable inquiry, to the extent not

21  previously produced.

22

23  **REQUEST FOR PRODUCTION NO. 486:**

24          All DOCUMENTS REFERRING OR RELATING TO YOUR or

25  YOUR attorney's or agent's knowledge of or participation in the investigation or

26  search of MGAE de Mexico, S.R.L. de C.V. in Mexico City.

27

28

'209/2200584.1

EXHIBIT 5 PAGE 207

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 486:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of or participation in the investigation or search of MGAE de Mexico, S.R.L. de C.V." in this context as vague and ambiguous. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case.

**REQUEST FOR PRODUCTION NO. 487:**

All DOCUMENTS REFERRING OR RELATING TO whether any of the items seized by Mexican authorities from MGAE de Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated, assembled or compiled by or for MGA or any MGA subsidiary.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 487:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether

-19-

EXHIBIT 5   PAGE 208

1    such documents relate to products or matters at issue in this case. Mattel further

2    objects to the Request on the grounds that it seeks documents that are not relevant to

3    this action or likely to lead to the discovery of admissible evidence. Mattel further

4    objects to this Request on the grounds that it seeks confidential, proprietary and

5    trade secret information, including such information that has no bearing on the

6    claims or defenses in this case. Mattel further objects to this Request on the grounds

7    that it calls for the disclosure of information subject to the attorney-client privilege,

8    the attorney work-product doctrine and other applicable privileges. Mattel further

9    objects to this Request to the extent it seeks documents already produced by Mattel,

10   including documents stolen by MGA and other defendants. Such documents will

11   not be produced again.

12          Subject to and without waiving the foregoing objections, Mattel

13   responds as follows: Mattel will produce such responsive, non-privileged

14   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

15   been able to locate after a diligent search and reasonable inquiry, to the extent not

16   previously produced.

17

18   **REQUEST FOR PRODUCTION NO. 488:**

19          All DOCUMENTS REFERRING OR RELATING TO YOUR

20   knowledge that any of the items seized by Mexican authorities from MGAE de

21   Mexico, S.R.L. de C.V. in Mexico City were prepared, made, created, generated,

22   assembled or compiled by or for MGA or any MGA subsidiary.

23

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 488:**

25          In addition to the general objections stated above which are

26   incorporated herein by reference, Mattel objects to this Request on the grounds that

27   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

28   documents on this subject without limitation as to time, and regardless of whether

EXHIBIT 5   PAGE 269

1   such documents relate to products or matters at issue in this case.  Mattel further

2   objects to the Request on the grounds that it seeks documents that are not relevant to

3   this action or likely to lead to the discovery of admissible evidence.  Mattel further

4   objects to this Request on the grounds that it seeks confidential, proprietary and

5   trade secret information, including such information that has no bearing on the

6   claims or defenses in this case.  Mattel further objects to this Request on the grounds

7   that it calls for the disclosure of information subject to the attorney-client privilege,

8   the attorney work-product doctrine and other applicable privileges.  Mattel further

9   objects to this Request to the extent it seeks documents already produced by Mattel,

10  including documents stolen by MGA and other defendants.  Such documents will

11  not be produced again.

12

13  **REQUEST FOR PRODUCTION NO. 489:**

14          All DOCUMENTS REFERRING OR RELATING TO YOUR or

15  YOUR attorney's or agent's knowledge of or participation in the seizure of Brisbois'

16  thumb drive by Canadian law enforcement.

17

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 489:**

19          In addition to the general objections stated above which are

20  incorporated herein by reference, Mattel objects to this Request on the grounds that

21  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

22  documents on this subject without limitation as to time, and regardless of whether

23  such documents relate to products or matters at issue in this case.  Mattel further

24  objects to the use of the term "YOUR or YOUR attorney's or agent's knowledge of

25  or participation in the seizure of Brisbois' thumb drive by Canadian law

26  enforcement" in this context as vague and ambiguous.  Mattel further objects to the

27  Request on the grounds that it seeks documents that are not relevant to this action or

28  likely to lead to the discovery of admissible evidence.  Mattel further objects to this

1   Request on the grounds that it seeks confidential, proprietary and trade secret

2   information, including such information that has no bearing on the claims or

3   defenses in this case.  Mattel further objects to this Request on the grounds that it

4   calls for the disclosure of information subject to the attorney-client privilege, the

5   attorney work-product doctrine and other applicable privileges.

6

7   **REQUEST FOR PRODUCTION NO. 490:**

8          All DOCUMENTS REFERRING OR RELATING TO whether any of

9   the items seized by Canadian authorities from Brisbois' thumb drive were prepared,

10  made, created, generated, assembled or compiled by or for MGA or any MGA

11  subsidiary.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 490:**

14         In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case.  Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence.  Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case.  Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges.  Mattel further

26  objects to this Request to the extent it seeks documents already produced by Mattel,

27  including documents stolen by MGA and other defendants.  Such documents will

28  not be produced again.

r209/2200584.1

EXHIBIT S    PAGE 21

-22-

1          Subject to and without waiving the foregoing objections, Mattel

2   responds as follows: Mattel will produce such responsive, non-privileged

3   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

4   been able to locate after a diligent search and reasonable inquiry, to the extent not

5   previously produced.

6

7   **REQUEST FOR PRODUCTION NO. 491:**

8          All DOCUMENTS REFERRING OR RELATING TO YOUR

9   knowledge that any of the items seized by Canadian authorities from Brisbois'

10  thumb drive were prepared, made, created, generated, assembled or compiled by or

11  for MGA or any MGA subsidiary.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 491:**

14         In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence. Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case. Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges. Mattel further

26  objects to this Request to the extent it seeks documents already produced by Mattel,

27  including documents stolen by MGA and other defendants. Such documents will

28  not be produced again.

EXHIBIT  5   PAGE  21ᵇ

1    **REQUEST FOR PRODUCTION NO. 492:**

2           All DOCUMENTS that REFER OR RELATE TO the retention,

3    destruction, transfer, or use of any information or DOCUMENTS known to or

4    possessed by any current or former MGA employee, freelancer or contractor,

5    including but not limited to Tina Patel, Christopher Hardouin, Margo Eldridge,

6    Charlotte Broussard, and Andrew Gallerani.

7

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 492:**

9           In addition to the general objections stated above which are

10   incorporated herein by reference, Mattel objects to this Request on the grounds that

11   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

12   documents on this subject without limitation as to time, and regardless of whether

13   such documents relate to products, matters, or persons at issue in this case.  Mattel

14   further objects to the Request on the grounds that it seeks documents that are not

15   relevant to this action or likely to lead to the discovery of admissible evidence.

16   Mattel further objects to this Request on the grounds that it seeks confidential,

17   proprietary and trade secret information, including such information that has no

18   bearing on the claims or defenses in this case.  Mattel further objects to this Request

19   on the grounds that it calls for the disclosure of information subject to the attorney–

20   client privilege, the attorney work-product doctrine and other applicable privileges.

21

22   **REQUEST FOR PRODUCTION NO. 493:**

23          All COMMUNICATIONS between YOU and any PERSON

24   REFERRING OR RELATING TO the retention, destruction, transfer, or use of any

25   information or DOCUMENTS known to or possessed by any current or former

26   MGA employee, freelancer or contractor, including but not limited to Tina Patel,

27   Christopher Hardouin, Margo Eldridge, Charlotte Broussard, and Andrew Gallerani.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 493:**

2         In addition to the general objections stated above which are

3 incorporated herein by reference, Mattel objects to this Request on the grounds that

4 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

5 documents on this subject without limitation as to time, and regardless of whether

6 such documents relate to products, matters, or persons at issue in this case. Mattel

7 further objects to the Request on the grounds that it seeks documents that are not

8 relevant to this action or likely to lead to the discovery of admissible evidence.

9 Mattel further objects to this Request on the grounds that it seeks confidential,

10 proprietary and trade secret information, including such information that has no

11 bearing on the claims or defenses in this case. Mattel further objects to this Request

12 on the grounds that it calls for the disclosure of information subject to the attorney-

13 client privilege, the attorney work-product doctrine and other applicable privileges.

14

15    **REQUEST FOR PRODUCTION NO. 494:**

16         All COMMUNICATIONS between YOU and Tina Patel prior to her

17 date of hire by MATTEL.

18

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 494:**

20         In addition to the general objections stated above which are

21 incorporated herein by reference, Mattel objects to this Request on the grounds that

22 it is overbroad and unduly burdensome, including in that it seeks all documents on

23 this subject without limitation as to time, and regardless of whether such documents

24 relate to products, matters, or persons at issue in this case. Mattel further objects to

25 the Request on the grounds that it seeks documents that are not relevant to this

26 action or likely to lead to the discovery of admissible evidence. Mattel further

27 objects to this Request on the grounds that it seeks confidential, proprietary and

28 trade secret information, including such information that has no bearing on the

EXHIBIT 5    PAGE 214

-25-

1   claims or defenses in this case.  Mattel further objects to this Request on the grounds

2   that it calls for the disclosure of information subject to the attorney-client privilege,

3   the attorney work-product doctrine and other applicable privileges.

4

5   **REQUEST FOR PRODUCTION NO. 495:**

6         All DOCUMENTS REFERRING OR RELATING TO

7   COMMUNICATIONS between YOU and Tina Patel prior to her date of hire by

8   MATTEL, including but not limited to all calendar entries, phone logs, phone

9   records and notes reflecting such COMMUNICATIONS.

10

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 495:**

12        In addition to the general objections stated above which are

13  incorporated herein by reference, Mattel objects to this Request on the grounds that

14  it is overbroad and unduly burdensome, including in that it seeks all documents on

15  this subject without limitation as to time, and regardless of whether such documents

16  relate to products, matters, or persons at issue in this case.  Mattel further objects to

17  the Request on the grounds that it seeks documents that are not relevant to this

18  action or likely to lead to the discovery of admissible evidence.  Mattel further

19  objects to this Request on the grounds that it seeks confidential, proprietary and

20  trade secret information, including such information that has no bearing on the

21  claims or defenses in this case.  Mattel further objects to this Request on the grounds

22  that it calls for the disclosure of information subject to the attorney-client privilege,

23  the attorney work-product doctrine and other applicable privileges.

24

25  **REQUEST FOR PRODUCTION NO. 496:**

26        All DOCUMENTS, including but not limited to all

27  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

28  Patel prior to her date of hire by MATTEL.

EXHIBIT 5   PAGE 25

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 496:**

2           In addition to the general objections stated above which are

3   incorporated herein by reference, Mattel objects to this Request on the grounds that

4   it is overbroad and unduly burdensome, including in that it seeks all documents on

5   this subject without limitation as to time, and regardless of whether such documents

6   relate to products, matters, or persons at issue in this case.  Mattel further objects to

7   the Request on the grounds that it seeks documents that are not relevant to this

8   action or likely to lead to the discovery of admissible evidence.  Mattel further

9   objects to this Request on the grounds that it seeks confidential, proprietary and

10  trade secret information, including such information that has no bearing on the

11  claims or defenses in this case.  Mattel further objects to this Request on the grounds

12  that it calls for the disclosure of information subject to the attorney-client privilege,

13  the attorney work-product doctrine and other applicable privileges.

14

15  **REQUEST FOR PRODUCTION NO. 497:**

16          All DOCUMENTS, including but not limited to all

17  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO Tina

18  Patel's resignation from MGA.

19

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 497:**

21          In addition to the general objections stated above which are

22  incorporated herein by reference, Mattel objects to this Request on the grounds that

23  it is overbroad and unduly burdensome, including in that it seeks all documents on

24  this subject without limitation as to time, and regardless of whether such documents

25  relate to products, matters, or persons at issue in this case.  Mattel further objects to

26  the Request on the grounds that it seeks documents that are not relevant to this

27  action or likely to lead to the discovery of admissible evidence.  Mattel further

28  objects to this Request on the grounds that it seeks confidential, proprietary and

09/2200584.1

**EXHIBIT 5  PAGE 215a**

-27-

1  trade secret information, including such information that has no bearing on the

2  claims or defenses in this case.  Mattel further objects to this Request on the grounds

3  that it calls for the disclosure of information subject to the attorney-client privilege,

4  the attorney work-product doctrine and other applicable privileges.

5

6  **REQUEST FOR PRODUCTION NO. 498:**

7          All DOCUMENTS, including but not limited to all

8  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

9  compensation, money or any other item of value paid to Tina Patel, whether directly

10  or indirectly, by YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 498:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad and unduly burdensome, including in that it seeks all documents on

16  this subject without limitation as to time, and regardless of whether such documents

17  relate to products, matters, or persons at issue in this case.  Mattel further objects to

18  the Request on the grounds that it seeks documents that are not relevant to this

19  action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.

25

26  **REQUEST FOR PRODUCTION NO. 499:**

27          All DOCUMENTS received by YOU, directly or indirectly, from Tina

28  Patel REFERRING OR RELATING TO any MGA product or plan.

JN/2200584.1.

-28-

**EXHIBIT  5  PAGE** 25b

**RESPONSE TO REQUEST FOR PRODUCTION NO. 499:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the term "any MGA product or plan" in this context as vague and ambiguous. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 500:**

All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO YOUR receipt, reproduction, copying, storage, transmission, transfer, retention, destruction, deletion or use of any DOCUMENTS, data and/or information, including but not limited to any compilation of information, that was prepared, made, created, generated, assembled or compiled by or for MGA and that YOU received, directly or indirectly, from Tina Patel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 500:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that

07/2200584.1

-29-

**EXHIBIT** 5 **PAGE** 215e

1  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

2  documents on this subject without limitation as to time, and regardless of whether

3  such documents relate to products or matters at issue in this case. Mattel further

4  objects to the use of the term "any compilation of information, that were prepared

5  made, created, generated, assembled or compiled by or for MGA" in this context as

6  vague and ambiguous. Mattel further objects to the Request on the grounds that it

7  seeks documents that are not relevant to this action or likely to lead to the discovery

8  of admissible evidence. Mattel further objects to this Request on the grounds that it

9  seeks confidential, proprietary and trade secret information, including such

10  information that has no bearing on the claims or defenses in this case. Mattel further

11  objects to this Request on the grounds that it calls for the disclosure of information

12  subject to the attorney-client privilege, the attorney work-product doctrine and other

13  applicable privileges.

14

15  **REQUEST FOR PRODUCTION NO. 501:**

16      A copy of each personnel file maintained or created by YOU

17  REFERRING OR RELATING TO Tina Patel.

18

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 501:**

20      In addition to the general objections stated above which are

21  incorporated herein by reference, Mattel objects to this Request on the grounds that

22  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

23  documents on this subject without limitation as to time, and regardless of whether

24  such documents relate to products, matters, or persons at issue in this case. Mattel

25  further objects to the Request on the grounds that it seeks documents that are not

26  relevant to this action or likely to lead to the discovery of admissible evidence.

27  Mattel further objects to this Request on the grounds that it seeks confidential,

28  proprietary and trade secret information, including such information that has no

EXHIBIT 5  PAGE 215d

1    bearing on the claims or defenses in this case.  Mattel further objects to this Request

2    on the grounds that it calls for the disclosure of information subject to the attorney-

3    client privilege, the attorney work-product doctrine and other applicable privileges.

4

5    **REQUEST FOR PRODUCTION NO. 502:**

6           All DOCUMENTS, including but not limited to all

7    COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

8    in part, by Tina Patel REFERRING OR RELATING TO any of the CONTESTED

9    MGA PRODUCTS.

10

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 502:**

12          In addition to the general objections stated above which are

13   incorporated herein by reference, Mattel objects to this Request on the grounds that

14   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

15   documents on this subject without limitation as to time, and regardless of whether

16   such documents relate to products or matters at issue in this case.  Mattel further

17   objects to the Request on the grounds that it seeks documents that are not relevant to

18   this action or likely to lead to the discovery of admissible evidence.  Mattel further

19   objects to this Request on the grounds that it seeks confidential, proprietary and

20   trade secret information, including such information that has no bearing on the

21   claims or defenses in this case.  Mattel further objects to this Request on the grounds

22   that it calls for the disclosure of information subject to the attorney-client privilege,

23   the attorney work-product doctrine and other applicable privileges.

24          Subject to and without waiving the foregoing objections, Mattel

25   responds as follows:  Mattel will produce such responsive, non-privileged

26   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

27   been able to locate after a diligent search and reasonable inquiry, to the extent not

28   previously produced.

EXHIBIT 5  PAGE 215 P

**REQUEST FOR PRODUCTION NO. 503:**

All COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of hire by MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 503:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

**REQUEST FOR PRODUCTION NO. 504:**

All DOCUMENTS REFERRING OR RELATING TO COMMUNICATIONS between YOU and Christopher Hardouin prior to his date of hire by MATTEL, including but not limited to all calendar entries, phone logs, phone records and notes reflecting such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 504:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on

05/2200584.1

EXHIBIT _5_    PAGE 215

-32-

1   this subject without limitation as to time, and regardless of whether such documents

2   relate to products, matters, or persons at issue in this case.  Mattel further objects to

3   the Request on the grounds that it seeks documents that are not relevant to this

4   action or likely to lead to the discovery of admissible evidence.  Mattel further

5   objects to this Request on the grounds that it seeks confidential, proprietary and

6   trade secret information, including such information that has no bearing on the

7   claims or defenses in this case.  Mattel further objects to this Request on the grounds

8   that it calls for the disclosure of information subject to the attorney-client privilege,

9   the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 505:**

12          All DOCUMENTS, including but not limited to all

13  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

14  Christopher Hardouin prior to his date of hire by MATTEL.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 505:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad and unduly burdensome, including in that it seeks all documents on

20  this subject without limitation as to time, and regardless of whether such documents

21  relate to products, matters, or persons at issue in this case.  Mattel further objects to

22  the Request on the grounds that it seeks documents that are not relevant to this

23  action or likely to lead to the discovery of admissible evidence.  Mattel further

24  objects to this Request on the grounds that it seeks confidential, proprietary and

25  trade secret information, including such information that has no bearing on the

26  claims or defenses in this case. Mattel further objects to this Request on the grounds

27  that it calls for the disclosure of information subject to the attorney-client privilege,

28  the attorney work-product doctrine and other applicable privileges.

EXHIBIT 5  PAGE 215g

-33-

19/2200584.1

1  **REQUEST FOR PRODUCTION NO. 506:**

2       All DOCUMENTS, including but not limited to all

3  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

4  Christopher Hardouin's resignation from MGA.

5

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 506:**

7       In addition to the general objections stated above which are

8  incorporated herein by reference, Mattel objects to this Request on the grounds that

9  it is overbroad and unduly burdensome, including in that it seeks all documents on

10  this subject without limitation as to time, and regardless of whether such documents

11  relate to products, matters, or persons at issue in this case. Mattel further objects to

12  the Request on the grounds that it seeks documents that are not relevant to this

13  action or likely to lead to the discovery of admissible evidence. Mattel further

14  objects to this Request on the grounds that it seeks confidential, proprietary and

15  trade secret information, including such information that has no bearing on the

16  claims or defenses in this case. Mattel further objects to this Request on the grounds

17  that it calls for the disclosure of information subject to the attorney-client privilege,

18  the attorney work-product doctrine and other applicable privileges.

19

20  **REQUEST FOR PRODUCTION NO. 507:**

21       All DOCUMENTS, including but not limited to all

22  COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

23  compensation, money or any other item of value paid to Christopher Hardouin,

24  whether directly or indirectly, by YOU.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 507:**

27       In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request on the grounds that

1   it is overbroad and unduly burdensome, including in that it seeks all documents on

2   this subject without limitation as to time, and regardless of whether such documents

3   relate to products, matters, or persons at issue in this case. Mattel further objects to

4   the Request on the grounds that it seeks documents that are not relevant to this

5   action or likely to lead to the discovery of admissible evidence. Mattel further

6   objects to this Request on the grounds that it seeks confidential, proprietary and

7   trade secret information, including such information that has no bearing on the

8   claims or defenses in this case. Mattel further objects to this Request on the grounds

9   that it calls for the disclosure of information subject to the attorney-client privilege,

10  the attorney work-product doctrine and other applicable privileges.

11

12  **REQUEST FOR PRODUCTION NO. 508:**

13          All DOCUMENTS received by YOU, directly or indirectly, from

14  Christopher Hardouin REFERRING OR RELATING TO any MGA product or plan.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 508:**

17          In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case. Mattel further

22  objects to the use of the term "MGA product or plan" in this context as vague and

23  ambiguous. Mattel further objects to the Request on the grounds that it seeks

24  documents that are not relevant to this action or likely to lead to the discovery of

25  admissible evidence. Mattel further objects to this Request on the grounds that it

26  seeks confidential, proprietary and trade secret information, including such

27  information that has no bearing on the claims or defenses in this case. Mattel further

28  objects to this Request on the grounds that it calls for the disclosure of information

EXHIBIT 5     PAGE 217

-35-

1   subject to the attorney-client privilege, the attorney work-product doctrine and other

2   applicable privileges.

3

4   **REQUEST FOR PRODUCTION NO. 509:**

5          All DOCUMENTS, including but not limited to all

6   COMMUNICATIONS with any PERSON, REFERRING OR RELATING TO

7   YOUR receipt, reproduction, copying, storage, transmission, transfer, retention,

8   destruction, deletion or use of any DOCUMENTS, data and/or information,

9   including but not limited to any compilation of information, that was prepared,

10  made, created, generated, assembled or compiled by or for MGA and that YOU

11  received, directly or indirectly, from Christopher Hardouin.

12

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 509:**

14         In addition to the general objections stated above which are

15  incorporated herein by reference, Mattel objects to this Request on the grounds that

16  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

17  documents on this subject without limitation as to time, and regardless of whether

18  such documents relate to products or matters at issue in this case. Mattel further

19  objects to the Request on the grounds that it seeks documents that are not relevant to

20  this action or likely to lead to the discovery of admissible evidence. Mattel further

21  objects to this Request on the grounds that it seeks confidential, proprietary and

22  trade secret information, including such information that has no bearing on the

23  claims or defenses in this case. Mattel further objects to this Request on the grounds

24  that it calls for the disclosure of information subject to the attorney-client privilege,

25  the attorney work-product doctrine and other applicable privileges.

26

27

28

1   **REQUEST FOR PRODUCTION NO. 510:**

2          A copy of each personnel file maintained or created by YOU

3   REFERRING OR RELATING TO Christopher Hardouin.

4

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 510:**

6          In addition to the general objections stated above which are

7   incorporated herein by reference, Mattel objects to this Request on the grounds that

8   it is overbroad and unduly burdensome, including in that it seeks all documents on

9   this subject without limitation as to time, and regardless of whether such documents

10   relate to products, matters, or persons at issue in this case. Mattel further objects to

11   the Request on the grounds that it seeks documents that are not relevant to this

12   action or likely to lead to the discovery of admissible evidence. Mattel further

13   objects to this Request on the grounds that it seeks confidential, proprietary and

14   trade secret information, including such information that has no bearing on the

15   claims or defenses in this case. Mattel further objects to this Request on the grounds

16   that it calls for the disclosure of information subject to the attorney-client privilege,

17   the attorney work-product doctrine and other applicable privileges.

18

19   **REQUEST FOR PRODUCTION NO. 511:**

20          All DOCUMENTS, including but not limited to all

21   COMMUNICATIONS, prepared, created, sent or transmitted, whether in whole or

22   in part, by Christopher Hardouin REFERRING OR RELATING TO any of the

23   CONTESTED MGA PRODUCTS.

24

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 511:**

26          In addition to the general objections stated above which are

27   incorporated herein by reference, Mattel objects to this Request on the grounds that

28   it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

EXHIBIT 5   PAGE 219

7209/2200584.1

-37-

1  documents on this subject without limitation as to time, and regardless of whether

2  such documents relate to products or matters at issue in this case.  Mattel further

3  objects to the Request on the grounds that it seeks documents that are not relevant to

4  this action or likely to lead to the discovery of admissible evidence.  Mattel further

5  objects to this Request on the grounds that it seeks confidential, proprietary and

6  trade secret information, including such information that has no bearing on the

7  claims or defenses in this case.  Mattel further objects to this Request on the grounds

8  that it calls for the disclosure of information subject to the attorney-client privilege,

9  the attorney work-product doctrine and other applicable privileges.

10

11  **REQUEST FOR PRODUCTION NO. 512:**

12           All DOCUMENTS REFERRING OR RELATING TO the creation,

13  origins or sources of inspiration of "POLLY POCKET COLOR SURPRISE

14  POLLY" including, without limitation, the creation, origins or sources of inspiration

15  of the pose of "POLLY POCKET COLOR SURPRISE POLLY."

16

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 512:**

18           In addition to the general objections stated above which are

19  incorporated herein by reference, Mattel objects to this Request on the grounds that

20  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

21  documents on this subject without limitation as to time, and regardless of whether

22  such documents relate to products or matters at issue in this case.  Mattel further

23  objects to the Request on the grounds that it seeks documents that are not relevant to

24  this action or likely to lead to the discovery of admissible evidence.  Mattel further

25  objects to this Request on the grounds that it seeks confidential, proprietary and

26  trade secret information, including such information that has no bearing on the

27  claims or defenses in this case.  Mattel further objects to this Request on the grounds

28  that it calls for the disclosure of information subject to the attorney-client privilege,

209/2200584.1

-38-

EXHIBIT 5   PAGE 22

1   the attorney work-product doctrine and other applicable privileges.  Mattel further

2   objects on the ground that this Request seeks to circumvent the Discovery Master's

3   Orders of April 19, 2007, and May 22, 2007.

4

5   **REQUEST FOR PRODUCTION NO. 513:**

6           All DOCUMENTS REFERRING OR RELATING TO any similarity

7   or dissimilarity between "POLLY POCKET COLOR SURPRISE POLLY" and any

8   MGA product (whether released or unreleased) known to YOU, including but not

9   limited to any similarity or dissimilarity between the pose of "POLLY POCKET

10  COLOR SURPRISE POLLY" and the pose of any MGA product known to YOU.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 513:**

13          In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case.  Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence.  Mattel further

20  objects to this Request on the grounds that it seeks confidential, proprietary and

21  trade secret information, including such information that has no bearing on the

22  claims or defenses in this case.  Mattel further objects to this Request on the grounds

23  that it calls for the disclosure of information subject to the attorney-client privilege,

24  the attorney work-product doctrine and other applicable privileges.  Mattel further

25  objects on the ground that this Request seeks to circumvent the Discovery Master's

26  Orders of April 19, 2007, and May 22, 2007.

27

28

7909/2200584.1

EXHIBIT 5    PAGE 221

-39-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1   **REQUEST FOR PRODUCTION NO. 514:**

2          All DOCUMENTS REFERRING OR RELATING TO whether the

3   appearance or pose of "POLLY POCKET COLOR SURPRISE POLLY" copies,

4   replicates, or in any way imitates the appearance or pose of any MGA product

5   (whether released or unreleased) known to YOU.

6

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 514:**

8          In addition to the general objections stated above which are

9   incorporated herein by reference, Mattel objects to this Request on the grounds that

10  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

11  documents on this subject without limitation as to time, and regardless of whether

12  such documents relate to products or matters at issue in this case.  Mattel further

13  objects to the Request on the grounds that it seeks documents that are not relevant to

14  this action or likely to lead to the discovery of admissible evidence.  Mattel further

15  objects to this Request on the grounds that it seeks confidential, proprietary and

16  trade secret information, including such information that has no bearing on the

17  claims or defenses in this case.  Mattel further objects to this Request on the grounds

18  that it calls for the disclosure of information subject to the attorney-client privilege,

19  the attorney work-product doctrine and other applicable privileges.   Mattel further

20  objects on the ground that this Request seeks to circumvent the Discovery Master's

21  Orders of April 19, 2007, and May 22, 2007.

22

23  **REQUEST FOR PRODUCTION NO. 515:**

24         DOCUMENTS, including but not limited to organizational charts,

25  sufficient to identify (by name and job function) all current and former MATTEL

26  personnel and/or freelancers comprising the primary team that worked on the

27  creation, design and development of "POLLY POCKET COLOR SURPRISE

28  POLLY."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 515:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects to this Request on the grounds that it calls for the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Orders of April 19, 2007, and May 22, 2007.

**REQUEST FOR PRODUCTION NO. 516:**

All DOCUMENTS REFERRING OR RELATING TO YOUR efforts to institute a litigation hold in response to the litigation originally captioned *Mattel, Inc. v. Bryant.*, Case No. CV 04-9059 SGL (RNBx).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 516:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome. Mattel further objects on the ground that this Request duplicates prior Requests by MGA, and is clearly designed to burden and harass. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of

7:09/7200584.1

-41-   EXHIBIT 5   PAGE 227

1 | admissible evidence. Mattel further objects to this Request on the grounds that it

2 | calls for the disclosure of information subject to the attorney-client privilege, the

3 | attorney work-product doctrine and other applicable privileges.

4 |         Subject to and without waiving the foregoing objections, Mattel

5 | responds as follows: Mattel will produce one or more affidavits setting forth its

6 | preservation efforts and policies with respect to the present litigation, as required by

7 | Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

8 | 2007.

9 |

10 | **REQUEST FOR PRODUCTION NO. 517:**

11 |      All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

12 | to institute a litigation hold in response to the litigation originally captioned *MGA*

13 | *Entertainment, Inc. v. Mattel, Inc.*, Case No. CV 05-02727 SGL (RNBx).

14 |

15 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 517:**

16 |      In addition to the general objections stated above which are

17 | incorporated herein by reference, Mattel objects to this Request on the grounds that

18 | it is overbroad and unduly burdensome. Mattel further objects on the ground that

19 | this Request duplicates prior Requests by MGA, and is clearly designed to burden

20 | and harass. Mattel further objects to the Request on the grounds that it seeks

21 | documents that are not relevant to this action or likely to lead to the discovery of

22 | admissible evidence. Mattel further objects to this Request on the grounds that it

23 | calls for the disclosure of information subject to the attorney-client privilege, the

24 | attorney work-product doctrine and other applicable privileges.

25 |      Subject to and without waiving the foregoing objections, Mattel

26 | responds as follows: Mattel will produce one or more affidavits setting forth its

27 | preservation efforts and policies with respect to the present litigation, as required by

28 |

EXHIBIT 5 PAGE 224

7209/2200584.1

-42-

1    Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

2    2007.

3

4    **REQUEST FOR PRODUCTION NO. 518:**

5              All DOCUMENTS REFERRING OR RELATING TO YOUR efforts

6    to institute a litigation hold in response to the litigation originally captioned *Bryant*

7    *v. Mattel, Inc.*, Case No. CV 04-9049 SGL (RNBx).

8

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 518:**

10             In addition to the general objections stated above which are

11   incorporated herein by reference, Mattel objects to this Request on the grounds that

12   it is overbroad and unduly burdensome.  Mattel further objects on the ground that

13   this Request duplicates prior Requests by MGA, and is clearly designed to burden

14   and harass.  Mattel further objects to the Request on the grounds that it seeks

15   documents that are not relevant to this action or likely to lead to the discovery of

16   admissible evidence.  Mattel further objects to this Request on the grounds that it

17   calls for the disclosure of information subject to the attorney-client privilege, the

18   attorney work-product doctrine and other applicable privileges.

19             Subject to and without waiving the foregoing objections, Mattel

20   responds as follows:  Mattel will produce one or more affidavits setting forth its

21   preservation efforts and policies with respect to the present litigation, as required by

22   Judge Larson's Order Denying Motion for Terminating Sanctions dated August 27,

23   2007.

24

25   **REQUEST FOR PRODUCTION NO. 519:**

26             All COMMUNICATIONS between YOU and the toy manufacturer

27   JETTA REFERRING OR RELATING to MGA, BRATZ or LARIAN.

28

EXHIBIT 5    PAGE 225

-43-

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 519:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**REQUEST FOR PRODUCTION NO. 520:**

All COMMUNICATIONS between YOU and EARLY LIGHT, including but not limited to Francis Choi, Wilson Ng, and Carmen Choi, REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 520:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or

-44-

EXHIBIT 5 PAGE 224

1  defenses in this case. Mattel further objects on the ground that this Request seeks to

2  circumvent the Discovery Master's Order dated May 22, 2007.

3

4  **REQUEST FOR PRODUCTION NO. 521:**

5      All COMMUNICATIONS between YOU and ASAHI REFERRING

6  OR RELATING to MGA, BRATZ or LARIAN.

7

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 521:**

9      In addition to the general objections stated above which are

10 incorporated herein by reference, Mattel objects to this Request on the grounds that

11 it is overbroad and unduly burdensome, including in that it seeks all documents on

12 this subject without limitation as to time, and regardless of whether such documents

13 relate to products or matters at issue in this case. Mattel further objects to the

14 Request on the grounds that it seeks documents that are not relevant to this action or

15 likely to lead to the discovery of admissible evidence. Mattel further objects to this

16 Request on the grounds that it seeks confidential, proprietary and trade secret

17 information, including such information that has no bearing on the claims or

18 defenses in this case. Mattel further objects on the ground that this Request seeks to

19 circumvent the Discovery Master's Order dated May 22, 2007.

20

21 **REQUEST FOR PRODUCTION NO. 522:**

22      All COMMUNICATIONS between YOU and UNIVERSAL

23 REFERRING OR RELATING to MGA, BRATZ or LARIAN.

24

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 522:**

26      In addition to the general objections stated above which are

27 incorporated herein by reference, Mattel objects to this Request on the grounds that

28 it is overbroad and unduly burdensome, including in that it seeks all documents on

1209/2200584.1

-45-   EXHIBIT 5   PAGE 227

MATTEL'S RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR PRODUCTION

1  this subject without limitation as to time, and regardless of whether such documents
2  relate to products or matters at issue in this case.  Mattel further objects to the
3  Request on the grounds that it seeks documents that are not relevant to this action or
4  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
5  Request on the grounds that it seeks confidential, proprietary and trade secret
6  information, including such information that has no bearing on the claims or
7  defenses in this case.  Mattel further objects on the ground that this Request seeks to
8  circumvent the Discovery Master's Order dated May 22, 2007.
9

10  **REQUEST FOR PRODUCTION NO. 523:**
11       All COMMUNICATIONS between YOU and KANEKA REFERRING
12  OR RELATING to MGA, BRATZ or LARIAN.
13

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 523:**
15       In addition to the general objections stated above which are
16  incorporated herein by reference, Mattel objects to this Request on the grounds that
17  it is overbroad and unduly burdensome, including in that it seeks all documents on
18  this subject without limitation as to time, and regardless of whether such documents
19  relate to products or matters at issue in this case.  Mattel further objects to the
20  Request on the grounds that it seeks documents that are not relevant to this action or
21  likely to lead to the discovery of admissible evidence.  Mattel further objects to this
22  Request on the grounds that it seeks confidential, proprietary and trade secret
23  information, including such information that has no bearing on the claims or
24  defenses in this case.  Mattel further objects on the ground that this Request seeks to
25  circumvent the Discovery Master's Order dated May 22, 2007.
26
27
28

EXHIBIT  5  PAGE 228

7209/2200584.1

-46-

**REQUEST FOR PRODUCTION NO. 524:**

All COMMUNICATIONS between YOU and FILO REFERRING OR RELATING to MGA, BRATZ or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 524:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad and unduly burdensome, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the Request on the grounds that it seeks documents that are not relevant to this action or likely to lead to the discovery of admissible evidence. Mattel further objects to this Request on the grounds that it seeks confidential, proprietary and trade secret information, including such information that has no bearing on the claims or defenses in this case. Mattel further objects on the ground that this Request seeks to circumvent the Discovery Master's Order dated May 22, 2007.

**REQUEST FOR PRODUCTION NO. 525:**

Copies of all producers' affidavits for any ADVERTISEMENT for MY SCENE or ACCELERACERS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 525:**

In addition to the general objections stated above which are incorporated herein by reference, Mattel objects to this Request on the grounds that it is overbroad, unduly burdensome and unintelligible, including in that it seeks all documents on this subject without limitation as to time, and regardless of whether such documents relate to products or matters at issue in this case. Mattel further objects to the use of the terms "producers' affidavits" in this context as vague and

1  ambiguous. Mattel further objects to the Request on the grounds that it seeks

2  documents that are not relevant to this action or likely to lead to the discovery of

3  admissible evidence. Mattel further objects to this Request on the grounds that it

4  seeks confidential, proprietary and trade secret information, including such

5  information that has no bearing on the claims or defenses in this case.

6          Subject to and without waiving the foregoing objections, Mattel

7  responds as follows: Mattel will produce such responsive, non-privileged

8  documents relating to those advertisements placed at issue in this litigation that are

9  in Mattel's possession, custody, or control, if any, that Mattel has been able to locate

10 after a diligent search and reasonable inquiry, to the extent not previously produced.

11

12 **REQUEST FOR PRODUCTION NO. 526:**

13          All DOCUMENTS that constitute COMMUNICATIONS between

14 YOU (including YOUR agents and attorneys) and law enforcement authorities in

15 Mexico, Canada or the United States, including but not limited to the United States

16 Attorney's Office, the Department of Justice and any national, regional, state or local

17 authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any

18 other alleged taking of confidential MATTEL information by MGA or persons

19 currently or formerly employed by MGA.

20

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 526:**

22          In addition to the general objections stated above which are

23 incorporated herein by reference, Mattel objects to this Request on the grounds that

24 it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

25 documents on this subject without limitation as to time, and regardless of whether

26 such documents relate to products or matters at issue in this case. Mattel further

27 objects on the ground that this Request duplicates prior Requests by MGA, and is

28 clearly designed to burden and harass. Mattel further objects to the Request on the

EXHIBIT 5    PAGE 230

1 | grounds that it seeks documents that are not relevant to this action or likely to lead
2 | to the discovery of admissible evidence. Mattel further objects to this Request on
3 | the grounds that it seeks confidential, proprietary and trade secret information,
4 | including such information that has no bearing on the claims or defenses in this
5 | case.

6 |

7 | **REQUEST FOR PRODUCTION NO. 527:**

8 | All DOCUMENTS REFERRING OR RELATING TO Board of
9 | Directors meetings in which MGA, BRATZ, LARIAN, Mel Woods, Ron Brawer,
10 | Janine Brisbois, Carlos Custavo Machado Gomez, Mariana Trueba Almada, or
11 | Pablo Vargas San Jose were discussed, including, but not limited to, meeting
12 | minutes, notes and memoranda.

13 |

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 527:**

15 | In addition to the general objections stated above which are
16 | incorporated herein by reference, Mattel objects to this Request on the grounds that
17 | it is overbroad, unduly burdensome and unintelligible, including in that it seeks all
18 | documents on this subject without limitation as to time, and regardless of whether
19 | such documents relate to products or matters at issue in this case. Mattel further
20 | objects to the Request on the grounds that it seeks documents that are not relevant to
21 | this action or likely to lead to the discovery of admissible evidence. Mattel further
22 | objects to this Request on the grounds that it seeks confidential, proprietary and
23 | trade secret information, including such information that has no bearing on the
24 | claims or defenses in this case. Mattel further objects to this Request on the grounds
25 | that it calls for the disclosure of information subject to the attorney-client privilege,
26 | the attorney work-product doctrine and other applicable privileges.

27 |

28 |

1  **REQUEST FOR PRODUCTION NO. 528:**

2      All DOCUMENTS that YOU (including YOUR agents and attorneys)

3  provided to law enforcement authorities in Mexico, Canada or the United States,

4  including but not limited to the United States Attorney's Office, the Department of

5  Justice and any national, regional, state or local authorities, concerning any of the

6  allegations in YOUR COUNTERCLAIMS or any other alleged taking of

7  confidential MATTEL information by MGA or persons currently or formerly

8  employed by MGA.

9

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 528:**

11      In addition to the general objections stated above which are

12  incorporated herein by reference, Mattel objects to this Request on the grounds that

13  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

14  documents on this subject without limitation as to time, and regardless of whether

15  such documents relate to products or matters at issue in this case.  Mattel further

16  objects to the Request on the grounds that it seeks documents that are not relevant to

17  this action or likely to lead to the discovery of admissible evidence.  Mattel further

18  objects to this Request on the grounds that it seeks confidential, proprietary and

19  trade secret information, including such information that has no bearing on the

20  claims or defenses in this case.

21

22  **REQUEST FOR PRODUCTION NO. 529:**

23      All DOCUMENTS that support the information and belief alleged in

24  paragraphs 42, 43, 47, 49, 51, 52, 68, 74 and 77 of YOUR COUNTERCLAIMS.

25

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 529:**

27      In addition to the general objections stated above which are

28  incorporated herein by reference, Mattel objects to this Request on the grounds that

-50-  EXHIBIT **5**  PAGE 2 3 2

1   it is overbroad and unduly burdensome.  Mattel further objects to this Request on

2   the grounds that it calls for the disclosure of information subject to the attorney-

3   client privilege, the attorney work-product doctrine and other applicable privileges.

4          Subject to and without waiving the foregoing objections, Mattel

5   responds as follows:  Mattel will produce such responsive, non-privileged

6   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

7   been able to locate after a diligent search and reasonable inquiry, to the extent not

8   previously produced.

9

10  **REQUEST FOR PRODUCTION NO. 530:**

11         All DOCUMENTS, including but not limited to agreements, draft

12  agreements and correspondence, REFERRING OR RELATING TO the payment or

13  offer of payment of attorneys fees by MATTEL to any PERSON in connection this

14  ACTION.

15

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 530:**

17         In addition to the general objections stated above which are

18  incorporated herein by reference, Mattel objects to this Request on the grounds that

19  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

20  documents on this subject without limitation as to time, and regardless of whether

21  such documents relate to products or matters at issue in this case.  Mattel further

22  objects to the Request on the grounds that it seeks documents that are not relevant to

23  this action or likely to lead to the discovery of admissible evidence.  Mattel further

24  objects to this Request on the grounds that it calls for the disclosure of information

25  subject to the attorney-client privilege, joint defense privilege, the attorney work-

26  product doctrine and other applicable privileges.

27         Subject to and without waiving the foregoing objections, Mattel

28  responds as follows:  Mattel will produce such responsive, non-privileged

1   documents that are in Mattel's possession, custody, or control, if any, that Mattel has

2   been able to locate after a diligent search and reasonable inquiry, to the extent not

3   previously produced.

4

5   **REQUEST FOR PRODUCTION NO. 531:**

6   　　　　DOCUMENTS sufficient to show YOUR fee arrangement with YOUR

7   counsel Quinn Emanuel Urquhart Oliver & Hedges LLP for services in connection

8   with this ACTION, including, but not limited to, a copy of the fee agreement or

9   retainer agreement between YOU and Quinn Emanuel Urquhart Oliver & Hedges

10  LLP.

11

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 531:**

13  　　　　In addition to the general objections stated above which are

14  incorporated herein by reference, Mattel objects to this Request on the grounds that

15  it is overbroad, unduly burdensome and unintelligible, including in that it seeks all

16  documents on this subject without limitation as to time, and regardless of whether

17  such documents relate to products or matters at issue in this case. Mattel further

18  objects to the Request on the grounds that it seeks documents that are not relevant to

19  this action or likely to lead to the discovery of admissible evidence. Mattel further

20  objects to this Request on the grounds that it calls for the disclosure of information

21  subject to the attorney-client privilege, the attorney work-product doctrine and other

22  applicable privileges.

23  DATED:  January 9, 2008　　　　QUINN EMANUEL URQUHART OLIVER &

24  　　　　　　　　　　　　　　　　　HEDGES, LLP

25

26  　　　　　　　By *Michael Zeller* (CSX)

27  　　　　　　　　　Michael T. Zeller
    　　　　　　　　　Attorneys for Plaintiff and
    　　　　　　　　　Counter-Defendant Mattel

28  　　　　　　　　　　　　　　　　　　EXHIBIT **5**　PAGE 234

09/2200584.1

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over the age of

3 eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4 On January 9, 2008, I served true copies of the following document(s) described as **MATTEL'S CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR**

5 **PRODUCTION** on the parties in this action as follows:

6     Thomas J. Nolan

7 **Skadden, Arps, Slate, Meagher & Flom LLP**

8 300 South Grand Ave., Ste. 3400 Los Angeles, California 90071

9 *Attorneys for MGA ENTERTAINMENT, INC.*

10

11 **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)

12 being served.

13     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14     Executed on January 9, 2008, at Los Angeles, California.

15

16

17 NOW LEGAL -- Dave Quintana

18

19

20

21

22

23

24

25

26

27

28

07209/2169461.1

EXHIBIT 5   PAGE 235

1

## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3    Street, 10th Floor, Los Angeles, California 90017-2543.

4    On January 9, 2008, I served true copies of the following document(s) described as **MATTEL'S CORRECTED RESPONSES TO MGA'S FIFTH SET OF REQUESTS FOR**

5    **PRODUCTION** on the parties in this action as follows:

6    Mark E. Overland, Esq.                         John W. Keker
     David E. Scheper, Esq.                         Michael H. Page
7    Alexander H. Cote, Esq.                        Christa M. Anderson
     **Overland Borenstein Scheper & Kim,**         **Keker & Van Nest, LLP**
8    **LLP**                                        710 Sansome Street
     300 South Grand Avenue                         San Francisco, CA 94111
9    Suite 2750                                     *Attorneys for CARTER BRYANT*
     Los Angeles, CA 90071-3144
10   *Attorneys for Carlos Gustavo Machado*

11

12

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I
13   deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

14
     I declare that I am employed in the office of a member of the bar of this Court at whose
15   direction the service was made.

16   Executed on January 9, 2008, at Los Angeles, California.

17

18                                    _____
                                           Cyrus S. Naim
19

20

21

22

23

24

25

26

27

28

EXHIBIT 5   PAGE 234

**EXHIBIT 6**

Received:    9/25/07 11:32AM; ->Quinn,Emanuel,Urquhart,Oliver,&H; #857; Page 2
SEP-25-2007  11:28        [   JENY and MYERS LLP                              P.02/03

## O'MELVENY & MYERS LLP

BEIJING
BRUSSELS
CENTURY CITY
HONG KONG
LONDON
NEWPORT BEACH

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407
www.omm.com

NEW YORK
SAN FRANCISCO
SHANGHAI
SILICON VALLEY
TOKYO
WASHINGTON, D.C.

September 25, 2007

OUR FILE NUMBER
527436-8

### VIA FACSIMILE AND U.S. MAIL

WRITER'S DIRECT DIAL
(213) 430-6284

Timothy L. Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street
Los Angeles, CA 90017

WRITER'S E-MAIL ADDRESS
dhurwitz@omm.com

Re:   *Bryant v. Mattel, Inc.* Case No. CV04-09049 SGL (RNBx)
      (consolidated with CV 04-9059 & 05-2727)

Dear Tim:

Pursuant to Section 5 of the Discovery Master Stipulation, I write to request that we meet and confer about Mattel's Responses and Objections to Requests 526 and 528 of MGA's Fifth Set of Requests for Production served on Mattel. This request to meet and confer on these two specific requests is without prejudice to MGA's rights to meet and confer and move to compel on the remaining requests in the Fifth Set of RFPs.

RFP 526 requests: "All DOCUMENTS that constitute COMMUNICATIONS between YOU (including YOUR agents and attorneys) and law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA."

RFP 528 requests: "All DOCUMENTS that YOU (including YOUR agents and attorneys) provided to law enforcement authorities in Mexico, Canada or the United States, including but not limited to the United States Attorney's Office, the Department of Justice and any national, regional, state or local authorities, concerning any of the allegations in YOUR COUNTERCLAIMS or any other alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA."

EXHIBIT __6__ PAGE _237_

Received:   9/25/07 11:32AM-  ->Quinn,Emanuel,Urquhart,Oliver,&H;  #857;  Page 3
SEP-25-2007  11:28        L  .VENY and MYERS LLP                                     P.03/03

O'MELVENY & MYERS LLP
Timothy L. Alger, Esq. - September 25, 2007 - Page 2

Mattel served objections to RFP 526 but agreed, subject to those objections, to produce responsive, non-privileged documents not previously produced. Mattel objected to RFP 528 in its entirety without any statement that it would produce documents responsive to this request.

We believe there is no reasonable basis for Mattel to withhold production of the documents requested by RFPs 526 and 528. If Mattel has presented evidence to law enforcement authorities that it believes supports its claims that MGA or its employees engaged in theft of trade secrets or other unlawful acts, that evidence is directly relevant to Mattel's RICO and trade secret counterclaims in this lawsuit.

MGA therefore requests that Mattel withdraw all of its objections to RFPs 526 and 528 and produce all responsive documents within one week from today. These are very narrow requests, and we believe that responsive documents could easily be collected and produced.

I am available to meet and confer by telephone this Wednesday at any time that would be convenient for you. Absent a resolution, MGA will proceed immediately to file a motion to compel the production of the requested documents.

Sincerely,

David I. Hurwitz
for O'MELVENY & MYERS LLP

cc:   Amman Khan, Esq.
      Michael Page, Esq.
      James Spertus, Esq.

LA2:842693

EXHIBIT __4__ PAGE __38__

Received:    9/25/07 11:32AM; ->Quinn,Emanuel,Urquhart,Oliver,&H; #857; Page 1
SEP-25-2007  11:28      [   JENY and MYERS LLP                          P.01/03

# O

## O'MELVENY & MYERS LLP

400 South Hope Street
Los Angeles, California 90071-2899

TELEPHONE (213) 430-6000
FACSIMILE (213) 430-6407

## FAX TRANSMITTAL

**DATE & TIME:**
Tuesday, 09/25/07, 10:37 AM

**TOTAL NUMBER OF PAGES:**
3

| **TO:** | **FAX NUMBER:** | **TELEPHONE NUMBER:** |
|---|---|---|
| Timothy L. Alger - Quinn Emanuel Urquhart Oliver & Hedges, LLP | (213) 443-3100 | (213) 443-3223 |
| Amman Khan - Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | (310) 556-2920 | (310) 556-7865 |
| James W. Spertus | (310) 826-4711 | (310) 826-4700 |
| Michael Page - Keker & Van Nest LLP | (415) 397-7188 | (415) 391-5400 |

| **FROM:** | **RETURN FAX NUMBER:** | **TELEPHONE NUMBER:** |
|---|---|---|
| David I. Hurwitz | (213) 430-6407 | (213) 430-6284 |

## MESSAGE

**IF YOU DID NOT RECEIVE ALL PAGES, PLEASE CALL Cecelia Rolland AT (213) 430-6558, OR OUR FAX DEPARTMENT AT (213) 430-6357.**

| | | | |
|---|---|---|---|
| FILE NO.: | 527,436-008 | RETURN ORIGINAL TO: | C. Rolland |
| USER NO.: | 09364 | EXTENSION: | 6558 |
| RESPONSIBLE ATTY NAME: | David I. Hurwitz | LOCATION: | 14S-25 |
| SPECIAL INSTRUCTIONS: | | | |

This document is intended for the exclusive use of the addressee. It may contain privileged, confidential, or non-disclosable information. If you are not the addressee, or someone responsible for delivering this document to the addressee, you may not read, copy, or distribute it. If you have received this document by mistake, please call us promptly and securely dispose of it. Thank you.

EXHIBIT  4   PAGE 239

**EXHIBIT 7**

RECEIVED

JAN 11 2008

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 9, 2008

## VIA FACSIMILE & U.S. MAIL

Mr. Jon D. Corey
Mr. B. Dylan Proctor
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Mattel v. Bryant*

Gentlemen:

The parties previously meet and conferred on October 2, 2007 regarding Mattel's refusal to produce documents in response to MGA's Request for Production Nos. 526 and 528, and we understand that Mattel elected to stand on its objections to these requests. Because this meet and confer took place before we became involved in the case, we are writing to confirm that Mattel's position has not changed.

Please confirm by no later than 12:00 pm on Thursday, January 10, 2008 whether Mattel's position has changed. If we do not hear from you by the designated time, we will assume Mattel's position remains the same and we will seek appropriate relief from the Discovery Master.

Sincerely,

Robert J. Herrington

489116-Los Angeles Server 1A - MSW

EXHIBIT  7   PAGE  240

Confirmation Report — Memory Send

Time    : 01-09-2008   12:52pm
Tel line :
Name    :

Job number          : 311

Date                : 01-09  12:52pm

To                  : 94433100

Document pages      : 002

Start time          : 01-09  12:52pm

End time            : 01-09  12:52pm

Pages sent          : 002

Status              : OK

Job number    : 311          *** SEND SUCCESSFUL ***

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144
TELEPHONE No.: (213) 687-5000
FACSIMILE No.: (213) 687-5600
EMAIL: RHERRINGTON @skadden.com

FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                    DATE: January 9, 2008
DIRECT DIAL: (213) 687-5368                   FLOOR/OFFICE No.: 36
DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5443.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):    2

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

NAME: Mr. Jon D. Corey
      Mr. B. Dylan Proctor          FIRM: Quinn Emanuel Urquhart, etc.
CITY: Los Angeles                   TELEPHONE No.: (213) 443-3000
FACSIMILE No.: (213) 443-3100

MESSAGE: Please see attached.

693746.03-Los Angeles Server 1A - MSW

EXHIBIT 7 PAGE 241

**EXHIBIT 8**

**CONFORMED COPY**

*FILED*

1   Hon. Edward A. Infante (Ret.)
2   JAMS
    Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:     (415) 774-2611
4   Facsimile:     (415) 982-5287

2007 APR 19  PH II: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11   CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                          JAMS Reference No.1100049530
12              Plaintiff,

13         v.                             Consolidated with
                                          Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15              Defendant.                **ORDER GRANTING IN PART AND
                                          DENYING IN PART MATTEL'S
16                                        MOTION FOR PROTECTIVE ORDER
                                          REGARDING "POLLY POCKET"
17   CONSOLIDATED WITH                    DOCUMENTS**
     MATTEL, INC. v. BRYANT and
18   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
19

20

21

22                        I.  INTRODUCTION

23         On March 30, 2007, Mattel, Inc. ("Mattel") submitted its Motion For Protective Order

24   Regarding "Polly Pocket" Documents.  Pursuant to Rule 26(c), Fed.R.Civ.P., Mattel seeks a

25   protective order to limit the scope of MGA Entertainment, Inc.'s ("MGA") and Carter Bryant's

26   ("Bryant") subpoenas for production of documents relating to Polly Pocket to only those

27   documents that relate to a single Polly Pocket commercial identified by MGA in an interrogatory

28

Bryant v. Mattel, Inc.,                                                            1
CV-04-09049 SGL (RNBx)

EXHIBIT __8__  PAGE __242__

04/19/07

1   response.  On April 6, 2007, MGA submitted its opposition brief, and on April 11, 2007, Mattel

2   submitted a reply brief.  The matter was heard via telephonic conference on April 19, 2007.

3   Having considered the motion papers and comments of counsel at the hearing, Mattel's motion

4   for a protective order is granted in part and denied in part.[1]

## II. BACKGROUND

6       This consolidated action includes MGA's claims for unfair competition against Mattel.

7   Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

8   products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

9   packaging and Bratz television commercials.

10      On March 7, 2007 and March 12, 2007, MGA and Bryant issued subpoenas to three of

11  Mattel's advertising agencies:  Young & Rubicam Brands, Peterson Milla Hooks, Inc., and

12  Ogilvy & Mather Worldwide.  The subpoenas seek, among other things, documents relating to

13  Mattel's products, including the Polly Pocket line of products.  See Request Nos. 3, 4, 7, 12, 13,

14  and 14.  The subpoenas define Polly Pocket as "each image, character, logo, doll, toy, accessory,

15  product, packaging or other thing or matter that is or has ever been manufactured, marketed or

16  sold by MATTEL, or others under license by MATTEL, as part of a line of goods or merchandise

17  commonly known as, or sold and marketed under the POLLY POCKET trademark or trade

18  dress."  The requests at issue are set forth below:

19      Request No. 3:  All DOCUMENTS REFERRING OR RELATING TO any focus

20          group for "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products

21          and which also REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or

22          MGA.

23      Request No. 4:  All DOCUMENTS REFERRING OR RELATING TO any

24          participant comments from any focus group for "MY SCENE," "POLLY

25

26      [1] Pursuant to the Order for Appointment Of A Discovery Master, dated December 6, 2006, the undersigned is authorized to resolve disputes regarding third party subpoenas.  See Order at 3-4, 6.

27

28

EXHIBIT  8  PAGE  243

1   POCKET," or "ACCELERACERS" products and which also REFER OR

2   RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

3   Request No. 7:  All DOCUMENTS REFERRING OR RELATING TO any

4   MARKET RESEARCH REFERRING OR RELATING TO "MY SCENE,"

5   "POLLY POCKET," or "ACCELERACERS" or MATTEL, and which also

6   REFER OR RELATE TO "BRATZ," "ALIEN RACERS," or MGA.

7   Request No. 12:  All DOCUMENTS REFERRING OR RELATING TO proposed

8   or actual advertisements for "MY SCENE," "POLLY POCKET," OR

9   "ACCELERACERS" products and which also REFER OR RELATE TO

10   "BRATZ," "ALIEN RACERS," or MGA.

11   Request No. 13:.  All DOCUMENTS REFERRING OR RELATING TO

12   directives, suggestions, or instructions from MATTEL to create advertisements

13   for "MY SCENE," "POLLY POCKET," OR "ACCELERACERS" products using

14   elements that are similar to or the same as elements used in advertisements for

15   "BRATZ," "ALIEN RACERS," or MGA products.

16   Request No. 14:  Copies of all advertisements for "BRATZ," "ALIEN RACERS,"

17   or MGA products that YOU consulted or reviewed to create advertisements for

18   "MY SCENE," "POLLY POCKET," or "ACCELERACERS" products.

(collectively referred to hereinafter as the "Polly Pocket Requests"). See Decl. of B. Dylan

Proctor in Support of Mattel's Motion for Protective Order, Exs. 1-3.

      Mattel served objections to the subpoenas and requested a meet and confer with MGA and

Bryant regarding the scope of the Polly Pocket Requests.  The parties met and conferred on

March 27, 2007.  MGA asserted that the Polly Pocket Requests sought information relevant to

MGA's claims that Mattel has serially copied and imitated MGA's commercials.  MGA pointed

out that it is currently aware of at least one Polly Pocket commercial that copied elements from a

MGA Bratz commercial.  More specifically, in response to a contention interrogatory, MGA

identified twenty-two separate instances of alleged serial copycatting and imitating, one of which

was that "Mattel filmed a 'Polly Pocket' commercial in the same mall and featuring the same

EXHIBIT 8    PAGE 244

1   escalator as appeared in a previous 'Bratz' commercial." See MGA's Second Supplemental

2   Responses to Mattel's First Set of Interrogatories re Claims of Unfair Competition, Response to

3   Interrogatory No. 6.   MGA asserted that it was entitled to discovery to determine whether

4   Mattel's advertising agencies have documents evidencing plans, strategies or intentions to

5   copycat or imitate MGA commercials for this or any other Polly Pocket commercials in the past

6   or future.  Further, MGA asserted that the Polly Pocket Requests sought only those documents

7   that specifically related to MGA and its products.  In contrast, Mattel asserted that the Polly

8   Pocket Requests were overbroad, seeking information far beyond the Polly Pocket commercial

9   identified in MGA's interrogatory response.  The parties later exchanged meet and confer letters,

10  but were unable to resolve their dispute.

11          In this motion, Mattel contends that it is entitled to a protective order because the Polly

12  Pocket Requests are overbroad, seeking documents that have no connection or relevance to the

13  claims or defenses in the case, other than the single television commercial identified in MGA's

14  interrogatory response.  Mattel also contends that MGA and Bryant should not be permitted to

15  engage in a fishing expedition for potential claims involving Polly Pocket products.  Furthermore,

16  Mattel contends that its Polly Pocket line of dolls is in direct competition with MGA's doll

17  products, and that MGA and Bryant are not entitled to issue sweeping subpoenas for the improper

18  purpose of discovering Mattel's confidential focus group and market research documents relating

19  to competing products and other matters that are not even alleged to be at issue.  Accordingly,

20  Mattel seeks an order limiting the scope of the Polly Pocket Requests to only those Polly Pocket

21  documents that relate to the television commercial MGA claims that Mattel copied.

22          MGA and Bryant contend that Mattel has not demonstrated the requisite "good cause" for

23  a protective order.  They contend that there has been no showing that a protective order is

24  necessary to avoid annoyance, embarrassment, oppression or undue burden or expense.  Further,

25  they contend that the Stipulated Protective Order is sufficient to address Mattel's confidentiality

26  concerns.  MGA and Bryant also contend that the Polly Pocket Requests are narrowly tailored to

27  seek documents relevant to the claims that Mattel has serially imitated and copycatted MGA's

28  advertising for Bratz and other products.  Further, they contend that the Polly Pocket Requests

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                    4

EXHIBIT 8   PAGE 245

1  target documents that specifically relate to MGA or its products.  Lastly, MGA and Bryant object

2  to limiting discovery to the one Polly Pocket commercial referenced in MGA's interrogatory

3  response.  They contend that such a limitation would prevent them from obtaining documents

4  "that reveal Mattel's plans to copy or imitate MGA commercials for other 'Polly Pocket'

5  commercials and related efforts by Mattel's ad agencies to effectuate or evaluate these plans,

6  simply because the plans are non-public and about which MGA and Bryant could not possibly

7  have any actual knowledge."  Opposition at p.7.

8                                    III. DISCUSSION

9         Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11  party."  Fed.R.Civ.P. 26(b)(1).  Fishing expeditions to discover new claims, however, are not

12  permitted.  See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

13  2004) ("District courts need not condone the use of discovery to engage in 'fishing

14  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

15  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

16  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

17  the phrase "subject matter involved in the pending action," were intended to target discovery that

18  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

19  litigate the issues presented by the pleadings but to develop new claims or defenses.).

20  Furthermore, Rule 26(c), Fed.R.Civ.P.,  provides, in pertinent part, that upon motion and for good

21  cause shown, "the court in which the action is pending may make any order which justice requires

22  to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

23  expense, including that certain matters not be inquired into, that the scope of the disclosure or

24  discovery be limited to certain matters, or that a trade secret or other confidential research,

25  development or commercial information not be revealed or be revealed only in a designated way."

26  Fed.R.Civ.P. 26(c).

27         Polly Pocket is not mentioned in either MGA's or Bryant's complaint or any of the other

28  pleadings filed in this consolidated action.  Rather, MGA's complaint alleges that Mattel's

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                              5

EXHIBIT  8  PAGE  246

1   advertising and marketing schemes for two of its products – "My Scene" and "AcceleRacers" –

2   have "serially imitated" MGA's advertising.  MGA's complaint does not even reference the Polly

3   Pocket line of dolls or other Polly Pocket products.

4        The only proffered justification for the Polly Pocket Requests is an interrogatory response

5   in which MGA claims that one of Mattel's Polly Pocket commercials was allegedly filmed in the

6   same mall using the same escalator as an MGA Bratz commercial.[2]  The bulk of the Polly Pocket

7   Requests (Nos. 3, 4, 7, 12, 14), however, are far broader than the commercial identified by MGA.

8   The definition for Polly Pocket includes not just commercials, but "each image, character, logo,

9   doll, toy, accessory, product, and packaging that is or has ever been manufactured, marketed or

10  sold by Mattel as part of a line of goods or merchandise known as, or sold and marketed under the

11  Polly Pocket trademark or trade dress.  Furthermore, MGA and Bryant seek all Polly Pocket focus

12  group documents, including participant comments which relate to Bratz, MGA or Alien Racers.

13  They seek all "market research" referring or relating to Polly Pocket and which also relate to

14  Bratz, MGA, or Alien Racers, where "market research" is defined as "any type of research, study,

15  survey or analysis of consumers or potential consumers of a product or potential product

16  including, without limitation, focus groups, consumer surveys, market analyses, behavioral

17  analyses and consumer research."  They also seek all documents relating to proposed or actual

18  advertisements for Polly Pocket dolls which also relate to Bratz, MGA or Alien Racers.  MGA

19  and Bryant also seek copies of all advertisements for Bratz, Alien Racers, or MGA products that

20  were consulted or reviewed to create any and all advertisements for Polly Pocket products.  These

21  requests are clearly overbroad, extending far beyond the single Polly Pocket commercial that

22  MGA has contended is actionable.  The Federal Rules of Civil Procedure do not permit MGA and

23

24  _____

25      [2] Like MGA's complaint, MGA's response to Mattel's contention interrogatory regarding the alleged serial imitating and copycatting focus primarily on Mattel's "My Scene" and "Acceleracers" products.

26      <u>See</u> MGA's Second Supplemental Responses to Mattel's First Set of Interrogatories re Claims of Unfair Competition

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

      6

EXHIBIT _8_ PAGE 247

1    Bryant to use broad discovery requests, untethered to a claim or defense, to fish for new claims.

2    Rivera v. NIBCO, Inc., supra.  Because Request Nos. 3, 4, 7, 12, and 14 extend far beyond the

3    permissible scope of discovery under Rule 26, Fed.R.Civ.P., there is good cause to issue the

4    requested protective order limiting their scope to the Polly Pocket commercial identified in

5    MGA's interrogatory response.

6         In contrast, however, Request No. 13 is reasonably tailored to documents relevant to

7    MGA's unfair competition claim.  Evidence of directives, suggestions, or instructions from Mattel

8    to its advertising agencies to create advertisements for Polly Pocket using elements that are

9    similar to or the same as elements used in advertisements for "BRATZ," "ALIEN RACERS," or

10   MGA products could establish that Mattel intentionally used the same mall and escalator to

11   produce the Polly Pocket commercial identified in MGA's interrogatory response.  Therefore,

12   Mattel's motion is denied with respect to Request No. 13.

13                                  IV. CONCLUSION

14        For the reasons set forth above, Mattel's motion for a protective order is granted in part

15   and denied in part.  Request Numbers 3, 4, 7, 12, and 14 of MGA's and Bryant's subpoenas to

16   Young & Rubicam Brands, Peterson Milla Hooks, Inc., and Ogilvy & Mather Worldwide relating

17   to Polly Pocket are hereby limited in scope to Polly Pocket documents relating to the single Polly

18   Pocket television commercial identified in MGA's interrogatory response.  Mattel's motion is

19   denied as to Request No. 13.

20        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

21   Master, Mattel shall file this Order with the Clerk of Court forthwith.

22   Dated: April 19, 2007

23                                           HON. EDWARD A. INFANTE (Ret.)

24                                              Discovery Master

25

26

27

28
     Bryant v. Mattel, Inc.,                                                    7
     CV-04-09049 SGL (RNBx)

EXHIBIT __8__ PAGE __248__

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 19, 2007,

I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MATTEL'S MOTION FOR PROTECTIVE ORDER REGARDING "POLLY POCKET"

DOCUMENTS" in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 19, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 8   PAGE 249

**EXHIBIT 9**



1  Hon. Edward A. Infante (Ret.)
2  JAMS
   Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12          Plaintiff,

13     v.                                  Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15          Defendant.                     ORDER GRANTING IN PART AND
                                           DENYING IN PART MGA'S MOTION
16                                         TO COMPEL DOCUMENTS
                                           RESPONSIVE TO FIRST SET OF
17                                         REQUESTS FOR PRODUCTION OF
                                           DOCUMENTS DATED NOVEMBER
18  CONSOLIDATED WITH                      22, 2006
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20                                         I. INTRODUCTION

21          On April 13, 2007, MGA Entertainment, Inc. ("MGA") submitted a motion to compel

22  Mattel, Inc. ("Mattel") to produce documents responsive to MGA's First Set of Requests for

23  Production of Documents dated November 22, 2006 (the "requests"), which generally seeks

24  documents that MGA contends are relevant to its Lanham Act and unfair competition claims.  On

25  April 25, 2007, Mattel submitted its opposition brief, and on May 2, 2007, MGA submitted a

26  reply brief.  The matter was heard via telephonic conference on May 11, 2007.  Having

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                          1

                                    EXHIBIT ___ PAGE 250

1  considered the motion papers and comments of counsel at the hearing, MGA's motion to compel

2  is granted in part and denied in part.

## II. BACKGROUND

4  There are two themes underlying MGA's claims for unfair competition against Mattel.

5  First, MGA alleges that Mattel has intentionally "serially imitated and copy-catted the look of

6  MGA products, trade dress, trademarks, themes, ideas, advertising and packaging, including for

7  the 'Bratz' line of dolls," to dilute MGA's brand, create customer confusion, and unfairly stifle

8  competition. MGA's Complaint at ¶¶9, 65. Second, MGA alleges, on information and belief,

9  that "Mattel has intimidated, coerced and threatened retailers, licensees, suppliers and others in

10  the industry – both in the U.S. and internationally – in order to inhibit and stifle MGA's ability to

11  compete with Mattel and to prevent MGA from obtaining licensees, contracts and supplies for its

12  products." Id. at ¶9.

### The Alleged Copy-catting

14  Mattel's alleged serial copycatting "began with the 'Bratz' dolls themselves, but quickly

15  extended to MGA's packaging, themes, accessories, advertising and even other product lines."

16  Id. at ¶33. Mattel allegedly "designed its 'My Scene' dolls to evoke the unique and distinctive

17  look of the 'Bratz' – also with disproportionately oversized heads, artfully made-up almond-

18  shaped eyes, large, overly-lined and lipsticked lips, trendy, hip clothes and hair styles, and over-

19  sized feet." Id. at ¶34. Mattel also allegedly "systematically proceeded to modify the 'My Scene'

20  dolls since their original release, particularly their eyes, to increase their similarity to 'Bratz' more

21  and more over time." Id.

22  Further, Mattel allegedly "modified its 'My Scene' packaging, and the manner in which

23  the dolls are displayed, to more closely mimic the packaging, trade-dress and overall look and

24  total image of MGA's 'Bratz.'" Id. at ¶41. For example, Mattel allegedly changed its packaging

25  "to the open and transparent style of the 'Bratz' packaging." Id. at ¶43. Mattel also allegedly

26  hung its packaging and product display to "look even more closely and confusingly similar to

27

28

EXHIBIT 9 PAGE 251

1    MGA's packaging and 'tout ensemble.'" Id. at ¶45. Mattel also allegedly "discarded its

2    traditional rectangular shaped box, and like 'Bratz', adopted an unusual, non-rectangular shaped

3    box." Id. at ¶46. Mattel also allegedly "adopted the 'flying banner' ribbon-style slogan running

4    across the middle of the box, similar to that used on the 'Bratz' packaging." Id.

5         In addition to the packaging changes, Mattel allegedly copied "MGA's practice of

6    regularly releasing new dolls in connection with a theme – but not just any theme, often MGA's

7    theme." Id. at ¶47. For example, when MGA released its "Wintertime Wonderland" theme,

8    Mattel allegedly released "Chillin Out." Id. at ¶48. Mattel also allegedly imitated Bratz

9    accessories and related products in order to create consumer confusion in the marketplace. Id. at

10   ¶52. Further, Mattel allegedly "began running television commercials for its 'My Scene' dolls

11   bearing a remarkable similarity to 'Bratz' commercials, combining live action with animated

12   sequences set to similar sounding pop music and lyrics." Id. at ¶51. MGA alleges that Mattel's

13   conduct described above "is a calculated and intentional effort unquestionably designed to trade

14   off of MGA's hard work and goodwill, create confusion in the marketplace, steal MGA's thunder

15   and momentum, and dilute and blur away the novelty and distinctiveness of MGA's products."

16   Id. at ¶54.

17        Further, MGA alleges that when it "came out with a 'Bratz' 'Funky Fashion Makeover

18   Head,' Mattel came out with a confusingly similar – indeed, practically identical – 'My Scene'

19   styling head." Id. at ¶55. Mattel also allegedly "used a portion of the Bratz doll's now-famous

20   trademarked tag line 'The Girls With a Passion for Fashion' on Mattel's website for its 'Diva

21   Starz' dolls, asking its website users: 'Do you have a passion for fashion?'" Id. at ¶58.

22        MGA also alleges that Mattel recently came out with a confusingly similar line of "My

23   Scene" plush pets that have the distinctive look of MGA's "Bratz" line. Id. at ¶59. In addition,

24   Mattel allegedly "chose to package its pets the same way that MGA packaged its 'Bratz Petz',

25   sitting in an open box, with no top and with partial side panels that slope from a narrow front

26   panel to a higher back panel." Id. at ¶60. MGA alleges that the similarity of the "My Scene" pets

27

28

1    and the "Bratz Petz" has confused sophisticated retailers who have mistakenly merchandised the

2    products together. Id. at ¶61.

3         MGA alleges that Mattel's television commercials and "My Scene" products have become

4    so confusingly similar to MGA's commercials and products that advertising executives have

5    expressed concern. Id. at ¶62. MGA also alleges that the press has taken notice of Mattel's

6    alleged attempts to confuse consumers. Id. at ¶63. Further, MGA alleges that some customers

7    have contacted MGA seeking to purchase "My Scene" dolls. Id. at ¶64.

8         MGA alleges that Mattel's conduct has reached beyond "Bratz" to include other new

9    MGA toy lines. Id. at ¶67. For example, Mattel allegedly modeled its "Wee 3 Friends" line of

10   dolls and packaging on MGA's "4-Ever Best Friends" line. Id. at ¶68. Mattel also allegedly

11   modeled its "Little Mommy Potty Training Baby Doll" on MGA's "Mommy's Little Patient." Id.

12   at ¶69. Mattel also allegedly revamped and renamed one of its "Hot Wheels" lines with the

13   "AcceleRacerS" logo based upon MGA's "AlienRacers" radio controlled racing vehicles. Id. at

14   ¶70.

15                   Additional Allegedly Anti-Competitive Conduct

16        MGA alleges that Mattel has engaged in additional allegedly anti-competitive conduct,

17   including "sending threatening letters to several of its former employees who now work for MGA

18   warning them not to disclose *even publicly available information* about Mattel, including the

19   names and positions of Mattel employees." Id. at ¶75 (emphasis in original). Mattel has also

20   allegedly "warned a number of companies, including the biggest publishing entity in the United

21   Kingdom, not to license MGA products, or risk retribution." Id. at ¶76. MGA alleges that it has

22   lost valuable licensing opportunities as a result of Mattel's conduct. Id.

23        MGA also alleges that "Mattel has used similar intimidation to pressure distributors and

24   retailers, particularly in foreign countries, not to distribute 'Bratz', to reduce shelf and display

25   space for 'Bratz' and to place 'Bratz' in unfavorable locations at retail outlets." Id. at ¶77. MGA

26   further alleges that "[w]hen MGA faced a shortage of doll hair in October 2002, MGA is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 9   PAGE 253

1   informed and believes that the reason for that shortage was that Mattel had locked MGA out by

2   buying up the supply from the two main hair supply companies." Id. at ¶78.

3      MGA also alleges that Mattel manipulated the retail market. More specifically, MGA

4   alleges that "Mattel merchandisers have been caught tampering with MGA's retail displays,

5   replacing favorably located MGA merchandise with Mattel merchandise instead." Id. at ¶79.

6   MGA further alleges on information and belief that "Mattel has falsely told a major United States

7   retailer that MGA was giving another major United States retailer below-market pricing and

8   falsely told a United Kingdom retailer that MGA was discontinuing one of its lines, in order to

9   make such line less attractive to buyers and thereby attempt to increase sales of the competitive

10  Mattel product and improve its own sales, at MGA's expense." Id.

11     Next MGA alleges on information and belief that NPD Funworld ("NPD"), the leading

12  supplier of sales statistics in the toy industry, terminated MGA's subscription ostensibly for

13  misusing NPD data and that "the termination was the result of pressure from Mattel." Id. at ¶¶80-

14  85. MGA also alleges on information and belief that Mattel pressured NPD into changing certain

15  product classifications for "Bratz" products to manipulate the data and preserve Mattel's market

16  share rankings in the "fashion doll" category. Id. at ¶86.

17     MGA further alleges on information and belief that Mattel used its influence as a major

18  contributor to the Children's Advertising Review Unit ("CARU"), which is a unit of the Council

19  of Better Business Bureaus, to "place onerous restrictions on MGA advertisements, and require

20  MGA to amend aspects of commercials that have gone unchallenged in other parties'

21  commercials." Id. at ¶89. As a result of CARU's restrictions, MGA allegedly incurred

22  unnecessary costs for reshooting and producing or re-editing its commercials. Id. at ¶90.

23     MGA also alleges on information and belief that Mattel's subsidiary, Fisher Price,

24  "orchestrated" a change to the selection process for TIA's "Toy-of-the-Year Awards," which

25  allegedly resulted in a Fisher Price toy beating out "BRATZ Formal Funk Super Stylin' Runway

26  Disco." Id. at ¶¶92-96. MGA also alleges on information and belief that one year "Mattel was

27

28

EXHIBIT 9  PAGE 254

1   instrumental in attempting to keep MGA from participating as a sponsor in the 'Kids' Choice

2   Awards.'" Id. at ¶97.

3        As a result of Mattel's alleged conduct described above, MGA has allegedly suffered, and

4   unless abated, will continue to suffer lost sales, lost licensing fees, lost contracts, lost

5   relationships, lost business opportunities and other damages.  Id. at ¶100.  MGA also alleges that

6   its ability to enter new markets and product lines has been hampered and delayed.  Id.

7   Furthermore, MGA alleges that "[i]ts production costs have increased, its reputation and

8   relationships with important players in the industry have been negatively impacted, the value of

9   its business has been diminished, and its ability to attract, hire and retain employees has been

10   affected."  Id.  Based upon the foregoing, MGA asserts claims for (1) false designation of origin

11   or affiliation in violation of 15 U.S.C. §1125(a); (2) unfair competition in violation of 15 U.S.C.

12   §1125(a) and unfair competition and unfair business practices in violation of Cal. Bus. & Prof.

13   Code §17200 et seq.'and California common law; (3) dilution in violation of 15 U.S.C. §1125(c),

14   Cal. Bus. & Prof. Code §14330 and California common law; and (4) unjust enrichment.

15   <u>MGA's First Set of Requests for Production of Documents</u>

16        On November 22, 2006, MGA propounded one hundred fifteen (115) document requests

17   seeking discovery regarding, among other things:  (a) Mattel's alleged copycatting efforts and

18   activities with respect to Bratz and other MGA product lines; (b) anti-competitive business

19   practices allegedly carried out by Mattel; and (c) any similar or related activities.  In response,

20   Mattel objected to many requests primarily on the grounds that they were overly broad and

21   unduly burdensome.  Mattel agreed, however, to produce documents responsive to many of the

22   requests.

23        The parties met and conferred in person on March 9, 2007.  MGA's counsel demanded

24   that Mattel withdraw all objections based on relevance.  Alger Decl. in Support of Mattel's

25   Opposition at ¶7.  Mattel's counsel responded that Mattel was producing responsive documents

26   and would continue to produce responsive documents, but had concerns over the "lack of focus

27

28

EXHIBIT 9   PAGE 255

1   and infinite scope" of MGA's document requests. Id. Mattel's counsel suggested that MGA

2   narrow the requests to "those products, retailers, licensees, and time frames that MGA has put at

3   issue in its Complaint and response to interrogatories." Id. MGA's counsel, however, rejected

4   the proposal. Id.

5           A few days later, counsel for MGA sent Mattel's counsel a letter offering several

6   suggestions for limiting the requests. Glad Decl. in Support of MGA's Motion, Ex. 1. In

7   particular, MGA stated that "it would be amenable to certain limitations on the number and

8   identities of custodians whose files must be searched, so long as Mattel is willing to accept

9   reciprocal accommodations for MGA's own document review." Id. Mattel did not respond to the

10  letter, and the instant motion ensued.

11                              III. STANDARDS

12          Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

13  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

14  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

15  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

16  2004) ("District courts need not condone the use of discovery to engage in 'fishing

17  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

18  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

19  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

20  the phrase "subject matter involved in the pending action," were intended to target discovery that

21  swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

22  litigate the issues presented by the pleadings but to develop new claims or defenses.). Further,

23  pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit discovery where "the burden or

24  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

25  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

26  the litigation, and the importance of the proposed discovery in resolving the issues."

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                              7

EXHIBIT  9  PAGE 256

## IV. DISCUSSION

### A. General Objections

MGA contends that Mattel has improperly withheld documents based on three generalized objections. First, MGA contends that Mattel has asserted an objection based upon relevance to requests that are not related to facts specifically alleged in MGA's complaint. MGA contends the objection is improper because it essentially grafts a heightened pleading standard onto discovery requests, is inconsistent with the standard for discovery set forth in Rule 26(b), Fed.R.Civ.P., and goes against the very purpose of discovery. MGA denies "fishing" for new claims, contending that it is seeking discovery tending to support or refute existing claims.

Second, MGA contends that Mattel has improperly refused to produce "documents related to MGA's BRATZ dolls unless the documents are 'in the context' of Mattel's BARBIE or MY SCENE products." MGA's Motion at 9:10-11. MGA contends that all of the documents related to Bratz that it seeks are relevant, regardless of whether they refer to or contemplate Barbie or My Scene. In particular, MGA contends that documents related to Bratz, even if they do not refer to Barbie or My Scene, are relevant to its claims that (1) Mattel has exerted pressure on licensees not to license Bratz products; (2) Mattel has exerted pressure on retailers or distributors not to distribute Bratz products; (3) Mattel has tampered with Bratz displays; and (4) Mattel intentionally copied Bratz products.

Third, MGA contends that Mattel has improperly limited its production of My Scene documents to only those documents related to the specific acts of product and packaging infringement identified in MGA's complaint. MGA contends that it is entitled to far more, including documents concerning potential acts of infringement not mentioned in the complaint and documents concerning the development of the My Scene product line from inception of this suit to the present. In particular, MGA contends that documents concerning the current development of My Scene may tend to show continuing infringement, and therefore are relevant to prove that Mattel's conduct is willful.

1    Mattel contends that it has produced documents in response to many of MGA's requests,

2    and will continue to do so. Mattel objects, however, to those requests that require Mattel to

3    produce virtually every document, anywhere in the world, that mentions MGA, Larian, Bratz, or

4    any other MGA product. Mattel contends that MGA is engaging in an improper fishing

5    expedition, casting its requests so broadly as to require production of documents relating to

6    products and entire product lines that are irrelevant to the suit. Mattel also contends that the

7    requests are overbroad because they seek documents about subjects such as quality and pricing

8    which do not appear anywhere in MGA's pleadings. Id. Furthermore, Mattel contends that

9    MGA's requests are not linked in any manner to MGA's claims in the suit and do not reference

10   any particular alleged wrongdoing by Mattel.

11    Mattel also contends that responding to MGA's document requests would impose a

12   considerable, unjustifiable burden on Mattel. Mattel emphasizes that it is a large company, with

13   over 140 subsidiaries and affiliates in approximately 43 different countries. Mattel represents that

14   it has over 5,000 employees in the United States and more than 25,000 employees at subsidiaries

15   and affiliates worldwide.

16    Mattel also represents that its products are sold in thousands of stores. It represents that it

17   deals with Wal-Mart, Target, K-Mart, and Toys "R" Us on a daily basis, and that these four

18   retailers have more than 4,500 stores in the United States. Mattel also represents that it deals with

19   many hundreds more retailers domestically and overseas. Further, Mattel represents that it has

20   relationships with more than 1,400 licensees and licensors.

21    Mattel also represents that the toys it produces vary widely, including collectible card

22   games, electronic handheld devices, toy cars, and the Barbie doll line. Mattel asserts that it

23   introduces annually more than 2,000 different types of toys, dolls and other products in more than

24   150 nations throughout the world. Mattel asserts that many products often involve the creation of

25   many categories of documents relating to design, marketing, consumer and market research,

26   planning, engineering, cost, manufacturing, distribution, sales and finance. Mattel represents that

27

28

1   these types of documents are stored on Mattel's over 800 computer servers worldwide, and that

2   countless others are stored in hardcopy or stored on individual employees' desktop computers and

3   laptops. Furthermore, Mattel represents that many of its network systems, including its e-mail

4   system, are not readily searchable, or searchable at all, by use of keyword terms. For example,

5   Mattel asserts that the computer system used by Mattel's designers and engineers overwhelmingly

6   consists of graphical files whose content cannot be searched by keywords.

7        Mattel estimates that MGA and its products are referenced in millions of pages of

8   documents and computer files at Mattel. More specifically, Mattel contends that many groups

9   across Mattel, such as marketing, consumer research, sales, finance, human resources and safety

10   testing, have documents that refer or relate to MGA or its products in some way. Mattel also

11   contends that a large volume of this information is from third party analysts and third party

12   sources, including retail sales reports that track doll sales across the entire industry, newspaper

13   and magazine articles, commercials and advertisements. Mattel also represents that it collects

14   great quantities of documents about its competitors that are readily available on the Internet or

15   other public sources, including catalogs, advertising, press releases, and media reports, and from

16   retailers and distributors throughout the world.

17        Furthermore, Mattel represents that its documents, particularly its marketing and sales

18   research documents, often reference many competing products, not just the Bratz dolls at issue.

19   Mattel contends that these types of documents would be difficult to search and collect because, in

20   many instances, the only way to determine whether a particular document mentions Bratz would

21   be to review the entire document.

22        Mattel contends that virtually any employee at Mattel might have documents that are

23   responsive to MGA's requests. Mattel estimates that "to locate all such documents would take

24   years, cost millions of dollars, and seriously interfere with the operation of Mattel's business."

25   Mattel's Opposition at 17. Matter also asserts that "[s]uch efforts – including search of Mattel's

26   servers, its employees' computer workstations, hard copy files, computer disks, and video files –

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT 9 PAGE 255

1   would be in addition to the cost of attorney review of the materials before they are produced in

2   litigation." Id. Mattel also contends that the burden and expense of production is multiplied

3   several times further if Mattel is required to search the files in the possession of its worldwide

4   subsidiaries.

5        Mattel contends that even if the search for responsive documents could be accomplished,

6   the resulting document production would provide MGA with countless documents with little or

7   no relevance. For example, Mattel anticipates that many documents would be discussions of the

8   competition in the context of irrelevant dolls, such as any number of mainline Barbie dolls.

9   Mattel contends that other documents would simply be third party market reports which are

10  equally available to MGA from public sources. Accordingly, Mattel requests that the motion be

11  denied in full.

12       In its reply, MGA counters that the requests are not unduly burdensome. MGA contends

13  that contrary to Mattel's assertions, the requests are factually self-limited, containing restrictive

14  language and defining the outer parameters for the documents sought. Furthermore, MGA

15  contends that it told Mattel that it would be amenable to certain limitations on the number and

16  identities of custodians whose files must be searched, so long as Mattel was amenable to

17  reciprocal accommodations for MGA's own document review. MGA contends that, at a

18  minimum, Mattel should be required to search the physical and electronic files of its employees.

19  MGA contends that Mattel should not be released wholesale from its discovery obligations based

20  on a purported burden, particularly when it failed to work with MGA in good faith to mitigate that

21  burden.

22       Lastly, MGA argues that any burden to Mattel is outweighed by the benefit to be secured

23  from the discovery. MGA contends that it "realistically has no other way of obtaining documents

24  tending to support its claims that Mattel engaged in a pattern of conduct with suppliers,

25  distributors, licensees and others constituting unfair competition except from Mattel." MGA's

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT 9 PAGE 260

1    Reply at 10.  Therefore, MGA believes that the benefits of the discovery it seeks are

2    immeasurable and that in contrast, the burden to Mattel is not unreasonable.[1]

3    B. Document Requests

4         In addition to the three general objections described above, Mattel has asserted other

5    objections to certain categories of document requests which MGA contends are improper.  The

6    general objections stated above, as well as the additional objections asserted by Mattel, are

7    reviewed herein in the context of the nine categories of document requests at issue.

8                             1. Document Request Nos. 32-33, 61

9         Request nos. 32, 33 and 61 seek production of communications with sales personnel,

10   merchandisers and retailers relating to alteration of displays or retail spacing of MGA products

11   other than Bratz.  MGA contends that the documents it seeks are relevant to the allegation in

12   paragraph 79 of its complaint that "Mattel merchandisers have been caught tampering with

13   MGA's displays, replacing favorably located MGA merchandise with Mattel merchandise

14   instead."  In its reply brief, MGA clarifies that it "seeks information tending to show that at any

15   time after June 2001, Mattel sales personnel tampered with, or directed others to tamper with,

16   MGA's in-store displays."  MGA's Reply at 8.

17        During the meet and confer process, Mattel agreed to produce documents responsive to

18   request nos. 32-33 and 61 insofar as they related to displays, retail spacing, or shelf space for

19   Bratz, but refused to produce responsive documents relating to any other MGA products.  Glad

20   Decl. in Support of MGA's Motion, Ex. 1.  Mattel contends that request nos. 32 and 33 are

21   overbroad and unduly burdensome insofar as they require production of communications relating

22   to displays, retail spacing, or shelf-space for any other MGA products.  Mattel views the requests

23   as a directive to "go out and find, review and produce essentially all of its retailer

---

25   [1] In a footnote, MGA mentions that Mattel has also withheld documents relating to conduct occurring outside of the United States, and that this issue will be addressed in a separate motion.  MGA's Motion at 10, n. 29.

26   Nothing in this Order is intended in any way to permit or foreclose discovery relating to conduct occurring outside of the United States.

1   communications about any 'change' in any 'display' or any 'retail spacing' for any MGA

2   product." Mattel's Opposition at 10. Mattel contends that MGA, not Mattel, should bear the

3   burden of identifying specific incidents of alleged tampering, and thereafter Mattel will attempt to

4   find and produce pertinent documents relating to those incidents. Id.

5       Mattel also contends that request no. 61 is overbroad and amounts to an improper fishing

6   expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

7   product, whether or not they have anything to do with anything placed at issue by MGA. Mattel's

8   Opposition at 7-8. Mattel also contends that the request has no linkage to any possible consumer

9   confusion between Bratz and My Scene or between the other products mentioned in MGA's

10  complaint or MGA's responses to Mattel's contention interrogatories. Id. at 8.

11      Request nos. 32, 33, and 61 seek documents relevant to MGA's allegation that "Mattel

12  merchandisers have been caught tampering with MGA's displays, replacing favorably located

13  MGA merchandise with Mattel merchandise instead." MGA's allegation of tampering is broader

14  than just Bratz products, and therefore, Mattel's objection to producing responsive documents for

15  MGA products other than the Bratz line is overruled.

16      Further, the requests are not unduly burdensome. Request nos. 32 and 33 are limited to

17  communications between Mattel and its sales personnel and merchandisers relating to alterations

18  of display or retail spacing for MGA products, and therefore do not require Mattel to search for

19  documents from every single one of its employees. Request no. 61 is also reasonably tailored to

20  seek relevant information, requiring production of communications between Mattel and any

21  retailer, sales person or merchandiser referring or relating to the allocation of shelf space, altering

22  of retail displays, or placement of Bratz in retail stores, including but not limited to

23  communications concerning the placement of "Bratz" relative to My Scene. Contrary to Mattel's

24  assertion, request no. 61 does not require Mattel to search for virtually all documents that mention

25  MGA, Larian, Bratz, or any other MGA product, whether or not they have anything to do with

26  anything placed at issue by MGA. Instead request no. 61 is clearly limited to a defined category

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          13

EXHIBIT 9 PAGE 262

1   of communications with certain individuals and/or entities regarding a defined subject matter.  In

2   addition, MGA indicates in its reply brief that it seeks documents and communications from June

3   2001 forward.  With this temporal limitation, MGA's motion is granted as to request nos. 32, 33

4   and 61.

5                           2. Document Request Nos. 37-39

6           Request nos. 37 through 39 call for production of Mattel's communications with CARU

7   relating to MGA and restrictions to be placed on MGA, as well as documents supporting Mattel's

8   allegation in its answer that MGA violated CARU standards.  MGA contends that the documents

9   it seeks are relevant to its allegation in paragraph 89 of its complaint that "Mattel used its

10  influence as a major contributor to CARU's budget to induce CARU to place onerous restrictions

11  on MGA advertisements, and to require MGA to amend aspects of commercials that have gone

12  unchallenged in other parties' commercials."

13          In its opposition brief, Mattel represents that is prepared to produce documents that bear

14  on MGA's claims and Mattel's defenses involving CARU; but nothing further.  Mattel contends

15  that the sweep of these requests "goes far beyond any particular advertisements or the allegations

16  in MGA's complaint that Mattel pressured CARU or obtained better treatment different than

17  MGA." Mattel's Opposition at 10.  Furthermore, Mattel contends that the requests are improper

18  because CARU investigates complaints and claims in confidence.

19          MGA's request nos. 37 and 39 seek information relevant to MGA's allegation that Mattel

20  influenced CARU to place restrictions on MGA's advertisements.  The Federal Rules of Civil

21  Procedure do not require MGA to identify every instance when CARU imposed restrictions or

22  required amendments to MGA's advertisements before propounding discovery on the subject.

23          Request no. 38 is much broader, however, seeking all communications between Mattel

24  and CARU referring or relating to MGA, Larian, Bratz, or MGA products.  Request no. 38 is not

25  limited to the subject of MGA's advertisements, or any other subject that is at issue in the case.

26  Further, request no. 38 is, to a certain extent, cumulative of request nos. 37 and 39.

27

28

1    Accordingly, MGA's motion is granted with respect to request nos. 37 and 39, but denied

2    as to request no. 38.

3                    3. Document Request No. 43

4    Request no. 43 seeks documents relating to any attempts by Mattel to price My Scene

5    below Bratz. MGA contends that the documents it seeks are likely to lead to admissible evidence

6    relating to whether Mattel has an "organic process" for setting prices, or whether it set prices

7    based on confidential information obtained from MGA. MGA's Motion at 13:22.

8    Mattel contends that there is no allegation in MGA's complaint of below-market pricing.

9    Further, Mattel contends that the request is overbroad and seeks documents that have no relevance

10   to any other subject matter in suit.

11   Request no. 43 seeks documents that have no relevance to any claim or defense in the

12   case. There is no allegation in MGA's complaint related to below-market pricing. Nor is there

13   any allegation that Mattel misappropriated confidential pricing information from MGA.

14   Accordingly, MGA's motion is denied as to request no. 43.

15                   4. Document Request No. 47

16   Request no. 47 calls for production of documents relating to Mattel's communications

17   with buyers, merchandisers, general merchandise managers, or retailers relating to whether MGA

18   was giving any other U.S. retailer below-market pricing or whether MGA was discontinuing one

19   of its product lines. MGA contends that these documents are relevant to the allegation in

20   paragraph 79 of its complaint that "Mattel has falsely told a major United States retailer that

21   MGA was giving another major United States retailer below-market pricing and falsely told a

22   United Kingdom retailer that MGA was discontinuing one of its lines."

23   Mattel contends that request no. 47 is improper because it demands documents about

24   "alleged statements to an unidentified retailer and an unidentified toy line" without giving Mattel

25   "a hint as to where to look in order to perform a good-faith search for documents." Mattel's

26   Opposition at 12.

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

15

EXHIBIT  9   PAGE  264

1    Request no. 47 seeks documents relevant to MGA's allegation that Mattel made a false

2    representation to a major United States retailer that MGA was giving another retailer below-

3    market pricing, and falsely told a United Kingdom retailer that MGA was discontinuing a product

4    line.  The Federal Rules of Civil Procedure do not require MGA to identify the businesses to

5    whom Mattel allegedly made the false statements as a precondition to propounding discovery.

6    Nor is MGA required to identify every instance in which Mattel allegedly made such false

7    representations before propounding discovery.  Nevertheless, the request is extremely broad and

8    burdensome, requiring Mattel to search for "all documents referring or relating to any

9    communications between Mattel" and buyers, merchandisers, general merchandise managers, or

10   retailers referring or relating to whether MGA was giving another United States retailer below-

11   marketing pricing, or whether MGA was discontinuing one of its lines.  To alleviate some of the

12   burden to Mattel, the request is hereby limited to require production of only Mattel's

13   communications with any buyers, merchandisers, general merchandise managers or retailers

14   about MGA providing below-market pricing or MGA discontinuing a product line.  With this

15   limitation, MGA's motion is granted as to request no. 47.

16                          5. Document Request Nos. 48 – 50

17   Request nos. 48 through 50 essentially seek all documents referring or relating to Mattel's

18   communications with any buyers, merchandisers, general merchandise managers, retailers,

19   suppliers, licensees, and potential licensees, referring or relating to Bratz, Larian or MGA

20   regarding the origins, design, development, product launch, sales, promotions, advertising,

21   quality, or price of Bratz or any other MGA product.  During the meet and confer, Mattel agreed

22   to produce some, but not all, responsive documents.  In particular, Mattel objected to producing

23   documents relating to the pricing of Bratz or any MGA product.  Mattel also objected to

24   producing documents relating to Bratz unless the documents also referenced Mattel's My Scene

25   or Barbie products.

26

27

28

1       MGA contends that these documents are relevant to its allegation that Mattel interfered

2   with its business dealings with third parties.  In its reply brief, MGA asserts that it seeks

3   documents and communications between Mattel and certain third parties "from June 2001 tending

4   to support or refute MGA's assertions that Mattel interfered with MGA's dealings with such

5   parties by providing false or misleading information concerning MGA products, the ownership of

6   'Bratz' and exerting pressure on these parties not to license or sell MGA products."  MGA's

7   Reply at 8.

8       Mattel contends that these requests are overbroad and amount to an improper fishing

9   expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

10  product, whether or not they have anything to do with anything placed at issue by MGA.  Mattel's

11  Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

12  consumer confusion between Bratz and My Scene or between the other products mentioned in

13  MGA's complaint or MGA's responses to Mattel's contention interrogatories.  Id. at 8.

14      This category of requests is clearly overbroad, requiring production of documents that

15  merely mention MGA, Larian, Bratz or other MGA products, regardless of whether or not they

16  have anything to do with the claims and defenses in the case.  MGA has not made any attempt to

17  link these requests to any of the numerous and far-ranging allegations of unfair competition set

18  forth in its complaint.  Instead MGA makes a very generalized argument that the requests seek

19  information relevant to its allegation that Mattel interfered with MGA's business dealings with

20  third parties.  Furthermore, Mattel has carried its burden of establishing that the burden and

21  expense of complying with the requests far exceed their likely benefit, taking into account the

22  needs of the case.  Accordingly, MGA's motion is denied as to request nos. 48 through 50.

23                      6. Document Request Nos. 51 – 55

24      This category of document requests requires production of essentially all documents

25  referring or relating to any communications between Mattel and any public relations firms,

26  members of the press, current or former MGA employees, or former Mattel employees, relating to

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

EXHIBIT    9    PAGE   269

1    Bratz, Larian, or MGA regarding the origins, design, development, product launch, sales,

2    promotions, advertising, quality, or price of Bratz or any other MGA product. During the meet

3    and confer process, Mattel agreed to produce some, but not all responsive documents.

4         MGA contends that these documents are relevant to its allegations that Mattel has engaged

5    in serial imitation of MGA products in an attempt to dilute their distinctiveness and create

6    confusion in the marketplace. MGA also contends that these documents are likely to lead to

7    admissible evidence relating to the creation and ownership of Bratz, Mattel's knowledge and

8    awareness of Bratz products and marketing and its attempt to imitate those products and dilute

9    their distinctiveness.

10        Mattel contends that these requests are overbroad and amount to an improper fishing

11   expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other MGA

12   product, whether or not they have anything to do with anything placed at issue by MGA. Mattel's

13   Opposition at 7-8. Mattel also contends that the requests have no linkage to any possible

14   consumer confusion between Bratz and My Scene or between the other products mentioned in

15   MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at 8.

16        Like the previous category of requests, this category of requests is grossly overbroad,

17   requiring production of documents that merely mention MGA, Larian, Bratz or other MGA

18   products, regardless of whether or not they have anything to do with the claims and defenses in

19   the case. MGA has not made any attempt to link these requests to any of the allegations of unfair

20   competition set forth in its complaint or to the responses it provided to Mattel's contention

21   interrogatories. Furthermore, Mattel has carried its burden of establishing that the burden and

22   expense of complying with these requests far exceed their likely benefit, taking into account the

23   needs of the case. Accordingly, MGA's motion is denied as to request nos. 51-55.

24                          7. Document Request Nos. 56 – 58

25        This category of requests requires production of all documents relating to business

26   dealings between any licensee, supplier, manufacturer, retailer, distributor, or merchandiser and

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                          18

EXHIBIT 9   PAGE 267

1    MGA.  MGA contends that these document requests are specifically tailored to documents in

2    Mattel's possession, custody or control concerning MGA's business dealings with licensees,

3    suppliers, manufacturers, retailers, distributors, or merchandisers, and are directly relevant to its

4    claims that Mattel interfered with MGA's business dealings with third parties.

5            Again, Mattel contends that these requests are overbroad and amount to an improper

6    fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or any other

7    MGA product, whether or not they have anything to do with anything placed at issue by MGA.

8    Mattel's Opposition at 7-8.  Mattel also contends that the requests have no linkage to any possible

9    consumer confusion between Bratz and My Scene or between the other products mentioned in

10   MGA's complaint or MGA' responses to Mattel's contention interrogatories.  Id. at 8.  Mattel

11   also objects to request nos. 57 and 58 insofar as they require Mattel to produce documents that

12   refer "explicitly or implicitly" to business dealings involving MGA.

13           Like the previous two categories of document requests, this category of requests is grossly

14   overbroad.  Request nos. 56 and 57 require production of documents referring or relating to

15   MGA's business dealings, without specifying any products or other subject matter limitations.

16   Request no. 58 is narrower, but is unreasonable insofar as it requires Mattel to produce documents

17   that refer "explicitly or implicitly" to business deals involving MGA's Bratz or other products.

18   Furthermore, Mattel has carried its burden of establishing that the burden and expense of

19   complying with the requests far exceed their likely benefit, taking into account the needs of the

20   case.  Accordingly, MGA's motion is denied as to request nos. 56 through 58.

21                    8. Document Request Nos. 59, 60, 62-63, 99, 101

22           This category of requests requires production of all documents relating to (a) any

23   interference with or inhibition of the licensing or potential licensing of MGA's products, or

24   relating to any limitations or restrictions on any MGA licensee (request nos. 59, 62-63); (b) any

25   third party's licensing or potential licensing of MGA products (request no. 60); and (c)

26   communications between Mattel and MGA's licensees and distributors referring to MGA, Bratz

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

19

EXHIBIT  9   PAGE  268

1  or the claims in this lawsuit (request nos. 99, 101). MGA contends that the documents it seeks are

2  relevant to its allegation that Mattel exerted its influence on retailers and other third parties not to

3  do business with MGA.

4      Mattel contends that request nos. 59, 60, 62 and 63 are overbroad, seeking all documents

5  that might bear on MGA's business without identifying any particular business dealings. Mattel

6  also contends that they are overbroad insofar as they require production of all documents related

7  to "any MGA PRODUCT world wide," where "product" is defined as "each image, character,

8  logo, doll, toy, accessory, product, packaging or other thing or matter that is or has ever been

9  manufactured, marketed or sold by MGA or others under license." Mattel's Opposition at 9.

10     Mattel also contends that request nos. 99 and 101 are overbroad and amount to an

11  improper fishing expedition, seeking virtually all documents that mention MGA, Larian, Bratz, or

12  any other MGA product, whether or not they have anything to do with anything placed at issue by

13  MGA. Mattel's Opposition at 7-8. Mattel also contends that the requests have no linkage to any

14  possible consumer confusion between Bratz and My Scene or between the other products

15  mentioned in MGA's complaint or MGA' responses to Mattel's contention interrogatories. Id. at

16  8.

17     Request nos. 59, 60, 62, and 63 seek information relevant to MGA's allegations, including

18  among others, that Mattel "warned a number of companies, including the biggest publishing

19  entity in the United Kingdom, not to license MGA products, or risk retribution," and that Mattel

20  "terminated one of its licensees, apparently in retribution for licensing Bratz." MGA's Complaint

21  at ¶76. They are also reasonably tailored to require production of only those documents and

22  communications that refer or relate to interference with or inhibition of the licensing or potential

23  licensing of MGA's products, that refer or relate to any limitations or restrictions on any MGA

24  licensee, and that refer or relate to any third party's licensing or potential licensing of MGA

25  products. Mattel has not established that searching for theses types of responsive documents is

26  unduly burdensome. Therefore, MGA's motion is granted as to request nos. 59, 60, 62 and 63.

27

28

1    In contrast, however, request nos. 99 and 101 are overbroad, requiring Mattel to search for

2    and produce all documents referring or relating to communications between Mattel and any MGA

3    licensee or distributor that refer or relate to MGA, Bratz, this lawsuit, other litigation involving

4    the parties or their employees, claims by MGA against Mattel or claims by Mattel against MGA

5    or its employees.  For example, the requests would potentially require production of documents

6    that merely mentioned MGA and Bratz but that otherwise have no relevance to the claims and

7    defenses in the suit.  Therefore, MGA's motion is denied as to request nos. 99 and 101.

8                       9. Document Request Nos. 64, 65, 66, 67

9    This category of requests requires production of all documents relating to (a) any third

10   party's agreement or decision not to license, manufacture, promote, distribute or sell MGA

11   products or supply materials or services to MGA, or to limit, restrict, curtail or reduce such

12   activities (request nos. 64-65); and (b) any interference with or inhibition of the supply of goods

13   or services to MGA, or of MGA's distribution of its products (request nos. 66-67).  MGA

14   contends that these documents are relevant to its claims that Mattel interfered with MGA's

15   business dealings with distributors, retailers, and other third parties, as alleged in paragraphs 76-

16   79 of its complaint.

17   Mattel contends that these requests are overbroad, seeking all documents that might bear

18   on MGA's business without identifying any particular business dealings.  Mattel also contends

19   that they are overbroad insofar as they require production of all documents related to "any MGA

20   PRODUCT world wide," where "product" is defined as "each image, character, logo, doll, toy,

21   accessory, product, packaging or other thing or matter that is or has ever been manufactured,

22   marketed or sold by MGA or others under license."  Mattel's Opposition at 9.

23   These requests seek information relevant to MGA's allegation that Mattel interfered with

24   its business dealings.  In particular, MGA has alleged that Mattel "warned a number of

25   companies, including the biggest publishing entity in the United Kingdom, not to license MGA

26   products, or risk retribution," and that Mattel "terminated one of its licensees, apparently in

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                          21

EXHIBIT   9   PAGE   270

1  retribution for licensing Bratz." MGA's Complaint at ¶76.  MGA's requests are reasonably

2  calculated to lead to information relevant to this allegation.  Although the definition of product is

3  broad, the definition does not render the requests overbroad because they are otherwise limited in

4  subject matter.  Further Mattel has failed to establish that it is unduly burdensome to search for

5  and produce documents responsive to this category of requests.  Therefore, MGA's motion is

6  granted as to request nos. 64, 65, 66, and 67.

7                          10. Document Request Nos. 102-104

8         This category of requests requires production of Mattel's communications with three

9  companies referring to MGA, Bratz or Larian.  MGA contends that these documents are relevant

10  to its claims that Mattel interfered with its business dealings with third parties.

11        Mattel now represents that it will produce communications with Nickelodeon that bear on

12  MGA's allegation regarding sponsorship of the 2005 Kids Choice Awards.  Mattel contends,

13  however, that communications with Cartoon Network or 4kids Entertainment are not relevant to

14  any claim or defense in suit.

15        Mattel's communications with Nickelodeon regarding MGA, Bratz or Larian are relevant

16  in light of MGA's allegation that Mattel was "instrumental in attempting to keep MGA from

17.  participating as a sponsor in the 'Kids' Choice Awards.'" Id. at ¶97.  Therefore, MGA's motion

18  is granted as to request nos. 102.  In contrast, MGA has failed to establish that similar

19  communications with Cartoon Network and 4kids Entertainment are relevant to a claim or

20  defense in suit.  Therefore, MGA's motion is denied as to request nos. 103 and 104.

21  //

22  //

23  //

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

22

EXHIBIT 9  PAGE 271

## V. CONCLUSION

For the reasons set forth above, MGA's motion to compel is granted in part as to document request nos. 32 ( as modified), 33 (as modified), 61 (as modified), 37, 39, 47 (as modified) , 59, 60, 62, 63, 64, 65, 66, 67, and 102, and denied in part as to document request nos. 38, 43, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 99, 101, 103 and 104.  MGA's request for sanctions is denied.  Mattel shall produce responsive documents as set forth above no later than June 15, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: May 22, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

23

EXHIBIT ___9___   PAGE __26__

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 22,

2007, I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MGA'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO FIRST SET OF

REQUESTS FOR PRODUCTION OF DOCUMENTS DATED NOVEMBER 22, 2006 in

the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | |
| Douglas Wickham Esq. | Littler Mendelson | |
| Keith Jacoby Esq. | Littler Mendelson | |
| Dominic Messiha Esq | Littler Mendelson | |
| Diba Rastegar Esq. | Littler Mendelson | |
| Michelle Park Esq. | Littler Mendelson | |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Well & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 22, 2007, at San Francisco, California.

ANTHONY SALES

EXHIBIT ___9___ PAGE _273_

**EXHIBIT 10**

RECEIVED

JAN 1 7 2007

1   DIANA M. TORRES (S.B. #162284)
    JAMES P. JENAL (S.B. # 180190)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA  90071-2899
    Telephone:  (213) 430-6000
4   Facsimile:  (213) 430-6407
    Email:     jjenal@omm.com
5
    DALE M. CENDALI (admitted *pro hac vice*)
6   O'MELVENY & MYERS LLP
    Times Square Tower, 7 Times Square
7   New York, New York 10036
    Telephone:  (212) 326-2000
8   Facsimile:  (212) 326-2061
9   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
10  JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
11  Los Angeles, CA  90067
    Telephone:  (310) 553-3000
12  Facsimile:  (310) 557-9815
13  Attorneys for MGA Entertainment, Inc.
14
15          UNITED STATES DISTRICT COURT
16          CENTRAL DISTRICT OF CALIFORNIA
                  EASTERN DIVISION
17
18  CARTER BRYANT, an individual,       Case No.  CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-2727)
19              Plaintiff,
                                        MGA ENTERTAINMENT INC.'s
20       v.                             RESPONSE TO MATTEL INC.'S
                                        FIRST SET OF REQUESTS FOR
    MATTEL, INC., a Delaware            DOCUMENTS AND THINGS RE
21  Corporation,                        CLAIMS OF UNFAIR COMPETITION
22              Defendant.
                                        Judge:  Hon. Stephen G. Larson
23  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and          Discovery Cut-Off:  T.B.D.
24  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
25
26
27
28                                      1-1.7

                                        MGA'S RESPONSE TO MATTEL'S FIRST SET
                                        OF REQUESTS FOR DOCMS AND THINGS
                                        CV 04-09049 SGL (RNBX)

EXHIBIT 10  PAGE 274

<u>PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS</u>

MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By providing these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto. MGA's production of documents is conditioned on the terms of the stipulated Protective Order that is in place in this action.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver

- 2 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT __10__ PAGE __245__

1  of any privilege or protection attaching thereto and MGA reserves the right, as set

2  forth in the stipulated Protective Order in place in this action, to correct the record

3  with regard to any such information and to supplement or amend these responses,

4  which supplemental or amended response shall become the operative response.

5

6  **GENERAL OBJECTIONS**

7      1.    MGA objects to each and every request on the ground that

8  production at the date and time demanded will subject MGA to unwarranted

9  oppression and undue burden and expenses.  The time set for compliance is unduly

10  burdensome, especially in light of the number of document requests, and the scope

11  and volume of the material being sought.  MGA intends to proceed expeditiously to

12  collect the documents for production, and if any are identified, will produce them at

13  a date and time, and in such a manner, as may be mutually agreed by counsel for

14  the parties.

15      2.    MGA objects to each request to the extent that it seeks

16  information protected from discovery by the attorney-client privilege, work-product

17  doctrine, right to privacy, or any other applicable legal, statutory or constitutional

18  privilege.

19      3.    MGA objects to each request to the extent that it seeks the

20  disclosure of confidential, proprietary or trade secret information.  Should such

21  documents be otherwise responsive and non-objectionable, MGA will produce such

22  documents subject to the terms and conditions of the Protective Order governing

23  this case.

24      4.    MGA objects to each request to the extent that it seeks

25  documents in Mattel's own possession, custody or control or that are equally

26  accessible to Mattel from public sources or from third parties.

27      5.    MGA objects to each request to the extent that it asks for

28  documents that are not relevant to claims or defenses in this case.

- 3 -

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)



EXHIBIT 10 PAGE 276

6.      MGA objects to each and every request to the extent it purports to require MGA to search all documents and things within its possession, custody or control or within the possession, custody or control of any of MGA's current or former employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on its behalf, pursuant to its authority or subject to its control, on the grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive, violates the right of privacy, and purports to require MGA to search for documents not within its possession, custody or control.  MGA will make a reasonably diligent search for responsive documents within its possession, custody or control.

7.      MGA objects to each and every request to the extent its seeks "all documents" responsive to a certain category on the grounds that such request is overbroad, unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable documents sufficient to provide Mattel with the information sought, following a reasonably diligent search.  On grounds of oppression and undue burden, MGA will not respond to duplicative or cumulative requests and will not re-produce documents it has already produced or produce documents that it has received from Mattel or others in the course of discovery in this matter.

8.      MGA objects to each request to the extent it seeks documents not within MGA's possession, custody, or control.

9.      MGA objects to each request to the extent it seeks information relating to activities or conduct of other entities or non-parties.  In each instance in which MGA has agreed to produce documents, such production is hereby expressly limited to documents relating to its own activities or conduct only.

10.     MGA objects to the defined terms "You," "Your," and "Mattel," on the grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for legal conclusions.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT __10__ PAGE 277

1    11. MGA objects to the defined terms "Contested MGA Products,"

2 "Contested Bratz Doll Products," "Contested Bratz Petz Products," "Contested

3 Bratz Funky Fashion Makeover," "Contested 4-Ever Best Friends Products,"

4 "Contested Mommy's Little Doll Products," "Contested AlienRacerS Products,"

5 "Contested Mattel Products," "Contested Mattel My Scene Dolls and Products,"

6 "Contested Mattel My Scene Pets Products," "Contested Mattel My Scene Styling

7 Head," "Contested Mattel Wee-3 Products," "Contested Mattel Little Mommy

8 Doll" and "Contested Mattel AcceleRacerS Products" on the grounds that these

9 terms, as defined, are overbroad, are vague and ambiguous, and call for legal

10 conclusions.

11    12. MGA objects to the defined term "Embodiment" on the ground

12 that this term, as defined, is overbroad, vague and ambiguous and calls for a legal

13 conclusion.  MGA further objects to the definition of this term in that it calls for the

14 production of trade secret and proprietary information that is unrelated to any claim

15 or defense in this litigation and is not reasonably calculated to lead to the discovery

16 of admissible evidence.

17

18    **SPECIFIC OBJECTIONS AND RESPONSES**

19 **REQUEST FOR PRODUCTION NO. 1:**

20   A sample of each of the CONTESTED MGA PRODUCTS, together with

21 each such product's packaging and all instructions, promotional literature, coupons,

22 bounce-back cards and any other materials inserted in or associated with such

23 packaging.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

25   MGA incorporates by reference the above-stated general objections as if

26 fully set forth herein.  MGA also specifically objects to this request to the extent

27 that it seeks information not relevant to the subject matter of this lawsuit or

28 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 272

1    objects to this request on the grounds that it is overbroad, unduly burdensome, and

2    oppressive in seeking all packaging and instructions, promotional literature,

3    coupons, bounce-back cards and any other materials inserted in or associated with

4    the packaging of MGA's products at issue in this litigation.

5         Subject to the foregoing, MGA will produce relevant documents responsive

6    to this request that are visible to the consuming public at the point-of-purchase, if

7    any, that it is able to locate following a reasonably diligent search.

8    <u>**REQUEST FOR PRODUCTION NO. 2:**</u>

9         A sample of each display, including but not limited to each point-of-purchase

10   or in-store display, prepared, produced, printed, manufactured or used in connection

11   with the CONTESTED MGA PRODUCTS.

12   <u>**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**</u>

13        MGA incorporates by reference the above-stated general objections as if

14   fully set forth herein.  MGA also specifically objects to this request to the extent

15   that it seeks information not relevant to the subject matter of this lawsuit or

16   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

17   objects to this request on the grounds that it is overbroad, unduly burdensome, and

18   oppressive in seeking a "sample of each display, including but not limited to each

19   point-of-purchase or in-store display, prepared, produced, printed, manufactured or

20   used in connection with" MGA's products at issue in this litigation.

21        Subject to the foregoing, MGA will produce relevant and non-objectionable

22   documents in its possession, custody or control, if any, responsive to this request

23   that it is able to locate following a reasonably diligent search.

24   <u>**REQUEST FOR PRODUCTION NO. 3:**</u>

25        A complete copy of each advertisement or promotional statement prepared,

26   produced, printed, broadcast, made available to anyone in any manner via the

27   Internet, or otherwise used or disseminated in any way in connection with the

28   CONTESTED MGA PRODUCTS.

MGA'S RESPONSE TO MATTEL'S FIRST SET
OF REQUESTS FOR DOCS & THINGS
CV 04-09049 SGL (RNBX)

EXHIBIT 10 PAGE 279

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2       MGA incorporates by reference the above-stated general objections as if

3  fully set forth herein.  MGA also specifically objects to this request to the extent

4  that it seeks information not relevant to the subject matter of this lawsuit or

5  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

6  objects to this request on the grounds that it is overbroad, unduly burdensome, and

7  oppressive in seeking "a complete copy of each advertisement or promotional

8  statement prepared, produced, printed, broadcast, made available to anyone in any

9  manner via the Internet, or otherwise used or disseminated in any way in

10  connection with" MGA's products at issue in this litigation.

11       Subject to the foregoing, MGA will produce relevant and non-objectionable

12  documents in its possession, custody or control, if any, responsive to this request

13  that were made available to the consuming public, that it is able to locate following

14  a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 4:**

16       A complete copy of each COMMUNICATION, advertisement, promotional

17  statement that provides a basis for any claim by YOU against MATTEL.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19       MGA incorporates by reference the above-stated general objections as if

20  fully set forth herein.  MGA also specifically objects to this request on the grounds

21  that it is overbroad, unduly burdensome, and oppressive in seeking a "complete

22  copy of each COMMUNICATION, advertisement, promotional statement" that

23  provides a basis for any claim by MGA against MATTEL.

24       Subject to the foregoing, MGA will produce relevant and non-objectionable

25  documents in its possession, custody or control, if any, responsive to this request

26  that were made available to the public, that it is able to locate following a

27  reasonably diligent search.

28

MGA'S RESPONSE TO MATTEL'S FIRST SET<br>OF REQUESTS FOR DOCS & THINGS<br>CV 04-09049 SGL (RNBX)

- 7 -

EXHIBIT __10__ PAGE __259__