THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

PATRICIA L. GLASER (Bar No. 55668)
(pglaser@glaserweil.com)
GLASER WEIL FINK JACOBS & SHAPIRO LLP
10250 Constellation Blvd 19th Floor
Los Angeles, CA, 90067
Tel.: (310) 553-3000  Fax: (310) 556-2920

RUSSELL J. FRACKMAN (Bar No. 49087)
(rjf@msk.com)
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd
Los Angeles, CA 90064
Tel.: (310) 312-2000  Fax: (310) 312-3100

Attorneys for The MGA Parties

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | |
| | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation, | Honorable Stephen G. Larson |
| Defendant. | MGA PARTIES' REPLY IN SUPPORT OF THEIR EVIDENTIARY OBJECTIONS TO MATTEL'S OPPOSITION TO THE MGA PARTIES' MOTION FOR REMITTITUR |
| AND CONSOLIDATED ACTIONS. | |
| | Hearing Date: February 11, 2009 Time: 10:00 a.m. |

The MGA Parties object to Mattel's flagrant violation of Rule 606(b) when Mattel offered hearsay versions of the jury's supposes deliberations and intent.  In its Response to the MGA Parties' Evidentiary Objections, Mattel claims that the evidence it seeks to present is relevant to show "that it was not impossible for the jury to have found $100 million in separate, unduplicated damages across the different causes of action" and "why the Ninth Circuit's [purported] waiver rule exists."  (Mattel, Inc.'s Response to the MGA Parties' Evidentiary Objections To Mattel's Opposition to The MGA Parties' Motion for Remittitur ("Resp.") (Dkt 4756) at 1, 2.)   Mattel's arguments are nonsense.   Mattel's attempted excursion into the jury's deliberative process is inadmissible to show that the jury failed to follow the instructions it was given and split its damages award among various causes of action.[1]   The MGA Parties showed – and Mattel does not refute – that there is no evidentiary or legal support for the notion that these claims are anything but seeking identical recovery for an identical harm.  Moreover, as argued at length in the MGA Parties' Reply, Mattel's "waiver rule" does not exist.  (MGA Parties' Reply In Further Support of Their Motion For Remittitur ("Reply") (Dkt 4706) at 2-5.)

Mattel's Response is based on the same false premise as its Opposition to the MGA Parties' Motion for Remittitur – Mattel contends that the MGA Parties are seeking to invalidate the verdict as ambiguous and asking the Court to disregard the jury's findings.  (See, e.g., Resp. at 1-4, Mattel, Inc.'s Opposition to the MGA Parties' Motion for Remittitur ("Opp'n") (Dkt 4684) at 5-7.)   The MGA Parties are doing no such thing.  As such, they need not show that it was "impossible" as a factual matter for the jury to have disregarded the Court's instructions and divided its damages award among the various claims and defendants.  (See Reply at 5-6.)   "[T]he law presumes that jurors carefully follow the

---

[1]   Mattel apparently fails to consider that if the Court permitted the wholesale admission of evidence of juror intent based on post-verdict interviews (and the law is clear that it should not), then the Court is equally obliged to consider various jurors' post-verdict statements emphatically decrying the imposition of any injunction on MGA here, and should modify its December 3 Orders accordingly.

1

MGA's Reply ISO Evid. Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

instructions given to them."  <u>Caudle v. Bristow Optical Co., Inc.</u>, 224 F.3d 1014, 1023 (9th Cir. 2000).  Thus, the jury is presumed to have followed the Court's instruction that it should award full damages for each claim and for each defendant (Phase B Jury Inst. (Dkt 4267) No. 44.), and because Mattel sought damages for a singular wrong using a single theory of damages, the jury's damages awards were **necessarily** duplicative.[2]  Mattel points to no case permitting this presumption to be overturned based on jurors' testimony that they did not follow the instructions given to them.  Rather, as the MGA Parties explained in their Objections, such testimony would directly address the jurors' mental processes and is therefore barred by Fed. R. Evid. 606(b).  (<u>See</u> MGA Parties' Evidentiary Objections to Mattel's Opposition to The MGA Parties' Motion for Remittitur ("Objs.") (Dkt 4707) at 3-4.)

It is well-established that Rule 606(b) forbids courts from inquiring into jurors' thought processes to determine whether the jury misunderstood or failed to follow jury instructions.  In <u>Robles v. Exxon Corp.</u>, the court noted that the Rules Advisory Committee "specifically mentioned with approval that courts have held jurors incompetent to testify as to whether they or other jurors misinterpreted their instructions" in revising Rule 606(b) and found that juror testimony that the jurors intended to award damages on a claim but thought the court would set the amount was impermissible.  862 F.2d 1201, 1205, 1208 (5th Cir. 1989).  In <u>Plummer v. Springfield Terminal Railway Co.</u>, the court rejected evidence that the jurors had not followed an instruction directing them not to reduce their damages award to compensate for the plaintiff's own contribution to his injuries.  5 F.3d 1, 4 (1st Cir. 1993).  In <u>Craig Outdoor Advertising, Inc. v. Viacom Outdoor, Inc.</u>, the court rejected juror affidavits submitted to show the jury did not award duplicative damages but rather intended

---

[2]     Indeed, Mattel admitted as much in arguing against the MGA Parties' proposed instruction on duplicative damages.  (<u>See</u> Tr. 7477:11-19 ("If an instruction were given and the jury actually followed the instruction, they would put down a damages number, whatever it is on the first claim, **and write zero on every other claim**, which is not an appropriate thing for a whole variety of reasons." (emphasis added)).)

each separate award to be totaled – despite the fact that "[n]othing in the jury instructions or the verdict forms directed or permitted the jury to allocate the total actual damages amount awarded to a Plaintiff among that Plaintiff's three state-law claims" – because the affidavits "purport to explain what the jury meant by its verdict and how the jury determined what numbers to transcribe onto the verdict form."   528 F.3d 1001, 1021-22 (8th Cir. 2008). Likewise, here, as this Court has already found, Rule 606(b) forbids using juror testimony to show that it is "possible" that the jury disregarded the instructions it was given and did not award the full amount of damages for each defendant on each claim.   (See 9/3/08 Order Denying Mattel's Request to Recall the Jury (Dkt 4295) at 2 ("[G]iven the presence of the jury instruction on the allocation of damages, any inquiry into this matter would stray far too close to – if it did not invade entirely – the territory protected by Rule 606(b): The jury's deliberative process.").)

Mattel's argument that its evidence is relevant to demonstrate the necessity of its purported "waiver rule" is equally flawed.  Most problematic for Mattel, there is no such rule.  Mattel's sole support for its "rule" is Yeti by Molly Ltd. v. Deckers Outdoor Corp., a case that stands for the unremarkable proposition that objections to ambiguous or problematic questions in a verdict form are waived unless they are timely raised. 259 F.3d 1101, 1109-10 (9th Cir. 2001).  As the Ninth Circuit explained, "[Defendant] contends now that there were several errors inherent in the verdict form.  These are not claims about the way the jury answered the form's interrogatories, rather these are allegations that errors were built into the form itself.  We hold that [Defendant] waived these contentions by failing to raise them until after the jury had rendered its verdict and was discharged."  Id. at 1109.  The court then went on to discuss the ambiguous damages award that resulted from the way in which the verdict form was structured, finding that the Defendant's failure to timely object to the verdict form or the ambiguity it created waived his claim.  Id. at 1109-10.  Here, as the Court and Mattel are well aware, the issue of how to handle duplicative damages was discussed at length, with the MGA Parties urging an instruction that the jury adjust its award to avoid a duplication and Mattel urging that the Court itself adjust the

1    award post-trial.  (See Reply at 2-3.)  The MGA Parties' concerns regarding duplication

2    were therefore preserved, while Mattel expressly waived any objection to the Court's

3    authority to adjust the judgment.  (See Tr. 7894: 15-24 (the Court asks if Mattel's counsel

4    recognizes its authority and Mattel's counsel responds "**we absolutely accept the Court's**

5    **authority**" (emphasis added)).)   Moreover, the MGA Parties are not objecting to any

6    ambiguity in the verdict.  Rather, it is abundantly clear – based on the nature of Mattel's

7    claims and damages theory – that the jury's award was – and had to be – duplicative.

8    Hence, no "waiver rule" obliged the MGA Parties to raise the issue before the jury was

9    discharged, and no "waiver rule" saves Mattel's irrelevant evidence.[3]

10         Likewise, Mattel's claim that its evidence is not hearsay because it is not being

11   offered for the truth of the matter asserted betrays a fundamental (and perhaps  deliberate)

12   misunderstanding of the law of hearsay exclusion.  Mattel insists that it is not offering its

13   evidence of statements from jurors as evidence of what the jurors intended "but rather to

14   show that the jurors stated… that they intended such an award."  (Resp. at 5, 9.)  Mattel's

15   feeble disavowals of reliance on the truth of these statements would be laughable if not for

16   its disingenuousness.  Mattel admittedly offers these statements as "a valid explanation for

17   the verdict that refutes MGA's motion" (id. at 1) – thus clearly (and illicitly) offering them

18   as evidence of what the jury <u>believed and understood</u> its verdict to represent, <u>not</u> the mere

19   fact that statements were made.  All such statements are inadmissible hearsay.

20         As a result, the MGA Parties' objections to Mattel's evidence should be sustained.

21

22                        **MGA PARTIES' SPECIFIC OBJECTIONS**

23   **Evidence:**   Corey Declaration ¶¶ 2 & 3 and Exhibit 1 Attached Thereto (Post-trial

24   Discussion With Jurors)

25   _____

26   [3]      The fact that there is no "waiver rule" at issue in this case also undermines Mattel's attempt

27   to invent hearsay exception for statements which allegedly demonstrate "why" a rule exists.  (Resp.
     at 1, 5-6, 7-8, 10-11.)  Unsurprisingly, Mattel also offers no support for this newly-minted (and

28   non-existent) exception.

─────────────────────────────────────────

                                    4

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| This Declaration purports to summarize a conversation between Mattel counsel and Juror No. 4 and Juror No. 7. (Corey Dec. ¶ 2.) The statements were made outside the presence of adverse counsel and the Court, without the safeguards of the rules of evidence, without testing through cross-examination, and in response to questioning; moreover, the role of suggestion and coercion on the part of the questioners (Mattel's counsel) will never be known. Mattel offers this evidence to demonstrate what "[b]oth jurors indicated [regarding what] the jury awarded." (Id.) As these statements were made out-of-court and are being offered for the truth purportedly asserted therein, | MGA's objection is vague and ambiguous, including in that MGA fails to identify the specific "statements" that constitute the alleged hearsay to which MGA objects. It is not Mattel's role, or that of the Court, "to comb through [this] document[], identify potential hearsay, and determine if an exception applies," without any assistance from defendants. See Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110, 1124 (E.D. Cal. 2006) (denying evidentiary objection where defendants had "only very generally objected to these documents in their entirety based on the argument that they 'contain' hearsay."); cf. Wright, Miller & Kane, 10B Federal Practice and Procedure § 2738 ("It follows that a | Given that MGA's objections direct the Court to two paragraphs consisting of 19 lines in the 1/12/09 Corey declaration (which duplicate virtually word-for-word the single relevant paragraph of Mattel's Ex. 1, the 9/3/08 Corey declaration), stating that Jon Corey "discussed the damages award with Juror No. 4 and Juror No. 7" and that those jurors indicated that they "intended to award Mattel damages of approximately $100 million", Mattel's claim that the objection is "vague" and necessitates this Court "comb through [this] document]" is spurious. Nor is Mattel's authority remotely supportive of its response here – the defendant's objection in Burch v. Regents of Univ. |

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| they are inadmissible hearsay and no exception is applicable. Fed. R. Evid. 801, 802. And to the extent these statements purport to summarize statements made by <u>other</u> jurors, they constitute impermissible <u>double</u> hearsay. | motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective."). | of Cal., 433 F. Supp. 2d 1110 (E.D. Cal. 2006) was overruled because it moved to strike all 176 of plaintiff's exhibits as not self-authenticating "without specifying which of the numerous exhibits (some of which consist of several separate documents that might individually be self authenticating) are actually not self authenticating[.]" <u>Id.</u> at 1123 -24. Mattel's suggestion that evaluating two brief paragraphs summarizing the jurors' statements to determine whether they constitute inadmissible hearsay is somehow too taxing for Mattel and this Court is baffling. |
| The cited evidence is also speculative and thereby inadmissible under Fed. R. Evid. 602 because it reflects the rank speculation of Juror Nos. 4 and 7 regarding the actual intentions of the jury at-large. Juror Nos. 4 and 7 may have personal knowledge regarding their own intentions as well as the actual verdict rendered (although no admissible evidence is offered of those intentions) – but they do not have personal knowledge regarding the underlying | Further, these statements are not hearsay because Mattel does not offer them for the truth that the jury actually intended to award in excess of $100 million to Mattel, but rather to show that the jurors stated (and MGA and Larian heard) that they intended such an award. This evidence establishes, at a minimum, why the Ninth Circuit's waiver rule exists and why it should be applied here to defeat MGA's post hoc, factually groundless and self-serving attacks on the jury's verdict. <u>See</u> | Mattel's claim that its evidence is not hearsay because it is not offering its |

6

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| intentions of other members of the jury.<br><br>Juror Nos. 4 and 7's beliefs about the subjective opinions of <u>other</u> jurors are irrelevant. Fed. R. Evid. 402.<br><br>This evidence reflecting counsel's alleged discussions with Juror No. 4 and No. 7 fall squarely within the prohibitions of Fed. R. Evid.606(b) and therefore must be disregarded. The statements purport to communicate the jury's intentions in reaching its verdict. Fed. R. Evid. 606(b) ("a juror may not testify … dissent from the verdict … or concerning the juror's mental processes in connection therewith"). Therefore, all evidence relating to counsel's | Mattel's Opposition to the MGA Parties' Motion for Remittitur, dated January 12, 2009, at 3-4.<br><br>MGA's claim that the "statements were made outside the presence of adverse counsel" is false. As set forth in the unrefuted Corey Declaration, at the time that Mr. Corey met with the jurors, "counsel for MGA, including Mr. Nolan, was in the same location (in the hall outside the courtroom where the admitted Bratz product exhibits were located) and spoke with the same jurors, including Juror No. 4 and Juror No. 7." <u>See</u> Corey Declaration, ¶ 3.<br><br>The cited evidence is not speculative. In ¶¶ 2-3 of his declaration and Exhibit 1 | summary of statements from Jurors No. 4 and 7 to Mr. Corey as evidence of what the jurors intended "but rather to show that the jurors stated… that they intended such an award" not only is absurd, but is belied by Mattel's admission that it relies on the jurors' statements as "a valid explanation for the verdict that refutes MGA's motion" (Resp. at 1). Obviously, Mattel is offering these statements as proof of the jurors' explanation and understanding of the jury's damages award, not to establish that two jurors were engaged in the physical act of speaking within earshot of Mattel's counsel. Any other interpretation is simply nonsensical. Moreover, Mattel does not respond to |

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| discussions with jurors and Mattel's discussion thereof should be stricken. | thereto, Mr. Corey recounts his meeting with several jurors immediately following the verdict in this case. This is plainly matter within Mr. Corey's personal knowledge, as attested to in ¶ 1 of the declaration. <u>See</u> Fed. R. Evid. 602.  Nor are the statements by Juror Nos. 4 and 7 speculative. As members of the jury, they have personal, firsthand knowledge of the matters stated.<br><br>MGA's relevance argument fails.  Mattel's proffered evidence is clearly relevant to show that the jurors stated (and MGA and Larian heard) that they intended to award Mattel more than $100 million in damages. This evidence establishes, at a minimum, why the Ninth Circuit's waiver rule exists | MGA's objection that to the extent these statements purport to summarize statements made by <u>other</u> jurors, they constitute impermissible <u>double</u> hearsay.  Nor, as discussed above, does Mattel's hearsay evidence "establish[]" that the "waiver rule" applies here – especially since such a legal creature exists entirely in Mattel's imagination.<br><br>Setting aside the myriad reasons these statements are not admissible, it is worth noting that Mattel's response that MGA's counsel was "in the hall outside the courtroom" when Mr. Corey interviewed Jurors No. 4 and No. 7 does nothing to assuage the concerns raised in MGA's objections. |

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| | and why it should be applied here to defeat MGA's post hoc, factually groundless and self-serving attacks on the jury's verdict.  See Fed. R. Evid. 401, 402.<br><br>As set forth above, Fed. R. Evid. 606(b) does not bar admission of Mattel's evidence.  Nothing in Rule 606(b) precludes consideration of evidence that is relevant (here, to show precisely why the Ninth Circuit waiver rule exists), even if not admissible to impeach the verdict. | Mattel does not and cannot claim that MGA counsel had the opportunity to observe, let alone participate in, Mattel's obtaining of this self-serving "evidence" in any way, particularly Mattel counsel's methods of questioning the jurors.<br><br>Mattel's response that the statements by Juror Nos. 4 and 7 are not speculative because of their "personal, firsthand knowledge" of the jury award does not – because it cannot – establish how the two jurors could possibly have "personal knowledge" of the intent and mental processes of other jurors in reaching the verdict.  Any representation by those jurors of the other jurors' intent or beliefs is, by definition, speculative. |

MGA's Reply ISO Evid. Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| | | As discussed above, the jury is presumed to follow the Court's instructions, and the instructions here clearly stated that the jury should award the full amount of damages for each claim and each defendant.  See Caudle v. Bristow Optical Co., 224 F.3d 1014, 1023 (9th Cir. 2000); Phase B Jury Inst. No. 44.  Mattel's evidence does not enable it to disregard this presumption, thus, it is irrelevant. Moreover, as discussed above, Mattel's purported "waiver rule" does not apply in this case, thus, Mattel's evidence is not relevant to show why it exists.

Mattel's evidence, which is offered to demonstrate that the jury disregarded the Court's instructions, is likewise impermissible |

10

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| | | under Fed. R. Evid. 606(b). Nor is Mattel's evidence of the juror's thought processes relevant to demonstrate the reasoning behind an inapplicable rule. |

**Evidence:** Tr. 8356:10-8361:16; Zeller Declaration ¶ 2 and Exhibit 1 Attached Thereto (Email from Juror #7) (cited Opp'n at 2-3)

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| In its Opposition and attached Declaration submitted in support thereof, Mattel relies on an email it claims establishes what Juror No. 7 believed the jury intended Mattel should receive.  (Zeller Dec. ¶ 2.)  Because the statements were made out-of-court in an e-mail communication post-verdict and are offered for the truth of the matter asserted regarding the jury's intentions, they are inadmissible hearsay and no | MGA's objection is vague and ambiguous, as MGA fails to identify the specific "statements" that constitute the alleged hearsay to which it objects. It is not Mattel's role, or that of the Court, "to comb through [this] document[], identify potential hearsay, and determine if an exception applies," without any assistance from defendants. See Burch, 433 F. Supp. 2d at 1124 (E.D. Cal. 2006) (denying evidentiary objection where defendants | Given that MGA's objections direct the Court to 12 lines of Mattel's Opposition to Remittitur, summarizing a single email from a juror (citing one page of Mattel briefing (Zeller Dec. ¶ 2 and Ex.  1 at 1), and the above-cited transcript excerpt), Mattel's claim that the objection is "vague" and necessitates this Court "comb through [this document]" is spurious.   Nor is Mattel's authority remotely supportive of its response |

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| exception is applicable. Fed. R. Evid. 801, 802. Furthermore, to the extent the email references Juror No. 7's recollection of statements made by other jurors, the statements constitute double hearsay.<br><br>The cited evidence is also speculative and thereby inadmissible under Fed. R. Evid. 602 because it reflects the rank speculation of Juror No. 7 regarding the actual intentions of the jury at-large.   Juror No. 7 may have personal knowledge regarding her own intentions as well as the actual verdict rendered (although the e-mail is not admissible evidence of such intention)– but she does not have personal knowledge regarding the underlying intentions of other members | had "only very generally objected to these documents in their entirety based on the argument that they 'contain' hearsay."); cf. Wright, Miller & Kane, 10B Federal Practice and Procedure § 2738 ("It follows that a motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective.").<br><br>Further, these statements are not hearsay because Mattel does not offer them for the truth that the jury actually intended to award in excess of $100 million to Mattel, but rather to show that the jurors stated (and MGA and Larian heard) that they intended such an award. | here – the defendant's objection in Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110 (E.D. Cal. 2006) was overruled because it moved to strike all 176 of plaintiff's exhibits as not self-authenticating "without specifying which of the numerous exhibits (some of which consist of several separate documents that might individually be self authenticating) are actually not self authenticating[.]" Id. at 1123-24.  Mattel's suggestion that evaluating one page and a transcript cite describing a single email to determine whether statements therein constitute inadmissible hearsay is somehow too taxing for Mattel and this Court is baffling. |

12

MGA's Reply ISO Evid. Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| of the jury.

Juror No. 7's beliefs about the subjective opinions of <u>other</u> jurors are irrelevant. Fed. R. Evid. 402.

This Court already recognized that this evidence is impermissible under Fed. R. Evid. 606(b). In denying Mattel's request to recall the jury, the Court explained that this exact evidence must be disregarded:

  Moreover, in light of the opportunity for many, if not all, of the jurors to be exposed to the substantial publicity this case has generated, as well as personal, off-the-record conversations with counsel, the Court finds that it must agree with MGA's assessment of this | This evidence establishes, at a minimum, why the Ninth Circuit's waiver rule exists and why it should be applied here to defeat MGA's post hoc, factually groundless and self-serving attacks on the jury's verdict. <u>See</u> Mattel's Opposition to the MGA Parties' Motion for Remittitur, dated January 12, 2009, at 3-4.

Mr. Zeller's declaration is not speculative. As set forth in ¶ 1 of the declaration, Mr. Zeller made his declaration "of personal, firsthand knowledge." As such, the evidence is admissible. <u>See</u> Fed. R. Evid. 602. Nor is Juror No. 7's e-mail speculative. As a member of the jury, she has personal, firsthand knowledge of the matters stated. | Mattel's claim that its evidence is not hearsay because it is not offering its summary of the Juror No. 7 email as evidence of what the jury intended "but rather to show that the jurors stated… that they intended such an award" not only is absurd, but is belied by Mattel's admission that it relies on these statements as "a valid explanation for the verdict that refutes MGA's motion" (Resp. at 1). Obviously, Mattel is offering these statements as proof of Juror No. 7's explanation and understanding of the jury's damages award, not for the mere fact that Juror No. 7 sent the court an email.  Any other interpretation is simply nonsensical. Moreover, Mattel does not respond to MGA's objection |

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| jury:  They are hopelessly tainted by influences outside the evidence presented during the trial, the instructions given by the Court, and the arguments made by counsel.  During the trial, the jurors were prohibited from reading any of the numerous press accounts of this case.  After the trial, this restriction was lifted, and most, if not all, the jurors have ready access to archived press accounts of the case (as well as blog commentaries and the parties' various press releases) via the internet. Having devoted three months of the their lives to the trial in this action, the Court presumes many of the jurors, like Juror No. 7, have been curious enough since the verdict was | MGA's relevance argument fails.  Mattel's proffered evidence is clearly relevant to show that the jurors stated (and MGA and Larian heard) that they intended to award Mattel more than $100 million in damages. This evidence establishes, at a minimum, why the Ninth Circuit's waiver rule exists and why it should be applied here to defeat MGA's post hoc, and self-serving, attacks on the jury's verdict. See Fed. R. Evid. 401, 402. As set forth above, Fed. R. Evid. 606(b) does not bar admission of Mattel's evidence. Nothing in Rule 606(b) precludes consideration of evidence that is relevant (here, to show precisely why the Ninth Circuit waiver rule exists), even if not admissible to impeach the | that to the extent the email references Juror No. 7's recollection of statements made by other jurors, the statements constitute double hearsay.  Nor, as discussed above, does Mattel's hearsay evidence "establish[]" that the "waiver rule" applies here – especially since such a legal creature exists entirely in Mattel's imagination. Mattel's response that the statements by Juror No. 7 in her email are not speculative because of her "personal, firsthand knowledge" of the jury award does not – because it cannot – establish how she could possibly have "personal knowledge" of the intent and mental processes of other jurors in reaching the verdict.  Any representation she made of |

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| rendered to review the results of a simple on-line search.  Likewise, during the trial, the attorneys were precluded from communicating with the jury; after the trial, whether the jurors speak with attorneys is left entirely up to each individual juror, and it appears that app parties are in agreement that there has been a great deal of communications with the jurors. 9/3/08 Order (Dkt 4684-4) at 2.)  Mattel has provided no reason to depart from the Court's well-reasoned decision.  Nor is there any reason sanctioned under the law.  Juror No. 7's email purports to speak on behalf of the entire jury.  Rule 606(b) commands this speculation | verdict.  Further, MGA's reliance on the Court's September 3, 2008 Order is misplaced. As Mattel noted in its Opposition to MGA's Motion for Remittitur, "nothing in that ruling requires the Court to close its eyes to the fact that these statements both demonstrate the falsity of MGA's factual assertions and illustrate precisely why the Ninth Circuit's waiver rule exists." (Opp. at 4 n.5)  Nor does MGA's cited authority, U.S. v. Gonzales, 227 F.3d 520, 525-27 (6th Cir. 2000), bar consideration of Mattel's evidence.  The letter at issue in Gonzales touched upon the jurors' thought processes, and was offered to impeach the verdict. See id. at 525. As set forth more | the other jurors' intent or beliefs is, by definition, speculative.  As discussed above, the jury is presumed to follow the Court's instructions, and the instructions here clearly stated that the jury should award the full amount of damages for each claim and each defendant.  See Caudle v. Bristow Optical Co., 224 F.3d 1014, 1023 (9th Cir. 2000); Phase B Jury Inst. No. 44.  Mattel's evidence does not enable it to disregard this presumption, thus, it is irrelevant. Moreover, as discussed above, Mattel's purported "waiver rule" does not apply in this case, thus, Mattel's evidence is not relevant to show why it exists.  Mattel's evidence, which is |

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| be given no weight.  U.S. v. Gonzales, 227 F.3d 520, 525-27 (6th Cir. 2000) (excluding a letter in which "[t]he juror not only wrote about her own thought processes; she also wrote about the thought processes of other jurors").  As such, this email and Mattel's discussion thereof should be stricken as improper. | fully above, Mattel's evidence merely lends support for the Ninth Circuit waiver rule. | offered to demonstrate that the jury disregarded the Court's instructions, is likewise impermissible under Fed. R. Evid. 606(b). Nor is Mattel's evidence of the juror's thought processes relevant to demonstrate the reasoning behind an inapplicable rule. |

**Evidence:**   Statements in E. Pettersson and T. Richards, Mattel Wins $100 Million in Damages Over Bratz Dolls, Bloomberg, August 26, 2008 (cited Opp'n at 4, n.4)

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| To the extent out-of court statements purportedly made by the jury foreman to a reporter are offered for the truth of the matter asserted, they are inadmissible hearsay and no exception is applicable.  Fed. R. Evid. 801, 802.  Furthermore, as the foreman's statements were embodied in a | MGA's objection is vague and ambiguous, as MGA fails to identify the specific "statements" that constitute the alleged hearsay to which MGA objects.  It is not Mattel's role, or that of the Court, "to comb through [this] document[], identify potential hearsay, and determine if an exception | Given that MGA's objections direct the Court to a single footnote in Mattel's Opposition to Remittitur, consisting of the cite for a direct quote from an article posted on a website (Mattel did not provide a copy of the article), Mattel's claim that the objection is "vague" and |

16

MGA's Reply ISO Evid. Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| newspaper article, the evidence constitutes double hearsay not subject to any exception.  See U.S. Football League v. National Football League, 1986 WL 5803, at *1 (S.D.N.Y. May 16, 1986) (noting that "[C]ourts rarely allow newspaper articles into evidence to prove the truth of the statements contained therein. … Indeed, it is not uncommon for a trial court to summarily reject newspaper articles as obvious hearsay").

The cited evidence is also speculative and thereby inadmissible under Fed. R. Evid. 602 because it reflects the rank speculation of the jury foreman regarding the intentions of the jury at-large.  The foreman may have personal knowledge | applies," without any assistance from defendants.  See Burch, 433 F. Supp. 2d at 1124 (E.D. Cal. 2006) (denying evidentiary objection where defendants had "only very generally objected to these documents in their entirety based on the argument that they 'contain' hearsay."); cf. Wright, Miller & Kane, 10B Federal Practice and Procedure § 2738 ("It follows that a motion to strike should specify the objectionable portions of the affidavit and the grounds for each objection. A motion asserting only a general challenge to an affidavit will be ineffective.").

Further, these statements are not hearsay because Mattel does not offer them for the truth that the jury actually | necessitates this Court "comb through [this document]" is spurious. Nor is Mattel's authority remotely supportive of its response here-- the defendant's objection in Burch v. Regents of Univ. of Cal., 433 F. Supp. 2d 1110 (E.D. Cal. 2006) was overruled because it moved to strike all 176 of plaintiff's exhibits as not self-authenticating "without specifying which of the numerous exhibits (some of which consist of several separate documents that might individually be self authenticating) are actually not self authenticating[.]" Id. at 1123 -24.  Mattel's suggestion that evaluating a single sentence quote to determine whether it constitutes inadmissible hearsay is somehow too |

17

MGA's Reply ISO Evid. Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| regarding his own intentions as well as the actual verdict rendered – but he does not have personal knowledge regarding the underlying intentions of other members of the jury.<br><br>The article's conclusions about the jury foreman's supposed beliefs about the subjective opinions of <u>other</u> jurors are irrelevant.  Fed. R. Evid. 402.<br><br>Moreover, to the extent this article pertains to the internal deliberations of the jury, it is also prohibited by Rule 606(b).  The fact that these representations were made "publicly" to the press (Opp'n at 4) does not change the analysis; the statements must be disregarded.  <u>See</u> <u>U.S. v. Blackwell</u>, 459 F.3d 739, | intended to award in excess of $100 million to Mattel, but rather to show that the jurors stated (and MGA and Larian heard) that they intended such an award.  This evidence establishes, at a minimum, why the Ninth Circuit's waiver rule exists and why it should be applied here to defeat MGA's post hoc, factually groundless and self-serving attacks on the jury's verdict.  <u>See</u> Mattel's Opposition to the MGA Parties' Motion for Remittitur, dated January 12, 2009, at 3-4.<br><br>The cited evidence is not speculative.  <u>See</u> Fed. R. Evid. 602. As a member of the jury, the jury foreman has personal, firsthand knowledge of the matters stated. | taxing for Mattel and this Court is baffling.<br><br>Mattel's claim that its evidence is not hearsay because it is not offering the foreman's quoted statement in the article as evidence of what the jury intended "but rather to show that the jurors stated… that they intended such an award" not only is absurd, but is belied by Mattel's admission that it relies on this statement as "a valid explanation for the verdict that refutes MGA's motion" (Resp. at 1). Obviously, Mattel is offering the foreman's comment as proof of his explanation and understanding of the jury's damages award, not for the mere fact that the foreman uttered a 24-word sentence in the vicinity of Bloomberg |

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| 769 (6th Cir. 2006) (finding that Rule 606(b) "prohibit[ed] the introduction of" a "Columbus Monthly article, which quotes one juror" concerning juror "mental impressions"). This evidence and Mattel's discussion thereof should be stricken. | MGA's relevance argument fails. Mattel's proffered evidence is clearly relevant to show that the jurors stated (and MGA and Larian heard) that they intended to award Mattel more than $100 million in damages. This evidence establishes, at a minimum, why the Ninth Circuit's waiver rule exists and why it should be applied here to defeat MGA's post hoc, factually groundless and self-serving attacks on the jury's verdict.  See Fed. R. Evid. 401, 402.<br><br>As set forth above, Fed. R. Evid. 606(b) does not bar admission of Mattel's evidence. Nothing in Rule 606(b) precludes consideration of evidence that is relevant (here, to show precisely why the Ninth Circuit waiver rule | reporters.  Any other interpretation is simply nonsensical.  Moreover, Mattel does not respond to MGA's objection that because the foreman's statements were embodied in a newspaper article, the evidence constitutes double hearsay not subject to any exception.  Nor, as discussed above, does Mattel's hearsay evidence "establish[]" that the "waiver rule" applies here – especially since such a legal creature exists entirely in Mattel's imagination.<br><br>Mattel's response that the statements by the foreman to the Bloomberg reporters are not speculative because of his "personal, firsthand knowledge" of the jury award does not – because it cannot – establish how he |

19

MGA's Reply ISO Evid. Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| | exists), even if not admissible to impeach the verdict. | could possibly have "personal knowledge" of the intent and thought processes of other jurors in reaching the verdict.  Any representation he made of the other jurors' intent or beliefs is, by definition, speculative.

As discussed above, the jury is presumed to follow the Court's instructions, and the instructions here clearly stated that the jury should award the full amount of damages for each claim and each defendant.  See Caudle v. Bristow Optical Co., 224 F.3d 1014, 1023 (9th Cir. 2000); Phase B Jury Inst. No. 44.  Mattel's evidence does not enable it to disregard this presumption, thus, it is irrelevant. Moreover, as discussed above, Mattel's purported |

MGA's Reply ISO Evid. Obj. to Mattel's Opp'n to MGA's Mot. for Remittitur- Case No. CV 04-9049 SGL (RNBx)

| MGA Parties' Objections | Mattel's Response | MGA Parties' Reply |
|---|---|---|
| | | "waiver rule" does not apply in this case, thus, Mattel's evidence is not relevant to show why it exists.<br><br>Mattel's evidence, which is offered to demonstrate that the jury disregarded the Court's instructions, is likewise impermissible under Fed. R. Evid. 606(b). Nor is Mattel's evidence of the juror's thought processes relevant to demonstrate the reasoning behind an inapplicable rule. |

DATED:  February 9, 2009          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  _____ /s/ Thomas J. Nolan _____

Thomas J. Nolan

Attorneys for the MGA Parties