Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
JENNIFER A. LOPEZ (SBN 232320)
jennifer.lopez@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-party
OMNI 808 INVESTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 SGL (RNBx)<br><br>**OMNI 808 INVESTORS, LLC'S REPLY MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE FOR LIMITED PURPOSE AS A MATTER OF RIGHT OR, IN THE ALTERNATIVE, FOR PERMISSIVE INTERVENTION**<br><br>Judge: Hon. Stephen G. Larson |

A/72837928.2

## TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................- 1 -

II. OMNI IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT FOR THE LIMITED PURPOSE OF PROTECTING ITS STATUS AS A SECURED CREDITOR ........................................................................- 4 -

    A. Omni Has Established a Significantly Protectable Interest in the Receivership Issues Involved in the Pending Litigation ..................- 5 -

    B. Omni Has Established That The Appointment of a Receiver May Impair or Impede Omni's Ability to Protect Its Interests ........- 8 -

    C. Omni Has Established That The Existing Parties May Not Adequately Represent Omni's Interests ...........................................- 9 -

    D. Omni's Application Is Timely ..........................................................- 11 -

III. THE COURT SHOULD GRANT OMNI PERMISSIVE INTERVENTION IN THE ALTERNATIVE ..........................................- 11 -

IV. CONCLUSION ..................................................................................................- 12 -

A/72837928.2

i

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Alisal Water Corp. v. Silverwood Estates*,
  370 F.3d 915 (9th Cir. 2004) ................................................................... 7, 8

*Arakaki v. Cayetano*,
  324 F.3d 1078 (9th Cir. 2003) ............................................................ 4, 5, 10

*Beckman Indus. Inc. v. International Ins. Co.*,
  966 F.2d 470 (9th Cir. 1992) ........................................................................ 5

*DeBoer Structures, Inc. v. Shaffer Tent & Awning Co.*,
  187 F. Supp. 910 (S.D. Ohio 2001) .............................................................. 9

*Donnelly v. Glickman*,
  159 F.3d 405 (9th Cir. 1998) ..................................................................... 4, 5

*Engra, Inc. v. Gabel*,
  958 F.2d 643 (5th Cir. 1992) ...................................................................... 11

*Forest Conservation Council v. United States Forest Serv.*,
  66 F.3d 1489 (9th Cir. 1995) ........................................................................ 5

*Kootenai Tribe v. Veneman*,
  313 F.3d 1094 (9th Cir. 2002) .................................................................... 11

*League of United Latin American Citizens v. Wilson*,
  131 F.3d 1297 (9th Cir. 1997) ...................................................................... 5

*Lockyer v. U.S.*,
  450 F.3d 436 (9th Cir. 2006) ........................................................................ 4

*Meyer Jewelry Co. v. Meyer Holdings, Inc.*,
  906 F. Supp. 428 (E.D. Mich. 1995) ............................................................ 9

*Rissetto v. Plumbers and Steamfitters Local 343*,
  94 F.3d 597 (9th Cir. 1996) .......................................................................... 6

*Rumbaugh v. Beck*,
  491 F. Supp. 511 (E.D. Pa. 1980) ................................................................. 9

*Saluck v. Rosner,*
    1999 WL 46620 (E.D. Pa. Jan. 6, 1999) ............................................................. 9

*San Juan County v. U.S.,*
    503 F.3d 1163 (10th Cir. 2007) ......................................................................... 5

*SEC v. Flight Transp. Corp.,*
    699 F.2d 943 (8th Cir. 1983) ....................................................................... 8, 10

*Southwest Center for Biological Diversity v. Berg,*
    268 F.3d 810 (9th Cir. 2001) .......................................................................... 5, 7

*Stringfellow v. Concerned Neighbors in Action,*
    480 U.S. 370 (1987) ........................................................................................... 5

*Trbovich v. United Mine Workers,*
    404 U.S. 528 (1972) ........................................................................................... 9

*U.S. v. South Florida Water Dist.,*
    922 F.2d 704 (11th Cir. 1991) ........................................................................... 5

*United States v. State of Washington,*
    86 F.3d 1499 (9th Cir. 1996) ........................................................................... 11

*Venegas v. Skaggs,*
    867 F.2d 527 (9th Cir. 1989) ........................................................................... 12

*Yniguez v. Arizona,*
    939 F.2d 727 (9th Cir. 1991) ............................................................................. 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 24(a) ................................................................................................ 4

Fed. R. Civ. P. 24(b)(2) ......................................................................................... 11

Federal Rule of Civil Procedure 24(b)(1) ............................................................. 11

Rule 11 .................................................................................................................... 2

Rule 24 ................................................................................................................ 2, 4

Rule 24(a)(2) ........................................................................................................... 4

A/72837928.2

## I. INTRODUCTION

Mattel, Inc.'s opposition to Omni 808 Investors, LLC's *ex parte* application to intervene for a limited purpose in this action reveals much more than Mattel's profound misunderstanding regarding Omni, its principals, and its acquisition of MGA's debt obligations from Wachovia. Regrettably, Mattel's opposition demonstrates its willingness to intentionally mislead the Court with false, irrelevant and unsupported allegations, and personal attacks, in order to silence a non-party with contrary viewpoints regarding, *inter alia*, Mattel's request for the appointment of a receiver.

The first and most glaring problem with Mattel's opposition is its argument that Omni has failed to establish a "bona fide interest" in MGA's assets. This argument is ironic, to be charitable, given that it is **Mattel** who first brought Omni's secured interest in MGA's assets to the Court's attention. Indeed, in support of Mattel's *ex parte* application for the appointment of a receiver, Mattel represented to this Court (supported by a sworn declaration of its counsel) that "*a new creditor, Omni 808 International (sic), LLC ("Omni") has take (sic) an (sic) security interest in all or substantially all of MGA's assets*" and "*is now apparently one of MGA's largest creditors (and perhaps its largest).*" (Mattel's Ex Parte Application for Appointment of a Receiver, 5:7-8; 6:15-16.)

Mattel's attempt to simultaneously argue that Omni **has a security interest in all or substantially all of MGA's assets** (to support its receiver application) and that Omni **does not have a bona fide interest in MGA's assets** (to oppose Omni's intervention application) is not only telling but entirely unavailing. Indeed, Omni set forth detailed facts in its *ex parte* application regarding its agreement with Wachovia whereby Omni acquired all right, title and interest in the Senior Bank Credit Facility and, as a result, has a senior perfected security interest in MGA's assets, including MGA's inventory and accounts receivable. These facts "must be

- 1 -

accepted as true" for purposes of this application. Mattel has offered no evidence purporting to contest any of these facts.

Faced with the fact that Omni is indeed the largest secured creditor of MGA, a position superior to any claim that can be made by Mattel, Mattel argues that Omni's position as a secured creditor does not justify intervention. In making this argument, Mattel ignores the relevant legal factors cited by Omni and the applicable authority on which they depend. Mattel instead relies upon inapplicable cases wherein a potential creditor is seeking to intervene in a lawsuit *for all purposes* claiming a general interest in a defendant's assets based on, *inter alia*, a speculative recovery in an unrelated civil action.

Here, as detailed in its application, Omni is seeking to intervene for a ***limited purpose*** in connection with Mattel's request for the appointment of a receiver so it can protect its position as MGA's largest secured creditor. Mattel fails to cite a single case where a court in this circuit, or any circuit, denied a creditor's application to intervene for such a limited purpose. The Ninth Circuit construes Rule 24 ***liberally*** in favor of intervention, and the cases Omni has cited in which creditors have been permitted to intervene for such limited purposes control here.

Mattel also erroneously argues that Omni has not shown that the appointment of a receiver may impair or impede its security interest because it contends that it is unclear whether the Bratz product line is within the scope of the collateral underlying Omni's Senior Bank Credit Facility. This argument barely meets the strictures of Rule 11 since Mattel itself has represented to the Court, as is the case, that Omni has a senior perfected interest in ***"all or substantially all of MGA's assets."*** Moreover, there can be little question that the appointment of a receiver has the potential to adversely affect all of MGA's products and business operations and, consequently, to adversely affect Omni's security interests -- whatever Mattel thinks they are.

1       Mattel also baselessly argues that MGA can adequately represent Omni's interest in connection with the appointment of a receiver. This argument, as previously explained, is nonsense. MGA's interests as a debtor are not aligned with Omni's interests as a creditor. Omni's primary interest is in MGA's ability to repay its secured debt obligation of more than $300 million owed to Omni. There is no reason to believe that MGA can or will "undoubtedly make all" of Omni's arguments on its behalf, and Omni is in the best (and only) position to describe the facts and circumstances surrounding its purchase of the Senior Bank Credit Facility from Wachovia.

      Mattel also tries to mislead the Court regarding the timing of Omni's application. Mattel argues that Omni's application is untimely because it obtained its interest in MGA's assets "five months ago." However, as Mattel well knows, Omni's interests in this regard only accrued when Mattel filed its *ex parte* application for the appointment of a receiver. Since Omni promptly filed its application upon its discovery of Mattel's filing, and since the receiver issue has not yet been decided, the timeliness of Omni's application is a non-issue.

      Because Mattel has no factual or legal grounds upon which to oppose Omni's application, Mattel spends most of its brief speculating about the source of the funds Omni allegedly used to purchase MGA's debt from Wachovia. Mattel argues that Omni allegedly received funding from non-party Vision Capital, who allegedly received its funding from non-party Lexington Financial, and fixates on the allegation that Isaac Larian's brother-in-law has alleged ties to these alleged non-party investors in Omni. None of Mattel's purported "conspiracy theories" are relevant to the issues before the Court. As explained in the *ex parte* application, ***Omni acquired Wachovia's existing rights, title and interest in an existing Senior Bank Credit Facility.*** The source of Omni's funding is no more relevant than the source of Wachovia's funding. If one of Isaac Larian's relatives had a tie to an investor in Wachovia, it wouldn't matter either -- and certainly wouldn't have

- 3 -

negated Wachovia's right to intervene as a senior perfected secured creditor before its deal with Omni.

Finally, Mattel regrettably, but not surprisingly, resorts to slinging mud at Omni and its principal, Neil Kadisha, with irrelevant allegations, taken out of context, from an unresolved civil suit. This tactic is unfortunate and no more relevant than recent public allegations surrounding Mattel's own illegal and unethical business practices.

Because the appointment of a receiver could significantly and irreparably harm Omni's interests as a senior secured creditor of MGA, Omni respectfully requests that the Court grant it leave to intervene in this action for the purposes of challenging the appointment of a receiver and related issues that could adversely affect Omni's security interests.

## II. OMNI IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT FOR THE LIMITED PURPOSE OF PROTECTING ITS STATUS AS A SECURED CREDITOR

Omni is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). Rule 24(a) provides that a court must permit a non-party to intervene who "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." *See also*, *Lockyer v. U.S.*, 450 F.3d 436, 440 (9th Cir. 2006). The Ninth Circuit construes Rule 24 liberally in favor of applicants for intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). The inquiry required under Rule 24(a)(2) is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate. *Donnelly*, 159 F.3d at 409. "In determining whether intervention is appropriate, we are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention." *Id.*

- 4 -

When a non-party claims an interest relating to the subject property or transaction of the action, courts generally require four factors: (1) a timely application; (2) the applicant has a "significantly protectable" interest relating to the property or transaction involved in the pending lawsuit; (3) the disposition of the lawsuit may adversely affect applicant's interest unless intervention is allowed; and (4) the existing parties may not adequately represent the would-be intervenor's interest. *Arakaki*, 324 F.3d at 1083; *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

Additionally, a district court has the discretion to grant a non-party limited intervention for certain issues or purposes. *See Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 378 (1987); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *Beckman Indus. Inc. v. International Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). "A nonparty may have a sufficient interest for some issues in a case but not others, and the court may limit intervention accordingly." *U.S. v. South Florida Water Dist.*, 922 F.2d 704, 707 (11th Cir. 1991); *San Juan County v. U.S.*, 503 F.3d 1163, 1203 (10th Cir. 2007).

### A. Omni Has Established a Significantly Protectable Interest in the Receivership Issues Involved in the Pending Litigation

"[W]hether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993)); *see also Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995). "It is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Southwest Center for Biological*

- 5 -

*Diversity*, 268 F.3d at 818 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993)).

In its opposition, Mattel erroneously argues that Omni "makes no showing that it has any bona fide interest" in MGA's assets. This argument is the opposite of the position previously taken by Mattel in its *ex parte* application for the appointment of a receiver where Mattel represented to this Court (supported by a sworn declaration of its counsel) that "***a new creditor, Omni 808 International (sic), LLC ("Omni") has take (sic) an (sic) security interest in all or substantially all of MGA's assets*** " and "***is now apparently one of MGA's largest creditors (and perhaps its largest).*** " (Mattel's Ex Parte Application for Appointment of a Receiver, 5:7-8; 6:15-16).

Mattel's attempt to simultaneously argue that Omni has a "security interest in all or substantially all of MGA's assets" (for purposes of its receiver application) <u>and</u> that Omni does not have a bona fide interest in MGA's assets (for purposes of its opposition to Omni's intervention application) is specious and precluded by the doctrine of judicial estoppel.[1] Moreover, Mattel's new argument is unavailing as Omni set forth detailed facts in its *ex parte* application regarding its assignment and exchange agreement with Wachovia whereby Omni acquired all right, title and interest in the Senior Bank Credit Facility and, as a result, has a senior perfected security interest in MGA's assets, including MGA's inventory and accounts

---

[1] "Judicial estoppel, sometimes also known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996). "The policies underlying preclusion of inconsistent positions are general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings." *Id.* at 601. "Judicial estoppel is intended to protect against a litigant playing fast and loose with the courts." *Id.* "Because it is intended to protect the dignity of the judicial process, it is an equitable doctrine invoked by a court at its discretion." *Id.*

receivable. These facts "must be accepted as true" for purposes of this application. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). Mattel has offered no evidence purporting to contest any of these facts.[2]

      Faced with the fact that Omni is the largest secured creditor of MGA, Mattel argues that Omni's position as a secured creditor does not justify intervention. In making this argument, Mattel ignores the relevant legal factors cited by Omni and instead relies upon inapplicable cases wherein a ***potential*** creditor is seeking to intervene in a lawsuit ***for all purposes*** (unrelated to the appointment of receiver) ***"merely claiming a general interest in [defendant's] assets based on a speculative recovery in an unrelated civil action."*** (*See* Mattel's Opposition, 10:9-10, citing *Gould v. Alleco, Inc.*, 883 F.2d 281, 285 (4th Cir. 1989)). Here, Omni is seeking to intervene ***for the limited purpose*** in connection with Mattel's request for the appointment of a receiver and so it can protect its position as MGA's largest secured creditor. Mattel fails to cite a single case where a court in this circuit, or any circuit, denied a creditor's application to intervene for the limited purpose of challenging the appointment of a receiver. Indeed, Mattel's primary support for its opposition to Omni's application, *Alisal Water Corp. v. Silverwood Estates*, 370 F.3d 915 (9th Cir. 2004), does not involve a creditor's opposition to the appointment of the receiver. In *Alisal Water*, following entry of summary judgment in favor of the United States against Alisal Water Corp. for violating the Safe Drinking Water Act, and while considering the United States' request for penalties against Alisal, the district court appointed a receiver to manage Alisal's drinking water systems and oversee Alisal's possible sale. The court affirmed the denial of a third party's motion to intervene on the grounds that

---

[2] Contrary to statements made in Mattel's opposition, Omni has offered to provide Mattel with documents reflecting Omni's agreement with Wachovia to acquire MGA's debt obligations. Mattel has rejected these offers, and instead prematurely filed a motion to compel without meeting and conferring in good faith.

- 7 -

seeking to protect a prior judgment was insufficient given the likelihood that such intervention could delay longstanding litigation and encumber the U.S.'s efforts to ensure safe drinking water for the public. The *Alisal* case, therefore, is inapposite.

Unlike Mattel, Omni has cited applicable authority in which creditors have been permitted to intervene as a matter of right where a receiver has been appointed and taken control of a debtor's assets. The rationale is that the first creditor's action may effectively foreclose the interests of other creditors. *See SEC v. Flight Transp. Corp.*, 699 F.2d 943, 947 (8th Cir. 1983). In *SEC v. Flight Transp. Corp.*, for example, the appellate court rejected all of the same arguments made by Mattel in this case and reversed the district court's order denying intervention. The Court reasoned that such arguments fail to recognize that because the defendant's assets are in the hands of a receiver and may be affected by an order of the district court (i.e., an order of disgorgement or constructive trust), the non-party intervenor's interests "may be foreclosed" by the action of the district court. Therefore, the non-party had a right to intervene as a matter of law. *Id. at* 948.

Because Omni's interest is directly related to issues raised by Mattel in its *ex parte* application for the appointment of a receiver, Mattel has a significantly protectable interest relating to the property or transaction which is the subject of this action.

### B. Omni Has Established That The Appointment of a Receiver May Impair or Impede Omni's Ability to Protect Its Interests

In order to show that the disposition of the action may impair or impede the ability to protect a non-party's interest, the non-party need only show a "practical" impairment, "not whether the decision itself binds them." *Yniguez v. Arizona*, 939 F.2d 727, 735 (9th Cir. 1991). In its opposition, Mattel erroneously argues that Omni has not shown that the appointment of a receiver may impair or impede its

- 8 -

security interest because it is unclear whether the Bratz product line is within the scope of the collateral underlying Omni's Senior Bank Credit Facility. This argument is, again, inconsistent with Mattel's prior representation to this Court that Omni has a "security interest in all or substantially all of MGA's assets" and is unavailing as Omni has a senior perfected interest in all of MGA's assets (superior to any unsecured interests that Mattel may have by virtue of its judgment in this action).

Moreover, this argument is a red herring because the appointment of a receiver to "oversee and control all financial and business aspects" of MGA will adversely affect all of MGA's products and business operations and, consequently, will impair Omni's ability to protect its senior perfected security interest in its collateral, which includes MGA's inventory and accounts receivable and ultimately in MGA's ability to repay its outstanding secured debt obligation to Omni of in excess of $300 million.[3]

### C. Omni Has Established That The Existing Parties May Not Adequately Represent Omni's Interests

The United States Supreme Court has held that in order to demonstrate the inadequacy of the existing parties to protect its interest, the applicant's burden is "*minimal*" and is satisfied so long as the applicant shows that representation by existing parties "*may be*" inadequate. *Trbovich v. United Mine Workers*, 404 U.S.

---

[3] As explained in Omni's *ex parte* application, courts are reluctant to appoint receivers to solvent corporations. *See, e.g., DeBoer Structures, Inc. v. Shaffer Tent & Awning Co.*, 187 F. Supp. 910, 925 (S.D. Ohio 2001) (declining to appoint receiver despite other facts in favor of doing so where corporation was solvent and productive); *Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F. Supp. 428, 434 (E.D. Mich. 1995) ("The deleterious effects of a receivership would result in more harm than good in this case."); *Rumbaugh v. Beck*, 491 F. Supp. 511, 521 (E.D. Pa. 1980) (finding that because a corporation was presently operating in a successful manner, appointment of a receiver would "be potentially more harmful than if one were not implanted"); *Saluck v. Rosner*, 1999 WL 46620, at *2 (E.D. Pa. Jan. 6, 1999) ("the appointment of a receivership of a solvent corporation is a drastic remedy.").

528, 538 n.10 (1972). The Ninth Circuit considers three factors in determining the adequacy of representation: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki,* 324 F.3d at 1086 (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 778 (9th Cir.1986)).

In its opposition, Mattel argues, without basis, that MGA may adequately represent Omni's interests. However, the legal issue is not whether MGA "may" adequately represent Omni's interests; the issue is whether MGA "may not" adequately represent Omni's interests. Mattel does not, and cannot, contend that MGA "undoubtedly" can or will "make all" of Omni's arguments in opposition to Mattel's application for a receiver.

Further, Omni's and MGA's ultimate objectives are different. Omni's primary objective is in MGA's ability to repay its secured debt obligation of in excess $300 million owed to Omni. The financial interests of a debtor and secured creditor are, on their face, aligned differently. The fact that MGA may also oppose the appointment of a receiver, on other or similar grounds, is irrelevant. *SEC v. Flight Transp. Corp.*, 699 F.2d at 947 (holding that "while [intervenor's] interests may not be adverse to those of [a party] or the receiver, they are sufficiently 'disparate' to warrant intervention"). Moreover, there is no dispute that Omni is in the best (and perhaps only) position to describe the facts and circumstances surrounding its purchase of the Senior Bank Credit Facility from Wachovia.

Therefore, the existing parties may not adequately represent Omni's interest regarding the appointment of a receiver and other issues relating to Omni's status as a secured creditor. Omni has more than satisfied its "minimal" burden.

A/72837928.2

### D. Omni's Application Is Timely

Courts generally consider the following factors relevant to the issue of timeliness: (1) the stage of the proceedings at the time the applicant seeks to intervene; (2) the prejudice to the existing parties from applicant's delay in seeking leave to intervene; and (3) any reason for and the length of delay in seeking intervention. *United States v. State of Washington*, 86 F.3d 1499, 1502 (9th Cir. 1996); *Engra, Inc. v. Gabel*, 958 F.2d 643, 644 (5th Cir. 1992).

In its opposition, Mattel misleadingly argues that Omni's application is untimely because its interest in MGA's assets "was created over five months ago." However, contrary to Mattel's efforts to mislead the Court, Omni's interest in this litigation accrued when it became aware of Mattel's application to appoint a receiver at MGA. Omni acted without delay in filing is application after learning of Mattel's filing, and the Court has yet to decide the pending request for the appointment of a receiver. Therefore, Omni's application is timely, and Mattel will suffer no prejudice as a result.

## III. THE COURT SHOULD GRANT OMNI PERMISSIVE INTERVENTION IN THE ALTERNATIVE

Even if Omni were not entitled to intervene as a matter of right, the Court should exercise its discretion and permit its intervention in this matter. Under Federal Rule of Civil Procedure 24(b)(1), permissive intervention should be granted whenever the "applicant's claim . . . and the main action have a question of law or fact in common," and when the intervention would not "unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). The existence of a "common question" is liberally construed. *Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1108-1109 (9th Cir. 2002). A proposed intervenor under Rule 24(b)(2) "need not demonstrate a 'significantly protectable' interest relating to the property or transaction which is the subject of the action.'" *Defenders of Wildlife*, 2005 WL 3260986, at *2 (citing *Kootenai Tribe of Idaho v.*

- 11 -

1 | *Veneman*, 313 F.3d 1094, 1108-09 (9th Cir. 2002)).  Omni meets each of these
2 | requirements.
3 |       In its opposition, Mattel erroneously argues that Omni has failed to identify a common question of law or fact.  Not true.  As clearly demonstrated both in Omni's application, and in Mattel's opposition, there are numerous common questions of law and fact between Omni's claims as a secured creditor and the issues raised in Mattel's application to appoint a receiver.  Moreover, Omni's participation will not unduly delay or prejudice the adjudication of the rights of the original parties.  Omni's participation will be limited to challenging Mattel's request to appoint a receiver and protecting its interests as a secured creditor.

      The burden is on the parties to plead and prove any alleged prejudice. *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989).  Mattel has failed to prove any such prejudice beyond its unsupported and conclusory allegations that Omni's participation in the receiver issues will "create unnecessary issues, delay proceedings, create confusion … and complicate matters."  Mattel simply wants to prevent Omni from raising issues regarding the appointment of a receiver that are contrary to Mattel's litigation and competitive interests in this litigation.  That is not a basis upon which to deny intervention.

## IV. CONCLUSION

      For the foregoing reasons, Omni respectfully requests the Court grant this application and authorize it to intervene for the limited purpose of responding to Mattel's request for the appointment of a receiver for MGA and all other issues related to the proposed receiver or Omni's status as a secured creditor of MGA.

DATED: February 9, 2009

Bingham McCutchen LLP

By: _____
      Todd E. Gordinier
      Attorneys for Non-party
      Omni 808 Investors, LLC

- 12 -

A/72837928.2