# Exhibit 2

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 3

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 4

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

**Exhibit 5**

1   DALE M. CENDALI (admitted *pro hac vice*)
    dcendali@omm.com
2   DIANA M. TORRES (S.B. #162284)
    dtorres@omm.com
3   JAMES P. JENAL (S.B. # 180190)
    jjenal@omm.com
4   O'MELVENY & MYERS LLP
    400 South Hope Street
5   Los Angeles, CA  90071-2899
    Telephone:  (213) 430-6000
6   Facsimile:  (213) 430-6407

7   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
8   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
9   Los Angeles, CA  90067
    Telephone:  (310) 553-3000
10  Facsimile:  (310) 557-9815

11  Attorneys for MGAE de Mexico, S.R.L. de
    C.V.
12

13

14                 **UNITED STATES DISTRICT COURT**

15                **CENTRAL DISTRICT OF CALIFORNIA**

16

17  CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)
                                         (consolidated with CV 04-9059 & 05-
18              Plaintiff,               2727)

19       v.                             **DECLARATION OF ISAAC**
                                        **LARIAN IN SUPPORT OF MGAE**
20  MATTEL, INC., a Delaware            **DE MEXICO, S.R.L. DE C.V.'S**
    Corporation,                        **REPLY IN SUPPORT OF ITS**
21                                      **MOTION TO DISMISS MATTEL'S**
               Defendant.               **AMENDED ANSWER AND**
22                                      **COUNTERCLAIMS**

23                                      Hearing Date:  April 30, 2007
                                        Time: 10:00 a.m.
24                                      Place:  Courtroom 1

25                                      Discovery Cut-off:  March 3, 2008
                                        Pre-trial Conference:  June 2, 2008
26                                      Trial Date: July 1, 2008

27                                      Judge:  Hon. Stephen G. Larson
28

EXHIBIT ___5___

PAGE ___106___

DECL OF ISAAC LARIAN ISO MGAE
MEXICO'S REPLY CV 04-09049 SGL (RNBX)

1    I, Isaac Larian, declare and state as follows:

2        1.    I am the Chief Executive Officer ("CEO") of MGA

3    Entertainment, Inc. ("MGA") and a resident of the State of California. All of the

4    facts set forth herein are known to me personally, and if called as a witness, I could

5    and would testify competently thereto.

6        2.    In the Spring of 2004, MGA decided to form MGAE de Mexico,

7    S.R.L. de C.V. ("MGA Mexico") to market and sell MGA products to consumers in

8    Mexico.

9        3.    Thomas Park, Susana Kuemmerle, and I recruited three then

10   employees of Mattel Mexico (Carlos Gustavo Machado Gomez, Pablo Vargas San

11   Jose, and Mariana Trueba Almada) to start up the sales and marketing operations of

12   MGA Mexico. During this recruitment and hiring process, I wrote and received

13   several email and mail communications about the terms and conditions of their

14   employment.

15       4.    I never directed, requested or suggested, by email, mail or

16   otherwise, for Machado, Vargas, Trueba, or anyone else to take any confidential or

17   proprietary business information from Mattel or any Mattel subsidiary. Nor did

18   anyone acting at my direction ever request or suggest that anyone take any

19   confidential or proprietary business information from Mattel or any Mattel

20   subsidiary. To the contrary, to the best of my recollection I told all three of them –

21   Machado, Vargas and Trueba – not to take anything from Mattel.

22       5.    In its opposition brief, Mattel implies that these three employees

23   of MGA Mexico – Machado, Vargas and Trueba – reported to me. They never

24   have.

25       6.    I was appointed to the Board of Managers of MGA Mexico on

26   April 15, 2004, when MGA Mexico was incorporated as a Mexican corporation,

27   and was granted powers of attorney to transact business on behalf of MGA Mexico

28   pursuant to its by-laws.

EXHIBIT __5__

PAGE __107__

- 1 -

DECL OF ISAAC LARIAN ISO MGAE
MEXICO'S REPLY CV 04-09049 SGL (RNBX)

1        7.    I resigned from the Board of Managers of MGA Mexico

2  effective February 25, 2005.

3        8.    With the exception of recruiting and hiring employees to start up

4  the sales and marketing operations of MGA Mexico, I have not transacted any

5  business on behalf of MGA Mexico nor have I been involved in the management of

6  its day to day operations.  Susana Kuemmerle directs the operations of MGA

7  Mexico from MGA Mexico's offices in Mexico.

8        I declare under penalty of perjury under the laws of the United States

9  that the foregoing is true and correct.

10        Executed this _11_ day of April, 2007, at Los Angeles, California.

11

12

13                              Isaac Larian

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

EXHIBIT __5__

PAGE __108__

# Exhibit 6

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 7

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 8

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 9

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT,  AN INDIVIDUAL,   )
)
PLAINTIFF,   )
)        CASE NO.
V.   )        CV 04-9040 SGL (RNBX)
)
MATTEL, INC., A DELAWARE   )
CORPORATION, ET AL.,   )
)
DEFENDANTS.   )
_____)

# DEPOSITION OF SUSANA KUEMMERLE

# JANUARY 28, 2008

REPORTED BY:
J'ANA SIEGERS
CSR NO.  10845
JOB NO. 08AE148-JS



COURT REPORTERS

515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT _____ 9

PAGE _131_

1          UNITED STATES DISTRICT COURT

2         CENTRAL DISTRICT OF CALIFORNIA

3              EASTERN DIVISION

4

5  CARTER BRYANT, AN INDIVIDUAL,)
                               )  CASE NO.
6              PLAINTIFF,      )  CV 04-9049 SGL (RNBX)
                               )
7      VS.                     )
                               )
8  MATTEL, INC., A DELAWARE    )
   CORPORATION,                )
9                              )
               DEFENDANT.      )
10                             )
   _____)
11                             )
   AND CONSOLIDATED ACTIONS.   )
12 _____)

13

14

15

16              PARTIAL TRANSCRIPT

17               PAGES 2 - 77

18

19     VIDEOTAPED DEPOSITION OF SUSANA KUEMMERLE,

20     TAKEN ON BEHALF OF THE DEFENDANT, AT

21     865 SOUTH FIGUEROA STREET, SECOND FLOOR,

22     LOS ANGELES, CALIFORNIA, COMMENCING

23     AT 9:06 A.M., MONDAY, JANUARY 28, 2008,

24     BEFORE J'ANA SIEGERS, CSR NUMBER 10845.

25

                                              2

EXHIBIT 9

PAGE 132

DEPOSITION OF SUSANA KUEMMERLE

```
 1   APPEARANCES OF COUNSEL:

 2

 3   FOR MATTEL, INC.:

 4       QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
         BY:   JON COREY, ESQ.
 5       865 SOUTH FIGUEROA STREET
         TENTH FLOOR
 6       LOS ANGELES, CALIFORNIA 90017-2543
         (213) 443-3000
 7

 8   FOR MGA ENTERTAINMENT, INC.:

 9       SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
         BY:   JOSÉ R. ALLEN, ESQ.
10       FOUR EMBARCADERO CENTER
         SAN FRANCISCO, CALIFORNIA 94111
11       (415) 984-6400

12       SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
         BY:   FARHAD AMID, ESQ.
13       300 SOUTH GRAND AVENUE
         SUITE 3400
14       LOS ANGELES, CALIFORNIA 90071-3144
         (213) 687-5000
15

16   ALSO PRESENT:

17       SERGIO ESPARZA, JTV LITIGATION SERVICES, INC.

18       MAYA FONSECA, INTERPRETER

19

20

21

22

23

24

25
```

3

EXHIBIT ___9___

PAGE ___133___

| | | |
|---|---|---|
| 09:16:29 | 1 | Q. OKAY. OTHER THAN THE TWO ATTORNEYS AT |
| 09:16:42 | 2 | SKADDEN ARPS, DID YOU SPEAK WITH ANYONE ELSE AT ANY |
| 09:16:45 | 3 | OTHER TIME IN CONNECTION -- ABOUT YOUR DEPOSITION? |
| 09:16:47 | 4 | A. NO. |
| 09:17:01 | 5 | Q. WHEN DID YOU FIRST BECOME AWARE OF MGA? |
| 09:17:10 | 6 | A. 2002. |
| 09:17:14 | 7 | Q. HOW DID YOU FIRST LEARN ABOUT MGA? |
| 09:17:19 | 8 | A. THROUGH A FRIEND. |
| 09:17:22 | 9 | Q. WHO WAS THAT? |
| 09:17:25 | 10 | A. A LADY THAT WORKS HERE WHO IS A FRIEND OF |
| 09:17:27 | 11 | MINE. |
| 09:17:28 | 12 | Q. WHAT'S HER NAME? |
| 09:17:29 | 13 | A. LISA SAUNDERS. |
| 09:17:37 | 14 | Q. AND HOW DID YOU AND MS. SAUNDERS BEGIN TALKING |
| 09:17:41 | 15 | ABOUT MGA? |
| 09:17:43 | 16 | A. IT WAS IN HONG KONG TOY FAIR. |
| 09:17:52 | 17 | Q. WAS SHE AN MGA EMPLOYEE? |
| 09:17:54 | 18 | A. YES. |
| 09:17:55 | 19 | Q. WHAT DID SHE TELL YOU? |
| 09:17:58 | 20 | A. WE TALKED ABOUT THE COMPANY, AND THAT'S IT. |
| 09:18:02 | 21 | WE TALKED. |
| 09:18:03 | 22 | Q. WHAT DID SHE TELL YOU? |
| 09:18:05 | 23 | A. SHE WAS WORKING THERE AND SHE ENJOYED THE |
| 09:18:07 | 24 | COMPANY VERY MUCH. |
| 09:18:10 | 25 | Q. DID SHE ASK YOU -- DID SHE ASK YOU IF YOU WERE |

20

EXHIBIT _____9___

PAGE _134_____

| 09:18:15 | 1 | INTERESTED IN JOINING THE COMPANY AT THAT POINT -- |
| 09:18:18 | 2 | A. NO, SHE DID NOT. |
| 09:18:18 | 3 | Q. -- IN 2002? |
| 09:18:19 | 4 | LET ME FINISH MY QUESTION BEFORE YOU START |
| 09:18:22 | 5 | YOUR ANSWER. |
| 09:18:28 | 6 | THAT WAS THE FIRST TIME YOU HAD HEARD OF MGA? |
| 09:18:31 | 7 | A. YES. |
| 09:18:36 | 8 | Q. HAD YOU HEARD OF THE BRATZ PRODUCT BEFORE |
| 09:18:39 | 9 | 2002? |
| 09:18:46 | 10 | A. NO. |
| 09:18:49 | 11 | Q. WHY WERE YOU AT THE 2002 HONG KONG TOY FAIR? |
| 09:18:53 | 12 | A. WORKING. |
| 09:18:54 | 13 | Q. WHO WERE YOU WORKING FOR AT THE TIME? |
| 09:18:56 | 14 | A. I WAS WORKING AS A SALES REP. |
| 09:18:59 | 15 | Q. FOR WHICH COMPANY? |
| 09:19:01 | 16 | A. PLAYWELL. |
| 09:19:02 | 17 | Q. PLAYWELL? |
| 09:19:03 | 18 | A. MM-HMM. |
| 09:19:04 | 19 | Q. WHERE IS PLAYWELL BASED? |
| 09:19:06 | 20 | A. IN HONG KONG. |
| 09:19:09 | 21 | Q. WERE YOU LIVING IN HONG KONG? |
| 09:19:10 | 22 | A. NO. |
| 09:19:11 | 23 | Q. WHAT AREA OF -- WHAT WAS YOUR GEOGRAPHIC AREA |
| 09:19:16 | 24 | OF RESPONSIBILITY FOR PLAYWELL? |
| 09:19:17 | 25 | A. LATIN AMERICA. |

21

EXHIBIT _____9_____

PAGE _____135_____

| | | |
|---|---|---|
| 09:19:40 | 1 | Q.   WHY DID YOU DECIDE TO JOIN MGA? |
| 09:19:47 | 2 | A.   THE OPPORTUNITY TO REP THE COMPANY PRESENTED, |
| 09:19:51 | 3 | AND I DECIDED THAT IT WAS A GOOD OPPORTUNITY. |
| 09:19:54 | 4 | Q.   WHO FIRST APPROACHED YOU ABOUT JOINING MGA? |
| 09:19:57 | 5 | A.   AS A REP?   MR. LARIAN. |
| 09:20:03 | 6 | Q.   AND WHEN YOU SAY "AS A REP," DO YOU MEAN AS A |
| 09:20:06 | 7 | SALES REPRESENTATIVE? |
| 09:20:06 | 8 | A.   YES. |
| 09:20:06 | 9 | Q.   OKAY.   WHEN DID HE DO THAT? |
| 09:20:10 | 10 | A.   I BELIEVE IT WAS FEBRUARY 2002. |
| 09:20:20 | 11 | Q.   AND WHAT DID HE ASK YOU TO DO AT THAT TIME? |
| 09:20:23 | 12 | A.   TO BE THEIR REPRESENTATIVE AND TO MANAGE THE |
| 09:20:26 | 13 | LATIN-AMERICAN TERRITORY SALES. |
| 09:20:36 | 14 | Q.   WHERE WERE YOU LIVING AT THE TIME? |
| 09:20:38 | 15 | A.   NEW JERSEY. |
| 09:20:40 | 16 | Q.   DO YOU STILL LIVE IN NEW JERSEY? |
| 09:20:43 | 17 | A.   I LIVE IN MEXICO FOR WORK. |
| 09:20:46 | 18 | Q.   AND DO YOU HAVE A RESIDENCE IN NEW JERSEY? |
| 09:20:49 | 19 | A.   CORRECT. |
| 09:20:52 | 20 | Q.   ARE YOU RELATED TO LUCY KUEMMERLE? |
| 09:20:59 | 21 | A.   THAT'S CORRECT. |
| 09:20:59 | 22 | Q.   HOW ARE YOU RELATED TO HER? |
| 09:21:01 | 23 | A.   I'M HER MOTHER. |
| 09:21:17 | 24 | Q.   WHAT DID YOU TELL MR. LARIAN IN FEBRUARY |
| 09:21:18 | 25 | OF 2002? |

22

A & E Court Reporters        (213) 955-0070        Fax: (213) 955-0077

EXHIBIT  9

PAGE  136

| | | |
|---|---|---|
| 09:21:20 | 1 | A.   YES, THAT I WILL TAKE THE OPPORTUNITY. |
| 09:21:27 | 2 | Q.   SO DID YOU JOIN MGA IN FEBRUARY OF 2002? |
| 09:21:31 | 3 | A.   AS A SALES REP. |
| 09:21:37 | 4 | Q.   BECAUSE IF I'M CORRECT, MGA DE MEXICO DID NOT |
| 09:21:40 | 5 | EXIST AT THE TIME; IS THAT CORRECT? |
| 09:21:42 | 6 | A.   THAT IS CORRECT. |
| 09:21:42 | 7 | Q.   WERE YOU AN INDEPENDENT SALES REPRESENTATIVE? |
| 09:21:44 | 8 | A.   THAT IS CORRECT. |
| 09:21:56 | 9 | Q.   WHAT WERE YOUR RESPONSIBILITIES AS -- STRIKE |
| 09:21:59 | 10 | THAT. |
| 09:22:00 | 11 | WHAT DID YOU DO AS A SALES REPRESENTATIVE? |
| 09:22:03 | 12 | A.   I PRESENTED THE LINE TO THE NETWORK OF |
| 09:22:06 | 13 | LATIN-AMERICAN DISTRIBUTORS.  I MADE RECOMMENDATIONS |
| 09:22:12 | 14 | ACCORDING TO THEIR MARKET NEEDS.  I HELPED THEM CREATE |
| 09:22:20 | 15 | THEIR MARKETING PLAN, PRICE POINT STRUCTURE, ORGANIZED |
| 09:22:26 | 16 | THEIR SHIPMENTS. |
| 09:22:34 | 17 | Q.   WHAT WAS THE -- WAS YOUR RESPONSIBILITY FOR |
| 09:22:39 | 18 | ALL OF THE COUNTRIES IN LATIN AMERICA FROM MEXICO TO |
| 09:22:43 | 19 | CHILE? |
| 09:22:43 | 20 | A.   CAN YOU REPEAT? |
| 09:22:44 | 21 | Q.   SURE. |
| 09:22:45 | 22 | AS THE INDEPENDENT SALES REPRESENTATIVE, WAS |
| 09:22:48 | 23 | YOUR RESPONSIBILITY FOR EVERYTHING FROM MEXICO DOWN TO |
| 09:22:54 | 24 | CHILE? |
| 09:22:55 | 25 | A.   THAT IS CORRECT. |

23

| | | |
|---|---|---|
| 09:23:06 | 1 | Q.   YOU KNOW, SOME COMPANIES WHEN THEY DO THAT, |
| 09:23:06 | 2 | THEY EXCLUDE BRAZIL, SO... |
| 09:23:06 | 3 | A.   IT WAS INCLUDED. |
| 09:23:06 | 4 | Q.   OKAY. |
| 09:23:19 | 5 | WHO WAS THE DISTRIBUTOR IN MEXICO WHEN YOU |
| 09:23:21 | 6 | JOINED -- OR WHEN YOU STARTED WORKING AS AN INDEPENDENT |
| 09:23:24 | 7 | SALES REP? |
| 09:23:25 | 8 | A.   AT THAT TIME IT WAS HASBRO. |
| 09:23:28 | 9 | Q.   AND WAS IT HASBRO UP UNTIL THE TIME THAT MGA |
| 09:23:31 | 10 | DE MEXICO WAS FORMED? |
| 09:23:33 | 11 | A.   THAT IS CORRECT. |
| 09:23:34 | 12 | Q.   WERE THERE ANY OTHER DISTRIBUTORS IN ADDITION |
| 09:23:37 | 13 | TO HASBRO IN MEXICO? |
| 09:23:38 | 14 | A.   NO. |
| 09:23:46 | 15 | Q.   WAS -- IN MEXICO, WAS HASBRO DISTRIBUTING THE |
| 09:23:49 | 16 | ENTIRE LINE OF MGA PRODUCTS IN -- BETWEEN FEBRUARY |
| 09:23:52 | 17 | OF 2002 AND APRIL OF 2004? |
| 09:23:55 | 18 | A.   I DO NOT KNOW IF THE ENTIRE LINE. |
| 09:24:01 | 19 | Q.   WAS IT CARRYING THE ENTIRE LINE OF BRATZ |
| 09:24:03 | 20 | PRODUCTS? |
| 09:24:05 | 21 | A.   I SELECTED ITEMS OF THE BRATZ LINE. |
| 09:24:16 | 22 | Q.   WHO WAS YOUR CONTACT AT HASBRO DURING THAT |
| 09:24:18 | 23 | TIME? |
| 09:24:18 | 24 | A.   I WOULD LIKE TO CLARIFY THAT HASBRO DEAL WAS |
| 09:24:22 | 25 | MANAGED DIRECTLY BY SOMEBODY IN-HOUSE, AND I WAS TO ONLY |

24

EXHIBIT 9

PAGE 138

DEPOSITION OF SUSANA KUEMMERLE

| | | |
|---|---|---|
| 10:31:02 | 1 | ABOUT THEM BETWEEN THE TIME THAT YOU SPOKE WITH |
| 10:31:06 | 2 | MR. LARIAN ABOUT GOING TO MEXICO CITY AND THE TIME OF |
| 10:31:08 | 3 | THE INTERVIEWS? |
| 10:31:09 | 4 | A.   I DON'T RECALL. |
| 10:31:10 | 5 | Q.   DID YOU TELL HIM ANYTHING ABOUT THESE TWO, |
| 10:31:15 | 6 | ABOUT MARIANA TRUEBA AND MR. VARGAS? |
| 10:31:18 | 7 | A.   TO WHOM? |
| 10:31:19 | 8 | Q.   TO MR. MACHADO. |
| 10:31:20 | 9 | A.   REPEAT, PLEASE. |
| 10:31:21 | 10 | Q.   SURE.  SURE. |
| 10:31:22 | 11 | YOU SAID YOU HAD A CONVERSATION OR |
| 10:31:24 | 12 | CONVERSATIONS WITH MR. MACHADO DURING WHICH HE |
| 10:31:27 | 13 | IDENTIFIED MS. TRUEBA AND MR. VARGAS AS POTENTIAL |
| 10:31:34 | 14 | CANDIDATES; IS THAT RIGHT? |
| 10:31:35 | 15 | A.   CORRECT. |
| 10:31:35 | 16 | Q.   OKAY.  AND YOU JUST EXPLAINED TO ME WHY HE |
| 10:31:38 | 17 | THOUGHT THEY WOULD BE GOOD CANDIDATES. |
| 10:31:41 | 18 | MY QUESTION IS:  DID YOU ASK HIM ANY QUESTIONS |
| 10:31:44 | 19 | OR DID YOU TELL HIM ANYTHING ABOUT EITHER OF THOSE TWO |
| 10:31:48 | 20 | PEOPLE DURING YOUR CONVERSATIONS? |
| 10:31:50 | 21 | A.   TELL THEM TO WHOM? |
| 10:31:52 | 22 | Q.   TO MR. MACHADO. |
| 10:31:54 | 23 | A.   I DON'T RECALL. |
| 10:31:56 | 24 | Q.   DO YOU KNOW WHETHER YOU PASSED ON THE NAMES OF |
| 10:31:58 | 25 | MR. VARGAS OR MS. TRUEBA TO MR. LARIAN OR MR. PARK? |

61

EXHIBIT ___9___

PAGE _139_

| | | |
|---|---|---|
| 10:32:03 | 1 | A.    I DON'T RECALL. |
| 10:32:12 | 2 | Q.    AFTER YOU -- AFTER THE TRIP IN MEXICO CITY, |
| 10:32:19 | 3 | WHAT WAS THE NEXT THING THAT HAPPENED -- WHAT WAS THE |
| 10:32:22 | 4 | NEXT THING THAT YOU DID WITH RESPECT TO SETTING UP AN |
| 10:32:25 | 5 | MGA SUBSIDIARY IN MEXICO? |
| 10:32:27 | 6 | A.    THE NEXT THING THAT I PARTICIPATED ON WAS A |
| 10:32:31 | 7 | VISIT TO L.A. TO REVIEW THE LINE IN OUR SHOWROOM. |
| 10:32:38 | 8 | Q.    DO YOU RECALL WHEN THAT OCCURRED? |
| 10:32:42 | 9 | A.    I DON'T RECALL.  IN APRIL. |
| 10:32:43 | 10 | Q.    WAS IT IN EARLY APRIL? |
| 10:32:45 | 11 | A.    COULD BE, YES. |
| 10:32:49 | 12 | Q.    AND JUST TO BE CLEAR, YOU WENT BACK TO |
| 10:32:52 | 13 | NEW JERSEY, AND THEN YOU WENT TO VAN NUYS TO REVIEW THE |
| 10:32:56 | 14 | LINE? |
| 10:32:56 | 15 | A.    FROM MEXICO I WENT TO NEW JERSEY -- |
| 10:32:58 | 16 | Q.    AND THEN BACK? |
| 10:32:59 | 17 | A.    -- AND THEN I HAD TO TRAVEL BECAUSE OF MY JOB, |
| 10:33:01 | 18 | AND THEN WE WENT TO L.A. -- I WENT TO L.A. |
| 10:33:04 | 19 | Q.    OKAY.  DID -- DID MR. VARGAS, MS. TRUEBA, OR |
| 10:33:12 | 20 | MR. MACHADO TRAVEL TO LOS ANGELES TO REVIEW THE LINE? |
| 10:33:14 | 21 | A.    YES. |
| 10:33:16 | 22 | Q.    AND WAS THAT BEFORE OR AFTER THEY JOINED -- |
| 10:33:20 | 23 | BEFORE OR AFTER THEY HAD GIVEN NOTICE TO MATTEL? |
| 10:33:22 | 24 | MR. ALLEN:  OBJECTION.  CALLS FOR SPECULATION. |
| 10:33:24 | 25 | IF YOU KNOW. |

62

EXHIBIT _____9_____

PAGE _____140_____

| | | |
|---|---|---|
| 10:33:24 | 1 | BY MR. COREY: |
| 10:33:25 | 2 | Q.   DO YOU KNOW WHETHER IT WAS BEFORE OR AFTER |
| 10:33:26 | 3 | THEY HAD GIVEN NOTICE TO MATTEL? |
| 10:33:28 | 4 | A.   YES. |
| 10:33:29 | 5 | Q.   AND HOW DO YOU KNOW THAT? |
| 10:33:33 | 6 | A.   HOW DO I KNOW -- |
| 10:33:34 | 7 | Q.   HOW DO YOU KNOW WHEN -- HOW DO YOU KNOW |
| 10:33:37 | 8 | WHETHER THE VISIT TO L.A. WAS BEFORE OR AFTER THEY HAD |
| 10:33:40 | 9 | GIVEN NOTICE TO MATTEL? |
| 10:33:41 | 10 | A.   BECAUSE I KNOW THE DATE THEY RESIGNED. |
| 10:33:44 | 11 | Q.   AND WHAT WAS THAT DATE? |
| 10:33:45 | 12 | A.   I BELIEVE IT WAS APRIL 16 OR 15. |
| 10:33:49 | 13 | Q.   AND DID THEY TRAVEL TO LOS ANGELES TO REVIEW |
| 10:33:50 | 14 | THE MGA LINE BEFORE OR AFTER THEY RESIGNED FROM MATTEL? |
| 10:33:53 | 15 | A.   I BELIEVE IT WAS BEFORE. |
| 10:34:17 | 16 | Q.   DID ANY OF THE OTHER PEOPLE WITH WHOM YOU HAD |
| 10:34:19 | 17 | SPOKEN, ANY OF THE CANDIDATES, TRAVEL FROM MEXICO TO |
| 10:34:25 | 18 | LOS ANGELES TO REVIEW THE LINE? |
| 10:34:27 | 19 | A.   NOT THAT I RECALL. |
| 10:34:30 | 20 | Q.   BUT YOU RECALL THOSE -- BUT YOU RECALL THOSE |
| 10:34:32 | 21 | THREE GOING THERE? |
| 10:34:33 | 22 | A.   YES. |
| 10:34:35 | 23 | Q.   HOW LONG WERE THEY IN LOS ANGELES? |
| 10:34:39 | 24 | A.   TWO DAYS.  ONE DAY AND A HALF.  I DON'T |
| 10:34:41 | 25 | RECALL. |

63

EXHIBIT ___1___

PAGE ___141___

DEPOSITION OF SUSANA KUEMMERLE

| 10:34:56 | 1 | Q. WHEN WAS IT -- STRIKE THAT. |
|---|---|---|

10:34:56  1      Q.   WHEN WAS IT -- STRIKE THAT.

10:34:59  2           WERE YOU INVOLVED IN THE DECISION TO EXTEND

10:35:02  3  OFFERS OF EMPLOYMENT TO MR. MACHADO, MR. VARGAS, AND

10:35:06  4  MS. TRUEBA?

10:35:07  5      A.   NO.

10:35:10  6      Q.   WHO MADE THAT DECISION?

10:35:14  7      A.   I DON'T KNOW.

10:35:18  8      Q.   DID MS. MENDEZ RECEIVE AN OFFER OF EMPLOYMENT?

10:35:23  9      A.   I BELIEVE SHE DID NOT.

10:35:25  10     Q.   AND DO YOU KNOW WHY?

10:35:27  11     A.   BECAUSE I THINK THEY DIDN'T BELIEVE THAT THERE

10:35:30  12  WAS A NEED FOR AN H.R. PERSON AT THAT TIME.

10:35:32  13     Q.   OKAY.  HOW DID YOU FIRST LEARN THAT OFFERS OF

10:35:40  14  EMPLOYMENT WERE GOING TO BE EXTENDED TO MR. MACHADO,

10:35:42  15  MR. VARGAS, OR MS. TRUEBA?

10:35:45  16     A.   I DON'T RECALL.

10:35:51  17     Q.   WAS IT YOUR UNDERSTANDING AT THE TIME THAT

10:35:53  18  THE -- THAT MR. LARIAN AND MR. PARK LEFT MEXICO CITY

10:35:56  19  THAT THEY WERE GOING TO ESTABLISH AN MGA SUBSIDIARY

10:36:01  20  THERE FOR SURE?

10:36:02  21     A.   THAT'S MY UNDERSTANDING, YES.

10:36:10  22     Q.   DO YOU KNOW WHO EXTENDED OFFERS OF EMPLOYMENT

10:36:12  23  TO MR. MACHADO, MS. TRUEBA, AND MR. VARGAS?

10:36:19  24     A.   I BELIEVE IT WAS ISAAC LARIAN.

10:36:29  25     Q.   DID YOU HAVE A CONVERSATION WITH MR. MACHADO

64

EXHIBIT ___9___

PAGE _142_

| | | |
|---|---|---|
| 10:36:30 | 1 | AFTER THE TRIP IN MEXICO CITY? |
| 10:36:33 | 2 | A.   I DON'T RECALL. |
| 10:36:39 | 3 | Q.   DID YOU HAVE ANY DISCUSSIONS WITH HIM ABOUT |
| 10:36:43 | 4 | THE TIMING OF GIVING NOTICE AND WHEN HE WOULD LEAVE |
| 10:36:47 | 5 | MATTEL? |
| 10:36:49 | 6 | A.   I DON'T RECALL. |
| 10:36:55 | 7 | Q.   BETWEEN THE TIME THAT THE INTERVIEWS OCCURRED |
| 10:37:02 | 8 | AND THE TIME IN MID-APRIL WHEN THEY GAVE NOTICE, DO YOU |
| 10:37:06 | 9 | KNOW WHETHER MR. LARIAN AND MR. MACHADO HAD ANY |
| 10:37:11 | 10 | CONVERSATIONS? |
| 10:37:13 | 11 | A.   I DON'T KNOW. |
| 10:37:17 | 12 | Q.   DID YOU HAVE ANY CONVERSATIONS WITH |
| 10:37:18 | 13 | MR. MACHADO BETWEEN THE TIME THAT HE -- THE TIME OF HIS |
| 10:37:23 | 14 | INTERVIEW AND THE TIME THAT HE GAVE NOTICE? |
| 10:37:28 | 15 | A.   I DON'T RECALL. |
| 10:37:29 | 16 | Q.   YOU DON'T RECALL ONE WAY OR THE OTHER? |
| 10:37:31 | 17 | A.   NO. |
| 10:37:54 | 18 | Q.   DO YOU KNOW WHETHER DURING THAT TIME PERIOD |
| 10:37:55 | 19 | YOU HAD ANY PHONE CONVERSATIONS WITH MS. TRUEBA? |
| 10:38:00 | 20 | A.   I DON'T RECALL. |
| 10:38:02 | 21 | Q.   WHAT ABOUT WITH MR. VARGAS? |
| 10:38:05 | 22 | A.   I DON'T RECALL. |
| 10:38:12 | 23 | Q.   WHEN DID YOU START COMMUNICATING WITH THESE |
| 10:38:16 | 24 | THREE BY E-MAIL? |
| 10:38:19 | 25 | A.   I DON'T RECALL THE SPECIFIC DATE. |

65

A & E Court Reporters      (213) 955-0070      Fax: (213) 955-0077

EXHIBIT ___9___

PAGE ___143___

| | | |
|---|---|---|
| 10:38:22 | 1 | Q.   WAS IT AFTER THE INTERVIEW OR BEFORE THE |
| 10:38:23 | 2 | INTERVIEW? |
| 10:38:24 | 3 | A.   I DON'T RECALL. |
| 10:38:28 | 4 | Q.   DO YOU RECALL HOW YOU RECEIVED MR. MACHADO'S, |
| 10:38:33 | 5 | MR. VARGAS'S, OR MS. TRUEBA'S RÉSUMÉS BEFORE THE |
| 10:38:37 | 6 | INTERVIEWS? |
| 10:38:37 | 7 | A.   THE RÉSUMÉS WERE GIVEN IN THE PRESENCE TO |
| 10:38:41 | 8 | MR. LARIAN. |
| 10:38:42 | 9 | Q.   THEY BROUGHT THEM WITH THEM? |
| 10:38:44 | 10 | A.   EVERYBODY BROUGHT THEIR RÉSUMÉS.   PROCESS OF |
| 10:38:48 | 11 | INTERVIEW. |
| 10:39:13 | 12 | Q.   YOU SAID WHEN YOU WERE TALKING TO MR. LARIAN |
| 10:39:22 | 13 | ON YOUR WAY TO THE AIRPORT THAT HE WANTED YOU TO LEAD OR |
| 10:39:22 | 14 | TO BE RESPONSIBLE FOR MGA'S MEXICO SUBSIDIARY.   DID YOU |
| 10:39:28 | 15 | GET A FORMAL OFFER OF EMPLOYMENT? |
| 10:39:34 | 16 | MR. ALLEN:   OBJECTION.   MISSTATES TESTIMONY. |
| 10:39:42 | 17 | THE DEPONENT:   SO? |
| 10:39:44 | 18 | I DIDN'T GET A FORMAL.   WE DISCUSSED OUR |
| 10:39:47 | 19 | TERMS.   WHAT I SAID IS THAT I HAD TERMS THAT I WANTED, |
| 10:39:49 | 20 | AND IF WE MET THEM IN THAT WAY, THEN WE HAD AN |
| 10:39:54 | 21 | AGREEMENT. |
| 10:39:55 | 22 | BY MR. COREY: |
| 10:39:55 | 23 | Q.   AND MY QUESTION REALLY IS GOING TO THAT.   I'M |
| 10:39:57 | 24 | TRYING TO FIND OUT HOW THOSE DISCUSSIONS STARTED.   DID |
| 10:40:02 | 25 | HE PUT -- |

66

EXHIBIT    9

PAGE    144

```
 1  STATE OF CALIFORNIA    )
                           )  SS.
 2  COUNTY OF ORANGE       )

 3

 4      I, J'ANA SIEGERS, CERTIFIED SHORTHAND

 5  REPORTER, CERTIFICATE NO. 10845, FOR THE STATE OF

 6  CALIFORNIA, HEREBY CERTIFY:

 7      THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE ME

 8  AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH

 9  TIME THE DEPONENT WAS PLACED UNDER OATH BY ME.

10      THE TESTIMONY OF THE DEPONENT AND ALL

11  OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE

12  RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER

13  TRANSCRIBED.

14      THE FOREGOING TRANSCRIPT IS A TRUE AND CORRECT

15  TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN.

16      I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR

17  NOR RELATED TO ANY PARTY TO SAID ACTION NOR IN ANY

18  WAY INTERESTED IN THE OUTCOME THEREOF.

19      IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED

20  MY NAME THIS 27TH DAY OF FEBRUARY, 2008.

21

22

23

24      J'ANA SIEGERS, CSR NO. 10845

25
```

EXHIBIT 9

PAGE 145

```
 1   STATE OF CALIFORNIA      )
                              )   SS.
 2   COUNTY OF ORANGE         )

 3

 4       I, J'ANA SIEGERS, CERTIFIED SHORTHAND

 5   REPORTER CERTIFICATE NO. 10845 FOR THE STATE OF

 6   CALIFORNIA, HEREBY CERTIFY:

 7       THE FOREGOING IS A TRUE AND CORRECT COPY OF

 8   THE ORIGINAL TRANSCRIPT OF THE PROCEEDING TAKEN BEFORE

 9   ME AS THEREIN STATED.

10

11   DATED:   FEBRUARY 27TH, 2008.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 10

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 11

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 12

RECEIVED

FEB 2 7 2007

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  JAMES P. JENAL (S.B. # 180190)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA  90071-2899
4  Telephone:  (213) 430-6000
   Facsimile:  (213) 430-6407
5  Email:      jjenal@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA  90067
   Telephone:  (310) 553-3000
9  Facsimile:  (310) 557-9815

10 Attorneys for MGAE de Mexico,
   S.R.L. de C.V.

11

12            UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
13                 EASTERN DIVISION

14 CARTER BRYANT, an individual,      Case No.  CV 04-09049 SGL (RNBx)
                    Plaintiff,         (consolidated with CV 04-9059 & 05-2727)
15        v.
                                       DECLARATION OF SUSANA
16 MATTEL, INC., a Delaware            KUEMMERLE IN SUPPORT OF
   Corporation,                        MGAE DE MEXICO, S.R.L. DE C.V.'S
17              Defendant.             JOINT MOTION TO DISMISS
                                       MATTEL'S AMENDED ANSWER AND
18                                     COUNTERCLAIMS

19                                     [Fed. R. Civ. Pro. 12(b)(2 & 6) & 12(f)]

20                                     Hearing Date:    March 26, 2007
21                                     Time:            10:00 A.M.
                                       Courtroom:       1
22 CONSOLIDATED WITH
   MATTEL, INC. v. BRYANT and          Discovery Cut-off:      March 3, 2007
23 MGA ENTERTAINMENT, INC. v.          Pre-trial Conference:   June 2, 2008
   MATTEL, INC.                        Trial Date:             July 1, 2008
24
                                       Judge:  Hon. Stephen G. Larson
25

26

27

28

EXHIBIT  12

PAGE  179

2.27

DECLARATION OF
SUSANA KUEMMERLE

d

1          I, SUSANA KUEMMERLE, declare under penalty of perjury under

2   the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the

3   following is true and correct:

4          1.      I am the Vice President of MGAE de Mexico, S.R.L. de C.V.

5   ("MGA Mexico") and Latin American Sales, a position I have held since June 2,

6   2004. I submit this declaration in support of the motion of MGA Mexico pursuant

7   to Rule 12(b)(2 & 6) and 12(f) of the Federal Rules of Civil Procedure to dismiss

8   Mattel's Amended Answer and Counterclaims (the "Counterclaims") insofar as

9   they purport to assert claims against MGA Mexico.

10         2.      MGA Mexico does not conduct any business in the United

11  States.

12         3.      All of MGA Mexico's sales are made locally in Mexico to

13  Mexico-based customers.

14         4.      MGA Mexico does not have any customers located in the

15  United States, does not make any sales calls in the United States, and does not

16  accept or fill any orders in the United States.

17         5.      MGA Mexico buys its "Bratz" line of toys FOB Hong Kong

18  from MGA Entertainment (HK) Limited.

19         6.      All of the day to day operations of MGA Mexico are managed

20  locally in Mexico. For example, MGA Mexico's Finance Director, Sales Director

21  and Marketing Director are all based in Mexico and all of the marketing and

22  finance functions are handled in Mexico.

23         Executed on: February ___, 2007

24

25                                    SUSANA KUEMMERLE

26

27

28

EXHIBIT __12__

PAGE __180__          - 2 -          DECLARATION OF
                                     SUSANA KUEMMERLE

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 400 South Hope Street, Los Angeles, California 90071-2899.

On February 27, 2007, I caused to be personally served the following documents:

1. **MGAE DE MEXICO, S.R.L. DE C.V.'S NOTICE OF MOTION AND MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS;**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S JOINT MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS;**

3. **[PROPOSED] ORDER GRANTING MGAE DE MEXICO, S.R.L. DE C.V.'S MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS; and**

4. **DECLARATION OF SUSANA KUEMMERLE IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S JOINT MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS.**

upon counsel named below by placing a true and correct copy thereof in an envelope addressed as follows:

John Quinn, Esq.
Michael T. Zeller, Esq.
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 Figueroa Street, 10th Floor
Los Angeles, California 90017

☒ (By Personal Service) I prepared such envelope to be delivered by hand to the addressee(s) by Worldwide Network, Inc. Attorney Services, whose address is 350 South Figueroa Street, Suite 299, Los Angeles, California 90071.

EXHIBIT 2

PAGE 180

LA2:811267.1

1

☐    (State)  I declare under penalty of perjury under the laws of the State of

2        California that the above is true and correct.

3

☒    (Federal)  I declare under penalty of perjury pursuant to the laws of the United

4        States of America that the foregoing is true and correct.

        Executed on February 27, 2007, at Los Angeles, California.

5

6

7                                Mary C. Layman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF PERSONAL SERVICE

I am a citizen of the United States and employed in the County of Los Angeles, State of California, by Worldwide Network, Inc., whose address is 350 South Figueroa Street, Suite 299, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the within action. On February 27, 2007, I personally served the following:

1. **MGAE DE MEXICO, S.R.L. DE C.V.'S NOTICE OF MOTION AND MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS;**

2. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S JOINT MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS;**

3. **[PROPOSED] ORDER GRANTING MGAE DE MEXICO, S.R.L. DE C.V.'S MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS; and**

4. **DECLARATION OF SUSANA KUEMMERLE IN SUPPORT OF MGAE DE MEXICO, S.R.L. DE C.V.'S JOINT MOTION TO DISMISS MATTEL'S AMENDED ANSWER AND COUNTERCLAIMS.**

by delivering a copy thereof to the office of the following, and either handing the copy to or leaving it with the _____ of the office thereof:

### Service List

**John Quinn, Esq.**
**Michael T. Zeller, Esq.**
**QUINN EMANUEL URQUHART**
**OLIVER & HEDGES, LLP**
**865 Figueroa Street, 10th Floor**
**Los Angeles, California  90017**

EXHIBIT 12

PAGE 182

LA2:819850.1

1          I declare under penalty of perjury under the laws of the State of

2    California that the above is true and correct.  Executed on February 27, 2006, at

3    Los Angeles, California.

4

5          SIGNATURE:    _____

6          PRINTED NAME:   _____

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA2:819850.1

EXHIBIT 12

PAGE 183

**Exhibit 13**

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | NOTICE OF DEPOSITION OF PABLO VARGAS |
| Defendant. | Date:    January 24, 2008<br>Time:    9:00 a.m.<br>Place.:  Quinn Emanuel Urquhart<br>            Oliver & Hedges<br>            865 S. Figueroa St., 10th Floor<br>            Los Angeles, CA 90017 |
| AND CONSOLIDATED CASES | |
| | Phase 1<br>Discovery Cut-Off: January 28, 2008<br>Pre-Trial Conference: May 5, 2008<br>Trial Date:         May 27, 2008 |

07209/2348723.1

EXHIBIT 13

PAGE 184

NOTICE OF DEPOSITION OF PABLO VARGAS

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3   Pablo Vargas on January 24, 2008, beginning at 9:00 a.m., at the offices of Quinn

4   Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los

5   Angeles, CA 90017.

6   PLEASE TAKE FURTHER NOTICE that the deposition will take

7   place upon oral examination before a duly authorized notary public or other officer

8   authorized to administer oaths at depositions, and will continue from day to day,

9   Sundays, Saturdays and legal holidays excepted, until completed.

10   PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11   P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12   Livenote or other technology for real-time transcription of the testimony.

13

14   DATED:  January 10, 2008        QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
15

16                                   By _____

17                                   Jon D. Corey
                                     Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

07209/2348723.1

EXHIBIT 13          -2-
PAGE 185                   NOTICE OF DEPOSITION OF PABLO VARGAS

1

## PROOF OF SERVICE

2   I am employed in the County of Los Angeles, State of California. I am over

3   the age of eighteen years and not a party to the within action; my business address is

4   865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

5   On January 10, 2008, I served true copies of the following documents

6   described as: **NOTICE OF DEPOSITION OF PABLO VARGAS** on the parties

7   in this action as follows:

| Keker & Van Nest, LLP<br>  John W. Keker, Esq.<br>  Michael H. Page, Esq.<br>  Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | **Attorneys for** *Carter Bryant* |

13

14   [√]   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a

15   box or other facility regularly maintained by the overnight service carrier, or

16   delivered such document(s) to a courier or driver authorized by the overnight

17   service carrier to receive documents, in sealed envelope(s) or package(s)

18   designated by the overnight service carrier with delivery fees paid or provided

19   for, addressed to the person(s) being served.

20

21   I declare that I am employed in the office of a member of the bar of this court

22   at whose direction the service was made

23   Executed on January 10, 2008, at Los Angeles, California.

24

25

26   Kelly Velazquez

27

28

EXHIBIT __13__

PAGE __186__

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 10, 2008, I served true copies of the following documents described as:  **NOTICE OF DEPOSITION OF PABLO VARGAS** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>Facsimile:  213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>   Mark E. Overland, Esq.<br>   David C. Scheper, Esq.<br>   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>Facsimile:  213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]   [PERSONAL] by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

_David Quintana_ (signature)

David Quintana

EXHIBIT _13_

PAGE _187_

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
   | johnquinn@quinnemanuel.com
3 | Michael T. Zeller (Bar No. 196417)
   | (michaelzeller@quinnemanuel.com)
4 | Jon D. Corey (Bar No. 185066)
   | (joncorey@quinnemanuel.com)
5 | Timothy L. Alger (Bar No. 160303)
   | (timalger@quinnemanuel.com)
6 | 865 South Figueroa Street, 10th Floor
   | Los Angeles, California 90017-2543
7 | Telephone: (213) 443-3000
   | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | NOTICE OF DEPOSITION OF MARIANA TRUEBA |
| Defendant. | Date:    January 24, 2008 Time:   9:00 a.m. Place.: Quinn Emanuel Urquhart Oliver & Hedges 865 S. Figueroa St., 10th Floor Los Angeles, CA 90017 |
| AND CONSOLIDATED CASES | |
| | Phase 1 Discovery Cut-Off: January 28, 2008 Pre-Trial Conference: May 5, 2008 Trial Date:      May 27, 2008 |

07209/2348720.1

EXHIBIT 13

PAGE 188

NOTICE OF DEPOSITION OF MARIANA TRUEBA

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3   Mariana Trueba on January 24, 2008, beginning at 9:00 a.m., at the offices of Quinn

4   Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., 10th Floor, Los

5   Angeles, CA 90017.

6   PLEASE TAKE FURTHER NOTICE that the deposition will take

7   place upon oral examination before a duly authorized notary public or other officer

8   authorized to administer oaths at depositions, and will continue from day to day,

9   Sundays, Saturdays and legal holidays excepted, until completed.

10   PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11   P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

12   Livenote or other technology for real-time transcription of the testimony.

13

14   DATED:  January 10, 2008          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
15

16                              By
17                                   Jon D. Corey
                                     Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

07209/2348720.1

EXHIBIT __13__          -2-
                              NOTICE OF DEPOSITION OF MARIANA TRUEBA

PAGE __189__

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF MARIANA TRUEBA** on the parties in this action as follows:

| Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: 415.391.5400<br>Facsimile: 415.397.7188 | Attorneys for *Carter Bryant* |
|---|---|

[√]    **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in sealed envelope(s) or package(s) designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

Kelly Velazquez

EXHIBIT 13

PAGE 190

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles, California 90026.

On January 10, 2008, I served true copies of the following documents described as: **NOTICE OF DEPOSITION OF MARIANA TRUEBA** on the parties in this action as follows:

| | |
|---|---|
| Skadden, Arps, Slate, Meagher & Flom LLP<br>  Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Telephone: 213.687.5000<br>Facsimile: 213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| Overland Borenstein Scheper & Kim, LLP<br>  Mark E. Overland, Esq.<br>  David C. Scheper, Esq.<br>  Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>Los Angeles, CA 90071<br>Telephone: 213.613.4655<br>Facsimile: 213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |

[√]   **[PERSONAL]** by personally delivering the document listed above to the person(s) at the address(es) set forth above.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on January 10, 2008, at Los Angeles, California.

_____
David Quintana

EXHIBIT _13_

PAGE _191_

# Exhibit 14

**Christopher Price**

```
----- Original Message -----
From: Michael T Zeller
To: 'Paul.Eckles@skadden.com' <Paul.Eckles@skadden.com>; Jon Corey; John Quinn
Cc: 'Carl.Roth@skadden.com' <Carl.Roth@skadden.com>; 'Thomas.Nolan@skadden.com'
<Thomas.Nolan@skadden.com>; 'Douglas.Adler@skadden.com' <Douglas.Adler@skadden.com>;
'Marcus.Mumford@skadden.com' <Marcus.Mumford@skadden.com>;
'Robert.Herrington@skadden.com' <Robert.Herrington@skadden.com>; 'Amy.Park@skadden.com'
<Amy.Park@skadden.com>; 'Timothy.Miller@skadden.com' <Timothy.Miller@skadden.com>;
'Kenneth.Plevan@skadden.com' <Kenneth.Plevan@skadden.com>; 'Jose.Allen@skadden.com'
<Jose.Allen@skadden.com>; 'Raoul.Kennedy@skadden.com' <Raoul.Kennedy@skadden.com>;
'MPage@KVN.com' <MPage@KVN.com>; 'CAnderson@KVN.com' <CAnderson@KVN.com>
Sent: Sun Jan 13 16:29:30 2008
Subject: Re: Mattel Depositions
```

Ok, that helps clarify. But do you know who of your people we've asked for in Jan are
available?

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering

1

EXHIBIT 14

PAGE 192

it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


----- Original Message -----
From: Eckles, Paul M <Paul.Eckles@skadden.com>
To: Michael T Zeller; Jon Corey; John Quinn
Cc: Roth, Carl A (LAC) <Carl.Roth@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Adler, Douglas B (LAC) <Douglas.Adler@skadden.com>; Mumford, Marcus R (LAC) <Marcus.Mumford@skadden.com>; Herrington, Robert J (LAC) <Robert.Herrington@skadden.com>; Park, Amy S (PAL) <Amy.Park@skadden.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>; Plevan, Kenneth A (NYC) <Kenneth.Plevan@skadden.com>; Allen, Jose R (SFC) <Jose.Allen@skadden.com>; Kennedy, Raoul D (SFC) <Raoul.Kennedy@skadden.com>; MPage@KVN.com <MPage@KVN.com>; CAnderson@KVN.com <CAnderson@KVN.com>
Sent: Sun Jan 13 16:27:16 2008
Subject: RE: Mattel Depositions

No.  Our proposal is that each side would get 20 deposition days in January.  I indicated in my email how we would likely use our 20 days.  I didn't list any depositions of MGA witnesses, because we wouldn't presume to know how you would like to use your 20 deposition days.


---

From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Sunday, January 13, 2008 7:18 PM
To: Eckles, Paul M (NYC); Jon Corey; John Quinn
Cc: Roth, Carl A (LAC); Nolan, Thomas J (LAC); Adler, Douglas B (LAC); Mumford, Marcus R (LAC); Herrington, Robert J (LAC); Park, Amy S (PAL); Miller, Timothy A (SFC); Plevan, Kenneth A (NYC); Allen, Jose R (SFC); Kennedy, Raoul D (SFC); MPage@KVN.com; CAnderson@KVN.com
Subject: Re: Mattel Depositions


Am I correct that you are not contemplating any deps of MGA people?

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


----- Original Message -----
From: Eckles, Paul M <Paul.Eckles@skadden.com>
To: Michael T Zeller; Jon Corey; John Quinn
Cc: Roth, Carl A (LAC) <Carl.Roth@skadden.com>; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Adler, Douglas B (LAC) <Douglas.Adler@skadden.com>; Mumford,

2

EXHIBIT 14

PAGE 193

Marcus R (LAC) <Marcus.Mumford@skadden.com>; Herrington, Robert J (LAC)
<Robert.Herrington@skadden.com>; Park, Amy S (PAL) <Amy.Park@skadden.com>; Miller, Timothy
A (SFC) <Timothy.Miller@skadden.com>; Plevan, Kenneth A (NYC)
<Kenneth.Plevan@skadden.com>; Allen, Jose R (SFC) <Jose.Allen@skadden.com>; Kennedy, Raoul
D (SFC) <Raoul.Kennedy@skadden.com>; mpage@kvn.com <mpage@kvn.com>; Christa Anderson
<CAnderson@KVN.com>
Sent: Sun Jan 13 15:38:34 2008
Subject: RE: Mattel Depositions


Mike: We've reviewed your proposed lists. We can discuss on our call
this evening, but I think we have a basic difference of opinion as to
what Judge Larson envisioned in his order, and the timing necessitated
by expert report deadlines. In any event, here is our proposal:

January Bucket

20 deposition days (i.e., up to 7 hours = 1 depo) on each side
(including either party or third-party depositions). Our 20 would
include Fontenella, Ross, Eckert, Patel, Bousquette, Martinez, Simoneau,
Farr, Kilpin, Kyaw, Newcomb, Tafoya, Rhee, Gomez, Hoi Hoffman, Viohl,
and 30b6 topics recently ordered by Judge Infante. These depositions
obviously would have to be multi-tracked.


Post January 28 Bucket

Any further testimony ordered by Judge Infante at the February hearings
and perhaps a few of the 20 designated by either side who are not
available in January, but no more than 4 depositions on each side.

Bucket 3

Any remaining Phase II depositions. On our side, that would include
Milt Zablow, Jerry Cleary, Erika Ashberg, Thomas Debrowski, Margo
Eldridge, Andres Olvarrieta, Chuck Scothon, Neil Friedman, Mark Spencer,
Timothy Lider, Rebecca Arrobio, Bruce Stein, Ron Montalto, Sal
Villasenor, Maria Carmen Mendez, Donald Moon, John Handy, MGA's 30b6
topics on Phase II issues.

----- Original Message -----
From: Michael T Zeller <michaelzeller@quinnemanuel.com>
To: Nolan, Thomas J (LAC); Roth, Carl A (LAC); Michael Page
<MPage@KVN.com>; Christa Anderson <CAnderson@KVN.com>
Cc: John Quinn <johnquinn@quinnemanuel.com>; Jon Corey
<joncorey@quinnemanuel.com>
Sent: Sun Jan 13 03:30:20 2008
Subject: Depositions

Below you will find a first pass at our attempt to prioritize the
depositions within the general framework we discussed today. I am
sending this now for a discussion piece, so we reserve the right to
modify our suggested approach or the details associated with it. Also,
we are continuing to go through the 30(b)(6) notices to see what might
be agreeable on that front and will follow up with suggestions on
dealing with specific suggested topics before our 5 pm call. I don't
believe I've seen MGA's prioritization, but I look forward to receiving
it soon.


Bucket 1 January


Adrienne Fontenella -- scheduled for 1/16

3

EXHIBIT 14

PAGE 194

Ivy Ross -- scheduled for 1/17

Robert Eckert -- scheduled for 1/28

Carter Bryant -- scheduled for 1/23-24

Jean Gomez - dates pending 1/28 subpoena (can she change date) -- any day except 28th

Farhad Larian -- his counsel had proposed 1/29, which we can do

Sam Khare (30(b)(6) designee) -- need mutually agreeable date

Rachel Harris (or alternative 30(b)(6) designee) -- need date

Maria Salazar

Mel Woods

Kickapoo High School

Peter Marlow

Gustavo Machado

Tina Patel

Bucket 2 February

Bousquette

Sheila Kyaw

Hoi Hoffman

4

EXHIBIT 14
PAGE 195

Tim Kilpin

Evelyn Viohl -- she is on maternity leave and due this month;
expectation is that she might be available by late February but we
cannot be sure until after she has her baby

Lily Martinez

Sarah Halpern

Jesse Ramirez

Stephen Lee

Cecilia Kwok

Sandra Bilotto

Anne Wang

David Rosenbaum

Christensen Glaser LLP

Lucy Arant

Mitchell Kamarck

Carol Witschell

Nana Ashong

Larry McFarland

5

EXHIBIT 14

PAGE 196

Eric Yip

Gentle Giant Studios

Christopher Palmeri

Jeff Weiss

LA Focus

Joyce Ng

Rachel Harris

Andreas Koch

Kami Gillmour

Mercedeh Ward

Moss Adams

Wachovia Bank

Amy Myers

Ron Brawer

Janine Brisbois

Mariana Trueba

Pablo Vargas

6

EXHIBIT __14__

PAGE __197__

Ricardo Abundis

Jorge Castilla

Nic Contreras

Dan Cooney

Susan Kuemmerle

Shirin Salemnia

MGAE de Mexico (except Topics to be identified)

MGA Entertainment, Inc. (except Topics to be identified)

Bucket 3 Post-February

Kevin Farr

MGAE de Mexico (Topics TBD)

MGA Entertainment, Inc. (Topics TBD)

Mattel (Topics TBD)

Unknown until we can get more information about their schedules

Theresa Newcomb

Maureen Tofoya

EXHIBIT 14
PAGE 198

---------------------------------------------------------------------------
*****************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless
otherwise expressly indicated, any federal tax advice contained in this message was not
intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-
related penalties under the Internal Revenue Code or applicable state or local tax law
provisions or (ii) promoting, marketing or recommending to another party any tax-related
matters addressed herein.
*****************************************************
*****************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named
herein and may contain legally privileged and/or confidential information. If you are not
the intended recipient of this email, you are hereby notified any dissemination,
distribution or copying of this email, and any attachments thereto, is strictly
prohibited. If you receive this email in error please immediately notify me at (212)
735-3000 and permanently delete the original copy and any copy of any email, and any
printout thereof.

Further information about the firm, a list of the Partners and their professional
qualifications will be provided upon request.
*****************************************************
=====================================================================

---------------------------------------------------------------------------
***************************************************** To ensure compliance with Treasury
Department regulations, we advise you that, unless otherwise expressly indicated, any
federal tax advice contained in this message was not intended or written to be used, and
cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal
Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing
or recommending to another party any tax-related matters addressed herein.
*****************************************************
***************************************************** This email and any attachments
thereto, is intended only for use by the addressee(s) named herein and may contain legally
privileged and/or confidential information. If you are not the intended recipient of this
email, you are hereby notified any dissemination, distribution or copying of this email,
and any attachments thereto, is strictly prohibited. If you receive this email in error
please immediately notify me at (212) 735-3000 and permanently delete the original copy
and any copy of any email, and any printout thereof. Further information about the firm, a
list of the Partners and their professional qualifications will be provided upon request.
*****************************************************
=====================================================================

EXHIBIT 14

PAGE 199

# Exhibit 15

**Christopher Price**

```
----- Original Message -----
From: Michael T Zeller
To: 'Paul.Eckles@skadden.com' <Paul.Eckles@skadden.com>; 'Thomas.Nolan@skadden.com'
<Thomas.Nolan@skadden.com>; 'Carl.Roth@skadden.com' <Carl.Roth@skadden.com>; Timothy
Alger; 'CAnderson@KVN.com' <CAnderson@KVN.com>; 'MPage@KVN.com' <MPage@KVN.com>;
'Timothy.Miller@skadden.com' <Timothy.Miller@skadden.com>
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John
Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett;
'Douglas.Adler@skadden.com' <Douglas.Adler@skadden.com>
Sent: Fri Jan 18 08:48:50 2008
Subject: Re: Depositions
```

I wll respond to this later, buit in the interim, please provide us today with a list of
each current or former employee, officer or director of MGA, MGAE de Mexico and MGA Hong
Kong who you or MGA's other counsel purport to represent.  Should you fail to do so, we
will be proceeding to contact any person who you have failed to specifically identify.  We
also will file a motion with Judge Larson for MGA's latest obstructionism.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the

1

EXHIBIT 15

PAGE 200

reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

----- Original Message -----
From: Eckles, Paul M <Paul.Eckles@skadden.com>
To: Michael T Zeller; Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Roth, Carl A (LAC) <Carl.Roth@skadden.com>; Timothy Alger; CAnderson@KVN.com <CAnderson@KVN.com>; MPage@KVN.com <MPage@KVN.com>; Miller, Timothy A (SFC) <Timothy.Miller@skadden.com>
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; Adler, Douglas B (LAC) <Douglas.Adler@skadden.com>
Sent: Fri Jan 18 08:38:00 2008
Subject: RE: Depositions

Mike:  You have your facts wrong.

1.  As to Mr. Brawer, he was not the subject of any pending deposition notice.  To the contrary, he was listed among those in your motion that you sought leave to depose.  He lives and works overseas and is not even employed by either of the defendants (he works for MGA Europe).  If you would like to depose him, he will be available in London on January 28.  Please confirm that you will be going forward with the deposition.

2.  As to Mr. Vargas and Ms. Trueba, we never said they were terminated.  We said that they are not officers, directors, or managing agents of MGA, and we are not authorized to accept service of a subpoena on their behalf.  That is no different than the position Quinn Emanuel has taken with respect to certain witnesses.  Indeed, you emphasized the need to subpoena employees at the recent hearing in front of Judge Larson.  You should also be aware that Mr. Vargas and Ms. Trueba are represented by separate counsel in Mexico.  As to your suggestion that you would contact any and all MGA employees, we strongly suggest that you review the applicable ethical rules.

3.  We are still waiting for deposition dates for some of your witnesses.  Judge Infante ordered the deposition of your 30b6 designees to occur by January 28th.  We are still waiting for dates.  We are also still waiting for a date for Mr. Simoneau.

From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Thursday, January 17, 2008 8:42 PM
To: Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Roth, Carl A (LAC); Timothy Alger; CAnderson@KVN.com; MPage@KVN.com; Miller, Timothy A (SFC)
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; Adler, Douglas B (LAC)
Subject: RE: Depositions

Paul, at the outset, Tonnu, Harris and Khare are not the issue with respect to MGA's non-compliance with the January 7 Order.  They were separately compelled.  Furthermore, the most recent dates for each of them were not just "offered" after multiple cancellations.  We accepted them and expect them to go forward.

This is the first time that MGA has offered dates for any of the MGA personnel required to be produced under the January 7 Order.  We will get back to you shortly on whether the dates for Contreras, Rosenbaum and Cooney are acceptable.  It is not acceptable, however, for MGA to produce Brawer in London.  We expect him to be produced here.  When we noticed Brawer long ago, he was still in the U.S.  MGA could have and should have produced him then.  That MGA chose to send him out of the country was MGA's choice and is no excuse for not producing him here.  Please confirm that Brawer will be produced here on 28th.

Finally, as you know, we disagree with defendants' refusals to produce its officers, directors and managing agents such as Vargas and Trueba.  I asked you for any information to substantiate their alleged termination and the dates on which such terminations occurred.  You have failed to do so, and we accordingly will be bringing MGA's violations

2

EXHIBIT 15

PAGE 201

of the Court's Order to its attention.  Since you have told us they are not represented by
MGA's counsel, I also assume that MGA has no objection to us -- or anyone else --
contacting directly any and all current and former MGA employees, including those who are
the subject of the January 7 Order, on any matter, including the trade secret thefts and
other matters that are the subject of this suit.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct:  (213) 443-3180
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  michaelzeller@quinnemanuel.com <mailto:michaelzeller@quinnemanuel.com>


The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.



---

From: Eckles, Paul M [mailto:Paul.Eckles@skadden.com]
Sent: Thursday, January 17, 2008 5:00 PM
To: Michael T Zeller; Nolan, Thomas J (LAC); Roth, Carl A (LAC); Timothy Alger;
CAnderson@KVN.com; MPage@KVN.com; Miller, Timothy A (SFC)
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John
Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; Adler, Douglas B (LAC)
Subject: RE: Depositions


Mike:  Here are some more dates:

Nic Contreras - 1/24
David Rosenbaum - 1/25
Dan Cooney - 1/28 (in NJ)
Ron Brawer - 1/28 (in London)


---

From: Eckles, Paul M (NYC)
Sent: Wednesday, January 16, 2008 8:04 PM
To: 'Michael T Zeller'; Nolan, Thomas J (LAC); Roth, Carl A (LAC); Timothy Alger;
CAnderson@KVN.com; MPage@KVN.com; Miller, Timothy A (SFC)
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John
Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett; Adler, Douglas B (LAC)
Subject: RE: Depositions


Mike:  We've offered dates for Susan Kuemmerle and 30(b)(6) witnesses Rebecca Harris and
Sam Khare.  We are working on finding dates for Ron Brawer (who is out of the country) and
Nic Contreras in January.  We should have dates for Mr. Brawer and Mr. Contreras by the
close of business tomorrow.  Thank you for your patience.  With respect to the other
witnesses you reference in your email (Pablo Vargas, Mariana Trueba, and Sharin Salemnia),
as we previously told you, they are not officers, directors, or managing agents of MGA,
and we are not authorized to accept service of a subpoena on their behalf.  As to your
witnesses, we are still waiting for your 30b6 designees on the topics as to which Judge
Infante granted our motion to compel.

EXHIBIT 15

PAGE 202

From: Michael T Zeller [mailto:michaelzeller@quinnemanuel.com]
Sent: Wednesday, January 16, 2008 2:15 PM
To: Eckles, Paul M (NYC); Nolan, Thomas J (LAC); Roth, Carl A (LAC); Timothy Alger;
CAnderson@KVN.com; MPage@KVN.com; Miller, Timothy A (SFC)
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; David Quinto; John
Gordon; Christopher Tayback; Dominic Surprenant; Fred Bennett
Subject: Re: Depositions


Paul, as you know, MGA has failed to provide dates for any of its people who are the
subject of Judge Larson's Order. When will they be provided?  We have been asking
defendants for dates since the order came out and were promised dates on the Sun call and
then the Mon call, but still don't have them.  Also, in light of the fact that all of the
Mattel deps have been offered for Jan (except for Viohl, who is abut to give birth), and
in light of MGA's unreasonable refusal to stipulate to Feb depositions (except on terms
that are all downside on Mattel and virtually all upside for MGA), as I said over the
phone we expect all of the dates for MGA's people and its 30b6 designees to be Jan dates
as required.  These include without limitation for Ron Brawer, Pablo Vargas, Mariana
Trueba, Sharin Salemnia and Nic Contreras.  Should we not receive the dates for the
witnesses who are the subject of Judge Larson's order immediately, we will be filing a
motion with the court to enforce, to compel and for sanctions.  Please also consider this
a request to meet and confer in advance of such a motion.  I look forward to hearing from
you.

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:   www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.


----- Original Message -----
From: Michael T Zeller
To: 'Paul.Eckles@skadden.com' <Paul.Eckles@skadden.com>; 'tnolan@skadden.com'
<tnolan@skadden.com>; 'CROTH@skadden.com' <CROTH@skadden.com>; Timothy Alger;
'CAnderson@KVN.com' <CAnderson@KVN.com>; 'MPage@KVN.com' <MPage@KVN.com>
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; Timothy Alger
Sent: Tue Jan 15 08:43:17 2008
Subject: Re: Depositions

Here are additional deposition dates:

Jean Gomez - 1/24
Tim Kilpin - 1/25

Also, please be aware that any emails sent to me between midnight and 8 this morning have
been hung up somewhere due to the migration of my Outlook. Please have your team members
resend any emails sent during that period. Thanks.

4

EXHIBIT ___15___

PAGE ___203___

Michael Zeller
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 3rd Floor
Los Angeles, CA   90017

Direct:  (213) 443-3180
Main Phone:  (213) 443-3000
Main Fax:  (213) 443-3100

E-mail:  michaelzeller@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and
confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the
reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document
in error and that any review, dissemination, distribution, or copying of this message is
strictly prohibited.  If you have received this communication in error, please notify us
immediately by e-mail, and delete the original message.

----- Original Message -----
From: Michael T Zeller
To: Michael T Zeller; 'Eckles, Paul M (NYC)' <Paul.Eckles@skadden.com>;
'tnolan@skadden.com' <tnolan@skadden.com>; 'Carl Roth' <croth@skadden.com>; Timothy Alger;
'Christa Anderson' <CAnderson@KVN.com>; 'Michael Page' <MPage@KVN.com>
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn; Diane Hutnyan
Sent: Mon Jan 14 23:46:37 2008
Subject: RE: Depositions

Further to our Monday evening call, please be advised that the following witnesses are
available for deposition on the dates below:

Milt Zablow (in NY) - 1/25
Maureen Tafoya - 1/28
Teresa Newcomb - 1/23
Sheila Kyaw - 1/24
Hoi Hoffman - 1/21
Kevin Farr - 1/28 (though as I mentioned, this is tentative because he was out of the
office today and we will need to confirm)

Please confirm promptly that you will be taking the depositions on these dates.  I am
close to finalizing January dates for Jean Gomez and Tim Kilpin, but may have to send
those in the morning if I cannot complete figuring out the schedule before Outlook goes
down for me in the next 15 minutes or so.  Thanks, and please let me know if you have any
questions.

---

From: Michael T Zeller
Sent: Monday, January 14, 2008 11:37 PM
To: 'Eckles, Paul M (NYC)'; 'tnolan@skadden.com'; 'Carl Roth'; Timothy Alger; 'Christa
Anderson'; 'Michael Page'
Cc: Jon Corey; Dylan Proctor; Scott Kidman; Diane Hutnyan; John Quinn
Subject: Depositions

In discussing the depositions that have already been scheduled for this month during our
call, I realized that I may not have mentioned the deposition of Dave Malacrida, which I
understand is set and confirmed for 1/25.

Also, I am in the midst of preparing the email with our proposed dates for the Mattel
witnesses who are the subject of Judge Larson's Order.  I may not be able to finalize the
dates and send the email before Outlook goes down for me tonight; my emails are being
migrated to an upgraded system, which will probably start at around midnight and go into
early tomorrow morning.  If that happens, I will send the email the first thing in the

EXHIBIT _15_

PAGE _204_

morning once my service is restored.  Thanks for your understanding in advance.

------------------------------------------------------------------------
**************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
*************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
================================================================

------------------------------------------------------------------------
**************************************************** To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
*************************************************** This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
================================================================

EXHIBIT 15

PAGE 205

**Exhibit 16**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5      (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12   CARTER BRYANT, an              CASE NO. CV 04-9049 SGL (RNBx)
     individual,
13                                   Consolidated with
              Plaintiff,             Case No. CV 04-09059
14                                   Case No. CV 05-02727
         vs.
15                                   Hon. Stephen G. Larson
     MATTEL, INC., a Delaware
16   corporation,                    MATTEL, INC.'S *EX PARTE* APPLICATION:
                                     (1) TO COMPEL DEPOSITIONS OF DAPHNE
17            Defendant.             GRONICH, JOE TIONGCO, MARIANA
                                     TRUEBA, PABLO VARGAS, MGA
18   _____         ENTERTAINMENT, INC. (PURSUANT TO
     AND CONSOLIDATED                RULE 30(B)(6), AND MGAE DE MEXICO
19   ACTIONS                         (PURSUANT TO 30(B)(6) AND (2) FOR
                                     LEAVE TO TAKE DEPOSITIONS IN
20                                   FEBRUARY 2008; OR, IN THE
                                     ALTERNATIVE, FOR AN ORDER
21                                   SHORTENING TIME TO HEAR A MOTION
                                     SEEKING THE FOREGOING RELIEF; AND
22
                                     MEMORANDUM OF POINTS AND
23                                   AUTHORITIES IN SUPPORT THEREOF

24                                   Hearing Date: N/A
                                     Time: N/A
25                                   Courtroom: N/A

26                                   [Declarations of Jon D. Corey, Timothy Alger,

27                                   EXHIBIT __16__

28                                   PAGE __206__
     _____
07209/2362187.4
         MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

1    Scott B. Kidman, Brian Shore, Rudy Flores, Don
     Wallace, Miguel Leyva, Ryan Jarez, Kenneth
2    Wright, and Christopher E. Price filed
     concurrently]

3    **Phase 1:**
4    Discovery Cut-off:       January 28, 2008
     Pre-trial Conference:    May 5, 2008
5    Trial Date:              May 27, 2008

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    EXHIBIT __16__

28                                    PAGE __207__

1         Mattel, Inc. ("Mattel") will, and hereby does, respectfully apply

2  *ex parte*, pursuant to <u>Local Rule</u> 7-19 and <u>Fed. R. Civ. P.</u> 37, for an order

3  (1) granting Mattel leave to take the depositions of witnesses whose testimony is

4  relevant to Phase 2 issues on or before February 29, 2008, and (2)  compelling Joe

5  Tiongco, Daphne Gronich, Mariana Trueba, Pablo Vargas, MGA

6  Entertainment, Inc., and MGAE de Mexico, to appear for deposition on or before

7  February 29, 2008; or, in the alternative, for an order shortening time to hear a

8  motion seeking such relief.  Mattel brings this motion before this Court, and not

9  before the Discovery Master, because Mattel is seeking to compel compliance with

10  this Court's January 7, 2008 Order granting leave to depose certain witnesses.[1]

11         This application is made on the grounds that--as the Court has already

12  recognized--the witnesses have crucial knowledge concerning the parties' claims

13  and the depositions can be conducted in February without affecting the Court's

14  pretrial schedule for Phase 1 of the trial, set to commence May 27, 2008.  Additional

15  time is required to conduct this discovery because the MGA parties frustrated

16  Mattel's ability to subpoena certain of MGA's employees, moved to quash

17  deposition subpoenas directed to other witnesses, refused to produce two properly

18  subpoenaed witnesses for deposition, and failed or refused to stipulate to allow third

19  parties who could not appear for deposition on or before January 28, 2008, to appear

20  thereafter.  Mattel would be severely prejudiced if this matter were heard according

21  to regularly noticed motion procedures because it would not be able to complete

22  discovery to which it is indisputably entitled.

23         The parties have met and conferred regarding these issues and have

24  been unable to resolve their differences.[2]

25

---

26  [1]  The Order explained that the Court seeks to resolve the parties' deposition issues "in the most expeditious manner possible."

27  [2]  Declaration of Jon D. Corey ("Corey Dec."), ¶¶ 5, 7, 9-13, 17, 20, 24; Exhs. 4, 5, 8, 9, 10, 15, 21, 23 to the Corey Dec.  All exhibits are to the Corey Dec. unless otherwise stated.  Declaration of Christopher E. Price ("Price Dec."), ¶¶ 10-11.

28

EXHIBIT **16**

PAGE **208**

3

MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

07209/2362187.4

1       This application is based on this Application, the accompanying
2   Memorandum of Points and Authorities, the concurrently filed declarations of
3   Jon D. Corey, Timothy Alger, Scott Kidman, Christopher E. Price, Brian Shore,
4   Rudy Flores, Don Wallace, Miguel Leyva, Ryan Jarez, Kenneth Wright, and Fred
5   Lowe and all pleadings and papers on file with the Court in this action.

6       Pursuant to Local Rule 7-19.1, counsel for Mattel gave notice of this
7   application to counsel for all other parties and the witnesses via telephone and letter
8   on January 27, 2008.

9       Counsel for Carter Bryant is Michael Page of Keker & Van Nest, LLP
10      (telephone: 415-391-5400; address:  710 Sansome Street, San
11      Francisco, CA 94111).  Mr. Bryant opposes the ex parte application.

12

13      Counsel for MGA Entertainment, Inc., MGA Entertainment (HK) Ltd.,
14      MGAE de Mexico and Isaac Larian is Thomas J. Nolan of Skadden,
15      Arps, Slate, Meagher & Flom LLP (telephone: 213-687-5000; address:
16      300 S. Grand Ave., Los Angeles, CA 90071).  The MGA defendants
17      oppose the ex parte application.

18

19      Counsel for Gustavo Machado Gomez is Alexander Cote of Overland
20      Borenstein Scheper & Kim, LLP (telephone: 213-613-4655; address:
21      300 South Grand Avenue, Suite 2750, Los Angeles, CA 90071).

22

23      Larry McFarland of Keats McFarland & Wilson LLP was also provided
24      notice of this application by e-mail and letter  (telephone:  310-248-
25      3830; address:  9720 Wilshire Boulevard, Penthouse Suite, Beverly
26      Hills, California 90212).

27

28

EXHIBIT **16**

PAGE **209**

4

MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

1    Each of the foregoing was notified of this application.  Counsel for

2  MGA and Carter Bryant stated that their clients opposed the application, but did not

3  state whether they wished to be heard.  Mattel does not have knowledge of the

4  positions of Mr. Machado or Mr. McFarland with respect to it.

5

6  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
7

8                                     By  /s/  Jon D. Corey
9                                         Jon D. Corey
                                          Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2362187.4

EXHIBIT **16**

PAGE **210**

5

MATTEL'S EX PARTE APPLICATION TO COMPEL AND FOR LEAVE

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF FACTS ........................................................................ 2

ARGUMENT ......................................................................................... 5

I.    MATTEL SHOULD BE GRANTED LEAVE TO TAKE CERTAIN
DEPOSITIONS IN FEBRUARY ........................................................ 5

    A.    Several Witnesses Stated that They Could Not Appear Until
After the Discovery Cutoff Date................................................. 5

    B.    Despite Mattel's Diligent Efforts, Some Important Witnesses
Have Not Yet Been Served ......................................................... 6

    C.    Mattel Has Moved to Obtain a Letter Rogatory to Take the
Deposition of MGA Employee Jeanine Brisbois............................ 9

    D.    Mattel Needs Additional Time to Serve Other Foreign Witnesses ........ 9

    E.    Mattel Has Moved to Compel the Deposition of Carlos Gustavo
Machado Gomez ....................................................................... 9

II.    THE COURT SHOULD COMPEL THE DEPOSITIONS OF JOE
TIONGCO, DAPHNE GRONICH, MARIANA TRUEBA, PABLO
VARGAS, MGA AND MGAE DE MEXICO 30(B)(6) WITNESSES
IN FEBRUARY. ........................................................................... 11

CONCLUSION........................................................................................ 14

EXHIBIT **16**

PAGE **211**

07209/2362187.4

1

## TABLE OF AUTHORITIES

2                                                                          **Page**

3
### Cases
4

Founding Church of Scientology of Washington, D.C. v. Webster,
5     802 F.2d 1448 (D.C. Cir. 1986) ............................................................ 13

6 In re Honda American Motor Co.,
7     168 F.R.D. 535 (D. Md. 1996) ............................................................ 13

Reed Paper Co. v. Procter & Gamble Distributing Co.,
8     144 F.R.D. 2 (D. Me. 1992) ............................................................. 12

9 Rubio v. General Tire and Rubber Co.,
     18 F.R.D. 51 (S.D.N.Y. 1955)............................................................. 12
10

Sugarhill Records Ltd. v. Motown Record Corp.,
11    105 F.R.D. 166 (S.D.N.Y. 1985)......................................................... 13

12
### Statutes
13

Fed. R. Civ. P.
14   Rule 26(a)(1) ................................................................................... 6
    Rule 30.............................................................................................. 12
15   Rule 30(b)(6) .............................................................................. 2, 13

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 16

PAGE 212

-ii-

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel makes this application because MGA has frustrated and obstructed Mattel's efforts to take the depositions that the Court allowed in its January 7, 2008 Order. On January 7, 2008, the Court granted Mattel leave to take over 40 specifically identified depositions beyond the 24 permitted in the Scheduling Order. But they had to be taken by January 28, 2008.

So far this month, Mattel has taken and defended over 30 days of deposition. Because Mattel was prevented from completing the depositions of persons who were either properly subpoenaed or who are subject to the Court's January 7 order, Mattel seeks leave to depose all such persons during February 2008. The depositions that Mattel now seeks to conduct in February will not interfere with the Court's Phase 1 schedule.

The depositions that the Court ordered, but that Mattel could not complete before January 28, 2008, fall into three categories:

1) Properly served third-parties who were not available before January 28, and as to whom MGA refused to stipulate to taking their depositions in February; including without limitation, Joyce Ng, Rachel Harris, Andrea Koch, Gentle Giant Studios, Amy Myers, Christensen Glaser, and Kami Gilmour;

2) Witnesses subject to the January 7 Order, including Larry McFarland (who is himself counsel for some witnesses), who appear to be avoiding service. Despite Mattel's diligent efforts, they have not been served. MGA forced Mattel to serve other witnesses although MGA represented in its disclosures that they could be contacted through MGA's counsel, but then refused to accept service on their behalf and withheld the witnesses' contact information; and,

EXHIBIT __16__

PAGE __213__

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1        3)  Witnesses whose deposition notices and subpoenas MGA has asked

2  Judge Infante to quash, including the following deponents subject to the

3  January 7 Order:  Daphne Gronich, Joe Tiongco, Wachovia Corporation,

4  Moss Adams, MGA (pursuant to Rule 30(b)(6)), and MGAE de Mexico

5  (pursuant to Rule 30(b)(6)).

6        Accordingly, Mattel seeks to compel the attendance Daphne Gronich,

7  Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, and MGAE de

8  Mexico and seeks leave to depose on or before February 29, 2008 all witnesses

9  already served with subpoenas or subject to the Court's January 7, 2008 Order

10  whose testimony is relevant to Phase 2 issues.

11

12                  **Statement of Facts**

13

14    <u>The Court Grants Leave to Take Additional Depositions</u>.  On

15  November 19, 2007, Mattel moved for leave to take additional discovery.  On

16  January 7, 2008, the Court issued an Order Granting in Part and Denying in Part

17  Mattel's Motion for Leave to Take Additional Discovery.  The Court concluded that

18  "Mattel has shown good cause to grant additional discovery given the complexity of

19  this case, the number of parties, recent developments related to the substitution of

20  counsel, the concerns regarding retention and spoliation of evidence, and the delay

21  in receiving paper discovery caused by numerous discovery requests and a Court-

22  imposed stay requested by MGA upon substitution of counsel."[3]  As a result, the

23  Court granted Mattel leave to take the depositions of all the witnesses identified in

24  Mattel's motion.[4]  The Court denied Mattel's motion only to the extent that Mattel

25  sought to conduct a further deposition of Carter Bryant.[5]

26

27  [3] Exh. 3, at 2-3 [January 7, 2008 Order] to the Declaration of Jon D. Corey ("Corey Dec."). All exhibits are attached to the Corey Dec. unless otherwise stated.

28  [4] <u>Id.</u>, at 2-3.
    [5] <u>Id.</u>

EXHIBIT __16__

PAGE __214__

07209/2362187.4

1    The Order compelled counsel to "coordinate their schedules with those

2  of the deponents" and further required that the depositions be held by January 28,

3  2008.[6]  Since the date of the Order, the parties have taken or defended over 30

4  depositions.  Evidently anticipating that some witnesses might not find it convenient

5  to be deposed prior to January 28 and that the parties might have difficulty

6  scheduling such a large number of depositions to occur by then, the Court created an

7  exception:

8          [I]n light of the additional discovery permitted by this
           Order, and to the extent that counsel for the parties who
9          are asserting or defending against claims to be tried in
           Phase 2 of the trial are in agreement, the Court will
10         consider a stipulation of those parties that designates
           certain  Depositions as "Phase 2" depositions that may be
11         conducted during the month of February, if counsel can
           assure the Court that such depositions can be so conducted
12         without altering the Court's pretrial schedule regarding
           Phase 1.

13

14    <u>Mattel's Efforts to Serve the Additional Witnesses</u>.  After Mattel

15  received the January 7, 2008 Order, it immediately began working to serve notices

16  and subpoenas on the relevant witnesses.  MGA hampered those efforts.  MGA

17  refused to accept service subpoenas or notices on behalf of many employees, even

18  claiming that its vice-presidents, directors, and managers were not officers, directors

19  or managing agents and thus needed to be served with subpoenas.  MGA did so even

20  though its disclosures stated that these same witnesses "may be contacted through

21  MGA's counsel of record."[7]  Those witnesses included Shirin Salemnia, Mariana

22  Trueba, Janine Brisbois, and Pablo Vargas.[8]  Based on MGA's supplemental

23  disclosures and the positions of the witnesses with MGA, Mattel served notices of

24

25

26

27  [6]  <u>Id.</u>, at 5.

[7]  Corey Dec., ¶ 5; Exh. 6 [MGA's Supplemental Initial Disclosures].

28  [8]  Exh. 6 [MGA's Supplemental Initial Disclosures].

EXHIBIT ___16___

PAGE ___2/5___

3

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1  deposition.[9]  However, with some exceptions MGA refused to accept service of
2  deposition subpoenas or notices on their behalf.[10]

3          Not only was Mattel forced to find addresses -- some previously
4  withheld by MGA on the grounds that MGA was the proper point of contact -- for
5  over 20 witnesses, but working under a compressed schedule it had to attempt to
6  personally serve subpoenas on over 30 witnesses across the country.  Various of the
7  witnesses, despite numerous attempts to serve them, have not yet been served.[11]

8          <u>Mattel Has Already Deposed Many of the Witnesses Subject to the</u>
9  <u>January 7 Order</u>.  Despite the challenges posted by the compressed schedule Mattel
10 has deposed many of the witnesses the Court granted it leave to conduct in its
11 January 7, 2008 Order, including, Margaret Leahy, Veronica Marlow, Elise
12 Cloonan, Jesse Ramirez, Jeane Galvano, Susan A. Kuemmerle, Nana Ashong,
13 Kickapoo High School, Anne Wang, David Rosenbaum, Mitchell Kamarck, LA
14 Focus, Nic Contreras, and Dan Cooney.

15         At the same time, Mattel has cooperated fully with MGA in producing
16 Mattel witnesses for deposition.  With but one exception, Mattel has produced all
17 witnesses MGA has sought.  The only exception is Evelyn Viohl, who gave birth
18 last week.

19
20
21
22
23
24
25
26  [9]  Exhs. T through Y to the Price Dec.; Exhs. 16 and 17 to the Corey Dec.
27  [10] Corey Dec., ¶ 5; Exhs. 4 and 5.
    [11] Price Decl., ¶¶ 2, 16; Declarations of Brian Shore, Rudy Flores, Don Wallace,
28  Miguel Leyva, Ryan Jarez, and Kenneth Wright.

EXHIBIT 16

1

## Argument

2

**I.  MATTEL SHOULD BE GRANTED LEAVE TO TAKE CERTAIN DEPOSITIONS IN FEBRUARY**

Although Mattel has diligently attempted to take over 40 depositions within a two-and-a-half week period, some third-party witnesses were unable to appear for deposition before January 28, but have agreed to appear in February. The testimony of these witnesses will not affect the Court's pretrial schedule for the Phase 1 trial, set to commence May 27, 2008. The opposing parties, although repeatedly asked, refused to stipulate that these depositions could occur in February. For these reasons, the Court should grant Mattel leave to take additional depositions in February 2008.

**A.  Several Witnesses Stated that They Could Not Appear Until After the Discovery Cutoff Date**

Several third-party witnesses, after being served with deposition subpoenas, informed Mattel that they could not appear for their depositions by January 28, but requested accommodation of their schedules. These witnesses include:

- Jorge Castilla;[12]
- Joyce Ng;[13]
- Gentle Giant Studios;[14]
- Wachovia Corporation;[15]
- Moss Adams;[16]

---

[12] Corey Dec., ¶ 8(b).
[13] Declaration of Scott Kidman, ¶ 2.
[14] Declaration of Timothy Alger, ¶ 2.
[15] Corey Dec., ¶ 8(c). Wachovia Corporation is also a subject of MGA's Motion to Quash.
[16] Corey Dec., ¶ 8(d). Moss Adams is also a subject of MGA's Motion to Quash.

EXHIBIT _16_

PAGE _217_

5

1      •   Andreas Koch;[17]

2      •   Christensen Glaser;[18]

3      •   Amy Myers;[19]

4      •   Rachel Harris;[20] and,

5      •   Kami Gilmour.[21]

6         To accommodate the third-parties, Mattel asked MGA, Machado

7 Gomez, and Bryant to stipulate that the depositions of the above persons could

8 proceed in February 2008. They either refused to do so or did not respond.[22]

9 Accordingly, the Court should grant Mattel leave to conduct these depositions in

10 February 2008.[23]

11     **B.**     **Despite Mattel's Diligent Efforts, Some Important Witnesses Have**

12         **Not Yet Been Served**

13         Despite attempting to serve deposition notices and schedule over 40

14 depositions within 19 days, Mattel has been unable to arrange the deposition of

15 some witnesses.

16         In many instances, MGA delayed and impaired Mattel's efforts to

17 arrange depositions. As discussed above, despite identifying many of these same

18 witnesses in its initial disclosures, MGA refused to provide witnesses' addresses and

19 telephone numbers as required by <u>Fed. R. Civ. P.</u> 26(a)(1). Instead, MGA stated

20 that they could be contacted through MGA's counsel. However, when Mattel

21 requested that MGA accept service of deposition subpoenas for witnesses identified

22

23    [17] Corey Dec., ¶ 8(a); Price Dec., ¶ 7.
    [18] Price Dec., ¶ 6.

24    [19] Corey Dec., ¶ 8(f).
    [20] Price Dec., ¶ 14.

25    [21] Corey Dec., ¶ 8(e).
    [22] Corey Dec., ¶ 9; Exhs. 8, 9, and 10.

26    [23] MGA did stipulate that Moss Adams and Wachovia depositions will go
forward after the Discovery Master rules on document motions that affect the

27 documents available for those depositions. MGA then moved to quash the

28 deposition subpoenas served on them.

07209/2362187.4

EXHIBIT _16_

PAGE _218_

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1  in MGA's initial disclosures, MGA refused.  As a result, Mattel was forced to

2  attempt to discover their addresses (often finding several possible addresses for a

3  given witness).[24]

4          Even after obtaining address information, some witnesses have proven

5  elusive and appear to be avoiding service.  For example, Mattel requested that Larry

6  McFarland accept service on behalf of himself and his clients.[25]  After failing to

7  respond for four days, he refused and Mattel began attempting to personally serve

8  Mr. McFarland and his clients.[26]  The process server made six attempts to serve

9  Lucy Arant at her home and work place, including waiting for her for hours.[27]  The

10  process server made several attempts to serve Sarah Halpern and spoke with her

11  husband, who claimed she "comes and goes a lot."[28]  Another process server also

12  waited for four hours to attempt service, without success.[29]  Notably, Mr. McFarland

13  himself has also been elusive.  The process server has made at least four attempts to

14  serve him.[30]  Although his receptionist said that he was out of the office for an

15  indeterminate period of time, he has been active in writing and sending letters to

16  counsel for Mattel.[31]  Mattel recently asked Mr. McFarland when it could arrange

17  for service at a time convenient to him.  He has not responded.[32]

18          Mattel has continued its efforts to serve these witnesses.

19  [24]  Price Dec., ¶ 2.
20  [25]  Larry McFarland's deposition was ordered by the Court, as well as those of
    two of his clients:  Lucy Arant and Sarah Halpern, both former MGA employees.
21  Sarah Halpern was identified as a witness by MGA, but MGA failed to provide her
22  address and phone number.  Instead, MGA stated that she could be contacted
    through her attorney, Larry McFarland.  Exh. 6 [MGA's Supplemental Initial
23  Disclosures].
24  [26]  Price Dec., ¶¶ 3-5 and Exhs. A and E attached thereto.
25  [27]  Declaration of Ryan Jarez ¶¶ 2-3.
    [28]  Declaration of Kenneth Wright, dated January 28, 2008, ¶¶ 2-3.
26  [29]  Declaration of Brian Shore, ¶ 3.
    [30]  Declaration of Miguel Leyva ¶¶ 2-5.
27  [31]  Price Dec., ¶ 4, and Exhs. B, C, and D, thereto.
28  [32]  Price Dec., ¶ 5, and Exh. E thereto.

EXHIBIT 16

PAGE 219

1    Other important witnesses who have not yet been served despite

2  Mattel's attempts to do so include:

3    • Shirin Salemnia.  There have been at least seven attempts to serve her

4  at her residence, without success.[33]

5    • Ricardo Abundis.  Attempts to serve him at his residential address

6  have been unsuccessful.  Mr. Abundis's mother, who lives at the same address,

7  claims that he moved to Arkansas but refused to provide an address.[34]  However,

8  Mr. Abundis called counsel for Mattel the morning of January 28, 2008, leaving his

9  telephone number and city of residence.[35]

10    • Peter Marlow.  There have been at least ten attempts to serve

11  Mr. Marlow at his residence, including hours of waiting.[36]

12    • Mercedeh Ward.  According to her husband, Ms. Ward is out of the

13  country, but will return in February 2008.[37]

14    • Carol Witschell.  The first process server erroneously reported her

15  served.  Since then, Mattel has worked to discover her current address.[38]

16    • Jeff Weiss.  There have been at least three attempts to serve

17  Mr. Weiss at the only address on record for him.  During one attempt, Mr. Weiss'

18  mother agreed to accept service of the documents on his behalf, but then tried to

19  give them back after calling Mr. Weiss.[39]

20    Mattel has not had sufficient time to secure the depositions of these

21  witnesses.  However, with the field of witnesses narrowed and Mattel's efforts

22  continuing, many if not all of these depositions could be conducted in

23  ---
    [33]  Declaration of Miguel Leyva, ¶¶ 4-6.
24  [34]  Declaration of Rudy Flores.
    [35]  Price Dec., ¶ 13.
25  [36]  Declaration of Rudy Flores Re: Attempting Service; Declaration of Donald
26  Wallace Re: Attempting Service.
    [37]  Price Dec., ¶ 16.
27  [38]  Price Dec., ¶ 9.
28  [39]  Declaration of Scott Snowden.

EXHIBIT _16_

PAGE _220_

1  February 2008.  The importance of these witnesses has already been acknowledged

2  by the Court and no prejudice to the parties or the Court's Phase 1 trial schedule will

3  arise if Mattel is granted leave to take their depositions in February 2008.

4      **C.**    **Mattel Has Moved to Obtain a Letter Rogatory to Take the**

5                 **Deposition of MGA Employee Jeanine Brisbois**

6           MGA has failed to produce Jeanine Brisbois for deposition.  As a

7  result, Mattel has filed a motion to obtain a letter rogatory to take her deposition in

8  Canada, where she is a resident.[40]  Mattel therefore requests leave to secure the letter

9  rogatory and conduct the deposition as soon as permitted by Canadian courts.

10      **D.**    **Mattel Needs Additional Time to Serve Other Foreign Witnesses**

11           Mattel has been searching for current addresses for three foreign

12  witnesses that it seeks to depose:  Stephen Lee, Cecilia Kwock, and Eric Yip.  They

13  are believed to be residents of Hong Kong and Mattel requests additional time to

14  locate them and arrange for service.

15      **E.**    **Mattel Has Moved to Compel the Deposition of Carlos Gustavo**

16                 **Machado Gomez**

17           Carlos Gustavo Machado Gomez is a party to this lawsuit who has

18  refused to sit for deposition.  Mattel began seeking deposition dates from Machado

19  on June 4, 2007.  On September 3, 2007, James Spertus, then counsel for Machado,

20  confirmed that October 26, 2007, was an "acceptable date" for Machado's

21  deposition.  However, after Mr. Spertus withdrew as counsel, Machado's new

22  counsel, Alexander Cote, contacted Mattel to discuss, among other things,

23  Machado's pending deposition.  Although he confirmed that Machado's deposition

24  would proceed, Mr. Cote told Mattel that the deposition could not take place on

25

26

27

28    [40]  Corey Dec., ¶ 7.

EXHIBIT __16__

PAGE __221__

07209/2362187.4

9

1  October 26, 2007, because of restrictions on Machado's ability to travel to and from

2  Mexico resulting from his criminal indictment in Mexico.[41]

3    Mattel again asked for deposition dates.[42]  Mr. Cote told Mattel that

4  Machado was restricted from leaving Mexico.  In response, Mattel offered to take

5  the deposition in Mexico.  Mr. Cote refused to offer any possible deposition dates.

6  Mattel then filed its Motion to Compel the Deposition of Carlos Gustavo Machado

7  Gomez on November 13, 2007.[43]

8    On December 6, 2007, Mr. Cote offered to make Machado available for

9  deposition on January 15, 2008, in Mexico City.  Mattel agreed and sent an

10  Amended Notice of Deposition for that date.  Mr. Cote thereafter requested that

11  Mattel continue the hearing on the motion to compel because Machado's deposition

12  was purportedly set and he had a conflict on the scheduled hearing date.  Mattel did

13  so and the hearing was continued to February 8, 2008.

14    On January 13, 2008, Amy Park, counsel for MGA, informed Mattel

15  that Machado's deposition would have to be cancelled.  Her claimed justification

16  was that Jack DiCanio, a Skadden Arps attorney, had a scheduling conflict with a

17  sentencing hearing in the "Reyes" case.  Ms. Park further wrote that Mr. Machado's

18  deposition would need to proceed after the Phase 1 trial.  Shortly thereafter,

19  Mr. Cote, who the prior afternoon had represented to the Discovery Master's case

20  manager that the deposition would go forward, wrote that "Mr. Machado will not be

21  appearing on the 15th.  Accordingly, the deposition will not be going forward."

22    MGA's and Machado's cancellation of his agreed upon deposition date

23  is contrary to the Court's January 7, 2008 Order, which states that "all counsel are

24

25

26

27
    [41]  Id., ¶ 10.
    [42]  Id., ¶ 11.
28
    [43]  Id.

EXHIBIT __16__

PAGE __222__

07209/2362187.4

10

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1    expected to coordinate their schedules with those of the deponents such that the

2    depositions are held prior to the discovery cut off date of January 28, 2008."[44]

3    **II.    THE COURT SHOULD COMPEL THE DEPOSITIONS OF JOE**

4    **TIONGCO, DAPHNE GRONICH, MARIANA TRUEBA, PABLO**

5    **VARGAS, MGA AND MGAE DE MEXICO 30(B)(6) WITNESSES IN**

6    **FEBRUARY.**

7    In its January 7, 2008 Order, the Court found that Mattel had good

8    cause to take the depositions of over 40 witnesses and granted it leave to do so.

9    Among the depositions specifically ordered by the Court were those of Joe Tiongco,

10    Daphne Gronich, MGA (pursuant to a Fourth Notice of Deposition) and MGAE de

11    Mexico.

12    Joe Tiongco and Daphne Gronich are MGA witnesses identified by

13    Mattel as having information related to document retention, preservation, collection,

14    and spoliation. MGA has moved to quash their depositions and argues the Court did

15    not grant Mattel leave to depose either Tiongo or Gronich.[45]  MGA is wrong. In

16    Mattel, Inc.'s Motion for Leave to Take Additional Discovery, Mattel stated that "it

17    seeks to depose" Joe Tiongco and Daphne Gronich because of concerns over

18    "MGA's and Bryant's preservation and production of evidence."[46]  Although the

19    Court's order granting Mattel's motion did not refer to Tiongco and Gronich by

20    name or page number, they are clearly encompassed by it. The Court allowed

21    additional depositions, finding that Mattel had shown good cause for additional

22    discovery because of "the concerns regarding retention and spoliation of

23    evidence."[47]  Notably, Tiongco and Gronich were the only two witnesses identified

24    in Mattel's motion as having knowledge relevant to that issue. Further, the Court

25

26    [44]  Exh. 3, at 5 [January 7, 2008 Order].

27    [45]  Exh. 15.
      [46]  Exh. 2 at 14:5-17 [Motion for Leave to Take Additional Discovery].

28    [47]  Exh. 3, at 2 [January 7, 2008 Order].

EXHIBIT _____ 16

PAGE 223

J7209/2362187.4

1   "GRANTED" Mattel's motion, denying only Mattel's request that it be granted

2   additional time to depose to Carter Bryant.[48]  Accordingly, these depositions should

3   proceed at the earliest opportunity.

4          Pablo Vargas and Mariana Trueba are the Director of Sales of MGAE

5   de Mexico and the Director of Marketing, Girls Division, of MGAE de Mexico,

6   respectively.[49]  They were served with deposition notices on January 10, 2008,

7   setting their depositions for January 24, 2008.[50]  Neither witness appeared.  The

8   MGA defendants contend that neither the "Director of Marketing" nor the "Director

9   of Sales" is a "managing agent" and were therefore required to be personally served

10  with deposition subpoenas.[51]

11         That assertion is meritless.  The courts use a three-prong test to

12  determine who is a "managing agent" for the purposes of Fed. R. Civ. P. Rule 30:

13         First, the employee should be "a person invested by the
           corporation with general powers to exercise his judgment
14         and discretion dealing with corporate matters.

15         Second, the employee should be a person who "could be
           depended upon to carry out his employer's direction to
16         give testimony at the demand of a party engaged in
           litigation with the employer."
17
           Third, the employee should be a person who can be
18         expected to identify himself with the interest of the
           corporation rather than with those of the other parties.
19

20  *Reed Paper Co. v. Procter & Gamble Distributing Co.*, 144 F.R.D. 2, 4 (D. Me.

21  1992), quoting *Rubio v. General Tire and Rubber Co.*, 18 F.R.D. 51, 56 (S.D.N.Y.

22  1955) (citing cases).  Of the three factors, "[t]he 'paramount test' is whether the

23  individual can be expected to identify with corporation's interest as opposed to an

24  _____

25  [48]   Exh. 3, at 2-3 [January 7, 2008 Order].
    [49]   Exh. 22 [March 20, 2007 Offer Letter from MGAE de Mexico to Mariana
26  Trueba Almada]; Exh. 21 [March 20, 2007 Offer Letter from MGAE de Mexico to
    Pablo Vargas].
27  [50]   Corey Dec., ¶ 17; Exhs. 16 and 17.
28  [51]   Corey Dec. ¶ 17; Exhs. 4 and 5.

EXHIBIT _16_

PAGE _224_

07209/2362187.4

MATTEL'S MOTION FOR ADDITIONAL INTERROGATORIES AND DEPOSITIONS

1    adversary's." *In re Honda American Motor Co.*, 168 F.R.D. 535, 541 (D. Md.
2    1996).

3          Any "doubt[s] about an individual's status as a 'managing agent,' at the
4    pre-trial discovery stage, are resolved in favor of the examining party. *In re Honda*
5    *American Motor Co.* at 540, citing *Founding Church of Scientology of Washington,*
6    *D.C. v. Webster,* 802 F.2d 1448, 1452 n.4 (D.C. Cir. 1986); *Sugarhill Records*
7    *Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985) ("I am to
8    resolve close questions regarding the status of an employee as 'managing agent' in
9    favor of the examining party since the issue of whether the witness' testimony can
10    be used as a statement by the defendant still remains to be resolved at trial.") (citing
11    cases).

12          Here, the Directors of Sales and Marketing are, by virtue of their
13    positions, invested by the MGAE de Mexico with powers to exercise judgment and
14    discretion in dealing with corporate matters within their areas of responsibility.
15    Further, they can clearly be depended upon to carry out their employer's direction to
16    give testimony upon its demand.  They are alleged to have acted in concert with the
17    MGA defendants in plotting to steal and stealing Mattel's trade secrets in Mexico.
18    And, of "paramount" importance, they can clearly be expected to identify with the
19    interests of MGAE de Mexico rather than with those of Mattel.  For the foregoing
20    reasons, the Court should order Mr. Vargas and Ms. Trueba to appear for deposition
21    in Los Angeles in February 2008.

22          In its January 7, 2008 Order, the Court granted Mattel leave to serve a
23    Rule 30(b)(6) deposition notice on MGA Entertainment and a Rule 30(b)(6)
24    deposition notice on MGAE de Mexico.[52]  Those notices were attached to Mattel's
25    Motion for Leave to Take Additional Discovery.  Although MGA and MGAE de
26    Mexico opposed Mattel's motion, they never argued that Mattel did not have good

27

28    [52]   Exh. 3, at 3 [January 7, 2008 Order].

EXHIBIT 16

PAGE 225

1  cause to obtain testimony on the topics in those notices, which were incorporated by

2  reference into the Court's order: "Mattel may serve the notices of deposition and

3  propound the interrogatories attached to the moving papers as Exs. A - C."[53]

4  Nevertheless, MGA and MGAE de Mexico have failed to produce witnesses on the

5  vast majority of those topics.[54]  They filed a motion for protective order with Judge

6  Infante seeking relief from the topics that the Court approved.

7          The importance of these witnesses is indisputable.  The Court has

8  ordered that their depositions be taken.  MGA's refusal to produce any of these

9  witnesses is a blatant refusal to comply with the Court's Order.

10

11                          **Conclusion**

12

13          For the foregoing reasons, the Court should compel the attendance of

14  Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment,

15  and MGAE de Mexico at deposition and should grant Mattel leave to depose on or

16  before February 29, 2008, all witnesses already served with subpoenas or subject to

17  the Court's January 7, 2008 Order whose testimony is relevant to Phase 2 issues.  In

18  the alternative, the Court should issue an order shortening time to hear a motion

19  seeking the foregoing relief on February 4, 2008.

20

21  DATED:  January 28, 2008          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
22

23                                  By  /s/  Jon D. Corey
24                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
25

26

27  _____
    [53]  Exh. 3, at 3 [January 7, 2008 order]; Exh. 2 [Motion for Leave to Amend].
28  [54]  Corey Dec., ¶ 20.

                                              EXHIBIT ___16___

07209/2362187.4                          14                        PAGE ___226___