# Exhibit 17

Case 2:04-cv-09049-DOC-RNB   Document 4799-5   Filed 02/09/09   Page 2 of 87   Page ID
#:150364
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/_/2008   Page 1 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
==========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                              Theresa Lanza
            Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                              John Quinn
                                          Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:             GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

MINUTES FORM 90                        Initials of Deputy Clerk __jh__
CIVIL -- GEN                           Time: 1/45
                            1

                                       EXHIBIT __17__

                                       PAGE __227__

Case 2:04-cv-09049-DOC-RNB   Document 4799-5   Filed 02/09/09   Page 3 of 87   Page ID
#:150365
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 2 of 7

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

### EX PARTE APPLICATIONS REGARDING DEPOSITIONS (DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

EXHIBIT __17__

PAGE __228__

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

    Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT _17_

PAGE _229_

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

Case 2:04-cv-09049-DOC-RNB  Document 4799-5  Filed 02/09/09  Page 6 of 87  Page ID
#:150368
Case 2:04-cv-09049-SGL-RNB  Document 1931  Filed 02/04/2008  Page 5 of 7

arrangements for inspection in both Hong Kong and the PRC. Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

## MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __17____
PAGE __231____

# Exhibit 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: September 23, 2008

Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
================================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                            None Present
            Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

PROCEEDINGS:   ORDER RE PENDING MOTIONS AS REPORTED ON THE COURT'S
               DOCKET (IN CHAMBERS)

    A review of the Court's docket, which indicates over 4,200 filings in this case, reveals that hundreds of motions appear to be pending resolution by the Court that have in fact already been resolved.

    Currently pending before the Court are the parties' motions for judgment as a matter of law, docket #4078, #4080, # 4264, and #4265. Other discovery motions have been reserved or withdrawn by the parties pending the reopening of Phase 2 discovery.

    In order to effectively docket, consider, and resolve any future motions that may be filed by the parties, the Court **ORDERS** that all pending motions, other than the above-referenced motions for judgment as a matter of law, and to the extent the Court has not already ruled upon those motions elsewhere in the record, be **DENIED WITHOUT PREJUDICE**. The Clerk is instructed to make any docket adjustments necessary to reflect this Order. This Order deals with mere internal housekeeping issues and is not meant to affect the substantive rights of any party.

    **IT IS SO ORDERED.**

MINUTES FORM 90                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                        1      EXHIBIT _18_

                                           PAGE _232_

**Exhibit 19**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  John B. Quinn (Bar No. 090378)
   johnquinn@quinnemanuel.com
3  Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
4  Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
5  Timothy L. Alger (Bar No. 160303)
   (timalger@quinnemanuel.com)
6  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
7  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                 UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12                       EASTERN DIVISION

| 13 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 14 | Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 15 | vs. | Case No. CV 05-02727 |
| 16 | MATTEL, INC., a Delaware corporation, | AMENDED NOTICE OF DEPOSITION OF MARIANA TRUEBA |
| 17 | | |
| 18 | Defendant. | Date:   January 28, 2009 |
| 19 | AND CONSOLIDATED CASES | Time:  9:00 a.m. Place.: Quinn Emanuel Urquhart Oliver & Hedges |
| 20 | | 865 S. Figueroa St., 10th Floor Los Angeles, CA 90017 |

21

22

23

24

25

26

27                                        EXHIBIT __19__

28                                        PAGE __233__

1.9

07209/2753510.1

AMENDED NOTICE OF DEPOSITION

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3    Mariana Trueba on January 28, 2009 at 9:00 a.m., at the offices of Quinn Emanuel

4    Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., Los Angeles, CA 90017.

5          PLEASE TAKE FURTHER NOTICE that the deposition will take

6    place upon oral examination before a duly authorized notary public or other officer

7    authorized to administer oaths at depositions, and will continue from day to day,

8    Sundays, Saturdays and legal holidays excepted, until completed.

9          PLEASE TAKE FURTHER NOTICE that, pursuant to <u>Fed. R. Civ.</u>

10   <u>P.</u> 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use

11   Livenote or other technology for real-time transcription of the testimony.

12

13   DATED:  January 9, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
14

15                                   By_____
                                        Jon D. Corey
16                                      Attorneys for Mattel, Inc.

17

18

19

20

21

22

23

24

25

26

27                                             EXHIBIT ___19___

28                                             PAGE ___234___

07209/2753510.1                      -2-
                                               AMENDED NOTICE OF DEPOSITION

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  EASTERN DIVISION

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 14          Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 15          vs. | Case No. CV 05-02727 |
| 16  MATTEL, INC., a Delaware<br>corporation, | AMENDED NOTICE OF<br>DEPOSITION OF<br>PABLO VARGAS |
| 17          Defendant. | |
| 18 | Date:    January 27, 2009<br>Time:    9:00 a.m. |
| 19  AND CONSOLIDATED CASES | Place.:  Quinn Emanuel Urquhart Oliver<br>         & Hedges |
| 20 | 865 S. Figueroa St., 10th Floor<br>Los Angeles, CA 90017 |

21

22

23

24

25

26

27                                      EXHIBIT  19

28                                      PAGE  235

07209/2753506.1                    1.09     AMENDED NOTICE OF DEPOSITION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of Pablo Vargas on January 27, 2009 beginning at 9:00 a.m., at the offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., Los Angeles, CA 90017.

PLEASE TAKE FURTHER NOTICE that the deposition will take place upon oral examination before a duly authorized notary public or other officer authorized to administer oaths at depositions, and will continue from day to day, Sundays, Saturdays and legal holidays excepted, until completed.

PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(2), the deposition will be videotaped.  Mattel also reserves the right to use Livenote or other technology for real-time transcription of the testimony.

DATED:  January 9, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

                                 By ___Jon D Corey___
                                    Jon D. Corey
                                    Attorneys for Mattel, Inc.

EXHIBIT ___19___

PAGE ___236___

07209/2753506.1

-2-

AMENDED NOTICE OF DEPOSITION

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **Proof of Service** |
| Defendant. | |

EXHIBIT ___19___

PAGE ___237___

07209/2601262.5

-1-

1

## PROOF OF SERVICE

2          I am employed in the County of Los Angeles, State of California.  I am over

3    the age of eighteen years and not a party to the within action; my business address is

4    1301 West 2nd St. #206, Los Angeles, California 90026.

5          On January 9, 2009, I served true copies of the following documents

6    described as:

7                    **SEE LIST ATTACHED**

8    on the parties in this action as follows:

9    | Thomas Nolan, Esq. | Mark E. Overland, Esq. |
     | Jason Russell, Esq. | Alexander H. Cote, Esq. |
10   | Skadden, Arps, Slate, Meagher & Flom | Overland Borenstein Scheper & Kim |
     | LLP | LLP |
11   | 300 South Grand Avenue | 601 W. 5th St. |
     | Suite 3400 | 12th Floor |
12   | Los Angeles, CA 90071 | Los Angeles, CA 90017 |

13          [√]   **PERSONAL:**  By personally delivering the document listed above to

14   the person(s) at the address(es) set forth above.

15

16          I declare that I am employed in the office of a member of the bar of this court

17   at whose direction the service was made

18          Executed on January 9, 2009, at Los Angeles, California.

19

20

21                    Dave Quintana

22

23

24

25

26                                        EXHIBIT ___19___

27                                        PAGE ___238___

28

07209/2601262.507209/2
01262.1                              -2-                Case No. CV 04-9049 SGL (RNBx)

                                                         PROOF OF SERVICE

1.  AMENDED NOTICE OF DEPOSITION OF PABLO VARGAS
2.  AMENDED NOTICE OF DEPOSITION OF MARIANA TRUEBA
3.  AMENDED NOTICE OF DEPOSITION OF SHIRIN SALEMNIA
4.  PROOF OF SERVICE

EXHIBIT __19__

PAGE __239__

Case No. CV 04-9049 SGL (RNBx)

PROOF OF SERVICE

# Exhibit 20

1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@chrisglase.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@chrisglase.com
3   GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
4   10250 Constellation Boulevard, 19th Floor
5   Los Angeles, California 90067
    Telephone:   310-553-3000
6   Facsimile:   310-556-2920

7   Russell J. Frackman, State Bar No. 049087
    rjf@msk.com
8   MITCHELL, SILBERBEG & KNUPP, LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064
    Telephone:   310-312-2000
10  Facsimile:   310-312-3100

11  Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15  CARTER BRYANT, an individual        )   Case No. CV 04-9049 SGL (RNBx)
16                                       )
                                         )   Consolidated with
17             Plaintiff,                )   Case No. 04-09059
                                         )   Case No. 05-02727
18  v.                                   )
                                         )
19  MATTEL, INC., a Delaware             )   **MGA PARTIES' OBJECTIONS TO**
    Corporation                          )   **MATTEL, INC.'S DEPOSITION**
20                                       )   **NOTICE OF MARIANA TRUEBA**
             Defendant.                  )
21                                       )
                                         )
22                                       )
                                         )
23  AND CONSOLIDATED ACTIONS             )

24

25

26

27                                          EXHIBIT ___20___

28                                          PAGE ___240___
665412

---
MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF MARIANA TRUEBA

## MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF MARIANA
## TRUEBA

The MGA Parties hereby object to plaintiff Mattel, Inc.'s deposition notice of Mariana Trueba.

1.      The MGA Parties object to the deposition notice on the ground that Ms. Trueba is a resident and citizen of Mexico, not the United States.  Moreover, Ms. Trueba is neither a director, officer nor "managing agent" for the MGA Parties, and she is not a party to this action.  Thus, it is inappropriate to simply hail her into California by a mere notice of deposition.  *See e.g., FRCP 28(b), 45(b)(2); Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 543 (1987) (International comity requires American Courts to exercise "special vigilance" to avoid subjecting foreign persons to unreasonably burdensome discovery. American Courts must give "most careful consideration" to the policies and interests of whatever country is involved . . . .).

2.      The MGA Parties object for the addition reason that Mattel's deposition notice goes beyond the number of depositions permitted and thus it is untimely.  By December 2007, Mattel had exhausted the number of depositions it was permitted. Under the Court's January 7, 2008 Order (Doc. #1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the parties.  "As to all depositions permitted by this Order, all counsel are expected to coordinate their schedules . . . such that the depositions are held prior to the discovery cut off date of January 28, 2008." (*See* Order p. 5).  In that same order, the Court said that it would consider a stipulation that allowed the parties to designate certain depositions as Phase 2 depositions, and those could be taken in February "if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (*See* Order at p. 3; *see also* Order at p. 5 ("Phase 2 depositions [of the additional ones allowed] may be taken in February

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665412

1 | pursuant to a Court-approved stipulation")).  Mattel's deposition notice to Ms. Trueba
2 | was issued nearly one year after the Court-imposed the cut-off and any depositions
3 | that were stipulated to be completed beyond that cut-off were, in fact, completed.  As
4 | there is no stipulation allowing Mattel to take further Phase 2 depositions, this
5 | deposition notice is improper.

6 |       3.     The MGA Parties further object to the deposition notice on the ground
7 | that the deposition date was selected unilaterally by Mattel, without prior consultation
8 | with anyone, and is invalid based on this reason alone.

Dated: January 28, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP


By:  _Amman  Khan_____
       Amman Khan
       Attorneys for the MGA Parties
       for Phase Two

EXHIBIT __20__

PAGE __242__

3

**MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF MARIANA TRUEBA**

1

**PROOF OF SERVICE**

2  STATE OF CALIFORNIA

3  COUNTY OF LOS ANGELES

4        I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard,
5  Nineteenth Floor, Los Angeles, California 90067.

6        On January 28, 2009, I served the foregoing document described as:

7  **MGA PARTIES' OBJECTIONS TO MATTEL, INC.'S DEPOSITION NOTICE OF MARIANA TRUEBA**

8
   on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope
9  addressed as follows:

10                **PLEASE SEE ATTACHED SERVICE LIST**

11  ☐        (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.
12        This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los
13        Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage
14        meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

15
    ☐        (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by
16        Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or
17        packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

18
    ☐        (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to
19        the offices of the above named addressee.

20  ☒        **(BY EMAIL)** I caused such documents to be delivered via email to the addressee(s).
21
    ☐        (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the
22        offices of the addressee(s) at the following facsimile number:

23        Executed this 28th day of January, 2009, at Los Angeles, California.

24        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25

26

27                                    RICHARD G. STOLL

EXHIBIT ___20___

28
665412
                                    PAGE ___243___

4

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1

## SERVICE LIST

2

3  Jon D. Corey, Esq.
   (joncorey@quinnemanuel.com)
4  Michael T. Zeller, Esq.
   (michaelzeller@quinnemanuel.com)
5  John Quinn, Esq.
   (johnquinn@quinnemanuel.com)
6  Quinn Emanuel Urquhart Oliver & Hedges, LLP
   865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017-2543
7  **[By Email]**

8  Russell J. Frackman, Esq.
   (rjf@msk.com)
9  Patricia H. Benson, Esq.
   (phb@msk.com)
10 Mitchell, Silberberg & Knupp, LLP
   11377 W. Olympic Blvd.
11 Los Angeles, CA 90067
   (310) 312-2000
12 **[By Email]**

13 Thomas J. Nolan, Esq.
   (tnolan@skadden.com)
14 Raoul D. Kennedy, Esq.
   (rkennedy@skadden.com)
15 Jason D. Russell, Esq.
   (Jason.russell@skadden.com)
16 Skadden, Arps, Slate, Meagher & Flom LLP
   300 South Grand Avenue, Suite 3400
17 Los Angeles, CA 90071-3144
   (213) 687-5000
18 **[By Email]**

19

20

21

22

23

24

25

26

27

28

665412

EXHIBIT __20__

PAGE __244__

5

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**Exhibit 21**

Patricia L. Glaser, State Bar No. 055668
Pglaser@chrisglase.com
Joel N. Klevens, State Bar No. 045446
Jklevens@chrisglase.com
GLASER, WEIL, FINK, JACOBS
  & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:   310-553-3000
Facsimile:   310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBEG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:   310-312-2000
Facsimile:   310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | Case No. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. 04-09059<br>Case No. 05-02727 |
| v. | |
| MATTEL, INC., a Delaware Corporation | **MGA PARTIES' OBJECTIONS TO MATTEL, INC.'S DEPOSITION NOTICE OF PABLO VARGAS** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

EXHIBIT  21

PAGE  245

---

MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF PABLO VARGAS

665410

## MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF PABLO VARGAS

The MGA Parties hereby object to plaintiff Mattel, Inc.'s deposition notice of Pablo Vargas.

1. The MGA Parties object to the deposition notice on the ground that Mr. Vargas is a resident and citizen of Mexico, not the United States. Moreover, Mr. Vargas is neither a director, officer nor "managing agent" for the MGA Parties, and he is not a party to this action. Thus, it is inappropriate to simply hail him into California by a mere notice of deposition. *See e.g.,* FRCP 28(b), 45(b)(2); *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.*, 482 U.S. 522, 543 (1987) (International comity requires American Courts to exercise "special vigilance" to avoid subjecting foreign persons to unreasonably burdensome discovery. American Courts must give "most careful consideration" to the policies and interests of whatever country is involved . . . .).

2. The MGA Parties object for the addition reason that Mattel's deposition notice goes beyond the number of depositions permitted and thus it is untimely. By December 2007, Mattel had exhausted the number of depositions it was permitted. Under the Court's January 7, 2008 Order (Doc. #1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the parties. "As to all depositions permitted by this Order, all counsel are expected to coordinate their schedules . . . such that the depositions are held prior to the discovery cut off date of January 28, 2008." (*See* Order p. 5). In that same order, the Court said that it would consider a stipulation that allowed the parties to designate certain depositions as Phase 2 depositions, and those could be taken in February "if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (*See* Order at p. 3; *see also* Order at p. 5 ("Phase 2 depositions [of the additional ones allowed] may be taken in February

1  pursuant to a Court-approved stipulation")).  Mattel's deposition notice to Mr. Vargas

2  was issued nearly one year after the Court-imposed the cut-off and any depositions

3  that were stipulated to be completed beyond that cut-off were, in fact, completed.  As

4  there is no stipulation allowing Mattel to take further Phase 2 depositions, this

5  deposition notice is improper.

6       3.    The MGA Parties further object to the deposition notice on the ground

7  that the deposition date was selected unilaterally by Mattel, without prior consultation

8  with anyone, and is invalid based on this reason alone.

9

10  Dated: January 28, 2009               Patricia L. Glaser
                                      Joel N. Klevens

11                                        GLASER, WEIL, FINK, JACOBS
                                        & SHAPIRO, LLP

12

13                                        Russell J. Frackman
                                      MITCHELL, SILBERBEG & KNUPP, LLP

14

15

16                          By: _Amman Khan_____
                                 Amman Khan

17                                   Attorneys for the MGA Parties
                                 for Phase Two

18

19

20

21

22

23

24

25

26

27                                        EXHIBIT _21_

28                                        PAGE _247_

665410

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

      On January 28, 2009, I served the foregoing document described as:

**MGA PARTIES' OBJECTIONS TO MATTEL, INC.'S DEPOSITION NOTICE OF PABLO VARGAS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐    (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐    (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒    **(BY EMAIL)**  I caused such documents to be delivered via email to the addressee(s).

☐    (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 28th day of January, 2009, at Los Angeles, California.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

RICHARD G. STOLL

EXHIBIT 21

PAGE 248

4

MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF PABLO VARGAS

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1          **SERVICE LIST**

2

3     Jon D. Corey, Esq.
      (joncorey@quinnemanuel.com)
4     Michael T. Zeller, Esq.
      (michaelzeller@quinnemanuel.com)
5     John Quinn, Esq.
      (johnquinn@quinnemanuel.com)
6     Quinn Emanuel Urquhart Oliver & Hedges, LLP
      865 South Figueroa Street, 10th Floor
7     Los Angeles, CA 90017-2543
      **[By Email]**

8     Russell J. Frackman, Esq.
      (rjf@msk.com)
9     Patricia H. Benson, Esq.
      (phb@msk.com)
10    Mitchell, Silberberg & Knupp, LLP
      11377 W. Olympic Blvd.
11    Los Angeles, CA 90067
      (310) 312-2000
12    **[By Email]**

13    Thomas J. Nolan, Esq.
      (tnolan@skadden.com)
14    Raoul D. Kennedy, Esq.
      (rkennedy@skadden.com)
15    Jason D. Russell, Esq.
      (Jason.russell@skadden.com)
16    Skadden, Arps, Slate, Meagher & Flom LLP
      300 South Grand Avenue, Suite 3400
17    Los Angeles, CA 90071-3144
      (213) 687-5000
18    **[By Email]**

19

20

21

22

23

24

25

26

27                                          EXHIBIT _21_

28
665410                                      PAGE _249_

5

**MGA PARTIES' OBJECTIONS TO DEPOSITION NOTICE OF PABLO VARGAS**

# Exhibit 22

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 27, 2009

**VIA FACSIMILE AND U.S. MAIL**

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:     Mattel, Inc. v. Bryant

Dear Amman:

I write regarding our telephone conversation yesterday regarding the depositions of Mr. Vargas, Ms. Trueba and Ms. Salemnia, which Mattel had noticed on January 9, 2009 to proceed this week. You informed me that MGA did not think that a notice of a deposition was sufficient to compel Mr. Vargas and Ms. Trueba to appear for deposition and that MGA would be objecting on that basis. I told you that this was the first time that I had heard of any objections from MGA, and that last week, Jason Russell at Skadden had committed that MGA would provide firm deposition dates for Mr. Vargas, Ms. Trueba and Ms. Salemnia by Monday, January 26, 2008. He did not suggest that the notices were defective or objectionable. Nor, in any event, is there any merit to your belated suggestion yesterday that deposition notices for these MGA party executives are insufficient to mandate their appearance at deposition. Based on MGA's representation by its counsel of record, we expect to receive those firm dates forthwith.

Separately, you informed me that Ms. Salemnia was no longer with MGA. Again, this is the first MGA had made this claim. I asked you to provide for me the date that she left MGA's employ. Further, whether she is currently employed or not, based on Mr. Russell's representation, we expect a firm date on which she will be produced for deposition.

EXHIBIT __22__

PAGE __250__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

2

EXHIBIT 22

PAGE 251

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   January 27, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq. GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP | 310) 553-3000 | (310) 556-2920 |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. Bryant*

**MESSAGE:**



FAXED
JAN 2 7 2009

EXHIBIT ___22___

PAGE ___252___

07209/2240206.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Johanna Minassian 10th | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|

| OPERATOR: | | CONFIRMED?  ☐ NO  ☐ YES: _____ |
|---|---|---|

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

```
*********************
***   TX REPORT   ***
*********************
```

TRANSMISSION OK

| TX/RX NO          | 2274                    |
|-------------------|-------------------------|
| RECIPIENT ADDRESS | 9414#07209#13105562920# |
| DESTINATION ID    |                         |
| ST. TIME          | 01/27 12:29             |
| TIME USE          | 02'36                   |
| PAGES SENT        | 3                       |
| RESULT            | OK                      |

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     January 27, 2009          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq. GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP | 310) 553-3000 | (310) 556-2920 |

**FROM:**     Jon Corey

**RE:**     *Mattel, Inc. v. Bryant*

**MESSAGE:**

EXHIBIT __22__

PAGE __253__

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

January 28, 2009

⊤⊤⊤ MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND FACSIMILE (213) 443-3100**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

      Re:    *Bryant v. Mattel, Inc. and Consolidated Actions*
            U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Jon:

      This responds to your January 27, 2009 letter concerning Mattel, Inc.'s notices of deposition of Mr. Vargas, Ms. Trueba and Ms. Salemnia, which were unaccompanied by subpoenas or other appropriate lawful legal process, and set to take place in Los Angeles.

      First, as we discussed yesterday, and as you acknowledged, Mr. Vargas and Ms. Trueba are residents and citizens of Mexico, not the United States. Also, I can now confirm that they are neither directors, officers nor "managing agents" for the MGA Parties and they are not parties to this action either. Thus, it is inappropriate to simply hail these individuals into California by a mere notice of deposition. *See e.g.,* FRCP 28(b), 45(b)(2); *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.,* 482 U.S. 522, 543 (1987) (International comity requires American Courts to exercise "special vigilance" to avoid subjecting foreign persons to unreasonably burdensome discovery. American Courts must give "most careful consideration" to the policies and interests of whatever country is involved . . . .).

      Second, we also discussed that Ms. Salemnia is no longer in the employ of MGA. Her last day of employment was May 23, 2008. Thus, she is not under the control of MGA and an FRCP 45 subpoena is required to compel her appearance as well.

      Third, it is my understanding that Mattel's deposition notices go beyond the number of depositions permitted and they are untimely. By December 2007, Mattel had exhausted the number of depositions it was permitted. Under the Court's January 7, 2008 Order (Doc. #1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the

665313

EXHIBIT 22

PAGE 254

Jon D. Corey, Esq.
January 28, 2009
Page 2

parties. "As to all depositions permitted by this Order, all counsel are expected to coordinate their schedules . . . such that the depositions are held prior to the discovery cut off date of January 28, 2008." (*See* Order p. 5). In that same order, the Court said that it would consider a stipulation that allowed the parties to designate certain depositions as Phase 2 depositions, and those could be taken in February "if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (*See* Order at p. 3; *see also* Order at p. 5 ("Phase 2 depositions [of the additional ones allowed] may be taken in February pursuant to a Court-approved stipulation")). Mattel's most recent deposition notices were issued almost one year after the Court-imposed the cut-off and any depositions that were stipulated to be completed beyond that cut-off were, in fact, completed. There is no stipulation allowing Mattel to take further Phase 2 depositions.

Finally, your assertions regarding Jason Russell's alleged representations are mistaken. I spoke to Mr. Russell and he confirmed that he had absolutely no discussions with you about the deposition notices for Mr. Vargas, Ms. Trueba and Ms. Salemnia. In fact, he confirmed that his discussions were with Michael Zeller of your firm and that Mr. Zeller was told that no dates could be agreed upon as the Skadden firm did not anticipate being Phase 2 counsel. Similarly, John Quinn of your firm was also told by Thomas Nolan that Phase 2 counsel would discuss these depositions with you, depending on the outcome of the January 26, 2009 hearing before Judge Larsen. Thus, your understanding of Jason Russell's statements is not based on personal knowledge, nor is it correct.

Accordingly, will you kindly advise that you will withdraw the improperly noticed depositions of Mr. Vargas, Ms. Trueba and Ms. Salemnia?

Very truly yours,

Amman Khan

Amman Khan
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

AMM/rs

cc:    Joel N. Klevens, Esq.
       Jason Russell, Esq.
       Patricia Benson, Esq.

EXHIBIT 22

PAGE 255

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 30, 2009

**VIA FACSIMILE AND U.S. MAIL**

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs  Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:     Mattel, Inc. v. MGA Entertainment, Inc.

Dear Amman,

I write in response to your letter dated January 28, 2009 and the objections that you served to the notices of deposition of Mr. Vargas, Ms. Trueba and Ms. Salemnia.  I further write to inform you of Mattel's anticipated ex parte application to the District Court regarding the January 7, 2008 and February 14, 2008 Orders.

First, the objections to the notices re-setting the depositions of Trueba and Vargas are untimely as they were served after the time the depositions were noticed to commence.  On January 9, 2009, after the Phase 2 discovery stay was lifted, Mattel re-noticed the depositions of Ms. Trueba and Mr. Vargas for January 27 and 28, 2009.  You served purported objections at 11:40 p.m. on January 28, the day after Mr. Vargas' deposition was to occur and after the close of business on the day of Ms. Trueba's deposition.  These objections were thus untimely and, indeed, likely void given that the Court had not yet served the association order permitting your firm to act on MGA's behalf.

Second, as recently as a few days ago, Mr. Russell committed to provide firm dates for these depositions.  These representations are binding upon MGA.  There has been no change of circumstances that would justify a change of position.  As with the representations made by Skadden about accepting Mr. O'Brien as a Discovery Master without objection, the

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

EXHIBIT _**22**_

PAGE _**256**_

representation that these witnesses would be produced for deposition promptly is binding on MGA and a position that you may not contradict--co-counsel or not.  Your assertion that Mr. Russell and Mr. Zeller did not discuss the deposition notices of Mr. Vargas, Ms. Trueba and Ms. Salemnia last week is simply wrong, nor did I ever tell you that I personally had spoken with Mr. Russell on this subject.

Third, even if all objections have not been waived, your claim that Mr. Vargas and Ms. Trueba are "neither directors, officers nor 'managing agents' for the MGA Parties" is factually groundless.  Mr. Vargas and Ms. Trueba formed defendant MGAE de Mexico, entered into agreements, solicited sales, and made vendor commitments, among other things, on its behalf. Mr. Vargas is the Sales *Director* of MGAE de Mexico and Ms. Trueba is the *Director* of Marketing, Girls Division, of MGAE de Mexico.  They exercise judgment and discretion in their positions and, as founders of the company, they identify with the interests of the corporation. *Reed Paper Co. v. Procter & Gamble Distributing Co.*, 144 F.R.D. 2, 4 (D. Me. 1992).  Because they are at a minimum managing agents of defendant MGAE de Mexico, it is obligated to produce these witnesses. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005) ("it is well recognized that if the corporation is a *party, the notice compels it to produce* any 'officer, director or managing agent' named in the deposition notice" and it is not necessary to subpoena each individual).  MGA "risks sanctions including default" if any of the witnesses continue to refuse to appear. *Id.*

These depositions also properly will take place in Los Angeles.  Ms. Trueba and Mr. Vargas are managing agents, officers and/or directors of an MGA entity.  All parties' lead counsel are in Los Angeles, and MGA has availed itself of this forum by filing complaints against Mattel in the Central District of California. *See HTC Corp. v. Technology Properties*, 2008 WL 5244905, at *1-2 (N.D. Cal. 2008) (depositions of a corporation's foreign officers, directors and employees should take place in the district where the suit was filed).  Your concerns regarding "international comity" are baseless; "when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated." *HTC Corp.*, 2008 WL 5244905, at *1-2.

Please provide me with dates, to be confirmed by stipulation and order, for these witnesses by 4:00 p.m. on Monday, February 2, 2009.  If they are not forthcoming, then Mattel will seek relief from the Discovery Master, including through ex parte applications if need be.

You represent that Ms. Salemnia is no longer an employee of MGA.  Mattel previously served notices of deposition for Ms. Salemnia to MGA's counsel and a trial subpoena to Skadden Arps on May 16, 2008, without objection.  If, as you now claim, Ms. Salemnia left MGA's employ a mere week after the trial subpoena, MGA should have informed Mattel that she was no longer an MGA employee.  Indeed, Mr. Russell informed Mattel's counsel just last week that MGA would provide proposed dates for her deposition.  MGA cannot represent that a witness is available to testify, then days later have co-counsel claim that she will not be produced in an attempt to shield itself from her potentially damaging testimony by losing "control" of the witness.  If MGA is truly unable to locate this witness for deposition because "she is not under the control of MGA"—a suspect proposition as best—then Mattel expects MGA will immediately provide her last known addresses to Mattel as well as your written confirmation that neither MGA nor its

2

EXHIBIT 22

PAGE 257

counsel will represent her at deposition or any other part of the Phase 2 litigation. Otherwise, please provide dates, to be confirmed by stipulation and order, for her deposition by 4:00 p.m. on Monday, February 2, 2009.

Separately, MGA's claim that Mattel is not entitled to take these deposition because they were not completed prior to the Phase 1 trial contradicts the Court's unequivocal statements regarding Phase 2 discovery, including statements at hearings at which Glaser Weil counsel was present.

On January 7, 2008, the Court granted Mattel's Motion for Leave to Take Additional Discovery, including the depositions of Mariana Trueba, Pablo Vargas and Shirin Salemnia. (Motion for Leave at 13; Order dated January 7, 2008 at 2.) While the Order included a March 1, 2008 deadline to conduct additional "Phase 2" depositions, at MGA's request all Phase 2 discovery was subsequently stayed on February 4, 2008 "until further order of the Court." (Order dated February 4, 2008 at 3.) At the February 4 hearing, the Court unequivocally stated that Mattel would be permitted to take these Phase 2 depositions following the Phase 1 trial:

> My tentative thought this morning, or over this weekend, is that those witnesses and **those depositions be put off until we're done with this Phase One trial**, so that we can focus all of the resources—and admittedly, there's a lot of resources—but focus the resources on finishing up Phase One discovery.
>
> ***
>
> Do you have a position with respect to the Court's suggestion that we delay the Phase Two deponents, or depositions, until after the Phase One trial, **keeping in mind you are not—the Court will ensure that you are not compromising any of the leave that's been afforded to you to take any of these depositions. It's simply a matter of timing.**

(February 4, 2008 Hearing at 10:19-24, 18:4-10) (emphasis added).

In light of the record, your position that Mattel cannot take these deposition now is indefensible. It was at MGA's repeated and express urging that the Court entered an order requiring Mattel to take these depositions after the Phase 1 trial. MGA cannot now complain that Mattel seeks to take the depositions that the Court granted Mattel leave to take. Given the Court's clear intention to permit these depositions to proceed following the Phase 1 trial, please let me know whether you intend to change your position on this issue no later than by noon on Monday, February 2, 2009. If MGA does not do so, Mattel will file an ex parte application with Judge Larson for an order to enforce the January 7, 2008 Order, reiterating that Mattel was given leave to take these depositions, and for sanctions.

EXHIBIT __22__

PAGE __258__

I look forward to your response.

Best regards,

*Jon Corey*

Jon Corey

cc:     Jean Nogues (via facsimile)
        Jason Russell (via facsimile)

EXHIBIT __22__

PAGE __259__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   January 30, 2009

**NUMBER OF PAGES, INCLUDING COVER:** 5

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman Kahn, Esq.<br>Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | (310) 553.3000 | (310) 556.2920 |
| Jean Nogues, Esq.<br>Mitchell Silberberg and Knupp LLP | (310) 312-3152 | (310) 231-8352 |
| Jason D. Russell, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | (213) 687.5000 | (213) 687.5600 |

**FROM:**   Jon Corey

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**



FAXED

JAN 3 0 2009

Please see attached.

07209/2222879.1

| CLIENT #   **7209** | ROUTE/<br>RETURN TO:   **Johanna Lopez -10th** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|

OPERATOR:   PRISCILLA   CONFIRMED?   ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.** EXHIBIT __22__

PAGE __260__

Confirmation Report — Memory Send

```
                                    Page      : 001
                                    Date & Time: 01-30-2009  17:00
                                    Line 1    : 2134433100
                                    Line 2    :
                                    Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 803 |
| Date | : | 01-30  16:58 |
| To | : | ☎76706#7209#13105562920 |
| Number of pages | : | 005 |
| Start time | : | 01-30  16:58 |
| End time | : | 01-30  17:00 |
| Pages sent | : | 005 |
| Status | : | OK |

Job number    : 803          *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:    January 30, 2009                    NUMBER OF PAGES, INCLUDING COVER: 5

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman Kahn, Esq.<br>Christensen, Glaser, Fink, Jacobs,<br>Weil & Shapiro, LLP | (310) 553.3000 | (310) 556.2920 |
| Jean Nogues, Esq.<br>Mitchell Silberberg and Knupp LLP | (310) 312-3152 | (310) 231-8352 |
| Jason D. Russell, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | (213) 687.5000 | (213) 687.5600 |

FROM:    Jon Corey

RE:      Mattel, Inc. v. Bryant

MESSAGE:

Please see attached.

| 07209/2322879.1 | | | | |
|---|---|---|---|---|
| CLIENT # | 7209 | ROUTE/<br>RETURN TO: Johanna Lopez -10th | | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
| OPERATOR: | PRISCILLA | CONFIRMED?  ☐ NO  ☐ YES: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. This information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 22

PAGE 261

Group Send Report

```
                                    Page      : 001
                                    Date & Time: 01-30-2009   16:55
                                    Line 1    : 2134433100
                                    Line 2    :
                                    Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 802 |
| Date | : | 01-30  16:52 |
| Number of pages | : | 005 |
| Start time | : | 01-30  16:52 |
| End time | : | 01-30  16:55 |

Successful nbrs.

　　Fax numbers

　　　　☎2*13102318352
　　　　☎2*12136875600

Unsuccessful nbrs.　　　　　　　　　　　　　　　　　　　　　　　　　　Pages sent

　　Fax numbers

　　　　☎2*13105563920　　　　　　　　　　　　　　　　　　　　　　000

EXHIBIT __22__

PAGE __262__

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

February 2, 2009

Ⱦ MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND FACSIMILE (213) 443-3100**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

> Re:   *Bryant v. Mattel, Inc. and Consolidated Actions*
>       U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Jon:

   This responds to your January 30, 2009 letter concerning Mattel's invalid notices of deposition to Mr. Vargas, Ms. Trueba and Ms. Salemnia. The deposition notices for Mr. Vargas and Ms. Trueba seek to hail into Los Angeles non-parties who are residents and nationals of Mexico, without service of a subpoena or other lawful process. The deposition notice for Ms. Salemnia seeks to compel the deposition of a person who is a non-party and no longer works for MGA, without service of a lawful subpoena. As a result, all three deposition notices fail to bring these non-parties under the jurisdiction of this Court and are invalid *ab initio* as a matter of law.

   You offer six flawed arguments in an effort to evade the basic legal proposition that Mattel's notices of deposition are void *ab initio*.

   First, you incorrectly assert that my Firm did not have standing to object to the deposition notices because the Court had not yet served its January 28, 2009 Order permitting my Firm to associate in as counsel. You explicitly waived that argument in our telephone conversation on January 26, 2009. In our conversation you stated that you had no objection to dealing with me as MGA's counsel and discussing my objections to the deposition notices. In fact, the very next day you wrote me a letter dated January 27, 2009, purporting to further meet and confer concerning the depositions and you did not raise the standing argument, precisely because you previously agreed to waive it. In fact, the Court issued an order on January 26, 2009, the day of our conversation, recognizing that MGA sought to associate my Firm in as counsel and substitute-in my Firm as lead counsel and authorizing the submission of an order since signed by the Court. Thus, you cannot avoid the basic defect in Mattel's deposition notices by asserting that my Firm did not have standing to object to them.

665647

EXHIBIT **22**

PAGE **263**

Jon D. Corey, Esq.
February 2, 2009
Page 2

Second, you assert that the objection to Mattel's deposition notices of Mr. Vargas and
Ms. Trueba were untimely served because the written pleadings were served on January 28,
2009, which was the date the Court had signed its order approving my Firm's association in as
counsel. That argument is also factually incorrect. I advised you orally on January 26, 2009,
that MGA objected to the notices of deposition. I also advised you in writing on January 28,
2009. Indeed, your January 27, 2009 letter to me confirms that I communicated my objection to
you prior to the time the depositions were noticed.

My stated oral objections to you on January 26, as well as the written objections in my
letter transmitted to you on the morning of January 28 were sufficient to preserve MGA's
objections to the three deposition notices. Indeed, the Federal Rules of Civil Procedure do not
require an objecting party to serve objections on pleading paper to *deposition notices* by a certain
number of days in advance. Federal Rule of Civil Procedure 30, which governs deposition
notices, does not contain any limitations or timeframes for a party's objections. This contrasts
markedly with Rule 45 (governing third-party subpoenas) which explicitly requires that a
"written objection . . . be served , before the earlier of the time specified for compliance or 14
days after the subpoena is served." FRCP 45(c)(B)(2). Likewise, the California state court rules
governing deposition notices expressly provide that an objecting party must "serve a written
objection . . . at least three calendar days prior to the date the deposition is scheduled." Cal.
Code. Civ. Proc. § 2025.410(a). If the drafters of the Federal Rules wished to impose a rule that
a party must object to a deposition notice on pleading paper in advance of the deposition, they
surely would have included such a requirement in Rule 30. Thus, MGA's objections have not
been waived.

Third, you assert that Mr. Jason Russell of Skadden, MGA's counsel, "Committed to
provide firm dates for these depositions" to Michael Zeller of your office. I have confirmed with
Mr. Russell that he did no such thing. There is no contrary statement in your letter from Mr.
Zeller and you were not privy to any of the discussions with Mr. Russell concerning the
deposition notices. Thus, you have no basis for making this claim. In fact, all Mr. Russell did
was advise Mr. Zeller that Phase 2 counsel would be calling him on January 26, 2009 to discuss
the depositions. Thomas Nolan of Skadden similarly advised John Quinn of your firm.

Fourth, you assert that Mr. Vargas and Ms. Trueba can be hailed into California for
deposition despite being non-residents and citizens of another country because they are
"directors, officers or managing agents for the MGA parties." This is also wrong. Neither Mr.
Vargas nor Ms. Trueba serve those roles for MGA Entertainment, Inc., the California
Corporation. Moreover, they are neither managing agents nor members of MGA DeMexico's
Board of Directors; they are mid-level employees. Indeed, your letter ignores established
precedent that even a party deponent cannot be compelled to submit to a deposition far from his
country of residence. As a result, these deposition notices fail to bring these individuals under
the jurisdiction of this Court and are invalid *ab initio* as a matter of law.[1]

---

[1] The Federal Rules of Civil Procedure govern obtaining discovery from a foreign
national only if the foreign party is already subject to the court's jurisdiction. Otherwise,
discovery must be sought through a letter of request to the foreign state or in accordance with the

EXHIBIT 22

PAGE 264

Jon D. Corey, Esq.
February 2, 2009
Page 3

Moreover, your reliance on *Reed Paper Co. v. Proctor & Gamble Distributing Co.*, 144 F.R.D. 2 (D. Me. 1992) ("*Reed*") is misplaced. *Reed* involved FRCP Rule 32(a)(2), which generally provides that the deposition of an officer, director, manager, or someone designated under Rules 30(b)(6) and/or 31(a) may be used by an adverse party for any purpose, including for use at trial. In fact, the court in *Reed* expressly restricted its analysis to interpreting Rule 32, which is irrelevant to the issue in dispute here, *i.e.*, whether an employee of a foreign company can be hailed into the U.S. for deposition at his own expense based on notice alone, without service of lawful process.

Furthermore, your attempt to conflate the parties in this case by describing Trueba and Vargas as "managing agents, officers, and/or directors of an MGA entity" is undermined by the *Reed* decision itself. In *Reed*, the plaintiff contended that even though the potential deponent was not employed by the defendant corporation at the time of his deposition, he was employed by the umbrella "family of companies" and should be considered a "managing agent" for each member entity. *Id.* at 4. In response, the court held that "In order to reach that conclusion, the Court would be required to pierce... [the] corporate veil. The record in this case does not permit the Court to take such action." *Id.* Clearly, Trueba and Vargas are not directors, officers or managing agents of MGA Entertainment, Inc., and thus may not be hailed into California for deposition.

Fifth, you assert that Mr. Vargas and Ms. Trueba are managing agents, officers and directors of an MGA entity, and that that MGA entity "availed itself of this forum by filing complaints against Mattel in the central district of California." This is again factually inaccurate. Mr. Vargas and Ms. Trueba are employees of MGA DeMexico but MGA DeMexico has not filed any complaint against Mattel in the Central District of California.

Your reliance upon *HTC Corp. v. Technology Properties*, 2008 WL 5244905, 2 (N.D. Cal.,2008) undermines your position. There, the court stated that, "although there is a general presumption that the deposition of a corporate party should be taken at its place of business..., that presumption is not conclusive. Courts in this district have noted that courts primarily apply this rule to *defendants*, since plaintiffs have the luxury of choosing the forum." *Id.* at 2 (citations omitted) (emphasis added). As you know, neither Mr. Vargas nor Ms. Trueba is a defendant.

Sixth, as I have advised you, we do not represent Ms. Salemnia and she left MGA Entertainment's employ almost one year ago. You were required to subpoena her. Your argument to avoid that basic rule based on the allegation that Mr. Russell informed Mattel's counsel last week that MGA would provide proposed dates for her deposition is, as I have explained above, without foundation.

As for your citation to the Court's comments at the February 4, 2008 hearing concerning Phase 2 depositions, we agree you have the right to take the Trueba, Vargas and Salemnia

---

Hague Convention. *See* Fed.R.Civ.Proc. 48(b); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for South. Dist. of Iowa*, 482 U.S. 522 (1987).

EXHIBIT _22_

PAGE _265_

Jon D. Corey, Esq.
February 2, 2009
Page 4

depositions on Phase 2 issues only.  But that does not dispense with Mattel's obligation to properly serve a deponent with legal process.  Judge Larson pointed out, "Leave was afforded to take the depositions, but that doesn't eviscerate the need to properly serve and properly notice those depositions." (Trans. of Proc. [Larson] 2/4/08, p. 26:16-18).  Thus, Judge Larson's comments at the February 4, 2008 hearing actually undermine your position concerning Mattel's void deposition notices to Mr. Vargas, Ms. Trueba and Ms. Salemnia.

In fact, Mr. Quinn of your office conceded at the February 4, 2008 hearing that service of legal process was necessary if Mr. Vargas and Ms. Trueba were not "managing agents":

"Then there are two folks who are in Mexico, Vargas and Trueba, and I believe they would be phase two.  And the question there for the court's decision -- maybe if this is going to be put off, maybe the court doesn't have to decide right now -- is whether they are managing agents.  Because if they are managing agents, they could be compelled to appear simply by notice.  If they're not managing agents, then we have to proceed under more formal procedures." (Trans. of Proc. [Larson] 2/4/08, p. 15:11-18).  Mr. Quinn also conceded the necessity of subpoenaing Ms. Salemnia on pages 13-14 of the hearing transcript.

Should you choose to proceed *ex parte* despite the foregoing, I expect you will attach this letter to your papers, as I will be out of the office Monday, February 2, 2009.  If you do not include this letter in your papers, I will advise the Court you sought to conceal facts and MGA's position.

Very truly yours,

*Amman Khan*

Amman Khan
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

AMM/rs

cc:     Joel N. Klevens, Esq.
        Jason Russell, Esq.
        Patricia Benson, Esq.

665647

EXHIBIT 22

PAGE 266

# Exhibit 23

Priority ✓
Send ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.  **CV 04-9059-NM (RNBx)**                        Date: **March 23, 2005**

Title: **Mattel, Inc. v. Carter Bryant, et al.**

## DOCKET ENTRY

PRESENT:
### HON. **ROBERT N. BLOCK**, UNITED STATES MAGISTRATE JUDGE

Marsha Eugene                                          n/a
Deputy Clerk                                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                                     None present

DOCKETED ON CM
MAR 2 5 2005
BY _____ 061

**PROCEEDINGS:  (IN CHAMBERS)**

Having reviewed Judge Manella's ruling on the remand motion and conferred with Judge Manella, the Court has concluded that Judge Manella's ruling sufficiently changes the posture of this case to warrant the Court requiring counsel to meet and confer further with respect to the following pending discovery motions:

1.     **Mattel's Motion to Compel Production of Documents**

2.     **MGA's Motion to Compel the Declassification of Certain Documents Produced by Mattel as "Confidential-Attorneys' Eyes Only"**

3.     **Mattel's Motion to Compel Inspection of Original Documents and Tangible Things**

4.     **Bryant's Motion to Compel Further Deposition Testimony from Ann Driskill and Alan Kaye and for the Appointment of a Special Master**

Further, the Court has concluded that it cannot rely on counsel to meet and confer in good faith with respect to the foregoing motions on their own. Accordingly, **lead counsel of record for Mattel, Bryant and MGA are ORDERED to appear before the Court in person on April 26, 2005 at 9:30 a.m. in Courtroom 540 of the Roybal Building, for the purpose of meeting and conferring under the Court's auspices. If and**

195

MINUTES FORM 11
CIVIL-GEN
                              **23**  Initials of Deputy Clerk_____ for ME

EXHIBIT __**23**__

PAGE __**267**__

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

| | | |
|---|---|---|
| Case No.: | CV 04-9059-NM (RNBx) | March 23, 2005 |
| | <u>Mattel, Inc. v. Carter Bryant, et al.</u> | Page 2 |

---

when the Court is satisfied that counsel indeed have made a good faith effort to eliminate the necessity for hearing these Motions and/or to eliminate as many of the disputes as possible, the Court will determine whether to (a) allow counsel to orally supplement their written submissions, and then rule on the Motions, or (b) require counsel to submit further briefing.

With respect to Mattel's just-filed **Motion to Compel Deposition of Isaac Larian**, the Court has concluded after reviewing the parties' respective contentions in the Joint Stipulation and their respective Supplemental Memoranda that oral argument will not be of material assistance in determining the Motion. Accordingly, the hearing currently set for April 5, 2005 is ORDERED off calendar (<u>see</u> Local Rule 7-15), and the Court now rules as follows.

The Court does not find the authorities cited by MGA to be particularly persuasive. Further, MGA's purported concern about the possibility of Mr. Larian being subjected to multiple and repeated depositions is a complete red herring. Federal Rule 30(d)(2) limits the deposition to one day of seven hours, unless otherwise authorized by the Court or stipulated to by the parties. If Mattel later seeks to redepose Mr. Larian on the basis of additional information developed in subsequent discovery, the Court will take into account the fact that Mattel persisted in going forward with Mr. Larian's deposition at the outset of discovery. The Motion therefore is GRANTED, and MGA is ORDERED to produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of this ruling.

MGA's request that the Court impose in advance "strict limits on the length and scope of the deposition" is DENIED without prejudice to MGA availing itself of the procedures specified in Federal Rule 30(d)(4) if MGA truly believes that the deposition is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party. Of course, if MGA does suspend the deposition for the purpose of seeking protective relief, and the Court then finds that MGA's position was not well taken, Mr. Larian will end up being subjected to another deposition session.

With respect to the sanctions issue, the Court has concluded that notwithstanding

MINUTES FORM 11
CIVIL-GEN

EXHIBIT 23
Initials of Deputy Clerk _____ for ME

PAGE 268

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.:   **CV 04-9059-NM (RNBx)**                              **March 23, 2005**
            **Mattel, Inc. v. Carter Bryant, et al.**                          **Page 3**

--------------------------------------------------------------------------------

MGA's failure to convince the Court of the merits of its position, MGA's objection to
the taking of the Larian deposition at the outset of discovery was substantially justified
and/or that the totality of the circumstances here make an award of expenses to Mattel
unjust.  Accordingly, each side is ORDERED to bear its own expenses incurred in
connection with this Motion.

Finally, as to the issue raised by MGA concerning Mattel's alleged practice of
serving its portion of the Joint Stipulations with citations to declarations that are not
served concurrently but rather are merely referenced with blank spaces for the paragraph
citations, the Court concurs with MGA that the "better practice" is for the moving party
to serve its portion(s) of the Joint Stipulation with all citations filled in and to serve
concurrently with its portion(s) of the Joint Stipulation all referenced declarations and
exhibits.  The Court will expect all the parties to conform with this "better practice"
henceforth.


cc:   Judge Manella

EXHIBIT __23__   Initials of Deputy Clerk _____ for ME

PAGE __269__

Case 2:04-cv-09059-SGL-RNB   Document 230   Filed 06/16/2006   Page 1 of 3

I hereby certify that this document was faxed to all counsel (or parties) at their respective, most recent fax number of record, in this action, on this date.

DATED: 6-16-06

J. De Pose

**DEPUTY CLERK**

Priority ___
Send ___
Enter ___
Closed ___
JS-6 ___
JS-3 ___
Scan Only ___ X

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES–GENERAL**

Case No.  CV 04-9059-SGL (RNBx)                    Date: June 16, 2006

Title: <u>Mattel, Inc. v. Carter Bryant, et al.</u>

DOCKETED ON CM
JUN 1 9 2006
BY _____ 024

**DOCKET ENTRY**

PRESENT:

   HON. <u>ROBERT N. BLOCK</u>, UNITED STATES MAGISTRATE JUDGE

           <u>Trina DeBose</u>                    <u>n/a</u>
           Deputy Clerk                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
     None present                             None present

**PROCEEDINGS:  (IN CHAMBERS)**

   <u>Mattel's Motion to Enforce the Court's Order of March 23, 2005 and for Sanctions</u>

       After reviewing the parties' respective contentions in the Joint Stipulation, the Court has concluded that neither further briefing nor oral argument will be of material assistance in determining this Motion.  Accordingly, the hearing currently set for July 11, 2006 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

       The consequence of Mattel not insisting on the Larian deposition going forward within 20 days of the Court's March 23, 2005 ruling is that the Court's order that MGA produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of the ruling became subject to Judge Manella's May 20, 2005 order staying all discovery.

       However, once the stay was lifted by Judge Larson on May 16, 2006, and Mattel's counsel sent his May 24, 2006 letter expressing Mattel's desire to proceed with the deposition in accordance with the terms of the Court's March 23, 2005 ruling, it again became incumbent on MGA to comply with that ruling.  While it would not have been unreasonable for MGA's counsel to respond with alternative proposed dates within the 20-day time frame from receipt of Mattel's counsel's May 24, 2006 letter, insisting that Mr. Larian would not be available until July 25-26 (and not even committing to those dates as firm dates) was neither reasonable nor in compliance with the Court's original

MINUTES FORM 11
CIVIL-GEN

EXHIBIT  23

PAGE  270

Initials of Deputy Clerk _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

| | |
|---|---|
| Case No.:    **CV 04-9059-SGL (RNBx)** <br> <u>**Mattel, Inc. v. Carter Bryant, et al.**</u> | **June 16, 2006** <br> **Page 2** |

---

ruling. Accordingly, Mattel's Motion is GRANTED as follows. MGA is ORDERED to produce Mr. Larian for a deposition either (a) on a mutually convenient date agreed upon by the parties, or (b) if the parties are unable to agree on a mutually convenient deposition date, then on any date noticed by Mattel provided that 10 days' notice is given. MGA and Mr. Larian are forewarned in advance that the Court will not tolerate any further delaying tactics.

    With respect to the sanctions issue, the Court finds that Mattel did make a good faith effort to obtain the discovery sought without court action. Moreover, the Court declines to find that MGA's opposition to the motion was substantially justified or that other circumstances here make an award of Mattel's reasonable expenses unjust. The Court also notes that, contrary to MGA's contention, there is no requirement under Fed. R. Civ. P. 37(a)(4) that the prevailing party in a discovery motion show prejudice before sanctions can be imposed on the party whose conduct necessitated the motion, the attorney advising such conduct, or both of them. Accordingly, the Court finds pursuant to Fed. R. Civ. P. 37(a)(4)(A) that Mattel is entitled to an award of its reasonable expenses incurred in making this Motion. However, the $3,800 in expenses sought by Mattel appears to the Court to be unreasonable and excessive. In the Court's view, it should not have taken more than 3 hours of associate time and 1 hour of partner time to prepare this relatively straightforward motion, in compliance with Local Rule 37-2. It therefore is ORDERED that, within 10 days of this ruling, MGA's counsel pay Mattel the sum of <u>**$1,360**</u>, which the Court finds to be Mattel's reasonable expenses incurred in making this Motion.

    The clerk is directed to fax courtesy copies of this Minute Order to counsel, and to confirm telephonically their receipt of it.


cc:    Judge Larson


EXHIBIT ___23___

MINUTES FORM 11 <br> CIVIL-GEN

PAGE ___271___

Initials of Deputy Clerk ___

# Exhibit 24

36

**FILED**
LOS ANGELES SUPERIOR COURT
OCT 05 2004
JOHN A. CLARKE, CLERK
By _____

MATTEL, INC., a Delaware Corporation,   )   CASE NO. BC 314398
                                        )
                Plaintiff,              )   TENTATIVE RULING ON (1)
                                        )   MOTION TO COMPEL DEPOSITION
        v.                              )   AND (2) MOTION FOR A PROTECTIVE
                                        )   ORDER AND ESTABLISH THE
CARTER BRYANT, an individual; and DOES  )   SEQUENCE AND TIMING OF
1 through 10, inclusive,                )   DISCOVERY
                                        )
                Defendants.             )   Hearing Date:  October 5, 2004
                                        )   Moving Party:  Plaintiff (motion to compel)
                                        )   and Defendant (motion for protective order)
_____)

Defendant Carter Bryant was hired by Plaintiff Mattel as a fashion designer for the

"Barbie" line of toys from 1995 to April 1998, and in the Barbie Collections division from

January 4, 1999 to October 2000. After leaving Mattel, Bryant started his own line of fashion

doll, called "Bratz," which received much success. Mattel brings this lawsuit against Bryant for

(1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of Duty of Loyalty; (4) Unjust

Enrichment; and (5) Conversion. Bryant filed his cross-complaint for (1) Unfair Competition;

(2) Rescission; (3) Declaratory Relief; and (4) Fraud.

Plaintiff moves to compel the deposition of Plaintiff. The law is clear that Plaintiff is

entitled to depose Defendant who is a party in this action. Although the federal magistrate judge

denied Plaintiff its ex parte application to file a motion to compel deposition of Defendant, this

Court is not bound by the federal court's local rules. California law is clear that "[a]ny party

may obtain discovery...by taking in California the oral deposition of any person, including any

party to the action...." CCP § 2025(a). The Court is inclined to grant Plaintiff's motion to

compel.

However, Defendant has filed his motion for a protective order. Defendant is not

contending that Plaintiff is not entitled to depose him. Rather, it appears that Defendant wants

1

EXHIBIT 24

PAGE 272

Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition. As such, Defendant seeks an order to establish the timing and sequence of the discovery requests. The Court is also inclined to grant Defendant's motion for a protective order.

Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control. Defendant is ordered to be deposed 20 days after Plaintiff produces these documents.

DATED:       October 5, 2004

GREGORY W. ALARCON
SUPERIOR COURT JUDGE

2

EXHIBIT 24
PAGE 273

Oct 21 04 02:51p

p.1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Tania Krebs (Bar No. 227281)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  (213) 443-3000 (telephone)
   (213) 443-3100 (facsimile)
5
   Attorneys for Plaintiff
6  Mattel, Inc.
7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                 FOR THE COUNTY OF LOS ANGELES
10
11 MATTEL, INC., a Delaware corporation,    ) CASE NO. BC 314398
                                            )
12             Plaintiff,                   )
                                            )          ORDER GRANTING
13       v.                                 ) MATTEL'S EX PARTE
                                            ) APPLICATION TO SET
14 CARTER BRYANT, an individual, and        ) COMPELLED DEPOSITION OF
   DOES 1 through 10, inclusive,            ) DEFENDANT AND CROSS-
15                                          ) CLAIMANT CARTER BRYANT FOR
             Defendants.                    ) A DATE CERTAIN PURSUANT TO
16                                          ) THE COURT'S ORDER OF
   ─────────────────────────────           ) OCTOBER 5, 2004
17 CARTER BRYANT, on behalf of himself, all )
   present and former employees of Mattel, Inc., )
18 and the general public,                  )
                                            ) Judge:  Hon. Gregory Alarcon
19             Cross-Complainant,           ) Dept:   36
                                            ) Date Action Filed: April 27, 2004
20       v.                                 ) Trial Date:  None Set
                                            )
21 MATTEL, INC., a Delaware corporation,    )
                                            )
22             Cross-Defendant.             )
   ─────────────────────────────           )
23
24
25
26
27
28

FILED
LOS ANGELES SUPERIOR COURT

OCT 2 0 2004

JOHN A. CLARKE, CLERK
BY L. WALKER, DEPUTY

EXHIBIT 24
PAGE 274

1        This matter came before the Court on October 19, 2004 for an <u>ex parte</u>

2  order to set for a date certain the previously compelled deposition of Defendant and Cross-

3  Claimant Carter Bryant. Eric J. Emanuel and Michael T. Zeller of Quinn Emanuel Urquhart

4  Oliver & Hedges, LLP appeared on behalf of Plaintiff Mattel, Inc.  The appearance for

5  Defendant is noted on the record.

6        Having considering the papers and after considering the arguments of

7  counsel regarding Mattel's application, the Court hereby FINDS that good cause exists for

8  the issuance of <u>ex parte</u> relief, and hereby GRANTS Mattel's <u>ex parte</u> application.

9        Accordingly, the Court ORDERS and compels Defendant and Cross-

10  Claimant Carter Bryant to appear for deposition commencing on November 4, 2004, at 9:00

11  a.m. at University Plaza Hotel and Convention Center, 333 S. John Q. Hammons Parkway,

12  Springfield, Missouri 65806.

13

14  IT IS SO ORDERED

15  Date: **10/20/04**

16                        Honorable Judge Gregory Alarcon

                           Judge of the Superior Court

17

18

19

20  Submitted by:   QUINN EMANUEL URQUHART OLIVER & HEDGES

21  Attorneys for:   Plaintiff Mattel, Inc.

22

23

24

25

26

27

28                                  EXHIBIT ____24____

                                    PAGE ____275____

# Exhibit 25

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | Case No. CV 04-3431 NM (RNBx) |
| Plaintiff, | PLAINTIFF MATTEL, INC.'S NOTICE OF DEPOSITION OF CARTER BRYANT |
| v. | |
| CARTER BRYANT, an individual; and DOES 1 through 10, inclusive, | |
| Defendants. | |

02284/589933.1

EXHIBIT _25_

PAGE _276_

NOTICE OF DEPOSITION

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that plaintiff Mattel, Inc. will take the

3 | deposition of defendant Carter Bryant on June 29, 2004, beginning at 9:30 a.m., at the

4 | offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

5 | Street, 10th Floor, Los Angeles, California.

6 |      PLEASE TAKE FURTHER NOTICE that the deposition will take place

7 | upon oral examination before a duly authorized notary public or other officer

8 | authorized to administer oaths at depositions, and will continue from day to day,

9 | Sundays, Saturdays and legal holidays excepted, until completed.

10 |      PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ.

11 | P. 30(b)(2), the deposition will be videotaped.

12 |

13 | DATED: June 17, 2004        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

14 |

15 |                 By _Mima T. Z~_

16 |                   Michael T. Zeller
                  Attorneys for Plaintiff
                  Mattel, Inc.

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 | EXHIBIT _25_

28 | PAGE _277_

02284/589933.1

NOTICE OF DEPOSITION

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles  State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017.

On June 17, 2004, I served the foregoing document(s) described as **PLAINTIFF MATTEL, INC'S NOTICE OF DEPOSITION OF CARTER BRYANT** on all interested parties in this action.

**Robert F. Millman, Esq.**
**Doughlas A. Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

[X]   By placing [ ] the original [X ] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   **BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

[ X ]   As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT COURIER** I caused each envelope with postage prepaid to be sent by <u>Federal Express</u>.

[X ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on June 17, 2004, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

<u>SONIJA N. WILLIAMS</u>
Print Name                                Signature

EXHIBIT 25

PAGE 278

# Exhibit 26

Received:   8/23/04  2:08PM;   -> quinn,emanuel;  Page 2
RightFAX          6/23/2004 1:56    PAGE 002 002    Fax Server

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

_____ Priority
_____ Send
_____ Clsd.,
_____ Enter
_____ JS-5/JS-6
_____ JS-2/JS-3

CASE NO.  CV 04-03431-NM(RNBx)                    DATE: 6/22/04

TITLE: Mattel, Inc. -v- Carter Bryant

PRESENT:          HON. NORA M. MANELLA, JUDGE

Judith Hurley                N/A
Deputy Clerk                 Court Reporter

ATTORNEY FOR PLAINTIFF        ATTORNEY FOR DEFENDANT
     N/A                          N/A

PROCEEDINGS:  IN CHAMBERS

        On June 18, 2004, Defendant Carter Bryant filed an Ex Parte Application for
an Order Postponing Rule 26 Obligations, Staying Discovery Pending Resolution of
Plaintiff's Motion for Remand, and Advancing the Hearing Date on Plaintiff's
Motion for Remand to July 19, 2004. Motions before the court are scheduled for the
first available hearing date. Accordingly. Defendant's request to advance the hearing
date is denied. Having removed this action, Defendant cannot now complain about
having to comply with the federal rules. Defendant's ex parte application is
DENIED.

DOCKETED ON CM
JUN 2 3 2004
BY            013

cc: Counsel                          Initials of Deputy Clerk
CIVIL MINUTES 11

EXHIBIT ___
PAGE 279

# Exhibit 27

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 11, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

Because defendant declined to meet and confer within the time mandated by Local Rule 37-1, I am enclosing Mattel's draft portions of a Joint Stipulation for Mattel's motion to compel the defendant's deposition.  Pursuant to the Local Rules, defendant's portions are due no later than Friday, July 16, 2004.

Please let me know if you have any questions or concerns.

Very truly yours,

Michael T. Zeller

EXHIBIT 27

PAGE 280

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco. California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores. California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
   865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
   Mattel, Inc.

6

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  MATTEL, INC., a Delaware            )   Case No. CV 04-3431 NM (RNBx)
    corporation,                        )
12                                      )   **DISCOVERY MATTER**
               Plaintiff,               )
13                                      )   JOINT STIPULATION RE:
         v.                             )   MATTEL, INC.'S MOTION TO
14                                      )   COMPEL DEPOSITION OF
    CARTER BRYANT, an individual; and   )   DEFENDANT CARTER BRYANT
15  DOES 1 through 10, inclusive,       )
                                        )   [Declarations of Michael T. Zeller
16             Defendants.              )   and _____ filed concurrently
                                        )   herewith]
17
                                            Date:    August 10, 2004
18                                          Time:    9:30 a.m.

19                                          Magistrate Judge Robert N. Block

20
                                            Discovery cut-off: None set
21

22

23

24

25

26      Pursuant to Local Rule 37-2, plaintiff Mattel, Inc. ("Mattel") and defendant

27  Carter Bryant hereby respectfully submit this Joint Stipulation regarding Mattel's

28  Motion to Compel the Deposition of Defendant Carter Bryant.

EXHIBIT 27

07209/593681.1

PAGE 281

JOINT STIPULATION

**Mattel's Introductory Statement**

Defendant Carter Bryant is a former Mattel employee. He worked as a designer at Mattel's design center in El Segundo, California from September 1995 to April 1998, and then again from January 1999 to October 2000.[1] On January 4, 1999, upon starting his second term of Mattel employment, defendant executed an Employee Confidential Information and Inventions Agreement (the "Employee Agreement").[2] In the Employee Agreement, Bryant agreed that he would not, without Mattel's express written consent, "engage in any employment or business other than for [Mattel], or invest in or assist (in any manner) any business competitive with the business or future business plans of [Mattel]." In addition, Bryant assigned to Mattel all right, title and interest in "inventions," including without limitation "designs," that he conceived, created or reduced to practice during his employment by Mattel.

In November 2003, Mattel obtained a copy of a contract between defendant and a Mattel competitor, MGA Entertainment Inc.[3] That contract, which defendant and MGA entered into while defendant was employed by Mattel, required defendant to provide design services to MGA on a "top priority" basis,[4] in conflict with his then-existing obligations to Mattel. It also purported to grant MGA ownership of works produced by defendant, both before and after the agreement's effective date, in further contravention of his obligations to Mattel.[5] Through this agreement, Mattel thus first learned that defendant--while being employed and paid by Mattel for his

---

[1]   Declaration of Michael T. Zeller, dated July __, 2004 and filed concurrently herewith ("Zeller Dec."), Exh. 1, at ¶ 9.

[2]   Exhibit A to Mattel's Complaint (Zeller Dec., Exh. 1).

[3]   Zeller Dec., Exh. 2.  MGA is a substantial toy company, enjoying revenues in excess of $700 million annually, that is based in Southern California. See id., Exh. __.

[4]   Id., Exh. 2, ¶ 1.

[5]   Id., Exh. 2, at ¶ 3(a) ("[a]ll results and proceeds of the services provided by Bryant hereunder . . . shall be considered 'work made for hire' and shall be owned exclusively" by competitor) & ¶ 3(b) ("Bryant hereby irrevocably grants, conveys, transfers, sets over and assigns" to competitor works produced by Bryant "prior to the commencement of the term of this Agreement").

07209/593681.1

-2-

EXHIBIT 27

PAGE 282   JOINT STIPULATION

1    exclusive services as a designer--secretly also worked as a designer for a Mattel

2    competitor. As a result, in April 2004, Mattel sued for breach of contract, breach of

3    fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion.

4         Mattel noticed defendant's deposition for June 29, 2004.[6] Almost immediately

5    after the notice was served, defendant declined to appear for deposition and sought

6    an ex parte Order from Judge Manella to stay all discovery by Mattel. Judge Manella

7    rejected defendant's request.[7]  Defendant began in earnest with a litany of moving-

8    target excuses as to why he could not be deposed for an indeterminate period of time

9    and thereby sought to arrogate to himself the very discovery stay that Judge Manella

10   denied.[8]  For example, defendant asserted, without authority, that he is immune from

11   deposition until Mattel "provide[s] full and complete responses to Mr. Bryant's recent

12   discovery"--even though Mattel's responses were not even due yet. As Rule 26(d)

13   expressly provides, "the fact that a party is conducting discovery, whether by

14   deposition or otherwise, does not operate to delay any other party's discovery."

15   Moreover, it is defendant and third parties associated with him (such as MGA) who

16   are uniquely in possession of facts concerning defendant's secret work for MGA

17   while he was employed by Mattel. Indeed, defendant's discovery requests to Mattel--

18   which he urged must be answered before he can be deposed--purport to demand that

19   Mattel disclose facts that are known by defendant and his third-party associates, and

20   not by Mattel. Defendant further claimed that he was not available at all, for a host

21   of scheduling reasons, for deposition until August 16, 2004 at the earliest.

22        To cut through the obstacles that defendant raised, and in the hopes of

23   avoiding burdening the Court with a motion, Mattel made a simple proposal. Mattel

24   agreed to take defendant's deposition in St. Louis, Missouri (the location defendant

25   stated he preferred) on August 16, 2004 (the date when defendant stated he was first

26        [6]  Id., Exh. 4.

27        [7]  Id., Exh. 3.

28        [8]  The facts surrounding this discovery dispute are discussed in greater detail below
     and are evidenced in the Zeller Dec., ¶¶ __ and Exhs. __ through __.

07209/593681.1

-3-   EXHIBIT 27

PAGE 283                        JOINT STIPULATION

1   available), provided that defendant entered into a binding Stipulation to ensure his
2   appearance at that time and place.  The proposal merely requiring that defendant
3   obligate himself to show up was more than reasonable, so as to avoid any further
4   delays on top of the lengthy delay defendant was already creating.  See Local Rule
5   7-1 ("Stipulations will be recognized as binding only when made in open court, on
6   the record at a deposition, or when filed in the proceeding.").  And, if defendant truly
7   intended in good faith to appear for his deposition, he should not have any difficulty
8   entering into a binding agreement to do so.

9        Yet, defendant would not agree.  Mattel made its specific proposal on June 25.
10  Receiving no response, Mattel followed up on June 28 and also asked to meet and
11  confer about defendant's refusals to appear for deposition.  Defendant still did not
12  respond, so Mattel again followed up on July 5.  Defendant still did not respond, so
13  Mattel followed up again on July 8 and reminded defendant that his time to meet and
14  confer was expiring.  Defendant finally replied, but he declined to meet and confer
15  within the time mandated by the Rules, continued to ignore Mattel's straight-forward
16  proposal from two weeks earlier and provided no reason why he would not stipulate.
17  Even before all of this, on June 22 and June 23, Mattel had contacted defendant to
18  work out issues regarding his deposition, but to no avail.

19       Thus, Mattel made repeated efforts for weeks to obtain defendant's cooperation
20  in the matter of setting his deposition for a date certain.  Defendant ignored Mattel's
21  attempts to resolve the issue, failed to meet and confer within the time required by the
22  Rules and still, to this day, has provided no binding assurance that he will appear for
23  deposition. Accordingly, Mattel respectfully requests the Court's assistance to ensure
24  that defendant appears for deposition by ordering defendant to sit for a day of
25  deposition in St. Louis during the week of August 16, 2004, which was a time that he
26  acknowledged he was available, or at such earlier time as the Court may direct.

27

28

-4-   EXHIBIT 27

PAGE 284   JOINT STIPULATION

1

## Defendant's Introductory Statement

2 [TBA]

3

4

## Statement of Issue

5 Should defendant Carter Bryant be compelled to appear for deposition?

6

7

## Mattel's Contentions

8       It cannot be seriously disputed that Mattel is entitled to take defendant's
9 deposition.  Little could be more fundamental than a plaintiff's right to obtain the
10 sworn testimony of a defendant.  For reasons specific to this case, it is also critical
11 that Mattel be allowed to take his deposition promptly, without further delay beyond
12 the protracted delay that defendant is already creating.  Defendant--along with MGA
13 and other third parties associated with defendant--are in unique possession of the
14 facts here.  Mattel cannot readily obtain information about defendant's work for
15 MGA without discovery from defendant and from MGA, since they are percipient
16 witnesses to those activities and particularly since defendant kept his activities for
17 MGA secret from Mattel.   Moreover, Mattel anticipates that discovery from
18 defendant (and MGA) will reveal additional persons with percipient knowledge as to
19 defendant's disloyalty.  Thus, the more that defendant delays in making himself
20 available for deposition, the longer this entire case is delayed, to Mattel's prejudice.
21       Defendant nevertheless has refused to comply with Mattel's deposition notice
22 and has unreasonably failed to make himself available for deposition.  Mattel filed
23 this suit in April 2004,[9] and defendant subsequently removed it to this Court.  On
24 June 17, 2004, Mattel served a Notice of Deposition for defendant.[10]  The next day,
25 defendant filed with the Court an ex parte application that sought a complete stay of
26 discovery by Mattel and of all disclosure obligations by defendant, among other

27 _____

28   [9] Zeller Dec., Exh. 1.
    [10] Id., Exh. 4.

07209/593681.1

EXHIBIT 27

-5-   PAGE 285

JOINT STIPULATION

1   things. Mattel opposed the application, and Judge Manella denied the entirety of

2   defendant's application, including his stay requests, by an Order dated June 22,

3   2004.[11]

4       In his ex parte application, defendant raised his first alleged complaint about

5   his deposition, asserting that Mattel's Notice of Deposition was purportedly

6   "procedurally defective" because it noticed his deposition for Los Angeles. Mattel

7   promptly wrote to defendant's counsel on June 22 in an effort to resolve this single

8   objection which defendant had raised about the deposition.[12] While noting that

9   defendant's argument was legally incorrect (see, e.g., Turner v. Prudential Ins. Co.

10   of America, 119 F.R.D. 381 (M.D.N.C. 1988) ("A party may unilaterally choose the

11   place for deposing an opposing party, subject to the granting of a protective order by

12   the Court pursuant to Rule 26(c)(2).")),[13] Mattel nevertheless offered to take

13   defendant's deposition in any location that he proposed so as to obviate defendant's

14   supposed grievance.[14]

15       Defendant wrote back, but reiterated his argument about the deposition taking

16   place in Los Angeles, without providing any response to Mattel's invitation to take

17   the deposition in a city he selected.[15] He also began raising wholly new objections

18   to being deposed for, evidently, an indefinite period of time. For example, defendant

19   asserted without supporting authority that he could not be deposed until Mattel

20   "provide[s] full and complete responses to Mr. Bryant's recent discovery" -- which

21

22

---

23     [11] Id., Exh. 3. The alleged basis for his ex parte that Judge Manella rejected was that

24   defendant has no obligation to comply with discovery or with his disclosure obligations
because Mattel had filed a motion for remand.

25     [12] Id., Exh. 5.

26     [13] While defendant repeatedly asserted that he would be moving for a protective
order concerning his deposition, defendant has not done so, or even met and conferred on

27   such a motion. Id., ¶¶ __ & Exhs. __.

28     [14] Id., Exh. 5.
    [15] Id., Exhs. 6 & 7.

EXHIBIT 27

PAGE 286

07209/593681.1

-6-

JOINT STIPULATION

1  responses were not yet even due.[16]  As Mattel pointed out to defendant,[17] however,
2  the Federal Rules expressly reject that position.  Rule 26(d) states on its face that
3  "methods of discovery may be used in any sequence, and the fact that a party is
4  conducting discovery, whether by deposition or otherwise, does not operate to delay
5  any other party's discovery." Accord Schwarzer, Tashima, and Wagstaffe, California
6  Practice Guide: Federal Civil Procedure Before Trial, ¶ 11:1390 ("The fact one party
7  is conducting discovery (by deposition or otherwise) does not operate to delay
8  another party's right to discovery."). Moreover, defendant's suggestion was factually
9  untenable because he is uniquely in possession of the facts concerning his covert
10  work for and assistance to MGA while he was employed by Mattel.  Indeed, the bulk
11  of defendant's discovery requests to Mattel that he relied upon seek from Mattel facts
12  that are entirely within the possession of defendant and third parties associated with
13  defendant, and are not known to Mattel.[18]  Thus, as Mattel also pointed out at the
14  time, defendant's argument had the effect of unreasonably obstructing discovery by
15  posing a supposed dilemma for Mattel that is contrary to law.[19]

16      It was only after yet another request by Mattel on June 23[20] that defendant
17  finally identified St. Louis as a convenient location for his deposition.[21] At the same
18  time, defendant continued to raise claimed objections to the deposition, including

19
20      [16] Id., Exh. 6.
21      [17] Id., Exh. 7.
    [18] Id., ¶ __ & Exhs. 8 and 9.
22      [19] Id., Exh. 7.  Defendant also asserted that he lacked adequate notice of Mattel's
claims to be deposed.  Far from being "bare bones" as defendant has claimed, however,
23  Mattel's Complaint identifies the salient conduct for which he has been sued.  Had he
24  believed otherwise, defendant would have moved for further particulars.
    [20] Id., Exh. 10.
25      [21] Id., Exh. 11. As reflected in the correspondence, defendant additionally took the
26  position that defendant's deposition should be stayed until after Judge Manella rules on
Mattel's motion for remand.  Defendant raised this specific argument in his ex parte
27  application. As Mattel has stated, and defendant has now conceded, this contention cannot
28  serve as a basis for his refusal to comply with Mattel's notice of deposition because it was
rejected by the Court in denying his ex parte.

07209/593681.1

-7-  EXHIBIT 27

PAGE 287      JOINT STIPULATION

1  entirely new ones based on defendant's alleged availability for almost two months,
2  through the week of August 16, to be deposed.  In its response the following day, on
3  June 25, Mattel noted that defendant had no right through such a lengthy delay to
4  arrogate to himself the very discovery stay that Judge Manella had rejected and did
5  not consider defendant's continuing litany of excuses for his stonewalling to be
6  legitimate.[22] Nevertheless, Mattel made a simple proposal to resolve these issues with
7  defendant.  Mattel stated: "[T]o avoid burdening the Court with a motion to compel,
8  we will agree to take Mr. Bryant's deposition in St. Louis, Missouri, starting on
9  August 16, 2004, if defendant enters into a binding Stipulation that will ensure there
10  are no further delays."[23] Mattel also attached a draft Stipulation and [Proposed] Order
11  for defendant's review and comments.[24]

12      Such a Stipulation was, and remains, appropriate here so as to ensure that
13  defendant does not subsequently change his position and refuse to appear on August
14  16, 2004.  It was also reasonable in light of the requirements of Local Rule 7-1, which
15  states that "[s]tipulations will be recognized as binding only when made in open
16  court, on the record at a deposition, or when filed in the proceeding."  And, if
17  defendant truly intended in good faith to appear for his deposition, he should not have
18  any difficulty entering into a binding agreement to do so.

19      Five days passed without response by defendant.  Accordingly, on June 30,
20  Mattel contacted him again and asked for a reply to its June 25 proposal seeking
21  defendant's binding assurance that he would appear for deposition.[25]  Expressly
22  reciting Local Rule 37-1, Mattel also reiterated its positions regarding defendant's
23  failure to appear for deposition and his failure to cooperate in even trying to schedule
24  a date when would obligate himself to show up and asked defendant to meet and

25  [22] Id., Exh. 12.
26  [23] Id., Exh. 12.
27  [24] Id., Exh. 12.
28  [25] Id., Exh. 13.

EXHIBIT 27

PAGE 288

-8-

JOINT STIPULATION

confer.[26]  Mattel further noted that "this matter can be easily resolved by defendant executing the Stipulation and returning it to me."[27]

Another five days passed with still no response from defendant.  Mattel again followed up on July 5.[28]

Defendant still did not respond, so Mattel followed up again on July 8 and reminded defendant that his time to meet and confer was expiring.[29]

Defendant finally replied, but he declined to meet and confer within the time mandated by Local Rule 37-1, continued in his failure to respond Mattel's straight-forward proposal of June 25 and provided no reason why he would not stipulate to his deposition on a date certain.[30]  Thus, some three weeks after Mattel had sought to engage defendant in resolving the issues he began raising about his deposition, and two weeks after Mattel had made a specific proposal to fully resolve the disputes regarding his deposition, defendant still would not give any binding assurance that he would appear for deposition.[31]  Nor, to this day, has defendant provided any binding assurance that he will ever appear for deposition.[32]

Simply put, Mattel is entitled to take defendant's deposition, but defendant's prolonged recalcitrance and refusals to cooperate regrettably require this Court's intervention to ensure that he appears for deposition.  Defendant's stonewalling also must end, and end soon, to avoid even further delay in Mattel's ability to move this case forward in a prompt fashion.  Mattel therefore respectfully requests that the Court order defendant to sit for a day of deposition in St. Louis during the week of

---

[26] Id., Exh. 13.
[27] Id., Exh. 13.
[28] Id., Exh. 14.
[29] Id., Exh. 15.
[30] Id., Exh. 16; see also id., ¶¶ __ & Exhs. 17 & __.
[31] Id., ¶¶ __ & Exhs. __.
[32] Id.

EXHIBIT 27

PAGE 289

07209/593681.1

JOINT STIPULATION

1 │ August 16, 2004, which was a time that he acknowledged he was available, or at such

2 │ earlier time as the Court may direct.

3

4 │ **Defendant's Contentions**

5 │ **[TBA]**

6

7 │ DATED: July __, 2004

8 │ QUINN EMANUEL URQUHART
  │ OLIVER & HEDGES, LLP

9

10 │ By_____
   │     Michael T. Zeller
11 │     Attorneys for Plaintiff
   │     Mattel, Inc.
12

13 │ DATED: July __, 2004
14

15 │ LITTLER MENDELSON, P.C.

16 │ By_____
   │     Douglas A. Wickham
17 │     Attorneys for Defendant
   │     Carter Bryant

18

19

20

21

22

23

24

25

26

27 │ EXHIBIT 27

28 │ PAGE 290

07209/593681.1

-10-

JOINT STIPULATION

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **SAN DIEGO**<br>4445 Eastgate Mall, Suite 200<br>San Diego, CA 92121<br>(858) 812-3107<br>Facsimile: (858) 812-3336 | **LOS ANGELES**<br>865 So. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100 | **SAN FRANCISCO**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700 |
| **PALM SPRINGS**<br>45-025 Manitou Drive, Suite 8<br>Indian Wells, CA 92210<br>(760) 345-4757<br>Facsimile: (760) 345-2414 | **NEW YORK**<br>335 Madison Avenue, 17th Floor<br>New York, NY 10017-4611<br>(212) 702-8100<br>Facsimile: (212) 702-8200 | **SILICON VALLEY**<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 11, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| | | |
|---|---|---|
| CLIENT#:   7209 | ROUTE/<br>RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT ___27___

PAGE __291__

Send Confirmation Report

Line 1: quinn,emanuel                 ID: 12136240643                  12 Jul'04 12:22AM Page  1
Line 2: JetFax M920e                  ID: 13102014746

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 2 | 7/12 12:19AM | 3'19" | 9776#7209#1310553558 3# | Send.............. | 12/12 | EC144 | Completed................................... |

              Total:    3'19"    Pages sent: 12    Pages printed: 0

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

 

LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:  July 11, 2004

                                          NUMBER OF PAGES, INCLUDING COVER:
TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman Douglas Wickham | 310-553-0308 | 310-553-5583 |

FROM:  Michael T. Zeller

RE:    Mattel v. Bryant

MESSAGE:

| CLIENT #:  7209 | ROUTE/ RETURN TO: Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|------|------|------|
| OPERATOR: | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. This information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT  27

PAGE  292

**Exhibit 28**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 12, 2004

**BY FACSIMILE**

Douglas Wickham, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Wickham:

Thank you for your letter of earlier today.

I will first address your suggestions that defendant has been complying with his obligations under the <u>Rules</u> and then address defendant's disputes over his deposition.

1.    **Defendant's Failures to Respond and to Meet and Confer.**

The chronology of events makes clear that it is defendant--not Mattel--who declined to meet and confer within the times required by the <u>Rules</u> and who failed to respond to inquiries about availability:

- In addition to two prior letters on the subject, I wrote you on June 25, 2004 regarding the disputes raised by defendant over his deposition, including defendant's purported intention to file a motion for protective order to preclude his deposition. I stated in that letter: "I am available to meet with you about defendant's motion for protective order and Mattel's motion to compel on Monday, at any time after 1 p.m." You never responded to my proposal.

- I wrote you on June 30, 2004 regarding defendant's anticipated counterclaims. I noted that you had not responded "to my prior invitation to meet with you earlier this week" and

EXHIBIT 28

PAGE 293

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3356

therefore asked you to "please let me know when you are available to meet about defendant's motion" concerning the counterclaims.

- Also on June 30, 2004, I wrote you about the separate matter of defendant's deposition. I "again" requested that you "please let me know when you are available to meet and confer about Mattel's contemplated motion to compel".

- You still did not respond, and I followed up with a letter on July 5. After noting that "I have not received any response to my letters of June 25, 2004 and June 30, 2004 regarding Mr. Bryant's deposition," I asked you to "[p]lease let me know when I can expect to receive your responses on these outstanding matters".

- You still did not respond, and I followed up yet again with a letter on July 8. After noting that I had not received any response to my June 25, June 30 and July 5 letters regarding defendant's deposition, I wrote in that letter to you: "Nor have I heard from you as to when defendant's counsel is available for the meet and confer that we requested, even though I had proposed specific times for the conference. Defendant's time to meet and confer, as required by the <u>Local Rules</u>, on the issues regarding Mr. Bryant's deposition expires tomorrow at the latest. Please let me know when you are available to meet and confer about this subject. I am available the rest of today as well as anytime before 10:00 a.m. tomorrow."

- You responded, finally, on Thursday, July 8. You ignored entirely the times I had proposed to meet, and instead stated only that you were willing to meet "next week"--well after defendant's time to confer on Mattel's motion to compel defendant's deposition had expired under <u>Local Rule</u> 37-1.

This pattern by defendant more than suffices to refute the claims in your letter of today that defendant has been cooperative and that Mattel has "refused and failed" to meet and confer. Two other examples make defendant's tactics of stonewalling and delay even more evident:

- On June 17, 2004, I sent you a draft Protective Order for your review and comments. Now, almost a *month* later, I have received *no* substantive response from you on this subject, despite my additional follow-up requests for a response.

- By the Court's Scheduling Order, defendant's opposition to Mattel's motion for remand was due on July 2, the Friday before the long holiday weekend, and Mattel's reply was due on July 12. When I did not receive a copy of defendant's opposition, I wrote you during the afternoon of July 2 and requested a faxed copy. Still having not received defendant's papers or any response to my July 2 request, I wrote you again on Monday, July 5, and asked you to "[p]lease let me know when we can expect defendant's papers." Then, on Tuesday, July 6, still not having received defendant's opposition or any response to my prior requests, I

2

EXHIBIT 28
PAGE 294

wrote you again and asked for his papers. This request likewise went ignored by you, and you also ignored my phone messages inquiring about our obtaining a copy of the defendant's opposition. Defendant's papers finally showed up--in the *mail*, even though they were not even remotely voluminous--during the late afternoon of July 6. Through this game-playing, defendant thus simply decided to deprive us of almost five days of the time that Judge Manella had granted us to prepare a reply. You then wrote me on Thursday, July 8 and, for the first time, offered to provide defendant's opposition to us on that day--a facetious offer at best, given that it was almost a *week* after defendant's opposition was due by Court Order and was some four days before our reply was due.

Nor have you been more responsive to my phone calls or messages. Indeed, I do not recall a single instance in which you actually responded to a phone message that I have left for you. Thus, your complaint that I am writing letters to you is not well founded.[1]

## 2.   The Carter Bryant Deposition.

While your letter of today claims that Mattel's motion to compel defendant's deposition is "moot" because the parties ostensibly have an "agreement" about his deposition, the matter is not resolved because defendant has not given any *binding* assurance that he will appear for deposition. See Local Rule 7-1 ("[s]tipulations will be recognized as binding only when made in open court, on the record at a deposition, or when filed in the proceeding."). This is what I sent you over two weeks, but you have never responded to in any way.

Moreover, your letter of today cryptically asserts that defendant's deposition will "begi[n]" on August 17 "and continu[e] thereafter until completed." It appears from this last bit of qualifying language that defendant is suggesting, as you had recently asserted elsewhere, that defendant can be deposed only in one "consecutive," two-day session and that Mattel is "not . . . allowed to resume Defendant's deposition after it obtains further discovery, either voluntarily or after law and motion practice."

If this is what is meant by your letter, it is not part of any "agreement" as your letter claims. Such an artificial constraint would not foster the truth-finding function of a deposition. Mattel should have the right to elect to take the first day of testimony from defendant earlier in the case and, once additional facts are learned through further discovery, to take a second day of testimony from defendant near the end of the discovery period if it believes such a course is appropriate. Any other arrangement would provide both defendant and MGA with an incentive to resist or withhold discovery until after defendant's deposition is taken and then assert that Mattel has no right to

---

[1]  Equally unavailing is your complaint that I did not reply to your July 8 letter for three days--two days of which were over a weekend. As indicated previously, there are outstanding matters that you still have not responded to for weeks.

EXHIBIT 28

PAGE 295

question defendant about such later-produced discovery. As you know, MGA is asserting that it need not provide discovery until after defendant does. When taken together, this coordinated strategy by defendant and MGA is an attempt to deny Mattel the ability to depose defendant on discovery obtained after his deposition from any source--which, by MGA's position, would necessarily include MGA. For the reasons set forth in my letter of July 7, 2004 to Diana Torres, which I am sure that she has provided to you, we do not consider these positions to be fair or justified under the <u>Rules</u>.

Thus, as I mentioned in my letter of earlier today, unless and until a binding resolution of the issues surrounding Mr. Bryant's deposition is reached, we will continue to move forward with our motion to compel under <u>Local Rule</u> 37. We nevertheless can discuss tomorrow whether defendant will agree to a binding resolution of his disputes about his deposition so as to avoid our having to seek the Court's assistance.

Very truly yours,

Michael T. Zeller

4

EXHIBIT 28

PAGE 296

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

LOS ANGELES
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

PALM SPRINGS
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   July 12, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|------|-----------|---------|
| Robert Millman<br>Douglas Wickham | 310-553-0308 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #:  **7209** | ROUTE/<br>RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT ___28___

PAGE __297__

## Send Confirmation Report

Line 1: quinn,emanuel     ID: 12136240643
Line 2: JetFax M920e     ID: 13102014746     12 Jul'04 11:24PM Page  1

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|---|---|---|---|---|---|---|---|
| 68 | 7/12 11:22PM | 1'24" | 9776#7209#13105535583# | Send............. | 5/ 5 | EC144 | Completed.................................... |

Total:  1'24"   Pages sent: 5   Pages printed: 0

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**LOS ANGELES OFFICE**

### FACSIMILE TRANSMISSION

DATE:  July 12, 2004

TO/COMPANY:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Robert Millman | 310-553-0308 | 310-553-5583 |
| Douglas Wickham | | |

FROM:  Michael T. Zeller

RE:  Mattel v. Bryant

MESSAGE:

CLIENT #: 7300   ROUTE/ RETURN TO: Maria Albert   ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT

OPERATOR:   CONFIRM? ☐ NO ☐ YES:

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT 28
PAGE 298

**Exhibit 29**



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

<table>
<tr><td>July 14, 2004</td><td>Keith A. Jacoby<br>Direct: 310.772.7284<br>Direct Fax: 310.553.5583<br>kjacoby@littler.com</td></tr>
</table>

<u>**VIA FACSIMILE (213.443-3100) AND U.S. MAIL**</u>

Michael T. Zeller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:     <u>**Mattel, Inc. v. Carter Bryant**</u>

Dear Mr. Zeller:

This letter will memorialize the position of Defendant Carter Bryant with respect to the taking of his deposition, and my understanding of Plaintiff Mattel Inc.'s (Mattel") position, as set forth in our meeting yesterday.

My understanding is that Mattel has agreed to take Mr. Bryant's deposition in St. Louis, Missouri. Mattel may select an appropriate location, and Littler Mendelson is happy to suggest a location if your firm has no suggestion.

My understanding is that an agreement has been reached to commence the deposition on August 17, 2004 at 10:00 a.m.

Two issues remain outstanding, which you suggest require Court intervention. We believe nothing that has occurred to date warrants Court intervention or prophylactic orders, and you have stated no good reason why such Court intervention is necessary. Your suggestion that pre-deposition orders are required appear to be little more than an attempt to gratuitously disparage Mr. Bryant, when he has done absolutely nothing wrong.

First, Mr. Bryant has offered to extend the seven hour limit on testimony by a single witness provided by F.R.C.P. 30(d)(2) to 14 hours, in order to give Mattel an opportunity to complete the deposition. Mr. Bryant has agreed to make himself available over August 17, 18, and 19 to accomplish that task. My understanding is that while specifics have not been agreed to at this time, both Mattel and Mr. Bryant are willing in principle to extend the seven hour limit with respect to Rule 30(b)(6) depositions as well.

Mr. Bryant is not willing to permit, as you proposed yesterday, that Mattel be allowed to initially proceed with his deposition for seven hours, or anything less that 14 hours, and then resume his deposition at a later time, after further discovery is completed. That type of

ARIZONA

CALIFORNIA

COLORADO

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

MASSACHUSETTS

MINNESOTA

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

PENNSYLVANIA

TEXAS

WASHINGTON

EXHIBIT   21

PAGE   299

Michael T. Zeller, Esq.
July 14, 2004
Page 2

procedure does not conform to F.R.C.P. 30(d)(2).  Moreover, depositions are customarily noticed and taken from day to day, until completed.  *In fact, Mattel's deposition notice expressly states that Mr. Bryant's deposition will continue from day to day until completed.* We agree that is precisely what should happen.

It is your client's decision to take Mr. Bryant's deposition at the beginning of this case. Mattel originally noticed Mr. Bryant's deposition before *any* formal discovery whatsoever was completed.  In such circumstances, it will always be true that the parties will learn more about the case as discovery progresses, but the law does not require witnesses to appear and reappear again as discovery unfolds.  Mattel is free to wait until a later date to take Mr. Bryant's deposition, if it so chooses.  However, if his deposition goes forward now, it will go forward in consecutive sessions, and will be deemed completed at the conclusion of 14 hours, or earlier if you elect to end the deposition in less than 14 hours.  I understand Mattel is not waiving its right to make a motion pursuant to F.R.C.P. 30(d)(2) to reopen Mr. Bryant's deposition, and Mr. Bryant is not waiving his right to oppose such a motion.

Finally, we have made it clear that there is no need for a Court order directing Mr. Bryant to appear, and Mr. Bryant will not stipulate to such an order.  Mr. Wickham and I articulated the various reasons why this is unnecessary, and I will not rehash them here.  In short, it is in Mr. Bryant's litigation interests to appear for deposition as agreed, and Mr. Wickham and I have given our representation as counsel that we will do everything in our power to ensure that Mr. Bryant will, in fact, appear.  At this time, we have absolutely no reason to believe that he will not appear as agreed.  While we, of course, cannot prevent an unforeseen medical emergency or other exigent circumstance that would warrant the canceling of any deposition, no such facts exist at this time.  In my entire career, I have never had a witness I was representing spontaneously refuse to appear, nor has Mr. Wickham.  I do not believe this will occur here, and ask that you accept the good faith representation of Mr. Wickham and I, rather than waste the Court's time and resources with a preemptive discovery motion.

Please contact me today before the close of business to confirm we have reached a final agreement on Mr. Bryant's deposition, on the terms I have proposed, and that a discovery motion is unnecessary.

Sincerely,

Keith A. Jacoby

cc:     Robert F. Millman, Esq.
        Douglas A. Wickham, Esq.
Los_Angeles:366808.2 028307.1010

EXHIBIT __29__

PAGE __300__