QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>     vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant.<br><br>────────────────────<br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-09059 & CV 05-2727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S OPPOSITION TO EX PARTE APPLICATION TO STRIKE MATTEL, INC.'S MOTION TO COMPEL OR, IN THE ALTERNATIVE, TO SET A BRIEFING SCHEDULE IN THE EVENT THAT MGA ENTERTAINMENT INC.'S MOTION TO QUASH IS DENIED<br><br>[DECLARATIONS OF JON COREY AND CYRUS NAIM SUBMITTED CONCURRENTLY]<br><br>Hearing Date:      TBD<br>Time:              TBD<br>Place:             TBD<br><br>Phase 2:<br>Discovery Cut-off:      Not set<br>Pre-trial Conference:   Not set<br>Trial Date:             Not set |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ............................................................................. 1

STATEMENT OF FACTS ................................................................................... 2

ARGUMENT ...................................................................................................... 9

I.    NOTWITHSTANDING THIS COURT'S ORDER AND TO DELAY RESOLUTION OF THIS DISCOVERY MATTER, THE OMNI PARTIES IMPROPERLY SUBMITTED THIS APPLICATION TO THE DISTRICT COURT ............................................................................. 9

II.   MATTEL AMPLY MET AND CONFERRED IN GOOD FAITH .............. 10

      A.   The Omni Parties Agreed to the Filing Schedule for the Motion to Compel .......................................................................................... 10

      B.   Mattel and the Omni Parties Met and Conferred Pursuant to the Agreement ................................................................................... 11

III.  MATTEL DID NOT VIOLATE THE RULES GOVERNING DISCOVERY DISPUTES ................................................................... 13

      A.   The Court Order Appointing a Discovery Master Applies to this Dispute ........................................................................................ 13

      B.   Mattel Complied with the Court Order Appointing a Discovery Master and the Parties' Agreement ............................................. 16

IV.   THE OMNI PARTIES HAVE CONCEDED THE IMPORTANCE OF THE REQUESTED DOCUMENTS ....................................................... 17

V.    THE JANUARY 7, 2009 ORDER DID NOT STAY DISCOVERY ............ 18

VI.   THE OMNI PARTIES HAVE NOT JUSTIFIED EX PARTE RELIEF OR A DELAY IN THE BRIEFING SCHEDULE ..................................... 19

CONCLUSION ................................................................................................. 20

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

## **Statutes**

4  Fed. R. Civ. Pro. 53 .................................................................................... 15

5  Fed. R. Civ. Pro. 53(a)(1)(C) ............................................................... 14, 15

6  Fed. R. Civ. Pro. 53(C)(1)(a) .................................................................... 15

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL, INC.'S OPPOSITION TO THE OMNI PARTIES' EX PARTE

## **Preliminary Statement**

Mattel has been trying, for weeks, to obtain even the most basic discovery about the true identity and source of funds for Omni 808's alleged mid-trial acquisition of MGA debt and whether it was in fact a related-party transaction. After MGA, Larian, Omni 808 and its affiliates all refused to provide a single page of documents relating to this transaction -- or even disclose who owns Omni, Vision Capital or Lexington -- Mattel file a motion to compel before the Discovery Master. Omni 808 then waited a week, until the day before its opposition was due, to bring this application to strike Mattel's motion. MGA's and Omni's repeated stonewalling, along with their demonstrably erroneous statements to the Court about the transaction and, now, Omni's ex parte application's timing and lack of merit, show that Omni's ex parte has one purpose: to continue to hide the facts and delay a ruling on Mattel's motion to compel Omni to produce documents.

Of course, if the documents of MGA, Omni and other third-parties showed only what they have represented is the case to the Court, then none of their tactical maneuvering would be necessary. MGA's and Omni's efforts to block discovery certainly speak volumes and should be treated as confirmation of Mattel's information uncovered by investigation that Omni's transaction was not "arms-length" as it has represented to the Court, but instead has the fingerprints of Issac Larian's brother-in-law all over them. Indeed, when Mattel attempted to serve Mr. Larian's brother-in-law, Leon Neman, with a subpoena a few days ago, a family member of his told the process server -- quite falsely -- that Mr. Neman was dead.

The grounds for Omni's application are groundless. Indeed, it essentially admits that they are willing to trade delay -- a staggered briefing schedule -- in exchange for any claim of a defect in the motion to compel. Omni 808 claims that Mattel has violated every Local Rule that it can think of, the Standing Order and the Discovery Master Order. The problem with this position, and much of Omni's argument, is that it explicitly agreed to (a) an expedited meet

-1-

and confer process, and (b) cross-briefing on the motion to quash and motion to compel.   The Discovery Master Order permits the parties to deviate from any requirement of the Order in furtherance of resolving discovery disputes.   That is what the parties and the subpoenaed parties did here.

Omni refuses to produce any documents responsive to the subpoenas. If the Motion to Quash is denied, it offered to produce only the bare agreements between Omni 808 and Wachovia, nothing more.   That provides no insight into the substance of the transaction.   Omni refused to produce any documents relating to its formation (which occurred mid-trial), who the owners or members are, who ultimately controls it, who provided the capital for Omni, who was the ultimate source of $100 million that Omni allegedly used to purchase the MGA debt, or any documents relating to MGA, Isaac Larian or his family members.   Each of these topics was discussed with counsel for Omni.   Mattel's Motion to Compel is ripe.   It should be heard promptly, as the parties agreed, not stricken in Omni's effort here to have more tactical delay.

## **Statement of Facts**

**The Court Lifts the Phase 2 Discovery Stay.**   On January 6, 2009, the Court lifted the almost year-long stay on Phase 2 discovery without limitation.[1]   The Court's January 7, 2009 Order appointing a forensic auditor did not limit Phase 2 discovery in any way.

On January 9, 2009, Mattel served subpoenas on third parties Omni 808 Investors, Inc., Vision Capital, LLC, and OmniNet Capital, LLC (the "Omni Parties"), among others.[2]   By these subpoenas Mattel sought information about the

---

[1]   Court's January 6, 2009 Order Appointing Discovery Master, at 2, Declaration of Jon D. Corey, Exh. 1.

[2]   Declaration of Jon D. Corey ("Corey Dec."), ¶ 3; Corey Dec., Exhs. 27, 28, and 29 (subpoenas).

Omni Parties' role in the acquisition of over $300 million in MGA debt for one-third that price, who the ultimately controls Omni 808, and the ultimate source of funds for the acquisition of the MGA's debt to Wachovia.

**All Parties and Third Parties Agree that Mattel's Motion to Compel Would be Filed on February 2.** Thereafter, counsel for Mattel, the MGA Parties, the Omni Parties, and other third parties agreed to a procedure to resolve any disputes over the third-party subpoenas (the "Agreement").[3] The Agreement was memorialized in a January 23, 2009 letter from Robert J. Herrington, counsel for the MGA Parties, to the other counsel, including Todd Gordinier, counsel for the Omni Parties."[4] Under that agreed procedure, all parties and third-parties agreed that (a) objections would be served on January 28, 2009, (b) meetings of counsel to resolve disputes would occur on January 29-30, and (c) any motion to quash or motion to compel would be filed on Monday, February 2, 2008. As the confirming letter plainly stated:

> I am writing to confirm the agreement regarding the subpoenas issue by Mattel to IGWT 82 Investments, LLC, IGWT Group, LLC, OmiNet Capital, LLC -[sic], Omni 808 Investors, LLC, Vision Capital, LLC and Wachovia Corporation (together "the Subpoenas"). As discussed, all objections to the Subpoenas will be due on Wednesday, January 28, 2009. Counsel for the parties and third parties will then meet and confer at mutually agreeable times on January 29 and 30, and any motions to quash, for

---

[3]   Corey Dec., ¶ 4.
[4]   January 23, 2009 letter from Robert J. Herrington to, among others, Todd Gordinier, Corey Dec., Exh. 2.

MATTEL, INC.'S OPPOSITION TO THE OMNI PARTIES' EX PARTE

1   protective order, or to compel will be due on Monday,

2   February 2, 2009.[5]

3   **Mattel Meets and Confers with the Omni Parties on January 30,**

4   **2009**.  Pursuant to the Agreement, on January 28, 2009, counsel for Mattel sent an

5   e-mail message to counsel for the MGA Parties and the third parties, including

6   counsel for the Omni Parties, to provide times for which they would be available to

7   meet and confer.[6]  Todd Gordinier, counsel for the Omni Parties responded by e-

8   mail, stating that he would be available for a teleconference on January 30, 2009.[7]

9   Nowhere in that e-mail did he object to any of the terms of the Agreement or

10  claimed that any other procedure had to be followed.  To the contrary, on January

11  30th, counsel for Mattel and counsel for the Omni Parties met and conferred

12  telephonically regarding the pertinent subpoenas.  During the conference, they

13  discussed ways by which the parties may avoid the necessity of a motion to

14  compel.[8]  Contrary to the suggestion of the Omni Parties, counsel discussed the

15  Court's January 7, 2009 Order appointing a forensic auditor to investigate MGA's

16  internal documents during the January 30, 2009 phone call.[9]  At the conclusion of

17  the conference, the parties agreed that Mattel's counsel would send a proposed

18  stipulation to avoid the filing of a motion to compel and the parties would meet and

19  confer telephonically again in the afternoon of February 2, 2009.[10]

20

21

22

23

24   [5]   January 23, 2008 letter from Robert J. Herrington, to Todd Gordinier, among others, Corey Dec., Exh. 2 (emphasis added).

25   [6]   January 28, 2009 e-mail from Jon Corey, Corey Dec., Exh. 3.

26   [7]   January 29, 2009 e-mail from Todd Gordinier, Corey Dec., Exh. 3.
     [8]   Corey Dec., ¶ 9.

27   [9]   Id.
     [10]   Id.

28

**Counsel for Mattel Prepares a Draft Stipulation and Sends the Omni Parties' Counsel the January 7 Order**.  In furtherance of the meet and confer process, on January 30, 2009, counsel for Mattel prepared a draft stipulation by which the parties would agree that Omni 808 and Vision Capital would not produce documents unless and until the Discovery Master denied MGA's motion to quash, after which they would produce all non-privileged, responsive documents.[11] Counsel for Mattel wrote to counsel for the Omni Parties that Mattel "would like to get this wrapped up on Monday [the day any motion to compel was due], if possible, based on the parties/third-parties agreements regarding timing."[12]  When counsel for Mattel sent the stipulation, he also provided to counsel for the Omni Parties the Court's January 7, 2009 Order appointing a forensic auditor.  Counsel for the Omni Parties acknowledged receiving the stipulation and the January 7 Order, but said he would not respond until February 2.[13]

**Counsel Agrees to Extend the Filing Deadline for the Motion to Compel from February 2 to February 3**.  Counsel for Mattel and counsel for the Omni Parties were continuing to meet and confer regarding the relevant subpoenas, and had scheduled a further conference for 3:00 p.m. on February 2, when the Omni Parties' counsel was first available.  Because counsel for Mattel was concerned that the Omni Parties would argue that any motion to compel would be untimely if not filed by February 2, 2009, the agreed date, counsel for Mattel called Peter Villar, counsel for the Omni Parties, to request an agreement that the motions to compel would not have to be filed by that time.  Counsel for the Omni Parties agreed.[14]

---

[11]  Id., ¶ 10; January 30, 2008 e-mail with attachments, Corey Dec., Exh. 6.
[12]  January 30, 2009 e-mail from Jon Corey, Corey Dec., Exh. 7.
[13]  January 30, 2009 e-mails, Corey Dec., Exhs. 7 and 8.
[14]  Corey Dec., ¶ 13.

00505.07209/2793331.2

MATTEL, INC.'S OPPOSITION TO THE OMNI PARTIES' EX PARTE

**Mattel Meets and Confers Again with the Omni Parties on February 2, 2009**.  The parties again met and conferred on February 2, 2009 via teleconference.[15]  Counsel for the Omni Parties rejected the draft stipulation as "too broad" and asked whether Mattel would be willing to delay filing its motion to compel until after the motion to quash was resolved.[16]  Counsel for Mattel responded that they could not agree to such a delay because it would prejudice their client's interests by forcing the piecemeal litigation of discovery disputes and further delay the discovery Mattel was entitled to.  Counsel for MGA further stated that it was contrary to the parties' agreement that any motions to compel must be filed at the same time as the motion to quash.[17]  At no point did the Omni Parties agree to produce any documents relating to the formation of the Omni Parties, the source of funds for the Omni/Wachovia transaction, Omni Parties, and documents showing who the members or owners of the Omni Parties were, the source of capital for any of the Omni Parties, or any documents that they may have relating to MGA and/or Larian or his family members.[18]  Ultimately, the parties did not resolve their differences.

**Omni 808 Files an Ex Parte Application to Intervene**.  On February 3, 2009, Omni 808 filed an Ex Parte Application for Leave to Intervene in this matter.  The basis for its Application is its claim that "Omni is the largest secured creditor of MGA, with a superior interest in MGA's assets to any unsecured creditor including Mattel.  Omni's interest is directly related to issues raised by Mattel in its ex parte application for the appointment of a receiver."[19]  Omni 808 offered no

---

[15]   Apparently, Mr. Gordinier -- who was present at the January 28 meet and confer -- was unavailable and Peter N. Villar represented the Omni Parties.

[16]   Corey Dec., ¶ 15.

[17]   Id.

[18]   Id., ¶ 16.

[19]   Ex Parte Application for Leave to Intervene, at 8:10-12, Corey Dec., Exh. 12.

evidence in support of its ex parte application.[20]  By Order dated February 3, 2009, the Court set the hearing on the application to intervene for February 11, 2009.[21]

**Mattel Files its Motion to Compel**.  On February 3, 2009, Mattel filed its Motion to Compel regarding the subpoenas served on the third-parties, including the Omni Parties.  To date, no party or third party has produced any documents related to the Omni 808 transactions.[22]

After Mattel filed its Motion to Compel, the Omni Parties began their attempts to renege on their agreement and to create satellite disputes, claiming that they had no notice that Mattel was going to file a motion to compel.  In a February 2, 2009 e-mail, Mr. Gordinier claimed that Mattel's February 2 confirming letter inaccurately described the Omni Parties' position.  Counsel for Mattel responded to Mr. Gordinier's e-mail, which reiterated Mattel's understanding of the Omni Parties' position to be:  "the only thing that your clients are willing to produce, and then only if the motion to quash is denied, are the deal documents."  In response, Mr. Gordinier claimed that this was not his client's position, but failed to identify which documents they were willing to produce.[23]

Then, in a February 5, 2009 letter, counsel for the MGA Parties claimed that despite the *two* meet and confer sessions and exchange of multiple letters and e-mails, Mattel purportedly failed to meet and confer in good faith. Counsel also began asserting, for first time, that Mattel supposedly did not comply "with the applicable local rules" for filing a motion to compel.  Counsel for Mattel responded by reminding him that the parties and third parties agreed "that Mattel's motion to compel and MGA's motion to quash would be due on Monday,

---

[20]  Corey Dec., ¶ 17.
[21]  February 3, 2009 Order, Corey Dec., Exh. 26.
[22]  Mattel, Inc.'s Motion to Compel, Corey Dec., Exh. 25; Corey Dec. ¶ 34.
[23]  February 3, 2009 e-mail from Todd Gordinier, Corey Dec., Exh. 13.

-7-
MATTEL, INC.'S OPPOSITION TO THE OMNI PARTIES' EX PARTE

February 2, 2009," and included a copy of Mr. Herrington's January 23, 2009 letter memorializing the agreement.  Counsel for Mattel also reminded Mr. Gordinier that resolution of discovery disputes in this matter was governed by the Stipulation for Appointment of a Discovery Master ("Discovery Master Order") and not the Local Rules.  Counsel for Mattel provided Mr. Gordinier with yet another copy of the Stipulation with the letter, explaining that MGA had undoubtedly provided him with one.[24]  Mr. Villar also asked for authority explaining why the discovery dispute was not governed by the Local Rules.  Counsel for Mattel responded by e-mail, referring him to his February 5 letter.[25]  In another email to Mssrs. Villar and Gordinier, counsel for Mattel again explained that the "Discovery Master Stipulation . . . governs discovery disputes in this case" and that their opposition would be due "5 days after the motion" was served.[26]

Thereafter, on February 6, 2009, Mr. Villar asked for a five court-day extension to file the Omni Parties' opposition to Mattel's Motion to Compel.[27]  In response, counsel for Mattel informed Mr. Villar that while Mattel preferred to grant requested extensions as a courtesy, Mattel could not do so in this case because an extension "threatens to be prejudicial to my client's interests" as a consequence of Omni 808's own pending Ex Parte Application to Intervene.  The Omni Parties opposition to the motion to compel is due on February 10, 2009, the day before the hearing on Omni 808's application to intervene.  Due to Omni 808's complete failure to provide any evidence to support its application and its effort to become a party, Mattel is entitled to the sought-after information relating to Omni 808 and explained that, in light of the application to intervene, Mattel had an interest in obtaining

---

[24] February 5, 2009 letter to Mr. Gordinier, Corey Dec., Exh. 15; Corey Dec., ¶ 20.
[25] February 6, 2009 e-mail from Jon D. Corey, Corey Dec., Exh. 16.
[26] February 6, 2009 e-mail from Jon D. Corey, Corey Dec., Exh. 17.
[27] February 6, 2009 e-mail from Mr. Villar, Corey Dec., Exh. 18.

prompt discovery related to issues Omni 808 placed at issue by seeking to intervene. Counsel for Mattel also pointed to paragraph 15 of the Court ordered Stipulation for Appointment, which stated that third parties are bound by its terms.[28]

## Argument

### I.  NOTWITHSTANDING THIS COURT'S ORDER AND TO DELAY RESOLUTION OF THIS DISCOVERY MATTER, THE OMNI PARTIES IMPROPERLY SUBMITTED THIS APPLICATION TO THE DISTRICT COURT

The Court "so ordered" the Discovery Master Stipulation that (a) applies to discovery disputes with third-parties,[29] and (b) requires that all discovery disputes are brought before the Discovery Master in the first instance.[30]  Before they proceeded with this ex parte, the Omni Parties were given a copy of the Discovery Master stipulation and an excerpt from a hearing transcript in which the Court again made that clear when a third-party attempted to raise discovery issues with the Court.[31]  The Omni Parties, in what can only be a further attempt to delay resolution of this application and to put off a ruling on Mattel's motion to compel, filed this discovery matter with the Court, not the Discovery Master.  Because it has not been properly submitted for what appears to be tactical reasons, it should be stricken for this reason alone.

---

[28]  February 6, 2009 e-mail from Jon D. Corey, Corey Dec., Exh. 19.
[29]  Discovery Master Stipulation; and Order ¶ 15, Corey Dec. Exh. 20.
[30]  Id. ¶ 25.
[31]  Letter from J. Corey to T. Gordinier dated February 5, 2009, Corey Dec., Exh. 15; February 6, 2009 e-mail, Exh. 19 (attaching the excerpts from the February 25, 2008 hearing transcript).

1   **II.**   **MATTEL AMPLY MET AND CONFERRED IN GOOD FAITH**

2       **A.**   **The Omni Parties Agreed to the Filing Schedule for the Motion to**

3           **Compel**

4           The Omni Parties argue that the Court should strike Mattel's motion to

5   compel because Mattel failed to meet and confer in good faith.  (Application, 2:7-8,

6   8:5).  They also contend that Mattel "abruptly filed" the motion to compel and that

7   counsel for Mattel had not expressed "any intention to file a Motion to Compel."[32]

8   These arguments are baseless.  Mattel met and conferred in good faith with the

9   Omni Parties pursuant to a timeline and in the manner expressly agreed to by all of

10   the parties and third parties, including counsel for the Omni Parties.  The Agreement

11   between the parties and third parties, including the Omni Parties, was memorialized

12   in the January 23 letter sent by MGA's counsel to counsel for Mattel and the third

13   parties, including the Omni Parties' counsel.

14           I am writing to <u>confirm the agreement</u> regarding the

15           subpoenas issue by Mattel to IGWT 82 Investments, LLC,

16           IGWT Group, LLC, OmiNet Capital, LLC -[sic], Omni

17           808 Investors, LLC, Vision Capital, LLC and Wachovia

18           Corporation (together "the Subpoenas").  As discussed, all

19           objections to the Subpoenas will be due on Wednesday,

20           January 28, 2009.  Counsel for the parties and third parties

21           will then meet and confer at mutually agreeable times on

22           January 29 and 30, and any motions to quash, for

23           protective order, or to compel will be due on Monday,

24           February 2, 2009.[33]

25

26   [32]   Application, 6:13-14; Declaration of Todd E. Gordinier, ¶ 4.

27   [33]   January 23, 2008 letter from Robert J. Herrington, to Todd Gordinier, among others, Corey Dec., Exh. 2.

28

The Omni Parties were parties to the Agreement.  Counsel for the Omni Parties received the letter and did not dispute it or complain about its representation in the January 23 letter.  Indeed, pursuant to the Agreement, Omni 808 and Vision Capital served their objections on January 28, 2009.[34]  And, it was pursuant to this Agreement that counsel for Mattel discussed a further agreement with counsel for the Omni Parties, Mr. Villar, that Mattel did not have to file its motion on February 2, 2009 but instead would file on February 3, 2009 to allow the completion of the meet and confer process.[35]  Accordingly, the Omni Parties not only knew that Mattel was planning on filing a motion to compel if the parties could not resolve their differences, they knew that Mattel would do so by February 2 (later extended one day to February 3).[36]

**B.**   **Mattel and the Omni Parties Met and Conferred Pursuant to the Agreement**

The Omni Parties' contention that Mattel did not meet and confer with them is belied by the undisputed facts.  The Agreement stated that the parties and third-parties, including the Omni Parties, would meet and confer on January 29 and 30.  Counsel for the Omni Parties was unavailable on the 29th and requested a meet and confer teleconference on the afternoon of the 30th.[37]  The call lasted approximately 20 minutes, with each side stating their position.  Moreover, contrary to the Omni Parties' contention, counsel for Mattel raised the issue of the Court's January 7, 2009 Order during the teleconference.  At the conclusion of that meet and confer session, counsel for Mattel prepared a draft stipulation that was intended to

---

[34]   Corey Dec., ¶ 5.
[35]   February 2, 2009 letter from Jon Corey, Corey Dec., Exh. 11; Corey Dec., ¶ 13.
[36]   Given this deadline, it is no surprise that Mattel was preparing the motion to compel prior to February 2, as the Omni Parties complain of in their Application.  Application, 6:14-15.
[37]   January 29, 2009 e-mail, Corey Dec., Exh. 3.

MATTEL, INC.'S OPPOSITION TO THE OMNI PARTIES' EX PARTE

1   avoid the necessity of a motion to compel and sent the draft -- along with the Court's

2   January 7 Order -- to counsel for the Omni Parties.  Counsel for the Omni Parties

3   acknowledged receiving the draft stipulation and the January 7 Order, but said he

4   would not have any comments until February 2, 2009.

5           In an effort to reach an agreement, Mattel meet and confer further in

6   the afternoon on February 2 (the earliest time that the Omni Parties' counsel was

7   available) regarding the subpoenas.  The parties engaged in substantive discussions

8   about the subpoenas.  At the February 2, 2009 meeting of counsel, counsel for the

9   Omni Parties backtracked from the proposed stipulation and said that they would be

10  willing to produce only the bland deal documents, and even then only after the

11  Motion to Quash had been denied.  Counsel for the Omni Parties also claimed that

12  the requests would impose an undue burden, but counsel for Mattel pointed out that

13  its understanding that both Omni 808 and Vision Capital were single purpose

14  entities, so that burden did not seem to be a credible objection.  Although discussed,

15  at no point in the conversations did the Omni Parties agree to produce any

16  documents related to the formation of Omni 808 or Vision Capital, to the owners or

17  members of Omni 808 or Vision Capital, any correspondence, drafts, or the like of

18  the Omni/Wachovia transaction, any documents showing who ultimately owns or

19  controls Omni 808 or Vision Capital, or the ultimate source of funds for the Omni

20  808 purchase of the debt from Wachovia for in excess of $100 million.  (Indeed,

21  even now, the Omni Parties do not claim that they will produce any of these

22  documents.)  Thereafter, the parties exchanged letters and e-mails in further efforts

23  to meet and confer, but did not arrive at an agreement.[38]

24          Although the Omni Parties claim that Mattel did not meet and confer in

25  good faith, they admit -- as they must -- that counsel engaged in two substantive

26

27  [38]   Exhs. 11, 13-19.

28

MATTEL, INC.'S OPPOSITION TO THE OMNI PARTIES' EX PARTE

1  teleconferences pursuant to the Agreement to discuss their differences.[39]  Counsel

2  for the Omni Parties also concedes in his declaration that the parties exchanged

3  letters and e-mails regarding their positions, although conspicuously absent from the

4  declaration is (a) any mention of Mattel's draft stipulation, (b) the Agreement

5  regarding the scheduling of the meet and confer sessions and the motion to compel,

6  or (c) any response identifying how Mattel's February 2, 2009 letter is in error or a

7  counter-proposal.[40]

8         The basis for the Omni Parties' claim that Mattel did not act in good

9  faith is because Mattel did not accept their purported "reasonable proposal to try to

10 resolve the issues." (Application, 8:10-11).  The Omni Parties have yet to explain

11 what that "reasonable proposal" was.  Mattel only knows that it would involve

12 further delaying the resolution of this discovery dispute and would be inconsistent

13 with the Agreement.  Further, the mere fact that Mattel did not agree to the Omni

14 Parties self-defined "reasonable proposal" scarcely means that Mattel acted in bad

15 faith; reasonable people may differ.  Mattel did, however, fulfill its meet and confer

16 obligations under the Agreement, and took the extra step of putting off filing its

17 motion to compel so it could continue meeting and conferring with the Omni

18 Parties.  Accordingly, Mattel met and conferred in good faith pursuant to the

19 schedule agreed to by the Omni Parties.  Their argument otherwise is meritless.

20 **III.   MATTEL   DID   NOT   VIOLATE   THE   RULES   GOVERNING**

21      **DISCOVERY DISPUTES**

22      **A.   The Court Order Appointing a Discovery Master Applies to this**

23           **Dispute**

24         The Omni Parties also contend that Mattel failed to comply with rules

25 that <u>do not apply</u> to this discovery dispute.  (Application, 2:6-16, 7:21-8:4).  This

26 _____

27 [39]   Gordinier Dec., ¶¶ 4-5.

28

purportedly includes Mattel's failure to serve a joint stipulation, failure to abide by the <u>Local Rules</u> page limit, failure to meet "in person," and failure to provide sufficient notice.   Each of these contentions are frivolous.   Mattel fulfilled its obligations under the governing Court Order, which is the Stipulation for Appointment of a Discovery Master and Order ("Discovery Master Order"), entered on December 5, 2006.[41]

Although counsel for the Omni Parties have been given both the Discovery Master Order and the Court's prior ruling that third party discovery dispute are heard in the first instance by the Discovery Master, the Omni Parties now unilaterally proclaim to "dispute that they are bound by any agreement." (Application, 9:3-9).   The Discovery Master Order, however, is not simply an agreement.   It is an Order of the Court which states, "[a]ny and all discovery motions and other discovery disputes in the above captioned action shall be decided by a master ("Discovery Master") pursuant to Federal Rule of Civil Procedure 53."[42] Pursuant to paragraph 15 of the Discovery Master Order, "[a]ll third parties subject to discovery requests or depositions in this litigation shall be bound by the terms of this Stipulation and Order."   Furthermore, the Court has rejected the very same argument made by the Omni Parties here.   In response to a motion for clarification related to another third-party's rejection of the Discovery Master Order, the Court held that "the Court's order referring to the Discovery Master any and all discovery disputes, <u>including those involving third parties</u>."[43]   The appointment of the Discovery Master "was entered as a valid Rule 53(a)(1)(C) order, not requiring the

---

[40]   <u>Id</u>., ¶¶ 4-7.

[41]   Stipulation for Appointment of a Discovery Dispute and Order, Corey Dec., Exh. 20, which counsel for Mattel has provided to counsel for the Omni Parties

[42]   Stipulation for Appointment of a Discovery Dispute and Order, at 3:12-14, Corey Dec., Exh. 20.

[43]   January 7, 2008 Order, at 4, Corey Dec., Exh. 22.

MATTEL, INC.'S OPPOSITION TO THE OMNI PARTIES' EX PARTE

consent of any party or nonparty."[44]   Indeed, the Federal Rules of Civil Procedure specify that a Discovery Master's appointment may be -- as here -- to "regulate all proceedings."   Fed. R. Civ. Pro. 53(C)(1)(a).   Accordingly, the Discovery Master Order -- not the Local Rules or Standing Order regarding brief formats, page length, joint stipulations, and timing  -- controls this discovery dispute.[45]   The Omni Parties' claims to the contrary are unavailing.

Particularly frivolous is the Omni Parties' contention that the Court should strike the Motion because it is 30 pages long.  As just shown, the Discovery Master Order, and not the Local Rules and the Standing Order, govern.  That Order does not impose a page limit on discovery motions.[46]   Indeed, the parties in this action often have -- when the situation warranted -- filed with the Discovery Master motions in excess of 25 pages without objection by the opposing side.[47]   Sometimes, especially when dealing with multiple subpoenas or parties, it is more efficient to file a single, longer brief rather than multiple discovery motions.  For example, in this circumstance, Mattel moved to compel on five separate subpoenas. Theoretically, if the Local Rule and Standing Order page limits applied, Mattel had the option of filing five separate motions to compel, each of which could have been 25 pages in length.  That is hardly a practice that should be encouraged, particularly when Mattel could avoid duplication with a 30-page brief.  To strike the motion to compel thus would not only be inconsistent with the Discovery Master Order, but

---

[44]   Id.
[45]   Paragraph 5 of the Discovery Master Order establishes the procedures for the filing of a discovery motion.  It establishes a completely different time line for the filing of motions, oppositions, and replies.  It also dispenses with the local rules' requirements about briefs.  Motions do not even have to be filed as forma motions, but can take the form of letter briefs to the Discovery Master.
[46]   The Court's Standing Order applies to discovery disputes that have been assigned to a Magistrate Judge and which are governed by the Local Rules.  April 14, 2006 Standing Order, ¶ 3, Corey Dec., Exh. 24.

1  would enhance, rather than diminish, the burden on the Discovery Master.  Taking

2  steps to reduce the amount of paper and the burden upon the Discovery Master does

3  not violate the Discovery Master Order.  Indeed, the Omni Parties have made no

4  showing that Mattel's election to try to reduce the burden on the Discovery Master,

5  rather than filing duplicative, multiple briefs, has prejudiced them in any way.

6       **B.**     **Mattel Complied with the Court Order Appointing a Discovery**

7              **Master and the Parties' Agreement**

8           The Omni Parties argue that even if the Discovery Master Order

9  controls this dispute, Mattel has still failed to meet its obligations because it did not

10  meet "in person" and failed to identify in writing each dispute, identifying the

11  authority it was relying on in a written letter.  (Application, 9:10-18).  As discussed

12  above, counsel for Mattel and for the Omni Parties held meet and confers *twice* via

13  teleconference regarding the subpoenas.  Moreover, they exchanged several letters

14  and e-mails regarding the relief sought and the relevant authorities.   Indeed,

15  pursuant to the Omni Parties' request, Mattel prepared and sent a draft stipulation

16  seeking to resolve the dispute (which the Omni Parties rejected out of hand).[48]

17           Even if this did not satisfy the provisions of the Discovery Master

18  Order to which the Omni Parties point, Mattel's actions were proper because the

19  Discovery Master Order allows agreement to deviate from its requirements.

20  Immediately after the portion of the Discovery Master Order requiring the in-person

21  meeting of counsel, a letter setting forth disputes, and setting the briefing schedule,

22  and permitting briefs or letter briefs, the Discovery Master Order specifically

23  provides that "The foregoing shall not prohibit (i) *the parties from agreeing to*

24  *alternate procedures*" to resolve discovery disputes.[49]   Here, the parties and third-

25

26  [47]   Corey Dec., ¶ 30.

27  [48]   January 30, 2009 e-mail from Jon D. Corey, Exh. 6; Corey Dec., ¶ 10.

   [49]   Stipulation for Appointment and Order, ¶ 5:25-26, Corey Dec., Exh. 20.

28

00505.07209/2793331.2

1  parties did just that by setting an accelerated schedule for meeting and conferring

2  and filing the motion to compel.  The Omni Parties agreed to the schedule, including

3  the filing deadline for the motion to compel and to conduct conference of counsel

4  telephonically.[50]  They cannot now claim that Mattel's compliance with the

5  Agreement that the Omni Parties entered into was procedurally improper.  The

6  parties to this discovery dispute entered into the Agreement which established an

7  'alternative procedure" as allowed by the Discovery Master Order.  Indeed, for this

8  same reason, the Omni Parties' belated objections here -- objections that are contrary

9  to the Agreement -- were waived.

10  **IV.    THE OMNI PARTIES HAVE CONCEDED THE IMPORTANCE OF**

11  **THE REQUESTED DOCUMENTS**

12          Delaying resolution of Mattel's Motion to Compel would deprive

13  Mattel of highly relevant documents for an indefinite period.  In its Motion to

14  Compel, Mattel explained that the requested documents are relevant to:  (1) Mattel's

15  RICO claims, because MGA's mid-trial transactions with Omni 808 and the other

16  third-parties -- which bear the classic hallmarks of an effort to fraudulently transfer

17  assets to its controlling shareholders -- are a continuation of a pattern of racketeering

18  activity and, at a minimum, evidence of that pattern;  (2)  Mattel's disgorgement

19  theory arising from its unfair competition claim; (3) Phase 2 damages, including the

20  MGA Parties' net worth; (4)  the MGA Parties' credibility; and (5) Mattel's defense

21  to MGA's unclean hands defense.[51]

22          The Omni Parties cannot dispute the relevance of the requested

23  documents nor do they.  They have admitted -- and enhanced -- the documents'

24  relevance by their own actions.  Far from being "thrown into this maelstrom" of this

25  action (Application, 1:5), the Omni Parties deliberately jumped in feet first.  Not

26  _____

27  [50]   January 28, 2009 e-mail from Gordinier, Exh. 3.

28

only did the Omni Parties purportedly acquire a suspicious interest in MGA knowing the results of the Phase 1A trial, but Omni 808 has demand the right to intervene as a party in this action to protect their own purported interests, while at the same time refusing to produce discovery directly relevant to their claims. Accordingly, the documents requested by Mattel are highly relevant to this matter and resolution of Mattel's motion to compel should be expedited.

## V.   THE JANUARY 7, 2009 ORDER DID NOT STAY DISCOVERY

Unable to dispute that Mattel's subpoenas seek relevant, discoverable information, the Omni Parties contend that they violate the Court's January 7, 2009 Order appointing a forensic auditor and are therefore premature.  (Application, 1:15-25; 4:10-11; 6:16-19).  The Omni Parties misconstrue the Court's January 7 Order and ignores the Court's Order -- issued just the day before -- reopening Phase 2 discovery without limitation.[52]

The Omni Parties do not, and cannot, point to a single word in the Court's January 7, 2009 written Order that supports its erroneous reading.  No such language exists.[53]  Rather, in its Order, the Court found "good cause" to appoint a forensic auditor to review MGA's financial records, without any mention of limiting Phase 2 discovery.[54]  The Omni Parties instead purport to rely on comments made by the Court at the January 5, 2009 hearing on Mattel's application.  To the extent the Court's remarks suggest that the appointment of a forensic auditor is in place of discovery, the Court is referring to the _expedited_ discovery Mattel sought in

---

[51]   Public Redacted Motion to Compel, Corey Dec., Exh. 25.
[52]   Court's January 6, 2009 Order Appointing Discovery Master, at 2, Dec., Exh. 20.
[53]   Court's January 7, 2009 Order Appointing Forensic Auditor, at 1, Dec., Exh. 21
[54]   See id.

MATTEL, INC.'S OPPOSITION TO THE OMNI PARTIES' EX PARTE

1  connection with its receiver application.[55]   The Court at no time stated, however,

2  that it was limiting otherwise relevant Phase 2 discovery.

3  Further, any implication from comments at the January 5, 2009 hearing

4  that the Court intended to limit or prohibit discovery is not fairly taken, given that

5  on the day following that hearing the Court issued an Order that reopened Phase 2

6  discovery *without limitation*.[56]   If, as MGA contends, the Court had intended to

7  narrow the scope of permissible Phase 2 discovery, it would have so stated in its

8  Order.  It did not.

9  Finally, the Omni Parties are wrong in claiming that the sought-after

10  discovery is relevant only to matters such as the receivership motion.  Contrary to

11  the Omni Parties' thesis, merely because the documents are relevant to such issues

12  scarcely precludes the subpoenaed documents from ***also*** relating to Phase 2.  As

13  explained above and in detail in Mattel's Motion to Compel, the documents are

14  directly relevant to a host of Phase 2 issues.

15  **VI.   THE OMNI PARTIES HAVE NOT JUSTIFIED EX PARTE RELIEF**

16  **OR A DELAY IN THE BRIEFING SCHEDULE**

17  Although the Omni Parties claim that failure to obtain ex parte relief

18  will result in "irreparable harm" if they are forced to file an opposition to Mattel's

19  Motion on February 10 (Application, 2:1-4), they nowhere identify any supposed

20  harm.  Nor do they offer any evidence of irreparable harm.[57]   The application should

21  be rejected on this basis alone.   Ironically, most of the Omni Parties' ex parte

22  application to strike argues the merits of Mattel's motion to compel.  Had the Omni

23  Parties turned their attention to actually opposing the motion to compel rather than

24

25  [55]   Corey Dec., ¶ 33; Corey Dec., Exh. 30; January 5, 2009 Hearing Transcript, 5:1-0-16, Declaration of Cyrus Naim, Exh. 1.

26  [56]   Court's January 6, 2009 Order Appointing Discovery Master, at 2, Corey Dec., Exh. 20.

27

28

drafting ex parte papers in an effort to strike the motion, they would have had no problem meeting the deadline.

<u>**Conclusion**</u>

For the reasons set forth above, and for those set forth in the Mattel's Motion to Compel, Mattel respectfully requests that the <u>Ex Parte</u> Application to Strike be denied.

DATED:  February 10, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

---

[57] The Gordinier declaration is silent on the issue of alleged harm.