Exhibit 1

CALENDARED

**RECEIVED**

**JAN 0 8 2009**

O

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
#### CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                                Date: January 6, 2009

Title:      MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.

==========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            James Holmes                          None Present
            Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

PROCEEDINGS:    ORDER APPOINTING DISCOVERY MASTER

        As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any
discovery disputes that might arise in Phase 2 of this case. The appointment of the Discovery
Master was made at the joint request of the parties in this case. See Stipulation for Appointment of
a Discovery Master and Order, December 6, 2006.

        Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that
a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what
MGA has aptly described to the Court as "the massive administrative burdens in time and labor
necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase
2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2." Based on
the Court's experience in this case, there is no question that a Discovery Master is needed to
"effectively and timely" address the anticipated discovery matters in this case.

        The Court previously submitted to all counsel of record the names of eight attorneys for
consideration by the parties and invited counsel to submit, in camera, any objections to those
attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of
the permanent injunction, if needed). The Court has carefully considered the objections submitted.
Two of the individuals named were not the subject of an objection by any party. Of those two, the
Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                         Initials of Deputy Clerk: jh
CIVIL -- GEN                          1

Exhibit 1
Page 11

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order
dated December 6, 2006, the terms and conditions of which were previously agreed to by the
parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as
Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties
any potential grounds for conflict of interest or disqualification, and the parties shall, within three
days of receipt of said disclosure, submit any objection to the Court in camera.   A failure to object
will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as
Discovery Master.  The Discovery Master is further directed to contact counsel for all parties and
resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

Exhibit 2

01-23-2009  05:42pm  From-                    +2136877808           T-008  P.002/003  F-162

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 23, 2008

## VIA FACSIMILE & U.S. MAIL

Mr. Michael Zeller
Mr. Jon D. Corey
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Mr. Neil Potischman
Davis Polk & Wardwell, LLP
1600 El Camino Real
Menlo Park, California 94025

Mr. Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626

Mr. Jeff Valle
Valle and Associates, LLP
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049

RE:     *Mattel v. Bryant*

Gentlemen:

I am writing to confirm the agreement regarding the subpoenas issue by Mattel to IGWT 826 Investments, LLC, IGWT Group, LLC, OmiNet Capital, LLC, Omni 808 Investors, LLC, Vision Capital, LLC and Wachovia Corporation (together "the Subpoenas"). As discussed, all objections to the Subpoenas will be due on Wednesday, January 28, 2009. Counsel for the parties and third parties will then meet and confer at mutually agreeable times on January 29 and 30, and any motions to quash, for protective order, or to compel will be due on Monday, February 2, 2009.

Exhibit 2
Page 13

January 23, 2009
Page 2

Thank you for your cooperation on these issues.

Sincerely,

Robert J. Herrington

cc: Mr. Jason Russell

Exhibit 2
Page 14

01-23-2009   05:42pm   From-                                    +2136877808          T-008   P.001/003   F-162

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: rherring@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                     DATE: January 23, 2009
DIRECT DIAL: (213) 687-5368                     FLOOR/OFFICE NO.: Suite 3400
DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE.  WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5368.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: Mr. Michael Zeller          FIRM: Quinn Emanuel, etc.
    CITY: Los Angeles                 TELEPHONE NO.: (213) 443-3000
    FACSIMILE NO.: (213) 443-3100

2.  NAME: Mr. Jon D. Corey            FIRM: Quinn Emanuel, etc.
    CITY: Los Angeles                 TELEPHONE NO.: (213) 443-3000
    FACSIMILE NO.: (213) 443-3100

3.  NAME: Mr. Neil Potichman          FIRM: Davis Polk, etc.
    CITY: Menlo Park                  TELEPHONE NO.: (650) 752-2021
    FACSIMILE NO.: (650) 752-3621

4.  NAME: Mr. Todd Gordinier          FIRM: Bingham
    CITY: Costa Mesa                  TELEPHONE NO.: (714) 830-0600
    FACSIMILE NO.: (714) 830-0600

5.  NAME: Mr. Jeff Valle              FIRM: Valle & Associates
    CITY: Los Angeles                 TELEPHONE NO.: (310) 476-0300
    FACSIMILE NO.: (310) 476-0333

Exhibit 2
Page 15

Exhibit 3

From:   Gordinier, Todd E. [todd.gordinier@bingham.com]
Sent:   Thursday, January 29, 2009 10:33 AM
To:     Jon Corey; 'neal.potischman@dpw.com'; 'Herrington, Robert J'
Subject: Mattel v. MGA

Am not sure who all is going to be on the call; haven't seen anything from Jeff V yet. Has he served something?   For me it probably has to be tomorrow.  Early aft is probably best.  Let me
know, Todd


Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

B I N G H A M
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924


From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Wednesday, January 28, 2009 6:00 PM
To: Gordinier, Todd E.
Subject: FW: Mattel v. MGA



Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com



From: Potischman, Neal A. [mailto:neal.potischman@dpw.com]
Sent: Wednesday, January 28, 2009 5:48 PM
To: Jon Corey; 'Russell, Jason D'; 'Herrington, Robert J'
Cc: 'todd.gordinier@bingham.com'; 'jvalle@valleassociates.com'; Michael T Zeller; Stephen Hauss; Christopher Price
Subject: RE: Mattel v. MGA

11:00 am works for me.

Neal Potischman
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, California 94025
650.752.2021 (tel)
650.752.3621 (fax)
646.522.7407 (mobile)
neal.potischman@dpw.com

From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Wednesday, January 28, 2009 5:43 PM
To: 'Russell, Jason D'; 'Herrington, Robert J'
Cc: Potischman, Neal A.; 'todd.gordinier@bingham.com'; 'jvalle@valleassociates.com'; Michael T Zeller; Stephen Hauss; Christopher Price
Subject: Mattel v. MGA

Counsel,

Pursuant to the parties' agreement, please let me know when you are available to meet and confer tomorrow, January 29, 2009, regarding the MGA Parties' anticipated motion to quash the
recently served third-party subpoenas and Mattel's anticipated motion to compel the production of documents pursuant to those subpoenas.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client

2/9/2009

**Exhibit 3**
**Page 16**

communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

=================================================================================
Bingham McCutchen LLP Circular 230 Notice:    To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed al
=================================================================================

Exhibit 3
Page 17

2/9/2009

Exhibit 4

**From:** Jon Corey
**Sent:** Wednesday, January 28, 2009 5:59 PM
**To:** 'Gordinier, Todd E.'
**Subject:** RE: Mattel v. MGA

of course.

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

---

**From:** Gordinier, Todd E. [mailto:todd.gordinier@bingham.com]
**Sent:** Wednesday, January 28, 2009 5:49 PM
**To:** Jon Corey
**Subject:** RE: Mattel v. MGA

No problem, could you do me the favor of forwarding the other parties responses?  it might make the call more efficient.  I assume Skadden will try to coordinate schedules but I will check as well.....Thanks for the courtesy,  Todd

Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

B I N G H A M
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Wednesday, January 28, 2009 5:47 PM
**To:** Gordinier, Todd E.
**Subject:** FW: Mattel v. MGA

Todd,

Typed your name in incorrectly on the attached e-mail.  Apologies.

Best regards,

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

---

**From:** Jon Corey
**Sent:** Wednesday, January 28, 2009 5:43 PM
**To:** 'Russell, Jason D'; 'Herrington, Robert J'
**Cc:** 'Potischman, Neal A.'; 'todd.gordinier@bingham.com'; 'jvalle@valleassociates.com'; Michael T Zeller; Stephen Hauss; Christopher Price
**Subject:** Mattel v. MGA

Counsel,

Pursuant to the parties' agreement, please let me know when you are available to meet and confer tomorrow, January 29, 2009, regarding the MGA Parties' anticipated motion to quash the recently served third-party subpoenas and Mattel's anticipated motion to compel the production of documents pursuant to those subpoenas.

Best regards,

Exhibit 4
Page 18

2/9/2009

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.

==========================================================================
Bingham McCutchen LLP Circular 230 Notice:    To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
==========================================================================

Exhibit 4
Page 19

2/9/2009

Exhibit 5

**From:** Gordinier, Todd E. [todd.gordinier@bingham.com]
**Sent:** Thursday, January 29, 2009 10:49 AM
**To:** Jon Corey; 'Potischman, Neal A.'; 'Herrington, Robert J'
**Subject:** RE: Mattel v. MGA

Yes, 2 pm tomorrow works...Todd

Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

B I N G H A M
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Thursday, January 29, 2009 10:40 AM
**To:** 'Potischman, Neal A.'; Gordinier, Todd E.; 'Herrington, Robert J'
**Subject:** RE: Mattel v. MGA

I have not heard from Skadden or from Mr. Valle's firm.  It appears that one call is not going to happen.  Neal, can you talk at 3:00 p.m.?  Todd, can we talk at 2:00 p.m. tomorrow?  I will follow up with Mr. Valle.

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

---

**From:** Potischman, Neal A. [mailto:neal.potischman@dpw.com]
**Sent:** Thursday, January 29, 2009 10:36 AM
**To:** 'Gordinier, Todd E.'; Jon Corey; 'Herrington, Robert J'
**Subject:** RE: Mattel v. MGA

I'm still glad to talk today, but I have not received any response to my message.  Is there a plan to talk this morning, or are the parties trying to do this simultaneously with all non-parties?  If so, I probably could do tomorrow around 1:30 pm.

---

**From:** Gordinier, Todd E. [mailto:todd.gordinier@bingham.com]
**Sent:** Thursday, January 29, 2009 10:33 AM
**To:** 'Jon Corey'; Potischman, Neal A.; 'Herrington, Robert J'
**Subject:** Mattel v. MGA

Am not sure who all is going to be on the call; haven't seen anything from Jeff V yet.  Has he served something?  For me it probably has to be tomorrow.  Early aft is probably best.  Let me know, Todd

Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

B I N G H A M
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Wednesday, January 28, 2009 6:00 PM
**To:** Gordinier, Todd E.
**Subject:** FW: Mattel v. MGA

Exhibit 5
Page 20

2/9/2009

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

---

**From:** Potischman, Neal A. [mailto:neal.potischman@dpw.com]
**Sent:** Wednesday, January 28, 2009 5:48 PM
**To:** Jon Corey; 'Russell, Jason D'; 'Herrington, Robert J'
**Cc:** 'todd.gomdinler@bingham.com'; 'jvalle@valleassociates.com'; Michael T Zeller; Stephen Hauss; Christopher Price
**Subject:** RE: Mattel v. MGA

11:00 am works for me.

Neal Potischman
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, California 94025
650.752.2021 (tel)
650.752.3621 (fax)
646.522.7407 (mobile)
neal.potischman@dpw.com

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Wednesday, January 28, 2009 5:43 PM
**To:** 'Russell, Jason D'; 'Herrington, Robert J'
**Cc:** Potischman, Neal A.; 'todd.gomdinler@bingham.com'; 'jvalle@valleassociates.com'; Michael T Zeller; Stephen Hauss; Christopher Price
**Subject:** Mattel v. MGA

Counsel,

Pursuant to the parties' agreement, please let me know when you are available to meet and confer tomorrow, January 29, 2009, regarding the MGA Parties' anticipated motion to quash the recently served third-party subpoenas and Mattel's anticipated motion to compel the production of documents pursuant to those subpoenas.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

=================================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice con·
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed ÷
=================================================================================

================================================================================
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
================================================================================

Exhibit 5
Page 21

2/9/2009

Exhibit 6

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Friday, January 30, 2009 6:29 PM |
| **To:** | 'Gordinier, Todd E.' |
| **Cc:** | Christopher Price; Stephen Hauss |
| **Subject:** | Vision Capital/Omni 808 Subpoenas |
| **Attachments:** | 2780410_stip re_ omni and vision capital.DOC; 6183.pdf |

Todd,

Following up on our discussion today, I have attached a form of proposed stipulation to obviate the need for a motion to compel and the order re Mattel's motion for a receiver. Please let me know if you have any comments. We would like to get this wrapped up on Monday, if possible, based on the parties/third-parties agreements regarding timing.

Separately, I do not know if you represent OmniNet Capital, but we were not served with any objections to the subpoena that Mattel served upon it.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit 6
Page 22

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
6    Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                           EASTERN DIVISION

13

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                                          Consolidated with
15              Plaintiff,                Case No. CV 04-09059
                                          Case No. CV 05-02727
16        vs.
                                          **DISCOVERY MATTER**
17  MATTEL, INC., a Delaware
    corporation,                          STIPULATION REGARDING
18                                        THIRD-PARTY SUBPOENAS
                Defendant.                SERVED ON OMNI 800
19                                        INVESTORS, LLC AND VISION
                                          CAPITAL, LLC; AND
20  AND CONSOLIDATED CASES
                                          [PROPOSED] ORDER THEREON
21

22

23

24

25

26

27

28

07209/2780410.1

Exhibit 6
Page 23

STIPULATION

## STIPULATION

WHEREAS, Mattel, Inc. on January 9, 2008, served subpoenas on Omni 808 Investors, LLC and on January 12, 2008, served a subpoena on Vision Capital, LLC (collectively, "the Subpoenas");

WHEREAS, Mattel, Inc. has met and conferred with Omni 808 Investors, LLC and Vision Capital, LLC regarding the Subpoenas;

WHEREAS, the MGA Parties have stated that they intend to file a motion to quash the Subpoenas on February 2, 2009;

WHEREAS, Mattel, Inc., Omni 808 Investors, LLC, and Vision Capital, LLC seek to avoid unnecessary litigation over the documents requested in the Subpoenas;

NOW, THEREFORE, the parties agree, by and through their counsel, and subject to the Discovery Master's approval, hereby stipulate as follows:

1.      If, and to the extent, the Discovery Master denies the MGA Parties' motion to quash the subpoenas, Omni 808 Investors, LLC and Vision Capital, LLC will produce all non-privileged documents responsive to the Subpoenas within ten business days of the ruling;

2.      Mattel, Inc. will reimburse Omni 808 Investors, LLC and Vision Capital, LLC for their reasonable costs, such as copying costs, incurred in producing responsive documents, excluding attorney, paralegal or clerk fees and associated costs.

/ / /

/ / /

/ / /

/ / /

/ / /

07209/2780410.1

-1-

STIPULATION

Exhibit 6
Page 24

3.      If the Subpoenas are quashed, then nothing in this stipulation shall preclude Mattel, Inc. from serving future subpoenas upon Omni 808 Investors, LLC or Vision Capital, LLC at an appropriate time.

IT IS SO STIPULATED.

DATED: January ___, 2009          BINGHAM MCCUTCHEN, LLP


                                  By_____
                                     Todd E. Gordinier
                                     Attorneys for Third Parties
                                     Omni 808 Investors, LLC and
                                     Vision Capital, LLC

DATED: January ___, 2009          QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP


                                  By_____
                                     Jon Corey
                                     Attorneys for Plaintiff
                                     Mattel, Inc.

## [PROPOSED] ORDER

IT IS SO ORDERED.

DATED: January ___, 2009


                                  By_____
                                     Robert C. O'Brien
                                     Discovery Master

-2-

07209/2780410.1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES – GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                          Date: January 7, 2009

Title:      MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
===========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

        Jim Holmes                            None Present
        Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

PROCEEDINGS:   **ORDER MODIFYING STAY OF PERMANENT INJUNCTION**

                **ORDER APPOINTING FORENSIC AUDITOR**

        After an initial hearing on December 30, 2008, and a sealed hearing on January 5, 2009, and after consideration of the parties' papers relating to the MGA parties' motion for stay pending appeal (which specific relief the Court denied for the reasons stated on the record), and after consideration of the parties' papers relating to Mattel's ex parte application to appoint a receiver, the Court issues the following Order modifying the stay set forth in the Court's December 3, 2008, Order, and appointing a forensic auditor.

                **MODIFYING STAY OF PERMANENT INJUNCTION**

        Notwithstanding any previous Order of the Court, the December 3, 2008, Order Granting Mattel, Inc.'s Motion for Permanent Injunction (docket #4439), shall remain **STAYED**, ineffective and non-final, until further order of the Court.  Specifically, retailers and distributors will be permitted to purchase the Spring and Fall 2009 lines of Bratz and Bratz-related products from MGA and MGA licensees, up to and including December 31, 2009.

        In the event that the Court awards control over the rights to the Bratz products referenced in the Court's December 3, 2008, Order and the January 7, 2009 Stipulation and Order (regarding

MINUTES FORM 90                                        Initials of Deputy Clerk __jh_____
CIVIL -- GEN                            1

Exhibit 6
Page 26

the Spring and Fall 2009 lines) to a Court-appointed receiver or to Mattel, Inc., that award will be subject to a requirement that retailers and distributors be permitted to purchase the Spring and Fall 2009 lines up to and including December 31, 2009.

## APPOINTMENT OF FORENSIC AUDITOR

As discussed on the record, the Court **HOLDS IN ABEYANCE** Mattel's ex parte application for appointment of a receiver pending a forensic audit of MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment Hong Kong.

For good cause shown, the Court hereby **APPOINTS** Ronald L. Durkin to serve as the Court's forensic auditor (hereinafter referred to as "the Auditor"). Mr. Durkin's qualifications appear in an attachment to this Order. The Court has provided the Auditor with the parties' attorneys' contact information. The Auditor shall direct his initial communications to counsel.

Defendants MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment Hong Kong, shall provide the Auditor with access to any and all MGA records, regardless of the medium or media of the maintenance of those records, **including but not limited to the "Document/Information Request List" attached to this Order**, that the Auditor deems necessary to enable him to provide the Court with a report, in camera, regarding MGA's finances sufficient to enable the Court to determine whether or not appointment of a receiver is warranted. The audit shall extend to any and all related entities as the Auditor deems necessary. Defendants shall also make available for interview individuals identified to them by the Auditor. Defendants shall make its computer systems, physical premises, and offices, available to the Auditor upon his reasonable request during normal business hours. Defendants shall permit the Auditor's reasonable use of its office machines, such as copiers and fax machines, as may be necessary to complete the audit.

The Auditor shall have the authority to seek the services of fellow professionals (as well as para-professionals and support staff) necessary to accomplish the Court-appointed audit. The provisions of this Order extend to the Auditor's delegatees as he so directs. The Auditor and his delegatees shall be compensated at their reasonable customary hourly rates.

The expense of the forensic audit shall be borne, in the first instance, by Mattel. After the Court considers the Auditor's report[s], the Court will consider whether the audit expenses should be shared with, or shifted completely to, defendants, based on the equities. The Auditor and his team shall submit periodic billing statements to Mattel to an address specified by Mattel's counsel.

All parties (and individuals and entities under their control) shall cooperate with the Auditor so that he may report to the Court in an expeditious manner.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk __jh_____

Exhibit 6
Page 27

## FORENSIC AUDITOR
## DOCUMENT/INFORMATION REQUEST LIST
### January 7, 2009

1.     Audited financial statements for the last three years.  If audited financial statements are not available, then the most current draft of financial statements for the last three years.

2.     Quarterly financial statements for the last three years.

3.     Detailed electronic monthly general ledgers and trial balances for the last three years. If electronic files are not available, then please produce in hard copies.

4.     Detailed electronic revenue or sales subsidiary ledgers for the last three years.  If electronic files are not available, then please produce the request in hard copies.

5.     Detailed electronic receipts or cash subsidiary ledgers for the last three years.  If electronic files are not available, then please produce in hard copies.

6.     Detailed electronic accounts payables and disbursements subsidiary ledgers for the last three years.  Details should include, but should not be limited to, vendor/payee ID, vendor/payee name, check/payment number, payment date (Standard Mask, i.e. MM/DD/YY, MM/DD/YYYY; not Jan 1, 2005); payment amount, currency indicator (if other than US dollars), foreign exchange rate (if other than US dollars), invoice number, invoice date (Standard Mask, i.e. MM/DD/YY, MM/DD/YYYY; not Jan 1, 2005), invoice amount, comment or description, and any other information contained in the file. If electronic files are not available, then please produce in hard copies.

7.     Detailed electronic vendor master files of all active and inactive vendors for the last three years.  Details should include, but should not be limited to, vendor ID, vendor name, status (active/inactive), vendor address (including City, State, Zip, Country), date created, created by user ID. If electronic files are not available, then please produce in hard copies.

8.     Detailed electronic payroll files for the last three years.  Details should include, but not be limited to, employee ID, employee name, payment date, payment number, deductions (e.g. tax, contributions, etc.), gross payment amount, net payment amount, and any other information contained in the file. If electronic files are not available, then please produce in hard copies.

9.     Any and all records that substantiate transfers of assets to other entities, individuals, and/or parties, within the US and outside of the US.

10.     Copies of all bank statements, canceled checks, wire instructions, and all other information and notices sent with bank statements for the last three years.

MINUTES FORM 90                                                    Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                    3

Exhibit 6
Page 28

11.    Federal and state tax returns for the last three years.

12.    A summary of all contributions, loans and any sources of funding during the last twelve months.  Copies of agreements and/or contracts supporting these transactions.

13.    A summary of all related party transactions detailing any compensation, loans, advances, payments, fees or any other form of consideration paid to Isaac Larian, family members, or affiliates, or any other related party.

14.    Detail of all loan facilities with an indication of creditor and relevant terms.

15.    Copies of any notices from federal or state tax authorities regarding audits or audit adjustments during the last 3 years.

16.    All detailed corporate credit card statements for the last three years.  If electronic files are not available, then please produce in hard copies.

17.    Information and documents regarding expense reimbursement of owners, officers, employees, family members, or affiliates.

18.    Detailed human resources files (electronic) of all employee information (for all current and terminated employees to date) including but not limited to employee name, employee number, address, phone number, start date, termination date, status, position, social security number, and any other information contained in the files.  If electronic files are not available, then please produce in hard copies.

19.    Electronic files of all emails including attachments to the emails from the network server and from backup tapes (please identify dates of backup tapes in order for selection of time period).

20.    Forensic images of personal computer hard drives and PDAs of selected individuals.

Initials of Deputy Clerk __jh_____

Exhibit 6
Page 29





**Ronald L. Durkin**
CPA/CFF, CFE, CIRA

### Senior Managing Director

619 481 5201

rdurkin@durkinforensic.com

701 B Street Suite 1310
San Diego, CA 92101

Ronald L. Durkin is a CPA with over 30 years combined experience in public accounting and as a Special Agent with the FBI. He has testified in accounting, financial, and bankruptcy matters in U.S. District Court, U.S. Bankruptcy Court, U.S. Tax Court and in various State courts. During his tenure with the FBI, Ron was responsible for investigations involving white collar crime, political and public corruption, money laundering, organized crime, labor racketeering, racketeer-influenced and corrupt organization statute (RICO) violations, and narcotics matters. Since leaving the FBI, he has assisted clients in matters involving fraud prevention, detection, and internal investigations. He has worked on cases involving Foreign Corrupt Practices Act, employee embezzlement, management fraud, financial statement fraud, conflict-of-interest, check kiting, bankruptcy fraud, money laundering, and Ponzi schemes.

In 2008 Ron retired from KPMG. While at KPMG, Ron was the National Partner in Charge of the Fraud and Misconduct Investigations practice and served as the Western Region's forensic practice leader as well as the office coordinating partner for the Los Angeles office's forensic practice.

Exhibit 6
Page 30



### Service Lines

Fraud & Misconduct Investigations
Fraud Risk Management
Forensic in the Audit/Shadow Procedures

### Education and Certifications

Bachelor of Science, Accounting,
California State University, Sacramento

Masters of Business Administration
(Emphasis in Accounting), California
State University, Sacramento

Certified Public Accountant,
licensed in California, Arizona,
Nevada, and Washington

Certified in Financial Forensics

Certified Fraud Examiner

Certified Insolvency and
Restructuring Advisor

He is a frequent speaker at the FBI Academy and at the AIC-PA National Fraud Conference, California and other State CPA Societies, and he has made presentations to the IRS Criminal Investigative Division and the U.S. Postal Inspectors CPA seminars. He is a member of the AICPA National Accreditation Commission and a former member of the Business Valuation and Forensic Litigation Services Executive Committee. He is the former chair of the AICPA Anti-Fraud Programs and Controls Task Force and past chair of the AICPA Litigation and Dispute Resolution Services Subcommittee. Ron is also the Chair of the California Society of CPA's Litigation Services Steering Committee and the past Chair of the California Society of CPAs Fraud Section.

Ron was a 2003 AICPA Volunteer of the Year. Ron was also honored with the Distinguished Achievement Award by the AICPA in 2006 for his long time commitment to the AICPA. In 2007, Ron was awarded the first-ever FLS Lifetime Achievement Award by the AICPA.

Exhibit 6
Page 31



## Professional Associations

American Institute of Certified Public Accountants (Immediate Past Chair of Litigation & Dispute Resolution Services Subcommittee) – member since 1995

California Society of Certified Public Accountants (member of Steering Committee for statewide Litigation Services Sections and Chair of Fraud Section)

Association of Certified Fraud Examiners (Member of Faculty since 1995)

Association of Insolvency and Restructuring Advisors

Society of Former Special Agents of the FBI

Institute of Internal Auditors

## Investigative and Integrity Advisory Experience

On an international level, he has worked on a number of matters involving alleged Foreign Corrupt Practices Act (FCPA) violations. Working on behalf of U.S. based companies, Ron investigated allegations that members of management of foreign subsidiaries were involved in either bribing foreign officials, diverting corporate opportunities and funds, or conspiring with others to defraud U.S. based victims.

Conducted an investigation of certain allegations of political and public corruption surrounding an international sporting event that was to be held in the US. The allegations involved FCPA, bribery, and public corruption.

Conducted an investigation of an alleged kickback scheme on the part of a purchasing manager of a global technology company.

Conducted an internal investigation with a multi-national corporation regarding corruption involving a former manager in the accounts receivable department. The case was referred to the United States Attorney's Office and the FBI for prosecution.

Exhibit 6
Page 32



Conducted an internal investigation, on behalf of a publicly
traded company, regarding alleged diversion of funds with the
accounts payable department. The case was referred to the
United States Attorney's Office and the FBI for prosecution.

Investigated allegations of fraud in the real estate industry, in-
cluding new construction projects, as well as management and
operation of office buildings, apartment buildings and shop-
ping centers.

Investigated allegations of corruption by certain members of a
County Board of Supervisors who were indicted by a Federal
Grand Jury.

Served as an undercover agent in a case involving 35 State
Court Judges who were indicted and convicted of public corruption.

Conducted a number of investigations of cases involving Pyra-
mid and Ponzi schemes. He also has testified in U.S. District Court,
State Court, and Bankruptcy Court in several of these cases.

During career with the FBI and as a bankruptcy trustee, inves-
tigated allegations of fraud, corruption and organized crime
within the solid waste industry.

Exhibit 6
Page 33



As the Chapter 11 Trustee of two failed insurance agencies, he conducted investigations into allegations of fraud and mismanagement on the part of senior management.

As a Chapter 7 Trustee, Chapter 11 Trustee, and Examiner in bankruptcy matters, has conducted hundreds of investigations where allegations of fraud have been alleged.

Served as a "keeper" for the Department of Corporations, investigated a State securities fraud matter.

Served as trustee of the parent of one of the largest financial institutions in California where securities fraud and other actions were alleged against senior management.

Exhibit 6
Page 34



## Publications

One of the principal authors of the AICPA Practice Aid 07-1 -- "Forensic Accounting – Fraud Investigations" (2007)

Chair of the AICPA Forensic Procedures Task Force responsible for the writing of the "Forensic Procedures and Specialists: Useful Tools and Techniques" – AICPA Special Report, 2006

Chair of the AICPA Antifraud Programs and Controls Task Force responsible for the writing of "Management Override of Internal Controls: The Achilles' Heel of Fraud Prevention" – AICPA Practice Aid, 2005

Principal author – AICPA Technical Consulting Practice Aid 97-1 "Fraud Investigations in Litigation and Dispute Resolution Services"

Co-author – California Society of CPA "The Witness Chair" – SAS 99 -- Is It Enough To Help Close the Expectation Chasm? (2003)

Author – "A Systematic Approach to Fraud Investigation" – The CPA Expert, Spring 2000 (AICPA Newsletter for providers of Business Valuation and Litigation Services)

Co-author – "Defining the Practice of Forensic Accounting" The CPA Expert, 1999 Special Issue (AICPA Newsletter for providers of Business Valuation and Litigation Services)

Contributing and Reviewing author to Guide to Fraud Investigations published by Practitioners Publishing Company

Contributing author to Handbook of Litigation Services for John Wiley and Sons. The chapter written by Mr. Durkin is entitled "Criminal Cases and the Investigative Accountant."

Book review of Investigating White Collar Crime: Embezzlement and Financial Fraud for "CPA Management Consultant".

Exhibit 6
Page 35

Exhibit 7

**From:**   Gordinier, Todd E. [todd.gordinier@bingham.com]
**Sent:**   Friday, January 30, 2009 6:32 PM
**To:**     Jon Corey
**Subject:** RE: Vision Capital/Omni 808 Subpoenas

ok, wont be able to get you comments until Monday and yes I expect we will be asked to represent OmniNet Capital but wasn't aware it had been served with anything.....who did you serve
that subpoena on?  can you please send me a courtesy by pdf, I can accept service if there is any issue and will get you a response...thanks, T

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Friday, January 30, 2009 6:29 PM
**To:** Gordinier, Todd E.
**Cc:** Christopher Price; Stephen Hauss
**Subject:** Vision Capital/Omni 808 Subpoenas

Todd,

Following up on our discussion today, I have attached a form of proposed stipulation to obviate the need for a motion to compel and the order re Mattel's motion for a receiver.  Please let me
know if you have any comments.  We would like to get this wrapped up on Monday, if possible, based on the parties/third-parties agreements regarding timing.

Separately, I do not know if you represent OmniNet Capital, but we were not served with any objections to the subpoena that Mattel served upon it.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client
communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended
recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.


================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
================================================================

Exhibit 7
Page 36

2/9/2009

Exhibit 8

| | |
|---|---|
| **From:** | Gordinier, Todd E. [todd.gordinier@bingham.com] |
| **Sent:** | Friday, January 30, 2009 6:35 PM |
| **To:** | Jon Corey |
| **Subject:** | RE: Vision Capital/Omni 808 Subpoenas |

thanks for the Order as well....will get you a response to the stip and to the Omninet subpoena but haven't seen the latter yet.....Todd

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Friday, January 30, 2009 6:29 PM
**To:** Gordinier, Todd E.
**Cc:** Christopher Price; Stephen Hauss
**Subject:** Vision Capital/Omni 808 Subpoenas

Todd,

Following up on our discussion today, I have attached a form of proposed stipulation to obviate the need for a motion to compel and the order re Mattel's motion for a receiver. Please let me know if you have any comments. We would like to get this wrapped up on Monday, if possible, based on the parties/third-parties agreements regarding timing.

Separately, I do not know if you represent OmniNet Capital, but we were not served with any objections to the subpoena that Mattel served upon it.

Best regards,

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requireme
The information in this e-mail (including attachments, if any) is considered confide
================================================================

Exhibit 9

| From: | Herrington, Robert J [Robert.Herrington@skadden.com] |
|-------|--------------------------------------------------------|
| Sent: | Friday, January 30, 2009 7:18 PM |
| To: | Jon Corey |
| Cc: | Stephen Hauss; Christopher Price; Russell, Jason D |

**Subject:** Re: Mattel v. MGA

Great - so the deadline for the motion to quash by MGA and any motion to compel by Mattel will be Tuesday, February 3.

Thank you

**From:** Jon Corey
**To:** Herrington, Robert J (LAC)
**Cc:** Stephen Hauss ; Christopher Price ; Russell, Jason D (LAC)
**Sent:** Fri Jan 30 22:12:14 2009
**Subject:** RE: Mattel v. MGA

That is fine with me.

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

**From:** Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
**Sent:** Friday, January 30, 2009 7:07 PM
**To:** Jon Corey
**Cc:** Stephen Hauss; Christopher Price; Russell, Jason D
**Subject:** Re: Mattel v. MGA

Jon - I am assuming the proposed change in your email below is reciprocal - meaning both sides will file on 2/3, correct?

**From:** Jon Corey
**To:** Herrington, Robert J (LAC)
**Cc:** Stephen Hauss ; Christopher Price
**Sent:** Fri Jan 30 21:37:37 2009
**Subject:** Mattel v. MGA

Rob,

**Exhibit 9**
**Page 38**

2/9/2009

I understand that there is an agreement in place to file the motion to quash/motion to compel next Monday.  We are
continuing to meet and confer with the IGWT parties and it is unlikely that we will conclude that process on Monday in
sufficient time to move to compel, if necessary.  Can we agree that Mattel's motion with respect to the subpoenaed
parties may be filed on next Tuesday, February 3, 2009, if necessary, and that there will be no assertion by the
MGA Parties that the motion is untimely in any respect?

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient
(s) named above.  This message may be an attorney-client communication and/or work product and as such is
privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering
it to the intended recipient, you are hereby notified that you have received this document in error and that any review,
dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in
error, please notify us immediately by e-mail, and delete the original message.




--------------------------------------------------------------------------
**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly
indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot
be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable
state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-
related matters addressed herein.
**************************************************
**************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may
contain legally privileged and/or confidential information. If you are not the intended recipient of this email,
you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto,
is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and
permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided
upon request.
**************************************************



--------------------------------------------------------------------
**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly

Exhibit 9
Page 39

2/9/2009

indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
**************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************

Exhibit 9
Page 40

2/9/2009

Exhibit 10

**From:**   Villar, Peter N. [peter.villar@bingham.com]
**Sent:**   Monday, February 02, 2009 11:24 AM
**To:**     Jon Corey
**Subject:** RE: Mattel v. MGA

Thank you Jon.

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Monday, February 02, 2009 11:22 AM
**To:** Gordinier, Todd E.; Villar, Peter N.
**Cc:** Stephen Hauss
**Subject:** Mattel v. MGA

Todd and Peter,

Attached is the OmniNet subpoena with the proof of service on Michael Daniels on January 9, 2009.  Please let
me know if you have any questions.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the
recipient(s) named above.  This message may be an attorney-client communication and/or work product and as
such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible
for delivering it to the intended recipient, you are hereby notified that you have received this document in error
and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have
received this communication in error, please notify us immediately by e-mail, and delete the original message.


=============================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requireme
The information in this e-mail (including attachments, if any) is considered confide
=============================================================================

**Exhibit 10**
**Page 41**

2/9/2009

Exhibit 11

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 2, 2009

**VIA FACSIMILE AND U.S. MAIL**

Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Peter:

I write to memorialize our discussions of February 2, 2009 regarding Mattel's subpoenas to Omni
808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC.

You stated that Omni 808 and Vision Capital will not stipulate that they will produce all non-
privileged documents responsive to the subpoenas if MGA's anticipated motion to quash is
denied. Rather, you indicated that your clients are only willing to produce documents reflecting
(1) Wachovia Corporation's loan to MGA Entertainment, Inc., and (2) the assignment of the debt
from Wachovia to Omni 808. In response, I stated that Mattel believes that the subpoenas
properly request relevant, discoverable information. You inquired whether Mattel would be
willing to put off its anticipated motion to compel until after the motion to quash is decided and,
if it was denied, to review the above-identified documents. I informed you that it was not in
Mattel's interest to wait and resolve this piece-meal, particularly when the motion to quash, as I
have been informed by counsel for MGA, will not address any objections in the subpoenas, but
only whether the subpoenas are premature.

Separately, in response to your request I provided you with a copy of the subpoena that Mattel
served on OmniNet Capital with the proof of service, and you confirmed that your firm will be
representing OmniNet Capital with respect to that subpoena. You informed me that the position

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Driv͏͏ ͏ ͏ ͏ ͏ ͏ ͏ ͏ ͏ia 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2782379.1

**Exhibit 11**
**Page 42**

that you would take with respect to the OmniNet Capital subpoena is the same as the position as Omni 808 and Vision Capital.

Finally, this will confirm our agreement reached on Friday, January 30, 2009 that, notwithstanding the prior agreement, that your clients would not argue that any motion to compel would be untimely in any way if not filed on Monday, February 2, 2009.

Best regards,

Jon Corey

Jon Corey

2

Exhibit 11
Page 43

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **NEW YORK**<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100 | **LOS ANGELES**<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100 | **TOKYO**<br>Akasaka Twin Tower Main Building, 6th Floor<br>17-22 Akasaka 2-Chome<br>Minato-ku, 107-0052<br>+81 3 5561-1711<br>Facsimile: +81 3 5561-1712 |
| **SILICON VALLEY**<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100 | **SAN FRANCISCO**<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700 | **LONDON**<br>16 Old Bailey<br>London United Kingdom<br>+44(0) 20 7653 2000<br>Facsimile: +44(0) 20 7653 2100 |

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   February 2, 2009

**NUMBER OF PAGES, INCLUDING COVER:** 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter Villar, Esq.<br>Bingham McCutchen LLP | 714.830.0640 | 714.830.0719 |

**FROM:**   Jon Corey

**RE:**   Mattel, Inc. v. MGA Entertainment, Inc. et al.

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | Johanna/10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? | ☐ NO ☐ YES: _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS P

**Exhibit 11**
**Page 44**

---

**Fax Call Report**

HP Color LaserJet 4730mfp Series

Page 1

---

## Fax Header Information

Quinn Emanuel
213-443-3100
02-Feb-2009 08:36 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 412 | 02-Feb-2009 08:35 PM | Send | 17148300719 | 0:59 | 3 | Success |

---

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

### LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:    February 2, 2009

NUMBER OF PAGES, INCLUDING COVER:  3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|--------------|-----------|---------|
| Peter Villar, Esq.<br>Bingham McCutchen LLP | 714.830.0640 | 714.830.0719 |

FROM:    Jon Corey

RE:    Mattel, Inc. v. MGA Entertainment, Inc. et al.

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | Johanna/10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|----------|-------|---------------------|------------|------------------------------------------|
| OPERATOR: | | CONFIRMED? | ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 11
Page 45

Exhibit 12

1  Bingham McCutchen LLP
   TODD E. GORDINIER (SBN 82200)
2  todd.gordinier@bingham.com
   PETER N. VILLAR (SBN 204038)
3  peter.villar@bingham.com
   JENNIFER A. LOPEZ (SBN 232320)
4  jennifer.lopez@bingham.com
   600 Anton Boulevard
5  18th Floor
   Costa Mesa, CA 92626-1924
6  Telephone: 714.830.0600
   Facsimile: 714.830.0700
7
8  Attorneys for Non-party
   OMNI 808 INVESTORS, LLC
9
10              UNITED STATES DISTRICT COURT
11            CENTRAL DISTRICT OF CALIFORNIA
12                   EASTERN DIVISION
13

| | |
|---|---|
| Carter Bryant, an individual,<br><br>       Plaintiff,<br><br>       v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>       Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>**OMNI 808 INVESTORS, LLC'S *EX PARTE* APPLICATION FOR LEAVE TO INTERVENE FOR LIMITED PURPOSE AS A MATTER OF RIGHT OR, IN THE ALTERNATIVE, FOR PERMISSIVE INTERVENTION**<br><br>Judge: Hon. Stephen G. Larson |
| AND CONSOLIDATED ACTIONS | |

1           Omni 808 Investors, LLC ("Omni") hereby applies *ex parte* pursuant to Rule

2   24(a) or, in the alternative, Rule 24(b) of the Federal Rules of Civil Procedure and

3   Local Rule 7-19, for an order authorizing it to intervene for the limited purpose of

4   responding to Mattel, Inc.'s ("Mattel") *Ex Parte* Application for Appointment of a

5   Receiver for MGA Entertainment, Inc. ("MGA") and all other issues related to

6   Omni's status as a secured creditor of MGA.

7           Omni makes this application on the grounds that Mattel's request for the

8   appointment of a receiver at MGA may have an immediate and irreparable adverse

9   impact on Omni, MGA's largest secured creditor.  Omni satisfies all of the

10  requirements to intervene as a matter of right:  the application is timely; Omni has

11  a significantly protectable interest relating to the property or transaction involved

12  in the pending lawsuit; disposition of the lawsuit may adversely affect Omni's

13  interest unless intervention is allowed; and the existing parties do not adequately

14  represent Omni's interest.  In the alternative, the Court should exercise its

15  discretion to grant permissive intervention because Omni has a claim that shares a

16  common question of law or fact with the main action.

17          Good cause exists to seek this relief on an *ex parte* basis because Mattel has

18  made its request for the appointment of a receiver on an *ex parte* basis.  If the

19  Court appoints a receiver, Omni may suffer irreparable harm.

20          Pursuant to Local Rule 7-19, on February 2, 2009, Omni's counsel gave

21  notice of this *ex parte* application and the relief being sought to counsel for MGA,

22  Robert Herrington of Skadden, Arps, Slate, Meagher & Flom LLP (telephone: 213-

23  687-5000; address: 300 South Grand Avenue, Suite 3400, Los Angeles, California

24  90071) and counsel for Mattel, Jon Corey of Quinn Emanuel Urquhart Oliver &

25  Hedges, LLP (telephone: 213-443-3000; address: 865 South Figueroa Street, 10th

26  Floor, Los Angeles, California 90017-2543).  Counsel for MGA stated that MGA

27  will not oppose this application.  Counsel for Mattel stated that Mattel will oppose

28

-1-

1  this application because it is Mattel's view that MGA as debtor can adequately

2  protest the interests of its largest secured creditor.  Omni disagrees.

3          This application is based on this Notice of *Ex Parte* Application, the

4  accompanying Memorandum of Points and Authorities, the records and files of this

5  Court, including without limitation the Phase 1 trial record, and all other matters of

6  which the Court may take judicial notice.

7

8  DATED:  February 3, 2009          Bingham McCutchen LLP

9

10

11  By: _____
                Todd E. Gordinier
12              Attorneys for Non-party
                Omni 808 Investors, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 2 -

Exhibit 12
Page 48

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................... 1

II.   STATEMENT OF FACTS ........................................................................ 3

III.  LEGAL ARGUMENT .............................................................................. 6

    A.    Omni is Entitled to Intervene as a Matter of Right for the Limited Purpose of Protecting Omni's Status as a Secured Creditor ................................................................................................ 6

        1.   Omni's Application Is Timely. .................................................. 7

        2.   Omni Has a Significantly Protectable Interest in the Receivership Issues Involved in the Pending Litigation. .......... 7

        3.   The Appointment of a Receiver May Impair or Impede Omni's Ability to Protect Its Interests. ..................................... 8

        4.   The Existing Parties May Not Adequately Represent Omni's Interest. ...................................................................... 9

    B.    In the Alternative, This Court Should Grant Omni Permissive Intervention ............................................................................... 10

IV.   CONCLUSION ....................................................................................... 11

-i-

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Arakaki v. Cayetano,*
   324 F.3d 1078 (9th Cir. 2003) ............................................................. 6, 9

*Beckman Indus. Inc. v. International Ins. Co.,*
   966 F.2d 470 (9th Cir. 1992) ................................................................ 6

*Commerz Union Austalt v. Collectors' Guild, Ltd.,*
   792 F. Supp. 870 (S.D.N.Y. 1991) ..................................................... 8

*DeBoer Structures, Inc. v. Shaffer Tent & Awning Co.,*
   187 F. Supp. 910 (S.D. Ohio 2001) .................................................... 9

*Donnelly v. Glickman,*
   159 F.3d 405 (9th Cir. 1998) ............................................................... 6

*Engra, Inc. v. Gabel,*
   958 F.2d 643 (5th Cir. 1992) ............................................................... 7

*Forest Conservation Council v. United States Forest Serv.,*
   66 F.3d 1489 (9th Cir. 1995) ............................................................... 7

*Kootenai Tribe v. Veneman,*
   313 F.3d 1094 (9th Cir. 2002) ........................................................... 10

*League of United Latin American Citizens v. Wilson,*
   131 F.3d 1297 (9th Cir. 1997) ............................................................. 6

*Lockyer v. U.S.,*
   450 F.3d 436 (9th Cir. 2006) ............................................................... 6

*Meyer Jewelry Co. v. Meyer Holdings, Inc.,*
   906 F. Supp. 428 (E.D. Mich. 1995) ................................................. 9

*Mountain Top Condominium v. Dave Stabbert Master Builder,*
   72 F.3d 361 (3rd Cir. 1995) ................................................................ 8

*NL Indus. v. Secretary of Interior,*
   777 F.2d 433 (9th Cir. 1985) ............................................................... 8

-ii-

Exhibit 12
Page 50

*Reich v. ABC/York-Estes Corp.,*
   64 F.3d 316 (7th Cir. 1995) ........................................................................... 3

*Rumbaugh v. Beck,*
   491 F. Supp. 511 (E.D. Pa. 1980) .................................................................. 9

*Saluck v. Rosner,*
   1999 WL 46620 (E.D. Pa. Jan. 6, 1999) ........................................................ 9

*San Juan County v. U.S.,*
   503 F.3d 1163 (10th Cir. 2007) ..................................................................... 7

*SEC v. Flight Transp. Corp.,*
   699 F.2d 943 (8th Cir. 1983) ......................................................................... 8

*Sierra Club v. EPA,*
   995 F.2d 1478 (9th Cir. 1993) ....................................................................... 8

*Southwest Center for Biological Diversity v. Berg,*
   268 F.3d 810 (9th Cir. 2001) .................................................................... 3, 7

*Stringfellow v. Concerned Neighbors in Action,*
   480 U.S. 370 (1987) ....................................................................................... 6

*Trbovich v. United Mine Workers,*
   404 U.S. 528 (1972) ....................................................................................... 9

*U.S. v. South Florida Water Dist.,*
   922 F.2d 704 (11th Cir. 1991) ....................................................................... 7

*United States v. State of Washington,*
   86 F.3d 1499 (9th Cir. 1996) ......................................................................... 7

*Venegas v. Skaggs,*
   867 F.2d 527 (9th Cir. 1989) ....................................................................... 11

*Yniguez v. Arizona,*
   939 F.2d 727 (9th Cir. 1991) ......................................................................... 8

**RULES**

Fed. R. Civ. P. 24(a) ........................................................................................ 6

Federal Rule of Civil Procedure 24(b)(2) ........................................................ 10

-iii-

Exhibit 12
Page 51

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Non-party Omni 808 Investors, LLC ("Omni") is the largest secured creditor of MGA Entertainment, Inc. ("MGA"). Omni recently was served with a sweeping subpoena from Mattel, Inc. ("Mattel") in connection with this litigation requesting the production of documents relating to Omni's formation, governance, finances, business relationships and transactions. Mattel's papers in support of its request to have the Court appoint a receiver to "oversee and control all business and financial aspects" of MGA mischaracterize Omni, its principals and the transaction Mattel purports to describe to this Court. Because the appointment of a receiver could significantly and irreparably harm Omni's interests as a senior secured creditor of MGA, Omni hereby seeks leave of Court to intervene in this action for this limited purpose.

Mattel's *ex parte* application is replete with false and misleading representations and demonstrates Mattel's profound misunderstanding, *inter alia*, of Omni and the circumstances surrounding its recent purchase of MGA's debt from non-party Wachovia. The actual background of this transaction is both straightforward and easily explained. In October 2006, Wachovia Bank, National Association and a syndicate of other financial institutions (collectively, "Wachovia") provided a senior revolving credit facility to MGA (the "Senor Bank Credit Facility"). In July 2008, Wachovia accelerated the maturity of the outstanding debt obligations owed to Wachovia by MGA (over $310 million), demanding full and immediate payment of the entire unpaid balance as it was entitled to do under the terms of its Senior Bank Credit Facility.

In response to Wachovia's accelerated loan payment demand, MGA began efforts to find someone who would purchase the Senior Bank Credit Facility from Wachovia. Neil Kadisha, the Managing Partner of a diversified investment firm, Omninet Capital, LLC, was approached and began discussions with Wachovia

- 1 -

1   regarding a potential purchase of the Senior Bank Credit Facility.  In September

2   2008, Wachovia and Omni (a special purpose entity formed by Mr. Kadisha for

3   this transaction) entered into an assignment and exchange agreement whereby

4   Omni acquired all right, title and interest in the Senior Bank Credit Facility

5   excluding approximately $21 million which was retained by Wachovia.  Omni's

6   purchase of the Senior Bank Credit Facility from Wachovia was a straightforward,

7   arms-length business deal between non-parties to this action.

8        In support of its argument for the appointment of a receiver, Mattel

9   insinuates, without any evidence, that there was something untoward about the

10   timing and circumstances of Omni's debt purchase transaction.  Mattel falsely

11   represents to the Court that MGA received new "sudden funding" from an "off-

12   shore, non-operating" entity during the trial of this action.  Even allowing for its

13   ignorance of the actual terms of the Omni-Wachovia transaction, there is no reason

14   for such language.  If by "funding" Mattel means the loan from Wachovia, that

15   funding was provided by Wachovia to MGA under the Senior Bank Credit Facility

16   beginning in 2006 -- *long before the trial and any judgment was entered against*

17   *MGA in this action in 2008.*  If by "funding" Mattel means the Omni-Wachovia

18   transaction, the monies flowed *from Omni to Wachovia* as consideration for the

19   purchase of the debt owed by MGA.  The timing of the Omni-Wachovia

20   transaction in September 2008 was driven by a host of factors, most proximately

21   by Wachovia's decision to accelerate the outstanding debt obligation under the

22   Senior Bank Credit Facility.

23        Moreover, the source was not an "off-shore, non-operating" entity, as Mattel

24   repeatedly suggests in its application.  Wachovia (defined to include it and its

25   syndicate of bank and other institutional lenders), the original source of the

26   funding, are all substantial financial institutions; Omni, the assignee of the loan, is

27   a California limited liability company.  Mattel's paranoiac rhetoric regarding this

28   transaction and the source of the funding is unfounded.

- 2 -

1      Under federal law, a non-party is entitled to intervene *as a matter of right*
2   when it claims an interest relating to the property or transaction that is the subject
3   of the action and is so situated that disposing of the action may as a practical
4   matter impair or impede its ability to protect its interest.  A non-party may also
5   intervene, in the discretion of the court, when it has a claim that shares with the
6   main action a common question of law or fact.

7      Here, Omni has a secured interest in MGA's assets, including, *inter alia*,
8   MGA's inventory and accounts receivable, that is far greater and superior to any
9   alleged interest of unsecured creditors like Mattel.  Mattel is asking this Court for
10  an extraordinary remedy, solely to suit its own litigation and competitive interests,
11  which if granted could well cripple MGA's operations and would certainly impair
12  the security interests of Omni and other creditors.  Indeed, the proffered basis for
13  Mattel's opposition to Omni's application for leave to intervene -- that a debtor can
14  adequately represent the interests of its largest secured creditor -- speaks volumes
15  about Mattel's approach not only to this issue but also to its actual motivations in
16  making its request for a receiver.

17     For these reasons, Omni respectfully requests that the Court grant it leave to
18  intervene in this action for the purposes of challenging the appointment of a
19  receiver and related issues that could adversely affect Omni's security interests.

20

21  **II.    STATEMENT OF FACTS[1]**

22     On or about October 27, 2006, MGA entered into a Credit Agreement with
23  Wachovia Bank, National Association and a syndicate of other banks and

24

—————————————

25  [1] In evaluating a motion to intervene, courts must accept as true all nonconclusory
26  allegations contained in the motion.  *Southwest Center for Biological Diversity v.
    Berg*, 268 F.3d 810, 819 (9th Cir. 2001); *Reich v. ABC/York-Estes Corp.*, 64 F.3d
27  316, 321 (7th Cir. 1995).

28

- 3 -

1   institutional lenders (collectively, "Wachovia"), pursuant to which Wachovia
2   provided a senior revolving credit facility to MGA in an aggregate available
3   amount for borrowing up to $400 million, secured by a senior perfected security
4   interest in, *inter alia,* all of MGA's inventory and accounts receivable (the "Senior
5   Bank Credit Facility"). On July 21, 2008, Wachovia declared the Senior Bank
6   Credit Facility to be in default and accelerated the maturity of the outstanding debt
7   obligations owed to Wachovia by MGA, demanding full and immediate payment
8   of the entire unpaid $313,496,700 balance of the loans.

9       In response to Wachovia's accelerated loan payment demand, MGA
10  approached Neil Kadisha, a highly regarded businessman and philanthropist who is
11  currently the Managing Partner of a diversified investment firm, Omninet Capital,
12  LLC.[2] Mr. Kadisha and Omninet Capital, LLC have substantial experience
13  evaluating and investing in distressed debt and distressed companies. Mr. Kadisha
14  immediately commenced negotiations with Wachovia regarding a potential
15  purchase of the Senior Bank Credit Facility from Wachovia.

16      On or about July 29, 2008, Omninet Capital, LLC made an offer to acquire
17  the Senior Bank Credit Facility, including the outstanding debt obligations from
18  Wachovia for $109,723,845 (representing 35% of the $313,496,700 principal
19  amount of the debt obligations outstanding as of the acceleration date). After a
20  couple weeks of heavy negotiations, Wachovia agreed to sell and assign its interest
21  in all but $21,944,769 of the outstanding debt obligations under the Senior Bank
22  Credit Facility to Omni (the retained amount was then exchanged for unsecured
23  promissory notes issued by MGA to Wachovia). In order to fund the acquisition of

24

25  [2] Omni is loathe to address the gratuitous ad hominem attacks concerning Mr.
    Kadisha and an ongoing civil litigation matter in the papers filed by Mattel, which
26  are inaccurate, incomplete and irrelevant, but if the Court is at all concerned by
    those matters Omni is prepared to do so. Suffice it to say for now that the civil
27  litigation matter referred to by Mattel has not yet been finally resolved.

28

-4-

1   the Senior Bank Credit Facility, Mr. Kadisha solicited various private investors and

2   formed a special purpose entity, Omni 808 Investors, LLC, a California limited

3   liability company ("Omni")[3].  The formation of a special purpose entity is very

4   common for these types of transactions and is neither suspicious nor improper.

5        On or about September 3, 2008, Omni and Wachovia entered into a written

6   Master Assignment and Exchange Agreement whereby Omni acquired all right,

7   title and interest in the debt obligations under the Senior Bank Credit Facility,

8   other than the $21,944,769 exchanged for the unsecured promissory notes issued

9   by MGA to Wachovia Bank, National Association and the other original lenders.

10  As a result of the agreement, Omni stepped into and presently stands, as successor-

11  in-interest, in the position of Wachovia under the Senior Bank Credit Facility and

12  has a senior perfected security interest in MGA's assets, including, *inter alia,*

13  MGA's inventory and accounts receivable.  Omni's secured interest is superior to

14  that of any potential unsecured creditors, including Mattel.

15       Omni has a compelling interest in the financial health and stability of MGA

16  and its assets.  If MGA fails, MGA's ability to repay the outstanding debt

17  obligation in excess of $300 million owed to Omni will certainly be imperiled.

18  The appointment of a receiver to "oversee and control all financial and business

19  aspects" of MGA, solely to satisfy Mattel's interests, would harm MGA's ability to

20  operate independently and efficiently and would infringe upon, or potential

21  foreclose, the interests of Omni and other creditors.

22

23

24

25

26  [3]  Mattel erroneously refers to Omni 808 International, LLC, in its *ex parte*
    application, which further demonstrates Mattel's confusion regarding the entities
27  involved.

28

-5-

**Exhibit 12**
**Page 56**

1    III.    **LEGAL ARGUMENT**

2        A.    **Omni is Entitled to Intervene as a Matter of Right for the**
3             **Limited Purpose of Protecting Omni's Status as a Secured**
             **Creditor**

4            Omni is entitled to intervene as a matter of right pursuant to Fed. R. Civ. P.

5    24(a). Rule 24(a) provides that a court must permit a non-party to intervene who

6    "claims an interest relating to the property or transaction that is the subject of the

7    action and is so situated that disposing of the action may as a practical matter

8    impair or impede the movant's ability to protect its interest . . . ." *See also*,

9    *Lockyer v. U.S.*, 450 F.3d 436, 440 (9th Cir. 2006). The Ninth Circuit construes

10   Rule 24 liberally in favor of applicants for intervention. *Arakaki v. Cayetano*, 324

11   F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v. Glickman*, 159 F.3d 405, 409

12   (9th Cir. 1998)). The inquiry required under Rule 24(a)(2) is a flexible one, and a

13   practical analysis of the facts and circumstances of each case is appropriate.

14   *Donnelly*, 159 F.3d at 409. "In determining whether intervention is appropriate,

15   we are guided primarily by practical and equitable considerations. We generally

16   interpret the requirements broadly in favor of intervention." *Id.*

17          When a non-party claims an interest relating to the subject property or

18   transaction of the action, courts generally require four factors: (1) a timely

19   application; (2) the applicant has a "significantly protectable" interest relating to

20   the property or transaction involved in the pending lawsuit; (3) the disposition of

21   the lawsuit may adversely affect applicant's interest unless intervention is allowed;

22   and (4) the existing parties may not adequately represent the would-be intervenor's

23   interest. *Arakaki*, 324 F.3d at 1083; *League of United Latin American Citizens v.*

24   *Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

25          Additionally, a district court has the discretion to grant a non-party limited

26   intervention for certain issues or purposes. *See Stringfellow v. Concerned*

27   *Neighbors in Action*, 480 U.S. 370, 378 (1987); *Donnelly v. Glickman*, 159 F.3d

28   405, 409 (9th Cir. 1998); *Beckman Indus. Inc. v. International Ins. Co.*, 966 F.2d

- 6 -

**Exhibit 12**
**Page 57**

1    470, 473 (9th Cir. 1992).  "A nonparty may have a sufficient interest for some

2    issues in a case but not others, and the court may limit intervention accordingly."

3    *U.S. v. South Florida Water Dist.*, 922 F.2d 704, 707 (11th Cir. 1991); *San Juan*

4    *County v. U.S.*, 503 F.3d 1163, 1203 (10th Cir. 2007).

5                    1.    Omni's Application Is Timely.

6           Courts generally consider the following factors relevant to the issue of

7    timeliness:  (1) the stage of the proceedings at the time the applicant seeks to

8    intervene; (2) the prejudice to the existing parties from applicant's delay in seeking

9    leave to intervene; and (3) any reason for and the length of delay in seeking

10   intervention.  *United States v. State of Washington*, 86 F.3d 1499, 1502 (9th Cir.

11   1996); *Engra, Inc. v. Gabel*, 958 F.2d 643, 644 (5th Cir. 1992).

12          Here, Omni's application is timely.  On or about January 9, 2009, Mattel

13   served a subpoena on Omni requesting the production of documents relating to

14   Omni's formation, governance, finances, business relationships and transactions.

15   Omni also recently learned that Mattel filed an *ex parte* application for the

16   appointment of a receiver at MGA.  The Court has yet to decide the pending

17   request for the appointment of a receiver and Omni has acted without delay.

18                  2.    Omni Has a Significantly Protectable Interest in
                          the Receivership Issues Involved in the Pending
19                        Litigation.

20          "[W]hether an applicant for intervention demonstrates sufficient interest in

21   an action is a practical, threshold inquiry.  No specific legal or equitable interest

22   need be established."  *Southwest Center for Biological Diversity v. Berg*, 268 F.3d

23   810, 818 (9th Cir. 2001) (quoting *Greene v. United States*, 996 F.2d 973, 976 (9th

24   Cir. 1993)); *see also Forest Conservation Council v. United States Forest Serv.*, 66

25   F.3d 1489, 1493 (9th Cir. 1995).  "It is generally enough that the interest [asserted]

26   is protectable under some law, and that there is a relationship between the legally

27   protected interest and the claims at issue."  *Southwest Center for Biological*

28   *Diversity*, 268 F.3d at 818 (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th

                                          -7-

**Exhibit 12**
**Page 58**

1   Cir. 1993)). *See, e.g., NL Indus. v. Secretary of Interior*, 777 F.2d 433, 435 (9th

2   Cir. 1985) (corporate property owner that held unpatented mining claim on

3   particular property permitted to intervene in dispute over other mining claims on

4   that property). An intervenor's interest must be "significantly protectable such that

5   it will be directly and immediately affected by the litigation." *Werbungs und*

6   *Commerz Union Austalt v. Collectors' Guild, Ltd.*, 792 F. Supp. 870, 874

7   (S.D.N.Y. 1991) (court allows intervention by investor in one party when investor

8   had secured appeal bond and owned collateral securing letter of credit).

9       Here, Omni is the largest secured creditor of MGA, with a superior interest

10  in MGA's assets to any unsecured creditors including Mattel. Omni's interest is

11  directly related to issues raised by Mattel in its *ex parte* application for the

12  appointment of a receiver. Therefore, Mattel has a significantly protectable

13  interest relating to the property or transaction which is the subject of this action.

14              3.   The Appointment of a Receiver May Impair or
                     Impede Omni's Ability to Protect Its Interests.
15

16      In order to show that the disposition of the action may impair or impede the

17  ability to protect a non-party's interest, the non-party need only show a "practical"

18  impairment, "not whether the decision itself binds them." *Yniguez v. Arizona,* 939

19  F.2d 727, 735 (9th Cir. 1991). Courts consistently allow creditors to intervene "of

20  right" where a receiver has been appointed and taken control of a debtor's assets.

21  The rationale is that the first creditor's action may effectively foreclose the

22  interests of other creditors. *See Sierra Club v. U.S.*, 995 F.2d 1478, 1486 (9th Cir.

23  1993); *SEC v. Flight Transp. Corp.*, 699 F.2d 943, 947 (8th Cir. 1983); *Mountain*

24  *Top Condominium v. Dave Stabbert Master Builder*, 72 F.3d 361, 366-367 (3rd

25  Cir. 1995).

26      Here, the appointment of a receiver to "oversee and control all financial and

27  business aspects" of MGA, as Mattel proposes, could cripple MGA's business and

28  impair Omni's ability to protect its senior perfected security interest in its

                                    - 8 -

1   collateral, which includes MGA's inventory and accounts receivable and

2   ultimately in MGA's ability to repay its outstanding secured debt obligation to

3   Omni of in excess of $300 million.  The financial and business affairs of MGA are

4   best handled independently by businessmen who understand its products and its

5   industry.[4]

6           4.    The Existing Parties May Not Adequately
7                 Represent Omni's Interest.

8           In order to demonstrate the inadequacy of the existing parties to protect its

9   interest, the applicant's burden is minimal and is satisfied so long as the applicant

10  shows that representation by existing parties *"may be"* inadequate.  *Trbovich v.*

11  *United Mine Workers*, 404 U.S. 528, 538 n.10 (1972).  The Ninth Circuit considers

12  three factors in determining the adequacy of representation: "(1) whether the

13  interest of a present party is such that it will undoubtedly make all of a proposed

14  intervenor's arguments; (2) whether the present party is capable and willing to

15  make such arguments; and (3) whether a proposed intervenor would offer any

16  necessary elements to the proceeding that other parties would neglect." *Arakaki*,

17  324 F.3d at 1086 (citing *California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775,

18  778 (9th Cir.1986)).  "The most important factor in determining the adequacy of

19  representation is how the applicant's interest compares with the interest of existing

20  parties." *Id.*

21

22  [4] Courts are reluctant to appoint receivers to solvent corporations. *See, e.g.,*
23  *DeBoer Structures, Inc. v. Shaffer Tent & Awning Co.*, 187 F. Supp. 910, 925 (S.D.
    Ohio 2001) (declining to appoint receiver despite other facts in favor of doing so
24  where corporation was solvent and productive); *Meyer Jewelry Co. v. Meyer*
    *Holdings, Inc.*, 906 F. Supp. 428, 434 (E.D. Mich. 1995) ("The deleterious effects
25  of a receivership would result in more harm than good in this case."); *Rumbaugh v.*
    *Beck*, 491 F. Supp. 511, 521 (E.D. Pa. 1980) (finding that because a corporation
26  was presently operating in a successful manner, appointment of a receiver would
    "be potentially more harmful than if one were not implanted"); *Saluck v. Rosner*,
27  1999 WL 46620, at *2 (E.D. Pa. Jan. 6, 1999) ("the appointment of a receivership
    of a solvent corporation is a drastic remedy.").

28

-9-

Exhibit 12
Page 60

1    Here, the interests of the present parties are not such that they will

2    undoubtedly make all of Omni's arguments in opposition to the appointment of a

3    receiver. Obviously Mattel's interests are directly at odds with Omni's interests.

4    Further, although MGA also opposes the appointment of a receiver, there is no

5    reason to believe that it can or will make all of Omni's arguments on its behalf.

6    Omni's primary interest is in MGA's ability to repay its secured debt obligation of

7    in excess $300 million owed to Omni. Moreover, Omni is in the best position to

8    describe the facts and circumstances surrounding its purchase of the Senior Bank

9    Credit Facility from Wachovia.

10   According to Mattel's counsel, it is Mattel's view that MGA as debtor can

11   adequately protect the interests of its largest secured creditor. Mattel's position is

12   nonsensical as the financial interests of a debtor and secured creditor are, on their

13   face, aligned differently. Therefore, the existing parties may not adequately

14   represent Omni's interest regarding the appointment of a receiver and other issues

15   relating to Omni's status as a secured creditor.

### B.    In the Alternative, This Court Should Grant Omni Permissive Intervention

18   Even if Omni were not entitled to intervene as a matter of right, the Court

19   should exercise its discretion and permit its intervention in this matter. Under

20   Federal Rule of Civil Procedure 24(b)(2), permissive intervention should be

21   granted whenever the "applicant's claim . . . and the main action have a question of

22   law or fact in common," and when the intervention would not "unduly delay or

23   prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P.

24   24(b)(2). The existence of a "common question" is liberally construed. *Kootenai*

25   *Tribe v. Veneman*, 313 F.3d 1094, 1108-1109 (9th Cir. 2002). A proposed

26   intervenor under Rule 24(b)(2) "need not demonstrate a 'significantly protectable'

27   interest relating to the property or transaction which is the subject of the action.'"

28   *Defenders of Wildlife*, 2005 WL 3260986, at *2 (citing *Kootenai Tribe of Idaho v.*

- 10 -

1 | *Veneman*, 313 F.3d 1094, 1108-09 (9th Cir. 2002)).  Omni meets each of these
2 | requirements.

3 |     Here, as explained above, there are common questions of law and fact
4 | between Omni's claims and the issues raised in Mattel's application to appoint a
5 | receiver.  Moreover, Omni's participation will not unduly delay or prejudice the
6 | adjudication of the rights of the original parties.  Omni's participation will be
7 | limited to challenging Mattel's request to appoint a receiver and protecting its
8 | interests as a secured creditor.  The burden is on the parties to plead and prove any
9 | alleged prejudice.  *Venegas v. Skaggs*, 867 F.2d 527, 530 (9th Cir. 1989).

## IV.   CONCLUSION

For the foregoing reasons, Omni respectfully requests the Court grant this application and authorize it to intervene for the limited purpose of responding to Mattel's request for the appointment of a receiver for MGA and all other issues related to the proposed receiver or Omni's status as a secured creditor of MGA.

DATED: February 3, 2009        Bingham McCutchen LLP

By: _____

Todd E. Gordinier
Attorneys for Non-party
Omni 808 Investors, LLC

- 11 -

Exhibit 13

From:      Gordinier, Todd E. [todd.gordinier@bingham.com]
Sent:      Tuesday, February 03, 2009 5:18 PM
To:        Jon Corey
Cc:        Villar, Peter N.; Stephen Hauss; Christopher Price
Subject:   RE: Mattel/MGA

Your understanding is incorrect.  That is not what I told you.  If Mattel truly wants to discuss narrowing whatever differences exist we are happy to do that.  What I am sensing is that you
prefer to file accusatory motions first.  When we first discussed this you said there was nothing driving any particular urgency here.  Assuming that was correct my suggestion is that we set
up a time to discuss your requests in a professional and orderly way.  Best, Todd


Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

B I N G H A M
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

---

From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Tuesday, February 03, 2009 3:08 PM
To: Gordinier, Todd E.
Cc: Villar, Peter N.; Stephen Hauss; Christopher Price
Subject: RE: Mattel/MGA

Todd,

I will respond seprately to whatever Mr. Villar may disagree with in my letter.  Let me assure you that Mattel is interested in the transaction, but its interest extends beyond the deal
documents themselves, as set forth in the requests, but extends to the parties to the transaction, information about their ownership, source of funds, and distribution of funds.  At this point, I
understand that the only thing that your clients are willing to produce, and then only if the motion to quash is denied, are the deal documents.  The result of the conversation that you and I
had was that I would prepare a stipulation that would call for the production of documents by Omni 808 and Vision Capital if MGA's motion to quash was denied.  I prepared that stipulation
and provided it to you and Mr. Villar.  Mr. Villar's response yesterday was that the stipulation was, in your clients' opinion, too broad.  That was documented in my letter yesterday.

While your statement that I "conceded that [I] didn't bother to review the pertinent agreement itself before filing [a] brief on this matter with the Court," is somewhat accurate.  I did not review
the any agreement before Mattel filed its application for a receiver, I also confirmed for you that neither Mattel nor its counsel has any documents relating to these transactions in its
possession, other than a couple of public UCC financing statements.  It was due to this lack of transparency that caused Mattel to issues the subpoenas.  But, MGA seems intent on
preventing Mattel from ever seeing any other documents relating to this transaction or transactions.  Again, Again, if your clients are willing to produce the documents requested in the
subpoenas, including those related to these transactions and the entities that participated in them, not just the deal documents, then we can move forward.  Until then, Mattel anticipates
seeking an order overruling objections and compelling the production of documents responsive to the requests.

Best regards,

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

---

From: Gordinier, Todd E. [mailto:todd.gordinier@bingham.com]
Sent: Tuesday, February 03, 2009 12:31 PM
To: Jon Corey
Cc: Villar, Peter N.
Subject: Mattel/MGA

Jon, I have reviewed your letter to Peter Villar.  It does not accurately reflect our position respecting the subpoenas directed to any, let alone each, of our clients here.  Most fundamentally, it
entirely fails to acknowledge the telephone conversation that you and I had on these issues the other day.  Peter will be responding in more detail as it was he who participated in the most
recent call but your letter is troubling.  I am not sure what is going on here as we are new to this action but your correspondence evinces more interest in posturing than in procuring
documents that will reflect the transaction you profess to be concerned about.  This, after you conceded to me you didn't bother to review the pertinent agreement itself before filing your brief
on the matter with the Court.  Please kindly also copy me when you are sending communications to this office.  Thank you for your cooperation.  I will sign and return the Protective Order
later today.  Best, Todd

Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

B I N G H A M
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

--------------------------------------------------------------------------------

**Exhibit 13**
**Page 63**

Bingham McCutchen LLP Circular 230 Notice:    To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
=================================================================================

============================================================================
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
=================================================================================

Exhibit 13
Page 64

2/9/2009

Exhibit 14

# BINGHAM

Todd E. Gordinier
Direct Phone:  714.830.0622
Direct Fax:     714.830.0717
todd.gordinier@bingham.com

February 5, 2009

Jon D. Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

**Re:   Carter Bryant v. Mattel, Inc.**

Dear Jon:

We have received the motion to compel you have filed along with the one hundred plus exhibits that purport to accompany it.  Mattel's abject failure to meet and confer with respect to the outstanding discovery prior to filing these papers is in violation of the local rules in that regard.

Moreover, my clients remain non-parties and are obviously new to this matter but I can discern no reason for Mattel's presentation of these matters in the form it has chosen and to date you have proferred none.  Could you please provide me with the authority, if any, on which you are relying as an excuse for not complying with the applicable local rules (*inter alia,* 11 and 37) regarding memoranda in support of motions or the presentation of discovery disputes?

Very truly yours,

Todd E. Gordinier

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/72837230.1/3009108-0000337036

**Exhibit 14**
**Page 65**

Exhibit 15

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 5, 2009

### VIA FACSIMILE AND U.S. MAIL

Todd E. Gordinier, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Todd:

I am writing in response to your e-mail of February 3, 2009 and your letter of February 5, 2009, regarding Mattel's Motion to Compel Production of Documents Responsive to Third-Party Subpoenas.

As you know, we have met and conferred.

Your statement that you did not agree to this timing for Mattel's motion to compel is likewise incorrect. In a letter dated January 23, 2009, on which you were copied, Robert Herrington, counsel for MGA, memorialized the parties' and third parties' agreement that Mattel's motion to compel and MGA's motion to quash would be due on Monday, February 2, 2009. A copy of Mr. Herrington's letter is attached for your reference. At no time did you respond to this letter to indicate that Omni 808 or Vision Capital had any objection to this deadline. The parties subsequently agreed on January 30, 2009 to extend this filing deadline to Tuesday, February 3, 2009, including so that we would have a full and fair opportunity to meet and confer. My e-mail exchange with Mr. Herrington is attached. I then followed up with Mr. Villar, and he agreed, that Omni 808 and Vision Capital would not argue that Mattel's motion to compel was untimely if not filed on February 2, 2009. I confirmed this agreement in my February 2, 2009 letter to Mr. Villar, a copy of which is attached. When we were unable to reach agreement on Mattel's subpoenas through the meet and confer process, Mattel filed its motion to compel with the

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2787849.1

**Exhibit 15**
**Page 66**

Discovery Master on February 3, 2009, the date agreed to by all parties and by all subpoenaed parties.

Finally, Mattel followed the proper procedures in submitting its motion to the Discovery Master. As counsel for MGA has undoubtedly informed you, discovery disputes in this case follow the guidelines set forth in the Stipulation for Appointment of a Discovery Master, dated December 6, 2006, including setting the briefing schedule on discovery motions, rather than those set forth in the Local Rules.  In his January 6, 2009 Order appointing Robert C. O'Brien as the Phase 2 Discovery Master, Judge Larson expressly stated that the Stipulation would continue to govern Phase 2 discovery disputes.  For your convenience I have attached a copy of the Stipulation and the Court's January 6, 2009 Order.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey /SH

Jon Corey

cc:  Peter Villar, Esq.

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**     February 5, 2009          **NUMBER OF PAGES, INCLUDING COVER: 20**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP | (714) 830-0622 | (714) 830-0717 |
| Peter Villar, Esq.<br>Bingham McCutchen LLP | (714) 830-0640 | (714) 830-0719 |

**FROM:**     Jon D. Corey, Esq.

**RE:**     *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

| CLIENT # | 07975 | ROUTE/<br>RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|

**OPERATOR:**          CONFIRMED?   ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephon to us at the address above via the U.S. Postal Service. Thank you.

**Exhibit 15**
**Page 68**

.LL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

### 300 SOUTH GRAND AVENUE
### LOS ANGELES, CALIFORNIA 90071-3144

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

TEL: (213) 687-5000
FAX: (213) 687-5600
www.skadden.com

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 23, 2008

### <u>VIA FACSIMILE & U.S. MAIL</u>

Mr. Michael Zeller
Mr. Jon D. Corey
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Mr. Neil Potischman
Davis Polk & Wardwell, LLP
1600 El Camino Real
Menlo Park, California 94025

Mr. Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626

Mr. Jeff Valle
Valle and Associates, LLP
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049

RE:   *Mattel v. Bryant*

Gentlemen:

I am writing to confirm the agreement regarding the subpoenas issue by
Mattel to IGWT 826 Investments, LLC, IGWT Group, LLC, OmiNet Capital, LLC,
Omni 808 Investors, LLC, Vision Capital, LLC and Wachovia Corporation (together
"the Subpoenas"). As discussed, all objections to the Subpoenas will be due on
Wednesday, January 28, 2009. Counsel for the parties and third parties will then
meet and confer at mutually agreeable times on January 29 and 30, and any motions
to quash, for protective order, or to compel will be due on Monday, February 2,
2009.

**Exhibit 15**
**Page 69**

01-23-2009   05:42pm   From-                              +2136877808      T-008   P.003/003   F-162

January 23, 2009
Page 2


Thank you for your cooperation on these issues.

Sincerely,

Robert J. Herrington

cc: Mr. Jason Russell

01-23-2009   05:42pm   From-                                    +2136877808            T-008   P.001/003   F-162

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

## 300 SOUTH GRAND AVENUE
## LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: rherring@skadden.com

---

### FACSIMILE TRANSMITTAL SHEET

---

FROM: Robert J. Herrington                          DATE: January 23, 2009
DIRECT DIAL: (213) 687-5368                         FLOOR/OFFICE NO.: Suite 3400
DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION.  IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE.  WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5368.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):   3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.   NAME: Mr. Michael Zeller              FIRM: Quinn Emanuel, etc.
     CITY: Los Angeles                     TELEPHONE NO.: (213) 443-3000
     FACSIMILE NO.: (213) 443-3100

2.   NAME: Mr. Jon D. Corey               FIRM: Quinn Emanuel, etc.
     CITY: Los Angeles                     TELEPHONE NO.: (213) 443-3000
     FACSIMILE NO.: (213) 443-3100

3.   NAME: Mr. Neil Potichman             FIRM: Davis Polk, etc.
     CITY: Menlo Park                      TELEPHONE NO.: (650) 752-2021
     FACSIMILE NO.: (650) 752-3621

4.   NAME: Mr. Todd Gordinier             FIRM: Bingham
     CITY: Costa Mesa                      TELEPHONE NO.: (714) 830-0600
     FACSIMILE NO.: (714) 830-0600

5.   NAME: Mr. Jeff Valle                 FIRM: Valle & Associates
     CITY: Los Angeles                     TELEPHONE NO.: (310) 476-0300
     FACSIMILE NO.: (310) 476-0333

---

Exhibit 15
Page 71

**Stephen Hauss**

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Friday, January 30, 2009 7:12 PM |
| **To:** | 'Herrington, Robert J' |
| **Cc:** | Stephen Hauss; Christopher Price; 'Russell, Jason D' |
| **Subject:** | RE: Mattel v. MGA |

That is fine with me.


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com



**From:** Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
**Sent:** Friday, January 30, 2009 7:07 PM
**To:** Jon Corey
**Cc:** Stephen Hauss; Christopher Price; Russell, Jason D
**Subject:** Re: Mattel v. MGA

Jon - I am assuming the proposed change in your email below is reciprocal – meaning both sides will file on 2/3, correct?


**From:** Jon Corey
**To:** Herrington, Robert J (LAC)
**Cc:** Stephen Hauss ; Christopher Price
**Sent:** Fri Jan 30 21:37:37 2009
**Subject:** Mattel v. MGA

Rob,

I understand that there is an agreement in place to file the motion to quash/motion to compel next Monday.  We are continuing to meet and confer with the IGWT parties and it is unlikely that we will conclude that process on Monday in sufficient time to move to compel, if necessary.  Can we agree that Mattel's motion with respect to the subpoenaed parties may be filed on next Tuesday, February 3, 2009, if necessary, and that there will be no assertion by the MGA Parties that the motion is untimely in any respect?

Best regards,

**Exhibit 15**
**Page 72**

Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above.  This message may be an attorney-client communication and/or work product and as such is privileged and confidential.  If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

------------------------------------------------------------------
**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
**************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
==================================================

Exhibit 15
Page 73

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 2, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Peter:

I write to memorialize our discussions of February 2, 2009 regarding Mattel's subpoenas to Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC.

You stated that Omni 808 and Vision Capital will not stipulate that they will produce all non-privileged documents responsive to the subpoenas if MGA's anticipated motion to quash is denied.  Rather, you indicated that your clients are only willing to produce documents reflecting (1) Wachovia Corporation's loan to MGA Entertainment, Inc., and (2) the assignment of the debt from Wachovia to Omni 808.  In response, I stated that Mattel believes that the subpoenas properly request relevant, discoverable information.  You inquired whether Mattel would be willing to put off its anticipated motion to compel until after the motion to quash is decided and, if it was denied, to review the above-identified documents.  I informed you that it was not in Mattel's interest to wait and resolve this piece-meal, particularly when the motion to quash, as I have been informed by counsel for MGA, will not address any objections in the subpoenas, but only whether the subpoenas are premature.

Separately, in response to your request I provided you with a copy of the subpoena that Mattel served on OmniNet Capital with the proof of service, and you confirmed that your firm will be representing OmniNet Capital with respect to that subpoena.  You informed me that the position

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 2 ... | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Dr ... ia 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2782379.1

**Exhibit 15**
**Page 74**

that you would take with respect to the OmniNet Capital subpoena is the same as the position as Omni 808 and Vision Capital.

Finally, this will confirm our agreement reached on Friday, January 30, 2009 that, notwithstanding the prior agreement, that your clients would not argue that any motion to compel would be untimely in any way if not filed on Monday, February 2, 2009.

Best regards,

Jon Corey

Jon Corey

2

Exhibit 15
Page 75

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemnauel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

[Additional counsel listed on following page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant. | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND<br><br>[PROPOSED] ORDER<br><br>Discovery Cutoff Date: Not Set<br>Trial Date: Not Set |

Exhibit 15
Page 76

1  LITTLER MENDELSON
     Robert F. Millman (Bar No. 062152)
2    Douglas A. Wickham (Bar No. 127268)
     Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Telephone: (310) 553-0308
   Facsimile:  (310) 553-5583
5
   Attorneys for Carter Bryant
6
   O'MELVENY & MYERS LLP
7    Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
8  Los Angeles, California 90017
   Telephone: (213) 430-6000
9  Facsimile:  (213) 430-6407

10 O'MELVENY & MYERS LLP
     Dale Cendali
11 Times Square Tower
   7 Times Square
12 New York, NY 10036

13 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
     Patricia Glaser (Bar No. 55668)
14 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
15 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
16
   Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

1    WHEREAS, the parties are in agreement that a discovery master should be

2  appointed in this matter to resolve any discovery disputes and to minimize the

3  burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante

5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-

7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,

8  Inc., by and through their respective counsel of record, hereby stipulate and agree as

9  follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-

11  effective discovery and to minimize the burden of discovery disputes upon the

12  Court. Any and all discovery motions and other discovery disputes in the above

13  captioned action shall be decided by a master ("Discovery Master") pursuant to

14  Federal Rule of Civil Procedure 53. Any motions currently pending before

15  Magistrate Judge Block shall be transferred to the Discovery Master. The moving

16  party shall provide to the Discovery Master all papers associated with each pending

17  motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.). His

19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA

20  94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein

22  have been finally disposed of or determined, or until he shall withdraw in

23  accordance with applicable law. If at any time he becomes unable to serve as the

24  Discovery Master, the parties shall confer to present an alternative agreed-upon

25  designee to the Court. In the event that the parties cannot agree to an alternate

26  designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and

28  place for all hearings determined by the Discovery Master to be necessary; to

1  preside over hearings (whether telephonic or in-person); to take evidence in
2  connection with discovery disputes; to issue orders resolving discovery motions
3  submitted to the Discovery Master; to conduct telephonic conferences to resolve
4  discovery disputes arising during depositions; to issue orders awarding non-
5  contempt sanctions, including, without limitation, the award of attorney's fees, as
6  provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7  recommendations, as appropriate.

8      5.    All discovery disputes shall be resolved by motion (except those arising
9  during a deposition which the Discovery Master determines can be resolved by
10 telephonic conference during the deposition). The moving party shall first identify
11 each dispute, state the relief sought, and identify the authority supporting the
12 requested relief in a meet and confer letter that shall be served on all parties by
13 facsimile or electronic mail. The parties shall have five court days from the date of
14 service of that letter to conduct an in-person conference to attempt to resolve the
15 dispute. If the dispute has not been resolved within five court days after such
16 service, the moving party may seek relief from the Discovery Master by formal
17 motion or letter brief, at the moving party's option. The opposing party shall have
18 five court days from the date of service of the motion or letter brief to submit a
19 formal opposition or response. Any reply brief or letter brief shall be served within
20 three court days from the date of service of a formal opposition or response. The
21 hearing on the motion shall take place within five court days of the service of any
22 reply brief or letter unless (a) the parties agree to another hearing date or agree that
23 no hearing is necessary; (b) the Discovery Master determines that no hearing is
24 necessary; or (c) the Discovery Master is not available, in which case the hearing
25 shall take place on the Discovery Master's first available date. The foregoing shall
26 not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27 seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28 dispute upon shortened time upon a showing of good cause why a party would be

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic

2  mail prior to 6:00 p.m. shall constitute service on that day.

3      6.      The Discovery Master's orders resolving discovery disputes, reports, or

4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5  Magistrate Judge of the United States District Court.  The Discovery Master shall

6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7  the parties within five court days of his/her decision on a matter.

8      7.      A court reporter shall transcribe any hearing or other proceeding before

9  the Discovery Master.

10     8.      The cost of any proceeding before the Discovery Master, including the

11 fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12 other proceedings before the Discovery Master, and the fees of any other person

13 necessary to the efficient administration of the proceeding before the Discovery

14 Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15 Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16 the Discovery Master Orders otherwise.  By agreeing to share costs among the

17 parties, no party waives its right to seek recovery or reimbursement for such costs

18 from any other party.

19     9.      The Discovery Master shall be compensated according to his regular

20 hourly rate of $750.

21     10.     Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22 Master shall proceed with all reasonable diligence.

23     11.     Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25 aware that he has a relationship to the parties, to counsel, to the action, or to the

26 Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27 based thereon the parties expressly waive any ground for disqualification disclosed

28 therein of Hon. Edward A. Infante to serve as master in these proceedings.

12.   The Discovery Master shall not have ex parte communications with ~~the Court~~, a party or counsel.

13.   The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master.  These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14.   The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

15.   All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 22, 2006

O'MELVENY & MYERS LLP

By: _____
Diana Torres
Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006

LITTLER MENDELSON

By: _____
Douglas A. Wickham
Attorneys for Carter Bryant

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

- 6 -

Exhibit 15
Page 81

1   Dated: ~~November~~ December 4, 2006          QUINN EMANUEL URQUHART
2                                                 OLIVER & HEDGES, LLP

3                                            By: _Jon D. Corey_____
4                                                 Jon D. Corey
                                                  Attorneys for Mattel, Inc.
5

6                                        **ORDER**

7        The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED *as modified.*

9

10  Dated: __12-6-06.____          _S. G. Larson_____
11                                      Hon. Stephen G. Larson
                                        United States District Court Judge
12

13

14                    **CONSENT OF DISCOVERY MASTER**

15       If appointed by the Court, I, the undersigned, consent to serve as Discovery

16  Master in the above referenced proceeding consistent with this Order.

17

18  Dated: __12-5-06___          _Edward A. Infante_____
19                                  Hon. Edward A. Infante (Ret.)
20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

1  STATE OF CALIFORNIA )
2  COUNTY OF LOS ANGELES )

3      I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.
4

5      On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.
6

7  **Keith A. Jacoby, Esq.**                    **Diana M. Torres, Esq.**
   **Douglas Wickham, Esq.**                   C'Melveney & Meyers
   **Littler Mendelson**                        400 S. Hope Street
8  **A Professional Corporation**               Los Angeles, CA 90071
   2049 Century Park East, 5th Floor            Phone: 213-430-6000
9  Los Angeles, California 90067-3107           **Fax: 213-430-6407**
   Phone: 310-553-0308
10 **Fax: 310-553-5583**

11

12 [ ]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:
13

14 [X]    **BY MAIL**

15 [ ]    I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

16 [ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing
17        correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the
18        ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
19

   [ ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
20        set forth above on this date.

21 [ ]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on December 5, 2006, at Los Angeles, California.

23 [ ]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 [X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.
25

26

27  ___Cheri Hatch___                          _____
    Print Name                                 Signature

28

Exhibit 15
Page 83

CALENDARED

**RECEIVED**

JAN 0 8 2009

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date: January 6, 2009

Title:     MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
=====================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          James Holmes                        None Present
          Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

PROCEEDINGS:   ORDER APPOINTING DISCOVERY MASTER

         As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any
discovery disputes that might arise in Phase 2 of this case. The appointment of the Discovery
Master was made at the joint request of the parties in this case. See Stipulation for Appointment of
a Discovery Master and Order, December 6, 2006.

         Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that
a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what
MGA has aptly described to the Court as "the massive administrative burdens in time and labor
necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase
2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2." Based on
the Court's experience in this case, there is no question that a Discovery Master is needed to
"effectively and timely" address the anticipated discovery matters in this case.

         The Court previously submitted to all counsel of record the names of eight attorneys for
consideration by the parties and invited counsel to submit, in camera, any objections to those
attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of
the permanent injunction, if needed). The Court has carefully considered the objections submitted.
Two of the individuals named were not the subject of an objection by any party. Of those two, the
Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL -- GEN                          1

Exhibit 15
Page 84

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera. A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master. The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

Exhibit 15
Page 85

# Confirmation Report — Memory Send

Page       : 001
Date & Time: 02-05-2009   19:32
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 909 |
| Date | : | 02-05  19:26 |
| To | : ☎1‡17148300719 |
| Number of pages | : | 020 |
| Start time | : | 02-05  19:26 |
| End time | : | 02-05  19:32 |
| Pages sent | : | 020 |
| Status | : | OK |

Job number    : 909            *** SEND SUCCESSFUL ***

---

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:   February 5, 2009                NUMBER OF PAGES, INCLUDING COVER: 20

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Todd E. Gordinier, Esq. Bingham McCutchen LLP | (714) 830-0622 | (714) 830-0717 |
| Peter Villar, Esq. Bingham McCutchen LLP | (714) 830-0640 | (714) 830-0719 |

FROM:    Jon D. Corey, Esq.

RE:    *Mattel, Inc. v. MGA Entertainment, Inc.*

MESSAGE:

| | | | |
|---|---|---|---|
| CLIENT # | 07975 | ROUTE/ RETURN TO: Tiffany Garcia | ☒ CONFIRM FAX  ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED? ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 15
Page 86

# Confirmation Report — Memory Send

Page          : 001
Date & Time: 02-05-2009   19:31
Line 1        : 2134433100
Line 2        :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 908 |
| Date | : | 02-05  19:25 |
| To | : ☎1*17148300717 |
| Number of pages | : | 020 |
| Start time | : | 02-05  19:25 |
| End time | : | 02-05  19:31 |
| Pages sent | : | 020 |
| Status | : | OK |

Job number      : 908              *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

LONDON
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:     February 5, 2009

NUMBER OF PAGES, INCLUDING COVER: 20

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Todd E. Gordinier, Esq. Bingham McCutchen LLP | (714) 830-0622 | (714) 830-0717 |
| Peter Villar, Esq. Bingham McCutchen LLP | (714) 830-0640 | (714) 830-0719 |

FROM:     Jon D. Corey, Esq.

RE:     *Mattel, Inc. v. MGA Entertainment, Inc.*

MESSAGE:

| | | | | |
|---|---|---|---|---|
| CLIENT # | 07975 | ROUTE/ RETURN TO:   Tiffany Garcia | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT | |
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 15
Page 87

Exhibit 16

From:     Jon Corey
Sent:     Friday, February 06, 2009 10:16 AM
To:       'Villar, Peter N.'; Michael T Zeller
Cc:       'Gordinier, Todd E.'
Subject:  RE: Mattel's Motion to Compel

Peter,

I responded to Todd's letter yesterday.  It was faxed yesterday evening.  I will get it refaxed and an electronic copy emailed to you.

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com




From: Villar, Peter N. [mailto:peter.villar@bingham.com]
Sent: Friday, February 06, 2009 9:53 AM
To: Jon Corey; Michael T Zeller
Cc: Gordinier, Todd E.
Subject: Mattel's Motion to Compel

Jon, Michael:

Todd Gordinier sent you a letter yesterday morning requesting that you provide us with authority, if any, obviating Mattel's compliance with local rules governing motions to compel (i.e., the pre-filing conference of counsel, the joint stipulation, etc.).  We have received no response from you.  As you know, we are new to this case and are not familiar with all prior agreements that may have been reached by the parties.  Please tell us your position and when, in your view, our opposition to your motion is due as soon as possible.

Regards, Peter

BINGHAM
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |


============================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
============================================================================

Exhibit 16
Page 88

2/9/2009

Exhibit 17

**From:**   Villar, Peter N. [peter.villar@bingham.com]
**Sent:**   Friday, February 06, 2009 10:53 AM
**To:**     Jon Corey; Michael T Zeller
**Cc:**     Gordinier, Todd E.
**Subject:** RE: Mattel's Motion to Compel

Jon, along with your response letter to Todd can you send us a copy of the stipulation you are referring to?  The only stipulation that I have seen (a November 2006 stipulation) does not apply to non-parties.  In addition, even that stipulation does not say anything about waiving local rules, and sets forth requirements that were not adhered to by Mattel in this instance (an in-person conference, etc.).  We would like to get this sorted out as soon as possible.

- Peter

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Friday, February 06, 2009 10:24 AM
**To:** Villar, Peter N.; Michael T Zeller
**Cc:** Gordinier, Todd E.
**Subject:** RE: Mattel's Motion to Compel

Peter,

Under the "so ordered" Discovery Master Stipulation that governs discovery disputes in this case, any opposition is due 5 days after the motion is served, with any reply being due three days after service of an opposition.  Let me know if you have any questions.

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com


---

**From:** Villar, Peter N. [mailto:peter.villar@bingham.com]
**Sent:** Friday, February 06, 2009 9:53 AM
**To:** Jon Corey; Michael T Zeller
**Cc:** Gordinier, Todd E.
**Subject:** Mattel's Motion to Compel

Jon, Michael:

Todd Gordinier sent you a letter yesterday morning requesting that you provide us with authority, if any, obviating Mattel's compliance with local rules governing motions to compel (i.e., the pre-filing conference of counsel, the joint stipulation, etc.).  We have received no response from you. As you know, we are new to this case and are not familiar with all prior agreements that may have been reached by the parties.  Please tell us your position and when, in your view, our opposition to your motion is due as soon as possible.

Regards, Peter

**B I N G H A M**
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |


================================================================
Bingham McCutchen LLP Circular 230 Notice:    To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
================================================================

================================================================
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
================================================================

Exhibit 17
Page 89

2/9/2009

Exhibit 18

| | |
|---|---|
| **From:** | Villar, Peter N. [peter.villar@bingham.com] |
| **Sent:** | Friday, February 06, 2009 2:51 PM |
| **To:** | Jon Corey; Michael T Zeller |
| **Cc:** | Gordinier, Todd E. |
| **Subject:** | Letter dated 2/5/09 from Jon Corey |

Jon, Michael:  We will agree to disagree regarding each of the points raised in your letter.  In your view, our clients' opposition to Mattel's motion to compel is due February 10.  Without waiving our right to raise any issues with the court, would you grant us a 5 court day extension (until February 18) to file our opposition?

Regards, Peter

**B I N G H A M**
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

---

**From:** Johanna Minassian [mailto:johannaminassian@quinnemanuel.com]
**Sent:** Friday, February 06, 2009 12:00 PM
**To:** Gordinier, Todd E.; Villar, Peter N.
**Subject:** Letter dated 2/5/09 from Jon Corey

Counsel,

Attached please find the intended letter for your review.

```
===========================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requireme
The information in this e-mail (including attachments, if any) is considered confide
===========================================================================
```

Exhibit 18
Page 90

2/9/2009

Exhibit 19

From:   Jon Corey
Sent:   Friday, February 06, 2009 5:25 PM
To:     'Villar, Peter N.'; Michael T Zeller
Cc:     'Gordinier, Todd E.'
Subject: RE: Letter dated 2/5/09 from Jon Corey

Peter,

While we prefer to agree to requested extensions as a professional courtesy when we can, doing so in this situation threatens to be prejudicial to my client's interests.  Omni 808 has filed an ex parte application to intervene for the purpose of, among other things, opposing Mattel's request for the appointment of a receiver.  Omni 808 has done so without submitting a single piece of evidence.  At the same time, Omni 808 is refusing to produce documents that Mattel believes are directly relevant to the Court's consideration of Mattel's pending motion for a receiver as well as to Phase 2 issues.  Because the opposition to the motion to compel is due before the hearing on Omni 808's application to intervene, Mattel, as you understand, is entitled to know the positions that Omni 808 will take in opposing the motion to compel and in obtaining prompt discovery from Omni 808 relating to pending issues.

Separately, in a prior email, you stated that you did not believe that the discovery master stipulation applied to third parties.  By its terms, paragraph 15 does just that.  It reads, "All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order."  Stipulation for Appointment of Discovery Master, and Order at 6:14-15.  Separately, when another third-party had asserted that issues related to a subpoena were not properly brought to the discovery master, Judge Larson stated unequivocally that "those matters are properly presented to the Discovery Master."  February 25, 2008 Tr. at 23:4-5 (attached).

Best regards,

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

From: Villar, Peter N. [mailto:peter.villar@bingham.com]
Sent: Friday, February 06, 2009 2:51 PM
To: Jon Corey; Michael T Zeller
Cc: Gordinier, Todd E.
Subject: Letter dated 2/5/09 from Jon Corey

Jon, Michael:  We will agree to disagree regarding each of the points raised in your letter.  In your view, our clients' opposition to Mattel's motion to compel is due February 10.  Without waiving our right to raise any issues with the court, would you grant us a 5 court day extension (until February 18) to file our opposition?

Regards, Peter

B I N G H A M
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

From: Johanna Minassian [mailto:johannaminassian@quinnemanuel.com]
Sent: Friday, February 06, 2009 12:00 PM
To: Gordinier, Todd E.; Villar, Peter N.
Subject: Letter dated 2/5/09 from Jon Corey

Counsel,

Attached please find the intended letter for your review.

=====================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
=====================================================================

Exhibit 19
Page 91
2/10/2009

Exhibit 20

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
3     Michael T. Zeller (Bar No. 196417)
      (michaelzeller@quinnemanuel.com)
4     Jon D. Corey (Bar No. 185066)
      (joncorey@quinnemnauel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
6   Telephone:  (213) 443-3000
    Facsimile:   (213) 443-3100
7
    Attorneys for Mattel, Inc.
8
    [Additional counsel listed on following page]
9

10                      UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12   CARTER BRYANT, an individual,          )   Case No. CV 04-09049 SGL (RNBx)
                                            )
13                  Plaintiff,              )   Consolidated with
                                            )   Case No. CV 04-09059
14        v.                                )   Case No. CV 05-02727
                                            )
15   MATTEL, INC., a Delaware               )   STIPULATION FOR APPOINTMENT
     corporation,                           )   OF A DISCOVERY MASTER; AND
16                                          )
                    Defendant.              )   [PROPOSED] ORDER
17                                          )
                                            )
18                                          )   Discovery Cutoff Date:  Not Set
                                                Trial Date:  Not Set
19

20

21

22

23

24

25

26

27

28

Exhibit 20
Page 92

Case No. CV 04-09049 SGL (RNBx)
STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  LITTLER MENDELSON
       Robert F. Millman (Bar No. 062152)
2      Douglas A. Wickham (Bar No. 127268)
       Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California  90067-3107
4  Telephone:  (310) 553-0308
   Facsimile:   (310) 553-5583
5
6  Attorneys for Carter Bryant

7  O'MELVENY & MYERS LLP
       Diana M. Torres (Bar No. 162284)
8  400 S. Hope Street
   Los Angeles, California  90017
9  Telephone:  (213) 430-6000
   Facsimile:   (213) 430-6407

10  O'MELVENY & MYERS LLP
        Dale Cendali
11  Times Square Tower
    7 Times Square
12  New York, NY 10036

13  CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
        Patricia Glaser (Bar No. 55668)
14  10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
15  Telephone: (310) 553-3000
    Facsimile: (310) 556-2920
16
17  Attorneys for MGA Entertainment, Inc.

18

19

20

21

22

23

24

25

26

27

28

Exhibit 20
Page 93
- 2 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

1  WHEREAS, the parties are in agreement that a discovery master should be
2  appointed in this matter to resolve any discovery disputes and to minimize the
3  burden on the Court; and

4  WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6  NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8  Inc., by and through their respective counsel of record, hereby stipulate and agree as
9  follows:

10  1.  The Discovery Master shall be appointed to assure and provide cost-
11  effective discovery and to minimize the burden of discovery disputes upon the
12  Court.  Any and all discovery motions and other discovery disputes in the above
13  captioned action shall be decided by a master ("Discovery Master") pursuant to
14  Federal Rule of Civil Procedure 53.  Any motions currently pending before
15  Magistrate Judge Block shall be transferred to the Discovery Master.  The moving
16  party shall provide to the Discovery Master all papers associated with each pending
17  motion.

18  2.  The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His
19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20  94111.

21  3.  Judge Infante shall serve as the Discovery Master until all issues herein
22  have been finally disposed of or determined, or until he shall withdraw in
23  accordance with applicable law.  If at any time he becomes unable to serve as the
24  Discovery Master, the parties shall confer to present an alternative agreed-upon
25  designee to the Court.  In the event that the parties cannot agree to an alternate
26  designee, then the Court shall appoint a Discovery Master.

27  4.  The Discovery Master shall have the authority to set the date, time, and
28  place for all hearings determined by the Discovery Master to be necessary; to

1   preside over hearings (whether telephonic or in-person); to take evidence in

2   connection with discovery disputes; to issue orders resolving discovery motions

3   submitted to the Discovery Master; to conduct telephonic conferences to resolve

4   discovery disputes arising during depositions; to issue orders awarding non-

5   contempt sanctions, including, without limitation, the award of attorney's fees, as

6   provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and

7   recommendations, as appropriate.

8       5.      All discovery disputes shall be resolved by motion (except those arising

9   during a deposition which the Discovery Master determines can be resolved by

10  telephonic conference during the deposition).  The moving party shall first identify

11  each dispute, state the relief sought, and identify the authority supporting the

12  requested relief in a meet and confer letter that shall be served on all parties by

13  facsimile or electronic mail.  The parties shall have five court days from the date of

14  service of that letter to conduct an in-person conference to attempt to resolve the

15  dispute.  If the dispute has not been resolved within five court days after such

16  service, the moving party may seek relief from the Discovery Master by formal

17  motion or letter brief, at the moving party's option.  The opposing party shall have

18  five court days from the date of service of the motion or letter brief to submit a

19  formal opposition or response.  Any reply brief or letter brief shall be served within

20  three court days from the date of service of a formal opposition or response.  The

21  hearing on the motion shall take place within five court days of the service of any

22  reply brief or letter unless (a) the parties agree to another hearing date or agree that

23  no hearing is necessary; (b) the Discovery Master determines that no hearing is

24  necessary; or (c) the Discovery Master is not available, in which case the hearing

25  shall take place on the Discovery Master's first available date.  The foregoing shall

26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from

27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a

28  dispute upon shortened time upon a showing of good cause why a party would be

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic
2  mail prior to 6:00 p.m. shall constitute service on that day.

3       6.      The Discovery Master's orders resolving discovery disputes, reports, or
4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a
5  Magistrate Judge of the United States District Court.  The Discovery Master shall
6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve
7  the parties within five court days of his/her decision on a matter.

8       7.      A court reporter shall transcribe any hearing or other proceeding before
9  the Discovery Master.

10      8.      The cost of any proceeding before the Discovery Master, including the
11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or
12  other proceedings before the Discovery Master, and the fees of any other person
13  necessary to the efficient administration of the proceeding before the Discovery
14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,
15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,
16  the Discovery Master Orders otherwise.  By agreeing to share costs among the
17  parties, no party waives its right to seek recovery or reimbursement for such costs
18  from any other party.

19      9.      The Discovery Master shall be compensated according to his regular
20  hourly rate of $750.

21      10.     Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery
22  Master shall proceed with all reasonable diligence.

23      11.     Based on an affidavit filed by Hon. Edward A. Infante pursuant to
24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not
25  aware that he has a relationship to the parties, to counsel, to the action, or to the
26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and
27  based thereon the parties expressly waive any ground for disqualification disclosed
28  therein of Hon. Edward A. Infante to serve as master in these proceedings.

1       12.    The Discovery Master shall not have ex parte communications with ~~the~~
2   ~~Court,~~ a party or counsel.

3       13.    The Discovery Master shall preserve and maintain all documents and
4   materials submitted by the parties as well as all orders, reports, and
5   recommendations issued by the Discovery Master. These documents, materials,
6   orders, reports and recommendations shall be the record of the Discovery Master's
7   activities, and shall be maintained in chronological order until the Discovery Master
8   is informed by the parties that all issues herein have been finally disposed of and
9   determined.

10       14.    The Discovery Master is hereby authorized to receive and consider
11   information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-
12   ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective
13   Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

14       15.    All third parties subject to discovery requests or deposition in this
15   litigation shall be bound by the terms of this Stipulation and Order.

16

17   Dated: November 29, 2006           O'MELVENY & MYERS LLP

18

19                                    By: _____

20                                      Diana Torres

21                                    Attorneys for MGA Entertainment, Inc.

22   Dated: November 29, 2006           LITTLER MENDELSON

23

24                                      By: _____

25                                      Douglas A. Wickham

26                                      Attorneys for Carter Bryant

27

28

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

- 6 -

Exhibit 20
Page 97

1   Dated: ~~November~~ December 4, , 2006          QUINN EMANUEL URQUHART
2                                                   OLIVER & HEDGES, LLP

3                                                   By: _Jon D. Corey_____
4                                                       Jon D. Corey
                                                        Attorneys for Mattel, Inc.
5

6                              **ORDER**

7        The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED *as modified.*

9

10  Dated:  _12-6-06._                    _S.G. Larson_____

11                                        Hon. Stephen G. Larson
                                          United States District Court Judge
12

13

14                   **CONSENT OF DISCOVERY MASTER**

15       If appointed by the Court, I, the undersigned, consent to serve as Discovery

16  Master in the above referenced proceeding consistent with this Order.

17

18  Dated:  _12-5-06_                     _Edward A. Infante_____

19                                        Hon. Edward A. Infante (Ret.)

20

21

22

23

24

25

26

27

28

                                        - 7 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

Exhibit 20
Page 98

# PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

1

**STATE OF CALIFORNIA )**

2 **COUNTY OF LOS ANGELES )**

3      I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

4

5      On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

6

7 **Keith A. Jacoby, Esq.**                          **Diana M. Torres, Esq.**
**Douglas Wickham, Esq.**                       **O'Melveney & Meyers**
**Littler Mendelson**                                 400 S. Hope Street
8 **A Professional Corporation**                Los Angeles, CA 90071
2049 Century Park East, 5th Floor          Phone: 213-430-6000
9 Los Angeles, California 90067-3107       **Fax: 213-430-6407**
Phone: 310-553-0308
10 **Fax: 310-553-5583**

11

12 [ ]      By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

13

14 **[X]      BY MAIL**

15 [ ]      I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

16 [ ]      As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal
17        service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is
18        presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20 [ ]      **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

21 [ ]      **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on December 5, 2006, at Los Angeles, California.

23 [ ]      (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 [X]      (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26 _____                    _____
   Cheri Hatch
27 Print Name                                       Signature

28

Exhibit 20
Page 99