Exhibit 21

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 7, 2009

Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
==============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

    Jim Holmes                              None Present
    Courtroom Deputy                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                              None Present

PROCEEDINGS:    **ORDER MODIFYING STAY OF PERMANENT INJUNCTION**

**ORDER APPOINTING FORENSIC AUDITOR**

After an initial hearing on December 30, 2008, and a sealed hearing on January 5, 2009, and after consideration of the parties' papers relating to the MGA parties' motion for stay pending appeal (which specific relief the Court denied for the reasons stated on the record), and after consideration of the parties' papers relating to Mattel's ex parte application to appoint a receiver, the Court issues the following Order modifying the stay set forth in the Court's December 3, 2008, Order, and appointing a forensic auditor.

**MODIFYING STAY OF PERMANENT INJUNCTION**

Notwithstanding any previous Order of the Court, the December 3, 2008, Order Granting Mattel, Inc.'s Motion for Permanent Injunction (docket #4439), shall remain **STAYED**, ineffective and non-final, until further order of the Court. Specifically, retailers and distributors will be permitted to purchase the Spring and Fall 2009 lines of Bratz and Bratz-related products from MGA and MGA licensees, up to and including December 31, 2009.

In the event that the Court awards control over the rights to the Bratz products referenced in the Court's December 3, 2008, Order and the January 7, 2009 Stipulation and Order (regarding

MINUTES FORM 90                                    Initials of Deputy Clerk __jh_____
CIVIL -- GEN                         1

Exhibit 21
Page 100

the Spring and Fall 2009 lines) to a Court-appointed receiver or to Mattel, Inc., that award will be subject to a requirement that retailers and distributors be permitted to purchase the Spring and Fall 2009 lines up to and including December 31, 2009.

## APPOINTMENT OF FORENSIC AUDITOR

As discussed on the record, the Court **HOLDS IN ABEYANCE** Mattel's ex parte application for appointment of a receiver pending a forensic audit of MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment Hong Kong.

For good cause shown, the Court hereby **APPOINTS** Ronald L. Durkin to serve as the Court's forensic auditor (hereinafter referred to as "the Auditor"). Mr. Durkin's qualifications appear in an attachment to this Order. The Court has provided the Auditor with the parties' attorneys' contact information. The Auditor shall direct his initial communications to counsel.

Defendants MGA Entertainment, Inc., Isaac Larian, and MGA Entertainment Hong Kong, shall provide the Auditor with access to any and all MGA records, regardless of the medium or media of the maintenance of those records, **including but not limited to the "Document/Information Request List" attached to this Order,** that the Auditor deems necessary to enable him to provide the Court with a report, in camera, regarding MGA's finances sufficient to enable the Court to determine whether or not appointment of a receiver is warranted. The audit shall extend to any and all related entities as the Auditor deems necessary. Defendants shall also make available for interview individuals identified to them by the Auditor. Defendants shall make its computer systems, physical premises, and offices, available to the Auditor upon his reasonable request during normal business hours. Defendants shall permit the Auditor's reasonable use of its office machines, such as copiers and fax machines, as may be necessary to complete the audit.

The Auditor shall have the authority to seek the services of fellow professionals (as well as para-professionals and support staff) necessary to accomplish the Court-appointed audit. The provisions of this Order extend to the Auditor's delegatees as he so directs. The Auditor and his delegatees shall be compensated at their reasonable customary hourly rates.

The expense of the forensic audit shall be borne, in the first instance, by Mattel. After the Court considers the Auditor's report[s], the Court will consider whether the audit expenses should be shared with, or shifted completely to, defendants, based on the equities. The Auditor and his team shall submit periodic billing statements to Mattel to an address specified by Mattel's counsel.

All parties (and individuals and entities under their control) shall cooperate with the Auditor so that he may report to the Court in an expeditious manner.

**IT IS SO ORDERED.**

MINUTES FORM 90                                             Initials of Deputy Clerk __jh_____
CIVIL -- GEN                                    2

Exhibit 21
Page 101

i

## FORENSIC AUDITOR
## DOCUMENT/INFORMATION REQUEST LIST
### January 7, 2009

1.     Audited financial statements for the last three years.  If audited financial statements are not available, then the most current draft of financial statements for the last three years.

2.     Quarterly financial statements for the last three years.

3.     Detailed electronic monthly general ledgers and trial balances for the last three years. If electronic files are not available, then please produce in hard copies.

4.     Detailed electronic revenue or sales subsidiary ledgers for the last three years.  If electronic files are not available, then please produce the request in hard copies.

5.     Detailed electronic receipts or cash subsidiary ledgers for the last three years.  If electronic files are not available, then please produce in hard copies.

6.     Detailed electronic accounts payables and disbursements subsidiary ledgers for the last three years.  Details should include, but should not be limited to, vendor/payee ID, vendor/payee name, check/payment number, payment date (Standard Mask, i.e. MM/DD/YY, MM/DD/YYYY; not Jan 1, 2005), payment amount, currency indicator (if other than US dollars), foreign exchange rate (if other than US dollars), invoice number, invoice date (Standard Mask, i.e. MM/DD/YY, MM/DD/YYYY; not Jan 1, 2005), invoice amount, comment or description, and any other information contained in the file. If electronic files are not available, then please produce in hard copies.

7.     Detailed electronic vendor master files of all active and inactive vendors for the last three years.  Details should include, but should not be limited to, vendor ID, vendor name, status (active/inactive), vendor address (including City, State, Zip, Country), date created, created by user ID.  If electronic files are not available, then please produce in hard copies.

8.     Detailed electronic payroll files for the last three years. Details should include, but not be limited to, employee ID, employee name, payment date, payment number, deductions (e.g. tax, contributions, etc.), gross payment amount, net payment amount, and any other information contained in the file. If electronic files are not available, then please produce in hard copies.

9.     Any and all records that substantiate transfers of assets to other entities, individuals, and/or parties, within the US and outside of the US.

10.   Copies of all bank statements, canceled checks, wire instructions, and all other information and notices sent with bank statements for the last three years.

MINUTES FORM 90                                        Initials of Deputy Clerk __jh_____
CIVIL -- GEN                              3

Exhibit 21
Page 102

i

Case 2:04-cv-09049-SGL-RNB     Document 4657     Filed 01/u₇/2009     Page 4 of 10

11.   Federal and state tax returns for the last three years.

12.   A summary of all contributions, loans and any sources of funding during the last twelve months.  Copies of agreements and/or contracts supporting these transactions.

13.   A summary of all related party transactions detailing any compensation, loans, advances, payments, fees or any other form of consideration paid to Isaac Larian, family members, or affiliates, or any other related party.

14.   Detail of all loan facilities with an indication of creditor and relevant terms.

15.   Copies of any notices from federal or state tax authorities regarding audits or audit adjustments during the last 3 years.

16.   All detailed corporate credit card statements for the last three years.  If electronic files are not available, then please produce in hard copies.

17.   Information and documents regarding expense reimbursement of owners, officers, employees, family members, or affiliates.

18.   Detailed human resources files (electronic) of all employee information (for all current and terminated employees to date) including but not limited to employee name, employee number, address, phone number, start date, termination date, status, position, social security number, and any other information contained in the files.  If electronic files are not available, then please produce in hard copies.

19.   Electronic files of all emails including attachments to the emails from the network server and from backup tapes (please identify dates of backup tapes in order for selection of time period).

20.   Forensic images of personal computer hard drives and PDAs of selected individuals.

MINUTES FORM 90
CIVIL -- GEN                                      4                    Initials of Deputy Clerk __jh_____

Exhibit 21
Page 103





Ronald L. Durkin
CPA/CFF, CFE, CIRA

### Senior Managing Director

619 481 5201

rdurkin@durkinforensic.com

701 B Street Suite 1310
San Diego, CA 92101

Ronald L. Durkin is a CPA with over 30 years combined experience in public accounting and as a Special Agent with the FBI. He has testified in accounting, financial, and bankruptcy matters in U.S. District Court, U.S. Bankruptcy Court, U.S. Tax Court and in various State courts. During his tenure with the FBI, Ron was responsible for investigations involving white collar crime, political and public corruption, money laundering, organized crime, labor racketeering, racketeer-influenced and corrupt organization statute (RICO) violations, and narcotics matters. Since leaving the FBI, he has assisted clients in matters involving fraud prevention, detection, and internal investigations. He has worked on cases involving Foreign Corrupt Practices Act, employee embezzlement, management fraud, financial statement fraud, conflict-of-interest, check kiting, bankruptcy fraud, money laundering, and Ponzi schemes.

In 2008 Ron retired from KPMG. While at KPMG, Ron was the National Partner in Charge of the Fraud and Misconduct Investigations practice and served as the Western Region's forensic practice leader as well as the office coordinating partner for the Los Angeles office's forensic practice.

Exhibit 21
Page 104



## Service Lines

Fraud & Misconduct Investigations
Fraud Risk Management
Forensic in the Audit/Shadow Procedures

## Education and Certifications

Bachelor of Science, Accounting,
California State University, Sacramento

Masters of Business Administration
(Emphasis in Accounting), California
State University, Sacramento

Certified Public Accountant,
licensed in California, Arizona,
Nevada, and Washington

Certified in Financial Forensics

Certified Fraud Examiner

Certified Insolvency and
Restructuring Advisor

He is a frequent speaker at the FBI Academy and at the AICPA National Fraud Conference, California and other State CPA Societies, and he has made presentations to the IRS Criminal Investigative Division and the U.S. Postal Inspectors CPA seminars. He is a member of the AICPA National Accreditation Commission and a former member of the Business Valuation and Forensic Litigation Services Executive Committee. He is the former chair of the AICPA Anti-Fraud Programs and Controls Task Force and past chair of the AICPA Litigation and Dispute Resolution Services Subcommittee. Ron is also the Chair of the California Society of CPA's Litigation Services Steering Committee and the past Chair of the California Society of CPAs Fraud Section.

Ron was a 2003 AICPA Volunteer of the Year. Ron was also honored with the Distinguished Achievement Award by the AICPA in 2006 for his long time commitment to the AICPA. In 2007, Ron was awarded the first-ever FLS Lifetime Achievement Award by the AICPA.

Exhibit 21
Page 105



## Professional Associations

American Institute of Certified Public Accountants (Immediate Past Chair of Litigation & Dispute Resolution Services Subcommittee) – member since 1995

California Society of Certified Public Accountants (member of Steering Committee for statewide Litigation Services Sections and Chair of Fraud Section)

Association of Certified Fraud Examiners (Member of Faculty since 1995)

Association of Insolvency and Restructuring Advisors

Society of Former Special Agents of the FBI

Institute of Internal Auditors

## Investigative and Integrity Advisory Experience

On an International level, he has worked on a number of matters involving alleged Foreign Corrupt Practices Act (FCPA) violations. Working on behalf of U.S. based companies, Ron investigated allegations that members of management of foreign subsidiaries were involved in either bribing foreign officials, diverting corporate opportunities and funds, or conspiring with others to defraud U.S. based victims.

Conducted an investigation of certain allegations of political and public corruption surrounding an international sporting event that was to be held in the US. The allegations involved FCPA, bribery, and public corruption.

Conducted an investigation of an alleged kickback scheme on the part of a purchasing manager of a global technology company.

Conducted an internal investigation with a multi-national corporation regarding corruption involving a former manager in the accounts receivable department. The case was referred to the United States Attorney's Office and the FBI for prosecution.

**Exhibit 21**
**Page 106**



Conducted an internal investigation, on behalf of a publicly traded company, regarding alleged diversion of funds with the accounts payable department. The case was referred to the United States Attorney's Office and the FBI for prosecution.

Investigated allegations of fraud in the real estate industry, including new construction projects, as well as management and operation of office buildings, apartment buildings and shopping centers.

Investigated allegations of corruption by certain members of a County Board of Supervisors who were indicted by a Federal Grand Jury.

Served as an undercover agent in a case involving 35 State Court judges who were indicted and convicted of public corruption.

Conducted a number of investigations of cases involving Pyramid and Ponzi schemes. He also has testified in U.S. District Court, State Court, and Bankruptcy Court in several of these cases.

During career with the FBI and as a bankruptcy trustee, investigated allegations of fraud, corruption and organized crime within the solid waste industry.

**Exhibit 21**
**Page 107**



As the Chapter 11 Trustee of two failed insurance agencies, he conducted investigations into allegations of fraud and mismanagement on the part of senior management.

As a Chapter 7 Trustee, Chapter 11 Trustee, and Examiner in bankruptcy matters, has conducted hundreds of investigations where allegations of fraud have been alleged.

Served as a "keeper" for the Department of Corporations, investigated a State securities fraud matter.

Served as trustee of the parent of one of the largest financial institutions in California where securities fraud and other actions were alleged against senior management.

Exhibit 21
Page 108



## Publications

One of the principal authors of the AICPA Practice Aid 07-1 – "Forensic Accounting – Fraud Investigations" (2007)

Chair of the AICPA Forensic Procedures Task Force responsible for the writing of the "Forensic Procedures and Specialists: Useful Tools and Techniques" – AICPA Special Report, 2006

Chair of the AICPA Antifraud Programs and Controls Task Force responsible for the writing of "Management Override of Internal Controls: The Achilles' Heel of Fraud Prevention" – AICPA Practice Aid, 2005

Principal author – AICPA Technical Consulting Practice Aid 97-1 "Fraud Investigations in Litigation and Dispute Resolution Services"

Co-author – California Society of CPA "The Witness Chair" – SAS 99 – Is It Enough To Help Close the Expectation Chasm? (2003)

Author – "A Systematic Approach to Fraud Investigation" – The CPA Expert, Spring 2000 (AICPA Newsletter for providers of Business Valuation and Litigation Services)

Co-author – "Defining the Practice of Forensic Accounting" The CPA Expert, 1999 Special Issue (AICPA Newsletter for providers of Business Valuation and Litigation Services)

Contributing and Reviewing author to Guide to Fraud Investigations published by Practitioners Publishing Company

Contributing author to Handbook of Litigation Services for John Wiley and Sons. The chapter written by Mr. Durkin is entitled "Criminal Cases and the Investigative Accountant."

Book review of Investigating White Collar Crime: Embezzlement and Financial Fraud for "CPA Management Consultant".

Exhibit 21
Page 109

i

Exhibit 22

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                  Date: January 7, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
===========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                             Theresa Lanza
           Courtroom Deputy Clerk                 Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:  **Christa Martine Anderson**      **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:             ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                         GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                           **Mark E. Overland**
**Anna Park**
                                        ATTORNEY PRESENT FOR NON-PARTY
                                        STERN & GOLDBERG: **Kien C. Tiet**
ATTORNEY PRESENT FOR NON-
PARTIES ANA ELISE CLOONAN,              ATTORNEY PRESENT FOR NON-PARTY
MARGARET HATCH-LEHY, AND                KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
VERONICA MARLOW: **Larry W.**
**McFarland**

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART**
               **MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
               **DISCOVERY (DOCKET #1134)**

               **ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
               **ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
               **SANCTIONS  (DOCKET #1143)**

MINUTES FORM 90                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                      1                  Time: 1/30

**Exhibit 22**
**Page 110**

### ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

### ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008.  The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible.  As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**.  Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2).  See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories).  Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN                              2

Initials of Deputy Clerk: jh
Time: 1/30

Exhibit 22
Page 111

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel.  Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13).  Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C.  Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes.  Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant.  The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**.  The Court's order clearly applied to "all parties."  No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language.  Machado must file an affidavit that complies with the

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk: jh
Time: 1/30

Exhibit 22
Page 112

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation.  The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

### MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**.  The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty.  Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him.  See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master).  Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case.  Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

### DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

Exhibit 22
Page 113

forth in their moving papers. The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl). To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008. However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

Exhibit 22
Page 114

Exhibit 23

Case 2:04-cv-09049-SGL-RNB   Document 1508   Filed 01/10/2008   Page 1 of 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                          Date: January 9, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

        Jim Holmes                                N/A
        Courtroom Deputy Clerk                    Court Reporter


PROCEEDINGS:   **ORDER AMENDING COURT'S MINUTE ORDER OF JANUARY 7, 2008**
               **(In Chambers)**

        The Court's Minute Order dated January 7, 2008, incorrectly noted on page 4 that Mattel's motion seeking clarification regarding the Court's Order appointing the Discovery Master (docket #1244) was **DENIED.**  That motion, as correctly noted in the caption of the January 7, 2008, Order, was **GRANTED.**  Accordingly, the Court **AMENDS** the Court's January 7, 2008, Order as follows:

        Page four:  The sentence "This motion is **DENIED**." is stricken, and the following sentence is substituted in its place:  "This motion is **GRANTED.**"

        IT IS SO ORDERED.


MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL -- GEN                          1

Exhibit 23
Page 115

Exhibit 24

Received:    4/14/06  3:54PM;                RightFAX -> JetFax M920;  Page 2
RightFAX            4/1  2006 3:55    PAGE 002/011    Fax Server

*FILED*

SEND

2006 APR 14 AM 11: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | | |
|---|---|---|
| CARTER BRYANT, | ) | Case No. CV 04-09049 SGL(RNBx) |
| Plaintiff, | ) | STANDING ORDER |
| v. | ) | |
| MATTEL, INC., | ) | |
| Defendant. | ) | |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE
AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

This action has been assigned to the calendar of Judge Stephen G. Larson. Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts. To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel of record are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

IT IS HEREBY ORDERED:

1.      **Service of the Complaint:** The Plaintiff shall promptly serve the Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3.1.

DOCKETED ON CM

4-14

APR 14 2006

(33)

Exhibit 24
Page 116

Received:  4/14/06  3:54PM;                    RightFAX -> JetFax M920;  Page 3
RightFAX              4/1  2006 3:55    PAGE 003/011    Fax Server

1   **2.**   **Presence of Lead Counsel:** Lead trial counsel shall attend all
2   proceedings before this Court, including all status and settlement conferences.
3   Failure of lead trial counsel to appear for those proceedings without express leave of
4   court is a basis for sanctions.

5   **3.**   **Discovery:** All discovery matters have been referred to a United States
6   Magistrate Judge (see initial designation following the case number) to hear all
7   discovery disputes. The words "DISCOVERY MATTER" shall appear in the caption
8   of all documents relating to discovery to insure proper routing. Counsel are directed
9   to contact the Magistrate Judge Courtroom Deputy Clerk for the assigned Magistrate
10  Judge to schedule matters for hearing.

11  The decision of the Magistrate Judge shall be final, subject to modification by
12  the District Court only where it has been shown that the Magistrate Judge's order is
13  clearly erroneous or contrary to law.

14  Any party may file and serve a motion for review and reconsideration before
15  this Court. The party seeking review must do so within ten (10) days of service upon
16  the party of a written ruling or within ten (10) days of an oral ruling that the
17  Magistrate Judge states will not be followed by a written ruling. The motion must
18  specify which portions of the text are clearly erroneous or contrary to law and the
19  claim must be supported by points and authorities. A copy of the moving papers and
20  responses shall be delivered to the Magistrate Judge's clerk for review upon the filing
21  of the required documents.

22  Unless there is a likelihood that upon motion by a party the court would order
23  that any or all discovery is premature, it is advisable for counsel to begin to conduct
24  discovery actively before the Scheduling Conference. At the very least, the parties
25  shall comply fully with the letter and spirit of Fed. R. Civ. P. 26(a) and thereby obtain
26  and produce most of what would be produced in the early stage of discovery, because
27
28

2

Exhibit 24
Page 117

1   the Court will impose tight deadlines to complete discovery at the Scheduling

2   Conference.

3          If expert witnesses are to be called at trial, the parties shall designate experts to

4   be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(2)(B) not later

5   than eight (8) weeks prior to the discovery cutoff date.  Rebuttal expert witnesses

6   shall be designated and reports provided as required by Fed. R. Civ. P. 26(a)(2)(B)

7   not later than five (5) weeks prior to the discovery cutoff date.  Failure to timely

8   comply with this deadline may result in the expert being excluded at trial as a

9   witness.

10         **4.      <u>Motions</u>:**

11                **(a)      <u>Time for Filing and Hearing Motions</u>:**  Motions shall be filed in

12   accordance with Local Rules 6-1 and 7-2, etc.[1]  This Court hears motions on

13   Mondays, commencing at 10:00 a.m.  No supplemental brief shall be filed without

14   prior leave of Court.  Conformed courtesy copies of opposition and reply papers shall

15   be delivered to the courtesy box on the wall outside the entrance to Courtroom No.

16   One, located on the Second Floor of the U.S. Courthouse, 3470 Twelfth Street,

17   Riverside, California, **by 4:00 p.m. on the date due.**  Many motions to dismiss or to

18   strike could be avoided if the parties confer in good faith (as they are required to do

19   under L.R. 7-3), especially for perceived defects in a complaint, answer, or

20   counterclaim which could be corrected by amendment.  See <u>Chang v. Chen</u>, 80 F.3d

21   1293, 1296 (9th Cir. 1996) (where a motion to dismiss is granted, a district court

22   should provide leave to amend unless it is clear that the complaint could not be saved

23   by *any* amendment).  Moreover, a party has the right to amend its complaint "once as

24

25          [1]      Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing
26   conference "to discuss thoroughly . . . the substance of the contemplated motion and any
     potential resolution."  Counsel should discuss the issues sufficiently so that if a motion is
27   still necessary, the briefing may be directed to those substantive issues requiring resolution
     by the Court.  Counsel should resolve minor procedural or other nonsubstantive matters
28   during the conference.

3

Exhibit 24
Page 118

1   a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P.

2   15(a).  A 12(b)(6) motion is not a responsive pleading for purposes of Rule 15(a) and

3   therefore plaintiff might have a right to amend.  See Nolen v. Fitzharris, 450 F.2d

4   958, 958-59 (9th Cir. 1971); St. Michael's Convalescent Hospital v. California, 643

5   F.2d 1369, 1374 (9th Cir. 1981).  Even where a party has amended its Complaint

6   once, or where a responsive pleading  has been served, the Federal Rules provide that

7   leave to amend should be "freely given when justice so requires." Fed.R.Civ.P.

8   15(a).  The Ninth Circuit requires that this policy favoring amendment be applied

9   with "extreme liberality."  Morongo Band of Mission Indians v. Rose, 893 F.2d 1074,

10   1079 (9th Cir. 1990).  These principles require that counsel for the plaintiff should

11   carefully evaluate the defendant's contentions as to the deficiencies in the complaint

12   and, in many instances, the moving party should agree to any amendment that would

13   cure a curable defect.

14         In the unlikely event that motions under Fed. R. Civ. P. 12 challenging

15   pleadings are filed after the Rule 16 Scheduling Conference, the moving party shall

16   attach a copy of the challenged pleading to the Memorandum of Points and

17   Authorities in support of the motion.

18         The foregoing provisions apply as well to motions to dismiss a counterclaim,

19   answer, or  affirmative defense that a plaintiff might file.

20         **(b)     Length and Format of Motion Papers:  Memoranda of Points**

21   **and Authorities in support of or in opposition to motions shall not exceed 25**

22   **pages.  Replies shall not exceed 12 pages.**  Only in rare instances and for good cau

23   shown will the Court grant an application to extend these page limitations.

24         Typeface shall comply with Local Rule 11-3.1.1.  If Times Roman font is use

25   the size must be no less than 14; if Courier is used, the size must be no less than 12.

26   Footnotes shall be in typeface no less than one size smaller than text size

27

28

Exhibit 24
Page 119                            4

1    and shall be used sparingly.

2         Filings that do not conform to the Local Rules and this Order will not be
3    considered.

4         **(c)    Citations to Case Law:**  Citations to case law **must** identify not
5    only the case being cited, but the specific page being referenced.  Certain kinds of
6    authority are considered more useful - or authoritative - than others.  If more than one
7    authority is cited in support of a proposition, these supporting authorities are to be
8    listed such that the more authoritative ones appear first.

9         **(d)    Citations to Statutory Sources:**  Counsel are reminded that the
10   basic purpose of a legal citation is to allow the reader to locate a cited source
11   accurately and efficiently.  Accordingly, statutory references should identify, with
12   specificity, which sections and subsections are being referenced (<u>e.g.</u>, Jurisdiction
13   over this cause of action may appropriately be found in 47 U.S.C. § 33, which grants
14   the district courts jurisdiction over all offenses of the Submarine Cable Act, whether
15   the infraction occurred within the territorial waters of the United States or on board a
16   vessel of the United States outside said waters).  Statutory references which do not
17   indicate specifically which section and subsection are being referred to (<u>e.g.</u>,
18   Plaintiffs allege conduct in violation of the Federal Electronic Communication
19   Privacy Act, 18 U.S.C. § 2511, <u>et seq.</u>) are to be **avoided.**  Citations to treatises,
20   manuals, and other materials should similarly include the volume and the section
21   being referenced.

22        **(e)    Citations to Other Sources:**  Parties offering evidence in support
23   of, or in opposition to, a motion (notably a Rule 56 motion) must cite to specific page
24   and line numbers in depositions and paragraph numbers in affidavits.  Furthermore,
25   such evidence must be authenticated properly.  The Court directs the parties to
26   become familiar with <u>Orr v. Bank of America, NT & SA</u>, 285 F.3d 764 (9th Cir.
27   2002).

28

**Exhibit 24**
**Page 120**                    5

Received:  4/14/06  3:56PM;                    RightFAX -> JetFax M920;  Page 7
RightFAX          4/1  2006 3:55   PAGE 007/011   ⁻ax Server

1      (f)    **Courtesy Copies:**  Counsel shall deliver a conformed courtesy

2   copy of all opposition and reply papers in motion matters to the courtesy box on the

3   wall outside the entrance to Courtroom No. One, located on the Second Floor of the

4   U.S. Courthouse, 3470 Twelfth Street, Riverside, California, **by 4:00 p.m. on the**

5   **date due.**

6          (g)    **Limits on Motions**

7               **(1) Motions for Summary Judgement or Partial Summary**

8   **Judgement:**  No party may file more than one motion pursuant to

9   Fed. R. Civ. P. 56 regardless of whether such motion is denominated as a motion for

10  summary judgment or summary adjudication.

11              **(2) Motions in Limine:**  No party may file more than five

12  motions in limine.

13     **5.    Proposed Orders:**  Each party filing or opposing a motion or seeking

14  the determination of any matter shall serve and lodge a Proposed Order setting forth

15  the relief or action sought and a brief statement of the rationale for the decision with

16  appropriate citations.  If the Proposed Order exceeds two pages, the proposing party

17  shall also submit the document on a 3½-inch diskette compatible with WordPerfect

18  7.0 or higher.

19     **6.    Ex Parte Applications:**  Counsel are reminded that ex parte applications

20  are solely for extraordinary relief.  See Mission Power Engineering Co. v. Continental

21  Casualty Co., 883 F. Supp. 488 (C.D. Cal. 1995).  Applications which fail to conform

22  with Local Rules 7-19 and 7-19.1, **including a statement of opposing counsel's**

23  **position,** will not be considered.  Any opposition must be filed not later than 24 hours

24  after service.  If counsel do not intend to oppose the ex parte application, counsel

25  must inform the court clerk by telephone.  The Court considers ex parte applications

26  on the papers and usually does not set these matters for hearing.

27

28

Exhibit 24
Page 121                              6

Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice of non-opposition papers to the courtesy box outside the entrance to Courtroom No. 1, located on the Second floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside, California. The courtroom deputy clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

7.    **Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date:**  No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them.  Both applications and stipulations must be filed in advance of the date due and set forth:

(a)    the existing due date or hearing date as well as the discovery cutoff date, the last date for hearing motions, the pre-trial conference date and the trial date;

(b)    specific, concrete reasons supporting good cause for granting the extension; and

(c)    whether there have been prior requests for extensions, and whether these were granted or denied by the Court.

8.    **TROs and Injunctions:**  Parties seeking emergency or provisional relief shall comply with Fed. R. Civ. P. 65 and Local Rule 65.  The Court will not rule on any application for such relief for at least 24 hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. [2]   The parties shall lodge a courtesy copy, conformed to reflect that it has been filed, of all papers relating to TROs and injunctions.  The courtesy copy shall be placed in the courtesy box outside the entrance to Courtroom No. One,

_____

[2]    Local Rule 7-19.2 - Waiver of Notice.  If the Judge to whom the application is made finds that the interest of justice requires that the ex parte application be heard without notice (which in the instance of a TRO means that the requisite showing under Fed.R.Civ.P 65(b) has been made) the judge may waive the notice requirement of L.R. 7-19.1.

Exhibit 24
Page 122

7

Received:   4/14/08   3:57PM;                RightFAX -> JetFax MF⁻0;   Page 9
RightFAX                        4/1⸴,2006 3:55    PAGE 009/011    Fax Server

1  located on the Second floor of the U.S. Courthouse, 3470 Twelfth Street, Riverside,

2  California.  All such papers shall be filed "loose" - - i.e., not inside envelopes.

3      **9.     Cases Removed From State Court:**  All documents filed in state court,

4  including documents appended to the complaint, answers, and motions, must be

5  refiled in this Court as a supplement to the Notice of Removal, if not already

6  included.  See 28 U.S.C. § 1447(a)(b).  If the defendant has not yet responded, the

7  answer or responsive pleading filed in this Court must comply with the Federal Rules

8  of Civil Procedure and the Local Rules of the Central District.  If a motion was

9  pending in state court before the case was removed, it must be re-noticed in

10  accordance with Local Rule 6-1.

11      **10.    ERISA Cases:**  Absent an agreed upon statement of facts, the court will

12  not hear motions for summary judgment, but will hear motions to determine the

13  standard of review and the scope of the administrative record.  See Kearney v.

14  Standard Insurance Co., 175 F.3d 1084 (9th Cir. 1999).  There will be a court trial

15  (usually confined to oral argument) on the administrative record.

16      **11.    Status of Fictitiously Named Defendants:**  This Court intends to

17  adhere to the following procedures where a matter is removed to this Court on

18  diversity grounds with fictitiously named defendants referred to in the complaint.

19  (See 28 U.S.C. §§ 1441(a) and 1447.)

20          (a)     Plaintiff is normally expected to ascertain the identity of and serve

21  any fictitiously named defendants within 120 days of the removal of the action to this

22  Court.

23          (b)     If plaintiff believes (by reason of the necessity for discovery or

24  otherwise) that fictitiously named defendants cannot be fully identified within the

25  120-day period, an ex parte application requesting permission to extend that period to

26  effectuate service may be filed with this Court.  Such application shall state the

27  reasons therefor, and may be granted upon a showing of good cause.  The ex parte

28

Exhibit 24
Page 123

1   application shall be served upon all appearing parties, and shall state that appearing

2   parties may comment within seven (7) days of the filing of the ex parte application.

3            (c)   If plaintiff desires to substitute a named defendant for one of the

4   fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for

5   the previously-identified defendants (and counsel for the fictitiously named party, if

6   that party has separate counsel).   If consent is withheld or denied, plaintiff may apply

7   ex parte requesting such amendment, with notice to all appearing parties.  Each party

8   shall have seven calendar days to respond.  The ex parte application and any response

9   should comment not only on the substitution of the named party for a fictitiously

10  named defendant, but on the question of whether the matter should thereafter be

11  remanded to the Superior Court if diversity of citizenship is destroyed by the addition

12  of the new substituted party.  See 28 U.S.C. § 1447(c)(d).

13       **12.   Communications with Chambers:**  Counsel shall not attempt to contact

14  the Court or its chambers staff by telephone or by any other ex parte means, although

15  counsel may contact the courtroom deputy, at (951) 328-4464, with appropriate

16  inquiries.  To facilitate communication with the courtroom deputy, counsel should list

17  their facsimile transmission numbers along with their telephone numbers on all

18  papers.

19       **13.   Notice of this Order:**  Counsel for plaintiff shall immediately serve this

20  Order on all parties, including any new parties to the action. If this case came to the

21  Court by noticed removal, defendant shall serve this Order on all other parties.

22

23

24

25

26

27

28

Exhibit 24
Page 124                                    9

Received:   4/14/06   3:58PM;                    RightFAX -> JetFax M920;   Page 11
RightFAX          4/1   2006 3:55   PAGE 011/011   Fax Server

1    **14.**   <u>**Internet Site:**</u>  Counsel are encouraged to review the Central District's

2  Website for additional information.[3]  The address is "http://www.cacd.uscourts.gov."

3

4    IT IS SO ORDERED.

5

  Dated:  April 14, 2006

6

7

8                       STEPHEN G. LARSON

                           UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20 _____

21    [3]  Copies of the Local Rules are available on our website at

  "http: //www.cacd.uscourts.gov" or they may be purchased from one of the following:

22

23    Los Angeles Daily Journal

    915 East 1st Street

    Los Angeles, California  90012

24

25    West Publishing Company

    610 Opperman Drive

    Post Office Box 64526

26    St. Paul, Minnesota  55164-0526

27    Metropolitan News

    210 South Spring Street

28    Los Angeles, California  90012

Exhibit 24
Page 125

Exhibit 25

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

| | |
|---|---|
| 11  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 12          Plaintiff, | Consolidated with |
| 13       vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |
| 14  MATTEL, INC., a Delaware<br>corporation, | **DISCOVERY MATTER** |
| 15          Defendant. | **[To Be Heard By Discovery Master<br>Robert C. O'Brien Pursuant To Order<br>Of January 6, 2009]** |
| 16  | |
| 17  AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION<br>AND MOTION TO COMPEL |
| 18  | PRODUCTION OF DOCUMENTS<br>RESPONSIVE TO THIRD-PARTY |
| 19  | SUBPOENAS; AND |
| 20  **PUBLIC REDACTED** | MEMORANDUM OF POINTS AND<br>AUTHORITIES |
| 21  | |
| 22  | [Mattel, Inc.'s Separate Statement and<br>Declaration of Jon D. Corey filed<br>concurrently herewith] |
| 23  | |
| 24  | Hearing Date:      TBD<br>Time:                TBD<br>Place:               TBD |
| 25  | |
| 26  | Phase 2:<br>Discovery Cut-off:        Not set |
| 27  | Pre-trial Conference:     Not set<br>Trial Date:               Not set |
| 28  | |

07209/2785965.1

MOTION TO COMPEL

Exhibit 25
Page 126

1 TO ALL PARTIES, NON-PARTIES IGWT GROUP, LLC, IGWT 826
2 INVESTMENTS, LLC, VISION CAPITAL, LLC, OMNI 808 INVESTORS, LLC
3 AND OMNINET CAPITAL, LLC, AND THEIR RESPECTIVE ATTORNEYS OF
4 RECORD:

5      Please take notice that at a hearing before Discovery Master Robert C. O'Brien
6 that will occur on a date and at a time to be determined by the Discovery Master,
7 plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an order
8 overruling objections by IGWT Group, LLC, IGWT 826 Investments, LLC, Vision
9 Capital, LLC, Omni 808 Investors, LLC and OmniNet Capital, LLC and the MGA
10 Parties related to Mattel's subpoenas and for an order compelling IGWT Group, LLC,
11 IGWT 826 Investments, LLC, Vision Capital, LLC, Omni 808 Investors, LLC and
12 OmniNet Capital, LLC to produce documents responsive to their respective subpoenas
13 and, to the extent any subpoenaed party is withholding documents on the basis of
14 privilege, to provide a privilege log.

15      This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 37 and 45 on
16 the grounds that the subpoenas seek discoverable information and that the MGA
17 Parties' objections and the third-parties' objections, to the extent asserted, should be
18 overruled.

19      This Motion is based on this Notice of Motion and Motion, the accompanying
20 Memorandum of Points and Authorities, the Declaration of Jon D. Corey filed
21 concurrently herewith, the records and files of this Court, and all other matters of which
22 the Court may take judicial notice.

23      **<u>Certificate Of Compliance With Local Rule 37-1</u>**

24      Mattel, MGA and the third-parties met and conferred regarding the production of
25 documents responsive to the third-party subpoenas on January 28, 2009 and thereafter,
26
27
28

07209/2785965.1

-1-

MOTION TO COMPEL

Exhibit 25
Page 127

1    but were unable to reach agreement regarding the issues raised in this motion.

2

3    DATED:  February 3, 2009      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

4

5

6           By /s/ Jon Corey
             Jon Corey
             Attorneys for Mattel, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2785965.1

-2-

MOTION TO COMPEL

Exhibit 25
Page 128

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

CASE BACKGROUND ........................................................................ 3

STATEMENT OF FACTS ...................................................................... 8

ARGUMENT ..................................................................................... 14

I. MGA HAS A HISTORY OF UNTRUSTWORTHY STATEMENTS ABOUT ITS FINANCES ................................................................ 14

II. MATTEL'S SUBPOENAS SEEK DOCUMENTS THAT ARE UNQUESTIONABLY RELEVANT ........................................................ 18

    A. The Documents Sought Are Relevant to Mattel's RICO Claims .......... 18

    B. The Documents Sought Are Relevant to Mattel's Disgorgement Claim ........................................................................................ 19

    C. The Documents Sought Are Relevant to Phase 2 Damages ................. 21

    D. The Documents Sought Are Relevant to Defendants' Credibility ........ 23

    E. The Documents Sought are Relevant to the MGA Parties' Unclean Hands Defense ................................................................. 23

    F. The Documents Sought Are Relevant to Mattel's Unfair Competition Claim ...................................................................... 24

III. THE REMAINING OBJECTIONS ARE BOILERPLATE AND SHOULD BE OVERRULED ................................................................ 25

    A. The Boilerplate Objections Are Improper ..................................... 25

    B. That Documents May be Available from Other Parties Does Not Excuse Compliance ................................................................... 25

    C. The Objection Based Upon the Accountant-Client Privilege Is Unfounded ............................................................................... 26

    D. Mattel's Requests Do Not Impose an Undue Burden ...................... 27

    E. Mattel's Requests Do Not Violate the Discovery Master's May 7, 2008 Order ............................................................................... 27

    F. Concerns Over Confidentiality Are Alleviated by the Protective Order ....................................................................................... 28

IV. EACH OF THE SUBPOENAED PARTIES MUST PRODUCE ADEQUATE PRIVILEGE LOGS ......................................................... 29

-i-

MOTION TO COMPEL

07209/2785965.1

Exhibit 25
Page 129

CONCLUSION ........................................................................................30

07209/2785965.1

-ii-

MOTION TO COMPEL

Exhibit 25
Page 130

1

## TABLE OF AUTHORITIES

2

**Page**

3

<u>Cases</u>

4  A. Farber and Partners, Inc. v. Garber,
5      234 F.R.D. 186 (C.D. Cal. 2006)..........................................................25, 28

6  Asdourian v. Konstantin,
       77 F. Supp. 2d 349 (E.D.N.Y. 1999) ........................................................18, 19

7  In re Bergeson,
8      112 F.R.D. 692 (D. Mont. 1986) .....................................................................24

9  Blain v. Doctor's Co.,
       222 Cal. App. 3d 1048 (1990) ..........................................................................24

10  Burlesci v. Petersen,
        68 Cal. App. 4th 1062 (1998) ...........................................................................21

11

12  Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,
        408 F.3d 1142 (9th Cir. 2005) ..........................................................................28

13  Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc.,
14      175 F.R.D. 646 (C.D. Cal. 1997).......................................................................23

15  Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.,
        20 Cal. 4th 163 (1999) ......................................................................................25

16  Clark v. Bunker,
17      453 F.2d 1006 (9th Cir. 1972) ..........................................................................20

18  Couch v. United States,
        409 U.S. 322 (1972)..........................................................................................26

19  Covey Oil Co. v. Continental Oil Co.,
20      340 F.2d 993 (10th Cir. 1965) ..........................................................................25

21  Cramer v. Biddison,
        257 Cal. App. 2d 720 (1968) ............................................................................20

22  Eastman Kodak Co. v. Camarata,
23      238 F.R.D. 372 (W.D.N.Y. 2006) ....................................................................19

24  Farmer Ins. Exchange v. Zerin,
        53 Cal. App. 4th 445 (1997) .............................................................................21

25  GoTo.com, Inc. v. Walt Disney Co.,
26      202 F.3d 1199 (9th Cir. 2000) ..........................................................................23

27  Goodman v. U.S.,
        369 F.2d 166 (9th Cir. 1966) ........................................................................25, 27

28

-iii-

MOTION TO COMPEL

Exhibit 25
Page 131

Granberry v. Islay Investments,
9 Cal. 4th 738 (1995) ................................................................24

Heat and Control, Inc. v. Hester Indus., Inc.,
785 F.2d 1017 (Fed. Cir. 1986) ...............................................18

Hilao v. Estate of Marcos,
103 F.3d 767 (9th Cir. 1996) ...................................................21

In re Heritage Bond Litigation,
2004 WL 1970058 (C.D. Cal. 2004) ........................................28

In re Imperial Corp. of Am.,
174 F.R.D. 475 (S.D. Cal. 1997) .............................................28

In re Lifschultz Fast Freight,
132 F.3d 339 (7th Cir. 1996) ...................................................11

In re McKesson HBOC, Inc. Erisa Litigation,
391 F. Supp. 2d 812 (N.D. Cal. 2005) .....................................23

In re Mobile Steel,
563 F.2d 692 (5th Cir. 1977) ...................................................11

JZ Buckingham Investments, LLC v. United States,
78 Fed. Cl. 15 (Fed. Cl. Ct. 2007) ..........................................27

Korea Supply Co. v. Lockheed Martin Corp.,,
29 Cal. 4th 1134 (2003) ...........................................................20

Keith H. v. Long Beach Unified School District,
228 F.R.D. 652 (C.D. Cal. 2005) .............................................28

Kraus v. Trinity Management Servs., Inc.,
23 Cal. 4th 116 (2000) .............................................................20

Kraus v. Willow Park Public Golf Course,
73 Cal. App. 3d 354 (1977) .....................................................21

Nelmida v. Shelly Eurocars, Inc.,
112 F.3d 380 (9th Cir. 1997) ...................................................24

Northrop Corp. v. McDonnell Douglas Corp.,
751 F.2d 395 (D.C. Cir. 1984) .................................................27

Panola Land Buyers Ass'n v. Shuman,
762 F.2d 1550 (11th Cir. 1985) ...............................................25

Putnam v. Eli Lilly and Co.,
508 F. Supp. 2d 812 (C.D. Cal. 2007) .....................................28

Robert L. Cloud & Associates v. Mikesell,
69 Cal. App. 4th 1141 (1999) ..................................................21

07209/2785965.1

-iv-

*Rubin v. Green,*
  4 Cal. 4th 1187 (1993) ........................................................................24

*Southern California Housing Rights Center v. Krug,*
  2006 WL 4122148 (C.D. Cal. 2006) ....................................................21

*State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C.,*
  2007 WL 2993840 (E.D.N.Y. 2007) ....................................................25

*Taylor v. Polackwich,*
  145 Cal. App. 3d 1014, 1022 (1983) ....................................................20

*U.S. v. American Optical Co.,*
  39 F.R.D. 580 (N.D. Cal. 1966) ..........................................................18

*Weiss v. Marchus,*
  Weiss v. Marchus 51 Cal. App. 3d 590 (1975) ....................................20

## Statutes

11 U.S.C. § 510(c) ..................................................................................11

18 U.S.C. § 1956 ....................................................................................19

18 U.S.C. § 1957 ....................................................................................19

18 U.S.C. § 2314 ....................................................................................19

Fed. R. Civ. P. 45 ..................................................................................28

Fed. R. Civ. P. 45 ..................................................................................18

Fed. R. Civ. P. 45(b) ..............................................................................18

## Other Authorities

Business and Professions Code § 17200 ................................................24

Cal. Civ. Code § 2223 ......................................................................20, 21

Cal. Civ. Code § 2224 ......................................................................20, 21

Local Rule 30(b)(6) ........................................................................16, 20

Local Rule 45(d)(2) ................................................................................28

07209/2785965.1

-v-

MOTION TO COMPEL

Exhibit 25
Page 133

**Preliminary Statement**

Throughout this litigation, MGA has obstructed Mattel's -- and the Court's -- attempts to obtain an accurate, complete understanding of MGA's and Isaac Larian's finances. This ultimately led the District Court to comment, only a month ago, that "the finances of MGA, []at this point, quite frankly, are a mystery to the Court." (12/30/08 Hearing Tr. at 57:11-18).

MGA's recent financial dealings only add to that mystery. Following the jury's Phase 1B trial verdict in Mattel's favor this past summer, Mattel learned that MGA had a new alleged creditor, Omni 808, that replaced Wachovia as MGA's apparently largest creditor. Omni 808 is a shell corporation that was formed during trial and is owned and funded by other shell corporations -- Vision Capital and Lexington Financial. Lexington Financial, in turn, was incorporated off-shore in the Caribbean banking secrecy haven of Nevis and lists a fictional London address as its purported headquarters. Intentionally or not, the structure of the transactions and the use of these entities serve to obscure MGA's finances. And, only serving to heighten the concern about the integrity and completeness of MGA's financial information, a Los Angeles Superior Judge found that the CEO of Omni 808, MGA's newest business partner, to be "no more than a common thief" for his embezzlement of millions of dollars, his fabrication of financial records and his perjury. Similarly, serious questions exist about yet more, also newly minted entities that MGA's CEO and principal shareholder, Isaac Larian, created during trial to purchase Bratz products from MGA ███████████. MGA is selling current product to these newly-formed Larian companies -- named IGWT ███████████████████.

In an effort to get to the bottom of MGA's finances, Mattel served subpoenas on the third-party entities involved. Continuing MGA's pattern of concealment and obstructionism as found in numerous Court Orders and the jury's verdict, however, MGA and the third parties associated with MGA flatly refuse to produce discoverable, highly-relevant information. Indeed, they refuse to produce any discovery on these

07209/2785965.1

-1-

1  crucial subjects. This is plainly improper, as the requested discovery is relevant to

2  Phase 2 claims and defenses, as well as to other issues that both MGA and Mattel have

3  raised before the Court, such as in Mattel's pending application for a receiver and in

4  MGA's repeated stay requests.

5     More specifically, over the past six months alone, MGA has repeatedly sought

6  stays from the District Court and the Ninth Circuit based on representations about its

7  alleged financial condition, ███████████████████████. Given that

8  its appeal has been dismissed and its requests for a stay pending appeal have been

9  denied, MGA undoubtedly will try again once the District Court's injunctive orders

10  actually become final. Mattel also has a pending request that the Court appoint a

11  receiver. Indeed, in opposing Mattel's receivership motion, MGA initially

12  misrepresented to the Court -- under oath --that it ████████████████

13  ████. MGA then had to confess that it had, in fact, received credit from Omni 808

14  after it was revealed by Mattel's investigation (and not from any facts disclosed by

15  MGA) that Omni, Vision Capital and Lexington Financial had entered into purported

16  credit transactions with MGA. Similarly, despite its repeated claims of ████

17  ████ to the District Court and to the Ninth Circuit, MGA made no disclosure that █

18  ████████████████████████████████

19  ███████████. The discovery sought by the subpoenas is directly pertinent

20  to all of these transactions and thus to matters that both MGA and Mattel have raised.

21  And, the discovery is relevant because it is reasonably calculated to lead to admissible

22  evidence that will impeach MGA's and Larian's sworn statements.

23     Not only did MGA itself make its financial condition relevant by interjecting

24  these issues into the case, but MGA's financial condition is relevant to Mattel's claims

25  in Phase 2 of this case. The subpoenaed documents are reasonably calculated to

26  understand MGA's and Larian's financial condition and to significant transactions

27  affecting their condition. MGA's and Larian's net worth, financial condition, and ability

28  to pay are also relevant to the punitive damages that will be tried as part of Phase 2 of

-2-

Exhibit 25
Page 135

1  this case. Further, the MGA Parties' actions in manipulating the sources of funding and

2  apparently using single-purpose companies controlled by Larian to ███████████

3  ████████████████████████████ and resell them at a profit are relevant to

4  Mattel's Phase 2 criminal copyright infringement claims, affects MGA's and Larian's

5  financial condition, and represents anti-competitive conduct actionable under Mattel's

6  unfair competition claim. MGA's mid-trial transactions with non-operating entities

7  bear the classic hallmarks of an attempt to fraudulently transfer assets to its controlling

8  shareholders that, if substantiated, may constitute predicate acts of wire and mail fraud

9  that support Mattel's RICO claims. The requested documents are also to relevant to the

10  MGA Parties' unclean hands defense. Mattel is entitled to respond to this defense by

11  demonstrating that MGA is precluded from invoking the unclean hands because they

12  have not themselves acted with clean hands.

13  The Discovery Master should grant Mattel's motion, overrule the objections of

14  MGA and the third parties and compel IGWT Group, LLC, IGWT 826 Investments,

15  LLC, Vision Capital, LLC, Omni 808 Investors, LLC and OmniNet Capital, LLC to

16  produce documents responsive to their respective subpoenas.

17  ## Case Background

18  **Phase 1.** Mattel first asserted claims relating to this dispute when it sued Carter

19  Bryant in April 2004, and MGA intervened as a defendant later that same year. After

20  Bryant and MGA brought their own reactive countersuits in 2004 and 2005,

21  respectively, Judge Larson consolidated the three cases, and then, on February 21,

22  2007, bifurcated these consolidated cases into two phases.[1]

23  Phase 1 focused on ownership of Bratz, Mattel's claims of copyright

24  infringement stemming from that ownership and Bryant's work with MGA while he

25

26  [1] See Scheduling Orders in Mattel v. Bryant, Case No. CV 04-09059 ("Phase 1") and
    MGA v. Mattel, Case No. CV 05-02727 ("Phase 2"), dated February 21, 2007. The

27  Scheduling Orders are attached as Exhibit 10 to the concurrently filed Declaration of Jon D.
    Corey ("Corey Dec."). The District Court ultimately dismissed Bryant's suit for failure to state

28  a claim. See Order Granting Motions to Dismiss, dated July 17, 2006, Corey Dec., Exh. 11.

07209/2785965.1

-3-

MOTION TO COMPEL

Exhibit 25
Page 136

1  was a Mattel employee, including the illegal payments MGA made or offered to him

2  while he was a Mattel employee.[2]  It was the Phase 1 claims that the parties tried before

3  Judge Larson during the summer of 2008, resulting in jury verdicts in Mattel's favor.

4      Phase 1 trial proceeded in three stages. On July 17, 2008, after hearing six weeks

5  of evidence, the jury returned a unanimous verdict for Mattel in Phase 1A.[3]  The jury

6  found that Carter Bryant conceived or created the Bratz characters, the Bratz name and

7  virtually all of the Bratz drawings, sculpts and prototypes at issue during the time he

8  was a Mattel employee.[4]  As a consequence, the Court ruled that Mattel, and not MGA

9  or Bryant, owned the Bratz-related inventions under Bryant's Inventions Agreement

10 with Mattel.[5]  The jury also unanimously found MGA and Larian liable for tortious

11 interference with contract, conversion, aiding and abetting breach of fiduciary duty, and

12 aiding and abetting breach of duty of loyalty.[6]

13     In Phase 1B trial, after hearing additional testimony and evidence, the jury

14 unanimously found MGA liable for infringing Mattel's copyrights in the Bratz works

15 that Mattel owned.[7]  The jury also found that MGA fraudulently concealed the bases for

16 Mattel's claims of intentional interference and conversion.[8]  The jury awarded Mattel in

17 excess of $100 million for all its claims.

18     Phase 1C, addressing non-jury and remedial issues, is proceeding before the

19 district court. On December 3, 2008, the Court found that Mattel was entitled to an

20 order enjoining MGA's further manufacture, distribution and sale of infringing Bratz

21 dolls and its further use of the "Bratz" name.[9]  The Court also ruled that Mattel was

22

23  [2]  See July 2, 2007 Minute Order, at 2, Corey Dec., Exh. 12.
    [3]  See Final Verdict Form as Given – Phase 1(a) ("Phase 1(a) Verdict"), dated July 17,
24  2008, Corey Dec., Exh. 13.
    [4]  See Phase 1(a) Verdict, at 1-5, Corey Dec., Exh. 13.
25  [5]  See April 25 Order re Parties' Motions for Partial Summary Judgment, at 4-5, Corey
    Dec., Exh. 14; Final Jury Instructions as Given – Phase 1(a), Instruction No. 21, dated July 10,
26  2008, at 22-23, Corey Dec., Exh. 15.
    [6]  Phase 1(a) Verdict, Corey Dec., Exh. 12.
27  [7]  Final Verdict Form as Given – Phase 1(b), dated August 26, 2008, Corey Dec., Exh. 16.
    [8]  Id. at 8.
28  [9]  December 3, 2008 Minute Order, at 6-15, Corey Dec., Exh. 17.

-4-

Exhibit 25
Page 137

1    entitled to a declaration of ownership of its Bratz-related properties and a constructive

2    trust.[10]  The Court stayed its orders pending further order of the Court so as to allow the

3    Court to rule on the parties' remaining post-trial motions,[11] which are currently

4    scheduled for hearing on February 11, 2009.  On December 3, 2008, the Court also

5    rejected MGA's equitable defenses, such as laches, to Mattel's Phase 1 claims.[12]

6        **Phase 2.**    Phase 2 involves the remainder of the parties' claims and

7    counterclaims.  Mattel's Phase 2 claims include allegations that:

8        •        Over the course of several years, MGA stole massive amounts of Mattel

9    trade secrets in the U.S., Mexico and Canada, including Mattel's forward-looking,

10   international business plans that MGA then used illegally to damage Mattel in the U.S.

11   and global marketplaces.[13]  In 2005, the Office of the Mexican Attorney General

12   obtained a search warrant from the Mexican Federal Courts for MGA's facilities in

13   Mexico City.[14]  In the search, Mexican criminal authorities found and seized from

14   MGA's offices both electronic and hard copies of hundreds of pages of documents

15   containing Mattel's trade secrets.[15]  ███████████████████████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████

18   ████████████████████████████[16]

19       Despite knowing this, Larian and MGA promoted Machado to Vice President of

20   Worldwide Marketing and transferred him to MGA's headquarters in the U.S.[17]

21   Subsequently, when deposed in this case, Machado and another MGA manager directly

22   involved in MGA's thefts of Mattel's trade secrets from Mattel's El Segundo

23

24       [10]  Id.
         [11]  Id. at 16.
         [12]  Id. at 3-5.
25       [13]  See Mattel's Second Amended Answer in Case No. 05-2727 and Counterclaims
         ("SAAC"), dated July 12, 2007, at ¶¶ 37-77, Corey Dec., Exh. 19.
26       [14]  See SAAC ¶ 53.
         [15]  See id.
27       [16]  See Deposition Transcript of Susana Kuemmerle, dated January 28, 2008 ("Kuemmerle
         Depo. Tr."), at 140:20-144:10, Corey Dec., Exh. 20.
28

MOTION TO COMPEL

Exhibit 25
Page 138

1 | headquarters, ███████████████████████████████████████████

2 | ██████ [18]

3 | • MGA bribed then-Mattel employees even beyond Bryant to secretly

4 | provide services to MGA while they were still employed by Mattel, in violation of

5 | contractual and fiduciary obligations and in violation of duties of loyalty, and otherwise

6 | interfered with Mattel's contractual relationships. [19] These included, for example, █████

7 | ████████████████████████████████████████████████████████████████

8 | ██████████████████████████████████████████████████.[20]  MGA

9 | engaged in this misconduct through its vendors, ███████████████████████

10 | ████████████████████████████████████████████████████████████████

11 | ████████████████████████████████████████████.[21]

12 | • MGA has participated in an enterprise that has engaged in numerous acts

13 | of mail and wire fraud, including conspiracy to commit perjury, and numerous acts of

14 | commercial bribery, trade secret theft and criminal copyright infringement in violation

15 | of the RICO statute.[22]

16 | The predicate acts of MGA's RICO violations also include MGA's tampering

17 | with evidence through its repeated alteration of documents and spoliation of evidence.

18 | To cite a few examples, as noted above, MGA utilized fabricated documentation to

19 | conceal the secret work of Mattel employees with MGA.  Furthermore, while still a

20 | Mattel employee, Bryant sent his signed MGA contract using a Mattel fax machine.

21 | Larian instructed another MGA executive to white-out the fax header showing it came

22 |

23 | [17] See SAAC ¶ 54, Corey Dec., Exh. 19.
    [18] See, e.g., Deposition Transcript of Carlos Gustavo Machado Gomez, dated October 14,

24 | 2008 ("Machado Depo. Tr."), at 53:10-14, 61:23-63:3, 68:21-69:6, 110:13-113:21, Corey
    Dec., Exh. 21; Deposition Transcript of Jorge Castilla, Vol. 1, dated October 28, 2008

25 | ("Castilla Depo. Tr. Vol. 1") , at 51:15-22, 80:9-20, 84:19-85:6, 112:11-23. 113:11-114:22,
    Corey Dec., Exh. 22.

26 | [19] See SAAC ¶¶ 55-69, Corey Dec., Exh. 19.
    [20] See Deposition Transcript of Peter Marlow Vol. 2, dated June 16, 2008 ("P. Marlow

27 | Depo. Tr. Vol. 2"), at 409:19-410:5, 420:14-421:7, Corey Dec., Exh. 23.
    [21] See id. at 448:15-19, 453:3-454:9.

28 | [22] See SAAC ¶¶ 88-105, Corey Dec., Exh. 19.

07209/2785965.1

-6-

1  from Mattel before sending it to an MGA lawyer.[23]  That copy also had the contract's

2  date of September 18, 2000 whited-out.[24]  After Bryant began working with MGA,

3  Bryant also put "1998" dates on Bratz drawings—dates that Bryant later admitted were

4  wrong.[25]  MGA nevertheless used the false dates on those drawings in filings with the

5  U.S. Copyright Office.[26]  And, in 2005, after he knew this suit had been filed, Farhad

6  Larian, Isaac Larian's brother and a former MGA executive and director who was still

7  working as a paid consultant for MGA at the time, ████████████████████

8  ████████████████████████████████████████████

9  ████ [27] ████████████████████████████████████ [28]

10  Further showing that the Larians' attempts to subvert the judicial process is part of a

11  deliberate pattern, Farhad Larian had confirmed in an earlier email that Isaac Larian had

12  instructed him (Farhad) to tell attorneys—falsely—that certain original documents

13  could not be found in an insurance claim suit involving MGA.[29]

14       •   MGA and its CEO, Isaac Larian, made deliberately false statements about

15  Mattel and its products in order to damage Mattel's reputation and to garner an unfair

16  advantage in the marketplace.[30]

17

18

19  [23]  See Trial Transcript in Phase 1 ("Trial Tr.") at 1327:23-1329:11 (O'Connor, June 4, 2008), Corey Dec., Exh. 18.

20  [24]  See July 3, 2001 Fax from V. O'Connor to P. Glaser, Trial Exhibit ("TX") 13383, Corey Dec., Exh. 24.

21  [25]  See Carter Bryant's Responses to Mattel's Fifth Set of Requests for Admission, dated July 9, 2007, Response Nos. 27 and 29, at 24-28, Corey Dec., Exh. 25.

22  [26]  See Certificate of Registration VA 1-218-491 (Yasmin drawing), TX 511; Certificate of Registration VA 1-218-488 (Sasha drawing), TX 507; Certificate of Registration VA 1-218-487 (Jade drawing), TX 505; Certificate of Registration VA 1-218-490 (Cloe drawing), TX 509; Certificate of Registration VA 1-218-489 (Bratz group drawing), TX 513, Corey Dec., Exhs. 26-30.

25  [27]  See Deposition Transcript of Farhad Larian, Vol. 1 ("F. Larian Depo. Tr. Vol. 1"), dated February 4, 2008, at 53:10-16, 56:9-57:5, 65:25-67:2, Corey Dec., Exh. 32.

26  [28]  See id. at 56:12-57:2.

27  [29]  See Trial Tr. at 3785:19-24 (F. Larian, July 1, 2008), Corey Dec., Exh. 31; May 25, 2000 E-mail from F. Larian to I. Larian, TX 13380, Corey Dec., Exh. 33.

28  [30]  See SAAC ¶¶ 78-81, Corey Dec., Exh. 19.

1        In short, Mattel's Phase 2 claims are based on allegations that MGA has engaged

2  in a pattern of illegal conduct which goes well beyond its original theft of Bratz.

3  Although some Phase 2 discovery has occurred, the Court stayed Phase 2 discovery in

4  an order dated February 4, 2008, lifting it on January 6, 2009.[31]

5                              **Statement of Facts**

6     **MGA Misrepresents Its Financial Condition.** In connection with applications

7  for an order staying the December 3, 2008 injunctive orders, MGA represented to this

8  Court and to the Ninth Circuit that, as a result of this case, ▊▊▊▊▊▊▊

9  ▊▊[32] Mattel reviewed the financing statements filed regarding MGA and learned

10  that this was apparently false. Since the Phase 1B verdict, a new creditor, Omni 808

11  International, LLC ("Omni 808") has taken a security interest in the bulk of MGA's

12  assets,[33] which facially suggested that new credit had been extended to MGA. After

13  Mattel brought the Omni 808 transaction to the Court's attention, and contrary to

14  MGA's earlier, sworn representations to the Court and to the Ninth Circuit that it had

15  been ▊▊▊▊▊▊, ▊▊▊▊▊▊▊▊▊▊

16  ▊▊▊▊▊▊▊▊▊▊[34]

17        The transaction revealed in the financing statements also appears to be structured

18  to conceal the ultimate source of funds for the Omni 808/MGA transaction. ▊▊▊

19  ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊[35]

20  That does not appear to be accurate, nor should the association with OmniNet be a basis

21  to assuage concerns. Far from it. OmniNet Capital is a private equity firm owned and

22
[31]  See Court's Minute Order, dated February 4, 2008, Corey Dec., Exh. 34; Court's
23  Minute Order, dated January 6, 2009, Corey Dec., Exh. 35.
[32]  See Declaration of Brian Wing in Support of the MGA Parties' Request for a Stay,
24  dated December 11, 2008, at ¶ 13, Corey Dec., Exh. 36.
[33]  UCC Financing Statement Amendment dated September 9, 2008, amending prior UCC
25  Financing Statement to add Omni 808 Investors LLC as a creditor to MGA with co-priority
with Wachovia Bank, N.A., Corey Dec., Exh. 37.
26  [34]  MGA Parties Corrections to the Opposition to Mattel, Inc.'s Ex Parte Application for
Appointment of a Receiver or for Alternative Relief, dated December 31, 2008, at 1-2, Corey
27  Dec., Exh. 38.

28

07209/2785965.1

-8-

MOTION TO COMPEL

Exhibit 25
Page 141

1  controlled by the Nazarian family, including Nazarian family brother-in-law Neil

2  Kadisha.[36] ███████████████████████████████████████████████

3  ████.[37] In a 2006 Los Angeles Superior Court decision, Mr. Kadisha was found to be

4  "no more than a common thief" for his embezzlement of millions (including for

5  OmniNet), his fabrication of financial records and his perjury.[38] In that decision, the

6  Los Angeles Superior Court found Kadisha liable for stealing millions of dollars as part

7  of a decade-long pattern of fraudulent conduct that included perjury, subordination of

8  perjury, fabrication of financial records, sham transactions, preparation of back-dated

9  documents, fraudulent accountings, acts of looting, embezzlement and other

10  misappropriations of funds, breaches of fiduciary duty, conflicts of interest and illegal

11  self-dealing.[39]

12       Equally significantly, if the transaction were a straightforward purchase of

13  Wachovia's debt by OmniNet, then MGA, Larian, OmniNet and others would have no

14  incentive to conceal the ultimate source of funds, as apparently happened here.

15  OmniNet is not the secured party, and thus presumably not the actual debt

16  purchaser/lender. Rather, the company holding the security interest is Omni 808, **a**

17  **single purpose entity** which was formed on August 12, 2008, near the end of the Phase

18

19

20  [35]  See MGA Parties' Opposition to Mattel's *Ex Parte* Application for Appointment of a

21  Receiver, dated December 30, 2008, at 8-9 n.4, Corey Dec., Exh. 39.
   [36]  Compare Omni 808 registration information (with address of 9420 Wilshire Boulevard,

22  4th Floor, Beverly Hills, CA 90212), Corey Dec., Exh. 37 at UCC Financing Statement
   Amendment ¶ 7(c) with OmniNet Capital address (with address of 9420 Wilshire Boulevard,

23  4th Floor, Beverly Hills, CA 90212), OmniNet "Contact Us", Corey Dec., Exh. 40; see also
   OmniNet "About Us", Corey Dec., Exh. 41.

24  [37]  See December 31, 2008 Letter from Omni 808 Investors, LLC, attached as Exhibit B to
   the Declaration of Brian Wing in Support of MGA's Correction to the Opposition to Mattel's

25  *Ex Parte* Application for a Receiver, dated December 31, 2008, Corey Dec., Exh. 42.
   [38]  In re Uzyel Irrevocable Trust, No. BP 058 898 (Los Angeles Sup. Ct. October 24,

26  2006), at 13:19, Corey Dec., Exh. 43.
   [39]  E.g., id., at 2:13-25, 4:13-18, 26:3-11; 31:22-24, 34:6-7, 41:23-24, 45:25-27, 48:25-28,

27  50-51 n. 12, 62:24-63:2, 71:7-9, 72:15-16, 102:1-20, 111:24-27, 112:10-13, 117:17-23,
   118:23, 120:1-2, 121:1, 125:1-27, 126:16, 141:27-28, 152:17-22, 153:1-6, 155:13-14, 156:1-

28  157:24, 158:23-28, 166:11-22, 168:1-5, 175:10-13, 181:13, 183:11-21.

07209/2785965.1

-9-

MOTION TO COMPEL

Exhibit 25
Page 142

1 1B trial.[40]  Nor does it appear that OmniNet owns Omni 808.  Omni 808 appears to be

2 owned and funded by a company called Vision Capital, LLC that, like Omni 808, was

3 formed during the damages phase of the trial.[41]

4      Vision Capital, LLC ("Vision Capital") borrowed the money used to fund Omni

5 808, and presumably MGA, from a company called Lexington Financial Limited

6 ("Lexington").  Lexington is an offshore company registered in the Caribbean island of

7 Nevis, a country notorious for its corporate and banking secrecy laws.[42]  Indeed, the

8 official corporate records for Lexington from Nevis declare that Nevis does not ask --

9 and therefore will not disclose -- any information about Lexington, such as even the

10 bare identifies of its principals.[43]  Lexington also has an address in London at the same

11 location as a company that provides "virtual office" services, i.e., mail drop and

12 answering service.[44]  Fred Mashian, a Sunset Boulevard "estate-planning" attorney, is

13 identified as the Lexington contact on a UCC financing statement showing that Vision

14 Capital secured its loan from Lexington with its ownership interest in Omni 808.[45]

15 Lexington perfected its purported security interest in Vision Capital's ownership

16 interest in Omni 808 on August 29, 2008--three days after the Phase 1B jury verdict.[46]

17 The public records Mattel has obtained thus far do not disclose who provided

18 Lexington Financial with the funds that it loaned to Vision Capital, that it contributed to

19

20 [40]  Omni 808 Investors LLC Certificate of Status and Articles of Organization, Corey Dec., Exh. 44.

21 [41]  Vision Capital, LLC Certificate of Formation dated August 19, 2008, Corey Dec. Exh. 45.

22 [42]  UCC Financing Statement dated August 29, 2008, Corey Dec., Exh. 46 (with
Lexington Capital taking a security interest in Vision Capital's ownership interest in Omni 808

23 Investors LLC); "Offshore-Based Limited Liability Company (LLC)" at www.offshore-

24 protection.com/nevisLLC.html, Corey Dec., Exh. 47.

[43]  Corey Dec., Exh. 49.

25 [44]  UCC Financing Statement dated August 29, 2008, Corey Dec., Exh. 46; December 12,
2008 letter from Registrar Clevelan Williams, Corey Dec., Exh. 49.  Office Front "Home"

26 (offering website by Office Front allowing a person to obtain a "virtual office" for as little as
£10 a month), Corey Dec., Exh. 48.

27 [45]  UCC Financing Statement dated August 29, 2008, Corey Dec., Exh. 46.

28 [46]  August 29, 2008 Lexington Financial UCC financing statement, Corey Dec., Exh. 46.

MOTION TO COMPEL

1   Omni 808 for the loan/debt purchase related to MGA.  Nor has MGA been able to

2   explain why, if OmniNet is truly on the other side of this transaction, it is using shell

3   companies and offshore vehicles, which may be used to conceal the flow of funds, and

4   a sole-practitioner estate planning attorney to process UCC Financing Statements.

5        There may be an innocent explanation for the mid-damages-trial transaction in

6   which MGA's largest creditor became a newly formed shell corporation owned and

7   funded by another newly formed shell corporation that obtained its funding from an

8   offshore corporation registered in the corporate secrecy haven of Nevis and using a

9   fictional London address.  But such an explanation has yet to be provided.  And, it is a

10  common (but unlawful) tactic for shareholders of a company to create the impression of

11  an arms-length loan to a troubled corporation (rather than a proper capital contribution)

12  while concealing that the shareholder is the source of the funds.[47]

13  **Mattel Discovers that Larian is Setting Up New Companies to Purchase**

14  **Bratz Product from MGA for Pennies on the Dollar**.  In addition to its questionable

15  financial dealings, Larian appears to be transferring assets from MGA as well.  Larian,

16  through a company called IGWT Group (apparently an abbreviation of "In God We

17  Trust"), is purchasing Bratz product for pennies on the dollar and reselling it.  Larian

18  created this company on June 26, 2008 -- during the Phase 1 trial -- and registered its

19  place of business as his home address.[48]  Larian also created an affiliated company

20  called IGWT 826 Investments on August 27, 2008 -- the day after the Phase 1 trial

21  ended.[49]  IGWT 826 is registered at the home address of Shirin Makabi (Isaac Larian's

22

23      [47]   For example, one reason this is done is so that a shareholder's sham creditor can

24  claim priority over unsecured or secured creditors with lower priority, rather than being last in line as an owner.  In re Lifschultz Fast Freight, 132 F.3d 339, 343 (7th Cir. 1996)

25  (noting that "[e]quityholders come last in bankruptcy, which generally means they get nothing at liquidation. To avoid this, an owner might disguise her equity claim as debt.

26  The doctrine of equitable subordination empowers a bankruptcy court to foil this queue-jumping."); see generally In re Mobile Steel, 563 F.2d 692 (5th Cir. 1977); 11 U.S.C.

27  section 510(c) (authorizing equitable subordination).
    [48]   IWGT Group, LLC registration information, Corey Dec., Exh. 50.

28      [49]   IWGT 826 Investments, LLC registration information, Corey Dec., Exh. 101.

-11-

MOTION TO COMPEL

Exhibit 25
Page 144

1  sister) and Eli Makabi (Isaac Larian's brother-in-law and the only shareholder of MGA

2  other than Isaac Larian).[50]

3      In a spate of "emergency" filings which MGA recently submitted to the District

4  Court and the Ninth Circuit, MGA has relied on claims about Bratz inventory, but made

5  no mention of these entities nor disclosed on what terms IGWT is obtaining Bratz

6  inventory. After Mattel (and not MGA) brought IGWT to the Court's attention, MGA

7  admitted ███████████████████████████████████████

8  ███████████████████████[51]  The few pages of documents that MGA then self-

9  selected and provided to the Court showed ███████████████████████████

10 ██████████.[52]

11     **Mattel Subpoenas Relevant Documents From Third Parties**. After the Court

12 lifted the Phase 2 discovery stay, Mattel served subpoenas on the following:

13         • Omni 808 Investors, LLC. Mattel served these subpoenas on January 9,

14 2009.[53]  As noted above, Omni 808 is a non-operating entity, formed on August 12,

15 2008, during trial. It has recently provided new credit to MGA, in addition to taking a

16 security interest in the bulk of MGA's assets.  Omni 808 Investors, LLC served

17 objections to the subpoena on January 28, 2009.[54]  The MGA parties also served

18 purported objections on that date.[55]

19         • OmniNet Capital, LLC.  Mattel served this subpoena on January 9,

20 2009.[56] OmniNet shares a registered address with Omni 808. The MGA parties served

21 purported objections to the subpoena on January 28, 2008.[57]

22

23     [50]  Id.
        [51]  See MGA Parties' Opposition to Mattel, Inc.'s *Ex Parte* Application For Appointment
24 of a Receiver, dated December 30, 2008, at 10, Corey Dec., Exh. 39.
        [52]  See Declaration of Cyrus Naim in Support of Mattel's *Ex Parte* Application For
25 Appointment of a Receiver, dated January 2, 2009, at ¶ 2, Corey Dec., Exh. 51.
        [53]  Omni 808 Investors, LLC (Beverly Hills) and Omni 808 Investors, LLC (Los Angeles)
26 subpoenas, dated January 9, 2009, Corey Dec., Exh. 56.
        [54]  Omni 808 Objections to Subpoena, Corey Dec., Exh. 67.
27      [55]  The MGA Parties Objections to Subpoena, Corey Dec., Exh. 64.
        [56]  OmniNet Capital, LLC subpoena, dated January 9, 2009, Corey Dec., Exh. 55.
28      [57]  The MGA Parties Objections to Subpoena, Corey Dec., Exh. 62.

MOTION TO COMPEL

07209/2785965.1

Exhibit 25
Page 145

1   • Vision Capital, LLC.   Mattel served this subpoena on January 13,

2   2009.[58] Vision Capital owns and presumably funds Omni 808. Further, like Omni 808,

3   Vision Capital is a non-operating entity which was formed during the course of the

4   Phase 1 trial in this case.  Vision Capital served objections to the subpoena on January

5   28, 2009.[59]  The MGA parties also served purported objections on the same day.[60]

6   • IGWT Group, LLC. Mattel served this subpoena on January 12, 2009.[61]

7   As set forth above, IGWT Group is a company that Larian formed during trial and

8   appears to be selling Bratz products and conducting Bratz business in lieu of MGA.[62]

9   IGWT Group served objections to the subpoena on January 28, 2009.[63]  The MGA

10  parties served purported objections on the same day.[64]

11  • IGWT 826 Investments, LLC. Mattel served this subpoena on January

12  12, 2009.[65]  IGWT 826 is likewise a company recently created and registered at the

13  home address of MGA's other shareholders, Eli Makabi.[66]  IGWT 826 Investments

14  served objections to the subpoena on January 28, 2009.[67]  The MGA parties also served

15  purported objection on the same day.[68]

16

17

18

19   58   Vision Capital, LLC subpoena, dated January 13, 2009, Corey Dec., Exh. 54.
20   59   Vision Capital Objections to Subpoena, Corey Dec., Exh. 68.
     60   The MGA Parties Objections to Subpoena, Corey Dec., Exh. 63.
21   61   IGWT Group, LLC subpoena, dated January 12, 2009, Corey Dec., Exh. 52.
     62   See IWGT Group, LLC registration information, Corey Dec., Exh. 50.
22   63   IGWT Group Objections to Subpoena, Corey Dec., Exh. 65.
     64   The MGA Parties Objections to Subpoena, Corey Decl., Exh. 60.
23   65   IGWT 826 Investments, LLC subpoena, dated January 12, 2009, Corey Dec., Exh. 53.
     66   See IWGT 826 Investments, LLC registration information, Corey Dec., Exh. 101.
24   67   IGWT 826 Objections to Subpoena, Corey Dec., Exh. 64.
     68   The MGA Parties Objections to Subpoena, Corey Decl., Exh. 59. Mattel also served a
25  subpoena on Wachovia on January 12, 2009. Wachovia Corporation subpoena, dated January
    12, 2009, Corey Dec., Exh. 57.   Wachovia was previously MGA's largest lender.   With
26  Wachovia's consent, Omni 808 has recently taken over the bulk of MGA's debt.  Wachovia
    Corp. served objections to the subpoena on January 28, 2009. Wachovia Corp. Objections to
27  Subpoena, Corey Dec., Exh. 66.  The MGA parties also served purported objections on the
    same day.  The MGA Parties Objections to Subpoena, Corey Dec., Exh. 58. The Wachovia
28  subpoena is not at issue in this motion.

07209/2785965.1

-13-

MOTION TO COMPEL

Exhibit 25
Page 146

1

**Argument**

2  I.   **MGA HAS A HISTORY OF UNTRUSTWORTHY STATEMENTS**

3       **ABOUT ITS FINANCES**

4       Throughout Phase 1, MGA hindered Mattel and the Court's attempts to obtain an
5  accurate understanding of MGA's and Larian's finances, notwithstanding the
6  indisputable importance of such information to a host of issues.  After trial, Mattel
7  learned that MGA was once again engaging in questionable financial activities,
8  including possibly using newly created entities to sell Bratz products "off the books."
9  Mattel served subpoenas to learn more, gain information relevant to Phase 2 and protect
10 its interests in the Bratz product line as found by the Court.  Now, once again, ignoring
11 the Court's repeated orders and actions designed to obtain clear financial information --
12 as attested most recently by its appointment of a financial auditor -- and the potential
13 prejudice to Mattel, MGA has moved to quash all of the subpoenas in their entirety.
14 Not one of the third-parties at issue here has produced a single document nor have they
15 agreed to do so.

16      In representations to Mattel, the Court, and the Ninth Circuit, MGA and Larian
17 have proved that their representations about their finances are not trustworthy.  They
18 have repeatedly and drastically changed their statements of their own respective net
19 worth and financial condition.  In such circumstances, it is imperative that Mattel be
20 permitted to obtain full and complete information related to MGA's financial condition
21 from third parties.

22      In January 2008, Larian produced summary spreadsheets, dated as recently as
23 October 2007,[69] that showed his personal net worth to be in excess of $1.9 billion, and
24 MGA's net worth as more than $2 billion.[70]  Five months later, MGA produced
25 "Supplemental" documents that placed Larian's net worth at $723.3 million, with MGA

26 ─────────────────

       [69]  Trial Exhibit ("TX") 4947, Isaac and Angela Larian Net Worth as of March 14, 2006,
27 Corey Dec., Exh. 69.

28

07209/2785965.1

-14-

Exhibit 25
Page 147

MOTION TO COMPEL



1  valued at $540.5 million -- downward revisions of nearly $1.2 billion and $1.5 billion

2  respectively.[71]  On August 7, 2008, when asked at trial whether the original, higher

3  valuations were accurate, Larian -- who had previously testified at his deposition that ███

4  ███████████████████████████████[72] -- stated unequivocally that

5  they were not.[73]

6       Following the return of the Phase 1A verdict, and at a time when it was in

7  MGA's interest to understate its financial standing, MGA produced documents from

8  Moss Adams, Larian's accountants,[74] purporting to value the company at █████████

9  ███████[75] -- three months *before* defendants' previously-produced spreadsheet

10  indicating a net worth of $2 billion.[76]  The document says on its face that ██████

11  ███████████████████.[77]  The mid-trial production of this

12  document also contradicted MGA's and Larian's previous position that no such

13  valuation existed.[78]  During Phase 1B of the trial, MGA went a step further, claiming

14  that as a result of the Phase 1A verdict, it could not place any value on the company.[79]

15

16  [70]  See id.; Trial Tr. at 6375:21-6376:21 (August 7, 2008, afternoon session), Corey Dec., Exh. 70.

17  [71]  See id.; Trial Tr. at 6375:21-6378:19 (August 7, 2008, afternoon session), Corey Dec., Exh. 70; TX 13969, Corey Dec., Exh. 71; Corey Dec., ¶¶ 72-73.

18  [72]  See Deposition Tr. of Isaac Larian, Volume 2, dated March 26, 2008, at 502:13-509:11, Corey Dec., Exh. 74. See also TX 13909, Corey Dec., Exh. _.

19  [73]  See Trial Tr. at 6280:17-20 (August 7, 2008, morning session), Corey Dec., Exh. 73. To the extent Larian offered any estimate of the net worth figures at his deposition, he placed

20  his personal worth ███████████████████████. See Deposition Tr. of Isaac Larian, Volume 2, dated March 26, 2008,

21  at 504:23-505:5, 508:17-23, Corey Dec., Exh. 74. These numbers are entirely inconsistent with the amounts reflected in the financial records produced by MGA, and further

22  demonstrates the conflicting and misleading nature of MGA's financial claims.
   [74]  Moss Adams's Valuation Analysis of MGA Entertainment, Inc. as of June 30, 2007,

23  Cover Letter to MGA dated October 12, 2007, Corey Dec., Exh. 76.
   [75]  See id.

24  [76]  Compare id. with TX 4947, Corey Dec., Exh. 69.
   [77]  Moss Adams's Valuation Analysis of MGA Entertainment, Inc. as of June 30, 2007,

25  Cover Letter to MGA dated October 12, 2007, Corey Dec., Exh. 76.
   [78]  Mattel had subpoenaed information from Moss Adams related to Larian's net worth in

26  November 2007. MGA moved to quash the subpoena on the grounds that the subpoena was "duplicative" of documents that Defendants has previously produced. Based on that

27  representation, the Court quashed the subpoena. May 7, 2008 Order, at 3, 10, 13; Corey Dec., Exh. 7, Corey Dec.¶ 78. Moreover, at her September 24, 2007 deposition, MGA's Rule

28  30(b)(6) designee, Lisa Tonnu, testified that ███████████████████████
   (footnote continued)

07209/2785965.1

MOTION TO COMPEL

Exhibit 25
Page 148

1    MGA has also made self-serving claims of impending bankruptcy in an attempt
2  to avoid the Phase 1B trial -- only to later renounce that claim when it became more
3  helpful to its legal position to assert that it was perfectly solvent.  Thus, during trial,
4  when MGA filed a Petition for Writ of Mandamus seeking to overturn the Court's order
5  denying a mistrial, it was in MGA's interest to claim that without Ninth Circuit
6  intervention, it would be destroyed. ████████████████████████████████████
7  ████████████████████████████████████████████████████████████████
8  ████████████████████████████████████████████████████████████████
9  ████████████████████████████████████████████

10    Subsequently, when opposing Mattel's Motion for Permanent Injunction, it was
11  in MGA's interest to proclaim its financial viability -- and that is what MGA did.  In
12  seeking a permanent injunction, Mattel urged that an injunction was appropriate
13  ████████████████████████████████████████████████████████████
14  ████. On October 13, 2008, in its Opposition to Motion for Permanent Injunction,
15  MGA submitted the declaration of a financial expert proclaiming ████████████████
16  ████████████████████████████████████████████████████████████
17  ████████████████████████████████████████████████████████[80]

18    After the Court's December 3 Orders granting Mattel's requests for injunctive
19  relief, MGA did another about-face.  As shown previously, at that point MGA
20  represented to the District Court and the Ninth Circuit that was, in fact, ████████
21  ████.

22
23
─────────────────────────────────────

24  ████████████████████████████ Deposition Tr. of Lisa Tonnu,
   Volume 2, dated September 24, 2007, 333:3-334:21, Corey Dec., Exh. 77.  However, the
25  Moss Adams
   ████████. Moss Adams's Valuation Analysis of MGA Entertainment, Inc. as of June 30,
26  2007, Cover Letter to MGA dated October 12, 2007, Corey Dec., Exh. 76.
   [79]    Trial Tr. at 7760:1-17 (August 15, 2008, afternoon session), Corey Dec., Exh. 79.
27  [80]    Petition for Writ of Mandamus, dated August 7, 2008, at 34, Corey Dec., Exh. 83;
28  MGA Parties' Opp. to Motion for Permanent Injunction, at 13:12-15, Corey Dec., Exh. 84.

07209/2785965.1

-16-

MOTION TO COMPEL

Exhibit 25
Page 149

1     Additionally, as discussed above, MGA further clouded its financial condition by

2 making conflicting claims about the status of its debt obligations. In August 2008,

3 during the trial damages phase when it suited MGA to claim financial distress, MGA

4 represented that its lender, 

5

6 .[81]   However, MGA

7 .[82]

8     In short, MGA has made repeated, conclusory and conflicting claims about its

9 financial status, including on motions MGA itself has brought. Indeed, the

10 inconsistencies in MGA's assertions are what prompted the District Court to observe

11 that MGA's finances were a "mystery."[83] And, there is no reason to doubt that, once the

12 Court's December 3 Orders become final, MGA will once again argue to the District

13 Court and the Ninth Circuit that

14 . Discovery on MGA's financials is amply warranted by

15 MGA's own statements alone.

16

17

18

19

20     [81] See Letter from Thomas M. Cambern, Managing Director of Wachovia Securities, to MGA, dated July 21, 2008, which is identified by Bates No. MGA 3896745-46, Corey Dec.,

21 Exh. 85; Letter from Thomas M. Cambern, Managing Director of Wachovia Securities, to MGA, dated July 21, 2008, which is identified by Bates No. MGA 3896747-48, Corey Dec.,

22 Exh. 86; Letter from Thomas M. Cambern, Managing Director of Wachovia Securities, to MGA, dated July 21, 2008, which is identified by Bates No. MGA 3896749-50, Corey Dec.,

23 Exh. 87.
    At the time, MGA's counsel, Mr. Nolan, stated:

24     Trial Tr. at 5587:9-15 (Sealed in Camera Conference, dated July 24, 2008), Corey Dec., Exh. 88.

25

26 Trial Tr. at 5588:20-5589:9 (Sealed in Camera Conference, dated July 24, 2008), Corey Dec., Exh. 88.

27     [82] See Declaration of Brian Wing in Support of the MGA Parties' Request for a Stay, dated December 11, 2009, at ¶ 9, Corey Dec., Exh. 36.

28     [83] 12/30/08 Hearing Tr. at 57:11-18, Corey Dec., Exh. 78.

07209/2785965.1

-17-

## II.  MATTEL'S SUBPOENAS SEEK DOCUMENTS THAT ARE UNQUESTIONABLY RELEVANT

Federal Rule of Civil Procedure 45 obligates third parties to produce documents responsive to a subpoena that a party serves on them. Fed. R. Civ. P. 45(b), (d). If the documents are relevant and there is good cause for their production, the subpoena is enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing. U.S. v. American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966); accord Heat and Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("the factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.").

### A.  The Documents Sought Are Relevant to Mattel's RICO Claims

Mattel's requests are directly relevant to its RICO claims. In its counterclaims, Mattel alleges that the counter-defendants have operated a widespread criminal enterprise that has engaged in numerous acts of mail and wire fraud and other predicate acts in violation of the RICO statute.[84] MGA's mid-trial transactions with Omni 808 and the other non-operating entities, which bear the classic hallmarks of an effort to fraudulently transfer assets to its controlling shareholders, are just a continuation of that pattern of racketeering activity in which MGA and Larian have long been engaged. See, e.g., Asdourian v. Konstantin, 77 F. Supp. 2d 349, 355, 359 (E.D.N.Y. 1999) (allegations that defendant "siphoned away" corporation's assets through "systematic looting" accomplished through fraudulent mortgages constitute predicate acts for RICO). At a minimum, then, the requests are likely calculated to lead to evidence of acts of wire and mail fraud.[85] As such, they are unquestionably relevant, because a

---

[84]  Mattel's Second Am. Complaint and Counter-Claims, dated July 12, 2007, at ¶¶ 88-105, Corey Dec., Exh. 19.
[85]  See id. at ¶ 93(a) & (b).

-18-

07209/2785965.1

1    plaintiff alleging RICO violations should be permitted discovery into each instance of a

2    predicate act, even where further discovery is "unnecessary" to establish the category of

3    predicate act. See Eastman Kodak Co. v. Camarata, 238 F.R.D. 372, 376 (W.D.N.Y.

4    2006).[86]

5         The discovery sought by the subpoenas may also reveal additional, distinct

6    predicate acts in support of Mattel's RICO allegations.  Mattel's requests seek to

7    unravel the true nature of these "financing" transactions, which involve various shell

8    and off-shore companies and appear to be deliberately structured to conceal the

9    ultimate source of funding.  It may be intended to "conceal or disguise the nature,

10   the location, the source, the ownership, or the control of the proceeds" derived from

11   defendants' unlawful activity—here, among other things, their infringement of

12   Mattel's intellectual property. 18 U.S.C. § 1956.  Whatever the reason, MGA's

13   recent "financing" raises a host of potential predicate RICO violations, regarding

14   which Mattel is entitled to discovery. See, e.g., 18 U.S.C. § 1957 (use of unlawful

15   funds), 18 U.S.C. § 2314 (transportation of converted funds).  Likewise, the sales by

16   the IGWT entities of infringing Bratz product may constitute predicate acts of

17   criminal copyright infringement by MGA -- predicate acts that Mattel has alleged

18   against MGA in Phase 2.[87]  Thus, the discovery sought is plainly proper.

19   **B.    The Documents Sought Are Also Relevant to Mattel's Disgorgement**

20   **Claim**

21        One remedy Mattel seeks is disgorgement of all amounts wrongfully

22   obtained.  Mattel may also be entitled to damages for lost profits pursuant to its

23   disgorgement theory of damages.  The disgorgement remedy also provides for the

24   imposition of constructive trusts to recover the ill-gotten gains of MGA and Isaac

25   _____

26   [86]    Moreover, even the terms of the loans are themselves relevant.  MGA has paid hundreds of millions of dollars to Larian and his family or associates throughout this litigation.

27   See Corey Dec., ¶ 92 and reference exhibits therein.  That is directly relevant to Larian's personal liability for RICO violations and evidence of his association with and control over

28   the enterprise.

MOTION TO COMPEL

**Exhibit 25**
**Page 152**

1  Larian that have been transferred to other parties. For purposes of establishing

2  disgorgement, Mattel must take into account money transferred from MGA and

3  Isaac Larian, regardless of the manner in which it was transferred. Mattel is entitled

4  to discovery that shows all assets siphoned from MGA or Isaac Larian for which

5  there was no compensation during the period of the alleged wrongful conduct.

6      It is undisputed that disgorgement is an available remedy for Mattel's claims

7  against MGA and Larian, including Mattel's claim for trade secret misappropriation.

8  See 4 Callmann, Unfair Competition and Monopolies § 14.45 (4th ed.) and Clark v.

9  Bunker, 453 F.2d 1006, 1011 (9th Cir. 1972). The scope of the disgorgement

10  remedy is set forth in two recent California Supreme Court decisions. See Kraus v.

11  Trinity Management Servs., Inc., 23 Cal. 4th 116 (2000); Korea Supply Co. v.

12  Lockheed Martin Corp., 29 Cal. 4th 1134 (2003). The court indicated that:

13

14      "disgorgement" is a broader remedy than restitution. . . .
   [A]n order for disgorgement "may compel a defendant to

15      surrender *all* money obtained through an unfair business
   practice even though not all is to be restored to the persons

16      from whom it was obtained or those claiming under those
   persons. It has also been used to refer to surrender of *all*

17      profits earned as a result of an unfair business practice
   regardless of whether those profits represent money taken

18      directly from persons who were victims of the unfair
   practice."

19

20  Korea Supply, 29 Cal. 4th at 1145 (quoting Kraus, 23 Cal. 4th at 127) (emphasis

21  added). Moreover, an important part of disgorgement is the imposition of a

22  constructive trust to recover ill-gotten gains that have been transferred to others by the

23  defendant. A constructive trust is intended to prevent unjust enrichment, with equity

24  compelling the restoration to another of property to which the holder thereof is not

25  justly entitled. Taylor v. Polackwich, 145 Cal. App. 3d 1014, 1022 (1983); Cal. Civ.

26  Code §§ 2223, 2224. See also Weiss v. Marchus, 51 Cal. App. 3d 590, 600 (1975)

27  (constructive trust may be imposed in case of fraud, mishandling, or almost any case of

28    [87]  SAAC, ¶ 93, Corey Dec., Exh. 19.

07209/2785965.1

-20-

1  wrongful acquisition or detention of property to which another is entitled).  When
2  personal property is in dispute, the legislature has allowed plaintiffs to invoke the
3  remedy of constructive trust. Cal Civ. Code §§ 2223, 2224. To create a constructive or
4  involuntary trust only three conditions are necessary: existence of a res, i.e. property or
5  some interest in property, plaintiff's right to that res and defendant's gain of the res by
6  fraud, accident, mistake, undue influence, violation of the trust or other wrongful act.
7  Kraus v. Willow Park Public Golf Course, 73 Cal. App. 3d 354 (1977); see Cramer v.
8  Biddison, 65 Cal. Rptr. 624, 257 Cal. App. 2d 720 (1968). See Burlesci v. Petersen, 68
9  Cal. App. 4th 1062, 1067 (1998) (constructive trust); Farmers Ins. Exchange v. Zerin,
10  53 Cal. App. 4th 445, 454-55 (1997) (equitable lien is proper if unjust enrichment and
11  detrimental reliance are implicated)

12      By these subpoenas, Mattel seeks evidence to prove the amount the defendants
13  must disgorge.  Money that properly belonged to Mattel was transferred from MGA or
14  Isaac Larian to an entity controlled by them.  Mattel should be able to understand how
15  that money was used because MGA and Isaac Larian have no right to whatever
16  additional gains realized with Mattel's money.  Rather, the right to those additional
17  gains vests solely in Mattel.

18      **C.    The Documents Sought Are Relevant to Phase 2 Damages**

19      The requests also seek documents relevant to the MGA parties' financial
20  condition, which is relevant to Mattel's Phase 2 damages claims.  A defendant's net
21  worth, financial condition, and ability to pay any award are all factors relevant to an
22  award of punitive damages. See, e.g., Hilao v. Estate of Marcos, 103 F.3d 767, 781-82
23  & n. 7 (9th Cir. 1996) (financial condition a relevant factor in awarding punitive
24  damages); Southern California Housing Rights Center v. Krug, 2006 WL 4122148, *4
25  (C.D. Cal. 2006) ("When a punitive damages claim has been asserted, a majority of
26  federal courts permit pretrial discovery of financial information about defendants
27  without requiring the plaintiff to establish a prima facie case on the issue of punitive
28  damages."); Robert L. Cloud & Associates v. Mikesell, 69 Cal. App. 4th 1141, 148-

07209/2785965.1

-21-

1    1152 (1999) (defendant's "ability to pay damages award" and "financial condition"
2    were relevant to determining award of punitive damages for misappropriation of trade
3    secrets).

4         Judge Larson and the former Discovery Master have ruled that Mattel is entitled
5    to evidence related to MGA's net worth. For example, Mattel moved to compel MGA
6    to produce a Rule 30(b)(6) witness on issues related to MGA's net worth after MGA
7    claimed such evidence was irrelevant and should be left to expert testimony. The
8    Discovery Master agreed with Mattel and ordered the deposition to proceed on the issue
9    of net worth, among others. MGA objected and appealed to Judge Larson, who
10   affirmed the Discovery Master and held "[t]hat net worth is generally the subject of
11   expert testimony at trial -- a proposition disputed by neither Mattel nor the Court --
12   does not render it an improper subject for a Rule 30(b)(6)."[88]

13        Omni 808 and Vision Capital are directly involved in providing funding to MGA
14   in exchange for a security interest. Such funding, and security interests, are in and of
15   themselves directly relevant to the financial condition of the MGA Parties, including
16   the amount of the security interests, the terms and conditions of the funding, and the
17   rate of the funding. The true identity of the persons and entities providing the funding
18   and obtaining a security interest in MGA are likewise relevant to that issue. Moreover,
19   given the level of financing, the parties must have engaged in evaluations of the past,
20   present, and future value of the MGA parties. It is just such documents that the third-
21   party subpoenas at issue seek.

22        Finally, as noted above, MGA is using IGWT to sell Bratz products and conduct
23   Bratz business. Obviously, this kind of evasion is directly relevant to the claims at
24   issue, as well as to the net worth and financial condition of the MGA Parties. Mattel is
25   entitled to the information sought by the subpoenas for these additional reasons.

26
27
28   [88]   July 2, 2007 Order, at 5, Corey Dec., Exh. 12.

07209/2785965.1

-22-

**D.     The Documents Sought Are Relevant to the MGA Parties' Credibility**

Information is also relevant and discoverable if it relates to "the credibility of any witness." Cable & Computer Tech., Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997). As set forth below, in Section II *infra*, MGA and Larian made statements under oath about their financial condition as well as about the role of Omni 808 and the other non-operating entities in providing MGA with additional funding.[89] Mattel is therefore entitled to discovery to determine the true state of these matters -- information which is directly relevant to MGA's and Larian's credibility.

**E.     The Documents Sought are Relevant to the MGA Parties' Unclean Hands Defense**

The subpoenas also seek documents relevant to the MGA Parties' defense of unclean hands. In their answers to Mattel's cross-claims, MGA and Larian asserted that "Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands."[90] The alleged basis for their unclean hands defense is wide ranging, touching on every aspect of Phases 1 and 2 of this case, including the alleged infringement of MGA's trade dress and Bratz products as well as allegedly interfering with MGA's efforts to hire Mattel employees.[91]

Mattel is entitled to respond to these allegations by demonstrating that the MGA Parties are precluded from invoking the unclean hands defense because they have not themselves acted with clean hands. The invocation of "unclean hands" is an equitable defense. GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1209-10 (9th Cir. 2000) (discussing "equitable defense" of "unclean hands"); In re McKesson HBOC, Inc. Erisa

---

[89]   Compare Declaration of Brian Wing in support of the MGA Parties' Request for a Stay, dated December 11, 2008, at ¶ 13, Corey Dec., Exh. 36 with MGA Parties' Corrections to the Opposition to Mattel's *Ex Parte* Application for Appointment of a Receiver, dated December 31, 2008, at 1, Corey Dec., Exh. 38.
[90]   MGA's Amended Answer and Affirmative Defenses, dated September 19, 2007, at 20-21, Corey Dec., Exh. 103; Isaac Larian's Amended Answer and Affirmative Defenses, dated November 8, 2007, at 16-18, Corey Dec., Exh. 104.

-23-

1  Litigation, 391 F.Supp.2d 812, 842 (N.D. Cal. 2005) ("[U]nclean hands is an equitable

2  defense."). A party asserting an equitable defense, however, must itself have "clean

3  hands." Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 385 (9th Cir. 1997) (("A

4  cardinal maxim of equity jurisprudence is that he who comes into equity must come

5  with clean hands.") (quoting Banks v. Rockwell Intern. North American Aircraft

6  Operations, 855 F.2d 324, 327 (6th Cir. 1988)); Granberry v. Islay Investments, 9 Cal.

7  4th 738, 743-744, 750 (1995) (equitable defense may be "barred by any of the generally

8  applicable equitable affirmative defenses, including . . . unclean hands"); Blain v.

9  Doctor's Co., 222 Cal. App. 3d 1048, 1059 (1990) ("He who comes into Equity must

10  come with clean hands."). As discussed above, MGA may be engaging in sham and

11  financial fraudulent transactions such as concealing profits and sales of Bratz and other

12  products "off the books" through newly created single purpose companies. If true,

13  MGA and Larian would be acting with unclean hands and thus precluded from

14  invoking the unclean hands defense themselves.

15  **F.  The Documents Sought Are Relevant to Mattel's Unfair**

16  **Competition Claim**

17  The subpoenas seek documents related to Mattel's claim for unfair competition.

18  The MGA Parties' actions in manipulating the sources of funding and apparently using

19  single-purpose companies to unload Bratz products for pennies on the dollar and resell

20  them may be anti-competitive actions that are encompassed by California's unfair

21  competition laws. Under Business and Professions Code § 17200, "unfair competition"

22  includes "any unlawful, unfair or fraudulent business act or practice...." Section

23  17200's scope is "sweeping, embracing anything that can properly be called a business

24  practice and that at the same time is forbidden by law." Rubin v. Green, 4 Cal. 4th

25  1187, 1200 (1993) (internal quotation marks and citation omitted). It encompasses

26  "anti-competitive business practices as well as injuries to consumers, and has as a major

27  _____

28  [91]  Id.

-24-

1   purpose the preservation of fair business competition." <u>Cel-Tech Communications, Inc.</u>
2   <u>v. Los Angeles Cellular Telephone Co.</u>, 20 Cal. 4th 163, 180 (1999). Accordingly, the
3   documents sought are reasonably calculated to lead to the discovery of admissible
4   evidence relating to Mattel's unfair competition claim.

5   **III.    THE REMAINING OBJECTIONS ARE BOILERPLATE AND**
6   **SHOULD BE OVERRULED**

7       **A.    The Boilerplate Objections Are Improper**

8       The third parties assert a host of boilerplate general objections, which they repeat
9   in their specific objections.  Through these objections, they generally assert that
10  Mattel's document requests (including Mattel's definitions) are irrelevant, overbroad,
11  ambiguous, harassing, cumulative, and unduly burdensome.  Such objections are the
12  hallmark of boilerplate objections that are improper under the Federal Rules of Civil
13  Procedure.  <u>A. Farber and Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal.
14  2006) (overruling defendant's boilerplate objections as improper and ordering
15  production of documents). <u>See Panola Land Buyers Ass'n v. Shuman</u>, 762 F.2d 1550,
16  1559 (11th Cir. 1985) (holding that court did not have discretion to limit discovery on
17  basis of boilerplate objections).

18      **B.    That Documents May be Available from Other Parties Does Not**
19      **Excuse Compliance**

20      MGA and the third-parties suggest that they are excused from compliance with
21  the third-party subpoenas because some of the documents purportedly may be available
22  from MGA or other sources.  However, because documents may be available from
23  other sources is not grounds to refuse production.  "[A] person may not avoid a
24  subpoena by saying that the evidence sought from him is obtainable from another." 
25  <u>Covey Oil Co. v. Continental Oil Co.</u>, 340 F.2d 993, 998 (10th Cir. 1965) (overruled on
26  other grounds); <u>State Farm Mut. Auto. Ins. Co. v. Accurate Medical, P.C.</u>, 2007 WL
27  2993840, at *1 (E.D.N.Y. 2007) (compelling production of documents third-party
28  claimed were in possession of party to litigation); <u>In re Bergeson</u>, 112 F.R.D. 692, 695

-25-

1  (D. Mont. 1986) (conclusory assertions that documents sought are available from others
2  more economically "does not constitute a showing of unreasonableness or
3  oppressiveness."). Moreover, no party has demonstrated that all of the documents
4  requested are available from another party. Nor does this seem likely. As held by the
5  State Farm court, "nothing in the Federal Rules of Civil Procedure requires a litigant to
6  rely solely on discovery obtained from an adversary instead of utilizing subpoenas." Id.
7  at *1.

8       Furthermore, Mattel should not be forced to rely solely on MGA in obtaining
9  discovery related to their financial condition or illegal activities. As the jury
10 unanimously found at trial, MGA fraudulently concealed its illegal activities in this
11 case. It engaged in a pattern of misrepresentations about its financial condition,
12 including concealing valuations, providing valuations within months of each other that
13 fluctuated by hundreds of millions of dollars, and claiming near insolvency when it
14 suited its legal arguments and then denying it when their needs shifted. There also is
15 evidence, described above, of concealment, spoliation and alteration of documents by
16 MGA, Isaac Larian and other MGA executives and MGA-affiliated parties. The truth-
17 finding function in this case is not served by entrusting MGA itself to produce
18 evidence, including evidence of its own wrongdoing. As MGA's pattern of misconduct
19 amply shows, quite the opposite is the case here.

20   **C.   The Objection Based Upon the Accountant-Client Privilege Is**
21        **Unfounded**

22      MGA and the IGWT parties' objection that the requests seek documents
23 protected from disclosure by the accountant-client privilege is without basis. The
24 United States Supreme Court has recognized that there is "no confidential accountant-
25 client privilege [that] exists under federal law, and no state created privilege has been
26 recognized in federal cases." Couch v. United States, 409 U.S. 322, 335 (1972)
27 (collecting cases). Therefore, the objection is frivolous. Nevertheless, even if there
28 was such a privilege, IGWT offers no foundation for its application to the documents

07209/2785965.1

-26-

1  requested. IGWT does not contend that it provides accounting services, much less that

2  it has acted as an accounting firm or agency in relation to MGA (or Larian).

3     **D.    Mattel's Requests Do Not Impose an Undue Burden**

4        The third parties object that the requests are unduly burdensome and that the

5  burden and expense outweighs the documents relevance. These subpoenaed parties

6  bear the burden of proving undue burden by "specific and compelling" proof;

7  conclusory assertions are insufficient. <u>Goodman v. U.S.</u>, 369 F.2d 166, 169 (9th Cir.

8  1966) ("The party must provide specific and compelling proof that the burden is

9  undue."); <u>see JZ Buckingham Investments, LLC v. United States</u>, 78 Fed. Cl. 15, 25

10  (Fed. Cl. Ct. 2007) (denying motion to quash); <u>Northrop Corp. v. McDonnell Douglas</u>

11  <u>Corp.</u>, 751 F.2d 395, 403 (D.C. Cir. 1984) (reversing district court's decision quashing

12  subpoena). Here, third parties have not demonstrated the time, cost, or burden involved

13  in responding to Mattel's subpoenas is undue. Nor could they. Virtually all of the third

14  parties here are single purpose entities that have existed only a few months. It is

15  dubious at best that they should have such voluminous records, let alone voluminous

16  records of the type requested by Mattel in the subpoenas, that any burden could be

17  considered undue.

18        The MGA Parties' complaints about alleged burden are wholly irrelevant -- it

19  lacks any standing to even make such an argument -- and simply serve to underscore

20  that MGA seeks to obstruct. "The burden of showing that a subpoena is unreasonable

21  and oppressive *is upon the party to whom it is directed.*" <u>Goodman</u>, 369 F.2d at 169

22  (emphasis added).

23     **E.    Mattel's Requests Do Not Violate the Discovery Master's May 7,**

24     **2008 Order**

25        MGA and the IGWT Parties object, claiming that the subpoenas violate Judge

26  Infante's May 7, 2008 Order in which he allegedly found that "similarly phrased

27  requests to third parties" were overly burdensome and improper. This objection should

28  be overruled. First, the subpoenas at issue in the May 7, 2008 Order sought different

1   information and went to different issues than the present requests.  Second, Judge

2   Infante was clear that "[n]othing in this Order is intended to authorize or preclude

3   Mattel from seeking documents from the non-parties identified herein as part of Phase 2

4   discovery, if appropriate."[92]  So, the objection is without merit.

5        **F.**    **Concerns Over Confidentiality Are Alleviated by the Protective**

6               **Order**

7        The third parties object on the grounds that Mattel seeks documents containing

8   trade secrets, confidential information or otherwise protected by a right of privacy.

9   Because the Court has entered a Protective Order in this action, which Mattel has

10  provided to the subpoenaed parties,[93] the subpoenaed party's concerns about

11  confidentiality do not justify withholding documents from production.  See, e.g.,

12  Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a

13  protective order "can strike the appropriate balance between the need for the

14  information and the privacy concerns" of the party opposing production's employees);

15  Keith H. v. Long Beach Unified School District, 228 F.R.D. 652, 658 (C.D. Cal. 2005)

16  (compelling production of student records because of slight redactions and "a protective

17  order to minimize any invasion of the students' privacy rights"); In re Heritage Bond

18  Litigation, 2004 WL 1970058 at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . .

19  defendants have in their bank records and related financial statements are adequately

20  protected by the protective order, and are not sufficient to prevent production in this

21  matter"); A. Farber and Partners, Inc., 234 F.R.D. at 191-92 ("P]laintiff's need for

22  defendant Garber's financial documents outweighs defendant Garber's claim of privacy,

23  especially when the 'impact' of the disclosure of the information can be protected by a

24  'carefully drafted' protective order").

25

26

27      [92]   May 7, 2008 Order, at 13, Corey Dec., Exh. 75.

28      [93]   Corey Dec., ¶ 3.

07209/2785965.1

-28-

1    Indeed, the former Discovery Master previously and repeatedly ruled that the
2    Protective Order is sufficient to alleviate any privacy concerns.[94]    Although MGA
3    objected to that ruling, the District Court approved the Discovery Master's order,
4    finding that the entry of a protective order justified compelling production of even
5    "sensitive documents" to MGA's "fierce competitor."[95]    Therefore, the confidential,
6    privacy and trade secret objections must be overruled.

7    **IV.    EACH OF THE SUBPOENAED PARTIES MUST PRODUCE**
8    **ADEQUATE PRIVILEGE LOGS**

9    To the extent the subpoenaed parties are withholding documents on the basis of
10   privilege, they must provide a timely privilege log. Fed. R. Civ. P. 45; see Burlington
11   N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50
12   (9th Cir. 2005) (affirming district court's holding that party waived privilege objections
13   by failing to provide privilege log within thirty days of serving its responses); In re
14   Imperial Corp. of Am., 174 F.R.D. 475, 477 (S.D. Cal. 1997) (waiver rule for failure to
15   provide privilege log applies to subpoenas to third parties). Accordingly, the Discovery
16   Master should order the subpoenaed parties to produce privilege logs as required by
17   Rule 45(d)(2).

18

19

20

21

22

23

24

25

26

27    [94]    Order Dated May 15, 2007, at 11, n.4, Corey Dec., Exh. 99.
28    [95]    Order Dated July 2, 2007, at 3, Corey Dec., Exh. 23.

07209/2785965.1

-29-

MOTION TO COMPEL

Exhibit 25
Page 162

## Conclusion

For the reasons set forth above, and for those set forth in the Mattel's Separate Statement, Mattel respectfully requests that the objections to the subpoenas be overruled and that IGWT Group, LLC, IGWT 826 Investments, LLC, Vision Capital, LLC, OmniNet Capital, LLC, and Omni 808 Investors, LLC be compelled to produce all documents sought by Mattel's subpoenas as well as to produce a privilege log for any documents withheld on the basis of privilege.

DATED: February 3, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

Exhibit 26

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                          Date: February 3, 2009
Title:     MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
===============================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

           Cindy Sasse                          None Present
           Courtroom Deputy                     Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                             None Present

PROCEEDINGS:   **ORDER SETTING HEARING ON EX PARTE APPLICATION TO
               INTERVENE**

     The Court is in receipt of the manually filed Ex Parte Application of non-party Omni 808
Investors, LLC, to Intervene For a Limited Purpose, dated February 3, 2009. Any party may file
opposition thereto no later than February 5, 2009, and a reply may be filed thereafter no later than
February 9, 2009. The Court will hear the matter on February 11, 2009, at 10:00 a.m.

     **IT IS SO ORDERED.**

MINUTES FORM 90                                   Initials of Deputy Clerk __cls_____
CIVIL -- GEN                          1

Exhibit 26
Page 164

Exhibit 27

00029/2369479.1

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CENTRAL                    CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Omni 808 Investors, LLC
    9420 Wilshire Blvd. Suite 400
    Beverly Hills, CA 90212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff, Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 27
Page 165

01/21/2009   16:19   213-4821561   NOW LEGAL SERVICES   PAGE   02

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED<br>SUBPOENA RE DEPOSITION | January 9, 2009 6:00 pm | Omni 808 Investors, LLC<br>9420 Wilshire Boulevard, Suite 400<br>Beverly Hills, CA 90212 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Michael Daniels, person-in-charge | personal | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| MARLOWE DICKERSON | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     January 21, 2008
_____
            DATE

*Marlowe Dickerson*
SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

Exhibit 27
Page 166

## ATTACHMENT A

1.    All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.    All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.    All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, since January 1, 2007.

4.    Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Omni 808 Investors, LLC and (b) the dates of such person's affiliation with Omni 808 Investors, LLC.

5.    All documents referring or relating to the formation and governance of Omni 808 Investors, LLC.

6.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

7.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Vision Capital, LLC, if any.

8.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Lexington Financial, LLC, if any.

9.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and MGA Entertainment, Inc., if any.

10.    All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Isaac Larian or his family members, if any.

11.    All documents referring or relating to the source of funding for Lexington Financial, LLC.

12.    All documents referring or relating to the source of funding for Vision Capital, LLC.

1

Exhibit 27
Page 167

13.     All documents referring or relating to all contributions, loans and any sources of funding for Omni 808 Investors, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

14.     All documents showing detail of all loan facilities with an indication of creditor and relevant terms.

15.     All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

16.     Any and all records that substantiate transfers of assets by Omni 808 Investors, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

17.     All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

18.     All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

2

Exhibit 27
Page 168

# EXHIBIT 1

**Exhibit 27**
**Page 169**

**06-7090318014**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214830002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| **1a. ORGANIZATION'S NAME** MGA Entertainment Inc. | | | | |
| OR | **1b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| **1c. MAILING ADDRESS** 16380 Roscoe Blvd., Suite 200 | **CITY** Van Nuys | **STATE** CA | **POSTAL CODE** 91406 | **COUNTRY** USA |
| **1d. TAX ID #: SSN OR EIN** 95-3726898 | **ADD'L INFO RE ORGANIZATION DEBTOR** | **1e. TYPE OF ORGANIZATION** Corporation | **1f. JURISDICTION OF ORGANIZATION** California | **1g. ORGANIZATIONAL ID #, if any** CA C1068282   ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | | |
| OR | **2b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| **2c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
| **2d. TAX ID #: SSN OR EIN** | **ADD'L INFO RE ORGANIZATION DEBTOR** | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID #, if any**   ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| **3a. ORGANIZATION'S NAME** Wachovia Bank, National Association, as Agent | | | | |
| OR | **3b. INDIVIDUAL'S LAST NAME** | **FIRST NAME** | **MIDDLE NAME** | **SUFFIX** |
| **3c. MAILING ADDRESS** One South Broad Street, PA 4830 | **CITY** Philadelphia | **STATE** PA | **POSTAL CODE** 19107 | **COUNTRY** |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| **5. ALTERNATIVE DESIGNATION [if applicable]:** | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

**6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State

MN107089453

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 27**
**Page 170**

1021483002

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

(i)      all Accounts;

(ii)     all Inventory;

(iii)    all Documents relating to Inventory;

(iv)     all books and records pertaining to any property described in this definition;

(v)      all Supporting Obligations pertaining to any property described in this definition; and

(vi)     to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**08-71714105**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690003  UCC 3 FILING

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

N-0000-058-2

CL@S
INFORMATION SERVICES
WWW.CLASINFO.COM
3930 MURRAY WAY, SUITE 250
SACRAMENTO, CA 95825
TEL: 916.536.3500 / 800.432.5656
FAX: 916.564.3900

account number 1036AM(RW)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
   6a. ORGANIZATION'S NAME

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:
   7a. ORGANIZATION'S NAME
   **OMNI 808 Investors LLC, as Agent**

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
   9a. ORGANIZATION'S NAME
   **Wachovia Bank, National Association, as Agent**

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

10. OPTIONAL FILER REFERENCE DATA
   **Debtor: MGA Entertainment Inc.**                                                      **CA-SOS**

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

**Exhibit 27**
**Page 172**

A72646923.1/3001762-0000308275

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7553
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

06-7090318135
10/30/2006 16:46

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

10214840002   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| MGA Entertainment Inc. | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | | CA | 91406 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | ☐ NONE |
|---|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MA16768P45-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

Exhibit 27
Page 173

## Exhibit A

Debtor:                                          Secured Party:
MGA Entertainment Inc.                           Wachovia Bank, National Association, as Agent
16380 Roscoe Blvd., Suite 200                    One South Broad Street, PA 4830
Van Nuys, California 91406                       Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

10214840082

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

Exhibit 27
Page 176

**07-71137423**

**05/14/2007  11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12649850004   UCC 3 FILING

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

⌜ UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
⌞ CDD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE #<br>06-7090318135 filed 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. **NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME<br>Wachovia Bank, National Association, as Agent | | | |
|---|---|---|---|
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.    *692648850    JBM*

FILING OFFICE COPY— NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 27**
**Page 177**

<div align="right">1264965<u>0</u>004</div>

<div align="center"><u>Exhibit A</u></div>

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

<div align="center">A - 1</div>

<div align="center"><strong>Exhibit 27<br/>Page 178</strong></div>

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 27
Page 179

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

Exhibit 27
Page 180

**08-71714106**

**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690004   UCC 3 FILING

## UCC FINANCING STATEMENT **AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

P6-0000-058-7

**CL@S**
INFORMATION SERVICES
WWW.CLASINFO.COM
3420 BRADLEY WAY, SUITE 350
SACRAMENTO, CA 95825
TEL:916.564.7300 / 800.953.5316
FAX:916.564.7300

account number  10336AMRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  OMNI 808 Investors LLC, as Agent | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  Wachovia Bank, National Association, as Agent | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment Inc.                                                    CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

**Exhibit 27**
**Page 181**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

06-7090317861
10/30/2006 16:46

FILED
CALIFORNIA
SECRETARY OF STATE

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | |

OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable] | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State

MN607168845-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

Exhibit 27
Page 182

1021481000
2

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

**Exhibit 27**
**Page 183**

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 27
Page 184

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

Exhibit 27
Page 185

FILING OFFICER STATEMENT

INTERNAL USE ONLY

1. Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

  1a. INITIAL FINANCING STATEMENT #: 067090317861

  1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

  ☒ Debtor    ☐ Secured Party
  ☐ Name and Address not Indexed.
  ☒ Name indexed incorrectly
  ☐ Address indexed incorrectly

  ☐ File Date entered Incorrectly
  ☐ Wrong Action type entered
  ☐ Wrong Filing Type entered
  ☐ Filed in Error
  ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

  ☐ Added Name:
  ☐ Address:
  ☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
  ☒ To: MGA ENTERTAINMENT (MEXICO), INC.
  ☐ Corrected Address from:
  ☐ To:
  ☐ Corrected File Date from        to
  ☐ Re-entered the UCC3        as a
  ☐ Changed the Filing Type from        to
  ☐ Document Deleted
  ☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34

**Exhibit 27**
**Page 186**

1

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

> UCC Direct Services
> 1232 Q St
> Sacramento CA 95814
> Account 10010537
> CDD

**07—71137422**

**05/14/2007 11:35**

**FILED**

CALIFORNIA
SECRETARY OF STATE

SOS

12649650003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090317861 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. TAX ID #   SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   *69264885O*
                                                                                          JBM

FILING OFFICE COPY— NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

**Exhibit 27**
**Page 187**

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(c)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)    all certificates and instruments representing or evidencing any of the foregoing;

(f)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30237046v2

A - 1

Exhibit 27
Page 188

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 27
Page 189

**SCHEDULE 1**

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

Exhibit 27
Page 190

08-71714107
09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

18335690005   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

76-0000-858-2

CL@S
INFORMATION SERVICES
WWW.CLASSWEB.COM
3929 McRILY WAY, SUITE 350
SACRAMENTO, CA 95821
916-564-2000 / 800-992-1411
FAX 916-564-2900

account number  1036 AM|RW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

OR

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

OR

| 7a. ORGANIZATION'S NAME  OMNI 808 Investors LLC, as Agent | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION  Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION  California | 7g. ORGANIZATIONAL ID #, if any   ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

OR

| 9a. ORGANIZATION'S NAME  Wachovia Bank, National Association, as Agent | | | |
|---|---|---|---|
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment (Mexico), Inc.

CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

Exhibit 27
Page 191

Exhibit 27
Page 192

Exhibit 2

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL                                    CALIFORNIA

CARTER BRYANT, an individual,

## SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Omni 808 Investors, LLC
    355 South Grand Avenue, Suite 4400
    Los Angeles, CA 90071

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Mattel, Inc. | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

Exhibit 27
Page 193

A088 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | 355 South Grand Avenue, Suite 4400 |
| SUBPOENA RE DEPOSITION | January 9, 2009 6:10 pm | Los Angeles, CA 90071 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Jeff Derocher, person-in-charge | personal | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| DAVID QUINTANA | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    January 19, 2008

DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026

ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**Exhibit 27
Page 194**

# ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, since January 1, 2007.

4.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Omni 808 Investors, LLC and (b) the dates of such person's affiliation with Omni 808 Investors, LLC.

5.      All documents referring or relating to the formation and governance of Omni 808 Investors, LLC.

6.      All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

7.      All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Vision Capital, LLC, if any.

8.      All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Lexington Financial, LLC, if any.

9.      All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and MGA Entertainment, Inc., if any.

10.     All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Isaac Larian or his family members, if any.

11.     All documents referring or relating to the source of funding for Lexington Financial, LLC.

12.     All documents referring or relating to the source of funding for Vision Capital, LLC.

1

**Exhibit 27**
**Page 195**

13.     All documents referring or relating to all contributions, loans and any sources of funding for Omni 808 Investors, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

14.     All documents showing detail of all loan facilities with an indication of creditor and relevant terms.

15.     All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

16.     Any and all records that substantiate transfers of assets by Omni 808 Investors, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

17.     All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

18.     All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

2

Exhibit 27
Page 196

# EXHIBIT 1

Exhibit 27
Page 197

**06-7090318014**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214830002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY.

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| MGA Entertainment Inc. | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | Corporation | Corporation | California | CA C1068282  ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| **5. ALTERNATIVE DESIGNATION** (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| **6.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum | [if applicable] | **7.** Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State                    MN10768P45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

Exhibit 27
Page 198

1021483002

## Exhibit A

**Debtor:**
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

        (i)     all Accounts;

        (ii)    all Inventory;

        (iii)   all Documents relating to Inventory;

        (iv)   all books and records pertaining to any property described in this definition;

        (v)    all Supporting Obligations pertaining to any property described in this definition; and

        (vi)   to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

A - 1

Exhibit 27
Page 199

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**08-71714105**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690003   UCC 3 FILING

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

P4-0000-058-2

CL@S
INFORMATION SERVICES

WWW.CLASINFO.COM
2926 RIVKER WAY, SUITE 320
SACRAMENTO, CA 95833
TEL: 916.554.7100 / 800.952.5696
TEL: 916.554.7900

account number 1036 AM (RW)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE # **06-7090318014**                                    10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the ☐ REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. X **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 7b. INDIVIDUAL'S LAST NAME **OMNI 808 Investors LLC, as Agent** | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 7c. MAILING ADDRESS **9420 Wilshire Blvd., Suite 400** | CITY **Beverly Hills** | STATE **CA** | POSTAL CODE **90212** | COUNTRY **USA** |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION **Limited Liability Company** | 7f. JURISDICTION OF ORGANIZATION **California** | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ delete ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME **Wachovia Bank, National Association, as Agent** | | | |
|---|---|---|---|

OR

| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

10. **OPTIONAL FILER REFERENCE DATA**
**Debtor: MGA Entertainment Inc.**

CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

**Exhibit 27**
**Page 200**

**06~7090318135**

**10/30/2006 15:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214840002   UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
| 95-3726898 | | Corporation | California | CA C1068282 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MN16768 P45-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

Exhibit 27
Page 201

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(d)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)    all certificates and instruments representing or evidencing any of the foregoing;

(g)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LBQAL02/30133111v1

A-1

Exhibit 27
Page 202

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 27
Page 203

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

Exhibit 27
Page 204

**07-71137423**

**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

12649850204   UCC 3 FILING

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌ UCC Direct Services
  1232 Q St
  Sacramento CA 95814
  Account 10010537
└ CDD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 06-7090318135 filed 10/30/06 | |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.   69264883D   JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

Exhibit 27
Page 205

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)  all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)  all payments due or to become due to Debtor in respect of any of the foregoing;

(c)  all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)  all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)  all certificates and instruments representing or evidencing any of the foregoing;

(f)  all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)  all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2005, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

Exhibit 27
Page 207

1264955004

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL. | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

██████████
██████████
██████████

**08–71714106**

**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

18335690004   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

PG-0000-058-Z

**CL@S**
INFORMATION SERVICES

WWW.CLSINFO.COM
2020 HURLEY WAY, SUITE 350
SACRAMENTO, CA 95825
916.513.564.7900 / 800.952.5916
916.513.564.7908

account number 1036AMRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. THIS FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the □ REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | OMNI 808 Investors LLC, as Agent | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADDL INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment Inc.

CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

**Exhibit 27**
**Page 209**

**06-7090317861**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

S05

10214810002  UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |
|---|
| MGA Entertainment (Mexico), Inc. |

OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |
|---|
| |

OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| Wachovia Bank, National Association, as Agent |

OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE do Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] ☐ ADDITIONAL FEE | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

| 8. OPTIONAL FILER REFERENCE DATA |
|---|
| File with California Secretary of State |

MN 107088945-1

FILING OFFICE COPY— NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 27**
**Page 210**

## Exhibit A

| | |
|---|---|
| **Debtor:** | **Secured Party:** |
| MGA Entertainment (Mexico), Inc. | Wachovia Bank, National Association, as Agent |
| 16380 Roscoe Blvd., Suite 200 | One South Broad Street, PA 4830 |
| Van Nuys, California 91406 | Philadelphia, Pennsylvania 19107 |

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

A-1

LEGAL02/30133146v1

Exhibit 27
Page 211

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 27
Page 212

**SCHEDULE 1**

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

Exhibit 27
Page 213

```
┌─────────────────────────────────────────────────┐
│          FILING OFFICER STATEMENT               │
│                                                 │
│            INTERNAL USE ONLY                    │
├─────────────────────────────────────────────────┤
│ 1.Identification of the Record to which this FILING OFFICER │
│ STATEMENT relates.                              │
│                                                 │
│   1a. INITIAL FINANCING STATEMENT #: 067090317861 │
│                                                 │
│   1b. RECORD TO WHICH THIS STATEMENT RELATES:   │
│                                                 │
└─────────────────────────────────────────────────┘
```

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2.  Describe the inaccuracy or mistake on the part of the file office:

☒ Debtor     ☐ Secured Party          ☐ File Date entered incorrectly
☐ Name and Address not indexed.        ☐ Wrong Action type entered
☒ Name indexed incorrectly             ☐ Wrong Filing Type entered
☐ Address indexed incorrectly          ☐ Filed in Error
                                       ☐ Other

3.  Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

☐ Added Name:
☐ Address:
☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
☒ To: MGA ENTERTAINMENT (MEXICO), INC.
☐ Corrected Address from:
☐ To:
☐ Corrected File Date from          to
☐ Re-entered the UCC3          as a
☐ Changed the Filing Type from          to
☐ Document Deleted
☐ Other:

4.  Additional Explanation (if applicable):

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

**07-71137422**

**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12649650003    UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is |
|---|---|
| 06-7090317861 filed 10/30/06 | □ to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |
|---|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner J9513/315438

**Exhibit 27**
**Page 215**

### Exhibit A

Debtor:
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30237046v2

Exhibit 27
Page 216

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A-2

Exhibit 27
Page 217

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

76-0000-051-2

CL@S
INFORMATION SERVICES
WWW.CLASSYO.COM
2029 HURLEY WAY, SUITE 150
SACRAMENTO, CA 95825
TEL:916.564.3689 / 800.595.5411
FAX:916.564.3199

account number 10360 AMIRW

**08-71714107**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

18335690005   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT** (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **OR** 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION**

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **OR** OMNI 808 Investors LLC, as Agent | | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| **OR** Wachovia Bank, National Association, as Agent | | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment (Mexico), Inc.                    **CA-SOS**

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762-0000308275

**Exhibit 27**
**Page 218**

Exhibit 28

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CENTRAL                    CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: ³  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: OmniNet Capital, LLC
9420 Wilshire Blvd. Suite 400
Beverly Hills, CA 90212

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Attorney for Plaintiff, Mattel, Inc._ | January 9, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

³ If action is pending in district other than district of issuance, state district under case number.

AO-88

**Exhibit 28**
**Page 219**

01/21/2009  15:19   213-4821561                    NOW LEGAL SERVICES                      PAGE   03

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | January 9, 2009 6:00 pm | OmniNet Capital, LLC |
| SUBPOENA RE DEPOSITION | | 9420 Wilshire Boulevard, Suite 400 |
| | | Beverly Hills, CA 90212 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Michael Daniels, person-in-charge | personal | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| MARLOWE DICKERSON | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    January 21, 2008*
　　　　　　　　　　DATE

SIGNATURE OF SERVER    *Marlowe Dickerson*

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 28
Page 220

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, since January 1, 2007.

4.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of OmniNet Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation with OmniNet Capital, LLC.

5.      All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

6.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Vision Capital, LLC, if any.

7.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Lexington Financial, LLC, if any.

8.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and MGA Entertainment, Inc., if any.

9.      All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Isaac Larian or his family members, if any.

10.     All documents referring or relating to the source of funding for Lexington Financial, LLC.

11.     All documents referring or relating to the source of funding for Omni 808 Investors, LLC.

12.     All documents referring or relating to the source of funding for Vision Capital, LLC.

1

Exhibit 28
Page 221

13.     All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

14.     All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

15.     All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

2

Exhibit 28
Page 222

# EXHIBIT 1

Exhibit 28
Page 223

06-7090318014

10/30/2006 16:46

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

10214830002   UCC 1 F2L196

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System-
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable] | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ THIS FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable]   | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional] | All Debtors | Debtor 1 | Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MN167688745-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Gardner 19513/315438

Exhibit 28
Page 224

1021483002

**Exhibit A**

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

(i)     all Accounts;

(ii)    all Inventory;

(iii)   all Documents relating to Inventory;

(iv)    all books and records pertaining to any property described in this definition;

(v)     all Supporting Obligations pertaining to any property described in this definition; and

(vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all; (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

A-1

Exhibit 28
Page 225

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

N-0000-058-2

**CL@S**
INFORMATION SERVICES

WWW.CLASINFO.COM
3020 DERALE WAY, SUITE 350
SACRAMENTO, CA 95833
TEL-916.568.7668 / 800.952.5494
FAX-916.564.7660

account number  1036 AM(RW)

08-71714105

09/09/2008  16:03

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

18335690003  UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the □ REAL ESTATE RECORDS. |
|---|---|---|

2. □ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. □ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. **X** **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects □ Debtor or □ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

| □ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | □ DELETE name: Give record name to be deleted in item 6a or 6b. | □ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable). |
|---|---|---|

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  **OMNI 808 Investors LLC, as Agent** | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any    □ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral □ deleted or □ added, or give entire □ restated collateral description, or describe collateral □ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here □ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  **Wachovia Bank, National Association, as Agent** | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**10. OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment Inc.                                    CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/08)

**Exhibit 28**
**Page 226**

A/72640923.1/3001762-0000308275

06-7090318135
10/30/2006 16:46

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

10214840002          UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7553

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282    ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [optional]     ☐ ADDITIONAL FEE | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State                MA67b8PY5-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

Exhibit 28
Page 227

1021484000
2

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A - 1

LEGAL02/30133111v1

**Exhibit 28**
**Page 228**

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting; and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A - 2

Exhibit 28
Page 229

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

**Exhibit 28**
**Page 230**

**07-71137423**
**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12649650204   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌ UCC Direct Services
  1232 Q St
  Sacramento CA 95814
  Account 10010537
└ CDD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090318135 Filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor  or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

OR  6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

OR  7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

7d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany, GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
Wachovia Bank, National Association, as Agent

OR  9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.        69264885 30        JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

**Exhibit 28**
**Page 231**

12645550004

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a) all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b) all payments due or to become due to Debtor in respect of any of the foregoing;

(c) all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d) all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e) all certificates and instruments representing or evidencing any of the foregoing;

(f) all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g) all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

Exhibit 28
Page 232

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 28
Page 233

## SCHEDULE 1

MGA Entertainment Inc
Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEGAL02/30236856v2

Exhibit 28
Page 234

**08–71714106**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690004   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

26-0000-058-2

CL@S
INFORMATION SERVICES
WWW.CLASINFO.COM
3000 BRADLEY WAY, SUITE 550
SACRAMENTO, CA 95835
TEL:916.564.7000 / 888.527.3656
FAX:916.564.7050

account number  1036AMRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the B REAL ESTATE RECORDS. |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR OMNI 808 Investors LLC, as Agent | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR Wachovia Bank, National Association, as Agent | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 10. OPTIONAL FILER REFERENCE DATA | | |
|---|---|---|
| Debtor: MGA Entertainment Inc. | | CA-SOS |

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

**Exhibit 28**
**Page 235**

A/72,646923.1/3001762-0000308275

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

⌐
CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833
⌐

06-7090317861
10/30/2006  16:46

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

10214810002   UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |
| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
| 20-0998523 | Corporation | California | CA C2643976 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State                MN07108845-1

FILING OFFICE COPY—NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

Exhibit 28
Page 236

Exhibit A

Debtor:
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

A - 1

Exhibit 28
Page 237

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

LEGAL02/30133146v1

Exhibit 28
Page 238

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

Exhibit 28
Page 239

---

### FILING OFFICER STATEMENT

### INTERNAL USE ONLY

1. Identification of the Record to which this **FILING OFFICER STATEMENT** relates.

   1a. INITIAL FINANCING STATEMENT #: 067090317861

   1b. RECORD TO WHICH THIS STATEMENT RELATES:

**DOCUMENT NUMBER:** 10268190001
**FILING NUMBER:** 0670908369
**FILE DATE/TIME:** 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

   ☒ Debtor    ☐ Secured Party        ☐ File Date entered incorrectly
   ☐ Name and Address not indexed.           ☐ Wrong Action type entered
   ☒ Name Indexed Incorrectly            ☐ Wrong Filing Type entered
   ☐ Address Indexed Incorrectly          ☐ Filed in Error
                                 ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

   ☐ Added Name:
   ☐ Address:
   ☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
   ☒ To: MGA ENTERTAINMENT (MEXICO), INC.
   ☐ Corrected Address from:
   ☐ To:
   ☐ Corrected File Date from     to
   ☐ Re-entered the UCC3     as a
   ☐ Changed the Filing Type from     to
   ☐ Document Deleted
   ☐ Other:

4. Additional Explanation (if applicable):

---

11/03/2006 13:34

**Exhibit 28**
**Page 240**

1

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD
```

**07-71137422**
**05/14/2007 11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

12849650003   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090317861 filed 10/30/06

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:
6a. ORGANIZATION'S NAME

| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|----|---------------------------|-----------|-------------|--------|
|    |                           |           |             |        |

7. CHANGED (NEW) OR ADDED INFORMATION:
7a. ORGANIZATION'S NAME

| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|----|---------------------------|-----------|-------------|--------|
|    |                           |           |             |        |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---------------------|------|-------|-------------|---------|
|                     |      |       |             |         |

| 7d. TAX ID #   SSN OR EIN | ADD'L INFO RE: ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---------------------------|-------------------------------------|--------------------------|----------------------------------|--------------------------------|
|                           |                                     |                          |                                  | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.
9a. ORGANIZATION'S NAME
Wachovia Bank, National Association, as Agent

| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|----|---------------------------|-----------|-------------|--------|
|    |                           |           |             |        |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   0926A88 SO
JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

**Exhibit 28**
**Page 241**

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL\02\30237046v2

Exhibit 28
Page 242

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds", as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

Exhibit 28
Page 243

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30237046v2

**Exhibit 28**
**Page 244**

08-71714107
09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE

SOS

18335690005   UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

> 06-0003-658-2
>
> CL@S
> INFORMATION SERVICES
> WWW.CLASINFO.COM
> 3030 BRADLEY WAY, SUITE 330
> SACRAMENTO, CA 95833
> TEL-916.444.2603 / 866.452.1678
> FAX-916.444.2590
>
> ground number  1036 AM/RW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090317861 | 10/30/06 | 1b. THIS FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR   OMNI 808 Investors LLC, as Agent | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any  ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR   Wachovia Bank, National Association, as Agent | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment (Mexico), Inc.                     CA-SOS

**Exhibit 28
Page 245**

A/72646923.1/3001762-0000308275

Exhibit 29

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
## UNITED STATES DISTRICT COURT

District of _____ Delaware _____

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

### SUBPOENA IN A CIVIL CASE

Case Number: C.D.Cal. CV 04-9049 SGL-(RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Vision Capital, LLC
800 Delaware Avenue
Wilmington, DE 19801

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| National Legal Process Servers, Inc. Attn: Kim Ryan 2008 Pennsylvania Ave., Ste. 207 Wilmington, DE 19806 | January 27, 2009 9:00 a.m. |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /fn Attorney for Plaintiff, Mattel, Inc. | January 13, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

If action is pending in district other than district of issuance, state District under case number

Exhibit 29
Page 246

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 1/13/2009 | Time: 2:22 PM at Delaware Corporations, LLC, 800 Delaware Avenue, 10th Floor, Wilmington, DE-19801 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Vision Capital, LLC | Accepted by Susan Yeatman, Managing Agent |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     1/14/2009

         DATE

SIGNATURE OF SERVER

2000 Pennsylvania Ave. # 207

ADDRESS OF SERVER

Wilmington, DE 19806

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Exhibit 29
Page 247

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

4.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, since January 1, 2007.

5.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital, LLC and (b) the dates of such person's affiliation with Vision Capital, LLC.

6.      All documents referring or relating to the formation and governance of Vision Capital, LLC.

7.      All documents detailing or setting forth the relationship between Vision Capital, LLC and OmniNet Capital, LLC, if any.

8.      All documents detailing or setting forth the relationship between Vision Capital, LLC and Omni 808 Investors, LLC, if any.

9.      All documents detailing or setting forth the relationship between Vision Capital, LLC and Lexington Financial, LLC, if any.

10.      All documents detailing or setting forth the relationship between Vision Capital, LLC and MGA Entertainment, Inc., if any.

1

Exhibit 29
Page 248

11.     All documents detailing or setting forth the relationship between Vision Capital, LLC and Isaac Larian or his family members, if any.

12.     All documents referring or relating to the source of funding or credit for Lexington Financial, LLC.

13.     All documents referring or relating to the source of funding or credit for Omni 808 Investors, LLC.

14.     All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

15.     All documents referring or relating to all contributions, loans and any sources of funding for Vision Capital, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

16.     All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial, LLC or any subsidiary or affiliate of the foregoing, or to Isaac Larian or his family members.

17.     All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

18.     Any and all records that substantiate transfers of assets by Vision Capital, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

19.     All communications referring or relating to Omni 808 Investors, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

20.     All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein.

2

Exhibit 29
Page 249

# EXHIBIT 1

**Exhibit 29**
**Page 250**

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
FRED MASHIAN
3102747001

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230630002
FILING NUMBER: 08-7170410109
FILING DATE: 08/29/2008 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| **1a. ORGANIZATION'S NAME** VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |
| OR **1b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | | SUFFIX |
| **1c. MAILING ADDRESS** 1525 SOUTH BROADWAY | CITY LOS ANGELES | STATE CA | POSTAL CODE 90015 | COUNTRY USA |
| **1d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **1e. TYPE OF ORGANIZATION** LLC | **1f. JURISDICTION OF ORGANIZATION** DE | **1g. ORGANIZATIONAL ID#, if any** 4589296 ☐NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | | |
| OR **2b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | | SUFFIX |
| **2c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | COUNTRY |
| **2d. SEE INSTRUCTIONS** | ADD'L DEBTOR INFO | **2e. TYPE OF ORGANIZATION** | **2f. JURISDICTION OF ORGANIZATION** | **2g. ORGANIZATIONAL ID#, if any** ☐NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| | | | | |
|---|---|---|---|---|
| **3a. ORGANIZATION'S NAME** LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |
| OR **3b. INDIVIDUAL'S LAST NAME** | FIRST NAME | MIDDLE NAME | | SUFFIX |
| **3c. MAILING ADDRESS** 33-35 DAWS LANE | CITY LONDON | STATE | POSTAL CODE NW7 4SD | COUNTRY UKK |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200822610026.

| | |
|---|---|
| **5. ALT DESIGNATION:** [ ] LESSEE/LESSOR [ ] CONSIGNEE/CONSIGNOR [ ] BAILEE/BAILOR [ ] SELLER/BUYER [ ] AG. LIEN [ ] NON-UCC FILING | |
| **6.** This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | **7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]** [optional] [ ] All Debtors [ ]Debtor 1 [ ]Debtor 2 |
| **8. OPTIONAL FILER REFERENCE DATA** | |

FILING OFFICE COPY

Exhibit 29
Page 251

Exhibit 30

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:   (213) 443-3000
6  Facsimile:    (213) 443-3100

7  Attorneys for Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

12                Plaintiff,               Consolidated with
                                           Case No.    CV 04-09059
13       vs.                               Case No.    CV 05-2727

14  MATTEL, INC., a Delaware              **NOTICE OF LODGING
    corporation,                          EXPEDITED DISCOVERY
15                                         REQUESTED IN CONNECTION
                 Defendant.                WITH MATTEL, INC.'S *EX PARTE*
16                                         APPLICATION FOR RECEIVER**

17  AND CONSOLIDATED ACTIONS             Hearing Date:   January 5, 2009
                                          Time:           10:00 a.m.
18                                        Place:          Courtroom 1

19                                        **Phase 1C**

20

21

22

23

24

25

26

27

28

07209/2744411.1

1    TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

2  RECORD, PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") hereby lodges

3  with the Court a list identifying the expedited discovery that Mattel, Inc. requests

4  (Exhibit A) for the Court's consideration in connection with Mattel's Ex Parte

5  Application for a Receiver

6  DATED:  January 4, 2009                QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP
7

8                                         By   /s/ Jon Corey
9                                             Jon Corey
                                             Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2744411.1

-2-

## Exhibit A

1. All monthly, quarterly and annual financial statements of MGA and any subsidiary of MGA covering any period during 2007, 2008 or 2009, audited and unaudited, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

2. All agreements with any lenders to MGA or any subsidiary of MGA, currently in effect, dated or entered into in 2007, 2008 or 2009, including loan agreements, financing agreements, lines of credit, promissory notes, etc., and any amendments or modifications thereto, and any notices of default and correspondence related to any such agreements.

3. All documents reflecting or constituting orders for Bratz products for Fall 2009.

4. All monthly communications with retailers and other prospective purchasers of Bratz products concerning orders or potential orders for Bratz products for Fall 2009.

5. All documents reflecting or confirming cancellation of orders for Bratz products for Fall 2009.

6. All documents reflecting, relating or referring to any transfers of any value, by MGA or any subsidiary of MGA to, or for the benefit of, Isaac Larian, any member of Isaac Larian's family or any entity controlled by any member of Isaac Larian's family, since January 1, 2008.

7. All records of capital contributions to MGA or to any subsidiary of MGA since January 1, 2008.

8. All documents showing MGA's projected revenue, costs, profits or financial performance for any period in 2009.

1        9.    All documents related to any transaction between (i) MGA, and (ii)

2  Isaac Larian, any Isaac Larian family member or any entity controlled by Isaac

3  Larian, since January 1, 2008.

4        10.   All documents relating to any transfer, by MGA or any subsidiary of

5  MGA, of Bratz products having a value greater than $50,000 other than to retailers

6  or distributors in the ordinary course of business since, January 1, 2008.

7        11.   All documents relating to transactions between MGA and IGWT

8  Group, LLC.

9        12.   All documents showing the disposition of and revenue generated by

10  IGWT Group, LLC's sales of Bratz products.

11        13.   All agreements and written communications between MGA and

12  Wachovia since June 1, 2008.

13        14.   All documents relating to transactions between MGA and Omni 808

14  Investors, LLC.

15        15.   Deposition of Isaac Larian.

16        16.   Deposition of Brian Wing.

17

18

19

20

21

22

23

24

25

26

27

28