Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
JENNIFER A. LOPEZ (SBN 232320)
jennifer.lopez@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA  92626-1924
Telephone:  714.830.0600
Facsimile:  714.830.0700

Attorneys for Non-parties
OMNI 808 INVESTORS, LLC, VISION
CAPITAL, LLC AND OMNINET CAPITAL,
LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>**NON-PARTIES OMNI 808 INVESTORS, LLC'S, VISION CAPITAL, LLC'S, AND OMNINET CAPITAL, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD-PARTY SUBPOENAS**<br><br>Judge:  Hon. Stephen G. Larson |
| AND CONSOLIDATED ACTIONS. | |

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................1

II.  STATEMENT OF FACTS ....................................................................3

    A.   Mattel Served The Subject Non-Party Subpoenas In Violation Of The Court's January 7, 2009 Order.................................................3

    B.   Mattel Failed And Refused To Meet And Confer In Good Faith........3

III. MATTEL'S MOTION SHOULD BE DENIED BECAUSE IT IS PROCEDURALLY DEFECTIVE ........................................................6

    A.   Mattel Violated Local Rules, the Court's Standing Order and Its Own Stipulation by Failing to Sufficiently Meet and Confer in Good Faith ..........................................................................................7

        1.   Mattel's Failure to Meet and Confer Violated the Local Rules and the Court's Standing Order ...................................7

        2.   Mattel's Failure to Meet and Confer Violated Its Own December 2006 Stipulation.........................................................8

    B.   Mattel's Motion Exceeds The Maximum Page Limitation Mandated By The Local Rules And This Court's Standing Order..................................................................................................9

    C.   Mattel Violated Other Local Rules As Well ......................................9

IV.  MATTEL'S MOTION SHOULD BE DENIED BECAUSE IT IS SUBSTANTIVELY MERITLESS..................................................10

V.   CONCLUSION..................................................................................13

# TABLE OF AUTHORITIES

Page

Cases

American Standard Inc. v. Pfizer Inc.
   828 F.2d 734 (Fed. Cir. 1987) ...........................................................11

Beinin v. Center for Study of Popular Culture
   2007 WL 832962, *5 (N.D. Cal. 2007) ...............................................11

Compaq Computer Corp. v. Packard Bell Electronics, Inc.
   163 F.R.D. 329 (N.D. Cal. 1995) ...................................................11, 12

Concord Boat Corp. v. Brunswick Corp.
   169 F.R.D. 44 (S.D.N.Y. 1996) ..........................................................11

Exxon Shipping Co. v. U.S. Dept of Interior
   34 F.3d 774, 779 (9th Cir. 1994) ........................................................10

In re Biovail Corporation Securities
   247 F.R.D. 72 (S.D.N.Y. 2007) ..........................................................11

Katz v. Batvia Marine and Sporting Supplies, Inc.
   984 F.2d 422 (Fed. Cir. 1993) ............................................................11

Moon v. SCP Pool Corp.
   232 F.R.D. 633 (C.D. Cal. 2005) ........................................................11

Oppenheimer Fund, Inc. v. Sanders
   437 U.S. 340, 351 (1978) ...................................................................10

Schaaf v. SmithKline Beecham Corp.
   233 F.R.D. 451 (E.D.N.C. 2005) ........................................................11

Solarex v. Arco Solar, Inc.
   870 F.2d 642 (Fed. Cir. 1989) ............................................................11

Williams v. City of Dallas
   178 F.R.D. 103 (N.D. Tex. 1998) .......................................................11

Statutes

Fed. R. Civ. Proc. 26 ..................................................................................10

Other Authorities

Standing Or. at 4:12-14 ................................................................................9

Standing Or. at 4:21-22 ...........................................................................8, 10

-ii-

A/72840784.2

# TABLE OF AUTHORITIES
(continued)

Page

Rules

Local Rule 11-6.................................................................................................9

Local Rule 37-1.................................................................................................7

Local Rule 37-2.................................................................................................9

Local Rule 37-2.2.............................................................................................10

Local Rule 37-4.............................................................................................10

A/72840784.2

## I.     INTRODUCTION

Mattel Inc.'s motion to compel is premature, procedurally defective, and fails on its merits.  Non-parties Omni 808 Investors, LLC ("Omni"), Vision Capital, LLC ("Vision Capital") and Omninet Capital, LLC ("Omninet") (collectively, the "Non-party Entities") have filed an *ex parte* application to strike Mattel's defective motion or, in the alternative, to set a briefing schedule to address issues raised by Mattel's motion in the event that MGA Entertainment Inc.'s ("MGA") motion to quash the third party subpoenas is denied and third party discovery is deemed appropriate for this phase.  The Court/Discovery Master has not yet ruled on the Non-party Entities' *ex parte* application.  Because Mattel contends that any opposition to its motion to compel is due February 10 (and refused to grant the Non-party Entities the modest 5-day extension its counsel requested), the Non-party Entities hereby respond to Mattel's motion without waiving, and expressly reserving, all arguments raised in their *ex parte* application.

The Non-party Entities understand that on December 29, 2008, Mattel filed an *ex parte* application for the appointment of a receiver for MGA and requested leave to conduct discovery into MGA's financial dealings with, *inter alia*, the Non-party Entities.  During the hearing held on January 5, 2009, the Court did not grant Mattel leave to open such discovery and indicated that was the wrong approach.  Rather, on January 7, the Court issued its written Order appointing a forensic auditor and deferring Mattel's request for leave to take discovery until after the auditor completed his investigation.

On or after January 9, 2009, in contravention of the Court's stated plans at the hearing held on January 5 and its Order of January 7, 2009, Mattel issued sweeping subpoenas, *inter alia*, to the Non-party Entities broadly seeking the production of **ALL** of their business records including, without limitation, all documents relating to their formation, governance, members, finances, business relationships and transactions -- including highly-sensitive information that in no

-1-

1  way related to the parties or issues in this litigation.  Counsel for the Non-party

2  Entities attempted, in good faith, to discuss the myriad issues surrounding Mattel's

3  third party subpoenas in a vacuum.  At the time the Non-party Entities were

4  purportedly served with Mattel's third party subpoenas, each was unaware of the

5  background of this litigation and Mattel's true intent in serving the subpoenas as an

6  end run around this Court's January 7 Order.  Only now do the Non-party Entities

7  understand the context and background of this litigation, which explains why the

8  meet and confer process never had a chance to succeed and why Mattel's motion to

9  compel was so abruptly filed.

10      As explained in detail below, Mattel failed to meet and confer in good faith

11  with respect to the Omni and Vision Capital subpoenas, and failed to meet and

12  confer *at all* with respect to the Omninet subpoena.  Mattel refused to narrow the

13  scope of their overly broad subpoenas, refused to delay the motion to compel until

14  after the forensic auditor concludes his investigation (which may negate the

15  subpoenas entirely), and refused to give the Non-party Entities a brief extension of

16  time until after the Court decides MGA's motion to quash.  Resolution of MGA's

17  motion to quash bears directly on whether Mattel is entitled to the intrusive and

18  burdensome documents it has subpoenaed.  Instead, Mattel abruptly filed its

19  motion to compel in violation of numerous Central District Local Rules, this

20  Court's Standing Order, this Court's Order of January 7, 2009, and the December

21  2006 Stipulation for Appointment of a Discovery Master apparently entered into

22  by Mattel and MGA in this action.

23      Mattel's motion is premature, procedurally defective, and fails on its merits.

24  Mattel's hostile and unprofessional approach concerning these overly broad and

25  unduly burdensome non-party subpoenas is inexcusable.

26      Accordingly, the Non-party Entities respectfully request that Mattel's

27  motion to compel be denied in its entirety.

28

A/72840784.2/3009108-0000337036

## II.   STATEMENT OF FACTS

### A.   Mattel Served The Subject Non-Party Subpoenas In Violation Of The Court's January 7, 2009 Order

On December 29, 2008 Mattel filed an *ex parte* application for the appointment of a receiver for MGA and requested leave to conduct discovery into MGA's financial dealings with, *inter alia*, the Non-party Entities.  During the hearing held on January 5, 2009, the Court did not grant Mattel leave to open such discovery, indicating that to open discovery on this issue was not the correct course of action. (Hr'g Tr. 20:5-6.)  The Court also indicated that before any information would be provided to Mattel, there would have to be a certain threshold to satisfy the Court that further examination was warranted. (*Id.*, at 14:1-2.)  On January 7, 2009, the Court issued its written Order appointing a forensic auditor and deferring Mattel's request for leave to take discovery.

Barred by the Court from obtaining the information it sought directly from MGA, on January 9, 2009, Mattel issued subpoenas to the Non-party Entities as an apparent end-run around the Court's Order.  Mattel's subpoenas requested that the Non-party Entities produce all of their business records including, without limitation, all documents relating to their formation, governance, members, finances, business relationships and transactions, which necessarily include highly-sensitive and confidential information that in no way relates to the parties or issues in this litigation. (*See* Decl. of Jon D. Corey in Support of Mattel's Motion to Compel, Exs. 54-56.)  Mattel's subpoenas, therefore, seek to discover the *same* information from the Non-party Entities that the Court determined could not be obtained from MGA.

### B.   Mattel Failed And Refused To Meet And Confer In Good Faith

Omni and Vision Capital served objections to the subpoenas on January 28, 2009. (*See* Decl. of Peter N. Villar in Opposition to Mattel's Motion to Compel, "Villar Decl.", Exs. 1-2.)  On Friday, January 30, counsel for the Non-party

-3-

1   Entities told counsel for Mattel that the document requests in the subpoena were

2   overly broad, but that if the Court decided that third party discovery was

3   appropriate (after considering MGA's motion to quash), Omni would produce

4   documents reflecting the subject transaction whereby Omni acquired certain MGA

5   debt obligations from Wachovia.[1]

6          Counsel for the Non-party Entities told Mattel's counsel that the production

7   of the Omni-Wachovia transaction documents would likely alleviate Mattel's

8   concerns that there was anything untoward about circumstances surrounding

9   Omni's security interest in MGA's assets.  Throughout this entire discussion,

10  Mattel's counsel never mentioned the Court's January 7, 2009 Order staying

11  discovery.  Mattel's counsel also never expressed any urgency in obtaining these

12  documents, or any intention to file a Motion to Compel.  (Decl. of Todd E.

13  Gordinier in Support of Ex Parte Application to Strike Mattel's Motion to Compel,

14  "Gordinier Decl.", ¶¶ 2-4.)

15         The next business day, February 2, 2009, counsel for the Non-party Entities

16  contacted Mattel's counsel again by telephone to continue discussions regarding

17  the subpoenas.  With respect to the subpoenas to Omni 808 and Vision Capital,

18  counsel for the Non-party Entities reiterated that they are willing to produce

19  documents reflecting the funding from Wachovia to MGA and the assignment of

20  MGA's debt obligation from Wachovia to Omni.  The Non-party Entities' counsel

21  also reiterated to Mattel's counsel that the production of these documents may

22

23  [1] On or about September 3, 2008, Omni and Wachovia entered into a written
24  Master Assignment and Exchange Agreement whereby Omni acquired all right,
    title and interest in the debt obligations under the Senior Bank Credit Facility,
25  other than the $21,944,769 exchanged for the unsecured promissory notes issued
    by MGA to Wachovia Bank, National Association and the other original lenders.
26  As a result of the agreement, Omni stepped into and presently stands, as successor-
    in-interest, in the position of Wachovia under the Senior Bank Credit Facility and
27  has a senior perfected security interest in MGA's assets, including, *inter alia*,
    MGA's inventory and accounts receivable.

28

-4-

1    satisfy Mattel's alleged concerns regarding the nature and source of MGA's

2    funding, and therefore obviate any potential motion to compel. Counsel for the

3    Non-party Entities also told Mattel's counsel that if Mattel could articulate any

4    relevance of the other broad categories of documents in the subpoenas unrelated to

5    MGA (i.e., documents regarding the Non-party Entities' formation, governance,

6    members, finances, business relationships and transactions), they would be more

7    than willing to discuss producing additional documents. Mattel's counsel did not

8    provide any such information. (Gordinier Decl., ¶ 5.)

9         With respect to the Omninet Capital subpoena, counsel for the Non-party

10   Entities specifically told Mattel's counsel that they had not yet had an opportunity

11   to review it or discuss it with Omninet because they had just received a copy of the

12   subpoena from Mattel's counsel earlier that same afternoon (February 2). There is

13   a question as to whether and when the subpoena was properly served on Omninet.

14   (*See* Villar Decl., Ex. 3.) Because they had never even seen the Omninet

15   subpoena, they could not, and did not, even begin the meet and confer process

16   concerning the Omninet subpoena. Omninet served its objections to the subpoena

17   on February 2. (Villar Decl., Ex. 3; Gordinier Decl., ¶ 6.)

18        At the end of the February 2 telephone conversation, counsel for the Non-

19   party Entities again proposed that they produce the subject loan documents (after

20   the Motion to Quash is decided) and that if the production of those documents did

21   not satisfy Mattel's concerns that they would continue their efforts to reach a

22   compromise before seeking court intervention. Mattel's counsel said that they

23   would discuss the proposal with Mattel and get back to counsel for the Non-party

24   Entities.

25        Rather than meeting and conferring in good faith regarding the Omni and

26   Vision Capital subpoenas, and without meeting and conferring *at all* regarding the

27   Omninet subpoena, Mattel abruptly filed its motion to compel *the next day*

28   (February 3) -- which given its sheer size was no doubt prepared well in advance of

-5-

1    our January 30 and February 2 conversations with the Non-party Entities.  As

2    explained herein, Mattel filed its motion to compel in violation not only of

3    numerous applicable Local Rules, but also this Court's Standing Order, this

4    Court's Order of January 7, 2009, and the Stipulation for the Appointment of a

5    Discovery Master supposedly entered into by Mattel and MGA in December 2006.

6    (Gordinier Decl., ¶ 8.)

7         On February 3, MGA filed its motion to quash the third party supoenas

8    issues by Mattel, the same subpoenas that Mattel served on the Non-party Entities

9    on the grounds, *inter alia*, that the subpoenas violate the Court's January 7, 2009

10   Order.  Resolution of MGA's Motion to Quash bears directly on whether Mattel is

11   entitled to the intrusive and burdensome documents it has subpoenaed.  (Gordinier

12   Decl., ¶ 9.)

13        Given these circumstances, on February 6, 2009, counsel for the Non-party

14   Entities requested a modest five (5) court day extension to respond to the motion to

15   compel.  Mattel's counsel rejected the request outright.  (Gordinier Decl., ¶ 10.)

16   Accordingly, on February 9, 2009, the Non-party Entities sought *ex parte* relief to

17   strike Mattel's motion to compel.

18

19   **III.   MATTEL'S MOTION SHOULD BE DENIED BECAUSE IT IS**

20        **PROCEDURALLY DEFECTIVE**

21        Discovery disputes are governed by the Federal Rules of Civil Procedure,

22   the Central District's Local Rules, including without limitation Local Rules 6-1,

23   11-6, 37-1 and 37-2, and this Court's Standing Order.  Mattel's Motion to Compel

24   violates numerous Local Rules and the Court's Standing Order.  Mattel apparently

25   contends that the Stipulation entered into between Mattel and MGA governs

26   discovery disputes in this action including with non-parties.  Omni disagrees that

27   the Stipulation binds non-parties, but whether it does or not, it does not negate

28   certain Local Rules or this Court's Standing Order and Mattel failed to comply

-6-

1    with its own Stipulation as well.  Therefore, the Court should deny Mattel's motion

2    to compel.

3           **A.**     **Mattel Violated Local Rules, the Court's Standing Order**

4                    **and Its Own Stipulation by Failing to Sufficiently Meet and**

5                    **Confer in Good Faith**

6                **1.**    Mattel's Failure to Meet and Confer Violated the

7                      Local Rules and the Court's Standing Order

8    Mattel failed to comply with the Local Rules' pre-filing meet and confer

9    requirements prior to filing its motion to compel.  Local Rule 37-1 requires,

10   "[p]rior to filing any motion relating to discovery . . . counsel for the parties shall

11   confer in a good faith effort to eliminate the necessity for hearing the motion. . . ."

12   Local Rule 37-1 also requires an "in person" conference between counsel.  Finally,

13   as part of the pre-filing meet and confer process, Local Rule 37-1 requires Mattel

14   to serve a letter "requesting such conference" upon counsel for the Non-party

15   Entities, in which Mattel is required to "identify each issue and/or discovery

16   request in dispute . . . state briefly with respect to each such issue/request the

17   moving party's position (and provide any legal authority which the moving party

18   believes is dispositive of the dispute as to that issue/request) and specify the terms

19   of the discovery order to be sought."  Mattel satisfied none of these requirements.

20   Mattel's counsel did not meet and confer in good faith.  In fact, as explained

21   above, Mattel's counsel made almost no effort to resolve the issues concerning the

22   motion to compel.  Mattel's counsel and the Non-party Entities' counsel had two

23   brief telephone conversations on January 30 and February 2, during which Mattel

24   made no concessions and offered no compromises.  At the end of the February 2

25   telephone conversation, counsel for the Non-party Entities made a reasonable

26   proposal to try to resolve the issues.  However, rather than meeting and conferring

27   in good faith regarding the Omni and Vision Capital subpoenas, and without

28

-7-

1   meeting and conferring *at all* regarding the Omninet subpoena, Mattel abruptly

2   filed its motion to compel *the next day*.

3        There can be little dispute that Mattel failed to comply with the requirements

4   of Local Rule 37-1 including, *inter alia*, its failure to meet and confer in good

5   faith, its failure to arrange or participate in an in-person meeting with counsel for

6   the Non-party Entities, and its failure to identify, in writing, each discovery request

7   in dispute, its position with respect to each disputed request, and its legal authority

8   supporting its position.

9        The Court's Standing Order states that filings that fail to comply with the

10   Local Rules will not be considered. (*See* Standing Or. at 4:21-22). Accordingly,

11   because Mattel failed to comply with Local Rule 37-1, its motion to compel is

12   procedurally defective and should be denied.

13             2.   Mattel's Failure to Meet and Confer Violated Its

14                 Own December 2006 Stipulation

15        Mattel apparently takes the position the Non-party Entities are bound by the

16   Stipulation entered into by the parties to this action. The Non-party Entities

17   dispute that they are bound by any agreement reached by the parties to this action

18   -- and also dispute that the parties to this action have the authority to unilaterally

19   waive the rights and protections afforded to the Non-party Entities under the

20   Federal Rules of Civil Procedure, Central District local rules and the Court's

21   Standing Order.

22        Nevertheless, even to the extent the parties' Stipulation governs the Non-

23   Party entities, Mattel failed to comply with its own Stipulation. Specifically, the

24   parties' Stipulation requires Mattel to identify, in writing, each dispute, state the

25   relief sought and identify the authority supporting its requested relief. Mattel sent

26   no such written correspondence. The Stipulation also requires Mattel to "**conduct**

27   **an in-person conference to attempt to resolve the dispute.**" No such in-person

28   meeting occurred. Therefore, there is no basis upon which Mattel can excuse its

-8-

1   pre-filing violations of the Local Rules, the Court's Standing Order and its own

2   Stipulation.

3       **B.      Mattel's Motion Exceeds The Maximum Page Limitation**

4                **Mandated By The Local Rules And This Court's Standing**

5                **Order**

6           There is no dispute, nor is there a possibility of dispute, that Mattel's

7   memorandum of points and authorities filed in support of its Motion to Compel

8   exceeds the maximum page limit permitted by the Local Rules and the Court's

9   Standing Order. Local Rule 11-6 states, "[n]o memorandum of points and

10  authorities . . . shall exceed 25 pages in length . . . unless permitted by order of the

11  Judge." The Court's Standing Order, paragraph 4(b) reiterates the Local Rule:

12  "**Memoranda of Points and Authorities in support or in opposition to motions**

13  **shall not exceed 25 pages.**" (Standing Or. at 4:12-14) (emphasis in the original).

14  Mattel filed a memorandum of points and authorities in support of its Motion to

15  Compel that is **30 pages long**; exceeding the Court's maximum page limit by 5

16  pages. There is no record that Mattel sought leave of the Court to extend the page

17  limitations nor is there a record that the Court granted Mattel an extension.

18          Mattel's filing, therefore, impermissibly violates Local Rule 11-6 and the

19  Court's Standing Order. The Court made clear the consequence for violating the

20  Local Rules and its Order: "[f]ilings that **do not conform with the Local Rules**

21  **and this Order will not be considered**." (*Id.*, at 4:21-22)(emphasis added.)

22      **C.     Mattel Violated Other Local Rules As Well**

23          Mattel violated Local Rule 37-2 by failing to file a joint stipulation of the

24  parties' unresolved discovery disputes. Local Rule 37-2 states, "[if] counsel are

25  unable to settle their differences, they shall formulate a written stipulation. The

26  stipulation shall be filed and served with the notice of motion." Mattel neither

27  filed, nor even attempted to file, the requisite stipulation. In essence, Mattel made

28  no effort to comply with Local Rule 37-2 prior to filing its Motion to Compel.

1  Furthermore, Local Rule 37-2.2 states, "[f]ollowing the conference of

2  counsel," which of course never occurred, "counsel for the moving party shall

3  personally deliver, email or fax to counsel for the opposing party the moving

4  party's portion of the stipulation, together with all declarations and exhibits to be

5  offered in support of the moving party's position." This too never occurred.

6  Local Rule 37-4 permits sanctions against Mattel for failing to comply with

7  Local Rules 37-2 and 37-2.2. Similarly, the Court's Standing Order states that

8  filings that fail to comply with the Local Rules will not be considered. (See

9  Standing Or. at 4:21-22). Accordingly, because Mattel failed to comply with Local

10  Rules 37-2 and 37-2.2, its Motion to Compel is procedurally defective and should

11  be denied.

12

13  **IV.   MATTEL'S MOTION SHOULD BE DENIED BECAUSE IT IS**

14      **SUBSTANTIVELY MERITLESS**

15  In addition to that fact that Mattel filed its motion to compel prematurely in

16  violation of the Court's January 7, 2009 Order and failed to comply with its

17  obligations under the Local Rules, the Court's Standing Order and its own

18  Stipulation, the subpoenas to the Non-party Entities are impermissibly overbroad

19  and unduly burdensome. Although discovery rules are generally liberally

20  construed, they have "ultimate and necessary boundaries." *Oppenheimer Fund,*

21  *Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

22  The Federal Rules of Civil Procedure limit discovery if the burden of the

23  proposed discovery outweighs its likely benefit. *See generally*, Fed. R. Civ. Proc.

24  26. Courts have interpreted these rules to afford ***non-parties, like the Non-party***

25  ***Entities,*** special heightened protection against burdensome discovery. *See, e.g.,*

26  *Exxon Shipping Co. v. U.S. Dept of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). The

27  fact that discovery is sought from a non-party is one factor that the Court may

28  weigh in determining whether the discovery requested is necessary, relevant, or

-10-

1   burdensome.  *See Katz v. Batvia Marine and Sporting Supplies, Inc.*, 984 F.2d 422,

2   424 (Fed. Cir. 1993); *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 738

3   (Fed. Cir. 1987).  The status of a non-party is significant when determining

4   whether compliance with a discovery demand would constitute an undue burden.

5   *Solarex v. Arco Solar, Inc.*, 870 F.2d 642, 644 (Fed. Cir. 1989).

6        Whether a subpoena imposes an undue burden "is a specific inquiry that

7   turns on the facts of each case." *Beinin v. Center for Study of Popular Culture*,

8   2007 WL 832962, *5 (N.D. Cal. 2007); *Williams v. City of Dallas*, 178 F.R.D. 103,

9   109 (N.D. Tex. 1998).  An "evaluation of undue burden requires the court to weigh

10  the burden to the subpoenaed party against the value of the information to the

11  serving party." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

12  Therefore, the relevance of the subpoenaed information is important to whether a

13  subpoena imposes an undue burden.  *Compaq Computer Corp. v. Packard Bell*

14  *Electronics, Inc.*, 163 F.R.D. 329, 335 (N.D. Cal. 1995).  The "status of the person

15  as a nonparty is a factor that weighs against disclosure." *Beinin*, 2007 WL 832962,

16  at *5.

17       Specifically, whether a documents subpoena imposes an undue burden

18  "depends upon such factors as relevance, the need of the party for the documents,

19  the breadth of the document request, the time period covered by it, the particularity

20  with which the documents are described and the burden imposed." *Concord Boat*

21  *Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996); *Schaaf v.*

22  *SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005).  A subpoena

23  that is facially overbroad imposes an undue burden.  *Williams*, 178 F.R.D. at 109;

24  *In re Biovail Corporation Securities*, 247 F.R.D. 72, 75 (S.D.N.Y. 2007).

25  Requests for documents that pertain to a party and that can be more easily and

26  inexpensively obtained from that party also impose an undue burden.  *Moon*, 232

27  F.R.D. at 638.  Further, if the documents sought are neither relevant nor calculated

28  to lead to the discovery of admissible evidence, "then any burden whatsoever

-11-

1   imposed upon the non-party would be by definition undue." *Compaq Computer*
2   *Corp.*, 163 F.R.D. at 335-36.

3       Here, because the Non-party Entities are not parties to the existing litigation,
4   they are entitled to this special heightened protection.  Mattel's requests are so
5   overbroad, unduly burdensome, oppressive and harassing as to require the Non-
6   party Entities to produce **virtually every document in their possession** including
7   all documents relating to their formation, governance, members, finances, business
8   relationships and transactions involving themselves and other non-parties.
9   Mattel's requests include without limitation:

10      • All documents referring or relating to the "formation and governance"
11         of the Non-party Entities;
12      • All records that "substantiate transfers of assets" by the Non-party
13         Entities "to other entities, individuals, and/or parties, within the U.S.
14         and outside of the U.S.";
15      • All documents sufficient to identify "each member, managing
16         member, holder of any ownership interest in, shareholder, officer and
17         director" of the Non-party Entities and the "dates of each such
18         person's affiliation" with the Non-party Entities;
19      • All documents "detailing or setting forth the relationship" between
20         and among the Non-party Entities;
21      • All documents "detailing or setting forth the relationship" between
22         each of the Non-party Entities and other non-parties;
23      • All documents referring or relating to the "all contributions, loans and
24         any sources of funding" for the Non-party Entities;
25      • All documents referring or relating to the "source of funding" of other
26         non-parties;
27      • All documents showing detail of "all loan facilities" referring or
28         relating to the Non-party Entities and other non-parties;

-12-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- All documents referring or relating to "transactions involving any compensation, loans, advances, payments, fees or any other form of consideration" paid to other non-parties;
- All "communications" referring or relating to the Non-party Entities and other non-parties.

(*See* Corey Decl., Exs. 54-56.)

Despite counsel for the Non-party Entities repeated requests and the requirements under the Local Rules and the Court's Standing Order, Mattel has failed to articulate the relevance of any of these categories of documents, and any purported relevance is outweighed by the sensitive nature of the documents and the burden of locating and producing such documents by the Non-party Entities. Mattel also has failed and refused to narrow the scope of the requests in any manner.  Therefore, Mattel's motion to compel fails on its merits.

## V.    CONCLUSION

For the foregoing reasons, the Non-party Entities respectfully request that Mattel's motion to compel be denied in its entirety.

DATED:  February 10, 2009          Bingham McCutchen LLP


By: _____
    Todd E. Gordinier
    Attorneys for Non-parties
    Omni 808 Investors, LLC, Vision
    Capital, LLC and Omninet Capital, LLC

-13-