**EXHIBIT 1**

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
PETER N. VILLAR (SBN 204038)
JENNIFER A. LOPEZ (SBN 232320)
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com
       jennifer.lopez@bingham.com

Attorneys for Non-party
OMNI 808 INVESTORS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>**NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**<br><br>Judge:  Hon. Stephen G. Larson |

Pursuant to Federal Rule of Civil Procedure 45, non-party OMNI 808 INVESTORS, LLC ("Omni") hereby responds to the Subpoena for the production of documents (hereafter, "the Subpoena") served in this action by defendant Mattel, Inc., as follows:

## PRELIMINARY STATEMENT

These responses are based solely on the facts, information and documents presently known and available to Omni. Omni's search for and review of potentially responsive documents is ongoing and may disclose the existence of additional facts, information or documents, or possibly lead to additions or changes to these responses. Omni reserves the right to revise or supplement these responses if and when additional facts, information or documents are discovered.

The inadvertent production of proprietary, confidential, highly confidential, or privileged documents or information by Omni does not and shall not constitute waiver of any applicable privilege, rights under any protective order or trade secret, nor should production of any document or information be construed to waive any objection to the admission of such documents or information in evidence, including without limitation that of relevancy.

## GENERAL OBJECTIONS

1. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are protected by any applicable privilege, doctrine or immunity, including without limitation, the attorney-client privilege and the attorney work product doctrine.

2. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the Subpoena was not properly issued or served, or otherwise fails to comply with the Federal Rules of Civil Procedure.

A/72816085.3/3009108-0000335082                    - 1 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS          Exhibit ___1___
                                                  Page ___3___

3. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents which contain private, confidential or proprietary information of Omni or its clients or employees, or where disclosure would invade the privacy rights of Omni or its clients or employees.

4. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are not relevant to the parties' claims or defenses asserted in the action.

5. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the burden, expense or intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

6. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party Omni that are equally or more readily available and attainable from parties to the action.

7. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

8. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive or harassing.

9. Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject the responding party to undue burden and expense.

10.     Omni objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it requires the production of documents that are subject to a confidentiality or nondisclosure agreement.

11.     Omni objects to the Subpoena, and each document request contained therein, on the ground that the place, date and time for compliance is not reasonable or sufficient given the scope of the requests.

12.     Omni objects to the production of any documents under the Subpoena unless and until there is an acceptable protective order issued by the Court.

In addition to these general objections which are incorporated into each and every response herein, Omni specifically responds to each individual document request as follows:

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 1:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is overly broad and unduly burdensome. Omni further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omni or other non-parties. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the

A/72816085.3/3009108-0000335082                    - 3 -

discovery of relevant evidence.

**REQUEST NO. 2:**

All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 2:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is overly broad and unduly burdensome. Omni further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omni, Wachovia or other non-parties. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 3:**

All documents containing financial information, including but not limited to historical and prospective performance, provided by MGA Entertainment, Inc. to Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, since January 1, 2007.

**RESPONSE TO REQUEST NO. 3:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it is overly broad and unduly burdensome. Omni further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary financial information. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery

outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 4:**

Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Omni 808 Investors, LLC and (b) the dates of such person's affiliation with Omni 808 Investors, LLC.

**RESPONSE TO REQUEST NO. 4:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 5:**

All documents referring or relating to the formation and governance of Omni 808 Investors, LLC.

**RESPONSE TO REQUEST NO. 5:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is

A/72816085.3/3009108-0000335082                       - 5 -

NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 1
Page 7

vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 6:**

All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

**RESPONSE TO REQUEST NO. 6:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 7:**

All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Vision Capital, LLC, if any.

**RESPONSE TO REQUEST NO. 7:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client

1  privilege and attorney work product doctrine. Omni further objects to the request
2  on the ground that it is vague, ambiguous and fails to identify the documents with
3  sufficient particularity.

4  **REQUEST NO. 8:**

5  All documents detailing or setting forth the relationship between Omni 808
6  Investors, LLC and Lexington Financial, LLC, if any.

7  **RESPONSE TO REQUEST NO. 8:**

8  In addition to the general objections set forth above, Omni objects to this
9  request on the ground that it seeks private, confidential and proprietary information
10 of Omni and other non-parties. Omni further objects to the request on the ground
11 that it is overly broad, unduly burdensome, oppressive and harassing. Omni
12 further objects to the request on the ground that the burden, expense and
13 intrusiveness of the discovery outweighs the likelihood that the documents sought
14 will lead to the discovery of relevant evidence. Omni further objects to the request
15 on the ground that it seeks documents that are protected by the attorney-client
16 privilege and attorney work product doctrine. Omni further objects to the request
17 on the ground that it is vague, ambiguous and fails to identify the documents with
18 sufficient particularity.

19 **REQUEST NO. 9:**

20 All documents detailing or setting forth the relationship between Omni 808
21 Investors, LLC and MGA Entertainment, Inc., if any.

22 **RESPONSE TO REQUEST NO. 9:**

23 In addition to the general objections set forth above, Omni objects to this
24 request on the ground that it seeks private, confidential and proprietary information
25 of Omni. Omni further objects to the request on the ground that it is overly broad,
26 unduly burdensome, oppressive and harassing. Omni further objects to the request
27 on the ground that the burden, expense and intrusiveness of the discovery
28 outweighs the likelihood that the documents sought will lead to the discovery of

relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 10:**

All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and Isaac Larian and his family members, if any.

**RESPONSE TO REQUEST NO. 10:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 11:**

All documents referring or relating to the source of funding for Lexington Financial, LLC.

**RESPONSE TO REQUEST NO. 11:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and

intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 12:**

All documents referring or relating to the source of funding for Vision Capital, LLC.

**RESPONSE TO REQUEST NO. 12:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 13:**

All documents referring or relating to all contributions, loans and any sources of funding for Omni 808 Investors, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

**RESPONSE TO REQUEST NO. 13:**

In addition to the general objections set forth above, Omni objects to this

A/72816085.3/3009108-0000335082                - 9 -
NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 1
Page 11

1  request on the ground that it seeks private, confidential and proprietary information
2  of Omni and other non-parties. Omni further objects to the request on the ground
3  that it is overly broad, unduly burdensome, oppressive and harassing. Omni
4  further objects to the request on the ground that the burden, expense and
5  intrusiveness of the discovery outweighs the likelihood that the documents sought
6  will lead to the discovery of relevant evidence. Omni further objects to the request
7  on the ground that it seeks documents that are protected by the attorney-client
8  privilege and attorney work product doctrine. Omni further objects to the request
9  on the ground that it is vague, ambiguous and fails to identify the documents with
10 sufficient particularity.

11 **REQUEST NO. 14:**

12 All documents showing detail of all loan facilities with an indication of
13 creditor and relevant terms.

14 **RESPONSE TO REQUEST NO. 14:**

15 In addition to the general objections set forth above, Omni objects to this
16 request on the ground that it is unintelligible. Omni further objects to the request
17 on the ground that it seeks private, confidential and proprietary information of
18 Omni and other non-parties. Omni further objects to the request on the ground that
19 it is overly broad, unduly burdensome, oppressive and harassing. Omni further
20 objects to the request on the ground that the burden, expense and intrusiveness of
21 the discovery outweighs the likelihood that the documents sought will lead to the
22 discovery of relevant evidence. Omni further objects to the request on the ground
23 that it seeks documents that are protected by the attorney-client privilege and
24 attorney work product doctrine. Omni further objects to the request on the ground
25 that it is vague, ambiguous and fails to identify the documents with sufficient
26 particularity.

**REQUEST NO. 15:**

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 Investors, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

**RESPONSE TO REQUEST NO. 15:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 16:**

Any and all records that substantiate transfers of assets by Omni 808 Investors, LLC to other entities, individuals and/or parties, within the U.S. and outside of the U.S.

**RESPONSE TO REQUEST NO. 16:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought

1  will lead to the discovery of relevant evidence. Omni further objects to the request
2  on the ground that it seeks documents that are protected by the attorney-client
3  privilege and attorney work product doctrine. Omni further objects to the request
4  on the ground that it is vague, ambiguous and fails to identify the documents with
5  sufficient particularity.

**REQUEST NO. 17:**

All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

**RESPONSE TO REQUEST NO. 17:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks private, confidential and proprietary information of Omni and other non-parties. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omni further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omni further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 18:**

All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

**RESPONSE TO REQUEST NO. 18:**

In addition to the general objections set forth above, Omni objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omni further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and

A/72816085.3/3009108-0000335082                  - 12 -
NON-PARTY OMNI 808 INVESTORS, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit  1
Page  14

1  harassing. Omni further objects to the request on the ground that it seeks
2  documents that contain private, confidential or proprietary information of Omni or
3  other non-parties. Omni further objects to the request on the ground that the
4  burden, expense and intrusiveness of the discovery outweighs the likelihood that
5  the documents sought will lead to the discovery of relevant evidence.

DATED: January 28, 2009                Bingham McCutchen LLP

                                       By: /s/ Todd E. Gordinier
                                       Todd E. Gordinier
                                       Attorneys for Non-party
                                       Omni 808 Investors, LLC

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **January 28, 2009**, I served the attached:

**NON-PARTY OMNI 808 INVESTORS, LLP'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☑ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☑ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

**PLEASE SEE ATTACHED SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **January 28, 2009**.

_/s/ Julie Valenzuela_
Julie Valenzuela

A/72816085.3/3009108-0000335082

Exhibit 1
Page 16

# SERVICE LIST

| | |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>Jon D. Corey, Esq.<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, CA 90017-2543<br>Tele. No. (213) 443-3000<br>Fax No. (213) 443-3100<br>Email joncorey@quinnemanuel.com | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP<br>Thomas Nolan, Esq.<br>300 S. Grand Ave., Ste. 3400<br>Los Angeles, CA 90071<br>Tele. No. (213) 687-5250<br>Fax No. (213) 621-5250<br>Email thomas.nolan@skadden.com |