# EXHIBIT 2

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
PETER N. VILLAR (SBN 204038)
JENNIFER A. LOPEZ (SBN 232320)
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com
        jennifer.lopez@bingham.com

Attorneys for Non-party
VISION CAPITAL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>**NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**<br><br>Judge:    Hon. Stephen G. Larson |

A/72823367.1

Pursuant to Federal Rule of Civil Procedure 45, non-party Vision Capital, LLC ("Vision Capital") hereby responds to the Subpoena for the production of documents (hereafter, "the Subpoena") served in this action by defendant Mattel, Inc., as follows:

## PRELIMINARY STATEMENT

These responses are based solely on the facts, information and documents presently known and available to Vision Capital. Vision Capital's search for and review of potentially responsive documents is ongoing and may disclose the existence of additional facts, information or documents, or possibly lead to additions or changes to these responses. Vision Capital reserves the right to revise or supplement these responses if and when additional facts, information or documents are discovered.

The inadvertent production of proprietary, confidential, highly confidential, or privileged documents or information by Vision Capital does not and shall not constitute waiver of any applicable privilege, rights under any protective order or trade secret, nor should production of any document or information be construed to waive any objection to the admission of such documents or information in evidence, including without limitation that of relevancy.

## GENERAL OBJECTIONS

1. Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are protected by any applicable privilege, doctrine or immunity, including without limitation, the attorney-client privilege and the attorney work product doctrine.

2. Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the Subpoena was not

A/72823367.1
- 1 -
NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 2
Page 19

1  properly issued or served, or otherwise fails to comply with the Federal Rules of
2  Civil Procedure.

3.  Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents which contain private, confidential or proprietary information of Vision Capital or its clients or employees, or where disclosure would invade the privacy rights of Vision Capital or its clients or employees.

4.  Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are not relevant to the parties' claims or defenses asserted in the action.

5.  Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the burden, expense or intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

6.  Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party Vision Capital that are equally or more readily available and attainable from parties to the action.

7.  Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

8.  Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive or harassing.

9.  Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject the responding party to undue burden and expense.

A/72823367.1

- 2 -

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit _____ 2
Page _____ 20

10.     Vision Capital objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it requires the production of documents that are subject to a confidentiality or nondisclosure agreement.

11.     Vision Capital objects to the Subpoena, and each document request contained therein, on the ground that the place, date and time for compliance is not reasonable or sufficient given the scope of the requests.

12.     Vision Capital objects to the production of any documents under the Subpoena unless and until there is an acceptable protective order issued by the Court.

In addition to these general objections which are incorporated into each and every response herein, Vision Capital specifically responds to each individual document request as follows:

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and Vision Capital, LLC or any subsidiary or affiliate of Vision Capital, LLC and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 1:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is overly broad and unduly burdensome. Vision Capital further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Vision Capital or other non-parties. Vision Capital further objects to the request

on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 2:**

All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 2:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 3:**

All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC, and Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC, and any

| | |
|---|---|
| 1 | amendments or modifications thereto, and any communications referring or |
| 2 | relating to any such agreements, contracts or transactions. |
| 3 | **RESPONSE TO REQUEST NO. 3:** |
| 4 | In addition to the general objections set forth above, Vision Capital objects |
| 5 | to this request on the ground that it seeks private, confidential and proprietary |
| 6 | information of Vision Capital. Vision Capital further objects to the request on the |
| 7 | ground that it is overly broad, unduly burdensome, oppressive and harassing. |
| 8 | Vision Capital further objects to the request on the ground that the burden, expense |
| 9 | and intrusiveness of the discovery outweighs the likelihood that the documents |
| 10 | sought will lead to the discovery of relevant evidence. Vision Capital further |
| 11 | objects to the request on the ground that it seeks documents that are protected by |
| 12 | the attorney-client privilege and attorney work product doctrine. Vision Capital |
| 13 | further objects to the request on the ground that it is vague, ambiguous and fails to |
| 14 | identify the documents with sufficient particularity. |
| 15 | **REQUEST NO. 4:** |
| 16 | All documents containing financial information, including but not limited to |
| 17 | historical and prospective performance, provided by MGA Entertainment, Inc. to |
| 18 | Vision Capital, LLC, or any subsidiary or affiliate of Vision Capital, LLC since |
| 19 | January 1, 2007. |
| 20 | **RESPONSE TO REQUEST NO. 4:** |
| 21 | In addition to the general objections set forth above, Vision Capital objects |
| 22 | to this request on the ground that it is overly broad and unduly burdensome. |
| 23 | Vision Capital further objects to the request on the ground that it seeks documents |
| 24 | that contain private, confidential or proprietary financial information. Vision |
| 25 | Capital further objects to the request on the ground that the burden, expense and |
| 26 | intrusiveness of the discovery outweighs the likelihood that the documents sought |
| 27 | will lead to the discovery of relevant evidence. |
| 28 | |

**REQUEST NO. 5:**

Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital, LLC and (b) the dates of such person's affiliation with Vision Capital, LLC.

**RESPONSE TO REQUEST NO. 5:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 6:**

All documents referring or relating to the formation and governance of Vision Capital, LLC.

**RESPONSE TO REQUEST NO. 6:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 7:**

All documents detailing or setting forth the relationship between Vision Capital, LLC and OmniNet Capital, LLC, if any.

**RESPONSE TO REQUEST NO. 7:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 8:**

All documents detailing or setting forth the relationship between Vision Capital, LLC and Omni 808 Investors, LLC, if any.

**RESPONSE TO REQUEST NO. 8:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.

A/72823367.1
- 7 -
NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 2
Page 25

Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 9:**

All documents detailing or setting forth the relationship between Vision Capital, LLC and Lexington Financial, LLC, if any.

**RESPONSE TO REQUEST NO. 9:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 10:**

All documents detailing or setting forth the relationship between Vision Capital, LLC and MGA Entertainment, Inc., if any.

**RESPONSE TO REQUEST NO. 10:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further

A/72823367.1
- 8 -
NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 2
Page 26

1  objects to the request on the ground that it seeks documents that are protected by
2  the attorney-client privilege and attorney work product doctrine. Vision Capital
3  further objects to the request on the ground that it is vague, ambiguous and fails to
4  identify the documents with sufficient particularity.

**REQUEST NO. 11:**

All documents detailing or setting forth the relationship between Vision Capital, LLC and Isaac Larian and his family members, if any.

**RESPONSE TO REQUEST NO. 11:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 12:**

All documents referring or relating to the source of funding or credit for Lexington Financial, LLC.

**RESPONSE TO REQUEST NO. 12:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the

A/72823367.1
- 9 -

1  burden, expense and intrusiveness of the discovery outweighs the likelihood that
2  the documents sought will lead to the discovery of relevant evidence. Vision
3  Capital further objects to the request on the ground that it seeks documents that are
4  protected by the attorney-client privilege and attorney work product doctrine.
5  Vision Capital further objects to the request on the ground that it is vague,
6  ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 13:**

All documents referring or relating to the source of funding or credit for Omni 808 Investors, LLC.

**RESPONSE TO REQUEST NO. 13:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 14:**

All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

**RESPONSE TO REQUEST NO. 14:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it is overly broad and unduly burdensome. Vision Capital further objects to the request on the ground that it seeks documents

A/72823367.1
- 10 -

that contain private, confidential or proprietary financial information. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 15:**

All documents referring or relating to all contributions, loans and any sources of funding for Vision Capital, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

**RESPONSE TO REQUEST NO. 15:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 16:**

All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, LLC, Lexington Financial, LLC or any subsidiary or affiliate of the foregoing, or to Isaac Larian or his family members.

A/72823367.1

- 11 -

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS     Exhibit 2
Page 29

**RESPONSE TO REQUEST NO. 16:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it is unintelligible. Vision Capital further objects to the request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 17:**

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Vision Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

**RESPONSE TO REQUEST NO. 17:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine.

A/72823367.1
- 12 -
NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 2
Page 30

1  Vision Capital further objects to the request on the ground that it is vague,
2  ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 18:**

Any and all records that substantiate transfers of assets by Vision Capital, LLC to other entities, individuals and/or parties, within the U.S. and outside of the U.S.

**RESPONSE TO REQUEST NO. 18:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Vision Capital further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Vision Capital further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 19:**

All communications referring or relating to Omni 808 Investors, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

**RESPONSE TO REQUEST NO. 19:**

In addition to the general objections set forth above, Vision Capital objects to this request on the ground that it seeks private, confidential and proprietary information of Vision Capital and other non-parties. Vision Capital further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Vision Capital further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that

A/72823367.1

- 13 -

NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S
SUBPOENA FOR THE PRODUCTION OF DOCUMENTS

Exhibit 2
Page 31

1  the documents sought will lead to the discovery of relevant evidence. Vision
2  Capital further objects to the request on the ground that it seeks documents that are
3  protected by the attorney-client privilege and attorney work product doctrine.
4  Vision Capital further objects to the request on the ground that it is vague,
5  ambiguous and fails to identify the documents with sufficient particularity.
6  **REQUEST NO. 20:**
7      All documents referring or relating to the U.C.C. financing statement
8  attached as Exhibit 1 and/or security interest(s) allegedly reflected herein.
9  **RESPONSE TO REQUEST NO. 20:**
10     In addition to the general objections set forth above, Vision Capital objects
11 to this request on the ground that it seeks documents that are protected by the
12 attorney-client privilege and attorney work product doctrine. Vision Capital
13 further objects to the request on the ground that it is overly broad, unduly
14 burdensome, oppressive and harassing. Vision Capital further objects to the
15 request on the ground that it seeks documents that contain private, confidential or
16 proprietary information of Vision Capital or other non-parties. Vision Capital
17 further objects to the request on the ground that the burden, expense and
18 intrusiveness of the discovery outweighs the likelihood that the documents sought
19 will lead to the discovery of relevant evidence.
20
21 DATED: January 28, 2009     Bingham McCutchen LLP

By: /s/ Todd E. Gordinier
    Todd E. Gordinier
    Attorneys for Non-party
    Vision Capital, LLC

# PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **January 28, 2009,** I served the attached:

**NON-PARTY VISION CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

☒ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

**PLEASE SEE ATTACHED SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **January 28, 2009.**

*/s/ Julie Valenzuela*
Julie Valenzuela

A/72823367.1

Exhibit 2
Page 33

## SERVICE LIST

| | |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>Jon D. Corey, Esq.<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, CA 90017-2543<br>Tele. No. (213) 443-3000<br>Fax No. (213) 443-3100<br>Email joncorey@quinnemanuel.com | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP<br>Thomas Nolan, Esq.<br>300 S. Grand Ave., Ste. 3400<br>Los Angeles, CA 90071<br>Tele. No. (213) 687-5250<br>Fax No. (213) 621-5250<br>Email thomas.nolan@skadden.com |

A/72823367.1

Exhibit 2
Page 34