**EXHIBIT 3**

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
PETER N. VILLAR (SBN 204038)
JENNIFER A. LOPEZ (SBN 232320)
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700
Email: todd.gordinier@bingham.com
       peter.villar@bingham.com
       jennifer.lopez@bingham.com

Attorneys for Non-party
OMNINET CAPITAL, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>**NON-PARTY OMNINET CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Stephen G. Larson |

A/72833444.1

Exhibit 3
Page 35

Pursuant to Federal Rule of Civil Procedure 45, non-party Omninet Capital, LLC ("Omninet") hereby responds to the Subpoena for the production of documents (hereafter, "the Subpoena") served in this action by defendant Mattel, Inc., as follows:

## PRELIMINARY STATEMENT

These responses are based solely on the facts, information and documents presently known and available to Omninet. Omninet's search for and review of potentially responsive documents is ongoing and may disclose the existence of additional facts, information or documents, or possibly lead to additions or changes to these responses. Omninet reserves the right to revise or supplement these responses if and when additional facts, information or documents are discovered.

The inadvertent production of proprietary, confidential, highly confidential, or privileged documents or information by Omninet does not and shall not constitute waiver of any applicable privilege, rights under any protective order or trade secret, nor should production of any document or information be construed to waive any objection to the admission of such documents or information in evidence, including without limitation that of relevancy.

## GENERAL OBJECTIONS

1. Omninet objects to the Subpoena, and each document request contained therein, on the ground that it was not properly served on Omninet.

2. Omninet objects to the Subpoena, and each document request contained therein, on the ground that the purported "Proof of Service" sent by Mattel's counsel is defective, on its face, in that: (i) it reflects that the registered agent of Omninet was not served; (ii) it fails to properly identify the documents allegedly served; (iii) it provides insufficient information regarding the purported

manner of service; and (iv) it purports to have been executed on January 21, 2008, which is approximately one year *before* the Subpoena was allegedly issued.

3. Omninet objects to the Subpoena, and each document request contained therein, on the ground that Mattel failed to give notice to all parties prior to the service of the Subpoena pursuant to FRCP 45(b)(1).

4. Omninet objects to the Subpoena, and each document request contained therein, on the ground that portions of the Subpoena sent by Mattel's counsel are illegible.

5. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the Subpoena was not properly issued, or otherwise fails to comply with the Federal Rules of Civil Procedure.

6. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are protected by any applicable privilege, doctrine or immunity, including without limitation, the attorney-client privilege and the attorney work product doctrine.

7. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents which contain private, confidential or proprietary information of Omninet or its clients or employees, or where disclosure would invade the privacy rights of Omninet or its clients or employees.

8. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are not relevant to the parties' claims or defenses asserted in the action.

9. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the burden, expense or intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

10. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party Omninet that are equally or more readily available and attainable from parties to the action.

11. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

12. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive or harassing.

13. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject Omninet to undue burden and expense.

14. Omninet objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it requires the production of documents that are subject to a confidentiality or nondisclosure agreement.

15. Omninet objects to the Subpoena, and each document request contained therein, on the ground that the place, date and time for compliance is not reasonable or sufficient given the scope of the requests.

16. Omninet objects to the production of any documents under the Subpoena unless and until there is an acceptable protective order issued by the Court.

In addition to these general objections which are incorporated into each and every response herein, Omninet specifically responds to each individual document request as follows:

## SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents referring or relating to agreements, contracts or transactions between MGA Entertainment, Inc. and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 1:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omninet or other non-parties. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 2:**

All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 2:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and

A/72833444.1

- 4 -

Exhibit 3
Page 39

harassing. Omninet further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary information of Omninet, Wachovia or other non-parties. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 3:**

All documents containing financial information, including but not limited to historical and prospective performance, provided by MGA Entertainment, Inc. to OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC, since January 1, 2007.

**RESPONSE TO REQUEST NO. 3:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it is overly broad and unduly burdensome. Omninet further objects to the request on the ground that it seeks documents that contain private, confidential or proprietary financial information. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 4:**

Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of OmniNet Capital, LLC since January 1, 2005 and (b) the dates of such person's affiliation with OmniNet Capital, LLC.

**RESPONSE TO REQUEST NO. 4:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the

A/72833444.1

- 5 -

Exhibit 3
Page 40

ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

**REQUEST NO. 5:**

All documents detailing or setting forth the relationship between Omni 808 Investors, LLC and OmniNet Capital, LLC, if any.

**RESPONSE TO REQUEST NO. 5:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omninet further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 6:**

All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Vision Capital, LLC, if any.

**RESPONSE TO REQUEST NO. 6:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and

A/72833444.1

- 6 -

Exhibit 3
Page 41

1  intrusiveness of the discovery outweighs the likelihood that the documents sought
2  will lead to the discovery of relevant evidence. Omninet further objects to the
3  request on the ground that it seeks documents that are protected by the attorney-
4  client privilege and attorney work product doctrine. Omninet further objects to the
5  request on the ground that it is vague, ambiguous and fails to identify the
6  documents with sufficient particularity.

**REQUEST NO. 7:**

All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Lexington Financial, LLC, if any.

**RESPONSE TO REQUEST NO. 7:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omninet further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 8:**

All documents detailing or setting forth the relationship between OmniNet Capital, LLC and MGA Entertainment, Inc., if any.

**RESPONSE TO REQUEST NO. 8:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks private, confidential and proprietary information of Omninet. Omninet further objects to the request on the ground that it is overly

A/72833444.1

- 7 -

Exhibit 3
Page 4a

broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omninet further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 9:**

All documents detailing or setting forth the relationship between OmniNet Capital, LLC and Isaac Larian or his family members, if any.

**RESPONSE TO REQUEST NO. 9:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omninet further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 10:**

All documents referring or relating to the source of funding for Lexington Financial, LLC.

**RESPONSE TO REQUEST NO. 10:**

In addition to the general objections set forth above, Omninet objects to this

A/72833444.1
- 8 -

Exhibit 3
Page 43

1  request on the ground that it is unintelligible. Omninet further objects to the
2  request on the ground that it seeks private, confidential and proprietary information
3  of Omninet and other non-parties. Omninet further objects to the request on the
4  ground that it is overly broad, unduly burdensome, oppressive and harassing.
5  Omninet further objects to the request on the ground that the burden, expense and
6  intrusiveness of the discovery outweighs the likelihood that the documents sought
7  will lead to the discovery of relevant evidence. Omninet further objects to the
8  request on the ground that it seeks documents that are protected by the attorney-
9  client privilege and attorney work product doctrine. Omninet further objects to the
10 request on the ground that it is vague, ambiguous and fails to identify the
11 documents with sufficient particularity.

**REQUEST NO. 11:**

All documents referring or relating to the source of funding for Omni 808 Investors, LLC.

**RESPONSE TO REQUEST NO. 11:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it is unintelligible. Omninet further objects to the request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omninet further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

A/72833444.1

- 9 -

Exhibit 3
Page 44

**REQUEST NO. 12:**

All documents referring or relating to the source of funding for Vision Capital, LLC.

**RESPONSE TO REQUEST NO. 12:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it is unintelligible. Omninet further objects to the request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omninet further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 13:**

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet Capital, LLC to Isaac Larian, his family members, or affiliates, or any other related party, including MGA Entertainment, Inc.

**RESPONSE TO REQUEST NO. 13:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought

will lead to the discovery of relevant evidence. Omninet further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 14:**

All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian, Fred Mashian and/or Bratz.

**RESPONSE TO REQUEST NO. 14:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks private, confidential and proprietary information of Omninet and other non-parties. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Omninet further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Omninet further objects to the request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 15:**

All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

**RESPONSE TO REQUEST NO. 15:**

In addition to the general objections set forth above, Omninet objects to this request on the ground that it seeks documents that are protected by the attorney-client privilege and attorney work product doctrine. Omninet further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and

A/72833444.1

- 11 -

Exhibit 3
Page 46

1  harassing. Omninet further objects to the request on the ground that it seeks
2  documents that contain private, confidential or proprietary information of Omninet
3  or other non-parties. Omninet further objects to the request on the ground that the
4  burden, expense and intrusiveness of the discovery outweighs the likelihood that
5  the documents sought will lead to the discovery of relevant evidence.

7  DATED: February 4, 2009        Bingham McCutchen LLP

                                  By: /s/ Todd E. Gordinier
                                      Todd E. Gordinier
                                      Attorneys for Non-party
                                      Omninet Capital, LLC

A/72833444.1

- 12 -

Exhibit 3
Page 47

**PROOF OF SERVICE**

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **February 5, 2009**, I served the attached:

**NON-PARTY OMNINET CAPITAL, LLC'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

■ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

■ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 5:00 p.m. PST to the person(s) at the email address(es) set forth below.

**PLEASE SEE ATTACHED SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **February 5, 2009**.

_____
Brandy Nelson

A/72833444.1

Exhibit 3
Page 49

# SERVICE LIST

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
Jon D. Corey, Esq.
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017-2543
Tele. No. (213) 443-3000
Fax No. (213) 443-3100
Email: joncorey@quinnemanuel.com

SKADDEN ARPS SLATE MEAGHER
& FLOM, LLP
Thomas Nolan, Esq.
300 S. Grand Ave., Ste. 3400
Los Angeles, CA 90071
Tele. No. (213) 687-5250
Fax No. (213) 621-5250
Email: thomas.nolan@skadden.com

GLASER WEIL FINK JACOBS &
SHAPIRO LLP
Patricia L. Glaser, Esq.
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Tele. No. (310) 553-3000
Fax No. (310) 556-2920
Email: pglaser@glaserweil.com

MITCHELL SILBERBERG &
KNUPP LLP
Russell J. Frackman, Esq.
11377 West Olympic Blvd.
Los Angeles, CA 90064
Tele: (310) 312-3119
Fax: (310) 231-8319
Email: rjf@msk.com

A/72833444.1

Exhibit 3
Page 49