Exhibit 1

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 6, 2009

**VIA FACSIMILE AND U.S. MAIL**

Todd E. Gordinier, Esq.
Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I am writing to inquire whether you will agree to accept service of a subpoena on behalf of your client, Neil Kadisha. Mattel has repeatedly attempted to serve Mr. Kadisha, both at his home and his office, since January 23, 2009. On each occasion, however, service has been refused because Mr. Kadisha has allegedly been "out of town" over this entire time period.

Please let me know if you will accept service for Mr. Kadisha. If not, and if Mr. Kadisha's evasion of service continues, Mattel will raise this matter with the Court.

I look forward to hearing from you.

Best regards,

Jon Corey /SH

Jon Corey

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2789520.1

EXHIBIT ___1___

PAGE ___7___

Exhibit 2

## Bridget Hauler

| | |
|---|---|
| **From:** | Gordinier, Todd E. [todd.gordinier@bingham.com] |
| **Sent:** | Monday, February 09, 2009 8:45 AM |
| **To:** | Stephen Hauss; Villar, Peter N. |
| **Cc:** | Jon Corey; Michael T Zeller |
| **Subject:** | RE: Mattel, Inc. v. MGA Entertainment, Inc. |

I have your letter. Mr. Kadisha is, in fact, out of the country, but I have asked for authority to accept service on his behalf and will let you know when I hear back. Best, Todd


Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

BINGHAM
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924




**From:** Stephen Hauss [mailto:stephenhauss@quinnemanuel.com]
**Sent:** Friday, February 06, 2009 4:41 PM
**To:** Gordinier, Todd E.; Villar, Peter N.
**Cc:** Jon Corey; Michael T Zeller
**Subject:** Mattel, Inc. v. MGA Entertainment, Inc.

Counsel:

Please see the attached correspondence from Jon Corey, dated February 6, 2009.

Best regards,

Stephen Hauss
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3436
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  stephenhauss@quinnemanuel.com
Web:  www.quinnemanuel.com

EXHIBIT 2

PAGE 8

```
=============================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requireme
The information in this e-mail (including attachments, if any) is considered confide
=============================================================================
```

EXHIBIT   2

PAGE   9

Exhibit 3

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3144

TELEPHONE NO.: (213) 687-5000
FACSIMILE NO.: (213) 687-5600

EMAIL: rherring@skadden.com

## FACSIMILE TRANSMITTAL SHEET

FROM: Robert J. Herrington                    DATE: January 23, 2009
DIRECT DIAL: (213) 687-5368                    FLOOR/OFFICE NO.: Suite 3400
DIRECT FACSIMILE: (213) 621-5368

THIS FACSIMILE IS INTENDED ONLY FOR USE OF THE ADDRESSEE(S) NAMED HEREIN AND MAY CONTAIN LEGALLY PRIVILEGED AND/OR CONFIDENTIAL INFORMATION. IF YOU ARE NOT THE INTENDED RECIPIENT OF THIS FACSIMILE, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS FACSIMILE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL FACSIMILE TO US AT THE ADDRESS ABOVE VIA THE LOCAL POSTAL SERVICE. WE WILL REIMBURSE ANY COSTS YOU INCUR IN NOTIFYING US AND RETURNING THE FACSIMILE TO US.

IF THIS TRANSMISSION IS UNCLEAR OR INCOMPLETE, PLEASE CONTACT THE FACSIMILE DEPARTMENT AT (213) 687-5368.
WHEN TRANSMITTING TO OUR MACHINES, PLEASE INCLUDE YOUR COVER SHEET AND NUMBER ALL PAGES CONSECUTIVELY.

TOTAL NUMBER OF PAGES INCLUDING COVER(S):    3

PLEASE DELIVER THE FOLLOWING PAGE(S) TO:

1.  NAME: Mr. Michael Zeller                  FIRM: Quinn Emanuel, etc.
    CITY: Los Angeles                         TELEPHONE NO.: (213) 443-3000
    FACSIMILE NO.: (213) 443-3100

2.  NAME: Mr. Jon D. Corey                    FIRM: Quinn Emanuel, etc.
    CITY: Los Angeles                         TELEPHONE NO.: (213) 443-3000
    FACSIMILE NO.: (213) 443-3100

3.  NAME: Mr. Neil Potichman                  FIRM: Davis Polk, etc.
    CITY: Menlo Park                          TELEPHONE NO.: (650) 752-2021
    FACSIMILE NO.: (650) 752-3621

4.  NAME: Mr. Todd Gordinier                  FIRM: Bingham
    CITY: Costa Mesa                          TELEPHONE NO.: (714) 830-0600
    FACSIMILE NO.: (714) 830-0600

5.  NAME: Mr. Jeff Valle                      FIRM: Valle & Associates
    CITY: Los Angeles                         TELEPHONE NO.: (310) 476-0300
    FACSIMILE NO.: (310) 476-0333

EXHIBIT 3

PAGE 10

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

300 SOUTH GRAND AVENUE

LOS ANGELES, CALIFORNIA 90071-3144

TEL: (213) 687-5000

FAX: (213) 687-5600

www.skadden.com

DIRECT DIAL
(213) 687-5368
DIRECT FAX
(213) 621-5368
EMAIL ADDRESS
RHERRING@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
NEW YORK
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

January 23, 2008

## VIA FACSIMILE & U.S. MAIL

Mr. Michael Zeller
Mr. Jon D. Corey
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

Mr. Neil Potischman
Davis Polk & Wardwell, LLP
1600 El Camino Real
Menlo Park, California 94025

Mr. Todd Gordinier
Bingham McCutchen, LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, California 92626

Mr. Jeff Valle
Valle and Associates, LLP
11911 San Vicente Blvd., Suite 324
Los Angeles, CA 90049

RE:   *Mattel v. Bryant*

Gentlemen:

I am writing to confirm the agreement regarding the subpoenas issue by Mattel to IGWT 826 Investments, LLC, IGWT Group, LLC, OmiNet Capital, LLC, Omni 808 Investors, LLC, Vision Capital, LLC and Wachovia Corporation (together "the Subpoenas"). As discussed, all objections to the Subpoenas will be due on Wednesday, January 28, 2009. Counsel for the parties and third parties will then meet and confer at mutually agreeable times on January 29 and 30, and any motions to quash, for protective order, or to compel will be due on Monday, February 2, 2009.

EXHIBIT ___3___

PAGE ___11___

January 23, 2009
Page 2

Thank you for your cooperation on these issues.

Sincerely,

Robert J. Herrington

cc:  Mr. Jason Russell

EXHIBIT   3
PAGE   12

Exhibit 4

Tiffany Garcia

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Friday, February 06, 2009 5:25 PM |
| **To:** | 'Villar, Peter N.'; Michael T Zeller |
| **Cc:** | 'Gordinier, Todd E.' |
| **Subject:** | RE: Letter dated 2/5/09 from Jon Corey |

Peter,

While we prefer to agree to requested extensions as a professional courtesy when we can, doing so in this situation threatens to be prejudicial to my client's interests. Omni 808 has filed an ex parte application to intervene for the purpose of, among other things, opposing Mattel's request for the appointment of a receiver. Omni 808 has done so without submitting a single piece of evidence. At the same time, Omni 808 is refusing to produce documents that Mattel believes are directly relevant to the Court's consideration of Mattel's pending motion for a receiver as well as to Phase 2 issues. Because the opposition to the motion to compel is due before the hearing on Omni 808's application to intervene, Mattel, as you understand, is entitled to know the positions that Omni 808 will take in opposing the motion to compel and in obtaining prompt discovery from Omni 808 relating to pending issues.

Separately, in a prior email, you stated that you did not believe that the discovery master stipulation applied to third parties. By its terms, paragraph 15 does just that. It reads, "All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order." Stipulation for Appointment of Discovery Master, and Order at 6:14-15. Separately, when another third-party had asserted that issues related to a subpoena were not properly brought to the discovery master, Judge Larson stated unequivocally that "those matters are properly presented to the Discovery Master." February 25, 2008 Tr. at 23:4-5 (attached).

Best regards,

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

**From:** Villar, Peter N. [mailto:peter.villar@bingham.com]
**Sent:** Friday, February 06, 2009 2:51 PM
**To:** Jon Corey; Michael T Zeller
**Cc:** Gordinier, Todd E.
**Subject:** Letter dated 2/5/09 from Jon Corey

Jon, Michael  We will agree to disagree regarding each of the points raised in your letter.  In your view, our clients' opposition to Mattel's motion to compel is due February 10  Without waiving our right to raise any issues with the court, would you grant us a 5 court day extension (until February 18) to file our opposition?

Regards, Peter

B I N G H A M
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

**From:** Johanna Minassian [mailto:johannaminassian@quinnemanuel.com]
**Sent:** Friday, February 06, 2009 12:00 PM
**To:** Gordinier, Todd E.; Villar, Peter N.
**Subject:** Letter dated 2/5/09 from Jon Corey

Counsel,

Attached please find the intended letter for your review.

=================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
=================================================================

EXHIBIT ___4___

PAGE ___13___

Exhibit 5

RECEIVED

FEB 0 6 2009

1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@glaserweil.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@ glaserweil.com
3   GLASER, WEIL, FINK, JACOBS
      & SHAPIRO, LLP
4   10250 Constellation Boulevard, 19th Floor
    Los Angeles, California 90067
5   Telephone:   310-553-3000
    Facsimile:   310-556-2920
6
7   Russell J. Frackman, State Bar No. 049087
    rjf@msk.com
8   MITCHELL, SILBERBERG & KNUPP, LLP
    11377 West Olympic Boulevard
9   Los Angeles, California 90064
    Telephone:   310-312-2000
10  Facsimile:   310-312-3100
11  Attorneys for the MGA Parties For Phase Two
12              UNITED STATES DISTRICT COURT
13              CENTRAL DISTRICT OF CALIFORNIA
14                    EASTERN DIVISION
15
16  CARTER BRYANT, an individual      ) Case No. CV 04-9049 SGL (RNBx)
                                       )
17              Plaintiff,            ) Consolidated with
                                       ) Case No. 04-09059
18  v.                                ) Case No. 05-02727
                                       )
19  MATTEL, INC., a Delaware          ) **RESPONSES TO REQUESTS FOR**
    Corporation                        ) **DOCUMENTS AND THINGS TO**
20                                     ) **MGA ENTERTAINMENT, INC.**
                Defendant.            ) **(PHASE 2)**
21                                     )
                                       )
22                                     )
                                       )
23  AND CONSOLIDATED ACTIONS         )
                                       )
24
25
26
27
28
665960v2

EXHIBIT 5

1    The General Response set forth herein applies to all responses that MGA is
2    providing in response to these requests for production (the "Requests") or may in the
3    future provide in response to any discovery request in this action.  The Response is
4    made without waiving, or intending to waive but, on the contrary, expressly
5    reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy
6    or materiality, or any other proper grounds, to the use of the Response, for any
7    purpose in whole or in part, in any subsequent step or proceeding in this action or any
8    other action; (b) the right to object on any and all grounds, at any time, to other
9    requests for production or other discovery procedures; and (c) the right at any time to
10   revise, correct, add to, or clarify any of the responses propounded herein.

11   The Response reflects only the present state of MGA's discovery regarding the
12   information that Mattel seeks.  Discovery for Phase Two and other investigation or
13   research concerning this litigation are continuing.  It is anticipated that further
14   discovery, independent investigation, and legal research and analysis will supply
15   additional facts and meaning to the known facts, as well as establish entirely new
16   factual conclusions, all of which may lead MGA to discover other information
17   responsive to these Requests.  MGA therefore reserves the right to amend or
18   supplement this Response at any time in light of future investigation, research or
19   analysis, and also expressly reserves the right to rely on, at any time, including trial,
20   subsequently discovered information omitted from this Response as a result of
21   mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or
22   acquiesce in any factual or legal contention, assertion or characterization contained in
23   the Requests or any particular request therein, even where MGA has not otherwise
24   objected to a particular request, or has agreed to provide information responsive to a
25   particular request.

26   No incidental or implied admissions are intended by this Response.  These
27   responses should not be taken as an admission that MGA accepts or admits the
28   existence of any facts set forth or assumed by any instruction, definition or request.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 15

## **GENERAL OBJECTIONS**

MGA responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1.      MGA objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2.      MGA objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.      MGA objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4.      MGA objects to these Requests to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA.

5.      MGA objects to these Requests to the extent they are overbroad and unduly burdensome.

6.      MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

665960v2

2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

PAGE 16

7.      MGA objects to the following definitions in these Requests:

(a)     MGA objects to the definition of the term "BRATZ" (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact.  The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.  By incorporating the definition of DESIGN, the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." (Definitions, ¶ E, F.)  These convoluted and multi-part definitions combine to render the requests vague, ambiguous and overly broad, and to include within the term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case.  In responding to these requests, MGA will interpret the term BRATZ to mean the line of dolls introduced by MGA to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated by MGA with the Bratz line of dolls.

(b)     MGA objects to the terms "any" and "REFER OR RELATE TO" (Definitions ¶ I) on the grounds and to the extent that they are overbroad, unduly burdensome or are vague and ambiguous in the context of the requests as written and as those requests would be plainly understood absent Mattel's definitions.

EXHIBIT 5

PAGE 17

1           (c)    MGA objects to the terms "IDENTIFY" or "IDENTITY"

2    (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and

3    oppressive.  Mattel's definition of these terms inherently call for answers to multiple

4    discrete questions or subparts to questions.  For example, when those terms are used

5    to reference any individual, the use of those terms requests at least 7 different and

6    distinct facts: (a) such individual's name; (b) such individual's current or last known

7    business title; (c) such individual's current or last known business affiliation; (d) such

8    individual's current or last known relationship to MGA; (e) such individual's current

9    or last known residential address; (f) such individual's current or last known business

10   address; (g) such individual's current or last known telephone number.  When those

11   terms are used to reference any business entity, the use of those terms requests at least

12   4 different and distinct facts: (a) such entity's full name; (b) state (or country) of

13   incorporation or organization; (c) such entity's present or last known address; (d) such

14   entity's present or last known telephone number.   Therefore, any request that

15   includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

16   compound and should be posed as separate requests.

17          8.    MGA objects to these request to the extent that they may unfairly

18   seek to restrict the facts on which MGA may rely at trial.  Discovery has not been

19   completed and MGA is not yet necessarily in possession of all the facts and

20   documents upon which MGA intends to rely.  All of the responses submitted herewith

21   are tendered to Mattel with the reservation that the responses are submitted without

22   limiting the evidence on which MGA may rely to support the contentions and

23   defenses that MGA may assert at the trial of this action and to rebut or impeach the

24   contentions, assertions and evidence that Mattel may present.  MGA reserves the right

25   to supplement or amend these responses at a future date.

26          9.    MGA objects to each request to the extent that it seeks

27   information that will be the subject of expert witness testimony and that is therefore

28   premature.

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

PAGE 18

10.     MGA objects to each request to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

11.     MGA objects to each request to the extent that it calls for a legal conclusion.

12.     ·MGA reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these request.

13.     The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any request.  MGA reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14.     In responding to these Requests, MGA has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure and any applicable local rule.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

MGA incorporates by reference its General Objections as though fully set forth herein.  MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The request appears designed to circumvent

665960v2

EXHIBIT 5

PAGE 19

1  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

2  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

3  Forensic Auditor.

4       MGA further objects to this request on the grounds that it is compound. MGA

5  further objects to the request to the extent it violates the privacy rights of third parties

6  to their private, confidential, proprietary or trade secret information.

7       MGA also objects to this request on the grounds that it is overbroad, including,

8  without limitation, in that it would extend to any MGA financial statement relating to

9  any period on or after January 1, 2007, without regard to whether such documents are

10  at all relevant to any claim or defense at issue herein. MGA further objects to this

11  request on the grounds that it is vague and ambiguous in its use of the term "financial

12  statements." Mattel has not demonstrated how all MGA's audited and unaudited

13  monthly, quarterly and annual financial statements could be relevant to the claims and

14  defenses in this action, let alone established that the relevancy of these documents

15  outweighs the individual's fundamental right of privacy. MGA further objects to this

16  request on the ground that the term RELATING TO renders the request vague,

17  ambiguous, overly broad and unduly burdensome. MGA further objects to the

18  request to the extent that it seeks documents that by reason of public filing, public

19  distribution or otherwise are already in Mattel's possession or are readily accessible to

20  Mattel. MGA further objects to this request to the extent that it seeks documents not

21  in MGA's possession, custody or control. MGA also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive information,

23  the disclosure of which would be inimical to the business interests of MGA. MGA

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-product

26  doctrine, joint defense or common interest privilege, or other privilege.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-853-3000

EXHIBIT 5

PAGE

1   MGA further objects to this request as cumulative and duplicative to the extent

2   that it seeks documents previously requested by Mattel or produced by MGA in

3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 2**

5   All agreements and contracts with any lenders to or creditors of MGA covering,

6   RELATING TO, in effect, dated or entered into on or after January 1, 2007, including

7   without limitation loan agreements, credit agreements, financing agreements, lines of

8   credit and promissory notes, and any amendments or modifications thereto, and any

9   notices of default and COMMUNICATIONS REFERRING OR RELATING TO any

10   such agreements and contracts.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

12   MGA incorporates by reference its General Objections as though fully set forth

13   herein. MGA further objects on the grounds that this request calls for the production

14   of documents and communications that are not limited to the subject matter of this

15   action and not relevant to any claim or defense in the pending litigation or reasonably

16   calculated to lead to the discovery of admissible evidence.

17   MGA further objects to this request on the grounds that it is compound. MGA

18   further objects to the request to the extent it violates the privacy rights of third parties

19   to their private, confidential, proprietary or trade secret information.

20   MGA also objects to this request on the grounds that it is overbroad, including,

21   without limitation, that it would extend to *any* agreements and contracts with *any*

22   lenders to or creditors of MGA and *any* communications referring or relating thereto,

23   without regard to whether such communications are at all relevant to any claim or

24   defense at issue herein. MGA further objects to this request on the grounds that it is

25   vague and ambiguous in its use of the terms "lenders," "creditors," "agreements," and

26   "contracts." Mattel has not demonstrated how *all* agreements and contracts with any

27   lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered

28   into on or after January 1, 2007, and *any* notices of default and COMMUNICATIONS

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

1  REFERRING OR RELATING TO any such agreements and contracts could be
2  relevant to the claims and defenses in this action, let alone established that the
3  relevancy of these documents and communications outweighs the individual's
4  fundamental right of privacy.  MGA further objects to this request on the ground that
5  the terms COMMUNICATIONS, REFERRING OR RELATING TO render the
6  request vague, ambiguous, overly broad and unduly burdensome.  MGA further
7  objects to the request to the extent that it seeks documents that by reason of public
8  filing, public distribution or otherwise are already in Mattel's possession or are
9  readily accessible to Mattel.  MGA further objects to this request to the extent that it
10 seeks documents not in MGA's possession, custody or control.  MGA also objects to
11 this request on the grounds that it seeks confidential, proprietary or commercially
12 sensitive information, the disclosure of which would be inimical to the business
13 interests of MGA.  MGA also objects to this request to the extent it calls for the
14 disclosure of attorney-client privileged information or information protected from
15 disclosure by the work-product doctrine, joint defense or common interest privilege,
16 or other privilege.
17        MGA further objects to this request as cumulative and duplicative to the extent
18 that it seeks documents previously requested by Mattel or produced by MGA in
19 response to Mattel's document requests.
20 **REQUEST FOR PRODUCTION NO. 3**
21        To the extent not produced in response to any other Request, DOCUMENTS
22 sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited,
23 requested, obtained, received or were denied credit, financing or funding on or after
24 January 1, 2007 and sufficient to show the amount(s) and terms involved.
25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**
26        MGA incorporates by reference its General Objections as though fully set forth
27 herein.  MGA further objects on the grounds that this request calls for the production
28 of documents that are not limited to the subject matter of this action and not relevant

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  5
PAGE  22

1   to any claim or defense in the pending litigation or reasonably calculated to lead to

2   the discovery of admissible evidence. The request appears designed to circumvent

3   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

4   the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

5   Forensic Auditor.

6        MGA further objects to this request on the grounds that it is compound. MGA

7   further objects to the request to the extent it violates the privacy rights of third parties

8   to their private, confidential, proprietary or trade secret information.

9        MGA also objects to this request on the grounds that it is overbroad, including,

10  without limitation, that it would require production of any documents sufficient to

11  identify any person or entity from whom MGA sought, solicited, requested, obtained,

12  received or were denied credit, financing or funding, without regard to whether such

13  documents are at all relevant to any claim or defense at issue herein. MGA further

14  objects to this request on the grounds that it is vague and ambiguous in its use of the

15  terms "sought," "solicited," "requested," "obtained," "received," "denied," "credit,"

16  "financing," and "funding." Mattel has not demonstrated how DOCUMENTS

17  sufficient to IDENTIFY *each* other PERSON from whom MGA sought, solicited,

18  requested, obtained, received or were denied credit, financing or funding on or after

19  January 1, 2007 and sufficient to show the amount(s) and terms involved could be

20  relevant to the claims and defenses in this action, let alone established that the

21  relevancy of these documents outweighs the individual's fundamental right of

22  privacy. MGA further objects to this request on the ground that the terms

23  DOCUMENTS, IDENTIFY, and PERSON render the request vague, ambiguous,

24  overly broad and unduly burdensome. MGA further objects to the request to the

25  extent that it seeks documents that by reason of public filing, public distribution or

26  otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

27  further objects to this request to the extent that it seeks documents not in MGA's

28  possession, custody or control. MGA also objects to this request on the grounds that

665960v2

9

EXHIBIT 5

1  it seeks confidential, proprietary or commercially sensitive information, the disclosure

2  of which would be inimical to the business interests of MGA.  MGA also objects to

3  this request to the extent it calls for the disclosure of attorney-client privileged

4  information or information protected from disclosure by the work-product doctrine,

5  joint defense or common interest privilege, or other privilege.

6      .   MGA further objects to this request as cumulative and duplicative to the extent

7  that it seeks documents previously requested by Mattel or produced by MGA in

8  response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 4**

10     All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or

11  insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or

12  after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this

13  action).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15     MGA incorporates by reference its General Objections as though fully set forth

16  herein.  MGA further objects to this request on the grounds that the Discovery Master

17  already has ruled on similarly phrased requests, including in an Order dated May 7,

18  2008, concluding that requests using phrases like "all documents," and "referring to

19  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

20  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

21  that this request calls for the production of documents that are not limited to the

22  subject matter of this action and not relevant to any claim or defense in the pending

23  litigation or reasonably calculated to lead to the discovery of admissible evidence.

24  The request appears designed to circumvent the Court's January 7 Order appointing a

25  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

26  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  5

PAGE  24

1    MGA further objects to this request on the grounds that it is compound.  MGA

2   further objects to the request to the extent it violates the privacy rights of third parties

3   to their private, confidential, proprietary or trade secret information.

4    MGA also objects to this request on the grounds that it is overbroad, including,

5   without limitation, in that it would extend to any document referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   MGA's solvency or insolvency, without regard to whether such documents are at all

8   relevant to any claim or defense at issue herein.  MGA further objects to this request

9   on the grounds that it is vague and ambiguous in its use of the terms "solvency" and

10   "insolvency."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11   RELATING TO MGA's solvency or insolvency, or whether MGA's liabilities exceed

12   its assets could be relevant to the claims and defenses in this action, let alone

13   established that the relevancy of these documents outweighs fundamental privacy

14   rights.  MGA further objects to this request on the ground that the terms

15   DOCUMENTS and REFERRING OR RELATING TO render the request vague,

16   ambiguous, overly broad and unduly burdensome.  MGA further objects to the

17   request to the extent that it seeks documents that by reason of public filing, public

18   distribution or otherwise are already in Mattel's possession or are readily accessible to

19   Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

20   proprietary or commercially sensitive information, the disclosure of which would be

21   inimical to the business interests of MGA.  MGA also objects to this request to the

22   extent it calls for the disclosure of attorney-client privileged information or

23   information protected from disclosure by the work-product doctrine, joint defense or

24   common interest privilege, or other privilege.

25    MGA further objects to this request as cumulative and duplicative to the extent

26   that it seeks documents previously requested by Mattel or produced by MGA in

27   response to Mattel's document requests.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  5

PAGE  25

1  **REQUEST FOR PRODUCTION NO. 5**

2      All DOCUMENTS REFERRING OR RELATING TO any representation or

3  statement made by YOU about YOUR solvency or insolvency, or whether YOUR

4  liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding

5  pleadings served by YOU on MATTEL in this action).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

7      MGA incorporates by reference its General Objections as though fully set forth

8  herein.  MGA further objects to this request on the grounds that the Discovery Master

9  already has ruled on similarly phrased requests, including in an Order dated May 7,

10  2008, concluding that requests using phrases like "all documents," and "referring to

11  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

12  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

13  that this request calls for the production of documents that are not limited to the

14  subject matter of this action and not relevant to any claim or defense in the pending

15  litigation or reasonably calculated to lead to the discovery of admissible evidence.

16      MGA further objects to this request on the grounds that it is compound.  MGA

17  further objects to the request to the extent it violates the privacy rights of third parties

18  to their private, confidential, proprietary or trade secret information.

19      MGA also objects to this request on the grounds that it is overbroad, including,

20  without limitation, that it would extend to *any* statement or representation made by

21  anyone at MGA referring or relating in any way to a wide variety of matter that could

22  potentially be construed as "relating" to this MGA's solvency, insolvency, liabilities,

23  or assets without regard to whether such statements or representations are at all

24  relevant to any claim or defense at issue herein.  MGA also objects to this request on

25  the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

26  to require MGA diligently to identify *every* statement or representation that any of its

27  hundreds of employees may have made to any other person referring or relating to

28  MGA's solvency, insolvency, liabilities, or assets.  MGA further objects to this

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
Los Angeles, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 26

1   request on the grounds that it is vague and ambiguous in its use of the terms

2   "representation," "statement," "solvency," and "insolvency."   Mattel has not

3   demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any

4   representation or statement made by MGA about MGA's solvency or insolvency, or

5   whether MGA's liabilities exceed its assets could be relevant to the claims and

6   defenses in this action, let alone established that the relevancy of these documents

7   outweighs fundamental privacy rights.  MGA further objects to this request on the

8   ground that the terms DOCUMENTS and REFERRING OR RELATING TO render

9   the request vague, ambiguous, overly broad and unduly burdensome.  MGA further

10  objects to the request to the extent that it seeks documents that by reason of public

11  filing, public distribution or otherwise are already in Mattel's possession or are

12  readily accessible to Mattel.  MGA further objects to this request to the extent that it

13  seeks documents not in MGA's possession, custody or control.  MGA also objects to

14  this request on the grounds that it seeks confidential, proprietary or commercially

15  sensitive information, the disclosure of which would be inimical to the business

16  interests of MGA.  MGA also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, joint defense or common interest privilege,

19  or other privilege.

20       MGA further objects to this request as cumulative and duplicative to the extent

21  that it seeks documents previously requested by Mattel or produced by MGA in

22  response to Mattel's document requests.

23  **REQUEST FOR PRODUCTION NO. 6**

24       All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for

25  any period on or after January 1, 2007 (excluding pleadings served by YOU on

26  MATTEL in this action).

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 27

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MGA's net worth, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "net worth." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO MGA's net worth could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks

665960v2

EXHIBIT 5

1  documents that by reason of public filing, public distribution or otherwise are already

2  in Mattel's possession or are readily accessible to Mattel. MGA also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of MGA. MGA also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest privilege,

8  or other privilege.

9       MGA further objects to this request as cumulative and duplicative to the extent

10 that it seeks documents previously requested by Mattel or produced by MGA in

11 response to Mattel's document requests.

12 **REQUEST FOR PRODUCTION NO. 7**

13      All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net

14 worth for any period on or after January 1, 2007 (excluding pleadings served by YOU

15 on MATTEL in this action).

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

17      MGA incorporates by reference its General Objections as though fully set forth

18 herein. MGA further objects to this request on the grounds that the Discovery Master

19 already has ruled on similarly phrased requests, including in an Order dated May 7,

20 2008, concluding that requests using phrases like "all documents," and "referring to

21 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

22 information. See May 7, 2008 Infante Order. MGA further objects on the grounds

23 that this request calls for the production of documents that are not limited to the

24 subject matter of this action and not relevant to any claim or defense in the pending

25 litigation or reasonably calculated to lead to the discovery of admissible evidence.

26 The request appears designed to circumvent the Court's January 7 Order appointing a

27 forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

28 See January 7, 2009 Larson Order Appointing Forensic Auditor.

665960v2

EXHIBIT 5

PAGE 29

1    MGA further objects to this request on the grounds that it is compound.  MGA

2  further objects to the request to the extent it violates the privacy rights of third parties

3  to their private, confidential, proprietary or trade secret information.

4    MGA also objects to this request on the grounds that it is overbroad, including,

5  without limitation, in that it would extend to any document referring or relating in any

6  way to a wide variety of matter that could potentially be construed as "relating" to

7  Isaac Larian's net worth, without regard to whether such documents are at all relevant

8  to any claim or defense at issue herein.  MGA further objects to this request on the

9  grounds that it is vague and ambiguous in its use of the term "net worth."  Mattel has

10  not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Isaac

11  Larian's net worth could be relevant to the claims and defenses in this action, let

12  alone established that the relevancy of these documents outweighs the individual's

13  fundamental right of privacy.  MGA further objects to this request on the ground that

14  the terms DOCUMENTS and REFERRING OR RELATING TO render the request

15  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible to

18  Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  MGA also objects to this request to the

21  extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense or

23  common interest privilege, or other privilege.

24    MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 30

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Spring 2009, without regard to whether such documents or communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every and communication that any of its hundreds of employees may have had with any retailers and other prospective purchasers referring or relating to orders for BRATZ products

665960v2

EXHIBIT 5

PAGE 31

1   for Spring 2009.  MGA further objects to this request on the grounds that it is vague
2   and ambiguous in its use of the terms "orders," "cancelled or held orders," and
3   "retailers and other prospective purchasers."  Mattel has not demonstrated how *all*
4   DOCUMENTS REFERRING OR RELATING TO orders, including without
5   limitation cancelled or held orders, for BRATZ products for Spring 2009, and all
6   COMMUNICATIONS with retailers and other prospective purchasers REFERRING
7   OR RELATING TO any such orders could be relevant to the claims and defenses in
8   this action, let alone established that the relevancy of these documents outweighs the
9   fundamental privacy rights.  MGA further objects to this request on the ground that
10  the terms DOCUMENTS, REFERRING OR RELATING TO, and
11  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly
12  burdensome.  MGA further objects to the request to the extent that it seeks documents
13  that by reason of public filing, public distribution or otherwise are already in Mattel's
14  possession or are readily accessible to Mattel.  MGA further objects to this request to
15  the extent that it seeks documents not in MGA's possession, custody or control.
16  MGA also objects to this request on the grounds that it seeks confidential, proprietary
17  or commercially sensitive information, the disclosure of which would be inimical to
18  the business interests of MGA.  MGA also objects to this request to the extent it calls
19  for the disclosure of attorney-client privileged information or information protected
20  from disclosure by the work-product doctrine, joint defense or common interest
21  privilege, or other privilege.

22          MGA further objects to this request as cumulative and duplicative to the extent
23  that it seeks documents previously requested by Mattel or produced by MGA in
24  response to Mattel's document requests.

25
26  \ \ \
27  \ \ \
28  \ \ \

665960v2

EXHIBIT 5

1  **REQUEST FOR PRODUCTION NO. 9**

2       All DOCUMENTS REFERRING OR RELATING TO orders, including

3  without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all

4  COMMUNICATIONS with retailers and other prospective purchasers REFERRING

5  OR RELATING TO any such orders.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

7       MGA incorporates by reference its General Objections as though fully set forth

8  herein.  MGA further objects to this request on the grounds that the Discovery Master

9  already has ruled on similarly phrased requests, including in an Order dated May 7,

10  2008, concluding that requests using phrases like "all documents," and "referring to

11  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

12  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

13  that this request calls for the production of documents and communications that are

14  not limited to the subject matter of this action and not relevant to any claim or defense

15  in the pending litigation or reasonably calculated to lead to the discovery of

16  admissible evidence.

17       MGA further objects to this request on the grounds that it is compound.  MGA

18  further objects to the request to the extent it violates the privacy rights of third parties

19  to their private, confidential, proprietary or trade secret information.

20       MGA also objects to this request on the grounds that it is overbroad, including,

21  without limitation, that it would extend to any documents or communications with

22  retailers and other prospective purchasers referring or relating in any way to a wide

23  variety of matter that could potentially be construed as "relating" to orders for

24  BRATZ products for Fall 2009, without regard to whether such communications are

25  at all relevant to any claim or defense at issue herein.  MGA also objects to this

26  request on the grounds that it is overbroad, unduly burdensome and oppressive in that

27  it purports to require MGA diligently to identify every and communication that any of

28  its hundreds of employees may have had with any retailers and other prospective

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

1 | purchasers referring or relating to orders for BRATZ products for Fall 2009. MGA

2 | further objects to this request on the grounds that it is vague and ambiguous in its use

3 | of the terms "orders," "cancelled or held orders," and "retailers and other prospective

4 | purchasers." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

5 | RELATING TO orders, including without limitation cancelled or held orders, for

6 | BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other

7 | prospective purchasers REFERRING OR RELATING TO any such orders could be

8 | relevant to the claims and defenses in this action, let alone established that the

9 | relevancy of these documents outweighs fundamental privacy rights. MGA further

10 | objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

11 | RELATING TO, and COMMUNICATIONS render the request vague, ambiguous,

12 | overly broad and unduly burdensome. MGA further objects to the request to the

13 | extent that it seeks documents that by reason of public filing, public distribution or

14 | otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

15 | further objects to this request to the extent that it seeks documents not in MGA's

16 | possession, custody or control. MGA also objects to this request on the grounds that

17 | it seeks confidential, proprietary or commercially sensitive information, the disclosure

18 | of which would be inimical to the business interests of MGA. MGA also objects to

19 | this request to the extent it calls for the disclosure of attorney-client privileged

20 | information or information protected from disclosure by the work-product doctrine,

21 | joint defense or common interest privilege, or other privilege.

22 |       MGA further objects to this request as being overly broad and unduly

23 | burdensome on the grounds that it is not limited in time. MGA further objects to this

24 | request as cumulative and duplicative to the extent that it seeks documents previously

25 | requested by Mattel or produced by MGA in response to Mattel's document requests.

26 |

27 | \ \ \

28 | \ \ \

665960v2

EXHIBIT 5

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS REFERRING OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family, since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to the transfer of any item of value between MGA and Isaac Larian or any member of Isaac Larian's family, or any entity controlled by Isaac Larian or Isaac Larian's family, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Mattel has not demonstrated how *all* DOCUMENTS REFERRING

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

1  OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the

2  benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity

3  controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family could be

4  relevant to the claims and defenses in this action, let alone established that the

5  relevancy of these documents outweighs the individual's fundamental right of

6  privacy.  MGA further objects to this request on the ground that the terms

7  DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render the

8  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

9  objects to the request to the extent that it seeks documents that by reason of public

10 filing, public distribution or otherwise are already in Mattel's possession or are

11 readily accessible to Mattel.  MGA further objects to this request to the extent that it

12 seeks documents not in MGA's possession, custody or control.  MGA also objects to

13 this request on the grounds that it seeks confidential, proprietary or commercially

14 sensitive information, the disclosure of which would be inimical to the business

15 interests of MGA.  MGA also objects to this request to the extent it calls for the

16 disclosure of attorney-client privileged information or information protected from

17 disclosure by the work-product doctrine, joint defense or common interest privilege,

18 or other privilege.

19      MGA further objects to this request as cumulative and duplicative to the extent

20 that it seeks documents previously requested by Mattel or produced by MGA in

21 response to Mattel's document requests.

22 **REQUEST FOR PRODUCTION NO. 11**

23      All COMMUNICATIONS between YOU and any third-party, including

24 without limitation any retailer or distributor but excluding MATTEL and any Court,

25 REFERRING OR RELATING TO YOUR ex parte application for stay pending

26 appeal, filed December 11, 2008, including without limitation any declaration,

27 whether final, draft, proposed or requested, in connection therewith and copies of all

28 draft declarations in connection therewith.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

1    MGA incorporates by reference its General Objections as though fully set forth
2  herein.  MGA further objects on the grounds that this request calls for the production
3  of documents that are not limited to the subject matter of this action and not relevant
4  to any claim or defense in the pending litigation or reasonably calculated to lead to
5  the discovery of admissible evidence.

6    MGA further objects to the request to the extent it violates the privacy rights of
7  third parties to their private, confidential, proprietary or trade secret information.

8    MGA also objects to this request on the grounds that it is overbroad, including,
9  without limitation, that it would extend to any communication between MGA and any
10  third-party referring or relating in any way to a wide variety of matter that could
11  potentially be construed as "relating" to MGA's ex parte application for stay pending
12  appeal, without regard to whether such communications are at all relevant to any
13  claim or defense at issue herein.  MGA also objects to this request on the grounds that
14  it is overbroad, unduly burdensome and oppressive in that it purports to require MGA
15  diligently to identify every communication that any of its hundreds of employees may
16  have had with any third-party referring or relating to this action.  MGA also objects to
17  this request on the grounds that it is overbroad, unduly burdensome and oppressive in
18  that it is not in any way limited as to the persons involved in the communications.
19  MGA further objects to this request on the grounds that it is vague and ambiguous in
20  its use of the terms "third-party," "retailer or distributor," and "ex parte application
21  for stay pending appeal."  Mattel has not demonstrated how *all*
22  COMMUNICATIONS between MGA and any third-party REFERRING OR
23  RELATING TO MGA's ex parte application for stay pending appeal could be relevant
24  to the claims and defenses in this action, let alone established that the relevancy of
25  these documents outweighs the individual's fundamental right of privacy.  MGA
26  further objects to this request on the ground that the terms COMMUNICATIONS and
27  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

665960v2

1   and unduly burdensome.  MGA further objects to the request to the extent that it seeks

2   documents that by reason of public filing, public distribution or otherwise are already

3   in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

4   request to the extent that it seeks documents not in MGA's possession, custody or

5   control.  MGA also objects to this request on the grounds that it seeks confidential,

6   proprietary or commercially sensitive information, the disclosure of which would be

7   inimical to the business interests of MGA.  MGA also objects to this request to the

8   extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11          MGA further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by MGA in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 12**

15          All DOCUMENTS REFERRING OR RELATING TO capital contributions to

16  MGA since January 1, 2007.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

18          MGA incorporates by reference its General Objections as though fully set forth

19  herein.  MGA further objects to this request on the grounds that the Discovery Master

20  already has ruled on similarly phrased requests, including in an Order dated May 7,

21  2008, concluding that requests using phrases like "all documents," and "referring to

22  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

23  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

24  that this request calls for the production of documents that are not limited to the

25  subject matter of this action and not relevant to any claim or defense in the pending

26  litigation or reasonably calculated to lead to the discovery of admissible evidence.

27  The request appears designed to circumvent the Court's January 7 Order appointing a

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

2   See January 7, 2009 Larson Order Appointing Forensic Auditor.

3       MGA further objects to this request on the grounds that it is compound.  MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.

6       MGA also objects to this request on the grounds that it is overbroad, including,

7   without limitation, that it would extend to any documents referring or relating in any

8   way to a wide variety of matter that could potentially be construed as "relating" to

9   capital contributions to MGA, without regard for whether such documents are at all

10  relevant to any claim or defense at issue herein.  MGA further objects to this request

11  on the grounds that it is vague and ambiguous in its use of the term "capital

12  contributions."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

13  OR RELATING TO capital contributions to MGA could be relevant to the claims and

14  defenses in this action, let alone established that the relevancy of these documents

15  outweighs the individual's fundamental right of privacy.  MGA further objects to this

16  request on the ground that the terms DOCUMENTS and REFERRING OR

17  RELATING TO render the request vague, ambiguous, overly broad and unduly

18  burdensome.  MGA further objects to the request to the extent that it seeks documents

19  that by reason of public filing, public distribution or otherwise are already in Mattel's

20  possession or are readily accessible to Mattel.  MGA further objects to this request to

21  the extent that it seeks documents not in MGA's possession, custody or control.

22  MGA also objects to this request on the grounds that it seeks confidential, proprietary

23  or commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of MGA.  MGA also objects to this request to the extent it calls

25  for the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1     MGA further objects to this request as cumulative and duplicative to the extent

2 that it seeks documents previously requested by Mattel or produced by MGA in

3 response to Mattel's document requests.

4 **REQUEST FOR PRODUCTION NO. 13**

5     All DOCUMENTS showing MGA's projected revenue, costs, profits or

6 financial performance for any period since January 1, 2007.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

8     MGA incorporates by reference its General Objections as though fully set forth

9 herein. MGA further objects on the grounds that this request calls for the production

10 of documents that are not limited to the subject matter of this action and not relevant

11 to any claim or defense in the pending litigation or reasonably calculated to lead to

12 the discovery of admissible evidence. The request appears designed to circumvent

13 the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

14 the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson Order Appointing

15 Forensic Auditor.

16     MGA further objects to this request on the grounds that it is compound. MGA

17 further objects to the request to the extent it violates the privacy rights of third parties

18 to their private, confidential, proprietary or trade secret information.

19     MGA also objects to this request on the grounds that it is overbroad, including,

20 without limitation, that it would extend to any documents referring or relating in any

21 way to a wide variety of matter that could potentially be construed as "showing"

22 MGA's projected revenue, costs, profits or financial performance, without regard for

23 whether such documents are at all relevant to any claim or defense at issue herein.

24 MGA further objects to this request on the grounds that it is vague and ambiguous in

25 its use of the terms "projected revenue," "costs," "profits," and "financial

26 performance." Mattel has not demonstrated how *all* DOCUMENTS showing MGA's

27 projected revenue, costs, profits or financial performance could be relevant to the

28 claims and defenses in this action, let alone established that the relevancy of these

665960v2

EXHIBIT 5

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  documents outweighs fundamental privacy rights. MGA further objects to this

2  request on the ground that the term DOCUMENTS renders the request vague,

3  ambiguous, overly broad and unduly burdensome. MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel. MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control. MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA. MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13       MGA further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by MGA in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 14**

17       All DOCUMENTS REFERRING OR RELATING TO any transfer of any

18  ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN,

19  any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly

20  by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any

21  ISAAC LARIAN family member since January. 1, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

23       MGA incorporates by reference its General Objections as though fully set forth

24  herein. MGA further objects to this request on the grounds that the Discovery Master

25  already has ruled on similarly phrased requests, including in an Order dated May 7,

26  2008, concluding that requests using phrases like "all documents," and "referring to

27  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

28  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

1  that this request calls for the production of documents that are not limited to the

2  subject matter of this action and not relevant to any claim or defense in the pending

3  litigation or reasonably calculated to lead to the discovery of admissible evidence.

4  The request appears designed to circumvent the Court's January 7 Order appointing a

5  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

6  See January 7, 2009 Larson Order Appointing Forensic Auditor.

7       MGA further objects to this request on the grounds that it is compound.  MGA

8  further objects to the request to the extent it violates the privacy rights of third parties

9  to their private, confidential, proprietary or trade secret information.

10       MGA also objects to this request on the grounds that it is overbroad, including,

11  without limitation, that it would extend to any document referring or relating in any

12  way to a wide variety of matter that could potentially be construed as "relating" to

13  this any transfer of any item of value between MGA, Isaac Larian, any Isaac Larian

14  family member, and any person controlled directly or indirectly by Isaac Larian or

15  Isaac Larian's family, without regard to whether such documents are at all relevant to

16  any claim or defense at issue herein.  MGA further objects to this request on the

17  grounds that it is vague and ambiguous in its use of the terms "transfer" and

18  "controlled, directly or indirectly."  Mattel has not demonstrated how *all*

19  DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF

20  VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC

21  LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC

22  LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN

23  family member could be relevant to the claims and defenses in this action, let alone

24  established that the relevancy of these documents outweighs the individual's

25  fundamental right of privacy.  MGA further objects to this request on the ground that

26  the terms DOCUMENTS, REFERRING OR RELATING TO, ITEM OF VALUE, and

27  PERSON render the request vague, ambiguous, overly broad and unduly burdensome.

28  MGA further objects to the request to the extent that it seeks documents that by

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

PAGE 402

1    reason of public filing, public distribution or otherwise are already in Mattel's

2    possession or are readily accessible to Mattel. MGA further objects to this request to

3    the extent that it seeks documents not in MGA's possession, custody or control.

4    MGA also objects to this request on the grounds that it seeks confidential, proprietary

5    or commercially sensitive information, the disclosure of which would be inimical to

6    the business interests of MGA. MGA also objects to this request to the extent it calls

7    for the disclosure of attorney-client privileged information or information protected

8    from disclosure by the work-product doctrine, joint defense or common interest

9    privilege, or other privilege.

10         MGA further objects to this request as cumulative and duplicative to the extent

11    that it seeks documents previously requested by Mattel or produced by MGA in

12    response to Mattel's document requests.

13    **REQUEST FOR PRODUCTION NO. 15**

14         All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family

15    member since January 1, 2007.

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

17         MGA incorporates by reference its General Objections as though fully set forth

18    herein. MGA further objects on the grounds that this request calls for the production

19    of documents that are not limited to the subject matter of this action and not relevant

20    to any claim or defense in the pending litigation or reasonably calculated to lead to

21    the discovery of admissible evidence. The request appears designed to circumvent

22    the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

23    the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson Order Appointing

24    Forensic Auditor.

25         MGA further objects to this request on the grounds that it is compound. MGA

26    further objects to the request to the extent it violates the privacy rights of third parties

27    to their private, confidential, proprietary or trade secret information.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

PAGE 43

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   MGA further objects to this request on the grounds that it is vague and

2   ambiguous in its use of the terms "W-2" and "family member."  Mattel has not

3   demonstrated how *all* W-2s REFERRING OR RELATING TO any ISAAC LARIAN

4   family member could be relevant to the claims and defenses in this action, let alone

5   established that the relevancy of these documents outweighs the individual's

6   fundamental right of privacy.  MGA further objects to this request on the ground that

7   the term REFERRING OR RELATING TO renders the request vague, ambiguous,

8   overly broad and unduly burdensome.  MGA further objects to the request to the

9   extent that it seeks documents that by reason of public filing, public distribution or

10  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

11  further objects to this request to the extent that it seeks documents not in MGA's

12  possession, custody or control.  MGA also objects to this request on the grounds that

13  it seeks confidential, proprietary or commercially sensitive information, the disclosure

14  of which would be inimical to the business interests of MGA.  MGA also objects to

15  this request to the extent it calls for the disclosure of attorney-client privileged

16  information or information protected from disclosure by the work-product doctrine,

17  joint defense or common interest privilege, or other privilege.

18      MGA further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by MGA in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 16**

22      All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or

23  transfer by MGA of BRATZ products having a retail value greater than $50,000 other

24  than to retailers in the ordinary course of business since January 1, 2007.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

26      MGA incorporates by reference its General Objections as though fully set forth

27  herein.  MGA further objects to this request on the grounds that the Discovery Master

28  already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

EXHIBIT 5

1   2008, concluding that requests using phrases like "all documents," and "referring to

2   or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3   information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

4   that this request calls for the production of documents that are not limited to the

5   subject matter of this action and not relevant to any claim or defense in the pending

6   litigation or reasonably calculated to lead to the discovery of admissible evidence.

7   The request appears designed to circumvent the Court's January 7 Order appointing a

8   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9   See January 7, 2009 Larson Order Appointing Forensic Auditor.

10       MGA further objects to this request on the grounds that it is compound.  MGA

11   further objects to the request to the extent it violates the privacy rights of third parties

12   to their private, confidential, proprietary or trade secret information.

13       MGA also objects to this request on the grounds that it is overbroad, including,

14   without limitation, that it would extend to any document referring or relating in any

15   way to a wide variety of matter that could potentially be construed as "relating" to

16   any sale, distribution or transfer by MGA of BRATZ products having a retail value

17   greater than $50,000 other than to retailers in the ordinary course of business, without

18   regard to whether such documents are at all relevant to any claim or defense at issue

19   herein.  MGA also objects to this request on the grounds that it is overbroad, unduly

20   burdensome and oppressive in that it is not in any way limited as to the persons

21   involved in the sales, distributions, or transfers.  MGA further objects to this request

22   on the grounds that it is vague and ambiguous in its use of the terms "sale,"

23   "distribution," "transfer," "retail value," "retailers," and "ordinary course of

24   business."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

25   RELATING TO any sale, distribution or transfer by MGA of BRATZ products having

26   a retail value greater than $50,000 other than to retailers in the ordinary course of

27   business could be relevant to the claims and defenses in this action, let alone

28   established that the relevancy of these documents outweighs fundamental privacy

665960v2

EXHIBIT 5

PAGE 45

1  rights.  MGA further objects to this request on the ground that the terms

2  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

3  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel.  MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control.  MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA.  MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by MGA in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 17**

17      All DOCUMENTS REFERRING OR RELATING TO agreements,

18  transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

19  and IGWT Group, LLC.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

21      MGA incorporates by reference its General Objections as though fully set forth

22  herein.  MGA further objects to this request on the grounds that the Discovery Master

23  already has ruled on similarly phrased requests, including in an Order dated May 7,

24  2008, concluding that requests using phrases like "all documents," and "referring to

25  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

26  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

27  that this request calls for the production of documents that are not limited to the

28  subject matter of this action and not relevant to any claim or defense in the pending

665960v2

1  litigation or reasonably calculated to lead to the discovery of admissible evidence.

2  The request appears designed to circumvent the Court's January 7 Order appointing a

3  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

4  See January 7, 2009 Larson Order Appointing Forensic Auditor.

5        MGA further objects to this request on the grounds that it is compound.  MGA

6  further objects to the request to the extent it violates the privacy rights of third parties

7  to their private, confidential, proprietary or trade secret information.  MGA further

8  objects to this request on the grounds that it is overbroad as to subject matter and

9  time; in particular, MGA objects that the phrases "all documents" and "referring or

10  relating to" are unbounded by any date limitation and are not tied in any way to any

11  claim, defense or other issues involved in Phase 2 of this litigation.

12        MGA also objects to this request on the grounds that it is overbroad, including,

13  without limitation, that it would extend to any document referring or relating in any

14  way to a wide variety of matter that could potentially be construed as "relating" to

15  any agreements, transactions, sales, shipments or the transfer of any ITEM OF

16  VALUE between MGA and IGWT Group, LLC, without regard to whether such

17  documents are at all relevant to any claim or defense at issue herein.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome and

19  oppressive in that it is not in any way limited as to the persons involved in the

20  communications or as to time.  MGA further objects to this request on the grounds

21  that it is vague and ambiguous in its use of the terms "agreements," "transactions,"

22  "sales," "shipments," and "transfer."  Mattel has not demonstrated how *all*

23  DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,

24  shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,

25  LLC could be relevant to the claims and defenses in this action, let alone established

26  that the relevancy of these documents outweighs the individual's fundamental right of

27  privacy.  MGA further objects to this request on the ground that the terms

28  DOCUMENTS, REFERRING OR RELATING TO, and  ITEM OF VALUE render

665960v2

EXHIBIT 5

PAGE 47

1 the request vague, ambiguous, overly broad and unduly burdensome. MGA further

2 objects to the request to the extent that it seeks documents that by reason of public

3 filing, public distribution or otherwise are already in Mattel's possession or are

4 readily accessible to Mattel. MGA further objects to this request to the extent that it

5 seeks documents not in MGA's possession, custody or control. MGA also objects to

6 this request on the grounds that it seeks confidential, proprietary or commercially

7 sensitive information, the disclosure of which would be inimical to the business

8 interests of MGA. MGA also objects to this request to the extent it calls for the

9 disclosure of attorney-client privileged information or information protected from

10 disclosure by the work-product doctrine, joint defense or common interest privilege,

11 or other privilege.

12     MGA further objects to this request as being overly broad and unduly

13 burdensome on the grounds that it is not limited in time. MGA further objects to this

14 request as cumulative and duplicative to the extent that it seeks documents previously

15 requested by Mattel or produced by MGA in response to Mattel's document requests.

16 **REQUEST FOR PRODUCTION NO. 18**

17     All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of

18 product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase

19 Agreement dated July 7, 2008, including without limitation all audits or other

20 valuations performed in connection with such product, any opinions RELATING TO

21 the fairness or unfairness of such transfer, all MGA corporate or director resolutions

22 or approvals of such transfer, all bids received or solicited in connection with the

23 purported sale or offering for sale of such product, the terms of such bids and any

24 other and all COMMUNICATIONS relating to any of the foregoing.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

26     MGA incorporates by reference its General Objections as though fully set forth

27 herein. MGA further objects to this request on the grounds that the Discovery Master

28 already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

1   2008, concluding that requests using phrases like "all documents," and "referring to

2   or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3   information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

4   that this request calls for the production of documents that are not limited to the

5   subject matter of this action and not relevant to any claim or defense in the pending

6   litigation or reasonably calculated to lead to the discovery of admissible evidence.

7   The request appears designed to circumvent the Court's January 7 Order appointing a

8   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9   See January 7, 2009 Larson Order Appointing Forensic Auditor.

10       MGA further objects to this request on the grounds that it is compound.  MGA

11   further objects to the request to the extent it violates the privacy rights of third parties

12   to their private, confidential, proprietary or trade secret information.

13       MGA also objects to this request on the grounds that it is overbroad, including,

14   without limitation, that it would extend to any documents and communications

15   between anyone at MGA and any other person referring or relating in any way to a

16   wide variety of matter that could potentially be construed as "relating" to the alleged

17   transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

18   Purchase Agreement dated July 7, 2008, without regard to whether such documents

19   and communications are at all relevant to any claim or defense at issue herein.  MGA

20   also objects to this request on the grounds that it is overbroad, unduly burdensome

21   and oppressive in that it purports to require MGA diligently to identify every

22   communication that any of its hundreds of employees may have had with any other

23   person referring or relating to the alleged transfer of product from MGA to IGWT

24   Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008.  MGA

25   also objects to this request on the grounds that it is overbroad, unduly burdensome

26   and oppressive in that it is not in any way limited as to the persons involved in the

27   communications.  MGA further objects to this request on the grounds that it is vague

28   and ambiguous in its use of the terms "transfer of product," "corporate or director

665960v2

EXHIBIT 5

PAGE 49

1  resolutions or approvals," "bids received or solicited," and "purported sale or offering
2  for sale." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR
3  RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC
4. pursuant to the Inventory Purchase Agreement dated July 7, 2008, *any* opinions
5  RELATING TO the fairness or unfairness of such transfer, *all* MGA corporate or
6  director resolutions or approvals of such transfer, *all* bids received or solicited in
7  connection with the purported sale or offering for sale of such product, the terms of
8  such bids and *any other and all* COMMUNICATIONS relating to any of the
9  foregoing could be relevant to the claims and defenses in this action, let alone
10  established that the relevancy of these documents outweighs the individual's
11  fundamental right of privacy. MGA further objects to this request on the ground that
12  the terms DOCUMENTS, REFERRING OR RELATING TO, and
13  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly
14  burdensome. MGA further objects to the request to the extent that it seeks documents
15  that by reason of public filing, public distribution or otherwise are already in Mattel's
16  possession or are readily accessible to Mattel. MGA further objects to this request to
17  the extent that it seeks documents not in MGA's possession, custody or control.
18  MGA also objects to this request on the grounds that it seeks confidential, proprietary
19  or commercially sensitive information, the disclosure of which would be inimical to
20  the business interests of MGA. MGA also objects to this request to the extent it calls
21  for the disclosure of attorney-client privileged information or information protected
22  from disclosure by the work-product doctrine, joint defense or common interest
23  privilege, or other privilege.
24      MGA further objects to this request as cumulative and duplicative to the extent
25  that it seeks documents previously requested by Mattel or produced by MGA in
26  response to Mattel's document requests.
27
28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310/553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT
PAGE 50

**REQUEST FOR PRODUCTION NO. 19**

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to the revenue generated by IGWT Group, LLC's sales, licensing, distribution or other

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT 5

PAGE 51

1  transfer of BRATZ products and the transfer or disposition of such revenue, without

2  regard to whether such documents are at all relevant to any claim or defense at issue

3  herein.  MGA also objects to this request on the grounds that it is overbroad, unduly

4  burdensome and oppressive in that it is not in any way limited as to the persons

5  involved in the communications or as to time.  MGA further objects to this request on

6  the grounds that it is vague and ambiguous in its use of the terms "revenue

7  generated," "sales," "licensing," "distribution," "other transfer," "BRATZ products,"

8  and "transfer or disposition of such revenue."  Mattel has not demonstrated how *all*

9  DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT

10  Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and

11  the transfer or disposition of such revenue could be relevant to the claims and

12  defenses in this action, let alone established that the relevancy of these documents

13  outweighs the individual's fundamental right of privacy.  MGA further objects to this

14  request on the ground that the terms DOCUMENTS and REFERRING OR

15  RELATING TO render the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the request to the extent that it seeks documents

17  that by reason of public filing, public distribution or otherwise are already in Mattel's

18  possession or are readily accessible to Mattel.  MGA further objects to this request to

19  the extent that it seeks documents not in MGA's possession, custody or control.

20  MGA also objects to this request on the grounds that it seeks confidential, proprietary

21  or commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of MGA.  MGA also objects to this request to the extent it calls

23  for the disclosure of attorney-client privileged information or information protected

24  from disclosure by the work-product doctrine, joint defense or common interest

25  privilege, or other privilege.

26       MGA further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  MGA further objects to this

28

665960v2

EXHIBIT 5

PAGE 52

1   request as cumulative and duplicative to the extent that it seeks documents previously

2   requested by Mattel or produced by MGA in response to Mattel's document requests.

3   **REQUEST FOR PRODUCTION NO. 20**

4        All DOCUMENTS REFERRING OR RELATING TO agreements, contracts,

5   transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA

6   and IGWT 826 Investments, LLC.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

8        MGA incorporates by reference its General Objections as though fully set forth

9   herein. MGA further objects to this request on the grounds that the Discovery Master

10  already has ruled on similarly phrased requests, including in an Order dated May 7,

11  2008, concluding that requests using phrases like "all documents," and "referring to

12  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

13  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

14  that this request calls for the production of documents that are not limited to the

15  subject matter of this action and not relevant to any claim or defense in the pending

16  litigation or reasonably calculated to lead to the discovery of admissible evidence.

17  The request appears designed to circumvent the Court's January 7 Order appointing a

18  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

19  See January 7, 2009 Larson Order Appointing Forensic Auditor.

20       MGA further objects to this request on the grounds that it is compound. MGA

21  further objects to the request to the extent it violates the privacy rights of third parties

22  to their private, confidential, proprietary or trade secret information. MGA further

23  objects to this request on the grounds that it is overbroad as to subject matter and

24  time; in particular, MGA objects that the phrases "all documents" and "referring or

25  relating to" are unbounded by any date limitation and are not tied in any way to any

26  claim, defense or other issues involved in Phase 2 of this litigation.

27       MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to any documents referring or relating in any

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 53

1   way to a wide variety of matter that could potentially be construed as "relating" to

2   agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF

3   VALUE between MGA and IGWT 826 Investments, LLC, without regard to whether

4   such documents are at all relevant to any claim or defense at issue herein. MGA

5   further objects to this request on the grounds that it is vague and ambiguous in its use

6   of the terms "agreements," "contracts," "transactions," "sales," "shipments," and

7   "transfers." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

8   RELATING TO agreements, contracts, transactions, sales, shipments or transfers of

9   any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC could be

10  relevant to the claims and defenses in this action, let alone established that the

11  relevancy of these documents outweighs fundamental privacy rights. MGA further

12  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

13  RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly

14  broad and unduly burdensome. MGA further objects to the request to the extent that

15  it seeks documents that by reason of public filing, public distribution or otherwise are

16  already in Mattel's possession or are readily accessible to Mattel. MGA further

17  objects to this request to the extent that it seeks documents not in MGA's possession,

18  custody or control. MGA also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA. MGA also objects to this

21  request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.

24          MGA further objects to this request as being overly broad and unduly

25  burdensome on the grounds that it is not limited in time. MGA further objects to this

26  request as cumulative and duplicative to the extent that it seeks documents previously

27  requested by Mattel or produced by MGA in response to Mattel's document requests.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

54

**REQUEST FOR PRODUCTION NO. 21**

All DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of BRATZ products and the transfer or disposition of such revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or

665960v2

EXHIBIT 5

PAGE 55

1  other transfer of BRATZ products and the transfer or disposition of such revenue,

2  without regard to whether such communications are at all relevant to any claim or

3  defense at issue herein. MGA further objects to this request on the grounds that it is

4  vague and ambiguous in its use of the terms "sales, licensing, distribution or other

5  transfer" and "transfer or disposition of such revenue." Mattel has not demonstrated

6  how *all* DOCUMENTS REFERRING OR RELATING TO the revenue generated by

7  IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

8  BRATZ products and the transfer or disposition of such revenue could be relevant to

9  the claims and defenses in this action, let alone established that the relevancy of these

10  documents outweighs fundamental privacy rights. MGA further objects to this

11  request on the ground that the terms DOCUMENTS and REFERRING OR

12  RELATING TO render the request vague, ambiguous, overly broad and unduly

13  burdensome. MGA further objects to the request to the extent that it seeks documents

14  that by reason of public filing, public distribution or otherwise are already in Mattel's

15  possession or are readily accessible to Mattel. MGA further objects to this request to

16  the extent that it seeks documents not in MGA's possession, custody or control.

17  MGA also objects to this request on the grounds that it seeks confidential, proprietary

18  or commercially sensitive information, the disclosure of which would be inimical to

19  the business interests of MGA. MGA also objects to this request to the extent it calls

20  for the disclosure of attorney-client privileged information or information protected

21  from disclosure by the work-product doctrine, joint defense or common interest

22  privilege, or other privilege.

23      MGA further objects to this request as being overly broad and unduly

24  burdensome on the grounds that it is not limited in time. MGA further objects to this

25  request as cumulative and duplicative to the extent that it seeks documents previously

26  requested by Mattel or produced by MGA in response to Mattel's document requests.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBB & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

56

**REQUEST FOR PRODUCTION NO. 22**

All agreements, contracts and written COMMUNICATIONS between MGA and Wachovia since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to agreements, contracts and written COMMUNICATIONS between anyone at MGA and anyone at Wachovia, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with any employee of Wachovia since January 1, 2007. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements" and "contracts." Mattel has not demonstrated how *all* agreements, contracts and written COMMUNICATIONS between MGA and Wachovia could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the term COMMUNICATIONS renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public

665960v2

EXHIBIT 5

1  filing, public distribution or otherwise are already in Mattel's possession or are

2  readily accessible to Mattel.  MGA further objects to this request to the extent that it

3  seeks documents not in MGA's possession, custody or control.  MGA also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of MGA.  MGA also objects to this request to the extent it calls for the

7  disclosure of attorney-client privileged information or information protected from

8  disclosure by the work-product doctrine, joint defense or common interest privilege,

9  or other privilege.

10      MGA further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by MGA in

12  response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 23**

14      All agreements and contracts REFERRING OR RELATING TO any

15  indebtedness owed to Wachovia or any credit extended by Wachovia since January 1,

16  2007, and any amendments or modifications thereto, and any COMMUNICATIONS

17  RELATED TO any such agreements or contracts.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

19      MGA incorporates by reference its General Objections as though fully set forth

20  herein.  MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.

24      MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27      MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to any documents and communications

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1  between anyone at MGA and anyone at Wachovia referring or relating in any way to

2  a wide variety of matter that could potentially be construed as "relating" to any

3  indebtedness owed to Wachovia or any credit extended by Wachovia, without regard

4  to whether such documents and communications are at all relevant to any claim or

5  defense at issue herein.  MGA also objects to this request on the grounds that it is

6  overbroad, unduly burdensome and oppressive in that it purports to require MGA

7  diligently to identify every document and communication that any of its hundreds of

8  employees may have had with anyone at Wachovia referring or relating to any

9  indebtedness owed to Wachovia or any credit extended by Wachovia.  MGA further

10  objects to this request on the grounds that it is vague and ambiguous in its use of the

11  terms "indebtedness" and "credit extended."  Mattel has not demonstrated how *all*

12  agreements and contracts REFERRING OR RELATING TO any indebtedness owed

13  to Wachovia or any credit extended by Wachovia since January 1, 2007, and any

14  amendments or modifications thereto, and any COMMUNICATIONS RELATED TO

15  any such agreements or contracts could be relevant to the claims and defenses in this

16  action, let alone established that the relevancy of these documents outweighs the

17  individual's fundamental right of privacy.  MGA further objects to this request on the

18  ground that the terms REFERRING OR RELATING TO and COMMUNICATIONS

19  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

20  further objects to the request to the extent that it seeks documents that by reason of

21  public filing, public distribution or otherwise are already in Mattel's possession or are

22  readily accessible to Mattel.  MGA further objects to this request to the extent that it

23  seeks documents not in MGA's possession, custody or control.  MGA also objects to

24  this request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of MGA.  MGA also objects to this request to the extent it calls for the

27  disclosure of attorney-client privileged information or information protected from

28

665960v2

EXHIBIT 5

59

1   disclosure by the work-product doctrine, joint defense or common interest privilege,

2   or other privilege.

3       MGA further objects to this request as cumulative and duplicative to the extent

4   that it seeks documents previously requested by Mattel or produced by MGA in

5   response to Mattel's document requests.

6   **REQUEST FOR PRODUCTION NO. 24**

7       All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

8   transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments

9   or modifications thereto, and any COMMUNICATIONS REFERRING OR

10  RELATING TO any such agreements, contracts or transactions.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

12      MGA incorporates by reference its General Objections as though fully set forth

13  herein.  MGA further objects to this request on the grounds that the Discovery Master

14  already has ruled on similarly phrased requests, including in an Order dated May 7,

15  2008, concluding that requests using phrases like "all documents," and "referring to

16  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

17  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

18  that this request calls for the production of documents that are not limited to the

19  subject matter of this action and not relevant to any claim or defense in the pending

20  litigation or reasonably calculated to lead to the discovery of admissible evidence.

21  The request appears designed to circumvent the Court's January 7 Order appointing a

22  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

23  See January 7, 2009 Larson Order Appointing Forensic Auditor.

24      MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.  MGA further

27  objects to this request on the grounds that it is overbroad as to subject matter and

28  time; in particular, MGA objects that the phrases "all documents" and "referring or

665960v2

EXHIBIT 5

1   relating to" are unbounded by any date limitation and are not tied in any way to any

2   claim, defense or other issues involved in Phase 2 of this litigation.

3          MGA also objects to this request on the grounds that it is overbroad, including,

4   without limitation, that it would extend to any documents and communication

5   between anyone at MGA and anyone at OMNI 808 INVESTORS, LLC referring or

6   relating in any way to a wide variety of matter that could potentially be construed as

7   "relating" to agreements, contracts or transactions between MGA and OMNI 808

8   INVESTORS, LLC, and any amendments or modifications thereto, without regard to

9   whether such documents and communications are at all relevant to any claim or

10  defense at issue herein.  MGA also objects to this request on the grounds that it is

11  overbroad, unduly burdensome and oppressive in that it purports to require MGA

12  diligently to identify every communication that any of its hundreds of employees may

13  have had with anyone at OMNI 808 INVESTORS, LLC referring or relating to

14  agreements, contracts or transactions between MGA and OMNI 808 INVESTORS,

15  LLC, and any amendments or modifications thereto.  MGA further objects to this

16  request on the grounds that it is vague and ambiguous in its use of the terms

17  "agreements, contracts or transactions" and "amendments or modifications."  Mattel

18  has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO

19  agreements, contracts or transactions between MGA and OMNI 808 INVESTORS,

20  LLC, and any amendments or modifications thereto, and any COMMUNICATIONS

21  REFERRING OR RELATING TO any such agreements, contracts or transactions

22  could be relevant to the claims and defenses in this action, let alone established that

23  the relevancy of these documents outweighs the individual's fundamental right of

24  privacy.  MGA further objects to this request on the ground that the terms

25  DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS

26  render the request vague, ambiguous, overly broad and unduly burdensome.  MGA

27  further objects to the request to the extent that it seeks documents that by reason of

28  public filing, public distribution or otherwise are already in Mattel's possession or are

665960v2

1  readily accessible to Mattel.  MGA further objects to this request to the extent that it

2  seeks documents not in MGA's possession, custody or control.  MGA also objects to

3  this request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of MGA.  MGA also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest privilege,

8  or other privilege.

9       MGA further objects to this request as being overly broad and unduly

10  burdensome on the grounds that it is not limited in time.  MGA further objects to this

11  request as cumulative and duplicative to the extent that it seeks documents previously

12  requested by Mattel or produced by MGA in response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 25**

14       All DOCUMENTS containing financial information, including but not limited

15  to YOUR historical and prospective financial performance, provided by YOU to

16  OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

17  FINANCIAL, LLC since January 1, 2008.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

19       MGA incorporates by reference its General Objections as though fully set forth

20  herein.  MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.

24       MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27       MGA also objects to this request on the grounds that it is overbroad, including,

28  without limitation, that it would extend to *all* documents provided to anyone at MGA

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  by any other person at OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or

2  LEXINGTON FINANCIAL, LLC since January 1, 2008, without regard to whether

3  such documents are at all relevant to any claim or defense at issue herein.  MGA

4  further objects to this request on the grounds that it is vague and ambiguous in its use

5  of the terms "financial information" and "historical and prospective financial

6  performance."  Mattel has not demonstrated how *all* DOCUMENTS containing

7  financial information, including but not limited to MGA's historical and prospective

8  financial performance, provided by MGA to OMNI 808 INVESTORS, LLC, VISION

9  CAPITAL, LLC or LEXINGTON FINANCIAL, LLC could be relevant to the claims

10 and defenses in this action, let alone established that the relevancy of these documents

11 outweighs the individual's fundamental right of privacy.  MGA further objects to this

12 request on the ground that the term DOCUMENTS renders the request vague,

13 ambiguous, overly broad and unduly burdensome.  MGA further objects to the

14 request to the extent that it seeks documents that by reason of public filing, public

15 distribution or otherwise are already in Mattel's possession or are readily accessible to

16 Mattel.  MGA further objects to this request to the extent that it seeks documents not

17 in MGA's possession, custody or control.  MGA also objects to this request on the

18 grounds that it seeks confidential, proprietary or commercially sensitive information,

19 the disclosure of which would be inimical to the business interests of MGA.  MGA

20 also objects to this request to the extent it calls for the disclosure of attorney-client

21 privileged information or information protected from disclosure by the work-product

22 doctrine, joint defense or common interest privilege, or other privilege.

23       MGA further objects to this request as cumulative and duplicative to the extent

24 that it seeks documents previously requested by Mattel or produced by MGA in

25 response to Mattel's document requests.

26

27 \ \ \

28 \ \ \

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

PAGE 63

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5
PAGE 64

1 | LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto,

2 | without regard to whether such documents and communications are at all relevant to

3 | any claim or defense at issue herein.  MGA also objects to this request on the grounds

4 | that it is overbroad, unduly burdensome and oppressive in that it purports to require

5 | MGA diligently to identify every communication that any of its hundreds of

6 | employees may have had with anyone at LEXINGTON FINANCIAL, LLC or any

7 | other person referring or relating to agreements, contracts or transactions between

8 | LEXINGTON FINANCIAL, LLC and MGA or any other person, and any

9 | amendments or modifications thereto.  MGA further objects to this request on the

10 | grounds that it is vague and ambiguous in its use of the terms "agreements, contracts

11 | or transactions" and "amendments or modifications."  Mattel has not demonstrated

12 | how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

13 | transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

14 | PERSON, and any amendments or modifications thereto, and any

15 | COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

16 | contracts or transactions could be relevant to the claims and defenses in this action, let

17 | alone established that the relevancy of these documents outweighs the individual's

18 | fundamental right of privacy.  MGA further objects to this request on the ground that

19 | the terms DOCUMENTS, REFERRING OR RELATING TO, and

20 | COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

21 | burdensome.  MGA further objects to the request to the extent that it seeks documents

22 | that by reason of public filing, public distribution or otherwise are already in Mattel's

23 | possession or are readily accessible to Mattel.  MGA further objects to this request to

24 | the extent that it seeks documents not in MGA's possession, custody or control.

25 | MGA also objects to this request on the grounds that it seeks confidential, proprietary

26 | or commercially sensitive information, the disclosure of which would be inimical to

27 | the business interests of MGA.  MGA also objects to this request to the extent it calls

28 | for the disclosure of attorney-client privileged information or information protected

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

1  from disclosure by the work-product doctrine, joint defense or common interest

2  privilege, or other privilege.

3      MGA further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in time.  MGA further objects to this

5  request as cumulative and duplicative to the extent that it seeks documents previously

6  requested by Mattel or produced by MGA in response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 27**

8      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

9  transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

10  any amendments or modifications thereto, and any COMMUNICATIONS

11  REFERRING OR RELATING TO any such agreements, contracts or transactions.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

13      MGA incorporates by reference its General Objections as though fully set forth

14  herein.  MGA further objects to this request on the grounds that the Discovery Master

15  already has ruled on similarly phrased requests, including in an Order dated May 7,

16  2008, concluding that requests using phrases like "all documents," and "referring to

17  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

18  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

19  that this request calls for the production of documents that are not limited to the

20  subject matter of this action and not relevant to any claim or defense in the pending

21  litigation or reasonably calculated to lead to the discovery of admissible evidence.

22      MGA further objects to this request on the grounds that it is compound.  MGA

23  further objects to the request to the extent it violates the privacy rights of third parties

24  to their private, confidential, proprietary or trade secret information.  MGA further

25  objects to this request on the grounds that it is overbroad as to subject matter and

26  time; in particular, MGA objects that the phrases "all documents" and "referring or

27  relating to" are unbounded by any date limitation and are not tied in any way to any

28  claim, defense or other issues involved in Phase 2 of this litigation.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

1    MGA also objects to this request on the grounds that it is overbroad, including,

2    without limitation, that it would extend to any documents and communication

3    between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating

4    in any way to a wide variety of matter that could potentially be construed as

5    "relating" to agreements, contracts or transactions between MGA and VISION

6    CAPITAL, LLC, and any amendments or modifications thereto, without regard to

7    whether such documents and communications are at all relevant to any claim or

8    defense at issue herein.  MGA also objects to this request on the grounds that it is

9    overbroad, unduly burdensome and oppressive in that it purports to require MGA

10   diligently to identify every communication that any of its hundreds of employees may

11   have had with anyone at VISION CAPITAL, LLC or any other person referring or

12   relating to agreements, contracts or transactions between VISION CAPITAL, LLC

13   and MGA or any other person, and any amendments or modifications thereto.  MGA

14   further objects to this request on the grounds that it is vague and ambiguous in its use

15   of the terms "agreements, contracts or transactions" and "amendments or

16   modifications."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

17   OR RELATING TO agreements, contracts or transactions between VISION

18   CAPITAL, LLC and MGA or any other PERSON, and any amendments or

19   modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING

20   TO any such agreements, contracts or transactions could be relevant to the claims and

21   defenses in this action, let alone established that the relevancy of these documents

22   outweighs the individual's fundamental right of privacy.  MGA further objects to this

23   request on the ground that the terms DOCUMENTS, REFERRING OR RELATING

24   TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad

25   and unduly burdensome.  MGA further objects to the request to the extent that it seeks

26   documents that by reason of public filing, public distribution or otherwise are already

27   in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

28   request to the extent that it seeks documents not in MGA's possession, custody or

665960v2

1   control.  MGA also objects to this request on the grounds that it seeks confidential,

2   proprietary or commercially sensitive information, the disclosure of which would be

3   inimical to the business interests of MGA.  MGA also objects to this request to the

4   extent it calls for the disclosure of attorney-client privileged information or

5   information protected from disclosure by the work-product doctrine, joint defense or

6   common interest privilege, or other privilege.

7       MGA further objects to this request as being overly broad and unduly

8   burdensome on the grounds that it is not limited in time.  MGA further objects to this

9   request as cumulative and duplicative to the extent that it seeks documents previously

10  requested by Mattel or produced by MGA in response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 28**

12      DOCUMENTS sufficient to IDENTIFY each member, managing member,

13  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

14  LLC.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

16      MGA incorporates by reference its General Objections as though fully set forth

17  herein.  MGA further objects on the grounds that this request calls for the production

18  of documents that are not limited to the subject matter of this action and not relevant

19  to any claim or defense in the pending litigation or reasonably calculated to lead to

20  the discovery of admissible evidence.

21      MGA further objects to this request on the grounds that it is compound.  MGA

22  further objects to the request to the extent it violates the privacy rights of third parties

23  to their private, confidential, proprietary or trade secret information.  MGA further

24  objects to this request on the grounds that it is overbroad as to subject matter and

25  time; in particular, MGA objects that the phrase "each member, managing member,

26  holder of any ownership interest in, shareholder, officer and director" is unbounded

27  by any date limitation and is not tied in any way to any claim, defense or other issues

28  involved in Phase 2 of this litigation.

665960v2

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

EXHIBIT  5

PAGE

1    MGA also objects to this request on the grounds that it is overbroad, unduly

2    burdensome and oppressive in that it is not in any way limited as to the persons

3    mentioned or as to time.  MGA further objects to this request on the grounds that it is

4    vague and ambiguous in its use of the terms "member," "managing member," "holder

5    of any ownership interest," "shareholder," "officer," "director."  Mattel has not

6    demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7    member, holder of any ownership interest in, shareholder, officer and director of

8    IGWT Group, LLC could be relevant to the claims and defenses in this action, let

9    alone established that the relevancy of these documents outweighs the individual's

10   fundamental right of privacy.  MGA further objects to the request to the extent that it

11   seeks documents that by reason of public filing, public distribution or otherwise are

12   already in Mattel's possession or are readily accessible to Mattel.  MGA further

13   objects to this request to the extent that it seeks documents not in MGA's possession,

14   custody or control.  MGA also objects to this request to the extent it calls for the

15   disclosure of attorney-client privileged information or information protected from

16   disclosure by the work-product doctrine, joint defense or common interest privilege,

17   or other privilege.

18        MGA further objects to this request as cumulative and duplicative to the extent

19   that it seeks documents previously requested by Mattel or produced by MGA in

20   response to Mattel's document requests.

21   **REQUEST FOR PRODUCTION NO. 29**

22        DOCUMENTS sufficient to IDENTIFY each member, managing member,

23   holder of any ownership interest in, shareholder, officer and director of IGWT 826

24   Investments, LLC.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

26        MGA incorporates by reference its General Objections as though fully set forth

27   herein.  MGA further objects on the grounds that this request calls for the production

28   of documents that are not limited to the subject matter of this action and not relevant

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT

1  to any claim or defense in the pending litigation or reasonably calculated to lead to

2  the discovery of admissible evidence.

3       MGA further objects to this request on the grounds that it is compound.  MGA

4  further objects to the request to the extent it violates the privacy rights of third parties

5  to their private, confidential, proprietary or trade secret information.  MGA further

6  objects to this request on the grounds that it is overbroad as to subject matter and

7  time; in particular, MGA objects that the phrase "each member, managing member,

8  holder of any ownership interest in, shareholder, officer and director" is unbounded

9  by any date limitation and is not tied in any way to any claim, defense or other issues

10 involved in Phase 2 of this litigation.

11      MGA also objects to this request on the grounds that it is overbroad, unduly

12 burdensome and oppressive in that it is not in any way limited as to the persons

13 mentioned or as to time.  MGA further objects to this request on the grounds that it is

14 vague and ambiguous in its use of the terms "member," "managing member," "holder

15 of any ownership interest," "shareholder," "officer," "director."  Mattel has not

16 demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

17 member, holder of any ownership interest in, shareholder, officer and director of

18 IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

19 action, let alone established that the relevancy of these documents outweighs the

20 individual's fundamental right of privacy.  MGA further objects to the request to the

21 extent that it seeks documents that by reason of public filing, public distribution or

22 otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

23 further objects to this request to the extent that it seeks documents not in MGA's

24 possession, custody or control.  MGA also objects to this request to the extent it calls

25 for the disclosure of attorney-client privileged information or information protected

26 from disclosure by the work-product doctrine, joint defense or common interest

27 privilege, or other privilege.

28

665960v2

EXHIBIT

1    MGA further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by MGA in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 30**

5    DOCUMENTS sufficient to IDENTIFY each member, managing member,

6  holder of any ownership interest in, shareholder, officer and director of OMNI 808

7  INVESTORS, LLC.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

9    MGA incorporates by reference its General Objections as though fully set forth

10  herein.  MGA further objects on the grounds that this request calls for the production

11  of documents that are not limited to the subject matter of this action and not relevant

12  to any claim or defense in the pending litigation or reasonably calculated to lead to

13  the discovery of admissible evidence.

14    MGA further objects to this request on the grounds that it is compound.  MGA

15  further objects to the request to the extent it violates the privacy rights of third parties

16  to their private, confidential, proprietary or trade secret information.  MGA further

17  objects to this request on the grounds that it is overbroad as to subject matter and

18  time; in particular, MGA objects that the phrase "each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director" is unbounded

20  by any date limitation and is not tied in any way to any claim, defense or other issues

21  involved in Phase 2 of this litigation.

22    MGA also objects to this request on the grounds that it is overbroad, unduly

23  burdensome and oppressive in that it is not in any way limited as to the persons

24  mentioned or as to time.  MGA further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "member," "managing member," "holder

26  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

27  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

28  member, holder of any ownership interest in, shareholder, officer and director of

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this

2   action, let alone established that the relevancy of these documents outweighs the

3   individual's fundamental right of privacy.  MGA further objects to the request to the

4   extent that it seeks documents that by reason of public filing, public distribution or

5   otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

6   further objects to this request to the extent that it seeks documents not in MGA's

7   possession, custody or control.  MGA also objects to this request to the extent it calls

8   for the disclosure of attorney-client privileged information or information protected

9   from disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.

11          MGA further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by MGA in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 31**

15          DOCUMENTS sufficient to IDENTIFY each member, managing member,

16  holder of any ownership interest in, shareholder, officer and director of VISION

17  CAPITAL, LLC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

19          MGA incorporates by reference its General Objections as though fully set forth

20  herein.  MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence.

24          MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.  MGA further

27  objects to this request on the grounds that it is overbroad as to subject matter and

28  time; in particular, MGA objects that the phrase "each member, managing member,

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

PAGE 74

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   holder of any ownership interest in, shareholder, officer and director" is unbounded

2   by any date limitation and is not tied in any way to any claim, defense or other issues

3   involved in Phase 2 of this litigation.

4        MGA also objects to this request on the grounds that it is overbroad, unduly

5   burdensome and oppressive in that it is not in any way limited as to the persons

6   mentioned or as to time.  MGA further objects to this request on the grounds that it is

7   vague and ambiguous in its use of the terms "member," "managing member," "holder

8   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

9   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

10   member, holder of any ownership interest in, shareholder, officer and director of

11   VISION CAPITAL, LLC could be relevant to the claims and defenses in this action,

12   let alone established that the relevancy of these documents outweighs the individual's

13   fundamental right of privacy.  MGA further objects to the request to the extent that it

14   seeks documents that by reason of public filing, public distribution or otherwise are

15   already in Mattel's possession or are readily accessible to Mattel.  MGA further

16   objects to this request to the extent that it seeks documents not in MGA's possession,

17   custody or control.  MGA also objects to this request to the extent it calls for the

18   disclosure of attorney-client privileged information or information protected from

19   disclosure by the work-product doctrine, joint defense or common interest privilege,

20   or other privilege.

21        MGA further objects to this request as cumulative and duplicative to the extent

22   that it seeks documents previously requested by Mattel or produced by MGA in

23   response to Mattel's document requests.

24   **REQUEST FOR PRODUCTION NO. 32**

25        DOCUMENTS sufficient to IDENTIFY each member, managing member,

26   holder of any ownership interest in, shareholder, officer and director of LEXINGTON

27   FINANCIAL, LLC.

28

665960v2

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls

665960v2

60

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  for the disclosure of attorney-client privileged information or information protected

2  from disclosure by the work-product doctrine, joint defense or common interest

3  privilege, or other privilege.

4      MGA further objects to this request as cumulative and duplicative to the extent

5  that it seeks documents previously requested by Mattel or produced by MGA in

6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 33**

8      All DOCUMENTS RELATING TO any transfer of any funds, monies or any

9  ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON

10  FINANCIAL, LLC to YOU or LARIAN.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO: 33**

12      MGA incorporates by reference its General Objections as though fully set forth

13  herein. MGA further objects to this request on the grounds that the Discovery Master

14  already has ruled on similarly phrased requests, including in an Order dated May 7,

15  2008, concluding that requests using phrases like "all documents," and "or relating

16  to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See

17  May 7, 2008 Infante Order. MGA further objects on the grounds that this request

18  calls for the production of documents that are not limited to the subject matter of this

19  action and not relevant to any claim or defense in the pending litigation or reasonably

20  calculated to lead to the discovery of admissible evidence. The request appears

21  designed to circumvent the Court's January 7 Order appointing a forensic auditor and

22  requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009

23  Larson Order Appointing Forensic Auditor.

24      MGA further objects to this request on the grounds that it is compound. MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information. MGA further

27  objects to this request on the grounds that it is overbroad as to subject matter and

28  time; in particular, MGA objects that the phrases "all documents" and "relating to"

665960v2

EXHIBIT 5

PAGE 77

1   are unbounded by any date limitation and are not tied in any way to any claim,

2   defense or other issues involved in Phase 2 of this litigation.

3       MGA also objects to this request on the grounds that it is overbroad, including,

4   without limitation, that it would extend to any documents referring or relating in any

5   way to a wide variety of matter that could potentially be construed as "relating" to

6   any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of

7   credit or funding by, LEXINGTON FINANCIAL, LLC to MGA or LARIAN, without

8   regard to whether such documents are at all relevant to any claim or defense at issue

9   herein.  MGA further objects to this request on the grounds that it is vague and

10  ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

11  VALUE" and "extension of credit or funding."  Mattel has not demonstrated how *all*

12  DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

13  VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL,

14  LLC to MGA or LARIAN could be relevant to the claims and defenses in this action,

15  let alone established that the relevancy of these documents outweighs the individual's

16  fundamental right of privacy.  MGA further objects to this request on the ground that

17  the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request

18  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

19  request to the extent that it seeks documents that by reason of public filing, public

20  distribution or otherwise are already in Mattel's possession or are readily accessible to

21  Mattel.  MGA further objects to this request to the extent that it seeks documents not

22  in MGA's possession, custody or control.  MGA also objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive information,

24  the disclosure of which would be inimical to the business interests of MGA.  MGA

25  also objects to this request to the extent it calls for the disclosure of attorney-client

26  privileged information or information protected from disclosure by the work-product

27  doctrine, joint defense or common interest privilege, or other privilege.

28

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT

1  MGA further objects to this request as being overly broad and unduly

2  burdensome on the grounds that it is not limited in time.  MGA further objects to this

3  request as cumulative and duplicative to the extent that it seeks documents previously

4  requested by Mattel or produced by MGA in response to Mattel's document requests.

5  **REQUEST FOR PRODUCTION NO. 34**

6  All DOCUMENTS RELATING TO any transfer of any funds, monies or any

7  ITEM OF VALUE to or from, or any extension of credit or funding by or to,

8  LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

10  MGA incorporates by reference its General Objections as though fully set forth

11  herein.  MGA further objects to this request on the grounds that the Discovery Master

12  already has ruled on similarly phrased requests, including in an Order dated May 7,

13  2008, concluding that requests using phrases like "all documents," and "relating to"

14  are overly broad, vague, unduly burdensome, and seek irrelevant information.  <u>See</u>

15  May 7, 2008 Infante Order.  MGA further objects on the grounds that this request

16  calls for the production of documents that are not limited to the subject matter of this

17  action and not relevant to any claim or defense in the pending litigation or reasonably

18  calculated to lead to the discovery of admissible evidence.  The request appears

19  designed to circumvent the Court's January 7 Order appointing a forensic auditor and

20  requiring Mattel to pay the auditor's costs in the first instance.  <u>See</u> January 7, 2009

21  Larson Order Appointing Forensic Auditor.

22  MGA further objects to this request on the grounds that it is compound.  MGA

23  further objects to the request to the extent it violates the privacy rights of third parties

24  to their private, confidential, proprietary or trade secret information.  MGA further

25  objects to this request on the grounds that it is overbroad as to subject matter and

26  time; in particular, MGA objects that the phrases "all documents" and "relating to"

27  are unbounded by any date limitation and are not tied in any way to any claim,

28  defense or other issues involved in Phase 2 of this litigation.

665960v2

1    MGA also objects to this request on the grounds that it is overbroad, including,
2    without limitation, that it would extend to any documents referring or relating in any
3    way to a wide variety of matter that could potentially be construed as "relating" to
4    any transfer of any funds, monies or any ITEM OF VALUE to or from, or any
5    extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, without
6    regard to whether such documents are at all relevant to any claim or defense at issue
7    herein.  MGA further objects to this request on the grounds that it is vague and
8    ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF
9    VALUE" and "extension of credit or funding."  Mattel has not demonstrated how *all*
10   DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF
11   VALUE to or from, or any extension of credit or funding by or to, LEXINGTON
12   FINANCIAL, LLC could be relevant to the claims and defenses in this action, let
13   alone established that the relevancy of these documents outweighs fundamental
14   privacy rights.  MGA further objects to this request on the ground that the terms
15   DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague,
16   ambiguous, overly broad and unduly burdensome.  MGA further objects to the
17   request to the extent that it seeks documents that by reason of public filing, public
18   distribution or otherwise are already in Mattel's possession or are readily accessible to
19   Mattel.  MGA further objects to this request to the extent that it seeks documents not
20   in MGA's possession, custody or control.  MGA also objects to this request on the
21   grounds that it seeks confidential, proprietary or commercially sensitive information,
22   the disclosure of which would be inimical to the business interests of MGA.  MGA
23   also objects to this request to the extent it calls for the disclosure of attorney-client
24   privileged information or information protected from disclosure by the work-product
25   doctrine, joint defense or common interest privilege, or other privilege.
26        MGA further objects to this request as being overly broad and unduly
27   burdensome on the grounds that it is not limited in time.  MGA further objects to this
28

665960v2

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by MGA in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 35**

4       DOCUMENTS sufficient to IDENTIFY each member, managing member,

5  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

6  LLC.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

8       MGA incorporates by reference its General Objections as though fully set forth

9  herein. MGA further objects on the ground that this request is cumulative and

10  duplicative to the extent that is the same request as Request for Production No. 28.

11  MGA further objects on the grounds that this request calls for the production of

12  documents that are not limited to the subject matter of this action and not relevant to

13  any claim or defense in the pending litigation or reasonably calculated to lead to the

14  discovery of admissible evidence.

15       MGA further objects to this request on the grounds that it is compound. MGA

16  further objects to the request to the extent it violates the privacy rights of third parties

17  to their private, confidential, proprietary or trade secret information. MGA further

18  objects to this request on the grounds that it is overbroad as to subject matter and

19  time; in particular, MGA objects that the phrase "each member, managing member,

20  holder of any ownership interest in, shareholder, officer and director" is unbounded

21  by any date limitation and is not tied in any way to any claim, defense or other issues

22  involved in Phase 2 of this litigation.

23       MGA also objects to this request on the grounds that it is overbroad, unduly

24  burdensome and oppressive in that it is not in any way limited as to the persons

25  mentioned or as to time. MGA further objects to this request on the grounds that it is

26  vague and ambiguous in its use of the terms "member," "managing member," "holder

27  of any ownership interest," "shareholder," "officer," "director." Mattel has not

28  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

1  member, holder of any ownership interest in, shareholder, officer and director of

2  IGWT Group, LLC could be relevant to the claims and defenses in this action, let

3  alone established that the relevancy of these documents outweighs the individual's

4  fundamental right of privacy.  MGA further objects to the request to the extent that it

5  seeks documents that by reason of public filing, public distribution or otherwise are

6  already in Mattel's possession or are readily accessible to Mattel.  MGA further

7  objects to this request to the extent that it seeks documents not in MGA's possession,

8  custody or control.  MGA also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12       MGA further objects to this request as cumulative and duplicative to the extent

13  that it seeks documents previously requested by Mattel or produced by MGA in

14  response to Mattel's document requests.

15  **REQUEST FOR PRODUCTION NO. 36**

16       DOCUMENTS sufficient to IDENTIFY each member, managing member,

17  holder of any ownership interest in, shareholder, officer and director of IGWT 826

18  Investments, LLC.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

20       MGA incorporates by reference its General Objections as though fully set forth

21  herein.  MGA further objects on the ground that this request is cumulative and

22  duplicative to the extent that is the same request as Request for Production No. 29.

23  MGA further objects on the grounds that this request calls for the production of

24  documents that are not limited to the subject matter of this action and not relevant to

25  any claim or defense in the pending litigation or reasonably calculated to lead to the

26  discovery of admissible evidence.

27       MGA further objects to this request on the grounds that it is compound.  MGA

28  further objects to the request to the extent it violates the privacy rights of third parties

665960v2

EXHIBIT 5

1   to their private, confidential, proprietary or trade secret information.  MGA further

2   objects to this request on the grounds that it is overbroad as to subject matter and

3   time; in particular, MGA objects that the phrase "each member, managing member,

4   holder of any ownership interest in, shareholder, officer and director" is unbounded

5   by any date limitation and is not tied in any way to any claim, defense or other issues

6   involved in Phase 2 of this litigation.

7        MGA also objects to this request on the grounds that it is overbroad, unduly

8   burdensome and oppressive in that it is not in any way limited as to the persons

9   mentioned or as to time.  MGA further objects to this request on the grounds that it is

10  vague and ambiguous in its use of the terms "member," "managing member," "holder

11  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

12  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

15  action, let alone established that the relevancy of these documents outweighs the

16  individual's fundamental right of privacy.  MGA further objects to the request to the

17  extent that it seeks documents that by reason of public filing, public distribution or

18  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

19  further objects to this request to the extent that it seeks documents not in MGA's

20  possession, custody or control.  MGA also objects to this request to the extent it calls

21  for the disclosure of attorney-client privileged information or information protected

22  from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.

24       MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

EXHIBIT 5

1  **REQUEST FOR PRODUCTION NO. 37**

2      DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since

3  January 1, 2007.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

5      MGA incorporates by reference its General Objections as though fully set forth

6  herein.  MGA further objects on the grounds that this request calls for the production

7  of documents that are not limited to the subject matter of this action and not relevant

8  to any claim or defense in the pending litigation or reasonably calculated to lead to

9  the discovery of admissible evidence.  The request appears designed to circumvent

10  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

11  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

12  Forensic Auditor.

13      MGA further objects to this request on the grounds that it is compound.  MGA

14  further objects to the request to the extent it violates the privacy rights of third parties

15  to their private, confidential, proprietary or trade secret information.

16      MGA further objects to this request on the grounds that it is vague and

17  ambiguous in its use of the term "bank accounts."  Mattel has not demonstrated how

18  DOCUMENTS sufficient to IDENTIFY each of MGA's bank accounts could be

19  relevant to the claims and defenses in this action, let alone established that the

20  relevancy of these documents outweighs the individual's fundamental right of

21  privacy.  MGA further objects to this request on the ground that the terms

22  DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad

23  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

24  documents that by reason of public filing, public distribution or otherwise are already

25  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

26  request to the extent that it seeks documents not in MGA's possession, custody or

27  control.  MGA also objects to this request on the grounds that it seeks confidential,

28  proprietary or commercially sensitive information, the disclosure of which would be

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

1   inimical to the business interests of MGA.  MGA also objects to this request to the

2   extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense or

4   common interest privilege, or other privilege.

5       MGA further objects to this request as cumulative and duplicative to the extent

6   that it seeks documents previously requested by Mattel or produced by MGA in

7   response to Mattel's document requests.

8   **REQUEST FOR PRODUCTION NO. 38**

9       DOCUMENTS sufficient to IDENTIFY each bank account to or from which

10  Isaac Larian has transferred or has had transferred any ITEM OF VALUE since

11  January 1, 2007.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

13      MGA incorporates by reference its General Objections as though fully set forth

14  herein.  MGA further objects on the grounds that this request calls for the production

15  of documents that are not limited to the subject matter of this action and not relevant

16  to any claim or defense in the pending litigation or reasonably calculated to lead to

17  the discovery of admissible evidence.  The request appears designed to circumvent

18  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

19  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

20  Forensic Auditor.

21      MGA further objects to this request on the grounds that it is compound.  MGA

22  further objects to the request to the extent it violates the privacy rights of third parties

23  to their private, confidential, proprietary or trade secret information.

24      MGA further objects to this request on the grounds that it is vague and

25  ambiguous in its use of the terms "bank account," "transferred," and "has had

26  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

27  IDENTIFY *each* bank account to or from which Isaac Larian has transferred or has

28  had transferred any ITEM OF VALUE could be relevant to the claims and defenses in

665960v2

EXHIBIT 5

PAGE 85

1  this action, let alone established that the relevancy of these documents outweighs the
2  individual's fundamental right of privacy.  MGA further objects to this request on the
3  ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the
4  request vague, ambiguous, overly broad and unduly burdensome.  MGA further
5  objects to the request to the extent that it seeks documents that by reason of public
6  filing, public distribution or otherwise are already in Mattel's possession or are
7  readily accessible to Mattel.  MGA further objects to this request to the extent that it
8  seeks documents not in MGA's possession, custody or control.  MGA also objects to
9  this request on the grounds that it seeks confidential, proprietary or commercially
10  sensitive information, the disclosure of which would be inimical to the business
11  interests of MGA.  MGA also objects to this request to the extent it calls for the
12  disclosure of attorney-client privileged information or information protected from
13  disclosure by the work-product doctrine, joint defense or common interest privilege,
14  or other privilege.

15      MGA further objects to this request as cumulative and duplicative to the extent
16  that it seeks documents previously requested by Mattel or produced by MGA in
17  response to Mattel's document requests.

18  **REQUEST FOR PRODUCTION NO. 39**

19      DOCUMENTS sufficient to IDENTIFY each bank account to or from which
20  OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF
21  VALUE since January 1, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

23      MGA incorporates by reference its General Objections as though fully set forth
24  herein.  MGA further objects on the grounds that this request calls for the production
25  of documents that are not limited to the subject matter of this action and not relevant
26  to any claim or defense in the pending litigation or reasonably calculated to lead to
27  the discovery of admissible evidence.  The request appears designed to circumvent
28  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

665960v2

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

EXHIBIT 5

1   the auditor's costs in the first instance.  <u>See</u> January 7, 2009 Larson Order Appointing

2   Forensic Auditor.

3       MGA further objects to this request on the grounds that it is compound.  MGA

4   further objects to the request to the extent it violates the privacy rights of third parties

5   to their private, confidential, proprietary or trade secret information.

6       MGA further objects to this request on the grounds that it is vague and

7   ambiguous in its use of the terms "bank account," "transferred," and "has had

8   transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9   IDENTIFY *each* bank account to or from which OMNI 808 INVESTORS, LLC has

10   transferred or has had transferred any ITEM OF VALUE could be relevant to the

11   claims and defenses in this action, let alone established that the relevancy of these

12   documents outweighs fundamental privacy rights.  MGA further objects to this

13   request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

14   VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

15   MGA further objects to the request to the extent that it seeks documents that by

16   reason of public filing, public distribution or otherwise are already in Mattel's

17   possession or are readily accessible to Mattel.  MGA further objects to this request to

18   the extent that it seeks documents not in MGA's possession, custody or control.

19   MGA also objects to this request on the grounds that it seeks confidential, proprietary

20   or commercially sensitive information, the disclosure of which would be inimical to

21   the business interests of MGA.  MGA also objects to this request to the extent it calls

22   for the disclosure of attorney-client privileged information or information protected

23   from disclosure by the work-product doctrine, joint defense or common interest

24   privilege, or other privilege.

25       MGA further objects to this request as cumulative and duplicative to the extent

26   that it seeks documents previously requested by Mattel or produced by MGA in

27   response to Mattel's document requests.

28

665960v2

1  **REQUEST FOR PRODUCTION NO. 40**

2  DOCUMENTS sufficient to IDENTIFY each bank account to or from which

3  IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE

4  since January 1, 2007.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

6  MGA incorporates by reference its General Objections as though fully set forth

7  herein. MGA further objects on the grounds that this request calls for the production

8  of documents that are not limited to the subject matter of this action and not relevant

9  to any claim or defense in the pending litigation or reasonably calculated to lead to

10  the discovery of admissible evidence. The request appears designed to circumvent

11  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

12  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

13  Forensic Auditor.

14  MGA further objects to this request on the grounds that it is compound. MGA

15  further objects to the request to the extent it violates the privacy rights of third parties

16  to their private, confidential, proprietary or trade secret information.

17  MGA further objects to this request on the grounds that it is vague and

18  ambiguous in its use of the terms "bank account," "transferred," and "has had

19  transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

20  IDENTIFY *each* bank account to or from which IGWT Group, LLC has transferred or

21  has had transferred any ITEM OF VALUE could be relevant to the claims and

22  defenses in this action, let alone established that the relevancy of these documents

23  outweighs fundamental privacy rights. MGA further objects to this request on the

24  ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the

25  request vague, ambiguous, overly broad and unduly burdensome. MGA further

26  objects to the request to the extent that it seeks documents that by reason of public

27  filing, public distribution or otherwise are already in Mattel's possession or are

28  readily accessible to Mattel. MGA further objects to this request to the extent that it

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 88

1  seeks documents not in MGA's possession, custody or control.  MGA also objects to

2  this request on the grounds that it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of MGA.  MGA also objects to this request to the extent it calls for the

5  disclosure of attorney-client privileged information or information protected from

6  disclosure by the work-product doctrine, joint defense or common interest privilege,

7  or other privilege.

8         MGA further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by MGA in

10  response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 41**

12         DOCUMENTS sufficient to IDENTIFY each bank account to or from which

13  IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF

14  VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

16         MGA incorporates by reference its General Objections as though fully set forth

17  herein.  MGA further objects on the grounds that this request calls for the production

18  of documents that are not limited to the subject matter of this action and not relevant

19  to any claim or defense in the pending litigation or reasonably calculated to lead to

20  the discovery of admissible evidence.  The request appears designed to circumvent

21  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

22  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

23  Forensic Auditor.

24         MGA further objects to this request on the grounds that it is compound.  MGA

25  further objects to the request to the extent it violates the privacy rights of third parties

26  to their private, confidential, proprietary or trade secret information.

27         MGA further objects to this request on the grounds that it is vague and

28  ambiguous in its use of the terms "bank account," "transferred," and "has had

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 89

1 transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

2 IDENTIFY *each* bank account to or from which IGWT 826 Investments, LLC has

3 transferred or has had transferred any ITEM OF VALUE could be relevant to the

4 claims and defenses in this action, let alone established that the relevancy of these

5 documents outweighs fundamental privacy rights. MGA further objects to this

6 request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

7 VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

8 MGA further objects to the request to the extent that it seeks documents that by

9 reason of public filing, public distribution or otherwise are already in Mattel's

10 possession or are readily accessible to Mattel. MGA further objects to this request to

11 the extent that it seeks documents not in MGA's possession, custody or control.

12 MGA also objects to this request on the grounds that it seeks confidential, proprietary

13 or commercially sensitive information, the disclosure of which would be inimical to

14 the business interests of MGA. MGA also objects to this request to the extent it calls

15 for the disclosure of attorney-client privileged information or information protected

16 from disclosure by the work-product doctrine, joint defense or common interest

17 privilege, or other privilege.

18      MGA further objects to this request as cumulative and duplicative to the extent

19 that it seeks documents previously requested by Mattel or produced by MGA in

20 response to Mattel's document requests.

21 **REQUEST FOR PRODUCTION NO. 42**

22      All COMMUNICATIONS between or among YOU, IGWT 826 Investments,

23 LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or

24 BRATZ.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

26      MGA incorporates by reference its General Objections as though fully set forth

27 herein. MGA further objects on the grounds that this request calls for the production

28 of communications that are not limited to the subject matter of this action and not

665960v2

EXHIBIT 5

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  relevant to any claim or defense in the pending litigation or reasonably calculated to

2  lead to the discovery of admissible evidence.

3    MGA further objects to this request on the grounds that it is compound. MGA

4  further objects to the request to the extent it violates the privacy rights of third parties

5  to their private, confidential, proprietary or trade secret information. MGA further

6  objects to this request on the grounds that it is overbroad as to subject matter and

7  time; in particular, MGA objects that the phrases "all communications" and "referring

8  or relating to" are unbounded by any date limitation and are not tied in any way to

9  any claim, defense or other issues involved in Phase 2 of this litigation.

10    MGA also objects to this request on the grounds that it is overbroad, including,

11  without limitation, that it would extend to any communication between or among

12  anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

13  relating in any way to a wide variety of matter that could potentially be construed as

14  "relating" to Mattel and/or Bratz, without regard to whether such communications are

15  at all relevant to any claim or defense at issue herein. MGA also objects to this

16  request on the grounds that it is overbroad, unduly burdensome and oppressive in that

17  it purports to require MGA diligently to identify every communication between

18  anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

19  relating in any way to a wide variety of matter that could potentially be construed as

20  "relating" to Mattel and/or Bratz. MGA also objects to this request on the grounds

21  that it is overbroad, unduly burdensome and oppressive in that it is not in any way

22  limited as to the persons involved in the communications or as to time. Mattel has not

23  demonstrated how *all* COMMUNICATIONS between or among MGA, IGWT 826

24  Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO

25  MATTEL and/or BRATZ could be relevant to the claims and defenses in this action,

26  let alone established that the relevancy of these documents outweighs the individual's

27  fundamental right of privacy. MGA further objects to this request on the ground that

28  the terms COMMUNICATIONS and REFERRING OR RELATING TO render the

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT 5

PAGE 91

1   request vague, ambiguous, overly broad and unduly burdensome. MGA further

2   objects to the request to the extent that it seeks documents that by reason of public

3   filing, public distribution or otherwise are already in Mattel's possession or are

4   readily accessible to Mattel. MGA further objects to this request to the extent that it

5   seeks documents not in MGA's possession, custody or control. MGA also objects to

6   this request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of MGA. MGA also objects to this request to the extent it calls for the

9   disclosure of attorney-client privileged information or information protected from

10  disclosure by the work-product doctrine, joint defense or common interest privilege,

11  or other privilege.

12      MGA further objects to this request as being overly broad and unduly

13  burdensome on the grounds that it is not limited in time. MGA further objects to this

14  request as cumulative and duplicative to the extent that it seeks documents previously

15  requested by Mattel or produced by MGA in response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 43**

17      All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS,

18  LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC

19  REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

21      MGA incorporates by reference its General Objections as though fully set forth

22  herein. MGA further objects on the grounds that this request calls for the production

23  of communications that are not limited to the subject matter of this action and not

24  relevant to any claim or defense in the pending litigation or reasonably calculated to

25  lead to the discovery of admissible evidence.

26      MGA further objects to this request on the grounds that it is compound. MGA

27  further objects to the request to the extent it violates the privacy rights of third parties

28  to their private, confidential, proprietary or trade secret information. MGA further

665960v2

EXHIBIT 5

1  objects to this request on the grounds that it is overbroad as to subject matter and

2  time; in particular, MGA objects that the phrases "all communications" and "referring

3  or relating to" are unbounded by any date limitation and are not tied in any way to

4  any claim, defense or other issues involved in Phase 2 of this litigation.

5      MGA also objects to this request on the grounds that it is overbroad, including,

6  without limitation, that it would extend to any communication between or among

7  anyone at MGA, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

8  LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety

9  of matter that could potentially be construed as "relating" to MATTEL, MGA,

10  LARIAN and/or BRATZ, without regard to whether such communications are at all

11  relevant to any claim or defense at issue herein.  MGA also objects to this request on

12  the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

13  to require MGA diligently to identify every communication between anyone and

14  among at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or

15  relating in any way to a wide variety of matter that could potentially be construed as

16  "relating" to Mattel and/or Bratz.  MGA also objects to this request on the grounds

17  that it is overbroad, unduly burdensome and oppressive in that it is not in any way

18  limited as to the persons involved in the communications or as to time.  Mattel has not

19  demonstrated how *all* COMMUNICATIONS between or among MGA, OMNI 808

20  INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL,

21  LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ

22  could be relevant to the claims and defenses in this action, let alone established that

23  the relevancy of these documents outweighs the individual's fundamental right of

24  privacy.  MGA further objects to this request on the ground that the terms

25  COMMUNICATIONS and REFERRING OR RELATING TO render the request

26  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

27  request to the extent that it seeks documents that by reason of public filing, public

28  distribution or otherwise are already in Mattel's possession or are readily accessible to

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   Mattel.  MGA further objects to this request to the extent that it seeks documents not

2   in MGA's possession, custody or control.  MGA also objects to this request on the

3   grounds that it seeks confidential, proprietary or commercially sensitive information,

4   the disclosure of which would be inimical to the business interests of MGA.  MGA

5   also objects to this request to the extent it calls for the disclosure of attorney-client

6   privileged information or information protected from disclosure by the work-product

7   doctrine, joint defense or common interest privilege, or other privilege.

8          MGA further objects to this request as being overly broad and unduly

9   burdensome on the grounds that it is not limited in time.  MGA further objects to this

10  request as cumulative and duplicative to the extent that it seeks documents previously

11  requested by Mattel or produced by MGA in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 44**

13          All COMMUNICATIONS between YOU and MASHIAN REFERRING OR

14  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

15  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

17          MGA incorporates by reference its General Objections as though fully set forth

18  herein.  MGA further objects on the grounds that this request calls for the production

19  of communications that are not limited to the subject matter of this action and not

20  relevant to any claim or defense in the pending litigation or reasonably calculated to

21  lead to the discovery of admissible evidence.

22          MGA further objects to this request on the grounds that it is compound.  MGA

23  further objects to the request to the extent it violates the privacy rights of third parties

24  to their private, confidential, proprietary or trade secret information.  MGA further

25  objects to this request on the grounds that it is overbroad as to subject matter and

26  time; in particular, MGA objects that the phrases "all communications" and "referring

27  or relating to" are unbounded by any date limitation and are not tied in any way to

28  any claim, defense or other issues involved in Phase 2 of this litigation.

665960v2

1   MGA also objects to this request on the grounds that it is overbroad, including,

2   without limitation, that it would extend to any communication between anyone at

3   MGA and MASHIAN referring or relating in any way to a wide variety of matter that

4   could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC,

5   VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

6   LARIAN and/or BRATZ, without regard to whether such communications are at all

7   relevant to any claim or defense at issue herein.  MGA also objects to this request on

8   the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

9   to require MGA diligently to identify every communication between anyone and

10  among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

11  INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

12  MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

13  COMMUNICATIONS between MGA and MASHIAN REFERRING OR RELATING

14  TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON

15  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

16  the claims and defenses in this action, let alone established that the relevancy of these

17  documents outweighs the individual's fundamental right of privacy.  MGA further

18  objects to this request on the ground that the terms COMMUNICATIONS and

19  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

20  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

21  documents that by reason of public filing, public distribution or otherwise are already

22  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

23  request to the extent that it seeks documents not in MGA's possession, custody or

24  control.  MGA also objects to this request on the grounds that it seeks confidential,

25  proprietary or commercially sensitive information, the disclosure of which would be

26  inimical to the business interests of MGA.  MGA also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege.

3       MGA further objects to this request as being overly broad and unduly

4  burdensome on the grounds that it is not limited in time.  MGA further objects to this

5  request as cumulative and duplicative to the extent that it seeks documents previously

6  requested by Mattel or produced by MGA in response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 45**

8       All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR

9  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

12       MGA incorporates by reference its General Objections as though fully set forth

13  herein.  MGA further objects on the grounds that this request calls for the production

14  of communications that are not limited to the subject matter of this action and not

15  relevant to any claim or defense in the pending litigation or reasonably calculated to

16  lead to the discovery of admissible evidence.

17       MGA further objects to this request on the grounds that it is compound.  MGA

18  further objects to the request to the extent it violates the privacy rights of third parties

19  to their private, confidential, proprietary or trade secret information.  MGA further

20  objects to this request on the grounds that it is overbroad as to subject matter and

21  time; in particular, MGA objects that the phrases "all communications" and "referring

22  or relating to" are unbounded by any date limitation and are not tied in any way to

23  any claim, defense or other issues involved in Phase 2 of this litigation.

24       MGA also objects to this request on the grounds that it is overbroad, including,

25  without limitation, that it would extend to any communication between anyone at

26  MGA and Neil Kadisha referring or relating in any way to a wide variety of matter

27  that could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC,

28  VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

665960v2

EXHIBIT 5

PAGE

1  LARIAN and/or BRATZ, without regard to whether such communications are at all

2  relevant to any claim or defense at issue herein.  MGA also objects to this request on

3  the grounds that it is overbroad, unduly burdensome and oppressive in that it purports

4  to require MGA diligently to identify every communication between anyone and

5  among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

6  INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

7  MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

8  COMMUNICATIONS between MGA and Neil Kadisha REFERRING OR

9  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could

11  be relevant to the claims and defenses in this action, let alone established that the

12  relevancy of these documents outweighs the individual's fundamental right of

13  privacy.  MGA further objects to this request on the ground that the terms

14  COMMUNICATIONS and REFERRING OR RELATING TO render the request

15  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible to

18  Mattel.  MGA further objects to this request to the extent that it seeks documents not

19  in MGA's possession, custody or control.  MGA also objects to this request on the

20  grounds that it seeks confidential, proprietary or commercially sensitive information,

21  the disclosure of which would be inimical to the business interests of MGA.  MGA

22  also objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-product

24  doctrine, joint defense or common interest privilege, or other privilege.

25      MGA further objects to this request as being overly broad and unduly

26  burdensome on the grounds that it is not limited in time.  MGA further objects to this

27  request as cumulative and duplicative to the extent that it seeks documents previously

28  requested by Mattel or produced by MGA in response to Mattel's document requests.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 46**

All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between anyone at MGA and OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone and among at MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT 5
PAGE 97

1  LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

2  COMMUNICATIONS between MGA and OMNI 808 INVESTORS, LLC

3  REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

4  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

5  the claims and defenses in this action, let alone established that the relevancy of these

6  documents outweighs the individual's fundamental right of privacy.  MGA further

7  objects to this request on the ground that the terms COMMUNICATIONS and

8  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

9  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

10  documents that by reason of public filing, public distribution or otherwise are already

11  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

12  request to the extent that it seeks documents not in MGA's possession, custody or

13  control.  MGA also objects to this request on the grounds that it seeks confidential,

14  proprietary or commercially sensitive information, the disclosure of which would be

15  inimical to the business interests of MGA.  MGA also objects to this request to the

16  extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense or

18  common interest privilege, or other privilege.

19       MGA further objects to this request as being overly broad and unduly

20  burdensome on the grounds that it is not limited in time.  MGA further objects to this

21  request as cumulative and duplicative to the extent that it seeks documents previously

22  requested by Mattel or produced by MGA in response to Mattel's document requests.

23  **REQUEST FOR PRODUCTION NO. 47**

24       All COMMUNICATIONS REFERRING OR RELATING TO VISION

25  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS,

26  LLC.

27

28

665960v2

EXHIBIT 5

PAGE 98

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

1
2      MGA incorporates by reference its General Objections as though fully set forth
3 herein. MGA further objects on the grounds that this request calls for the production
4 of communications that are not limited to the subject matter of this action and not
5 relevant to any claim or defense in the pending litigation or reasonably calculated to
6 lead to the discovery of admissible evidence.

7      MGA further objects to this request on the grounds that it is compound. MGA
8 further objects to the request to the extent it violates the privacy rights of third parties
9 to their private, confidential, proprietary or trade secret information. MGA further
10 objects to this request on the grounds that it is overbroad as to subject matter and
11 time; in particular, MGA objects that the phrases "all communications" and "referring
12 or relating to" are unbounded by any date limitation and are not tied in any way to
13 any claim, defense or other issues involved in Phase 2 of this litigation.

14      MGA also objects to this request on the grounds that it is overbroad, including,
15 without limitation, that it would extend to *any* communications between *anyone*
16 referring or relating in any way to a wide variety of matter that could potentially be
17 construed as "relating" to REFERRING OR RELATING TO VISION CAPITAL,
18 LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC,
19 without regard to whether such communications are at all relevant to any claim or
20 defense at issue herein. MGA also objects to this request on the grounds that it is
21 overbroad, unduly burdensome and oppressive in that it purports to require MGA
22 diligently to identify *every* communication between *anyone* REFERRING OR
23 RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or
24 OMNI 808 INVESTORS, LLC. Mattel has not demonstrated how *all*
25 COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC,
26 LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC could be
27 relevant to the claims and defenses in this action, let alone established that the
28 relevancy of these documents outweighs the individual's fundamental right of

665960v2

EXHIBIT 5

PAGE 97

1   privacy.  MGA further objects to this request on the ground that the terms

2   COMMUNICATIONS and REFERRING OR RELATING TO render the request

3   vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

4   request to the extent that it seeks documents that by reason of public filing, public

5   distribution or otherwise are already in Mattel's possession or are readily accessible to

6   Mattel.  MGA further objects to this request to the extent that it seeks documents not

7   in MGA's possession, custody or control.  MGA also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive information,

9   the disclosure of which would be inimical to the business interests of MGA.  MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  MGA further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by MGA in response to Mattel's document requests. .

17  **REQUEST FOR PRODUCTION NO. 48**

18      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

19  VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF

20  VALUE since January 1, 2007.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

22      MGA incorporates by reference its General Objections as though fully set forth

23  herein.  MGA further objects on the grounds that this request calls for the production

24  of documents that are not limited to the subject matter of this action and not relevant

25  to any claim or defense in the pending litigation or reasonably calculated to lead to

26  the discovery of admissible evidence.  The request appears designed to circumvent

27  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

2  Forensic Auditor.

3      MGA further objects to this request on the grounds that it is compound.  MGA

4  further objects to the request to the extent it violates the privacy rights of third parties

5  to their private, confidential, proprietary or trade secret information.

6      MGA further objects to this request on the grounds that it is vague and

7  ambiguous in its use of the terms "bank account," "transferred," and "has had

8  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9  IDENTIFY *each* bank account to or from which VISION CAPITAL, LLC has

10  transferred or has had transferred any ITEM OF VALUE could be relevant to the

11  claims and defenses in this action, let alone established that the relevancy of these

12  documents outweighs the individual's fundamental right of privacy.  MGA further

13  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

14  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

15  burdensome.  MGA further objects to the request to the extent that it seeks documents

16  that by reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel.  MGA further objects to this request to

18  the extent that it seeks documents not in MGA's possession, custody or control.

19  MGA also objects to this request on the grounds that it seeks confidential, proprietary

20  or commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of MGA.  MGA also objects to this request to the extent it calls

22  for the disclosure of attorney-client privileged information or information protected

23  from disclosure by the work-product doctrine, joint defense or common interest

24  privilege, or other privilege.

25      MGA further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by MGA in

27  response to Mattel's document requests.

28

665960v2

EXHIBIT 5

PAGE 10 F

**REQUEST FOR PRODUCTION NO. 49**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 49**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 102

1  the extent that it seeks documents not in MGA's possession, custody or control.

2  MGA also objects to this request on the grounds that it seeks confidential, proprietary

3  or commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of MGA.  MGA also objects to this request to the extent it calls

5  for the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.

8        MGA further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by MGA in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 50**

12        DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product

13  since January 1, 2007.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

15        MGA incorporates by reference its General Objections as though fully set forth

16  herein.  MGA further objects on the grounds that this request calls for the production

17  of documents that are not limited to the subject matter of this action and not relevant

18  to any claim or defense in the pending litigation or reasonably calculated to lead to

19  the discovery of admissible evidence.        MGA further objects to this request on

20  the grounds that it is compound. MGA further objects to the request to the extent it

21  violates the privacy rights of third parties to their private, confidential, proprietary or

22  trade secret information.

23        MGA further objects to this request on the grounds that it is vague and

24  ambiguous in its use of the term "licensee."  Mattel has not demonstrated how

25  DOCUMENTS sufficient to IDENTIFY *each* licensee of any BRATZ product since

26  January 1, 2007 could be relevant to the claims and defenses in this action, let alone

27  established that the relevancy of these documents outweighs the individual's

28  fundamental right of privacy.  MGA further objects to this request on the ground that

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)   EXHIBIT 5

PAGE 103

1  the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous,

2  overly broad and unduly burdensome. MGA further objects to the request to the

3  extent that it seeks documents that by reason of public filing, public distribution or

4  otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

5  further objects to this request to the extent that it seeks documents not in MGA's

6  possession, custody or control. MGA also objects to this request on the grounds that

7  it seeks confidential, proprietary or commercially sensitive information, the disclosure

8  of which would be inimical to the business interests of MGA. MGA also objects to

9  this request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege.

12       MGA further objects to this request as cumulative and duplicative to the extent

13  that it seeks documents previously requested by Mattel or produced by MGA in

14  response to Mattel's document requests.

15  **REQUEST FOR PRODUCTION NO. 51**

16       DOCUMENTS sufficient to show the amount of payments made to YOU by

17  each licensee of any BRATZ product since January 1, 2007.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

19       MGA incorporates by reference its General Objections as though fully set forth

20  herein. MGA further objects on the grounds that this request calls for the production

21  of documents that are not limited to the subject matter of this action and not relevant

22  to any claim or defense in the pending litigation or reasonably calculated to lead to

23  the discovery of admissible evidence. The request appears designed to circumvent

24  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

25  the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing

26  Forensic Auditor.

27

28  665960v2

EXHIBIT 5

PAGE 104

1    MGA further objects to this request on the grounds that it is compound. MGA

2  further objects to the request to the extent it violates the privacy rights of third parties

3  to their private, confidential, proprietary or trade secret information.

4    MGA further objects to this request on the grounds that it is vague and

5  ambiguous in its use of the terms "amount of payments" and "licensee." Mattel has

6  not demonstrated how DOCUMENTS sufficient to show the amount of payments

7  made to MGA by each licensee of any BRATZ product since January 1, 2007 could

8  be relevant to the claims and defenses in this action, let alone established that the

9  relevancy of these documents outweighs the individual's fundamental right of

10  privacy. MGA further objects to this request on the ground that the term

11  DOCUMENTS renders the request vague, ambiguous, overly broad and unduly

12  burdensome. MGA further objects to the request to the extent that it seeks documents

13  that by reason of public filing, public distribution or otherwise are already in Mattel's

14  possession or are readily accessible to Mattel. MGA further objects to this request to

15  the extent that it seeks documents not in MGA's possession, custody or control.

16  MGA also objects to this request on the grounds that it seeks confidential, proprietary

17  or commercially sensitive information, the disclosure of which would be inimical to

18  the business interests of MGA. MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected

20  from disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.

22    MGA further objects to this request as cumulative and duplicative to the extent

23  that it seeks documents previously requested by Mattel or produced by MGA in

24  response to Mattel's document requests.

25  **REQUEST FOR PRODUCTION NO. 52**

26    A sample of each BRATZ product manufactured, sold, offered for sale,

27  marketed or distributed by YOU since January 1, 2008.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 105

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

1  
2       MGA incorporates by reference its General Objections as though fully set forth
3  herein.  MGA further objects on the grounds that this request calls for the production
4  of tangible items that are not limited to the subject matter of this action and not
5  relevant to any claim or defense in the pending litigation or reasonably calculated to
6  lead to the discovery of admissible evidence.

7       MGA further objects to this request on the grounds that it is compound.  MGA
8  further objects to the request to the extent it violates the privacy rights of third parties
9  to their private, confidential, proprietary or trade secret information.

10      MGA further objects to this request on the grounds that it is vague and
11 ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale,
12 marketed or distributed."  Mattel has not demonstrated how a sample of *each* BRATZ
13 product manufactured, sold, offered for sale, marketed or distributed by MGA since
14 January 1, 2008 could be relevant to the claims and defenses in this action, let alone
15 established that the relevancy of these documents outweighs the individual's
16 fundamental right of privacy.  MGA further objects to the request to the extent that it
17 seeks tangible items that by reason of public filing, public distribution or otherwise
18 are already in Mattel's possession or are readily accessible to Mattel.  MGA further
19 objects to this request to the extent that it seeks tangible items not in MGA's
20 possession, custody or control.  MGA also objects to this request on the grounds that
21 it seeks confidential, proprietary or commercially sensitive information, the disclosure
22 of which would be inimical to the business interests of MGA.  MGA also objects to
23 this request to the extent it calls for the disclosure of attorney-client privileged
24 information or information protected from disclosure by the work-product doctrine,
25 joint defense or common interest privilege, or other privilege.

26      MGA further objects to this request as cumulative and duplicative to the extent
27 that it seeks tangible items previously requested by Mattel or produced by MGA in
28 response to Mattel's document requests.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 106

1 | **REQUEST FOR PRODUCTION NO. 53**

2 | To the extent not produced in response to any other Request, a sample of each

3 | core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or

4 | distributed by YOU since January 1, 2008.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

6 | MGA incorporates by reference its General Objections as though fully set forth

7 | herein. MGA further objects on the grounds that this request calls for the production

8 | of tangible items that are not limited to the subject matter of this action and not

9 | relevant to any claim or defense in the pending litigation or reasonably calculated to

10 | lead to the discovery of admissible evidence. The request appears designed to

11 | circumvent the Court's January 7 Order appointing a forensic auditor and requiring

12 | Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

13 | Order Appointing Forensic Auditor.

14 | MGA further objects to this request on the grounds that it is compound. MGA

15 | further objects to the request to the extent it violates the privacy rights of third parties

16 | to their private, confidential, proprietary or trade secret information.

17 | MGA further objects to this request on the grounds that it is vague and

18 | ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale,

19 | marketed or distributed." Mattel has not demonstrated how a sample of *each* core

20 | BRATZ female fashion doll manufactured, sold, offered for sale, marketed or

21 | distributed by MGA since January 1, 2008 could be relevant to the claims and

22 | defenses in this action. MGA further objects to the request to the extent that it seeks

23 | tangible items that by reason of public filing, public distribution or otherwise are

24 | already in Mattel's possession or are readily accessible to Mattel. MGA further

25 | objects to this request to the extent that it seeks tangible items not in MGA's

26 | possession, custody or control. MGA also objects to this request on the grounds that

27 | it seeks confidential, proprietary or commercially sensitive information, the disclosure

28 | of which would be inimical to the business interests of MGA. MGA also objects to

665960v2

1  this request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the work-product doctrine,

3  joint defense or common interest privilege, or other privilege.

4      MGA further objects to this request as cumulative and duplicative to the extent

5  that it seeks tangible items previously requested by Mattel or produced by MGA in

6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 54**

8      All registrations, and applications for registration, for any trademark or service

9  mark that constitutes, includes or incorporates in any manner the term "BRATZ."

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

11     MGA incorporates by reference its General Objections as though fully set forth

12 herein.  MGA further objects on the grounds that this request calls for the production

13 of documents that are not limited to the subject matter of this action and not relevant

14 to any claim or defense in the pending litigation or reasonably calculated to lead to

15 the discovery of admissible evidence.

16     MGA further objects to this request on the grounds that it is compound.  MGA

17 further objects to the request to the extent it violates the privacy rights of third parties

18 to their private, confidential, proprietary or trade secret information.

19     MGA further objects to this request on the grounds that it is vague and

20 ambiguous in its use of the terms "registrations," "applications for registration," and

21 "constitutes, includes or incorporates."  Mattel has not demonstrated how *all*

22 registrations, and applications for registration, for any trademark or service mark that

23 constitutes, includes or incorporates in any manner the term "BRATZ" could be

24 relevant to the claims and defenses in this action, let alone established that the

25 relevancy of these documents outweighs the individual's fundamental right of

26 privacy.  MGA further objects to the request to the extent that it seeks documents that

27 by reason of public filing, public distribution or otherwise are already in Mattel's

28 possession or are readily accessible to Mattel.  MGA further objects to this request to

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE 105

1  the extent that it seeks documents not in MGA's possession, custody or control.

2  MGA also objects to this request on the grounds that it seeks confidential, proprietary

3  or commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of MGA.  MGA also objects to this request to the extent it calls

5  for the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.

8  MGA further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time.  MGA further objects to this

10  request as cumulative and duplicative to the extent that it seeks documents previously

11  requested by Mattel or produced by MGA in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 55**

13  All registrations, and applications for registration, for any trademark or service

14  mark that constitutes, includes or incorporates in any manner the term "Jade."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

16  MGA incorporates by reference its General Objections as though fully set forth

17  herein.  MGA further objects on the grounds that this request calls for the production

18  of documents that are not limited to the subject matter of this action and not relevant

19  to any claim or defense in the pending litigation or reasonably calculated to lead to

20  the discovery of admissible evidence.

21  MGA further objects to this request on the grounds that it is compound.  MGA

22  further objects to the request to the extent it violates the privacy rights of third parties

23  to their private, confidential, proprietary or trade secret information.

24  MGA further objects to this request on the grounds that it is vague and

25  ambiguous in its use of the terms "registrations," "applications for registration," and

26  "constitutes, includes or incorporates."  Mattel has not demonstrated how *all*

27  registrations, and applications for registration, for any trademark or service mark that

28  constitutes, includes or incorporates in any manner the term "Jade" could be relevant

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2) EXHIBIT 5

PAGE 107

1   to the claims and defenses in this action, let alone established that the relevancy of

2   these documents outweighs the individual's fundamental right of privacy.  MGA

3   further objects to the request to the extent that it seeks documents that by reason of

4   public filing, public distribution or otherwise are already in Mattel's possession or are

5   readily accessible to Mattel.  MGA further objects to this request to the extent that it

6   seeks documents not in MGA's possession, custody or control.  MGA also objects to

7   this request on the grounds that it seeks confidential, proprietary or commercially

8   sensitive information, the disclosure of which would be inimical to the business

9   interests of MGA.  MGA also objects to this request to the extent it calls for the

10  disclosure of attorney-client privileged information or information protected from

11  disclosure by the work-product doctrine, joint defense or common interest privilege,

12  or other privilege.

13        MGA further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  MGA further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by MGA in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 56**

18        All COMMUNICATIONS with any Trademark Office or governmental entity

19  REFERRING OR RELATING TO any registration, or application for registration, for

20  any trademark or service mark that constitutes, includes or incorporates in any

21  manner the term "BRATZ."

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

23        MGA incorporates by reference its General Objections as though fully set forth

24  herein.  MGA further objects on the grounds that this request calls for the production

25  of communications that are not limited to the subject matter of this action and not

26  relevant to any claim or defense in the pending litigation or reasonably calculated to

27  lead to the discovery of admissible evidence.

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5
PAGE 110

1    MGA further objects to this request on the grounds that it is compound.  MGA

2    further objects to the request to the extent it violates the privacy rights of third parties

3    to their private, confidential, proprietary or trade secret information.

4        MGA also objects to this request on the grounds that it is overbroad, including,

5    without limitation, that it would extend to any communication between *anyone* and

6    *any* Trademark Office or governmental entity referring or relating in any way to a

7    wide variety of matter that could potentially be construed as "relating" to any

8    registration, or application for registration, for any trademark or service mark that

9    constitutes, includes or incorporates in any manner the term "BRATZ.", without

10   regard to whether such communications are at all relevant to any claim or defense at

11   issue herein.  MGA also objects to this request on the grounds that it is overbroad,

12   unduly burdensome and oppressive in that it is not in any way limited as to the

13   persons involved in the communications or as to time.  MGA further objects to this

14   request on the grounds that it is vague and ambiguous in its use of the terms

15   "registrations," "applications for registration," and "constitutes, includes or

16   incorporates."  Mattel has not demonstrated how *all* COMMUNICATIONS with any

17   Trademark Office or governmental entity REFERRING OR RELATING TO any

18   registration, or application for registration, for any trademark or service mark that

19   constitutes, includes or incorporates in any manner the term "BRATZ" could be

20   relevant to the claims and defenses in this action, let alone established that the

21   relevancy of these communications outweighs fundamental privacy rights.  MGA

22   further objects to this request on the ground that the terms COMMUNICATIONS and

23   REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

24   and unduly burdensome.  MGA further objects to the request to the extent that it seeks

25   communications that by reason of public filing, public distribution or otherwise are

26   already in Mattel's possession or are readily accessible to Mattel.  MGA further

27   objects to this request to the extent that it seeks documents not in MGA's possession,

28   custody or control.  MGA also objects to this request on the grounds that it seeks

665960v2

EXHIBIT 5

PAGE 11

1  confidential, proprietary or commercially sensitive information, the disclosure of

2  which would be inimical to the business interests of MGA.  MGA also objects to this

3  request to the extent it calls for the disclosure of attorney-client privileged

4  information or information protected from disclosure by the work-product doctrine,

5  joint defense or common interest privilege, or other privilege.

6      MGA further objects to this request as being overly broad and unduly

7  burdensome on the grounds that it is not limited in time.  MGA further objects to this

8  request as cumulative and duplicative to the extent that it seeks documents previously

9  requested by Mattel or produced by MGA in response to Mattel's document requests.

10 **REQUEST FOR PRODUCTION NO. 57**

11      All COMMUNICATIONS with any Trademark Office or governmental entity

12 REFERRING OR RELATING TO any registration, or application for registration, for

13 any trademark or service mark that constitutes, includes or incorporates in any

14 manner the term "Jade."

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

16      MGA incorporates by reference its General Objections as though fully set forth

17 herein.  MGA further objects on the grounds that this request calls for the production

18 of communications that are not limited to the subject matter of this action and not

19 relevant to any claim or defense in the pending litigation or reasonably calculated to

20 lead to the discovery of admissible evidence.

21      MGA further objects to this request on the grounds that it is compound.  MGA

22 further objects to the request to the extent it violates the privacy rights of third parties

23 to their private, confidential, proprietary or trade secret information.

24      MGA also objects to this request on the grounds that it is overbroad, including,

25 without limitation, that it would extend to any communication between *anyone* and

26 *any* Trademark Office or governmental entity referring or relating in any way to a

27 wide variety of matter that could potentially be construed as "relating" to any

28 registration, or application for registration, for any trademark or service mark that

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  constitutes, includes or incorporates in any manner the term "Jade," without regard to

2  whether such communications are at all relevant to any claim or defense at issue

3  herein.  MGA also objects to this request on the grounds that it is overbroad, unduly

4  burdensome and oppressive in that it is not in any way limited as to the persons

5  involved in the communications or as to time.  MGA further objects to this request on

6  the grounds that it is vague and ambiguous in its use of the terms "registrations,"

7  "applications for registration," and "constitutes, includes or incorporates."  Mattel has

8  not demonstrated how *all* COMMUNICATIONS with any Trademark Office or

9  governmental entity REFERRING OR RELATING TO any registration, or

10  application for registration, for any trademark or service mark that constitutes,

11  includes or incorporates in any manner the term "Jade" could be relevant to the claims

12  and defenses in this action, let alone established that the relevancy of these

13  communications outweighs fundamental privacy rights.  MGA further objects to this

14  request on the ground that the terms COMMUNICATIONS and REFERRING OR

15  RELATING TO render the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the request to the extent that it seeks

17  communications that by reason of public filing, public distribution or otherwise are

18  already in Mattel's possession or are readily accessible to Mattel.  MGA further

19  objects to this request to the extent that it seeks documents not in MGA's possession,

20  custody or control.  MGA also objects to this request on the grounds that it seeks

21  confidential, proprietary or commercially sensitive information, the disclosure of

22  which would be inimical to the business interests of MGA.  MGA also objects to this

23  request to the extent it calls for the disclosure of attorney-client privileged

24  information or information protected from disclosure by the work-product doctrine,

25  joint defense or common interest privilege, or other privilege.

26

27  \ \ \

28  \ \ \

666960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   MGA further objects to this request as being overly broad and unduly

2   burdensome on the grounds that it is not limited in time.  MGA further objects to this

3   request as cumulative and duplicative to the extent that it seeks documents previously

4   requested by Mattel or produced by MGA in response to Mattel's document requests.

5

6

7   Dated:  2/6/      , 2009

8                                      Patricia L. Glaser
                                       Joel N. Klevens
9                                      GLASER, WEIL, FINK, JACOBS
                                         & SHAPIRO, LLP
10

11                                     Russell J. Frackman
                                       MITCHELL, SILBERBERG & KNUPP, LLP
12

13

14   By: _____
                                       Amman Khan
15                                     Attorneys for the MGA Parties
                                       for Phase Two
16

17

18

19

20

21

22

23

24

25

26

27

28

665960v2

99

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 5

PAGE 114

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

    On January 28, 2009, I served the foregoing document described as:

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐     (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐     (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒     **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee.

☐     (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐     (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 6th day of February, 2009, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*Yumi Chung*

YUMI CHUNG

665411 v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 5

PAGE |5

1

## SERVICE LIST

2

3  Jon D. Corey, Esq.
   Michael T. Zeller, Esq.
4  John Quinn, Esq.
   Quinn Emanuel Urquhart Oliver & Hedges, LLP
5  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017-2543
6

7  Russel J. Frackman, Esq.
   Patricia H. Benson, Esq.
8  Mitchell, Silberberg & Knupp, LLP
   11377 W. Olympic Blvd.
   Los Angeles, CA 90067
9  (310) 312-2000

10  Thomas J. Nolan, Esq.
    Raoul D. Kennedy, Esq.
11  Jason D. Russell, Esq.
    Skadden, Arps, Slate, Meagher & Flom LLP
12  300 South Grand Avenue, Suite 3400
    Los Angeles, CA 90071-3144
13  (213) 687-5000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

666411 v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT  5
PAGE  116