Exhibit 6

RECEIVED

FEB 06 2009

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
   & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
6  Facsimile:  310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:  310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12                 UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14                      EASTERN DIVISION

15

16 CARTER BRYANT, an individual      )  Case No. CV 04-9049 SGL (RNBx)
                                     )
17           Plaintiff,              )  Consolidated with
                                     )  Case No. 04-09059
18 v.                                )  Case No. 05-02727
                                     )
19 MATTEL, INC., a Delaware          )  **RESPONSES TO REQUESTS FOR**
   Corporation                       )  **DOCUMENTS AND THINGS TO**
20                                   )  **ISAAC LARIAN (PHASE 2)**
             Defendant.              )
21                                   )
                                     )
22                                   )
                                     )
23 AND CONSOLIDATED ACTIONS          )
                                     )
24

25

26

27

28
666200

EXHIBIT 6

PAGE 117

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   The General Response set forth herein applies to all responses that Isaac Larian

2   ("Larian") is providing in response to these requests for production (the "Requests")

3   or may in the future provide in response to any discovery request in this action.  The

4   Response is made without waiving, or intending to waive but, on the contrary,

5   expressly reserving:  (a) the right to object, on the grounds of competency, privilege,

6   relevancy or materiality, or any other proper grounds, to the use of the Response, for

7   any purpose in whole or in part, in any subsequent step or proceeding in this action or

8   any other action; (b) the right to object on any and all grounds, at any time, to other

9   requests for production or other discovery procedures; and (c) the right at any time to

10  revise, correct, add to, or clarify any of the responses propounded herein.

11      The Response reflects only the present state of Larian's discovery regarding the

12  information that Mattel seeks.  Discovery for Phase Two and other investigation or

13  research concerning this litigation are continuing.  It is anticipated that further

14  discovery, independent investigation, and legal research and analysis will supply

15  additional facts and meaning to the known facts, as well as establish entirely new

16  factual conclusions, all of which may lead Larian to discover other information

17  responsive to these Requests.  Larian therefore reserves the right to amend or

18  supplement this Response at any time in light of future investigation, research or

19  analysis, and also expressly reserves the right to rely on, at any time, including trial,

20  subsequently discovered information omitted from this Response as a result of

21  mistake, error, oversight or inadvertence.  Larian does not hereby admit, adopt or

22  acquiesce in any factual or legal contention, assertion or characterization contained in

23  the Requests or any particular request therein, even where Larian has not otherwise

24  objected to a particular request, or has agreed to provide information responsive to a

25  particular request.

26      No incidental or implied admissions are intended by this Response.  These

27  responses should not be taken as an admission that Larian accepts or admits the

28  existence of any facts set forth or assumed by any instruction, definition or request.

666200

EXHIBIT

## **GENERAL OBJECTIONS**

Larian responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1. Larian objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2. Larian objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3. Larian objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4. Larian objects to these Requests to the extent they seek the disclosure of information (1) not currently within his possession, custody or control; (2) that Larian cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to Larian.

5. Larian objects to these Requests to the extent they are overbroad and unduly burdensome.

6. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

2

EXHIBIT 6

PAGE 119

1    7.     Larian objects to the following definitions in these Requests:

2         (a)    Larian objects to the definition of the term "BRATZ"

3    (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

4    designed to mislead and confuse the trier of fact.  The definition includes "any

5    project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

6    or in part and regardless of what such project, product or doll is or has been also,

7    previously or subsequently called) and any product, doll or DESIGN or any portion

8    thereof that is now or has ever been known as, or sold or marketed under, the name or

9    term 'Bratz' (whether in whole or in part and regardless of what such product, doll or

10   DESIGN or portion thereof is or has been also, previously or subsequently called) or

11   that is now or has ever been marketed as part of the 'Bratz' line, and each version or

12   iteration of such product, doll or DESIGN or any portion thereof," and it goes on.  By

13   incorporating the definition of DESIGN, the overly broad definition of BRATZ

14   includes two-dimensional and three-dimensional representations, including "works,

15   designs, artwork, sketches, drawings, illustrations, representations, depictions,

16   blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

17   rotocasts, reductions to practice, developments, inventions and/or improvements . . .

18   ." (Definitions, ¶ E, F.)  These convoluted and multi-part definitions combine to

19   render the requests vague, ambiguous and overly broad, and to include within the

20   term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and

21   related products that are the subject of this case.  In responding to these requests,

22   Larian will interpret the term BRATZ to mean the line of dolls introduced by MGA to

23   the market for sale in May or June of 2001 and subsequent dolls, accessories and

24   other products known as Bratz or associated by Larian with the Bratz line of dolls.

25        (b)    Larian objects to the terms "any" and "REFER OR

26   RELATE TO" (Definitions ¶ I) on the grounds and to the extent that they are

27   overbroad, unduly burdensome or are vague and ambiguous in the context of the

28   requests as written and as those requests would be plainly understood absent Mattel's

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6
PAGE 120

1  definitions.

2          (c)     Larian objects to the terms "IDENTIFY" or "IDENTITY"

3  (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and

4  oppressive. Mattel's definition of these terms inherently call for answers to multiple

5  discrete questions or subparts to questions. For example, when those terms are used

6  to reference any individual, the use of those terms requests at least 7 different and

7  distinct facts: (a) such individual's name; (b) such individual's current or last known

8  business title; (c) such individual's current or last known business affiliation; (d) such

9  individual's current or last known relationship to Larian; (e) such individual's current

10 or last known residential address; (f) such individual's current or last known business

11 address; (g) such individual's current or last known telephone number. When those

12 terms are used to reference any business entity, the use of those terms requests at least

13 4 different and distinct facts: (a) such entity's full name; (b) state (or country) of

14 incorporation or organization; (c) such entity's present or last known address; (d) such

15 entity's present or last known telephone number. Therefore, any request that

16 includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

17 compound and should be posed as separate requests.

18          8.     Larian objects to these request to the extent that they may unfairly

19 seek to restrict the facts on which Larian may rely at trial. Discovery has not been

20 completed and Larian is not yet necessarily in possession of all the facts and

21 documents upon which Larian intends to rely. All of the responses submitted

22 herewith are tendered to Mattel with the reservation that the responses are submitted

23 without limiting the evidence on which Larian may rely to support the contentions

24 and defenses that Larian may assert at the trial of this action and to rebut or impeach

25 the contentions, assertions and evidence that Mattel may present. Larian reserves the

26 right to supplement or amend these responses at a future date.

27          9.     Larian objects to each request to the extent that it seeks

28 information that will be the subject of expert witness testimony and that is therefore

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT

1  premature.

2      10.    Larian objects to each request to the extent that it seeks the

3  disclosure of confidential, proprietary, or trade-secret information.

4      11.    Larian objects to each request to the extent that it calls for a legal

5  conclusion.

6      12.    Larian reserves the right to object on any ground at any time to

7  such other and supplemental discovery requests as Mattel may propound involving or

8  relating to the same subject matter of these request.

9      13.    The responses below shall not be construed as an admission as to

10 the relevance or admissibility of any statement or characterization contained in any

11 request.  Larian reserves all objections, including without limitation objections as to

12 competency, relevance, materiality, privilege, authenticity, or admissibility.

13     14.    In responding to these Requests, Larian has not and will not

14 comply with any instructions or definitions that seek to impose requirements in

15 addition to those imposed by the Federal Rules of Civil Procedure and any applicable

16 local rule.

17            **SPECIFIC OBJECTIONS AND RESPONSES**

18 **REQUEST FOR PRODUCTION NO. 1**

19     All YOUR audited and unaudited monthly, quarterly and annual financial

20 statements covering or RELATING TO any period on or after January 1, 2007,

21 including without limitation balance sheets, income statements, profit and loss

22 statements, consolidated statements of operations, cash flow statements and

23 statements of retained earnings.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

25     Larian incorporates by reference his General Objections as though fully set

26 forth herein.  Larian further objects on the grounds that this request calls for the

27 production of documents that are not limited to the subject matter of this action and

28 not relevant to any claim or defense in the pending litigation or reasonably calculated

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   to lead to the discovery of admissible evidence.  The request appears designed to

2   circumvent the Court's January 7 Order appointing a forensic auditor and requiring

3   Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

4   Order Appointing Forensic Auditor.

5       Larian further objects to this request on the grounds that it is compound.

6   Larian further objects to the request to the extent it violates the privacy rights of third

7   parties to their private, confidential, proprietary or trade secret information.

8       Larian also objects to this request on the grounds that it is overbroad, including,

9   without limitation, in that it would extend to any of Larian's financial statements

10  relating to any period on or after January 1, 2007, without regard to whether such

11  documents are at all relevant to any claim or defense at issue herein.  Larian further

12  objects to this request on the grounds that it is vague and ambiguous in its use of the

13  term "financial statements."  Mattel has not demonstrated how *all* Larian's audited

14  and unaudited monthly, quarterly and annual financial statements could be relevant to

15  the claims and defenses in this action, let alone established that the relevancy of these

16  documents outweighs the individual's fundamental right of privacy.  Larian further

17  objects to this request on the ground that the term RELATING TO renders the request

18  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

19  the request to the extent that it seeks documents that by reason of public filing, public

20  distribution or otherwise are already in Mattel's possession or are readily accessible to

21  Mattel.  Larian further objects to this request to the extent that it seeks documents not

22  in Larian's possession, custody or control.  Larian also objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive information,

24  the disclosure of which would be inimical to the personal and business interests of

25  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

26  attorney-client privileged information or information protected from disclosure by the

27  work-product doctrine, joint defense or common interest privilege, or other privilege.

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT

1   Larian further objects to this request as cumulative and duplicative to the extent

2   that it seeks documents previously requested by Mattel or produced by Larian in

3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 2**

5   All agreements and contracts with any lenders to or creditors of MGA covering,

6   RELATING TO, in effect, dated or entered into on or after January 1, 2007, including

7   without limitation loan agreements, credit agreements, financing agreements, lines of

8   credit and promissory notes, and any amendments or modifications thereto, and any

9   notices of default and COMMUNICATIONS REFERRING OR RELATING TO any

10  such agreements and contracts.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

12  Larian incorporates by reference his General Objections as though fully set

13  forth herein.  Larian further objects on the grounds that this request calls for the

14  production of documents and communications that are not limited to the subject

15  matter of this action and not relevant to any claim or defense in the pending litigation

16  or reasonably calculated to lead to the discovery of admissible evidence.

17  Larian further objects to this request on the grounds that it is compound.

18  Larian further objects to the request to the extent it violates the privacy rights of third

19  parties to their private, confidential, proprietary or trade secret information.

20  Larian also objects to this request on the grounds that it is overbroad, including,

21  without limitation, that it would extend to *any* agreements and contracts with *any*

22  lenders to or creditors of MGA and *any* communications referring or relating thereto,

23  without regard to whether such communications are at all relevant to any claim or

24  defense at issue herein.  Larian further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "lenders," "creditors," "agreements," and

26  "contracts."  Mattel has not demonstrated how *all* agreements and contracts with any

27  lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered

28  into on or after January 1, 2007, and *any* notices of default and COMMUNICATIONS

666200

1  REFERRING OR RELATING TO any such agreements and contracts could be
2  relevant to the claims and defenses in this action, let alone established that the
3  relevancy of these documents and communications outweighs the individual's
4  fundamental right of privacy.  Larian further objects to this request on the ground that
5  the terms COMMUNICATIONS, REFERRING OR RELATING TO render the
6  request vague, ambiguous, overly broad and unduly burdensome.  Larian further
7  objects to the request to the extent that it seeks documents that by reason of public
8  filing, public distribution or otherwise are already in Mattel's possession or are
9  readily accessible to Mattel.  Larian further objects to this request to the extent that it
10 seeks documents not in Larian's possession, custody or control.  Larian also objects to
11 this request on the grounds that it seeks confidential, proprietary or commercially
12 sensitive information, the disclosure of which would be inimical to the personal and
13 business interests of Larian.  Larian also objects to this request to the extent it calls
14 for the disclosure of attorney-client privileged information or information protected
15 from disclosure by the work-product doctrine, joint defense or common interest
16 privilege, or other privilege.

17        Larian further objects to this request as cumulative and duplicative to the extent
18 that it seeks documents previously requested by Mattel or produced by Larian in
19 response to Mattel's document requests.

20 **REQUEST FOR PRODUCTION NO. 3**

21        To the extent not produced in response to any other Request, DOCUMENTS
22 sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited,
23 requested, obtained, received or were denied credit, financing or funding on or after
24 January 1, 2007 and sufficient to show the amount(s) and terms involved.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

26        Larian incorporates by reference his General Objections as though fully set
27 forth herein.  Larian further objects on the grounds that this request calls for the
28 production of documents that are not limited to the subject matter of this action and

666200

EXHIBIT

PAGE

1  not relevant to any claim or defense in the pending litigation or reasonably calculated

2  to lead to the discovery of admissible evidence.  The request appears designed to

3  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

4  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

5  Order Appointing Forensic Auditor.

6        Larian further objects to this request on the grounds that it is compound.

7  Larian further objects to the request to the extent it violates the privacy rights of third

8  parties to their private, confidential, proprietary or trade secret information.

9        Larian also objects to this request on the grounds that it is overbroad, including,

10  without limitation, that it would require production of any documents sufficient to

11  identify any person or entity from whom Larian sought, solicited, requested, obtained,

12  received or were denied credit, financing or funding, without regard to whether such

13  documents are at all relevant to any claim or defense at issue herein.  Larian further

14  objects to this request on the grounds that it is vague and ambiguous in its use of the

15  terms "sought," "solicited," "requested," "obtained," "received," "denied," "credit,"

16  "financing," and "funding."  Mattel has not demonstrated how DOCUMENTS

17  sufficient to IDENTIFY *each* other PERSON from whom Larian sought, solicited,

18  requested, obtained, received or were denied credit, financing or funding on or after

19  January 1, 2007 and sufficient to show the amount(s) and terms involved could be

20  relevant to the claims and defenses in this action, let alone established that the

21  relevancy of these documents outweighs the individual's fundamental right of

22  privacy.  Larian further objects to this request on the ground that the terms

23  DOCUMENTS, IDENTIFY, and PERSON render the request vague, ambiguous,

24  overly broad and unduly burdensome.  Larian further objects to the request to the

25  extent that it seeks documents that by reason of public filing, public distribution or

26  otherwise are already in Mattel's possession or are readily accessible to Mattel.

27  Larian further objects to this request to the extent that it seeks documents not in

28  Larian's possession, custody or control.  Larian also objects to this request on the

666200

EXHIBIT *b*

PAGE *126*

1 | grounds that it seeks confidential, proprietary or commercially sensitive information,
2 | the disclosure of which would be inimical to the personal and business interests of
3 | Larian.  Larian also objects to this request to the extent it calls for the disclosure of
4 | attorney-client privileged information or information protected from disclosure by the
5 | work-product doctrine, joint defense or common interest privilege, or other privilege.

6 | Larian further objects to this request as cumulative and duplicative to the extent
7 | that it seeks documents previously requested by Mattel or produced by Larian in
8 | response to Mattel's document requests.

9 | **REQUEST FOR PRODUCTION NO. 4**

10 | All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or
11 | insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or
12 | after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this
13 | action).

14 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15 | Larian incorporates by reference his General Objections as though fully set
16 | forth herein.  Larian further objects to this request on the grounds that the Discovery
17 | Master already has ruled on similarly phrased requests, including in an Order dated
18 | May 7, 2008, concluding that requests using phrases like "all documents," and
19 | "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
20 | irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the
21 | grounds that this request calls for the production of documents that are not limited to
22 | the subject matter of this action and not relevant to any claim or defense in the
23 | pending litigation or reasonably calculated to lead to the discovery of admissible
24 | evidence.  The request appears designed to circumvent the Court's January 7 Order
25 | appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the
26 | first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

666200

EXHIBIT
PAGE 127

1    Larian further objects to this request on the grounds that it is compound.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information.

4    Larian also objects to this request on the grounds that it is overbroad, including,

5  without limitation, in that it would extend to any document referring or relating in any

6  way to a wide variety of matter that could potentially be construed as "relating" to

7  Larian's solvency or insolvency, without regard to whether such documents are at all

8  relevant to any claim or defense at issue herein.  Larian further objects to this request

9  on the grounds that it is vague and ambiguous in its use of the terms "solvency" and

10  "insolvency."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11  RELATING TO Larian's solvency or insolvency, or whether Larian's liabilities

12  exceed his assets could be relevant to the claims and defenses in this action, let alone

13  established that the relevancy of these documents outweighs fundamental privacy

14  rights.  Larian further objects to this request on the ground that the terms

15  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

16  ambiguous, overly broad and unduly burdensome.  Larian further objects to the

17  request to the extent that it seeks documents that by reason of public filing, public

18  distribution or otherwise are already in Mattel's possession or are readily accessible to

19  Mattel.  Larian also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would be

21  inimical to the personal and business interests of Larian.  Larian also objects to this

22  request to the extent it calls for the disclosure of attorney-client privileged

23  information or information protected from disclosure by the work-product doctrine,

24  joint defense or common interest privilege, or other privilege.

25    Larian further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by Larian in

27  response to Mattel's document requests.

28

666200

EXHIBIT 6

PAGE 128

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS REFERRING OR RELATING TO any representation or statement made by YOU about YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* statement or representation made by Larian referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this Larian's solvency, insolvency, liabilities, or assets without regard to whether such statements or representations are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "representation," "statement," "solvency," and "insolvency." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any representation or statement

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

12

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

EXHIBIT 6

PAGE 129

1   made by Larian about Larian's solvency or insolvency, or whether Larian's liabilities

2   exceed his assets could be relevant to the claims and defenses in this action, let alone

3   established that the relevancy of these documents outweighs fundamental privacy

4   rights.  Larian further objects to this request on the ground that the terms

5   DOCUMENTS and REFERRING OR RELATING TO render the request vague,

6   ambiguous, overly broad and unduly burdensome.  Larian further objects to the

7   request to the extent that it seeks documents that by reason of public filing, public

8   distribution or otherwise are already in Mattel's possession or are readily accessible to

9   Mattel.  Larian further objects to this request to the extent that it seeks documents not

10  in Larian's possession, custody or control.  Larian also objects to this request on the

11  grounds that it seeks confidential, proprietary or commercially sensitive information,

12  the disclosure of which would be inimical to the personal and business interests of

13  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

14  attorney-client privileged information or information protected from disclosure by the

15  work-product doctrine, joint defense or common interest privilege, or other privilege.

16      Larian further objects to this request as cumulative and duplicative to the extent

17  that it seeks documents previously requested by Mattel or produced by Larian in

18  response to Mattel's document requests.

19  **REQUEST FOR PRODUCTION NO. 6**

20      All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for

21  any period on or after January 1, 2007 (excluding pleadings served by YOU on

22  MATTEL in this action).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

24      Larian incorporates by reference his General Objections as though fully set

25  forth herein.  Larian further objects to this request on the grounds that the Discovery

26  Master already has ruled on similarly phrased requests, including in an Order dated

27  May 7, 2008, concluding that requests using phrases like "all documents," and

28  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

2   grounds that this request calls for the production of documents that are not limited to

3   the subject matter of this action and not relevant to any claim or defense in the

4   pending litigation or reasonably calculated to lead to the discovery of admissible

5   evidence.  The request appears designed to circumvent the Court's January 7 Order

6   appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

7   first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

8        Larian further objects to this request on the grounds that it is compound.

9   Larian further objects to the request to the extent it violates the privacy rights of third

10  parties to their private, confidential, proprietary or trade secret information.

11       Larian also objects to this request on the grounds that it is overbroad, including,

12  without limitation, in that it would extend to any document referring or relating in any

13  way to a wide variety of matter that could potentially be construed as "relating" to

14  Larian's net worth, without regard to whether such documents are at all relevant to

15  any claim or defense at issue herein.  Larian further objects to this request on the

16  grounds that it is vague and ambiguous in its use of the term "net worth."  Mattel has

17  not demonstrated how all DOCUMENTS REFERRING OR RELATING TO Larian's

18  net worth could be relevant to the claims and defenses in this action, let alone

19  established that the relevancy of these documents outweighs fundamental privacy

20  rights.  Larian further objects to this request on the ground that the terms

21  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

22  ambiguous, overly broad and unduly burdensome.  Larian further objects to the

23  request to the extent that it seeks documents that by reason of public filing, public

24  distribution or otherwise are already in Mattel's possession or are readily accessible to

25  Mattel.  Larian also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would be

27  inimical to the personal and business interests of Larian.  Larian also objects to this

28  request to the extent it calls for the disclosure of attorney-client privileged

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT

PAGE (3)

1  information or information protected from disclosure by the work-product doctrine,

2  joint defense or common interest privilege, or other privilege.

3      Larian further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by Larian in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 7**

7      All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net

8  worth for any period on or after January 1, 2007 (excluding pleadings served by YOU

9  on MATTEL in this action).

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

11      Larian incorporates by reference his General Objections as though fully set

12  forth herein.  Larian further objects in that this is the same question as Request for

13  Production No. 6.  Larian further objects to this request on the grounds that the

14  Discovery Master already has ruled on similarly phrased requests, including in an

15  Order dated May 7, 2008, concluding that requests using phrases like "all

16  documents," and "referring to or relating to" are overly broad, vague, unduly

17  burdensome, and seek irrelevant information.  See May 7, 2008 Infante Order.  Larian

18  further objects on the grounds that this request calls for the production of documents

19  that are not limited to the subject matter of this action and not relevant to any claim or

20  defense in the pending litigation or reasonably calculated to lead to the discovery of

21  admissible evidence.  The request appears designed to circumvent the Court's January

22  7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs

23  in the first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

24      Larian further objects to this request on the grounds that it is compound.

25  Larian further objects to the request to the extent it violates the privacy rights of third

26  parties to their private, confidential, proprietary or trade secret information.

27      Larian also objects to this request on the grounds that it is overbroad, including,

28  without limitation, in that it would extend to any document referring or relating in any

666200

PAGE 132

1   way to a wide variety of matter that could potentially be construed as "relating" to

2   Isaac Larian's net worth, without regard to whether such documents are at all relevant

3   to any claim or defense at issue herein.  Larian further objects to this request on the

4   grounds that it is vague and ambiguous in its use of the term "net worth."  Mattel has

5   not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Isaac

6   Larian's net worth could be relevant to the claims and defenses in this action, let

7   alone established that the relevancy of these documents outweighs the individual's

8   fundamental right of privacy.  Larian further objects to this request on the ground that

9   the terms DOCUMENTS and REFERRING OR RELATING TO render the request

10  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

11  the request to the extent that it seeks documents that by reason of public filing, public

12  distribution or otherwise are already in Mattel's possession or are readily accessible to

13  Mattel.  Larian also objects to this request on the grounds that it seeks confidential,

14  proprietary or commercially sensitive information, the disclosure of which would be

15  inimical to the personal and business interests of Larian.  Larian also objects to this

16  request to the extent it calls for the disclosure of attorney-client privileged

17  information or information protected from disclosure by the work-product doctrine,

18  joint defense or common interest privilege, or other privilege.

19         Larian further objects to this request as cumulative and duplicative to the extent

20  that it seeks documents previously requested by Mattel or produced by Larian in

21  response to Mattel's document requests.

22  **REQUEST FOR PRODUCTION NO. 8**

23         All DOCUMENTS REFERRING OR RELATING TO orders, including

24  without limitation cancelled or held orders, for BRATZ products for Spring 2009, and

25  all COMMUNICATIONS with retailers and other prospective purchasers

26  REFERRING OR RELATING TO any such orders.

27

28

666200

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

1      Larian incorporates by reference his General Objections as though fully set
3 forth herein.  Larian further objects to this request on the grounds that the Discovery
4 Master already has ruled on similarly phrased requests, including in an Order dated
5 May 7, 2008, concluding that requests using phrases like "all documents," and
6 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
7 irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the
8 grounds that this request calls for the production of documents that are not limited to
9 the subject matter of this action and not relevant to any claim or defense in the
10 pending litigation or reasonably calculated to lead to the discovery of admissible
11 evidence.

12      Larian further objects to this request on the grounds that it is compound.
13 Larian further objects to the request to the extent it violates the privacy rights of third
14 parties to their private, confidential, proprietary or trade secret information.

15      Larian also objects to this request on the grounds that it is overbroad, including,
16 without limitation, that it would extend to any documents or communications with
17 retailers and other prospective purchasers referring or relating in any way to a wide
18 variety of matter that could potentially be construed as "relating" to orders for
19 BRATZ products for Spring 2009, without regard to whether such documents or
20 communications are at all relevant to any claim or defense at issue herein.  Larian
21 further objects to this request on the grounds that it is vague and ambiguous in its use
22 of the terms "orders," "cancelled or held orders," and "retailers and other prospective
23 purchasers."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR
24 RELATING TO orders, including without limitation cancelled or held orders, for
25 BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and
26 other prospective purchasers REFERRING OR RELATING TO any such orders
27 could be relevant to the claims and defenses in this action, let alone established that
28 the relevancy of these documents outweighs the fundamental privacy rights.  Larian

666200

EXHIBIT 6

PAGE 139

1  further objects to this request on the ground that the terms DOCUMENTS,

2  REFERRING OR RELATING TO, and COMMUNICATIONS render the request

3  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

4  the request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel.  Larian further objects to this request to the extent that it seeks documents not

7  in Larian's possession, custody or control.  Larian also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the personal and business interests of

10  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

11  attorney-client privileged information or information protected from disclosure by the

12  work-product doctrine, joint defense or common interest privilege, or other privilege.

13       Larian further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by Larian in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 9**

17       All DOCUMENTS REFERRING OR RELATING TO orders, including

18  without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all

19  COMMUNICATIONS with retailers and other prospective purchasers REFERRING

20  OR RELATING TO any such orders.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

22       Larian incorporates by reference his General Objections as though fully set

23  forth herein.  Larian further objects to this request on the grounds that the Discovery

24  Master already has ruled on similarly phrased requests, including in an Order dated

25  May 7, 2008, concluding that requests using phrases like "all documents," and

26  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

27  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

28  grounds that this request calls for the production of documents and communications

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT *b*

PAGE 135

1   that are not limited to the subject matter of this action and not relevant to any claim or

2   defense in the pending litigation or reasonably calculated to lead to the discovery of

3   admissible evidence.

4        Larian further objects to this request on the grounds that it is compound.

5   Larian further objects to the request to the extent it violates the privacy rights of third

6   parties to their private, confidential, proprietary or trade secret information.

7        Larian also objects to this request on the grounds that it is overbroad, including,

8   without limitation, that it would extend to any documents or communications with

9   retailers and other prospective purchasers referring or relating in any way to a wide

10  variety of matter that could potentially be construed as "relating" to orders for

11  BRATZ products for Fall 2009, without regard to whether such communications are

12  at all relevant to any claim or defense at issue herein.  Larian further objects to this

13  request on the grounds that it is vague and ambiguous in its use of the terms "orders,"

14  "cancelled or held orders," and "retailers and other prospective purchasers."  Mattel

15  has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO

16  orders, including without limitation cancelled or held orders, for BRATZ products for

17  Fall 2009, and all COMMUNICATIONS with retailers and other prospective

18  purchasers REFERRING OR RELATING TO any such orders could be relevant to

19  the claims and defenses in this action, let alone established that the relevancy of these

20  documents outweighs fundamental privacy rights.  Larian further objects to this

21  request on the ground that the terms DOCUMENTS, REFERRING OR RELATING

22  TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad

23  and unduly burdensome.  Larian further objects to the request to the extent that it

24  seeks documents that by reason of public filing, public distribution or otherwise are

25  already in Mattel's possession or are readily accessible to Mattel.  Larian further

26  objects to this request to the extent that it seeks documents not in Larian's possession,

27  custody or control.  Larian also objects to this request on the grounds that it seeks

28  confidential, proprietary or commercially sensitive information, the disclosure of

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 136

1  which would be inimical to the personal and business interests of Larian.  Larian also

2  objects to this request to the extent it calls for the disclosure of attorney-client

3  privileged information or information protected from disclosure by the work-product

4  doctrine, joint defense or common interest privilege, or other privilege.

5      Larian further objects to this request as being overly broad and unduly

6  burdensome on the grounds that it is not limited in time.  Larian further objects to this

7  request as cumulative and duplicative to the extent that it seeks documents previously

8  requested by Mattel or produced by Larian in response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 10**

10      All DOCUMENTS REFERRING OR RELATING TO the transfer of any

11  ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member

12  of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any

13  member of ISAAC LARIAN's family, since January 1, 2007.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

15      Larian incorporates by reference his General Objections as though fully set

16  forth herein.  Larian further objects to this request on the grounds that the Discovery

17  Master already has ruled on similarly phrased requests, including in an Order dated

18  May 7, 2008, concluding that requests using phrases like "all documents," and

19  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

20  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

21  grounds that this request calls for the production of documents that are not limited to

22  the subject matter of this action and not relevant to any claim or defense in the

23  pending litigation or reasonably calculated to lead to the discovery of admissible

24  evidence.  The request appears designed to circumvent the Court's January 7 Order

25  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

26  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 91

1    Larian further objects to this request on the grounds that it is compound.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information.

4    Larian also objects to this request on the grounds that it is overbroad, including,

5  without limitation, that it would extend to any documents referring or relating in any

6  way to a wide variety of matter that could potentially be construed as "relating" to the

7  transfer of any item of value between MGA and Isaac Larian or any member of Isaac

8  Larian's family, or any entity controlled by Isaac Larian or Isaac Larian's family,

9  without regard to whether such documents are at all relevant to any claim or defense

10  at issue herein.  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

11  OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the

12  benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity

13  controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family could be

14  relevant to the claims and defenses in this action, let alone established that the

15  relevancy of these documents outweighs the individual's fundamental right of

16  privacy.  Larian further objects to this request on the ground that the terms

17  DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render the

18  request vague, ambiguous, overly broad and unduly burdensome.  Larian further

19  objects to the request to the extent that it seeks documents that by reason of public

20  filing, public distribution or otherwise are already in Mattel's possession or are

21  readily accessible to Mattel.  Larian further objects to this request to the extent that it

22  seeks documents not in Larian's possession, custody or control.  Larian also objects to

23  this request on the grounds that it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the personal and

25  business interests of Larian.  Larian also objects to this request to the extent it calls

26  for the disclosure of attorney-client privileged information or information protected

27  from disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.

666200

EXHIBIT

PAGE

1    Larian further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by Larian in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 11**

5    All COMMUNICATIONS between YOU and any third-party, including

6  without limitation any retailer or distributor but excluding MATTEL and any Court,

7  REFERRING OR RELATING TO YOUR ex parte application for stay pending

8  appeal, filed December 11, 2008, including without limitation any declaration,

9  whether final, draft, proposed or requested, in connection therewith and copies of all

10  draft declarations in connection therewith.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

12    Larian incorporates by reference his General Objections as though fully set

13  forth herein.  Larian further objects on the grounds that this request calls for the

14.  production of documents that are not limited to the subject matter of this action and

15  not relevant to any claim or defense in the pending litigation or reasonably calculated

16  to lead to the discovery of admissible evidence.

17    Larian further objects to the request to the extent it violates the privacy rights

18  of third parties to their private, confidential, proprietary or trade secret information.

19    Larian also objects to this request on the grounds that it is overbroad, including,

20  without limitation, that it would extend to any communication between Larian and

21  any third-party referring or relating in any way to a wide variety of matter that could

22  potentially be construed as "relating" to Larian's ex parte application for stay pending

23  appeal, without regard to whether such communications are at all relevant to any

24  claim or defense at issue herein.  Larian also objects to this request on the grounds

25  that it is overbroad, unduly burdensome and oppressive in that it is not in any way

26  limited as to the persons involved in the communications.  Larian further objects to

27  this request on the grounds that it is vague and ambiguous in its use of the terms

28  "third-party," "retailer or distributor," and "ex parte application for stay pending

666200

1  appeal."  Mattel has not demonstrated how *all* COMMUNICATIONS between Larian

2  and any third-party REFERRING OR RELATING TO Larian's ex parte application

3  for stay pending appeal could be relevant to the claims and defenses in this action, let

4  alone established that the relevancy of these documents outweighs the individual's

5  fundamental right of privacy.  Larian further objects to this request on the ground that

6  the terms COMMUNICATIONS and REFERRING OR RELATING TO render the

7  request vague, ambiguous, overly broad and unduly burdensome.  Larian further

8  objects to the request to the extent that it seeks documents that by reason of public

9  filing, public distribution or otherwise are already in Mattel's possession or are

10  readily accessible to Mattel.  Larian further objects to this request to the extent that it

11  seeks documents not in Larian's possession, custody or control.  Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the personal and

14  business interests of Larian.  Larian also objects to this request to the extent it calls

15  for the disclosure of attorney-client privileged information or information protected

16  from disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.

18      Larian further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by Larian in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 12**

22      All DOCUMENTS REFERRING OR RELATING TO capital contributions to

23  MGA since January 1, 2007.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

25      Larian incorporates by reference his General Objections as though fully set

26  forth herein.  Larian further objects to this request on the grounds that the Discovery

27  Master already has ruled on similarly phrased requests, including in an Order dated

28  May 7, 2008, concluding that requests using phrases like "all documents," and

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6
PAGE 140

1    "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

2    irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the

3    grounds that this request calls for the production of documents that are not limited to

4    the subject matter of this action and not relevant to any claim or defense in the

5    pending litigation or reasonably calculated to lead to the discovery of admissible

6    evidence. The request appears designed to circumvent the Court's January 7 Order

7    appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

8    first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

9    Larian further objects to this request on the grounds that it is compound.

10   Larian further objects to the request to the extent it violates the privacy rights of third

11   parties to their private, confidential, proprietary or trade secret information.

12   Larian also objects to this request on the grounds that it is overbroad, including,

13   without limitation, that it would extend to any documents referring or relating in any

14   way to a wide variety of matter that could potentially be construed as "relating" to

15   capital contributions to MGA, without regard for whether such documents are at all

16   relevant to any claim or defense at issue herein. Larian further objects to this request

17   on the grounds that it is vague and ambiguous in its use of the term "capital

18   contributions." Mattel has not demonstrated how *all* DOCUMENTS REFERRING

19   OR RELATING TO capital contributions to MGA could be relevant to the claims and

20   defenses in this action, let alone established that the relevancy of these documents

21   outweighs the individual's fundamental right of privacy. Larian further objects to this

22   request on the ground that the terms DOCUMENTS and REFERRING OR

23   RELATING TO render the request vague, ambiguous, overly broad and unduly

24   burdensome. Larian further objects to the request to the extent that it seeks

25   documents that by reason of public filing, public distribution or otherwise are already

26   in Mattel's possession or are readily accessible to Mattel. Larian further objects to

27   this request to the extent that it seeks documents not in Larian's possession, custody

28   or control. Larian also objects to this request on the grounds that it seeks confidential,

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  proprietary or commercially sensitive information, the disclosure of which would be
2  inimical to the personal and business interests of Larian.  Larian also objects to this
3  request to the extent it calls for the disclosure of attorney-client privileged
4  information or information protected from disclosure by the work-product doctrine,
5  joint defense or common interest privilege, or other privilege.

6      Larian further objects to this request as cumulative and duplicative to the extent
7  that it seeks documents previously requested by Mattel or produced by Larian in
8  response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 13**

10     All DOCUMENTS showing MGA's projected revenue, costs, profits or
11  financial performance for any period since January 1, 2007.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

13     Larian incorporates by reference his General Objections as though fully set
14  forth herein.  Larian further objects on the grounds that this request calls for the
15  production of documents that are not limited to the subject matter of this action and
16  not relevant to any claim or defense in the pending litigation or reasonably calculated
17  to lead to the discovery of admissible evidence.  The request appears designed to
18  circumvent the Court's January 7 Order appointing a forensic auditor and requiring
19  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson
20  Order Appointing Forensic Auditor.

21     Larian further objects to this request on the grounds that it is compound.
22  Larian further objects to the request to the extent it violates the privacy rights of third
23  parties to their private, confidential, proprietary or trade secret information.

24     Larian also objects to this request on the grounds that it is overbroad, including,
25  without limitation, that it would extend to any documents referring or relating in any
26  way to a wide variety of matter that could potentially be construed as "showing"
27  MGA's projected revenue, costs, profits or financial performance, without regard for
28  whether such documents are at all relevant to any claim or defense at issue herein.

666200

1   Larian further objects to this request on the grounds that it is vague and ambiguous in
2   its use of the terms "projected revenue," "costs," "profits," and "financial
3   performance."  Mattel has not demonstrated how *all* DOCUMENTS showing MGA's
4   projected revenue, costs, profits or financial performance could be relevant to the
5   claims and defenses in this action, let alone established that the relevancy of these
6   documents outweighs fundamental privacy rights.  Larian further objects to this
7   request on the ground that the term DOCUMENTS renders the request vague,
8   ambiguous, overly broad and unduly burdensome.  Larian further objects to the
9   request to the extent that it seeks documents that by reason of public filing, public
10  distribution or otherwise are already in Mattel's possession or are readily accessible to
11  Mattel.  Larian further objects to this request to the extent that it seeks documents not
12  in Larian's possession, custody or control.  Larian also objects to this request on the
13  grounds that it seeks confidential, proprietary or commercially sensitive information,
14  the disclosure of which would be inimical to the personal and business interests of
15  Larian.  Larian also objects to this request to the extent it calls for the disclosure of
16  attorney-client privileged information or information protected from disclosure by the
17  work-product doctrine, joint defense or common interest privilege, or other privilege.
18      Larian further objects to this request as cumulative and duplicative to the extent
19  that it seeks documents previously requested by Mattel or produced by Larian in
20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 14**

22      All DOCUMENTS REFERRING OR RELATING TO any transfer of any
23  ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN,
24  any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly
25  by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any
26  ISAAC LARIAN family member since January. 1, 2007.

27

28

666200

EXHIBIT

PAGE

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Larian incorporates by reference his General Objections as though fully set forth herein.  Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound.  Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this any transfer of any item of value between MGA, Isaac Larian, any Isaac Larian family member, and any person controlled directly or indirectly by Isaac Larian or Isaac Larian's family, without regard to whether such documents are at all relevant to any claim or defense at issue herein.  Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "transfer" and "controlled, directly or indirectly."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

PAGE 144

1  LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN

2  family member could be relevant to the claims and defenses in this action, let alone

3  established that the relevancy of these documents outweighs the individual's

4  fundamental right of privacy.  Larian further objects to this request on the ground that

5  the terms DOCUMENTS, REFERRING OR RELATING TO, ITEM OF VALUE, and

6  PERSON render the request vague, ambiguous, overly broad and unduly burdensome.

7  Larian further objects to the request to the extent that it seeks documents that by

8  reason of public filing, public distribution or otherwise are already in Mattel's

9  possession or are readily accessible to Mattel.  Larian further objects to this request to

10 the extent that it seeks documents not in Larian's possession, custody or control.

11 Larian also objects to this request on the grounds that it seeks confidential, proprietary

12 or commercially sensitive information, the disclosure of which would be inimical to

13 the personal and business interests of Larian.  Larian also objects to this request to the

14 extent it calls for the disclosure of attorney-client privileged information or

15 information protected from disclosure by the work-product doctrine, joint defense or

16 common interest privilege, or other privilege.

17       Larian further objects to this request as cumulative and duplicative to the extent

18 that it seeks documents previously requested by Mattel or produced by Larian in

19 response to Mattel's document requests.

20 **REQUEST FOR PRODUCTION NO. 15**

21       All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family

22 member since January 1, 2007.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

24       Larian incorporates by reference his General Objections as though fully set

25 forth herein.  Larian further objects on the grounds that this request calls for the

26 production of documents that are not limited to the subject matter of this action and

27 not relevant to any claim or defense in the pending litigation or reasonably calculated

28 to lead to the discovery of admissible evidence.  The request appears designed to

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

PAGE 145

1   circumvent the Court's January 7 Order appointing a forensic auditor and requiring

2   Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

3   Order Appointing Forensic Auditor.

4   　　　　Larian further objects to this request on the grounds that it is compound.

5   Larian further objects to the request to the extent it violates the privacy rights of third

6   parties to their private, confidential, proprietary or trade secret information.

7   　　　　Larian further objects to this request on the grounds that it is vague and

8   ambiguous in its use of the terms "W-2" and "family member."  Mattel has not

9   demonstrated how *all* W-2s REFERRING OR RELATING TO any ISAAC LARIAN

10  family member could be relevant to the claims and defenses in this action, let alone

11  established that the relevancy of these documents outweighs the individual's

12  fundamental right of privacy.  Larian further objects to this request on the ground that

13  the term REFERRING OR RELATING TO renders the request vague, ambiguous,

14  overly broad and unduly burdensome.  Larian further objects to the request to the

15  extent that it seeks documents that by reason of public filing, public distribution or

16  otherwise are already in Mattel's possession or are readily accessible to Mattel.

17  Larian further objects to this request to the extent that it seeks documents not in

18  Larian's possession, custody or control.  Larian also objects to this request on the

19  grounds that it seeks confidential, proprietary or commercially sensitive information,

20  the disclosure of which would be inimical to the personal and business interests of

21  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

22  attorney-client privileged information or information protected from disclosure by the

23  work-product doctrine, joint defense or common interest privilege, or other privilege.

24  　　　　Larian further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by Larian in

26  response to Mattel's document requests.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT /

1  **REQUEST FOR PRODUCTION NO. 16**

2      All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or

3  transfer by MGA of BRATZ products having a retail value greater than $50,000 other

4  than to retailers in the ordinary course of business since January 1, 2007.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

6      Larian incorporates by reference his General Objections as though fully set

7  forth herein.  Larian further objects to this request on the grounds that the Discovery

8  Master already has ruled on similarly phrased requests, including in an Order dated

9  May 7, 2008, concluding that requests using phrases like "all documents," and

10  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

11  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

12  grounds that this request calls for the production of documents that are not limited to

13  the subject matter of this action and not relevant to any claim or defense in the

14  pending litigation or reasonably calculated to lead to the discovery of admissible

15  evidence.  The request appears designed to circumvent the Court's January 7 Order

16  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

17  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

18      Larian further objects to this request on the grounds that it is compound.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21      Larian also objects to this request on the grounds that it is overbroad, including,

22  without limitation, that it would extend to any document referring or relating in any

23  way to a wide variety of matter that could potentially be construed as "relating" to

24  any sale, distribution or transfer by MGA of BRATZ products having a retail value

25  greater than $50,000 other than to retailers in the ordinary course of business, without

26  regard to whether such documents are at all relevant to any claim or defense at issue

27  herein.  Larian also objects to this request on the grounds that it is overbroad, unduly

28  burdensome and oppressive in that it is not in any way limited as to the persons

666200

1  involved in the sales, distributions, or transfers.  Larian further objects to this request

2  on the grounds that it is vague and ambiguous in its use of the terms "sale,"

3  "distribution," "transfer," "retail value," "retailers," and "ordinary course of

4  business."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

5  RELATING TO any sale, distribution or transfer by MGA of BRATZ products having

6  a retail value greater than $50,000 other than to retailers in the ordinary course of

7  business could be relevant to the claims and defenses in this action, let alone

8  established that the relevancy of these documents outweighs fundamental privacy

9  rights.  Larian further objects to this request on the ground that the terms

10 DOCUMENTS and REFERRING OR RELATING TO render the request vague,

11 ambiguous, overly broad and unduly burdensome.  Larian further objects to the

12 request to the extent that it seeks documents that by reason of public filing, public

13 distribution or otherwise are already in Mattel's possession or are readily accessible to

14 Mattel.  Larian further objects to this request to the extent that it seeks documents not

15 in Larian's possession, custody or control.  Larian also objects to this request on the

16 grounds that it seeks confidential, proprietary or commercially sensitive information,

17 the disclosure of which would be inimical to the personal and business interests of

18 Larian.  Larian also objects to this request to the extent it calls for the disclosure of

19 attorney-client privileged information or information protected from disclosure by the

20 work-product doctrine, joint defense or common interest privilege, or other privilege.

21      Larian further objects to this request as cumulative and duplicative to the extent

22 that it seeks documents previously requested by Mattel or produced by Larian in

23 response to Mattel's document requests.

24 **REQUEST FOR PRODUCTION NO. 17**

25      All DOCUMENTS REFERRING OR RELATING TO agreements,

26 transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

27 and IGWT Group, LLC.

28

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

31

EXHIBIT
PAGE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

1  
2  Larian incorporates by reference his General Objections as though fully set
3  forth herein.  Larian further objects to this request on the grounds that the Discovery
4  Master already has ruled on similarly phrased requests, including in an Order dated
5  May 7, 2008, concluding that requests using phrases like "all documents," and
6  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
7  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the
8  grounds that this request calls for the production of documents that are not limited to
9  the subject matter of this action and not relevant to any claim or defense in the
10  pending litigation or reasonably calculated to lead to the discovery of admissible
11  evidence.  The request appears designed to circumvent the Court's January 7 Order
12  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the
13  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.
14  Larian further objects to this request on the grounds that it is compound.
15  Larian further objects to the request to the extent it violates the privacy rights of third
16  parties to their private, confidential, proprietary or trade secret information.  Larian
17  further objects to this request on the grounds that it is overbroad as to subject matter
18  and time; in particular, Larian objects that the phrases "all documents" and "referring
19  or relating to" are unbounded by any date limitation and are not tied in any way to
20  any claim, defense or other issues involved in Phase 2 of this litigation.
21  Larian also objects to this request on the grounds that it is overbroad, including,
22  without limitation, that it would extend to any document referring or relating in any
23  way to a wide variety of matter that could potentially be construed as "relating" to
24  any agreements, transactions, sales, shipments or the transfer of any ITEM OF
25  VALUE between MGA and IGWT Group, LLC, without regard to whether such
26  documents are at all relevant to any claim or defense at issue herein.  Larian also
27  objects to this request on the grounds that it is overbroad, unduly burdensome and
28  oppressive in that it is not in any way limited as to the persons involved in the

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT

PAGE 149

1  communications or as to time.  Larian further objects to this request on the grounds

2  that it is vague and ambiguous in its use of the terms "agreements," "transactions,"

3  "sales," "shipments," and "transfer."  Mattel has not demonstrated how *all*

4  DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,

5  shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,

6  LLC could be relevant to the claims and defenses in this action, let alone established

7  that the relevancy of these documents outweighs the individual's fundamental right of

8  privacy.  Larian further objects to this request on the ground that the terms

9  DOCUMENTS, REFERRING OR RELATING TO, and  ITEM OF VALUE render

10  the request vague, ambiguous, overly broad and unduly burdensome.  Larian further

11  objects to the request to the extent that it seeks documents that by reason of public

12  filing, public distribution or otherwise are already in Mattel's possession or are

13  readily accessible to Mattel.  Larian further objects to this request to the extent that it

14  seeks documents not in Larian's possession, custody or control.  Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the personal and

17  business interests of Larian.  Larian also objects to this request to the extent it calls

18  for the disclosure of attorney-client privileged information or information protected

19  from disclosure by the work-product doctrine, joint defense or common interest

20  privilege, or other privilege.

21        Larian further objects to this request as being overly broad and unduly

22  burdensome on the grounds that it is not limited in time.  Larian further objects to this

23  request as cumulative and duplicative to the extent that it seeks documents previously

24  requested by Mattel or produced by Larian in response to Mattel's document requests.

25

26  \ \ \

27  \ \ \

28  \ \ \

666200

**REQUEST FOR PRODUCTION NO. 18**

1    All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of
2    product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase
3    Agreement dated July 7, 2008, including without limitation all audits or other
4    valuations performed in connection with such product, any opinions RELATING TO
5    the fairness or unfairness of such transfer, all MGA corporate or director resolutions
6    or approvals of such transfer, all bids received or solicited in connection with the
7    purported sale or offering for sale of such product, the terms of such bids and any
8    other and all COMMUNICATIONS relating to any of the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

    Larian incorporates by reference his General Objections as though fully set
forth herein.  Larian further objects to this request on the grounds that the Discovery
Master already has ruled on similarly phrased requests, including in an Order dated
May 7, 2008, concluding that requests using phrases like "all documents," and
"referring to or relating to" are overly broad, vague, unduly burdensome, and seek
irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the
grounds that this request calls for the production of documents that are not limited to
the subject matter of this action and not relevant to any claim or defense in the
pending litigation or reasonably calculated to lead to the discovery of admissible
evidence.  The request appears designed to circumvent the Court's January 7 Order
appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the
first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

    Larian further objects to this request on the grounds that it is compound.
Larian further objects to the request to the extent it violates the privacy rights of third
parties to their private, confidential, proprietary or trade secret information.

    Larian also objects to this request on the grounds that it is overbroad, including,
without limitation, that it would extend to any documents and communications
between anyone at MGA and any other person referring or relating in any way to a

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6
PAGE 151

1  wide variety of matter that could potentially be construed as "relating" to the alleged

2  transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

3  Purchase Agreement dated July 7, 2008, without regard to whether such documents

4  and communications are at all relevant to any claim or defense at issue herein.  Larian

5  also objects to this request on the grounds that it is overbroad, unduly burdensome

6  and oppressive in that it is not in any way limited as to the persons involved in the

7  communications.  Larian further objects to this request on the grounds that it is vague

8  and ambiguous in its use of the terms "transfer of product," "corporate or director

9  resolutions or approvals," "bids received or solicited," and "purported sale or offering

10  for sale."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11  RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC

12  pursuant to the Inventory Purchase Agreement dated July 7, 2008, *any* opinions

13  RELATING TO the fairness or unfairness of such transfer, *all* MGA corporate or

14  director resolutions or approvals of such transfer, *all* bids received or solicited in

15  connection with the purported sale or offering for sale of such product, the terms of

16  such bids and *any other and all* COMMUNICATIONS relating to any of the

17  foregoing could be relevant to the claims and defenses in this action, let alone

18  established that the relevancy of these documents outweighs the individual's

19  fundamental right of privacy.  Larian further objects to this request on the ground that

20  the terms DOCUMENTS, REFERRING OR RELATING TO, and

21  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

22  burdensome.  Larian further objects to the request to the extent that it seeks

23  documents that by reason of public filing, public distribution or otherwise are already

24  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

25  this request to the extent that it seeks documents not in Larian's possession, custody

26  or control.  Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would be

28  inimical to the personal and business interests of Larian.  Larian also objects to this

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the work-product doctrine,

3  joint defense or common interest privilege, or other privilege.

4      Larian further objects to this request as cumulative and duplicative to the extent

5  that it seeks documents previously requested by Mattel or produced by Larian in

6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 19**

8      All DOCUMENTS REFERRING OR RELATING TO the revenue generated

9  by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ

10  products and the transfer or disposition of such revenue.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

12      Larian incorporates by reference his General Objections as though fully set

13  forth herein.  Larian further objects to this request on the grounds that the Discovery

14  Master already has ruled on similarly phrased requests, including in an Order dated

15  May 7, 2008, concluding that requests using phrases like "all documents," and

16  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

17  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

18  grounds that this request calls for the production of documents that are not limited to

19  the subject matter of this action and not relevant to any claim or defense in the

20  pending litigation or reasonably calculated to lead to the discovery of admissible

21  evidence.  The request appears designed to circumvent the Court's January 7 Order

22  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

23  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

24      Larian further objects to this request on the grounds that it is compound.

25  Larian further objects to the request to the extent it violates the privacy rights of third

26  parties to their private, confidential, proprietary or trade secret information.  Larian

27  further objects to this request on the grounds that it is overbroad as to subject matter

28  and time; in particular, Larian objects that the phrases "all documents" and "referring

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT

PAGE

1  or relating to" are unbounded by any date limitation and are not tied in any way to

2  any claim, defense or other issues involved in Phase 2 of this litigation.

3        Larian also objects to this request on the grounds that it is overbroad, including,

4  without limitation, that it would extend to any documents referring or relating in any

5  way to a wide variety of matter that could potentially be construed as "relating" to the

6  revenue generated by IGWT Group, LLC's sales, licensing, distribution or other

7  transfer of BRATZ products and the transfer or disposition of such revenue, without

8  regard to whether such documents are at all relevant to any claim or defense at issue

9  herein.  Larian also objects to this request on the grounds that it is overbroad, unduly

10  burdensome and oppressive in that it is not in any way limited as to the persons

11  involved in the communications or as to time.  Larian further objects to this request

12  on the grounds that it is vague and ambiguous in its use of the terms "revenue

13  generated," "sales," "licensing," "distribution," "other transfer," "BRATZ products,"

14  and "transfer or disposition of such revenue."  Mattel has not demonstrated how *all*

15  DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT

16  Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and

17  the transfer or disposition of such revenue could be relevant to the claims and

18  defenses in this action, let alone established that the relevancy of these documents

19  outweighs the individual's fundamental right of privacy.  Larian further objects to this

20  request on the ground that the terms DOCUMENTS and REFERRING OR

21  RELATING TO render the request vague, ambiguous, overly broad and unduly

22  burdensome.  Larian further objects to the request to the extent that it seeks

23  documents that by reason of public filing, public distribution or otherwise are already

24  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

25  this request to the extent that it seeks documents not in Larian's possession, custody

26  or control.  Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would be

28  inimical to the personal and business interests of Larian.  Larian also objects to this

666200

1  request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the work-product doctrine,

3  joint defense or common interest privilege, or other privilege.

4      Larian further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in time.  Larian further objects to this

6  request as cumulative and duplicative to the extent that it seeks documents previously

7  requested by Mattel or produced by Larian in response to Mattel's document requests.

8  **REQUEST FOR PRODUCTION NO. 20**

9      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts,

10  transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA

11  and IGWT 826 Investments, LLC.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

13      Larian incorporates by reference his General Objections as though fully set

14  forth herein.  Larian further objects to this request on the grounds that the Discovery

15  Master already has ruled on similarly phrased requests, including in an Order dated

16  May 7, 2008, concluding that requests using phrases like "all documents," and

17  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

18  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

19  grounds that this request calls for the production of documents that are not limited to

20  the subject matter of this action and not relevant to any claim or defense in the

21  pending litigation or reasonably calculated to lead to the discovery of admissible

22  evidence.  The request appears designed to circumvent the Court's January 7 Order

23  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

24  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

25      Larian further objects to this request on the grounds that it is compound.

26  Larian further objects to the request to the extent it violates the privacy rights of third

27  parties to their private, confidential, proprietary or trade secret information.  Larian

28  further objects to this request on the grounds that it is overbroad as to subject matter

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   and time; in particular, Larian objects that the phrases "all documents" and "referring

2   or relating to" are unbounded by any date limitation and are not tied in any way to

3   any claim, defense or other issues involved in Phase 2 of this litigation.

4        Larian also objects to this request on the grounds that it is overbroad, including,

5   without limitation, that it would extend to any documents referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF

8   VALUE between MGA and IGWT 826 Investments, LLC, without regard to whether

9   such documents are at all relevant to any claim or defense at issue herein.  Larian

10   further objects to this request on the grounds that it is vague and ambiguous in its use

11   of the terms "agreements," "contracts," "transactions," "sales," "shipments," and

12   "transfers."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

13   RELATING TO agreements, contracts, transactions, sales, shipments or transfers of

14   any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC could be

15   relevant to the claims and defenses in this action, let alone established that the

16   relevancy of these documents outweighs fundamental privacy rights.  Larian further

17   objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

18   RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly

19   broad and unduly burdensome.  Larian further objects to the request to the extent that

20   it seeks documents that by reason of public filing, public distribution or otherwise are

21   already in Mattel's possession or are readily accessible to Mattel.  Larian further

22   objects to this request to the extent that it seeks documents not in Larian's possession,

23   custody or control.  Larian also objects to this request on the grounds that it seeks

24   confidential, proprietary or commercially sensitive information, the disclosure of

25   which would be inimical to the personal and business interests of Larian.  Larian also

26   objects to this request to the extent it calls for the disclosure of attorney-client

27   privileged information or information protected from disclosure by the work-product

28   doctrine, joint defense or common interest privilege, or other privilege.

666200

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

PAGE 56

1   Larian further objects to this request as being overly broad and unduly

2   burdensome on the grounds that it is not limited in time.  Larian further objects to this

3   request as cumulative and duplicative to the extent that it seeks documents previously

4   requested by Mattel or produced by Larian in response to Mattel's document requests.

5   **REQUEST FOR PRODUCTION NO. 21**

6   All DOCUMENTS REFERRING OR RELATING TO the revenue generated

7   by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

8   BRATZ products and the transfer or disposition of such revenue.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

10  Larian incorporates by reference his General Objections as though fully set

11  forth herein.  Larian further objects to this request on the grounds that the Discovery

12  Master already has ruled on similarly phrased requests, including in an Order dated

13  May 7, 2008, concluding that requests using phrases like "all documents," and

14  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

15  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

16  grounds that this request calls for the production of documents that are not limited to

17  the subject matter of this action and not relevant to any claim or defense in the

18  pending litigation or reasonably calculated to lead to the discovery of admissible

19  evidence.  The request appears designed to circumvent the Court's January 7 Order

20  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

21  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

22  Larian further objects to this request on the grounds that it is compound.

23  Larian further objects to the request to the extent it violates the privacy rights of third

24  parties to their private, confidential, proprietary or trade secret information.  Larian

25  further objects to this request on the grounds that it is overbroad as to subject matter

26  and time; in particular, Larian objects that the phrases "all documents" and "referring

27  or relating to" are unbounded by any date limitation and are not tied in any way to

28  any claim, defense or other issues involved in Phase 2 of this litigation.

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1       Larian also objects to this request on the grounds that it is overbroad, including,

2 without limitation, that it would extend to any documents referring or relating in any

3 way to a wide variety of matter that could potentially be construed as "relating" to the

4 revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or

5 other transfer of BRATZ products and the transfer or disposition of such revenue,

6 without regard to whether such communications are at all relevant to any claim or

7 defense at issue herein. Larian further objects to this request on the grounds that it is

8 vague and ambiguous in its use of the terms "sales, licensing, distribution or other

9 transfer" and "transfer or disposition of such revenue." Mattel has not demonstrated

10 how *all* DOCUMENTS REFERRING OR RELATING TO the revenue generated by

11 IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

12 BRATZ products and the transfer or disposition of such revenue could be relevant to

13 the claims and defenses in this action, let alone established that the relevancy of these

14 documents outweighs fundamental privacy rights. Larian further objects to this

15 request on the ground that the terms DOCUMENTS and REFERRING OR

16 RELATING TO render the request vague, ambiguous, overly broad and unduly

17 burdensome. Larian further objects to the request to the extent that it seeks

18 documents that by reason of public filing, public distribution or otherwise are already

19 in Mattel's possession or are readily accessible to Mattel. Larian further objects to

20 this request to the extent that it seeks documents not in Larian's possession, custody

21 or control. Larian also objects to this request on the grounds that it seeks confidential,

22 proprietary or commercially sensitive information, the disclosure of which would be

23 inimical to the personal and business interests of Larian. Larian also objects to this

24 request to the extent it calls for the disclosure of attorney-client privileged

25 information or information protected from disclosure by the work-product doctrine,

26 joint defense or common interest privilege, or other privilege.

27       Larian further objects to this request as being overly broad and unduly

28 burdensome on the grounds that it is not limited in time. Larian further objects to this

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

PAGE 158

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 | request as cumulative and duplicative to the extent that it seeks documents previously

2 | requested by Mattel or produced by Larian in response to Mattel's document requests.

3 | **REQUEST FOR PRODUCTION NO. 22**

4 | All agreements, contracts and written COMMUNICATIONS between MGA

5 | and Wachovia since January 1, 2007.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

7 | Larian incorporates by reference his General Objections as though fully set

8 | forth herein. Larian further objects on the grounds that this request calls for the

9 | production of documents that are not limited to the subject matter of this action and

10 | not relevant to any claim or defense in the pending litigation or reasonably calculated

11 | to lead to the discovery of admissible evidence.

12 | Larian further objects to this request on the grounds that it is compound.

13 | Larian further objects to the request to the extent it violates the privacy rights of third

14 | parties to their private, confidential, proprietary or trade secret information.

15 | Larian also objects to this request on the grounds that it is overbroad, including,

16 | without limitation, that it would extend to agreements, contracts and written

17 | COMMUNICATIONS between anyone at MGA and anyone at Wachovia, without

18 | regard to whether such communications are at all relevant to any claim or defense at

19 | issue herein. Larian further objects to this request on the grounds that it is vague and

20 | ambiguous in its use of the terms "agreements" and "contracts." Mattel has not

21 | demonstrated how *all* agreements, contracts and written COMMUNICATIONS

22 | between MGA and Wachovia could be relevant to the claims and defenses in this

23 | action, let alone established that the relevancy of these documents outweighs

24 | fundamental privacy rights. Larian further objects to this request on the ground that

25 | the term COMMUNICATIONS renders the request vague, ambiguous, overly broad

26 | and unduly burdensome. Larian further objects to the request to the extent that it

27 | seeks documents that by reason of public filing, public distribution or otherwise are

28 | already in Mattel's possession or are readily accessible to Mattel. Larian further

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 159

1   objects to this request to the extent that it seeks documents not in Larian's possession,

2   custody or control. Larian also objects to this request on the grounds that it seeks

3   confidential, proprietary or commercially sensitive information, the disclosure of

4   which would be inimical to the personal and business interests of Larian. Larian also

5   objects to this request to the extent it calls for the disclosure of attorney-client

6   privileged information or information protected from disclosure by the work-product

7   doctrine, joint defense or common interest privilege, or other privilege.

8         Larian further objects to this request as cumulative and duplicative to the extent

9   that it seeks documents previously requested by Mattel or produced by Larian in

10   response to Mattel's document requests.

11   **REQUEST FOR PRODUCTION NO. 23**

12         All agreements and contracts REFERRING OR RELATING TO any

13   indebtedness owed to Wachovia or any credit extended by Wachovia since January 1,

14   2007, and any amendments or modifications thereto, and any COMMUNICATIONS

15   RELATED TO any such agreements or contracts.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

17         Larian incorporates by reference his General Objections as though fully set

18   forth herein. Larian further objects on the grounds that this request calls for the

19   production of documents that are not limited to the subject matter of this action and

20   not relevant to any claim or defense in the pending litigation or reasonably calculated

21   to lead to the discovery of admissible evidence.

22         Larian further objects to this request on the grounds that it is compound.

23   Larian further objects to the request to the extent it violates the privacy rights of third

24   parties to their private, confidential, proprietary or trade secret information.

25         Larian also objects to this request on the grounds that it is overbroad, including,

26   without limitation, that it would extend to any documents and communications

27   between anyone at MGA and anyone at Wachovia referring or relating in any way to

28   a wide variety of matter that could potentially be construed as "relating" to any

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1   indebtedness owed to Wachovia or any credit extended by Wachovia, without regard

2   to whether such documents and communications are at all relevant to any claim or

3   defense at issue herein.  Larian further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "indebtedness" and "credit extended."

5   Mattel has not demonstrated how *all* agreements and contracts REFERRING OR

6   RELATING TO any indebtedness owed to Wachovia or any credit extended by

7   Wachovia since January 1, 2007, and any amendments or modifications thereto, and

8   any COMMUNICATIONS RELATED TO any such agreements or contracts could be

9   relevant to the claims and defenses in this action, let alone established that the

10   relevancy of these documents outweighs the individual's fundamental right of

11   privacy.  Larian further objects to this request on the ground that the terms

12   REFERRING OR RELATING TO and COMMUNICATIONS render the request

13   vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

14   the request to the extent that it seeks documents that by reason of public filing, public

15   distribution or otherwise are already in Mattel's possession or are readily accessible to

16   Mattel.  Larian further objects to this request to the extent that it seeks documents not

17   in Larian's possession, custody or control.  Larian also objects to this request on the

18   grounds that it seeks confidential, proprietary or commercially sensitive information,

19   the disclosure of which would be inimical to the personal and business interests of

20   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

21   attorney-client privileged information or information protected from disclosure by the

22   work-product doctrine, joint defense or common interest privilege, or other privilege.

23        Larian further objects to this request as cumulative and duplicative to the extent

24   that it seeks documents previously requested by Mattel or produced by Larian in

25   response to Mattel's document requests.

26

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at OMNI 808 INVESTORS, LLC referring or

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

1  relating in any way to a wide variety of matter that could potentially be construed as

2  "relating" to agreements, contracts or transactions between MGA and OMNI 808

3  INVESTORS, LLC, and any amendments or modifications thereto, without regard to

4  whether such documents and communications are at all relevant to any claim or

5  defense at issue herein.  Larian further objects to this request on the grounds that it is

6  vague and ambiguous in its use of the terms "agreements, contracts or transactions"

7  and "amendments or modifications."  Mattel has not demonstrated how *all*

8  DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

9  transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments

10  or modifications thereto, and any COMMUNICATIONS REFERRING OR

11  RELATING TO any such agreements, contracts or transactions could be relevant to

12  the claims and defenses in this action, let alone established that the relevancy of these

13  documents outweighs the individual's fundamental right of privacy.  Larian further

14  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

15  RELATING TO, and COMMUNICATIONS render the request vague, ambiguous,

16  overly broad and unduly burdensome.  Larian further objects to the request to the

17  extent that it seeks documents that by reason of public filing, public distribution or

18  otherwise are already in Mattel's possession or are readily accessible to Mattel.

19  Larian further objects to this request to the extent that it seeks documents not in

20  Larian's possession, custody or control.  Larian also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive information,

22  the disclosure of which would be inimical to the personal and business interests of

23  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

24  attorney-client privileged information or information protected from disclosure by the

25  work-product doctrine, joint defense or common interest privilege, or other privilege.

26      Larian further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  Larian further objects to this

28

666200

1   request as cumulative and duplicative to the extent that it seeks documents previously

2   requested by Mattel or produced by Larian in response to Mattel's document requests.

3   **REQUEST FOR PRODUCTION NO. 25**

4       All DOCUMENTS containing financial information, including but not limited

5   to YOUR historical and prospective financial performance, provided by YOU to

6   OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

7   FINANCIAL, LLC since January 1, 2008.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

9       Larian incorporates by reference his General Objections as though fully set

10  forth herein.  Larian further objects on the grounds that this request calls for the

11  production of documents that are not limited to the subject matter of this action and

12  not relevant to any claim or defense in the pending litigation or reasonably calculated

13  to lead to the discovery of admissible evidence.

14      Larian further objects to this request on the grounds that it is compound.

15  Larian further objects to the request to the extent it violates the privacy rights of third

16  parties to their private, confidential, proprietary or trade secret information.

17      Larian also objects to this request on the grounds that it is overbroad, including,

18  without limitation, that it would extend to *all* documents provided by Larian to any

19  other person at OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or

20  LEXINGTON FINANCIAL, LLC since January 1, 2008, without regard to whether

21  such documents are at all relevant to any claim or defense at issue herein.  Larian

22  further objects to this request on the grounds that it is vague and ambiguous in its use

23  of the terms "financial information" and "historical and prospective financial

24  performance."  Mattel has not demonstrated how *all* DOCUMENTS containing

25  financial information, including but not limited to Larian's historical and prospective

26  financial performance, provided by Larian to OMNI 808 INVESTORS, LLC,

27  VISION CAPITAL, LLC or LEXINGTON FINANCIAL, LLC could be relevant to

28  the claims and defenses in this action, let alone established that the relevancy of these

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
Los Angeles, California 90067
310-553-3000

1   documents outweighs the individual's fundamental right of privacy. Larian further

2   objects to this request on the ground that the term DOCUMENTS renders the request

3   vague, ambiguous, overly broad and unduly burdensome. Larian further objects to

4   the request to the extent that it seeks documents that by reason of public filing, public

5   distribution or otherwise are already in Mattel's possession or are readily accessible to

6   Mattel. Larian further objects to this request to the extent that it seeks documents not

7   in Larian's possession, custody or control. Larian also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive information,

9   the disclosure of which would be inimical to the personal and business interests of

10  Larian. Larian also objects to this request to the extent it calls for the disclosure of

11  attorney-client privileged information or information protected from disclosure by the

12  work-product doctrine, joint defense or common interest privilege, or other privilege.

13      Larian further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by Larian in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 26**

17      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

18  transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

19  PERSON, and any amendments or modifications thereto, and any

20  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

21  contracts or transactions.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

23      Larian incorporates by reference his General Objections as though fully set

24  forth herein. Larian further objects to this request on the grounds that the Discovery

25  Master already has ruled on similarly phrased requests, including in an Order dated

26  May 7, 2008, concluding that requests using phrases like "all documents," and

27  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

28  irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  grounds that this request calls for the production of documents that are not limited to

2  the subject matter of this action and not relevant to any claim or defense in the

3  pending litigation or reasonably calculated to lead to the discovery of admissible

4  evidence.

5      Larian further objects to this request on the grounds that it is compound.

6  Larian further objects to the request to the extent it violates the privacy rights of third

7  parties to their private, confidential, proprietary or trade secret information.  Larian

8  further objects to this request on the grounds that it is overbroad as to subject matter

9  and time; in particular, Larian objects that the phrases "all documents" and "referring

10  or relating to" are unbounded by any date limitation and are not tied in any way to

11  any claim, defense or other issues involved in Phase 2 of this litigation.

12      Larian also objects to this request on the grounds that it is overbroad, including,

13  without limitation, that it would extend to any documents and communication

14  between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring

15  or relating in any way to a wide variety of matter that could potentially be construed

16  as "relating" to agreements, contracts or transactions between MGA and

17  LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto,

18  without regard to whether such documents and communications are at all relevant to

19  any claim or defense at issue herein.  Larian further objects to this request on the

20  grounds that it is vague and ambiguous in its use of the terms "agreements, contracts

21  or transactions" and "amendments or modifications."  Mattel has not demonstrated

22  how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

23  transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

24  PERSON, and any amendments or modifications thereto, and any

25  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

26  contracts or transactions could be relevant to the claims and defenses in this action, let

27  alone established that the relevancy of these documents outweighs the individual's

28  fundamental right of privacy.  Larian further objects to this request on the ground that

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1   the terms DOCUMENTS, REFERRING OR RELATING TO, and

2   COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

3   burdensome.  Larian further objects to the request to the extent that it seeks

4   documents that by reason of public filing, public distribution or otherwise are already

5   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

6   this request to the extent that it seeks documents not in Larian's possession, custody

7   or control.  Larian also objects to this request on the grounds that it seeks confidential,

8   proprietary or commercially sensitive information, the disclosure of which would be

9   inimical to the personal and business interests of Larian.  Larian also objects to this

10  request to the extent it calls for the disclosure of attorney-client privileged

11  information or information protected from disclosure by the work-product doctrine,

12  joint defense or common interest privilege, or other privilege.

13      Larian further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  Larian further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by Larian in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 27**

18      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

19  transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

20  any amendments or modifications thereto, and any COMMUNICATIONS

21  REFERRING OR RELATING TO any such agreements, contracts or transactions.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

23      Larian incorporates by reference his General Objections as though fully set

24  forth herein.  Larian further objects to this request on the grounds that the Discovery

25  Master already has ruled on similarly phrased requests, including in an Order dated

26  May 7, 2008, concluding that requests using phrases like "all documents," and

27  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

28  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 167

1 grounds that this request calls for the production of documents that are not limited to

2 the subject matter of this action and not relevant to any claim or defense in the

3 pending litigation or reasonably calculated to lead to the discovery of admissible

4 evidence.

5     Larian further objects to this request on the grounds that it is compound.

6 Larian further objects to the request to the extent it violates the privacy rights of third

7 parties to their private, confidential, proprietary or trade secret information. Larian

8 further objects to this request on the grounds that it is overbroad as to subject matter

9 and time; in particular, Larian objects that the phrases "all documents" and "referring

10 or relating to" are unbounded by any date limitation and are not tied in any way to

11 any claim, defense or other issues involved in Phase 2 of this litigation.

12     Larian also objects to this request on the grounds that it is overbroad, including,

13 without limitation, that it would extend to any documents and communication

14 between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating

15 in any way to a wide variety of matter that could potentially be construed as

16 "relating" to agreements, contracts or transactions between MGA and VISION

17 CAPITAL, LLC, and any amendments or modifications thereto, without regard to

18 whether such documents and communications are at all relevant to any claim or

19 defense at issue herein. Larian further objects to this request on the grounds that it is

20 vague and ambiguous in its use of the terms "agreements, contracts or transactions"

21 and "amendments or modifications." Mattel has not demonstrated how *all*

22 DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

23 transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

24 any amendments or modifications thereto, and any COMMUNICATIONS

25 REFERRING OR RELATING TO any such agreements, contracts or transactions

26 could be relevant to the claims and defenses in this action, let alone established that

27 the relevancy of these documents outweighs the individual's fundamental right of

28 privacy. Larian further objects to this request on the ground that the terms

666200

EXHIBIT 6.
PAGE 68

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS

2  render the request vague, ambiguous, overly broad and unduly burdensome.  Larian

3  further objects to the request to the extent that it seeks documents that by reason of

4  public filing, public distribution or otherwise are already in Mattel's possession or are

5  readily accessible to Mattel.  Larian further objects to this request to the extent that it

6  seeks documents not in Larian's possession, custody or control.  Larian also objects to

7  this request on the grounds that it seeks confidential, proprietary or commercially

8  sensitive information, the disclosure of which would be inimical to the personal and

9  business interests of Larian.  Larian also objects to this request to the extent it calls

10  for the disclosure of attorney-client privileged information or information protected

11  from disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege.

13         Larian further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  Larian further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by Larian in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 28**

18         DOCUMENTS sufficient to IDENTIFY each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

20  LLC.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

22         Larian incorporates by reference his General Objections as though fully set

23  forth herein.  Larian further objects on the grounds that this request calls for the

24  production of documents that are not limited to the subject matter of this action and

25  not relevant to any claim or defense in the pending litigation or reasonably calculated

26  to lead to the discovery of admissible evidence.

27         Larian further objects to this request on the grounds that it is compound.

28  Larian further objects to the request to the extent it violates the privacy rights of third

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 169

1    parties to their private, confidential, proprietary or trade secret information.  Larian

2    further objects to this request on the grounds that it is overbroad as to subject matter

3    and time; in particular, Larian objects that the phrase "each member, managing

4    member, holder of any ownership interest in, shareholder, officer and director" is

5    unbounded by any date limitation and is not tied in any way to any claim, defense or

6    other issues involved in Phase 2 of this litigation.

7          Larian also objects to this request on the grounds that it is overbroad, unduly

8    burdensome and oppressive in that it is not in any way limited as to the persons

9    mentioned or as to time.  Larian further objects to this request on the grounds that it is

10   vague and ambiguous in its use of the terms "member," "managing member," "holder

11   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

12   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

13   member, holder of any ownership interest in, shareholder, officer and director of

14   IGWT Group, LLC could be relevant to the claims and defenses in this action, let

15   alone established that the relevancy of these documents outweighs the individual's

16   fundamental right of privacy.  Larian further objects to the request to the extent that it

17   seeks documents that by reason of public filing, public distribution or otherwise are

18   already in Mattel's possession or are readily accessible to Mattel.  Larian further

19   objects to this request to the extent that it seeks documents not in Larian's possession,

20   custody or control.  Larian also objects to this request to the extent it calls for the

21   disclosure of attorney-client privileged information or information protected from

22   disclosure by the work-product doctrine, joint defense or common interest privilege,

23   or other privilege.

24         Larian further objects to this request as cumulative and duplicative to the extent

25   that it seeks documents previously requested by Mattel or produced by Larian in

26   response to Mattel's document requests.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT
PAGE   170

1 **REQUEST FOR PRODUCTION NO. 29**

2     DOCUMENTS sufficient to IDENTIFY each member, managing member,

3 holder of any ownership interest in, shareholder, officer and director of IGWT 826

4 Investments, LLC.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

6     Larian incorporates by reference his General Objections as though fully set

7 forth herein. Larian further objects on the grounds that this request calls for the

8 production of documents that are not limited to the subject matter of this action and

9 not relevant to any claim or defense in the pending litigation or reasonably calculated

10 to lead to the discovery of admissible evidence.

11     Larian further objects to this request on the grounds that it is compound.

12 Larian further objects to the request to the extent it violates the privacy rights of third

13 parties to their private, confidential, proprietary or trade secret information. Larian

14 further objects to this request on the grounds that it is overbroad as to subject matter

15 and time; in particular, Larian objects that the phrase "each member, managing

16 member, holder of any ownership interest in, shareholder, officer and director" is

17 unbounded by any date limitation and is not tied in any way to any claim, defense or

18 other issues involved in Phase 2 of this litigation.

19     Larian also objects to this request on the grounds that it is overbroad, unduly

20 burdensome and oppressive in that it is not in any way limited as to the persons

21 mentioned or as to time. Larian further objects to this request on the grounds that it is

22 vague and ambiguous in its use of the terms "member," "managing member," "holder

23 of any ownership interest," "shareholder," "officer," "director." Mattel has not

24 demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

25 member, holder of any ownership interest in, shareholder, officer and director of

26 IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

27 action, let alone established that the relevancy of these documents outweighs the

28 individual's fundamental right of privacy. Larian further objects to the request to the

666200

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)** EXHIBIT 6

PAGE 171

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   extent that it seeks documents that by reason of public filing, public distribution or

2   otherwise are already in Mattel's possession or are readily accessible to Mattel.

3   Larian further objects to this request to the extent that it seeks documents not in

4   Larian's possession, custody or control.  Larian also objects to this request to the

5   extent it calls for the disclosure of attorney-client privileged information or

6   information protected from disclosure by the work-product doctrine, joint defense or

7   common interest privilege, or other privilege.

8       Larian further objects to this request as cumulative and duplicative to the extent

9   that it seeks documents previously requested by Mattel or produced by Larian in

10  response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 30**

12      DOCUMENTS sufficient to IDENTIFY each member, managing member,

13  holder of any ownership interest in, shareholder, officer and director of OMNI 808

14  INVESTORS, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

16      Larian incorporates by reference his General Objections as though fully set

17  forth herein.  Larian further objects on the grounds that this request calls for the

18  production of documents that are not limited to the subject matter of this action and

19  not relevant to any claim or defense in the pending litigation or reasonably calculated

20  to lead to the discovery of admissible evidence.

21      Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.  Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrase "each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director" is

27  unbounded by any date limitation and is not tied in any way to any claim, defense or

28  other issues involved in Phase 2 of this litigation.

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

PAGE 72

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  Larian also objects to this request on the grounds that it is overbroad, unduly

2  burdensome and oppressive in that it is not in any way limited as to the persons

3  mentioned or as to time.  Larian further objects to this request on the grounds that it is

4  vague and ambiguous in its use of the terms "member," "managing member," "holder

5  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

6  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7  member, holder of any ownership interest in, shareholder, officer and director of

8  OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this

9  action, let alone established that the relevancy of these documents outweighs the

10  individual's fundamental right of privacy.  Larian further objects to the request to the

11  extent that it seeks documents that by reason of public filing, public distribution or

12  otherwise are already in Mattel's possession or are readily accessible to Mattel.

13  Larian further objects to this request to the extent that it seeks documents not in

14  Larian's possession, custody or control.  Larian also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense or

17  common interest privilege, or other privilege.

18  Larian further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by Larian in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 31**

22  DOCUMENTS sufficient to IDENTIFY each member, managing member,

23  holder of any ownership interest in, shareholder, officer and director of VISION

24  CAPITAL, LLC.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

26  Larian incorporates by reference his General Objections as though fully set

27  forth herein.  Larian further objects on the grounds that this request calls for the

28  production of documents that are not limited to the subject matter of this action and

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 73

1   not relevant to any claim or defense in the pending litigation or reasonably calculated

2   to lead to the discovery of admissible evidence.

3       Larian further objects to this request on the grounds that it is compound.

4   Larian further objects to the request to the extent it violates the privacy rights of third

5   parties to their private, confidential, proprietary or trade secret information.  Larian

6   further objects to this request on the grounds that it is overbroad as to subject matter

7   and time; in particular, Larian objects that the phrase "each member, managing

8   member, holder of any ownership interest in, shareholder, officer and director" is

9   unbounded by any date limitation and is not tied in any way to any claim, defense or

10  other issues involved in Phase 2 of this litigation.

11      Larian also objects to this request on the grounds that it is overbroad, unduly

12  burdensome and oppressive in that it is not in any way limited as to the persons

13  mentioned or as to time.  Larian further objects to this request on the grounds that it is

14  vague and ambiguous in its use of the terms "member," "managing member," "holder

15  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

16  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

17  member, holder of any ownership interest in, shareholder, officer and director of

18  VISION CAPITAL, LLC could be relevant to the claims and defenses in this action,

19  let alone established that the relevancy of these documents outweighs the individual's

20  fundamental right of privacy.  Larian further objects to the request to the extent that it

21  seeks documents that by reason of public filing, public distribution or otherwise are

22  already in Mattel's possession or are readily accessible to Mattel.  Larian further

23  objects to this request to the extent that it seeks documents not in Larian's possession,

24  custody or control.  Larian also objects to this request to the extent it calls for the

25  disclosure of attorney-client privileged information or information protected from

26  disclosure by the work-product doctrine, joint defense or common interest privilege,

27  or other privilege.

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 174

1   Larian further objects to this request as cumulative and duplicative to the extent

2   that it seeks documents previously requested by Mattel or produced by Larian in

3   response to Mattel's document requests.

4   **REQUEST FOR PRODUCTION NO. 32**

5   DOCUMENTS sufficient to IDENTIFY each member, managing member,

6   holder of any ownership interest in, shareholder, officer and director of LEXINGTON

7   FINANCIAL, LLC.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

9   Larian incorporates by reference his General Objections as though fully set

10  forth herein.  Larian further objects on the grounds that this request calls for the

11  production of documents that are not limited to the subject matter of this action and

12  not relevant to any claim or defense in the pending litigation or reasonably calculated

13  to lead to the discovery of admissible evidence.

14  Larian further objects to this request on the grounds that it is compound.

15  Larian further objects to the request to the extent it violates the privacy rights of third

16  parties to their private, confidential, proprietary or trade secret information.  Larian

17  further objects to this request on the grounds that it is overbroad as to subject matter

18  and time; in particular, Larian objects that the phrase "each member, managing

19  member, holder of any ownership interest in, shareholder, officer and director" is

20  unbounded by any date limitation and is not tied in any way to any claim, defense or

21  other issues involved in Phase 2 of this litigation.

22  Larian also objects to this request on the grounds that it is overbroad, unduly

23  burdensome and oppressive in that it is not in any way limited as to the persons

24  mentioned or as to time.  Larian further objects to this request on the grounds that it is

25  vague and ambiguous in its use of the terms "member," "managing member," "holder

26  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

27  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

28  member, holder of any ownership interest in, shareholder, officer and director of

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

EXHIBIT ⑥

PAGE 175

1  LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this

2  action, let alone established that the relevancy of these documents outweighs the

3  individual's fundamental right of privacy. Larian further objects to the request to the

4  extent that it seeks documents that by reason of public filing, public distribution or

5  otherwise are already in Mattel's possession or are readily accessible to Mattel.

6  Larian further objects to this request to the extent that it seeks documents not in

7  Larian's possession, custody or control. Larian also objects to this request to the

8  extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11       Larian further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by Larian in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 33**

15       All DOCUMENTS RELATING TO any transfer of any funds, monies or any

16  ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON

17  FINANCIAL, LLC to YOU or LARIAN.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

19       Larian incorporates by reference his General Objections as though fully set

20  forth herein. Larian further objects to the phrase "YOU or Larian" as redundant and

21  unintelligible. Larian further objects to this request on the grounds that the Discovery

22  Master already has ruled on similarly phrased requests, including in an Order dated

23  May 7, 2008, concluding that requests using phrases like "all documents," and "or

24  relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

25  information. See May 7, 2008 Infante Order. Larian further objects on the grounds

26  that this request calls for the production of documents that are not limited to the

27  subject matter of this action and not relevant to any claim or defense in the pending

28  litigation or reasonably calculated to lead to the discovery of admissible evidence.

666200

EXHIBIT 6

PAGE 176

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  The request appears designed to circumvent the Court's January 7 Order appointing a

2  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

3  See January 7, 2009 Larson Order Appointing Forensic Auditor.

4       Larian further objects to this request on the grounds that it is compound.

5  Larian further objects to the request to the extent it violates the privacy rights of third

6  parties to their private, confidential, proprietary or trade secret information. Larian

7  further objects to this request on the grounds that it is overbroad as to subject matter

8  and time; in particular, Larian objects that the phrases "all documents" and "relating

9  to" are unbounded by any date limitation and are not tied in any way to any claim,

10 defense or other issues involved in Phase 2 of this litigation.

11      Larian also objects to this request on the grounds that it is overbroad, including,

12 without limitation, that it would extend to any documents referring or relating in any

13 way to a wide variety of matter that could potentially be construed as "relating" to

14 any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of

15 credit or funding by, LEXINGTON FINANCIAL, LLC to LARIAN, without regard

16 to whether such documents are at all relevant to any claim or defense at issue herein.

17 Larian further objects to this request on the grounds that it is vague and ambiguous in

18 its use of the terms "transfer of any funds, monies or any ITEM OF VALUE" and

19 "extension of credit or funding." Mattel has not demonstrated how *all*

20 DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

21 VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL,

22 LLC to LARIAN could be relevant to the claims and defenses in this action, let alone

23 established that the relevancy of these documents outweighs the individual's

24 fundamental right of privacy. Larian further objects to this request on the ground that

25 the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request

26 vague, ambiguous, overly broad and unduly burdensome. Larian further objects to

27 the request to the extent that it seeks documents that by reason of public filing, public

28 distribution or otherwise are already in Mattel's possession or are readily accessible to

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)   EXHIBIT 6

PAGE 77

1  Mattel.  Larian further objects to this request to the extent that it seeks documents not

2  in Larian's possession, custody or control.  Larian also objects to this request on the

3  grounds that it seeks confidential, proprietary or commercially sensitive information,

4  the disclosure of which would be inimical to the personal and business interests of

5  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

6  attorney-client privileged information or information protected from disclosure by the

7  work-product doctrine, joint defense or common interest privilege, or other privilege.

8          Larian further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time.  Larian further objects to this

10  request as cumulative and duplicative to the extent that it seeks documents previously

11  requested by Mattel or produced by Larian in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 34**

13          All DOCUMENTS RELATING TO any transfer of any funds, monies or any

14  ITEM OF VALUE to or from, or any extension of credit or funding by or to,

15  LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

17          Larian incorporates by reference his General Objections as though fully set

18  forth herein.  Larian further objects to this request on the grounds that the Discovery

19  Master already has ruled on similarly phrased requests, including in an Order dated

20  May 7, 2008, concluding that requests using phrases like "all documents," and

21  "relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

22  information.  See May 7, 2008 Infante Order.  Larian further objects on the grounds

23  that this request calls for the production of documents that are not limited to the

24  subject matter of this action and not relevant to any claim or defense in the pending

25  litigation or reasonably calculated to lead to the discovery of admissible evidence.

26  The request appears designed to circumvent the Court's January 7 Order appointing a

27  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

28  See January 7, 2009 Larson Order Appointing Forensic Auditor.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   Larian further objects to this request on the grounds that it is compound.

2   Larian further objects to the request to the extent it violates the privacy rights of third

3   parties to their private, confidential, proprietary or trade secret information. Larian

4   further objects to this request on the grounds that it is overbroad as to subject matter

5   and time; in particular, Larian objects that the phrases "all documents" and "relating

6   to" are unbounded by any date limitation and are not tied in any way to any claim,

7   defense or other issues involved in Phase 2 of this litigation.

8   Larian also objects to this request on the grounds that it is overbroad, including,

9   without limitation, that it would extend to any documents referring or relating in any

10  way to a wide variety of matter that could potentially be construed as "relating" to

11  any transfer of any funds, monies or any ITEM OF VALUE to or from, or any

12  extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, without

13  regard to whether such documents are at all relevant to any claim or defense at issue

14  herein. Larian further objects to this request on the grounds that it is vague and

15  ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

16  VALUE" and "extension of credit or funding." Mattel has not demonstrated how *all*

17  DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

18  VALUE to or from, or any extension of credit or funding by or to, LEXINGTON

19  FINANCIAL, LLC could be relevant to the claims and defenses in this action, let

20  alone established that the relevancy of these documents outweighs fundamental

21  privacy rights. Larian further objects to this request on the ground that the terms

22  DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague,

23  ambiguous, overly broad and unduly burdensome. Larian further objects to the

24  request to the extent that it seeks documents that by reason of public filing, public

25  distribution or otherwise are already in Mattel's possession or are readily accessible to

26  Mattel. Larian further objects to this request to the extent it seeks documents not

27  in Larian's possession, custody or control. Larian also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive information,

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

PAGE 79

1   the disclosure of which would be inimical to the personal and business interests of

2   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

3   attorney-client privileged information or information protected from disclosure by the

4   work-product doctrine, joint defense or common interest privilege, or other privilege.

5       Larian further objects to this request as being overly broad and unduly

6   burdensome on the grounds that it is not limited in time.  Larian further objects to this

7   request as cumulative and duplicative to the extent that it seeks documents previously

8   requested by Mattel or produced by Larian in response to Mattel's document requests.

9   **REQUEST FOR PRODUCTION NO. 35**

10      DOCUMENTS sufficient to IDENTIFY each member, managing member,

11  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

12  LLC.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

14      Larian incorporates by reference his General Objections as though fully set

15  forth herein.  Larian further objects on the ground that this request is cumulative and

16  duplicative to the extent that is the same request as Request for Production No. 28.

17  Larian further objects on the grounds that this request calls for the production of

18  documents that are not limited to the subject matter of this action and not relevant to

19  any claim or defense in the pending litigation or reasonably calculated to lead to the

20  discovery of admissible evidence.

21      Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.  Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrase "each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director" is

27  unbounded by any date limitation and is not tied in any way to any claim, defense or

28  other issues involved in Phase 2 of this litigation.

666200

1   Larian also objects to this request on the grounds that it is overbroad, unduly

2   burdensome and oppressive in that it is not in any way limited as to the persons

3   mentioned or as to time. Larian further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "member," "managing member," "holder

5   of any ownership interest," "shareholder," "officer," "director." Mattel has not

6   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7   member, holder of any ownership interest in, shareholder, officer and director of

8   IGWT Group, LLC could be relevant to the claims and defenses in this action, let

9   alone established that the relevancy of these documents outweighs the individual's

10  fundamental right of privacy. Larian further objects to the request to the extent that it

11  seeks documents that by reason of public filing, public distribution or otherwise are

12  already in Mattel's possession or are readily accessible to Mattel. Larian further

13  objects to this request to the extent that it seeks documents not in Larian's possession,

14  custody or control. Larian also objects to this request to the extent it calls for the

15  disclosure of attorney-client privileged information or information protected from

16  disclosure by the work-product doctrine, joint defense or common interest privilege,

17  or other privilege.

18      Larian further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by Larian in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 36**

22      DOCUMENTS sufficient to IDENTIFY each member, managing member,

23  holder of any ownership interest in, shareholder, officer and director of IGWT 826

24  Investments, LLC.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

26      Larian incorporates by reference his General Objections as though fully set

27  forth herein. Larian further objects on the ground that this request is cumulative and

28  duplicative to the extent that is the same request as Request for Production No. 29.

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

1   Larian further objects on the grounds that this request calls for the production of

2   documents that are not limited to the subject matter of this action and not relevant to

3   any claim or defense in the pending litigation or reasonably calculated to lead to the

4   discovery of admissible evidence.

5        Larian further objects to this request on the grounds that it is compound.

6   Larian further objects to the request to the extent it violates the privacy rights of third

7   parties to their private, confidential, proprietary or trade secret information.  Larian

8   further objects to this request on the grounds that it is overbroad as to subject matter

9   and time; in particular, Larian objects that the phrase "each member, managing

10  member, holder of any ownership interest in, shareholder, officer and director" is

11  unbounded by any date limitation and is not tied in any way to any claim, defense or

12  other issues involved in Phase 2 of this litigation.

13       Larian also objects to this request on the grounds that it is overbroad, unduly

14  burdensome and oppressive in that it is not in any way limited as to the persons

15  mentioned or as to time.  Larian further objects to this request on the grounds that it is

16  vague and ambiguous in its use of the terms "member," "managing member," "holder

17  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

18  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

19  member, holder of any ownership interest in, shareholder, officer and director of

20  IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

21  action, let alone established that the relevancy of these documents outweighs the

22  individual's fundamental right of privacy.  Larian further objects to the request to the

23  extent that it seeks documents that by reason of public filing, public distribution or

24  otherwise are already in Mattel's possession or are readily accessible to Mattel.

25  Larian further objects to this request to the extent that it seeks documents not in

26  Larian's possession, custody or control.  Larian also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 82

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege.

3          Larian further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by Larian in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 37**

7          DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since

8  January 1, 2007.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

10         Larian incorporates by reference his General Objections as though fully set

11  forth herein. Larian further objects on the grounds that this request calls for the

12  production of documents that are not limited to the subject matter of this action and

13  not relevant to any claim or defense in the pending litigation or reasonably calculated

14  to lead to the discovery of admissible evidence. The request appears designed to

15  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

16  Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

17  Order Appointing Forensic Auditor.

18         Larian further objects to this request on the grounds that it is compound.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21         Larian further objects to this request on the grounds that it is vague and

22  ambiguous in its use of the term "bank accounts." Mattel has not demonstrated how

23  DOCUMENTS sufficient to IDENTIFY each of Larian's bank accounts could be

24  relevant to the claims and defenses in this action, let alone established that the

25  relevancy of these documents outweighs the individual's fundamental right of

26  privacy. Larian further objects to this request on the ground that the terms

27  DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad

28  and unduly burdensome. Larian further objects to the request to the extent that it

666200

EXHIBIT

PAGE

1  seeks documents that by reason of public filing, public distribution or otherwise are

2  already in Mattel's possession or are readily accessible to Mattel.  Larian further

3  objects to this request to the extent that it seeks documents not in Larian's possession,

4  custody or control.  Larian also objects to this request on the grounds that it seeks

5  confidential, proprietary or commercially sensitive information, the disclosure of

6  which would be inimical to the personal and business interests of Larian.  Larian also

7  objects to this request to the extent it calls for the disclosure of attorney-client

8  privileged information or information protected from disclosure by the work-product

9  doctrine, joint defense or common interest privilege, or other privilege.

10         Larian further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by Larian in

12  response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 38**

14         DOCUMENTS sufficient to IDENTIFY each bank account to or from which

15  Isaac Larian has transferred or has had transferred any ITEM OF VALUE since

16  January 1, 2007.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

18         Larian incorporates by reference his General Objections as though fully set

19  forth herein.  Larian further objects on the grounds that this request calls for the

20  production of documents that are not limited to the subject matter of this action and

21  not relevant to any claim or defense in the pending litigation or reasonably calculated

22  to lead to the discovery of admissible evidence.  The request appears designed to

23  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

24  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

25  Order Appointing Forensic Auditor.

26         Larian further objects to this request on the grounds that it is compound.

27  Larian further objects to the request to the extent it violates the privacy rights of third

28  parties to their private, confidential, proprietary or trade secret information.

666200

EXHIBIT 6

PAGE 184

1    Larian further objects to this request on the grounds that it is vague and
2  ambiguous in its use of the terms "bank account," "transferred," and "has had
3  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to
4  IDENTIFY *each* bank account to or from which Isaac Larian has transferred or has
5  had transferred any ITEM OF VALUE could be relevant to the claims and defenses in
6  this action, let alone established that the relevancy of these documents outweighs the
7  individual's fundamental right of privacy.  Larian further objects to this request on the
8  ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the
9  request vague, ambiguous, overly broad and unduly burdensome.  Larian further
10 objects to the request to the extent that it seeks documents that by reason of public
11 filing, public distribution or otherwise are already in Mattel's possession or are
12 readily accessible to Mattel.  Larian further objects to this request to the extent that it
13 seeks documents not in Larian's possession, custody or control.  Larian also objects to
14 this request on the grounds that it seeks confidential, proprietary or commercially
15 sensitive information, the disclosure of which would be inimical to the personal and
16 business interests of Larian.  Larian also objects to this request to the extent it calls
17 for the disclosure of attorney-client privileged information or information protected
18 from disclosure by the work-product doctrine, joint defense or common interest
19 privilege, or other privilege.

20    Larian further objects to this request as cumulative and duplicative to the extent
21 that it seeks documents previously requested by Mattel or produced by Larian in
22 response to Mattel's document requests.

23 **REQUEST FOR PRODUCTION NO. 39**

24    DOCUMENTS sufficient to IDENTIFY each bank account to or from which
25 OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF
26 VALUE since January 1, 2007.

27

28

666200

EXHIBIT 6

PAGE 185

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. Larian further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the

666200

EXHIBIT 6
PAGE 186

1  extent it calls for the disclosure of attorney-client privileged information or
2  information protected from disclosure by the work-product doctrine, joint defense or
3  common interest privilege, or other privilege.

4    Larian further objects to this request as cumulative and duplicative to the extent
5  that it seeks documents previously requested by Mattel or produced by Larian in
6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 40**

8    DOCUMENTS sufficient to IDENTIFY each bank account to or from which
9  IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE
10  since January 1, 2007.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

12    Larian incorporates by reference his General Objections as though fully set
13  forth herein.  Larian further objects on the grounds that this request calls for the
14  production of documents that are not limited to the subject matter of this action and
15  not relevant to any claim or defense in the pending litigation or reasonably calculated
16  to lead to the discovery of admissible evidence.  The request appears designed to
17  circumvent the Court's January 7 Order appointing a forensic auditor and requiring
18  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson
19  Order Appointing Forensic Auditor.

20    Larian further objects to this request on the grounds that it is compound.
21  Larian further objects to the request to the extent it violates the privacy rights of third
22  parties to their private, confidential, proprietary or trade secret information.

23    Larian further objects to this request on the grounds that it is vague and
24  ambiguous in its use of the terms "bank account," "transferred," and "has had
25  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to
26  IDENTIFY *each* bank account to or from which IGWT Group, LLC has transferred or
27  has had transferred any ITEM OF VALUE could be relevant to the claims and
28  defenses in this action, let alone established that the relevancy of these documents

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 184

1  outweighs fundamental privacy rights.  Larian further objects to this request on the

2  ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the

3  request vague, ambiguous, overly broad and unduly burdensome.  Larian further

4  objects to the request to the extent that it seeks documents that by reason of public

5  filing, public distribution or otherwise are already in Mattel's possession or are

6  readily accessible to Mattel.  Larian further objects to this request to the extent that it

7  seeks documents not in Larian's possession, custody or control.  Larian also objects to

8  this request on the grounds that it seeks confidential, proprietary or commercially

9  sensitive information, the disclosure of which would be inimical to the personal and

10  business interests of Larian.  Larian also objects to this request to the extent it calls

11  for the disclosure of attorney-client privileged information or information protected

12  from disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.

14       Larian further objects to this request as cumulative and duplicative to the extent

15  that it seeks documents previously requested by Mattel or produced by Larian in

16  response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 41**

18       DOCUMENTS sufficient to IDENTIFY each bank account to or from which

19  IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF

20  VALUE since January 1, 2007.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

22       Larian incorporates by reference his General Objections as though fully set

23  forth herein.  Larian further objects on the grounds that this request calls for the

24  production of documents that are not limited to the subject matter of this action and

25  not relevant to any claim or defense in the pending litigation or reasonably calculated

26  to lead to the discovery of admissible evidence.  The request appears designed to

27  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

28

666200

EXHIBIT 6

PAGE 188

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 | Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

2 | Order Appointing Forensic Auditor.

3 | Larian further objects to this request on the grounds that it is compound.

4 | Larian further objects to the request to the extent it violates the privacy rights of third

5 | parties to their private, confidential, proprietary or trade secret information.

6 | Larian further objects to this request on the grounds that it is vague and

7 | ambiguous in its use of the terms "bank account," "transferred," and "has had

8 | transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9 | IDENTIFY *each* bank account to or from which IGWT 826 Investments, LLC has

10 | transferred or has had transferred any ITEM OF VALUE could be relevant to the

11 | claims and defenses in this action, let alone established that the relevancy of these

12 | documents outweighs fundamental privacy rights.  Larian further objects to this

13 | request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

14 | VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

15 | Larian further objects to the request to the extent that it seeks documents that by

16 | reason of public filing, public distribution or otherwise are already in Mattel's

17 | possession or are readily accessible to Mattel.  Larian further objects to this request to

18 | the extent that it seeks documents not in Larian's possession, custody or control.

19 | Larian also objects to this request on the grounds that it seeks confidential, proprietary

20 | or commercially sensitive information, the disclosure of which would be inimical to

21 | the personal and business interests of Larian.  Larian also objects to this request to the

22 | extent it calls for the disclosure of attorney-client privileged information or

23 | information protected from disclosure by the work-product doctrine, joint defense or

24 | common interest privilege, or other privilege.

25 | Larian further objects to this request as cumulative and duplicative to the extent

26 | that it seeks documents previously requested by Mattel or produced by Larian in

27 | response to Mattel's document requests.

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 42**

All COMMUNICATIONS between or among YOU, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between or among Larian, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Mattel and/or Bratz, without regard to whether such communications are at all relevant to any claim or defense at issue herein. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. Mattel has not demonstrated how *all* COMMUNICATIONS between or among Larian, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ could be relevant to the claims and

666200

1  defenses in this action, let alone established that the relevancy of these documents

2  outweighs the individual's fundamental right of privacy.  Larian further objects to this

3  request on the ground that the terms COMMUNICATIONS and REFERRING OR

4  RELATING TO render the request vague, ambiguous, overly broad and unduly

5  burdensome.  Larian further objects to the request to the extent that it seeks

6  documents that by reason of public filing, public distribution or otherwise are already

7  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

8  this request to the extent that it seeks documents not in Larian's possession, custody

9  or control.  Larian also objects to this request on the grounds that it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would be

11  inimical to the personal and business interests of Larian.  Larian also objects to this

12  request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine,

14  joint defense or common interest privilege, or other privilege.

15      Larian further objects to this request as being overly broad and unduly

16  burdensome on the grounds that it is not limited in time.  Larian further objects to this

17  request as cumulative and duplicative to the extent that it seeks documents previously

18  requested by Mattel or produced by Larian in response to Mattel's document requests.

19  **REQUEST FOR PRODUCTION NO. 43**

20      All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS,

21  LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC

22  REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

24      Larian incorporates by reference his General Objections as though fully set

25  forth herein.  Larian further objects on the grounds that this request calls for the

26  production of communications that are not limited to the subject matter of this action

27  and not relevant to any claim or defense in the pending litigation or reasonably

28  calculated to lead to the discovery of admissible evidence.

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

1  Larian further objects to this request on the grounds that it is compound.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information.  Larian

4  further objects to this request on the grounds that it is overbroad as to subject matter

5  and time; in particular, Larian objects that the phrases "all communications" and

6  "referring or relating to" are unbounded by any date limitation and are not tied in any

7  way to any claim, defense or other issues involved in Phase 2 of this litigation.

8  Larian also objects to this request on the grounds that it is overbroad, including,

9  without limitation, that it would extend to any communication between or among

10  Larian, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

11  LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety

12  of matter that could potentially be construed as "relating" to MATTEL, MGA,

13  LARIAN and/or BRATZ, without regard to whether such communications are at all

14  relevant to any claim or defense at issue herein.  Larian also objects to this request on

15  the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in

16  any way limited as to the persons involved in the communications or as to time.

17  Mattel has not demonstrated how *all* COMMUNICATIONS between or among

18  Larian, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

19  LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL,

20  MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this

21  action, let alone established that the relevancy of these documents outweighs the

22  individual's fundamental right of privacy.  Larian further objects to this request on the

23  ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO

24  render the request vague, ambiguous, overly broad and unduly burdensome.  Larian

25  further objects to the request to the extent that it seeks documents that by reason of

26  public filing, public distribution or otherwise are already in Mattel's possession or are

27  readily accessible to Mattel.  Larian further objects to this request to the extent that it

28  seeks documents not in Larian's possession, custody or control.  Larian also objects to

666200

1  this request on the grounds that it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the personal and

3  business interests of Larian.  Larian also objects to this request to the extent it calls

4  for the disclosure of attorney-client privileged information or information protected

5  from disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege.

7       Larian further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time.  Larian further objects to this

9  request as cumulative and duplicative to the extent that it seeks documents previously

10  requested by Mattel or produced by Larian in response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 44**

12       All COMMUNICATIONS between YOU and MASHIAN REFERRING OR

13  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

14  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

16       Larian incorporates by reference his General Objections as though fully set

17  forth herein.  Larian further objects on the grounds that this request calls for the

18  production of communications that are not limited to the subject matter of this action

19  and not relevant to any claim or defense in the pending litigation or reasonably

20  calculated to lead to the discovery of admissible evidence.

21       Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.  Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrases "all communications" and

26  "referring or relating to" are unbounded by any date limitation and are not tied in any

27  way to any claim, defense or other issues involved in Phase 2 of this litigation.

28

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 193

1    Larian also objects to this request on the grounds that it is overbroad, including,

2  without limitation, that it would extend to any communication between Larian and

3  MASHIAN referring or relating in any way to a wide variety of matter that could

4  potentially be construed as "relating" to OMNI 808 INVESTORS, LLC, VISION

5  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

6  and/or BRATZ, without regard to whether such communications are at all relevant to

7  any claim or defense at issue herein.  Larian also objects to this request on the

8  grounds that it is overbroad, unduly burdensome and oppressive in that it purports to

9  require MGA diligently to identify every communication between anyone and among

10  at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

11  INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

12  MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

13  COMMUNICATIONS between MGA and MASHIAN REFERRING OR RELATING

14  TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON

15  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

16  the claims and defenses in this action, let alone established that the relevancy of these

17  documents outweighs the individual's fundamental right of privacy.  Larian further

18  objects to this request on the ground that the terms COMMUNICATIONS and

19  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

20  and unduly burdensome.  Larian further objects to the request to the extent that it

21  seeks documents that by reason of public filing, public distribution or otherwise are

22  already in Mattel's possession or are readily accessible to Mattel.  Larian further

23  objects to this request to the extent that it seeks documents not in Larian's possession,

24  custody or control.  Larian also objects to this request on the grounds that it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the personal and business interests of Larian.  Larian also

27  objects to this request to the extent it calls for the disclosure of attorney-client

28

666200

1 privileged information or information protected from disclosure by the work-product
2 doctrine, joint defense or common interest privilege, or other privilege.
3     Larian further objects to this request as being overly broad and unduly
4 burdensome on the grounds that it is not limited in time.  Larian further objects to this
5 request as cumulative and duplicative to the extent that it seeks documents previously
6 requested by Mattel or produced by Larian in response to Mattel's document requests.
7 **REQUEST FOR PRODUCTION NO. 45**
8     All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR
9 RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,
10 LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.
11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**
12     Larian incorporates by reference his General Objections as though fully set
13 forth herein.  Larian further objects on the grounds that this request calls for the
14 production of communications that are not limited to the subject matter of this action
15 and not relevant to any claim or defense in the pending litigation or reasonably
16 calculated to lead to the discovery of admissible evidence.
17     Larian further objects to this request on the grounds that it is compound.
18 Larian further objects to the request to the extent it violates the privacy rights of third
19 parties to their private, confidential, proprietary or trade secret information.  Larian
20 further objects to this request on the grounds that it is overbroad as to subject matter
21 and time; in particular, Larian objects that the phrases "all communications" and
22 "referring or relating to" are unbounded by any date limitation and are not tied in any
23 way to any claim, defense or other issues involved in Phase 2 of this litigation.
24     Larian also objects to this request on the grounds that it is overbroad, including,
25 without limitation, that it would extend to any communication between Larian and
26 Neil Kadisha referring or relating in any way to a wide variety of matter that could
27 potentially be construed as "relating" to OMNI 808 INVESTORS, LLC, VISION
28 CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   and/or BRATZ, without regard to whether such communications are at all relevant to

2   any claim or defense at issue herein.  Mattel has not demonstrated how *all*

3   COMMUNICATIONS between Larian and Neil Kadisha REFERRING OR

4   RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

5   LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could

6   be relevant to the claims and defenses in this action, let alone established that the

7   relevancy of these documents outweighs the individual's fundamental right of

8   privacy.  Larian further objects to this request on the ground that the terms

9   COMMUNICATIONS and REFERRING OR RELATING TO render the request

10  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

11  the request to the extent that it seeks documents that by reason of public filing, public

12  distribution or otherwise are already in Mattel's possession or are readily accessible to

13  Mattel.  Larian further objects to this request to the extent that it seeks documents not

14  in Larian's possession, custody or control.  Larian also objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive information,

16  the disclosure of which would be inimical to the personal and business interests of

17  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

18  attorney-client privileged information or information protected from disclosure by the

19  work-product doctrine, joint defense or common interest privilege, or other privilege.

20      Larian further objects to this request as being overly broad and unduly

21  burdensome on the grounds that it is not limited in time.  Larian further objects to this

22  request as cumulative and duplicative to the extent that it seeks documents previously

23  requested by Mattel or produced by Larian in response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 46**

25      All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC

26  REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

27  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

PAGE 96

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

1   
2       Larian incorporates by reference his General Objections as though fully set

3   forth herein.  Larian further objects on the grounds that this request calls for the

4   production of communications that are not limited to the subject matter of this action

5   and not relevant to any claim or defense in the pending litigation or reasonably

6   calculated to lead to the discovery of admissible evidence.

7       Larian further objects to this request on the grounds that it is compound.

8   Larian further objects to the request to the extent it violates the privacy rights of third

9   parties to their private, confidential, proprietary or trade secret information.  Larian

10  further objects to this request on the grounds that it is overbroad as to subject matter

11  and time; in particular, Larian objects that the phrases "all communications" and

12  "referring or relating to" are unbounded by any date limitation and are not tied in any

13  way to any claim, defense or other issues involved in Phase 2 of this litigation.

14      Larian also objects to this request on the grounds that it is overbroad, including,

15  without limitation, that it would extend to any communication between Larian and

16  OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of

17  matter that could potentially be construed as "relating" to VISION CAPITAL, LLC,

18  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ,

19  without regard to whether such communications are at all relevant to any claim or

20  defense at issue herein.  Mattel has not demonstrated how *all* COMMUNICATIONS

21  between MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO

22  VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

23  LARIAN and/or BRATZ could be relevant to the claims and defenses in this action,

24  let alone established that the relevancy of these documents outweighs the individual's

25  fundamental right of privacy.  Larian further objects to this request on the ground that

26  the terms COMMUNICATIONS and REFERRING OR RELATING TO render the

27  request vague, ambiguous, overly broad and unduly burdensome.  Larian further

28  objects to the request to the extent that it seeks documents that by reason of public

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

1  filing, public distribution or otherwise are already in Mattel's possession or are

2  readily accessible to Mattel. Larian further objects to this request to the extent that it

3  seeks documents not in Larian's possession, custody or control. Larian also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the personal and

6  business interests of Larian. Larian also objects to this request to the extent it calls

7  for the disclosure of attorney-client privileged information or information protected

8  from disclosure by the work-product doctrine, joint defense or common interest

9  privilege, or other privilege.

10      Larian further objects to this request as being overly broad and unduly

11  burdensome on the grounds that it is not limited in time. Larian further objects to this

12  request as cumulative and duplicative to the extent that it seeks documents previously

13  requested by Mattel or produced by Larian in response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 47**

15      All COMMUNICATIONS REFERRING OR RELATING TO VISION

16  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS,

17  LLC.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

19      Larian incorporates by reference his General Objections as though fully set

20  forth herein. Larian further objects on the grounds that this request calls for the

21  production of communications that are not limited to the subject matter of this action

22  and not relevant to any claim or defense in the pending litigation or reasonably

23  calculated to lead to the discovery of admissible evidence.

24      Larian further objects to this request on the grounds that it is compound.

25  Larian further objects to the request to the extent it violates the privacy rights of third

26  parties to their private, confidential, proprietary or trade secret information. Larian

27  further objects to this request on the grounds that it is overbroad as to subject matter

28  and time; in particular, Larian objects that the phrases "all communications" and

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  "referring or relating to" are unbounded by any date limitation and are not tied in any

2  way to any claim, defense or other issues involved in Phase 2 of this litigation.

3      Larian also objects to this request on the grounds that it is overbroad, including,

4  without limitation, that it would extend to *any* communications between *anyone*

5  referring or relating in any way to a wide variety of matter that could potentially be

6  construed as "relating" to REFERRING OR RELATING TO VISION CAPITAL,

7  LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC,

8  without regard to whether such communications are at all relevant to any claim or

9  defense at issue herein.  Mattel has not demonstrated how *all* COMMUNICATIONS

10  REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

11  FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC could be relevant to the

12  claims and defenses in this action, let alone established that the relevancy of these

13  documents outweighs the individual's fundamental right of privacy.  Larian further

14  objects to this request on the ground that the terms COMMUNICATIONS and

15  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

16  and unduly burdensome.  Larian further objects to the request to the extent that it

17  seeks documents that by reason of public filing, public distribution or otherwise are

18  already in Mattel's possession or are readily accessible to Mattel.  Larian further

19  objects to this request to the extent that it seeks documents not in Larian's possession,

20  custody or control.  Larian also objects to this request on the grounds that it seeks

21  confidential, proprietary or commercially sensitive information, the disclosure of

22  which would be inimical to the personal and business interests of Larian.  Larian also

23  objects to this request to the extent it calls for the disclosure of attorney-client

24  privileged information or information protected from disclosure by the work-product

25  doctrine, joint defense or common interest privilege, or other privilege.

26      Larian further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  Larian further objects to this

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)  EXHIBIT 6

PAGE 199

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by Larian in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 48**

4  DOCUMENTS sufficient to IDENTIFY each bank account to or from which

5  VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF

6  VALUE since January 1, 2007.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

8  Larian incorporates by reference his General Objections as though fully set

9  forth herein. Larian further objects on the grounds that this request calls for the

10  production of documents that are not limited to the subject matter of this action and

11  not relevant to any claim or defense in the pending litigation or reasonably calculated

12  to lead to the discovery of admissible evidence. The request appears designed to

13  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

14  Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

15  Order Appointing Forensic Auditor.

16  Larian further objects to this request on the grounds that it is compound.

17  Larian further objects to the request to the extent it violates the privacy rights of third

18  parties to their private, confidential, proprietary or trade secret information.

19  Larian further objects to this request on the grounds that it is vague and

20  ambiguous in its use of the terms "bank account," "transferred," and "has had

21  transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

22  IDENTIFY *each* bank account to or from which VISION CAPITAL, LLC has

23  transferred or has had transferred any ITEM OF VALUE could be relevant to the

24  claims and defenses in this action, let alone established that the relevancy of these

25  documents outweighs the individual's fundamental right of privacy. Larian further

26  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

27  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

28  burdensome. Larian further objects to the request to the extent that it seeks

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   documents that by reason of public filing, public distribution or otherwise are already

2   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

3   this request to the extent that it seeks documents not in Larian's possession, custody

4   or control.  Larian also objects to this request on the grounds that it seeks confidential,

5   proprietary or commercially sensitive information, the disclosure of which would be

6   inimical to the personal and business interests of Larian.  Larian also objects to this

7   request to the extent it calls for the disclosure of attorney-client privileged

8   information or information protected from disclosure by the work-product doctrine,

9   joint defense or common interest privilege, or other privilege.

10       Larian further objects to this request as cumulative and duplicative to the extent

11   that it seeks documents previously requested by Mattel or produced by Larian in

12   response to Mattel's document requests.

13

14   **REQUEST FOR PRODUCTION NO. 49**

15       DOCUMENTS sufficient to IDENTIFY each bank account to or from which

16   LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM

17   OF VALUE since January 1, 2007.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

19       Larian incorporates by reference his General Objections as though fully set

20   forth herein.  Larian further objects on the grounds that this request calls for the

21   production of documents that are not limited to the subject matter of this action and

22   not relevant to any claim or defense in the pending litigation or reasonably calculated

23   to lead to the discovery of admissible evidence.  The request appears designed to

24   circumvent the Court's January 7 Order appointing a forensic auditor and requiring

25   Mattel to pay the auditor's costs in the first instance. _See_ January 7, 2009 Larson

26   Order Appointing Forensic Auditor.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

84

1   Larian further objects to this request on the grounds that it is compound.

2   Larian further objects to the request to the extent it violates the privacy rights of third

3   parties to their private, confidential, proprietary or trade secret information.

4   Larian further objects to this request on the grounds that it is vague and

5   ambiguous in its use of the terms "bank account," "transferred," and "has had

6   transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

7   IDENTIFY *each* bank account to or from which LEXINGTON FINANCIAL, LLC

8   has transferred or has had transferred any ITEM OF VALUE could be relevant to the

9   claims and defenses in this action, let alone established that the relevancy of these

10   documents outweighs the individual's fundamental right of privacy. Larian further

11   objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

12   ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

13   burdensome. Larian further objects to the request to the extent that it seeks

14   documents that by reason of public filing, public distribution or otherwise are already

15   in Mattel's possession or are readily accessible to Mattel. Larian further objects to

16   this request to the extent that it seeks documents not in Larian's possession, custody

17   or control. Larian also objects to this request on the grounds that it seeks confidential,

18   proprietary or commercially sensitive information, the disclosure of which would be

19   inimical to the personal and business interests of Larian. Larian also objects to this

20   request to the extent it calls for the disclosure of attorney-client privileged

21   information or information protected from disclosure by the work-product doctrine,

22   joint defense or common interest privilege, or other privilege.

23   Larian further objects to this request as cumulative and duplicative to the extent

24   that it seeks documents previously requested by Mattel or produced by Larian in

25   response to Mattel's document requests.

26

27

28

666200

EXHIBIT 6

PAGE 20

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 50**

DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. · Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the term "licensee." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* licensee of any BRATZ product since January 1, 2007 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT _6_

1   attorney-client privileged information or information protected from disclosure by the

2   work-product doctrine, joint defense or common interest privilege, or other privilege.

3        Larian further objects to this request as cumulative and duplicative to the extent

4   that it seeks documents previously requested by Mattel or produced by Larian in

5   response to Mattel's document requests.

6   **REQUEST FOR PRODUCTION NO. 51**

7        DOCUMENTS sufficient to show the amount of payments made to YOU by

8   each licensee of any BRATZ product since January 1, 2007.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

10       Larian incorporates by reference his General Objections as though fully set

11  forth herein.  Larian further objects on the grounds that this request calls for the

12  production of documents that are not limited to the subject matter of this action and

13  not relevant to any claim or defense in the pending litigation or reasonably calculated

14  to lead to the discovery of admissible evidence.  The request appears designed to

15  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

16  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

17  Order Appointing Forensic Auditor.

18       Larian further objects to this request on the grounds that it is compound.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21       Larian further objects to this request on the grounds that it is vague and

22  ambiguous in its use of the terms "amount of payments" and "licensee."  Mattel has

23  not demonstrated how DOCUMENTS sufficient to show the amount of payments

24  made to Larian by each licensee of any BRATZ product since January 1, 2007 could

25  be relevant to the claims and defenses in this action, let alone established that the

26  relevancy of these documents outweighs the individual's fundamental right of

27  privacy.  Larian further objects to this request on the ground that the term

28  DOCUMENTS renders the request vague, ambiguous, overly broad and unduly

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)   EXHIBIT 6

PAGE 204

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  burdensome. Larian further objects to the request to the extent that it seeks

2  documents that by reason of public filing, public distribution or otherwise are already

3  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

4  this request to the extent that it seeks documents not in Larian's possession, custody

5  or control. Larian also objects to this request on the grounds that it seeks confidential,

6  proprietary or commercially sensitive information, the disclosure of which would be

7  inimical to the personal and business interests of Larian. Larian also objects to this

8  request to the extent it calls for the disclosure of attorney-client privileged

9  information or information protected from disclosure by the work-product doctrine,

10  joint defense or common interest privilege, or other privilege.

11      Larian further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by Larian in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 52**

15      A sample of each BRATZ product manufactured, sold, offered for sale,

16  marketed or distributed by YOU since January 1, 2008.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

18      Larian incorporates by reference his General Objections as though fully set

19  forth herein. Larian further objects on the grounds that this request calls for the

20  production of tangible items that are not limited to the subject matter of this action

21  and not relevant to any claim or defense in the pending litigation or reasonably

22  calculated to lead to the discovery of admissible evidence.

23      Larian further objects to this request on the grounds that it is compound.

24  Larian further objects to the request to the extent it violates the privacy rights of third

25  parties to their private, confidential, proprietary or trade secret information.

26      Larian further objects to this request on the grounds that it is vague and

27  ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale,

28  marketed or distributed." Mattel has not demonstrated how a sample of *each* BRATZ

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT

PAGE 205

1   product manufactured, sold, offered for sale, marketed or distributed by Larian since

2   January 1, 2008 could be relevant to the claims and defenses in this action, let alone

3   established that the relevancy of these documents outweighs the individual's

4   fundamental right of privacy. Larian further objects to the request to the extent that it

5   seeks tangible items that by reason of public filing, public distribution or otherwise

6   are already in Mattel's possession or are readily accessible to Mattel. Larian further

7   objects to this request to the extent that it seeks tangible items not in Larian's

8   possession, custody or control. Larian also objects to this request on the grounds that

9   it seeks confidential, proprietary or commercially sensitive information, the disclosure

10   of which would be inimical to the personal and business interests of Larian. Larian

11   also objects to this request to the extent it calls for the disclosure of attorney-client

12   privileged information or information protected from disclosure by the work-product

13   doctrine, joint defense or common interest privilege, or other privilege.

14       Larian further objects to this request as cumulative and duplicative to the extent

15   that it seeks tangible items previously requested by Mattel or produced by Larian in

16   response to Mattel's document requests.

17 **REQUEST FOR PRODUCTION NO. 53**

18       To the extent not produced in response to any other Request, a sample of each

19   core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or

20   distributed by YOU since January 1, 2008.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

22       Larian incorporates by reference his General Objections as though fully set

23   forth herein. Larian further objects on the grounds that this request calls for the

24   production of tangible items that are not limited to the subject matter of this action

25   and not relevant to any claim or defense in the pending litigation or reasonably

26   calculated to lead to the discovery of admissible evidence. The request appears

27   designed to circumvent the Court's January 7 Order appointing a forensic auditor and

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2) EXHIBIT 6

PAGE 200

1   requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009

2   Larson Order Appointing Forensic Auditor.

3         Larian further objects to this request on the grounds that it is compound.

4   Larian further objects to the request to the extent it violates the privacy rights of third

5   parties to their private, confidential, proprietary or trade secret information.

6         Larian further objects to this request on the grounds that it is vague and

7   ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale,

8   marketed or distributed."  Mattel has not demonstrated how a sample of *each* core

9   BRATZ female fashion doll manufactured, sold, offered for sale, marketed or

10  distributed by Larian since January 1, 2008 could be relevant to the claims and

11  defenses in this action.  Larian further objects to the request to the extent that it seeks

12  tangible items that by reason of public filing, public distribution or otherwise are

13  already in Mattel's possession or are readily accessible to Mattel.  Larian further

14  objects to this request to the extent that it seeks tangible items not in Larian's

15  possession, custody or control.  Larian also objects to this request on the grounds that

16  it seeks confidential, proprietary or commercially sensitive information, the disclosure

17  of which would be inimical to the personal and business interests of Larian.  Larian

18  also objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-product

20  doctrine, joint defense or common interest privilege, or other privilege.

21        Larian further objects to this request as cumulative and duplicative to the extent

22  that it seeks tangible items previously requested by Mattel or produced by Larian in

23  response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 54**

25        All registrations, and applications for registration, for any trademark or service

26  mark that constitutes, includes or incorporates in any manner the term "BRATZ."

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

PAGE 207

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "registrations," "applications for registration," and "constitutes, includes or incorporates." Mattel has not demonstrated how *all* registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ" could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. Larian further objects to this

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT 6

PAGE 768

1 request as cumulative and duplicative to the extent that it seeks documents previously

2 requested by Mattel or produced by Larian in response to Mattel's document requests.

3 **REQUEST FOR PRODUCTION NO. 55**

4       All registrations, and applications for registration, for any trademark or service

5 mark that constitutes, includes or incorporates in any manner the term "Jade."

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

7       Larian incorporates by reference his General Objections as though fully set

8 forth herein.  Larian further objects on the grounds that this request calls for the

9 production of documents that are not limited to the subject matter of this action and

10 not relevant to any claim or defense in the pending litigation or reasonably calculated

11 to lead to the discovery of admissible evidence.

12       Larian further objects to this request on the grounds that it is compound.

13 Larian further objects to the request to the extent it violates the privacy rights of third

14 parties to their private, confidential, proprietary or trade secret information.

15       Larian further objects to this request on the grounds that it is vague and

16 ambiguous in its use of the terms "registrations," "applications for registration," and

17 "constitutes, includes or incorporates."  Mattel has not demonstrated how *all*

18 registrations, and applications for registration, for any trademark or service mark that

19 constitutes, includes or incorporates in any manner the term "Jade" could be relevant

20 to the claims and defenses in this action, let alone established that the relevancy of

21 these documents outweighs the individual's fundamental right of privacy.  Larian

22 further objects to the request to the extent that it seeks documents that by reason of

23 public filing, public distribution or otherwise are already in Mattel's possession or are

24 readily accessible to Mattel.  Larian further objects to this request to the extent that it

25 seeks documents not in Larian's possession, custody or control.  Larian also objects to

26 this request on the grounds that it seeks confidential, proprietary or commercially

27 sensitive information, the disclosure of which would be inimical to the personal and

28 business interests of Larian.  Larian also objects to this request to the extent it calls

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  for the disclosure of attorney-client privileged information or information protected

2  from disclosure by the work-product doctrine, joint defense or common interest

3  privilege, or other privilege.

4      Larian further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in time.  Larian further objects to this

6  request as cumulative and duplicative to the extent that it seeks documents previously

7  requested by Mattel or produced by Larian in response to Mattel's document requests.

8  **REQUEST FOR PRODUCTION NO. 56**

9      All COMMUNICATIONS with any Trademark Office or governmental entity

10  REFERRING OR RELATING TO any registration, or application for registration, for

11  any trademark or service mark that constitutes, includes or incorporates in any

12  manner the term "BRATZ."

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

14      Larian incorporates by reference his General Objections as though fully set

15  forth herein.  Larian further objects on the grounds that this request calls for the

16  production of communications that are not limited to the subject matter of this action

17  and not relevant to any claim or defense in the pending litigation or reasonably

18  calculated to lead to the discovery of admissible evidence.

19      Larian further objects to this request on the grounds that it is compound.

20  Larian further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22      Larian also objects to this request on the grounds that it is overbroad, including,

23  without limitation, that it would extend to any communication between *anyone* and

24  *any* Trademark Office or governmental entity referring or relating in any way to a

25  wide variety of matter that could potentially be construed as "relating" to any

26  registration, or application for registration, for any trademark or service mark that

27  constitutes, includes or incorporates in any manner the term "BRATZ.", without

28  regard to whether such communications are at all relevant to any claim or defense at

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 6

PAGE 210

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  issue herein.  Larian also objects to this request on the grounds that it is overbroad,

2  unduly burdensome and oppressive in that it is not in any way limited as to the

3  persons involved in the communications or as to time.  Larian further objects to this

4  request on the grounds that it is vague and ambiguous in its use of the terms

5  "registrations," "applications for registration," and "constitutes, includes or

6  incorporates."  Mattel has not demonstrated how *all* COMMUNICATIONS with any

7  Trademark Office or governmental entity REFERRING OR RELATING TO any

8  registration, or application for registration, for any trademark or service mark that

9  constitutes, includes or incorporates in any manner the term "BRATZ" could be

10  relevant to the claims and defenses in this action, let alone established that the

11  relevancy of these communications outweighs fundamental privacy rights.  Larian

12  further objects to this request on the ground that the terms COMMUNICATIONS and

13  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

14  and unduly burdensome.  Larian further objects to the request to the extent that it

15  seeks communications that by reason of public filing, public distribution or otherwise

16  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

17  objects to this request to the extent that it seeks documents not in Larian's possession,

18  custody or control.  Larian also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the personal and business interests of Larian.  Larian also

21  objects to this request to the extent it calls for the disclosure of attorney-client

22  privileged information or information protected from disclosure by the work-product

23  doctrine, joint defense or common interest privilege, or other privilege.

24      Larian further objects to this request as being overly broad and unduly

25  burdensome on the grounds that it is not limited in time.  Larian further objects to this

26  request as cumulative and duplicative to the extent that it seeks documents previously

27  requested by Mattel or produced by Larian in response to Mattel's document requests.

28  **REQUEST FOR PRODUCTION NO. 57**

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 6

PAGE 24

1   All COMMUNICATIONS with any Trademark Office or governmental entity
2   REFERRING OR RELATING TO any registration, or application for registration, for
3   any trademark or service mark that constitutes, includes or incorporates in any
4   manner the term "Jade."

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

6   Larian incorporates by reference his General Objections as though fully set
7   forth herein.  Larian further objects on the grounds that this request calls for the
8   production of communications that are not limited to the subject matter of this action
9   and not relevant to any claim or defense in the pending litigation or reasonably
10  calculated to lead to the discovery of admissible evidence.

11  Larian further objects to this request on the grounds that it is compound.
12  Larian further objects to the request to the extent it violates the privacy rights of third
13  parties to their private, confidential, proprietary or trade secret information.

14  Larian also objects to this request on the grounds that it is overbroad, including,
15  without limitation, that it would extend to any communication between *anyone* and
16  *any* Trademark Office or governmental entity referring or relating in any way to a
17  wide variety of matter that could potentially be construed as "relating" to any
18  registration, or application for registration, for any trademark or service mark that
19  constitutes, includes or incorporates in any manner the term "Jade," without regard to
20  whether such communications are at all relevant to any claim or defense at issue
21  herein.  Larian also objects to this request on the grounds that it is overbroad, unduly
22  burdensome and oppressive in that it is not in any way limited as to the persons
23  involved in the communications or as to time.  Larian further objects to this request
24  on the grounds that it is vague and ambiguous in its use of the terms "registrations,"
25  "applications for registration," and "constitutes, includes or incorporates."  Mattel has
26  not demonstrated how *all* COMMUNICATIONS with any Trademark Office or
27  governmental entity REFERRING OR RELATING TO any registration, or
28  application for registration, for any trademark or service mark that constitutes,

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD,
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  includes or incorporates in any manner the term "Jade" could be relevant to the claims

2  and defenses in this action, let alone established that the relevancy of these

3  communications outweighs fundamental privacy rights.  Larian further objects to this

4  request on the ground that the terms COMMUNICATIONS and REFERRING OR

5  RELATING TO render the request vague, ambiguous, overly broad and unduly

6  burdensome.  Larian further objects to the request to the extent that it seeks

7  communications that by reason of public filing, public distribution or otherwise are

8  already in Mattel's possession or are readily accessible to Mattel.  Larian further

9  objects to this request to the extent that it seeks documents not in Larian's possession,

10  custody or control.  Larian also objects to this request on the grounds that it seeks

11  confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the personal and business interests of Larian.  Larian also

13  objects to this request to the extent it calls for the disclosure of attorney-client

14  privileged information or information protected from disclosure by the work-product

15  doctrine, joint defense or common interest privilege, or other privilege.

16      Larian further objects to this request as being overly broad and unduly

17  burdensome on the grounds that it is not limited in time.  Larian further objects to this

18  request as cumulative and duplicative to the extent that it seeks documents previously

19  requested by Mattel or produced by Larian in response to Mattel's document requests.

20  Dated: ___2/6___, 2009        Patricia L. Glaser
                                  Joel N. Klevens
21                                GLASER, WEIL, FINK, JACOBS
22                                 & SHAPIRO, LLP

23                                Russell J. Frackman
                                  MITCHELL, SILBERBERG & KNUPP, LLP
24

25

26  By: _____

27                                Amman Khan
                                  Attorneys for the MGA Parties
                                  for Phase Two
28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)   EXHIBIT 6

PAGE 213

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

    On January 28, 2009, I served the foregoing document described as:

**RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN (PHASE 2)**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

## PLEASE SEE ATTACHED SERVICE LIST

☐     **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐     **(BY OVERNIGHT DELIVERY SERVICE)** I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒     **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee.

☐     **(BY EMAIL)** I caused such documents to be delivered via email to the addressee(s).

☐     **(BY FACSIMILE)** I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

    Executed this 6th day of February, 2009, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
YUMI CHUNG

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666411 v1

EXHIBIT 6
PAGE 214

## SERVICE LIST

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Russel J. Frackman, Esq.
Patricia H. Benson, Esq.
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000

Thomas J. Nolan, Esq.
Raoul D. Kennedy, Esq.
Jason D. Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000

665411 v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT 6
PAGE 215