QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]**<br><br>[PUBLIC REDACTED] DECLARATION OF STEPHEN HAUSS IN SUPPORT OF MATTEL, INC.'S OPPOSITION TO THE MGA PARTIES' MOTION TO QUASH SUBPOENAS ISSUED BY MATTEL TO OMNI 808 INVESTORS, LLC, OMNINET CAPITAL, LLC, IGWT GROUP, LLC, IGWT 826 INVESTMENTS, LLC AND VISION CAPITAL, LLC<br><br>Hearing Date:      TBD<br>Time:              TBD<br>Place:             TBD<br><br>Phase 2:<br>Discovery Cut-off:      Not set<br>Pre-trial Conference:   Not set<br>Trial Date:             Not set |

## DECLARATION OF STEPHEN HAUSS

I, Stephen Hauss, declare as follows:

1.      I am a member of the bar of the State of California and an associate at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel").   I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s Ex Parte Application for Appointment of a Receiver, dated December 28, 2008.

3.      Attached as Exhibit 2 is a true and correct copy of relevant excerpts from the Hearing Transcript, dated January 5, 2009.

4.      Attached as Exhibit 3 is a true and correct copy of the Notice of Lodging Expedited Discovery Requested in Connection With Mattel, Inc.'s Ex Parte Application for Receiver, dated January 4, 2009.

5.      Attached as Exhibit 4 is a true and correct copy of Mattel's subpoena issued to Lexington Financial, LLC, dated January 30, 2009 and served on January 31, 2009.

6.      Attached as Exhibit 5 is a true and correct copy of Mattel's subpoena issued to Fred Mashian, dated January 30, 2009 and served on January 31, 2009.

7.      Mattel has been attempting to serve a document subpoena on Neil Kadisha since January 23, 2009.  On each occasion that Mattel has attempted service, however, service has been refused because Mr. Kadisha has allegedly been "out of town" over this entire time period.  On February 6, 2009, Mattel sent a letter to Todd Gordinier and Peter Villar, counsel for Mr. Kadisha, inquiring whether counsel would agree to accept service on Mr. Kadisha's behalf.  A copy of Mattel's February 6, 2009 letter is attached as Exhibit 6 .

8.      On February 9, 2009, Mr. Gordinier responded that Mr. Kadisha is out of the country and that he had asked for authority to accept service on Mr.

1    Kadisha's behalf.  Attached as Exhibit 7 is a true and correct copy of Mr. Gordinier's

2    February 9, 2009 e-mail.

3            9.      Attached as Exhibit 8 is a true and correct copy of Responses to

4    Requests for Documents and Things to MGA Entertainment, Inc. (Phase 2), dated

5    February 6, 2009.

6            10.     Attached as Exhibit 9 is a true and correct copy of Responses to

7    Requests for Documents and Things to Isaac Larian (Phase 2), dated February 6,

8    2009.

9            11.     Attached as Exhibit 10 is a true and correct copy of the Court's

10   October 31, 2007 Minute Order.

11           12.     Attached as Exhibit 11 is a true and correct copy of the Court's

12   February 4, 2008 Minute Order.

13

14           I declare under penalty of perjury under the laws of the United States of

15   America that the foregoing is true and correct.

16           Executed on February 10, 2009, at Los Angeles, California.

17

18           _____

19           Stephen Hauss

20

21

22

23

24

25

26

27

28

# Exhibit 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13                Plaintiff, | Consolidated with Case No. CV 04-09059 |
| 14         vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | **MATTEL, INC.'S** *EX PARTE* **APPLICATION FOR APPOINTMENT OF A RECEIVER** |
| 16                Defendant. | **FOR MGA OR FOR ALTERNATIVE RELIEF; AND** |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19 | [Declaration of Michael T. Zeller and Proposed Order filed concurrently] |
| 20 | |

21

22

23

24

25

26

27

28

07209/2744159.4

1      Mattel, Inc. ("Mattel") hereby respectfully applies *ex parte*, pursuant to <u>Fed.</u>
2  <u>R. Civ. P.</u> 66 and <u>Local Rule</u> 7-19, for an Order Appointing a Receiver for MGA
3  Entertainment, Inc., or for alternative relief, including without limitation for
4  expedited discovery.

5      Mattel makes this Application on the grounds that MGA has filed, both in this
6  Court and in the Ninth Circuit, stay applications based on MGA's claims of
7  imminent financial insolvency, including for reasons that MGA admits are unrelated
8  to the prospect of injunctive relief.  Regardless of whether MGA's assertions are
9  credited, MGA's repeated, conflicting assertions about its financial condition raise
10  serious doubts about its ability to (a) pay the Phase 1 trial damages award and any
11  award rendered in Phase 2 trial to Mattel and (b) maintain and preserve the Bratz
12  intellectual property that the jury and this Court determined are Mattel's.
13  Furthermore, there is mounting evidence that MGA and Larian have engaged in
14  questionable business arrangements and failed to disclose to the Court and Mattel
15  significant financial information, including the identity of the ultimate source of the
16  funding that MGA has been receiving since Phase 1B from a series of off-shore,
17  non-operating entities.  A receiver should be appointed, and MGA and Larian
18  should be ordered to pay the costs and fees associated with the receiver.
19  Alternatively, Mattel seeks leave to take expedited discovery into this subject
20  matter.

21      Good cause exists to seek this relief on an *ex parte* basis.  MGA claims that
22  its demise is imminent, and Mattel recently learned of additional questionable
23  practices by MGA and Larian.  Although Mattel has also asked for the appointment
24  of a receiver as a condition for any stay pending appeal, this Application seeks
25  appointment of a receiver regardless of the outcome of MGA's stay applications and
26  further relief such as expedited discovery.

27      Pursuant to <u>Local Rule</u> 7-19, on December 24, 2008, Mattel's counsel gave
28  notice of this Application and the relief being sought to counsel for the MGA

07209/2744159.3

-i-

MATTEL'S EX PARTE APPLICATION
EXHIBIT _____

PAGE _____

1  Parties, Jason Russell of Skadden, Arps, Slate, Meagher & Flom LLP (telephone:
2  213-687-5000; address: 300 South Grand Avenue, Suite 3400, Los Angeles,
3  California 90071).  Counsel for defendants stated that the MGA Parties oppose this
4  Application.

5       This Application is based on this Notice of Application, the accompanying
6  Memorandum of Points and Authorities, the Declaration of Michael T. Zeller (and
7  its exhibits) filed concurrently herewith, the lodged Declarations of Michael J.
8  Wagner and Jon D. Corey, the records and files of this Court, including without
9  limitation the Phase 1 trial record, and all other matters of which the Court may take
10  judicial notice.

11

12  DATED:  December 28, 2008          QUINN EMANUEL URQUHART OLIVER &
13                                     HEDGES, LLP

14

                                       By /s/ Michael T. Zeller
15                                        Michael T. Zeller
                                          Attorneys for Mattel, Inc.
16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2744159.3

-ii-

1                    **MEMORANDUM OF POINTS AND AUTHORITIES**

2                              **Preliminary Statement**

3           This Court should appoint a receiver.  This is true regardless of whether or not

4   there is a stay of any kind of this Court's orders, and whether or not the Court

5   imposes any conditions on any such stay.   The receiver should, subject to this

6   Court's authority, act to preserve the value of Bratz, oversee and control all financial

7   and business aspects of Bratz, including the revenues generated by it, and ensure

8   that assets are not dissipated.  At a minimum, the receiver should be authorized to

9   investigate and monitor any and all financial and business matters involving Bratz

10  and to report them to the Court and to Mattel.

11          Pursuant to the <u>Rules</u> and their inherent powers of equity, federal district

12  courts may appoint receivers to preserve assets and rights during litigation.  Each of

13  the factors that courts typically consider weighs in favor of appointing a receiver

14  here.  MGA professes to be on the verge of collapse and insolvency.  Accurate or

15  not, it is beyond dispute that MGA and Larian have revised their claims as to

16  MGA's financial picture repeatedly and radically.  During the Phase 1B trial, when it

17  suited MGA's purpose, MGA proclaimed to the Ninth Circuit and the jury that it

18  was in financial extremis.  When Mattel then sought an injunction and noted that

19  those assertions demonstrated the threat of irreparable harm to Mattel, MGA

20  disavowed them.  Now, MGA again represents that it is imminently going to go out

21  of business -- while its counsel swears at the same time to the Court of Appeals that

22  MGA is worth hundreds of millions of dollars (and even though MGA's own

23  financial expert testified at trial no valuation of MGA was possible).

24          MGA's about-faces alone amply show that MGA cannot be trusted to

25  accurately report its financial condition, let alone preserve Bratz assets, pay Mattel

26  the damages that Mattel has been awarded or protect Mattel's interests in the Bratz

27  intellectual property.   Equally troubling, MGA has sweepingly claimed that it

28  cannot obtain credit, but it failed to disclose to Mattel or the Court that MGA has

-1-

MATTEL'S EX PARTE APPLICATION
EXHIBIT ___/

PAGE ____6

1  been receiving since the Phase 1B verdict significant funding through non-
2  operating, off-shore companies that were first formed during trial and that have
3  mail-drops for "offices."  Whatever their purpose may be, these arrangements serve
4  to conceal the ultimate source of MGA's funding.

5       And certainly MGA has not revealed in this case the source of its undisclosed
6  funding, either at trial, in its ex parte papers or in discovery.  To this day, MGA has
7  failed to produce audited financial statements for 2007, the last full calendar year, or
8  updated financials for 2008, despite Court Orders that MGA produce such
9  information.  Indeed, the Court again had to order -- on the eve of trial -- that such
10 information be produced because MGA and Larian had violated prior Court Orders
11 compelling complete financial information.  It is beyond dispute that MGA must
12 have financial records in its possession.  Its failure to produce them further confirms
13 that equitable relief in the form of a receiver is needed at this point.

14      Nor are these the only irregularities.  MGA has funneled millions of dollars to
15 Isaac Larian's relatives.  Mattel recently learned that Larian formed a new entity,
16 IGWT, that is selling Bratz inventory.  MGA has never disclosed this either, or
17 disclosed the terms of its arrangements with IGWT, including whether MGA's
18 claims of financial distress account for IGWT's revenues from Bratz.  The jury also
19 found that MGA engaged in fraudulent concealment and committed intentional torts
20 against Mattel, and MGA has destroyed and altered evidence in this case.  MGA
21 also bribed three Mattel employees (in addition to Bryant) to work on hundreds of
22 Bratz dolls over a five-year period.  That scheme continued for a year even after this
23 suit was filed, and MGA failed to disclose it in the face of Court Orders compelling
24 discovery.  To date, five different MGA-affiliated witnesses -- including one MGA
25 executive and another MGA manager -- have refused to answer questions at
26 deposition by invoking the Fifth Amendment.

27      On this record, the need for a receiver is evident.  Mattel respectfully requests
28 that this Court appoint a receiver.

07209/2744159.4

-2-

EXHIBIT _____

PAGE____7____

1                                     <u>Argument</u>

2   I.      **THE COURT HAS AUTHORITY TO APPOINT A RECEIVER**

3          <u>Fed. R. Civ. P.</u> 66 as well as this Court's "inherent equitable power" empower

4   it to appoint a receiver, who acts and serves as an officer of the Court.   <u>In re</u>

5   <u>McGaughey</u>, 24 F.3d 904, 907 (7th Cir. 1994).   <u>See also</u> <u>Liberte Capital Group,</u>

6   <u>LLC v. Capwill</u>, 462 F.3d 543, 551 (6th Cir. 2006) (authority to appoint equitable

7   receiver is part of federal court's "traditional, common law powers of equity.").

8   "Receivership is an equitable remedy and a receiver will be appointed when the

9   most speedy and perfect administration of justice and the rights of the parties

10  interested in the property will be best secured by such action." <u>View Crest Garden</u>

11  <u>Apartments v. United States</u>, 281 F.2d 844, 849 (9th Cir. 1960) (internal cites

12  omitted).   The decision whether to appoint a receiver is committed to the district

13  court's discretion.  <u>Id.</u>  <u>See also</u> <u>National Partnership Investment Corp. v. National</u>

14  <u>Housing Dev. Corp.</u>, 153 F.3d 1289, 1292 (11th Cir. 1998) (same).[1]

15  II.     **ALL RELEVANT FACTORS WEIGH IN FAVOR OF APPOINTING A**

16          **RECEIVER**

17         A primary purpose in appointing a receiver is "to protect, conserve and

18  administer property pending final disposition of a suit." <u>In re McGaughey</u>, 24 F.3d

19  at 907.  Federal courts considering the following factors in deciding whether to

20  appoint a receiver:

21         (I) fraudulent conduct on defendant's part; (2) imminent danger of the

22         property being lost, concealed, injured, diminished in value, or

23  _____

24      [1] California statutes also authorize the appointment of a receiver in "all other

25  cases where necessary to preserve the property or rights of any party." <u>Cal. Civ.</u>
    <u>Proc. Code</u> § 564(b); <u>see also</u> <u>Resolution Trust Corp. v. Bayside Developers</u>, 43
26  F.3d 1230, 1242 (9th Cir. 1995) (affirming appointment of receiver under <u>Cal. Civ.</u>
27  <u>Proc. Code</u> § 564(b)). Regardless of whether federal or state law is applied here,
28  appointment of a receiver here is appropriate for the reasons discussed below.

07209/2744159.4

-3-

MATTEL'S EX PARTE APPLICATION
EXHIBIT  1

PAGE    8

1  squandered; (3) inadequacy of legal remedies; (4) probability that harm
2  to plaintiff by denial of appointment would outweigh injury to parties
3  opposing appointment; (5) plaintiff's probable success in the action and
4  the possibility of irreparable injury to plaintiff's interest in the property;
5  (6) whether plaintiff's interests sought to be protected will in fact be
6  well-served by receivership.
7  New York Life Ins. Co. v. Watt West Inv. Corp., 755 F. Supp. 287, 292 (E.D. Cal.
8  1991).
9       Each of these factors favors appointment of a receiver in this case. Absent the
10  appointment of a receiver, Mattel will have no assurance that it will receive the jury
11  award it has already obtained or any future jury award for Phase 2 and no assurance
12  that the Bratz intellectual property and related assets will have any value by the end
13  of this case. A receiver can assure that Mattel will not be left without a remedy.

14      **A.**   **Defendants' Conduct Bears Indicia Of Fraud**
15       MGA and Larian have a mounting record of highly dubious and likely
16  fraudulent actions that raises serious questions.
17       First, MGA claims imminent insolvency as soon as December 31, 2008. Yet,
18  it has presented no audited balance sheet showing its financial condition, much less
19  its current solvency, and has produced no audited balance sheet for any fiscal year
20  after 2006.[2] MGA also has made wholly inconsistent representations about its net
21  worth to the jury, to this Court and to the Ninth Circuit. In one particularly glaring
22  example, MGA's own financial expert swore at trial that it was not possible to
23  ascertain the value of MGA, and Larian plead poverty to both the jury and the Ninth
24  Circuit at that time. Yet, just a week ago, MGA's counsel represented under oath to

25    —————————————
26    [2] December 18, 2008 Declaration of Michael Wagner ("Wagner Dec.") ¶ 7,
27  attached as Exhibit 1 to Notice of Lodging, dated December 29, 2008 and filed
28  concurrently herewith.

1   the Ninth Circuit that MGA was worth "hundreds of millions of dollars."[3]  The vast

2   discrepancies, as well as MGA's efforts throughout this case to thwart discovery and

3   its repeated failures to otherwise provide proper documentation about its financial

4   status and transactions, properly give rise to an adverse inference that MGA's

5   financial claims are not to be trusted.

6          Second, MGA represented to the Court that it has been unable to obtain credit.

7   Since the Phase 1B verdict, however, a new creditor, Omni 808 International, LLC

8   ("Omni") has take an security interest in all or substantially all of MGA's assets.[4]

9   Omni's registered address is the same as OmniNet Capital, a private equity firm

10  owned and controlled by the Nazarian family, including brother-in-law Neil

11  Kadisha.[5]

12         Omni 808 does not appear to be an operating entity of OmniNet or any other

13  company.  Rather, it is a single-purpose entity formed on August 12, 2008 -- near

14  the end of trial as the damages verdict was looming.[6]  It appears that a company

15  called Vision Capital, LLC owns, and presumably funded, Omni 808.  Vision

16  Capital, like Omni 808, is not an operating entity and also was newly formed during

17

18

19
_____

20  [3]   December 23, 2008 Declaration of Jon Corey ("Corey Dec.") ¶¶ 3-5 and Exs.
    2-6, 28, Notice of Lodging, Ex. 2.

21  [4]   December 23, 2008 Corey Dec. ¶ 2 and Ex. 1.

22  [5]   Compare Omni registration information (with address of 9420 Wilshire

23  Boulevard, 4th Floor, Beverly Hills, CA 90212) Corey Dec., Ex. 1 at UCC
    Financing Statement Amendment ¶ 7(c) with OmniNet Capital address (with

24  address of 9420 Wilshire Boulevard, 4th Floor, Beverly Hills, CA 90212), Omninet

25  "Contact Us", attached as Exhibit 8 to the Declaration of Michael T. Zeller ("Zeller
    Dec."), dated December 29, 2008 and filed concurrently herewith; see also Omninet

26  "About Us", Zeller Dec., Ex. 9.

27  [6]   Omni 808 Investors LLC Certificate of Status and Articles of Organization,

28  Zeller Dec. Ex. 2.

1    trial.[7]  Vision Capital in turn borrowed the money from Lexington Financial Limited

2    -- an offshore company with a mail-drop address in London[8] and registered in the

3    Caribbean island of Nevis, a country notorious for its corporate secrecy laws.[9]

4    Vision Capital secured that loan from Lexington Financial with its ownership

5    interest in Omni and perfected that as a purported security interest on August 29,

6    2008 -- three days after the Phase 1B jury verdict.[10]  The public records Mattel has

7    obtained thus far as part of its own investigation do not disclose who provided

8    Lexington Financial with the funds that it loaned to Vision Capital and in turn to

9    Omni 808 and then MGA.

10        The structure of these non-operating companies conceals the actual source of

11   the funds provided to MGA.  The formation of these companies during trial, coupled

12   with their use of mail-drop "offices" and utilization of off-shore jurisdictions, only

13   further adds to the questions.  Maybe there is an innocent explanation for MGA's

14   sudden funding -- during trial -- by a newly formed offshore corporation that

15   appears to be a shell, that obscures its funding sources for MGA and that is now

16   apparently one of MGA's largest creditors (and perhaps its largest).  Mr. Fred

17   Mashian, a Sunset Boulevard "estate-planning" attorney identified as the Lexington

18

19

20   [7]  Vision Capital, LLC Certificate of Formation dated August 19, 2008, Zeller
     Dec. Ex. 3.

21   [8]  UCC Financing Statement dated August 29, 2008, Zeller Dec., Ex. 4;
22   December 12, 2008 letter from Registrar Clevelan Williams, Zeller Dec., Ex. 5.
     Office Front "Home" (offering website by Office Front allowing a person to obtain
23   a "virtual office" for as little as £10 a month), Zeller Dec., Ex. 7.

24   [9]  UCC Financing Statement dated August 29, 2008, Zeller Dec., Ex. 4 (with
25   Lexington Capital taking a security interest in Vision Capital's ownership interest in
     Omni 808 Investors LLC); "Offshore-Based Limited Liability Company (LLC)" at
26   www.offshore-protection.com/nevisLLC.html, Zeller Dec. Ex. 6.

27   [10]  Zeller Dec. Ex. 4 (August 29, 2008 Lexington Financial UCC financing
28   statement).

MATTEL'S EX PARTE APPLICATION
EXHIBIT ___1___
PAGE  __11__

1  Financial contact on the financing statement,[11] may be able to provide it.  Or not.  It
2  is a common (but unlawful) tactic for shareholders of a company to create the
3  impression of an arms-length loan to a troubled corporation (rather than a proper
4  capital contribution) while concealing that the shareholder is the source of the
5  funds.[12]

6       But in any event what likely cannot be explained – and what MGA has never
7  explained – is MGA's failure to mention to this Court or Mattel in its *ex parte* stay
8  papers that it was receiving this substantial funding recently, let alone disclose its
9  true source, despite its sweeping claims to this Court that it cannot obtain credit.

10      Third, Mattel first learned late on December 23, 2008 (and has since
11 continued to investigate) that Isaac Larian has been setting up yet more new entities
12 recently.   One, called IGWT Group, appears to be selling Bratz products and
13 conducting Bratz business in lieu of MGA.  What is known is that Larian recently
14 created this new company and registered its place of business as his home address.[13]
15 Regardless of the particulars, MGA's spate of "emergency" filings relies on claims
16 about Bratz inventory, but makes no mention of this entity or discloses on what
17 terms IGTW is obtaining Bratz inventory or whether MGA's claims of financial
18 distress include proper accounting of IGWT's revenues from Bratz product
19 inventory that Larian and IGWT are selling.   Farhad Larian also appears have
20

21      [11]  Zeller Dec. Ex. 4 (Lexington Financial UCC financing statement).

22      [12]  One reason this is done is so that a shareholder's sham creditor can claim
23  priority in any bankruptcy over unsecured creditors, rather than being last in line as
    an owner.  In re Lifschultz Fast Freight, 132 F.3d 339, 343 (7th Cir. 1996) (noting
24  that "[e]quityholders come last in bankruptcy, which generally means they get
25  nothing at liquidation. To avoid this, an owner might disguise her equity claim as
    debt.  The doctrine of equitable subordination empowers a bankruptcy court to foil
26  this queue-jumping."); see generally In re Mobile Steel, 563 F.2d 692 (5th Cir.
27  1977); 11 U.S.C. section 510(c) (authorizing equitable subordination).

28      [13]  Zeller Dec. Ex. 11 (IWGT Group, LLC registration information).

07209/2744159.4

-7-

1   involvement with this entity.   As discussed below, Farhad Larian admitted to
2   destroying evidence about Bratz after this suit was filed to keep Mattel from
3   obtaining it.

4       Fourth, MGA has paid hundreds of millions of dollars to Larian and his
5   family members as distributions, compensation, bonuses or never-to-be-repaid
6   loans, including throughout the pendency of this litigation.   Although Mattel asked
7   during discovery, MGA had no meaningful explanation for the large payments to
8   many of Larian's family members.[14]   This, too, is suggestive of misconduct.   Cf.
9   World Fuel Services Corp. v. Moorehead, 229 F. Supp. 2d 584, 589 (N.D. Tex.
10  2002) (inferring possibility of fraudulent conduct based on questionable business
11  transactions with friends and associates); Haase v. Chapman, 308 F. Supp. 399, 405
12  (W.D. Mo. 1969) (noting that transaction at issue "bears two well-defined badges of
13  fraud: transfer pending the writ of execution and transfer to a relative.") (citations
14  omitted).

15      Fifth, MGA and Larian have destroyed and altered evidence in this case.
16  While still a Mattel employee, Bryant sent his signed MGA contract using a Mattel
17  fax machine.   Larian instructed an MGA executive to white-out the fax header
18  showing it came from Mattel before sending it to an MGA lawyer.[15]   That copy also
19  had the contract's date of September 18, 2000 whited-out.[16]   Furthermore, after
20  Bryant began working with MGA, Bryant put "1998" dates on Bratz drawings --
21  dates that Bryant admitted were wrong.[17]   MGA then used the false dates on those

22
23

---

24   [14]   Corey Dec. ¶¶ 7-11, Exs. 9-19.
25   [15]   Trial Tr. (O'Connor) at 1327:23-1329:11.
26   [16]   TX 5904.
27   [17]   Carter Bryant's Responses to Mattel, Inc.'s Fifth Set of Requests for
      Admission to Carter Bryant, dated July 9, 2007, Response Nos. 27 and 29 at 25, 27-
28   28, Zeller Dec., Ex. 12.

07209/2744159.4

-8-

drawings in filings with the U.S. Copyright Office.[18]  And, in 2005, after he knew this suit had been filed, Farhad Larian, a former MGA executive and director who was still working as a paid consultant for MGA at the time, destroyed ten to twelve boxes of documents and numerous emails and computer files containing information about Bratz from the 2000 and 2001 time period.[19]  He intentionally did so to keep the documents from Mattel in this case.[20]

Nor have the Larians' attempts to subvert the judicial process been confined to this case.  In an email exchange, Farhad Larian confirmed that Isaac Larian had instructed him (Farhad) to falsely tell attorneys that certain original documents could not be found in an insurance claim suit involving MGA.[21]

Sixth, in addition to Bryant, MGA bribed at least another three Mattel employees to secretly work on virtually every Bratz doll that MGA ever produced -- misconduct that MGA continued for some five years, even after this lawsuit was filed.[22]    Specifically, from 2000 to 2005, MGA funneled millions of dollars in payments to its agents and contractors Veronica and Peter Marlow.[23]  Through the Marlows, MGA secretly paid three then-Mattel Design Center employees to work on hundreds of Bratz products over a five-year period -- and did so by paying them in cash and utilizing false names and false Social Security numbers to hide the

---

[18]   See Certificate of Registration VA 1-218-491 (Yasmin drawing), TX 511; Certificate of Registration VA 1-218-488 (Sasha drawing), TX 507; Certificate of Registration VA 1-218-487 (Jade drawing), TX 505; Certificate of Registration VA 1-218-490 (Cloe drawing), TX 509; Certificate of Registration VA 1-218-489 (Bratz group drawing), TX 513.

[19]   Deposition Transcript of Farhad Larian, Vol. 1 ("F. Larian Tr. Vol. 1"), dated February 4, 2008, at 53:10-16, 56:9-57:5, 65:25-67:2, Zeller Dec., Ex. 13.

[20]   F. Larian Tr. Vol. 1 at 56:12-57:2, Zeller Dec., Ex. 13.

[21]   Trial Tr. (F. Larian) at 3785:19-24; TX 13380.

[22]   Trial Tr. (Marlow) at 3672:21-3674:21, 3920:13-20.

[23]   Trial Tr. (Marlow) at 3649:20-3650:1.

MATTEL'S EX PARTE APPLICATION

EXHIBIT __1__

PAGE __14__

1   scheme.[24]  Even after this suit was filed in 2004, MGA continued its bribery of these

2   Mattel employees for another year.[25]  Yet, for over three years in discovery in this

3   action, MGA never disclosed these facts, despite Court Orders compelling MGA to

4   fully disclose its payments to Mattel employees.   MGA's illegal conduct was

5   exposed only in the course of Veronica Marlow's deposition in late December 2007

6   -- a deposition which MGA had long obstructed by repeated cancellations and

7   eventually had to be compelled.[26]

8        At their subsequent depositions, Peter Marlow and two of the employees

9   MGA had long bribed then all refused to answer hundreds of questions about the

10  misconduct by invoking the Fifth Amendment.[27]  In fact, Marlow alone asserted the

11  Fifth Amendment 140 times.[28]  The Ninth Circuit has consistently held that in civil

12  cases, courts may draw an adverse inference from refusals to testify based on the

13  Fifth Amendment.  SEC v. Colello, 139 F.3d 674, 677 (9th Cir. 1998) (citing Baxter

14  v. Palmigiano, 425 U.S. 308, 318 (1976); United States v. Solano-Godines, 120 F.3d

15  957, 962 (9th Cir. 1997).  A court also may draw an adverse inference against a

16  party based on a non-party's invocation where, as here, the relationship warrants it.

17  _____

18    [24]   Trial Tr. (Marlow) at 3673:5-3674:1.

19    [25]   Trial Tr. (Marlow) at 3670:5-22.

20    [26]   Mattel, Inc.'s Motion for Order Confirming that the Discovery Master Hears
21  and Resolves All Discovery Disputes, Including Those With Third Parties, dated
    December 13, 2007, at 5:18-6:4, Docket No. 1244.

22    [27]   Zeller Dec., ¶ 13 (and example deposition pages attached thereto as Exs. 14-
23  16).  See, e.g., Deposition Transcript of Peter Marlow, Vol. 1, dated May 2, 2008 at
    105:23-108:3, Zeller Dec., Ex. 14; Deposition Transcript of Ana Cabrera, dated May
24  2, 2008, at 179:8-181:16, Zeller Dec., Ex. 15; Deposition Transcript of Beatriz
25  Morales, dated April 29, 2008 at 197:21-201:5, Zeller Dec., Ex. 16.  MGA paid the
    attorney's fees for each of these witnesses, and Marlow was represented by MGA's
26  longtime counsel. As the Court will recall, Mr. Marlow attempted to claim at one
27  point, implausibly, that he did not to know who was paying his counsel.

    [28]   Zeller Dec., ¶ 13.
28

MATTEL'S EX PARTE APPLICATION

EXHIBIT ___

PAGE___ 15

1   See Libuti v. United States, 107 F.3d 110, 123 (2d Cir. 1997); In re Tableware
2   Antitrust Litigation, 2007 WL 781960 *4-5 (N.D. Cal., March 13, 2007).  Thus,
3   while the indisputable facts relating to this multi-year scheme alone point to
4   fraudulent conduct by MGA, well-settled law supports drawing an adverse inference
5   against MGA from the refusals to testify as well.

6       Seventh, as explained in further detail below, MGA stole Mattel trade secrets.
7   The three former Mattel employees who left to start MGA's Mexico City office took
8   thousands and thousands of pages of Mattel trade secrets with them.  When Mexican
9   law enforcement authorities executed a search warrant, they found these stolen
10  Mattel trade secret documents in MGA's Mexico City offices, and MGA produced
11  from its files in this case copies of some of the stolen trade secrets before Phase 2
12  discovery was stayed.[29]

13      Recently, with leave of this Court, Mattel deposed one of the three former
14  Mattel employees who formed MGA's division in Mexico, Gustavo Machado.
15  Separately, Mattel also took the deposition of another MGA manager and former
16  Mattel employee, Jorge Castilla, who had copied electronic files from Mattel's
17  computer servers, including Mattel's international strategic plan, and took them
18  when he left for MGA.  Both Mr. Machado and Mr. Castilla invoked their alleged
19  right against self incrimination and refused to answer questions at deposition.[30]  As
20  noted, under the law these refusals to testify support an adverse inference against
21  MGA.

22      Finally, the jury determined that MGA engaged in acts of fraudulent
23  concealment against Mattel.[31]  This finding is binding on MGA.  It was also amply

24

25  [29]  Second Amended Answer and Counterclaims ¶¶ 43-53.
26  [30]  Zeller Dec., ¶¶ 14-15 (and example deposition pages attached thereto as
27  Exhs. 17 and 18).
28  [31]  August 26, 2008 Jury Verdict Form at 8:4-7, 8:16-19, Zeller Dec., Ex. 10.

MATTEL'S EX PARTE APPLICATION
EXHIBIT _____

PAGE ___16___

1    supported by evidence showing MGA's efforts to mislead Mattel, the Government
2    and the courts about the genesis of Bratz.    Larian, for example, variously:
3    (1) identified himself, not Bryant, as the creator of Bratz; (2) claimed that he,
4    Larian, "was the inspiration behind the Bratz dolls";[32] (3) averred that he "modeled
5    the idea for Bratz after [his] own children who wear midriff-bearing shirts, low-rise
6    jeans and baseball caps";[33] (5) claimed that Bratz originated "after a challenge from
7    a Walmart Buyer to design and bring a product that will beat Barbie";[34] (4) stated it
8    was his son's "idea for Bratz;"[35] and (5) declared under penalty of perjury to the U.S.
9    Patent and Trademark Office that he personally -- and alone -- created the Bratz
10   removable feet,[36] even though both Bryant and Larian admitted that in reality Bryant
11   created that invention and had presented the removable feet to MGA.[37]    Indeed,
12   Bryant admitted at trial that he too -- at MGA's request -- submitted sworn
13   statements to the U.S. Patent and Trademark Office that included false dates.[38]
14   Larian further admitted that he did not personally -- and alone -- create the Bratz
15   packaging either, even though he had sworn under oath to the U.S. Patent and
16   Trademark Office that he had done so.[39]

17        This evidence speaks for itself, but additional evidence confirms that MGA's
18   statements were designed to deceive.  After Bryant left Mattel, Larian instructed
19   other MGA employees in an email that "[t]here must be no mention" of Bryant
20   
21   [32]   TX 947 at ¶ 8.
22   [33]   TX 4941 at TX 4941-0001.
23   [34]   TX 630-0001.
24   [35]   TX 6000 at TX 6000-0002.
25   [36]   See TX 500.
26   [37]   See TX 1 at TX 1-0004; see also Trial Tr. 2733:16-18.
27   [38]   Trial Tr. (Bryant) at 2597:22-2598:1.
28   [39]   Deposition Transcript of Isaac Larian, Vol. II ("Larian Tr. Vol. II"), dated
     March 26, 2008, at 470:8-471:20, Zeller Dec., Ex. 19; TX 615.

MATTEL'S EX PARTE APPLICATION
EXHIBIT  2

PAGE   12

1  outside MGA.[40]  Similarly, MGA employee Dee Dee Valencia wrote to Larian,

2  without contradiction by Larian, that "I know we want to keep Carter under

3  wraps".[41]  A later document identifying MGA employees who came from Mattel

4  listed Bryant's dates of employment at MGA as "????-PRESENT" and his Mattel

5  dates as "DON'T ASK."[42]  Rachel Harris, a then-MGA employee, testified at trial

6  that MGA executive Paula Garcia told her in October 2000 that they were not to

7  mention that Bryant was coming to MGA for a meeting because he was still

8  employed by Mattel and that Mattel would be upset if it knew.[43]  Harris also

9  testified that Larian told MGA employees that they were not to mention Bryant's

10 involvement "outside of MGA"[44] and that Larian said, if asked, he planned to say

11 either that he came up with Bratz or that the inspiration came from his daughter.[45]

12 And, as shown above, that was what Larian in fact subsequently did.[46]

13        There is abundant indicia of fraudulent -- and, at best, highly questionable --

14 conduct by MGA and Larian that meets the standards which other courts have found

15 sufficient under this factor.[47]  This factor weighs heavily in favor of a receiver.

16 ————————————

17    [40]   TX 4507-0001.

18    [41]   TX 4942-0001.

19    [42]   TX 1932 at MGA 1134726-20.

20    [43]   Trial Tr. 2375:22-25, 2377:7-24. Harris testified that Mercedeh Ward, who
   was in charge of engineering for Bratz at MGA, also told Harris that she should not
21 say anything about Bryant's involvement with Bratz "outside of MGA." Trial Tr.
   2378:12-2379:16, 2381:17-2382:4.
22
      [44]   Trial Tr. 2382:13-2383:9.
23
      [45]   Trial Tr. 2388:15-2389:6.
24
      [46]   MGA admitted that there was no public statement recognizing Bryant as
25 Bratz's creator until July 18, 2003, when the Wall Street Journal published an article
   saying so.  Trial Tr. 1572:9-19.
26
      [47]   See, e.g., Chase Manhattan Bank v. Turabo Shopping Ctr., Inc., 683 F.2d 25,
27 26-27 (1st Cir. 1982) ("evidence [of] unfair and arguably fraudulent dealing"
28 sufficient on factor); Brill & Harrington Investments v. Vernon Sav. and Loan
   (footnote continued)

07209/2744159.4

-13-

**B.     Mattel's Property Interests Are At Risk.**

1    MGA's claimed dire financial condition increases the risk that profits from
2 Bratz sales will be concealed or dissipated. See New York Life Ins. Co., 755 F.
3 Supp. at 292 (receivership appropriate where defendant was experiencing financial
4 difficulty and adequacy of security was doubtful); World Fuel Services Corp., 229
5 F. Supp. 2d at 589 (that defendant's "financial condition since entry of judgment has
6 dramatically deteriorated" favored receivership). But, whether or not MGA's latest
7 prognostications of financial doom are credited, entrusting MGA with the task of
8 identifying the revenues and profits attributable to Bratz and preserving them so that
9 Mattel can be paid its damages award is as unworkable as the royalty remedy
10 previously rejected by the Court. (Order at 15).

11    Absent the appointment of a receiver, there is also a very real danger that
12 Mattel's intellectual property will be damaged or impaired because MGA may have
13 neither the incentives nor resources to maintain it. If MGA's claims of financial
14 hardship and unwilling suppliers are to be credited, the quality of the Bratz products
15 embodying Mattel's intellectual property may suffer; bringing inferior products to
16 market would damage the value of Bratz and thus cause irreparable harm.[48]  MGA

---

Ass'n, 787 F. Supp. 250, 254 (D.D.C. 1992) (finding, as basis for appointment of receiver, defendants' "financial condition, if not precarious, is at least suspect" and that "it is likely that they are in no financial position to give assurance that they are now and will remain fully able to reply the amounts owed."); New York Life, 755 F. Supp. at 292 (showing that "the financial strength of the defendants is at least doubtful" is sufficient to favor appointment of receiver). As this also makes clear, smoking gun proof of actual fraud is not required to support a district court's discretionary decision to appoint a receiver.

[48]    See Processed Plastic Co. v. Warner Communications, Inc., 675 F.2d 852, 858 (7th Cir. 1982) ("The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendant's goods. Even if the infringer's products are of high quality, the plaintiff can properly insist that its reputation should not be imperiled by the acts of another.").

07209/2744159.4

MATTEL'S EX PARTE APPLICATION

EXHIBIT 1

PAGE  19

1    also has little incentive—and may lack the financial resources—to prevent third

2    parties from infringing, diluting, tarnishing or otherwise irreparably damaging the

3    value of Mattel's intellectual property during any appeal.  MGA could fail to renew

4    registrations[49] or attempt to encumber Mattel's rights through transactions with third

5    parties.   It may be tempted by transactions that maximize short-term gain but

6    damage Mattel's property in the long term.  Knowing that it is likely to lose control

7    of Bratz rights, MGA does not have the incentives it once had to maintain these

8    properties for Mattel's benefit or to prevent third parties from damaging their value.

9        For example, The evidence is more than sufficient to allow the Court to

10   conclude that Mattel's property is in real danger of dissipation and that it will never

11   receive any amount of damages award it is owed.

12       **C.   Legal Remedies Are Not Adequate**

13       MGA itself has argued to the Court that it is currently in financial extremis,

14   and may not exist past December 31, 2008.  MGA claims that that its imminent

15   demise is due to a handful of orders that will supposed be cancelled by or soon after

16   December 31, 2008, even though at trial it attributed the decline of the Bratz brand

17   to loss of market share due to competing products,[50] and is more likely a result of

18   excess debt and the fact that Mr. Larian and family members have siphoned money

19   from the company for years.[51]  The Court does not have to determine causation,

20   however.  MGA claims to be on the brink of destruction.  It cannot therefore deny

21

22

---

23   [49]   For example, the United States and other countries require that a trademark
     registrant periodically submit affidavits of continued use and pay renewal fees to
24   maintain trademark registrations.  See, e.g., 15 U.S.C. § 1058; Declaration of Dylan
     Proctor, dated December 23, 2008 and previously submitted to the Court, Exhs. 21-
25   22.  MGA could fail to comply with these requirements and thereby forfeit Mattel's
26   rights.

27   [50]   Trial Tr. (Larian) at 6252:19-6253:12.

28   [51]   Wagner Dec. ¶ 14 and Ex. G; Corey Dec. ¶¶ 7-11, Exs. 9-19.

MATTEL'S EX PARTE APPLICATION

EXHIBIT____1____

PAGE____20____

1  that Mattel's legal remedy--of waiting for months or longer to execute on a judgment

2  based on the verdict that it does have and then proceed though another trial of the

3  Phase 2 claims that may take more than a year--is inadequate.

4       **D.**    <u>**Mattel's Probable Success Is High (And Already Established), And**</u>

5           <u>**Mattel's Faces The Serious Prospect Of Irreparable Injury**</u>

6       Mattel has already succeeded in Phase 1, subject to certain post-trial briefing,

7  so Mattel's probability of success is high.

8       Mattel has Phase 2 claims for RICO and trade secret theft, among others, to

9  be tried as well.  On these, Mattel's likelihood of success is high.  For example,

10  Mattel's RICO and trade secret claims are based on allegations that MGA has, in

11  both the United States and Mexico, misappropriated and used Mattel trade secrets.

12  In Mexico, criminal authorities executed a search warrant on MGA's Mexico City

13  offices and discovered electronic media and paper documents that had been taken

14  from the offices of Mattel's Mexico subsidiary and copied from Mattel's computer

15  systems in the United States and in Mexico.  These electronic and paper documents

16  included Mattel's earliest, pre-release line lists, customer pricing, profit margin and

17  profitability information, customer and licensee lists, among other things.[52]

18       The adverse inferences that may be drawn from MGA's invocation of the

19  Fifth Amendment confirms that Mattel's trade secrets were stolen.  Machado, an

20  MGA executive and defendant in this action, was deposed on this subject on

21  October 14, 2008, but repeatedly invoked his ostensible privilege against self

22  incrimination as noted above and refused to respond to any substantive question

23  about the theft or use of Mattel's trade secrets.  In addition, Castilla, a current MGA

24  manager and former Mattel employee, created an electronic folder titled "To Take"

25  on his computer and filled it with confidential and proprietary Mattel files, including

26  Mattel's International Strategic Plan.  As also noted above, when Mr. Castilla was

27

28    [52]  Second Amended Answer and Counterclaims ¶¶ 48-53.

MATTEL'S EX PARTE APPLICATION

**EXHIBIT** _1_

**PAGE** _21_

1  deposed on October 22, 2008, he repeatedly invoked his alleged right against self

2  incrimination and refused to provide substantive answers to Mattel's questions about

3  his theft.

4       **E.**     **Mattel's Interests Will Be Well-Served By The Appointment, And**

5           **It Is Highly Probable That Harm To Mattel By Denial Of**

6           **Appointment Would Outweigh Injury To Defendants**

7       MGA has no legitimate claim of cognizable injury from the appointment of a

8  receiver.  Mattel suggests the appointment of a receiver with experience in the toy

9  industry, to operate the company under the guidance of the Court and without

10  shareholder interference, to maximize MGA's long term profits and viability.  MGA

11  may not claim injury when the sole charter is to preserve its assets and long-term

12  existence.  To the contrary, MGA, its shareholders and employees should welcome

13  such a receiver, given that the current executive staff is responsible for MGA's

14  apparent impeding financial crisis.

15  **III.  ALTERNATIVELY, EXPEDITED DISCOVERY SHOULD BE**

16        **ORDERED**

17       "[T]he form and quantum of evidence required on a motion requesting the

18  appointment of a receiver is a matter of judicial discretion."  12 Wright, Miller &

19  Marcus, Federal Practice and Procedure 2d § 2983.  Mattel respectfully submits that

20  the existing evidence is sufficient to warrant the appointment of a receiver.

21  However, as the Court is aware, Mattel's pre-trial discovery efforts into MGA's

22  financials were significantly thwarted.[53]  Then, during Phase 1B trial, MGA and

23  Larian radically revised even what little they had disclosed and offered entirely new

24  financial information.  This was then followed by MGA's attempts to retreat from

25  its own sworn statements in opposing Mattel's injunction, only to be promptly

26  contradicted by MGA's current (and wholly conclusory and inconsistent) claims

27

28  [53]  Trial Tr. at 5957:22-5958:20.

MATTEL'S EX PARTE APPLICATION

EXHIBIT  1

PAGE  22

1  about its financial status.  Nor has MGA produced its actual financial records,[54] and

2  Mattel has never had the opportunity to take discovery into that information or into

3  subsequent events involving MGA's finances.[55]

4      Accordingly, in the event that the Court believes that additional evidence is

5  appropriate or necessary before proper consideration of Mattel's application, Mattel

6  requests in the alternative expedited discovery regarding MGA's and Larian's

7  finances.  Such discovery should include (without limitation) the depositions of

8  Isaac Larian, Farhad Larian, the other officers and agents of IGWT, Omni,

9  Lexington, their various affiliates and any other persons or entities doing business

10  with them and any other person or entity with knowledge of the pertinent facts.  It

11  also should include (without limitation) the production of complete records showing

12  the sources of all funds and credit to MGA, the identity of IGWT, Omni and

13  Lexington, the arrangements that MGA and the Larians have with these and other

14  creditors, their current net worth and assets, transactions between MGA and/or Isaac

15  Larian and any person or company owned, in whole or in part, by Mr. Larian or

16  persons related to him.

17

18

19

20

21

22

23

24

25      [54] See, e.g., Federal Sav. & Loan Ins. Corp. v. Dixon, 835 F.2d 554, 566 (5th Cir.

26  1987) (recognizing adverse inference permissible based upon defendants' failure to

27  provide information regarding net worth to assist court in fashioning injunction).

28      [55]  Zeller Dec., ¶ 16.

07209/2744159.4

-18-

1 **Conclusion**

2     For the foregoing reasons, Mattel respectfully requests that the Court appoint

3 a receiver. In the alternative, the Court should grant Mattel expedited discovery into

4 MGA's and Larian's finances.

5

6 DATED: December 28, 2008     QUINN EMANUEL URQUHART OLIVER &

7     HEDGES, LLP

8     By /s/ Michael T. Zeller

9     Michael T. Zeller
    Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MATTEL'S EX PARTE APPLICATION

EXHIBIT __1__

PAGE __24__

# Exhibit 2

# EXHIBIT FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# Exhibit 3

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8             UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                 EASTERN DIVISION

| 11 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|---|
| 12 | Plaintiff, | Consolidated with |
| 13 | vs. | Case No.    CV 04-09059<br>Case No.    CV 05-2727 |
| 14 | MATTEL, INC., a Delaware corporation, | **NOTICE OF LODGING EXPEDITED DISCOVERY REQUESTED IN CONNECTION WITH MATTEL, INC.'S *EX PARTE* APPLICATION FOR RECEIVER** |
| 15 | | |
| 16 | Defendant. | |
| 17 | AND CONSOLIDATED ACTIONS | Hearing Date:   January 5, 2009<br>Time:              10:00 a.m.<br>Place:             Courtroom 1 |
| 18 | | |
| 19 | | **Phase 1C** |

20

21

22

23

24

25

26

27

28

07209/2744411.1

EXHIBIT __3__  NOTICE OF LODGING

PAGE __31__

1   TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

2   RECORD, PLEASE TAKE NOTICE that Mattel, Inc. ("Mattel") hereby lodges

3   with the Court a list identifying the expedited discovery that Mattel, Inc. requests

4   (Exhibit A) for the Court's consideration in connection with Mattel's Ex Parte

5   Application for a Receiver

6   DATED:  January 4, 2009          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
7

8
                                     By  /s/ Jon Corey
9                                       Jon Corey
                                        Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2744411.1

-2-

EXHIBIT NOTICE OF LODGING **3**

PAGE ____ **32**

## Exhibit A

1.    All monthly, quarterly and annual financial statements of MGA and any subsidiary of MGA covering any period during 2007, 2008 or 2009, audited and unaudited, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

2.    All agreements with any lenders to MGA or any subsidiary of MGA, currently in effect, dated or entered into in 2007, 2008 or 2009, including loan agreements, financing agreements, lines of credit, promissory notes, etc., and any amendments or modifications thereto, and any notices of default and correspondence related to any such agreements.

3.    All documents reflecting or constituting orders for Bratz products for Fall 2009.

4.    All monthly communications with retailers and other prospective purchasers of Bratz products concerning orders or potential orders for Bratz products for Fall 2009.

5.    All documents reflecting or confirming cancellation of orders for Bratz products for Fall 2009.

6.    All documents reflecting, relating or referring to any transfers of any value, by MGA or any subsidiary of MGA to, or for the benefit of, Isaac Larian, any member of Isaac Larian's family or any entity controlled by any member of Isaac Larian's family, since January 1, 2008.

7.    All records of capital contributions to MGA or to any subsidiary of MGA since January 1, 2008.

8.    All documents showing MGA's projected revenue, costs, profits or financial performance for any period in 2009.

07209/2744411.1

-3-

EXHIBIT __NOTICE OF LODGING__

PAGE _____ 33

1    9.    All documents related to any transaction between (i) MGA, and (ii)

2  Isaac Larian, any Isaac Larian family member or any entity controlled by Isaac

3  Larian, since January 1, 2008.

4    10.    All documents relating to any transfer, by MGA or any subsidiary of

5  MGA, of Bratz products having a value greater than $50,000 other than to retailers

6  or distributors in the ordinary course of business since, January 1, 2008.

7    11.    All documents relating to transactions between MGA and IGWT

8  Group, LLC.

9    12.    All documents showing the disposition of and revenue generated by

10  IGWT Group, LLC's  sales of Bratz products.

11    13.    All agreements and written communications between MGA and

12  Wachovia since June 1, 2008.

13    14.    All documents relating to transactions between MGA and Omni 808

14  Investors, LLC.

15    15.    Deposition of Isaac Larian.

16    16.    Deposition of Brian Wing.

17

18

19

20

21

22

23

24

25

26

27

28

07209/2744411.1

-4-

EXHIBIT NOTICE OF LODGING

PAGE _____ 34

# Exhibit 4

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CENTRAL        CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Lexington Financial, LLC, Attn: Fred Mashian
    2776 Casiano Drive
    Los Angeles, CA 90077

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | **DATE AND TIME** |
| | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | February 16, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /s/ | |
| Attorney for Plaintiff, Mattel, Inc. | January 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017  (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT ___4___

PAGE ___35___

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 31, 2009 9:30 am | 2766 CasianoDrive |
| SUBPOENA RE DEPOSITION | | Los Angeles, CA 90077 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Fred Mashian, agent | personal | $40.00 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark Shurlock | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | February 2, 2009 | |
|---|---|---|
| | DATE | SIGNATURE OF SERVER |

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026

ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e). as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT ___4___

PAGE ___36___

2-2.

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA Entertainment, Inc., or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA"), and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Lexington Financial since January 1, 2007.

5.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

6.      All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

7.      All documents detailing or setting forth the relationship between Lexington Financial and OmniNet Capital, LLC, Omni 808, Vision Capital and/or MGA, if any.

8.      All documents detailing or setting forth the relationship between Lexington Financial and Isaac Larian or his family members, if any. As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly

07209/2771172.1

1

EXHIBIT __4__

PAGE __32__

Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

9. All documents referring or relating to the source of funding or credit for Vision Capital, Omni 808 and/or MGA.

10. All documents detailing or setting forth the relationship between, on the one hand, Vision Capital or Omni 808, on the one hand, and Isaac Larian or his family members, on the other hand.

11. All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

12. All documents showing detail of loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac Larian or his family members.

13. All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington Financial to Isaac Larian, his family members, or any other related party, including MGA Entertainment, Inc.

14. Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

15. All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

16. All communications referring or relating to Lexington Financial, Omni 808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

17. All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest allegedly reflected therein.

18. Documents sufficient to show each and every entity or business in which Lexington Financial has an interest or role or over which Lexington Financial has control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

19. All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned

07209/2771172.1

2

EXHIBIT ___4___

PAGE ___38___

or controlled by Isaac Larian or his family members and that also involves Lexington Financial, or any entity or business that Lexington Financial owns or controls.

      20.    To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of Lexington Financial's relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

07209/2771172.1

3

EXHIBIT __*4*__

PAGE __*39*__

# EXHIBIT 1

EXHIBIT __4__

PAGE __40__

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
FRED MASHIAN
3102747601

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230830002
FILING NUMBER: 00-7170419100
FILING DATE: 09/29/2006 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1525 SOUTH BROADWAY | LOS ANGELES | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4588296   ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4SD | UK |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200721610026.

5. ALT DESIGNATION: ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS
Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)
[ADDITIONAL FEE]   [optional]  ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY

EXHIBIT ___4___

PAGE ___41___

# Exhibit 5

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____ ● CENTRAL _____     _____ CALIFORNIA _____

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]   CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Fred Mashian
    2776 Casiano Drive
    Los Angeles, CA 90077

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | **DATE AND TIME** |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | February 16, 2009 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Jon Corey /JH_  Attorney for Plaintiff, Mattel, Inc. | January 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page.)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___5___

PAGE ___42___

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 31, 2009 9:30 am | 2766 CasianoDrive |
| SUBPOENA RE DEPOSITION | | Los Angeles, CA 90077 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Fred Mashian | personal | $40.00 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark Shurlock | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     February 2, 2009
                DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
  The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT ____5____

PAGE ____43____

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA Entertainment, Inc., and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Lexington Financial or Vision Capital since January 1, 2007.

5.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

6.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital and (b) the dates of such person's affiliation with Vision Capital.

7.      All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

8.      All documents referring or relating to the formation and governance of Vision Capital, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Delaware Corporations LLC, and (b) any bank accounts, credit

1

EXHIBIT ___5___

PAGE ___44___

cards or other financial instruments used in connection with the activities set forth in (a).

9.   All documents detailing or setting forth the relationship between Lexington Financial and OmniNet Capital, LLC, if any.

10.   All documents detailing or setting forth the relationship between Lexington Financial and Omni 808 or Vision Capital, if any.

11.   All documents detailing or setting forth the relationship between Lexington Financial and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA Entertainment, Inc., if any.

12.   All documents detailing or setting forth the relationship between Lexington Financial and Isaac Larian or his family members, if any.  As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

13.   All documents referring or relating to the source of funding or credit for Vision Capital.

14.   All documents detailing or setting forth the relationship between Vision Capital and Isaac Larian or his family members.

15.   All documents referring or relating to the source of funding or credit for Omni 808.

16.   All documents detailing or setting forth the relationship between Omni 808 and Isaac Larian or his family members.

17.   All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

18.   All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

19.   All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac Larian or his family members.

20.   All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington

EXHIBIT _5_

PAGE _45_

Financial to Isaac Larian, his family members, or any other related party, including MGA
Entertainment, Inc.

      21.     Any and all records that substantiate transfers of assets by Lexington Financial
to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

      22.     All documents referring or relating to any contract, transaction or
relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision
Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

      23.     All communications referring or relating to Lexington Financial, Omni
808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

      24.     All documents referring or relating to the U.C.C. financing statement
attached as Exhibit 1 and/or the security interest allegedly reflected therein.

      25.     Documents sufficient to show each and every entity or business in which
you have an interest or role or over which you have control and in which Isaac Larian, or his
family members, have any interest or role or over which Isaac Larian, or his family members,
have control.

      26.     All documents referring or relating to any transfer, payment, credit, loan
or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned
or controlled by Isaac Larian or his family members and that also involves you, or any entity or
business that you own or control.

      27.     To the extent not produced in response to any other Request, documents
sufficient to show the nature, extent and timing of your relationship to or with Isaac Larian, his
family members, or any entity or business owned or controlled by Isaac Larian or his family
members.

3

EXHIBIT _5_

PAGE _46_

# EXHIBIT 1

EXHIBIT __5__

PAGE __47__

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
FRED MASHIAN
3102747001

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 19230630002
FILING NUMBER: 08-7170410100
FILING DATE: 09/26/2008 14:20
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| 1515 SOUTH BROADWAY | LOS ANGELES | | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4583295  ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| | | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4SD | UK |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200812610026.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

EXHIBIT ___5___

PAGE ___48___

# Exhibit 6

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 6, 2009

**VIA FACSIMILE AND U.S. MAIL**

Todd E. Gordinier, Esq.
Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:     Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I am writing to inquire whether you will agree to accept service of a subpoena on behalf of your client, Neil Kadisha.  Mattel has repeatedly attempted to serve Mr. Kadisha, both at his home and his office, since January 23, 2009.  On each occasion, however, service has been refused because Mr. Kadisha has allegedly been "out of town" over this entire time period.

Please let me know if you will accept service for Mr. Kadisha.  If not, and if Mr. Kadisha's evasion of service continues, Mattel will raise this matter with the Court.

I look forward to hearing from you.

Best regards,

*Jon Corey /SH*

Jon Corey

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2789520.1

EXHIBIT _____ *6*

PAGE _____ *49*

# Exhibit 7

## Stephen Hauss

| | |
|---|---|
| **From:** | Gordinier, Todd E. [todd.gordinier@bingham.com] |
| **Sent:** | Monday, February 09, 2009 8:45 AM |
| **To:** | Stephen Hauss; Villar, Peter N. |
| **Cc:** | Jon Corey; Michael T Zeller |
| **Subject:** | RE: Mattel, Inc. v. MGA Entertainment, Inc. |

I have your letter.  Mr. Kadisha is, in fact, out of the country, but I have asked for authority to accept service on his behalf and will let you know when I hear back.  Best, Todd

Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

**B I N G H A M**
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

---

**From:** Stephen Hauss [mailto:stephenhauss@quinnemanuel.com]
**Sent:** Friday, February 06, 2009 4:41 PM
**To:** Gordinier, Todd E.; Villar, Peter N.
**Cc:** Jon Corey; Michael T Zeller
**Subject:** Mattel, Inc. v. MGA Entertainment, Inc.

Counsel:

Please see the attached correspondence from Jon Corey, dated February 6, 2009.

Best regards,

Stephen Hauss
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3436
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  stephenhauss@quinnemanuel.com
Web:  www.quinnemanuel.com

EXHIBIT ___7___

PAGE ___50___

======================================================================
Bingham McCutchen LLP Circular 230 Notice:    To ensure compliance with IRS requireme
The information in this e-mail (including attachments, if any) is considered confide
======================================================================

EXHIBIT ___7___

PAGE ___51___

# Exhibit 8

**RECEIVED**

FEB 0 6 2009

1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
     & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
5  Los Angeles, California 90067
   Telephone:  310-553-3000
6  Facsimile:   310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:   310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT

13            CENTRAL DISTRICT OF CALIFORNIA

14                   EASTERN DIVISION

15

16 CARTER BRYANT, an individual    )  Case No. CV 04-9049 SGL (RNBx)
                                   )
17              Plaintiff,          )  Consolidated with
                                   )  Case No. 04-09059
18 v.                              )  Case No. 05-02727
                                   )
19 MATTEL, INC., a Delaware        )  **RESPONSES TO REQUESTS FOR**
   Corporation                     )  **DOCUMENTS AND THINGS TO**
20                                 )  **MGA ENTERTAINMENT, INC.**
                Defendant.         )  **(PHASE 2)**
21                                 )
                                   )
22                                 )
   AND CONSOLIDATED ACTIONS        )
23                                 )

24

25

26

27

28
665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT __8__

PAGE __52__



1       The General Response set forth herein applies to all responses that MGA is

2   providing in response to these requests for production (the "Requests") or may in the

3   future provide in response to any discovery request in this action.  The Response is

4   made without waiving, or intending to waive but, on the contrary, expressly

5   reserving:  (a) the right to object, on the grounds of competency, privilege, relevancy

6   or materiality, or any other proper grounds, to the use of the Response, for any

7   purpose in whole or in part, in any subsequent step or proceeding in this action or any

8   other action; (b) the right to object on any and all grounds, at any time, to other

9   requests for production or other discovery procedures; and (c) the right at any time to

10  revise, correct, add to, or clarify any of the responses propounded herein.

11      The Response reflects only the present state of MGA's discovery regarding the

12  information that Mattel seeks.  Discovery for Phase Two and other investigation or

13  research concerning this litigation are continuing.  It is anticipated that further

14  discovery, independent investigation, and legal research and analysis will supply

15  additional facts and meaning to the known facts, as well as establish entirely new

16  factual conclusions, all of which may lead MGA to discover other information

17  responsive to these Requests.  MGA therefore reserves the right to amend or

18  supplement this Response at any time in light of future investigation, research or

19  analysis, and also expressly reserves the right to rely on, at any time, including trial,

20  subsequently discovered information omitted from this Response as a result of

21  mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

22  acquiesce in any factual or legal contention, assertion or characterization contained in

23  the Requests or any particular request therein, even where MGA has not otherwise

24  objected to a particular request, or has agreed to provide information responsive to a

25  particular request.

26      No incidental or implied admissions are intended by this Response.  These

27  responses should not be taken as an admission that MGA accepts or admits the

28  existence of any facts set forth or assumed by any instruction, definition or request.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ____ *8*

PAGE ____ *53*

## GENERAL OBJECTIONS

MGA responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1.      MGA objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2.      MGA objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3.      MGA objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4.      MGA objects to these Requests to the extent they seek the disclosure of information (1) not currently within its possession, custody or control; (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to MGA.

5.      MGA objects to these Requests to the extent they are overbroad and unduly burdensome.

6.      MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

66596v2

EXHIBIT __8__

PAGE __54__

*Law Offices*
*GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP*
*10250 CONSTELLATION BOULEVARD*
*NINETEENTH FLOOR*
*LOS ANGELES, CALIFORNIA 90067*
*310-553-3000*

1        7.    MGA objects to the following definitions in these Requests:

2        (a)    MGA objects to the definition of the term "BRATZ"

3   (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and

4   designed to mislead and confuse the trier of fact. The definition includes "any

5   project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

6   or in part and regardless of what such project, product or doll is or has been also,

7   previously or subsequently called) and any product, doll or DESIGN or any portion

8   thereof that is now or has ever been known as, or sold or marketed under, the name or

9   term 'Bratz' (whether in whole or in part and regardless of what such product, doll or

10  DESIGN or portion thereof is or has been also, previously or subsequently called) or

11  that is now or has ever been marketed as part of the 'Bratz' line, and each version or

12  iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By

13  incorporating the definition of DESIGN, the overly broad definition of BRATZ

14  includes two-dimensional and three-dimensional representations, including "works,

15  designs, artwork, sketches, drawings, illustrations, representations, depictions,

16  blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

17  rotocasts, reductions to practice, developments, inventions and/or improvements . . .

18  ." (Definitions, ¶ E, F.) These convoluted and multi-part definitions combine to

19  render the requests vague, ambiguous and overly broad, and to include within the

20  term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and

21  related products that are the subject of this case. In responding to these requests,

22  MGA will interpret the term BRATZ to mean the line of dolls introduced by MGA to

23  the market for sale in May or June of 2001 and subsequent dolls, accessories and

24  other products known as Bratz or associated by MGA with the Bratz line of dolls.

25       (b)    MGA objects to the terms "any" and "REFER OR RELATE

26  TO" (Definitions ¶ I) on the grounds and to the extent that they are overbroad, unduly

27  burdensome or are vague and ambiguous in the context of the requests as written and

28  as those requests would be plainly understood absent Mattel's definitions.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

3

EXHIBIT _8_

PAGE _55_

1           (c)    MGA objects to the terms "IDENTIFY" or "IDENTITY"

2 (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and

3 oppressive. Mattel's definition of these terms inherently call for answers to multiple

4 discrete questions or subparts to questions. For example, when those terms are used

5 to reference any individual, the use of those terms requests at least 7 different and

6 distinct facts: (a) such individual's name; (b) such individual's current or last known

7 business title; (c) such individual's current or last known business affiliation; (d) such

8 individual's current or last known relationship to MGA; (e) such individual's current

9 or last known residential address; (f) such individual's current or last known business

10 address; (g) such individual's current or last known telephone number.  When those

11 terms are used to reference any business entity, the use of those terms requests at least

12 4 different and distinct facts: (a) such entity's full name; (b) state (or country) of

13 incorporation or organization; (c) such entity's present or last known address; (d) such

14 entity's present or last known telephone number.   Therefore, any request that

15 includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily

16 compound and should be posed as separate requests.

17        8.    MGA objects to these request to the extent that they may unfairly

18 seek to restrict the facts on which MGA may rely at trial.  Discovery has not been

19 completed and MGA is not yet necessarily in possession of all the facts and

20 documents upon which MGA intends to rely.  All of the responses submitted herewith

21 are tendered to Mattel with the reservation that the responses are submitted without

22 limiting the evidence on which MGA may rely to support the contentions and

23 defenses that MGA may assert at the trial of this action and to rebut or impeach the

24 contentions, assertions and evidence that Mattel may present.  MGA reserves the right

25 to supplement or amend these responses at a future date.

26        9.    MGA objects to each request to the extent that it seeks

27 information that will be the subject of expert witness testimony and that is therefore

28 premature.

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT **8**

PAGE **56**

1          10.    MGA objects to each request to the extent that it seeks the

2  disclosure of confidential, proprietary, or trade-secret information.

3          11.    MGA objects to each request to the extent that it calls for a legal

4  conclusion.

5          12.    MGA reserves the right to object on any ground at any time to

6  such other and supplemental discovery requests as Mattel may propound involving or

7  relating to the same subject matter of these request.

8          13.    The responses below shall not be construed as an admission as to

9  the relevance or admissibility of any statement or characterization contained in any

10  request.  MGA reserves all objections, including without limitation objections as to

11  competency, relevance, materiality, privilege, authenticity, or admissibility.

12          14.    In responding to these Requests, MGA has not and will not

13  comply with any instructions or definitions that seek to impose requirements in

14  addition to those imposed by the Federal Rules of Civil Procedure and any applicable

15  local rule.

16          **SPECIFIC OBJECTIONS AND RESPONSES**

17  **REQUEST FOR PRODUCTION NO. 1**

18      All YOUR audited and unaudited monthly, quarterly and annual financial

19  statements covering or RELATING TO any period on or after January 1, 2007,

20  including without limitation balance sheets, income statements, profit and loss

21  statements, consolidated statements of operations, cash flow statements and

22  statements of retained earnings.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

24      MGA incorporates by reference its General Objections as though fully set forth

25  herein.  MGA further objects on the grounds that this request calls for the production

26  of documents that are not limited to the subject matter of this action and not relevant

27  to any claim or defense in the pending litigation or reasonably calculated to lead to

28  the discovery of admissible evidence.  The request appears designed to circumvent

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT    **8**

PAGE    **57**

1  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

2  the auditor's costs in the first instance.  <u>See</u> January 7, 2009 Larson Order Appointing

3  Forensic Auditor.

4      MGA further objects to this request on the grounds that it is compound.  MGA

5  further objects to the request to the extent it violates the privacy rights of third parties

6  to their private, confidential, proprietary or trade secret information.

7      MGA also objects to this request on the grounds that it is overbroad, including,

8  without limitation, in that it would extend to any MGA financial statement relating to

9  any period on or after January 1, 2007, without regard to whether such documents are

10  at all relevant to any claim or defense at issue herein.  MGA further objects to this

11  request on the grounds that it is vague and ambiguous in its use of the term "financial

12  statements."  Mattel has not demonstrated how *all* MGA's audited and unaudited

13  monthly, quarterly and annual financial statements could be relevant to the claims and

14  defenses in this action, let alone established that the relevancy of these documents

15  outweighs the individual's fundamental right of privacy.  MGA further objects to this

16  request on the ground that the term RELATING TO renders the request vague,

17  ambiguous, overly broad and unduly burdensome.  MGA further objects to the

18  request to the extent that it seeks documents that by reason of public filing, public

19  distribution or otherwise are already in Mattel's possession or are readily accessible to

20  Mattel.  MGA further objects to this request to the extent that it seeks documents not

21  in MGA's possession, custody or control.  MGA also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive information,

23  the disclosure of which would be inimical to the business interests of MGA.  MGA

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-product

26  doctrine, joint defense or common interest privilege, or other privilege.

27

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT  **8**

PAGE  **58**

1    MGA further objects to this request as cumulative and duplicative to the extent
2    that it seeks documents previously requested by Mattel or produced by MGA in
3    response to Mattel's document requests.

4    **REQUEST FOR PRODUCTION NO. 2**

5    All agreements and contracts with any lenders to or creditors of MGA covering,
6    RELATING TO, in effect, dated or entered into on or after January 1, 2007, including
7    without limitation loan agreements, credit agreements, financing agreements, lines of
8    credit and promissory notes, and any amendments or modifications thereto, and any
9    notices of default and COMMUNICATIONS REFERRING OR RELATING TO any
10   such agreements and contracts.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

12   MGA incorporates by reference its General Objections as though fully set forth
13   herein. MGA further objects on the grounds that this request calls for the production
14   of documents and communications that are not limited to the subject matter of this
15   action and not relevant to any claim or defense in the pending litigation or reasonably
16   calculated to lead to the discovery of admissible evidence.

17   MGA further objects to this request on the grounds that it is compound. MGA
18   further objects to the request to the extent it violates the privacy rights of third parties
19   to their private, confidential, proprietary or trade secret information.

20   MGA also objects to this request on the grounds that it is overbroad, including,
21   without limitation, that it would extend to *any* agreements and contracts with *any*
22   lenders to or creditors of MGA and *any* communications referring or relating thereto,
23   without regard to whether such communications are at all relevant to any claim or
24   defense at issue herein. MGA further objects to this request on the grounds that it is
25   vague and ambiguous in its use of the terms "lenders," "creditors," "agreements," and
26   "contracts." Mattel has not demonstrated how *all* agreements and contracts with any
27   lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered
28   into on or after January 1, 2007, and *any* notices of default and COMMUNICATIONS

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT **8**

PAGE **59**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  REFERRING OR RELATING TO any such agreements and contracts could be
2  relevant to the claims and defenses in this action, let alone established that the
3  relevancy of these documents and communications outweighs the individual's
4  fundamental right of privacy. MGA further objects to this request on the ground that
5  the terms COMMUNICATIONS, REFERRING OR RELATING TO render the
6  request vague, ambiguous, overly broad and unduly burdensome. MGA further
7  objects to the request to the extent that it seeks documents that by reason of public
8  filing, public distribution or otherwise are already in Mattel's possession or are
9  readily accessible to Mattel. MGA further objects to this request to the extent that it
10 seeks documents not in MGA's possession, custody or control. MGA also objects to
11 this request on the grounds that it seeks confidential, proprietary or commercially
12 sensitive information, the disclosure of which would be inimical to the business
13 interests of MGA. MGA also objects to this request to the extent it calls for the
14 disclosure of attorney-client privileged information or information protected from
15 disclosure by the work-product doctrine, joint defense or common interest privilege,
16 or other privilege.
17      MGA further objects to this request as cumulative and duplicative to the extent
18 that it seeks documents previously requested by Mattel or produced by MGA in
19 response to Mattel's document requests.
20 **REQUEST FOR PRODUCTION NO. 3**
21      To the extent not produced in response to any other Request, DOCUMENTS
22 sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited,
23 requested, obtained, received or were denied credit, financing or funding on or after
24 January 1, 2007 and sufficient to show the amount(s) and terms involved.
25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3**
26      MGA incorporates by reference its General Objections as though fully set forth
27 herein. MGA further objects on the grounds that this request calls for the production
28 of documents that are not limited to the subject matter of this action and not relevant

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___8___

PAGE ___60___

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-282-2000

1   to any claim or defense in the pending litigation or reasonably calculated to lead to

2   the discovery of admissible evidence.  The request appears designed to circumvent

3   the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

4   the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

5   Forensic Auditor.

6           MGA further objects to this request on the grounds that it is compound.  MGA

7   further objects to the request to the extent it violates the privacy rights of third parties

8   to their private, confidential, proprietary or trade secret information.

9           MGA also objects to this request on the grounds that it is overbroad, including,

10  without limitation, that it would require production of any documents sufficient to

11  identify any person or entity from whom MGA sought, solicited, requested, obtained,

12  received or were denied credit, financing or funding, without regard to whether such

13  documents are at all relevant to any claim or defense at issue herein.  MGA further

14  objects to this request on the grounds that it is vague and ambiguous in its use of the

15  terms "sought," "solicited," "requested," "obtained," "received," "denied," "credit,"

16  "financing," and "funding."  Mattel has not demonstrated how DOCUMENTS

17  sufficient to IDENTIFY *each* other PERSON from whom MGA sought, solicited,

18  requested, obtained, received or were denied credit, financing or funding on or after

19  January 1, 2007 and sufficient to show the amount(s) and terms involved could be

20  relevant to the claims and defenses in this action, let alone established that the

21  relevancy of these documents outweighs the individual's fundamental right of

22  privacy.  MGA further objects to this request on the ground that the terms

23  DOCUMENTS, IDENTIFY, and PERSON render the request vague, ambiguous,

24  overly broad and unduly burdensome.  MGA further objects to the request to the

25  extent that it seeks documents that by reason of public filing, public distribution or

26  otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

27  further objects to this request to the extent that it seeks documents not in MGA's

28  possession, custody or control.  MGA also objects to this request on the grounds that

665960v2

9

EXHIBIT _____ **8**

PAGE _____ **61**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  it seeks confidential, proprietary or commercially sensitive information, the disclosure

2  of which would be inimical to the business interests of MGA.  MGA also objects to

3  this request to the extent it calls for the disclosure of attorney-client privileged

4  information or information protected from disclosure by the work-product doctrine,

5  joint defense or common interest privilege, or other privilege.

6      MGA further objects to this request as cumulative and duplicative to the extent

7  that it seeks documents previously requested by Mattel or produced by MGA in

8  response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 4**

10      All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or

11  insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or

12  after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this

13  action).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

15      MGA incorporates by reference its General Objections as though fully set forth

16  herein.  MGA further objects to this request on the grounds that the Discovery Master

17  already has ruled on similarly phrased requests, including in an Order dated May 7,

18  2008, concluding that requests using phrases like "all documents," and "referring to

19  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

20  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

21  that this request calls for the production of documents that are not limited to the

22  subject matter of this action and not relevant to any claim or defense in the pending

23  litigation or reasonably calculated to lead to the discovery of admissible evidence.

24  The request appears designed to circumvent the Court's January 7 Order appointing a

25  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

26  See January 7, 2009 Larson Order Appointing Forensic Auditor.

27

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___8___

PAGE ___62___

1    MGA further objects to this request on the grounds that it is compound. MGA

2   further objects to the request to the extent it violates the privacy rights of third parties

3   to their private, confidential, proprietary or trade secret information.

4        MGA also objects to this request on the grounds that it is overbroad, including,

5   without limitation, in that it would extend to any document referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   MGA's solvency or insolvency, without regard to whether such documents are at all

8   relevant to any claim or defense at issue herein. MGA further objects to this request

9   on the grounds that it is vague and ambiguous in its use of the terms "solvency" and

10  "insolvency." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11  RELATING TO MGA's solvency or insolvency, or whether MGA's liabilities exceed

12  its assets could be relevant to the claims and defenses in this action, let alone

13  established that the relevancy of these documents outweighs fundamental privacy

14  rights. MGA further objects to this request on the ground that the terms

15  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

16  ambiguous, overly broad and unduly burdensome. MGA further objects to the

17  request to the extent that it seeks documents that by reason of public filing, public

18  distribution or otherwise are already in Mattel's possession or are readily accessible to

19  Mattel. MGA also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would be

21  inimical to the business interests of MGA. MGA also objects to this request to the

22  extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.

25       MGA further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by MGA in

27  response to Mattel's document requests.

28

665960v2

II

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___8___

PAGE ___63___

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS REFERRING OR RELATING TO any representation or statement made by YOU about YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* statement or representation made by anyone at MGA referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this MGA's solvency, insolvency, liabilities, or assets without regard to whether such statements or representations are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify *every* statement or representation that any of its hundreds of employees may have made to any other person referring or relating to MGA's solvency, insolvency, liabilities, or assets. MGA further objects to this

665960v2

EXHIBIT 8

PAGE _____ 64

1 request on the grounds that it is vague and ambiguous in its use of the terms

2 "representation," "statement," "solvency," and "insolvency." Mattel has not

3 demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any

4 representation or statement made by MGA about MGA's solvency or insolvency, or

5 whether MGA's liabilities exceed its assets could be relevant to the claims and

6 defenses in this action, let alone established that the relevancy of these documents

7 outweighs fundamental privacy rights. MGA further objects to this request on the

8 ground that the terms DOCUMENTS and REFERRING OR RELATING TO render

9 the request vague, ambiguous, overly broad and unduly burdensome. MGA further

10 objects to the request to the extent that it seeks documents that by reason of public

11 filing, public distribution or otherwise are already in Mattel's possession or are

12 readily accessible to Mattel. MGA further objects to this request to the extent that it

13 seeks documents not in MGA's possession, custody or control. MGA also objects to

14 this request on the grounds that it seeks confidential, proprietary or commercially

15 sensitive information, the disclosure of which would be inimical to the business

16 interests of MGA. MGA also objects to this request to the extent it calls for the

17 disclosure of attorney-client privileged information or information protected from

18 disclosure by the work-product doctrine, joint defense or common interest privilege,

19 or other privilege.

20   MGA further objects to this request as cumulative and duplicative to the extent

21 that it seeks documents previously requested by Mattel or produced by MGA in

22 response to Mattel's document requests.

23 **REQUEST FOR PRODUCTION NO. 6**

24   All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for

25 any period on or after January 1, 2007 (excluding pleadings served by YOU on

26 MATTEL in this action).

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10850 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE _____ *65*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MGA's net worth, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "net worth." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO MGA's net worth could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks

665960v2

14

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE _____ 66

1  documents that by reason of public filing, public distribution or otherwise are already

2  in Mattel's possession or are readily accessible to Mattel.  MGA also objects to this

3  request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of MGA.  MGA also objects to this request to the extent it calls for the

6  disclosure of attorney-client privileged information or information protected from

7  disclosure by the work-product doctrine, joint defense or common interest privilege,

8  or other privilege.

9        MGA further objects to this request as cumulative and duplicative to the extent

10  that it seeks documents previously requested by Mattel or produced by MGA in

11  response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 7**

13        All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net

14  worth for any period on or after January 1, 2007 (excluding pleadings served by YOU

15  on MATTEL in this action).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

17        MGA incorporates by reference its General Objections as though fully set forth

18  herein.  MGA further objects to this request on the grounds that the Discovery Master

19  already has ruled on similarly phrased requests, including in an Order dated May 7,

20  2008, concluding that requests using phrases like "all documents," and "referring to

21  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

22  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

23  that this request calls for the production of documents that are not limited to the

24  subject matter of this action and not relevant to any claim or defense in the pending

25  litigation or reasonably calculated to lead to the discovery of admissible evidence.

26  The request appears designed to circumvent the Court's January 7 Order appointing a

27  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

28  See January 7, 2009 Larson Order Appointing Forensic Auditor.

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ **8**

PAGE _____ **67**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    MGA further objects to this request on the grounds that it is compound.  MGA

2  further objects to the request to the extent it violates the privacy rights of third parties

3  to their private, confidential, proprietary or trade secret information.

4    MGA also objects to this request on the grounds that it is overbroad, including,

5  without limitation, in that it would extend to any document referring or relating in any

6  way to a wide variety of matter that could potentially be construed as "relating" to

7  Isaac Larian's net worth, without regard to whether such documents are at all relevant

8  to any claim or defense at issue herein.  MGA further objects to this request on the

9  grounds that it is vague and ambiguous in its use of the term "net worth."  Mattel has

10  not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Isaac

11  Larian's net worth could be relevant to the claims and defenses in this action, let

12  alone established that the relevancy of these documents outweighs the individual's

13  fundamental right of privacy.  MGA further objects to this request on the ground that

14  the terms DOCUMENTS and REFERRING OR RELATING TO render the request

15  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

16  request to the extent that it seeks documents that by reason of public filing, public

17  distribution or otherwise are already in Mattel's possession or are readily accessible to

18  Mattel.  MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  MGA also objects to this request to the

21  extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense or

23  common interest privilege, or other privilege.

24    MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE   *68*

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Spring 2009, without regard to whether such documents or communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every and communication that any of its hundreds of employees may have had with any retailers and other prospective purchasers referring or relating to orders for BRATZ products

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ *8*

PAGE _____ *69*

1  for Spring 2009.  MGA further objects to this request on the grounds that it is vague

2  and ambiguous in its use of the terms "orders," "cancelled or held orders," and

3  "retailers and other prospective purchasers."  Mattel has not demonstrated how *all*

4  DOCUMENTS REFERRING OR RELATING TO orders, including without

5  limitation cancelled or held orders, for BRATZ products for Spring 2009, and all

6  COMMUNICATIONS with retailers and other prospective purchasers REFERRING

7  OR RELATING TO any such orders could be relevant to the claims and defenses in

8  this action, let alone established that the relevancy of these documents outweighs the

9  fundamental privacy rights.  MGA further objects to this request on the ground that

10  the terms DOCUMENTS, REFERRING OR RELATING TO, and

11  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

12  burdensome.  MGA further objects to the request to the extent that it seeks documents

13  that by reason of public filing, public distribution or otherwise are already in Mattel's

14  possession or are readily accessible to Mattel.  MGA further objects to this request to

15  the extent that it seeks documents not in MGA's possession, custody or control.

16  MGA also objects to this request on the grounds that it seeks confidential, proprietary

17  or commercially sensitive information, the disclosure of which would be inimical to

18  the business interests of MGA.  MGA also objects to this request to the extent it calls

19  for the disclosure of attorney-client privileged information or information protected

20  from disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.

22      MGA further objects to this request as cumulative and duplicative to the extent

23  that it seeks documents previously requested by Mattel or produced by MGA in

24  response to Mattel's document requests.

25

26  \ \ \

27  \ \ \

28  \ \ \

665960v2

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents and communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Fall 2009, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every and communication that any of its hundreds of employees may have had with any retailers and other prospective

665960v2

19

EXHIBIT _____ 8

PAGE _____ 71

1   purchasers referring or relating to orders for BRATZ products for Fall 2009. MGA

2   further objects to this request on the grounds that it is vague and ambiguous in its use

3   of the terms "orders," "cancelled or held orders," and "retailers and other prospective

4   purchasers." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

5   RELATING TO orders, including without limitation cancelled or held orders, for

6   BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other

7   prospective purchasers REFERRING OR RELATING TO any such orders could be

8   relevant to the claims and defenses in this action, let alone established that the

9   relevancy of these documents outweighs fundamental privacy rights. MGA further

10  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

11  RELATING TO, and COMMUNICATIONS render the request vague, ambiguous,

12  overly broad and unduly burdensome. MGA further objects to the request to the

13  extent that it seeks documents that by reason of public filing, public distribution or

14  otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

15  further objects to this request to the extent that it seeks documents not in MGA's

16  possession, custody or control. MGA also objects to this request on the grounds that

17  it seeks confidential, proprietary or commercially sensitive information, the disclosure

18  of which would be inimical to the business interests of MGA. MGA also objects to

19  this request to the extent it calls for the disclosure of attorney-client privileged

20  information or information protected from disclosure by the work-product doctrine,

21  joint defense or common interest privilege, or other privilege.

22       MGA further objects to this request as being overly broad and unduly

23  burdensome on the grounds that it is not limited in time. MGA further objects to this

24  request as cumulative and duplicative to the extent that it seeks documents previously

25  requested by Mattel or produced by MGA in response to Mattel's document requests.

26

27  \ \ \

28  \ \ \

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

---

20

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ *8*

PAGE *72*

1   **REQUEST FOR PRODUCTION NO. 10**

2       All DOCUMENTS REFERRING OR RELATING TO the transfer of any

3   ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member

4   of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any

5   member of ISAAC LARIAN's family, since January 1, 2007.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

7       MGA incorporates by reference its General Objections as though fully set forth

8   herein.  MGA further objects to this request on the grounds that the Discovery Master

9   already has ruled on similarly phrased requests, including in an Order dated May 7,

10  2008, concluding that requests using phrases like "all documents," and "referring to

11  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

12  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

13  that this request calls for the production of documents that are not limited to the

14  subject matter of this action and not relevant to any claim or defense in the pending

15  litigation or reasonably calculated to lead to the discovery of admissible evidence.

16  The request appears designed to circumvent the Court's January 7 Order appointing a

17  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

18  See January 7, 2009 Larson Order Appointing Forensic Auditor.

19      MGA further objects to this request on the grounds that it is compound.  MGA

20  further objects to the request to the extent it violates the privacy rights of third parties

21  to their private, confidential, proprietary or trade secret information.

22      MGA also objects to this request on the grounds that it is overbroad, including,

23  without limitation, that it would extend to any documents referring or relating in any

24  way to a wide variety of matter that could potentially be construed as "relating" to the

25  transfer of any item of value between MGA and Isaac Larian or any member of Isaac

26  Larian's family, or any entity controlled by Isaac Larian or Isaac Larian's family,

27  without regard to whether such documents are at all relevant to any claim or defense

28  at issue herein.  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___6___

PAGE ___23___

1   OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the

2   benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity

3   controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family could be

4   relevant to the claims and defenses in this action, let alone established that the

5   relevancy of these documents outweighs the individual's fundamental right of

6   privacy.  MGA further objects to this request on the ground that the terms

7   DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render the

8   request vague, ambiguous, overly broad and unduly burdensome.  MGA further

9   objects to the request to the extent that it seeks documents that by reason of public

10  filing, public distribution or otherwise are already in Mattel's possession or are

11  readily accessible to Mattel.  MGA further objects to this request to the extent that it

12  seeks documents not in MGA's possession, custody or control.  MGA also objects to

13  this request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of MGA.  MGA also objects to this request to the extent it calls for the

16  disclosure of attorney-client privileged information or information protected from

17  disclosure by the work-product doctrine, joint defense or common interest privilege,

18  or other privilege.

19      MGA further objects to this request as cumulative and duplicative to the extent

20  that it seeks documents previously requested by Mattel or produced by MGA in

21  response to Mattel's document requests.

22  **REQUEST FOR PRODUCTION NO. 11**

23      All COMMUNICATIONS between YOU and any third-party, including

24  without limitation any retailer or distributor but excluding MATTEL and any Court,

25  REFERRING OR RELATING TO YOUR ex parte application for stay pending

26  appeal, filed December 11, 2008, including without limitation any declaration,

27  whether final, draft, proposed or requested, in connection therewith and copies of all

28  draft declarations in connection therewith.

665960v2

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

1  
2     MGA incorporates by reference its General Objections as though fully set forth
3 herein. MGA further objects on the grounds that this request calls for the production
4 of documents that are not limited to the subject matter of this action and not relevant
5 to any claim or defense in the pending litigation or reasonably calculated to lead to
6 the discovery of admissible evidence.

7     MGA further objects to the request to the extent it violates the privacy rights of
8 third parties to their private, confidential, proprietary or trade secret information.

9     MGA also objects to this request on the grounds that it is overbroad, including,
10 without limitation, that it would extend to any communication between MGA and any
11 third-party referring or relating in any way to a wide variety of matter that could
12 potentially be construed as "relating" to MGA's ex parte application for stay pending
13 appeal, without regard to whether such communications are at all relevant to any
14 claim or defense at issue herein. MGA also objects to this request on the grounds that
15 it is overbroad, unduly burdensome and oppressive in that it purports to require MGA
16 diligently to identify every communication that any of its hundreds of employees may
17 have had with any third-party referring or relating to this action. MGA also objects to
18 this request on the grounds that it is overbroad, unduly burdensome and oppressive in
19 that it is not in any way limited as to the persons involved in the communications.
20 MGA further objects to this request on the grounds that it is vague and ambiguous in
21 its use of the terms "third-party," "retailer or distributor," and "ex parte application
22 for stay pending appeal." Mattel has not demonstrated how *all*
23 COMMUNICATIONS between MGA and any third-party REFERRING OR
24 RELATING TO MGA's ex parte application for stay pending appeal could be relevant
25 to the claims and defenses in this action, let alone established that the relevancy of
26 these documents outweighs the individual's fundamental right of privacy. MGA
27 further objects to this request on the ground that the terms COMMUNICATIONS and
28 REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

665960v2

EXHIBIT _____8_____

PAGE _____75_____

1  and unduly burdensome.  MGA further objects to the request to the extent that it seeks

2  documents that by reason of public filing, public distribution or otherwise are already

3  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to this

4  request to the extent that it seeks documents not in MGA's possession, custody or

5  control.  MGA also objects to this request on the grounds that it seeks confidential,

6  proprietary or commercially sensitive information, the disclosure of which would be

7  inimical to the business interests of MGA.  MGA also objects to this request to the

8  extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11      MGA further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by MGA in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 12**

15      All DOCUMENTS REFERRING OR RELATING TO capital contributions to

16  MGA since January 1, 2007.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

18      MGA incorporates by reference its General Objections as though fully set forth

19  herein.  MGA further objects to this request on the grounds that the Discovery Master

20  already has ruled on similarly phrased requests, including in an Order dated May 7,

21  2008, concluding that requests using phrases like "all documents," and "referring to

22  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

23  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

24  that this request calls for the production of documents that are not limited to the

25  subject matter of this action and not relevant to any claim or defense in the pending

26  litigation or reasonably calculated to lead to the discovery of admissible evidence.

27  The request appears designed to circumvent the Court's January 7 Order appointing a

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___

PAGE ___ 76

1  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

2  See January 7, 2009 Larson Order Appointing Forensic Auditor.

3  MGA further objects to this request on the grounds that it is compound.  MGA

4  further objects to the request to the extent it violates the privacy rights of third parties

5  to their private, confidential, proprietary or trade secret information.

6  MGA also objects to this request on the grounds that it is overbroad, including,

7  without limitation, that it would extend to any documents referring or relating in any

8  way to a wide variety of matter that could potentially be construed as "relating" to

9  capital contributions to MGA, without regard for whether such documents are at all

10  relevant to any claim or defense at issue herein.  MGA further objects to this request

11  on the grounds that it is vague and ambiguous in its use of the term "capital

12  contributions."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING

13  OR RELATING TO capital contributions to MGA could be relevant to the claims and

14  defenses in this action, let alone established that the relevancy of these documents

15  outweighs the individual's fundamental right of privacy.  MGA further objects to this

16  request on the ground that the terms DOCUMENTS and REFERRING OR

17  RELATING TO render the request vague, ambiguous, overly broad and unduly

18  burdensome.  MGA further objects to the request to the extent that it seeks documents

19  that by reason of public filing, public distribution or otherwise are already in Mattel's

20  possession or are readily accessible to Mattel.  MGA further objects to this request to

21  the extent that it seeks documents not in MGA's possession, custody or control.

22  MGA also objects to this request on the grounds that it seeks confidential, proprietary

23  or commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of MGA.  MGA also objects to this request to the extent it calls

25  for the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28

665960v2

EXHIBIT ___8___

PAGE ___77___

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1      MGA further objects to this request as cumulative and duplicative to the extent

2  that it seeks documents previously requested by Mattel or produced by MGA in

3  response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 13**

5      All DOCUMENTS showing MGA's projected revenue, costs, profits or

6  financial performance for any period since January 1, 2007.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

8      MGA incorporates by reference its General Objections as though fully set forth

9  herein.  MGA further objects on the grounds that this request calls for the production

10  of documents that are not limited to the subject matter of this action and not relevant

11  to any claim or defense in the pending litigation or reasonably calculated to lead to

12  the discovery of admissible evidence.  The request appears designed to circumvent

13  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

14  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

15  Forensic Auditor.

16      MGA further objects to this request on the grounds that it is compound.  MGA

17  further objects to the request to the extent it violates the privacy rights of third parties

18  to their private, confidential, proprietary or trade secret information.

19      MGA also objects to this request on the grounds that it is overbroad, including,

20  without limitation, that it would extend to any documents referring or relating in any

21  way to a wide variety of matter that could potentially be construed as "showing"

22  MGA's projected revenue, costs, profits or financial performance, without regard for

23  whether such documents are at all relevant to any claim or defense at issue herein.

24  MGA further objects to this request on the grounds that it is vague and ambiguous in

25  its use of the terms "projected revenue," "costs," "profits," and "financial

26  performance."  Mattel has not demonstrated how *all* DOCUMENTS showing MGA's

27  projected revenue, costs, profits or financial performance could be relevant to the

28  claims and defenses in this action, let alone established that the relevancy of these

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

26

EXHIBIT _____ *8*

PAGE_____ *28*

1  documents outweighs fundamental privacy rights. MGA further objects to this

2  request on the ground that the term DOCUMENTS renders the request vague,

3  ambiguous, overly broad and unduly burdensome. MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel. MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control. MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA. MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13      MGA further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by MGA in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 14**

17      All DOCUMENTS REFERRING OR RELATING TO any transfer of any

18  ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN,

19  any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly

20  by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any

21  ISAAC LARIAN family member since January. 1, 2007.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

23      MGA incorporates by reference its General Objections as though fully set forth

24  herein. MGA further objects to this request on the grounds that the Discovery Master

25  already has ruled on similarly phrased requests, including in an Order dated May 7,

26  2008, concluding that requests using phrases like "all documents," and "referring to

27  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

28  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE ___ 79

1  that this request calls for the production of documents that are not limited to the

2  subject matter of this action and not relevant to any claim or defense in the pending

3  litigation or reasonably calculated to lead to the discovery of admissible evidence.

4  The request appears designed to circumvent the Court's January 7 Order appointing a

5  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

6  See January 7, 2009 Larson Order Appointing Forensic Auditor.

7      MGA further objects to this request on the grounds that it is compound. MGA

8  further objects to the request to the extent it violates the privacy rights of third parties

9  to their private, confidential, proprietary or trade secret information.

10      MGA also objects to this request on the grounds that it is overbroad, including,

11  without limitation, that it would extend to any document referring or relating in any

12  way to a wide variety of matter that could potentially be construed as "relating" to

13  this any transfer of any item of value between MGA, Isaac Larian, any Isaac Larian

14  family member, and any person controlled directly or indirectly by Isaac Larian or

15  Isaac Larian's family, without regard to whether such documents are at all relevant to

16  any claim or defense at issue herein. MGA further objects to this request on the

17  grounds that it is vague and ambiguous in its use of the terms "transfer" and

18  "controlled, directly or indirectly." Mattel has not demonstrated how *all*

19  DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF

20  VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC

21  LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC

22  LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN

23  family member could be relevant to the claims and defenses in this action, let alone

24  established that the relevancy of these documents outweighs the individual's

25  fundamental right of privacy. MGA further objects to this request on the ground that

26  the terms DOCUMENTS, REFERRING OR RELATING TO, ITEM OF VALUE, and

27  PERSON render the request vague, ambiguous, overly broad and unduly burdensome.

28  MGA further objects to the request to the extent that it seeks documents that by

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___8___

PAGE ___80___

1  reason of public filing, public distribution or otherwise are already in Mattel's

2  possession or are readily accessible to Mattel.  MGA further objects to this request to

3  the extent that it seeks documents not in MGA's possession, custody or control.

4  MGA also objects to this request on the grounds that it seeks confidential, proprietary

5  or commercially sensitive information, the disclosure of which would be inimical to

6  the business interests of MGA.  MGA also objects to this request to the extent it calls

7  for the disclosure of attorney-client privileged information or information protected

8  from disclosure by the work-product doctrine, joint defense or common interest

9  privilege, or other privilege.

10  MGA further objects to this request as cumulative and duplicative to the extent

11  that it seeks documents previously requested by Mattel or produced by MGA in

12  response to Mattel's document requests.

13  **REQUEST FOR PRODUCTION NO. 15**

14  All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family

15  member since January 1, 2007.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

17  MGA incorporates by reference its General Objections as though fully set forth

18  herein.  MGA further objects on the grounds that this request calls for the production

19  of documents that are not limited to the subject matter of this action and not relevant

20  to any claim or defense in the pending litigation or reasonably calculated to lead to

21  the discovery of admissible evidence.  The request appears designed to circumvent

22  the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

23  the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing

24  Forensic Auditor.

25  MGA further objects to this request on the grounds that it is compound.  MGA

26  further objects to the request to the extent it violates the privacy rights of third parties

27  to their private, confidential, proprietary or trade secret information.

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ____

PAGE ____ 81

1  MGA further objects to this request on the grounds that it is vague and

2  ambiguous in its use of the terms "W-2" and "family member." Mattel has not

3  demonstrated how *all* W-2s REFERRING OR RELATING TO any ISAAC LARIAN

4  family member could be relevant to the claims and defenses in this action, let alone

5  established that the relevancy of these documents outweighs the individual's

6  fundamental right of privacy. MGA further objects to this request on the ground that

7  the term REFERRING OR RELATING TO renders the request vague, ambiguous,

8  overly broad and unduly burdensome. MGA further objects to the request to the

9  extent that it seeks documents that by reason of public filing, public distribution or

10 otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA

11 further objects to this request to the extent that it seeks documents not in MGA's

12 possession, custody or control. MGA also objects to this request on the grounds that

13 it seeks confidential, proprietary or commercially sensitive information, the disclosure

14 of which would be inimical to the business interests of MGA. MGA also objects to

15 this request to the extent it calls for the disclosure of attorney-client privileged

16 information or information protected from disclosure by the work-product doctrine,

17 joint defense or common interest privilege, or other privilege.

18  MGA further objects to this request as cumulative and duplicative to the extent

19 that it seeks documents previously requested by Mattel or produced by MGA in

20 response to Mattel's document requests.

21 **REQUEST FOR PRODUCTION NO. 16**

22  All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or

23 transfer by MGA of BRATZ products having a retail value greater than $50,000 other

24 than to retailers in the ordinary course of business since January 1, 2007.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

26  MGA incorporates by reference its General Objections as though fully set forth

27 herein. MGA further objects to this request on the grounds that the Discovery Master

28 already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

30

EXHIBIT _____ 8

PAGE _____ 82

1   2008, concluding that requests using phrases like "all documents," and "referring to

2   or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3   information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

4   that this request calls for the production of documents that are not limited to the

5   subject matter of this action and not relevant to any claim or defense in the pending

6   litigation or reasonably calculated to lead to the discovery of admissible evidence.

7   The request appears designed to circumvent the Court's January 7 Order appointing a

8   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9   See January 7, 2009 Larson Order Appointing Forensic Auditor.

10         MGA further objects to this request on the grounds that it is compound.  MGA

11   further objects to the request to the extent it violates the privacy rights of third parties

12   to their private, confidential, proprietary or trade secret information.

13         MGA also objects to this request on the grounds that it is overbroad, including,

14   without limitation, that it would extend to any document referring or relating in any

15   way to a wide variety of matter that could potentially be construed as "relating" to

16   any sale, distribution or transfer by MGA of BRATZ products having a retail value

17   greater than $50,000 other than to retailers in the ordinary course of business, without

18   regard to whether such documents are at all relevant to any claim or defense at issue

19   herein.  MGA also objects to this request on the grounds that it is overbroad, unduly

20   burdensome and oppressive in that it is not in any way limited as to the persons

21   involved in the sales, distributions, or transfers.  MGA further objects to this request

22   on the grounds that it is vague and ambiguous in its use of the terms "sale,"

23   "distribution," "transfer," "retail value," "retailers," and "ordinary course of

24   business."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

25   RELATING TO any sale, distribution or transfer by MGA of BRATZ products having

26   a retail value greater than $50,000 other than to retailers in the ordinary course of

27   business could be relevant to the claims and defenses in this action, let alone

28   established that the relevancy of these documents outweighs fundamental privacy

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  rights. MGA further objects to this request on the ground that the terms

2  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

3  ambiguous, overly broad and unduly burdensome. MGA further objects to the

4  request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel. MGA further objects to this request to the extent that it seeks documents not

7  in MGA's possession, custody or control. MGA also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the business interests of MGA. MGA

10  also objects to this request to the extent it calls for the disclosure of attorney-client

11  privileged information or information protected from disclosure by the work-product

12  doctrine, joint defense or common interest privilege, or other privilege.

13     MGA further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by MGA in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 17**

17     All DOCUMENTS REFERRING OR RELATING TO agreements,

18  transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

19  and IGWT Group, LLC.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

21     MGA incorporates by reference its General Objections as though fully set forth

22  herein. MGA further objects to this request on the grounds that the Discovery Master

23  already has ruled on similarly phrased requests, including in an Order dated May 7,

24  2008, concluding that requests using phrases like "all documents," and "referring to

25  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

26  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

27  that this request calls for the production of documents that are not limited to the

28  subject matter of this action and not relevant to any claim or defense in the pending

665960v2

32

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ____ 8

PAGE ____ 84

1  litigation or reasonably calculated to lead to the discovery of admissible evidence.

2  The request appears designed to circumvent the Court's January 7 Order appointing a

3  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

4  See January 7, 2009 Larson Order Appointing Forensic Auditor.

5        MGA further objects to this request on the grounds that it is compound.  MGA

6  further objects to the request to the extent it violates the privacy rights of third parties

7  to their private, confidential, proprietary or trade secret information.  MGA further

8  objects to this request on the grounds that it is overbroad as to subject matter and

9  time; in particular, MGA objects that the phrases "all documents" and "referring or

10  relating to" are unbounded by any date limitation and are not tied in any way to any

11  claim, defense or other issues involved in Phase 2 of this litigation.

12        MGA also objects to this request on the grounds that it is overbroad, including,

13  without limitation, that it would extend to any document referring or relating in any

14  way to a wide variety of matter that could potentially be construed as "relating" to

15  any agreements, transactions, sales, shipments or the transfer of any ITEM OF

16  VALUE between MGA and IGWT Group, LLC, without regard to whether such

17  documents are at all relevant to any claim or defense at issue herein.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome and

19  oppressive in that it is not in any way limited as to the persons involved in the

20  communications or as to time.  MGA further objects to this request on the grounds

21  that it is vague and ambiguous in its use of the terms "agreements," "transactions,"

22  "sales," "shipments," and "transfer."  Mattel has not demonstrated how *all*

23  DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,

24  shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,

25  LLC could be relevant to the claims and defenses in this action, let alone established

26  that the relevancy of these documents outweighs the individual's fundamental right of

27  privacy.  MGA further objects to this request on the ground that the terms

28  DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render

665960v2

EXHIBIT _____ 8

PAGE _____ 85

1   the request vague, ambiguous, overly broad and unduly burdensome. MGA further

2   objects to the request to the extent that it seeks documents that by reason of public

3   filing, public distribution or otherwise are already in Mattel's possession or are

4   readily accessible to Mattel. MGA further objects to this request to the extent that it

5   seeks documents not in MGA's possession, custody or control. MGA also objects to

6   this request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of MGA. MGA also objects to this request to the extent it calls for the

9   disclosure of attorney-client privileged information or information protected from

10   disclosure by the work-product doctrine, joint defense or common interest privilege,

11   or other privilege.

12       MGA further objects to this request as being overly broad and unduly

13   burdensome on the grounds that it is not limited in time. MGA further objects to this

14   request as cumulative and duplicative to the extent that it seeks documents previously

15   requested by Mattel or produced by MGA in response to Mattel's document requests.

16   **REQUEST FOR PRODUCTION NO. 18**

17       All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of

18   product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase

19   Agreement dated July 7, 2008, including without limitation all audits or other

20   valuations performed in connection with such product, any opinions RELATING TO

21   the fairness or unfairness of such transfer, all MGA corporate or director resolutions

22   or approvals of such transfer, all bids received or solicited in connection with the

23   purported sale or offering for sale of such product, the terms of such bids and any

24   other and all COMMUNICATIONS relating to any of the foregoing.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

26       MGA incorporates by reference its General Objections as though fully set forth

27   herein. MGA further objects to this request on the grounds that the Discovery Master

28   already has ruled on similarly phrased requests, including in an Order dated May 7,

665960v2

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310/553-3000

EXHIBIT ____ _8_

PAGE _86_

1  2008, concluding that requests using phrases like "all documents," and "referring to

2  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

3  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

4  that this request calls for the production of documents that are not limited to the

5  subject matter of this action and not relevant to any claim or defense in the pending

6  litigation or reasonably calculated to lead to the discovery of admissible evidence.

7  The request appears designed to circumvent the Court's January 7 Order appointing a

8  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

9  See January 7, 2009 Larson Order Appointing Forensic Auditor.

10       MGA further objects to this request on the grounds that it is compound.  MGA

11  further objects to the request to the extent it violates the privacy rights of third parties

12  to their private, confidential, proprietary or trade secret information.

13       MGA also objects to this request on the grounds that it is overbroad, including,

14  without limitation, that it would extend to any documents and communications

15  between anyone at MGA and any other person referring or relating in any way to a

16  wide variety of matter that could potentially be construed as "relating" to the alleged

17  transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

18  Purchase Agreement dated July 7, 2008, without regard to whether such documents

19  and communications are at all relevant to any claim or defense at issue herein.  MGA

20  also objects to this request on the grounds that it is overbroad, unduly burdensome

21  and oppressive in that it purports to require MGA diligently to identify every

22  communication that any of its hundreds of employees may have had with any other

23  person referring or relating to the alleged transfer of product from MGA to IGWT

24  Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008.  MGA

25  also objects to this request on the grounds that it is overbroad, unduly burdensome

26  and oppressive in that it is not in any way limited as to the persons involved in the

27  communications.  MGA further objects to this request on the grounds that it is vague

28  and ambiguous in its use of the terms "transfer of product," "corporate or director

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

EXHIBIT  ___

PAGE___ 87

1   resolutions or approvals," "bids received or solicited," and "purported sale or offering

2   for sale." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

3   RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC

4.  pursuant to the Inventory Purchase Agreement dated July 7, 2008, *any* opinions

5   RELATING TO the fairness or unfairness of such transfer, *all* MGA corporate or

6   director resolutions or approvals of such transfer, *all* bids received or solicited in

7   connection with the purported sale or offering for sale of such product, the terms of

8   such bids and *any other and all* COMMUNICATIONS relating to any of the

9   foregoing could be relevant to the claims and defenses in this action, let alone

10  established that the relevancy of these documents outweighs the individual's

11  fundamental right of privacy. MGA further objects to this request on the ground that

12  the terms DOCUMENTS, REFERRING OR RELATING TO, and

13  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

14  burdensome. MGA further objects to the request to the extent that it seeks documents

15  that by reason of public filing, public distribution or otherwise are already in Mattel's

16  possession or are readily accessible to Mattel. MGA further objects to this request to

17  the extent that it seeks documents not in MGA's possession, custody or control.

18  MGA also objects to this request on the grounds that it seeks confidential, proprietary

19  or commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of MGA. MGA also objects to this request to the extent it calls

21  for the disclosure of attorney-client privileged information or information protected

22  from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.

24      MGA further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by MGA in

26  response to Mattel's document requests.

27

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___

PAGE ___

1   **REQUEST FOR PRODUCTION NO. 19**

2       All DOCUMENTS REFERRING OR RELATING TO the revenue generated

3   by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ

4   products and the transfer or disposition of such revenue.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

6       MGA incorporates by reference its General Objections as though fully set forth

7   herein.  MGA further objects to this request on the grounds that the Discovery Master

8   already has ruled on similarly phrased requests, including in an Order dated May 7,

9   2008, concluding that requests using phrases like "all documents," and "referring to

10  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

11  information.  See May 7, 2008 Infante Order.  MGA further objects on the grounds

12  that this request calls for the production of documents that are not limited to the

13  subject matter of this action and not relevant to any claim or defense in the pending

14  litigation or reasonably calculated to lead to the discovery of admissible evidence.

15  The request appears designed to circumvent the Court's January 7 Order appointing a

16  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

17  See January 7, 2009 Larson Order Appointing Forensic Auditor.

18      MGA further objects to this request on the grounds that it is compound.  MGA

19  further objects to the request to the extent it violates the privacy rights of third parties

20  to their private, confidential, proprietary or trade secret information.  MGA further

21  objects to this request on the grounds that it is overbroad as to subject matter and

22  time; in particular, MGA objects that the phrases "all documents" and "referring or

23  relating to" are unbounded by any date limitation and are not tied in any way to any

24  claim, defense or other issues involved in Phase 2 of this litigation.

25      MGA also objects to this request on the grounds that it is overbroad, including,

26  without limitation, that it would extend to any documents referring or relating in any

27  way to a wide variety of matter that could potentially be construed as "relating" to the

28  revenue generated by IGWT Group, LLC's sales, licensing, distribution or other

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ 8

PAGE _____ 89

1  transfer of BRATZ products and the transfer or disposition of such revenue, without

2  regard to whether such documents are at all relevant to any claim or defense at issue

3  herein.  MGA also objects to this request on the grounds that it is overbroad, unduly

4  burdensome and oppressive in that it is not in any way limited as to the persons

5  involved in the communications or as to time.  MGA further objects to this request on

6  the grounds that it is vague and ambiguous in its use of the terms "revenue

7  generated," "sales," "licensing," "distribution," "other transfer," "BRATZ products,"

8  and "transfer or disposition of such revenue."  Mattel has not demonstrated how *all*

9  DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT

10  Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and

11  the transfer or disposition of such revenue could be relevant to the claims and

12  defenses in this action, let alone established that the relevancy of these documents

13  outweighs the individual's fundamental right of privacy.  MGA further objects to this

14  request on the ground that the terms DOCUMENTS and REFERRING OR

15  RELATING TO render the request vague, ambiguous, overly broad and unduly

16  burdensome.  MGA further objects to the request to the extent that it seeks documents

17  that by reason of public filing, public distribution or otherwise are already in Mattel's

18  possession or are readily accessible to Mattel.  MGA further objects to this request to

19  the extent that it seeks documents not in MGA's possession, custody or control.

20  MGA also objects to this request on the grounds that it seeks confidential, proprietary

21  or commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of MGA.  MGA also objects to this request to the extent it calls

23  for the disclosure of attorney-client privileged information or information protected

24  from disclosure by the work-product doctrine, joint defense or common interest

25  privilege, or other privilege.

26      MGA further objects to this request as being overly broad and unduly

27  burdensome on the grounds that it is not limited in time.  MGA further objects to this

28

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___ 8

PAGE ___ 90

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 request as cumulative and duplicative to the extent that it seeks documents previously

2 requested by Mattel or produced by MGA in response to Mattel's document requests.

3 **REQUEST FOR PRODUCTION NO. 20**

4     All DOCUMENTS REFERRING OR RELATING TO agreements, contracts,

5 transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA

6 and IGWT 826 Investments, LLC.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

8     MGA incorporates by reference its General Objections as though fully set forth

9 herein. MGA further objects to this request on the grounds that the Discovery Master

10 already has ruled on similarly phrased requests, including in an Order dated May 7,

11 2008, concluding that requests using phrases like "all documents," and "referring to

12 or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

13 information. See May 7, 2008 Infante Order. MGA further objects on the grounds

14 that this request calls for the production of documents that are not limited to the

15 subject matter of this action and not relevant to any claim or defense in the pending

16 litigation or reasonably calculated to lead to the discovery of admissible evidence.

17 The request appears designed to circumvent the Court's January 7 Order appointing a

18 forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

19 See January 7, 2009 Larson Order Appointing Forensic Auditor.

20     MGA further objects to this request on the grounds that it is compound. MGA

21 further objects to the request to the extent it violates the privacy rights of third parties

22 to their private, confidential, proprietary or trade secret information. MGA further

23 objects to this request on the grounds that it is overbroad as to subject matter and

24 time; in particular, MGA objects that the phrases "all documents" and "referring or

25 relating to" are unbounded by any date limitation and are not tied in any way to any

26 claim, defense or other issues involved in Phase 2 of this litigation.

27     MGA also objects to this request on the grounds that it is overbroad, including,

28 without limitation, that it would extend to any documents referring or relating in any

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _8_

PAGE _91_

1   way to a wide variety of matter that could potentially be construed as "relating" to

2   agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF

3   VALUE between MGA and IGWT 826 Investments, LLC, without regard to whether

4   such documents are at all relevant to any claim or defense at issue herein.  MGA

5   further objects to this request on the grounds that it is vague and ambiguous in its use

6   of the terms "agreements," "contracts," "transactions," "sales," "shipments," and

7   "transfers."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

8   RELATING TO agreements, contracts, transactions, sales, shipments or transfers of

9   any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC could be

10  relevant to the claims and defenses in this action, let alone established that the

11  relevancy of these documents outweighs fundamental privacy rights.  MGA further

12  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

13  RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly

14  broad and unduly burdensome.  MGA further objects to the request to the extent that

15  it seeks documents that by reason of public filing, public distribution or otherwise are

16  already in Mattel's possession or are readily accessible to Mattel.  MGA further

17  objects to this request to the extent that it seeks documents not in MGA's possession,

18  custody or control.  MGA also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA.  MGA also objects to this

21  request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.

24       MGA further objects to this request as being overly broad and unduly

25  burdensome on the grounds that it is not limited in time.  MGA further objects to this

26  request as cumulative and duplicative to the extent that it seeks documents previously

27  requested by Mattel or produced by MGA in response to Mattel's document requests.

28
665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT _____ 8

PAGE  92

**REQUEST FOR PRODUCTION NO. 21**

1

2       All DOCUMENTS REFERRING OR RELATING TO the revenue generated

3  by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

4  BRATZ products and the transfer or disposition of such revenue.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

6       MGA incorporates by reference its General Objections as though fully set forth

7  herein. MGA further objects to this request on the grounds that the Discovery Master

8  already has ruled on similarly phrased requests, including in an Order dated May 7,

9  2008, concluding that requests using phrases like "all documents," and "referring to

10  or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

11  information. See May 7, 2008 Infante Order. MGA further objects on the grounds

12  that this request calls for the production of documents that are not limited to the

13  subject matter of this action and not relevant to any claim or defense in the pending

14  litigation or reasonably calculated to lead to the discovery of admissible evidence.

15  The request appears designed to circumvent the Court's January 7 Order appointing a

16  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

17  See January 7, 2009 Larson Order Appointing Forensic Auditor.

18       MGA further objects to this request on the grounds that it is compound. MGA

19  further objects to the request to the extent it violates the privacy rights of third parties

20  to their private, confidential, proprietary or trade secret information. MGA further

21  objects to this request on the grounds that it is overbroad as to subject matter and

22  time; in particular, MGA objects that the phrases "all documents" and "referring or

23  relating to" are unbounded by any date limitation and are not tied in any way to any

24  claim, defense or other issues involved in Phase 2 of this litigation.

25       MGA also objects to this request on the grounds that it is overbroad, including,

26  without limitation, that it would extend to any documents referring or relating in any

27  way to a wide variety of matter that could potentially be construed as "relating" to the

28  revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   other transfer of BRATZ products and the transfer or disposition of such revenue,
2   without regard to whether such communications are at all relevant to any claim or
3   defense at issue herein.  MGA further objects to this request on the grounds that it is
4   vague and ambiguous in its use of the terms "sales, licensing, distribution or other
5   transfer" and "transfer or disposition of such revenue."  Mattel has not demonstrated
6   how *all* DOCUMENTS REFERRING OR RELATING TO the revenue generated by
7   IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of
8   BRATZ products and the transfer or disposition of such revenue could be relevant to
9   the claims and defenses in this action, let alone established that the relevancy of these
10  documents outweighs fundamental privacy rights.  MGA further objects to this
11  request on the ground that the terms DOCUMENTS and REFERRING OR
12  RELATING TO render the request vague, ambiguous, overly broad and unduly
13  burdensome.  MGA further objects to the request to the extent that it seeks documents
14  that by reason of public filing, public distribution or otherwise are already in Mattel's
15  possession or are readily accessible to Mattel.  MGA further objects to this request to
16  the extent that it seeks documents not in MGA's possession, custody or control.
17  MGA also objects to this request on the grounds that it seeks confidential, proprietary
18  or commercially sensitive information, the disclosure of which would be inimical to
19  the business interests of MGA.  MGA also objects to this request to the extent it calls
20  for the disclosure of attorney-client privileged information or information protected
21  from disclosure by the work-product doctrine, joint defense or common interest
22  privilege, or other privilege.
23      MGA further objects to this request as being overly broad and unduly
24  burdensome on the grounds that it is not limited in time.  MGA further objects to this
25  request as cumulative and duplicative to the extent that it seeks documents previously
26  requested by Mattel or produced by MGA in response to Mattel's document requests.
27
28

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665960v2

1   **REQUEST FOR PRODUCTION NO. 22**

2       All agreements, contracts and written COMMUNICATIONS between MGA

3   and Wachovia since January 1, 2007.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

5       MGA incorporates by reference its General Objections as though fully set forth

6   herein. MGA further objects on the grounds that this request calls for the production

7   of documents that are not limited to the subject matter of this action and not relevant

8   to any claim or defense in the pending litigation or reasonably calculated to lead to

9   the discovery of admissible evidence.

10       MGA further objects to this request on the grounds that it is compound. MGA

11   further objects to the request to the extent it violates the privacy rights of third parties

12   to their private, confidential, proprietary or trade secret information.

13       MGA also objects to this request on the grounds that it is overbroad, including,

14   without limitation, that it would extend to agreements, contracts and written

15   COMMUNICATIONS between anyone at MGA and anyone at Wachovia, without

16   regard to whether such communications are at all relevant to any claim or defense at

17   issue herein. MGA also objects to this request on the grounds that it is overbroad,

18   unduly burdensome and oppressive in that it purports to require MGA diligently to

19   identify every communication that any of its hundreds of employees may have had

20   with any employee of Wachovia since January 1, 2007. MGA further objects to this

21   request on the grounds that it is vague and ambiguous in its use of the terms

22   "agreements" and "contracts." Mattel has not demonstrated how *all* agreements,

23   contracts and written COMMUNICATIONS between MGA and Wachovia could be

24   relevant to the claims and defenses in this action, let alone established that the

25   relevancy of these documents outweighs fundamental privacy rights. MGA further

26   objects to this request on the ground that the term COMMUNICATIONS renders the

27   request vague, ambiguous, overly broad and unduly burdensome. MGA further

28   objects to the request to the extent that it seeks documents that by reason of public

665960v2

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____8_____

PAGE _____95_____

1   filing, public distribution or otherwise are already in Mattel's possession or are

2   readily accessible to Mattel.  MGA further objects to this request to the extent that it

3   seeks documents not in MGA's possession, custody or control.  MGA also objects to

4   this request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the business

6   interests of MGA.  MGA also objects to this request to the extent it calls for the

7   disclosure of attorney-client privileged information or information protected from

8   disclosure by the work-product doctrine, joint defense or common interest privilege,

9   or other privilege.

10       MGA further objects to this request as cumulative and duplicative to the extent

11   that it seeks documents previously requested by Mattel or produced by MGA in

12   response to Mattel's document requests.

13   **REQUEST FOR PRODUCTION NO. 23**

14       All agreements and contracts REFERRING OR RELATING TO any

15   indebtedness owed to Wachovia or any credit extended by Wachovia since January 1,

16   2007, and any amendments or modifications thereto, and any COMMUNICATIONS

17   RELATED TO any such agreements or contracts.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

19       MGA incorporates by reference its General Objections as though fully set forth

20   herein.  MGA further objects on the grounds that this request calls for the production

21   of documents that are not limited to the subject matter of this action and not relevant

22   to any claim or defense in the pending litigation or reasonably calculated to lead to

23   the discovery of admissible evidence.

24       MGA further objects to this request on the grounds that it is compound.  MGA

25   further objects to the request to the extent it violates the privacy rights of third parties

26   to their private, confidential, proprietary or trade secret information.

27       MGA also objects to this request on the grounds that it is overbroad, including,

28   without limitation, that it would extend to any documents and communications

665960v2

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT _____ *8*

PAGE _____ *96*