between anyone at MGA and anyone at Wachovia referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any indebtedness owed to Wachovia or any credit extended by Wachovia, without regard to whether such documents and communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every document and communication that any of its hundreds of employees may have had with anyone at Wachovia referring or relating to any indebtedness owed to Wachovia or any credit extended by Wachovia. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "indebtedness" and "credit extended." Mattel has not demonstrated how *all* agreements and contracts REFERRING OR RELATING TO any indebtedness owed to Wachovia or any credit extended by Wachovia since January 1, 2007, and any amendments or modifications thereto, and any COMMUNICATIONS RELATED TO any such agreements or contracts could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms REFERRING OR RELATING TO and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments or modifications thereto, without regard to whether such documents and communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with anyone at OMNI 808 INVESTORS, LLC referring or relating to agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments or modifications thereto. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements, contracts or transactions" and "amendments or modifications." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 25**

All DOCUMENTS containing financial information, including but not limited to YOUR historical and prospective financial performance, provided by YOU to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON FINANCIAL, LLC since January 1, 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *all* documents provided to anyone at MGA



LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

by any other person at OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON FINANCIAL, LLC since January 1, 2008, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "financial information" and "historical and prospective financial performance." Mattel has not demonstrated how *all* DOCUMENTS containing financial information, including but not limited to MGA's historical and prospective financial performance, provided by MGA to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the term DOCUMENTS renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

\\\

\\\

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000



EXHIBIT 8

PAGE 101

**REQUEST FOR PRODUCTION NO. 26**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto, without regard to whether such documents and communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with anyone at LEXINGTON FINANCIAL, LLC or any other person referring or relating to agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other person, and any amendments or modifications thereto. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements, contracts or transactions" and "amendments or modifications." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between LEXINGTON FINANCIAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 27**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to agreements, contracts or transactions between MGA and VISION CAPITAL, LLC, and any amendments or modifications thereto, without regard to whether such documents and communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication that any of its hundreds of employees may have had with anyone at VISION CAPITAL, LLC or any other person referring or relating to agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other person, and any amendments or modifications thereto. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "agreements, contracts or transactions" and "amendments or modifications." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 28**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 29**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 30**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of OMNI 808 INVESTORS, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of

OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 31**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of VISION CAPITAL, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member,

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of VISION CAPITAL, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 32**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC.

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 33**

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL, LLC to YOU or LARIAN.

**RESPONSE TO REQUEST FOR PRODUCTION NO: 33**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "relating to"

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL, LLC to MGA or LARIAN, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF VALUE" and "extension of credit or funding." Mattel has not demonstrated how *all* DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL, LLC to MGA or LARIAN could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 34**

All DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE to or from, or any extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all documents" and "relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any transfer of any funds, monies or any ITEM OF VALUE to or from, or any extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, without regard to whether such documents are at all relevant to any claim or defense at issue herein. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF VALUE" and "extension of credit or funding." Mattel has not demonstrated how *all* DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF VALUE to or from, or any extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 35**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the ground that this request is cumulative and duplicative to the extent that is the same request as Request for Production No. 28. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 36**

DOCUMENTS sufficient to IDENTIFY each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the ground that this request is cumulative and duplicative to the extent that is the same request as Request for Production No. 29. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrase "each member, managing member, holder of any ownership interest in, shareholder, officer and director" is unbounded by any date limitation and is not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons mentioned or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "member," "managing member," "holder of any ownership interest," "shareholder," "officer," "director." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 37**

DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "bank accounts." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY each of MGA's bank accounts could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 38**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which Isaac Larian has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which Isaac Larian has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 39**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 40**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 41**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 42**

All COMMUNICATIONS between or among YOU, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between or among anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Mattel and/or Bratz, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Mattel and/or Bratz. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. Mattel has not demonstrated how *all* COMMUNICATIONS between or among MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or BRATZ could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the

request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 43**

All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between or among anyone at MGA, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone and among at MGA, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Mattel and/or Bratz. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. Mattel has not demonstrated how *all* COMMUNICATIONS between or among MGA, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 44**

All COMMUNICATIONS between YOU and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between anyone at MGA and MASHIAN referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone and among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ. Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP LAW OFFICES 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 45**

All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between anyone at MGA and Neil Kadisha referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,



LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone and among at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ. Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and Neil Kadisha REFERRING OR RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 46**

All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between anyone at MGA and OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every communication between anyone and among at MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA,

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

LARIAN and/or BRATZ. Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 47**

All COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. MGA further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, MGA objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* communications between *anyone* referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC, without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify *every* communication between *anyone* REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC. Mattel has not demonstrated how *all* COMMUNICATIONS REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of



LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

privacy. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 48**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 49**

DOCUMENTS sufficient to IDENTIFY each bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 50**

DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the term "licensee." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* licensee of any BRATZ product since January 1, 2007 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 51**

DOCUMENTS sufficient to show the amount of payments made to YOU by each licensee of any BRATZ product since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "amount of payments" and "licensee." Mattel has not demonstrated how DOCUMENTS sufficient to show the amount of payments made to MGA by each licensee of any BRATZ product since January 1, 2007 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to this request on the ground that the term DOCUMENTS renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 52**

A sample of each BRATZ product manufactured, sold, offered for sale, marketed or distributed by YOU since January 1, 2008.



LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of tangible items that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale, marketed or distributed." Mattel has not demonstrated how a sample of *each* BRATZ product manufactured, sold, offered for sale, marketed or distributed by MGA since January 1, 2008 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks tangible items that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks tangible items not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks tangible items previously requested by Mattel or produced by MGA in response to Mattel's document requests.



LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

**REQUEST FOR PRODUCTION NO. 53**

To the extent not produced in response to any other Request, a sample of each core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or distributed by YOU since January 1, 2008.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of tangible items that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale, marketed or distributed." Mattel has not demonstrated how a sample of *each* core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or distributed by MGA since January 1, 2008 could be relevant to the claims and defenses in this action. MGA further objects to the request to the extent that it seeks tangible items that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks tangible items not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as cumulative and duplicative to the extent that it seeks tangible items previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 54**

All registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "registrations," "applications for registration," and "constitutes, includes or incorporates." Mattel has not demonstrated how *all* registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ" could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 55**

All registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "registrations," "applications for registration," and "constitutes, includes or incorporates." Mattel has not demonstrated how *all* registrations, and applications for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade" could be relevant

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 56**

All COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between *anyone* and *any* Trademark Office or governmental entity referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ.", without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "registrations," "applications for registration," and "constitutes, includes or incorporates." Mattel has not demonstrated how *all* COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "BRATZ" could be relevant to the claims and defenses in this action, let alone established that the relevancy of these communications outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks communications that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 57**

All COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

MGA incorporates by reference its General Objections as though fully set forth herein. MGA further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

MGA further objects to this request on the grounds that it is compound. MGA further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

MGA also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between *anyone* and *any* Trademark Office or governmental entity referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any registration, or application for registration, for any trademark or service mark that

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

constitutes, includes or incorporates in any manner the term "Jade," without regard to whether such communications are at all relevant to any claim or defense at issue herein. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "registrations," "applications for registration," and "constitutes, includes or incorporates." Mattel has not demonstrated how *all* COMMUNICATIONS with any Trademark Office or governmental entity REFERRING OR RELATING TO any registration, or application for registration, for any trademark or service mark that constitutes, includes or incorporates in any manner the term "Jade" could be relevant to the claims and defenses in this action, let alone established that the relevancy of these communications outweighs fundamental privacy rights. MGA further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks communications that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. MGA further objects to this request to the extent that it seeks documents not in MGA's possession, custody or control. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

\\\

\\\

MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests.

Dated: 2/6/, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: [signature]
Amman Khan
Attorneys for the MGA Parties for Phase Two

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On January 28, 2009, I served the foregoing document described as:

**RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee.

☐ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 6th day of February, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[signature]
YUMI CHUNG

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**SERVICE LIST**

Jon D. Corey, Esq.
Michael T. Zeller, Esq.
John Quinn, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Russel J. Frackman, Esq.
Patricia H. Benson, Esq.
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000

Thomas J. Nolan, Esq.
Raoul D. Kennedy, Esq.
Jason D. Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

# Exhibit 9

RECEIVED
FEB 06 2009

Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@ glaserweil.com
GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: 310-553-3000
Facsimile: 310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: 310-312-2000
Facsimile: 310-312-3100

Attorneys for the MGA Parties For Phase Two

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, an individual

Plaintiff,

v.

MATTEL, INC., a Delaware Corporation

Defendant.

AND CONSOLIDATED ACTIONS

Case No. CV 04-9049 SGL (RNBx)

Consolidated with
Case No. 04-09059
Case No. 05-02727

**RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN (PHASE 2)**

666200



EXHIBIT 9

PAGE 154

The General Response set forth herein applies to all responses that Isaac Larian ("Larian") is providing in response to these requests for production (the "Requests") or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other requests for production or other discovery procedures; and (c) the right at any time to revise, correct, add to, or clarify any of the responses propounded herein.

The Response reflects only the present state of Larian's discovery regarding the information that Mattel seeks. Discovery for Phase Two and other investigation or research concerning this litigation are continuing. It is anticipated that further discovery, independent investigation, and legal research and analysis will supply additional facts and meaning to the known facts, as well as establish entirely new factual conclusions, all of which may lead Larian to discover other information responsive to these Requests. Larian therefore reserves the right to amend or supplement this Response at any time in light of future investigation, research or analysis, and also expressly reserves the right to rely on, at any time, including trial, subsequently discovered information omitted from this Response as a result of mistake, error, oversight or inadvertence. Larian does not hereby admit, adopt or acquiesce in any factual or legal contention, assertion or characterization contained in the Requests or any particular request therein, even where Larian has not otherwise objected to a particular request, or has agreed to provide information responsive to a particular request.

No incidental or implied admissions are intended by this Response. These responses should not be taken as an admission that Larian accepts or admits the existence of any facts set forth or assumed by any instruction, definition or request.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## GENERAL OBJECTIONS

Larian responds to these Requests subject to the following general objections and limitations, each of which is incorporated into each and every response as though fully set forth therein:

1. Larian objects to these Requests to the extent they seek information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

2. Larian objects to these Requests to the extent they seek information not relevant to the claims or defenses of any party to this action and not reasonably calculated to lead to the discovery of admissible evidence.

3. Larian objects to these Requests to the extent they seek information which by reason of public filing or otherwise is already in Mattel's possession or is readily accessible to Mattel.

4. Larian objects to these Requests to the extent they seek the disclosure of information (1) not currently within his possession, custody or control; (2) that Larian cannot locate after a reasonably diligent search; or (3) that refer to persons, entities, or events not known to Larian.

5. Larian objects to these Requests to the extent they are overbroad and unduly burdensome.

6. Larian objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific requests on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome or uncertain.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

7. Larian objects to the following definitions in these Requests:

(a) Larian objects to the definition of the term "BRATZ" (Definitions ¶ E) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact. The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on. By incorporating the definition of DESIGN, the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ." (Definitions, ¶ E, F.) These convoluted and multi-part definitions combine to render the requests vague, ambiguous and overly broad, and to include within the term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case. In responding to these requests, Larian will interpret the term BRATZ to mean the line of dolls introduced by MGA to the market for sale in May or June of 2001 and subsequent dolls, accessories and other products known as Bratz or associated by Larian with the Bratz line of dolls.

(b) Larian objects to the terms "any" and "REFER OR RELATE TO" (Definitions ¶ I) on the grounds and to the extent that they are overbroad, unduly burdensome or are vague and ambiguous in the context of the requests as written and as those requests would be plainly understood absent Mattel's

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

definitions.

(c) Larian objects to the terms "IDENTIFY" or "IDENTITY" (Definitions ¶ L) as overbroad, unduly burdensome, vague, ambiguous, and oppressive. Mattel's definition of these terms inherently call for answers to multiple discrete questions or subparts to questions. For example, when those terms are used to reference any individual, the use of those terms requests at least 7 different and distinct facts: (a) such individual's name; (b) such individual's current or last known business title; (c) such individual's current or last known business affiliation; (d) such individual's current or last known relationship to Larian; (e) such individual's current or last known residential address; (f) such individual's current or last known business address; (g) such individual's current or last known telephone number. When those terms are used to reference any business entity, the use of those terms requests at least 4 different and distinct facts: (a) such entity's full name; (b) state (or country) of incorporation or organization; (c) such entity's present or last known address; (d) such entity's present or last known telephone number. Therefore, any request that includes or incorporates the terms "IDENTIFY" or "IDENTITY" are necessarily compound and should be posed as separate requests.

8. Larian objects to these request to the extent that they may unfairly seek to restrict the facts on which Larian may rely at trial. Discovery has not been completed and Larian is not yet necessarily in possession of all the facts and documents upon which Larian intends to rely. All of the responses submitted herewith are tendered to Mattel with the reservation that the responses are submitted without limiting the evidence on which Larian may rely to support the contentions and defenses that Larian may assert at the trial of this action and to rebut or impeach the contentions, assertions and evidence that Mattel may present. Larian reserves the right to supplement or amend these responses at a future date.

9. Larian objects to each request to the extent that it seeks information that will be the subject of expert witness testimony and that is therefore

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

premature.

10. Larian objects to each request to the extent that it seeks the disclosure of confidential, proprietary, or trade-secret information.

11. Larian objects to each request to the extent that it calls for a legal conclusion.

12. Larian reserves the right to object on any ground at any time to such other and supplemental discovery requests as Mattel may propound involving or relating to the same subject matter of these request.

13. The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any request. Larian reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14. In responding to these Requests, Larian has not and will not comply with any instructions or definitions that seek to impose requirements in addition to those imposed by the Federal Rules of Civil Procedure and any applicable local rule.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1**

All YOUR audited and unaudited monthly, quarterly and annual financial statements covering or RELATING TO any period on or after January 1, 2007, including without limitation balance sheets, income statements, profit and loss statements, consolidated statements of operations, cash flow statements and statements of retained earnings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated

to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any of Larian's financial statements relating to any period on or after January 1, 2007, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the term "financial statements." Mattel has not demonstrated how *all* Larian's audited and unaudited monthly, quarterly and annual financial statements could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the term RELATING TO renders the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 2**

All agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, including without limitation loan agreements, credit agreements, financing agreements, lines of credit and promissory notes, and any amendments or modifications thereto, and any notices of default and COMMUNICATIONS REFERRING OR RELATING TO any such agreements and contracts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents and communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* agreements and contracts with *any* lenders to or creditors of MGA and *any* communications referring or relating thereto, without regard to whether such communications are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "lenders," "creditors," "agreements," and "contracts." Mattel has not demonstrated how *all* agreements and contracts with any lenders to or creditors of MGA covering, RELATING TO, in effect, dated or entered into on or after January 1, 2007, and *any* notices of default and COMMUNICATIONS

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

REFERRING OR RELATING TO any such agreements and contracts could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents and communications outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the terms COMMUNICATIONS, REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 3**

To the extent not produced in response to any other Request, DOCUMENTS sufficient to IDENTIFY each other PERSON from whom YOU sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would require production of any documents sufficient to identify any person or entity from whom Larian sought, solicited, requested, obtained, received or were denied credit, financing or funding, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "sought," "solicited," "requested," "obtained," "received," "denied," "credit," "financing," and "funding." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* other PERSON from whom Larian sought, solicited, requested, obtained, received or were denied credit, financing or funding on or after January 1, 2007 and sufficient to show the amount(s) and terms involved could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and PERSON render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 4**

All DOCUMENTS REFERRING OR RELATING TO YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Larian's solvency or insolvency, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "solvency" and "insolvency." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Larian's solvency or insolvency, or whether Larian's liabilities exceed his assets could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. Larian further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**REQUEST FOR PRODUCTION NO. 5**

All DOCUMENTS REFERRING OR RELATING TO any representation or statement made by YOU about YOUR solvency or insolvency, or whether YOUR liabilities exceed YOUR assets, for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to *any* statement or representation made by Larian referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this Larian's solvency, insolvency, liabilities, or assets without regard to whether such statements or representations are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "representation," "statement," "solvency," and "insolvency." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any representation or statement

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

made by Larian about Larian's solvency or insolvency, or whether Larian's liabilities exceed his assets could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. Larian further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 6**

All DOCUMENTS REFERRING OR RELATING TO YOUR net worth for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Larian's net worth, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the term "net worth." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Larian's net worth could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. Larian further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 7**

All DOCUMENTS REFERRING OR RELATING TO ISAAC LARIAN's net worth for any period on or after January 1, 2007 (excluding pleadings served by YOU on MATTEL in this action).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects in that this is the same question as Request for Production No. 6. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, in that it would extend to any document referring or relating in any

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

way to a wide variety of matter that could potentially be construed as "relating" to Isaac Larian's net worth, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the term "net worth." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO Isaac Larian's net worth could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the terms DOCUMENTS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 8**

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Spring 2009, without regard to whether such documents or communications are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "orders," "cancelled or held orders," and "retailers and other prospective purchasers." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Spring 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the fundamental privacy rights. Larian

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 9**

All DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents and communications

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000

that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents or communications with retailers and other prospective purchasers referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to orders for BRATZ products for Fall 2009, without regard to whether such communications are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "orders," "cancelled or held orders," and "retailers and other prospective purchasers." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO orders, including without limitation cancelled or held orders, for BRATZ products for Fall 2009, and all COMMUNICATIONS with retailers and other prospective purchasers REFERRING OR RELATING TO any such orders could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights. Larian further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Larian further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 10**

All DOCUMENTS REFERRING OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family, since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to the transfer of any item of value between MGA and Isaac Larian or any member of Isaac Larian's family, or any entity controlled by Isaac Larian or Isaac Larian's family, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO the transfer of any ITEM OF VALUE by MGA to, or for the benefit of, ISAAC LARIAN, any member of ISAAC LARIAN's family or any entity controlled by ISAAC LARIAN or any member of ISAAC LARIAN's family could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the terms DOCUMENTS, REFERRING OR RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

Larian further objects to this request as cumulative and duplicative to the extent that it seeks documents previously requested by Mattel or produced by Larian in response to Mattel's document requests.

**REQUEST FOR PRODUCTION NO. 11**

All COMMUNICATIONS between YOU and any third-party, including without limitation any retailer or distributor but excluding MATTEL and any Court, REFERRING OR RELATING TO YOUR ex parte application for stay pending appeal, filed December 11, 2008, including without limitation any declaration, whether final, draft, proposed or requested, in connection therewith and copies of all draft declarations in connection therewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between Larian and any third-party referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to Larian's ex parte application for stay pending appeal, without regard to whether such communications are at all relevant to any claim or defense at issue herein. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "third-party," "retailer or distributor," and "ex parte application for stay pending

LAW OFFICES GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP 10250 CONSTELLATION BOULEVARD NINETEENTH FLOOR LOS ANGELES, CALIFORNIA 90067 310-553-3000