1  appeal." Mattel has not demonstrated how *all* COMMUNICATIONS between Larian
2  and any third-party REFERRING OR RELATING TO Larian's ex parte application
3  for stay pending appeal could be relevant to the claims and defenses in this action, let
4  alone established that the relevancy of these documents outweighs the individual's
5  fundamental right of privacy. Larian further objects to this request on the ground that
6  the terms COMMUNICATIONS and REFERRING OR RELATING TO render the
7  request vague, ambiguous, overly broad and unduly burdensome. Larian further
8  objects to the request to the extent that it seeks documents that by reason of public
9  filing, public distribution or otherwise are already in Mattel's possession or are
10 readily accessible to Mattel. Larian further objects to this request to the extent that it
11 seeks documents not in Larian's possession, custody or control. Larian also objects to
12 this request on the grounds that it seeks confidential, proprietary or commercially
13 sensitive information, the disclosure of which would be inimical to the personal and
14 business interests of Larian. Larian also objects to this request to the extent it calls
15 for the disclosure of attorney-client privileged information or information protected
16 from disclosure by the work-product doctrine, joint defense or common interest
17 privilege, or other privilege.

18      Larian further objects to this request as cumulative and duplicative to the extent
19 that it seeks documents previously requested by Mattel or produced by Larian in
20 response to Mattel's document requests.

21 **REQUEST FOR PRODUCTION NO. 12**

22      All DOCUMENTS REFERRING OR RELATING TO capital contributions to
23 MGA since January 1, 2007.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

25      Larian incorporates by reference his General Objections as though fully set
26 forth herein. Larian further objects to this request on the grounds that the Discovery
27 Master already has ruled on similarly phrased requests, including in an Order dated
28 May 7, 2008, concluding that requests using phrases like "all documents," and

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT___*9*___

PAGE *177*

1   "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

2   irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the

3   grounds that this request calls for the production of documents that are not limited to

4   the subject matter of this action and not relevant to any claim or defense in the

5   pending litigation or reasonably calculated to lead to the discovery of admissible

6   evidence. The request appears designed to circumvent the Court's January 7 Order

7   appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

8   first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

9        Larian further objects to this request on the grounds that it is compound.

10  Larian further objects to the request to the extent it violates the privacy rights of third

11  parties to their private, confidential, proprietary or trade secret information.

12       Larian also objects to this request on the grounds that it is overbroad, including,

13  without limitation, that it would extend to any documents referring or relating in any

14  way to a wide variety of matter that could potentially be construed as "relating" to

15  capital contributions to MGA, without regard for whether such documents are at all

16  relevant to any claim or defense at issue herein. Larian further objects to this request

17  on the grounds that it is vague and ambiguous in its use of the term "capital

18  contributions." Mattel has not demonstrated how *all* DOCUMENTS REFERRING

19  OR RELATING TO capital contributions to MGA could be relevant to the claims and

20  defenses in this action, let alone established that the relevancy of these documents

21  outweighs the individual's fundamental right of privacy. Larian further objects to this

22  request on the ground that the terms DOCUMENTS and REFERRING OR

23  RELATING TO render the request vague, ambiguous, overly broad and unduly

24  burdensome. Larian further objects to the request to the extent that it seeks

25  documents that by reason of public filing, public distribution or otherwise are already

26  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

27  this request to the extent that it seeks documents not in Larian's possession, custody

28  or control. Larian also objects to this request on the grounds that it seeks confidential,

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

24

EXHIBIT ___

PAGE ___ *128*

1 proprietary or commercially sensitive information, the disclosure of which would be

2 inimical to the personal and business interests of Larian. Larian also objects to this

3 request to the extent it calls for the disclosure of attorney-client privileged

4 information or information protected from disclosure by the work-product doctrine,

5 joint defense or common interest privilege, or other privilege.

6 Larian further objects to this request as cumulative and duplicative to the extent

7 that it seeks documents previously requested by Mattel or produced by Larian in

8 response to Mattel's document requests.

9 **REQUEST FOR PRODUCTION NO. 13**

10 All DOCUMENTS showing MGA's projected revenue, costs, profits or

11 financial performance for any period since January 1, 2007.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

13 Larian incorporates by reference his General Objections as though fully set

14 forth herein. Larian further objects on the grounds that this request calls for the

15 production of documents that are not limited to the subject matter of this action and

16 not relevant to any claim or defense in the pending litigation or reasonably calculated

17 to lead to the discovery of admissible evidence. The request appears designed to

18 circumvent the Court's January 7 Order appointing a forensic auditor and requiring

19 Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

20 Order Appointing Forensic Auditor.

21 Larian further objects to this request on the grounds that it is compound.

22 Larian further objects to the request to the extent it violates the privacy rights of third

23 parties to their private, confidential, proprietary or trade secret information.

24 Larian also objects to this request on the grounds that it is overbroad, including,

25 without limitation, that it would extend to any documents referring or relating in any

26 way to a wide variety of matter that could potentially be construed as "showing"

27 MGA's projected revenue, costs, profits or financial performance, without regard for

28 whether such documents are at all relevant to any claim or defense at issue herein.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

25

EXHIBIT 9

PAGE 139

1  Larian further objects to this request on the grounds that it is vague and ambiguous in

2  its use of the terms "projected revenue," "costs," "profits," and "financial

3  performance."  Mattel has not demonstrated how *all* DOCUMENTS showing MGA's

4  projected revenue, costs, profits or financial performance could be relevant to the

5  claims and defenses in this action, let alone established that the relevancy of these

6  documents outweighs fundamental privacy rights.  Larian further objects to this

7  request on the ground that the term DOCUMENTS renders the request vague,

8  ambiguous, overly broad and unduly burdensome.  Larian further objects to the

9  request to the extent that it seeks documents that by reason of public filing, public

10  distribution or otherwise are already in Mattel's possession or are readily accessible to

11  Mattel.  Larian further objects to this request to the extent that it seeks documents not

12  in Larian's possession, custody or control.  Larian also objects to this request on the

13  grounds that it seeks confidential, proprietary or commercially sensitive information,

14  the disclosure of which would be inimical to the personal and business interests of

15  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

16  attorney-client privileged information or information protected from disclosure by the

17  work-product doctrine, joint defense or common interest privilege, or other privilege.

18      Larian further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by Larian in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 14**

22      All DOCUMENTS REFERRING OR RELATING TO any transfer of any

23  ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN,

24  any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly

25  by ISAAC LARIAN, or any PERSON controlled, directly or indirectly, by any

26  ISAAC LARIAN family member since January. 1, 2007.

27

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _9_

PAGE _180_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this any transfer of any item of value between MGA, Isaac Larian, any Isaac Larian family member, and any person controlled directly or indirectly by Isaac Larian or Isaac Larian's family, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "transfer" and "controlled, directly or indirectly." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR RELATING TO any transfer of any ITEM OF VALUE or other transaction between (i) MGA, and (ii) ISAAC LARIAN, any ISAAC LARIAN family member, any PERSON controlled, directly or indirectly by ISAAC

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

27

EXHIBIT   9

PAGE   181

1 LARIAN, or any PERSON controlled, directly or indirectly, by any ISAAC LARIAN

2 family member could be relevant to the claims and defenses in this action, let alone

3 established that the relevancy of these documents outweighs the individual's

4 fundamental right of privacy.  Larian further objects to this request on the ground that

5 the terms DOCUMENTS, REFERRING OR RELATING TO, ITEM OF VALUE, and

6 PERSON render the request vague, ambiguous, overly broad and unduly burdensome.

7 Larian further objects to the request to the extent that it seeks documents that by

8 reason of public filing, public distribution or otherwise are already in Mattel's

9 possession or are readily accessible to Mattel.  Larian further objects to this request to

10 the extent that it seeks documents not in Larian's possession, custody or control.

11 Larian also objects to this request on the grounds that it seeks confidential, proprietary

12 or commercially sensitive information, the disclosure of which would be inimical to

13 the personal and business interests of Larian.  Larian also objects to this request to the

14 extent it calls for the disclosure of attorney-client privileged information or

15 information protected from disclosure by the work-product doctrine, joint defense or

16 common interest privilege, or other privilege.

17     Larian further objects to this request as cumulative and duplicative to the extent

18 that it seeks documents previously requested by Mattel or produced by Larian in

19 response to Mattel's document requests.

20 **REQUEST FOR PRODUCTION NO. 15**

21     All W-2s REFERRING OR RELATING TO any ISAAC LARIAN family

22 member since January 1, 2007.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

24     Larian incorporates by reference his General Objections as though fully set

25 forth herein.  Larian further objects on the grounds that this request calls for the

26 production of documents that are not limited to the subject matter of this action and

27 not relevant to any claim or defense in the pending litigation or reasonably calculated

28 to lead to the discovery of admissible evidence.  The request appears designed to

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000

EXHIBIT _9_

PAGE _182_

1  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

2  Mattel to pay the auditor's costs in the first instance. <u>See</u> January 7, 2009 Larson

3  Order Appointing Forensic Auditor.

4       Larian further objects to this request on the grounds that it is compound.

5  Larian further objects to the request to the extent it violates the privacy rights of third

6  parties to their private, confidential, proprietary or trade secret information.

7       Larian further objects to this request on the grounds that it is vague and

8  ambiguous in its use of the terms "W-2" and "family member." Mattel has not

9  demonstrated how *all* W-2s REFERRING OR RELATING TO any ISAAC LARIAN

10  family member could be relevant to the claims and defenses in this action, let alone

11  established that the relevancy of these documents outweighs the individual's

12  fundamental right of privacy. Larian further objects to this request on the ground that

13  the term REFERRING OR RELATING TO renders the request vague, ambiguous,

14  overly broad and unduly burdensome. Larian further objects to the request to the

15  extent that it seeks documents that by reason of public filing, public distribution or

16  otherwise are already in Mattel's possession or are readily accessible to Mattel.

17  Larian further objects to this request to the extent that it seeks documents not in

18  Larian's possession, custody or control. Larian also objects to this request on the

19  grounds that it seeks confidential, proprietary or commercially sensitive information,

20  the disclosure of which would be inimical to the personal and business interests of

21  Larian. Larian also objects to this request to the extent it calls for the disclosure of

22  attorney-client privileged information or information protected from disclosure by the

23  work-product doctrine, joint defense or common interest privilege, or other privilege.

24       Larian further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by Larian in

26  response to Mattel's document requests.

27

28

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

29

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___ 9

PAGE ___ 183

**REQUEST FOR PRODUCTION NO. 16**

All DOCUMENTS REFERRING OR RELATING TO any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any sale, distribution or transfer by MGA of BRATZ products having a retail value greater than $50,000 other than to retailers in the ordinary course of business, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _9_

PAGE _184_

1  involved in the sales, distributions, or transfers.  Larian further objects to this request

2  on the grounds that it is vague and ambiguous in its use of the terms "sale,"

3  "distribution," "transfer," "retail value," "retailers," and "ordinary course of

4  business."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

5  RELATING TO any sale, distribution or transfer by MGA of BRATZ products having

6  a retail value greater than $50,000 other than to retailers in the ordinary course of

7  business could be relevant to the claims and defenses in this action, let alone

8  established that the relevancy of these documents outweighs fundamental privacy

9  rights.  Larian further objects to this request on the ground that the terms

10  DOCUMENTS and REFERRING OR RELATING TO render the request vague,

11  ambiguous, overly broad and unduly burdensome.  Larian further objects to the

12  request to the extent that it seeks documents that by reason of public filing, public

13  distribution or otherwise are already in Mattel's possession or are readily accessible to

14  Mattel.  Larian further objects to this request to the extent that it seeks documents not

15  in Larian's possession, custody or control.  Larian also objects to this request on the

16  grounds that it seeks confidential, proprietary or commercially sensitive information,

17  the disclosure of which would be inimical to the personal and business interests of

18  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

19  attorney-client privileged information or information protected from disclosure by the

20  work-product doctrine, joint defense or common interest privilege, or other privilege.

21  　　　Larian further objects to this request as cumulative and duplicative to the extent

22  that it seeks documents previously requested by Mattel or produced by Larian in

23  response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 17**

25  　　　All DOCUMENTS REFERRING OR RELATING TO agreements,

26  transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA

27  and IGWT Group, LLC.

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

31

EXHIBIT ___9___

PAGE  *185*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any document referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to any agreements, transactions, sales, shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group, LLC, without regard to whether such documents are at all relevant to any claim or defense at issue herein. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT **9**

PAGE **186**

1  communications or as to time.  Larian further objects to this request on the grounds

2  that it is vague and ambiguous in its use of the terms "agreements," "transactions,"

3  "sales," "shipments," and "transfer."  Mattel has not demonstrated how *all*

4  DOCUMENTS REFERRING OR RELATING TO agreements, transactions, sales,

5  shipments or the transfer of any ITEM OF VALUE between MGA and IGWT Group,

6  LLC could be relevant to the claims and defenses in this action, let alone established

7  that the relevancy of these documents outweighs the individual's fundamental right of

8  privacy.  Larian further objects to this request on the ground that the terms

9  DOCUMENTS, REFERRING OR RELATING TO, and  ITEM OF VALUE render

10  the request vague, ambiguous, overly broad and unduly burdensome.  Larian further

11  objects to the request to the extent that it seeks documents that by reason of public

12  filing, public distribution or otherwise are already in Mattel's possession or are

13  readily accessible to Mattel.  Larian further objects to this request to the extent that it

14  seeks documents not in Larian's possession, custody or control.  Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the personal and

17  business interests of Larian.  Larian also objects to this request to the extent it calls

18  for the disclosure of attorney-client privileged information or information protected

19  from disclosure by the work-product doctrine, joint defense or common interest

20  privilege, or other privilege.

21      Larian further objects to this request as being overly broad and unduly

22  burdensome on the grounds that it is not limited in time.  Larian further objects to this

23  request as cumulative and duplicative to the extent that it seeks documents previously

24  requested by Mattel or produced by Larian in response to Mattel's document requests.

25

26  \ \ \

27  \ \ \

28  \ \ \

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___*9*___

PAGE ___*187*___

**REQUEST FOR PRODUCTION NO. 18**

All DOCUMENTS REFERRING OR RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory Purchase Agreement dated July 7, 2008, including without limitation all audits or other valuations performed in connection with such product, any opinions RELATING TO the fairness or unfairness of such transfer, all MGA corporate or director resolutions or approvals of such transfer, all bids received or solicited in connection with the purported sale or offering for sale of such product, the terms of such bids and any other and all COMMUNICATIONS relating to any of the foregoing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communications between anyone at MGA and any other person referring or relating in any way to a

666200

EXHIBIT _____ **9**

PAGE _____ **188**

1   wide variety of matter that could potentially be construed as "relating" to the alleged

2   transfer of product from MGA to IGWT Group, LLC pursuant to the Inventory

3   Purchase Agreement dated July 7, 2008, without regard to whether such documents

4   and communications are at all relevant to any claim or defense at issue herein. Larian

5   also objects to this request on the grounds that it is overbroad, unduly burdensome

6   and oppressive in that it is not in any way limited as to the persons involved in the

7   communications. Larian further objects to this request on the grounds that it is vague

8   and ambiguous in its use of the terms "transfer of product," "corporate or director

9   resolutions or approvals," "bids received or solicited," and "purported sale or offering

10  for sale." Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

11  RELATING TO the alleged transfer of product from MGA to IGWT Group, LLC

12  pursuant to the Inventory Purchase Agreement dated July 7, 2008, *any* opinions

13  RELATING TO the fairness or unfairness of such transfer, *all* MGA corporate or

14  director resolutions or approvals of such transfer, *all* bids received or solicited in

15  connection with the purported sale or offering for sale of such product, the terms of

16  such bids and *any other and all* COMMUNICATIONS relating to any of the

17  foregoing could be relevant to the claims and defenses in this action, let alone

18  established that the relevancy of these documents outweighs the individual's

19  fundamental right of privacy. Larian further objects to this request on the ground that

20  the terms DOCUMENTS, REFERRING OR RELATING TO, and

21  COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

22  burdensome. Larian further objects to the request to the extent that it seeks

23  documents that by reason of public filing, public distribution or otherwise are already

24  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

25  this request to the extent that it seeks documents not in Larian's possession, custody

26  or control. Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would be

28  inimical to the personal and business interests of Larian. Larian also objects to this

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-653-5000

EXHIBIT ___9___

PAGE ___189___

1  request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the work-product doctrine,

3  joint defense or common interest privilege, or other privilege.

4      Larian further objects to this request as cumulative and duplicative to the extent

5  that it seeks documents previously requested by Mattel or produced by Larian in

6  response to Mattel's document requests.

7  **REQUEST FOR PRODUCTION NO. 19**

8      All DOCUMENTS REFERRING OR RELATING TO the revenue generated

9  by IGWT Group, LLC's sales, licensing, distribution or other transfer of BRATZ

10  products and the transfer or disposition of such revenue.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

12      Larian incorporates by reference his General Objections as though fully set

13  forth herein.  Larian further objects to this request on the grounds that the Discovery

14  Master already has ruled on similarly phrased requests, including in an Order dated

15  May 7, 2008, concluding that requests using phrases like "all documents," and

16  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

17  irrelevant information.  <u>See</u> May 7, 2008 Infante Order.  Larian further objects on the

18  grounds that this request calls for the production of documents that are not limited to

19  the subject matter of this action and not relevant to any claim or defense in the

20  pending litigation or reasonably calculated to lead to the discovery of admissible

21  evidence.  The request appears designed to circumvent the Court's January 7 Order

22  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

23  first instance.  <u>See</u> January 7, 2009 Larson Order Appointing Forensic Auditor.

24      Larian further objects to this request on the grounds that it is compound.

25  Larian further objects to the request to the extent it violates the privacy rights of third

26  parties to their private, confidential, proprietary or trade secret information.  Larian

27  further objects to this request on the grounds that it is overbroad as to subject matter

28  and time; in particular, Larian objects that the phrases "all documents" and "referring

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ *9*

PAGE _____ *190*

1   or relating to" are unbounded by any date limitation and are not tied in any way to

2   any claim, defense or other issues involved in Phase 2 of this litigation.

3          Larian also objects to this request on the grounds that it is overbroad, including,

4   without limitation, that it would extend to any documents referring or relating in any

5   way to a wide variety of matter that could potentially be construed as "relating" to the

6   revenue generated by IGWT Group, LLC's sales, licensing, distribution or other

7   transfer of BRATZ products and the transfer or disposition of such revenue, without

8   regard to whether such documents are at all relevant to any claim or defense at issue

9   herein.  Larian also objects to this request on the grounds that it is overbroad, unduly

10  burdensome and oppressive in that it is not in any way limited as to the persons

11  involved in the communications or as to time.  Larian further objects to this request

12  on the grounds that it is vague and ambiguous in its use of the terms "revenue

13  generated," "sales," "licensing," "distribution," "other transfer," "BRATZ products,"

14  and "transfer or disposition of such revenue."  Mattel has not demonstrated how *all*

15  DOCUMENTS REFERRING OR RELATING TO the revenue generated by IGWT

16  Group, LLC's sales, licensing, distribution or other transfer of BRATZ products and

17  the transfer or disposition of such revenue could be relevant to the claims and

18  defenses in this action, let alone established that the relevancy of these documents

19  outweighs the individual's fundamental right of privacy.  Larian further objects to this

20  request on the ground that the terms DOCUMENTS and REFERRING OR

21  RELATING TO render the request vague, ambiguous, overly broad and unduly

22  burdensome.  Larian further objects to the request to the extent that it seeks

23  documents that by reason of public filing, public distribution or otherwise are already

24  in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

25  this request to the extent that it seeks documents not in Larian's possession, custody

26  or control.  Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would be

28  inimical to the personal and business interests of Larian.  Larian also objects to this

666200

37

EXHIBIT ___9___

PAGE ___191___

1  request to the extent it calls for the disclosure of attorney-client privileged

2  information or information protected from disclosure by the work-product doctrine,

3  joint defense or common interest privilege, or other privilege.

4      Larian further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in time.  Larian further objects to this

6  request as cumulative and duplicative to the extent that it seeks documents previously

7  requested by Mattel or produced by Larian in response to Mattel's document requests.

8  **REQUEST FOR PRODUCTION NO. 20**

9      All DOCUMENTS REFERRING OR RELATING TO agreements, contracts,

10  transactions, sales, shipments or transfers of any ITEM OF VALUE between MGA

11  and IGWT 826 Investments, LLC.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

13      Larian incorporates by reference his General Objections as though fully set

14  forth herein.  Larian further objects to this request on the grounds that the Discovery

15  Master already has ruled on similarly phrased requests, including in an Order dated

16  May 7, 2008, concluding that requests using phrases like "all documents," and

17  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

18  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

19  grounds that this request calls for the production of documents that are not limited to

20  the subject matter of this action and not relevant to any claim or defense in the

21  pending litigation or reasonably calculated to lead to the discovery of admissible

22  evidence.  The request appears designed to circumvent the Court's January 7 Order

23  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the

24  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

25      Larian further objects to this request on the grounds that it is compound.

26  Larian further objects to the request to the extent it violates the privacy rights of third

27  parties to their private, confidential, proprietary or trade secret information.  Larian

28  further objects to this request on the grounds that it is overbroad as to subject matter

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ____9____

PAGE ___192___

1   and time; in particular, Larian objects that the phrases "all documents" and "referring

2   or relating to" are unbounded by any date limitation and are not tied in any way to

3   any claim, defense or other issues involved in Phase 2 of this litigation.

4         Larian also objects to this request on the grounds that it is overbroad, including,

5   without limitation, that it would extend to any documents referring or relating in any

6   way to a wide variety of matter that could potentially be construed as "relating" to

7   agreements, contracts, transactions, sales, shipments or transfers of any ITEM OF

8   VALUE between MGA and IGWT 826 Investments, LLC, without regard to whether

9   such documents are at all relevant to any claim or defense at issue herein.  Larian

10  further objects to this request on the grounds that it is vague and ambiguous in its use

11  of the terms "agreements," "contracts," "transactions," "sales," "shipments," and

12  "transfers."  Mattel has not demonstrated how *all* DOCUMENTS REFERRING OR

13  RELATING TO agreements, contracts, transactions, sales, shipments or transfers of

14  any ITEM OF VALUE between MGA and IGWT 826 Investments, LLC could be

15  relevant to the claims and defenses in this action, let alone established that the

16  relevancy of these documents outweighs fundamental privacy rights.  Larian further

17  objects to this request on the ground that the terms DOCUMENTS, REFERRING OR

18  RELATING TO, and ITEM OF VALUE render the request vague, ambiguous, overly

19  broad and unduly burdensome.  Larian further objects to the request to the extent that

20  it seeks documents that by reason of public filing, public distribution or otherwise are

21  already in Mattel's possession or are readily accessible to Mattel.  Larian further

22  objects to this request to the extent that it seeks documents not in Larian's possession,

23  custody or control.  Larian also objects to this request on the grounds that it seeks

24  confidential, proprietary or commercially sensitive information, the disclosure of

25  which would be inimical to the personal and business interests of Larian.  Larian also

26  objects to this request to the extent it calls for the disclosure of attorney-client

27  privileged information or information protected from disclosure by the work-product

28  doctrine, joint defense or common interest privilege, or other privilege.

666200

39

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___9___

PAGE ___193___

1    Larian further objects to this request as being overly broad and unduly
2  burdensome on the grounds that it is not limited in time.  Larian further objects to this
3  request as cumulative and duplicative to the extent that it seeks documents previously
4  requested by Mattel or produced by Larian in response to Mattel's document requests.
5  **REQUEST FOR PRODUCTION NO. 21**
6    All DOCUMENTS REFERRING OR RELATING TO the revenue generated
7  by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of
8  BRATZ products and the transfer or disposition of such revenue.
9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**
10    Larian incorporates by reference his General Objections as though fully set
11  forth herein.  Larian further objects to this request on the grounds that the Discovery
12  Master already has ruled on similarly phrased requests, including in an Order dated
13  May 7, 2008, concluding that requests using phrases like "all documents," and
14  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek
15  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the
16  grounds that this request calls for the production of documents that are not limited to
17  the subject matter of this action and not relevant to any claim or defense in the
18  pending litigation or reasonably calculated to lead to the discovery of admissible
19  evidence.  The request appears designed to circumvent the Court's January 7 Order
20  appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the
21  first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.
22    Larian further objects to this request on the grounds that it is compound.
23  Larian further objects to the request to the extent it violates the privacy rights of third
24  parties to their private, confidential, proprietary or trade secret information.  Larian
25  further objects to this request on the grounds that it is overbroad as to subject matter
26  and time; in particular, Larian objects that the phrases "all documents" and "referring
27  or relating to" are unbounded by any date limitation and are not tied in any way to
28  any claim, defense or other issues involved in Phase 2 of this litigation.

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

40

EXHIBIT _____9_____

PAGE ___194___

1    Larian also objects to this request on the grounds that it is overbroad, including,

2    without limitation, that it would extend to any documents referring or relating in any

3    way to a wide variety of matter that could potentially be construed as "relating" to the

4    revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or

5    other transfer of BRATZ products and the transfer or disposition of such revenue,

6    without regard to whether such communications are at all relevant to any claim or

7    defense at issue herein. Larian further objects to this request on the grounds that it is

8    vague and ambiguous in its use of the terms "sales, licensing, distribution or other

9    transfer" and "transfer or disposition of such revenue." Mattel has not demonstrated

10   how *all* DOCUMENTS REFERRING OR RELATING TO the revenue generated by

11   IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of

12   BRATZ products and the transfer or disposition of such revenue could be relevant to

13   the claims and defenses in this action, let alone established that the relevancy of these

14   documents outweighs fundamental privacy rights. Larian further objects to this

15   request on the ground that the terms DOCUMENTS and REFERRING OR

16   RELATING TO render the request vague, ambiguous, overly broad and unduly

17   burdensome. Larian further objects to the request to the extent that it seeks

18   documents that by reason of public filing, public distribution or otherwise are already

19   in Mattel's possession or are readily accessible to Mattel. Larian further objects to

20   this request to the extent that it seeks documents not in Larian's possession, custody

21   or control. Larian also objects to this request on the grounds that it seeks confidential,

22   proprietary or commercially sensitive information, the disclosure of which would be

23   inimical to the personal and business interests of Larian. Larian also objects to this

24   request to the extent it calls for the disclosure of attorney-client privileged

25   information or information protected from disclosure by the work-product doctrine,

26   joint defense or common interest privilege, or other privilege.

27   Larian further objects to this request as being overly broad and unduly

28   burdensome on the grounds that it is not limited in time. Larian further objects to this

666200

**41**

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT __9__

PAGE __195__

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by Larian in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 22**

4     All agreements, contracts and written COMMUNICATIONS between MGA

5  and Wachovia since January 1, 2007.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

7     Larian incorporates by reference his General Objections as though fully set

8  forth herein. Larian further objects on the grounds that this request calls for the

9  production of documents that are not limited to the subject matter of this action and

10 not relevant to any claim or defense in the pending litigation or reasonably calculated

11 to lead to the discovery of admissible evidence.

12    Larian further objects to this request on the grounds that it is compound.

13 Larian further objects to the request to the extent it violates the privacy rights of third

14 parties to their private, confidential, proprietary or trade secret information.

15    Larian also objects to this request on the grounds that it is overbroad, including,

16 without limitation, that it would extend to agreements, contracts and written

17 COMMUNICATIONS between anyone at MGA and anyone at Wachovia, without

18 regard to whether such communications are at all relevant to any claim or defense at

19 issue herein. Larian further objects to this request on the grounds that it is vague and

20 ambiguous in its use of the terms "agreements" and "contracts." Mattel has not

21 demonstrated how *all* agreements, contracts and written COMMUNICATIONS

22 between MGA and Wachovia could be relevant to the claims and defenses in this

23 action, let alone established that the relevancy of these documents outweighs

24 fundamental privacy rights. Larian further objects to this request on the ground that

25 the term COMMUNICATIONS renders the request vague, ambiguous, overly broad

26 and unduly burdensome. Larian further objects to the request to the extent that it

27 seeks documents that by reason of public filing, public distribution or otherwise are

28 already in Mattel's possession or are readily accessible to Mattel. Larian further

666200

42

EXHIBIT __

PAGE __196__

1  objects to this request to the extent that it seeks documents not in Larian's possession,

2  custody or control.  Larian also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the personal and business interests of Larian.  Larian also

5  objects to this request to the extent it calls for the disclosure of attorney-client

6  privileged information or information protected from disclosure by the work-product

7  doctrine, joint defense or common interest privilege, or other privilege.

8      Larian further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by Larian in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 23**

12      All agreements and contracts REFERRING OR RELATING TO any

13  indebtedness owed to Wachovia or any credit extended by Wachovia since January 1,

14  2007, and any amendments or modifications thereto, and any COMMUNICATIONS

15  RELATED TO any such agreements or contracts.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

17      Larian incorporates by reference his General Objections as though fully set

18  forth herein.  Larian further objects on the grounds that this request calls for the

19  production of documents that are not limited to the subject matter of this action and

20  not relevant to any claim or defense in the pending litigation or reasonably calculated

21  to lead to the discovery of admissible evidence.

22      Larian further objects to this request on the grounds that it is compound.

23  Larian further objects to the request to the extent it violates the privacy rights of third

24  parties to their private, confidential, proprietary or trade secret information.

25      Larian also objects to this request on the grounds that it is overbroad, including,

26  without limitation, that it would extend to any documents and communications

27  between anyone at MGA and anyone at Wachovia referring or relating in any way to

28  a wide variety of matter that could potentially be construed as "relating" to any

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___9___

PAGE ___197___

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   indebtedness owed to Wachovia or any credit extended by Wachovia, without regard

2   to whether such documents and communications are at all relevant to any claim or

3   defense at issue herein.  Larian further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "indebtedness" and "credit extended."

5   Mattel has not demonstrated how *all* agreements and contracts REFERRING OR

6   RELATING TO any indebtedness owed to Wachovia or any credit extended by

7   Wachovia since January 1, 2007, and any amendments or modifications thereto, and

8   any COMMUNICATIONS RELATED TO any such agreements or contracts could be

9   relevant to the claims and defenses in this action, let alone established that the

10  relevancy of these documents outweighs the individual's fundamental right of

11  privacy.  Larian further objects to this request on the ground that the terms

12  REFERRING OR RELATING TO and COMMUNICATIONS render the request

13  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

14  the request to the extent that it seeks documents that by reason of public filing, public

15  distribution or otherwise are already in Mattel's possession or are readily accessible to

16  Mattel.  Larian further objects to this request to the extent that it seeks documents not

17  in Larian's possession, custody or control.  Larian also objects to this request on the

18  grounds that it seeks confidential, proprietary or commercially sensitive information,

19  the disclosure of which would be inimical to the personal and business interests of

20  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

21  attorney-client privileged information or information protected from disclosure by the

22  work-product doctrine, joint defense or common interest privilege, or other privilege.

23       Larian further objects to this request as cumulative and duplicative to the extent

24  that it seeks documents previously requested by Mattel or produced by Larian in

25  response to Mattel's document requests.

26

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

44

EXHIBIT _____ 9

PAGE _____ 198

**REQUEST FOR PRODUCTION NO. 24**

All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments or modifications thereto, and any COMMUNICATIONS REFERRING OR RELATING TO any such agreements, contracts or transactions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects to this request on the grounds that the Discovery Master already has ruled on similarly phrased requests, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any documents and communication between anyone at MGA and anyone at OMNI 808 INVESTORS, LLC referring or

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

45

EXHIBIT _____ _9_

PAGE _____ _199_

1 | relating in any way to a wide variety of matter that could potentially be construed as
2 | "relating" to agreements, contracts or transactions between MGA and OMNI 808
3 | INVESTORS, LLC, and any amendments or modifications thereto, without regard to
4 | whether such documents and communications are at all relevant to any claim or
5 | defense at issue herein.  Larian further objects to this request on the grounds that it is
6 | vague and ambiguous in its use of the terms "agreements, contracts or transactions"
7 | and "amendments or modifications."  Mattel has not demonstrated how *all*
8 | DOCUMENTS REFERRING OR RELATING TO agreements, contracts or
9 | transactions between MGA and OMNI 808 INVESTORS, LLC, and any amendments
10 | or modifications thereto, and any COMMUNICATIONS REFERRING OR
11 | RELATING TO any such agreements, contracts or transactions could be relevant to
12 | the claims and defenses in this action, let alone established that the relevancy of these
13 | documents outweighs the individual's fundamental right of privacy.  Larian further
14 | objects to this request on the ground that the terms DOCUMENTS, REFERRING OR
15 | RELATING TO, and COMMUNICATIONS render the request vague, ambiguous,
16 | overly broad and unduly burdensome.  Larian further objects to the request to the
17 | extent that it seeks documents that by reason of public filing, public distribution or
18 | otherwise are already in Mattel's possession or are readily accessible to Mattel.
19 | Larian further objects to this request to the extent that it seeks documents not in
20 | Larian's possession, custody or control.  Larian also objects to this request on the
21 | grounds that it seeks confidential, proprietary or commercially sensitive information,
22 | the disclosure of which would be inimical to the personal and business interests of
23 | Larian.  Larian also objects to this request to the extent it calls for the disclosure of
24 | attorney-client privileged information or information protected from disclosure by the
25 | work-product doctrine, joint defense or common interest privilege, or other privilege.
26 |      Larian further objects to this request as being overly broad and unduly
27 | burdensome on the grounds that it is not limited in time.  Larian further objects to this
28 |

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE _____

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by Larian in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 25**

4      All DOCUMENTS containing financial information, including but not limited

5  to YOUR historical and prospective financial performance, provided by YOU to

6  OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or LEXINGTON

7  FINANCIAL, LLC since January 1, 2008.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

9      Larian incorporates by reference his General Objections as though fully set

10  forth herein.  Larian further objects on the grounds that this request calls for the

11  production of documents that are not limited to the subject matter of this action and

12  not relevant to any claim or defense in the pending litigation or reasonably calculated

13  to lead to the discovery of admissible evidence.

14      Larian further objects to this request on the grounds that it is compound.

15  Larian further objects to the request to the extent it violates the privacy rights of third

16  parties to their private, confidential, proprietary or trade secret information.

17      Larian also objects to this request on the grounds that it is overbroad, including,

18  without limitation, that it would extend to *all* documents provided by Larian to any

19  other person at OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC or

20  LEXINGTON FINANCIAL, LLC since January 1, 2008, without regard to whether

21  such documents are at all relevant to any claim or defense at issue herein.  Larian

22  further objects to this request on the grounds that it is vague and ambiguous in its use

23  of the terms "financial information" and "historical and prospective financial

24  performance."  Mattel has not demonstrated how *all* DOCUMENTS containing

25  financial information, including but not limited to Larian's historical and prospective

26  financial performance, provided by Larian to OMNI 808 INVESTORS, LLC,

27  VISION CAPITAL, LLC or LEXINGTON FINANCIAL, LLC could be relevant to

28  the claims and defenses in this action, let alone established that the relevancy of these

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 9

PAGE 201

1  documents outweighs the individual's fundamental right of privacy.  Larian further

2  objects to this request on the ground that the term DOCUMENTS renders the request

3  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

4  the request to the extent that it seeks documents that by reason of public filing, public

5  distribution or otherwise are already in Mattel's possession or are readily accessible to

6  Mattel.  Larian further objects to this request to the extent that it seeks documents not

7  in Larian's possession, custody or control.  Larian also objects to this request on the

8  grounds that it seeks confidential, proprietary or commercially sensitive information,

9  the disclosure of which would be inimical to the personal and business interests of

10  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

11  attorney-client privileged information or information protected from disclosure by the

12  work-product doctrine, joint defense or common interest privilege, or other privilege.

13  Larian further objects to this request as cumulative and duplicative to the extent

14  that it seeks documents previously requested by Mattel or produced by Larian in

15  response to Mattel's document requests.

16  **REQUEST FOR PRODUCTION NO. 26**

17  All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

18  transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

19  PERSON, and any amendments or modifications thereto, and any

20  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

21  contracts or transactions.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

23  Larian incorporates by reference his General Objections as though fully set

24  forth herein.  Larian further objects to this request on the grounds that the Discovery

25  Master already has ruled on similarly phrased requests, including in an Order dated

26  May 7, 2008, concluding that requests using phrases like "all documents," and

27  "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

28  irrelevant information.  See May 7, 2008 Infante Order.  Larian further objects on the

666200

48

EXHIBIT ___9___

PAGE ___202___

1   grounds that this request calls for the production of documents that are not limited to

2   the subject matter of this action and not relevant to any claim or defense in the

3   pending litigation or reasonably calculated to lead to the discovery of admissible

4   evidence.

5       Larian further objects to this request on the grounds that it is compound.

6   Larian further objects to the request to the extent it violates the privacy rights of third

7   parties to their private, confidential, proprietary or trade secret information. Larian

8   further objects to this request on the grounds that it is overbroad as to subject matter

9   and time; in particular, Larian objects that the phrases "all documents" and "referring

10  or relating to" are unbounded by any date limitation and are not tied in any way to

11  any claim, defense or other issues involved in Phase 2 of this litigation.

12      Larian also objects to this request on the grounds that it is overbroad, including,

13  without limitation, that it would extend to any documents and communication

14  between anyone at MGA and anyone at LEXINGTON FINANCIAL, LLC referring

15  or relating in any way to a wide variety of matter that could potentially be construed

16  as "relating" to agreements, contracts or transactions between MGA and

17  LEXINGTON FINANCIAL, LLC, and any amendments or modifications thereto,

18  without regard to whether such documents and communications are at all relevant to

19  any claim or defense at issue herein. Larian further objects to this request on the

20  grounds that it is vague and ambiguous in its use of the terms "agreements, contracts

21  or transactions" and "amendments or modifications." Mattel has not demonstrated

22  how *all* DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

23  transactions between LEXINGTON FINANCIAL, LLC and MGA or any other

24  PERSON, and any amendments or modifications thereto, and any

25  COMMUNICATIONS REFERRING OR RELATING TO any such agreements,

26  contracts or transactions could be relevant to the claims and defenses in this action, let

27  alone established that the relevancy of these documents outweighs the individual's

28  fundamental right of privacy. Larian further objects to this request on the ground that

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___9___

PAGE ___203___

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 the terms DOCUMENTS, REFERRING OR RELATING TO, and

2 COMMUNICATIONS render the request vague, ambiguous, overly broad and unduly

3 burdensome. Larian further objects to the request to the extent that it seeks

4 documents that by reason of public filing, public distribution or otherwise are already

5 in Mattel's possession or are readily accessible to Mattel. Larian further objects to

6 this request to the extent that it seeks documents not in Larian's possession, custody

7 or control. Larian also objects to this request on the grounds that it seeks confidential,

8 proprietary or commercially sensitive information, the disclosure of which would be

9 inimical to the personal and business interests of Larian. Larian also objects to this

10 request to the extent it calls for the disclosure of attorney-client privileged

11 information or information protected from disclosure by the work-product doctrine,

12 joint defense or common interest privilege, or other privilege.

13     Larian further objects to this request as being overly broad and unduly

14 burdensome on the grounds that it is not limited in time. Larian further objects to this

15 request as cumulative and duplicative to the extent that it seeks documents previously

16 requested by Mattel or produced by Larian in response to Mattel's document requests.

17 **REQUEST FOR PRODUCTION NO. 27**

18     All DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

19 transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

20 any amendments or modifications thereto, and any COMMUNICATIONS

21 REFERRING OR RELATING TO any such agreements, contracts or transactions.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

23     Larian incorporates by reference his General Objections as though fully set

24 forth herein. Larian further objects to this request on the grounds that the Discovery

25 Master already has ruled on similarly phrased requests, including in an Order dated

26 May 7, 2008, concluding that requests using phrases like "all documents," and

27 "referring to or relating to" are overly broad, vague, unduly burdensome, and seek

28 irrelevant information. See May 7, 2008 Infante Order. Larian further objects on the

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___9___

PAGE ___204___

1    grounds that this request calls for the production of documents that are not limited to

2    the subject matter of this action and not relevant to any claim or defense in the

3    pending litigation or reasonably calculated to lead to the discovery of admissible

4    evidence.

5        Larian further objects to this request on the grounds that it is compound.

6    Larian further objects to the request to the extent it violates the privacy rights of third

7    parties to their private, confidential, proprietary or trade secret information. Larian

8    further objects to this request on the grounds that it is overbroad as to subject matter

9    and time; in particular, Larian objects that the phrases "all documents" and "referring

10   or relating to" are unbounded by any date limitation and are not tied in any way to

11   any claim, defense or other issues involved in Phase 2 of this litigation.

12       Larian also objects to this request on the grounds that it is overbroad, including,

13   without limitation, that it would extend to any documents and communication

14   between anyone at MGA and anyone at VISION CAPITAL, LLC referring or relating

15   in any way to a wide variety of matter that could potentially be construed as

16   "relating" to agreements, contracts or transactions between MGA and VISION

17   CAPITAL, LLC, and any amendments or modifications thereto, without regard to

18   whether such documents and communications are at all relevant to any claim or

19   defense at issue herein. Larian further objects to this request on the grounds that it is

20   vague and ambiguous in its use of the terms "agreements, contracts or transactions"

21   and "amendments or modifications." Mattel has not demonstrated how *all*

22   DOCUMENTS REFERRING OR RELATING TO agreements, contracts or

23   transactions between VISION CAPITAL, LLC and MGA or any other PERSON, and

24   any amendments or modifications thereto, and any COMMUNICATIONS

25   REFERRING OR RELATING TO any such agreements, contracts or transactions

26   could be relevant to the claims and defenses in this action, let alone established that

27   the relevancy of these documents outweighs the individual's fundamental right of

28   privacy. Larian further objects to this request on the ground that the terms

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 9

PAGE 305

1  DOCUMENTS, REFERRING OR RELATING TO, and COMMUNICATIONS

2  render the request vague, ambiguous, overly broad and unduly burdensome.  Larian

3  further objects to the request to the extent that it seeks documents that by reason of

4  public filing, public distribution or otherwise are already in Mattel's possession or are

5  readily accessible to Mattel.  Larian further objects to this request to the extent that it

6  seeks documents not in Larian's possession, custody or control.  Larian also objects to

7  this request on the grounds that it seeks confidential, proprietary or commercially

8  sensitive information, the disclosure of which would be inimical to the personal and

9  business interests of Larian.  Larian also objects to this request to the extent it calls

10  for the disclosure of attorney-client privileged information or information protected

11  from disclosure by the work-product doctrine, joint defense or common interest

12  privilege, or other privilege.

13        Larian further objects to this request as being overly broad and unduly

14  burdensome on the grounds that it is not limited in time.  Larian further objects to this

15  request as cumulative and duplicative to the extent that it seeks documents previously

16  requested by Mattel or produced by Larian in response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 28**

18        DOCUMENTS sufficient to IDENTIFY each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

20  LLC.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

22        Larian incorporates by reference his General Objections as though fully set

23  forth herein.  Larian further objects on the grounds that this request calls for the

24  production of documents that are not limited to the subject matter of this action and

25  not relevant to any claim or defense in the pending litigation or reasonably calculated

26  to lead to the discovery of admissible evidence.

27        Larian further objects to this request on the grounds that it is compound.

28  Larian further objects to the request to the extent it violates the privacy rights of third

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____9_____

PAGE ___206___

1   parties to their private, confidential, proprietary or trade secret information.  Larian

2   further objects to this request on the grounds that it is overbroad as to subject matter

3   and time; in particular, Larian objects that the phrase "each member, managing

4   member, holder of any ownership interest in, shareholder, officer and director" is

5   unbounded by any date limitation and is not tied in any way to any claim, defense or

6   other issues involved in Phase 2 of this litigation.

7        Larian also objects to this request on the grounds that it is overbroad, unduly

8   burdensome and oppressive in that it is not in any way limited as to the persons

9   mentioned or as to time.  Larian further objects to this request on the grounds that it is

10  vague and ambiguous in its use of the terms "member," "managing member," "holder

11  of any ownership interest," "shareholder," "officer," "director."  Mattel has not

12  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

13  member, holder of any ownership interest in, shareholder, officer and director of

14  IGWT Group, LLC could be relevant to the claims and defenses in this action, let

15  alone established that the relevancy of these documents outweighs the individual's

16  fundamental right of privacy.  Larian further objects to the request to the extent that it

17  seeks documents that by reason of public filing, public distribution or otherwise are

18  already in Mattel's possession or are readily accessible to Mattel.  Larian further

19  objects to this request to the extent that it seeks documents not in Larian's possession,

20  custody or control.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest privilege,

23  or other privilege.

24       Larian further objects to this request as cumulative and duplicative to the extent

25  that it seeks documents previously requested by Mattel or produced by Larian in

26  response to Mattel's document requests.

27

28

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___7___

PAGE ___207___

1    **REQUEST FOR PRODUCTION NO. 29**

2        DOCUMENTS sufficient to IDENTIFY each member, managing member,

3    holder of any ownership interest in, shareholder, officer and director of IGWT 826

4    Investments, LLC.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

6        Larian incorporates by reference his General Objections as though fully set

7    forth herein. Larian further objects on the grounds that this request calls for the

8    production of documents that are not limited to the subject matter of this action and

9    not relevant to any claim or defense in the pending litigation or reasonably calculated

10   to lead to the discovery of admissible evidence.

11       Larian further objects to this request on the grounds that it is compound.

12   Larian further objects to the request to the extent it violates the privacy rights of third

13   parties to their private, confidential, proprietary or trade secret information. Larian

14   further objects to this request on the grounds that it is overbroad as to subject matter

15   and time; in particular, Larian objects that the phrase "each member, managing

16   member, holder of any ownership interest in, shareholder, officer and director" is

17   unbounded by any date limitation and is not tied in any way to any claim, defense or

18   other issues involved in Phase 2 of this litigation.

19       Larian also objects to this request on the grounds that it is overbroad, unduly

20   burdensome and oppressive in that it is not in any way limited as to the persons

21   mentioned or as to time. Larian further objects to this request on the grounds that it is

22   vague and ambiguous in its use of the terms "member," "managing member," "holder

23   of any ownership interest," "shareholder," "officer," "director." Mattel has not

24   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

25   member, holder of any ownership interest in, shareholder, officer and director of

26   IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

27   action, let alone established that the relevancy of these documents outweighs the

28   individual's fundamental right of privacy. Larian further objects to the request to the

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ 9

PAGE _____ 208

1  extent that it seeks documents that by reason of public filing, public distribution or

2  otherwise are already in Mattel's possession or are readily accessible to Mattel.

3  Larian further objects to this request to the extent that it seeks documents not in

4  Larian's possession, custody or control. Larian also objects to this request to the

5  extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense or

7  common interest privilege, or other privilege.

8      Larian further objects to this request as cumulative and duplicative to the extent

9  that it seeks documents previously requested by Mattel or produced by Larian in

10  response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 30**

12      DOCUMENTS sufficient to IDENTIFY each member, managing member,

13  holder of any ownership interest in, shareholder, officer and director of OMNI 808

14  INVESTORS, LLC.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

16      Larian incorporates by reference his General Objections as though fully set

17  forth herein. Larian further objects on the grounds that this request calls for the

18  production of documents that are not limited to the subject matter of this action and

19  not relevant to any claim or defense in the pending litigation or reasonably calculated

20  to lead to the discovery of admissible evidence.

21      Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information. Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrase "each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director" is

27  unbounded by any date limitation and is not tied in any way to any claim, defense or

28  other issues involved in Phase 2 of this litigation.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___ 7

PAGE ___ 209

1   Larian also objects to this request on the grounds that it is overbroad, unduly

2   burdensome and oppressive in that it is not in any way limited as to the persons

3   mentioned or as to time.  Larian further objects to this request on the grounds that it is

4   vague and ambiguous in its use of the terms "member," "managing member," "holder

5   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

6   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7   member, holder of any ownership interest in, shareholder, officer and director of

8   OMNI 808 INVESTORS, LLC could be relevant to the claims and defenses in this

9   action, let alone established that the relevancy of these documents outweighs the

10   individual's fundamental right of privacy.  Larian further objects to the request to the

11   extent that it seeks documents that by reason of public filing, public distribution or

12   otherwise are already in Mattel's possession or are readily accessible to Mattel.

13   Larian further objects to this request to the extent that it seeks documents not in

14   Larian's possession, custody or control.  Larian also objects to this request to the

15   extent it calls for the disclosure of attorney-client privileged information or

16   information protected from disclosure by the work-product doctrine, joint defense or

17   common interest privilege, or other privilege.

18   Larian further objects to this request as cumulative and duplicative to the extent

19   that it seeks documents previously requested by Mattel or produced by Larian in

20   response to Mattel's document requests.

21   **REQUEST FOR PRODUCTION NO. 31**

22   DOCUMENTS sufficient to IDENTIFY each member, managing member,

23   holder of any ownership interest in, shareholder, officer and director of VISION

24   CAPITAL, LLC.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

26   Larian incorporates by reference his General Objections as though fully set

27   forth herein.  Larian further objects on the grounds that this request calls for the

28   production of documents that are not limited to the subject matter of this action and

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

EXHIBIT _____9_____

PAGE ___210___

1   not relevant to any claim or defense in the pending litigation or reasonably calculated

2   to lead to the discovery of admissible evidence.

3       Larian further objects to this request on the grounds that it is compound.

4   Larian further objects to the request to the extent it violates the privacy rights of third

5   parties to their private, confidential, proprietary or trade secret information. Larian

6   further objects to this request on the grounds that it is overbroad as to subject matter

7   and time; in particular, Larian objects that the phrase "each member, managing

8   member, holder of any ownership interest in, shareholder, officer and director" is

9   unbounded by any date limitation and is not tied in any way to any claim, defense or

10  other issues involved in Phase 2 of this litigation.

11      Larian also objects to this request on the grounds that it is overbroad, unduly

12  burdensome and oppressive in that it is not in any way limited as to the persons

13  mentioned or as to time. Larian further objects to this request on the grounds that it is

14  vague and ambiguous in its use of the terms "member," "managing member," "holder

15  of any ownership interest," "shareholder," "officer," "director." Mattel has not

16  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

17  member, holder of any ownership interest in, shareholder, officer and director of

18  VISION CAPITAL, LLC could be relevant to the claims and defenses in this action,

19  let alone established that the relevancy of these documents outweighs the individual's

20  fundamental right of privacy. Larian further objects to the request to the extent that it

21  seeks documents that by reason of public filing, public distribution or otherwise are

22  already in Mattel's possession or are readily accessible to Mattel. Larian further

23  objects to this request to the extent that it seeks documents not in Larian's possession,

24  custody or control. Larian also objects to this request to the extent it calls for the

25  disclosure of attorney-client privileged information or information protected from

26  disclosure by the work-product doctrine, joint defense or common interest privilege,

27  or other privilege.

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ 9

PAGE _____ 211

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Larian further objects to this request as cumulative and duplicative to the extent

2    that it seeks documents previously requested by Mattel or produced by Larian in

3    response to Mattel's document requests.

4    **REQUEST FOR PRODUCTION NO. 32**

5    DOCUMENTS sufficient to IDENTIFY each member, managing member,

6    holder of any ownership interest in, shareholder, officer and director of LEXINGTON

7    FINANCIAL, LLC.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

9    Larian incorporates by reference his General Objections as though fully set

10   forth herein.  Larian further objects on the grounds that this request calls for the

11   production of documents that are not limited to the subject matter of this action and

12   not relevant to any claim or defense in the pending litigation or reasonably calculated

13   to lead to the discovery of admissible evidence.

14   Larian further objects to this request on the grounds that it is compound.

15   Larian further objects to the request to the extent it violates the privacy rights of third

16   parties to their private, confidential, proprietary or trade secret information.  Larian

17   further objects to this request on the grounds that it is overbroad as to subject matter

18   and time; in particular, Larian objects that the phrase "each member, managing

19   member, holder of any ownership interest in, shareholder, officer and director" is

20   unbounded by any date limitation and is not tied in any way to any claim, defense or

21   other issues involved in Phase 2 of this litigation.

22   Larian also objects to this request on the grounds that it is overbroad, unduly

23   burdensome and oppressive in that it is not in any way limited as to the persons

24   mentioned or as to time.  Larian further objects to this request on the grounds that it is

25   vague and ambiguous in its use of the terms "member," "managing member," "holder

26   of any ownership interest," "shareholder," "officer," "director."  Mattel has not

27   demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

28   member, holder of any ownership interest in, shareholder, officer and director of

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  LEXINGTON FINANCIAL, LLC could be relevant to the claims and defenses in this

2  action, let alone established that the relevancy of these documents outweighs the

3  individual's fundamental right of privacy.  Larian further objects to the request to the

4  extent that it seeks documents that by reason of public filing, public distribution or

5  otherwise are already in Mattel's possession or are readily accessible to Mattel.

6  Larian further objects to this request to the extent that it seeks documents not in

7  Larian's possession, custody or control.  Larian also objects to this request to the

8  extent it calls for the disclosure of attorney-client privileged information or

9  information protected from disclosure by the work-product doctrine, joint defense or

10  common interest privilege, or other privilege.

11       Larian further objects to this request as cumulative and duplicative to the extent

12  that it seeks documents previously requested by Mattel or produced by Larian in

13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 33**

15       All DOCUMENTS RELATING TO any transfer of any funds, monies or any

16  ITEM OF VALUE from, or any extension of credit or funding by, LEXINGTON

17  FINANCIAL, LLC to YOU or LARIAN.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

19       Larian incorporates by reference his General Objections as though fully set

20  forth herein.  Larian further objects to the phrase "YOU or Larian" as redundant and

21  unintelligible.  Larian further objects to this request on the grounds that the Discovery

22  Master already has ruled on similarly phrased requests, including in an Order dated

23  May 7, 2008, concluding that requests using phrases like "all documents," and "or

24  relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

25  information.  See May 7, 2008 Infante Order.  Larian further objects on the grounds

26  that this request calls for the production of documents that are not limited to the

27  subject matter of this action and not relevant to any claim or defense in the pending

28  litigation or reasonably calculated to lead to the discovery of admissible evidence.

666200

EXHIBIT __9__

PAGE __2/3__

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   The request appears designed to circumvent the Court's January 7 Order appointing a

2   forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

3   See January 7, 2009 Larson Order Appointing Forensic Auditor.

4       Larian further objects to this request on the grounds that it is compound.

5   Larian further objects to the request to the extent it violates the privacy rights of third

6   parties to their private, confidential, proprietary or trade secret information.  Larian

7   further objects to this request on the grounds that it is overbroad as to subject matter

8   and time; in particular, Larian objects that the phrases "all documents" and "relating

9   to" are unbounded by any date limitation and are not tied in any way to any claim,

10  defense or other issues involved in Phase 2 of this litigation.

11      Larian also objects to this request on the grounds that it is overbroad, including,

12  without limitation, that it would extend to any documents referring or relating in any

13  way to a wide variety of matter that could potentially be construed as "relating" to

14  any transfer of any funds, monies or any ITEM OF VALUE from, or any extension of

15  credit or funding by, LEXINGTON FINANCIAL, LLC to LARIAN, without regard

16  to whether such documents are at all relevant to any claim or defense at issue herein.

17  Larian further objects to this request on the grounds that it is vague and ambiguous in

18  its use of the terms "transfer of any funds, monies or any ITEM OF VALUE" and

19  "extension of credit or funding."  Mattel has not demonstrated how *all*

20  DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

21  VALUE from, or any extension of credit or funding by, LEXINGTON FINANCIAL,

22  LLC to LARIAN could be relevant to the claims and defenses in this action, let alone

23  established that the relevancy of these documents outweighs the individual's

24  fundamental right of privacy.  Larian further objects to this request on the ground that

25  the terms DOCUMENTS, RELATING TO and ITEM OF VALUE render the request

26  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

27  the request to the extent that it seeks documents that by reason of public filing, public

28  distribution or otherwise are already in Mattel's possession or are readily accessible to

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

60

EXHIBIT ___9___

PAGE ___214___

1  Mattel.  Larian further objects to this request to the extent that it seeks documents not

2  in Larian's possession, custody or control.  Larian also objects to this request on the

3  grounds that it seeks confidential, proprietary or commercially sensitive information,

4  the disclosure of which would be inimical to the personal and business interests of

5  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

6  attorney-client privileged information or information protected from disclosure by the

7  work-product doctrine, joint defense or common interest privilege, or other privilege.

8          Larian further objects to this request as being overly broad and unduly

9  burdensome on the grounds that it is not limited in time.  Larian further objects to this

10  request as cumulative and duplicative to the extent that it seeks documents previously

11  requested by Mattel or produced by Larian in response to Mattel's document requests.

12  **REQUEST FOR PRODUCTION NO. 34**

13          All DOCUMENTS RELATING TO any transfer of any funds, monies or any

14  ITEM OF VALUE to or from, or any extension of credit or funding by or to,

15  LEXINGTON FINANCIAL, LLC, whether directly or indirectly.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

17          Larian incorporates by reference his General Objections as though fully set

18  forth herein.  Larian further objects to this request on the grounds that the Discovery

19  Master already has ruled on similarly phrased requests, including in an Order dated

20  May 7, 2008, concluding that requests using phrases like "all documents," and

21  "relating to" are overly broad, vague, unduly burdensome, and seek irrelevant

22  information.  See May 7, 2008 Infante Order.  Larian further objects on the grounds

23  that this request calls for the production of documents that are not limited to the

24  subject matter of this action and not relevant to any claim or defense in the pending

25  litigation or reasonably calculated to lead to the discovery of admissible evidence.

26  The request appears designed to circumvent the Court's January 7 Order appointing a

27  forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.

28  See January 7, 2009 Larson Order Appointing Forensic Auditor.

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____9_____

PAGE _____215_____

1    Larian further objects to this request on the grounds that it is compound.

2    Larian further objects to the request to the extent it violates the privacy rights of third

3    parties to their private, confidential, proprietary or trade secret information. Larian

4    further objects to this request on the grounds that it is overbroad as to subject matter

5    and time; in particular, Larian objects that the phrases "all documents" and "relating

6    to" are unbounded by any date limitation and are not tied in any way to any claim,

7    defense or other issues involved in Phase 2 of this litigation.

8    Larian also objects to this request on the grounds that it is overbroad, including,

9    without limitation, that it would extend to any documents referring or relating in any

10   way to a wide variety of matter that could potentially be construed as "relating" to

11   any transfer of any funds, monies or any ITEM OF VALUE to or from, or any

12   extension of credit or funding by or to, LEXINGTON FINANCIAL, LLC, without

13   regard to whether such documents are at all relevant to any claim or defense at issue

14   herein. Larian further objects to this request on the grounds that it is vague and

15   ambiguous in its use of the terms "transfer of any funds, monies or any ITEM OF

16   VALUE" and "extension of credit or funding." Mattel has not demonstrated how *all*

17   DOCUMENTS RELATING TO any transfer of any funds, monies or any ITEM OF

18   VALUE to or from, or any extension of credit or funding by or to, LEXINGTON

19   FINANCIAL, LLC could be relevant to the claims and defenses in this action, let

20   alone established that the relevancy of these documents outweighs fundamental

21   privacy rights. Larian further objects to this request on the ground that the terms

22   DOCUMENTS, RELATING TO and ITEM OF VALUE render the request vague,

23   ambiguous, overly broad and unduly burdensome. Larian further objects to the

24   request to the extent that it seeks documents that by reason of public filing, public

25   distribution or otherwise are already in Mattel's possession or are readily accessible to

26   Mattel. Larian further objects to this request to the extent that it seeks documents not

27   in Larian's possession, custody or control. Larian also objects to this request on the

28   grounds that it seeks confidential, proprietary or commercially sensitive information,

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

---

62

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___ 9

PAGE ___ 216

1  the disclosure of which would be inimical to the personal and business interests of

2  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

3  attorney-client privileged information or information protected from disclosure by the

4  work-product doctrine, joint defense or common interest privilege, or other privilege.

5      Larian further objects to this request as being overly broad and unduly

6  burdensome on the grounds that it is not limited in time.  Larian further objects to this

7  request as cumulative and duplicative to the extent that it seeks documents previously

8  requested by Mattel or produced by Larian in response to Mattel's document requests.

9  **REQUEST FOR PRODUCTION NO. 35**

10     DOCUMENTS sufficient to IDENTIFY each member, managing member,

11  holder of any ownership interest in, shareholder, officer and director of IGWT Group,

12  LLC.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

14     Larian incorporates by reference his General Objections as though fully set

15  forth herein.  Larian further objects on the ground that this request is cumulative and

16  duplicative to the extent that is the same request as Request for Production No. 28.

17  Larian further objects on the grounds that this request calls for the production of

18  documents that are not limited to the subject matter of this action and not relevant to

19  any claim or defense in the pending litigation or reasonably calculated to lead to the

20  discovery of admissible evidence.

21     Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.  Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrase "each member, managing

26  member, holder of any ownership interest in, shareholder, officer and director" is

27  unbounded by any date limitation and is not tied in any way to any claim, defense or

28  other issues involved in Phase 2 of this litigation.

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT __2__

PAGE __217__

1    Larian also objects to this request on the grounds that it is overbroad, unduly

2  burdensome and oppressive in that it is not in any way limited as to the persons

3  mentioned or as to time. Larian further objects to this request on the grounds that it is

4  vague and ambiguous in its use of the terms "member," "managing member," "holder

5  of any ownership interest," "shareholder," "officer," "director." Mattel has not

6  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

7  member, holder of any ownership interest in, shareholder, officer and director of

8  IGWT Group, LLC could be relevant to the claims and defenses in this action, let

9  alone established that the relevancy of these documents outweighs the individual's

10  fundamental right of privacy. Larian further objects to the request to the extent that it

11  seeks documents that by reason of public filing, public distribution or otherwise are

12  already in Mattel's possession or are readily accessible to Mattel. Larian further

13  objects to this request to the extent that it seeks documents not in Larian's possession,

14  custody or control. Larian also objects to this request to the extent it calls for the

15  disclosure of attorney-client privileged information or information protected from

16  disclosure by the work-product doctrine, joint defense or common interest privilege,

17  or other privilege.

18    Larian further objects to this request as cumulative and duplicative to the extent

19  that it seeks documents previously requested by Mattel or produced by Larian in

20  response to Mattel's document requests.

21  **REQUEST FOR PRODUCTION NO. 36**

22    DOCUMENTS sufficient to IDENTIFY each member, managing member,

23  holder of any ownership interest in, shareholder, officer and director of IGWT 826

24  Investments, LLC.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

26    Larian incorporates by reference his General Objections as though fully set

27  forth herein. Larian further objects on the ground that this request is cumulative and

28  duplicative to the extent that is the same request as Request for Production No. 29.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

64

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _9_

PAGE _218_

1   Larian further objects on the grounds that this request calls for the production of

2   documents that are not limited to the subject matter of this action and not relevant to

3   any claim or defense in the pending litigation or reasonably calculated to lead to the

4   discovery of admissible evidence.

5       Larian further objects to this request on the grounds that it is compound.

6   Larian further objects to the request to the extent it violates the privacy rights of third

7   parties to their private, confidential, proprietary or trade secret information. Larian

8   further objects to this request on the grounds that it is overbroad as to subject matter

9   and time; in particular, Larian objects that the phrase "each member, managing

10  member, holder of any ownership interest in, shareholder, officer and director" is

11  unbounded by any date limitation and is not tied in any way to any claim, defense or

12  other issues involved in Phase 2 of this litigation.

13      Larian also objects to this request on the grounds that it is overbroad, unduly

14  burdensome and oppressive in that it is not in any way limited as to the persons

15  mentioned or as to time. Larian further objects to this request on the grounds that it is

16  vague and ambiguous in its use of the terms "member," "managing member," "holder

17  of any ownership interest," "shareholder," "officer," "director." Mattel has not

18  demonstrated how DOCUMENTS sufficient to IDENTIFY *each* member, managing

19  member, holder of any ownership interest in, shareholder, officer and director of

20  IGWT 826 Investments, LLC could be relevant to the claims and defenses in this

21  action, let alone established that the relevancy of these documents outweighs the

22  individual's fundamental right of privacy. Larian further objects to the request to the

23  extent that it seeks documents that by reason of public filing, public distribution or

24  otherwise are already in Mattel's possession or are readily accessible to Mattel.

25  Larian further objects to this request to the extent that it seeks documents not in

26  Larian's possession, custody or control. Larian also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ 9

PAGE _____ 219

1  information protected from disclosure by the work-product doctrine, joint defense or

2  common interest privilege, or other privilege.

3      Larian further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by Larian in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 37**

7      DOCUMENTS sufficient to IDENTIFY each of YOUR bank accounts since

8  January 1, 2007.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

10      Larian incorporates by reference his General Objections as though fully set

11  forth herein. Larian further objects on the grounds that this request calls for the

12  production of documents that are not limited to the subject matter of this action and

13  not relevant to any claim or defense in the pending litigation or reasonably calculated

14  to lead to the discovery of admissible evidence. The request appears designed to

15  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

16  Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

17  Order Appointing Forensic Auditor.

18      Larian further objects to this request on the grounds that it is compound.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21      Larian further objects to this request on the grounds that it is vague and

22  ambiguous in its use of the term "bank accounts." Mattel has not demonstrated how

23  DOCUMENTS sufficient to IDENTIFY each of Larian's bank accounts could be

24  relevant to the claims and defenses in this action, let alone established that the

25  relevancy of these documents outweighs the individual's fundamental right of

26  privacy. Larian further objects to this request on the ground that the terms

27  DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad

28  and unduly burdensome. Larian further objects to the request to the extent that it

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ 9

PAGE _____ 220

1   seeks documents that by reason of public filing, public distribution or otherwise are

2   already in Mattel's possession or are readily accessible to Mattel. Larian further

3   objects to this request to the extent that it seeks documents not in Larian's possession,

4   custody or control. Larian also objects to this request on the grounds that it seeks

5   confidential, proprietary or commercially sensitive information, the disclosure of

6   which would be inimical to the personal and business interests of Larian. Larian also

7   objects to this request to the extent it calls for the disclosure of attorney-client

8   privileged information or information protected from disclosure by the work-product

9   doctrine, joint defense or common interest privilege, or other privilege.

10   Larian further objects to this request as cumulative and duplicative to the extent

11   that it seeks documents previously requested by Mattel or produced by Larian in

12   response to Mattel's document requests.

13   **REQUEST FOR PRODUCTION NO. 38**

14   DOCUMENTS sufficient to IDENTIFY each bank account to or from which

15   Isaac Larian has transferred or has had transferred any ITEM OF VALUE since

16   January 1, 2007.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

18   Larian incorporates by reference his General Objections as though fully set

19   forth herein. Larian further objects on the grounds that this request calls for the

20   production of documents that are not limited to the subject matter of this action and

21   not relevant to any claim or defense in the pending litigation or reasonably calculated

22   to lead to the discovery of admissible evidence. The request appears designed to

23   circumvent the Court's January 7 Order appointing a forensic auditor and requiring

24   Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

25   Order Appointing Forensic Auditor.

26   Larian further objects to this request on the grounds that it is compound.

27   Larian further objects to the request to the extent it violates the privacy rights of third

28   parties to their private, confidential, proprietary or trade secret information.

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT _____9_____

PAGE___221___

1    Larian further objects to this request on the grounds that it is vague and
2  ambiguous in its use of the terms "bank account," "transferred," and "has had
3  transferred." Mattel has not demonstrated how DOCUMENTS sufficient to
4  IDENTIFY *each* bank account to or from which Isaac Larian has transferred or has
5  had transferred any ITEM OF VALUE could be relevant to the claims and defenses in
6  this action, let alone established that the relevancy of these documents outweighs the
7  individual's fundamental right of privacy. Larian further objects to this request on the
8  ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the
9  request vague, ambiguous, overly broad and unduly burdensome. Larian further
10  objects to the request to the extent that it seeks documents that by reason of public
11  filing, public distribution or otherwise are already in Mattel's possession or are
12  readily accessible to Mattel. Larian further objects to this request to the extent that it
13  seeks documents not in Larian's possession, custody or control. Larian also objects to
14  this request on the grounds that it seeks confidential, proprietary or commercially
15  sensitive information, the disclosure of which would be inimical to the personal and
16  business interests of Larian. Larian also objects to this request to the extent it calls
17  for the disclosure of attorney-client privileged information or information protected
18  from disclosure by the work-product doctrine, joint defense or common interest
19  privilege, or other privilege.

20    Larian further objects to this request as cumulative and duplicative to the extent
21  that it seeks documents previously requested by Mattel or produced by Larian in
22  response to Mattel's document requests.

23  **REQUEST FOR PRODUCTION NO. 39**

24    DOCUMENTS sufficient to IDENTIFY each bank account to or from which
25  OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF
26  VALUE since January 1, 2007.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ____

PAGE ___222___

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Larian incorporates by reference his General Objections as though fully set forth herein.  Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  The request appears designed to circumvent the Court's January 7 Order appointing a forensic auditor and requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson Order Appointing Forensic Auditor.

Larian further objects to this request on the grounds that it is compound.  Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the terms "bank account," "transferred," and "has had transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* bank account to or from which OMNI 808 INVESTORS, LLC has transferred or has had transferred any ITEM OF VALUE could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs fundamental privacy rights.  Larian further objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel.  Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian.  Larian also objects to this request to the

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ 9 _____

PAGE _____ 223 _____

1   extent it calls for the disclosure of attorney-client privileged information or
2   information protected from disclosure by the work-product doctrine, joint defense or
3   common interest privilege, or other privilege.

4       Larian further objects to this request as cumulative and duplicative to the extent
5   that it seeks documents previously requested by Mattel or produced by Larian in
6   response to Mattel's document requests.

7   **REQUEST FOR PRODUCTION NO. 40**

8       DOCUMENTS sufficient to IDENTIFY each bank account to or from which
9   IGWT Group, LLC has transferred or has had transferred any ITEM OF VALUE
10  since January 1, 2007.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

12      Larian incorporates by reference his General Objections as though fully set
13  forth herein.  Larian further objects on the grounds that this request calls for the
14  production of documents that are not limited to the subject matter of this action and
15  not relevant to any claim or defense in the pending litigation or reasonably calculated
16  to lead to the discovery of admissible evidence.  The request appears designed to
17  circumvent the Court's January 7 Order appointing a forensic auditor and requiring
18  Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson
19  Order Appointing Forensic Auditor.

20      Larian further objects to this request on the grounds that it is compound.
21  Larian further objects to the request to the extent it violates the privacy rights of third
22  parties to their private, confidential, proprietary or trade secret information.

23      Larian further objects to this request on the grounds that it is vague and
24  ambiguous in its use of the terms "bank account," "transferred," and "has had
25  transferred." Mattel has not demonstrated how DOCUMENTS sufficient to
26  IDENTIFY *each* bank account to or from which IGWT Group, LLC has transferred or
27  has had transferred any ITEM OF VALUE could be relevant to the claims and
28  defenses in this action, let alone established that the relevancy of these documents

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   outweighs fundamental privacy rights. Larian further objects to this request on the

2   ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF VALUE render the

3   request vague, ambiguous, overly broad and unduly burdensome. Larian further

4   objects to the request to the extent that it seeks documents that by reason of public

5   filing, public distribution or otherwise are already in Mattel's possession or are

6   readily accessible to Mattel. Larian further objects to this request to the extent that it

7   seeks documents not in Larian's possession, custody or control. Larian also objects to

8   this request on the grounds that it seeks confidential, proprietary or commercially

9   sensitive information, the disclosure of which would be inimical to the personal and

10  business interests of Larian. Larian also objects to this request to the extent it calls

11  for the disclosure of attorney-client privileged information or information protected

12  from disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.

14       Larian further objects to this request as cumulative and duplicative to the extent

15  that it seeks documents previously requested by Mattel or produced by Larian in

16  response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 41**

18       DOCUMENTS sufficient to IDENTIFY each bank account to or from which

19  IGWT 826 Investments, LLC has transferred or has had transferred any ITEM OF

20  VALUE since January 1, 2007.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

22       Larian incorporates by reference his General Objections as though fully set

23  forth herein. Larian further objects on the grounds that this request calls for the

24  production of documents that are not limited to the subject matter of this action and

25  not relevant to any claim or defense in the pending litigation or reasonably calculated

26  to lead to the discovery of admissible evidence. The request appears designed to

27  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

28

666200

EXHIBIT _____ *9*

PAGE _*225*_

1  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

2  Order Appointing Forensic Auditor.

3      Larian further objects to this request on the grounds that it is compound.

4  Larian further objects to the request to the extent it violates the privacy rights of third

5  parties to their private, confidential, proprietary or trade secret information.

6      Larian further objects to this request on the grounds that it is vague and

7  ambiguous in its use of the terms "bank account," "transferred," and "has had

8  transferred."  Mattel has not demonstrated how DOCUMENTS sufficient to

9  IDENTIFY *each* bank account to or from which IGWT 826 Investments, LLC has

10  transferred or has had transferred any ITEM OF VALUE could be relevant to the

11  claims and defenses in this action, let alone established that the relevancy of these

12  documents outweighs fundamental privacy rights.  Larian further objects to this

13  request on the ground that the terms DOCUMENTS, IDENTIFY, and ITEM OF

14  VALUE render the request vague, ambiguous, overly broad and unduly burdensome.

15  Larian further objects to the request to the extent that it seeks documents that by

16  reason of public filing, public distribution or otherwise are already in Mattel's

17  possession or are readily accessible to Mattel.  Larian further objects to this request to

18  the extent that it seeks documents not in Larian's possession, custody or control.

19  Larian also objects to this request on the grounds that it seeks confidential, proprietary

20  or commercially sensitive information, the disclosure of which would be inimical to

21  the personal and business interests of Larian.  Larian also objects to this request to the

22  extent it calls for the disclosure of attorney-client privileged information or

23  information protected from disclosure by the work-product doctrine, joint defense or

24  common interest privilege, or other privilege.

25      Larian further objects to this request as cumulative and duplicative to the extent

26  that it seeks documents previously requested by Mattel or produced by Larian in

27  response to Mattel's document requests.

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

72

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

**REQUEST FOR PRODUCTION NO. 42**

1
2       All COMMUNICATIONS between or among YOU, IGWT 826 Investments,
3   LLC and/or IGWT Group, LLC REFERRING OR RELATING TO MATTEL and/or
4   BRATZ.
5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

6       Larian incorporates by reference his General Objections as though fully set
7   forth herein.  Larian further objects on the grounds that this request calls for the
8   production of communications that are not limited to the subject matter of this action
9   and not relevant to any claim or defense in the pending litigation or reasonably
10  calculated to lead to the discovery of admissible evidence.

11      Larian further objects to this request on the grounds that it is compound.
12  Larian further objects to the request to the extent it violates the privacy rights of third
13  parties to their private, confidential, proprietary or trade secret information.  Larian
14  further objects to this request on the grounds that it is overbroad as to subject matter
15  and time; in particular, Larian objects that the phrases "all communications" and
16  "referring or relating to" are unbounded by any date limitation and are not tied in any
17  way to any claim, defense or other issues involved in Phase 2 of this litigation.

18      Larian also objects to this request on the grounds that it is overbroad, including,
19  without limitation, that it would extend to any communication between or among
20  Larian, IGWT 826 Investments, LLC and/or IGWT Group, LLC referring or relating
21  in any way to a wide variety of matter that could potentially be construed as
22  "relating" to Mattel and/or Bratz, without regard to whether such communications are
23  at all relevant to any claim or defense at issue herein.  Larian also objects to this
24  request on the grounds that it is overbroad, unduly burdensome and oppressive in that
25  it is not in any way limited as to the persons involved in the communications or as to
26  time.  Mattel has not demonstrated how *all* COMMUNICATIONS between or among
27  Larian, IGWT 826 Investments, LLC and/or IGWT Group, LLC REFERRING OR
28  RELATING TO MATTEL and/or BRATZ could be relevant to the claims and

666200

73
RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE ___227___

1  defenses in this action, let alone established that the relevancy of these documents

2  outweighs the individual's fundamental right of privacy. Larian further objects to this

3  request on the ground that the terms COMMUNICATIONS and REFERRING OR

4  RELATING TO render the request vague, ambiguous, overly broad and unduly

5  burdensome. Larian further objects to the request to the extent that it seeks

6  documents that by reason of public filing, public distribution or otherwise are already

7  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

8  this request to the extent that it seeks documents not in Larian's possession, custody

9  or control. Larian also objects to this request on the grounds that it seeks confidential,

10  proprietary or commercially sensitive information, the disclosure of which would be

11  inimical to the personal and business interests of Larian. Larian also objects to this

12  request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine,

14  joint defense or common interest privilege, or other privilege.

15      Larian further objects to this request as being overly broad and unduly

16  burdensome on the grounds that it is not limited in time. Larian further objects to this

17  request as cumulative and duplicative to the extent that it seeks documents previously

18  requested by Mattel or produced by Larian in response to Mattel's document requests.

19  **REQUEST FOR PRODUCTION NO. 43**

20      All COMMUNICATIONS between or among YOU, OMNI 808 INVESTORS,

21  LLC, VISION CAPITAL, LLC and/or LEXINGTON FINANCIAL, LLC

22  REFERRING OR RELATING TO MATTEL, MGA, LARIAN and/or BRATZ.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

24      Larian incorporates by reference his General Objections as though fully set

25  forth herein. Larian further objects on the grounds that this request calls for the

26  production of communications that are not limited to the subject matter of this action

27  and not relevant to any claim or defense in the pending litigation or reasonably

28  calculated to lead to the discovery of admissible evidence.

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT _____

PAGE _228_

1     Larian further objects to this request on the grounds that it is compound.

2  Larian further objects to the request to the extent it violates the privacy rights of third

3  parties to their private, confidential, proprietary or trade secret information. Larian

4  further objects to this request on the grounds that it is overbroad as to subject matter

5  and time; in particular, Larian objects that the phrases "all communications" and

6  "referring or relating to" are unbounded by any date limitation and are not tied in any

7  way to any claim, defense or other issues involved in Phase 2 of this litigation.

8     Larian also objects to this request on the grounds that it is overbroad, including,

9  without limitation, that it would extend to any communication between or among

10  Larian, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

11  LEXINGTON FINANCIAL, LLC referring or relating in any way to a wide variety

12  of matter that could potentially be construed as "relating" to MATTEL, MGA,

13  LARIAN and/or BRATZ, without regard to whether such communications are at all

14  relevant to any claim or defense at issue herein. Larian also objects to this request on

15  the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in

16  any way limited as to the persons involved in the communications or as to time.

17  Mattel has not demonstrated how *all* COMMUNICATIONS between or among

18  Larian, OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC and/or

19  LEXINGTON FINANCIAL, LLC REFERRING OR RELATING TO MATTEL,

20  MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this

21  action, let alone established that the relevancy of these documents outweighs the

22  individual's fundamental right of privacy. Larian further objects to this request on the

23  ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO

24  render the request vague, ambiguous, overly broad and unduly burdensome. Larian

25  further objects to the request to the extent that it seeks documents that by reason of

26  public filing, public distribution or otherwise are already in Mattel's possession or are

27  readily accessible to Mattel. Larian further objects to this request to the extent that it

28  seeks documents not in Larian's possession, custody or control. Larian also objects to

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _9_

PAGE _229_

1  this request on the grounds that it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the personal and

3  business interests of Larian.  Larian also objects to this request to the extent it calls

4  for the disclosure of attorney-client privileged information or information protected

5  from disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege.

7       Larian further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time.  Larian further objects to this

9  request as cumulative and duplicative to the extent that it seeks documents previously

10  requested by Mattel or produced by Larian in response to Mattel's document requests.

11  **REQUEST FOR PRODUCTION NO. 44**

12       All COMMUNICATIONS between YOU and MASHIAN REFERRING OR

13  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

14  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

16       Larian incorporates by reference his General Objections as though fully set

17  forth herein.  Larian further objects on the grounds that this request calls for the

18  production of communications that are not limited to the subject matter of this action

19  and not relevant to any claim or defense in the pending litigation or reasonably

20  calculated to lead to the discovery of admissible evidence.

21       Larian further objects to this request on the grounds that it is compound.

22  Larian further objects to the request to the extent it violates the privacy rights of third

23  parties to their private, confidential, proprietary or trade secret information.  Larian

24  further objects to this request on the grounds that it is overbroad as to subject matter

25  and time; in particular, Larian objects that the phrases "all communications" and

26  "referring or relating to" are unbounded by any date limitation and are not tied in any

27  way to any claim, defense or other issues involved in Phase 2 of this litigation.

28

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP<br>LAW OFFICES<br>10250 CONSTELLATION BOULEVARD<br>NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90067<br>310-553-3000

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE __2 3 0__

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Larian also objects to this request on the grounds that it is overbroad, including,

2  without limitation, that it would extend to any communication between Larian and

3  MASHIAN referring or relating in any way to a wide variety of matter that could

4  potentially be construed as "relating" to OMNI 808 INVESTORS, LLC, VISION

5  CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

6  and/or BRATZ, without regard to whether such communications are at all relevant to

7  any claim or defense at issue herein.  Larian also objects to this request on the

8  grounds that it is overbroad, unduly burdensome and oppressive in that it purports to

9  require MGA diligently to identify every communication between anyone and among

10  at MGA and MASHIAN REFERRING OR RELATING TO OMNI 808

11  INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC,

12  MATTEL, MGA, LARIAN and/or BRATZ.  Mattel has not demonstrated how *all*

13  COMMUNICATIONS between MGA and MASHIAN REFERRING OR RELATING

14  TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC, LEXINGTON

15  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to

16  the claims and defenses in this action, let alone established that the relevancy of these

17  documents outweighs the individual's fundamental right of privacy.  Larian further

18  objects to this request on the ground that the terms COMMUNICATIONS and

19  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

20  and unduly burdensome.  Larian further objects to the request to the extent that it

21  seeks documents that by reason of public filing, public distribution or otherwise are

22  already in Mattel's possession or are readily accessible to Mattel.  Larian further

23  objects to this request to the extent that it seeks documents not in Larian's possession,

24  custody or control.  Larian also objects to this request on the grounds that it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the personal and business interests of Larian.  Larian also

27  objects to this request to the extent it calls for the disclosure of attorney-client

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT  _9_

PAGE  _231_

1    privileged information or information protected from disclosure by the work-product

2    doctrine, joint defense or common interest privilege, or other privilege.

3      Larian further objects to this request as being overly broad and unduly

4    burdensome on the grounds that it is not limited in time. Larian further objects to this

5    request as cumulative and duplicative to the extent that it seeks documents previously

6    requested by Mattel or produced by Larian in response to Mattel's document requests.

7    **REQUEST FOR PRODUCTION NO. 45**

8      All COMMUNICATIONS between YOU and Neil Kadisha REFERRING OR

9    RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

10    LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

12      Larian incorporates by reference his General Objections as though fully set

13    forth herein. Larian further objects on the grounds that this request calls for the

14    production of communications that are not limited to the subject matter of this action

15    and not relevant to any claim or defense in the pending litigation or reasonably

16    calculated to lead to the discovery of admissible evidence.

17      Larian further objects to this request on the grounds that it is compound.

18    Larian further objects to the request to the extent it violates the privacy rights of third

19    parties to their private, confidential, proprietary or trade secret information. Larian

20    further objects to this request on the grounds that it is overbroad as to subject matter

21    and time; in particular, Larian objects that the phrases "all communications" and

22    "referring or relating to" are unbounded by any date limitation and are not tied in any

23    way to any claim, defense or other issues involved in Phase 2 of this litigation.

24      Larian also objects to this request on the grounds that it is overbroad, including,

25    without limitation, that it would extend to any communication between Larian and

26    Neil Kadisha referring or relating in any way to a wide variety of matter that could

27    potentially be construed as "relating" to OMNI 808 INVESTORS, LLC, VISION

28    CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN

LAW OFFICES<br>GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP<br>10250 CONSTELLATION BOULEVARD<br>NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90067<br>310-553-3000

666200

EXHIBIT ___9___

PAGE ___232___

1  and/or BRATZ, without regard to whether such communications are at all relevant to

2  any claim or defense at issue herein.  Mattel has not demonstrated how *all*

3  COMMUNICATIONS between Larian and Neil Kadisha REFERRING OR

4  RELATING TO OMNI 808 INVESTORS, LLC, VISION CAPITAL, LLC,

5  LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could

6  be relevant to the claims and defenses in this action, let alone established that the

7  relevancy of these documents outweighs the individual's fundamental right of

8  privacy.  Larian further objects to this request on the ground that the terms

9  COMMUNICATIONS and REFERRING OR RELATING TO render the request

10  vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to

11  the request to the extent that it seeks documents that by reason of public filing, public

12  distribution or otherwise are already in Mattel's possession or are readily accessible to

13  Mattel.  Larian further objects to this request to the extent that it seeks documents not

14  in Larian's possession, custody or control.  Larian also objects to this request on the

15  grounds that it seeks confidential, proprietary or commercially sensitive information,

16  the disclosure of which would be inimical to the personal and business interests of

17  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

18  attorney-client privileged information or information protected from disclosure by the

19  work-product doctrine, joint defense or common interest privilege, or other privilege.

20       Larian further objects to this request as being overly broad and unduly

21  burdensome on the grounds that it is not limited in time.  Larian further objects to this

22  request as cumulative and duplicative to the extent that it seeks documents previously

23  requested by Mattel or produced by Larian in response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 46**

25       All COMMUNICATIONS between YOU and OMNI 808 INVESTORS, LLC

26  REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

27  FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ.

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE __2 3 3__

## RESPONSE TO REQUEST FOR PRODUCTION NO. 46

1        Larian incorporates by reference his General Objections as though fully set forth herein.  Larian further objects on the grounds that this request calls for the production of communications that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

       Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.  Larian further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Larian objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

       Larian also objects to this request on the grounds that it is overbroad, including, without limitation, that it would extend to any communication between Larian and OMNI 808 INVESTORS, LLC referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ, without regard to whether such communications are at all relevant to any claim or defense at issue herein.  Mattel has not demonstrated how *all* COMMUNICATIONS between MGA and OMNI 808 INVESTORS, LLC REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON FINANCIAL, LLC, MATTEL, MGA, LARIAN and/or BRATZ could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy.  Larian further objects to this request on the ground that the terms COMMUNICATIONS and REFERRING OR RELATING TO render the request vague, ambiguous, overly broad and unduly burdensome.  Larian further objects to the request to the extent that it seeks documents that by reason of public

EXHIBIT ___

PAGE ___ 234

1   filing, public distribution or otherwise are already in Mattel's possession or are

2   readily accessible to Mattel.  Larian further objects to this request to the extent that it

3   seeks documents not in Larian's possession, custody or control.  Larian also objects to

4   this request on the grounds that it seeks confidential, proprietary or commercially

5   sensitive information, the disclosure of which would be inimical to the personal and

6   business interests of Larian.  Larian also objects to this request to the extent it calls

7   for the disclosure of attorney-client privileged information or information protected

8   from disclosure by the work-product doctrine, joint defense or common interest

9   privilege, or other privilege.

10        Larian further objects to this request as being overly broad and unduly

11   burdensome on the grounds that it is not limited in time.  Larian further objects to this

12   request as cumulative and duplicative to the extent that it seeks documents previously

13   requested by Mattel or produced by Larian in response to Mattel's document requests.

14   **REQUEST FOR PRODUCTION NO. 47**

15        All COMMUNICATIONS REFERRING OR RELATING TO VISION

16   CAPITAL, LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS,

17   LLC.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

19        Larian incorporates by reference his General Objections as though fully set

20   forth herein.  Larian further objects on the grounds that this request calls for the

21   production of communications that are not limited to the subject matter of this action

22   and not relevant to any claim or defense in the pending litigation or reasonably

23   calculated to lead to the discovery of admissible evidence.

24        Larian further objects to this request on the grounds that it is compound.

25   Larian further objects to the request to the extent it violates the privacy rights of third

26   parties to their private, confidential, proprietary or trade secret information.  Larian

27   further objects to this request on the grounds that it is overbroad as to subject matter

28   and time; in particular, Larian objects that the phrases "all communications" and

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____9_____

PAGE _____235_____

1  "referring or relating to" are unbounded by any date limitation and are not tied in any

2  way to any claim, defense or other issues involved in Phase 2 of this litigation.

3      Larian also objects to this request on the grounds that it is overbroad, including,

4  without limitation, that it would extend to *any* communications between *anyone*

5  referring or relating in any way to a wide variety of matter that could potentially be

6  construed as "relating" to REFERRING OR RELATING TO VISION CAPITAL,

7  LLC, LEXINGTON FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC,

8  without regard to whether such communications are at all relevant to any claim or

9  defense at issue herein. Mattel has not demonstrated how *all* COMMUNICATIONS

10 REFERRING OR RELATING TO VISION CAPITAL, LLC, LEXINGTON

11 FINANCIAL, LLC and/or OMNI 808 INVESTORS, LLC could be relevant to the

12 claims and defenses in this action, let alone established that the relevancy of these

13 documents outweighs the individual's fundamental right of privacy. Larian further

14 objects to this request on the ground that the terms COMMUNICATIONS and

15 REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

16 and unduly burdensome. Larian further objects to the request to the extent that it

17 seeks documents that by reason of public filing, public distribution or otherwise are

18 already in Mattel's possession or are readily accessible to Mattel. Larian further

19 objects to this request to the extent that it seeks documents not in Larian's possession,

20 custody or control. Larian also objects to this request on the grounds that it seeks

21 confidential, proprietary or commercially sensitive information, the disclosure of

22 which would be inimical to the personal and business interests of Larian. Larian also

23 objects to this request to the extent it calls for the disclosure of attorney-client

24 privileged information or information protected from disclosure by the work-product

25 doctrine, joint defense or common interest privilege, or other privilege.

26      Larian further objects to this request as being overly broad and unduly

27 burdensome on the grounds that it is not limited in time. Larian further objects to this

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___9___

PAGE ___236___

1  request as cumulative and duplicative to the extent that it seeks documents previously

2  requested by Mattel or produced by Larian in response to Mattel's document requests.

3  **REQUEST FOR PRODUCTION NO. 48**

4      DOCUMENTS sufficient to IDENTIFY each bank account to or from which

5  VISION CAPITAL, LLC has transferred or has had transferred any ITEM OF

6  VALUE since January 1, 2007.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

8      Larian incorporates by reference his General Objections as though fully set

9  forth herein. Larian further objects on the grounds that this request calls for the

10  production of documents that are not limited to the subject matter of this action and

11  not relevant to any claim or defense in the pending litigation or reasonably calculated

12  to lead to the discovery of admissible evidence. The request appears designed to

13  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

14  Mattel to pay the auditor's costs in the first instance. See January 7, 2009 Larson

15  Order Appointing Forensic Auditor.

16      Larian further objects to this request on the grounds that it is compound.

17  Larian further objects to the request to the extent it violates the privacy rights of third

18  parties to their private, confidential, proprietary or trade secret information.

19      Larian further objects to this request on the grounds that it is vague and

20  ambiguous in its use of the terms "bank account," "transferred," and "has had

21  transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

22  IDENTIFY *each* bank account to or from which VISION CAPITAL, LLC has

23  transferred or has had transferred any ITEM OF VALUE could be relevant to the

24  claims and defenses in this action, let alone established that the relevancy of these

25  documents outweighs the individual's fundamental right of privacy. Larian further

26  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

27  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

28  burdensome. Larian further objects to the request to the extent that it seeks

666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT ___9___

PAGE ___237___

1   documents that by reason of public filing, public distribution or otherwise are already

2   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to

3   this request to the extent that it seeks documents not in Larian's possession, custody

4   or control.  Larian also objects to this request on the grounds that it seeks confidential,

5   proprietary or commercially sensitive information, the disclosure of which would be

6   inimical to the personal and business interests of Larian.  Larian also objects to this

7   request to the extent it calls for the disclosure of attorney-client privileged

8   information or information protected from disclosure by the work-product doctrine,

9   joint defense or common interest privilege, or other privilege.

10         Larian further objects to this request as cumulative and duplicative to the extent

11   that it seeks documents previously requested by Mattel or produced by Larian in

12   response to Mattel's document requests.

13

14   **REQUEST FOR PRODUCTION NO. 49**

15         DOCUMENTS sufficient to IDENTIFY each bank account to or from which

16   LEXINGTON FINANCIAL, LLC has transferred or has had transferred any ITEM

17   OF VALUE since January 1, 2007.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

19         Larian incorporates by reference his General Objections as though fully set

20   forth herein.  Larian further objects on the grounds that this request calls for the

21   production of documents that are not limited to the subject matter of this action and

22   not relevant to any claim or defense in the pending litigation or reasonably calculated

23   to lead to the discovery of admissible evidence.  The request appears designed to

24   circumvent the Court's January 7 Order appointing a forensic auditor and requiring

25   Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

26   Order Appointing Forensic Auditor.

27

28

666200

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Larian further objects to this request on the grounds that it is compound.

2   Larian further objects to the request to the extent it violates the privacy rights of third

3   parties to their private, confidential, proprietary or trade secret information.

4    Larian further objects to this request on the grounds that it is vague and

5   ambiguous in its use of the terms "bank account," "transferred," and "has had

6   transferred." Mattel has not demonstrated how DOCUMENTS sufficient to

7   IDENTIFY *each* bank account to or from which LEXINGTON FINANCIAL, LLC

8   has transferred or has had transferred any ITEM OF VALUE could be relevant to the

9   claims and defenses in this action, let alone established that the relevancy of these

10  documents outweighs the individual's fundamental right of privacy. Larian further

11  objects to this request on the ground that the terms DOCUMENTS, IDENTIFY, and

12  ITEM OF VALUE render the request vague, ambiguous, overly broad and unduly

13  burdensome. Larian further objects to the request to the extent that it seeks

14  documents that by reason of public filing, public distribution or otherwise are already

15  in Mattel's possession or are readily accessible to Mattel. Larian further objects to

16  this request to the extent that it seeks documents not in Larian's possession, custody

17  or control. Larian also objects to this request on the grounds that it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would be

19  inimical to the personal and business interests of Larian. Larian also objects to this

20  request to the extent it calls for the disclosure of attorney-client privileged

21  information or information protected from disclosure by the work-product doctrine,

22  joint defense or common interest privilege, or other privilege.

23   Larian further objects to this request as cumulative and duplicative to the extent

24  that it seeks documents previously requested by Mattel or produced by Larian in

25  response to Mattel's document requests.

26

27

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___9___

PAGE ___239___

**REQUEST FOR PRODUCTION NO. 50**

DOCUMENTS sufficient to IDENTIFY each licensee of any BRATZ product since January 1, 2007.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Larian incorporates by reference his General Objections as though fully set forth herein. Larian further objects on the grounds that this request calls for the production of documents that are not limited to the subject matter of this action and not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence. · Larian further objects to this request on the grounds that it is compound. Larian further objects to the request to the extent it violates the privacy rights of third parties to their private, confidential, proprietary or trade secret information.

Larian further objects to this request on the grounds that it is vague and ambiguous in its use of the term "licensee." Mattel has not demonstrated how DOCUMENTS sufficient to IDENTIFY *each* licensee of any BRATZ product since January 1, 2007 could be relevant to the claims and defenses in this action, let alone established that the relevancy of these documents outweighs the individual's fundamental right of privacy. Larian further objects to this request on the ground that the terms DOCUMENTS and IDENTIFY render the request vague, ambiguous, overly broad and unduly burdensome. Larian further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are readily accessible to Mattel. Larian further objects to this request to the extent that it seeks documents not in Larian's possession, custody or control. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the personal and business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666200

86

EXHIBIT _____

PAGE _**240**_

1  attorney-client privileged information or information protected from disclosure by the

2  work-product doctrine, joint defense or common interest privilege, or other privilege.

3      Larian further objects to this request as cumulative and duplicative to the extent

4  that it seeks documents previously requested by Mattel or produced by Larian in

5  response to Mattel's document requests.

6  **REQUEST FOR PRODUCTION NO. 51**

7      DOCUMENTS sufficient to show the amount of payments made to YOU by

8  each licensee of any BRATZ product since January 1, 2007.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

10      Larian incorporates by reference his General Objections as though fully set

11  forth herein.  Larian further objects on the grounds that this request calls for the

12  production of documents that are not limited to the subject matter of this action and

13  not relevant to any claim or defense in the pending litigation or reasonably calculated

14  to lead to the discovery of admissible evidence.  The request appears designed to

15  circumvent the Court's January 7 Order appointing a forensic auditor and requiring

16  Mattel to pay the auditor's costs in the first instance.  See January 7, 2009 Larson

17  Order Appointing Forensic Auditor.

18      Larian further objects to this request on the grounds that it is compound.

19  Larian further objects to the request to the extent it violates the privacy rights of third

20  parties to their private, confidential, proprietary or trade secret information.

21      Larian further objects to this request on the grounds that it is vague and

22  ambiguous in its use of the terms "amount of payments" and "licensee."  Mattel has

23  not demonstrated how DOCUMENTS sufficient to show the amount of payments

24  made to Larian by each licensee of any BRATZ product since January 1, 2007 could

25  be relevant to the claims and defenses in this action, let alone established that the

26  relevancy of these documents outweighs the individual's fundamental right of

27  privacy.  Larian further objects to this request on the ground that the term

28  DOCUMENTS renders the request vague, ambiguous, overly broad and unduly

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
Los Angeles, California 90067
310-553-3000

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT __9__

PAGE __241__

1   burdensome.  Larian further objects to the request to the extent that it seeks
2   documents that by reason of public filing, public distribution or otherwise are already
3   in Mattel's possession or are readily accessible to Mattel.  Larian further objects to
4   this request to the extent that it seeks documents not in Larian's possession, custody
5   or control.  Larian also objects to this request on the grounds that it seeks confidential,
6   proprietary or commercially sensitive information, the disclosure of which would be
7   inimical to the personal and business interests of Larian.  Larian also objects to this
8   request to the extent it calls for the disclosure of attorney-client privileged
9   information or information protected from disclosure by the work-product doctrine,
10  joint defense or common interest privilege, or other privilege.
11       Larian further objects to this request as cumulative and duplicative to the extent
12  that it seeks documents previously requested by Mattel or produced by Larian in
13  response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 52**
15       A sample of each BRATZ product manufactured, sold, offered for sale,
16  marketed or distributed by YOU since January 1, 2008.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52**
18       Larian incorporates by reference his General Objections as though fully set
19  forth herein.  Larian further objects on the grounds that this request calls for the
20  production of tangible items that are not limited to the subject matter of this action
21  and not relevant to any claim or defense in the pending litigation or reasonably
22  calculated to lead to the discovery of admissible evidence.
23       Larian further objects to this request on the grounds that it is compound.
24  Larian further objects to the request to the extent it violates the privacy rights of third
25  parties to their private, confidential, proprietary or trade secret information.
26       Larian further objects to this request on the grounds that it is vague and
27  ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale,
28  marketed or distributed."  Mattel has not demonstrated how a sample of *each* BRATZ

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___9___

PAGE ___242___

1  product manufactured, sold, offered for sale, marketed or distributed by Larian since

2  January 1, 2008 could be relevant to the claims and defenses in this action, let alone

3  established that the relevancy of these documents outweighs the individual's

4  fundamental right of privacy.  Larian further objects to the request to the extent that it

5  seeks tangible items that by reason of public filing, public distribution or otherwise

6  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

7  objects to this request to the extent that it seeks tangible items not in Larian's

8  possession, custody or control.  Larian also objects to this request on the grounds that

9  it seeks confidential, proprietary or commercially sensitive information, the disclosure

10  of which would be inimical to the personal and business interests of Larian.  Larian

11  also objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-product

13  doctrine, joint defense or common interest privilege, or other privilege.

14    Larian further objects to this request as cumulative and duplicative to the extent

15  that it seeks tangible items previously requested by Mattel or produced by Larian in

16  response to Mattel's document requests.

17  **REQUEST FOR PRODUCTION NO. 53**

18    To the extent not produced in response to any other Request, a sample of each

19  core BRATZ female fashion doll manufactured, sold, offered for sale, marketed or

20  distributed by YOU since January 1, 2008.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

22    Larian incorporates by reference his General Objections as though fully set

23  forth herein.  Larian further objects on the grounds that this request calls for the

24  production of tangible items that are not limited to the subject matter of this action

25  and not relevant to any claim or defense in the pending litigation or reasonably

26  calculated to lead to the discovery of admissible evidence.  The request appears

27  designed to circumvent the Court's January 7 Order appointing a forensic auditor and

28

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ___9___

PAGE ___243___

1   requiring Mattel to pay the auditor's costs in the first instance.  See January 7, 2009
2   Larson Order Appointing Forensic Auditor.

3        Larian further objects to this request on the grounds that it is compound.
4   Larian further objects to the request to the extent it violates the privacy rights of third
5   parties to their private, confidential, proprietary or trade secret information.

6        Larian further objects to this request on the grounds that it is vague and
7   ambiguous in its use of the terms "sample" and "manufactured, sold, offered for sale,
8   marketed or distributed."  Mattel has not demonstrated how a sample of *each* core
9   BRATZ female fashion doll manufactured, sold, offered for sale, marketed or
10  distributed by Larian since January 1, 2008 could be relevant to the claims and
11  defenses in this action.  Larian further objects to the request to the extent that it seeks
12  tangible items that by reason of public filing, public distribution or otherwise are
13  already in Mattel's possession or are readily accessible to Mattel.  Larian further
14  objects to this request to the extent that it seeks tangible items not in Larian's
15  possession, custody or control.  Larian also objects to this request on the grounds that
16  it seeks confidential, proprietary or commercially sensitive information, the disclosure
17  of which would be inimical to the personal and business interests of Larian.  Larian
18  also objects to this request to the extent it calls for the disclosure of attorney-client
19  privileged information or information protected from disclosure by the work-product
20  doctrine, joint defense or common interest privilege, or other privilege.

21       Larian further objects to this request as cumulative and duplicative to the extent
22  that it seeks tangible items previously requested by Mattel or produced by Larian in
23  response to Mattel's document requests.

24  **REQUEST FOR PRODUCTION NO. 54**

25       All registrations, and applications for registration, for any trademark or service
26  mark that constitutes, includes or incorporates in any manner the term "BRATZ."

27

28
666200

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

EXHIBIT 9
PAGE 244

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

2     Larian incorporates by reference his General Objections as though fully set

3 forth herein. Larian further objects on the grounds that this request calls for the

4 production of documents that are not limited to the subject matter of this action and

5 not relevant to any claim or defense in the pending litigation or reasonably calculated

6 to lead to the discovery of admissible evidence.

7     Larian further objects to this request on the grounds that it is compound.

8 Larian further objects to the request to the extent it violates the privacy rights of third

9 parties to their private, confidential, proprietary or trade secret information.

10     Larian further objects to this request on the grounds that it is vague and

11 ambiguous in its use of the terms "registrations," "applications for registration," and

12 "constitutes, includes or incorporates." Mattel has not demonstrated how *all*

13 registrations, and applications for registration, for any trademark or service mark that

14 constitutes, includes or incorporates in any manner the term "BRATZ" could be

15 relevant to the claims and defenses in this action, let alone established that the

16 relevancy of these documents outweighs the individual's fundamental right of

17 privacy. Larian further objects to the request to the extent that it seeks documents that

18 by reason of public filing, public distribution or otherwise are already in Mattel's

19 possession or are readily accessible to Mattel. Larian further objects to this request to

20 the extent that it seeks documents not in Larian's possession, custody or control.

21 Larian also objects to this request on the grounds that it seeks confidential, proprietary

22 or commercially sensitive information, the disclosure of which would be inimical to

23 the personal and business interests of Larian. Larian also objects to this request to the

24 extent it calls for the disclosure of attorney-client privileged information or

25 information protected from disclosure by the work-product doctrine, joint defense or

26 common interest privilege, or other privilege.

27     Larian further objects to this request as being overly broad and unduly

28 burdensome on the grounds that it is not limited in time. Larian further objects to this

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310)553-3000

666200

EXHIBIT __9__

PAGE __245__

1   request as cumulative and duplicative to the extent that it seeks documents previously

2   requested by Mattel or produced by Larian in response to Mattel's document requests.

3   **REQUEST FOR PRODUCTION NO. 55**

4   All registrations, and applications for registration, for any trademark or service

5   mark that constitutes, includes or incorporates in any manner the term "Jade."

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

7   Larian incorporates by reference his General Objections as though fully set

8   forth herein.  Larian further objects on the grounds that this request calls for the

9   production of documents that are not limited to the subject matter of this action and

10   not relevant to any claim or defense in the pending litigation or reasonably calculated

11   to lead to the discovery of admissible evidence.

12   Larian further objects to this request on the grounds that it is compound.

13   Larian further objects to the request to the extent it violates the privacy rights of third

14   parties to their private, confidential, proprietary or trade secret information.

15   Larian further objects to this request on the grounds that it is vague and

16   ambiguous in its use of the terms "registrations," "applications for registration," and

17   "constitutes, includes or incorporates."  Mattel has not demonstrated how *all*

18   registrations, and applications for registration, for any trademark or service mark that

19   constitutes, includes or incorporates in any manner the term "Jade" could be relevant

20   to the claims and defenses in this action, let alone established that the relevancy of

21   these documents outweighs the individual's fundamental right of privacy.  Larian

22   further objects to the request to the extent that it seeks documents that by reason of

23   public filing, public distribution or otherwise are already in Mattel's possession or are

24   readily accessible to Mattel.  Larian further objects to this request to the extent that it

25   seeks documents not in Larian's possession, custody or control.  Larian also objects to

26   this request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the personal and

28   business interests of Larian.  Larian also objects to this request to the extent it calls

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT ____ *9*

PAGE ____ *296*

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310/553-3000

1  for the disclosure of attorney-client privileged information or information protected

2  from disclosure by the work-product doctrine, joint defense or common interest

3  privilege, or other privilege.

4      Larian further objects to this request as being overly broad and unduly

5  burdensome on the grounds that it is not limited in time.  Larian further objects to this

6  request as cumulative and duplicative to the extent that it seeks documents previously

7  requested by Mattel or produced by Larian in response to Mattel's document requests.

8  **REQUEST FOR PRODUCTION NO. 56**

9      All COMMUNICATIONS with any Trademark Office or governmental entity

10  REFERRING OR RELATING TO any registration, or application for registration, for

11  any trademark or service mark that constitutes, includes or incorporates in any

12  manner the term "BRATZ."

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

14      Larian incorporates by reference his General Objections as though fully set

15  forth herein.  Larian further objects on the grounds that this request calls for the

16  production of communications that are not limited to the subject matter of this action

17  and not relevant to any claim or defense in the pending litigation or reasonably

18  calculated to lead to the discovery of admissible evidence.

19      Larian further objects to this request on the grounds that it is compound.

20  Larian further objects to the request to the extent it violates the privacy rights of third

21  parties to their private, confidential, proprietary or trade secret information.

22      Larian also objects to this request on the grounds that it is overbroad, including,

23  without limitation, that it would extend to any communication between *anyone* and

24  *any* Trademark Office or governmental entity referring or relating in any way to a

25  wide variety of matter that could potentially be construed as "relating" to any

26  registration, or application for registration, for any trademark or service mark that

27  constitutes, includes or incorporates in any manner the term "BRATZ.", without

28  regard to whether such communications are at all relevant to any claim or defense at

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT *9*

PAGE *247*

1  issue herein.  Larian also objects to this request on the grounds that it is overbroad,

2  unduly burdensome and oppressive in that it is not in any way limited as to the

3  persons involved in the communications or as to time.  Larian further objects to this

4  request on the grounds that it is vague and ambiguous in its use of the terms

5  "registrations," "applications for registration," and "constitutes, includes or

6  incorporates."  Mattel has not demonstrated how *all* COMMUNICATIONS with any

7  Trademark Office or governmental entity REFERRING OR RELATING TO any

8  registration, or application for registration, for any trademark or service mark that

9  constitutes, includes or incorporates in any manner the term "BRATZ" could be

10  relevant to the claims and defenses in this action, let alone established that the

11  relevancy of these communications outweighs fundamental privacy rights.  Larian

12  further objects to this request on the ground that the terms COMMUNICATIONS and

13  REFERRING OR RELATING TO render the request vague, ambiguous, overly broad

14  and unduly burdensome.  Larian further objects to the request to the extent that it

15  seeks communications that by reason of public filing, public distribution or otherwise

16  are already in Mattel's possession or are readily accessible to Mattel.  Larian further

17  objects to this request to the extent that it seeks documents not in Larian's possession,

18  custody or control.  Larian also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the personal and business interests of Larian.  Larian also

21  objects to this request to the extent it calls for the disclosure of attorney-client

22  privileged information or information protected from disclosure by the work-product

23  doctrine, joint defense or common interest privilege, or other privilege.

24       Larian further objects to this request as being overly broad and unduly

25  burdensome on the grounds that it is not limited in time.  Larian further objects to this

26  request as cumulative and duplicative to the extent that it seeks documents previously

27  requested by Mattel or produced by Larian in response to Mattel's document requests.

28  **REQUEST FOR PRODUCTION NO. 57**

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____ *9*

PAGE *248*

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1      All COMMUNICATIONS with any Trademark Office or governmental entity

2  REFERRING OR RELATING TO any registration, or application for registration, for

3  any trademark or service mark that constitutes, includes or incorporates in any

4  manner the term "Jade."

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

6      Larian incorporates by reference his General Objections as though fully set

7  forth herein. Larian further objects on the grounds that this request calls for the

8  production of communications that are not limited to the subject matter of this action

9  and not relevant to any claim or defense in the pending litigation or reasonably

10  calculated to lead to the discovery of admissible evidence.

11      Larian further objects to this request on the grounds that it is compound.

12  Larian further objects to the request to the extent it violates the privacy rights of third

13  parties to their private, confidential, proprietary or trade secret information.

14      Larian also objects to this request on the grounds that it is overbroad, including,

15  without limitation, that it would extend to any communication between *anyone* and

16  *any* Trademark Office or governmental entity referring or relating in any way to a

17  wide variety of matter that could potentially be construed as "relating" to any

18  registration, or application for registration, for any trademark or service mark that

19  constitutes, includes or incorporates in any manner the term "Jade," without regard to

20  whether such communications are at all relevant to any claim or defense at issue

21  herein. Larian also objects to this request on the grounds that it is overbroad, unduly

22  burdensome and oppressive in that it is not in any way limited as to the persons

23  involved in the communications or as to time. Larian further objects to this request

24  on the grounds that it is vague and ambiguous in its use of the terms "registrations,"

25  "applications for registration," and "constitutes, includes or incorporates." Mattel has

26  not demonstrated how *all* COMMUNICATIONS with any Trademark Office or

27  governmental entity REFERRING OR RELATING TO any registration, or

28  application for registration, for any trademark or service mark that constitutes,

666200

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT 9

PAGE 249

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD,
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   includes or incorporates in any manner the term "Jade" could be relevant to the claims

2   and defenses in this action, let alone established that the relevancy of these

3   communications outweighs fundamental privacy rights.  Larian further objects to this

4   request on the ground that the terms COMMUNICATIONS and REFERRING OR

5   RELATING TO render the request vague, ambiguous, overly broad and unduly

6   burdensome.  Larian further objects to the request to the extent that it seeks

7   communications that by reason of public filing, public distribution or otherwise are

8   already in Mattel's possession or are readily accessible to Mattel.  Larian further

9   objects to this request to the extent that it seeks documents not in Larian's possession,

10  custody or control.  Larian also objects to this request on the grounds that it seeks

11  confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the personal and business interests of Larian.  Larian also

13  objects to this request to the extent it calls for the disclosure of attorney-client

14  privileged information or information protected from disclosure by the work-product

15  doctrine, joint defense or common interest privilege, or other privilege.

16      Larian further objects to this request as being overly broad and unduly

17  burdensome on the grounds that it is not limited in time.  Larian further objects to this

18  request as cumulative and duplicative to the extent that it seeks documents previously

19  requested by Mattel or produced by Larian in response to Mattel's document requests.

20  Dated:  2/6      , 2009

21

22

23

24

25

26

27

28

666200

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
   & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: _____
      Amman Khan
      Attorneys for the MGA Parties
      for Phase Two

RESPONSES TO REQUESTS FOR DOCUMENTS TO MGA ENTERTAINMENT, INC. (PHASE 2)

EXHIBIT _____

PAGE  250

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On January 28, 2009, I served the foregoing document described as:

**RESPONSES TO REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN (PHASE 2)**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☐ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 6th day of February, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Yumi Chung_

YUMI CHUNG

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

665411 v1

EXHIBIT _9_

PAGE _251_

1

## SERVICE LIST

2

3     Jon D. Corey, Esq.
      Michael T. Zeller, Esq.
4     John Quinn, Esq.
      Quinn Emanuel Urquhart Oliver & Hedges, LLP
5     865 South Figueroa Street, 10th Floor
      Los Angeles, CA 90017-2543
6
      Russel J. Frackman, Esq.
7     Patricia H. Benson, Esq.
      Mitchell, Silberberg & Knupp, LLP
8     11377 W. Olympic Blvd.
      Los Angeles, CA 90067
9     (310) 312-2000

10    Thomas J. Nolan, Esq.
      Raoul D. Kennedy, Esq.
11    Jason D. Russell, Esq.
      Skadden, Arps, Slate, Meagher & Flom LLP
12    300 South Grand Avenue, Suite 3400
      Los Angeles, CA 90071-3144
13    (213) 687-5000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
665411 v1

EXHIBIT ___9___

PAGE ___252___

# Exhibit 10

# PRIORITY SEND

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: October 31, 2007 |
| Title: | CARTER BRYANT -v- MATTEL, INC. | |
| | AND CONSOLIDATED ACTIONS | |

==================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                  Theresa Lanza
Courtroom Deputy Clerk                      Court Reporter

ATTORNEYS PRESENT FOR CARTER              ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Christa Martine Anderson                  John Quinn
Matthew M. Werdegar                       Jon D. Corey
                                          Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:                ATTORNEY PRESENT FOR CARLOS
                                          GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                           Alexander H. Cote
Carl A. Roth

PROCEEDINGS:   **ORDER REGARDING STATUS CONFERENCE**

       The Court held a status conference to consider the current schedule set for Phase 1 of the
consolidated cases as well as the issue of the selection of a settlement officer for both Phase 1
and Phase 2 of the consolidated cases.

       For reasons discussed on the record, the Court enters a two-week STAY in these actions,
beginning November 1, 2007, and continuing through November 14, 2007.  During that time, the
parties shall serve no discovery requests (including subpoenas) on parties or third parties.  The
obligation to respond to any outstanding discovery requests is likewise suspended for that time
frame.  No depositions shall be conducted during this time.  The matters to be heard before Judge
Infante, the discovery master herein, are to be rescheduled to a date determined by Judge Infante,

MINUTES FORM 90                                    Initials of Deputy Clerk __jh_____
CIVIL -- GEN                          1            Time: 00/20

EXHIBIT __*10*__

PAGE __*253*__

Case 2:04-cv-09049-SGL-RNB     Document 1104     Filed 10/31/2007    Page 2 of 4

provided, however, that such date is no earlier than November 26, 2007, and that no opposition or reply papers may be required to be filed during the pendency of the stay.

The Court CONTINUES the November 19, 2007, hearing on the Motion For Leave to Serve A Supplemental Interrogatory to December 3, 2007, at 10:00 a.m.

The current schedule regarding Phase 1 of the trial in these consolidated actions is modified as follows:

| | |
|---|---|
| Fact discovery cutoff: | 01/28/08 |
| Initial Expert Reports: | 02/11/08 |
| Rebuttal Expert Reports: | 03/17/08 |
| Last date for settlement conference: | VACATED (see below for Court's directive regarding mandatory settlement procedures) |
| Expert discovery cutoff: | 03/31/08 |
| Dispositive Motions hearing cutoff: | 03/31/08 @ 10:00 a.m. |
| Pretrial conference order and associated trial documents including proposed jury instructions: | 04/21/08 |
| Filing of Motions in Limine: | 05/05/08 |
| Pretrial conference: | 05/05/08 @ 11:00 a.m. |
| Hearing on Motions in Limine and Jury Instructions: | 05/19/08 @ 11:00 a.m. |
| Trial: | 05/27/08 @ 9:00 a.m. |

The schedule for Phase 2, previously set by the Court by Order filed February 22, 2007, in the case captioned MGA Entertainment, Inc. v. Mattel, Inc., et al., CV 05-02727, is VACATED. The Court will consider the scheduling of Phase 2 at a later date. However, the Court DENIES MGA's request to delay or otherwise bifurcate discovery regarding Phase 2 issues.

At the status conference, the parties acknowledged on the record their mutual agreement to the selection of Ambassador Pierre-Richard Prosper as the settlement officer for these

MINUTES FORM 90
CIVIL -- GEN                              2

Initials of Deputy Clerk __jh_____
Time: 00/20

EXHIBIT __10__

PAGE __254__

consolidated cases, and the Court hereby APPOINTS him in that capacity.  Counsel are directed to
contact Ambassador Prosper to schedule a settlement conference on or before December 1, 2007.
The settlement conference is to be directed towards resolution of both phases of this litigation.
Counsel are ORDERED to carefully and diligently follow Ambassador Prosper's directions
concerning preparation for and conduct at any settlement conferences.  The parties will be jointly
responsible for paying the Ambassador's reasonable and customary rate for services rendered.  A
failure to comply with this order, or a failure to provide reasonable compensation to the Settlement
Officer upon completion of the mediation, may result in the imposition of appropriate sanctions.
Ambassador Prosper is directed to provide a status report to the Court following the conclusion of
the settlement efforts.

IT IS SO ORDERED.

c:      Judge Infante
        Ambassador Prosper

MINUTES FORM 90
CIVIL -- GEN                                 3          Initials of Deputy Clerk __jh_____
                                                        Time: 00/20

EXHIBIT _10_

PAGE _255_

# Exhibit 11

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: February 4, 2008 |
| Title: | CARTER BRYANT -v- MATTEL, INC. | |
| | AND CONSOLIDATED ACTIONS | |

======================================================================

**PRESENT:**   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

**ATTORNEYS PRESENT FOR CARTER BRYANT:**

Michael Page

**ATTORNEYS PRESENT FOR MATTEL:**

John Quinn
Jon D. Corey

**ATTORNEYS PRESENT FOR MGA:**

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

**ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ:**

**ATTORNEYS PRESENT FOR THIRD-PARTY WITNESSES**

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

MINUTES FORM 90
CIVIL -- GEN

1

Initials of Deputy Clerk __Jh

Time: 1/45

EXHIBIT __11__

PAGE __256__

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods

1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.

1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing

1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow

1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items

1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel

ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS**
**(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

| MINUTES FORM 90 | | Initials of Deputy Clerk __jh_____ |
| CIVIL -- GEN | 2 | Time: 1/45 |

EXHIBIT __11__

PAGE __257__

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

**MINUTES FORM 90**
**CIVIL -- GEN**                          3

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT _11_

PAGE _258_

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90
CIVIL -- GEN                                         4

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __11__

PAGE __259__

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __11___

PAGE __260__

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | | | |
|---|---|---|---|
| Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. | |
| BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. | |
| Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. | |
| BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. | |
| CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court | |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) | |
| Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service - Riverside (USMED) | |
| Catterson, Cathy (9th Circuit Court of Appeal) | | US Marshal Service -Santa Ana (USMSA) | |
| Chief Deputy Admin | | US Probation Office (USPO) | |
| Chief Deputy Ops | | US Trustee's Office | |
| Clerk of Court | | Warden, San Quentin State Prison, CA | |
| Death Penalty H/C (Law Clerks) | | | |

| | |
|---|---|
| ✓ | **ADD NEW NOTICE PARTY** (If sending by fax, mailing address must also be provided) |

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| | |
|---|---|
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

| |
|---|
| **JUDGE / MAGISTRATE JUDGE (list below):** |
| |
| |
| |
| |

Initials of Deputy Clerk jh

EXHIBIT 11

PAGE 261

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)  **Case Title** Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service - Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY**
(if sending by fax, mailing address must also be provided)

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor):  Two Embarcadero Center, Suite 1500, San Francisco, CA  94111

*E-mail:

*Fax No.:

* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** jh

G-75  (03/07)                    NOTICE PARTY SERVICE LIST

EXHIBIT _11_

PAGE _262_