1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Plaintiff Mattel, Inc.

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13             Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14       vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 16 | |
| 17             Defendant. | [PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., AND ISAAC LARIAN; |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | |
| 20 | |
| 21 | AND MEMORANDUM OF POINTS AND AUTHORITIES |
| 22 | [Declaration of Scott Watson and Separate Statement filed concurrently] |
| 23 | |
| 24 | Date:    TBA |
| 25 | Time:    TBA  Place:   TBA |
| 26 | Discovery Cut-off: |
| 27 | Pre-trial Conference:  Trial Date: |
| 28 | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at time and place of hearing to be set by Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does, move the Court:

(1) to compel MGA Entertainment, Inc. ("MGA") to supplement its production of documents responsive to Request Nos. 4-37 and 40-45 in Mattel's Second Set of Requests for Documents and Things to MGA;

(2) to compel Isaac Larian ("Larian") to supplement his production of documents responsive to Request Nos. 207, 208 and 269 in Mattel's First Set of Requests for Production of Documents and Things to Isaac Larian;

(3) to compel MGA to supplement its answer to Interrogatory No. 45 in Mattel's Sixth Set of Interrogatories, and to answer Interrogatory Nos. 56-63, and 67-69 of Mattel's Supplemental Interrogatories;

(4) to compel Larian to answer Interrogatory Nos. 56-63 and 67-69 of Mattel's Supplemental Interrogatories; and

(5) to overrule each of MGA's and Larian's objections to Mattel's Supplemental Interrogatories at issue.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 33(b)(5) and 37(a) on the grounds that Mattel's requests seek discoverable information and MGA's objections lack merit.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott L. Watson and Separate Statement filed concurrently, the records and files of this Court, and all other matters of which the Court may take judicial notice.

1

### **Statement of Rule 37-1 Compliance**

2          The parties met and conferred regarding this Motion on February 6 and

3    9, 2009.

4

5

6    DATED:  February 10, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

7

8                                                   By_____

9                                                        Scott L. Watson
                                                         Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

PRELIMINARY STATEMENT .......................................................................... 1

BACKGROUND ............................................................................................... 3

ARGUMENT ................................................................................................... 8

I.    THE COURT SHOULD ORDER MGA AND LARIAN TO SUPPLEMENT THEIR PRODUCTION OF FINANCIAL INFORMATION ...................................................................................... 8

II.   THE COURT SHOULD ORDER MGA TO SUPPLEMENT ITS RESPONSE TO INTERROGATORY NO. 45 OF MATTEL'S SIXTH SET OF INTERROGATORIES ............................................................... 9

III.  THE COURT SHOULD COMPEL MGA AND LARIAN TO PROVIDE FULL AND COMPLETE RESPONSES TO MATTEL'S SUPPLEMENTAL INTERROGATORIES ................................................. 10

    A.   Mattel's Supplemental Interrogatories Seek Relevant, Discoverable Information ........................................................ 10

    B.   Defendants' Unilateral Limits to Mattel's Definitions Should be Overruled ....................................................................... 14

    C.   Defendants' Remaining Objections Should Be Overruled ................... 20

        1.   The Court Should Overrule Defendants' Objections That Mattel's Interrogatories Seek Information That May Be The Subject of Expert Witness Analysis ................................. 20

        2.   The Court Should Overrule Defendants' Objections That Mattel's Interrogatories Seek Information That Is Better Known to Mattel ........................................................... 21

        3.   The Court Should Overrule Defendants' Boilerplate Privilege Objections ............................................. 22

        4.   The Court Should Overrule Defendants' Objections that Mattel's Interrogatories Require Defendants to "Prove the Negative" ...................................................... 23

        5.   The Court Should Overrule MGA's Objection That Mattel's Interrogatories Are Duplicative ......................... 24

        6.   The Court Should Overrule Defendants' Undue Burden Objections ............................................................... 25

CONCLUSION ............................................................................................... 26

1

TABLE OF AUTHORITIES

**Page**

2

**Cases**

3

4

Chapman v. California Dept. of Educ.,
2002 WL 32854376 (N.D. Cal. February 6, 2002).................................. 14, 23

5

6

Coleman v. Schwarzenegger,
2008 WL 3843292 (E.D. Cal. August 14, 2008) ...................................... 8, 9

7

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
1989 WL 92038 (E.D.N.Y. 1988)........................................................ 22

8

9

Dang v. Cross,
2002 WL 432197 (C.D. Cal. 2002)...................................................... 23

10

Josephs v. Harris Corp.,
677 F.2d 985 (3d Cir. 1982) .............................................................. 24

11

12

King v. E.F. Hutton & Co., Inc.,
117 F.R.D. 2 (D.D.C. 1987)...................................................... 20, 22, 23

13

14

King v. Georgia Power Co.,
50 F.R.D. 134 (N.D. Ga. 1970)........................................................... 25

15

Lawrence v. First Kansas Bank & Trust, Co.,
169 F.R.D. 657 (D. Kan. 1996)........................................................... 23

16

17

Nagele v. Electronic Data Systems Corp.,
193 F.R.D. 94 (W.D.N.Y. 2000).......................................................... 14

18

Oakes v. Halvorsen Marine  Ltd.,
179 F.R.D. 281 (C.D.Cal. 1998) ......................................................... 12

19

20

Ramirez v. Nicholson,
2007 WL 2990283 (S.D. Cal. 2007) ..................................................... 11

21

22

Roberts v. Heim,
130 F.R.D. 424 (N.D. Cal. 1989)......................................................... 20

23

Safeco of Am. v. Rawstron,
181 F.R.D. 441 (C.D. Cal. 1998) ......................................................... 23

24

25

Seff v. General Outdoor Advertising Co.,
11 F.R.D. 597 (N.D. Ohio 1951) ......................................................... 25

26

Tennison v. San Francisco
226 F.R.D. 615 (N.D. Cal. 2005).......................................................... 23

27

28

United States v. Abel,
469 U.S. 45 (1984) .......................................................................... 12

Walker v. Lakewood Condominium Owners Ass'n,
    186 F.R.D. 584 (C.D. Cal. 1999) ........................................................................ 24

Zapata v. IBP, Inc.,
    1997 WL 122588 (D. Kan. 1997) ....................................................................... 23

**Statutes**

Fed. R. Civ. P. 26(b)(1) ............................................................................................ 11

Fed. R. Civ. P. 26(e)(1) .............................................................................................. 8

Fed. R. Civ. P. 33(a)(2) ................................................................................. 16, 21, 21

Fed. R. Civ. P. 33(b)(4) ............................................................................................ 14

**Other Authorities**

8A Wright & Miller, Federal Practice & Procedure: Federal Rules of Civil
    Procedure § 2174 ............................................................................................... 25

Wright & Miller, Federal Practice & Procedure: Federal Rules
    of Evidence § 6095 ............................................................................................ 13

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

MGA and Larian refuse to provide substantive responses to the majority of Mattel's Supplemental Interrogatories and refuse to supplement their document production of compelled financial information.  MGA also refuses to supplement its response to Mattel's interrogatory requiring it to provide Bratz sales information by product.  There is no serious dispute as to the relevance of the discovery Mattel seeks; MGA nevertheless will not provide it.  These refusals are unjustified, and the Discovery Master should compel MGA and Larian to provide complete responses.

Mattel served its Supplemental Interrogatories on MGA and Larian on January 9, 2008.  Rather than respond, Defendants served only objections and based their refusal to respond on the Court's stay of Phase 2 discovery.  On January 6, 2009, the Court lifted that stay.  Although Defendants concede that their Phase 2 discovery stay objections are no longer viable, they persist in their refusal to provide Mattel any substantive responses.

Even though Mattel's Phase 2 claims allege massive trade secret theft by Defendants, their primary basis for their stonewalling is their objection that certain Mattel's interrogatories are too burdensome to respond to because Mattel has purportedly identified too many documents stolen by MGA.  This objection is without merit.  MGA knows -- far better than Mattel does -- which Mattel documents it improperly obtained.  Any burden that arises from the sheer number of misappropriated Mattel documents arises from Defendants' own wrongdoing.  MGA and Larian cannot complain of the burden they created or shield their wrongdoing from discovery by asserting that it was so large in scope that it would be unduly burdensome to reveal.

Defendants further contend that Mattel's interrogatories improperly ask Defendants to "prove a negative" because Mattel's interrogatories ask Defendants to state all facts regarding their various contentions that they did not misappropriate Mattel trade secrets.   This objection is also without merit.   Defendants will undoubtedly contend at trial that they did not misappropriate Mattel trade secrets. Mattel is entitled to know the facts, documents, and persons on which Defendants will rely to make such claims.

Defendants contend that they cannot respond to Mattel's interrogatories regarding former Mattel employees because Mattel has defined "Former Mattel Employees" to include any former Mattel employees *and* their agents, representatives, and attorneys, etc., who misappropriated Mattel trade secrets. Defendants are unable to articulate a single reason as to why Mattel is not entitled to this information or why including the agents, representatives and attorneys of Mattel's former employees in their interrogatory responses would render the interrogatories ambiguous or unduly burdensome.

These objections, and Defendants' remaining boilerplate objections, should be overruled, and Defendants should be compelled to provide complete responses to Mattel's Supplemental Interrogatories.

Defendants additionally should be compelled to supplement their production of financial information, namely documents responsive to Request Nos. 4-37 and 40-45 in Mattel's Second Set of Requests for Documents and Things to MGA and Request Nos. 207, 208 and 269 in Mattel's First Set of Requests for Production of Documents and Things to Isaac Larian.   The Discovery Master compelled MGA and Larian to respond to these requests in December 2007.   After the District Court had to again order compliance, MGA and Larian belatedly produced some financial documents during the Phase 1 trial, but even then failed to produce key financial records and have since refused to supplement their production.   Defendants should be compelled to supplement their production.

MGA should also be compelled to supplement its response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories. This Interrogatory seeks information regarding Bratz sales, costs, revenues, and profits, by product. That information is directly related to the damages Mattel seeks for its misappropriation of trade secrets and RICO claims and to MGA's own claims. The last time MGA provided a response to this Interrogatory was in 2007. MGA has continued to sell Bratz and Bratz-related products, and its refusal to supplement is improper. It should be compelled to provide this discovery without further delay.

**Background**

Mattel's Second Set of Requests for Production to MGA.     Mattel propounded its second set of requests for production to MGA on June 6, 2007.[1] These requests asked for financial documents sufficient to show MGA's revenues, costs and profits, as well as documents sufficient to calculate MGA's net worth.[2] MGA failed to produce responsive documents despite several promises to do so,[3] and thus, on November 26, 2007, Mattel filed a motion to compel.[4] On December 28, 2007, the Discovery Master granted Mattel's motion with respect to Request Nos. 4-37 and 40-45.[5] At the beginning of the Phase 1 trial, Judge Larson also ordered Defendants to provide Larian's financial information. Specifically, Judge Larson required Larian to make available "documents sufficient to show the revenue, gross and net profits by him from the sale of Bratz products, including without limitation documents sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and net

---

[1] Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc., dated June 6, 2007, Watson Dec., Exh. 1.
[2] Id.
[3] See Mattel, Inc.'s Motion to Compel Production of Documents, dated November 26, 2007, at 2-5, Watson Dec., Exh. 2.
[4] Id.
[5] Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc., dated December 28, 2007, Watson Dec., Exh. 3.

1  profits."[6]  The MGA Parties belatedly produced certain financial documents during
2  the Phase 1 trial, but have since failed to supplement their production.[7]

3          Mattel's First Set of Requests for Production to Isaac Larian.  On June
4  13, 2007, Mattel propounded its First Set of Requests for Production of Documents
5  and Things to Isaac Larian.[8]  Among other things, Mattel sought documents
6  sufficient to identify each of Larian's banks or financial institutions and other
7  banking relationships since January 1, 1999;[9] documents sufficient to establish
8  Larian's gross income and sources for such income for each year from 1999 to the
9  present;[10] and documents sufficient to show or calculate Larian's net worth on a
10 yearly basis for each year from 1999 to the present.[11]

11         Like MGA, Larian refused to produce documents in response to many
12 of Mattel's requests,[12] and on October 11, 2007, Mattel filed a motion to compel.[13]
13 On December 31, 2007, the Discovery Master granted Mattel's motion to compel
14 with respect to Request Nos. 207, 208 and 269, regarding Larian's personal financial
15 data.[14]  The Discovery Master found that these "requests are reasonably calculated
16 to lead to the discovery of admissible evidence relevant to several issues in the
17 case," such as "Larian's income and net worth, which are relevant to damages."[15]

18 _____

19  [6]  May 27, 2008 Trial Tr. at 17:13-18:4, Watson Dec., Exh. 27.
20  [7]  Watson Dec., at ¶ 10.
    [8]  Mattel, Inc.'s First Set of Requests for Production of Documents and Things to
21 Isaac Larian, dated June 13, 2007, Watson Dec., Exh. 4.
    [9]  Id. at Request No. 207.
22  [10]  Id. at Request No. 208.
    [11]  Id. at Request No. 269.
23  [12]  Larian's Objections and Responses to Mattel, Inc.'s First Set of Requests for
    Production of Documents and Things, dated August 6, 2007, Watson Dec., Exh. 5;
24 Larian's Supplemental Objections and Responses to Mattel, Inc.'s First Set of
    Requests for Production of Documents and Things, dated September 25, 2007,
25 Watson Dec., Exh. 6.
    [13]  Mattel, Inc.'s Motion to Compel Production of Documents by Isaac Larian,
26 dated October 11, 2007, Watson Dec., Exh. 7.
    [14]  Order Granting in Part and Denying in Part Mattel's Motion to Compel
27 Production of Documents by Isaac Larian, at 16, dated December 31, 2007, Watson
    Dec., Exh. 8.
28  [15]  Id.

1    Like MGA, Larian had to be further compelled by the District Court, and he
2    belatedly produced certain documents responsive to these requests during trial, but
3    he has yet to supplement his production.[16]

4                    Mattel's Sixth Set of Interrogatories.   On October 23, 2007, Mattel
5    served its Sixth Set of Interrogatories on MGA, asking MGA to identify each Bratz
6    product that MGA or its licensees has sold, and to identify the profits, costs, and
7    revenue associated with each such product.[17]   MGA responded on November 26,
8    2007, stating that because "the burden of deriving or ascertaining the information"
9    sought by this interrogatory is "substantially the same for Mattel as it is for MGA,"
10   MGA would "specify and produce to Mattel copies of the records from which the
11   answer to this interrogatory may be derived or ascertained."[18]   To that end, MGA
12   produced documents with Bates numbers MGA 370982-MGA 3745687 and MGA
13   3745688-MGA 3746620 on December 7 and 12, 2007.[19]   MGA has yet to
14   supplement its response since that time.

15                   Mattel's Supplemental Interrogatories.   On January 9, 2008, Mattel
16   served Supplemental Interrogatories on MGA and Isaac Larian -- asking them the
17   same nineteen questions.[20]   These interrogatories go to central Phase 2 issues,
18   including the facts regarding MGA's theft of Mattel documents;[21] and MGA's illegal
19   payments to former Mattel employees.[22]   MGA and Larian responded on February
20   8, 2008, providing only objections to the majority of the Supplemental

21   _____

22       [16]   Watson Dec., ¶ 10.
         [17]   Mattel's Sixth Set of Interrogatories, Interrogatory No. 45, dated October 23,
23   2007, Watson Dec., Ex. 9.
         [18]   MGA's Objections and Responses to Mattel's Sixth Set of Interrogatories,
24   dated November 26, 2007, Watson Dec., Ex. 10.
         [19]   Letter from Timothy Miller to Scott Kidman, dated December 7, 2007,
25   Watson Dec., Ex. 11; Letter from Timothy Miller to Scott Kidman, dated
     December 12, 2007. Watson Dec., Ex. 12.
26       [20]   Mattel's Supplemental Interrogatories, dated January 9, 2008, Watson Dec.,
     Ex. 13.
27       [21]   Id. at 14-16 (Nos. 56-63).
         [22]   Id. at 16-17 (Nos. 67-69).
28

1  Interrogatories on the grounds that Phase 2 discovery was stayed until further order

2  of the Court.[23]

3         The Court Lifts the Stay on Phase 2 Discovery.  On January 6, 2009,

4  the Court vacated the stay on Phase 2 discovery.[24]  Counsel for Mattel thus wrote to

5  counsel for the MGA Parties and requested that MGA and Larian supplement their

6  production of financial documents.[25]  On January 28, 2009, Mattel also requested by

7  letter that the parties meet and confer regarding MGA's response to Interrogatory

8  No. 45 of Mattel's Sixth Set of Interrogatories and MGA's and Larian's responses to

9  Mattel's Supplemental Interrogatories.[26]

10         The Parties Meet and Confers.  On the same day that the discovery stay

11  was lifted, Mattel sent a letter to counsel for MGA and Larian asking them to

12  supplement their production of documents with respect to certain requests in

13  Mattel's First Set of Requests for Production to Isaac Larian and Mattel's Second Set

14  of Requests for Production to MGA for which the Discovery Master had compelled

15  Larian and MGA respectively to produce all responsive documents.[27]  Although the

16  time to meet and confer under the Discovery Master came and passed, counsel for

17  MGA did not respond to that letter.  On February 4, 2009, counsel for MGA wrote

18  in an e-mail message that there were only four outstanding meet and confer letters.

19  He did not include the January 6, 2009 letter asking that MGA and Larian

20

21     [23]  MGA's Objections and Responses to Mattel's Supplemental Set of

22  Interrogatories, dated February 8, 2008 (Nos. 56-63, 67-69) ("Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order

23  of the Court.  Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court"), Watson Dec., Exh. 14; Larian's

24  Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated February 8, 2008 (Nos. 56-63, 67-69), Watson Dec., Exh. 15.

25     [24]  Order Appointing Discovery Master, dated January 6, 2009, at 2, Watson Dec., Exh. 16.

26     [25]  Letter from Jon Corey to Carl Roth, dated January 6, 2009, Watson Dec., Exh. 17.

27     [26]  Letter from Scott Watson to Thomas Nolan and Jason Russell, dated January 28, 2009, Watson Dec., Exh. 18.

28     [27]  January 6, 2009 Letter from Jon Corey to Carl Roth, Watson Dec. Exh. 17.

supplement their respective document productions.[28]  Counsel for Mattel corrected that misinformation and provided counsel with additional outstanding meet and confer letters, including the January 6, 2009 letter requesting supplementation, and then provided another copy of that letter to MGA's counsel.[29]

The parties met and conferred on February 6, 2009 regarding Mattel's discovery requests.[30]  During the conference, the MGA Parties acknowledged that their objections to Mattel's interrogatories based on the Phase 2 discovery stay were no longer viable.[31]  However, they were not prepared to discuss whether they would provide substantive responses to the Supplemental Interrogatories identified in Mattel's January 28, 2009 meet and confer letter or whether they would stand on their other objections.  The MGA Parties were also stated that they were not prepared to discuss whether they would supplement their responses to Mattel's requests for financial documents or whether MGA would supplement its response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories.[32]  The parties agreed to reconvene on February 9, 2009 to discuss whether the MGA Parties would respond to Mattel's discovery requests and whether they would stand on their remaining objections.[33]

The parties continued their conference regarding Mattel's discovery requests on February 9.[34]  The MGA Parties, however, were unwilling to withdraw their objections to Mattel's Supplemental Interrogatories or to answer the

---

[28]   February 4, 2009 E-mail from Amman Khan to Jon Corey, Watson Dec. Exh. 29.
[29]   February 5, 2009 E-mail from Jon Corey to Amman Khan, Watson Dec. Exh. 30.
[30]   Watson Dec., at ¶ 22; see also Letter from Scott Watson to Amman Khan, dated February 6, 2009, Watson Dec., Exh. 19.
[31]   Id.
[32]   Id.
[33]   Id.; see also Email from Scott Watson to Amman Khan, dated February 9, 2009, Watson Dec., Exh. 23.
[34]   Watson Dec., at ¶ 24.

interrogatories as written.[35]   MGA also would not commit to supplementing its response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories based on MGA's (erroneous) position that Interrogatory No. 45 is only relevant to MGA's trade dress claims and its further position that MGA would be filing a motion to stay any obligation to respond to trade dress-related interrogatories until after the Court decides Mattel's trade dress summary judgment motion.[36]

## **Argument**

## I.   **THE COURT SHOULD ORDER MGA AND LARIAN TO SUPPLEMENT THEIR PRODUCTION OF FINANCIAL INFORMATION**

The Discovery Master previously compelled Larian and MGA to produce financial information responsive to Request Nos. 207, 208, and 269 of Mattel's First Set of Requests for Production of Documents and Things and Request Nos. 4-37 and 40-45 of Mattel's Second Set of Requests for Production to MGA Entertainment.[37]   Although MGA and Larian belatedly produced some responsive financial documents during the Phase 1 trial after they were compelled yet again to do so by Judge Larson,[38] they have yet to supplement their production, as required by the Federal Rules.  Fed. R. Civ. P. 26(e)(1) ("A party who has . . . responded to . . . [a] request for production . . . must supplement or correct its disclosure or response . . . in a timely manner");  Coleman v. Schwarzenegger, 2008 WL 3843292, at * 1 (E.D. Cal. August 14, 2008) ("Under Rule 26(e), litigants have a continuing duty to supplement their discovery responses at appropriate intervals if the prior responses

---

[35]  Id.
[36]  Id.
[37]  Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, at 16, dated December 31, 2007, Watson Dec., Exh. 8; Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc., dated December 28, 2007, Watson Dec., Exh. 3.

were incomplete or incorrect and additional or corrective information has not otherwise been made known to their opponent during discovery or in writing.") (internal quotations omitted).

As the Discovery Master previously found, the compelled financial information which Defendants are withholding is relevant to the damages Mattel seeks,[39] among other issues.   Accordingly, Defendants should be ordered to supplement their production forthwith.

## II.   THE COURT SHOULD ORDER MGA TO SUPPLEMENT ITS RESPONSE TO INTERROGATORY NO. 45 OF MATTEL'S SIXTH SET OF INTERROGATORIES

Interrogatory No. 45 asks MGA to identify each Bratz product that MGA or its licensees have sold, and to identify the profits, costs, and revenue associated with each such product.[40]   MGA identified and produced documents responsive to this interrogatory in December 2007,[41] and later supplemented this production mid-trial, but MGA now it refuses to supplement its response.[42]   In meet and confer, MGA claimed that this interrogatory relates only to its own claims, and therefore it should not have to respond to this interrogatory until Mattel's summary judgment motion on MGA's Bratz claims is decided.   MGA's claims against Mattel

---

[38]   May 27, 2008 Trial Tr. at 17:13-18:9, Watson Dec., Exh. 27; see also Watson Dec., at ¶ 10.
[39]   Id.
[40]   Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007, Watson Dec., Exh. 9.
[41]   MGA's Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Sixth Set of Interrogatories, dated November 26, 2007 at 10 (MGA will "specify and produce to Mattel copies of the records from which the answer to this interrogatory may be derived or ascertained"), Watson Dec., Exh. 10; Letters from Timothy Miller to Scott Kidman, dated December 7, 2007 and December 12, 2007 (producing documents in response to Interrogatory No. 45), Watson Dec., Exhs. 11, 12.
[42]   Watson Dec., at ¶ 24.

1  include false designation of origin, unfair competition, and dilution,[43] and

2  information regarding Bratz sales is relevant to the damages MGA may seek against

3  Mattel for these claims.

4        Not only is MGA's suggestion that it is entitled to unilaterally grant

5  itself a discovery stay on MGA's own claims without merit,[44] but this interrogatory

6  does not seek information only related to MGA's claims.  Mattel claims MGA used

7  Mattel trade secrets it obtained from stolen Mattel documents to market and sell

8  Bratz products.[45]  The revenues MGA received for Bratz products are therefore also

9  relevant to Mattel's damages claims.  Indeed, Mattel needs such information to

10  establish MGA's liability.  Among other reasons, Mattel needs to know what

11  products MGA sold as evidence of MGA's illegal use of Mattel's trade secrets.

12  MGA's delay in providing Mattel information regarding post-2007 Bratz sales is

13  without justification.

14  **III.**   **THE COURT SHOULD COMPEL MGA AND LARIAN TO PROVIDE**

15       **FULL AND COMPLETE RESPONSES TO MATTEL'S**

16       **SUPPLEMENTAL INTERROGATORIES**

17      **A.**   **Mattel's Supplemental Interrogatories Seek Relevant, Discoverable**

18         **Information**

19        MGA and Larian do not assert relevance objections to the majority of

20  the supplemental interrogatories at issue, and thus concede that the information

21  Mattel seeks is discoverable on that basis.[46]  And properly so -- Mattel's

22

---

23     [43]  See MGA's Complaint in Case No. 05-02727, dated April 13, 2005 at 31-35, Watson Dec., Exh. 22.

24     [44]  It is of course not a valid excuse to refuse to produce discovery based on a party's bare assertion that at some unknown juncture in the future it intends to ask

25  the Court to stay certain undefined discovery for an undefined period of time.  The short answer is that no such motion has been filed by MGA, let alone granted.

26     [45]  Mattel, Inc.'s Second Amended Answer In Case No. 05-02727 and Counter-Claims, at 52-53 (discussing My Scene My Bling Bling), Watson Dec., Exh. 23.

27     [46]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental

28  (footnote continued)

interrogatories all address important Phase 2 issues.  As set forth above, these interrogatories primarily seek to discover what facts Defendants believe support their claims and defenses on key issues in dispute, such as the facts regarding MGA's theft of Mattel trade secret documents.[47]  These interrogatories also seek to discover facts regarding MGA's illegal payments to former Mattel employees.[48]  Mattel is entitled to discover the information it seeks through these interrogatories.  Ramirez v. Nicholson, 2007 WL 2990283, at *2 (S.D. Cal. 2007) (quoting Fed. R. Civ. P. 26(b)(1)) ("The Federal Rules allow for broad discovery in civil actions: 'Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . .  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Defendants do object on relevance grounds to Interrogatory Nos. 56, 57, 67, and 69.[49]  Interrogatory No. 56 asks MGA and Larian to identify the Mattel documents MGA has obtained since January 1, 1999, identify persons with knowledge of MGA's obtaining Mattel documents, and identify documents that refer or relate to obtaining Mattel documents.[50]  Interrogatory No. 57 asks Defendants to identify documents that refer or relate to any Mattel product or plan that any former Mattel employees provided to MGA since January 1, 1999.[51]  The information sought by these two interrogatories relates directly to Mattel's claims, including its RICO claims.  Indeed, MGA's poaching of Mattel employees for the purposes of

---

Interrogatories, Watson Dec., Exh. 15.  Of the interrogatories at issue, MGA only raises relevance objections to Nos. 56, 57, 67, and 69, whereas Larian only raises relevance objections to Nos. 57 and 69.

[47] Id. at 14-16 (Nos. 56-63).

[48] Id. at 16-17 (Nos. 67-69).

[49] Larian does not raise relevance objections to Interrogatory Nos. 56 and 67 and has therefore waived any such objection.

[50] Mattel's Supplemental Interrogatories (No. 56), Watson Dec., Exh. 13.

[51] Id. (No. 57).

1   stealing its trade secrets is specifically alleged in Mattel's claims.[52]   Mattel alleges

2   that MGA paid former Mattel employees to leave Mattel and work for MGA and, in

3   the process, steal Mattel trade secrets and other property and deliver them to

4   MGA.[53]

5          Mattel has expressly alleged claims for commercial bribery against

6   Larian and MGA.[54]   Interrogatory No. 67 asks Defendants to identify every payment

7   MGA or Larian have given to any person identified in any of the parties' initial

8   disclosures when that person was not an employee of MGA.[55]   Interrogatory No. 69

9   asks Defendants to identify each payment MGA or Larian have made since January

10   1, 1998 to any person who has been employed by Mattel, excluding ordinary salary

11   and benefits paid to such person while an MGA employee.[56]   Payments made to

12   then-Mattel employees establish commercial bribery and other tortious conduct that

13   are the subject of Mattel's claims by Larian or MGA.  The timing and amounts of

14   payments made to former Mattel employees with whom Larian and MGA are

15   accused of conspiring are critical evidence supporting Mattel's claims.[57]   The

16   discovery Mattel seeks is clearly relevant.

17          Additionally, persons identified in the parties' initial disclosures are

18   potential witnesses in this case, and evidence of payments to witnesses are

19   obviously relevant to issues of bias.  United States v. Abel, 469 U.S. 45, 51 (1984)

20   (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen Marine

21

22   [52]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
     Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.
23   [53]   Id. at ¶¶ 37-76.
     [54]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
24   Claims, Prayers ¶ 12, Watson Dec., Exh. 23.
     [55]   Mattel's Supplemental Interrogatories (No. 67), Watson Dec., Exh. 13.
25   [56]   Id.
     [57]   See Order of January 25, 2007, at 14:13-17, ("payments to Bryant are
26   relevant to Mattel's recently added claims for trade secret misappropriation.
     Payments could show when and what trade secret information Bryant and other
27   defendants allegedly misappropriated from Mattel.  Any proof of trade secret theft is
        (footnote continued)
28

MATTEL INC.'S MOTION TO COMPEL DISCOVERY RESPONSES

Ltd., 179 F.R.D. 281, 283 (C.D.Cal. 1998) (Rule 26 permits discovery of information which may simply relate to the credibility of a witness or other evidence in the case); Wright & Miller, Federal Practice & Procedure: Federal Rules of Evidence § 6095 (bias is a "particularly favored basis for attacking credibility," and "circumstantial evidence of bias" may include evidence of the "payment of bribes or fees").  Indeed, the former Discovery Master in this case previously so ruled.[58]

Furthermore, these Interrogatories are relevant to MGA's own claims. MGA has accused Mattel of copying Bratz and other designs, as well as advertising, packaging, themes and the like.  It is Mattel's position that MGA copied or utilized Mattel projects in development and other confidential, internal information, which is not only trade secret theft, but a defense to MGA's claims.  This, too, has been previously recognized by the Discovery Master.[59]  Knowing when MGA paid Mattel employees and how much will yield evidence showing MGA's access to Mattel's internal information and additionally bear on critical issues of timing and which company was developing which product or product element at issue first.  Without doubt, these interrogatories are likely to lead to the discovery of admissible evidence bearing on these issues.

The Discovery Master should overrule Defendants' erroneous relevance objections Defendants Interrogatory Nos. 56, 57, 67, and 69.

---

also relevant to Mattel's defense against MGA's unfair competition claims."), Watson Dec., Exh. 24.

[58] Order Granting in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 at 11 (MGA payments to individuals "may also show possible bias and be used for impeachment purposes), Watson Dec., Exh. 28.

[59] Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at 14 ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. . . Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition), Watson Dec., Exh. 24.

**B.** **Defendants' Unilateral Limits to Mattel's Definitions Should be Overruled**



.[60]   But they have offered no evidence that responding to interrogatories with these defined terms would be unduly burdensome, and the definitions are not vague.   Defendants' boilerplate objections to Mattel's defined terms should be overruled for this reason alone.   Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize basis for objection).

For each of these terms, Defendants interject their own, more limited definitions, so that any response would provide Mattel only a portion of the information Mattel is entitled to.   This is improper.   Chapman v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D. Cal. February 6, 2002) ("The proponent of discovery is the master of its terms.   So long as the information sought is within the broad bounds of relevancy as set forth in Rule 26 and is otherwise properly discoverable, the respondent may not unilaterally reshape or rephrase the discovery request.").[61]

Defendants complain that Mattel's definitions of the terms " ███ ," " ███ ," and " ███ " include concepts such as distribution, licensing, and

---

[60]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 7-14, Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories, at 7-14, Watson Dec., Exh. 15.

1    marketing.[62]   Thus, they assert that any response they provide will "███████

2    ████████████████████████████████████████████████████████████

3    This contention is baseless, as even Defendants do not dispute that Mattel is entitled

4    to discover information relating to the distribution, licensing, and marketing of the

5    MGA products at issue.   Moreover, Defendants have not explained why using the

6    terms as Mattel has defined them would render their responses vague, ambiguous, or

7    unduly burdensome.   If anything, Defendants' unilateral interpretations of the terms

8    are more likely to render their responses vague and ambiguous, as Defendants'

9    definitions provide zero specificity.

10          Defendants also object to Mattel's definition of "MGA" for including

11   "████████████████████████████████████████████████████████████

12   ████████████████████████████████████████████████████████████

13   ████████████████████████████████████████████████████████████

14   ██████████████."[64]   Defendants assert that they will instead "█████████

15   ███████████████████████████████████████████."[65]   In

16   limiting the term "MGA" in this way, Defendants effectively refuse to provide

17   Mattel information regarding MGA's current or former employees, officers,

18   directors, agents, representatives, attorneys, experts, divisions, affiliates, successors-

19   in-interest, and any other person acting on its behalf.   Mattel is clearly entitled to

20   discover this information, and Defendants offer no explanation to the contrary.

21   Indeed, MGA's limitation would effectively eviscerate the Interrogatories by

22   allowing MGA to selectively withhold information about the trade secret thefts that

23   _____

24   [61]   As discussed above, Mattel's interrogatories seek information that is directly
     relevant to the party's claims and defenses in this case.

25   [62]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at
     7, Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's

26   Supplemental Interrogatories, at 7, Watson Dec., Exh. 15.
     [63]   Id.

27   [64]   Id. at 7-8.

28

is clearly within MGA's knowledge but that MGA unilaterally, and without notice, deems to be outside the scope of its improper, self-serving definition.

Defendants interject a similar limit to the term "MATTEL." Defendants assert that they will interpret the term "██████████████████████ ████████████████████████████████████████████████████████ ████████████████████"[66]   Defendants' interpretation excludes, without justification, any one who has held themselves out to be Mattel directors, representatives, attorneys, parents, "AFFILIATES, predecessors-in-interest, successors-in-interest, and any other PERSON acting on Mattel's behalf, pursuant to its authority or subject to its control."[67]   There is no legitimate basis for such a limit. To the contrary, as noted above, given that Mattel's requests clearly seek discoverable information, the law precludes MGA from unilaterally reshaping or rephrasing Mattel's discovery requests.

Defendants also object to the term "MATTEL DOCUMENTS" because they assert that Mattel's definition of the term as "██████████████████████ ██████████████████████████████████████████████" renders any interrogatory using the term accusatory and argumentative, and Defendants would then be required to make a conclusion as to an ultimate issue in the case in order to determine the scope of information requested by any interrogatory using the term.[68]   This objection is meritless. First, to the extent Defendants contend that they did not obtain any of the "MATTEL DOCUMENTS," they can so state. Second, to the extent the definition of "MATTEL DOCUMENTS" requires a legal conclusion at all, it merely requires Defendants to apply the law to the facts at hand. This is proper. <u>Fed.R.Civ.P.</u>

---

[65]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories at 7-8, Watson Dec., Exh. 14.
[66]   <u>Id.</u> at 8.
[67]   Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 13.

33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact.").  Indeed, the Discovery Master has overruled Defendants' repeated, prior refusals to respond to discovery requests on these supposed grounds before.[69]

Defendants' attempt to limit "MATTEL DOCUMENTS" to include only the documents identified by Bates Numbers in Mattel's Supplemental Interrogatories is also baseless.[70]  Mattel defined "MATTEL DOCUMENTS" to include all documents stolen, obtained or taken from Mattel.[71]  Mattel is entitled to discover information regarding all of the documents taken or obtained from Mattel, not just the ones Mattel currently has knowledge of.  Defendants' limit on the term "MATTEL DOCUMENTS" is merely a thinly veiled attempt to prevent Mattel from discovering additional documents that MGA has taken from Mattel.  Moreover, Defendants' stated limitation is disingenuous, as the MGA Parties stated during the meet and confer process that they could not identify any potential definition of Mattel documents that would be acceptable and warrant a substantive response.[72]

Finally, Defendants object to the term "MATTEL DOCUMENTS" on the grounds that because Mattel has designated some of the documents as "Confidential - Attorney's Eyes Only," it is impossible for them to respond.[73]  However, MGA and Larian know which documents they improperly obtained from Mattel and who improperly obtained them.  Nothing about Mattel's designations

---

[68]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 8-9, Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories, at 8-9, Watson Dec., Exh. 15.

[69]   See Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion objection in the context of requests for admissions), Watson Dec., Exh. 25.

[70]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 8-9, Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories, at 8-9, Watson Dec., Exh. 15

[71]   Mattel's Supplemental Interrogatories, at 7, Watson Dec., Exh. 13.

[72]   See Watson Dec., at ¶ 24.

alter those facts, and indeed the designation issue is a red herring.  Defendants have produced document after document containing Mattel trade secrets and, in fact, some of these were marked as exhibits at the deposition of Mr. Machado.  Defendants' objections to the term "MATTEL DOCUMENTS" should be overruled.

MGA's efforts to limit to the terms ███████████████ ████████████████████████████████████████ ████████████████████████ to refer only to those people as individuals are also improper.  Defendants do not dispute that Mattel is entitled to discover information regarding each of these individuals' "██████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ █████"[74]  Rather, Defendants claim merely that it is impossible for them to know whether a person is affiliated with each of these individuals, <u>unless</u> they have "████ ████████████████" as such.[75]  This does not justify Defendants' limitation, which excludes from their responses even those people who have held themselves out to have such affiliations.  In any event, each of these individuals are persons within MGA's control and indeed include MGA executives.  If MGA has any doubts or questions about who has acted for them, it can ask them.  That MGA will have to undertake some effort to fully, fairly and truthfully answer Mattel's discovery is a basic obligation of MGA, and not an excuse to refuse discovery.

Finally, Defendants object to the definition of "█████████████████ ███████████████"  on the grounds that the definition requires them to "████████ ███████████████████████████████████████"  and because they cannot determine

---

[73]  <u>See, e.g.</u>, MGA's and Larian's Responses to Interrogatory Nos. 58-63, Watson Dec., Exhs. 14, 15.
[74]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 9-13, Watson Dec., Exh. 14.

1  whether and which former Mattel employees violated any obligations to Mattel.[76]

2  Based on this objection, MGA and Larian unilaterally limit the definition to refer

3  only to "█████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ██████████████████████████████"[77]  This limitation is also meritless.  As discussed

6  above, to the extent this definition requires a legal conclusion at all, it merely

7  requires an application of law to fact.  The former Discovery Master has rejected

8  Defendants' legal conclusion objections previously.  Moreover, MGA and Larian are

9  certainly in a position to determine which Mattel employees other than those

10  specifically identified have provided them with Mattel trade secrets.  Indeed, they

11  have an obligation to investigate whether that is the case.  And, of course, Mattel is

12  not limited in discovery to obtaining evidence of wrongdoing that MGA has already

13  been caught engaging in, as MGA essentially claims.  Mattel is entitled to know the

14  identity of the persons involved, even beyond those it has already identified.  Not

15  only might MGA be directly liable for their acts, but at a minimum they are

16  witnesses who will have discoverable knowledge.

17          Each of Defendants' objections and limitations to Mattel's defined

18  terms should be overruled, and Defendants should be compelled to respond to

19  Mattel's interrogatories in full.

20

21

22

23

24

25

26  [75]  Id.
27  [76]  See MGA's Objections and Responses to Mattel's Supplemental
     interrogatories at 13, Watson Dec., Exh. 14.
28  [77]  Id. at 14.

**C.**   **Defendants' Remaining Objections Should Be Overruled**

**1.**   **The Court Should Overrule Defendants' Objections That Mattel's Interrogatories Seek Information That May Be The Subject of Expert Witness Analysis**

Defendants' objection that several Mattel interrogatories seek information that "███████████████████████████████████████████████"[78] is improper.  Mattel's interrogatories seek the factual basis on which MGA bases its claims and defenses.  For example, Interrogatory No. 60 asks MGA to identify the facts which support MGA's contention that the information in the "MATTEL DOCUMENTS" was known to the public or to people who can obtain economic value from their disclosure or use.[79]  This merely seeks the factual basis for MGA's claims and is not exclusively the subject of expert witness and testimony.  Moreover, interrogatories requesting factual information are not objectionable on the basis that the responding party would need to consult with an expert to clarify relevant facts.  See King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 (D.D.C. 1987) ("while an expert on stockbroker operations and investments may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed . . . It is no answer for plaintiffs to assert that they will need . .. to consult with an expert to determine their losses.  They should have answered the interrogatories with such information as they then possessed, and pursuant to Rule 26(e) . . . supplement their answers  . . . to reflect refinements or corrections to the factual representations as to their asserted losses"); Roberts v. Heim, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989) (plaintiffs' response to defendants' interrogatory, in which plaintiffs objected to the interrogatory on the ground that the response was dependent, in part, on expert

---

[78]   Id. (Nos. 60-63); Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 60-63), Watson Dec., Exh. 15.

testimony, required plaintiffs to answer the interrogatory and state whether the answer to the interrogatory contained all the factual information in the plaintiffs' possession independent of that to be provided by plaintiffs' experts and also required plaintiffs to provide any other factual information independent of that to be provided by their expert).

### 2. The Court Should Overrule Defendants' Objections That Mattel's Interrogatories Seek Information That Is Better Known to Mattel

Defendants object to Interrogatory Nos. 60 and 63 on the basis that they seek information that is uniquely or better known to Mattel.[80]  This objection is also without merit.  Interrogatory No. 60 seeks the factual basis for *Defendants'* own contention regarding whether the "MATTEL DOCUMENTS" were known to the public or to people who could obtain economic value from their disclosure.[81] Interrogatory No. 63 seeks the factual basis for *Defendants'* own contention that MGA had the right to copy, possess, or use the "MATTEL DOCUMENTS."[82]  This information is almost exclusively in Defendants' possession, as they know better than Mattel the bases for any contentions they may have that the "MATTEL DOCUMENTS" were not trade secrets or that Defendants otherwise had the right to obtain and use the "MATTEL DOCUMENTS."  In any event, a key purpose of discovery is to avoid trial by ambush and surprise.  MGA should be required to disclose the factual bases for its contentions.  See Fed. R. Civ. P. 33(a)(2).

---

[79]  Mattel's Supplemental Interrogatories, (No. 60), Watson Dec., Exh 13.
[80]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 60), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (No. 60), Watson Dec., Exh. 15.
[81]  Mattel Supplemental Interrogatories (No. 60), Watson Dec., Exh. 13.
[82]  Id. ( No. 63).

### 3. The Court Should Overrule Defendants' Boilerplate Privilege Objections

Defendants object to nearly all of Mattel's Supplemental Interrogatories at issue on the grounds that they "███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████."[83] This boilerplate objection is improper.

Most of the interrogatories at issue here are contention interrogatories. Parties are required to answer interrogatories that ask them to state their contentions about facts or the application of law to facts. Fed. R. Civ. P. 33(a)(2). Mattel is entitled to learn the facts in Defendants' possession which they believe support their own contentions. Mattel is also entitled to learn which documents and persons relate to or are knowledgeable about such facts. The law is clear that a party cannot avoid responding to contention interrogatories by claiming that they call for a legal conclusion or by invoking the attorney-client privilege or the work product doctrine. Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics which a party contends supports a contention do not implicate the attorney work product doctrine: "If this elementary principle were not applicable, contention interrogatories would not exist. As the Advisory Committee Note reflects, as to requests for even opinions or contentions that call for the application of law to fact, they are permissible and can be most

useful in narrowing and sharpening the issues, which is the major purpose of discovery.").

### 4. The Court Should Overrule Defendants' Objections that Mattel's Interrogatories Require Defendants to "Prove the Negative"

Defendants object to several of Mattel's Supplemental Interrogatories on the grounds that those interrogatories ask Defendants to "███████████."[84] However, interrogatories like the ones Defendants object to here are commonly used to elucidate facts regarding a party's own contentions, and numerous courts have held them proper. See, e.g., Tennison v. San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL 432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that interrogatories requesting "all facts" in support of a denial of a statement were not unduly burdensome); Zapata v. IBP, Inc., 1997 WL 122588, at *1 (D. Kan. 1997) (ordering defendant to fully answer interrogatory asking for factual basis for each of defendant's defenses, as well as all witnesses with knowledge of and all documents relating to those facts).

Defendants rely in their objections on Safeco of Am. v. Rawstron, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998), and Lawrence v. First Kansas Bank & Trust, Co., 169 F.R.D. 657, 663-64 (D. Kan. 1996), but these authorities do not undermine Mattel's interrogatories.  Rather, they merely recognize that interrogatories seeking all facts supporting the denial of an assertion may, in some circumstances and in some cases, impose an undue burden.  See Chapman v. California Dept. of Education, 2002 WL 32854376, at *2 (N.D. Cal. 2002) ("While interrogatories that

---

[83]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 56-63, 67-69), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 56-63, 67-69), Watson Dec., Exh. 15.
[84]   Id. (Nos. 58, 59, 61, 62).

call for all facts, documents and witnesses may, in some circumstances, place an unreasonable burden on the responding party . . . an interrogatory that requests 'all facts' in support of a refusal to admit specific relevant facts is not burdensome and oppressive *per se*.").  In the meet and confer process, defendants have offered no evidence of burden, and cannot do so.  See, e.g., Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."); Walker v. Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").  Accordingly, defendants have offered no basis for concluding that the interrogatories, which go directly to critical issues in the case, are unduly burdensome.

### 5.   The Court Should Overrule MGA's Objection That Mattel's Interrogatories Are Duplicative

MGA objects that Interrogatory No. 69 seeks information that is duplicative of information contained in documents MGA has already produced.[85] The Court has previously ruled, however, that MGA must identify documents by Bates number when responding to interrogatories.[86]   This is "imperative to narrowing the potential for dispute between the parties at trial as to whether a particular document falls into those 'identified' in responses to a given contention interrogatory."[87]   Thus, even assuming for argument's sake, MGA has previously produced documents from which Mattel can obtain responses to these interrogatories, it must identify those documents by Bates number.

---

[85]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 52-53, 69), Watson Dec., Exh. 14.

[86]   Order Granting in Part and Denying in Part Mattel's Motion for Review of Discovery Master's February 15, 2008 and February 20, 2008 Orders at 3, Watson Dec., Exh. 26.

[87]   Id.

### 6.   The Court Should Overrule Defendants' Undue Burden Objections

Defendants object to nearly every one of the interrogatories at issue as being unduly burdensome.[88]   For example, Defendants object that interrogatories regarding "MATTEL DOCUMENTS" are unduly burdensome because Mattel has listed at least 8 banker boxes of documents that MGA allegedly improperly obtained.[89]   However, to determine whether an interrogatory imposes an "undue burden," courts have adopted a "proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory."   8A Wright & Miller, Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174; see also King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant).

Here, as discussed above, information regarding the details of MGA's appropriation of Mattel's trade secret documents clearly goes to the core of Mattel's misappropriation of trade secrets claim.[90]   This information is exclusively in defendants' possession, as they know which documents they misappropriated and when.   Mattel's need to discover this information clearly outweighs any efforts

---

[88]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 57-63, 67-69), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 57-63, 67-69), Watson Dec., Exh. 15.
[89]   See, e.g., MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 59-63), Watson Dec., Exh. 14.

1   MGA and Larian will be required to undertake, particularly because the volume of
2   documents involved is due to the wholesale nature of Defendants'
3   misappropriation.[91]   The objection should be overruled, and MGA should be
4   compelled to answer Mattel's Interrogatories as written.

5                                          **Conclusion**

6          For the foregoing reasons, Mattel respectfully requests that the
7   Discovery Master: (1) compel MGA and Larian to supplement their production of
8   financial information responsive to Request Nos. 4-37 and 40-45 in Mattel's Second
9   Set of Requests for Documents and Things to MGA and Request Nos. 207, 208 and
10  269 in Mattel's First Set of Requests for Production of Documents and Things to
11  Isaac Larian; (2) compel MGA to answer Interrogatory No. 45 of Mattel's Sixth Set
12  of Interrogatories, and Interrogatory Nos. 56-63, and 67-69 of Mattel's Supplemental
13  interrogatories, (3) compel Larian to answer Interrogatory Nos. 56-63 and 67-69 of
14  Mattel's Supplemental Interrogatories, and (4) to overrule all of Defendants'
15  objections to Mattel's Supplemental Interrogatories.

16  DATED:  February 10, 2009          QUINN EMANUEL URQUHART OLIVER &
17                                     HEDGES, LLP

18
19                                     By /s/ Scott L. Watson
20                                        Scott L. Watson
                                          Attorneys for Mattel, Inc.
21
22
23  _____

24  [90]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
    Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.
25       Defendants also assert that Mattel's interrogatories are unduly burdensome
    because they have several discrete subparts (Nos. 51-53) or require responses
26  regarding too many former Mattel employees and other individuals (Nos. 67-69).
    Fully responding to Mattel's interrogatories will undoubtedly require some effort,
27  but there is nothing "undue" about that burden.  Mattel's interrogatories address both
    parties' contentions and defenses on central issues, and Mattel is entitled to full
28  discovery of such information.