QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>[PUBLIC REDACTED] DECLARATION OF SCOTT L. WATSON IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., AND ISAAC LARIAN<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: Telephonic<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

07975/2791234.1

DECLARATION OF SCOTT L. WATSON

# **DECLARATION OF SCOTT WATSON**

I, Scott Watson, declare as follows:

1. I am a member of the bar of the State of California. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc., dated June 6, 2007.

3. Attached hereto as Exhibit 2 is a true and correct copy of Mattel, Inc.'s Motion to Compel Production of Documents, dated November 26, 2007.

4. Attached hereto as Exhibit 3 is a true and correct copy of the Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc., dated December 28, 2007.

5. Attached hereto as Exhibit 4 is a true and correct copy of Mattel, Inc.'s First Set of Requests for Production of Documents and Things to Isaac Larian, dated June 13, 2007.

6. Attached hereto as Exhibit 5 is a true and correct copy of Isaac Larian's Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Things, dated August 6, 2007.

7. Attached hereto as Exhibit 6 is a true and correct copy of Larian's Supplemental Objections and Responses to Mattel, Inc.'s First Set of Requests for Production of Documents and Things, dated September 25, 2007.

8. Attached hereto as Exhibit 7 is a true and correct copy of Mattel, Inc.'s Motion to Compel Production of Documents by Isaac Larian, dated October 11, 2007.

9. Attached hereto as Exhibit 8 is a true and correct copy of the Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, dated December 31, 2007.

10. MGA and Larian produced certain financial documents during the Phase 1 trial, but they have yet to supplement their production.

11. Attached hereto as Exhibit 9 is a true and correct copy of Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007.

12. Attached hereto as Exhibit 10 is a true and correct copy of MGA Entertainment, Inc.'s Objections and Responses to Mattel's Sixth Set of Interrogatories, dated November 26, 2007.

13. On December 7, 2007, MGA identified and produced certain documents responsive to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories. Attached hereto as Exhibit 11 is a true and correct copy of the letter that Timothy Miller, counsel for the MGA Parties, sent to my colleague, Scott Kidman, dated December 7, 2007, identifying MGA's production.

14. On December 12, 2007, MGA identified and produced additional documents responsive to Interrogatory No. 45. Attached hereto as Exhibit 12 is a true and correct copy of a letter that Mr. Miller sent to Mr. Kidman, dated December 12, 2007, identifying MGA's further production.

15. MGA has not since supplemented its response to Interrogatory No. 45.

16. Attached hereto as Exhibit 13 is a true and correct copy of Mattel, Inc.'s Supplemental Interrogatories, dated January 9, 2008.

17. Attached hereto as Exhibit 14 is a true and correct copy of MGA Entertainment, Inc.'s Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated February 8, 2008.

1    18.   Attached hereto as Exhibit 15 is a true and correct copy of Isaac Larian's Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated February 8, 2008.

19.   Attached hereto as Exhibit 16 is a true and correct copy of the Order Appointing Discovery Master, dated January 6, 2009.

20.   Attached hereto as Exhibit 17 is a true and correct copy of a letter my colleague, Jon Corey, sent to Carl Roth, counsel for the MGA Parties, dated January 6, 2009.  Mr. Corey noted that the stay on Phase 2 discovery had been lifted and requested that MGA and Larian supplement their production of financial documents in response to Request Nos. 4-37 and 40-45 in Mattel's Second Set of Requests for Documents and Things to MGA and Request Nos. 207, 208 and 269 in Mattel's First Set of Requests for Production of Documents and Things to Isaac Larian by February 1, 2009.

21.   Attached hereto as Exhibit 18 is a true and correct copy of my letter to Thomas Nolan and Jason Russell, counsel for the MGA Parties, dated January 28, 2009, requesting that the parties meet and confer regarding MGA's response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories and MGA's and Larian's responses to Mattel's Supplemental Interrogatories.

22.   The parties met and conferred on February 6, 2009 regarding Mattel's discovery requests.  During the conference, the MGA Parties conceded that their objections to Mattel's interrogatories based on the Phase Two discovery stay were no longer viable.  However, the MGA Parties were not prepared to discuss which of the Supplemental Interrogatories identified in Mattel's January 28, 2009 meet and confer letter they would provide substantive responses to or whether they would stand on their remaining objections.  The MGA Parties were also not prepared to discuss whether they would supplement their responses to Mattel's requests for financial documents or whether MGA would supplement its response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories.  The parties agreed to

reconvene on February 9, 2009 to discuss whether the MGA Parties would respond to Mattel's discovery requests and whether they would stand on their remaining objections.  Attached hereto as Exhibit 19 is a true and correct copy of my confirming letter to Amman Khan, counsel for MGA, dated February 6, 2009.

23.   Attached hereto as Exhibit 20 is a true and correct copy of an email I sent to Mr. Khan, dated February 9, 2009.

24.   The parties continued their conference regarding Mattel's discovery requests on February 9.  The MGA Parties, however, were unwilling to withdraw their objections to Mattel's Supplemental Interrogatories or to answer any of the interrogatories as written.  The MGA Parties also stated that they could not identify any potential definition of "Mattel Documents" that would be acceptable to them and warrant a response.  MGA also would not commit to supplement its response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories based on its position that Interrogatory No. 45 is only relevant to Mattel's trade dress claims, and MGA has indicated that it will file a motion for protective order to defer its obligation to respond to certain Mattel trade dress interrogatories until after the Court decides Mattel's trade dress summary judgment motion.

25.   Attached hereto as Exhibit 21 is a true and correct copy of the letter Jean Pierre Nogues, counsel for the MGA Parties, sent to Mr. Corey, dated February 6, 2009, stating MGA's intent to file for protective order to defer MGA's obligation to respond to the trade dress interrogatories identified in the letter.  Mr. Nogue does not identify Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories as part of MGA's protective order motion.

26.   Attached hereto as Exhibit 22 is a true and correct copy of MGA Entertainment, Inc.'s Complaint in Case No. 05-02727, dated April 13, 2005.

27.   Attached hereto as Exhibit 23 is a true and correct copy of Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, dated July 12, 2007, public redacted version.

28. Attached hereto as Exhibit 24 is a true and correct copy of Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007.

29. Attached hereto as Exhibit 25 is a true and correct copy of the Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007.

30. Attached hereto as Exhibit 26 is a true and correct copy of the Order Granting in Part and Denying in Part Mattel's Motion for Review of Discovery Master's February 15, 2008 and February 20, 2008 Orders, dated March 31, 2008.

31. Attached hereto as Exhibit 27 is a true and correct copy of relevant excerpts of the Phase 1 trial transcript, dated May 27, 2008.

32. Attached hereto as Exhibit 28 is a true and correct copy of the Order Granting in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007.

33. Attached hereto as Exhibit 29 is a true and correct copy of an email Mr. Khan sent to Mr. Corey, dated February 4, 2009.

34. Attached hereto as Exhibit 30 is a true and correct copy of an email Mr. Corey sent to Mr. Khan, dated February 5, 2009.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 10, 2009 at Los Angeles, California.

/s/ Scott L. Watson
Scott L. Watson