# Exhibit 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                 Consolidated with
                                         Case No. CV 04-09059
15       vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S SECOND SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
17                                       THINGS TO MGA
            Defendant.                   ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22         Pursuant to Rule 34 of the Federal Rules of Civil Procedure,

23  Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

24  these document requests ("Requests") and make available for inspection and

25  copying originals of the following documents within 30 days of service at the

26  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

27  Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

28

07209/2132825.2

EXHIBIT ___1___

PAGE ___8___

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1  responses to these requests at such times and to the extent required by Rule 26(e) of

2  the Federal Rules of Civil Procedure.

3  **I.  DEFINITIONS**

4      For purposes of these Requests, the following definitions apply:

5      A.   "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.,

6  any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest

7  and successors-in-interest.  Without limiting the foregoing, MGA Entertainment,

8  Inc. includes the entities known as ABC International Traders or ABC International

9  Traders, Inc.

10      B.   "AFFILIATES" means any and all corporations, proprietorships,

11  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

12  indirectly, in whole or in part, own or control, are under common ownership or

13  control with, or are owned or controlled by a PERSON, party or entity, including

14  without limitation each parent, subsidiary and joint venture of such PERSON, party

15  or entity.

16      C.   "PERSON" or "PERSONS" means all natural persons,

17  partnerships, corporations, joint ventures and any kind of business, legal or public

18  entity or organization, as well as its, his or her agents, representatives, employees,

19  officers and directors and any one else acting on its, his or her behalf, pursuant to

20  its, his or her authority or subject to its, his or her control.

21      D.   "BRATZ" means any project, product, doll or DESIGN ever

22  known by that name (whether in whole or in part and regardless of what such

23  project, product or doll is or has been also, previously or subsequently called) and

24  any product, doll or DESIGN or any portion thereof that is now or has ever been

25  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

26  in part and regardless of what such product, doll or DESIGN or portion thereof is or

27  has been also, previously or subsequently called) or that is now or has ever been

28  sold or marketed as part of the "Bratz" line, and each version or iteration of such

1  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or

2  DESIGNS or any portion thereof" also includes without limitation any names,

3  fashions, accessories, artwork, packaging or any other works, materials, matters or

4  items included or associated therewith.  Without limiting the generality of the

5  foregoing and contrary to MGA's recent assertions in connection with other Mattel

6  discovery requests, the term "BRATZ" does not and shall not require that there be a

7  doll existing at the time of the event, incident or occurrence that is the subject of, or

8  otherwise relevant or responsive to, the Requests herein.

9        E.    "DESIGN" or "DESIGNS" means any and all representations,

10  whether two-dimensional or three-dimensional, and whether in tangible, digital,

11  electronic or other form, including but not limited to all works, designs, artwork,

12  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

13  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

14  practice, developments, inventions and/or improvements, as well as all other items,

15  things and DOCUMENTS in which any of the foregoing are or have been

16  expressed, embodied, contained, fixed or reflected in any manner, whether in whole

17  or in part.

18        F.    "BRATZ DOLL" means any doll that is or has ever been

19  distributed, marketed, sold or offered for sale under the name "Bratz" or as part of

20  the "Bratz" line.

21        G.    "BRATZ PRODUCT" means any product, whether two-

22  dimensional or three-dimensional, and whether in tangible, digital, electronic or

23  other form: (i) that is or has ever been distributed, marketed or sold under the name

24  "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,

25  consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever

26  been distributed, marketed or sold in any packaging that includes the name "Bratz"

27  or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO

28  BRATZ.

EXHIBIT _____1_____

PAGE _____10_____

-3-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1   H.   "BRATZ LICENSE" means any license that REFERS OR

2  RELATES TO any BRATZ PRODUCT.

3   I.   "BRATZ MOVIE" means any motion picture or film that

4  depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ

5  or any BRATZ WORK.

6   J.   "BRATZ TELEVISION SHOW" means any production

7  exhibited on television that depicts, incorporates, embodies, consists of or REFERS

8  OR RELATES TO BRATZ or any BRATZ WORK.

9   K.   "DOCUMENT" or "DOCUMENTS" means all "writings" and

10  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

11  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

12  limited to, all writings and records of every type and description including, but not

13  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

14  electronic mail ("e-mail"), records of telephone conversations, handwritten and

15  typewritten notes of any kind, statements, reports, minutes, recordings, transcripts

16  and summaries of meetings, voice recordings, pictures, photographs, drawings,

17  computer cards, tapes, discs, printouts and records of all types, studies, instruction

18  manuals, policy manuals and statements, books, pamphlets, invoices, canceled

19  checks and every other device or medium by which or through which information of

20  any type is transmitted, recorded or preserved.  Without any limitation on the

21  foregoing, the term "DOCUMENT" shall include all copies that differ in any respect

22  from the original or other versions of the DOCUMENT, including, but not limited

23  to, all drafts and all copies of such drafts or originals containing initials, comments,

24  notations, insertions, corrections, marginal notes, amendments or any other variation

25  of any kind.

26   L.   "REFER OR RELATE TO" means constituting, embodying,

27  containing, referring to, commenting on, evidencing, regarding, discussing,

28

EXHIBIT __1__

PAGE __11__

07209/2132825.2

-4-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1  describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,
2  contradicting, negating, revoking or otherwise relating to in any manner.

3        M.    "IDENTIFY" or "IDENTITY" means the following:

4            (i)    with reference to an individual or individuals, means to
5  state, fully and separately as to each, such individual's full name, any known
6  business title, current or last known business affiliation, current or last known
7  residential address, current or last known business address, current or last known
8  relationship to MGA, and current or last known telephone number.

9            (ii)    with reference to an entity or entities, means to state, fully
10  and separately as to each, such entity's full name, state (or country) of incorporation
11  or organization, present or last known address, and present or last known telephone
12  number.

13        N.    "Any" as used in these Requests includes the word "all," and the
14  word "all" as used in these Requests includes the word "any."

15        O.    The singular form of a noun or pronoun includes within its
16  meaning the plural form of the noun or pronoun so used, and vice versa; the use of
17  the masculine form of a pronoun also includes within its meaning the feminine form
18  of the pronoun so used, and vice versa; the use of any tense of any verb includes
19  also within its meaning all other tenses of the verb so used, whenever such
20  construction results in a broader request for information; and "and" includes "or"
21  and vice versa, whenever such construction results in a broader disclosure of
22  documents or information.

23  **II.**    **INSTRUCTIONS**

24        A.    YOU are to produce all requested DOCUMENTS in YOUR
25  possession, custody or control.

26        B.    If YOU contend that YOU are not required to produce certain
27  DOCUMENTS called for by these Requests on the grounds of a privilege or

28

EXHIBIT _1_

PAGE _12_

07209/2132825.2

-5-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1  protection that YOU are not prepared to waive, identify each such DOCUMENT

2  and provide the following information:

        1.    the date and type of the DOCUMENT, the author(s) and all

3

4                 recipients;

        2.    the privilege or protection that YOU claim permits YOU to

5

6                 withhold the DOCUMENT;

7          3.    the title and subject matter of the DOCUMENT;

8          4.    any additional facts on which YOU base YOUR claim of

9                 privilege or protection; and

10          5.    the identity of the current custodian of the original of the

11                 DOCUMENT.

12          C.    DOCUMENTS shall be produced in their original file folders, or

13  in lieu thereof, any writing on the file folder from which each such DOCUMENT is

14  taken shall be copied and appended to such DOCUMENT and the PERSON for

15  whom or department, division or office for which the DOCUMENT or the file

16  folder is maintained shall be identified.

17          D.    The DOCUMENTS should be produced in their complete and

18  unaltered form.  Attachments to DOCUMENTS should not be removed.  The

19  DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

20  any reason, including alleged nonrelevance.  If emails are produced that had

21  attachments, the attachments shall be attached when produced.

22          E.    DOCUMENTS in electronic form shall be produced in that form.

23          F.    In the event that any DOCUMENT called for by these requests

24  has been destroyed or discarded, that DOCUMENT is to be identified by stating:

25          1.    the date and type of the DOCUMENT, the author(s) and all

26                 recipients;

27          2.    the DOCUMENT's date, subject matter, number of pages, and

28                 attachments or appendices;

1    3.    the date of destruction or discard, manner of destruction or

2          discard, and reason for destruction or discard;

3    4.    the PERSONS who were authorized to carry out such destruction

4          or discard;

5    5.    the PERSONS who have knowledge of the content, origins,

6          distribution and destruction of the DOCUMENT; and

7    6.    whether any copies of the document exist and, if so, the name of

8          the custodian of each copy.

9  **III.    REQUESTS FOR DOCUMENTS AND THINGS**

10 REQUEST FOR PRODUCTION NO. 1:

11         A sample of each BRATZ PRODUCT including, without limitation,

12 each BRATZ DOLL, sold by YOU or YOUR licensees.

13 REQUEST FOR PRODUCTION NO. 2:

14         DOCUMENTS sufficient to IDENTIFY every PERSON who has

15 entered into a BRATZ LICENSE with YOU or anyone acting on YOUR behalf.

16 REQUEST FOR PRODUCTION NO. 3:

17         DOCUMENTS sufficient to identify by product name, product number

18 and SKU each BRATZ PRODUCT including, without limitation, each BRATZ

19 DOLL, sold by YOU or YOUR licensees.

20 REQUEST FOR PRODUCTION NO. 4:

21         DOCUMENTS sufficient to show the number of units of each BRATZ

22 DOLL sold by YOU or YOUR licensees.

23 REQUEST FOR PRODUCTION NO. 5:

24         DOCUMENTS sufficient to show the revenue received by YOU from

25 the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

26 REQUEST FOR PRODUCTION NO. 6:

27         DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

28 and other costs for each BRATZ DOLL sold by YOU or YOUR licensees.

07209/2132825.2

EXHIBIT  __1__

PAGE  __14__

-7-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1  REQUEST FOR PRODUCTION NO. 7:

2       All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3  YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR

4  licensees.

5  REQUEST FOR PRODUCTION NO. 8:

6       For each customer to whom YOU or YOUR licensees have ever sold

7  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

8  such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

9  REQUEST FOR PRODUCTION NO. 9:

10       For each customer to whom YOU or YOUR licensees have ever sold

11  any BRATZ DOLL, documents sufficient to show the revenue received by YOU

12  from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

13  REQUEST FOR PRODUCTION NO. 10:

14       For each customer to whom YOU or YOUR licensees have ever sold

15  any BRATZ DOLL, documents sufficient to show YOUR profits from each such

16  BRATZ DOLL sold by YOU or YOUR licensees to that customer.

17  REQUEST FOR PRODUCTION NO. 11:

18       DOCUMENTS sufficient to show customer returns to YOU of BRATZ

19  DOLLS sold or distributed by YOU or YOUR licensees.

20  REQUEST FOR PRODUCTION NO. 12:

21       DOCUMENTS sufficient to show customer rebates or credits given by

22  YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

23  REQUEST FOR PRODUCTION NO. 13:

24       DOCUMENTS sufficient to show, by product number or SKU, the

25  number of units of each BRATZ DOLL sold by YOU or YOUR licensees.

26

27

28

EXHIBIT _1_

PAGE _15_

1  REQUEST FOR PRODUCTION NO. 14:

2          DOCUMENTS sufficient to show, by product number or SKU, the

3  revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or

4  YOUR licensees.

5  REQUEST FOR PRODUCTION NO. 15:

6          DOCUMENTS sufficient to show, by product number or SKU, YOUR

7  cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU

8  or YOUR licensees.

9  REQUEST FOR PRODUCTION NO. 16:

10          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

12  sold by YOU or YOUR licensees.

13  REQUEST FOR PRODUCTION NO. 17:

14          For each customer to whom YOU or YOUR licensees have ever sold

15  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

16  the number of units of each such BRATZ DOLL sold by YOU or YOUR licensees

17  to that customer.

18  REQUEST FOR PRODUCTION NO. 18:

19          For each customer to whom YOU or YOUR licensees have ever sold

20  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

21  the revenue received by YOU from each such BRATZ DOLL sold by YOU or

22  YOUR licensees to that customer.

23  REQUEST FOR PRODUCTION NO. 19:

24          For each customer to whom YOU or YOUR licensees have ever sold

25  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26  YOUR profits from each such BRATZ DOLL sold by YOU or YOUR licensees to

27  that customer.

28

EXHIBIT __1__

PAGE __16__

07209/2132825.2

-9-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1  REQUEST FOR PRODUCTION NO. 20:

2      DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU from the sale by YOU or YOUR licensees of BRATZ DOLLS including,

4  without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods

5  sold, variable costs, gross margins, royalties paid and received, gross profits and

6  nets profits.

7  REQUEST FOR PRODUCTION NO. 21:

8      DOCUMENTS sufficient to show the number of units of each BRATZ

9  PRODUCT sold by YOU or YOUR licensees.

10  REQUEST FOR PRODUCTION NO. 22:

11      DOCUMENTS sufficient to show the revenue received by YOU from

12  the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

13  REQUEST FOR PRODUCTION NO. 23:

14      DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

15  and other costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

16  REQUEST FOR PRODUCTION NO. 24:

17      All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

18  YOUR profits from the sale of each BRATZ PRODUCT sold by YOU or YOUR

19  licensees.

20  REQUEST FOR PRODUCTION NO. 25:

21      DOCUMENTS sufficient to IDENTIFY all customers to whom YOU

22  or YOUR licensees have ever sold any BRATZ PRODUCT.

23  REQUEST FOR PRODUCTION NO. 26:

24      For each customer to whom YOU or YOUR licensees have ever sold

25  any BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of

26  each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

27

28

EXHIBIT _1_

PAGE _17_

07209/2132825.2

-10-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

REQUEST FOR PRODUCTION NO. 27:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, documents sufficient to show the revenue received by YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 28:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, documents sufficient to show YOUR profits from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

REQUEST FOR PRODUCTION NO. 29:

DOCUMENTS sufficient to show customer returns to YOU of BRATZ PRODUCTS sold or distributed by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 30:

DOCUMENTS sufficient to show customer rebates and credits given by YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 32:

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

REQUEST FOR PRODUCTION NO. 33:

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

EXHIBIT __1__

PAGE __18__

1  REQUEST FOR PRODUCTION NO. 34:

2      All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3  YOUR profits, by product number or SKU, from the sale of each BRATZ

4  PRODUCT sold by YOU or YOUR licensees.

5  REQUEST FOR PRODUCTION NO. 35:

6      For each customer to whom YOU or YOUR licensees have ever sold

7  any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

8  SKU, the number of units of each such BRATZ PRODUCT sold by YOU or YOUR

9  licensees to that customer.

10  REQUEST FOR PRODUCTION NO. 36:

11     For each customer to whom YOU or YOUR licensees have ever sold

12  any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

13  SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by

14  YOU or YOUR licensees to that customer.

15  REQUEST FOR PRODUCTION NO. 37:

16     DOCUMENTS sufficient to show the revenue and profits derived by

17  YOU from the sale by YOU or YOUR licensees of BRATZ PRODUCTS including,

18  without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods

19  sold, variable costs, gross margins, royalties paid and received, gross profits and

20  nets profits.

21  REQUEST FOR PRODUCTION NO. 38:

22     DOCUMENTS sufficient to show the revenue and profits derived by

23  YOU from BRATZ MOVIES including, without limitation, DOCUMENTS

24  sufficient to show sales revenue, costs of goods sold, variable costs, gross margins,

25  royalties paid and received, gross profits and net profits.

26  REQUEST FOR PRODUCTION NO. 39:

27     DOCUMENTS sufficient to show the revenue and profits derived by

28  YOU from BRATZ TELEVISION SHOWS including, without limitation,

07209/2132825.2

EXHIBIT __1__

PAGE __19__

-12-

1  DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

2  gross margins, royalties paid and received, gross profits and net profits.

3  REQUEST FOR PRODUCTION NO. 40:

4      All DOCUMENTS that describe YOUR cost allocation procedures.

5  REQUEST FOR PRODUCTION NO. 41:

6      YOUR general ledgers from January 1, 1995 through the present.

7  REQUEST FOR PRODUCTION NO. 42:

8      All quarterly and annual profit and loss statements for BRATZ.

9  REQUEST FOR PRODUCTION NO. 43:

10     All sales, profit and cash flow projections or forecasts for BRATZ

11  DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

12  SHOWS.

13  REQUEST FOR PRODUCTION NO. 44:

14     All DOCUMENTS that REFER OR RELATE TO the value of the

15  Bratz brand.

16  REQUEST FOR PRODUCTION NO. 45:

17     DOCUMENTS sufficient to calculate YOUR net worth on a yearly

18  basis for each year from 1999 to the present.

19

20

21

22

23

24

25

26

27

28

EXHIBIT __1__

PAGE __20__

-13-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1 | <u>REQUEST FOR PRODUCTION NO. 46</u>:

2 |       All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3 | the BRATZ DOLL's share of the fashion doll market including, without limitation,

4 | the extent to which Bratz has been or is gaining or losing market share in the fashion

5 | doll market.

6 | DATED:  June 6, 2007

7 |                               QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8 |

9 |                               By

10 |                               Scott B. Kidman<br>                              Attorneys for Mattel, Inc.

EXHIBIT __1__

PAGE __21__

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over the age
of eighteen years and not a party to the within action; my business address is 865 South
3   Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

4       On June 6, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S SECOND SET OF REQUEST FOR DOCUMENTS AND**
5   **THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6       John W. Keker                          Patricia Glaser, Esq.
        **Keker & Van Nest, LLP**              **Christensen, Glaser, Fink, Jacobs,**
7       710 Sansome Street                     **Weil & Shapiro, LLP**
        San Francisco, CA 94111                10250 Constellation Blvd., 19th Floor
8                                              Los Angeles, CA  90067

9   **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above,
and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was
10  mailed with postage thereon fully prepaid.

11      I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made.

12

13      Executed on June 6, 2007, at Los Angeles, California.

14

15                                                _____
                                                  Helen Lim

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2134423.1

EXHIBIT ___1___

PAGE ___22___

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On June 6, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
400 S. Hope Street
Los Angeles, CA 90071

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 6, 2007, at Los Angeles, California.

David Quintana

07209/2134409.1

EXHIBIT _1_

PAGE _23_

**Exhibit 2**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                          EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13       Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14       vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| 16       Defendant. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS; AND |
| 17 | |
| 18  AND CONSOLIDATED ACTIONS | MEMORANDUM OF POINTS AND AUTHORITIES |
| 19 | [Declaration of Scott B. Kidman filed concurrently herewith] |
| 20 | |
| 21 | Hearing Date: TBA |
| 22 | Time:        TBA |
| 23 | Place:       TBA |
| 24 | **Phase 1:** |
| 25 | Discovery Cut-off:     January 14, 2008 |
| 26 | Pre-trial Conference:  April 7, 2008 |
| | Trial Date:           April 29, 2008 |

27

28

07209/2302275.1

EXHIBIT   2

PAGE   24

11/2/9

MATTEL'S MOTION TO COMPEL

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a telephonic conference before

3    Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time

4    to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby

5    does, move the Court for an order compelling MGA Entertainment, Inc. ("MGA") to

6    produce documents responsive to Mattel, Inc.'s Second Set of Requests for

7    Documents and Things dated June 6, 2007, including Request Nos. 2-46.

8          This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 34

9    and 37 on the grounds that Mattel's Requests seek discoverable information

10   necessary for Mattel to calculate its damages, that MGA agreed to produce the

11   requested document more than two months ago, and that, after obtaining a stay,

12   MGA then has improperly failed to produce the documents or even provide Mattel

13   with a date by which it will do so.

14         This Motion is based on this Notice of Motion and Motion, the

15   accompanying Memorandum of Points and Authorities, the Declaration of Scott B.

16   Kidman filed concurrently herewith, the records and files of this Court, and all other

17   matters of which the Court may take judicial notice.

18

19

20

21

22

23

24

25

26

27

28

07209/2302275.1

EXHIBIT 2

PAGE 25

-2-

MATTEL'S MOTION TO COMPEL

1

## **Statement of Local Rule 7-3 Compliance**

2        The parties met and conferred regarding the disputes at issue in this

3   motion on July 31, 2007 and multiple times thereafter.  Despite MGA's prior

4   promises to produce the documents at issue, MGA has failed to do so.

5

6   DATED:  November 26, 2007         QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
7

8                                     By _____
9                                        Scott B. Kidman
                                         Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2302275.1

EXHIBIT ___2___

PAGE ___26___

-3-

MATTEL'S MOTION TO COMPEL

1

# **TABLE OF CONTENTS**

2                                                                                **Page**

3

4   PRELIMINARY STATEMENT ........................................................................ 1

5   FACTUAL BACKGROUND ........................................................................... 2

6   ARGUMENT..................................................................................................... 5

7   I.      MGA SHOULD BE ORDERED TO PRODUCE ALL RESPONSIVE
             FINANCIAL INFORMATION, INCLUDING THE SUMMARY
8           REPORT, WITHOUT FURTHER DELAY ...................................................... 5

9   CONCLUSION.................................................................................................. 7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF AUTHORITIES**

2                                                                                                      **Page**

3

### **Cases**

4

Hilao v. Estate of Marcos,
    103 F.3d 767 (9th Cir. 1996)......................................................................... 6

Housing Rights Center v. King,
    2006 WL 4122148 (C.D. Cal. 2006)......................................................... 6

### **Statutes**

17 U.S.C. § 504(b).................................................................................................. 5

EXHIBIT 2

PAGE 28

07209/2302275.1

MATTEL'S MOTION TO COMPEL

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Nearly six months ago, Mattel requested that MGA produce additional financial information necessary to calculate damages in connection with the core Bratz ownership claims to be tried in the Phase 1 trial, including revenue, cost and profit information for the Bratz products MGA admits are at issue. MGA's initial response consisted of its usual stonewalling--either an objection and refusal to produce any documents at all or else an agreement to produce only "relevant and responsive non-objectionable documents"--a response that the Discovery Master had already found to be improper because it permitted MGA to unilaterally withhold entire categories of documents without giving Mattel or the Court the slightest hint as to what those documents might be.

After dragging out the meet and confer process by more than a month, MGA ultimately agreed to produce by specified dates in September the requested financial information. This included a summary report that would set forth, among other things, unit sales, revenue and cost information by product. MGA failed, however, to produce the summary report or other financial documents as promised. Now, more than two months after the financial information was to have been produced, and after the recent stay that MGA requested was lifted, MGA's new counsel has disavowed any knowledge of the promised financial report, and cannot even provide a date by which any of the financial information MGA agreed to produce in September will be produced.

Expert reports are due February 11, 2008. It is undisputed that the financial information MGA agreed to produce in September is critical to the preparation of Mattel's expert damages report. Indeed, MGA admits that this information provides the "starting point" for Mattel's damages analysis. MGA's failure to produce the information is inexcusable and has already prejudiced Mattel's

07209/2302275.1

EXHIBIT __2__

PAGE __29__

-1-

1  ability to complete its damages analysis and expert damages report by the existing

2  deadline.  Any further delay will only compound the harm to Mattel.

3       The Court should order MGA to immediately produce all documents

4  responsive to Mattel's Second Request for Production, including the previously

5  promised summary report showing unit sales, revenues and costs by product.

6  **Factual Background**

7       **Mattel's Document Requests and MGA's Responses**.  On June 6,

8  2007, Mattel served its Second Set of Requests for Documents and Things to MGA

9  Entertainment, Inc.[1]  The Requests asked for additional financial documents

10  necessary to calculate damages in connection with the claims to be tried in the Phase

11  1 trial, including documents sufficient to show MGA's revenue, costs and profits

12  from the sale and licensing of Bratz dolls and other Bratz products as well as

13  documents sufficient to calculate MGA's net worth.[2]

14       On July 9, 2007, MGA served its responses to the Requests.[3]  In

15  response to nearly every request, MGA stated that it would produce only "relevant

16  and responsive non-objectionable documents"[4]--an essentially meaningless response

17  that the Discovery Master had already rejected as improper in connection with

18  another motion to compel that Mattel had to bring against MGA to produce

19

20

21    [1]   Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA

22  Entertainment, Inc. dated June 6, 2007 (the "Requests"), attached as Exhibit 1 to the
Declaration of Scott B. Kidman dated November 26, 2007 filed concurrently

23  herewith ("Kidman Dec.").

24    [2]   Id.

  [3]   MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Second Set of Requests

25  for Production of Documents and Things dated July 9, 2007 (the "Responses"),

26  Kidman Dec., Exh. 2.

27    [4]   See Response to Request Nos. 1-24, 26-37, 41-42 and 44-46, Kidman Dec.,
Exh. 2.

28

EXHIBIT **2**

PAGE **30**

-2-

1  documents and that the Discovery Master had granted.[5]  In response to the

2  remaining requests, MGA refused to produce any documents at all.[6]

3  **The Mattel's Meet and Confer Discussions With MGA's Prior**

4  **Counsel**.  On July 20, 2007, Mattel sent MGA's then counsel, O'Melveny & Myers,

5  a letter requesting a meet and confer regarding MGA's deficient responses.[7]

6  Beginning on July 31, 2007 and continuing over the course of the next month, the

7  parties had a series of extensive meet and confer discussions regarding the

8  Requests.[8]  During those discussions, MGA did not dispute that the unit sales,

9  revenue, cost and profit requests asked for relevant information or the impropriety

10 of the limitation to "relevant and responsive non-objectionable documents."  Instead,

11 the discussions focused largely on the breadth of a small number of requests that

12 were not limited to documents sufficient to show the requested information, the

13 format in which the information would be produced and when it would be

14 produced.[9]  Regarding the format in which the information would be produced,

15 MGA repeatedly stated that its accounting system allowed it to generate a summary

16 report that would provide information responsive to many of the requests, including

17 unit sales, revenue and costs by product.[10]  The parties agreed that this report would

18 be responsive to the requests seeking documents "sufficient to show" such

19 information and would be the most efficient method of providing the information.[11]

20

21   [5]   See Order Granting Mattel's Motion to Compel Production of Documents and
     Interrogatory Responses by MGA dated May 15, 2007 ("As a threshold matter,
22   MGA's responses are inadequate to the extent MGA has restricted its production to
     'relevant and responsive non-objectionable documents'"), Kidman Dec., Exh. 3.
23   [6]   See Response to Request Nos. 25, 38-40 and 43, Kidman Dec., Exh. 2.
     [7]   Letter from Scott B. Kidman to James P. Jenal dated July 20, 2007, Kidman
24   Dec., Exh. 4.
25   [8]   Kidman Dec., ¶ 6.
     [9]   Kidman Dec., ¶ 6.
26   [10]  Kidman Dec., ¶ 7.
     [11]  Kidman Dec., ¶ 7.
27
28

EXHIBIT  2

PAGE  31

1 | MGA agreed to produce the report and documents responsive to other requests by
2 | September 17, 2007 and all documents setting forth MGA's profits from Bratz dolls
3 | and other Bratz products by September 28, 2007. In addition, MGA agreed to
4 | provide supplemental responses to the Requests by September 17, 2007.[12]

5 | MGA served supplemental responses on September 17, 2007,[13] but
6 | failed to produce the report and other financial document as agreed. On September
7 | 26, 2007, Mattel sent MGA an e-mail specifically referencing the report and asking
8 | about MGA's failure to produce it.[14] After several conversations in which MGA's
9 | counsel, William Charron, stated that he was checking into the status of the report,
10 | on or about October 12, 2007, Mr. Charron confirmed that the report had not been
11 | produced and indicated that he had no explanation why it had not been produced and
12 | could not say when it would be produced.[15]

13 | Shortly thereafter, O'Melveny & Myers withdrew as counsel for MGA
14 | and was replaced by Skadden, Arps, Slate, Meagher & Flom. At MGA's request,
15 | discovery motions and meet and confers, among other things, were stayed for
16 | approximately one month, through November 14, 2007.

17 | **Mattel's Meet and Confer Discussions With MGA's New Counsel**.
18 | On October 29, 2007, Mattel sent MGA's new counsel, Skadden Arps, a letter
19 | setting forth a list of outstanding discovery which the Court had ordered MGA to
20 | produce and/or which MGA previously agreed to produce but which MGA still had

---

22
23 | [12] Letter from Scott B. Kidman to William J. Charron dated September 4, 2007, Kidman Dec., Exh. 5.
24
25 | [13] MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things dated September 17, 2007, Kidman Dec., Exh. 6.
26 | [14] E-mail from Scott Kidman to William Charron dated September 26, 2007, Kidman Dec., Exh. 7.
27 | [15] Kidman Dec., ¶ 14.
28



EXHIBIT   **2**

PAGE   **32**

-4-

MATTEL'S MOTION TO COMPEL

1   not produced.[16]  The letter addressed the financial information responsive to the

2   Requests and, in particular, the report MGA had agreed to produce by September

3   17, 2007.  The letter also repeated statements made by Mattel's counsel in a

4   conference call on October 14, 2007 that "MGA's production of financial documents

5   needs to be a priority so that there is no further delay in our ability to prepare expert

6   reports."[17]

7          In subsequent meet and confer discussions following the lifting of the

8   stay, MGA's new counsel has claimed to be unaware of the financial report that had

9   been promised, and cannot provide a date by which any of the financial information

10  that MGA agreed to produce in September (and which it admits will provide the

11  "starting point" for Mattel's expert damages report) will be produced.[18]

12                                 **Argument**

13  **I.    MGA SHOULD BE ORDERED TO PRODUCE ALL RESPONSIVE**

14         **FINANCIAL INFORMATION, INCLUDING THE SUMMARY**

15         **REPORT, WITHOUT FURTHER DELAY**

16         There is no dispute that Mattel is entitled to the requested financial

17  information regarding Bratz products, including revenue, cost and profit information

18  by product.  For example, with respect to Mattel's claim for copyright infringement,

19  Section 504(b) of the Copyright Act provides that "[t]he copyright owner is entitled

20  to recover the actual damages suffered by him or her as a result of the infringement,

21  and **any profits of the infringer that are attributable to the infringement** and are

22  not taken into account in computing actual damages."  17 U.S.C. § 504(b) (emphasis

23  added).  Section 504(b) further provides that "[i]n establishing the infringer's profits,

24  the copyright owner is required to present proof only of the infringer's gross

25  ───────────────

    [16]   Letter from Michael T. Zeller to Thomas J. Nolan dated October 29, 2007,

26  Kidman Dec., Exh. 9.

    [17]   Id. at p. 4, Kidman Dec., Exh. 9.

27  [18]   Kidman Dec., ¶ 17.

28

1  revenue, and the infringer is required to prove his or her deductible expenses and the

2  elements of profit attributable to factors other than the copyrighted work."  In

3  addition, as the Court has already held, information regarding MGA's net worth is

4  discoverable and relevant to Mattel's claims for punitive damages.[19]

5         MGA also agreed to produce the requested financial information,

6  including the report showing units sales, revenue and costs by product, more than

7  two months ago.  Not only has MGA failed to produce the requested information as

8  agreed, but now, almost six months after Mattel served the Requests, MGA claims

9  that it cannot even tell Mattel when the information will be produced.

10        Expert reports for Phase 1 are due on February 11, 2008.  The financial

11  information at issue here is necessary for Mattel to prepare its expert damages

12  report.  Indeed, MGA's counsel has acknowledged that the financial information yet

13  to be produced is the "starting point" for Mattel's expert damages analysis.  MGA

14  also admits that there are hundreds of products at issue.  MGA's failure to produce

15  this financial information as promised has already prejudiced Mattel's ability to

16  complete its damages analysis and prepare its expert report within the existing

17  deadlines.  MGA has had months to collect the responsive documents.  It should be

18  ordered to produce them immediately and without further delay.  The documents to

19  be produced should include specifically the previously promised summary report

20  that is to include unit sales, revenue and cost information by product.[20]

21

22  [19]  Minute Order dated July 2, 2007, at pp. 4-5, Kidman Dec., Exh. 10.  See also

23  Hilao v. Estate of Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (defendant's
    financial condition a relevant factor in awarding punitive damages); Housing Rights

24  Center v. King, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages

25  claim has been asserted, a majority of federal courts permit pretrial discovery of
    financial information about defendants without requiring the plaintiff to establish a

26  prima facie case on the issue of punitive damages.").

27  [20]  MGA's recent suggestion that it is unaware of such a report is entirely
    inconsistent with the representations of MGA's prior counsel.  Moreover, the

28  (footnote continued)

07209/2302275.1

EXHIBIT ___2___

PAGE ___34___

-6-

## Conclusion

For the foregoing reasons, The Court should grant Mattel's motion.

DATED:  November 26, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Scott B. Kidman
Attorneys for Mattel, Inc.

suggestion that a company like MGA, with hundreds of millions of dollars in annual sales is unable to track sales or revenues by product is implausible on its face. Having delayed production of the financial documents that provide the "starting point" for Mattel's damages analysis for almost six months, MGA should not now be permitted to dump potentially hundreds of thousands of sales invoices and other underlying documents on Mattel to sort through without the promised report.

07209/2302275.1

EXHIBIT __2__

PAGE __35__

-7-

MATTEL'S MOTION TO COMPEL

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4  On November 26, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF**

5  **DOCUMENTS; AND MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

6

7      Thomas J. Nolan
        **Skadden, Arps, Slate, Meagher & Flom**

8       **LLP**
        300 South Grand Ave., Ste. 3400

9      Los Angeles, California 90071
        *Attorneys for MGA ENTERTAINMENT,*

10     *INC.*

11

12  **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

13

14      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

15      Executed on November 26, 2007, at Los Angeles, California.

16

17                       _____
                       NOW LEGAL -- Dave Quintana

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___2___

PAGE ___36___

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On November 26, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS; AND MEMORANDUM OF POINTS AND AUTHORITIES** on the parties in this action as follows:

| | |
|---|---|
| John W. Keker | Mark E. Overland, Esq. |
| Michael H. Page | David E. Scheper, Esq. |
| Christa M. Anderson | Alexander H. Cote, Esq. |
| **Keker & Van Nest, LLP** | **Overland Borenstein Scheper & Kim,** |
| 710 Sansome Street | **LLP** |
| San Francisco, CA 94111 | 300 South Grand Avenue |
| **Attorneys for CARTER BRYANT** | Suite 2750 |
| | Los Angeles, CA 90071-3144 |
| | **Attorneys for Carlos Gustavo Machado** |

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 26, 2007, at Los Angeles, California.

_Yalonda J. Dekle_
Yalonda J. Dekle

07209/2081332.1

EXHIBIT 2

PAGE 37

# Exhibit 3

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | Hon. Edward A. Infante (Ret.)<br>Discovery Master |
| AND CONSOLIDATED CASES | [PROPOSED] ORDER GRANTING MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC. |
| | Date:  December 14, 2007<br>Time:  10:45 a.m..<br>Place:  JAMS S.F. Office |
| | Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference: April 7, 2008<br>Trial Date:  April 29, 2008 |

07209/2335377.1

12-28

PROPOSED ORDER

EXHIBIT ___3___

PAGE ___38___

**[PROPOSED] ORDER**

Having considered Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc. dated November 26, 2007 (the "Motion"), and all other papers and argument submitted in support of or in opposition to the Motion,

IT IS HEREBY ORDERED that:

1.   Mattel's Motion is GRANTED.

2.   MGA Entertainment, Inc. ("MGA") shall produce on or before January 10, 2008 all non-privileged documents responsive to Request Nos. 2-6, 8-15, 17-23, 25-33, 35-43 and 45-46 of Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc.

3.   In response to Request No. 7, MGA shall produce on or before January 10, 2008 (a) all documents that state or refer to MGA's profits (including without limitation gross profits, net profits or incremental profits) from the sale of each Bratz doll sold by MGA or its licensees and (b) documents sufficient to determine, calculate and/or evaluate MGA's profits (including without limitation gross profits, net profits and incremental profits) from the sale of each Bratz doll sold by MGA or its licensees, including any summary reports of such profits or summary reports of costs deductible from revenue to arrive at such profits.

4.   In response to Request No. 16, MGA shall produce on or before January 10, 2008 (a) all documents that state or refer to MGA's profits (including without limitation gross profits, net profits or incremental profits) by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees and (b) documents sufficient to determine, calculate and/or evaluate MGA's profits (including without limitation gross profits, net profits and incremental profits) by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees, including any summary reports of such profits or summary reports of costs deductible from revenue to arrive at such profits.

07209/2335377.1

-1-

PROPOSED ORDER

EXHIBIT ___3___

PAGE ___39___

1      5.     In response to Request No. 24, MGA shall produce on or before January

2 10, 2008 (a) all documents that state or refer to MGA's profits (including without

3 limitation gross profits, net profits or incremental profits) from the sale of each Bratz

4 product sold by MGA or its licensees and (b) documents sufficient to determine,

5 calculate and/or evaluate MGA's profits (including without limitation gross profits,

6 net profits and incremental profits) from the sale of each Bratz product sold by MGA

7 or its licensees, including any summary reports of such profits or summary reports of

8 costs deductible from revenue to arrive at such profits.

9      6.     In response to Request No. 34, MGA shall produce on or before January

10 10, 2008 (a) all documents that state or refer to MGA's profits (including without

11 limitation gross profits, net profits or incremental profits) by product number or SKU

12 from the sale of each Bratz product sold by MGA or its licensees and (b) documents

13 sufficient to determine, calculate and/or evaluate MGA's profits (including without

14 limitation gross profits, net profits and incremental profits) by product number or

15 SKU from the sale of each Bratz product sold by MGA or its licensees, including any

16 summary reports of such profits or summary reports of costs deductible from revenue

17 to arrive at such profits.

18

19

20

21

22

23

24

25

26

27

28

07209/2335377.1

PROPOSED ORDER

EXHIBIT 3

PAGE 40

1      7.     In response to Request No. 44, MGA shall produce on or before January

2  10, 2008 (a) all valuations of, or that refer or relate to, Bratz at any time from 1998 to

3  the present, (b) all documents that state or refer to the value of the Bratz at any time

4  from 1998 to the present and (c) documents sufficient to determine, calculate and/or

5  evaluate the value of the Bratz for each year from 1998 to the present.

6

7      **IT IS SO ORDERED.**

8

9  DATED: _/2 – 28_ , 2007

10

11

12                 Hon. Edward A. Infante (Ret.)
                    Discovery Master

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2335377.1

-3-

EXHIBIT __3__

PAGE __41__

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on December 28, 2007, I served the attached: (1) ORDER GRANTING MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., (2) STIPULATION AND ORDER RE: CONTINUANCE OF TIME FOR PARTIES TO FILE JOINT STATEMENT REGARDING MATTEL'S REQUEST FOR DESTRUCTIVE TESTING OF BRYANT ORIGINALS, and (3) ORDER GRANTING MATTEL'S REQUEST FOR EXTENSION OF TIME TO SERVE ITS OPPOSITION PAPERS IN RESPONSE TO MGA'S MOTION TO COMPEL RULE 30(b)(6) WITNESSES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on December 28, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 3

PAGE 42

# Miscellaneous Filings (Other Documents)
2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 1/2/2008 at 10:18 AM PST and filed on 1/2/2008

**Case Name:**          Carter Bryant v. Mattel Inc
**Case Number:**      2:04-cv-9049
**Filer:**                   Mattel Inc
**Document Number:** 1426

**Docket Text:**
Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc. filed by Defendant Mattel Inc re: MOTION to Compel Production of Documents[1146] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger     timalger@quinnemanuel.com

Christa M Anderson     canderson@kvn.com

Jon D Corey     joncorey@quinnemanuel.com

Alexander H Cote     acote@obsklaw.com

Leah Chava Gershon     leah@spertuslaw.com

Emil W Herich     eherich@kmwlaw.com

Raoul D Kennedy     rkennedy@skadden.com

Alisa Morgenthaler Lever     amorgenthaler@chrisglase.com

Nathan Meyer     nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim     cyrusnaim@quinnemanuel.com

Thomas J Nolan     tnolan@skadden.com

Mark E Overland     moverland@obsklaw.com

Michael H Page     mhp@kvn.com

EXHIBIT ___3___

PAGE ___43___

CM/ECF - California Central District                                    Page 2 of 2

Brett Dylan Proctor      dylanproctor@quinnemanuel.com

John B Quinn      johnquinn@quinnemanuel.com

David C Scheper      dscheper@obsklaw.com, feseroma@obsklaw.com

John Elliot Trinidad      jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock      awaltonhadlock@kvn.com

Matthew M Werdegar      mmv@kvn.com

Michael T Zeller      michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Michelle M Campana
Skadden Arps Slate Meagher & Flom LLP
4 Times Square
New York, NY 10036-6522

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Production of Docs.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/2/2008] [FileNumber=5137449-0]
[201a62c1d33ba395dbe5cd629ee8878de94401a6b9d8cf1b38283b5b795fa9e8d71d4
6732a909a8f5bfd3f7a5cf1d442f0b6ecce1ae629cef8176e05b3eca6af]]

EXHIBIT    3

PAGE    44

**Exhibit 4**

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9               UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

13                  Plaintiff,             Consolidated with
                                           Case No. CV 04-09059
14          v.                             Case No. CV 05-02727

15  MATTEL, INC., a Delaware              MATTEL, INC.'S FIRST SET OF
    corporation,                          REQUESTS FOR DOCUMENTS AND
16                                        THINGS TO ISAAC LARIAN
                    Defendant.
17

18  AND CONSOLIDATED CASES.

19

20

21

22

23

24

25

26

27                          EXHIBIT    4

28                          PAGE    45              C6|13|c7

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1         Pursuant to <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u>, Mattel,

2  Inc. hereby requests that defendant Isaac Larian ("Larian") respond to these

3  document requests ("Requests") and make available for inspection and copying

4  originals of the following documents within 30 days of service at the offices of

5  Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th

6  floor, Los Angeles, CA 90017. Larian shall be obligated to supplement the

7  responses to these Requests at such times and to the extent required by <u>Rule</u> 26(e) of

8  the <u>Federal Rules of Civil Procedure</u>.

9

10  **I.     DEFINITIONS**

11

12         For purposes of these Requests, the following definitions apply:

13         A.    "YOU," "YOUR" and "LARIAN" mean Isaac Larian and any

14  individual or entity acting directly or indirectly by, through, under or on behalf of

15  Isaac Larian, including but not limited to current or former directors, officers,

16  agents, attorneys, employees, partners, joint venturers, contractors, accountants, or

17  representatives of Isaac Larian or any entity under the control or direction of Isaac

18  Larian (including but not limited to MGA), and any corporation, partnership,

19  association, trust, predecessor-in-interest and successor-in-interest, and any other

20  PERSON acting on behalf of Isaac Larian or pursuant to his authority or subject to

21  his control.

22         B.    "MGA" means MGA Entertainment, Inc. and all current or

23  former directors, officers, employees, agents, contractors, attorneys, accountants,

24  representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

25  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

26  authority or subject to its control.

27         C.    "MATTEL" means Mattel, Inc. and all current or former

28  directors, officers, employees, agents, contractors, attorneys, accountants,

EXHIBIT 4

PAGE 46

-2-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 representatives, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and

2 successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

3 authority or subject to its control.

4      D.    "BRYANT" means Carter Bryant, any of his current or former

5 agents, representatives, attorneys, employees, partners, joint venturers,

6 predecessors-in-interest and successors-in-interest, and any other PERSON acting

7 on his behalf, pursuant to his authority or subject to his control.  For purposes of

8 these Requests, "MGA" and "LARIAN" do not include "BRYANT."

9      E.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

10 "recordings" as those terms are defined in <u>Rule</u> 1001 of the <u>Federal Rules of</u>

11 <u>Evidence</u> and <u>Rule</u> 34 of the <u>Federal Rules of Civil Procedure</u> and shall include all

12 writings, including but not limited to handwriting, typewriting, printing, image,

13 photograph, photocopy, digital file of any kind, transmittal by (or as an attachment

14 to) electronic mail (including instant messages and text messages) or facsimile,

15 video and audio recordings, and every other means of recording upon any tangible

16 thing, any form of communication or representation, and any record thereby created,

17 regardless of the manner in which the record has been stored, and all non-identical

18 copies of such DOCUMENTS, in the possession, custody, or control of YOU,

19 YOUR counsel, or any other PERSON acting on YOUR behalf.

20      F.    "COMMUNICATION," in the plural as well as the singular,

21 means any transmittal and/or receipt of information, whether such was oral or

22 written, and whether such was by chance, prearranged, formal or informal, and

23 specifically includes, but is not limited to, conversations in person, telephone

24 conversations, electronic mail (including instant messages and text messages),

25 voicemail, letters, memoranda, statements, media releases, magazine and newspaper

26 articles, and video and audio transmissions.

27      G.    "DESIGN" or "DESIGNS" means any and all representations,

28 whether two-dimensional or three-dimensional, and whether in tangible, digital,

1   electronic or other form, including but not limited to all works, designs, artwork,

2   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

3   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

4   practice, developments, concepts, ideas, inventions and/or improvements, as well as

5   all other items, things and DOCUMENTS in which any of the foregoing are or have

6   been expressed, embodied, contained, fixed or reflected in any manner, whether in

7   whole or in part.

8         H.    "BRATZ" means any project, product, doll or DESIGN or any

9   portion thereof ever known by that name, that is now or has ever been known as, or

10   sold or marketed under, the name or term "Bratz" or that is now or has ever been

11   sold or marketed as part of the "Bratz" line, including without limitation all

12   prototypes, models, samples and versions thereof.  As used herein, "products, dolls

13   or DESIGNS or any portion thereof" also includes without limitation any names,

14   fashions, accessories, artwork, packaging or any other works, materials, matters or

15   items included or associated therewith.  Without limiting the generality of the

16   foregoing, "BRATZ" includes any such project, product, doll or DESIGN,

17   regardless of what any such project, product, doll or DESIGN has in fact been

18   called, and regardless of what any such project, product, doll or DESIGN is or has

19   been also, previously or subsequently called.  Also without limiting the generality of

20   the foregoing, and contrary to MGA's recent assertions in connection with other

21   Mattel discovery requests, the term "BRATZ" does not require that there be a doll

22   existing at the time of the event, incident or occurrence that is the subject of, or

23   otherwise relevant or responsive to, the Requests herein.

24         I.    "ANGEL" refers to those projects, products, dolls or DESIGNS

25   or any portion thereof, sometimes called "Angel Faces" and/or "Prayer Angels," that

26   MGA has claimed are the subject of MGA000706-08, MGA000710-12,

27   MGA000714-16, MGA000718-20, MGA000724-28 and MGA000734, including

28   without limitation all prototypes, models, samples and versions thereof.  As used

EXHIBIT 4

PAGE 48

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  herein, "products, dolls or DESIGNS or any portion thereof" also includes without

2  limitation any names, fashions, accessories, artwork, packaging or any other works,

3  materials, matters or items included or associated therewith.  Without limiting the

4  generality of the foregoing, "ANGEL" includes any such project, product, doll or

5  DESIGN, regardless of what any such project, product, doll or DESIGN has in fact

6  been called, and regardless of what any such project, product, doll or DESIGN is or

7  has been also, previously or subsequently called.  Also without limiting the

8  generality of the foregoing, and contrary to MGA's recent assertions in connection

9  with other Mattel discovery requests, the term "ANGEL" does not require that there

10  be a doll existing at the time of the event, incident or occurrence that is the subject

11  of, or otherwise relevant or responsive to, the Requests herein.

12      J.   "AFFILIATES" means any and all corporations, proprietorships,

13  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

14  indirectly, in whole or in part, own or control, are under common ownership or

15  control with, or are owned or controlled by a PERSON, party or entity, including

16  without limitation each parent, subsidiary and joint venture of such PERSON, party

17  or entity.

18      K.   "IDENTIFY" or "IDENTITY" means the following:

19          (a)   With reference to an individual, means such individual's

20  name, current or last known business title, current or last known business affiliation,

21  current or last known relationship to YOU, current or last known residential and

22  business address, and current or last known telephone number.

23          (b)   With reference to an entity or governmental organization,

24  means such entity's or organization's name, present or last-known address, and

25  present or last-known telephone number and the IDENTITY of each individual who

26  has served or participated as a contact for or on behalf of such entity or organization.

27          (c)   With reference to an account with a bank or financial

28  institution, means the name and address of the bank or financial institution, the

1   account number(s) for or otherwise associated with such account and the name of
2   each holder, including without limitation each beneficial holder, of each such
3   account.

4           (d)     With reference to a STORAGE DEVICE, means the
5   manufacturer name, brand, model name and number, serial number and all other
6   manufacturer identifiers, and the technical specifications and capacities of such
7   STORAGE DEVICE.

8           L.      "ACTION" means this action now consolidated under Case No.
9   04-9049 before the Hon. Stephen Larson and formerly Mattel, Inc. v. Bryant, first
10  filed in Los Angeles County Superior Court; Bryant v. Mattel, Inc.; and MGA
11  Entertainment, Inc. v. Mattel, Inc.; and all counterclaims, cross-claims and defenses
12  therein.

13          M.      "DIGITAL INFORMATION" means any information created or
14  stored digitally, including but not limited to electronically, magnetically or optically.

15          N.      "STORAGE DEVICE" means any computer hard drive,
16  memory, USB device, tape, storage array or any other device or medium that allows
17  a user, whether permanently, temporarily or otherwise, to create, generate, prepare,
18  transmit, copy,  retain, store or maintain DIGITAL INFORMATION.

19          O.      "FAMILY MEMBER" means any PERSON who at any time is,
20  was or has been a parent, spouse, or child of another PERSON.

21          P.      "RELATING," "RELATING TO," "REFERRING OR
22  RELATING TO," or "REFER OR RELATE TO" means any and all of the following
23  terms and their synonyms:  refer to, discuss, constitute, evidence, pertain to,
24  mention, support, contradict, negate, bear on, touch on, contain, embody, reflect,
25  identify, state, deal with, concern, comment on, summarize, respond to, relate to, or
26  describe.

27          Q.      "PERSON," in the plural as well as the singular, means any
28  natural person, association, partnership, corporation, joint venture, government

EXHIBIT 4

PAGE 50

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  entity, organization, trust, institution, proprietorship, or any other entity recognized

2  as having an existence under the laws in the United States or any other nation.

3      R.      "BRATZ PRODUCT" means any product, whether two-

4  dimensional or three-dimensional, and whether in tangible, digital, electronic or

5  other form: (i) that is or has ever been distributed, marketed or sold under the name

6  "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,

7  consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever

8  been distributed, marketed or sold in any packaging that includes the name "Bratz"

9  or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO

10  BRATZ.

11      S.      "BRATZ DOLL" means any doll that is or has ever been

12  distributed, marketed, sold or offered for sale under the name "Bratz" or as part of

13  the "Bratz" line.

14      T.      "BRATZ MOVIE" means any motion picture or film that

15  depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ

16  or any BRATZ DESIGN.

17      U.      "BRATZ TELEVISION SHOW" means any production

18  exhibited on television that depicts, incorporates, embodies, consists of or REFERS

19  OR RELATES TO BRATZ or any BRATZ DESIGN.

20      V.      "DIVA STARZ" means any project, product, doll or DESIGN or

21  any portion thereof ever known by that name, that is now or has ever been known

22  as, or sold or marketed under, the name or term "DIVA STARZ" or that is now or

23  has ever been sold or marketed as part of the "DIVA STARZ" line, including

24  without limitation "Chat Girls," "Brats," and "Chat Brats," and including without

25  limitation all prototypes, models, samples and versions thereof.  As used herein,

26  "products, dolls or DESIGNS or any portion thereof" also includes without

27  limitation any names, fashions, accessories, artwork, packaging or any other works,

28  materials, matters or items included or associated therewith.  Without limiting the

EXHIBIT  4

PAGE  51

-7-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

generality of the foregoing, "DIVA STARZ" includes any such project, product, doll or DESIGN, regardless of what any such project, product, doll or DESIGN has in fact been called, and regardless of what any such project, product, doll or DESIGN is or has been also, previously or subsequently called.  Also without limiting the generality of the foregoing, and contrary to MGA's recent assertions in connection with other Mattel discovery requests, the term "DIVA STARZ" does not require that there be a doll existing at the time of the event, incident or occurrence that is the subject of, or otherwise relevant or responsive to, the Requests herein.

W.     The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun also includes within its meaning the feminine form of the pronoun so used, and *vice versa*; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and *vice versa*, whenever such construction results in a broader disclosure of documents or information

## II.    **INSTRUCTIONS**

A.     YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

B.     If YOU contend that YOU are not required to produce certain DOCUMENTS called for by these Requests on the grounds of a privilege or protection that YOU are not prepared to waive, identify each such DOCUMENT and provide the following information:

1.               the date and type of the DOCUMENT, the author(s) and all recipients;

2.      the privilege or protection that YOU claim permits YOU to withhold the DOCUMENT;

3.      the title and subject matter of the DOCUMENT;

4.      any additional facts on which YOU base YOUR claim of privilege or protection; and

5.      the identity of the current custodian of the original of the DOCUMENT.

C.      DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

D.      The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

E.      DOCUMENTS in electronic form shall be produced in that form.

F.      In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

1.      the date and type of the DOCUMENT, the author(s) and all recipients;

2.      the DOCUMENT's date, subject matter, number of pages, and attachments or appendices;

3.      the date of destruction or discard, manner of destruction or discard, and reason for destruction or discard;

4.      the PERSONS who were authorized to carry out such destruction or discard;

5.          the PERSONS who have knowledge of the content, origins, distribution and destruction of the DOCUMENT; and

6.          whether any copies of the document exist and, if so, the name of the custodian of each copy.

## III.    REQUESTS FOR DOCUMENTS AND THINGS

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS prepared, drafted, written, transmitted or received (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS RELATING TO BRATZ and RELATING TO any time prior to December 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted or received, whether in whole or in part).

REQUEST FOR PRODUCTION NO. 3:

All DOCUMENTS RELATING TO the origin(s), conception and creation of BRATZ, including without limitation all DOCUMENTS RELATING TO the timing and the method and manner in which BRATZ first came to YOUR or MGA's attention.

REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS RELATING TO the modeling, prototyping, rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001, including without limitation all DOCUMENTS RELATING to the creation, preparation or modification of any three-dimensional representation of BRATZ.

1   REQUEST FOR PRODUCTION NO. 5:

2          All DOCUMENTS RELATING TO any payment or transfer of

3   anything of value made to or on behalf of BRYANT for any DESIGN that

4   BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

5   regardless of when such payment was actually made.

6

7   REQUEST FOR PRODUCTION NO. 6:

8          All DOCUMENTS that RELATING TO invoices submitted by

9   BRYANT to YOU or MGA prior to January 31, 2001.

10

11  REQUEST FOR PRODUCTION NO. 7:

12         All royalty statements to or for BRYANT.

13

14  REQUEST FOR PRODUCTION NO. 8:

15         All DOCUMENTS RELATING TO BRYANT's participation in the

16  conception, creation, DESIGN, development, sculpting, tooling, production or

17  manufacture of BRATZ.

18

19  REQUEST FOR PRODUCTION NO. 9:

20         All DOCUMENTS RELATING TO COMMUNICATIONS between

21  YOU or MGA and BRYANT and RELATING TO the period prior to December 31,

22  2001 (regardless of when such document was prepared, written, transmitted or

23  received, whether in whole or in part), including without limitation all diaries, notes,

24  calendars, logs, phone records and letters, that reflect, record or memorialize or

25  otherwise RELATING TO any such COMMUNICATIONS.

26

27

28

EXHIBIT   4

PAGE   56

-11-

07209/2142932.1

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1 | REQUEST FOR PRODUCTION NO. 10:

2 |      All DOCUMENTS RELATING TO COMMUNICATIONS between

3 | YOU or MGA and BRYANT prior to December 31, 2001, including without

4 | limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

5 | record or memorialize or otherwise RELATING TO any such

6 | COMMUNICATIONS.

7 |

8 | REQUEST FOR PRODUCTION NO. 11:

9 |      All COMMUNICATIONS between YOU or MGA and BRYANT prior

10 | to December 31, 2001.

11 |

12 | REQUEST FOR PRODUCTION NO. 12:

13 |      All DOCUMENTS RELATING TO COMMUNICATIONS between

14 | YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

15 | DOCUMENT was prepared, written, transmitted or received, whether in whole or in

16 | part), including without limitation all diaries, notes, calendars, logs, phone records

17 | and letters, that reflect, record or memorialize or otherwise RELATING TO any

18 | such COMMUNICATIONS.

19 |

20 | REQUEST FOR PRODUCTION NO. 13:

21 |      All COMMUNICATIONS RELATING TO BRATZ between YOU or

22 | MGA and any PERSON prior to December 31, 2001.

23 |

24 | REQUEST FOR PRODUCTION NO. 14:

25 |      All DOCUMENTS RELATING TO COMMUNICATIONS between

26 | YOU or MGA and any PERSON and RELATING TO the period prior to December

27 | 31, 2001 (regardless of when such DOCUMENT was prepared, written, transmitted

28 | or received, whether in whole or in part), including without limitation all diaries,

1   notes, calendars, logs, phone records and letters, that reflect, record or memorialize

2   or otherwise RELATING TO any such COMMUNICATIONS.

3

4   REQUEST FOR PRODUCTION NO. 15:

5        All COMMUNICATIONS RELATING TO BRATZ between YOU or

6   MGA and BRYANT.

7

8   REQUEST FOR PRODUCTION NO. 16:

9        All DOCUMENTS RELATING TO BRYANT's employment by

10  MATTEL.

11

12  REQUEST FOR PRODUCTION NO. 17:

13       All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

14  BRYANT's employment by MATTEL.

15

16  REQUEST FOR PRODUCTION NO. 18:

17       All DOCUMENTS RELATING TO DESIGNS that BRYANT

18  produced, prepared, created, authored, conceived of or reduced to practice, whether

19  alone or jointly with others, prior to December 31, 2001.

20

21  REQUEST FOR PRODUCTION NO. 19:

22       All DOCUMENTS RELATING TO DESIGNS produced, prepared,

23  created, authored, conceived of or reduced to practice prior to December 31, 2001

24  by BRYANT, whether alone or jointly with others, in which YOU or MGA have

25  purported at any time to purchase, acquire or own any right, title or interest (whether

26  in whole or in part).

27

28

1  REQUEST FOR PRODUCTION NO. 20:

2      All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between BRYANT and MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 21:

7      All DOCUMENTS, including without limitation all

8  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9  YOUR or MGA's knowledge of any agreement or contract between BRYANT and

10 MATTEL.

11

12 REQUEST FOR PRODUCTION NO. 22:

13     All DOCUMENTS RELATING TO any payment or transfer of

14 anything of value made to or on behalf of BRYANT prior to October 21, 2000 or for

15 work or services performed by BRYANT prior to October 21, 2000 regardless of

16 when such payment was actually made.

17

18 REQUEST FOR PRODUCTION NO. 23:

19     All DOCUMENTS RELATING TO any agreement or contract

20 between YOU or MGA, on the one hand, and BRYANT, on the other hand,

21 including without limitation all drafts thereof, all actual or proposed amendments,

22 modifications and revisions thereto and all COMMUNICATIONS RELATING

23 thereto.

24

25 REQUEST FOR PRODUCTION NO. 24:

26     All doll heads, sculpts, prototypes, models, samples and tangible items

27 that were created, prepared or made, whether in whole or in part, prior to December

28 31, 2001 RELATING TO BRATZ.

REQUEST FOR PRODUCTION NO. 25:

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to December 31, 2001 RELATING TO ANGEL.

REQUEST FOR PRODUCTION NO. 26:

All DOCUMENTS RELATING TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

REQUEST FOR PRODUCTION NO. 27:

All DOCUMENTS RELATING TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

REQUEST FOR PRODUCTION NO. 28:

All DOCUMENTS RELATING TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 30, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

REQUEST FOR PRODUCTION NO. 29:

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, requested, procured, fabricated, prepared and produced.

REQUEST FOR PRODUCTION NO. 30:

All DOCUMENTS RELATING TO any showing, presentation or exhibition, or any proposed, offered or requested showing, presentation or

exhibition, of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 30, 2001.

REQUEST FOR PRODUCTION NO. 31:

DOCUMENTS sufficient to show when ANGEL (including without limitation any model, prototype or sample thereof) was first exhibited, shown or presented to any third party.

REQUEST FOR PRODUCTION NO. 32:

All COMMUNICATIONS between YOU or MGA and any wholesaler, distributor, and/or retailer RELATING TO BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 33:

All COMMUNICATIONS between YOU or MGA and any wholesaler, distributor, and/or retailer RELATING TO ANGEL.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS RELATING TO when and where BRATZ (including without limitation any model, prototype or sample thereof) was first marketed to any wholesaler, distributor and/or retailer.

REQUEST FOR PRODUCTION NO. 35:

All DOCUMENTS RELATING TO when and where ANGEL (including without limitation any model, prototype or sample thereof) was first marketed to any wholesaler, distributor and/or retailer.

EXHIBIT 4

PAGE 60

-16-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 36:

DOCUMENTS sufficient to show when and where BRATZ was first shipped, distributed and sold.

REQUEST FOR PRODUCTION NO. 37:

DOCUMENTS sufficient to show when and where ANGEL was first shipped, distributed and sold.

REQUEST FOR PRODUCTION NO. 38:

All DOCUMENTS RELATING TO the licensing, including without limitation the proposed, offered or requested licensing, of BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 39:

All COMMUNICATIONS between YOU or MGA and any manufacturer, or any contemplated, proposed or potential manufacturer, RELATING TO BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 40:

DOCUMENTS sufficient to identify when YOU or MGA first contacted any manufacturer, or any contemplated, proposed or potential manufacturer, for the production or manufacture of ANGEL.

REQUEST FOR PRODUCTION NO. 41:

All COMMUNICATIONS between YOU or MGA and any PERSON that REFER OR RELATE TO the distribution or proposed or potential distribution of BRATZ prior to December 31, 2001.

REQUEST FOR PRODUCTION NO. 42:

All DOCUMENTS RELATING TO the performance of any agreement or contract between YOU or MGA, on the one hand, and BRYANT, on the other hand.

REQUEST FOR PRODUCTION NO. 43:

All DOCUMENTS RELATING TO the agreement dated as of September 18, 2000 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 44:

All DOCUMENTS RELATING TO the Modification and Clarification of the Agreement dated as of September 18, 2000 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 45:

All DOCUMENTS RELATING TO the agreement dated April 2001 between MGA and BRYANT, including without limitation all drafts thereof, any actual or proposed modifications, amendments or revisions thereto and all COMMUNICATIONS RELATING thereto.

REQUEST FOR PRODUCTION NO. 46:

All DOCUMENTS that RELATING TO any agreement or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and any PERSON (including without limitation MGA), including without limitation all drafts thereof,

1   all actual or proposed amendments, modifications and revisions thereto and all

2   COMMUNICATIONS RELATING thereto.

3

4   REQUEST FOR PRODUCTION NO. 47:

5       All DOCUMENTS RELATING TO the performance of any agreement

6   or contract that REFERS AND RELATES TO BRATZ between Isaac Larian and

7   any PERSON (including without limitation MGA).

8

9   REQUEST FOR PRODUCTION NO. 48:

10       All DOCUMENTS that REFER OR RELATE TO any agreement or

11   contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

12   any PERSON (including without limitation MGA), including without limitation all

13   drafts thereof, all actual or proposed amendments, modifications and revisions

14   thereto and all COMMUNICATIONS RELATING thereto.

15

16   REQUEST FOR PRODUCTION NO. 49:

17       All DOCUMENTS RELATING TO the performance of any agreement

18   or contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

19   any PERSON (including without limitation MGA).

20

21   REQUEST FOR PRODUCTION NO. 50:

22       All DOCUMENTS that REFER OR RELATE TO any agreement or

23   contract that REFERS AND RELATES TO BRATZ between any FAMILY

24   MEMBER of Isaac Larian and any PERSON (including without limitation MGA

25   and/or Isaac Larian), including without limitation all drafts thereof, all actual or

26   proposed amendments, modifications and revisions thereto and all

27   COMMUNICATIONS RELATING thereto.

28

1  REQUEST FOR PRODUCTION NO. 51:

2      All DOCUMENTS RELATING TO the performance of any agreement

3  or contract that REFERS AND RELATES TO BRATZ between any FAMILY

4  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

5  and/or Isaac Larian).

6

7  REQUEST FOR PRODUCTION NO. 52:

8      All DOCUMENTS RELATING TO any agreement or contract that

9  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of

10  Isaac Larian and any PERSON (including without limitation MGA and/or Isaac

11  Larian), including without limitation all drafts thereof, all actual or proposed

12  amendments, modifications and revisions thereto and all COMMUNICATIONS

13  RELATING thereto.

14

15  REQUEST FOR PRODUCTION NO. 53:

16      All DOCUMENTS RELATING TO the performance of any agreement

17  or contract that REFERS AND RELATES TO BRYANT between any FAMILY

18  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

19  and/or Isaac Larian).

20

21  REQUEST FOR PRODUCTION NO. 54:

22      All DOCUMENTS RELATING TO royalties or payments RELATING

23  TO BRATZ that have been made by any PERSON (including without limitation

24  MGA) to, for or on behalf of Isaac Larian.

25

26

27

28

EXHIBIT __4__

PAGE __64__

-20-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 55:

2        All DOCUMENTS RELATING TO royalties or payments RELATING

3  TO BRATZ that have been made by any PERSON (without limitation MGA) to, for

4  or on behalf of any FAMILY MEMBER of Isaac Larian.

5

6  REQUEST FOR PRODUCTION NO. 56:

7        All DOCUMENTS RELATING TO DIVA STARZ and RELATING

8  TO any time prior to December 31, 2001 (regardless of when such document was

9  prepared, written, transmitted or received, whether in whole or in part).

10

11  REQUEST FOR PRODUCTION NO. 57:

12        All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

13  DIVA STARZ and RELATING TO any time prior to December 31, 2001

14  (regardless of when such document was prepared, written, transmitted or received,

15  whether in whole or in part).

16

17  REQUEST FOR PRODUCTION NO. 58:

18        All DOCUMENTS RELATING TO MATTEL's consideration or

19  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

20  any time prior to December 31, 2001 (regardless of when such document was

21  prepared, written, transmitted or received, whether in whole or in part).

22

23  REQUEST FOR PRODUCTION NO. 59:

24        All DOCUMENTS RELATING TO "Toon Teens."

25

26  REQUEST FOR PRODUCTION NO. 60:

27        All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

28  "Toon Teens."

1

2

3 **REQUEST FOR PRODUCTION NO. 61:**

4       All DOCUMENTS, including without limitation

5 COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

6 in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

7

8 **REQUEST FOR PRODUCTION NO. 62:**

9       All DOCUMENTS RELATING TO any actual, potential, proposed,

10 considered or contemplated work, activities or services, including without limitation

11 any freelance work or consulting services, by BRYANT for, with or on behalf of

12 YOU or MGA prior to December 31, 2001 (regardless of when any such

13 DOCUMENT was prepared, created, received or transmitted, whether in whole or in

14 part).

15

16 **REQUEST FOR PRODUCTION NO. 63:**

17       All DOCUMENTS RELATING TO any actual, potential, proposed,

18 considered or contemplated work, activities or services, including without limitation

19 any freelance work or consulting services, by Anna Rhee for, with or on behalf of

20 YOU or MGA prior to December 31, 2001 (regardless of when any such

21 DOCUMENT was prepared, created, received or transmitted, whether in whole or in

22 part).

23

24 **REQUEST FOR PRODUCTION NO. 64:**

25       All DOCUMENTS RELATING TO any actual, potential, proposed,

26 considered or contemplated work, activities or services, including without limitation

27 any freelance work or consulting services, by Veronica Marlow for, with or on

28 behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

1  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

2  part).

3

4  REQUEST FOR PRODUCTION NO. 65:

5          All DOCUMENTS RELATING TO any actual, potential, proposed,

6  considered or contemplated work, activities or services, including without limitation

7  any freelance work or consulting services, by Sarah Halpern for, with or on behalf

8  of YOU or MGA prior to December 31, 2001 (regardless of when any such

9  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

10  part).

11

12  REQUEST FOR PRODUCTION NO. 66:

13          All DOCUMENTS RELATING TO any actual, potential, proposed,

14  considered or contemplated work, activities or services, including without limitation

15  any freelance work or consulting services, by Jesse Ramirez for, with or on behalf of

16  YOU or MGA prior to December 31, 2001 (regardless of when any such

17  DOCUMENT was prepared, created, received or transmitted, whether in whole or in

18  part).

19

20  REQUEST FOR PRODUCTION NO. 67:

21          All DOCUMENTS RELATING TO any actual, potential, proposed,

22  considered or contemplated work, activities or services, including without limitation

23  any freelance work or consulting services, by Margaret Hatch (also known as

24  Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of YOU or

25  MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was

26  prepared, created, received or transmitted, whether in whole or in part).

27

28

1 <u>REQUEST FOR PRODUCTION NO. 68</u>:

2       All DOCUMENTS RELATING TO any actual, potential, proposed,

3 considered or contemplated work, activities or services, including without limitation

4 any freelance work or consulting services, by Elise Cloonan for, with or on behalf of

5 YOU or MGA.

6

7 <u>REQUEST FOR PRODUCTION NO. 69</u>:

8       All DOCUMENTS RELATING TO any actual, potential, proposed,

9 considered or contemplated work, activities or services, including without limitation

10 any freelance work or consulting services, by Maureen Mullen for, with or on behalf

11 of YOU or MGA.

12

13 <u>REQUEST FOR PRODUCTION NO. 70</u>:

14       All DOCUMENTS RELATING TO any actual, potential, proposed,

15 considered or contemplated work, activities or services, including without limitation

16 any freelance work or consulting services, by Billy Ragsdale for, with or on behalf

17 of YOU or MGA.

18

19 <u>REQUEST FOR PRODUCTION NO. 71</u>:

20       All DOCUMENTS RELATING TO any actual, potential, proposed,

21 considered or contemplated work, activities or services, including without limitation

22 any freelance work or consulting services, by Wendy Ragsdale for, with or on

23 behalf of YOU or MGA.

24

25 <u>REQUEST FOR PRODUCTION NO. 72</u>:

26       All DOCUMENTS RELATING TO any actual, potential, proposed,

27 considered or contemplated work, activities or services, including without limitation

28

1  any freelance work or consulting services, by David Dees for, with or on behalf of

2  YOU or MGA.

3

4  REQUEST FOR PRODUCTION NO. 73:

5          All DOCUMENTS RELATING TO any actual, potential, proposed,

6  considered or contemplated work, activities or services, including without limitation

7  any freelance work or consulting services, by Steve Linker for, with or on behalf of

8  YOU or MGA.

9

10  REQUEST FOR PRODUCTION NO. 74:

11          All DOCUMENTS RELATING TO Steve Linker and RELATING TO

12  any time prior to December 31, 2001 (regardless of when such document was

13  prepared, written, transmitted or received, whether in whole or in part).

14

15  REQUEST FOR PRODUCTION NO. 75:

16          All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without limitation

18  any freelance work or consulting services, by Liz Hogan for, with or on behalf of

19  YOU or MGA.

20

21  REQUEST FOR PRODUCTION NO. 76:

22          All DOCUMENTS RELATING TO any actual, potential, proposed,

23  considered or contemplated work, activities or services, including without limitation

24  any freelance work or consulting services, by Amy Meyers for, with or on behalf of

25  YOU or MGA.

26

27

28

1  REQUEST FOR PRODUCTION NO. 77:

2          To the extent not covered by other Requests, all DOCUMENTS

3  RELATING TO any actual, potential, proposed, considered or contemplated work,

4  activities or services, including without limitation any freelance work or consulting

5  services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6

7  REQUEST FOR PRODUCTION NO. 78:

8          To the extent not covered by other Requests, all DOCUMENTS

9  RELATING TO any actual, potential, proposed, considered or contemplated work,

10  activities or services, including without limitation any freelance work or consulting

11  services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

12

13  REQUEST FOR PRODUCTION NO. 79:

14          All DOCUMENTS RELATING TO any focus groups RELATING TO

15  BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

16  notes and reports associated therewith.

17

18  REQUEST FOR PRODUCTION NO. 80:

19          All DOCUMENTS RELATING TO any services or work performed by

20  L.A. Focus between January 1, 1999 and December 31, 2001, including without

21  limitation all videotapes, summaries, notes and reports associated therewith.

22

23  REQUEST FOR PRODUCTION NO. 81:

24          All DOCUMENTS RELATING TO Alaska Momma.

25

26  REQUEST FOR PRODUCTION NO. 82:

27          All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and Anna

1  Rhee, including without limitation all drafts thereof and amendments, modifications

2  and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4  REQUEST FOR PRODUCTION NO. 83:

5       All DOCUMENTS RELATING TO any payments of money or the

6  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

7

8  REQUEST FOR PRODUCTION NO. 84:

9       All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated agreement or contract between YOU or MGA and

11  Veronica Marlow or her FAMILY MEMBERS, including without limitation all

12  drafts thereof and amendments, modifications and revisions thereto, and all

13  COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 85:

16       All DOCUMENTS RELATING TO any payments of money or the

17  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

18

19  REQUEST FOR PRODUCTION NO. 86:

20       All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated agreement or contract between YOU or MGA and

22  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

23  her FAMILY MEMBERS, including without limitation all drafts thereof and

24  amendments, modifications and revisions thereto, and all COMMUNICATIONS

25  relating thereto.

26

27

28

1   REQUEST FOR PRODUCTION NO. 87:

2          All DOCUMENTS RELATING TO any payments of money or the

3   transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

4   and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

5

6   REQUEST FOR PRODUCTION NO. 88:

7          All DOCUMENTS RELATING TO any actual, potential, proposed,

8   considered or contemplated agreement or contract between YOU or MGA and Sarah

9   Halpern or her FAMILY MEMBERS, including without limitation all drafts thereof

10   and amendments, modifications and revisions thereto, and all

11   COMMUNICATIONS relating thereto.

12

13   REQUEST FOR PRODUCTION NO. 89:

14         All DOCUMENTS RELATING TO any payments of money or the

15   transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

16

17   REQUEST FOR PRODUCTION NO. 90:

18         All DOCUMENTS RELATING TO any actual, potential, proposed,

19   considered or contemplated agreement or contract between YOU or MGA and Jesse

20   Ramirez or his FAMILY MEMBERS, including without limitation all drafts thereof

21   and amendments, modifications and revisions thereto, and all

22   COMMUNICATIONS relating thereto.

23

24   REQUEST FOR PRODUCTION NO. 91:

25         All DOCUMENTS RELATING TO any actual, potential, proposed,

26   considered or contemplated agreement or contract between YOU or MGA and Elise

27   Cloonan or her FAMILY MEMBERS, including without limitation all drafts thereof

28

1  and amendments, modifications and revisions thereto, and all

2  COMMUNICATIONS relating thereto.

3

4  REQUEST FOR PRODUCTION NO. 92:

5       All DOCUMENTS RELATING TO any payments of money or the

6  transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

7

8  REQUEST FOR PRODUCTION NO. 93:

9       All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated agreement or contract between YOU or MGA and

11  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

12  including without limitation all drafts thereof and amendments, modifications and

13  revisions thereto, and all COMMUNICATIONS relating thereto.

14

15  REQUEST FOR PRODUCTION NO. 94:

16       All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated agreement or contract between YOU or MGA and

18  David Dees or his FAMILY MEMBERS, including without limitation all drafts

19  thereof and amendments, modifications and revisions thereto, and all

20  COMMUNICATIONS relating thereto.

21

22  REQUEST FOR PRODUCTION NO. 95:

23       All DOCUMENTS RELATING TO any payments of money or the

24  transfer of anything of value to David Dees or her FAMILY MEMBERS.

25

26  REQUEST FOR PRODUCTION NO. 96:

27       All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated agreement or contract between YOU or MGA and Steve

1   Linker, including without limitation all drafts thereof and amendments,

2   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

3

4   REQUEST FOR PRODUCTION NO. 97:

5           All DOCUMENTS RELATING TO any actual, potential, proposed,

6   considered or contemplated agreement or contract between YOU or MGA and Liz

7   Hogan, including without limitation all drafts thereof and amendments,

8   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

9

10  REQUEST FOR PRODUCTION NO. 98:

11          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

12  created, authored, conceived of or reduced to practice prior to December 31, 2001

13  by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

14  whether alone or jointly with others, in which YOU or MGA have purported at any

15  time to purchase, acquire or own any right, title or interest (whether in whole or in

16  part).

17

18  REQUEST FOR PRODUCTION NO. 99:

19          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

20  created, authored, conceived of or reduced to practice prior to December 31, 2001

21  by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

22  purported at any time to purchase, acquire or own any right, title or interest (whether

23  in whole or in part).

24

25  REQUEST FOR PRODUCTION NO. 100:

26          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

27  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

28  Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

EXHIBIT __4__

PAGE __74__

07209/2142932.1

-30-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   have purported at any time to purchase, acquire or own any right, title or interest

2   (whether in whole or in part).

3

4   REQUEST FOR PRODUCTION NO. 101:

5        All DOCUMENTS RELATING TO DESIGNS produced, prepared,

6   created, authored, conceived of or reduced to practice by Elise Cloonan, whether

7   alone or jointly with others, in which YOU or MGA have purported at any time to

8   purchase, acquire or own any right, title or interest (whether in whole or in part).

9

10   REQUEST FOR PRODUCTION NO. 102:

11        All DOCUMENTS prepared, written, transmitted or received (whether

12   in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

13

14   REQUEST FOR PRODUCTION NO. 103:

15        All DOCUMENTS RELATING TO ANGEL RELATING TO any time

16   prior to January 1, 2001 (regardless of when such document was prepared, written,

17   transmitted or received, whether in whole or in part).

18

19   REQUEST FOR PRODUCTION NO. 104:

20        All DOCUMENTS, including without limitation all

21   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

22   any agreement or contract between Margaret Hatch (also known as Margaret Leahy

23   and/or Margaret Hatch-Leahy) and MATTEL.

24

25   REQUEST FOR PRODUCTION NO. 105:

26        All DOCUMENTS, including without limitation all

27   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

28   any agreement or contract between Kami Gillmour and MATTEL.

EXHIBIT 4

PAGE 76

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 106:

2       All DOCUMENTS, including without limitation all

3  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4  any agreement or contract between Paula Garcia and MATTEL.

5

6  REQUEST FOR PRODUCTION NO. 107:

7       All DOCUMENTS, including without limitation all

8  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

9  any agreement or contract between Mercedeh Ward and MATTEL.

10

11 REQUEST FOR PRODUCTION NO. 108:

12      All DOCUMENTS, including without limitation all

13 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

14 any agreement or contract between Jessie Ramirez and MATTEL.

15

16 REQUEST FOR PRODUCTION NO. 109:

17      All DOCUMENTS, including without limitation all

18 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

19 any agreement or contract between Billy Ragsdale and MATTEL.

20

21

22 REQUEST FOR PRODUCTION NO. 110:

23      All DOCUMENTS, including without limitation all

24 COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25 any agreement or contract between Wendy Ragsdale and MATTEL.

26

27

28

1   REQUEST FOR PRODUCTION NO. 111:

2          All DOCUMENTS, including without limitation all

3   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4   any agreement or contract between Veronica Marlow and MATTEL.

5

6   REQUEST FOR PRODUCTION NO. 112:

7          To the extent not covered by other Requests, all DOCUMENTS,

8   including without limitation all COMMUNICATIONS between YOU or MGA and

9   any PERSON, RELATING TO any agreement or contract between MATTEL, on

10  the one hand, and any former employee of MATTEL who has been hired,

11  considered, solicited or interviewed for any position or potential position or

12  employment by YOU or MGA.

13

14  REQUEST FOR PRODUCTION NO. 113:

15         All COMMUNICATIONS between YOU or MGA and Anne Wang.

16

17  REQUEST FOR PRODUCTION NO. 114:

18         All DOCUMENTS, including without limitation all

19  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20  Anne Wang.

21

22  REQUEST FOR PRODUCTION NO. 115:

23         All DOCUMENTS, including without limitation all

24  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25  Brooke Gilbert.

26

27

28

EXHIBIT ___4___

PAGE ___77___

-33-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    <u>REQUEST FOR PRODUCTION NO. 116</u>:

2        All COMMUNICATIONS between YOU or MGA and BRYANT

3    RELATING TO MATTEL or any officer, director, employee or representative of

4    MATTEL.

5

6    <u>REQUEST FOR PRODUCTION NO. 117</u>:

7        All declarations, affidavits and other sworn written statements of any

8    other type or form by any PERSON RELATING TO BRATZ (other than those

9    previously filed and served in this ACTION), including all such declarations,

10    affidavits and other sworn written statements of any other type or form by or on

11    behalf of YOU.

12

13    <u>REQUEST FOR PRODUCTION NO. 118</u>:

14        All transcripts and video and/or audio recordings of statements made

15    by any PERSON under oath, including without limitation all deposition transcripts,

16    trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

17    those taken in this ACTION when MATTEL's counsel was in attendance),

18    including all such transcripts and video and/or audio recordings of statements by or

19    on behalf of YOU.

20

21    <u>REQUEST FOR PRODUCTION NO. 119</u>:

22        All declarations, affidavits and other sworn written statements of any

23    other type or form by any PERSON RELATING TO ANGEL (other than those

24    previously filed and served in this ACTION), including all such declarations,

25    affidavits and other sworn written statements of any other type or form by or on

26    behalf of YOU.

27

28

REQUEST FOR PRODUCTION NO. 120:

All transcripts and video and/or audio recordings of statements made by any PERSON under oath, including without limitation all deposition transcripts, trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than those taken in this ACTION when Mattel's counsel was in attendance), including all such declarations, affidavits and other sworn written statements of any other type or form by or on behalf of YOU.

REQUEST FOR PRODUCTION NO. 121:

All DOCUMENTS RELATING TO the litigation encaptioned *The Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

REQUEST FOR PRODUCTION NO. 122:

All DOCUMENTS seen, viewed or reviewed by YOU at any time in preparation for the deposition of YOU that was taken in this ACTION on July 18, 2006.

REQUEST FOR PRODUCTION NO. 123:

All DOCUMENTS RELATING TO any and all arbitrations and suits between YOU and Farhad Larian.

REQUEST FOR PRODUCTION NO. 124:

All DOCUMENTS filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad Larian against YOU, including without limitation all declarations, affidavits, transcripts, video and/or audio recordings and sworn testimony given by any PERSON in such suit or arbitration proceedings.

1  REQUEST FOR PRODUCTION NO. 125:

2         All DOCUMENTS RELATING TO any and all settlements resolutions

3  or compromises of any suit and/or arbitration proceedings between YOU and Farhad

4  Larian.

5

6  REQUEST FOR PRODUCTION NO. 126:

7         All contracts or agreements between YOU or MGA and Farhad Larian.

8

9  REQUEST FOR PRODUCTION NO. 127:

10        All COMMUNICATIONS RELATING TO BRATZ between YOU or

11  MGA and Farhad Larian.

12

13  REQUEST FOR PRODUCTION NO. 128:

14        All DOCUMENTS RELATING TO COMMUNICATIONS between

15  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

16  without limitation all diaries, notes, calendars, logs, phone records and letters, that

17  reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 129:

21        All COMMUNICATIONS RELATING TO BRYANT between YOU

22  or MGA and Farhad Larian.

23

24  REQUEST FOR PRODUCTION NO. 130:

25        All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

27  including without limitation all diaries, notes, calendars, logs, phone records and

28

EXHIBIT __4__

PAGE __80__

-36-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

07209/2142932.1

1   letters, that reflect, record or memorialize or otherwise RELATING TO any such

2   COMMUNICATIONS.

3

4   <u>REQUEST FOR PRODUCTION NO. 131</u>:

5          All DOCUMENTS RELATING TO any and all payments or transfer of

6   anything of value that YOU or MGA have made, have offered or proposed to make

7   or have promised or agreed to make, to or for the benefit of Farhad Larian or his

8   FAMILY MEMBERS at any time since January 1, 2001.

9

10  <u>REQUEST FOR PRODUCTION NO. 132</u>:

11         All contracts or agreements between YOU or MGA and Morad Zarabi.

12

13  <u>REQUEST FOR PRODUCTION NO. 133</u>:

14         All COMMUNICATIONS RELATING TO BRATZ between YOU or

15  MGA and Morad Zarabi.

16

17  <u>REQUEST FOR PRODUCTION NO. 134</u>:

18         All DOCUMENTS RELATING TO COMMUNICATIONS between

19  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

20  without limitation all diaries, notes, calendars, logs, phone records and letters, that

21  reflect, record or memorialize or otherwise RELATING TO any such

22  COMMUNICATIONS.

23

24  <u>REQUEST FOR PRODUCTION NO. 135</u>:

25         All COMMUNICATIONS RELATING TO BRYANT between YOU

26  or MGA and Morad Zarabi.

27

28