1  REQUEST FOR PRODUCTION NO. 136:

2        All DOCUMENTS RELATING TO COMMUNICATIONS between

3  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

4  including without limitation all diaries, notes, calendars, logs, phone records and

5  letters, that reflect, record or memorialize or otherwise RELATING TO any such

6  COMMUNICATIONS.

7

8  REQUEST FOR PRODUCTION NO. 137:

9        All DOCUMENTS RELATING TO any and all payments or transfer of

10  anything of value that YOU or MGA have made, have offered or proposed to make

11  or have promised or agreed to make, to or for the benefit of Morad Zarabi or his

12  FAMILY MEMBERS at any time since January 1, 2001.

13

14  REQUEST FOR PRODUCTION NO. 138:

15        All DOCUMENTS RELATING TO any and all payments or transfers

16  of anything of value that YOU or MGA have made, have offered or proposed to

17  make or have promised or agreed to make, to or for the benefit of BRYANT or his

18  FAMILY MEMBERS.

19

20  REQUEST FOR PRODUCTION NO. 139:

21        All DOCUMENTS RELATING TO any and all payments or transfers

22  of anything of value that YOU or MGA have made, have offered or proposed to

23  make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

24  her FAMILY MEMBERS.

25

26  REQUEST FOR PRODUCTION NO. 140:

27        All DOCUMENTS RELATING TO any and all payments or transfers

28  of anything of value that YOU or MGA have made, have offered or proposed to

EXHIBIT **4**

PAGE **82**

-38-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1   make or have promised or agreed to make, to or for the benefit of Margaret Hatch

2   (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

3   MEMBERS.

4

5   REQUEST FOR PRODUCTION NO. 141:

6        All DOCUMENTS RELATING TO any and all payments or transfers

7   of anything of value that YOU or MGA have made, have offered or proposed to

8   make or have promised or agreed to make, to or for the benefit of Amy Meyers or

9   her FAMILY MEMBERS.

10

11   REQUEST FOR PRODUCTION NO. 142:

12        All DOCUMENTS RELATING TO any and all payments or transfers

13   of anything of value that YOU or MGA have made, have offered or proposed to

14   make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

15   her FAMILY MEMBERS at any time since January 1, 1999.

16

17   REQUEST FOR PRODUCTION NO. 143:

18        All DOCUMENTS RELATING TO any and all payments or transfers

19   of anything of value that YOU or MGA have made, have offered or proposed to

20   make or have promised or agreed to make, to or for the benefit of Maureen Mullen

21   or her FAMILY MEMBERS at any time since January 1, 1999.

22

23   REQUEST FOR PRODUCTION NO. 144:

24        All DOCUMENTS RELATING TO any and all payments or transfers

25   of anything of value that YOU or MGA have made, have offered or proposed to

26   make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

27   or her FAMILY MEMBERS.

28

1   REQUEST FOR PRODUCTION NO. 145:

2       All DOCUMENTS RELATING TO any and all payments or transfers

3   of anything of value that YOU or MGA have made, have offered or proposed to

4   make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

5   his FAMILY MEMBERS.

6

7   REQUEST FOR PRODUCTION NO. 146:

8       All DOCUMENTS RELATING TO any and all payments or transfers

9   of anything of value that YOU or MGA have made, have offered or proposed to

10  make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

11  FAMILY MEMBERS at any time since January 1, 1999.

12

13  REQUEST FOR PRODUCTION NO. 147:

14      All DOCUMENTS RELATING TO any indemnification that

15  BRYANT has sought, proposed, requested or obtained in connection with this

16  ACTION.

17

18  REQUEST FOR PRODUCTION NO. 148:

19      All DOCUMENTS RELATING TO any indemnification that Elise

20  Cloonan has sought, proposed, requested or obtained in connection with this

21  ACTION.

22

23  REQUEST FOR PRODUCTION NO. 149:

24      All DOCUMENTS RELATING TO any indemnification that Margaret

25  Hatch-Leahy has sought, proposed, requested or obtained in connection with this

26  ACTION.

27

28

REQUEST FOR PRODUCTION NO. 150:

All DOCUMENTS RELATING TO any indemnification that Veronica Marlow has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 151:

All DOCUMENTS RELATING TO any indemnification that Sarah Halpern has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 152:

All DOCUMENTS RELATING TO any indemnification that Paula Garcia (also known as Paula Treantafellas) has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 153:

To the extent not covered by other Requests, all DOCUMENTS RELATING TO any indemnification that any PERSON has sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 154:

All DOCUMENTS RELATING TO any indemnification that YOU or MGA have sought, proposed, requested or obtained in connection with this ACTION.

REQUEST FOR PRODUCTION NO. 155:

All COMMUNICATIONS between YOU or MGA and Universal Commerce Corp., Ltd. prior to June 1, 2001.

EXHIBIT **4**

PAGE **86**

1  REQUEST FOR PRODUCTION NO. 156:

2         All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

3  were prepared, authored or created by MATTEL, that BRYANT has ever provided

4  to, shown, described to, communicated to or disclosed in any manner to YOU or

5  MGA.

6

7  REQUEST FOR PRODUCTION NO. 157:

8         All COMMUNICATIONS between YOU or MGA and BRYANT prior

9  to January 1, 2001, including without limitation all diaries, notes, calendars, logs,

10  phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 158:

14         All COMMUNICATIONS between YOU or MGA and Elise Cloonan

15  that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

16  including without limitation all diaries, notes, calendars, logs, phone records and

17  letters, that reflect, record or memorialize or otherwise RELATING TO any such

18  COMMUNICATIONS.

19

20  REQUEST FOR PRODUCTION NO. 159:

21         All COMMUNICATIONS between YOU or MGA and Elise Cloonan

22  prior to June 11, 2002, including without limitation all diaries, notes, calendars,

23  logs, phone records and letters, that reflect, record or memorialize or otherwise

24  RELATING TO any such COMMUNICATIONS.

25

26  REQUEST FOR PRODUCTION NO. 160:

27         All COMMUNICATIONS between YOU or MGA and Veronica

28  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

07209/2142932.1

EXHIBIT   4

PAGE   86

-42-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  calendars, logs, phone records and letters, that reflect, record or memorialize or

2  otherwise RELATING TO any such COMMUNICATIONS.

3

4  REQUEST FOR PRODUCTION NO. 161:

5          All COMMUNICATIONS between YOU or MGA and Mercedeh

6  Ward prior to November 6, 2000, including without limitation all diaries, notes,

7  calendars, logs, phone records and letters, that reflect, record or memorialize or

8  otherwise RELATING TO any such COMMUNICATIONS.

9

10  REQUEST FOR PRODUCTION NO. 162:

11          All COMMUNICATIONS between YOU or MGA and Margaret Hatch

12  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to January 1,

13  2001, including without limitation all diaries, notes, calendars, logs, phone records

14  and letters, that reflect, record or memorialize or otherwise RELATING TO any

15  such COMMUNICATIONS.

16

17  REQUEST FOR PRODUCTION NO. 163:

18          All COMMUNICATIONS between YOU or MGA and Anna Rhee

19  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

20  logs, phone records and letters, that reflect, record or memorialize or otherwise

21  RELATING TO any such COMMUNICATIONS.

22

23  REQUEST FOR PRODUCTION NO. 164:

24          All COMMUNICATIONS between Veronica Marlow and Anna Rhee

25  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

26  logs, phone records and letters, that reflect, record or memorialize or otherwise

27  RELATING TO any such COMMUNICATIONS.

28

1  REQUEST FOR PRODUCTION NO. 165:

2          All COMMUNICATIONS between YOU or MGA and Sarah Halpern

3  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

4  logs, phone records and letters, that reflect, record or memorialize or otherwise

5  RELATING TO any such COMMUNICATIONS.

6

7  REQUEST FOR PRODUCTION NO. 166:

8          All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

9  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

10  logs, phone records and letters, that reflect, record or memorialize or otherwise

11  RELATING TO any such COMMUNICATIONS.

12

13  REQUEST FOR PRODUCTION NO. 167:

14          Any personnel or vendor file that YOU created, control, or maintain

15  concerning BRYANT.

16

17  REQUEST FOR PRODUCTION NO. 168:

18          Any personnel file that YOU created, control, or maintain concerning

19  Paula Garcia (also known as Paula Treantafellas).

20

21  REQUEST FOR PRODUCTION NO. 169:

22          Any personnel file that YOU created, control, or maintain concerning

23  Mercedeh Ward.

24

25  REQUEST FOR PRODUCTION NO. 170:

26          Any personnel or vendor file that YOU created, control, or maintain

27  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

28  Leahy).

REQUEST FOR PRODUCTION NO. 171:

    Any personnel or vendor file that YOU created, control, or maintain concerning Veronica Marlow.

REQUEST FOR PRODUCTION NO. 172:

    Any personnel or vendor file that YOU created, control, or maintain concerning Anna Rhee.

REQUEST FOR PRODUCTION NO. 173:

    Any personnel or vendor file that YOU created, control, or maintain concerning Jessie Ramirez.

REQUEST FOR PRODUCTION NO. 174:

    Any personnel file that YOU created, control, or maintain concerning Shirin Salemnia.

REQUEST FOR PRODUCTION NO. 175:

    DOCUMENTS sufficient to show the relationship, whether by blood or marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on the one hand, and Shirin Salemnia.

REQUEST FOR PRODUCTION NO. 176:

    Any personnel file that YOU created, control, or maintain concerning Victoria O'Connor.

REQUEST FOR PRODUCTION NO. 177:

    Any personnel file that YOU created, control, or maintain concerning Farhad Larian.

1  REQUEST FOR PRODUCTION NO. 178:

2          All DOCUMENTS RELATING TO, including without limitation

3  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4  time period from January 1, 1998 through January 1, 2001.

5

6  REQUEST FOR PRODUCTION NO. 179:

7          All DOCUMENTS RELATING TO, including without limitation

8  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

9  time period from January 1, 1998 through January 1, 2001 RELATING TO BRATZ

10 and/or ANGEL.

11

12 REQUEST FOR PRODUCTION NO. 180:

13         All DOCUMENTS RELATING TO, including without limitation

14 phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

15 time period from April 1, 2004 through June 1, 2004.

16

17 REQUEST FOR PRODUCTION NO. 181:

18         All DOCUMENTS RELATING TO, including without limitation

19 phone records for, telephone calls RELATING TO BRYANT by or to YOU or

20 anyone on YOUR behalf at any time.

21

22 REQUEST FOR PRODUCTION NO. 182:

23         All DOCUMENTS that RELATING TO any actual, proposed,

24 contemplated, considered or potential copyright, patent or any other application or

25 registration for BRATZ or any BRATZ DESIGN, including without limitation all

26 COMMUNICATIONS pertaining thereto.

27

28

EXHIBIT 4

PAGE 90

-46-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 183:

2         All DOCUMENTS RELATING TO any actual, proposed,

3  contemplated, considered or potential copyright, patent or any other application or

4  registration for ANGEL or any ANGEL DESIGN, including without limitation all

5  COMMUNICATIONS pertaining thereto.

6

7  REQUEST FOR PRODUCTION NO. 184:

8         All doll heads, sculpts, prototypes, models, samples and tangible items

9  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

10 or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

11

12 REQUEST FOR PRODUCTION NO. 185:

13        All doll heads, sculpts, prototypes, models, samples and tangible items

14 that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

15 BRYANT produced, created, authored, conceived of or reduced to practice, whether

16 alone or jointly with others, prior to January 1, 2001.

17

18 REQUEST FOR PRODUCTION NO. 186:

19        All DOCUMENTS RELATING TO the exhibition or showing of

20 BRATZ at the Hong Kong Toy Fair in January 2001.

21

22 REQUEST FOR PRODUCTION NO. 187:

23        All DOCUMENTS RELATING TO the exhibition or showing of

24 BRATZ at the Tokyo Toy Fair in or about February 2001.

25

26 REQUEST FOR PRODUCTION NO. 188:

27        All DOCUMENTS RELATING TO the exhibition of BRATZ at the

28 New York Toy Fair in or about February 2001.

1

2  REQUEST FOR PRODUCTION NO. 189:

3         To the extent not covered by other Requests, all DOCUMENTS

4  RELATING TO the exhibition of BRATZ at any toy fair at any time prior to

5  December 31, 2001.

6

7  REQUEST FOR PRODUCTION NO. 190:

8         All COMMUNICATIONS between YOU and any stock analyst,

9  investment analyst, investment bank, institutional lender, or venture capital fund

10  RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

11

12  REQUEST FOR PRODUCTION NO. 191:

13         All COMMUNICATIONS between YOU and any member of the press

14  RELATING TO BRATZ, including without limitation RELATING TO the origins,

15  conception, creation, DESIGN or development thereof.

16

17  REQUEST FOR PRODUCTION NO. 192:

18         All COMMUNICATIONS between YOU and any member of the press

19  RELATING TO BRYANT since January 1, 1999.

20

21  REQUEST FOR PRODUCTION NO. 193:

22         All COMMUNICATIONS between YOU and any member of the press

23  RELATING TO this ACTION.

24

25  REQUEST FOR PRODUCTION NO. 194:

26         All COMMUNICATIONS between YOU and any member of the press

27  RELATING TO MATTEL since January 1, 1999.

28

REQUEST FOR PRODUCTION NO. 195:

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO BRYANT since January 1, 1999.

REQUEST FOR PRODUCTION NO. 196:

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO this ACTION.

REQUEST FOR PRODUCTION NO. 197:

All DOCUMENTS RELATING TO any statements made by YOU to any stock analyst, investment analyst, investment bank, institutional lender, or venture capital fund RELATING TO MATTEL since January 1, 1999.

REQUEST FOR PRODUCTION NO. 198:

All COMMUNICATIONS between YOU and any individual while the individual was employed by MATTEL.

REQUEST FOR PRODUCTION NO. 199:

All DOCUMENTS RELATING TO publicity by YOU or MGA RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999, including but not limited to advertising, media releases, and public relations material.

1  REQUEST FOR PRODUCTION NO. 200:

2          All DOCUMENTS RELATING TO any effort by YOU or MGA to

3  recruit employees or contractors who have been or are employed by or who have

4  worked for MATTEL since January 1, 1999, including but not limited to

5  advertising, media releases, brochures, articles, catalogs, handbooks, and public

6  relations material.

7

8  REQUEST FOR PRODUCTION NO. 201:

9          All DOCUMENTS RELATING TO the hiring, engagement, or

10  retention by YOU or MGA of any current or former MATTEL employee or

11  contractor since January 1, 1999, including but not limited to all employment

12  agreements and agreements RELATING TO confidentiality or the invention,

13  authorship, or ownership of any concept or product.

14

15  REQUEST FOR PRODUCTION NO. 202:

16          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

17  receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18  deletion or use of any DOCUMENTS or DIGITAL INFORMATION, including but

19  not limited to any compilation of information, that was prepared, made, created,

20  generated, assembled or compiled by or for MATTEL and that was not publicly

21  available at the time of YOUR receipt of such DOCUMENT or DIGITAL

22  INFORMATION.

23

24  REQUEST FOR PRODUCTION NO. 203:

25          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

26  knowledge of any MATTEL product prior to the time that such product had been

27  announced or disclosed by MATTEL to retailers or the public.

28

EXHIBIT  4

PAGE  94

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    REQUEST FOR PRODUCTION NO. 204:

2            All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

3    knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,

4    or created by any PERSON employed by or under contract with MATTEL at the

5    time of the DESIGN's creation, that was not manufactured for sale or placed into the

6    retail market.

7

8    REQUEST FOR PRODUCTION NO. 205:

9            All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

10   receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

11   deletion or use of any MATTEL line list or other DOCUMENT prepared by

12   MATTEL identifying MATTEL products in the planning, design or development

13   phase.

14

15   REQUEST FOR PRODUCTION NO. 206:

16           All DOCUMENTS, since January 1, 1999, RELATING TO MGA's

17   receipt, reproduction, copying, storage, transmission, transfer, retention, destruction,

18   deletion or use of any MATTEL line list or other DOCUMENT prepared by

19   MATTEL identifying MATTEL products in the planning, design or development

20   phase.

21

22   REQUEST FOR PRODUCTION NO. 207:

23           DOCUMENTS sufficient to IDENTIFY each account with any bank or

24   financial institution that YOU have or have had, or that YOU have or have had any

25   legal or beneficial interest in, since January 1, 1999.

26

27

28

EXHIBIT    4

PAGE    95

1  REQUEST FOR PRODUCTION NO. 208:

2         Documents sufficient to establish YOUR gross income, and the sources

3  of that gross income, for the years 1999 through the present, inclusive.

4

5  REQUEST FOR PRODUCTION NO. 209:

6         YOUR federal and state tax returns for each of the years 1999 through

7  the present, inclusive.

8

9  REQUEST FOR PRODUCTION NO. 210:

10        DOCUMENTS sufficient to IDENTIFY each telephone subscription

11  service account that YOU have or have had, or that YOU use or have used, since

12  January 1, 1999.

13

14  REQUEST FOR PRODUCTION NO. 211:

15        All MATTEL DOCUMENTS that BRYANT or any other PERSON

16  has shown, given, provided, summarized or otherwise communicated to YOU or

17  MGA (whether directly or indirectly) at any time since January 1, 1999.

18

19  REQUEST FOR PRODUCTION NO. 212:

20        All DOCUMENTS that YOU knew or were informed that, or ever had

21  any reason to believe, had been or were created by or originated from MATTEL,

22  other than MATTEL products that YOU or MGA purchased at retail.

23

24  REQUEST FOR PRODUCTION NO. 213:

25        All COMMUNICATIONS between YOU and any PERSON

26  RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

27  INFORMATION between January 1, 1999 and the present.

28

07209/2142932.1

EXHIBIT 4
PAGE 96

-52-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1    REQUEST FOR PRODUCTION NO. 214:

2           All DOCUMENTS RELATING TO any facts underlying any of

3    YOUR defenses in this ACTION.

4

5    REQUEST FOR PRODUCTION NO. 215:

6           All doll heads, sculpts, prototypes, models, samples and tangible items

7    RELATING TO any facts underlying any of YOUR defenses in this ACTION.

8

9    REQUEST FOR PRODUCTION NO. 216:

10          All DOCUMENTS RELATING TO any facts underlying the claims for

11   relief in MATTEL's Complaint (including without limitation its Counterclaims)

12   against YOU or any other PERSON in this ACTION.

13

14   REQUEST FOR PRODUCTION NO. 217:

15          All doll heads, sculpts, prototypes, models, samples and tangible items

16   RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

17   (including without limitation its Counterclaims) against YOU or any other PERSON

18   in this ACTION.

19

20   REQUEST FOR PRODUCTION NO. 218:

21          All DOCUMENTS RELATING TO any testing of or sampling from

22   any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

23   limitation any such testing or sampling in connection with any ink, paper or

24   chemical analysis to date any such DOCUMENTS and including without limitation

25   all results and reports relating thereto.

26

27

28

EXHIBIT    4

PAGE    97

1   <u>REQUEST FOR PRODUCTION NO. 219</u>:

2          All DOCUMENTS RELATING TO YOUR knowledge of any testing

3   of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

4

5   <u>REQUEST FOR PRODUCTION NO. 220</u>:

6          All DOCUMENTS RELATING TO Erich Speckin.

7

8   <u>REQUEST FOR PRODUCTION NO. 221</u>:

9          All DOCUMENTS RELATING TO YOUR payment of, or offer,

10   promise or agreement to pay, fees or costs in connection with the representation of

11   or provision of legal advice or legal services to any PERSON who is not, as of June

12   8, 2007, an MGA employee, including without limitation all contracts and

13   agreements RELATING thereto, the amounts YOU have so paid or agreed to pay to

14   such PERSON and the dates on which such payments were made.

15

16   <u>REQUEST FOR PRODUCTION NO. 222</u>:

17          Each STORAGE DEVICE that YOU have used to create, prepare,

18   generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION

19   RELATING TO BRATZ, ANGEL or BRYANT.

20

21   <u>REQUEST FOR PRODUCTION NO. 223</u>:

22          DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that

23   YOU have used to create, prepare, generate, copy, transmit, receive, delete or

24   modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or

25   BRYANT.

26

27

28

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 224:

All DOCUMENTS RELATING TO the purchase, acquisition, installation, transfer, shipment, destruction or disposition of each STORAGE DEVICE that YOU have used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or BRYANT.

REQUEST FOR PRODUCTION NO. 225:

Each STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL or MGA.

REQUEST FOR PRODUCTION NO. 226:

DOCUMENTS sufficient to IDENTIFY each STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU or MGA.

REQUEST FOR PRODUCTION NO. 227:

All DOCUMENTS RELATING TO the purchase, acquisition, installation, transfer, shipment, destruction or disposition of each STORAGE DEVICE that BRYANT has used to create, prepare, generate, copy, transmit, receive, delete or modify any DIGITAL INFORMATION RELATING TO BRATZ, ANGEL, YOU or MGA.

REQUEST FOR PRODUCTION NO. 228:

All DOCUMENTS RELATING TO the purchase, acquisition, installation, transfer, shipment, destruction or disposition of each STORAGE

1   DEVICE that BRYANT has used to create, prepare, generate, copy, transmit,

2   receive, delete or modify any DIGITAL INFORMATION.

3

4   REQUEST FOR PRODUCTION NO. 229:

5          DOCUMENTS sufficient to identify by product name, product number

6   and SKU each BRATZ PRODUCT including without limitation each BRATZ

7   DOLL, sold by MGA or its licensees.

8

9   REQUEST FOR PRODUCTION NO. 230:

10         DOCUMENTS sufficient to show the number of units of each BRATZ

11  DOLL sold by MGA or its licensees.

12

13  REQUEST FOR PRODUCTION NO. 231:

14         DOCUMENTS sufficient to show the revenue received by YOU from

15  the sale of each BRATZ DOLL sold by MGA or its licensees.

16

17  REQUEST FOR PRODUCTION NO. 232:

18         DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

19  and other costs for each BRATZ DOLL sold by MGA or its licensees.

20

21  REQUEST FOR PRODUCTION NO. 233:

22         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

23  YOUR profits from the sale of each BRATZ DOLL sold by MGA or its licensees.

24

25  REQUEST FOR PRODUCTION NO. 234:

26         For each customer to whom YOU or YOUR licensees have ever sold

27  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

28  such BRATZ DOLL sold by MGA or its licensees to that customer.

1   REQUEST FOR PRODUCTION NO. 235:

2            For each customer to whom YOU or YOUR licensees have ever sold

3   any BRATZ DOLL, documents sufficient to show the revenue received by YOU

4   from each such BRATZ DOLL sold by MGA or its licensees to that customer.

5

6   REQUEST FOR PRODUCTION NO. 236:

7            For each customer to whom YOU or YOUR licensees have ever sold

8   any BRATZ DOLL, documents sufficient to show YOUR profits from each such

9   BRATZ DOLL sold by MGA or its licensees to that customer.

10

11  REQUEST FOR PRODUCTION NO. 237:

12           DOCUMENTS sufficient to show customer returns to YOU of BRATZ

13  DOLLS sold or distributed by MGA or its licensees.

14

15  REQUEST FOR PRODUCTION NO. 238:

16           DOCUMENTS sufficient to show customer rebates or credits given by

17  MGA or its licensees to customers in connection with BRATZ DOLLS.

18

19  REQUEST FOR PRODUCTION NO. 239:

20           DOCUMENTS sufficient to show, by product number or SKU, the

21  number of units of each BRATZ DOLL sold by MGA or its licensees.

22

23  REQUEST FOR PRODUCTION NO. 240:

24           DOCUMENTS sufficient to show, by product number or SKU, the

25  revenue received by YOU from the sale of each BRATZ DOLL sold by MGA or its

26  licensees.

27

28

EXHIBIT   4

PAGE   101

07209/2142932.1

-57-

1  REQUEST FOR PRODUCTION NO. 241:

2        DOCUMENTS sufficient to show, by product number or SKU, YOUR

3  cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by MGA

4  or its licensees.

5

6  REQUEST FOR PRODUCTION NO. 242:

7        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

8  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

9  sold by MGA or its licensees.

10

11  REQUEST FOR PRODUCTION NO. 243:

12        For each customer to whom YOU or YOUR licensees have ever sold

13  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

14  the number of units of each such BRATZ DOLL sold by MGA or its licensees to

15  that customer.

16

17  REQUEST FOR PRODUCTION NO. 244:

18        For each customer to whom YOU or YOUR licensees have ever sold

19  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

20  the revenue received by YOU from each such BRATZ DOLL sold by MGA or its

21  licensees to that customer.

22

23  REQUEST FOR PRODUCTION NO. 245:

24        For each customer to whom YOU or YOUR licensees have ever sold

25  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26  YOUR profits from each such BRATZ DOLL sold by MGA or its licensees to that

27  customer.

28

07209/2142932.1

EXHIBIT 4

PAGE 102

-58-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

REQUEST FOR PRODUCTION NO. 246:

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by MGA or its licensees of BRATZ DOLLS including, without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

REQUEST FOR PRODUCTION NO. 247:

DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 248:

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 249:

DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 250:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 251:

DOCUMENTS sufficient to IDENTIFY all customers to whom MGA or its licensees have ever sold any BRATZ PRODUCT.

REQUEST FOR PRODUCTION NO. 252:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 253:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, documents sufficient to show the revenue received by YOU from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 254:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, documents sufficient to show YOUR profits from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 255:

DOCUMENTS sufficient to show customer returns to MGA of BRATZ PRODUCTS sold or distributed by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 256:

DOCUMENTS sufficient to show customer rebates and credits given by MGA or its licensees to customers in connection with BRATZ PRODUCTS.

REQUEST FOR PRODUCTION NO. 257:

DOCUMENTS sufficient to show, by product number or SKU, the number of units of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 258:

DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 259:

DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 260:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR or MGA's profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by MGA or its licensees.

REQUEST FOR PRODUCTION NO. 261:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

REQUEST FOR PRODUCTION NO. 262:

For each customer to whom MGA or its licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

EXHIBIT 4

PAGE 105

07209/2142932.1

-61-

1  REQUEST FOR PRODUCTION NO. 263:

2      DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ

4  PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales

5  revenue, costs of goods sold, variable costs, gross margins, royalties paid and

6  received, gross profits and nets profits.

7

8  REQUEST FOR PRODUCTION NO. 264:

9      DOCUMENTS sufficient to show the revenue and profits derived by

10 YOU or MGA from BRATZ MOVIES including, without limitation,

11 DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

12 gross margins, royalties paid and received, gross profits and net profits.

13

14 REQUEST FOR PRODUCTION NO. 265:

15     DOCUMENTS sufficient to show the revenue and profits derived by

16 YOU or MGA from BRATZ TELEVISION SHOWS including, without limitation,

17 DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

18 gross margins, royalties paid and received, gross profits and net profits.

19

20 REQUEST FOR PRODUCTION NO. 266:

21     All quarterly and annual profit and loss statements for BRATZ.

22

23 REQUEST FOR PRODUCTION NO. 267:

24     All sales, profit and cash flow projections or forecasts for BRATZ

25 DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

26 SHOWS.

27

28

EXHIBIT 4

PAGE 106

-62-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

1  REQUEST FOR PRODUCTION NO. 268:

2         All DOCUMENTS that REFER OR RELATE TO the value of the

3  BRATZ brand.

4

5  REQUEST FOR PRODUCTION NO. 269:

6         DOCUMENTS sufficient to show or calculate YOUR net worth on a

7  yearly basis for each year from 1999 to the present.

8

9  REQUEST FOR PRODUCTION NO. 270:

10         All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11  the BRATZ DOLL's share of the fashion doll market including, without limitation,

12  the extent to which Bratz has been or is gaining or losing market share in the fashion

13  doll market.

14

15  REQUEST FOR PRODUCTION NO. 271:

16         DOCUMENTS sufficient to show each of YOUR position(s), titles and

17  functions with and relationship to MGA, including without limitation with or to

18  MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.

19

20  REQUEST FOR PRODUCTION NO. 272:

21         All DOCUMENTS RELATING TO the ownership of MGA

22  Entertainment HK Limited.

23

24

25

26

27

28

1   REQUEST FOR PRODUCTION NO. 273:

2   All DOCUMENTS RELATING TO the ownership of MGAE de

3   Mexico, S.r.l. de C.V.

4

5   REQUEST FOR PRODUCTION NO. 274:

6   An electronic copy of each DOCUMENT that YOU have produced in

7   this action, or that is responsive to these Requests, that is or was created, prepared,

8   generated, maintained or transmitted in digital form.

9

10  REQUEST FOR PRODUCTION NO. 275:

11   The metadata for each DOCUMENT that YOU have produced in this

12  action, or that is responsive to these Requests, that is or was created, prepared,

13  generated, maintained or transmitted in digital form.

14

15  REQUEST FOR PRODUCTION NO. 276:

16   To the extent not produced in response to any other Request for

17  Production, all DOCUMENTS and tangible things upon which YOU intend to rely

18  in this ACTION.

19

20  DATED:  June 13, 2007   QUINN EMANUEL URQUHART OLIVER &
            HEDGES, LLP
21

22

23       By *Michael T. Zeller/*

24       Michael T. Zeller
        Attorneys for Mattel, Inc.

25

26

27

28

07209/2142932.1

EXHIBIT  4

PAGE  108

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO ISAAC LARIAN

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN** on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christa M. Anderson, Esq.
KEKER & VAN NEST, LLP
710 Sansome Street
San Francisco, California  94111

**BY MAIL:**  I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 13, 2007, at Los Angeles, California.

*Elaine Chavarria*
Elaine Chavarria

EXHIBIT  4

PAGE  109

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On June 13, 2007, I served true copies of the following document(s) described as **MATTEL, INC'.S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO ISAAC LARIAN** on the parties in this action as follows:

Diana M. Torres, Esq.
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, California 90071

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 13, 2007, at Los Angeles, California.

_DAVE QUINTANA_

EXHIBIT 4

PAGE 110

**Exhibit 5**

CALENDARED
RECEIVED

AUG 0 9 2007

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   WILLIAM J. CHARRON (S.B. #220518)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5   wcharron@omm.com

6   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
7   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
8   Los Angeles, CA 90067
    Telephone: (310) 553-3000
9   Facsimile: (310) 557-9815

10  Attorneys for MGA Entertainment, Inc.

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13                    **EASTERN DIVISION**

14

15  CARTER BRYANT, an individual,          Case No. CV 04-9049 SGL (RNBx)
                                           (consolidated with 04-9059 and 05-
16                Plaintiff,               2727)

17        v.                              **Isaac Larian's Responses To Mattel,
                                          Inc.'s First Set Of Requests For
18  MATTEL, INC., a Delaware              Documents And Things**
    Corporation,
19
                  Defendant.
20

21  AND CONSOLIDATED ACTIONS

22

23

24

25

26

27

28

EXHIBIT 5

PAGE 111

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

## **PRELIMINARY STATEMENT**

Defendant Isaac Larian ("Larian") has not yet completed his investigation relating to the facts of this action and has not completed preparation for trial.  Larian makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to him and without prejudice to his right to amend or supplement his responses and to present evidence which may hereafter be discovered or become available.

Larian will respond to each request as he understands and interprets each request.  If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of Larian, Larian reserves the right to supplement his objections and responses.

By making these responses, Larian does not concede that any of the information sought by these requests is relevant or discoverable.  Larian makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve:  (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

Larian shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection.  Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and Larian reserves the right to correct the record with regard to any such information and to supplement or amend

- 2 -

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __5__

PAGE __112__

1    these responses, which supplemental or amended response shall become the

2    operative response.

3                           **<u>GENERAL OBJECTIONS</u>**

4          1.      Larian objects to each and every request on the ground that

5    production at the date and time demanded will subject Larian to unwarranted

6    oppression and undue burden and expenses.  The time set for compliance is unduly

7    burdensome, especially in light of the number of document requests, and the scope

8    and volume of the material being sought.  Larian intends to proceed expeditiously

9    to collect the documents for production, if any, and will produce them at a date and

10    time, and in such a manner, as may be mutually agreed by counsel for the parties.

11          2.      Larian objects to each request to the extent that it seeks

12    information protected from discovery by the attorney-client privilege, work-product

13    doctrine, right to privacy, or any other applicable privilege.

14          3.      Larian objects to each request to the extent that it seeks the

15    disclosure of confidential, proprietary or trade-secret information.  Should such

16    documents be otherwise responsive, Larian will produce such documents subject to

17    the terms and conditions of the protective order governing this case.

18          4.      Larian objects to each request to the extent that it seeks

19    documents in Mattel's own possession, custody or control or that are accessible to

20    Mattel from public sources or from third parties.

21          5.      Larian objects to each request to the extent that it asks for

22    documents that are not relevant to claims or defenses in this case.

23          6.      Larian objects to each and every request to the extent it purports

24    to require Larian to search all documents and things within his possession, custody

25    or control or within the possession, custody, or control of any of Larian's or MGA's

26    current or former employees, officers, directors, agents, representatives, attorneys,

27    parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-

28    in-interest, and any other person acting on his behalf, pursuant to his authority or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT _5_

PAGE _113_

1   subject to his control, on the grounds that such request is unreasonable, overbroad,

2   unduly burdensome and oppressive, violates the right of privacy, and purports to

3   require Larian to search for documents not within his possession, custody, or

4   control.  Larian will make a reasonably diligent search for responsive documents

5   within his possession, custody, or control.

6            7.        Larian objects to each and every request to the extent its seeks

7   "all documents" responsive to a certain category on the grounds that such request is

8   overbroad and unduly burdensome and oppressive.  On grounds of oppression and

9   undue burden, Larian will not respond to duplicative or cumulative requests and

10   will not re-produce documents it has already produced or produce documents that it

11   has received from Mattel or others in the course of discovery in this matter.

12            8.        Larian objects to each request to the extent it seeks documents

13   not within Larian's possession, custody, or control.

14            9.        Larian objects to the defined terms "You," "Your," and "Larian"

15   on the grounds that these terms, as defined, are overbroad, are vague and

16   ambiguous, and call for legal conclusions.

17            10.      Larian objects to the defined terms "Bratz," "Angel," "Bratz

18   Doll," "Bratz Product," "Bratz License," "Bratz Movie," and "Bratz Television

19   Show" on the grounds that these terms, as defined, are overbroad, are vague and

20   ambiguous, and call for legal conclusions.

21            11.      Larian objects to the defined term "Family Member" on the

22   grounds that this term, as defined, is overbroad, vague, and ambiguous, and calls

23   for legal conclusions.  Larian will interpret the term "Family Member" to be those

24   individuals he knows or believes to be family members of the person at issue.

25                          **SPECIFIC OBJECTIONS AND RESPONSES**

26

27   **REQUEST FOR PRODUCTION NO. 1:**

28            All DOCUMENTS prepared, drafted, written, transmitted or received

- 4 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 114

1   (whether in whole or in part) prior to December 31, 2001 RELATING TO BRATZ.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

3       Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian also specifically

8   objects to this request on the grounds that it seeks confidential, proprietary, or

9   commercially sensitive information, the disclosure of which would be inimical to

10  the business interests of Larian and one or more third parties.  Larian also objects to

11  this request to the extent it calls for the disclosure of attorney-client privileged

12  information or information protected from disclosure by the work product doctrine,

13  joint defense or common interest privilege, or other privilege.  Larian also objects

14  to this request to the extent it calls for documents that are within the possession,

15  custody or control of MGA, as opposed to Mr. Larian personally.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      All DOCUMENTS RELATING TO BRATZ and RELATING TO any

18  time prior to December 31, 2001 (regardless of when such DOCUMENT was

19  prepared, written, transmitted or received, whether in whole or in part).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

21      Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also specifically

26  objects to this request on the grounds that it seeks confidential, proprietary, or

27  commercially sensitive information, the disclosure of which would be inimical to

28  the business interests of Larian and one or more third parties.  Larian further objects

- 5 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 115

1  to this request in the grounds that it is vague and ambiguous in that Larian cannot

2  determine what is meant by the phrase "relating to Bratz and relating to any time

3  prior to December 31, 2001."  Larian also objects to this request to the extent it

4  calls for the disclosure of attorney-client privileged information or information

5  protected from disclosure by the work product doctrine, joint defense or common

6  interest privilege, or other privilege.

7  **REQUEST FOR PRODUCTION NO. 3:**

8  　　　　　All DOCUMENTS RELATING TO the origin(s), conception and

9  creation of BRATZ, including without limitation all DOCUMENTS RELATING

10  TO the timing and the method and manner in which BRATZ first came to YOUR

11  or MGA's attention.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

13  　　　　　Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence.  Larian also specifically

18  objects to this request on the grounds that it seeks confidential, proprietary, or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties.  Larian also objects to

21  this request to the extent it seeks documents not within Larian's possession,

22  custody, or control.  Larian also objects to this request to the extent it calls for the

23  disclosure of attorney-client privileged information or information protected from

24  disclosure by the work product doctrine, joint defense or common interest privilege,

25  or other privilege.

26  　　　　　Subject to the foregoing, Larian will produce any personal documents

27  that are relevant and responsive to the request, if any, and that have not already

28  been produced, that he discovers in the course of his reasonable search and diligent

- 6 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  116

1   inquiry, which are within the permissible scope of discovery, and to which no

2   privilege or other protection applies, including without limitation, the attorney-

3   client privilege or attorney's work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 4:**

5           All DOCUMENTS RELATING TO the modeling, prototyping,

6   rotocasting, sculpting or DESIGN of BRATZ at any time prior to June 30, 2001,

7   including without limitation all DOCUMENTS RELATING to the creation,

8   preparation or modification of any three-dimensional representation of BRATZ.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

10          Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also specifically

15  objects to this request on the grounds that it seeks confidential, proprietary, or

16  commercially sensitive information, the disclosure of which would be inimical to

17  the business interests of Larian and one or more third parties.  Larian also objects to

18  this request to the extent it seeks information the disclosure of which would

19  implicate the rights of third parties to protect private, confidential, proprietary or

20  trade secret information.  Larian further objects to this request in the grounds that it

21  is vague and ambiguous in that Larian cannot determine what is meant by

22  "modeling, prototyping, rotocasting, sculpting, or design of Bratz."  Larian also

23  objects to this request to the extent it seeks documents not within Larian's

24  possession, custody, or control.  Larian also objects to this request to the extent it

25  calls for the disclosure of attorney-client privileged information or information

26  protected from disclosure by the work product doctrine, joint defense or common

27  interest privilege, or other privilege.

28          Subject to the foregoing, Larian will produce any personal documents

- 7 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 117

1  that are relevant and responsive to the request, if any, and that have not already

2  been produced, that he discovers in the course of his reasonable search and diligent

3  inquiry, which are within the permissible scope of discovery, and to which no

4  privilege or other protection applies, including without limitation, the attorney-

5  client privilege or attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 5:**

7          All DOCUMENTS RELATING TO any payment or transfer of

8  anything of value made to or on behalf of BRYANT for any DESIGN that

9  BRYANT assigned or transferred to YOU or MGA prior to October 21, 2000,

10  regardless of when such payment was actually made.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the grounds that it is vague and ambiguous in that Larian cannot

18  determine what is meant by "payments made . . . on behalf of Bryant."  Larian also

19  objects to this request on the grounds that it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of Larian and one or more third parties.  Larian further objects

22  to this request to the extent it seeks information the disclosure of which would

23  implicate the rights of third parties to protect private, confidential, proprietary or

24  trade secret information.   Larian also objects to this request to the extent it calls for

25  the disclosure of attorney-client privileged information or information protected

26  from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28          Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  118

1  that are relevant and responsive to the request, if any, and that have not already

2  been produced, that he discovers in the course of his reasonable search and diligent

3  inquiry, which are within the permissible scope of discovery, and to which no

4  privilege or other protection applies, including without limitation, the attorney-

5  client privilege or attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 6:**

7            All DOCUMENTS that RELATING TO invoices submitted by

8  BRYANT to YOU or MGA prior to January 31, 2001.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10           Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties.  Larian further objects to this

18  request to the extent it seeks information the disclosure of which would implicate

19  the rights of third parties to protect private, confidential, proprietary or trade secret

20  information.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.

24           Subject to the foregoing, Larian will produce any personal documents

25  that are relevant and responsive to the request, if any, and that have not already

26  been produced, that he discovers in the course of his reasonable search and diligent

27  inquiry, which are within the permissible scope of discovery, and to which no

28  privilege or other protection applies, including without limitation, the attorney-

- 9 -

EXHIBIT 5

PAGE 119

1    client privilege or attorney's work product doctrine.

2    **REQUEST FOR PRODUCTION NO. 7:**

3          All royalty statements to or for BRYANT.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

5          Larian incorporates by reference the above-stated general objections as

6    if fully set forth herein.  Larian also specifically objects to this request on the

7    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8    information not relevant to the subject matter of this lawsuit or reasonably

9    calculated to lead to the discovery of admissible evidence.  Larian also objects to

10    this request in that it is overbroad, including without limitation, in that is it not

11    limited as to time of the royalty statements or the product or services to which those

12    royalty statements relate.  Larian also objects to this request on the grounds that it is

13    vague and ambiguous, particularly in that Larian cannot determine what is meant by

14    "royalty statements . . . for BRYANT."  Larian also objects to this request on the

15    grounds that it seeks confidential, proprietary or commercially sensitive

16    information, the disclosure of which would be inimical to the business interests of

17    Larian and one or more third parties.  Larian further objects to this request to the

18    extent it seeks information the disclosure of which would implicate the rights of

19    third parties to protect private, confidential, proprietary or trade secret information.

20    Larian also objects to this request to the extent it calls for the disclosure of attorney-

21    client privileged information or information protected from disclosure by the work-

22    product doctrine, joint defense or common interest privilege, or other privilege.

23          Subject to the foregoing, Larian will produce any personal documents

24    that are relevant and responsive to the request, if any, and that have not already

25    been produced, that he discovers in the course of his reasonable search and diligent

26    inquiry, which are within the permissible scope of discovery, and to which no

27    privilege or other protection applies, including without limitation, the attorney-

28    client privilege or attorney's work product doctrine.

EXHIBIT _5_

PAGE _120_

- 10 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **REQUEST FOR PRODUCTION NO. 8:**

2         All DOCUMENTS RELATING TO BRYANT'S participation in the

3  conception, creation, DESIGN, development, sculpting, tooling, production or

4  manufacture of BRATZ.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

6         Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.  Larian also specifically

11  objects to this request on the grounds that it seeks confidential, proprietary, or

12  commercially sensitive information, the disclosure of which would be inimical to

13  the business interests of Larian and one or more third parties.  Larian also objects to

14  this request to the extent it seeks documents not within Larian's possession, custody

15  or control.  Larian also objects to this request to the extent it calls for the disclosure

16  of attorney-client privileged information or information protected from disclosure

17  by the work product doctrine, joint defense or common interest privilege, or other

18  privilege.

19         Subject to the foregoing, Larian will produce any personal documents

20  that are relevant and responsive to the request, if any, and that have not already

21  been produced, that he discovers in the course of his reasonable search and diligent

22  inquiry, which are within the permissible scope of discovery, and to which no

23  privilege or other protection applies, including without limitation, the attorney-

24  client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 9:**

26         All DOCUMENTS RELATING TO COMMUNICATIONS between

27  YOU or MGA and BRYANT and RELATING TO the period prior to December

28  31, 2001 (regardless of when such document was prepared, written, transmitted or

- 11 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  121

1  received, whether in whole or in part), including without limitation all diaries,

2  notes, calendars, logs, phone records and letters, that reflect, record or memorialize

3  or otherwise RELATING TO any such COMMUNICATIONS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

5       Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably

9  calculated to lead to the discovery of admissible evidence.  Larian also specifically

10  objects to this request on the grounds that it is overbroad, unduly burdensome, and

11  oppressive in that it seeks all documents relating to communications between

12  Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

13  also objects to this request on the grounds that it is overbroad, unduly burdensome

14  and oppressive including, without limitation, in potentially extending to

15  communications that Bryant may have had with any of MGA's hundreds of

16  employees, agents or representatives, and regardless of whether any such

17  communication is related in any way to the subject matter of this lawsuit, MGA, or

18  MGA's business.  Larian also objects to this request on the grounds that it seeks

19  information in violation of the right of privacy.  Larian also objects to this request

20  on the grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of

22  Larian and one or more third parties.  Larian further objects to this request to the

23  extent it seeks information the disclosure of which would implicate the rights of

24  third parties to protect private, confidential, proprietary or trade secret information.

25  Larian also objects to this request to the extent it calls for the disclosure of attorney-

26  client privileged information or information protected from disclosure by the work-

27  product doctrine, joint defense or common interest privilege, or other privilege.

28  Larian also objects to the extent this request seeks documents not in Larian's

EXHIBIT _5_

PAGE _122_

- 12 -

1    possession, custody or control.

2          Subject to the foregoing, Larian will produce any personal documents

3    that are relevant and responsive to the request, if any, and that have not already

4    been produced, that he discovers in the course of his reasonable search and diligent

5    inquiry, which are within the permissible scope of discovery, and to which no

6    privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 10:**

9          All DOCUMENTS RELATING TO COMMUNICATIONS between

10   YOU or MGA and BRYANT prior to December 31, 2001, including without

11   limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

12   record or memorialize or otherwise RELATING TO any such

13   COMMUNICATIONS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

15         Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence.  Larian also specifically

20   objects to this request on the grounds that it is overbroad, unduly burdensome, and

21   oppressive in that it seeks all documents relating to communications between

22   Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

23   also objects to this request on the grounds that it is overbroad, unduly burdensome

24   and oppressive, without limitation, in potentially extending to communications that

25   Bryant may have had with any of MGA's hundreds of employees, agents or

26   representatives, and regardless of whether any such communication is related in any

27   way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

28   objects to this request on the grounds that it seeks information in violation of the

- 13 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 123

1   right of privacy.  Larian also objects to this request on the grounds that it seeks

2   confidential, proprietary or commercially sensitive information, the disclosure of

3   which would be inimical to the business interests of Larian and one or more third

4   parties.  Larian further objects to this request to the extent it seeks information the

5   disclosure of which would implicate the rights of third parties to protect private,

6   confidential, proprietary or trade secret information.  Larian also objects to this

7   request to the extent it calls for the disclosure of attorney-client privileged

8   information or information protected from disclosure by the work-product doctrine,

9   joint defense or common interest privilege, or other privilege.  Larian also objects

10   to the extent this request seeks documents not in Larian's possession, custody or

11   control.

12          Subject to the foregoing, Larian will produce any personal documents

13   that are relevant and responsive to the request, if any, and that have not already

14   been produced, that he discovers in the course of his reasonable search and diligent

15   inquiry, which are within the permissible scope of discovery, and to which no

16   privilege or other protection applies, including without limitation, the attorney-

17   client privilege or attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 11:**

19          All COMMUNICATIONS between YOU or MGA and BRYANT

20   prior to December 31, 2001.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

22          Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein.  Larian also specifically objects to this request on the

24   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence.  Larian also specifically

27   objects to this request on the grounds that it is overbroad, unduly burdensome, and

28   oppressive in that it seeks all communications between Larian or MGA and Bryant,

- 14 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 5

PAGE 124

1  is not otherwise limited as to subject matter.  Larian also objects to this request on

2  the grounds that it is overbroad, unduly burdensome and oppressive, without

3  limitation, in potentially extending to communications that Bryant may have had

4  with any of MGA's hundreds of employees, agents or representatives, and

5  regardless of whether any such communication is related in any way to the subject

6  matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

7  request on the grounds that it seeks information in violation of the right of privacy.

8  Larian also objects to this request on the grounds that it seeks confidential,

9. proprietary or commercially sensitive information, the disclosure of which would

10  be inimical to the business interests of Larian and one or more third parties.  Larian

11  further objects to this request to the extent it seeks information the disclosure of

12  which would implicate the rights of third parties to protect private, confidential,

13  proprietary or trade secret information.  Larian also objects to this request to the

14  extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense

16  or common interest privilege, or other privilege.  Larian also objects to the extent

17  this request seeks documents not in Larian's possession, custody or control.

18       Subject to the foregoing, Larian will produce any personal documents

19  that are relevant and responsive to the request, if any, and that have not already

20  been produced, that he discovers in the course of his reasonable search and diligent

21  inquiry, which are within the permissible scope of discovery, and to which no

22  privilege or other protection applies, including without limitation, the attorney-

23  client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 12:**

25       All DOCUMENTS RELATING TO COMMUNICATIONS between

26  YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

27  DOCUMENT was prepared, written, transmitted or received, whether in whole or

28  in part), including without limitation all diaries, notes, calendars, logs, phone

EXHIBIT 5
PAGE 125

- 15 -

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1    records and letters, that reflect, record or memorialize or otherwise RELATING TO

2    any such COMMUNICATIONS.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

4            Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.  Larian also specifically

9    objects to this request on the grounds that it is overbroad, unduly burdensome, and

10   oppressive in that it seeks all documents relating to communications between

11   Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

12   also objects to this request on the grounds that it is overbroad, unduly burdensome

13   and oppressive, without limitation, in potentially extending to documents relating to

14   communications that Bryant may have had with any of MGA's hundreds of

15   employees, agents or representatives, and regardless of whether any such

16   communication is related in any way to the subject matter of this lawsuit, MGA, or

17   MGA's business.  Larian also objects to this request on the grounds that it seeks

18   information in violation of the right of privacy.  Larian also objects to this request

19   on the grounds that it seeks confidential, proprietary or commercially sensitive

20   information, the disclosure of which would be inimical to the business interests of

21   Larian and one or more third parties.  Larian further objects to this request to the

22   extent it seeks information the disclosure of which would implicate the rights of

23   third parties to protect private, confidential, proprietary or trade secret information.

24   Larian also objects to this request to the extent it calls for the disclosure of attorney-

25   client privileged information or information protected from disclosure by the work-

26   product doctrine, joint defense or common interest privilege, or other privilege.

27   Larian also objects to the extent this request seeks documents not in Larian's

28   possession, custody or control.



EXHIBIT 5

PAGE 126

- 16 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1        Subject to the foregoing, Larian will produce any personal documents

2  that are relevant and responsive to the request, if any, and that have not already

3  been produced, that he discovers in the course of his reasonable search and diligent

4  inquiry, which are within the permissible scope of discovery, and to which no

5  privilege or other protection applies, including without limitation, the attorney-

6  client privilege or attorney's work product doctrine.

7  **REQUEST FOR PRODUCTION NO. 13:**

8        All COMMUNICATIONS RELATING TO BRATZ between YOU or

9  MGA and any PERSON prior to December 31, 2001.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

11        Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence, including, without

16  limitation, in that it would extend to any communication between anyone at MGA

17  and any other person referring or relating in any way to a wide variety of matter

18  that could potentially be construed as "relating" to Bratz, without regard to whether

19  such communications are at all relevant to any claim or defense at issue in this

20  litigation.  Larian also objects to this request on the grounds that it is overbroad,

21  unduly burdensome and oppressive in that it purports to require Larian to diligently

22  identify every communication that any of MGA's hundreds of employees may have

23  had with any other person referring or relating to this action.  Larian also objects to

24  this request on the grounds that it is overbroad, unduly burdensome and oppressive

25  in that it is not in any way limited as to the persons involved in the

26  communications.  Larian also objects to this request on the grounds that it seeks

27  information in violation of the right of privacy.  Larian also objects to this request

28  on the grounds that it seeks confidential, proprietary or commercially sensitive

EXHIBIT 5

PAGE 127

- 17 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information, the disclosure of which would be inimical to the business interests of

2  Larian and one or more third parties. Larian also objects to this request to the

3  extent it calls for the disclosure of attorney-client privileged information or

4  information protected from disclosure by the work-product doctrine, joint defense

5  or common interest privilege, or other privilege.

6       Subject to the foregoing, Larian will produce any personal documents

7  that are relevant and responsive to the request, if any, and that have not already

8  been produced, that he discovers in the course of his reasonable search and diligent

9  inquiry, which are within the permissible scope of discovery, and to which no

10  privilege or other protection applies, including without limitation, the attorney-

11  client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 14:**

13       All DOCUMENTS RELATING TO COMMUNICATIONS between

14  YOU or MGA and any PERSON and RELATING TO the period prior to

15  December 31, 2001 (regardless of when such DOCUMENT was prepared, written,

16  transmitted or received, whether in whole or in part), including without limitation

17  all diaries, notes, calendars, logs, phone records and letters, that reflect, record or

18  memorialize or otherwise RELATING TO any such COMMUNICATIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

20       Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence, including, without

25  limitation, in that it would extend to documents relating to any communication

26  between anyone at MGA and any other person and referring or relating in any way

27  to a wide variety of unidentified subject matter, without regard to whether such

28  communications are at all relevant to any claim or defense at issue in this litigation.

EXHIBIT 5

PAGE 128

- 18 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Larian also objects to this request on the grounds that it is overbroad, unduly

2    burdensome and oppressive in that it purports to require Larian to diligently

3    identify every communication that any of MGA's hundreds of employees may have

4    had with any other person before December 31, 2001.  Larian also objects to this

5    request on the grounds that it is overbroad, unduly burdensome and oppressive in

6    that it is not in any way limited as to the persons involved in the communications.

7    Larian also objects to this request on the grounds that it seeks information in

8    violation of the right of privacy.  Larian also objects to this request on the grounds

9    that it seeks confidential, proprietary or commercially sensitive information, the

10   disclosure of which would be inimical to the business interests of Larian and one or

11   more third parties.  Larian also objects to this request to the extent it calls for the

12   disclosure of attorney-client privileged information or information protected from

13   disclosure by the work-product doctrine, joint defense or common interest

14   privilege, or other privilege.

15   **REQUEST FOR PRODUCTION NO. 15:**

16          All COMMUNICATIONS RELATING TO BRATZ between YOU or

17   MGA and BRYANT.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

19          Larian incorporates by reference the above-stated general objections as

20   if fully set forth herein.  Larian also specifically objects to this request on the

21   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably

23   calculated to lead to the discovery of admissible evidence.  Larian also specifically

24   objects to this request on the grounds that it is overbroad, unduly burdensome and

25   oppressive, without limitation, in potentially extending to communications that

26   Bryant may have had with any of MGA's hundreds of employees, agents or

27   representatives, and regardless of whether any such communication is related in any

28   way to the subject matter of this lawsuit, Larian, MGA, or MGA's business.  Larian

- 19 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 129

1    also objects to this request on the grounds that it is overbroad, unduly burdensome

2    and oppressive in that it is not in any way limited as to the persons involved in the

3    communications or as to time.  Larian also objects to this request on the grounds

4    that it seeks information in violation of the right of privacy.  Larian also objects to

5    this request on the grounds that it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business

7    interests of Larian and one or more third parties.  Larian further objects to this

8    request to the extent it seeks information the disclosure of which would implicate

9    the rights of third parties to protect private, confidential, proprietary or trade secret

10   information.  Larian also objects to this request to the extent it calls for the

11   disclosure of attorney-client privileged information or information protected from

12   disclosure by the work-product doctrine, joint defense or common interest

13   privilege, or other privilege.  Larian also objects to the extent this request seeks

14   documents not in Larian's possession, custody or control.

15           Subject to the foregoing, Larian will produce any personal documents

16   that are relevant and responsive to the request, if any, and that have not already

17   been produced, that he discovers in the course of his reasonable search and diligent

18   inquiry, which are within the permissible scope of discovery, and to which no

19   privilege or other protection applies, including without limitation, the attorney-

20   client privilege or attorney's work product doctrine.

21   **REQUEST FOR PRODUCTION NO. 16:**

22           All DOCUMENTS RELATING TO BRYANT's employment by

23   MATTEL.

24   **RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 16:**

25           Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

- 20 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  130

1   calculated to lead to the discovery of admissible evidence.  Larian also specifically

2   objects to this request on the grounds that it is overbroad in that it seeks all

3   documents relating to Bryant's employment by Mattel without limitation as to

4   subject matter or time.  Larian also objects to the extent that it seeks information

5   not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

6   the discovery of admissible evidence.  Larian also objects to this request on the

7   grounds that it seeks confidential, proprietary or commercially sensitive

8   information, the disclosure of which would be inimical to the business interests of

9   Larian and one or more third parties.  Larian further objects to the extent this

10  request seeks documents not in Larian's possession, custody or control.  Larian also

11  objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14         Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 17:**

21         All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

22  BRYANT's employment by MATTEL.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

24         Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

EXHIBIT  5

PAGE  131

- 21 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  objects to this request on the grounds that it is overbroad, unduly burdensome, and

2  oppressive including, without limitation, in potentially extending to documents that

3  may be in the possession of any of MGA's hundreds of employees, agents or

4  representatives, and regardless of whether any such document is related in any way

5  to the subject matter of this lawsuit.  Larian also objects to this request on the

6  grounds that it seeks confidential, proprietary or commercially sensitive

7  information, the disclosure of which would be inimical to the business interests of

8  Larian and one or more third parties.  Larian also objects to this request to the

9  extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian further objects to the extent this request seeks documents not in Larian's

12  possession, custody or control.  Larian also objects to this request to the extent it

13  calls for the disclosure of attorney-client privileged information or information

14  protected from disclosure by the work-product doctrine, joint defense or common

15  interest privilege, or other privilege.

16       Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 18:**

23       All DOCUMENTS RELATING TO DESIGNS that BRYANT

24  produced, prepared, created, authored, conceived of or reduced to practice, whether

25  alone or jointly with others, prior to December 31, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

27       Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request to the extent

EXHIBIT 5

PAGE 132

- 22 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   it is overbroad, unduly burdensome and oppressive including, without limitation, in

2   seeking documents relating to designs not in issue in this action, and in that it

3   reaches back into time indefinitely and, thus, for example, calls for documents

4   referring or relating to designs Bryant might have conceived of in his childhood and

5   that have nothing whatsoever to do with this action.  Larian also objects to this

6   request to the extent it seeks information the disclosure of which would implicate

7   the rights of third parties to protect private, confidential, proprietary or trade secret

8   information.  Larian also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of

10  which would be inimical to the business interests of Larian and one or more third

11  parties.  Larian also objects to this request to the extent it calls for the disclosure of

12  attorney-client privileged information or information protected from disclosure by

13  the work-product doctrine, joint defense or common interest privilege, or other

14  privilege.  Larian also objects to this request to the extent that it seeks documents

15  not in Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 19:**

23          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

24  created, authored, conceived of or reduced to practice prior to December 31, 2001,

25  by BRYANT, whether alone or jointly with others, in which YOU or MGA have

26  purported at any time to purchase, acquire or own any right, title or interest

27  (whether in whole or in part).

28

EXHIBIT  5

PAGE  133

- 23 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request to the extent it is overbroad, including, without limitation, in seeking documents relating to any designs created, authored, conceived of or reduced to practice prior to December 31, 2001, by Bryant, and is therefore not limited to those designs that may be at issue in this litigation. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent that it seeks documents not in Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents relating to Bratz or Prayer Angels that are relevant and responsive, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS, including without limitation all

- 24 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 134

1    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

2    any agreement or contract between BRYANT and MATTEL.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

4          Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.  Larian also specifically

9    objects to this request to the extent it seeks information the disclosure of which

10   would implicate the rights of third parties to protect private, confidential,

11   proprietary or trade secret information.  Larian also objects to this request to the

12   extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense

14   or common interest privilege, or other privilege.  Larian also objects to this request

15   to the extent that it seeks documents not in Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce any personal documents

17   that are relevant and responsive to the request, if any, and that have not already

18   been produced, that he discovers in the course of his reasonable search and diligent

19   inquiry, which are within the permissible scope of discovery, and to which no

20   privilege or other protection applies, including without limitation, the attorney-

21   client privilege or attorney's work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 21:**

23          All DOCUMENTS, including without limitation all

24   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

25   YOUR or MGA's knowledge of any agreement or contract between BRYANT and

26   MATTEL.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

28          Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 135

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also specifically

5   objects to this request to the extent it seeks information the disclosure of which

6   would implicate the rights of third parties to protect private, confidential,

7   proprietary or trade secret information.  Larian also objects to this request to the

8   extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.  Larian also objects to this request

11  to the extent that it seeks documents not in Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  that are relevant and responsive to the request, if any, and that have not already

14  been produced, that he discovers in the course of his reasonable search and diligent

15  inquiry, which are within the permissible scope of discovery, and to which no

16  privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 22:**

19          All DOCUMENTS RELATING TO any payment or transfer of

20  anything of value made to or on behalf of BRYANT prior to October 21, 2000 or

21  for work or services performed by BRYANT prior to October 21, 2000 regardless

22  of when such payment was actually made.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 26 -

EXHIBIT 5

PAGE 136

1    objects to this request on the grounds that it is overbroad, including, without

2    limitation, in that it asks for documents that refer or relate to "any payment or

3    transfer. . .on behalf of Bryant" without regard to what such payment might relate

4    to.  Larian also objects to this request on the grounds that it is vague and ambiguous

5    in that Larian cannot determine what is meant by "payment or transfer. . . on behalf

6    of Bryant."  Larian also objects to this request to the extent it seeks information the

7    disclosure of which would implicate the rights of third parties to protect private,

8    confidential, proprietary or trade secret information.  Larian also objects to this

9    request on the grounds that it seeks confidential, proprietary or commercially

10   sensitive information, the disclosure of which would be inimical to the business

11   interests of Larian and one or more third parties.  Larian also objects to this request

12   to the extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense

14   or common interest privilege, or other privilege.

15          Subject to the foregoing, Larian will produce any personal documents

16   relating to any payments by Larian or MGA that are relevant and responsive to the

17   request, if any, and that have not already been produced, that he discovers in the

18   course of his reasonable search and diligent inquiry, which are within the

19   permissible scope of discovery, and to which no privilege or other protection

20   applies, including without limitation, the attorney-client privilege or attorney's

21   work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 23:**

23          ALL DOCUMENTS RELATING TO any agreement or contract

24   between YOU or MGA, on the one hand, and BRYANT, on the other hand,

25   including without limitation all drafts thereof, all actual or proposed amendments,

26   modifications and revisions thereto and all COMMUNICATIONS RELATING

27   thereto.

28

EXHIBIT 5

PAGE 131

- 27 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any agreement or contract between Larian or MGA and Bryant.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent that it seeks documents not in Larian's possession, custody or control.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 24:**

All doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made, whether in whole or in part, prior to December

EXHIBIT 5
PAGE 138

- 28 -

1   31, 2001 RELATING TO BRATZ.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

3        Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian specifically

8   objects to this request to the extent that it seeks tangible items not within Larian's

9   possession, custody or control.  Larian also objects to this request to the extent it

10   seeks information the disclosure of which would implicate the rights of third parties

11   to protect private, confidential, proprietary or trade secret information.  Larian also

12   specifically objects to this request on the grounds that it seeks confidential,

13   proprietary, or commercially sensitive information, the disclosure of which would

14   be inimical to the business interests of Larian and one or more third parties.  Larian

15   also objects to this request to the extent it calls for the disclosure of attorney-client

16   privileged information or information protected from disclosure by the work-

17   product doctrine, joint defense or common interest privilege, or other privilege.

18        Subject to the foregoing, Larian will produce any personal items for

19   inspection that are relevant and responsive to the request, if any, and that have not

20   already been produced, that he discovers in the course of his reasonable search and

21   diligent inquiry, which are within the permissible scope of discovery, and to which

22   no privilege or other protection applies, including without limitation, the attorney-

23   client privilege or attorney's work product doctrine.

24   **REQUEST FOR PRODUCTION NO. 25:**

25        All doll heads, sculpts, prototypes, models, samples and tangible items

26   that were created, prepared or made, whether in whole or in part, prior to December

27   31, 2001 RELATING TO ANGEL.

28

EXHIBIT  5

PAGE  139

- 29 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

2           Larian incorporates by reference the above-stated general objections as

3    if fully set forth herein.  Larian also specifically objects to this request on the

4    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably

6    calculated to lead to the discovery of admissible evidence.  Larian also objects to

7    this request on the grounds that it seeks tangible items not within Larian's

8    possession, custody or control.  Larian also objects to this request to the extent it

9    seeks information the disclosure of which would implicate the rights of third parties

10   to protect private, confidential, proprietary or trade secret information.  Larian also

11   specifically objects to this request on the grounds that it seeks confidential,

12   proprietary, or commercially sensitive information, the disclosure of which would

13   be inimical to the business interests of Larian and one or more third parties.  Larian

14   also objects to this request to the extent it calls for the disclosure of attorney-client

15   privileged information or information protected from disclosure by the work

16   product doctrine, joint defense or common interest privilege, or other privilege.

17          Subject to the foregoing, Larian will produce any personal items for

18   inspection that are relevant and responsive to the request, if any, and that have not

19   already been produced, that he discovers in the course of his reasonable search and

20   diligent inquiry, which are within the permissible scope of discovery, and to which

21   no privilege or other protection applies, including without limitation, the attorney-

22   client privilege or attorney's work product doctrine.

23   **REQUEST FOR PRODUCTION NO. 26:**

24          All DOCUMENTS RELATING TO each and every sculpt of BRATZ

25   (including without limitation any model, prototype or sample thereof) prior to June

26   1, 2001.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

28          Larian incorporates by reference the above-stated general objections as

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian specifically

5   objects to this request to the extent it seeks information the disclosure of which

6   would implicate the rights of third parties to protect private, confidential,

7   proprietary or trade secret information.  Larian also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive

9   information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties.  Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 27:**

21          All DOCUMENTS RELATING TO each and every sculpt of ANGEL

22  (including without limitation any model, prototype or sample thereof).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically



EXHIBIT __5__

PAGE __14__

- 31 -   LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information. Larian also objects to this request on the

4   grounds that it seeks confidential, proprietary or commercially sensitive

5   information, the disclosure of which would be inimical to the business interests of

6   Larian and one or more third parties. Larian also objects to this request to the

7   extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10        Subject to the foregoing, Larian will produce any personal documents

11   relating to first generation of Prayer Angel that are relevant and responsive to the

12   request, if any, and that have not already been produced, that he discovers in the

13   course of his reasonable search and diligent inquiry, which are within the

14   permissible scope of discovery, and to which no privilege or other protection

15   applies, including without limitation, the attorney-client privilege or attorney's

16   work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 28:**

18        All DOCUMENTS RELATING TO the procurement, fabrication,

19   preparation and production of each and every mold for BRATZ (including without

20   limitation for any model, prototype or sample thereof) prior June 30, 2001,

21   including without limitation all orders, purchase orders and invoices relating

22   thereto.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

24        Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein. Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence. Larian specifically

EXHIBIT 5

PAGE 142

- 32 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  objects to this request to the extent it seeks information the disclosure of which

2  would implicate the rights of third parties to protect private, confidential,

3  proprietary or trade secret information.  Larian also objects to this request on the

4  grounds that it seeks confidential, proprietary or commercially sensitive

5  information, the disclosure of which would be inimical to the business interests of

6  Larian and one or more third parties.  Larian also objects to this request on the

7  grounds that it is vague and ambiguous in that Larian cannot determine what is

8  meant by "mold . . . (including without limitation any model, prototype or sample

9  thereof)."  Larian also objects to this request to the extent it calls for the disclosure

10 of attorney-client privileged information or information protected from disclosure

11 by the work-product doctrine, joint defense or common interest privilege, or other

12 privilege.

13          Subject to the foregoing, Larian will produce any personal documents

14 that are relevant and responsive to the request, if any, and that have not already

15 been produced, that he discovers in the course of his reasonable search and diligent

16 inquiry, which are within the permissible scope of discovery, and to which no

17 privilege or other protection applies, including without limitation, the attorney-

18 client privilege or attorney's work product doctrine.

19 **REQUEST FOR PRODUCTION NO. 29:**

20          DOCUMENTS sufficient to show when any mold for ANGEL

21 (including without limitation for any model, prototype or sample thereof) was first

22 ordered, requested, procured, fabricated, prepared and produced.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

24          Larian incorporates by reference the above-stated general objections as

25 if fully set forth herein.  Larian also specifically objects to this request on the

26 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27 information not relevant to the subject matter of this lawsuit or reasonably

28 calculated to lead to the discovery of admissible evidence.  Larian also specifically

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 33 -

EXHIBIT 5

PAGE 143

1   objects to this request on the grounds that it is overbroad in that is it not limited as

2   to time.  Larian also objects to this request to the extent it seeks information the

3   disclosure of which would implicate the rights of third parties to protect private,

4   confidential, proprietary or trade secret information.  Larian also objects to this

5   request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian also objects to this request

8   on the grounds that it is vague and ambiguous in that Larian cannot determine what

9   is meant by "mold . . . (including without limitation any model, prototype or sample

10  thereof)."  Larian also objects to this request to the extent it calls for the disclosure

11  of attorney-client privileged information or information protected from disclosure

12  by the work-product doctrine, joint defense or common interest privilege, or other

13  privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  relating to first generation of Prayer Angel that are relevant and responsive to the

16  request, if any, and that have not already been produced, that he discovers in the

17  course of his reasonable search and diligent inquiry, which are within the

18  permissible scope of discovery, and to which no privilege or other protection

19  applies, including without limitation, the attorney-client privilege or attorney's

20  work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 30:**

22          All DOCUMENTS RELATING TO any showing, presentation or

23  exhibition, or any proposed, offered or requested showing, presentation or

24  exhibition, of BRATZ (including without limitation any model, prototype or sample

25  thereof) prior to June 30, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

- 34 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 144

1    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably

3    calculated to lead to the discovery of admissible evidence.  Larian also specifically

4    objects to this request on the grounds that it seeks information not relevant to the

5    subject matter of this lawsuit or reasonably calculated to lead to the discovery of

6    admissible evidence, including, without limitation, in that it potentially extends to

7    every communication having to do with, for example, any Toy Fair to which Larian

8    or MGA brought, or considered bringing, Bratz during the stated time frame, and is,

9    thus, also overbroad, unduly burdensome and oppressive.  Larian also objects to

10   this request on the grounds that it is vague and ambiguous in that Larian cannot

11   determine what is meant by "showing, presentation or exhibition."  Larian also

12   objects to this request to the extent it seeks information the disclosure of which

13   would implicate the rights of third parties to protect private, confidential,

14   proprietary or trade secret information.  Larian further objects to this request on the

15   grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of

17   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

18   attorney-client privileged information or information protected from disclosure by

19   the work-product doctrine, joint defense or common interest privilege, or other

20   privilege.

21           Subject to the foregoing, Larian will produce any personal documents

22   that are relevant and responsive to the request, if any, and that have not already

23   been produced, that he discovers in the course of his reasonable search and diligent

24   inquiry, which are within the permissible scope of discovery, and to which no

25   privilege or other protection applies, including without limitation, the attorney-

26   client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 31:**

28           DOCUMENTS sufficient to show when ANGEL (including without

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 145

1   limitation any model, prototype or sample thereof) was first exhibited, shown or

2   presented to any third party.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

4        Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also objects to

9   this request on the grounds that it is vague and ambiguous in that Larian cannot

10   determine what is meant by "mold…(including without limitation any model,

11   prototype or sample thereof)."  Larian also objects to this request to the extent it

12   seeks information the disclosure of which would implicate the rights of third parties

13   to protect private, confidential, proprietary or trade secret information.  Larian also

14   objects to this request on the grounds that it seeks confidential, proprietary or

15   commercially sensitive information, the disclosure of which would be inimical to

16   the business interests of Larian and one or more third parties.  Larian also objects to

17   this request to the extent it calls for the disclosure of attorney-client privileged

18   information or information protected from disclosure by the work-product doctrine,

19   joint defense or common interest privilege, or other privilege.

20        Subject to the foregoing, Larian will produce any personal documents

21   that are relevant and responsive to the request, if any, and that have not already

22   been produced, that he discovers in the course of his reasonable search and diligent

23   inquiry, which are within the permissible scope of discovery, and to which no

24   privilege or other protection applies, including without limitation, the attorney-

25   client privilege or attorney's work product doctrine.

26   **REQUEST FOR PRODUCTION NO. 32:**

27        All COMMUNICATIONS between YOU or MGA and any

28   wholesaler, distributor, and/or retailer RELATING TO BRATZ prior to December

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 36 -



EXHIBIT 5

PAGE 146