1   31, 2001.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

3              Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian also specifically

8   objects to this request on the grounds that it is overbroad, unduly burdensome and

9   oppressive, without limitation, in potentially extending to communications that a

10  wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds

11  of employees, agents or representatives, and regardless of whether any such

12  communication is related in any way to the subject matter of this lawsuit.  Larian

13  also objects to this request to the extent it seeks information the disclosure of which

14  would implicate the rights of third parties to protect private, confidential,

15  proprietary or trade secret information.  Larian also objects to this request on the

16  grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22             Subject to the foregoing, Larian will produce any personal documents

23  that are relevant and responsive to the request, if any, and that have not already

24  been produced, that he discovers in the course of his reasonable search and diligent

25  inquiry, which are within the permissible scope of discovery, and to which no

26  privilege or other protection applies, including without limitation, the attorney-

27  client privilege or attorney's work product doctrine.

28

EXHIBIT 5

PAGE 147

- 37 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **REQUEST FOR PRODUCTION NO. 33:**

2         All COMMUNICATIONS between YOU or MGA and any

3    wholesaler, distributor, and/or retailer RELATING TO ANGEL.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

5         Larian incorporates by reference the above-stated general objections as

6    if fully set forth herein.  Larian also specifically objects to this request on the

7    grounds that it seeks information not relevant to the subject matter of this lawsuit or

8    reasonably calculated to lead to the discovery of admissible evidence including,

9    without limitation, in that is seeks information related to an MGA product not at

10    issue in this lawsuit.  Larian also objects to this request on the grounds that it is

11    overbroad, unduly burdensome and oppressive, without limitation, in potentially

12    extending to communications that a wholesaler, distributor, and/or retailer may

13    have had with any of MGA's hundreds of employees, agents or representatives, and

14    regardless of whether any such communication is related in any way to the subject

15    matter of this lawsuit.  Larian also objects to this request to the extent it seeks

16    information the disclosure of which would implicate the rights of third parties to

17    protect private, confidential, proprietary or trade secret information.  Larian also

18    objects to this request on the grounds that it seeks confidential, proprietary or

19    commercially sensitive information, the disclosure of which would be inimical to

20    the business interests of Larian and one or more third parties.  Larian also objects to

21    this request to the extent it calls for the disclosure of attorney-client privileged

22    information or information protected from disclosure by the work-product doctrine,

23    joint defense or common interest privilege, or other privilege.

24         Subject to the foregoing, Larian will produce any personal documents

25    related to first generation of Prayer Angel that are relevant and responsive to the

26    request, if any, and that have not already been produced, that he discovers in the

27    course of his reasonable search and diligent inquiry, which are within the

28    permissible scope of discovery, and to which no privilege or other protection

EXHIBIT 5

PAGE 148

- 38 -

1  applies, including without limitation, the attorney-client privilege or attorney's
2  work product doctrine.
3  **REQUEST FOR PRODUCTION NO. 34:**
4       All DOCUMENTS RELATING TO when and where BRATZ
5  (including without limitation any model, prototype or sample thereof) was first
6  marketed to any wholesaler, distributor and/or retailer.
7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**
8       Larian incorporates by reference the above-stated general objections as
9  if fully set forth herein.  Larian also specifically objects to this request on the
10 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
11 information not relevant to the subject matter of this lawsuit or reasonably
12 calculated to lead to the discovery of admissible evidence.  Larian also specifically
13 objects to this request on the grounds that it seeks confidential, proprietary or
14 commercially sensitive information, the disclosure of which would be inimical to
15 the business interests of Larian.  Larian also objects to this request to the extent it
16 seeks information the disclosure of which would implicate the rights of third parties
17 to protect private, confidential, proprietary or trade secret information.  Larian also
18 objects to this request to the extent it calls for the disclosure of attorney-client
19 privileged information or information protected from disclosure by the work-
20 product doctrine, joint defense or common interest privilege, or other privilege.
21      Subject to the foregoing, Larian will produce any personal documents
22 that are relevant and responsive to the request, if any, and that have not already
23 been produced, that he discovers in the course of his reasonable search and diligent
24 inquiry, which are within the permissible scope of discovery, and to which no
25 privilege or other protection applies, including without limitation, the attorney-
26 client privilege or attorney's work product doctrine.
27 **REQUEST FOR PRODUCTION NO. 35:**
28      All DOCUMENTS RELATING TO when and where ANGEL

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5
PAGE 149

1  (including without limitation any model, prototype or sample thereof) was first

2  marketed to any wholesaler, distributor and/or retailer.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

4          Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.   Larian also objects to

9  this request on the grounds that it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian and one or more third parties.  Larian also objects to this request

12  to the extent it seeks information the disclosure of which would implicate the rights

13  of third parties to protect private, confidential, proprietary or trade secret

14  information.  Larian also objects to this request to the extent it calls for the

15  disclosure of attorney-client privileged information or information protected from

16  disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.

18          Subject to the foregoing, Larian will produce any personal documents

19  that are relevant and responsive to the request, if any, and that have not already

20  been produced, that he discovers in the course of his reasonable search and diligent

21  inquiry, which are within the permissible scope of discovery, and to which no

22  privilege or other protection applies, including without limitation, the attorney-

23  client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 36:**

25          DOCUMENTS sufficient to show when and where BRATZ was first

26  shipped, distributed and sold.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

28          Larian incorporates by reference the above-stated general objections as

EXHIBIT 5          - 40 -        LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
PAGE 150                      CV 04-9049 SGL (RNBX)

1    if fully set forth herein. Larian also specifically objects to this request on the

2    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3    information not relevant to the subject matter of this lawsuit or reasonably

4    calculated to lead to the discovery of admissible evidence. Larian also specifically

5    objects to this request to the extent it seeks information the disclosure of which

6    would implicate the rights of third parties to protect private, confidential,

7    proprietary or trade secret information. Larian also objects to this request on the

8    grounds that it seeks confidential, proprietary or commercially sensitive

9    information, the disclosure of which would be inimical to the business interests of

10   Larian and one or more third parties. Larian also objects to this request to the

11   extent it calls for the disclosure of attorney-client privileged information or

12   information protected from disclosure by the work-product doctrine, joint defense

13   or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15   that are relevant and responsive to the request, if any, and that have not already

16   been produced, that he discovers in the course of his reasonable search and diligent

17   inquiry, which are within the permissible scope of discovery, and to which no

18   privilege or other protection applies, including without limitation, the attorney-

19   client privilege or attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 37:**

21          DOCUMENTS sufficient to show when and where ANGEL was first

22   shipped, distributed and sold.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein. Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence. Larian also specifically

EXHIBIT **5**

PAGE **151**

- 41 -                      LARIAN'S RESPONSE TO MATTEL'S 1ST
                          SET OF REQUESTS FOR PRODUCTION
                          CV 04-9049 SGL (RNBX)

1   objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of

5   third parties to protect private, confidential, proprietary or trade secret information.

6   Larian also objects to this request on the grounds that it seeks confidential,

7   proprietary or commercially sensitive information, the disclosure of which would

8   be inimical to the business interests of Larian and one or more third parties.  Larian

9   also objects to this request to the extent it calls for the disclosure of attorney-client

10  privileged information or information protected from disclosure by the work-

11  product doctrine, joint defense or common interest privilege, or other privilege.

12          Subject to the foregoing, Larian will produce any personal documents

13  that are relevant and responsive to the request, if any, and that have not already

14  been produced, that he discovers in the course of his reasonable search and diligent

15  inquiry, which are within the permissible scope of discovery, and to which no

16  privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 38:**

19          All DOCUMENTS RELATING TO the licensing, including without

20  limitation the proposed, offered or requested licensing, of BRATZ prior to

21  December 31, 2001.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also specifically

28  objects to this request on the grounds that it seeks information in violation of the

EXHIBIT  5

PAGE  152

- 42 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  right of privacy.  Larian also objects to this request on the grounds that it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of

3  which would be inimical to the business interests of Larian and one or more third

4  parties.  Larian also objects to this request to the extent it calls for the disclosure of

5  attorney-client privileged information or information protected from disclosure by

6  the work-product doctrine, joint defense or common interest privilege, or other

7  privilege.  Larian also objects to this request to the extent it seeks documents not

8  within Larian's possession, custody or control.

9       Subject to the foregoing, Larian will produce any personal documents

10  that are relevant and responsive to the request, if any, and that have not already

11  been produced, that he discovers in the course of his reasonable search and diligent

12  inquiry, which are within the permissible scope of discovery, and to which no

13  privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 39:**

16       All COMMUNICATIONS between YOU or MGA and any

17  manufacturer, or any contemplated, proposed or potential manufacturer,

18  RELATING TO BRATZ prior to December 31, 2001.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

20       Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also specifically

25  objects to this request to the extent it seeks information the disclosure of which

26  would implicate the rights of third parties to protect private, confidential,

27  proprietary or trade secret information.  Larian also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive

- 43 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 153

1  information, the disclosure of which would be inimical to the business interests of

2  Larian and one or more third parties.  Larian also objects to this request to the

3  extent it calls for the disclosure of attorney-client privileged information or

4  information protected from disclosure by the work-product doctrine, joint defense

5  or common interest privilege, or other privilege.

6       Subject to the foregoing, Larian will produce any personal documents

7  that are relevant and responsive to the request, if any, and that have not already

8  been produced, that he discovers in the course of his reasonable search and diligent

9  inquiry, which are within the permissible scope of discovery, and to which no

10  privilege or other protection applies, including without limitation, the attorney-

11  client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 40:**

13       DOCUMENTS sufficient to identify when YOU or MGA first

14  contacted any manufacturer, or any contemplated, proposed or potential

15  manufacturer, for the production or manufacture of ANGEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

17       Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence including, without

22  limitation, in that it seeks information related to an MGA product not at issue in this

23  lawsuit, and in that the manufacturer of Angel has nothing whatsoever to do with

24  Bryant, Mattel, or this lawsuit.  Larian also objects to this request to the extent it

25  seeks information the disclosure of which would implicate the rights of third parties

26  to protect private, confidential, proprietary or trade secret information.  Larian also

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

LARIAN'S RESPONSE TO MATTEL'S 1ST<br/>
SET OF REQUESTS FOR PRODUCTION<br/>
CV 04-9049 SGL (RNBX)

- 44 -



EXHIBIT 5

PAGE 154

1   the business interests of Larian and one or more third parties.  Larian also objects to

2   this request to the extent it calls for the disclosure of attorney-client privileged

3   information or information protected from disclosure by the work-product doctrine,

4   joint defense or common interest privilege, or other privilege.

5          Subject to the foregoing, Larian will produce any personal documents

6   that are relevant and responsive to the request, if any, and that have not already

7   been produced, that he discovers in the course of his reasonable search and diligent

8   inquiry, which are within the permissible scope of discovery, and to which no

9   privilege or other protection applies, including without limitation, the attorney-

10   client privilege or attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 41:**

12          All COMMUNICATIONS between YOU or MGA and any PERSON

13   that REFER OR RELATE TO the distribution or proposed or potential distribution

14   of BRATZ prior to December 31, 2001.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

16          Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein.  Larian also specifically objects to this request on the

18   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably

20   calculated to lead to the discovery of admissible evidence.  Larian also specifically

21   objects to this request to the extent it seeks information the disclosure of which

22   would implicate the rights of third parties to protect private, confidential,

23   proprietary or trade secret information. Larian also objects to this request on the

24   grounds that it seeks confidential, proprietary or commercially sensitive

25   information, the disclosure of which would be inimical to the business interests of

26   Larian and one or more third parties.  Larian also objects to this request to the

27   extent it calls for the disclosure of attorney-client privileged information or

28   information protected from disclosure by the work-product doctrine, joint defense

1   or common interest privilege, or other privilege.

2          Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 42:**

9          All DOCUMENTS RELATING TO the performance of any

10  agreement or contract between YOU or MGA, on the one hand, and BRYANT, on

11  the other hand.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

13         Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence.  Larian also specifically

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking all documents that refer or relate to the performance of any

20  agreement or contract between MGA and Bryant.  Larian also objects to this

21  request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.  Larian also objects to this request

24  to the extent it seeks information the disclosure of which would implicate the rights

25  of third parties to protect private, confidential, proprietary or trade secret

26  information.  Larian also objects to this request to the extent it calls for the

27  disclosure of attorney-client privileged information or information protected from

28  disclosure by the work-product doctrine, joint defense or common interest

EXHIBIT 5

PAGE 156

- 46 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

2   documents not within Larian's possession, custody or control.

3          Subject to the foregoing, Larian will produce any personal documents

4   related to Bratz or Prayer Angels that are relevant and responsive to the request, if

5   any, and that have not already been produced, that he discovers in the course of his

6   reasonable search and diligent inquiry, which are within the permissible scope of

7   discovery, and to which no privilege or other protection applies, including without

8   limitation, the attorney-client privilege or attorney's work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 43:**

10         All DOCUMENTS RELATING TO the agreement dated as of

11  September 18, 2000 between MGA and BRYANT, including without limitation all

12  drafts thereof, any actual or proposed modifications, amendments or revisions

13  thereto and all COMMUNICATIONS RELATING thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also specifically

20  objects to this request on the grounds that it seeks confidential, proprietary or

21  commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of Larian.  Larian also objects to this request to the extent it

23  seeks information the disclosure of which would implicate the rights of third parties

24  to protect private, confidential, proprietary or trade secret information.  Larian also

25  objects to this request to the extent it calls for the disclosure of attorney-client

26  privileged information or information protected from disclosure by the work-

27  product doctrine, joint defense or common interest privilege, or other privilege.

28  Larian also objects to this request to the extent it seeks documents not within



EXHIBIT 5

PAGE 157

- 47 -

1    Larian's possession, custody or control.

2          Subject to the foregoing, Larian will produce any personal documents

3    that are relevant and responsive to the request, if any, and that have not already

4    been produced, that he discovers in the course of his reasonable search and diligent

5    inquiry, which are within the permissible scope of discovery, and to which no

6    privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 44:**

9          All DOCUMENTS RELATING TO the Modification and Clarification

10   of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

11   including without limitation all drafts thereof, any actual or proposed modifications,

12   amendments or revisions thereto and all COMMUNICATIONS RELATING

13   thereto.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

15         Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence. Larian also specifically

20   objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to

22   the business interests of Larian. Larian also objects to this request to the extent it

23   seeks information the disclosure of which would implicate the rights of third parties

24   to protect private, confidential, proprietary or trade secret information. Larian also

25   objects to this request to the extent it calls for the disclosure of attorney-client

26   privileged information or information protected from disclosure by the work-

27   product doctrine, joint defense or common interest privilege, or other privilege.

28   Larian also objects to this request to the extent it seeks documents not within

- 48 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   158

1   Larian's possession, custody or control.

2         Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 45:**

9         All DOCUMENTS RELATING TO the agreement dated April 2001

10   between MGA and BRYANT, including without limitation all drafts thereof, any

11   actual or proposed modifications, amendments or revisions thereto and all

12   COMMUNICATIONS RELATING thereto.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

14         Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.  Larian also objects to

19   this request on the grounds that it seeks confidential, proprietary or commercially

20   sensitive information, the disclosure of which would be inimical to the business

21   interests of Larian and one or more third parties.  Larian also objects to this request

22   to the extent it seeks information the disclosure of which would implicate the rights

23   of third parties to protect private, confidential, proprietary or trade secret

24   information.  Larian also objects to this request to the extent it calls for the

25   disclosure of attorney-client privileged information or information protected from

26   disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

28   documents not within Larian's possession, custody or control.

EXHIBIT 5

PAGE 159

- 49 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Subject to the foregoing, Larian will produce any personal documents
2   that are relevant and responsive to the request, if any, and that have not already
3   been produced, that he discovers in the course of his reasonable search and diligent
4   inquiry, which are within the permissible scope of discovery, and to which no
5   privilege or other protection applies, including without limitation, the attorney-
6   client privilege or attorney's work product doctrine.

7   **REQUEST FOR PRODUCTION NO. 46:**

8   All DOCUMENTS that RELATING TO any agreement or contract
9   that REFERS AND RELATES TO BRATZ between Isaac Larian and any
10  PERSON (including without limitation MGA), including without limitation all
11  drafts thereof, all actual or proposed amendments, modifications and revisions
12  thereto and all COMMUNICATIONS RELATING thereto.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

14  Larian incorporates by reference the above-stated general objections as
15  if fully set forth herein.  L Larian also specifically objects to this request on the
16  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
17  information not relevant to the subject matter of this lawsuit or reasonably
18  calculated to lead to the discovery of admissible evidence.   Larian also objects to
19  this request to the extent it seeks information the disclosure of which would
20  implicate the rights of third parties to protect private, confidential, proprietary or
21  trade secret information.  Larian also objects to this request on the grounds that it
22  seeks confidential, proprietary or commercially sensitive information, the
23  disclosure of which would be inimical to the business interests of Larian and one or
24  more third parties.  Larian also objects to this request to the extent it calls for the
25  disclosure of attorney-client privileged information or information protected from
26  disclosure by the work-product doctrine, joint defense or common interest
27  privilege, or other privilege.  Larian also objects to this request to the extent it seeks
28  documents not within Larian's possession, custody or control.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5
PAGE 160

1  **REQUEST FOR PRODUCTION NO. 47:**

2           All DOCUMENTS RELATING TO the performance of any

3  agreement or contract that REFERS AND RELATES TO BRATZ between Isaac

4  Larian and any PERSON (including without limitation MGA).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

6           Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.   Larian also objects to

11  this request to the extent it seeks information the disclosure of which would

12  implicate the rights of third parties to protect private, confidential, proprietary or

13  trade secret information.  Larian also objects to this request on the grounds that it

14  seeks confidential, proprietary or commercially sensitive information, the

15  disclosure of which would be inimical to the business interests of Larian and one or

16  more third parties.  Larian also objects to this request to the extent it calls for the

17  disclosure of attorney-client privileged information or information protected from

18  disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

20  documents not within Larian's possession, custody or control.

21  **REQUEST FOR PRODUCTION NO. 48:**

22           All DOCUMENTS that REFER OR RELATE TO any agreement or

23  contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

24  any PERSON (including without limitation MGA), including without limitation all

25  drafts thereof, all actual or proposed amendments, modifications and revisions

26  thereto and all COMMUNICATIONS RELATING thereto.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

28           Larian incorporates by reference the above-stated general objections as

1  if fully set forth herein.  Larian also specifically objects to this request on the

2  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3  information not relevant to the subject matter of this lawsuit or reasonably

4  calculated to lead to the discovery of admissible evidence.  Larian also objects to

5  this request to the extent it seeks information the disclosure of which would

6  implicate the rights of third parties to protect private, confidential, proprietary or

7  trade secret information.  Larian also objects to this request on the grounds that it

8  seeks confidential, proprietary or commercially sensitive information, the

9  disclosure of which would be inimical to the business interests of Larian and one or

10  more third parties.  Larian also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

14  documents not within Larian's possession, custody or control.

15  **REQUEST FOR PRODUCTION NO. 49:**

16           All DOCUMENTS RELATING TO the performance of any

17  agreement or contract that REFERS AND RELATES TO BRYANT between Isaac

18  Larian and any PERSON (including without limitation MGA).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

20           Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also objects to

25  this request to the extent it seeks information the disclosure of which would

26  implicate the rights of third parties to protect private, confidential, proprietary or

27  trade secret information.  Larian also objects to this request on the grounds that it

28  seeks confidential, proprietary or commercially sensitive information, the

EXHIBIT 5

PAGE 162

- 52 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   disclosure of which would be inimical to the business interests of Larian and one or

2   more third parties.  Larian also objects to this request to the extent it calls for the

3   disclosure of attorney-client privileged information or information protected from

4   disclosure by the work-product doctrine, joint defense or common interest

5   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

6   documents not within Larian's possession, custody or control.

7   **REQUEST FOR PRODUCTION NO. 50:**

8            All DOCUMENTS that REFER OR RELATE TO any agreement or

9   contract that REFERS AND RELATES TO BRATZ between any FAMILY

10  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

11  and/or Isaac Larian), including without limitation all drafts thereof, all actual or

12  proposed amendments, modifications and revisions thereto and all

13  COMMUNICATIONS RELATING thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

15           Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request to the extent it seeks information the disclosure of which would

21  implicate the rights of third parties to protect private, confidential, proprietary or

22  trade secret information.  Larian also objects to this request on the grounds that it

23  seeks confidential, proprietary or commercially sensitive information, the

24  disclosure of which would be inimical to the business interests of Larian and one or

25  more third parties.  Larian also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

EXHIBIT  5

PAGE  163

- 53 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   documents not within Larian's possession, custody or control.

2   **REQUEST FOR PRODUCTION NO. 51:**

3   All DOCUMENTS RELATING TO the performance of any

4   agreement or contract that REFERS AND RELATES TO BRATZ between any

5   FAMILY MEMBER of Isaac Larian and any PERSON (including without

6   limitation MGA and/or Isaac Larian).

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

8   Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also objects to

13  this request to the extent it seeks information the disclosure of which would

14  implicate the rights of third parties to protect private, confidential, proprietary or

15  trade secret information.  Larian also objects to this request on the grounds that it

16  seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of Larian and one or

18  more third parties.  Larian also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

22  documents not within Larian's possession, custody or control.

23  **REQUEST FOR PRODUCTION NO. 52:**

24  All DOCUMENTS RELATING TO any agreement or contract that

25  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of

26  Isaac Larian and any PERSON (including without limitation MGA and/or Isaac

27  Larian), including without limitation all drafts thereof, all actual or proposed

28  amendments, modifications and revisions thereto and all COMMUNICATIONS


EXHIBIT 5
PAGE 164

- 54 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   RELATING thereto.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

3            Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian also objects to

8   this request to the extent it seeks information the disclosure of which would

9   implicate the rights of third parties to protect private, confidential, proprietary or

10   trade secret information.  Larian also objects to this request on the grounds that it

11   seeks confidential, proprietary or commercially sensitive information, the

12   disclosure of which would be inimical to the business interests of Larian and one or

13   more third parties.  Larian also objects to this request to the extent it calls for the

14   disclosure of attorney-client privileged information or information protected from

15   disclosure by the work-product doctrine, joint defense or common interest

16   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

17   documents not within Larian's possession, custody or control.

18   **REQUEST FOR PRODUCTION NO. 53:**

19            All DOCUMENTS RELATING TO the performance of any

20   agreement or contract that REFERS AND RELATES TO BRYANT between any

21   FAMILY MEMBER of Isaac Larian and any PERSON (including without

22   limitation MGA and/or Isaac Larian).

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

24            Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to

EXHIBIT 5

PAGE 165

- 55 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    this request to the extent it seeks information the disclosure of which would

2    implicate the rights of third parties to protect private, confidential, proprietary or

3    trade secret information.  Larian also objects to this request on the grounds that it

4    seeks confidential, proprietary or commercially sensitive information, the

5    disclosure of which would be inimical to the business interests of Larian and one or

6    more third parties.  Larian also objects to this request to the extent it calls for the

7    disclosure of attorney-client privileged information or information protected from

8    disclosure by the work-product doctrine, joint defense or common interest

9    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

10   documents not within Larian's possession, custody or control.

11   **REQUEST FOR PRODUCTION NO. 54:**

12              All DOCUMENTS RELATING TO royalties or payments

13   RELATING TO BRATZ that have been made by any PERSON (including without

14   limitation MGA) to, for or on behalf of Isaac Larian.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

16              Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein. Larian also specifically objects to this request on the

18   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably

20   calculated to lead to the discovery of admissible evidence.  Larian also specifically

21   objects to this request on the grounds that it is overbroad including, without

22   limitation, in that it is not limited as to time of the royalties or payments or as to the

23   individuals who made such royalties or payments, if any.  Larian also objects to this

24   request on the grounds that it is vague and ambiguous, particularly in that Larian

25   cannot determine what is meant by "royalties or payments…on behalf of Isaac

26   Larian." Larian also objects to this request on the grounds that it seeks confidential,

27   proprietary or commercially sensitive information, the disclosure of which would

28   be inimical to the business interests of Larian and one or more third parties.  Larian

EXHIBIT 5

PAGE 166

- 56 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   also objects to this request to the extent it seeks information the disclosure of which

2   would implicate the rights of third parties to protect private, confidential,

3   proprietary or trade secret information.  Larian also objects to this request to the

4   extent it calls for the disclosure of attorney-client privileged information or

5   information protected from disclosure by the work-product doctrine, joint defense

6   or common interest privilege, or other privilege.

7   **REQUEST FOR PRODUCTION NO. 55:**

8           All DOCUMENTS RELATING TO royalties or payments

9   RELATING TO BRATZ that have been made by any PERSON (without limitation

10   MGA) to, for or on behalf of any FAMILY MEMBER of Isaac Larian.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

12           Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also specifically

17   objects to this request on the grounds that it is overbroad including, without

18   limitation, in that it is not limited as to time of the royalties or payments or as to the

19   individuals who made such royalties or payments, if any.  Larian also objects to this

20   request on the grounds that it is vague and ambiguous, particularly in that Larian

21   cannot determine what is meant by "royalties or payments...on behalf of any family

22   member."  Larian also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of Larian and one or more third

25   parties.  Larian also objects to this request to the extent it seeks information the

26   disclosure of which would implicate the rights of third parties to protect private,

27   confidential, proprietary or trade secret information.  Larian also objects to this

28   request to the extent it calls for the disclosure of attorney-client privileged

EXHIBIT 5

PAGE 167

- 57 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information or information protected from disclosure by the work-product doctrine,

2  joint defense or common interest privilege, or other privilege.  Larian also objects

3  to this request to the extent it seeks documents not within Larian's possession,

4  custody or control.

5  **REQUEST FOR PRODUCTION NO. 56:**

6  　　　　All DOCUMENTS RELATING TO DIVA STARZ and RELATING

7  TO any time prior to December 31, 2001 (regardless of when such document was

8  prepared, written, transmitted or received, whether in whole or in part).

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

10  　　　　Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties.  Larian also objects to this request

18  to the extent it seeks information the disclosure of which would implicate the rights

19  of third parties to protect private, confidential, proprietary or trade secret

20  information.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

24  documents not within Larian's possession, custody or control.

25  **REQUEST FOR PRODUCTION NO. 57:**

26  　　　　All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

27  DIVA STARZ and RELATING TO any time prior to December 31, 2001

28  (regardless of when such document was prepared, written, transmitted or received,

EXHIBIT 5

PAGE 168

- 58 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    whether in whole or in part).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

3             Larian incorporates by reference the above-stated general objections as

4    if fully set forth herein.  Larian also specifically objects to this request on the

5    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6    information not relevant to the subject matter of this lawsuit or reasonably

7    calculated to lead to the discovery of admissible evidence.  Larian also objects to

8    this request on the grounds that it seeks confidential, proprietary or commercially

9    sensitive information, the disclosure of which would be inimical to the business

10    interests of Larian and one or more third parties.  Larian also objects to this request

11    to the extent it seeks information the disclosure of which would implicate the rights

12    of third parties to protect private, confidential, proprietary or trade secret

13    information.  Larian also objects to this request to the extent it calls for the

14    disclosure of attorney-client privileged information or information protected from

15    disclosure by the work-product doctrine, joint defense or common interest

16    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

17    documents not within Larian's possession, custody or control.

18    **REQUEST FOR PRODUCTION NO. 58:**

19             All DOCUMENTS RELATING TO MATTEL's consideration or

20    proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

21    any time prior to December 31, 2001 (regardless of when such document was

22    prepared, written, transmitted or received, whether in whole or in part).

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

24             Larian incorporates by reference the above-stated general objections as

25    if fully set forth herein.  Larian also specifically objects to this request on the

26    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably

28    calculated to lead to the discovery of admissible evidence.  Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 169

1   this request on the grounds that it is vague and ambiguous in that Larian cannot

2   determine what is meant by "proposed use of 'Brats,' 'Chat Brats' or any variation

3   thereon." Larian also objects to this request on the grounds that it seeks

4   confidential, proprietary or commercially sensitive information, the disclosure of

5   which would be inimical to the business interests of Larian and one or more third

6   parties. Larian also objects to this request to the extent it seeks information the

7   disclosure of which would implicate the rights of third parties to protect private,

8   confidential, proprietary or trade secret information. Larian also objects to this

9   request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege. Larian also objects

12  to this request to the extent it seeks documents not within Larian's possession,

13  custody or control.

14          Subject to the foregoing, Larian will produce any personal documents

15  received prior to the inception of this litigation that are relevant and responsive to

16  the request, if any, and that have not already been produced, that he discovers in the

17  course of his reasonable search and diligent inquiry, which are within the

18  permissible scope of discovery, and to which no privilege or other protection

19  applies, including without limitation, the attorney-client privilege or attorney's

20  work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 59:**

22          All DOCUMENTS RELATING TO "Toon Teens."

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

EXHIBIT 5

PAGE 170

- 60 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

2   in seeking all documents relating to "Toon Teens." Larian also objects to this

3   request on the grounds that it is vague and ambiguous in that Larian cannot

4   determine what is meant by "Toon Teens." Larian also objects to this request on

5   the grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties. Larian further objects to this request to the

8   extent it seeks information the disclosure of which would implicate the rights of

9   third parties to protect private, confidential, proprietary or trade secret information.

10   Larian also objects to this request to the extent it calls for the disclosure of attorney-

11   client privileged information or information protected from disclosure by the work-

12   product doctrine, joint defense or common interest privilege, or other privilege.

13   Larian also objects to this request to the extent it seeks documents not within

14   Larian's possession, custody or control.

15           Subject to the foregoing, Larian will produce any personal documents

16   received prior to the inception of this litigation that are relevant and responsive to

17   the request, if any, and that have not already been produced, that he discovers in the

18   course of his reasonable search and diligent inquiry, which are within the

19   permissible scope of discovery, and to which no privilege or other protection

20   applies, including without limitation, the attorney-client privilege or attorney's

21   work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 60:**

23           All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

24   "Toon Teens."

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

26           Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein. Larian also specifically objects to this request on the

28   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

1  information not relevant to the subject matter of this lawsuit or reasonably

2  calculated to lead to the discovery of admissible evidence.  Larian also objects to

3  this request on the grounds that it is overbroad, unduly burdensome, in that it is

4  duplicative of request number 59.  Larian also objects to this request on the grounds

5  that it is vague and ambiguous in that Larian cannot determine what is meant by

6  "Toon Teens."  Larian also objects to this request on the grounds that it seeks

7  confidential, proprietary or commercially sensitive information, the disclosure of

8  which would be inimical to the business interests of Larian and one or more third

9  parties.  Larian further objects to this request to the extent it seeks information the

10  disclosure of which would implicate the rights of third parties to protect private,

11  confidential, proprietary or trade secret information.  Larian also objects to this

12  request to the extent it calls for the disclosure of attorney-client privileged

13  information or information protected from disclosure by the work-product doctrine,

14  joint defense or common interest privilege, or other privilege.  Larian also objects

15  to this request to the extent it seeks documents not within Larian's possession,

16  custody or control.

17       Subject to the foregoing, Larian will produce any personal documents

18  relating to the knowledge prior to the inception of this litigation that are relevant

19  and responsive to the request, if any, and that have not already been produced, that

20  he discovers in the course of his reasonable search and diligent inquiry, which are

21  within the permissible scope of discovery, and to which no privilege or other

22  protection applies, including without limitation, the attorney-client privilege or

23  attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 61:**

25       All DOCUMENTS, including without limitation

26  COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

27  in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

28

EXHIBIT 5

PAGE 172

- 62 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents relating to Bratz and Prayer Angels that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by BRYANT for, with or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such DOCUMENT was prepared, created, received or transmitted, whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the

EXHIBIT 5

PAGE 173

- 63 -

1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence.  Larian also objects to

4   this request on the ground that it is overbroad, unduly burdensome, and oppressive

5   in seeking all documents relating to any work, activities or services that Bryant

6   performed for or with Larian or MGA or on their behalf.  Larian also objects to this

7   request on the grounds that it is vague and ambiguous in that Larian cannot

8   determine what is meant by "activities or services" and "with or on behalf of YOU

9   or MGA."  Larian will interpret "activities or services" to mean "work or services,"

10   and "with" to mean "on behalf of."  Larian also objects to this request on the

11   grounds that it seeks confidential, proprietary or commercially sensitive

12   information, the disclosure of which would be inimical to the business interests of

13   Larian and one or more third parties.  Larian also objects to this request to the

14   extent it seeks information the disclosure of which would implicate the rights of

15   third parties to protect private, confidential, proprietary or trade secret information.

16   Larian also objects to this request to the extent it calls for the disclosure of attorney-

17   client privileged information or information protected from disclosure by the work-

18   product doctrine, joint defense or common interest privilege, or other privilege.

19   Larian also objects to this request to the extent it seeks documents not within

20   Larian's possession, custody or control.

21          Subject to the foregoing, Larian will produce any personal documents

22   relating to Bratz and Prayer Angels that are relevant and responsive to the request,

23   if any, and that have not already been produced, that he discovers in the course of

24   his reasonable search and diligent inquiry, which are within the permissible scope

25   of discovery, and to which no privilege or other protection applies, including

26   without limitation, the attorney-client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 63:**

28          All DOCUMENTS RELATING TO any actual, potential, proposed,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5
PAGE   174

1  considered or contemplated work, activities or services, including without

2  limitation any freelance work or consulting services, by Anna Rhee for, with or on

3  behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

4  DOCUMENT was prepared, created, received or transmitted, whether in whole or

5  in part).

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

7          Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any work, activities or services that Anna Rhee

14  performed for or with Larian or MGA or on their behalf.  Larian also objects to this

15  request on the grounds that it is vague and ambiguous in that Larian cannot

16  determine what is meant by "activities or services" and "with or on behalf of YOU

17  or MGA."  Larian will interpret "activities or services" to mean "work or services,"

18  and "with" to mean "on behalf of."  Larian also objects to this request to the extent

19  it seeks information the disclosure of which would implicate the rights of third

20  parties to protect private, confidential, proprietary or trade secret information.

21  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties.  Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27  Larian also objects to this request to the extent it seeks documents not within

28  Larian's possession, custody or control.


EXHIBIT 5
PAGE 175

- 65 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Subject to the foregoing, Larian will produce any personal documents

2    dated prior to January 1, 2001, that are relevant and responsive to the request, if

3    any, and that have not already been produced, that he discovers in the course of his

4    reasonable search and diligent inquiry, which are within the permissible scope of

5    discovery, and to which no privilege or other protection applies, including without

6    limitation, the attorney-client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 64:**

8    All DOCUMENTS RELATING TO any actual, potential, proposed,

9    considered or contemplated work, activities or services, including without

10    limitation any freelance work or consulting services, by Veronica Marlow for, with

11    or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

12    such DOCUMENT was prepared, created, received or transmitted, whether in

13    whole or in part).

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

15    Larian incorporates by reference the above-stated general objections as

16    if fully set forth herein.  Larian also specifically objects to this request on the

17    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18    information not relevant to the subject matter of this lawsuit or reasonably

19    calculated to lead to the discovery of admissible evidence.  Larian also objects to

20    this request on the ground that it is overbroad, unduly burdensome, and oppressive

21    in seeking all documents relating to any work, activities or services that Veronica

22    Marlow performed for or with Larian or MGA or on their behalf.  Larian also

23    objects to this request on the grounds that it is vague and ambiguous in that Larian

24    cannot determine what is meant by "activities or services" and "with or on behalf of

25    YOU or MGA."  Larian will interpret "activities or services" to mean "work or

26    services," and "with" to mean "on behalf of."  Larian also objects to this request to

27    the extent it seeks information the disclosure of which would implicate the rights of

28    third parties to protect private, confidential, proprietary or trade secret information.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _5_

PAGE _176_

1   Larian also objects to this request on the grounds that it seeks confidential,

2   proprietary or commercially sensitive information, the disclosure of which would

3   be inimical to the business interests of Larian and one or more third parties.  Larian

4   also objects to this request to the extent it calls for the disclosure of attorney-client

5   privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7   Larian also objects to this request to the extent it seeks documents not within

8   Larian's possession, custody or control.

9           Subject to the foregoing, Larian will produce any personal documents

10  dated prior to January 1, 2001, that are relevant and responsive to the request, if

11  any, and that have not already been produced, that he discovers in the course of his

12  reasonable search and diligent inquiry, which are within the permissible scope of

13  discovery, and to which no privilege or other protection applies, including without

14  limitation, the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 65:**

16          All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without

18  limitation any freelance work or consulting services, by Sarah Halpern for, with or

19  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

20  such DOCUMENT was prepared, created, received or transmitted, whether in

21  whole or in part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the ground that it is overbroad, unduly burdensome, and oppressive

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   177

1    in seeking all documents relating to any work, activities or services that Sarah

2    Halpern performed for or with Larian or MGA or on their behalf.  Larian also

3    objects to this request on the grounds that it is vague and ambiguous in that Larian

4    cannot determine what is meant by "activities or services" and "with or on behalf of

5    YOU or MGA."  Larian will interpret "activities or services" to mean "work or

6    services," and "with" to mean "on behalf of."  Larian also objects to this request to

7    the extent it seeks information the disclosure of which would implicate the rights of

8    third parties to protect private, confidential, proprietary or trade secret information.

9    Larian also objects to this request on the grounds that it seeks confidential,

10   proprietary or commercially sensitive information, the disclosure of which would

11   be inimical to the business interests of Larian and one or more third parties.  Larian

12   also objects to this request to the extent it calls for the disclosure of attorney-client

13   privileged information or information protected from disclosure by the work-

14   product doctrine, joint defense or common interest privilege, or other privilege.

15   Larian also objects to this request to the extent it seeks documents not within

16   Larian's possession, custody or control.

17            Subject to the foregoing, Larian will produce any personal documents

18   dated prior to January 1, 2001, that are relevant and responsive to the request, if

19   any, and that have not already been produced, that he discovers in the course of his

20   reasonable search and diligent inquiry, which are within the permissible scope of

21   discovery, and to which no privilege or other protection applies, including without

22   limitation, the attorney-client privilege or attorney's work product doctrine.

23   **REQUEST FOR PRODUCTION NO. 66:**

24            All DOCUMENTS RELATING TO any actual, potential, proposed,

25   considered or contemplated work, activities or services, including without

26   limitation any freelance work or consulting services, by Jesse Ramirez for, with or

27   on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

28   such DOCUMENT was prepared, created, received or transmitted, whether in

1   whole or in part).

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

3              Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence.  Larian also objects to

8   this request on the ground that it is overbroad, unduly burdensome, and oppressive

9   in seeking all documents relating to any work, activities or services that Jesse

10  Ramirez performed for or with Larian or MGA or on their behalf.  Larian also

11  objects to this request on the grounds that it is vague and ambiguous in that Larian

12  cannot determine what is meant by "activities or services" and "with or on behalf of

13  YOU or MGA."  Larian will interpret "activities or services" to mean "work or

14  services," and "with" to mean "on behalf of."  Larian also objects to this request to

15  the extent it seeks information the disclosure of which would implicate the rights of

16  third parties to protect private, confidential, proprietary or trade secret information.

17  Larian also objects to this request on the grounds that it seeks confidential,

18  proprietary or commercially sensitive information, the disclosure of which would

19  be inimical to the business interests of Larian and one or more third parties.  Larian

20  also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-

22  product doctrine, joint defense or common interest privilege, or other privilege.

23  Larian also objects to this request to the extent it seeks documents not within

24  Larian's possession, custody or control.

25             Subject to the foregoing, Larian will produce any personal documents

26  dated prior to January 1, 2001, that are relevant and responsive to the request, if

27  any, and that have not already been produced, that he discovers in the course of his

28  reasonable search and diligent inquiry, which are within the permissible scope of

EXHIBIT 5

PAGE 179

- 69 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  discovery, and to which no privilege or other protection applies, including without

2  limitation, the attorney-client privilege or attorney's work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 67:**

4          All DOCUMENTS RELATING TO any actual, potential, proposed,

5  considered or contemplated work, activities or services, including without

6  limitation any freelance work or consulting services, by Margaret Hatch (also

7  known as Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of

8  YOU or MGA prior to December 31, 2001 (regardless of when any such

9  DOCUMENT was prepared, created, received or transmitted, whether in whole or

10  in part).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the ground that it is overbroad, unduly burdensome, and oppressive

18  in seeking all documents relating to any work, activities or services that Margaret

19  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for

20  or with Larian or MGA or on their behalf.  Larian also objects to this request on the

21  grounds that it is vague and ambiguous in that Larian cannot determine what is

22  meant by "activities or services" and "with or on behalf of YOU or MGA."  Larian

23  will interpret "activities or services" to mean "work or services," and "with" to

24  mean "on behalf of."  Larian also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to

26  protect private, confidential, proprietary or trade secret information.  Larian also

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT    5

PAGE    180

- 70 -

1   the business interests of Larian and one or more third parties.  Larian also objects to

2   this request to the extent it calls for the disclosure of attorney-client privileged

3   information or information protected from disclosure by the work-product doctrine,

4   joint defense or common interest privilege, or other privilege.  Larian also objects

5   to this request to the extent it seeks documents not within Larian's possession,

6   custody or control.

7           Subject to the foregoing, Larian will produce any personal documents

8   dated prior to January 1, 2001, that are relevant and responsive to the request, if

9   any, and that have not already been produced, that he discovers in the course of his

10  reasonable search and diligent inquiry, which are within the permissible scope of

11  discovery, and to which no privilege or other protection applies, including without

12  limitation, the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 68:**

14          All DOCUMENTS RELATING TO any actual, potential, proposed,

15  considered or contemplated work, activities or services, including without

16  limitation any freelance work or consulting services, by Elise Cloonan for, with or

17  on behalf of YOU or MGA.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the ground that it is overbroad, unduly burdensome, and oppressive

25  in seeking all documents relating to any work, activities or services that Elise

26  Cloonan performed for or with Larian or MGA or on their behalf, without

27  limitation as to time.  Larian also objects to this request on the grounds that it is

28  vague and ambiguous in that Larian cannot determine what is meant by "activities

1  or services" and "with or on behalf of YOU or MGA." Larian will interpret

2  "activities or services" to mean "work or services," and "with" to mean "on behalf

3  of." Larian also objects to this request to the extent it seeks information the

4  disclosure of which would implicate the rights of third parties to protect private,

5  confidential, proprietary or trade secret information. Larian also objects to this

6  request on the grounds that it seeks confidential, proprietary or commercially

7  sensitive information, the disclosure of which would be inimical to the business

8  interests of Larian and one or more third parties. Larian also objects to this request

9  to the extent it calls for the disclosure of attorney-client privileged information or

10 information protected from disclosure by the work-product doctrine, joint defense

11 or common interest privilege, or other privilege. Larian also objects to this request

12 to the extent it seeks documents not within Larian's possession, custody or control.

13         Subject to the foregoing, Larian will produce any personal documents

14 dated prior to January 1, 2001, that are relevant and responsive to the request, if

15 any, and that have not already been produced, that he discovers in the course of his

16 reasonable search and diligent inquiry, which are within the permissible scope of

17 discovery, and to which no privilege or other protection applies, including without

18 limitation, the attorney-client privilege or attorney's work product doctrine.

19 **REQUEST FOR PRODUCTION NO. 69:**

20         All DOCUMENTS RELATING TO any actual, potential, proposed,

21 considered or contemplated work, activities or services, including without

22 limitation any freelance work or consulting services, by Maureen Mullen for, with

23 or on behalf of YOU or MGA.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

25         Larian incorporates by reference the above-stated general objections as

26 if fully set forth herein. Larian also specifically objects to this request on the

27 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28 information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  182

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the ground that it is overbroad, unduly burdensome, and oppressive

3  in seeking all documents relating to any work, activities or services that Maureen

4  Mullen performed for or with Larian or MGA or on their behalf, without limitation

5  as to time.  Larian also objects to this request on the grounds that it is vague and

6  ambiguous in that Larian cannot determine what is meant by "activities or services"

7  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

8  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

9  also objects to this request to the extent it seeks information the disclosure of which

10  would implicate the rights of third parties to protect private, confidential,

11  proprietary or trade secret information.  Larian also objects to this request on the

12  grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian and one or more third parties.  Larian also objects to this request to the

15  extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19  **REQUEST FOR PRODUCTION NO. 70:**

20         All DOCUMENTS RELATING TO any actual, potential, proposed,

21  considered or contemplated work, activities or services, including without

22  limitation any freelance work or consulting services, by Billy Ragsdale for, with or

23  on behalf of YOU or MGA.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

25         Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 73 -

EXHIBIT     5

PAGE   183

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the ground that it is overbroad, unduly burdensome, and oppressive

3   in seeking all documents relating to any work, activities or services that Billy

4   Ragsdale performed for or with Larian or MGA or on their behalf, without

5   limitation as to time.  Larian also objects to this request on the grounds that it is

6   vague and ambiguous in that Larian cannot determine what is meant by "activities

7   or services" and "with or on behalf of YOU or MGA."  Larian will interpret

8   "activities or services" to mean "work or services," and "with" to mean "on behalf

9   of."  Larian also objects to this request to the extent it seeks information the

10  disclosure of which would implicate the rights of third parties to protect private,

11  confidential, proprietary or trade secret information.  Larian also objects to this

12  request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.  Larian also objects to this request

18  to the extent it seeks documents not within Larian's possession, custody or control.

19           Subject to the foregoing, Larian will produce any personal documents

20  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

21  request, if any, and that have not already been produced, that he discovers in the

22  course of his reasonable search and diligent inquiry, which are within the

23  permissible scope of discovery, and to which no privilege or other protection

24  applies, including without limitation, the attorney-client privilege or attorney's

25  work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 71:**

27           All DOCUMENTS RELATING TO any actual, potential, proposed,

28  considered or contemplated work, activities or services, including without



- 74 -

EXHIBIT 5

PAGE 184

1  limitation any freelance work or consulting services, by Wendy Ragsdale for, with

2  or on behalf of YOU or MGA.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

4          Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the ground that it is overbroad, unduly burdensome, and oppressive

10 in seeking all documents relating to any work, activities or services that Wendy

11 Ragsdale performed for or with Larian or MGA or on their behalf, without

12 limitation as to time.  Larian also objects to this request on the grounds that it is

13 vague and ambiguous in that Larian cannot determine what is meant by "activities

14 or services" and "with or on behalf of YOU or MGA."  Larian will interpret

15 "activities or services" to mean "work or services," and "with" to mean "on behalf

16 of."  Larian also objects to this request to the extent it seeks information the

17 disclosure of which would implicate the rights of third parties to protect private,

18 confidential, proprietary or trade secret information.  Larian also objects to this

19 request on the grounds that it seeks confidential, proprietary or commercially

20 sensitive information, the disclosure of which would be inimical to the business

21 interests of Larian and one or more third parties.  Larian also objects to this request

22 to the extent it calls for the disclosure of attorney-client privileged information or

23 information protected from disclosure by the work-product doctrine, joint defense

24 or common interest privilege, or other privilege.  Larian also objects to this request

25 to the extent it seeks documents not within Larian's possession, custody or control.

26          Subject to the foregoing, Larian will produce any personal documents

27 dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

28 request, if any, and that have not already been produced, that he discovers in the



EXHIBIT   5

PAGE   186

- 75 -

1  course of his reasonable search and diligent inquiry, which are within the

2  permissible scope of discovery, and to which no privilege or other protection

3  applies, including without limitation, the attorney-client privilege or attorney's

4  work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 72:**

6          All DOCUMENTS RELATING TO any actual, potential, proposed,

7  considered or contemplated work, activities or services, including without

8  limitation any freelance work or consulting services, by David Dees for, with or on

9  behalf of YOU or MGA.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

11          Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also objects to

16  this request on the ground that it is overbroad, unduly burdensome, and oppressive

17  in seeking all documents relating to any work, activities or services that David Dees

18  performed for or with Larian or MGA or on their behalf, without limitation as to

19  time.  Larian also objects to this request on the grounds that it is vague and

20  ambiguous in that Larian cannot determine what is meant by "activities or services"

21  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

22  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

23  also objects to this request to the extent it seeks information the disclosure of which

24  would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information.  Larian also objects to this request on the

26  grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties.  Larian also objects to this request to the

EXHIBIT 5

PAGE 186

- 76 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege. Larian also objects to this request

4  to the extent it seeks documents not within Larian's possession, custody or control.

5        Subject to the foregoing, Larian will produce any personal documents

6  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

7  request, if any, and that have not already been produced, that he discovers in the

8  course of his reasonable search and diligent inquiry, which are within the

9  permissible scope of discovery, and to which no privilege or other protection

10  applies, including without limitation, the attorney-client privilege or attorney's

11  work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 73:**

13        All DOCUMENTS RELATING TO any actual, potential, proposed,

14  considered or contemplated work, activities or services, including without

15  limitation any freelance work or consulting services, by Steve Linker for, with or on

16  behalf of YOU or MGA.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

18        Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein. Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence. Larian also objects to

23  this request on the ground that it is overbroad, unduly burdensome, and oppressive

24  in seeking all documents relating to any work, activities or services that Steve

25  Linker performed for or with Larian or MGA or on their behalf, without limitation

26  as to time. Larian also objects to this request on the grounds that it is vague and

27  ambiguous in that Larian cannot determine what is meant by "activities or services"

28  and "with or on behalf of YOU or MGA." Larian will interpret "activities or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 77 -

EXHIBIT 5

PAGE 187

1   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

2   also objects to this request to the extent it seeks information the disclosure of which

3   would implicate the rights of third parties to protect private, confidential,

4   proprietary or trade secret information.  Larian also objects to this request on the

5   grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties.  Larian also objects to this request to the

8   extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.  Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

14  request, if any, and that have not already been produced, that he discovers in the

15  course of his reasonable search and diligent inquiry, which are within the

16  permissible scope of discovery, and to which no privilege or other protection

17  applies, including without limitation, the attorney-client privilege or attorney's

18  work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 74:**

20          All DOCUMENTS RELATING TO Steve Linker and RELATING TO

21  any time prior to December 31, 2001 (regardless of when such document was

22  prepared, written, transmitted or received, whether in whole or in part).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

EXHIBIT ___5___

PAGE ___188___

- 78 -

1  this request on the grounds that it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the business

3  interests of Larian and one or more third parties.  Larian also objects to this request

4  to the extent it calls for the disclosure of attorney-client privileged information or

5  information protected from disclosure by the work-product doctrine, joint defense

6  or common interest privilege, or other privilege.  Larian also objects to this request

7  to the extent it seeks documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce any personal documents

9  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

10  request, if any, and that have not already been produced, that he discovers in the

11  course of his reasonable search and diligent inquiry, which are within the

12  permissible scope of discovery, and to which no privilege or other protection

13  applies, including without limitation, the attorney-client privilege or attorney's

14  work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 75:**

16          All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without

18  limitation any freelance work or consulting services, by Liz Hogan for, with or on

19  behalf of YOU or MGA.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request on the ground that it is overbroad, unduly burdensome, and oppressive

27  in seeking all documents relating to any work, activities or services that Liz Hogan

28  performed for or with Larian or MGA or on their behalf, without limitation as to

- 79 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE 189

1   time.  Larian also objects to this request on the grounds that it is vague and

2   ambiguous in that Larian cannot determine what is meant by "activities or services"

3   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

4   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

5   also objects to this request to the extent it seeks information the disclosure of which

6   would implicate the rights of third parties to protect private, confidential,

7   proprietary or trade secret information.  Larian also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive

9   information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties.  Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.  Larian also objects to this request

14  to the extent it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16  dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

17  request, if any, and that have not already been produced, that he discovers in the

18  course of his reasonable search and diligent inquiry, which are within the

19  permissible scope of discovery, and to which no privilege or other protection

20  applies, including without limitation, the attorney-client privilege or attorney's

21  work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 76:**

23          All DOCUMENTS RELATING TO any actual, potential, proposed,

24  considered or contemplated work, activities or services, including without

25  limitation any freelance work or consulting services, by Amy Meyers for, with or

26  on behalf of YOU or MGA.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

28          Larian incorporates by reference the above-stated general objections as

EXHIBIT   5

PAGE   190

- 80 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    if fully set forth herein.  Larian also specifically objects to this request on the

2    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3    information not relevant to the subject matter of this lawsuit or reasonably

4    calculated to lead to the discovery of admissible evidence.  Larian also objects to

5    this request on the ground that it is overbroad, unduly burdensome, and oppressive

6    in seeking all documents relating to any work, activities or services that Amy

7    Meyers performed for or with Larian or MGA or on their behalf, without limitation

8    as to time.  Larian also objects to this request on the grounds that it is vague and

9    ambiguous in that Larian cannot determine what is meant by "activities or services"

10   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

11   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

12   also objects to this request to the extent it seeks information the disclosure of which

13   would implicate the rights of third parties to protect private, confidential,

14   proprietary or trade secret information.  Larian also objects to this request on the

15   grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of

17   Larian and one or more third parties.  Larian also objects to this request to the

18   extent it calls for the disclosure of attorney-client privileged information or

19   information protected from disclosure by the work-product doctrine, joint defense

20   or common interest privilege, or other privilege.  Larian also objects to this request

21   to the extent it seeks documents not within Larian's possession, custody or control.

22           Subject to the foregoing, Larian will produce any personal documents

23   dated prior to June 1, 2001, relating to Prayer Angels that are relevant and

24   responsive to the request, if any, and that have not already been produced, that he

25   discovers in the course of his reasonable search and diligent inquiry, which are

26   within the permissible scope of discovery, and to which no privilege or other

27   protection applies, including without limitation, the attorney-client privilege or

28   attorney's work product doctrine.

EXHIBIT   5

PAGE   192

- 81 -

1 **REQUEST FOR PRODUCTION NO. 77:**

2      To the extent not covered by other Requests, all DOCUMENTS

3 RELATING TO any actual, potential, proposed, considered or contemplated work,

4 activities or services, including without limitation any freelance work or consulting

5 services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

7      Larian incorporates by reference the above-stated general objections as

8 if fully set forth herein.  Larian also specifically objects to this request on the

9 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10 information not relevant to the subject matter of this lawsuit or reasonably

11 calculated to lead to the discovery of admissible evidence.  Larian also objects to

12 this request on the ground that it is overbroad, unduly burdensome, and oppressive

13 in seeking all documents relating to any work, activities or services relating to Bratz

14 that any person performed.  Larian also objects to this request on the grounds that it

15 is vague and ambiguous in that Larian cannot determine what is meant by

16 "activities or services."  Larian will interpret "activities or services" to mean "work

17 or services."  Larian also objects to this request to the extent it seeks information

18 the disclosure of which would implicate the rights of third parties to protect private,

19 confidential, proprietary or trade secret information.  Larian also objects to this

20 request on the grounds that it seeks confidential, proprietary or commercially

21 sensitive information, the disclosure of which would be inimical to the business

22 interests of Larian and one or more third parties.  Larian also objects to this request

23 to the extent it calls for the disclosure of attorney-client privileged information or

24 information protected from disclosure by the work-product doctrine, joint defense

25 or common interest privilege, or other privilege.  Larian also objects to this request

26 to the extent it seeks documents not within Larian's possession, custody or control.

27      Subject to the foregoing, Larian will produce any personal documents

28 dated prior to June 1, 2001, that are relevant and responsive to the request, if any,

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT ___5___

PAGE ___192___

1  and that have not already been produced, that he discovers in the course of his

2  reasonable search and diligent inquiry, which are within the permissible scope of

3  discovery, and to which no privilege or other protection applies, including without

4  limitation, the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 78:**

6         To the extent not covered by other Requests, all DOCUMENTS

7  RELATING TO any actual, potential, proposed, considered or contemplated work,

8  activities or services, including without limitation any freelance work or consulting

9  services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

11         Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also objects to

16  this request on the ground that it is overbroad, unduly burdensome, and oppressive

17  in seeking all documents relating to any work, activities or services relating to

18  Angel that any person performed.  Larian also objects to this request on the grounds

19  that it is vague and ambiguous in that Larian cannot determine what is meant by

20  "activities or services."  Larian will interpret "activities or services" to mean "work

21  or services."  Larian also objects to this request to the extent it seeks information

22  the disclosure of which would implicate the rights of third parties to protect private,

23  confidential, proprietary or trade secret information.  Larian also objects to this

24  request on the grounds that it seeks confidential, proprietary or commercially

25  sensitive information, the disclosure of which would be inimical to the business

26  interests of Larian and one or more third parties.  Larian also objects to this request

27  to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

EXHIBIT __5__

PAGE __193__

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  or common interest privilege, or other privilege.  Larian also objects to this request

2  to the extent it seeks documents not within Larian's possession, custody or control.

3       Subject to the foregoing, Larian will produce any personal documents

4  sufficient to show the achievement of major milestones on Prayer Angels dated

5  prior to January 1, 2001, that are relevant and responsive to the request, if any, and

6  that have not already been produced, that he discovers in the course of his

7  reasonable search and diligent inquiry, which are within the permissible scope of

8  discovery, and to which no privilege or other protection applies, including without

9  limitation, the attorney-client privilege or attorney's work product doctrine.

10 **REQUEST FOR PRODUCTION NO. 79:**

11      All DOCUMENTS RELATING TO any focus groups RELATING TO

12 BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

13 notes and reports associated therewith.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

15      Larian incorporates by reference the above-stated general objections as

16 if fully set forth herein.  Larian also specifically objects to this request on the

17 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18 information not relevant to the subject matter of this lawsuit or reasonably

19 calculated to lead to the discovery of admissible evidence.  Larian also objects to

20 this request on the grounds that it seeks confidential, proprietary or commercially

21 sensitive information, the disclosure of which would be inimical to the business

22 interests of Larian and one or more third parties.  Larian also objects to this request

23 to the extent it calls for the disclosure of attorney-client privileged information or

24 information protected from disclosure by the work-product doctrine, joint defense

25 or common interest privilege, or other privilege.  Larian also objects to this request

26 to the extent it seeks information the disclosure of which would implicate the rights

27 of third parties to protect private, confidential, proprietary or trade secret

28 information.  Larian also objects to this request to the extent it seeks documents not

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5
PAGE 194

1  within Larian's possession, custody or control.

2  **REQUEST FOR PRODUCTION NO. 80:**

3         All DOCUMENTS RELATING TO any services or work performed

4  by L.A. Focus between January 1, 1999 and December 31, 2001, including without

5  limitation all videotapes, summaries, notes and reports associated therewith.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

7         Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to any services or work that L.A. Focus

14  performed, regardless of the individuals or companies for whom those services

15  were performed.  Larian also objects to this request to the extent it seeks

16  information the disclosure of which would implicate the rights of third parties to

17  protect private, confidential, proprietary or trade secret information.  Larian also

18  objects to this request on the grounds that it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties.  Larian also objects to

21  this request to the extent it calls for the disclosure of attorney-client privileged

22  information or information protected from disclosure by the work-product doctrine,

23  joint defense or common interest privilege, or other privilege.  Larian also objects

24  to this request to the extent it seeks documents not within Larian's possession,

25  custody or control.

26  **REQUEST FOR PRODUCTION NO. 81:**

27         All DOCUMENTS RELATING TO Alaska Momma.

28

EXHIBIT ___5___

PAGE __195__

- 85 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81**:

2      Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the ground that it is overbroad, unduly burdensome, and oppressive

8  in seeking all documents relating to Alaska Momma, without limitation as to

9  subject matter or time.  Larian also objects to this request to the extent it seeks

10  information the disclosure of which would implicate the rights of third parties to

11  protect private, confidential, proprietary or trade secret information.  Larian also

12  objects to this request on the grounds that it seeks confidential, proprietary or

13  commercially sensitive information, the disclosure of which would be inimical to

14  the business interests of Larian and one or more third parties.  Larian also objects to

15  this request to the extent it calls for the disclosure of attorney-client privileged

16  information or information protected from disclosure by the work-product doctrine,

17  joint defense or common interest privilege, or other privilege.  Larian also objects

18  to this request to the extent it seeks documents not within Larian's possession,

19  custody or control.

20  **REQUEST FOR PRODUCTION NO. 82**:

21      All DOCUMENTS RELATING TO any actual, potential, proposed,

22  considered or contemplated agreement or contract between YOU or MGA and

23  Anna Rhee, including without limitation all drafts thereof and amendments,

24  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82**:

26      Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein. Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

- 86 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 196

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also objects to

3   this request on the grounds that it is overbroad, unlimited as to time, and unduly

4   burdensome and oppressive.  Larian also objects to this request on the grounds that

5   it seeks information in violation of the right of privacy.  Larian also objects to this

6   request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of Larian and one or more third parties.  Larian also objects to this request

9   to the extent it calls for the disclosure of attorney-client privileged information or

10   information protected from disclosure by the work-product doctrine, joint defense

11   or common interest privilege, or other privilege.  Larian also objects to this request

12   to the extent it seeks documents not within Larian's possession, custody or control.

13          Subject to the foregoing, Larian will produce any personal documents

14   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

15   and responsive to the request, if any, and that have not already been produced, that

16   he discovers in the course of his reasonable search and diligent inquiry, which are

17   within the permissible scope of discovery, and to which no privilege or other

18   protection applies, including without limitation, the attorney-client privilege or

19   attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 83:**

21          All DOCUMENTS RELATING TO any payments of money or the

22   transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein. Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 87 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   191

1  this request on the grounds that it is overbroad, unlimited as to time, and unduly

2  burdensome and oppressive.  Larian also objects to this request on the grounds that

3  it seeks information in violation of the right of privacy.  Larian also objects to this

4  request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties.  Larian also objects to this request

7  to the extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege.  Larian also objects to this request

10  to the extent it seeks documents not within Larian's possession, custody or control.

11  　　　　　Subject to the foregoing, Larian will produce any personal documents

12  dated prior to June 1, 2001, relating to Bratz or Prayer Angels that are relevant and

13  responsive to the request, if any, and that have not already been produced, that he

14  discovers in the course of his reasonable search and diligent inquiry, which are

15  within the permissible scope of discovery, and to which no privilege or other

16  protection applies, including without limitation, the attorney-client privilege or

17  attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 84:**

19  　　　　　All DOCUMENTS RELATING TO any actual, potential, proposed,

20  considered or contemplated agreement or contract between YOU or MGA and

21  Veronica Marlow or her FAMILY MEMBERS, including without limitation all

22  drafts thereof and amendments, modifications and revisions thereto, and all

23  COMMUNICATIONS relating thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

25  　　　　　Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 88 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  198

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it is overbroad, unlimited as to time, and unduly

3   burdensome and oppressive.  Larian also objects to this request on the grounds that

4   it seeks information in violation of the right of privacy.  Larian also objects to this

5   request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian also objects to this request

8   to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege.  Larian also objects to this request

11   to the extent it seeks documents not within Larian's possession, custody or control.

12         Subject to the foregoing, Larian will produce any personal documents

13   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14   and responsive to the request, if any, and that have not already been produced, that

15   he discovers in the course of his reasonable search and diligent inquiry, which are

16   within the permissible scope of discovery, and to which no privilege or other

17   protection applies, including without limitation, the attorney-client privilege or

18   attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 85:**

20         All DOCUMENTS RELATING TO any payments of money or the

21   transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

23         Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein. Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 199

1   burdensome and oppressive.  Larian also objects to this request on the grounds that

2   it seeks information in violation of the right of privacy.  Larian also objects to this

3   request on the grounds that it seeks confidential, proprietary or commercially

4   sensitive information, the disclosure of which would be inimical to the business

5   interests of Larian and one or more third parties.  Larian also objects to this request

6   to the extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.  Larian also objects to this request

9   to the extent it seeks documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce any personal documents

11   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12   and responsive to the request, if any, and that have not already been produced, that

13   he discovers in the course of his reasonable search and diligent inquiry, which are

14   within the permissible scope of discovery, and to which no privilege or other

15   protection applies, including without limitation, the attorney-client privilege or

16   attorney's work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 86:**

18          All DOCUMENTS RELATING TO any actual, potential, proposed,

19   considered or contemplated agreement or contract between YOU or MGA and

20   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

21   her FAMILY MEMBERS, including without limitation all drafts thereof and

22   amendments, modifications and revisions thereto, and all COMMUNICATIONS

23   relating thereto.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

25          Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

- 90 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 200

1    calculated to lead to the discovery of admissible evidence.  Larian also objects to

2    this request on the grounds that it seeks information in violation of the right of

3    privacy.  Larian also objects to this request on the grounds that it is overbroad,

4    unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5    this request on the grounds that it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business

7    interests of Larian and one or more third parties.  Larian also objects to this request

8    to the extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege.  Larian also objects to this request

11   to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14   and responsive to the request, if any, and that have not already been produced, that

15   he discovers in the course of his reasonable search and diligent inquiry, which are

16   within the permissible scope of discovery, and to which no privilege or other

17   protection applies, including without limitation, the attorney-client privilege or

18   attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 87:**

20          All DOCUMENTS RELATING TO any payments of money or the

21   transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

22   and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to

EXHIBIT 5

PAGE 201

- 91 -

1    this request on the grounds that it is overbroad, unlimited as to time, and unduly

2    burdensome and oppressive.  Larian also objects to this request on the grounds that

3    it seeks information in violation of the right of privacy.  Larian also objects to this

4    request on the grounds that it seeks confidential, proprietary or commercially

5    sensitive information, the disclosure of which would be inimical to the business

6    interests of Larian and one or more third parties.  Larian also objects to this request

7    to the extent it calls for the disclosure of attorney-client privileged information or

8    information protected from disclosure by the work-product doctrine, joint defense

9    or common interest privilege, or other privilege.  Larian also objects to this request

10   to the extent it seeks documents not within Larian's possession, custody or control.

11            Subject to the foregoing, Larian will produce any personal documents

12   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

13   and responsive to the request, if any, and that have not already been produced, that

14   he discovers in the course of his reasonable search and diligent inquiry, which are

15   within the permissible scope of discovery, and to which no privilege or other

16   protection applies, including without limitation, the attorney-client privilege or

17   attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 88:**

19            All DOCUMENTS RELATING TO any actual, potential, proposed,

20   considered or contemplated agreement or contract between YOU or MGA and

21   Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts

22   thereof and amendments, modifications and revisions thereto, and all

23   COMMUNICATIONS relating thereto.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

25            Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT  5                          - 92 -          LARIAN'S RESPONSE TO MATTEL'S 1ST
                                                    SET OF REQUESTS FOR PRODUCTION
PAGE  202                                            CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy.  Larian also objects to this request on the grounds that it is overbroad,

4   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian also objects to this request

8   to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10  or common interest privilege, or other privilege.  Larian also objects to this request

11  to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 89:**

20          All DOCUMENTS RELATING TO any payments of money or the

21  transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the grounds that it is overbroad, unlimited as to time, and unduly

- 93 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 203