1    burdensome and oppressive.  Larian also objects to this request on the grounds that

2    it seeks information in violation of the right of privacy.  Larian also objects to this

3    request on the grounds that it seeks confidential, proprietary or commercially

4    sensitive information, the disclosure of which would be inimical to the business

5    interests of Larian and one or more third parties.  Larian also objects to this request

6    to the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense

8    or common interest privilege, or other privilege.  Larian also objects to this request

9    to the extent it seeks documents not within Larian's possession, custody or control.

10         Subject to the foregoing, Larian will produce any personal documents

11    dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12    and responsive to the request, if any, and that have not already been produced, that

13    he discovers in the course of his reasonable search and diligent inquiry, which are

14    within the permissible scope of discovery, and to which no privilege or other

15    protection applies, including without limitation, the attorney-client privilege or

16    attorney's work product doctrine.

17    **REQUEST FOR PRODUCTION NO. 90:**

18         All DOCUMENTS RELATING TO any actual, potential, proposed,

19    considered or contemplated agreement or contract between YOU or MGA and Jesse

20    Ramirez or his FAMILY MEMBERS, including without limitation all drafts

21    thereof and amendments, modifications and revisions thereto, and all

22    COMMUNICATIONS relating thereto.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

24         Larian incorporates by reference the above-stated general objections as

25    if fully set forth herein.  Larian also specifically objects to this request on the

26    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27    information not relevant to the subject matter of this lawsuit or reasonably

28    calculated to lead to the discovery of admissible evidence.  Larian also objects to

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 204

1  this request on the grounds that it seeks information in violation of the right of

2  privacy.  Larian also objects to this request on the grounds that it is overbroad,

3  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties.  Larian also objects to this request

7  to the extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege.  Larian also objects to this request

10  to the extent it seeks documents not within Larian's possession, custody or control.

11       Subject to the foregoing, Larian will produce any personal documents

12  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

13  and responsive to the request, if any, and that have not already been produced, that

14  he discovers in the course of his reasonable search and diligent inquiry, which are

15  within the permissible scope of discovery, and to which no privilege or other

16  protection applies, including without limitation, the attorney-client privilege or

17  attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 91:**

19       All DOCUMENTS RELATING TO any actual, potential, proposed,

20  considered or contemplated agreement or contract between YOU or MGA and Elise

21  Cloonan or her FAMILY MEMBERS, including without limitation all drafts

22  thereof and amendments, modifications and revisions thereto, and all

23  COMMUNICATIONS relating thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

25       Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT __5__

PAGE __205__

- 95 -

1    calculated to lead to the discovery of admissible evidence.  Larian also objects to

2    this request on the grounds that it seeks information in violation of the right of

3    privacy.  Larian also objects to this request on the grounds that it is overbroad,

4    unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

5    this request on the grounds that it seeks confidential, proprietary or commercially

6    sensitive information, the disclosure of which would be inimical to the business

7    interests of Larian and one or more third parties.  Larian also objects to this request

8    to the extent it calls for the disclosure of attorney-client privileged information or

9    information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege.  Larian also objects to this request

11   to the extent it seeks documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14   and responsive to the request, if any, and that have not already been produced, that

15   he discovers in the course of his reasonable search and diligent inquiry, which are

16   within the permissible scope of discovery, and to which no privilege or other

17   protection applies, including without limitation, the attorney-client privilege or

18   attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 92:**

20          All DOCUMENTS RELATING TO any payments of money or the

21   transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

23          Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request on the grounds that it is overbroad, unlimited as to time, and unduly

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT  5

PAGE  206

1    burdensome and oppressive.  Larian also objects to this request on the grounds that

2    it seeks information in violation of the right of privacy.  Larian also objects to this

3    request on the grounds that it seeks confidential, proprietary or commercially

4    sensitive information, the disclosure of which would be inimical to the business

5    interests of Larian and one or more third parties.  Larian also objects to this request

6    to the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense

8    or common interest privilege, or other privilege.  Larian also objects to this request

9    to the extent it seeks documents not within Larian's possession, custody or control.

10           Subject to the foregoing, Larian will produce any personal documents

11   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

12   and responsive to the request, if any, and that have not already been produced, that

13   he discovers in the course of his reasonable search and diligent inquiry, which are

14   within the permissible scope of discovery, and to which no privilege or other

15   protection applies, including without limitation, the attorney-client privilege or

16   attorney's work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 93:**

18           All DOCUMENTS RELATING TO any actual, potential, proposed,

19   considered or contemplated agreement or contract between YOU or MGA and

20   Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

21   including without limitation all drafts thereof and amendments, modifications and

22   revisions thereto, and all COMMUNICATIONS relating thereto.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

24           Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to

EXHIBIT  5

PAGE  207

- 97 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   this request on the grounds that it seeks information in violation of the right of

2   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

3   proprietary or commercially sensitive information, the disclosure of which would

4   be inimical to the business interests of Larian and one or more third parties.  Larian

5   also objects to this request to the extent it calls for the disclosure of attorney-client

6   privileged information or information protected from disclosure by the work-

7   product doctrine, joint defense or common interest privilege, or other privilege.

8   Larian also objects to this request to the extent it seeks documents not within

9   Larian's possession, custody or control.

10   **REQUEST FOR PRODUCTION NO. 94:**

11            All DOCUMENTS RELATING TO any actual, potential, proposed,

12   considered or contemplated agreement or contract between YOU or MGA and

13   David Dees or his FAMILY MEMBERS, including without limitation all drafts

14   thereof and amendments, modifications and revisions thereto, and all

15   COMMUNICATIONS relating thereto.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

17            Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence.  Larian also objects to

22   this request on the grounds that it seeks information in violation of the right of

23   privacy.  Larian also objects to this request on the grounds that it is overbroad,

24   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

25   this request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business

27   interests of Larian and one or more third parties.  Larian also objects to this request

28   to the extent it calls for the disclosure of attorney-client privileged information or

EXHIBIT 5

PAGE 208

- 98 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    information protected from disclosure by the work-product doctrine, joint defense

2    or common interest privilege, or other privilege.  Larian also objects to this request

3    to the extent it seeks documents not within Larian's possession, custody or control.

4            Subject to the foregoing, Larian will produce any personal documents

5    dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

6    and responsive to the request, if any, and that have not already been produced, that

7    he discovers in the course of his reasonable search and diligent inquiry, which are

8    within the permissible scope of discovery, and to which no privilege or other

9    protection applies, including without limitation, the attorney-client privilege or

10   attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 95:**

12           All DOCUMENTS RELATING TO any payments of money or the

13   transfer of anything of value to David Dees or her FAMILY MEMBERS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

15           Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence.  Larian also objects to

20   this request on the grounds that it is overbroad, unlimited as to time, and unduly

21   burdensome and oppressive.  Larian also objects to this request on the grounds that

22   it seeks information in violation of the right of privacy.  Larian also objects to this

23   request on the grounds that it seeks confidential, proprietary or commercially

24   sensitive information, the disclosure of which would be inimical to the business

25   interests of Larian and one or more third parties.  Larian also objects to this request

26   to the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege.  Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 209

1   to the extent it seeks documents not within Larian's possession, custody or control.

2         Subject to the foregoing, Larian will produce any personal documents

3   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

4   and responsive to the request, if any, and that have not already been produced, that

5   he discovers in the course of his reasonable search and diligent inquiry, which are

6   within the permissible scope of discovery, and to which no privilege or other

7   protection applies, including without limitation, the attorney-client privilege or

8   attorney's work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 96:**

10        All DOCUMENTS RELATING TO any actual, potential, proposed,

11  considered or contemplated agreement or contract between YOU or MGA and

12  Steve Linker, including without limitation all drafts thereof and amendments,

13  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

15        Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it seeks information in violation of the right of

21  privacy.  Larian also objects to this request on the grounds that it is overbroad,

22  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

23  this request on the grounds that it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of Larian and one or more third parties.  Larian also objects to this request

26  to the extent it calls for the disclosure of attorney-client privileged information or

27  information protected from disclosure by the work-product doctrine, joint defense

28  or common interest privilege, or other privilege.  Larian also objects to this request

EXHIBIT _____ 5

PAGE _____ 210

- 100 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    to the extent it seeks documents not within Larian's possession, custody or control.

2          Subject to the foregoing, Larian will produce any personal documents

3    dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

4    request, if any, and that have not already been produced, that he discovers in the

5    course of his reasonable search and diligent inquiry, which are within the

6    permissible scope of discovery, and to which no privilege or other protection

7    applies, including without limitation, the attorney-client privilege or attorney's

8    work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 97:**

10          All DOCUMENTS RELATING TO any actual, potential, proposed,

11    considered or contemplated agreement or contract between YOU or MGA and Liz

12    Hogan, including without limitation all drafts thereof and amendments,

13    modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

15          Larian incorporates by reference the above-stated general objections as

16    if fully set forth herein.  Larian also specifically objects to this request on the

17    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18    information not relevant to the subject matter of this lawsuit or reasonably

19    calculated to lead to the discovery of admissible evidence.  Larian also objects to

20    this request on the grounds that it seeks information in violation of the right of

21    privacy.  Larian also objects to this request on the grounds that it is overbroad,

22    unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

23    this request on the grounds that it seeks confidential, proprietary or commercially

24    sensitive information, the disclosure of which would be inimical to the business

25    interests of Larian and one or more third parties.  Larian also objects to this request

26    to the extent it calls for the disclosure of attorney-client privileged information or

27    information protected from disclosure by the work-product doctrine, joint defense

28    or common interest privilege, or other privilege.  Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 211

1    to the extent it seeks documents not within Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce any personal documents

3    dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the

4    request, if any, and that have not already been produced, that he discovers in the

5    course of his reasonable search and diligent inquiry, which are within the

6    permissible scope of discovery, and to which no privilege or other protection

7    applies, including without limitation, the attorney-client privilege or attorney's

8    work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 98:**

10            All DOCUMENTS RELATING TO DESIGNS produced, prepared,

11    created, authored, conceived of or reduced to practice prior to December 31, 2001

12    by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

13    whether alone or jointly with others, in which YOU or MGA have purported at any

14    time to purchase, acquire or own any right, title or interest (whether in whole or in

15    part).

16    **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

17            Larian incorporates by reference the above-stated general objections as

18    if fully set forth herein.  Larian also specifically objects to this request to the extent

19    it seeks information not relevant or reasonably calculated to lead to the discovery of

20    admissible evidence and is, thus, overbroad, including, without limitation, seeking

21    documents relating to any designs produced, prepared, created, authored, conceived

22    of or reduced to practice prior to December 31, 2001, by Margaret Leahy, and is

23    therefore not limited to those designs that may be at issue in this litigation.  Larian

24    also objects to this request on the grounds that it seeks confidential, proprietary or

25    commercially sensitive information, the disclosure of which would be inimical to

26    the business interests of Larian and one or more third parties.  Larian further objects

27    to this request to the extent it seeks information the disclosure of which would

28    implicate the rights of third parties to protect private, confidential, proprietary or

EXHIBIT 5

PAGE 212

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   trade secret information.  Larian also objects to this request to the extent it calls for

2   the disclosure of attorney-client privileged information or information protected

3   from disclosure by the work-product doctrine, joint defense or common interest

4   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

5   documents not within Larian's possession, custody or control.

6           Subject to the foregoing, Larian will produce any personal documents

7   dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

8   and responsive to the request, if any, and that have not already been produced, that

9   he discovers in the course of his reasonable search and diligent inquiry, which are

10  within the permissible scope of discovery, and to which no privilege or other

11  protection applies, including without limitation, the attorney-client privilege or

12  attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 99:**

14          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

15  created, authored, conceived of or reduced to practice prior to December 31, 2001

16  by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

17  purported at any time to purchase, acquire or own any right, title or interest

18  (whether in whole or in part).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request to the extent

22  it seeks information not relevant or reasonably calculated to lead to the discovery of

23  admissible evidence and is, thus, overbroad, including, without limitation, seeking

24  documents relating to any designs produced, prepared, created, authored, conceived

25  of or reduced to practice prior to December 31, 2001, by Anna Rhee, and is

26  therefore not limited to those designs that may be at issue in this litigation.  Larian

27  also objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT  **5**

PAGE  **213**

                                    - 103 -        LARIAN'S RESPONSE TO MATTEL'S 1ST
                                                   SET OF REQUESTS FOR PRODUCTION
                                                   CV 04-9049 SGL (RNBX)

1  the business interests of Larian and one or more third parties.  Larian further objects

2  to this request to the extent it seeks information the disclosure of which would

3  implicate the rights of third parties to protect private, confidential, proprietary or

4  trade secret information.  Larian also objects to this request to the extent it calls for

5  the disclosure of attorney-client privileged information or information protected

6  from disclosure by the work-product doctrine, joint defense or common interest

7  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

8  documents not within Larian's possession, custody or control.

9        Subject to the foregoing, Larian will produce any personal documents

10  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

11  and responsive to the request, if any, and that have not already been produced, that

12  he discovers in the course of his reasonable search and diligent inquiry, which are

13  within the permissible scope of discovery, and to which no privilege or other

14  protection applies, including without limitation, the attorney-client privilege or

15  attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 100:**

17        All DOCUMENTS RELATING TO DESIGNS produced, prepared,

18  created, authored, conceived of or reduced to practice prior to January 1, 2001 by

19  Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

20  have purported at any time to purchase, acquire or own any right, title or interest

21  (whether in whole or in part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

23        Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request to the extent

25  it seeks information not relevant or reasonably calculated to lead to the discovery of

26  admissible evidence and is, thus, overbroad, including, without limitation, seeking

27  documents relating to any designs produced, prepared, created, authored, conceived

28  of or reduced to practice prior to January 1, 2001, by Veronica Marlow, and is

- 104 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT     5

PAGE     214

1   therefore not limited to those designs that may be at issue in this litigation.  Larian

2   also objects to this request on the grounds that it seeks confidential, proprietary or

3   commercially sensitive information, the disclosure of which would be inimical to

4   the business interests of Larian and one or more third parties.  Larian further objects

5   to this request to the extent it seeks information the disclosure of which would

6   implicate the rights of third parties to protect private, confidential, proprietary or

7   trade secret information.  Larian also objects to this request to the extent it calls for

8   the disclosure of attorney-client privileged information or information protected

9   from disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  dated prior to June 1, 2001, relating to Bratz and Prayer Angels that are relevant

14  and responsive to the request, if any, and that have not already been produced, that

15  he discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 101:**

20          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

21  created, authored, conceived of or reduced to practice by Elise Cloonan, whether

22  alone or jointly with others, in which YOU or MGA have purported at any time to

23  purchase, acquire or own any right, title or interest (whether in whole or in part).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request to the extent

27  it seeks information not relevant or reasonably calculated to lead to the discovery of

28  admissible evidence and is, thus, overbroad, including, without limitation, seeking



EXHIBIT _5_

PAGE _215_

- 105 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   documents relating to any designs produced, prepared, created, authored, conceived
2   of or reduced to practice by Elise Cloonan, and is therefore not limited as to time or
3   as to those designs that may be at issue in this litigation.  Larian also objects to this
4   request on the grounds that it seeks confidential, proprietary or commercially
5   sensitive information, the disclosure of which would be inimical to the business
6   interests of Larian and one or more third parties.  Larian further objects to this
7   request to the extent it seeks information the disclosure of which would implicate
8   the rights of third parties to protect private, confidential, proprietary or trade secret
9   information.  Larian also objects to this request to the extent it calls for the
10   disclosure of attorney-client privileged information or information protected from
11   disclosure by the work-product doctrine, joint defense or common interest
12   privilege, or other privilege.  Larian also objects to this request to the extent it seeks
13   documents not within Larian's possession, custody or control.
14        Subject to the foregoing, Larian will produce any personal documents
15   dated prior to June 1, 2001, relating to Bratz that are relevant and responsive to the
16   request, if any, and that have not already been produced, that he discovers in the
17   course of his reasonable search and diligent inquiry, which are within the
18   permissible scope of discovery, and to which no privilege or other protection
19   applies, including without limitation, the attorney-client privilege or attorney's
20   work product doctrine.
21   **REQUEST FOR PRODUCTION NO. 102:**
22        All DOCUMENTS prepared, written, transmitted or received (whether
23   in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.
24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**
25        Larian incorporates by reference the above-stated general objections as
26   if fully set forth herein.  Larian also specifically objects to this request on the
27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
28   information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT 5

PAGE 216

- 106 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also specifically

2   objects to this request on the grounds that it seeks confidential, proprietary or

3   commercially sensitive information, the disclosure of which would be inimical to

4   the business interests of Larian.  Larian also objects to this request to the extent it

5   calls for the disclosure of attorney-client privileged information or information

6   protected from disclosure by the work-product doctrine, joint defense or common

7   interest privilege, or other privilege.  Larian also objects to this request to the extent

8   it seeks documents not within Larian's possession, custody or control.

9           Subject to the foregoing, Larian will produce any personal documents

10   related to the achievement of major milestones for Prayer Angels that are relevant

11   and responsive to the request, if any, and that have not already been produced, that

12   he discovers in the course of his reasonable search and diligent inquiry, which are

13   within the permissible scope of discovery, and to which no privilege or other

14   protection applies, including without limitation, the attorney-client privilege or

15   attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 103:**

17           All DOCUMENTS RELATING TO ANGEL RELATING TO any

18   time prior to January 1, 2001 (regardless of when such document was prepared,

19   written, transmitted or received, whether in whole or in part).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

21           Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also specifically

26   objects to this request in the grounds that it is vague, ambiguous and unintelligible,

27   particularly in its use of the phrase "relating to Angel relating to ay time prior to

28   January 1, 2001."  Larian also objects to this request on the grounds that it seeks

- 107 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   217

1   confidential, proprietary or commercially sensitive information, the disclosure of

2   which would be inimical to the business interests of Larian and one or more third

3   parties.  Larian also objects to this request to the extent it calls for the disclosure of

4   attorney-client privileged information or information protected from disclosure by

5   the work-product doctrine, joint defense or common interest privilege, or other

6   privilege.  Larian also objects to this request to the extent it seeks documents not

7   within Larian's possession, custody or control.

8           Subject to the foregoing, Larian will produce any personal documents

9   related to the achievement of major milestones for Prayer Angels that are relevant

10   and responsive to the request, if any, and that have not already been produced, that

11   he discovers in the course of his reasonable search and diligent inquiry, which are

12   within the permissible scope of discovery, and to which no privilege or other

13   protection applies, including without limitation, the attorney-client privilege or

14   attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 104:**

16           All DOCUMENTS, including without limitation all

17   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

18   any agreement or contract between Margaret Hatch (also known as Margaret Leahy

19   and/or Margaret Hatch-Leahy) and MATTEL.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

21           Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also objects to

26   this request on the grounds that it seeks information in violation of the right of

27   privacy.  Larian also objects to this request on the grounds that it is overbroad,

28   unduly burdensome, and oppressive in seeking all communications between Larian

EXHIBIT __5__

PAGE __218__

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   or MGA and any person and without limitation as to time.  Larian also objects to

2   this request on the grounds that it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of Larian and one or more third parties.  Larian also objects to this request

5   to the extent it seeks information the disclosure of which would implicate the rights

6   of third parties to protect private, confidential, proprietary or trade secret

7   information.  Larian also objects to this request to the extent it calls for the

8   disclosure of attorney-client privileged information or information protected from

9   disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12  **REQUEST FOR PRODUCTION NO. 105:**

13          All DOCUMENTS, including without limitation all

14  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

15  any agreement or contract between Kami Gillmour and MATTEL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

17          Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy.  Larian also objects to this request on the grounds that it is overbroad,

24  unduly burdensome, and oppressive in seeking all communications between Larian

25  or MGA and any person and without limitation as to time.  Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  219

1    to the extent it seeks information the disclosure of which would implicate the rights

2    of third parties to protect private, confidential, proprietary or trade secret

3    information.  Larian also objects to this request to the extent it calls for the

4    disclosure of attorney-client privileged information or information protected from

5    disclosure by the work-product doctrine, joint defense or common interest

6    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7    documents not within Larian's possession, custody or control.

8    **REQUEST FOR PRODUCTION NO. 106:**

9            All DOCUMENTS, including without limitation all

10   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

11   any agreement or contract between Paula Garcia and MATTEL.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

13           Larian incorporates by reference the above-stated general objections as

14   if fully set forth herein.  Larian also specifically objects to this request on the

15   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably

17   calculated to lead to the discovery of admissible evidence.  Larian also objects to

18   this request on the grounds that it seeks information in violation of the right of

19   privacy.  Larian also objects to this request on the grounds that it is overbroad,

20   unduly burdensome, and oppressive in seeking all communications between Larian

21   or MGA and any person and without limitation as to time.  Larian also objects to

22   this request on the grounds that it seeks confidential, proprietary or commercially

23   sensitive information, the disclosure of which would be inimical to the business

24   interests of Larian and one or more third parties.  Larian also objects to this request

25   to the extent it seeks information the disclosure of which would implicate the rights

26   of third parties to protect private, confidential, proprietary or trade secret

27   information.  Larian also objects to this request to the extent it calls for the

28   disclosure of attorney-client privileged information or information protected from

EXHIBIT   5

PAGE   220

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

3   documents not within Larian's possession, custody or control.

4   **REQUEST FOR PRODUCTION NO. 107:**

5          All DOCUMENTS, including without limitation all

6   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

7   any agreement or contract between Mercedeh Ward and MATTEL.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

9          Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it seeks information in violation of the right of

15  privacy.  Larian also objects to this request on the grounds that it is overbroad,

16  unduly burdensome, and oppressive in seeking all communications between Larian

17  or MGA and any person and without limitation as to time.  Larian also objects to

18  this request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.  Larian also objects to this request

21  to the extent it seeks information the disclosure of which would implicate the rights

22  of third parties to protect private, confidential, proprietary or trade secret

23  information.  Larian also objects to this request to the extent it calls for the

24  disclosure of attorney-client privileged information or information protected from

25  disclosure by the work-product doctrine, joint defense or common interest

26  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

27  documents not within Larian's possession, custody or control.

28



- 111 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 108:**

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between Jessie Ramirez and MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all communications between Larian or MGA and any person and without limitation as to time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between Billy Ragsdale and MATTEL.

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 222

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all communications between Larian or MGA and any person and without limitation as to time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

**REQUEST FOR PRODUCTION NO. 110:**

All DOCUMENTS, including without limitation all COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO any agreement or contract between Wendy Ragsdale and MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 223

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence. Larian also objects to

3   this request on the grounds that it seeks information in violation of the right of

4   privacy. Larian also objects to this request on the grounds that it is overbroad,

5   unduly burdensome, and oppressive in seeking all communications between Larian

6   or MGA and any person and without limitation as to time. Larian also objects to

7   this request on the grounds that it seeks confidential, proprietary or commercially

8   sensitive information, the disclosure of which would be inimical to the business

9   interests of Larian and one or more third parties. Larian also objects to this request

10   to the extent it seeks information the disclosure of which would implicate the rights

11   of third parties to protect private, confidential, proprietary or trade secret

12   information. Larian also objects to this request to the extent it calls for the

13   disclosure of attorney-client privileged information or information protected from

14   disclosure by the work-product doctrine, joint defense or common interest

15   privilege, or other privilege. Larian also objects to this request to the extent it seeks

16   documents not within Larian's possession, custody or control.

17   **REQUEST FOR PRODUCTION NO. 111:**

18        All DOCUMENTS, including without limitation all

19   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

20   any agreement or contract between Veronica Marlow and MATTEL.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

22        Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein. Larian also specifically objects to this request on the

24   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence. Larian also objects to

27   this request on the grounds that it seeks information in violation of the right of

28   privacy. Larian also objects to this request on the grounds that it is overbroad,

EXHIBIT 5

PAGE 224

- 114 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  unduly burdensome, and oppressive in seeking all communications between Larian

2  or MGA and any person and without limitation as to time.  Larian also objects to

3  this request on the grounds that it seeks confidential, proprietary or commercially

4  sensitive information, the disclosure of which would be inimical to the business

5  interests of Larian and one or more third parties.  Larian also objects to this request

6  to the extent it seeks information the disclosure of which would implicate the rights

7  of third parties to protect private, confidential, proprietary or trade secret

8  information.  Larian also objects to this request to the extent it calls for the

9  disclosure of attorney-client privileged information or information protected from

10 disclosure by the work-product doctrine, joint defense or common interest

11 privilege, or other privilege.  Larian also objects to this request to the extent it seeks

12 documents not within Larian's possession, custody or control.

13 **REQUEST FOR PRODUCTION NO. 112:**

14        To the extent not covered by other Requests, all DOCUMENTS,

15 including without limitation all COMMUNICATIONS between YOU or MGA and

16 any PERSON, RELATING TO any agreement or contract between MATTEL, on

17 the one hand, and any former employee of MATTEL who has been hired,

18 considered, solicited or interviewed for any position or potential position or

19 employment by YOU or MGA.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

21        Larian incorporates by reference the above-stated general objections as

22 if fully set forth herein.  Larian also specifically objects to this request on the

23 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24 information not relevant to the subject matter of this lawsuit or reasonably

25 calculated to lead to the discovery of admissible evidence.  Larian also objects to

26 this request on the grounds that it seeks information in violation of the right of

27 privacy.  Larian also objects to this request on the grounds that it is overbroad,

28 unduly burdensome, and oppressive.  Larian also objects to this request on the

EXHIBIT   5

PAGE   225

- 115 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    grounds that it seeks confidential, proprietary or commercially sensitive

2    information, the disclosure of which would be inimical to the business interests of

3    Larian and one or more third parties.  Larian also objects to this request to the

4    extent it seeks information the disclosure of which would implicate the rights of

5    third parties to protect private, confidential, proprietary or trade secret information.

6    Larian also objects to this request to the extent it calls for the disclosure of attorney-

7    client privileged information or information protected from disclosure by the work-

8    product doctrine, joint defense or common interest privilege, or other privilege.

9    Larian also objects to this request to the extent it seeks documents not within

10    Larian's possession, custody or control.

11    **REQUEST FOR PRODUCTION NO. 113:**

12        All COMMUNICATIONS between YOU or MGA and Anne Wang.

13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

14        Larian incorporates by reference the above-stated general objections as

15    if fully set forth herein.  Larian also specifically objects to this request on the

16    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17    information not relevant to the subject matter of this lawsuit or reasonably

18    calculated to lead to the discovery of admissible evidence.  Larian also objects to

19    this request on the grounds that it is overbroad, unduly burdensome, and oppressive

20    in seeking all communications between Larian or MGA and Anne Wang, regardless

21    of subject matter and without limitation as to time.  Larian also objects to this

22    request on the grounds that it seeks confidential, proprietary or commercially

23    sensitive information, the disclosure of which would be inimical to the business

24    interests of Larian and one or more third parties.  Larian also objects to this request

25    to the extent it calls for the disclosure of attorney-client privileged information or

26    information protected from disclosure by the work-product doctrine, joint defense

27    or common interest privilege, or other privilege.

28        Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 5

PAGE 226

1   dated prior to November 1, 2000, relating to Carter Bryant's agreement with MGA

2   dated September 18, 2000, that are relevant and responsive to the request, if any,

3   and that have not already been produced, that he discovers in the course of his

4   reasonable search and diligent inquiry, which are within the permissible scope of

5   discovery, and to which no privilege or other protection applies, including without

6   limitation, the attorney-client privilege or attorney's work product doctrine.

7   **REQUEST FOR PRODUCTION NO. 114:**

8             All DOCUMENTS, including without limitation all

9   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

10  Anne Wang.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

12            Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

18  in seeking all communications relating to Anne Wang between Larian or MGA and

19  any person, without limitation as to time.  Larian also objects to this request on the

20  grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of

22  Larian and one or more third parties.  Larian also objects to this request to the

23  extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense

25  or common interest privilege, or other privilege.

26  **REQUEST FOR PRODUCTION NO. 115:**

27            All DOCUMENTS, including without limitation all

28  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

EXHIBIT 5

PAGE 227

- 117 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1     Brooke Gilbert.

2     **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

3           Larian incorporates by reference the above-stated general objections as

4 if fully set forth herein. Larian also specifically objects to this request on the

5 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6 information not relevant to the subject matter of this lawsuit or reasonably

7 calculated to lead to the discovery of admissible evidence. Larian also objects to

8 this request on the grounds that it is overbroad, unduly burdensome, and oppressive

9 in seeking all communications relating to Brooke Gilbert between Larian or MGA

10 and any person, without limitation as to time. Larian also objects to this request on

11 the grounds that it seeks confidential, proprietary or commercially sensitive

12 information, the disclosure of which would be inimical to the business interests of

13 Larian and one or more third parties. Larian also objects to this request to the

14 extent it calls for the disclosure of attorney-client privileged information or

15 information protected from disclosure by the work-product doctrine, joint defense

16 or common interest privilege, or other privilege.

17     **REQUEST FOR PRODUCTION NO. 116:**

18           All COMMUNICATIONS between YOU or MGA and BRYANT

19 RELATING TO MATTEL or any officer, director, employee or representative of

20 MATTEL.

21     **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

22           Larian incorporates by reference the above-stated general objections as

23 if fully set forth herein. Larian also specifically objects to this request on the

24 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25 information not relevant to the subject matter of this lawsuit or reasonably

26 calculated to lead to the discovery of admissible evidence. Larian also objects to

27 this request on the grounds that it is unlimited in time and subject matter and is,

28 thus, overbroad, unduly burdensome and oppressive, including, without limitation,

EXHIBIT **5**

PAGE **228**

- 118 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  in calling for communications exchanged between Larian or any person at MGA

2  and Bryant on any subject matter relating in any way to Mattel.  Larian also objects

3  to this request on the grounds that it is overbroad, without limitation, in potentially

4  extending to communications that any of MGA's employees, agents or

5  representatives may have exchanged with Bryant that refer or relate to Mattel or

6  any of its officers, directors, employees, or representatives, regardless of whether

7  any such person was employed by Mattel at the time of the communication, and

8  which communication may be unrelated in any way to the subject matter of this

9  lawsuit, Larian, MGA, MGA's business or may, indeed, have occurred when none

10  of the parties to the communications worked for or on behalf of MGA.  Larian also

11  objects to this request on the grounds that it seeks confidential, proprietary or

12  commercially sensitive information, the disclosure of which would be inimical to

13  the business interests of Larian and one or more third parties.  Larian further objects

14  to this request to the extent it seeks information the disclosure of which would

15  implicate the rights of third parties to protect private, confidential, proprietary or

16  trade secret information.  Larian also objects to this request to the extent it calls for

17  the disclosure of attorney-client privileged information or information protected

18  from disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege.

20       Subject to the foregoing, Larian will produce any personal documents

21  that are relevant and responsive to the request, if any, and that have not already

22  been produced, that he discovers in the course of his reasonable search and diligent

23  inquiry, which are within the permissible scope of discovery, and to which no

24  privilege or other protection applies, including without limitation, the attorney-

25  client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 117:**

27       All declarations, affidavits and other sworn written statements of any

28  other type or form by any PERSON RELATING TO BRATZ (other than those

EXHIBIT 5

PAGE 229

- 119 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  previously filed and served in this ACTION), including all such declarations,

2  affidavits and other sworn written statements of any other type or form by or on

3  behalf of YOU.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

5          Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8  information not relevant to the subject matter of this lawsuit or reasonably

9  calculated to lead to the discovery of admissible evidence.  Larian also specifically

10  objects to this request on the grounds that it is overbroad, unduly burdensome and

11  oppressive including, without limitation, in calling for all declarations, affidavits

12  and other sworn written statements relating to Bratz but not otherwise limited as to

13  subject matter, and not limited in any way as to time.  Larian also objects to this

14  request on the grounds that it seeks information that is already known to Mattel

15  and/or is a matter of public record and/or is equally available to Mattel, and is,

16  therefore, unduly burdensome and oppressive.  Larian also objects to this request to

17  the extent that it may seek documents the disclosure of which is or may be

18  governed by court orders.  Larian also objects to this request to the extent it seeks

19  information the disclosure of which would implicate the rights of third parties to

20  protect private, confidential, proprietary or trade secret information.  Larian also

21  objects to this request to the extent it may seek documents the disclosure of which

22  is or may be protected by contract or agreement.  Larian also objects to this request

23  on the grounds that it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian and one or more third parties.  Larian further objects to this request to the

26  extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28  Larian also objects to this request to the extent it calls for the disclosure of attorney-

EXHIBIT   5

PAGE   230

- 120 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   client privileged information or information protected from disclosure by the work-

2   product doctrine, joint defense or common interest privilege, or other privilege.

3          Subject to the foregoing, Larian will produce any personal documents

4   that are relevant and responsive to the request, if any, and that have not already

5   been produced, that he discovers in the course of his reasonable search and diligent

6   inquiry, which are within the permissible scope of discovery, and to which no

7   privilege or other protection applies, including without limitation, the attorney-

8   client privilege or attorney's work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 118:**

10         All transcripts and video and/or audio recordings of statements made

11  by any PERSON under oath, including without limitation all deposition transcripts,

12  trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

13  those taken in this ACTION when MATTEL's counsel was in attendance),

14  including all such transcripts and video and/or audio recordings of statements by or

15  on behalf of YOU.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also specifically

22  objects to this request on the grounds that it is overbroad, unduly burdensome and

23  oppressive including, without limitation, in calling for all transcripts and video

24  and/or audio recordings of statements made by any person under oath, including

25  without limitation all deposition transcripts, trial transcripts and arbitration

26  transcripts relating to Bratz, but not otherwise limited as to subject matter, and not

27  limited in any way as to time.  Larian also objects to this request on the grounds

28  that it seeks information that is already known to Mattel and/or is a matter of public

- 121 -

EXHIBIT   5

PAGE   231

1   record and/or is equally available to Mattel, and is, therefore, unduly burdensome

2   and oppressive.  Larian also objects to this request to the extent it may seek

3   documents the disclosure of which is or may be protected by contract or agreement.

4   Larian also objects to this request to the extent that it may seek documents the

5   disclosure of which is or may be governed by court orders.  Larian also objects to

6   this request on the grounds that it seeks confidential, proprietary or commercially

7   sensitive information, the disclosure of which would be inimical to the business

8   interests of Larian and one or more third parties.  Larian also objects to this request

9   to the extent it seeks information the disclosure of which would implicate the rights

10  of third parties to protect private, confidential, proprietary or trade secret

11  information.  Larian also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest

14  privilege, or other privilege.

15          Subject to the foregoing, Larian will produce any personal documents

16  that are relevant and responsive to the request, if any, and that have not already

17  been produced, that he discovers in the course of his reasonable search and diligent

18  inquiry, which are within the permissible scope of discovery, and to which no

19  privilege or other protection applies, including without limitation, the attorney-

20  client privilege or attorney's work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 119:**

22          All declarations, affidavits and other sworn written statements of any

23  other type or form by any PERSON RELATING TO ANGEL (other than those

24  previously filed and served in this ACTION), including all such declarations,

25  affidavits and other sworn written statements of any other type or form by or on

26  behalf of YOU.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

28          Larian incorporates by reference the above-stated general objections as

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   232

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

3   information not relevant to the subject matter of this lawsuit or reasonably

4   calculated to lead to the discovery of admissible evidence.  Larian also specifically

5   objects to this request on the grounds that it is overbroad, unduly burdensome and

6   oppressive including, without limitation, in calling for all declarations, affidavits

7   and other sworn written statements relating to Angel but not otherwise limited as to

8   subject matter, and not limited in any way as to time.  Larian also objects to this

9   request on the grounds that it seeks information that is already known to Mattel

10  and/or is a matter of public record and/or is equally available to Mattel, and is,

11  therefore, unduly burdensome and oppressive.  Larian also objects to this request to

12  the extent that it may seek documents the disclosure of which is or may be

13  governed by court orders.  Larian also objects to this request to the extent it seeks

14  information the disclosure of which would implicate the rights of third parties to

15  protect private, confidential, proprietary or trade secret information.  Larian also

16  objects to this request to the extent it may seek documents the disclosure of which

17  is or may be protected by contract or agreement.  Larian also objects to this request

18  on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of

20  Larian and one or more third parties.  Larian further objects to this request to the

21  extent it seeks information the disclosure of which would implicate the rights of

22  third parties to protect private, confidential, proprietary or trade secret information.

23  Larian also objects to this request to the extent it calls for the disclosure of attorney-

24  client privileged information or information protected from disclosure by the work-

25  product doctrine, joint defense or common interest privilege, or other privilege.

26          Subject to the foregoing, Larian will produce any personal documents

27  that are relevant and responsive to the request, if any, and that have not already

28  been produced, that he discovers in the course of his reasonable search and diligent

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 233

1   inquiry, which are within the permissible scope of discovery, and to which no

2   privilege or other protection applies, including without limitation, the attorney-

3   client privilege or attorney's work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 120:**

5         All transcripts and video and/or audio recordings of statements made

6   by any PERSON under oath, including without limitation all deposition transcripts,

7   trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than

8   those taken in this ACTION when Mattel's counsel was in attendance), including

9   all such declarations, affidavits and other sworn written statements of any other

10   type or form by or on behalf of YOU.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

12         Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also specifically

17   objects to this request on the grounds that it is overbroad, unduly burdensome and

18   oppressive including, without limitation, in calling for all transcripts and video

19   and/or audio recordings of statements made by any person under oath, including

20   without limitation all deposition transcripts, trial transcripts and arbitration

21   transcripts relating to Angel, but not otherwise limited as to subject matter, and not

22   limited in any way as to time.  Larian also objects to this request on the grounds

23   that it seeks information that is already known to Mattel and/or is a matter of public

24   record and/or is equally available to Mattel, and is, therefore, unduly burdensome

25   and oppressive.  Larian also objects to this request to the extent it may seek

26   documents the disclosure of which is or may be protected by contract or agreement.

27   Larian also objects to this request to the extent that it may seek documents the

28   disclosure of which is or may be governed by court orders.  Larian also objects to

EXHIBIT 5

PAGE 234

- 124 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   this request on the grounds that it seeks confidential, proprietary or commercially

2   sensitive information, the disclosure of which would be inimical to the business

3   interests of Larian and one or more third parties.  Larian also objects to this request

4   to the extent it seeks information the disclosure of which would implicate the rights

5   of third parties to protect private, confidential, proprietary or trade secret

6   information.  Larian also objects to this request to the extent it calls for the

7   disclosure of attorney-client privileged information or information protected from

8   disclosure by the work-product doctrine, joint defense or common interest

9   privilege, or other privilege.

10          Subject to the foregoing, Larian will produce any personal documents

11   that are relevant and responsive to the request, if any, and that have not already

12   been produced, that he discovers in the course of his reasonable search and diligent

13   inquiry, which are within the permissible scope of discovery, and to which no

14   privilege or other protection applies, including without limitation, the attorney-

15   client privilege or attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 121:**

17          All DOCUMENTS RELATING TO the litigation encaptioned *The*

18   *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

19   on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also objects to

26   this request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of Larian and one or more third parties.  Larian also objects to this request

EXHIBIT __5__

PAGE __235__

- 125 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  to the extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege. Larian also objects to this request

4  to the extent it seeks documents not within Larian's possession, custody or control.

5  **REQUEST FOR PRODUCTION NO. 122:**

6         All DOCUMENTS seen, viewed or reviewed by YOU at any time in

7  preparation for the deposition of YOU that was taken in this ACTION on July 18,

8  2006.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

10         Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein. Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence. Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties. Larian also objects to this request

18  to the extent it calls for the disclosure of attorney-client privileged information or

19  information protected from disclosure by the work-product doctrine, joint defense

20  or common interest privilege, or other privilege.

21         Subject to the foregoing, Larian will produce any personal documents

22  that are relevant and responsive to the request, if any, and that have not already

23  been produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, which are within the permissible scope of discovery, and to which no

25  privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 123:**

28         All DOCUMENTS RELATING TO any and all arbitrations and suits

- 126 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 236

1   between YOU and Farhad Larian.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

3         Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein. Larian also specifically objects to this request on the

5   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably

7   calculated to lead to the discovery of admissible evidence. Larian also specifically

8   objects to this request on the grounds that it is overbroad, unduly burdensome and

9   oppressive including, without limitation, in calling for all documents relating to any

10  and all arbitrations and suits between Larian and Farhad Larian, but not otherwise

11  limited as to subject matter or time. Larian also objects to this request on the

12  grounds that it seeks information that is already known to Mattel and/or is a matter

13  of public record and/or is equally available to Mattel, and is, therefore, unduly

14  burdensome and oppressive. Larian also objects to this request to the extent it may

15  seek documents the disclosure of which is or may be protected by contract or

16  agreement. Larian also objects to this request to the extent that it may seek

17  documents the disclosure of which is or may be governed by court orders. Larian

18  also objects to this request on the grounds that it seeks confidential, proprietary or

19  commercially sensitive information, the disclosure of which would be inimical to

20  the business interests of Larian and one or more third parties. Larian also objects to

21  this request to the extent it seeks information the disclosure of which would

22  implicate the rights of third parties to protect private, confidential, proprietary or

23  trade secret information. Larian also objects to this request to the extent it calls for

24  the disclosure of attorney-client privileged information or information protected

25  from disclosure by the work-product doctrine, joint defense or common interest

26  privilege, or other privilege. Larian also objects to this request to the extent it seeks

27  documents not within Larian's possession, custody or control.

28

EXHIBIT 5

PAGE 237

- 127 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **REQUEST FOR PRODUCTION NO. 124:**

2      All DOCUMENTS filed, submitted or served in the suit and/or

3  arbitration proceedings brought by Farhad Larian against YOU, including without

4  limitation all declarations, affidavits, transcripts, video and/or audio recordings and

5  sworn testimony given by any PERSON in such suit or arbitration proceedings.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

7      Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.

18  **REQUEST FOR PRODUCTION NO. 125:**

19      All DOCUMENTS RELATING TO any and all settlements

20  resolutions or compromises of any suit and/or arbitration proceedings between

21  YOU and Farhad Larian.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

23      Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also specifically

28  objects to this request on the grounds that it is overbroad, unduly burdensome and

EXHIBIT 5

PAGE 238

- 128 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   oppressive including, without limitation, in calling for all transcripts and video

2   and/or audio recordings of statements made by any person under oath, including

3   without limitation all deposition transcripts, trial transcripts and arbitration

4   transcripts relating to any suit and/or arbitration proceedings between Larian and

5   Farhad Larian, but not otherwise limited as to subject matter, and not limited in any

6   way as to time. Larian also objects to this request on the grounds that it seeks

7   information that is already known to Mattel and/or is a matter of public record

8   and/or is equally available to Mattel, and is, therefore, unduly burdensome and

9   oppressive. Larian also objects to this request to the extent it may seek documents

10  the disclosure of which is or may be protected by contract or agreement. Larian

11  also objects to this request to the extent that it may seek documents the disclosure

12  of which is or may be governed by court orders. Larian also objects to this request

13  on the grounds that it seeks confidential, proprietary or commercially sensitive

14  information, the disclosure of which would be inimical to the business interests of

15  Larian and one or more third parties. Larian also objects to this request to the

16  extent it seeks information the disclosure of which would implicate the rights of

17  third parties to protect private, confidential, proprietary or trade secret information.

18  Larian also objects to this request to the extent it calls for the disclosure of attorney-

19  client privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 126:**

22          All contracts or agreements between YOU or MGA and Farhad Larian.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein. Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence. Larian also objects to

EXHIBIT 5
PAGE 239

- 129 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | this request on the grounds that it is overbroad, unlimited as to time, and unduly
2 | burdensome and oppressive. Larian also objects to this request on the grounds that
3 | it seeks confidential, proprietary or commercially sensitive information, the
4 | disclosure of which would be inimical to the business interests of Larian and one or
5 | more third parties. Larian also objects to this request to the extent it calls for the
6 | disclosure of attorney-client privileged information or information protected from
7 | disclosure by the work-product doctrine, joint defense or common interest
8 | privilege, or other privilege.

9 **REQUEST FOR PRODUCTION NO. 127:**

10         All COMMUNICATIONS RELATING TO BRATZ between YOU or
11 MGA and Farhad Larian.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

13         Larian incorporates by reference the above-stated general objections as
14 | if fully set forth herein. Larian also specifically objects to this request on the
15 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
16 | information not relevant to the subject matter of this lawsuit or reasonably
17 | calculated to lead to the discovery of admissible evidence. Larian also specifically
18 | objects to this request on the grounds that it is overbroad, unlimited as to time, and
19 | unduly burdensome and oppressive. Larian also objects to this request on the
20 | grounds that it seeks confidential, proprietary or commercially sensitive
21 | information, the disclosure of which would be inimical to the business interests of
22 | Larian and one or more third parties. Larian also objects to this request to the
23 | extent it calls for the disclosure of attorney-client privileged information or
24 | information protected from disclosure by the work-product doctrine, joint defense
25 | or common interest privilege, or other privilege. Larian also objects to this request
26 | to the extent it seeks information the disclosure of which would implicate the rights
27 | of third parties to protect private, confidential, proprietary or trade secret
28 | information. Larian also objects to this request to the extent it seeks documents not

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5
PAGE 240

1    within Larian's possession, custody or control.

2    **REQUEST FOR PRODUCTION NO. 128:**

3        All DOCUMENTS RELATING TO COMMUNICATIONS between

4    YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

5    without limitation all diaries, notes, calendars, logs, phone records and letters, that

6    reflect, record or memorialize or otherwise RELATING TO any such

7    COMMUNICATIONS.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

9        Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence.  Larian also objects to

14   this request on the grounds that it seeks confidential, proprietary or commercially

15   sensitive information, the disclosure of which would be inimical to the business

16   interests of Larian and one or more third parties.  Larian also objects to this request

17   to the extent it calls for the disclosure of attorney-client privileged information or

18   information protected from disclosure by the work-product doctrine, joint defense

19   or common interest privilege, or other privilege.

20   **REQUEST FOR PRODUCTION NO. 129:**

21       All COMMUNICATIONS RELATING TO BRYANT between YOU

22   or MGA and Farhad Larian.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

24       Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also specifically

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  241

1    objects to this request on the grounds that it is overbroad and seeks information not

2    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

3    discovery of admissible evidence.  Larian also objects to this request on the grounds

4    that it seeks confidential, proprietary or commercially sensitive information, the

5    disclosure of which would be inimical to the business interests of Larian and one or

6    more third parties.  Larian also objects to this request to the extent it calls for the

7    disclosure of attorney-client privileged information or information protected from

8    disclosure by the work-product doctrine, joint defense or common interest

9    privilege, or other privilege.

10   **REQUEST FOR PRODUCTION NO. 130:**

11       All DOCUMENTS RELATING TO COMMUNICATIONS between

12   YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

13   including without limitation all diaries, notes, calendars, logs, phone records and

14   letters, that reflect, record or memorialize or otherwise RELATING TO any such

15   COMMUNICATIONS.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

17       Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence.  Larian also specifically

22   objects to this request on the grounds that it is overbroad, unduly burdensome and

23   oppressive including, without limitation, in potentially extending to

24   communications that Farhad Larian may have had with any of MGA's hundreds of

25   employees, agents or representatives, and regardless of whether any such

26   communication is related in any way to the subject matter of this lawsuit, MGA, or

27   MGA's business.  Larian also objects to this request on the grounds that it seeks

28   information in violation of the right of privacy.  Larian also objects to this request

EXHIBIT 5

PAGE 242

- 132 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  on the grounds that it seeks confidential, proprietary or commercially sensitive

2  information, the disclosure of which would be inimical to the business interests of

3  Larian and one or more third parties.  Larian further objects to this request to the

4  extent it seeks information the disclosure of which would implicate the rights of

5  third parties to protect private, confidential, proprietary or trade secret information.

6  Larian also objects to this request to the extent it calls for the disclosure of attorney-

7  client privileged information or information protected from disclosure by the work-

8  product doctrine, joint defense or common interest privilege, or other privilege.

9  Larian also objects to the extent this request seeks documents not in Larian's

10  possession, custody or control.

11  **REQUEST FOR PRODUCTION NO. 131:**

12        All DOCUMENTS RELATING TO any and all payments or transfer

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Farhad Larian or

15  his FAMILY MEMBERS at any time since January 1, 2001.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

17        Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it seeks information in violation of the right of

23  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would

25  be inimical to the business interests of Larian and one or more third parties.  Larian

26  also objects to this request to the extent it calls for the disclosure of attorney-client

27  privileged information or information protected from disclosure by the work-

28  product doctrine, joint defense or common interest privilege, or other privilege.

EXHIBIT ___5___

PAGE ___243___

- 133 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Larian also objects to this request to the extent it seeks documents not within

2   Larian's possession, custody or control.

3   **REQUEST FOR PRODUCTION NO. 132:**

4          All contracts or agreements between YOU or MGA and Morad Zarabi.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

6          Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein.  Larian also specifically objects to this request on the

8   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.  Larian also objects to

11  this request on the grounds that it seeks information in violation of the right of

12  privacy.  Larian also objects to this request on the grounds that it is overbroad,

13  unduly burdensome, and oppressive in seeking all contracts or agreements between

14  Larian or MGA and Morad Zarabi without limitation as to subject matter or time.

15  Larian also objects to this request on the grounds that it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would

17  be inimical to the business interests of Larian and one or more third parties.  Larian

18  also objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 133:**

22          All COMMUNICATIONS RELATING TO BRATZ between YOU or

23  MGA and Morad Zarabi.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT __5__

PAGE __244__                    - 134 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it is overbroad, unduly burdensome and oppressive,

3   including, without limitation, in that it is unlimited as to time and potentially

4   extends to communications that Morad Zarabi may have had with any of MGA's

5   hundreds of employees, agents or representatives, and regardless of whether any

6   such communication is related in any way to the subject matter of this lawsuit,

7   Larian, MGA, or MGA's business.  Larian also objects to this request on the

8   grounds that it seeks information in violation of the right of privacy.  Larian also

9   objects to this request on the grounds that it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to

11  the business interests of Larian and one or more third parties.  Larian further objects

12  to this request to the extent it seeks information the disclosure of which would

13  implicate the rights of third parties to protect private, confidential, proprietary or

14  trade secret information.  Larian also objects to this request to the extent it calls for

15  the disclosure of attorney-client privileged information or information protected

16  from disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.  Larian also objects to the extent this request seeks

18  documents not in Larian's possession, custody or control.

19  **REQUEST FOR PRODUCTION NO. 134:**

20          All DOCUMENTS RELATING TO COMMUNICATIONS between

21  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

22  without limitation all diaries, notes, calendars, logs, phone records and letters, that

23  reflect, record or memorialize or otherwise RELATING TO any such

24  COMMUNICATIONS.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

EXHIBIT 5

PAGE 245

- 135 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    information not relevant to the subject matter of this lawsuit or reasonably

2    calculated to lead to the discovery of admissible evidence.  Larian also specifically

3    objects to this request on the grounds that it is overbroad, unduly burdensome, and

4    oppressive in that it seeks all documents relating to communications between

5    Larian or MGA and Morad Zarabi that refer or relate to Bratz and is not otherwise

6    limited as to subject matter or time.  Larian also objects to this request on the

7    grounds that it is overbroad, unduly burdensome and oppressive including, without

8    limitation, in potentially extending to communications that Morad Zarabi may have

9    had with any of MGA's hundreds of employees, agents or representatives, and

10   regardless of whether any such communication is related in any way to the subject

11   matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

12   request on the grounds that it seeks information in violation of the right of privacy.

13   Larian also objects to this request on the grounds that it seeks confidential,

14   proprietary or commercially sensitive information, the disclosure of which would

15   be inimical to the business interests of Larian and one or more third parties.  Larian

16   further objects to this request to the extent it seeks information the disclosure of

17   which would implicate the rights of third parties to protect private, confidential,

18   proprietary or trade secret information.  Larian also objects to this request to the

19   extent it calls for the disclosure of attorney-client privileged information or

20   information protected from disclosure by the work-product doctrine, joint defense

21   or common interest privilege, or other privilege.  Larian also objects to the extent

22   this request seeks documents not in Larian's possession, custody or control.

23   **REQUEST FOR PRODUCTION NO. 135:**

24          All COMMUNICATIONS RELATING TO BRYANT between YOU

25   or MGA and Morad Zarabi.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

27          Larian incorporates by reference the above-stated general objections as

28   if fully set forth herein.  Larian also specifically objects to this request on the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 246

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence.  Larian also objects to

4  this request on the grounds that it seeks confidential, proprietary or commercially

5  sensitive information, the disclosure of which would be inimical to the business

6  interests of Larian and one or more third parties.  Larian also objects to this request

7  to the extent it calls for the disclosure of attorney-client privileged information or

8  information protected from disclosure by the work-product doctrine, joint defense

9  or common interest privilege, or other privilege.

10  **REQUEST FOR PRODUCTION NO. 136:**

11      All DOCUMENTS RELATING TO COMMUNICATIONS between

12  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

13  including without limitation all diaries, notes, calendars, logs, phone records and

14  letters, that reflect, record or memorialize or otherwise RELATING TO any such

15  COMMUNICATIONS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

17      Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also specifically

22  objects to this request on the grounds that it is overbroad, unduly burdensome, and

23  oppressive in that it seeks all documents relating to communications between

24  Larian or MGA and Morad Zarabi that refer or relate to Bryant and is not otherwise

25  limited as to subject matter or time.  Larian also objects to this request on the

26  grounds that it is overbroad, unduly burdensome and oppressive including, without

27  limitation, in potentially extending to communications that Morad Zarabi may have

28  had with any of MGA's hundreds of employees, agents or representatives, and

- 137 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)


EXHIBIT 5
PAGE 247

1   regardless of whether any such communication is related in any way to the subject

2   matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

3   request on the grounds that it seeks information in violation of the right of privacy.

4   Larian also objects to this request on the grounds that it seeks confidential,

5   proprietary or commercially sensitive information, the disclosure of which would

6   be inimical to the business interests of Larian and one or more third parties.  Larian

7   further objects to this request to the extent it seeks information the disclosure of

8   which would implicate the rights of third parties to protect private, confidential,

9   proprietary or trade secret information.  Larian also objects to this request to the

10  extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege.  Larian also objects to the extent

13  this request seeks documents not in Larian's possession, custody or control.

14  **REQUEST FOR PRODUCTION NO. 137:**

15          All DOCUMENTS RELATING TO any and all payments or transfer

16  of anything of value that YOU or MGA have made, have offered or proposed to

17  make or have promised or agreed to make, to or for the benefit of Morad Zarabi or

18  his FAMILY MEMBERS at any time since January 1, 2001.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein. Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also objects to

25  this request on the grounds that it seeks information in violation of the right of

26  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

27  proprietary or commercially sensitive information, the disclosure of which would

28  be inimical to the business interests of Larian and one or more third parties.  Larian

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __5__

PAGE __248__

1    also objects to this request to the extent it calls for the disclosure of attorney-client

2    privileged information or information protected from disclosure by the work-

3    product doctrine, joint defense or common interest privilege, or other privilege.

4    Larian also objects to this request to the extent it seeks documents not within

5    Larian's possession, custody or control.

6    **REQUEST FOR PRODUCTION NO. 138:**

7         All DOCUMENTS RELATING TO any and all payments or transfers

8    of anything of value that YOU or MGA have made, have offered or proposed to

9    make or have promised or agreed to make, to or for the benefit of BRYANT or his

10   FAMILY MEMBERS.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

12        Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also specifically

17   objects to this request on the grounds that it is overbroad, unlimited as to time, and

18   unduly burdensome and oppressive.  Larian also objects to this request on the

19   grounds that it seeks information in violation of the right of privacy.  Larian also

20   objects to this request on the grounds that it seeks confidential, proprietary or

21   commercially sensitive information, the disclosure of which would be inimical to

22   the business interests of Larian and one or more third parties.  Larian also objects to

23   this request to the extent it calls for the disclosure of attorney-client privileged

24   information or information protected from disclosure by the work-product doctrine,

25   joint defense or common interest privilege, or other privilege.

26   **REQUEST FOR PRODUCTION NO. 139:**

27        All DOCUMENTS RELATING TO any and all payments or transfers

28   of anything of value that YOU or MGA have made, have offered or proposed to

- 139 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 249

1  make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

2  her FAMILY MEMBERS.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

4        Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the grounds that it is overbroad, unlimited as to time, and unduly

10  burdensome and oppressive.  Larian also objects to this request on the grounds that

11  it seeks information in violation of the right of privacy.  Larian also objects to this

12  request on the grounds that it seeks confidential, proprietary or commercially

13  sensitive information, the disclosure of which would be inimical to the business

14  interests of Larian and one or more third parties.  Larian also objects to this request

15  to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense

17  or common interest privilege, or other privilege.

18  **REQUEST FOR PRODUCTION NO. 140:**

19        All DOCUMENTS RELATING TO any and all payments or transfers

20  of anything of value that YOU or MGA have made, have offered or proposed to

21  make or have promised or agreed to make, to or for the benefit of Margaret Hatch

22  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

23  MEMBERS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

25        Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT __5__

PAGE __250__

- 140 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it is overbroad, unlimited as to time, and unduly

3   burdensome and oppressive.  Larian also objects to this request on the grounds that

4   it seeks information in violation of the right of privacy.  Larian also objects to this

5   request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian also objects to this request

8   to the extent it calls for the disclosure of attorney-client privileged information or

9   information protected from disclosure by the work-product doctrine, joint defense

10   or common interest privilege, or other privilege.

11   **REQUEST FOR PRODUCTION NO. 141:**

12              All DOCUMENTS RELATING TO any and all payments or transfers

13   of anything of value that YOU or MGA have made, have offered or proposed to

14   make or have promised or agreed to make, to or for the benefit of Amy Meyers or

15   her FAMILY MEMBERS.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

17              Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence.  Larian also objects to

22   this request on the grounds that it is overbroad, unlimited as to time, and unduly

23   burdensome and oppressive.  Larian also objects to this request on the grounds that

24   it seeks information in violation of the right of privacy.  Larian also objects to this

25   request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business

27   interests of Larian and one or more third parties.  Larian also objects to this request

28   to the extent it calls for the disclosure of attorney-client privileged information or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5
PAGE 251

1    information protected from disclosure by the work-product doctrine, joint defense

2    or common interest privilege, or other privilege.

3    **REQUEST FOR PRODUCTION NO. 142:**

4           All DOCUMENTS RELATING TO any and all payments or transfers

5    of anything of value that YOU or MGA have made, have offered or proposed to

6    make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

7    her FAMILY MEMBERS at any time since January 1, 1999.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

9           Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably

13   calculated to lead to the discovery of admissible evidence.  Larian also objects to

14   this request on the grounds that it seeks information in violation of the right of

15   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

16   proprietary or commercially sensitive information, the disclosure of which would

17   be inimical to the business interests of Larian and one or more third parties.  Larian

18   also objects to this request to the extent it calls for the disclosure of attorney-client

19   privileged information or information protected from disclosure by the work-

20   product doctrine, joint defense or common interest privilege, or other privilege.

21   **REQUEST FOR PRODUCTION NO. 143:**

22          All DOCUMENTS RELATING TO any and all payments or transfers

23   of anything of value that YOU or MGA have made, have offered or proposed to

24   make or have promised or agreed to make, to or for the benefit of Maureen Mullen

25   or her FAMILY MEMBERS at any time since January 1, 1999.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

27          Larian incorporates by reference the above-stated general objections as

28   if fully set forth herein.  Larian also specifically objects to this request on the

EXHIBIT   5

PAGE   252

- 142 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence.  Larian also objects to

4  this request on the grounds that it seeks information in violation of the right of

5  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

6  proprietary or commercially sensitive information, the disclosure of which would

7  be inimical to the business interests of Larian and one or more third parties.  Larian

8  also objects to this request to the extent it calls for the disclosure of attorney-client

9  privileged information or information protected from disclosure by the work-

10 product doctrine, joint defense or common interest privilege, or other privilege.

11 **REQUEST FOR PRODUCTION NO. 144:**

12            All DOCUMENTS RELATING TO any and all payments or transfers

13 of anything of value that YOU or MGA have made, have offered or proposed to

14 make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

15 or her FAMILY MEMBERS.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

17            Larian incorporates by reference the above-stated general objections as

18 if fully set forth herein.  Larian also specifically objects to this request on the

19 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20 information not relevant to the subject matter of this lawsuit or reasonably

21 calculated to lead to the discovery of admissible evidence.  Larian also objects to

22 this request on the grounds that it is overbroad, unlimited as to time, and unduly

23 burdensome and oppressive.  Larian also objects to this request on the grounds that

24 it seeks information in violation of the right of privacy.  Larian also objects to this

25 request on the grounds that it seeks confidential, proprietary or commercially

26 sensitive information, the disclosure of which would be inimical to the business

27 interests of Larian and one or more third parties.  Larian also objects to this request

28 to the extent it calls for the disclosure of attorney-client privileged information or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 263

1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.

3  **REQUEST FOR PRODUCTION NO. 145:**

4          All DOCUMENTS RELATING TO any and all payments or transfers

5  of anything of value that YOU or MGA have made, have offered or proposed to

6  make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

7  his FAMILY MEMBERS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

9          Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also objects to

14  this request on the grounds that it is overbroad, unlimited as to time, and unduly

15  burdensome and oppressive.  Larian also objects to this request on the grounds that

16  it seeks information in violation of the right of privacy.  Larian also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian and one or more third parties.  Larian also objects to this request

20  to the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.

23  **REQUEST FOR PRODUCTION NO. 146:**

24          All DOCUMENTS RELATING TO any and all payments or transfers

25  of anything of value that YOU or MGA have made, have offered or proposed to

26  make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

27  FAMILY MEMBERS at any time since January 1, 1999.

28

EXHIBIT  5

PAGE  254

- 144 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. arian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**REQUEST FOR PRODUCTION NO. 147:**

All DOCUMENTS RELATING TO any indemnification that BRYANT has sought, proposed, requested or obtained in connection with this ACTION.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 255

1  attorney-client privileged information or information protected from disclosure by

2  the work-product doctrine, joint defense or common interest privilege, or other

3  privilege.

4         Subject to the foregoing, Larian will produce any personal documents

5  that are relevant and responsive to the request, if any, and that have not already

6  been produced, that he discovers in the course of his reasonable search and diligent

7  inquiry, which are within the permissible scope of discovery, and to which no

8  privilege or other protection applies, including without limitation, the attorney-

9  client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 148:**

11         All DOCUMENTS RELATING TO any indemnification that Elise

12  Cloonan has sought, proposed, requested or obtained in connection with this

13  ACTION.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it seeks information in violation of the right of

21  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

22  proprietary or commercially sensitive information, the disclosure of which would

23  be inimical to the business interests of Larian and one or more third parties.  Larian

24  also objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27         Subject to the foregoing, Larian will produce any personal documents

28  that are relevant and responsive to the request, if any, and that have not already

EXHIBIT 5

PAGE 256

- 146 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   been produced, that he discovers in the course of his reasonable search and diligent

2   inquiry, which are within the permissible scope of discovery, and to which no

3   privilege or other protection applies, including without limitation, the attorney-

4   client privilege or attorney's work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 149:**

6        All DOCUMENTS RELATING TO any indemnification that Margaret

7   Hatch-Leahy has sought, proposed, requested or obtained in connection with this

8   ACTION.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

10       Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also objects to

15  this request on the grounds that it seeks information in violation of the right of

16  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

17  proprietary or commercially sensitive information, the disclosure of which would

18  be inimical to the business interests of Larian and one or more third parties.  Larian

19  also objects to this request to the extent it calls for the disclosure of attorney-client

20  privileged information or information protected from disclosure by the work-

21  product doctrine, joint defense or common interest privilege, or other privilege.

22       Subject to the foregoing, Larian will produce any personal documents

23  that are relevant and responsive to the request, if any, and that have not already

24  been produced, that he discovers in the course of his reasonable search and diligent

25  inquiry, which are within the permissible scope of discovery, and to which no

26  privilege or other protection applies, including without limitation, the attorney-

27  client privilege or attorney's work product doctrine.

28


EXHIBIT    5

PAGE    257

- 147 -

1  **REQUEST FOR PRODUCTION NO. 150:**

2       All DOCUMENTS RELATING TO any indemnification that Veronica

3  Marlow has sought, proposed, requested or obtained in connection with this

4  ACTION.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

6       Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.  Larian also objects to

11  this request on the grounds that it seeks information in violation of the right of

12  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would

14  be inimical to the business interests of Larian and one or more third parties.  Larian

15  also objects to this request to the extent it calls for the disclosure of attorney-client

16  privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18       Subject to the foregoing, Larian will produce any personal documents

19  that are relevant and responsive to the request, if any, and that have not already

20  been produced, that he discovers in the course of his reasonable search and diligent

21  inquiry, which are within the permissible scope of discovery, and to which no

22  privilege or other protection applies, including without limitation, the attorney-

23  client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 151:**

25       All DOCUMENTS RELATING TO any indemnification that Sarah

26  Halpern has sought, proposed, requested or obtained in connection with this

27  ACTION.

28

EXHIBIT _5_

PAGE _258_

- 148 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

2              Larian incorporates by reference the above-stated general objections as

3    if fully set forth herein.  Larian also specifically objects to this request on the

4    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably

6    calculated to lead to the discovery of admissible evidence.  Larian also objects to

7    this request on the grounds that it seeks confidential, proprietary or commercially

8    sensitive information, the disclosure of which would be inimical to the business

9    interests of Larian and one or more third parties.  Larian also objects to this request

10   on the grounds that it seeks information in violation of the right of privacy.  Larian

11   also objects to this request to the extent it calls for the disclosure of attorney-client

12   privileged information or information protected from disclosure by the work-

13   product doctrine, joint defense or common interest privilege, or other privilege.

14             Subject to the foregoing, Larian will produce any personal documents

15   that are relevant and responsive to the request, if any, and that have not already

16   been produced, that he discovers in the course of his reasonable search and diligent

17   inquiry, which are within the permissible scope of discovery, and to which no

18   privilege or other protection applies, including without limitation, the attorney-

19   client privilege or attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 152:**

21             All DOCUMENTS RELATING TO any indemnification that Paula

22   Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

23   obtained in connection with this ACTION.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

25             Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 259

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

4   proprietary or commercially sensitive information, the disclosure of which would

5   be inimical to the business interests of Larian and one or more third parties.  Larian

6   also objects to this request to the extent it calls for the disclosure of attorney-client

7   privileged information or information protected from disclosure by the work-

8   product doctrine, joint defense or common interest privilege, or other privilege.

9           Subject to the foregoing, Larian will produce any personal documents

10   that are relevant and responsive to the request, if any, and that have not already

11   been produced, that he discovers in the course of his reasonable search and diligent

12   inquiry, which are within the permissible scope of discovery, and to which no

13   privilege or other protection applies, including without limitation, the attorney-

14   client privilege or attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 153:**

16           To the extent not covered by other Requests, all DOCUMENTS

17   RELATING TO any indemnification that any PERSON has sought, proposed,

18   requested or obtained in connection with this ACTION.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

20           Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein.  Larian also specifically objects to this request on the

22   grounds that it is overbroad and seeks information not relevant to the subject matter

23   of this lawsuit or reasonably calculated to lead to the discovery of admissible

24   evidence.  Larian also objects to this request on the grounds that it seeks

25   information in violation of the right of privacy.  Larian also objects to this request

26   on the grounds that it seeks confidential, proprietary or commercially sensitive

27   information, the disclosure of which would be inimical to the business interests of

28   Larian and one or more third parties.  Larian also objects to this request to the

- 150 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 260