1   extent it calls for the disclosure of attorney-client privileged information or

2   information protected from disclosure by the work-product doctrine, joint defense

3   or common interest privilege, or other privilege.

4          Subject to the foregoing, Larian will produce any personal documents

5   that are relevant and responsive to the request, if any, and that have not already

6   been produced, that he discovers in the course of his reasonable search and diligent

7   inquiry, which are within the permissible scope of discovery, and to which no

8   privilege or other protection applies, including without limitation, the attorney-

9   client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 154:**

11         All DOCUMENTS RELATING TO any indemnification that YOU or

12  MGA have sought, proposed, requested or obtained in connection with this

13  ACTION.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

15         Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that seeks information not relevant to the subject matter of this lawsuit or

18  reasonably calculated to lead to the discovery of admissible evidence.  Larian also

19  specifically objects to this request on the grounds that it seeks information in

20  violation of the right of privacy.  Larian also objects to this request on the grounds

21  that it seeks confidential, proprietary or commercially sensitive information, the

22  disclosure of which would be inimical to the business interests of Larian and one or

23  more third parties.  Larian also objects to this request to the extent it calls for the

24  disclosure of attorney-client privileged information or information protected from

25  disclosure by the work-product doctrine, joint defense or common interest

26  privilege, or other privilege.

27         Subject to the foregoing, Larian will produce any personal documents

28  that are relevant and responsive to the request, if any, and that have not already

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 261

1  been produced, that he discovers in the course of his reasonable search and diligent

2  inquiry, which are within the permissible scope of discovery, and to which no

3  privilege or other protection applies, including without limitation, the attorney-

4  client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 155:**

6        All COMMUNICATIONS between YOU or MGA and Universal

7  Commerce Corp., Ltd. prior to June 1, 2001.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

9        Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad and unduly burdensome, including, without limitation,

12  in that it seeks all communications between Larian or MGA and Universal

13  Commerce Corp., without regard to subject matter, and extends back in time

14  indefinitely.  Larian also objects to this request on the grounds that it seeks

15  confidential, proprietary or commercially sensitive information, the disclosure of

16  which would be inimical to the business interests of Larian and one or more third

17  parties.  Larian further objects to this request to the extent it seeks information the

18  disclosure of which would implicate the rights of third parties to protect private,

19  confidential, proprietary or trade secret information.  Larian also objects to this

20  request to the extent it calls for the disclosure of attorney-client privileged

21  information or information protected from disclosure by the work-product doctrine,

22  joint defense or common interest privilege, or other privilege.

23        Subject to the foregoing, Larian will produce any personal documents

24  that are relevant and responsive to the request, if any, and that have not already

25  been produced, that he discovers in the course of his reasonable search and diligent

26  inquiry, which are within the permissible scope of discovery, and to which no

27  privilege or other protection applies, including without limitation, the attorney-

28  client privilege or attorney's work product doctrine.

- 152 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 262

**REQUEST FOR PRODUCTION NO. 156:**

All DOCUMENTS that REFER OR RELATE TO MATTEL, or that were prepared, authored or created by MATTEL, that BRYANT has ever provided to, shown, described to, communicated to or disclosed in any manner to YOU or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence including, without limitation, in that it seeks all documents that refer or relate to Mattel and is not otherwise limited as to subject matter or time.  Larian also objects to this request on the grounds that it is overbroad, without limitation, in potentially extending to any document that refers or relates to Mattel that Bryant showed to anybody who now works for MGA, even if Bryant showed the document to such person before one or either of them began work for MGA, and, indeed, while Bryant and such person both worked for Mattel, and without regard to whether such person has or had anything to do with the subject matter of this lawsuit.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5
PAGE 263

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 157:**

7           All COMMUNICATIONS between YOU or MGA and BRYANT

8   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

9   logs, phone records and letters, that reflect, record or memorialize or otherwise

10   RELATING TO any such COMMUNICATIONS.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

12          Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein. Larian also specifically objects to this request on the

14   grounds that it is overbroad, unduly burdensome and oppressive, without limitation,

15   in potentially extending to communications that Bryant may have had with any of

16   MGA's hundreds of employees, agents or representatives, and regardless of whether

17   any such communication is related in any way to the subject matter of this lawsuit,

18   MGA, or MGA's business. Larian also objects to this request on the grounds that it

19   seeks information in violation of the right of privacy. Larian also objects to this

20   request to the extent it seeks information the disclosure of which would implicate

21   the rights of third parties to protect private, confidential, proprietary or trade secret

22   information. Larian also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of Larian and one or more third

25   parties. Larian also objects to this request to the extent it calls for the disclosure of

26   attorney-client privileged information or information protected from disclosure by

27   the work-product doctrine, joint defense or common interest privilege, or other

28   privilege. Larian also objects to this request to the extent it seeks documents not



EXHIBIT   5

PAGE   264

1    within Larian's possession, custody or control.

2        Subject to the foregoing, Larian will produce any personal documents

3    that are relevant and responsive to the request, if any, and that have not already

4    been produced, that he discovers in the course of his reasonable search and diligent

5    inquiry, which are within the permissible scope of discovery, and to which no

6    privilege or other protection applies, including without limitation, the attorney-

7    client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 158:**

9        All COMMUNICATIONS between YOU or MGA and Elise Cloonan

10   that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

11   including without limitation all diaries, notes, calendars, logs, phone records and

12   letters, that reflect, record or memorialize or otherwise RELATING TO any such

13   COMMUNICATIONS.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

15       Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, unduly burdensome and oppressive, including, without

18   limitation, in that it seeks communications that any of MGA's hundreds of

19   employees, agents or representatives may have exchanged at any time with Elise

20   Cloonan that refer or relate to Bryant, Mattel (or any of its officers, directors,

21   employees, or representatives, regardless of whether such person was employed by

22   Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

23   whether any such communication is related in any way to the subject matter of this

24   lawsuit.  Larian also objects to this request as overbroad in that it is unlimited as to

25   time.  Larian also objects to this request on the grounds that it seeks information in

26   violation of the right of privacy.  Larian also objects to this request to the extent it

27   seeks information the disclosure of which would implicate the rights of third parties

28   to protect private, confidential, proprietary or trade secret information.  Larian

EXHIBIT 5

PAGE 265

- 155 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  further objects to this request on the grounds that it seeks confidential, proprietary

2  or commercially sensitive information, the disclosure of which would be inimical to

3  the business interests of Larian.  Larian also objects to this request to the extent it

4  calls for the disclosure of attorney-client privileged information or information

5  protected from disclosure by the work-product doctrine, joint defense or common

6  interest privilege, or other privilege.  Larian also objects to this request to the extent

7  it seeks documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce any personal documents

9  that are relevant and responsive to the request, if any, and that have not already

10  been produced, that he discovers in the course of his reasonable search and diligent

11  inquiry, which are within the permissible scope of discovery, and to which no

12  privilege or other protection applies, including without limitation, the attorney-

13  client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 159:**

15          All COMMUNICATIONS between YOU or MGA and Elise Cloonan

16  prior to June 11, 2002, including without limitation all diaries, notes, calendars,

17  logs, phone records and letters, that reflect, record or memorialize or otherwise

18  RELATING TO any such COMMUNICATIONS.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence, including, without

25  limitation, in that it seeks all communications between Larian or MGA and Elise

26  Cloonan and is not otherwise limited as to subject matter.  Larian also objects to

27  this request on the grounds that it is overbroad, unduly burdensome and oppressive,

28  without limitation, in potentially extending to communications that Elise Cloonan

EXHIBIT 5

PAGE 266

- 156 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   may have had with any of MGA's hundreds of employees, agents or

2   representatives, and regardless of whether any such communication is related in any

3   way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

4   objects to this request on the grounds that it seeks information in violation of the

5   right of privacy.  Larian also objects to this request to the extent it seeks

6   information the disclosure of which would implicate the rights of third parties to

7   protect private, confidential, proprietary or trade secret information.  Larian further

8   objects to this request on the grounds that it seeks confidential, proprietary or

9   commercially sensitive information, the disclosure of which would be inimical to

10  the business interests of Larian.  Larian also objects to this request to the extent it

11  calls for the disclosure of attorney-client privileged information or information

12  protected from disclosure by the work-product doctrine, joint defense or common

13  interest privilege, or other privilege.  Larian also objects to this request to the extent

14  it seeks documents not within Larian's possession, custody or control.

15          Subject to the foregoing, Larian will produce any personal documents

16  that are relevant and responsive to the request, if any, and that have not already

17  been produced, that he discovers in the course of his reasonable search and diligent

18  inquiry, which are within the permissible scope of discovery, and to which no

19  privilege or other protection applies, including without limitation, the attorney-

20  client privilege or attorney's work product doctrine.

21  **REQUEST FOR PRODUCTION NO. 160:**

22          All COMMUNICATIONS between YOU or MGA and Veronica

23  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

24  calendars, logs, phone records and letters, that reflect, record or memorialize or

25  otherwise RELATING TO any such COMMUNICATIONS.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 157 -

EXHIBIT 5

PAGE 267

1   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence, including, without

4   limitation, in that it seeks all communications between Larian or MGA and

5   Veronica Marlow and is not otherwise limited as to subject matter.  Larian also

6   objects to this request on the grounds that it is overbroad, unduly burdensome and

7   oppressive, without limitation, in potentially extending to communications that

8   Veronica Marlow may have had with any of MGA's hundreds of employees, agents

9   or representatives, and regardless of whether any such communication is related in

10  any way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian

11  also objects to this request on the grounds that it seeks information in violation of

12  the right of privacy.  Larian also objects to this request to the extent it seeks

13  information the disclosure of which would implicate the rights of third parties to

14  protect private, confidential, proprietary or trade secret information.  Larian further

15  objects to this request on the grounds that it seeks confidential, proprietary or

16  commercially sensitive information, the disclosure of which would be inimical to

17  the business interests of Larian.  Larian also objects to this request to the extent it

18  calls for the disclosure of attorney-client privileged information or information

19  protected from disclosure by the work-product doctrine, joint defense or common

20  interest privilege, or other privilege.  Larian also objects to this request to the extent

21  it seeks documents not within Larian's possession, custody or control.

22          Subject to the foregoing, Larian will produce any personal documents

23  related to Bratz or Prayer Angels that are relevant and responsive to the request, if

24  any, and that have not already been produced, that he discovers in the course of his

25  reasonable search and diligent inquiry, which are within the permissible scope of

26  discovery, and to which no privilege or other protection applies, including without

27  limitation, the attorney-client privilege or attorney's work product doctrine.

28

EXHIBIT 5
PAGE 268
- 158 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 161:**

All COMMUNICATIONS between YOU or MGA and Mercedeh Ward prior to November 6, 2000, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise RELATING TO any such COMMUNICATIONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks all communications between Larian or MGA and Mercedeh Ward and is not otherwise limited as to subject matter. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, without limitation, in potentially extending to communications that Mercedeh Ward may have had with any of MGA's hundreds of employees, agents or representatives, and regardless of whether any such communication is related in any way to the subject matter of this lawsuit, MGA, or MGA's business. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian further objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent

- 159 -

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  269

1   it seeks documents not within Larian's possession, custody or control.

2        Subject to the foregoing, Larian will produce any personal documents

3   that are relevant and responsive to the request, if any, and that have not already

4   been produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 162:**

9        All COMMUNICATIONS between YOU or MGA and Margaret

10  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to

11  January 1, 2001, including without limitation all diaries, notes, calendars, logs,

12  phone records and letters, that reflect, record or memorialize or otherwise

13  RELATING TO any such COMMUNICATIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

15       Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence, including, without

20  limitation, in that it seeks all communications between Larian or MGA and

21  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and

22  is not otherwise limited as to subject matter.  Larian also objects to this request on

23  the grounds that it is overbroad, unduly burdensome and oppressive, without

24  limitation, in potentially extending to communications that Margaret Hatch (also

25  known as Margaret Leahy and/or Margaret Hatch-Leahy) may have had with any of

26  MGA's hundreds of employees, agents or representatives, and regardless of

27  whether any such communication is related in any way to the subject matter of this

28  lawsuit, MGA, or MGA's business.  Larian also objects to this request on the

- 160 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   270

1   grounds that it seeks information in violation of the right of privacy.  Larian also

2   objects to this request to the extent it seeks information the disclosure of which

3   would implicate the rights of third parties to protect private, confidential,

4   proprietary or trade secret information.  Larian further objects to this request on the

5   grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

8   attorney-client privileged information or information protected from disclosure by

9   the work-product doctrine, joint defense or common interest privilege, or other

10  privilege.  Larian also objects to this request to the extent it seeks documents not

11  within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce any personal documents

13  that are relevant and responsive to the request, if any, and that have not already

14  been produced, that he discovers in the course of his reasonable search and diligent

15  inquiry, which are within the permissible scope of discovery, and to which no

16  privilege or other protection applies, including without limitation, the attorney-

17  client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 163:**

19          All COMMUNICATIONS between YOU or MGA and Anna Rhee

20  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

21  logs, phone records and letters, that reflect, record or memorialize or otherwise

22  RELATING TO any such COMMUNICATIONS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence, including, without

- 161 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 211

1    limitation, in that it seeks all communications between Larian or MGA and Anna

2    Rhee and is not otherwise limited as to subject matter.  Larian also objects to this

3    request on the grounds that it is overbroad, unduly burdensome and oppressive,

4    without limitation, in potentially extending to communications that Anna Rhee may

5    have had with any of MGA's hundreds of employees, agents or representatives, and

6    regardless of whether any such communication is related in any way to the subject

7    matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this request

8    on the grounds that it seeks information in violation of the right of privacy.  Larian

9    also objects to this request to the extent it seeks information the disclosure of which

10   would implicate the rights of third parties to protect private, confidential,

11   proprietary or trade secret information.  Larian further objects to this request on the

12   grounds that it seeks confidential, proprietary or commercially sensitive

13   information, the disclosure of which would be inimical to the business interests of

14   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

15   attorney-client privileged information or information protected from disclosure by

16   the work-product doctrine, joint defense or common interest privilege, or other

17   privilege.  Larian also objects to this request to the extent it seeks documents not

18   within Larian's possession, custody or control.

19          Subject to the foregoing, Larian will produce any personal documents

20   relating to Bratz or Prayer Angels that are relevant and responsive to the request, if

21   any, and that have not already been produced, that he discovers in the course of his

22   reasonable search and diligent inquiry, which are within the permissible scope of

23   discovery, and to which no privilege or other protection applies, including without

24   limitation, the attorney-client privilege or attorney's work product doctrine.

25   **REQUEST FOR PRODUCTION NO. 164:**

26          ALL COMMUNICATIONS between Veronica Marlow and Anna

27   Rhee prior to January 1, 2001, including without limitation all diaries, notes,

28   calendars, logs, phone records and letters, that reflect, record or memorialize or

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 272

1   otherwise RELATING TO any such COMMUNICATIONS.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

3     Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad and unduly burdensome, and seeks information not

6   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

7   discovery of admissible evidence, including, without limitation, in that it seeks all

8   communications between Veronica Marlow and Anna Rhee and is not otherwise

9   limited as to subject matter.  Larian also objects to this request on the grounds that

10   it seeks information in violation of the right of privacy.  Larian also objects to this

11   request to the extent it seeks information the disclosure of which would implicate

12   the rights of third parties to protect private, confidential, proprietary or trade secret

13   information.  Larian also objects to this request on the grounds that it seeks

14   confidential, proprietary or commercially sensitive information, the disclosure of

15   which would be inimical to the business interests of Larian and one or more third

16   parties.  Larian also objects to this request to the extent it calls for the disclosure of

17   attorney-client privileged information or information protected from disclosure by

18   the work-product doctrine, joint defense or common interest privilege, or other

19   privilege.  Larian also objects to this request to the extent it seeks documents not

20   within Larian's possession, custody or control.

21     Subject to the foregoing, Larian will produce any personal documents

22   that are relevant and responsive to the request, if any, and that have not already

23   been produced, that he discovers in the course of his reasonable search and diligent

24   inquiry, which are within the permissible scope of discovery, and to which no

25   privilege or other protection applies, including without limitation, the attorney-

26   client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 165:**

28     All COMMUNICATIONS between YOU or MGA and Sarah Halpern

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

- 163 -

EXHIBIT 5

PAGE 273

1  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

2  logs, phone records and letters, that reflect, record or memorialize or otherwise

3  RELATING TO any such COMMUNICATIONS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

5        Larian incorporates by reference the above-stated general objections as

6  if fully set forth herein.  Larian also specifically objects to this request on the

7  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

8  information not relevant to the subject matter of this lawsuit or reasonably

9  calculated to lead to the discovery of admissible evidence, including, without

10  limitation, in that it seeks all communications between Larian or MGA and Sarah

11  Halpern and is not otherwise limited as to subject matter.  Larian also objects to this

12  request on the grounds that it is overbroad, unduly burdensome and oppressive,

13  without limitation, in potentially extending to communications that Sarah Halpern

14  may have had with any of MGA's hundreds of employees, agents or

15  representatives, and regardless of whether any such communication is related in any

16  way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

17  objects to this request on the grounds that it seeks information in violation of the

18  right of privacy.  Larian also objects to this request to the extent it seeks

19  information the disclosure of which would implicate the rights of third parties to

20  protect private, confidential, proprietary or trade secret information.  Larian further

21  objects to this request on the grounds that it seeks confidential, proprietary or

22  commercially sensitive information, the disclosure of which would be inimical to

23  the business interests of Larian.  Larian also objects to this request to the extent it

24  calls for the disclosure of attorney-client privileged information or information

25  protected from disclosure by the work-product doctrine, joint defense or common

26  interest privilege, or other privilege.  Larian also objects to this request to the extent

27  it seeks documents not within Larian's possession, custody or control.

28        Subject to the foregoing, Larian will produce any personal documents

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 274

1   that are relevant and responsive to the request, if any, and that have not already

2   been produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 166:**

7         All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

8   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

9   logs, phone records and letters, that reflect, record or memorialize or otherwise

10   RELATING TO any such COMMUNICATIONS.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

12         Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence, including, without

17   limitation, in that it seeks all communications between Larian or MGA and Jesse

18   Ramirez and is not otherwise limited as to subject matter.  Larian also objects to

19   this request on the grounds that it is overbroad, unduly burdensome and oppressive,

20   without limitation, in potentially extending to communications that Jesse Ramirez

21   may have had with any of MGA's hundreds of employees, agents or

22   representatives, and regardless of whether any such communication is related in any

23   way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

24   objects to this request on the grounds that it seeks information in violation of the

25   right of privacy.  Larian also objects to this request to the extent it seeks

26   information the disclosure of which would implicate the rights of third parties to

27   protect private, confidential, proprietary or trade secret information.  Larian further

28   objects to this request on the grounds that it seeks confidential, proprietary or

- 165 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  5

PAGE  275

1   commercially sensitive information, the disclosure of which would be inimical to

2   the business interests of Larian.  Larian also objects to this request to the extent it

3   calls for the disclosure of attorney-client privileged information or information

4   protected from disclosure by the work-product doctrine, joint defense or common

5   interest privilege, or other privilege.  Larian also objects to this request to the extent

6   it seeks documents not within Larian's possession, custody or control.

7           Subject to the foregoing, Larian will produce any personal documents

8   that are relevant and responsive to the request, if any, and that have not already

9   been produced, that he discovers in the course of his reasonable search and diligent

10   inquiry, which are within the permissible scope of discovery, and to which no

11   privilege or other protection applies, including without limitation, the attorney-

12   client privilege or attorney's work product doctrine.

13   **REQUEST FOR PRODUCTION NO. 167:**

14           Any personnel or vendor file that YOU created, control, or maintain

15   concerning BRYANT.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad and unduly burdensome, and seeks information not

20   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

21   discovery of admissible evidence, including, without limitation, in that it seeks any

22   personnel or vendor file concerning Bryant created or maintained by Larian and is

23   not otherwise limited as to subject matter or time.  Larian also objects to this

24   request on the grounds that it is vague and ambiguous in that Larian cannot

25   determine what is meant by "vendor file."  Larian also objects to this request on the

26   grounds that it seeks information in violation of the right of privacy.  Larian also

27   objects to this request to the extent it seeks information the disclosure of which

28   would implicate the rights of third parties to protect private, confidential,

EXHIBIT **5**

PAGE **276**

- 166 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   proprietary or trade secret information.  Larian also objects to this request on the

2   grounds that it seeks confidential, proprietary or commercially sensitive

3   information, the disclosure of which would be inimical to the business interests of

4   Larian and one or more third parties.  Larian also objects to this request to the

5   extent it calls for the disclosure of attorney-client privileged information or

6   information protected from disclosure by the work-product doctrine, joint defense

7   or common interest privilege, or other privilege.

8           Subject to the foregoing, Larian will produce any personal documents

9   that are relevant and responsive to the request, if any, and that have not already

10  been produced, that he discovers in the course of his reasonable search and diligent

11  inquiry, which are within the permissible scope of discovery, and to which no

12  privilege or other protection applies, including without limitation, the attorney-

13  client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 168:**

15          Any personnel file that YOU created, control, or maintain concerning

16  Paula Garcia (also known as Paula Treantafellas).

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad and unduly burdensome, and seeks information not

21  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

22  discovery of admissible evidence, including, without limitation, in that it seeks any

23  personnel or vendor file concerning Paula Garcia created or maintained by Larian

24  and is not otherwise limited as to subject matter or time.  Larian also objects to this

25  request on the grounds that it is vague and ambiguous in that Larian cannot

26  determine what is meant by "vendor file."  Larian also objects to this request on the

27  grounds that it seeks information in violation of the right of privacy.  Larian also

28  objects to this request to the extent it seeks information the disclosure of which

EXHIBIT _5_

PAGE _277_

- 167 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   would implicate the rights of third parties to protect private, confidential,

2   proprietary or trade secret information.  Larian also objects to this request on the

3   grounds that it seeks confidential, proprietary or commercially sensitive

4   information, the disclosure of which would be inimical to the business interests of

5   Larian and one or more third parties.  Larian also objects to this request to the

6   extent it calls for the disclosure of attorney-client privileged information or

7   information protected from disclosure by the work-product doctrine, joint defense

8   or common interest privilege, or other privilege.

9           Subject to the foregoing, Larian will produce any personal documents

10  that are relevant and responsive to the request, if any, and that have not already

11  been produced, that he discovers in the course of his reasonable search and diligent

12  inquiry, which are within the permissible scope of discovery, and to which no

13  privilege or other protection applies, including without limitation, the attorney-

14  client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 169:**

16          Any personnel file that YOU created, control, or maintain concerning

17  Mercedeh Ward.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad and unduly burdensome, and seeks information not

22  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

23  discovery of admissible evidence, including, without limitation, in that it seeks any

24  personnel or vendor file concerning Mercedeh Ward created or maintained by

25  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

26  to this request on the grounds that it is vague and ambiguous in that Larian cannot

27  determine what is meant by "vendor file."  Larian also objects to this request on the

28  grounds that it seeks information in violation of the right of privacy.  Larian also

EXHIBIT 5

PAGE 278

- 168 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    objects to this request to the extent it seeks information the disclosure of which

2    would implicate the rights of third parties to protect private, confidential,

3    proprietary or trade secret information.  Larian also objects to this request on the

4    grounds that it seeks confidential, proprietary or commercially sensitive

5    information, the disclosure of which would be inimical to the business interests of

6    Larian and one or more third parties.  Larian also objects to this request to the

7    extent it calls for the disclosure of attorney-client privileged information or

8    information protected from disclosure by the work-product doctrine, joint defense

9    or common interest privilege, or other privilege.

10           Subject to the foregoing, Larian will produce any personal documents

11   that are relevant and responsive to the request, if any, and that have not already

12   been produced, that he discovers in the course of his reasonable search and diligent

13   inquiry, which are within the permissible scope of discovery, and to which no

14   privilege or other protection applies, including without limitation, the attorney-

15   client privilege or attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 170:**

17           Any personnel or vendor file that YOU created, control, or maintain

18   concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

19   Leahy).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

21           Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad and unduly burdensome, and seeks information not

24   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

25   discovery of admissible evidence, including, without limitation, in that it seeks any

26   personnel or vendor file concerning Margaret Hatch (also known as Margaret

27   Leahy and/or Margaret Hatch-Leahy) created or maintained by Larian and is not

28   otherwise limited as to subject matter or time.  Larian also objects to this request on

EXHIBIT 5

PAGE 279

- 169 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    the grounds that it is vague and ambiguous in that Larian cannot determine what is

2    meant by "vendor file."  Larian also objects to this request on the grounds that it

3    seeks information in violation of the right of privacy.  Larian also objects to this

4    request to the extent it seeks information the disclosure of which would implicate

5    the rights of third parties to protect private, confidential, proprietary or trade secret

6    information.  Larian also objects to this request on the grounds that it seeks

7    confidential, proprietary or commercially sensitive information, the disclosure of

8    which would be inimical to the business interests of Larian and one or more third

9    parties.  Larian also objects to this request to the extent it calls for the disclosure of

10   attorney-client privileged information or information protected from disclosure by

11   the work-product doctrine, joint defense or common interest privilege, or other

12   privilege.

13            Subject to the foregoing, Larian will produce all relevant and

14   responsive documents in his possession, custody, or control, if any, that he

15   discovers in the course of his reasonable search and diligent inquiry, which are

16   within the permissible scope of discovery, and to which no privilege or other

17   protection applies, including without limitation, the attorney-client privilege or

18   attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 171:**

20            Any personnel or vendor file that YOU created, control, or maintain

21   concerning Veronica Marlow.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

23            Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad and unduly burdensome, and seeks information not

26   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

27   discovery of admissible evidence, including, without limitation, in that it seeks any

28   personnel or vendor file concerning Veronica Marlow created or maintained by

- 170 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 289

1   Larian and is not otherwise limited as to subject matter or time.  Larian also objects

2   to this request on the grounds that it is vague and ambiguous in that Larian cannot

3   determine what is meant by "vendor file."  Larian also objects to this request on the

4   grounds that it seeks information in violation of the right of privacy.  Larian also

5   objects to this request to the extent it seeks information the disclosure of which

6   would implicate the rights of third parties to protect private, confidential,

7   proprietary or trade secret information.  Larian also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive

9   information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties.  Larian also objects to this request to the

11  extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense

13  or common interest privilege, or other privilege.

14          Subject to the foregoing, Larian will produce any personal documents

15  that are relevant and responsive to the request, if any, and that have not already

16  been produced, that he discovers in the course of his reasonable search and diligent

17  inquiry, which are within the permissible scope of discovery, and to which no

18  privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 172:**

21          Any personnel or vendor file that YOU created, control, or maintain

22  concerning Anna Rhee.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad and unduly burdensome, and seeks information not

27  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

28  discovery of admissible evidence, including, without limitation, in that it seeks any

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   281

1    personnel or vendor file concerning Anna Rhee created or maintained by Larian

2    and is not otherwise limited as to subject matter or time.  Larian also objects to this

3    request on the grounds that it is vague and ambiguous in that Larian cannot

4    determine what is meant by "vendor file."  Larian also objects to this request on the

5    grounds that it seeks information in violation of the right of privacy.  Larian also

6    objects to this request to the extent it seeks information the disclosure of which

7    would implicate the rights of third parties to protect private, confidential,

8    proprietary or trade secret information.  Larian also objects to this request on the

9    grounds that it seeks confidential, proprietary or commercially sensitive

10   information, the disclosure of which would be inimical to the business interests of

11   Larian and one or more third parties.  Larian also objects to this request to the

12   extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense

14   or common interest privilege, or other privilege.

15          Subject to the foregoing, Larian will produce any personal documents

16   that are relevant and responsive to the request, if any, and that have not already

17   been produced, that he discovers in the course of his reasonable search and diligent

18   inquiry, which are within the permissible scope of discovery, and to which no

19   privilege or other protection applies, including without limitation, the attorney-

20   client privilege or attorney's work product doctrine.

21   **REQUEST FOR PRODUCTION NO. 173:**

22          Any personnel or vendor file that YOU created, control, or maintain

23   concerning Jessie Ramirez.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

25          Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad and unduly burdensome, and seeks information not

28   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 282

1   discovery of admissible evidence, including, without limitation, in that it seeks any

2   personnel or vendor file concerning Jesse Ramirez created or maintained by Larian

3   and is not otherwise limited as to subject matter or time.  Larian also objects to this

4   request on the grounds that it is vague and ambiguous in that Larian cannot

5   determine what is meant by "vendor file."  Larian also objects to this request on the

6   grounds that it seeks information in violation of the right of privacy.  Larian also

7   objects to this request to the extent it seeks information the disclosure of which

8   would implicate the rights of third parties to protect private, confidential,

9   proprietary or trade secret information.  Larian also objects to this request on the

10  grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties.  Larian also objects to this request to the

13  extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense

15  or common interest privilege, or other privilege.

16         Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 174:**

23         Any personnel file that YOU created, control, or maintain concerning

24  Shirin Salemnia.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

26         Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad and unduly burdensome, and seeks information not

- 173 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 283

1    relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

2    discovery of admissible evidence, including, without limitation, in that it seeks any

3    personnel or vendor file concerning Shirin Salemnia created or maintained by

4    Larian and is not otherwise limited as to subject matter or time.  Larian also objects

5    to this request on the grounds that it seeks information in violation of the right of

6    privacy.  Larian also objects to this request to the extent it seeks information the

7    disclosure of which would implicate the rights of third parties to protect private,

8    confidential, proprietary or trade secret information.  Larian also objects to this

9    request on the grounds that it seeks confidential, proprietary or commercially

10   sensitive information, the disclosure of which would be inimical to the business

11   interests of Larian and one or more third parties.  Larian also objects to this request

12   to the extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense

14   or common interest privilege, or other privilege.

15   **REQUEST FOR PRODUCTION NO. 175:**

16          DOCUMENTS sufficient to show the relationship, whether by blood

17   or marriage, between Isaac Larian or any FAMILY MEMBER of Isaac Larian, on

18   the one hand, and Shirin Salemnia.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

20          Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein.  Larian also specifically objects to this request on the

22   grounds that it is overbroad and seeks information not relevant to the subject matter

23   of this lawsuit or reasonably calculated to lead to the discovery of admissible

24   evidence.  Larian also objects to this request on the grounds that it seeks

25   information in violation of the right of privacy.  Larian also objects to this request

26   to the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege.

- 174 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 284

**REQUEST FOR PRODUCTION NO. 176:**

Any personnel file that YOU created, control, or maintain concerning Victoria O'Connor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and unduly burdensome, and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, in that it seeks any personnel or vendor file concerning Victoria O'Connor created or maintained by Larian and is not otherwise limited as to subject matter or time. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

EXHIBIT 5

PAGE 286

- 175 -

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 177:**

2        Any personnel file that YOU created, control, or maintain concerning

3   Farhad Larian.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

5        Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad and unduly burdensome, and seeks information not

8   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

9   discovery of admissible evidence, including, without limitation, in that it seeks any

10  personnel or vendor file concerning Farhad Larian created or maintained by Larian

11  and is not otherwise limited as to subject matter or time.  Larian also objects to this

12  request on the grounds that it seeks information in violation of the right of privacy.

13  Larian also objects to this request to the extent it seeks information the disclosure of

14  which would implicate the rights of third parties to protect private, confidential,

15  proprietary or trade secret information.  Larian also objects to this request on the

16  grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22       Subject to the foregoing, Larian will produce any personal documents

23  that are relevant and responsive to the request, if any, and that have not already

24  been produced, that he discovers in the course of his reasonable search and diligent

25  inquiry, which are within the permissible scope of discovery, and to which no

26  privilege or other protection applies, including without limitation, the attorney-

27  client privilege or attorney's work product doctrine.

28

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 286

1  **REQUEST FOR PRODUCTION NO. 178:**

2      All DOCUMENTS RELATING TO, including without limitation

3  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

4  time period from January 1, 1998 through January 1, 2001.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

6      Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein. Larian also specifically objects to this request on the

8  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence, including, without

11  limitation, in that it seeks all telephone records for Larian, without limitation as to

12  who placed the call or who was called, thereby potentially revealing to Mattel

13  every customer, vendor, distributor or anyone else Larian called in the referenced

14  time period, and the length and frequency of those calls. Larian also objects to this

15  request on the grounds that it is overbroad in that it asks for phone records

16  beginning on January 1, 1998. Larian also objects to this request on the grounds

17  that it seeks information in violation of the right of privacy. Larian also objects to

18  this request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.

21  **REQUEST FOR PRODUCTION NO. 179:**

22      All DOCUMENTS RELATING TO, including without limitation

23  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

24  time period from January 1, 1998 through January 1, 2001 RELATING TO

25  BRATZ and/or ANGEL.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

27      Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein. Larian also specifically objects to this request on the

- 177 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 287

1  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence, including, without

4  limitation, in that it seeks all telephone records for Larian relating to Bratz and/or

5  Angel, without limitation as to who placed the call or who was called, thereby

6  potentially revealing to Mattel every customer, vendor, distributor or anyone else

7  Larian called in the referenced time period, and the length and frequency of those

8  calls.  Larian also objects to this request on the grounds that it is overbroad in that it

9  asks for phone records beginning on January 1, 1998.  Larian also objects to this

10  request on the grounds that it seeks information in violation of the right of privacy.

11  Larian also objects to this request on the grounds that it seeks confidential,

12  proprietary or commercially sensitive information, the disclosure of which would

13  be inimical to the business interests of Larian and one or more third parties.

14  **REQUEST FOR PRODUCTION NO. 180:**

15        All DOCUMENTS RELATING TO, including without limitation

16  phone records for, telephone calls by or to YOU or anyone on YOUR behalf for the

17  time period from April 1, 2004 through June 1, 2004.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

19        Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence, including, without

24  limitation, in that it seeks all telephone records for Larian, without limitation as to

25  who placed the call or who was called, thereby potentially revealing to Mattel

26  every customer, vendor, distributor or anyone else Larian called in the referenced

27  time period, and the length and frequency of those calls.  Larian also objects to this

28  request on the grounds that it seeks information in violation of the right of privacy.

EXHIBIT  5

PAGE  288

- 178 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  Larian also objects to this request on the grounds that it seeks confidential,

2  proprietary or commercially sensitive information, the disclosure of which would

3  be inimical to the business interests of Larian and one or more third parties.

4  **REQUEST FOR PRODUCTION NO. 181:**

5  　　　　All DOCUMENTS RELATING TO, including without limitation

6  phone records for, telephone calls RELATING TO BRYANT by or to YOU or

7  anyone on YOUR behalf at any time.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

9  　　　　Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence, including, without

14  limitation, in that it seeks all telephone records for Larian relating, without

15  limitation as to who placed the call or who was called, thereby potentially revealing

16  to Mattel every customer, vendor, distributor or anyone else Larian called in the

17  referenced time period, and the length and frequency of those calls.  Larian also

18  objects to this request on the grounds that it is overbroad in that it asks for phone

19  without limitation as to time.  Larian also objects to this request on the grounds that

20  it seeks information in violation of the right of privacy.  Larian also objects to this

21  request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.

24  **REQUEST FOR PRODUCTION NO. 182:**

25  　　　　All DOCUMENTS that RELATING TO any actual, proposed,

26  contemplated, considered or potential copyright, patent or any other application or

27  registration for BRATZ or any BRATZ DESIGN, including without limitation all

28  COMMUNICATIONS pertaining thereto.

- 179 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 289

**RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, including, without limitation, in that it seeks all documents relating to any copyright, patent, trademark, or other application for registration for Bratz or any Bratz design not at issue in this litigation, which may include dozens-potentially hundreds of products. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record.

Subject to the foregoing, Larian will produce any personal documents that are relevant and responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 183:**

All DOCUMENTS RELATING TO any actual, proposed, contemplated, considered or potential copyright, patent or any other application or registration for ANGEL or any ANGEL DESIGN, including without limitation all COMMUNICATIONS pertaining thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

Larian incorporates by reference the above-stated general objections as

- 180 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 290

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad, including, without limitation, in that it seeks all

3   documents relating to any copyright, patent, trademark, or other application for

4   registration for Angel or any Angel design not at issue in this litigation, which may

5   include dozens-potentially hundreds of products.  Larian also objects to this request

6   on the grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of

8   Larian and one or more third parties.  Larian further objects to this request to the

9   extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian also objects to this request to the extent it calls for the disclosure of attorney-

12  client privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14  Larian also objects to this request on the grounds that it seeks information that is

15  already known to Mattel and/or is a matter of public record.

16          Subject to the foregoing, Larian will produce any personal documents

17  that are relevant and responsive to the request, if any, and that have not already

18  been produced, that he discovers in the course of his reasonable search and diligent

19  inquiry, which are within the permissible scope of discovery, and to which no

20  privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 184:**

23          All doll heads, sculpts, prototypes, models, samples and tangible items

24  that Anna Rhee painted, whether in whole or in part, for YOU, MGA or BRYANT,

25  or on behalf of YOU, MGA or BRYANT, prior to January 1, 2001.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   291

1   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence.  Larian also specifically

4   objects to this request to the extent it seeks information the disclosure of which

5   would implicate the rights of third parties to protect private, confidential,

6   proprietary or trade secret information.  Larian also objects to this request on the

7   grounds that it seeks confidential, proprietary or commercially sensitive

8   information, the disclosure of which would be inimical to the business interests of

9   Larian and one or more third parties.  Larian also objects to this request to the

10  extent it calls for the disclosure of attorney-client privileged information or

11  information protected from disclosure by the work-product doctrine, joint defense

12  or common interest privilege, or other privilege.  Larian also objects to this request

13  to the extent it seeks documents not within Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce any personal items for

15  inspection that are relevant and responsive to the request, if any, and that have not

16  already been produced, that he discovers in the course of his reasonable search and

17  diligent inquiry, which are within the permissible scope of discovery, and to which

18  no privilege or other protection applies, including without limitation, the attorney-

19  client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 185:**

21          All doll heads, sculpts, prototypes, models, samples and tangible items

22  that REFER OR RELATE TO DESIGNS for dolls, doll accessories or toys that

23  BRYANT produced, created, authored, conceived of or reduced to practice,

24  whether alone or jointly with others, prior to January 1, 2001.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, unduly burdensome and oppressive including, without

- 182 -

EXHIBIT __5__

PAGE __292__

1   limitation, in that it seeks tangible items that refer or relate to designs for dolls, doll

2   accessories or toys that are not at issue in this lawsuit, and in that it reaches back

3   into time indefinitely and, thus, for example, calls for documents referring or

4   relating to designs Bryant might have conceived of in his childhood and that have

5   nothing whatsoever to do with this action.  Larian also objects to this request on the

6   grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of

8   Larian and one or more third parties.  Larian further objects to this request to the

9   extent it seeks information the disclosure of which would implicate the rights of

10  third parties to protect private, confidential, proprietary or trade secret information.

11  Larian also objects to this request to the extent it calls for the disclosure of attorney-

12  client privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14  Larian also objects to this request to the extent it seeks documents not within

15  Larian's possession, custody or control.

16          Subject to the foregoing, Larian will produce any personal items for

17  inspection that are relevant and responsive to the request, if any, and that have not

18  already been produced, that he discovers in the course of his reasonable search and

19  diligent inquiry, which are within the permissible scope of discovery, and to which

20  no privilege or other protection applies, including without limitation, the attorney-

21  client privilege or attorney's work product doctrine.

22  **REQUEST FOR PRODUCTION NO. 186:**

23          All DOCUMENTS RELATING TO the exhibition or showing of

24  BRATZ at the Hong Kong Toy Fair in January 2001.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

- 183 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 293

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also specifically

3   objects to this request on the grounds that it is vague and ambiguous in that Larian

4   cannot determine what is meant by "exhibition."  Larian also objects to this request

5   on the grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of

7   Larian and one or more third parties.  Larian also objects to this request to the

8   extent it seeks information the disclosure of which would implicate the rights of

9   third parties to protect private, confidential, proprietary or trade secret information.

10   Larian also objects to this request to the extent it calls for the disclosure of attorney-

11   client privileged information or information protected from disclosure by the work-

12   product doctrine, joint defense or common interest privilege, or other privilege.

13         Subject to the foregoing, Larian will produce any personal documents

14   that are relevant and responsive to the request, if any, and that have not already

15   been produced, that he discovers in the course of his reasonable search and diligent

16   inquiry, which are within the permissible scope of discovery, and to which no

17   privilege or other protection applies, including without limitation, the attorney-

18   client privilege or attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 187:**

20         All DOCUMENTS RELATING TO the exhibition or showing of

21   BRATZ at the Tokyo Toy Fair in or about February 2001.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

23         Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also specifically

28   objects to this request on the grounds that it is vague and ambiguous in that Larian

EXHIBIT   5

PAGE   294

- 184 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   cannot determine what is meant by "exhibition." Larian also objects to this request

2   on the grounds that it seeks confidential, proprietary or commercially sensitive

3   information, the disclosure of which would be inimical to the business interests of

4   Larian and one or more third parties. Larian also objects to this request to the

5   extent it seeks information the disclosure of which would implicate the rights of

6   third parties to protect private, confidential, proprietary or trade secret information.

7   Larian also objects to this request to the extent it calls for the disclosure of attorney-

8   client privileged information or information protected from disclosure by the work-

9   product doctrine, joint defense or common interest privilege, or other privilege.

10       Subject to the foregoing, Larian will produce any personal documents

11   that are relevant and responsive to the request, if any, and that have not already

12   been produced, that he discovers in the course of his reasonable search and diligent

13   inquiry, which are within the permissible scope of discovery, and to which no

14   privilege or other protection applies, including without limitation, the attorney-

15   client privilege or attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 188:**

17       All DOCUMENTS RELATING TO the exhibition of BRATZ at the

18   New York Toy Fair in or about February 2001.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

20       Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein. Larian also specifically objects to this request on the

22   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence. Larian also specifically

25   objects to this request on the grounds that it is vague and ambiguous in that Larian

26   cannot determine what is meant by "exhibition." Larian also objects to this request

27   on the grounds that it seeks confidential, proprietary or commercially sensitive

28   information, the disclosure of which would be inimical to the business interests of

- 185 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   295

1   Larian and one or more third parties.  Larian also objects to this request to the

2   extent it seeks information the disclosure of which would implicate the rights of

3   third parties to protect private, confidential, proprietary or trade secret information.

4   Larian also objects to this request to the extent it calls for the disclosure of attorney-

5   client privileged information or information protected from disclosure by the work-

6   product doctrine, joint defense or common interest privilege, or other privilege.

7            Subject to the foregoing, Larian will produce any personal documents

8   that are relevant and responsive to the request, if any, and that have not already

9   been produced, that he discovers in the course of his reasonable search and diligent

10  inquiry, which are within the permissible scope of discovery, and to which no

11  privilege or other protection applies, including without limitation, the attorney-

12  client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 189:**

14           To the extent not covered by other Requests, all DOCUMENTS

15  RELATING TO the exhibition of BRATZ at any toy fair at any time prior to

16  December 31, 2001.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

18           Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also specifically

23  objects to this request on the grounds that it is vague and ambiguous in that Larian

24  cannot determine what is meant by "exhibition."  Larian also objects to this request

25  on the grounds that it seeks confidential, proprietary or commercially sensitive

26  information, the disclosure of which would be inimical to the business interests of

27  Larian and one or more third parties.  Larian also objects to this request to the

28  extent it seeks information the disclosure of which would implicate the rights of

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT   5

PAGE   296

1   third parties to protect private, confidential, proprietary or trade secret information.

2   Larian also objects to this request to the extent it calls for the disclosure of attorney-

3   client privileged information or information protected from disclosure by the work-

4   product doctrine, joint defense or common interest privilege, or other privilege.

5          Subject to the foregoing, Larian will produce any personal documents

6   that are relevant and responsive to the request, if any, and that have not already

7   been produced, that he discovers in the course of his reasonable search and diligent

8   inquiry, which are within the permissible scope of discovery, and to which no

9   privilege or other protection applies, including without limitation, the attorney-

10  client privilege or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 190:**

12         All COMMUNICATIONS between YOU and any stock analyst,

13  investment analyst, investment bank, institutional lender, or venture capital fund

14  RELATING TO BRYANT, this ACTION OR MATTEL since January 1, 1999.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

16         Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad and seeks information not relevant to the subject matter

19  of this lawsuit or reasonably calculated to lead to the discovery of admissible

20  evidence.  Larian also objects to this request on the grounds that it seeks

21  confidential, proprietary or commercially sensitive information, the disclosure of

22  which would be inimical to the business interests of Larian and one or more third

23  parties.  Larian further objects to this request to the extent it seeks information the

24  disclosure of which would implicate the rights of third parties to protect private,

25  confidential, proprietary or trade secret information.  Larian also objects to this

26  request to the extent it calls for the disclosure of attorney-client privileged

27  information or information protected from disclosure by the work-product doctrine,

28  joint defense or common interest privilege, or other privilege.

- 187 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 297

**REQUEST FOR PRODUCTION NO. 191:**

All COMMUNICATIONS between YOU and any member of the press RELATING TO BRATZ, including without limitation RELATING TO the origins, conception, creation, DESIGN or development thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all communications between Larian and any member of the press relating to Bratz, without further limitation as to subject matter or time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**REQUEST FOR PRODUCTION NO. 192:**

All COMMUNICATIONS between YOU and any member of the press RELATING TO BRYANT since January 1, 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 298

1    of this lawsuit or reasonably calculated to lead to the discovery of admissible

2    evidence.  Larian also objects to this request on the ground that it is overbroad,

3    unduly burdensome, and oppressive in seeking all communications between Larian

4    and any member of the press relating to Bryant, without further limitation as to

5    subject matter.  Larian also objects to this request on the grounds that it seeks

6    confidential, proprietary or commercially sensitive information, the disclosure of

7    which would be inimical to the business interests of Larian and one or more third

8    parties.  Larian further objects to this request to the extent it seeks information the

9    disclosure of which would implicate the rights of third parties to protect private,

10    confidential, proprietary or trade secret information.  Larian also objects to this

11    request to the extent it calls for the disclosure of attorney-client privileged

12    information or information protected from disclosure by the work-product doctrine,

13    joint defense or common interest privilege, or other privilege.

14    **REQUEST FOR PRODUCTION NO. 193:**

15        All COMMUNICATIONS between YOU and any member of the

16    press RELATING TO this ACTION.

17    **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

18        Larian incorporates by reference the above-stated general objections as

19    if fully set forth herein.  Larian also specifically objects to this request on the

20    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21    information not relevant to the subject matter of this lawsuit or reasonably

22    calculated to lead to the discovery of admissible evidence.  Larian also specifically

23    objects to this request on the grounds that it seeks confidential, proprietary or

24    commercially sensitive information, the disclosure of which would be inimical to

25    the business interests of Larian.  Larian further objects to this request to the extent it

26    seeks information the disclosure of which would implicate the rights of third parties

27    to protect private, confidential, proprietary or trade secret information.  Larian also

28    objects to this request to the extent it calls for the disclosure of attorney-client

EXHIBIT 5

PAGE 299

- 189 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  privileged information or information protected from disclosure by the work-

2  product doctrine, joint defense or common interest privilege, or other privilege.

3  **REQUEST FOR PRODUCTION NO. 194:**

4        All COMMUNICATIONS between YOU and any member of the

5  press RELATING TO MATTEL since January 1, 1999.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

7        Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad and seeks information not relevant to the subject matter

10  of this lawsuit or reasonably calculated to lead to the discovery of admissible

11  evidence.  Larian also objects to this request on the ground that it is overbroad,

12  unduly burdensome, and oppressive in seeking all communications between Larian

13  and any member of the press relating to Mattel, without further limitation as to

14  subject matter or time.  Larian also objects to this request on the grounds that it

15  seeks confidential, proprietary or commercially sensitive information, the

16  disclosure of which would be inimical to the business interests of Larian and one or

17  more third parties.  Larian further objects to this request to the extent it seeks

18  information the disclosure of which would implicate the rights of third parties to

19  protect private, confidential, proprietary or trade secret information.  Larian also

20  objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-

22  product doctrine, joint defense or common interest privilege, or other privilege.

23  **REQUEST FOR PRODUCTION NO. 195:**

24        All DOCUMENTS RELATING TO any statements made by YOU to

25  any stock analyst, investment analyst, investment bank, institutional lender, or

26  venture capital fund RELATING TO BRYANT since January 1, 1999.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

28        Larian incorporates by reference the above-stated general objections as

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad and seeks information not relevant to the subject matter

3   of this lawsuit or reasonably calculated to lead to the discovery of admissible

4   evidence.  Larian also objects to this request on the grounds that it seeks

5   confidential, proprietary or commercially sensitive information, the disclosure of

6   which would be inimical to the business interests of Larian and one or more third

7   parties.  Larian further objects to this request to the extent it seeks information the

8   disclosure of which would implicate the rights of third parties to protect private,

9   confidential, proprietary or trade secret information.  Larian also objects to this

10   request to the extent it calls for the disclosure of attorney-client privileged

11   information or information protected from disclosure by the work-product doctrine,

12   joint defense or common interest privilege, or other privilege.

13   **REQUEST FOR PRODUCTION NO. 196:**

14           All DOCUMENTS RELATING TO any statements made by YOU to

15   any stock analyst, investment analyst, investment bank, institutional lender, or

16   venture capital fund RELATING TO this ACTION.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

18           Larian incorporates by reference the above-stated general objections as

19   if fully set forth herein.  Larian also specifically objects to this request on the

20   grounds that it is overbroad and seeks information not relevant to the subject matter

21   of this lawsuit or reasonably calculated to lead to the discovery of admissible

22   evidence.  Larian also objects to this request on the grounds that it seeks

23   confidential, proprietary or commercially sensitive information, the disclosure of

24   which would be inimical to the business interests of Larian and one or more third

25   parties.  Larian further objects to this request to the extent it seeks information the

26   disclosure of which would implicate the rights of third parties to protect private,

27   confidential, proprietary or trade secret information.  Larian also objects to this

28   request to the extent it calls for the disclosure of attorney-client privileged

- 191 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT    5

PAGE    301

1   information or information protected from disclosure by the work-product doctrine,

2   joint defense or common interest privilege, or other privilege.

3   **REQUEST FOR PRODUCTION NO. 197:**

4           All DOCUMENTS RELATING TO any statements made by YOU to

5   any stock analyst, investment analyst, investment bank, institutional lender, or

6   venture capital fund RELATING TO MATTEL since January 1, 1999.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

8           Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad and seeks information not relevant to the subject matter

11  of this lawsuit or reasonably calculated to lead to the discovery of admissible

12  evidence.  Larian also objects to this request on the grounds that it seeks

13  confidential, proprietary or commercially sensitive information, the disclosure of

14  which would be inimical to the business interests of Larian and one or more third

15  parties.  Larian further objects to this request to the extent it seeks information the

16  disclosure of which would implicate the rights of third parties to protect private,

17  confidential, proprietary or trade secret information.  Larian also objects to this

18  request to the extent it calls for the disclosure of attorney-client privileged

19  information or information protected from disclosure by the work-product doctrine,

20  joint defense or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 198:**

22          All COMMUNICATIONS between YOU and any individual while the

23  individual was employed by MATTEL.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad and seeks information not relevant to the subject matter

28  of this lawsuit or reasonably calculated to lead to the discovery of admissible

- 192 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   302

1   evidence and is, thus, overbroad, unduly burdensome and oppressive, including,

2   without limitation, in that it is not limited as to the individuals who participated in

3   the communications or as to time.  Larian also objects to this request on the grounds

4   that it seeks information in violation of the right of privacy.  Larian also objects to

5   this request on the grounds that it seeks confidential, proprietary or commercially

6   sensitive information, the disclosure of which would be inimical to the business

7   interests of Larian and one or more third parties.  Larian further objects to this

8   request to the extent it seeks information the disclosure of which would implicate

9   the rights of third parties to protect private, confidential, proprietary or trade secret

10  information.  Larian also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest

13  privilege, or other privilege.

14  **REQUEST FOR PRODUCTION NO. 199:**

15          All DOCUMENTS RELATING TO publicity by YOU or MGA

16  RELATING TO BRATZ, ANGEL and/or BRYANT since January 1, 1999,

17  including but not limited to advertising, media releases, and public relations

18  material.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

20          Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad and seeks information not relevant to the subject matter

23  of this lawsuit or reasonably calculated to lead to the discovery of admissible

24  evidence.  Larian also objects to this request on the grounds that it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of Larian and one or more third

27  parties.  Larian also objects to this request to the extent it seeks information the

28  disclosure of which would implicate the rights of third parties to protect private,

EXHIBIT 5

PAGE 303

- 193 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  confidential, proprietary or trade secret information.  Larian also objects to this

2  request to the extent it calls for the disclosure of attorney-client privileged

3  information or information protected from disclosure by the work-product doctrine,

4  joint defense or common interest privilege, or other privilege.  Larian also objects

5  to this request to the extent that it seeks information that is already known to Mattel

6  and/or is a matter of public record.

7  **REQUEST FOR PRODUCTION NO. 200:**

8          All DOCUMENTS RELATING TO any effort by YOU or MGA to

9  recruit employees or contractors who have been or are employed by or who have

10  worked for MATTEL since January 1, 1999, including but not limited to

11  advertising, media releases, brochures, articles, catalogs, handbooks, and public

12  relations material.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

14          Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad and seeks information not relevant to the subject matter

17  of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence.  Larian also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of Larian and one or more third

21  parties.  Larian also objects to this request to the extent it seeks information the

22  disclosure of which would implicate the rights of third parties to protect private,

23  confidential, proprietary or trade secret information.  Larian also objects to this

24  request to the extent it calls for the disclosure of attorney-client privileged

25  information or information protected from disclosure by the work-product doctrine,

26  joint defense or common interest privilege, or other privilege.  Larian also objects

27  to this request to the extent that it seeks information that is already known to Mattel

28  and/or is a matter of public record.



EXHIBIT 5

PAGE 304

- 194 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 201:**

2       All DOCUMENTS RELATING TO the hiring, engagement, or

3   retention by YOU or MGA of any current or former MATTEL employee or

4   contractor since January 1, 1999, including but not limited to all employment

5   agreements and agreements RELATING TO confidentiality or the invention,

6   authorship, or ownership of any concept or product.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

8       Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad and seeks information not relevant to the subject matter

11   of this lawsuit or reasonably calculated to lead to the discovery of admissible

12   evidence.  Larian also objects to this request on the ground that it is overbroad,

13   unduly burdensome, and oppressive in seeking all documents relating to the hiring,

14   engagement, or retention of current or former Mattel employees or contractors,

15   regardless of the individuals or the work or services they performed.  Larian also

16   objects to this request on the grounds that it seeks confidential, proprietary or

17   commercially sensitive information, the disclosure of which would be inimical to

18   the business interests of Larian and one or more third parties.  Larian also objects to

19   this request to the extent it seeks information the disclosure of which would

20   implicate the rights of third parties to protect private, confidential, proprietary or

21   trade secret information.  Larian also objects to this request on the grounds that it

22   seeks information in violation of the right of privacy.  Larian also objects to this

23   request to the extent it calls for the disclosure of attorney-client privileged

24   information or information protected from disclosure by the work-product doctrine,

25   joint defense or common interest privilege, or other privilege.

26   **REQUEST FOR PRODUCTION NO. 202:**

27       All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

28   receipt, reproduction, copying, storage, transmission, transfer, retention,

EXHIBIT 5

PAGE 306

- 195 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  destruction, deletion or use of any DOCUMENTS or DIGITAL INFORMATION,

2  including but not limited to any compilation of information, that was prepared,

3  made, created, generated, assembled or compiled by or for MATTEL and that was

4  not publicly available at the time of YOUR receipt of such DOCUMENT or

5  DIGITAL INFORMATION.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

7          Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein. Larian also specifically objects to this request on the

9  grounds that it is overbroad and seeks information not relevant to the subject matter

10  of this lawsuit or reasonably calculated to lead to the discovery of admissible

11  evidence. Larian also objects to this request on the grounds that it seeks

12  confidential, proprietary or commercially sensitive information, the disclosure of

13  which would be inimical to the business interests of Larian and one or more third

14  parties. Larian also objects to this request to the extent it calls for the disclosure of

15  attorney-client privileged information or information protected from disclosure by

16  the work-product doctrine, joint defense or common interest privilege, or other

17  privilege.

18  **REQUEST FOR PRODUCTION NO. 203:**

19          All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

20  knowledge of any MATTEL product prior to the time that such product had been

21  announced or disclosed by MATTEL to retailers or the public.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

23          Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad and seeks information not relevant to the subject matter

26  of this lawsuit or reasonably calculated to lead to the discovery of admissible

27  evidence and is, thus, overbroad, unduly burdensome an oppressive, including,

28  without limitation, in that it seeks documents related to Mattel products not at issue

- 196 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 306

1  in this litigation.  Larian also objects to this request on the grounds that it seeks

2  confidential, proprietary or commercially sensitive information, the disclosure of

3  which would be inimical to the business interests of Larian and one or more third

4  parties.  Larian also objects to this request to the extent it seeks information the

5  disclosure of which would implicate the rights of third parties to protect private,

6  confidential, proprietary or trade secret information.  Larian also objects to this

7  request to the extent it calls for the disclosure of attorney-client privileged

8  information or information protected from disclosure by the work-product doctrine,

9  joint defense or common interest privilege, or other privilege.

10  **REQUEST FOR PRODUCTION NO. 204:**

11        All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

12  knowledge of any DESIGN created by, on behalf of, or at the behest of MATTEL,

13  or created by any PERSON employed by or under contract with MATTEL at the

14  time of the DESIGN's creation, that was not manufactured for sale or placed into

15  the retail market.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

17        Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad and seeks information not relevant to the subject matter

20  of this lawsuit or reasonably calculated to lead to the discovery of admissible

21  evidence.  Larian also objects to this request on the grounds that it seeks

22  confidential, proprietary or commercially sensitive information, the disclosure of

23  which would be inimical to the business interests of Larian and one or more third

24  parties.  Larian also objects to this request to the extent it seeks information the

25  disclosure of which would implicate the rights of third parties to protect private,

26  confidential, proprietary or trade secret information.  Larian also objects to this

27  request to the extent it calls for the disclosure of attorney-client privileged

28  information or information protected from disclosure by the work-product doctrine,

EXHIBIT  5

PAGE  307

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   joint defense or common interest privilege, or other privilege.

2   **REQUEST FOR PRODUCTION NO. 205:**

3        All DOCUMENTS, since January 1, 1999, RELATING TO YOUR

4   receipt, reproduction, copying, storage, transmission, transfer, retention,

5   destruction, deletion or use of any MATTEL line list or other DOCUMENT

6   prepared by MATTEL identifying MATTEL products in the planning, design or

7   development phase.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

9        Larian incorporates by reference the above-stated general objections as

10   if fully set forth herein.  Larian also specifically objects to this request on the

11   grounds that it is overbroad and seeks information not relevant to the subject matter

12   of this lawsuit or reasonably calculated to lead to the discovery of admissible

13   evidence.  Larian also objects to this request on the grounds that it seeks

14   confidential, proprietary or commercially sensitive information, the disclosure of

15   which would be inimical to the business interests of Larian and one or more third

16   parties.  Larian also objects to this request to the extent it seeks information the

17   disclosure of which would implicate the rights of third parties to protect private,

18   confidential, proprietary or trade secret information.  Larian also objects to this

19   request to the extent it calls for the disclosure of attorney-client privileged

20   information or information protected from disclosure by the work-product doctrine,

21   joint defense or common interest privilege, or other privilege.

22   **REQUEST FOR PRODUCTION NO. 206:**

23        All DOCUMENTS, since January 1, 1999, RELATING TO MGA's

24   receipt, reproduction, copying, storage, transmission, transfer, retention,

25   destruction, deletion or use of any MATTEL line list or other DOCUMENT

26   prepared by MATTEL identifying MATTEL products in the planning, design or

27   development phase.

28

EXHIBIT 5

PAGE 308

- 198 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive, including, without limitation, in that it is duplicative of request number 205. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

**REQUEST FOR PRODUCTION NO. 207:**

DOCUMENTS sufficient to IDENTIFY each account with any bank or financial institution that YOU have or have had, or that YOU have or have had any legal or beneficial interest in, since January 1, 1999.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this requests on the grounds that it is vague and ambiguous in that Larian cannot determine what

- 199 -

LARIAN'S RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

EXHIBIT 5
PAGE 309

1   is meant by the phrase "any legal or beneficial interest."  Larian also objects to this

2   request on the grounds that it seeks confidential, proprietary or commercially

3   sensitive information, the disclosure of which would be inimical to the business

4   interests of Larian and one or more third parties.  Larian also objects to this request

5   to the extent it seeks information the disclosure of which would implicate the rights

6   of third parties to protect private, confidential, proprietary or trade secret

7   information.  Larian also objects to this request to the extent it calls for the

8   disclosure of attorney-client privileged information or information protected from

9   disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.

11  **REQUEST FOR PRODUCTION NO. 208:**

12                  Documents sufficient to establish YOUR gross income, and the

13· sources of that gross income, for the years 1999 through the present, inclusive.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

15                  Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad and seeks information not relevant to the subject matter

18  of this lawsuit or reasonably calculated to lead to the discovery of admissible

19  evidence.  Larian also objects to this request on the grounds that it seeks

20  information in violation of the right of privacy.  Larian also objects to this request

21  on the grounds that it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  Larian and one or more third parties.  Larian also objects to this request to the

24  extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.

27  **REQUEST FOR PRODUCTION NO. 209:**

28                  YOUR federal and state tax returns for each of the years 1999 through

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   5

PAGE   310

1   the present, inclusive.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

3           Larian incorporates by reference the above-stated general objections as

4   if fully set forth herein.  Larian also specifically objects to this request on the

5   grounds that it is overbroad and seeks information not relevant to the subject matter

6   of this lawsuit or reasonably calculated to lead to the discovery of admissible

7   evidence.  Larian also objects to this request on the grounds that it seeks

8   information in violation of the right of privacy.  Larian also objects to this request

9   on the grounds that it seeks confidential, proprietary or commercially sensitive

10   information, the disclosure of which would be inimical to the business interests of

11   Larian and one or more third parties.  Larian also objects to this request to the

12   extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense

14   or common interest privilege, or other privilege.

15   **REQUEST FOR PRODUCTION NO. 210:**

16           DOCUMENTS sufficient to IDENTIFY each telephone subscription

17   service account that YOU have or have had, or that YOU use or have used, since

18   January 1, 1999.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

20           Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein.  Larian also specifically objects to this request on the

22   grounds that it is overbroad and seeks information not relevant to the subject matter

23   of this lawsuit or reasonably calculated to lead to the discovery of admissible

24   evidence.  Larian also objects to this request on the grounds that it seeks

25   confidential, proprietary or commercially sensitive information, the disclosure of

26   which would be inimical to the business interests of Larian and one or more third

27   parties.  Larian also objects to this request to the extent it calls for the disclosure of

28   attorney-client privileged information or information protected from disclosure by

EXHIBIT 5

PAGE 311

- 201 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   the work-product doctrine, joint defense or common interest privilege, or other

2   privilege.

3   **REQUEST FOR PRODUCTION NO. 211:**

4          All MATTEL DOCUMENTS that BRYANT or any other PERSON

5   has shown, given, provided, summarized or otherwise communicated to YOU or

6   MGA (whether directly or indirectly) at any time since January 1, 1999.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**

8          Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein. Larian also specifically objects to this request on the

10  grounds that it is overbroad and seeks information not relevant to the subject matter

11  of this lawsuit or reasonably calculated to lead to the discovery of admissible

12  evidence. Larian also objects to this request to the extent it seeks information the

13  disclosure of which would implicate the rights of third parties to protect private,

14  confidential, proprietary or trade secret information. Larian also objects to this

15  request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties. Larian also objects to this request

18  to the extent it calls for the disclosure of attorney-client privileged information or

19  information protected from disclosure by the work-product doctrine, joint defense

20  or common interest privilege, or other privilege.

21  **REQUEST FOR PRODUCTION NO. 212:**

22         All DOCUMENTS that YOU knew or were informed that, or ever had

23  any reason to believe, had been or were created by or originated from MATTEL,

24  other than MATTEL products that YOU or MGA purchased at retail.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

26         Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein. Larian also specifically objects to this request on the

28  grounds that it is overbroad and seeks information not relevant to the subject matter

EXHIBIT 5

PAGE 312

- 202 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  of this lawsuit or reasonably calculated to lead to the discovery of admissible

2  evidence.  Larian also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the business interests of Larian and one or more third

5  parties.  Larian also objects to this request to the extent it calls for the disclosure of

6  attorney-client privileged information or information protected from disclosure by

7  the work-product doctrine, joint defense or common interest privilege, or other

8  privilege.

9  **REQUEST FOR PRODUCTION NO. 213:**

10         All COMMUNICATIONS between YOU and any PERSON

11  RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

12  INFORMATION between January 1, 1999 and the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

14         Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad and seeks information not relevant to the subject matter

17  of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence.  Larian also objects to this request on the grounds that it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of Larian and one or more third

21  parties.  Larian also objects to this request to the extent it calls for the disclosure of

22  attorney-client privileged information or information protected from disclosure by

23  the work-product doctrine, joint defense or common interest privilege, or other

24  privilege.

25  **REQUEST FOR PRODUCTION NO. 214:**

26         All DOCUMENTS RELATING TO any facts underlying any of

27  YOUR defenses in this ACTION.

28

EXHIBIT    5

PAGE    313

- 203 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

2         Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad and unduly burdensome in that it calls for all

5  documents that support, refute or otherwise refer or relate to any facts underlying

6  Larian's defenses.  Larian also objects to this request on the grounds that it calls for

7  legal conclusions.  Larian also objects to this request on the grounds that it seeks

8  information in Mattel's possession and/or in the public record, and/or equally

9  available to Mattel.  Larian also objects to this request to the extent it calls for the

10 disclosure of attorney-client privileged information or information protected from

11 disclosure by the work-product doctrine, joint defense or common interest

12 privilege, or other privilege.

13        Subject to the foregoing, Larian will produce any personal documents

14 that are relevant and responsive to the request, if any, and that have not already

15 been produced, that he discovers in the course of his reasonable search and diligent

16 inquiry, which are within the permissible scope of discovery, and to which no

17 privilege or other protection applies, including without limitation, the attorney-

18 client privilege or attorney's work product doctrine.

19 **REQUEST FOR PRODUCTION NO. 215:**

20        All doll heads, sculpts, prototypes, models, samples and tangible items

21 RELATING TO any facts underlying any of YOUR defenses in this ACTION.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

23        Larian incorporates by reference the above-stated general objections as

24 if fully set forth herein.  Larian also specifically objects to this request on the

25 grounds that it is overbroad and unduly burdensome in that it calls for all

26 documents that support, refute or otherwise refer or relate to any facts underlying

27 Larian's defenses.  Larian also objects to this request on the grounds that it calls for

28 legal conclusions.  Larian also objects to this request on the grounds that it seeks

- 204 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 5

PAGE 314

1  confidential, proprietary or commercially sensitive information, the disclosure of

2  which would be inimical to the business interests of Larian and one or more third

3  parties. Larian also objects to this request to the extent it calls for the disclosure of

4  attorney-client privileged information or information protected from disclosure by

5  the work-product doctrine, joint defense or common interest privilege, or other

6  privilege.

7        Subject to the foregoing, Larian will produce any personal items for

8  inspection that are relevant and responsive to the request, if any, and that have not

9  already been produced, that he discovers in the course of his reasonable search and

10  diligent inquiry, which are within the permissible scope of discovery, and to which

11  no privilege or other protection applies, including without limitation, the attorney-

12  client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 216:**

14        All DOCUMENTS RELATING TO any facts underlying the claims

15  for relief in MATTEL's Complaint (including without limitation its Counterclaims)

16  against YOU or any other PERSON in this ACTION.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

18        Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein. Larian also specifically objects to this request on the

20  grounds that it is overbroad and unduly burdensome in that it calls for all

21  documents that support, refute or otherwise refer or relate to any facts underlying

22  Larian's defenses. Larian also objects to this request on the grounds that it calls for

23  legal conclusions. Larian also objects to this request on the grounds that it seeks

24  information in Mattel's possession and/or in the public record, and/or equally

25  available to Mattel. Larian also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege.


EXHIBIT 5

PAGE 315

- 205 -

1    **REQUEST FOR PRODUCTION NO. 217:**

2        All doll heads, sculpts, prototypes, models, samples and tangible items

3    RELATING TO any facts underlying the claims for relief in MATTEL's Complaint

4    (including without limitation its Counterclaims) against YOU or any other

5    PERSON in this ACTION.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

7        Larian incorporates by reference the above-stated general objections as

8    if fully set forth herein.  Larian also specifically objects to this request on the

9    grounds that it is overbroad and unduly burdensome in that it calls for all

10   documents that support, refute or otherwise refer or relate to any facts underlying

11   Larian's defenses.  Larian also objects to this request on the grounds that it calls for

12   legal conclusions.  Larian also objects to this request on the grounds that it seeks

13   confidential, proprietary or commercially sensitive information, the disclosure of

14   which would be inimical to the business interests of Larian and one or more third

15   parties.  Larian also objects to this request to the extent it calls for the disclosure of

16   attorney-client privileged information or information protected from disclosure by

17   the work-product doctrine, joint defense or common interest privilege, or other

18   privilege.

19       Subject to the foregoing, Larian will produce any personal items for

20   inspection that are relevant and responsive to the request, if any, and that have not

21   already been produced, that he discovers in the course of his reasonable search and

22   diligent inquiry, which are within the permissible scope of discovery, and to which

23   no privilege or other protection applies, including without limitation, the attorney-

24   client privilege or attorney's work product doctrine.

25   **REQUEST FOR PRODUCTION NO. 218:**

26       All DOCUMENTS RELATING TO any testing of or sampling from

27   any DOCUMENTS RELATING TO BRATZ or BRYANT, including without

28   limitation any such testing or sampling in connection with any ink, paper or

- 206 -

EXHIBIT 5

PAGE 316

1    chemical analysis to date any such DOCUMENTS and including without limitation

2    all results and reports relating thereto.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

4            Larian incorporates by reference the above-stated general objections as

5    if fully set forth herein.  Larian also specifically objects to this request on the

6    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7    information not relevant to the subject matter of this lawsuit or reasonably

8    calculated to lead to the discovery of admissible evidence.  Larian also specifically

9    objects to this request to the extent it seeks documents not within Larian's

10   possession, custody or control.  Larian also objects to this request on the grounds

11   that it seeks confidential, proprietary or commercially sensitive information, the

12   disclosure of which would be inimical to the business interests of Larian and one or

13   more third parties.  Larian also objects to this request to the extent it calls for the

14   disclosure of attorney-client privileged information or information protected from

15   disclosure by the work-product doctrine, joint defense or common interest

16   privilege, or other privilege.

17           Subject to the foregoing, Larian will produce any personal documents

18   that are relevant and responsive to the request, if any, and that have not already

19   been produced, that he discovers in the course of his reasonable search and diligent

20   inquiry, which are within the permissible scope of discovery, and to which no

21   privilege or other protection applies, including without limitation, the attorney-

22   client privilege or attorney's work product doctrine.

23   **REQUEST FOR PRODUCTION NO. 219:**

24           All DOCUMENTS RELATING TO YOUR knowledge of any testing

25   of or sampling from any DOCUMENTS RELATING TO BRATZ or BRYANT.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

27           Larian incorporates by reference the above-stated general objections as

28   if fully set forth herein.  Larian also specifically objects to this request on the

EXHIBIT 5

PAGE 317

- 207 -

LARIAN'S RESPONSE TO MATTEL'S 1ST
SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)