1    third parties to protect private, confidential, proprietary or trade secret information.

2    Larian also objects to this request to the extent it calls for the disclosure of attorney-

3    client privileged information or information protected from disclosure by the work-

4    product doctrine, joint defense or common interest privilege, or other privilege.

5          Subject to the foregoing, Larian will produce all documents within his

6    possession, custody, or control that are responsive to the request, if any, and that

7    have not already been produced, that he discovers in the course of his reasonable

8    search and diligent inquiry, which are within the permissible scope of discovery,

9    and to which no privilege or other protection applies, including without limitation,

10   the attorney-client privilege or attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 8:**

12         All DOCUMENTS RELATING TO BRYANT'S participation in the

13   conception, creation, DESIGN, development, sculpting, tooling, production or

14   manufacture of BRATZ.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16         Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein.  Larian also specifically objects to this request on the

18   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably

20   calculated to lead to the discovery of admissible evidence.  Larian also specifically

21   objects to this request on the grounds that it seeks confidential, proprietary, or

22   commercially sensitive information, the disclosure of which would be inimical to

23   the business interests of Larian and one or more third parties.  Larian also objects to

24   this request to the extent it seeks documents not within Larian's possession, custody

25   or control.  Larian also objects to this request to the extent it calls for the disclosure

26   of attorney-client privileged information or information protected from disclosure

27   by the work product doctrine, joint defense or common interest privilege, or other

28   privilege.

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  6
PAGE  377

1    Subject to the foregoing, Larian will produce all documents within his
2  possession, custody, or control that are responsive to the request, if any, and that
3  have not already been produced, that he discovers in the course of his reasonable
4  search and diligent inquiry, which are within the permissible scope of discovery,
5  and to which no privilege or other protection applies, including without limitation,
6  the attorney-client privilege or attorney's work product doctrine.

7  **REQUEST FOR PRODUCTION NO. 9:**

8    All DOCUMENTS RELATING TO COMMUNICATIONS between
9  YOU or MGA and BRYANT and RELATING TO the period prior to December
10  31, 2001 (regardless of when such document was prepared, written, transmitted or
11  received, whether in whole or in part), including without limitation all diaries,
12  notes, calendars, logs, phone records and letters, that reflect, record or memorialize
13  or otherwise RELATING TO any such COMMUNICATIONS.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

15    Larian incorporates by reference the above-stated general objections as
16  if fully set forth herein.  Larian also specifically objects to this request on the
17  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks
18  information not relevant to the subject matter of this lawsuit or reasonably
19  calculated to lead to the discovery of admissible evidence.  Larian also specifically
20  objects to this request on the grounds that it is overbroad, unduly burdensome, and
21  oppressive in that it seeks all documents relating to communications between
22  Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian
23  also objects to this request on the grounds that it is overbroad, unduly burdensome
24  and oppressive including, without limitation, in potentially extending to
25  communications that Bryant may have had with any of MGA's hundreds of
26  employees, agents or representatives, and regardless of whether any such
27  communication is related in any way to the subject matter of this lawsuit, MGA, or
28  MGA's business.  Larian also objects to this request on the grounds that it seeks

- 12 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **6**
PAGE **378**

1  information in violation of the right of privacy.  Larian also objects to this request

2  on the grounds that it seeks confidential, proprietary or commercially sensitive

3  information, the disclosure of which would be inimical to the business interests of

4  Larian and one or more third parties.  Larian further objects to this request to the

5  extent it seeks information the disclosure of which would implicate the rights of

6  third parties to protect private, confidential, proprietary or trade secret information.

7  Larian also objects to this request to the extent it calls for the disclosure of attorney-

8  client privileged information or information protected from disclosure by the work-

9  product doctrine, joint defense or common interest privilege, or other privilege.

10  Larian also objects to the extent this request seeks documents not in Larian's

11  possession, custody or control.

12         Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, which are within the permissible scope of discovery,

16  and to which no privilege or other protection applies, including without limitation,

17  the attorney-client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 10:**

19         All DOCUMENTS RELATING TO COMMUNICATIONS between

20  YOU or MGA and BRYANT prior to December 31, 2001, including without

21  limitation all diaries, notes, calendars, logs, phone records and letters, that reflect,

22  record or memorialize or otherwise RELATING TO any such

23  COMMUNICATIONS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

25         Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT 6

PAGE 379

- 13 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also specifically

2   objects to this request on the grounds that it is overbroad, unduly burdensome, and

3   oppressive in that it seeks all documents relating to communications between

4   Larian or MGA and Bryant and is not otherwise limited as to subject matter.  Larian

5   also objects to this request on the grounds that it is overbroad, unduly burdensome

6   and oppressive, without limitation, in potentially extending to communications that

7   Bryant may have had with any of MGA's hundreds of employees, agents or

8   representatives, and regardless of whether any such communication is related in any

9   way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

10   objects to this request on the grounds that it seeks information in violation of the

11   right of privacy.  Larian also objects to this request on the grounds that it seeks

12   confidential, proprietary or commercially sensitive information, the disclosure of

13   which would be inimical to the business interests of Larian and one or more third

14   parties.  Larian further objects to this request to the extent it seeks information the

15   disclosure of which would implicate the rights of third parties to protect private,

16   confidential, proprietary or trade secret information.  Larian also objects to this

17   request to the extent it calls for the disclosure of attorney-client privileged

18   information or information protected from disclosure by the work-product doctrine,

19   joint defense or common interest privilege, or other privilege.  Larian also objects

20   to the extent this request seeks documents not in Larian's possession, custody or

21   control.

22          Subject to the foregoing, Larian will produce all documents within his

23   possession, custody, or control that are responsive to the request, if any, and that

24   have not already been produced, that he discovers in the course of his reasonable

25   search and diligent inquiry, which are within the permissible scope of discovery,

26   and to which no privilege or other protection applies, including without limitation,

27   the attorney-client privilege or attorney's work product doctrine.

28   **REQUEST FOR PRODUCTION NO. 11:**

EXHIBIT **6**

PAGE **380**

- 14 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1　　　　　All COMMUNICATIONS between YOU or MGA and BRYANT

2　　prior to December 31, 2001.

3　　**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

4　　　　　Larian incorporates by reference the above-stated general objections as

5　　if fully set forth herein.  Larian also specifically objects to this request on the

6　　grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

7　　information not relevant to the subject matter of this lawsuit or reasonably

8　　calculated to lead to the discovery of admissible evidence.  Larian also specifically

9　　objects to this request on the grounds that it is overbroad, unduly burdensome, and

10　　oppressive in that it seeks all communications between Larian or MGA and Bryant,

11　　is not otherwise limited as to subject matter.  Larian also objects to this request on

12　　the grounds that it is overbroad, unduly burdensome and oppressive, without

13　　limitation, in potentially extending to communications that Bryant may have had

14　　with any of MGA's hundreds of employees, agents or representatives, and

15　　regardless of whether any such communication is related in any way to the subject

16　　matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

17　　request on the grounds that it seeks information in violation of the right of privacy.

18　　Larian also objects to this request on the grounds that it seeks confidential,

19　　proprietary or commercially sensitive information, the disclosure of which would

20　　be inimical to the business interests of Larian and one or more third parties.  Larian

21　　further objects to this request to the extent it seeks information the disclosure of

22　　which would implicate the rights of third parties to protect private, confidential,

23　　proprietary or trade secret information.  Larian also objects to this request to the

24　　extent it calls for the disclosure of attorney-client privileged information or

25　　information protected from disclosure by the work-product doctrine, joint defense

26　　or common interest privilege, or other privilege.  Larian also objects to the extent

27　　this request seeks documents not in Larian's possession, custody or control.

28　　　　　Subject to the foregoing, Larian will produce all documents within his

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __6__

PAGE __381__

1  possession, custody, or control that are responsive to the request, if any, and that

2  have not already been produced, that he discovers in the course of his reasonable

3  search and diligent inquiry, which are within the permissible scope of discovery,

4  and to which no privilege or other protection applies, including without limitation,

5  the attorney-client privilege or attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 12:**

7         All DOCUMENTS RELATING TO COMMUNICATIONS between

8  YOU or MGA and BRYANT prior to December 31, 2001 (regardless of when such

9  DOCUMENT was prepared, written, transmitted or received, whether in whole or

10  in part), including without limitation all diaries, notes, calendars, logs, phone

11  records and letters, that reflect, record or memorialize or otherwise RELATING TO

12  any such COMMUNICATIONS.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

14         Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein. Larian also specifically objects to this request on the

16  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence. Larian also specifically

19  objects to this request on the grounds that it is overbroad, unduly burdensome, and

20  oppressive in that it seeks all documents relating to communications between

21  Larian or MGA and Bryant and is not otherwise limited as to subject matter. Larian

22  also objects to this request on the grounds that it is overbroad, unduly burdensome

23  and oppressive, without limitation, in potentially extending to documents relating to

24  communications that Bryant may have had with any of MGA's hundreds of

25  employees, agents or representatives, and regardless of whether any such

26  communication is related in any way to the subject matter of this lawsuit, MGA, or

27  MGA's business. Larian also objects to this request on the grounds that it seeks

28  information in violation of the right of privacy. Larian also objects to this request

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  6

PAGE  382

1   on the grounds that it seeks confidential, proprietary or commercially sensitive

2   information, the disclosure of which would be inimical to the business interests of

3   Larian and one or more third parties.  Larian further objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of

5   third parties to protect private, confidential, proprietary or trade secret information.

6   Larian also objects to this request to the extent it calls for the disclosure of attorney-

7   client privileged information or information protected from disclosure by the work-

8   product doctrine, joint defense or common interest privilege, or other privilege.

9   Larian also objects to the extent this request seeks documents not in Larian's

10  possession, custody or control.

11          Subject to the foregoing, Larian will produce all documents within his

12  possession, custody, or control that are responsive to the request, if any, and that

13  have not already been produced, that he discovers in the course of his reasonable

14  search and diligent inquiry, which are within the permissible scope of discovery,

15  and to which no privilege or other protection applies, including without limitation,

16  the attorney-client privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 13:**

18          All COMMUNICATIONS RELATING TO BRATZ between YOU or

19  MGA and any PERSON prior to December 31, 2001.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence, including, without

26  limitation, in that it would extend to any communication between anyone at MGA

27  and any other person referring or relating in any way to a wide variety of matter

28  that could potentially be construed as "relating" to Bratz, without regard to whether

EXHIBIT __6__   - 17 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
PAGE __383__   CV 04-9049 SGL (RNBX)

1   such communications are at all relevant to any claim or defense at issue in this

2   litigation.  Larian also objects to this request on the grounds that it is overbroad,

3   unduly burdensome and oppressive in that it purports to require Larian to diligently

4   identify every communication that any of MGA's hundreds of employees may have

5   had with any other person referring or relating to this action.  Larian also objects to

6   this request on the grounds that it is overbroad, unduly burdensome and oppressive

7   in that it is not in any way limited as to the persons involved in the

8   communications.  Larian also objects to this request on the grounds that it seeks

9   information in violation of the right of privacy.  Larian also objects to this request

10  on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties.  Larian also objects to this request to the

13  extent it calls for the disclosure of attorney-client privileged information or

14  information protected from disclosure by the work-product doctrine, joint defense

15  or common interest privilege, or other privilege.

16          Subject to the foregoing, Larian will produce all communications

17  made prior to January 1, 2001 within his possession, custody, or control that are

18  responsive to the request, if any, that have not already been produced, that he

19  discovers in the course of his reasonable search and diligent inquiry, which are

20  within the permissible scope of discovery, and to which no privilege or other

21  protection applies, including without limitation, the attorney-client privilege or

22  attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 15:**

24          All COMMUNICATIONS RELATING TO BRATZ between YOU or

25  MGA and BRYANT.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request on the

EXHIBIT **6**

PAGE **384**

- 18 -

1   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably

3   calculated to lead to the discovery of admissible evidence.  Larian also specifically

4   objects to this request on the grounds that it is overbroad, unduly burdensome and

5   oppressive, without limitation, in potentially extending to communications that

6   Bryant may have had with any of MGA's hundreds of employees, agents or

7   representatives, and regardless of whether any such communication is related in any

8   way to the subject matter of this lawsuit, Larian, MGA, or MGA's business.  Larian

9   also objects to this request on the grounds that it is overbroad, unduly burdensome

10  and oppressive in that it is not in any way limited as to the persons involved in the

11  communications or as to time.  Larian also objects to this request on the grounds

12  that it seeks information in violation of the right of privacy.  Larian also objects to

13  this request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian and one or more third parties.  Larian further objects to this

16  request to the extent it seeks information the disclosure of which would implicate

17  the rights of third parties to protect private, confidential, proprietary or trade secret

18  information.  Larian also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.  Larian also objects to the extent this request seeks

22  documents not in Larian's possession, custody or control.

23         Subject to the foregoing, Larian will produce all communications

24  made prior to January 1, 2001 within his possession, custody, or control that are

25  responsive to the request, if any, that have not already been produced, that he

26  discovers in the course of his reasonable search and diligent inquiry, which are

27  within the permissible scope of discovery, and to which no privilege or other

28  protection applies, including without limitation, the attorney-client privilege or

EXHIBIT   6              - 19 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                      1ST SET OF REQUESTS FOR PRODUCTION
PAGE   385                            CV 04-9049 SGL (RNBX)

1   attorney's work product doctrine.

2   **REQUEST FOR PRODUCTION NO. 16:**

3       All DOCUMENTS RELATING TO BRYANT's employment by

4   MATTEL.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

6       Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein.  Larian also specifically objects to this request on the

8   grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence.  Larian also specifically

11  objects to this request on the grounds that it is overbroad in that it seeks all

12  documents relating to Bryant's employment by Mattel without limitation as to

13  subject matter or time.  Larian also objects to the extent that it seeks information

14  not relevant to the subject matter of this lawsuit or reasonably calculated to lead to

15  the discovery of admissible evidence.  Larian also objects to this request on the

16  grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian further objects to the extent this

19  request seeks documents not in Larian's possession, custody or control.  Larian also

20  objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-

22  product doctrine, joint defense or common interest privilege, or other privilege.

23      Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, which are within the permissible scope of discovery,

27  and to which no privilege or other protection applies, including without limitation,

28  the attorney-client privilege or attorney's work product doctrine.

- 20 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)


EXHIBIT 6
PAGE 386

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO YOUR or MGA's knowledge of BRYANT's employment by MATTEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive including, without limitation, in potentially extending to documents that may be in the possession of any of MGA's hundreds of employees, agents or representatives, and regardless of whether any such document is related in any way to the subject matter of this lawsuit. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian further objects to the extent this request seeks documents not in Larian's possession, custody or control. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery,

EXHIBIT ___6___

PAGE ___387___

- 21 -

1   and to which no privilege or other protection applies, including without limitation,

2   the attorney-client privilege or attorney's work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 18:**

4       All DOCUMENTS RELATING TO DESIGNS that BRYANT

5   produced, prepared, created, authored, conceived of or reduced to practice, whether

6   alone or jointly with others, prior to December 31, 2001.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

8       Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request to the extent

10   it is overbroad, unduly burdensome and oppressive including, without limitation, in

11   seeking documents relating to designs not in issue in this action, and in that it

12   reaches back into time indefinitely and, thus, for example, calls for documents

13   referring or relating to designs Bryant might have conceived of in his childhood and

14   that have nothing whatsoever to do with this action.  Larian also objects to this

15   request to the extent it seeks information the disclosure of which would implicate

16   the rights of third parties to protect private, confidential, proprietary or trade secret

17   information.  Larian also objects to this request on the grounds that it seeks

18   confidential, proprietary or commercially sensitive information, the disclosure of

19   which would be inimical to the business interests of Larian and one or more third

20   parties.  Larian also objects to this request to the extent it calls for the disclosure of

21   attorney-client privileged information or information protected from disclosure by

22   the work-product doctrine, joint defense or common interest privilege, or other

23   privilege.  Larian also objects to this request to the extent that it seeks documents

24   not in Larian's possession, custody or control.

25       Subject to the foregoing, Larian will produce all documents within his

26   possession, custody, or control that are responsive to the request, if any, and that

27   have not already been produced, that he discovers in the course of his reasonable

28   search and diligent inquiry, which are within the permissible scope of discovery,

- 22 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 388

1  and to which no privilege or other protection applies, including without limitation,

2  the attorney-client privilege or attorney's work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 19:**

4        All DOCUMENTS RELATING TO DESIGNS produced, prepared,

5  created, authored, conceived of or reduced to practice prior to December 31, 2001,

6  by BRYANT, whether alone or jointly with others, in which YOU or MGA have

7  purported at any time to purchase, acquire or own any right, title or interest

8  (whether in whole or in part).

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

10        Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also specifically

15  objects to this request to the extent it is overbroad, including, without limitation, in

16  seeking documents relating to any designs created, authored, conceived of or

17  reduced to practice prior to December 31, 2001, by Bryant, and is therefore not

18  limited to those designs that may be at issue in this litigation.  Larian also objects to

19  this request to the extent it seeks information the disclosure of which would

20  implicate the rights of third parties to protect private, confidential, proprietary or

21  trade secret information.  Larian also objects to this request on the grounds that it

22  seeks confidential, proprietary or commercially sensitive information, the

23  disclosure of which would be inimical to the business interests of Larian and one or

24  more third parties.  Larian also objects to this request to the extent it calls for the

25  disclosure of attorney-client privileged information or information protected from

26  disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.  Larian also objects to this request to the extent that it

28  seeks documents not in Larian's possession, custody or control.



EXHIBIT 6

- 23 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Subject to the foregoing, Larian will produce all documents within his

2    possession, custody, or control that are responsive to the request, if any, and that

3    have not already been produced, that he discovers in the course of his reasonable

4    search and diligent inquiry, which are within the permissible scope of discovery,

5    and to which no privilege or other protection applies, including without limitation,

6    the attorney-client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 20:**

8    All DOCUMENTS, including without limitation all

9    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

10   any agreement or contract between BRYANT and MATTEL.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

12   Larian incorporates by reference the above-stated general objections as

13   if fully set forth herein.  Larian also specifically objects to this request on the

14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15   information not relevant to the subject matter of this lawsuit or reasonably

16   calculated to lead to the discovery of admissible evidence.  Larian also specifically

17   objects to this request to the extent it seeks information the disclosure of which

18   would implicate the rights of third parties to protect private, confidential,

19   proprietary or trade secret information.  Larian also objects to this request to the

20   extent it calls for the disclosure of attorney-client privileged information or

21   information protected from disclosure by the work-product doctrine, joint defense

22   or common interest privilege, or other privilege.  Larian also objects to this request

23   to the extent that it seeks documents not in Larian's possession, custody or control.

24   Subject to the foregoing, Larian will produce all documents within his

25   possession, custody, or control that are responsive to the request, if any, and that

26   have not already been produced, that he discovers in the course of his reasonable

27   search and diligent inquiry, which are within the permissible scope of discovery,

28   and to which no privilege or other protection applies, including without limitation,

- 24 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 390

1   the attorney-client privilege or attorney's work product doctrine.

2   **REQUEST FOR PRODUCTION NO. 21:**

3           All DOCUMENTS, including without limitation all

4   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

5   YOUR or MGA's knowledge of any agreement or contract between BRYANT and

6   MATTEL.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

8           Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also specifically

13  objects to this request to the extent it seeks information the disclosure of which

14  would implicate the rights of third parties to protect private, confidential,

15  proprietary or trade secret information.  Larian also objects to this request to the

16  extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense

18  or common interest privilege, or other privilege.  Larian also objects to this request

19  to the extent that it seeks documents not in Larian's possession, custody or control.

20          Subject to the foregoing, Larian will produce all documents within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he discovers in the course of his reasonable

23  search and diligent inquiry, which are within the permissible scope of discovery,

24  and to which no privilege or other protection applies, including without limitation,

25  the attorney-client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 22:**

27          All DOCUMENTS RELATING TO any payment or transfer of

28  anything of value made to or on behalf of BRYANT prior to October 21, 2000 or

1   for work or services performed by BRYANT prior to October 21, 2000 regardless

2   of when such payment was actually made.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

4         Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein. Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence. Larian also specifically

9   objects to this request on the grounds that it is overbroad, including, without

10  limitation, in that it asks for documents that refer or relate to "any payment or

11  transfer. . .on behalf of Bryant" without regard to what such payment might relate

12  to. Larian also objects to this request on the grounds that it is vague and ambiguous

13  in that Larian cannot determine what is meant by "payment or transfer. . . on behalf

14  of Bryant." Larian also objects to this request to the extent it seeks information the

15  disclosure of which would implicate the rights of third parties to protect private,

16  confidential, proprietary or trade secret information. Larian also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian and one or more third parties. Larian also objects to this request

20  to the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.

23        Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, which are within the permissible scope of discovery,

27  and to which no privilege or other protection applies, including without limitation,

28  the attorney-client privilege or attorney's work product doctrine.

EXHIBIT 6

PAGE 392

- 26 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS RELATING TO any agreement or contract between YOU or MGA, on the one hand, and BRYANT, on the other hand, including without limitation all drafts thereof, all actual or proposed amendments, modifications and revisions thereto and all COMMUNICATIONS RELATING thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents that refer or relate to any agreement or contract between Larian or MGA and Bryant. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent that it seeks documents not in Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable

- 27 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6
PAGE 393

1 │ search and diligent inquiry, which are within the permissible scope of discovery,

2 │ and to which no privilege or other protection applies, including without limitation,

3 │ the attorney-client privilege or attorney's work product doctrine.

4 │ **REQUEST FOR PRODUCTION NO. 24:**

5 │     All doll heads, sculpts, prototypes, models, samples and tangible items

6 │ that were created, prepared or made, whether in whole or in part, prior to December

7 │ 31, 2001 RELATING TO BRATZ.

8 │ **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

9 │     Larian incorporates by reference the above-stated general objections as

10 │ if fully set forth herein. Larian also specifically objects to this request on the

11 │ grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12 │ information not relevant to the subject matter of this lawsuit or reasonably

13 │ calculated to lead to the discovery of admissible evidence. Larian specifically

14 │ objects to this request to the extent that it seeks tangible items not within Larian's

15 │ possession, custody or control. Larian also objects to this request to the extent it

16 │ seeks information the disclosure of which would implicate the rights of third parties

17 │ to protect private, confidential, proprietary or trade secret information. Larian also

18 │ specifically objects to this request on the grounds that it seeks confidential,

19 │ proprietary, or commercially sensitive information, the disclosure of which would

20 │ be inimical to the business interests of Larian and one or more third parties. Larian

21 │ also objects to this request to the extent it calls for the disclosure of attorney-client

22 │ privileged information or information protected from disclosure by the work-

23 │ product doctrine, joint defense or common interest privilege, or other privilege.

24 │     Subject to the foregoing, Larian will make available for inspection all

25 │ items within his possession, custody, or control that are responsive to the request, if

26 │ any, and that have not already been produced, that he discovers in the course of his

27 │ reasonable search and diligent inquiry, which are within the permissible scope of

28 │ discovery, and to which no privilege or other protection applies, including without

1  limitation, the attorney-client privilege or attorney's work product doctrine.

2  **REQUEST FOR PRODUCTION NO. 25:**

3        All doll heads, sculpts, prototypes, models, samples and tangible items

4  that were created, prepared or made, whether in whole or in part, prior to December

5  31, 2001 RELATING TO ANGEL.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

7        Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein. Larian also specifically objects to this request on the

9  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence. Larian also objects to

12  this request on the grounds that it seeks tangible items not within Larian's

13  possession, custody or control. Larian also objects to this request to the extent it

14  seeks information the disclosure of which would implicate the rights of third parties

15  to protect private, confidential, proprietary or trade secret information. Larian also

16  specifically objects to this request on the grounds that it seeks confidential,

17  proprietary, or commercially sensitive information, the disclosure of which would

18  be inimical to the business interests of Larian and one or more third parties. Larian

19  also objects to this request to the extent it calls for the disclosure of attorney-client

20  privileged information or information protected from disclosure by the work

21  product doctrine, joint defense or common interest privilege, or other privilege.

22        Subject to the foregoing, Larian will produce all items within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, which are within the permissible scope of discovery,

26  and to which no privilege or other protection applies, including without limitation,

27  the attorney-client privilege or attorney's work product doctrine.

28

EXHIBIT **6**

PAGE **395**

- 29 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS RELATING TO each and every sculpt of BRATZ (including without limitation any model, prototype or sample thereof) prior to June 1, 2001.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING TO each and every sculpt of ANGEL (including without limitation any model, prototype or sample thereof).

- 30 -

EXHIBIT 6

PAGE 396

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents relating to Angel within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO the procurement, fabrication, preparation and production of each and every mold for BRATZ (including without limitation for any model, prototype or sample thereof) prior June 30, 2001, including without limitation all orders, purchase orders and invoices relating thereto.

EXHIBIT **6**

PAGE **897**

- 31 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "mold . . . (including without limitation any model, prototype or sample thereof)." Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show when any mold for ANGEL (including without limitation for any model, prototype or sample thereof) was first ordered, requested, procured, fabricated, prepared and produced.

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 398

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad in that is it not limited as to time. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "mold . . . (including without limitation any model, prototype or sample thereof)." Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATING TO any showing, presentation or exhibition, or any proposed, offered or requested showing, presentation or

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 399

1  exhibition, of BRATZ (including without limitation any model, prototype or sample

2  thereof) prior to June 30, 2001.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

4        Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also specifically

9  objects to this request on the grounds that it seeks information not relevant to the

10  subject matter of this lawsuit or reasonably calculated to lead to the discovery of

11  admissible evidence, including, without limitation, in that it potentially extends to

12  every communication having to do with, for example, any Toy Fair to which Larian

13  or MGA brought, or considered bringing, Bratz during the stated time frame, and is,

14  thus, also overbroad, unduly burdensome and oppressive.  Larian also objects to

15  this request on the grounds that it is vague and ambiguous in that Larian cannot

16  determine what is meant by "showing, presentation or exhibition."  Larian also

17  objects to this request to the extent it seeks information the disclosure of which

18  would implicate the rights of third parties to protect private, confidential,

19  proprietary or trade secret information.  Larian further objects to this request on the

20  grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of

22  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

23  attorney-client privileged information or information protected from disclosure by

24  the work-product doctrine, joint defense or common interest privilege, or other

25  privilege.

26        Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request, if any, and that

28  have not already been produced, that he discovers in the course of his reasonable

- 34 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 400

1    search and diligent inquiry, which are within the permissible scope of discovery,

2    and to which no privilege or other protection applies, including without limitation,

3    the attorney-client privilege or attorney's work product doctrine.

4    **REQUEST FOR PRODUCTION NO. 31:**

5         DOCUMENTS sufficient to show when ANGEL (including without

6    limitation any model, prototype or sample thereof) was first exhibited, shown or

7    presented to any third party.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

9         Larian incorporates by reference the above-stated general objections as

10    if fully set forth herein.  Larian also specifically objects to this request on the

11    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12    information not relevant to the subject matter of this lawsuit or reasonably

13    calculated to lead to the discovery of admissible evidence.  Larian also objects to

14    this request on the grounds that it is vague and ambiguous in that Larian cannot

15    determine what is meant by "mold…(including without limitation any model,

16    prototype or sample thereof)."  Larian also objects to this request to the extent it

17    seeks information the disclosure of which would implicate the rights of third parties

18    to protect private, confidential, proprietary or trade secret information.  Larian also

19    objects to this request on the grounds that it seeks confidential, proprietary or

20    commercially sensitive information, the disclosure of which would be inimical to

21    the business interests of Larian and one or more third parties.  Larian also objects to

22    this request to the extent it calls for the disclosure of attorney-client privileged

23    information or information protected from disclosure by the work-product doctrine,

24    joint defense or common interest privilege, or other privilege.

25         Subject to the foregoing, Larian will produce all documents within his

26    possession, custody, or control that are responsive to the request, if any, and that

27    have not already been produced, that he discovers in the course of his reasonable

28    search and diligent inquiry, which are within the permissible scope of discovery,

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 401

1  and to which no privilege or other protection applies, including without limitation,

2  the attorney-client privilege or attorney's work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 32:**

4        All COMMUNICATIONS between YOU or MGA and any

5  wholesaler, distributor, and/or retailer RELATING TO BRATZ prior to December

6  31, 2001.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

8        Larian incorporates by reference the above-stated general objections as

9  if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also specifically

13  objects to this request on the grounds that it is overbroad, unduly burdensome and

14  oppressive, without limitation, in potentially extending to communications that a

15  wholesaler, distributor, and/or retailer may have had with any of MGA's hundreds

16  of employees, agents or representatives, and regardless of whether any such

17  communication is related in any way to the subject matter of this lawsuit.  Larian

18  also objects to this request to the extent it seeks information the disclosure of which

19  would implicate the rights of third parties to protect private, confidential,

20  proprietary or trade secret information.  Larian also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  Larian and one or more third parties.  Larian also objects to this request to the

24  extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.

27        Subject to the foregoing, Larian will produce all communications

28  made prior to June 1, 2001 within his possession, custody, or control that are

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 402

1   responsive to the request, if any, and that have not already been produced, that he

2   discovers in the course of his reasonable search and diligent inquiry, which are

3   within the permissible scope of discovery, and to which no privilege or other

4   protection applies, including without limitation, the attorney-client privilege or

5   attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 33:**

7         All COMMUNICATIONS between YOU or MGA and any

8   wholesaler, distributor, and/or retailer RELATING TO ANGEL.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

10         Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein.  Larian also specifically objects to this request on the

12   grounds that it seeks information not relevant to the subject matter of this lawsuit or

13   reasonably calculated to lead to the discovery of admissible evidence including,

14   without limitation, in that is seeks information related to an MGA product not at

15   issue in this lawsuit.  Larian also objects to this request on the grounds that it is

16   overbroad, unduly burdensome and oppressive, without limitation, in potentially

17   extending to communications that a wholesaler, distributor, and/or retailer may

18   have had with any of MGA's hundreds of employees, agents or representatives, and

19   regardless of whether any such communication is related in any way to the subject

20   matter of this lawsuit.  Larian also objects to this request to the extent it seeks

21   information the disclosure of which would implicate the rights of third parties to

22   protect private, confidential, proprietary or trade secret information.  Larian also

23   objects to this request on the grounds that it seeks confidential, proprietary or

24   commercially sensitive information, the disclosure of which would be inimical to

25   the business interests of Larian and one or more third parties.  Larian also objects to

26   this request to the extent it calls for the disclosure of attorney-client privileged

27   information or information protected from disclosure by the work-product doctrine,

28   joint defense or common interest privilege, or other privilege.



EXHIBIT 6   - 37 -   LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

PAGE 403

1    Subject to the foregoing, Larian will produce documents within his

2  possession, custody, or control that are sufficient to identify when Larian or MGA

3  first contacted any manufacturer, or any contemplated, proposed or potential

4  manufacturer, for the manufacture of ANGEL, if any, and that have not already

5  been produced, that he discovers in the course of his reasonable search and diligent

6  inquiry, which are within the permissible scope of discovery, and to which no

7  privilege or other protection applies, including without limitation, the attorney-

8  client privilege or attorney's work product doctrine.

9  **REQUEST FOR PRODUCTION NO. 34:**

10    All DOCUMENTS RELATING TO when and where BRATZ

11  (including without limitation any model, prototype or sample thereof) was first

12  marketed to any wholesaler, distributor and/or retailer.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

14    Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence.  Larian also specifically

19  objects to this request on the grounds that it seeks confidential, proprietary or

20  commercially sensitive information, the disclosure of which would be inimical to

21  the business interests of Larian.  Larian also objects to this request to the extent it

22  seeks information the disclosure of which would implicate the rights of third parties

23  to protect private, confidential, proprietary or trade secret information.  Larian also

24  objects to this request to the extent it calls for the disclosure of attorney-client

25  privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27    Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

EXHIBIT **6**                - 38 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                        1ST SET OF REQUESTS FOR PRODUCTION
PAGE **404**                            CV 04-9049 SGL (RNBX)

1  have not already been produced, that he discovers in the course of his reasonable

2  search and diligent inquiry, which are within the permissible scope of discovery,

3  and to which no privilege or other protection applies, including without limitation,

4  the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 35:**

6      All DOCUMENTS RELATING TO when and where ANGEL

7  (including without limitation any model, prototype or sample thereof) was first

8  marketed to any wholesaler, distributor and/or retailer.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10      Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.   Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties.  Larian also objects to this request

18  to the extent it seeks information the disclosure of which would implicate the rights

19  of third parties to protect private, confidential, proprietary or trade secret

20  information.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.

24      Subject to the foregoing, Larian will produce documents within his

25  possession, custody, or control that are sufficient to show when and where ANGEL

26  was first marketed for sale by Larian or MGA to any wholesaler, distributor and/or

27  retailer, if any, and that have not already been produced, that he discovers in the

28  course of his reasonable search and diligent inquiry, which are within the

- 39 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT   6

PAGE   405

1   permissible scope of discovery, and to which no privilege or other protection

2   applies, including without limitation, the attorney-client privilege or attorney's

3   work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 36:**

5          DOCUMENTS sufficient to show when and where BRATZ was first

6   shipped, distributed and sold.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

8          Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also specifically

13  objects to this request to the extent it seeks information the disclosure of which

14  would implicate the rights of third parties to protect private, confidential,

15  proprietary or trade secret information.  Larian also objects to this request on the

16  grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22         Subject to the foregoing, Larian will produce all documents within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, which are within the permissible scope of discovery,

26  and to which no privilege or other protection applies, including without limitation,

27  the attorney-client privilege or attorney's work product doctrine.

28

EXHIBIT **6**

PAGE **406**

- 40 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 37:**

2        DOCUMENTS sufficient to show when and where ANGEL was first

3   shipped, distributed and sold.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

5        Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence.  Larian also specifically

10  objects to this request to the extent it seeks information the disclosure of which

11  would implicate the rights of third parties to protect private, confidential,

12  proprietary or trade secret information.  Larian also objects to this request to the

13  extent it seeks information the disclosure of which would implicate the rights of

14  third parties to protect private, confidential, proprietary or trade secret information.

15  Larian also objects to this request on the grounds that it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would

17  be inimical to the business interests of Larian and one or more third parties.  Larian

18  also objects to this request to the extent it calls for the disclosure of attorney-client

19  privileged information or information protected from disclosure by the work-

20  product doctrine, joint defense or common interest privilege, or other privilege.

21       Subject to the foregoing, Larian will produce all documents within his

22  possession, custody, or control that are responsive to the request, if any, and that

23  have not already been produced, that he discovers in the course of his reasonable

24  search and diligent inquiry, which are within the permissible scope of discovery,

25  and to which no privilege or other protection applies, including without limitation,

26  the attorney-client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 38:**

28       All DOCUMENTS RELATING TO the licensing, including without

- 41 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 407

1  limitation the proposed, offered or requested licensing, of BRATZ prior to

2  December 31, 2001.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

4        Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also specifically

9  objects to this request on the grounds that it seeks information in violation of the

10  right of privacy.  Larian also objects to this request on the grounds that it seeks

11  confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the business interests of Larian and one or more third

13  parties.  Larian also objects to this request to the extent it calls for the disclosure of

14  attorney-client privileged information or information protected from disclosure by

15  the work-product doctrine, joint defense or common interest privilege, or other

16  privilege.  Larian also objects to this request to the extent it seeks documents not

17  within Larian's possession, custody or control.

18        Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, which are within the permissible scope of discovery,

22  and to which no privilege or other protection applies, including without limitation,

23  the attorney-client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 39:**

25        All COMMUNICATIONS between YOU or MGA and any

26  manufacturer, or any contemplated, proposed or potential manufacturer,

27  RELATING TO BRATZ prior to December 31, 2001.

28

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT _6_

PAGE _408_

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also specifically objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 40:**

DOCUMENTS sufficient to identify when YOU or MGA first contacted any manufacturer, or any contemplated, proposed or potential manufacturer, for the production or manufacture of ANGEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the

1  grounds that it is overbroad, unduly burdensome, and oppressive in that it seeks

2  information not relevant to the subject matter of this lawsuit or reasonably

3  calculated to lead to the discovery of admissible evidence including, without

4  limitation, in that it seeks information related to an MGA product not at issue in this

5  lawsuit, and in that the manufacturer of Angel has nothing whatsoever to do with

6  Bryant, Mattel, or this lawsuit.  Larian also objects to this request to the extent it

7  seeks information the disclosure of which would implicate the rights of third parties

8  to protect private, confidential, proprietary or trade secret information.  Larian also

9  objects to this request on the grounds that it seeks confidential, proprietary or

10 commercially sensitive information, the disclosure of which would be inimical to

11 the business interests of Larian and one or more third parties.  Larian also objects to

12 this request to the extent it calls for the disclosure of attorney-client privileged

13 information or information protected from disclosure by the work-product doctrine,

14 joint defense or common interest privilege, or other privilege.

15      Subject to the foregoing, Larian will produce all documents within his

16 possession, custody, or control that are responsive to the request, if any, and that

17 have not already been produced, that he discovers in the course of his reasonable

18 search and diligent inquiry, which are within the permissible scope of discovery,

19 and to which no privilege or other protection applies, including without limitation,

20 the attorney-client privilege or attorney's work product doctrine.

21 **REQUEST FOR PRODUCTION NO. 41:**

22      All COMMUNICATIONS between YOU or MGA and any PERSON

23 that REFER OR RELATE TO the distribution or proposed or potential distribution

24 of BRATZ prior to December 31, 2001.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

26      Larian incorporates by reference the above-stated general objections as

27 if fully set forth herein.  Larian also specifically objects to this request on the

28 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

EXHIBIT 6

PAGE 410

- 44 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also specifically

3   objects to this request to the extent it seeks information the disclosure of which

4   would implicate the rights of third parties to protect private, confidential,

5   proprietary or trade secret information. Larian also objects to this request on the

6   grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of

8   Larian and one or more third parties.  Larian also objects to this request to the

9   extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege.

12          Subject to the foregoing, Larian will produce all communications

13  made prior to June 1, 2001 within his possession, custody, or control that are

14  responsive to the request, if any, and that have not already been produced, that he

15  discovers in the course of his reasonable search and diligent inquiry, which are

16  within the permissible scope of discovery, and to which no privilege or other

17  protection applies, including without limitation, the attorney-client privilege or

18  attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 42:**

20          All DOCUMENTS RELATING TO the performance of any

21  agreement or contract between YOU or MGA, on the one hand, and BRYANT, on

22  the other hand.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

24          Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also specifically

EXHIBIT __6__          - 45 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                        1ST SET OF REQUESTS FOR PRODUCTION
PAGE __441__                            CV 04-9049 SGL (RNBX)

1    objects to this request on the grounds that it is overbroad, unduly burdensome, and

2    oppressive in seeking all documents that refer or relate to the performance of any

3    agreement or contract between MGA and Bryant.  Larian also objects to this

4    request on the grounds that it seeks confidential, proprietary or commercially

5    sensitive information, the disclosure of which would be inimical to the business

6    interests of Larian and one or more third parties.  Larian also objects to this request

7    to the extent it seeks information the disclosure of which would implicate the rights

8    of third parties to protect private, confidential, proprietary or trade secret

9    information.  Larian also objects to this request to the extent it calls for the

10   disclosure of attorney-client privileged information or information protected from

11   disclosure by the work-product doctrine, joint defense or common interest

12   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

13   documents not within Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce all documents within his

15   possession, custody, or control that are responsive to the request, if any, and that

16   have not already been produced, that he discovers in the course of his reasonable

17   search and diligent inquiry, which are within the permissible scope of discovery,

18   and to which no privilege or other protection applies, including without limitation,

19   the attorney-client privilege or attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 43:**

21          All DOCUMENTS RELATING TO the agreement dated as of

22   September 18, 2000 between MGA and BRYANT, including without limitation all

23   drafts thereof, any actual or proposed modifications, amendments or revisions

24   thereto and all COMMUNICATIONS RELATING thereto.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

26          Larian incorporates by reference the above-stated general objections as

27   if fully set forth herein.  Larian also specifically objects to this request on the

28   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

1  information not relevant to the subject matter of this lawsuit or reasonably

2  calculated to lead to the discovery of admissible evidence.  Larian also specifically

3  objects to this request on the grounds that it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to

5  the business interests of Larian.  Larian also objects to this request to the extent it

6  seeks information the disclosure of which would implicate the rights of third parties

7  to protect private, confidential, proprietary or trade secret information.  Larian also

8  objects to this request to the extent it calls for the disclosure of attorney-client

9  privileged information or information protected from disclosure by the work-

10  product doctrine, joint defense or common interest privilege, or other privilege.

11  Larian also objects to this request to the extent it seeks documents not within

12  Larian's possession, custody or control.

13         Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, which are within the permissible scope of discovery,

17  and to which no privilege or other protection applies, including without limitation,

18  the attorney-client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 44:**

20         All DOCUMENTS RELATING TO the Modification and Clarification

21  of the Agreement dated as of September 18, 2000 between MGA and BRYANT,

22  including without limitation all drafts thereof, any actual or proposed modifications,

23  amendments or revisions thereto and all COMMUNICATIONS RELATING

24  thereto.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

26         Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

- 47 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 43

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also specifically

3   objects to this request on the grounds that it seeks confidential, proprietary or

4   commercially sensitive information, the disclosure of which would be inimical to

5   the business interests of Larian.  Larian also objects to this request to the extent it

6   seeks information the disclosure of which would implicate the rights of third parties

7   to protect private, confidential, proprietary or trade secret information.  Larian also

8   objects to this request to the extent it calls for the disclosure of attorney-client

9   privileged information or information protected from disclosure by the work-

10  product doctrine, joint defense or common interest privilege, or other privilege.

11  Larian also objects to this request to the extent it seeks documents not within

12  Larian's possession, custody or control.

13          Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request, if any, and that

15  have not already been produced, that he discovers in the course of his reasonable

16  search and diligent inquiry, which are within the permissible scope of discovery,

17  and to which no privilege or other protection applies, including without limitation,

18  the attorney-client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 45:**

20          All DOCUMENTS RELATING TO the agreement dated April 2001

21  between MGA and BRYANT, including without limitation all drafts thereof, any

22  actual or proposed modifications, amendments or revisions thereto and all

23  COMMUNICATIONS RELATING thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT _6_

PAGE _44_

- 48 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of Larian and one or more third parties.  Larian also objects to this request

5  to the extent it seeks information the disclosure of which would implicate the rights

6  of third parties to protect private, confidential, proprietary or trade secret

7  information.  Larian also objects to this request to the extent it calls for the

8  disclosure of attorney-client privileged information or information protected from

9  disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12        Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, which are within the permissible scope of discovery,

16  and to which no privilege or other protection applies, including without limitation,

17  the attorney-client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 46:**

19        All DOCUMENTS that RELATING TO any agreement or contract

20  that REFERS AND RELATES TO BRATZ between Isaac Larian and any

21  PERSON (including without limitation MGA), including without limitation all

22  drafts thereof, all actual or proposed amendments, modifications and revisions

23  thereto and all COMMUNICATIONS RELATING thereto.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

25        Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably



EXHIBIT  6

PAGE  45

- 49 -

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request to the extent it seeks information the disclosure of which would

3   implicate the rights of third parties to protect private, confidential, proprietary or

4   trade secret information.  Larian also objects to this request on the grounds that it

5   seeks confidential, proprietary or commercially sensitive information, the

6   disclosure of which would be inimical to the business interests of Larian and one or

7   more third parties.  Larian also objects to this request to the extent it calls for the

8   disclosure of attorney-client privileged information or information protected from

9   disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12         Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, which are within the permissible scope of discovery,

16  and to which no privilege or other protection applies, including without limitation,

17  the attorney-client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 47:**

19         All DOCUMENTS RELATING TO the performance of any

20  agreement or contract that REFERS AND RELATES TO BRATZ between Isaac

21  Larian and any PERSON (including without limitation MGA).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

23         Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request to the extent it seeks information the disclosure of which would



EXHIBIT 6

PAGE 416

1    implicate the rights of third parties to protect private, confidential, proprietary or

2    trade secret information.  Larian also objects to this request on the grounds that it

3    seeks confidential, proprietary or commercially sensitive information, the

4    disclosure of which would be inimical to the business interests of Larian and one or

5    more third parties.  Larian also objects to this request to the extent it calls for the

6    disclosure of attorney-client privileged information or information protected from

7    disclosure by the work-product doctrine, joint defense or common interest

8    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

9    documents not within Larian's possession, custody or control.

10           Subject to the foregoing, Larian will produce all documents within his

11   possession, custody, or control that are responsive to the request, if any, and that

12   have not already been produced, that he discovers in the course of his reasonable

13   search and diligent inquiry, which are within the permissible scope of discovery,

14   and to which no privilege or other protection applies, including without limitation,

15   the attorney-client privilege or attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 48:**

17           All DOCUMENTS that REFER OR RELATE TO any agreement or

18   contract that REFERS AND RELATES TO BRYANT between Isaac Larian and

19   any PERSON (including without limitation MGA), including without limitation all

20   drafts thereof, all actual or proposed amendments, modifications and revisions

21   thereto and all COMMUNICATIONS RELATING thereto.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

23           Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence.  Larian also objects to

28   this request to the extent it seeks information the disclosure of which would

1   implicate the rights of third parties to protect private, confidential, proprietary or

2   trade secret information.  Larian also objects to this request on the grounds that it

3   seeks confidential, proprietary or commercially sensitive information, the

4   disclosure of which would be inimical to the business interests of Larian and one or

5   more third parties.  Larian also objects to this request to the extent it calls for the

6   disclosure of attorney-client privileged information or information protected from

7   disclosure by the work-product doctrine, joint defense or common interest

8   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

9   documents not within Larian's possession, custody or control.

10          Subject to the foregoing, Larian will produce all documents within his

11   possession, custody, or control that are responsive to the request, if any, and that

12   have not already been produced, that he discovers in the course of his reasonable

13   search and diligent inquiry, which are within the permissible scope of discovery,

14   and to which no privilege or other protection applies, including without limitation,

15   the attorney-client privilege or attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 49:**

17          All DOCUMENTS RELATING TO the performance of any

18   agreement or contract that REFERS AND RELATES TO BRYANT between Isaac

19   Larian and any PERSON (including without limitation MGA).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably

25   calculated to lead to the discovery of admissible evidence.  Larian also objects to

26   this request to the extent it seeks information the disclosure of which would

27   implicate the rights of third parties to protect private, confidential, proprietary or

28   trade secret information.  Larian also objects to this request on the grounds that it

EXHIBIT  6

PAGE  48

- 52 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  seeks confidential, proprietary or commercially sensitive information, the

2  disclosure of which would be inimical to the business interests of Larian and one or

3  more third parties.  Larian also objects to this request to the extent it calls for the

4  disclosure of attorney-client privileged information or information protected from

5  disclosure by the work-product doctrine, joint defense or common interest

6  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7  documents not within Larian's possession, custody or control.

8         Subject to the foregoing, Larian will produce all documents within his

9  possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, which are within the permissible scope of discovery,

12  and to which no privilege or other protection applies, including without limitation,

13  the attorney-client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 50:**

15         All DOCUMENTS that REFER OR RELATE TO any agreement or

16  contract that REFERS AND RELATES TO BRATZ between any FAMILY

17  MEMBER of Isaac Larian and any PERSON (including without limitation MGA

18  and/or Isaac Larian), including without limitation all drafts thereof, all actual or

19  proposed amendments, modifications and revisions thereto and all

20  COMMUNICATIONS RELATING thereto.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

22         Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also objects to

27  this request to the extent it seeks information the disclosure of which would

28  implicate the rights of third parties to protect private, confidential, proprietary or

EXHIBIT __6__          - 53 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                        1ST SET OF REQUESTS FOR PRODUCTION
PAGE __419__                            CV 04-9049 SGL (RNBX)

1   trade secret information.  Larian also objects to this request on the grounds that it

2   seeks confidential, proprietary or commercially sensitive information, the

3   disclosure of which would be inimical to the business interests of Larian and one or

4   more third parties.  Larian also objects to this request to the extent it calls for the

5   disclosure of attorney-client privileged information or information protected from

6   disclosure by the work-product doctrine, joint defense or common interest

7   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

8   documents not within Larian's possession, custody or control.

9            Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request, if any, and that

11  have not already been produced, that he discovers in the course of his reasonable

12  search and diligent inquiry, which are within the permissible scope of discovery,

13  and to which no privilege or other protection applies, including without limitation,

14  the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 51:**

16           All DOCUMENTS RELATING TO the performance of any

17  agreement or contract that REFERS AND RELATES TO BRATZ between any

18  FAMILY MEMBER of Isaac Larian and any PERSON (including without

19  limitation MGA and/or Isaac Larian).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

21           Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request to the extent it seeks information the disclosure of which would

27  implicate the rights of third parties to protect private, confidential, proprietary or

28  trade secret information.  Larian also objects to this request on the grounds that it

- 54 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 420

1   seeks confidential, proprietary or commercially sensitive information, the

2   disclosure of which would be inimical to the business interests of Larian and one or

3   more third parties.  Larian also objects to this request to the extent it calls for the

4   disclosure of attorney-client privileged information or information protected from

5   disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7   documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce all documents within his

9   possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, which are within the permissible scope of discovery,

12  and to which no privilege or other protection applies, including without limitation,

13  the attorney-client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 52:**

15         All DOCUMENTS RELATING TO any agreement or contract that

16  REFERS AND RELATES TO BRYANT between any FAMILY MEMBER of

17  Isaac Larian and any PERSON (including without limitation MGA and/or Isaac

18  Larian), including without limitation all drafts thereof, all actual or proposed

19  amendments, modifications and revisions thereto and all COMMUNICATIONS

20  RELATING thereto.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

22         Larian incorporates by reference the above-stated general objections as

23  if fully set forth herein.  Larian also specifically objects to this request on the

24  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably

26  calculated to lead to the discovery of admissible evidence.  Larian also objects to

27  this request to the extent it seeks information the disclosure of which would

28  implicate the rights of third parties to protect private, confidential, proprietary or

EXHIBIT 6

PAGE 421

- 55 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   trade secret information.  Larian also objects to this request on the grounds that it

2   seeks confidential, proprietary or commercially sensitive information, the

3   disclosure of which would be inimical to the business interests of Larian and one or

4   more third parties.  Larian also objects to this request to the extent it calls for the

5   disclosure of attorney-client privileged information or information protected from

6   disclosure by the work-product doctrine, joint defense or common interest

7   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

8   documents not within Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request, if any, and that

11  have not already been produced, that he discovers in the course of his reasonable

12  search and diligent inquiry, which are within the permissible scope of discovery,

13  and to which no privilege or other protection applies, including without limitation,

14  the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 53:**

16         All DOCUMENTS RELATING TO the performance of any

17  agreement or contract that REFERS AND RELATES TO BRYANT between any

18  FAMILY MEMBER of Isaac Larian and any PERSON (including without

19  limitation MGA and/or Isaac Larian).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

21         Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request to the extent it seeks information the disclosure of which would

27  implicate the rights of third parties to protect private, confidential, proprietary or

28  trade secret information.  Larian also objects to this request on the grounds that it

- 56 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 422

1   seeks confidential, proprietary or commercially sensitive information, the

2   disclosure of which would be inimical to the business interests of Larian and one or

3   more third parties.  Larian also objects to this request to the extent it calls for the

4   disclosure of attorney-client privileged information or information protected from

5   disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

7   documents not within Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce all documents within his

9   possession, custody, or control that are responsive to the request, if any, and that

10  have not already been produced, that he discovers in the course of his reasonable

11  search and diligent inquiry, which are within the permissible scope of discovery,

12  and to which no privilege or other protection applies, including without limitation,

13  the attorney-client privilege or attorney's work product doctrine.

14  **REQUEST FOR PRODUCTION NO. 54:**

15         All DOCUMENTS RELATING TO royalties or payments

16  RELATING TO BRATZ that have been made by any PERSON (including without

17  limitation MGA) to, for or on behalf of Isaac Larian.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

19         Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein. Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also specifically

24  objects to this request on the grounds that it is overbroad including, without

25  limitation, in that it is not limited as to time of the royalties or payments or as to the

26  individuals who made such royalties or payments, if any.  Larian also objects to this

27  request on the grounds that it is vague and ambiguous, particularly in that Larian

28  cannot determine what is meant by "royalties or payments...on behalf of Isaac

1   Larian." Larian also objects to this request on the grounds that it seeks confidential,

2   proprietary or commercially sensitive information, the disclosure of which would

3   be inimical to the business interests of Larian and one or more third parties. Larian

4   also objects to this request to the extent it seeks information the disclosure of which

5   would implicate the rights of third parties to protect private, confidential,

6   proprietary or trade secret information. Larian also objects to this request to the

7   extent it calls for the disclosure of attorney-client privileged information or

8   information protected from disclosure by the work-product doctrine, joint defense

9   or common interest privilege, or other privilege.

10          Subject to the foregoing, Larian will produce all documents within his

11  possession, custody, or control that are responsive to the request, if any, and that

12  have not already been produced, that he discovers in the course of his reasonable

13  search and diligent inquiry, which are within the permissible scope of discovery,

14  and to which no privilege or other protection applies, including without limitation,

15  the attorney-client privilege or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 55:**

17          All DOCUMENTS RELATING TO royalties or payments

18  RELATING TO BRATZ that have been made by any PERSON (without limitation

19  MGA) to, for or on behalf of any FAMILY MEMBER of Isaac Larian.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence. Larian also specifically

26  objects to this request on the grounds that it is overbroad including, without

27  limitation, in that it is not limited as to time of the royalties or payments or as to the

28  individuals who made such royalties or payments, if any. Larian also objects to this

EXHIBIT  6

PAGE  424

- 58 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   request on the grounds that it is vague and ambiguous, particularly in that Larian

2   cannot determine what is meant by "royalties or payments…on behalf of any family

3   member." Larian also objects to this request on the grounds that it seeks

4   confidential, proprietary or commercially sensitive information, the disclosure of

5.  which would be inimical to the business interests of Larian and one or more third

6   parties. Larian also objects to this request to the extent it seeks information the

7   disclosure of which would implicate the rights of third parties to protect private,

8   confidential, proprietary or trade secret information. Larian also objects to this

9   request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege. Larian also objects

12  to this request to the extent it seeks documents not within Larian's possession,

13  custody or control.

14          Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, which are within the permissible scope of discovery,

18  and to which no privilege or other protection applies, including without limitation,

19  the attorney-client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 56:**

21          All DOCUMENTS RELATING TO DIVA STARZ and RELATING

22  TO any time prior to December 31, 2001 (regardless of when such document was

23  prepared, written, transmitted or received, whether in whole or in part).

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 59 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)


EXHIBIT __6__

PAGE __425__

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of Larian and one or more third parties.  Larian also objects to this request

5  to the extent it seeks information the disclosure of which would implicate the rights

6  of third parties to protect private, confidential, proprietary or trade secret

7  information.  Larian also objects to this request to the extent it calls for the

8  disclosure of attorney-client privileged information or information protected from

9  disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12        Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request, if any, and that

14  have not already been produced, that he discovers in the course of his reasonable

15  search and diligent inquiry, which are within the permissible scope of discovery,

16  and to which no privilege or other protection applies, including without limitation,

17  the attorney-client privilege or attorney's work product doctrine.

18  **REQUEST FOR PRODUCTION NO. 57:**

19        All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

20  DIVA STARZ and RELATING TO any time prior to December 31, 2001

21  (regardless of when such document was prepared, written, transmitted or received,

22  whether in whole or in part).

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

24        Larian incorporates by reference the above-stated general objections as

25  if fully set forth herein.  Larian also specifically objects to this request on the

26  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably

28  calculated to lead to the discovery of admissible evidence.  Larian also objects to

- 60 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   6

PAGE   426

1  this request on the grounds that it seeks confidential, proprietary or commercially

2  sensitive information, the disclosure of which would be inimical to the business

3  interests of Larian and one or more third parties. Larian also objects to this request

4  to the extent it seeks information the disclosure of which would implicate the rights

5  of third parties to protect private, confidential, proprietary or trade secret

6  information. Larian also objects to this request to the extent it calls for the

7  disclosure of attorney-client privileged information or information protected from

8  disclosure by the work-product doctrine, joint defense or common interest

9  privilege, or other privilege. Larian also objects to this request to the extent it seeks

10  documents not within Larian's possession, custody or control.

11         Subject to the foregoing, Larian will produce all documents within his

12  possession, custody, or control that are responsive to the request, if any, and that

13  have not already been produced, that he discovers in the course of his reasonable

14  search and diligent inquiry, which are within the permissible scope of discovery,

15  and to which no privilege or other protection applies, including without limitation,

16  the attorney-client privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 58:**

18         All DOCUMENTS RELATING TO MATTEL's consideration or

19  proposed use of "Brats," "Chat Brats" or any variation thereon and RELATING TO

20  any time prior to December 31, 2001 (regardless of when such document was

21  prepared, written, transmitted or received, whether in whole or in part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

23         Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein. Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence. Larian also objects to

28  this request on the grounds that it is vague and ambiguous in that Larian cannot

EXHIBIT **6**

PAGE **427**

- 61 -

1    determine what is meant by "proposed use of 'Brats,' 'Chat Brats' or any variation

2    thereon." Larian also objects to this request on the grounds that it seeks

3    confidential, proprietary or commercially sensitive information, the disclosure of

4    which would be inimical to the business interests of Larian and one or more third

5    parties. Larian also objects to this request to the extent it seeks information the

6    disclosure of which would implicate the rights of third parties to protect private,

7    confidential, proprietary or trade secret information. Larian also objects to this

8    request to the extent it calls for the disclosure of attorney-client privileged

9    information or information protected from disclosure by the work-product doctrine,

10   joint defense or common interest privilege, or other privilege. Larian also objects

11   to this request to the extent it seeks documents not within Larian's possession,

12   custody or control.

13           Subject to the foregoing, Larian will produce all documents within his

14   possession, custody, or control that are responsive to the request, if any, and that

15   have not already been produced, that he discovers in the course of his reasonable

16   search and diligent inquiry, which are within the permissible scope of discovery,

17   and to which no privilege or other protection applies, including without limitation,

18   the attorney-client privilege or attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 59:**

20           All DOCUMENTS RELATING TO "Toon Teens."

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

22           Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein. Larian also specifically objects to this request on the

24   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence. Larian also objects to

27   this request on the grounds that it is overbroad, unduly burdensome, and oppressive

28   in seeking all documents relating to "Toon Teens." Larian also objects to this

- 62 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 428

1    request on the grounds that it is vague and ambiguous in that Larian cannot

2    determine what is meant by "Toon Teens." Larian also objects to this request on

3    the grounds that it seeks confidential, proprietary or commercially sensitive

4    information, the disclosure of which would be inimical to the business interests of

5    Larian and one or more third parties. Larian further objects to this request to the

6    extent it seeks information the disclosure of which would implicate the rights of

7    third parties to protect private, confidential, proprietary or trade secret information.

8    Larian also objects to this request to the extent it calls for the disclosure of attorney-

9    client privileged information or information protected from disclosure by the work-

10   product doctrine, joint defense or common interest privilege, or other privilege.

11   Larian also objects to this request to the extent it seeks documents not within

12   Larian's possession, custody or control.

13           Subject to the foregoing, Larian will produce all documents within his

14   possession, custody, or control that are responsive to the request, if any, and that

15   have not already been produced, that he discovers in the course of his reasonable

16   search and diligent inquiry, which are within the permissible scope of discovery,

17   and to which no privilege or other protection applies, including without limitation,

18   the attorney-client privilege or attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 60:**

20           All DOCUMENTS RELATING TO YOUR or MGA's knowledge of

21   "Toon Teens."

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

23           Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein. Larian also specifically objects to this request on the

25   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably

27   calculated to lead to the discovery of admissible evidence. Larian also objects to

28   this request on the grounds that it is overbroad, unduly burdensome, in that it is

1   duplicative of request number 59.  Larian also objects to this request on the grounds

2   that it is vague and ambiguous in that Larian cannot determine what is meant by

3   "Toon Teens."  Larian also objects to this request on the grounds that it seeks

4   confidential, proprietary or commercially sensitive information, the disclosure of

5   which would be inimical to the business interests of Larian and one or more third

6   parties.  Larian further objects to this request to the extent it seeks information the

7   disclosure of which would implicate the rights of third parties to protect private,

8   confidential, proprietary or trade secret information.  Larian also objects to this

9   request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine,

11  joint defense or common interest privilege, or other privilege.  Larian also objects

12  to this request to the extent it seeks documents not within Larian's possession,

13  custody or control.

14          Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, which are within the permissible scope of discovery,

18  and to which no privilege or other protection applies, including without limitation,

19  the attorney-client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 61:**

21          All DOCUMENTS, including without limitation

22  COMMUNICATIONS, prepared, drafted, created, received or transmitted (whether

23  in whole or in part) prior to December 31, 2001 RELATING TO BRYANT.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

25          Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT **6**

PAGE **430**

- 64 -

1  calculated to lead to the discovery of admissible evidence.  Larian also objects to

2  this request on the grounds that it seeks confidential, proprietary or commercially

3  sensitive information, the disclosure of which would be inimical to the business

4  interests of Larian and one or more third parties.  Larian also objects to this request

5  to the extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense

7  or common interest privilege, or other privilege.

8       Subject to the foregoing, Larian will produce all communications

9  made prior to January 1, 2001 within his possession, custody, or control that are

10  responsive to the request, if any, and that have not already been produced, that he

11  discovers in the course of his reasonable search and diligent inquiry, which are

12  within the permissible scope of discovery, and to which no privilege or other

13  protection applies, including without limitation, the attorney-client privilege or

14  attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 62:**

16       All DOCUMENTS RELATING TO any actual, potential, proposed,

17  considered or contemplated work, activities or services, including without

18  limitation any freelance work or consulting services, by BRYANT for, with or on

19  behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

20  DOCUMENT was prepared, created, received or transmitted, whether in whole or

21  in part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

23       Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence.  Larian also objects to

28  this request on the ground that it is overbroad, unduly burdensome, and oppressive



EXHIBIT 6

PAGE 431

- 65 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  in seeking all documents relating to any work, activities or services that Bryant

2  performed for or with Larian or MGA or on their behalf.  Larian also objects to this

3  request on the grounds that it is vague and ambiguous in that Larian cannot

4  determine what is meant by "activities or services" and "with or on behalf of YOU

5  or MGA."  Larian will interpret "activities or services" to mean "work or services,"

6  and "with" to mean "on behalf of."  Larian also objects to this request on the

7  grounds that it seeks confidential, proprietary or commercially sensitive

8  information, the disclosure of which would be inimical to the business interests of

9  Larian and one or more third parties.  Larian also objects to this request to the

10  extent it seeks information the disclosure of which would implicate the rights of

11  third parties to protect private, confidential, proprietary or trade secret information.

12  Larian also objects to this request to the extent it calls for the disclosure of attorney-

13  client privileged information or information protected from disclosure by the work-

14  product doctrine, joint defense or common interest privilege, or other privilege.

15  Larian also objects to this request to the extent it seeks documents not within

16  Larian's possession, custody or control.

17  Subject to the foregoing, Larian will produce all documents within his

18  possession, custody, or control that are responsive to the request and that were

19  created, received or transmitted prior to January 1, 2001, if any, and that have not

20  already been produced, that he discovers in the course of his reasonable search and

21  diligent inquiry, which are within the permissible scope of discovery, and to which

22  no privilege or other protection applies, including without limitation, the attorney-

23  client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 63:**

25  All DOCUMENTS RELATING TO any actual, potential, proposed,

26  considered or contemplated work, activities or services, including without

27  limitation any freelance work or consulting services, by Anna Rhee for, with or on

28  behalf of YOU or MGA prior to December 31, 2001 (regardless of when any such

EXHIBIT **6**

- 66 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

PAGE **432**

1  DOCUMENT was prepared, created, received or transmitted, whether in whole or

2  in part).

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

4       Larian incorporates by reference the above-stated general objections as

5  if fully set forth herein.  Larian also specifically objects to this request on the

6  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7  information not relevant to the subject matter of this lawsuit or reasonably

8  calculated to lead to the discovery of admissible evidence.  Larian also objects to

9  this request on the ground that it is overbroad, unduly burdensome, and oppressive

10  in seeking all documents relating to any work, activities or services that Anna Rhee

11  performed for or with Larian or MGA or on their behalf.  Larian also objects to this

12  request on the grounds that it is vague and ambiguous in that Larian cannot

13  determine what is meant by "activities or services" and "with or on behalf of YOU

14  or MGA."  Larian will interpret "activities or services" to mean "work or services,"

15  and "with" to mean "on behalf of."  Larian also objects to this request to the extent

16  it seeks information the disclosure of which would implicate the rights of third

17  parties to protect private, confidential, proprietary or trade secret information.

18  Larian also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would

20  be inimical to the business interests of Larian and one or more third parties.  Larian

21  also objects to this request to the extent it calls for the disclosure of attorney-client

22  privileged information or information protected from disclosure by the work-

23  product doctrine, joint defense or common interest privilege, or other privilege.

24  Larian also objects to this request to the extent it seeks documents not within

25  Larian's possession, custody or control.

26       Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request and that either

28  pertain to services performed prior to January 1, 2001 or pertain to work performed

EXHIBIT 6

PAGE 433

- 67 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  on Bratz or Angel, if any, and that have not already been produced, that he

2  discovers in the course of his reasonable search and diligent inquiry, which are

3  within the permissible scope of discovery, and to which no privilege or other

4  protection applies, including without limitation, the attorney-client privilege or

5  attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 64:**

7  　　　　All DOCUMENTS RELATING TO any actual, potential, proposed,

8  considered or contemplated work, activities or services, including without

9  limitation any freelance work or consulting services, by Veronica Marlow for, with

10  or on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

11  such DOCUMENT was prepared, created, received or transmitted, whether in

12  whole or in part).

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

14  　　　　Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence.  Larian also objects to

19  this request on the ground that it is overbroad, unduly burdensome, and oppressive

20  in seeking all documents relating to any work, activities or services that Veronica

21  Marlow performed for or with Larian or MGA or on their behalf.  Larian also

22  objects to this request on the grounds that it is vague and ambiguous in that Larian

23  cannot determine what is meant by "activities or services" and "with or on behalf of

24  YOU or MGA."  Larian will interpret "activities or services" to mean "work or

25  services," and "with" to mean "on behalf of."  Larian also objects to this request to

26  the extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28  Larian also objects to this request on the grounds that it seeks confidential,

EXHIBIT 6

PAGE 434

- 68 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   proprietary or commercially sensitive information, the disclosure of which would

2   be inimical to the business interests of Larian and one or more third parties.  Larian

3   also objects to this request to the extent it calls for the disclosure of attorney-client

4   privileged information or information protected from disclosure by the work-

5   product doctrine, joint defense or common interest privilege, or other privilege.

6   Larian also objects to this request to the extent it seeks documents not within

7   Larian's possession, custody or control.

8          Subject to the foregoing, Larian will produce all documents within his

9   possession, custody, or control that are responsive to the request and that either

10   pertain to services performed prior to January 1, 2001 or pertain to work performed

11   on Bratz or Angel, if any, and that have not already been produced, that he

12   discovers in the course of his reasonable search and diligent inquiry, which are

13   within the permissible scope of discovery, and to which no privilege or other

14   protection applies, including without limitation, the attorney-client privilege or

15   attorney's work product doctrine.

16   **REQUEST FOR PRODUCTION NO. 65:**

17          All DOCUMENTS RELATING TO any actual, potential, proposed,

18   considered or contemplated work, activities or services, including without

19   limitation any freelance work or consulting services, by Sarah Halpern for, with or

20   on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

21   such DOCUMENT was prepared, created, received or transmitted, whether in

22   whole or in part).

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

24          Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably

28   calculated to lead to the discovery of admissible evidence.  Larian also objects to


EXHIBIT 6
PAGE 435

- 69 -