1   this request on the ground that it is overbroad, unduly burdensome, and oppressive
2   in seeking all documents relating to any work, activities or services that Sarah
3   Halpern performed for or with Larian or MGA or on their behalf.  Larian also
4   objects to this request on the grounds that it is vague and ambiguous in that Larian
5   cannot determine what is meant by "activities or services" and "with or on behalf of
6   YOU or MGA."  Larian will interpret "activities or services" to mean "work or
7   services," and "with" to mean "on behalf of."  Larian also objects to this request to
8   the extent it seeks information the disclosure of which would implicate the rights of
9   third parties to protect private, confidential, proprietary or trade secret information.
10  Larian also objects to this request on the grounds that it seeks confidential,
11  proprietary or commercially sensitive information, the disclosure of which would
12  be inimical to the business interests of Larian and one or more third parties.  Larian
13  also objects to this request to the extent it calls for the disclosure of attorney-client
14  privileged information or information protected from disclosure by the work-
15  product doctrine, joint defense or common interest privilege, or other privilege.
16  Larian also objects to this request to the extent it seeks documents not within
17  Larian's possession, custody or control.

18         Subject to the foregoing, Larian will produce all documents within his
19  possession, custody, or control that are responsive to the request and that either
20  pertain to services performed prior to January 1, 2001 or pertain to work performed
21  on Bratz or Angel, if any, and that have not already been produced, that he
22  discovers in the course of his reasonable search and diligent inquiry, which are
23  within the permissible scope of discovery, and to which no privilege or other
24  protection applies, including without limitation, the attorney-client privilege or
25  attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 66:**

27         All DOCUMENTS RELATING TO any actual, potential, proposed,
28  considered or contemplated work, activities or services, including without

1  limitation any freelance work or consulting services, by Jesse Ramirez for, with or

2  on behalf of YOU or MGA prior to December 31, 2001 (regardless of when any

3  such DOCUMENT was prepared, created, received or transmitted, whether in

4  whole or in part).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

6         Larian incorporates by reference the above-stated general objections as

7  if fully set forth herein.  Larian also specifically objects to this request on the

8  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9  information not relevant to the subject matter of this lawsuit or reasonably

10 calculated to lead to the discovery of admissible evidence.  Larian also objects to

11 this request on the ground that it is overbroad, unduly burdensome, and oppressive

12 in seeking all documents relating to any work, activities or services that Jesse

13 Ramirez performed for or with Larian or MGA or on their behalf.  Larian also

14 objects to this request on the grounds that it is vague and ambiguous in that Larian

15 cannot determine what is meant by "activities or services" and "with or on behalf of

16 YOU or MGA."  Larian will interpret "activities or services" to mean "work or

17 services," and "with" to mean "on behalf of."  Larian also objects to this request to

18 the extent it seeks information the disclosure of which would implicate the rights of

19 third parties to protect private, confidential, proprietary or trade secret information.

20 Larian also objects to this request on the grounds that it seeks confidential,

21 proprietary or commercially sensitive information, the disclosure of which would

22 be inimical to the business interests of Larian and one or more third parties.  Larian

23 also objects to this request to the extent it calls for the disclosure of attorney-client

24 privileged information or information protected from disclosure by the work-

25 product doctrine, joint defense or common interest privilege, or other privilege.

26 Larian also objects to this request to the extent it seeks documents not within

27 Larian's possession, custody or control.

28         Subject to the foregoing, Larian will produce all documents within his

EXHIBIT  6

PAGE  437

- 71 -

1  possession, custody, or control that are responsive to the request and that either

2  pertain to services performed prior to January 1, 2001 or pertain to work performed

3  on Bratz or Angel, if any, and that have not already been produced, that he

4  discovers in the course of his reasonable search and diligent inquiry, which are

5  within the permissible scope of discovery, and to which no privilege or other

6  protection applies, including without limitation, the attorney-client privilege or

7  attorney's work product doctrine.

8  **REQUEST FOR PRODUCTION NO. 67:**

9        All DOCUMENTS RELATING TO any actual, potential, proposed,

10  considered or contemplated work, activities or services, including without

11  limitation any freelance work or consulting services, by Margaret Hatch (also

12  known as Margaret Leahy and/or Margaret Hatch-Leahy) for, with or on behalf of

13  YOU or MGA prior to December 31, 2001 (regardless of when any such

14  DOCUMENT was prepared, created, received or transmitted, whether in whole or

15  in part).

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

17        Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein. Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence. Larian also objects to

22  this request on the ground that it is overbroad, unduly burdensome, and oppressive

23  in seeking all documents relating to any work, activities or services that Margaret

24  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) performed for

25  or with Larian or MGA or on their behalf. Larian also objects to this request on the

26  grounds that it is vague and ambiguous in that Larian cannot determine what is

27  meant by "activities or services" and "with or on behalf of YOU or MGA." Larian

28  will interpret "activities or services" to mean "work or services," and "with" to

1   mean "on behalf of."  Larian also objects to this request to the extent it seeks

2   information the disclosure of which would implicate the rights of third parties to

3   protect private, confidential, proprietary or trade secret information.  Larian also

4   objects to this request on the grounds that it seeks confidential, proprietary or

5   commercially sensitive information, the disclosure of which would be inimical to

6   the business interests of Larian and one or more third parties.  Larian also objects to

7   this request to the extent it calls for the disclosure of attorney-client privileged

8   information or information protected from disclosure by the work-product doctrine,

9   joint defense or common interest privilege, or other privilege.  Larian also objects

10  to this request to the extent it seeks documents not within Larian's possession,

11  custody or control.

12          Subject to the foregoing, Larian will produce all documents within his

13  possession, custody, or control that are responsive to the request and that either

14  pertain to services performed prior to January 1, 2001 or pertain to work performed

15  on Bratz or Angel, if any, and that have not already been produced, that he

16  discovers in the course of his reasonable search and diligent inquiry, which are

17  within the permissible scope of discovery, and to which no privilege or other

18  protection applies, including without limitation, the attorney-client privilege or

19  attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 68:**

21          All DOCUMENTS RELATING TO any actual, potential, proposed,

22  considered or contemplated work, activities or services, including without

23  limitation any freelance work or consulting services, by Elise Cloonan for, with or

24  on behalf of YOU or MGA.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

EXHIBIT **6**

PAGE **439**

- 73 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   information not relevant to the subject matter of this lawsuit or reasonably

2   calculated to lead to the discovery of admissible evidence.  Larian also objects to

3   this request on the ground that it is overbroad, unduly burdensome, and oppressive

4   in seeking all documents relating to any work, activities or services that Elise

5   Cloonan performed for or with Larian or MGA or on their behalf, without

6   limitation as to time.  Larian also objects to this request on the grounds that it is

7   vague and ambiguous in that Larian cannot determine what is meant by "activities

8   or services" and "with or on behalf of YOU or MGA."  Larian will interpret

9   "activities or services" to mean "work or services," and "with" to mean "on behalf

10  of."  Larian also objects to this request to the extent it seeks information the

11  disclosure of which would implicate the rights of third parties to protect private,

12  confidential, proprietary or trade secret information.  Larian also objects to this

13  request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian and one or more third parties.  Larian also objects to this request

16  to the extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense

18  or common interest privilege, or other privilege.  Larian also objects to this request

19  to the extent it seeks documents not within Larian's possession, custody or control.

20          Subject to the foregoing, Larian will produce all documents within his

21  possession, custody, or control that are responsive to the request and that either

22  pertain to services performed prior to January 1, 2001 or pertain to work performed

23  on Bratz or Angel, if any, and that have not already been produced, that he

24  discovers in the course of his reasonable search and diligent inquiry, which are

25  within the permissible scope of discovery, and to which no privilege or other

26  protection applies, including without limitation, the attorney-client privilege or

27  attorney's work product doctrine.

28



EXHIBIT **6**

PAGE **440**

- 74 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS RELATING TO any actual, potential, proposed, considered or contemplated work, activities or services, including without limitation any freelance work or consulting services, by Maureen Mullen for, with or on behalf of YOU or MGA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any work, activities or services that Maureen Mullen performed for or with Larian or MGA or on their behalf, without limitation as to time. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services" and "with or on behalf of YOU or MGA." Larian will interpret "activities or services" to mean "work or services," and "with" to mean "on behalf of." Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 441

1    Subject to the foregoing, Larian will produce all documents within his
2    possession, custody, or control that are responsive to the request and that pertain to
3    work performed on Bratz or Angel prior to December 31, 2001, if any, and that
4    have not already been produced, that he discovers in the course of his reasonable
5    search and diligent inquiry, which are within the permissible scope of discovery,
6    and to which no privilege or other protection applies, including without limitation,
7    the attorney-client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 70:**

9    All DOCUMENTS RELATING TO any actual, potential, proposed,
10   considered or contemplated work, activities or services, including without
11   limitation any freelance work or consulting services, by Billy Ragsdale for, with or
12   on behalf of YOU or MGA.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

14   Larian incorporates by reference the above-stated general objections as
15   if fully set forth herein. Larian also specifically objects to this request on the
16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
17   information not relevant to the subject matter of this lawsuit or reasonably
18   calculated to lead to the discovery of admissible evidence.  Larian also objects to
19   this request on the ground that it is overbroad, unduly burdensome, and oppressive
20   in seeking all documents relating to any work, activities or services that Billy
21   Ragsdale performed for or with Larian or MGA or on their behalf, without
22   limitation as to time.  Larian also objects to this request on the grounds that it is
23   vague and ambiguous in that Larian cannot determine what is meant by "activities
24   or services" and "with or on behalf of YOU or MGA."  Larian will interpret
25   "activities or services" to mean "work or services," and "with" to mean "on behalf
26   of."  Larian also objects to this request to the extent it seeks information the
27   disclosure of which would implicate the rights of third parties to protect private,
28   confidential, proprietary or trade secret information.  Larian also objects to this

EXHIBIT  6

PAGE  442

- 76 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    request on the grounds that it seeks confidential, proprietary or commercially

2    sensitive information, the disclosure of which would be inimical to the business

3    interests of Larian and one or more third parties.  Larian also objects to this request

4    to the extent it calls for the disclosure of attorney-client privileged information or

5    information protected from disclosure by the work-product doctrine, joint defense

6    or common interest privilege, or other privilege.  Larian also objects to this request

7    to the extent it seeks documents not within Larian's possession, custody or control.

8         Subject to the foregoing, Larian will produce all documents within his

9    possession, custody, or control that are responsive to the request and that pertain to

10   work performed on Bratz or Angel prior to December 31, 2001, if any, and that

11   have not already been produced, that he discovers in the course of his reasonable

12   search and diligent inquiry, which are within the permissible scope of discovery,

13   and to which no privilege or other protection applies, including without limitation,

14   the attorney-client privilege or attorney's work product doctrine.

15

16   **REQUEST FOR PRODUCTION NO. 71:**

17        All DOCUMENTS RELATING TO any actual, potential, proposed,

18   considered or contemplated work, activities or services, including without

19   limitation any freelance work or consulting services, by Wendy Ragsdale for, with

20   or on behalf of YOU or MGA.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

22        Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein.  Larian also specifically objects to this request on the

24   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

25   information not relevant to the subject matter of this lawsuit or reasonably

26   calculated to lead to the discovery of admissible evidence.  Larian also objects to

27   this request on the ground that it is overbroad, unduly burdensome, and oppressive

28   in seeking all documents relating to any work, activities or services that Wendy

- 77 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT __6__

PAGE __443__

1  Ragsdale performed for or with Larian or MGA or on their behalf, without

2  limitation as to time.  Larian also objects to this request on the grounds that it is

3  vague and ambiguous in that Larian cannot determine what is meant by "activities

4  or services" and "with or on behalf of YOU or MGA."  Larian will interpret

5  "activities or services" to mean "work or services," and "with" to mean "on behalf

6  of."  Larian also objects to this request to the extent it seeks information the

7  disclosure of which would implicate the rights of third parties to protect private,

8  confidential, proprietary or trade secret information.  Larian also objects to this

9  request on the grounds that it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of Larian and one or more third parties.  Larian also objects to this request

12  to the extent it calls for the disclosure of attorney-client privileged information or

13  information protected from disclosure by the work-product doctrine, joint defense

14  or common interest privilege, or other privilege.  Larian also objects to this request

15  to the extent it seeks documents not within Larian's possession, custody or control.

16      Subject to the foregoing, Larian will produce all documents within his

17  possession, custody, or control that are responsive to the request and that pertain to

18  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

19  have not already been produced, that he discovers in the course of his reasonable

20  search and diligent inquiry, which are within the permissible scope of discovery,

21  and to which no privilege or other protection applies, including without limitation,

22  the attorney-client privilege or attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 72:**

24      All DOCUMENTS RELATING TO any actual, potential, proposed,

25  considered or contemplated work, activities or services, including without

26  limitation any freelance work or consulting services, by David Dees for, with or on

27  behalf of YOU or MGA.

28



EXHIBIT 6

PAGE 444

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

1

2          Larian incorporates by reference the above-stated general objections as

3   if fully set forth herein.  Larian also specifically objects to this request on the

4   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably

6   calculated to lead to the discovery of admissible evidence.  Larian also objects to

7   this request on the ground that it is overbroad, unduly burdensome, and oppressive

8   in seeking all documents relating to any work, activities or services that David Dees

9   performed for or with Larian or MGA or on their behalf, without limitation as to

10  time.  Larian also objects to this request on the grounds that it is vague and

11  ambiguous in that Larian cannot determine what is meant by "activities or services"

12  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

13  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

14  also objects to this request to the extent it seeks information the disclosure of which

15  would implicate the rights of third parties to protect private, confidential,

16  proprietary or trade secret information.  Larian also objects to this request on the

17  grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of

19  Larian and one or more third parties.  Larian also objects to this request to the

20  extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.  Larian also objects to this request

23  to the extent it seeks documents not within Larian's possession, custody or control.

24          Subject to the foregoing, Larian will produce all documents within his

25  possession, custody, or control that are responsive to the request and that pertain to

26  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, which are within the permissible scope of discovery,



- 79 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  and to which no privilege or other protection applies, including without limitation,

2  the attorney-client privilege or attorney's work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 73:**

4        All DOCUMENTS RELATING TO any actual, potential, proposed,

5  considered or contemplated work, activities or services, including without

6  limitation any freelance work or consulting services, by Steve Linker for, with or on

7  behalf of YOU or MGA.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

9        Larian incorporates by reference the above-stated general objections as

10 if fully set forth herein.  Larian also specifically objects to this request on the

11 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12 information not relevant to the subject matter of this lawsuit or reasonably

13 calculated to lead to the discovery of admissible evidence.  Larian also objects to

14 this request on the ground that it is overbroad, unduly burdensome, and oppressive

15 in seeking all documents relating to any work, activities or services that Steve

16 Linker performed for or with Larian or MGA or on their behalf, without limitation

17 as to time.  Larian also objects to this request on the grounds that it is vague and

18 ambiguous in that Larian cannot determine what is meant by "activities or services"

19 and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

20 services" to mean "work or services," and "with" to mean "on behalf of."  Larian

21 also objects to this request to the extent it seeks information the disclosure of which

22 would implicate the rights of third parties to protect private, confidential,

23 proprietary or trade secret information.  Larian also objects to this request on the

24 grounds that it seeks confidential, proprietary or commercially sensitive

25 information, the disclosure of which would be inimical to the business interests of

26 Larian and one or more third parties.  Larian also objects to this request to the

27 extent it calls for the disclosure of attorney-client privileged information or

28 information protected from disclosure by the work-product doctrine, joint defense



1   or common interest privilege, or other privilege.  Larian also objects to this request

2   to the extent it seeks documents not within Larian's possession, custody or control.

3        Subject to the foregoing, Larian will produce all documents within his

4   possession, custody, or control that are responsive to the request and that pertain to

5   work performed on Bratz or Angel prior to December 31, 2001, if any, and that

6   have not already been produced, that he discovers in the course of his reasonable

7   search and diligent inquiry, which are within the permissible scope of discovery,

8   and to which no privilege or other protection applies, including without limitation,

9   the attorney-client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 15:**

11       All DOCUMENTS RELATING TO Steve Linker and RELATING TO

12  any time prior to December 31, 2001 (regardless of when such document was

13  prepared, written, transmitted or received, whether in whole or in part).

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

15       Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it seeks confidential, proprietary or commercially

21  sensitive information, the disclosure of which would be inimical to the business

22  interests of Larian and one or more third parties.  Larian also objects to this request

23  to the extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense

25  or common interest privilege, or other privilege.  Larian also objects to this request

26  to the extent it seeks documents not within Larian's possession, custody or control.

27       Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request and that pertain to

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  6

PAGE  447

1  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

2  have not already been produced, that he discovers in the course of his reasonable

3  search and diligent inquiry, which are within the permissible scope of discovery,

4  and to which no privilege or other protection applies, including without limitation,

5  the attorney-client privilege or attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 75:**

7       All DOCUMENTS RELATING TO any actual, potential, proposed,

8  considered or contemplated work, activities or services, including without

9  limitation any freelance work or consulting services, by Liz Hogan for, with or on

10  behalf of YOU or MGA.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

12       Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the ground that it is overbroad, unduly burdensome, and oppressive

18  in seeking all documents relating to any work, activities or services that Liz Hogan

19  performed for or with Larian or MGA or on their behalf, without limitation as to

20  time.  Larian also objects to this request on the grounds that it is vague and

21  ambiguous in that Larian cannot determine what is meant by "activities or services"

22  and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

23  services" to mean "work or services," and "with" to mean "on behalf of."  Larian

24  also objects to this request to the extent it seeks information the disclosure of which

25  would implicate the rights of third parties to protect private, confidential,

26  proprietary or trade secret information.  Larian also objects to this request on the

27  grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of

- 82 -


EXHIBIT 6
PAGE 448

1   Larian and one or more third parties.  Larian also objects to this request to the

2   extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense

4   or common interest privilege, or other privilege.  Larian also objects to this request

5   to the extent it seeks documents not within Larian's possession, custody or control.

6   Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request and that pertain to

8   work performed on Bratz or Angel prior to December 31, 2001, if any, and that

9   have not already been produced, that he discovers in the course of his reasonable

10   search and diligent inquiry, which are within the permissible scope of discovery,

11   and to which no privilege or other protection applies, including without limitation,

12   the attorney-client privilege or attorney's work product doctrine.

13   **REQUEST FOR PRODUCTION NO. 76:**

14   All DOCUMENTS RELATING TO any actual, potential, proposed,

15   considered or contemplated work, activities or services, including without

16   limitation any freelance work or consulting services, by Amy Meyers for, with or

17   on behalf of YOU or MGA.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

19   Larian incorporates by reference the above-stated general objections as

20   if fully set forth herein.  Larian also specifically objects to this request on the

21   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably

23   calculated to lead to the discovery of admissible evidence.  Larian also objects to

24   this request on the ground that it is overbroad, unduly burdensome, and oppressive

25   in seeking all documents relating to any work, activities or services that Amy

26   Meyers performed for or with Larian or MGA or on their behalf, without limitation

27   as to time.  Larian also objects to this request on the grounds that it is vague and

28   ambiguous in that Larian cannot determine what is meant by "activities or services"

EXHIBIT 6

PAGE 449

- 83 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   and "with or on behalf of YOU or MGA."  Larian will interpret "activities or

2   services" to mean "work or services," and "with" to mean "on behalf of."  Larian

3   also objects to this request to the extent it seeks information the disclosure of which

4   would implicate the rights of third parties to protect private, confidential,

5   proprietary or trade secret information.  Larian also objects to this request on the

6   grounds that it seeks confidential, proprietary or commercially sensitive

7   information, the disclosure of which would be inimical to the business interests of

8   Larian and one or more third parties.  Larian also objects to this request to the

9   extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense

11  or common interest privilege, or other privilege.  Larian also objects to this request

12  to the extent it seeks documents not within Larian's possession, custody or control.

13          Subject to the foregoing, Larian will produce all documents within his

14  possession, custody, or control that are responsive to the request and that pertain to

15  work performed on Bratz or Angel prior to December 31, 2001, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, which are within the permissible scope of discovery,

18  and to which no privilege or other protection applies, including without limitation,

19  the attorney-client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 77:**

21          To the extent not covered by other Requests, all DOCUMENTS

22  RELATING TO any actual, potential, proposed, considered or contemplated work,

23  activities or services, including without limitation any freelance work or consulting

24  services, by any PERSON RELATING TO BRATZ prior to December 31, 2001.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

26          Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein.  Larian also specifically objects to this request on the

28  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

- 84 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT  6

PAGE  450

1 | information not relevant to the subject matter of this lawsuit or reasonably
2 | calculated to lead to the discovery of admissible evidence.  Larian also objects to
3 | this request on the ground that it is overbroad, unduly burdensome, and oppressive
4 | in seeking all documents relating to any work, activities or services relating to Bratz
5 | that any person performed.  Larian also objects to this request on the grounds that it
6 | is vague and ambiguous in that Larian cannot determine what is meant by
7 | "activities or services."  Larian will interpret "activities or services" to mean "work
8 | or services."  Larian also objects to this request to the extent it seeks information
9 | the disclosure of which would implicate the rights of third parties to protect private,
10 | confidential, proprietary or trade secret information.  Larian also objects to this
11 | request on the grounds that it seeks confidential, proprietary or commercially
12 | sensitive information, the disclosure of which would be inimical to the business
13 | interests of Larian and one or more third parties.  Larian also objects to this request
14 | to the extent it calls for the disclosure of attorney-client privileged information or
15 | information protected from disclosure by the work-product doctrine, joint defense
16 | or common interest privilege, or other privilege.  Larian also objects to this request
17 | to the extent it seeks documents not within Larian's possession, custody or control.

18 |         Subject to the foregoing, Larian will produce all documents within his
19 | possession, custody, or control that are responsive to the request, if any, and that
20 | have not already been produced, that he discovers in the course of his reasonable
21 | search and diligent inquiry, which are within the permissible scope of discovery,
22 | and to which no privilege or other protection applies, including without limitation,
23 | the attorney-client privilege or attorney's work product doctrine.

24 | **REQUEST FOR PRODUCTION NO. 78:**

25 |         To the extent not covered by other Requests, all DOCUMENTS
26 | RELATING TO any actual, potential, proposed, considered or contemplated work,
27 | activities or services, including without limitation any freelance work or consulting
28 | services, by any PERSON RELATING TO ANGEL prior to December 31, 2001.

- 85 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 451

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the ground that it is overbroad, unduly burdensome, and oppressive in seeking all documents relating to any work, activities or services relating to Angel that any person performed. Larian also objects to this request on the grounds that it is vague and ambiguous in that Larian cannot determine what is meant by "activities or services." Larian will interpret "activities or services" to mean "work or services." Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.



EXHIBIT 6

PAGE 452

- 86 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    **REQUEST FOR PRODUCTION NO. 79:**

2          All DOCUMENTS RELATING TO any focus groups RELATING TO

3    BRATZ and/or ANGEL, including without limitation all videotapes, summaries,

4    notes and reports associated therewith.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

6          Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably

10   calculated to lead to the discovery of admissible evidence.  Larian also objects to

11   this request on the grounds that it seeks confidential, proprietary or commercially

12   sensitive information, the disclosure of which would be inimical to the business

13   interests of Larian and one or more third parties.  Larian also objects to this request

14   to the extent it calls for the disclosure of attorney-client privileged information or

15   information protected from disclosure by the work-product doctrine, joint defense

16   or common interest privilege, or other privilege.  Larian also objects to this request

17   to the extent it seeks information the disclosure of which would implicate the rights

18   of third parties to protect private, confidential, proprietary or trade secret

19   information.  Larian also objects to this request to the extent it seeks documents not

20   within Larian's possession, custody or control.

21          Subject to the foregoing, Larian will produce all documents within his

22   possession, custody, or control that relate to focus groups for "MGA contested

23   products" and "Mattel contested products", as those terms are defined in Mattel's

24   First Requests for Production regarding Claims of Unfair Competition, if any, and

25   that have not already been produced, that he discovers in the course of his

26   reasonable search and diligent inquiry, which are within the permissible scope of

27   discovery, and to which no privilege or other protection applies, including without

28   limitation, the attorney-client privilege or attorney's work product doctrine.

- 87 -

EXHIBIT 6

PAGE 453

1    **REQUEST FOR PRODUCTION NO. 80:**

2            All DOCUMENTS RELATING TO any services or work performed

3    by L.A. Focus between January 1, 1999 and December 31, 2001, including without

4    limitation all videotapes, summaries, notes and reports associated therewith.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

6            Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably

10    calculated to lead to the discovery of admissible evidence.  Larian also objects to

11    this request on the ground that it is overbroad, unduly burdensome, and oppressive

12    in seeking all documents relating to any services or work that L.A. Focus

13    performed, regardless of the individuals or companies for whom those services

14    were performed.  Larian also objects to this request to the extent it seeks

15    information the disclosure of which would implicate the rights of third parties to

16    protect private, confidential, proprietary or trade secret information.  Larian also

17    objects to this request on the grounds that it seeks confidential, proprietary or

18    commercially sensitive information, the disclosure of which would be inimical to

19    the business interests of Larian and one or more third parties.  Larian also objects to

20    this request to the extent it calls for the disclosure of attorney-client privileged

21    information or information protected from disclosure by the work-product doctrine,

22    joint defense or common interest privilege, or other privilege.  Larian also objects

23    to this request to the extent it seeks documents not within Larian's possession,

24    custody or control.

25            Subject to the foregoing, Larian will produce all documents relating or

26    referring to Bratz or Angel within his possession, custody, or control that are

27    responsive to the request, if any, and that have not already been produced, that he

28    discovers in the course of his reasonable search and diligent inquiry, which are

EXHIBIT  6                    - 88 -                 LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                                     1ST SET OF REQUESTS FOR PRODUCTION
PAGE  454                                            CV 04-9049 SGL (RNBX)

1   within the permissible scope of discovery, and to which no privilege or other

2   protection applies, including without limitation, the attorney-client privilege or

3   attorney's work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 81:**

5        All DOCUMENTS RELATING TO Alaska Momma.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

7        Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the ground that it is overbroad, unduly burdensome, and oppressive

13  in seeking all documents relating to Alaska Momma, without limitation as to

14  subject matter or time.  Larian also objects to this request to the extent it seeks

15  information the disclosure of which would implicate the rights of third parties to

16  protect private, confidential, proprietary or trade secret information.  Larian also

17  objects to this request on the grounds that it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to

19  the business interests of Larian and one or more third parties.  Larian also objects to

20  this request to the extent it calls for the disclosure of attorney-client privileged

21  information or information protected from disclosure by the work-product doctrine,

22  joint defense or common interest privilege, or other privilege.  Larian also objects

23  to this request to the extent it seeks documents not within Larian's possession,

24  custody or control.

25        Subject to the foregoing, Larian will produce all documents relating or

26  referring to Bratz, Angel, or Bryant within his possession, custody, or control that

27  are responsive to the request, if any, and that have not already been produced, that

28  he discovers in the course of his reasonable search and diligent inquiry, which are



- 89 -     LARIAN'S SUPP. RESPONSE TO MATTEL'S
          1ST SET OF REQUESTS FOR PRODUCTION
          CV 04-9049 SGL (RNBX)

1   within the permissible scope of discovery, and to which no privilege or other

2   protection applies, including without limitation, the attorney-client privilege or

3   attorney's work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 82:**

5       All DOCUMENTS RELATING TO any actual, potential, proposed,

6   considered or contemplated agreement or contract between YOU or MGA and

7   Anna Rhee, including without limitation all drafts thereof and amendments,

8   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

10      Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein. Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also objects to

15  this request on the grounds that it is overbroad, unlimited as to time, and unduly

16  burdensome and oppressive.  Larian also objects to this request on the grounds that

17  it seeks information in violation of the right of privacy.  Larian also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.  Larian also objects to this request

21  to the extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense

23  or common interest privilege, or other privilege.  Larian also objects to this request

24  to the extent it seeks documents not within Larian's possession, custody or control.

25      Subject to the foregoing, Larian will produce all documents pertaining

26  to work performed prior to January 1, 2001 and all documents pertaining to work

27  related to Bratz or Angel performed prior to December 31, 2001 within his

28  possession, custody, or control that are responsive to the request, if any, and that

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)


EXHIBIT   6
PAGE   456

1  have not already been produced, that he discovers in the course of his reasonable

2  search and diligent inquiry, which are within the permissible scope of discovery,

3  and to which no privilege or other protection applies, including without limitation,

4  the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 83:**

6  All DOCUMENTS RELATING TO any payments of money or the

7  transfer of anything of value to Anna Rhee or her FAMILY MEMBERS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

9  Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein. Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence. Larian also objects to

14  this request on the grounds that it is overbroad, unlimited as to time, and unduly

15  burdensome and oppressive. Larian also objects to this request on the grounds that

16  it seeks information in violation of the right of privacy. Larian also objects to this

17  request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian and one or more third parties. Larian also objects to this request

20  to the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege. Larian also objects to this request

23  to the extent it seeks documents not within Larian's possession, custody or control.

24  Subject to the foregoing, Larian will produce all documents pertaining

25  to work performed prior to January 1, 2001 and all documents pertaining to work

26  related to Bratz or Angel performed prior to December 31, 2001 within his

27  possession, custody, or control that are responsive to the request, if any, and that

28  have not already been produced, that he discovers in the course of his reasonable

- 91 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)


EXHIBIT 6

PAGE 457

1    search and diligent inquiry, which are within the permissible scope of discovery,

2    and to which no privilege or other protection applies, including without limitation,

3    the attorney-client privilege or attorney's work product doctrine.

4    **REQUEST FOR PRODUCTION NO. 16:**

5            All DOCUMENTS RELATING TO any actual, potential, proposed,

6    considered or contemplated agreement or contract between YOU or MGA and

7    Veronica Marlow or her FAMILY MEMBERS, including without limitation all

8    drafts thereof and amendments, modifications and revisions thereto, and all

9    COMMUNICATIONS relating thereto.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

11           Larian incorporates by reference the above-stated general objections as

12   if fully set forth herein. Larian also specifically objects to this request on the

13   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14   information not relevant to the subject matter of this lawsuit or reasonably

15   calculated to lead to the discovery of admissible evidence.  Larian also objects to

16   this request on the grounds that it is overbroad, unlimited as to time, and unduly

17   burdensome and oppressive.  Larian also objects to this request on the grounds that

18   it seeks information in violation of the right of privacy.  Larian also objects to this

19   request on the grounds that it seeks confidential, proprietary or commercially

20   sensitive information, the disclosure of which would be inimical to the business

21   interests of Larian and one or more third parties.  Larian also objects to this request

22   to the extent it calls for the disclosure of attorney-client privileged information or

23   information protected from disclosure by the work-product doctrine, joint defense

24   or common interest privilege, or other privilege.  Larian also objects to this request

25   to the extent it seeks documents not within Larian's possession, custody or control.

26           Subject to the foregoing, Larian will produce all documents pertaining

27   to work performed prior to January 1, 2001 and all documents pertaining to work

28   related to Bratz or Angel performed prior to December 31, 2001 within his

- 92 -



EXHIBIT 6

PAGE 458

1  possession, custody, or control that are responsive to the request, if any, and that

2  have not already been produced, that he discovers in the course of his reasonable

3  search and diligent inquiry, which are within the permissible scope of discovery,

4  and to which no privilege or other protection applies, including without limitation,

5  the attorney-client privilege or attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 85:**

7       All DOCUMENTS RELATING TO any payments of money or the

8  transfer of anything of value to Veronica Marlow or her FAMILY MEMBERS.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10      Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein. Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also objects to

15  this request on the grounds that it is overbroad, unlimited as to time, and unduly

16  burdensome and oppressive.  Larian also objects to this request on the grounds that

17  it seeks information in violation of the right of privacy.  Larian also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially

19  sensitive information, the disclosure of which would be inimical to the business

20  interests of Larian and one or more third parties.  Larian also objects to this request

21  to the extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense

23  or common interest privilege, or other privilege.  Larian also objects to this request

24  to the extent it seeks documents not within Larian's possession, custody or control.

25      Subject to the foregoing, Larian will produce all documents pertaining

26  to work performed prior to January 1, 2001 and all documents pertaining to work

27  related to Bratz or Angel performed prior to December 31, 2001 within his

28  possession, custody, or control that are responsive to the request, if any, and that

EXHIBIT **6**

PAGE **459**

- 93 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   have not already been produced, that he discovers in the course of his reasonable

2   search and diligent inquiry, which are within the permissible scope of discovery,

3   and to which no privilege or other protection applies, including without limitation,

4   the attorney-client privilege or attorney's work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 86:**

6          All DOCUMENTS RELATING TO any actual, potential, proposed,

7   considered or contemplated agreement or contract between YOU or MGA and

8   Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or

9   her FAMILY MEMBERS, including without limitation all drafts thereof and

10  amendments, modifications and revisions thereto, and all COMMUNICATIONS

11  relating thereto.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

13         Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Larian also specifically objects to this request on the

15  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably

17  calculated to lead to the discovery of admissible evidence.  Larian also objects to

18  this request on the grounds that it seeks information in violation of the right of

19  privacy.  Larian also objects to this request on the grounds that it is overbroad,

20  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

21  this request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.  Larian also objects to this request

24  to the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.  Larian also objects to this request

27  to the extent it seeks documents not within Larian's possession, custody or control.

28         Subject to the foregoing, Larian will produce all documents pertaining

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  **6**

PAGE  **460**

1    to work performed prior to January 1, 2001 and all documents pertaining to work

2    related to Bratz or Angel performed prior to December 31, 2001 within his

3    possession, custody, or control that are responsive to the request, if any, and that

4    have not already been produced, that he discovers in the course of his reasonable

5    search and diligent inquiry, which are within the permissible scope of discovery,

6    and to which no privilege or other protection applies, including without limitation,

7    the attorney-client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 87:**

9        All DOCUMENTS RELATING TO any payments of money or the

10   transfer of anything of value to Margaret Hatch (also known as Margaret Leahy

11   and/or Margaret Hatch-Leahy) or her FAMILY MEMBERS.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

13       Larian incorporates by reference the above-stated general objections as

14   if fully set forth herein. Larian also specifically objects to this request on the

15   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably

17   calculated to lead to the discovery of admissible evidence. Larian also objects to

18   this request on the grounds that it is overbroad, unlimited as to time, and unduly

19   burdensome and oppressive. Larian also objects to this request on the grounds that

20   it seeks information in violation of the right of privacy. Larian also objects to this

21   request on the grounds that it seeks confidential, proprietary or commercially

22   sensitive information, the disclosure of which would be inimical to the business

23   interests of Larian and one or more third parties. Larian also objects to this request

24   to the extent it calls for the disclosure of attorney-client privileged information or

25   information protected from disclosure by the work-product doctrine, joint defense

26   or common interest privilege, or other privilege. Larian also objects to this request

27   to the extent it seeks documents not within Larian's possession, custody or control.

28       Subject to the foregoing, Larian will produce all documents pertaining

- 95 -

EXHIBIT 6

PAGE 461

1    to work performed prior to January 1, 2001 and all documents pertaining to work

2    related to Bratz or Angel performed prior to December 31, 2001 within his

3    possession, custody, or control that are responsive to the request, if any, and that

4    have not already been produced, that he discovers in the course of his reasonable

5    search and diligent inquiry, which are within the permissible scope of discovery,

6    and to which no privilege or other protection applies, including without limitation,

7    the attorney-client privilege or attorney's work product doctrine.

8    **REQUEST FOR PRODUCTION NO. 88:**

9             All DOCUMENTS RELATING TO any actual, potential, proposed,

10   considered or contemplated agreement or contract between YOU or MGA and

11   Sarah Halpern or her FAMILY MEMBERS, including without limitation all drafts

12   thereof and amendments, modifications and revisions thereto, and all

13   COMMUNICATIONS relating thereto.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

15            Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably

19   calculated to lead to the discovery of admissible evidence.  Larian also objects to

20   this request on the grounds that it seeks information in violation of the right of

21   privacy.  Larian also objects to this request on the grounds that it is overbroad,

22   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

23   this request on the grounds that it seeks confidential, proprietary or commercially

24   sensitive information, the disclosure of which would be inimical to the business

25   interests of Larian and one or more third parties.  Larian also objects to this request

26   to the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense

28   or common interest privilege, or other privilege.  Larian also objects to this request

EXHIBIT **6**

PAGE **462**

- 96 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    to the extent it seeks documents not within Larian's possession, custody or control.

2            Subject to the foregoing, Larian will produce all documents pertaining

3    to work performed prior to January 1, 2001 and all documents pertaining to work

4    related to Bratz or Angel performed prior to December 31, 2001 within his

5    possession, custody, or control that are responsive to the request, if any, and that

6    have not already been produced, that he discovers in the course of his reasonable

7    search and diligent inquiry, which are within the permissible scope of discovery,

8    and to which no privilege or other protection applies, including without limitation,

9    the attorney-client privilege or attorney's work product doctrine.

10   **REQUEST FOR PRODUCTION NO. 89:**

11           All DOCUMENTS RELATING TO any payments of money or the

12   transfer of anything of value to Sarah Halpern or her FAMILY MEMBERS.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

14           Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein. Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.  Larian also objects to

19   this request on the grounds that it is overbroad, unlimited as to time, and unduly

20   burdensome and oppressive.  Larian also objects to this request on the grounds that

21   it seeks information in violation of the right of privacy.  Larian also objects to this

22   request on the grounds that it seeks confidential, proprietary or commercially

23   sensitive information, the disclosure of which would be inimical to the business

24   interests of Larian and one or more third parties.  Larian also objects to this request

25   to the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense

27   or common interest privilege, or other privilege.  Larian also objects to this request

28   to the extent it seeks documents not within Larian's possession, custody or control.

EXHIBIT     6         - 97 -      LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                  1ST SET OF REQUESTS FOR PRODUCTION
PAGE     463                      CV 04-9049 SGL (RNBX)

1    Subject to the foregoing, Larian will produce all documents pertaining
2    to work performed prior to January 1, 2001 and all documents pertaining to work
3    related to Bratz or Angel performed prior to December 31, 2001 within his
4    possession, custody, or control that are responsive to the request, if any, and that
5    have not already been produced, that he discovers in the course of his reasonable
6    search and diligent inquiry, which are within the permissible scope of discovery,
7    and to which no privilege or other protection applies, including without limitation,
8    the attorney-client privilege or attorney's work product doctrine.

9    **REQUEST FOR PRODUCTION NO. 90:**

10    All DOCUMENTS RELATING TO any actual, potential, proposed,
11    considered or contemplated agreement or contract between YOU or MGA and Jesse
12    Ramirez or his FAMILY MEMBERS, including without limitation all drafts
13    thereof and amendments, modifications and revisions thereto, and all
14    COMMUNICATIONS relating thereto.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

16    Larian incorporates by reference the above-stated general objections as
17    if fully set forth herein.  Larian also specifically objects to this request on the
18    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
19    information not relevant to the subject matter of this lawsuit or reasonably
20    calculated to lead to the discovery of admissible evidence.  Larian also objects to
21    this request on the grounds that it seeks information in violation of the right of
22    privacy.  Larian also objects to this request on the grounds that it is overbroad,
23    unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to
24    this request on the grounds that it seeks confidential, proprietary or commercially
25    sensitive information, the disclosure of which would be inimical to the business
26    interests of Larian and one or more third parties.  Larian also objects to this request
27    to the extent it calls for the disclosure of attorney-client privileged information or
28    information protected from disclosure by the work-product doctrine, joint defense

EXHIBIT **6**

PAGE **464**

- 98 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   or common interest privilege, or other privilege.  Larian also objects to this request

2   to the extent it seeks documents not within Larian's possession, custody or control.

3          Subject to the foregoing, Larian will produce all documents pertaining

4   to work performed prior to January 1, 2001 and all documents pertaining to work

5   related to Bratz or Angel performed prior to December 31, 2001 within his

6   possession, custody, or control that are responsive to the request, if any, and that

7   have not already been produced, that he discovers in the course of his reasonable

8   search and diligent inquiry, which are within the permissible scope of discovery,

9   and to which no privilege or other protection applies, including without limitation,

10  the attorney-client privilege or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 91:**

12         All DOCUMENTS RELATING TO any actual, potential, proposed,

13  considered or contemplated agreement or contract between YOU or MGA and Elise

14  Cloonan or her FAMILY MEMBERS, including without limitation all drafts

15  thereof and amendments, modifications and revisions thereto, and all

16  COMMUNICATIONS relating thereto.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

18         Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also objects to

23  this request on the grounds that it seeks information in violation of the right of

24  privacy.  Larian also objects to this request on the grounds that it is overbroad,

25  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 465

1    to the extent it calls for the disclosure of attorney-client privileged information or

2    information protected from disclosure by the work-product doctrine, joint defense

3    or common interest privilege, or other privilege.  Larian also objects to this request

4    to the extent it seeks documents not within Larian's possession, custody or control.

5            Subject to the foregoing, Larian will produce all documents pertaining

6    to work performed prior to January 1, 2001 and all documents pertaining to work

7    related to Bratz or Angel performed prior to December 31, 2001 within his

8    possession, custody, or control that are responsive to the request, if any, and that

9    have not already been produced, that he discovers in the course of his reasonable

10   search and diligent inquiry, which are within the permissible scope of discovery,

11   and to which no privilege or other protection applies, including without limitation,

12   the attorney-client privilege or attorney's work product doctrine.

13   **REQUEST FOR PRODUCTION NO. 92:**

14           All DOCUMENTS RELATING TO any payments of money or the

15   transfer of anything of value to Elise Cloonan or her FAMILY MEMBERS.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20   information not relevant to the subject matter of this lawsuit or reasonably

21   calculated to lead to the discovery of admissible evidence.  Larian also objects to

22   this request on the grounds that it is overbroad, unlimited as to time, and unduly

23   burdensome and oppressive.  Larian also objects to this request on the grounds that

24   it seeks information in violation of the right of privacy.  Larian also objects to this

25   request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business

27   interests of Larian and one or more third parties.  Larian also objects to this request

28   to the extent it calls for the disclosure of attorney-client privileged information or



1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.  Larian also objects to this request

3  to the extent it seeks documents not within Larian's possession, custody or control.

4  Subject to the foregoing, Larian will produce all documents pertaining

5  to work performed prior to January 1, 2001 and all documents pertaining to work

6  related to Bratz or Angel performed prior to December 31, 2001 within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, which are within the permissible scope of discovery,

10  and to which no privilege or other protection applies, including without limitation,

11  the attorney-client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 93:**

13  All DOCUMENTS RELATING TO any actual, potential, proposed,

14  considered or contemplated agreement or contract between YOU or MGA and

15  Stephen Lee or his FAMILY MEMBERS at any time after January 1, 2003,

16  including without limitation all drafts thereof and amendments, modifications and

17  revisions thereto, and all COMMUNICATIONS relating thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

19  Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it seeks information in violation of the right of

25  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

26  proprietary or commercially sensitive information, the disclosure of which would

27  be inimical to the business interests of Larian and one or more third parties.  Larian

28  also objects to this request to the extent it calls for the disclosure of attorney-client

EXHIBIT  6          - 101 -

PAGE  467

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  privileged information or information protected from disclosure by the work-

2  product doctrine, joint defense or common interest privilege, or other privilege.

3  Larian also objects to this request to the extent it seeks documents not within

4  Larian's possession, custody or control.

5      Subject to the foregoing, Larian will produce all agreements or

6  contracts presently in effect within his possession, custody, or control that are

7  responsive to the request, if any, and that have not already been produced, that he

8  discovers in the course of his reasonable search and diligent inquiry, which are

9  within the permissible scope of discovery, and to which no privilege or other

10  protection applies, including without limitation, the attorney-client privilege or

11  attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 94:**

13      All DOCUMENTS RELATING TO any actual, potential, proposed,

14  considered or contemplated agreement or contract between YOU or MGA and

15  David Dees or his FAMILY MEMBERS, including without limitation all drafts

16  thereof and amendments, modifications and revisions thereto, and all

17  COMMUNICATIONS relating thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

19      Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it seeks information in violation of the right of

25  privacy.  Larian also objects to this request on the grounds that it is overbroad,

26  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

27  this request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

EXHIBIT 6
PAGE 468
- 102 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    interests of Larian and one or more third parties.  Larian also objects to this request

2    to the extent it calls for the disclosure of attorney-client privileged information or

3    information protected from disclosure by the work-product doctrine, joint defense

4    or common interest privilege, or other privilege.  Larian also objects to this request

5    to the extent it seeks documents not within Larian's possession, custody or control.

6         Subject to the foregoing, Larian will produce all documents pertaining

7    to work performed prior to January 1, 2001 and all documents pertaining to work

8    related to Bratz or Angel performed prior to December 31, 2001 within his

9    possession, custody, or control that are responsive to the request, if any, and that

10   have not already been produced, that he discovers in the course of his reasonable

11   search and diligent inquiry, which are within the permissible scope of discovery,

12   and to which no privilege or other protection applies, including without limitation,

13   the attorney-client privilege or attorney's work product doctrine.

14   **REQUEST FOR PRODUCTION NO. 95:**

15        All DOCUMENTS RELATING TO any payments of money or the

16   transfer of anything of value to David Dees or her FAMILY MEMBERS.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

18        Larian incorporates by reference the above-stated general objections as

19   if fully set forth herein.  Larian also specifically objects to this request on the

20   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21   information not relevant to the subject matter of this lawsuit or reasonably

22   calculated to lead to the discovery of admissible evidence.  Larian also objects to

23   this request on the grounds that it is overbroad, unlimited as to time, and unduly

24   burdensome and oppressive.  Larian also objects to this request on the grounds that

25   it seeks information in violation of the right of privacy.  Larian also objects to this

26   request on the grounds that it seeks confidential, proprietary or commercially

27   sensitive information, the disclosure of which would be inimical to the business

28   interests of Larian and one or more third parties.  Larian also objects to this request


EXHIBIT 6
PAGE 469

- 103 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  to the extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege.  Larian also objects to this request

4  to the extent it seeks documents not within Larian's possession, custody or control.

5          Subject to the foregoing, Larian will produce all documents pertaining

6  to work performed prior to January 1, 2001 and all documents pertaining to work

7  related to Bratz or Angel performed prior to December 31, 2001 within his

8  possession, custody, or control that are responsive to the request, if any, and that

9  have not already been produced, that he discovers in the course of his reasonable

10  search and diligent inquiry, which are within the permissible scope of discovery,

11  and to which no privilege or other protection applies, including without limitation,

12  the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 96:**

14          All DOCUMENTS RELATING TO any actual, potential, proposed,

15  considered or contemplated agreement or contract between YOU or MGA and

16  Steve Linker, including without limitation all drafts thereof and amendments,

17  modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also objects to

24  this request on the grounds that it seeks information in violation of the right of

25  privacy.  Larian also objects to this request on the grounds that it is overbroad,

26  unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

27  this request on the grounds that it seeks confidential, proprietary or commercially

28  sensitive information, the disclosure of which would be inimical to the business

EXHIBIT 6

PAGE 470

- 104 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    interests of Larian and one or more third parties.  Larian also objects to this request

2    to the extent it calls for the disclosure of attorney-client privileged information or

3    information protected from disclosure by the work-product doctrine, joint defense

4    or common interest privilege, or other privilege.  Larian also objects to this request

5    to the extent it seeks documents not within Larian's possession, custody or control.

6         Subject to the foregoing, Larian will produce all documents pertaining

7    to work performed prior to January 1, 2001 and all documents pertaining to work

8    related to Bratz or Angel performed prior to December 31, 2001 within his

9    possession, custody, or control that are responsive to the request, if any, and that

10   have not already been produced, that he discovers in the course of his reasonable

11   search and diligent inquiry, which are within the permissible scope of discovery,

12   and to which no privilege or other protection applies, including without limitation,

13   the attorney-client privilege or attorney's work product doctrine.

14   **REQUEST FOR PRODUCTION NO. 97:**

15        All DOCUMENTS RELATING TO any actual, potential, proposed,

16   considered or contemplated agreement or contract between YOU or MGA and Liz

17   Hogan, including without limitation all drafts thereof and amendments,

18   modifications and revisions thereto, and all COMMUNICATIONS relating thereto.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

20        Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein.  Larian also specifically objects to this request on the

22   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence.  Larian also objects to

25   this request on the grounds that it seeks information in violation of the right of

26   privacy.  Larian also objects to this request on the grounds that it is overbroad,

27   unlimited as to time, and unduly burdensome and oppressive.  Larian also objects to

28   this request on the grounds that it seeks confidential, proprietary or commercially

- 105 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 471

1  sensitive information, the disclosure of which would be inimical to the business

2  interests of Larian and one or more third parties.  Larian also objects to this request

3  to the extent it calls for the disclosure of attorney-client privileged information or

4  information protected from disclosure by the work-product doctrine, joint defense

5  or common interest privilege, or other privilege.  Larian also objects to this request

6  to the extent it seeks documents not within Larian's possession, custody or control.

7       Subject to the foregoing, Larian will produce all documents pertaining

8  to work performed prior to January 1, 2001 and all documents pertaining to work

9  related to Bratz or Angel performed prior to December 31, 2001 within his

10  possession, custody, or control that are responsive to the request, if any, and that

11  have not already been produced, that he discovers in the course of his reasonable

12  search and diligent inquiry, which are within the permissible scope of discovery,

13  and to which no privilege or other protection applies, including without limitation,

14  the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 17:**

16       All DOCUMENTS RELATING TO DESIGNS produced, prepared,

17  created, authored, conceived of or reduced to practice prior to December 31, 2001

18  by Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy),

19  whether alone or jointly with others, in which YOU or MGA have purported at any

20  time to purchase, acquire or own any right, title or interest (whether in whole or in

21  part).

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

23       Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request to the extent

25  it seeks information not relevant or reasonably calculated to lead to the discovery of

26  admissible evidence and is, thus, overbroad, including, without limitation, seeking

27  documents relating to any designs produced, prepared, created, authored, conceived

28  of or reduced to practice prior to December 31, 2001, by Margaret Leahy, and is

EXHIBIT **6**

PAGE **472**

- 106 -

1  therefore not limited to those designs that may be at issue in this litigation.  Larian

2  also objects to this request on the grounds that it seeks confidential, proprietary or

3  commercially sensitive information, the disclosure of which would be inimical to

4  the business interests of Larian and one or more third parties.  Larian further objects

5  to this request to the extent it seeks information the disclosure of which would

6  implicate the rights of third parties to protect private, confidential, proprietary or

7  trade secret information.  Larian also objects to this request to the extent it calls for

8  the disclosure of attorney-client privileged information or information protected

9  from disclosure by the work-product doctrine, joint defense or common interest

10  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

11  documents not within Larian's possession, custody or control.

12          Subject to the foregoing, Larian will produce all documents pertaining

13  to work performed prior to January 1, 2001 and all documents pertaining to work

14  related to Bratz or Angel performed prior to December 31, 2001 within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, which are within the permissible scope of discovery,

18  and to which no privilege or other protection applies, including without limitation,

19  the attorney-client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 99:**

21          All DOCUMENTS RELATING TO DESIGNS produced, prepared,

22  created, authored, conceived of or reduced to practice prior to December 31, 2001

23  by Anna Rhee, whether alone or jointly with others, in which YOU or MGA have

24  purported at any time to purchase, acquire or own any right, title or interest

25  (whether in whole or in part).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

27          Larian incorporates by reference the above-stated general objections as

28  if fully set forth herein.  Larian also specifically objects to this request to the extent

EXHIBIT  6

PAGE  473

- 107 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    it seeks information not relevant or reasonably calculated to lead to the discovery of

2    admissible evidence and is, thus, overbroad, including, without limitation, seeking

3    documents relating to any designs produced, prepared, created, authored, conceived

4    of or reduced to practice prior to December 31, 2001, by Anna Rhee, and is

5    therefore not limited to those designs that may be at issue in this litigation.  Larian

6    also objects to this request on the grounds that it seeks confidential, proprietary or

7    commercially sensitive information, the disclosure of which would be inimical to

8    the business interests of Larian and one or more third parties.  Larian further objects

9    to this request to the extent it seeks information the disclosure of which would

10   implicate the rights of third parties to protect private, confidential, proprietary or

11   trade secret information.  Larian also objects to this request to the extent it calls for

12   the disclosure of attorney-client privileged information or information protected

13   from disclosure by the work-product doctrine, joint defense or common interest

14   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

15   documents not within Larian's possession, custody or control.

16              Subject to the foregoing, Larian will produce all documents pertaining

17   to work performed prior to January 1, 2001 and all documents pertaining to work

18   related to Bratz or Angel performed prior to December 31, 2001 within his

19   possession, custody, or control that are responsive to the request, if any, and that

20   have not already been produced, that he discovers in the course of his reasonable

21   search and diligent inquiry, which are within the permissible scope of discovery,

22   and to which no privilege or other protection applies, including without limitation,

23   the attorney-client privilege or attorney's work product doctrine.

24   **REQUEST FOR PRODUCTION NO. 100:**

25              All DOCUMENTS RELATING TO DESIGNS produced, prepared,

26   created, authored, conceived of or reduced to practice prior to January 1, 2001 by

27   Veronica Marlow, whether alone or jointly with others, in which YOU or MGA

28   have purported at any time to purchase, acquire or own any right, title or interest

- 108 -

EXHIBIT 6
PAGE 474

1    (whether in whole or in part).

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

3               Larian incorporates by reference the above-stated general objections as

4    if fully set forth herein.  Larian also specifically objects to this request to the extent

5    it seeks information not relevant or reasonably calculated to lead to the discovery of

6    admissible evidence and is, thus, overbroad, including, without limitation, seeking

7    documents relating to any designs produced, prepared, created, authored, conceived

8    of or reduced to practice prior to January 1, 2001, by Veronica Marlow, and is

9    therefore not limited to those designs that may be at issue in this litigation.  Larian

10   also objects to this request on the grounds that it seeks confidential, proprietary or

11   commercially sensitive information, the disclosure of which would be inimical to

12   the business interests of Larian and one or more third parties.  Larian further objects

13   to this request to the extent it seeks information the disclosure of which would

14   implicate the rights of third parties to protect private, confidential, proprietary or

15   trade secret information.  Larian also objects to this request to the extent it calls for

16   the disclosure of attorney-client privileged information or information protected

17   from disclosure by the work-product doctrine, joint defense or common interest

18   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

19   documents not within Larian's possession, custody or control.

20              Subject to the foregoing, Larian will produce all documents pertaining

21   to work performed prior to January 1, 2001 and all documents pertaining to work

22   related to Bratz or Angel performed prior to December 31, 2001 within his

23   possession, custody, or control that are responsive to the request, if any, and that

24   have not already been produced, that he discovers in the course of his reasonable

25   search and diligent inquiry, which are within the permissible scope of discovery,

26   and to which no privilege or other protection applies, including without limitation,

27   the attorney-client privilege or attorney's work product doctrine.

28



EXHIBIT __6__

PAGE __475__

- 109 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**REQUEST FOR PRODUCTION NO. 101:**

All DOCUMENTS RELATING TO DESIGNS produced, prepared, created, authored, conceived of or reduced to practice by Elise Cloonan, whether alone or jointly with others, in which YOU or MGA have purported at any time to purchase, acquire or own any right, title or interest (whether in whole or in part).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request to the extent it seeks information not relevant or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad, including, without limitation, seeking documents relating to any designs produced, prepared, created, authored, conceived of or reduced to practice by Elise Cloonan, and is therefore not limited as to time or as to those designs that may be at issue in this litigation. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents pertaining to work performed prior to January 1, 2001 and all documents pertaining to work related to Bratz or Angel performed prior to December 31, 2001 within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable



EXHIBIT 6

PAGE 476

- 110 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  search and diligent inquiry, which are within the permissible scope of discovery,

2  and to which no privilege or other protection applies, including without limitation,

3  the attorney-client privilege or attorney's work product doctrine..

4  **REQUEST FOR PRODUCTION NO. 102:**

5      All DOCUMENTS prepared, written, transmitted or received (whether

6  in whole or in part) prior to January 1, 2001 RELATING TO ANGEL.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

8      Larian incorporates by reference the above-stated general objections as

9  if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also specifically

13  objects to this request on the grounds that it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to

15  the business interests of Larian.  Larian also objects to this request to the extent it

16  calls for the disclosure of attorney-client privileged information or information

17  protected from disclosure by the work-product doctrine, joint defense or common

18  interest privilege, or other privilege.  Larian also objects to this request to the extent

19  it seeks documents not within Larian's possession, custody or control.

20      Subject to the foregoing, Larian will produce all documents within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he discovers in the course of his reasonable

23  search and diligent inquiry, which are within the permissible scope of discovery,

24  and to which no privilege or other protection applies, including without limitation,

25  the attorney-client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 103:**

27      All DOCUMENTS RELATING TO ANGEL RELATING TO any

28  time prior to January 1, 2001 (regardless of when such document was prepared,

EXHIBIT **6**

PAGE **477**

- 111 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  written, transmitted or received, whether in whole or in part).

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

3        Larian incorporates by reference the above-stated general objections as

4  if fully set forth herein.  Larian also specifically objects to this request on the

5  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

6  information not relevant to the subject matter of this lawsuit or reasonably

7  calculated to lead to the discovery of admissible evidence.  Larian also specifically

8  objects to this request in the grounds that it is vague, ambiguous and unintelligible,

9  particularly in its use of the phrase "relating to Angel relating to ay time prior to

10  January 1, 2001."  Larian also objects to this request on the grounds that it seeks

11  confidential, proprietary or commercially sensitive information, the disclosure of

12  which would be inimical to the business interests of Larian and one or more third

13  parties.  Larian also objects to this request to the extent it calls for the disclosure of

14  attorney-client privileged information or information protected from disclosure by

15  the work-product doctrine, joint defense or common interest privilege, or other

16  privilege.  Larian also objects to this request to the extent it seeks documents not

17  within Larian's possession, custody or control.

18        Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, which are within the permissible scope of discovery,

22  and to which no privilege or other protection applies, including without limitation,

23  the attorney-client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 104:**

25        All DOCUMENTS, including without limitation all

26  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

27  any agreement or contract between Margaret Hatch (also known as Margaret Leahy

28  and/or Margaret Hatch-Leahy) and MATTEL.

EXHIBIT **6**

PAGE **478**

- 112 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all communications between Larian or MGA and any person and without limitation as to time. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 105:**

All DOCUMENTS, including without limitation all

EXHIBIT 6

PAGE 479

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

2   any agreement or contract between Kami Gillmour and MATTEL.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

4     Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also objects to

9   this request on the grounds that it seeks information in violation of the right of

10  privacy.  Larian also objects to this request on the grounds that it is overbroad,

11  unduly burdensome, and oppressive in seeking all communications between Larian

12  or MGA and any person and without limitation as to time.  Larian also objects to

13  this request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian and one or more third parties.  Larian also objects to this request

16  to the extent it seeks information the disclosure of which would implicate the rights

17  of third parties to protect private, confidential, proprietary or trade secret

18  information.  Larian also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest

21  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

22  documents not within Larian's possession, custody or control.

23    Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, which are within the permissible scope of discovery,

27  and to which no privilege or other protection applies, including without limitation,

28  the attorney-client privilege or attorney's work product doctrine.

EXHIBIT 6

PAGE 480

- 114 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   **REQUEST FOR PRODUCTION NO. 106:**

2          All DOCUMENTS, including without limitation all

3   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

4   any agreement or contract between Paula Garcia and MATTEL.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

6          Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein. Larian also specifically objects to this request on the

8   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably

10  calculated to lead to the discovery of admissible evidence. Larian also objects to

11  this request on the grounds that it seeks information in violation of the right of

12  privacy. Larian also objects to this request on the grounds that it is overbroad,

13  unduly burdensome, and oppressive in seeking all communications between Larian

14  or MGA and any person and without limitation as to time. Larian also objects to

15  this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties. Larian also objects to this request

18  to the extent it seeks information the disclosure of which would implicate the rights

19  of third parties to protect private, confidential, proprietary or trade secret

20  information. Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege. Larian also objects to this request to the extent it seeks

24  documents not within Larian's possession, custody or control.

25          Subject to the foregoing, Larian will produce all documents within his

26  possession, custody, or control that are responsive to the request, if any, and that

27  have not already been produced, that he discovers in the course of his reasonable

28  search and diligent inquiry, which are within the permissible scope of discovery,

EXHIBIT   6

PAGE   481

- 115 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    and to which no privilege or other protection applies, including without limitation,

2    the attorney-client privilege or attorney's work product doctrine.

3    **REQUEST FOR PRODUCTION NO. 107:**

4         All DOCUMENTS, including without limitation all

5    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

6    any agreement or contract between Mercedeh Ward and MATTEL.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

8         Larian incorporates by reference the above-stated general objections as

9    if fully set forth herein.  Larian also specifically objects to this request on the

10   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably

12   calculated to lead to the discovery of admissible evidence.  Larian also objects to

13   this request on the grounds that it seeks information in violation of the right of

14   privacy.  Larian also objects to this request on the grounds that it is overbroad,

15   unduly burdensome, and oppressive in seeking all communications between Larian

16   or MGA and any person and without limitation as to time.  Larian also objects to

17   this request on the grounds that it seeks confidential, proprietary or commercially

18   sensitive information, the disclosure of which would be inimical to the business

19   interests of Larian and one or more third parties.  Larian also objects to this request

20   to the extent it seeks information the disclosure of which would implicate the rights

21   of third parties to protect private, confidential, proprietary or trade secret

22   information.  Larian also objects to this request to the extent it calls for the

23   disclosure of attorney-client privileged information or information protected from

24   disclosure by the work-product doctrine, joint defense or common interest

25   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

26   documents not within Larian's possession, custody or control.

27        Subject to the foregoing, Larian will produce all documents within his

28   possession, custody, or control that are responsive to the request, if any, and that

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **6**

PAGE **482**

1   have not already been produced, that he discovers in the course of his reasonable

2   search and diligent inquiry, which are within the permissible scope of discovery,

3   and to which no privilege or other protection applies, including without limitation,

4   the attorney-client privilege or attorney's work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 108:**

6          All DOCUMENTS, including without limitation all

7   COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

8   any agreement or contract between Jessie Ramirez and MATTEL.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

10          Larian incorporates by reference the above-stated general objections as

11   if fully set forth herein.  Larian also specifically objects to this request on the

12   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably

14   calculated to lead to the discovery of admissible evidence.  Larian also objects to

15   this request on the grounds that it seeks information in violation of the right of

16   privacy.  Larian also objects to this request on the grounds that it is overbroad,

17   unduly burdensome, and oppressive in seeking all communications between Larian

18   or MGA and any person and without limitation as to time.  Larian also objects to

19   this request on the grounds that it seeks confidential, proprietary or commercially

20   sensitive information, the disclosure of which would be inimical to the business

21   interests of Larian and one or more third parties.  Larian also objects to this request

22   to the extent it seeks information the disclosure of which would implicate the rights

23   of third parties to protect private, confidential, proprietary or trade secret

24   information.  Larian also objects to this request to the extent it calls for the

25   disclosure of attorney-client privileged information or information protected from

26   disclosure by the work-product doctrine, joint defense or common interest

27   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

28   documents not within Larian's possession, custody or control.

EXHIBIT  6

PAGE  483

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Subject to the foregoing, Larian will produce all documents within his
2    possession, custody, or control that are responsive to the request, if any, and that
3    have not already been produced, that he discovers in the course of his reasonable
4    search and diligent inquiry, which are within the permissible scope of discovery,
5    and to which no privilege or other protection applies, including without limitation,
6    the attorney-client privilege or attorney's work product doctrine.

7    **REQUEST FOR PRODUCTION NO. 18:**

8    All DOCUMENTS, including without limitation all
9    COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO
10   any agreement or contract between Billy Ragsdale and MATTEL.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

12   Larian incorporates by reference the above-stated general objections as
13   if fully set forth herein. Larian also specifically objects to this request on the
14   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks
15   information not relevant to the subject matter of this lawsuit or reasonably
16   calculated to lead to the discovery of admissible evidence. Larian also objects to
17   this request on the grounds that it seeks information in violation of the right of
18   privacy. Larian also objects to this request on the grounds that it is overbroad,
19   unduly burdensome, and oppressive in seeking all communications between Larian
20   or MGA and any person and without limitation as to time. Larian also objects to
21   this request on the grounds that it seeks confidential, proprietary or commercially
22   sensitive information, the disclosure of which would be inimical to the business
23   interests of Larian and one or more third parties. Larian also objects to this request
24   to the extent it seeks information the disclosure of which would implicate the rights
25   of third parties to protect private, confidential, proprietary or trade secret
26   information. Larian also objects to this request to the extent it calls for the
27   disclosure of attorney-client privileged information or information protected from
28   disclosure by the work-product doctrine, joint defense or common interest

EXHIBIT **6**

PAGE **484**

- 118 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

2  documents not within Larian's possession, custody or control.

3       Subject to the foregoing, Larian will produce all documents within his

4  possession, custody, or control that are responsive to the request, if any, and that

5  have not already been produced, that he discovers in the course of his reasonable

6  search and diligent inquiry, which are within the permissible scope of discovery,

7  and to which no privilege or other protection applies, including without limitation,

8  the attorney-client privilege or attorney's work product doctrine.

9  **REQUEST FOR PRODUCTION NO. 110:**

10       All DOCUMENTS, including without limitation all

11  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

12  any agreement or contract between Wendy Ragsdale and MATTEL.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

14       Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence.  Larian also objects to

19  this request on the grounds that it seeks information in violation of the right of

20  privacy.  Larian also objects to this request on the grounds that it is overbroad,

21  unduly burdensome, and oppressive in seeking all communications between Larian

22  or MGA and any person and without limitation as to time.  Larian also objects to

23  this request on the grounds that it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of Larian and one or more third parties.  Larian also objects to this request

26  to the extent it seeks information the disclosure of which would implicate the rights

27  of third parties to protect private, confidential, proprietary or trade secret

28  information.  Larian also objects to this request to the extent it calls for the

EXHIBIT _6_

PAGE _485_

- 119 -

1  disclosure of attorney-client privileged information or information protected from

2  disclosure by the work-product doctrine, joint defense or common interest

3  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

4  documents not within Larian's possession, custody or control.

5           Subject to the foregoing, Larian will produce all documents within his

6  possession, custody, or control that are responsive to the request, if any, and that

7  have not already been produced, that he discovers in the course of his reasonable

8  search and diligent inquiry, which are within the permissible scope of discovery,

9  and to which no privilege or other protection applies, including without limitation,

10  the attorney-client privilege or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 111:**

12           All DOCUMENTS, including without limitation all

13  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

14  any agreement or contract between Veronica Marlow and MATTEL.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

16           Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence.  Larian also objects to

21  this request on the grounds that it seeks information in violation of the right of

22  privacy.  Larian also objects to this request on the grounds that it is overbroad,

23  unduly burdensome, and oppressive in seeking all communications between Larian

24  or MGA and any person and without limitation as to time.  Larian also objects to

25  this request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties.  Larian also objects to this request

28  to the extent it seeks information the disclosure of which would implicate the rights

EXHIBIT  6

PAGE  486

- 120 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  of third parties to protect private, confidential, proprietary or trade secret

2  information.  Larian also objects to this request to the extent it calls for the

3  disclosure of attorney-client privileged information or information protected from

4  disclosure by the work-product doctrine, joint defense or common interest

5  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

6  documents not within Larian's possession, custody or control.

7        Subject to the foregoing, Larian will produce all documents within his

8  possession, custody, or control that are responsive to the request, if any, and that

9  have not already been produced, that he discovers in the course of his reasonable

10  search and diligent inquiry, which are within the permissible scope of discovery,

11  and to which no privilege or other protection applies, including without limitation,

12  the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 112:**

14        To the extent not covered by other Requests, all DOCUMENTS,

15  including without limitation all COMMUNICATIONS between YOU or MGA and

16  any PERSON, RELATING TO any agreement or contract between MATTEL, on

17  the one hand, and any former employee of MATTEL who has been hired,

18  considered, solicited or interviewed for any position or potential position or

19  employment by YOU or MGA.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

21        Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request on the grounds that it seeks information in violation of the right of

27  privacy.  Larian also objects to this request on the grounds that it is overbroad,

28  unduly burdensome, and oppressive.  Larian also objects to this request on the

- 121 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6
PAGE 487

1    grounds that it seeks confidential, proprietary or commercially sensitive

2    information, the disclosure of which would be inimical to the business interests of

3    Larian and one or more third parties. Larian also objects to this request to the

4    extent it seeks information the disclosure of which would implicate the rights of

5    third parties to protect private, confidential, proprietary or trade secret information.

6    Larian also objects to this request to the extent it calls for the disclosure of attorney-

7    client privileged information or information protected from disclosure by the work-

8    product doctrine, joint defense or common interest privilege, or other privilege.

9    Larian also objects to this request to the extent it seeks documents not within

10    Larian's possession, custody or control.

11            Subject to the foregoing, Larian will produce all documents within his

12    possession, custody, or control that are responsive to the request, if any, and that

13    have not already been produced, that he discovers in the course of his reasonable

14    search and diligent inquiry, which are within the permissible scope of discovery,

15    and to which no privilege or other protection applies, including without limitation,

16    the attorney-client privilege or attorney's work product doctrine.

17    **REQUEST FOR PRODUCTION NO. 113:**

18            All COMMUNICATIONS between YOU or MGA and Anne Wang.

19    **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

20            Larian incorporates by reference the above-stated general objections as

21    if fully set forth herein. Larian also specifically objects to this request on the

22    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23    information not relevant to the subject matter of this lawsuit or reasonably

24    calculated to lead to the discovery of admissible evidence. Larian also objects to

25    this request on the grounds that it is overbroad, unduly burdensome, and oppressive

26    in seeking all communications between Larian or MGA and Anne Wang, regardless

27    of subject matter and without limitation as to time. Larian also objects to this

28    request on the grounds that it seeks confidential, proprietary or commercially

EXHIBIT **6**

PAGE **488**

- 122 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   sensitive information, the disclosure of which would be inimical to the business

2   interests of Larian and one or more third parties.  Larian also objects to this request

3   to the extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense

5   or common interest privilege, or other privilege.

6           Subject to the foregoing, Larian will produce all documents relating to

7   Bratz, Angel, or Bryant within his possession, custody, or control that are

8   responsive to the request, if any, and that have not already been produced, that he

9   discovers in the course of his reasonable search and diligent inquiry, which are

10  within the permissible scope of discovery, and to which no privilege or other

11  protection applies, including without limitation, the attorney-client privilege or

12  attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 114:**

14          All DOCUMENTS, including without limitation all

15  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

16  Anne Wang.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

18          Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also objects to

23  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

24  in seeking all communications relating to Anne Wang between Larian or MGA and

25  any person, without limitation as to time.  Larian also objects to this request on the

26  grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties.  Larian also objects to this request to the

EXHIBIT 6

PAGE 489

- 123 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege.

4     Subject to the foregoing, Larian will produce all documents relating to

5  Bratz, Angel, or Bryant within his possession, custody, or control that are

6  responsive to the request, if any, and that have not already been produced, that he

7  discovers in the course of his reasonable search and diligent inquiry, which are

8  within the permissible scope of discovery, and to which no privilege or other

9  protection applies, including without limitation, the attorney-client privilege or

10  attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 115:**

12     All DOCUMENTS, including without limitation all

13  COMMUNICATIONS between YOU or MGA and any PERSON, RELATING TO

14  Brooke Gilbert.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

16     Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein. Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence. Larian also objects to

21  this request on the grounds that it is overbroad, unduly burdensome, and oppressive

22  in seeking all communications relating to Brooke Gilbert between Larian or MGA

23  and any person, without limitation as to time. Larian also objects to this request on

24  the grounds that it seeks confidential, proprietary or commercially sensitive

25  information, the disclosure of which would be inimical to the business interests of

26  Larian and one or more third parties. Larian also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense

EXHIBIT __6__

PAGE __490__

- 124 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 | or common interest privilege, or other privilege.

2 |         Subject to the foregoing, Larian will produce all documents relating to

3 | Bratz, Angel, or Bryant within his possession, custody, or control that are

4 | responsive to the request, if any, and that have not already been produced, that he

5 | discovers in the course of his reasonable search and diligent inquiry, which are

6 | within the permissible scope of discovery, and to which no privilege or other

7 | protection applies, including without limitation, the attorney-client privilege or

8 | attorney's work product doctrine.

9 | **REQUEST FOR PRODUCTION NO. 116:**

10 |         All COMMUNICATIONS between YOU or MGA and BRYANT

11 | RELATING TO MATTEL or any officer, director, employee or representative of

12 | MATTEL.

13 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

14 |         Larian incorporates by reference the above-stated general objections as

15 | if fully set forth herein.  Larian also specifically objects to this request on the

16 | grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17 | information not relevant to the subject matter of this lawsuit or reasonably

18 | calculated to lead to the discovery of admissible evidence.  Larian also objects to

19 | this request on the grounds that it is unlimited in time and subject matter and is,

20 | thus, overbroad, unduly burdensome and oppressive, including, without limitation,

21 | in calling for communications exchanged between Larian or any person at MGA

22 | and Bryant on any subject matter relating in any way to Mattel.  Larian also objects

23 | to this request on the grounds that it is overbroad, without limitation, in potentially

24 | extending to communications that any of MGA's employees, agents or

25 | representatives may have exchanged with Bryant that refer or relate to Mattel or

26 | any of its officers, directors, employees, or representatives, regardless of whether

27 | any such person was employed by Mattel at the time of the communication, and

28 | which communication may be unrelated in any way to the subject matter of this

EXHIBIT 6
PAGE 491
- 125 -
LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

lawsuit, Larian, MGA, MGA's business or may, indeed, have occurred when none of the parties to the communications worked for or on behalf of MGA.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 117:**

All declarations, affidavits and other sworn written statements of any other type or form by any PERSON RELATING TO BRATZ (other than those previously filed and served in this ACTION), including all such declarations, affidavits and other sworn written statements of any other type or form by or on behalf of YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT 6

PAGE 492

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence. Larian also specifically

2   objects to this request on the grounds that it is overbroad, unduly burdensome and

3   oppressive including, without limitation, in calling for all declarations, affidavits

4   and other sworn written statements relating to Bratz but not otherwise limited as to

5   subject matter, and not limited in any way as to time. Larian also objects to this

6   request on the grounds that it seeks information that is already known to Mattel

7   and/or is a matter of public record and/or is equally available to Mattel, and is,

8   therefore, unduly burdensome and oppressive. Larian also objects to this request to

9   the extent that it may seek documents the disclosure of which is or may be

10   governed by court orders. Larian also objects to this request to the extent it seeks

11   information the disclosure of which would implicate the rights of third parties to

12   protect private, confidential, proprietary or trade secret information. Larian also

13   objects to this request to the extent it may seek documents the disclosure of which

14   is or may be protected by contract or agreement. Larian also objects to this request

15   on the grounds that it seeks confidential, proprietary or commercially sensitive

16   information, the disclosure of which would be inimical to the business interests of

17   Larian and one or more third parties. Larian further objects to this request to the

18   extent it seeks information the disclosure of which would implicate the rights of

19   third parties to protect private, confidential, proprietary or trade secret information.

20   Larian also objects to this request to the extent it calls for the disclosure of attorney-

21   client privileged information or information protected from disclosure by the work-

22   product doctrine, joint defense or common interest privilege, or other privilege.

23          Subject to the foregoing, Larian will produce all documents within his

24   possession, custody, or control that are responsive to the request, if any, and that

25   have not already been produced, that he discovers in the course of his reasonable

26   search and diligent inquiry, which are within the permissible scope of discovery,

27   and to which no privilege or other protection applies, including without limitation,

28   the attorney-client privilege or attorney's work product doctrine.

- 127 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT   6

PAGE   493