1   **REQUEST FOR PRODUCTION NO. 118:**

2           All transcripts and video and/or audio recordings of statements made

3   by any PERSON under oath, including without limitation all deposition transcripts,

4   trial transcripts and arbitration transcripts, RELATING TO BRATZ (other than

5   those taken in this ACTION when MATTEL's counsel was in attendance),

6   including all such transcripts and video and/or audio recordings of statements by or

7   on behalf of YOU.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

9           Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12  information not relevant to the subject matter of this lawsuit or reasonably

13  calculated to lead to the discovery of admissible evidence.  Larian also specifically

14  objects to this request on the grounds that it is overbroad, unduly burdensome and

15  oppressive including, without limitation, in calling for all transcripts and video

16  and/or audio recordings of statements made by any person under oath, including

17  without limitation all deposition transcripts, trial transcripts and arbitration

18  transcripts relating to Bratz, but not otherwise limited as to subject matter, and not

19  limited in any way as to time.  Larian also objects to this request on the grounds

20  that it seeks information that is already known to Mattel and/or is a matter of public

21  record and/or is equally available to Mattel, and is, therefore, unduly burdensome

22  and oppressive.  Larian also objects to this request to the extent it may seek

23  documents the disclosure of which is or may be protected by contract or agreement.

24  Larian also objects to this request to the extent that it may seek documents the

25  disclosure of which is or may be governed by court orders.  Larian also objects to

26  this request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

- 128 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **6**

PAGE **494**

1   to the extent it seeks information the disclosure of which would implicate the rights

2   of third parties to protect private, confidential, proprietary or trade secret

3   information.  Larian also objects to this request to the extent it calls for the

4   disclosure of attorney-client privileged information or information protected from

5   disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege.

7        Subject to the foregoing, Larian will produce all documents within his

8   possession, custody, or control that are responsive to the request, if any, and that

9   have not already been produced, that he discovers in the course of his reasonable

10  search and diligent inquiry, which are within the permissible scope of discovery,

11  and to which no privilege or other protection applies, including without limitation,

12  the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 119:**

14        All declarations, affidavits and other sworn written statements of any

15  other type or form by any PERSON RELATING TO ANGEL (other than those

16  previously filed and served in this ACTION), including all such declarations,

17  affidavits and other sworn written statements of any other type or form by or on

18  behalf of YOU.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

20        Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23  information not relevant to the subject matter of this lawsuit or reasonably

24  calculated to lead to the discovery of admissible evidence.  Larian also specifically

25  objects to this request on the grounds that it is overbroad, unduly burdensome and

26  oppressive including, without limitation, in calling for all declarations, affidavits

27  and other sworn written statements relating to Angel but not otherwise limited as to

28  subject matter, and not limited in any way as to time.  Larian also objects to this

EXHIBIT 6
PAGE 495

1   request on the grounds that it seeks information that is already known to Mattel

2   and/or is a matter of public record and/or is equally available to Mattel, and is,

3   therefore, unduly burdensome and oppressive.  Larian also objects to this request to

4   the extent that it may seek documents the disclosure of which is or may be

5   governed by court orders.  Larian also objects to this request to the extent it seeks

6   information the disclosure of which would implicate the rights of third parties to

7   protect private, confidential, proprietary or trade secret information.  Larian also

8   objects to this request to the extent it may seek documents the disclosure of which

9   is or may be protected by contract or agreement.  Larian also objects to this request

10  on the grounds that it seeks confidential, proprietary or commercially sensitive

11  information, the disclosure of which would be inimical to the business interests of

12  Larian and one or more third parties.  Larian further objects to this request to the

13  extent it seeks information the disclosure of which would implicate the rights of

14  third parties to protect private, confidential, proprietary or trade secret information.

15  Larian also objects to this request to the extent it calls for the disclosure of attorney-

16  client privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18          Subject to the foregoing, Larian will produce all documents within his

19  possession, custody, or control that are responsive to the request, if any, and that

20  have not already been produced, that he discovers in the course of his reasonable

21  search and diligent inquiry, which are within the permissible scope of discovery,

22  and to which no privilege or other protection applies, including without limitation,

23  the attorney-client privilege or attorney's work product doctrine.

24  **REQUEST FOR PRODUCTION NO. 120:**

25          All transcripts and video and/or audio recordings of statements made

26  by any PERSON under oath, including without limitation all deposition transcripts,

27  trial transcripts and arbitration transcripts, that RELATING TO ANGEL (other than

28  those taken in this ACTION when Mattel's counsel was in attendance), including

EXHIBIT 6
PAGE 496

- 130 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   all such declarations, affidavits and other sworn written statements of any other

2   type or form by or on behalf of YOU.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

4          Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also specifically

9   objects to this request on the grounds that it is overbroad, unduly burdensome and

10  oppressive including, without limitation, in calling for all transcripts and video

11  and/or audio recordings of statements made by any person under oath, including

12  without limitation all deposition transcripts, trial transcripts and arbitration

13  transcripts relating to Angel, but not otherwise limited as to subject matter, and not

14  limited in any way as to time.  Larian also objects to this request on the grounds

15  that it seeks information that is already known to Mattel and/or is a matter of public

16  record and/or is equally available to Mattel, and is, therefore, unduly burdensome

17  and oppressive.  Larian also objects to this request to the extent it may seek

18  documents the disclosure of which is or may be protected by contract or agreement.

19  Larian also objects to this request to the extent that it may seek documents the

20  disclosure of which is or may be governed by court orders.  Larian also objects to

21  this request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.  Larian also objects to this request

24  to the extent it seeks information the disclosure of which would implicate the rights

25  of third parties to protect private, confidential, proprietary or trade secret

26  information.  Larian also objects to this request to the extent it calls for the

27  disclosure of attorney-client privileged information or information protected from

28  disclosure by the work-product doctrine, joint defense or common interest


EXHIBIT 6
PAGE 497

- 131 -                    LARIAN'S SUPP. RESPONSE TO MATTEL'S
                          1ST SET OF REQUESTS FOR PRODUCTION
                          CV 04-9049 SGL (RNBX)

1  privilege, or other privilege.

2          Subject to the foregoing, Larian will produce all documents within his

3  possession, custody, or control that are responsive to the request, if any, and that

4  have not already been produced, that he discovers in the course of his reasonable

5  search and diligent inquiry, which are within the permissible scope of discovery,

6  and to which no privilege or other protection applies, including without limitation,

7  the attorney-client privilege or attorney's work product doctrine.

8  **REQUEST FOR PRODUCTION NO. 121:**

9          All DOCUMENTS RELATING TO the litigation encaptioned *The*

10 *Ships Carpenter, Inc. v. MGA Entertainment*, filed in Los Angeles Superior Court

11 on or about October 11, 2001, Case Nos. 01S03739 and 01S03740.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

13         Larian incorporates by reference the above-stated general objections as

14 if fully set forth herein.  Larian also specifically objects to this request on the

15 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

16 information not relevant to the subject matter of this lawsuit or reasonably

17 calculated to lead to the discovery of admissible evidence.  Larian also objects to

18 this request on the grounds that it seeks confidential, proprietary or commercially

19 sensitive information, the disclosure of which would be inimical to the business

20 interests of Larian and one or more third parties.  Larian also objects to this request

21 to the extent it calls for the disclosure of attorney-client privileged information or

22 information protected from disclosure by the work-product doctrine, joint defense

23 or common interest privilege, or other privilege.  Larian also objects to this request

24 to the extent it seeks documents not within Larian's possession, custody or control.

25         Subject to the foregoing, Larian will produce all documents within his

26 possession, custody, or control that are responsive to the request, if any, and that

27 have not already been produced, that he discovers in the course of his reasonable

28 search and diligent inquiry, which are within the permissible scope of discovery,

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6
PAGE 498

1   and to which no privilege or other protection applies, including without limitation,

2   the attorney-client privilege or attorney's work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 122:**

4         All DOCUMENTS seen, viewed or reviewed by YOU at any time in

5   preparation for the deposition of YOU that was taken in this ACTION on July 18,

6   2006.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

8         Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably

12  calculated to lead to the discovery of admissible evidence.  Larian also objects to

13  this request on the grounds that it seeks confidential, proprietary or commercially

14  sensitive information, the disclosure of which would be inimical to the business

15  interests of Larian and one or more third parties.  Larian also objects to this request

16  to the extent it calls for the disclosure of attorney-client privileged information or

17  information protected from disclosure by the work-product doctrine, joint defense

18  or common interest privilege, or other privilege.

19        Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, which are within the permissible scope of discovery,

23  and to which no privilege or other protection applies, including without limitation,

24  the attorney-client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 123:**

26        All DOCUMENTS RELATING TO any and all arbitrations and suits

27  between YOU and Farhad Larian.

28



EXHIBIT **6**

PAGE **499**

- 133 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also specifically objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive including, without limitation, in calling for all documents relating to any and all arbitrations and suits between Larian and Farhad Larian, but not otherwise limited as to subject matter or time. Larian also objects to this request on the grounds that it seeks information that is already known to Mattel and/or is a matter of public record and/or is equally available to Mattel, and is, therefore, unduly burdensome and oppressive. Larian also objects to this request to the extent it may seek documents the disclosure of which is or may be protected by contract or agreement. Larian also objects to this request to the extent that it may seek documents the disclosure of which is or may be governed by court orders. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents referring or relating to Bratz within his possession, custody, or control that are responsive to

- 134 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6
PAGE 500

1   the request, if any, and that have not already been produced, that he discovers in the

2   course of his reasonable search and diligent inquiry, which are within the

3   permissible scope of discovery, and to which no privilege or other protection

4   applies, including without limitation, the attorney-client privilege or attorney's

5   work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 124:**

7        All DOCUMENTS filed, submitted or served in the suit and/or

8   arbitration proceedings brought by Farhad Larian against YOU, including without

9   limitation all declarations, affidavits, transcripts, video and/or audio recordings and

10  sworn testimony given by any PERSON in such suit or arbitration proceedings.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

12       Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian and one or more third parties.  Larian also objects to this request

20  to the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.

23       Subject to the foregoing, Larian will produce all documents referring

24  or relating to Bratz within his possession, custody, or control that are responsive to

25  the request, if any, and that have not already been produced, that he discovers in the

26  course of his reasonable search and diligent inquiry, which are within the

27  permissible scope of discovery, and to which no privilege or other protection

28  applies, including without limitation, the attorney-client privilege or attorney's

EXHIBIT __6__

PAGE __501__

- 135 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   work product doctrine.

2   **REQUEST FOR PRODUCTION NO. 125:**

3   　　　　All DOCUMENTS RELATING TO any and all settlements

4   resolutions or compromises of any suit and/or arbitration proceedings between

5   YOU and Farhad Larian.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

7   　　　　Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also specifically

12  objects to this request on the grounds that it is overbroad, unduly burdensome and

13  oppressive including, without limitation, in calling for all transcripts and video

14  and/or audio recordings of statements made by any person under oath, including

15  without limitation all deposition transcripts, trial transcripts and arbitration

16  transcripts relating to any suit and/or arbitration proceedings between Larian and

17  Farhad Larian, but not otherwise limited as to subject matter, and not limited in any

18  way as to time.  Larian also objects to this request on the grounds that it seeks

19  information that is already known to Mattel and/or is a matter of public record

20  and/or is equally available to Mattel, and is, therefore, unduly burdensome and

21  oppressive.  Larian also objects to this request to the extent it may seek documents

22  the disclosure of which is or may be protected by contract or agreement.  Larian

23  also objects to this request to the extent that it may seek documents the disclosure

24  of which is or may be governed by court orders.  Larian also objects to this request

25  on the grounds that it seeks confidential, proprietary or commercially sensitive

26  information, the disclosure of which would be inimical to the business interests of

27  Larian and one or more third parties.  Larian also objects to this request to the

28  extent it seeks information the disclosure of which would implicate the rights of

- 136 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 502

1   third parties to protect private, confidential, proprietary or trade secret information.

2   Larian also objects to this request to the extent it calls for the disclosure of attorney-

3   client privileged information or information protected from disclosure by the work-

4   product doctrine, joint defense or common interest privilege, or other privilege.

5        Subject to the foregoing, Larian will produce all documents referring

6   or relating to Bratz within his possession, custody, or control that are responsive to

7   the request, if any, and that have not already been produced, that he discovers in the

8   course of his reasonable search and diligent inquiry, which are within the

9   permissible scope of discovery, and to which no privilege or other protection

10  applies, including without limitation, the attorney-client privilege or attorney's

11  work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 126:**

13        All contracts or agreements between YOU or MGA and Farhad Larian.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

15        Larian incorporates by reference the above-stated general objections as

16  if fully set forth herein.  Larian also specifically objects to this request on the

17  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably

19  calculated to lead to the discovery of admissible evidence.  Larian also objects to

20  this request on the grounds that it is overbroad, unlimited as to time, and unduly

21  burdensome and oppressive.  Larian also objects to this request on the grounds that

22  it seeks confidential, proprietary or commercially sensitive information, the

23  disclosure of which would be inimical to the business interests of Larian and one or

24  more third parties.  Larian also objects to this request to the extent it calls for the

25  disclosure of attorney-client privileged information or information protected from

26  disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege.

28        Subject to the foregoing, Larian will produce all documents within his

EXHIBIT __6__        - 137 -        LARIAN'S SUPP. RESPONSE TO MATTEL'S
                                     1ST SET OF REQUESTS FOR PRODUCTION
PAGE __503__                         CV 04-9049 SGL (RNBX)

1   possession, custody, or control that are responsive to the request, if any, and that

2   have not already been produced, that he discovers in the course of his reasonable

3   search and diligent inquiry, which are within the permissible scope of discovery,

4   and to which no privilege or other protection applies, including without limitation,

5   the attorney-client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 127:**

7           All COMMUNICATIONS RELATING TO BRATZ between YOU or

8   MGA and Farhad Larian.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

10          Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably

14  calculated to lead to the discovery of admissible evidence.  Larian also specifically

15  objects to this request on the grounds that it is overbroad, unlimited as to time, and

16  unduly burdensome and oppressive.  Larian also objects to this request on the

17  grounds that it seeks confidential, proprietary or commercially sensitive

18  information, the disclosure of which would be inimical to the business interests of

19  Larian and one or more third parties.  Larian also objects to this request to the

20  extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.  Larian also objects to this request

23  to the extent it seeks information the disclosure of which would implicate the rights

24  of third parties to protect private, confidential, proprietary or trade secret

25  information.  Larian also objects to this request to the extent it seeks documents not

26  within Larian's possession, custody or control.

27          Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT  **6**

PAGE  **504**

1  have not already been produced, that he discovers in the course of his reasonable

2  search and diligent inquiry, which are within the permissible scope of discovery,

3  and to which no privilege or other protection applies, including without limitation,

4  the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 128:**

6      All DOCUMENTS RELATING TO COMMUNICATIONS between

7  YOU or MGA and Farhad Larian that REFER OR RELATE TO BRATZ, including

8  without limitation all diaries, notes, calendars, logs, phone records and letters, that

9  reflect, record or memorialize or otherwise RELATING TO any such

10  COMMUNICATIONS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

12      Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also objects to

17  this request on the grounds that it seeks confidential, proprietary or commercially

18  sensitive information, the disclosure of which would be inimical to the business

19  interests of Larian and one or more third parties.  Larian also objects to this request

20  to the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense

22  or common interest privilege, or other privilege.

23      Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, and that

25  have not already been produced, that he discovers in the course of his reasonable

26  search and diligent inquiry, which are within the permissible scope of discovery,

27  and to which no privilege or other protection applies, including without limitation,

28  the attorney-client privilege or attorney's work product doctrine.

- 139 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 505

1 **REQUEST FOR PRODUCTION NO. 129:**

2          All COMMUNICATIONS RELATING TO BRYANT between YOU

3 or MGA and Farhad Larian.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

5          Larian incorporates by reference the above-stated general objections as

6 if fully set forth herein.  Larian also specifically objects to this request on the

7 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8 information not relevant to the subject matter of this lawsuit or reasonably

9 calculated to lead to the discovery of admissible evidence.  Larian also specifically

10 objects to this request on the grounds that it is overbroad and seeks information not

11 relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

12 discovery of admissible evidence.  Larian also objects to this request on the grounds

13 that it seeks confidential, proprietary or commercially sensitive information, the

14 disclosure of which would be inimical to the business interests of Larian and one or

15 more third parties.  Larian also objects to this request to the extent it calls for the

16 disclosure of attorney-client privileged information or information protected from

17 disclosure by the work-product doctrine, joint defense or common interest

18 privilege, or other privilege.

19          Subject to the foregoing, Larian will produce all documents within his

20 possession, custody, or control that are responsive to the request, if any, and that

21 have not already been produced, that he discovers in the course of his reasonable

22 search and diligent inquiry, which are within the permissible scope of discovery,

23 and to which no privilege or other protection applies, including without limitation,

24 the attorney-client privilege or attorney's work product doctrine.

25 **REQUEST FOR PRODUCTION NO. 130:**

26          All DOCUMENTS RELATING TO COMMUNICATIONS between

27 YOU or MGA and Farhad Larian that REFER OR RELATE TO BRYANT,

28 including without limitation all diaries, notes, calendars, logs, phone records and


EXHIBIT 6
PAGE 506

- 140 -          LARIAN'S SUPP. RESPONSE TO MATTEL'S 1ST SET OF REQUESTS FOR PRODUCTION CV 04-9049 SGL (RNBX)

1   letters, that reflect, record or memorialize or otherwise RELATING TO any such

2   COMMUNICATIONS.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

4             Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably

8   calculated to lead to the discovery of admissible evidence.  Larian also specifically

9   objects to this request on the grounds that it is overbroad, unduly burdensome and

10  oppressive including, without limitation, in potentially extending to

11  communications that Farhad Larian may have had with any of MGA's hundreds of

12  employees, agents or representatives, and regardless of whether any such

13  communication is related in any way to the subject matter of this lawsuit, MGA, or

14  MGA's business.  Larian also objects to this request on the grounds that it seeks

15  information in violation of the right of privacy.  Larian also objects to this request

16  on the grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian further objects to this request to the

19  extent it seeks information the disclosure of which would implicate the rights of

20  third parties to protect private, confidential, proprietary or trade secret information.

21  Larian also objects to this request to the extent it calls for the disclosure of attorney-

22  client privileged information or information protected from disclosure by the work-

23  product doctrine, joint defense or common interest privilege, or other privilege.

24  Larian also objects to the extent this request seeks documents not in Larian's

25  possession, custody or control.

26            Subject to the foregoing, Larian will produce all documents within his

27  possession, custody, or control that are responsive to the request, if any, and that

28  have not already been produced, that he discovers in the course of his reasonable

EXHIBIT 6

PAGE 507

- 141 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    search and diligent inquiry, which are within the permissible scope of discovery,

2    and to which no privilege or other protection applies, including without limitation,

3    the attorney-client privilege or attorney's work product doctrine.

4    **REQUEST FOR PRODUCTION NO. 131:**

5          All DOCUMENTS RELATING TO any and all payments or transfer

6    of anything of value that YOU or MGA have made, have offered or proposed to

7    make or have promised or agreed to make, to or for the benefit of Farhad Larian or

8    his FAMILY MEMBERS at any time since January 1, 2001.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

10          Larian incorporates by reference the above-stated general objections as

11    if fully set forth herein. Larian also specifically objects to this request on the

12    grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

13    information not relevant to the subject matter of this lawsuit or reasonably

14    calculated to lead to the discovery of admissible evidence. Larian also objects to

15    this request on the grounds that it seeks information in violation of the right of

16    privacy. Larian also objects to this request on the grounds that it seeks confidential,

17    proprietary or commercially sensitive information, the disclosure of which would

18    be inimical to the business interests of Larian and one or more third parties. Larian

19    also objects to this request to the extent it calls for the disclosure of attorney-client

20    privileged information or information protected from disclosure by the work-

21    product doctrine, joint defense or common interest privilege, or other privilege.

22    Larian also objects to this request to the extent it seeks documents not within

23    Larian's possession, custody or control.

24          Subject to the foregoing, Larian will produce all documents within his

25    possession, custody, or control that are responsive to the request, if any, and that

26    have not already been produced, that he discovers in the course of his reasonable

27    search and diligent inquiry, which are within the permissible scope of discovery,

28    and to which no privilege or other protection applies, including without limitation,

EXHIBIT 6    - 142 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

PAGE 507

1   the attorney-client privilege or attorney's work product doctrine.

2   **REQUEST FOR PRODUCTION NO. 132:**

3           All contracts or agreements between YOU or MGA and Morad Zarabi.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

5           Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence.  Larian also objects to

10  this request on the grounds that it seeks information in violation of the right of

11  privacy.  Larian also objects to this request on the grounds that it is overbroad,

12  unduly burdensome, and oppressive in seeking all contracts or agreements between

13  Larian or MGA and Morad Zarabi without limitation as to subject matter or time.

14  Larian also objects to this request on the grounds that it seeks confidential,

15  proprietary or commercially sensitive information, the disclosure of which would

16  be inimical to the business interests of Larian and one or more third parties.  Larian

17  also objects to this request to the extent it calls for the disclosure of attorney-client

18  privileged information or information protected from disclosure by the work-

19  product doctrine, joint defense or common interest privilege, or other privilege.

20          Subject to the foregoing, Larian will produce all documents within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he discovers in the course of his reasonable

23  search and diligent inquiry, which are within the permissible scope of discovery,

24  and to which no privilege or other protection applies, including without limitation,

25  the attorney-client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 133:**

27          All COMMUNICATIONS RELATING TO BRATZ between YOU or

28  MGA and Morad Zarabi.



EXHIBIT **6**

PAGE **508**

- 143 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive, including, without limitation, in that it is unlimited as to time and potentially extends to communications that Morad Zarabi may have had with any of MGA's hundreds of employees, agents or representatives, and regardless of whether any such communication is related in any way to the subject matter of this lawsuit, Larian, MGA, or MGA's business. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. Larian also objects to the extent this request seeks documents not in Larian's possession, custody or control.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation,

1  the attorney-client privilege or attorney's work product doctrine.

2  **REQUEST FOR PRODUCTION NO. 134:**

3      All DOCUMENTS RELATING TO COMMUNICATIONS between

4  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRATZ, including

5  without limitation all diaries, notes, calendars, logs, phone records and letters, that

6  reflect, record or memorialize or otherwise RELATING TO any such

7  COMMUNICATIONS.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

9      Larian incorporates by reference the above-stated general objections as

10 if fully set forth herein.  Larian also specifically objects to this request on the

11 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

12 information not relevant to the subject matter of this lawsuit or reasonably

13 calculated to lead to the discovery of admissible evidence.  Larian also specifically

14 objects to this request on the grounds that it is overbroad, unduly burdensome, and

15 oppressive in that it seeks all documents relating to communications between

16 Larian or MGA and Morad Zarabi that refer or relate to Bratz and is not otherwise

17 limited as to subject matter or time.  Larian also objects to this request on the

18 grounds that it is overbroad, unduly burdensome and oppressive including, without

19 limitation, in potentially extending to communications that Morad Zarabi may have

20 had with any of MGA's hundreds of employees, agents or representatives, and

21 regardless of whether any such communication is related in any way to the subject

22 matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

23 request on the grounds that it seeks information in violation of the right of privacy.

24 Larian also objects to this request on the grounds that it seeks confidential,

25 proprietary or commercially sensitive information, the disclosure of which would

26 be inimical to the business interests of Larian and one or more third parties.  Larian

27 further objects to this request to the extent it seeks information the disclosure of

28 which would implicate the rights of third parties to protect private, confidential,

1   proprietary or trade secret information.  Larian also objects to this request to the

2   extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense

4   or common interest privilege, or other privilege.  Larian also objects to the extent

5   this request seeks documents not in Larian's possession, custody or control.

6           Subject to the foregoing, Larian will produce all documents within his

7   possession, custody, or control that are responsive to the request, if any, and that

8   have not already been produced, that he discovers in the course of his reasonable

9   search and diligent inquiry, which are within the permissible scope of discovery,

10  and to which no privilege or other protection applies, including without limitation,

11  the attorney-client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 135:**

13          All COMMUNICATIONS RELATING TO BRYANT between YOU

14  or MGA and Morad Zarabi.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

16          Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably

20  calculated to lead to the discovery of admissible evidence.  Larian also objects to

21  this request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of Larian and one or more third parties.  Larian also objects to this request

24  to the extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.

27          Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

EXHIBIT __6__

PAGE __511__

- 146 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  have not already been produced, that he discovers in the course of his reasonable

2  search and diligent inquiry, which are within the permissible scope of discovery,

3  and to which no privilege or other protection applies, including without limitation,

4  the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 136:**

6          All DOCUMENTS RELATING TO COMMUNICATIONS between

7  YOU or MGA and Morad Zarabi that REFER OR RELATE TO BRYANT,

8  including without limitation all diaries, notes, calendars, logs, phone records and

9  letters, that reflect, record or memorialize or otherwise RELATING TO any such

10  COMMUNICATIONS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

12          Larian incorporates by reference the above-stated general objections as

13  if fully set forth herein.  Larian also specifically objects to this request on the

14  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably

16  calculated to lead to the discovery of admissible evidence.  Larian also specifically

17  objects to this request on the grounds that it is overbroad, unduly burdensome, and

18  oppressive in that it seeks all documents relating to communications between

19  Larian or MGA and Morad Zarabi that refer or relate to Bryant and is not otherwise

20  limited as to subject matter or time.  Larian also objects to this request on the

21  grounds that it is overbroad, unduly burdensome and oppressive including, without

22  limitation, in potentially extending to communications that Morad Zarabi may have

23  had with any of MGA's hundreds of employees, agents or representatives, and

24  regardless of whether any such communication is related in any way to the subject

25  matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this

26  request on the grounds that it seeks information in violation of the right of privacy.

27  Larian also objects to this request on the grounds that it seeks confidential,

28  proprietary or commercially sensitive information, the disclosure of which would

- 147 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT **6**

PAGE **512**

1  be inimical to the business interests of Larian and one or more third parties.  Larian

2  further objects to this request to the extent it seeks information the disclosure of

3  which would implicate the rights of third parties to protect private, confidential,

4  proprietary or trade secret information.  Larian also objects to this request to the

5  extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense

7  or common interest privilege, or other privilege.  Larian also objects to the extent

8  this request seeks documents not in Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce all documents within his

10  possession, custody, or control that are responsive to the request, if any, and that

11  have not already been produced, that he discovers in the course of his reasonable

12  search and diligent inquiry, which are within the permissible scope of discovery,

13  and to which no privilege or other protection applies, including without limitation,

14  the attorney-client privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 137:**

16          All DOCUMENTS RELATING TO any and all payments or transfer

17  of anything of value that YOU or MGA have made, have offered or proposed to

18  make or have promised or agreed to make, to or for the benefit of Morad Zarabi or

19  his FAMILY MEMBERS at any time since January 1, 2001.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

21          Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein. Larian also specifically objects to this request on the

23  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably

25  calculated to lead to the discovery of admissible evidence.  Larian also objects to

26  this request on the grounds that it seeks information in violation of the right of

27  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

28  proprietary or commercially sensitive information, the disclosure of which would

EXHIBIT __6__

- 148 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   be inimical to the business interests of Larian and one or more third parties.  Larian

2   also objects to this request to the extent it calls for the disclosure of attorney-client

3   privileged information or information protected from disclosure by the work-

4   product doctrine, joint defense or common interest privilege, or other privilege.

5   Larian also objects to this request to the extent it seeks documents not within

6   Larian's possession, custody or control.

7          Subject to the foregoing, Larian will produce all documents within his

8   possession, custody, or control that are responsive to the request, if any, and that

9   have not already been produced, that he discovers in the course of his reasonable

10  search and diligent inquiry, which are within the permissible scope of discovery,

11  and to which no privilege or other protection applies, including without limitation,

12  the attorney-client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 138:**

14          All DOCUMENTS RELATING TO any and all payments or transfers

15  of anything of value that YOU or MGA have made, have offered or proposed to

16  make or have promised or agreed to make, to or for the benefit of BRYANT or his

17  FAMILY MEMBERS.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

19          Larian incorporates by reference the above-stated general objections as

20  if fully set forth herein.  Larian also specifically objects to this request on the

21  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably

23  calculated to lead to the discovery of admissible evidence.  Larian also specifically

24  objects to this request on the grounds that it is overbroad, unlimited as to time, and

25  unduly burdensome and oppressive.  Larian also objects to this request on the

26  grounds that it seeks information in violation of the right of privacy.  Larian also

27  objects to this request on the grounds that it seeks confidential, proprietary or

28  commercially sensitive information, the disclosure of which would be inimical to

EXHIBIT 6

PAGE 514

- 149 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  the business interests of Larian and one or more third parties.  Larian also objects to

2  this request to the extent it calls for the disclosure of attorney-client privileged

3  information or information protected from disclosure by the work-product doctrine,

4  joint defense or common interest privilege, or other privilege.

5         Subject to the foregoing, Larian will produce all documents within his

6  possession, custody, or control that are responsive to the request, if any, and that

7  have not already been produced, that he discovers in the course of his reasonable

8  search and diligent inquiry, which are within the permissible scope of discovery,

9  and to which no privilege or other protection applies, including without limitation,

10  the attorney-client privilege or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 139:**

12         All DOCUMENTS RELATING TO any and all payments or transfers

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Elise Cloonan or

15  her FAMILY MEMBERS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

17         Larian incorporates by reference the above-stated general objections as

18  if fully set forth herein.  Larian also specifically objects to this request on the

19  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably

21  calculated to lead to the discovery of admissible evidence.  Larian also objects to

22  this request on the grounds that it is overbroad, unlimited as to time, and unduly

23  burdensome and oppressive.  Larian also objects to this request on the grounds that

24  it seeks information in violation of the right of privacy.  Larian also objects to this

25  request on the grounds that it seeks confidential, proprietary or commercially

26  sensitive information, the disclosure of which would be inimical to the business

27  interests of Larian and one or more third parties.  Larian also objects to this request

28  to the extent it calls for the disclosure of attorney-client privileged information or


EXHIBIT  6

PAGE  515

- 150 -    LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  information protected from disclosure by the work-product doctrine, joint defense

2  or common interest privilege, or other privilege.

3       Subject to the foregoing, Larian will produce all documents relating to

4  payments made before January 1, 2001 and all documents pertaining to payments

5  related to Bratz or Angel made prior to December 31, 2001 within his possession,

6  custody, or control that are responsive to the request, if any, and that have not

7  already been produced, that he discovers in the course of his reasonable search and

8  diligent inquiry, which are within the permissible scope of discovery, and to which

9  no privilege or other protection applies, including without limitation, the attorney-

10  client privilege or attorney's work product doctrine.

11  **REQUEST FOR PRODUCTION NO. 140:**

12       All DOCUMENTS RELATING TO any and all payments or transfers

13  of anything of value that YOU or MGA have made, have offered or proposed to

14  make or have promised or agreed to make, to or for the benefit of Margaret Hatch

15  (also known as Margaret Leahy and/or Margaret Hatch-Leahy) or her FAMILY

16  MEMBERS.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

18       Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also objects to

23  this request on the grounds that it is overbroad, unlimited as to time, and unduly

24  burdensome and oppressive.  Larian also objects to this request on the grounds that

25  it seeks information in violation of the right of privacy.  Larian also objects to this

26  request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

- 151 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 526

1   to the extent it calls for the disclosure of attorney-client privileged information or

2   information protected from disclosure by the work-product doctrine, joint defense

3   or common interest privilege, or other privilege.

4         Subject to the foregoing, Larian will produce all documents relating to

5   payments made before January 1, 2001 and all documents pertaining to payments

6   related to Bratz or Angel made prior to December 31, 2001 within his possession,

7   custody, or control that are responsive to the request, if any, and that have not

8   already been produced, that he discovers in the course of his reasonable search and

9   diligent inquiry, which are within the permissible scope of discovery, and to which

10  no privilege or other protection applies, including without limitation, the attorney-

11  client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 141:**

13        All DOCUMENTS RELATING TO any and all payments or transfers

14  of anything of value that YOU or MGA have made, have offered or proposed to

15  make or have promised or agreed to make, to or for the benefit of Amy Meyers or

16  her FAMILY MEMBERS.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

18        Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence.  Larian also objects to

23  this request on the grounds that it is overbroad, unlimited as to time, and unduly

24  burdensome and oppressive.  Larian also objects to this request on the grounds that

25  it seeks information in violation of the right of privacy.  Larian also objects to this

26  request on the grounds that it seeks confidential, proprietary or commercially

27  sensitive information, the disclosure of which would be inimical to the business

28  interests of Larian and one or more third parties.  Larian also objects to this request

EXHIBIT __6__

PAGE __517__

- 152 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   to the extent it calls for the disclosure of attorney-client privileged information or

2   information protected from disclosure by the work-product doctrine, joint defense

3   or common interest privilege, or other privilege.

4         Subject to the foregoing, Larian will produce all documents relating to

5   payments made before January 1, 2001 and all documents pertaining to payments

6   related to Bratz or Angel made prior to December 31, 2001 within his possession,

7   custody, or control that are responsive to the request, if any, and that have not

8   already been produced, that he discovers in the course of his reasonable search and

9   diligent inquiry, which are within the permissible scope of discovery, and to which

10   no privilege or other protection applies, including without limitation, the attorney-

11   client privilege or attorney's work product doctrine.

12   **REQUEST FOR PRODUCTION NO. 142:**

13         All DOCUMENTS RELATING TO any and all payments or transfers

14   of anything of value that YOU or MGA have made, have offered or proposed to

15   make or have promised or agreed to make, to or for the benefit of Sarah Halpern or

16   her FAMILY MEMBERS at any time since January 1, 1999.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

18         Larian incorporates by reference the above-stated general objections as

19   if fully set forth herein.  Larian also specifically objects to this request on the

20   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

21   information not relevant to the subject matter of this lawsuit or reasonably

22   calculated to lead to the discovery of admissible evidence.  Larian also objects to

23   this request on the grounds that it seeks information in violation of the right of

24   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

25   proprietary or commercially sensitive information, the disclosure of which would

26   be inimical to the business interests of Larian and one or more third parties.  Larian

27   also objects to this request to the extent it calls for the disclosure of attorney-client

28   privileged information or information protected from disclosure by the work-

EXHIBIT _6_

PAGE _518_

- 153 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    product doctrine, joint defense or common interest privilege, or other privilege.

2              Subject to the foregoing, Larian will produce all documents relating to

3    payments made before January 1, 2001 and all documents pertaining to payments

4    related to Bratz or Angel made prior to December 31, 2001 within his possession,

5    custody, or control that are responsive to the request, if any, and that have not

6    already been produced, that he discovers in the course of his reasonable search and

7    diligent inquiry, which are within the permissible scope of discovery, and to which

8    no privilege or other protection applies, including without limitation, the attorney-

9    client privilege or attorney's work product doctrine.

10   **REQUEST FOR PRODUCTION NO. 143:**

11             All DOCUMENTS RELATING TO any and all payments or transfers

12   of anything of value that YOU or MGA have made, have offered or proposed to

13   make or have promised or agreed to make, to or for the benefit of Maureen Mullen

14   or her FAMILY MEMBERS at any time since January 1, 1999.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

16             Larian incorporates by reference the above-stated general objections as

17   if fully set forth herein.  Larian also specifically objects to this request on the

18   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably

20   calculated to lead to the discovery of admissible evidence.  Larian also objects to

21   this request on the grounds that it seeks information in violation of the right of

22   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

23   proprietary or commercially sensitive information, the disclosure of which would

24   be inimical to the business interests of Larian and one or more third parties.  Larian

25   also objects to this request to the extent it calls for the disclosure of attorney-client

26   privileged information or information protected from disclosure by the work-

27   product doctrine, joint defense or common interest privilege, or other privilege.

28             Subject to the foregoing, Larian will produce all documents relating to

EXHIBIT 6

PAGE 519

- 154 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   payments made before January 1, 2001 and all documents pertaining to payments

2   related to Bratz or Angel made prior to December 31, 2001 within his possession,

3   custody, or control that are responsive to the request, if any, and that have not

4   already been produced, that he discovers in the course of his reasonable search and

5   diligent inquiry, which are within the permissible scope of discovery, and to which

6   no privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 144:**

9            All DOCUMENTS RELATING TO any and all payments or transfers

10   of anything of value that YOU or MGA have made, have offered or proposed to

11   make or have promised or agreed to make, to or for the benefit of Wendy Ragsdale

12   or her FAMILY MEMBERS.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

14            Larian incorporates by reference the above-stated general objections as

15   if fully set forth herein.  Larian also specifically objects to this request on the

16   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably

18   calculated to lead to the discovery of admissible evidence.  Larian also objects to

19   this request on the grounds that it is overbroad, unlimited as to time, and unduly

20   burdensome and oppressive.  Larian also objects to this request on the grounds that

21   it seeks information in violation of the right of privacy.  Larian also objects to this

22   request on the grounds that it seeks confidential, proprietary or commercially

23   sensitive information, the disclosure of which would be inimical to the business

24   interests of Larian and one or more third parties.  Larian also objects to this request

25   to the extent it calls for the disclosure of attorney-client privileged information or

26   information protected from disclosure by the work-product doctrine, joint defense

27   or common interest privilege, or other privilege.

28            Subject to the foregoing, Larian will produce all documents relating to

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  6

PAGE  520

1  payments made before January 1, 2001 and all documents pertaining to payments

2  related to Bratz or Angel made prior to December 31, 2001 within his possession,

3  custody, or control that are responsive to the request, if any, and that have not

4  already been produced, that he discovers in the course of his reasonable search and

5  diligent inquiry, which are within the permissible scope of discovery, and to which

6  no privilege or other protection applies, including without limitation, the attorney-

7  client privilege or attorney's work product doctrine.

8  **REQUEST FOR PRODUCTION NO. 145:**

9  　　　　　All DOCUMENTS RELATING TO any and all payments or transfers

10  of anything of value that YOU or MGA have made, have offered or proposed to

11  make or have promised or agreed to make, to or for the benefit of Billy Ragsdale or

12  his FAMILY MEMBERS.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

14  　　　　　Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein. Larian also specifically objects to this request on the

16  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence. Larian also objects to

19  this request on the grounds that it is overbroad, unlimited as to time, and unduly

20  burdensome and oppressive. Larian also objects to this request on the grounds that

21  it seeks information in violation of the right of privacy. Larian also objects to this

22  request on the grounds that it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of Larian and one or more third parties. Larian also objects to this request

25  to the extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense

27  or common interest privilege, or other privilege.

28  　　　　　Subject to the foregoing, Larian will produce all documents relating to

EXHIBIT 6

PAGE 521

- 156 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   payments made before January 1, 2001 and all documents pertaining to payments

2   related to Bratz or Angel made prior to December 31, 2001 within his possession,

3   custody, or control that are responsive to the request, if any, and that have not

4   already been produced, that he discovers in the course of his reasonable search and

5   diligent inquiry, which are within the permissible scope of discovery, and to which

6   no privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 146:**

9           All DOCUMENTS RELATING TO any and all payments or transfers

10  of anything of value that YOU or MGA have made, have offered or proposed to

11  make or have promised or agreed to make, to or for the benefit of Anna Rhee or her

12  FAMILY MEMBERS at any time since January 1, 1999.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

14          Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence.  Larian also objects to

19  this request on the grounds that it seeks information in violation of the right of

20  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would

22  be inimical to the business interests of Larian and one or more third parties.  Larian

23  also objects to this request to the extent it calls for the disclosure of attorney-client

24  privileged information or information protected from disclosure by the work-

25  product doctrine, joint defense or common interest privilege, or other privilege.

26          Subject to the foregoing, Larian will produce all documents relating to

27  payments made before January 1, 2001 and all documents pertaining to payments

28  related to Bratz or Angel made prior to December 31, 2001 within his possession,

EXHIBIT 6

PAGE 522

- 157 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   custody, or control that are responsive to the request, if any, and that have not

2   already been produced, that he discovers in the course of his reasonable search and

3   diligent inquiry, which are within the permissible scope of discovery, and to which

4   no privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 147:**

7         All DOCUMENTS RELATING TO any indemnification that

8   BRYANT has sought, proposed, requested or obtained in connection with this

9   ACTION.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

11        Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably

15  calculated to lead to the discovery of admissible evidence.  Larian also specifically

16  objects to this request on the grounds that it seeks information in violation of the

17  right of privacy.  Larian also objects to this request on the grounds that it seeks

18  confidential, proprietary or commercially sensitive information, the disclosure of

19  which would be inimical to the business interests of Larian and one or more third

20  parties.  Larian also objects to this request to the extent it calls for the disclosure of

21  attorney-client privileged information or information protected from disclosure by

22  the work-product doctrine, joint defense or common interest privilege, or other

23  privilege.

24        Subject to the foregoing, Larian will produce all documents within his

25  possession, custody, or control that are responsive to the request, if any, and that

26  have not already been produced, that he discovers in the course of his reasonable

27  search and diligent inquiry, which are within the permissible scope of discovery,

28  and to which no privilege or other protection applies, including without limitation,

EXHIBIT 6
PAGE 523
- 158 -
LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   the attorney-client privilege or attorney's work product doctrine.

2   **REQUEST FOR PRODUCTION NO. 148:**

3        All DOCUMENTS RELATING TO any indemnification that Elise

4   Cloonan has sought, proposed, requested or obtained in connection with this

5   ACTION.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

7        Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably

11  calculated to lead to the discovery of admissible evidence.  Larian also objects to

12  this request on the grounds that it seeks information in violation of the right of

13  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

14  proprietary or commercially sensitive information, the disclosure of which would

15  be inimical to the business interests of Larian and one or more third parties.  Larian

16  also objects to this request to the extent it calls for the disclosure of attorney-client

17  privileged information or information protected from disclosure by the work-

18  product doctrine, joint defense or common interest privilege, or other privilege.

19       Subject to the foregoing, Larian will produce all documents within his

20  possession, custody, or control that are responsive to the request, if any, and that

21  have not already been produced, that he discovers in the course of his reasonable

22  search and diligent inquiry, which are within the permissible scope of discovery,

23  and to which no privilege or other protection applies, including without limitation,

24  the attorney-client privilege or attorney's work product doctrine.

25  **REQUEST FOR PRODUCTION NO. 149:**

26       All DOCUMENTS RELATING TO any indemnification that Margaret

27  Hatch-Leahy has sought, proposed, requested or obtained in connection with this

28  ACTION.

EXHIBIT 6

PAGE 524

- 159 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

2           Larian incorporates by reference the above-stated general objections as

3  if fully set forth herein.  Larian also specifically objects to this request on the

4  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

5  information not relevant to the subject matter of this lawsuit or reasonably

6  calculated to lead to the discovery of admissible evidence.  Larian also objects to

7  this request on the grounds that it seeks information in violation of the right of

8  privacy.  Larian also objects to this request on the grounds that it seeks confidential,

9  proprietary or commercially sensitive information, the disclosure of which would

10  be inimical to the business interests of Larian and one or more third parties.  Larian

11  also objects to this request to the extent it calls for the disclosure of attorney-client

12  privileged information or information protected from disclosure by the work-

13  product doctrine, joint defense or common interest privilege, or other privilege.

14           Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, which are within the permissible scope of discovery,

18  and to which no privilege or other protection applies, including without limitation,

19  the attorney-client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 150:**

21           All DOCUMENTS RELATING TO any indemnification that Veronica

22  Marlow has sought, proposed, requested or obtained in connection with this

23  ACTION.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

25           Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein.  Larian also specifically objects to this request on the

27  grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

EXHIBIT __6__

PAGE __525__

- 160 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   calculated to lead to the discovery of admissible evidence.  Larian also objects to

2   this request on the grounds that it seeks information in violation of the right of

3   privacy.  Larian also objects to this request on the grounds that it seeks confidential,

4   proprietary or commercially sensitive information, the disclosure of which would

5   be inimical to the business interests of Larian and one or more third parties.  Larian

6   also objects to this request to the extent it calls for the disclosure of attorney-client

7   privileged information or information protected from disclosure by the work-

8   product doctrine, joint defense or common interest privilege, or other privilege.

9         Subject to the foregoing, Larian will produce all documents within his

10   possession, custody, or control that are responsive to the request, if any, and that

11   have not already been produced, that he discovers in the course of his reasonable

12   search and diligent inquiry, which are within the permissible scope of discovery,

13   and to which no privilege or other protection applies, including without limitation,

14   the attorney-client privilege or attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 151:**

16         All DOCUMENTS RELATING TO any indemnification that Sarah

17   Halpern has sought, proposed, requested or obtained in connection with this

18   ACTION.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

20         Larian incorporates by reference the above-stated general objections as

21   if fully set forth herein.  Larian also specifically objects to this request on the

22   grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably

24   calculated to lead to the discovery of admissible evidence.  Larian also objects to

25   this request on the grounds that it seeks confidential, proprietary or commercially

26   sensitive information, the disclosure of which would be inimical to the business

27   interests of Larian and one or more third parties.  Larian also objects to this request

28   on the grounds that it seeks information in violation of the right of privacy.  Larian

EXHIBIT 6

PAGE 526

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  also objects to this request to the extent it calls for the disclosure of attorney-client

2  privileged information or information protected from disclosure by the work-

3  product doctrine, joint defense or common interest privilege, or other privilege.

4          Subject to the foregoing, Larian will produce all documents within his

5  possession, custody, or control that are responsive to the request, if any, and that

6  have not already been produced, that he discovers in the course of his reasonable

7  search and diligent inquiry, which are within the permissible scope of discovery,

8  and to which no privilege or other protection applies, including without limitation,

9  the attorney-client privilege or attorney's work product doctrine.

10 **REQUEST FOR PRODUCTION NO. 152:**

11         All DOCUMENTS RELATING TO any indemnification that Paula

12 Garcia (also known as Paula Treantafellas) has sought, proposed, requested or

13 obtained in connection with this ACTION.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

15         Larian incorporates by reference the above-stated general objections as

16 if fully set forth herein.  Larian also specifically objects to this request on the

17 grounds that it is overbroad, oppressive, and unduly burdensome in that it seeks

18 information not relevant to the subject matter of this lawsuit or reasonably

19 calculated to lead to the discovery of admissible evidence.  Larian also objects to

20 this request on the grounds that it seeks information in violation of the right of

21 privacy.  Larian also objects to this request on the grounds that it seeks confidential,

22 proprietary or commercially sensitive information, the disclosure of which would

23 be inimical to the business interests of Larian and one or more third parties.  Larian

24 also objects to this request to the extent it calls for the disclosure of attorney-client

25 privileged information or information protected from disclosure by the work-

26 product doctrine, joint defense or common interest privilege, or other privilege.

27         Subject to the foregoing, Larian will produce all documents within his

28 possession, custody, or control that are responsive to the request, if any, and that

1  have not already been produced, that he discovers in the course of his reasonable

2  search and diligent inquiry, which are within the permissible scope of discovery,

3  and to which no privilege or other protection applies, including without limitation,

4  the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 153:**

6         To the extent not covered by other Requests, all DOCUMENTS

7  RELATING TO any indemnification that any PERSON has sought, proposed,

8  requested or obtained in connection with this ACTION.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

10         Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad and seeks information not relevant to the subject matter

13  of this lawsuit or reasonably calculated to lead to the discovery of admissible

14  evidence.  Larian also objects to this request on the grounds that it seeks

15  information in violation of the right of privacy.  Larian also objects to this request

16  on the grounds that it seeks confidential, proprietary or commercially sensitive

17  information, the disclosure of which would be inimical to the business interests of

18  Larian and one or more third parties.  Larian also objects to this request to the

19  extent it calls for the disclosure of attorney-client privileged information or

20  information protected from disclosure by the work-product doctrine, joint defense

21  or common interest privilege, or other privilege.

22         Subject to the foregoing, Larian will produce all documents within his

23  possession, custody, or control that are responsive to the request, if any, and that

24  have not already been produced, that he discovers in the course of his reasonable

25  search and diligent inquiry, which are within the permissible scope of discovery,

26  and to which no privilege or other protection applies, including without limitation,

27  the attorney-client privilege or attorney's work product doctrine.

28


EXHIBIT 6
PAGE 528

- 163 -

1    **REQUEST FOR PRODUCTION NO. 154:**

2           All DOCUMENTS RELATING TO any indemnification that YOU or

3    MGA have sought, proposed, requested or obtained in connection with this

4    ACTION.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

6           Larian incorporates by reference the above-stated general objections as

7    if fully set forth herein.  Larian also specifically objects to this request on the

8    grounds that seeks information not relevant to the subject matter of this lawsuit or

9    reasonably calculated to lead to the discovery of admissible evidence.  Larian also

10   specifically objects to this request on the grounds that it seeks information in

11   violation of the right of privacy.  Larian also objects to this request on the grounds

12   that it seeks confidential, proprietary or commercially sensitive information, the

13   disclosure of which would be inimical to the business interests of Larian and one or

14   more third parties.  Larian also objects to this request to the extent it calls for the

15   disclosure of attorney-client privileged information or information protected from

16   disclosure by the work-product doctrine, joint defense or common interest

17   privilege, or other privilege.

18          Subject to the foregoing, Larian will produce all documents within his

19   possession, custody, or control that are responsive to the request, if any, and that

20   have not already been produced, that he discovers in the course of his reasonable

21   search and diligent inquiry, which are within the permissible scope of discovery,

22   and to which no privilege or other protection applies, including without limitation,

23   the attorney-client privilege or attorney's work product doctrine.

24   **REQUEST FOR PRODUCTION NO. 155:**

25          All COMMUNICATIONS between YOU or MGA and Universal

26   Commerce Corp., Ltd. prior to June 1, 2001.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

28          Larian incorporates by reference the above-stated general objections as



EXHIBIT 6

PAGE 529

- 164 -

1  if fully set forth herein. Larian also specifically objects to this request on the

2  grounds that it is overbroad and unduly burdensome, including, without limitation,

3  in that it seeks all communications between Larian or MGA and Universal

4  Commerce Corp., without regard to subject matter, and extends back in time

5  indefinitely. Larian also objects to this request on the grounds that it seeks

6  confidential, proprietary or commercially sensitive information, the disclosure of

7  which would be inimical to the business interests of Larian and one or more third

8  parties. Larian further objects to this request to the extent it seeks information the

9  disclosure of which would implicate the rights of third parties to protect private,

10  confidential, proprietary or trade secret information. Larian also objects to this

11  request to the extent it calls for the disclosure of attorney-client privileged

12  information or information protected from disclosure by the work-product doctrine,

13  joint defense or common interest privilege, or other privilege.

14      Subject to the foregoing, Larian will produce all documents within his

15  possession, custody, or control that are responsive to the request, if any, and that

16  have not already been produced, that he discovers in the course of his reasonable

17  search and diligent inquiry, which are within the permissible scope of discovery,

18  and to which no privilege or other protection applies, including without limitation,

19  the attorney-client privilege or attorney's work product doctrine.

20  **REQUEST FOR PRODUCTION NO. 156:**

21      All DOCUMENTS that REFER OR RELATE TO MATTEL, or that

22  were prepared, authored or created by MATTEL, that BRYANT has ever provided

23  to, shown, described to, communicated to or disclosed in any manner to YOU or

24  MGA.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

26      Larian incorporates by reference the above-stated general objections as

27  if fully set forth herein. Larian also specifically objects to this request on the

28  grounds that it is overbroad and seeks information not relevant to the subject matter

EXHIBIT 6   - 165 -

PAGE 530

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence including, without limitation, in that it seeks all documents that refer or relate to Mattel and is not otherwise limited as to subject matter or time. Larian also objects to this request on the grounds that it is overbroad, without limitation, in potentially extending to any document that refers or relates to Mattel that Bryant showed to anybody who now works for MGA, even if Bryant showed the document to such person before one or either of them began work for MGA, and, indeed, while Bryant and such person both worked for Mattel, and without regard to whether such person has or had anything to do with the subject matter of this lawsuit. Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties. Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, Larian will produce all documents within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 157:**

All COMMUNICATIONS between YOU or MGA and BRYANT prior to January 1, 2001, including without limitation all diaries, notes, calendars, logs, phone records and letters, that reflect, record or memorialize or otherwise

EXHIBIT 6

PAGE 531

- 166 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    RELATING TO any such COMMUNICATIONS.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

3            Larian incorporates by reference the above-stated general objections as

4    if fully set forth herein.  Larian also specifically objects to this request on the

5    grounds that it is overbroad, unduly burdensome and oppressive, without limitation,

6    in potentially extending to communications that Bryant may have had with any of

7    MGA's hundreds of employees, agents or representatives, and regardless of whether

8    any such communication is related in any way to the subject matter of this lawsuit,

9    MGA, or MGA's business.  Larian also objects to this request on the grounds that it

10   seeks information in violation of the right of privacy.  Larian also objects to this

11   request to the extent it seeks information the disclosure of which would implicate

12   the rights of third parties to protect private, confidential, proprietary or trade secret

13   information.  Larian also objects to this request on the grounds that it seeks

14   confidential, proprietary or commercially sensitive information, the disclosure of

15   which would be inimical to the business interests of Larian and one or more third

16   parties.  Larian also objects to this request to the extent it calls for the disclosure of

17   attorney-client privileged information or information protected from disclosure by

18   the work-product doctrine, joint defense or common interest privilege, or other

19   privilege.  Larian also objects to this request to the extent it seeks documents not

20   within Larian's possession, custody or control.

21           Subject to the foregoing, Larian will produce all documents within his

22   possession, custody, or control that are responsive to the request, if any, and that

23   have not already been produced, that he discovers in the course of his reasonable

24   search and diligent inquiry, which are within the permissible scope of discovery,

25   and to which no privilege or other protection applies, including without limitation,

26   the attorney-client privilege or attorney's work product doctrine.

27   **REQUEST FOR PRODUCTION NO. 158:**

28           All COMMUNICATIONS between YOU or MGA and Elise Cloonan

EXHIBIT  6

PAGE  532

- 167 -

1   that REFER OR RELATE TO BRYANT, MATTEL, BRATZ and/or Anna Rhee,

2   including without limitation all diaries, notes, calendars, logs, phone records and

3   letters, that reflect, record or memorialize or otherwise RELATING TO any such

4   COMMUNICATIONS.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

6           Larian incorporates by reference the above-stated general objections as

7   if fully set forth herein.  Larian also specifically objects to this request on the

8   grounds that it is overbroad, unduly burdensome and oppressive, including, without

9   limitation, in that it seeks communications that any of MGA's hundreds of

10   employees, agents or representatives may have exchanged at any time with Elise

11   Cloonan that refer or relate to Bryant, Mattel (or any of its officers, directors,

12   employees, or representatives, regardless of whether such person was employed by

13   Mattel at the time of the communication), Bratz, or Anna Rhee, regardless of

14   whether any such communication is related in any way to the subject matter of this

15   lawsuit.  Larian also objects to this request as overbroad in that it is unlimited as to

16   time.  Larian also objects to this request on the grounds that it seeks information in

17   violation of the right of privacy.  Larian also objects to this request to the extent it

18   seeks information the disclosure of which would implicate the rights of third parties

19   to protect private, confidential, proprietary or trade secret information.  Larian

20   further objects to this request on the grounds that it seeks confidential, proprietary

21   or commercially sensitive information, the disclosure of which would be inimical to

22   the business interests of Larian.  Larian also objects to this request to the extent it

23   calls for the disclosure of attorney-client privileged information or information

24   protected from disclosure by the work-product doctrine, joint defense or common

25   interest privilege, or other privilege.  Larian also objects to this request to the extent

26   it seeks documents not within Larian's possession, custody or control.

27           Subject to the foregoing, Larian will produce all documents within his

28   possession, custody, or control that are responsive to the request, if any, and that

EXHIBIT _6_

PAGE _533_

- 168 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   have not already been produced, that he discovers in the course of his reasonable

2   search and diligent inquiry, which are within the permissible scope of discovery,

3   and to which no privilege or other protection applies, including without limitation,

4   the attorney-client privilege or attorney's work product doctrine.

5   **REQUEST FOR PRODUCTION NO. 159:**

6          All COMMUNICATIONS between YOU or MGA and Elise Cloonan

7   prior to June 11, 2002, including without limitation all diaries, notes, calendars,

8   logs, phone records and letters, that reflect, record or memorialize or otherwise

9   RELATING TO any such COMMUNICATIONS.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

11          Larian incorporates by reference the above-stated general objections as

12   if fully set forth herein.  Larian also specifically objects to this request on the

13   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

14   information not relevant to the subject matter of this lawsuit or reasonably

15   calculated to lead to the discovery of admissible evidence, including, without

16   limitation, in that it seeks all communications between Larian or MGA and Elise

17   Cloonan and is not otherwise limited as to subject matter.  Larian also objects to

18   this request on the grounds that it is overbroad, unduly burdensome and oppressive,

19   without limitation, in potentially extending to communications that Elise Cloonan

20   may have had with any of MGA's hundreds of employees, agents or

21   representatives, and regardless of whether any such communication is related in any

22   way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

23   objects to this request on the grounds that it seeks information in violation of the

24   right of privacy.  Larian also objects to this request to the extent it seeks

25   information the disclosure of which would implicate the rights of third parties to

26   protect private, confidential, proprietary or trade secret information.  Larian further

27   objects to this request on the grounds that it seeks confidential, proprietary or

28   commercially sensitive information, the disclosure of which would be inimical to

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 534

1  the business interests of Larian.  Larian also objects to this request to the extent it

2  calls for the disclosure of attorney-client privileged information or information

3  protected from disclosure by the work-product doctrine, joint defense or common

4  interest privilege, or other privilege.  Larian also objects to this request to the extent

5  it seeks documents not within Larian's possession, custody or control.

6      Subject to the foregoing, Larian will produce all documents within his

7  possession, custody, or control that are responsive to the request, if any, and that

8  have not already been produced, that he discovers in the course of his reasonable

9  search and diligent inquiry, which are within the permissible scope of discovery,

10  and to which no privilege or other protection applies, including without limitation,

11  the attorney-client privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 160:**

13      All COMMUNICATIONS between YOU or MGA and Veronica

14  Marlow prior to January 1, 2001, including without limitation all diaries, notes,

15  calendars, logs, phone records and letters, that reflect, record or memorialize or

16  otherwise RELATING TO any such COMMUNICATIONS.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

18      Larian incorporates by reference the above-stated general objections as

19  if fully set forth herein.  Larian also specifically objects to this request on the

20  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

21  information not relevant to the subject matter of this lawsuit or reasonably

22  calculated to lead to the discovery of admissible evidence, including, without

23  limitation, in that it seeks all communications between Larian or MGA and

24  Veronica Marlow and is not otherwise limited as to subject matter.  Larian also

25  objects to this request on the grounds that it is overbroad, unduly burdensome and

26  oppressive, without limitation, in potentially extending to communications that

27  Veronica Marlow may have had with any of MGA's hundreds of employees, agents

28  or representatives, and regardless of whether any such communication is related in

- 170 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6
PAGE 535

1   any way to the subject matter of this lawsuit, MGA, or MGA's business. Larian

2   also objects to this request on the grounds that it seeks information in violation of

3   the right of privacy. Larian also objects to this request to the extent it seeks

4   information the disclosure of which would implicate the rights of third parties to

5   protect private, confidential, proprietary or trade secret information. Larian further

6   objects to this request on the grounds that it seeks confidential, proprietary or

7   commercially sensitive information, the disclosure of which would be inimical to

8   the business interests of Larian. Larian also objects to this request to the extent it

9   calls for the disclosure of attorney-client privileged information or information

10  protected from disclosure by the work-product doctrine, joint defense or common

11  interest privilege, or other privilege. Larian also objects to this request to the extent

12  it seeks documents not within Larian's possession, custody or control.

13       Subject to the foregoing, Larian will produce all within his possession,

14  custody, or control that are responsive to the request, if any, and that have not

15  already been produced, that he discovers in the course of his reasonable search and

16  diligent inquiry, which are within the permissible scope of discovery, and to which

17  no privilege or other protection applies, including without limitation, the attorney-

18  client privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 161:**

20       All COMMUNICATIONS between YOU or MGA and Mercedeh

21  Ward prior to November 6, 2000, including without limitation all diaries, notes,

22  calendars, logs, phone records and letters, that reflect, record or memorialize or

23  otherwise RELATING TO any such COMMUNICATIONS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

25       Larian incorporates by reference the above-stated general objections as

26  if fully set forth herein. Larian also specifically objects to this request on the

27  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

28  information not relevant to the subject matter of this lawsuit or reasonably

- 171 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT  6

PAGE  536

1  calculated to lead to the discovery of admissible evidence, including, without

2  limitation, in that it seeks all communications between Larian or MGA and

3  Mercedeh Ward and is not otherwise limited as to subject matter.  Larian also

4  objects to this request on the grounds that it is overbroad, unduly burdensome and

5  oppressive, without limitation, in potentially extending to communications that

6  Mercedeh Ward may have had with any of MGA's hundreds of employees, agents

7  or representatives, and regardless of whether any such communication is related in

8  any way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian

9  also objects to this request on the grounds that it seeks information in violation of

10  the right of privacy.  Larian also objects to this request to the extent it seeks

11  information the disclosure of which would implicate the rights of third parties to

12  protect private, confidential, proprietary or trade secret information.  Larian further

13  objects to this request on the grounds that it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to

15  the business interests of Larian.  Larian also objects to this request to the extent it

16  calls for the disclosure of attorney-client privileged information or information

17  protected from disclosure by the work-product doctrine, joint defense or common

18  interest privilege, or other privilege.  Larian also objects to this request to the extent

19  it seeks documents not within Larian's possession, custody or control.

20       Subject to the foregoing, Larian will produce all documents within his

21  possession, custody, or control that are responsive to the request, if any, and that

22  have not already been produced, that he discovers in the course of his reasonable

23  search and diligent inquiry, which are within the permissible scope of discovery,

24  and to which no privilege or other protection applies, including without limitation,

25  the attorney-client privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 162:**

27       All COMMUNICATIONS between YOU or MGA and Margaret

28  Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) prior to

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 537

1   January 1, 2001, including without limitation all diaries, notes, calendars, logs,

2   phone records and letters, that reflect, record or memorialize or otherwise

3   RELATING TO any such COMMUNICATIONS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

5              Larian incorporates by reference the above-stated general objections as

6   if fully set forth herein.  Larian also specifically objects to this request on the

7   grounds that it is overbroad, unduly burdensome and oppressive, and seeks

8   information not relevant to the subject matter of this lawsuit or reasonably

9   calculated to lead to the discovery of admissible evidence, including, without

10  limitation, in that it seeks all communications between Larian or MGA and

11  Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-Leahy) and

12  is not otherwise limited as to subject matter.  Larian also objects to this request on

13  the grounds that it is overbroad, unduly burdensome and oppressive, without

14  limitation, in potentially extending to communications that Margaret Hatch (also

15  known as Margaret Leahy and/or Margaret Hatch-Leahy) may have had with any of

16  MGA's hundreds of employees, agents or representatives, and regardless of

17  whether any such communication is related in any way to the subject matter of this

18  lawsuit, MGA, or MGA's business.  Larian also objects to this request on the

19  grounds that it seeks information in violation of the right of privacy.  Larian also

20  objects to this request to the extent it seeks information the disclosure of which

21  would implicate the rights of third parties to protect private, confidential,

22  proprietary or trade secret information.  Larian further objects to this request on the

23  grounds that it seeks confidential, proprietary or commercially sensitive

24  information, the disclosure of which would be inimical to the business interests of

25  Larian.  Larian also objects to this request to the extent it calls for the disclosure of

26  attorney-client privileged information or information protected from disclosure by

27  the work-product doctrine, joint defense or common interest privilege, or other

28  privilege.  Larian also objects to this request to the extent it seeks documents not

EXHIBIT 6

PAGE 538

- 173 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   within Larian's possession, custody or control.

2          Subject to the foregoing, Larian will produce all documents within his

3   possession, custody, or control that are responsive to the request, if any, and that

4   have not already been produced, that he discovers in the course of his reasonable

5   search and diligent inquiry, which are within the permissible scope of discovery,

6   and to which no privilege or other protection applies, including without limitation,

7   the attorney-client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 163:**

9          All COMMUNICATIONS between YOU or MGA and Anna Rhee

10  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

11  logs, phone records and letters, that reflect, record or memorialize or otherwise

12  RELATING TO any such COMMUNICATIONS.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

14         Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

17  information not relevant to the subject matter of this lawsuit or reasonably

18  calculated to lead to the discovery of admissible evidence, including, without

19  limitation, in that it seeks all communications between Larian or MGA and Anna

20  Rhee and is not otherwise limited as to subject matter.  Larian also objects to this

21  request on the grounds that it is overbroad, unduly burdensome and oppressive,

22  without limitation, in potentially extending to communications that Anna Rhee may

23  have had with any of MGA's hundreds of employees, agents or representatives, and

24  regardless of whether any such communication is related in any way to the subject

25  matter of this lawsuit, MGA, or MGA's business.  Larian also objects to this request

26  on the grounds that it seeks information in violation of the right of privacy.  Larian

27  also objects to this request to the extent it seeks information the disclosure of which

28  would implicate the rights of third parties to protect private, confidential,

- 174 -                    LARIAN'S SUPP. RESPONSE TO MATTEL'S
                          1ST SET OF REQUESTS FOR PRODUCTION
                          CV 04-9049 SGL (RNBX)

EXHIBIT **6**

PAGE **538**

1   proprietary or trade secret information.  Larian further objects to this request on the

2   grounds that it seeks confidential, proprietary or commercially sensitive

3   information, the disclosure of which would be inimical to the business interests of

4   Larian.  Larian also objects to this request to the extent it calls for the disclosure of

5   attorney-client privileged information or information protected from disclosure by

6   the work-product doctrine, joint defense or common interest privilege, or other

7   privilege.  Larian also objects to this request to the extent it seeks documents not

8   within Larian's possession, custody or control.

9          Subject to the foregoing, Larian will produce all documents within his

10   possession, custody, or control that are responsive to the request, if any, and that

11   have not already been produced, that he discovers in the course of his reasonable

12   search and diligent inquiry, which are within the permissible scope of discovery,

13   and to which no privilege or other protection applies, including without limitation,

14   the attorney-client privilege or attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 164:**

16          ALL COMMUNICATIONS between Veronica Marlow and Anna

17   Rhee prior to January 1, 2001, including without limitation all diaries, notes,

18   calendars, logs, phone records and letters, that reflect, record or memorialize or

19   otherwise RELATING TO any such COMMUNICATIONS.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

21          Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad and unduly burdensome, and seeks information not

24   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

25   discovery of admissible evidence, including, without limitation, in that it seeks all

26   communications between Veronica Marlow and Anna Rhee and is not otherwise

27   limited as to subject matter.  Larian also objects to this request on the grounds that

28   it seeks information in violation of the right of privacy.  Larian also objects to this

1  request to the extent it seeks information the disclosure of which would implicate

2  the rights of third parties to protect private, confidential, proprietary or trade secret

3  information.  Larian also objects to this request on the grounds that it seeks

4  confidential, proprietary or commercially sensitive information, the disclosure of

5  which would be inimical to the business interests of Larian and one or more third

6  parties.  Larian also objects to this request to the extent it calls for the disclosure of

7  attorney-client privileged information or information protected from disclosure by

8  the work-product doctrine, joint defense or common interest privilege, or other

9  privilege.  Larian also objects to this request to the extent it seeks documents not

10  within Larian's possession, custody or control.

11        Subject to the foregoing, Larian will produce all documents within his

12  possession, custody, or control that are responsive to the request, if any, and that

13  have not already been produced, that he discovers in the course of his reasonable

14  search and diligent inquiry, which are within the permissible scope of discovery,

15  and to which no privilege or other protection applies, including without limitation,

16  the attorney-client privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 165:**

18        All COMMUNICATIONS between YOU or MGA and Sarah Halpern

19  prior to January 1, 2001, including without limitation all diaries, notes, calendars,

20  logs, phone records and letters, that reflect, record or memorialize or otherwise

21  RELATING TO any such COMMUNICATIONS.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

23        Larian incorporates by reference the above-stated general objections as

24  if fully set forth herein.  Larian also specifically objects to this request on the

25  grounds that it is overbroad, unduly burdensome and oppressive, and seeks

26  information not relevant to the subject matter of this lawsuit or reasonably

27  calculated to lead to the discovery of admissible evidence, including, without

28  limitation, in that it seeks all communications between Larian or MGA and Sarah

- 176 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 541

1    Halpern and is not otherwise limited as to subject matter.  Larian also objects to this

2    request on the grounds that it is overbroad, unduly burdensome and oppressive,

3    without limitation, in potentially extending to communications that Sarah Halpern

4    may have had with any of MGA's hundreds of employees, agents or

5    representatives, and regardless of whether any such communication is related in any

6    way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also

7    objects to this request on the grounds that it seeks information in violation of the

8    right of privacy.  Larian also objects to this request to the extent it seeks

9    information the disclosure of which would implicate the rights of third parties to

10   protect private, confidential, proprietary or trade secret information.  Larian further

11   objects to this request on the grounds that it seeks confidential, proprietary or

12   commercially sensitive information, the disclosure of which would be inimical to

13   the business interests of Larian.  Larian also objects to this request to the extent it

14   calls for the disclosure of attorney-client privileged information or information

15   protected from disclosure by the work-product doctrine, joint defense or common

16   interest privilege, or other privilege.  Larian also objects to this request to the extent

17   it seeks documents not within Larian's possession, custody or control.

18          Subject to the foregoing, Larian will produce all documents within his

19   possession, custody, or control that are responsive to the request, if any, and that

20   have not already been produced, that he discovers in the course of his reasonable

21   search and diligent inquiry, which are within the permissible scope of discovery,

22   and to which no privilege or other protection applies, including without limitation,

23   the attorney-client privilege or attorney's work product doctrine.

24   **REQUEST FOR PRODUCTION NO. 166:**

25          All COMMUNICATIONS between YOU or MGA and Jesse Ramirez

26   prior to January 1, 2001, including without limitation all diaries, notes, calendars,

27   logs, phone records and letters, that reflect, record or memorialize or otherwise

28   RELATING TO any such COMMUNICATIONS.

- 177 -

EXHIBIT 6
PAGE 542

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

1
2          Larian incorporates by reference the above-stated general objections as
3  if fully set forth herein.  Larian also specifically objects to this request on the
4  grounds that it is overbroad, unduly burdensome and oppressive, and seeks
5  information not relevant to the subject matter of this lawsuit or reasonably
6  calculated to lead to the discovery of admissible evidence, including, without
7  limitation, in that it seeks all communications between Larian or MGA and Jesse
8  Ramirez and is not otherwise limited as to subject matter.  Larian also objects to
9  this request on the grounds that it is overbroad, unduly burdensome and oppressive,
10 without limitation, in potentially extending to communications that Jesse Ramirez
11 may have had with any of MGA's hundreds of employees, agents or
12 representatives, and regardless of whether any such communication is related in any
13 way to the subject matter of this lawsuit, MGA, or MGA's business.  Larian also
14 objects to this request on the grounds that it seeks information in violation of the
15 right of privacy.  Larian also objects to this request to the extent it seeks
16 information the disclosure of which would implicate the rights of third parties to
17 protect private, confidential, proprietary or trade secret information.  Larian further
18 objects to this request on the grounds that it seeks confidential, proprietary or
19 commercially sensitive information, the disclosure of which would be inimical to
20 the business interests of Larian.  Larian also objects to this request to the extent it
21 calls for the disclosure of attorney-client privileged information or information
22 protected from disclosure by the work-product doctrine, joint defense or common
23 interest privilege, or other privilege.  Larian also objects to this request to the extent
24 it seeks documents not within Larian's possession, custody or control.
25          Subject to the foregoing, Larian will produce all documents within his
26 possession, custody, or control that are responsive to the request, if any, and that
27 have not already been produced, that he discovers in the course of his reasonable
28 search and diligent inquiry, which are within the permissible scope of discovery,

- 178 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 543

1   and to which no privilege or other protection applies, including without limitation,

2   the attorney-client privilege or attorney's work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 167:**

4          Any personnel or vendor file that YOU created, control, or maintain

5   concerning BRYANT.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

7          Larian incorporates by reference the above-stated general objections as

8   if fully set forth herein.  Larian also specifically objects to this request on the

9   grounds that it is overbroad and unduly burdensome, and seeks information not

10   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

11   discovery of admissible evidence, including, without limitation, in that it seeks any

12   personnel or vendor file concerning Bryant created or maintained by Larian and is

13   not otherwise limited as to subject matter or time.  Larian also objects to this

14   request on the grounds that it is vague and ambiguous in that Larian cannot

15   determine what is meant by "vendor file."  Larian also objects to this request on the

16   grounds that it seeks information in violation of the right of privacy.  Larian also

17   objects to this request to the extent it seeks information the disclosure of which

18   would implicate the rights of third parties to protect private, confidential,

19   proprietary or trade secret information.  Larian also objects to this request on the

20   grounds that it seeks confidential, proprietary or commercially sensitive

21   information, the disclosure of which would be inimical to the business interests of

22   Larian and one or more third parties.  Larian also objects to this request to the

23   extent it calls for the disclosure of attorney-client privileged information or

24   information protected from disclosure by the work-product doctrine, joint defense

25   or common interest privilege, or other privilege.

26          Subject to the foregoing, Larian will produce all documents within his

27   possession, custody, or control that are responsive to the request, if any, and that

28   have not already been produced, that he discovers in the course of his reasonable

- 179 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)


EXHIBIT 6
PAGE 544

1  search and diligent inquiry, which are within the permissible scope of discovery,

2  and to which no privilege or other protection applies, including without limitation,

3  the attorney-client privilege or attorney's work product doctrine.

4  **REQUEST FOR PRODUCTION NO. 168:**

5          Any personnel file that YOU created, control, or maintain concerning

6  Paula Garcia (also known as Paula Treantafellas).

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

8          Larian incorporates by reference the above-stated general objections as

9  if fully set forth herein. Larian also specifically objects to this request on the

10  grounds that it is overbroad and unduly burdensome, and seeks information not

11  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

12  discovery of admissible evidence, including, without limitation, in that it seeks any

13  personnel or vendor file concerning Paula Garcia created or maintained by Larian

14  and is not otherwise limited as to subject matter or time. Larian also objects to this

15  request on the grounds that it is vague and ambiguous in that Larian cannot

16  determine what is meant by "vendor file." Larian also objects to this request on the

17  grounds that it seeks information in violation of the right of privacy. Larian also

18  objects to this request to the extent it seeks information the disclosure of which

19  would implicate the rights of third parties to protect private, confidential,

20  proprietary or trade secret information. Larian also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  Larian and one or more third parties. Larian also objects to this request to the

24  extent it calls for the disclosure of attorney-client privileged information or

25  information protected from disclosure by the work-product doctrine, joint defense

26  or common interest privilege, or other privilege.

27          Subject to the foregoing, Larian will produce all documents within his

28  possession, custody, or control that are responsive to the request, if any, and that

- 180 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 545

1  have not already been produced, that he discovers in the course of his reasonable

2  search and diligent inquiry, which are within the permissible scope of discovery,

3  and to which no privilege or other protection applies, including without limitation,

4  the attorney-client privilege or attorney's work product doctrine.

5  **REQUEST FOR PRODUCTION NO. 169:**

6      Any personnel file that YOU created, control, or maintain concerning

7  Mercedeh Ward.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

9      Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad and unduly burdensome, and seeks information not

12  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

13  discovery of admissible evidence, including, without limitation, in that it seeks any

14  personnel or vendor file concerning Mercedeh Ward created or maintained by

15  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

16  to this request on the grounds that it is vague and ambiguous in that Larian cannot

17  determine what is meant by "vendor file."  Larian also objects to this request on the

18  grounds that it seeks information in violation of the right of privacy.  Larian also

19  objects to this request to the extent it seeks information the disclosure of which

20  would implicate the rights of third parties to protect private, confidential,

21  proprietary or trade secret information.  Larian also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive

23  information, the disclosure of which would be inimical to the business interests of

24  Larian and one or more third parties.  Larian also objects to this request to the

25  extent it calls for the disclosure of attorney-client privileged information or

26  information protected from disclosure by the work-product doctrine, joint defense

27  or common interest privilege, or other privilege.

28      Subject to the foregoing, Larian will produce all documents within his


EXHIBIT 6

PAGE 546

- 181 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  possession, custody, or control that are responsive to the request, if any, and that

2  have not already been produced, that he discovers in the course of his reasonable

3  search and diligent inquiry, which are within the permissible scope of discovery,

4  and to which no privilege or other protection applies, including without limitation,

5  the attorney-client privilege or attorney's work product doctrine.

6  **REQUEST FOR PRODUCTION NO. 170:**

7      Any personnel or vendor file that YOU created, control, or maintain

8  concerning Margaret Hatch (also known as Margaret Leahy and/or Margaret Hatch-

9  Leahy).

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

11      Larian incorporates by reference the above-stated general objections as

12  if fully set forth herein.  Larian also specifically objects to this request on the

13  grounds that it is overbroad and unduly burdensome, and seeks information not

14  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

15  discovery of admissible evidence, including, without limitation, in that it seeks any

16  personnel or vendor file concerning Margaret Hatch (also known as Margaret

17  Leahy and/or Margaret Hatch-Leahy) created or maintained by Larian and is not

18  otherwise limited as to subject matter or time.  Larian also objects to this request on

19  the grounds that it is vague and ambiguous in that Larian cannot determine what is

20  meant by "vendor file."  Larian also objects to this request on the grounds that it

21  seeks information in violation of the right of privacy.  Larian also objects to this

22  request to the extent it seeks information the disclosure of which would implicate

23  the rights of third parties to protect private, confidential, proprietary or trade secret

24  information.  Larian also objects to this request on the grounds that it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of Larian and one or more third

27  parties.  Larian also objects to this request to the extent it calls for the disclosure of

28  attorney-client privileged information or information protected from disclosure by

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6
PAGE 547

1   the work-product doctrine, joint defense or common interest privilege, or other

2   privilege.

3           Subject to the foregoing, Larian will produce all documents within his

4   possession, custody, or control that are responsive to the request, if any, and that

5   have not already been produced, that he discovers in the course of his reasonable

6   search and diligent inquiry, which are within the permissible scope of discovery,

7   and to which no privilege or other protection applies, including without limitation,

8   the attorney-client privilege or attorney's work product doctrine.

9   **REQUEST FOR PRODUCTION NO. 171:**

10          Any personnel or vendor file that YOU created, control, or maintain

11  concerning Veronica Marlow.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

13          Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein.  Larian also specifically objects to this request on the

15  grounds that it is overbroad and unduly burdensome, and seeks information not

16  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

17  discovery of admissible evidence, including, without limitation, in that it seeks any

18  personnel or vendor file concerning Veronica Marlow created or maintained by

19  Larian and is not otherwise limited as to subject matter or time.  Larian also objects

20  to this request on the grounds that it is vague and ambiguous in that Larian cannot

21  determine what is meant by "vendor file."  Larian also objects to this request on the

22  grounds that it seeks information in violation of the right of privacy.  Larian also

23  objects to this request to the extent it seeks information the disclosure of which

24  would implicate the rights of third parties to protect private, confidential,

25  proprietary or trade secret information.  Larian also objects to this request on the

26  grounds that it seeks confidential, proprietary or commercially sensitive

27  information, the disclosure of which would be inimical to the business interests of

28  Larian and one or more third parties.  Larian also objects to this request to the

EXHIBIT __6__

PAGE __548__

- 183 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  extent it calls for the disclosure of attorney-client privileged information or

2  information protected from disclosure by the work-product doctrine, joint defense

3  or common interest privilege, or other privilege.

4        Subject to the foregoing, Larian will produce all documents within his

5  possession, custody, or control that are responsive to the request, if any, and that

6  have not already been produced, that he discovers in the course of his reasonable

7  search and diligent inquiry, which are within the permissible scope of discovery,

8  and to which no privilege or other protection applies, including without limitation,

9  the attorney-client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 20:**

11        Any personnel or vendor file that YOU created, control, or maintain

12  concerning Anna Rhee.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

14        Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein. Larian also specifically objects to this request on the

16  grounds that it is overbroad and unduly burdensome, and seeks information not

17  relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

18  discovery of admissible evidence, including, without limitation, in that it seeks any

19  personnel or vendor file concerning Anna Rhee created or maintained by Larian

20  and is not otherwise limited as to subject matter or time. Larian also objects to this

21  request on the grounds that it is vague and ambiguous in that Larian cannot

22  determine what is meant by "vendor file." Larian also objects to this request on the

23  grounds that it seeks information in violation of the right of privacy. Larian also

24  objects to this request to the extent it seeks information the disclosure of which

25  would implicate the rights of third parties to protect private, confidential,

26  proprietary or trade secret information. Larian also objects to this request on the

27  grounds that it seeks confidential, proprietary or commercially sensitive

28  information, the disclosure of which would be inimical to the business interests of

- 184 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6

PAGE 549

1    Larian and one or more third parties.  Larian also objects to this request to the

2    extent it calls for the disclosure of attorney-client privileged information or

3    information protected from disclosure by the work-product doctrine, joint defense

4    or common interest privilege, or other privilege.

5             Subject to the foregoing, Larian will produce all documents within his

6    possession, custody, or control that are responsive to the request, if any, and that

7    have not already been produced, that he discovers in the course of his reasonable

8    search and diligent inquiry, which are within the permissible scope of discovery,

9    and to which no privilege or other protection applies, including without limitation,

10   the attorney-client privilege or attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 173:**

12            Any personnel or vendor file that YOU created, control, or maintain

13   concerning Jessie Ramirez.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

15            Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein.  Larian also specifically objects to this request on the

17   grounds that it is overbroad and unduly burdensome, and seeks information not

18   relevant to the subject matter of this lawsuit or reasonably calculated to lead to the

19   discovery of admissible evidence, including, without limitation, in that it seeks any

20   personnel or vendor file concerning Jesse Ramirez created or maintained by Larian

21   and is not otherwise limited as to subject matter or time.  Larian also objects to this

22   request on the grounds that it is vague and ambiguous in that Larian cannot

23   determine what is meant by "vendor file."  Larian also objects to this request on the

24   grounds that it seeks information in violation of the right of privacy.  Larian also

25   objects to this request to the extent it seeks information the disclosure of which

26   would implicate the rights of third parties to protect private, confidential,

27   proprietary or trade secret information.  Larian also objects to this request on the

28   grounds that it seeks confidential, proprietary or commercially sensitive

- 185 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT   6

PAGE   560