1  inquiry, which are within the permissible scope of discovery, and to which no

2  privilege or other protection applies, including without limitation, the attorney-

3  client privilege or attorney's work product doctrine.

4  **REQUEST FOR PRODUCTION NO. 253:**

5  　　　For each customer to whom MGA or its licensees have ever sold any

6  BRATZ PRODUCT, documents sufficient to show the revenue received by YOU

7  from each such BRATZ PRODUCT sold by MGA or its licensees to that customer.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 253:**

9  　　　Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein. Larian also specifically objects to this request on the

11  grounds that it is overbroad and seeks information not relevant to the subject matter

12  of this lawsuit or reasonably calculated to lead to the discovery of admissible

13  evidence. Larian also objects to this request on the grounds that it is overbroad,

14  unduly burdensome, and oppressive in seeking documents that show the revenue

15  received by Larian from the sale of all Bratz products to all customers by MGA or

16  its licensees. Larian also objects to this request on the grounds that it seeks

17  confidential, proprietary or commercially sensitive information, the disclosure of

18  which would be inimical to the business interests of Larian and one or more third

19  parties. Larian also objects to this request to the extent it seeks information the

20  disclosure of which would implicate the rights of third parties to protect private,

21  confidential, proprietary or trade secret information. Larian also objects to this

22  request to the extent it calls for the disclosure of attorney-client privileged

23  information or information protected from disclosure by the work-product doctrine,

24  joint defense or common interest privilege, or other privilege. Larian also objects

25  to this request to the extent it seeks documents not within Larian's possession,

26  custody or control.

27  　　　Subject to the foregoing, Larian will produce documents, consistent

28  with the parties' agreement concerning the same requests to MGA in Mattel's

EXHIBIT  6

PAGE  610

- 245 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1 Second Set of Requests for Production to MGA, as reflected in MGA's

2 Supplemental Responses to those Requests, within his possession, custody, or

3 control that are responsive to the request, if any, and that have not already been

4 produced, that he discovers in the course of his reasonable search and diligent

5 inquiry, which are within the permissible scope of discovery, and to which no

6 privilege or other protection applies, including without limitation, the attorney-

7 client privilege or attorney's work product doctrine.

8 **REQUEST FOR PRODUCTION NO. 254:**

9        For each customer to whom MGA or its licensees have ever sold any

10 BRATZ PRODUCT, documents sufficient to show YOUR profits from each such

11 BRATZ PRODUCT sold by MGA or its licensees to that customer.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 254:**

13        Larian incorporates by reference the above-stated general objections as

14 if fully set forth herein. Larian also specifically objects to this request on the

15 grounds that it is overbroad and seeks information not relevant to the subject matter

16 of this lawsuit or reasonably calculated to lead to the discovery of admissible

17 evidence. Larian also objects to this request on the grounds that it is overbroad,

18 unduly burdensome, and oppressive in seeking documents that show Larian's

19 profits from the sale of all Bratz products to all customers by MGA or its licensees.

20 Larian also objects to this request on the grounds that it seeks confidential,

21 proprietary or commercially sensitive information, the disclosure of which would

22 be inimical to the business interests of Larian and one or more third parties. Larian

23 also objects to this request to the extent it seeks information the disclosure of which

24 would implicate the rights of third parties to protect private, confidential,

25 proprietary or trade secret information. Larian also objects to this request to the

26 extent it calls for the disclosure of attorney-client privileged information or

27 information protected from disclosure by the work-product doctrine, joint defense

28 or common interest privilege, or other privilege. Larian also objects to this request

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 611

1    to the extent it seeks documents not within Larian's possession, custody or control.

2    Subject to the foregoing, Larian will produce documents, consistent

3    with the parties' agreement concerning the same requests to MGA in Mattel's

4    Second Set of Requests for Production to MGA, as reflected in MGA's

5    Supplemental Responses to those Requests, within his possession, custody, or

6    control that are responsive to the request, if any, and that have not already been

7    produced, that he discovers in the course of his reasonable search and diligent

8    inquiry, which are within the permissible scope of discovery, and to which no

9    privilege or other protection applies, including without limitation, the attorney-

10   client privilege or attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 255:**

12   DOCUMENTS sufficient to show customer returns to MGA of

13   BRATZ PRODUCTS sold or distributed by MGA or its licensees.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 255:**

15   Larian incorporates by reference the above-stated general objections as

16   if fully set forth herein. Larian also specifically objects to this request on the

17   grounds that it is overbroad and seeks information not relevant to the subject matter

18   of this lawsuit or reasonably calculated to lead to the discovery of admissible

19   evidence. Larian also objects to this request on the grounds that it is overbroad,

20   unduly burdensome, and oppressive in seeking documents that show customer

21   returns to MGA of all Bratz products sold or distributed by MGA or its licensees.

22   Larian also objects to this request on the grounds that it seeks confidential,

23   proprietary or commercially sensitive information, the disclosure of which would

24   be inimical to the business interests of Larian and one or more third parties. Larian

25   also objects to this request to the extent it seeks information the disclosure of which

26   would implicate the rights of third parties to protect private, confidential,

27   proprietary or trade secret information. Larian also objects to this request to the

28   extent it calls for the disclosure of attorney-client privileged information or

EXHIBIT _6_

PAGE _612_

- 247 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    information protected from disclosure by the work-product doctrine, joint defense

2    or common interest privilege, or other privilege.  Larian also objects to this request

3    to the extent it seeks documents not within Larian's possession, custody or control.

4            Subject to the foregoing, Larian will produce documents, consistent

5    with the parties' agreement concerning the same requests to MGA in Mattel's

6    Second Set of Requests for Production to MGA, as reflected in MGA's

7    Supplemental Responses to those Requests, within his possession, custody, or

8    control that are responsive to the request, if any, and that have not already been

9    produced, that he discovers in the course of his reasonable search and diligent

10   inquiry, which are within the permissible scope of discovery, and to which no

11   privilege or other protection applies, including without limitation, the attorney-

12   client privilege or attorney's work product doctrine.

13   **REQUEST FOR PRODUCTION NO. 256:**

14           DOCUMENTS sufficient to show customer rebates and credits given

15   by MGA or its licensees to customers in connection with BRATZ PRODUCTS.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

17           Larian incorporates by reference the above-stated general objections as

18   if fully set forth herein.  Larian also specifically objects to this request on the

19   grounds that it is overbroad and seeks information not relevant to the subject matter

20   of this lawsuit or reasonably calculated to lead to the discovery of admissible

21   evidence.  Larian also objects to this request on the grounds that it is overbroad,

22   unduly burdensome, and oppressive in seeking documents that show customer

23   rebates and credits given by MGA or its licensees to all customers in connection

24   with Bratz products.  Larian also objects to this request on the grounds that it seeks

25   confidential, proprietary or commercially sensitive information, the disclosure of

26   which would be inimical to the business interests of Larian and one or more third

27   parties.  Larian also objects to this request to the extent it seeks information the

28   disclosure of which would implicate the rights of third parties to protect private,

EXHIBIT 6

PAGE 613

- 248 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  confidential, proprietary or trade secret information.  Larian also objects to this

2  request to the extent it calls for the disclosure of attorney-client privileged

3  information or information protected from disclosure by the work-product doctrine,

4  joint defense or common interest privilege, or other privilege.  Larian also objects

5  to this request to the extent it seeks documents not within Larian's possession,

6  custody or control.

7         Subject to the foregoing, Larian will produce documents, consistent

8  with the parties' agreement concerning the same requests to MGA in Mattel's

9  Second Set of Requests for Production to MGA, as reflected in MGA's

10  Supplemental Responses to those Requests, within his possession, custody, or

11  control that are responsive to the request, if any, and that have not already been

12  produced, that he discovers in the course of his reasonable search and diligent

13  inquiry, which are within the permissible scope of discovery, and to which no

14  privilege or other protection applies, including without limitation, the attorney-

15  client privilege or attorney's work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 257:**

17         DOCUMENTS sufficient to show, by product number or SKU, the

18  number of units of each BRATZ PRODUCT sold by MGA or its licensees.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 257:**

20         Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad and seeks information not relevant to the subject matter

23  of this lawsuit or reasonably calculated to lead to the discovery of admissible

24  evidence.  Larian also objects to this request on the grounds that it is overbroad,

25  unduly burdensome, and oppressive in seeking documents that show, by product

26  number or SKU, the number of units of all Bratz products sold by MGA or its

27  licensees.  Larian also objects to this request on the grounds that it seeks

28  confidential, proprietary or commercially sensitive information, the disclosure of

EXHIBIT 6

PAGE 614

- 249 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   which would be inimical to the business interests of Larian and one or more third

2   parties.  Larian also objects to this request to the extent it seeks information the

3   disclosure of which would implicate the rights of third parties to protect private,

4   confidential, proprietary or trade secret information.  Larian also objects to this

5   request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine,

7   joint defense or common interest privilege, or other privilege.  Larian also objects

8   to this request to the extent it seeks documents not within Larian's possession,

9   custody or control.

10         Subject to the foregoing, Larian will produce documents, consistent

11   with the parties' agreement concerning the same requests to MGA in Mattel's

12   Second Set of Requests for Production to MGA, as reflected in MGA's

13   Supplemental Responses to those Requests, within his possession, custody, or

14   control that are responsive to the request, if any, and that have not already been

15   produced, that he discovers in the course of his reasonable search and diligent

16   inquiry, which are within the permissible scope of discovery, and to which no

17   privilege or other protection applies, including without limitation, the attorney-

18   client privilege or attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 258:**

20         DOCUMENTS sufficient to show, by product number or SKU, the

21   revenue received by YOU from the sale of each BRATZ PRODUCT sold by MGA

22   or its licensees.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 258:**

24         Larian incorporates by reference the above-stated general objections as

25   if fully set forth herein.  Larian also specifically objects to this request on the

26   grounds that it is overbroad and seeks information not relevant to the subject matter

27   of this lawsuit or reasonably calculated to lead to the discovery of admissible

28   evidence.  Larian also objects to this request on the grounds that it is overbroad,


EXHIBIT 6
PAGE 615

- 250 -

1   unduly burdensome, and oppressive in seeking documents that show, by product

2   number or SKU, the revenue received by Larian from the sale of all Bratz products

3   sold by MGA or its licensees.  Larian also objects to this request on the grounds

4   that it seeks confidential, proprietary or commercially sensitive information, the

5   disclosure of which would be inimical to the business interests of Larian and one or

6   more third parties.  Larian also objects to this request to the extent it seeks

7   information the disclosure of which would implicate the rights of third parties to

8   protect private, confidential, proprietary or trade secret information.  Larian also

9   objects to this request to the extent it calls for the disclosure of attorney-client

10   privileged information or information protected from disclosure by the work-

11   product doctrine, joint defense or common interest privilege, or other privilege.

12   Larian also objects to this request to the extent it seeks documents not within

13   Larian's possession, custody or control.

14         Subject to the foregoing, Larian will produce documents, consistent

15   with the parties' agreement concerning the same requests to MGA in Mattel's

16   Second Set of Requests for Production to MGA, as reflected in MGA's

17   Supplemental Responses to those Requests, within his possession, custody, or

18   control that are responsive to the request, if any, and that have not already been

19   produced, that he discovers in the course of his reasonable search and diligent

20   inquiry, which are within the permissible scope of discovery, and to which no

21   privilege or other protection applies, including without limitation, the attorney-

22   client privilege or attorney's work product doctrine.

23   **REQUEST FOR PRODUCTION NO. 259:**

24         DOCUMENTS sufficient to show, by product number or SKU, YOUR

25   cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by

26   MGA or its licensees.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 259:**

28         Larian incorporates by reference the above-stated general objections as

EXHIBIT 6

PAGE 616

- 251 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   if fully set forth herein.  Larian also specifically objects to this request on the

2   grounds that it is overbroad and seeks information not relevant to the subject matter

3   of this lawsuit or reasonably calculated to lead to the discovery of admissible

4   evidence.  Larian also objects to this request on the grounds that it is overbroad,

5   unduly burdensome, and oppressive in seeking documents that show, by product

6   number or SKU, Larian's cost of goods sold, unit cost and other costs for all Bratz

7   products sold by MGA or its licensees.  Larian also objects to this request on the

8   grounds that it seeks confidential, proprietary or commercially sensitive

9   information, the disclosure of which would be inimical to the business interests of

10  Larian and one or more third parties.  Larian also objects to this request to the

11  extent it seeks information the disclosure of which would implicate the rights of

12  third parties to protect private, confidential, proprietary or trade secret information.

13  Larian also objects to this request to the extent it calls for the disclosure of attorney-

14  client privileged information or information protected from disclosure by the work-

15  product doctrine, joint defense or common interest privilege, or other privilege.

16  Larian also objects to this request to the extent it seeks documents not within

17  Larian's possession, custody or control.

18          Subject to the foregoing, Larian will produce documents, consistent

19  with the parties' agreement concerning the same requests to MGA in Mattel's

20  Second Set of Requests for Production to MGA, as reflected in MGA's

21  Supplemental Responses to those Requests, within his possession, custody, or

22  control that are responsive to the request, if any, and that have not already been

23  produced, that he discovers in the course of his reasonable search and diligent

24  inquiry, which are within the permissible scope of discovery, and to which no

25  privilege or other protection applies, including without limitation, the attorney-

26  client privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 260:**

28          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

EXHIBIT  6

PAGE  617

- 252 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   YOUR or MGA's profits, by product number or SKU, from the sale of each

2   BRATZ PRODUCT sold by MGA or its licensees.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

4        Larian incorporates by reference the above-stated general objections as

5   if fully set forth herein.  Larian also specifically objects to this request on the

6   grounds that it is overbroad and seeks information not relevant to the subject matter

7   of this lawsuit or reasonably calculated to lead to the discovery of admissible

8   evidence.  Larian also objects to this request on the grounds that it is overbroad,

9   unduly burdensome, and oppressive in seeking documents that reflect or refer or

10  relate, by product number or SKU, to Larian or MGA's profits from the sale of all

11  Bratz products by MGA or its licensees.  Larian also objects to this request on the

12  grounds that it seeks confidential, proprietary or commercially sensitive

13  information, the disclosure of which would be inimical to the business interests of

14  Larian and one or more third parties.  Larian also objects to this request to the

15  extent it seeks information the disclosure of which would implicate the rights of

16  third parties to protect private, confidential, proprietary or trade secret information.

17  Larian also objects to this request to the extent it calls for the disclosure of attorney-

18  client privileged information or information protected from disclosure by the work-

19  product doctrine, joint defense or common interest privilege, or other privilege.

20  Larian also objects to this request to the extent it seeks documents not within

21  Larian's possession, custody or control.

22       Subject to the foregoing, Larian will produce documents, consistent

23  with the parties' agreement concerning the same requests to MGA in Mattel's

24  Second Set of Requests for Production to MGA, as reflected in MGA's

25  Supplemental Responses to those Requests, within his possession, custody, or

26  control that are responsive to the request, if any, and that have not already been

27  produced, that he discovers in the course of his reasonable search and diligent

28  inquiry, which are within the permissible scope of discovery, and to which no


EXHIBIT  6

PAGE  618

- 253 -

1  privilege or other protection applies, including without limitation, the attorney-

2  client privilege or attorney's work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 261:**

4          For each customer to whom MGA or its licensees have ever sold any

5  BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

6  SKU, the number of units of each such BRATZ PRODUCT sold by MGA or its

7  licensees to that customer.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 261:**

9          Larian incorporates by reference the above-stated general objections as

10  if fully set forth herein.  Larian also specifically objects to this request on the

11  grounds that it is overbroad and seeks information not relevant to the subject matter

12  of this lawsuit or reasonably calculated to lead to the discovery of admissible

13  evidence.  Larian also objects to this request on the grounds that it is overbroad,

14  unduly burdensome, and oppressive in seeking documents that show the number of

15  units of all Bratz products sold by Larian, MGA, or its licensees to every customer

16  to whom MGA or its licensees have ever sold any Bratz products.  Larian also

17  objects to this request on the grounds that it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to

19  the business interests of Larian and one or more third parties.  Larian also objects to

20  this request to the extent it seeks information the disclosure of which would

21  implicate the rights of third parties to protect private, confidential, proprietary or

22  trade secret information.  Larian also objects to this request to the extent it calls for

23  the disclosure of attorney-client privileged information or information protected

24  from disclosure by the work-product doctrine, joint defense or common interest

25  privilege, or other privilege.  Larian also objects to this request to the extent it seeks

26  documents not within Larian's possession, custody or control.

27          Subject to the foregoing, Larian will produce documents, consistent

28  with the parties' agreement concerning the same requests to MGA in Mattel's

EXHIBIT 6

PAGE 619

- 254 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Second Set of Requests for Production to MGA, as reflected in MGA's

2   Supplemental Responses to those Requests, within his possession, custody, or

3   control that are responsive to the request, if any, and that have not already been

4   produced, that he discovers in the course of his reasonable search and diligent

5   inquiry, which are within the permissible scope of discovery, and to which no

6   privilege or other protection applies, including without limitation, the attorney-

7   client privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 262:**

9        For each customer to whom MGA or its licensees have ever sold any

10  BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

11  SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by

12  MGA or its licensees to that customer.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 262:**

14       Larian incorporates by reference the above-stated general objections as

15  if fully set forth herein.  Larian also specifically objects to this request on the

16  grounds that it is overbroad and seeks information not relevant to the subject matter

17  of this lawsuit or reasonably calculated to lead to the discovery of admissible

18  evidence.  Larian also objects to this request on the grounds that it is overbroad,

19  unduly burdensome, and oppressive in seeking documents that show the revenue

20  received by Larian from all Bratz products sold by MGA or its licensees to every

21  customer to whom MGA or its licenses have ever sold any Bratz products.  Larian

22  also objects to this request on the grounds that it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to

24  the business interests of Larian and one or more third parties.  Larian also objects to

25  this request to the extent it seeks information the disclosure of which would

26  implicate the rights of third parties to protect private, confidential, proprietary or

27  trade secret information.  Larian also objects to this request to the extent it calls for

28  the disclosure of attorney-client privileged information or information protected

EXHIBIT 6

PAGE 620

- 255 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   from disclosure by the work-product doctrine, joint defense or common interest

2   privilege, or other privilege.  Larian also objects to this request to the extent it seeks

3   documents not within Larian's possession, custody or control.

4            Subject to the foregoing, Larian will produce documents, consistent

5   with the parties' agreement concerning the same requests to MGA in Mattel's

6   Second Set of Requests for Production to MGA, as reflected in MGA's

7   Supplemental Responses to those Requests, within his possession, custody, or

8   control that are responsive to the request, if any, and that have not already been

9   produced, that he discovers in the course of his reasonable search and diligent

10  inquiry, which are within the permissible scope of discovery, and to which no

11  privilege or other protection applies, including without limitation, the attorney-

12  client privilege or attorney's work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 263:**

14           DOCUMENTS sufficient to show the revenue and profits derived by

15  YOU or MGA from the sale by YOU, MGA or its licensees of BRATZ

16  PRODUCTS including, without limitation, DOCUMENTS sufficient to show sales

17  revenue, costs of goods sold, variable costs, gross margins, royalties paid and

18  received, gross profits and nets profits.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 263:**

20           Larian incorporates by reference the above-stated general objections as

21  if fully set forth herein.  Larian also specifically objects to this request on the

22  grounds that it is overbroad and seeks information not relevant to the subject matter

23  of this lawsuit or reasonably calculated to lead to the discovery of admissible

24  evidence.  Larian also objects to this request on the grounds that it is overbroad,

25  unduly burdensome, and oppressive in seeking documents that show the revenues

26  and profits derived by Larian or MGA from the sale of all Bratz products by MGA

27  or its licensees.  Larian also objects to this request on the grounds that it seeks

28  confidential, proprietary or commercially sensitive information, the disclosure of

EXHIBIT 6

PAGE 621

- 256 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   which would be inimical to the business interests of Larian and one or more third

2   parties.  Larian also objects to this request to the extent it seeks information the

3   disclosure of which would implicate the rights of third parties to protect private,

4   confidential, proprietary or trade secret information.  Larian also objects to this

5   request to the extent it calls for the disclosure of attorney-client privileged

6   information or information protected from disclosure by the work-product doctrine,

7   joint defense or common interest privilege, or other privilege.  Larian also objects

8   to this request to the extent it seeks documents not within Larian's possession,

9   custody or control.

10          Subject to the foregoing, Larian will produce documents, consistent

11   with the parties' agreement concerning the same requests to MGA in Mattel's

12   Second Set of Requests for Production to MGA, as reflected in MGA's

13   Supplemental Responses to those Requests, within his possession, custody, or

14   control that are responsive to the request, if any, and that have not already been

15   produced, that he discovers in the course of his reasonable search and diligent

16   inquiry, which are within the permissible scope of discovery, and to which no

17   privilege or other protection applies, including without limitation, the attorney-

18   client privilege or attorney's work product doctrine.

19   **REQUEST FOR PRODUCTION NO. 264:**

20          DOCUMENTS sufficient to show the revenue and profits derived by

21   YOU or MGA from BRATZ MOVIES including, without limitation,

22   DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

23   gross margins, royalties paid and received, gross profits and net profits.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 264:**

25          Larian incorporates by reference the above-stated general objections as

26   if fully set forth herein.  Larian also specifically objects to this request on the

27   grounds that it is overbroad and seeks information not relevant to the subject matter

28   of this lawsuit or reasonably calculated to lead to the discovery of admissible

EXHIBIT 6

PAGE 622

- 257 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    evidence.  Larian also objects to this request on the grounds that it is overbroad,

2    unduly burdensome, and oppressive in seeking documents that show the revenues

3    and profits derived by Larian or MGA from Bratz movies.  Larian also objects to

4    this request on the grounds that it seeks confidential, proprietary or commercially

5    sensitive information, the disclosure of which would be inimical to the business

6    interests of Larian and one or more third parties.  Larian also objects to this request

7    to the extent it seeks information the disclosure of which would implicate the rights

8    of third parties to protect private, confidential, proprietary or trade secret

9    information.  Larian also objects to this request to the extent it calls for the

10    disclosure of attorney-client privileged information or information protected from

11    disclosure by the work-product doctrine, joint defense or common interest

12    privilege, or other privilege.  Larian also objects to this request to the extent it seeks

13    documents not within Larian's possession, custody or control.

14          Subject to the foregoing, Larian will produce documents, consistent

15    with the parties' agreement concerning the same requests to MGA in Mattel's

16    Second Set of Requests for Production to MGA, as reflected in MGA's

17    Supplemental Responses to those Requests, within his possession, custody, or

18    control that are responsive to the request, if any, and that have not already been

19    produced, that he discovers in the course of his reasonable search and diligent

20    inquiry, which are within the permissible scope of discovery, and to which no

21    privilege or other protection applies, including without limitation, the attorney-

22    client privilege or attorney's work product doctrine.

23    **REQUEST FOR PRODUCTION NO. 265:**

24          DOCUMENTS sufficient to show the revenue and profits derived by

25    YOU or MGA from BRATZ TELEVISION SHOWS including, without limitation,

26    DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

27    gross margins, royalties paid and received, gross profits and net profits.

28

EXHIBIT  6

PAGE  623

- 258 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 265:**

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that show the revenues and profits derived by Larian or MGA from Bratz television shows.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

Subject to the foregoing, Larian will produce documents, consistent with the parties' agreement concerning the same requests to MGA in Mattel's Second Set of Requests for Production to MGA, as reflected in MGA's Supplemental Responses to those Requests, within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)



EXHIBIT 6
PAGE 624

**REQUEST FOR PRODUCTION NO. 266:**

      All quarterly and annual profit and loss statements for BRATZ.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 266:**

      Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  Larian also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking all of MGA's quarterly and annual profit and loss statements for Bratz.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  Larian also objects to this request to the extent it seeks documents not within Larian's possession, custody or control.

      Subject to the foregoing, Larian will produce documents, consistent with the parties' agreement concerning the same requests to MGA in Mattel's Second Set of Requests for Production to MGA, as reflected in MGA's Supplemental Responses to those Requests, within his possession, custody, or control that are responsive to the request, if any, and that have not already been produced, that he discovers in the course of his reasonable search and diligent inquiry, which are within the permissible scope of discovery, and to which no privilege or other protection applies, including without limitation, the attorney-



EXHIBIT 6

PAGE 625

- 260 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1  client privilege or attorney's work product doctrine.

2  **REQUEST FOR PRODUCTION NO. 267:**

3        All sales, profit and cash flow projections or forecasts for BRATZ

4  DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

5  SHOWS.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 267:**

7        Larian incorporates by reference the above-stated general objections as

8  if fully set forth herein.  Larian also specifically objects to this request on the

9  grounds that it is overbroad and seeks information not relevant to the subject matter

10  of this lawsuit or reasonably calculated to lead to the discovery of admissible

11  evidence.  Larian also objects to this request on the grounds that it is overbroad,

12  unduly burdensome, and oppressive in seeking all of MGA's profit and cash flow

13  projections and forecasts for Bratz dolls, Bratz products, Bratz movies, and Bratz

14  television shows.  Larian also objects to this request on the grounds that it seeks

15  confidential, proprietary or commercially sensitive information, the disclosure of

16  which would be inimical to the business interests of Larian and one or more third

17  parties.  Larian also objects to this request to the extent it seeks information the

18  disclosure of which would implicate the rights of third parties to protect private,

19  confidential, proprietary or trade secret information.  Larian also objects to this

20  request to the extent it calls for the disclosure of attorney-client privileged

21  information or information protected from disclosure by the work-product doctrine,

22  joint defense or common interest privilege, or other privilege.  Larian also objects

23  to this request to the extent it seeks documents not within Larian's possession,

24  custody or control.

25        Subject to the foregoing, Larian will produce documents, consistent

26  with the parties' agreement concerning the same requests to MGA in Mattel's

27  Second Set of Requests for Production to MGA, as reflected in MGA's

28  Supplemental Responses to those Requests, within his possession, custody, or

- 261 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 624

1   control that are responsive to the request, if any, and that have not already been

2   produced, that he discovers in the course of his reasonable search and diligent

3   inquiry, which are within the permissible scope of discovery, and to which no

4   privilege or other protection applies, including without limitation, the attorney-

5   client privilege or attorney's work product doctrine.

6   **REQUEST FOR PRODUCTION NO. 268:**

7           All DOCUMENTS that REFER OR RELATE TO the value of the

8   BRATZ brand.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 268:**

10          Larian incorporates by reference the above-stated general objections as

11  if fully set forth herein.  Larian also specifically objects to this request on the

12  grounds that it is overbroad and seeks information not relevant to the subject matter

13  of this lawsuit or reasonably calculated to lead to the discovery of admissible

14  evidence.  Larian also objects to this request on the grounds that it is overbroad,

15  unduly burdensome, and oppressive in seeking all documents that refer or relate to

16  the value of the Bratz brand.  Larian also objects to this request on the grounds that

17  it is vague and ambiguous in that Larian cannot determine what is meant by or how

18  to calculate "the value of the Bratz brand."  Larian also objects to this request on

19  the grounds that it seeks confidential, proprietary or commercially sensitive

20  information, the disclosure of which would be inimical to the business interests of

21  Larian and one or more third parties.  Larian also objects to this request to the

22  extent it seeks information the disclosure of which would implicate the rights of

23  third parties to protect private, confidential, proprietary or trade secret information.

24  Larian also objects to this request to the extent it calls for the disclosure of attorney-

25  client privileged information or information protected from disclosure by the work-

26  product doctrine, joint defense or common interest privilege, or other privilege.

27  Larian also objects to this request to the extent it seeks documents not within

28  Larian's possession, custody or control.

EXHIBIT 6

PAGE 627

- 262 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   Subject to the foregoing, Larian will produce documents, consistent

2   with the parties' agreement concerning the same requests to MGA in Mattel's

3   Second Set of Requests for Production to MGA, as reflected in MGA's

4   Supplemental Responses to those Requests, within his possession, custody, or

5   control that are responsive to the request, if any, and that have not already been

6   produced, that he discovers in the course of his reasonable search and diligent

7   inquiry, which are within the permissible scope of discovery, and to which no

8   privilege or other protection applies, including without limitation, the attorney-

9   client privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 270:**

11   All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

12  the BRATZ DOLL'S share of the fashion doll market including, without limitation,

13  the extent to which Bratz has been or is gaining or losing market share in the

14  fashion doll market.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 270:**

16   Larian incorporates by reference the above-stated general objections as

17  if fully set forth herein.  Larian also specifically objects to this request on the

18  grounds that it is overbroad and seeks information not relevant to the subject matter

19  of this lawsuit or reasonably calculated to lead to the discovery of admissible

20  evidence.  Larian further objects on the ground that the request is vague and

21  ambiguous.  Larian objects to the extent the documents are equally available to

22  Mattel from third parties.  Larian also objects to this request on the grounds that it

23  is overbroad, unduly burdensome, and oppressive in seeking all documents that

24  evidence, reflect or refer or relate to the Bratz doll's share of the fashion doll

25  market, including the extent to which Bratz has been or is gaining or losing market

26  share in the fashion doll market.  Larian also objects to this request on the grounds

27  that it seeks confidential, proprietary or commercially sensitive information, the

28  disclosure of which would be inimical to the business interests of Larian and one or

EXHIBIT 6

PAGE 628

- 263 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    more third parties.  Larian also objects to this request to the extent it seeks

2    information the disclosure of which would implicate the rights of third parties to

3    protect private, confidential, proprietary or trade secret information.  Larian also

4    objects to this request to the extent it calls for the disclosure of attorney-client

5    privileged information or information protected from disclosure by the work-

6    product doctrine, joint defense or common interest privilege, or other privilege.

7    Larian also objects to this request to the extent it seeks documents not within

8    Larian's possession, custody or control.

9            Subject to the foregoing, Larian will produce documents, consistent

10   with the parties' agreement concerning the same requests to MGA in Mattel's

11   Second Set of Requests for Production to MGA, as reflected in MGA's

12   Supplemental Responses to those Requests, within his possession, custody, or

13   control that are responsive to the request, if any, and that have not already been

14   produced, that he discovers in the course of his reasonable search and diligent

15   inquiry, which are within the permissible scope of discovery, and to which no

16   privilege or other protection applies, including without limitation, the attorney-

17   client privilege or attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 271:**

19           DOCUMENTS sufficient to show each of YOUR position(s), titles

20   and functions with and relationship to MGA, including without limitation with or to

21   MGA Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 271:**

23           Larian incorporates by reference the above-stated general objections as

24   if fully set forth herein.  Larian also specifically objects to this request on the

25   grounds that it is overbroad and seeks information not relevant to the subject matter

26   of this lawsuit or reasonably calculated to lead to the discovery of admissible

27   evidence.  Larian also objects to this request on the grounds that it seeks

28   confidential, proprietary or commercially sensitive information, the disclosure of

- 264 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 629

1    which would be inimical to the business interests of Larian and one or more third

2    parties.  Larian also objects to this request to the extent it seeks information the

3    disclosure of which would implicate the rights of third parties to protect private,

4    confidential, proprietary or trade secret information.  Larian also objects to this

5    request to the extent that it seeks information in the public record and, thus, equally

6    available to Mattel.  Larian also objects to this request to the extent it calls for the

7    disclosure of attorney-client privileged information or information protected from

8    disclosure by the work-product doctrine, joint defense or common interest

9    privilege, or other privilege.

10           Subject to the foregoing, Larian will produce documents sufficient to

11   make the requested showing pertaining to MGA Entertainment, Inc., MGA

12   Entertainment HK Limited and MGAE de Mexico, S.r.l. de C.V., within his

13   possession, custody, or control that are responsive to the request, if any, and that

14   have not already been produced, that he discovers in the course of his reasonable

15   search and diligent inquiry, which are within the permissible scope of discovery,

16   and to which no privilege or other protection applies, including without limitation,

17   the attorney-client privilege or attorney's work product doctrine.

18   **REQUEST FOR PRODUCTION NO. 272:**

19           All DOCUMENTS RELATING TO the ownership of MGA

20   Entertainment HK Limited.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 272:**

22           Larian incorporates by reference the above-stated general objections as

23   if fully set forth herein.  Larian also specifically objects to this request on the

24   grounds that it is overbroad and seeks information not relevant to the subject matter

25   of this lawsuit or reasonably calculated to lead to the discovery of admissible

26   evidence.  Larian also objects to this request on the grounds that it seeks

27   confidential, proprietary or commercially sensitive information, the disclosure of

28   which would be inimical to the business interests of Larian and one or more third

EXHIBIT 6

PAGE 630

- 265 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    parties.  Larian also objects to this request to the extent it seeks information the

2    disclosure of which would implicate the rights of third parties to protect private,

3    confidential, proprietary or trade secret information.  Larian also objects to this

4    request to the extent it calls for the disclosure of attorney-client privileged

5    information or information protected from disclosure by the work-product doctrine,

6    joint defense or common interest privilege, or other privilege.  Larian also objects

7    to this request to the extent it seeks documents not within Larian's possession,

8    custody or control.

9            Subject to the foregoing, Larian will produce documents sufficient to

10   show the ownership of MGA Entertainment HK Limited and MGAE de Mexico,

11   S.r.l. de C.V. within his possession, custody, or control that are responsive to the

12   request, if any, and that have not already been produced, that he discovers in the

13   course of his reasonable search and diligent inquiry, which are within the

14   permissible scope of discovery, and to which no privilege or other protection

15   applies, including without limitation, the attorney-client privilege or attorney's

16   work product doctrine.

17   **REQUEST FOR PRODUCTION NO. 273:**

18           All DOCUMENTS RELATING TO the ownership of MGAE de

19   Mexico, S.r.l. de C.V.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 273:**

21           Larian incorporates by reference the above-stated general objections as

22   if fully set forth herein.  Larian also specifically objects to this request on the

23   grounds that it is overbroad and seeks information not relevant to the subject matter

24   of this lawsuit or reasonably calculated to lead to the discovery of admissible

25   evidence.  Larian also objects to this request on the grounds that it seeks

26   confidential, proprietary or commercially sensitive information, the disclosure of

27   which would be inimical to the business interests of Larian and one or more third

28   parties. Larian also objects to this request to the extent it seeks information the

EXHIBIT 6
PAGE 631
- 266 -
LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   disclosure of which would implicate the rights of third parties to protect private,

2   confidential, proprietary or trade secret information.  Larian also objects to this

3   request to the extent it calls for the disclosure of attorney-client privileged

4   information or information protected from disclosure by the work-product doctrine,

5   joint defense or common interest privilege, or other privilege.  Larian also objects

6   to this request to the extent it seeks documents not within Larian's possession,

7   custody or control.

8          Subject to the foregoing, Larian will produce documents sufficient to

9   show the ownership of MGA Entertainment HK Limited and MGAE de Mexico,

10  S.r.l. de C.V. within his possession, custody, or control that are responsive to the

11  request, if any, and that have not already been produced, that he discovers in the

12  course of his reasonable search and diligent inquiry, which are within the

13  permissible scope of discovery, and to which no privilege or other protection

14  applies, including without limitation, the attorney-client privilege or attorney's

15  work product doctrine.

16  **REQUEST FOR PRODUCTION NO. 274:**

17         An electronic copy of each DOCUMENT that YOU have produced in

18  this action, or that is responsive to these Requests, that is or was created, prepared,

19  generated, maintained or transmitted in digital form.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 274:**

21         Larian incorporates by reference the above-stated general objections as

22  if fully set forth herein.  Larian also specifically objects to this request on the

23  grounds that is overbroad, unduly burdensome and oppressive, particularly as to the

24  expense associated with producing to Mattel in electronic form documents that

25  Larian has already produced, or will produce in response to these requests, in

26  another form, and seeks documents that are not relevant nor likely to lead to the

27  discovery of admissible evidence.

28         Subject to the foregoing, Larian will produce all documents within his

EXHIBIT 6

PAGE 632

- 267 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1   possession, custody, or control that are responsive to the request, if any, in

2   compliance with the parties' agreements governing the production of electronic

3   documents and metadata, and that have not already been produced, that he

4   discovers in the course of his reasonable search and diligent inquiry, which are

5   within the permissible scope of discovery, and to which no privilege or other

6   protection applies, including without limitation, the attorney-client privilege or

7   attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 275:**

9          The metadata for each DOCUMENT that YOU have produced in this

10  action, or that is responsive to these Requests, that is or was created, prepared,

11  generated, maintained or transmitted in digital form.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 275:**

13         Larian incorporates by reference the above-stated general objections as

14  if fully set forth herein. Larian also specifically objects to this request on the

15  grounds that is it unduly burdensome and oppressive, particularly as to the expense

16  associated with producing metadata to Mattel for each digital document that Larian

17  has already produced, or will produce in response to these requests, if any and seeks

18  documents that are not relevant nor likely to lead to the discovery of admissible

19  evidence. Larian also objects to this request to the extent it calls for the disclosure

20  of attorney-client privileged information or information protected from disclosure

21  by the work-product doctrine, joint defense or common interest privilege, or other

22  privilege.

23         Subject to the foregoing, Larian will produce all documents within his

24  possession, custody, or control that are responsive to the request, if any, in

25  compliance with the parties' agreements governing the production of electronic

26  documents and metadata, and that have not already been produced, that he

27  discovers in the course of his reasonable search and diligent inquiry, which are

28  within the permissible scope of discovery, and to which no privilege or other

- 268 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

EXHIBIT 6

PAGE 633

1   protection applies, including without limitation, the attorney-client privilege or

2   attorney's work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 276:**

4           To the extent not produced in response to any other Request for

5   Production, all DOCUMENTS and tangible things upon which YOU intend to rely

6   in this ACTION.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 276:**

8           Larian incorporates by reference the above-stated general objections as

9   if fully set forth herein.  Larian also specifically objects to this request on the

10  grounds that it is overbroad and unduly burdensome in that it calls for all

11  documents and tangible things upon which Larian intends to rely in this action.

12  Larian also objects to this request on the grounds that it calls for legal conclusions.

13  Larian also objects to this request on the grounds that it seeks information in

14  Mattel's possession and/or in the public record, and/or equally available to Mattel.

15  Larian also objects to this request to the extent it calls for the disclosure of attorney-

16  client privileged information or information protected from disclosure by the work-

17  product doctrine, joint defense or common interest privilege, or other privilege.

18          Subject to the foregoing, Larian will produce all documents, and make

19  available for inspection all tangible things, within his possession, custody, or

20  control that are responsive to the request, if any, and that have not already been

21  produced, that he discovers in the course of his reasonable search and diligent

22  inquiry, which are within the permissible scope of discovery, and to which no

23  privilege or other protection applies, including without limitation, the attorney-

24  client privilege or attorney's work product doctrine.

25

26

27

28

EXHIBIT  6

PAGE  634

- 269 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

1    Dated:        September 25, 2007

2                                  DIANA M. TORRES
                                   DALE M. CENDALI
3                                  WILLIAM J. CHARRON
                                   O'MELVENY & MYERS LLP
4

5                                  By: /s/ William J. Charron
6                                      William J. Charron
                                   Attorneys for Plaintiff
7                                  MGA Entertainment, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __6__

PAGE __635__

- 270 -

LARIAN'S SUPP. RESPONSE TO MATTEL'S
1ST SET OF REQUESTS FOR PRODUCTION
CV 04-9049 SGL (RNBX)

## PROOF OF ELECTRONIC SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, 7th Floor, Los Angeles, California 90067-6035.  On September 25, 2007, I served the within documents:

**ISAAC LARIAN'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS**

by sending via electronic mail the document(s) listed above to the person(s) listed below.

> James W. Spertus, Esq.
> Law Offices of James W. Spertus
> 12100 Wilshire Boulevard
> Suite 620
> Los Angeles, CA 90025
> Jim@SpertusLaw.com
> Attorneys for Carlos Gustovo
> Machado Gomez

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 25, 2007, at Los Angeles, California.

_____
Deborah L. Hodge

EXHIBIT ___6___

PAGE ___636___

PROOF OF ELECTRONIC SERVICE

**PROOF OF SERVICE**

I, Deborah L. Hodge, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, 7th Floor, Los Angeles, California 90067-6035.  On September 25, 2007, I served the within documents:

**ISAAC LARIAN'S SUPPLEMENTAL RESPONSES**
**TO MATTEL, INC.'S FIRST SET OF REQUESTS**
**FOR DOCUMENTS AND THINGS**

by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Michael H. Page, Esq. | Patricia Glaser, Esq. |
| Keker & Van Nest LLP | Amman A. Khan, Esq. |
| 710 Sansome Street | Christensen, Glaser, Fink, Jacobs, Weil & |
| San Francisco, CA 94111 | Shapiro, LLP |
| mpage@kvn.com | 10250 Constellation Blvd., 19th Floor |
| Attorneys for Carter Bryant | Los Angeles, CA 90067 |
| | pglaser@chrisglase.com |
| | Attorneys for MGA |

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 25, 2007, at Los Angeles, California.

_____

Deborah L. Hodge

EXHIBIT ___6___

PAGE ___637___

PROOF OF SERVICE

1

## PROOF OF SERVICE

2

I, Deborah L. Hodge, declare:

3

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1999 Avenue of the Stars, 7th Floor, Los Angeles, California 90067-6035.  On September 25, 2007, I served the within documents:

4

5

6

## ISAAC LARIAN'S SUPPLEMENTAL RESPONSES
## TO MATTEL, INC.'S FIRST SET OF REQUESTS
## FOR DOCUMENTS AND THINGS

7

8

☒   by putting a true and correct copy thereof, together with an unsigned copy of this declaration, in a sealed envelope designated by the carrier, with delivery fees paid or provided for, for delivery the next business day to the person(s) listed below, and placing the envelope for collection today by the overnight courier in accordance with the firm's ordinary business practices.  I am readily familiar with this firm's practice for collection and processing of overnight courier correspondence.  In the ordinary course of business, such correspondence collected from me would be processed on the same day, with fees thereon fully prepaid, and deposited that day in a box or other facility regularly maintained by Federal Express, which is an express carrier.

9

10

11

12

13

14

Michael T. Zeller, Esq.
Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver &
Hedges, LLP
865 South Figueroa Street, 19th Floor
Los Angeles, CA 90017
michaelzeller@quinnemanuel.com
talger@quinnemanuel.com
Attorneys for Mattel

15

16

17

18

19

20

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

21

22

Executed on September 25, 2007, at Los Angeles, California.

23

24

_____
Deborah L. Hodge

25

26

27

28

EXHIBIT 6

PAGE 638

PROOF OF SERVICE

# Exhibit 7

**FILED UNDER SEAL
PURSUANT TO
PROTECTIVE ORDER**

# Exhibit 8

1   Hon. Edward A. Infante (Ret.)
     JAMS
2   Two Embarcadero Center
     Suite 1500
3   San Francisco, California  94111
     Telephone:      (415) 774-2611
4   Facsimile:      (415) 982-5287

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10               EASTERN DIVISION

11

12   CARTER BRYANT, an individual,

13          Plaintiff,

14

15       v.

16   MATTEL, INC., a Delaware corporation,

17          Defendant.

18

19

20   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21   MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
22

| | |
|---|---|
| CASE NO. CV 04-09049 SGL (RNBx) | |
| JAMS Reference No. 1100049530 | |

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY ISAAC LARIAN;
DENYING REQUEST FOR
SANCTIONS**

23

24                I. INTRODUCTION

25      On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production

26   of Documents by Isaac Larian and for Award of Monetary Sanctions."  Specifically, Mattel seeks

27   an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First

28   Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,

1

12-31

EXHIBIT ___8___

PAGE ___653___

1  15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199,

2  207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents

3  withheld based on any claimed privilege.  Mattel also seeks an award of sanctions against Larian

4  in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing

5  this motion.  Larian submitted an opposition on December 5, 2007.[1]  Mattel submitted a reply on

6  December 10, 2007.  The matter was heard on December 14, 2007.  Having considered the

7  motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in

8  part and denied in part, and the request for sanctions is denied.

II. BACKGROUND

9  On June 13, 2007, Mattel propounded its First Set of Requests for Production of

10  Documents and Things to Larian, the CEO and majority owner of MGA.  On August 6, 2007,

11  Larian filed his initial responses and objections.  The parties met and conferred, and on September

12  25, 2007, Larian served supplemental responses and objections.

13  Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the

14  276 Requests.  The parties met and conferred further, and Larian ultimately agreed to provide

15  further responses to 55 of the disputed 87 Requests.  Specifically, Larian agreed to supplement his

16  responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-

17  76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that

18  have not previously been produced."  MGA's Opposition at pp. 1-2.

19  The remaining 32 Requests at issue can be grouped into ten categories:  (1) personal

20  financial data; (2) communications with Mattel employees; (3) statements to the media; (4)

21  telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market

22  research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's

23  arbitration; and (10) MGA Hong Kong and MGA Mexico.

24  //

25  _____

26  [1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim

27  statement of Mattel's position.  The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve Mattel's motion on the merits.

28



EXHIBIT  8

PAGE  654

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

### The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests. In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons. First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

1  he will do so.  Second, Larian's agreement to produce responsive documents is apparently limited

2  to documents from his so-called "personal files."  See Opposition at 2:2-3.

3     Mattel's counsel "never agreed that Larian could limit his response to the above requests

4  to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his

5  response to documents in Larian's 'personal files.'"  Supp. Decl. of Scott B. Kidman.

6  Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,

7  Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding

8  parties' "possession, custody or control."  The limitation is also unworkable because, as Mattel

9  points out, it "would create a situation by which responsive and highly relevant documents might

10  never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and

11  Larian, on the other hand, deems [a] document not to be part of his 'personal files.'"  Reply at p.6.

12  Market Research for Products Not at Issue:  Request Nos. 79-81

13     In Request No. 79, Mattel seeks all documents relating to any focus groups relating to

14  Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports.  In

15  his supplemental response, Larian agrees to produce the following documents, subject to his

16  general objections:

17     Larian will produce all documents within his possession, custody, or control that
     relate to focus groups for "MGA contested products" and "Mattel contested

18     products," as those terms are defined in Mattel's First Requests for Production
     regarding Claims of Unfair Competition, if any, and that have not already been

19     produced, that he discovers in the course of his reasonable search and diligent
     inquiry, and to which no privilege or other protection applies, including without

20     limitation, the attorney-client privilege or attorney's work product doctrine.

21

22  Mattel's Consolidated Separate Statement at pp. 20-21.

23     In Request No. 80, Mattel seeks all documents relating to any services or work performed

24  by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all

25  videotapes, summaries, notes and reports associated therewith.  In his supplemental response,

26  Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to

27  the request and to which no privilege or other protection applies.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4


EXHIBIT ___8___

PAGE ___656___

1    In Request No. 81, Mattel seeks all documents relating to Alaska Momma.  In his

2    supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3    Angel or Bryant that are responsive to the request and to which no privilege or other protection

4    applies.

5    Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6    information.  More specifically, Mattel contends that Request No. 79 seeks documents that bear

7    directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8    and Mattel's defense thereto.  Mattel contends that the requested documents may demonstrate that

9    MGA is guilty of copying Mattel's Barbie and My Scene products.

10   Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome.  As an

11   example, Larian points to Request No. 80, which requests all documents relating to any services

12   or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13   and defenses in the action or any of the products at issue.  Larian similarly contends that Request

14   Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

      defense in this case.

15   Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

16   is granted.  The request is reasonably limited in subject matter to Bratz and Angel.  The requested

17   documents are relevant to several issues in the case, including the origin, conception and creation

18   of Bratz.  The requested documents are also relevant to the unfair competition claims.  Larian's

19   supplemental response to Request No. 79 is unduly restrictive.  Among other things, the

20   definitions of "contested MGA products" encompass only those products that provide a basis for

21   any claim by MGA against Mattel, and not claims by Mattel against MGA.

22   Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

23   80-81 is denied.  These requests, as drafted, are clearly overbroad because they have no

24   reasonable limitations on subject matter or time.  In particular, the requests are directed to L.A.

25   Focus and Alaska Momma without regard to whether the services or work the companies

26   provided has any relation to any product at issue.

27   Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5



EXHIBIT ___8___

PAGE ___657___

1    documents related to the products at issue: Bratz and Angel.  In Mattel's view, Larian's

2    supplemental response is too narrow and "may result in the exclusion of highly relevant

3    documents because the project, concept or design that is the subject of the focus group is deemed

4    not to relate to something then known as Bratz or Angel."  However, Larian acknowledges that

5    these types of hypothetical documents would still fall within the narrower scope of production

6    proposed in his supplemental response.

7         Mattel also contends that it is entitled to all of the requested documents called for by

8    Request No. 80 because they are relevant to credibility and bias, particularly if the documents

9    show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A.

10   Focus used.  It is, however, not apparent how deviations from standard procedures would impact

11   credibility or bias.

12        As to Request No. 81, Mattel contends that the documents showing the relationship

13   between Larian or MGA and Alaska Momma are relevant, even if they do not themselves

14   specifically relate to Bratz, Angel or Bryant.  Mattel contends that communications from Larian

15   or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant

16   claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's

17   and Bryant's stories about how and when they came to be introduced.  Mattel also contends that

18   documents showing other dealings between Larian or MGA and Alaska Momma are relevant to

19   the issues of bias and credibility.  Mattel's supposition about the types of documents that might

20   exist does not justify the type of far-reaching request it has propounded.  Request No. 81 is also

21   not limited by either subject matter or time.

22        Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in

23   accordance with his supplemental responses.

24   Bryant's Attorney and Niece:  Request Nos. 113-115

25        In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne

26   Wang, a lawyer who represented Bryant in his contract negotiations with MGA.  In Request No.

27   114, Mattel seeks all documents, including without limitation all communications, between

28   

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT    8

PAGE    658


1   Larian or MGA and Anne Wang. In Request No. 115, Mattel seeks documents relating to Brooke

2   Gilbert, Bryant's niece. In his supplemental responses, Larian agrees to produce documents

3   relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or

4   other protection applies. Thus, the only issue is whether Larian should be required to produce

5   responsive documents that do not relate to Bratz, Angel or Bryant.

6       Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin

7   and conception of Bratz and the timing thereof. Mattel also contends that the documents may

8   disclose relevant information regarding Mattel's claims for breach of contract and inducing

9   breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's

10  contractual obligations with Mattel. Mattel also contends that Larian has failed to carry his

11  burden of demonstrating that the requests are overly burdensome.

12      Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114

13  are inadequate because the limitations on scope may eliminate otherwise relevant documents that

14  do not specifically refer to Bratz, Angel or Bryant. For example, Mattel contends that

15  communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or

16  Bryant may be relevant to the issues of credibility and bias.

17      Mattel contends that Request No. 115 seeks documents that are relevant to determine

18  whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software

19  that had been installed and run on the hard drive. Bryant claims to have given his computer to his

20  niece. Mattel also contends that the requested documents are relevant to the issues of credibility

21  and bias. Further, Mattel contends that Larian's supplemental response to Request No. 115 is

22  inadequate, because evidence of any communication between Larian and his niece, regardless of

23  subject matter, is significant.

24      Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome

25  because they lack any subject matter or time constraints. Further, Larian contends that the

26  requests constitute an improper fishing expedition and necessarily sweep in documents that are

27  not relevant to any claim or defense.

28  //

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT   8
PAGE   659

1    Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied. The

2    requests are overbroad because they are not focused on relevant subject matter and are untethered

3    to any claim or defense. Although Mattel asserts that responsive documents unrelated to Bratz,

4    Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility

5    is too remote to justify the breadth of Mattel's requests.

6    Larian's supplemental responses are sufficient to provide Mattel with relevant and

7    responsive documents. Larian shall produce documents responsive to Request Nos. 113-115 in

8    accordance with his supplemental responses.

9    The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125

10   In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and

11   suits between Larian and his brother, Farhad Larian. In Request No. 124, Mattel seeks all

12   documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad

13   Larian against Larian, including without limitation all declarations, affidavits, transcripts, video

14   and/or audio recordings and sworn testimony given by any person in such suit or arbitration

15   proceedings. In Request No. 125, Mattel seeks all documents relating to any and all settlements,

16   resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad

17   Larian. In his supplemental responses, Larian agrees to produce all documents referring or

18   relating to Bratz that are responsive to the requests and to which no privilege or other protection

19   applies.

20   Mattel contends that the court has already ruled that the arbitration proceedings between

21   Larian and his brother are relevant because they involve, among other matters, the conception and

22   creation date for Bratz. Mattel contends that Larian's supplemental responses improperly limit

23   the requests to the exclusion of potentially relevant documents. For example, Mattel contends

24   that documents that relate to the business, activities and plans of MGA in early 2000 are relevant

25   to the timing of the development of Bratz, whether or not they specifically refer to Bratz.

26   Mattel also contends that the requested documents are relevant to the value of the Bratz brand and

27   the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT   8

PAGE   660

1   example, profits from the sale and licensing of Bratz and other information that would impeach

2   Larian's testimony that he has not made any profits from Bratz.  Further, Mattel contends that the

3   requested documents may lead to evidence of the assessments or valuations of the net worth or

4   value of MGA or Larian, regardless of any reference to Bratz specifically.  Mattel also contends

5   that settlement documents may contain information that bears on the merit of Farhad Larian's

6   claims and the value of Bratz.  Mattel also claims that the requested documents are relevant to

7   motive, intent, bias and credibility.

8       Larian contends the instant requests are overbroad and unduly burdensome.  Further,

9   Larian contends that the relationship of the requested documents to any of the claims or defenses

10  in the present action is questionable, and the existence of such documents is conjectural.

11  Moreover, Larian contends that many of the categories of documents of interest to Mattel are

12  already the subject of other requests.  Larian also contends that Request Nos. 123-125 impose an

13  undue burden because of the protective orders in place that strictly limit the use of any documents

14  from an arbitration and suit between Larian and his brother.  Larian represents that he is currently

15  working with Mattel and his brother in an attempt to achieve suitable modifications to the orders

    that are agreeable to all parties.

16      Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is

17  denied.  The requests are clearly overbroad in calling for all documents from the arbitrations and

18  suits between Larian and his brother, without any subject matter limitations.  Furthermore, these

19  requests are unduly burdensome to the extent they require production of documents that do not

20  refer or relate to Bratz.  Such documents have marginal relevance, at best, to the claims and

21  defenses in the case.

22      Larian's supplemental responses to Request Nos. 123 -125 are sufficient.  Larian's

23  agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will

24  enable Mattel to obtain documents relevant to the claims and defenses in the case, including many

25  of the categories of documents of interest to Mattel.  For example, under Larian's proposed

26  limitation, documents that relate to the business, activities and plans of MGA in 2000 that also

27  refer or relate to Bratz must be produced.  Documents relating to the value of the Bratz brand are

28

9



EXHIBIT __8__

PAGE __661__

also within the scope of Larian's proposed limitation and would have to be produced. Documents relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be produced. Further, Larian's proposed limitation does not necessarily foreclose discovery regarding the appraisal of MGA prepared by Mr. Dutcher. In particular, documents relating to MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue projections must be produced if such documents refer or relate to Bratz. Accordingly, Larian shall produce documents responsive to Request Nos. 123-125 in accordance with his supplemental responses.

<u>Telephone Records: Request Nos. 178-181</u>

In Request No. 178, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from January 1, 1998 through January 1, 2001. Larian objects to this request.

In Request No. 179, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel. In his supplemental responses, Larian agrees to produce documents responsive to Request No. 179. In response to this motion, however, Larian contends that he should be permitted to produce documents responsive to Request No. 179 in redacted form as discussed more fully below.

In Request No. 180, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period from April 1, 2004 through June 1, 2004. Larian objects to this request.

In Request No. 181, Mattel seeks all documents relating to, including without limitation phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf at any time. In his supplemental response, Larian agrees to produce all documents pertaining to communications made prior to January 1, 2001 that are responsive to the request and to which no privilege or other protection applies.

//

EXHIBIT __8__

PAGE __662__

1    Mattel contends that Request No. 178 seeks documents relevant to show Larian's

2  communications with Bryant and other Mattel employees while such employees may still have

3  been employed by Mattel and before Larian claims to have known about Bratz.  Similarly, Mattel

4  contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and

5  Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them

6  to steal Mattel trade secrets.

7    Further, Mattel contends that the requested documents regarding telephone records are

8  relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show

9  communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent

10  they show communications with current and former Mattel employees, including Machado,

11  Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements

12  Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses.  With respect to

13  burden, Mattel contends that it would be more burdensome to attempt to produce the requested

14  records in redacted form, and further, that the protective order in place is sufficient to protect

    Larian's privacy concerns.

15    Larian contends that the requests regarding telephone records are overbroad, completely

16  unbounded as to subject matter, and necessarily sweep in private information that is completely

17  irrelevant to any of the claims or defenses in the case.  Larian also points out that the court

18  previously considered similar requests served on Bryant and allowed production of redacted

19  copies of telephone records as long as Bryant provided a signed verification that none of his

20  redactions related to Bratz, MGA or any other project he worked on for MGA.  Specifically,

21  Bryant was permitted to produce redacted phone records as long as he provided a "signed

22  verification that none of the telephone records that were redacted relate or refer in any way to

23  MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."

24  Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production

25  of Documents by Bryant).  Larian contends that he should be permitted to redact responsive

26  documents consistent with the court's prior order.  During the meet and confer, Larian offered to

27  provide redacted records and a signed verification that none of the redacted information was

28


EXHIBIT  8

PAGE  663

1  relevant to the case, but Mattel did not respond to the offer.

2     Mattel's motion to compel documents responsive to Request Nos. 178 (all documents

3  relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied.  The

4  request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in

5  private information that is completely irrelevant to the case.  Larian should not be subjected to

6  such an intrusion into his private and business affairs when Mattel has made no attempt to tailor

7  the request to the communications, claims, and defenses identified above.

8     In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records

9  for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters

10 (Bratz and/or Angel).  Accordingly, Larian shall abide by his agreement to comply with Request

11 No. 179, as stated in his supplemental response.  Larian's proposal to produce responsive

12 documents in redacted form is appropriate to address his privacy concerns.  More specifically,

13 Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian

14 provides a signed verification that none of the redacted material refers or relates in any way to

15 MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,

16 or that are otherwise relevant to the case.

17    Mattel's motion to compel documents responsive to Request No. 180 (documents relating

18 to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted.  Request No. 180

19 is reasonably tailored to a two month period during which MGA and Larian allegedly recruited

20 employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets.  See

21 Mattel's Second Amended Answer and Counterclaims, ¶¶37-54.  Larian may produce documents

22 responsive to Request No. 180 in redacted form as specified above with respect to Request No.

23 179.

24    Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)

25 is overbroad as written because it has no time limits.  In his supplemental response, Larian agrees

26 to produce communications prior to January 1, 2001 that are responsive to the request.  Larian's

27 proposed limitation is a reasonable compromise that will provide Mattel with relevant documents

28 without imposing an undue burden.  Accordingly, Larian shall produce documents responsive to

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT  8

PAGE  664

1    Request No. 181 consistent with his supplemental response, and may produce such documents in

2    redacted form as specified above with respect to Request No. 179.

3

4    Statements to the Media:  Request Nos. 190-192, 194-197 and 199

5         In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6    and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7    Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8    to the issues in the lawsuit.  More specifically, Mattel contends that the request are relevant to

9    Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

10   regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie

11   products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.

12   Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may

13   also contain admissions regarding the origin and conception of Bratz and statements relevant to

14   damages.

15        Larian contends that the requests are overbroad and unduly burdensome, particularly

16   because several of the requests seek publicly available information.  Further, Larian points out

17   that the court has already considered and rejected as overbroad a nearly identical request served

18   on MGA that called for all documents relating to any communications by MGA with any news

19   organization regarding the contested MGA products or the contested Mattel products.  Larian

     contends that the same reasoning applies to the instant requests.

20        Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

21   199 is denied.  Although several of the requests encompass potentially relevant documents, the

22   requests are overbroad and encompass documents that have little to no relevance to the claims and

23   defenses in the case.  Not one of the requests is limited to relevant subject matters, such as Bratz's

24   sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

25   Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

26   or damages.

27   //

28



EXHIBIT   8

PAGE   665

Furthermore, many of these overbroad requests seek publicly available information that is readily accessible to Mattel for which Larian should not be burdened. To the extent the requested documents and information are not publicly available, such documents and information are marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm. In either case, the burden and expense of searching for and producing responsive documents are unjustified.

Communications With Mattel Employees:  Request No. 198

In Request No. 198, Mattel seeks all communications between Larian and any individual while the individual was employed by Mattel. Mattel contends that this request is directly relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported burden of production.

Larian contends that the request is overbroad and unduly burdensome because it is unrestricted as to time and subject matter. Larian also points out that the court has previously found a similar request overbroad. Larian further contends that employees in the toy industry are likely to maintain contacts with other toy manufacturers, and that a large corporation such as Mattel is likely to have a high number of employees communicating with MGA or its officers, which makes the request more unduly burdensome and unreasonable than it appears on its face.

Unlike other requests regarding communications, Request No. 198 is reasonably tailored to the specific and numerous allegations in the case regarding alleged trade secret theft. Although the request is not limited by subject matter, it is limited in other respects to seek relevant documents without imposing an undue burden. The request is limited to communications between Larian (and not MGA or persons acting on his behalf) and individuals employed at Mattel. The request is also limited to only those communications that took place while the individuals were employed at Mattel.

Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's allegations of trade secret theft. The alleged trade secret theft began with Bryant's conduct in 1999 and continued to 2005. Accordingly, Larian shall produce documents responsive to Request

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14



EXHIBIT  8

PAGE  666

1    No. 198 that are limited to the time frame 1999 to 2005.

2

3    Personal Financial Data:  Request Nos. 207-209 and 269

4         In Request No. 207, Mattel seeks documents sufficient to identify each of Larian's banks

5    or financial institutions and other banking relationships since January 1, 1999.  In Request No.

6    208, Mattel seeks documents sufficient to establish Larian's gross income and sources for such

7    income for each year from 1999 to the present.  In Request No. 209, Mattel seeks Larian's federal

8    and state tax returns for each year from 1999 to the present.  In Request No. 269, Mattel seeks

9    documents sufficient to show or calculate Larian's net worth on a yearly basis for each year from

10   1999 to the present.

11        Mattel contends that Request No. 207 seeks information reasonably calculated to lead to

12   information showing the timing of payments to Bryant and others, which in turn is relevant to the

13   timing of the development of Bratz and issues of credibility.  Mattel contends that Request Nos.

14   208-209 and 269 seek non-privileged information that is directly relevant to Larian's financial

15   condition, which in turn is relevant to damages.  Further, Mattel contends that it is entitled to

16   information regarding the sources of Larian's income to determine whether they are attributable

17   to the alleged misconduct and thus subject to disgorgement.

18        Larian contends that the requested personal financial information is not relevant to the

19   claims or defenses at issue.  More specifically, Larian contends that neither the names of his

20   banks nor his gross income have any bearing upon either compensatory or punitive damages or

21   Mattel's claim for disgorgement of profits.  Larian further contends that there is no support for

22   Mattel's supposition that Larian has siphoned off MGA assets for his own personal benefit.

23        Larian also contends that all three of the requests overlap substantially with requests

24   Mattel previously propounded upon MGA, and that Mattel has failed to justify the duplication or

25   burden posed by these requests to him.  Further, Larian contends that the court has previously

26   found that Mattel was not entitled to obtain tax returns from Bryant, and that Mattel has offered

27   no reason why the same result should not apply here.

28        Mattel's motion to compel responses to Request Nos. 207-208 and 269 is granted.  The

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)



EXHIBIT   8

PAGE   667

15

requests are reasonably calculated to lead to the discovery of admissible evidence relevant to several issues in the case.  For example, the requested information is likely to lead to information regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of the creation of Bratz.  The requested information is also likely to show Larian's income and net worth, which are relevant to damages.  Further, Larian has failed to establish that the requests are unduly burdensome.  Although Mattel has sought and obtained broad discovery of financial information from MGA, Mattel is also entitled to seek financial information directly from Larian.

Mattel's motion is denied as to Request No. 209, provided that Larian complies with Request Nos. 207, 208 and 269.  In light of the discovery of financial information ordered herein and other requests propounded to MGA, Mattel has not shown a compelling need for Larian's tax returns.

Storage Devices:  Request Nos. 222 and 224

In Request Nos. 222 and 224, Mattel seeks digital storage devices and documents relating to digital storage devices used by Larian to create, prepare, generate, copy, transmit, receive, delete or modify digital information relating to Bratz, Angel, or Bryant.  Mattel contends that a request for documents under Rule 34, Fed.R.Civ.P., operates as a request for documents stored in electronic form.  Mattel also contends that Rule 34 permits a party to obtain and test computer hard drives and other storage devices.

Larian contends that the requests are overbroad, unduly burdensome, duplicative, and ignore his privilege and privacy interests.  Larian also objects to an inspection of his actual hard drives or other storage devices based upon the Committee Note to Rule 34, Fed.R.Civ.P., which states that the amendment of Rule 34 relating to "electronically stored information is not meant to create a routine right of direct access to a party's electronic information system."  See Fed.R.Civ.P. 34(a)(1), 2006 Adv. Comm. Notes.  Larian contends that there is no justification for an inspection of his electronic devices because there is no allegation that he improperly deleted documents.

Mattel's motion to compel documents responsive to Request Nos. 222 and 224 is denied.

EXHIBIT   8

PAGE   668

1   With respect to Request No. 222, Larian correctly notes that Rule 34 was not intended to

2   authorize the routine production of a party's electronic devices.  Mattel attempts to justify

3   Request No. 222 by pointing to various instances of alleged destruction of evidence.  See Mattel's

4   Consolidated Separate Statement at pp. 203-204 (purported destruction of Larian's computer

5   laptops; "wiping" information from the hard drives of Larian's computer laptops every six

6   months; redacting "Barbie Collectibles" from a faxed version of Bryant's Bratz agreement; and

7   destructive testing of Bryant's original Bratz drawings).  However, Mattel fails to explain how

8   these alleged instances of evidence destruction justify Request No. 222, other than to assert that it

9   has a right to inspect Larian's storage devices to ensure that relevant information has not been

10   deleted or permanently destroyed.  Mattel's stated purpose suggests instead that Mattel is

11   launching a fishing expedition in pursuit of new claims, which is not permitted by the Federal

12   Rules of Civil Procedure.  See e.g. Rivera v. NIBCO, Inc., supra.  Furthermore, Mattel's stated

13   purpose for inspecting Larian's storage devices does not justify the breadth of Request No. 222.

14   Among other things, Request No. 222 encompasses every storage device that Larian has used to

15   copy digital information relating to Bratz.  Mattel does not need every CD and DVD containing

16   copies of Bratz-related video and audio content, but that is what the request seeks.

17       Request No. 222 is also duplicative because it requests information that is sought in

18   numerous other requests served on Larian as well as MGA.  Mattel has served hundreds of

19   requests for documents and communications relating to Bratz, Angel, and Bryant.  To comply

20   with the requests, Larian was required to search for documents in both hard-copy and electronic

21   form.  Under the circumstances, it is unnecessary for Larian to also produce the requested storage

22   devices.

23       Documents responsive to Request No. 224 are minimally relevant (if at all) to the claims

24   and defenses in the case, and therefore do not justify the burden of production on Larian.

25   Bryant's Storage Devices:  Request Nos. 225, 227 and 228

26       In Request Nos. 225, 227 and 228, Mattel seeks digital storage devices and documents

27   relating to digital storage devices used by Bryant to create, prepare, generate, copy, transmit,

28   Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)


EXHIBIT 8
PAGE 669

17

1   receive, delete or modify digital information relating to Bratz, Angel, or MGA.

2       Larian contends that the requests are improperly directed to him because he does not have

3   personal possession of Bryant's hard drive or storage devices, or other information about those

4   devices. Mattel's Consolidated Separate Statement at p. 206. Larian also contends that the

5   requests are overbroad and unduly burdensome for the reasons discussed above in connection

6   with Request Nos. 222 and 224.

7       Mattel's motion to compel documents responsive to Request Nos. 225, 227 and 228 is

8   denied for the reasons already discussed in connection with Request Nos. 222 and 224.

9

10   MGA Hong Kong and MGA Mexico:  Request Nos. 272 and 273

11       In Request Nos. 272 and 273, Mattel seeks documents relating to the ownership of MGA

12   Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA

13   Mexico"), both of which are named defendants. In his supplemental responses, Larian agrees to

14   produce documents sufficient to show the ownership of these entities.

15       Mattel contends that the requests seek information relevant to refute MGA Mexico's

16   personal jurisdiction defense, and which bear on whether the acts of Larian and others are

17   attributable to the entities. Mattel also contends that Larian's (or MGA's ) ownership interest in

18   these companies is relevant to net worth. Mattel contends that Larian's supplemental response is

19   inadequate because it would allow Larian to withhold contradictory information and conceal the

20   true ownership of the business entities. Furthermore, Mattel contends that it is entitled to know

21   the ownership of these entities at times when different allegedly wrongful acts took place and to

22   determine if the ownership structure changed as a means of concealing assets or concealing the

23   payments of commercial bribes.

24       Larian contends that these requests should not be made to him, but to the entities

25   themselves or to MGA. Further, Larian contends that the requests are duplicative of a request

26   Mattel served on MGA Mexico, another request served on MGA Hong Kong, and another request

27   served on MGA. Moreover, Larian contends that the requests are overbroad and unduly

28   burdensome, and that at most, he should only have to produce a list of owners.



EXHIBIT  8

PAGE  670

1    Mattel contends that Larian cannot avoid his duty to respond to these requests simply by

2  saying that the information is obtainable from another source.  Further, Mattel contends that

3  Larian has failed to establish that the requests are unduly burdensome.

4    Mattel's motion to compel documents responsive to Request Nos. 272-273 is denied

5  pursuant to Rule 26(b)(2), Fed.R.Civ.P., because the requested information is clearly obtainable

6  from another source that is more convenient, less burdensome, or less expensive, namely MGA

7  Mexico and MGA Hong Kong.  The requests are also overbroad and unduly burdensome.

8                                    IV. CONCLUSION

9    For the reasons set forth above, it is hereby ordered as follows:

10    1.    At meet and confer sessions held after the filing of this motion, Larian agreed to

11  produce documents in response to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-

12  146, 213, 221 and 223.  Accordingly, Larian shall produce, without limitation, all non-privileged

13  documents that are responsive to these Requests.

14    2.    With respect to the remaining requests that are at issue in this motion, Larian shall:

15      A.    produce, without limitation, all non-privileged documents that are

16  responsive to Request Nos.  79, 180, 198 (for the time period 1999-2005), 207, 208 and

17  269; and

18      B.    produce, in accordance with his supplemental responses, non-privileged

19  documents that are responsive to Request Nos. 80, 81, 113-115, 123-125, 179, 181 and

20  209.

21      C.    Larian may produce documents responsive to Request Nos. 179, 180 and

22  181 in redacted form as provided herein.

23      D.    Mattel's motion is denied as to Request No. 178, 190-192, 194-197, 199,

24  209, 222, 224, 225, 227, 228, 272 and 273.

25    3.    Larian shall produce all non-privileged documents that are required by this Order

26  that are in his possession, custody or control and that have not already been produced no later

27  than January 11, 2008.

28    4.    Larian shall produce a privilege log no later than January 15, 2008.

EXHIBIT   **8**

PAGE   **671**

1

     5.    Mattel's request for sanctions is denied.

2

    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3

Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5

Dated: December 31, 2007

6

                      HON. EDWARD A. INFANTE (Ret.)
                          Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

20

EXHIBIT  8

PAGE  672

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 2, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on January 2, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT **8**

PAGE **673**

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Proctor, Brett on 1/3/2008 at 10:45 AM PST and filed on 1/3/2008

| | |
|---|---|
| **Case Name:** | Carter Bryant v. Mattel Inc |
| **Case Number:** | 2:04-cv-9049 |
| **Filer:** | Mattel Inc |
| **Document Number:** | 1439 |

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for Sanctions filed by Defendant Mattel Inc re: MOTION to Compel [1092] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Emil W Herich    eherich@kmwlaw.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com

EXHIBIT  8

PAGE  674

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmv@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Larian Order.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=1/3/2008] [FileNumber=5143390-0]
[5a2187944fc1d22750aedb257eb3d8e53a9b8728f71d46135a28ece1a78d4d01e2732
dde016f334ddcc72b8e691e63a2605761dac19ba72309568688b0698f2c]]

EXHIBIT    **8**

PAGE    **675**