# Exhibit 9

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                     EASTERN DIVISION

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
    |---|---|
13  | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
14  | vs. | |
15  | MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SIXTH SET OF INTERROGATORIES |
16  | Defendant. | [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES] |
17  | | |
18  | AND CONSOLIDATED ACTIONS | |
19  | | Discovery Cut-off: January 14, 2008 Pre-trial Conference: April 7, 2008 Trial Date: April 29, 2008 |
20  | | |
21  | | Discovery Cutoff: March 3, 2008 Final Pretrial Conf.: June 2, 2008 Trial Date: July 1, 2008 |
22  | | |
23

24  PROPOUNDING PARTY:       Mattel, Inc.

25  RESPONDING PARTIES:      MGA Entertainment, Inc., Isaac Larian, Carter

26                           Bryant, MGA Entertainment (HK) Limited, MGAE

27                           de Mexico S.R.L. de C.V., and Carlos Gustavo

28                           Machado Gomez

07209/2263699.1

EXHIBIT  9   10-23

PAGE  676

MATTEL'S SIXTH SET OF INTERROGATORIES

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof.  The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                              **Definitions**

11    1.    "YOU" and "YOUR" mean each of the Responding Parties.

12    2.    "MGA" means MGA Entertainment, Inc., any of its current or

13  former employees, officers, directors, agents, representatives, attorneys, experts,

14  divisions, AFFILIATES (including without limitation MGA Entertainment (HK)

15  Limited and MGAE de Mexico S.R.L. de C.V.), predecessors-in-interest and

16  successors-in-interest, and any other PERSON acting on its behalf, pursuant to its

17  authority or subject to its control.  Without limiting the foregoing, "MGA" includes the

18  entities known as ABC International Traders or ABC International Traders, Inc.  For

19  purposes of the these Interrogatories, "MGA" does not include BRYANT.

20    3.    "AFFILIATES" means any and all corporations, proprietorships,

21  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

22  indirectly, in whole or in part, own or control, are under common ownership or control

23  with, or are owned or controlled by a PERSON, party or entity, including without

24  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

25    4.    "PERSON" or "PERSONS" means all natural persons, partnerships,

26  corporations, joint ventures and any kind of business, legal or public entity or

27  organization, as well as its, his or her agents, representatives, employees, officers and

28

07209/2263699.107209/22
63194.1

EXHIBIT    **9**

PAGE    **677**

                    -2-

1 | directors and any one else acting on its, his or her behalf, pursuant to its, his or her

2 | authority or subject to its, his or her control.

3 |      5.    "DESIGN" or "DESIGNS" means any and all representations,

4 | whether two-dimensional or three-dimensional, and whether in tangible, digital,

5 | electronic or other form, including but not limited to all works, designs, artwork,

6 | sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

7 | diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

8 | practice, developments, inventions and/or improvements, as well as all other items,

9 | things and DOCUMENTS in which any of the foregoing are or have been expressed,

10 | embodied, contained, fixed or reflected in any manner, whether in whole or in part.

11 |      6.    "BRATZ" means any project, product, doll or DESIGN ever known

12 | by that name (whether in whole or in part and regardless of what such project, product

13 | or doll is or has been also, previously or subsequently called) and any product, doll or

14 | DESIGN or any portion thereof that is now or has ever been known as, or sold or

15 | marketed under, the name or term "Bratz" (whether in whole or in part and regardless

16 | of what such product, doll or DESIGN or portion thereof is or has been also, previously

17 | or subsequently called) or that is now or has ever been sold or marketed as part of the

18 | "Bratz" line, and each version or iteration of such product, doll or DESIGN or any

19 | portion thereof. As used herein, "product, doll or DESIGN or any portion thereof" also

20 | includes without limitation any names, fashions, accessories, artwork, packaging or any

21 | other works, materials, matters or items included or associated therewith. Without

22 | limiting the generality of the foregoing, and contrary to MGA's recent assertions in

23 | connection with other Mattel discovery requests, the term "BRATZ" does not and shall

24 | not require that there be a doll existing at the time of the event, incident or occurrence

25 | that is the subject of, or otherwise relevant or responsive to, the Interrogatories.

26 |      7.    "SOLD," "SELL" or "SALE" means to distribute, market, license,

27 | sell, offer to sell, or convey or transfer in any way for compensation.

28 |

1      8.     "BRATZ PRODUCT" means any product, whether two-dimensional

2  or three-dimensional, and whether in tangible, digital, electronic or other form, that is

3  or has ever been SOLD that, in whole or in part, REFERS OR RELATES TO BRATZ,

4  including but not limited to any BRATZ DOLL, BRATZ MOVIE, or BRATZ

5  TELEVISION SHOW, and including but not limited to any product that is or has ever

6  been SOLD in any packaging that includes the name "Bratz" or REFERS OR

7  RELATES TO BRATZ.

8      9.     "BRATZ DOLL" means any doll that is or has ever been SOLD

9  that REFERS OR RELATES TO BRATZ.

10      10.    "BRATZ MOVIE" means any motion picture or film that is or has

11  ever been SOLD that REFERS OR RELATES TO BRATZ.

12      11.    "BRATZ TELEVISION SHOW" means any production exhibited

13  on television that is or has ever been SOLD that REFERS OR RELATES TO BRATZ.

14      12.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

15  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

16  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited

17  to, all writings and records of every type and description including, but not limited to,

18  contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

19  ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

20  any kind, statements, reports, minutes, recordings, transcripts and summaries of

21  meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

22  discs, printouts and records of all types, studies, instruction manuals, policy manuals

23  and statements, books, pamphlets, invoices, canceled checks and every other device or

24  medium by which or through which information of any type is transmitted, recorded or

25  preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall

26  include all copies that differ in any respect from the original or other versions of the

27  DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

28

1  originals containing initials, comments, notations, insertions, corrections, marginal

2  notes, amendments or any other variation of any kind.

3        13.   "COMMUNICATION" or "COMMUNICATIONS" means and

4  includes any disclosure, transfer or exchange of information between two or more

5  PERSONS, whether orally or in writing, including without limitation, any conversation

6  or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,

7  telex, telecopier, electronic mail, or any other electronic or other medium, including

8  without limitation in written, audio or video form.

9        14.   "IDENTIFY" or "IDENTITY" means the following:

10        (a)   with reference to an individual or individuals, means to state,

11  fully and separately as to each, such individual's full name, any known business title,

12  current or last known business affiliation, current or last known residential address,

13  current or last known business address, current or last known relationship to MGA, and

14  current or last known telephone number.

15        (b)   with reference to an entity or entities, means to state, fully and

16  separately as to each, such entity's full name, state (or country) of incorporation or

17  organization, present or last known address, and present or last known telephone

18  number.

19        (c)   with reference to a BRATZ PRODUCT, means to state, fully

20  and separately as to each, the full name of the product; the number of the product; the

21  SKU of the product; any other applicable designation of the product useful for

22  identification; the period of time during which the product was, has been or will be

23  SOLD; and the IDENTITY of each PERSON who has licensed from YOU the right to

24  SELL such BRATZ PRODUCT.

25        (d)   with reference to any other DOCUMENT or DOCUMENTS,

26  means to describe each DOCUMENT by Bates number. In the event that a

27  DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each

28  such DOCUMENT, to provide a complete description of it such that it may be the

EXHIBIT **9**

PAGE **680**

1  subject of a request for the production of documents, including by stating the date,

2  identity of the author, addressee(s), signatories, parties, or other PERSONS identified

3  therein, its present location or custodian and a description of its contents.

4     15.    "Any" as used in these interrogatories includes the word "all," and

5  the word "all" as used in these interrogatories includes the word "any."

6     16.    The singular form of a noun or pronoun includes within its meaning

7  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

8  form of a pronoun also includes within its meaning the feminine form of the pronoun so

9  used, and vice versa; the use of any tense of any verb includes also within its meaning

10  all other tenses of the verb so used, whenever such construction results in a broader

11  request for information; and "and" includes "or" and vice versa, whenever such

12  construction results in a broader disclosure of documents or information.

13

14          **Instructions**

15

16     A.    When    an    interrogatory    requests    disclosure    of    a

17  COMMUNICATION or other information as to which YOU claim any privilege or

18  protection as a ground for nondisclosure, identify each PERSON who participated in or

19  had knowledge of the COMMUNICATION or other information and provide the

20  following:

21          (i)    the privilege or protection that YOU claim precludes disclosure;

22          (ii)   the subject matter of the COMMUNICATION or information

23                 (without revealing the content as to which the privilege is claimed);

24                 and

25          (iii)  any additional facts or grounds on which YOU base YOUR claim

26                 of privilege or protection.

27     B.    When an interrogatory requests that YOU provide information,

28  YOU are required to supply all information known by or available to YOU or

07209/2263699.107209/22
63194.1

-6-

EXHIBIT      9

PAGE    681

MATTEL'S SIXTH SET OF INTERROGATORIES

1  YOUR employees, officers, directors, agents, representatives, attorneys and experts.

2  If YOU cannot completely answer the interrogatory after making diligent efforts to

3  do so, please so state.  Then describe in detail all efforts made to answer the

4  interrogatory; identify every PERSON involved in such efforts; and state the

5  additional information YOU need, if any, to respond completely to the interrogatory.

6

7  **Interrogatory**

8

9  <u>INTERROGATORY NO. 45</u>:

10        IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or

11  YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a)

12  the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR

13  licensees, (b) the gross and net revenue received by YOU from such SALES of each

14  such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each

15  such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and

16  (d) YOUR gross and net profits from each such BRATZ PRODUCT.

17

18  DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19

20                                    By _Michael T. Zeller_
21                                    Michael T. Zeller
22                                    Attorneys for Plaintiff
                                      Mattel, Inc.

23

24

25

26

27

28

-7-

EXHIBIT 9

PAGE 682

MATTEL'S SIXTH SET OF INTERROGATORIES

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 23, 2007, I served true copies of the following document(s) described as

1.  **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES]**

on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

NOW LEGAL -- Dave Quintana

EXHIBIT 9
PAGE 683

07209/2263102.1                                        -1-

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.    **MATTEL, INC.'S SIXTH SET OF INTERROGATORIES [INTERROGATORY NO. 45 TO REPLACE PRIOR, AND WITHDRAWN, INTERROGATORY NO. 45 IN MATTEL, INC.'S FOURTH SET OF INTERROGATORIES]**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

07209/2241940.1

EXHIBIT _9_

PAGE _684_

-1-

**Exhibit 10**

1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone:   (213) 687-5000
Facsimile:   (213) 687-5600
4 | E-mail:   tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
7 | Telephone:   (415) 984-6400
Facsimile:   (415) 984-2698
8 | E-mail:   rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

| | |
|---|---|
| CARTER BRYANT, an individual | ) CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | ) Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | ) |
| MATTEL, INC., a Delaware corporation | ) **MGA ENTERTAINMENT INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES** |
| Defendant. | ) |
| | ) Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | ) Discovery Cut-Off:  March 3, 2008 |

25 | **PROPOUNDING PARTY:**    **MATTEL, INC. ("MATTEL")**

26 | **RESPONDING PARTY:**    **MGA ENTERTAINMENT, INC.**

27 | **SET NUMBER:**    **SIXTH**

28 |

11-26

EXHIBIT  *10*

MGA'S RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES     NO. CV 04-9049 SGL (RNBx)

PAGE  **685**

# PRELIMINARY STATEMENT

1

2          The General Response set forth herein applies to all responses that

3   MGA Entertainment, Inc. ("MGA") is providing in response to these interrogatories

4   or may in the future provide in response to any discovery request in this action.  The

5   Response is made without waiving, or intending to waive but, on the contrary,

6   expressly reserving:  (a) the right to object, on the grounds of competency, privilege,

7   relevancy or materiality, or any other proper grounds, to the use of the Response, for

8   any purpose in whole or in part, in any subsequent step or proceeding in this action

9   or any other action; (b) the right to object on any and all grounds, at any time, to

10  other interrogatories or other discovery procedures; and (c) the right at any time to

11  revise, correct, add to, or clarify any of the responses propounded herein.

12          The Response reflects only the present state of MGA's discovery

13  regarding the information that Mattel seeks.  Discovery and other investigation or

14  research concerning this litigation are continuing.  It is anticipated that further

15  discovery, independent investigation, and legal research and analysis will supply

16  additional facts and meaning to the known facts, as well as establish entirely new

17  factual conclusions, all of which may lead MGA to discover other information

18  responsive to these interrogatories.  MGA therefore reserves the right to amend or

19  supplement this Response at any time in light of future investigation, research or

20  analysis, and also expressly reserves the right to rely on, at any time, including trial,

21  subsequently discovered information omitted from this Response as a result of

22  mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or

23  acquiesce in any factual or legal contention, assertion or characterization contained

24  in the Interrogatories or any particular request therein, even where MGA has not

25  otherwise objected to a particular interrogatory, or has agreed to provide information

26  responsive to a particular interrogatory.

27          No incidental or implied admissions are intended by this Response.

28  These responses should not be taken as an admission that MGA accepts or admits the

1

EXHIBIT _10_

PAGE _686_

1 | existence of any facts set forth or assumed by any instruction, definition or
2 | interrogatory.

3 | **GENERAL OBJECTIONS**

4 |     MGA responds to these interrogatories subject to the following general
5 | objections and limitations, each of which is incorporated into each and every
6 | response as though fully set forth therein:

7 |     1.    MGA objects to these interrogatories to the extent they seek
8 | information that is not subject to disclosure under any applicable privilege, doctrine
9 | or immunity, including without limitation the attorney-client privilege, the work
10 | product doctrine, the right of privacy, and all other privileges recognized under the
11 | constitutional, statutory or decisional law of the United States of America, the State
12 | of California or any other applicable jurisdiction.

13 |     2.    MGA objects to these interrogatories to the extent they seek
14 | information not relevant to the claims or defenses of any party to this action and not
15 | reasonably calculated to lead to the discovery of admissible evidence.

16 |     3.    MGA objects to these interrogatories to the extent they seek
17 | information which by reason of public filing or otherwise is already in Mattel's
18 | possession or is readily accessible to Mattel.

19 |     4.    MGA objects to these interrogatories to the extent they seek the
20 | disclosure of information (1) not currently within its possession, custody or control;
21 | (2) that MGA cannot locate after a reasonably diligent search; or (3) that refer to
22 | persons, entities, or events not known to MGA.  Such instructions, definitions, or
23 | requests are objectionable where they seek to require more of MGA than any
24 | obligation imposed by the Federal Rules of Civil Procedure; subject MGA to
25 | unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to
26 | impose upon MGA an obligation to investigate or discover information or materials
27 | from sources equally accessible to Mattel.
28 |

2

EXHIBIT _10_

PAGE _687_

5.     MGA objects to these interrogatories to the extent they are overbroad and unduly burdensome.

6.     MGA objects to the definitions and instructions to the extent such definitions and instructions purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific interrogatories on the ground that such enlargement, expansion, or alteration renders such a term or request vague, ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

7.     MGA objects to the following definitions in these interrogatories:

(a)     MGA objects to the definition of the term "BRATZ" (Definitions ¶ 6) as vague, ambiguous, overly broad and unduly burdensome, and designed to mislead and confuse the trier of fact.  The definition includes "any project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole or in part and regardless of what such project, product or doll is or has been also, previously or subsequently called) and any product, doll or DESIGN or any portion thereof that is now or has ever been known as, or sold or marketed under, the name or term 'Bratz' (whether in whole or in part and regardless of what such product, doll or DESIGN or portion thereof is or has been also, previously or subsequently called) or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each version or iteration of such product, doll or DESIGN or any portion thereof," and it goes on.  By incorporating the definition of "DESIGN," the overly broad definition of BRATZ includes two-dimensional and three-dimensional representations, including "works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to practice, developments, inventions and/or improvements . . . ."  (Definitions ¶ 5.)  These convoluted and multi-part definitions combine to render the interrogatories vague, ambiguous and overly broad, and to include within the term BRATZ things that do not fairly represent the Bratz line of dolls, accessories and related products that are the subject of this case.  In responding

EXHIBIT          10
NO. CV 04-9049 SGL (RNBx)

PAGE   688

1  to these interrogatories, MGA will interpret the term "BRATZ" to mean the line of

2  dolls introduced by MGA to the market for sale in May or June of 2001 and

3  subsequent dolls, accessories and other products known as Bratz or associated by

4  MGA with the Bratz line of dolls;

5          (b)    MGA objects to the definition of the term "BRATZ

6  DOLL" (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly

7  burdensome, and designed to mislead and confuse the trier of fact.  The definition

8  includes any doll that "REFERS OR RELATES TO BRATZ."  However, Mattel

9  does not define the capitalized term "REFERS OR RELATES TO."  In responding to

10  these interrogatories, MGA will interpret the term "BRATZ DOLL" to mean the line

11  of dolls introduced by MGA to the market for sale in May or June of 2001 and

12  subsequent dolls known as Bratz;

13          (c)    MGA objects to the definition of the term "BRATZ

14  PRODUCT" (Definitions ¶ 8) as vague, ambiguous, overly broad and unduly

15  burdensome, and designed to mislead and confuse the trier of fact.  The definition

16  includes "any product, whether two-dimensional or three-dimensional, and whether

17  in tangible, digital, electronic or other form, that is or has ever been SOLD that, in

18  whole or in part, REFERS OR RELATES TO BRATZ, including but not limited to

19  any BRATZ DOLL, BRATZ MOVIE, or BRATZ TELEVISION SHOW, and

20  including but not limited to any product that is or has ever been SOLD in any

21  packaging that includes the name "Bratz" or "REFERS OR RELATES TO BRATZ."

22  However, Mattel does not define the capitalized term "REFERS OR RELATES TO."

23  In responding to these interrogatories, MGA will interpret the term "BRATZ

24  PRODUCT" to mean the line of dolls introduced by MGA to the market for sale in

25  May or June of 2001 and the subsequent dolls known as Bratz;

26          (d)    MGA objects to the definition of the terms "IDENTIFY" or

27  "IDENTITY" as overbroad, unduly burdensome, vague and ambiguous, and

28  oppressive.  Mattel's definition of these terms inherently calls for answers to multiple

1  discrete questions or subparts to questions.  For example, as those terms are used

2  with reference to a "BRATZ PRODUCT" (Definitions ¶ 14(c)), the use of those

3  terms request at least six different and distinct facts:  (a) the full name of the product;

4  (b) the number of the product; (c) the SKU of the product; (d) any other applicable

5  designation of the product useful for identification; (e) the period of time during

6  which the product was, has been or will be SOLD; and (f) the IDENTITY of each

7  PERSON who has licensed from YOU the right to SELL such BRATZ PRODUCT.

8  Therefore, any interrogatory that includes or incorporates the terms "IDENTIFY" or

9  "IDENTITY" is necessarily compound, and should be posed as separate

10  interrogatories;

11        (e)     MGA also objects to the term "any" (Definitions ¶ 15) on

12  the grounds and to the extent it is overbroad, unduly burdensome, and/or is vague

13  and ambiguous in the context of the interrogatories as written and as those

14  interrogatories would be plainly understood absent Mattel's definitions;

15        (f)     MGA objects to the definition of the terms "SOLD,"

16  "SELL" or "SALE" (Definitions ¶ 7) as overbroad, unduly burdensome, vague and

17  ambiguous, and oppressive and strays far from the English meaning of the terms by

18  including concepts such as distribution, licensing and marketing, which are distinct

19  from selling.  MGA will interpret the terms "SOLD," "SELL" or "SALE" consistent

20  with their ordinary, common usages.

21        8.     MGA objects to these interrogatories to the extent they may

22  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

23  been completed and MGA is not yet necessarily in possession of all the facts and

24  documents upon which MGA intends to rely.  All of the responses submitted

25  herewith are tendered to Mattel with the reservation that the responses are submitted

26  without limiting the evidence on which MGA may rely to support the contentions

27  and defenses that MGA may assert at the trial of this action and to rebut or impeach

28

EXHIBIT  *10*

PAGE  *690*

1 the contentions, assertions and evidence that Mattel may present. MGA reserves the

2 right to supplement or amend these responses at a future date.

3         9.    MGA objects to each interrogatory to the extent it seeks

4 information that will be the subject of expert witness testimony and that is therefore

5 premature.

6         10.    MGA objects to each interrogatory to the extent it calls for a legal

7 conclusion.

8         11.    MGA objects to each interrogatory to the extent it seeks the

9 disclosure of confidential, proprietary, or trade-secret information.

10         12.    MGA reserves the right to object on any ground at any time to

11 such other supplemental discovery requests as Mattel may propound involving or

12 relating to the same subject matter of these interrogatories.

13         13.    In responding to these interrogatories, MGA has not complied

14 and will not comply with any instructions or definitions that seek to impose

15 requirements in addition to those imposed by the Federal Rules of Civil Procedure,

16 the local rules of this Court, any orders entered by the Court in this action, or other

17 applicable law.

18         14.    Consistent with Rule 33(d) of the Federal Rules of Civil

19 Procedure, MGA objects to providing responses to interrogatories that can be

20 derived from documents that have been or will be produced (when requested in

21 compliance with Rule 26) and where the burden of deriving such information is

22 substantially the same for Mattel as it is for MGA.

23         15.    MGA objects to the definitions, instructions, and interrogatories

24 to the extent they seek information that was prepared in anticipation of litigation,

25 constitutes attorney work product, discloses mental impressions, conclusions,

26 opinions or legal theories of any attorney for or otherwise representative of MGA,

27 contains privileged attorney-client communications, or is otherwise protected from

28 disclosure by any privileges, laws or rules. MGA shall not produce such information

6

*10*

1   in response to Mattel's interrogatories. Any disclosure of such protected or

2   privileged information is inadvertent and shall not be construed as a waiver of those

3   privileges or protections. MGA reserves the right to correct the record with regard to

4   any such inadvertent disclosure, as provided for in the Protective Order governing

5   this case.

6         16.    MGA objects to each of Mattel's interrogatories because Mattel

7   has propounded more than 50 interrogatories, including discrete subparts. Under

8   Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

9   side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

10        17.    The responses below shall not be construed as an admission as to

11   the relevance or admissibility of any statement or characterization contained in any

12   interrogatory. MGA reserves all objections, including without limitation, objections

13   as to competency, relevance, materiality, privilege, authenticity, or admissibility.

14        18.    To the extent MGA responds to an interrogatory, it does so

15   without waiving or intending to waive but rather, on the contrary, preserving and

16   intending to preserve, its contention that anything Mr. Bryant did on weekends,

17   evenings, vacation and any other time outside ordinary business hours was not done

18   while he was working for Mattel. MGA's response may not be taken as an admission

19   that the information it provides in its response in any way reflects or evidences work

20   performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

21   agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

22   interrogatory.

23   **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

24        Without waiving or departing from its General Response and General

25   Objections, and specifically incorporating them in its response to each interrogatory

26   below, MGA makes the following additional objections and responses to specific

27   interrogatories:

28

EXHIBIT *10*

PAGE *692*

**INTERROGATORY NO. 45:**

IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a) the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR licensees, (b) the gross and net revenue received by YOU from such SALES of each such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such BRATZ PRODUCT.

**RESPONSE TO INTERROGATORY NO. 45:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and "IDENTIFY" insofar as it is used to refer to a "BRATZ PRODUCT." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the interrogatory on the grounds that it is oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile detailed financial reports of information not reasonably available to MGA solely for the purpose of responding to this interrogatory.

MGA objects to this interrogatory on the grounds that it is compound in that it asks four discrete subparts with respect to numerous "BRATZ PRODUCTS." MGA further objects because the interrogatory additionally contains discrete subparts which, due to the use of Mattel's defined terms, require separate, distinct and multiple responses. Specifically, Mattel's definitions of the terms "IDENTIFY"

8

EXHIBIT *10*

NO. CV 04-9049 SGL (RNBx)

PAGE **693**

1  and "BRATZ PRODUCT" require MGA to provide separate, distinct, and multiple

2  responses.  For example, Mattel's definition of the term "IDENTIFY" in the context

3  of this interrogatory purports to require MGA to provide a multitude of discrete facts

4  for each BRATZ PRODUCT, including:  (a) the full name of the product; (b) the

5  number of the product; (c) the SKU of the product; (d) any other applicable

6  designation of the product useful for identification; (e) the period of time during

7  which the product was, has been or will be SOLD; and (f) the IDENTITY of each

8  PERSON who has licensed from YOU the right to SELL such BRATZ PRODUCT.

9  This interrogatory is further compounded by Mattel's definition of "IDENTITY,"

10  which purports to require MGA to provide the following information for each of the

11  "natural persons" requested to be identified as part of Mattel's definition of

12  "IDENTIFY," above:  (1) the individual's name; (2) any known business title; (3) the

13  current or last known business affiliation; (4) current or last known residential

14  address; (5) current or last known business address; (6) current or last known

15  relationship to MGA; and (7) current or last known telephone number.  Additionally,

16  through Mattel's definition of "YOU," this interrogatory asks for all of the foregoing

17  information about "BRATZ PRODUCT" sold by each of the multiple separate

18  responding parties in this litigation.

19          MGA further objects to this interrogatory on the ground that it is

20  premature because the subject matter of this interrogatory will be the subject of

21  expert testimony at trial.  MGA objects to this interrogatory to the extent it seeks to

22  limit the expert testimony that MGA may seek to introduce at trial.  MGA will

23  identify its experts and make related disclosures in accordance with the Court's

24  orders and applicable rules.

25          MGA further objects to the extent that this interrogatory seeks

26  information that is beyond MGA's personal knowledge and is not in MGA's

27  possession, custody, or control.  MGA also objects to this interrogatory to the extent

28  it calls for information already produced in this litigation or more easily obtainable

MGA'S RESPONSES TO MATTEL INC.'S SIXTH SET OF INTERROGATORIES          NO. CV 04-9049 SGL (RNBx)

EXHIBIT  *10*

PAGE  *694*

1   from other sources.  MGA objects to providing responses to interrogatories that can

2   be derived from documents that have been or will be produced (when requested in

3   compliance with Rule 26) and where the burden to derive such information is

4   substantially the same for Mattel as it is for MGA.  MGA further objects to this

5   interrogatory as premature to the extent it seeks financial information purportedly

6   relevant to a claim for punitive damages as there is presently no judgment for

7   punitive damages against MGA.

8          MGA objects to this interrogatory because Mattel has propounded more

9   than 50 interrogatories.  Under Judge Larson's order of February 22, 2007,

10   "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-

11   SGL and CV 05-02727.]"

12          Subject to and without waiving the foregoing objections, MGA

13   responds as follows:  To the extent the information sought in this interrogatory is

14   within the possession, custody or control of MGA and knowable absent expert

15   analysis, such information may be derived or ascertained from the business records

16   of MGA, and the burden of deriving or ascertaining such information is substantially

17   the same for Mattel as it is for MGA.  Therefore, pursuant to Rule 33(d) of the

18   Federal Rules of Civil Procedure, MGA will specify and produce to Mattel copies of

19   the records from which the answer to this interrogatory may be derived or

20   ascertained.

21

22   DATED:  November 26, 2007

23

24                 SKADDEN, ARPS, SLATE, MEAGHER &
                 FLOM LLP

25

26          By: _____
                 Thomas J. Nolan

27                 Attorneys for Counter-Defendants, MGA
                ENTERTAINMENT, INC., ISAAC LARIAN,

28                 MGA ENTERTAINMENT (HK) LTD., and
                MGAE de MEXICO S.R.L. de C.V.

## VERIFICATION

I, Lisa Tonnu, declare:

I am an officer of MGA ENTERTAINMENT, INC., a corporation organized and existing under the laws of California, which is a defendant-in-intervention in the above-entitled action, and I have been authorized to make this verification on its behalf.

I have read the foregoing MGA'S OBJECTIONS AND RESPONSES TO MATTEL'S SIXTH SET OF INTERROGATORIES and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at Van Nuys, California on this 26th day of November, 2007.

11

EXHIBIT 10

PAGE 696

**Exhibit 11**

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-5974

**RECEIVED**

**DEC 0 7 2007**

DIRECT DIAL
415-984-2647
EMAIL ADDRESS
TMILLER@SKADDEN.COM

TEL: (415) 984-6400

FAX: (415) 984-2698

www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 7, 2007

<u>Via Hand Delivery</u>

Scott B. Kidman, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:    <u>Mattel v. Bryant, et al.</u>

Dear Scott:

I enclose documents produced by MGA Entertainment, Inc. ("MGA") in response to Mattel's Second Set of Requests for Production of Documents. The documents are Bates numbered MGA 3709872 through MGA 3745687 and are marked CONFIDENTIAL-ATTORNEYS EYES ONLY under the protective order. In addition, these documents are produced pursuant to Rule 33(d) of the Federal Rules of Civil Procedure in response to Mattel's Interrogatory No. 45.

This production substantially completes MGA's production of documents in response to Mattel's Second Set of Requests for Production. MGA is assembling a small amount of additional data and will produce it to you as soon as it becomes available. The enclosed documents include far more than the financial information that was the focus of Mattel's November 26, 2007, Motion to Compel Production of Documents, including the reports listed on <u>Exhibit A</u> to this letter. We therefore request that you withdraw the motion.

Please do not hesitate to call if you have any questions.

Very truly yours,

*Timothy A. Miller*

Timothy A. Miller

EXHIBIT 11

PAGE 696

Scott B. Kidman, Esq.
December 7, 2007
Page 2

## <u>Exhibit A to December 7, 2007, Letter from</u>

## <u>Timothy A. Miller to Scott B. Kidman</u>

I.  Profit-and-Loss Statements

    A.  Statements of operations by year (2001-2006)

    B.  Statements of operations by month (2002, 2003, 2006)

    C.  Statements of operations, by month, for seven months ended July 31, 2007

    D.  Statements of operations, YTD, for seven months ended July 31, 2007

II.  Sales & Returns Data

    A.  By customer (2001-2006)

    B.  By SKU (2001-2006)

    C.  By SKU sales (2001-2006)

III.  Advertising media expense (2006 Actual, 2007 YTD)

IV.  Advertising production expense (2006 Actual, 2007 YTD)

V.  Tooling costs & depreciation (2002-2006, 2007 through October 31)

VI.  Great Plains to Axapta Account Map

VII.  Royalty Data

    A.  Carter Bryant, by quarter (Q201 – Q307)

    B.  Bratz sub-licensors

        1.  Lovins (2002-2006, Q1-Q3 2007)

        2.  Parinchy (2004-2006, Q1-Q2 2007)

VIII.  Item Master

    A.  Fall 2001 long price list

    B.  Spring 2001 long price list

    C.  Fall 2002 price list



EXHIBIT 11
PAGE 697

Scott B. Kidman, Esq.
December 7, 2007
Page 3

      D.      Spring 2002 long price list

      E.      Fall 2003 price list

      F.      Spring 2003 price list

      G.      2004 HK Part Data as of 5/17/2004

      H.      2005 HK Standard Costs as of 12/31/2005

      I.      2006 HK Item Master as of 12/5/2006

      J.      2007 HK Standard Costs as of 1/23/2007

      K.      Mapping of Sales Item Attributes to Description

IX.     Entertainment

      A.      DVD Revenue/Cost/Amortization Schedule (Dec. 2006 YTD)

      B.      TV Syndication Revenue and Production Cost (Oct. 2007 YTD)

X.     Licensee payment logs

EXHIBIT _11_

PAGE _698_

**Exhibit 12**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-5974

TEL: (415) 984·6400
FAX: (415) 984·2698
www.skadden.com

**RECEIVED**

DEC 1 2 2007

DIRECT DIAL
415·984·2647
EMAIL ADDRESS
TMILLER@SKADDEN.COM

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
S ANGELES
NEWARK
NEW YORK
PALO ALTO
RESTON
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 12, 2007

<u>Via Hand Delivery</u>

Scott B. Kidman, Esq.
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

RE:   <u>Mattel v. Bryant, et al.</u>

Dear Scott:

Further to my letter to you dated December 7, 2007, I enclose additional documents produced by MGA Entertainment, Inc. ("MGA") in response to Mattel's Second Set of Requests for Production of Documents. The documents are Bates numbered MGA 3745688 through MGA 3746620 and are marked CONFIDENTIAL-ATTORNEYS EYES ONLY under the protective order. In addition, these additional documents are produced pursuant to Rule 33(d) of the Federal Rules of Civil Procedure in response to Mattel's Interrogatory No. 45.

The enclosed documents consist of reports containing the following data: (i) October 2007 year-to-date sales by SKU; (ii) October 2007 year-to-date sales by customer; and (iii) October 2007 year-to-date returns by SKU. This production completes MGA's production of documents within its possession, custody or control in response to Requests 3-39 and 41-42 of Mattel's Second Set of Requests for Production. The documents produced by MGA do not contain data reflecting profit on a per-product basis because MGA does not have documents responsive to the requests seeking such information within its possession, custody or control.

The enclosed documents include far more than the financial information that you sought in Mattel's November 26, 2007, Motion to Compel Production of Documents, and constitutes the "starting point" for our respective

EXHIBIT   12

PAGE   699

Scott B. Kidman, Esq.
December 12, 2007
Page 2

experts' analyses that we promised to provide Mattel.  We therefore renew our
request that you withdraw your motion.

    Please do not hesitate to call if you have any questions.

        Very truly yours,

        *Timothy A. Miller/PHW*

    Timothy A. Miller

EXHIBIT 12

PAGE 700

**Exhibit 13**

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)

13              Plaintiff,                 Consolidated with Case Nos. CV 04-
                                           9059 and CV 05-2727
14       vs.
                                           MATTEL, INC.'S SUPPLEMENTAL
15  MATTEL, INC., a Delaware               INTERROGATORIES
    corporation,
16
                Defendant.
17

18  AND CONSOLIDATED ACTIONS

19

20

21
    PROPOUNDING PARTY:        Mattel, Inc.
22
    RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter
23
                              Bryant, MGA Entertainment (HK) Limited, MGAE
24
                              de Mexico S.R.L. de C.V., and Carlos Gustavo
25
                              Machado Gomez
26
    SET NO.:                  SUPPLEMENTAL
27

28

EXHIBIT __13__

PAGE __701__

MATTEL'S SUPPLEMENTAL INTERROGATORIES

Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc. ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez (collectively, "the Responding Parties") individually answer the following Interrogatories separately and fully, in writing and under oath, within 30 days after service hereof.  The Responding Parties shall be obligated to supplement their responses to the Interrogatories at such times and to the extent required by the <u>Federal Rules of Civil Procedure</u>.

### Definitions

1.      "YOU" and "YOUR" mean each of the Responding Parties.

2.      "MGA" means MGA Entertainment, Inc., any of its current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control. Without limiting the foregoing, "MGA" includes the entities known as ABC International Traders or ABC International Traders, Inc.  For purposes of the these Interrogatories, "MGA" does not include BRYANT.

3.      "MATTEL" means Mattel, Inc., its current employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf, pursuant to its authority or subject to its control.

4.      "AFFILIATES" means any and all corporations, proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or indirectly, in whole or in part, own or control, are under common ownership or control with, or are owned or controlled by a PERSON, party or entity, including without limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

1      5.    "PERSON" or "PERSONS" means all natural persons, partnerships,

2   corporations, joint ventures and any kind of business, legal or public entity or

3   organization, as well as its, his or her agents, representatives, employees, officers and

4   directors and any one else acting on its, his or her behalf, pursuant to its, his or her

5   authority or subject to its, his or her control.

6      6.    "DESIGN" or "DESIGNS" means any and all representations,

7   whether two-dimensional or three-dimensional, and whether in tangible, digital,

8   electronic or other form, including but not limited to all works, designs, artwork,

9   sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

10   diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

11   practice, developments, inventions and/or improvements, as well as all other items,

12   things and DOCUMENTS in which any of the foregoing are or have been expressed,

13   embodied, contained, fixed or reflected in any manner, whether in whole or in part.

14      7.    "BRATZ" means any project, product, doll or DESIGN ever known

15   by that name (whether in whole or in part and regardless of what such project, product

16   or doll is or has been also, previously or subsequently called) and any product, doll or

17   DESIGN or any portion thereof that is now or has ever been known as, or sold or

18   marketed under, the name or term "Bratz" (whether in whole or in part and regardless

19   of what such product, doll or DESIGN or portion thereof is or has been also, previously

20   or subsequently called) or that is now or has ever been sold or marketed as part of the

21   "Bratz" line, and each version or iteration of such product, doll or DESIGN or any

22   portion thereof.  As used herein, "product, doll or DESIGN or any portion thereof" also

23   includes without limitation any names, fashions, accessories, artwork, packaging or any

24   other works, materials, matters or items included or associated therewith.  Without

25   limiting the generality of the foregoing, the term "BRATZ" does not and shall not

26   require that there be a doll existing at the time of the event, incident or occurrence that

27   is the subject of, or otherwise relevant or responsive to, the Interrogatories.

28

EXHIBIT   _13_

PAGE   _703_

-3-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

8.     "SOLD," "SELL" or "SALE" means to distribute, market, license, sell, offer to sell, or convey or transfer in any way for compensation.

9.     "DOCUMENT" or "DOCUMENTS" means all "writings" and "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

10.     "COMMUNICATION" or "COMMUNICATIONS" means and includes any disclosure, transfer or exchange of information between two or more PERSONS, whether orally or in writing, including without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, including without limitation in written, audio or video form.

11.     "MACHADO" means Carlos Gustavo Machado Gomez, and all of his current or former employees, agents, representatives, attorneys, accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-

1  in-interest, and any other PERSON acting on his behalf, pursuant to his authority or

2  subject to his control.

3      12.   "TRUEBA" means Mariana Trueba Almada, and all of her current

4  or former employees, agents, representatives, attorneys, accountants, vendors,

5  consultants, independent contractors, predecessors-in-interest and successors-in-

6  interest, and any other PERSON acting on her behalf, pursuant to her authority or

7  subject to her control.

8      13.   "VARGAS" means Pablo Vargas San Jose, and all of his current or

9  former employees, agents, representatives, attorneys, accountants, vendors, consultants,

10  independent contractors, predecessors-in-interest and successors-in-interest, and any

11  other PERSON acting on his behalf, pursuant to his authority or subject to his control.

12      14.   "BRAWER" means Ron Brawer, and all of his current or former

13  employees, agents, representatives, attorneys, accountants, vendors, consultants,

14  independent contractors, predecessors-in-interest and successors-in-interest, and any

15  other PERSON acting on his behalf, pursuant to his authority or subject to his control.

16      15.   "CASTILLA" means Jorge Castilla, and all of his current or former

17  employees, agents, representatives, attorneys, accountants, vendors, consultants,

18  independent contractors, predecessors-in-interest and successors-in-interest, and any

19  other PERSON acting on his behalf, pursuant to his authority or subject to his control.

20      16.   "COONEY" means Dan Cooney, and all of his current or former

21  employees, agents, representatives, attorneys, accountants, vendors, consultants,

22  independent contractors, predecessors-in-interest and successors-in-interest, and any

23  other PERSON acting on his behalf, pursuant to his authority or subject to his control.

24      17.   "BRISBOIS" means Janine Brisbois, and all of her current or former

25  employees, agents, representatives, attorneys, accountants, vendors, consultants,

26  independent contractors, predecessors-in-interest and successors-in-interest, and any

27  other PERSON acting on her behalf, pursuant to her authority or subject to her control.

28

07209/2239571.2

EXHIBIT _13_

PAGE _705_

-5-

1    18.    "RAE" means Ron Rae, and all of his current or former employees,

2   agents, representatives, attorneys, accountants, vendors, consultants, independent

3   contractors, predecessors-in-interest and successors-in-interest, and any other PERSON

4   acting on her behalf, pursuant to her authority or subject to his control.

5    19.    "CONTRERAS" means Nick Contreras, and all of his current or

6   former employees, agents, representatives, attorneys, accountants, vendors, consultants,

7   independent contractors, predecessors-in-interest and successors-in-interest, and any

8   other PERSON acting on her behalf, pursuant to her authority or subject to his control.

9    20.    "ABUNDIS" means Ricardo Abundis, and all of his current or

10   former employees, agents, representatives, attorneys, accountants, vendors, consultants,

11   independent contractors, predecessors-in-interest and successors-in-interest, and any

12   other PERSON acting on her behalf, pursuant to her authority or subject to his control.

13    21.    The "FORMER MATTEL EMPLOYEES" means MACHADO,

14   TRUEBA, VARGAS, BRAWER, CASTILLA, COONEY, BRISBOIS, CONTRERAS,

15   RAE, ABUNDIS, and any other former Mattel employee or contractor who

16   misappropriated Mattel trade secrets or violated his or her obligations to maintain the

17   confidentiality of Mattel's trade secrets.

18    22.    "REFER OR RELATE TO" a given subject matter means relate to,

19   refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

20   state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

21   or in any way pertain to that subject matter, either directly or indirectly.

22    23.    "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

23   9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

24   therewith.

25    24.    "SLEEKCRAFT FACTORS" means those factors enumerated in

26   AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), and includes specifically:

27   (1) strength of the mark; (2) similarity of the marks; (3) relatedness of the goods; (4)

28   marketing channels; (5) type of goods and purchaser's likely degree of care; (6)

07209/2239571.2

EXHIBIT 13

PAGE 706

-6-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1    evidence of actual confusion; (7) likelihood of expansion of the product lines; and (8)

2    defendant's intent in selecting the mark.

3           25.    "MATTEL DOCUMENTS" means any and all DOCUMENTS

4    stolen, obtained or taken from MATTEL by any PERSON, including but not limited to

5    the DOCUMENTS identified as Bates Numbers M 0019162-M 0019365, M 0019375-

6    M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M

7    0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M 0029043-M

8    0029044, M 0029045-M 0029050, M 0029051-M 0029053, M 0031471-M 0031473, M

9    0029054-M 0029255, M 0031474-M 0031485, M 0029226-M 0030163, M 0030164-M

10    0030173, M 0030174-M 0030183, M0030261-M 0030268, M 0030269-M 0030278, M

11    0030440-M 0030441, M 0030505-M 0030575, M 0030577-M 0030608, M 0019366-M

12    0019374, M 0030184-M 0030240, M 0030254-M 0030260, M 0030279-M 0030439, M

13    0030442-M 0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M

14    0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M 0030675-M

15    0030754, M 0030755-M 0030756, M 0030770-M 0030782, M 0030757-M 0030769, M

16    0030783-M 0030788, M 0030789-M 0030799, M 0030800-M 0030834, M 0030835, M

17    0030836-M 0030838, M 0030839-M 0030841, M 0030842-M 0030845, M 0030846-M

18    0030850, M 0030851- M 0030959, M 0030960-M 0030972, M 0030973-M 0031141,

19    M 0031142-M 0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173,

20    M 0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M

21    0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M 0031263-M

22    0031264, M 0031265, M 0031266, M 0031267, M 0031268, M 0031269, M 0031270-

23    M 0031278, M 0031279-M 0031280, M 0031281-M 0031282, M 0031283-M 0031291,

24    M 0031292-M 0031470, M 0032318, M 0031486-M 0031503, M 0031504-M 0031612,

25    M 0031613-M 0031860, M 0031863-M 0031864, M 0031865-M 0031919, M

26    0031861-M 0031862, M 0031925-M 0032000, M 0031920-M 0031924, M 0032001-M

27    0032009, M 0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M

28    0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M 0075253-M

EXHIBIT   _13_

PAGE   _707_

-7-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  0075260, M 0075261-M 0075277, M 0075278-M 0075289, M 0075290-M 0075307, M

2  0075308-M 0075309, M 0075310-M 0075315, M 0075316-M 0075317, M 0075318-M

3  0075322, M 0075323-M 0075324, M 0075325, M 0075326-M 0075328, M 0075329-M

4  0075333, M 0075334-M 0075375, M 0075376-M 0075378, M 0075379-M 0075380, M

5  0075381-M 0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390,

6  M 0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M 0075407,

7  M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M 0075421, M

8  0075422-M 0075469, M 0075470-M 0075490, M 0075491-M 0075494, M 0075495-M

9  0075515, M 0075516-M 0075531, M 0075532-M 0075552, M 0075553-M 0075572, M

10  0075573, M 0075574-M 0075594, M 0075595-M 0075616, M 0075617, M 0075618-M

11  0075619, M 0075620-M 0075635, M 0075636-M 0075654, M 0075655-M 0075661, M

12  0075662-M 0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M

13  0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M 0075842, M

14  0075843-M 0075906, M 0075907-M 0075949, M 0075950-M 0076018, M 0076019, M

15  0076020-M 0076132, M 0076133-M 0076143, M 0076144-M 0076145, M 0076146-M

16  0076148, M 0076149-M 0076155, M 0076156-M 0076169, M 0076170-M 0076171, M

17  0076172-M 0076196, M 0076197-M 0076215, M 0076216-M 0076250, M 0076251-M

18  0076264, M 0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M

19  0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M 0076426-M

20  0076427, M 0076428-M 0076431, M 0076432- M 0076442, M 0076443-M 0076446,

21  M 0100646-M 0100653, M 0098687-M 0098688, M 0098689-M 0098697, M

22  0098698-M 0098723, M 0098724-M 0098771, M 0098772-M 0098832, M 0098833-M

23  0098846, M 0098847-M 0098865, M 0098866-M 0098879, M 0098880-M 0098883, M

24  0098884-M 0098933, M 0098934-M 0098936, M 0098937-M 0098971, M 0098972-M

25  0099436, M 0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M

26  0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M 0099494-M

27  0099529, M 0099530-M 0099594, M 0099595-M 0099597, M 0099598-M 0099601, M

28  0099602-M 0099618, M 0099619-M 0099628, M 0099629-M 0099656, M 0099657-M

1  0099665, M 0099666-M 0099725, M 0099726-M 0100622, M 0100623-M 0100645, M

2  0100646-M 0100653, M 0100654-M 0100695, M 0100696-M 0100698, M 0100699-M

3  0100700, M 0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M

4  0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M 0100783-M

5  0100789, M 0100790-M 0100795, M 0100796-M 0100858, M 0100859-M 0100868, M

6  0100869-M 0100878, M 0100879-M 0100891, M 0100892-M 0100905, M 0100906-M

7  0100918, M 0100919-M 0100932, M 0100933-M 0100941, M 0100942-M 0100952, M

8  0100953, M 0100954-M 0100955, M 0100956-M 0100983, M 0100984-M 0101013, M

9  0101014-M 0101064, M 0101065 and M 0101069-M 0101128.

10     26.   "DIGITAL INFORMATION" means any information created or

11  stored digitally, including but not limited to electronically, magnetically or optically.

12     27.   "STORAGE DEVICE" means any computer hard drive, memory,

13  USB device, tape, storage array or any other device or medium that allows a user,

14  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

15  retain, store or maintain DIGITAL INFORMATION.

16     28.   "SOURCE OF INFORMATION" means any medium containing

17  DOCUMENTS or other information, whether in paper, electronic or other form,

18  including but not limited to any STORAGE DEVICE, file, file cabinet or other any

19  other source of information or DOCUMENTS.

20     29.   "COLLECT," "COLLECTED" or "COLLECTION," with reference

21  to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,

22  analyze or in any other way collect or review or attempt to collect or review such

23  DOCUMENTS in connection with YOUR search for, review of and/or production of

24  DOCUMENTS in this ACTION.

25     30.   "IDENTIFY" or "IDENTITY" means the following:

26     (a)   with reference to an individual or individuals, means to state,

27  fully and separately as to each, such individual's full name, any known business title,

28  current or last known business affiliation, current or last known residential address,

1 current or last known business address, current or last known relationship to MGA, and
2 current or last known telephone number.

3          (b)      with reference to an entity or entities, means to state, fully and
4 separately as to each, such entity's full name, state (or country) of incorporation or
5 organization, present or last known address, and present or last known telephone
6 number.

7          (c)      with reference to a SOURCE OF INFORMATION, means
8 to describe and state, fully and separately as to each, the SOURCE OF
9 INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION
10 and differentiate each such SOURCE OF INFORMATION from all other SOURCES
11 OF INFORMATION, including without limitation by stating its nature (e.g., USB
12 drive, computer hard drive, file cabinet, etc.), and any unique identifier information
13 (such as hard drive serial number); the physical location(s), including full address
14 information and full identifying computer network drive information if applicable, of
15 each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of
16 DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such
17 DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the
18 IDENTITY of each natural person or individual who is, was or has been associated
19 with each such SOURCE OF INFORMATION; the date(s) on which YOU
20 COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in
21 connection with this ACTION; and the IDENTITY of any DOCUMENTS, by Bates
22 number, that YOU have produced from each such SOURCE OF INFORMATION to
23 Mattel in this ACTION.

24          (d)      with reference to any other DOCUMENT or DOCUMENTS,
25 means to describe each DOCUMENT by Bates number.    In the event that a
26 DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
27 such DOCUMENT, to provide a complete description of it such that it may be the
28 subject of a request for the production of documents, including by stating the date,

07209/2239571.2

EXHIBIT  13

PAGE  710

-10-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  identity of the author, addressee(s), signatories, parties, or other PERSONS identified
2  therein, its present location or custodian and a description of its contents.

3       (e)    with reference to the payment of money or other item of
4  value, or any promise, agreement, proposal or offer to pay money or any item of value,
5  means to state the amount of the payment or the value of the item, the IDENTITY of
6  the payor, the IDENTITY of the payee, the IDENTITY of the PERSON on whose
7  behalf it is being made, the IDENTITY of the PERSON on whose behalf it is being
8  received, the date(s) on which such payment or item of value was paid, promised,
9  agreed to be paid, proposed or offered, the nature of the method of payment (e.g., cash,
10  check) and any identifying information accompanying such payment (e.g., check
11  number), and the IDENTITY of each bank or financial institution involved therein.

12       31.   "Any" as used in these interrogatories includes the word "all," and
13  the word "all" as used in these interrogatories includes the word "any."

14       32.   The singular form of a noun or pronoun includes within its meaning
15  the plural form of the noun or pronoun so used, and vice versa; the use of the masculine
16  form of a pronoun also includes within its meaning the feminine form of the pronoun so
17  used, and vice versa; the use of any tense of any verb includes also within its meaning
18  all other tenses of the verb so used, whenever such construction results in a broader
19  request for information; and "and" includes "or" and vice versa, whenever such
20  construction results in a broader disclosure of documents or information.

21

22       **Instructions**

23       A.   When   an   interrogatory   requests   disclosure   of   a
24  COMMUNICATION or other information as to which YOU claim any privilege or
25  protection as a ground for nondisclosure, identify each PERSON who participated in or
26  had knowledge of the COMMUNICATION or other information and provide the
27  following:

28       (i)    the privilege or protection that YOU claim precludes disclosure;

1       (ii)    the subject matter of the COMMUNICATION or information

2              (without revealing the content as to which the privilege is claimed);

3              and

4       (iii)   any additional facts or grounds on which YOU base YOUR claim

5              of privilege or protection.

6       B.    When an interrogatory requests that YOU provide information,

7 YOU are required to supply all information known by or available to YOU or YOUR

8 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

9 cannot completely answer the interrogatory after making diligent efforts to do so,

10 please so state. Then describe in detail all efforts made to answer the interrogatory;

11 identify every PERSON involved in such efforts; and state the additional information

12 YOU need, if any, to respond completely to the interrogatory.

13

14                         **Interrogatories**

.15

16 INTERROGATORY NO. 51:

17       For each concept, design, product, product packaging or other matter that

18 YOU contend MATTEL has copied, infringed or diluted, including but not limited to

19 those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re

20 Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental

21 Responses to such Interrogatory), describe, fully and separately, each and every

22 concept, design, product, product packaging or other matter of or by MATTEL that

23 YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s),

24 product(s), product packaging or other matter. Your answer should describe the Mattel

25 concept, design, product, product packaging or other matter with specificity and in

26 detail (including without limitation by product name, product number, SKU, or bar

27 code number), and specify those elements or attributes of YOUR claimed concept,

28

EXHIBIT 13

PAGE 712

-12-

1   design, product, product packaging or other matter that YOU contend were copied,
2   infringed or diluted by MATTEL.
3
4   <u>INTERROGATORY NO. 52:</u>
5           For each trade dress that YOU contend MATTEL copied, infringed or
6   diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that
7   incorporates such trade dress and, for each such product, separately state (a) the number
8   of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue
9   received by YOU from such SALES of each such product; (c) all costs YOU have
10  incurred in connection with each product, including but not limited to YOUR cost of
11  good sold, and (d) YOUR gross and net profits from each such product.
12
13  <u>INTERROGATORY NO. 53:</u>
14          For each MATTEL concept, design, product, product packaging or other
15  matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as
16  to affiliation, connection, or association, or as to origin, sponsorship, or approval,
17  separately state all facts that support YOUR contention of such, including but not
18  limited to all facts that support YOUR contention, if YOU so contend, that any of the
19  SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS
20  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO
21  such facts.
22
23  <u>INTERROGATORY NO. 54:</u>
24          For each concept, design, product, product packaging or other matter that
25  YOU contend MATTEL copied, infringed or diluted, state all facts that support
26  contention, if YOU so contend, that such copying or infringement was intentional or
27  willful, and IDENTIFY all PERSONS with knowledge of such facts and all
28  DOCUMENTS that REFER OR RELATE TO such facts.

07209/2239571.2

EXHIBIT _13_

PAGE _713_

-13-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1

2  INTERROGATORY NO. 55:

3          State all facts which support the allegation in Paragraph 120 of YOUR

4  COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution

5  of the distinctive look of MGA's products and trade dress," and IDENTIFY all

6  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

7  RELATE TO such facts.

8

9  INTERROGATORY NO. 56:

10         IDENTIFY all MATTEL DOCUMENTS that MGA has obtained,

11 received, reviewed, copied, reproduced, transmitted, requested or used at any time since

12 January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

13 DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

14

15 INTERROGATORY NO. 57:

16         IDENTIFY all DOCUMENTS that REFER OR RELATE TO any

17 MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES

18 provided, transmitted or disclosed to, shared with or used on behalf of MGA at any

19 time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such

20 facts.

21

22 INTERROGATORY NO. 58:

23         State all facts which support YOUR contention, if YOU so contend, that

24 YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper

25 means, and IDENTIFY all PERSONS with knowledge of such facts and all

26 DOCUMENTS that REFER OR RELATE TO such facts.

27

28

EXHIBIT __13__

PAGE __714__

-14-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  INTERROGATORY NO. 59:

2          State all facts which support YOUR contention, if YOU so contend, that

3  any information in the MATTEL DOCUMENTS does not and/or did not derive

4  independent economic value from not being generally known to the public or other

5  PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY

6  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

7  RELATE TO such facts.

8

9  INTERROGATORY NO. 60:

10          State all facts which support YOUR contention, if YOU so contend, that

11  any information in the MATTEL DOCUMENTS was known to the public or to

12  PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY

13  all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR

14  RELATE TO the foregoing.

15

16  INTERROGATORY NO. 61:

17          State all facts which support YOUR contention, if YOU so contend, that

18  YOU and/or MGA independently developed, or did not otherwise use or disclose, any

19  information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with

20  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

21  facts.

22

23  INTERROGATORY NO. 62:

24          State all facts which support YOUR contention that YOUR use or

25  disclosure of information in the MATTEL DOCUMENTS neither benefited YOU nor

26  MGA nor harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such

27  facts and all DOCUMENTS that REFER OR RELATE TO such facts.

28

1 INTERROGATORY NO. 63:

2          State all facts which support YOUR contention, if YOU so contend, that

3 YOU and/or MGA had, has or have any right to copy, possess, use or disclose any

4 MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts

5 and all DOCUMENTS that REFER OR RELATE TO such facts.

6

7 INTERROGATORY NO. 64:

8          To the extent YOU have not previously disclosed such information in a

9 prior interrogatory response YOU provided to Mattel, state all facts which support

10 YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

11 knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

12 facts.

13

14 INTERROGATORY NO. 65:

15          Describe in detail each and every action YOU have taken, or directed be

16 taken, to locate, maintain or preserve evidence which is, might be or could be relevant

17 or potentially relevant to THIS ACTION.

18

19 INTERROGATORY NO. 66:

20          IDENTIFY each and every SOURCE OF INFORMATION from which

21 YOU have COLLECTED DOCUMENTS for responsiveness and potential production

22 in THIS ACTION.

23

24 INTERROGATORY NO. 67:

25          IDENTIFY fully and separately each and every payment of money or

26 other item of value that YOU have made or given, or any promise, agreement, proposal

27 or offer by YOU to pay money or give any item of value, to or on behalf of any

28 PERSON identified in any of the parties' initial disclosures in this ACTION at any time

1    when such PERSON was not an employee of MGA, including without limitation with
2    respect to legal fees incurred by or on behalf of such PERSON.

4    <u>INTERROGATORY NO. 68:</u>

5          To the extent not disclosed in response to prior Interrogatories, IDENTIFY
6    fully and separately each and every payment of money or other item of value that MGA
7    has made, or any promise, agreement, proposal or offer by MGA to pay money or give
8    any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES,
9    including without limitation with respect to legal fees incurred by or on behalf of any of
10   the FORMER MATTEL EMPLOYEES.

12   <u>INTERROGATORY NO. 69:</u>

13         To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully
14   and separately each and every payment of money or other item of value that YOU have
15   made, or any promise, agreement, proposal or offer by YOU to pay money or give any
16   item of value, since January 1, 1998 to or on behalf of any PERSON who has been
17   employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON
18   while an MGA employee), including without limitation with respect to legal fees
19   incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

22   DATED: January 9, 2008        QUINN EMANUEL URQUHART OLIVER &
23                                 HEDGES, LLP

24                                 By
25                                    Michael T. Zeller
26                                    Attorneys for Mattel, Inc.

1
## PROOF OF SERVICE

2    I am employed in the County of Los Angeles, State of California.  I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5  California 90026.

6    On January 9, 2008, I served true copies of the following documents

7  described as:

8    **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES**

9  on the parties in this action as follows:

| | |
|---|---|
| 10 Skadden, Arps, Slate, Meagher & Flom LLP<br>11   Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>12 Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>13 Facsimile:  213.687.5600 | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| 14 Overland Borenstein Scheper & Kim, LLP<br>15   Mark E. Overland, Esq.<br>   David C. Scheper, Esq.<br>16   Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>17 Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>18 Facsimile:  213.613.4656 | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| 19 Keker & Van Nest, LLP<br>   John W. Keker, Esq.<br>20   Michael H. Page, Esq.<br>   Christa M. Anderson, Esq.<br>21 710 Sansome Street<br>San Francisco, CA 94111<br>22 Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for *Carter Bryant*** |

23

24  [√]   **[PERSONAL]** by personally delivering the document listed above to

25  the person(s) at the address(es) set forth above.

26

27

28

07209/2347614.1

EXHIBIT **13**

PAGE **718**

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1    I declare that I am employed in the office of a member of the bar of this court
2    at whose direction the service was made
3    Executed on January 9, 2008, at Los Angeles, California.
4
5                                          _David Quintana_
6                                          David Quintana
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2347614.1

EXHIBIT  13
PAGE  719

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

**Exhibit 14**

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER