privileged documents responsive to Request Nos. 20, 23, 27, and 28. However, Bryant may continue to redact his telephone records, and shall provide a signed verification that none of the telephone calls that were redacted relate or refer in any way to MGA, Bratz, or any other project that Bryant worked on, with, for, or on behalf of MGA. Telephone calls that do not relate or refer in any way to MGA or Bratz are irrelevant.

Request Nos. 49, 51: Mattel-Related Documents

Mattel seeks production of Mattel-related documents, and Bryant agrees to produce them. Accordingly, Bryant is ordered to produce all documents responsive to Request Nos. 49 and 51.

Request No. 9: Documents re Registrations and Applications for Registrations

Lastly, in Request No. 9 Mattel seeks production of documents registrations and registrations and applications for registration. Bryant deems the motion moot with respect to Request No. 9 because he agrees to produce any patent, copyright and trademark applications, registrations or other non-privileged documents in his possession, custody or control that constitute or relate to such applications and registrations obtained or applied in connection with (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation Bratz dolls; and (3) work related to any work Bryant performed with, for or on behalf of MGA during the term of Bryant's employment with Mattel.

As discussed previously, the Discovery Master finds that the First Generation Bratz limitation is improper. Therefore, Bryant is ordered to produce all non-privileged documents responsive to Request No. 9.

IV. CONCLUSION

For the reasons set forth above, the Discovery Master orders as follows:

1. Mattel's motion to compel production of documents responsive to its First Set of Requests for Production, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

35, 36, 37, 40, 41, 42. 43. 45, 46, 48, 49, 51, 53, 54, and 55, is GRANTED. However, Bryant need not produce his tax returns, on the condition that he complies fully with Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.

2. Bryant shall produce all redacted documents in un-redacted form, except for redactions that are justified by the attorney-client privilege or work product doctrine or his telephone records pursuant to the terms of this Order.

3. Bryant shall serve a complete privilege log in conformity with Rule 26(b)(5), Fed.R.Civ.P.

4. Pursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his computers for forensic imaging.

5. Bryant shall complete his production by producing missing attachments, fax cover pages and all other missing responsive documents.

6. Mattel's request for an award of sanctions in the amount of $7,805 is DENIED.

7. Bryant shall comply with this Order no later than February 23, 2007. Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

IT IS SO ORDERED.

Dated: January 25, 2007

_____
HON. EDWARD A. INFANTE (Ret.)
Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 25, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drestagar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchjaklan Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchjakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT 24
PAGE 991

# Exhibit 25

CONFORMED COPY

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California 94111
Telephone: (415) 774-2611
Facsimile: (415) 982-5287

FILED 2007 AUG 21 PM 2:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
EASTERN DIVISION
BY:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S MOTION TO COMPEL MGA TO ANSWER REQUESTS FOR ADMISSION** |

## I. INTRODUCTION

On May 25, 2007, Mattel filed a "Motion To Compel MGA To Answer Requests For Admission And To Compel Amended Answers Or Order Requests Admitted And For Monetary Sanctions." On June 5, 2007, MGA filed an opposition, and on June 12, 2007, Mattel filed a reply. Thereafter the motion was deferred pending the resolution of MGA's motion to dismiss

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 25
PAGE 992

1

and completion of the meet and confer process. See Order Deferring Mattel's Motion to Compel MGA to Answer Requests for Admission. On June 27, 2007, Judge Larson entered an order denying MGA's motion to dismiss Mattel's trade secret claims, and on August 9, 2007, Mattel submitted an updated Statement of Rule 37-1 Compliance. Also on August 9, 2007, the parties submitted a joint statement indicating that they were able to resolve substantially all of the issues raised in Mattel's motion. As a result of the parties' meet and confer efforts, only the following requests for admission remain in dispute: Nos. 186-190, 192, 193, 199, 200, 206, 207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238 and 240 of Mattel's Third Set of Requests for Admission. Mattel also continues to seek monetary sanctions with respect to the requests for admission identified above.

For the reasons set forth below, Mattel's motion to compel is granted and the motion for sanctions is denied.

## II. BACKGROUND

On February 28, 2007, Mattel propounded its Third Set of Requests for Admission to MGA (the "Requests for Admission"). Among other things, the requests for admission ask MGA to admit that certain copyrighted works are derivative of other Bratz works and that certain copyrighted works are "substantially similar" to other Bratz works (Nos. 192, 193, 199, 200, 206, 207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238, and 240).[1] Other requests ask MGA to admit certain facts pertaining to statements MGA made to the press about MGA's and Mattel's labor practices (Nos. 186-190). The National Labor Committee issued a report titled "Made in China: The Sweatshop Behind the Bratz" documenting "sweatshop" conditions and labor abuses at the Hua Tai 4K factory in China where Bratz dolls are manufactured. According to Mattel, MGA stated in a press release that "it is not familiar with the company named in the report," that "MGA uses first rate factories in the orient to make its goods," and that "[t]he same factories make products for the world's biggest toy manufacturers including Mattel." Associated Press

---

[1] Hereinafter, these requests are collectively referred to as the "requests for admission regarding copyright registrations."

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 25
PAGE 993

article dated December 22, 2006, Kidman Decl., Ex. 21. Mattel's requests for admission ask MGA to admit that the Hua Tai 4k factory is one of the factories used by MGA to manufacture Bratz dolls (No. 186), that MGA made the above-reference statements to the media (Nos. 187-188), that as of the date of those statements, the Hua Tai 4K factory did not manufacture products for Mattel (No. 189), and that MGA knew the Hua Tai 4K factory did not manufacture products for Mattel (No. 190).

On March 30, 2007, MGA served its Responses objecting to the requests for admission regarding copyright registrations on the grounds that they called for "a legal conclusion" and "the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interests privilege or other privilege." Kidman Decl., Ex. 11. As for the remainder of the requests for admission at issue (Nos. 186-190), MGA objected that the requests were "vague and ambiguous" and sought information that was not relevant to any claim or defense in the suit. The instant motion ensued.

With respect to the requests for admission regarding copyright registrations, Mattel contends that Rule 36, Fed.R.Civ.P., authorizes requests that call for a legal conclusion so long as the legal conclusion relates to the facts of the case. Mattel contends that it has sued MGA for copyright infringement, and therefore the requests for admission regarding copyright registrations clearly relate to the facts of the case. Further, Mattel contends that MGA's privilege and work product objections are without merit. Mattel argues that a party cannot avoid answering requests for admission that involve the application of law to fact by claiming that it needs to confer with counsel in order to do so. Mattel contends that to hold otherwise would effectively gut the provision of Rule 36 authorizing such requests.

As to the remaining requests for admission, Mattel contends that they seek admissions that are clearly relevant to its claim that MGA has engaged in unfair competition by, among other things, "repeatedly issu[ing] false and misleading press releases" about Mattel. Mattel's Counterclaim, ¶¶81 and 165, Kidman Decl., Ex. 7. Mattel also contends that the requests for admission seek information relevant to Mattel's defenses to MGA's unfair competition claims and causation of alleged damages on those claims. For example, Mattel contends that the requests



for admission could show that any decline in sales, lost profits or loss of goodwill and reputation MGA seeks to attribute to Mattel's conduct was caused or contributed to the public's negative reaction to MGA's alleged "sweatshop" labor practices.

In opposition, MGA stands by its objections that the requests for admission regarding copyright registrations are improper because they call for a legal conclusion and require the disclosure of information protected by the attorney-client privilege and work product doctrine. MGA reasons that any knowledge it could have regarding whether copyright works are "derivative" or "substantially similar" to other works must necessarily come from the opinions of its counsel.

MGA contends that the remaining requests regarding its comments to the press are irrelevant to any claim or defense. MGA points out that Mattel's counterclaims do not mention any comments regarding the Hua Tai 4K factory or MGA's or Mattel's labor practices. Rather, Mattel's counterclaims are based upon alleged comments by Isaac Larian regarding Mattel's MyScene My Bling Bling dolls with real gems. Furthermore, MGA contends that the Request Nos. 186-190 cannot support any defense against MGA's unfair competition claims because those claims were filed well before the alleged press statements were made.

### III. DISCUSSION

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission and provides, in pertinent part, that "[a] party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Fed.R.Civ.P. 36(a). Further, "[a] party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it." Id.

"Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4



EXHIBIT 25
PAGE 995



from the case, and secondly, to narrow the issues by eliminating those that can be." The Advisory Committee Notes to the 1970 Amendment to Rule 36; see also Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1245 (9th Cir. 1981) ("The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial.").

The Advisory Committee Notes to the 1970 Amendment to Rule 36 provide the following additional guidance:

> As revised, the subdivision provides that a request may be made to admit any matters within the scope of Rule 26(b) that relate to statements or opinions of fact or of the application of law to fact. It thereby eliminates the requirement that the matters be "of fact." This change resolves conflicts in the court decisions as to whether a request to admit matters of "opinion" and matters involving "mixed law and fact" is proper under the rule. . . .
>
> * * *
>
> Not only is it difficult as a practical matter to separate "fact" from "opinion," see 4 *Moore's Federal Practice* ¶36.04 (2d ed. 1966); cf. 2A Barron & Holtzoff, *Federal Practice and Procedure* 317 (Wright ed. 1961), but an admission on a matter of opinion may facilitate proof or narrow the issues or both. An admission of a matter involving the application of law to fact may, in a given case, even more clearly narrow the issues. For example, an admission that an employee acted in the scope of his employment may remove a major issue from the trial. In *McSparran v Hanigan*, [225 F. Supp. 628 (E.D. Pa. 1963)], plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants, 225 F.Supp. at 636. This admission, involving law as well as fact, removed one of the issues from the lawsuit and thereby reduced the proof required at trial. The amended provision does not authorize requests for admissions of law unrelated to the facts of the case.

1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P.

### Requests For Admission re Copyright Registrations (Nos. 192, 193, 199, 200, 206, 207, 213, 214, 222-224, 226, 228, 230, 232, 234, 236, 238, and 240)

Mattel's requests for admission regarding copyright registrations are written in essentially the same format. For example, Request No. 192 asks MGA to "[a]dmit that the work registered as VA 1-090-287 is a derivative of the work registered as VA 1-218-487." Kidman Decl., Ex. 11. Request No. 193 asks MGA to "[a]dmit that the work registered as VA 1-090-287 is substantially similar to the work registered as VA 1-218-487." Id.

Rule 36 plainly states that requests for admission may "relate to statements or opinions of fact or the application of law to fact." Mattel's requests for admission fall within this permissible

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5



EXHIBIT 25
PAGE 996

category. Courts have required parties to answer requests for admission similar to Mattel's requests. For example, in McSparran, supra, the plaintiff admitted that "the premises on which said accident occurred, were occupied or under the control" of one of the defendants. In Marchand v. Mercy Med. Ctr., 22 F.3d 933, 937 (9th Cir. 1994), the Ninth Circuit found that a request to admit that defendant's care and treatment of plaintiff failed to comply with the "applicable standards of care" was permissible. In First Options of Chicago, Inc. v. Wallenstein, 1996 WL 729816 (E.D. Pa. 1996), the court ordered defendants to answer requests to admit that they "owed a fiduciary duty" to certain creditors to preserve corporate assets. Id. at *3. In Treister v. PNC Bank, 2007 WL 521935 (S.D. Fla. 2007), the court found that a request for defendant to admit that it was not required to provide plaintiffs with copies of cancelled checks drawn on their accounts "clearly calls for an application of law to fact." Id. at *2.

Despite the stated purpose of the 1970 amendments to Rule 36 to "resolve conflicts in the court decisions as to whether a request to admit matters of 'opinion' and matters involving 'mixed law and fact' is proper under the rule, there apparently continues to exist a split of authority. MGA cites to several cases for the proposition that a request for admission calling for legal conclusion is improper. See e.g., Playboy Enterprises, Inc. v. Welles, 60 F.Supp.2d 1050 (S.D. Cal. 1999) (defendant allowed to object to requests asking her to admit she was a public figure and admit that a contract provision required her to obtain permission from plaintiff before using "Playmate of the Year" because the requests asked for a conclusion of law); Tulip Computers Int'l. B.V. v. Dell Computer Corp., 210 F.R.D. 100, 108 (D. Del. 2002) ("Moreover, requests that seek legal conclusions are not allowed under Rule 36."); Border Collie Rescue, Inc. v. Ryan, 418 F.Supp.2d 1330, n. 12 (M.D. Fla. 2006) (requests asking defendant to admit that he defamed plaintiffs and "knowingly and maliciously published false statements of fact" concerning plaintiffs deemed improper); Tuvalu v. Woodford, 2006 WL 3201096, at *7 (E.D. Cal. 2006) ("[R]equests for admission should not be used . . . to demand that the other party admit the truth of a legal conclusion, even if the conclusion is attached to operative facts. . .") (*quotations omitted*); and Fuentes v. Knowles, 2007 WL 1946619, at *2 (E.D. Cal. 2007) (requests asking defendant to admit that prisoners should be provided access to medical care, that defendant should

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 25
PAGE 997

not delay access to care, and that defendant was aware of his responsibilities under certain caselaw and statute were held improper as seeking "interpretations of law which is outside the scope of defendant's knowledge" and legal conclusions). None of these cases are binding authority, however. Furthermore, without knowing all of the factual circumstances that led to the decisions in each of the cases cited above, it appears that most of them are inconsistent with the plain language of Rule 36 and the guidelines set forth in the Advisory Committee Notes. See e.g., Playboy Enterprises, Inc., supra; Tulip, supra, Border Collie Rescue, Inc., supra. Rule 36 expressly allows requests for admission relating to "the application of law to fact." Fed.R.Civ.P. 36(a). Furthermore, the Advisory Committee Notes provide two examples of such requests: an admission that an employee acted in the scope of his employment; and an admission that the premises on which an accident occurred were occupied or under the control of a defendant. The Advisory Committee Notes make it clear that these types of requests calling for legal conclusions are permissible, and in doing so, distinguish the requests that call for admissions of law unrelated to the facts of the case, which are not authorized.

    Mattel's requests for admission regarding copyright registrations do not ask for pure conclusions of law unrelated to the facts of the case, and MGA does not contend otherwise. Each of Mattel's requests relates to the copyrighted works allegedly owned by MGA. Furthermore, these requests are clearly designed to help narrow the issues for trial, which is a major purpose of Rule 36. See 1970 Advisory Committee Notes to Rule 36, Fed.R.Civ.P. Therefore, MGA's "legal conclusion" objection is overruled.

    MGA's privilege and work product objections are also without merit. The fact that MGA may need to consult with counsel to respond to the requests does not make the response privileged. To hold otherwise would effectively gut the provision of Rule 36 authorizing requests that call for the application of law to fact. See also Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges.").

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7



EXHIBIT 25
PAGE 998

      Mattel's motion is granted as to the requests for admission regarding copyright registrations.

### Requests for Admission re MGA's Alleged Statements To The Press (Nos. 186-190)

      The requests for admission regarding MGA's alleged statements to the press seek relevant information within the scope of Rule 26(b)(1), Fed.R.Civ.P. In its counterclaims, Mattel alleges that MGA made false statements about Mattel's MyScene My Bling Bling products. Mattel further alleges that "[s]uch conduct is not an isolated incident. MGA and Larian, in an effort to gain an unfair advantage, repeatedly issued false and misleading press releases." Mattel's Counterclaims, ¶81, Kidman Decl. Ex. 7. Request Nos. 186-190 are directly relevant to MGA and Larian's allegedly ongoing conduct. These requests for admission are also relevant to support Mattel's defense against MGA's unfair competition claim. Mattel intends to show that the public report regarding MGA's alleged "sweatshop" labor practices may have caused or contributed to the decline in sales, profits, and dilution of goodwill and reputation allegedly caused by Mattel's anticompetitive conduct.

      Therefore, MGA's objection based upon relevancy is overruled and MGA is ordered to admit or deny Request Nos. 186-190 consistent with Rule 36(a), Fed.R.Civ.P.

### IV. CONCLUSION

      For the reasons set forth above, Mattel's motion to compel is granted. MGA shall provide responses to the requests for admission no later than August 30, 2007. Mattel's motion for sanctions is denied.

      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

Dated: August 20, 2007

                                                       HON. EDWARD A. INFANTE (Ret.)
                                                       Discovery Master

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on August 20, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL MGA TO ANSWER REQUESTS FOR ADMISSION in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on August 20, 2007, at San Francisco, California.

/s/ Sandra Chan
Sandra Chan

EXHIBIT 25
PAGE 1000

**Exhibit 26**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                           Date: March 31, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
================================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                              Theresa Lanza
           Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT: Matthew M. Werdegar             Jon D. Corey

ATTORNEYS PRESENT FOR MGA:
Thomas J. Nolan

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION (DOCKET #2386) FOR REVIEW OF DISCOVERY MASTER'S FEBRUARY 15, 2008, AND FEBRUARY 20, 2008, ORDERS**

**ORDER RE USE OF "ATTORNEY EYES ONLY" DOCUMENTS IN SETTLEMENT DISCUSSIONS**

**ORDER RE UNDER SEAL DOCUMENTS**

EXHIBIT 26
PAGE 1001

## I. Discovery Motion

The Court **GRANTS IN PART AND DENIES IN PART** Mattel's Motion Objecting to Portions of the Discovery Master's February 15 and February 20 Orders.

As to Interrogatories 27-29, the Court leaves undisturbed the Discovery Master's findings regarding burdensomeness. The Court notes, however, that the Discovery Master's conclusion that the interrogatories are overly broad appears to have been based on an erroneous standard of relevancy. By requiring that Mattel "show[] how each and every concept embedded in its multi-faceted definition of 'Bratz invention' is relevant to interpreting the term 'invention' for purposes of enforcing the 'Employee Confidential Information and Inventions Agreement' signed by Bryant," the Discovery Master appears to have applied a higher standard of relevancy than that which should be applied in discovery. See Fed. R. Civ. P. 26(b)(1) (setting forth the discovery relevancy standard). The parties' competing legal arguments regarding the proper interpretation of the Inventions Agreement are yet to be resolved and therefore should not be used to limit discovery on relevant issues.

However, the Court also recognizes that, as the Discovery Master accurately found, responding to these interrogatories is no small undertaking. The interrogatories ask for identification of all Bratz inventions in three different distinct periods of time. The interrogatories themselves broadly define their relevant terms. The interrogatories are made no less burdensome by the requirement that the responding party "identify all personal with knowledge" and identify "all documents which refer or relate to" such facts.

Mattel's offer to limit these interrogatories to alleviate the attendant burden comes too late in the process to be given serious consideration by the Court; the Court's duty at this juncture is to determine whether the Discovery Master's ruling on the interrogatories -- as propounded -- is clearly erroneous or contrary to law.

In the Court's view, the Discovery Master underestimated the weight on the Rule 26(b)(2)(C)(iii) "benefit" side of the scale by applying an inappropriate relevancy standard, but he nevertheless correctly determined that the "burden" side of the scale bears a heavy load. After a re-evaluation by the Court of the benefit of the discovery sought under the discovery relevance standard, seeking to strike the required balance, the Court is led to the same conclusion as was the Discovery Master, and thus finds that the ruling on Interrogatories 27-29 was neither clearly erroneous nor contrary to law.

In light of the financial discovery already produced in these consolidated actions, the Discovery Master's ruling that Interrogatory 39 is cumulative is neither clearly erroneous nor contrary to law.

As to Interrogatory 41, in light of the possibility that casual interactions between MGA and Mattel employees may have constituted "first contact" between former Mattel employees and MGA, the Discovery Master's ruling, which sought to strike a balance between the burden and likely

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk: jh
Time: 00/58

EXHIBIT 26
PAGE 1002

benefit of such discovery, is neither clearly erroneous nor contrary to law.

The Discovery Master's ruling regarding Interrogatory 46 is neither clearly erroneous nor contrary to law. With that interrogatory, Mattel seeks discovery regarding MGA's dispute with its former counsel related to this action. Mattel's supposition that such discovery may prove to be relevant is, as counsel conceded at oral argument, speculation.

The Court reserves ruling on Interrogatories 48-50, regarding MGA's trade dress claims against Mattel. As recognized by the parties, this is a Phase 2 issue, and the Court denies this part of Mattel's motion without prejudice. Mattel may raise the issue again at an appropriate time after the Court lifts the stay on Phase 2 discovery.

Based on the discovery provided by Carter Bryant, the Discovery Master concluded that Carter Bryant was in substantial compliance with Interrogatory 47. Upon review, the Court is unable to conclude that the Discovery Master's ruling on this issue is clearly erroneous or contrary to law.

The Court **GRANTS** Mattel's motion as to one issue: That MGA be required to identify documents by Bates number. The Court recognizes that this imposes a significant burden, but in striking the balance between burden and benefit, the Court considers, *inter alia*, "the needs of the case." Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, identification by Bates number the documents in response to any party's contention interrogatory is imperative to narrowing the potential for dispute between the parties at trial as to whether a particular document falls into those "identified" in response to a given contention interrogatory. Accordingly, the Court **GRANTS** Mattel's motion on this limited issue. The remainder of Mattel's motion is **DENIED**.

## II. Use of "Attorney Eyes Only" Documents in Mediation

At the request of the Settlement Officer, the Court invited the parties' comments regarding the use of "Attorney Eyes Only" documents during settlement conference. The Court has reviewed the position statements, and makes the following ruling:

With the exception of forward-looking documents (including documents related to future product development, future marketing strategies, and financial projections) and documents related to Isaac Larian's personal family finances, the Settlement Officer shall have the discretion to use documents previously designated as "Confidential" and/or "Attorney Eyes Only" to further settlement discussions. Absent further Order of the Court, anyone participating in settlement discussions with the Settlement Officer are prohibited from taking notes regarding such documents or removing such documents, in any form, from any settlement discussions, or otherwise disclosing the contents of such documents outside the settlement discussions.

The Settlement Officer shall provide all participants of settlement discussions with notice of this order. A failure to comply with this Order shall be punishable as contempt of court.

EXHIBIT 26
PAGE 1003

### III. Under Seal Filings

As the Court has noted on a number of occasions, an inordinate amount of documents have been filed under seal in this case. It is the Court's intention, consistent with its duties under the First Amendment, to order that the entire record in this case be unsealed, subject only to certain exceptions identified by the parties and supported by a showing of good cause.

The parties are ordered to prepare a joint report identifying all documents within the Court record that any party contends should remain under seal following the hearing on the parties' motions for partial summary judgment. The report shall set forth all parties' respective positions regarding all identified documents and shall itself be filed under seal no later than April 18, 2008.

Should the Court order that any document remain under seal, in order to prevent inadvertent disclosure, the party requesting that the document remain sealed will be required to file a notice that provides to the Court all locations of such document in the Court's record by providing the date of filing, the docket number of the filing, any relevant exhibit number, and any relevant page number(s).

**IT IS SO ORDERED.**

EXHIBIT 26

PAGE 1004

# NOTICE PARTY SERVICE LIST

Case No. CV 04-09049 SGL(RNBx)   Case Title Carter Bryant v. Mattel, Inc.

Title of Document   Minute Order of March 31, 2008

| | | | |
|---|---|---|---|
| | Atty Sttlmnt Officer Panel Coordinator | | US Attorneys Office - Civil Division -L.A. |
| | BAP (Bankruptcy Appellate Panel) | | US Attorneys Office - Civil Division - S.A. |
| | Beck, Michael J (Clerk, MDL Panel) | | US Attorneys Office - Criminal Division -L.A. |
| | BOP (Bureau of Prisons) | | US Attorneys Office - Criminal Division -S.A. |
| | CA St Pub Defender (Calif. State PD) | | US Bankruptcy Court |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | | US Marshal Service - Los Angeles (USMLA) |
| | | | US Marshal Service - Riverside (USMED) |
| | Case Asgmt Admin (Case Assignment Administrator) | | US Marshal Service -Santa Ana (USMSA) |
| | Catterson, Cathy (9th Circuit Court of Appeal) | | US Probation Office (USPO) |
| | Chief Deputy Admin | | US Trustee's Office |
| | Chief Deputy Ops | | Warden, San Quentin State Prison, CA |
| | Clerk of Court | | |

| | |
|---|---|
| ✓ | **ADD NEW NOTICE PARTY**<br>*(if sending by fax, mailing address must also be provided)* |

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor)*: P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

| | Death Penalty H/C (Law Clerks) |
|---|---|
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  jh

G-75 (03/07)   NOTICE PARTY SERVICE LIST

EXHIBIT 26
PAGE 1005