**Exhibit 27**

1

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                       EASTERN DIVISION

 4                         -  -  -

 5         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                         -  -  -

 7   MATTEL, INC.,               )
                                 )
 8                  PLAINTIFF,   )
                                 )
 9         VS.                   )    NO. ED CV 04-09049
                                 )
10   MGA ENTERTAINMENT, INC., ET. AL.,  )
                                 )
11                  DEFENDANTS.  )    TRIAL DAY 2,
     _____ )    MORNING SESSION
12   AND CONSOLIDATED ACTIONS,   )
                                 )
13   _____

14

15          REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16                    RIVERSIDE, CALIFORNIA

17                  TUESDAY, MAY 27TH, 2008

18                       8:30 A.M.

19

20

21

22

23               THERESA A. LANZA, RPR, CSR
              FEDERAL OFFICIAL COURT REPORTER
24               3470 12TH STREET, RM. 134
                RIVERSIDE, CALIFORNIA  92501
25                    951-274-0844
                  WWW.THERESALANZA.COM
```

CERTIFIED COPY

2

1

2   APPEARANCES:

3

4   ON BEHALF OF MATTEL, INC.:

5                         QUINN EMANUEL
                          BY:   JOHN QUINN
6                         BY:   JON COREY
                          BY:   MICHAEL T. ZELLER
7                         BY:   WILLIAM PRICE
                          865 S. FIGUEROA STREET,
8                         10TH FLOOR
                          LOS ANGELES, CALIFORNIA   90017
9                         213-624-7707

10

11   ON BEHALF OF MGA ENTERTAINMENT:

12                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:   THOMAS J. NOLAN
                          BY:   CARL ALAN ROTH
13                        BY:   RAOUL KENNEDY
                          BY:   LAUREN AGUIAR
14                        300 SOUTH GRAND AVENUE
                          LOS ANGELES, CALIFORNIA   90071-3144
15                        213-687-5000

16

17

18

19

20

21

22

23

24

25

MAY 27, 2008   EXHIBIT 27            TRIAL DAY 2, MORNING SESSION

PAGE 1007

3

I N D E X

                                          PAGE

HEARING....................................      4

JURY INSTRUCTIONS..........................     53

OPENING STATEMENT - PLAINTIFF..............     61

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

MAY 27, 2008   EXHIBIT  27

PAGE  1008

TRIAL DAY 2, MORNING SESSION

16

1    IN PART THAT MOTION.

2             BASICALLY WHAT I'M SAYING HERE IS THAT MR. LARIAN IS

3    GOING TO HAVE TO COMPETENTLY TESTIFY TO HOW MUCH MONEY HE MADE

4    OFF OF BRATZ WHILE OWNING MGA.   AND I AM NOT GOING TO BOOK AN

5    "I DON'T KNOW; I DON'T KNOW ABOUT THIS DOCUMENT; I DON'T KNOW         08:4ε

6    WHERE THIS CAME FROM."

7             IF WHAT WENT ON AT THE DEPOSITION HAPPENS ON THE

8    TRIAL STAND HERE, MATTEL IS GOING TO BE GIVEN A LOT OF LEEWAY

9    AND A LOT OF LEAVE TO SEEK AND BRING IN A LOT MORE DOCUMENTS;

10   SO THIS IS REALLY SOMETHING THAT IS GOING TO BE CONTROLLED BY        08:4ε

11   MR. LARIAN HIMSELF.

12            **MR. NOLAN:**  UNDERSTOOD.

13            I DO WANT TO SAY THAT I THINK THE RECORD EVIDENCE IN

14   THIS CASE IS THAT MGA AND ISAAC LARIAN HAS PRODUCED ALL

15   RELEVANT INFORMATION WITH RESPECT TO WHAT DISTRIBUTIONS WERE         08:4ε

16   MADE.   IF ISSUES CAME UP AT THE DEPOSITION BECAUSE DOCUMENTS

17   WERE NOT IN FRONT OF HIM AT THE TIME, THAT HAS OCCURRED.

18   MATTEL HAS NOT BEEN DENIED ACCESS TO THOSE DOCUMENTS, AND

19   MR. LARIAN WILL BE PREPARED TO TESTIFY.

20            **THE COURT:**  AS LONG AS MR. LARIAN IS FULLY PREPARED       08:4ε

21   TO TESTIFY AS TO HIS NET AND GROSS RECEIPTS FROM THE BRATZ

22   DOLLS, WE'RE NOT GOING TO HAVE A PROBLEM.

23            **MR. NOLAN:**  THAT'S CORRECT.

24            **THE COURT:**  IF WE HAVE A REPEAT OF WHAT HAPPENED AT

25   THE DEPOSITION -- AND I'M NOT ASSIGNING FAULT FOR THAT -- THEN       08:4ε

MAY 27, 2008    EXHIBIT __27__

                PAGE __1009__        TRIAL DAY 2, MORNING SESSION

17

1    THERE'S GOING TO BE A PROBLEM.

2             MR. NOLAN:   WE UNDERSTAND THAT.

3             THE COURT:   VERY WELL.

4             MR. ZELLER:   AND TO BE CLEAR, YOUR HONOR, THOSE

5    DOCUMENTS WERE IN FRONT OF MR. LARIAN.   THEY PROVIDED SUMMARY

6    SHEETS TO US THAT PURPORTED TO STATE ISAAC LARIAN'S ASSETS.   I

7    PUT THOSE DOCUMENTS IN FRONT OF MR. LARIAN AND ASKED HIM ABOUT

8    THEM.   HE WALKED AWAY FROM THEM.   THAT IS WHAT LED TO THESE

9    MOTIONS, INCLUDING OVER THE TRIAL SUBPOENA AND THE LIKE.

10   BECAUSE, AS THE COURT IS AWARE, FOR CERTAIN PURPOSES, WE DO

11   BEAR SOME BURDENS IN ESTABLISHING CERTAIN MONETARY AMOUNTS,

12   WHETHER FOR DAMAGES OR PUNITIVE DAMAGES.

13            THE COURT:   LET ME GO TO THAT TRIAL SUBPOENA, THEN,

14   BECAUSE THIS IS RELATED TO THIS ISSUE; THAT IS THE MOTION OF

15   PLAINTIFF FOR AN ORDER COMPELLING ISAAC LARIAN TO RESPOND TO

16   THE TRIAL SUBPOENA.

17            MY THOUGHT ON THAT IS TO GRANT IN PART AND DENY IN

18   PART.   THE DOCUMENTS THAT I'M GOING TO ORDER MR. LARIAN TO HAVE

19   AVAILABLE FOR HIS TESTIMONY AT TRIAL AS PART OF THE TRIAL

20   SUBPOENA, IS ITEM NUMBER FOUR; AND THAT IS DOCUMENTS SUFFICIENT

21   TO SHOW THE REVENUE, GROSS AND NET PROFITS BY HIM FROM THE SALE

22   OF BRATZ PRODUCTS, INCLUDING WITHOUT LIMITATION DOCUMENTS

23   SUFFICIENT TO SHOW SALES REVENUE, COSTS OF GOODS SOLD, VARIABLE

24   COSTS, GROSS MARGINS, ROYALTIES PAID AND RECEIVED, GROSS

25   PROFITS AND NET PROFITS.

MAY 27, 2008   EXHIBIT 27       TRIAL DAY 2, MORNING SESSION

PAGE 1010

18

1    I JUST DON'T WANT TO GET TO A POINT, GIVEN THE

2  HISTORY OF THE LARIAN DEPOSITION AND THE HISTORY OF THIS

3  PARTICULAR REQUEST FOR INFORMATION, TO RUN INTO A PROBLEM AT

4  TRIAL; SO I WANT THOSE DOCUMENTS AVAILABLE.

5    I'M NOT SAYING THAT THEY HAVE TO BE PRODUCED AND THEY    08:50

6  HAVE TO BE INTRODUCED, BUT I WANT THEM AVAILABLE SO WE CAN PIN

7  THIS DOWN DURING THE TRIAL.  I THINK MATTEL IS ENTITLED TO

8  THAT.  AND THAT'S BEEN CONSISTENT WITH MY RULINGS ON THE MOTION

9  *IN LIMINE* IN TERMS OF WEALTH AND WHAT HE HAS TO DISCLOSE ON

10  THAT; IT'S CONSISTENT WITH THE RULINGS BY THE DISCOVERY MASTER    08:51

11  IN TERMS OF WHAT NEEDS TO BE TURNED OVER AND WHAT QUESTIONS

12  NEED TO BE ANSWERED AT DEPOSITION.

13    **MR. NOLAN:**  WE UNDERSTAND YOUR RULING.

14    THERE HAVE BEEN OVER 37,000 FINANCIAL RECORDS

15  PRODUCED FROM MGA REFLECTING THAT INFORMATION; 30(B)(6)    08:51

16  DEPOSITIONS HAVE BEEN TAKEN FROM THE PROPER EDUCATED PERSON AT

17  MGA.  THOSE DOCUMENTS, TO THE EXTENT THAT THEY ARE NOT --

18    **THE COURT:**  LET ME STOP YOU THERE.  BECAUSE THIS MAY

19  BE ONE OF THOSE INSTANCES WHERE THAT'S ALMOST TOO MUCH AND TOO

20  LITTLE AT THE SAME TIME.    08:51

21    THE QUESTION IS THAT MR. LARIAN NEEDS TO BE PREPARED

22  TO ANSWER THE PRECISE QUESTIONS THAT RELATE TO DAMAGES:  HOW

23  MUCH MONEY HE MADE FROM BRATZ.  WHETHER IT TAKES 38,000

24  DOCUMENTS OR TWO -- MY PREFERENCE WOULD BE FOR THE TWO, OR THE

25  TEN THAT WERE SUBMITTED IN RESPONSE TO JUDGE INFANTE'S ORDER.    08:51

MAY 27, 2008   EXHIBIT  27

PAGE  1011

TRIAL DAY 2, MORNING SESSION

19

1   THE BOTTOM LINE IS THAT INFORMATION HAS TO COME OUT.

2         I'M JUST MAKING SURE THAT EVERYBODY IS ON CLEAR

3   NOTICE THAT THE COURT EXPECTS THAT INFORMATION TO COME OUT

4   READILY.

5         I DON'T WANT TO ORDER MR. LARIAN, AS MATTEL REQUESTS,       08:52

6   TO TURN OVER INCOME TAX RECORDS.  I DON'T WANT TO HAVE HIM TURN

7   OVER ANY OF THIS.  BUT I WILL IF WE RUN INTO PROBLEMS ON THIS

8   POINT IN THE TESTIMONY.

9         **MR. NOLAN:**  RIGHT, YOUR HONOR.

10        AS I SAID, WE'RE COMMITTED.  THE INFORMATION IS          08:52

11  ALREADY THERE.  BUT I WANT TO MAKE CERTAIN THIS IS A 1-B ISSUE.

12  WE'RE NOT GOING TO BE TALKING ABOUT ISSUES IN PHASE 1-A OF

13  REVENUES FROM BRATZ FOR MR. LARIAN.  IF IT IS, THEN I THINK

14  WE'RE GOING TO HAVE TO REVISIT SOME MOTIONS *IN LIMINE* THAT WE

15  DISCUSSED BEFORE.  I SEE THIS AS A MOTION DIRECTED TO 1-B IN     08:52

16  THE EVENT WE EVER GET TO A POSTURE IN THIS CASE WHERE DAMAGES

17  COULD BE AWARDED.

18        **THE COURT:**  NO.  I RULED AT MOTION *IN LIMINE* NUMBER

19  TWO THAT IT COULD COME IN ON 1-A, MR. NOLAN.  EVIDENCE OF HIS

20  INTEREST IN THE COMPANY.  NO.  THAT WAS THE COURT'S RULING.      08:53

21  I'M LOOKING DIRECTLY AT MY NOTES HERE.

22        MR. COREY?

23        **MR. COREY:**  I BELIEVE THE DISTINCTION THAT THE COURT

24  DREW WAS THE FACT THAT MR. LARIAN'S OWNERSHIP AND THE INTEREST

25  IN THE COMPANY AS A GENERAL MATTER COMES IN.  BUT WHEN IT COMES  08:53

MAY 27, 2008   EXHIBIT  27          TRIAL DAY 2, MORNING SESSION

PAGE  1012

112

```
 1          THE COURT:  WHY DON'T YOU MEET WITH MR. QUINN AND YOU

 2    CAN DISCUSS THIS.  IF YOU CAN AGREE TO IT, GREAT.  IF NOT, I'LL

 3    TAKE IT UP AT 1:00.

 4          MR. NOLAN:  EXCELLENT.  THANK YOU.

 5          MR. QUINN:  I DON'T AGREE WITH THAT.  MY                  11:43

 6    UNDERSTANDING IS THAT EVERYTHING IS TO BE SHOWN BEFORE.

 7          THE COURT:  I WOULDN'T EXPECT YOU TO AGREE.

 8          WHY DON'T YOU MEET DURING THE BREAK, AND THEN AT

 9    1:00, WE'LL TAKE IT UP, AND THE COURT WILL MAKE ITS DECISION.

10          WE'RE IN RECESS UNTIL 1:00.                               11:43

11          (WHEREUPON, A LUNCH RECESS WAS HELD.)

12          (CONCLUSION OF MORNING SESSION.)

13

14

15

16

17                              CERTIFICATE

18

19    I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
      STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
20    THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE ABOVE-
      ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
21    CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
      THE UNITED STATES.
22

23    _____          5-28-08
      THERESA A. LANZA, CSR, RPR        _____
24    FEDERAL OFFICIAL COURT REPORTER     DATE

25
```

MAY 27, 2008   EXHIBIT 27        TRIAL DAY 2, MORNING SESSION

PAGE 1013

**Exhibit 28**

# CONFORMED COPY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

11  CARTER BRYANT, an individual,

12          Plaintiff,

13      v.

14  MATTEL, INC., a Delaware corporation,

15          Defendant.

16

17

18

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.

21

22

CASE NO. C 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL MGA TO
PRODUCE WITNESSES PURSUANT
TO THIRD NOTICE OF DEPOSITION
UNDER RULE 30(b)(6); DENYING
REQUEST FOR SANCTIONS**

23                              I. INTRODUCTION

24      On July 13, 2007, Mattel, Inc. ("Mattel") submitted its "Motion to Compel MGA to

25  Produce Witnesses Pursuant to Mattel's Third Notice of Deposition Under Rule 30(b)(6) and for

26  Sanctions." Specifically, Mattel seeks an order compelling MGA Entertainment, Inc. ("MGA")

27  to produce witnesses on Topics 1-3, 6-8, 9 and 11-13 of Mattel's Third Rule 30(b)(6) Notice. On

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

1

EXHIBIT 28

PAGE 1014

2007 SEP 26 PM 2: 28
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

FILED

1    July 31, 2007, MGA submitted an opposition brief.  On August 6, 2007, Mattel submitted a reply

2    brief.  The matter was heard on September 24, 2007.  Having considered the motion papers and

3    the comments of counsel, Mattel's motion is granted in part and denied in part, and the request for

4    sanctions is denied.

5                  **II. BACKGROUND**

6        Mattel first served a Rule 30(b)(6) Notice of Deposition of MGA in February of 2005,

7    which specified eight topics for deposition.  Mattel served a Second Notice of Deposition of

8    MGA in February of 2007, which specified forty-six topics for deposition.  On June 5, 2007,

9    Mattel served a Third Notice of Deposition of MGA (the "Third Notice"), which is the subject of

10   the present motion to compel.  The Third Notice specifies sixteen topics for deposition.  On June

11   29, 2007, MGA served objections to the Third Notice, and on July 5, 2007, the parties met and

12   conferred.  The parties were not able to resolve their disputes regarding four subject matters: hard

13   drives and other storage devices (Topics 1-3); prior inconsistent statements to the press (Topics 6-

14   8); "test projects" for MGA (Topic 9); and payments MGA made to Isaac Larian, Farhad Larian

15   and Morad Zarabi (Topic 11-13).  The topics at issue are set forth below.

16              Hard Drives and Other Storage Devices

17       1.      The IDENTITY, current or last known location, and disposition of

18     each STORAGE DEVICE that each of the following PERSONS has used to

19     create, generate, prepare, draft, send and/or receive any DOCUMENT or

20     DIGITAL INFORMATION that REFERS OR RELATES TO BRATZ and/or

21     ANGEL at any time since January 1, 1999, including without limitation the date

22     of acquisition and the date of disposition of each STORAGE DEVICE:  Isaac

23     Larian, Farhad Larian, Paula Garcia, BRYANT, Kami Gillmour, Veronica

24     Marlow, Mercedeh Ward, Margaret Hatch-Leahy, Jennifer Maurus, Judy Rich,

25     Ninette Pembleton, Kerrie Brode, Victoria O'Connor, Aileen Storer, Charles

26     O'Connor, Helene Bartels, Colleen O'Higgins, Vivian Matt, Maureen Mullen,

27     Rachel Harris, Barbara Malcolm, David Dees, Ben Ton, Dave Malacrida.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

**EXHIBIT** 28

**PAGE** 1015

2

1      2.      The IDENTITY, current or last known location, and disposition of

2      each backup, copy or image of the STORAGE DEVICES referenced in Topic 1 of

3      this Notice, including without limitation the date of creation and the date of

4      disposition of each such backup or copy.

5      3.      YOUR search for and production of DOCUMENTS and DIGITAL

6      INFORMATION from the STORAGE DEVICES referenced in Topic 1 of this

7      Notice.

8                           Prior Inconsistent Statements to the Press

9      6.      YOUR statements to Christopher Palmeri in connection with the

10     Business Week article entitled "To Really Be A Player, Mattel Needs Hotter

11     Toys," published on or about July 28, 2003, including without limitation in

12     connection with the statement that Isaac Larian "got the idea for Bratz after seeing

13     his own kids run around in navel-bearing tops and hip-huggers."

14     7.      YOUR statements to Denise I. O'Neal in connection with the

15     Chicago Sun-Times article entitled "Bratz Packers Are What's Cool in Doll

16     World," published on or about March 5, 2004, including without limitation in

17     connection with the statements that MGA's "creative team decided the name

18     should be catchy and not have more than six letters.  Keeping with today's trend

19     of making names more 'cool' by changing the spelling, MGA executives decided

20     to replace the 's' with a 'z'"

21     8.      YOUR statements to Jeff Weiss in connection with the San

22     Fernando Valley Business Journal article entitled "Immigrant's Creative

23     Company Shakes Up Toy Industry," published on or about March 29, 2004,

24     including without limitation in connection with the statement that "[i]t was

25     Jason's idea for Bratz."

26                           "Test Projects" for MGA

27     9.      The IDENTITY of each PERSON who YOU had perform, or who

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT _____28_____

PAGE _____1016_____

1  YOU requested, asked or solicited to perform, any "test project" in advance of or

2  in consideration of employment by YOU since January 1, 1995, including without

3  limitation the IDENTITY of each such PERSON who was a MATTEL employee

4  at the time.

5  <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi</u>

6       11.     Payments of money or any other item of value that YOU have

7  made to, for or on behalf of Isaac Larian or any FAMILY MEMBER of Isaac

8  Larian since January 1, 1999, including without limitation (a) the amounts of such

9  payment and the equivalent dollar value of each of item of value, (b) the dates of

10 such payment, (c) the IDENTITY of each recipient of such payment, (d) the

11 IDENTITY of each bank or financial institution account to which such payment

12 was made and (e) the reasons for each such payment.

13       12.     Payments of money or any other item of value that YOU have

14 made to, for or on behalf of Farhad Larian or any FAMILY MEMBER of Farhad

15 Larian since January 1, 1999, including without limitation (a) the amounts of each

16 such payment and the equivalent dollar value of each of item of value, (b) the

17 timing of each such payment, (c) the IDENTITY of each recipient of each such

18 payment, (d) the IDENTITY of each bank or financial institution account to

19 which such payment was made and (e) the reasons for each such payment.

20       13.     Payments of money or any other item of value that YOU have

21 made to, for or on behalf of Morad Zarabi or any FAMILY MEMBER of Morad

22 Zarabi since January 1, 1999, including without limitation (a) the amounts of each

23 such payment and the equivalent dollar value of each item of value, (b) the timing

24 of each such payment, (c) the IDENTITY of each recipient of each such payment,

25 (d) the IDENTITY of each bank or financial institution account to which such

26 payment was made and (e) the reasons for each such payment.

27 Zeller Decl., Ex. 23.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___28___

PAGE ___1017___

4

1    Mattel seeks an order compelling MGA to produce witnesses to testify on Topics 1-3, 6-8,

2   9 and 11-13, and overruling all of MGA's objections and limitations.  Mattel contends that the

3   testimony it seeks is relevant, not unduly burdensome, and not otherwise objectionable as

4   cumulative or duplicative of any other deposition testimony already given in the case.

5        MGA contends that Mattel's Third Notice is invalid because Mattel failed to obtain leave

6   of court to take MGA's deposition after having previously deposed several 30(b)(6) designees.

7   MGA contends that Rule 30(a)(2)(B), Fed.R.Civ.P., requires Mattel to establish good cause for

8   examining MGA any further.  MGA further contends that Mattel has not established the requisite

9   good cause, and instead improperly has attempted to shift the burden of proof to MGA to justify

10   its objections to the Third Notice.  Lastly, MGA contends that Mattel has had many opportunities

11   to obtain, and in many cases has already obtained, the information it now moves to compel.

12                                   III. STANDARDS

13        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

14   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

15   party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

16   discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

17        Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., the court shall limit the frequency or extent of

18   use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably

19   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

20   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

21   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

22   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

23   amount in controversy, the parties' resources, the importance of the issues at stake in the

24   litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

25   26(b)(2)(C).

26        Pursuant to Rule 30, Fed.R.Civ.P., a party may take the testimony of any person, including

27   a party, by deposition upon oral examination without leave of court, except as provided in Rule

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                 5

EXHIBIT __28__

PAGE __1018__

1  30(a)(2), Fed.R.Civ.P.  In particular, Rule 30(a)(2) specifies that a party must obtain leave of

2  court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2),

3  Fed.R.Civ.P., if "the person to be examined already has been deposed in the case."  Fed.R.Civ.P.

4  30(a)(2)(B).

5  <u>IV. DISCUSSION</u>

6       As a threshold matter, the parties dispute whether Rule 30(a)(2)(B), Fed.R.Civ.P., applies

7  to depositions taken pursuant Rule 30(b)(6), Fed.R.Civ.P.  There is caselaw to support each

8  party's position.  <u>See e.g.</u> <u>Ameristar Jet Starter, Inc. v. Signal Composites, Inc.</u>, 244 F.3d 189 (1st

9  Cir. 2001) (second Rule 30(b)(6) subpoena issued without leave of court was invalid); <u>In re</u>

10 <u>Sulfuric Acid Antitrust Litig.</u>, 2005 WL 1994105 (D. Ill. Aug. 19, 2005) (holding that second

11 Rule 30(b)(6) subpoena issued without leave of court was invalid); <u>Innomed Labs, LLC v. Alza</u>

12 <u>Corp.</u>, 211 F.R.D. 237 (S.D. N.Y. 2002) (quashing overbroad 30(b)(6) subpoena issued without

13 leave of court); <u>Quality Aero Tech., Inc. v. Telemetrie Elektronik</u>, 212 F.R.D. 313, 319 (E.D.

14 N.C. 2002) (holding that Rule 30(a)(2)(B) does not apply to Rule 30(b)(6) depositions).  For

15 purposes of the present motion, however, it is unnecessary to resolve this conflict in the law

16 because the debate is purely academic and inconsequential.  As Mattel has requested, Mattel's

17 motion is treated herein as a motion for leave to serve an additional 30(b)(6) notice with

18 additional topics.  In evaluating the appropriateness of the topics, it is Mattel's burden to

19 demonstrate that there is good cause for such discovery (see <u>e.g.</u> <u>Boston Scientific Corp. v. Cordis</u>

20 <u>Corp.</u>, 2004 WL 1945643 (N.D.Cal. 2004)), applying the principles stated in Rule 26(b)(2),

21 Fed.R.Civ.P.

22 <u>Hard Drives and Other Storage Devices (Topics 1-3)</u>

23      Topic 1 seeks information regarding the location and disposition of computer hard drives

24 or other storage devices used by specified MGA employees or contractors that contain or

25 contained documents related to the Bratz or Angel projects.  Topic 2 seeks the identification and

26 last known location of any backup, copy or image of the hard drives or storage devices identified

27 in Topic 1.  Topic 3 seeks information regarding MGA's search for and production of documents

28

1 | and digital information from the hard drives and storage devices referenced in Topic 1.

2 |      MGA objected to Topics 1-3 as overbroad, unduly burdensome, vague, ambiguous,

3 | irrelevant, and not reasonably calculated to lead to admissible evidence. MGA also objected to

4 | Topics 1-3 to the extent that the information sought is obtainable through other more convenient,

5 | less burdensome and less expensive means. Lastly, MGA objected to Topics 1-3 as unreasonably

6 | cumulative and duplicative of information already provided by Ken Lockhart, Vice President and

7 | Chief Information Officer for MGA.

8 |      Topics 1-3 unquestionably seek information that is relevant within the meaning of Rule

9 | 26(b)(1), Fed.R.Civ.P., which specifically authorizes discovery regarding any matter, not

10 | privileged, that is relevant to the claim or defense of any party, including "the existence,

11 | description, nature, custody, condition, and location of any books, documents or other things." A

12 | portion of the discovery sought, however, is unreasonably cumulative and duplicative of

13 | information already provided by Mr. Lockhart. MGA designated Mr. Lockhart as a 30(b)(6)

14 | witness to testify about MGA's retention, destruction and data back-up policies, MGA's digital

15 | information systems and application software, employees' electronic messaging systems, and

16 | MGA's policies regarding the use of transportable media. Mr. Lockhart testified about the

17 | location and disposition of MGA employees' hard drives and storage devices in general.

18 |      Mattel contends that Topics 1-3 differ from the topics in the Second Notice and the

19 | testimony previously given by Mr. Lockhart in that Mattel now seeks information about the

20 | locations and dispositions of hard drives used by 24 named individuals. Mattel contends that the

21 | testimony it seeks will enable it to assess MGA's production, including whether any documents

22 | requested or compelled by the Court were destroyed, not collected or otherwise made unavailable

23 | to Mattel. Mattel's Reply at p.7.

24 |      Although Mattel's stated objective for seeking testimony regarding Topics 1-3 may be

25 | legitimate, the burden and expense of a Rule 30(b)(6) deposition is not justified under the

26 | circumstances of this case. Mattel has accused MGA of obstructing discovery, and in particular

27 | withholding Bryant's computer. There is no evidence, however, to suggest that MGA has refused

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

**EXHIBIT** _28_

**PAGE** _1020_

1  or failed to search for and produce responsive documents located on the hard drives of the other

2  individuals named in Topic 1. It is burdensome and expensive to prepare a witness to testify

3  about the locations and dispositions of hard drives used for 24 different individuals. The likely

4  benefit of undergoing such a burden and expense is doubtful. Furthermore, there are other less

5  burdensome and less expensive means of assessing whether MGA has complied with its

6  discovery obligations, including for example, document requests and interrogatories. Therefore,

7  Mattel's motion is denied as to Topics 1-3.

8                    Prior Inconsistent Statements to the Press (Topics 6-8)

9         Topics 6-8 seek testimony regarding three public statements made by Isaac Larian

10  regarding who conceived of Bratz. MGA objected to Topics 6-8 as irrelevant and not reasonably

11  calculated to lead to admissible evidence. MGA also objected to Topics 6-8 to the extent that the

12  information sought is obtainable through other more convenient, less burdensome and less

13  expensive means. Further, MGA objected to Topics 6-8 as unreasonably cumulative and

14  duplicative of information already provided by MGA and/or Carter Bryant. MGA also objected

15  to a deposition on these Topics "to the extent that the statements referenced above were not made

16  by MGA as a corporate actor and thus they are not the appropriate subject of a 30(b)(6)

17  designation." Zeller Decl., Ex. 24.

18         Mattel contends that Topics 6-8 are the proper subject of a Rule 30(b)(6) deposition

19  because each of the statements identified therein was made by MGA's Chief Executive Officer,

20  Isaac Larian. Mattel acknowledges that it already deposed Isaac Larian regarding one of the

21  articles identified in Topics 6-8, but contends that it is not attempting to re-depose him. Rather,

22  Mattel contends that it is entitled to elicit testimony that will bind the corporation so that it will

23  not be "sandbagged" at trial. Mattel's Reply at p.6.

24         MGA accuses Mattel of misusing the 30(b)(6) procedure when Mattel knows that Isaac

25  Larian is the person who should be, and already has been, deposed about the statements identified

26  in Topics 6-8. MGA also contends that Mattel opted to limit its examination of Isaac Larian to

27  one article, and that Mattel's failure to fully question Isaac Larian in no way justifies deposing

28

1  MGA now. MGA also contends that Mattel could avail itself of other discovery methods, such as

2  interrogatories or requests for admission, to obtain further information about the publications

3  identified in Topics 6-8.

4        Topics 6-8 seek information relevant to the central issue in the case: who conceived of

5  Bratz. Mattel's use of the 30(b)(6) procedure is justified in order to obtain testimony that will

6  bind the corporation. The testimony Mattel now seeks is not unreasonably cumulative or

7  duplicative of testimony it has already sought from Isaac Larian because Mattel previously

8  questioned Isaac Larian about only one of the articles identified in Topics 6-8. Further, the likely

9  benefit to Mattel of testimony from Isaac Larian (or another corporate designee) regarding Topics

10  6-8 outweighs the burden and expense to MGA, given the importance of the testimony Mattel

11  seeks. Mattel's motion is granted as to Topics 6-8.

12              "Test Projects" for MGA (Topic 9)

13        In Topic 9, Mattel seeks the identity of each person MGA had perform or who MGA

14  requested, asked or solicited to perform, any "test project" in advance of or in consideration of

15  employment by MGA since January 1, 1995. MGA objected to Topic 9 as irrelevant, not

16  reasonably calculated to lead to the discovery of admissible evidence, overbroad, unduly

17  burdensome, and unreasonably cumulative and duplicative. MGA also objected to Topic 9 as

18  vague and ambiguous, particularly with respect to the term "test project." MGA also objected to

19  Topic 9 to the extent that the information sought is obtainable through other, more convenient,

20  less burdensome and less expensive means. MGA also objected to Topic 9 as seeking

21  confidential, proprietary, and commercially sensitive information with no relevance to the

22  litigation.

23        When Carter Bryant was deposed by Mattel, he testified that he "did sort of a tryout kind

24  of a project for" MGA. Zeller Decl., Ex. 29 at 9:19-20. He also referred to this "tryout" project

25  as a "test assignment." Id. at 515-516. In light of Bryant's testimony, Mattel's stated purpose of

26  Topic 9 is to "obtain information that will refute MGA and Bryant's assertions that Bryant's

27  working for MGA while employed by Mattel was no different than a supposedly standard

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

EXHIBIT 28
PAGE 1022

1 | industry practice of having candidates for creative positions make artwork as part of the job

2 | interview." Mattel's Motion at p.22.

3 |      MGA acknowledges that Mattel provided a definition for the phrase "test assignment" in

4 | its motion papers. MGA's Opposition at p.10. MGA nevertheless contends that Topic 9 remains

5 | objectionable as overbroad, reasoning that it would require MGA to provide information "with

6 | regard to how it proceeded with hiring virtually every single employee hired since 1995."

7 | MGA's Opposition at p.9. MGA also contends that it would be unduly burdensome to require

8 | MGA to have a designee review and potentially memorize information about every single person

9 | who has applied for a job at MGA since 1995, particularly when Bryant only began working for

10 | MGA in 2000. MGA contends that a contention interrogatory is more appropriate than a 30(b)(6)

11 | deposition to obtain the information called for in Topic 9.

12 |      Topic 9 seeks information relevant to one of MGA and Bryant's defenses, namely their

13 | claim that Bryant's work for MGA while employed by Mattel was no different than a standard

14 | industry practice of having candidates for creative positions make artwork as part of the job

15 | interview. Topic 9, however, is objectionable because it is overbroad and burdensome. In

16 | particular, Topic 9 is overbroad in terms of the specified time frame because Bryant did not begin

17 | working at MGA until the year 2000. Topic 9 is also objectionable because the information

18 | sought is more appropriately obtained through a contention interrogatory, which would be

19 | significantly less burdensome and less expensive than a 30(b)(6) deposition. Therefore, Mattel's

20 | motion is denied as to Topic 9. In lieu of taking a 30(b)(6) deposition on Topic 9, Mattel is

21 | granted leave to serve a contention interrogatory regarding Topic 9 limited to the years 1998

22 | through 2004.

23 | <u>Payments MGA Made to Isaac Larian, Farhad Larian and Morad Zarabi (Topics 11-13)</u>

24 |      In Topics 11-13, Mattel seeks information regarding payments made by MGA to Isaac

25 | Larian (Topic 11), Farhad Larian (Topic 12), and Morad Zarabi (Topic 13). MGA objected to

26 | these Topics as irrelevant, not reasonably calculated to lead to the discovery of admissible

27 | evidence, overbroad, unduly burdensome, and unreasonably cumulative and duplicative. MGA

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT 28

PAGE 1023

1  also objected to Topics 11-13 to the extent that the information sought is obtainable through

2  other, more convenient, less burdensome and less expensive means. MGA also objected to

3  Topics 11-13 as seeking confidential, proprietary, and commercially sensitive information with no

4  relevance to the litigation.

5      Mattel explains that Morad Zarabi arbitrated a dispute between Isaac Larian and Farhad

6  Larian that involved the timing of the creation of Bratz. More specifically, Farhad Larian claimed

7  that Isaac Larian concealed from him MGA's development with Carter Bryant of Bratz dolls and

8  alleged that Bryant began working with MGA during a time Bryant was employed by Mattel.

9  Mattel considers all three individuals involved in the arbitration as witnesses in this litigation, and

10 therefore seeks information that may establish their bias. Mattel also emphasizes that Isaac

11 Larian is a party to the litigation, and that payments made by MGA to him are relevant to Mattel's

12 claim for punitive damages, and may be used as impeachment evidence. Lastly, although Mattel

13 acknowledges that it deposed Isaac Larian regarding payments he received from MGA, Mattel

14 contends that it is entitled to testimony from MGA to corroborate or refute his testimony.

15     MGA contends that Topics 11-13 are not relevant to this lawsuit. In particular, MGA

16 objects to Topics 12 and 13 as seeking "private financial records of persons who are neither

17 parties nor witnesses in this action, and whose only connection is knowing people involved in the

18 lawsuit." MGA's Opposition at p. 13. With regard to payments to Isaac Larian, MGA contends

19 that Mattel already had the opportunity to ask him about payments during his deposition. MGA

20 also contends that Mattel is not entitled to conduct discovery regarding Isaac Larian's net worth at

21 this time. Even if Mattel is entitled to conduct such discovery, MGA contends that payments

22 made to him would not establish his net worth because they represent only one of many sources

23 of income and do not account for his other assets and liabilities.

24     MGA's payments to Isaac Larian and Farhad Larian are relevant to the claims and

25 defenses in the case. Payments to Isaac Larian and Farhad Larian may also show possible bias

26 and be used for impeachment purposes. Moreover, MGA's payments to Isaac Larian may be

27 relevant to Mattel's claim for punitive damages. Payments to Isaac Larian are a component of his

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT 28
PAGE 1024

1  net worth, even if they represent one source of income. The burden of producing such information

2  does not outweigh its relevance, taking into consideration the circumstances of this case.

3  Furthermore, there is no stay on discovery pertaining to punitive damages.  Accordingly, Mattel's

4  motion is granted as to Topics 11 and 12.

5      In contrast, MGA's payments to Morad Zarabi are irrelevant.  His only connection to this

6  litigation appears to be with the arbitration proceedings.  Any potential relevance of MGA's

7  payments to Morad Zarabi is outweighed by the burden and the intrusion into his private financial

8  affairs.  Mattel's motion is denied as to Topic 13.

9                                    V. CONCLUSION

10     For the reasons set forth above, it is hereby ordered as follows:

11     1.     Mattel's motion to compel is granted as to Topics 6-8, 11 and 12.

12     2.     Mattel's motion to compel is denied as to Topics 1-3, 9 and 13.  In lieu of taking a

13  deposition on Topic 9, Mattel is hereby granted leave to serve a contention interrogatory

14  regarding Topic 9 that is limited to the years 1998 through 2004.

15     3.  Mattel's request for sanctions is denied.

16  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

17  Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20  Dated: September 25, 2007

21                                    HON. EDWARD A. INFANTE (Ret.)
                                       Discovery Master

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                        12

EXHIBIT 28

PAGE 1025

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 26, 2007, I served the attached ORDER GRANTING IN PART AND DENYI8NG IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES PURSUANT TO THIRD NOTICE OF DEPOSITION UNDER RULE 30(b)(6); DENYING REQUEST FOR SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 26, 2007, at San Francisco, California.

*Sandra Chan*

Sandra Chan

EXHIBIT __28__

PAGE __1026__

**Exhibit 29**

**Rebecca Ramos**

| | |
|---|---|
| **From:** | Amman Khan [akhan@glaserweil.com] |
| **Sent:** | Wednesday, February 04, 2009 5:10 PM |
| **To:** | Jon Corey; Christopher Price; Scott Watson; Scott Kidman |
| **Cc:** | 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean' |
| **Subject:** | RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09 |

Jon,

I called you at 4 pm, as we discussed, and left a message on your VM.  Call me so we go over a list of the outstanding meet and confer letters re Phase 2 discovery that we can go over on Friday afternoon at 2 pm (2/6/09).  Here is what I have:

1. Mattel's Renewed Motion to Compel Production of Documents filed 1/26/09;

2. Mattel's Demand for 10 additional hours of Deposition with Isaac Larian;

3. Mattel's Motion for Reconsideration of a Portion of the Discovery Master's 12/31/07 Order

4. Mattel's Supplemental Rogs to MGA & Larian.

I am assuming that if there are other outstanding meet and confers, you will let me know today, so that we can meaningfully discuss them Friday.  Thanks again.

-- Amman

**From:** Amman Khan
**Sent:** Wednesday, February 04, 2009 12:42 PM
**To:** Jon Corey; 'Christopher Price'
**Cc:** 'Herrington, Robert J'; Russell, Jason D; 'Nogues, Jean'
**Subject:** MGA / Mattel Litigation -- Meet and confers sent 1/28/09

Dear Jon,

Further to our call this morning, this confirms that MGA's Opposition to Mattel's Renewed Motion to Compel Production of Documents filed 1/26/09 is now due 2/10/09.  We will meet and confer concerning the Motion on Friday at 2:00 pm 2/6/09.  Thank you.

Also, since I have been out the last two days, all outstanding Meet and Confers concerning Phase 2 discovery that I am handling will also be discussed on our Friday 2 pm call, including issues related to Isaac Larian's deposition and the Discovery Master's 12/31/07 Order.

Because you were busy this morning, I will call you at 4 pm today to go over a list the outstanding meet and confers on Phase 2 discovery that we can discuss on our Friday call.  Speak to you then.

Amman A. Khan, Esq.,
Partner
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
T: (310) 556-7865
F: (310) 556-2920

EXHIBIT 29

PAGE 1027

2/10/2009

E-mail: Akhan@glaserweil.com
This message and any attached documents may contain information from the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.  Thank you.

EXHIBIT _29_

PAGE _1028_

**Exhibit 30**

**Rebecca Ramos**

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Thursday, February 05, 2009 12:14 PM |
| **To:** | 'Amman Khan'; Christopher Price; Scott Watson; Scott Kidman |
| **Cc:** | 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean' |
| **Subject:** | RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09 |
| **Attachments:** | 2786965_1.PDF; 1.pdf; 4.pdf; 2.pdf; 2778911_Letter re Meet n Confer in Connection w_ the Depo of R Brawer.PDF |

Amman,

I have attached the letters, at least one of which was addressed to you.  In addition to those topics, we would also like you to provide a last known address for Shirin Salemnia, as we have previously requested, and to discuss additional time to depose Mr. Brawer.

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

---

**From:** Amman Khan [mailto:akhan@glaserweil.com]
**Sent:** Wednesday, February 04, 2009 7:59 PM
**To:** Jon Corey; Christopher Price; Scott Watson; Scott Kidman
**Cc:** 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean'
**Subject:** RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09

Jon,

I have not seen letters concerning the four additional topics that you propose and I am not familiar with them. Can you please send them to me so I can try to figure out who will respond and get up to speed on those issues? -- Amman

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Wednesday, February 04, 2009 6:27 PM
**To:** Amman Khan; Christopher Price; Scott Watson; Scott Kidman
**Cc:** 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean'
**Subject:** RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09

EXHIBIT 30
PAGE 1029

2/10/2009

Amman,

I was detained in a meeting that went much longer than anticipated and missed your call.

I will agree that the four topics that we will discuss on Friday afternoon.  They are not, however, the "list of outstanding meet and confer letters re Phase 2 discovery."  Since the Phase 2 discovery stay was lifted last month, Mattel has sent a number of meet and confer letters, some of which have been timely responded to and some of which have not been and some of which have been fully addressed.  I am also separately dealing with your co-counsel and co-defendant's counsel on some of those letters.

Additional topics that we would like to discuss are

1.   A firm date for MGA's responses to compelled interrogatories.

2.   Identification of witnesses and dates for those witnesses to testify regarding the topics in Mattel's Rule 30(b)(6) Deposition Notices of MGA's and MGAE de Mexico

3.   A date for MGA and Larian's supplementation of ordered document requests seeking financial information

4.   An unredacted version of Exhibit B to the Woolard declaration.

This response, however, is not intended to be the universe of outstanding Phase 2 discovery issues for discussion.  I look forward to speaking with you on Friday.

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com


---

**From:** Amman Khan [mailto:akhan@glaserweil.com]
**Sent:** Wednesday, February 04, 2009 5:10 PM
**To:** Jon Corey; Christopher Price; Scott Watson; Scott Kidman
**Cc:** 'Herrington, Robert J'; 'Russell, Jason D'; 'Nogues, Jean'
**Subject:** RE: MGA / Mattel Litigation -- Meet and confers sent 1/28/09

Jon,

I called you at 4 pm, as we discussed, and left a message on your VM.  Call me so we go over a list of the outstanding meet and confer letters re Phase 2 discovery that we can go over on Friday afternoon at 2 pm (2/6/09).  Here is what I have:

EXHIBIT 30

PAGE 1030

1. Mattel's Renewed Motion to Compel Production of Documents filed 1/26/09;

2. Mattel's Demand for 10 additional hours of Deposition with Isaac Larian;

3. Mattel's Motion for Reconsideration of a Portion of the Discovery Master's 12/31/07 Order

4. Mattel's Supplemental Rogs to MGA & Larian.

I am assuming that if there are other outstanding meet and confers, you will let me know today, so that we can meaningfully discuss them Friday.  Thanks again.

-- Amman

---

**From:** Amman Khan
**Sent:** Wednesday, February 04, 2009 12:42 PM
**To:** Jon Corey; 'Christopher Price'
**Cc:** 'Herrington, Robert J'; Russell, Jason D; 'Nogues, Jean'
**Subject:** MGA / Mattel Litigation -- Meet and confers sent 1/28/09

Dear Jon,

Further to our call this morning, this confirms that MGA's Opposition to Mattel's Renewed Motion to Compel Production of Documents filed 1/26/09 is now due 2/10/09.  We will meet and confer concerning the Motion on Friday at 2:00 pm 2/6/09.  Thank you.

Also, since I have been out the last two days, all outstanding Meet and Confers concerning Phase 2 discovery that I am handling will also be discussed on our Friday 2 pm call, including issues related to Isaac Larian's deposition and the Discovery Master's 12/31/07 Order.

Because you were busy this morning, I will call you at 4 pm today to go over a list the outstanding meet and confers on Phase 2 discovery that we can discuss on our Friday call.  Speak to you then.

Amman A. Khan, Esq.,
Partner
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
T: (310) 556-7865
F: (310) 556-2920
E-mail:  Akhan@glaserweil.com
This message and any attached documents may contain information from the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.  Thank you.

EXHIBIT __30__

PAGE __1031__