QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>   Plaintiff,<br><br>   vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>   Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien Pursuant]**<br><br>[PUBLIC REDACTED] MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT OF ITS MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., AND ISAAC LARIAN<br><br>Date: TBA<br>Time: TBA<br>Place:   Telephonic Hearing<br><br>**Phase 2**<br>Discovery Cut-off: TBD<br>Pre-trial Conference: TBD<br>Trial Date: TBD |

1

2

# **TABLE OF CONTENTS**

3

**Page**

4

5   I.   MATTEL'S REQUESTS FOR PRODUCTION TO MGA AND
         LARIAN.................................................................................................1

6

7        A.   Mattel's Second Set of Requests for Production to MGA
              (Request Nos. 4-37, 40-45).......................................................1

8        B.   Mattel's First Set of Requests for Production to Larian (Request
              Nos. 207, 208, 269) .................................................................41

9
    ARGUMENT ........................................................................................43

10
    II.  MATTEL'S SIXTH SET OF INTERROGATORIES REGARDING
11       BRATZ SALES.................................................................................45

12  ARGUMENT ........................................................................................48

13  III. MATTEL'S SUPPLEMENTAL INTERROGATORIES ............................49

14       A.   Mattel's Interrogatories About Mattel Documents MGA
              Obtained (Interrogatory Nos. 56-63).....................................49

15
    ARGUMENT ........................................................................................77

16
         B.   Mattel's Interrogatories About MGA's Payments to Former
17            Mattel Employees (Interrogatory Nos. 67-69) .........................88

18  ARGUMENT ........................................................................................95

19

20

21

22

23

24

25

26

27

28

00505.07975/2791132.3

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S SEPARATE STATEMENT ISO
MOTION TO COMPEL

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.*,
1995 WL 625953 (D. Kan. 1995) .................................................. 85

*Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC*,
2006 WL 3253636 (N.D. Ill. 2006).............................................. 85

*Chapman v. California Dept. of Educ.*,
2002 WL 32854376 (N.D. Cal. February 6, 2002)....................... 86, 97

*Coleman v. Schwarzenegger*,
2008 WL 3843292 (E.D. Cal. August 14, 2008) .......................... 43, 49

*Convergent Business Systems, Inc. v. Diamond Reporting, Inc.*,
1989 WL 92038 (E.D.N.Y. 1988).................................................. 84, 101

*Dang v. Cross*,
2002 WL 432197 (C.D. Cal. 2002)................................................ 85

*Josephs v. Harris Corp.*,
677 F.2d 985 (3d Cir. 1982) ........................................................ 86

*Kelly v. City of San Jose*,
114 F.R.D. 653 (N.D. Cal. 1987).................................................. 90

*King v. E.F. Hutton & Co., Inc.*,
117 F.R.D. 2 (D.D.C. 1987)......................................................... 82, 84, 101

*King v. Georgia Power Co.*,
50 F.R.D. 134 (N.D. Ga. 1970).................................................... 87

*Lawrence v. First Kansas Bank & Trust Co.*,
169 F.R.D. 657 (D. Kan. 1996).................................................... passim

*Oakes v. Halvorsen Marine Ltd.*,
179 F.R.D. 281 (C.D.Cal. 1998) .................................................. 96

*Pension Ben. Guar. Corp v. Ziffer*,
1994 WL 11654 (N.D. Ill. 1994) .................................................. 86

*Roberts v. Heim*,
130 F.R.D. 424 (N.D. Cal. 1989).................................................. 82

*Safeco of America v. Rawstron*,
181 F.R.D. 441 (C.D. Cal. 1998) ................................................. passim

*Seff v. General Outdoor Advertising Co.*,
11 F.R.D. 597 (N.D. Ohio 1951) ................................................. 87, 101

*Tennison v. San Francisco*,
  226 F.R.D. 615 (N.D. Cal. 2005) ................................................................. 85

*Twigg v. Pilgrim's Pride Corp.*,
  2007 WL 676208 (N.D. W. Va. 2007) ........................................................ 85

*United States v. Abel*,
  469 U.S. 45 (1984) ........................................................................................ 2

*Walker v. Lakewood Condominium Owners Ass'n*,
  186 F.R.D. 584 (C.D. Cal. 1999) ............................................................... 86

*Wilson v. Thompson/Center Arms Co.*,
  2006 WL 3524250 (E.D. La. 2006) ............................................................ 85

*Zapata v. IBP, Inc.*,
  1997 WL 122588 (D. Kan. 1997) ............................................................... 85

## Statutes

Fed. R. Civ. P. 26 .............................................................. 44, 47, 79, 97

Fed. R. Civ. P. 26(e) ............................................................................... 44

Fed.R.Civ. P. 26(e)(1) ....................................................................... 44, 49

Fed.R.Civ.P. 33(a)(2) .............................................................................. 84

Fed. R. Civ. P. 33(c) .............................................................................. 100

Fed. R. Civ. P. 33(d) ................................................................................ 48

## Other Authorities

8A Wright & Miller, *Federal Practice & Procedure: Federal Rules of Civil Procedure* § 2174 ...................................................................... 87, 101

Wright & Miller, *Federal Practice & Procedure: Federal Rules of Evidence* § 6095 ........................................................................................ 97

1    Mattel, Inc. ("Mattel)" respectfully submits this Separate Statement in

2    Support of its Motion to Compel Responses to Interrogatories by MGA

3    Entertainment, Inc. ("MGA") and Isaac Larian ("Larian).

4

5  **I.    MATTEL'S REQUESTS FOR PRODUCTION TO MGA AND LARIAN**

6      **A.    Mattel's Second Set of Requests for Production to MGA (Request**

7          **Nos. 4-37, 40-45)**

8

9  REQUEST FOR PRODUCTION NO. 4:

10    DOCUMENTS sufficient to show the number of units of each BRATZ

11  DOLL sold by YOU or YOUR licensees.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

14    MGA incorporates by reference the above-stated general objections as

15  if fully set forth herein.  MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking the number of units of all Bratz dolls sold by MGA or its

20  licensees.  MGA also objects to this request on the grounds that it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA.  MGA also objects to this request to the

23  extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense or

25  common interest privilege, or other privilege.  MGA also objects to this request to

26  the extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28

MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce non-privileged documents sufficient to make the requested showing that are in its possession, custody or control, if any, which it is able to locate following a reasonably diligent search.

REQUEST FOR PRODUCTION NO. 5:

DOCUMENTS sufficient to show the revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents showing all revenue received by MGA for the sale of all Bratz dolls sold by MGA or its licensees.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

-2-

1   Subject to the foregoing, MGA will produce non-privileged documents

2   sufficient to make the requested showing that are in its possession, custody or

3   control, if any, which it is able to locate following a reasonably diligent search.

4

5   REQUEST FOR PRODUCTION NO. 6:

6   DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

7   and other costs for each BRATZ DOLL sold by YOU or YOUR licensees.

8

9   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

10   MGA incorporates by reference the above-stated general objections as

11   if fully set forth herein.  MGA also specifically objects to this request to the extent

12   that it seeks information not relevant to the subject matter of this lawsuit or

13   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

14   objects to this request on the grounds that it is overbroad, unduly burdensome, and

15   oppressive in seeking documents showing MGA's cost of goods sold, unit cost, and

16   all other costs for all Bratz dolls sold by MGA or its licensees.  MGA also objects to

17   this request on the grounds that it seeks confidential, proprietary or commercially

18   sensitive information, the disclosure of which would be inimical to the business

19   interests of MGA.  MGA also objects to this request to the extent it calls for the

20   disclosure of attorney-client privileged information or information protected from

21   disclosure by the work-product doctrine, joint defense or common interest privilege,

22   or other privilege.  MGA also objects to this request to the extent it seeks

23   information the disclosure of which would implicate the rights of third parties to

24   protect private, confidential, proprietary or trade secret information.  MGA also

25   objects to this request on the grounds that it is vague and ambiguous in that MGA

26   cannot determine what is meant by "other costs." MGA also objects to this request

27   to the extent that it seeks documents not in MGA's possession, custody or control.

28

1          Subject to the foregoing, MGA will produce non-privileged documents

2    sufficient to make the requested showing that are in its possession, custody or

3    control, if any, which it is able to locate following a reasonably diligent search.

4

5    REQUEST FOR PRODUCTION NO. 7:

6          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

7    YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR

8    licensees.

9

10    SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

11          MGA incorporates by reference the above-stated general objections as

12    if fully set forth herein.  MGA also specifically objects to this request to the extent

13    that it seeks information not relevant to the subject matter of this lawsuit or

14    reasonably calculated to lead to the discovery of admissible evidence.  MGA also

15    objects to this request on the grounds that it is overbroad, unduly burdensome, and

16    oppressive in seeking all documents that evidence, reflect or refer or relate to

17    MGA's profits from the sale of all Bratz dolls by MGA or its licensees.  MGA also

18    objects to this request on the grounds that it seeks confidential, proprietary or

19    commercially sensitive information, the disclosure of which would be inimical to

20    the business interests of MGA.  MGA also objects to this request to the extent it

21    calls for the disclosure of attorney-client privileged information or information

22    protected from disclosure by the work-product doctrine, joint defense or common

23    interest privilege, or other privilege.  MGA also objects to this request to the extent

24    it seeks information the disclosure of which would implicate the rights of third

25    parties to protect private, confidential, proprietary or trade secret information.  MGA

26    also objects to this request to the extent that it seeks documents not in MGA's

27    possession, custody or control.

28

1   Subject to the foregoing, MGA will produce documents that state

2   MGA's profits from the sale of each Bratz doll sold by MGA or its licensees in its

3   possession, custody or control that it discovers in the course of its reasonable search

4   and diligent inquiry and to which no privilege, protection or other objection applies,

5   including without limitation, the attorney-client privilege or attorney work product

6   doctrine.

7

8   REQUEST FOR PRODUCTION NO. 8:

9   For each customer to whom YOU or YOUR licensees have ever sold

10  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

11  such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

14  MGA incorporates by reference the above-stated general objections as

15  if fully set forth herein.  MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking documents that show the number of units of all Bratz dolls

20  sold by MGA or its licensees to every customer to whom MGA or its licensees have

21  ever sold any Bratz dolls.  MGA also objects to this request on the grounds that it

22  seeks confidential, proprietary or commercially sensitive information, the disclosure

23  of which would be inimical to the business interests of MGA.  MGA also objects to

24  this request to the extent it calls for the disclosure of attorney-client privileged

25  information or information protected from disclosure by the work-product doctrine,

26  joint defense or common interest privilege, or other privilege.  MGA also objects to

27  this request to the extent it seeks information the disclosure of which would

28  implicate the rights of third parties to protect private, confidential, proprietary or

trade secret information.  MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce non-privileged documents sufficient to make the requested showing that are in its possession, custody or control, if any, which it is able to locate following a reasonably diligent search.

REQUEST FOR PRODUCTION NO. 9:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, documents sufficient to show the revenue received by YOU from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that show the revenue received by MGA from the sale of all Bratz dolls to every customer to whom MGA or its licenses have ever sold any Bratz dolls.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or

1  trade secret information.  MGA also objects to this request to the extent that it seeks
2  documents not in MGA's possession, custody or control.
3           Subject to the foregoing, MGA will produce non-privileged documents
4  sufficient to make the requested showing that are in its possession, custody or
5  control, if any, which it is able to locate following a reasonably diligent search.
6
7  REQUEST FOR PRODUCTION NO. 10:
8           For each customer to whom YOU or YOUR licensees have ever sold
9  any BRATZ DOLL, documents sufficient to show YOUR profits from each such
10 BRATZ DOLL sold by YOU or YOUR licensees to that customer.
11
12 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:
13          MGA incorporates by reference the above-stated general objections as
14 if fully set forth herein.  MGA also specifically objects to this request to the extent
15 that it seeks information not relevant to the subject matter of this lawsuit or
16 reasonably calculated to lead to the discovery of admissible evidence.  MGA also
17 objects to this request on the grounds that it is overbroad, unduly burdensome, and
18 oppressive in seeking documents that show MGA's profits from the sale of all Bratz
19 dolls to every customer to whom MGA or its licenses have ever sold any Bratz
20 dolls.  MGA also objects to this request on the grounds that it seeks confidential,
21 proprietary or commercially sensitive information, the disclosure of which would be
22 inimical to the business interests of MGA.  MGA also objects to this request to the
23 extent it calls for the disclosure of attorney-client privileged information or
24 information protected from disclosure by the work-product doctrine, joint defense or
25 common interest privilege, or other privilege.  MGA also objects to this request to
26 the extent it seeks information the disclosure of which would implicate the rights of
27 third parties to protect private, confidential, proprietary or trade secret information.
28

1  MGA also objects to this request to the extent that it seeks documents not in MGA's

2  possession, custody or control.

3  Subject to the foregoing, MGA will produce non-privileged documents

4  sufficient to make the requested showing that are in its possession, custody or

5  control, if any, which it is able to locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO. 11:

8  DOCUMENTS sufficient to show customer returns to YOU of BRATZ

9  DOLLS sold or distributed by YOU or YOUR licensees.

10

11  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

12  MGA incorporates by reference the above-stated general objections as

13  if fully set forth herein.  MGA also specifically objects to this request to the extent

14  that it seeks information not relevant to the subject matter of this lawsuit or

15  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

16  objects to this request on the grounds that it is overbroad, unduly burdensome, and

17  oppressive in seeking documents that show customer returns to MGA of Bratz dolls

18  sold or distributed by MGA or its licensees.  MGA also objects to this request on the

19  grounds that it seeks confidential, proprietary or commercially sensitive

20  information, the disclosure of which would be inimical to the business interests of

21  MGA.  MGA also objects to this request to the extent it calls for the disclosure of

22  attorney-client privileged information or information protected from disclosure by

23  the work-product doctrine, joint defense or common interest privilege, or other

24  privilege.  MGA also objects to this request to the extent it seeks information the

25  disclosure of which would implicate the rights of third parties to protect private,

26  confidential, proprietary or trade secret information.  MGA also objects to this

27  request to the extent that it seeks documents not in MGA's possession, custody or

28  control.

-8-

1    Subject to the foregoing, MGA will produce non-privileged documents

2  sufficient to make the requested showing that are in its possession, custody or

3  control, if any, which it is able to locate following a reasonably diligent search.

4

5  REQUEST FOR PRODUCTION NO. 12:

6    DOCUMENTS sufficient to show customer rebates or credits given by

7  YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

8

9  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

10    MGA incorporates by reference the above-stated general objections as

11  if fully set forth herein.  MGA also specifically objects to this request to the extent

12  that it seeks information not relevant to the subject matter of this lawsuit or

13  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

14  objects to this request on the grounds that it is overbroad, unduly burdensome, and

15  oppressive in seeking documents that show customer rebates or credits given by

16  MGA or its licensees to customers in connection with Bratz dolls.  MGA also

17  objects to this request on the grounds that it seeks confidential, proprietary or

18  commercially sensitive information, the disclosure of which would be inimical to

19  the business interests of MGA.  MGA also objects to this request to the extent it

20  calls for the disclosure of attorney-client privileged information or information

21  protected from disclosure by the work-product doctrine, joint defense or common

22  interest privilege, or other privilege.  MGA also objects to this request to the extent

23  it seeks information the disclosure of which would implicate the rights of third

24  parties to protect private, confidential, proprietary or trade secret information.  MGA

25  also objects to this request to the extent that it seeks documents not in MGA's

26  possession, custody or control.

27

28

1    Subject to the foregoing, MGA will produce non-privileged documents

2 sufficient to make the requested showing that are in its possession, custody or

3 control, if any, which it is able to locate following a reasonably diligent search.

4

5 REQUEST FOR PRODUCTION NO. 13:

6    DOCUMENTS sufficient to show, by product number or SKU, the

7 number of units of each BRATZ DOLL sold by YOU or YOUR licensees.

8

9 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

10    MGA incorporates by reference the above-stated general objections as

11 if fully set forth herein.  MGA also specifically objects to this request to the extent

12 that it seeks information not relevant to the subject matter of this lawsuit or

13 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

14 objects to this request on the grounds that it is overbroad, unduly burdensome, and

15 oppressive in seeking documents that show, by product number or SKU, all units of

16 Bratz dolls sold by MGA or its licensees.  MGA also objects to this request on the

17 grounds that it seeks confidential, proprietary or commercially sensitive

18 information, the disclosure of which would be inimical to the business interests of

19 MGA.  MGA also objects to this request to the extent it calls for the disclosure of

20 attorney-client privileged information or information protected from disclosure by

21 the work-product doctrine, joint defense or common interest privilege, or other

22 privilege.  MGA also objects to this request to the extent it seeks information the

23 disclosure of which would implicate the rights of third parties to protect private,

24 confidential, proprietary or trade secret information.  MGA also objects to this

25 request to the extent that it seeks documents not in MGA's possession, custody or

26 control.

27

28

1    Subject to the foregoing, MGA will produce non-privileged documents

2  sufficient to make the requested showing that are in its possession, custody or

3  control, if any, which it is able to locate following a reasonably diligent search.

4

5  REQUEST FOR PRODUCTION NO. 14:

6    DOCUMENTS sufficient to show, by product number or SKU, the

7  revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or

8  YOUR licensees.

9

10  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO 14:

11    MGA incorporates by reference the above-stated general objections as

12  if fully set forth herein.  MGA also specifically objects to this request to the extent

13  that it seeks information not relevant to the subject matter of this lawsuit or

14  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

15  objects to this request on the grounds that it is overbroad, unduly burdensome, and

16  oppressive in seeking documents that show, by product number or SKU, the revenue

17  received by MGA from the sale of all Bratz dolls sold by MGA or its licensees.

18  MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  MGA also objects to this request to the

21  extent it calls for the disclosure of attorney-client privileged information or

22  information protected from disclosure by the work-product doctrine, joint defense or

23  common interest privilege, or other privilege.  MGA also objects to this request to

24  the extent it seeks information the disclosure of which would implicate the rights of

25  third parties to protect private, confidential, proprietary or trade secret information.

26  MGA also objects to this request to the extent that it seeks documents not in MGA's

27  possession, custody or control.

28

-11-

1    Subject to the foregoing, MGA will produce non-privileged documents

2    sufficient to make the requested showing that are in its possession, custody or

3    control, if any, which it is able to locate following a reasonably diligent search.

4

5    REQUEST FOR PRODUCTION NO. 15:

6    DOCUMENTS sufficient to show, by product number or SKU, YOUR

7    cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU

8    or YOUR licensees.

9

10   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

11   MGA incorporates by reference the above-stated general objections as

12   if fully set forth herein.  MGA also specifically objects to this request to the extent

13   that it seeks information not relevant to the subject matter of this lawsuit or

14   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

15   objects to this request on the grounds that it is overbroad, unduly burdensome, and

16   oppressive in seeking documents that show, by product number or SKU, MGA's

17   cost of goods sold, unit cost, and other costs for all Bratz dolls sold by MGA or its

18   licensees.  MGA also objects to this request on the grounds that it seeks confidential,

19   proprietary or commercially sensitive information, the disclosure of which would be

20   inimical to the business interests of MGA.  MGA also objects to this request to the

21   extent it calls for the disclosure of attorney-client privileged information or

22   information protected from disclosure by the work-product doctrine, joint defense or

23   common interest privilege, or other privilege.  MGA also objects to this request to

24   the extent it seeks information the disclosure of which would implicate the rights of

25   third parties to protect private, confidential, proprietary or trade secret information.

26   MGA also objects to this request on the grounds that it is vague and ambiguous in

27   that MGA cannot determine what is meant by "other costs." MGA also objects to

28

-12-

1  this request to the extent that it seeks documents not in MGA's possession, custody

2  or control.

3          Subject to the foregoing, MGA will produce non-privileged documents

4  sufficient to make the requested showing that are in its possession, custody or

5  control, if any, which it is able to locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO 16:

8          All DOCUMENTS that evidence, reflect, or REFER OR RELATE TO

9  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

10  sold by YOU or YOUR licensees.

11

12  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

13          MGA incorporates by reference the above-stated general objections as

14  if fully set forth herein.  MGA also specifically objects to this request to the extent

15  that it seeks information not relevant to the subject matter of this lawsuit or

16  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

17  objects to this request on the grounds that it is overbroad, unduly burdensome, and

18  oppressive in seeking documents that evidence, reflect or refer or relate, by product

19  number or SKU, MGA's profits from the sale of all Bratz dolls sold by MGA or its

20  licensees.  MGA also objects to this request on the grounds that it seek confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA.  MGA also objects to this request to the

23  extent it calls for the disclosure of attorney-client privileged information or

24  information protected from disclosure by the work-product doctrine, joint defense or

25  common interest privilege, or other privilege.  MGA also objects to this request to

26  the extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information.

28

MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce documents that state MGA's profits by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees in its possession, custody or control that it discovers in the course of its reasonable search and diligent inquiry and to which no privilege, protection or other objection applies, including without limitation, the attorney-client privilege or attorney work product doctrine.

REQUEST FOR PRODUCTION NO. 17:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that show, by product number or SKU, the number of units of all Bratz dolls sold to all customers by MGA or its licensees.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common

1  interest privilege, or other privilege.  MGA also objects to this request to the extent

2  it seeks information the disclosure of which would implicate the rights of third

3  parties to protect private, confidential, proprietary or trade secret information.  MGA

4  also objects to this request to the extent that it seeks documents not in MGA's

5  possession, custody or control.

6           Subject to the foregoing, MGA will produce non-privileged documents

7  sufficient to make the requested showing that are in its possession, custody or

8  control, if any, which it is able to locate following a reasonably diligent search.

9

10  REQUEST FOR PRODUCTION NO. 18:

11           For each customer to whom YOU or YOUR licensees have ever sold

12  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

13  the revenue received by YOU from each such BRATZ DOLL sold by YOU or

14  YOUR licensees to that customer.

15

16  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

17           MGA incorporates by reference the above-stated general objections as

18  if fully set forth herein.  MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome, and

22  oppressive in seeking documents that show, by product number or SKU, the revenue

23  received by MGA from the sale of all Bratz dolls sold to all customers by MGA or

24  its licensees.  MGA also objects to this request on the grounds that it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of MGA.  MGA also objects to

27  this request to the extent it calls for the disclosure of attorney-client privileged

28  information or information protected from disclosure by the work-product doctrine,

1  joint defense or common interest privilege, or other privilege.  MGA also objects to

2  this request to the extent it seeks information the disclosure of which would

3  implicate the rights of third parties to protect private, confidential, proprietary or

4  trade secret information.  MGA also objects to this request to the extent that it seeks

5  documents not in MGA's possession, custody or control.

6          Subject to the foregoing, MGA will produce non-privileged documents

7  sufficient to make the requested showing that are in its possession, custody or

8  control, if any, which it is able to locate following a reasonably diligent search.

9

10  REQUEST FOR PRODUCTION NO. 19:

11          For each customer to whom YOU or YOUR licensees have ever sold

12  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

13  YOUR profits from each such BRATZ DOLL sold by YOU or YOUR licensees to

14  that customer.

15

16  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

17          MGA incorporates by reference the above-stated general objections as

18  if fully set forth herein.  MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome, and

22  oppressive in seeking documents that show, by product number or SKU, MGA's

23  profits from the sale of all Bratz dolls sold to all customers by MGA or its licensees.

24  MGA also objects to this request on the grounds that it seeks confidential,

25  proprietary or commercially sensitive information, the disclosure of which would be

26  inimical to the business interests of MGA.  MGA also objects to this request to the

27  extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense or

-16-

common interest privilege, or other privilege.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce non-privileged documents sufficient to make the requested showing that are in its possession, custody or control, if any, which it is able to locate following a reasonably diligent search.

REQUEST FOR PRODUCTION NO. 20:

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by YOU or YOUR licensees of BRATZ DOLLS including, without limitation, DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable costs, gross margins, royalties paid and received, gross profits and nets profits.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that show the revenues and profits derived by MGA from the sale of all Bratz dolls by MGA or its licensees.  MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from

1   disclosure by the work-product doctrine, joint defense or common interest privilege,

2   or other privilege.  MGA also objects to this request to the extent it seeks

3   information the disclosure of which would implicate the rights of third parties to

4   protect private, confidential, proprietary or trade secret information.  MGA also

5   objects to this request to the extent that it seeks documents not in MGA's possession,

6   custody or control.

7          Subject to the foregoing, MGA will produce non-privileged documents

8   sufficient to make the requested showing that are in its possession, custody or

9   control, if any, which it is able to locate following a reasonably diligent search.

10

11  REQUEST FOR PRODUCTION NO. 21:

12         DOCUMENTS sufficient to show the number of units of each BRATZ

13  PRODUCT sold by YOU or YOUR licensees.

14

15  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

16         MGA incorporates by reference the above-stated general objections as

17  if fully set forth herein.  MGA also specifically objects to this request to the extent

18  that it seeks information not relevant to the subject matter of this lawsuit or

19  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

20  objects to this request on the grounds that it is overbroad, unduly burdensome, and

21  oppressive in seeking documents that show, by product number or SKU, the revenue

22  received by MGA from the sale of all Bratz products sold to all customers by MGA

23  or its licensees.  MGA also objects to this request on the grounds that it seeks

24  confidential, proprietary or commercially sensitive information, the disclosure of

25  which would be inimical to the business interests of MGA.  MGA also objects to

26  this request to the extent it calls for the disclosure of attorney-client privileged

27  information or information protected from disclosure by the work-product doctrine,

28  joint defense or common interest privilege, or other privilege.  MGA also objects to

1   this request to the extent it seeks information the disclosure of which would

2   implicate the rights of third parties to protect private, confidential, proprietary or

3   trade secret information.  MGA also objects to this request to the extent that it seeks

4   documents not in MGA's possession, custody or control.

5          Subject to the foregoing, MGA will produce non-privileged documents

6   sufficient to make the requested showing that are in its possession, custody or

7   control, if any, which it is able to locate following a reasonably diligent search.

8

9   REQUEST FOR PRODUCTION NO. 22:

10          DOCUMENTS sufficient to show the revenue received by YOU from

11   the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

12

13   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

14          MGA incorporates by reference the above-stated general objections as

15   if fully set forth herein.  MGA also specifically objects to this request to the extent

16   that it seeks information not relevant to the subject matter of this lawsuit or

17   reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18   objects to this request on the grounds that it is overbroad, unduly burdensome, and

19   oppressive in seeking documents that show the revenue received by MGA from the

20   sale of all Bratz products by MGA or its licensees.  MGA also objects to this request

21   on the, grounds that it seeks confidential, proprietary or commercially sensitive

22   information, the disclosure of which would be inimical to the business interests of

23   MGA.  MGA also objects to this request to the extent it calls for the disclosure of

24   attorney-client privileged information or information protected from disclosure by

25   the work-product doctrine, joint defense or common interest privilege, or other

26   privilege.  MGA also objects to this request to the extent it seeks information the

27   disclosure of which would implicate the rights of third parties to protect private,

28   confidential, proprietary or trade secret information.  MGA also objects to this

1  request to the extent that it seeks documents not in MGA's possession, custody or

2  control.

3          Subject to the foregoing, MGA will produce non-privileged documents

4  sufficient to make the requested showing that are in its possession, custody or

5  control, if any, which it is able to locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO. 23:

8          DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

9  and other costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

10

11  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

12          MGA incorporates by reference the above-stated general objections as

13  if fully set forth herein.  MGA also specifically objects to this request to the extent

14  that it seeks information not relevant to the subject matter of this lawsuit or

15  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

16  objects to this request on the grounds that it is overbroad, unduly burdensome, and

17  oppressive in seeking documents that show MGA's cost of goods sold, unit cost, and

18  other costs for all Bratz products sold by MGA or its licensees.  MGA also objects

19  to this request on the grounds that it seeks confidential, proprietary or commercially

20  sensitive information, the disclosure of which would be inimical to the business

21  interests of MGA.  MGA also objects to this request to the extent it calls for the

22  disclosure of attorney-client privileged information or information protected from

23  disclosure by the work-product doctrine, joint defense or common interest privilege,

24  or other privilege.  MGA also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to

26  protect private, confidential, proprietary or trade secret information.  MGA also

27  objects to this request on the grounds that it is vague and ambiguous in that MGA

28

-20-

1  cannot determine what is meant by "other costs." MGA also objects to this request

2  to the extent that it seeks documents not in MGA's possession, custody or control.

3          Subject to the foregoing, MGA will produce non-privileged documents

4  sufficient to make the requested showing that are in its possession, custody or

5  control, if any, which it is able to locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO. 24:

8          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

9  YOUR profits from the sale of each BRATZ PRODUCT sold by YOU or YOUR

10  licensees.

11

12  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

13          MGA incorporates by reference the above-stated general objections as

14  if fully set forth herein.  MGA also specifically objects to this request to the extent

15  that it seeks information not relevant to the subject matter of this lawsuit or

16  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

17  objects to this request on the grounds that it is overbroad, unduly burdensome, and

18  oppressive in seeking documents that evidence, reflect, or refer or relate to MGA's

19  profits from the sale of all Bratz products sold by MGA or its licensees.  MGA also

20  objects to this request on the grounds that it seeks confidential, proprietary or

21  commercially sensitive information, the disclosure of which would be inimical to

22  the business interests of MGA.  MGA also objects to this request to the extent it

23  calls for the disclosure of attorney-client privileged information or information

24  protected from disclosure by the work-product doctrine, joint defense or common

25  interest privilege, or other privilege.  MGA also objects to this request to the extent

26  it seeks information the disclosure of which would implicate the rights of third

27  parties to protect private, confidential, proprietary or trade secret information.  MGA

28

-21-

1  also objects to this request to the extent that it seeks documents not in MGA's

2  possession, custody or control.

3         Subject to the foregoing, MGA will, produce documents that state

4  MGA's profits from the sale of each Bratz product sold by MGA or its licensees in

5  its possession, custody or control that it discovers in the course of its reasonable

6  search and diligent inquiry and to which no privilege, protection or other objection

7  applies, including without limitation, the attorney-client privilege or attorney work

8  product doctrine.

9

10  REQUEST FOR PRODUCTION NO. 25:

11         DOCUMENTS sufficient to IDENTIFY all customers to whom YOU

12  or YOUR licensees have ever sold any BRATZ PRODUCT.

13

14  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

15         MGA incorporates by reference the above-stated general objections as

16  if fully set forth herein.  MGA also specifically objects to this request to the extent

17  that it seeks information not relevant to the subject matter of this lawsuit or

18  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

19  objects to this request on the grounds that it is overbroad, unduly burdensome, and

20  oppressive in seeking documents that identify all customers to whom MGA or its

21  licensees has ever sold any Bratz product.  MGA also objects to this request on the

22  grounds that it seeks confidential, proprietary or commercially sensitive

23  information, the disclosure of which would be inimical to the business interests of

24  MGA.  MGA also objects to this request to the extent it calls for the disclosure of

25  attorney-client privileged information or information protected from disclosure by

26  the work-product doctrine, joint defense or common interest privilege, or other

27  privilege.  MGA also objects to this request to the extent it seeks information the

28  disclosure of which would implicate the rights of third parties to protect private,

1   confidential, proprietary or trade secret information.  MGA also objects to this

2   request to the extent that it seeks documents not in MGA's possession, custody or

3   control.

4          Subject to the foregoing, MGA will produce non-privileged documents

5   sufficient to make the requested showing that are in its possession, custody or

6   control, if any, which it is able to locate following a reasonably diligent search.

7

8   REQUEST FOR PRODUCTION NO. 26:

9          For each customer to whom YOU or YOUR licensees have ever sold

10  any BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of

11  each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:

14         MGA incorporates by reference the above-stated general objections as

15  if fully set forth herein.  MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking documents that show the number of units of all Bratz products

20  sold to all customers by MGA or its licensees.  MGA also objects to this request on

21  the grounds that it seeks confidential, proprietary or commercially sensitive

22  information, the disclosure of which would be inimical to the business interests of

23  MGA.  MGA also objects to this request to the extent it calls for the disclosure of

24  attorney-client privileged information or information protected from disclosure by

25  the work-product doctrine, joint defense or common interest privilege, or other

26  privilege.  MGA also objects to this request to the extent it seeks information the

27  disclosure of which would implicate the rights of third parties to protect private,

28  confidential, proprietary or trade secret information.  MGA also objects to this

1  request to the extent that it seeks documents not in MGA's possession, custody or

2  control.

3          Subject to the foregoing, MGA will produce responsive and non-

4  privileged documents in its possession, custody or control, if any, that it is able to

5  locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO. 27:

8          For each customer to whom YOU or YOUR licensees have ever sold

9  any BRATZ PRODUCT, documents sufficient to show the revenue received by

10 YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that

11 customer.

12

13 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

14         MGA incorporates by reference the above-stated general objections as

15 if fully set forth herein.  MGA also specifically objects to this request to the extent

16 that it seeks information not relevant to the subject matter of this lawsuit or

17 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18 objects to this request on the grounds that it is overbroad, unduly burdensome, and

19 oppressive in seeking documents that show the revenue received by MGA from the

20 sale of all Bratz products to all customers by MGA or its licensees.  MGA also

21 objects to this request on the grounds that it seeks confidential, proprietary or

22 commercially sensitive information, the disclosure of which would be inimical to

23 the business interests of MGA.  MGA also objects to this request to the extent it

24 calls for the disclosure of attorney-client privileged information or information

25 protected from disclosure by the work-product doctrine, joint defense or common

26 interest privilege, or other privilege.  MGA also objects to this request to the extent

27 it seeks information the disclosure of which would implicate the rights of third

28 parties to protect private, confidential, proprietary or trade secret information.  MGA

1  also objects to this request to the extent that it seeks documents not in MGA's

2  possession, custody or control.

3          Subject to the foregoing, MGA will produce non-privileged documents

4  sufficient to make the requested showing that are in its possession, custody or

5  control, if any, which it is able to locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO. 28:

8          For each customer to whom YOU or YOUR licensees have ever sold

9  any BRATZ PRODUCT, documents sufficient to show YOUR profits from each

10  such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

11

12  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:

13          MGA incorporates by reference the above-stated general objections as

14  if fully set forth herein.  MGA also specifically objects to this request to the extent

15  that it seeks information not relevant to the subject matter of this lawsuit or

16  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

17  objects to this request on the grounds that it is overbroad, unduly burdensome, and

18  oppressive in seeking documents that show MGA's profits from the sale of all Bratz

19  products to all customers by MGA or its licensees.  MGA also objects to this request

20  on the grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of

22  MGA.  MGA also objects to this request to the extent it calls for the disclosure of

23  attorney-client privileged information or information protected from disclosure by

24  the work-product doctrine, joint defense or common interest privilege, or other

25  privilege.  MGA also objects to this request to the extent it seeks information the

26  disclosure of which would implicate the rights of third parties to protect private,

27  confidential, proprietary or trade secret information.  MGA also objects to this

28

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S SEPARATE STATEMENT ISO
MOTION TO COMPEL

1  request to the extent that it seeks documents not in MGA's possession, custody or

2  control.

3         Subject to the foregoing, MGA will produce non-privileged documents

4  sufficient to make the requested showing that are in its possession, custody or

5  control, if any, which it is able to locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO. 29:

8         DOCUMENTS sufficient to show customer returns to YOU of BRATZ

9  PRODUCTS sold or distributed by YOU or YOUR licensees.

10

11 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:

12        MGA incorporates by reference the above-stated general objections as

13 if fully set forth herein.  MGA also specifically objects to this request to the extent

14 that it seeks information not relevant to the subject matter of this lawsuit or

15 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

16 objects to this request on the grounds that it is overbroad, unduly burdensome, and

17 oppressive in seeking documents that show customer returns to MGA of all Bratz

18 products sold or distributed by MGA or its licensees.  MGA also objects to this

19 request on the grounds that it seeks confidential, proprietary or commercially

20 sensitive information, the disclosure of which would be inimical to the business

21 interests of MGA.  MGA also objects to this request to the extent it calls for the

22 disclosure of attorney-client privileged information or information protected from

23 disclosure by the work-product doctrine, joint defense or common interest privilege,

24 or other privilege.  MGA also objects to this request to the extent it seeks

25 information the disclosure of which would implicate the rights of third parties to

26 protect private, confidential, proprietary or trade secret information.  MGA also

27 objects to this request to the extent that it seeks documents not in MGA's possession,

28 custody or control.

1    Subject to the foregoing, MGA will produce non-privileged documents

2  sufficient to make the requested showing that are in its possession, custody or

3  control, if any, which it is able to locate following a reasonably diligent search.

4

5  REQUEST FOR PRODUCTION NO. 30:

6    DOCUMENTS sufficient to show customer rebates and credits given

7  by YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

8

9  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:

10    Request 30 appears on its face to request information identical to

11  request 12.  If this is an accurate interpretation of request 30, MGA objects that

12  request 30 is duplicative of request 12 and MGA also incorporates by reference its

13  above-stated objections to request 12.  If request 30 inadvertently requests

14  information related to Bratz dolls and was instead intended to request information

15  related to Bratz products, MGA has the following objections:

16    MGA incorporates by reference the above-stated general objections as

17  if fully set forth herein.  MGA also specifically objects to this request to the extent

18  that it seeks information not relevant to the subject matter of this lawsuit or

19  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

20  objects to this request on the grounds that it is overbroad, unduly burdensome, and

21  oppressive in seeking documents that show customer rebates and credits given by

22  MGA or its licensees to all customers in connection with Bratz products.  MGA also

23  objects to this request on the grounds that it seeks confidential, proprietary or

24  commercially sensitive information, the disclosure of which would be inimical to

25  the business interests of MGA.  MGA also objects to this request to the extent it

26  calls for the disclosure of attorney-client privileged information or information

27  protected from disclosure by the work-product doctrine, joint defense or common

28  interest privilege, or other privilege.  MGA also objects to this request to the extent

1  it seeks information the disclosure of which would implicate the rights of third

2  parties to protect private, confidential, proprietary or trade secret information.  MGA

3  also objects to this request to the extent that it seeks documents not in MGA's

4  possession, custody or control.

5              Subject to the foregoing, MGA will produce non-privileged documents

6  sufficient to make the requested showing that are in its possession, custody or

7  control, if any, which it is able to locate following a reasonably diligent search.

8

9  REQUEST FOR PRODUCTION NO. 31:

10              DOCUMENTS sufficient to show, by product number of SKU, the

11  number of units of each BRATZ PRODUCT sold by YOU or YOUR licensees.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:

14              MGA incorporates by reference the above-stated general objections as

15  if fully set forth herein.  MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking documents that show, by product number or SKU, the number

20  of units of all Bratz products sold by MGA or its licensees.  MGA also objects to

21  this request on the grounds that it seeks confidential, proprietary or commercially

22  sensitive information, the disclosure of which would be inimical to the business

23  interests of MGA.  MGA also objects to this request to the extent it calls for the

24  disclosure of attorney-client privileged information or information protected from

25  disclosure by the work-product doctrine, joint defense or common interest privilege,

26  or other privilege.  MGA also objects to this request to the extent it seeks

27  information the disclosure of which would implicate the rights of third parties to

28  protect private, confidential, proprietary or trade secret information.  MGA also

1  objects to this request to the extent that it seeks documents not in MGA's possession,
2  custody or control.

3          Subject to the foregoing, MGA will produce non-privileged documents
4  sufficient to make the requested showing that are in its possession, custody or
5  control, if any, which it is able to locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO. 32:

8          DOCUMENTS sufficient to show, by product or SKU, the revenue
9  received by YOU from the sale of each BRATZ PRODUCT sold by YOU or YOUR
10 licensees.

11

12 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:

13         MGA incorporates by reference the above-stated general objections as
14 if fully set forth herein.  MGA also specifically objects to this request to the extent
15 that it seeks information not relevant to the subject matter of this lawsuit or
16 reasonably calculated to lead to the discovery of admissible evidence.  MGA also
17 objects to this request on the grounds that it is overbroad, unduly burdensome, and
18 oppressive in seeking documents that show, by product number or SKU, the revenue
19 received by MGA from the sale of all Bratz products sold by MGA or its licensees.
20 MGA also objects to this request on the grounds that it seeks confidential,
21 proprietary or commercially sensitive information, the disclosure of which would be
22 inimical to the business interests of MGA.  MGA also objects to this request to the
23 extent it calls for the disclosure of attorney-client privileged information or
24 information protected from disclosure by the work-product doctrine, joint defense or
25 common interest privilege, or other privilege.  MGA also objects to this request to
26 the extent it seeks information the disclosure of which would implicate the rights of
27 third parties to protect private, confidential, proprietary or trade secret information.

28

1   MGA also objects to this request to the extent that it seeks documents not in MGA's

2   possession, custody or control.

3          Subject to the foregoing, MGA will produce non-privileged documents

4   sufficient to make the requested showing that are in its possession, custody or

5   control, if any, which it is able to locate following a reasonably diligent search.

6

7   REQUEST FOR PRODUCTION NO. 33:

8          DOCUMENTS sufficient to show, by product number or SKU, YOUR

9   cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by

10  YOU or YOUR licensees.

11

12  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:

13         MGA incorporates by reference the above-stated general objections as

14  if fully set forth herein.  MGA also specifically objects to this request to the extent

15  that it seeks information not relevant to the subject matter of this lawsuit or

16  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

17  objects to this request on, the grounds that it is overbroad, unduly burdensome, and

18  oppressive in seeking documents that show, by product number or SKU, MGA's

19  cost of goods sold, unit cost and other costs for all Bratz products sold by MGA or

20  its licensees.  MGA also objects to this request on the grounds that it seeks

21  confidential, proprietary or commercially sensitive information, the disclosure of

22  which would be inimical to the business interests of MGA.  MGA also objects to

23  this request to the extent it calls for the disclosure of attorney-client privileged

24  information or information protected from disclosure by the work-product doctrine,

25  joint defense or common interest privilege, or other privilege.  MGA also objects to

26  this request to the extent it seeks information the disclosure of which would

27  implicate the rights of third parties to protect private, confidential, proprietary or

28  trade secret information.  MGA also objects to this request on the grounds that it is

-30-

vague and ambiguous in that MGA cannot determine what is meant by "other costs." MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce non-privileged documents sufficient to make the requested showing that are in its possession, custody or control, if any, which it is able to locate following a reasonably diligent search.

REQUEST FOR PRODUCTION NO. 34:

All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that reflect or refer or relate, by product number or SKU, to MGA's profits from the sale of all Bratz products by MGA or its licensees. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.

-31-

MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce documents that state MGA's profits by product number or SKU from the sale of each Bratz product sold by MGA or its licensees in its possession, custody or control that it discovers in the course of its reasonable search and diligent inquiry and to which no privilege, protection or other objection applies, including without limitation, the attorney-client privilege or attorney work product doctrine.

REQUEST FOR PRODUCTION NO. 35:

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number of units of each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that show the number of units of all Bratz products sold by MGA or its licensees to every customer to whom MGA or its licensees have ever sold any Bratz products.  MGA, also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.  MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-

1  product doctrine, joint defense or common interest privilege, or other privilege.

2  MGA also objects to this request to the extent it seeks information the disclosure of

3  which would implicate the rights of third parties to protect private, confidential,

4  proprietary or trade secret information.  MGA also objects to this request to the

5  extent that it seeks documents not in MGA's possession, custody or control.

6          Subject to the foregoing, MGA will produce non-privileged documents

7  sufficient to make the requested showing that are in its possession, custody or

8  control, if any, which it is able to locate following a reasonably diligent search.

9

10  REQUEST FOR PRODUCTION NO. 36:

11          For each customer to whom YOU or YOUR licensees have ever sold

12  any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

13  SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by

14  YOU or YOUR licensees to that customer.

15

16  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:

17          MGA incorporates by reference the above-stated general objections as

18  if fully set forth herein.  MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome, and

22  oppressive in seeking documents that show the revenue received by MGA from all

23  Bratz products sold by MGA or its licensees to every customer to whom MGA or its

24  licenses have ever sold any Bratz products.  MGA also objects to this request on the

25  grounds that it seeks confidential, proprietary or commercially sensitive

26  information, the disclosure of which would be inimical to the business interests of

27  MGA.  MGA also objects to this request to the extent it calls for the disclosure of

28  attorney-client privileged information or information protected from disclosure by

1  the work-product doctrine, joint defense or common interest privilege, or other

2  privilege.  MGA also objects to this request to the extent it seeks information the

3  disclosure of which would implicate the rights of third parties to protect private,

4  confidential, proprietary or trade secret information.  MGA also objects to this

5  request to the extent that it seeks documents not in MGA's possession, custody or

6  control.

7          Subject to the foregoing, MGA will produce non-privileged documents

8  sufficient to make the requested showing that are in its possession, custody or

9  control, if any, which it is able to locate following a reasonably diligent search.

10

11  REQUEST FOR PRODUCTION NO. 37:

12          DOCUMENTS sufficient to show the revenue and profits derived by

13  YOU from the sale by YOU or YOUR licensees of BRATZ PRODUCTS including,

14  without limitation, DOCUMENTS sufficient to show sales revenues, costs of goods

15  sold, variable costs, gross margins, royalties paid and received, gross profits and

16  nets profits.

17

18  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:

19          MGA incorporates by reference the above-stated general objections as

20  if fully set forth herein.  MGA also specifically objects to this request to the extent

21  that it seeks information not relevant to the subject matter of this lawsuit or

22  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

23  objects to this request on the grounds that it is overbroad, unduly burdensome, and

24  oppressive in seeking documents that show the revenues and profits derived by

25  MGA from the sale of all Bratz products by MGA or its licensees.  MGA also

26  objects to this request on the grounds that it seeks confidential, proprietary or

27  commercially sensitive information, the disclosure of which would be inimical to

28  the business interests of MGA.  MGA also objects to this request to the extent it

1  calls for the disclosure of attorney-client privileged information or information

2  protected from disclosure by the work-product doctrine, joint defense or common

3  interest privilege, or other privilege.  MGA also objects to this request to the extent

4  it seeks information the disclosure of which would implicate the rights of third

5  parties to protect private, confidential, proprietary or trade secret information.  MGA

6  also objects to this request to the extent that it seeks documents not in MGA's

7  possession, custody or control.

8         Subject to the foregoing, MGA will produce non-privileged documents

9  sufficient to make the requested showing that are in its possession, custody or

10 control, if any, which it is able to locate following a reasonably diligent search.

11

12 REQUEST FOR PRODUCTION NO. 40:

13         All DOCUMENTS that describe YOUR cost allocation procedures.

14

15 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:

16         MGA incorporates by reference the above-stated general objections as

17 if fully set forth herein.  MGA also specifically objects to this request to the extent

18 that it seeks information not relevant to the subject matter of this lawsuit or

19 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

20 objects to this request on the grounds that it is overbroad, unduly burdensome, and

21 oppressive in seeking all documents that describe MGA's cost allocation procedures.

22 MGA also objects to this request on the grounds that it seeks confidential,

23 proprietary or commercially sensitive information, the disclosure of which would be

24 inimical to the business interests of MGA.  MGA also objects to this request to the

25 extent it calls for the disclosure of attorney-client privileged information or

26 information protected from disclosure by the work-product doctrine, joint defense or

27 common interest privilege, or other privilege.  MGA also objects to this request to

28 the extent it seeks information the disclosure of which would implicate the rights of

third parties to protect private, confidential, proprietary or trade secret information.
MGA also objects to this request on the grounds that it is vague and ambiguous in
that MGA cannot determine what is meant by "cost allocation procedures."  MGA
also objects to this request to the extent that it seeks documents not in MGA's
possession, custody or control.

Subject to the foregoing, MGA will produce all responsive and non-
privileged documents in its possession, custody or control, if any, that it is able to
locate following a reasonably diligent search.

REQUEST FOR PRODUCTION NO. 41:

YOUR general ledgers from January 1, 1995 through the present.

SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO 41:

MGA incorporates by reference the above-stated general objections as
if fully set forth herein.  MGA also specifically objects to this request to the extent
that it seeks information not relevant to the subject matter of this lawsuit or
reasonably calculated to lead to the discovery of admissible evidence.  MGA also
objects to this request on the grounds that it is overbroad, unduly burdensome, and
oppressive in seeking all of MGA's general ledgers from January 1, 1995 through
the present.  MGA also objects to this request on the grounds that it seeks
confidential, proprietary or commercially sensitive information, the disclosure of
which would be inimical to the business interests of MGA.  MGA also objects to
this request to the extent it calls for the disclosure of attorney-client privileged
information or information protected from disclosure by the work-product doctrine,
joint defense or common interest privilege, or other privilege.  MGA also objects to
this request to the extent it seeks information the disclosure of which would
implicate the rights of third parties to protect private, confidential, proprietary or

-36-

1  trade secret information.  MGA also objects to this request to the extent that it seeks

2  documents not in MGA's possession, custody or control.

3          Subject to the foregoing, MGA will produce all non-privileged

4  documents constituting general ledgers from January 1, 1995 to the present in its

5  possession, custody or control that it is able to locate following a reasonably diligent

6  search.

7

8  REQUEST FOR PRODUCTION NO. 42:

9          All sales, profit and cash flow projections or forecasts for BRATZ

10  DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

11  SHOWS.

12

13  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:

14          MGA incorporates by reference the above-stated general objections as

15  if fully set forth herein.  MGA also specifically objects to this request to the extent

16  that it seeks information not relevant to the subject matter of this lawsuit or

17  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

18  objects to this request on the grounds that it is overbroad, unduly burdensome, and

19  oppressive in seeking all of MGA's profit and cash flow projections and forecasts

20  for Bratz dolls, Bratz products, Bratz movies, and Bratz television shows.  MGA

21  also objects to this request on the grounds that it seeks confidential, proprietary or

22  commercially sensitive information, the disclosure of which would be inimical to

23  the business interests of MGA.  MGA also objects to this request to the extent it

24  calls for the disclosure of attorney-client privileged information or information

25  protected from disclosure by the work-product doctrine, joint defense or common

26  interest privilege, or other privilege.  MGA also objects to this request to the extent

27  it seeks information the disclosure of which would implicate the rights of third

28  parties to protect private, confidential, proprietary or trade secret information.  MGA

1  also objects to this request to the extent that it seeks documents not in MGA's

2  possession, custody or control.

3        Subject to the foregoing, MGA will produce all responsive and non-

4  privileged documents in its possession, custody or control, if any, that it is able to

5  locate following a reasonably diligent search.

6

7  REQUEST FOR PRODUCTION NO. 43:

8        All DOCUMENTS that REFER OR RELATE TO the value of the

9  Bratz brand.

10

11 SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:

12        MGA incorporates by reference the above-stated general objections as

13 if fully set forth herein.  MGA also specifically objects to this request to the extent

14 that it seeks information not relevant to the subject matter of this lawsuit or

15 reasonably calculated to lead to the discovery of admissible evidence.  MGA also

16 objects to this request on the grounds that it is overbroad, unduly burdensome, and

17 oppressive in seeking all documents that refer or relate to the value of the Bratz

18 brand.  MGA also objects to this request on the grounds that it seeks confidential,

19 proprietary or commercially sensitive information, the disclosure of which would be

20 inimical to the business interests of MGA.  MGA also objects to this request to the

21 extent it calls for the disclosure of attorney-client privileged information or

22 information protected from disclosure by the work-product doctrine, joint defense or

23 common interest privilege, or other privilege.  MGA also objects to this request to

24 the extent it seeks information the disclosure of which would implicate the rights of

25 third parties to protect private, confidential, proprietary or trade secret information.

26 MGA also objects to this request on the grounds that it is vague and ambiguous in

27 that MGA cannot determine what is meant by or how to calculate "the value of the

28

MATTEL INC.'S SEPARATE STATEMENT ISO
MOTION TO COMPEL

1   Bratz brand." MGA also objects to this request to the extent that it seeks documents

2   not in MGA's possession, custody or control.

3            Subject to the foregoing, MGA will produce: all non-privileged

4   documents that set forth the value of the Bratz brand in its possession, custody or

5   control, that it is able to locate following a reasonably diligent search; in addition to

6   the documents that MGA represents it will produce in response to each of these

7   other requests.

8

9   REQUEST FOR PRODUCTION NO. 44:

10            DOCUMENTS sufficient to calculate YOUR net worth on a yearly

11   basis for each year from 1999 to the present.

12

13   SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

14   MGA incorporates by reference the above-stated general objections as if fully set

15   forth herein.  MGA also specifically objects to this request to the extent that it seeks

16   information not relevant to the subject matter of this lawsuit or reasonably

17   calculated to lead to the discovery of admissible evidence.  MGA also objects to this

18   request on the grounds that it is overbroad, unduly burdensome, and oppressive in

19   seeking all documents sufficient to calculate MGA's net worth on a yearly basis for

20   each year from 1999 to the present.  MGA also objects to this request on the

21   grounds that it seeks confidential, proprietary or commercially sensitive

22   information, the disclosure of which would be inimical to the business interests of

23   MGA.  MGA also objects to this request to the extent it calls for the disclosure of

24   attorney-client privileged information or information protected from disclosure by

25   the work-product doctrine, joint defense or common interest privilege, or other

26   privilege.  MGA also objects to this request to the extent it seeks information the

27   disclosure of which would implicate the rights of third parties to protect private,

28   confidential, proprietary or trade secret information.  MGA also objects to this

1   request on the grounds that it is vague and ambiguous in that MGA cannot

2   determine what is meant by "YOUR net worth." MGA also objects to this request to

3   the extent that it seeks documents not in MGA's possession, custody or control.

4           Subject to the foregoing, MGA will produce: all non-privileged

5   documents that set forth, discuss or talk about the value of the Bratz brand in its

6   possession, custody or control, that it is able to locate following a reasonably

7   diligent search; in addition to all documents that MGA represents it will produce in

8   response to each of these other requests.

9

10  REQUEST FOR PRODUCTION NO. 45:

11          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

12  the BRATZ DOLL's share of the fashion doll market including, without limitation,

13  the extent to which Bratz has been or is gaining or losing market share in the fashion

14  doll market.

15

16  SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:

17          MGA incorporates by reference the above-stated general objections as

18  if fully set forth herein.  MGA also specifically objects to this request to the extent

19  that it seeks information not relevant to the subject matter of this lawsuit or

20  reasonably calculated to lead to the discovery of admissible evidence.  MGA also

21  objects to this request on the grounds that it is overbroad, unduly burdensome, and

22  oppressive in seeking all documents that evidence, reflect or refer or relate to the

23  Bratz doll's share of the fashion doll market, including the extent to which Bratz has

24  been or is gaining or losing market share in the fashion doll market.  MGA also

25  objects to this request on the grounds that it seeks confidential, proprietary or

26  commercially sensitive information, the disclosure of which would be inimical to

27  the business interests of MGA.  MGA also objects to this request to the extent it

28  calls for the disclosure of attorney-client privileged information or information

1   protected from disclosure by the work-product doctrine, joint defense or common

2   interest privilege, or other privilege.  MGA also objects to this request to the extent

3   it seeks information the disclosure of which would implicate the rights of third

4   parties to protect private, confidential, proprietary or trade secret information.  MGA

5   also objects to this request to the extent that it seeks documents not in MGA's

6   possession, custody or control.

7            Subject to the foregoing, MGA will produce all non-privileged

8   documents that set forth or reflect the Bratz dolls' share of the fashion doll market in

9   its possession, custody or control, if any, that it is able to locate following a

10  reasonably diligent search, except for NPD reports.

11

12       **B.    <u>Mattel's First Set of Requests for Production to Larian (Request</u>**

13              **<u>Nos. 207, 208, 269)</u>**

14

15  <u>REQUEST FOR PRODUCTION NO. 207:</u>

16       DOCUMENTS sufficient to IDENTIFY each account with any bank or

17  financial institution that YOU have or have had, or that YOU have or have had any

18  legal or beneficial interest in, since January 1, 1999.

19

20  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 207:</u>

21       Larian incorporates by reference the above-stated general objections as if

22  fully set forth herein.  Larian also specifically objects to this request on the grounds

23  that it is overbroad and seeks information not relevant to the subject matter of this

24  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

25  Larian also objects to this request on the grounds that it seeks information in

26  violation of the right of privacy.  Larian also objects to this requests on the grounds

27  that it is vague and ambiguous in that Larian cannot determine what is meant by the

28  phrase "any legal or beneficial interest."  Larian also objects to this request on the

-41-

grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

REQUEST FOR PRODUCTION NO. 208:

Documents sufficient to establish YOUR gross income, and the sources of that gross income, for the years 1999 through the present, inclusive.

RESPONSE TO REQUEST FOR PRODUCTION NO. 208:

Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

1  REQUEST FOR PRODUCTION NO. 269**:**

2      DOCUMENTS sufficient to show or calculate YOUR net worth on a yearly

3  basis for each year from 1999 to the present.

4

5  RESPONSE TO REQUEST FOR PRODUCTION NO. 269:

6      Larian incorporates by reference the above-stated general objections as if

7  fully set forth herein.  Larian also specifically objects to this request on the grounds

8  that it is overbroad and seeks information not relevant to the subject matter of this

9  lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

10  Larian also objects to this request on the grounds that it is overbroad, unduly

11  burdensome, and oppressive in seeking All DOCUMENTS sufficient to calculate

12  Larian's net worth on a yearly basis for each year from 1999 to the present.  Larian

13  also objects to this request on the grounds that it is vague and ambiguous in that

14  Larian cannot determine what is meant by "YOUR net worth."  Larian also objects

15  to this request on the grounds that it seeks confidential, proprietary or commercially

16  sensitive information, the disclosure of which would be inimical to the business

17  interests of Larian and one or more third parties.  Larian also objects to this request

18  to the extent it seeks information the disclosure of which would implicate the rights

19  of third parties to protect private, confidential, proprietary or trade secret

20  information.  Larian also objects to this request to the extent it calls for the

21  disclosure of attorney-client privileged information or information protected from

22  disclosure by the work-product doctrine, joint defense or common interest privilege,

23  or other privilege.  Larian also objects to this request to the extent it seeks

24  documents not within Larian's possession, custody or control.

25

26                **ARGUMENT**

27      The Discovery Master compelled MGA and Larian to produce

28  documents responsive to Request Nos. 4-37 and 40-45 of Mattel's Second Set of

1  Document Requests to MGA, and Request Nos. 207, 208, and 269 of Mattel's First
2  Set of Document Requests to Larian.[1]  At the beginning of the Phase 1 trial, Judge
3  Larson also ordered Defendants to provide Larian's financial information.
4  Specifically, Judge Larson required Larian to make available "documents sufficient
5  to show the revenue, gross and net profits by him from the sale of Bratz products,
6  including without limitation documents sufficient to show sales revenue, costs of
7  goods sold, variable costs, gross margins, royalties paid and received, gross profits
8  and net profits."[2]  Any objections Defendants made to these requests have thus been
9  overruled.[3]  Under the Federal Rules, Parties are required to supplement their
10  production of documents in a timely manner.  Fed.R.Civ.P. 26(e)(1) ("A party who
11  has . . . responded to . . . [a] request for production . . . must supplement or correct
12  its disclosure or response . . . in a timely manner"); Coleman v. Schwarzenegger,
13  2008 WL 3843292, at * 1 (E.D. Cal. August 14, 2008) ("Under Rule 26(e), litigants
14  have a continuing duty to supplement their discovery responses at appropriate
15  intervals if the prior responses were incomplete or incorrect and additional or
16  corrective information has not otherwise been made known to their opponent during
17  discovery or in writing.") (internal quotations omitted).  MGA and Larian have
18  failed to supplement their production of documents responsive to these requests
19  since they belatedly produced some financial documents during the Phase 1 trial.[4]
20  As the Court noted in its orders compelling Defendants to produce responsive
21  documents, these requests seek information relevant to the damages Mattel seeks,

---

[1]  Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, at 16, dated December 31, 2007, Watson Dec., Exh. 8; Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc., dated December 28, 2007, Watson Dec., Exh. 3.
[2]  May 27, 2008 Trial Tr. at 17:13-18:4, Watson Dec., Exh. 27.
[3]  Id.

among other things.[5] Accordingly, the Court should compel Defendants to supplement their production forthwith.

## II.   MATTEL'S SIXTH SET OF INTERROGATORIES REGARDING BRATZ SALES

INTERROGATORY NO. 45:

IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a) the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR licensees, (b) the gross and net revenue received by YOU from such SALES of each such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such BRATZ PRODUCT.

RESPONSE TO INTERROGATORY NO. 45:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and "IDENTIFY" insofar as it is used to refer to a "BRATZ PRODUCT." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without

---

[4]   Watson Dec., at ¶ 10.
[5]   Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian, at 16, dated December 31, 2007, Watson Dec., Exh. 8; Order Granting Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc., dated December 28, 2007, Watson Dec., Exh. 3.

00505.07975/2791132.3

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S SEPARATE STATEMENT ISO MOTION TO COMPEL

limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the interrogatory on the grounds that it is oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile detailed financial reports of information not reasonably available to MGA solely for the purpose of responding to this interrogatory.

MGA objects to this interrogatory on the grounds that it is compound in that it asks four discrete subparts with respect to numerous "BRATZ PRODUCTS." MGA further objects because the interrogatory additionally contains discrete subparts which, due to the use of Mattel's defined terms, require separate, distinct and multiple responses. Specifically, Mattel's definitions of the terms "IDENTIFY" and "BRATZ PRODUCT" require MGA to provide separate, distinct, and multiple responses. For example, Mattel's definition of the term "IDENTIFY" in the context of this interrogatory purports to require MGA to provide a multitude of discrete facts for each BRATZ PRODUCT, including: (a) the full name of the product; (b) the number of the product; (c) the SKU of the product; (d) any other applicable designation of the product useful for identification; (e) the period of time during which the product was, has been or will be SOLD; and (f) the IDENTITY of each PERSON who has licensed from YOU the right to SELL such BRATZ PRODUCT. This interrogatory is further compounded by Mattel's definition of "IDENTITY," which purports to require MGA to provide the following information for each of the "natural persons" requested to be identified as part of Mattel's definition of "IDENTIFY," above: (1) the individual's name; (2) any known business title; (3) the current or last known business affiliation; (4) current or last known residential address; (5) current or last known business address; (6) current or last known relationship to MGA; and (7)

-46-

current or last known telephone number. Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of the foregoing information about "BRATZ PRODUCT" sold by each of the multiple separate responding parties in this litigation.

MGA further objects to this interrogatory on the ground that it is premature because the subject matter of this interrogatory will be the subject of expert testimony at trial. MGA objects to this interrogatory to the extent it seeks to limit the expert testimony that MGA may seek to introduce at trial. MGA will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.

MGA further objects to the extent that this interrogatory seeks information that is beyond MGA's personal knowledge and is not in MGA's possession, custody, or control. MGA also objects to this interrogatory to the extent produced in this litigation or more easily obtainable from other sources. MGA objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA. MGA further objects to this interrogatory as premature to the extent it seeks financial information purportedly relevant to a claim for punitive damages as there is presently no judgment for punitive damages against MGA.

MGA objects to this interrogatory because Mattel has propounded more than 50 interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049-SGL and CV 05-02727.]"

Subject to and without waiving the foregoing objections, MGA responds as follows: To the extent the information sought in this interrogatory is within the possession, custody or control of MGA and knowable absent expert analysis, such information may be derived or ascertained from the business records

1    of MGA, and the burden of deriving or ascertaining such information is

2    substantially the same for Mattel as it is for MGA.  Therefore, pursuant to Rule

3    33(d) of the Federal Rules of Civil Procedure, MGA will specify and produce to

4    Mattel copies of the records from which the answer to this interrogatory may be

5    derived or ascertained.

6

7                                    **ARGUMENT**

8             Interrogatory No. 45 asks MGA to identify each Bratz product that

9    MGA or its licensees have sold, and to identify the profits, costs, and revenue

10   associated with each such product.[6]  Information regarding Bratz sales by product is

11   relevant to the damages MGA may seek for its Phase 2 false designation of origin,

12   unfair competition, and dilution claims against Mattel.[7]  Information regarding

13   MGA's revenues for Bratz products is also relevant to Mattel's misappropriation of

14   trade secrets claims.[8]  For example, if MGA used Mattel trade secrets that it

15   obtained from its stolen Mattel documents in subsequent Bratz products, the

16   revenues MGA received for those Bratz products are relevant to Mattel's claims.

17   Although MGA identified and produced documents responsive to this interrogatory

18   in December 2007,[9] it refuses to supplement its response.[10]  MGA's refusal to

19

20   _____

21        [6]   Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007, Watson
     Dec., Exh. 9.

22        [7]   See MGA's Complaint in Case No. 05-02727, dated April 13, 2005 at 31-35,
     Watson Dec., Exh. 22.

23        [8]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-

24   Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.

25        [9]   MGA's Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Sixth
     Set of Interrogatories, dated November 26, 2007 at 10 (MGA will "specify and

26   produce to Mattel copies of the records from which the answer to this interrogatory

27   may be derived or ascertained"), Watson Dec., Exh. 10; Letters from Timothy
     Miller to Scott Kidman, dated December 7, 2007 and December 12, 2007

28        (footnote continued)

1  provide Mattel information regarding post-2007 Bratz sales contravenes the <u>Federal</u>

2  <u>Rules</u>.  Fed.R.Civ.P. 26(e)(1); <u>Coleman</u>, 2008 WL 3843292, at * 1 (E.D. Cal.

3  August 14, 2008).  The Court should compel MGA to supplement its response to

4  Interrogatory No. 45.

5

6  **III.   <u>MATTEL'S SUPPLEMENTAL INTERROGATORIES</u>**

7         **A.    <u>Mattel's Interrogatories About Mattel Documents MGA Obtained</u>**

8                **<u>(Interrogatory Nos. 56-63)</u>**

9

10  <u>INTERROGATORY NO. 56</u>:

11         IDENTIFY all MATTEL DOCUMENTS that MGA has obtained,

12  received, reviewed, copied, reproduced, transmitted, requested or used at any time

13  since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts

14  and all DOCUMENTS that REFER OR RELATE TO such MATTEL

15  DOCUMENTS.

16

17  <u>MGA'S RESPONSE TO INTERROGATORY NO. 56</u>:

18         MGA incorporates by reference its General Response and General

19  Objections above, as though fully set forth herein and specifically incorporates

20  General Objection Nos. 14-15 (regarding Definitions), including without limitation

21  its objections to the terms "MGA," "IDENTIFY," "MATTEL DOCUMENTS" and

22  "REFER OR RELATE TO."  MGA also objects to this interrogatory to the extent it

23  seeks information that is not subject to disclosure under any applicable privilege,

24  doctrine or immunity, including without limitation the attorney-client privilege, the

25  _____

26  (producing documents in response to Interrogatory No. 45), Watson Dec., Exhs. 11,

27  12.
        [10]   Watson Dec., at ¶ 24.

28

1   work product doctrine, the right of privacy, and all other privileges recognized under

2   the constitutional, statutory or decisional law of the United States of America, the

3   State of California or any other applicable jurisdiction.

4           MGA further objects that the phrase "all MATTEL DOCUMENTS that

5   MGA has obtained, received, reviewed, copied, reproduced, transmitted, requested

6   or used at any time since January 1, 1999" presupposes that MGA has obtained

7   "MATTEL DOCUMENTS" and is accusatory and argumentative such that MGA

8   would have to respond to the allegations of the interrogatory before providing any

9   substantive response.

10          MGA further objects that, as phrased, the interrogatory calls for

11  attorney work product and seeks information that is not relevant to the claims or

12  defenses of any party to this action and not reasonably calculated to lead to the

13  discovery of admissible evidence; the way Mattel has defined "MGA" to include

14  MGA's attorneys would call for every "MATTEL DOCUMENT" reviewed by

15  MGA's attorneys in responding to this supplemental set of interrogatories to be

16  included in the response to this interrogatory.  MGA further objects to this

17  interrogatory on the grounds that it is unduly burdensome and oppressive to require

18  MGA to answer whether it has previously obtained, received, reviewed, copied,

19  reproduced, transmitted, requested or used at any time since January 1, 1999 any of

20  the "MATTEL DOCUMENTS" when Mattel has designated all of the "MATTEL

21  DOCUMENTS" as "Confidential — Attorney's Eyes Only."  Because Mattel has

22  designated the "MATTEL DOCUMENTS" which are the subject of the

23  interrogatory as "Confidential — Attorneys' Eyes Only," it is impossible for MGA

24  to respond to this interrogatory.

25          Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

26  discovery is stayed until further order of the Court.  Accordingly, MGA will not

27  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

28  Court.

1  LARIAN'S RESPONSE TO INTERROGATORY NO. 56:

2          Larian incorporates by reference his General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection Nos. 14-15 (regarding Definitions), including without limitation

5  his objections to the terms "MGA," "IDENTIFY," "MATTEL DOCUMENTS" and

6  "REFER OR RELATE TO."  Larian also objects to this interrogatory to the extent it

7  seeks information that is not subject to disclosure under any applicable privilege,

8  doctrine or immunity, including without limitation the attorney-client privilege, the

9  work product doctrine, the right of privacy, and all other privileges recognized under

10  the constitutional, statutory or decisional law of the United States of America, the

11  State of California or any other applicable jurisdiction.

12          Larian further objects that the phrase "all MATTEL DOCUMENTS

13  that MGA has obtained, received, reviewed, copied, reproduced, transmitted,

14  requested or used at any time since January 1, 1999" presupposes that MGA has

15  obtained "MATTEL DOCUMENTS" and is accusatory and argumentative such that

16  Larian would have to respond to the allegations of the interrogatory before

17  providing any substantive response.

18          Larian further objects to this interrogatory on the grounds that it is

19  unduly burdensome and oppressive to require Larian to answer whether he has

20  previously obtained, received, reviewed, copied, reproduced, transmitted, requested

21  or used at any time since January 1, 1999 any of the "MATTEL DOCUMENTS"

22  when Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential

23  — Attorney's Eyes Only."  Because Mattel has designated the "MATTEL

24  DOCUMENTS" which are the subject of the interrogatory as "Confidential —

25  Attorneys' Eyes Only," it is impossible for Larian to respond to this interrogatory.

26          Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

27  discovery is stayed until further order of the Court.  Accordingly, Larian will not

28

1  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

2  Court.

3

4  INTERROGATORY NO. 57:

5       IDENTIFY all DOCUMENTS that REFER OR RELATE TO any

6  MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES

7  provided, transmitted or disclosed to, shared with or used on behalf of MGA at any

8  time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such

9  facts.

10

11  MGA'S RESPONSE TO INTERROGATORY NO. 57:

12       MGA incorporates by reference its General Response and General

13  Objections above, as though fully set forth herein and specifically incorporates

14  General Objection Nos. 14-15 (regarding Definitions), including without limitation

15  its objections to the terms "MGA," "IDENTIFY," "REFER OR RELATE TO,"

16  "MATTEL" and "FORMER MATTEL EMPLOYEES."  MGA also objects to this

17  interrogatory to the extent it seeks information that is not subject to disclosure under

18  any applicable privilege, doctrine or immunity, including without limitation the

19  attorney-client privilege, the work product doctrine, the right of privacy, and all

20  other privileges recognized under the constitutional, statutory or decisional law of

21  the United States of America, the State of California or any other applicable

22  jurisdiction.

23       MGA further objects that the interrogatory is vague and ambiguous,

24  overly broad, unduly burdensome and seeks information not relevant to the claims

25  or defenses of any party to this action and not reasonably calculated to lead to the

26  discovery of admissible evidence.  Since January 1, 1999, the "FORMER MATTEL

27  EMPLOYEES," which MGA interprets as referring to the individuals Carlos

28  Gustavo Machado Gomez, Marianna Trueba Almada, Pablo Vargas San Jose, Ron

-52-

1   Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreras and

2   Ricardo Abundis, could have provided or used on behalf of MGA a number of trade

3   publications or other publicly available information that referred to any MATTEL

4   product and plan.  MGA further objects to this interrogatory on the grounds that it is

5   compound and unduly burdensome by improperly combining five concepts into a

6   single interrogatory.

7        Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

8   discovery is stayed until further order of the Court.  Accordingly, MGA will not

9   respond to this interrogatory until the stay of Phase Two discovery is lifted by the

10  Court.

11

12  LARIAN'S RESPONSE TO INTERROGATORY NO. 57:

13        Larian incorporates by reference his General Response and General

14  Objections above, as though fully set forth herein and specifically incorporates

15  General Objection Nos. 14-15 (regarding Definitions), including without limitation

16  his objections to the terms "MGA," "IDENTIFY," "REFER OR RELATE TO,"

17  "MATTEL" and "FORMER MATTEL EMPLOYEES."  Larian also objects to this

18  interrogatory to the extent it seeks information that is not subject to disclosure under

19  any applicable privilege, doctrine or immunity, including without limitation the

20  attorney-client privilege, the work product doctrine, the right of privacy, and all

21  other privileges recognized under the constitutional, statutory or decisional law of

22  the United States of America, the State of California or any other applicable

23  jurisdiction.

24        Larian further objects that the interrogatory is vague and ambiguous,

25  overly broad, unduly burdensome and seeks information not relevant to the claims

26  or defenses of any party to this action and not reasonably calculated to lead to the

27  discovery of admissible evidence.  Since January 1, 1999, the "FORMER MATTEL

28  EMPLOYEES," which Larian interprets as referring to the individuals Carlos

MATTEL INC.'S SEPARATE STATEMENT ISO
MOTION TO COMPEL

1  Gustavo Machado Gomez, Marianna Trueba Almada, Pablo Vargas San Jose, Ron

2  Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreras and

3  Ricardo Abundis, could have provided or used on behalf of MGA a number of trade

4  publications or other publicly available information that referred to any MATTEL

5  product and plan.  Larian further objects to this interrogatory on the grounds that it

6  is compound and unduly burdensome by improperly combining five concepts into a

7  single interrogatory.

8          Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

9  discovery is stayed until further order of the Court.  Accordingly, Larian will not

10  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

11  Court.

12

13  INTERROGATORY NO. 58:

14          State all facts which support YOUR contention, if YOU so contend,

15  that YOU and/or MGA did not obtain any MATTEL DOCUMENTS through

16  improper means, and IDENTIFY all PERSONS with knowledge of such facts and

17  all DOCUMENTS that REFER OR RELATE TO such facts.

18

19  MGA'S RESPONSE TO INTERROGATORY NO. 58:

20          MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection Nos. 14-15 (regarding Definitions), including without limitation

23  its objections to the terms "MATTEL DOCUMENTS," "IDENTIFY" and "REFER

24  OR RELATE TO."  MGA also objects to this interrogatory to the extent it seeks

25  information that is not subject to disclosure under any applicable privilege, doctrine

26  or immunity, including without limitation the attorney-client privilege, the work

27  product doctrine, the right of privacy, and all other privileges recognized under the

28

1  constitutional, statutory or decisional law of the United States of America, the State

2  of California or any other applicable jurisdiction.

3         MGA further objects that the interrogatory presupposes that Larian

4  and/or MGA has obtained "MATTEL DOCUMENTS" and is accusatory and

5  argumentative such that MGA would have to respond to the allegations of the

6  interrogatory before providing any substantive response.

7         MGA further objects because this interrogatory asks MGA to "prove

8  the negative" by requiring MGA to state all facts in support of its denial of Mattel's

9  contention that MGA obtained Mattel documents through improper means. *See*

10  *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan.

11  1996) (contention interrogatories requiring defendant to "state all facts" supporting

12  its denial of plaintiffs allegations were overly broad and placed an unreasonable

13  burden on the defendant); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447-48

14  (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to

15  require the answering party to state all facts supporting the denial of statements

16  made in requests for admission were unduly burdensome; finding with respect to the

17  "identification of facts" that "as the court suggested in Lawrence, the universe of

18  potentially responsive information is almost endless").

19         MGA further objects to this interrogatory on the grounds that it is

20  unduly burdensome and oppressive to require Larian and/or MGA to state all facts

21  that they did not obtain any "MATTEL DOCUMENTS" through improper means

22  when Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential

23  — Attorney's Eyes Only."  Because Mattel has designated the "MATTEL

24  DOCUMENTS" which are the subject of the interrogatory as "Confidential —

25  Attorneys' Eyes Only," it is impossible for MGA to respond to this interrogatory.

26         Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

27  discovery is stayed until further order of the Court.  Accordingly, MGA will not

28

1   respond to this interrogatory until the stay of Phase Two discovery is lifted by the

2   Court.

3

4   LARIAN'S RESPONSE TO INTERROGATORY NO. 58:

5          Larian incorporates by reference his General Response and General

6   Objections above, as though fully set forth herein and specifically incorporates

7   General Objection Nos. 14-15 (regarding Definitions), including without limitation

8   his objections to the terms "MATTEL DOCUMENTS," "IDENTIFY" and "REFER

9   OR RELATE TO."  Larian also objects to this interrogatory to the extent it seeks

10  information that is not subject to disclosure under any applicable privilege, doctrine

11  or immunity, including without limitation the attorney-client privilege, the work

12  product doctrine, the right of privacy, and all other privileges recognized under the

13  constitutional, statutory or decisional law of the United States of America, the State

14  of California or any other applicable jurisdiction.

15         Larian further objects that the interrogatory presupposes that Larian

16  and/or MGA has obtained "MATTEL DOCUMENTS" and is accusatory and

17  argumentative such that Larian would have to respond to the allegations of the

18  interrogatory before providing any substantive response.

19         Larian further objects because this interrogatory asks Larian to "prove

20  the negative" by requiring Larian to state all facts in support of his denial of Mattel's

21  contention that Larian obtained Mattel documents through improper means.  *See*

22  *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan.

23  1996) (contention interrogatories requiring defendant to "state all facts" supporting

24  its denial of plaintiffs allegations were overly broad and placed an unreasonable

25  burden on the defendant); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447-48

26  (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to

27  require the answering party to state all facts supporting the denial of statements

28  made in requests for admission were unduly burdensome; finding with respect to the

1  "identification of facts" that "as the court suggested in Lawrence, the universe of
2  potentially responsive information is almost endless").

3         Larian further objects to this interrogatory on the grounds that it is
4  unduly burdensome and oppressive to require Larian and/or MGA to state all facts
5  that they did not obtain any "MATTEL DOCUMENTS" through improper means
6  when Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential
7  — Attorney's Eyes Only."  Because Mattel has designated the "MATTEL
8  DOCUMENTS" which are the subject of the interrogatory as "Confidential —
9  Attorneys' Eyes Only," it is impossible for Larian to respond to this interrogatory.

10         Pursuant to Judge Larson's February 4, 2008 Order, Phase Two
11  discovery is stayed until further order of the Court.  Accordingly, Larian will not
12  respond to this interrogatory until the stay of Phase Two discovery is lifted by the
13  Court.

14

15  INTERROGATORY NO. 59:

16         State all facts which support YOUR contention, if YOU so contend,
17  that any information in the MATTEL DOCUMENTS does not and/or did not derive
18  independent economic value from not being generally known to the public or other
19  PERSONS who can obtain economic value from its disclosure or use, and
20  IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that
21  REFER OR RELATE TO such facts.

22

23  MGA'S RESPONSE TO INTERROGATORY NO. 59:

24         MGA incorporates by reference its General Response and General
25  Objections above, as though fully set forth herein and specifically incorporates
26  General Objection Nos. 14-15 (regarding Definitions), including without limitation
27  its objections to the terms "YOU," "YOUR," "MATTEL DOCUMENTS,"
28  "IDENTIFY" and "REFER OR RELATE TO."  MGA also objects to this

1   interrogatory to the extent it seeks information that is not subject to disclosure under

2   any applicable privilege, doctrine or immunity, including without limitation the

3   attorney-client privilege, the work product doctrine, the right of privacy, and all

4   other privileges recognized under the constitutional, statutory or decisional law of

5   the United States of America, the State of California or any other applicable

6   jurisdiction.

7           MGA further objects that the interrogatory incorrectly presupposes that

8   Larian and/or MGA has even previously reviewed, much less evaluated the

9   independent economic value of "MATTEL DOCUMENTS," and is accusatory and

10  argumentative such that MGA would have to respond to the allegations of the

11  interrogatory before providing any substantive response.  MGA further objects on

12  the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of

13  over two pages of bates number ranges that lump together 8 banker boxes of

14  documents falling into all different categories, including Excel spreadsheets,

15  marketing materials, information software training manuals, and employee

16  evaluations.  Requiring MGA to determine whether any information in each of the

17  hundreds of documents in these boxes does not and/or did not derive independent

18  economic value from not being generally known to the public, then stating all facts

19  supporting the contention for every piece of information is unduly burdensome, and

20  the burden or expense of the proposed discovery outweighs its likely benefit.

21          MGA further objects because this interrogatory asks MGA to "prove

22  the negative" by requiring MGA to state all facts in support of its denial of Mattel's

23  contention that the information in the "MATTEL DOCUMENTS" does and/or did

24  derive independent economic value from not being generally known to the public or

25  other persons who can obtain economic value from its disclosure or use.  *See*

26  *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan.

27  1996) (contention interrogatories requiring defendant to "state all facts" supporting

28  its denial of plaintiffs allegations were overly broad and placed an unreasonable

1  burden on the defendant); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447-48

2  (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to

3  require the answering party to state all facts supporting the denial of statements

4  made in requests for admission were unduly burdensome; finding with respect to the

5  "identification of facts" that "as the court suggested in Lawrence, the universe of

6  potentially responsive information is almost endless").

7          MGA further objects to this interrogatory on the grounds that it is

8  unduly burdensome and oppressive to require MGA to state all facts to support a

9  contention that any information in the "MATTEL" documents does not and/or did

10  not derive independent economic value from not being generally known to the

11  public when Mattel has designated all of the "MATTEL DOCUMENTS" as

12  "Confidential — Attorney's Eyes Only."  Because Mattel has designated the

13  "MATTEL DOCUMENTS" which are the subject of the interrogatory as

14  "Confidential — Attorneys' Eyes Only," it is impossible for MGA to respond to this

15  interrogatory.

16          Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

17  discovery is stayed until further order of the Court.  Accordingly, MGA will not

18  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

19  Court.

20

21  LARIAN'S RESPONSE TO INTERROGATORY NO. 59:

22          Larian incorporates by reference his General Response and General

23  Objections above, as though fully set forth herein and specifically incorporates

24  General Objection Nos. 14-15 (regarding Definitions), including without limitation

25  his objections to the terms "YOU," "YOUR," "MATTEL DOCUMENTS,"

26  "IDENTIFY" and "REFER OR RELATE TO."  Larian also objects to this

27  interrogatory to the extent it seeks information that is not subject to disclosure under

28  any applicable privilege, doctrine or immunity, including without limitation the

1   attorney-client privilege, the work product doctrine, the right of privacy, and all

2   other privileges recognized under the constitutional, statutory or decisional law of

3   the United States of America, the State of California or any other applicable

4   jurisdiction.

5          Larian further objects that the interrogatory incorrectly presupposes

6   that Larian and/or MGA has even previously reviewed, much less evaluated the

7   independent economic value of "MATTEL DOCUMENTS," and is accusatory and

8   argumentative such that Larian would have to respond to the allegations of the

9   interrogatory before providing any substantive response.  Larian further objects on

10  the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of

11  over two pages of bates number ranges that lump together 8 banker boxes of

12  documents falling into all different categories, including Excel spreadsheets,

13  marketing materials, information software training manuals, and employee

14  evaluations.  Requiring Larian to determine whether any information in each of the

15  hundreds of documents in these boxes does not and/or did not derive independent

16  economic value from not being generally known to the public, then stating all facts

17  supporting the contention for every piece of information is unduly burdensome, and

18  the burden or expense of the proposed discovery outweighs its likely benefit.

19         Larian further objects because this interrogatory asks Larian to "prove

20  the negative" by requiring Larian to state all facts in support of his denial of Mattel's

21  contention that the information in the "MATTEL DOCUMENTS" does and/or did

22  derive independent economic value from not being generally known to the public or

23  other persons who can obtain economic value from its disclosure or use.  *See*

24  *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan.

25  1996) (contention interrogatories requiring defendant to "state all facts" supporting

26  its denial of plaintiffs allegations were overly broad and placed an unreasonable

27  burden on the defendant); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447-48

28  (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to

1   require the answering party to state all facts supporting the denial of statements
2   made in requests for admission were unduly burdensome; finding with respect to the
3   "identification of facts" that "as the court suggested in Lawrence, the universe of
4   potentially responsive information is almost endless").

5           Larian further objects to this interrogatory on the grounds that it is
6   unduly burdensome and oppressive to require Larian to state all facts to support a
7   contention that any information in the "MATTEL" documents does not and/or did
8   not derive independent economic value from not being generally known to the
9   public when Mattel has designated all of the "MATTEL DOCUMENTS" as
10  "Confidential — Attorney's Eyes Only."  Because Mattel has designated the
11  "MATTEL DOCUMENTS" which are the subject of the interrogatory as
12  "Confidential — Attorneys' Eyes Only," it is impossible for Larian to respond to this
13  interrogatory.

14          Pursuant to Judge Larson's February 4, 2008 Order, Phase Two
15  discovery is stayed until further order of the Court.  Accordingly, Larian will not
16  respond to this interrogatory until the stay of Phase Two discovery is lifted by the
17  Court.

18

19  INTERROGATORY NO. 60:

20          State all facts which support YOUR contention, if YOU so contend,
21  that any information in the MATTEL DOCUMENTS was known to the public or to
22  PERSONS who can obtain economic value from its disclosure or use, and
23  IDENTIFY all PERSONS with knowledge of the foregoing and all DOCUMENTS
24  that REFER OR RELATE TO the foregoing.

25

26  MGA'S RESPONSE TO INTERROGATORY NO. 60:

27          MGA incorporates by reference its General Response and General
28  Objections above, as though fully set forth herein and specifically incorporates

General Objection Nos. 14-15 (regarding Definitions), including without limitation its objections to the terms "MATTEL DOCUMENTS," "IDENTIFY" and "REFER OR RELATE TO."  MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to this interrogatory on the grounds that it seeks information that may be the subject of expert witness analysis and testimony.  MGA further objects to this interrogatory on the ground that it seeks information that is uniquely or better known to Mattel.

MGA further objects that the interrogatory incorrectly presupposes that Larian and/or MGA has even previously reviewed, much less evaluated whether the information in the "MATTEL DOCUMENTS" was known to the public or to persons who can obtain economic value from its disclosure or use, and is accusatory and argumentative such that MGA would have to respond to the allegations of the interrogatory before providing any substantive response.  MGA further objects on the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of bates number ranges that lump together 8 banker boxes of documents falling into all different categories, including Excel spreadsheets, marketing materials, information software training manuals, and employee evaluations.  Requiring MGA to determine whether any information in each of the hundreds of documents in these boxes was known to the public or to "PERSONS" who can obtain economic value from its disclosure or use, then stating all facts supporting the contention for every piece of information is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.

MGA further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive to require MGA to state all facts to support a

-62-

contention that any information in the "MATTEL DOCUMENTS" was known to the public or to persons who can obtain economic value from its disclosure or use when Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential — Attorney's Eyes Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which are the subject of the interrogatory as "Confidential — Attorneys' Eyes Only," it is impossible for MGA to respond to this interrogatory.

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court.  Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

LARIAN'S RESPONSE TO INTERROGATORY NO. 60:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 14-15 (regarding Definitions), including without limitation his objections to the terms "MATTEL DOCUMENTS," "IDENTIFY" and "REFER OR RELATE TO."  Larian also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  Larian further objects to this interrogatory on the grounds that it seeks information that may be the subject of expert witness analysis and testimony.  Larian further objects to this interrogatory on the ground that it seeks information that is uniquely or better known to Mattel.

Larian further objects that the interrogatory incorrectly presupposes that Larian and/or MGA has even previously reviewed, much less evaluated whether the information in the "MATTEL DOCUMENTS" was known to the public or to

1   persons who can obtain economic value from its disclosure or use, and is accusatory

2   and argumentative such that Larian would have to respond to the allegations of the

3   interrogatory before providing any substantive response.  Larian further objects on

4   the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of

5   over two pages of bates number ranges that lump together 8 banker boxes of

6   documents falling into all different categories, including Excel spreadsheets,

7   marketing materials, information software training manuals, and employee

8   evaluations.  Requiring Larian to determine whether any information in each of the

9   hundreds of documents in these boxes was known to the public or to "PERSONS"

10  who can obtain economic value from its disclosure or use, then stating all facts

11  supporting the contention for every piece of information is unduly burdensome, and

12  the burden or expense of the proposed discovery outweighs its likely benefit.

13          Larian further objects to this interrogatory on the grounds that it is

14  unduly burdensome and oppressive to require Larian to state all facts to support a

15  contention that any information in the "MATTEL DOCUMENTS" was known to

16  the public or to persons who can obtain economic value from its disclosure or use

17  when Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential

18  — Attorney's Eyes Only."  Because Mattel has designated the "MATTEL

19  DOCUMENTS" which are the subject of the interrogatory as "Confidential —

20  Attorneys' Eyes Only," it is impossible for Larian to respond to this interrogatory.

21          Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

22  discovery is stayed until further order of the Court.  Accordingly, Larian will not

23  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

24  Court.

25

26  INTERROGATORY NO. 61:

27          State all facts which support YOUR contention, if YOU so contend,

28  that YOU and/or MGA independently developed, or did not otherwise use or

1   disclose, any information in the MATTEL DOCUMENTS, and IDENTIFY all

2   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

3   RELATE TO such facts.

4

5   MGA'S RESPONSE TO INTERROGATORY NO. 61:

6           MGA incorporates by reference its General Response and General

7   Objections above, as though fully set forth herein and specifically incorporates

8   General Objection Nos. 14-15 (regarding Definitions), including without limitation

9   its objections to the terms "MGA," "MATTEL DOCUMENTS," "IDENTIFY," and

10  "REFER OR RELATE TO."  MGA also objects to this interrogatory to the extent it

11  seeks information that is not subject to disclosure under any applicable privilege,

12  doctrine or immunity, including without limitation the attorney-client privilege, the

13  work product doctrine, the right of privacy, and all other privileges recognized under

14  the constitutional, statutory or decisional law of the United States of America, the

15  State of California or any other applicable jurisdiction.  MGA further objects to this

16  interrogatory on the grounds that it is compound and unduly burdensome by

17  improperly combining two different questions: whether MGA independently

18  developed or whether MGA did not use or disclose information in the "MATTEL

19  DOCUMENTS" into a single interrogatory.  MGA further objects to this

20  interrogatory on the grounds that it seeks information that may be the subject of

21  expert witness analysis and testimony.

22          MGA further objects that the interrogatory incorrectly presupposes that

23  Larian and/or MGA has even previously reviewed, much less evaluated whether

24  Larian and/or MGA independently developed, or did not otherwise use or disclose

25  any information in the "MATTEL DOCUMENTS," and is accusatory and

26  argumentative such that MGA would have to respond to the allegations of the

27  interrogatory before providing any substantive response.  MGA further objects on

28  the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of

-65-

1  over two pages of bates number ranges that lump together 8 banker boxes of

2  documents falling into all different categories, including Excel spreadsheets,

3  marketing materials, information software training manuals, and employee

4  evaluations.  Requiring MGA to determine whether MGA independently developed,

5  or did not otherwise use or disclose, any information in each of the hundreds of

6  documents in these boxes, then stating all facts supporting the contention for every

7  piece of information is unduly burdensome, and the burden or expense of the

8  proposed discovery outweighs its likely benefit.

9          MGA further objects because this interrogatory is unduly burdensome

10  in that it asks MGA to "prove the negative" by requiring MGA to state all facts in

11  support of its denial of Mattel's contention that MGA and/or Larian used or

12  disclosed information in the "MATTEL DOCUMENTS."  *See Lawrence v. First*

13  *Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan. 1996) (contention

14  interrogatories requiring defendant to "state all facts" supporting its denial of

15  plaintiffs allegations were overly broad and placed an unreasonable burden on the

16  defendant); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal.

17  1998) (following Lawrence and holding that interrogatories that sought to require

18  the answering party to state all facts supporting the denial of statements made in

19  requests for admission were unduly burdensome; finding with respect to the

20  "identification of facts" that "as the court suggested in Lawrence, the universe of

21  potentially responsive information is almost endless").

22          MGA further objects that the interrogatory is unduly burdensome

23  because it is compound and improperly combines three distinct concepts into a

24  single interrogatory.  MGA further objects to this interrogatory on the grounds that it

25  is unduly burdensome and oppressive to require MGA to state all facts to support a

26  contention that MGA and/or Larian independently developed, or did not otherwise

27  use or disclose, any information in the "MATTEL DOCUMENTS" when Mattel has

28  designated all of the "MATTEL DOCUMENTS" as "Confidential — Attorney's

-66-

1   Eyes Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which

2   are the subject of the interrogatory as "Confidential — Attorneys' Eyes Only," it is

3   impossible for MGA to respond to this interrogatory.

4           Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

5   discovery is stayed until further order of the Court.  Accordingly, MGA will not

6   respond to this interrogatory until the stay of Phase Two discovery is lifted by the

7   Court.

8

9   LARIAN'S RESPONSE TO INTERROGATORY NO. 61:

10          Larian incorporates by reference his General Response and General

11  Objections above, as though fully set forth herein and specifically incorporates

12  General Objection Nos. 14-15 (regarding Definitions), including without limitation

13  his objections to the terms "MGA," "MATTEL DOCUMENTS," "IDENTIFY," and

14  "REFER OR RELATE TO."  Larian also objects to this interrogatory to the extent it

15  seeks information that is not subject to disclosure under any applicable privilege,

16  doctrine or immunity, including without limitation the attorney-client privilege, the

17  work product doctrine, the right of privacy, and all other privileges recognized under

18  the constitutional, statutory or decisional law of the United States of America, the

19  State of California or any other applicable jurisdiction.  Larian further objects to this

20  interrogatory on the grounds that it is compound and unduly burdensome by

21  improperly combining two different questions: whether Larian independently

22  developed or whether Larian did not use or disclose information in the "MATTEL

23  DOCUMENTS" into a single interrogatory.  Larian further objects to this

24  interrogatory on the grounds that it seeks information that may be the subject of

25  expert witness analysis and testimony.

26          Larian further objects that the interrogatory incorrectly presupposes

27  that Larian and/or MGA has even previously reviewed, much less evaluated whether

28  Larian and/or MGA independently developed, or did not otherwise use or disclose

1   any information in the "MATTEL DOCUMENTS," and is accusatory and

2   argumentative such that MGA would have to respond to the allegations of the

3   interrogatory before providing any substantive response.  Larian further objects on

4   the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of

5   over two pages of bates number ranges that lump together 8 banker boxes of

6   documents falling into all different categories, including Excel spreadsheets,

7   marketing materials, information software training manuals, and employee

8   evaluations.  Requiring Larian to determine whether Larian independently

9   developed, or did not otherwise use or disclose, any information in each of the

10  hundreds of documents in these boxes, then stating all facts supporting the

11  contention for every piece of information is unduly burdensome, and the burden or

12  expense of the proposed discovery outweighs its likely benefit.

13          Larian further objects because this interrogatory is unduly burdensome

14  in that it asks Larian to "prove the negative" by requiring Larian to state all facts in

15  support of his denial of Mattel's contention that MGA and/or Larian used or

16  disclosed information in the "MATTEL DOCUMENTS."  *See Lawrence v. First*

17  *Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan. 1996) (contention

18  interrogatories requiring defendant to "state all facts" supporting its denial of

19  plaintiffs allegations were overly broad and placed an unreasonable burden on the

20  defendant); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal.

21  1998) (following Lawrence and holding that interrogatories that sought to require

22  the answering party to state all facts supporting the denial of statements made in

23  requests for admission were unduly burdensome; finding with respect to the

24  "identification of facts" that "as the court suggested in Lawrence, the universe of

25  potentially responsive information is almost endless").

26          Larian further objects that the interrogatory is unduly burdensome

27  because it is compound and improperly combines three distinct concepts into a

28  single interrogatory.  Larian further objects to this interrogatory on the grounds that

1   it is unduly burdensome and oppressive to require Larian to state all facts to support

2   a contention that MGA and/or Larian independently developed, or did not otherwise

3   use or disclose, any information in the "MATTEL DOCUMENTS" when Mattel has

4   designated all of the "MATTEL DOCUMENTS" as "Confidential — Attorney's

5   Eyes Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which

6   are the subject of the interrogatory as "Confidential — Attorneys' Eyes Only," it is

7   impossible for Larian to respond to this interrogatory.

8           Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

9   discovery is stayed until further order of the Court.  Accordingly, Larian will not

10  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

11  Court.

12

13  INTERROGATORY NO. 62:

14          State all facts which support YOUR contention that YOUR use or

15  disclosure of information in the MATTEL DOCUMENTS neither benefited YOU

16  nor MGA nor harmed MATTEL, and IDENTIFY all PERSONS with knowledge of

17  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

18

19  MGA'S RESPONSE TO INTERROGATORY NO. 62:

20          MGA incorporates by reference its General Response and General

21  Objections above, as though fully set forth herein and specifically incorporates

22  General Objection Nos. 14-15 (regarding Definitions), including without limitation

23  its objections to the terms "MGA," "MATTEL," "MATTEL DOCUMENTS,"

24  "IDENTIFY," and "REFER OR RELATE TO."  MGA also objects to this

25  interrogatory to the extent it seeks information that is not subject to disclosure under

26  any applicable privilege, doctrine or immunity, including without limitation the

27  attorney-client privilege, the work product doctrine, the right of privacy, and all

28  other privileges recognized under the constitutional, statutory or decisional law of

1   the United States of America, the State of California or any other applicable

2   jurisdiction.  MGA further objects to this interrogatory on the grounds that it seeks

3   information that may be the subject of expert witness analysis and testimony.

4           MGA further objects that the interrogatory incorrectly presupposes that

5   Larian and/or MGA has even previously reviewed, much less used or disclosed any

6   information in the "MATTEL DOCUMENTS," and is accusatory and argumentative

7   such that MGA would have to respond to the allegations of the interrogatory before

8   providing any substantive response.  MGA further objects on the grounds that

9   Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages

10  of bates number ranges that lump together 8 banker boxes of documents falling into

11  all different categories, including Excel spreadsheets, marketing materials,

12  information software training manuals, and employee evaluations.  Requiring MGA

13  to determine whether any use of the information in each of the hundreds of

14  documents in these boxes would be potentially harmful to Mattel is unduly

15  burdensome, and the burden or expense of the proposed discovery outweighs its

16  likely benefit.

17          MGA further objects because this interrogatory is compound and

18  unduly burdensome in that it asks MGA to "prove the negative" by requiring MGA

19  to state all facts in support of its denial of Mattel's contention that (1) MGA and/or

20  Larian used or disclosed information in the "MATTEL DOCUMENTS;" and

21  (2) MGA's and/or Larian's use or disclosure of information in the "MATTEL

22  DOCUMENTS" benefited MGA and/or Larian and/or harmed Mattel.  *See*

23  *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan.

24  1996) (contention interrogatories requiring defendant to "state all facts" supporting

25  its denial of plaintiffs allegations were overly broad and placed an unreasonable

26  burden on the defendant); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447-48

27  (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to

28  require the answering party to state all facts supporting the denial of statements

-70-

1   made in requests for admission were unduly burdensome; finding with respect to the

2   "identification of facts" that "as the court suggested in Lawrence, the universe of

3   potentially responsive information is almost endless").

4          MGA further objects to this interrogatory on the grounds that it is

5   unduly burdensome and oppressive to require MGA to state all facts to support a

6   contention that MGA's and/or Larian's use or disclosure of information in the

7   "MATTEL DOCUMENTS" neither benefited MGA and/or Larian nor harmed

8   Mattel when Mattel has designated all of the "MATTEL DOCUMENTS" as

9   "Confidential — Attorney's Eyes Only."  Because Mattel has designated the

10  "MATTEL DOCUMENTS" which are the subject of the interrogatory as

11  "Confidential — Attorneys' Eyes Only," it is impossible for MGA to respond to this

12  interrogatory.

13         Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

14  discovery is stayed until further order of the Court.  Accordingly, MGA will not

15  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

16  Court.

17

18  LARIAN'S RESPONSE TO INTERROGATORY NO. 62:

19         Larian incorporates by reference his General Response and General

20  Objections above, as though fully set forth herein and specifically incorporates

21  General Objection Nos. 14-15 (regarding Definitions), including without limitation

22  his objections to the terms "MGA," "MATTEL," "MATTEL DOCUMENTS,"

23  "IDENTIFY," and "REFER OR RELATE TO."  Larian also objects to this

24  interrogatory to the extent it seeks information that is not subject to disclosure under

25  any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all

27  other privileges recognized under the constitutional, statutory or decisional law of

28  the United States of America, the State of California or any other applicable

1   jurisdiction.  Larian further objects to this interrogatory on the grounds that it seeks

2   information that may be the subject of expert witness analysis and testimony.

3           Larian further objects that the interrogatory incorrectly presupposes

4   that Larian and/or MGA has even previously reviewed, much less used or disclosed

5   any information in the "MATTEL DOCUMENTS," and is accusatory and

6   argumentative such that Larian would have to respond to the allegations of the

7   interrogatory before providing any substantive response.  Larian further objects on

8   the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of

9   over two pages of bates number ranges that lump together 8 banker boxes of

10  documents falling into all different categories, including Excel spreadsheets,

11  marketing materials, information software training manuals, and employee

12  evaluations.  Requiring Larian to determine whether any use of the information in

13  each of the hundreds of documents in these boxes would be potentially harmful to

14  Mattel is unduly burdensome, and the burden or expense of the proposed discovery

15  outweighs its likely benefit.

16          Larian further objects because this interrogatory is compound and

17  unduly burdensome in that it asks Larian to "prove the negative" by requiring Larian

18  to state all facts in support of his denial of Mattel's contention that (1) MGA and/or

19  Larian used or disclosed information in the "MATTEL DOCUMENTS;" and (2)

20  MGA's and/or Larian's use or disclosure of information in the "MATTEL

21  DOCUMENTS" benefited MGA and/or Larian and/or harmed Mattel.  *See*

22  *Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan.

23  1996) (contention interrogatories requiring defendant to "state all facts" supporting

24  its denial of plaintiffs allegations were overly broad and placed an unreasonable

25  burden on the defendant); *Safeco of America v. Rawstron*, 181 F.R.D. 441, 447-48

26  (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to

27  require the answering party to state all facts supporting the denial of statements

28  made in requests for admission were unduly burdensome; finding with respect to the

1  "identification of facts" that "as the court suggested in Lawrence, the universe of

2  potentially responsive information is almost endless").

3         Larian further objects to this interrogatory on the grounds that it is

4  unduly burdensome and oppressive to require Larian to state all facts to support a

5  contention that MGA's and/or Larian's use or disclosure of information in the

6  "MATTEL DOCUMENTS" neither benefited MGA and/or Larian nor harmed

7  Mattel when Mattel has designated all of the "MATTEL DOCUMENTS" as

8  "Confidential — Attorney's Eyes Only."  Because Mattel has designated the

9  "MATTEL DOCUMENTS" which are the subject of the interrogatory as

10  "Confidential — Attorneys' Eyes Only," it is impossible for Larian to respond to this

11  interrogatory.

12         Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

13  discovery is stayed until further order of the Court.  Accordingly, Larian will not

14  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

15  Court.

16

17  INTERROGATORY NO. 63:

18         State all facts which support YOUR contention, if YOU so contend,

19  that YOU and/or MGA had, has or have any right to copy, possess, use or disclose

20  any MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of

21  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

22

23  MGA'S RESPONSE TO INTERROGATORY NO. 63:

24         MGA incorporates by reference its General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection Nos. 16-17 (regarding Definitions), including without limitation

27  its objections to the terms "MGA," "MATTEL DOCUMENTS," "IDENTIFY," and

28  "REFER OR RELATE TO."  As demonstrated in those objections, the definitions

-73-

1 render the interrogatories compound and in effect contain multiple interrogatories in

2 one and exceeds the additional number of interrogatories permitted by the Court on

3 January 9, 2008 and renders those interrogatories unduly burdensome.  MGA also

4 objects to this interrogatory to the extent it seeks information that is not subject to

5 disclosure under any applicable privilege, doctrine or immunity, including without

6 limitation the attorney-client privilege, the work product doctrine, the right of

7 privacy, and all other privileges recognized under the constitutional, statutory or

8 decisional law of the United States of America, the State of California or any other

9 applicable jurisdiction.  MGA further objects to this interrogatory on the grounds

10 that it is compound and unduly burdensome by improperly combining four different

11 concepts: copying, possessing, using or disclosing into a single interrogatory.  MGA

12 further objects to this interrogatory on the grounds that it seeks information that may

13 be the subject of expert witness analysis and testimony.  MGA further objects to this

14 interrogatory on the ground that it seeks information that is uniquely or better

15 known to Mattel.

16          MGA further objects that the interrogatory incorrectly presupposes that

17 Larian and/or MGA has even previously reviewed, much less copied, possessed,

18 used or disclosed any "MATTEL DOCUMENT," and is accusatory and

19 argumentative such that MGA would have to respond to the allegations of the

20 interrogatory before providing any substantive response.  MGA further objects on

21 the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of

22 over two pages of bates number ranges that lump together 8 banker boxes of

23 documents falling into all different categories, including Excel spreadsheets,

24 marketing materials, information software training manuals, and employee

25 evaluations.  Requiring MGA to determine whether MGA has any right to copy,

26 possess, use or disclose each of the hundreds of documents in these boxes, then

27 stating all facts supporting the contention for every piece of information is unduly

28

1  burdensome, and the burden or expense of the proposed discovery outweighs its

2  likely benefit.

3         MGA further objects to this interrogatory on the grounds that it is

4  unduly burdensome and oppressive to require MGA to state all facts to support a

5  contention that MGA and/or Larian had or has or have any right to copy, possess,

6  use or disclose any "MATTEL DOCUMENT" when Mattel has designated all of the

7  "MATTEL DOCUMENTS" as "Confidential — Attorney's Eyes Only."  Because

8  Mattel has designated the "MATTEL DOCUMENTS" which are the subject of the

9  interrogatory as "Confidential — Attorneys' Eyes Only," it is impossible for MGA

10  to respond to this interrogatory.

11         Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

12  discovery is stayed until further order of the Court.  Accordingly, MGA will not

13  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

14  Court.

15

16  LARIAN'S RESPONSE TO INTERROGATORY NO. 63:

17         Larian incorporates by reference his General Response and General

18  Objections above, as though fully set forth herein and specifically incorporates

19  General Objection Nos. 14-15 (regarding Definitions), including without limitation

20  his objections to the terms "MGA," "MATTEL DOCUMENTS," "IDENTIFY," and

21  "REFER OR RELATE TO."  As demonstrated in those objections, the definitions

22  render the interrogatories compound and in effect contain multiple interrogatories in

23  one and exceeds the additional number of interrogatories permitted by the Court on

24  January 9, 2008 and renders those interrogatories unduly burdensome.  Larian also

25  objects to this interrogatory to the extent it seeks information that is not subject to

26  disclosure under any applicable privilege, doctrine or immunity, including without

27  limitation the attorney-client privilege, the work product doctrine, the right of

28  privacy, and all other privileges recognized under the constitutional, statutory or

1   decisional law of the United States of America, the State of California or any other

2   applicable jurisdiction.  Larian further objects to this interrogatory on the grounds

3   that it is compound and unduly burdensome by improperly combining four different

4   concepts: copying, possessing, using or disclosing into a single interrogatory.

5   Larian further objects to this interrogatory on the grounds that it seeks information

6   that may be the subject of expert witness analysis and testimony.  Larian further

7   objects to this interrogatory on the ground that it seeks information that is uniquely

8   or better known to Mattel.

9           Larian further objects that the interrogatory incorrectly presupposes

10   that Larian and/or MGA has even previously reviewed, much less copied, possessed,

11   used or disclosed any "MATTEL DOCUMENT," and is accusatory and

12   argumentative such that Larian would have to respond to the allegations of the

13   interrogatory before providing any substantive response.  Larian further objects on

14   the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of

15   over two pages of bates number ranges that lump together 8 banker boxes of

16   documents falling into all different categories, including Excel spreadsheets,

17   marketing materials, information software training manuals, and employee

18   evaluations.  Requiring Larian to determine whether Larian and/or, MGA has any

19   right to copy, possess, use or disclose each of the hundreds of documents in these

20   boxes, then stating all facts supporting the contention for every piece of information

21   is unduly burdensome, and the burden or expense of the proposed discovery

22   outweighs its likely benefit.

23           Larian further objects to this interrogatory on the grounds that it is

24   unduly burdensome and oppressive to require Larian to state all facts to support a

25   contention that MGA and/or Larian had or has or have any right to copy, possess,

26   use or disclose any "MATTEL DOCUMENT" when Mattel has designated all of the

27   "MATTEL DOCUMENTS" as "Confidential — Attorney's Eyes Only."  Because

28   Mattel has designated the "MATTEL DOCUMENTS" which are the subject of the

interrogatory as "Confidential — Attorneys' Eyes Only," it is impossible for Larian to respond to this interrogatory.

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court. Accordingly, Larian will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

### ARGUMENT

Interrogatory Nos. 56-63 request information regarding MGA's theft of Mattel documents.[11] MGA concedes that Request Nos. 58-63 seek relevant information, thus that Mattel is entitled to the information it seeks.[12] MGA does object to the relevance of Interrogatory Nos. 56 and 57. This objection is baseless. Interrogatory No. 56 asks MGA and Larian to identify the Mattel documents MGA has obtained since January 1, 1999, and to identify all persons with knowledge of such facts and all documents that refer or relate to such Mattel documents.[13] Interrogatory No. 57 asks Defendants to identify all documents that refer or relate to any Mattel product or plan that any former Mattel employees provided to MGA since January 1, 1999.[14] The information sought by these two interrogatories relates directly to Mattel's claims, including its RICO claims. Indeed, MGA's poaching of Mattel employees for the purposes of stealing its trade secrets is specifically alleged

---

[11]   Mattel, Inc.'s Supplemental Interrogatories (Interrogatory Nos. 56-63), Watson Dec., Exh. 13.

[12]   MGA does not assert relevance objections to Interrogatory Nos. 56-63. MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Responses to Interrogatory Nos. 56-63), Watson Dec., Exh. 14.

[13]   Mattel's Supplemental Interrogatories (No. 56), Watson Dec., Exh. 13.

[14]   Id. (No. 57).

1  in Mattel's claims.[15]  Mattel alleges that MGA paid former Mattel employees in

2  Mexico and Canada, as well as other employees, to leave Mattel and work for MGA

3  and, in the process, steal Mattel trade secrets and other property and deliver them to

4  MGA.[16]  The Court should overrule Defendants' relevance objections.

5         MGA's remaining objections to these interrogatories should also be

6  overruled.  For each of these requests, MGA interjects its own, more limited

7  definitions for Mattel's defined terms, so that any response would provide Mattel

8  only a portion of the information Mattel is entitled to.  This is improper.  Chapman

9  v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D. Cal. February 6,

10  2002) ("The proponent of discovery is the master of its terms.  So long as the

11  information sought is within the broad bounds of relevancy as set forth in Rule 26

12  and is otherwise properly discoverable, the respondent may not unilaterally reshape

13  or rephrase the discovery request.").[17]

14         For example, Defendants object to Mattel's definition of "MGA" for

15  including "any of its current or former employees, officers, directors, agents,

16  representatives, attorneys, experts, divisions, AFFILIATES, predecessors-in-interest

17  and successors-in-interest, and any other PERSON acting on its behalf, pursuant to

18  its authority or subject to its control."[18]  Defendants assert that they will instead

19  "interpret the term 'MGA' to refer to MGA Entertainment, Inc. and any

20  predecessors-in-interest."[19]  In limiting the term "MGA" in this way, Defendants

21  _____

22  [15]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
23  Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.
   [16]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
24  Claims, Counter-Claims ¶¶ 37-76, Watson Dec., Exh 23.
25  [17]  As discussed above, Mattel's interrogatories seek information that is directly
   relevant to the party's claims and defenses in this case.
26  [18]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories at
27  7-8, Watson Dec., Exh. 14.
   [19]  Id.
28

effectively refuse to provide Mattel information regarding MGA's current or former employees, officers, directors, agents, representatives, attorneys, experts, divisions, affiliates, successors-in-interest, and any other person acting on its behalf.  Mattel is clearly entitled to discover this information, and Defendants offer no explanation to the contrary.

Defendants interject a similar limit to the term "MATTEL." Defendants assert that they will interpret the term "to refer to all persons or entities who held themselves out to MGA as officers, employees, agents, subsidiaries or divisions of Mattel, Inc."[20]  Defendants' interpretation excludes, without justification, any one who has held themselves out to be Mattel directors, representatives, attorneys, parents, "AFFILIATES, predecessors-in-interest, successors-in-interest, and any other PERSON acting on Mattel's behalf, pursuant to its authority or subject to its control."[21]

Defendants also object to the term "MATTEL DOCUMENTS" because they assert that Mattel's definition of the term as "all DOCUMENTS stolen, obtained or taken from MATTEL by any PERSON" renders any interrogatory using the term accusatory and argumentative, and Defendants would then be required to make a conclusion as to an ultimate issue in the case in order to determine the scope of information requested by any interrogatory using the term.[22]  This objection is meritless.  To the extent this definition requires a legal conclusion at all, it merely requires Defendants to apply the law to the facts at hand.  This is proper. Fed.R.Civ.P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact.").

_____

[20]   Id. at 8.
[21]   Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 13.

1   Indeed, the Discovery Master has overruled defendants' prior refusals to respond to
2   discovery requests on these grounds before.[23]

3          Defendants' attempt to limit "MATTEL DOCUMENTS" to include
4   only the documents identified by Bates Numbers in Mattel's Supplemental
5   Interrogatories is also baseless.[24]  Mattel defined "MATTEL DOCUMENTS" to
6   include all documents stolen, obtained or taken from Mattel.[25]  Mattel is entitled to
7   discover information regarding all of the documents taken or obtained from Mattel,
8   not just the ones Mattel currently has knowledge of.  Defendants' limitation to the
9   term "MATTEL DOCUMENTS" is merely a thinly veiled attempt to prevent Mattel
10  from discovering additional documents MGA has taken from Mattel.

11          Finally, Defendants object to the term "MATTEL DOCUMENTS" on
12  the grounds that because Mattel has designated some of the documents as
13  "Confidential - Attorney's Eyes Only," it is impossible for them to respond.[26]
14  However, MGA and Larian know which documents they improperly obtained from
15  Mattel and who improperly obtained them; nothing about Mattel's designations alter
16  those facts.  Defendants have produced document after document containing Mattel
17  trade secrets and, in fact, some of these were marked as exhibits at the deposition of
18  Mr. Machado.  Defendants' objections to the term "MATTEL DOCUMENTS"
19  should be overruled.

20

21      [22]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at
22  8-9, Watson Dec, Exh. 14; Larian's Objections and Responses to Mattel's
    Supplemental Interrogatories, at 8-9, Watson Dec., Exh. 15.
23      [23]  See Order Granting Mattel's Motion to Compel MGA to Answer Requests for
24  Admission, dated August 20, 2007 at 7 (overruling legal conclusion objection in the
    context of requests for admissions), Watson Dec., Exh. 25.
25      [24]  Id.
26      [25]  Mattel's Supplemental Interrogatories, at 7, Watson Dec., Exh. 13.
27      [26]  See, e.g., MGA's and Larian's Responses to Interrogatory Nos. 56, 58-63,
    Watson Dec Exhs. 14, 15.
28

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S SEPARATE STATEMENT ISO
MOTION TO COMPEL

1    MGA's efforts to limit to the terms "MACHADO," "TRUEBA,"

2  "VARGAS," "BRAWER," "CASTILLA," "COONEY," "BRISBOIS,"

3  "CONTRERAS," "ABUNDIS" to refer only to those people as individuals are also

4  improper.  Defendants do not dispute that Mattel is entitled to discover information

5  regarding each of these individuals' "current or former employees, agents,

6  representatives, attorneys, accountants, vendors, consultants, independent

7  contractors, predecessors-in-interest and successors-in-interest, and any other

8  PERSON acting on [their] behalf, pursuant to [their] authority or subject to t[their]

9  control."[27]  Rather, Defendants claim merely that it is impossible for them to know

10 whether a person is affiliated with each of these individuals, <u>unless</u> they have "held

11 himself or herself out" as such.[28]  This does not justify Defendants' limitation, which

12 excludes from their responses even those people who have held themselves out to

13 have such affiliations.

14    Finally, Defendants object to the definition of "FORMER MATTEL

15 EMPLOYEES" on the grounds that the definition requires them to "make a

16 conclusion as to an ultimate issue in the case" and because they cannot determine

17 whether and which former Mattel employees violated any obligations to Mattel.[29]

18 Based on this objection, MGA and Larian unilaterally limit the definition to refer

19 only to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas

20 San Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick

21 Contreras and Ricardo Abundis."[30]  This limitation is also meritless.  As discussed

22 above, to the extent this definition requires a legal conclusion at all, it merely

23 _____

24 [27]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at
   9-13, Watson Dec., Exh. 14.

25 [28]  <u>Id.</u>

26 [29]  <u>See</u> MGA's Responses to Mattel's Supplemental interrogatories at 13, Watson
   Dec., Exh. 14.

27 [30]  <u>Id.</u> at 14.

28

1   requires an application of law to fact.  Moreover, MGA and Larian are certainly in a

2   position to determine which Mattel employees other than those specifically

3   identified have provided them with Mattel trade secrets.  Indeed, they have an

4   obligation to investigate whether that is the case.

5             Each of Defendants' objections and limitations to Mattel's defined

6   terms should be overruled, and Defendants should be compelled to respond to

7   Mattel's interrogatories in full.

8             MGA's objection that these interrogatories seek information that "may

9   be the subject of expert witness analysis and testimony"[31] is also without merit.

10  These interrogatories merely seek the factual basis on which MGA bases its claims

11  and defenses and are not exclusively the subject of expert witness and testimony.

12  Moreover, interrogatories requesting factual information are not objectionable on

13  the basis that the responding party would need to consult with an expert to clarify

14  relevant facts.  See King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 (D.D.C. 1987)

15  ("while an expert on stockbroker operations and investments may be necessary to

16  refine the evidence of their losses, the plaintiffs must have had some factual basis

17  for concluding they had sustained losses at the time the complaint was filed . . . It is

18  no answer for plaintiffs to assert that they will need . .. to consult with an expert to

19  determine their losses.  They should have answered the interrogatories with such

20  information as they then possessed, and pursuant to Rule 26(e) . . . supplement their

21  answers  . . . to reflect refinements or corrections to the factual representations as to

22  their asserted losses"); Roberts v. Heim, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989)

23  (Plaintiffs' response to defendants' interrogatory, in which plaintiffs objected to the

24  interrogatory on the ground that the response was dependent, in part, on expert

25  _____

26  [31]  MGA Objections and Responses to Mattel's Supplemental Interrogatories
    (Nos. 60-63), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's
27  Supplemental Interrogatories (Nos. 60-63), Watson Dec., Exh. 15.

28

1   testimony, required plaintiffs to answer the interrogatory and state whether the

2   answer to the interrogatory contained all the factual information in the plaintiffs'

3   possession independent of that to be provided by plaintiffs' experts and also required

4   plaintiffs to provide any other factual information independent of that to be provided

5   by their expert).

6          MGA's objection that Interrogatory Nos. 60 and 63 seek information

7   that is uniquely or better known to Mattel should also be overruled.[32]  Defendants

8   object to these interrogatories on the basis that they seeks information that is

9   uniquely or better known to Mattel.[33]  This objection is also without merit.

10  Interrogatory No. 60 seeks the factual basis for Defendants' contention regarding

11  whether the "MATTEL DOCUMENTS" were known to the public or to people who

12  could obtain economic value from their disclosure.[34]  Interrogatory No. 63 seeks the

13  factual basis for Defendants' contention that MGA had the right to copy, possess, or

14  use the "MATTEL DOCUMENTS."[35]  This information is almost exclusively in

15  Defendants' possession, as they know better than Mattel the bases for any

16  contentions they may have that the "MATTEL DOCUMENTS" were not trade

17  secrets or that Defendants otherwise had the right to obtain and use the "MATTEL

18  DOCUMENTS."  Certainly, Defendants know the factual bases for their contentions

19  better than Mattel does.

20         Defendants object to each of the interrogatories regarding "MATTEL

21  DOCUMENTS" on the grounds that they "seek information that is not subject to

22

---

23  [32]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories

24  (No. 60, 63), Watson Dec., Exh. 14.

25  [33]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories
    (Nos. 60), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's

26  Supplemental Interrogatories (No. 60), Watson Dec., Exh. 15.

27  [34]   Mattel Supplemental Interrogatories (No. 60), Watson Dec., Exh. 13.
    [35]   Id. at Interrogatory No. 63.

28

1   disclosure under any applicable privilege, the work product doctrine, the right of

2   privacy, and all other privileges recognized under the constitutional, statutory, or

3   decisional law of the United States of America, the State of California, or any other

4   applicable jurisdiction."[36]   This boilerplate objection is improper.  Most of the

5   interrogatories at issue here are contention interrogatories.  Parties are required to

6   answer interrogatories that ask them to state their contentions about facts or the

7   application of law to facts.  Fed. R. Civ. P. 33(a)(2).  Mattel is entitled to learn the

8   facts in Defendants' possession which they believe support their own contentions.

9   Mattel is also entitled to learn which documents and persons relate to or are

10  knowledgeable about such facts.  The law is clear that a party cannot avoid

11  responding to contention interrogatories by claiming that they call for a legal

12  conclusion or by invoking the attorney-client privilege or the work product doctrine.

13  Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at

14  *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular

15  allegation in a complaint violates neither the attorney-client or work product

16  privileges."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987)

17  (interrogatories seeking the factual specifics which a party contends supports a

18  contention do not implicate the attorney work product doctrine:  "If this elementary

19  principle were not applicable, contention interrogatories would not exist.  As the

20  Advisory Committee Note reflects, as to requests for even opinions or contentions

21  that call for the application of law to fact, they are permissible and can be most

22  useful in narrowing and sharpening the issues, which is the major purpose of

23  discovery.").

24

25  _____

26      [36]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories
    (Nos. 56-63), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's
27  Supplemental Interrogatories (Nos. 56-63). Watson Dec., Exh. 15.

28

Defendants object to several of Mattel's Supplemental Interrogatories on the grounds that those interrogatories ask Defendants to "prove the negative."[37] This objection is also without merit. Interrogatories like the ones Defendants object to here are commonly used to elucidate facts regarding a party's contentions, and numerous courts have held them proper. See, e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC, 2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer interrogatories requesting "all supporting facts, documents, exhibits, testimony and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL 432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that interrogatories requesting "all facts" in support of a denial of a statement were not unduly burdensome); Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12 (N.D. W. Va. 2007) (holding that interrogatory asking party to state "each fact" in support of contention is proper); Wilson v. Thompson/Center Arms Co., 2006 WL 3524250, at *1 (E.D. La. 2006) (overruling vagueness and burden objections, and compelling defendants to "fully respond" to interrogatories requesting "each fact, exhibit and witness" in support of contentions); Zapata v. IBP, Inc., 1997 WL 122588, at *1 (D. Kan. 1997) (ordering defendant to fully answer interrogatory asking for factual basis for each of defendant's defenses, as well as all witnesses with knowledge of and all documents relating to those facts); Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc., 1995 WL 625953, at *1 (D. Kan. 1995) (approving contention interrogatories seeking "all facts" because "parties 'are entitled to know the factual basis' of the

---

[37]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 58, 59, 61, 62), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 58, 59, 61, 62), Watson Dec., Exh. 15.

claims, defenses, or denials of their opponents" and rejecting defendant's objection that it could not answer interrogatories because it had not obtained sufficient discovery from plaintiff, as a party "may not withhold discovery solely because it has not obtained to its satisfaction other discovery"); <u>Pension Ben. Guar. Corp v. Ziffer</u>, 1994 WL 11654, at *1 (N.D. Ill. 1994) (stating that interrogatories asking for "all facts" supporting contentions "are appropriately made").

Defendants rely in their objections on <u>Safeco of Am. v. Rawstron</u>, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998), and <u>Lawrence v. First Kansas Bank & Trust, Co.</u>, 169 F.R.D. 657, 663-64 (D. Kan. 1996), but these authorities do not undermine Mattel's interrogatories.  Rather, they merely recognize that interrogatories seeking all facts supporting the denial of an assertion may, in some circumstances and in some cases, impose an undue burden.  <u>See</u> <u>Chapman v. California Dept. of Education</u>, 2002 WL 32854376, at *2 (N.D. Cal. 2002) ("While interrogatories that call for all facts, documents and witnesses may, in some circumstances, place an unreasonable burden on the responding party . . . an interrogatory that requests 'all facts' in support of a refusal to admit specific relevant facts is not burdensome and oppressive *per se*.").  In the meet and confer process, defendants have offered no evidence of burden, and cannot do so.  <u>See</u>, <u>e.g.</u>, <u>Josephs v. Harris Corp.</u>, 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection."); <u>Walker v. Lakewood Condominium Owners Ass'n</u>, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all.").

Finally, the Court should overrule Defendants' undue burden objections.[38]    For example, Defendants object that interrogatories regarding "MATTEL DOCUMENTS" are unduly burdensome because Mattel has listed at least 8 banker boxes of documents that MGA allegedly improperly obtained.[39] However, to determine whether an interrogatory imposes an "undue burden," courts have adopted a "proportionality approach that balances the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory."  8A Wright & Miller, Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174; see also King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant).

Here, as discussed above, information regarding the details of MGA's appropriation of Mattel's documents clearly goes to the core of Mattel's misappropriation of trade secrets claim.[40]  This information is almost exclusively in defendants' possession, as they know better than Mattel which documents they misappropriated and when.  Mattel's need to discover this information clearly

---

[38]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 57-63), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 57-63), Watson Dec., Exh. 15.

[39]  See, e.g., MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 59-63), Watson Dec., Exh. 14.

[40]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.

outweighs any efforts MGA and Larian will be required to undertake, particularly because the volume of documents involved is due to the pervasiveness of Defendants' misappropriation.[41]

**B.      Mattel's Interrogatories About MGA's Payments to Former Mattel Employees (Interrogatory Nos. 67-69)**

INTERROGATORY NO. 67:

IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made or given, or any promise, agreement, proposal Or offer by YOU to pay money or give any item of value, to or on behalf of any PERSON identified in any of the parties' initial disclosures in this ACTION at any time when such PERSON was not an employee of MGA, including without limitation with respect to legal fees incurred by or on behalf of such PERSON.

MGA'S RESPONSE TO INTERROGATORY NO. 67:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 14-15 (regarding Definitions), including without limitation its objections to the term "IDENTIFY."  MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable

---

[41]   Defendants also assert that Mattel's interrogatories are unduly burdensome because they have several discrete subparts (Nos. 51-53) or require responses regarding too many former Mattel employees and other individuals (Nos. 67-69). Fully responding to Mattel's interrogatories will undoubtedly require some effort, but there is nothing "undue" about that burden.  Mattel's interrogatories address both parties' contentions and defenses on central issues, and Mattel is entitled to full discovery of such information.

1   privilege, doctrine or immunity, including without limitation the attorney-client

2   privilege, the work product doctrine, the right of privacy, and all other privileges

3   recognized under the constitutional, statutory or decisional law of the United States

4   of America, the State of California or any other applicable jurisdiction.

5          MGA further objects to this interrogatory as overly broad, unduly

6   burdensome, and seeks information that is not relevant to the claims and defenses in

7   this action and is not reasonably calculated to lead to the discovery of admissible

8   evidence in that (i) the interrogatory is completely unbounded by any time limitation

9   and (ii) Mattel's fishing expedition through each and every payment from MGA to

10  all freelancers and anyone else listed on the initial disclosures since the formation of

11  MGA is harassing and completely untied to the claims and defenses in this action.

12  By MGA's count, the individuals listed in the parties' initial disclosures number 199.

13  The burden and expense of determining whether each individual listed on those

14  disclosures was ever paid by MGA, then generating reports of every payment for

15  each such individual far outweighs the interrogatory's likely benefit, considering the

16  needs of the case, the parties' resources, and the importance of the discovery in

17  resolving the issues.

18         Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

19  discovery is stayed until further order of the Court.  Accordingly, MGA will not

20  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

21  Court.

22

23  LARIAN'S RESPONSE TO INTERROGATORY NO. 67:

24         Larian incorporates by reference his General Response and General

25  Objections above, as though fully set forth herein and specifically incorporates

26  General Objection Nos. 14-15 (regarding Definitions), including without limitation

27  his objections to the term "IDENTIFY."  Larian also objects to this interrogatory to

28  the extent it seeks information that is not subject to disclosure under any applicable

1   privilege, doctrine or immunity, including without limitation the attorney-client

2   privilege, the work product doctrine, the right of privacy, and all other privileges

3   recognized under the constitutional, statutory or decisional law of the United States

4   of America, the State of California or any other applicable jurisdiction.

5           Larian further objects to this interrogatory as overly broad and unduly

6   burdensome because the interrogatory is completely unbounded by any time

7   restriction.  Mattel's fishing expedition for each and every payment or item of value

8   given by Larian to anyone else listed on the initial disclosures since Larian's birth is

9   harassing and completely untailored to the claims and defenses in this action.  By

10  Larian's count, the individuals listed in the parties' initial disclosures number 199.

11  Larian further objects to this interrogatory on the grounds that it is intrusive and

12  harassing.  Larian notes that his brother Farhad Larian is listed on the disclosures.

13  The interrogatory thus would require Larian to document each and every birthday or

14  holiday gift that Larian has given his brother since their childhood.  As the Court has

15  already held, "Personal financial information is afforded protection by the California

16  Constitution that is also recognized by federal courts."  Order of January 28, 2008,

17  at 12 (citing *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987) (federal

18  courts should give "some weight" to privacy rights that are protected by state

19  constitutions).  The burden and expense of responding to the overly broad, intrusive

20  and harassing interrogatory far outweighs the interrogatory's likely benefit,

21  considering the needs of the case, the parties' resources, and the importance of the

22  discovery in resolving the issues.

23          Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

24  discovery is stayed until further order of the Court.  Accordingly, Larian will not

25  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

26  Court.

27

28

INTERROGATORY NO. 68:

To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully and separately each and every payment of money or other item of value that MGA has made, or any promise, agreement, proposal or offer by MGA to pay money or give any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES, including without limitation with respect to legal fees incurred by or on behalf of any of the FORMER MATTEL EMPLOYEES.

MGA'S RESPONSE TO INTERROGATORY NO. 68:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 14-15 (regarding Definitions), including without limitation its objections to the term "IDENTIFY" and "FORMER MATTEL EMPLOYEES." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

MGA further objects to this interrogatory as overly broad and unduly burdensome because the interrogatory is unbounded by any time restrictions.

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court.  Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

LARIAN'S RESPONSE TO INTERROGATORY NO. 68:

Larian incorporates by reference his General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 14-15 (regarding Definitions), including without limitation his objections to the term "IDENTIFY" and "FORMER MATTEL EMPLOYEES." Larian also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. Larian further objects to this interrogatory as overly broad and unduly burdensome because the interrogatory is unbounded by any time restrictions.

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court. Accordingly, Larian will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

INTERROGATORY NO. 69:

To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made, or any promise, agreement, proposal or offer by YOU to pay money or give any item of value, since January 1, 1998 to or on behalf of any PERSON who has been employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON while an MGA employee), including without limitation with respect to legal fees incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

-92-

1  MGA'S RESPONSE TO INTERROGATORY NO. 69:

2          MGA incorporates by reference its General Response and General

3  Objections above, as though fully set forth herein and specifically incorporates

4  General Objection Nos. 14-15 (regarding Definitions), including without limitation

5  its objections to the term "IDENTIFY," "MATTEL" and "MGA."  MGA also

6  objects to this interrogatory to the extent it seeks information that is not subject to

7  disclosure under any applicable privilege, doctrine or immunity, including without

8  limitation the attorney-client privilege, the work product doctrine, the right of

9  privacy, and all other privileges recognized under the constitutional, statutory or

10  decisional law of the United States of America, the State of California or any other

11  applicable jurisdiction.

12          Mattel's fishing expedition for each and every payment other than

13  ordinary salary and benefits made by MGA since January 1, 1998 to all persons ever

14  formerly employed by Mattel is oppressive and harassing.  MGA further objects to

15  this interrogatory as vague and ambiguous, overly broad and unduly burdensome

16  because of the term "any PERSON who has been employed by MATTEL" is

17  unbound by any time restriction.  It is impossible for MGA to know each and every

18  person who, in their lifetime, has ever been employed with MATTEL.  Mattel's

19  interrogatory is overly broad and unduly burdensome because it, in effect, requires

20  MGA to search its records for every payment it has made to MGA employees or

21  freelancers after January 1, 1998, somehow determine whether any of the people

22  paid ever worked for Mattel in his or her lifetime, then cull out each and every

23  payment that falls outside ordinary salary and benefits.  MGA objects on the

24  grounds that the burden and expense of the proposed discovery outweighs its likely

25  benefit, considering the needs of the case, the parties' resources, and the importance

26  of the discovery in resolving the issues at stake in the action.

27          MGA further objects to this interrogatory as duplicative and cumulative

28  because MGA has already produced extensive information regarding payments to

1   individuals identified by Mattel in prior interrogatories, most recently at the January

2   24, 2008 30(b)(6) deposition of Lisa Tonnu.  The instant interrogatory is an

3   improper catch-all fishing expedition.  For example, MGA notes that ordinary

4   expense reimbursements would be included under the terms of the overly broad

5   interrogatory.  MGA thus objects that the interrogatory seeks information not

6   relevant to the claims or defenses of any party to this action and is not reasonably

7   calculated to lead to the discovery of admissible evidence.

8          Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

9   discovery is stayed until further order of the Court.  Accordingly, MGA will not

10  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

11  Court.

12

13  LARIAN'S RESPONSE TO INTERROGATORY NO. 69:

14         Larian incorporates by reference his General Response and General

15  Objections above, as though fully set forth herein and specifically incorporates

16  General Objection Nos. 14-15 (regarding Definitions), including without limitation

17  his objections to the term "IDENTIFY," "MATTEL" and "MGA."  Larian also

18  objects to this interrogatory to the extent it seeks information that is not subject to

19  disclosure under any applicable privilege, doctrine or immunity, including without

20  limitation the attorney-client privilege, the work product doctrine, the right of

21  privacy, and all other privileges recognized under the constitutional, statutory or

22  decisional law of the United States of America, the State of California or any other

23  applicable jurisdiction.

24         Mattel's fishing expedition for each and every payment other than

25  ordinary salary and benefits made by Larian since January 1, 1998 to all persons

26  ever formerly employed by Mattel is oppressive and harassing.  Larian further

27  objects to this interrogatory as vague and ambiguous, overly broad and unduly

28  burdensome because of the term "any PERSON who has been employed by

1  MATTEL" is unbound by any time restriction.  It is impossible for Larian to know

2  each and every person who, in their lifetime, has ever been employed with

3  MATTEL.  Mattel's interrogatory is overly broad and unduly burdensome because

4  it, in effect, requires Larian to somehow determine whether any of the people he has

5  ever given any item of value, including customary business gifts, has ever worked

6  for Mattel in his or her lifetime.  Larian objects on the grounds that the burden and

7  expense of the proposed discovery outweighs its likely benefit, considering the

8  needs of the case, the parties' resources, and the importance of the discovery in

9  resolving the issues at stake in the action.

10        The instant interrogatory is an improper catch-all fishing expedition.

11  Larian thus objects that the interrogatory seeks information not relevant to the

12  claims or defenses of any party to this action and is not reasonably calculated to lead

13  to the discovery of admissible evidence.

14        Pursuant to Judge Larson's February 4, 2008 Order, Phase Two

15  discovery is stayed until further order of the Court.  Accordingly, Larian will not

16  respond to this interrogatory until the stay of Phase Two discovery is lifted by the

17  Court.

18

19                              **ARGUMENT**

20        Interrogatory Nos. 67-69 request information regarding MGA's

21  payments to former Mattel employees and individuals identified in the parties' initial

22  disclosures.[42]  Defendants do not dispute that Interrogatory No. 68 seeks relevant

23  information.[43]  They do, however object to the relevance of Interrogatory Nos. 67-

24  _____

25     [42]  Mattel, Inc.'s Supplemental Interrogatories (Interrogatory Nos. 67-69),

26  Watson Dec., Exh. 13.

27     [43]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
     (Responses to Interrogatory Nos. 68), Watson Dec., Exh. 14.

28

69.  Their objections are without merit.  Interrogatory No. 67 asks Defendants to identify every payment MGA or Larian have given to any person identified in any of the parties' initial disclosures when that person was not an employee of MGA.[44] Interrogatory No. 69 asks Defendants to identify each payment MGA or Larian have made since January 1, 1998 to any person who has been employed by Mattel, excluding ordinary salary and benefits paid to such person while an MGA employee.[45]  Mattel has explicit claims for commercial bribery against Larian and MGA.[46]  Payments made to then-Mattel employees establish such commercial bribery and other tortious conduct that are the subject of Mattel's claims by Larian or MGA.  The timing and amounts of payments made to former Mattel employees who Larian and MGA are accused of conspiring with to steal Mattel trade secrets would be critical evidence to Mattel's claims.[47]

Additionally, the people identified in the parties' initial disclosures are potential witnesses in this case, and evidence of payments to witnesses are obviously relevant to issues of bias.  United States v. Abel, 469 U.S. 45, 51 (1984) (evidence of bias is admissible to impeach witness); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D.Cal. 1998) (Rule 26 permits discovery of information which may simply relate to the credibility of a witness or other evidence in the case); Wright & Miller, Federal Practice & Procedure: Federal Rules of

---

[44]   Mattel's Supplemental Interrogatories (No. 67), Watson Dec., Exh. 13.
[45]   Mattel's Supplemental Interrogatories (No. 69), Watson Dec., Exh. 13.
[46]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶ 12, Watson Dec., Exh. 23.
[47]   See Order of January 25, 2007, at 14:13-17, ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel.  Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims."), Watson Dec., Exh. 25.

1    Evidence § 6095 (bias is a "particularly favored basis for attacking credibility," and

2    "circumstantial evidence of bias" may include evidence of the "payment of bribes or

3    fees").  Indeed, the former Discovery Master in this case previously so ruled.[48]

4              Furthermore, these Interrogatories are relevant to MGA's own claims.

5    MGA has accused Mattel of copying Bratz and other designs, as well as advertising,

6    packaging, themes and the like.  It is Mattel's position that MGA copied or utilized

7    Mattel projects in development and other confidential, internal information, which is

8    not only trade secret theft but a defense to MGA's claims.  This, too, has been

9    previously recognized by the Discovery Master.[49]  Knowing when MGA paid Mattel

10   employees and how much will yield evidence showing MGA's access to Mattel's

11   internal information and additionally bear on critical issues of timing and which

12   company was developing which product or product element at issue first.  Without

13   doubt, these interrogatories are likely to lead to the discovery of admissible evidence

14   bearing on these issues.

15             MGA's remaining objections to these interrogatories should also be

16   overruled.  For each of these requests, MGA interjects its own, more limited

17   definitions for Mattel's defined terms, so that any response would provide Mattel

18   only a portion of the information Mattel is entitled to.  This is improper.  Chapman

19   v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D. Cal. February 6,

20   2002) ("The proponent of discovery is the master of its terms.  So long as the

21   ─────────────────

22   [48]  Order Granting in Part Mattel's Motion to Compel MGA to Produce
     Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated
23   September 25, 2007 at 11 (MGA payments to individuals "may also show possible
     bias and be used for impeachment purposes), Watson Dec., Exh. 28.
24
     [49]  Order Granting Mattel's Motion to Compel Production of Documents, dated
25   January 25, 2007, at 14 ("payments to Bryant are relevant to Mattel's recently added
     claims for trade secret misappropriation. . . Any proof of trade secret theft is also
26   relevant to Mattel's defense against MGA's unfair competition), Watson Dec., Exh.
     24.
27

28

1    information sought is within the broad bounds of relevancy as set forth in Rule 26

2    and is otherwise properly discoverable, the respondent may not unilaterally reshape

3    or rephrase the discovery request.").[50]

4            For example, Defendants object to Mattel's definition of "MGA" for

5    including "any of its current or former employees, officers, directors, agents,

6    representatives, attorneys, experts, divisions, AFFILIATES, predecessors-in-interest

7    and successors-in-interest, and any other PERSON acting on its behalf, pursuant to

8    its authority or subject to its control."[51]  Defendants assert that they will instead

9    "interpret the term 'MGA' to refer to MGA Entertainment, Inc. and any

10   predecessors-in-interest."[52]  In limiting the term "MGA" in this way, Defendants

11   effectively refuse to provide Mattel information regarding MGA's current or former

12   employees, officers, directors, agents, representatives, attorneys, experts, divisions,

13   affiliates, successors-in-interest, and any other person acting on its behalf.  Mattel is

14   clearly entitled to discover this information, and Defendants offer no explanation to

15   the contrary.

16           Defendants interject a similar limit to the term "MATTEL."

17   Defendants assert that they will interpret the term "to refer to all persons or entities

18   who held themselves out to MGA as officers, employees, agents, subsidiaries or

19   divisions of Mattel, Inc."[53]  Defendants' interpretation excludes, without

20   justification, any one who has held themselves out to be Mattel directors,

21   representatives, attorneys, parents, "AFFILIATES, predecessors-in-interest,

22

23   _____

24       [50]   As discussed above, Mattel's interrogatories seek information that is directly
25   relevant to the party's claims and defenses in this case.
         [51]   Id. at 7-8.
26       [52]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories at
27   7-8, Watson Dec., Exh. 14.
         [53]   Id. at 8.

28

1   successors-in-interest, and any other PERSON acting on Mattel's behalf, pursuant to

2   its authority or subject to its control."[54]

3         MGA's efforts to limit to the terms "MACHADO," "TRUEBA,"

4   "VARGAS," "BRAWER," "CASTILLA," "COONEY," "BRISBOIS,"

5   "CONTRERAS," "ABUNDIS" to refer only to those people as individuals are also

6   improper.  Defendants do not dispute that Mattel is entitled to discover information

7   regarding each of these individuals' "current or former employees, agents,

8   representatives, attorneys, accountants, vendors, consultants, independent

9   contractors, predecessors-in-interest and successors-in-interest, and any other

10  PERSON acting on [their] behalf, pursuant to [their] authority or subject to t[their]

11  control."[55]  Rather, Defendants claim merely that it is impossible for them to know

12  whether a person is affiliated with each of these individuals, <u>unless</u> they have "held

13  himself or herself out" as such.[56]  This does not justify Defendants' limitation, which

14  excludes from their responses even those people who have held themselves out to

15  have such affiliations.

16        Finally, Defendants object to the definition of "FORMER MATTEL

17  EMPLOYEES" on the grounds that the definition requires them to "make a

18  conclusion as to an ultimate issue in the case" and because they cannot determine

19  whether and which former Mattel employees violated any obligations to Mattel.[57]

20  Based on this objection, MGA and Larian unilaterally limit the definition to refer

21  only to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas

22  San Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick

23  _____

24    [54]  Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 13.

25    [55]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at
9-13, Watson Dec., Exh. 14.

26    [56]  <u>Id.</u>

27    [57]  <u>See</u> MGA's Responses to Mattel's Supplemental interrogatories at 13, Watson
Dec., Exh. 14.

28

1  Contreas and Ricardo Abundis."[58]  This limitation is also meritless.  As discussed

2  above, to the extent this definition requires a legal conclusion at all, it merely

3  requires an application of law to fact.  Moreover, MGA and Larian are certainly in a

4  position to determine which Mattel employees other than those specifically

5  identified have provided them with Mattel trade secrets.  Indeed, they have an

6  obligation to investigate whether that is the case.

7          Each of Defendants' objections and limitations to Mattel's defined

8  terms should be overruled, and Defendants should be compelled to respond to

9  Mattel's interrogatories in full.

10          Defendants object to each of the interrogatories regarding "MATTEL

11  DOCUMENTS" on the grounds that they "seek information that is not subject to

12  disclosure under any applicable privilege, the work product doctrine, the right of

13  privacy, and all other privileges recognized under the constitutional, statutory, or

14  decisional law of the United States of America, the State of California, or any other

15  applicable jurisdiction."[59]  This boilerplate objection is improper.  Most of the

16  interrogatories at issue here are contention interrogatories.  Parties are required to

17  answer interrogatories that ask them to state their contentions about facts or the

18  application of law to facts.  <u>Fed. R. Civ. P.</u> 33(c).  Mattel is entitled to learn the facts

19  in Defendants' possession which they believe support their own contentions.  Mattel

20  is also entitled to learn which documents and persons relate to or are knowledgeable

21  about such facts.  The law is clear that a party cannot avoid responding to contention

22  interrogatories by claiming that they call for a legal conclusion or by invoking the

23  attorney-client privilege or the work product doctrine.  <u>Convergent Business</u>

24  _____

25      [58]  <u>Id.</u> at 14.

26      [59]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
      (Nos. 67-69), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's

27  Supplemental Interrogatories (Nos. 67-69). Watson Dec., Exh. 15.

28

MATTEL INC.'S SEPARATE STATEMENT ISO
MOTION TO COMPEL

1  <u>Systems, Inc. v. Diamond Reporting, Inc.</u>, 1989 WL 92038, at *1 (E.D.N.Y. 1988)

2  ("Seeking the facts and documents which support a particular allegation in a

3  complaint violates neither the attorney-client or work product privileges."); <u>King v.</u>

4  <u>E.F. Hutton & Co., Inc.</u>, 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking

5  the factual specifics which a party contends supports a contention do not implicate

6  the attorney work product doctrine:  "If this elementary principle were not

7  applicable, contention interrogatories would not exist.  As the Advisory Committee

8  Note reflects, as to requests for even opinions or contentions that call for the

9  application of law to fact, they are permissible and can be most useful in narrowing

10  and sharpening the issues, which is the major purpose of discovery.").

11         Finally, the Court should overrule Defendants' undue burden

12  objections.[60]   For example, Defendants object that interrogatories regarding

13  "MATTEL DOCUMENTS" are unduly burdensome because Mattel has listed at

14  least 8 banker boxes of documents that MGA allegedly improperly obtained.[61]

15  However, to determine whether an interrogatory imposes an "undue burden," courts

16  have adopted a "proportionality approach that balances the burden on the

17  interrogated party against the benefit that having the information would provide to

18  the party submitting the interrogatory."  8A Wright & Miller, <u>Federal Practice &</u>

19  <u>Procedure: Federal Rules of Civil Procedure</u> § 2174; <u>see also</u> <u>King v. Georgia Power</u>

20  <u>Co.</u>, 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that

21  interrogatory was burdensome and oppressive, even though preparation of answer

22  would be time-consuming and costly, because information was crucial to the issues

23  of the suit and in exclusive custody of defendant); <u>Seff v. General Outdoor</u>

24  _____

25  [60]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories

26  (Nos. 67-69), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's
   Supplemental Interrogatories (Nos. 67-69), Watson Dec., Exh. 15.

27

28

-101-

1    <u>Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly
2    burdensome" objection because value of information to plaintiff clearly outweighed
3    any annoyance or expense involved in disclosure by defendant).
4          Here, as discussed above, information regarding the details of MGA's
5    appropriation of Mattel's documents clearly goes to the core of Mattel's
6    misappropriation of trade secrets claim.[62]  This information is almost exclusively in
7    defendants' possession, as they know better than Mattel which documents they
8    misappropriated and when.   Mattel's need to discover this information clearly
9    outweighs any efforts MGA and Larian will be required to undertake, particularly
10   because the volume of documents involved is due to the pervasiveness of
11   Defendants' misappropriation.[63]

12

13   DATED:  February 10, 2009          QUINN EMANUEL URQUHART OLIVER &
14                                      HEDGES, LLP

15

16                                   By/s/ Scott L. Watson
17                                      Scott L. Watson
                                        Attorneys for Mattel, Inc.
18

19

20   _____

21   [61]   <u>See, e.g.</u>, MGA's Objections and Responses to Mattel's Supplemental
     Interrogatories (Nos. 59-63), Watson Dec., Exh. 14.
22   [62]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
23   Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.
     [63]   Defendants also assert that Mattel's interrogatories are unduly burdensome
24   because they have several discrete subparts (Nos. 51-53) or require responses
25   regarding too many former Mattel employees and other individuals (Nos. 67-69).
     Fully responding to Mattel's interrogatories will undoubtedly require some effort,
26   but there is nothing "undue" about that burden.  Mattel's interrogatories address both
27   parties' contentions and defenses on central issues, and Mattel is entitled to full
     discovery of such information.

28