**EXHIBIT E**

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

February 7, 2009

☰ MERITAS LAW FIRMS WORLDWIDE

**VIA U.S. MAIL AND FACSIMILE (213) 443-3100**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   *Bryant v. Mattel, Inc. and Consolidated Actions*
      U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Jon:

This memorializes our agreements from earlier this afternoon during our meet and confer discussions on various Phase 2 discovery issues in the above-captioned matters.

First, you agreed to withdraw Mattel's January 26, 2009 Renewed Motion to Compel Documents and Things, filed with Discovery Master O'Brien based on MGA's agreement to execute a stipulation and order thereon to produce in 30 days all non-privileged documents responsive to (1) RFP No. 48 (Set One), concerning communications re Phase 2 claims and defenses between MGA and the 12 individuals identified in the Renewed Motion; (2) RFP Nos. 43-55 (Set Three), concerning Scooter Samantha; (3) RFP Nos. 56-75 (Set Three) concerning Space Babies / Scot Reyes.

Second, we agreed to re-visit on Monday February 9, 2009 our impasse regarding RFP Nos. 87 - 88 (Set Three), which seek the personnel and vendor files of approximately 100 individuals at MGA who formerly worked for or dealt with Mattel. Those requests violate the employees' privacy rights and are overbroad. MGA offered to produce documents from those files if Mattel would agree to limit the scope of the requests to documents related to products that Mattel contends were stolen by MGA, as the Discovery Master had previously limited such requests in the past (see e.g. April 14, 2008 Order, p. 7:3-6). You refused to so limit the requests and stated that privacy rights objections had been overruled in prior Orders issued by the Discovery Master and you agreed to provide me with those Orders in advance of our Monday meet and confer.

666240

Jon D. Corey, Esq.
February 6, 2009
Page 2

Third, with respect to MGA's supplemental responses to Interrogatory Nos. 41, 43 and 44, we agreed that MGA would provide responses to Interrogatory No. 41 in 30 days. With respect to Interrogatory Nos. 43 and 44, we proposed that MGA should have until 30 days after the ruling on Mattel's anticipated Motion for Summary Judgment/Adjudication on MGA's trade dress claims, to respond. (Please see Jean Nogues 2/6/09 letter to you in this regard). You stated that you would check with your client and get back to us. In addition, we stated that there was nothing in the February 15, 2008 Order that compelled any responses by MGA de Mexico. You stated that you disagreed and would get back to us with support for your position.

Fourth, with respect to MGA's supplemental response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, MGA's responses to Mattel's Supplemental Interrogatories; and Isaac Larian's responses to Mattel's Supplemental Interrogatories, we agreed that I would provide Scott Watson of your office with our position on each of these interrogatories on Monday February 9, 2009. Except, however, with respect to Interrogatory Nos. 51-55 and 64, we proposed that MGA should have until 30 days after the ruling on Mattel's anticipated Motion for Summary Judgment/Adjudication to respond (Please refer to Jean Nogues 2/6/09 letter to you in this regard). You stated that you would check with your client and get back to us on this proposal on Monday February 9, 2009.

Fifth, with respect to Mattel's request to depose Isaac Larian for a third time, and more specifically, to seek leave to depose Mr. Larian for an additional ten hours, we stated that we believed such request was overly burdensome and is, in effect, a motion for reconsideration of former Discovery Master Infante's March 10, 2008 Order which allotted Mattel five (5) hours to depose Mr. Larian on Phase 2 issues. You stated your disagreement with our position, and we both agreed that we were not likely to reach a compromise on this issue.

Sixth, with respect to Mattel's request to depose Ronald Brawer for a second time, we agreed that we would re-visit this issue on Monday and that we would try to ascertain whether Mr. Brawer was still located in London.

Seventh, with respect to Mattel's request for all communications from 1999 to the present between Mr. Larian and Mattel employees, we agreed that I will provide you with MGA's position on this issue on Monday.

Eighth, with respect to your request that MGA and MGA de Mexico identify the persons to be produced responsive to Mattel's Fourth FRCP 30(b)(6) deposition notice to MGA and Mattel's January 9, 2008 FRCP 30(b)(6) deposition notice to MGA de Mexico, you agreed to identify for me the deposition topics and provide me with the deposition notices.

Ninth, with respect your demand that Isaac Larian supplement his production of personal financial records responsive to RFP Nos. 207, 208 and 269 and that MGA supplement its production of financial documents responsive to RFP Nos. 4-37 and 40-45 in Mattel's Second Set of Requests for Production to MGA, you agreed that you would provide me with the actual requests at issue as well as the orders compelling production.

Jon D. Corey, Esq.
February 6, 2009
Page 3

Tenth, you requested that MGA provide you with the last known address for former MGA employee Shirin Salemnia. You argued MGA has an obligation to provide Ms. Salemnia's last known address stemming from the parties most recent FRCP 26 disclosures. I disagreed and we agreed to revisit this issue on Monday.

Eleventh, we agreed that MGA would serve amended objections to Mattel's deposition notices for Pablo Vargas, Mariana Trueba and Shirin Salemnia, and that such amended objections would maintain all objections related to the invalidity of Mattel's deposition notices but withdraw MGA's objection that the depositions of Vargas, Trueba and Salmenia were barred because they were required to be completed prior to January 31, 2008.

Twelfth, we also agreed to discuss on Monday February 9, 2009, amendments to the parties' stipulation appointing a discovery master. Mattel seeks to do away with the requirement that the parties meet and confer in-person prior to filing discovery motions. MGA requests that the 5 court day deadline to file oppositions to any discovery motions be extended to 8 court days. We will raise these issues with our respective clients.

Please advise me in writing immediately if your understanding of our discussion differs from mine. Thank you very much.

Very truly yours,

Amman Khan
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

AMM/rs

cc:    Joel N. Klevens, Esq.
       Jason Russell, Esq.
       Patricia Benson, Esq.

Confirmation Report — Memory Send

Page        : 001
Date & Time: 02-08-09   12:15am
Line 1      : 310-556-2920
Machine ID : GLASER WEIL

| | | |
|---|---|---|
| Job number | : | 583 |
| Date | : | 02-08  12:13am |
| To | : | ☎12134433100 |
| Number of pages | : | 004 |
| Start time | : | 02-08  12:14am |
| End time | : | 02-08  12:15am |
| Pages sent | : | 004 |
| Status | : | OK |

Job number   : 583          *** SEND SUCCESSFUL ***

---

LAW OFFICES
**GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP**
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
an MERITAS LAW FIRMS WORLDWIDE

**FAX TRANSMISSION**

TELEPHONE NO.: (310) 553-3000
FACSIMILE NO.:  (310) 556-2920

Number of Pages:        3
(including this page)

Client Reference No.:

FROM:   **Amman A. Khan**

DATE:   **February 8, 2009**

TO:

**Jon D. Corey, Esq.**
**Quinn Emanuel, LLP**

FAX NO.:            CONFIRMATION NO.:

213-443-3100      213-443-3000

**Sender's Comments:**
Please see attached.

If you have received this Transmission in error, please call: (310) 553-3000 and mail it to the above address. Thank you.

NOTE: THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL. THANK YOU.

# Confirmation Report — Memory Send

Page      : 001
Date & Time: 02-09-09   09:33am
Line 1    : 310-556-2920
Machine ID : GLASER WEIL

| | | |
|---|---|---|
| Job number | : | 585 |
| Date | : | 02-09  09:30am |
| To | : | ☎18182214358 |
| Number of pages | : | 004 |
| Start time | : | 02-09  09:32am |
| End time | : | 02-09  09:33am |
| Pages sent | : | 004 |
| Status | : | OK |

Job number    : 585              *** SEND SUCCESSFUL ***

---

**LAW OFFICES**
**CHRISTENSEN, GLASER, FINK, JACOBS,**
**WEIL & SHAPIRO, LLP**
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
⫷ MERITAS LAW FIRMS WORLDWIDE

**FAX TRANSMISSION**

TELEPHONE NO.:  (310) 553-3000
FACSIMILE NO.:   (310) 556-2920

FROM:    Alisa Morgenthaler Lever

DATE:    February 9, 2009

Number of Pages:
(including this page)

Client Reference No.:    03460-009

TO:

Craig Holden, Esq.
Jeanine Pisoni, Esq.

FAX NO.:

818-221-4358

CONFIRMATION NO.:

818-221-4403

**Sender's Comments:**

**If you have received this Transmission in error, please call:  (310) 553-3000 and mail it to the above address.  Thank you.**

NOTE: THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.  THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED.  IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL.  THANK YOU.

| LAW OFFICES<br>**GLASER, WEIL, JACOBS**<br>**& SHAPIRO, LLP**<br>10250 CONSTELLATION BOULEVARD<br>NINETEENTH FLOOR<br>LOS ANGELES, CALIFORNIA 90067<br>*TW* MERITAS LAW FIRMS WORLDWIDE | **FAX TRANSMISSION**<br><br>TELEPHONE NO.: (310) 553-3000<br>FACSIMILE NO.:   (310) 556-2920 |
|---|---|
| **FROM:**   Amman Khan | Number of Pages:<br>(Including this page) |
| **DATE:**    February 9, 2009 | Client Reference No.: |

| TO: | FAX NO.: | CONFIRMATION NO.: |
|---|---|---|
| Patricia Benson | 310-312-3100 | 310-312-2000 |
| Jason Russell | 213-687-5600 | 213-687-5000 |

**Sender's Comments:**

---

**If you have received this Transmission in error, please call:  (310) 553-3000 and mail it to the above address.  Thank you.**

NOTE: THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.   THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL.  IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE BY MAIL.  THANK YOU.

# Group Send Report

Page        : 001
Date & Time: 02-09-09   09:32am
Line 1      : 310-556-2920
Machine ID : GLASER WEIL

Job number            :  584

Date                  :  02-09   09:29am

Number of pages       :  004

Start time            :  02-09   09:29am

End time              :  02-09   09:32am

Successful nbrs.

   Fax numbers

         ☎13103123100
         ☎12136875600

Unsuccessful nbrs.                                                    Pages sent

**EXHIBIT F**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13              Plaintiff,

14                                         Consolidated with
         v.                                Case No. CV 04-09059
15                                         Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                         **ORDER GRANTING IN PART AND**
                Defendant.                 **DENYING IN PART MATTEL'S**
17                                         **MOTION TO COMPEL PRODUCTION**
                                           **OF DOCUMENTS AND THINGS BY**
18                                         **MGA ENTERTAINMENT, INC.;**
                                           **DENYING REQUEST FOR**
19                                         **SANCTIONS**

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
22

23

24                        I. INTRODUCTION

25       On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of

26  Documents and Things by MGA Entertainment, Inc. ("MGA") and for Award of Monetary

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                        1

1  Sanctions.  Specifically, Mattel seeks an order compelling MGA to produce documents and things

2  responsive to Request Nos. 1-88 of Mattel's Third Set of Requests for Documents and Things, as

3  well as a complete privilege log identifying any documents responsive to these Requests that have

4  been withheld on privilege grounds.  On February 7, 2008, MGA submitted an opposition, and on

5  February 14, 2008, Mattel submitted a reply.  On April 9, 2008, Mattel submitted the

6  Supplemental Declaration of Jon D. Corey, and the next day MGA submitted the Supplemental

7  Declaration of Bernard Shek.  The motion was heard on April 11, 2008.

8  ## II. DISCUSSION

9     Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10 discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11 party." Fed.R.Civ.P, 26(b)(1).  The court shall, however, limit the frequency or extent of use of

12 the discovery methods if the court determines that (i) the discovery sought is unreasonably

13 cumulative or duplicative, or is obtainable from some other source that is more convenient, less

14 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

15 discovery in the action to obtain the information sought; or (iii) the burden or expense of the

16 proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

17 amount in controversy, the parties' resources, the importance of the issues at stake in the

18 litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

19 26(b)(2)(C).

20 A.  Documents and Things Related to Other Bratz-Related Lawsuits and Claims by MGA That

21 Other Dolls or Products Infringe Bratz (Request Nos. 1-30)

22     In Request Nos. 1-30, Mattel asks for documents and things relating to MGA's assertion of

23 rights relating to Bratz and to twenty-five different litigations that Mattel defines as the "BRATZ

24 LAWSUITS." These requests are grossly overbroad and unduly burdensome.  The mere fact that

25 Bratz was the subject of separate and unrelated litigation between MGA (and its affiliates) and

26 various third parties does not render every pleading, discovery response, order, exhibit, transcript

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

1    or other document or thing relating to these twenty-five different litigations relevant to this

2    litigation. Mattel has made no attempt to narrow these requests to the claims and defenses in this

3    case. For example, Request No. 6 seeks "[a]ll DOCUMENTS that REFER OR RELATE TO any

4    claim or contention by YOU (other than in this ACTION) that any doll, product or other matter,

5    whether in whole or in part, that has been sold, offered for sale, manufactured, distributed,

6    promoted or advertised by any PERSON INFRINGES BRATZ." Kidman Decl., Ex. 1. The

7    phrase "REFER OR RELATE" is defined expansively to mean "constituting, embodying,

8    containing, referring to, commenting on, evidencing, regarding, discussing, describing,

9    mentioning, reflecting, expressing, pertaining to, concerning, supporting, contradicting, negating,

10   revoking or otherwise relating to in any manner." Id. As another example, Request No. 20 seeks

11   "[a]ll DOCUMENTS produced or made available for inspection by YOU in the BRATZ

12   LAWSUITS." Kidman Decl., Ex. 1. Mattel has not demonstrated how all of these requested

13   documents could be relevant to the claims and defenses in this case.

14        Further, to the extent Request Nos. 1-30 encompass relevant documents and things, the

15   requests are unreasonably cumulative of other discovery Mattel has sought and received from

16   MGA. According to MGA's calculations, MGA has produced more than 20,000 pages of

17   documents relating to more than a dozen other lawsuits, including numerous sworn statements

18   and testimony. Moreover, the burden and expense of responding to Request Nos. 1-30, which

19   cover seven years worth of litigation from twenty-five separate lawsuits, far outweigh the likely

20   benefit of the discovery, particularly in light of the production of documents MGA has already

21   made. Accordingly, Mattel's motion is denied as to Request Nos. 1-30.

22   B. Documents Relating to Any Use or Considered Use of the Term "Jade" (Request No. 31)

23        In Request No. 31, Mattel seeks documents related to the use or considered use of the term

24   "Jade" in connection with any MGA doll or product. In its supplemental response, MGA agrees

25   to produce non-privileged documents in its possession, custody or control, if any, that it is able to

26   locate following a reasonably diligent search, that were created prior to January 1, 2001 and refer

27

28

1   or relate to the use, or considered, proposed or potential use, of the term "Jade" in connection with

2   any MGA doll, product or other matter. The parties' most recent submissions indicate that Mattel

3   is prepared to limit the time frame for its request through September 30, 2001, whereas MGA

4   proposes through June 30, 2001.

5        Mattel's motion to compel production of documents responsive to Request No. 31 is

6   granted with respect to the period through June 30, 2001. Bratz was released to the market

7   sometime in June 2001, and thus MGA's proposed time frame is reasonably tailored to include

8   documents relevant to the creation and development of Bratz. To the extent Mattel seeks

9   documents beyond what MGA agrees to produce, Mattel's motion is denied. The burden and

10  expense of requiring MGA to conduct another search for responsive documents at this stage in the

11  litigation far outweigh the likely benefit of the discovery, taking into consideration all of the

12  factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

13  C. Documents and Things Related to Sandra Bilotto, the "Prayer Angels" (Request Nos. 32-41)

14       In Request Nos. 32-41, Mattel seeks documents and things related to Sandra Bilotto, a

15  former Mattel vendor and the sculptor of MGA's "Prayer Angels" dolls. In its supplemental

16  responses, MGA agrees to produce documents requested in Nos. 35, 37, 39 and 41, limited to the

17  period prior to January 1, 2001. MGA objects to producing any additional documents responsive

18  to this category of requests.

19       The parties' most recent submissions indicate that Mattel agrees to defer its motion to

20  compel as to Request Nos. 32, 33, 36 and 38 in light of the stay on Phase 2 discovery, and to

21  withdraw its motion as to Request Nos. 34, 35, 37 and 39 based upon MGA's representations

22  regarding the completeness of its document production.[1] Further, Mattel agrees to limit Request

23

24

25      [1] Although Mattel agrees to withdraw its motion as to Request Nos. 34, 35, 37 and 39, Mattel requests that

26  MGA update its supplemental responses to these requests to reflect what documents MGA has produced. Mattel's request is granted. MGA shall serve supplemental responses to these requests no later than April 30, 2008.

27

28

Case 2:04-cv-09049-DOC-RNB  Document 4821-2  Filed 02/12/09  Page 14 of 51  Page ID
#:152826
Case 2:04-cv-09049-S⌐__-RNB    Document 3113      Filed 0⁴, .⌐/2008    Page 5 of 10

1  Nos. 40 and 41 to documents through September 30, 2001. In contrast, MGA proposes limiting

2  Request Nos. 40 and 41 to documents through June 30, 2001.

3       Mattel's motion to compel production of documents responsive to Request Nos. 40 and 41

4  is granted consistent with MGA's proposal. To the extent Mattel seeks documents beyond what

5  MGA agrees to produce, Mattel's motion is denied on the grounds that the discovery is overly

6  broad and unduly burdensome, taking into consideration all of the factors set forth in Rule

7  26(b)(2)(C), Fed.R.Civ.P.

8  <u>D. MGA's Communications With and Payments to Paula Garcia (Request Nos. 42, 76, 77)</u>

9       In Request Nos. 42, 76 and 77, Mattel seeks communications between Isaac Larian and

10  Paula Garcia, and documents regarding MGA's payments to Ms. Garcia. Ms. Garcia was MGA's

11  Bratz project manager. Prior to her employment with MGA, Ms. Garcia was employed by Mattel.

12       The parties' most recent submissions indicate that Mattel agrees to narrow Request No. 42

13  to communications through September 30, 2001. In contrast, MGA proposes limiting Request

14  No. 42 to communications between Mr. Larian and Ms. Garcia that refer or relate to Carter Bryant

15  or Bratz through June 30, 2001.

16       Mattel's motion to compel production of documents responsive to Request No. 42 is

17  granted consistent with MGA's proposal. To the extent Mattel seeks additional communications

18  beyond what MGA agrees to produce, Mattel's motion is denied because the discovery sought is

19  overbroad, unduly burdensome, and cumulative of other Phase 1 discovery Mattel has previously

20  sought and received. <u>See</u> Temkin Decl., ¶3.

21       With respect to Request Nos. 76-77, Mattel's recent submission indicates that Mattel is

22  willing to withdraw its motion if MGA represents that it has produced and can identify documents

23  that show the total amount of payments made to Ms. Garcia. MGA provides the requested

24  representation and identification of documents in its April 10, 2008 submission. During the April

25  11, 2008 hearing, however, it was apparent that these requests remained at issue.

26

27

28

1    Mattel's motion is denied as to Request Nos. 76-77 because MGA has already produced

2    documents sufficient to show what payments MGA has made to Ms. Garcia. See Supp. Shek

3    Decl., Ex. at p.6. Furthermore, although the requests encompass relevant documents, the requests

4    are overbroad and unduly burdensome, taking into consideration all of the factors set forth in Rule

5    26(b)(2)(C), Fed.R.Civ.P.

6    E. Documents Relating to the Development of Scooter Samantha (Request Nos. 43-55)

7    In Request Nos. 43-55, Mattel seeks documents and things related to the conception,

8    design and development of MGA's Scooter Samantha products. Mattel's motion is denied as to

9    these requests because they relate primarily to Phase 2 of this case, and discovery relating to

10   Phase 2 has been stayed. Mattel's reasons for seeking such discovery in Phase 1 are twofold: to

11   develop evidence to challenge MGA's product development timeline for Bratz and to impeach

12   Ms. Garcia's credibility. Mattel's stated reasons do not justify the substantial breadth and burden

13   of the requested discovery, taking into consideration all of the factors set forth in Rule

14   26(b)(2)(C), Fed.R.Civ.P.

15   F. Documents Relating to the Development of Scot Reyes and the Development of Space Babes

16   (Request Nos. 56-75)

17   In Request Nos. 56-75, Mattel seeks documents and things related to the conception,

18   design and development of Space Babes and to Scot Reyes, a former Mattel employee. Mattel's

19   most recent submission indicates that Mattel agrees to defer its motion to compel as to Request

20   Nos. 56-75 in light of the stay on Phase 2 discovery.

21   G. Personnel and Vendor Files (Request Nos. 78-88)

22   In Request Nos. 78-88, Mattel seeks all personnel and vendor files for more than 120

23   individuals. In its supplemental responses, MGA agrees to produce non-privileged documents

24   from the personnel and vendor files of the individuals identified in Request Nos. 78-86 to the

25   extent such documents relate to work that the individuals performed relating to Bratz prior to

26

27

28

1  January 1, 2001. MGA objects to producing any documents responsive to Request Nos. 87 and

2  88.

3      The parties' most recent submissions indicate that MGA proposes to produce documents

4  from the personnel and vendor files of the individuals identified in Request Nos. 78-86 that relate

5  to any work they performed on Bratz, Angel and Prayer Angel through June 30, 2001. Mattel

6  contends that it is entitled to all documents it has requested.

7      Mattel's motion is granted as to Request Nos. 78-86 consistent with MGA's proposal. To

8  the extent Mattel seeks any additional documents responsive to Request Nos. 78-86, Mattel's

9  motion is denied pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

10     Mattel's motion is also denied as to Request Nos. 87 and 88 (files for former Mattel

11  employees), because they relate primarily to Phase 2 issues. To the extent Request Nos. 87 and

12  88 include documents potentially relevant to Phase 1 issues, these requests are overbroad and

13  unduly burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

14  Fed.R.Civ.P.

15                          III. CONCLUSION

16     For the reasons set forth above, Mattel's motion to compel is granted as to Request Nos.

17  31, 40-42 and 78-86, only to the extent MGA agrees to produce responsive documents as

18  reflected in MGA's Supplemental Declaration of Bernard Shek dated April 10, 2008. MGA shall

19  produce documents and things in accordance with this order, as well as privilege log identifying

20  responsive documents withheld on the basis of privilege, no later than April 30, 2008. Further,

21  MGA shall serve supplemental responses to Request Nos. 34, 35, 37 and 39 no later than April

22  30, 2008.

23  Mattel's motion to compel is denied in all other respects. Mattel's request for sanctions is denied.

24     In view of the stay on Phase 2 discovery, this Order does not address the propriety of any

25  of Mattel's requests for purposes of Phase 2 discovery. Nothing in this Order is intended to

26

27

28

1  authorize or preclude Mattel from seeking further production of documents in response to Request

2  Nos. 1-88 during Phase 2 discovery.

3       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

4  Master, Mattel shall file this Order with the Clerk of Court forthwith.

5

6  Dated: April /4, 2008

7                          HON. EDWARD A. INFANTE (Ret.)
                            Discovery Master

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 14, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION; (2) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS; AND (3) ORDER DENYING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MAGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 14, 2008, at San Francisco, California.

Sandra Chan

**EXHIBIT G**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:     <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Amman:

I write in furtherance of our meeting of counsel of February 6, 2009 regarding various Phase 2 discovery issues.

<u>First,</u> regarding Mattel's Renewed Motion to Compel Production of Documents and Things by MGA Entertainment, Inc., filed January 26, 2008 and currently pending before the Discovery Master, you agreed that MGA would produce, within thirty days, all non-privileged documents responsive to Mattel's Request No. 48 from its First Set of RFPs for the twelve individuals indentified in Mattel's motion. You also agreed to produce, within thirty days, all non-privileged documents responsive to Mattel's Request Nos. 43-75 from its Third Set of RFPs regarding "Scooter Samantha," "Space Babies" and Scott Reyes, as set forth in Mattel's motion.

As to Mattel's Request Nos. 87 and 88, regarding personnel files for former Mattel employees and vendors, you stated that your objections to producing the personnel files in their entirety arose from concerns over employee privacy. As I stated at the conference, the prior Discovery Master and the Court have time and again held that the Protective Order in this case sufficiently ameliorates any such concerns. As an example, I direct your attention to the attached Discovery Master's May 15, 2007 wherein he overruled similar privacy objections and ordered the production of personnel files. <u>See</u> May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at 3, 9 (overruling MGA's privacy objections on behalf of

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

third parties and ordering production of responsive documents); see also id. at 11 n.4 ("The personnel file may have documents relevant to Bratz, and therefore should be produced. The protective order is sufficient to alleviate . . . privacy concern[s].").  Similarly, in another Order the Discovery Master overruled Bryant's objections based on the privacy of third parties because "the protective order is sufficient to address . . . confidentiality concerns."  January 26, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at 15.

I trust this adequately alleviates your concerns and that MGA will also produce these files. Separately, I explained that Mattel is not only interested in what may be in the personnel files, but what may not be in there, such as instances of no disciplinary action taken.  Mattel will agree, however, to exclude from its request any health care specific information.  Once MGA agrees to a stipulation so ordering the production of these documents, then Mattel will take its motion off-calendar.

Second, with regard to MGA's outstanding responses to a number of Mattel's Interrogatories, you agreed that MGA would respond to Interrogatory No. 41 within thirty days.

Regarding Mattel's Interrogatory Nos. 43, 44, 51-55 and 64, your colleauge, Mr. Nouges proposed that, in light of Mattel's intention to seek summary adjudication of MGA's claims of trade dress infringement, MGA be permitted to delay its response to these interrogatories until thirty days after any ruling on Mattel's contemplated motion.  I informed you that I would discuss your proposal with our client, but that I did not expect them to agree.

Additionally, you questioned whether MGAE de Mexico was bound by the Order compelling responses to Interrogatory Nos. 41-43.  Both the original February 15, 2008 Order and the subsequent April 22, 2008 Clarification were directed to the "MGA Parties," including MGAE de Mexico.  Moreover, as I stated at the conference, the interrogatories to MGAE de Mexico are identical to those that Mattel propounded upon MGA, and assuming MGAE de Mexico takes the same positions that were advanced by MGA and rejected by the Discovery Master, there is no reason MGAE should not be similarly bound by the logic of the Order.  As you indicated that you did not have the requests at issue, I have attached Mattel's interrogatories to MGAE de Mexico.

Third, regarding Mattel's request to schedule the continued deposition of Isaac Larian on Phase 2 matters, you indicated that as MGA's CEO, any such deposition would be impermissibly burdensome.  You asked me why additional time was justified.  I told you that, at most, Mattel had five hours to depose Mr. Larian regarding Phase 2 issues, that he was a named defendant, that there are tens of thousands, if no hundreds of thousands, of pages of documents that he authored or related to him and the five hours (much of which was devoted to further Phase 1 issues given that MGA and Larian produced the vast majority of their documents amounting to millions of pages after Mr. Larian was first deposed).  As such, further deposition is warranted. Because we were unable to reach an agreement on this issue, Mattel will seek an order form the Discovery Master compelling Mr. Larian's further deposition testimony.

Fourth, regarding Mattel's request to schedule the continued deposition of Ron Brawer on Phase 2 matters, you took the position that his deposition was unwarranted because he had already been

2

deposed and because you did not see Mr. Brawer's continued relevance. Mr. Brawer is a key witness and/or actor at the core of Mattel's Phase 2 allegations. His deposition was never completed, and now that Phase 2 has begun, it should be scheduled immediately. You agreed that you would consider this issue and to provide a response on Monday.

Fifth, regarding Mattel's intention to file a motion for reconsideration of the order compelling Isaac Larian's communications with Mattel employees, but limiting the response to communications that occurred prior to 2005, you indicated that you needed more time to consider the issue because you claimed that your firm did not have the documents, and you needed to determine whether compliance with Mattel's request would be unduly burdensome. I informed you that it was not my understanding that the Discovery Master's time limitation was based on burden considerations. As we discussed, the Discovery Master's prior order limited the scope of Mattel's request based on misapprehension of Mattel's counterclaims. The temporal limitation was not an issue discussed at the hearing or briefed, but a decision made, *sua sponte*, by the Discovery Master. Plainly Mr. Larian's communications with Mattel's employees are highly relevant—indeed, more so, if there may be, as you initially suggested, that Mr. Larian has had so many communications with Mattel employees that responding to such a request would impose an undue burden upon Mr. Larian or upon MGA. We agreed that you would provide me with a firm position on Monday.

Sixth, regarding Mattel's 30(b)(6) deposition of MGAE de Mexico and MGA, you agreed that at the conference on Monday you would be in a position to state which employees would be designated for which topics and their dates of availability. To assist you, I've am attaching Mattel's January 9, 2008 Deposition Notices of MGAE de Mexico and MGA.

Seventh, regarding MGA's supplemental document production regarding financial information, as required by Rule 26(e)(1) and the Discovery Master's Orders of December 28 and 31, 2007, you indicated that you were not in a position to respond to Mattel's request at this time because you did not have the document requests or orders at issue. To assist you, I am attaching Mattel's Requests Nos. 207, 208, 209 and the relevant Discovery Master orders. Please be prepared to respond substantively to Mattel's request on Monday.

Eighth, regarding Mattel's deposition notices of Mr. Vargas, Ms. Trueba and Ms. Salemnia, you agreed that MGA was no longer were objecting on the grounds that Judge Larson's January 7, 2008 order required all Phase 2 depositions to be completed by the end of January 2008. I requested, and you agreed, to provide by Monday, February 9, 2009, amended objections to those deposition notices with that objection omitted.

Ninth, regarding Ms. Salemnia's last known address, you indicated that you would be able to respond at our Monday conference.

Tenth, regarding the current procedures for discovery disputes, I had requested that MGA agree to amend the discovery master stipulation to reflect the parties' long-standing practice of conducting meetings of counsel telephonically. Further, we will take under consideration your request that we amend the procedures to allow a party extended time to file any opposition and reply.

3

Finally, I must note that you were not adequately prepared to substantively discuss a number of issues which we had planned to address at last Friday's meeting of counsel. For a number of these disputes you did not even have the relevant pleadings or underlying orders. As a courtesy, I am providing you with those documents that you lack, but I am sure that your co-counsel has. We do not expect that your association in of this case will cause further delay in its prosecution or defense of this case. If the association of your firm was going to cause delay in any respect, then the time to raise that was with the Court upon the request for association. Your failure to do so does not justify any delay or excuses for not being fully prepared, particularly given that your firm is but one of MGA's counsel in this case.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

Jon Corey

Enclosures

cc:    Jean P. Nogues, Esq. (via electronic mail w/ enclosures)

4

**EXHIBIT H**

1 | Hon. Edward A. Infante (Ret.)
JAMS
2 | Two Embarcadero Center
Suite 1500
3 | San Francisco, California 94111
Telephone:   (415) 774-2611
4 | Facsimile:   (415) 982-5287

5

6

7

8 | UNITED STATES DISTRICT COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | EASTERN DIVISION

11

12 | CARTER BRYANT, an individual,

CASE NO. CV 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530

13 |          Plaintiff,

14 |     v.

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

15 | MATTEL, INC., a Delaware corporation,

16 |          Defendant.

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL PRODUCTION
OF DOCUMENTS BY ISAAC LARIAN;
DENYING REQUEST FOR
SANCTIONS**

17

18

19

20 | CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
21 | MGA ENTERTAINMENT, INC. v. MATTEL,
INC.

22

23 | ### I. INTRODUCTION

24 | On October 11, 2007, Mattel, Inc. ("Mattel") submitted a "Motion to Compel Production

25 | of Documents by Isaac Larian and for Award of Monetary Sanctions." Specifically, Mattel seeks

26 | an order compelling Isaac Larian ("Larian") to produce documents responsive to Mattel's First

27 | Set of Requests for Documents and Things, including, without limitation, Request Nos. 1, 2, 13,

28

1

1   15, 32, 33, 35, 41, 61-76, 79-101, 113-115, 123-125, 139-146, 178, 180, 181, 190-192, 194-199,

2   207-209, 213, 221-225, 227-228, 269, 272 and 273 and a privilege log identifying all documents

3   withheld based on any claimed privilege.  Mattel also seeks an award of sanctions against Larian

4   in the amount of $4,500, which represents a portion of the costs incurred by Mattel in bringing

5   this motion.  Larian submitted an opposition on December 5, 2007.[1]  Mattel submitted a reply on

6   December 10, 2007.  The matter was heard on December 14, 2007.  Having considered the

7   motion papers and comments of counsel at the hearing, Mattel's motion to compel is granted in

8   part and denied in part, and the request for sanctions is denied.

## II. BACKGROUND

9         On June 13, 2007, Mattel propounded its First Set of Requests for Production of

10  Documents and Things to Larian, the CEO and majority owner of MGA.  On August 6, 2007,

11  Larian filed his initial responses and objections.  The parties met and conferred, and on September

12  25, 2007, Larian served supplemental responses and objections.

13        Mattel filed the instant motion on October 11, 2007 seeking further responses to 87 of the

14  276 Requests.  The parties met and conferred further, and Larian ultimately agreed to provide

15  further responses to 55 of the disputed 87 Requests.  Specifically, Larian agreed to supplement his

16  responses and to produce documents responsive to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-

17  76, 82-101, 139-146, 213, 221 and 223, "to include documents, if any, in his personal files that

18  have not previously been produced."  MGA's Opposition at pp. 1-2.

19        The remaining 32 Requests at issue can be grouped into ten categories:  (1) personal

20  financial data; (2) communications with Mattel employees; (3) statements to the media; (4)

21  telephone records; (5) storage devices; (6) Carter Bryant's ("Bryant") storage devices; (7) market

22  research concerning products not at issue; (8) Bryant's attorney and niece; (9) the Larian brother's

23  arbitration; and (10) MGA Hong Kong and MGA Mexico.

24  //

25

26        [1] Mattel filed an Objection to Larian's Opposition and Response to Mattel's Separate Statement, asserting that the submissions should
    not be considered because they are untimely and because the Response to Mattel's Separate Statement fails to set forth a complete and verbatim

27  statement of Mattel's position.  The Objection is overruled because Mattel has not been prejudiced and because of the court's preference to resolve
    Mattel's motion on the merits.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                                    2

## II. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004) ("District courts need not condone the use of discovery to engage in 'fishing expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006) (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000) (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for the phrase "subject matter involved in the pending action," were intended to prevent discovery that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly litigate the issues presented by the pleadings but to develop new claims or defenses.).

Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

### The 55 Requests Resolved During Meet and Confer Session

During the meet and confer session held after the instant motion was filed, Larian agreed to produce documents responsive to 55 requests. In his Opposition brief, Larian states that the 55 requests are no longer in dispute.

Nevertheless, a court order compelling production is warranted for two reasons. First, Larian has not yet produced documents responsive to the 55 requests or provided a date by which

1   he will do so.  Second, Larian's agreement to produce responsive documents is apparently limited

2   to documents from his so-called "personal files."  See Opposition at 2:2-3.

3         Mattel's counsel "never agreed that Larian could limit his response to the above requests

4   to documents in his 'personal files' and Larian's counsel did not state that Larian would limit his

5   response to documents in Larian's 'personal files.'"  Supp. Decl. of Scott B. Kidman.

6   Furthermore, the limitation to "personal files" suggested by Larian is contrary to Rule 34,

7   Fed.R.Civ.P, which imposes a duty to produce responsive documents within the responding

8   parties' "possession, custody or control."  The limitation is also unworkable because, as Mattel

9   points out, it "would create a situation by which responsive and highly relevant documents might

10  never be produced because MGA, on the one hand, deems [a] document to belong to Larian, and

11  Larian, on the other hand, deems [a] document not to be part of his 'personal files.'"  Reply at p.6.

12  Market Research for Products Not at Issue:  Request Nos. 79-81

13        In Request No. 79, Mattel seeks all documents relating to any focus groups relating to

14  Bratz and/or Angel, including without limitation all videotapes, summaries, notes and reports.  In

15  his supplemental response, Larian agrees to produce the following documents, subject to his

16  general objections:

17        Larian will produce all documents within his possession, custody, or control that
         relate to focus groups for "MGA contested products" and "Mattel contested
18       products," as those terms are defined in Mattel's First Requests for Production
         regarding Claims of Unfair Competition, if any, and that have not already been
19       produced, that he discovers in the course of his reasonable search and diligent
         inquiry, and to which no privilege or other protection applies, including without
20       limitation, the attorney-client privilege or attorney's work product doctrine.

21

22  Mattel's Consolidated Separate Statement at pp. 20-21.

23        In Request No. 80, Mattel seeks all documents relating to any services or work performed

24  by L.A. Focus between January 1, 1999 and December 31, 2001, including without limitation, all

25  videotapes, summaries, notes and reports associated therewith.  In his supplemental response,

26  Larian agrees to produce documents relating or referring to Bratz or Angel that are responsive to

27  the request and to which no privilege or other protection applies.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                                    4

1        In Request No. 81, Mattel seeks all documents relating to Alaska Momma. In his

2  supplemental response, Larian agrees to produce all documents relating or referring to Bratz,

3  Angel or Bryant that are responsive to the request and to which no privilege or other protection

4  applies.

5        Mattel contends that the requests are as narrowly tailored as possible to capture relevant

6  information. More specifically, Mattel contends that Request No. 79 seeks documents that bear

7  directly on the timing of the development of Bratz, as well as MGA's unfair competition claims

8  and Mattel's defense thereto. Mattel contends that the requested documents may demonstrate that

9  MGA is guilty of copying Mattel's Barbie and My Scene products.

10       Larian contends that Request Nos. 79-81 are overbroad and unduly burdensome. As an

11  example, Larian points to Request No. 80, which requests all documents relating to any services

12  or work performed by L.A. Focus, regardless of whether that work has any relation to the claims

13  and defenses in the action or any of the products at issue. Larian similarly contends that Request

14  Nos. 79 and 81 are unbounded by subject matter or time, and are untethered to any claim or

    defense in this case.

15       Mattel's motion to compel Larian to produce all documents responsive to Request No. 79

16  is granted. The request is reasonably limited in subject matter to Bratz and Angel. The requested

17  documents are relevant to several issues in the case, including the origin, conception and creation

18  of Bratz. The requested documents are also relevant to the unfair competition claims. Larian's

19  supplemental response to Request No. 79 is unduly restrictive. Among other things, the

20  definitions of "contested MGA products" encompass only those products that provide a basis for

21  any claim by MGA against Mattel, and not claims by Mattel against MGA.

22       Mattel's motion to compel Larian to produce all documents responsive to Request Nos.

23  80-81 is denied. These requests, as drafted, are clearly overbroad because they have no

24  reasonable limitations on subject matter or time. In particular, the requests are directed to L.A.

25  Focus and Alaska Momma without regard to whether the services or work the companies

26  provided has any relation to any product at issue.

27       Larian's supplemental responses to Request Nos. 80 and 81 are reasonably limited to

28

1   documents related to the products at issue: Bratz and Angel. In Mattel's view, Larian's

2   supplemental response is too narrow and "may result in the exclusion of highly relevant

3   documents because the project, concept or design that is the subject of the focus group is deemed

4   not to relate to something then known as Bratz or Angel." However, Larian acknowledges that

5   these types of hypothetical documents would still fall within the narrower scope of production

6   proposed in his supplemental response.

7        Mattel also contends that it is entitled to all of the requested documents called for by

8   Request No. 80 because they are relevant to credibility and bias, particularly if the documents

9   show that work relating to Bratz or Angel deviate from standard procedures that MGA and L.A.

10  Focus used. It is, however, not apparent how deviations from standard procedures would impact

    credibility or bias.

11       As to Request No. 81, Mattel contends that the documents showing the relationship

12  between Larian or MGA and Alaska Momma are relevant, even if they do not themselves

13  specifically relate to Bratz, Angel or Bryant. Mattel contends that communications from Larian

14  or MGA asking Alaska Momma to look for fashion doll opportunities around the time Bryant

15  claims to have pitched Bratz to Alaska Momma would be highly relevant in impeaching MGA's

16  and Bryant's stories about how and when they came to be introduced. Mattel also contends that

17  documents showing other dealings between Larian or MGA and Alaska Momma are relevant to

18  the issues of bias and credibility. Mattel's supposition about the types of documents that might

19  exist does not justify the type of far-reaching request it has propounded. Request No. 81 is also

20  not limited by either subject matter or time.

21       Accordingly, Larian shall produce documents responsive to Request Nos. 80 and 81 in

22  accordance with his supplemental responses.

23

24  Bryant's Attorney and Niece:  Request Nos. 113-115

25       In Request No. 113, Mattel seeks all communications between Larian or MGA and Anne

26  Wang, a lawyer who represented Bryant in his contract negotiations with MGA. In Request No.

27  114, Mattel seeks all documents, including without limitation all communications, between

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

1   Larian or MGA and Anne Wang.  In Request No. 115, Mattel seeks documents relating to Brooke

2   Gilbert, Bryant's niece.  In his supplemental responses, Larian agrees to produce documents

3   relating to Bratz, Angel or Bryant that are responsive to the requests and to which no privilege or

4   other protection applies.  Thus, the only issue is whether Larian should be required to produce

5   responsive documents that do not relate to Bratz, Angel or Bryant.

6        Mattel contends that Request Nos. 113-114 seek documents that are relevant to the origin

7   and conception of Bratz and the timing thereof.  Mattel also contends that the documents may

8   disclose relevant information regarding Mattel's claims for breach of contract and inducing

9   breach of contract, including information regarding Bryant's or MGA's knowledge of Bryant's

10   contractual obligations with Mattel.  Mattel also contends that Larian has failed to carry his

     burden of demonstrating that the requests are overly burdensome.

11        Mattel further contends that Larian's supplemental responses to Request Nos. 113 and 114

12   are inadequate because the limitations on scope may eliminate otherwise relevant documents that

13   do not specifically refer to Bratz, Angel or Bryant.  For example, Mattel contends that

14   communications with or about Bryant's lawyer that do not specifically relate to Bratz, Angel or

15   Bryant may be relevant to the issues of credibility and bias.

16        Mattel contends that Request No. 115 seeks documents that are relevant to determine

17   whether evidence on Bryant's computer was destroyed by the "Evidence Eliminator" software

18   that had been installed and run on the hard drive.  Bryant claims to have given his computer to his

19   niece.  Mattel also contends that the requested documents are relevant to the issues of credibility

20   and bias.  Further, Mattel contends that Larian's supplemental response to Request No. 115 is

21   inadequate, because evidence of any communication between Larian and his niece, regardless of

22   subject matter, is significant.

23        Larian contends that Request Nos. 113-115 are overbroad and unduly burdensome

24   because they lack any subject matter or time constraints.  Further, Larian contends that the

25   requests constitute an improper fishing expedition and necessarily sweep in documents that are

26   not relevant to any claim or defense.

27   //

28

1    Mattel's motion to compel documents responsive to Request Nos. 113-115 is denied. The
2    requests are overbroad because they are not focused on relevant subject matter and are untethered
3    to any claim or defense. Although Mattel asserts that responsive documents unrelated to Bratz,
4    Angel or Bryant might be relevant to the issues of credibility and bias, that speculative possibility
5    is too remote to justify the breadth of Mattel's requests.
6    Larian's supplemental responses are sufficient to provide Mattel with relevant and
7    responsive documents. Larian shall produce documents responsive to Request Nos. 113-115 in
8    accordance with his supplemental responses.
9
10   The Larian Brothers' "Arbitrations and Suits": Request Nos. 123-125
11   In Request No. 123, Mattel seeks all documents relating to any and all arbitrations and
     suits between Larian and his brother, Farhad Larian. In Request No. 124, Mattel seeks all
12   documents filed, submitted or served in the suit and/or arbitration proceedings brought by Farhad·
13   Larian against Larian, including without limitation all declarations, affidavits, transcripts, video·
14   and/or audio recordings and sworn testimony given by any person in such suit or arbitration
15   proceedings. In Request No. 125, Mattel seeks all documents relating to any and all settlements,
16   resolutions, or compromises of any suit and/or arbitration proceedings between Larian and Farhad
17   Larian. In his supplemental responses, Larian agrees to produce all documents referring or
18   relating to Bratz that are responsive to the requests and to which no privilege or other protection
19   applies.
20   Mattel contends that the court has already ruled that the arbitration proceedings between
21   Larian and his brother are relevant because they involve, among other matters, the conception and
22   creation date for Bratz. Mattel contends that Larian's supplemental responses improperly limit
23   the requests to the exclusion of potentially relevant documents. For example, Mattel contends
24   that documents that relate to the business, activities and plans of MGA in early 2000 are relevant
25   to the timing of the development of Bratz, whether or not they specifically refer to Bratz. Mattel
26   also contends that the requested documents are relevant to the value of the Bratz brand and
27   the net worths of Larian and MGA, as well as Mattel's claims for damages, including, for
28

1   example, profits from the sale and licensing of Bratz and other information that would impeach

2   Larian's testimony that he has not made any profits from Bratz.  Further, Mattel contends that the

3   requested documents may lead to evidence of the assessments or valuations of the net worth or

4   value of MGA or Larian, regardless of any reference to Bratz specifically.  Mattel also contends

5   that settlement documents may contain information that bears on the merit of Farhad Larian's

6   claims and the value of Bratz.  Mattel also claims that the requested documents are relevant to

7   motive, intent, bias and credibility.

8        Larian contends the instant requests are overbroad and unduly burdensome.  Further,

9   Larian contends that the relationship of the requested documents to any of the claims or defenses

10   in the present action is questionable, and the existence of such documents is conjectural.

11   Moreover, Larian contends that many of the categories of documents of interest to Mattel are

12   already the subject of other requests.  Larian also contends that Request Nos. 123-125 impose an

13   undue burden because of the protective orders in place that strictly limit the use of any documents

14   from an arbitration and suit between Larian and his brother.  Larian represents that he is currently

15   working with Mattel and his brother in an attempt to achieve suitable modifications to the orders

16   that are agreeable to all parties.

17        Mattel's motion to compel documents responsive to Request Nos. 123-125 as drafted is

18   denied.  The requests are clearly overbroad in calling for all documents from the arbitrations and

19   suits between Larian and his brother, without any subject matter limitations.  Furthermore, these

20   requests are unduly burdensome to the extent they require production of documents that do not

21   refer or relate to Bratz.  Such documents have marginal relevance, at best, to the claims and

22   defenses in the case.

23        Larian's supplemental responses to Request Nos. 123 -125 are sufficient.  Larian's

24   agreement to produce documents that refer or relate to Bratz is a reasonable compromise that will

25   enable Mattel to obtain documents relevant to the claims and defenses in the case, including many

26   of the categories of documents of interest to Mattel.  For example, under Larian's proposed

27   limitation, documents that relate to the business, activities and plans of MGA in 2000 that also

28   refer or relate to Bratz must be produced.  Documents relating to the value of the Bratz brand are

1    also within the scope of Larian's proposed limitation and would have to be produced. Documents

2    relating to the net worth of Larian or MGA that refer or relate to Bratz would also have to be

3    produced. Further, Larian's proposed limitation does not necessarily foreclose discovery

4    regarding the appraisal of MGA prepared by Mr. Dutcher. In particular, documents relating to

5    MGA's liabilities, debt, intangible assets, inventory, loans, growth rate projection, and revenue

6    projections must be produced if such documents refer or relate to Bratz. Accordingly, Larian

7    shall produce documents responsive to Request Nos. 123-125 in accordance with his

8    supplemental responses.

9    

10   Telephone Records: Request Nos. 178-181

         In Request No. 178, Mattel seeks all documents relating to, including without limitation

11   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

12   from January 1, 1998 through January 1, 2001. Larian objects to this request.

13       In Request No. 179, Mattel seeks all documents relating to, including without limitation

14   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

15   from January 1, 1998 through January 1, 2001 relating to Bratz and/or Angel. In his supplemental

16   responses, Larian agrees to produce documents responsive to Request No. 179. In response to

17   this motion, however, Larian contends that he should be permitted to produce documents

18   responsive to Request No. 179 in redacted form as discussed more fully below.

19       In Request No. 180, Mattel seeks all documents relating to, including without limitation

20   phone records for, telephone calls by or to Larian or anyone on Larian's behalf for the time period

21   from April 1, 2004 through June 1, 2004. Larian objects to this request.

22       In Request No. 181, Mattel seeks all documents relating to, including without limitation

23   phone records for, telephone calls relating to Bryant by or to Larian or anyone on Larian's behalf

24   at any time. In his supplemental response, Larian agrees to produce all documents pertaining to

25   communications made prior to January 1, 2001 that are responsive to the request and to which no

26   privilege or other protection applies.

27   //

28

1        Mattel contends that Request No. 178 seeks documents relevant to show Larian's

2    communications with Bryant and other Mattel employees while such employees may still have

3    been employed by Mattel and before Larian claims to have known about Bratz. Similarly, Mattel

4    contends that Request No. 180 seeks documents relevant to Mattel's allegation that MGA, and

5    Larian in particular, were recruiting employees of Mattel's Mexican subsidiary and enticing them

6    to steal Mattel trade secrets.

7        Further, Mattel contends that the requested documents regarding telephone records are

8    relevant to (a) Mattel's claims regarding ownership of Bratz to the extent they show

9    communications with Carter Bryant; (b) Mattel's claims for theft of trade secrets to the extent

10   they show communications with current and former Mattel employees, including Machado,

11   Vargas, Trueba, Brawer, and Brisbois; (c) Mattel's claims regarding allegedly false statements

12   Larian made to retailers; (d) MGA's counterclaims; and (e) Mattel's defenses. With respect to

13   burden, Mattel contends that it would be more burdensome to attempt to produce the requested

14   records in redacted form, and further, that the protective order in place is sufficient to protect

     Larian's privacy concerns.

15       Larian contends that the requests regarding telephone records are overbroad, completely

16   unbounded as to subject matter, and necessarily sweep in private information that is completely

17   irrelevant to any of the claims or defenses in the case. Larian also points out that the court

18   previously considered similar requests served on Bryant and allowed production of redacted

19   copies of telephone records as long as Bryant provided a signed verification that none of his

20   redactions related to Bratz, MGA or any other project he worked on for MGA. Specifically,

21   Bryant was permitted to produce redacted phone records as long as he provided a "signed

22   verification that none of the telephone records that were redacted relate or refer in any way to

23   MGA, Bratz, or any other project that Bryant worked on, with, for or on behalf of MGA."

24   Kennedy Decl., Ex. 1 (January 25, 2007 Order Granting Mattel's Motion to Compel Production

25   of Documents by Bryant). Larian contends that he should be permitted to redact responsive

26   documents consistent with the court's prior order. During the meet and confer, Larian offered to

27   provide redacted records and a signed verification that none of the redacted information was

28

1    relevant to the case, but Mattel did not respond to the offer.

2        Mattel's motion to compel documents responsive to Request Nos. 178 (all documents

3    relating to phone records by or to Larian for January 1, 1998 – January 1, 2001) is denied.  The

4    request is overbroad because it lacks any subject matter limitation, and thus necessarily sweeps in

5    private information that is completely irrelevant to the case.  Larian should not be subjected to

6    such an intrusion into his private and business affairs when Mattel has made no attempt to tailor

7    the request to the communications, claims, and defenses identified above.

8        In contrast to Request No. 178, Request No. 179 is reasonably tailored to phone records

9    for a particular time frame (January 1, 1998 to January 1, 2001), and to particular subject matters

10   (Bratz and/or Angel).  Accordingly, Larian shall abide by his agreement to comply with Request

11   No. 179, as stated in his supplemental response.  Larian's proposal to produce responsive

12   documents in redacted form is appropriate to address his privacy concerns.  More specifically,

13   Larian may produce documents responsive to Request No. 179 in redacted form as long as Larian

14   provides a signed verification that none of the redacted material refers or relates in any way to

15   MGA, Bratz, or any other proposed or actual project worked on, with, for or on behalf of MGA,

16   or that are otherwise relevant to the case.

17       Mattel's motion to compel documents responsive to Request No. 180 (documents relating

18   to telephone calls by or to Larian from April 1, 2004 – June 1, 2004) is granted.  Request No. 180

19   is reasonably tailored to a two month period during which MGA and Larian allegedly recruited

20   employees out of Mattel's Mexican subsidiary and enticed them to steal Mattel trade secrets.  See

21   Mattel's Second Amended Answer and Counterclaims, ¶¶37-54.  Larian may produce documents

22   responsive to Request No. 180 in redacted form as specified above with respect to Request No.

23   179.

24       Request No. 181 (documents relating to telephone calls relating to Bryant by or to Larian)

25   is overbroad as written because it has no time limits.  In his supplemental response, Larian agrees

26   to produce communications prior to January 1, 2001 that are responsive to the request.  Larian's

27   proposed limitation is a reasonable compromise that will provide Mattel with relevant documents

28   without imposing an undue burden.  Accordingly, Larian shall produce documents responsive to

1   Request No. 181 consistent with his supplemental response, and may produce such documents in

2   redacted form as specified above with respect to Request No. 179.

3

4   Statements to the Media:  Request Nos. 190-192, 194-197 and 199

5        In Request Nos. 190-192, 194-197 and 199, Mattel seeks communications between Larian

6   and members of the press or financial institutions relating to Bratz, Bryant, Mattel or this action.

7   Mattel contends that the requests are sufficiently narrowly tailored to seek information that goes

8   to the issues in the lawsuit.  More specifically, Mattel contends that the request are relevant to

9   Mattel's allegation that MGA and Larian repeatedly issued false and misleading press releases

10  regarding Bratz's sales, Bratz's market share, Bratz's position relative to Mattel's Barbie

11  products, sales of Mattel's Barbie products, and the market share of Mattel's Barbie products.

12  Further, Mattel contends that statements to lenders or investors relating to Bratz or Bryant may

13  also contain admissions regarding the origin and conception of Bratz and statements relevant to damages.

14       Larian contends that the requests are overbroad and unduly burdensome, particularly

15  because several of the requests seek publicly available information.  Further, Larian points out

16  that the court has already considered and rejected as overbroad a nearly identical request served

17  on MGA that called for all documents relating to any communications by MGA with any news

18  organization regarding the contested MGA products or the contested Mattel products.  Larian

19  contends that the same reasoning applies to the instant requests.

20       Mattel's motion to compel documents responsive to Request Nos. 190-192, 194-197 and

21  199 is denied.  Although several of the requests encompass potentially relevant documents, the

22  requests are overbroad and encompass documents that have little to no relevance to the claims and

23  defenses in the case.  Not one of the requests is limited to relevant subject matters, such as Bratz's

24  sales, Bratz's market share, Bratz's position relative to Mattel's Barbie products, sales of Mattel's

25  Barbie products, the market share of Mattel's Barbie products, the origin and conception of Bratz,

26  or damages.

27  //

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                          13

Case 2:04-cv-09049-DOC-RNB   Document 4821-2   Filed 02/12/09   Page 39 of 51   Page ID
#:152851
Case 2:04-cv-09049-℄ __-RNB     Document 1439     Filed ℄...J3/2008     Page 14 of 21

1      Furthermore, many of these overbroad requests seek publicly available information that is

2  readily accessible to Mattel for which Larian should not be burdened.  To the extent the requested

3  documents and information are not publicly available, such documents and information are

4  marginally, if at all, relevant because they are not likely to have caused Mattel compensable harm.

5  In either case, the burden and expense of searching for and producing responsive documents are

6  unjustified.

7

8  <u>Communications With Mattel Employees:  Request No. 198</u>

9      In Request No. 198, Mattel seeks all communications between Larian and any individual

10  while the individual was employed by Mattel.  Mattel contends that this request is directly

11  relevant to Mattel's claims of trade secret theft, and that the relevancy outweighs any purported

12  burden of production.

13      Larian contends that the request is overbroad and unduly burdensome because it is

14  unrestricted as to time and subject matter.  Larian also points out that the court has previously

15  found a similar request overbroad.  Larian further contends that employees in the toy industry are

16  likely to maintain contacts with other toy manufacturers, and that a large corporation such as

17  Mattel is likely to have a high number of employees communicating with MGA or its officers,

18  which makes the request more unduly burdensome and unreasonable than it appears on its face.

19      Unlike other requests regarding communications, Request No. 198 is reasonably tailored

20  to the specific and numerous allegations in the case regarding alleged trade secret theft.  Although

21  the request is not limited by subject matter, it is limited in other respects to seek relevant

22  documents without imposing an undue burden.  The request is limited to communications

23  between Larian (and not MGA or persons acting on his behalf) and individuals employed at

24  Mattel.  The request is also limited to only those communications that took place while the

25  individuals were employed at Mattel.

26      Nevertheless, an additional temporal limit is appropriate to tailor the request to Mattel's

27  allegations of trade secret theft.  The alleged trade secret theft began with Bryant's conduct in

28  1999 and continued to 2005.  Accordingly, Larian shall produce documents responsive to Request

1    No. 198 that are limited to the time frame 1999 to 2005.

2

3    Personal Financial Data:  Request Nos. 207-209 and 269

4           In Request No. 207, Mattel seeks documents sufficient to identify each of Larian's banks

5    or financial institutions and other banking relationships since January 1, 1999.  In Request No.

6    208, Mattel seeks documents sufficient to establish Larian's gross income and sources for such

7    income for each year from 1999 to the present.  In Request No. 209, Mattel seeks Larian's federal

8    and state tax returns for each year from 1999 to the present.  In Request No. 269, Mattel seeks

9    documents sufficient to show or calculate Larian's net worth on a yearly basis for each year from

     1999 to the present.

10          Mattel contends that Request No. 207 seeks information reasonably calculated to lead to

11   information showing the timing of payments to Bryant and others, which in turn is relevant to the

12   timing of the development of Bratz and issues of credibility.  Mattel contends that Request Nos.

13   208-209 and 269 seek non-privileged information that is directly relevant to Larian's financial

14   condition, which in turn is relevant to damages.  Further, Mattel contends that it is entitled to

15   information regarding the sources of Larian's income to determine whether they are attributable

16   to the alleged misconduct and thus subject to disgorgement.

17          Larian contends that the requested personal financial information is not relevant to the

18   claims or defenses at issue.  More specifically, Larian contends that neither the names of his

19   banks nor his gross income have any bearing upon either compensatory or punitive damages or

20   Mattel's claim for disgorgement of profits.  Larian further contends that there is no support for

21   Mattel's supposition that Larian has siphoned off MGA assets for his own personal benefit.

22          Larian also contends that all three of the requests overlap substantially with requests

23   Mattel previously propounded upon MGA, and that Mattel has failed to justify the duplication or

24   burden posed by these requests to him.  Further, Larian contends that the court has previously

25   found that Mattel was not entitled to obtain tax returns from Bryant, and that Mattel has offered

26   no reason why the same result should not apply here.

27          Mattel's motion to compel responses to Request Nos. 207-208 and 269 is granted.  The

28

15

1   requests are reasonably calculated to lead to the discovery of admissible evidence relevant to

2   several issues in the case. For example, the requested information is likely to lead to information

3   regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of

4   the creation of Bratz. The requested information is also likely to show Larian's income and net

5   worth, which are relevant to damages. Further, Larian has failed to establish that the requests are

6   unduly burdensome. Although Mattel has sought and obtained broad discovery of financial

7   information from MGA, Mattel is also entitled to seek financial information directly from Larian.

8        Mattel's motion is denied as to Request No. 209, provided that Larian complies with

9   Request Nos. 207, 208 and 269. In light of the discovery of financial information ordered herein

10  and other requests propounded to MGA, Mattel has not shown a compelling need for Larian's tax

11  returns.

12  <u>Storage Devices: Request Nos. 222 and 224</u>

13       In Request Nos. 222 and 224, Mattel seeks digital storage devices and documents relating

14  to digital storage devices used by Larian to create, prepare, generate, copy, transmit, receive,

15  delete or modify digital information relating to Bratz, Angel, or Bryant. Mattel contends that a

16  request for documents under Rule 34, Fed.R.Civ.P., operates as a request for documents stored in

17  electronic form. Mattel also contends that Rule 34 permits a party to obtain and test computer

18  hard drives and other storage devices.

19       Larian contends that the requests are overbroad, unduly burdensome, duplicative, and

20  ignore his privilege and privacy interests. Larian also objects to an inspection of his actual hard

21  drives or other storage devices based upon the Committee Note to Rule 34, Fed.R.Civ.P., which

22  states that the amendment of Rule 34 relating to "electronically stored information is not meant to

23  create a routine right of direct access to a party's electronic information system." <u>See</u>

24  Fed.R.Civ.P. 34(a)(1), 2006 Adv. Comm. Notes. Larian contends that there is no justification for

25  an inspection of his electronic devices because there is no allegation that he improperly deleted

26  documents.

27       Mattel's motion to compel documents responsive to Request Nos. 222 and 224 is denied.

28

1    With respect to Request No. 222, Larian correctly notes that Rule 34 was not intended to

2    authorize the routine production of a party's electronic devices. Mattel attempts to justify

3    Request No. 222 by pointing to various instances of alleged destruction of evidence. See Mattel's

4    Consolidated Separate Statement at pp. 203-204 (purported destruction of Larian's computer

5    laptops; "wiping" information from the hard drives of Larian's computer laptops every six

6    months; redacting "Barbie Collectibles" from a faxed version of Bryant's Bratz agreement; and

7    destructive testing of Bryant's original Bratz drawings). However, Mattel fails to explain how

8    these alleged instances of evidence destruction justify Request No. 222, other than to assert that it

9    has a right to inspect Larian's storage devices to ensure that relevant information has not been

10   deleted or permanently destroyed. Mattel's stated purpose suggests instead that Mattel is

     launching a fishing expedition in pursuit of new claims, which is not permitted by the Federal

11   Rules of Civil Procedure. See e.g. Rivera v. NIBCO, Inc., supra. Furthermore, Mattel's stated

12   purpose for inspecting Larian's storage devices does not justify the breadth of Request No. 222.

13   Among other things, Request No. 222 encompasses every storage device that Larian has used to

14   copy digital information relating to Bratz. Mattel does not need every CD and DVD containing

15   copies of Bratz-related video and audio content, but that is what the request seeks.

16        Request No. 222 is also duplicative because it requests information that is sought in

17   numerous other requests served on Larian as well as MGA. Mattel has served hundreds of

18   requests for documents and communications relating to Bratz, Angel, and Bryant. To comply

19   with the requests, Larian was required to search for documents in both hard-copy and electronic

20   form. Under the circumstances, it is unnecessary for Larian to also produce the requested storage

21   devices.

22        Documents responsive to Request No. 224 are minimally relevant (if at all) to the claims

23   and defenses in the case, and therefore do not justify the burden of production on Larian.

24

25   Bryant's Storage Devices: Request Nos. 225, 227 and 228

          In Request Nos. 225, 227 and 228, Mattel seeks digital storage devices and documents

26   relating to digital storage devices used by Bryant to create, prepare, generate, copy, transmit,

27

28

Case 2:04-cv-09049-DOC-RNB   Document 4821-2   Filed 02/12/09   Page 43 of 51   Page ID
#:152855
Case 2:04-cv-09049-SGL-RNB      Document 1439      Filed 0../..3/2008      Page 18 of 21

1 │ receive, delete or modify digital information relating to Bratz, Angel, or MGA.

2 │      Larian contends that the requests are improperly directed to him because he does not have

3 │ personal possession of Bryant's hard drive or storage devices, or other information about those

4 │ devices. Mattel's Consolidated Separate Statement at p. 206. Larian also contends that the

5 │ requests are overbroad and unduly burdensome for the reasons discussed above in connection

6 │ with Request Nos. 222 and 224.

7 │      Mattel's motion to compel documents responsive to Request Nos. 225, 227 and 228 is

8 │ denied for the reasons already discussed in connection with Request Nos. 222 and 224.

9

10 │ <u>MGA Hong Kong and MGA Mexico: Request Nos. 272 and 273</u>

11 │      In Request Nos. 272 and 273, Mattel seeks documents relating to the ownership of MGA

12 │ Entertainment HK Ltd. ("MGA Hong Kong") and MGAE de Mexico S.r.l. de C.V. ("MGA

13 │ Mexico"), both of which are named defendants. In his supplemental responses, Larian agrees to

14 │ produce documents sufficient to show the ownership of these entities.

15 │      Mattel contends that the requests seek information relevant to refute MGA Mexico's

16 │ personal jurisdiction defense, and which bear on whether the acts of Larian and others are

17 │ attributable to the entities. Mattel also contends that Larian's (or MGA's ) ownership interest in

18 │ these companies is relevant to net worth. Mattel contends that Larian's supplemental response is

19 │ inadequate because it would allow Larian to withhold contradictory information and conceal the

20 │ true ownership of the business entities. Furthermore, Mattel contends that it is entitled to know

21 │ the ownership of these entities at times when different allegedly wrongful acts took place and to

22 │ determine if the ownership structure changed as a means of concealing assets or concealing the

23 │ payments of commercial bribes.

24 │      Larian contends that these requests should not be made to him, but to the entities

25 │ themselves or to MGA. Further, Larian contends that the requests are duplicative of a request

26 │ Mattel served on MGA Mexico, another request served on MGA Hong Kong, and another request

27 │ served on MGA. Moreover, Larian contends that the requests are overbroad and unduly

28 │ burdensome, and that at most, he should only have to produce a list of owners.

1    Mattel contends that Larian cannot avoid his duty to respond to these requests simply by

2  saying that the information is obtainable from another source. Further, Mattel contends that

3  Larian has failed to establish that the requests are unduly burdensome.

4    Mattel's motion to compel documents responsive to Request Nos. 272-273 is denied

5  pursuant to Rule 26(b)(2), Fed.R.Civ.P., because the requested information is clearly obtainable

6  from another source that is more convenient, less burdensome, or less expensive, namely MGA

7  Mexico and MGA Hong Kong. The requests are also overbroad and unduly burdensome.

## IV. CONCLUSION

9    For the reasons set forth above, it is hereby ordered as follows:

10    1.    At meet and confer sessions held after the filing of this motion, Larian agreed to

11  produce documents in response to Request Nos. 1, 2, 13, 15, 32, 33, 35, 41, 61-76, 82-101, 139-

12  146, 213, 221 and 223. Accordingly, Larian shall produce, without limitation, all non-privileged

13  documents that are responsive to these Requests.

14    2.    With respect to the remaining requests that are at issue in this motion, Larian shall:

15    A.    produce, without limitation, all non-privileged documents that are

16  responsive to Request Nos.  79, 180, 198 (for the time period 1999-2005), 207, 208 and

17  269; and

18    B.    produce, in accordance with his supplemental responses, non-privileged

19  documents that are responsive to Request Nos. 80, 81, 113-115, 123-125, 179, 181 and

20  209.

21    C.    Larian may produce documents responsive to Request Nos. 179, 180 and

22  181 in redacted form as provided herein.

23    D.    Mattel's motion is denied as to Request No. 178, 190-192, 194-197, 199,

24  209, 222, 224, 225, 227, 228, 272 and 273.

25    3.    Larian shall produce all non-privileged documents that are required by this Order

26  that are in his possession, custody or control and that have not already been produced no later

27  than January 11, 2008.

28    4.    Larian shall produce a privilege log no later than January 15, 2008.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

19

Case 2:04-cv-09049-DOC-RNB   Document 4821-2   Filed 02/12/09   Page 45 of 51   Page ID
#:152857
Case 2:04-cv-09049-S   _-RNB   Document 1439   Filed 0._3/2008   Page 20 of 21

1      5.    Mattel's request for sanctions is denied.

2      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

3 Master, Mattel shall file this Order with the Clerk of Court forthwith.

4

5 Dated: December 31, 2007

                             HON. EDWARD A. INFANTE (Ret.)

6                               Discovery Master

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case 2:04-cv-09049-DOC-RNB    Document 4821-2    Filed 02/12/09    Page 46 of 51    Page ID
#:152858
Case 2:04-cv-09049-SGL-RNB    Document 1439    Filed 01/03/2008    Page 21 of 21

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 2, 2008, I served
the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS BY ISAAC LARIAN; DENYING REQUEST FOR
SANCTIONS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP. | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above
is true and correct.

Executed on January 2, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

**EXHIBIT I**

## Richard Stoll

| | |
|---|---|
| **From:** | Amman Khan |
| **Sent:** | Tuesday, February 10, 2009 7:37 PM |
| **To:** | Amman Khan; 'Jon Corey'; 'Zachary Krug' |
| **Cc:** | 'Benson, Patricia'; Richard Stoll; Joel Klevens |
| **Subject:** | RE: MGA / Mattel Litigation -- Mattel 1/26/09 Motion and 2/9/09 Motion |

Dear Jon,

Here is the law you asked for that protects an employee's right to privacy in his or her employment files.  As I told you yesterday, there is no Federal case of which I am aware that allows an employer to release its employees' private information to a third party without notice, even pursuant to a protective order.

In fact, the law on the issue points in the opposite direction.  The employee files contain salary information.  This type of financial information is without a doubt the type of private information that must be afforded protection. See Valley Bank of Nev. v. Superior Court, 15 Cal. 3d 652, 656 (1975) ("'privacy' ... extends to ... financial records"); Fortunato v. Superior Court, 114 Cal. App. 4th 475, 480-81 (2003) ("financial information ... is protected"); Harding Lawson Associates v. Superior Court, 10 Cal. App. 4th 7, 10 (1992) ("the balance will favor privacy ... in third party personnel files ").

Moreover, other types of information that will be contained in MGA's personnel files, such as an individual's date of birth, as well as their gender and race, are also private in nature.  See Garden Grove Police Dep't v. Superior Court, 89 Cal. App. 4th 430, 434 (2001) ("[a] birth date is personal data"); Scottsdale Unified Sch. Dist. No. 48 v. KPNX Broad. Co., 191 Ariz. 297, 302 (1998) ("a person ... has a privacy interest in his or her birth date"); Diaz v. Oakland Tribune, 139 Cal. App. 3d 118, 132 (1983) (Plaintiff's "sexual identity was a private matter"); CBS, Inc. v. Partee, 198 Ill. App. 3d 936, 945 (1990) (holding that lower court did not err in refusing production of racial identification information).

Section 1985.3 of the California Code of Civil Procedure requires that the party seeking consumer or employee records give special notice to the consumer or employee whose records are being sought.  While it is presently unclear whether such special notice is required in federal action, MGA does not wish to place its employees' privacy rights at risk.  See Weil & Brown, Fed. Civ. Pro. Before Trial (The Rutter Group) at 11:1433.  I know of at least one case that holds state procedural rules (such as CCP § 1985.3's notice requirement) which serve "substantive goals" (such as an individual's right to privacy), can apply in federal actions. See S.A. Healy Co. v. Milwaukee Metropolitan Sewerage Dist., 60 F. 3d 305, 310 (7th Cir. 1995) (Absent any federal statute or rule, state procedural rules may be deemed "substantive" for Erie purposes if limited to a particular substantive area (e.g. medical malpractice or insurance contracts) and designed to accomplish a particular substantive objective").

As a result, please let me know by tomorrow if Mattel will agree to afford the employees concerned a notice of privacy rights and an opportunity to object to the release of their employment files.  Thanks. -- Amman

| | |
|---|---|
| **From:** | Amman Khan |
| **Sent:** | Tuesday, February 10, 2009 3:23 PM |
| **To:** | 'Jon Corey'; Zachary Krug |
| **Cc:** | 'Benson, Patricia'; Richard Stoll; Joel Klevens |
| **Subject:** | RE: MGA / Mattel Litigation -- Mattel 1/26/09 Motion and 2/9/09 Motion |

Dear Jon,

1. Patty Glaser is out of town.  We did not get the 2/9/09 Motion emailed to her until you sent it to me moments ago. I should have been served with the motion when it was filed because you and I had been meeting and conferring over the Vargas & Trueba depositions for the past week.  Also, I note that the Motions were sent to about 5 other people at your firm, you've had my email for awhile now, so it just as easily could have been sent to

me. Please add me to your service list on discovery motions, thanks. In light of this snafu, I would like an extension of up to 2/17/09 to Oppose the 2/9/09 Motion re Vargas & Trueba Depos. Please let me know.

2. Thanks for extending our Wednesday deadline to oppose Mattel's 1-26-09 Motion re RFP's to Thursday February 12, 2009. I will send you the law I have re Privacy Rights shortly. As I told you yesterday, even in a Federal case, I think there is authority to require a notice of privacy rights when seeking third party employment files under cases applying the Erie doctrine. There are substantive rights that are meant to protect third parties' private personal information that need to be respected and I don't want MGA to get into hot water with its employees. -- Amman

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Tuesday, February 10, 2009 2:38 PM
**To:** Amman Khan; Zachary Krug
**Cc:** 'Benson, Patricia'; Richard Stoll; Joel Klevens
**Subject:** RE: MGA / Mattel Litigation -- Mattel 1/26/09 Motion and 2/9/09 Motion

Amman,

Ms. Glaser of your firm was served with the unredacted version of the Motion to Compel Vargas & Trueba Depositions on Friday, February 6, 2009. The electronic mail message attaching the unredacted motion is attached.

Mattel will not agree to your proposal with respect to Requests Nos. 87 and 88, as it is inconsistent with prior orders of the Discovery Master in this case and the position that MGA has previously taken in this case. I asked you to provide any authority for the proposition that a protective order is inadequate to protect privacy rights or in which a federal court has required application of California statutes governing subpoenas issued in state court. You have not provided me with any such authority.

I will provide an amended stipulation reflecting our agreement on the other issues. MGA may have until Thursday, February 12, Wednesday to oppose the portion of Mattel's motion that relates to Request Nos. 87 and 88.

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On February 12, 2009, I served the foregoing document described as:

### DECLARATION OF AMMAN KHAN
### IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 1/26/09 RENEWED MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 12th day of February, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Yumi Chung_

YUMI CHUNG

666887 v1

1

**SERVICE LIST**

2

3   Robert C. O'Brien
    Discovery Master
    Arent Fox LLP
4   555 West 5th St., Suite 4800
    Los Angeles, CA 90013
5   **[By Personal Service]**

6   John Quinn, Esq.
    (johnquinn@quinnemanuel.com)
7   Jon D. Corey, Esq.
    (joncorey@quinnemanuel.com)
8   Michael T. Zeller, Esq.
    (michaelzeller@quinnemanuel.com)
9   Quinn Emanuel Urquhart Oliver & Hedges, LLP
    865 South Figueroa Street, 10th Floor
10  Los Angeles, CA 90017-2543
    **[By Personal Service]**
11

    Russell J. Frackman, Esq.
12  (rjf@msk.com)
    Patricia H. Benson, Esq.
13  (phb@msk.com)
    Mitchell, Silberberg & Knupp, LLP
14  11377 W. Olympic Blvd.
    Los Angeles, CA 90067
15  (310) 312-2000
    **[By Email Service]**
16

    Thomas J. Nolan, Esq.
17  (tnolan@skadden.com)
    Raoul D. Kennedy, Esq.
18  (rkennedy@skadden.com)
    Jason D. Russell, Esq.
19  (Jason.russell@skadden.com)
    Skadden, Arps, Slate, Meagher & Flom LLP
20  300 South Grand Avenue, Suite 3400
    Los Angeles, CA 90071-3144
21  (213) 687-5000
    **[By Email Service]**
22

    Mark E. Overland, Esq.
23  moverland@obsklaw.com
    Alexander H. Cote, Esq.
24  acote@obsklaw.com
    Overland Borenstein Scheper & Kim LLP
25  601 W. 5th Street, 12th Floor
    Los Angeles, CA 90017
26  **[By Email Service]**

27

28

666867 v1

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000