1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@ glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
5  Los Angeles, California 90067
   Telephone:  310-553-3000
6  Facsimile:   310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:   310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15

16 CARTER BRYANT, an individual      )  Case No. CV 04-9049 SGL (RNBx)
                                     )
17              Plaintiff,           )  Consolidated with
                                     )  Case No. 04-09059
18 v.                                )  Case No. 05-02727
                                     )
19 MATTEL, INC., a Delaware          )  **DISCOVERY MATTER**
   Corporation                       )
20                                   )  **MGA'S OPPOSITION TO**
              Defendant.             )  **SEPARATE STATEMENT IN**
21                                   )  **SUPPORT OF MATTEL, INC.'S**
   _____)  **RENEWED MOTION TO COMPEL**
22                                   )  **PRODUCTION OF DOCUMENTS**
   AND CONSOLIDATED ACTIONS          )  **AND THINGS BY MGA**
23                                   )  **ENTERTAINMENT, INC. AS**
                                     )  **CALLED FOR BY MATTEL'S**
24                                   )  **FIRST SET OF RFPS NO. 48, AND**
                                     )  **THIRD SET OF RFPS NOS. 43**
25                                   )  **THROUGH 75, 87 AND 88**
                                     )
26                                   )  **Date:     To be set**
                                     )  **Time:     To be set**
27                                   )  **Place:    To be set**
                                     )
28

666557

©COPY

**CONSOLIDATED SEPARATE STATEMENT**

The MGA Parties respectfully submit this consolidated Separate Statement in opposition to Mattel's Renewed Motion to Compel Production of Documents and Things by MGA.  For the Discovery Master's convenience, this Separate Statement includes the text of each Request at issue, MGA's objections or responses, a short discussion of why Mattel believes MGA should be compelled to produce documents responsive to Mattel's requests, and MGA's arguments in opposition.

As set forth in the MGA Parties' Opposition filed concurrently herewith, the vast majority of the Requests for Production at issue in Mattel's Renewed Motion are no longer at issue as the MGA Parties agreed to produce all non-privileged documents responsive to Request No. 48 (Set One) (with respect to the 12 individuals identified by Mattel in its Renewed Motion), and Request Nos. 43-75 (Set Three).  Thus, the only two Requests in dispute are Request Nos. 87 and 88.

**REQUEST FOR PRODUCTION NO. 48:**

All non-privileged COMMUNICATIONS between YOU and any PERSON that REFER OR RELATE TO this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein.  MGA also specifically objects to this request on the grounds that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence, including, without limitation, that it would extend to any communication between anyone at MGA and any other person referring or relating in any way to a wide variety of matter that could potentially be construed as "relating" to this litigation, without regard to whether such communications are at all relevant to any claim or defense at issue herein.  MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it purports to require MGA diligently to identify every

666557

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

communication that any of its hundreds of employees may have had with any other person referring or relating to this action. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive in that it is not in any way limited as to the persons involved in the communications or as to time. MGA also objects to this request on the grounds that it seeks information in violation of the right of privacy. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.

Subject to the foregoing, MGA will not produce documents in response to this request.

## MATTEL'S REASONS WHY FURTHER RESPONSE TO REQUEST NO. 48 SHOULD BE COMPELLED

Mattel's Request No. 48 seeks MGA's communications regarding this action with twelve specific individuals who are either named defendants involved with the theft of Mattel's trade secrets or who are likely have knowledge about such actions by others. As set forth more fully in Mattel's Renewed Motion to Compel, each of these individuals has knowledge of Mattel's Phase 2 claims.[1]

The Discovery Master previously ruled, communications about the case with knowledgeable witnesses are relevant and discoverable. The communications Mattel seeks are unquestionably relevant to Mattel's theft of trade secrets and RICO claims and should be produced.[2] Each of these individuals was either directly involved or is likely to have knowledge of the events in question. Moreover, because Request No. 48 is by its terms limited to communications referring or relating to this action, there is not just "a decent chance," but a virtual certainty, that responsive documents

---

[1] See Mattel's Renewed Motion to Compel at Part II.
[2] They are also relevant to the development of Mattel's defenses in Phase 2. As the Discovery Master previously noted "[a]ny proof of trade secret theft is also relevant to Mattel's defenses against MGA's unfair competition claims." January 25, 2007 Discovery Master's Order, at 14, Krug Decl., Ex. 31.

666557

1    will permit Mattel to "use the information it uncovers either as evidence or to help

2    find evidence." Bernstein, 447 F. Supp. 2d at 1105. For this reason,, courts

3    consistently uphold similar requests for production. See, e.g., Steinbach v. Crediqy

4    Receivables, Inc., 2006 WL 1007272, at *9 (E.D. Ky. Apr. 14, 2006) (overruling

5    defendants' objections to requests for production for all "internal communications

6    with respect to Plaintiff, . . . [the] lawsuit, or the claims in [the] [Amended]

7    Complaint"); Aiken v. Rimkus Consulting Group, Inc., 2007 WL 1101210, at *1-2

8    (S.D. Miss. Apr. 4, 2007) (permitting plaintiff to discover all "communications" and

9    "correspondence" relating to its claim against defendant). The Court should do the

10   same here.

11   **MGA'S OPPOSITION TO MATTEL'S REASONS WHY FURTHER**

12   **RESPONSE TO REQUEST NO. 48 SHOULD BE COMPELLED**

13        As set forth in the MGA Parties' Opposition filed concurrently herewith, this

14   Request for Production is no longer at issue as the MGA Parties agreed to produce all

15   non-privileged documents responsive to this Request, with respect to the 12

16   individuals identified in Mattel's Renewed Motion. Accordingly, the Renewed

17   Motion is moot as to this Request.

18

19   **REQUEST FOR PRODUCTION NO. 87:**

20        To the extent not produced in response to any other Request for Production, all

21   personnel and vendor files for each person identified in Exhibit 664 (bearing Bates

22   numbers MGA 0868630-31).[3]

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

24        MGA incorporates by reference its General Response and General Objections

25   above, as though fully set forth herein. MGA further objects to the request to the

26   extent it seeks the production of documents that are protected from disclosure under

27   any applicable privilege, doctrine or immunity, including without limitation the

28

666557

[3] Exhibit 664 is attached to the concurrently filed Krug Declaration.

3

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   attorney-client privilege, the work product doctrine, the right of privacy, and all other

2   privileges recognized under the constitutional, statutory or decisional law of the

3   United States of America, the State of California or any other applicable jurisdiction.

4   MGA further objects to this request on the grounds that it is vague and ambiguous in

5   its use of the terms "personnel and vendor files." MGA further objects to this request

6   on the grounds that it is overly broad and unduly burdensome in that it seeks

7   documents not relevant to the claims or defenses in this action and not reasonably

8   calculated to lead to the discovery of admissible evidence. Mattel has not

9   demonstrated how *all* personnel and vendor files for each person identified in Exhibit

10  664 could be relevant to the claims and defenses in this action, let alone established

11  that the relevancy of these documents outweighs the individual's fundamental right of

12  privacy. MGA further objects to the request as oppressive, unduly burdensome and

13  harassing given the number of individuals listed in Exhibit 664. The request is not

14  limited to the subject matter of this action and requires disclosure of private,

15  confidential documents that are not relevant to this action, and is thus impermissibly

16  overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7. MGA further

17  objects to this request as being overly broad and unduly burdensome on the grounds

18  that it is not limited in time. MGA further objects to the request to the extent it seeks

19  confidential, proprietary or commercially sensitive information, the disclosure of

20  which would be inimical to the business interests of MGA. MGA further objects to

21  the request to the extent it violates the privacy rights of third parties to their private,

22  confidential, proprietary or trade secret information. Such information may also be

23  subject to protective orders governing other litigations thereby precluding disclosure

24  in response to this request. MGA further objects to this request as cumulative,

25  duplicative, and unduly burdensome to the extent that it seeks documents previously

26  requested by Mattel or produced by MGA in response to Mattel's document requests.

27

28

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   **REQUEST FOR PRODUCTION NO. 88:**

2       To the extent not produced in response to any other Request for Production, all

3   personnel and vendor files for each person who has worked as an employee of or

4   vendor for YOU and who also has been at any time an employee of or vendor for

5   MATTEL.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

7       MGA incorporates by reference its General Response and General Objections

8   above, as though fully set forth herein.  MGA further objects to the request to the

9   extent it seeks the production of documents that are protected from disclosure under

10   any applicable privilege, doctrine or immunity, including without limitation the

11   attorney-client privilege, the work product doctrine, the right of privacy, and all other

12   privileges recognized under the constitutional, statutory or decisional law of the

13   United States of America, the State of California or any other applicable jurisdiction.

14   MGA further objects to this request on the grounds that it is vague and ambiguous in

15   its use of the terms "personnel and vendor files."  MGA further objects to this request

16   on the grounds that it is overly broad and unduly burdensome in that it seeks

17   documents not relevant to the claims or defenses in this action and not reasonably

18   calculated to lead to the discovery of admissible evidence.  Mattel has not

19   demonstrated how all personnel and vendor files for each person who has worked as

20   an employee of or vendor for MGA and who also has been at any time an employee

21   of or vendor for MATTEL could be relevant to the claims and defenses in this action,

22   let alone established that the relevancy of these documents outweighs the individual's

23   fundamental right of privacy.  MGA further objects to the request as vague and

24   ambiguous, oppressive, unduly burdensome and harassing given the number of

25   individuals who may worked as an employee or vendor for both MGA and Mattel in

26   their lifetime.  The request is not limited to the subject matter of this action and

27   requires disclosure of private, confidential documents that are not relevant to this

28   action, and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   Order at 21:5-7.  MGA further objects to this request as being overly broad and

2   unduly burdensome on the grounds that it is not limited in time.  MGA further objects

3   to the request to the extent that it seeks documents not in MGA's possession, custody

4   or control.  MGA further objects to the request to the extent it seeks confidential,

5   proprietary or commercially sensitive information, the disclosure of which would be

6   inimical to the business interests of MGA.  MGA further objects to the request to the

7   extent it violates the privacy rights of third parties to their private, confidential,

8   proprietary or trade secret information.  Such information may also be subject to

9   protective orders governing other litigations thereby precluding disclosure in response

10   to this request.

11   　　　MGA further objects to this request as cumulative, duplicative, and unduly

12   burdensome to the extent that it seeks documents previously requested by Mattel or

13   produced by MGA in response to Mattel's document requests, including, but not

14   limited to:  Request Nos. 79-89 from Mattel's First Set of Requests for Production of

15   Documents and Tangible Things to MGA, and Request No. 60 from Mattel, Inc.'s

16   First Set of Requests for Documents and Things re Claims of Unfair Competition to

17   MGA Entertainment, Inc., and Request No. 201 from Mattel's First Set of Requests

18   for Documents and Things to Isaac Larian.

19   **MATTEL'S REASONS WHY FURTHER RESPONSE TO REQUEST NOS. 87**

20   **AND 88 SHOULD BE COMPELLED**

21   　　　Mattel's Request Nos. 88 and 87 seek production of documents from MGA's

22   personnel or vendor files for former Mattel employees.  These files contain

23   information that is either relevant or reasonably calculated to lead to the discovery of

24   admissible evidence regarding MGA's theft of trade secrets and its interference

25   with Mattel's employees' continued duties to Mattel.  As set forth more fully in

26   Mattel's Renewed Motion to Compel, MGA has—as an active part of its recruitment

27   of Mattel employees—encouraged Mattel employees to abscond with Mattel's

28

666557

6

confidential information.[4]  (Indeed for some employees, this is likely the sole reason that they were recruited.)  As such, the back-and-forth communications documenting the recruitment process and their hiring, including the terms and conditions (salaries, bonus, etc.) are unquestionable relevant to Mattel's allegation that MGA overpaid or paid above market salaries, bonuses, etc. to those Mattel employees that left with Mattel trade secrets.[5]  This type of information is contained in MGA's personnel files; therefore, the files should be produced.

Throughout Phase 1 discovery, the Discovery Master recognized that the personnel files of MGA employees could have relevant information and ordered such files produced.[6]6 The April 14 Order was no different:  the Discovery Master ordered MGA to produced personnel files relevant to certain Phase 1 issues, but denied it with regard to Phase 2 because of the stay that was then—but is no longer—in effect.[7]

## MGA'S OPPOSITION TO MATTEL'S REASONS WHY FURTHER RESPONSE TO REQUEST NOS. 87 AND 88 SHOULD BE COMPELLED

### A.   MATTEL DID NOT MEET AND CONFER PRIOR TO FILING ITS MOTION.

Mattel filed its Renewed Motion on January 26, 2009, without meeting and conferring, in violation of FRCP 37-1.  This fact alone warrants denial of Mattel's motion.

The MGA Parties anticipate that Mattel will argue that it satisfied its meet and confer obligations because it met and conferred over a year ago with respect to the two motions that now have been consolidated in the current Renewed Motion.  That is no answer.  First, MGA's current lead counsel, the Glaser Weil firm, was not

---

[4] See Mattel's Renewed Motion to Compel at Part III.
[5] The "recruitment" of Machado, Trueba and Vargas, for example, entailed a vast and surprising exchange of Mattel's confidential information.  See Mattel's Supp. Resp. at 28-30, Krug Decl., Ex. 28.
[6] See, e.g., May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at 11 n.4, Krug Decl., Ex. 32.  Indeed MGA appeared, at least initially, to concede the same by agreeing to produce personnel files, subject to privilege.  See, e.g., MGA's Response to Mattel's First Set of Request for Documents and Things, at 71-78, Krug Decl. Ex. 33.
[7] See Order re Third Set at 7.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1   involved in the case and did not participate in the discussions a year ago.  Second, the

2   landscape of this litigation has changed dramatically in the past year: Phase 1 has

3   ended, verdicts have been handed down, and the Phase 2 discovery stay has been

4   lifted.  Further, the putative "Renewed" Motion is actually a new motion, since it

5   combines into one pleading what were formerly two separate motions based on two

6   separate sets of discovery.

7        Had Mattel not been so bent on burying the MGA Parties with as many

8   motions as it could, as quickly as it could, the paperwork Mattel dumped on the

9   Discovery Master could have been significantly limited.  Indeed, after the MGA

10  Parties effectively forced Mattel to comply with its meet and confer obligations, the

11  vast majority of the disputes raised by Mattel's Motion were eliminated, leaving only

12  two for the Discovery Master to resolve.  Mattel should not be rewarded for its "file

13  now, meet and confer later" strategy.  To do so will only encourage Mattel to

14  continue to engage in the same type of scorched earth tactics that it used in Phase 1,

15  and that drove the costs of this litigation into the stratosphere.  If the Discovery

16  Master is not inclined to deny the Motion out of hand, at a minimum Mattel should be

17  sanctioned for filing the Motion without first satisfying its obligations to meet and

18  confer in good faith.

19  **B.    The Personnel Files Contain Private and Confidential**

20  **Information That MGA is Obligated to Protect.**

21       MGA, as an employer (or as a former employer), is legally obligated under

22  California law to protect its employees' privacy rights.  See Board of Trustees v.

23  Superior Court, 119 Cal.App.3d 516, 528-530 (1981) (noting that confidential

24  personnel files at a person's place of employment are within a zone of privacy); see

25  also Valley Bank of Nevada v. Superior Court, 15 Cal.3d 652, 658 (1975) (holding

26  that where confidential information is being sought pertaining to third persons, the

27  party from whom disclosure is sought is under an affirmative duty to notify them of

28

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    the discovery request; and they must be given a fair opportunity to object to the
2    invasion of their privacy).

3        It cannot be debated that the type of information sought by Mattel in its
4    Requests seeks private information.  For instance, Mattel maintains that it is entitled
5    to all personnel file documents evidencing the hiring and recruitment of each
6    employee, "including the terms and conditions (*salaries, bonus, etc.*)" of those
7    processes.  (See Mattel's Renewed Motion at 13:23-14:2) (emphasis added).  This
8    type of financial information is without a doubt the type of private information that
9    must be afforded protection.  See Valley Bank of Nev. v. Superior Court, 15 Cal. 3d
10   652, 656 (1975) ("'privacy' . . . extends to . . . financial records"); Fortunato v.
11   Superior Court, 114 Cal. App. 4th 475, 480-81 (2003) ("financial information . . . is
12   protected"); Harding Lawson Associates v. Superior Court, 10 Cal. App. 4th 7, 10
13   (1992) ("the balance will favor privacy . . . in third party personnel files ").

14       Moreover, other types of information that will be contained in MGA's
15   personnel files, such as an individual's date of birth, as well as their gender and race,
16   are also private in nature.  See Garden Grove Police Dep't v. Superior Court, 89 Cal.
17   App. 4th 430, 434 (2001) ("[a] birth date is personal data"); Scottsdale Unified Sch.
18   Dist. No. 48 v. KPNX Broad. Co., 191 Ariz. 297, 302 (1998) ("a person . . . has a
19   privacy interest in his or her birth date"); Diaz v. Oakland Tribune, 139 Cal. App. 3d
20   118, 132 (1983) (Plaintiff's "sexual identity was a private matter"); CBS, Inc. v.
21   Partee, 198 Ill. App. 3d 936, 945 (1990) (holding that lower court did nor err in
22   refusing production of racial identification information).

23       In order to protect its employees' privacy rights (as well as to protect MGA
24   itself from potential liability), MGA agreed that it would produce the requested files
25   and designate them as confidential provided that Mattel give notice to the employees
26   and obtain their consent.  (Khan Decl., Ex. I [e-mail dated February 10, 2009 (7:37
27   p.m.) from Amman Khan].)  MGA made this proposal with California Code of Civil
28   Procedure § 1985.3 in mind.  Section 1985.3 requires that the party seeking consumer

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    or employee records give special notice to the consumer or employee whose records

2    are being sought.  While it is presently unclear whether such special notice is required

3    in federal actions, MGA does not wish to place its employees' privacy rights at risk.

4    See Weil & Brown, Fed. Civ. Pro. Before Trial (The Rutter Group) at 11:1433.

5        Indeed, authority exists that holds state procedural rules (such as CCP §

6    1985.3's notice requirement) which serve "substantive goals" (such as an individual's

7    right to privacy), can apply in federal actions.  See S.A. Healy Co. v. Milwaukee

8    Metropolitan Sewerage Dist., 60 F. 3d 305, 310 (7th Cir. 1995) (Absent any

9    conflicting federal statute or rule, state procedural rules may be deemed "substantive"

10   for Erie purposes if limited to a particular substantive area (e.g. medical malpractice

11   or insurance contracts) and designed to accomplish a particular substantive objective).

12   Thus, even if a state rule is "procedural" in the ordinary sense of the term, a federal

13   court may treat the rule as substantive in nature if it is "designed to shape conduct

14   outside the courtroom and not just improve the accuracy or lower the cost of the

15   judicial process...."  Id.  Put another way, "State procedural rules that are intimately

16   bound with substantive law may apply in federal actions where they in fact serve

17   substantive state policies and are more properly rules of substantive law within the

18   meaning of Erie."  Thomas v. Hickman, 2006 WL 2868967, 40 (E.D. Cal. 2006)

19   (citing Feldman v. Allstate Ins. Co., 322 F.3d 660, 666 (9th Cir. 2003); Wray v.

20   Gregory, 61 F.3d 1414, 1417 (9th Cir. 1995)).

21       California, in particular, has expressed that privacy concerns are a matter

22   fundamental public policy through the State Constitution and various legislative

23   schemes.  Thus, the purpose of Section 1985.3 is more substantive than procedural in

24   nature.

25       Further, California's privacy laws apply to this case since the claims left to be

26   tried in Phase 2 are essentially state law claims.  Indeed, the Ninth Circuit held that

27   "[i]n diversity cases, a federal court must conform to state law to the extent mandated

28   by the principles set forth in the seminal case of Erie[.]"  Feldman v. Allstate Ins. Co.,

666557

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

322 F. 3d 660, 666 (9th Cir. 2003).  In <u>Feldman</u>, the Court had to decide whether California Penal Code § 632(a), a state evidentiary rule limiting the admissibility of illegally intercepted conversations, should apply to a federal court sitting in diversity. <u>Id.</u> at 666-667.  While the Court notes that "[m]ost evidentiary rules are procedural in nature, and the Federal Rules of Evidence 'ordinarily govern in diversity cases,' (citations omitted) . . . the Federal Rules do not supplant '*all* state law evidentiary provisions with federal ones.' (emphasis in original).  Rather, state evidence rules that are 'intimately bound up' with the state's substantive decision making must be given full effect by federal courts sitting in diversity." <u>Id.</u>  The Court found that the state procedural rule applied because ***the statute thereby embodies a state substantive interest in the privacy of California citizens*** from exposure of their confidential conversations to third parties" while noting that the "California Constitution expressly guarantees a right to privacy." <u>Id.</u> at 667 (emphasis added.)  The Court concluded by "hold[ing] that Penal Code § 632 is an ***integral component of California's substantive state policy of protecting the privacy of its citizens, and is properly characterized as substantive law within the meaning of Erie.***" <u>Id.</u> (emphasis added.)

Just as in <u>Feldman,</u> the "procedural" rule here, Code of Civil Procedure § 1985.3, exists as a check against the abuse of an individual's privacy rights.  Because § 1985.3 clearly "embodies a state substantive interest in the privacy of California citizens," it must apply. <u>See</u> Fed. R. Evid. 501 (In civil actions and proceedings in federal court, where state law provides the rule of decision, "the privilege of a witness, . . . shall be determined in accordance with State law."); <u>see</u> <u>also</u> <u>Star Editorial, Inc. v. United States District Court for the Central District of California</u>, 7 F.3d 856, 859 (9th Cir. 1993) (same); <u>Liew v. Breen,</u> 640 F.2d 1046, 1049 (9th Cir. 1981) ("Questions of privilege in diversity actions are controlled by the governing state law."); <u>In re California Public Utilities Commission</u>, 892 F.2d 778, 781 (9th Cir. 1989) (same).

1    Accordingly, MGA's proposal to produce its personnel files contingent upon

2    Mattel providing notice to the employees and obtaining their consent, is entirely

3    reasonable given MGA's duty to protect its employees' privacy rights, and its right to

4    protect itself from exposure to liability.

5        **C.   Mattel's Requests Are Grossly Overbroad In Scope.**

6        The former Discovery Master in this case rejected Mattel's attempt to obtain

7    MGA's personnel files in their entirety.  In particular, Judge Infante's April 14, 2008,

8    Order compelled MGA to produce *portions* of personnel and vendor files related to

9    Phase 1 issues (in response to *other* document requests), but only ***"to the extent such***

10   ***documents relate to the work that the individuals performed related to Bratz prior to***

11   ***January 1, 2001,"*** as proposed by MGA in the meet and confer process.  (Khan

12   Decl., Ex. F at 6:22-7:2; 7:16-18 [Judge Infante's April 14, 2008 Order]) (emphasis

13   added).

14       Yet Mattel still seeks MGA's employee's files in their entirety.  The single

15   "concession" offered by Mattel, that documents relating to an employee's health need

16   not be produced, does not come close to bringing these Requests in line with the

17   limited production approved by the Discovery Master on April 14, 2008 with respect

18   to Phase 1 issues.  There, the production of MGA's personnel files was condoned (as

19   proposed by MGA) because the production was narrowed so that MGA only had to

20   produce "documents from the personnel and vendor files of the individuals identified .

21   . . that relate to any work they performed on Bratz, Angel, and Prayer Angel through

22   June 30, 2001." (Khan Decl., Ex. F at 7:3-6; 7:16-18 [Judge Infante's April 14, 2008

23   Order].)  Thus, MGA only had to produce documents related to specific products that

24   Mattel alleged that MGA had stolen.

25       Accordingly, in the hopes of resolving this discovery dispute informally and

26   without wasting the Discovery Master's time, MGA proposed to produce documents

27   responsive to Request Nos. 87 and 88 on a limited basis that was consistent with the

28   Discovery Master's April 14, 2008 ruling.  Specifically, MGA agreed to produce all

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  non-privileged documents relating to any product(s) that Mattel alleged that MGA

2  stole from Mattel (*i.e.*, "Scooter Samantha" and "Space Babes").  However, Mattel

3  unreasonably rejected MGA's proposal, and still insists that MGA produce the

4  personnel files in their *entirety* (excepting the health related documents).  Because the

5  Discovery Master was unwilling to order the production of personnel files *in their*

6  *entirety* back in April 2008, the same conclusion should be reached now.

7  **D.    Mattel Is Not Entitled To The Entire Vendor Files**

8  Mattel's request for production of MGA's vendor files in their entirety must be

9  denied for the same reasons as set forth.  Namely, the requests are indisputably

10  overbroad in scope.  Judge Infante's April 14, 2008 Order applied equally to the

11  requested vendor files as it did to MGA's personnel files.  The Discovery Master

12  ordered a limited production of "documents from the *personnel* and vendor files of

13  the individuals identified . . . that relate to any work they performed on Bratz, Angel,

14  and Prayer Angel through June 30, 2001."  (Khan Decl., Ex. F at 7:3-6; 7:16-18)

15  [Judge Infante's April 14, 2008 Order] (emphasis added.)  MGA's agreement to

16  produce all non-privileged documents relating to any product(s) that Mattel alleged

17  that MGA stole from Mattel (*i.e.*, "Scooter Samantha" and "Space Babes") is wholly

18  consistent with the April 14, 2008 Order.  Because the Discovery Master was

19  unwilling to order the production of vendor files *in their entirety* back in April 2008,

20  the same conclusion should be reached now.

21

22  **MATTEL'S REQUEST NOS. 43 THROUGH 75 AND MGA'S RESPONSES**

23

24  **REQUEST FOR PRODUCTION NO. 43:**

25  All DOCUMENTS that REFER OR RELATE TO when and under what

26  circumstances SCOOTER SAMANTHA was first conceived of, including without

27  limitation all such DOCUMENTS that identify the PERSON who conceived of

28  SCOOTER SAMANTHA.

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is vague and ambiguous in its use of the phrase "first conceived of." MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO when and under what circumstances SCOOTER SAMANTHA was "first conceived of could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also Magistrate Judge Infante's April 19, 2007 Order ("April 19 Order") at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request to the extent that it seeks documents that by reason of public filing, public distribution or otherwise are already in Mattel's possession or are

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

readily accessible to Mattel.  MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control.  MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA.

MGA further objects to this request as cumulative, duplicative, and unduly burdensome to the extent that it seeks documents previously requested by Mattel or produced by MGA in response to Mattel's document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First Set of Requests for Documents and Things to Isaac Larian.

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that REFER OR RELATE TO the conception, creation, design, development, sculpting, tooling, production and manufacture of SCOOTER SAMANTHA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.  MGA further objects to the phrase "conception, creation, design, development, sculpting, tooling, production and

666557

15

OPPOSITION TO SEPARATE STATEMENT

1    manufacture" as vague and ambiguous, MGA further objects to this request on the

2    grounds that it is overly broad and unduly burdensome in that it seeks documents not

3    relevant to the claims or defenses in this action and not reasonably calculated to lead

4    to the discovery of admissible evidence. Mattel has not demonstrated how *all*

5    DOCUMENTS that REFER OR RELATE TO "the conception, creation, design,

6    development, sculpting, tooling, production and manufacture of SCOOTER

7    SAMANTHA" could be relevant to the claims and defenses in this action. The

8    request is not limited to the subject matter of this action and is thus impermissibly

9    overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19

10    Order at 5:26-7:5 (discovery request overbroad where complaint does not even

11    reference the product). MGA further objects to this request as being overly broad and

12    unduly burdensome on the grounds that it is not limited in time. MGA further objects

13    to this request on the grounds that the terms SCOOTER SAMANTHA and REFER

14    OR RELATE TO renders the request vague, ambiguous, overly broad and unduly

15    burdensome. MGA further objects to the request to the extent that it seeks documents

16    that by reason of public filing, public distribution or otherwise are already in Mattel's

17    possession or are readily accessible to Mattel. MGA further objects to the request to

18    the extent that it seeks documents not in MGA's possession, custody or control. MGA

19    further objects to the request to the extent it seeks confidential, proprietary or

20    commercially sensitive information, the disclosure of which would be inimical to the

21    business interests of MGA.

22       MGA further objects to this request as cumulative, duplicative, and unduly

23    burdensome to the extent that it seeks documents previously requested by Mattel or

24    produced by MGA in response to Mattel's document requests, including, but not

25    limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

26    Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

27    and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

28    Isaac Larian.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

**REQUEST FOR PRODUCTION NO. 45:**

A sample of each doll or other product that, whether in whole or in part, has been sold as or under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the term SCOOTER SAMANTHA. MGA further objects to the request to the extent it seeks the production of tangible items that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks tangible items not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how samples of each doll or other product that has been sold under the name SCOOTER SAMANTHA or as part of the SCOOTER SAMANTHA line could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time or geographic scope. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the request

666557

17

1  to the extent that it seeks documents that by reason of public filing, public distribution

2  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

3  MGA further objects to the request to the extent that it seeks documents not in MGA's

4  possession, custody or control.  MGA further objects to the request to the extent it

5  seeks confidential, proprietary or commercially sensitive information, the disclosure

6  of which would be inimical to the business interests of MGA.

7      MGA further objects to this request as cumulative, duplicative, and unduly

8  burdensome to the extent that it seeks documents previously requested by Mattel or

9  produced by MGA in response to Mattel's document requests, including, but not

10  limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests

11  for Documents and Things to Isaac Larian.

12  **REQUEST FOR PRODUCTION NO. 46:**

13      All prototypes, models, samples and , tangible items that REFER OR RELATE

14  TO SCOOTER SAMANTHA.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

16      MGA incorporates by reference its General Response and General Objections

17  above, as though fully set forth herein and specifically incorporates General Objection

18  No. 15 (regarding Definitions), including without limitation MGA's objection to the

19  definition of the terms REFER OR RELATE TO SCOOTER SAMANTHA.  MGA

20  further objects to the request to the extent it seeks the production of tangible items

21  that are protected from disclosure under any applicable privilege, doctrine or

22  immunity, including without limitation the attorney-client privilege, the work product

23  doctrine, the right of privacy, and all other privileges recognized under the

24  constitutional, statutory or decisional law of the United States of America, the State of

25  California or any other applicable jurisdiction.  MGA further objects to this request on

26  the grounds that it is overly broad and unduly burdensome in that it seeks tangible

27  items not relevant to the claims or defenses in this action and not reasonably

28  calculated to lead to the discovery of admissible evidence.  Mattel has not

666557

**OPPOSITION TO SEPARATE STATEMENT**

1   demonstrated how all prototypes, models, samples and tangible items that REFER OR
2   RELATE TO SCOOTER SAMANTHA line could be relevant to the claims and
3   defenses in this action.  The request is not limited to the subject matter of this action
4   and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at
5   21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where
6   complaint does not even reference the product).  MGA further objects to this request
7   as being overly broad and unduly burdensome on the grounds that it is not limited in
8   time or geographic scope.  MGA further objects to this request on the grounds that the
9   terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request
10  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the
11  phrase "prototypes, models, samples and tangible items" as vague and ambiguous.
12  MGA further objects to the request to the extent that it seeks documents not in MGA's
13  possession, custody or control.  MGA further objects to the request to the extent it
14  seeks confidential, proprietary or commercially sensitive information, the disclosure
15  of which would be inimical to the business interests of MGA.

16      MGA further objects to this request as cumulative, duplicative, and unduly
17  burdensome to the extent that it seeks documents previously requested by Mattel or
18  produced by MGA in response to Mattel's document requests, including, but not
19  limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests
20  for Documents and Things to Isaac Larian.

21  **REQUEST FOR PRODUCTION NO. 47:**

22      All prototypes, models, samples and tangible items that REFER OR RELATE
23  TO SCOOTER SHANNEN.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

25      MGA incorporates by reference its General Response and General Objections
26  above, as though fully set forth herein and specifically incorporates General Objection
27  No. 15 (regarding Definitions), including without limitation MGA's objection to the
28  definition of the terms REFER OR RELATE TO SCOOTER SHANNEN.  MGA

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 further objects to the request to the extent it seeks the production of tangible items

2 that are protected from disclosure under any applicable privilege, doctrine or

3 immunity, including without limitation the attorney-client privilege, the work product

4 doctrine, the right of privacy, and all other privileges recognized under the

5 constitutional, statutory or decisional law of the United States of America, the State of

6 California or any other applicable jurisdiction.  MGA further objects to this request on

7 the grounds that it is overly broad and unduly burdensome in that it seeks tangible

8 items not relevant to the claims or defenses in this action and not reasonably

9 calculated to lead to the discovery of admissible evidence.  Mattel has not

10 demonstrated how all prototypes, models, samples and tangible items that REFER OR

11 RELATE TO SAMANTHA SHANNEN line could be relevant to the claims and

12 defenses in this action.  The request is not limited to the subject matter of this action

13 and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

14 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

15 complaint does not even reference the product).  MGA further objects to this request

16 as being overly broad and unduly burdensome on the grounds that it is not limited in

17 time or geographic scope.  MGA further objects to this request on the grounds that the

18 terms SCOOTER SHANNEN and REFER OR RELATE TO renders the request

19 vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

20 phrase "prototypes, models, samples and tangible items" as vague and ambiguous.

21 MGA further objects to the request to the extent that it seeks documents not in MGA's

22 possession, custody or control.  MGA further objects to the request to the extent it

23 seeks confidential, proprietary or commercially sensitive information, the disclosure

24 of which would be inimical to the business interests of MGA.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26 burdensome to the extent that it seeks documents previously requested by Mattel or

27 produced by MGA in response to Mattel's document requests, including, but not

28

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard
Nineteenth Floor
Los Angeles, California 90067
310-553-3000

1 limited to:  Request Nos. 184-185, 215, and 217 from Mattel's First Set of Requests

2 for Documents and Things to Isaac Larian.

3 **REQUEST FOR PRODUCTION NO. 48:**

4     All DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA as

5 it was first presented to YOU.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

7     MGA incorporates by reference its General Response and General Objections

8 above, as though fully set forth herein and specifically incorporates General Objection

9 No. 15 (regarding Definitions), including without limitation MGA's objection to the

10 definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.

11 MGA further objects to the request to the extent it seeks the production of documents

12 that are protected from disclosure under any applicable privilege, doctrine or

13 immunity, including without limitation the attorney-client privilege, the work product

14 doctrine, the right of privacy, and all other privileges recognized under the

15 constitutional, statutory or decisional law of the United States of America, the State of

16 California or any other applicable jurisdiction.  MGA further objects to this request on

17 the grounds that it is overly broad and unduly burdensome in that it seeks documents

18 not relevant to the claims or defenses in this action and not reasonably calculated to

19 lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

20 DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA "as it was

21 first presented to" MGA could be relevant to the claims and defenses in this action.

22 The request is not limited to the subject matter of this action and is thus

23 impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

24 also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

25 not even reference the product).  MGA further objects to this request as being overly

26 broad and unduly burdensome on the grounds that it is not limited in time.  MGA

27 further objects to this request on the grounds that the terms SCOOTER SAMANTHA

28 and REFER OR RELATE TO renders the request vague, ambiguous, overly broad

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  and unduly burdensome.  MGA further objects to the phrase "as it was first presented"

2  as vague and ambiguous.  MGA further objects to the request to the extent that it

3  seeks documents that by reason of public filing, public distribution or otherwise are

4  already in Mattel's possession or are readily accessible to Mattel.  MGA further

5  objects to the request to the extent that it seeks documents not in MGA's possession,

6  custody or control.  MGA further objects to the request to the extent it seeks

7  confidential, proprietary or commercially sensitive information, the disclosure of

8  which would be inimical to the business interests of MGA.

9      MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA in response to Mattel's document requests, including, but not

12  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

13  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

14  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

15  Isaac Larian.

16  **REQUEST FOR PRODUCTION NO. 49:**

17      All DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA

18  prior to January 1, 2002.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

20      MGA incorporates by reference its General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General Objection

22  No. 15 (regarding Definitions), including without limitation MGA's objection to the

23  definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.

24  MGA further objects to the request to the extent it seeks the production of documents

25  that are protected from disclosure under any applicable privilege, doctrine or

26  immunity, including without limitation the attorney-client privilege, the work product

27  doctrine, the right of privacy, and all other privileges recognized under the

28  constitutional, statutory or decisional law of the United States of America, the State of

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  California or any other applicable jurisdiction. MGA further objects to this request on

2  the grounds that it is overly broad and unduly burdensome in that it seeks documents

3  not relevant to the claims or defenses in this action and not reasonably calculated to

4  lead to the discovery of admissible evidence. Mattel has not demonstrated how all

5  DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA could be

6  relevant to the claims and defenses in this action. The request is not limited to the

7  subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

8  at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

9  request overbroad where complaint does not even reference the product). MGA

10  further objects to this request on the grounds that the terms SCOOTER SAMANTHA

11  and REFER OR RELATE TO renders the request vague, ambiguous, overly broad

12  and unduly burdensome. MGA further objects to the request to the extent that it seeks

13  documents that by reason of public filing, public distribution or otherwise are already

14  in Mattel's possession or are readily accessible to Mattel. MGA further objects to the

15  request to the extent that it seeks documents not in MGA's possession, custody or

16  control. MGA further objects to the request to the extent it seeks confidential,

17  proprietary or commercially sensitive information, the disclosure of which would be

18  inimical to the business interests of MGA.

19      MGA further objects to this request as cumulative, duplicative, and unduly

20  burdensome to the extent that it seeks documents previously requested by Mattel or

21  produced by MGA in response to Mattel's document requests, including, but not

22  limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

23  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

24  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

25  Isaac Larian.

26

27

28

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  **REQUEST FOR PRODUCTION NO. 50:**

2      All DOCUMENTS that REFER OR RELATE TO SCOOTER SHANNEN and

3  REFER OR RELATE TO the time period prior to January 1, 2002 (regardless of when

4  such DOCUMENT was created, drafted, generated, sent, received or transmitted).

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

6      MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General Objection

8  No. 15 (regarding Definitions), including without limitation MGA's objection to the

9  definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.

10  MGA further objects to the request to the extent it seeks the production of documents

11  that are protected from disclosure under any applicable privilege, doctrine or

12  immunity, including without limitation the attorney-client privilege, the work product

13  doctrine, the right of privacy, and all other privileges recognized under the

14  constitutional, statutory or decisional law of the United States of America, the State of

15  California or any other applicable jurisdiction.  MGA further objects to this request on

16  the grounds that it is overly broad and unduly burdensome in that it seeks documents

17  not relevant to the claims or defenses in this action and not reasonably calculated to

18  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

19  DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA and REFER

20  OR RELATE to the time period prior to January 1, 2002 could be relevant to the

21  claims and defenses in this action.  The request is not limited to the subject matter of

22  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

23  22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad

24  where complaint does not even reference the product).  MGA further objects to this

25  request on the grounds that the terms SCOOTER SAMANTHA and REFER OR

26  RELATE TO renders the request vague, ambiguous, overly broad and unduly

27  burdensome.  MGA further objects to the request to the extent that it seeks documents

28  that by reason of public filing, public distribution or otherwise are already in Mattel's

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  possession or are readily accessible to Mattel.  MGA further objects to the request to

2  the extent that it seeks documents not in MGA's possession, custody or control.  MGA

3  further objects to the request to the extent it seeks confidential, proprietary or

4  commercially sensitive information, the disclosure of which would be inimical to the

5  business interests of MGA.

6       MGA further objects to this request as cumulative, duplicative, and unduly

7  burdensome to the extent that it seeks documents responsive to Request No. 49, and

8  previously requested by Mattel or produced by MGA in response to Mattel's

9  document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel,

10  Inc.'s First Set of Requests for Documents and Things re Claims of Unfair

11  Competition to MGA Entertainment, Inc.; and Request No. 229 from Mattel's First

12  Set of Requests for Documents and Things to Isaac Larian.

13  **REQUEST FOR PRODUCTION NO. 51:**

14       All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in

15  connection with or role in SCOOTER SAMANTHA.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

17       MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General Objection

19  No. 15 (regarding Definitions), including without limitation MGA's objection to the

20  definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO.

21  MGA further objects to the request to the extent it seeks the production of documents

22  that are protected from disclosure under any applicable privilege, doctrine or

23  immunity, including without limitation the attorney-client privilege, the work product

24  doctrine, the right of privacy, and all other privileges recognized under the

25  constitutional, statutory or decisional law of the United States of America, the State of

26  California or any other applicable jurisdiction.  MGA further objects to this request on

27  the grounds that it is overly broad and unduly burdensome in that it seeks documents

28  not relevant to the claims or defenses in this action and not reasonably calculated to

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1  lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

2  DOCUMENTS that REFER OR RELATE TO SCOOTER SAMANTHA and REFER

3  OR RELATE to the time period prior to January 1, 2002 could be relevant to the

4  claims and defenses in this action.  The request is not limited to the subject matter of

5  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

6  22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad

7  where complaint does not even reference the product).  MGA further objects to this

8  request on the grounds that the terms SCOOTER SAMANTHA and REFER OR

9  RELATE TO renders the request vague, ambiguous, overly broad and unduly

10  burdensome.  MGA further objects to the request to the extent that it seeks documents

11  that by reason of public filing, public distribution or otherwise are already in Mattel's

12  possession or are readily accessible to Mattel.  MGA further objects to the request to

13  the extent that it seeks documents not in MGA's possession, custody or control.  MGA

14  further objects to the request to the extent it seeks confidential, proprietary or

15  commercially sensitive information, the disclosure of which would be inimical to the

16  business interests of MGA.

17          MGA further objects to this request as cumulative, duplicative, and unduly

18  burdensome to the extent that it seeks documents responsive to Request No. 49, and

19  previously requested by Mattel or produced by MGA in response to Mattel's

20  document requests, including, but not limited to:  Request Nos. 5 and 39 from Mattel,

21  Inc.'s First Set of Requests for Documents and Things re Claims of Unfair

22  Competition to MGA Entertainment, Inc., and Request No. 229 from Mattel's First

23  Set of Requests for Documents and Things to Isaac Larian.

24  **REQUEST FOR PRODUCTION NO. 52:**

25          All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in

26  connection with or role in SCOOTER SAMANTHA.

27

28

666557

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 15 (regarding Definitions), including without limitation MGA's objection to the definition of the terms SCOOTER SAMANTHA and REFER OR RELATE TO. MGA further objects to the request to the extent it seeks the production of documents that are protected from disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this request on the grounds that it is overly broad and unduly burdensome in that it seeks documents not relevant to the claims or defenses in this action and not reasonably calculated to lead to the discovery of admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in connection with or role in SCOOTER SAMANTHA could be relevant to the claims and defenses in this action. The request is not limited to the subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does not even reference the product). MGA further objects to this request as being overly broad and unduly burdensome on the grounds that it is not limited in time. MGA further objects to this request on the grounds that the terms SCOOTER SAMANTHA and REFER OR RELATE TO renders the request vague, ambiguous, overly broad and unduly burdensome. MGA further objects to the phrase "work in connection with or role in" as vague and ambiguous. MGA further objects to the request to the extent that it seeks documents not in MGA's possession, custody or control. MGA further objects to the request to the extent it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business

666557

OPPOSITION TO SEPARATE STATEMENT

1  interests of MGA. MGA further objects to this request as cumulative, duplicative,

2  and unduly burdensome to the extent that it seeks documents previously requested by

3  Mattel or produced by MGA in response to Mattel's document requests.

4  **REQUEST FOR PRODUCTION NO. 53:**

5      DOCUMENTS sufficient to show the first manufacture date of each and every

6  SCOOTER SAMANTHA product.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

8      MGA incorporates by reference its General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General Objection

10  No. 15 (regarding Definitions), including without limitation MGA's objection to the

11  definition of the term SCOOTER SAMANTHA. MGA further objects to the request

12  to the extent it seeks the production of documents that are protected from disclosure

13  under any applicable privilege, doctrine or immunity, including without limitation the

14  attorney-client privilege, the work product doctrine, the right of privacy, and all other

15  privileges recognized under the constitutional, statutory or decisional law of the

16  United States of America, the State of California or any other applicable jurisdiction.

17  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

18  MGA further objects to this request on the grounds that it is overly broad and unduly

19  burdensome in that it seeks documents not relevant to the claims or defenses in this

20  action and not reasonably calculated to lead to the discovery of admissible evidence.

21  Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first

22  manufacture date of each and every SCOOTER SAMANTHA product could be

23  relevant to the claims and defenses in this action. The request is not limited to the

24  subject matter of this action and is thus impermissibly overbroad. See Aug. 13 Order

25  at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

26  request overbroad where complaint does not even reference the product). MGA

27  further objects to this request on the grounds that the term SCOOTER SAMANTHA

28  renders the request vague, ambiguous, overly broad and unduly burdensome. MGA

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1   further objects to this request as being overly broad and unduly burdensome on the

2   grounds that it is not limited in geographic scope.  MGA further objects to the request

3   to the extent that it seeks documents that by reason of public filing, public distribution

4   or otherwise are already in Mattel's possession or are readily accessible to Mattel.

5   MGA further objects to the request to the extent that it seeks documents not in MGA's

6   possession, custody or control.  MGA. further objects to the request to the extent it

7   seeks confidential, proprietary or commercially sensitive information, the disclosure

8   of which would be inimical to the business interests of MGA.

9       MGA further objects to this request as cumulative, duplicative, and unduly

10  burdensome to the extent that it seeks documents previously requested by Mattel or

11  produced by MGA in response to Mattel's document requests, including, but not

12  limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

13  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

14  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

15  Isaac Larian.

16  **REQUEST FOR PRODUCTION NO. 54:**

17      DOCUMENTS sufficient to show the first ship date of each and every

18  SCOOTER SAMANTHA product.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

20      MGA incorporates by reference its General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General Objection

22  No. 15 (regarding Definitions), including without limitation MGA's objection to the

23  definition of the term SCOOTER SAMANTHA.  MGA further objects to the request

24  to the extent it seeks the production of documents that are protected from disclosure

25  under any applicable privilege, doctrine or immunity, including without limitation the

26  attorney-client privilege, the work product doctrine, the right of privacy, and all other

27  privileges recognized under the constitutional, statutory or decisional law of the

28  United States of America, the State of California or any other applicable jurisdiction.

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

2  MGA further objects to this request on the grounds that it is overly broad and unduly

3  burdensome in that it seeks documents not relevant to the claims or defenses in this

4  action and not reasonably calculated to lead to the discovery of admissible evidence.

5  Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first ship

6  date of each and every SCOOTER SAMANTHA product could be relevant to the

7  claims and defenses in this action.  The request is not limited to the subject matter of

8  this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20;

9  May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request

10  overbroad where complaint does not even reference the product).  MGA further

11  objects to this request as being overly broad and unduly burdensome on the grounds

12  that it is not limited in geographic scope.  MGA further objects to this request on the

13  grounds that the term SCOOTER SAMANTHA renders the request vague,

14  ambiguous, overly broad and unduly burdensome.  MGA further objects to the request

15  to the extent that it seeks documents that by reason of public filing, public distribution

16  or otherwise are already in Mattel's possession or are readily accessible to Mattel.

17  MGA further objects to the request to the extent that it seeks documents not in MGA's

18  possession, custody or control.  MGA further objects to the request to the extent it

19  seeks confidential, proprietary or commercially sensitive information, the disclosure

20  of which would be inimical to the business interests of MGA.  Such information may

21  also be subject to protective orders governing other litigations thereby precluding

22  disclosure in response to this request.  MGA further objects to the request to the

23  extent it violates the privacy rights of third parties to their private, confidential,

24  proprietary or trade secret information.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

666557

OPPOSITION TO SEPARATE STATEMENT