LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

2  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

3  Isaac Larian.

4  **REQUEST FOR PRODUCTION NO. 55:**

5      DOCUMENTS sufficient to show YOUR revenues from SCOOTER

6  SAMANTHA.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

8      MGA incorporates by reference its General Response and General Objections

9  above, as though fully set forth herein and specifically incorporates General Objection

10  No. 15 (regarding Definitions), including without limitation MGA's objection to the

11  definition of the term SCOOTER SAMANTHA.  MGA further objects to the request

12  to the extent it seeks the production of documents that are protected from disclosure

13  under any applicable privilege, doctrine or immunity, including without limitation the

14  attorney-client privilege, the work product doctrine, the right of privacy, and all other

15  privileges recognized under the constitutional, statutory or decisional law of the

16  United States of America, the State of California or any other applicable jurisdiction,

17  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

18  MGA further objects to this request on the grounds that it is overly broad and unduly

19  burdensome in that it seeks documents not relevant to the claims or defenses in this

20  action and not reasonably calculated to lead to the discovery of admissible evidence.

21  Mattel has not demonstrated how DOCUMENTS "sufficient to show" MGA's

22  revenues from SCOOTER SAMANTHA could be relevant to the claims and defenses

23  in this action.  The request is not limited to the subject matter of this action and is thus

24  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

25  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

26  not even reference the product).  MGA further objects to this request as being overly

27  broad and unduly burdensome on the grounds that it is not limited in time or

28  geographic scope.  MGA further objects to this request on the grounds that the term

666557

1  SCOOTER SAMANTHA renders the request vague, ambiguous, overly broad and

2  unduly burdensome. MGA further objects to the request to the extent it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of

4  which would be inimical to the business interests of MGA.

5       MGA further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by MGA in response to Mattel's document requests, including, but not

8  limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

9  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

10  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

11  Isaac Larian.

12  **REQUEST FOR PRODUCTION NO. 56:**

13       All DOCUMENTS that REFER OR RELATE TO when and under what

14  circumstances SPACE BABES was first conceived of, including without limitation all

15  such DOCUMENTS that identify the PERSON who conceived of SPACE BABES.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

17       MGA incorporates by reference its General Response and General Objections

18  above, as though fully set forth herein and specifically incorporates General Objection

19  No. 15 (regarding Definitions), including without limitation MGA's objection to the

20  definition of the terms SPACE BABES and REFER OR RELATE TO. MGA further

21  objects to the request to the extent it seeks the production of documents that are

22  protected from disclosure under any applicable privilege, doctrine or immunity,

23  including without limitation the attorney-client privilege, the work product doctrine,

24  the right of privacy, and all other privileges recognized under the constitutional,

25  statutory or decisional law of the United States of America, the State of California or

26  any other applicable jurisdiction. MGA further, objects to the phrase "first conceived

27  of as vague and ambiguous. MGA further objects to this request on the grounds that

28  it is overly broad and unduly burdensome in that it seeks documents not relevant to

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1  the claims or defenses in this action and not reasonably calculated to lead to the

2  discovery of admissible evidence.  Mattel has not demonstrated how *all*

3  DOCUMENTS that REFER OR RELATE TO when and under what circumstances

4  SPACE BABES was first conceived of could be relevant to the claims and defenses in

5  this action.  The request is not limited to the subject matter of this action and is thus

6  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

7  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

8  not even reference the product).  MGA further objects to this request as being overly

9  broad and unduly burdensome on the grounds that it is not limited in time.  MGA

10  further objects to this request on the grounds that the terms SPACE BABES and

11  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

12  unduly burdensome.  MGA further objects to the request to the extent that it seeks

13  documents that by reason of public filing, public distribution or otherwise are already

14  in Mattel's possession or are readily accessible to Mattel.  MGA further objects to the

15  request to the extent that it seeks documents not in MGA's possession, custody or

16  control.  MGA further objects to the request to the extent it seeks confidential,

17  proprietary or commercially sensitive information, the disclosure of which would be

18  inimical to the business interests of MGA.

19       MGA further objects to this request as cumulative, duplicative, and unduly

20  burdensome to the extent that it seeks documents previously requested by Mattel or

21  produced by MGA in response to Mattel's document requests, including, but not

22  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

23  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

24  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

25  Isaac Larian.

26

27

28

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  **REQUEST FOR PRODUCTION NO. 57:**

2      All DOCUMENTS that REFER OR RELATE TO the conception, creation,

3  design, development, sculpting, tooling, production and manufacture of SPACE

4  BABES.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

6      MGA incorporates by reference its General Response and General Objections

7  above, as though fully set forth herein and specifically incorporates General Objection

8  No. 15 (regarding Definitions), including without limitation MGA's objection to the

9  definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

10  objects to the request to the extent it seeks the production of documents that are

11  protected from disclosure under any applicable privilege, doctrine or immunity,

12  including without limitation the attorney-client privilege, the work product doctrine,

13  the right of privacy, and all other privileges recognized under the constitutional,

14  statutory or decisional law of the United States of America, the State of California or

15  any other applicable jurisdiction.  MGA further objects to this request on the grounds

16  that it is overly broad and unduly burdensome in that it seeks documents not relevant

17  to the claims or defenses in this action and not reasonably calculated to lead to the

18  discovery of admissible evidence.  Mattel has not demonstrated how *all*

19  DOCUMENTS that REFER OR RELATE TO "the conception, creation, design,

20  development, sculpting, tooling, production and manufacture of SPACE BABES"

21  could be relevant to the claims and defenses in this action.  The request is not limited

22  to the subject matter of this action and is thus impermissibly overbroad.  See Aug. 13

23  Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5

24  (discovery request overbroad where complaint does not even reference the product).

25  MGA further objects to this request as being overly broad and unduly burdensome on

26  the grounds that it is not limited in time.  MGA further objects to this request on the

27  grounds that the terms SPACE BABES and REFER OR RELATE TO renders the

28  request vague, ambiguous, overly broad and unduly burdensome.  MGA further

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  objects to the phrase "conception, creation, design, development, sculpting, tooling,

2  production and manufacture" as vague and ambiguous.  MGA further objects to the

3  request to the extent that it seeks documents that by reason of public filing, public

4  distribution or otherwise are already in Mattel's possession or are readily accessible to

5  Mattel.  MGA further objects to the request to the extent that it seeks documents not

6  in MGA's possession, custody or control.  MGA further objects to the request to the

7  extent it seeks confidential, proprietary or commercially sensitive information, the

8  disclosure of which would be inimical to the business interests of MGA.

9       MGA further objects to this request as cumulative, duplicative, and unduly

10 burdensome to the extent that it seeks documents previously requested by Mattel or

11 produced by MGA in response to Mattel's document requests, including, but not

12 limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

13 Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

14 and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

15 Isaac Larian.

16 **REQUEST FOR PRODUCTION NO. 58:**

17      A sample of each doll or other product that, whether in whole or in part, has

18 been sold as or under the name SPACE BABES or as part of the SPACE BABES line.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

20      A sample of each doll or other product that, whether in whole or in part, has

21 been sold as or under the name SPACE BABES or as part of the SPACE BABES line.

22 **REQUEST FOR PRODUCTION NO. 59:**

23      All prototypes, models, samples and tangible items that REFER OR RELATE

24 TO SPACE BABES.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

26      MGA incorporates by reference its General Response and General Objections

27 above, as though fully set forth herein and specifically incorporates General Objection

28 No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

1   definition of the terms REFER OR RELATE TO SPACE BABES.  MGA further

2   objects to the request to the extent it seeks the production of tangible items that are

3   protected from disclosure under any applicable privilege, doctrine or immunity,

4   including without limitation the attorney-client privilege, the work product doctrine,

5   the right of privacy, and all other privileges recognized under the constitutional,

6   statutory or decisional law of the United States of America, the State of California or

7   any other applicable jurisdiction.  MGA further objects to this request on the grounds

8   that it is overly broad and unduly burdensome in that it seeks tangible items not

9   relevant to the claims or defenses in this action and not reasonably calculated to lead

10  to the discovery of admissible evidence.  Mattel has not demonstrated how all

11  prototypes, models, samples and tangible items that REFER OR RELATE TO SPACE

12  BABES line could be relevant to the claims and defenses in this action.  The request

13  is not limited to the subject matter of this action and is thus impermissibly overbroad.

14  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at

15  5:26-7:5 (discovery request overbroad where complaint does not even reference the

16  product).  MGA further objects to this request as being overly broad and unduly

17  burdensome on the grounds that it is not limited in time or geographic scope.  MGA

18  further objects to this request on the grounds that the terms SPACE BABES and

19  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

20  unduly burdensome.  MGA further objects to the phrase "prototypes, models, samples

21  and tangible items" as vague and ambiguous.  MGA further objects to the request to

22  the extent that it seeks documents not in MGA's possession, custody or control.  MGA

23  further objects to the request to the extent it seeks confidential, proprietary or

24  commercially sensitive information, the disclosure of which would be inimical to the

25  business interests of MGA.

26        MGA further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by MGA in response to Mattel's document requests, including, but not

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

OPPOSITION TO SEPARATE STATEMENT

1   limited to:  Request Nos. 184, 185, 215, and 217 from Mattel's First Set of Requests

2   for Documents and Things to Isaac Larian.

3   **REQUEST FOR PRODUCTION NO. 60:**

4       All DOCUMENTS that REFER OR RELATE TO SPACE BABES as it was

5   first presented to YOU.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

7       MGA incorporates by reference its General Response and General Objections

8   above, as though fully set forth herein and specifically incorporates General Objection

9   No. 15 (regarding Definitions), including without limitation MGA's objection to the

10   definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

11   objects to the request to the extent it seeks the production of documents that are

12   protected from disclosure under any applicable privilege, doctrine or immunity,

13   including without limitation the attorney-client privilege, the work product doctrine,

14   the right of privacy, and all other privileges recognized under the constitutional,

15   statutory or decisional law of the United States of America, the State of California or

16   any other applicable jurisdiction.  MGA further objects to this request on the grounds

17   that it is overly broad and unduly burdensome in that it seeks documents not relevant

18   to the claims or defenses in this action and not reasonably calculated to lead to the

19   discovery of admissible evidence.  Mattel has not demonstrated how *all*

20   DOCUMENTS that REFER OR RELATE TO SPACE BABES "as it was first

21   presented to" MGA could be relevant to the claims and defenses in this action.  The

22   request is not limited to the subject matter of this action and is thus impermissibly

23   overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19

24   Order at 5:26-7:5 (discovery request overbroad where complaint does not even

25   reference the product).  MGA further objects to this request on the grounds that the

26   terms SPACE BABES and REFER OR RELATE TO renders the request vague,

27   ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase

28   "as it was first presented" as vague and ambiguous.  MGA further objects to the

666557

OPPOSITION TO SEPARATE STATEMENT

1  request to the extent that it seeks documents not in MGA's possession, custody or

2  control.  MGA further objects to the request to the extent it seeks confidential,

3  proprietary or commercially sensitive information, the disclosure of which would be

4  inimical to the business interests of MGA.

5        MGA further objects to this request as cumulative, duplicative, and unduly

6  burdensome to the extent that it seeks documents previously requested by Mattel or

7  produced by MGA in response to Mattel's document- requests, including, but not

8  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

9  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

10 and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

11 Isaac Larian.

12 **REQUEST FOR PRODUCTION NO. 61:**

13       All DOCUMENTS that REFER OR RELATE TO SPACE BABES prior to

14 January 1, 2005.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

16       MGA incorporates by reference its General Response and General Objections

17 above, as though fully set forth herein and specifically incorporates General Objection

18 No. 15 (regarding Definitions), including without limitation MGA's objection to the

19 definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

20 objects to the request to the extent it seeks the production of documents that are

21 protected from disclosure under any applicable privilege, doctrine or immunity,

22 including without limitation the attorney-client privilege, the work product doctrine,

23 the right of privacy, and all other privileges recognized under the constitutional,

24 statutory or decisional law of the United States of America, the State of California or

25 any other applicable jurisdiction.  MGA further objects to this request on the grounds

26 that it is overly broad and unduly burdensome in that it seeks documents not relevant

27 to the claims or defenses in this action and not reasonably calculated to lead to the

28 discovery of admissible evidence.  Mattel, has not demonstrated how *all*

666557

1  DOCUMENTS that REFER OR RELATE TO SPACE BABES prior to January 1,

2  2005 could be relevant to the claims and defenses in this action. The request is not

3  limited to the subject matter of this action and is thus impermissibly overbroad. See

4  Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-

5  7:5 (discovery request overbroad where complaint does not even reference the

6  product). MGA further objects to this request on the grounds that the terms SPACE

7  BABES and REFER OR RELATE TO renders the request vague, ambiguous, overly

8  broad and unduly burdensome. MGA further objects to the request to the extent that

9  it seeks documents that by reason of public filing, public distribution or otherwise are

10  already in Mattel's possession or are readily accessible to Mattel. MGA further

11  objects to the request to the extent that it seeks documents not in MGA's possession,

12  custody or control. MGA further objects to the request to the extent it seeks

13  confidential, proprietary or commercially sensitive information, the disclosure of

14  which would be inimical to the business interests of MGA.

15      MGA further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by MGA in response to Mattel's document requests, including, but not

18  limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

19  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

20  and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

21  Isaac Larian.

22  **REQUEST FOR PRODUCTION NO. 62:**

23      All DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in

24  connection with or role in SPACE BABES.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

26      MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General Objection

28  No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

**OPPOSITION TO SEPARATE STATEMENT**

1  definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

2  objects to the request to the extent it seeks the production of documents that are

3  protected from disclosure under any applicable privilege, doctrine or immunity,

4  including without limitation the attorney-client privilege, the work product doctrine,

5  the right of privacy, and all other privileges recognized under the constitutional,

6  statutory or decisional law of the United States of America, the State of California or

7  any other applicable jurisdiction.  MGA further objects to this request on the grounds

8  that it is overly broad and unduly burdensome in that it seeks documents not relevant

9  to the claims or defenses in this action and not reasonably calculated to lead to the

10  discovery of admissible evidence.  Mattel has not demonstrated how *all*

11  DOCUMENTS that REFER OR RELATE TO Paula Garcia's work in connection with

12  or role in SPACE BABES could be relevant to the claims and defenses in this action.

13  The request is not limited to the subject matter of this action and is thus

14  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

15  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

16  not even reference the product).  MGA further objects to this request as being overly

17  broad and unduly burdensome on the grounds that it is not limited in time.  MGA

18  further objects to this request on the grounds that the terms SPACE BABES and

19  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

20  unduly burdensome.  MGA further objects to the phrase "work in connection with or

21  role in" as vague and ambiguous.  MGA further objects to the request to the extent

22  that it seeks documents not in MGA's possession, custody or control.  MGA further

23  objects to the request to the extent it seeks confidential, proprietary or commercially

24  sensitive information, the disclosure of which would be inimical to the business

25  interests of MGA.

26  　　MGA further objects to this request as cumulative, duplicative, and unduly

27  burdensome to the extent that it seeks documents previously requested by Mattel or

28  produced by MGA in response to Mattel's document requests, including, but not

666557

OPPOSITION TO SEPARATE STATEMENT

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

2   Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

3   and Request No. 229 from Mattel's First Set of Requests for Documents and Things to

4   Isaac Larian.

5   **REQUEST FOR PRODUCTION NO. 63:**

6        All DESIGNS conceived of, made, produced or created, whether in whole or in

7   part, by Scot Reyes in connection with SPACE BABES.

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

9        MGA incorporates by reference its General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General Objection

11  No. 15 (regarding Definitions), including without limitation MGA's objection to the

12  definition of the terms DESIGNS and SPACE BABES.  MGA further objects to the

13  request to the extent it seeks the production of documents that are protected from

14  disclosure under any applicable privilege, doctrine or immunity, including without

15  limitation the attorney-client privilege, the work product doctrine, the right of privacy,

16  and all other privileges recognized under the constitutional, statutory or decisional

17  law of the United States of America, the State of California or any other applicable

18  jurisdiction.  MGA further objects to this request on the grounds that it is overly broad

19  and unduly burdensome in that it seeks documents not relevant to the claims or

20  defenses in this action and not reasonably calculated to lead to the discovery of

21  admissible evidence.  Mattel has not demonstrated how all DESIGNS conceived of,

22  made, produced or created by Scot Reyes in connection with SPACE BABES could

23  be relevant to the claims and defenses in this action.  The request is not limited to the

24  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

25  at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

26  request overbroad where complaint does not even reference the product).  MGA

27  further objects to this request as being overly broad and unduly burdensome on the

28  grounds that it is not limited in time.  MGA further objects to this request on the

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1   grounds that the terms DESIGN and SPACE BABES render the request vague,

2   ambiguous, overly broad and unduly burdensome.  MGA further objects to the phrase

3   "conceived of; made, produced or created" as vague and ambiguous.  MGA further

4   objects to the request to the extent that it seeks documents not in MGA' s possession,

5   custody or control.  MGA further objects to the request to the extent it seeks

6   confidential, proprietary or commercially sensitive information, the disclosure of

7   which would be inimical to the business interests of MGA.

8        MGA further objects to this request as cumulative, duplicative, and unduly

9   burdensome to the extent that it seeks documents previously requested by Mattel or

10  produced by MGA in response to Mattel's document requests, including, but not

11  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

12  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

13  **REQUEST FOR PRODUCTION NO. 64:**

14       All DOCUMENTS that REFER OR RELATE TO DESIGNS conceived of,

15  made, produced or created, whether in whole or in part, by Scot Reyes in connection

16  with SPACE BABES.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

18       MGA incorporates by reference its General Response and General Objections

19  above, as though fully set forth herein and specifically incorporates General Objection

20  No. 15 (regarding Definitions), including without limitation MGA's objection to the

21  definition of the terms DESIGN, SPACE BABES and REFER OR RELATE TO.

22  MGA further objects to the request to the extent it seeks the production of documents

23  that are protected from disclosure under any applicable privilege, doctrine or

24  immunity, including without limitation the attorney-client privilege, the work product

25  doctrine, the right of privacy, and all other privileges recognized under the

26  constitutional, statutory or decisional law of the United States of America, the State of

27  California or any other applicable jurisdiction.  MGA further objects to this request on

28  the grounds that it is overly broad and unduly burdensome in that it seeks documents

666557

OPPOSITION TO SEPARATE STATEMENT

1   not relevant to the claims or defenses in this action and not reasonably calculated to

2   lead to the discovery of admissible evidence.  Mattel has not demonstrated how *all*

3   DOCUMENTS that REFER OR RELATE; TO DESIGNS "conceived of, made,

4   produced or created" by Scot Reyes in connection with SPACE BABES could be

5   relevant to the claims and defenses in this action.  The request is not limited to the

6   subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

7   at 9:17-20; May 22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery

8   request overbroad where complaint does not even reference the product).  MGA

9   further objects to this request as being overly broad and unduly burdensome on the

10  grounds that it is not limited in time.  MGA further objects to this request on the

11  grounds that the terms DESIGN, SPACE BABES and REFER OR RELATE TO

12  renders the request vague, ambiguous, overly broad and unduly burdensome.  MGA

13  further objects to the phrase "conceived of, made, produced or created" as vague and

14  ambiguous.  MGA further objects to the request to the extent that it seeks documents

15  not in MGA's possession, custody or control.  MGA further objects to the request to

16  the extent it seeks confidential, proprietary or commercially sensitive information, the

17  disclosure of which would be inimical to the business interests of MGA.

18      MGA further objects to this request as cumulative, duplicative, and 'unduly

19  burdensome to the extent that it seeks documents previously requested by Mattel or

20  produced by MGA in response to Mattel's document requests, including, but not

21  limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

22  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

23  **REQUEST FOR PRODUCTION NO. 65:**

24      All DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in

25  connection with or role in SPACE BABES.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

27      MGA incorporates by reference its General Response and General Objections

28  above, as though fully set forth herein and specifically incorporates General Objection

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1   No. 15 (regarding Definitions), including without limitation MGA's objection to the
2   definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further
3   objects to the request to the extent it seeks the production of documents that are
4   protected from disclosure under any applicable privilege, doctrine or immunity,
5   including without limitation the attorney-client privilege, the work product doctrine,
6   the right of privacy, and all other privileges recognized under the constitutional,
7   statutory or decisional law of the United States of America, the State of California or
8   any other applicable jurisdiction.  MGA further objects to this request on the grounds
9   that it is overly broad and unduly burdensome in that it seeks documents not relevant
10  to the claims or defenses in this action and not reasonably calculated to lead to the
11  discovery of admissible evidence.  Mattel has not demonstrated how *all*
12  DOCUMENTS that REFER OR RELATE TO Scot Reyes' work in connection with or
13  role in SPACE BABES could be relevant to the claims and defenses in this action.
14  The request is not limited to the subject matter of this action and is thus
15  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see
16  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does
17  not even reference the product).  MGA further objects to this request as being overly
18  broad and unduly burdensome on the grounds that it is not limited in time.  MGA
19  further objects to this request on the grounds that the terms SPACE BABES and
20  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and
21  unduly burdensome.  MGA further objects to the phrase "work in connection with or
22  role in" as vague and ambiguous.  MGA further objects to the request to the extent
23  that it seeks documents not in MGA's possession, custody or control.  MGA further
24  objects to the request to the extent it seeks confidential, proprietary or commercially
25  sensitive information, the disclosure of which would be inimical to the business
26  interests of MGA.
27       MGA further objects to this request as cumulative, duplicative, and unduly
28  burdensome to the extent that it seeks documents previously requested by Mattel or

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1    produced by MGA in response to Mattel's document requests, including, but not

2    limited to:  Request Nos. 5 and 39 from Mattel, Int.'s First Set of Requests for

3    Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

4    **REQUEST FOR PRODUCTION NO. 66:**

5         All actual or proposed contracts and agreements between YOU and Scot Reyes

6    that REFER OR RELATE TO SPACE BABES, including without limitation all drafts

7    thereof.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

9         MGA incorporates by reference its General Response and General Objections

10   above, as though fully set forth herein and specifically incorporates General Objection

11   No. 15 (regarding Definitions), including without limitation MGA' s objection to the

12   definition of the terms.  SPACE BABES and REFER OR RELATE TO.  MGA further

13   objects to the request to the extent it seeks the production of documents that are

14   protected from disclosure under any applicable privilege, doctrine or immunity,

15   including without limitation the attorney-client privilege, the work product doctrine,

16   the right of privacy, and all other privileges recognized under the constitutional,

17   statutory or decisional law of the United States of America, the State of California or

18   any other applicable jurisdiction.  MGA further objects to this request on the grounds

19   that it is overly broad and unduly burdensome in that it seeks documents not relevant

20   to the claims or defenses in this action and not reasonably calculated to lead to the

21   discovery of admissible evidence.  Mattel has not demonstrated how all actual or

22   proposed contracts and agreements between MGA and Scot Reyes that REFER OR

23   RELATE TO SPACE BABES could be relevant to the claims and defenses in this

24   action.  The request is not limited to the subject matter of this action and is thus

25   impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

26   also April 19 Order at 5:26¬7:5 (discovery request overbroad where complaint does

27   not even reference the product).  MGA further objects to this request as being overly

28   broad and unduly burdensome on the grounds that it is not limited in time.  MGA

666557

1  further objects to this request on the grounds that the terms SPACE BABES and

2  REFER OR RELATE TO renders the request vague, ambiguous, overly broad and

3  unduly burdensome.  MGA further objects to the request to the extent that it seeks

4  documents not in MGA's possession, custody or control.  MGA further objects to the

5  request to the extent it seeks confidential, proprietary or commercially sensitive

6  information, the disclosure of which would be inimical to the business interests of

7  MGA.  MGA further, objects to the request to the extent it seeks information the

8  disclosure of which would implicate the rights of third parties to protect private,

9  confidential, proprietary or trade secret information.  MGA further objects to this

10 request as cumulative, duplicative, and unduly burdensome to the extent that it seeks

11 documents previously requested by Mattel or produced by' MGA in response to

12 Mattel's document requests.

13 **REQUEST FOR PRODUCTION NO. 67:**

14       All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot

15 Reyes for or in connection with SPACE BABES.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

17       MGA incorporates by reference its General Response and General Objections

18 above, as though fully set forth herein and specifically incorporates General Objection

19 No. 15 (regarding Definitions), including without limitation MGA's objection to the

20 definition of the terms REFER OR RELATE TO and SPACE BABES.  MGA further

21 objects to the request to the extent it seeks the production of documents that are

22 protected from disclosure under any applicable

23       privilege, doctrine or immunity, including without limitation the attorney-client

24 privilege, the work product doctrine, the right of privacy, and all other privileges

25 recognized under the constitutional, statutory or decisional law of the United States of

26 America, the State of California or any other applicable jurisdiction.  MGA further

27 objects to this request on the grounds that it is overly broad and unduly burdensome

28 in that it seeks documents not relevant to the claims or defenses in this action and not

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

2   demonstrated how *all* DOCUMENTS that REFER OR RELATE TO payments made

3   by MGA to Scot Reyes in connection with SPACE BABES could be relevant to the

4   claims and defenses in this action.  The request is not limited to the subject matter of

5   this action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May

6   22 Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad

7   where complaint does not even reference the product).  MGA further objects to this

8   request as being overly broad and unduly burdensome on the grounds that it is not

9   limited in time.  MGA further objects to this request on the grounds that the terms

10  REFER OR RELATE TO and SPACE BABES render the request vague, ambiguous,

11  overly broad and unduly burdensome.  MGA further objects to the request to the

12  extent it seeks confidential, proprietary or commercially sensitive information, the

13  disclosure of which would be inimical to the business interests of MGA.  Such

14  information may also be subject to protective orders governing other litigations

15  thereby precluding disclosure in response to this request.  MGA further objects to the

16  request to the extent it violates the privacy rights of third parties to their private,

17  confidential, proprietary or trade secret information.

18      MGA further objects to this request as cumulative, duplicative, and unduly

19  burdensome to the extent that it seeks documents requested pursuant to Request No. 8

20  or previously requested by Mattel or produced by MGA in response to Mattel's

21  document requests.

22  **REQUEST FOR PRODUCTION NO. 68:**

23      All DOCUMENTS that REFER OR RELATE TO payments by YOU to Scot

24  Reyes.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

26      MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General Objection

28  No. 15 (regarding Definitions), including without limitation MGA's objection to the

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

1  definition of the term REFER OR RELATE TO.  MGA further objects to the request

2  to the extent it seeks the production of documents that are protected from disclosure

3  under any applicable privilege, doctrine or immunity, including without limitation the

4  attorney-client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  MGA further objects to this request on the grounds that it is overly broad and unduly

8  burdensome in that it seeks documents not relevant to the claims or defenses in this

9  action and not reasonably calculated to lead to the discovery of admissible evidence.

10  Mattel has not demonstrated how *all* DOCUMENTS that REFER OR RELATE TO

11  payments made by MGA to Scot Reyes could be relevant to the claims and defenses

12  in this action.  The request is not limited to the subject matter of this action and is thus

13  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7.

14  MGA further objects to this request as being overly broad and unduly burdensome on

15  the grounds that it is not limited in time.  MGA further objects to this request on the

16  grounds that the term REFER OR RELATE TO renders the request vague,

17  ambiguous, overly broad and unduly burdensome.  MGA further objects to the request

18  to the extent it seeks confidential, proprietary or commercially sensitive information,

19  the disclosure of which would be inimical to the business interests of MGA.  MGA

20  further objects to the request to the extent it violates the privacy rights of third parties

21  to their private, confidential, proprietary or trade secret information.

22       MGA further objects to this request as cumulative, duplicative, and unduly

23  burdensome to the extent that it seeks documents requested pursuant to Request

24  No. 67 or previously requested by Mattel or produced by MGA in response to Mattel's

25  document requests.

26  **REQUEST FOR PRODUCTION NO. 69:**

27       All DOCUMENTS that REFER OR RELATE TO Isaac Larian's work in

28  connection with or role in SPACE BABES.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

1    MGA incorporates by reference its General Response and General Objections

2    above, as though fully set forth herein and specifically incorporates General Objection

3    No. 15 (regarding Definitions), including without limitation MGA's objection to the

4    definition of the terms SPACE BABES and REFER OR RELATE TO.  MGA further

5    objects to the request to the extent it seeks the production of documents that are

6    protected from disclosure under any applicable privilege, doctrine or immunity,

7    including without limitation the attorney-client privilege, the work product doctrine,

8    the right of privacy, and all other privileges recognized under the constitutional,

9    statutory or decisional law of the United States of America, the State of California or

10   any other applicable jurisdiction.  MGA further objects to this request on the grounds

11   that the terms SPACE BABES and REFER OR RELATE TO renders the request

12   vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

13   phrase "work in connection with or role in" as vague and ambiguous.  MGA further

14   objects to this request on the grounds that it is overly broad and unduly burdensome

15   in that it seeks documents not relevant to the claims or defenses in this action and not

16   reasonably calculated to lead to the discovery of admissible evidence.  Mattel has not

17   demonstrated how *all* DOCUMENTS that REFER OR RELATE TO Isaac Larian's

18   work in connection with or role in SPACE BABES could be relevant to the claims

19   and defenses in this action.  The request is not limited to the subject matter of this

20   action and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22

21   Order at 21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad

22   where complaint does not even reference the product).  MGA further objects to this

23   request as being overly broad and unduly burdensome on the grounds that it is not

24   limited in time.  MGA further objects to the request to the extent it seeks confidential,

25   proprietary or commercially sensitive information, the disclosure of which would be

26   inimical to the business interests of MGA.  MGA further objects to this request as

27   cumulative, duplicative, and unduly burdensome to the extent that it seeks documents

666557

1 | previously requested by Mattel or produced by MGA in response to Mattel's

2 | document requests.

3 | **REQUEST FOR PRODUCTION NO. 70:**

4 | DOCUMENTS sufficient to show the first manufacture date of each and every

5 | SPACE BABES product.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

7 | MGA incorporates by reference its General Response and General Objections

8 | above, as though fully set forth herein and specifically incorporates General Objection

9 | No. 15 (regarding Definitions), including without limitation MGA's objection to the

10 | definition of the term SPACE BABES. MGA further objects to the request to the

11 | extent it seeks the production of documents that are protected from disclosure under

12 | any applicable privilege, doctrine or immunity, including without limitation the

13 | attorney-client privilege, the work product doctrine, the right of privacy, and all other

14 | privileges recognized under the constitutional, statutory or decisional law of the

15 | United States of America, the State of California or any other applicable jurisdiction.

16 | MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

17 | MGA further objects to this .request on the grounds that it is overly broad and unduly

18 | burdensome in that it seeks documents not relevant to the claims or defenses in this

19 | action and not reasonably calculated to lead to the discovery of admissible evidence.

20 | Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first

21 | manufacture date of each and every SPACE BABES product could be relevant to the

22 | claims and defenses in this action. The request is not limited to the subject matter of

23 | this action and is thus impermissibly overbroad. <u>See</u> Aug. 13 Order at 9:17-20;

24 | May 22 Order at 21:5-7; <u>see also</u> April 19 Order at 5:26-7:5 (discovery request

25 | overbroad where complaint does not even reference the product). MGA further

26 | objects to this request as being overly broad and unduly burdensome on the grounds

27 | that it is not limited in time or geographic scope. MGA further objects to this request

28 | on the grounds that the term SPACE BABES renders the request vague, ambiguous,

666557

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    overly broad and unduly burdensome.  MGA further objects to the request to the

2    extent that it seeks documents that by reason of public filing, public distribution or

3    otherwise are already in Mattel's possession or are readily accessible to Mattel.  MGA

4    further objects to the request to the extent that it seeks documents not in MGA's

5    possession, custody or control.  MGA further objects to the request to the extent it

6    seeks confidential, proprietary or commercially sensitive information, the disclosure

7    of which would be inimical to the business interests of MGA.

8        MGA further objects to this request as cumulative, duplicative, and unduly

9    burdensome to the extent that it seeks documents previously requested by Mattel or

10   produced by MGA in response to Mattel's document requests, including, but not

11   limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

12   Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

13   **REQUEST FOR PRODUCTION NO. 71:**

14       DOCUMENTS sufficient to show the first ship date of each and every SPACE

15   BABES product.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

17       MGA incorporates by reference its General Response and General Objections

18   above, as though fully set forth herein and specifically incorporates General Objection

19   No. 15 (regarding Definitions), including without limitation MGA's objection to the

20   definition of the term SPACE BABES.  MGA further objects to the request to the

21   extent it seeks the production of documents that are protected from disclosure under

22   any applicable privilege, doctrine or immunity, including without limitation the

23   attorney-client privilege, the work product doctrine, the right of privacy, and all other

24   privileges recognized under the constitutional, statutory or decisional law of the

25   United States of America, the State of California or any other applicable jurisdiction.

26   MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

27   MGA further objects to this request on the grounds that it is overly broad and unduly

28   burdensome in that it seeks documents not relevant to the claims or defenses in this

666557

1    action and not reasonably calculated to lead to the discovery of admissible evidence.

2    Mattel has not demonstrated how DOCUMENTS "sufficient to show" the first ship

3    date of each and every SPACE BABES product could be relevant to the claims and

4    defenses in this action.  The request is not limited to the subject matter of this action

5    and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at

6    21:5-7; see also April 19 Order at 5:26-7:5 (discovery request overbroad where

7    complaint does not even reference the product).  MGA further objects to this request

8    as being overly broad and unduly burdensome on the grounds that it is not limited in

9    time or geographic scope.  MGA further objects to this request on the grounds that the

10   term SPACE BABES renders the request vague, ambiguous, overly broad and unduly

11   burdensome.  MGA further objects to the request to the extent that it seeks documents

12   that by reason of public filing, public distribution or otherwise are already in Mattel's

13   possession or are readily accessible to Mattel.  MGA further objects to the request to

14   the extent that it seeks documents not in MGA's possession, custody or control.  MGA

15   further objects to the request to the extent it seeks confidential, proprietary or

16   commercially sensitive information, the disclosure of which would be inimical to the

17   business interests of MGA.

18        MGA further objects to this request as cumulative, duplicative, and unduly

19   burdensome to the extent that it seeks documents previously requested by Mattel or

20   produced by MGA in response to Mattel's document requests, including, but not

21   limited to:  Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

22   Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

23   **REQUEST FOR PRODUCTION NO. 72:**

24        DOCUMENTS sufficient to show YOUR revenues from SPACE BABES.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

26        MGA incorporates by reference its General Response and General Objections

27   above, as though fully set forth herein and specifically incorporates General Objection

28   No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  definition of the term SPACE BABES. MGA further objects to the request to the

2  extent it seeks the production of documents that are protected from disclosure under

3  any applicable privilege, doctrine or immunity, including without limitation the

4  attorney-client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  MGA further objects to the phrase "sufficient to show" as vague and ambiguous.

8  MGA further objects to this request on the grounds that it is overly broad and unduly

9  burdensome in that it seeks documents not relevant to the claims or defenses in this

10  action and not reasonably calculated to lead to the discovery of admissible evidence.

11  Mattel has not demonstrated how DOCUMENTS "sufficient to show" MGA's

12  revenues from SPACE BABES could be relevant to the claims and defenses in this

13  action.  The request is not limited to the subject matter of this action and is thus

14  impermissibly overbroad.  See Aug. 13 Order at 9:17-20; May 22 Order at 21:5-7; see

15  also April 19 Order at 5:26-7:5 (discovery request overbroad where complaint does

16  not even reference the product).  MGA further objects to this request as being overly

17  broad and unduly burdensome on the grounds that it is not limited in time or

18  geographic scope.  MGA further objects to this request on the grounds that the term

19  SPACE BABES renders the request vague, ambiguous, overly broad and unduly

20  burdensome.  MGA further objects to the request to the extent it seeks confidential,

21  proprietary or commercially sensitive information, the disclosure of which would be

22  inimical to the business interests of MGA.  Such information may also be subject to

23  protective orders governing other litigations thereby precluding disclosure in response

24  to this request.

25         MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28

666557

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1 limited to: Request Nos. 5 and 39 from Mattel, Inc.'s First Set of Requests for

2 Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.

3 **REQUEST FOR PRODUCTION NO. 73:**

4      All DOCUMENTS that REFER OR RELATE TO any DESIGN offered,

5 submitted, pitched, assigned or transferred by Scot Reyes to YOU, acquired or

6 purchased by, or assigned to, YOU from Scot Reyes, requested or solicited by YOU

7 from Scot Reyes or made, created, produced or conceived of whether in whole or in

8 party, by Scot Reyes on YOUR behalf.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

10      MGA incorporates by reference its General Response and General Objections

11 above, as though fully set forth herein and specifically incorporates General Objection

12 No. 15 (regarding Definitions), including without limitation MGA's objection to the

13 definition of the terms DESIGN and REFER OR RELATE TO. MGA further objects

14 to the request to the extent it seeks the production of documents that are protected

15 from disclosure under any applicable privilege, doctrine or immunity, including

16 without limitation the attorney-client privilege, the work product doctrine, the right of

17 privacy, and all other privileges recognized under the constitutional, statutory or

18 decisional law of the United States of America, the State of California or any other

19 applicable jurisdiction. MGA further objects to this request on the grounds that the

20 terms DESIGN, and REFER OR RELATE TO renders the request vague, ambiguous,

21 overly broad and unduly burdensome. MGA further objects to the phrase "offered,

22 submitted, pitched, assigned or transferred by Scot Reyes to MGA, acquired or

23 purchased by or assigned to MGA from Scot Reyes, requested or solicited by MGA

24 from Scot Reyes or made, created, produced or conceived of by Scot Reyes" as vague

25 and ambiguous. MGA further objects to this request on the grounds that it is overly

26 broad and unduly burdensome in that it seeks documents not relevant to the claims or

27 defenses in this action and not reasonably calculated to lead to the discovery of

28 admissible evidence. Mattel has not demonstrated how *all* DOCUMENTS that

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   REFER OR RELATE TO any DESIGN offered, submitted, pitched, assigned or

2   transferred by Scot Reyes to MGA, acquired or purchased by or assigned to MGA

3   from Scot Reyes, requested or solicited by MGA from Scot Reyes or made, created,

4   produced or conceived of by Scot Reyes on behalf of MGA could be relevant to the

5   claims and defenses in this action. The request is not limited to the subject matter of

6   this action and is thus impermissibly overbroad. See Aug. 13 Order at 9:17-20;

7   May 22 Order at 21:5-7. MGA further objects to this request as being overly broad

8   and unduly burdensome on the grounds that it is not limited in time. MGA further

9   objects to the request to the extent it seeks confidential, proprietary or commercially

10  sensitive information, the disclosure of which would be inimical to the business

11  interests of MGA. MGA further objects to this request as cumulative, duplicative,

12  and unduly burdensome to the extent that it seeks documents previously requested by

13  Mattel or produced by MGA in response to Mattel's document requests.

14  **REQUEST FOR PRODUCTION NO. 74:**

15      All COMMUNICATIONS between YOU and Scot Reyes that REFER OR

16  RELATE; TO MATTEL or any MATTEL doll or product.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

18      MGA incorporates by reference its General Response and General Objections

19  above, as though fully .set forth herein and specifically incorporates General

20  Objection No. 15 (regarding Definitions), including without limitation MGA's

21  objection to the definition of the term REFER OR RELATE TO. MGA further

22  objects to the request to the extent it seeks the production of documents that are

23  protected from disclosure under any applicable privilege, doctrine or immunity,

24  including without limitation the attorney-client privilege, the work product doctrine,

25  the right of privacy, and all other privileges recognized under the constitutional,

26  statutory or decisional law of the United States of America, the State of California or

27  any other applicable jurisdiction. MGA further objects to this request on the grounds

28  that it is overly broad and unduly burdensome in that it seeks documents not relevant

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-282-3000

1  to the claims or defenses in this action and not reasonably calculated to lead to the

2  discovery of admissible evidence.  Mattel has not demonstrated how all

3  COMMUNICATIONS between MGA and Scot Reyes that REFER OR RELATE TO

4  MATTEL or any MATTEL doll or product could be relevant to the claims and

5  defenses in this action.  The request is not limited to the subject matter of this action

6  and is thus impermissibly overbroad.  See Aug. 13 Order at 9:17-20.; May 22 Order at

7  21:5-7.  MGA further objects to this request as being overly broad and unduly

8  burdensome on the grounds that it is not limited in time.  MGA further objects to this

9  request on the grounds that the term.  REFER OR RELATE TO renders the request

10  vague, ambiguous, overly broad and unduly burdensome.  MGA further objects to the

11  request to the extent it seeks confidential, proprietary or commercially sensitive

12  information, the disclosure of which would be inimical to the business interests of

13  MGA.  MGA further objects to the request to the extent it violates the privacy rights

14  of third parties to their private, confidential, proprietary or trade secret information.

15       MGA further objects to this request as cumulative, duplicative, and unduly

16  burdensome to the extent that it seeks documents previously requested by Mattel or

17  produced by MGA in response to Mattel's document requests, including, but not

18  limited to:  Request Nos. 138 and 140 from Mattel, Inc.'s First Set of Requests for

19  Documents and Things re Claims of Unfair Competition to MGA Entertainment, Inc.,

20  and Request No. 116 from Mattel's First Set of Requests for Documents and Things to

21  Isaac Larian.

22  **REQUEST FOR PRODUCTION NO. 75:**

23       All DOCUMENTS that REFER OR RELATE TO MATTEL documents or

24  information provided, shown or otherwise disclosed to YOU by Scot Reyes.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

26       MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General Objection

28  No. 15 (regarding Definitions), including without limitation MGA's objection to the

666557

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  definition of the term REFER OR RELATE TO.  MGA further objects to the request

2  to the extent it seeks the production of documents that are protected from disclosure

3  under any applicable privilege, doctrine or immunity, including without limitation the

4  attorney-client privilege, the work product doctrine, the right of privacy, and all other

5  privileges recognized under the constitutional, statutory or decisional law of the

6  United States of America, the State of California or any other applicable jurisdiction.

7  MGA further objects to this request on the grounds that it is overly broad and unduly

8  burdensome in that it seeks documents not relevant to the claims or defenses in this

9  action and not reasonably calculated to

10      lead to the discovery of admissible evidence.  Mattel has not demonstrated how

11  *all* DOCUMENTS that REFER OR RELATE TO MATTEL documents or

12  information provided, shown or otherwise disclosed, to MGA by Scot Reyes could be

13  relevant to the claims and defenses in this action.  The request is not limited to the

14  subject matter of this action and is thus impermissibly overbroad.  See Aug. 13 Order

15  at 9:17-20; May 22 Order at 21:5-7.  MGA further objects to this request as being

16  overly broad and unduly burdensome on the grounds that it is not limited in time.

17  MGA further objects to this request on the grounds that the term REFER OR

18  RELATE TO renders the request vague, ambiguous, overly broad and unduly

19  burdensome.  MGA further objects to the phrase " provided, shown or otherwise

20  disclosed" as vague and ambiguous.  MGA further objects to the request to the extent

21  that it seeks documents not in MGA's possession, custody or control.  MGA further

22  objects to the request to the extent it seeks confidential, proprietary or commercially

23  sensitive information, the disclosure of which would be inimical to the business

24  interests of MGA.

25      MGA further objects to this request as cumulative, duplicative, and unduly

26  burdensome to the extent that it seeks documents previously requested by Mattel or

27  produced by MGA in response to Mattel's document requests, including, but not

28  limited to:  Request Nos. 116, 198, and 221 from Mattel's First Set of Requests for

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-283-2900

666557

**OPPOSITION TO SEPARATE STATEMENT**

1  Documents and Things to Isaac Larian, and Request Nos. 42, 137, 140, and 160 from

2  Mattel, Inc.'s First Set of Requests for Documents and Things re Claims of Unfair

3  Competition to MGA Entertainment, Inc.

4  **MATTEL'S REASONS WHY FURTHER RESPONSE TO REQUESTS**

5  **REGARDING "SAMANTHA SCOOTER" AND "SPACE BABES" SHOULD**

6  **BE COMPELLED**

7         Mattel's Request Nos. 43-55 and 56-75 each seek documents relating to

8  Mattel's claims in Phase 2.  They bear directly on MGA's development of the "Scooter

9  Samantha" and "Space Babies" products that that Mattel alleges are—like

10  Bratz—stolen from Mattel through MGA's pattern and conspiracy of stealing Mattel

11  product ideas and concepts, like Bratz, and marketing them as its own.

12  As set forth more fully in Mattel's renewed Motion, Mattel alleges that MGA derived

13  the "Scooter Samantha" doll from its theft of Mattel's "Scooter Shannen" doll.[8]

14  Mattel believes that "Space Babies" likewise has Mattel origins.  The origins and

15  development of "Scooter Samantha" and "Space Babies" are therefore at issue in this

16  lawsuit.  These requests seek documents related to that narrow issue for each product.

17  If MGA developed "Scooter Samantha" or "Space Babies" independently, then these

18  documents should show that, or they will prove Mattel's claim.

19  MGA should be compelled to produce documents and things responsive to these

20  requests regarding "Scooter Samantha" and "Space Babies."  Nor can it offer any

21  reasonable basis on which to object.  When Mattel initially brought its motions in

22  Phase 1, MGA's argument in opposition was simply that Mattel's requests were

23  "premature" because they relate to Phase 2 issues.  That may have been applicable

24  then, but it is no longer.  Now that Phase 2 has begun in earnest, these documents

25  should be produced to allow Mattel to fully develop its claims and defenses in this

26  Phase of the litigation.

27

28

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666557

[8]  See Mattel's Renewed Motion to Compel at Part IV.

**OPPOSITION TO SEPARATE STATEMENT**

## MGA'S OPPOSITION TO MATTEL'S REASONS WHY FURTHER RESPONSE TO REQUEST NOS. 43-75 (SET THREE) SHOULD BE COMPELLED

As set forth in the MGA Parties' Opposition filed concurrently herewith, these Requests for Production are no longer at issue as the MGA Parties agreed to produce all non-privileged documents responsive to these Requests.  Accordingly, the Renewed Motion is moot as to each of these Requests.


Dated:  February 12, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
  & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP


By: _____
    Ahman Khan
    Attorneys for the MGA Parties
    for Phase Two

666557

1

## PROOF OF SERVICE

2    STATE OF CALIFORNIA

3    COUNTY OF LOS ANGELES

4          I am employed in the County of Los Angeles, State of California; I am over the age of 18
     and not a party to the within action; my business address is 10250 Constellation Boulevard,
5    Nineteenth Floor, Los Angeles, California 90067.

6          On February 12, 2009, I served the foregoing document described as:

7    **OPPOSITION TO SEPARATE STATEMENT IN SUPPORT OF MATTEL,
     INC.'S RENEWED MOTION TO COMPEL PRODUCTION OF
8                            DOCUMENTS AND THINGS**
     on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope
9    addressed as follows:

10                    **PLEASE SEE ATTACHED SERVICE LIST**

11   ☐          **(BY MAIL)** I am readily familiar with the business practice for collection and
                processing of correspondence for mailing with the United States Postal Service.
12              This correspondence shall be deposited with the United States Postal Service this
                same day in the ordinary course of business at our Firm's office address in Los
13              Angeles, California. Service made pursuant to this paragraph, upon motion of a
                party served, shall be presumed invalid if the postal cancellation date of postage
14              meter date on the envelope is more than one day after the date of deposit for
                mailing contained in this affidavit.

15

16   ☐          (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by
                Federal Express, an express service carrier which provides overnight delivery, as
17              follows. I placed true copies of the foregoing document in sealed envelopes or
                packages designated by the express service carrier, addressed to each interested
18              party as set forth above, with fees for overnight delivery paid or provided for.

19   ☒          (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to
                the offices of the above named addressee.

20   ☒          (BY EMAIL)  I caused such documents to be delivered via email to the
                addressee(s).

21

22   ☐          (BY FACSIMILE) I caused such documents to be delivered via facsimile to the
                offices of the addressee(s) at the following facsimile number:

23   Executed this 12th day of February, 2009, at Los Angeles, California.

24          I declare under penalty of perjury under the laws of the State of California that the above is
     true and correct.

25

26                                                          _Yumi Chung_
                                                          _____
27                                                          YUMI CHUNG

28

666887 v1

---

**PROOF OF SERVICE**

1                          **SERVICE LIST**

2

3   Robert C. O'Brien
    Discovery Master
    Arent Fox LLP
4   555 West 5th St., Suite 4800
    Los Angeles, CA 90013
5   **[By Personal Service]**

6   John Quinn, Esq.
    (johnquinn@quinnemanuel.com)
7   Jon D. Corey, Esq.
    (joncorey@quinnemanuel.com)
8   Michael T. Zeller, Esq.
    (michaelzeller@quinnemanuel.com)
9   Quinn Emanuel Urquhart Oliver & Hedges, LLP
    865 South Figueroa Street, 10th Floor
10  Los Angeles, CA 90017-2543
    **[By Personal Service]**
11
    Russell J. Frackman, Esq.
12  (rjf@msk.com)
    Patricia H. Benson, Esq.
13  (phb@msk.com)
    Mitchell, Silberberg & Knupp, LLP
14  11377 W. Olympic Blvd.
    Los Angeles, CA 90067
15  (310) 312-2000
    **[By Email Service]**
16
    Thomas J. Nolan, Esq.
17  (tnolan@skadden.com)
    Raoul D. Kennedy, Esq.
18  (rkennedy@skadden.com)
    Jason D. Russell, Esq.
19  (Jason.russell@skadden.com)
    Skadden, Arps, Slate, Meagher & Flom LLP
20  300 South Grand Avenue, Suite 3400
    Los Angeles, CA 90071-3144
21  (213) 687-5000
    **[By Email Service]**
22
    Mark E. Overland, Esq.
23  moverland@obsklaw.com
    Alexander H. Cote, Esq.
24  acote@obsklaw.com
    Overland Borenstein Scheper & Kim LLP
25  601 W. 5th Street, 12th Floor
    Los Angeles, CA 90017
26  **[By Email Service]**

27

28

666887 v1

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000