1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
  Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                 EASTERN DIVISION

11 CARTER BRYANT, an individual,

12         Plaintiff,

13      vs.

14 MATTEL, INC., a Delaware corporation,

15       Defendant.

16 _____

17 AND CONSOLIDATED ACTIONS

| | |
|---|---|
| | CASE NO. CV 04-9049 SGL (RNBx) |
| | Consolidated with |
| | Case No. CV 04-09059 |
| | Case No. CV 05-2727 |
| | **DISCOVERY MATTER** |
| | **[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]** |
| | MATTEL, INC.'S |
| | (1) SUPPLEMENTAL BRIEF REGARDING THE MGA PARTIES' MOTION TO QUASH SUBPOENAS ISSUED BY MATTEL TO OMNI 808 INVESTORS, LLC, OMNINET CAPITAL, LLC, IGWT GROUP, LLC, IGWT 826 INVESTMENTS, LLC AND VISION CAPITAL, LLC; AND |
| | (2) REQUEST FOR RULING ON MOTION TO QUASH WITHOUT ORAL ARGUMENT |
| | Hearing Date:   March 4, 2009 |
| | Time:           10:00 a.m. |
| | Place:          Arent Fox, LLP |
| | **Phase 2:** |
| | Discovery Cut-off:   Dec. 11, 2009 |
| | Pre-trial Conference:  Mar. 1, 2010 |
| | Trial Date:         Mar. 23, 2010 |

07975/2797159.1

**Preliminary Statement**

The MGA Parties' pending motion to quash third-party subpoenas is solely predicated on its argument that Judge Larson's January 7, 2009 Order appointing the forensic auditor served, *sub silencio*, to preclude or delay Mattel's requests for financial discovery. This was despite the Court's January 6, 2009 Order lifting the Phase 2 discovery stay without limitation and despite the MGA Parties' inability to identify any language in the January 7, 2009 Order supporting their assertion.

At a hearing on February 11, 2009, Judge Larson set a relatively tight schedule for Phase 2 discovery and trial. As a result, the subject of the MGA Parties' motion to quash and its contention that certain Mattel discovery would be premature or barred was discussed. Judge Larson rejected the entire premise of the MGA Parties' motion to quash and made clear that the MGA Parties' "interpretation" of the Court's intentions was incorrect. In particular, the Court stated that the forensic auditor's work was wholly separate and apart from discovery and that the Court did not prohibit any discovery, including financial discovery, when it appointed a forensic auditor, but wanted all discovery to proceed apace.[1]

Mattel respectfully submits that the Court's comments are so unequivocal that the Discovery Master should deny the MGA Parties' motion on the papers and without oral argument. One third-party, Wachovia, has stated that it stands ready to promptly produce important financial discovery as soon as the motion to quash is disposed of. Indeed, because Judge Larson's rejection of the sole basis for the motion to quash was so clear, any opposition by MGA or the third parties to the prompt denial of the motion to quash on the papers and without oral argument could only be for the improper purpose of delaying yet further Mattel's ability to obtain that discovery and pursue the follow-up financial discovery that will be needed.

---

[1] For the convenience of the Discovery Master, the relevant pages of the transcript of the February 11, 2009 hearing are attached to this brief as Exhibit 1.

## **Argument**

MGA's motion to quash Mattel's subpoenas is premised on a single proposition:  that the Court's January 7, 2009 Order appointing a forensic auditor was intended to prevent discovery relating to MGA's or Larian's financial condition or transactions from *any* source.  (Mot. at 4-6).  As Mattel showed in its opposition to the motion to quash, MGA is wrong.  The Court issued no Order limiting discovery in any way, much less prohibiting Mattel from taking any discovery on the financial condition of or transactions involving MGA or Larian.  To the contrary, in its January 6, 2009 Order, the Court lifted *in its entirety* the stay on Phase 2 discovery.

Any plausible doubt there could have been on this subject was eliminated at the February 11, 2009 hearing before Judge Larson to address the parties' post-trial motions.  During the hearing, the Court made clear that MGA's and the Omni Parties' interpretation of the Court's January 7 Order was incorrect and that it had not limited or prohibited discovery into MGA's or Larian's financial condition or transactions by appointing the forensic auditor.

More specifically, when Mattel's counsel raised the MGA Parties' interpretation of the January 7 Order, the Court rejected that interpretation and stated that "I made it clear that I lifted all stays on discovery".  (2/11/09 Hearing Tr. at 95:21-96:15).  The Court further emphasized that its January 7 Order permitted discovery to proceed without limitation:

> THE COURT:  . . .  For the record, I previously indicated that all stays on discovery have been lifted.  All discovery matters should rightfully be referred to the Discovery Master.  And I'll let it go at that.
>
> MR. ZELLER:  And that no discovery issues or no requests for discovery are premature at this point, because that's the other term they are using on this.

07975/2797159.1

-2-

SUPPLEMENTAL BRIEF RE MOTION TO QUASH

1    THE COURT:  I will instruct the Discovery Master this afternoon,

2  in no uncertain terms, that there is no stay on any discovery related to this

3  case at all.  There's no longer a Phase 1/Phase 2 distinction.

4    As I indicated, I thought that I made this clear before.  If it's not, it

5  will be expressly set forth in the minutes coming out of today's hearing.

6    ***There is no stay on discovery.  Period.***

7  (2/11/09 Hearing Tr. at 96:24-97:15, emphasis added).

8    In fact, at the hearing, MGA's counsel specifically pressed its theory that

9  the January 7, 2009 Order precluded discovery into MGA's and Isaac Larian's financial

10  condition.  The Court unambiguously rejected this argument.  The Court made clear

11  that its January 7 Order pertained solely to Mattel's application for a receiver and was in

12  no way intended as a discovery ruling; that MGA's distinction between Phase 2

13  discovery and so-called "receiver discovery" was unwarranted; and that Mattel is

14  entitled to take discovery on all relevant matters regardless of any overlap between

15  Phase 2 issues and issues being examined by the forensic auditor:

16    MR. RUSSELL:  Could I say one thing, since Mr. Zeller injected this.

17  When he's talking about this stay ... they [Mattel] promulgated a series of

18  receiver-related discovery which we contend [end] run your Honor's

19  orders saying let's [take] it out of discovery, let's let Mr. Durkin [the

20  forensic auditor] handle this.  And that's what he's talking about.  There

21  may be other issues, but a major component -- and I would not want Your

22  Honor to paint with too broad a brush -- it is MGA's position as to Phase 1

23  receiver-related issues, that Your Honor appropriately, at our request, took

24  out of discovery the financial discovery issues.

25    THE COURT:  Mr. Durkin is acting at the Court's direction to

26  inform the Court of information.  I may or may not release any of the

27  information that Mr. Durkin provides; so no one, neither side, should be

28  relying upon the information that Mr. Durkin is gathering for purposes of

1  litigating this case. **That's an entirely separate matter. And I have not**
2  **stayed any discovery, and there should be no reliance on that.** If that
3  was misunderstood, it's clarified now.

4     MR. RUSSELL: Just so I can make sure I'm clear, Your Honor,
5  because I really, since we were the ones at the hearing when this was
6  discussed, and we asked Your Honor for this precise relief, which is to say
7  the financial discovery, the allegations against Omni and IGWT and the
8  like, and I thought I heard Your Honor to say that it made sense for Mr.
9  Durkin to get to the base of it. And if, then, there were any merit to it, we
10  could allow this discovery to go forward.

11     THE COURT: Wait a second. You're adding something in there. **I**
12  **didn't say anything about discovery not going forth.** I have not ruled on
13  any discovery issues. I ruled on the ex-parte application for the
14  appointment of the receiver that before I ruled on that, that I wanted to
15  have Mr. Durkin's report. That's exactly what I'm doing. I took an interim
16  report last night. I'll await the final report. But that's for the Court's
17  purposes. Depending on how the receivership issue plays out, it may or
18  may not be released to some or all of the attorneys. It may very well be
19  that at the end of the day, after my final meeting with Mr. Durkin, that it
20  never reaches the light of day.

21     MR. RUSSELL: Just so we're clear, Your Honor, Mattel attached
22  the very discovery they are now promulgating to other parties to their
23  receiver application and asked for leave to serve it. Your Honor did not
24  grant that leave. And then what happened was they said, Well, we can't
25  go down this avenue, we'll launch a series of subpoenas.

26     THE COURT: Then the question becomes -- and this is a question
27  for the Discovery Master, not for this Court -- whether or not the
28  discovery is related to Phase 2. If it is, it is. I'm not going to pass any

07975/2797159.1

-4-

SUPPLEMENTAL BRIEF RE MOTION TO QUASH

judgment whatsoever.  I'm going to leave that completely up to the Discovery Master.

MR. RUSSELL:  That's all we're asking for.  Rather than painting with a broad brush, saying all discovery is permitted, there's some discovery that does fall within the scope of what Your Honor refused to give them.  Let's let the discovery master rule on it.  It can always come back to you.

THE COURT:  Okay.  But I guess, Mr. Russell, I'm not sure of the characterization that you're making.  I handled the receivership application and request made thereunder in the way that I'm handling the receivership application; ***that should not be taken one way or the other as a discovery ruling.***

MR. RUSSELL:  I guess, Your Honor, the question is if there was, as part of that application, and there's an assumption built in that we'd like to have the Discovery Master resolve, is it just receiver discovery or is it Phase 2?  That seems like a question that Mr. [O'Brien] should answer.  But I assume, since you don't have any of the briefs and you don't have the discovery and this has just been dropped on you, assume for the sake of this discussion, that it is solely related to the receiver; that it is, as we [posit], identical to the discovery submitted.

THE COURT:  I guess where I would distinguish, counsel, is this notion of receiver discovery, or that phrase, that's not a phrase the Court has used.  Not that I can recall using.  If I did, I certainly did not intend to.  ***I'm not designating that as a separate and severable part of the discovery.  The question for the discovery master will be whether or not the disputed discovery request is related or relevant to the trial that has now been scheduled for March or not.  I can see tremendous overlap between, for example, discovery on financial condition of the company***

1   ***as it relates to damages in the Phase 2 and also issues that the receiver***

2   ***is looking at.***   And without making a ruling on any of this, I would not

3   suggest for a moment that these are mutually exclusive categories.[2]

4   (2/11/09 Hearing Tr. at 97:20-101:8, emphases added).

5           In light of the Court's unequivocal statements about its prior Orders that

6   serve as the sole basis of MGA's motion to quash, MGA's motion is entirely incorrect.

7   Mattel respectfully requests that the Discovery Master deny the MGA Parties' motion to

8   quash Mattel's third-party subpoenas on the papers and without argument.

9

10  DATED:  February 13, 2009          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

11

12                                     By  /s/ Jon D. Corey
                                          Jon D. Corey
13                                        Attorney for Mattel, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2]   Typographical errors in the hearing transcript have been corrected.

SUPPLEMENTAL BRIEF RE MOTION TO QUASH