# EXHIBIT 1

1            UNITED STATES DISTRICT COURT

2            CENTRAL DISTRICT OF CALIFORNIA

3                 EASTERN DIVISION

4                   - - -

5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                   - - -

7    MATTEL, INC.,                    )
                                      )
8                      Plaintiff,     )
                                      )
9            vs.                      )   No. CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL.,)
                                      )
11                     Defendants.    )
     _____)   Motions
12   AND CONSOLIDATED ACTIONS,        )
     _____)
13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                 Riverside, California

17             Wednesday, February 11, 2009

18                    10:03 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              Federal Official Court Reporter
24              3470 12th Street, Rm. 134
                Riverside, California  92501
25                   951-274-0844
                 WWW.THERESALANZA.COM

```
 1   APPEARANCES:

 2   ON BEHALF OF MATTEL, INC.:

 3                            QUINN EMANUEL
                             By:   JOHN QUINN
 4                                 DYLAN PROCTOR
                                   MICHAEL T. ZELLER
 5                           865 S. FIGUEROA STREET,
                             10TH FLOOR
 6                           LOS ANGELES, California   90017
                             213-624-7707
 7

 8   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Outgoing)
 9                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                             BY:   THOMAS J. NOLAN
10                                 JASON RUSSELL
                             300 SOUTH GRAND AVENUE
11                           LOS ANGELES, CALIFORNIA   90071-3144
                             213-687-5000
12

13   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Incoming)
14                            GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                             BY:   JOEL KLEVENS
15                           10250 Constellation Boulevard
                             Los Angeles, California   90067
16                           310-553-3000

17                           MITCHELL, SILBERBERG & KNUPP LLP
                             BY:   RUSSELL J. FRACKMAN
18                           11377 West Olympic Boulevard,
                             Los Angeles, California   90064-1683
19                           310-312-2000

20
     ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                             OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                           BY:   ALEXANDER H. COTE
                             601 West Fifth Street,
23                           12th Floor
                             Los Angeles, California   90071
24                           213-613-4660

25   /  /  /
```

3

1                          I N D E X (Continued)

2

3    APPEARANCES (continued):

4
     On behalf of OMNI 808:
5

6                        BINGHAM McCUTCHEN LLP
                         BY:   Todd E. Gordinier
7                        600 Anton Boulevard
                         Costa Mesa, CA  92626-1924
8                        714-830-0622

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1          MR. KLEVENS:  I would simply request the latter part
 2    of November rather than the early part, because we do have a
 3    conflict in the first week of November, the 5th and 13th.
 4          (Brief pause. )
 5          THE COURT:  I think, on the one hand, trying to wrap    02:32
 6    up discovery, given my understanding of the Phase 2 issues, by
 7    August or even September, I think, is unworkable.
 8          At the same time, I do agree that spring of next
 9    year, given how much discovery has gone on here and my sincere
10    hopes that we will be able to streamline discovery, is too much 02:33
11    time.
12          I'm going to set a discovery cutoff for the end of
13    this year; December 11, 2009 will be the discovery cutoff.
14          I have just received a note.
15          There's another defendant in this case.              02:34
16          Counsel, you did not weigh in on this.
17          MR. COTE:  Alexander Cote, representing Gustavo
18    Machado.
19          Either plan sounds fine with us, Your Honor.  We
20    don't anticipate a lot of discovery, so we'll defer to counsel. 02:34
21          Would that be for expert and fact discovery?
22          THE COURT:  All discovery cutoff, all discovery will
23    be done by this date.
24          MR. COTE:  Thank you.
25          THE COURT:  We've gone through this before; all      02:34
```

 1   discovery is cut off December 11, 2009.

 2            I will schedule dispositive motions for February 1st,

 3   2010, at 10:00 A.M.; I'll schedule a pretrial conference for

 4   March 1st, 2010, at 11:00 A.M.; and the trial date for Phase 2

 5   will be March 23, 2010, at 9:30 A.M.  I will have the cutoff          02:35

 6   for the mandatory settlement conference also scheduled for

 7   December 11, 2009.

 8            My hope would be that we could wrap this case up this

 9   year, but, if not, we'll have dispositive motions and the trial

10   in the early part of next year.                                       02:35

11            Are there any conflicts, known conflicts at this

12   point, with any of those dates?

13            From Mattel's perspective?

14            MR. ZELLER:  No.  Not with Mattel, Your Honor.

15            THE COURT:  With MGA?                                         02:35

16            MR. KLEVENS:  I don't believe so, Your Honor.

17            MR. COTE:  None, Your Honor.

18            THE COURT:  Very well.

19            Is there anything else we need to address at this

20   time?                                                                 02:35

21            MR. ZELLER:  Yes, Your Honor.

22            Given these deadlines -- and I regret having to

23   embroil the Court in this, because this is a, quote, "discovery

24   issue," but it involves the Court's orders from January.

25            As I've mentioned, we have received nothing from MGA,        02:35

96

1   even as to things that were compelled before the stay.  They

2   have been taking the position that the Court's orders of

3   January 6th and January 7th effectively stayed our ability to

4   get financial discovery.

5             I would ask the Court to make a ruling on this.                02:36

6             I regret having to raise it, but we are going to lose

7   at least another month, if not another two months, in getting

8   financial information which is absolutely critical for our

9   ability to prepare for this.  And this is one reason why I was

10  suggesting as long as I was.                                             02:36

11            THE COURT:  I understand, Counsel.

12            MR. ZELLER:  But, the idea that there's a stay in

13  place is --

14            THE COURT:  I thought I made it clear that I lifted

15  all stays on discovery, but perhaps not.                                 02:36

16            MR. KLEVENS:  The system the Court has set up cannot

17  work if counsel are allowed to come to the Court and give some

18  distorted view of what they think the dispute is about and not

19  leave it to the Discovery Master to look at and resolve and

20  give the parties the opportunity to brief.                              02:36

21            I'm not going to respond to what he says.  I don't

22  agree with a word that he said.  But I'm not going to

23  respond to it.

24            THE COURT:  I think you have responded, Counsel, and

25  I take your response at its value.                                       02:37

dnesday, February 11, 2009                          Mattel vs. MGA Entertainmer

1          For the record, I previously indicated that all stays

2   on discovery have been lifted.  All discovery matters should

3   rightfully be referred to the Discovery Master.  And I'll let

4   it go at that.

5          **MR. ZELLER:**  And that no discovery issues or no          02:37

6   requests for discovery are premature at this point, because

7   that's the other term they are using on this.

8          **THE COURT:**  I will instruct the Discovery Master this

9   afternoon, in no uncertain terms, that there is no stay on any

10  discovery related to this case at all.  There's no longer a          02:37

11  Phase 1/Phase 2 distinction.

12         As I indicated, I thought that I made this clear

13  before.  If it's not, it will be expressly set forth in the

14  minutes coming out of today's hearing.

15         There is no stay on discovery.  Period.          02:37

16         **MR. ZELLER:**  And we're fully entitled to the

17  financial information that --

18         **THE COURT:**  Lets leave it at that, Counsel.

19         Thank you, Mr. Zeller.

20         **MR. RUSSELL:**  Could I say one thing, since          02:38

21  Mr. Zeller injected this.

22         When he's talking about this stay -- and this is the

23  twilight between Phase 1 and Phase 2 counsel -- they

24  promulgated a series of receiver-related discovery which we

25  contend and run your Honor's orders saying let's talk it out of          02:38

1   discovery, let's let Mr. Durkin handle this.  And that's what

2   he's talking about.

3            There may be other issues, but a major component --

4   and I would not want Your Honor to paint with too broad a

5   brush -- it is MGA's position as to Phase 1 receiver-related          02:38

6   issues, that Your Honor appropriately, at our request, took out

7   of discovery the financial discovery issues.

8            **THE COURT:**  Mr. Durkin is acting at the Court's

9   direction to inform the Court of information.  I may or may not

10  release any of the information that Mr. Durkin provides; so no        02:38

11  one, neither side, should be relying upon the information that

12  Mr. Durkin is gathering for purposes of litigating this case.

13  That's an entirely separate matter.  And I have not stayed any

14  discovery, and there should be no reliance on that.

15           If that was misunderstood, it's clarified now.            02:39

16           **MR. RUSSELL:**  Just so I can make sure I'm clear, Your

17  Honor, because I really, since we were the ones at the hearing

18  when this was discussed, and we asked Your Honor for this

19  precise relief, which is to say the financial discovery, the

20  allegations against Omni and IGWT and the like, and I thought I      02:39

21  heard Your Honor to say that it made sense for Mr. Durkin to

22  get to the base of it.  And if, then, there were any merit to

23  it, we could allow this discovery to go forward.

24           **THE COURT:**  Wait a second.

25           You're adding something in there.  I didn't say            02:39

1    anything about discovery not going forth.  I have not ruled on

2    any discovery issues.  I ruled on the ex-parte application for

3    the appointment of the receiver that before I ruled on that,

4    that I wanted to have Mr. Durkin's report.  That's exactly what

5    I'm doing.  I took an interim report last night.  I'll await          02:39

6    the final report.  But that's for the Court's purposes.

7            Depending on how the receivership issue plays out, it

8    may or may not be released to some or all of the attorneys.  It

9    may very well be that at the end of the day, after my final

10   meeting with Mr. Durkin, that it never reaches the light of          02:40

11   day.

12           MR. RUSSELL:  Just so we're clear, Your Honor, Mattel

13   attached the very discovery they are now promulgating to other

14   parties to their receiver application and asked for leave to

15   serve it.  Your Honor did not grant that leave.  And then what       02:40

16   happened was they said, Well, we can't go down this avenue,

17   we'll launch a series of subpoenas.

18           THE COURT:  Then the question becomes -- and this is

19   a question for the Discovery Master, not for this Court --

20   whether or not the discovery is related to Phase 2.  If it is,       02:40

21   it is.  I'm not going to pass any judgment whatsoever.  I'm

22   going to leave that completely up to the Discovery Master.

23           MR. RUSSELL:  That's all we're asking for.  Rather

24   than painting with a broad brush, saying all discovery is

25   permitted, there's some discovery that does fall within the         02:40

1    scope of what Your Honor refused to give them.  Let's let the

2    discovery master rule on it.  It can always come back to you.

3            **THE COURT:**  Okay.

4            But I guess, Mr. Russell, I'm not sure of the

5    characterization that you're making.                          02:41

6            I handled the receivership application and request

7    made thereunder in the way that I'm handling the receivership

8    application; that should not be taken one way or the other as a

9    discovery ruling.

10           **MR. RUSSELL:**  I guess, Your Honor, the question is if   02:41

11   there was, as part of that application, and there's an

12   assumption built in that we'd like to have the Discovery Master

13   resolve, is it just receiver discovery or is it Phase 2?  That

14   seems like a question that Mr. O'Bryan should answer.  But I

15   assume, since you don't have any of the briefs and you don't    02:41

16   have the discovery and this has just been dropped on you,

17   assume for the sake of this discussion, that it is solely

18   related to the receiver; that it is, as we pause it, identical

19   to the discovery submitted.

20           **THE COURT:**  I guess where I would distinguish,        02:41

21   counsel, is this notion of receiver discovery, or that phrase,

22   that's not a phrase the Court has used.  Not that I can recall

23   using.  If I did, I certainly did not intend to.  I'm not

24   designating that as a separate and severable part of the

25   discovery.                                                     02:42

101

1          The question for the discovery master will be whether

2     or not the disputed discovery request is related or relevant to

3     the trial that has now been scheduled for March or not.  I can

4     see tremendous overlap between, for example, discovery on

5     financial condition of the company as it relates to damages in          02:42

6     the Phase 2 and also issues that the receiver is looking at.

7     And without making a ruling on any of this, I would not suggest

8     for a moment that these are mutually exclusive categories.

9          MR. RUSSELL:  They may not be, Your Honor.  That's

10    the reason why Mr. O'Bryan in the first instance should deal          02:42

11    with it.  Because if you take it the way we take it, this might

12    not be Phase 2 discovery.

13          THE COURT:  You can make that argument to

14    Mr. O'Bryan.

15          MR. RUSSELL:  Thank you, Your Honor.          02:43

16          MR. ZELLER:  And just so it's clear, what Mr. Russell

17    is articulating is a basis as to why MGA has refused to give us

18    any financial --

19          THE COURT:  Mr. Zeller, I'm going to cut you off

20    here.  Take that up with the Discovery Master.  I don't mean to          02:43

21    cut you off, but I think I made my position as clear as I can

22    today that there is nothing from this Court which is precluding

23    any discovery that is properly sought for the trial that is

24    scheduled.

25          Whatever has happened has happened and we need to          02:43

1    move forward.

2            MR. ZELLER:  Thank you, Your Honor.

3            THE COURT:  Thank you, counsel.

4            MR. FRACKMAN:  I'm last, and I think I'll be the

5    shortest.  On the issue of streamlining discovery, I've read          02:43

6    the Court's prior orders concerning the number of depositions,

7    for example, and I confess, I'm a bit confused.

8            We would request from the Court that there be a

9    reasonable limit placed on Phase 2 depositions.  I don't know

10   whether that comes to Your Honor or whether that goes to the         02:44

11   discover referee.

12           THE COURT:  In the first instance, that would go to

13   the discovery referee.  The limits that were placed were limits

14   that were placed on the earlier discovery phase.

15           To be clear again, I have placed no limits, no            02:44

16   restrictions, other than what is set forth in the rules of

17   civil procedure and in local rule 37 on discovery from this

18   point until March 23rd.

19           If the parties wish to stipulate, they may.  If the

20   parties think that the Court needs to be involved in this in         02:44

21   the first instance, that needs to go to the Discovery Master.

22           MR. FRACKMAN:  I think we're prepared to follow the

23   federal rules, Your Honor.  Thank you.

24           THE COURT:  Very good.

25           MR. ZELLER:  I feel like I'm being more difficult at         02:44

103

1   the end than I should be.

2           Just so it's clear, because as I understood it,

3   there, of course, are the limits under the Federal Rules of ten

4   depositions.  We, of course, have -- and I thought that the

5   parties --                                                      02:45

6           THE COURT:  You did more than ten depositions.

7           MR. ZELLER:  Correct.  And I think both sides have.

8           THE COURT:  Yes.

9           MR. ZELLER:  Or then there were limits the Court did

10  put on the case, as we understood it; I want to say the number  02:45

11  was 24, but I could be off slightly, that the Court did modify

12  the limits already.

13          THE COURT:  I allowed for additional depositions.

14  But those were all in the context of the first phase.  We now

15  have new counsel coming in.  I'm certainly not going to suggest  02:45

16  you're all done with discovery.

17          MR. ZELLER:  Absolutely.

18          THE COURT:  Maybe I should.  Maybe I should say the

19  limits have all been filled in spades and we're done and let's

20  go to trial.                                                    02:45

21          MR. ZELLER:  That's what I'm trying to understand is

22  is the Court's view on this, because the Court had

23  previously -- and I don't recall the mechanics of how we got

24  there, but the Court essentially increased the limit to, I

25  think, 24.                                                      02:45

1    **THE COURT:** Whatever limits I imposed, if I did not
2  use the precise language that I should have, let me make it
3  clear now:  That was applied to the discovery phase.  That's
4  now water under the bridge.  It is over.

5        We are starting with a clean slate, a new discovery   02:46
6  master, new counsel for MGA, and we are going to build this up
7  and we'll go from here.  If there's a discovery dispute, please
8  take it to the Discovery Master.

9        **MR. ZELLER:**  That helps clarify it quite a bit, Your
10 Honor.                                                        02:46

11       The other component is that at least with respect to
12 Phase 1, when we asked the question of where should we take a
13 request for leave to take additional depositions or serve
14 additional interrogatories and the like, the Court previously
15 directed that the motions be made to Your Honor.  And the Court 02:46
16 may recall that, in fact, in the first phase, Mattel did make
17 such a motion that was granted.

18       **THE COURT:**  Regarding what, again?

19       **MR. ZELLER:**  Increasing the limits.

20       **THE COURT:**  That is something which I am going to    02:46
21 change for this.  I think in the first instance that should be
22 directed to the Discovery Master.  You both have full right to
23 appeal any decision from that, but I think it's best that the
24 Discovery Master function essentially as the Magistrate Judge
25 in this case and handle all of those from the get-go.  And     02:47

```
1   we'll go from there.

2              MR. ZELLER:   Thank you.

3              THE COURT:   Anything further?

4          Thank you.   Good day.

5

6

7

8

9

10                    CERTIFICATE

11

12   I hereby certify that pursuant to section 753, title 28, United
     States Code, the foregoing is a true and correct transcript of
13   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
14   conformance with the regulations of the Judicial Conference of
     the United States.
15

16   _____              _____
                                                     Date
17   THERESA A. LANZA, CSR, RPR
     Federal Official Court Reporter

18

19

20

21

22

23

24

25
```