QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| Defendant. | **DISCOVERY MATTER** |
| AND CONSOLIDATED ACTIONS | **[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]** |
| | SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD-PARTY SUBPOENAS |
| | [Reply in Support of Motion to Compel filed concurrently] |
| | Hearing Date: TBD<br>Time: TBD<br>Place: TBD |
| | Phase 2:<br>Disc. Cut-off: December 11, 2009<br>Pre-trial Conf.: March 1, 2010<br>Trial Date: March 23, 2010 |

07209/2791972.3

SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF OPPOSITION TO EX PARTE

<u>SUPPLEMENTAL DECLARATION OF JON D. COREY</u>

I, Jon D. Corey, declare as follows:

1.      I am a member of the bars of the State of California and the District of Columbia, and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel").   I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2.      On January 6, 2009, the Court lifted the almost year-long stay on Phase 2 discovery without limitation.  Attached as Exhibit 1 is a true and correct copy of the Court's January 6, 2009 Order.

3.      In early January 2009, Mattel served subpoenas on third parties Omni 808 Investors, Inc., Vision Capital, LLC, and OmniNet Capital, LLC (the "Omni Parties"), among others.   The subpoenas each contained 18 requests, that were substantially the same.  By these subpoenas Mattel sought information about the Omni Parties' role in the acquisition of over $300 million in MGA debt for one-third that price, who ultimately controls Omni 808, and the ultimate source of funds for the acquisition of the MGA's debt to Wachovia.  A true and correct copy of those subpoenas are attached as Exhibits 27, 28 and 29.

4.      After service of the subpoenas, counsel for Mattel, the MGA Parties, the Omni Parties, and other third parties agreed to an expedited procedure to resolve any disputes over the third-party subpoenas (the "Agreement").  Attached as Exhibit 2 is a true and correct copy of a January 23, 2009 letter that Robert J. Herrington, counsel for the MGA Parties, sent to Todd Gordinier, counsel for the Omni Parties and other third parties involved in the present discovery dispute.  This letter memorialized the agreement.  The letter stated that "Counsel for the parties and third parties will then meet and confer at mutually agreeable times on January 29 and 30, and any motions to quash, for protective order, or to compel will be due on Monday, February 2, 2009."

5.      At no point did Mr. Gordinier ever respond to the January 23, letter saying that he had not reached such an agreement or that he was not a party to such an agreement.  Moreover, Mr. Gordinier served objections to the Omni 808 and Vision Capital subpoenas pursuant to the agreement on January 28, 2009.

6.      Pursuant to the parties' and the subpoenaed parties' agreement, on January 28, 2009, I e-mailed counsel for the MGA parties and the third parties and requested that they provide times for which they would be available to conduct the meet and confer sessions anticipated by the January 23 letter agreement.  Mr. Gordinier responded to me in a January 29, 2009 e-mail, stating that he was "not sure who all is going to be on the call" but that he would be available in the "[e]arly aft" of January 30, 2009.  Attached as Exhibit 3 is a true and correct copy of the e-mail chain that includes my original January 28 e-mail and Mr. Gordinier's January 29 response.

7.      Attached as Exhibit 4 is a true and correct copy of another e-mail chain regarding the parties' meet and confer, ending with a January 28, 2009 e-mail from me to Mr. Gordinier.

8.      In order to accommodate Mr. Gordinier's schedule, I suggested in an e-mail that the parties meet and confer by telephone in the afternoon of January 30, 2009.  Mr. Gordinier agreed, requesting that the teleconference occur at 2:00 p.m.  Attached as Exhibit 5 is a true and correct copy of an e-mail chain ending with the January 29, 2009 e-mail from Mr. Gordinier to me.

9.      On January 30, 2009, at approximately 2:00 p.m., Mr. Gordinier and I met and conferred telephonically regarding the subpoenas served on Vision Capital, LLC, and Omni 808 Investors, LLC.  The call lasted approximately 20 minutes.  During the conference, we discussed ways by which the parties may avoid the necessity of a motion to compel.  Contrary to the suggestion of the Omni Parties, I discussed the Court's January 7, 2009 Order appointing a forensic auditor to investigate MGA's internal documents during the January 30, 2009 phone call.  At

07209/2791972.3

-2-                                  Case No. CV 04-9049 SGL (RNBx)

SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF OPPOSITION TO EX PARTE

the conclusion of the conference, the parties agreed that Mattel's counsel would send a proposed stipulation to avoid the filing of a motion to compel and the parties would meet and confer telephonically again in the afternoon of February 2, 2009.

10.     In furtherance of the meet and confer process, I had prepared and e-mailed to Mr. Gordinier a draft stipulation by which the parties would agree that Omni 808 and Vision Capital would not produce documents unless and until the Discovery Master denied MGA's motion to quash, after which the Omni 808 and Vision Capital would produce all non-privileged, responsive documents.  When I provided the proposed stipulation to Mr. Gordinier, I wrote that "[w]e would like to get this wrapped up on Monday, if possible, based on the parties/third parties agreements regarding timing."  I also sent Mr. Gordinier in the same e-mail a copy of the Court's January 7, 2009 Order appointing a forensic auditor.  Attached as Exhibit 6 is a true and correct copy of my January 30, 2009 e-mail with the draft stipulation and January 7, 2009 Order attached.  Additionally, in the January 30 e-mail I asked Mr. Gordinier whether he would be representing OmniNet.

11.     Mr. Gordinier acknowledged receipt of my January 30 e-mail. Attached as Exhibit 7 is a true and correct copy of a January 30, 2009 e-mail from Mr. Gordinier to me in which Mr. Gordinier requested that I send him a copy of the OmniNet subpoena.  Mr. Gordinier also said that he would be unable to provide comments to the draft stipulation until February 2, 2009.

12.     Attached as Exhibit 8 is a true and correct copy of another January 30, 2009 e-mail from Mr. Gordinier to me, this one time stamped 6:35 p.m., in which Mr. Gordinier expresses his "thanks for the [January 7] Order."

13.     Because Mattel and Omni 808, Vision Capital, and OmniNet were continuing to meet and confer regarding the subpoenas, and because counsel for Omni 808, Vision Capital, and OmniNet would not be unavailable until 3:00 p.m. on February 2, continuing to meet and confer meant that Mattel would be unable to file a motion to compel on February 2.  Because I was concerned that the

SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF OPPOSITION TO EX PARTE

1  Omni Parties would argue that any motion to compel would be untimely if not filed
2  by February 2, 2009, the agreed date, I called Peter Villar, counsel for the Omni
3  Parties, on January 30, 2009 to request an agreement that the motions to compel
4  would not have to be filed by that time.  Counsel for the Omni Parties agreed.  The
5  MGA parties also agreed.  Attached as Exhibit 9 is a true and correct copy of a
6  confirming e-mail chain ending with a January 30, 2009 e-mail from Robert J.
7  Herrington to me.

8          14.     On the morning of February 2, 2009, I sent Mr. Gordinier and his
9  colleague, Peter N. Villar, a copy of the OmniNet subpoena and proof of service.
10 Attached as Exhibit 10 is a true and correct copy of an e-mail chain ending with the
11 acknowledgement of Mr. Villar that he had received the subpoena.

12         15.     At around 3:00 p.m., on February 2, 2009, I met and conferred
13 telephonically with Mr. Villar for approximately 25 minutes.  During the
14 conference, Mr. Villar stated that his clients rejected the draft stipulation because it
15 was "too broad" and asked whether Mattel would be willing to delay filing its
16 motion to compel until after the motion to quash was denied.  I informed Mr. Villar
17 that Mattel would not agree to such a delay because it was not in Mattel's interest to
18 wait and resolve the subpoenas in piece-meal fashion and that it was contrary to the
19 party's and subpoenaed parties' agreement.

20         16.     At no point did Mr. Villar agree to produce any documents
21 relating to the formation of the Omni Parties, the source of funds for the
22 Omni/Wachovia transaction, Omni Parties, and documents showing who the
23 members or owners of the Omni Parties were, the source of capital for any of the
24 Omni Parties, or any documents that they may have related to MGA and/or Larian
25 or his family members.  Attached as Exhibit 11 is a true and correct copy of a
26 February 2, 2009 letter I sent to Mr. Villar, memorializing the parties' February 2
27 discussion and the agreement that I reached with Mr. Villar allowing Mattel to file a
28 motion to compel after February 2, 2009.  At no point during our conversation did

1  Mr. Villar suggest that the subpoenas were in any way improper based on the

2  Court's January 7, 2009 Order appointing a forensic auditor, even though they had

3  the Order for almost three days.

4         17.    On February 3, 2009, third-party Omni 808 filed an *Ex Parte*

5  Application for Leave to Intervene.  Attached as Exhibit 12 is a true and correct

6  copy of the *Ex Parte* Application for Leave to Intervene.  The basis for Omni 808's

7  *ex parte* is its claim that "Omni is the largest secured creditor of MGA, with a

8  superior interest in MGA's assets to any unsecured creditors including Mattel.

9  Omni's interest is directly related to issues raised by Mattel in its ex parte

10  application for the appointment of a receiver."  Omni 808 offered no evidence in

11  support of its *ex parte* application.

12         18.    In a February 2, 2009 e-mail, Mr. Gordinier claimed that my

13  February 2 letter inaccurately described the Omni Parties' position.  I replied on the

14  same day and repeated what I understood the Omni Parties' position to be:  "the only

15  thing that your clients are willing to produce, and then only if the motion to quash is

16  denied, are the deal documents."  In response, Mr. Gordinier claimed that this was

17  not his client's position, but failed to identify which documents they were willing to

18  produce.  Attached as Exhibit 13 is a true and correct copy of an e-mail chain ending

19  with a February 3, 2009 e-mail from Todd Gordinier to me.

20         19.    Attached as Exhibit 14 is a true and correct copy of a February 5,

21  2009 letter from Mr. Gordinier to me.  Therein, Mr. Gordinier confirms that he

22  received the Motion to Compel, but claims -- despite the two meet and confer

23  sessions and exchange of multiple letters and e-mails -- that Mattel failed to meet

24  and confer.  Mr. Gordinier also asked for authority explaining why Mattel did not

25  comply "with the applicable local rules" for filing a motion to compel.

26         20.    In response, I sent a letter to Mr. Gordinier reminding him that

27  the parties and third parties agreed "that Mattel's motion to compel and MGA's

28  motion to quash would be due on Monday, February 2, 2009."  I included a copy of

SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF OPPOSITION TO EX PARTE

Mr. Herrington's January 23, 2009 letter memorializing the agreement.  I also reiterated to Mr. Gordinier that resolution of discovery disputes in this matter was governed by the Stipulation for Appointment of a Discovery Master ("Discovery Master Order") and not the Local Rules.  As a courtesy, I attached a copy of the Stipulation to the letter.  Attached as Exhibit 15 is a true and correct copy of my February 5, 2009 letter to Mr. Gordinier.  Although I attached a copy of the Stipulation, I noted in my letter to Mr. Gordinier that counsel for MGA "has undoubtedly informed you" that "discovery disputes in this case follow the guidelines set forth in the Stipulation for Appointment."

21.     Also on February 5, 2009, Mr. Villar again asked for authority explaining why the discovery dispute was not governed by the Local Rules.  I responded by e-mail, referring him to my February 5 letter.  Attached as Exhibit 16 is a true and correct copy of a February 6, 2009 e-mail chain ending with an e-mail from me to Mssrs. Villar and Gordinier.

22.     In another email to Mssrs. Villar and Gordinier, I explained, as counsel for MGA had undoubtedly explained to them previously, that the "Discovery Master Stipulation . . .  governs discovery disputes in this case" and that their opposition would be due "5 days after the motion" was served.  Attached as Exhibit 17 is a true and correct copy of a February 6, 2009 e-mail chain ending with an e-mail from Mr. Villar to me and Michael T. Zeller.

23.     Thereafter, on February 6, 2009, Mr. Villar asked for a five court-day extension to file the Omni Parties' opposition to Mattel's Motion to Compel.  Attached as Exhibit 18 is a true and correct copy of the an e-mail chain ending with another February 6, 2009 e-mail from Mr. Villar to me.

24.     In response, I informed Mr. Villar that while Mattel preferred to grant requested extensions as a courtesy, Mattel could not do so in this case because an extension "threatens to be prejudicial to my client's interests."  The Omni Parties opposition to the motion to compel was due on February 10, 2009, the day before

SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF OPPOSITION TO EX PARTE

the hearing on Omni 808's application to intervene.  Due to Omni 808's complete failure to provide any evidence to support its application and its effort to become a party, Mattel was entitled to know the positions that Omni 808 will take in opposing the motion to compel, including potentially inconsistent positions, and explained that in light of the application to intervene, Mattel had an acute interest in obtaining prompt discovery related to issues Omni 808 placed at issue by seeking to intervene. I also pointed to paragraph 15 of the Court ordered Stipulation for Appointment, which stated that third parties are bound by its terms.  Attached as Exhibit 19 is a true and correct copy of an e-mail chain ending with an e-mail from me to Mssrs. Villar and Gordinier.

25.     Attached as Exhibit 20 is a true and correct copy of the Stipulation for Appointment of a Discovery Master and Order, entered by the Court December 5, 2006.  The Stipulation for Appointment established rules regarding the filing and resolution of discovery motions in lieu of the Local Rules.  It applies to "any and all discovery motions and other discovery disputes" in this matter, including "[a]ll third parties subject to discovery requests."

26.     On December 28, 2008, Mattel filed an Ex Parte Application for Appointment of a Receiver for MGA or for Alternative Relief.  The alternative relief requested was expedited discovery requests related to the issue of the appointment of a receiver.  On January 7, 2009, in response to Mattel's *Ex Parte* Application for Appointment of a Receiver, the Court appointed a forensic auditor to investigate MGA's finances.  Attached as Exhibit 21 is a true and correct copy of the Court's January 7, 2009 Order.  Attached as Exhibit 30 is a true and correct copy of the Mattel's Notice of Lodging Expedited Discovery Requested in Connection with Mattel, Inc.'s Ex Parte Application for Receiver.  The comments from the January 5, 2009 hearing transcript upon which the Omni Parties rely were not about discovery generally.  Rather, they were directly addressing the expedited relief Mattel requested as an alternative to the appointment of a receiver.  The Court at no time

1  suggested that he was placing any limits on Phase 2 discovery.  The Court clarified

2  that it had not placed any limitations on Phase 2 discovery at a February 11, 2009

3  hearing.  Attached as Exhibit 31 is a true and correct copy of the relevant excerpts

4  from the February 11, 2009 hearing transcript.

5        27.   Attached as Exhibit 22 is a true and correct copy of the Court's

6  January 7, 2008 Order.  Therein, in response to Mattel's Motion for Clarification, the

7  Court reiterated that the Discovery Master Order of a Discovery Master applied to

8  third parties whether they agreed to be bound by its terms or not.

9        28.   Due to a clerical error in the January 7, 2008 order, the Court

10  issue a correction explaining that Mattel's Motion for Clarification had been

11  GRANTED, rather than DENIED as stated in the original order.  Attached as

12  Exhibit 23 is a true and correct copy of the Court's January 9, 2008 Order.

13        29.   Attached as Exhibit 24 is a true and correct copy of the Court's

14  April 14, 2006 Standing Order.

15        30.   The parties in this action have often filed motions in excess of 25

16  pages without objection by the opposing side.  For example, MGA's January 18,

17  2008 Motion for Protective Order was 34-pages long.  MGA's December 31, 2007

18  Opposition to Mattel's Motion (1) To Enforce Court's Discovery Orders and to

19  Compel; (2) to Overrule Improper Instructions, and (3) for Sanctions, was 59-pages

20  long.

21        31.   Attached as Exhibit 25 is a true and correct copy of Mattel's

22  Public Redacted Motion to Compel.

23        32.   Attached as Exhibit 26 is a true and correct copy of the Court's

24  February 3, 2009 Order.

25        33.   Attached as Exhibit 32 is a true and correct copy the May 15,

26  2007 Order by the Discovery Master.

27        34.   To date, no party or third party has produced any documents

28  related to the Omni 808 transactions related to the MGA/Wachovia debt.

07209/2791972.3

-8-

Case No. CV 04-9049 SGL (RNBx)

SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF OPPOSITION TO EX PARTE

35. I have reviewed the Declaration of Todd E. Gordinier, offered by the Omni Parties in support of their *Ex Parte* Application, and relied on in their Opposition to Mattel's Motion to Compel, and it contains significant misstatements:

(a) Mr. Gordinier states that on January 30 he offered to produce "documents reflecting the subject transaction whereby Omni acquired certain MGA's debt obligations from Wachovia" (paragraph 4:20-22). In fact, Mr. Gordinier stated he would produce documents "sufficient" to reflect the transactions. He did not offer to produce all documents related to the transactions.

(b) Mr. Gordinier states that "throughout" the January 30 discussion, "Mr. Corey never mentioned the Court's January 7, 2009 Order staying discovery." (paragraph 4:25-27). The January 7 order, however, did not stay discovery. Rather, the January 7 order appointed a forensic auditor. Moreover, I discussed this order with Mr. Gordinier during the January 30 conference and e-mailed him a copy of the order later that same day, at his request. Mr. Gordinier acknowledged receiving the order in his January 29 e-mail response.

(c) Mr. Gordinier states that "throughout" the January 30 discussion, that I "never expressed . . . any intention to file a Motion to Compel." (paragraph 4:27-28). Not so. The entire exercise of the January 30 meet and confer, as reflected in the January 23 letter memorializing the agreement, was to discuss issues related to the subpoenas in anticipation of the possible filing of a Motion to Compel. Also, contrary to Mr. Gordinier's representation, we discussed the filing of a Motion to Compel during the January 30 met and confer. Specifically, I stressed that Mattel wanted to have the Motion to Quash and its Motion to Compel heard on the same day to avoid piece-meal litigation of any discovery disputes.

(d) Mr. Gordinier claims that he did not "even begin the meet and confer process concerning the Omninet subpoena" (paragraph 6:14-16). He also claims that Mattel never met and conferred "at all regarding the Omninet subpoena." (paragraph 8:21-22). These statements are wrong. The January 23

1  letter memorializing the agreement of the parties and third-parties specifically refers

2  to the OmniNet subpoena  When Mattel failed to receive objections from Omninet, I

3  asked Mr. Gordinier whether he represented OmniNet and he responded that he

4  likely would but needed to see a copy of the subpoena.  As discussed above, I

5  provided a copy of the subpoena and a proof of service to Mr. Gordinier's office the

6  morning of February 2, more than three hours before the parties' meet and confer

7  that day.  Indeed, during the February 2, 2009 telephone conference with Mr. Villar,

8  he informed me that his firm would represent OmniNet and that their position with

9  respect to the OmniNet subpoenas was the same as its position with respect to the

10 subpoenas issues to Omni 808 and Vision Capital.  This is confirmed in my

11 February 2, 2009 confirming letter to Mr. Villar.  <u>See</u> Exhibit 11, at 1-2.

12           (e)     Mr. Gordinier claims that Mattel "abruptly filed its Motion

13 to Compel on February 3."  (paragraph 8:22).  There was nothing abrupt about

14 Mattel's filing.  The parties and third-parties, including counsel for the Omni Parties

15 agreed that any motion to compel regarding the subpoenas had to be filed by

16 February 2.  In an effort to continue meeting and conferring, Mattel requested that it

17 be granted an additional day, until February 3, to file its motion to compel.  The

18 other counsel, including Mr. Villar on behalf of the Omni Parties, agreed.

19           I declare under penalty of perjury under the laws of the United States of

20 America that the foregoing is true and correct.

21           Executed on February 13, 2009, at Park City, Utah.

22

23           /s/ Jon D. Corey
             Jon D. Corey

24

25

26

27

28

-10-                        Case No. CV 04-9049 SGL (RNBx)

SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF OPPOSITION TO EX PARTE