| | |
|---|---|
| 1 | Patricia L. Glaser, State Bar No. 055668 |
|   | Pglaser@glaserweil.com |
| 2 | Joel N. Klevens, State Bar No. 045446 |
|   | Jklevens@glaserweil.com |
| 3 | GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP |
|   | 10250 Constellation Boulevard, 19th Floor |
| 4 | Los Angeles, California 90067 |
| 5 | Telephone: 310-553-3000 |
|   | Facsimile: 310-556-2920 |
| 6 | |
| 7 | Russell J. Frackman, State Bar No. 049087 |
|   | rjf@msk.com |
| 8 | MITCHELL, SILBERBEG & KNUPP, LLP |
|   | 11377 West Olympic Boulevard |
| 9 | Los Angeles, California 90064 |
|   | Telephone: 310-312-2000 |
| 10 | Facsimile: 310-312-3100 |
| 11 | Attorneys for the MGA Parties For Phase Two |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | | |
|---|---|---|
| CARTER BRYANT, an individual | ) | Case No. CV 04-9049 SGL (RNBx) |
| | ) | Consolidated with Case No. 04-09059 |
| Plaintiff, | ) | and Case No. 05-02727 |
| | ) | |
| v. | ) | **DISCOVERY MATTER** |
| | ) | [To Be Heard by Discovery Master |
| MATTEL, INC., a Delaware Corporation | ) | Robert C. O'Brien Pursuant to Order |
| | ) | of January 6, 2009] |
| Defendant. | ) | |
| | ) | **[PUBLIC REDACTED] MGA** |
| | ) | **PARTIES' OPPOSITION TO** |
| AND CONSOLIDATED ACTIONS | ) | **MATTEL, INC.'S 2-09-09 MOTION** |
| | ) | **TO COMPEL DEPOSITIONS OF** |
| | ) | **VARGAS AND TRUEBA AND** |
| | ) | **REQUEST FOR SANCTIONS** |
| | ) | |
| | ) | [Declarations of Susana Kuemmerle |
| | ) | Amman Khan and Jason Russell filed |
| | ) | and served concurrently herewith] |
| | ) | |
| | ) | Date: March 19, 2009 |
| | ) | Time: 10:00 a.m. |
| | ) | Place: Arent Fox |
| | ) | 555 West Fifth Street, 48th Fl. |
| | ) | Los Angeles, CA 90013 |
| | ) | Phase 2 |

666603

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. Preliminary Statement | 2 |
| II. Background Facts | 3 |
| III. ARGUMENT | |
|    I. THE DEPOSITIONS OF VARGAS AND TRUEBA MUST BE HELD IN MEXICO ONLY UPON LAWFUL SERVICE OF PROCESS | 6 |
|       A. Vargas and Trueba Should be Deposed in Mexico Because That is MGA De Mexico's Principal Place of Business | 6 |
|       B. Mattel Must Comply with the Rule 28(b) or the Hague Convention To Take The Depositions of Vargas and Trueba in Mexico | 8 |
|    II. MATTEL'S DEPOSITION NOTICES ARE IMPROPER AS A MATTER OF LAW | 9 |
|       A. Vargas and Trueba are Not "Managing Agents" | 9 |
|    III. THE MGA PARTIES' OBJECTIONS TO THE DEPOSITIONS ARE SUBSTANTIALLY JUSTIFIED AND NO SANCTIONS SHOULD BE AWARDED | 10 |
|    IV. THE COURT SHOULD IMPOSE SANCTIONS AGAINST MATTEL AND ITS COUNSEL FOR DISCOVERY ABUSES | 13 |
| V. Conclusion | 15 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.,
    2007 U.S. Dist. LEXIS 31357 (N.D. Cal. April 17, 2007) ............................ 3, 9

Cadent Ltd. v. 3M Unitek Corp.,
    232 F.R.D. 625 (C.D. Cal. 2005) .......................................................................... 7

Dahl v. City of Huntington Beach,
    84 F.3d 363 (9th Cir. 1996) ................................................................................ 13

Delphi Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd.,
    2008 WL 2906765 (S.D. Ind. 2008) ..................................................................... 7

Dwelly v. Yamaha Motor Corp., USA,
    214 F.R.D. 537 (D.C. Minn. 2003) .................................................................. 7, 8

Fausto v. Credigy Services Corp.,
    251 F.R.D. 427 (N.D. Cal. 2008) .......................................................................... 7

HTC Corp. v. Technology Properties,
    2008 WL 5244905 (N.D. Cal. 2008) ................................................................ 6, 7

In re Akros Installations, Inc.,
    834 F.2d 1526 (9th Cir. 1987) ............................................................................ 13

Kirshner v. Uniden Corp. of America,
    842 F.2d 1074 (9th Cir. 1988) ............................................................................ 13

New Medium Technologies LLC v. Barco N.V.,
    242 F.R.D. 460 (N.D. Ill. 2007) ........................................................................... 7

Reed Paper Co. v. Proctor & Gamble Distributing Co.,
    144 F.R.D. 2 (D. Me. 1992) ............................................................................... 12

Reygo Pac. Corp. v. Johnston Pump Co.,
    680 F.2d 647 (9th Cir. 1982) ............................................................................. 13

Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.,
    482 U.S. 522 (1987) ................................................................................ 8

Thomas v. Int'l Business Machines,
    48 F.3d 478 (10th Cir. 1995) ................................................................... 6

United States v. Afram Lines (USA), Ltd.,
    159 F.R.D 408 (S.D.N.Y. 1994) ....................................................... 10, 11

## STATUTES

Fedederal Rules of Civil Procedure
    Rule 28..................................................................................................8, 9
    Rule 30...............................................................................................3, 8, 9
    Rule 45..................................................................................................3, 9
    Rule 37...............................................................................................12, 13

28 U.S.C. § 1927...........................................................................................12, 14

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Mattel, Inc.'s ("Mattel") Motion to Compel the Depositions of Pablo Vargas and Marianna Trueba ("Motion") is based on the incorrect legal proposition that residents and citizens of a foreign country who work for a foreign corporation can be hailed into California and forced to submit to deposition at their own cost by the mere issuance of a "Notice of Deposition." This flawed proposition is based on yet another flawed proposition that by mere dint of the fact that the foreign corporation has been hailed into California court by Mattel in a California lawsuit, it can depose the employees of that foreign corporation in California anytime it wants simply by mailing a notice of deposition. A shaky house of cards indeed. Not a single case cited by Mattel in its Motion supports either of these propositions. In fact, the law is to the contrary. Accordingly, Mattel's Motion should be denied in its entirety for the following reasons, any one of which is sufficient.

First, after letters rogatory have issued or Mattel has complied with the Hague Convention, the depositions of Mr. Vargas and Ms. Trueba must be held in Mexico, where they reside and where their employer, MGA De Mexico, has its principal place of business. Mr. Vargas and Ms. Trueba, who are non-parties to this action, should not be required to travel to a different country simply for the convenience of Mattel,

REDACTED

Second, Mr. Vargas and Ms. Trueba are not "directors, officers or managing agents" for purposes of Federal Rule of Civil Procedure ("Rule") 30. Accordingly, mere deposition notices are insufficient as a matter of law to compel their attendance.

666603

*Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 U.S. Dist. LEXIS 31357, *4-*6 (N.D. Cal. April 17, 2007). Rather, Mattel must subpoena the witnesses pursuant to Rule 45 or comply with the procedures set forth in the Hague Convention or Rule 28 – neither of which has occurred here. *Id.* Mattel was told this was the MGA Parties' position more than a year ago. Moreover, Judge Larson reaffirmed Mattel's obligation to properly serve a deponent with legal process when he stated, "Leave was afforded to take the depositions, but that doesn't eviscerate the need to properly serve and properly notice those depositions." (Declaration of Amman Khan ("Khan Decl."), ¶ 5, Ex. C, Trans. of Proc. [Larson] 2/4/08, p. 26:16-18.) With respect to Mr. Vargas and Ms. Trueba specifically, Judge Larson emphasized that "[i]f they're not managing agents, then [Mattel has] to proceed under more formal procedures." (*Id.*, p. 15:11-18.) Yet, Mattel continues to employ mere deposition notices to obtain the depositions of Mr. Vargas and Ms. Trueba and now brings this baseless Motion in an effort to harass the MGA Parties.

Third, the MGA Parties' objections to the deposition notices of Mr. Vargas and Ms. Trueba are entirely justified. Accordingly, an award of sanctions against the MGA Parties and/or their counsel would be unjust.

For the foregoing reasons and for those set forth below, Mattel's Motion should be denied in its entirety. In addition, the MGA Parties respectfully request that the Court impose sanctions on Mattel and its counsel for filing a frivolous Motion, and for an Order requiring them to serve any future discovery-related documents upon the attorney with they whom they have met and conferred.

### Factual Background

On or around January 9, 2009, Mattel served deposition notices setting the depositions of, among others, Mr. Vargas and Ms. Trueba for January 24, 2009. Those deposition notices sought to hail Mr. Vargas and Ms. Trueba into Los Angeles – both of whom are non-parties to the instant action and residents and nationals of Mexico – without service of a subpoena or other lawful process. Soon thereafter, on

1  January 26, 2009, the MGA Parties orally advised Mattel that they objected to the
2  notices of deposition. (Khan Decl., ¶ 2.) The MGA Parties also advised Mattel in
3  writing on January 28, 2009 of their objections. (Khan Decl., ¶ 2, Ex. A.)
4        Contrary to Mattel's misstatements of the factual background here, the MGA
5  Parties have never represented to Mattel that dates for the depositions of Mr. Vargas
6  and Ms. Trueba would be provided. (Declaration of Jason Russell ("Russell Decl."),
7  ¶¶ 3-4.) Mattel's claims that Jason Russell of Skadden, Arps, Slate, Meagher &
8  Flom, LLP ("Skadden") represented to Michael Zeller (counsel for Mattel) that the
9  MGA Parties committed to provide dates for those depositions are therefore, at best,
10 disingenuous. (*Id.*) In fact, all Mr. Russell did was advise Mr. Zeller that Phase 2
11 counsel would call him on January 26, 2009 to discuss the depositions. (*Id.*) Indeed,
12 as set forth above, Phase 2 counsel for the MGA Parties, Glaser Weil, contacted and
13 advised Mattel (both orally and in writing) of their objections to the deposition
14 notices of Mr. Vargas and Ms. Trueba.[1]
15       In an obvious effort to deflect attention from its Motion's complete lack of
16 merit, Mattel devotes nearly a quarter of its moving papers to utterly irrelevant and
17 totally false assertions that the MGA Parties have purportedly "obstructed" numerous
18 depositions of other witnesses in this action. (Motion, p. 7-10.) Indeed, much of their
19 vitriol is directed at Carter Bryant, who was represented by separate counsel and with
20 whom Mattel has now reached a settlement. Equally irrelevant are Mattel's false
21 accusations concerning the depositions of Isaac Larian[2] and Gustavo Machado. None

---

[1] Any argument by Mattel that Glaser Weil, Phase 2 Counsel for the MGA Parties, did not have standing to object to the deposition notices because the Court had not yet served its January 28, 2009 Order permitting Glaser Weil to associate in as counsel was explicitly waived in a telephone conversation on January 26, 2009, when Jon Corey (counsel for Mattel) informed Amman Khan of Glaser Weil that he had no objection to dealing with Mr. Khan as counsel for the MGA Parties and discussing the objections to the deposition notices. (Khan Decl., ¶ 2.)

[2] Notably, Mattel's allegation that "it took two Court orders and an award of sanctions before Isaac Larian deigned to appear for deposition" is not only false, it is unsupported by anything attached to Mattel's Motion. (Motion, 2:4-6.)

666603

3

of this has anything whatsoever to do with the issues before the Discovery Master, which pertain exclusively to propriety *vel non* of deposition notices to compel the attendance in Los Angeles of two non-managerial employees who live, work and are citizens of Mexico.

Last, Mattel's Motion is riddled with falsehoods in an effort to obfuscate the relevant issues here. For example only and without limitation:

- Mattel presents the exaggerated **allegations** in its second amended counterclaim as **fact**. In particular, Mattel asserts that Isaac Larian "enticed Vargas, Trueba and Machado to steal Mattel's confidential and propriety information ..." (Motion, p. 4:6-7.) Mattel knows this is false. Both the documentary and testimonial evidence established that Isaac Larian told Mr. Vargas and Ms. Trueba "not to bring anything from Mattel" and "just their heads." (Khan Decl., ¶ 8, Ex. F, Declaration of Isaac Larian, 4/11/07) Susana Kuemmerle, MGA De Mexico's Vice President and Mr. Vargas' and Ms. Trueba's supervisor, also testified that they had no secret or propriety information that was of any value. (Khan Decl., ¶ 6, Ex. D, Declaration of Susana Kuemmerle ("Kuemmerle Depo"), p. 131:6-132:3, 221:19-25.)
- Mattel falsely alleges that "Larian personally extended written employment contracts to Vargas and Trueba ..." (Motion, p. 4:18), but the Spanish versions of the contracts (rather than Mattel's unauthenticated English translations) have Thomas Park as the signing agent for MGA De Mexico. (Declaration of Michael T. Zeller ("Zeller Decl."), Exhs. 6-7).
- Mattel falsely asserts that Ms. Trueba is MGA De Mexico's "Director of Marketing." In fact, Gustavo Machado is MGA De Mexico's Director of Marketing, not Mr. Vargas or Ms. Trueba. (Khan Decl., ¶ 6, Ex. D, Kuemmerle Depo, p. 93:3-8.)

Indeed, Mattel's entire motion is premised on its false characterization of the February 27, 2007 declaration of Susanna Kuemmerle, ¶6. Mattel falsely alleges that Ms. Kuemmerle stated

(Motion, p. 5:7-9.)

**REDACTED**

(Khan Decl., ¶ 6, Ex. E, 2/28/07, Kuemmerle Decl., p. 2:19-22.) Mattel should not be allowed to blatantly misrepresent the facts.

## Argument

### I. THE DEPOSITIONS OF VARGAS AND TRUEBA MUST BE HELD IN MEXICO ONLY UPON LAWFUL SERVICE OF PROCESS

#### A. Vargas and Trueba Should be Deposed in Mexico Because That is MGA De Mexico's Principal Place of Business

Mr. Vargas and Ms. Trueba should not be required to come to Los Angeles for their depositions. Mattel concedes that neither of them is a party to this action. MGA De Mexico's principal place of business is in Mexico, and that is where both Mr. Vargas and Ms. Trueba live and work. (Kuemmerle Decl., ¶¶ 6,7.) In fact, MGA De Mexico does not maintain an office in the United States and does not do any business here. (Kuemmerle Decl., ¶ 2.) Rather than placing undue burden on Mr. Vargas, Ms. Trueba and MGA De Mexico, the Court should require that these individuals be deposed in Mexico.

Courts uniformly apply a "general presumption that the deposition of a corporate party should be taken at its place of business." *HTC Corp. v. Technology Properties*, 2008 WL 5244905, *2 (N.D. Cal. 2008) (citing *Thomas v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995)). Indeed, this presumption is expressly

acknowledged in a number of cases cited in Mattel's own Motion. (Motion, p. 13-14 (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005); *Delphi Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd*, 2008 WL 2906765 (S.D. Ind. 2008); *New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007) ("Courts have often... referred to a 'presumption' that the deposition of a corporation should be taken at its principal place of business... particularly so when the corporation is a defendant")).)

This presumption is primarily applied to defendants because, "[while] plaintiffs bring the lawsuit and...exercise the first choice as to the forum, [t]he defendants, on the other hand, are not before the court by choice." *Fausto v. Crediqy Services Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008); *see HTC Corp.*, 2008 WL at *2 ("courts primarily apply this rule to defendants, since plaintiffs have the luxury of choosing the forum"). Here, MGA De Mexico has asserted no affirmative claims in this lawsuit and appears solely as a Counter-Defendant. As a result, the equities balance against forcing MGA De Mexico's employees to travel to another country to fulfill Mattel's purported discovery needs.

*Dwelly v. Yamaha Motor Corp., USA*, 214 F.R.D. 537 (D.C. Minn. 2003) is also instructive. In *Dwelly*, the plaintiff in a products liability action sought to deviate from the general rule mentioned above by requiring the defendants to produce a deponent in the United States, even though he lived and worked in Japan. Despite the fact that the defendant corporation conducted business in the United States, the district court held that the deposition should be taken in Japan. *Id.* at 541. The court's ruling was based on the following issues raised by the defendant corporation: (1) producing a deponent in the U.S. would be unduly burdensome because the Japanese deponent had significant responsibilities in Japan and rarely traveled to the U.S.; (2) concerns of international comity and Japanese sovereignty weighed against hauling a foreign national into the U.S.; and (3) the courts should not unnecessarily inconvenience a foreign national by compelling him or her to travel overseas for a

666603

1  deposition. *Id.* Based on these considerations, the court found "no basis to conclude
2  that the discovery, to be effective, must be conducted within the territorial boundaries
3  of [the U.S.]." *Id.* at 542.
4      As in *Dwelly*, the balancing of factors weighs against compelling Mr. Vargas
5  and Ms. Trueba to travel to Los Angeles for their depositions. Significantly, Mattel
6  can only point to a ***single*** instance, several years ago, when Mr. Vargas or Ms. Trueba
7  ever visited Los Angeles. (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 62:19-21,
8  63:11-12.)

9
10      (Kuemmerle Decl., ¶ 8.) REDACTED
11      . (*Id.*)
12
13  REDACTED
14
15      (*Id.*)
16      (*Id.*, ¶¶ 6-7.) To require these witnesses to
17  travel to Los Angeles for Mattel's own convenience would be unduly burdensome and
18  unfair to the witnesses.

19      **B.**    **Mattel Must Comply with the Rule 28(b) or the Hague Convention**
20          **To Take The Depositions of Vargas and Trueba in Mexico**

21      Mattel was told more than a year ago that in order to depose Mr. Vargas and
22  Ms. Trueba in Mexico, Mattel must comply with the applicable provisions of the
23  Hague Convention, to which Mexico is a signatory, or other methods provided for by
24  Rule 28, such as a "letter of request." *See Societe Nationale Industrielle Aerospatiale*
25  *v. U.S. Dist. Ct.*, 482 U.S. 522, 543 (1987) (in determining whether party must utilize
26  provisions of the Hague Convention or other discovery procedures available under
27  Rule 28(b), courts consider the prevention of discovery abuse and the demands of
28

666603

international comity.). Mattel neglected and ignored this obligation. Rule 28 provides that a deposition may be taken in a foreign country:

(A) under an applicable treaty or convention;

(B) under a letter of request, whether or not captioned a "letter rogatory";

(C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or

(D) before a person commissioned by the court to administer any necessary oath and take testimony.

Fed. R. Civ. P. 28.

As stated in *United States v. Afram Lines (USA), Ltd.*, 159 F.R.D. at 413, "a corporate employee or agent who does not qualify as an officer, director, or managing agent is not subject to deposition by notice.... [I]f the witness [subject to subpoena] is overseas, the procedures of the Hague Convention or other applicable treaty must be utilized." For the reasons stated below, Mr. Vargas and Ms. Trueba are not "managing agents" and their depositions must be sought through a letter of request to the foreign state or in accordance with the Hague Convention. *See* Fed. R. Civ. P. 28(b).

## II. MATTEL'S DEPOSITION NOTICES ARE IMPROPER AS A MATTER OF LAW

### A. Vargas and Trueba are Not "Managing Agents"

It is well-established law that corporate employees or agents who do not qualify as "officers, directors, or managing agents," like Mr. Vargas and Ms. Trueba, are not subject to deposition by notice under Rule 30. *Avago Technologies General IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 U.S. Dist. LEXIS 31357 (N.D. Cal. April 17, 2007) (denying motion to compel corporate party to produce witnesses in response to notices of deposition because individuals were not representatives of corporation for purposes of Rule 30 and therefore could not be compelled by mere deposition notices). Such witnesses must be subpoenaed pursuant to Rule 45 or, if the

witness is overseas, the procedures of the Hague Convention must be utilized. *U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 413 (S.D.N.Y. 1994). Accordingly, the Court should deny this Motion because Mattel has sought to employ inappropriate procedures to obtain the depositions of Mr. Vargas and Ms. Trueba.

The party seeking discovery has the burden of establishing an individual is a "managing agent" of the corporate party. *Id.* at 413 (finding that discovering party failed to provide sufficient evidence that agents function as managing agents). As set forth below, Mattel has not (and cannot) meet its burden here.

Notably, Mattel does not argue that Mr. Vargas or Ms. Trueba are "officers or directors" of MGA De Mexico. Rather, Mattel's sole contention is that these witnesses hold the *title* of "Director of Marketing" (Mr. Vargas) or "Director of Sales" (Ms. Trueba) and are thus "managing agents." But managing agent status is not determined by the title an employee holds. The law is clear, whether a person is a party's "managing agent," and therefore subject to deposition on notice, depends on several factors:

> 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters;
>
> 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party;
>
> 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination;
>
> 4) the general responsibilities of the individual *"respecting the matters involved in the litigation,"*; and
>
> 5) whether the individual can be expected to identify with the interests of the corporation.

*Id.* at 413 (emphasis in original) (citations omitted).

1   Several of the foregoing factors point strongly against characterizing Mr.
2   Vargas and Ms. Trueba as "managing agents." Neither Mr. Vargas nor Ms. Trueba has
3   discretion to exercise judgment in MGA De Mexico's corporate matters. In fact, both
4   Mr. Vargas and Ms. Trueba are mid-level employees who act at the direction of others
5   in higher positions at MGA De Mexico regarding its business.
6   **REDACTED** **REDACTED**
7   (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 97:18-19; Feb. 12, 2009, Declaration of
8   Susana Kuemmerle ("Kuemmerle Decl."), ¶ 4.) In turn,
9   **REDACTED** (Khan Decl., ¶ 6, Exh. D,
10  Kuemmerle Depo., 95:3-96:7; Kuemmerle Decl., ¶ 4.) Similarly,
11  . (Khan Decl., ¶ 6, Exh. D, Kuemmerle Depo., 97:12-13;
12  Kuemmerle Decl., ¶ 3.) Moreover, Ms. Trueba cannot be a "managing" agent
13  because **REDACTED** Khan Decl., ¶ 6, Exh. D,
14  Kuemmerle Depo., 97:14-17; Kuemmerle Decl., ¶ 3.) Last, Mattel's effort to mislabel
15  Ms. Trueba as the "Director of Marketing" is erroneous because she is in fact not a
16  "director" at all, **REDACTED** Khan Decl., ¶ 6,
17  Exh. D, Kuemmerle Depo., 97:14-15; Kuemmerle Decl., ¶ 4.)
18      Mattel wrongly asserts that Isaac Larian "admitted that he hired [Vargas and
19  Trueba] to "run MGA Mexico." (Motion, 1:22-23.) However, this is simply another
20  attempt by Mattel to misrepresent the facts in order to further its improper purposes
21  here. The email is dated 2004 and refers to the time when the company started.
22  Moreover, Mr. Larian was simply explaining
23  **REDACTED** **REDACTED**
24
25  Vargas or Ms. Trueba a "managing agent," as
26      *See U.S. v. Afram Lines (USA), Ltd.*, 159 F.R.D. 408, 415 (S.D.N.Y.
27  1994) (finding that agents were not "managing agents" because they had no power to
28  exercise judgment in corporate matters). Also, English is Mr. Larian's second

666603

10

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA

1  language, he cannot be expected to write emails with the tactical precision of a
2  lawyer.
3       Finally, Mattel has attempted to conflate the parties in this case in an effort to
4  paint Mr. Vargas and Ms. Trueba as "managing agents, officers, and/or directors of an
5  MGA entity." (Khan Decl., ¶ 2, Ex. A). Mattel's position was soundly undermined by
6  *Reed Paper Co. v. Proctor & Gamble Distributing Co.*, 144 F.R.D. 2 (D. Me. 1992)
7  ("*Reed*"), a case cited in Mattel's own Motion. In *Reed*, the plaintiff contended that
8  even though the potential deponent was not employed by the defendant corporation at
9  the time of his deposition, he was employed by the umbrella "family of companies
10 and should be considered a 'managing agent' for each member entity." *Id.* at 4. In
11 response, the court held that "In order to reach that conclusion, the Court would be
12 required to pierce... [the] corporate veil. The record in this case does not permit the
13 Court to take such action." *Id.* Similarly, in the instant case, the corporate
14 separateness of MGA and MGA De Mexico is undisputed. Thus, Mattel may not use
15 MGA Entertainment, Inc.'s status as a California corporation as a means to take the
16 disputed depositions in Los Angeles

## III. THE MGA PARTIES' OBJECTIONS TO THE DEPOSITIONS ARE SUBSTANTIALLY JUSTIFIED AND NO SANCTIONS SHOULD BE AWARDED

Mattel seeks sanctions against the MGA Parties, alleging that the MGA Parties' objections to Mattel's invalid deposition notices are wholly unreasonable and subject to sanctions under Rule 37(a)(4) and 28 U.S.C. § 1927. As an initial matter, Mattel's reference to Rule 37(a)(4) appears to be mistaken.[3] Nonetheless, assuming that Mattel seeks to invoke Rule 37(a)(5), no such sanctions are appropriate in this case.[4]

---

[3] Rule 37(a)(4) provides: "For purposes of this subdivision (a), an evasive or incomplete disclosure, an answer, or response must be treated as a failure to disclose, answer or respond."

[4] Rule 37(a)(5) provides, in part: "If the motion is granted... the court must, after giving an opportunity to be heard, require the party or deponent whose conduct

11

Rule 37(a)(5) provides that the "court must not order" payment of discovery-related sanctions if "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." "A request for discovery is 'substantially justified' under [Rule 37] if reasonable people could differ as to whether the party requested must comply." *Reygo Pac. Corp. v. Johnston Pump Co.*, 680 F.2d 647 (9th Cir. 1982) (reversing order imposing sanctions). As set forth above, the MGA Parties' objections to the disputed deposition notices are grounded in well-established law. Because Mattel cannot point to any conduct by the MGA Parties' counsel that was either vexatious or unreasonable, no sanctions are appropriate. *See Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1081-1082 (9th Cir. 1988) (holding that attorney who acted reasonably in response to demands by opposing counsel could not be subjected to sanctions).

In the instant case, Mattel has improperly noticed depositions of Mr. Vargas and Ms. Trueba, seeking to hail into Los Angeles two **REDACTED** MGA De Mexico who reside in and are citizens of another country. Because Mattel has refused to take the appropriate processes to obtain these depositions, the MGA Parties are substantially justified in objecting to the deposition notices at issue here.

### IV. THE COURT SHOULD IMPOSE SANCTIONS AGAINST MATTEL AND ITS COUNSEL FOR DISCOVERY ABUSES

Mattel should be sanctioned for the dirty tricks it employed in bringing its Motion. *Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996) (approving of award of sanctions against plaintiff's counsel for improper discovery practice); *In re Akros Installations, Inc.*, 834 F.2d 1526, 1531 (9th Cir. 1987) (district court may impose sanctions on counsel based upon "the inherent power of the

necessitated the motion… to pay the movant's reasonable expenses incurred in making the motion…."

666603

1 judiciary, or upon the authority conferred by 28 U.S.C. § 1927") (overruled on other,
2 unrelated grounds). Specifically, Mattel's counsel abused the discovery process by
3 pretending to meet and confer with MGA Parties' counsel, Mr. Khan, but then on
4 February 6, 2009 surreptitiously served their Motion on Patricia L. Glaser, the name
5 partner of Mr. Khan's firm, while she was out of town. (Khan Decl., ¶¶ 3-4.) Mattel
6 then delayed filing its Motion until February 9, 2009, and then only served the
7 redacted version. (Khan Decl., ¶¶ 3-4.) By the time MGA's counsel received the un-
8 redacted Motion and accompanying exhibits (which include nearly 600 pages of
9 documents), he had only two days to oppose it. Mattel refused any reasonable
10 extension to respond to the Motion. (Khan Decl., ¶ 4, Ex. B.) Mattel also took the
11 position that it was normal procedure to avoid serving the attorney handling the
12 matter with their Motion. (Khan Decl., ¶ 4, Ex. B.) Accordingly, in addition to
13 sanctions against Mattel for its sharp tactics, Mattel should also be ordered to serve
14 the MGA Parties' attorney with whom they have met and conferred on any motion
15 Mattel files.
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

666603

## Conclusion

Based on the foregoing, the MGA Parties respectfully request that Mattel's Motion to Compel Depositions of Mr. Vargas and Ms. Trueba and Request for Sanctions should be denied in its entirety. The MGA Parties also respectfully request that the Court impose sanctions on Mattel and its counsel for their discovery abuses in bringing the Motion and to order Mattel to serve the MGA Parties' attorney with whom they have met and conferred on any future motion Mattel chooses to bring in this matter.

Dated: February 13, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP


By: /s/ Amman A. Khan
 Amman Khan
 Attorneys for the MGA Parties
 for Phase Two