1   Patricia L. Glaser, State Bar No. 055668
    Pglaser@glaserweil.com
2   Joel N. Klevens, State Bar No. 045446
    Jklevens@ glaserweil.com
3   GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
4   Los Angeles, California 90067
    Telephone:  310-553-3000
5   Facsimile:   310-556-2920

6   Russell J. Frackman, State Bar No. 049087
    rjf@msk.com
7   MITCHELL, SILBERBEG & KNUPP, LLP
    11377 West Olympic Boulevard
8   Los Angeles, California 90064
    Telephone:  310-312-2000
9   Facsimile:   310-312-3100

10

11  Attorneys for the MGA Parties For Phase Two

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15  CARTER BRYANT, an individual          )  Case No. CV 04-9049 SGL (RNBx)
                                          )
16                 Plaintiff,             )  Consolidated with
                                          )  Case No. CV 04-9059
17  v.                                    )  Case No. CV 05-2727
                                          )
18  MATTEL, INC., a Delaware              )  **DISCOVERY MATTER**
    Corporation                           )  **[To Be Heard by Discovery Master**
19                                        )  **Robert C. O'Brien Pursuant to Order**
                                          )  **of January 6, 2009]**
20                 Defendant.             )
                                          )  **[PUBLIC REDACTED]**
21  ─────────────────────────────        )  **DECLARATION OF AMMAN A.**
                                          )  **KHAN IN SUPPORT OF MGA**
22  AND CONSOLIDATED ACTIONS              )  **PARTIES' OPPOSITION TO**
                                          )  **MOTION TO COMPEL**
23                                        )  **DEPOSITIONS OF PABLO VARGAS**
                                          )  **AND MARIANA TRUEBA  AND**
24                                        )  **REQUEST FOR SANCTIONS**
                                          )
25                                        )  **Phase 2**
                                          )  **Pre-Trial Conference:    Not Set**
26                                        )  **Trial Date:              Not Set**
                                          )
27

28

666502

## DECLARATION OF AMMAN A. KHAN

I, Amman A. Khan, hereby declare that:

1.     I am an attorney at law, duly licensed to practice before all Courts of the State of California, and am a partner of the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP ("Glaser Weil"), Phase 2 attorneys of record herein for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties"). I submit this declaration in support of the MGA Parties' Opposition to Mattel Inc.'s Motion to Compel Depositions of Pablo Vargas and Mariana Trueba and Request for Sanctions. Unless otherwise stated, I have personal knowledge of the facts set for below and, if called as a witness, I could and would testify competently thereto.

2.     On January 28, 2009, the Court issued an Order permitting Glaser Weil to associate into this matter as Phase 2 counsel for the MGA Parties. While Glaser Weil's request to substitute into this matter was still pending, I engaged in a meet-and-confer phone conversation with Jon Corey of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, regarding the depositions of Mr. Vargas and Ms. Trueba. During this phone conversation, Mr. Corey expressly stated that he had no objection to dealing with me as MGA's counsel to discuss the MGA Parties' objections to the deposition notices concerning Mr. Vargas and Ms. Trueba. Since that initial conversation, I have exchanged a number of letters with Mr. Corey regarding the depositions of Mr. Vargas and Ms. Trueba. Attached hereto as Exhibit A are true and correct copies of the following letters:

    a. A January 27, 2009, letter from Mr. Corey addressed to me;

    b. A January 28, 2009, letter from me to Mr. Corey;

    c. A January 30, 2009, letter from Mr. Corey addressed to me; and

    d. My February 2, 2009, letter to Mr. Corey responding to his prior correspondence.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

666502

3.      Notwithstanding the fact that Mr. Corey knew that I was handling this matter on behalf of the MGA Parties and Glaser Weil, Mattel's counsel, Quinn Emanuel, served Mattel's Motion to Compel the Depositions of Mr. Vargas and Ms. Trueba on my colleague and partner, Patricia L. Glaser, while she was out of town on February 6, 2009.  Mattel then delayed filing its Motion until February 9, 2009, and then only served a redacted version.  By the time I received the complete, un-redacted Motion and accompanying exhibits (which include nearly 600 pages of documents), my firm had only two days to draft and file opposing papers.

4.      I requested an extension of time to file our opposition papers.  Mr. Corey refused any reasonable extension and took the position that it was normal procedure to avoid serving upon the attorney with whom he met and conferred a copy of the Motion.  Attached hereto as Exhibit B is a true and correct copy of an e-mail exchange between Mr. Corey and me regarding these matters.

5.      Attached hereto as Exhibit C is true and correct copy of relevant excerpts from the Transcript of Proceedings from a February 4, 2008, hearing held by Judge Larson.

6.      Attached hereto as Exhibit D are true and correct excerpts from the deposition transcript of Susana Kuemmerle, MGA De Mexico's Vice President, taken on January 28, 2008.

7.      Attached hereto as Exhibit E is a true and correct copy of the Declaration of Susana Kuemmerle dated February 27, 2007.

8.      Attached hereto as Exhibit F is a true and correct copy of the Declaration of Isaac Larian dated April 11, 2007.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 12th day of February, 2009, in Los Angeles, California.

_/s/ Amman A. Khan_____
Amman A. Khan

DECLARATION OF AMMAN A. KHAN

666502

# EXHIBIT "A"

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 27, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:   <u>Mattel, Inc. v. Bryant</u>

Dear Amman:

I write regarding our telephone conversation yesterday regarding the depositions of Mr. Vargas, Ms. Trueba and Ms. Salemnia, which Mattel had noticed on January 9, 2009 to proceed this week.  You informed me that MGA did not think that a notice of a deposition was sufficient to compel Mr. Vargas and Ms. Trueba to appear for deposition and that MGA would be objecting on that basis.  I told you that this was the first time that I had heard of any objections from MGA, and that last week, Jason Russell at Skadden had committed that MGA would provide firm deposition dates for Mr. Vargas, Ms. Trueba and Ms. Salemnia by Monday, January 26, 2008. He did not suggest that the notices were defective or objectionable.  Nor, in any event, is there any merit to your belated suggestion yesterday that deposition notices for these MGA party executives are insufficient to mandate their appearance at deposition.  Based on MGA's representation by its counsel of record, we expect to receive those firm dates forthwith.

Separately, you informed me that Ms. Salemnia was no longer with MGA.  Again, this is the first MGA had made this claim.  I asked you to provide for me the date that she left MGA's employ. Further, whether she is currently employed or not, based on Mr. Russell's representation, we expect a firm date on which she will be produced for deposition.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1711
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

**EXHIBIT A**

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

2

-2-

**EXHIBIT A**

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

January 28, 2009

MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND FACSIMILE (213) 443-3100**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   *Bryant v. Mattel, Inc. and Consolidated Actions*
      U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Jon:

This responds to your January 27, 2009 letter concerning Mattel, Inc.'s notices of deposition of Mr. Vargas, Ms. Trueba and Ms. Salemnia, which were unaccompanied by subpoenas or other appropriate lawful legal process, and set to take place in Los Angeles.

First, as we discussed yesterday, and as you acknowledged, Mr. Vargas and Ms. Trueba are residents and citizens of Mexico, not the United States. Also, I can now confirm that they are neither directors, officers nor "managing agents" for the MGA Parties and they are not parties to this action either. Thus, it is inappropriate to simply hail these individuals into California by a mere notice of deposition. *See e.g.,* FRCP 28(b), 45(b)(2); *Societe Nationale Industrielle Aerospatiale v. United States Dist. Ct.,* 482 U.S. 522, 543 (1987) (International comity requires American Courts to exercise "special vigilance" to avoid subjecting foreign persons to unreasonably burdensome discovery. American Courts must give "most careful consideration" to the policies and interests of whatever country is involved . . . .).

Second, we also discussed that Ms. Salemnia is no longer in the employ of MGA. Her last day of employment was May 23, 2008. Thus, she is not under the control of MGA and an FRCP 45 subpoena is required to compel her appearance as well.

Third, it is my understanding that Mattel's deposition notices go beyond the number of depositions permitted and they are untimely. By December 2007, Mattel had exhausted the number of depositions it was permitted. Under the Court's January 7, 2008 Order (Doc. #1509), Mattel was given leave to conduct close to 50 additional Phase 1 and 2 depositions but it was ordered to complete those depositions by January 28, 2008, subject to a further stipulation of the

665313

**EXHIBIT A**

-3-

Jon D. Corey, Esq.
January 28, 2009
Page 2

parties. "As to all depositions permitted by this Order, all counsel are expected to coordinate their schedules . . . such that the depositions are held prior to the discovery cut off date of January 28, 2008." (*See* Order p. 5). In that same order, the Court said that it would consider a stipulation that allowed the parties to designate certain depositions as Phase 2 depositions, and those could be taken in February "if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1." (*See* Order at p. 3; *see also* Order at p. 5 ("Phase 2 depositions [of the additional ones allowed] may be taken in February pursuant to a Court-approved stipulation")). Mattel's most recent deposition notices were issued almost one year after the Court-imposed the cut-off and any depositions that were stipulated to be completed beyond that cut-off were, in fact, completed. There is no stipulation allowing Mattel to take further Phase 2 depositions.

Finally, your assertions regarding Jason Russell's alleged representations are mistaken. I spoke to Mr. Russell and he confirmed that he had absolutely no discussions with you about the deposition notices for Mr. Vargas, Ms. Trueba and Ms. Salemnia. In fact, he confirmed that his discussions were with Michael Zeller of your firm and that Mr. Zeller was told that no dates could be agreed upon as the Skadden firm did not anticipate being Phase 2 counsel. Similarly, John Quinn of your firm was also told by Thomas Nolan that Phase 2 counsel would discuss these depositions with you, depending on the outcome of the January 26, 2009 hearing before Judge Larsen. Thus, your understanding of Jason Russell's statements is not based on personal knowledge, nor is it correct.

Accordingly, will you kindly advise that you will withdraw the improperly noticed depositions of Mr. Vargas, Ms. Trueba and Ms. Salemnia?

Very truly yours,

Amman Khan
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

AMM/rs

cc:    Joel N. Klevens, Esq.
       Jason Russell, Esq.
       Patricia Benson, Esq.

665313

**EXHIBIT A**

- 4 -

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 30, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman A. Khan, Esq.
Glaser, Weil, Fink, Jacobs Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc.</u>

Dear Amman,

I write in response to your letter dated January 28, 2009 and the objections that you served to the notices of deposition of Mr. Vargas, Ms. Trueba and Ms. Salemnia. I further write to inform you of Mattel's anticipated <u>ex parte</u> application to the District Court regarding the January 7, 2008 and February 14, 2008 Orders.

First, the objections to the notices re-setting the depositions of Trueba and Vargas are untimely as they were served after the time the depositions were noticed to commence. On January 9, 2009, after the Phase 2 discovery stay was lifted, Mattel re-noticed the depositions of Ms. Trueba and Mr. Vargas for January 27 and 28, 2009. You served purported objections at 11:40 p.m. on January 28, the day after Mr. Vargas' deposition was to occur and after the close of business on the day of Ms. Trueba's deposition. These objections were thus untimely and, indeed, likely void given that the Court had not yet served the association order permitting your firm to act on MGA's behalf.

Second, as recently as a few days ago, Mr. Russell committed to provide firm dates for these depositions. These representations are binding upon MGA. There has been no change of circumstances that would justify a change of position. As with the representations made by Skadden about accepting Mr. O'Brien as a Discovery Master without objection, the

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

**EXHIBIT A**

representation that these witnesses would be produced for deposition promptly is binding on MGA and a position that you may not contradict--co-counsel or not.  Your assertion that Mr. Russell and Mr. Zeller did not discuss the deposition notices of Mr. Vargas, Ms. Trueba and Ms. Salemnia last week is simply wrong, nor did I ever tell you that I personally had spoken with Mr. Russell on this subject.

Third, even if all objections have not been waived, your claim that Mr. Vargas and Ms. Trueba are "neither directors, officers nor managing agents" for the MGA Parties" is factually groundless.  Mr. Vargas and Ms. Trueba formed defendant MGAE de Mexico, entered into agreements, solicited sales, and made vendor commitments, among other things, on its behalf. Mr. Vargas is the Sales *Director* of MGAE de Mexico and Ms. Trueba is the *Director* of Marketing, Girls Division, of MGAE de Mexico.  They exercise judgment and discretion in their positions and, as founders of the company, they identify with the interests of the corporation. *Reed Paper Co. v. Procter & Gamble Distributing Co.*, 144 F.R.D. 2, 4 (D. Me. 1992).  Because they are at a minimum managing agents of defendant MGAE de Mexico, it is obligated to produce these witnesses. *See Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005) ("it is well recognized that if the corporation is a *party, the notice compels it to produce* any 'officer, director or managing agent' named in the deposition notice" and it is not necessary to subpoena each individual).  MGA "risks sanctions including default" if any of the witnesses continue to refuse to appear. *Id.*

These depositions also properly will take place in Los Angeles. Ms. Trueba and Mr. Vargas are managing agents, officers and/or directors of an MGA entity.  All parties' lead counsel are in Los Angeles, and MGA has availed itself of this forum by filing complaints against Mattel in the Central District of California. *See HTC Corp. v. Technology Properties*, 2008 WL 5244905, at *1-2 (N.D. Cal. 2008) (depositions of a corporation's foreign officers, directors and employees should take place in the district where the suit was filed).  Your concerns regarding "international comity" are baseless; "when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated." *HTC Corp.*, 2008 WL 5244905, at *1-2.

Please provide me with dates, to be confirmed by stipulation and order, for these witnesses by 4:00 p.m. on Monday, February 2, 2009.  If they are not forthcoming, then Mattel will seek relief from the Discovery Master, including through ex parte applications if need be.

You represent that Ms. Salemnia is no longer an employee of MGA.  Mattel previously served notices of deposition for Ms. Salemnia to MGA's counsel and a trial subpoena to Skadden Arps on May 16, 2008, without objection.  If, as you now claim, Ms. Salemnia left MGA's employ a mere week after the trial subpoena, MGA should have informed Mattel that she was no longer an MGA employee.  Indeed, Mr. Russell informed Mattel's counsel just last week that MGA would provide proposed dates for her deposition.  MGA cannot represent that a witness is available to testify, then days later have co-counsel claim that she will not be produced in an attempt to shield itself from her potentially damaging testimony by losing "control" of the witness.  If MGA is truly unable to locate this witness for deposition because "she is not under the control of MGA"—a suspect proposition as best—then Mattel expects MGA will immediately provide her last known addresses to Mattel as well as your written confirmation that neither MGA nor its

2

**EXHIBIT A**

counsel will represent her at deposition or any other part of the Phase 2 litigation. Otherwise, please provide dates, to be confirmed by stipulation and order, for her deposition by 4:00 p.m. on Monday, February 2, 2009.

Separately, MGA's claim that Mattel is not entitled to take these deposition because they were not completed prior to the Phase 1 trial contradicts the Court's unequivocal statements regarding Phase 2 discovery, including statements at hearings at which Glaser Weil counsel was present.

On January 7, 2008, the Court granted Mattel's Motion for Leave to Take Additional Discovery, including the depositions of Mariana Trueba, Pablo Vargas and Shirin Salemnia. (Motion for Leave at 13; Order dated January 7, 2008 at 2.) While the Order included a March 1, 2008 deadline to conduct additional "Phase 2" depositions, at MGA's request all Phase 2 discovery was subsequently stayed on February 4, 2008 "until further order of the Court." (Order dated February 4, 2008 at 3.) At the February 4 hearing, the Court unequivocally stated that Mattel would be permitted to take these Phase 2 depositions following the Phase 1 trial:

> My tentative thought this morning, or over this weekend, is that those witnesses and **those depositions be put off until we're done with this Phase One trial,** so that we can focus all of the resources—and admittedly, there's a lot of resources—but focus the resources on finishing up Phase One discovery.

> \*\*\*

> Do you have a position with respect to the Court's suggestion that we delay the Phase Two deponents, or depositions, until after the Phase One trial, **keeping in mind you are not—the Court will ensure that you are not compromising any of the leave that's been afforded to you to take any of these depositions. It's simply a matter of timing.**

(February 4, 2008 Hearing at 10:19-24, 18:4-10) (emphasis added).

In light of the record, your position that Mattel cannot take these deposition now is indefensible. It was at MGA's repeated and express urging that the Court entered an order requiring Mattel to take these depositions after the Phase 1 trial. MGA cannot now complain that Mattel seeks to take the depositions that the Court granted Mattel leave to take. Given the Court's clear intention to permit these depositions to proceed following the Phase 1 trial, please let me know whether you intend to change your position on this issue no later than by noon on Monday, February 2, 2009. If MGA does not do so, Mattel will file an ex parte application with Judge Larson for an order to enforce the January 7, 2008 Order, reiterating that Mattel was given leave to take these depositions, and for sanctions.

3

**EXHIBIT A**

I look forward to your response.

Best regards,

*Jon Corey*

Jon Corey

cc:     Jean Nogues (via facsimile)
        Jason Russell (via facsimile)

4

**EXHIBIT A**

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

February 2, 2009

☰ MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND FACSIMILE (213) 443-3100**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:     *Bryant v. Mattel, Inc. and Consolidated Actions*
        U.S.D.C. Eastern Division, Case No. CV04-09049 SJL (RNBx)

Dear Jon:

This responds to your January 30, 2009 letter concerning Mattel's invalid notices of deposition to Mr. Vargas, Ms. Trueba and Ms. Salennia. The deposition notices for Mr. Vargas and Ms. Trueba seek to hail into Los Angeles non-parties who are residents and nationals of Mexico, without service of a subpoena or other lawful process. The deposition notice for Ms. Salennia seeks to compel the deposition of a person who is a non-party and no longer works for MGA, without service of a lawful subpoena. As a result, all three deposition notices fail to bring these non-parties under the jurisdiction of this Court and are invalid *ab initio* as a matter of law.

You offer six flawed arguments in an effort to evade the basic legal proposition that Mattel's notices of deposition are void *ab initio*.

First, you incorrectly assert that my Firm did not have standing to object to the deposition notices because the Court had not yet served its January 28, 2009 Order permitting my Firm to associate in as counsel. You explicitly waived that argument in our telephone conversation on January 26, 2009. In our conversation you stated that you had no objection to dealing with me as MGA's counsel and discussing my objections to the deposition notices. In fact, the very next day you wrote me a letter dated January 27, 2009, purporting to further meet and confer concerning the depositions and you did not raise the standing argument, precisely because you previously agreed to waive it. In fact, the Court issued an order on January 26, 2009, the day of our conversation, recognizing that MGA sought to associate my Firm in as counsel and substitute-in my Firm as lead counsel and authorizing the submission of an order since signed by the Court. Thus, you cannot avoid the basic defect in Mattel's deposition notices by asserting that my Firm did not have standing to object to them.

665647

—9—

**EXHIBIT A**

Jon D. Corey, Esq.
February 2, 2009
Page 2

Second, you assert that the objection to Mattel's deposition notices of Mr. Vargas and Ms. Trueba were untimely served because the written pleadings were served on January 28, 2009, which was the date the Court had signed its order approving my Firm's association in as counsel. That argument is also factually incorrect. I advised you orally on January 26, 2009, that MGA objected to the notices of deposition. I also advised you in writing on January 28, 2009. Indeed, your January 27, 2009 letter to me confirms that I communicated my objection to you prior to the time the depositions were noticed.

My stated oral objections to you on January 26, as well as the written objections in my letter transmitted to you on the morning of January 28 were sufficient to preserve MGA's objections to the three deposition notices. Indeed, the Federal Rules of Civil Procedure do not require an objecting party to serve objections on pleading paper to *deposition notices* by a certain number of days in advance. Federal Rule of Civil Procedure 30, which governs deposition notices, does not contain any limitations or timeframes for a party's objections. This contrasts markedly with Rule 45 (governing third-party subpoenas) which explicitly requires that a "written objection . . . be served , before the earlier of the time specified for compliance or 14 days after the subpoena is served." FRCP 45(c)(B)(2). Likewise, the California state court rules governing deposition notices expressly provide that an objecting party must "serve a written objection . . . at least three calendar days prior to the date the deposition is scheduled." Cal. Code. Civ. Proc. § 2025.410(a). If the drafters of the Federal Rules wished to impose a rule that a party must object to a deposition notice on pleading paper in advance of the deposition, they surely would have included such a requirement in Rule 30. Thus, MGA's objections have not been waived.

Third, you assert that Mr. Jason Russell of Skadden, MGA's counsel, "Committed to provide firm dates for these depositions" to Michael Zeller of your office. I have confirmed with Mr. Russell that he did no such thing. There is no contrary statement in your letter from Mr. Zeller and you were not privy to any of the discussions with Mr. Russell concerning the deposition notices. Thus, you have no basis for making this claim. In fact, all Mr. Russell did was advise Mr. Zeller that Phase 2 counsel would be calling him on January 26, 2009 to discuss the depositions. Thomas Nolan of Skadden similarly advised John Quinn of your firm.

Fourth, you assert that Mr. Vargas and Ms. Trueba can be hailed into California for deposition despite being non-residents and citizens of another country because they are "directors, officers or managing agents for the MGA parties." This is also wrong. Neither Mr. Vargas nor Ms. Trueba serve those roles for MGA Entertainment, Inc., the California Corporation. Moreover, they are neither managing agents nor members of MGA DeMexico's Board of Directors; they are mid-level employees. Indeed, your letter ignores established precedent that even a party deponent cannot be compelled to submit to a deposition far from his country of residence. As a result, these deposition notices fail to bring these individuals under the jurisdiction of this Court and are invalid *ab initio* as a matter of law.[1]

---

[1] The Federal Rules of Civil Procedure govern obtaining discovery from a foreign national only if the foreign party is already subject to the court's jurisdiction. Otherwise, discovery must be sought through a letter of request to the foreign state or in accordance with the

665647

**EXHIBIT A**

Jon D. Corey, Esq.
February 2, 2009
Page 3

Moreover, your reliance on *Reed Paper Co. v. Proctor & Gamble Distributing Co.*, 144 F.R.D. 2 (D. Me. 1992) ("*Reed*") is misplaced. *Reed* involved FRCP Rule 32(a)(2), which generally provides that the deposition of an officer, director, manager, or someone designated under Rules 30(b)(6) and/or 31(a) may be used by an adverse party for any purpose, including for use at trial. In fact, the court in *Reed* expressly restricted its analysis to interpreting Rule 32, which is irrelevant to the issue in dispute here, *i.e.*, whether an employee of a foreign company can be hailed into the U.S. for deposition at his own expense based on notice alone, without service of lawful process.

Furthermore, your attempt to conflate the parties in this case by describing Trueba and Vargas as "managing agents, officers, and/or directors of an MGA entity" is undermined by the *Reed* decision itself. In *Reed*, the plaintiff contended that even though the potential deponent was not employed by the defendant corporation at the time of his deposition, he was employed by the umbrella "family of companies" and should be considered a "managing agent" for each member entity. *Id.* at 4. In response, the court held that "In order to reach that conclusion, the Court would be required to pierce... [the] corporate veil. The record in this case does not permit the Court to take such action." *Id.* Clearly, Trueba and Vargas are not directors, officers or managing agents of MGA Entertainment, Inc., and thus may not be hailed into California for deposition.

Fifth, you assert that Mr. Vargas and Ms. Trueba are managing agents, officers and directors of an MGA entity, and that that MGA entity "availed itself of this forum by filing complaints against Mattel in the central district of California." This is again factually inaccurate. Mr. Vargas and Ms. Trueba are employees of MGA DeMexico but MGA DeMexico has not filed any complaint against Mattel in the Central District of California.

Your reliance upon *HTC Corp. v. Technology Properties*, 2008 WL 5244905, 2 (N.D. Cal.,2008) undermines your position. There, the court stated that, "although there is a general presumption that the deposition of a corporate party should be taken at its place of business..., that presumption is not conclusive. Courts in this district have noted that courts primarily apply this rule to ***defendants***, since plaintiffs have the luxury of choosing the forum." *Id.* at 2 (citations omitted) (emphasis added). As you know, neither Mr. Vargas nor Ms. Trueba is a defendant.

Sixth, as I have advised you, we do not represent Ms. Salemnia and she left MGA Entertainment's employ almost one year ago. You were required to subpoena her. Your argument to avoid that basic rule based on the allegation that Mr. Russell informed Mattel's counsel last week that MGA would provide proposed dates for her deposition is, as I have explained above, without foundation.

As for your citation to the Court's comments at the February 4, 2008 hearing concerning Phase 2 depositions, we agree you have the right to take the Trueba, Vargas and Salemnia

---

Hague Convention. *See* Fed.R.Civ.Proc. 48(b); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for South. Dist. of Iowa*, 482 U.S. 522 (1987).

**EXHIBIT A**

Jon D. Corey, Esq.
February 2, 2009
Page 4

depositions on Phase 2 issues only. But that does not dispense with Mattel's obligation to properly serve a deponent with legal process. Judge Larson pointed out, "Leave was afforded to take the depositions, but that doesn't eviscerate the need to properly serve and properly notice those depositions." (Trans. of Proc. [Larson] 2/4/08, p. 26:16-18). Thus, Judge Larson's comments at the February 4, 2008 hearing actually undermine your position concerning Mattel's void deposition notices to Mr. Vargas, Ms. Trueba and Ms. Salemnia.

In fact, Mr. Quinn of your office conceded at the February 4, 2008 hearing that service of legal process was necessary if Mr. Vargas and Ms. Trueba were not "managing agents":

"Then there are two folks who are in Mexico, Vargas and Trueba, and I believe they would be phase two. And the question there for the court's decision -- maybe if this is going to be put off, maybe the court doesn't have to decide right now -- is whether they are managing agents. Because if they are managing agents, they could be compelled to appear simply by notice. If they're not managing agents, then we have to proceed under more formal procedures." (Trans. of Proc. [Larson] 2/4/08, p. 15:11-18). Mr. Quinn also conceded the necessity of subpoenaing Ms. Salemnia on pages 13-14 of the hearing transcript.

Should you choose to proceed *ex parte* despite the foregoing, I expect you will attach this letter to your papers, as I will be out of the office Monday, February 2, 2009. If you do not include this letter in your papers, I will advise the Court you sought to conceal facts and MGA's position.

Very truly yours,

*Amman Khan*

Amman Khan
of GLASER, WEIL, FINK, JACOBS
& SHAPIRO, LLP

AMM/rs

cc:   Joel N. Klevens, Esq.
       Jason Russell, Esq.
       Patricia Benson, Esq.

665647

**EXHIBIT A**

# EXHIBIT "B"

**From:** Amman Khan
**Sent:** Wednesday, February 11, 2009 3:13 PM
**To:** 'Jon Corey'; Zachary Krug
**Cc:** 'Benson, Patricia'; Richard Stoll; Joel Klevens
**Subject:** RE: MGA / Mattel Litigation -- Mattel 1/26/09 Motion and 2/9/09 Motion

Dear Jon,

You are giving me only two days to oppose a more than 500-page motion filed by your firm. You are now well aware that I only received the unredacted version of the Motion to Compel Vargas & Trueba's depositions yesterday afternoon and the opposition is due this Friday, February 13, 2009.  The email you sent me yesterday is also missing more than 57 exhibits filed in support of the motion.  I do not have a complete copy of the motion.

You are taking unfair advantage of the fact that you failed to serve me with a motion concerning a discovery matter that you and I had been meeting and conferring on for over a week.  That is the oldest dirty trick in the book: on the one hand, meeting and conferring with one lawyer at a firm, then on the other hand, surreptitiously serving the name partner of the firm while she is out of town with the motion to compel and not even mentioning it to the person you are meeting and conferring with.

The course of conduct you are suggesting would make it appropriate for me to merely serve John Quinn, the lead name partner at your firm, with the opposition and ignore you, even on matters that I have been meeting and conferring on with you. That does not seem courteous or appropriate to me but if that's the way you want things in this case, then let me know.

Please send me the 57 exhibits you omitted from your email yesterday and advise that you will give me an extension to oppose the February 9, 2009 motion to compel the Vargas & Trueba depositions or I will need to advise the Discovery Master of what your firm has done and ask that your firm be specifically ordered to serve the attorneys with whom you are meeting and conferring with on any motion to compel dealing with that topic.

-- Amman

---

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Tuesday, February 10, 2009 11:02 PM
**To:** Amman Khan; Zachary Krug
**Cc:** 'Benson, Patricia'; Richard Stoll; Joel Klevens
**Subject:** RE: MGA / Mattel Litigation -- Mattel 1/26/09 Motion and 2/9/09 Motion

Dear Amman,

Patty Glaser is lead counsel for the MGA Parties. She made that unequivocally clear at the January 26, 2009 hearing when she said "I will be the lead counsel," and confirmed in response to the Court's question that she would be lead counsel "for all of it." January 26, 2009 Hearing Tr. at 6:8-10. On February 6, 2009, consistent with the Discovery Master Order, Mattel served its Motion to Compel Vargas and Trueba to Appear for Deposition on Ms. Glaser, lead trial counsel for the MGA Parties. That motion was also serve on the MGA Parties' co-counsel at the Skadden Arps and Mitchell Silberberg firms. Your statement that "we did not get the 2/9/09 (sic) Motion emailed to her until [I] sent it to you moments ago" is wrong. If there are internal communication problems within your firm and among the firms acting as counsel for MGA, that is not a justification to delay resolution of Mattel's motion. Indeed, it is this exact type of finger-pointing and failure to take responsibility among the firms for the MGA Parties that Mattel feared would be used to prejudice Mattel. Mattel will therefore not agree to further delay resolution of this straight-forward, single issue motion based on what is an apparent failure of communication within your firm and among the firms for the MGA Parties.

Finally, for service to be effective Mattel has no obligation to serve any specific attorney at any of the firms retained by the MGA Parties, as each attorney is an authorized agent for the MGA Parties. Mattel has served counsel at all firms out of professional courtesy. If this practice will continue to be an issue in the future, then Mattel reserves the right to discontinue this courtesy if it appears to Mattel that it is being abused.

Best regards,

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

**From:** Amman Khan [mailto:akhan@glaserweil.com]
**Sent:** Tuesday, February 10, 2009 3:23 PM
**To:** Jon Corey; Zachary Krug
**Cc:** 'Benson, Patricia'; Richard Stoll; Joel Klevens
**Subject:** RE: MGA / Mattel Litigation -- Mattel 1/26/09 Motion and 2/9/09 Motion

Dear Jon,

1. Patty Glaser is out of town. We did not get the 2/9/09 Motion emailed to her until you sent it to me moments ago. I should have been served with the motion when it was filed because you and I had been meeting and conferring over the Vargas & Trueba depositions for the past week. Also, I note that the Motions were sent to about 5 other people at your firm, you've had my email for awhile now, so it just as easily could have been sent to me. Please add me to your service list on discovery motions, thanks. In light of this snafu, I would like an extension of up to 2/17/09 to Oppose the 2/9/09 Motion re Vargas & Trueba Depos. Please let me know.

2. Thanks for extending our Wednesday deadline to oppose Mattel's 1-26-09 Motion re RFP's to Thursday February 12, 2009. I will send you the law I have re Privacy Rights shortly. As I told you yesterday, even in a Federal case, I think there is authority to require a notice of privacy rights when seeking third party employment files under cases applying the Erie doctrine. There are substantive rights that are meant to protect third parties' private personal information that need to be respected and I don't want MGA to get into hot water with its employees. -- Amman

**From:** Jon Corey [mailto:joncorey@quinnemanuel.com]
**Sent:** Tuesday, February 10, 2009 2:38 PM
**To:** Amman Khan; Zachary Krug
**Cc:** 'Benson, Patricia'; Richard Stoll; Joel Klevens
**Subject:** RE: MGA / Mattel Litigation -- Mattel 1/26/09 Motion and 2/9/09 Motion

Amman,

Ms. Glaser of your firm was served with the unredacted version of the Motion to Compel Vargas & Trueba Depositions on Friday, February 6, 2009. The electronic mail message attaching the unredacted motion is attached.

Mattel will not agree to your proposal with respect to Requests Nos. 87 and 88, as it is inconsistent with prior orders of the Discovery Master in this case and the position that MGA has previously taken in this case. I asked you to provide me any authority for the proposition that a protective order is inadequate to protect privacy rights or in which a federal court has required application of California statutes governing subpoenas issued in state court. You have not provided me with any such authority.

I will provide an amended stipulation reflecting our agreement on the other issues. MGA may have until Thursday, February 12, Wednesday to oppose the portion of Mattel's motion that relates to Request Nos. 87 and 88.

Best regards,

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

---

**From:** Amman Khan [mailto:akhan@glaserweil.com]
**Sent:** Tuesday, February 10, 2009 2:23 PM
**To:** Jon Corey; Zachary Krug
**Cc:** Benson, Patricia; Richard Stoll; Joel Klevens
**Subject:** MGA / Mattel Litigation -- Mattel 1/26/09 Motion and 2/9/09 Motion

Dear Jon,

Further to my calls to you of yesterday and today, two things:  1. I have not been served with the unredacted version of the Motion to Compel the Vargas & Trueba Depos that Mattel filed 2/9/09.  The version I have is redacted and is missing information that forms the basis of Mattel's motion.  Please have someone for your firm serve me with the unredacted version of the 2/9/09 motion immediately.

2. Yesterday, in relation to RFP's 87 and 88 which seek the employee and vendor files for about 100 individuals at MGA, I asked if Mattel would agree to give the individuals concerned a notice of privacy rights and an opportunity to object to release of their personal employment information.  You told me you would get back to me but I haven't heard from you.  My opposition to Mattel's 1-26-09 Motion to Compel concerning RFP 87 and 88 is, per our agreement, due tomorrow.  Can you please give me another day to oppose?  If we are able to resolve this remaining issue, the motion is moot.  Thanks.

Amman A. Khan, Esq.,
Partner
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA  90067
T: (310) 556-7865
F: (310) 556-2920
E-mail:  Akhan@glaserweil.com
This message and any attached documents may contain information from the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.  Thank you.

# EXHIBIT "C"

1           UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA

3                EASTERN DIVISION

4                  - - -

5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                  - - -

7    CARTER BRYANT, ET. AL.,          )
                                      )
8             PLAINTIFFS,  )
                                      )
9         VS.           ) NO. ED CV 04-09049
                        ) (LEAD LOW NUMBER)
10   MATTEL, INC., ET. AL.,          )
                                      )
11            DEFENDANTS.  ) EX-PARTE APPLICATIONS
     _____ ) RE:  DISCOVERY
12   AND CONSOLIDATED ACTIONS,        )
                                      )
13

14

15         REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            MONDAY, FEBRUARY 4, 2008

18                 10:15 A.M.

19

20

21

22

23        THERESA A. LANZA, RPR, CSR

          FEDERAL OFFICIAL COURT REPORTER

24        3470 12TH STREET, RM. 134

          RIVERSIDE, CALIFORNIA  92501

25            951-274-0844

          CSR11457@SBCGLOBAL.NET

```
1   APPEARANCES:
2   ON BEHALF OF CARTER BRYANT:
3             KEKER & VAN NEST
              BY:  MICHAEL PAGE
4             710 SANSOME STREET
              SAN FRANCISCO, CALIFORNIA  94111-1704
5             415-391-5400
6
    ON BEHALF OF MATTEL:
7
              QUINN EMANUEL
8             BY:  JOHN QUINN
              BY:  JON COREY
9             865 S. FIGUEROA STREET,
              10TH FLOOR
10            LOS ANGELES, CALIFORNIA  90017
              213-624-7707
11
12  ON BEHALF OF MGA ENTERTAINMENT:
13            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
              BY:  THOMAS J. NOLAN
14            BY:  CARL ALAN ROTH
              BY:  ROBERT JAMES HERRINGTON
15            300 SOUTH GRAND AVENUE
              LOS ANGELES, CALIFORNIA  90071-3144
16            213-687-5000
17
    ON BEHALF OF GUSTAVO MACHADO:
18
              OVERLAND BORENSTEIN SCHEPER & KIM LLP
19            BY:  ALEXANDER H. COTE
              300 SOUTH GRAND AVENUE
20            SUITE 2750
              LOS ANGELES, CALIFORNIA  90071
21            213-613-4660
22
    ON BEHALF OF CLOONAN, MARLOW & LEAHY:
23
              KEATS MCFARLAND & WILSON LLP
24            BY:  LARRY W. MCFARLAND
              9720 WILSHIRE BOULEVARD
25            BEVERLY HILLS, CA  90212
              310-777-3750
```

-18-                          **EXHIBIT C**

```
 1    APPEARANCES CONTINUED:
 2
      ON BEHALF OF NON-PARTY CHRISTENSEN GLASER:
 3
             CHRISTENSEN, GLASER, FINK, JACOBS,
 4            WEIL & SHAPIRO, LLP
             BY:  SCOTT E. GIZER
 5            10250 CONSTELLATION BOULEVARD
             LOS ANGELES, CA  90067
 6            310-553-3000
 7
      ON BEHALF OF THIRD PARTIES ANA CABRERA & BEATRIZ MORALES:
 8
             ALLRED, MAROKO & GOLDBERG
 9            BY:  RAMIT MIZRAHI
             6300 WILSHIRE BOULEVARD,
10            SUITE 1500
             LOS ANGELES, CA  90048
11            323-653-6530
12
      ON BEHALF OF THIRD PARTY WITNESS GENTLE GIANT STUDIOS:
13
             BAUTE & TIDUS LLP
14            BY:  HENRY H. GONZALEZ
             777 S. FIGUEROA STREET,
15            SUITE 4900
             LOS ANGELES, CA  90017
16            213-630-5000
17
      ON BEHALF OF WACHOVIA:
18
             DAVIS POLK & WARDWELL
19            BY:  NEAL A. POTISCHMAN
             1600 EL CAMINO REAL
20            MENLO PARK, CA  94025
             650-752-2000
21
22    ON BEHALF OF KAMI GILMOR:
23            BUCHALTER NEMER
             BY:  JOHN PATRICK PETRULLO
24            1000 WILSHIRE BOULEVARD,
             SUITE 1500
25            LOS ANGELES, CA  90017-2457
             213-891-0700
```

-19-                    EXHIBIT C

Transcript of Proceedings [Larson]  2/4/2008  11:14:00 AM

1           I N D E X

2                          PAGE

3    HEARING.......................................   5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

-20-

**EXHIBIT C**

Transcript of Proceedings [Larson]  2/4/2008  11:14:00 AM

1    TO, AT ONE POINT, TWO PAGES IN OUR MOTIONS WHERE THERE WERE

2    LISTS OF NAMES, AND THOSE TWO NAMES WEREN'T THERE, THAT THE

3    COURT DID NOT MEAN TO INCLUDE THEM.

4        SO I THINK I'VE HIGHLIGHTED THE ISSUE THERE.

5        FROM OUR STANDPOINT, THE COURT ELSEWHERE SAID,

6    "MOTION GRANTED, EXCEPT BRYANT." THE COURT ALSO SAID BECAUSE

7    OF DOCUMENT RETENTION AND COLLECTION ISSUES, AND THEY'RE THE

8    ONLY ONES THAT KNOW ABOUT THAT.

9        THE COURT:  I UNDERSTAND YOUR POSITION, COUNSEL.

10       MR. QUINN:  ALL RIGHT.

11       THEN THERE ARE TWO FOLKS WHO ARE IN MEXICO, VARGAS

12   AND TRUEBA, AND I BELIEVE THEY WOULD BE PHASE TWO.  AND THE

13   QUESTION THERE FOR THE COURT'S DECISION -- MAYBE IF THIS IS

14   GOING TO BE PUT OFF, MAYBE THE COURT DOESN'T HAVE TO DECIDE

15   RIGHT NOW -- IS WHETHER THEY ARE MANAGING AGENTS.  BECAUSE IF

16   THEY ARE MANAGING AGENTS, THEY COULD BE COMPELLED TO APPEAR

17   SIMPLY BY NOTICE.  IF THEY'RE NOT MANAGING AGENTS, THEN WE HAVE

18   TO PROCEED UNDER MORE FORMAL PROCEDURES.  THAT ISSUE OF WHAT A

19   MANAGING AGENT IS AND WHAT THE EVIDENCE IS ON THAT HAS BEEN

20   BRIEFED FOR THE COURT, AND WE THINK THE COURT CAN DECIDE THAT.

21       I WOULD JUST NOTE THAT IN THE INITIAL DISCLOSURES, WE

22   WERE TOLD THAT THESE WERE PEOPLE WHO CAN BE CONTACTED THROUG

23   MGA'S COUNSEL.  WE CONTACTED THEM AND SAID, 'OKAY, WE'D LIKE TO

24   TAKE THEIR DEPOSITIONS.' WE WERE TOLD WE COULDN'T.  WE ASKED

25   FOR THEIR ADDRESSES.  WE WERE TOLD WE COULDN'T HAVE THEM.  SO

MGA Phase II                    Unsigned                    Page  15

**EXHIBIT C**

1    WITHDRAWN, BUT THEY'RE SIMPLY GOING TO BE HANDLED AFTER THE

2    PHASE ONE TRIAL.

3         SECONDLY, TO THE EXTENT THAT MOTIONS TO QUASH OR

4    CHALLENGES TO THE SERVICE HAVE BEEN BROUGHT BEFORE

5    JUDGE INFANTE, JUDGE INFANTE HAS TO RULE ON THOSE.

6         MATTEL BROUGHT AN EX-PARTE APPLICATION FOR A

7    CLARIFICATION REGARDING THE DISCOVERY MASTER ORDER, AND THEY

8    ASKED THE COURT TO MAKE A VERY FIRM STATEMENT THAT ALL

9    DISCOVERY MATTERS, THE FIRST IMPRESSION, GO TO THE DISCOVERY

10   MASTER; AND I GRANTED THAT APPLICATION.

11        I COULD NOT HAVE USED, I DON'T THINK, CLEARER

12   LANGUAGE THAT DISCOVERY DISPUTES IN THE FIRST INSTANCE NEED TO

13   GO TO THE DISCOVERY MASTER AND NOT COME TO THIS COURT BY WAY OF

14   EX-PARTE APPLICATION.

15        SO WHAT'S GOOD FOR ONE SIDE IS GOOD FOR THE OTHER,

16   AND I THINK THAT THOSE MOTIONS TO QUASH -- LEAVE WAS AFFORDED

17   TO TAKE THE DEPOSITIONS, BUT THAT DOESN'T EVISCERATE THE NEED

18   TO PROPERLY SERVE AND PROPERLY NOTICE THOSE DEPOSITIONS.

19   THAT'S WHAT'S BEING CHALLENGED.

20        I'M NOT PASSING ANY JUDGMENT AS TO WHETHER OR NOT ONE

21   SIDE IS RIGHT OR THE OTHER SIDE IS WRONG.  BUT I THINK IF I GET

22   INTO THE BUSINESS OF DECIDING SOME OF THESE AND TAKING SOME OF

23   THEM BACK FROM JUDGE INFANTE, IT JUST CREATES A MESS, QUITE

24   FRANKLY.  AND I KNOW THERE'S A TREMENDOUS BURDEN ON

25   JUDGE INFANTE.  JUDGE INFANTE IS RECEIVING, I THINK, ADEQUATE

-22-                    **EXHIBIT C**

# EXHIBIT "D"

CERTIFIED COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
)
PLAINTIFF, )
)
V. )   CASE NO.
)   CV 04-9040 SGL (RNBX)
MATTEL, INC., A DELAWARE )
CORPORATION, ET AL., )
)
DEFENDANTS. )
)

# DEPOSITION OF SUSANA KUEMMERLE

# JANUARY 28, 2008



COURT REPORTERS
515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

REPORTED BY:
J'ANA SIEGERS
CSR NO. 10845
JOB NO. 08AE148-JS

-23-

**EXHIBIT D**

1          UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA

3               EASTERN DIVISION

4

5   CARTER BRYANT, AN INDIVIDUAL,)
                                 )  CASE NO.
6              PLAINTIFF,        )  CV 04-9049 SGL (RNBX)
                                 )
7       VS.                      )
                                 )
8   MATTEL, INC., A DELAWARE     )
    CORPORATION,                 )
9                                )
               DEFENDANT.        )
10                               )
                                 )
11  _____  )
                                 )
12  AND CONSOLIDATED ACTIONS.    )
                                 )

13

14

15

16              PARTIAL TRANSCRIPT

17              PAGES 2 - 77

18

19      VIDEOTAPED DEPOSITION OF SUSANA KUEMMERLE,

20      TAKEN ON BEHALF OF THE DEFENDANT, AT

21      865 SOUTH FIGUEROA STREET, SECOND FLOOR,

22      LOS ANGELES, CALIFORNIA, COMMENCING

23      AT 9:06 A.M., MONDAY, JANUARY 28, 2008,

24      BEFORE J'ANA SIEGERS, CSR NUMBER 10845.

25

                                                        2

**EXHIBIT D**

```
 1   APPEARANCES OF COUNSEL:

 2

 3   FOR MATTEL, INC.:

 4        QUINN, EMANUEL, URQUHART, OLIVER & HEDGES, LLP
          BY:  JON COREY, ESQ.
 5        865 SOUTH FIGUEROA STREET
          TENTH FLOOR
 6        LOS ANGELES, CALIFORNIA 90017-2543
          (213) 443-3000
 7

 8   FOR MGA ENTERTAINMENT, INC.:

 9        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
          BY:   JOSÉ R. ALLEN, ESQ.
10        FOUR EMBARCADERO CENTER
          SAN FRANCISCO, CALIFORNIA 94111
11        (415) 984-6400

12        SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
          BY:   FARHAD AMID, ESQ.
13        300 SOUTH GRAND AVENUE
          SUITE 3400
14        LOS ANGELES, CALIFORNIA 90071-3144
          (213) 687-5000
15

16   ALSO PRESENT:

17        SERGIO ESPARZA, JTV LITIGATION SERVICES, INC.

18        MAYA FONSECA, INTERPRETER

19

20

21

22

23

24

25

                                                       3
```

-25-

**EXHIBIT D**

DEPOSITION OF SUSANA KUEMMERLE

| 10:32:03 | 1 | A.   I DON'T RECALL. |
|---|---|---|
| 10:32:12 | 2 | Q.   AFTER YOU -- AFTER THE TRIP IN MEXICO CITY, |
| 10:32:19 | 3 | WHAT WAS THE NEXT THING THAT HAPPENED -- WHAT WAS THE |
| 10:32:22 | 4 | NEXT THING THAT YOU DID WITH RESPECT TO SETTING UP AN |
| 10:32:25 | 5 | MGA SUBSIDIARY IN MEXICO? |
| 10:32:27 | 6 | A.   THE NEXT THING THAT I PARTICIPATED ON WAS A |
| 10:32:31 | 7 | VISIT TO L.A. TO REVIEW THE LINE IN OUR SHOWROOM. |
| 10:32:38 | 8 | Q.   DO YOU RECALL WHEN THAT OCCURRED? |
| 10:32:42 | 9 | A.   I DON'T RECALL.   IN APRIL. |
| 10:32:43 | 10 | Q.   WAS IT IN EARLY APRIL? |
| 10:32:45 | 11 | A.   COULD BE, YES. |
| 10:32:49 | 12 | Q.   AND JUST TO BE CLEAR, YOU WENT BACK TO |
| 10:32:52 | 13 | NEW JERSEY, AND THEN YOU WENT TO VAN NUYS TO REVIEW THE |
| 10:32:56 | 14 | LINE? |
| 10:32:56 | 15 | A.   FROM MEXICO I WENT TO NEW JERSEY -- |
| 10:32:58 | 16 | Q.   AND THEN BACK? |
| 10:32:59 | 17 | A.   -- AND THEN I HAD TO TRAVEL BECAUSE OF MY JOB, |
| 10:33:01 | 18 | AND THEN WE WENT TO L.A. -- I WENT TO L.A. |
| 10:33:04 | 19 | Q.   OKAY.   DID -- DID MR. VARGAS, MS. TRUEBA, OR |
| 10:33:12 | 20 | MR. MACHADO TRAVEL TO LOS ANGELES TO REVIEW THE LINE? |
| 10:33:14 | 21 | A.   YES |
| 10:33:18 | 22 | Q.   AND WAS THAT BEFORE OR AFTER THEY JOINED -- |
| 10:33:20 | 23 | BEFORE OR AFTER THEY HAD GIVEN NOTICE TO MATTEL? |
| 10:33:22 | 24 | MR. ALLEN:   OBJECTION.   CALLS FOR SPECULATION. |
| 10:33:24 | 25 | IF YOU KNOW. |

62

A & E Court Reporters        (213) 955-0070        Fax: (213) 955-0077

**EXHIBIT D**

```
 1   STATE OF CALIFORNIA    )
                            )    SS.
 2   COUNTY OF ORANGE       )

 3

 4       I, J'ANA SIEGERS, CERTIFIED SHORTHAND

 5   REPORTER, CERTIFICATE NO. 10845, FOR THE STATE OF

 6   CALIFORNIA, HEREBY CERTIFY:

 7       THE FOREGOING PROCEEDINGS WERE TAKEN BEFORE ME

 8   AT THE TIME AND PLACE THEREIN SET FORTH, AT WHICH

 9   TIME THE DEPONENT WAS PLACED UNDER OATH BY ME.

10       THE TESTIMONY OF THE DEPONENT AND ALL

11   OBJECTIONS MADE AT THE TIME OF THE EXAMINATION WERE

12   RECORDED STENOGRAPHICALLY BY ME AND WERE THEREAFTER

13   TRANSCRIBED.

14       THE FOREGOING TRANSCRIPT IS A TRUE AND CORRECT

15   TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN.

16       I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR

17   NOR RELATED TO ANY PARTY TO SAID ACTION NOR IN ANY

18   WAY INTERESTED IN THE OUTCOME THEREOF.

19       IN WITNESS WHEREOF, I HAVE HEREUNTO SUBSCRIBED

20   MY NAME THIS 27TH DAY OF FEBRUARY, 2008.

21

22

23       _____

24           J'ANA SIEGERS, CSR NO. 10845

25
```

A & E Court          (213) 955-0070          Fax: (213) 955-0077

**EXHIBIT D**

```
 1  STATE OF CALIFORNIA    )
                           )   SS.
 2  COUNTY OF ORANGE       )

 3

 4      I, J'ANA SIEGERS, CERTIFIED SHORTHAND

 5  REPORTER CERTIFICATE NO. 10845 FOR THE STATE OF

 6  CALIFORNIA, HEREBY CERTIFY:

 7      THE FOREGOING IS A TRUE AND CORRECT COPY OF

 8  THE ORIGINAL TRANSCRIPT OF THE PROCEEDING TAKEN BEFORE

 9  ME AS THEREIN STATED.

10

11  DATED:  FEBRUARY 27TH, 2008.

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

A & E Court Reporters     (213) 955-0070     Fax: (213) 955-0077

-28-

**EXHIBIT D**

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL,  )
                                  )
        PLAINTIFF,  )
                                    )    CASE NO.
     V.                 )    CV 04-9040 SGL (RNBX)
                                    )
MATTEL, INC., A DELAWARE  )
CORPORATION, ET AL.,  )
                                    )
        DEFENDANTS.  )

# C O N F I D E N T I A L

**(PURSUANT TO PROTECTIVE ORDER, THIS TRANSCRIPT HAS BEEN DESIGNATED CONFIDENTIAL, ATTORNEYS' EYES ONLY)**

# DEPOSITION OF SUSANA KUEMMERLE

# JANUARY 28, 2008



REPORTED BY:
J'ANA SIEGERS
CSR NO. 10845
JOB NO. 08AE148-JS

515 S. Flower Street
Suite 3600
Los Angeles, California 90071
Office: (213) 955-0070
Fax: (213) 955-0077

**PORTIONS OF THIS EXHIBIT ARE FILED UNDER SEAL PURSUANT TO THE COURT'S PROTECTIVE ORDER**

# EXHIBIT "E"

RECEIVED

FEB 2 7 2007

1  DALE M. CENDALI (admitted *pro hac vice*)
   DIANA M. TORRES (S.B. #162284)
2  JAMES P. JENAL (S.B. # 180190)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, CA 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email:     jjenal@omm.com

6  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
8  Los Angeles, CA 90067
   Telephone: (310) 553-3000
9  Facsimile: (310) 557-9815

10  Attorneys for MGAE de Mexico,
    S.R.L. de C.V.
11

12              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
13                   EASTERN DIVISION

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                       Plaintiff,         (consolidated with CV 04-9059 & 05-2727)
15         v.
                                          DECLARATION OF SUSANA
16  MATTEL, INC., a Delaware             KUEMMERLE IN SUPPORT OF
    Corporation,                          MGAE DE MEXICO, S.R.L. DE C.V.'S
17                     Defendant.         JOINT MOTION TO DISMISS
                                          MATTEL'S AMENDED ANSWER AND
18                                        COUNTERCLAIMS
19
                                          [Fed. R. Civ. Pro. 12(b)(2 & 6) & 12(f)]
20
                                          Hearing Date:    March 26, 2007
21                                        Time:            10:00 A.M.
                                          Courtroom:       1
22  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and            Discovery Cut-off:    March 3, 2007
23  MGA ENTERTAINMENT, INC. v.            Pre-trial Conference: June 2, 2008
    MATTEL, INC.                          Trial Date:           July 1, 2008
24
                                          Judge: Hon. Stephen G. Larson
25
26
27
28
                                                        DECLARATION OF
   d                                                    SUSANA KUEMMERLE

EXHIBIT E

1          I, SUSANA KUEMMERLE, declare under penalty of perjury under

2    the laws of the United States of America pursuant to 28 U.S.C. § 1746 that the

3    following is true and correct:

4          1.    I am the Vice President of MGAE de Mexico, S.R.L. de C.V.

5    ("MGA Mexico") and Latin American Sales, a position I have held since June 2,

6    2004.  I submit this declaration in support of the motion of MGA Mexico pursuant

7    to Rule 12(b)(2 & 6) and 12(f) of the Federal Rules of Civil Procedure to dismiss

8    Mattel's Amended Answer and Counterclaims (the "Counterclaims") insofar as

9    they purport to assert claims against MGA Mexico.

10          2.    MGA Mexico does not conduct any business in the United

11    States.

12          3.    All of MGA Mexico's sales are made locally in Mexico to

13    Mexico-based customers.

14          4.    MGA Mexico does not have any customers located in the

15    United States, does not make any sales calls in the United States, and does not

16    accept or fill any orders in the United States.

17          5.    MGA Mexico buys its "Bratz" line of toys FOB Hong Kong

18    from MGA Entertainment (HK) Limited.

19          6.

20          REDACTED

21

22

23    Executed on: February ___ 2007

24

25          SUSANA KUEMMERLE

26

27

28

                                                DECLARATION OF
SUSANA KUEMMERLE

# EXHIBIT "F"

1  DALE M. CENDALI (admitted *pro hac vice*)
   dcendali@omm.com
2  DIANA M. TORRES (S.B. #162284)
   dtorres@omm.com
3  JAMES P. JENAL (S.B. # 180190)
   jjenal@omm.com
4  O'MELVENY & MYERS LLP
   400 South Hope Street
5  Los Angeles, CA  90071-2899
   Telephone:  (213) 430-6000
6  Facsimile:   (213) 430-6407

7  PATRICIA GLASER (S.B. #55668)
   CHRISTENSEN, GLASER, FINK,
8  JACOBS, WEIL & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
9  Los Angeles, CA  90067
   Telephone:  (310) 553-3000
10 Facsimile:   (310) 557-9815

11 Attorneys for MGAE de Mexico, S.R.L. de
   C.V.
12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)
                                        (consolidated with CV 04-9059 & 05-
17              Plaintiff,              2727)

18         v.                           DECLARATION OF ISAAC
                                        LARIAN IN SUPPORT OF MGAE
19 MATTEL, INC., a Delaware             DE MEXICO, S.R.L. DE C.V.'S
   Corporation,                         REPLY IN SUPPORT OF ITS
20                                      MOTION TO DISMISS MATTEL'S
                Defendant.              AMENDED ANSWER AND
21                                      COUNTERCLAIMS

22                                      Hearing Date: April 30, 2007
                                        Time:  10:00 a.m.
23                                      Place: Courtroom 1

24                                      Discovery Cut-off:  March 3, 2008
                                        Pre-trial Conference:  June 2, 2008
25                                      Trial Date:  July 1, 2008

26                                      Judge:  Hon. Stephen G. Larson
27
28
                                        DECL OF ISAAC LARIAN ISO MGAE
                                        MEXICO'S REPLY CV 04-09049 SGL (RNBX)

-38-

**EXHIBIT F**

1    I, Isaac Larian, declare and state as follows:

2    1.    I am the Chief Executive Officer ("CEO") of MGA

3    Entertainment, Inc. ("MGA") and a resident of the State of California. All of the

4    facts set forth herein are known to me personally, and if called as a witness, I could

5    and would testify competently thereto.

6    2.    In the Spring of 2004, MGA decided to form MGAE de Mexico,

7    S.R.L. de C.V. ("MGA Mexico") to market and sell MGA products to consumers in

8    Mexico.

9    3.    Thomas Park, Susana Kuemmerle, and I recruited three then

10    employees of Mattel Mexico (Carlos Gustavo Machado Gomez, Pablo Vargas San

11    Jose, and Mariana Trueba Almada) to start up the sales and marketing operations of

12    MGA Mexico. During this recruitment and hiring process, I wrote and received

13    several email and mail communications about the terms and conditions of their

14    employment.

15    4.    I never directed, requested or suggested, by email, mail or

16    otherwise, for Machado, Vargas, Trueba, or anyone else to take any confidential or

17    proprietary business information from Mattel or any Mattel subsidiary. Nor did

18    anyone acting at my direction ever request or suggest that anyone take any

19    confidential or proprietary business information from Mattel or any Mattel

20    subsidiary. To the contrary, to the best of my recollection I told all three of them –

21    Machado, Vargas and Trueba – not to take anything from Mattel.

22    5.    In its opposition brief, Mattel implies that these three employees

23    of MGA Mexico – Machado, Vargas and Trueba – reported to me. They never

24    have.

25    6.    I was appointed to the Board of Managers of MGA Mexico on

26    April 15, 2004, when MGA Mexico was incorporated as a Mexican corporation,

27    and was granted powers of attorney to transact business on behalf of MGA Mexico

28    pursuant to its by-laws.

- 1 -

DECL OF ISAAC LARIAN ISO MGAE
MEXICO'S REPLY CV 04-09049 SGL (RNBX)

**EXHIBIT F**

7.     I resigned from the Board of Managers of MGA Mexico effective February 25, 2005.

8.

# REDACTED

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this //   day of April, 2007, at Los Angeles, California.

Isaac Larian

DECL OF ISAAC LARIAN ISO MGAE
MEXICO'S REPLY CV 04-09049 SGL (RNBX)

—40—                                              **EXHIBIT F**

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA

3   COUNTY OF LOS ANGELES

4       I am employed in the County of Los Angeles, State of California; I am over the age of 18
and not a party to the within action; my business address is 10250 Constellation Boulevard,
5   Nineteenth Floor, Los Angeles, California 90067.

6       On February 13, 2009, I served the foregoing document described as:

7   **DECLARATION OF AMMAN KHAN IN SUPPORT OF MGA PARTIES'
OPPOSITION TO MOTION TO COMPEL DEPOSITIONS OF PABLO
8   VARGAS AND MARIANA TRUEBA AND REQUESTS FOR SANCTIONS**

9   on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope
10  addressed as follows:

11                    **PLEASE SEE ATTACHED SERVICE LIST**

12  ☐   (BY MAIL)  I am readily familiar with the business practice for collection and
processing of correspondence for mailing with the United States Postal Service.
13  This correspondence shall be deposited with the United States Postal Service this
same day in the ordinary course of business at our Firm's office address in Los
14  Angeles, California.  Service made pursuant to this paragraph, upon motion of a
party served, shall be presumed invalid if the postal cancellation date of postage
15  meter date on the envelope is more than one day after the date of deposit for
mailing contained in this affidavit.

16  ☐   (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by
Federal Express, an express service carrier which provides overnight delivery, as
17  follows.  I placed true copies of the foregoing document in sealed envelopes or
packages designated by the express service carrier, addressed to each interested
18  party as set forth above, with fees for overnight delivery paid or provided for.

19  ☒   **(BY PERSONAL SERVICE)**  I caused such envelope to be delivered by hand
to the offices of the above named addressee.
20
☒   **(BY EMAIL)**  I caused such documents to be delivered via email to the
21  addressee(s).

22  ☐   (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the
offices of the addressee(s) at the following facsimile number:
23
Executed this 13th day of February, 2009, at Los Angeles, California.
24
I declare under penalty of perjury under the laws of the State of California that the above is
25  true and correct.

26

27  _____
Lora Anderson
28

666603

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

---

15

**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA**

1

## SERVICE LIST

2

3  Jon D. Corey, Esq.
   (joncorey@quinnemanuel.com)
4  Michael T. Zeller, Esq.
   (michaelzeller@quinnemanuel.com)
   John Quinn, Esq.
5  (johnquinn@quinnemanuel.com)
   Quinn Emanuel Urquhart Oliver & Hedges, LLP
6  865 South Figueroa Street, 10th Floor
   Los Angeles, CA 90017-2543
7  **[By Personal Service]**

8  Russell J. Frackman, Esq.
   (rjf@msk.com)
9  Patricia H. Benson, Esq.
   (phb@msk.com)
10 Mitchell, Silberberg & Knupp, LLP
   11377 W. Olympic Blvd.
11 Los Angeles, CA 90067
   (310) 312-2000
12 **[By E-mail ]**

13 Thomas J. Nolan, Esq.
   (tnolan@skadden.com)
14 Raoul D. Kennedy, Esq.
   (rkennedy@skadden.com)
15 Jason D. Russell, Esq.
   (Jason.russell@skadden.com)
16 Skadden, Arps, Slate, Meagher & Flom LLP
   300 South Grand Avenue, Suite 3400
17 Los Angeles, CA 90071-3144
   (213) 687-5000
18 **[By E-mail]**

19 Robert C. O'Brien
   Arent Fox
20 555 West Fifth Street,
   48h Floor
21 Los Angeles, CA  90013
22 **[By Personal Service]**

23

24

25

26

27

28

666603

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL
DEPOSITIONS OF VARGAS AND TRUEBA