QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>_____<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case Nos. CV 04-9059 & CV 05-2727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]**<br><br>MATTEL, INC.'S OPPOSITION TO MGA'S RENEWED MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUESTS FOR PRODUCTION 526 AND 528<br><br>[SUPPLEMENTAL DECLARATION OF MICHAEL T. ZELLER SUBMITTED CONCURRENTLY]<br><br>Hearing Date:        TBD<br>Time:                    TBD<br>Place:                   TBD<br><br><u>Phase 2:</u><br>Disc. Cut-off:          December 11, 2009<br>Pre-trial Conf.:        March 1, 2010<br>Trial Date:             March 23, 2010 |

00505.07209/2797377.2

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................. 1

BACKGROUND ...................................................................................................... 1

ARGUMENT ........................................................................................................... 4

I.    MGA'S REQUESTS ARE OVERBROAD AND SEEK IRRELEVANT DOCUMENTS ................................................................................................. 4

II.   THE IDENTITY OF DOCUMENTS PROVIDED TO LAW ENFORCEMENT ARE PROTECTED WORK PRODUCT. ...................... 6

III.  MATTEL'S COMMUNICATIONS WITH LAW ENFORCEMENT AUTHORITIES ARE PRIVILEGED AND THEREFORE CANNOT GIVE RISE TO ANY CLAIM OR DEFENSE BY MGA .............................. 8

CONCLUSION ...................................................................................................... 10

1

# <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

## <u>Cases</u>

4  <u>Aronson v. McKesson HBOC, Inc.</u>,
      2005 WL 934331 (N.D. Cal. 2005)..................................................7
5

6  <u>Brady v. Maryland</u>,
      373 U.S. 83 (1963) ........................................................................2

7  <u>Forro Precisions, Inc. v. Int'l Bus. Mach.</u>,
      673 F.2d 1045 (9th Cir. 1982) ....................................................1, 8
8

9  <u>Hagberg v. California Fed. Bank FSB</u>,
      32 Cal. 4th 350 (2004) ..................................................................8

10 <u>Hickman v. Taylor</u>,
      329 U.S. 495 (1947) ......................................................................6
11

12 <u>Hunsucker v. Sunnyvale Hilton Inn</u>,
      23 Cal. App. 4th 1498 (1994) .......................................................8

13 <u>Jacob B. v. County of Shasta</u>,
      40 Cal. 4th 948 (2007)..................................................................1
14

15 <u>Ocean Mammal Inst. v. Gates</u>,
      2008 WL 2185180 (D.Hawai'i 2008).............................................7

16 <u>Ottensmeyer v. Chesapeake & Potomac Tel. Co.</u>,
      756 F.2d 986 (4th Cir. 1985) ........................................................1
17

18 <u>In re Qwest Communications Int'l, Inc.</u>,
      450 F.3d 1179 (10th Cir. 2006) ..................................................5, 6

19 <u>Silberg v. Anderson</u>,
      50 Cal. 3d 205 (1990) ...................................................................8
20

21 <u>United States v. Adlman</u>,
      68 F.3d 1495 (2d Cir.1995) ..........................................................6

22 <u>Whitney Nat'l Bank v. Karam</u>,
      306 F. Supp. 2d 678 (S.D. Tex. 2004) ..........................................8
23

24 <u>Williams v. Taylor</u>,
      129 Cal. App. 3d 745 (1982) ........................................................1

25

## <u>Statutes</u>

26
<u>Fed. R. Civ. P.</u> 26(a) ...........................................................................5

27 <u>Fed. R. Civ. P.</u> 26(b)(1) .....................................................................4

28 Rule 26(b)(5) .......................................................................................6

-ii-

1

## **<u>Other Authorities</u>**

2

Wright & Miller, Federal Practice & Procedure
    § 2024, at 210 & nn. 50-52 ................................................................... 7

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Preliminary Statement

A number of MGA executives are currently the subject of ongoing, active criminal prosecutions and investigations stemming from their years of criminal activities against Mattel.  It is no coincidence that MGA's very first discovery motion in Phase 2 demands that Mattel reveal the identity of which specific documents Mattel has provided to law enforcement authorities and the substance of what Mattel has said to them.  This effort by MGA to misuse the discovery process in this civil case as a substitute for -- and to circumvent -- the standards and procedures governing requests to law enforcement authorities in the relevant criminal proceedings in order to gain intelligence into the prosecutions is improper and should not be allowed.

Indeed, as is essentially undisputed by MGA, Mattel has produced to MGA the underlying documents that it knows to date were stolen by MGA and that are the subject of this action.  It has responded, and will continue to respond, to every request seeking discovery as to the claims and defenses in this litigation.  But the identity of which of these documents Mattel provided to law enforcement for possible use in criminal proceedings, and the substance of Mattel's communications with criminal authorities in three countries, are not separately subject to discovery in this case. The MGA requests at issue here should be denied because they are overbroad and irrelevant to this case.  They also seek material that is protected work product and, under the applicable rules of privilege, could not under any circumstances form the basis for any action or defense by MGA against Mattel.

MGA should be relegated to seeking discovery about law enforcement activities in accordance with the applicable criminal discovery rules, and MGA's motion to compel should be denied.

## Background

Mattel's Phase 2 Counterclaims include allegations that MGA and its executive and employees stole from Mattel trade secrets and other confidential

information that comprise Mattel's intellectual infrastructure.[1]  Specifically, Mattel alleges that MGA stole trade secrets in the United States, Mexico and Canada.[2]  These claims are based on the acts of the entities and individuals named in Mattel's Counterclaims – not on any communications with or documents provided to law enforcement authorities.[3]  MGA has not raised (and could not) any claim or defense based on communications between Mattel and law enforcement.[4]

MGA moves to compel here on two Requests for Production.  In Request for Production No. 526, MGA seeks "[a]ll DOCUMENTS that constitute COMMUNICATIONS" between Mattel and "law enforcement authorities in Mexico, Canada or the United States . . . concerning any of the allegations in YOUR COUNTERCLAIMS *or any other* alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA."[5]  In Request for Production No. 528, MGA seeks "[a]ll DOCUMENTS that YOU . . . provided to law enforcement authorities in Mexico, Canada and the United States . . . concerning any of the allegations in YOUR COUNTERCLAIMS *or any other* alleged taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA."[6]

In the first request, MGA seeks to learn the substance of all "COMMUNICATIONS" between Mattel and law enforcement authorities.  In the second, MGA demands that Mattel identify every document that it provided to those authorities.  Furthermore, both requests apply not only to communications and documents concerning allegations in Mattel's counterclaims, but also "*any other* alleged

---

[1]   Declaration of Timothy L. Alger, dated January 24, 2008, and attached to MGA's Motion to Compel ("Alger Dec."), ¶ 2.
[2]   Id.
[3]   Id. ¶ 3.
[4]   Id. ¶¶ 4-5.
[5]   Id. ¶¶ 6-7 (emphasis added).
[6]   Id. ¶ 8 (emphasis added).

taking of confidential MATTEL information by MGA or persons currently or formerly employed by MGA," thus encompassing thefts not even alleged or at issue in Mattel's counterclaims.

Mattel properly objected to the requests,[7] and on October 2, 2007, the parties met and conferred to address Mattel's objections on grounds of relevance and privilege.[8] Mattel informed MGA that it had produced documents relating to Mattel's counterclaims, numbering into the tens of thousands of pages,[9] and asked MGA to explain the relevancy of communications with law enforcement, given that no claim or defense arose from those communications.[10] MGA did not articulate during that conference – or in any subsequent correspondence – how the communications had any relevance to this civil litigation.[11] Mattel also informed MGA during the meet-and-confer that Mattel's communications with law enforcement were privileged, and for this additional reason, they would not be produced.[12] Mattel emphasized that MGA could not raise any claim against Mattel based on those communications, and therefore they could not be used in any way by MGA in this litigation.[13]

On January 16, 2008, without ever responding to the issues raised by Mattel, MGA filed a Motion to Compel production of the communications with law enforcement.[14] Mattel filed its Opposition on January 24, 2008.[15] On February 4,

---

[7]   Id. ¶¶ 10, 12-13.
[8]   Id. ¶ 15.
[9]   Id. ¶¶ 16, 19.
[10]   Id. ¶ 17.
[11]   Id. ¶¶ 14, 17, 20.
[12]   Id. ¶ 18.
[13]   Id.
[14]   MGA's Motion to Compel Mattel to Produce Documents Responsive to MGA's Requests for Production No. 526 and 528.
[15]   Mattel's Opposition to MGA's Motion to Compel Mattel to Produce Documents Responsive to MGA's Requests for Production No. 526 and 528.

2008, the Court stayed all Phase 2 discovery.[16]  The Court subsequently lifted the stay, and on February 6, 2009, MGA announced it would again seek production of the documents and -- within hours of so informing Mattel -- filed a Renewed Motion to Compel.[17]

## Argument

## I.   MGA'S REQUESTS ARE OVERBROAD AND SEEK IRRELEVANT DOCUMENTS

A party is entitled to discovery of information that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  The documents and work product MGA now seeks are not relevant to any claim or defense in this litigation.  MGA asserts in conclusory fashion only that it wants to "test and defend against Mattel's allegations" (Motion at 4:27-4:28), but it does not explain, nor could it, how the documents it seeks here will enable it to do this.

Request No. 526, seeking communications between Mattel and law enforcement agencies, has no relevance to Mattel's *civil* claims.  The civil claims stand or fall based on MGA's actions, not Mattel's subsequent communications with law enforcement.  MGA has not shown, or even argued, how Mattel's communications with law enforcement have any relevance to its defenses.  Nor, as discussed further below, could those communications serve as the basis for any claim or defense by MGA against Mattel.  Discovery is limited to communications tending to prove or disprove claims, not to communications which are, as a matter of law, inadmissible to do so.  See Discovery Master's May 22, 2007 Order at 12-13, 15 (limiting production of communications to those that are the basis for claims).[18]

---

[16]   Minute Order Staying Phase II Discovery, attached as Exhibit 1 to the concurrently filed Declaration of Michael T. Zeller ("Zeller Dec.").

[17]   Letter from Caroline H. Mankey to Michael T. Zeller, dated February 6, 2009, Zeller Dec., Exh. 2.

[18]   Alger Dec. ¶ 22.

As for Request No. 528, which demands that Mattel identify which documents it provided to law enforcement agencies, MGA offers no argument that it is entitled to such information.  MGA has already sought, and Mattel has provided to MGA, documents that pertain to the underlying facts of Mattel's counterclaims.  In fact, because Mattel's RICO and misappropriation of trade secrets counterclaims are based on the defendants' acts in the United States, Mexico and Canada,[19] Mattel has produced tens of thousands of documents relating to those thefts under Rule 26(a) and in response to numerous other MGA document requests.[20]  In short, Mattel has provided MGA with the documents that it knows to date were stolen by MGA and that relate to the claims and defenses raised by its counterclaims, and it will continue, consistent with its discovery obligations, to ensure that MGA is provided with documents to which it is entitled.  What Request No. 528 seeks, however, is something more and different:  that Mattel inform MGA of what documents law enforcement authorities were given by Mattel, the only possible purpose of which could be for MGA's executives to defend against actual or potential criminal charges and gain insight into what law enforcement knows.  Any such request should be made to law enforcement authorities, however, in accordance with the applicable law in the countries involved, not secured through back door discovery in a civil action.[21]

Both Request 526 and 528 are also overbroad because they seek on their face not only documents relating to the subject matter of Mattel's counterclaims -- requests that are not even connected, as the Rule requires, to any "claim or defense "-- but also documents "concerning . . . *any other* alleged taking of confidential MATTEL

---

[19]   Alger Dec. ¶¶ 2-3.

[20]   Id. ¶¶ 11, 16, 19.

[21]   In re Qwest Communications Int'l, Inc., 450 F.3d 1179 (10th Cir. 2006), the only case MGA cites, examined whether the attorney-client and work-product privileges had been waived by a defendant who had provided documents to the Securities and Exchange Commission.  Id. at 1186-87.   The court did not even (footnote continued)

1  information by MGA or persons currently or formerly employed by MGA."[22]  Requests

2  for documents concerning "alleged takings" that are by definition **not** even included

3  within Mattel's counterclaims do not even concern the subject matter of this action,

4  much less any claims and defenses to it.[23]

5  ## II.   THE   IDENTITY   OF   DOCUMENTS   PROVIDED   TO   LAW

6  ## ENFORCEMENT ARE PROTECTED WORK PRODUCT.

7          The identity of the documents that Mattel selected to provided to law

8  enforcement agencies is protected attorney work product.  MGA has cited no case, nor

9  could it, giving it the right to know what documents Mattel's attorneys considered to be

10  of greatest importance in establishing possible criminal wrongdoing.  See Hickman v.

11  Taylor, 329 U.S. 495, 511-14 (1947) ("Proper preparation of a client's case demands

12  that he assemble information, sift what he considers to be the relevant from the

13  irrelevant facts, prepare his legal theories and plan his strategy without undue and

14  needless interference"); United States v. Adlman, 68 F.3d 1495, 1501 (2d Cir.1995)

15  ("The purpose of the [work product] doctrine is to establish a zone of privacy for

16  strategic litigation planning and to prevent one party from piggybacking on the

17  adversary's preparation.").

18          Mattel's provision of selected documents to law enforcement officials in no

19  way constitutes a waiver of the protection afforded to such work product.[24]  Work

20  ─────────────────────

21  consider whether communications with law enforcement authorities that do not
   provide the basis for any claim or defense are relevant and discoverable.

22     [22]  Id. ¶¶ 7-8 (emphasis added).

23     [23]  Mattel's much narrower request for communications with the government
   relating to the contested MGA products-- referenced in MGA's motion -- has no

24  bearing here.   MGA objected to the request (see Alger Dec. ¶ 23) and, as far as
   Mattel can discern, has not produced *any* documents in response.

25     [24]  MGA asserts that Mattel has not included documents provided to law

26  enforcement and communications with law enforcement on its privilege logs.
   Motion at 6:12-17.   Mattel has not logged such documents as a category because

27  they are not relevant or discoverable.  Irrelevant, non-discoverable documents need
   not be logged, as this Court has held before, and the failure to log them in no way

28  (footnote continued)

product protection is waived "only where the work product was voluntarily disclosed such that it may become readily accessible to an adversary." <u>Aronson v. McKesson HBOC, Inc.</u>, 2005 WL 934331, *6 (N.D. Cal. 2005).  "'Thus, disclosure simply to another person who has an interest in the information but who is not reasonably viewed as a conduit to a potential adversary will not be deemed a waiver of the protection of the rule.'" <u>Id.</u> (citation omitted).[25]  <u>See also</u> <u>Ocean Mammal Inst. v. Gates</u>, 2008 WL 2185180, *13 (D.Hawai'i 2008) ("[T]he work product protection is waived only when protected materials are disclosed in a manner which 'substantially increases the opportunity for potential adversaries to obtain the information.'").  As the Wright & Miller treatise explains:

> [T]he purpose of the work-product rule is not to protect the evidence from disclosure to the outside world but rather to protect it only from the knowledge of opposing counsel and his client, thereby preventing its use against the lawyer gathering the materials.  Thus, the result should be that disclosure of a document to third persons does not waive the work-product immunity unless it has substantially increased the opportunities for potential adversaries to obtain the information.  Most cases have so held and found no waiver from disclosure.

8 Wright & Miller, Federal Practice & Procedure § 2024, at 210 & nn. 50-52 (citing cases).

Here, MGA has made no showing that disclosures to law enforcement authorities increased MGA's ability to obtain the information it seeks here.  Indeed, this motion to compel suggests exactly the opposite: that law enforcement officials have not

_____

constitutes a waiver of privilege.  <u>See</u> Discovery Master's January 25, 2007 Hearing, at 12:8-14 (holding that there was no duty to comply with Rule 26(b)(5) and log privilege until the documents at issue were determined to be relevant), Zeller Dec., Exh. 6.

[25]  In <u>Aronson</u>, the court ultimately deemed that the work product privilege had been waived because the government was adverse to the party making the disclosure.  That was clearly not the case here.

-7-

shared such information with MGA or informed MGA as to what documents Mattel considered most critical; otherwise, MGA would not be here seeking to compel Mattel to disclose. MGA's rights, if any, to know what information is being used or considered by law enforcement personnel in their investigations and prosecutions turns on applicable rules of criminal procedure. Its requests for such information should be directed to those authorities under the applicable laws of each country, not to Mattel or the Discovery Master.

### III. MATTEL'S COMMUNICATIONS WITH LAW ENFORCEMENT AUTHORITIES ARE PRIVILEGED AND THEREFORE CANNOT GIVE RISE TO ANY CLAIM OR DEFENSE BY MGA

For the reasons just discussed, Mattel's communications identifying the documents provided to law enforcement are work product. They therefore are not properly discoverable on that basis.

Nor can MGA raise any claim or defense based on Mattel's communications to law enforcement authorities. The law is well settled that "when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate law enforcement personnel to respond, the communication [] enjoys an unqualified privilege" under Section 47(b) of the California Civil Code. Hagberg v. California Fed. Bank FSB, 32 Cal. 4th 350, 364 (2004).[26] The privilege "applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990) (internal quotations and citation omitted).[27] The

---

[26] Their privileged nature also makes the communications with law enforcement irrelevant. Whitney Nat'l Bank v. Karam, 306 F. Supp. 2d 678, 682 (S.D. Tex. 2004) (explaining that immunity provisions for bank Suspicious Activity Reports "make the information [sought] *irrelevant*") (emphasis added).

[27] The only exception to Section 47(b) privilege is a malicious prosecution action. Hunsucker v. Sunnyvale Hilton Inn, 23 Cal. App. 4th 1498, 1502 (1994). (footnote continued)

purposes of the unqualified privilege include "afford[ing] litigants and witnesses free access to the courts without fear of being harassed subsequently by derivative tort actions [and] encourag[ing] open channels of communication and zealous advocacy." Jacob B. v. County of Shasta, 40 Cal. 4th 948, 955 (2007) (internal quotations omitted). "To further these purposes, the privilege has been broadly applied.  It is absolute and applies regardless of malice."  Id.

Communications with law enforcement authorities also are privileged under the Noerr-Pennington doctrine, which is rooted in First Amendment principles. In Forro Precisions, Inc. v. Int'l Bus. Mach., 673 F.2d 1045 (9th Cir. 1982), the Court explained that "it would be difficult indeed for law enforcement authorities to discharge their duties if citizens were in any way discouraged from providing information.  We therefore hold that the Noerr-Pennington doctrine applies to citizen communications with police." Id. at 1060 (affirming judgment for defendant IBM); accord Ottensmeyer v. Chesapeake & Potomac Tel. Co., 756 F.2d 986, 993-94 (4th Cir. 1985) (adopting reasoning of Forro Precisions).

MGA cannot raise any claim or defense against Mattel based on the communications it seeks here; the most it can hope to do, if its requests are granted, is to chill the rights of those in Mattel's position to communicate freely with law enforcement authorities, undermining the strong public policy favoring those communications, see Williams v. Taylor, 129 Cal. App. 3d 745, 753 (1982) ("The policy underlying the [Section 47(b)] privilege is to assure utmost freedom of communication between citizens and public authorities whose responsibility it is to investigate and remedy wrongdoing");  Forro Precisions, 673 F.2d at 1060 ("[T]he public policies served by ensuring the free flow of information to the police, although somewhat different from those served by Noerr-Pennington, are equally strong."), and

---

And only the "sham" exception negates immunity under the Noerr-Pennington doctrine Forro Precisions, Inc. v. Int'l Bus. Mach., 673 F.2d 1045, 1060 (9th Cir. 1982).  Neither exception applies here.

1   to subvert the rules governing the scope of required disclosure by law enforcement
2   authorities of information upon which prosecutions are based, see, e.g., Brady v.
3   Maryland, 373 U.S. 83 (1963).  MGA's discovery requests are thinly veiled attempts to
4   intimidate Mattel and interfere with law enforcement proceedings.  What MGA is
5   entitled to know about the contents of the respective authorities' investigative files
6   should be determined by the applicable law in appropriate proceedings in Mexico, the
7   United States and Canada.  MGA should not be allowed to use discovery in this action,
8   or the order of the Discovery Master, to meddle and gain improper advantage in the
9   criminal proceedings.

10                                      **Conclusion**

11            For all the foregoing reasons, Mattel respectfully requests that the
12   Discovery Master deny MGA's motion to compel.

13

14   DATED:  February 13, 2009          Respecfully submitted,

15                                      QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
16

17

18                                      By /s/ Michael T. Zeller
                                           Michael T. Zeller
19                                         Attorneys for Mattel, Inc.

20

21

22

23

24

25

26

27

28