THOMAS J. NOLAN (Bar No. 66992)
(tnolan@skadden.com)
JASON D. RUSSELL (Bar No. 169219)
(jrussell@skadden.com)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA  90071-3144
Tel.: (213) 687-5000
Fax: (213) 687-5600

PATRICIA L. GLASER (Bar No. 55668)
(pglaser@glaserweil.com)
GLASER WEIL FINK JACOBS & SHAPIRO LLP
10250 Constellation Blvd 19th Floor
Los Angeles, CA, 90067
Tel.: (310) 553-3000  Fax: (310) 556-2920

RUSSELL J. FRACKMAN (Bar No. 49087)
(rjf@msk.com)
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd
Los Angeles, CA 90064
Tel.: (310) 312-2000  Fax: (310) 312-3100

Attorneys for The MGA Parties

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>         v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>Honorable Stephen G. Larson<br><br>MGA PARTIES' STATEMENT OF POSITION ON ENTRY OF FINAL JUDGMENT ON PHASE 1 |

The MGA Parties submit this statement of position on entry of final judgment for Phase 1 of these proceedings, as requested by the Court at the February 11, 2009 hearing.

As a preliminary matter, the MGA Parties note that it is somewhat difficult to take a position on the entry of final judgment without the benefit of the Court's decision on the parties' post-trial motions, and without reference to any modifications that may be made to the Court's December 3 Injunction Orders following resolution of the post-trial motions. As a result, the MGA Parties offer this statement based on the jury's and the Court's orders as they currently stand, that is, the verdict as returned by the jury on August 26, 2008, the injunction orders as entered on December 3, 2008, and the limitations on the injunction as imposed on January 7, 2009.[1] The MGA Parties are also assuming for the purposes of taking a position here that the Court will entertain the MGA Parties' request to broaden the stay as needed in the continued interest of maintaining the status quo through appeal.

With that caveat, the MGA Parties respectfully submit that certification of the Phase 1 verdict pursuant to Fed. R. Civ. Proc. 54(b) would not be appropriate at this time. The Ninth Circuit has observed that "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). District courts are directed to consider "whether certification would result in unnecessary appellate review; whether the claims finally adjudicated were separate, distinct, and independent of any other claims; whether review of the adjudicated claims would be mooted by any future developments in the case; whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals; and whether delay in payment of the judgment … would inflict severe financial harm." Wood v. GCC Bend, LLC, 422 F.3d 873, 878 n.2 (9th Cir. 2005) (citing

---

[1] The MGA Parties maintain that the verdict and the injunction orders should be substantially altered for all the reasons stated in their post-trial motions. If the Court's ruling on the post-trial motions substantially modifies the Phase 1 verdict and/or the injunction orders, the MGA Parties respectfully reserve the right to revisit whether to ask the Court to enter a judgment under Fed. R. Civ. Proc. 54(b) at a later date.

Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-10 (1980)). Thus, it is "proper for the district judge to consider such factors as whether the adjudicated claims were separable from the others and whether the nature of the claim was such that no appellate court would have to decide the same issues more than once." Id.

For a number of reasons, the MGA Parties respectfully submit that there is no expediency or exigency to be served by entering separate judgments here.

First, as noted by Mattel at the February 11 hearing, there are overlapping parties, issues, and claims between Phase 1 and Phase 2. Many of the MGA Parties' Phase 2 claims turn on their allegations of serial copycatting and intellectual property infringement, as detailed in their Complaint. (MGA's Compl. ¶¶ 33-73.) These claims are clearly intertwined with the findings on ownership of Bratz in Phase 1. Moreover, the phasing in this case subdivided a number of Mattel's claims, allowing them to proceed in Phase 1 as they related to Carter Bryant, but holding them until Phase 2 to the extent they related to other former Mattel employees. (See Mattel's Mem. Re: Trial Structure (Dkt 560) at 8-9, approved by the Court's July 2, 2007 Minute Order (Dkt 608) (subdividing Mattel's claim for intentional interference with contract, aiding and abetting breach of fiduciary duty, aiding and abetting breach of duty of loyalty, conversion, and unfair competition).) As such, the claims in Phase 1 are not entirely "separate, distinct, and independent of any other claims" in the litigation and the adjudicated claims are not completely "separable from the others."

Second, entry of final judgment on Phase 1 is not necessary for the Court to make its December 3 Injunction Orders final and enforceable, nor is it necessary to make those Orders appealable. See Dare v. California, 191 F.3d 1167, 1170 (9th Cir. 1999) ("We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) to review the district court's interlocutory order granting a permanent injunction."); U.S. v. Humboldt County, 615 F.2d 1260, 1261 (9th Cir. 1980) ("The United States suggests that we do not have jurisdiction because the court's judgment disposed of fewer than all the claims, and the court did not make the determination provided for in Rule 54(b). Overlooked, however, is the fact that the

judgment is an injunction, and is thus appealable under 28 U.S.C. § 1292(a)(1)."). Rather, the MGA Parties may proceed with their appeal of the injunctive relief awarded by the Court, and all issues inextricably intertwined with those Orders, as soon as the Court enters an order making its December 3 Orders final. Dare, 191 F.3d at 1170 ("Because the district court's partial summary judgment order provides legal authority for the injunction and is thus inextricably bound with it, we also have jurisdiction to review that order."). Because interlocutory appeal of the December 3 Orders is available pursuant to 28 U.S.C. § 1292(a)(1), there is no exigency or expediency justifying entry of judgment under Fed. R. Civ. Proc. 54(b) on the Phase 1 verdict as a whole. Any Phase 1 issues not addressed by the appeal of the injunction orders could be effectively dealt with in conjunction with any appeal after Phase 2.

With respect to the injunction orders (including this Court's December 3 orders on constructive trust and declaratory relief), the MGA Parties do request that this Court expressly declare them final and enforceable, to eliminate any suggestion that they are not subject to the Ninth Circuit's jurisdiction and to facilitate an expeditious appeal. At the February 11, 2009 hearing, the Court noted it was considering a plan to lift the stay imposed in its December 3 Orders and adjust the Orders themselves to accommodate the stay already in place as to the 2009 Bratz product line:

> [I]f the Court were to lift the stay imposed on December 3rd and basically remodify its permanent injunction so as to permit the injunction to proceed, striking from the injunction, of course, anything which would interfere with the 2009 season of sales, holding, I would suppose, those sales or the infringing portion of those sales or those sales attributed to infringing portions, in trust for Mattel or require an accounting to Mattel; that is something which could, once these motions have been resolved, go into affect and be final for purposes of appeal so that MGA can then appeal those to the Ninth Circuit and, in the interim, have affect. And, of course, the Court would entertain and the Ninth Circuit would entertain any further motions for stays, but basically to get that ball rolling.

1  (2/11/09 Tr. 86:3-16.)

2  The MGA Parties agree that incorporating stay provisions into the final injunction orders is an appropriate course of action.  To that end, the MGA parties request that the Court, when it initially issues the revised injunction orders, do so provisionally (or stay them for a brief period of time) to allow the MGA Parties to present evidence and briefing in support of a modification and further stay of those orders, including a stay or modification of those aspects of any order regarding 2009 sales, as well as a stay pending appeal (or for a period of time sufficient for expedited appellate review) as permitted by Fed. R. Civ. Proc. 62(c).  Such a procedure will allow the Court expeditiously to hear and resolve the MGA parties' concerns over the impact of the revised injunction orders and stay provisions upon the company and the product line during the pendency of their appeal, while minimizing any needless business disruption and uncertainty.[2]

Respectfully submitted,

DATED:  February 13, 2009         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:  _____/s/ Thomas J. Nolan_____
Thomas J. Nolan
Attorneys for the MGA Parties

---

[2] Of course, because at this point the parties do not know the contours of the final injunctive orders, the MGA Parties respectfully reserve the right to seek clarification or modification of those orders once the Court issues them so that the Court has the opportunity to consider any additional challenges regarding the orders before the MGA Parties appeal them to the Ninth Circuit.