# EXHIBIT 6

**ORIGINAL**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

CARTER BRYANT, AN INDIVIDUAL, )
                            )
        PLAINTIFF, )
                            )
   V.                   )    NO. CV 04-9040 SGL
                            )       (RNBX)
MATTEL, INC., A DELAWARE       )
CORPORATION,                )
                            )
        DEFENDANTS. )
                            )

# TELEPHONIC TRANSCRIPT
# OF PROCEEDINGS

# MAY 15, 2007

**REPORTED BY:**
ANGELA DUPRE
CSR NO. 7804
JOB NO. 07AD044



COURT REPORTERS
700 S. Flower Street
Suite 1100
Los Angeles, California 90017
Office: (213) 955-0070
Fax: (213) 955-0077

EXHIBIT  _6_
PAGE   _101_

1    TO TAKE IT.

2              A COURT ORDER COMPELLING HER TO APPEAR

3    FOR DEPOSITION, WHICH SHE'S NEVER REFUSED TO APPEAR

4    FOR THE SEVEN-HOUR DEPOSITION THAT SHE'S REQUIRED

5    TO APPEAR FOR, IS INAPPROPRIATE.

6         JUDGE INFANTE:  MR. JENAL, ANYTHING FURTHER?

7         MR. JENAL:  I DON'T -- I MEAN I, THINK WE PUT

8    WHAT OUR POSITIONS ARE IN OUR PAPERS, YOUR HONOR,

9    AND I DON'T WANT TO BELABOR THIS FURTHER.

10             IF THE COURT HAS QUESTIONS ABOUT

11   SPECIFICS, I WOULD BE HAPPY TO TRY TO ADDRESS THAT,

12   OR COLLECTIVELY WITH MS. TORRES TO ADDRESS THAT.

13        JUDGE INFANTE:  NO, I DON'T HAVE ANY QUESTIONS.

14   I READ ALL THE SUBMISSIONS, BOXES OF MATERIAL THAT

15   YOU HAVE SENT ME.

16             I'M AWARE OF THE ENTIRE HISTORY, GOING

17   BACK FROM THE FIRST NOTICE BACK IN FEBRUARY OF

18   2005, BEFORE THE DISCOVERY STAY, AND YOUR ATTEMPTS

19   SINCE DECEMBER TO ADDRESS THESE NOTICES.

20             I DON'T KNOW WHAT ELSE YOU NEED TO SAY.

21   I HAVE IT ALL IN MIND.

22             ANYTHING FURTHER?

23        MR. JENAL:  NOT -- NOT FOR MGA, YOUR HONOR.

24        MR. PROCTOR:  YOUR HONOR, THIS IS DYLAN

25   PROCTOR.  IF I MAY VERY BRIEFLY RESPOND TO A COUPLE

EXHIBIT __6__        19
PAGE __102__

1     POINTS THAT WERE RAISED.

2             MR. JENAL DISCUSSED -- EXCUSE ME,

3     MR. JENAL DISCUSSED THE MEET AND CONFER PROCESS.

4     AND IT MAY VERY WELL BE THAT THERE IS SIMPLY AN

5     HONEST MISCOMMUNICATION BETWEEN THE PARTIES.  I

6     DON'T KNOW.  BUT THE FACT REMAINS THAT THE PARTIES

7     DID NOT HAVE THE SAME UNDERSTANDING COMING OUT OF

8     THAT MEET AND CONFER PROCESS.

9             AND, AS I'M SURE YOUR HONOR HAS SEEN,

10    THIS IS ALL DOCUMENTED IN LETTERS BACK AND FORTH,

11    ATTACHED TO THE TORRES DECLARATION, THE SUPPLEMENT

12    ZELLER DECLARATION, AND THE ORIGINAL ZELLER

13    DECLARATION, BUT, AS OF NOW, YOU KNOW, THE -- THE

14    FACT REMAINS THAT MATTEL PUT MGA ON NOTICE

15    REPEATEDLY THROUGH ITS LETTERS -- AND, AGAIN, THIS

16    IS DOCUMENTED -- THAT MATTEL WAS GOING TO FILE A

17    MOTION AND IT DID SO LITERALLY WEEKS BEFORE IT

18    ENDED UP ACTUALLY FILING THE MOTION, AND THESE ARE

19    IN THE DECLARATIONS.

20            SO IF MGA GENUINELY THOUGHT THAT IT

21    DIDN'T NEED TO DESIGNATE ANY WITNESSES UNTIL MATTEL

22    RESPONDED, I BELIEVE MATTEL'S WRITTEN

23    COMMUNICATIONS SHOULD HAVE DISPELLED THAT

24    IMPRESSION.  AND I THINK THAT ADDRESSES THE MEET

25    AND CONFER ISSUE.

1          THE SECOND POINT IS ON -- ON THE PAULA

2     GARCIA ISSUE.  WE ARE NOT -- TO BE CLEAR, WE'RE NOT

3     SEEKING AN ORDER COMPELLING MS. GARCIA TO

4     PERSONALLY APPEAR FOR DEPOSITION.  THIS RELATES TO

5     30(B)(6) TOPICS.

6          AND OUR OBJECTION IS THAT THE OFFER TO

7     MAKE MS. GARCIA AVAILABLE FOR 30(B)(6) DEPOSITION

8     AND EVEN OFFER TO DESIGNATE HER, PURSUANT TO THE

9     FIRST NOTICE, WAS CONDITIONAL ON THINGS THAT MGA

10    HAS NO RIGHT TO CONDITION THAT ON.  MGA HAS AN

11    OBLIGATION TO DESIGNATE ITS WITNESSES.  INSTEAD IT

12    SAID, WELL, WE WILL DESIGNATE MS. GARCIA ON THE

13    FIRST NOTICE, IF YOU DO THESE THREE THINGS.  AND I

14    DON'T THINK THAT'S PROPER.

15       JUDGE INFANTE:  OKAY.  HERE IS MY RULING:  I

16    DON'T CONSIDER THE MOTION MOOT.  I BELIEVE THAT

17    MATTEL IS ENTITLED TO AN ORDER COMPELLING THE FULL

18    COMPLIANCE WITH RULE 30(B)(6) OF THE FEDERAL RULES

19    OF CIVIL PROCEDURE; NAMELY, DESIGNATE THE WITNESSES

20    ON EACH TOPICS TO BE PRESENTED, PRODUCE THEM, AND

21    ALLOW THEM TO BE QUESTIONED.

22          WITH RESPECT TO THE TOPICS, I FIND ALL OF

23    THE TOPICS RELEVANT.  I OVERRULE THE OBJECTIONS,

24    THE LIMITATIONS, AND THE CONDITIONS ASSERTED BY MGA

25    AS TO EACH TOPIC.

EXHIBIT  6

PAGE  104

1  THE TOPICS 25 AND 26, WHICH ARE FINANCIAL

2  INFORMATION, PROFITS, NET WORTH, CAN BE DEFERRED

3  UNTIL LATER.  AND I WOULD ALLOW THE PARTIES TO MEET

4  AND CONFER, WITH RESPECT TO APPROPRIATE TIMING OF

5  THOSE TWO TOPICS.

6  EVERYTHING ELSE SHOULD GO FORWARD.

7  WITH RESPECT TO MS. GARCIA, I GUESS SHE'S

8  DESIGNATED AGAIN.  SHE WAS ONCE DESIGNATED AND THEN

9  DE-DESIGNATED AND NOW DESIGNATED AGAIN, ON SIX

10  REMAINING TOPICS.  I THINK THAT SHOULD BE THE FIRST

11  IN TIME, OR PRIORITY, THAT DEPOSITION NOTICE SHOULD

12  BE COMPLETED AS SOON AS POSSIBLE.

13  I WOULD LIKE TO SET A DEADLINE BY WHICH

14  TO COMPLETE THE 30(B)(6) DEPOSITION ON THE FIRST

15  NOTICE.  AND I'D ALSO LIKE TO SET A DEADLINE TO

16  COMPLETE THE SECOND 30(B)(6) DEPOSITION NOTICE ON

17  ALL TOPICS.  I AM OPEN TO YOUR SUGGESTIONS AS TO

18  WHAT THOSE DEADLINES SHOULD BE.

19  AND, FINALLY, I DENY THE MATTEL MOTION

20  FOR SANCTIONS.

21  DO THE PARTIES WISH TO PROPOSE SPECIFICS

22  AS TO THE ORDER I JUST MADE?

23  MR. PROCTOR:  THIS IS DYLAN PROCTOR, FOR

24  MATTEL.  IN TERMS OF TIMING, I -- WE, OF COURSE,

25  WOULD LIKE TO GET THESE HEARD AS SOON AS POSSIBLE.

EXHIBIT ___6___      22

PAGE ___105___

1  THERE ARE, AS ALWAYS, SCHEDULING DIFFICULTIES.

2          I SUPPOSE I WOULD SOLICIT ANY -- ANY

3  THOUGHTS FROM MGA AS TO THE AMOUNT OF TIME THAT'S

4  GOING TO BE NECESSARY, FROM THEIR PERSPECTIVE, TO

5  HAVE THESE DEPOSITIONS COMPLETED.

6      JUDGE INFANTE:  YEAH.  I'D LIKE TO HEAR FROM

7  MGA.  I REALLY WANT TWO DEADLINES.  I WANT A

8  DEADLINE TO COMPLETE THE FIRST 30(B)(6) DEPOSITION,

9  WHICH AFFECTS MS. GARCIA, I'D LIKE A DEADLINE ON

10  THAT.

11          I'D ALSO LIKE A DEADLINE FOR YOU TO

12  CONFIRM ALL DESIGNEES UNDER 30(B)(6) THAT WILL BE

13  TESTIFYING ON WHICH TOPICS IN THIS SECOND

14  DEPOSITION NOTICE, AND A DEADLINE FOR THE

15  COMPLETION OF THAT DEPOSITION.

16          YOU MAY SPEAK TO THOSE ISSUES.

17      MS. TORRES:  YOUR HONOR, THIS IS DIANA TORRES.

18  WITH RESPECT TO THE FIRST 30(B)(6), WHICH IS

19  STRICTLY ON THE PRAIRIE YEARLING (PHONETIC)

20  PROJECT --

21      JUDGE INFANTE:  YES.

22      MS. TORRES:  -- I DON'T SEE ANY REASON WHY WE

23  CAN'T COMPLETE THAT FAIRLY QUICKLY.  AND I WILL

24  GET -- I WILL -- I'M NOT WITH THE WITNESS RIGHT

25  NOW, BUT I WILL GET DATES FOR HER AVAILABILITY IN

EXHIBIT __6__       23

PAGE __106__

1    STATE OF CALIFORNIA          )

                                  )    SS.

2    COUNTY OF LOS ANGELES        )

3               I,    ANGELA DUPRE      , CERTIFIED

4    SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

5    THE STATE OF CALIFORNIA, HEREBY CERTIFY:

6               THE FOREGOING PROCEEDINGS WERE TAKEN

7    BEFORE ME AT THE TIME AND PLACE THEREIN SET FORTH;

8               THE FOREGOING TRANSCRIPT IS A TRUE AND

9    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

10              I FURTHER CERTIFY THAT I AM NEITHER

11   COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

12   NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

13              IN WITNESS WHEREOF, I HAVE HEREUNTO

14   SUBSCRIBED MY NAME THIS  _4 th_  DAY OF

15   ___June_____ , 2007.

16                         _Angela Dupre_

17              _____

18

19

20

21

22

23

24

25

EXHIBIT __Y__          27

PAGE ___107___

# EXHIBIT 7

**CONFORMED COPY**

FILED

2007 MAY 18  PM 3: 45

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

**CALENDARED**

8  Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

14            Plaintiff,                 Consolidated with
                                         Case No. CV 04-09059
15       vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware corporation,  **DISCOVERY MATTER**

17            Defendant.                 Hon. Edward A. Infante (Ret.)
                                         Discovery Master
18  ─────────────────────────────
                                         [PROPOSED] ORDER GRANTING
19  AND CONSOLIDATED CASES               MATTEL INC.'S MOTION TO
                                         COMPEL MGA TO PRODUCE
20                                       WITNESSES FOR DEPOSITION
                                         PURSUANT TO RULE 30(B)(6)
21
                                         Date:  May 15, 2007
22                                       Time:  8:15 a.m.
                                         Place:  Telephonic
23
                                         Discovery Cut-Off:  October 22, 2007
24                                       Pre-Trial Conference:  January 14, 2008
                                         Trial Date:  February 12, 2008
25

26

27

28

07209/2121176.1

            ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

EXHIBIT ___7___    cs/18/c7
PAGE ___108___

## ~~[PROPOSED]~~ ORDER

Having considered Mattel, Inc.'s Motion To Compel MGA To Produce Witnesses For Deposition Pursuant To <u>Rule</u> 30(b)(6) (the "Motion"), and all other papers and argument submitted in support of or opposition to the Motion, and finding good cause therefor, Mattel's Motion is GRANTED.

IT IS HEREBY ORDERED that:

1.    MGA shall make Paula Garcia available for deposition on or before June 15, 2007 as a designee on Topics 1-3 and 6-8 of Mattel's Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 16, 2005 and in her individual capacity.

2.    MGA shall confirm its designees and the dates of the designees' availability for deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 1, 2007 (the "Second Notice") on or before May 22, 2007.

3.    MGA shall make its designees for all Topics in the Second Notice, except Topic Nos. 25 and 26, available for deposition on or before June 30, 2007.

4.    The parties shall meet and confer regarding the timing of the depositions on Topic Nos. 25 and 26 of the Second Notice. Such depositions may take place after June 30, 2007.

5.    All of MGA's objections and/or limitations regarding the Topics in Mattel's <u>Rule</u> 30(b)(6) deposition notices are overruled.

//
//
//
//
//
//

07209/2121176.1

-1-
ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

EXHIBIT  1
PAGE  109

6.      Mattel's request for sanctions is denied.

**IT IS SO ORDERED.**

DATED: May 16, , 2007

Edward A. Infante

Hon. Edward A. Infante (Ret.)
Discovery Master

-2-
ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

EXHIBIT __7__

PAGE __110__

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 17, 2007, I served the attached ORDER GRANTING MATTEL INC.'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(B)(6) in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 17, 2007, at San Francisco, California

Anthony R. Sales

EXHIBIT __7__

PAGE __111__

# EXHIBIT 8

1   DOUGLAS A. WICKHAM (S.B. No.127268)
    dwickham@littler.com
2   KEITH A. JACOBY (S.B. No.150233)
    kjacoby@littler.com
3   LITTLER MENDELSON
    A Professional Corporation
4   2049 Century Park East, 5th Floor
    Los Angeles, CA 90067.3107
5   Telephone:  (310) 553-0308
    Facsimile:   (310) 553-5583
6
    Attorneys for CARTER BRYANT
7

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
                    EASTERN DIVISION
10

11  CARTER BRYANT, an individual,          Case No.  CV 04-09049 SGL (RNBx)
                                           (consolidated with CV 04-9059 & 05-2727)
12              Plaintiff,
                                           Hon. Stephen G. Larson
13       v.
                                           FILED UNDER SEAL
14  MATTEL, INC., a Delaware
    Corporation,                           MEMORANDUM OF POINTS AND
15                                         AUTHORITIES IN SUPPORT OF
                                           OBJECTIONS TO DISCOVERY
16              Defendant.                 MASTER'S MARCH 7, 2007 ORDER
                                           GRANTING IN PART AND DENYING
17                                         IN PART MATTEL'S MOTION TO
                                           OVERRULE INSTRUCTIONS NOT
18                                         TO ANSWER DURING THE
                                           DEPOSITION OF CARTER BRYANT
19
                                           [Federal Rule of Civil Procedure 72(a);
20                                         Local Rule 72-2.1]

21                                         HEARING DATE:    APRIL 30, 2007
                                           TIME:            10:00 A.M.
22                                         LOCATION:        COURTROOM 1

23  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
24  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
25

26

27

28
    Firmwide:82183283.5 028307.1010

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310 553.0308

EXHIBIT   8
PAGE   112

# TABLE OF CONTENTS

PAGE

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................ 1

    A. Bryant's Three Day Deposition ................................................................... 1

    B. Mattel's Motion to Overrule Certain Objections ....................................... 2

III. ARGUMENT .................................................................................................... 3

    A. Bryant Should Not Be Required To Disclose The Nature of His Fee Arrangement, If Any, With MGA (Topic No. 42) ......................................... 4

        1. Text of the Objection ...................................................................... 4

        2. Mattel's Arguments Before the Discovery Matter ........................... 4

        3. The Discovery Master Erred in Overruling the Objection ............... 5

    B. Bryant Should Not Be Required To Disclose The Substance Of Communications Protected By The Attorney-Client Privilege and the Joint Defense Privilege (Topic Nos. 39, 50) ........................................................... 7

        1. Text of The Objections .................................................................... 7

        2. Mattel's Arguments Before the Discovery Master ........................... 8

        3. The Discovery Master Erred in Overruling the Objections ............. 9

            a. The Conversations At Issue Satisfied the Requirements of the Joint Defense Privilege ................................................................ 9

            b. The Statement in Counsel's Declaration that a Joint Defense Privilege Existed Should Have Been Sufficient as a Matter of Law for the Discovery Master .................................................... 11

IV. CONCLUSION ............................................................................................... 12

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

1.

EXHIBIT 8
PAGE 113

1

# TABLE OF AUTHORITIES

2

<u>3/21/2007</u>

3

CASES

4  <u>Clarke v. American Commerce Natl. Bank,</u>
   974 F.2d 127 (9th Cir. 1992)........................................................... 5, 6, 7

5  <u>Durkin v. Shields (In re Imperial Corp. of Am.),</u>
6     167 F.R.D. 447 (S.D. Cal. 1995)........................................................ 8

7  <u>Griffith v. Davis,</u>
      161 F.R.D. 687 (C.D. Cal. 1995) ........................................ 8, 10, 11, 12

8  <u>In re Grand Jury Subpoenas,</u>
      803 F.2d 493 (9th Cir. 1986)............................................................ 5

9  <u>In re Grand Jury Subpoenas,</u>
      902 F.2d 244 (4th Cir. 1990)............................................................ 9

10 <u>In re Santa Fe Int'l Corp.,</u>
11    272 F.3d 705 (5th Cir. 2001)........................................................... 10

12 <u>Kersting v. United States,</u>
      206 F.3d 817 (9th Cir. 2000)..................................................... 11, 12

13 <u>KL Group v. Case, Kay & Lynch,</u>
      829 F.2d 909 (9th Cir. 1987)............................................................ 5

14 <u>Mattel, Inc. v. Bryant,</u>
      446 F.3d 1011 (9th Cir. 2006)........................................................... 5

15 <u>Minebea, Co., Ltd. v. Papst,</u>
16    228 F.R.D. 13 (D.D.C. 2005)............................................................ 9

17 <u>Sporck v. Peil,</u>
      759 F.2d 312 (3rd Cir.), <u>cert. denied,</u>
      474 U.S. 903 (1985) ...................................................................... 10

18 <u>Star Editorial, Inc. v. U.S. Dist. Ct. for the Central Dist. of California,</u>
19    7 F.3d 856 (9th Cir. 1993)............................................................... 5

20 <u>United States v. BDO Seidman,</u>
      368 F. Supp. 2d 858 (N.D. Ill. 2005) ................................................. 9

21 <u>United States v. Blackman,</u>
      72 F.3d 1418 (9th Cir. 1995), <u>cert. denied,</u>
22    519 U.S. 911 (1996)....................................................................... 5

23 <u>United States v. Hsia,</u>
      81 F.Supp.2d 7 (D.D.C. 2000) ......................................................... 9

24 <u>United States v. Martin,</u>
      278 F.3d 988 (9th Cir. 2002)........................................................... 10

25                               **STATUTES**

26 28 U.S.C.
      Section 636(b)(1)(C) ...................................................................... 3

27 Business & Professions Code
      Section 6149................................................................................ 4, 6

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

i.

EXHIBIT 8
PAGE 114

# TABLE OF AUTHORITIES
(continued)

Page

Business & Professions Code
  Section 6068(e) ....................................................................................... 6

**RULES**

Federal Rule of Civil Procedure 72......................................................... 3

Federal Rules of Evidence
  Rule 501 ................................................................................................. 5

ii.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

EXHIBIT   8
PAGE   115

# I.

## INTRODUCTION

On February 1, 2007, Mattel filed a Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant. On March 7, 2007, the Discovery Master entered an Order granting in part and denying in part that Motion (the "Order"). (See Declaration of Douglas A. Wickham ("Wickham Dec.") at ¶ 8 and Exhibit A; see also Docket No. 286.) Mr. Bryant is not objecting to the vast majority of objections that the Discovery Master overruled in the Order. However, the Discovery Master's decision to overrule three specific objections (designated by Mattel as Topic Nos. 39, 42 and 50) was inappropriate as a matter of law because, in doing so, the Discovery Master incorrectly overruled valid objections and instructions based on the attorney-client, attorney work product, and/or joint defense privileges. Accordingly, Bryant asks this Court to overrule the Discovery Master in this very *limited* respect, to uphold Bryant's assertions of the attorney client, attorney work product, and joint defense privileges, and to sustain Bryant's counsel's objections and instructions with respect to Mattel Topic Nos. 39, 42 and 50.

# II.

## BACKGROUND

### A.   Bryant's Three Day Deposition

Bryant's deposition took place over the course of three days – November 4, 5 and 8, 2004 – in Springfield, Missouri. (See Wickham Dec. at ¶ 2.) Despite no obligation to do so, Bryant's counsel agreed beforehand with Mattel's counsel that Bryant would be made available for three full days of deposition testimony. (Id. at ¶ 3.)

Each of the three days of deposition testimony lasted a full day. (Id.) On Thursday, November 4, 2004, the deposition lasted from 9:10 a.m. to 5:00 p.m., with several breaks. (Id.) On Friday, November 5, 2004, the deposition lasted from 9:10 a.m. to 4:57 p.m., with several breaks. (Id.)

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
213 553 8300

Firmwide:82183283.5 028307.1010                1.



EXHIBIT   8
PAGE   116

1           On Friday, November 5, 2004, when it became clear that Mattel wanted

2  to take a third day of Bryant's deposition testimony, Bryant's counsel offered to carry

3  over to the following day, Saturday, November 6, 2004. (Id. at ¶ 4.) Mattel's counsel,

4  John Quinn, turned down this offer on the basis that he wanted to return home to

5  California for personal reasons and did not want to spend the weekend in Missouri.

6  (Id.) Accordingly, Bryant's counsel had to fly back from Springfield, Missouri to Los

7  Angeles, California, that night, and returned to Springfield, Missouri on Sunday night,

8  November 7, 2004, in order to resume the deposition that following Monday. (Id.)

9           On Monday, November 8, 2004, the deposition lasted from 10:27 a.m. to

10  5:09 p.m., with several breaks. (Id. at ¶ 5.) At the conclusion of the proceedings on

11  November 8, 2004, counsel for Mattel indicated that they wished to leave the

12  deposition open. (Id.) Counsel for Bryant did not agree to do so, on the basis that

13  Mattel had already had ample time to depose Bryant, and had not identified any

14  additional areas in which they needed inquiry. (Id.)

15        **B.**    *Mattel's Motion to Overrule Certain Objections*

16           On February 1, 2007, Mattel filed its Motion to Overrule Instructions Not

17  to Answer During the Deposition of Carter Bryant. (See Docket No. 211.) Mattel

18  filed an accompanying Separate Statement setting forth the text of the particular

19  objections it sought to overrule. (See Docket No. 212.)

20           Bryant filed his Opposition on February 20, 2007 (see Docket No. 240),

21  along with an accompanying Response to the Separate Statement setting forth the

22  specific reasons that each objection was proper (see Docket No. 241).

23           On February 26, 2007, Mattel filed its Reply Brief (see Docket No. 270),

24  along with a "Consolidated Separate Statement" that replied to Bryant's Response to

25  the Separate Statement (see Docket No. 269).

26           The matter came before the Discovery Master for a telephonic hearing on

27  March 5, 2007.[1] As reflected in the Discovery Master's Order, of the 67 objections

28    [1]     There is no transcript of the hearing, as Mattel, the moving party, did not

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

Firmwide:82183283.5 028307.1010        2.



EXHIBIT  8

PAGE  117

1    and/or instructions challenged in Mattel's original motion, Judge Infante sustained 11

2    objections/instructions,      Mattel      withdrew      its      challenge      to      7     other

3    objections/instructions, and the Discovery Master overruled the remaining 49

4    objections/instructions.     (Wickham Dec. at Ex. A.)    In addition, however, the

5    Discovery Master also denied Mattel's request for monetary sanctions, although

6    Bryant was ordered to attend a further 2 hour session of his deposition in Los Angeles,

7    California. (Id.)

8            With these objections, Bryant only objects to and asks this Court to

9    review *de novo* three objections and instructions at the Bryant deposition, which

10   Bryant respectfully submits the Discovery Master incorrectly overruled.

11                                              **III.**

12                                         **ARGUMENT**

13           This Court's review of the Discovery Master's Order is *de novo*.[2]  See 28

14   U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of

15   those portions of the report or specified proposed findings or recommendations to

16   which objection is made. A judge of the court may accept, reject, or modify, in whole

17   or in part, the findings or recommendations made by the magistrate [judge]. The

18   judge may also receive further evidence or recommit the matter to the magistrate

19   [judge] with instructions"). The three objections and instructions that the Discovery

20   Master's March 7, 2007 Order overruled would require Bryant to testify regarding

21   issues that are protected by fundamental privileges. Specifically, Topic No. 42 would

22   require Bryant to disclose the nature of his fee arrangement, if any, with MGA for the

23   present litigation. Topic Nos. 39 and 50 would require Bryant to testify as to matters

24   _____

25   reserve a court reporter as required by the December 6, 2006 Stipulation Appointing a
     Discovery Master (Docket No. 107) (the "Discovery Master Stip.").

26   [2]    Pursuant to the Discovery Master Stip., the Discovery Master's rulings are

27   treated as rulings of a magistrate judge for purposes of further review. Accordingly,
     Federal Rule of Civil Procedure 72 and Local Rule 72 apply to this Motion.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310.553.0308

Firmwide:82183283.5 028307.1010                        3.

EXHIBIT    9
PAGE    118

1  protected by the attorney client, attorney work product, and joint defense privileges.
2  As set forth more fully below, Bryant's objections to these three issues should be
3  preserved as a matter of law and the Discovery Master's decision overruling them
4  itself must be overruled.

5         **A.  Bryant Should Not Be Required To Disclose The Nature of His Fee Arrangement, If Any, With MGA (Topic No. 42)**

6

7         **1.  Text of the Objection**

8  Topic No. 42 contains the following objection:

9  Q  (By Mr. Quinn)  Is MGA paying your attorneys' fees --

       MR. WICKHAM:  Objection.

10

11  Q  (By Mr. Quinn)  -- in this case?

12         MR. WICKHAM:  Objection, attorney-client privilege, joint defense privilege. Instruct the witness not to respond.

13  (See Wickham Dec. at ¶ 9 and Exhibit B (Bryant Dep. at 20:22 – 21:2).)

14         **2.  Mattel's Arguments Before the Discovery Master**

15         Mattel argued that information regarding Mr. Bryant's fee arrangement
16  with MGA was not privileged because (1) federal law, rather than state law, applied
17  and (2) under federal law, the nature of a fee agreement is discoverable because it
18  goes to bias and credibility issues. (See Mattel's Consolidated Statement at pp. 66-67,
19  Docket No. 269.)  Specifically, Mattel claims that state law applies to privilege
20  questions only in "pure diversity cases." (Id. at p. 66.) However, where, as here, the
21  "action has both federal and state claims . . . and the question at issue . . . is relevant to
22  the federal claims, such as Mattel's copyright claim, as well as the state claims,"
23  federal law applies. (Id.)

24         Additionally, Mattel argued that California law would not help Mr.
25  Bryant's position in any event because Business & Professions Code § 6149 only
26  pertains to disclosure of a "written fee contract," and the question at issue here went to
27  whether MGA was paying Mr. Bryant's fees, not whether a written fee contract
28  existed. (Id. at 67.)

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:82183283.5 028307.1010

       4.

EXHIBIT   8
PAGE   119

### 3. The Discovery Master Erred in Overruling the Objection

The Discovery Master erred in ruling in Mattel's favor and overruling the objection. State law, rather than federal law, applies to this matter. Even if federal law *did* apply, however, the issue would still be privileged.

At the time Mr. Bryant's deposition took place, Mattel had not yet filed its Counterclaims, and all of its actions against Mr. Bryant were brought under state law. Indeed, in its decision upholding removal of the case to federal court, the Ninth Circuit specifically noted that that the district court had properly retained jurisdiction on diversity grounds. <u>Mattel, Inc. v. Bryant</u>, 446 F.3d 1011, 1012 (9th Cir. 2006). Rule 501 of the Federal Rules of Evidence provides that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a . . . witness . . . shall be determined in accordance with State law." In other words, California law on attorney-client privilege applies in federal court in a diversity case in which state law governs. <u>See, e.g.</u>, <u>Star Editorial, Inc. v. U.S. Dist. Ct. for the Central Dist. of California</u>, 7 F.3d 856, 859 (9th Cir. 1993) (citing Federal Rule of Evidence 501 for the proposition that state law on privilege applied where a state law action was removed to federal court based on diversity of citizenship); <u>KL Group v. Case, Kay & Lynch</u>, 829 F.2d 909, 918 (9th Cir. 1987) ("The availability of the attorney-client privilege in a diversity case is governed by state law"). That Mattel very recently brought Counterclaims with a handful of federal claims should not change this principle.

In support of its position that Bryant should have to disclose the fee agreement, Mattel cited to three Ninth Circuit cases – <u>United States v. Blackman</u>, 72 F.3d 1418 (9th Cir. 1995), <u>cert. denied</u>, 519 U.S. 911 (1996); <u>Clarke v. American Commerce Natl. Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992); and <u>In re Grand Jury Subpoenas</u>, 803 F.2d 493, 499 (9th Cir. 1986). All are inapplicable because they are not diversity actions, and thus California state law does not govern the privileges at issue in those cases. Federal law was applied in *Blackman*, a case in which the United

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:82183283.5 028307.1010
5.



EXHIBIT ___8___
PAGE ___120___

1    States government brought a motion to enforce an Internal Revenue Service summons.
2    The dispute at issue in *Clarke* arose after a bank refused to comply with portions of a
3    subpoena issued by the Office of the Comptroller of the Currency.   The Court
4    expressly provided that its ruling was based upon federal law ("Issues concerning
5    application of the attorney-client privilege in the adjudication of federal law are
6    governed by federal common law").   *Clarke*, 974 F.2d at 129.  Finally, the court
7    applied federal law in In Re Grand Jury Subpoenas, an action that was predicated
8    upon a group of attorneys seeking to quash a portion of subpoenas *duces tecum* served
9    upon them by a grand jury.

10          Thus, regardless of how the Ninth Circuit has ruled upon the privilege
11    attached to fee agreements in cases in which federal law governs the application of
12    privileges, such authority is inapposite to the present matter.  None of the cases cited
13    by Mattel was in federal court based on diversity of citizenship.  How the Ninth
14    Circuit applies the law of privileges in non-diversity actions in which federal law
15    controls the issue of privileges is simply not dispositive, and state law should apply.

16          Under California law, the nature of Mr. Bryant's fee agreement with
17    Mattel is strictly protected.   Specifically, "[a] written fee contract [is] deemed to be a
18    confidential communication within the meaning of subdivision (e) of Section 6068
19    and of Section 952 of the Evidence Code."  Cal. Bus. & Prof. Code § 6149.  Section
20    6068(e) of the Business & Professions Code sets forth the duty of an attorney "[t]o
21    maintain inviolate the confidence, and at every peril to himself or herself to preserve
22    the secrets, of his or her client."  Cal. Bus. & Prof. Code § 6068(e).  By asking Mr.
23    Bryant whether MGA was paying his fees, Mattel necessarily required him to disclose
24    whether or not a written fee agreement existed, to the extent he has one.  Because the
25    existence of a fee agreement is an attorney-client privileged communication, the
26    objection was proper and should not have been overruled.

27          Even if federal law *did* apply, however, the matter is still attorney-client
28    privileged.  Mattel asked Mr. Bryant to testify as to whether MGA was paying his

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

Firmwide:82183283.5 028307.1010                                    6.


EXHIBIT    8
PAGE    121

1   attorneys' fees in the case. The only source for whether such an agreement exists is

2   written correspondence between Mr. Bryant and his counsel and, separately, MGA

3   and its counsel. (<u>See</u> Wickham Dec. at ¶ 6.) These pieces of correspondence were

4   attorney-client privileged communications that contained other sensitive matters

5   regarding the nature of representation. (<u>Id.</u>) Accordingly, requiring Mr. Bryant to

6   testify as to whether his fees are covered would improperly require him to divulge

7   information from attorney-client privileged written communications. <u>See, e.g., Clarke</u>

8   <u>v. American Commerce Nat'l Bank</u>, 974 F.2d 127, 129 (9th Cir. 1992)

9   (correspondence that also reveals the motive of the client in seeking representation,

10   litigation strategy, or the specific nature of the services provided falls within the

11   attorney-client privilege).

12      **B.**   **Bryant Should Not Be Required To Disclose The Substance Of**
13           **Communications Protected By The Attorney-Client Privilege and the Joint Defense Privilege (Topic Nos. 39, 50)**

14      **1.**   **Text of The Objections**

15   Topic Nos. 39 and 50 contain the following objections:

16   <u>**Topic 39**</u>

17   Q  (By Mr. Quinn)  Are you represented by an attorney here today, sir?

18   A  Yes.

19   Q  Who is your attorney?

20   A  Mr. Wickham.

21   Q  Does Ms. Cendali represent you, also?

22   A  Ms. Cendali represents MGA.

23   Q  She doesn't represent you, does she, in your understanding?

24   A  That's correct.

25   Q  So did you speak to her during the break?

26         MR. WICKHAM:  Objection, attorney-client privilege, joint
27   defense privilege. Instruct the witness not to respond.

28         MR. QUINN: Do you — so if I were to ask as to the content of anything said in the presence of Ms. Cendali, you would instruct the

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310.553.0308

Firmwide:82183283.5 028307.1010           7.

EXHIBIT  8

PAGE  122

1    witness not to answer, sir?

2         MR. WICKHAM:   That is correct.

3         MR. QUINN:   Is there some – you say "joint defense privilege." What are you referring to by that?

4

5         MR. WICKHAM:   Counsel, we're here on a relatively short period of time within which you have to complete the deposition.  I'm more than happy to meet and confer with you on this issue at some other

6    time in advance of – or prior to any motion that plaintiff may decide to bring.

7    (See Wickham Dec. at ¶ 9 and Exhibit B (Bryant Dep. at 18:20 – 19:21).)

8    **Topic 50**

9
10   Q  Other than the six hours the day before yesterday and the two full days last week, did you spend any other time with your counsel preparing for your deposition?

11
12   A  Those were the two days – or the three days that I spent preparing for the deposition.

13   Q  And there wasn't any time other than that?

14   A  No.

15   Q  Was Ms. Cendali present during any of those sessions?

16   A  Only at the one day before yesterday.

17   Q  What was said in her presence?

18        MR. WICKHAM:  Objection, attorney-client privilege, joint defense privilege.  Instruct the witness not to respond.

19   (See Wickham Dec. at ¶ 9 and Exhibit B (Bryant Dep. at 269:14 – 270:1).)

20        **2.    Mattel's Arguments Before the Discovery Master**

21        As to both Topics, Mattel argued that Bryant failed to meet his burden to

22   establish a joint defense privilege because Bryant had not established that (1) the

23   communications were made in the course of a joint defense effort, (2) the statements

24   were designed to further that effort, and (3) the privilege had not been waived.

25   Griffith v. Davis, 161 F.R.D. 687, 693-93 (C.D. Cal. 1995); Durkin v. Shields (In re

26   Imperial Corp. of Am.), 167 F.R.D. 447, 455 (S.D. Cal. 1995). Mattel further argued

27   that the only proof submitted to support the joint defense privilege was a statement in

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

Firmwide:82183283.5 028307.1010                    8.

EXHIBIT  8

PAGE  123

1  Bryant's attorney's declaration that a joint defense agreement was in place prior to
2  Bryant's deposition, and that this was insufficient. (See Consolidated Statement at pp.
3  63, 73, 61-62, Docket No. 269.)

4         **3.**    **The Discovery Master Erred In Overruling The Objections**

5         The Discovery Master erred in ruling in Mattel's favor and overruling the
6  objections.

7         **a.**    **The Conversations At Issue Satisfied The Requirements
Of The Joint Defense Privilege**

8         Communications between Mr. Bryant, Mr. Bryant's counsel, and MGA's
9  counsel satisfy the requirements of the joint defense privilege.  The joint defense
10  privilege "is an extension of the attorney-client privilege that protects from forced
11  disclosure communications between two or more parties and/or their respective
12  counsel if they are participating in a joint defense agreement." Minebea, Co., Ltd. v.
13  Papst, 228 F.R.D. 13, 15 (D.D.C. 2005), quoting United States v. Hsia, 81 F.Supp.2d
14  7, 16 (D.D.C. 2000).  Courts require parties asserting this privilege to show that (1) an
15  otherwise valid privilege exists and (2) the party shares a common legal interest with
16  the party to whom the communications at issue are disclosed.  See In re Grand Jury
17  Subpoenas, 902 F.2d 244, 249 (4th Cir. 1990); United States v. BDO Seidman, 368 F.
18  Supp. 2d 858, 861 (N.D. Ill. 2005).  Both elements are satisfied here.

19         First, the joint defense privilege presupposes the existence of an
20  otherwise valid privilege. In re Grand Jury Subpoenas, 902 F.2d at 249.  Either the
21  attorney-client privilege or the attorney work product doctrine can serve as the
22  supporting privilege. Id. at 249; Minebea, 228 F.R.D. at 16.  As to both Topics, Mr.
23  Bryant's counsel invoked the joint defense privilege and the attorney-client and
24  attorney work product privileges when Mr. Bryant was asked to reveal the substance
25  of conversations between him, his counsel, and MGA's counsel.  Clearly, both the
26  attorney-client privilege and attorney work product privilege applied, as Mr. Bryant
27  was asked to testify about conversations with his attorney (with Ms. Cendali, counsel
28  for MGA, also present) during a break in the deposition and during a preparatory

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

EXHIBIT   9

PAGE   124

1    session for the deposition, respectively. See, e.g., United States v. Martin, 278 F.3d
2    988, 999-1000 (9th Cir. 2002) (the attorney-client privilege protects from disclosure
3    confidential communications between an attorney and his client that are related to the
4    subject matter of the representation); Sporck v. Peil, 759 F.2d 312, 316 (3rd Cir.), cert.
5    denied, 474 U.S. 903 (1985) (the specific grouping of documents an attorney uses in
6    preparing a witness for deposition can constitute the legal opinion or strategies of the
7    preparing attorney).

8           Second, as to the "common legal interest" requirement, courts require (1)
9    that the parties sharing the information have similar interests in the matter at issue and
10   (2) that there be a palpable threat of litigation at the time the information is
11   exchanged. See Griffith v. Davis, 161 F.R.D. 687, 693 n.6 (C.D. Cal. 1995); In re
12   Santa Fe Int'l Corp., 272 F.3d 705, 711 (5th Cir. 2001). Again, both elements are
13   satisfied here.

14          To make the requisite showing of similar interests, it is not necessary that
15   the parties' interests be identical. Griffith, 161 F.R.D. at 693, n.6. In fact, the parties'
16   interests may be adverse in some respects. Id. In Griffith, the Court found that the
17   parties had sufficiently similar interests because the claims involved similar
18   allegations deriving from the same incident, and the parties shared a common
19   adversary. Id. Here, the allegations against Mr. Bryant and MGA both stem from the
20   same core of facts – the nature and timing of Mr. Bryant's consulting work for MGA
21   and the nature and timing of Mr. Bryant's drawings of what ultimately became the
22   "Bratz" dolls. Moreover, Mr. Bryant and MGA share the same adversary in this
23   action, i.e., Mattel. Accordingly, their interests are sufficiently similar.

24          Where a palpable threat of litigation exists, the common interest rule
25   applies, and it extends to communications regarding prospective litigation, not just
26   litigation that is already in progress. Minebea, 228 F.R.D. at 15. Clearly, there was a
27   palpable threat of litigation involving MGA when the communications at issue were
28   exchanged. At the time of Mr. Bryant's deposition, MGA had every reason to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310.553.0308

Firmwide:82183283.5 028307.1010                10.



EXHIBIT 8
PAGE 125

1  anticipate litigation with Mattel, given that (1) Mr. Bryant was a consultant of MGA
2  and was being sued for breach of fiduciary duty and duty of loyalty and (2) Mr.
3  Bryant worked with MGA to develop the "Bratz" line of fashion dolls in which Mattel
4  was alleging unlawful conversion. Moreover, MGA formally evidenced the palpable
5  threat of litigation by formally intervening in Mattel's action against Mr. Bryant.

### b. The Statement In Counsel's Declaration That A Joint Defense Privilege Existed Should Have Been Sufficient As A Matter of Law For The Discovery Master

8  Where a joint defense agreement is in place, "communications may be
9  deemed privileged whether litigation has been commenced against both parties or
10  not." Griffith, 161 F.R.D. at 692. A joint defense agreement has existed from the
11  outset of this case that was signed by outside counsel for Mr. Bryant and outside
12  counsel for MGA. (See Wickham Dec. at ¶ 7.) Specifically, that agreement was
13  signed in May, 2004, well before Mr. Bryant's deposition took place. (Id.)

14  Mattel argued, and the Discovery Master apparently agreed, that Mr.
15  Bryant's counsel did not sufficiently establish that a joint defense agreement existed
16  prior to Mr. Bryant's deposition. A joint defense agreement is attorney work product,
17  and is therefore protected from disclosure to the opposing party. See Fed. R. Civ.
18  Proc. 26(b)(3). Mr. Wickham laid a proper foundation for the existence of the joint
19  defense agreement by stating that such an agreement took place prior to Mr. Bryant's
20  deposition. (See Docket No. 239 (Declaration of Douglas A. Wickham in Support of
21  Carter Bryant's Opposition to Mattel, Inc.'s Motion to Overrule Instructions Not to
22  Answer During the Deposition of Carter Bryant, to Compel Bryant to Answer Those
23  Questions, and for Sanctions) at ¶ 6.) He was not obligated to reveal the content of an
24  attorney work product protected agreement.

25  In arguing that the statement in Mr. Wickham's declaration was
26  insufficient to lay a foundation for a joint defense agreement, Mattel cited to Kersting
27  v. United States, 206 F.3d 817, 818 (9th Cir. 2000) and Griffith v. Davis, 161 F.R.D.
28  687, 690-93, n.6 (C.D. Cal. 1995). In fact, neither case sets forth any grounds for

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

Firmwide:82183283.5 028307.1010

11.

EXHIBIT    8
PAGE    126

1    questioning the sufficiency of the foundation for the joint defense agreement. In
2    *Kersting*, the court refused to recognize a joint defense privilege because there was no
3    evidence of the existence of a joint defense agreement in the record. <u>Kersting</u>, 206
4    F.3d at 819. Here, on the other hand, there is evidence of the existence of a joint
5    defense agreement, as set forth in Mr. Wickham's Declaration. Mattel apparently
6    cited to *Griffith* because counsel for both parties in that case submitted declarations
7    evidencing the joint defense agreement, whereas in this case only counsel for Mr.
8    Bryant provided such a declaration. However, the court in *Griffith* did not base its
9    conclusion that a valid showing had been made for the existence of a joint defense
10   agreement on the fact that multiple declarations were submitted, nor did the court
11   indicate in any way that a declaration submitted by one party's counsel would have
12   been insufficient to lay such a foundation.

13          Finally, to the extent this Court wishes to see the Joint Defense
14   Agreement to verify its existence and the fact that it was executed prior to Mr.
15   Bryant's deposition, Mr. Bryant's counsel will make it available for an *in camera*
16   inspection. (<u>See</u> Wickham Dec. at ¶ 7.)

17                                      **IV.**

18                                  **CONCLUSION**

19          For the foregoing reasons, Bryant respectfully asks this Court to overrule
20   the Discovery Master's Order to the extent it requires Bryant to testify as to Topic
21   Nos. 39, 42, and 50, that were the subject of Mattel's Motion to Overrule Instructions
22   Not to Answer During the Deposition of Carter Bryant.

23   Dated: March 21, 2007          Respectfully submitted,

24                                  DOUGLAS A. WICKHAM
                                    KEITH A. JACOBY
25                                  LITTLER MENDELSON
                                    A Professional Corporation
26

27                                  By: _____
28                                        Douglas A. Wickham
                                    Attorneys for CARTER BRYANT

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

Firmwide:82183283.5 028307.1010                    12.

EXHIBIT ___C___
PAGE ___127___