Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@ glaserweil.com
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  310-553-3000
Facsimile:   310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:  310-312-2000
Facsimile:   310-312-3100

Attorneys for the MGA Parties For Phase Two

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. 04-09059<br>Case No. 05-02727<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF AMMAN KHAN IN SUPPORT OF MGA AND LARIAN'S OPPOSITION TO MATTEL'S 2/10/09 MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS**<br><br>**[MGA and Larian's Opposition to Mattel's 2/10/09 Motion to Compel Responses to Interrogatories and Production of Documents; Opposition to Separate Statement; Declaration of Brian Wing filed concurrently herewith]** |

667357 v1

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

# **DECLARATION OF AMMAN KHAN**

I, Amman Khan, hereby declare as follows:

1.      I am an attorney at law, duly licensed to practice before all Courts of the State of California, and am a partner of the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP, attorneys of record herein for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties").  I have personal knowledge of all facts set forth in this Declaration and, if called as a witness, I could and would competently testify as follows:

2.      Attached hereto as Exhibit "A" is a true and correct copy of former Discovery Master Infante's Order Granting MGA's Motion to Quash Larry McFarland's Deposition Subpoena or for Protective Order dated April 29, 2008.

3.      Attached hereto as Exhibit "B" is a true and correct copy of former Discovery Master Infante's Order Denying Mattel's Motion to Compel Production of Documents by MGA in Response to Mattel's Fifth Set of Requests for Documents and Things; Denying Request for Sanctions dated April 14, 2008.

4.      Attached hereto as Exhibit "C" is a true and correct copy of former Discovery Master Infante's Order Denying Mattel's Motion to Compel Additional Deposition Testimony of Veronica Marlow dated April 22, 2008.

5.      Attached hereto as Exhibit "D" is a true and correct copy of former Discovery Master Infante's Order Granting in Part and Denying in Part MGA Parties' Motion to Quash Subpoenas; Granting in Part and Denying in Part Mattel's Counter Motion to Compel dated May 7, 2008.

6.      Attached hereto as Exhibit "E" is a true and correct copy of former Discovery Master Infante's Order Denying Mattel's Motion to Compel Further Deposition of Margaret Hatch-Leahy; Denying Request for Sanctions dated April 28, 2008.

7.      Attached hereto as Exhibit "F" is a true and correct copy of a portion of the February 11, 2009 Hearing Transcript.

667357 v1

**DECLARATION OF AMMAN KHAN IN SUPPORT OF MGA AND LARIAN'S OPPOSITION TO MATTEL'S 2/10/09 MOTION TO COMPEL RESPONSES TO INTERROGATORIES & PRODUCTION OF DOCUMENTS**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

8.     Attached hereto as Exhibit "G" is a true and correct copy of the Phase 1 August 26, 2008 Phase B Verdict Form As Given.

9.     Attached hereto as Exhibit "H" is a true and correct copy of a letter from Mattel's counsel, Jon Corey, Esq. to myself, dated February 9, 2009.

I declare under penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct.

Executed this 18th day of February, 2009, at Los Angeles, California.

_____
Amman Khan

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667357 v1

**DECLARATION OF AMMAN KHAN IN SUPPORT OF MGA AND LARIAN'S OPPOSITION TO MATTEL'S 2/10/09 MOTION TO COMPEL RESPONSES TO INTERROGATORIES & PRODUCTION OF DOCUMENTS**

# EXHIBIT A

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                   UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
13  |                                | JAMS Reference No. 1100049530 |
    |         Plaintiff,             |                                |
14  |                                | Consolidated with              |
    |            v.                  | Case No. CV 04-09059           |
15  |                                | Case No. CV 05-2727            |
    | MATTEL, INC., a Delaware corporation, |                         |
16  |                                | **ORDER GRANTING MGA'S MOTION** |
    |         Defendant.             | **TO QUASH LARRY MCFARLAND'S** |
17  |                                | **DEPOSITION SUBPOENA OR FOR** |
18  |                                | **PROTECTIVE ORDER** |

19  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
20  MGA ENTERTAINMENT, INC. v. MATTEL, INC.

21

22                      I. INTRODUCTION

23      On March 17, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK)

24  Limited, and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") submitted a Motion to

25  Quash Larry McFarland's Deposition Subpoena or for Protective Order.  On March 27, 2008,

26  Mattel, Inc. ("Mattel") submitted an opposition, and on April 7, 2008, MGA submitted a reply.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                          1

1    Mr. McFarland ("McFarland") has not submitted any briefing.  Pursuant to Paragraph 5 of the

2    Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

3    appropriate to decide the motion without oral argument.

4    <center>II. BACKGROUND</center>

5        McFarland is counsel for MGA.  He signed early copyright registrations related to Bratz.

6    In those registrations, he stated that the "first publication" of Bratz was February 12, 2001.  In

7    2005, after this lawsuit began, MGA submitted Supplemental Copyright Registrations stating that

8    the "first publication" was "as least as early as May 21, 2001."

9        McFarland has also been involved in this case since the time it was filed.  MGA's Motion

10   at p.1; McFarland Decl., ¶1.  He has "participated in legal defense discussions" with MGA's prior

11   trial counsel and now with MGA's current trial counsel.  Supp. McFarland Decl., ¶1.  Currently,

12   McFarland represents several third party witnesses, including Margaret Leahy, Veronica Marlow,

13   Sarah Halpern, Elise Cloonan and Lucy Arant.  McFarland Decl., ¶2.

14       In January of 2008, the district court granted Mattel leave to take McFarland's deposition,

15   along with approximately forty-five other individuals and entities.  Mattel made numerous

16   attempts to serve McFarland, and eventually the district court issued an Order to Show Cause why

17   McFarland should not be ordered to appear for deposition.  On February 25, 2008, the district

18   court discharged the Order to Show Cause.  The court precluded McFarland from objecting to

19   Mattel's subpoena on the basis of notice, service or timeliness, but made clear that all other

20   objections to Mattel's subpoena were preserved and to be adjudicated by the Discovery Master.

21       MGA moves to quash McFarland's subpoena, or in the alternative, for a protective order

22   on the grounds that, *inter alia,* the subpoena is improper pursuant to the test established by

23   Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), which limits the depositions of

24   opposing counsel.  Mattel opposes the motion, contending that McFarland may be the only

25   available percipient witness on certain key issues in the case, and that in particular, he possesses

26   unique non-privileged information regarding the dates of "first publication" stated in several early

27

28

1  copyright registrations he submitted on MGA's behalf to the Copyright Office.  Further, Mattel

2  contends that <u>Shelton</u> is not the law of this Circuit, and that in any event, <u>Shelton</u> does not apply

3  to McFarland because he is not trial counsel.

### III. STANDARDS

5  In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is

6  relevant to any party's claim or defense."  Fed.R.Civ.P. 26(b)(1).  All discovery, however, is

7  subject to the limitations imposed by Rule 26(b)(2)(C), Fed.R.Civ.P., which provides that the

8  court must limit the frequency or extent of discovery otherwise allowed by the Federal Rules of

9  Civil Procedure or by local rule if it determines that: "(i) the discovery sought is unreasonably

10  cumulative or duplicative, or can be obtained from some other source that is more convenient,

11  less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to

12  obtain the information by discovery in the action; or (iii) the burden or expense of the proposed

13  discovery outweighs its likely benefit, considering the needs of the case, the amount in

14  controversy, the parties' resources, the importance of the issues at stake in the action, and the

15  importance of the discovery in resolving the issues."

16  Fed.R.Civ.P. 30(a) provides that depositions may be taken of "any person."  There is no

17  express prohibition against deposing opposing counsel.  <u>See</u> <u>Shelton</u>, 805 F.2d at 1327.  Courts,

18  however, have cautioned that depositions of opposing counsel should be allowed only in limited

19  circumstances.  In <u>Shelton</u>, the Eighth Circuit Court of Appeals explained the judicial attitude

20  toward such depositions as follows:

21      We do not hold that opposing trial counsel is absolutely immune from being
        deposed.  We recognize that circumstances may arise in which the court should
22      order the taking of opposing counsel's deposition.  But those circumstances
        should be limited to where the party seeking to take the deposition has shown that
23      (1) no other means exist to obtain the information than to depose opposing
        counsel, <u>see</u> <u>e.g.</u>, <u>Fireman's Fund Ins. Co. v. Superior Court</u>, 72 Cal.App.3d 786,
24      140 Cal. Rptr. 677 (1977); (2) the information sought is relevant and
        nonprivileged; and (3) the information is crucial to the preparation of the case.

1 | Shelton, 805 F.2d at 1327.[1]

2 | IV. DISCUSSION

3 |    As a preliminary matter, Mattel disputes whether MGA has standing to bring the instant

4 | motion.[2] Mattel's position is without merit. By bringing this motion, MGA seeks to protect its

5 | confidential attorney-client communications with McFarland, which it unquestionably has

6 | standing to do. See e.g. Unigene Labs., Inc. v. Apotex, Inc., No. C07-80218 SI, 2007 WL

7 | 2972931, at *4 (N.D. Cal. Oct. 10, 2007) (granting defendant's motion to quash the deposition

8 | subpoena of defendant's attorney).

9 |    Mattel seeks information from McFarland related to the "factual basis for MGA's

10 | copyright applications and registrations for Bratz-- including the dates of creation and

11 | publication-- that Mr. McFarland submitted to the Copyright Office and that were changed after

12 | the inception of this litigation." Mattel's Opp. at p.13. McFarland, however, is not the only

13 | source of information regarding the representations contained in MGA's applications and

14 | registrations for Bratz. In fact, Mattel has already received substantial relevant, non-privileged

15 | discovery regarding the creation and publication of Bratz directly from Carter Bryant and many

16 | others who were personally involved in developing Bratz and bringing it to market. Furthermore,

17 | Mattel has already received substantial discovery relating to MGA's trademark and copyright

18 | applications. MGA provided Mattel with copies of MGA's copyright applications and

19 | registrations and made several individuals for deposition regarding those applications and

20 | registrations, including Kerri Brode, Nana Ashong, Bryan Armstrong, Mitchell Kamarck (MGA's

21 | former in-house counsel), and Samir Khare (MGA's current in-house counsel). In particular,

22 | MGA's 30(b)(6) witness, Mr. Khare, testified extensively regarding MGA's applications for

23 |

24 |    [1] The Ninth Circuit has not adopted Shelton, supra. However, Shelton is generally regarded as the leading
25 | case on deposing opposing counsel. In any event, Rule 26(b)(2)(C), Fed.R.Civ.P., ultimately dictates the appropriate limits of discovery.

26 |    [2] McFarland apparently did not serve any objections to the subpoena. Nor has McFarland submitted any briefing in connection with the instant motion.

27 |

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SOL (RNBx)                                                                                           4

1  copyright and trademark registrations as to Bratz. Mr. Khare also testified regarding the basis of

2  the correction date of publication for certain copyright registrations.

3      Mattel next asserts, without explanation, that McFarland has "unique knowledge

4  concerning changes in MGA's copyright registrations for Bratz dolls" (Mattel's Opp. at p.13), and

5  that such information is crucial to its case. Mattel, however, has already questioned Mr. Khare

6  and other witnesses regarding the date changes made to MGA's copyright registrations for Bratz

7  dolls.[3] Mattel has not identified any "unique" knowledge McFarland may possess beyond that

8  which Mr. Khare and others have already provided to Mattel. There is no allegation that

9  McFarland was personally involved in the creation or publication of Bratz. Whatever "unique"

10  knowledge McFarland may possess on these subjects (beyond what has already been provided to

11  Mattel) was received from MGA, and therefore, is very likely to be protected by the attorney-

12  client privilege.

13      Lastly, Mattel contends that McFarland possesses percipient knowledge regarding

14  statements he has made on behalf of MGA in other lawsuits regarding the similarity between the

15  Bratz dolls and Bryant's drawings that are purportedly inconsistent with MGA's position in this

16  case. Mattel, however, has already deposed MGA's 30(b)(6) designee on Topic No. 34 of

17  Mattel's Second Notice of Deposition of MGA, which essentially called for MGA's designee to

18  testify regarding the testimony, transcripts, declarations, affidavits and other sworn written

19  statements made by or on behalf of MGA that referred or related to Bratz in other lawsuits.

20      In sum, Mattel has had ample opportunity to obtain the information it seeks. In view of

21  the substantial discovery Mattel has already sought and received regarding MGA's trademark and

22  copyright applications, McFarland's deposition is duplicative and cumulative. McFarland is also

23  not likely to have any relevant non-privileged information beyond that which Mattel has already

24

25      [3] Mattel contends that MGA's Rule 30(b)(6) witness was not knowledgeable and could not fully explain the
basis for the date changes. Mattel's complaints do not justify deposing yet another witness on the same subject. The

26  Federal Rules of Civil Procedure provide for other forms of relief to address a Rule 30(b)(6) witness' lack of
preparedness or failure to provide complete responses.

27

28

1   sought and received in this case.  Finally, the burden and expense associated with conducting

2   McFarland's deposition at this late stage in the litigation outweigh its likely benefit, taking into

3   consideration all of the factors in Rule 26(b)(2)(C)(iii), Fed.R.Civ.P.

### V. CONCLUSION

5        For the reasons set forth above, MGA's motion to quash McFarland's deposition subpoena,

6   or in the alternative for a protective order, is granted pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P.

7        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

8   Master, MGA shall file this Order with the Clerk of Court forthwith.

10   Dated: April 29, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

# EXHIBIT B

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12                                      | CASE NO. CV 04-09049 SGL (RNBx)
    CARTER BRYANT, an individual,       | JAMS Reference No. 1100049530
13                                      |
              Plaintiff,                |
14                                      | Consolidated with
         v.                             | Case No. CV 04-09059
15                                      | Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,|
16                                      | ORDER DENYING MATTEL'S
              Defendant.                | MOTION TO COMPEL PRODUCTION
17                                      | OF DOCUMENTS BY MGA IN
                                        | RESPONSE TO MATTEL'S FIFTH
18                                      | SET OF REQUESTS FOR
                                        | DOCUMENTS AND THINGS;
19                                      | DENYING MGA'S REQUEST FOR
                                        | SANCTIONS
20
    CONSOLIDATED WITH
21  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
22  INC.

23

24                        I. INTRODUCTION

25        On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Production of

26  Documents by MGA Entertainment, Inc. ("MGA") in Response to Mattel's Fifth Set of Requests

27  for Documents and Things.  Mattel's Fifth Set of Requests consists of 47 requests for documents

28
    Bryant v. Mattel, Inc.,                                                          1
    CV-04-09049 SGL (RNBx)

1   relating to MGA's corporate governance and structure and relating to the financial relationship

2   between MGA and Isaac Larian ("Larian").  On February 7, 2008, MGA submitted an opposition,

3   and on February 15, 2008, Mattel submitted a reply.  On April 11, 2008, at 3:59 a.m., Mattel

4   submitted the declaration of Melissa Grant in further support of its Motion, which attaches 28

5   exhibits and totals well over 800 pages.  The motion was heard on April 11, 2008.  A few hours

6   after the hearing, MGA submitted the declaration of Bernard Shek in response to Mattel's

7   declaration.

8           Mattel contends that the requested documents are relevant to issues of damages, joint and

9   several liability and enforcement of judgments.  Further, Mattel contends that MGA's and Larian's

10  financial document productions are, in many respects, inadequate.  See Grant Decl. submitted

11  April 11, 2008.  Among other things, Mattel contends that the following documents and

12  information are missing from MGA's production:  identity of the preparer or source of

13  information for the lists of assets and liabilities of Larian and his wife for 2006 and 2007, and the

14  underlying source information for the lists; the identity of the preparer or source of information

15  for the list of banks (including the list of Bear Stearns and Merrill Lynch accounts), and the

16  account numbers and addresses for the listed institutions; detailed "general ledgers" for 1999 and

17  2000; underlying documentation for MGA's general ledgers; underlying information for the

18  entries listed on the 1999 and 2000 "Historical Trial Balance Summaries"; Bratz-specific

19  information regarding individual vendor cost incurred and product development; specific bank

20  information, including statements of accounts, cancelled checks, wire transfers, expense reports,

21  receipts, dividend distribution records, payment vouchers, documentation of salary; shareholder

22  records; the identity of the preparer or source of information for the various spreadsheets and

23  "check" rosters, the underlying source data for these documents, the date they were created, and

24  where they were stored; the source and use of the millions of dollars of wire transfers to and from

25  MGA's Union Bank account that are reflected in the bank records produced by Union Bank; the

26  bank records from other banks that appear to have conducted Bratz business with MGA;

27  comprehensive and verifiable unaudited "profit & loss" statements for 1999 through 2004;

28

1   information regarding corporate formation, governance, shareholder interests and distributions;

2   and information regarding the rights and interests that MGA's subsidiaries have in Bratz.  Grant

3   Decl.

4       MGA counters that Mattel has made only generalized assertions of relevancy, which

5   MGA contends are insufficient to justify each of the requests at issue.  MGA also contends that

6   the requests at issue are objectionable because they are overbroad, unduly burdensome, and

7   duplicative or cumulative of other discovery Mattel has already sought and received.

8                                    II. DISCUSSION

9       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

10   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

11   party."  Fed.R.Civ.P. 26(b)(1).  The court shall, however, limit the frequency or extent of use of

12   the discovery methods if the court determines that (i) the discovery sought is unreasonably

13   cumulative or duplicative, or is obtainable from some other source that is more convenient, less

14   burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

15   discovery in the action to obtain the information sought; or (iii) the burden or expense of the

16   proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

17   amount in controversy, the parties' resources, the importance of the issues at stake in the

18   litigation, and the importance of the proposed discovery in resolving the issues.  Fed.R.Civ.P.

19   26(b)(2)(C).

20       Mattel's motion is denied as to Request Nos. 1-11 and 23-47.  Although the requests may

21   encompass relevant documents, they are overbroad and unduly burdensome, taking into

22   consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.  These requests are

23   overbroad because, among other things, Mattel defines "YOU," "YOUR" and "MGA" to mean

24   "all current or former subsidiaries, divisions, AFFILIATES [defined as 'any and all corporations,

25   proprietorships, d/b/a's, partnerships, joint ventures and business entities of any kind that, directly

26   or indirectly, in whole or in part, own or control, are under common ownership or control with, or

27   are owned or controlled by a PERSON, party, or entity, including without limitation each parent,

28

1  subsidiary and joint venture of such PERSON, party, or entity'], predecessors-in-interest and

2  successors-in-interest."  Jih Decl., Ex. 1.

3      Many requests are also overbroad and unduly burdensome because they seek documents

4  from before 1999.  See Request Nos. 4-7.  Mattel has made no attempt to place a reasonable

5  temporal scope on its requests.  Many requests are also cumulative, duplicative, and unduly

6  burdensome because they seek documents previously requested and received by Mattel.  See e.g.

7  MGA's Objections and Responses to Mattel's Fifth Set, p. 13.  Although Mattel has identified

8  some purported deficiencies in MGA's production of financial documents, these purported

9  deficiencies do not justify the substantial breadth and burden of the discovery Mattel now seeks.

10      Mattel's motion is also denied as to Request Nos. 12-22.  Although these requests seek

11  relevant financial documents relating to Larian, they are overbroad and unduly burdensome.

12  Furthermore, Mattel has already propounded and received substantial discovery seeking the same

13  or similar information.  See MGA's Objections and Responses to Mattel's Fifth Set, p. 44.  By

14  MGA's estimation, MGA has produced tens of thousands of pages of documents, including

15  documents showing Larian's net worth, gross income and its sources, and pertinent banking

16  information.  Although Mattel has identified some purported deficiencies in the production of

17  Larian's financial documents, these purported deficiencies do not justify the broad discovery

18  Mattel now seeks.

19                      III. CONCLUSION

20      For the reasons set forth above, Mattel's motion to compel is denied.  MGA's request for

21  sanctions is denied.  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

22  Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

23

24  Dated: April 14, 2008

25                          HON. EDWARD A. INFANTE (Ret.)

                              Discovery Master

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 14, 2008, I served the attached: (1) ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION; (2) ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND THINGS BY MGA ENTERTAINMENT, INC.; DENYING REQUEST FOR SANCTIONS; AND (3) ORDER DENYING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY MAGA IN RESPONSE TO MATTEL'S FIFTH SET OF REQUESTS FOR DOCUMENTS AND THINGS; DENYING MGA'S REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Cheryl Plambeck, Esq. | Davis & Gilbert LLP | cplambeck@dglaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 14, 2008, at San Francisco, California.

_____
Sandra Chan

# EXHIBIT C

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12                                          | CASE NO. CV 04-09049 SGL (RNBx)
   CARTER BRYANT, an individual,           | JAMS Reference No. 1100049530
13
            Plaintiff,
14                                          | Consolidated with
        v.                                  | Case No. CV 04-09059
15                                          | Case No. CV 05-2727
   MATTEL, INC., a Delaware corporation,
16                                          | **ORDER DENYING MATTEL'S**
            Defendant.                      | **MOTION TO COMPEL ADDITIONAL**
17                                          | **DEPOSITION TESTIMONY OF**
                                            | **VERONICA MARLOW**
18
   CONSOLIDATED WITH
19 MATTEL, INC. v. BRYANT and
   MGA ENTERTAINMENT, INC. v. MATTEL,
20 INC.

21

22      On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Additional

23 Deposition Testimony and Production of Documents by Veronica Marlow ("Marlow").  On

24 February 12, 2008, Marlow, who is not a party to this action, submitted an opposition, and on

25 March 14, 2008, Mattel submitted a reply.  After meeting and conferring further, the parties were

26 able to resolve the production of documents portion of the motion.  See Joint Report submitted

27 March 31, 2008.  Thus, the only issue remaining is whether Mattel should be granted leave

28 Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                                    1

1 | pursuant to Rule 30(d)(1), Fed.R.Civ.P., to depose Marlow for an additional fourteen hours.

2 | Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, the

3 | Discovery Master finds it appropriate to decide the motion without oral argument.

4 |      Based upon all papers filed to date, Mattel's motion is denied.  Rule 30(d)(1),

5 | Fed.R.Civ.P., provides that "a court must allow additional time consistent with Rule 26(b)(2) if

6 | needed to fairly examine the deponent or if the deponent, another person, or any other

7 | circumstance impedes or delays the examination."  In this case, Mattel has failed to make the

8 | requisite showing under Rule 30(d)(1) to justify additional time to depose Marlow.  Mattel has

9 | already deposed Marlow for approximately seven and a half hours.  Mattel questioned Marlow at

10 | length with respect to her knowledge and involvement with MGA, Carter Bryant and Bratz.

11 | Although Mattel sets forth several reasons for seeking additional time, none of them, either alone

12 | or in combination, justifies the burden and expense of having Marlow appear for further

13 | examination, taking into consideration all of the factors set forth in Rule 26(b)(2)(C),

14 | Fed.R.Civ.P.

15 |      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

16 | Master, Mattel shall file this Order with the Clerk of Court forthwith.

17 |

18 | Dated: April 22, 2008

19 |           HON. EDWARD A. INFANTE (Ret.)

20 |           Discovery Master

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

# EXHIBIT D

5-7-08



1 │ Hon. Edward A. Infante (Ret.)
  │ JAMS
2 │ Two Embarcadero Center
  │ Suite 1500
3 │ San Francisco, California 94111
  │ Telephone:     (415) 774-2611
4 │ Facsimile:      (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12 │ CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
   │                                         JAMS Reference No. 1100049530
13 │          Plaintiff,

14 │     v.                                  Consolidated with
   │                                         Case No. CV 04-09059
15 │ MATTEL, INC., a Delaware corporation,   Case No. CV 05-2727

16 │          Defendant.                     **ORDER GRANTING IN PART AND
   │                                         DENYING IN PART MGA PARTIES'
17 │                                         MOTION TO QUASH SUBPOENAS;
   │                                         GRANTING IN PART AND DENYING
18 │                                         IN PART MATTEL'S COUNTER
   │                                         MOTION TO COMPEL**
19 │
20 │ CONSOLIDATED WITH
   │ MATTEL, INC. v. BRYANT and
21 │ MGA ENTERTAINMENT, INC. v. MATTEL,
   │ INC.
22

23                         I. INTRODUCTION

24       On December 21, 2007, MGA Entertainment, Inc. ("MGA"), Isaac Larian, MGA

25  Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (collectively, the "MGA

26  Parties") submitted their motion for an order quashing subpoenas issued by Mattel, Inc.

27  ("Mattel") to non-parties ConsumerQuest, Deloitte & Touche, Ernst & Young, the Isaac and

28
    Bryant v. Mattel, Inc.,                                                              1
    CV-04-09049 SGL (RNBx)

1    Angela Larian Trust, the Isaac Larian Annuity Trust, Moss Adams, Wachovia Bank and Wells

2    Fargo, or in the alternative, a protective order limiting the scope of those subpoenas. On

3    December 27, 2007, the MGA Parties submitted a supplemental brief to add to their motion to

4    quash three more subpoenas Mattel served on the Isaac E. Larian Qualified Annuity Trust 2004,

5    the Isaac and Angela Larian Family Trust, and the Isaac and Angela Larian Trust. On January 18,

6    2008, Mattel submitted an opposition and counter motion to compel production of documents

7    responsive to the subpoenas and a privilege log. On February 7, 2008, the MGA Parties

8    submitted a reply, and on February 15, 2008, Mattel submitted a reply in support of its counter

9    motion. The parties were directed to meet and confer further regarding the motions, which has

10   been completed. See Joint Report dated March 28, 2008. Despite the additional meet and confer

11   sessions, the parties were unable to resolve or narrow their disputes regarding the instant motions.

12   Pursuant to Paragraph 5 of the Stipulation and Order for Appointment of a Discovery Master, the

13   Discovery Master finds it appropriate to take the motions under submission for decision without

14   oral argument.

15                                  II. BACKGROUND

16          Ernst & Young and Deloitte & Touche are MGA's auditors. Mattel's subpoenas to MGA's

17   auditors seek production of documents: (1) relating to MGA's annual audits and the identity of

18   other auditors; (2) indicating or calculating MGA's net worth and the value of MGA's goodwill

19   and intellectual property; (3) relating to Bratz; and (4) relating to the legal dispute between Isaac

20   and Farhad Larian.

21          Wachovia lent money to MGA to fund the creation and/or development of Bratz and to

22   acquire Little Tikes. Mattel's subpoena to Wachovia seeks documents related to: (1) the loans

23   Wachovia extended to MGA; (2) the legal dispute between Isaac and Farhad Larian; (3) MGA's

24   net worth, goodwill, and intellectual property; (4) Bratz; and (5) this action.

25          ConsumerQuest is a marketing research firm that performed market research and analysis

26   for MGA products, including Bratz. Mattel's subpoena to ConsumerQuest seeks documents

27

28

1    related to:  (1) Bratz and other products involved in this action; (2) consumer research and

2    marketing work done regarding other MGA products underlying the parties' claims; and (3)

3    communications with MGA, Isaac Larian, and other parties relevant to this action, such as Carter

4    Bryant or other former Mattel employees and vendors.

5         Wells Fargo is and has been MGA's bank during periods relevant to this action.  Mattel's

6    subpoena to Wells Fargo contains five requests, seeking MGA's banking and financial documents,

7    including account information, cancelled checks, monthly and daily transactional history, and

8    bank statements.

9         Moss Adams is and has been Isaac Larian's accountant during the relevant period.  The

10   subpoena to Moss Adams seeks:  (1) accounting records, tax records, and schedules for MGA,

11   Isaac Larian, Isaac Larian's trusts and Farhad Larian; (2) documents indicating or calculating

12   MGA's and Isaac Larian's net worth; (3) documents relating to the value of MGA's intellectual

13   property and goodwill; (4) documents relating to Bratz and this action; (5) evidence of payments

14   from MGA or Isaac Larian to Bryant and other Mattel employees; and (6) Isaac Larian's

15   involvement with other trust or institutions in which he has an interest.

16        Mattel also served subpoenas on several of Isaac Larian's trusts.  Mattel's subpoenas to

17   Isaac Larian's trusts seek:  (1) documents related to the trusts' organization, including the

18   identities of its trustees and beneficiaries; (2) the trusts' tax records; (3) documents indicating the

19   trusts' assets; and (4) information related to other trusts in which Larian has an interest.

20        All of the non-parties objected to Mattel's subpoenas on the grounds that, *inter alia*, they

21   are overly broad, unduly burdensome and seek irrelevant and/or duplicative information.  Park

22   Decl., Exs. 15-26.

23        The MGA Parties contend that Mattel's subpoenas are overly broad, unduly burdensome,

24   and cumulative and duplicative of discovery Mattel has already sought and received.  More

25   specifically, the MGA Parties raise the following objections to each of the four categories of

26   documents Mattel seeks.  First, the MGA Parties contend that Mattel's subpoenas essentially seek

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                     3

1   unfettered access to MGA and Isaac Larian's financial histories for a nine-year period from 1999
2   to the present, and that there is no claim or defense at issue that could possibly justify the breadth
3   and intrusiveness of the subpoenas.  Further, the MGA parties contend that they have already
4   produced vast amounts of relevant financial documents in response to Mattel's discovery requests.
5   To make their point, the MGA Parties prepared a detailed chart that identifies Mattel's subpoenas
6   requests to the non-parties and for each such request, identifies an exemplary list of duplicative
7   document requests and/or interrogatories that Mattel served on Carter Bryant and/or the MGA
8   Parties.  See Decl. of Amy Park in Support of MGA Defendants' Motion to Quash, Ex. 28.

9        Second, the MGA Parties contend that Mattel's subpoenas are overbroad in that they call
10  for production of the financial records of every person who ever did any work for MGA or Isaac
11  Larian, and every conceivable relative of Isaac Larian.  The MGA Parties contend that the private
12  financial records of these non-parties are not relevant to the case, and that Mattel's subpoenas
13  constitute an abuse of the non-party discovery process.

14       Third, the MGA Parties contend that Mattel has already sought and received documents
15  relating to the litigation between Isaac Larian and his brother Farhad Larian from multiple
16  sources.  More specifically, the MGA Parties contend that Mattel has sought and received
17  relevant documents from Isaac and Farhad Larian, as well as MGA and at least two law firms
18  involved in the litigation between the Larian brothers.

19       Fourth, the MGA Parties object to the various requests for all documents obtained from
20  MGA or Isaac Larian relating to Bratz, other MGA products or Carter Bryant.  Although the
21  MGA Parties acknowledge that some of the requested documents may be relevant, the MGA
22  Parties contend that the document requests are objectionable because Mattel has already requested
23  and received well over three million pages of relevant documents from the MGA Parties. The
24  MGA Parties also contend that Mattel's requests are so overly broad that it is impossible to
25  discern what specific, relevant, non-duplicative documents Mattel is requesting from the non-
26  parties.

27
28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

4

1       In contrast, Mattel contends that all of the subpoenas seek documents that are relevant to

2  several issues in the case, including, but not limited to, the creation and development of Bratz,

3  Mattel's damages claim (including Mattel's claims for punitive damages and disgorgement),

4  Mattel's claim against MGA for commercial bribery, MGA's damages claims, the value of MGA's

5  goodwill and intellectual property, and the credibility and bias of MGA and Isaac Larian, as well

6  as other potential witnesses.  Mattel contends that it should be permitted to pursue discovery from

7  non-parties, and not have to rely upon the good faith of MGA and Isaac Larian to comply with

8  their discovery obligations.  Mattel also contends that it should be permitted to pursue discovery

9  from the non-parties in order to guard against the possibility of spoliation of evidence and/or

10  document tampering.

11       Furthermore, Mattel contends that the MGA Parties have not shown that they possess,

12  much less have produced, all of the documents Mattel is seeking from the non-parties.  More

13  specifically, Mattel contends that the MGA Parties have failed to produce the following

14  documents that Mattel has requested from the various non-parties:  documents related to Isaac

15  Larian's net worth and the value of MGA's intellectual property and goodwill; MGA's tax records;

16  Wells Fargo banking records for MGA; documents related to payments to by MGA, Larian, or the

17  Larian trusts to Bryant and other Mattel employees and vendors; documents from the <u>Larian v.</u>

18  <u>Larian</u> litigation; documents related to the Larian trusts, including any documents showing Isaac

19  Larian's interest in, payments received from, or transfer to those trusts; and documents regarding

20  the 1999-2000 and 2006 loans MGA received from Wachovia, including what documents MGA

21  and Larian gave to Wachovia to justify the loans.  Furthermore, Mattel contends that MGA's

22  descriptions of the documents it has produced are vague, inaccurate or misleading.

23       Mattel also contends that the MGA Parties' burden objection is unsubstantiated in that

24  none of the subpoenaed parties has filed a declaration in opposition to the motion or offered any

25  specific evidence that the subpoenas impose an undue burden.  Rather, Mattel represents that

26  some of the subpoenaed parties were already in the process of preparing documents for

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

1   production or meeting and conferring with Mattel when MGA filed the instant motion. Corey

2   Decl., ¶¶7-9. Furthermore, Mattel points out that it has offered to reimburse the non-parties for

3   copying costs and to have its own paralegal and counsel inspect documents gathered.

4                                      III. STANDARDS

5          Rule 26, Fed.R.Civ.P., provides that "[p]arties may obtain discovery regarding any matter,

6   not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). The

7   court shall, however, limit the frequency or extent of use of the discovery methods if the court

8   determines that (i) the discovery sought is unreasonably cumulative or duplicative, or is

9   obtainable from some other source that is more convenient, less burdensome, or less expensive;

10  (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the

11  information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely

12  benefit, taking into account the needs of the case, the amount in controversy, the parties'

13  resources, the importance of the issues at stake in the litigation, and the importance of the

14  proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2)(C).

15         Rule 45, Fed.R.Civ.P., requires third parties to produce documents (and reasonably

16  accessible electronically stored information) that are responsive to a subpoena that a party serves

17  on them. Fed.R.Civ.P. 45(b), (d). If the subpoenaed documents are relevant and there is good

18  cause for their production, the subpoena is enforced unless the documents are privileged or the

19  subpoena is unreasonable, oppressive, annoying or embarrassing. U.S. v. American Optical Co.,

20  39 F.R.D. 580, 583 (N.D. Cal. 1966).

21         Rule 45(c)(1), Fed.R.Civ.P., requires a party serving a subpoena to take reasonable steps

22  to avoid imposing undue burden or expense on a person subject to the subpoena. Furthermore,

23  "[t]he issuing court must enforce this duty and impose an appropriate sanction--which may

24  include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply."

25  Id. Rule 45 also provides that the issuing court must quash or modify a subpoena under certain

26  circumstances, including among others, when the subpoena requires the disclosure of privileged

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                              6

1  or other protected matter or subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(iii) and

2  (iv). A motion to quash a subpoena or for a protective order as to that subpoena may be made by

3  a party-opponent. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C. D. Cal. 2005) (granting

4  defendants' motion to quash subpoena).

5        In evaluating whether a subpoena imposes an undue burden, Rule 45(c)(3)(A),

6  Fed.R.Civ.P., "'requires the court to weigh the burden to the subpoenaed party against the value of

7  the information to the serving party,' . . . and in particular requires the court to consider: 'such

8  factors as relevance, the need of the party for the documents, the breadth of the document request,

9  the time period covered by it, the particularity with which the documents are described and the

10  burden imposed.'" Moon, 232 F.R.D. at 637, quoting Travelers Indem. Co. v. Metropolitan Life

11  Ins. Co., 228 F.R.D. 111, 113 (D. Conn. 2005). Another important factor in evaluating burden is

12  whether the subpoenaing party can more easily and inexpensively obtain the documents from

13  another party, rather than from the nonparty. Moon, 232 F.R.D. at 638.

14                          IV. DISCUSSION

15  A. Financial Information re MGA and Isaac Larian

16        Mattel has subpoenaed five different entities that perform financial services for MGA or

17  Isaac Larian: Wells Fargo, Wachovia, Ernst & Young, Deloitte & Touche and Moss Adams.

18  Although Mattel's requests encompass documents that are relevant to several issues in the case,

19  the requests are unduly burdensome, exceedingly overbroad and unreasonably cumulative of

20  other discovery Mattel has already sought and received in this case.

21        For example, the subpoena to Wells Fargo demands production of the following broad

22  categories of financial documents: (1) "[a]ll DOCUMENTS REFERRING OR RELATING TO

23  MGA from January 1, 1999 to the present, inclusive"; (2) "[a]ll DOCUMENTS REFERRING OR

24  RELATING TO the ACCOUNT maintained by YOU numbered 9600112551, including but not

25  limited to statements, monthly statements, annual statements, daily transaction history reports,

26  monthly transaction history reports, deposit reports, deposit slips, canceled checks, signature

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

1  cards, and COMMUNICATIONS REFERRING OR RELATING TO such ACCOUNT, created

2  between January 1, 1999 and the present, inclusive"; (3) "[a]ll DOCUMENTS REFERRING OR

3  RELATING TO" any other accounts created between January 1, 1999 and the present, inclusive;

4  (4) DOCUMENTS sufficient to show the account number for all accounts maintained in the name

5  of, for the benefit of or concerning MGA between January 1, 1999 and the present, inclusive; (5)

6  and "[a]ll DOCUMENTS showing or relating to any account(s) held by MGA or any account(s)

7  on which MGA has signatory authority at any other financial institution."

8          The breadth of the requests to Wells Fargo is compounded by the fact that "MGA" is

9  defined to include MGA Entertainment Inc., any of its current or former employees, officers,

10  directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates,

11  predecessors-in-interest and successors-in-interest, and any other PERSON acting on its behalf.

12  Furthermore, the phrase "REFERRING OR RELATING TO" is defined expansively as

13  "reflecting, identifying, describing, summarizing, evidencing, referencing, concerning, discussing

14  or indicating in any way." Park Decl., Ex. 11.

15          The subpoena to Isaac Larian's tax accounting firm, Moss Adams, is similarly overbroad.

16  For example, Mattel seeks "[a]ll DOCUMENTS RELATING TO MGA [and] ISAAC LARIAN,

17  including without limitation, accounting records, tax returns and schedules . . . and drafts thereof,

18  W-2s, work papers, worksheets, payroll records, financial statements (audited and unaudited), pro

19  formas, budgets, account information and account statements." Park Decl., Ex. 12. The phrase

20  "RELATING TO" in the subpoena to Moss Adams is drafted in the broadest possible manner to

21  include "referencing, referring to, constituting, evidencing, pertaining to, mentioning, supporting,

22  contradicting, negating, bearing on, touching on, containing, embodying, reflecting, identifying,

23  stating, dealing with, concerning, commenting on, summarizing, responding to, relating to,

24  describing or discussing in any way." Id. As another example, Mattel's subpoena to Moss Adams

25  includes a request for all documents relating to any non-payroll payment or transfer of value from

26  MGA or Isaac Larian to any "FORMER MATTEL EMPLOYEE." Mattel does not identify any

27

28

1  of these "FORMER MATTEL EMPLOYEES" or otherwise limit the request to any specific time

2  period.

3        The subpoenas to Deloitte & Touch and Ernst & Young are similarly unrestrained in

4  scope, seeking the following categories of financial documents: all documents constituting or

5  relating to MGA's annual audits, including without limitation accounting records, audit programs,

6  audit reports and drafts thereof, tax returns, work papers, worksheets, payroll records, financial

7  projections, pro formas and budgets, from the period beginning January 1, 1999 to the present; all

8  documents indicating or calculating MGA's net worth; and all documents indicating the value of

9  MGA's intellectual property or goodwill. Park Decl., Exs. 7-8.

10       With respect to Wachovia, Mattel seeks the following categories of financial documents:

11  all documents relating to any loan agreement that Wachovia entered into with MGA since January

12  1, 1999, including drafts of any agreements; all documents that MGA or any other person

13  provided to Wachovia for purposes of entering into any loan agreement between Wachovia and

14  MGA; all documents that were in the "three (3) boxes of loan documents" that Wachovia referred

15  to in a November 15, 2005 letter to Robert G. Wilson, Esq.; all documents relating to any loan

16  agreement entered into by MGA, or sought or requested by MGA, during the time period January

17  1, 1999 and December 31, 2000, inclusive; all communications between Wachovia and MGA

18  during the time period January 1, 1999 and December 31, 2000, inclusive; all documents

19  indicating or showing a calculation of MGA's net worth or value; all documents indicating or

20  calculating the value of MGA's intellectual property or goodwill; all documents relating to Bratz,

21  including without limitation those obtained from MGA, since January 1, 1999; and documents

22  sufficient to identify any other MGA lender or person who extended or was requested to extend a

23  line of credit to MGA since January 1, 1998. Park Decl., Ex. 9. Mattel contends that the loan

24  documents will contain information about the timing and creation of Bratz. However, all of the

25  requests for financial documents, except for portions of Request Nos. 4 and 5, are much broader,

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9

1  seeking everything relating to any loan between MGA and Wachovia from 1999 through the

2  present.

3        Furthermore, to the extent any of Mattel's requests for financial information encompass

4  relevant materials, the requests remain unreasonably duplicative and cumulative of discovery

5  Mattel has already sought and obtained from MGA and Isaac Larian (with the exception of

6  Request Nos. 4 and 5 in the Wachovia subpoena).  MGA has produced the following:  audited and

7  unaudited quarterly and annual profit and loss statements; audited and unaudited quarterly and

8  annual statements; annual reports; various MGA financial reports; various financial documents

9  relating to Veronica Marlow; documents showing royalty payments to Carter Bryant; documents

10  showing MGA's sales, returns and costs of goods sold for each month, by SKU, since 2001;

11  documents showing MGA's promotional advertising and media expenditures, including MGA's

12  internal allocation of those expenditures by brand and/or product; documents showing MGA's

13  amortization and depreciation of certain capital assets and expenditures; documents showing

14  MGA's monthly general ledger entries aggregated by account, including income and expense

15  accounts, reserves and liabilities; and documents sufficient to explain MGA's various accounts as

16  presently and historically maintained in MGA's books and records.  Park Decl., ¶3.

17        The MGA Parties also represent that Isaac Larian recently produced over 50,000 pages of

18  documents which included, among other things, documents showing his net worth; his gross

19  income, wages, dividend income, interest income, and other income; his banks and bank

20  accounts; and various other financial documents.  Park Decl., ¶2.  Thus, Mattel has received

21  ample financial documents.  Mattel has also deposed MGA, Isaac Larian, and other witnesses

22  regarding relevant financial information.  In view of the discovery Mattel has already sought and

23  received, Mattel's over-reaching, broad subpoenas to the various non-parties seeking more

24  financial information regarding MGA and Isaac Larian are unjustified under Rule 26(b)(2),

25  Fed.R.Civ.P.

26  //

27

28

1  B. Financial Information re Non-Parties

2      Mattel's subpoenas also seek financial documents regarding numerous non-parties,

3  including everyone who has ever worked for or represented MGA or Isaac Larian, and every

4  relative of Isaac Larian.  Once again, although the subpoenas encompass documents that are

5  potentially relevant to Mattel's claims and defenses, the subpoenas are overly broad, sweeping in

6  vast amounts of documents that have little to no relevance.  For example, Mattel's subpoenas to

7  Moss Adams and the various trusts include requests for all formation documents, all tax returns,

8  any other tax-related documents from 1999 to the present, and documents relating to the operation

9  of the trust, including every trustee and beneficiary of each trust, every disbursement by each

10  trust, every asset owned by each trust, and every liability of each trust.  Mattel has not shown that

11  all of the requested documents are relevant to the claims and defenses in the case.

12      Mattel's subpoenas to the non-parties are also unreasonably duplicative and cumulative of

13  discovery Mattel has already sought and received in this case.  Furthermore, to the extent Mattel's

14  subpoenas might include requests that are not unreasonably duplicative and/or cumulative of

15  other discovery requests, the probative value of the information Mattel seeks is substantially

16  outweighed by the burden of production, especially in light of the privacy interests of the many

17  non-parties who would be affected.[1]

18  C. Information re Litigation Between Isaac and Farhad Larian

19      All of Mattel's subpoenas to the non-parties, except Wells Fargo, include a request for all

20  documents relating to any litigation between Isaac Larian and Farhad Larian.  These requests are

21  unreasonably duplicative and cumulative of many requests Mattel previously served on Isaac

22  Larian, MGA, Farhad Larian, Stern & Goldberg and Kaye Scholer.  Mattel has sought and

23  received substantial discovery regarding the litigation between Isaac and Farhad Larian.  See

24  _____

25      [1]  In its reply brief, Mattel contends that Isaac Larian is the trustee of all of the trusts that Mattel has

26  subpoenaed, and therefore he was required, but purportedly failed, to search for and produce trust documents when responding to the discovery requests directed to him.  These issues are beyond the scope of the present motion, and will not be addressed herein.

27

28

1  Order Re Mattel's Motions to Compel Farhad Larian, Kaye Scholer and Stern & Goldberg to

2  Produce Documents dated January 25, 2008. Mattel has not shown that the non-parties possess

3  any relevant, non-privileged materials beyond what Mattel has already sought and received from

4  other sources. Furthermore, the burden and expense of complying with the non-party subpoenas

5  substantially outweigh their likely benefit under Rule 26(b)(2), Fed.R.Civ.P.

6  <u>D. Documents re MGA's Products or Carter Bryant</u>

7       Mattel's subpoenas to the non-parties include requests for documents relating to Carter

8  Bryant, Bratz and other MGA products or work performed for MGA. Although this category of

9  requests encompasses documents that are potentially relevant to the claims and defenses in the

10  case. the requests are nevertheless objectionable because they are overly broad and not tailored to

11  exclude irrelevant, duplicative or unreasonably cumulative information. Mattel has taken vast

12  amounts of discovery regarding Carter Bryant, Bratz, and other MGA products from several

13  different sources. Mattel has not shown that the non-parties possess any relevant, non-privileged

14  materials beyond what Mattel has already sought and received from other sources. Furthermore,

15  the burden and expense of complying with the non-party subpoenas substantially outweigh their

16  likely benefit under Rule 26(b)(2), Fed.R.Civ.P.

17                             V. CONCLUSION

18       For the reasons set forth above, the MGA Parties' motion to quash, or in the alternative for

19  a protective order, is granted, except with respect to the following requests:

20          &bull;   Wachovia subpoena, Request No. 4, limited to "all documents relating to any loan

21              agreement entered into by MGA, or sought or requested by MGA, during the time

22              period January 1, 1999 and December 31, 2000, inclusive"; and Request No. 5,

23              limited to "all communications between YOU and MGA during the time period

24              January 1, 1999 and December 31, 2000, inclusive" regarding any loan agreement

25              entered into by MGA, or sought or requested by MGA, during the time period

26              January 1, 1999 and December 31, 2000, inclusive.

27

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                      12

1    Mattel's counter motion to compel is granted in part and denied in part in accordance with the

2    Court's ruling on the MGA Parties' motion to quash, or in the alternative for a protective order, as

3    set forth immediately above.  Wachovia shall produce documents responsive to Request Nos. 4

4    and 5 as set forth above on or before May 16, 2008.

5            Nothing in this Order is intended to authorize or preclude Mattel from seeking documents

6    from the non-parties identified herein as part of Phase 2 discovery, if appropriate.

7            Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

8    Master, the MGA Parties shall file this Order with the Clerk of Court forthwith.

9

10   Dated: May 7, 2008                              _____/S/_____

11                                                      HON. EDWARD A. INFANTE (Ret.)
                                                            Discovery Master
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
     Bryant v. Mattel, Inc.,                                                      13
     CV-04-09049 SGL (RNBx)

# EXHIBIT E

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10                            EASTERN DIVISION

11

| | |
|---|---|
| 12   CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530 |
| 13           Plaintiff, | |
| 14       v. | Consolidated with<br>Case No. CV 04-09059 |
| 15   MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727 |
| 16           Defendant. | **ORDER DENYING MATTEL'S**<br>**MOTION TO COMPEL FURTHER**<br>**DEPOSITION OF MARGARET**<br>**HATCH-LEAHY; DENYING**<br>**REQUEST FOR SANCTIONS** |
| 17 | |
| 18 | |
| 19   CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and | |
| 20   MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | |
| 21 | |

22

23          On January 28, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Further

24   Deposition of Margaret Hatch-Leahy and to Overrule Instructions Not to Answer; and for

25   Sanctions. Mattel requests an additional nine hours of deposition time and sanctions in the

26   amount of $4,000. On February 12, 2008, Margaret Hatch-Leahy ("Leahy"), who is not a party to

27   this action, submitted an opposition, and Carter Bryant ("Bryant") submitted a joinder in Leahy's

28

4-28-08

1 opposition. On March 14, 2008, Mattel submitted a reply. Pursuant to Paragraph 5 of the

2 Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

3 appropriate to decide the motion without oral argument.

4      Mattel asserts essentially three reasons for seeking additional time beyond the presumptive

5 7-hour time limit for depositions. First, Mattel emphasizes that Leahy is a key witness, and that

6 seven hours was not enough time for Mattel to finish its examination. Mattel emphasizes that

7 Bryant solicited Leahy to sculpt the Bratz dolls in September 2000; that Leahy attended meetings

8 with Bryant and Paula Garcia to discuss Bratz sculptures; and that Leahy is the sole sculptor on

9 Bratz in the key 2000 time period. Second, Mattel contends that Leahy's counsel hindered the

10 deposition by belatedly producing documents, including Leahy's original planner (without the

11 redactions appearing in the copy of the planner previously produced) and approximately 175

12 pages consisting of photographs of doll casts, molds and sculpts. Third, Mattel contends that

13 counsel for Leahy, MGA and Bryant hindered the deposition by taking frequent breaks, coaching

14 Leahy, and even walking out of the deposition mid-question. In particular, Mattel accuses MGA's

15 counsel of repeatedly interrupting questions "through tactics such as demanding that questions be

16 re-read for in-house counsel of MGA, Craig Holden, or demanding that in-house counsel for

17 Mattel, Michael Moore, be shuffled in and out of the deposition." Mattel's Motion at p.2 Mattel

18 also contends that Leahy's counsel obstructed the deposition by improperly instructing Leahy not

19 to answer questions.

20      Leahy contends that Mattel's motion is fraught with misrepresentations, particularly with

21 respect to production of Leahy's planner and counsel's conduct during the deposition. Leahy

22 further contends that Mattel cannot establish the requisite good cause to justify additional

23 deposition time because Mattel's counsel made poor decisions about how to use the allotted time,

24 and wasted time with improperly-phrased and redundant questions. Leahy also contends that the

25 factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P., all weigh against allowing additional

26 deposition time. Leahy also contends that the very limited instances of instructions not to answer

27 were proper and, in any event, did not preclude Mattel from obtaining relevant information.

28

1    Lastly, Leahy contends that to the extent Mattel needs to ask her additional questions, Mattel may

2    do so at trial.

3          Rule 30(d)(1), Fed.R.Civ.P., provides that "a court must allow additional time consistent

4    with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or

5    any other circumstance impedes or delays the examination." In this case, Mattel has failed to

6    establish the requisite good cause to justify additional deposition time. Leahy is a key witness in

7    the case. However, Mattel's counsel deposed Leahy for seven hours and five minutes, during

8    which counsel questioned Leahy extensively regarding her personal knowledge of facts relevant

9    to this lawsuit.

10          Further, notwithstanding Mattel's assertions to the contrary, Leahy's purportedly belated

11   document production did not substantially impede the deposition. Leahy produced her original

12   planner at her deposition, and Mattel was able to question Leahy regarding specific entries in her

13   planner. The 174 photographs produced consisted of photographs taken by Leahy's counsel of the

14   three-dimensional objects that had already been produced in the case. Leahy's counsel explains

15   that prior to the deposition, he and Mattel's counsel agreed that he would take photographs of the

16   three-dimensional objects and apply Bates numbers to the photographs so that the parties would

17   have a means of identifying by Bates number each three-dimensional object discussed during the

18   deposition.

19          Furthermore, neither Leahy's, MGA's, nor Bryant's counsel obstructed the deposition. The

20   transcript reveals that, overall, the deposition proceeded in an orderly manner in accordance with

21   the Federal Rules of Civil Procedure. Mattel's account of the conduct of Leahy's, MGA's and

22   Bryant's counsel is highly exaggerated, and Mattel's criticisms are largely unjustified. Mattel

23   points to three instances where Leahy's counsel purportedly gave improper instructions not to

24   answer. Specifically, counsel instructed Leahy not to answer the following questions: (1) "Was

25   he a lawyer that you found or that M.G.A. found?" (p. 243:2-3); (2) "Did you understand that you

26   should be preserving documents or information about the lawsuit back in the May or June 2004

27   time period?" (pp. 255:24-256:1); (3) "As you sit here now, do you understand that you have an

28

1   obligation to preserve documents or information that pertain to the lawsuit?" (p. 257:11-13).

2   Although counsel's instructions not to answer were improper, they did not materially affect

3   Mattel's ability to elicit relevant information from Leahy.

4          Furthermore, additional deposition time is unwarranted taking into consideration all of the

5   factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.  Mattel questioned Leahy over the course of a

6   7-hour deposition, during which Mattel had ample opportunity to obtain relevant information.

7   Furthermore, Mattel has already taken and received extensive discovery regarding the origins and

8   development of Bratz from virtually every conceivable source.  Additional deposition time with

9   Leahy is likely to result in duplicative and cumulative discovery and subject Leahy to undue

10  burden.

11         Accordingly, Mattel's motion for additional time to depose Leahy is denied.  Mattel's

12  request for sanctions is denied. Pursuant to Paragraph 6 of the Stipulation and Order for

13  Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

14

15  Dated: April 28, 2008

16                                    HON. EDWARD A. INFANTE (Ret.)
                                      Discovery Master

17

18

19

20

21

22

23

24

25

26

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                        4

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 28, 2008, I served the attached ORDER ENYING MATTEL'S MOTION TO COMPEL FURTHER DEPOSITION OF MARGARET HATCH-LEAHY; DENYING REQUEST FOR SANCTIONS in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 28, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

# EXHIBIT F

1           UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA

3                EASTERN DIVISION

4                  - - -

5     HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                  - - -

7     MATTEL, INC.,                     )
                                        )
8                       Plaintiff,      )
                                        )
9            vs.                        )  No. CV 04-09049
                                        )
10    MGA ENTERTAINMENT, INC., ET. AL., )
                                        )
11                      Defendants.     )
      _____ )  Motions
12    AND CONSOLIDATED ACTIONS,         )
                                        )
13    _____

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                Riverside, California

17             Wednesday, February 11, 2009

18                   10:03 A.M.

19

20

21

22

23             THERESA A. LANZA, RPR, CSR
            Federal Official Court Reporter
24             3470 12th Street, Rm. 134
            Riverside, California  92501
25                 951-274-0844
              WWW.THERESALANZA.COM

```
 1   APPEARANCES:

 2   ON BEHALF OF MATTEL, INC.:

 3                         QUINN EMANUEL
                          By:  JOHN QUINN
 4                             DYLAN PROCTOR
                              MICHAEL T. ZELLER
 5                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 6                        LOS ANGELES, California   90017
                          213-624-7707
 7

 8   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Outgoing)
 9                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:   THOMAS J. NOLAN
10                             JASON RUSSELL
                          300 SOUTH GRAND AVENUE
11                        LOS ANGELES, CALIFORNIA   90071-3144
                          213-687-5000
12

13   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Incoming)
14                         GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                          BY:   JOEL KLEVENS
15                        10250 Constellation Boulevard
                          Los Angeles, California   90067
16                        310-553-3000

17                        MITCHELL, SILBERBERG & KNUPP LLP
                          BY:   RUSSELL J. FRACKMAN
18                        11377 West Olympic Boulevard,
                          Los Angeles, California   90064-1683
19                        310-312-2000

20
     ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                          OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                        BY:   ALEXANDER H. COTE
                          601 West Fifth Street,
23                        12th Floor
                          Los Angeles, California   90071
24                        213-613-4660

25   /  /  /
```

3

```
 1                      I N D E X (Continued)

 2

 3   APPEARANCES (continued):

 4
     On behalf of OMNI 808:
 5

 6                        BINGHAM McCUTCHEN LLP
                          BY:  Todd E. Gordinier
 7                        600 Anton Boulevard
                          Costa Mesa, CA  92626-1924
 8                        714-830-0622

 9     ,

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1   discovery, let's let Mr. Durkin handle this.  And that's what

2   he's talking about.

3           There may be other issues, but a major component --

4   and I would not want Your Honor to paint with too broad a

5   brush -- it is MGA's position as to Phase 1 receiver-related          02:38

6   issues, that Your Honor appropriately, at our request, took out

7   of discovery the financial discovery issues.

8           **THE COURT:**  Mr. Durkin is acting at the Court's

9   direction to inform the Court of information.  I may or may not

10  release any of the information that Mr. Durkin provides; so no       02:38

11  one, neither side, should be relying upon the information that

12  Mr. Durkin is gathering for purposes of litigating this case.

13  That's an entirely separate matter.  And I have not stayed any

14  discovery, and there should be no reliance on that.

15          If that was misunderstood, it's clarified now.             02:39

16          **MR. RUSSELL:**  Just so I can make sure I'm clear, Your

17  Honor, because I really, since we were the ones at the hearing

18  when this was discussed, and we asked Your Honor for this

19  precise relief, which is to say the financial discovery, the

20  allegations against Omni and IGWT and the like, and I thought I     02:39

21  heard Your Honor to say that it made sense for Mr. Durkin to

22  get to the base of it.  And if, then, there were any merit to

23  it, we could allow this discovery to go forward.

24          **THE COURT:**  Wait a second.

25          You're adding something in there.  I didn't say            02:39

1    anything about discovery not going forth.  I have not ruled on

2    any discovery issues.  I ruled on the ex-parte application for

3    the appointment of the receiver that before I ruled on that,

4    that I wanted to have Mr. Durkin's report.  That's exactly what

5    I'm doing.  I took an interim report last night.  I'll await        02:39

6    the final report.  But that's for the Court's purposes.

7          Depending on how the receivership issue plays out, it

8    may or may not be released to some or all of the attorneys.  It

9    may very well be that at the end of the day, after my final

10   meeting with Mr. Durkin, that it never reaches the light of        02:40

11   day.

12         MR. RUSSELL:  Just so we're clear, Your Honor, Mattel

13   attached the very discovery they are now promulgating to other

14   parties to their receiver application and asked for leave to

15   serve it.  Your Honor did not grant that leave.  And then what     02:40

16   happened was they said, Well, we can't go down this avenue,

17   we'll launch a series of subpoenas.

18         THE COURT:  Then the question becomes -- and this is

19   a question for the Discovery Master, not for this Court --

20   whether or not the discovery is related to Phase 2.  If it is,     02:40

21   it is.  I'm not going to pass any judgment whatsoever.  I'm

22   going to leave that completely up to the Discovery Master.

23         MR. RUSSELL:  That's all we're asking for.  Rather

24   than painting with a broad brush, saying all discovery is

25   permitted, there's some discovery that does fall within the        02:40

1   scope of what Your Honor refused to give them.  Let's let the

2   discovery master rule on it.  It can always come back to you.

3           **THE COURT:**  Okay.

4           But I guess, Mr. Russell, I'm not sure of the

5   characterization that you're making.                                02:41

6           I handled the receivership application and request

7   made thereunder in the way that I'm handling the receivership

8   application; that should not be taken one way or the other as a

9   discovery ruling.

10          **MR. RUSSELL:**  I guess, Your Honor, the question is if    02:41

11  there was, as part of that application, and there's an

12  assumption built in that we'd like to have the Discovery Master

13  resolve, is it just receiver discovery or is it Phase 2?  That

14  seems like a question that Mr. O'Bryan should answer.  But I

15  assume, since you don't have any of the briefs and you don't     02:41

16  have the discovery and this has just been dropped on you,

17  assume for the sake of this discussion, that it is solely

18  related to the receiver; that it is, as we pause it, identical

19  to the discovery submitted.

20          **THE COURT:**  I guess where I would distinguish,         02:41

21  counsel, is this notion of receiver discovery, or that phrase,

22  that's not a phrase the Court has used.  Not that I can recall

23  using.  If I did, I certainly did not intend to.  I'm not

24  designating that as a separate and severable part of the

25  discovery.                                                        02:42

```
 1  we'll go from there.

 2            MR. ZELLER:  Thank you.

 3            THE COURT:  Anything further?

 4            Thank you.  Good day.

 5

 6

 7

 8

 9

10                      CERTIFICATE

11

12  I hereby certify that pursuant to section 753, title 28, United
    States Code, the foregoing is a true and correct transcript of
13  the stenographically recorded proceedings held in the above-
    entitled matter and that the transcript page format is in
14  conformance with the regulations of the Judicial Conference of
    the United States.
15

16  _____          _____
    THERESA A. LANZA, CSR, RPR                Date
17  Federal Official Court Reporter

18

19

20

21

22

23

24

25
```

# EXHIBIT G

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MATTEL, INC., | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with |
| vs. | Case No. CV 04-09059 SGL (RNBx) Case No. CV 05-02727 SGL (RNBx) |
| MGA ENTERTAINMENT, INC., et al., | Honorable Stephen G. Larson |
| Defendant. | **PHASE B VERDICT FORM AS GIVEN** |
| AND CONSOLIDATED ACTIONS | |

07209/2609529.2209/2608
584.2

| | |
|---|---|
| 1 | **VERDICT FORM - PHASE B** |
| 2 | We answer the questions submitted to us as follows: |
| 3 | |
| 4 | **I. Damages for Phase A Claims** |
| 5 | (Answer all four questions in this section.) |
| 6 | |
| 7 | **Intentional Interference With Contractual Relations** |
| 8 | 1.   In Phase A of this trial, you found that MGA Entertainment, Inc. |
| 9 | ("MGA") and Isaac Larian are liable to Mattel for intentional interference with |
| 10 | contractual relations.  What amount of damages, if any, should be awarded to |
| 11 | Mattel? |
| 12 | As to MGA:       $   20 MILLION |
| 13 | As to Mr. Larian:  $   10 MILLION |
| 14 | |
| 15 | **Aiding and Abetting Breach of Fiduciary Duty** |
| 16 | 2.   In Phase A of this trial, you found that MGA and Isaac Larian are liable |
| 17 | to Mattel for aiding and abetting Carter Bryant's breach of fiduciary duty.  What |
| 18 | amount of damages, if any, should be awarded to Mattel? |
| 19 | As to MGA:       $   20 MILLION |
| 20 | As to Mr. Larian:  $   10 MILLION |
| 21 | |
| 22 | **Aiding and Abetting Breach of the Duty of Loyalty** |
| 23 | 3.   In Phase A of this trial, you found that MGA and Isaac Larian are liable |
| 24 | to Mattel for aiding and abetting Carter Bryant's breach of the duty of loyalty.  What |
| 25 | amount of damages, if any, should be awarded to Mattel? |
| 26 | As to MGA:       $   20 MILLION |
| 27 | As to Mr. Larian:  $   10 MILLION |
| 28 | |

07209/2609529.2608584.2

-2-

PHASE B VERDICT FORM AS GIVEN

1

**Conversion**

2       4.     In Phase A of this trial, you found that MGA, Isaac Larian and MGA

3   Entertainment (HK) Limited ("MGA Hong Kong") are liable to Mattel for

4   conversion.  What amount of damages, if any, should be awarded to Mattel?

5                   As to MGA:                    $ _31,500 PLUS 7% INTEREST_

6                   As to Mr. Larian:            $ ___0___   CALCULATED FROM

7                   As to MGA Hong Kong: $ ___0___   THE DATE MATTEL'S

8                                                           PROPERTY WAS

9                                                           CONVERTED.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHASE B VERDICT FORM AS GIVEN

## II.  Copyright Infringement

5.      Has Mattel proven by a preponderance of the evidence that MGA is liable to Mattel for copyright infringement?

   Yes   ___X___

   No   _____

If your answer is "yes," then answer Question 6.

If your answer is "no," then answer Question 7.


6.      Was MGA's copyright infringement willful?

   Yes   _____

   No  ___X___

Answer Question 7.


7.      Has Mattel proven by a preponderance of the evidence that Isaac Larian is liable to Mattel for copyright infringement?

   Yes ___X___

   No   _____

If your answer is "yes," then answer Question 8.

If your answer is "no," then answer Question 9.


8.      Was Mr. Larian's copyright infringement willful?

   Yes   _____

   No  ___X___

Answer Question 9.


9.      Has Mattel proven by a preponderance of the evidence that MGA Hong Kong is liable to Mattel for copyright infringement?

   Yes  ___X___

-4-

PHASE B VERDICT FORM AS GIVEN

Case 2:04-cv-09049-DOC-RNB    Document 4870-2    Filed 02/18/09    Page 54 of 63    Page ID
#:154347
Case 2:04-cv-09049-SGL-RNB      Document 4279      Filed 08/26/2008      Page 5 of 9

1           No    _____

2    If your answer is "yes," then answer Question 10.

3    If your answer is "no," then answer Question 11.

4

5        10.   Was MGA Hong Kong's copyright infringement willful?

6           Yes    _____

7           No    X

8    Answer Question 11.

9

10        11.   What amount of damages, if any, should be awarded to Mattel for the

11    defendants' copyright infringement?

12        (a)   Copyright Infringement by MGA

13           $_____6 Million_____

14        (b)   Copyright Infringement by Isaac Larian

15           Distributions Mr. Larian received from MGA attributable to Bratz-

16           related works:

17           $_____3 Million_____

18           Value of Mr. Larian's ownership percentage of MGA attributable to

19           Bratz-related works:

20           $_____0_____

21        (c)   Copyright Infringement by MGA Hong Kong:

22           $_____1 Million_____

23

24

25

26

27

28

PHASE B VERDICT FORM AS GIVEN

### III.  Punitive Damages

12.  Has Mattel proven by clear and convincing evidence that MGA acted with malice, oppression, or fraud?

       Yes   _____

       No    _X_

If your answer is "yes," then answer Question 13.

If your answer is "no," then answer Question 14.


13.  What amount of punitive damages, if any, should be awarded against MGA?

       $_____O_____

Answer Question 14.


14.  Has Mattel proven by clear and convincing evidence that Isaac Larian acted with malice, oppression, or fraud?

       Yes   _____

       No    _X_

If your answer is "yes," then answer Question 15.

If your answer is "no," then answer Question 16.


15.  What amount of punitive damages, if any, should be awarded against Mr. Larian?

       $_____O_____

Answer Question 16.


16.  Has Mattel proven by clear and convincing evidence that MGA Hong Kong acted with malice, oppression, or fraud?

       Yes   _____

PHASE B VERDICT FORM AS GIVEN

Case 2:04-cv-09049-DOC-RNB   Document 4870-2   Filed 02/18/09   Page 56 of 63   Page ID
#:154349
Case 2:04-cv-09049-SGL-RNB   Document 4279   Filed 08/26/2008   Page 7 of 9

1     No  X

2    If your answer is "yes," then answer Question 17.

3    If your answer is "no," then answer Question 18.

4

5    17.  What amount of punitive damages, if any, should be awarded against

6 MGA Hong Kong?

7     $    0

8    Answer Question 18.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHASE B VERDICT FORM AS GIVEN

### IV.   Fraudulent Concealment

(Answer all five questions in this section.)

18.   Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed the bases for Mattel's claim of intentional interference with contract against it until at least April 27, 2002?

       Yes   _X_

       No   ____

19.   Has Mattel proven by a preponderance of the evidence that Isaac Larian fraudulently concealed the bases for Mattel's claim of intentional interference with contract against him until at least April 27, 2002?

       Yes   ____

       No   _X_

20.   Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed the bases for Mattel's claim of conversion against it until at least April 27, 2001?

       Yes   _X_

       No   ____

21.   Has Mattel proven by a preponderance of the evidence that Mr. Larian fraudulently concealed the bases for Mattel's claim of conversion against him until at least April 27, 2001?

       Yes   ____

       No   _X_

PHASE B VERDICT FORM AS GIVEN

1      22.   Has Mattel proven by a preponderance of the evidence that MGA Hong

2  Kong fraudulently concealed the bases for Mattel's claim of conversion against it

3  until at least April 27, 2001?

4        Yes   _____

5        No   __X__

6

7      Once this verdict form is completed, the foreperson of the jury should sign

8  and date on the lines below.

9

10  DATED: _August 26, 2008_      _/s/_

                                    Jury Foreperson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PHASE B VERDICT FORM AS GIVEN

# EXHIBIT H

**quinnemanuel** trlallawyers | losangeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 9, 2009

VIA FACSIMILE AND U.S. MAIL

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Amman:

I write in furtherance of our ongoing meet and confer regarding various Phase 2 discovery issues and to confirm several issues from today's conference.

First, with regard to Mattel's renewed motion to compel, we received your proposed stipulation which confirmed MGA's agreement to produce documents responsive to Mattel's Request No. 48 (1st Set) and Request Nos. 43-75 (3rd set). However, before Mattel would be willing to take its motion off-calendar, we must have a response to whether MGA will agree to produce personnel and vendor files responsive to Request Nos. 87 and 88 (3rd Set) or will continue to object on the grounds of third party privacy. As I previously indicated, the Discovery Master has overruled such objections on multiple occasions because of the protective order provides adequate privacy protection.

As you indicated that you were still discussing this issue with your client, I agreed to give you an extra day to confirm whether MGA will also agree to produce all non-privileged documents responsive to Requests Nos. 87 and 88.

Second, you confirmed that MGAE de Mexico would, like MGA, respond to Mattel's Interrogatories No. 41 by March 9, 2008.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-3336

<u>Third</u>, you indicated that MGA would not agree to make Ron Brawer available for further deposition on Phase 2 matters.  As I previously explained, Mr. Brawer is a key witness at the core of Mattel's Phase 2 allegations.  Because his deposition was never completed, and because of his critical status in Phase 2, Mattel will seek an order from the court compelling the continued deposition of Mr. Brawer.

<u>Fourth</u>, you agreed that MGA and Isaac Larian would produce all post-2005 communications between Mr. Larian and Mattel employees by March 9, 2009.

<u>Fifth</u>, regarding Mattel's 30(b)(6) deposition notices of MGAE de Mexico and MGA, you indicated that in order to determine which employees should be designated and their dates of availability you needed additional time to discuss the specific topics with your client.  Please provide us this information by Wednesday, February 11, 2009.

<u>Sixth</u>, regarding MGA's supplemental document production of financial information, as required by the Discovery Master's prior Orders of December 28 and 31, 2007, you again indicated that you needed additional time to consider MGA's position.  Also, as my prior letter mistakenly referenced Request No. 209 rather than No. 269, I am attaching, for your convenience, a copy of Request No. 269.  Please be in a position to provide us with MGA's and Larian's position by Wednesday, February 11, 2009.

<u>Seventh</u>, regarding Mattel's deposition notices to Mr. Vargas, Ms. Trueba and Ms. Salemnia, you previously indicated that MGA was no longer objecting on the grounds of that all Phase 2 depositions to be completed by the end of January 2008 and had agreed to provide amended objections reflecting the withdrawal of this objection. We have not yet received MGA's amended objections.  Please provide them to us by Wednesday, February 11, 2009.

<u>Eighth</u>, in response to Mattel's request for Ms. Salemnia's last known address, you stated that you were not authorized to disclose this information.

Best regards,

Jon D. Corey

Enclosures

2

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On February 18, 2009, I served the foregoing document described as:

## DECLARATION OF AMMAN KHAN IN SUPPORT OF MGA AND LARIAN'S OPPOSITION TO MATTEL'S 2/10/09 MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐    (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐    (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐    (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒    (BY EMAIL)  I caused such documents to be delivered via email to the addressee(s).

☐    (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 18th day of February, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
YUMI CHUNG

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667357 v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1

## SERVICE LIST

2
Robert C. O'Brien
Discovery Master
3
Arent Fox LLP
555 West 5th St., Suite 4800
4
Los Angeles, CA 90013
**[By Personal Service]**

5

John Quinn, Esq.
6
(johnquinn@quinnemanuel.com)
Jon D. Corey, Esq.
7
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
8
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
9
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
10
**[By Email Service]**

11
Russell J. Frackman, Esq.
(rjf@msk.com)
12
Patricia H. Benson, Esq.
(phb@msk.com)
13
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
14
Los Angeles, CA 90067
(310) 312-2000
15
**[By Email Service]**

16
Thomas J. Nolan, Esq.
(tnolan@skadden.com)
17
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
18
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
19
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
20
Los Angeles, CA 90071-3144
(213) 687-5000
21

**[By Email Service]**

22

23

24

25

26

27

28

667357 v1

---

**PROOF OF SERVICE**