1   or more third parties.  Larian also objects to this request to the extent it seeks

2   information the disclosure of which would implicate the rights of third parties to

3   protect private, confidential, proprietary or trade secret information.  Larian also

4   objects to this request to the extent it calls for the disclosure of attorney-client

5   privileged information or information protected from disclosure by the work-product

6   doctrine, joint defense or common interest privilege, or other privilege.  Larian also

7   objects to this request to the extent it seeks documents not within Larian's possession,

8   custody or control.

9

10   **MATTEL'S REASONS WHY SUPPLEMENTAL RESPONSES TO REQUEST**

11   **NOS. 4-37 AND 40-45 (SECOND SET TO MGA) AND REQUEST NOS. 207,**

12   **208 AND 269 (FIRST SET TO LARIAN) SHOULD BE COMPELLED**

13        The Discovery Master compelled MGA and Larian to produce documents

14   responsive to Request Nos. 4-37 and 40-45 of Mattel's Second Set of Document

15   Requests to MGA, and Request Nos. 207, 208, and 269 of Mattel's First Set of

16   Document Requests to Larian.[1]  At the beginning of the Phase 1 trial, Judge Larson

17   also ordered Defendants to provide Larian's financial information.  Specifically, Judge

18   Larson required Larian to make available "documents sufficient to show the revenue,

19   gross and net profits by him from the sale of Bratz products, including without

20   limitation documents sufficient to show sales revenue, costs of goods sold, variable

21   costs, gross margins, royalties paid and received, gross profits and net profits."[2]  Any

22   objections Defendants made to these requests have thus been overruled.[3]  Under the

23   Federal Rules, Parties are required to supplement their production of documents in a

24   _____

[1]      Order Granting in Part and Denying in Part Mattel's Motion to Compel
25   Production of Documents by Isaac Larian, at 16, dated December 31, 2007, Watson
     Dec., Exh. 8; Order Granting Mattel, Inc.'s Motion to Compel Production of
26   Documents by MGA Entertainment, Inc., dated December 28, 2007, Watson Dec.,
     Exh. 3.
27
[2]      May 27, 2008 Trial Tr. at 17:13-18:4, Watson Dec., Exh. 27.
28
[3]      Id.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

1    timely manner.  Fed.R.Civ.P. 26(e)(1) ("A party who has . . . responded to . . . [a]

2    request for production . . . must supplement or correct its disclosure or response . . . in

3    a timely manner");  Coleman v. Schwarzenegger, 2008 WL 3843292, at * 1 (E.D. Cal.

4    August 14, 2008) ("Under Rule 26(e), litigants have a continuing duty to supplement

5    their discovery responses at appropriate intervals if the prior responses were

6    incomplete or incorrect and additional or corrective information has not otherwise

7    been made known to their opponent during discovery or in writing.") (internal

8    quotations omitted).  MGA and Larian have failed to supplement their production of

9    documents responsive to these requests since they belatedly produced some financial

10   documents during the Phase 1 trial.[4]  As the Court noted in its orders compelling

11   Defendants to produce responsive documents, these requests seek information

12   relevant to the damages Mattel seeks, among other things.[5]  Accordingly, the Court

13   should compel Defendants to supplement their production forthwith.

14

15

16

17

18

19

20

21

22

---

23   [4]    Watson Dec., at ¶ 10.

24   [5]    Order Granting in Part and Denying in Part Mattel's Motion to Compel

25   Production of Documents by Isaac Larian, at 16, dated December 31, 2007, Watson

26   Dec., Exh. 8; Order Granting Mattel, Inc.'s Motion to Compel Production of

27   Documents by MGA Entertainment, Inc., dated December 28, 2007, Watson Dec.,

28   Exh. 3.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**MGA'S OPPOSITION TO MATTEL'S REASONS WHY SUPPLEMENTAL RESPONSES TO REQUEST NOS. 4-37 AND 40-45 (SECOND SET TO MGA) AND REQUEST NOS. 207, 208 AND 269 (FIRST SET TO LARIAN) SHOULD BE COMPELLED**

**A.    The Motion Violates Local Rule 37-1 Because Mattel Breached Its Own Agreement To Further Meet And Confer.**

On February 9, 2009, Mattel sent a meet and confer letter inviting MGA to further meet and confer *on February 11, 2009* concerning RFPs 4-37 and 40-45 to MGA, and RFPs 207, 208 and 269 to Mr. Larian.  (Declaration of Amman Khan filed concurrently herewith ("Khan Decl."), Ex. H [Letter dated February 9, 2009 from Jon Corey to Amman Khan].)  But on February 10, 2009, the day before the proposed meet and confer session, Mattel sandbagged the MGA Parties by filing the instant Motion.

Local Rule 37-1 requires, in clear and unambiguous terms, that the parties fully meet and confer in good faith *before* filing discovery motions.  Mattel's blatant violation of the meet and confer rule and rush to the Discovery Master should not be condoned.  If Mattel (or any party for that matter) is allowed to file motions to compel while the parties are still attempting to informally resolve discovery issues, Local Rule 37 will not be worth the proverbial paper on which it is written, virtually assuring that every single discovery dispute will end up before the Discovery Master.

Mattel's strategy from the inception of this litigation has been to make it as expensive as possible for its much smaller competitor, MGA, and for MGA's founder, obviously hoping to cripple them financially.  To this end, Mattel has propounded a staggering number of discovery requests[6] and has filed motions to

---

[6] By the end of Phase 1, Mattel had propounded *four thousand six hundred and forty-seven (4,647)* Requests for Admissions, *two thousand eight hundred and eighty-nine (2,889)* Requests for Production, and *seventy-one (71) interrogatories*; Mattel had taken 30(b)(6) Depositions covering *two hundred ninety-two (292)* topics and *over  sixty (60)* non-expert depositions (some for multiple

**OPPOSITION TO SEPARATE STATEMENT**

667145v1

1  compel with respect to almost all of them.  By the time Phase 1 discovery ended, the

2  former Discovery Master not only repeatedly had found that Mattel's relentless

3  discovery barrage was "unreasonably duplicative," "cumulative," and "unduly

4  burdensome,"[7] but he also castigated Mattel for making "highly exaggerated" and

5  "largely unjustified" assertions about the MGA Parties' supposed non-compliance

6  with their discovery obligations.[8]  To allow Mattel to flout with impunity its

7  obligation to meet and confer in good faith simply encourages Mattel to continue to

8  engage in its bad faith, scorched earth discovery tactics, in which the endgame is not

9  to obtain information, but to harass, burden and oppress.  The Motion should be

10  denied as to Request Nos. 4-37 and 40-45 (Second Set), and Request Nos. 207, 208

11  and 269 (First Set) on this ground alone.

---

16

17  days); Mattel also had served *seventy-five (75)* Third Party Subpoenas; and the MGA Defendants produced *four million, two hundred thousand (4,200,000)* pages of documents.

18  [7] *See, e.g.* 4/29/08 Order Granting MGA's Motion to Quash Larry McFarland's Deposition

19  Subpoena Or For Protective Order at 5:22, Ex. A to Khan Decl. (*"McFarland's deposition is*

20  *duplicative and cumulative"*); 4/14/08 Order Denying Mattel's Motion To Compel Production Of Documents By MGA In Response To Fifth Set Of Requests For Documents And Things at 4:5-6,

21  Ex. B to Khan Decl. (Requests 4-7 of Fifth Set were *"cumulative, duplicative and unduly burdensome because they seek documents previously requested and received by Mattel."*); 4/22/08

22  Order Denying Mattel's Motion To Compel Additional Deposition Testimony of Veronica Marlow, Ex. C to Khan Decl. at 2:8-14 (noting that "Mattel has already deposed Marlow for approximately

23  seven and a half hours" and holding that *none of the arguments proffered by Mattel, "either alone or in combination, justifies the burden and expense of having Marlow appear for further*

24  *examination."*); 5/7/08 Order Granting In Part And Denying In Part MGA Parties' Motion To Quash Subpoenas etc., Ex. D to Khan Decl. at 11:5-6 (*"the subpoenas are overly broad, sweeping*

25  *in vast amounts of documents that have little to no relevance"*), 11:12-13 ("*Mattel's subpoenas to the non-parties are also unreasonably duplicative and cumulative of discovery Mattel has already*

26  *sought and received in this case."*).

27  [8] 4/28/08 Order Denying Mattel's Motion To Compel Further Deposition Of Margaret Hatch-Leahy,

28  Ex. E to Khan Decl. at 3:21-22).

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

OPPOSITION TO SEPARATE STATEMENT

**B.     The Updated Financial Information Sought Is Beyond The Scope Of Phase 2 Discovery.**

      **1.     Request Nos. 4-37 and 40-45 (Second Set) Are Not Relevant To Phase 2.**

Request Nos. 4-37 and 40-45 directed to MGA (Second Set) seek financial information related to the sales, revenues and profits related to Bratz dolls – which, as stated above, was a Phase 1 issue. Mattel admits in its Motion that MGA produced documents responsive to these Requests when it was appropriate to do so – ***during Phase 1***. As Judge Larson made perfectly clear at the February 11, 2009 hearing, the only discovery that is now allowed is "the discovery related to Phase 2." (Khan Decl., Ex. F at 99:8-22 [February 11, 2009 Hearing Transcript].)

In a disturbingly disingenuous effort to establish relevance where none exists, Mattel cites an excerpt from the May 27, 2008 ***Trial*** Transcript for the proposition that "[a]s the Discovery Master [sic] previously found, the compelled financial information . . . is relevant to the damages Mattel seek[.]" (Motion at 9:4-6.) However, the May 27, 2008 transcript merely reflects that Judge Larson partially granted and partially denied Mattel's motion to compel Mr. Larian's response to a trial subpoena, and that the Court found that documents showing the revenue and profits of Bratz products were relevant to Phase 1. (See Ex. 27 attached to Motion at 13-25.) Mattel makes absolutely no effort to explain how this discovery is relevant to its Phase 2 claims (and it cannot sandbag the MGA parties by adding new arguments in its Reply). Thus, its motion should be denied.

Any claim by Mattel that it needs this Bratz-related financial information in order to establish its Phase 2 damages ignores the jury's Phase 1 damages award, and must fail. Mattel sought disgorgement of all Bratz profits during Phase 1 and the jury made its award. Mattel may not relitigate this issue in Phase 2. Further, the jury expressly rejected Mattel's claim for damages based on Bratz' related future damages,

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

so Mattel's demand for post-verdict financial information is particularly unwarranted. (Khan Decl., Ex. G at ¶ 11 [Verdict Form].)

### 2. Request Nos. 207, 208 and 269 (First Set) Are Not Relevant to Phase 2.

Mattel does not even attempt to show that Isaac Larian's personal financial records, sought by RFP Nos. 207, 208 and 269 are relevant to Phase 2 issues. Contrary to Mattel's assertions, the former Discovery Master found Request No. 207 to be relevant to Phase 1, *not* Phase 2: "Request No. 207 seeks information reasonably calculated to lead to information showing the timing of payments *to Bryant and others, which in turn is relevant to the timing of the development of Bratz and issues of credibility*." (See December 31, 2007 Ruling, Exhibit 8 attached to Motion at 15:10-12, 16:2-4) (emphasis added.)  Further, with respect to Request Nos. 208 and 269, Mattel simply has not made any showing that the Requests, which seek Mr. Larian's gross income and net worth, are related to Phase 2.  Mattel cannot sandbag MGA or Larian now by citing evidence in Reply.  Accordingly, Mattel is not entitled to supplemental responses to these Requests.

## II. MATTEL'S SIXTH SET OF INTERROGATORIES REGARDING BRATZ SALES

INTERROGATORY NO. 45:

IDENTIFY each BRATZ PRODUCT that has been SOLD by YOU or YOUR licensees and, for each such BRATZ PRODUCT, state fully and separately (a) the number of units of each such BRATZ PRODUCT SOLD by YOU or YOUR licensees, (b) the gross and net revenue received by YOU from such SALES of each such BRATZ PRODUCT, (c) all costs YOU have incurred in connection with each such BRATZ PRODUCT, including but not limited to YOUR cost of goods sold, and (d) YOUR gross and net profits from each such BRATZ PRODUCT.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

RESPONSE TO INTERROGATORY NO. 45:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection No. 7 (regarding Definitions), including without limitation its objection to the definition of the terms "SOLD," "REFER OR RELATE TO" and "IDENTIFY" insofar as it is used to refer to a "BRATZ PRODUCT."  MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to the interrogatory on the grounds that it is oppressive, harassing, and unduly burdensome insofar as it requires MGA to compile detailed financial reports of information not reasonably available to MGA solely for the purpose of responding to this interrogatory.

MGA objects to this interrogatory on the grounds that it is compound in that it asks four discrete subparts with respect to numerous "BRATZ PRODUCTS."  MGA further objects because the interrogatory additionally contains discrete subparts which, due to the use of Mattel's defined terms, require separate, distinct and multiple responses.  Specifically, Mattel's definitions of the terms "IDENTIFY" and "BRATZ PRODUCT" require MGA to provide separate, distinct, and multiple responses.  For example, Mattel's definition of the term "IDENTIFY" in the context of this interrogatory purports to require MGA to provide a multitude of discrete facts for each BRATZ PRODUCT, including: (a) the full name of the product; (b) the number of the product; (c) the SKU of the product; (d) any other applicable designation of the product useful for identification; (e) the period of time during which the product was, has been or will be SOLD; and (f) the IDENTITY of each PERSON who has licensed from YOU the right to SELL such BRATZ PRODUCT.  This interrogatory is further

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

compounded by Mattel's definition of "IDENTITY," which purports to require MGA to provide the following information for each of the "natural persons" requested to be identified as part of Mattel's definition of "IDENTIFY," above: (1) the individual's name; (2) any known business title; (3) the current or last known business affiliation; (4) current or last known residential address; (5) current or last known business address; (6) current or last known relationship to MGA; and (7) current or last known telephone number. Additionally, through Mattel's definition of "YOU," this interrogatory asks for all of the foregoing information about "BRATZ PRODUCT" sold by each of the multiple separate responding parties in this litigation.

MGA further objects to this interrogatory on the ground that it is premature because the subject matter of this interrogatory will be the subject of expert testimony at trial. MGA objects to this interrogatory to the extent it seeks to limit the expert testimony that MGA may seek to introduce at trial. MGA will identify its experts and make related disclosures in accordance with the Court's orders and applicable rules.

MGA further objects to the extent that this interrogatory seeks information that is beyond MGA's personal knowledge and is not in MGA's possession, custody, or control. MGA also objects to this interrogatory to the extent produced in this litigation or more easily obtainable from other sources. MGA objects to providing responses to interrogatories that can be derived from documents that have been or will be produced (when requested in compliance with Rule 26) and where the burden to derive such information is substantially the same for Mattel as it is for MGA. MGA further objects to this interrogatory as premature to the extent it seeks financial information purportedly relevant to a claim for punitive damages as there is presently no judgment for punitive damages against MGA.

MGA objects to this interrogatory because Mattel has propounded more than 50 interrogatories. Under Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-04049- SGL and CV 05-02727.]"

1    Subject to and without waiving the foregoing objections, MGA responds as

2  follows: To the extent the information sought in this interrogatory is within the

3  possession, custody or control of MGA and knowable absent expert analysis, such

4  information may be derived or ascertained from the business records of MGA, and the

5  burden of deriving or ascertaining such information is substantially the same for

6  Mattel as it is for MGA.  Therefore, pursuant to Rule 33(d) of the Federal Rules of

7  Civil Procedure, MGA will specify and produce to Mattel copies of the records from

8  which the answer to this interrogatory may be derived or ascertained.

9

10  **MATTEL'S REASONS WHY SUPPLEMENTAL RESPONSES TO REQUEST**

11  **NO. 45 (SIXTH SET TO MGA) SHOULD BE COMPELLED**

12    Interrogatory No. 45 asks MGA to identify each Bratz product that MGA or its

13  licensees have sold, and to identify the profits, costs, and revenue associated with

14  each such product.[9]  Information regarding Bratz sales by product is relevant to the

15  damages MGA may seek for its Phase 2 false designation of origin, unfair

16  competition, and dilution claims against Mattel.[10]  Information regarding MGA's

17  revenues for Bratz products is also relevant to Mattel's misappropriation of trade

18  secrets claims.[11]  For example, if MGA used Mattel trade secrets that it obtained from

19  its stolen Mattel documents in subsequent Bratz products, the revenues MGA

20  received for those Bratz products are relevant to Mattel's claims.  Although MGA

21  identified and produced documents responsive to this interrogatory in December

22

23

24

25  [9]    Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007, Watson
    Dec., Exh. 9.
26  [10]    See MGA's Complaint in Case No. 05-02727, dated April 13, 2005 at 31-35,
27  Watson Dec., Exh. 22.
    [11]    Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
28  Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  2007,[12] it refuses to supplement its response.[13]  MGA's refusal to provide Mattel

2  information regarding post-2007 Bratz sales contravenes the Federal Rules.

3  Fed.R.Civ.P. 26(e)(1); Coleman, 2008 WL 3843292, at * 1 (E.D. Cal. August 14,

4  2008).  The Court should compel MGA to supplement its response to Interrogatory

5  No. 45.

6

7  **MGA'S OPPOSITION TO MATTEL'S REASONS WHY A SUPPLEMENTAL**

8  **RESPONSES TO REQUEST NOS. 45 (SIXTH SET TO MGA) SHOULD BE**

9  **COMPELLED**

10      Interrogatory No. 45 asks MGA to identify each Bratz product that MGA or its

11  licensees have sold, and to identify the revenue, costs, and profits associated with

12  each such product.  Once again, Mattel's entitlement to gross and net profits from

13  sales of Bratz products was an issue adjudicated in Phase 1, and Mattel fails to

14  explain how this discovery is relevant to or proper in Phase 2.  Mattel claims that this

15  information might be relevant to Mattel's alleged theft of trade secret damages, but

16  that argument is specious.  Among other things, the putative "trade secrets" pertained

17  to information about *Mattel's* pricing, sales and marketing plans and the like for

18  *Barbie* dolls no later than *2005,* when the last of the employees who are claimed to

19  have "stolen" such trade secrets left Mattel for MGA.[14]  Mattel does not, because it

20  _____

21  [12]     MGA's Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Sixth

22  Set of Interrogatories, dated November 26, 2007 at 10 (MGA will "specify and

23  produce to Mattel copies of the records from which the answer to this interrogatory

24  may be derived or ascertained"), Watson Dec., Exh. 10; Letters from Timothy Miller

25  to Scott Kidman, dated December 7, 2007 and December 12, 2007 (producing

26  documents in response to Interrogatory No. 45), Watson Dec., Exhs. 11, 12.

   [13]     Watson Dec., at ¶ 24.

27

28  [14] According to Mattel's Second Amended Answer and Counterclaims, the three former employees of Mattel Mexico left in April 2004, former Mattel Senior Vice President Ron Brawer left in October 2004, and Mattel's Canadian Director of Sales for the Girls Division, Janine Brisbois, left in September 2005.  (SAAC at 40:23-27, 45:5-6, 50:3-4.)

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**OPPOSITION TO SEPARATE STATEMENT**

1   cannot, explain how long-outdated "trade secrets" about Mattel's pricing and costs

2   four to five years ago entitle it to information about Bratz sales in 2008.

3   Further, MGA has already provided information that is current through the

4   second fiscal quarter of 2008.  As Mattel acknowledges in its Motion, MGA produced

5   ***over 36,000 pages of documents*** (and identified them as responsive to Interrogatory

6   No. 45) in December 2007.  (Motion at 5:11-13.)  Because MGA does not calculate or

7   keep records of a product-by-product profit breakdown in the normal course of

8   business, providing this information entailed considerable expense and consumption

9   of time on MGA's behalf.  Indeed it would take approximately 320 worker hours to

10  provide this supplemental information.  (See Declaration of Brian Wing filed

11  concurrently herewith at ¶¶ 3-4.)  To force the MGA parties to expend such a great

12  amount of effort and resources ***again***, for information covering such a truncated

13  period (*i.e.*, two fiscal quarters), would be overly burdensome and costly to MGA

14  when weighed against any possible benefit to Mattel.

15

16  **III.   MATTEL'S SUPPLEMENTAL INTERROGATORIES**

17       **A.   Mattel's Interrogatories About Mattel Documents MGA Obtained**

18            **(Interrogatory Nos. 56-63)**

19

20  INTERROGATORY NO. 56:

21       IDENTIFY all MATTEL DOCUMENTS that MGA has obtained, received,

22  reviewed, copied, reproduced, transmitted, requested or used at any time since

23  January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

24  DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

25  MGA'S RESPONSE TO INTERROGATORY NO. 56:

26       MGA incorporates by reference its General Response and General Objections

27  above, as though fully set forth herein and specifically incorporates General Objection

28

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

1  Nos. 14-15 (regarding Definitions), including without limitation its objections to the

2  terms "MGA," "IDENTIFY," "MATTEL DOCUMENTS" and "REFER OR

3  RELATE TO." MGA also objects to this interrogatory to the extent it seeks

4  information that is not subject to disclosure under any applicable privilege, doctrine

5  or immunity, including without limitation the attorney-client privilege, the work

6  product doctrine, the right of privacy, and all other privileges recognized under the

7  constitutional, statutory or decisional law of the United States of America, the State of

8  California or any other applicable jurisdiction.

9      MGA further objects that the phrase "all MATTEL DOCUMENTS that MGA

10 has obtained, received, reviewed, copied, reproduced, transmitted, requested or used

11 at any time since January 1, 1999" presupposes that MGA has obtained "MATTEL

12 DOCUMENTS" and is accusatory and argumentative such that MGA would have to

13 respond to the allegations of the interrogatory before providing any substantive

14 response.

15     MGA further objects that, as phrased, the interrogatory calls for attorney work

16 product and seeks information that is not relevant to the claims or defenses of any

17 party to this action and not reasonably calculated to lead to the discovery of

18 admissible evidence; the way Mattel has defined "MGA" to include MGA's attorneys

19 would call for every "MATTEL DOCUMENT" reviewed by MGA's attorneys in

20 responding to this supplemental set of interrogatories to be included in the response to

21 this interrogatory. MGA further objects to this interrogatory on the grounds that it is

22 unduly burdensome and oppressive to require MGA to answer whether it has

23 previously obtained, received, reviewed, copied, reproduced, transmitted, requested or

24 used at any time since January 1, 1999 any of the "MATTEL DOCUMENTS" when

25 Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential —

26 Attorney's Eyes Only." Because Mattel has designated the "MATTEL

27 DOCUMENTS" which are the subject of the interrogatory as "Confidential-

28 Attorneys' Eyes Only," it is impossible for MGA to respond to this interrogatory.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

OPPOSITION TO SEPARATE STATEMENT

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is
2  stayed until further order of the Court.  Accordingly, MGA will not respond to this
3  interrogatory until the stay of Phase Two discovery is lifted by the Court.

4  LARIAN'S RESPONSE TO INTERROGATORY NO. 56:

5    Larian incorporates by reference his General Response and General Objections
6  above, as though fully set forth herein and specifically incorporates General Objection
7  Nos. 14-15 (regarding Definitions), including without limitation his objections to the
8  terms "MGA," "IDENTIFY," "MATTEL DOCUMENTS" and "REFER OR
9  RELATE TO."  Larian also objects to this interrogatory to the extent it seeks
10  information that is not subject to disclosure under any applicable privilege, doctrine
11  or immunity, including without limitation the attorney-client privilege, the work
12  product doctrine, the right of privacy, and all other privileges recognized under the
13  constitutional, statutory or decisional law of the United States of America, the State of
14  California or any other applicable jurisdiction.

15    Larian further objects that the phrase "all MATTEL DOCUMENTS that MGA
16  has obtained, received, reviewed, copied, reproduced, transmitted, requested or used
17  at any time since January 1, 1999" presupposes that MGA has obtained "MATTEL
18  DOCUMENTS" and is accusatory and argumentative such that Larian would have to
19  respond to the allegations of the interrogatory before providing any substantive
20  response.

21    Larian further objects to this interrogatory on the grounds that it is unduly
22  burdensome and oppressive to require Larian to answer whether he has previously
23  obtained, received, reviewed, copied, reproduced, transmitted, requested or used at
24  any time since January 1, 1999 any of the "MATTEL DOCUMENTS" when Mattel
25  has designated all of the "MATTEL DOCUMENTS" as "Confidential — Attorney's
26  Eyes Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which
27  are the subject of the interrogatory as "Confidential — Attorneys' Eyes Only," it is
28  impossible for Larian to respond to this interrogatory.

667145v1

1    Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

2    stayed until further order of the Court.  Accordingly, Larian will not respond to this

3    interrogatory until the stay of Phase Two discovery is lifted by the Court.

4

5    INTERROGATORY NO. 57:

6    IDENTIFY all DOCUMENTS that REFER OR RELATE TO any MATTEL

7    product or plan that any of the FORMER MATTEL EMPLOYEES provided,

8    transmitted or disclosed to, shared with or used on behalf of MGA at any time since

9    January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts.

10   MGA'S RESPONSE TO INTERROGATORY NO. 57:

11   MGA incorporates by reference its General Response and General Objections

12   above, as though fully set forth herein and specifically incorporates General Objection

13   Nos. 14-15 (regarding Definitions), including without limitation its objections to the

14   terms "MGA,"  "IDENTIFY," "REFER OR RELATE TO," "MATTEL" and

15   "FORMER MATTEL EMPLOYEES."  MGA also objects to this interrogatory to the

16   extent it seeks information that is not subject to disclosure under any applicable

17   privilege, doctrine or immunity, including without limitation the attorney-client

18   privilege, the work product doctrine, the right of privacy, and all other privileges

19   recognized under the constitutional, statutory or decisional law of the United States of

20   America, the State of California or any other applicable jurisdiction.

21   MGA further objects that the interrogatory is vague and ambiguous, overly

22   broad, unduly burdensome and seeks information not relevant to the claims or

23   defenses of any party to this action and not reasonably calculated to lead to the

24   discovery of admissible evidence.  Since January 1, 1999, the "FORMER MATTEL

25   EMPLOYEES," which MGA interprets as referring to the individuals Carlos Gustavo

26   Machado Gomez, Marianna Trueba Almada, Pablo Vargas San Jose, Ron Brawer,

27   Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreras and Ricardo

28   Abundis, could have provided or used on behalf of MGA a number of trade

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

1   publications or other publicly available information that referred to any MATTEL

2   product and plan.  MGA further objects to this interrogatory on the grounds that it is

3   compound and unduly burdensome by improperly combining five concepts into a

4   single interrogatory.

5        Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

6   stayed until further order of the Court.  Accordingly, MGA will not respond to this

7   interrogatory until the stay of Phase Two discovery is lifted by the Court.

8   LARIAN'S RESPONSE TO INTERROGATORY NO. 57:

9        Larian incorporates by reference his General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General Objection

11  Nos. 14-15 (regarding Definitions), including without limitation his objections to the

12  terms "MGA," "IDENTIFY," "REFER OR RELATE TO," "MATTEL" and

13  "FORMER MATTEL EMPLOYEES."  Larian also objects to this interrogatory to the

14  extent it seeks information that is not subject to disclosure under any applicable

15  privilege, doctrine or immunity, including without limitation the attorney-client

16  privilege, the work product doctrine, the right of privacy, and all other privileges

17  recognized under the constitutional, statutory or decisional law of the United States of

18  America, the State of California or any other applicable jurisdiction.

19       Larian further objects that the interrogatory is vague and ambiguous, overly

20  broad, unduly burdensome and seeks information not relevant to the claims or

21  defenses of any party to this action and not reasonably calculated to lead to the

22  discovery of admissible evidence.  Since January 1, 1999, the "FORMER MATTEL

23  EMPLOYEES," which Larian interprets as referring to the individuals Carlos

24  Gustavo Machado Gomez, Marianna Trueba Almada, Pablo Vargas San Jose, Ron

25  Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreras and

26  Ricardo Abundis, could have provided or used on behalf of MGA a number of trade

27  publications or other publicly available information that referred to any MATTEL

28  product and plan.  Larian further objects to this interrogatory on the grounds that it is

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

OPPOSITION TO SEPARATE STATEMENT

compound and unduly burdensome by improperly combining five concepts into a single interrogatory.

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court.  Accordingly, Larian will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

INTERROGATORY NO. 58:

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper means, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

MGA'S RESPONSE TO INTERROGATORY NO. 58:

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 14-15 (regarding Definitions), including without limitation its objections to the terms "MATTEL DOCUMENTS," "IDENTIFY" and "REFER OR RELATE TO." MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

MGA further objects that the interrogatory presupposes that Larian and/or MGA has obtained "MATTEL DOCUMENTS" and is accusatory and argumentative such that MGA would have to respond to the allegations of the interrogatory before providing any substantive response.

MGA further objects because this interrogatory asks MGA to "prove the negative" by requiring MGA to state all facts in support of its denial of Mattel's

667145v1

1  contention that MGA obtained Mattel documents through improper means. <u>See</u>

2  <u>Lawrence v. First Kansas Bank & Trust Co.</u>, 169 F.R.D. 657, 662-63 (D. Kan. 1996)

3  (contention interrogatories requiring defendant to "state all facts" supporting its denial

4  of plaintiffs allegations were overly broad and placed an unreasonable burden on the

5  defendant); <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998)

6  (following Lawrence and holding that interrogatories that sought to require the

7  answering party to state all facts supporting the denial of statements made in requests

8  for admission were unduly burdensome; finding with respect to the "identification of

9  facts" that "as the court suggested in Lawrence, the universe of potentially responsive

10  information is almost endless").

11      MGA further objects to this interrogatory on the grounds that it is unduly

12  burdensome and oppressive to require Larian and/or MGA to state all facts that they

13  did not obtain any "MATTEL DOCUMENTS" through improper means when Mattel

14  has designated all of the "MATTEL DOCUMENTS" as "Confidential — Attorney's

15  Eyes Only." Because Mattel has designated the "MATTEL DOCUMENTS" which

16  are the subject of the interrogatory as "Confidential Attorneys' Eyes Only," it is

17  impossible for MGA to respond to this interrogatory.

18      Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

19  stayed until further order of the Court. Accordingly, MGA will not respond to this

20  interrogatory until the stay of Phase Two discovery is lifted by the Court.

21  <u>LARIAN'S RESPONSE TO INTERROGATORY NO. 58:</u>

22      Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General Objection

24  Nos. 14-15 (regarding Definitions), including without limitation his objections to the

25  terms "MATTEL DOCUMENTS," "IDENTIFY" and "REFER OR RELATE TO."

26  Larian also objects to this interrogatory to the extent it seeks information that is not

27  subject to disclosure under any applicable privilege, doctrine or immunity, including

28  without limitation the attorney-client privilege, the work product doctrine, the right of

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction.

Larian further objects that the interrogatory presupposes that Larian and/or MGA has obtained "MATTEL DOCUMENTS" and is accusatory and argumentative such that Larian would have to respond to the allegations of the interrogatory before providing any substantive response.

Larian further objects because this interrogatory asks Larian to "prove the negative" by requiring Larian to state all facts in support of his denial of Mattel's contention that Larian obtained Mattel documents through improper means. <u>See Lawrence v. First Kansas Bank & Trust Co.</u>, 169 F.R.D. 657, 662-63 (D. Kan. 1996) (contention interrogatories requiring defendant to "state all facts" supporting its denial of plaintiffs allegations were overly broad and placed an unreasonable burden on the defendant); <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to require the answering party to state all facts supporting the denial of statements made in requests for admission were unduly burdensome; finding with respect to the "identification of facts" that "as the court suggested in Lawrence, the universe of potentially responsive information is almost endless").

Larian further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive to require Larian and/or MGA to state all facts that they did not obtain any "MATTEL DOCUMENTS" through improper means when Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential — Attorney's Eyes Only." Because Mattel has designated the "MATTEL DOCUMENTS" which are the subject of the interrogatory as "Confidential Attorneys' Eyes Only," it is impossible for Larian to respond to this interrogatory.

667145v1

58

**OPPOSITION TO SEPARATE STATEMENT**

1       Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

2   stayed until further order of the Court.  Accordingly, Larian will not respond to this

3   interrogatory until the stay of Phase Two discovery is lifted by the Court.

4

5   INTERROGATORY NO. 59:

6       State all facts which support YOUR contention, if YOU so contend, that any

7   information in the MATTEL DOCUMENTS does not and/or did not derive

8   independent economic value from not being generally known to the public or other

9   PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY

10  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

11  RELATE TO such facts.

12  MGA'S RESPONSE TO INTERROGATORY NO. 59:

13      MGA incorporates by reference its General Response and General Objections

14  above, as though fully set forth herein and specifically incorporates General Objection

15  Nos. 14-15 (regarding Definitions), including without limitation its objections to the

16  terms "YOU," "YOUR," "MATTEL DOCUMENTS," "IDENTIFY" and "REFER OR

17  RELATE TO."  MGA also objects to this interrogatory to the extent it seeks

18  information that is not subject to disclosure under any applicable privilege, doctrine

19  or immunity, including without limitation the attorney-client privilege, the work

20  product doctrine, the right of privacy, and all other privileges recognized under the

21  constitutional, statutory or decisional law of the United States of America, the State of

22  California or any other applicable jurisdiction.

23      MGA further objects that the interrogatory incorrectly presupposes that Larian

24  and/or MGA has even previously reviewed, much less evaluated the independent

25  economic value of "MATTEL DOCUMENTS," and is accusatory and argumentative

26  such that MGA would have to respond to the allegations of the interrogatory before

27  providing any substantive response.  MGA further objects on the grounds that

28  Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of

667145v1

OPPOSITION TO SEPARATE STATEMENT

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  bates number ranges that lump together 8 banker boxes of documents falling into all
2  different categories, including Excel spreadsheets, marketing materials, information
3  software training manuals, and employee evaluations.  Requiring MGA to determine
4  whether any information in each of the hundreds of documents in these boxes does
5  not and/or did not derive independent economic value from not being generally
6  known to the public, then stating all facts supporting the contention for every piece of
7  information is unduly burdensome, and the burden or expense of the proposed
8  discovery outweighs its likely benefit.

9      MGA further objects because this interrogatory asks MGA to "prove the
10 negative" by requiring MGA to state all facts in support of its denial of Mattel's
11 contention that the information in the "MATTEL DOCUMENTS" does and/or did
12 derive independent economic value from not being generally known to the public or
13 other persons who can obtain economic value from its disclosure or use.  See
14 Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 662-63 (D. Kan. 1996)
15 (contention interrogatories requiring defendant to "state all facts" supporting its denial
16 of plaintiffs allegations were overly broad and placed an unreasonable burden on the
17 defendant); Safeco of America v. Rawstron, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998)
18 (following Lawrence and holding that interrogatories that sought to require the
19 answering party to state all facts supporting the denial of statements made in requests
20 for admission were unduly burdensome; finding with respect to the "identification of
21 facts" that "as the court suggested in Lawrence, the universe of potentially responsive
22 information is almost endless").

23     MGA further objects to this interrogatory on the grounds that it is unduly
24 burdensome and oppressive to require MGA to state all facts to support a contention
25 that any information in the "MATTEL" documents does not and/or did not derive
26 independent economic value from not being generally known to the public when
27 Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential
28 Attorney's Eyes Only."  Because Mattel has designated the "MATTEL

1    DOCUMENTS" which are the subject of the interrogatory as "Confidential Attorneys'

2    Eyes Only," it is impossible for MGA to respond to this interrogatory.

3         Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

4    stayed until further order of the Court.  Accordingly, MGA will not respond to this

5    interrogatory until the stay of Phase Two discovery is lifted by the Court.

6

7    LARIAN'S RESPONSE TO INTERROGATORY NO. 59:

8         Larian incorporates by reference his General Response and General Objections

9    above, as though fully set forth herein and specifically incorporates General Objection

10   Nos. 14-15 (regarding Definitions), including without limitation his objections to the

11   terms "YOU," "YOUR," "MATTEL DOCUMENTS," "IDENTIFY" and "REFER OR

12   RELATE TO."  Larian also objects to this interrogatory to the extent it seeks

13   information that is not subject to disclosure under any applicable privilege, doctrine

14   or immunity, including without limitation the attorney-client privilege, the work

15   product doctrine, the right of privacy, and all other privileges recognized under the

16   constitutional, statutory or decisional law of the United States of America, the State of

17   California or any other applicable jurisdiction.

18        Larian further objects that the interrogatory incorrectly presupposes that Larian

19   and/or MGA has even previously reviewed, much less evaluated the independent

20   economic value of "MATTEL DOCUMENTS," and is accusatory and argumentative

21   such that Larian would have to respond to the allegations of the interrogatory before

22   providing any substantive response.  Larian further objects on the grounds that

23   Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of

24   bates number ranges that lump together 8 banker boxes of documents falling into all

25   different categories, including Excel spreadsheets, marketing materials, information

26   software training manuals, and employee evaluations.  Requiring Larian to determine

27   whether any information in each of the hundreds of documents in these boxes does

28   not and/or did not derive independent economic value from not being generally

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

OPPOSITION TO SEPARATE STATEMENT

1  known to the public, then stating all facts supporting the contention for every piece of

2  information is unduly burdensome, and the burden or expense of the proposed

3  discovery outweighs its likely benefit.

4      Larian further objects because this interrogatory asks Larian to "prove the

5  negative" by requiring Larian to state all facts in support of his denial of Mattel's

6  contention that the information in the "MATTEL DOCUMENTS" does and/or did

7  derive independent economic value from not being generally known to the public or

8  other persons who can obtain economic value from its disclosure or use.  <u>See</u>

9  <u>Lawrence v. First Kansas Bank & Trust Co.</u>, 169 F.R.D. 657, 662-63 (D. Kan. 1996)

10 (contention interrogatories requiring defendant to "state all facts" supporting its denial

11 of plaintiffs allegations were overly broad and placed an unreasonable burden on the

12 defendant); <u>Safeco of America v. Rawstron</u>, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998)

13 (following Lawrence and holding that interrogatories that sought to require the

14 answering party to state all facts supporting the denial of statements made in requests

15 for admission were unduly burdensome; finding with respect to the "identification of

16 facts" that "as the court suggested in Lawrence, the universe of potentially responsive

17 information is almost endless").

18     Larian further objects to this interrogatory on the grounds that it is unduly

19 burdensome and oppressive to require Larian to state all facts to support a contention

20 that any information in the "MATTEL" documents does not and/or did not derive

21 independent economic value from not being generally known to the public when

22 Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential —

23 Attorney's Eyes Only."  Because Mattel has designated the "MATTEL

24 DOCUMENTS" which are the subject of the interrogatory as "Confidential —

25 Attorneys' Eyes Only," it is impossible for Larian to respond to this interrogatory.

26     Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

27 stayed until further order of the Court.  Accordingly, Larian will not respond to this

28 interrogatory until the stay of Phase Two discovery is lifted by the Court.

667145v1

OPPOSITION TO SEPARATE STATEMENT

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1

2  INTERROGATORY NO. 60:

3      State all facts which support YOUR contention, if YOU so contend, that any

4  information in the MATTEL DOCUMENTS was known to the public or to

5  PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY

6  all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER

7  OR RELATE TO the foregoing.

8  MGA'S RESPONSE TO INTERROGATORY NO. 60:

9      MGA incorporates by reference its General Response and General Objections

10  above, as though fully set forth herein and specifically incorporates General Objection

11  Nos. 14-15 (regarding Definitions), including without limitation its objections to the

12  terms "MATTEL DOCUMENTS," "IDENTIFY" and "REFER OR RELATE TO."

13  MGA also objects to this interrogatory to the extent it seeks information that is not

14  subject to disclosure under any applicable privilege, doctrine or immunity, including

15  without limitation the attorney-client privilege, the work product doctrine, the right of

16  privacy, and all other privileges recognized under the constitutional, statutory or

17  decisional law of the United States of America, the State of California or any other

18  applicable jurisdiction.  MGA further objects to this interrogatory on the grounds that

19  it seeks information that may be the subject of expert witness analysis and testimony.

20  MGA further objects to this interrogatory on the ground that it seeks information that

21  is uniquely or better known to Mattel.

22      MGA further objects that the interrogatory incorrectly presupposes that Larian

23  and/or MGA has even previously reviewed, much less evaluated whether the

24  information in the "MATTEL DOCUMENTS" was known to the public or to persons

25  who can obtain economic value from its disclosure or use, and is accusatory and

26  argumentative such that MGA would have to respond to the allegations of the

27  interrogatory before providing any substantive response.  MGA further objects on the

28  grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of over

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  two pages of bates number ranges that lump together 8 banker boxes of documents

2  falling into all different categories, including Excel spreadsheets, marketing materials,

3  information software training manuals, and employee evaluations.  Requiring MGA

4  to determine whether any information in each of the hundreds of documents in these

5  boxes was known to the public or to "PERSONS" who can obtain economic value

6  from its disclosure or use, then stating all facts supporting the contention for every

7  piece of information is unduly burdensome, and the burden or expense of the

8  proposed discovery outweighs its likely benefit.

9      MGA further objects to this interrogatory on the grounds that it is unduly

10  burdensome and oppressive to require MGA to state all facts to support a contention

11  that any information in the "MATTEL DOCUMENTS" was known to the public or to

12  persons who can obtain economic value from its disclosure or use when Mattel has

13  designated all of the "MATTEL DOCUMENTS" as "Confidential — Attorney's Eyes

14  Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which are the

15  subject of the interrogatory as "Confidential — Attorneys' Eyes Only," it is

16  impossible for MGA to respond to this interrogatory.

17      Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

18  stayed until further order of the Court.  Accordingly, MGA will not respond to this

19  interrogatory until the stay of Phase Two discovery is lifted by the Court.

20

21  LARIAN'S RESPONSE TO INTERROGATORY NO. 60:

22      Larian incorporates by reference his General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General Objection

24  Nos. 14-15 (regarding Definitions), including without limitation his objections to the

25  terms "MATTEL DOCUMENTS," "IDENTIFY" and "REFER OR RELATE TO."

26  Larian also objects to this interrogatory to the extent it seeks information that is not

27  subject to disclosure under any applicable privilege, doctrine or immunity, including

28  without limitation the attorney-client privilege, the work product doctrine, the right of

667145v1

1  privacy, and all other privileges recognized under the constitutional, statutory or

2  decisional law of the United States of America, the State of California or any other

3  applicable jurisdiction.  Larian further objects to this interrogatory on the grounds that

4  it seeks information that may be the subject of expert witness analysis and testimony.

5  Larian further objects to this interrogatory on the ground that it seeks information that

6  is uniquely or better known to Mattel.

7      Larian further objects that the interrogatory incorrectly presupposes that Larian

8  and/or MGA has even previously reviewed, much less evaluated whether the

9  information in the "MATTEL DOCUMENTS" was known to the public or to persons

10  who can obtain economic value from its disclosure or use, and is accusatory and

11  argumentative such that Larian would have to respond to the allegations of the

12  interrogatory before providing any substantive response.  Larian further objects on the

13  grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of over

14  two pages of bates number ranges that lump together 8 banker boxes of documents

15  falling into all different categories, including Excel spreadsheets, marketing materials,

16  information software training manuals, and employee evaluations.  Requiring Larian

17  to determine whether any information in each of the hundreds of documents in these

18  boxes was known to the public or to "PERSONS" who can obtain economic value

19  from its disclosure or use, then stating all facts supporting the contention for every

20  piece of information is unduly burdensome, and the burden or expense of the

21  proposed discovery outweighs its likely benefit.

22      Larian further objects to this interrogatory on the grounds that it is unduly

23  burdensome and oppressive to require Larian to state all facts to support a contention

24  that any information in the "MATTEL DOCUMENTS" was known to the public or to

25  persons who can obtain economic value from its disclosure or use when Mattel has

26  designated all of the "MATTEL DOCUMENTS" as "Confidential - Attorney's Eyes

27  Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which are the

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

1   subject of the interrogatory as "Confidential — Attorneys' Eyes Only," it is

2   impossible for Larian to respond to this interrogatory.

3       Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

4   stayed until further order of the Court.  Accordingly, Larian will not respond to this

5   interrogatory until the stay of Phase Two discovery is lifted by the Court.

6

7   INTERROGATORY NO. 61:

8       State all facts which support YOUR contention, if YOU so contend, that YOU

9   and/or MGA independently developed, or did not otherwise use or disclose, any

10  information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with

11  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

12  facts.

13  MGA'S RESPONSE TO INTERROGATORY NO. 61:

14      MGA incorporates by reference its General Response and General Objections

15  above, as though fully set forth herein and specifically incorporates General Objection

16  Nos. 14-15 (regarding Definitions), including without limitation its objections to the

17  terms "MGA," "MATTEL DOCUMENTS," "IDENTIFY," and "REFER OR

18  RELATE TO."  MGA also objects to this interrogatory to the extent it seeks

19  information that is not subject to disclosure under any applicable privilege, doctrine

20  or immunity, including without limitation the attorney-client privilege, the work

21  product doctrine, the right of privacy, and all other privileges recognized under the

22  constitutional, statutory or decisional law of the United States of America, the State of

23  California or any other applicable jurisdiction.  MGA further objects to this

24  interrogatory on the grounds that it is compound and unduly burdensome by

25  improperly combining two different questions: whether MGA independently

26  developed or whether MGA did not use or disclose information in the "MATTEL

27  DOCUMENTS" into a single interrogatory.  MGA further objects to this

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

interrogatory on the grounds that it seeks information that may be the subject of expert witness analysis and testimony.

MGA further objects that the interrogatory incorrectly presupposes that Larian and/or MGA has even previously reviewed, much less evaluated whether Larian and/or MGA independently developed, or did not otherwise use or disclose any information in the "MATTEL DOCUMENTS," and is accusatory and argumentative such that MGA would have to respond to the allegations of the interrogatory before providing any substantive response.  MGA further objects on the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of bates number ranges that lump together 8 banker boxes of documents falling into all different categories, including Excel spreadsheets, marketing materials, information software training manuals, and employee evaluations.  Requiring MGA to determine whether MGA independently developed, or did not otherwise use or disclose, any information in each of the hundreds of documents in these boxes, then stating all facts supporting the contention for every piece of information is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.

MGA further objects because this interrogatory is unduly burdensome in that it asks MGA to "prove the negative" by requiring MGA to state all facts in support of its denial of Mattel's contention that MGA and/or Larian used or disclosed information in the "MATTEL DOCUMENTS."  See Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 662-63 (D. Kan. 1996) (contention interrogatories requiring defendant to "state all facts" supporting its denial of plaintiffs allegations were overly broad and placed an unreasonable burden on the defendant); Safeco of America v. Rawstron, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to require the answering party to state all facts supporting the denial of statements made in requests for admission were unduly burdensome; finding with respect to the "identification of facts" that "as the court

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  suggested in Lawrence, the universe of potentially responsive information is almost
2  endless").

3      MGA further objects that the interrogatory is unduly burdensome because it is
4  compound and improperly combines three distinct concepts into a single
5  interrogatory.  MGA further objects to this interrogatory on the grounds that it is
6  unduly burdensome and oppressive to require MGA to state all facts to support a
7  contention that MGA and/or Larian independently developed, or did not otherwise
8  use or disclose, any information in the "MATTEL DOCUMENTS" when Mattel has
9  designated all of the "MATTEL DOCUMENTS" as "Confidential - Attorney's Eyes
10 Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which are the
11 subject of the interrogatory as "Confidential Attorneys' Eyes Only," it is impossible
12 for MGA to respond to this interrogatory.

13     Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is
14 stayed until further order of the Court.  Accordingly, MGA will not respond to this
15 interrogatory until the stay of Phase Two discovery is lifted by the Court.

16 LARIAN'S RESPONSE TO INTERROGATORY NO. 61:

17     Larian incorporates by reference his General Response and General Objections
18 above, as though fully set forth herein and specifically incorporates General Objection
19 Nos. 14-15 (regarding Definitions), including without limitation his objections to the
20 terms "MGA," "MATTEL DOCUMENTS," "IDENTIFY," and "REFER OR
21 RELATE TO."  Larian also objects to this interrogatory to the extent it seeks
22 information that is not subject to disclosure under any applicable privilege, doctrine
23 or immunity, including without limitation the attorney-client privilege, the work
24 product doctrine, the right of privacy, and all other privileges recognized under the
25 constitutional, statutory or decisional law of the United States of America, the State of
26 California or any other applicable jurisdiction.  Larian further objects to this
27 interrogatory on the grounds that it is compound and unduly burdensome by
28 improperly combining two different questions: whether Larian independently

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

developed or whether Larian did not use or disclose information in the "MATTEL DOCUMENTS" into a single interrogatory. Larian further objects to this interrogatory on the grounds that it seeks information that may be the subject of expert witness analysis and testimony.

Larian further objects that the interrogatory incorrectly presupposes that Larian and/or MGA has even previously reviewed, much less evaluated whether Larian and/or MGA independently developed, or did not otherwise use or disclose any infatuation in the "MATTEL DOCUMENTS," and is accusatory and argumentative such that MGA would have to respond to the allegations of the interrogatory before providing any substantive response. Larian further objects on the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of bates number ranges that lump together 8 banker boxes of documents falling into all different categories, including Excel spreadsheets, marketing materials, information software training manuals, and employee evaluations. Requiring Larian to determine whether Larian independently developed, or did not otherwise use or disclose, any information in each of the hundreds of documents in these boxes, then stating all facts supporting the contention for every piece of information is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.

Larian further objects because this interrogatory is unduly burdensome in that it asks Larian to "prove the negative" by requiring Larian to state all facts in support of his denial of Mattel's contention that MGA and/or Larian used or disclosed information in the "MATTEL DOCUMENTS." See Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 662-63 (D. Kan. 1996) (contention interrogatories requiring defendant to "state all facts" supporting its denial of plaintiffs allegations were overly broad and placed an unreasonable burden on the defendant); Safeco of America v. Rawstron, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (following Lawrence and holding that interrogatories that sought to require the answering party to state all facts supporting the denial of statements made in requests for admission were unduly

1  burdensome; finding with respect to the "identification of facts" that "as the court

2  suggested in Lawrence, the universe of potentially responsive information is almost

3  endless").

4      Larian further objects that the interrogatory is unduly burdensome because it is

5  compound and improperly combines three distinct concepts into a single

6  interrogatory.  Larian further objects to this interrogatory on the grounds that     it

7  is unduly burdensome and oppressive to require Larian to state all facts to support a

8  contention that MGA and/or Larian independently developed, or did not otherwise

9  use or disclose, any information in the "MATTEL DOCUMENTS" when Mattel has

10  designated all of the "MATTEL DOCUMENTS" as "Confidential Attorney's Eyes

11  Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which are the

12  subject of the interrogatory as "Confidential — Attorneys' Eyes Only," it is

13  impossible for Larian to respond to this interrogatory.

14      Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

15  stayed until further order of the Court.  Accordingly, Larian will not respond to this

16  interrogatory until the stay of Phase Two discovery is lifted by the Court.

17

18  **INTERROGATORY NO. 62**

19      State all facts which support YOUR contention that YOUR use or disclosure of

20  information in the MATTEL DOCUMENTS neither benefited YOU nor MGA nor

21  harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and

22  all DOCUMENTS that REFER OR RELATE TO such facts.

23

24  **RESPONSE TO INTERROGATORY NO. 62**

25      MGA incorporates by reference its General Response and General Objections

26  above, as though fully set forth herein and specifically incorporates General Objection

27  Nos. 14-15 (regarding Definitions), including without limitation its objections to the

28  terms "MGA," "MATTEL," "MATTEL DOCUMENTS," "IDENTIFY," and "REFER

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

OR RELATE TO."  MGA also objects to this interrogatory to the extent it seeks information that is not subject to disclosure under any applicable privilege, doctrine or immunity, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory or decisional law of the United States of America, the State of California or any other applicable jurisdiction. MGA further objects to this interrogatory on the grounds that it seeks information that may be the subject of expert witness analysis and testimony.

MGA further objects that the interrogatory incorrectly presupposes that Larian and/or MGA has even previously reviewed, much less used or disclosed any information in the "MATTEL DOCUMENTS," and is accusatory and argumentative such that MGA would have to respond to the allegations of the interrogatory before providing any substantive response.  MGA further objects on the grounds that Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of bates number ranges that lump together 8 banker boxes of documents falling into all different categories, including Excel spreadsheets, marketing materials, information software training manuals, and employee evaluations.  Requiring MGA to determine whether any use of the information in each of the hundreds of documents in these boxes would be potentially harmful to Mattel is unduly burdensome, and the burden or expense of the proposed discovery outweighs its likely benefit.

MGA further objects because this interrogatory is compound and unduly burdensome in that it asks MGA to "prove the negative" by requiring MGA to state all facts in support of its denial of Mattel's contention that (1) MGA and/or Larian used or disclosed information in the "MATTEL DOCUMENTS;" and (2) MGA's and/or Larian's use or disclosure of information in the "MATTEL DOCUMENTS" benefited MGA and/or Larian and/or harmed Mattel.  See Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 662-63 (D. Kan. 1996) (contention interrogatories requiring defendant to "state all facts" supporting its denial of plaintiffs allegations

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

OPPOSITION TO SEPARATE STATEMENT

1  were overly broad and placed an unreasonable burden on the defendant); Safeco of

2  America v. Rawstron, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (following Lawrence

3  and holding that interrogatories that sought to require the answering party to state all

4  facts supporting the denial of statement made in requests for admission were unduly

5  burdensome; finding with respect to the "identification of facts" that "as the court

6  suggested in Lawrence, the universe of potentially responsive information is almost

7  endless").

8       MGA further objects to this interrogatory on the grounds that it is unduly

9  burdensome and oppressive to require MGA to state all facts to support a contention

10 that MGA's and/or Larian's use or disclosure of information in the "MATTEL

11 DOCUMENTS" neither benefited MGA and/or Larian nor harmed Mattel when

12 Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential

13       Attorney's Eyes Only." Because Mattel has designated the "MATTEL

14 DOCUMENTS" which are the subject of the interrogatory as "Confidential Attorneys'

15 Eyes Only," it is impossible for MGA to respond to this interrogatory.

16       Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

17 stayed until further order of the Court.  Accordingly, MGA will not respond to this

18 interrogatory until the stay of Phase Two discovery is lifted by the Court.

19

20 **LARIAN'S RESPONSE TO INTERROGATORY NO. 62**

21       Larian incorporates by reference his General Response and General Objections

22 above, as though fully set forth herein and specifically incorporates General Objection

23 Nos. 14-15 (regarding Definitions), including without limitation his objections to the

24 terms "MGA," "MATTEL," "MATTEL DOCUMENTS," "IDENTIFY," and "REFER

25 OR RELATE TO." Larian also objects to this interrogatory to the extent it seeks

26 information that is not subject to disclosure under any applicable privilege, doctrine

27 or immunity, including without limitation the attorney-client privilege, the work

28 product doctrine, the right of privacy, and all other privileges recognized under the

667145v1

72

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  constitutional, statutory or decisional law of the United States of America, the State of

2  California or any other applicable jurisdiction.  Larian further objects to this

3  interrogatory on the grounds that it seeks information that may be the subject of

4  expert witness analysis and testimony.

5       Larian further objects that the interrogatory incorrectly presupposes that Larian

6  and/or MGA has even previously reviewed, much less used or disclosed any

7  information in the "MATTEL DOCUMENTS," and is accusatory and argumentative

8  such that Larian would have to respond to the allegations of the interrogatory before

9  providing any substantive response.  Larian further objects on the grounds that

10 Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of

11 bates number ranges that lump together 8 banker boxes of documents falling into all

12 different categories, including Excel spreadsheets, marketing materials, information

13 software training manuals, and employee evaluations. ` Requiring Larian to determine

14 whether any use of the information in each of the hundreds of documents in these

15 boxes would be potentially harmful to Mattel is unduly burdensome, and the burden

16 or expense of the proposed discovery outweighs its likely benefit.

17      Larian further objects because this interrogatory is compound and unduly

18 burdensome in that it asks Larian to "prove the negative" by requiring Larian to state

19 all facts in support of his denial of Mattel's contention that (1) MGA and/or Larian

20 used or disclosed information in the "MATTEL DOCUMENTS;" and (2) MGA's

21 and/or Larian's use or disclosure of information in the "MATTEL DOCUMENTS"

22 benefited MGA and/or Larian and/or harmed Mattel.  *See Lawrence v. First Kansas*

23 *Bank & Trust Co.*, 169 F.R.D. 657, 662-63 (D. Kan. 1996) (contention interrogatories

24 requiring defendant to "state all facts" supporting its denial of plaintiffs allegations

25 were overly broad and placed an unreasonable burden on the defendant); *Safeco of*

26 *America v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (following Lawrence

27 and holding that interrogatories that sought to require the answering party to state all

28 facts supporting the denial of statements made in requests for admission were unduly

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

burdensome; finding with respect to the "identification of facts" that "as the court suggested in Lawrence, the universe of potentially responsive information is almost endless").

Larian further objects to this interrogatory on the grounds that it is unduly burdensome and oppressive to require Larian to state all facts to support a contention that MGA's and/or Larian's use or disclosure of information in the "MATTEL DOCUMENTS" neither benefited MGA and/or Larian nor harnted Mattel when Mattel has designated all of the "MATTEL DOCUMENTS" as "Confidential — Attorney's Eyes Only."  Because Mattel has designated the "MATTEL DOCUMENTS" which are the subject of the interrogatory as "Confidential Attorneys' Eyes Only," it is impossible for Larian to respond to this interrogatory.

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court.  Accordingly, Larian will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

**INTERROGATORY NO. 63**

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA had, has or have any right to copy, possess, use or disclose any MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**MGA'S RESPONSE TO INTERROGATORY NO. 63**

MGA incorporates by reference its General Response and General Objections above, as though fully set forth herein and specifically incorporates General Objection Nos. 16-17 (regarding Definitions), including without limitation its objections to the terms "MGA," "MATTEL DOCUMENTS," "IDENTIFY," and "REFER OR RELATE TO."  As demonstrated in those objections, the definitions render the interrogatories compound and in effect contain multiple interrogatories in one and

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  exceeds the additional number of interrogatories permitted by the Court on January 9,

2  2008 and renders those interrogatories unduly burdensome.  MGA also objects to this

3  interrogatory to the extent it seeks information that is not subject to disclosure under

4  any applicable privilege, doctrine or immunity, including without limitation the

5  attorney-client privilege, the work product doctrine, the right of privacy, and all other

6  privileges recognized under the constitutional, statutory or decisional law of the

7  United States of America, the State of California or any other applicable jurisdiction.

8  MGA further objects to this interrogatory on the grounds that it is compound and

9  unduly burdensome by improperly combining four different concepts: copying,

10  possessing, using or disclosing into a single interrogatory.  MGA further objects to

11  this interrogatory on the grounds that it seeks information that may be the subject of

12  expert witness analysis and testimony.  MGA further objects to this interrogatory on

13  the ground that it seeks information that is uniquely or better known to Mattel.

14  MGA further objects that the interrogatory incorrectly presupposes that Larian

15  and/or MGA has even previously reviewed, much less copied, possessed, used or

16  disclosed any "MATTEL DOCUMENT," and is accusatory and argumentative such

17  that MGA would have to respond to the allegations of the interrogatory before

18  providing any substantive response.  MGA further objects on the grounds that

19  Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of

20  bates number ranges that lump together 8 banker boxes of documents falling into all

21  different categories, including Excel spreadsheets, marketing materials, information

22  software training manuals, and employee evaluations.  Requiring MGA to determine

23  whether MGA has any right to copy, possess, use or disclose each of the hundreds of

24  documents in these boxes, then stating all facts supporting the contention for every

25  piece of information is unduly burdensome, and the burden or expense of the

26  proposed discovery outweighs its likely benefit.

27  MGA further objects to this interrogatory on the grounds that it is unduly

28  burdensome and oppressive to require MGA to state all facts to support a contention

667145v1

1  that MGA and/or Larian had or has or have any right to copy, possess, use or disclose

2  any "MATTEL DOCUMENT" when Mattel has designated all of the "MATTEL

3  DOCUMENTS" as "Confidential — Attorney's Eyes Only." Because Mattel has

4  designated the "MATTEL DOCUMENTS" which are the subject of the interrogatory

5  as "Confidential — Attorneys' Eyes Only," it is impossible for MGA to respond to

6  this interrogatory.

7       Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

8  stayed until further order of the Court. Accordingly, MGA will not respond to this

9  interrogatory until the stay of Phase Two discovery is lifted by the Court.

10

11  **LARIAN'S RESPONSE TO INTERROGATORY NO. 63**

12       Larian incorporates by reference his General Response and General Objections

13  above, as though fully set forth herein and specifically incorporates General Objection

14  Nos. 14-15 (regarding Definitions), including without limitation his objections to the

15  terms "MGA," "MATTEL DOCUMENTS," "IDENTIFY," and "REFER OR

16  RELATE TO." As demonstrated in those objections, the definitions render the

17  interrogatories compound and in effect contain multiple interrogatories in one and

18  exceeds the additional number of interrogatories permitted by the Court on January 9,

19  2008 and renders those interrogatories unduly burdensome. Larian also objects to this

20  interrogatory to the extent it seeks information that is not subject to disclosure under

21  any applicable privilege, doctrine or immunity, including without limitation the

22  attorney-client privilege, the work product doctrine, the right of privacy, and all other

23  privileges recognized under the constitutional, statutory or decisional law of the

24  United States of America, the State of California or any other applicable jurisdiction.

25  Larian further objects to this interrogatory on the grounds that it is compound and

26  unduly burdensome by improperly combining four different concepts: copying,

27  possessing, using or disclosing into a single interrogatory. Larian further objects to

28  this interrogatory on the grounds that it seeks information that may be the subject of

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

1   expert witness analysis and testimony.  Larian further objects to this interrogatory on

2   the ground that it seeks information that is uniquely or better known to Mattel.

3       Larian further objects that the interrogatory incorrectly presupposes that Larian

4   and/or MGA has even previously reviewed, much less copied, possessed, used or

5   disclosed any "MATTEL DOCUMENT," and is accusatory and argumentative such

6   that Larian would have to respond to the allegations of the interrogatory before

7   providing any substantive response.   Larian further objects on the grounds that

8   Mattel's definition of "MATTEL DOCUMENTS" includes a list of over two pages of

9   bates number ranges that lump together 8 banker boxes of documents falling into all

10  different categories, including Excel spreadsheets, marketing materials, information

11  software training manuals, and employee evaluations.  Requiring Larian to determine

12  whether Larian and/or, MGA has any right to copy, possess, use or disclose each of

13  the hundreds of documents in these boxes, then stating all facts supporting the

14  contention for every piece of information is unduly burdensome, and the burden or

15  expense of the proposed discovery outweighs its likely benefit.

16      Larian further objects to this interrogatory on the grounds that it is unduly

17  burdensome and oppressive to require Larian to state all facts to support a contention

18  that MGA and/or Larian had or has or have any right to copy, possess, use or disclose

19  any "MATTEL DOCUMENT" when Mattel has designated all of the "MATTEL

20  DOCUMENTS" as "Confidential Attorney's Eyes Only."  Because Mattel has

21  designated the "MATTEL DOCUMENTS" which are the subject of the interrogatory

22  as "Confidential     Attorneys' Eyes Only," it is impossible for Larian to respond to

23  this interrogatory.

24      Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

25  stayed until further order of the Court. Accordingly, Larian will not respond to this

26  interrogatory until the stay of Phase Two discovery is lifted by the Court.

27

28

667145v1

## MATTEL'S REASONS WHY RESPONSES TO SUPPLEMENTAL INTERROGATORY NOS. 56-63 (TO MGA AND LARIAN) SHOULD BE COMPELLED

Interrogatory Nos. 56-63 request information regarding MGA's theft of Mattel documents.[15]  MGA concedes that Request Nos. 58-63 seek relevant information, thus that Mattel is entitled to the information it seeks.[16]  MGA does object to the relevance of Interrogatory Nos. 56 and 57.  This objection is baseless.  Interrogatory No. 56 asks MGA and Larian to identify the Mattel documents MGA has obtained since January 1, 1999, and to identify all persons with knowledge of such facts and all documents that refer or relate to such Mattel documents.[17]  Interrogatory No. 57 asks Defendants to identify all documents that refer or relate to any Mattel product or plan that any former Mattel employees provided to MGA since January 1, 1999.[18]  The information sought by these two interrogatories relates directly to Mattel's claims, including its RICO claims. Indeed, MGA's poaching of Mattel employees for the purposes of stealing its trade secrets is specifically alleged in Mattel's claims.[19]  Mattel alleges that MGA paid former Mattel employees in Mexico and Canada, as well as other employees, to leave Mattel and work for MGA and, in the process, steal Mattel trade secrets and other property and deliver them to MGA.[20]  The Court should overrule Defendants' relevance objections.

---

[15] Mattel, Inc.'s Supplemental Interrogatories (Interrogatory Nos. 56-63), Watson Dec., Exh. 13.

[16] MGA does not assert relevance objections to Interrogatory Nos. 56-63. MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Responses to Interrogatory Nos. 56-63), Watson Dec., Exh. 14.

[17] Mattel's Supplemental Interrogatories (No. 56), Watson Dec., Exh. 13.

[18] Id. (No. 57).

[19] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶¶ 12, 13, Watson Dec., Exh. 23.

[20] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Counter-Claims 37-76, Watson Dec., Exh 23.

667145v1

1    MGA's remaining objections to these interrogatories should also be overruled.

2  For each of these requests, MGA interjects its own, more limited definitions for

3  Mattel's defined terms, so that any response would provide Mattel only a portion of

4  the information Mattel is entitled to.  This is improper.  Chapman v. California Dept.

5  of Educ., 2002 WL 32854376, at * 3 (N.D. Cal. February 6, 2002) ("The proponent of

6  discovery is the master of its terms. So long as the information sought is within the

7  broad bounds of relevancy as set forth in Rule 26 and is otherwise properly

8  discoverable, the respondent may not unilaterally reshape or rephrase the discovery

9  request.").[21]

10    For example, Defendants object to Mattel's definition of "MGA" for including

11  "any of its current or fanner employees, officers, directors, agents, representatives,

12  attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and successors-

13  in-interest, and any other PERSON acting on its behalf, pursuant to its authority or

14  subject to its control."[22]  Defendants assert that they will instead "interpret the term

15  'MGA' to refer to MGA Entertainment, Inc. and any predecessors-in-interest."[23]  In

16  limiting the term "MGA" in this way, Defendants effectively refuse to provide Mattel

17  information regarding MGA's current or former employees, officers, directors, agents,

18  representatives, attorneys, experts, divisions, affiliates, successors-in-interest, and any

19  other person acting on its behalf. Mattel is clearly entitled to discover this

20  information, and Defendants offer no explanation to the contrary.

21    Defendants interject a similar limit to the term "MATTEL."  Defendants assert

22  that they will interpret the teen "to refer to all persons or entities who held themselves

23  out to MGA as officers, employees, agents, subsidiaries or divisions of Mattel, Inc."[24]

24  Defendants' interpretation excludes, without justification, any one who has held

25  themselves out to be Mattel directors, representatives, attorneys, parents,

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

---

26  [21]  As discussed above, Mattel's interrogatories seek information that is directly relevant to the party's claims and defenses in this case.

27  [22]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories at 7-8, Watson Dec., Exh. 14.

28  [23]  Id.
[24]  Id. at 8.

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

"AFFILIATES, predecessors-in-interest, successors-in-interest, and any other PERSON acting on Mattel's behalf, pursuant to its authority or subject to its control."[25]

Defendants also object to the term "MATTEL DOCUMENTS" because they assert that Mattel's definition of the term as "all DOCUMENTS stolen, obtained or taken from MATTEL by any PERSON" renders any interrogatory using the term accusatory and argumentative, and Defendants would then be required to make a conclusion as to an ultimate issue in the case in order to determine the scope of information requested by any interrogatory using the term.[26]  This objection is meritless.  To the extent this definition requires a legal conclusion at all, it merely requires Defendants to apply the law to the facts at hand.  This is proper. Fed.R.Civ.P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact."). Indeed, the Discovery Master has overruled defendants' prior refusals to respond to discovery requests on these grounds before.[27]

Defendants' attempt to limit "MATTEL DOCUMENTS" to include only the documents identified by Bates Numbers in Mattel's Supplemental Interrogatories is also baseless.[28]24  Mattel defined "MATTEL DOCUMENTS" to include all documents stolen, obtained or taken from Mattel.[29]  Mattel is entitled to discover information regarding all of the documents taken or obtained from Mattel, not just the ones Mattel currently has knowledge of Defendants' limitation to the term "MATTEL

---

[25] Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 13.

[26] MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 8-9, Watson Dec, Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories, at 8-9, Watson Dec., Exh. 15.

[27] See Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion objection in the context of requests for admissions), Watson Dec., Exh. 25.

[28] Id.

[29] Mattel's Supplemental Interrogatories, at 7, Watson Dec., Exh. 13.

**OPPOSITION TO SEPARATE STATEMENT**