1  DOCUMENTS" is merely a thinly veiled attempt to prevent Mattel from discovering

2  additional documents MGA has taken from Mattel.

3  Finally, Defendants object to the term "MATTEL DOCUMENTS" on the

4  grounds that because Mattel has designated some of the documents as "Confidential -

5  Attorney's Eyes Only," it is impossible for them to respond.[30]  However, MGA and

6  Larian know which documents they improperly obtained from Mattel and who

7  improperly obtained them; nothing about Mattel's designations alter those facts.

8  Defendants have produced document after document containing Mattel trade secrets

9  and, in fact, some of these were marked as exhibits at the deposition of Mr. Machado.

10  Defendants' objections to the term "MATTEL DOCUMENTS" should be overruled.

11  MGA's efforts to limit to the -Lewis "MACHADO," "TRUEBA," "VARGAS,"

12  "BRAWER," "CASTILLA," "COONEY," "BRISBOIS," "CONTRERAS,"

13  "ABUNDIS" to refer only to those people as individuals are also improper.

14  Defendants do not dispute that Mattel is entitled to discover information regarding

15  each of these individuals' "current or former employees, agents, representatives,

16  attorneys, accountants, vendors, consultants, independent contractors, predecessors-

17  in-interest and successors-in-interest, and any other PERSON acting on [their] behalf;

18  pursuant to [their] authority or subject to t[their] control."[31]  Rather, Defendants claim

19  merely that it is impossible for them to know whether a person is affiliated with each

20  of these individuals, unless they have "held himself or herself out" as such.[32]  This

21  does not justify Defendants' limitation, which 'excludes from their responses even

22  those people who have held themselves out to have such affiliations.

23  Finally, Defendants object to the definition of "FORMER MATTEL

24  EMPLOYEES" on the grounds that the definition requires them to "make a

25  conclusion as to an ultimate issue in the case" and because they cannot determine

---

26  [30]  See, e.g., MGA's and Larian's Responses to Interrogatory Nos. 56, 58-63, Watson Dec Exhs. 14, 15.

27  [31]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 9-13, Watson

28  Dec., Exh. 14.
    [32]  Id.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

OPPOSITION TO SEPARATE STATEMENT

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   whether and which former Mattel employees violated any obligations to Mattel.[33]

2   Based on this objection, MGA and Larian unilaterally limit the definition to refer only

3   to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San

4   Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick

5   Contreras and Ricardo Abundis."[34]  This limitation is also meritless.  As discussed

6   above, to the extent this definition requires a legal conclusion at all, it merely requires

7   an application of law to fact.  Moreover, MGA and Larian are certainly in a position

8   to determine which Mattel employees other than those specifically identified have

9   provided them with Mattel trade secrets.  Indeed, they have an obligation to

10  investigate whether that is the case.

11      Each of Defendants' objections and limitations to Mattel's defined terms should

12  be overruled, and Defendants should be compelled to respond to Mattel's

13  interrogatories in full.

14      MGA's objection that these interrogatories seek information that "may be the

15  subject of expert witness analysis and testimony"[35] is also without merit.  These

16  interrogatories merely seek the factual basis on which MGA bases its claims and

17  defenses and are not exclusively the subject of expert witness and testimony.

18  Moreover, interrogatories requesting factual information are not objectionable on the

19  basis that the responding party would need to consult with an expert to clarify

20  relevant facts.  See King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 (D.D.C. 1987)

21  ("while an expert on stockbroker operations and investments may be necessary to

22  refine the evidence of their losses, the plaintiffs must have had some factual basis for

23  concluding they had sustained losses at the time the complaint was filed . . . It is no

24  answer for plaintiffs to assert that they will need ... to consult with an expert to

25  determine their losses.  They should have answered the interrogatories with such

26  ――――――――――

27  [33] See MGA's Responses to Mattel's Supplemental Interrogatories at 13, Watson Dec., Exh. 14.
    [34] Id. at 14.
28  [35] MGA Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 60-63), Watson Dec.,
    Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 60-63),
    Watson Dec., Exh. 15.

667145v1

1   information as they then possessed, and pursuant to Rule 26(e) . . . supplement their

2   answers . . . to reflect refinements or corrections to the factual representations as to

3   their asserted losses"); <u>Roberts v. Heim</u>, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989)

4   (Plaintiffs' response to defendants' interrogatory, in which plaintiffs objected to the

5   interrogatory on the ground that the response was dependent, in part, on, expert

6   testimony, required plaintiffs to answer the interrogatory and state whether the answer

7   to the interrogatory contained all the factual information in the plaintiffs' possession

8   independent of that to be provided by plaintiffs' experts and also required plaintiffs to

9   provide any other factual information independent of that to be provided by their

10  expert).

11      MGA's objection that Interrogatory Nos. 60 and 63 seek information that is

12  uniquely or better known to Mattel should also be overruled.[36]  Defendants object to

13  these interrogatories on the basis that they seeks information that is uniquely or better

14  known to Mattel.[37]  This objection is also without merit. Interrogatory No. 60 seeks

15  the factual basis for Defendants' contention regarding whether the "MATTEL

16  DOCUMENTS" were known to the public or to people who could obtain economic

17  value from their disclosure.[38]  Interrogatory No. 63 seeks the factual basis for

18  Defendants' contention that MGA had the right to copy, possess, or use the

19  "MATTEL DOCUMENTS."[39]  This information is almost exclusively in Defendants'

20  possession, as they know better than Mattel the bases for any contentions they may

21  have that the "MATTEL DOCUMENTS" were not trade secrets or that Defendants

22  otherwise had the right to obtain and use the "MATTEL DOCUMENTS." Certainly,

23  Defendants know the factual bases for their contentions better than Mattel does.

24

---

25  [36]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (No. 60, 63), Watson Dec.,
26      Exh. 14.
    [37]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 60), Watson Dec., Exh.
27      14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (No. 60), Watson Dec.,
        Exh. 15.
28  [38]  Mattel Supplemental Interrogatories (No. 60), Watson Dec., Exh. 13.
    [39]  Id. at Interrogatory No. 63.

667145v1

OPPOSITION TO SEPARATE STATEMENT

Defendants object to each of the interrogatories regarding "MATTEL DOCUMENTS" on the grounds that they "seek information that is not subject to disclosure under any applicable privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory, or decisional law of the United States of America, the State of California, or any other applicable jurisdiction."[40]  This boilerplate objection is improper.  Most of the interrogatories at issue here are contention interrogatories.  Parties are required to answer interrogatories that ask them to state their contentions about facts or the application of law to facts. Fed. R. Civ. P. 33(a)(2).  Mattel is entitled to learn the facts in Defendants' possession which they believe support their own contentions.  Mattel is also entitled to learn which documents and persons relate to or are knowledgeable about such facts.  The law is clear that a party cannot avoid responding to contention interrogatories by claiming that they call for a legal conclusion or by invoking the attorney-client privilege or the work product doctrine. Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics which a party contends supports a contention do not implicate the attorney work product doctrine:  "If this elementary principle were not applicable, contention interrogatories would not exist. As the Advisory Committee Note reflects, as to requests for even opinions or contentions that call for the application of law to fact, they are permissible and can be most useful in narrowing and sharpening the issues, which is the major purpose of discovery.").

---

[40]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 56-63), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 56-63). Watson Dec., Exh. 15.

667145v1

OPPOSITION TO SEPARATE STATEMENT

Defendants object to several of Mattel's Supplemental Interrogatories on the grounds that those interrogatories ask Defendants to "prove the negative."[41] This objection is also without merit. Interrogatories like the ones Defendants object to here are commonly used to elucidate facts regarding a party's contentions, and numerous courts have held them proper. See, e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC, 2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer interrogatories requesting "all supporting facts, documents, exhibits, testimony and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL 432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that interrogatories requesting "all facts" in support of a denial of a statement were not unduly burdensome); Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12 (N.D. W. Va. 2007) (holding that interrogatory asking party to state "each fact" in support of contention is proper); Wilson v. Thompson/Center Arms Co., 2006 WL 3524250, at *1 (E.D. La. 2006) (overruling vagueness and burden objections, and compelling defendants to "fully respond" to interrogatories requesting "each fact, exhibit and witness" in support of contentions); Zapata v. IBP, Inc., 1997 WL 122588, at *1 (D. Kan. 1997) (ordering defendant to fully answer interrogatory asking for factual basis for each of defendant's defenses, as well as all witnesses with knowledge of and all documents relating to those facts); Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc., 1995 WL 625953, at *1 (D. Kan. 1995) (approving contention interrogatories seeking "all facts" because "parties 'are entitled to know the factual basis' of the claims, defenses, or denials of their opponents" and rejecting defendant's objection that it could not answer interrogatories because it had not obtained sufficient discovery from plaintiff, as a party "may not withhold discovery

---

[41]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 58, 59, 61, 62), Watson Dec., Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 58, 59, 61, 62), Watson Dec., Exh. 15.

667145v1

OPPOSITION TO SEPARATE STATEMENT

1  solely because it has not obtained to its satisfaction other discovery"); Pension Ben.

2  Guar. Corp v. Ziffer, 1994 WL 11654, at *1 (N.D. Ill. 1994) (stating that

3  interrogatories asking for "all facts" supporting contentions "are appropriately

4  made").

5       Defendants rely in their objections on Safeco of Am. v. Rawstron, 181 F.R.D.

6  441, 447-48 (C.D. Cal. 1998), and Lawrence v. First Kansas Bank & Trust Co., 169

7  F.R.D. 657, 663-64 (D. Kan. 1996), but these authorities do not undermine Mattel's

8  interrogatories.  Rather, they merely recognize that interrogatories seeking all facts

9  supporting the denial of an assertion may, in some circumstances and in some cases,

10  impose an undue burden. See Chapman v. California Dept. of Education, 2002 WL

11  32854376, at *2 (N.D. Cal. 2002) ("While interrogatories that call for all facts,

12  documents and witnesses may, in some circumstances, place an unreasonable burden

13  on the responding party . . . an interrogatory that requests 'all facts' in support of a

14  refusal to admit specific relevant facts is not burdensome and oppressive per se."). In

15  the meet and confer process, defendants have offered no evidence of burden, and

16  cannot do so.  See e.g., Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)

17  ("mere statement by a party that the interrogatory was `overly broad, burdensome,

18  oppressive and irrelevant' is not adequate to voice a successful objection."); Walker v.

19  Lakewood Condominium Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999)

20  ("Boilerplate, generalized objections are inadequate and tantamount to not making

21  any objection at all.").

22       Finally, the Court should overrule Defendants' undue burden objections.[42]  For

23  example, Defendants object that interrogatories regarding "MATTEL

24  DOCUMENTS" are unduly burdensome because Mattel has listed at least 8 banker

25  boxes of documents that MGA allegedly improperly obtained.[43]  However, to

26

[42]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 57-63), Watson Dec.,
27  Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 57-63),
    Watson Dec., Exh. 15.

28  [43]  See, e.g., MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 59-63),
    Watson Dec., Exh. 14.

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   determine whether an interrogatory imposes an "undue burden," courts have adopted

2   a "proportionality approach that balances the burden on the interrogated party against

3   the benefit that having the information would provide to the party submitting the

4   interrogatory."  8A Wright & Miller, Federal Practice &  Procedure: Federal Rules of

5   Civil Procedure § 2174; see also King v. Georgia Power  Co., 50 F.R.D. 134, 136

6   (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome

7   and oppressive, even though preparation of answer would be time-consuming and

8   costly, because information was crucial to the issues of the suit and in exclusive

9   custody of defendant); Seff v. General Outdoor  Advertising Co., 11 F.R.D. 597, 598

10  (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of

11  information to plaintiff clearly outweighed any annoyance or expense involved in

12  disclosure by defendant).

13       Here, as discussed above, information regarding the details of MGA's

14  appropriation of Mattel's documents clearly goes to the core of Mattel's

15  misappropriation of trade secrets claim.[44]  This information is almost exclusively in

16  defendants' possession, as they know better than Mattel which documents they

17  misappropriated and when. Mattel's need to discover this information clearly

18  outweighs any efforts MGA and Larian will be required to undertake, particularly

19  because the volume of documents involved is due to the pervasiveness of Defendants'

20  misappropriation.[45]

21

22

23

24

---

25   [44]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers VII 12, 13,
     Watson Dec., Exh. 23.
26   [45]  Defendants also assert that Mattel's interrogatories are unduly burdensome because they have several
     discrete subparts (Nos. 51-53) or require responses regarding too many former Mattel employees and
27   other individuals (Nos. 67-69). Fully responding to Mattel's interrogatories will undoubtedly require
     some effort, but there is nothing "undue" about that burden. Mattel's interrogatories address both parties'
28   contentions and defenses on central issues, and Mattel is entitled to full discovery of such information.

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**OPPOSITION TO SEPARATE STATEMENT**

## MGA'S OPPOSITION TO MATTEL'S REASONS WHY A RESPONSES TO SUPPLEMENTAL INTERROGATORY NOS. 56-63 (TO MGA AND LARIAN) SHOULD BE COMPELLED

These Interrogatories incorporate Mattel's definition of "MATTEL DOCUMENTS" which have been defined as "all DOCUMENTS stolen, obtained or taken from MATTEL by any PERSON , including but not limited to the documents identified as Bates Numbers . . . ." (Ex. 13 to Mattel's Motion at 7:3-5.) This list of specific documents identified by Bates Number is 2 ½ pages long and has the appearance of a data printout. Indeed, Mattel admits in its Motion that these allegedly "stolen" documents consist of "at least 8 banker boxes of documents." (Motion at 25:6.)

As discussed below, the interrogatories are objectionable because they (1) ask MGA to establish a negative proposition, (2) require MGA and Larian to admit facts it denies as they presuppose documents were stolen or taken by former Mattel employees and given to MGA, and (3) are overly broad and unduly burdensome as the definition is compound and contains multiple subparts.

### A.   The Interrogatories Presuppose Facts That Are Not True.

Interrogatory Nos. 60, 61 and 63 are each improper because they cannot be answered unless MGA accepts a definition that assumes it is in possession of documents stolen or taken from Mattel by former Mattel employees – a fact that MGA denies.[46]

### B.   The Interrogatories Are Unduly Burdensome.

Moreover, when read in conjunction with the definition of "MATTEL DOCUMENTS," the burden imposed by these interrogatories is evident. As

---

[46] For example, Interrogatory No. 60 asks MGA to:
State all facts which support YOUR contention, if YOU so contend, that any information in the MATTEL DOCUMENTS was known to the public or to PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR RELATE TO the foregoing.

667145v1

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

discussed above, "MATTEL DOCUMENTS" is defined to include *at least* **8 boxes of documents.** Requiring MGA to state all facts, identify all documents and identify all witnesses relating to those facts, supporting contentions for over 8 boxes of documents is patently unduly burdensome, harassing and oppressive.

Mattel improperly justifies its use of the defined term "MATTEL DOCUMENTS" based on three unfounded assertions. Mattel first asserts "MGA/Larian know which documents they improperly obtained from Mattel and who improperly obtained them." (Mattel Motion p. 17:19-20). Mattel asserts second, "Defendants have produced document after document containing Mattel trade secrets and, in fact, some of these were marked as exhibits at the deposition of Mr. Machado." (Mattel Motion p. 18:2-4.). Mattel asserts third, "MGA/Larian are certainly in a position to determine which Mattel employees other than those specifically identified have provided them with Mattel trade secrets. (Mattel Motion p.19:8-10.) Mattel fails to cite any document, testimony or declaration to support these allegations in its moving papers. Mattel cannot sandbag MGA or Larian now by citing evidence in Reply. Even worse, each of the interrogatories using the term "MATTEL DOCUMENTS" requires MGA to assume these unfounded assertions are true, which makes the interrogatories unanswerable and incomprehensible. Since Mattel's arguments are not supported by evidence, Mattel's Motion must be denied.

Furthermore, Mattel seeks verified answers to the questions it did not ask. Specifically, Mattel insists that Interrogatory No. 56 asks MGA/Larian to "identify the Mattel documents MGA has obtained since January 1, 1999, identify persons with knowledge of MGA obtaining Mattel documents, and identify documents that refer relate to <u>obtaining Mattel documents</u>. (Mattel Motion, p. 11: 14-17.) This was not the question Mattel asked. Mattel asked a incomprehensible jumble of a question that states as follows:

> IDENTIFY all MATTEL DOCUMENTS that MGA has
> obtained, received, reviewed, copied, reproduced, transmitted,

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

1  requested or used at any time since January 1, 1999, and

2  IDENTIFY all PERSONS with knowledge of such facts and all

3  DOCUMENTS that REFER OR RELATE TO such MATTEL

4  DOCUMENTS.

5  (Ex. 13 attached to Mattel's Motion at 14.)

6      This interrogatory, however, does not ask for documents that refer or relate to

7  obtaining Mattel Documents, it asks for all documents that refer or relate to any one

8  of the thousands upon thousands of documents contained in the *eight banker's boxes*

9  *of documents* that Mattel included in its definition of "MATTEL DOCUMENTS."

10  This is harassing, unduly burdensome and oppressive.

11      **C.**    **The Interrogatories Are Impermissibly Compound.**

12      The Interrogatories are also improper because they are compound and contain

13  impermissible sub-parts.  Interrogatory Nos. 56-63 contain innumerable sub-parts

14  because they contain the term "MATTEL DOCUMENTS" which requires MGA to

15  gather facts, and identify witnesses as well as documents concerning each and every

16  one of the thousands of documents included in the eight banker's boxes of documents

17  included in the definition.

18      Likewise, Interrogatory No. 56 asks MGA to "IDENTIFY all MATTEL

19  DOCUMENTS that MGA has ***obtained, received, reviewed, copied, reproduced,***

20  ***transmitted, requested or used*** at anytime since January 1, 1999, and IDENTIFY all

21  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

22  RELATE TO such MATTEL DOCUMENTS."[47]

23      This is improper.  Under Rule 33, "a party may serve on any other party no

24  more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ.

25  Proc. 33; <u>see also</u> <u>Willingham v. Ashcroft</u>, 226 F.R.D. 57 (2005) (interrogatory

26  

---

[47] Likewise, Interrogatory No. 58 asks MGA to "state all facts . . . that *YOU and/or MGA* did not obtain any MATTEL

27  DOCUMENTS through improper means, and IDENTIFY all PERSONS with knowledge of such facts and all

DOCUMENTS that REFER OR RELATE TO such facts." (<u>See</u> Ex. 13 at p. 14, attached to Motion [Supp.

28  Interrogatories]) (emphasis added.)

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

1   subpart that introduces a new line of inquiry is considered a separate interrogatory

2   under Rule 33; responding party not obligated to answer more than 25 interrogatories,

3   including subparts); Banks v. Office of Senate Sergeant-at-Arms, 222 F.R.D. 7

4   (D.D.C. 2004) (number of interrogatories, including subparts, exceeded Rule 33

5   numerical restriction).

6   **D.    The Interrogatories Improperly Ask MGA to Establish A Negative**

7   **Proposition.**

8   Interrogatory Nos. 58, 59, and 62 concern MGA's contention that it did not

9   obtain any Mattel documents through improper means and the potential value these

10   documents might have in being kept private.  These Interrogatories effectively ask

11   MGA to  establish a negative proposition, and thus are unduly burdensome and

12   oppressive.  For example, Interrogatory No. 58 asks for MGA to identify all facts that

13   MGA *did not obtain any MATTEL DOCUMENTS through improper means*, and to

14   identify any individuals with knowledge of, or documents referring to, the negative

15   proposition that it did not obtain Mattel documents. This is tantamount to asking the

16   MGA parties for witnesses to and documentary evidence of something that did not

17   occur.  Courts have consistently recognized that such requests are unanswerable and

18   improper.  See Safeco of America v. Rawstron, 181 F.R.D. 441, 447-48 (C.D. Cal.

19   1998) (citing Lawrence v. First Kansas Bank & Trust Co., 169 F.R.D. 657, 662-63

20   (D. Kan. 1996) (holding that interrogatories asking for facts in support of a negative

21   proposition were unduly burdensome and oppressive)).

22   The cases cited by Mattel in its Motion are inapposite.  Mattel's reliance on

23   Dang v. Cross, 2002 WL 432197 (C.D. Cal. 2002) is misplaced and misleading.  In

24   Dang, plaintiff brought an action against the City of Compton and police officers who

25   allegedly used excessive force to arrest him. Id. at *1.  However, Dang was a case

26   that had an exponentially smaller universe of facts, allegations, and discovery than the

27   ongoing complex litigation between MGA and Mattel, a fact recognized by the court

28

667145v1

OPPOSITION TO SEPARATE STATEMENT

1   when it explicitly limited its ruling to the facts of the case. Id. at *4. Mattel now

2   improperly seeks to extend this inapposite ruling to the case at hand.

3       Mattel's reliance on Tennison v. City & County of San Francisco, 226 F.R.D.

4   615 (N.D. Cal. 2005), is equally inapplicable. In Tennison, the plaintiff was asked to

5   state all facts supporting his previous denials. Importantly, the interrogatory at issue

6   in Tennison was found by the court to be not burdensome because *the plaintiff there*

7   *had already told the defendant that he had easy access to documents* containing

8   responsive facts. That is certainly not the case here.

9

10      **B.      Mattel's Interrogatories About MGA's Payments to Former Mattel**

11              **Employees (Interrogatory Nos. 67-69)**

12

13  **INTERROGATORY NO. 67**

14      IDENTIFY fully and separately each and every payment of money or other

15  item of value that YOU have made or given, or any promise, agreement, proposal Or

16  offer by YOU to pay money or give any item of value, to or on behalf of any

17  PERSON identified in any of the parties' initial disclosures in this ACTION at any

18  time when such PERSON was not an employee of MGA, including without limitation

19  with respect to legal fees incurred by or on behalf of such PERSON.

20

21  **RESPONSE TO INTERROGATORY NO. 67**

22      MGA incorporates by reference its General Response and General Objections

23  above, as though fully set forth herein and specifically incorporates General Objection

24  Nos. 14-15 (regarding Definitions), including without limitation its objections to the

25  term "IDENTIFY." MGA also objects to this interrogatory to the extent it seeks

26  information that is not subject to disclosure under any applicable privilege, doctrine

27  or immunity, including without limitation the attorney-client privilege, the work

28  product doctrine, the right of privacy, and all other privileges recognized under the

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  constitutional, statutory or decisional law of the United States of America, the State of

2  California or any other applicable jurisdiction.

3      MGA further objects to this interrogatory as overly broad, unduly burdensome,

4  and seeks information that is not relevant to the claims and defenses in this action and

5  is not reasonably calculated to lead to the discovery of admissible evidence in that (i)

6  the interrogatory is completely unbounded by any time limitation and (ii) Mattel's

7  fishing expedition through each and every payment from MGA to all freelancers and

8  anyone else listed on the initial disclosures since the formation of MGA is harassing

9  and completely untied to the claims and defenses in this action. By MGA's count, the

10  individuals listed in the parties' initial disclosures number 199.  The burden and

11  expense of determining whether each individual listed on those disclosures was ever

12  paid by MGA, then generating reports of every payment for each such individual far

13  outweighs the interrogatory's likely benefit, considering the needs of the case, the

14  parties' resources, and the importance of the discovery in resolving the issues.

15      Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

16  stayed until further order of the Court. Accordingly, MGA will not respond to this

17  interrogatory until the stay of Phase Two discovery is lifted by the Court.

18

19  **LARIAN'S RESPONSE TO INTERROGATORY NO. 67**

20      Larian incorporates by reference his General Response and General Objections

21  above, as though fully set forth herein and specifically incorporates General Objection

22  Nos. 14-15 (regarding Definitions), including without limitation his objections to the

23  term "IDENTIFY."  Larian also objects to this interrogatory to the extent it seeks

24  information that is not subject to disclosure under any applicable privilege, doctrine

25  or immunity, including without limitation the attorney-client privilege, the work

26  product doctrine, the right of privacy, and all other privileges recognized under the

27  constitutional, statutory or decisional law of the United States of America, the State of

28  California or any other applicable jurisdiction.

667145v1

**OPPOSITION TO SEPARATE STATEMENT**

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1    Larian further objects to this interrogatory as overly broad and unduly

2  burdensome because the interrogatory is completely unbounded by any time

3  restriction.  Mattel's fishing expedition for each and every payment or item of value

4  given by Larian to anyone else listed on the initial disclosures since Larian's birth is

5  harassing and completely untailored to the claims and defenses in this action.  By

6  Larian's count, the individuals listed in the parties' initial disclosures number 199.

7  Larian further objects to this interrogatory on the grounds that it is intrusive and

8  harassing.  Larian notes that his brother Farhad Larian is listed on the disclosures.

9  The interrogatory thus would require Larian to document each and every birthday or

10  holiday gift that Larian has given his brother since their childhood.  As the Court has

11  already held, "Personal financial information is afforded protection by the California

12  Constitution that is also recognized by federal courts."  Order of January 28, 2008, at

13  12 (citing Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal. 1987) (federal

14  courts should give "some weight" to privacy rights that are protected by state

15  constitutions).  The burden and expense of responding to the overly broad, intrusive

16  and harassing interrogatory far outweighs the interrogatory's likely benefit,

17  considering the needs of the case, the parties' resources, and the importance of the

18  discovery in resolving the issues.

19    Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

20  stayed until further order of the Court.  Accordingly, Larian will not respond to this

21  interrogatory until the stay of Phase Two discovery is lifted by the Court.

22

23  **INTERROGATORY NO. 68**

24    To the extent not disclosed in response to prior Interrogatories, IDENTIFY

25  fully and separately each and every payment of money or other item of value that

26  MGA has made, or any promise, agreement, proposal or offer by MGA to pay money

27  or give any item of value, to or on behalf of any of the FORMER MATTEL

28

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  EMPLOYEES, including without limitation with respect to legal fees incurred by or

2  on behalf of any of the FORMER MATTEL EMPLOYEES.

3

4  **MGA'S RESPONSE TO INTERROGATORY NO. 68**

5       MGA incorporates by reference its General Response and General Objections

6  above, as though fully set forth herein and specifically incorporates General Objection

7  Nos. 14-15 (regarding Definitions), including without limitation its objections to the

8  term "IDENTIFY" and "FORMER MATTEL EMPLOYEES."  MGA also objects to

9  this interrogatory to the extent it seeks information that is not subject to disclosure

10 under any applicable privilege, doctrine or immunity, including without limitation the

11 attorney-client privilege, the work product doctrine, the right of privacy, and all other

12 privileges recognized under the constitutional, statutory or decisional law of the

13 United States of America, the State of California or any other applicable jurisdiction.

14       MGA further objects to this interrogatory as overly broad and unduly

15 burdensome because the interrogatory is unbounded by any time restrictions.

16       Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

17 stayed until further order of the Court.  Accordingly, MGA will not respond to this

18 interrogatory until the stay of Phase Two discovery is lifted by the Court.

19

20 **LARIAN'S RESPONSE TO INTERROGATORY NO. 68**

21       Larian incorporates by reference his General Response and General Objections

22 above, as though fully set forth herein and specifically incorporates General Objection

23 Nos. 14-15 (regarding Definitions), including without limitation his objections to the

24 term "IDENTIFY" and "FORMER MATTEL EMPLOYEES."  Larian also objects to

25 this interrogatory to the extent it seeks information that is not subject to disclosure

26 under any applicable privilege, doctrine or immunity, including without limitation the

27 attorney-client privilege, the work product doctrine, the right of privacy, and all other

28 privileges recognized under the constitutional, statutory or decisional law of the

667145v1

95

1  United States of America, the State of California or any other applicable jurisdiction.

2  Larian further objects to this interrogatory as overly broad and unduly burdensome

3  because the interrogatory is unbounded by any time restrictions.

4       Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is

5  stayed until further order of the Court.  Accordingly, Larian will not respond to this

6  interrogatory until the stay of Phase Two discovery is lifted by the Court.

7

8  **INTERROGATORY NO. 69**

9       To the extent not disclosed in response to prior Interrogatories, IDENTIFY

10 fully and separately each and every payment of money or other item of value that

11 YOU have made, or any promise, agreement, proposal or offer by YOU to pay money

12 or give any item of value, since January 1, 1998 to or on behalf of any PERSON who

13 has been employed by MATTEL (excluding ordinary salary and benefits paid to such

14 PERSON while an MGA employee), including without limitation with respect to

15 legal fees incurred by or on behalf of such PERSON and bonuses paid to such

16 PERSON.

17

18 **MGA'S RESPONSE TO INTERROGATORY NO. 69**

19      MGA incorporates by reference its General Response and General Objections

20 above, as though fully set forth herein and specifically incorporates General Objection

21 Nos. 14-15 (regarding Definitions), including without limitation its objections to the

22 term "IDENTIFY," "MATTEL" and "MGA." MGA also objects to this interrogatory

23 to the extent it seeks info nation that is not subject to disclosure under any applicable

24 privilege, doctrine or immunity, including without limitation the attorney-client

25 privilege, the work product doctrine, the right of privacy, and all other privileges

26 recognized under the constitutional, statutory or decisional law of the United States of

27 America, the State of California or any other applicable jurisdiction.

28

667145v1

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**OPPOSITION TO SEPARATE STATEMENT**

Mattel's fishing expedition for each and every payment other than ordinary salary and benefits made by MGA since January 1, 1998 to all persons ever formerly employed by Mattel is oppressive and harassing. MGA further objects to this interrogatory as vague and ambiguous, overly broad and unduly burdensome because of the term "any PERSON who has been employed by MATTEL" is unbound by any time restriction.  It is impossible for MGA to know each and every person who, in their lifetime, has ever been employed with MATTEL.  Mattel's interrogatory is overly broad and unduly burdensome because it, in effect, requires MGA to search its records for every payment it has made to MGA employees or freelancers after January 1, 1998, somehow determine whether any of the people paid ever worked for Mattel in his or her lifetime, then cull out each and every payment that falls outside ordinary salary and benefits. MGA objects on the grounds that the burden and expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the parties' resources, and the importance of the discovery in resolving the issues at stake in the action.

MGA further objects to this interrogatory as duplicative and cumulative because MGA has already produced extensive information regarding payments to individuals identified by Mattel in prior interrogatories, most recently at the January 24, 2008 30(b)(6) deposition of Lisa Tonnu.  The instant interrogatory is an improper catch-all fishing expedition.  For example, MGA notes that ordinary expense reimbursements would be included under the terms of the overly broad interrogatory.  MGA thus objects that the interrogatory seeks information not relevant to the claims or defenses of any party to this action and is not reasonably calculated to lead to the discovery of admissible evidence.

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court.  Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

667145v1

1  **LARIAN'S RESPONSE TO INTERROGATORY NO. 69**

2  Larian incorporates by reference his General Response and General Objections

3  above, as though fully set forth herein and specifically incorporates General Objection

4  Nos. 14-15 (regarding Definitions), including without limitation his objections to the

5  term "IDENTIFY," "MATTEL" and "MGA."  Larian also objects to this interrogatory

6  to the extent it seeks information that is not subject to disclosure under any applicable

7  privilege, doctrine or immunity, including without limitation the attorney-client

8  privilege, the work product doctrine, the right of privacy, and all other privileges

9  recognized under the constitutional, statutory or decisional law of the United States of

10  America, the State of California or any other applicable jurisdiction.

11  Mattel's fishing expedition for each and every payment other than ordinary

12  salary and benefits made by Larian since January 1, 1998 to all persons ever formerly

13  employed by Mattel is oppressive and harassing.  Larian further objects to this

14  interrogatory as vague and ambiguous, overly broad and unduly burdensome because

15  of the term "any PERSON who has been employed by MATTEL" is unbound by any

16  time restriction.  It is impossible for Larian to know each and every person who, in

17  their lifetime, has ever been employed with MATTEL. Mattel's interrogatory is overly

18  broad and unduly burdensome because it, in effect, requires Larian to somehow

19  determine whether any of the people he has ever given any item of value, including

20  customary business gifts, has ever worked for Mattel in his or her lifetime.  Larian

21  objects on the grounds that the burden and expense of the proposed discovery

22  outweighs its likely benefit, considering the needs of the case, the parties' resources,

23  and the importance of the discovery in resolving the issues at stake in the action.

24  The instant interrogatory is an improper catch-all fishing expedition. Larian

25  thus objects that the interrogatory seeks information not relevant to the claims or

26  defenses of any party to this action and is not reasonably calculated to lead to the

27  discovery of admissible evidence.

28

667145v1

OPPOSITION TO SEPARATE STATEMENT

Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court. Accordingly, Larian will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court.

## MATTEL'S REASONS WHY RESPONSES TO SUPPLEMENTAL INTERROGATORY NOS. 67-69 (TO MGA AND LARIAN) SHOULD BE COMPELLED

Interrogatory Nos. 67-69 request information regarding MGA's payments to former Mattel employees and individuals identified in the parties' initial disclosures.[48] Defendants do not dispute that Interrogatory No. 68 seeks relevant information.[49] They do, however object to the relevance of Interrogatory Nos. 67 69. Their objections are without merit. Interrogatory No. 67 asks Defendants to identify every payment MGA or Larian have given to any person identified in any of the parties' initial disclosures when that person was not an employee of MGA.[50] Interrogatory No. 69 asks Defendants to identify each payment MGA or Larian have made since January 1, 1998 to any person who has been employed by Mattel, excluding ordinary salary and benefits paid to such person while an MGA employee.[51] Mattel has explicit claims for commercial bribery against Larian and MGA.[52] Payments made to then-Mattel employees establish such commercial bribery and other tortious conduct that are the subject of Mattel's claims by Larian or MGA. The timing and amounts of payments made to former Mattel employees who Larian and MGA are accused of

---

[48] Mattel, Inc.'s Supplemental Interrogatories (Interrogatory Nos. 67-69), Watson Dec., Exh. 13.

[49] MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Responses to Interrogatory Nos. 68), Watson Dec., Exh. 14.

[50] Mattel's Supplemental Interrogatories (No. 67), Watson Dec., Exh. 13.

[51] Mattel's Supplemental Interrogatories (No. 69), Watson Dec., Exh. 13.

[52] Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers ¶ 12, Watson Dec., Exh. 23.

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

1  conspiring with to steal Mattel trade secrets would be critical evidence to Mattel's

2  claims.[53]

3      Additionally, the people identified in the parties' initial disclosures are potential

4  witnesses in this case, and evidence of payments to witnesses are obviously relevant

5  to issues of bias. United States v. Abel, 469 U.S. 45, 51 (1984) (evidence of bias is

6  admissible to impeach witness); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281,

7  283 (C.D.Cal. 1998) (Rule 26 permits discovery of information which may simply

8  relate to the credibility of a witness or other evidence in the case); Wright & Miller,

9  Federal Practice & Procedure: Federal Rules of Evidence § 6095 (bias is a

10  "particularly favored basis for attacking credibility," and "circumstantial evidence of

11  bias" may include evidence of the "payment of bribes or fees"). Indeed, the former

12  Discovery Master in this case previously so ruled.[54]

13      Furthermore, these Interrogatories are relevant to MGA's own claims. MGA

14  has accused Mattel of copying Bratz and other designs, as well as advertising,

15  packaging, themes and the like. It is Mattel's position that MGA copied or utilized

16  Mattel projects in development and other confidential, internal information, which is

17  not only trade secret theft but a defense to MGA's claims. This, too, has been

18  previously recognized by the Discovery Master.[55] Knowing when MGA paid Mattel

19  employees and how much will yield evidence showing MGA's access to Mattel's

20  internal information and additionally bear on critical issues of timing and which

21  company was developing which product or product element at issue first. Without

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

---

[53]  See Order of January 25, 2007, at 14:13-17, ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel. Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims."), Watson Dec., Exh. 25.

[54]  Order Granting in Part Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007 at 11 (MGA payments to individuals "may also show possible bias and be used for impeachment purposes), Watson Dec., Exh. 28.

[55]  Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at 14 ("payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation. . . Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition), Watson Dec., Exh. 24.

667145v1

1   doubt, these interrogatories are likely to lead to the discovery of admissible evidence

2   bearing on these issues.

3        MGA's remaining objections to these interrogatories should also be overruled.

4   For each of these requests, MGA interjects its own, more limited definitions for

5   Mattel's defined terms, so that any response would provide Mattel only a portion of

6   the information Mattel is entitled to.  This is improper.  <u>Chapman  v. California Dept.</u>

7   <u>of Educ.</u>, 2002 WL 32854376, at * 3 (N.D. Cal. February 6, 2002) ("The proponent of

8   discovery is the master of its terms.  So long as the information sought is within the

9   broad bounds of relevancy as set forth in Rule 26 and is otherwise properly

10  discoverable, the respondent may not unilaterally reshape or rephrase the discovery

11  request.").[56]

12       For example, Defendants object to Mattel's definition of "MGA" for including

13  "any of its current or former employees, officers, directors, agents, representatives,

14  attorneys, experts, divisions, AFFILIATES, predecessors-in-interest and successors-

15  in-interest, and any other PERSON acting on its behalf, pursuant to its authority or

16  subject to its control."[57]  Defendants assert that they will instead "interpret the term

17  'MGA' to refer to MGA Entertainment, Inc. and any predecessors-in-interest."[58]  In

18  limiting the term "MGA" in this way, Defendants effectively refuse to provide Mattel

19  information regarding MGA's current or former employees, officers, directors, agents,

20  representatives, attorneys, experts, divisions, affiliates, successors-in-interest, and any

21  other person acting on its behalf. Mattel is clearly entitled to discover this

22  information, and Defendants offer no explanation to the contrary.

23       Defendants interject a similar limit to the term "MATTEL."  Defendants assert

24  that they will interpret the term "to refer to all persons or entities who held themselves

25  out to MGA as officers, employees, agents, subsidiaries or divisions of Mattel, Inc."[59]

---

[56]  As discussed above, Mattel's interrogatories seek information that is directly relevant to the party's claims and defenses in this case.

[57]  <u>Id.</u> at 7-8.

[58]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories at 7-8, Watson Dec., Exh. 14.

[59]  <u>Id.</u> at 8.

667145v1

OPPOSITION TO SEPARATE STATEMENT

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  Defendants' interpretation excludes, without justification, any one who has held
2  themselves out to be Mattel directors, representatives, attorneys, parents,
3  "AFFILIATES, predecessors-in-interest, successors-in-interest, and any other
4  PERSON acting on Mattel's behalf, pursuant to its authority or subject to its
5  control."[60]

6      MGA's efforts to limit to the terms "MACHADO," "TRUEBA," "VARGAS,"
7  "BRAWER," "CASTILLA," "COONEY," "BRISBOIS," "CONTRERAS,"
8  "ABUNDIS" to refer only to those people as individuals are also improper.
9  Defendants do not dispute that Mattel is entitled to discover information regarding
10 each of these individuals' "current or former employees, agents, representatives,
11 attorneys, accountants, vendors, consultants, independent contractors, predecessors-
12 in-interest and successors-in-interest, and any other PERSON acting on [their] behalf,
13 pursuant to [their] authority or subject to t[their] control."[61] Rather, Defendants claim
14 merely that it is impossible for them to know whether a person is affiliated with each
15 of these individuals, unless they have "held himself or herself out" as such.[62] This
16 does not justify Defendants' limitation, which excludes from their responses even
17 those people who have held themselves out to have such affiliations.

18     Finally, Defendants object to the definition of "FORMER MATTEL
19 EMPLOYEES" on the grounds that the definition requires them to "make a
20 conclusion as to an ultimate issue in the case" and because they cannot determine
21 whether and which former Mattel employees violated any obligations to Mattel.[63]
22 Based on this objection, MGA and Larian unilaterally limit the definition to refer only
23 to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San
24 Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick

[60]  Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 13.
[61]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 9-13, Watson Dec., Exh. 14.
[62]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 9-13, Watson Dec., Exh. 14.
[63]  See MGA's Responses to Mattel's Supplemental interrogatories at 13, Watson Dec., Exh. 14.

667145v1

102

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1   Contreas and Ricardo Abundis."[64]  This limitation is also meritless.  As discussed

2   above, to the extent this definition requires a legal conclusion at all, it merely requires

3   an application of law to fact.  Moreover, MGA and Larian are certainly in a position

4   to determine which Mattel employees other than those specifically identified have

5   provided them with Mattel trade secrets.  Indeed, they have an obligation to

6   investigate whether that is the case.

7       Each of Defendants' objections and limitations to Mattel's defined terms should

8   be overruled, and Defendants should be compelled to respond to Mattel's

9   interrogatories in full.

10       Defendants object to each of the interrogatories regarding "MATTEL

11   DOCUMENTS" on the grounds that they "seek information that is not subject to

12   disclosure under any applicable privilege, the work product doctrine, the right of

13   privacy, and all other privileges recognized under the constitutional, statutory, or

14   decisional law of the United States of America, the State of California, or any other

15   applicable jurisdiction."  This boilerplate objection is improper.  Most of the

16   interrogatories at issue here are contention interrogatories. Parties are required to

17   answer interrogatories that ask them to state their contentions about facts or the

18   application of law to facts.  <u>Fed. R. Civ. P.</u> 33(c). Mattel is entitled to learn the facts

19   in Defendants' possession which they believe support their own[65] contentions.  Mattel

20   is also entitled to learn which documents and persons relate to or are knowledgeable

21   about such facts.  The law is clear that a party cannot avoid responding to contention

22   interrogatories by claiming that they call for a legal conclusion or by invoking the

23   attorney-client privilege or the work product doctrine.  <u>Convergent Business Systems,</u>

24   <u>Inc. v. Diamond Reporting, Inc.</u>, 1989 WL 92038, at *1 (E.D.N.Y. 1988) ("Seeking

25   the facts and documents which support a particular allegation in a complaint violates

26

27   [64] <u>Id.</u> at 14.
    [65] MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 67-69), Watson Dec.,
28      Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 67-69).
        Watson Dec., Exh. 15.

667145v1

103

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

1  neither the attorney-client or work product privileges."); <u>King v. E.F. Hutton & Co.,</u>

2  <u>Inc.</u>, 117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics

3  which a party contends supports a contention do not implicate the attorney work

4  product doctrine:  "If this elementary principle were not applicable, contention

5  interrogatories would not exist.  As the Advisory Committee Note reflects, as to

6  requests for even opinions or contentions that call for the application of law to fact,

7  they are permissible and can be most useful in narrowing and sharpening the issues,

8  which is the major purpose of discovery.").

9          Finally, the Court should overrule Defendants' undue burden objections.[66]  For

10  example, Defendants object that interrogatories regarding "MATTEL

11  DOCUMENTS" are unduly burdensome because Mattel has listed at least 8 banker

12  boxes of documents that MGA allegedly improperly obtained.[67]  However, to

13  determine whether an interrogatory imposes an "undue burden," courts have adopted

14  a "proportionality approach that balances the burden on the interrogated party against

15  the benefit that having the information would provide to the party submitting the

16  interrogatory."  8A Wright & Miller, <u>Federal Practice &  Procedure: Federal Rules of</u>

17  <u>Civil Procedure</u> § 2174; <u>see also</u> <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 136

18  (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome

19  and oppressive, even though preparation of answer would be time-consuming and

20  costly, because information was crucial to the issues of the suit and in exclusive

21  custody of defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598

22  (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of

23  information to plaintiff clearly outweighed any annoyance or expense involved in

24  disclosure by defendant).

25

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

26  _____
[66]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 67-69), Watson Dec.,
27  Exh. 14; Larian's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 67-69),
    Watson Dec., Exh. 15.
28  [67]  <u>See, e.g.</u>, MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 59-63),
    Watson Dec., Exh. 14.

Here, as discussed above, information regarding the details of MGA's appropriation of Mattel's documents clearly goes to the core of Mattel's misappropriation of trade secrets claim.[68]  This information is almost exclusively in defendants' possession, as they know better than Mattel which documents they misappropriated and when. Mattel's need to discover this information clearly outweighs any efforts MGA and Larian will be required to undertake, particularly because the volume of documents involved is due to the pervasiveness of Defendants' misappropriation.[69]

## MGA'S OPPOSITION TO MATTEL'S REASONS WHY A RESPONSES TO SUPPLEMENTAL INTERROGATORY NOS. 67-69 (TO MGA AND LARIAN) SHOULD BE COMPELLED

Mattel insists it is only trying to get at information to support its claims that MGA "poached" Mattel employees for the purposes of stealing its trade secrets. Mattel states that "knowing when MGA paid employees and how much will yield evidence showing MGA's access to Mattel's internal information and additionally bear on critical issues of timing which company was developing which product or product element at issue first." (Mattel Motion 13:12-15.)  But Mattel did not ask these questions or limit its questions to current of former Mattel employees.  Instead it asked for personal, financial information concerning hundreds of people. Specifically, Interrogatory No. 67 asks MGA to:

> IDENTIFY fully and separately each and every payment of
> money or other item of value that YOU have made or given, or

---

[68]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, Prayers I 12, 13, Watson Dec., Exh. 23.

[69]  Defendants also assert that Mattel's interrogatories are unduly burdensome because they have several discrete subparts (Nos. 51-53) or require responses regarding too many former Mattel employees and other individuals (Nos. 67-69). Fully responding to Mattel's interrogatories will undoubtedly require some effort, but there is nothing "undue" about that burden. Mattel's interrogatories address both parties' contentions and defenses on central issues, and Mattel is entitled to full discovery of such information.

667145v1

OPPOSITION TO SEPARATE STATEMENT

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

any promise, agreement, proposal Or offer by YOU to pay
money or give any item of value, to or on behalf
of any PERSON identified in any of the parties' initial
disclosures in this ACTION at any time when such PERSON
was not an employee of MGA, including without limitation
with respect to legal fees incurred by or on behalf of such
PERSON.

(Ex. 13 to Mattel's Motion at pp. 16-17.)

Further, this interrogatory is overbroad to the extent it requires MGA to tabulate all payments ever made to "***any PERSON identified in any of the parties' initial disclosures in this ACTION at any time,***" and to produce a report after determining whether any of these individuals ever worked for Mattel in the past.

Interrogatory No. 69 seeks the same information, but with respect "***to or on behalf of any PERSON who has been employed by MATTEL.***"  Both interrogatories are overbroad.  The burden and expense of determining whether each individual contemplated by these interrogatories was ever paid by MGA, somehow determining whether they ever worked for Mattel in the past, and then generating reports of every payment for each individual far outweighs the interrogatories' likely benefit.

The definition of "FORMER MATTEL EMPLOYEES" incorporated in RFP No. 68 is also overly broad, to the extent it identifies ten specific individuals, as well as each individual's "current or former employees, agents, representatives, attorneys accountants, vendors, consultants, independent contractors, predecessors-in-interest and successors-in-interest, and any other Person acting on [his or her] behalf, pursuant to [his or her] authority or subject to [his or her] control."  It is impossible for MGA to know whether a particular person or entity comes within these overly broad definitions.  This definition is further overbroad as it encompasses "any other former Mattel employee or contractor who misappropriated Mattel trade secrets or violated

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

667145v1

1   his or her obligations to maintain the confidentiality of Mattel's trade secrets."  (<u>See</u>

2   Ex. 13 attached to Mattel's Motion at p. 6.)

3        Interrogatory No. 68 asks MGA to identify each and every payment of money

4   MGA made to "FORMER MATTEL EMPLOYEES."  Because of the overbreadth of

5   this definition, it would be unduly burdensome for MGA to comply given the

6   enormous number of potential individuals implicated by Mattel's definition.

7        Further, Interrogatory Nos. 67-69 contain innumerable sub-parts because they

8   ask MGA to identify payments, agreements, and anything of value given to hundreds

9   of MGA employees, vendors and former employees identified in the parties' initial

10  disclosures, among others.

11

12

13  Dated: February 18, 2009

14

15

16

17  By: _____

18

19

20

21

22

23

24

25

26

27

28

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
  & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

Amman Khan
Attorneys for the MGA Parties
for Phase Two

667145v1

107

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

     On February 18, 2009, I served the foregoing document described as:

**MGA'S OPPOSITION TO SEPARATE STATEMENT IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS BY MGA ENTERTAINMENT, INC., AND ISAAC LARIAN**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

### PLEASE SEE ATTACHED SERVICE LIST

☐     (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐     (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐     (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒     (BY EMAIL)  I caused such documents to be delivered via email to the addressee(s).

☐     (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 18th day of February, 2009, at Los Angeles, California.

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_YUMI CHUNG_

YUMI CHUNG

667145v1

---

**108**

OPPOSITION TO SEPARATE STATEMENT

LAW OFFICES

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## SERVICE LIST

Robert C. O'Brien
Discovery Master
Arent Fox LLP
555 West 5th St., Suite 4800
Los Angeles, CA 90013
**[By Personal Service]**

John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Email Service]**

Russell J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email Service]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email Service]**

667145v1

OPPOSITION TO SEPARATE STATEMENT