

1   VALLE & ASSOCIATES
    JEFFREY B. VALLE (Bar No. 110060)
2   jvalle@valleassociates.com
    11911 San Vicente Blvd., Suite 324
3   Los Angeles, California 90049
    Telephone:  (310) 476-0300
4   Facsimile:(310) 476-0333

5   Attorneys for Non-Parties
6   IGWT GROUP, LLC and
    IGWT 826 INVESTMENTS, LLC
7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

12  CARTER BRYANT, an individual,      )  CASE NO. CV 04-09049 SGL
              Plaintiff,               )  (RNBx)
13                                     )
14        v.                           )  Consolidated with Case Nos.
                                       )  CV 04-9059 and CV 05-2727
15  MATTEL, INC., a Delaware Corporation )
16            Defendant.               )  DECLARATION OF JEFFREY B.
                                       )  VALLE
17  _____  )
                                       )     Filed in support of Non-Parties
18  AND CONSOLIDATED CASES             )     IGWT Group, LLC and IGWT
                                       )     826 Investments, LLC's Opposi-
19  _____  )     tion to Mattel's Motion to Compel

20

21

22

23

24

25

26

27

28

                                    1
                      Declaration of Jeffrey B. Valle

I, Jeffrey B. Valle, declare as follows:

1.      I am the principal in Valle & Associates, counsel for non-parties IGWT Group, LLC and IGWT 826 Investments, LLC (collectively "IGWT"). I have personal knowledge of the matters stated herein and, if called as a witness, could and would testify competently thereto. I submit this declaration in support of IGWT's opposition to Mattel's motion to compel. I have personal knowledge of the matters stated herein and, if called as a witness could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is a true and correct copy of Mattel Inc.'s Corrected Subpoena to IGWT Group, LLC, dated January 12, 2009.

3.      Attached hereto as Exhibit 2 is a true and correct copy of Mattel Inc.'s Corrected Subpoena to IGWT 826 Investment LLC, dated January 12, 2009.

4.      Attached hereto as Exhibit 3 is a true and correct copy of Objections of Third Party IGWT Group, LLC to Mattel, Inc.'s Corrected Subpoena, dated January 28, 2009.

5.      Attached hereto as Exhibit 4 is a true and correct copy of Objections of Third Party IGWT 826 Investments, LLC to Mattel, Inc.'s Corrected Subpoena, dated January 28, 2009.

6.      On or about January 30, 2009, I held a telephonic meet and confer discussion with Mattel's counsel, Jon Corey, in which we discussed, among other things, Mattel's subpoenas to IGWT. I raised various objections based on overbreadth, relevancy, and privacy grounds. Nonetheless, I offered to waive some of these objections on the condition that Mattel narrow the scope of its Requests. Mattel refused to narrow the Requests at all. In part, with respect to IGWT's overbreadth objection, Mattel emphasized that since IGWT consisted of relatively new entities, there would not more than a few responsive documents. In a good faith effort to compromise on this issue, I agreed to speak again with my client, IGWT, so as to reverify the voluminous nature of Mattel's Requests, as well as the burden it would create to produce all the

documents at issue.   On February 2, 2009, Mr. Corey sent me a letter memorializing our discussion, including my offer to compromise, but still refused to narrow the Requests at all.  Attached as Exhibit 5 is a true and correct copy of this letter.

7.     On or about February 2, 2009, I held a second telephonic meet and confer discussion with Mr. Corey.  During the call, I confirmed for Mr. Corey that there were indeed hundreds of sales contracts at issue, and as such, thousands of documents responsive to Mattel's Requests.  Notwithstanding the now re-substantiated grounds for IGWT's overbreadth objection, I made a specific proposal to resolve the matter.  I proposed that IGWT Group, LLC produce all documents sufficient to identify all purchases of Bratz products by it, and all sales of Bratz products by it to third parties. I also offered to provide a representation from IGWT Group, LLC itself attesting to these exact amounts.  With regards to IGWT 826 Investments, LLC, I offered to produce the deal documents with respect to the two MGA-related transactions it has done.  Last, I informed Mr. Corey that there were no responsive documents to Request numbers 1, 2, 5, and 6.  Mr. Corey did not respond to my proposal, nor did he provide a proposal of his own, but instead asked me to set forth my proposal in an email to him.  Later that day, I sent Mr. Corey an e-mail detailing IGWT's proposal. Attached as Exhibit 6 is a true and correct copy of this e-mail.  Mr. Corey never responded to my e-mail.  The next day, without notice, Mr. Corey served his Motion to Compel.

3

Declaration of Jeffrey B. Valle

8.    On February 3, 2009, Mattel attempted to serve its Motion to Compel Production of Documents Responsive to Third Party Subpoenas.  Various exhibits to Mr. Corey's declaration were missing.  This included exhibits numbered 1 – 55 and 89 – 99.  While many of these were sent the following day, exhibits 56 – 64 are still missing.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 17th day of February 2009 at Los Angeles, California.

_____
Jeffrey B. Valle

Declaration of Jeffrey B. Valle

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
   (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
   (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
   (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant,<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>[CORRECTED] NOTICE OF SUBPOENA ISSUED TO IGWT GROUP, LLC |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1 requesting the production of specified documents to the following witness:

IGWT Group, LLC, c/o:  National Corporate Research, Ltd., 523 West 6th Street, Suite 544, Los Angeles, CA 90014.

DATED: January 12, 2009           QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

# EXHIBIT 1

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____   _____CALIFORNIA_____

CARTER BRYANT, an individual,

                                    **SUBPOENA IN A CIVIL CASE**

                V.

MATTEL, INC., a Delaware corporation,    Case Number: CV 04-9049 SGL (RNBx)
                                    Consolidated with cases CV 04-9059
                                    and 05-2727

TO: IGWT Group, LLC, C/O: National Corporate Research, Ltd.
    523 West 6th Street, Suite 544
    Los Angeles, CA 90014

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 26, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Jon Corey /su_  Attorney for Plaintiff, Mattel, Inc. | January 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT Group, LLC, including without limitation the agreement dated July 7, 2008.

2.      All documents referring or relating to the revenue generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of Bratz products and the transfer or disposition of such revenue.

3.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC and (b) the dates of such person's affiliation with IGWT Group, LLC.

4.      All documents referring or relating to all contributions, loans and any sources of funding for IGWT Group, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

5.      All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT Group, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

6.      Any and all records that substantiate transfers of assets by IGWT Group, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

7.      All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 90378)
2      (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
6    Facsimile:  (213) 443-3100

7    Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12   CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13                Plaintiff,              Consolidated with Case Nos. CV 04-
                                          9059 and CV 05-2727
14        v.
                                          [CORRECTED] NOTICE OF
15   MATTEL, INC., a Delaware             SUBPOENA ISSUED TO IGWT 826
     Corporation,                         INVESTMENTS, LLC
16
                 Defendant,
17

18   AND CONSOLIDATED CASES

19

20

21

22

23

24

25

26

27

28

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

3 <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1 requesting

4 the production of specified documents to the following witness:

5    IGWT 826 Investments, LLC, c/o:  National Corporate Research, Ltd., 523

6 West 6th Street, Suite 544, Los Angeles, CA 90014.

7

8 DATED: January 12, 2009            QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
9

10                                  By /s/ Jon D. Corey
11                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| CENTRAL | CALIFORNIA |
|---|---|

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: IGWT 826 Investments, LLC, C/O:  National Corporate Research, Ltd.
    523 West 6th Street, Suite 544
    Los Angeles, CA 90014

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | |
|  | DATE AND TIME |
|  | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | January 26, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /su | |
| Attorney for Plaintiff, Mattel, Inc. | January 12, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| SERVED | | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

1.    All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT 826 Investments, LLC.

2.    All documents referring or relating to the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of Bratz products and the transfer or disposition of such revenue.

3.    Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 Investments, LLC and (b) the dates of such person's affiliation with IGWT 826 Investments, LLC.

4.    All documents referring or relating to all contributions, loans and any sources of funding for IGWT 826 Investments, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

5.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT 826 Investments, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

6.    Any and all records that substantiate transfers of assets by IGWT 826 Investments, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

7.    All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

1

1   VALLE & ASSOCIATES
    JEFFREY B. VALLE  (Bar No. 110060)
2   jvalle@valleassociates.com
    11911 San Vicente Blvd., Suite 324
3   Los Angeles, California 90049
    Telephone:  (310) 476-0300
4   Facsimile:(310) 476-0333

5   Attorneys for Defendant
6   IGWT GROUP, LLC

7              UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9                   EASTERN DIVISION

10  CARTER BRYANT, an individual,        )  CASE NO. CV 04-09049 SGL
                                         )  (RNBx)
11              Plaintiff,               )
                                         )
12         v.                            )
                                         )  Consolidated with Case Nos. CV 04-
13  MATTEL, INC., a Delaware Corporation )  9059 and CV 05-2727
                                         )
14              Defendant.               )  OBJECTIONS OF THIRD PARTY
                                         )  IGWT GROUP, LLC TO MATTEL,
15                                       )  INC.'S CORRECTED SUBPOENA
                                         )
16                                       )
                                         )
17                                       )
                                         )
18                                       )
                                         )
19  AND CONSOLIDATED CASES              )
                                         )
20  _____      )
                                         )
21                                       )

22  PROPOUNDING PARTY:     Defendant Mattel, Inc.

23  RESPONDING PARTY:      Third Party IGWT Group, LLC

24  SET NUMBER:            One

25

26

27

28

                                    1
_____
    Objections of Third Party IGWT Group, LLC To Mattel, Inc.'s Corrected Subpoena

Third party IGWT Group, LLC ("IGWT" or "Third Party") responds to Defendant Mattel, Inc.'s ("Mattel" or "Defendant") Corrected Subpoena for Production of Documents (the "Requests" or the "Subpoena") as follows:

## GENERAL RESPONSES AND OBJECTIONS

1.      Third Party objects to the Subpoena and each and every Request on the grounds that the Subpoena fails to allow reasonable time for compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i).  The Subpoena states that it was issued on January 12, 2008, and the return date is January 26, leaving only two weeks for compliance.

2.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by Third Party, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of Third Party or any other person from disclosure.

3.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by the accountant-client privilege.

4.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents protected from disclosure by applicable federal and state tax return privileges.  *See, e.g., Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California Housing Rights*

2

*Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal. 2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay Area Rapid Transit District v. Spencer*, 2006 U.S. Dist.  LEXIS 81681, **3-4 (N.D. Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982).

5.　　Third Party objects to the Subpoena and each and every Request as being overly broad, unduly burdensome, and oppressive in that they seek information that is not relevant to the present dispute, not reasonably calculated to lead to the discovery of admissible evidence, and/or not discoverable under the circumstances.

6.　　Third Party objects to the Subpoena and each and every Request to the extent that they do not specifically describe each item to be produced and do not reasonably particularize each category of item to be produced.

7.　　Third Party objects to the Subpoena and each and every Request to the extent that they seek the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.

8.　　Third Party objects to the Subpoena and each and every Request to the extent they call for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interest IGWT has a duty to protect, absent consent from third parties.

9.　　Third Party objects to the Subpoena and each and every Request to the extent that they are overbroad, otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ. P. 45(c)(l) ("A party or an attorney responsible

3

for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."); *High Tech Medical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

10. Third Party objects to the Subpoena and each and every Request insofar as they seek the production of documents that are more easily obtained from other entities, including the parties to this action.

11. Except as otherwise stated below, an objection to a specific document Request does not imply that documents responsive to that category exist or that Third Party accepts the purported factual predicate for any Request.

12. Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as if fully stated therein, Third Party objects to each and every specific Request for documents, subject to the following additional express reservations of rights:

(a) The right to object on any and all grounds, at any time, to these or any other requests for production and inspection of documents or other discovery procedures involving or relating to the subject matter of the Requests, including by way of a motion to quash or modify the subpoena or a motion for a protective order; and

(b) The right at any time to revise, correct, supplement or clarify any of the objections propounded herein.

## **RESPONSES TO DOCUMENT REQUESTS**

REQUEST FOR PRODUCTION NO. 1

All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA

4

Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT Group, LLC, including without limitation the agreement dated July 7, 2008.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request as being overly broad, burden-

some and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

## REQUEST FOR PRODUCTION NO. 2:

All documents referring or relating to the revenue generated by IGWT Group, LLC's sales, licensing, distribution or other transfer of Bratz products and the transfer or disposition of such revenue.

## RESPONSE TO REQUEST FOR PRODUCTION No. 2:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third

Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT Group, LLC and (b) the dates of such person's affiliation with IGWT Group, LLC.

RESPONSE TO REQUEST FOR PRODUCTION No. 3:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request to the extent

it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request to the extent that  it calls for the production of documents subject to the attorney-client, work product, legal-professional or other privilege(s). Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.

## REQUEST FOR PRODUCTION NO. 4.

All documents referring or relating to all contributions, loans and any sources of funding for IGWT Group, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

## RESPONSE TO REQUEST FOR PRODUCTION No. 4:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects

8

to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 5:

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT Group, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

RESPONSE TO REQUEST FOR PRODUCTION No. 5:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and

9

"referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents," "referring or relating to," and "related party" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 6:

Any and all records that substantiate transfers of assets by IGWT Group, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

RESPONSE TO REQUEST FOR PRODUCTION No. 6:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "any and all records" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this re-

quest on the grounds that it is overbroad as to subject matter and time; in particular, the Third Party objects that the phrases "any and all records" and "transfers of assets" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 7:

All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

RESPONSE TO REQUEST FOR PRODUCTION No. 7:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all communications," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common

12

law right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

DATED:  January 28, 2009                    VALLE & ASSOCIATES

                                            By:_____
                                            Jeffrey B. Valle
                                            Attorneys for Defendant

13

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11911 San Vicente Boulevard, Suite 324, Los Angeles, CA 90049.

On   January 28, 2009, I served the following document(s) described as follows:

**OBJECTIONS OF THIRD PARTY IGWT GROUP, LLC.**
**TO MATTEL, INC.'S CORRECTED SUBPOENA**

on the interested parties in this action by placing a true copy thereon enclosed in a sealed envelope addressed as follows:

Robert J. Herrington
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
300 S. Grand Ave.
Los Angeles, CA 90071

Jon D. Corey
QUINN EMANUEL URQUHART
& HEDGES, LLP
865 s. Figueroa St., 10th Floor
Los Angeles, CA 90017

/ /    (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the document(s) was transmitted by facsimile transmission and that the transmission was reported as complete and without error and that the attached transmission report was properly issued by the transmitting facsimile machine.

/ /    (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

/ /    (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

/X/    (BY PERSONAL SERVICE)      / /      By personally delivering copies to the person served.

/ /      I delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011.

/X/      I caused to be delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on  January 28, 2009 at Los Angeles, California.

EMMA NAVARRO

VALLE & ASSOCIATES
JEFFREY B. VALLE  (Bar No. 110060)
jvalle@valleassociates.com
11911 San Vicente Blvd., Suite 324
Los Angeles, California 90049
Telephone:  (310) 476-0300
Facsimile:(310) 476-0333

Attorneys for Defendant
IGWT 826 INVESTMENTS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>_____<br><br>AND CONSOLIDATED CASES<br>_____ | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>OBJECTIONS OF THIRD PARTY IGWT 826 INVESTMENTS, LLC TO MATTEL, INC.'S CORRECTED SUBPOENA |

PROPOUNDING PARTY:   Defendant Mattel, Inc.

RESPONDING PARTY:   Third Party IGWT 826 Investments, LLC

SET NUMBER:   One

1

Third party IGWT 826 Investments, LLC ("IGWT" or "Third Party") responds to Defendant Mattel, Inc.'s ("Mattel" or "Defendant") Corrected Subpoena for Production of Documents (the "Requests" or the "Subpoena") as follows:

## GENERAL RESPONSES AND OBJECTIONS

1.      Third Party objects to the Subpoena and each and every Request on the grounds that the Subpoena fails to allow reasonable time for compliance. *See* Fed. R. Civ. P. 45(c)(3)(A)(i).  The Subpoena states that it was issued on January 12, 2008, and the return date is January 26, leaving only two weeks for compliance.

2.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by any applicable privilege, doctrine or right, including without limitation the attorney-client privilege, the work product doctrine, the right of privacy, which is protected by virtue of the Ninth Amendment to the United States Constitution, Article 1, Section 1 of the California Constitution, and all other rights and privileges recognized under the constitutional, statutory or decisional law of the United States, the State of California, and all relevant jurisdictions.  Nothing done in relation to the Subpoena is intended to or shall operate as a waiver by Third Party, intentionally or otherwise, of the attorney-client privilege, work product doctrine protection, or any other applicable privilege, doctrine or immunity protecting the communications, transactions or records of Third Party or any other person from disclosure.

3.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents that are protected from disclosure by the accountant-client privilege.

4.      Third Party objects to the Subpoena and each and every Request to the extent that they seek documents protected from disclosure by applicable federal and state tax return privileges. *See, e.g., Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Southern California Housing Rights*

2

*Center. v. Krug*, 2006 U.S. Dist. LEXIS 65330, **9-10 (C.D. Cal. 2006); *Aliotti v. Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003); *San Francisco Bay Area Rapid Transit District v. Spencer*, 2006 U.S. Dist.  LEXIS 81681, **3-4 (N.D. Cal. 2006); *see also Webb v. Standard Oil Co.*, 49 Cal. 2d. 509, 513-514 (1957); *Sav-On Drugs, Inc. v. Sup. Ct.*, 15 Cal. 3d 1, 6-8 (1975); *Sammut v. Sammut*, 103 Cal. App. 3d 557, 562 (1982).

5.   Third Party objects to the Subpoena and each and every Request as being overly broad, unduly burdensome, and oppressive in that they seek information that is not relevant to the present dispute, not reasonably calculated to lead to the discovery of admissible evidence, and/or not discoverable under the circumstances.

6.   Third Party objects to the Subpoena and each and every Request to the extent that they do not specifically describe each item to be produced and do not reasonably particularize each category of item to be produced.

7.   Third Party objects to the Subpoena and each and every Request to the extent that they seek the production of documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.

8.   Third Party objects to the Subpoena and each and every Request to the extent they call for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interest IGWT has a duty to protect, absent consent from third parties.

9.   Third Party objects to the Subpoena and each and every Request to the extent that they are overbroad, otherwise unlimited as to time, oppressive, vague, ambiguous, harassing, annoying, redundant, duplicative, overlapping, repetitive or cumulative, and/or otherwise unduly burdensome, thereby rendering the Subpoena unenforceable. *See, e.g.,* Fed. R. Civ. P. 45(c)(l) ("A party or an attorney responsible

3

for the issuance and service of a subpoena shall take reasonable steps to avoid impos-ing undue burden or expense on a person subject to that subpoena."); *High Tech Med-ical Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests de-serve extra protection from the courts.").

10.    Third Party objects to the Subpoena and each and every Request insofar as they seek the production of documents that are more easily obtained from other entities, including the parties to this action.

11.    Except as otherwise stated below, an objection to a specific docu-ment Request does not imply that documents responsive to that category exist or that Third Party accepts the purported factual predicate for any Request.

12.    Without waiving any of the foregoing General Objections, each of which is expressly incorporated into each individual response as if fully stated there-in, Third Party objects to each and every specific Request for documents, subject to the following additional express reservations of rights:

(a)    The right to object on any and all grounds, at any time, to these or any other requests for production and inspection of documents or other dis-covery procedures involving or relating to the subject matter of the Requests, includ-ing by way of a motion to quash or modify the subpoena or a motion for a protective order; and

(b)    The right at any time to revise, correct, supplement or clari-fy any of the objections propounded herein.

## RESPONSES TO DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1

All documents referring or relating to agreements, contracts, transactions, sales, shipments or the direct or indirect transfer of any item of value between MGA

4

Entertainment, Inc., its affiliates, Isaac Larian or his family members and IGWT 826 Investments, LLC.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request as being overly broad, burden-

5

some and harassing to a non-party to the extent that it seeks to force a third party to produce documents or information available from parties to the litigation.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 2:

All documents referring or relating to the revenue generated by IGWT 826 Investments, LLC's sales, licensing, distribution or other transfer of Bratz products and the transfer or disposition of such revenue.

RESPONSE TO REQUEST FOR PRODUCTION No. 2:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege.  Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  Third

6

Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request on the grounds that it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is over-broad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 3:

Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of IGWT 826 investments, LLC and (b) the dates of such person's affiliation with IGWT 826 Investments, LLC.

RESPONSE TO REQUEST FOR PRODUCTION No. 3:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law

7

right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request to the extent that  it calls for the production of documents subject to the attorney-client, work product, legal-professional or other privilege(s).  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.

REQUEST FOR PRODUCTION NO. 4.

All documents referring or relating to all contributions, loans and any sources of funding for IGWT 826 Investments, LLC during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

RESPONSE TO REQUEST FOR PRODUCTION No. 4:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the

work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced. Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents" and "referring or relating to" are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

## REQUEST FOR PRODUCTION NO. 5:

All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by IGWT 826 Investments, LLC to Isaac Larian, his family members, or affiliates, or any other related party.

## RESPONSE TO REQUEST FOR PRODUCTION No. 5:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order

9

dated May 7, 2008, concluding that requests using phrases like "all documents," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders.  Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege.  Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all documents," "referring or relating to," and "related party" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 6:

Any and all records that substantiate transfers of assets by IGWT 826 Investments, LLC to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

RESPONSE TO REQUEST FOR PRODUCTION No. 6:

Third Party incorporates by reference its General Objections as though fully set forth herein. Third Party further objects that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "any and all records" are overly broad, vague, unduly burdensome, and seek irrelevant information. Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege. Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege. Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or competitive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection. Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties. Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible. Third Party further objects to this request on the grounds that it does not specifically describe or reasonably

11

particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, the Third Party objects that the phrases "any and all records" and "transfers of assets" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.

REQUEST FOR PRODUCTION NO. 7:

All communications referring or relating to Vision Capital, LLC, Lexington Financial, LLC, Mattel, MGA, Isaac Larian and/or Bratz.

RESPONSE TO REQUEST FOR PRODUCTION No. 7:

Third Party incorporates by reference its General Objections as though fully set forth herein.  Third Party further objects on the grounds that the Discovery Master already has ruled on similarly phrased requests to third parties, including in an Order dated May 7, 2008, concluding that requests using phrases like "all communications," and "referring to or relating to" are overly broad, vague, unduly burdensome, and seek irrelevant information.  Mattel's Subpoena violates these prior Court Orders. Third Party further objects that this request calls for the production of documents that are not relevant to any claim or defense in the pending litigation or reasonably calculated to lead to the discovery of admissible evidence.

Third Party further objects to this request to the extent that this request seeks information that is protected from disclosure under the attorney-client privilege, the work product doctrine and/or the joint interest privilege.  Third Party further objects to this request to the extent it seeks documents protected by the accountant-client privilege.  Third Party further objects to the request to the extent that it seeks documents protected from disclosure by applicable federal and state tax return privileges.  Third Party further objects to this request to the extent that it seeks documents that contain trade secrets, confidential, commercially sensitive and/or other proprietary or compet-

itive information that is subject to Third Party's constitutional, statutory or common law right of privacy or protection.  Third Party further objects to this request to the extent it calls for the disclosure of proprietary or competitively sensitive information belonging to third parties whose interests IGWT has a duty to protect, absent consent from third parties.  Third Party further objects to this request on the grounds that it is vague, ambiguous, and unintelligible.  Third Party further objects to this request on the grounds that it does not specifically describe or reasonably particularize the documents to be produced.  Third Party further objects to this request on the grounds that it is overbroad as to subject matter and time; in particular, Third Party objects that the phrases "all communications" and "referring or relating to" are unbounded by any date limitation and are not tied in any way to any claim, defense or other issues involved in Phase 2 of this litigation.


DATED:  January 28, 2009                    VALLE & ASSOCIATES


By:_____
Jeffrey B. Valle
Attorneys for Defendant


13

**PROOF OF SERVICE**

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 11911 San Vicente Boulevard, Suite 324, Los Angeles, CA 90049.

On  January 28, 2009, I served the following document(s) described as follows:

### OBJECTIONS OF THIRD PARTY IGWT 826 INVESTMENTS, LLC.
### TO MATTEL, INC.'S CORRECTED SUBPOENA

on the interested parties in this action by placing a true copy thereon enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Robert J. Herrington | Jon D. Corey |
| SKADDEN, ARPS, SLATE, | QUINN EMANUEL URQUHART |
| MEAGHER & FLOM LLP | & HEDGES, LLP |
| 300 S. Grand Ave. | 865 s. Figueroa St., 10th Floor |
| Los Angeles, CA 90071 | Los Angeles, CA 90017 |

/ /   (BY FAX) I am readily familiar with the firm's practice of facsimile transmission; on this date the document(s) was transmitted by facsimile transmission and that the transmission was reported as complete and without error and that the attached transmission report was properly issued by the transmitting facsimile machine.

/ /   (BY MAIL) I am readily familiar with the firm's practice for the collection and processing of correspondence for mailing with the United States Postal Service and the fact that the correspondence would be deposited with the United States Postal Service that same day in the ordinary course of business; on this date, the above-referenced correspondence was placed for deposit at Los Angeles, California and placed for collection and mailing following ordinary business practices.

/ /   (BY FEDERAL EXPRESS) I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at Los Angeles, California and placed for collection and delivery following ordinary business practices.

/X/   (BY PERSONAL SERVICE)      /_/      By personally delivering copies to the person served.

/_/      I delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011.

/X/      I caused to be delivered such envelope by hand to the offices of the addressee pursuant to CCP § 1011.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on  January 28, 2009 at Los Angeles, California.

EMMA NAVARRO

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

DATE:     February 2, 2009              NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Jeffrey B. Valle, Esq. Valle & Associates | (310) 476-0300 | (310) 476-0333 |
| | | |

FROM:     Jon Corey

RE:     Mattel, Inc. v. Bryant

MESSAGE:

Please see attached.

07209/2780147.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Johanna Lopez – 10th and Team. | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | WWW | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 2, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Jeffrey B. Valle, Esq.
Valle & Associates
1911 San Vicente Blvd., Suite 324
Los Angeles, California 90049

Re:    <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Jeff:

I write to memorialize our January 30, 2009 meeting of counsel regarding Mattel's subpoenas to IGWT Group, LLC and IGWT 826 Investments, LLC (collectively "IGWT").

First, I informed you that I had spoken to the other third-party witnesses that Mattel had subpoenaed, and that they had agreed, in principle, to produce responsive documents pending the outcome of MGA's anticipated motion to quash. You indicated that IGWT would likewise wait for a ruling on the motion to quash before producing any documents.

We then discussed IGWT's objections to Mattel's requests. As to Mattel's Request Nos. 1 and 2, you stated that IGWT would be willing to produce "sufficient" documents to show the transactions between IGWT and MGA, as well as the revenues generated by those transactions. However, you stated that, to the extent Request Nos. 1 and 2 seek "all documents," IGWT objects to the requests as overbroad and unduly burdensome. You further indicated that IGWT has the same objection to all other requests which seek "all documents." I responded that it is my understanding that both IGWT entities are recently-formed, single-purpose entities whose transactions are exclusively with MGA. As such, the requested documents are clearly relevant and unlikely to be overly voluminous or to cause sufficient burden to justify withholding documents. You stated that because you were only retained by IGWT a few days ago, your knowledge of their business and of the quantity of documents at issue is limited. You agreed to

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
07975/2781099 |
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-17

discuss these details further with your client, and indicated that if the universe of potentially responsive documents is not large, you might not have an objection to the requests for "all documents."

You also inquired whether Mattel was only seeking documents pertaining to those MGA products identified in the Court's injunction order. You stated your belief that information related to any non-enjoined products would be irrelevant. In response, I stated that Mattel is certainly entitled to information regarding the enjoined products because, as contemplated by Judge Larson's orders, Mattel may have a claim to proceeds from the sale of such products. I informed you, however, that Mattel is also seeking and is entitled to documents pertaining to the non-enjoined products. As I explained, such information is relevant to Phase 2 issues, including to MGA's and Isaac Larian's credibility and net worth. In addition, the documents sought may also be relevant, or likely to lead to the discovery of admissible evidence regarding Mattel's RICO claims against Mr. Larian and MGA -- acts of mail fraud and wire fraud in furtherance of the conspiracy to harm Mattel -- and to Larian and MGA's unclean hands defense against Mattel, if documents show that Larian/MGA do not themselves have "clean hands."

You also asked if Mattel would be willing to put off these requests until after Judge Larson rules on the currently pending post-trial motions. I stated that Mattel's request are relevant to Phase 2 issues, and are therefore unaffected by the Court's rulings on Phase 1 post-trial motions. As such, I informed you that Mattel is not willing to postpone its requests.

With respect to Mattel's Request No. 3, you stated that IGWT does not have an objection to providing the requested information.

As to the remaining requests, you expressed your belief that our discussion would be more productive if you first had an opportunity to speak with your client to get additional information regarding the underlying transactions and documents at issue. We agreed to a further meet and confer on Monday, February 2, 2009 at 3 p.m. I look forward to speaking to you then.

Best regards,

Jon Corey

Jon Corey

**Ilan Wisnia**

| | |
|---|---|
| **From:** | Jeffrey B. Valle |
| **Sent:** | Monday, February 02, 2009 6:08 PM |
| **To:** | Jon Corey |
| **Cc:** | Ilan Wisnia |
| **Subject:** | Subpoenas to IGWT Group, LLC and IGWT 826 Investments |

Jon,

I am writing to follow up on our meet and confer discussion this afternoon. Although, as we have discussed, we believe the requests are objectionable for several reasons, we would prefer to resolve the issues without the need for motion practice. With that in mind, I made the following proposal. The proposal is conditioned on the Court denying MGA's motion to quash.

As to IGWT Group, LLC., we would produce documents sufficient to identify all purchases of Bratz products by IGWT and all sales of Bratz products by IGWT (including the amounts paid to MGA for the purchases and amounts received by IGWT from the sales). We would also provide a representation of the total purchases from MGA (approximately $5 million) and total sales (approximately $6 million).

As to IGWT 826 Investments, LLC., we would produce the deal documents with respect to the two MGA-related transactions this entity has done.

As we also discussed, we would agree that you would not waive your right to seek additional documents if necessary. Finally, you asked if we would agree to provide the identity of the owners of the two entities. While we believe this request is objectionable, I told you we would consider doing so if you would agree not to bring a motion to compel at this time.

Jeffrey Valle
Valle & Associates
11911 San Vicente Blvd., Ste. 324
Los Angeles, CA 90049
ph: 310-476-0300
fax: 310-476-0333
www.valleassociates.com

–