QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]**<br><br>[PUBLIC REDACTED] REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS<br><br>[Supplemental Declaration of Michael T. Zeller filed concurrently]<br><br>Hearing Date: March 19, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox<br>555 West Fifth St.<br>48th Floor<br>Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cutoff: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial: March 23, 2010 |

07209/2800237.2

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND
MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................. 2

I. THE COURT SHOULD COMPEL VARGAS AND TRUEBA TO ATTEND THEIR DEPOSITIONS IN LOS ANGELES ................................ 2

    A. Vargas And Trueba Are Managing Agents Of MGA Mexico ............... 2

        1. Vargas and Trueba have discretion to exercise judgment in MGA Mexico's corporate matters.................................................. 2

        2. Vargas and Trueba can be expected to identify with the interests of MGA Mexico and can be depended on to give testimony at its direction................................................................ 5

        3. The remaining factors weigh in Mattel's favor ............................ 6

    B. Because Vargas and Trueba Are Managing Agents, The Requirements Of The Hague Convention And Letters Of Request Do Not Apply ........................................................................................... 8

    C. The MGA Parties Have Failed To Show Undue Burden If The Depositions Take Place In Los Angeles ................................................. 8

II. THE MGA PARTIES SHOULD BE SANCTIONED ................................. 11

CONCLUSION ............................................................................................................ 12

07209/2800237.2

-i-

REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

# TABLE OF AUTHORITIES

Page

## Cases

Afram Export Corp. v. Metallurgiki Halyps, S.A.,
  772 F.2d 1358 (7th Cir. 1985) .................................................................. 10

Boston Diagnostics Development Corp., Inc. v. Kollsman Mfg. Co.,
  123 F.R.D. 415 (D. Mass. 1988) ................................................................ 7

Cadent Ltd. v. 3m Unitek Corp.,
  232 F.R.D. 625 (C.D. Cal. 2005) .......................................................... 8, 10

Custom Form Mfg. v. Omron Corp.,
  196 F.R.D. 333 (N.D. Ind. 2000) ............................................................... 9

Delphi Automotive Systems LLC v. Shinwa Intern. Holdings Ltd.,
  2008 WL 2906765 (S.D. Ind. July 23, 2008) ............................................. 8

Dwelly v. Yamaha Motor Corp.,
  214 F.R.D. 537 (D. Minn. 2003), cited by the MGA Parties ................... 11

Founding Church of Scientology of Washington, D.C. v. Webster,
  802 F.2d 1448 (D.C. Cir. 1986) ................................................................. 7

HTC Corp. v. Technology Properties,
  2008 WL 5244905 (N.D. Cal. Dec. 16, 2008) ........................................... 9

In re Honda American Motor Co.,
  168 F.R.D. 535 (D. Md. 1996) ................................................................... 7

Mediatek, Inc. v. Sanyo Electronic Co. Ltd.,
  2006 WL 5709449 (E.D. Tex. August 9, 2006) ........................................ 9

New Medium Techs. LLC v. Barco, N.V.,
  242 F.R.D. 460 (N.D. Ill. 2007) ............................................................. 8, 9

Reed Paper Co. v. Procter & Gamble Distributing Co.,
  144 F.R.D. 2 (D. Me. 1992) ....................................................................... 5

Rubio v. General Tire and Rubber Co.,
  18 F.R.D. 51 (S.D. N.Y. 1955)) (citing cases ............................................ 5

Salve Regina College v. Russell,
  499 U.S. 225 (1991) ................................................................................. 11

South Seas Catamaran, Inc. v. Motor Vessel "Leeway",
  120 F.R.D. 17 (D.N.J. 1988) ................................................................... 11

Sugarhill Records, Ltd. v. Motown Record Corp.,
  105 F.R.D. 166 (S.D.N.Y 1985) ................................................................ 5

Tomingas v. Douglas Aircraft Co.,
    45 F.R.D. 94 (S.D.N.Y. 1968) ............................................................................... 7

U.S. v. Afram Lines (USA), Ltd.,
    159 F.R.D. 408 (S.D.N.Y. 1994) ............................................................... 4, 6, 7, 8

**Statutes**

Fed. R. Civ. P. Rule 30 ................................................................................................ 5

Fed. R. Civ. P. Rule 37(a)(5) .................................................................................... 11

28 U.S.C. § 1927 ....................................................................................................... 11

## Preliminary Statement

Mattel's motion to compel the depositions of Pablo Vargas San Jose ("Vargas") and Mariana Trueba Almada ("Trueba") is not based on either of the "flawed" or "incorrect" legal propositions the MGA Parties seek to ascribe to it.  It is based on the Federal Rules of Civil Procedure, which provide that a deposition notice is sufficient to compel the deposition of an officer, director or managing agent of a corporate defendant.  Not even the MGA Parties dispute this well-established rule.  Nor do they present any evidence to dispute Mattel's showing that Vargas and Trueba are managing agents.  They attempt to explain away the e-mail from Isaac Larian in which he admits that Vargas, Trueba and Machado "█████" MGA Mexico by claiming that English is Mr. Larian's second language.  Even apart from the facts that Larian has been in the United States for decades (since he was a teenager) and testified fluently in English at deposition and the Phase 1 trial, the MGA Parties fail to submit a declaration from Larian or any other evidence that the e-mail did not mean exactly what it said.  They also ignore their own prior sworn testimony and other documents produced in this lawsuit which all point to the conclusion that they exercise judgment and discretion in carrying out their duties at MGA Mexico.  They do not even address the other factors that courts consider in determining managing agent status, all of which weigh heavily in Mattel's favor.  Instead, they suggest that Judge Larson has already ruled on this issue when, in fact, he expressly stated that he was not "passing any judgment" and that it would be decided by the Discovery Master.  Any doubts regarding Vargas' and Trueba's status as managing agents are to be resolved in Mattel's favor at this stage of the litigation.  There can be no doubt here.  Vargas and Trueba are managing agents of defendant MGA de Mexico.

The MGA Parties also fail to present any evidence to show undue burden or hardship if the depositions proceed in Los Angeles as noticed.  Their only argument is that Vargas and Trueba must obtain permission from the Mexico court before traveling to the United States due to the ongoing criminal prosecution for their theft of Mattel's

1  trade secrets. That is hardly a reason for excusing them for appearing for deposition in
2  Los Angeles in this matter. Moreover, when Mr. Machado made this same argument in
3  his unsuccessful opposition to Mattel's motion to compel his deposition, Mattel
4  demonstrated that he was granted leave from the Mexico court to travel to the United
5  States for MGA business the same day he requested it. This procedure did not prevent
6  the Court from ordering Mr. Machado to appear in Los Angeles for his deposition or
7  him from appearing here after it did.

8  Unable to mount any credible opposition on the merits, the MGA Parties accuse
9  Mattel of engaging in "dirty tricks" in serving and filing its motion. These accusations
10 are frivolous. Mattel served the motion on four separate counsel for the MGA Parties
11 and followed all established service and filing procedures. The MGA Parties do not
12 identify a single rule, order or stipulation that Mattel purportedly did not follow and
13 there is none. Vargas and Trueba should be ordered to appear for deposition in
14 Los Angeles and the MGA Parties should be sanctioned for the obstructionist conduct.

## Argument

### I. THE COURT SHOULD COMPEL VARGAS AND TRUEBA TO ATTEND THEIR DEPOSITIONS IN LOS ANGELES

#### A. Vargas And Trueba Are Managing Agents Of MGA Mexico

##### 1. Vargas and Trueba have discretion to exercise judgment in MGA Mexico's corporate matters

21 The MGA Parties assert that "neither Mr. Vargas nor Ms. Trueba has discretion
22 to exercise judgment in MGA De Mexico's corporate matters." (Opp. at 10.) Their
23 own documents and prior sworn testimony show otherwise. The MGA Parties ignore
24 the prior declaration from Larian in which he admits that he recruited Vargas and
25 Trueba, along with Mr. Machado, "[REDACTED]

█████."[1]  They attempt to explain away the e-mail in which Larian confirms that Vargas, Trueba and Machado "██████" MGA Mexico, claiming that "English is Mr. Larian's second language" and that he cannot be expected to write emails with the tactical precision of a lawyer."  (Opp. at 10-11.)  But "██████" requires no tactical precision or a Ph.D. in English.  Mr. Larian has been living in the United States and thus speaking English for decades; he regularly conducts business in English as his own emails show; and he also testified fluently in English at his deposition and trial testimony in the Phase 1 trial. But even apart from the facial implausibility of their current claim, the MGA Parties submit no declaration from Larian that the e-mail did not mean exactly what it said and concede that Larian was "███████████████████████████████████████████████████████████████████████████████████████."  (Opp. at 10.)  They argue that the e-mail "refers to the time when the company was started" but fail to submit a declaration or any other evidence showing that this is no longer the case.

The MGA Parties also ignore Ms. Kuemmerle's deposition testimony that MGA Mexico's management team is "█████████████████████████████████████████████████████████████████████████████████████████████████████████████████."[2]  The MGA Parties claim that Mattel mischaracterizes Ms. Kuemmerle's prior declaration regarding the individuals responsible for the day-to-day operation of MGA Mexico.  (Opp. at 5.)  But in her current declaration Ms. Kuemmerle does not dispute that Vargas and Trueba were among those referenced in the prior declaration or otherwise deny that they are responsible for day-to-day operations of the company.

---

[1] Declaration of Michael T. Zeller, dated February 6, 2009 ("Zeller Dec."), Exh. 5.
[2] Deposition of Susana Kuemmerle, dated January 28, 2008 ("Kuemmerle Tr.") at 91:8-14, 135:8-136:5, Zeller Dec., Exh. 9.

07209/2800237.2

-3-
REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

The MGA Parties also do not dispute that Vargas, as Director of Sales ████ ████████████[3] and fail to address the documentary evidence submitted by Mattel which shows that he negotiates and enters into agreements with retailers like Wal-Mart on the company's behalf and that even Larian defers to Vargas in such matters as approving the sale of inventory.[4]

Apart from Ms. Kuemmerle's wholly conclusory assertion that are they not ████████████, the MGA Parties' sole argument boils down to ████████████ ████████████████████████████████████████████████ ████████████████████. But that is not the test for determining managing agent status, and MGA fails to cite to a single case which holds that it is. See U.S. v. Afram Lines (USA), Ltd., 159 F.R.D. 408 (S.D.N.Y. 1994) ("Whether a proposed deponent falls into a particular category of employees or agents is . . . less relevant than the individual's specific functions and authority.")  If it were the test, then only the highest level officers in the corporate hierarchy would qualify and the provision allowing for the deposition of "managing agents" of a corporate party (in addition to officers and directors) by notice would be superfluous.

---

[3] Id. at 97:5-15, Zeller Dec., Exh. 9.
[4] Zeller Dec., Exhs. 10 and 11.  Because the MGA Parties cannot dispute the facts, it accuses Mattel of misrepresenting them.  Their accusations have no merit.  The MGA Parties' claim that Mattel "falsely asserts" that Trueba is MGA Mexico's Director of Marketing. (Opp. at 4.)  Yet, Trueba previously submitted a sworn declaration stating that her title at MGA Mexico is ████████████████. (Declaration of Mariana Trueba Almada, dated April 11, 2007, Supp. Zeller Dec., Exh. A.)  The MGA Parties accuse Mattel of presenting the allegations of its second amended counterclaim as fact (Opp. at 4), but the section of Mattel's motion they point to is clearly called "Mattel's *allegations* of trade secret theft by Vargas and Trueba" and every single citation in that section is to Mattel's second amended counterclaim. (See Mattel's motion at 2:20- 4:12.)  They also claim that Mattel's statement that "Larian personally extended written employment contracts to Vargas and Trueba" is false because the contracts were signed on the company's behalf by someone else. (Opp. at 4.)  However, they fail to point out that the offer letters themselves are from Mr. Larian. (See Zeller Dec., Exhs. 3 and 7.)  Nor do they dispute the lucrative terms of Vargas' and Trueba's employment agreements or that their compensation far exceeded that which they were paid at Mattel.

### 2. Vargas and Trueba can be expected to identify with the interests of MGA Mexico and can be depended on to give testimony at its direction

The MGA Parties previously acknowledged that courts use the three-part test set forth in Mattel's motion to identify managing agent for purposes of Rule 30.[5] The MGA Parties do not dispute that the other two factors weigh in favor of a determination that Vargas and Trueba are managing agents. Thus, they make no attempt to dispute that, as part of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and who are alleged to have acted in concert with the MGA Parties to steal Mattel's trade secrets, Vargas and Trueba "can be expected to identify with . . . the interests of [MGA] rather than those of [Mattel]" or that they "could be depended upon to carry out [their] employer's direction to give testimony at the demand of a party engaged in litigation with the employer." Reed Paper Co. v. Procter & Gamble Distributing Co., 144 F.R.D. 2, 4 (D. Me. 1992) (quoting Rubio v. General Tire and Rubber Co. 18 F.R.D. 51, 56 (S.D. N.Y. 1955)) (citing cases). That Trueba can be depended upon to carry out MGA's direction to give testimony is further evidenced by the fact that she has *already* provided sworn testimony at MGA Mexico's direction in connection with the company's unsuccessful motion to dismiss Mattel's complaint on personal jurisdiction grounds.[6] See Sugarhill Records, Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y 1985) (finding employee of corporate defendant to be managing agent where "it is clear that Motown trusts Boyce to give testimony on its behalf as evidenced by the fact that Motown itself

---

[5] See MGA's and Carter Bryant's Opposition to Mattel's Ex Parte Applications to Compel Additional Depositions, dated January 30, 2008 at 15, Zeller Dec., Exh. 57. In its Opposition, MGA cites to a five-part test. As shown below, the additional two factors they cite also weigh in favor of finding that Vargas and Trueba are managing agents.

[6] Declaration of Mariana Trueba Almada, dated April 11, 2007, Supp. Zeller Dec., Exh. A.

07209/2800237.2

-5-
REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

called upon her to provide testimony, in the form of an affidavit, in opposition to Sugarhill's motion for a preliminary injunction.").[7]

### 3. The remaining factors weigh in Mattel's favor

The MGA Parties cite two additional factors--whether any persons are employed by the corporate employer in positions of higher authority "in the area regarding which the information is sought by the examination" and the general responsibilities of the individual "respecting the matters involved in the litigation." (Opp. at 9.) Both of these factors also weigh in favor of finding that Vargas and Trueba are managing agents for purposes of their depositions in this lawsuit. Mattel alleges that Vargas and Trueba, along with Machado, conspired with the MGA Parties to steal Mattel's trade secrets. Certainly, Vargas and Trueba are in as good a position as anyone at MGA Mexico to testify regarding their participation in the theft and will be called upon by the MGA Parties to testify at trial on their behalf.[8]

Moreover, their responsibilities at MGA Mexico correspond with the nature of the trade secrets alleged to have been stolen. For example, Vargas is the Director of Sales at MGA Mexico and many of the stole trade secrets pertain to sales, including daily sales data for Mattel products, sales projections and estimates, documents analyzing changes in sales performance, customer discounts and terms of sale and the

---

[7] Afram, cited by MGA, is distinguishable. There, the parties sought to be deposed as managing agents were separate corporations hired as independent contractors to serve as the defendant shipping company's overseas port agents. The court noted that these entities could not be expected to identify with defendant's interests because the defendant and the deponents did not even stand in an employer-employee relationship, the defendant did not have the control over the deponents that an employer has over its employees and the deponents may represent numerous other shipping companies with interests antagonistic to the defendant's. 159 F.R.D at 414-15. None of these facts are present here.

[8] MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. De C.V., and Isaac Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007 at 15, Zeller Dec., Exh. 59.

07209/2800237.2

-6-
REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

like.[9]  Similarly, regardless of her title, the MGA Parties admit that Trueba is responsible for media and public relations at MGA Mexico; other stolen trade secrets include media plans, budgets for advertising and promotional expense, advertising expenditures and assessments of promotional campaigns.[10]  Vargas and Trueba are clearly in a superior position to testify regarding the extent to which these trade secrets were utilized by MGA Mexico.  See Boston Diagnostics Development Corp., Inc. v. Kollsman Mfg. Co., 123 F.R.D. 415, 416-17 (D. Mass. 1988) (engineer with decision-making authority for project at issue in litigation was managing agent for purposes of giving testimony regarding the project "even though he was responsible to higher authority to some extent"); Tomingas v. Douglas Aircraft Co., 45 F.R.D. 94, 96-97 (S.D.N.Y. 1968) (engineers who were responsible for investigation at issue in litigation "may not be 'managing agents' in the course of their everyday duties for the defendant corporation" but "they are 'managing agents' for the purpose of giving testimony regarding the accident investigation.").

Mattel need only present enough evidence "to show that there is at least a close question whether" Vargas and Trueba are managing agents of MGA Mexico.  Afram, 159 F.R.D. at 413.  Any "doubt about an individual's status as a 'managing agent,' at the pre-trial discovery stage, are to be resolved in favor of the examining party."  In re Honda American Motor Co., 168 F.R.D. 535, 540 (D. Md. 1996) (citing Founding Church of Scientology of Washington, D.C. v. Webster, 802 F.2d 1448, 1452 n. 4 (D.C. Cir. 1986).[11]  Here, it is not a close question.  Vargas and Trueba are clearly managing

---

[9] Mattel, Inc.'s Second Amended Answer and Counterclaims (public redacted version; exhibits omitted), dated July 12, 2007, ¶¶ 48-49, Zeller Dec., Exh. 1.
[10] Id.
[11] As the court stated in Afram, "it promotes judicial economy to proceed with a deposition by notice when the only pre-trial consequence of determining the deponent's status is whether he will be served with a subpoena and tendered a witness fee. . . . [S]ince a current employee of a party is within that party's practical control, it is often sensible to require the employee to appear pursuant to notice while deferring the question of whether his testimony will bind the employer."  159 F.R.D. at 414.

07209/2800237.2

-7-
REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

agents of MGA Mexico. The MGA Parties have presented no competent evidence to the contrary.

### B. Because Vargas and Trueba Are Managing Agents, The Requirements Of The Hague Convention And Letters Of Request Do Not Apply

The MGA Parties concede that a notice of deposition is sufficient to compel the deposition of an officer, director or managing agent of a corporate party even if the witness resides in a foreign country. Cadent Ltd. v. 3m Unitek Corp., 232 F.R.D. 625, 627-28 (C.D. Cal. 2005); Afram, 159 F.R.D. at 413. Because, at this stage of the proceedings, Vargas and Trueba are properly deemed managing agents of MGA Mexico, Mattel need not proceed under the Hague Convention or obtain letters of request in order to take their depositions.[12]

### C. The MGA Parties Have Failed To Show Undue Burden If The Depositions Take Place In Los Angeles

The MGA Parties do not dispute that "[a] party may unilaterally choose the place for deposing the opposing party" or that they have the burden of showing good cause for why the depositions should be held elsewhere. See Cadent, 232 F.R.D. at 628-29. The MGA Parties offer no evidence to carry their burden and instead rely on a "general presumption that the deposition of a corporate party should be taken at its place of business." (Opp. at 5.) The MGA Parties fail to mention that courts, including in a number of the decisions they cite, have described this so-called "presumption" as merely a general rule that "facilitates determination when other relevant factors do not favor one side over the other." Delphi Automotive Systems LLC v. Shinwa Intern. Holdings Ltd., 2008 WL 2906765 (S.D. Ind. July 23, 2008) (citing cases); New

---

[12] The MGA Parties argument that Mattel must "pierce the corporate veil" of MGA Mexico to proceed by deposition notice because of the "corporate separateness of MGA and MGA De Mexico" (Opp. at 11) has no merit. MGA Mexico is a party to this lawsuit and subject to the jurisdiction of this Court. See Order Re Motions Heard On June 11, 2007 at 26-30, Supp. Zeller Dec., Exh. H.

07209/2800237.2

-8-
REPLY IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS

Medium Techs. LLC v. Barco, N.V., 242 F.R.D. 460, 466 (N.D. Ill. 2007) (noting that "this is not a presumption at all. Indeed, it is the antithesis of a presumption.").[13]

Here, the relevant factors all weigh in favor of holding the depositions in Los Angeles, where they were noticed. The MGA Parties do not dispute that counsel for all parties, including MGA Mexico, are located in Los Angeles. See Mediatek, Inc. v. Sanyo Electronic Co. Ltd., 2006 WL 5709449 (E.D. Tex. August 9, 2006) (ordering depositions of Japanese corporate defendant to take place in California and noting that "it would be much easier for those witnesses to travel to California for deposition than for the gaggle of attorneys on both sides to travel to Japan"). Nor do they dispute that requiring the depositions to take place in Mexico would compromise the Court's ability to resolve disputes, which the record of obstructionist conduct by the defendants in this matter indicate are likely to arise. See Custom Form Mfg. v. Omron Corp., 196 F.R.D. 333, 336-37 (N.D. Ind. 2000) (if depositions take place in Japan, "this court's authority to intervene, should it become necessary, is compromised"); New Medium, 242 F.R.D. at 467 (ordering depositions of Japanese corporate defendant to take place in Chicago where action was pending and noting that "an antecedent history of contentiousness is a sufficient . . . basis on which to require a deposition in a locale where judicial supervision will be available"). The MGA Parties argue that, based on the limited Phase 2 discovery conducted to date, Mattel has presented evidence of only one trip by Vargas and Trueba to Los Angeles where MGA maintains its headquarters. (Opp. at 7.) Notably, however, they do not dispute that Vargas and Trueba do travel to Los Angeles. Not even Ms. Kuemmerle, who purports to supervise Vargas and Trueba, disputes that they travel here in connection with their employment.

The Kuemmerle declaration is devoid of any evidence that it would impose a hardship for Vargas and Trueba to travel to Los Angeles. Indeed, Ms. Kuemmerle and

---

[13] One of the cases cited by the MGA Parties, HTC Corp. v. Technology Properties, 2008 WL 5244905 (N.D. Cal. Dec. 16, 2008), was designated "not for citation."

1  Mr. Machado both traveled to Los Angeles for their depositions with no apparent
2  hardship to MGA Mexico.[14] ███████████████████
3  ████, but conspicuously absent is a declaration from Vargas or Trueba that they
4  would suffer any hardship if they were deposed in Los Angeles.  Kuemmerle also states
5  that, ████████████████████████████████
6  ████████████████████████████████████
7  ████████████████████.[15]  She fails to demonstrate, however, that this
8  would require anything more than submitting "███████████████
9  █████"  When Mr. Machado made this same unsuccessful argument in opposition to
10 Mattel's motion to compel his deposition, Mattel was able to show that he was granted
11 leave from the Mexico court to travel to the United States for MGA marketing meetings
12 the same day he requested it.[16]  Nor did that procedure interfere with his ability to travel
13 to Los Angeles when the Court ordered him to appear here for his deposition.[17]

      Vargas and Trueba should also be ordered to appear for their depositions in Los Angeles as noticed.  See Cadent, 232 F.R.D. at 629 (ordering officers and managing agents of corporate party who resided in Israel and New Jersey to appear for deposition in Los Angeles where there were no declarations demonstrating undue burden); see also Afram Export Corp. v. Metallurgiki Halyps, S.A., 772 F.2d 1358, 1365 (7th Cir. 1985) (affirming order that Greek corporation's president be deposed in the United States where corporation made no showing of hardship) abrogated on other

---

[14] See Kuemmerle Tr. (cover), Zeller Decl., Ex. 9; See the deposition transcript of Gustavo Machado (cover), Supp. Zeller Decl., Ex. B.
[15] The MGA Parties assert that Mattel "influenced" Mexican authorities to prosecute Vargas and Trueba in Mexico. (Opp. at 1.)  They cite to no evidence to support this bald assertion, which if anything only serves to underscore the importance of deposing these witnesses in advance of the Phase 2 trial where MGA has now made clear it hopes to air these allegations.  In any event, it is undisputed Mexican authorities found thousands of pages of confidential Mattel documents at the offices of MGA Mexico.  Mattel, not MGA Mexico, Vargas or Trueba is the victim of that theft.
[16] See Third Supplemental Declaration of Jon Corey in Support of Mattel, Inc.'s Motion to Compel Deposition of Carlos Gustavo Machado Gomez dated January 14, 2008, attached to Supp. Zeller Dec. as Exh. C.
[17] See Court's Order, dated September 2, 2009, Supp. Zeller Dec., Exh. D.

grounds, Salve Regina College v. Russell, 499 U.S. 225, 235-240 (1991); South Seas Catamaran, Inc. v. Motor Vessel "Leeway", 120 F.R.D. 17, 21 n.5 (D.N.J. 1988) ("courts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship.").[18]

## II. THE MGA PARTIES SHOULD BE SANCTIONED

Sanctions against the MGA Parties are warranted under Rule 37(a)(5) and 28 U.S.C. § 1927. Without substantial justification, they have refused to produce Vargas and Trueba for deposition on two separate occasions and in the process have delayed Mattel's ability to obtain relevant discovery for more than a year. Even now, the MGA Parties fail to present any evidence, other than conclusory statements, of even a close question as to whether Vargas and Trueba are managing agents of MGA Mexico with respect to issues presented in Phase 2 of this lawsuit. Moreover, the record shows that this is part of a larger pattern of conduct designed to obstruct Mattel from taking the depositions of key witnesses in this case.[19] The MGA Parties should be sanctioned to deter the continuation of this pattern of obstructionist conduct.

---

[18] Dwelly v. Yamaha Motor Corp., 214 F.R.D. 537 (D. Minn. 2003), cited by the MGA Parties, is distinguishable. There, the court determined on the record before it that the Japanese corporate defendant had shown it would suffer undue burden by producing a fourth 30(b)(6) witness for deposition in the United States but nonetheless noted that "[o]ur ruling would have been different, absent the Defendants' representation that they were waiving any insistence on adherence to Japanese procedures if the deposition were taken in Japan." Id. at 541.

[19] The MGA parties claim that the history of their obstructionist conduct is based on "totally false assertions." (Opp. at 3.) However, the record in this regard, including the numerous court orders compelling discovery and awarding sanctions, speaks for itself. For example, the MGA Parties claim that Mattel's statement that "it took two Court orders and an award of sanctions before Isaac Larian deigned to appear for deposition" is "totally false" and "unsupported by anything attached to Mattel's Motion" when in fact Mattel has submitted the orders themselves and they show exactly that. See Court Orders dated March 23, 2005 and Court's Civil Minutes of June 16, 2006, Zeller Dec., Exh. 23.

In an effort to divert attention from their own misconduct, the MGA Parties argue that Mattel should be sanctioned for "the dirty tricks it employed" in bringing this Motion. Their accusations are devoid of merit. Mattel did not "pretend" to meet and confer. The record shows that the parties participated in several phone calls and exchanged no fewer than four meet and confer letters before Mattel filed its motion.[20] The MGA Parties' counsel made clear that it would not produce Vargas or Trueba for deposition unless Mattel served them through the Hague Convention or obtained letters of request.[21] Nor did Mattel "surreptitiously" serve its motion. To the contrary, on February 6, 2009, Mattel served *all three law firms*--including the Glaser Weil firm--representing the MGA Parties while concurrently filing the motion with the Discovery Master.[22] The following court day, February 9, 2009, Mattel manually filed the motion under seal with the District Court and e-filed a publicly redacted version.[23] In so doing, Mattel followed the procedures set forth in the Court's order dated January 9, 2008 (the order then governing the service and filing of discovery motions).[24] The MGA Parties do not identify a single Rule, order or stipulation that Mattel purportedly failed to comply with, and there are none.

### Conclusion

For the foregoing reasons, Mattel respectfully requests that its motion be granted in its entirety.

DATED: February 19, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By    /s/ Jon D. Corey
Jon D. Corey
Attorneys for Mattel, Inc.

---

[20] Zeller Dec., Exh. 22.
[21] Id. at 264-65, fn. 1.
[22] Proof of Service, dated February 6, 2009, Supp. Zeller Dec., Exh. E.
[23] ECF Notice of Electronic Filing, dated February 9, 2009, Supp. Zeller Dec., Exh. F.
[24] See Court Order, dated January 9, 2008, Supp. Zeller Dec., Exh. G.