| | |
|---|---|
| 1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | John B. Quinn (Bar No. 090378) |
| 2 | (johnquinn@quinnemanuel.com) |
| | Michael T. Zeller (Bar No. 196417) |
| 3 | (michaelzeller@quinnemanuel.com) |
| | Jon D. Corey (Bar No. 185066) |
| 4 | (joncorey@quinnemanuel.com) |
| | 865 South Figueroa Street, 10th Floor |
| 5 | Los Angeles, California 90017-2543 |
| | Telephone: (213) 443-3000 |
| 6 | Facsimile: (213) 443-3100 |
| 7 | Attorneys for Mattel, Inc. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | [PUBLIC REDACTED] OBJECTIONS TO DECLARATION OF SUSANA KUEMMERLE IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA AND REQUEST FOR SANCTIONS |
| | Hearing Date: March 19, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox<br>555 W. Fifth St., 48th Fl.<br>Los Angeles, CA 90013 |
| | **Phase 2**<br>Discovery Cutoff: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial: March 23, 2010 |

07975/2799715.6

OBJECTIONS TO KUEMMERLE DECLARATION

1  Mattel, Inc. ("Mattel") respectfully submits the following Objections
2  and Responses to Declaration of Susana Kuemmerle in Support of MGA Parties'
3  Opposition to Motion to Compel Depositions of Pablo Vargas and Mariana Trueba
4  and Request for Sanctions ("Kuemmerle Dec.").

## SPECIFIC OBJECTIONS

| **Objectionable Testimony** | **Objection** |
|---|---|
| Paragraph 2:<br>MGA De Mexico does not maintain an office in the United States and does not do any business within the United States. | <u>Fed. R. Evid.</u> 401, 402.<br>Whether MGA Mexico does or does not "do any business" within the United States is irrelevant for the purposes of this motion.  Moreover, the Court has already found that it has personal jurisdiction over MGA Mexico and that MGA Mexico has purposefully availed itself of "the privilege of doing business" in the state of California.  <u>See</u> Order Re Motions Heard On June 11, 2007 at 26-30, Supp. Zeller Dec., Exh. H. |
| Paragraph 3:<br>Mr. Vargas' title as "▮▮▮▮▮▮" does not signify that he is a "▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" at MGA De Mexico. | <u>Fed. R. Evid.</u> 701.<br>Improper lay opinion.  <u>See</u> <u>United States v. Crawford</u>, 239 F.3d 1086, 1090 (9th Cir. 2001) ("The lay witness may not, however, testify as to a legal conclusion, such as the correct interpretation of a contract."); <u>Fed. R.</u> |

| **Objectionable Testimony** | **Objection** |
|---|---|
| Paragraph 4:<br><br>Ms. Trueba's title as "█████r" does not signify that she is a "████ ████████████" at MGA De Mexico.<br><br>Paragraph 5:<br><br>Accordingly, Mr. Vargas and Ms. Trueba are not "███████████ ██████████" of MGA De Mexico. | Evid. 704 adv. comm. notes ("[Fed. R. Evid. 701 & 702] stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").<br><br>Lack of Foundation. Fed. R. Evid. 602. Moreover, Ms. Kuemmerle has failed to cite all the relevant facts in support of these opinions, such as Mr. Vargas' and Ms. Trueba's duties or the amount of discretion they have in their roles at MGA De Mexico.  This testimony is therefore also inadmissible for failure to provide the factual basis for Ms. Kuemmerle's opinions.  See Gray v. Shell Oil Co., 469 F.2d 742, 750 (9th Cir. 1972) ("Opinion testimony, such as here offered, without a factual basis in the record, is inadmissible."); Ballen v. City of Redmond, 466 F.3d 736, 745 (9th Cir. 2006) ("There is no foundation of objective facts laid in these assertions to support the legal conclusions offered and the district court properly excluded these statements upon objection by Ballen."). |

| **Objectionable Testimony** | **Objection** |
|---|---|
| Paragraph 8: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | Fed. R. Evid. 401, 402, 602. Lack of Foundation. Ms. Kuemmerle has provided no basis for her personal knowledge of this alleged fact, and it should be excluded on that basis alone. See Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); Latman v. Burdette, 366 F.3d 774, 787 (9th Cir. 2004) ("A witness may testify only about matters on which he or she has first-hand knowledge. The witness's testimony must be based on events perceived by the witness through one of the five senses.") (quoting 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 602.02 (2d ed. 2004)). Moreover, MGA De Mexico cannot blame Mattel for the consequences of its own wrongdoing. Mattel, not MGA de Mexico, or Vargas or Trueba, is the victim of their theft. Vargas and |

| Objectionable Testimony | Objection |
|---|---|
| | Trueba are being *criminally* prosecuted, and the decision to pursue such prosecutions lies with the Mexican authorities after they discovered thousands of pages of Mattel trade secrets in the offices of MGA de Mexico when they executed a search warrant. |

DATED:  February 19, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By   /s/ Scott B. Kidman
    Scott B. Kidman
    Attorneys for Mattel, Inc.

07975/2799715.6