QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>             Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>             Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]**<br><br>[PUBLIC REDACTED] MATTEL, INC.'S RESPONSE TO THE MGA PARTIES' EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE 2/6/09 DECLARATION OF MICHAEL ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS<br><br>Hearing Date:  March 19, 2009<br>Time:          10:00 a.m.<br>Place:         Arent Fox LLP, 555 West Fifth St., 48th Floor, Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cutoff:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

07209/2802304.1

Mattel, Inc. ("Mattel") respectfully submits the following the following Response to the MGA Parties' Evidentiary Objections and Request to Strike 2/6/09 Declaration of Michael Zeller in Support of Mattel, Inc.'s Motion to Compel Depositions of Pablo Vargas and Mariana Trueba; and Request For Sanctions.

| MGA Parties' Objection | Basis for Objection |
|---|---|
| Paragraph 3:<br>"Attached hereto as Exhibit 2 is a true and correct copy of the English translation of Mariana Trueba Almada's employment contract with MGAE de Mexico, dated April 16, 2004." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the contract or who translated it, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802. |
| Paragraph 4:<br>"Attached hereto as Exhibit 3 is a true and correct copy of Pablo Vargas' employment contract with MGAE de Mexico, dated April 16, 2004 (no English translation available)." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the contract, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |
| Paragraph 5:<br>"Attached hereto as Exhibit 4 is a true and correct copy of Gustavo Machado's employment contract with MGAE de Mexico, dated April 16, 2004 (no English translation available)." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the contract, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |

07209/2802304.1

-2-
MATTEL'S RESPONSE TO EVIDENTIARY OBJECTIONS TO ZELLER DEC.

| MGA Parties' Objection | Basis for Objection |
|---|---|
| Paragraph 7:<br>"Attached hereto as Exhibit 3 is a true and correct copy of Pablo Vargas' employment contract with MGAE de Mexico, dated April 16, 2004 (no English translation available)." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the contract, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |
| Paragraph 8:<br>"Attached hereto as Exhibit 7 is a true and correct copy of an Offer Letter from MGAE de Mexico to Mariana Trueba Almada, dated March 30, 2004." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the Offer Letter or who translated it, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |

**Mattel's Response:**

As is evidenced by the Bates number on the bottom right of each page of these exhibits bearing the "MGA" prefix, these document were produced by the MGA Parties during the course of discovery.[1] In particular, the MGA Parties produced Exhibits 2 and 3 on September 7, 2007, Exhibit 4 on September 14, 2007, Exhibit 6 on September 17, 2007, and Exhibit 7 on October 4, 2007. See Declaration of Cyrus S. Naim, filed concurrently herewith ("Naim Dec."), at ¶¶ 3-7. As such, they are self-authenticating documents and no further foundation need be

---

[1] Defendants' objection to Paragraph 7 references the language of Paragraph 4 of the Zeller Declaration, which was also objected to. For purposes of this response, Mattel assumes MGA objects to Exhibit 6 to the Zeller Declaration, which was referenced as an attachment in Paragraph 7.

07209/2802304.1

-3-
MATTEL'S RESPONSE TO EVIDENTIARY OBJECTIONS TO ZELLER DEC.

established.  See, e.g., In re Homestore.com, Inc. Securities Litigation, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (admitting documents over foundation objections because "these documents are deemed authentic because Plaintiff identified the documents as being produced by parties in discovery"); Parker v. Fidelity Security Life Ins. Co., 2007 WL 2688811, *2 n.4 (E.D. Cal. September 12, 2007) ("There is a sufficient foundation for the medical records in that Kevin Warren's uncontradicted declaration indicates that they were produced by Parker during discovery."); Evanston Ins. Co. v. Westchester Surplus Lines Ins. Co., 546 F. Supp. 2d 1134, 1140 (W.D. Wash. 2008) ("An opposing party may not subsequently challenge an attorney's ability to authenticate documents attached to her declaration that were previously provided by the opposing party without objection as to their authenticity.").

        Defendants' hearsay objections are equally without merit.  As these documents were created by agents of the MGA Parties during the course of their employment, they constitute judicial admissions and are outside the hearsay rule.  See Fed. R. Evid. 801(d)(2); United States v. Matlock, 415 U.S. 164, 172 (1974) ("the respondent's own out-of-court admissions would surmount all objections based on the hearsay rule both at the suppression hearings and at the trial itself, and would be admissible for whatever inferences the trial judge could reasonably draw"); United States v. Moran, 759 F.2d 777, 786 (9th Cir. 1985) (letters signed by defendant were admissible as admissions).

        Moreover, the offer letters and contracts at issue are not hearsay, but rather constitute the "verbal acts" of contract offer and commercial bribery, and are admissible for this reason as well.  See N.L.R.B. v. H. Koch and Sons, 578 F.2d 1287, 1290 (9th Cir. 1978) (proof of offer and acceptance of contract is not hearsay, but rather admissible evidence of verbal conduct); United States v. Montana, 199 F.3d 947, 950 (7th Cir. 1999) (holding bribery offer admissible as non-hearsay verbal act).

Finally, the offer letters and contracts are admissible to establish that the offers and contracts were made. See United States v. Anfield, 539 F.2d 674, 678 (9th Cir. 1976) ("[Hearsay rule] does not exclude evidence offered to prove the fact that a statement was made, rather than the truth."); United States v. Whitman, 771 F.2d 1348, 1352 (9th Cir. 1985) (evidence of statements is admissible where it is offered not for truth of matter asserted, but only to show statements themselves were made).

| MGA Parties' Objection | Basis for Objection |
| --- | --- |
| Paragraph 9: "Attached hereto as Exhibit 8 is a true and correct copy of an e-mail from Isaac Larian to Nancy Koppang, dated April 11, 2004." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the document nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |

**Mattel's Response:**

As is evidenced by the Bates number on the bottom right of each page of this exhibit bearing the "MGA" prefix, this document was produced by the MGA Parties during the course of discovery. In particular, this document was produced by the MGA Parties on November 16, 2007. See Naim Dec., ¶ 8. As such, it is a self-authenticating document and no further foundation need be established. See, e.g., In re Homestore.com, 347 F. Supp. 2d at 781; Parker, 2007 WL 2688811 at *2 n.4; Evanston Ins. Co., 546 F. Supp. 2d at 1140.

Defendants' hearsay objections are equally without merit. As this documents was created by agents of the MGA Parties during the course of their employment, it constitutes a judicial admission and is outside the hearsay rule. See N.L.R.B., 578 F.2d at 1290; Montana, 199 F.3d at 950. Moreover, this

1 communication is separately admissible to establish ████████████████
2 ████████████████████████████████████████████████████████████
3 ███████████. See Fed. R. Evid. 803(3) (hearsay exception for a "statement of
4 the declarant's then existing state of mind, emotion, sensation, or physical condition
5 (such as intent, plan, motive, design, mental feeling, pain, and bodily health)");
6 United States v. Pheaster, 544 F.2d 353, 376 (9th Cir. 1976) ("[W]hen the
7 performance of a particular act by an individual is an issue in a case, his intention
8 (state of mind) to perform that act may be shown.  From that intention, the trier of
9 fact may draw the inference that the person carried out his intention and performed
10 the act.").

| MGA Parties' Objection | Basis for Objection |
|---|---|
| Paragraph 21, page 3:3-5: "On January 26, 2009, no one provided me, or anyone else at my firm, with dates for the depositions." | Lacks foundation, speculation.  Mr. Zeller failed to aver that he spoke to others at his firm to inquire whether they had received telephone calls.  In fact, Mr. Corey had conversations with Mr. Khan about the depositions on January 26, 2009.  FRE 602 |

**Mattel's Response:**

Whether Mr. Corey had a conversation with Mr. Kahn is irrelevant to Mr. Zeller's declaration.  Mr. Zeller declared that, "On January 26, 2009, no one provided me, or anyone else at my firm, with dates for the depositions."  Defendants do not claim that Mr. Khan provided dates for the depositions, or otherwise dispute the contents of the declaration.  Indeed, if the MGA Parties had provided dates for the Vargas and Trueba depositions, this motion would not have been necessary.

07209/2802304.1

-6-
MATTEL'S RESPONSE TO EVIDENTIARY OBJECTIONS TO ZELLER DEC.

| MGA Parties' Objection | Basis for Objection |
|---|---|
| Paragraphs 25-39, pp. 3:15-7:19. | These portions of the declaration purport to lay out a procedural history of Carter Bryant's depositions in State Court and Federal Court. Mr. Bryant was separately represented and Mattel has settled with Mr. Bryant. Therefore the averments are irrelevant to this motion concerning employees of MGAE de Mexico. FRE 401 and 402 |

**Mattel's Response:**

As the MGA Parties themselves have admitted in the past, the MGA Parties were engaged in a joint defense agreement with Carter Bryant.[2] Moreover, Bryant's counsel was paid for primarily by the MGA Parties.[3] Their joint decisions to delay and obstruct discovery are relevant for the reasons discussed in Mattel's motion.

| MGA Parties' Objection | Basis for Objection |
|---|---|
| Paragraphs 50-58, pp. 8:25-9:22. | These averments concern the deposition of Gustavo Machado, who is separately represented and are therefore irrelevant to the |

---

[2] See Declaration of James P. Jenal in Support of MGA Entertainment, Inc.'s Motion Objecting to Discovery Master's March 7, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, dated April 23, 2007, at ¶ 3 & Exh. 2, Naim Dec., Exh. 1.

[3] See Deposition Transcript of Carter Bryant, dated January 23, 2008, at 834:10-14, Naim Dec., Exh. 2.

| MGA Parties' Objection | Basis for Objection |
|---|---|
|  | depositions of Trueba and Vargas. FRE 401 and 402. |

**Mattel's Response:**

As noted in Mattel's motion, the MGA Parties themselves were directly responsible for unilaterally cancelling the Machado deposition on January 12, 2008. See Motion at 10:6-12. Moreover, the MGA parties cannot so easily distance themselves from the conduct of Machado's counsel. ███████████████████████████████████████████████████████████.[4] Though the MGA Parties have not explicitly produced a joint defense agreement with Machado's counsel, their close association with his interests, payment of his counsel, and collusion in delaying the Machado deposition implicate the MGA Parties in obstruction by Machado's counsel.

DATED: February 19, 2008         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


                                 By       /s/ Scott B. Kidman
                                     Scott B. Kidman
                                     Attorneys for Mattel, Inc.

---

[4] See Deposition Transcript of Carlos Gustavo Machado Gomes, dated October 14, 2008, at 34:18-35:16, Naim Dec., Exh. 3.