QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert O'Brien]**<br><br>MATTEL, INC.'S NOTICE OF RENEWED MOTION AND RENEWED MOTION TO COMPEL CONSENT TO PRODUCTION OF ELECTRONIC MAIL MESSAGES; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Jon D. Corey filed concurrently]<br><br>Hearing Date: TBA<br>Time: TBA<br>Place: Telephonic Hearing<br><br>**Phase 2**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: Mar. 1, 2010<br>Trial Date: Mar. 23, 2010 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, at a time and place of hearing to be set by Discovery Master Robert O'Brien, Mattel, Inc. will, and hereby does, make a renewed motion for the Discovery Master, pursuant to <u>Federal Rules of Civil Procedure</u> 34 and 37, to compel Carlos Gustavo Machado Gomez to provide his consent to the disclosure of relevant electronic mail messages from his internet service providers.

This renewed Motion is made on the ground that Machado has used electronic mail services from third-party internet service providers for communications in connection with his trade secret theft and disloyalty, but has refused to produce electronic mail messages or to consent to their production from third-parties.

Mattel first brought its Motion To Compel (1) Deposition of Carlos Gustavo Machado Gomez, and (2) Consent To Production Of Electronic Mail Messages on November 15, 2007.  The Discovery Master did not hear Mattel's motion prior to the Court staying Phase 2 discovery on February 4, 2008.  On January 6, 2009, the Court vacated the stay regarding Phase 2 discovery; therefore, Mattel now renews that portion of its November 15, 2007 motion to compel Machado's consent to production of electronic mail messages.[1]

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jon D. Corey, the records and files of this Court, and all other matters of which the Discovery Master may take judicial notice.

---

[1]   Mattel does not renew the portion of it's motion compelling Mr. Machado's deposition because his deposition took place on October 14, 2008 per Court Order, dated September 2, 2008.

## **<u>Statement of Local Rule 37-1 Compliance</u>**

The parties met and conferred regarding this motion on October 18, 2007 and times thereafter.

DATED:  February 19, 2009            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By_____
   Jon D. Corey
   Attorneys for Mattel, Inc.

ii

MATTEL, INC.'S RENEWED MOTION TO COMPEL RE MACHADO

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................... 1

STATEMENT OF FACTS ......................................................................... 2

ARGUMENT .............................................................................................. 6

I.   THE COURT SHOULD COMPEL MACHADO TO DISCLOSE
     RELEVANT EMAILS ...................................................................... 6

II.  MACHADO HAS WAIVED HIS RIGHT TO WITHHOLD
     DOCUMENTS ON THE BASIS OF PRIVILEGE .......................... 6

CONCLUSION ........................................................................................... 9

1

## TABLE OF AUTHORITIES

2

**Page**

3

### Cases

4
Applied Sys., Inc. v. N. Ins. Co. of N.Y.,
5
   1997 WL 639235 (N.D. Ill. 1997)..................................................................8

6
Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,
7
   408 F.3d 1142 (9th Cir. 2005) ..............................................................7, 8

8
Hurst v. F.W. Woolworth Co.,
   1997 WL 61051 (S.D.N.Y. 1997) .........................................................8

9
Lopez v. City of New York,
10
   2007 WL 869590 (E.D.N.Y. March 20, 2007)......................................8

11
Marx v. Kelly, Hart & Hallman, P.C.,
   929 F.2d 8 (1st Cir. 1991).....................................................................8

12
O'Grady v. Superior Court,
13
   139 Cal. App. 4th 1423 (2006) .............................................................6

14
Ritacca v. Abbott Lab.,
15
   203 F.R.D. 332 (N.D. Ill. 2001)............................................................8

16
Thelen Reid & Priest LLP v. Marland,
   2007 WL 578989 (N.D. Cal. Feb. 21, 2007)........................................7

17
Universal City Dev. Partners Ltd. v. Ride & Show Engineering, Inc.,
18
   230 F.R.D. 688 (M.D. Fla. 2005).....................................................7, 8

19

### Statutes

20

21
Fed. R. Civ. P. § 26(b)(5) .............................................................................7

22
Fed. R. Civ. P. § 37(b)(2) .............................................................................7

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Carlos Gustavo Machado Gomez ("Machado") is a current MGA de Mexico executive and is named as a party-defendant in this case for his trade secret theft and other misconduct.  When Machado was at Mattel Mexico, MGA recruited him and two co-workers to leave Mattel.  On their way out of Mattel (and evidently even before then), Machado and the others downloaded and took thousands of pages containing Mattel trade secrets.  Mattel informed Mexico law enforcement, who executed a search warrant on MGA's offices in Mexico City, where they discovered trade secrets stolen from Mattel.

Mattel originally brought a motion to compel Machado's deposition and his consent to the release of emails on November 15, 2007.  Mattel took Machado's deposition pursuant to Court Order on October 14, 2008.  However, because the Court stayed Phase 2 discovery on February 4, 2008, neither the Discovery Master or the Court ever ruled on the merits of Mattel's original motion to compel.

Machado refuses to consent to the release of emails from accounts used to facilitate the trade secret thefts and other unlawful acts.  Discovery of the emails is plainly proper, including because they are reasonably calculated to lead to the discovery of admissible evidence concerning his and MGA's trade secret thefts and to the predicate acts underlying Mattel's RICO claims.  His justification for refusing is that the emails from the accounts have supposedly been produced or, in the alternative, that the emails are either privileged or non-responsive.  In fact, Machado has not produced them, and if they are privileged, they should be listed on a privilege log.

Mattel respectfully requests an order compelling Machado to provide his consent to the disclosure of emails from his internet service providers.  Mattel also respectfully requests that Machado be found to have waived privilege with respect to any emails responsive to Mattel's document requests that he failed to either produce or log on a privilege log.

**Statement of Facts**

Machado Stole Mattel Trade Secrets.  In April 2004, Machado and two other executives left Mattel Mexico to work for MGA.  Isaac Larian, MGA's CEO, Thomas Park, MGA's then COO, and Susanna Kuemmerle, head of MGA's Mexican operations, were each heavily involved in "recruiting" Machado and his co-workers to MGA.  Machado admits, that in the months prior to their resignations, he and his two colleagues "discussed with MGA personnel, including Larian, employment at MGAE de Mexico" and used an AOL e-email account with the address <plot04@aol.com> in order to do so.[2]  Larian too admits these communications took place.[3]

While MGA was recruiting them, Machado and the other then-Mattel employees prepared an "analysis" to justify their worth to MGA.[4]  As a result of this analysis and other information, MGA offered to pay each of them, to do the same jobs for a smaller company, far more than they were earning at Mattel -- with potentially hefty bonuses based on MGA's revenue growth -- and, apparently, offered to give them all cars.[5]

Before they left Mattel, Machado and the others stole virtually every type of document that a competitor would need to enter into the market in Mexico and to compete with Mattel worldwide.  These included global internal future line lists that detailed anticipated future products, production and shipping costs for Mattel products;

---

[2]   Second Amended Answer and Counterclaims, ¶¶ 37-44, Corey Dec., Exh. 1.; Machado's Amended Answer and Affirmative Defenses, ¶ 43, dated Sep. 24, 2007, Corey Dec., Exh. 2.

[3]   Isaac Larian's Answer and Affirmative Defenses, dated August 13, 2007, ¶¶ 42-43, Corey Dec., Exh. 3.

[4]   Email from <plot04@aol.com> email address to Isaac Larian, dated March 22, 2004, Corey Dec., Exh. 4.

[5]   Id.; Email from Tom Park, MGA's Chief Operating Officer, to the <plot04@aol.com> email address and copying Isaac Larian, dated March 30, 2004, Corey Dec., Exh. 5; Email from Isaac Larian to the <plot04@aol.com> email address dated March 23, 2004, 2007, Corey Dec., Exh. 6.

daily sales data for Mattel products; customer data; sales estimates and projections; marketing projections; documents analyzing changes in sales performance from 2003 to 2004; budgets for advertising and promotional expenses; strategic research reflecting consumer responses to products in development; media plans; consumer comments regarding existing Mattel products, customer discounts and terms of sale; customer inventory level data; assessments of promotional campaign success; market size historical data and projections; marketing plans and strategies; merchandising plans; retail pricing and marketing strategies; and other similar materials.[6]

Machado and his co-conspirators ultimately resigned from Mattel on the same day, April 19, 2004, but refused to say where they were going.[7] And, Machado's Mattel computer mysteriously would not function. With its suspicions raised, Mattel began to investigate. It discovered that Machado and the others had downloaded and taken thousands of pages containing Mattel trade secrets when they left.[8] When Mattel discovered this, it informed law enforcement officials in Mexico, who subsequently obtained and executed a search warrant on MGA's Mexico City offices.[9] They discovered in those offices not only the information Mattel thought had been stolen, but thousands of other pages that Mattel did not know they had taken.[10] Even after this, MGA promoted Machado and transferred him to Los Angeles.[11] Machado and his co-workers have been indicted in Mexico for criminal trade secret theft.

---

[6]   Second Amended Answer and Counterclaims, ¶ 48, Corey Dec. Exh. 1.

[7]   Second Amended Answer and Counterclaims, ¶¶ 44-46, Corey Dec., Exh. 1.; Machado's Amended Answer and Affirmative Defenses, ¶¶ 44-46, dated Sep. 24, 2007, Corey Dec., Exh. 2; Isaac Larian's Answer and Affirmative Defenses, dated August 13, 2007, ¶ 41, Corey Dec., Exh. 3.

[8]   Second Amended Answer and Counterclaims, ¶ 53, Corey Dec., Exh. 1.

[9]   Id.

[10]   Id.

[11]   Id. ¶ 54.

<u>Machado Has Failed to Produce Emails to Which Mattel Is Entitled.</u>   Mattel served Machado with Requests for Production on September 11, 2007 requesting, among other things, relevant emails sent to and from him, including from the <plot04@aol.com> account.[12]   Machado has produced no such e-mails to Mattel with these documents.   Mattel also served a subpoena on Yahoo! on October 29, 2007 requesting the production of emails from Machado's <gus_cmt@yahoo.com> account.[13] On that same day, Mattel sent a letter to Machado informing him that a subpoena had been served on Yahoo! requesting documents identical to those requested in Mattel's Requests for Production served on Machado on September 11, 2007 and requesting his consent to the release of his emails from Yahoo! under the Stored Electronic Communications Act.[14]   The letter attached a form for Machado to sign indicating his consent.[15]   On November 1, 2007, Mr. Cote responded.   He wrote that "Mr. Machado has already produced documents from his Yahoo! e-mail account."[16]   In reality, Mr. Machado has produced less than 100 pages of documents, none of which are e-mails from the Yahoo! or any other account.[17]   Nonetheless, Mr. Machado refused to consent to the release of e-mail messages from that, or any other, email account.[18]

---

[12]   Mattel's First Set of Requests for Documents and Things to Machado, dated September 11, 2007, Corey Dec., Exh. 7.

[13]   Notice of Subpoena Issued to Yahoo!, dated October 29, 2007, Corey Dec., Exh. 8.

[14]   Letter from Corey to Machado, care of Cote, dated October 29, 2007, Corey Dec., Exh. 9.

[15]   <u>Id</u>.

[16]   Letter from Cote to Zeller, et al., dated November 1, 2007, at 2, Corey Dec., Exh. 10.

[17]   Corey Dec., ¶ 12; <u>see also</u> letter from Zeller to Cote, dated November 3, 2007, at 2, Corey Dec., Exh. 11.

[18]   Letter from Cote to Zeller, et al., dated November 1, 2007, at 2, Corey Dec., Exh. 10.

<u>Mattel Files A Motion To Compel.</u>  Mattel first brought its Motion To Compel (1) Deposition of Carlos Gustavo Machado Gomez, and (2) Consent To Production Of Electronic Mail Messages on November 15, 2007.[19]  Initially, Machado filed a two-page opposition arguing that the Discovery Master did not have jurisdiction over Machado.[20]   After the District Court rejected Machado's argument regarding jurisdiction,[21] Machado argued for the first time that "communications responsive to the subpoena" were privileged.[22]   However, Machado has never logged any of these allegedly privileged communications on a privilege log.[23]  The Discovery Master did not hear Mattel's motion prior to the Court staying Phase 2 discovery on February 4, 2008.[24]  On January 6, 2009, the Court vacated the stay regarding Phase 2 discovery;[25] therefore, Mattel now renews that portion of its November 15, 2007 motion to compel Machado's consent to production of electronic mail messages.  Mattel does not renew the portion of its motion compelling Machado to appear for deposition because his deposition took place on October 14, 2008 pursuant to Court Order, dated September 2, 2008.[26]

---

[19]   Mattel's Motion to Compel, dated November 15, 2007, Corey Dec., Exh. 12; <u>see also</u> Corey Dec., ¶ 14.

[20]   Machado's Opposition to Mattel's Motion to Compel, dated November 26, 2007, at 2:2-3, Corey Dec., Exh. 13.

[21]   <u>See</u> Court's Order, dated January 7, 2008, at 4, Corey Dec., Exh. 14.

[22]   Machado's Supplemental Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel, dated January 14, 2008, at 6:9-11, Corey Dec., Exh. 15.

[23]   Core  y Dec., ¶ 14.

[24]   Corey Dec., ¶ 14; <u>see also</u> Court's Order, dated February 4, 2008, Corey Dec., Exh. 16.

[25]   Court's Order, dated January 6, 2008, Corey Dec., Exh. 17.

[26]   Court's Scheduling Order, dated September 2, 2008, Exh. 18.

MATTEL, INC.'S RENEWED MOTION TO COMPEL RE MACHADO

**Argument**

**I.      THE COURT SHOULD COMPEL MACHADO TO DISCLOSE
RELEVANT EMAILS**

As a party to this action, Machado is obligated to direct his agents to produce documents within their possession.  Machado should be compelled to consent to the disclosure of e-mail communications by Yahoo!  If Machado continues to fail to give his consent to the release of these documents, he should be sanctioned.  See <u>O'Grady v. Superior Court</u>, 139 Cal. App. 4th 1423, 1446 (2006) (stating that where a party to an email communication being sought is also a party to the litigation it is within the court's power to require the party's consent to disclosure of the communication on pain of discovery sanctions).  Machado's excuse here -- that he himself has supposedly already produced the emails -- is demonstrably false.  In reality, Mr. Machado has produced less than 100 pages of documents, none of which are e-mails from the Yahoo!, or any other, account.[27]

Mattel respectfully requests that the Discovery Master order Machado to provide written consent to the production of relevant e-mails from any e-mail account (and to identify each e-mail account) he has used in the past five years.

**II.     MACHADO HAS WAIVED HIS RIGHT TO WITHHOLD
DOCUMENTS ON THE BASIS OF PRIVILEGE**

Machado argued for the first time in January 2008 that "communications responsive to the subpoena" were privileged.[28]  However, Machado has never logged any of these allegedly privileged communications on a privilege log.[29]  It is well settled in the Ninth Circuit that the failure to timely

---

[27]   Corey Dec., ¶ 14.

[28]   Machado's Supplemental Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel, dated January 14, 2008, at 6:9-11, Corey Dec., Exh. 15.

[29]   Corey Dec., ¶ 14.

produce a privilege log may be deemed a waiver of the privilege.  See <u>Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court</u>, 408 F.3d 1142 (9th Cir. 2005) (upholding waiver for five-month delay in serving privilege log); <u>Thelen Reid & Priest LLP v. Marland</u>, 2007 WL 578989, *9-*10 (N.D. Cal. Feb. 21, 2007) (finding privilege waived where timely privilege log not provided); <u>Universal City Dev. Partners Ltd. v. Ride & Show Engineering, Inc.</u>, 230 F.R.D. 688 (M.D. Fla. 2005) (finding waiver based on eight-month delay in producing privilege log).  The Advisory Committee notes to <u>Rule</u> 26(b)(5) specifically anticipate waiver of privilege as a remedy for the failure of a party to timely produce a privilege log.  <u>See</u> <u>Fed. R. Civ. P.</u> § 26(b)(5) advisory committee's note (1993 Amendments) ("To withhold materials without such notice is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege or protection.").

Under applicable Ninth Circuit law, courts are to make a case-by-case determination of whether the privilege was waived by a failure to timely produce a privilege log.  <u>Burlington N. & Santa Fe Ry. Co.</u>, 408 F.3d at 1149.  The following factors are to be considered:  (1) the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged; (2) the timeliness of the objection and accompanying information about the withheld documents; (3) the magnitude of the document production; and (4) other particular circumstances of the litigation that make responding to the discovery unusually easy or unusually hard.  <u>Id.</u>

Here, Machado's failure to produce any log of any kind warrants a finding that Machado's privilege claims have been waived.  The first factor strongly weighs in favor of a finding of waiver.  Machado failed to produce any emails,

despite claiming to have done so.[30]  Machado then asserted for the first time, months after Mattel filed a motion to compel, that any responsive documents were privileged.[31]

The second factor also weighs heavily in favor of a finding of waiver. Even taking into account the Phase 2 discovery stay in this action, Machado has had nearly 6 months to produce a privilege log, but has not.  Courts have found similar delays to warrant a finding of waiver.  See Universal City Dev. Partners Ltd., 230 F.R.D. at 695-96 (finding a delay of eight months sufficient to find waiver); Hurst v. F.W. Woolworth Co., 1997 WL 61051, *4-6 (S.D.N.Y. 1997) (eight-month delay in producing privilege log waived privilege); Lopez v. City of New York, 2007 WL 869590, at *4 (E.D.N.Y. March 20, 2007) (seven-month delay in producing privilege log waived privilege).  In fact, the Ninth Circuit has found that a five-month delay in the production of a privilege log itself warrants a finding that privilege has been waived, in the absence of mitigating considerations.  See Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

There are no mitigating circumstances here.  To the contrary, Machado first claimed to have produced the emails in question, and then backtracked once Mattel brought a motion, claiming that any such emails were privileged. "[E]vidence of foot-dragging or a cavalier attitude towards following court orders and the discovery rules supports finding waiver." Ritacca v. Abbott Lab., 203 F.R.D. 332, 335 (N.D. Ill. 2001) (citing Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991) and Applied Sys., Inc. v. N. Ins. Co. of N.Y., 1997 WL

---

[30]   Corey Dec., ¶ 14; see also Letter from Cote to Zeller, et al., dated November 1, 2007, at 2, Corey Dec., Exh. 10.

[31]   Machado's Supplemental Memorandum of Points and Authorities in Opposition to Mattel's Motion to Compel, dated January 14, 2008, at 6:9-11, Corey Dec., Exh. 15.

1  639235, at *2-3 (N.D. Ill. 1997)).  There is ample evidence of such foot dragging
2  here.

3      The third factor also supports a finding of waiver.  Machado has
4  produced less than 100 pages of documents.[32]  This is a small number of documents,
5  and Machado has had ample time to collect, review and determine whether it will
6  claim privilege as to these documents.  Mattel served document requests in October
7  2007,[33] and Machado produced documents shortly thereafter.

8      Finally, the fourth factor also weighs in favor of a finding of waiver.
9  Machado has had ample time to collect, review and log any documents responsive to
10 Mattel's Requests that it is withholding on privilege grounds.  Given the substantial
11 period of time that has passed and the small number of documents produced,
12 Machado has had an exceptionally easy opportunity to produce a privilege log.  He
13 has not done so by choice, not by necessity.

14

15                              **<u>Conclusion</u>**

16      For the foregoing reasons, the Discovery Master should grant Mattel's motion.

17

18 DATED:  February 19, 2009       QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
19

20                               By /s/ Jon D. Corey
21                                  Jon D. Corey
                                    Attorney for Mattel, Inc.
22

23

24

25

_____

26 [32]  Corey Dec., ¶ 14.

27 [33]  Mattel's First Set of Requests for Documents and Things to Machado, dated
   September 11, 2007, Corey Dec., Exh. 7.

28