EXHIBIT 2

1  James W. Spertus, Esq., State Bar No. 159825
   Leah C. Gershon, Esq., State Bar No. 242327
2  **LAW OFFICES OF JAMES W. SPERTUS**
   12100 Wilshire Blvd., Ste. 620
3  Los Angeles, California 90025
   (310) 826-4700-Telephone
4  (310) 826-4711-Facsimile
   jim@spertuslaw.com
5  leah@spertuslaw.com

6  Attorneys for
   Carlos Gustavo Machado Gomez
7

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| | |
|---|---|
| 11 CARTER BRYANT, an individual | CASE NO.  CV 04-09049 SGL (RNBx) |
| 12            Plaintiff, | (Consolidated with CV 04-9059 and CV 05-2727) |
| 13        v. | |
| 14 MATTEL, INC., a Delaware | **AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS** |
| 15 Corporation, | |
| 16            Defendant. | |
| 17 | |
| 18 | Judge:         Hon. Steven G. Larson |
| 19 MGA ENTERTAINMENT, INC., A California corporation, | Courtroom:   1 |
| 20            Plaintiff, | |
| 21        v. | |
| 22 MATTEL, INC., a Delaware corporation, and DOES 1-10, | |
| 23 | |
| 24            Defendant | |

25

26

27      9-24

28

EXHIBIT  2
PAGE  88

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1    Counter-defendant Carlos Gustavo Machado Gomez ("Machado") hereby

2  answers, for himself alone, the Second Amended Counterclaim of Counter-Claimant

3  Mattel, Inc., as follows:

4    As a preliminary matter, Mattel's use of headings throughout its

5  counterclaims is improper, and therefore no response to Mattel's headings is

6  required.  If any response is required, Machado denies all allegations contained in

7  Mattel's headings.

8    1.    Machado is without sufficient knowledge to admit or deny the

9  allegations set forth in paragraph 1, and on that basis denies the allegations set forth

10  in paragraph 1.

11    2.    Machado is without sufficient knowledge to admit or deny the

12  allegations set forth in paragraph 2, and on that basis denies the allegations set forth

13  in paragraph 2.

14    3.    Machado admits that he was hired by MGA Entertainment, Inc.

15  (MGA"), and denies the remaining allegations set forth in paragraph 3.

16    4.    Machado is without sufficient knowledge to admit or deny the

17  allegations set forth in paragraph 4, and on that basis denies the allegations set forth

18  in paragraph 4.

19    5.    Machado is without sufficient knowledge to admit or deny the

20  allegations set forth in paragraph 5, and on that basis denies the allegations set forth

21  in paragraph 5.

22    6.    Machado admits that the Court has federal question jurisdiction over

23  this action pursuant to 28 U.S.C. § 1331, denies that 17 U.S.C. §§ 101 and 18

24  U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims,

25  and denies that Mattel is entitled to any relief on its Counterclaims.

26    7.    Machado admits that venue is proper in this District for Mattel's claims

27  based on conduct alleged to have occurred within this District and denies that venue

28

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

EXHIBIT   2
PAGE   89

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1   is proper in this District for acts alleged to have occurred in Mexico or other places

2   outside of this District.

3       8.      Machado is without sufficient knowledge to admit or deny the

4   allegations set forth in paragraph 8, and on that basis denies the allegations set forth

5   in paragraph 8.

6       9.      Machado is without sufficient knowledge to admit or deny the

7   allegations set forth in paragraph 9, and on that basis denies the allegations set forth

8   in paragraph 9.

9       10.     Machado is without sufficient knowledge to admit or deny the

10  allegations set forth in paragraph 10, and on that basis denies the allegations set

11  forth in paragraph 10.

12      11.     Machado is without sufficient knowledge to admit or deny the

13  allegations set forth in paragraph 11, and on that basis denies the allegations set

14  forth in paragraph 11.

15      12.     Machado admits the allegations set forth in paragraph 12.

16      13.     Machado is without sufficient knowledge to admit or deny the

17  allegations set forth in paragraph 13, and on that basis denies the allegations set

18  forth in paragraph 13.

19      14.     Machado admits the allegations set forth in paragraph 14.

20      15.     Paragraph 15 is a statement of Mattel's legal position, to which no

21  response is necessary.  To the extent that a response is required, Machado denies the

22  allegations set forth in paragraph 15.

23      16.     Machado admits the allegations set forth in the first sentence of

24  paragraph 16.  Machado is without sufficient knowledge to admit or deny the

25  remaining allegations set forth in paragraph 16, and on that basis denies the

26  allegations set forth in paragraph 16.

27

28

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT    2
PAGE       90

LAW OFFICES OF JAMES W. SPERTUS
12100 Wilshire Blvd., Suite 620
Los Angeles, California 90025
Tel. (310) 826-4700 • Fax (310) 826-4711

1  17.   Machado is without sufficient knowledge to admit or deny the
2  allegations set forth in paragraph 17, and on that basis denies the allegations set
3  forth in paragraph 17.
4  18.   Machado is without sufficient knowledge to admit or deny the
5  allegations set forth in paragraph 18, and on that basis denies the allegations set
6  forth in paragraph 18.
7  19.   Machado admits that MGA is a toy manufacturer, but is without
8  sufficient knowledge to admit or deny the remaining allegations set forth in
9  paragraph 19, and on that basis denies the remaining allegations set forth in
10  paragraph 19.
11  20.   Machado is without sufficient knowledge to admit or deny the
12  allegations set forth in paragraph 20, and on that basis denies the allegations set
13  forth in paragraph 20.
14  21.   Machado is without sufficient knowledge to admit or deny the
15  allegations set forth in paragraph 21, and on that basis denies the allegations set
16  forth in paragraph 21.
17  22.   Machado is without sufficient knowledge to admit or deny the
18  allegations set forth in paragraph 22, and on that basis denies the allegations set
19  forth in paragraph 22.
20  23.   Machado is without sufficient knowledge to admit or deny the
21  allegations set forth in paragraph 23, and on that basis denies the allegations set
22  forth in paragraph 23.
23  24.   Machado is without sufficient knowledge to admit or deny the
24  allegations set forth in paragraph 24, and on that basis denies the allegations set
25  forth in paragraph 24.
26
27
28

4
AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT    2
PAGE    91

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1    25.   Machado is without sufficient knowledge to admit or deny the

2  allegations set forth in paragraph 25, and on that basis denies the allegations set

3  forth in paragraph 25.

4    26.   Machado is without sufficient knowledge to admit or deny the

5  allegations set forth in paragraph 26, and on that basis denies the allegations set

6  forth in paragraph 26.

7    27.   Machado is without sufficient knowledge to admit or deny the

8  allegations set forth in paragraph 27, and on that basis denies the allegations set

9  forth in paragraph 27.

10    28.   Machado is without sufficient knowledge to admit or deny the

11  allegations set forth in paragraph 28, and on that basis denies the allegations set

12  forth in paragraph 28.

13    29.   Machado is without sufficient knowledge to admit or deny the

14  allegations set forth in paragraph 29, and on that basis denies the allegations set

15  forth in paragraph 29.

16    30.   Machado is without sufficient knowledge to admit or deny the

17  allegations set forth in paragraph 30, and on that basis denies the allegations set

18  forth in paragraph 30.

19    31.   Machado is without sufficient knowledge to admit or deny the

20  allegations set forth in paragraph 31, and on that basis denies the allegations set

21  forth in paragraph 31.

22    32.   Machado admits that MGA distributes and sells Bratz and Bratz-related

23  products in many countries throughout the world.  Machado is without sufficient

24  knowledge to admit or deny the remaining allegations set forth in paragraph 32, and

25  on that basis denies the allegations set forth in paragraph 32.

26

27

28

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___2___
PAGE ___92___

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

33.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 33, and on that basis denies the allegations set forth in paragraph 33.

34.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 34, and on that basis denies the allegations set forth in paragraph 34.

35.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 35, and on that basis denies the allegations set forth in paragraph 35.

36.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 36, and on that basis denies the allegations set forth in paragraph 36.

37.    Machado is without sufficient knowledge to admit or deny the first two sentences set forth in paragraph 37, and on that basis denies the allegations set forth in the first two sentences of paragraph 37.  Machado admits that he was hired by MGAE de Mexico, and denies the remaining allegations set forth in paragraph 37.

38.    Machado admits that he was a Marketing Manager, Boys Division, for Mattel Mexico, admits that he was employed at Mattel Mexico from April 1997 until April 19, 2004, admits that his duties included short, medium, and long-term marketing planning, generating product sales projections, and assisting in creation of the media plan, and admits that he had an employment agreement with Mattel. Machado is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 38, and on that basis denies the remaining allegations set forth in paragraph 38.

39.    Machado admits that Mariana Trueba Almada ("Trueba") was a Marketing Manager, Girls Division, for Mattel Mexico, admits that Trueba was employed at Mattel Mexico until April 19, 2004, admits that her duties included

6
AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT ___2___
PAGE ___93___

1  market planning, generating product sales projections, and assisting in creation of

2  the media plan.  Machado is without sufficient knowledge to admit or deny the

3  remaining allegations set forth in paragraph 39, and on that basis denies the

4  remaining allegations set forth in paragraph 39.

5      40.    Machado admits that Pablo Vargas San Jose ("Vargas") was a Senior

6  Trade Marketing Manager with Mattel Mexico, admits that Vargas was employed at

7  Mattel Mexico until April 19, 2004, admits that his duties included ensuring that

8  point-of-sale promotions were carried out and generally managing promotional

9  activities.  Machado is without sufficient knowledge to admit or deny the remaining

10  allegations set forth in paragraph 40, and on that basis denies the remaining

11  allegations set forth in paragraph 40.

12      41.    Machado admits that in or about 2004, Machado, Trueba and Vargas

13  discussed leaving Mattel Mexico, admits that he resigned from Mattel Mexico on

14  April 19, 2004, admits that he did not identify his new employer, admits that he was

15  offered and accepted employment at MGAE de Mexico, and denies the remaining

16  allegations set forth in paragraph 41.

17      42.    Machado admits that he communicated with MGA personnel prior to

18  his resignation from Mattel, admits that these communications included telephone

19  communications and e-mail communications, and denies the remaining allegations

20  set forth in paragraph 42.

21      43.    Machado admits that in or about March 2004, Machado, Trueba, and

22  Vargas made plans to travel from Mexico to Los Angeles in April 2004, admits that

23  in or about March 2004, Machado, Trueba and Vargas discussed with MGA

24  personnel, including Larian, employment at MGAE de Mexico, states that the

25  quoted plot04@aol.com emails speak for themselves, and denies the remaining

26  allegations set forth in paragraph 43.

27      44.    Machado denies the allegations set forth in paragraph 44.

28

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT 2
PAGE 94

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

45.    Machado denies the allegations set forth in paragraph 45.

46.    Machado denies the allegations set forth in paragraph 46.

47.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 47, and on that basis denies the allegations set forth in paragraph 47.

48.    Machado denies the allegations set forth in paragraph 48.

49.    Machado denies the allegations set forth in paragraph 49.

50.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 50, and on that basis denies the allegations set forth in paragraph 50.

51.    Machado denies the allegations set forth in paragraph 51.

52.    Machado admits that during the week of April 26, 2004, Machado and Vargas traveled to Los Angeles to meet with MGA personnel, including Isaac Larian, in person.

53.    Machado admits that on October 27, 2005, Mexican authorities searched MGAE de Mexico, and otherwise is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 53.

54.    Machado admits that Machado was transferred from MGAE de Mexico to MGA's office in Van Nuys, California, admits that Machado resides in the County of Los Angeles, and denies the remaining allegations set forth in paragraph 54.

55.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 55, and on that basis denies the allegations set forth in paragraph 55.

56.    Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 56, and on that basis denies the allegations set forth in paragraph 56.

EXHIBIT    2
PAGE    95

1    57.    Machado is without sufficient knowledge to admit or deny the
2  allegations set forth in paragraph 57, and on that basis denies the allegations set
3  forth in paragraph 57.

4    58.    Machado is without sufficient knowledge to admit or deny the
5  allegations set forth in paragraph 58, and on that basis denies the allegations set
6  forth in paragraph 58.

7    59.    Machado is without sufficient knowledge to admit or deny the
8  allegations set forth in paragraph 59, and on that basis denies the allegations set
9  forth in paragraph 59.

10    60.    Machado is without sufficient knowledge to admit or deny the
11  allegations set forth in paragraph 60, and on that basis denies the allegations set
12  forth in paragraph 60.

13    61.    Machado is without sufficient knowledge to admit or deny the
14  allegations set forth in paragraph 61, and on that basis denies the allegations set
15  forth in paragraph 61.

16    62.    Machado is without sufficient knowledge to admit or deny the
17  allegations set forth in paragraph 62, and on that basis denies the allegations set
18  forth in paragraph 62.

19    63.    Machado is without sufficient knowledge to admit or deny the
20  allegations set forth in paragraph 63, and on that basis denies the allegations set
21  forth in paragraph 63.

22    64.    Machado is without sufficient knowledge to admit or deny the
23  allegations set forth in paragraph 64, and on that basis denies the allegations set
24  forth in paragraph 64.

25    65.    Machado is without sufficient knowledge to admit or deny the
26  allegations set forth in paragraph 65, and on that basis denies the allegations set
27  forth in paragraph 65.

28

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

9

EXHIBIT    2
PAGE    96

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1    66.    Machado is without sufficient knowledge to admit or deny the
2 allegations set forth in paragraph 66, and on that basis denies the allegations set
3 forth in paragraph 66.

4    67.    Machado admits that Brawer is the Executive Vice President of Sales
5 and Marketing at MGA, and is without sufficient knowledge to admit or deny the
6 remaining allegations set forth in paragraph 67, and on that basis denies the
7 allegations set forth in paragraph 67.

8    68.    Machado is without sufficient knowledge to admit or deny the
9 allegations set forth in paragraph 68, and on that basis denies the allegations set
10 forth in paragraph 68.

11    69.    Machado is without sufficient knowledge to admit or deny the
12 allegations set forth in paragraph 69, and on that basis denies the allegations set
13 forth in paragraph 69.

14    70.    Machado is without sufficient knowledge to admit or deny the
15 allegations set forth in paragraph 70, and on that basis denies the allegations set
16 forth in paragraph 70.

17    71.    Machado is without sufficient knowledge to admit or deny the
18 allegations set forth in paragraph 71, and on that basis denies the allegations set
19 forth in paragraph 71.

20    72.    Machado is without sufficient knowledge to admit or deny the
21 allegations set forth in paragraph 72, and on that basis denies the allegations set
22 forth in paragraph 72.

23    73.    Machado is without sufficient knowledge to admit or deny the
24 allegations set forth in paragraph 73, and on that basis denies the allegations set
25 forth in paragraph 73.

26
27

EXHIBIT ___2___
PAGE ___97___

28
10
AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

1    74.    Machado is without sufficient knowledge to admit or deny the
2  allegations set forth in paragraph 74, and on that basis denies the allegations set
3  forth in paragraph 74.

4    75.    Machado is without sufficient knowledge to admit or deny the
5  allegations set forth in paragraph 75, and on that basis denies the allegations set
6  forth in paragraph 75.

7    76.    Machado is without sufficient knowledge to admit or deny the
8  allegations set forth in paragraph 76, and on that basis denies the allegations set
9  forth in paragraph 76.

10    77.    Machado is without sufficient knowledge to admit or deny the
11  allegations set forth in paragraph 77, and on that basis denies the allegations set
12  forth in paragraph 77.

13    78.    Machado is without sufficient knowledge to admit or deny the
14  allegations set forth in paragraph 78, and on that basis denies the allegations set
15  forth in paragraph 78.

16    79.    Machado is without sufficient knowledge to admit or deny the
17  allegations set forth in paragraph 79, and on that basis denies the allegations set
18  forth in paragraph 79.

19    80.    Machado is without sufficient knowledge to admit or deny the
20  allegations set forth in paragraph 80, and on that basis denies the allegations set
21  forth in paragraph 80.

22    81.    Machado is without sufficient knowledge to admit or deny the
23  allegations set forth in paragraph 81, and on that basis denies the allegations set
24  forth in paragraph 81.

25    82.    Machado repeats his responses contained in paragraphs 1 through 81 of
26  this Answer and incorporates them by reference as though fully and completely set
27  forth herein.

28

EXHIBIT 2
PAGE 98

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

11

1    83.    Machado is without sufficient knowledge to admit or deny the
2  allegations set forth in paragraph 83, and on that basis denies the allegations set
3  forth in paragraph 83.

4    84.    Machado is without sufficient knowledge to admit or deny the
5  allegations set forth in paragraph 84, and on that basis denies the allegations set
6  forth in paragraph 84.

7    85.    Machado is without sufficient knowledge to admit or deny the
8  allegations set forth in paragraph 85, and on that basis denies the allegations set
9  forth in paragraph 85.

10    86.    Machado is without sufficient knowledge to admit or deny the
11  allegations set forth in paragraph 86, and on that basis denies the allegations set
12  forth in paragraph 86.

13    87.    Machado is without sufficient knowledge to admit or deny the
14  allegations set forth in paragraph 87, and on that basis denies the allegations set
15  forth in paragraph 87.

16    88.    Machado repeats his responses contained in paragraphs 1 through 87 of
17  this Answer and incorporates them by reference as though fully and completely set
18  forth herein.

19    89.    Machado denies the allegations set forth in paragraph 89.
20    90.    Machado denies the allegations set forth in paragraph 90.
21    91.    Machado denies the allegations set forth in paragraph 91.
22    92.    Machado denies the allegations set forth in paragraph 92.
23    93.    Machado denies the allegations set forth in paragraph 93.
24    94.    Machado denies the allegations set forth in paragraph 94.
25    95.    Machado denies the allegations set forth in paragraph 95.
26    96.    Machado denies the allegations set forth in paragraph 96.
27    97.    Machado denies the allegations set forth in paragraph 97.
28

EXHIBIT 2
PAGE 99

12

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES OF JAMES W. SPERTUS
12100 Wilshire Blvd., Suite 620
Los Angeles, California 90025
Tel. (310) 826-4700 • Fax (310) 826-4711

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1  98.  Machado repeats his responses contained in paragraphs 1 through 97 of
2  this Answer and incorporates them by reference as though fully and completely set
3  forth herein.
4  99.  Machado denies the allegations set forth in paragraph 99.
5  100.  Machado denies the allegations set forth in paragraph 100.
6  101.  Machado denies the allegations set forth in paragraph 101.
7  102.  Machado denies the allegations set forth in paragraph 102.
8  103.  Machado denies the allegations set forth in paragraph 103.
9  104.  Machado denies the allegations set forth in paragraph 104.
10  105.  Machado denies the allegations set forth in paragraph 105.
11  106.  Machado repeats his responses contained in paragraphs 1 through 105
12  of this Answer and incorporates them by reference as though fully and completely
13  set forth herein.
14  107.  Machado denies the allegations set forth in paragraph 107.
15  108.  Machado denies the allegations set forth in paragraph 108.
16  109.  Machado is without sufficient knowledge to admit or deny the
17  allegations set forth in paragraph 109, and on that basis denies the allegations set
18  forth in paragraph 109.
19  110.  Machado denies the allegations set forth in paragraph 110.
20  111.  Machado denies the allegations set forth in paragraph 111.
21  112.  Machado denies the allegations set forth in paragraph 112.
22  113.  Machado denies the allegations set forth in paragraph 113.
23  114.  Machado denies the allegations set forth in paragraph 114.
24  115.  Machado denies the allegations set forth in paragraph 115.
25  116.  Machado repeats his responses contained in paragraphs 1 through 115
26  of this Answer and incorporates them by reference as though fully and completely
27  set forth herein.
28

EXHIBIT 2
PAGE 100

13
AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1    117.   Machado is without sufficient knowledge to admit or deny the
2    allegations set forth in paragraph 117, and on that basis denies the allegations set
3    forth in paragraph 117.

4    118.   Machado is without sufficient knowledge to admit or deny the
5    allegations set forth in paragraph 118, and on that basis denies the allegations set
6    forth in paragraph 118.

7    119.   Machado is without sufficient knowledge to admit or deny the
8    allegations set forth in paragraph 119, and on that basis denies the allegations set
9    forth in paragraph 119.

10   120.   Machado is without sufficient knowledge to admit or deny the
11   allegations set forth in paragraph 120, and on that basis denies the allegations set
12   forth in paragraph 120.

13   121.   Machado is without sufficient knowledge to admit or deny the
14   allegations set forth in paragraph 121, and on that basis denies the allegations set
15   forth in paragraph 121.

16   122.   Machado repeats his responses contained in paragraphs 1 through 121
17   of this Answer and incorporates them by reference as though fully and completely
18   set forth herein.

19   123.   Machado is without sufficient knowledge to admit or deny the
20   allegations set forth in paragraph 123, and on that basis denies the allegations set
21   forth in paragraph 123.

22   124.   Machado is without sufficient knowledge to admit or deny the
23   allegations set forth in paragraph 124, and on that basis denies the allegations set
24   forth in paragraph 124.

25   125.   Machado denies the allegations set forth in paragraph 125.

26   126.   Machado denies the allegations set forth in paragraph 126.

27   127.   Machado denies the allegations set forth in paragraph 127.

28

EXHIBIT ___2___
PAGE ___101___

14

128.   Machado denies the allegations set forth in paragraph 128.

129.   Machado repeats his responses contained in paragraphs 1 through 128 of this Answer and incorporates them by reference as though fully and completely set forth herein.

130.   The first and fifth sentences of paragraph 130 are statements of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Machado denies the allegations set forth in the first and fifth sentences of paragraph 130.  Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 130 as they pertain to Bryant.  Machado admits that he had access to Mattel information, supervised the work of others, exercised discretion and worked independently in many of his job assignments and duties, represented Mattel in its dealings with third parties, and in actions in the course and scope of his relationship with Mattel, was an agent of Mattel.  Machado denies the allegations set forth in the fourth sentence of paragraph 130.  Machado denies the remaining allegations in paragraph 130.

131.   Machado is without sufficient knowledge to admit or deny the allegations set forth in paragraph 131, and on that basis denies the allegations set forth in paragraph 131.

132.   Machado denies the allegations set forth in paragraph 132.

133.   Machado denies the allegations set forth in paragraph 133.

134.   Machado denies the allegations set forth in paragraph 134.

135.   Machado denies the allegations set forth in paragraph 135.

136.   Machado repeats his responses contained in paragraphs 1 through 135 of this Answer and incorporates them by reference as though fully and completely set forth herein.

EXHIBIT __2__
PAGE ___102___

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

15

1    137.   Machado is without sufficient knowledge to admit or deny the

2  allegations set forth in paragraph 137, and on that basis denies the allegations set

3  forth in paragraph 137.

4    138.   Machado is without sufficient knowledge to admit or deny the

5  allegations set forth in paragraph 138, and on that basis denies the allegations set

6  forth in paragraph 138.

7    139.   Machado denies the allegations set forth in paragraph 139.

8    140.   Machado is without sufficient knowledge to admit or deny the

9  allegations set forth in paragraph 140, and on that basis denies the allegations set

10  forth in paragraph 140.

11    141.   Machado is without sufficient knowledge to admit or deny the

12  allegations set forth in paragraph 140, and on that basis denies the allegations set

13  forth in paragraph 140.

14    142.   Machado repeats his responses contained in paragraphs 1 through 141

15  of this Answer and incorporates them by reference as though fully and completely

16  set forth herein.

17    143.   Paragraph 143 is a statement of Mattel's legal position, to which no

18  response is necessary.  To the extent a response is required, Machado denies the

19  allegations set forth paragraph 143.

20    144.   Machado denies the allegations set forth in paragraph 144.

21    145.   Machado denies the allegations set forth in paragraph 145.

22    146.   Machado denies the allegations set forth in paragraph 146.

23    147.   Machado denies the allegations set forth in paragraph 147.

24    148.   Machado denies the allegations set forth in paragraph 148.

25    149.   Machado repeats his responses contained in paragraphs 1 through 148

26  of this Answer and incorporates them by reference as though fully and completely

27  set forth herein.

28

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

EXHIBIT  2
PAGE  103

16

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1    150.  Machado is without sufficient knowledge to admit or deny the

2  allegations set forth in paragraph 150, and on that basis denies the allegations set

3  forth in paragraph 150.

4    151.  Machado is without sufficient knowledge to admit or deny the

5  allegations set forth in paragraph 151, and on that basis denies the allegations set

6  forth in paragraph 151.

7    152.  Machado is without sufficient knowledge to admit or deny the

8  allegations set forth in paragraph 152, and on that basis denies the allegations set

9  forth in paragraph 152.

10    153.  Machado is without sufficient knowledge to admit or deny the

11  allegations set forth in paragraph 153, and on that basis denies the allegations set

12  forth in paragraph 153.

13    154.  Machado is without sufficient knowledge to admit or deny the

14  allegations set forth in paragraph 154, and on that basis denies the allegations set

15  forth in paragraph 154.

16    155.  Machado repeats his responses contained in paragraphs 1 through 154

17  of this Answer and incorporates them by reference as though fully and completely

18  set forth herein.

19    156.  Machado denies the allegations set forth in paragraph 156.

20    157.  Machado is without sufficient knowledge to admit or deny the

21  allegations set forth in paragraph 157, and on that basis denies the allegations set

22  forth in paragraph 157.

23    158.  Machado denies the allegations set forth in paragraph 158.

24    159.  Machado denies the allegations set forth in paragraph 159.

25    160.  Machado denies the allegations set forth in paragraph 160.

26    161.  Machado denies the allegations set forth in paragraph 161.

27    162.  Machado denies the allegations set forth in paragraph 162.

28

EXHIBIT  2
PAGE  104

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

1    163.   Machado repeats his responses contained in paragraphs 1 through 162

2   of this Answer and incorporates them by reference as though fully and completely

3   set forth herein.

4    164.   Paragraph 164 is a statement of Mattel's legal position, to which no

5   response is necessary.  To the extent a response is required, Machado denies the

6   allegations set forth paragraph 164.

7    165.   Machado denies the allegations set forth in paragraph 165.

8    166.   Machado denies the allegations set forth in paragraph 166.

9    167.   Machado repeats his responses contained in paragraphs 1 through 166

10   of this Answer and incorporates them by reference as though fully and completely

11   set forth herein.

12    168.   Machado is without sufficient knowledge to admit or deny the

13   allegations set forth in paragraph 168, and on that basis denies the allegations set

14   forth in paragraph 168.

15    169.   Machado is without sufficient knowledge to admit or deny the

16   allegations set forth in paragraph 169, and on that basis denies the allegations set

17   forth in paragraph 169.

18    170.   Machado is without sufficient knowledge to admit or deny the

19   allegations set forth in paragraph 170, and on that basis denies the allegations set

20   forth in paragraph 170.

21                        **AFFIRMATIVE DEFENSES**

22   Without admitting any wrongful conduct on the part of Machado or any

23   Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or

24   injury, Machado alleges the following affirmative defenses to the Counterclaims.

25   By designating the following as affirmative defenses, Machado does not in any way

26   waive or limit any defenses which are or may be raised by his denials, allegations,

27   and averments set forth herein.  Machado also does not, by alleging any affirmative

28

18

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT   2
PAGE   105

1  defense, admit that Mattel does not have the burden of proof for any or all facts

2  underlying any of those defenses. These defenses are pled in the alternative, and are

3  raised to preserve the rights of Machado to assert such defenses, and are without

4  prejudice to his ability to raise other and further defenses.

5                    **FIRST AFFIRMATIVE DEFENSE**

6                         (Failure to State of Claim)

7          Mattel's counterclaims fail to state a claim against Machado upon which

8  relief can be granted. This affirmative defense is based in part on Mattel's effort to

9  lump all counter-defendants together and allege collective wrongdoing by all

10  counter-defendants without adequately distinguishing the counter-defendants from

11  one another or adequately tailoring its allegations to the specific conduct of each

12  counter-defendant. For example, in its Thirteenth Counterclaim, Mattel seeks

13  declaratory relief from all counter-defendants regarding counter-defendants' lack of

14  ownership interests in Bratz, yet Machado has never asserted an individual

15  ownership interest in Bratz.

16                    **SECOND AFFIRMATIVE DEFENSE**

17                         (Unclean Hands)

18          Mattel's counterclaims are barred in whole or in part by Mattel's unclean

19  hands. This affirmative defense is based in part on Mattel's conduct in hiring

20  Machado and then filing this lawsuit against him after he resigned his position at

21  Mattel. The conduct underlying this unclean hands defense includes, for example,

22  the fact that Mattel granted permission to Machado to make copies of certain

23  materials for personal use, and then filed this lawsuit against Machado for making

24  the copies that Machado was permitted by Mattel to make. Mattel is aware that

25  Machado's primary language is Spanish, and Machado signed employment-related

26  documents with Mattel that were translated into Spanish by Mattel. The Spanish

27  translations of Mattel's employment-related documents permit the copying of

28

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

19
AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

EXHIBIT     2
PAGE     106

1  materials that Mattel now alleges in this litigation was improper.  In addition, Mattel
2  has apparently based many of its allegations against Machado on information Mattel
3  improperly learned by reading Machado's emails and private communications.  In
4  addition, Mattel attempted to coerce Machado by demanding that Machado sign
5  certain documents in order to receive payment for services Machado was due to be
6  paid by Mattel.  These averments are made on information and belief except where
7  Machado has knowledge thereof.

### THIRD AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

Mattel's counterclaims are barred by the applicable statutes of limitations, including but not limited to, 18 U.S.C. § 1961 et seq., 17 U.S.C. § 507(b), and Code of Civil Procedure §§ 337, 339, 343 and 338(c).

### FOURTH AFFIRMATIVE DEFENSE

#### (Information Readily Ascertainable)

Machado cannot be liable for misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use. Such information includes, but is not limited to, the identity of suppliers, manufacturers, distributors and retailers; contact information for the same; and sales, marketing and media data.

### FIFTH AFFIRMATIVE DEFENSE

#### (Acts or Omissions of Others)

Mattel's damages, if any, were not caused by Machado and are not attributable to the acts or omissions of Machado.

### SIXTH AFFIRMATIVE DEFENSE

#### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver because, among other things, Mattel authorized Machado to make copies of materials, and

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

EXHIBIT 2
PAGE 107

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL. (310) 826-4700 • FAX (310) 826-4711

1 then filed this lawsuit against Machado for making the copies Machado was

2 permitted by Mattel to make. The Spanish translations of Mattel's employment-

3 related documents permit the copying of materials that Mattel now alleges in this

4 litigation was improper. These averments are made on information and belief

5 except where Machado has knowledge thereof.

6 ### SEVENTH AFFIRMATIVE DEFENSE

7 (Estoppel)

8 Mattel's counterclaims are barred in whole or in part by estoppel because,

9 among other things, Mattel authorized Machado to make copies of materials and

10 then filed this lawsuit against Machado for making the copies Machado was

11 permitted by Mattel to make. The Spanish translations of Mattel's employment-

12 related documents permit the copying of materials that Mattel now alleges in this

13 litigation was improper. These averments are made on information and belief

14 except where Machado has knowledge thereof.

15 ### EIGTH AFFIRMATIVE DEFENSE

16 (Failure to Mitigate)

17 To the extent Mattel suffered any damages, Mattel failed to take reasonable

18 steps to mitigate those purported damages. For example, Mattel could have revoked

19 the authorization it provided to Machado to make copies of materials for personal

20 use.

21 ### NINTH AFFIRMATIVE DEFENSE

22 (Innocent Intent)

23 If Machado improperly copied any Mattel documents, Machado did so

24 without knowledge or intent. Mattel authorized Machado to make copies of

25 materials, and then filed this lawsuit against Machado for making the copies

26 Machado was permitted by Mattel to make. The Spanish translations of Mattel's

27 employment-related documents permit the copying of materials that Mattel now

28

EXHIBIT 2

PAGE 108

1 alleges in this litigation was improper.  These averments are made on information

2 and belief except where Machado has knowledge thereof.

### TENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

### ELEVENTH AFFIRMATIVE DEFENSE

(Undiscovered Defenses)

Machado has insufficient knowledge or information upon which to form a

believe as to whether additional defenses are available.  Machado reserves the right

to add any further or additional defense upon receiving more complete information

regarding the matters alleged in the Counterclaims, through discovery or otherwise.

### TWELFTH AFFIRMATIVE DEFENSE

(Joinder in Defenses of Co-Defendants)

Machado hereby adopts and incorporates by reference, as though fully set

forth herein, any and all affirmative defenses that have been or will be asserted by

any other defendant (including MGA, Larian and Bryant) in this litigation to the

extent that defendants may share in such affirmative defenses, including but not

limited to any affirmative defenses that are asserted by both Machado and any other

defendant.

WHEREFORE, MACHADO prays for relief as follows:

a.    that the Counterclaims be dismissed with prejudice;

b.    that judgment be entered in favor or counter-defendants and against

       counterclaimant;

//

//

//

//

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

EXHIBIT _2_
PAGE _109_

22

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

1    c.    that counter-defendants recover their costs and attorneys' fees; and

2    d.    that the Court award such other and further relief as is just and proper.

3

4    Dated: September 24, 2007        **LAW OFFICES OF JAMES W. SPERTUS**

5

6                                     By: _____

7                                          James W. Spertus, Esq.
                                           Leah C. Gershon, Esq.
8                                          Attorneys for
                                           Carlos Gustavo Machado Gomez
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                          EXHIBIT ___2___

27                                                          PAGE ___11D___

28

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF CARLOS GUSTAVO MACHADO GOMEZ'S TO
MATTEL INC.'S SECOND AMENDED ANSWER AND COUNTERCLAIMS

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD, SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

**Proof of Service**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 12100 Wilshire Blvd., Suite 620, Los Angeles, CA 90025.

On the date indicated below, I served the foregoing documents described as:

**CARLOS GUSTAVO MACHADO GOMEZ' ANSWER
TO MATTEL, INC.'S AMENDED COUNTERCLAIMS**

on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**See attached list**

**BY MAIL**

[X]    I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.

[ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 24, 2007, at Los Angeles, California.

Tierza Act

EXHIBIT  2
PAGE  111

LAW OFFICES OF JAMES W. SPERTUS
12100 WILSHIRE BLVD., SUITE 620
LOS ANGELES, CALIFORNIA 90025
TEL (310) 826-4700 • FAX (310) 826-4711

24

## SERVICE LIST

| | |
|---|---|
| Dale M. Cendali (admitted pro hac vice)<br>Diana M. Torres<br>William J. Charron<br>O'Melveny & Myers, LLP<br>400 South Hope Street<br>Los Angeles, CA 90071-2899 | Attorneys for MGA |
| Michael T. Zeller, Esq.<br>Timothy Alger, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 South Figueroa Street, 19th Floor<br>Los Angeles, CA 90017 | Attorneys for Mattel |
| Michael H. Page, Esq.<br>Keker & Van Nest, LLP<br>710 Sansome Street<br>San Francisco, CA 94111 | Attorneys for<br>Carter Bryant |
| Patricia Glaser, Esq.<br>Christensen, Glaser, Fink, Jacobs,<br>Weil & Shapiro, LLP<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067 | Attorneys for MGA |

EXHIBIT __2__
PAGE ___112___

EXHIBIT 3

1  DALE M. CENDALI (admitted pro hac vice)
   DIANA M. TORRES (S.B. #162284)
2  STEVEN J. OLSON (S.B. #182240)
   O'MELVENY & MYERS LLP
3  400 South Hope Street
   Los Angeles, California 90071-2899
4  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
5  Email: dtorres@omm.com

6  PATRICIA GLASER (S.B. # 55668)
   CHRISTENSEN, GLASER, FINK,
7  JACOBS, WEIL & SHAPIRO LLP
   10250 Constellation Boulevard, 19ᵗʰ Floor
8  Los Angeles, California  90067
   Telephone:  (310) 553-3000
9  Facsimile:  (310) 556-2920
   Email: pglaser@chrisglase.com

10

11 Attorneys for Counter-defendants MGA
   Entertainment, Inc., Isaac Larian, MGA
12 Entertainment (HK) Limited, and MGAE de
   Mexico S.R.L. de C.V.

13

14

15              UNITED STATES DISTRICT COURT

16              CENTRAL DISTRICT OF CALIFORNIA

17                    EASTERN DIVISION

18

19 CARTER BRYANT, an individual,          Case No. CV 05-2727 SGL (RNBx)
                                          (Consolidated with CV 04-09049 and
20            Plaintiff,                  CV 04-9059)

21      v.                               ISAAC LARIAN'S ANSWER AND
                                         AFFIRMATIVE DEFENSES TO
22 MATTEL, INC., a Delaware Corporation, MATTEL, INC.'S SECOND
                                         AMENDED ANSWER AND
23            Defendant                   COUNTERCLAIMS

24

25 CONSOLIDATED WITH                      Judge:      Hon. Stephen G. Larson
                                          Courtroom:  1
26 MATTEL, INC. v. BRYANT and
   MGA ENTERTAINMENT, INC. v.
27 MATTEL, INC.

28

EXHIBIT    3
PAGE       113

1    Counter-defendant Isaac Larian hereby answers, for itself alone, the

2    Amended Counterclaim of Counter-claimant Mattel Inc., as follows:

3    As a preliminary matter, Mattel's use of headings throughout its

4    counterclaims is improper, and therefore no response to Mattel's headings is

5    required. If any response is required, Larian denies all allegations contained in

6    Mattel's headings.

7    **RESPONSES**

8    1.    Larian denies the allegations set forth in paragraph 1.

9    2.    Larian denies the allegations set forth in paragraph 2.

10    3.    Larian admits that MGA decided to expand into Mexico in or

11    about 2004, and denies the remaining allegations set forth in paragraph 3.

12    4.    Larian denies the allegations set forth in paragraph 4.

13    5.    Larian denies the allegations set forth in paragraph 5.

14    6.    Larian admits that the Court has federal question jurisdiction

15    over this action pursuant to 28 U.S.C. § 1331, denies that 17 U.S.C. §§ 101 and 18

16    U.S.C. § 1964(c) apply to the extraterritorial conduct alleged in the Counterclaims,

17    and denies that Mattel is entitled to any relief on its Counterclaims.

18    7.    Larian admits that venue is proper in this District for Mattel's

19    claims based on conduct alleged to have occurred within this District and denies

20    that venue is proper in this District for acts alleged to have occurred in Mexico,

21    Canada, Hong Kong, or other places outside of this District.

22    8.    Larian admits the allegations set forth in paragraph 8.

23    9.    Larian admits the allegations set forth in the first and second

24    sentences of paragraph 9, and denies the remaining allegations set forth in

25    paragraph 9.

26    10.    Larian admits the allegations set forth in paragraph 10.

27    11.    Larian admits the allegations set forth in the first sentence of

28    paragraph 11, and denies the remaining allegations set forth in paragraph 11.

-2-

EXHIBIT    3

PAGE    114

12. Larian admits the allegations set forth in paragraph 12.

13. Larian admits the allegations set forth in the first sentence of paragraph 13. Larian denies the remaining allegations set forth in paragraph 13.

14. Larian admits the allegations set forth in paragraph 14.

15. Paragraph 15 is a statement of Mattel's legal position, to which no response is necessary. To the extent a response is required, Larian denies the allegations set forth in paragraph 15.

16. Larian admits the allegations set forth in the first sentence of paragraph 16. Larian is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 16, and on that basis, denies the remaining allegations set forth in paragraph 16.

17. Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 17, and on that basis, denies the allegations set forth in paragraph 17.

18. Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 18, and on that basis, denies the allegations set forth in paragraph 18.

19. Larian admits that MGA is a toy manufacturer, that MGA began as a consumer electronics business and expanded into the toy business with licenses to sell handheld electronic games, and later expanded its business by launching the Bratz fashion doll line, and denies the remaining allegations set forth in paragraph 19.

20. Larian denies the allegations set forth in paragraph 20.

21. Larian admits that Carter Bryant is a former employee of Mattel, and states he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 21, and on that basis, denies the remaining allegations set forth in paragraph 21.

- 3 -

EXHIBIT __3__
PAGE __115__

1    22.    Larian is without sufficient knowledge to admit or deny the

2    allegations set forth in paragraph 22, and on that basis, denies the allegations set

3    forth in paragraph 22.

4    23.    Larian is without sufficient knowledge to admit or deny the

5    allegations set forth in paragraph 23, and on that basis, denies the allegations set

6    forth in paragraph 23.

7    24.    Larian is without sufficient knowledge to admit or deny the

8    allegations set forth in paragraph 24, and on that basis, denies the allegations set

9    forth in paragraph 24.

10   25.    Larian is without sufficient knowledge to admit or deny the

11   allegations set forth in paragraph 25, and on that basis, denies the allegations set

12   forth in paragraph 25.

13   26.    Larian denies the allegations set forth in paragraph 26.

14   27.    Larian denies the allegations set forth in paragraph 27.

15   28.    Larian denies the allegations set forth in paragraph 28.

16   29.    Larian denies the allegations set forth in paragraph 29.

17   30.    Larian admits that after MGA made the decision to proceed with

18   the manufacture of the Bratz dolls, MGA employees communicated with employees

19   of MGA Entertainment (HK) Limited on subjects including the manufacturing of

20   Bratz, and denies the remaining allegations set forth in the first sentence of

21   paragraph 30. Larian admits the second sentence of paragraph 30.

22   31.    Larian admits that samples of the four original Bratz dolls were

23   shown at the Hong Kong Toy Fair in January 2001, and denies the remaining

24   allegations set forth in paragraph 31.

25   32.    Larian admits that MGA and its subsidiaries have distributed

26   and sold Bratz and Bratz-related products in many countries throughout the world,

27   that MGA and its subsidiaries have licensed Bratz to third parties, that MGA has

28   derived annual revenues from its sales and licenses of Bratz in excess of $500

- 4 -

EXHIBIT ___3___
PAGE ___116___

1   million, that MGA and its subsidiaries continue to market, sell and license Bratz

2   and intend to continue to do so, and denies the remaining allegations set forth in

3   paragraph 32.

4           33.     Larian denies the allegations set forth in paragraph 33.

5           34.     Larian denies the allegations set forth in paragraph 34.

6           35.     Larian denies the allegations set forth in paragraph 35.

7           36.     Larian admits that Bryant had an agreement with MGA, states

8   that the terms of the agreement speak for themselves, and denies the remaining

9   allegations set forth in paragraph 36.

10          37.     Larian admits that in or about late 2003 or early 2004, MGA

11   decided to form a new corporation, MGAE de Mexico, S.R.L. de C.V., to conduct

12   business in Mexico, admits that MGAE de Mexico hired three employees of

13   Mattel's Mexican subsidiary, and denies the remaining allegations set forth in

14   paragraph 37.

15          38.     Larian admits that Carlos Gustavo Machado Gomez was a

16   Marketing Manager, Boys Division, for Mattel Mexico, admits that Machado was

17   employed at Mattel Mexico from April 1997 until April 19, 2004, admits that

18   Machado had access to some nonpublic business information of Mattel Mexico, and

19   states that he is without sufficient knowledge to admit or deny the remaining

20   allegations set forth in paragraph 38, and on that basis, denies the remaining

21   allegations set forth in paragraph 38.

22          39.     Larian admits that Mariana Trueba Almada was a Marketing

23   Manager, Girls Division, for Mattel Mexico, admits that Trueba had access to some

24   nonpublic business information of Mattel Mexico, and states that he is without

25   sufficient knowledge to admit or deny the remaining allegations set forth in

26   paragraph 39, and on that basis, denies the remaining allegations set forth in

27   paragraph 39.

28

EXHIBIT   3
PAGE    117

1          40.    Larian admits that Pablo Vargas San Jose was a Trade

2  Marketing Manager for Mattel Mexico, admits that Vargas was employed at Mattel

3  Mexico from March 2001 until April 19, 2004, admits that Vargas had access to

4  some nonpublic business information of Mattel Mexico, and states that he is

5  without sufficient knowledge to admit or deny the remaining allegations set forth in

6  paragraph 40, and on that basis, denies the remaining allegations set forth in

7  paragraph 40.

8          41.    Larian admits that in or about early 2004, Machado, Trueba and

9  Vargas discussed leaving Mattel Mexico, admits that Machado, Trueba and Vargas

10  resigned from Mattel Mexico on April 19, 2004, admits that they did not identify

11  their new employer to Mattel Mexico, admits that Machado, Trueba and Vargas

12  were offered and accepted employment with MGAE de Mexico, and denies the

13  remaining allegations set forth in paragraph 41.

14          42.    Larian admits that MGA personnel communicated by telephone

15  with Machado and Vargas prior to their Mattel resignations, admits that MGA

16  personnel, including Larian, communicated by e-mail with Machado and Vargas

17  concerning terms of employment through an America Online e-mail account with

18  the address <plot04@aol.com>, and denies the remaining allegations set forth in

19  paragraph 42.

20          43.    Larian admits that in or about March 2004, Machado, Trueba,

21  and Vargas made plans to travel from Mexico to Los Angeles in April 2004, admits

22  that in or about March 2004, Machado, Trueba and Vargas discussed with MGA

23  personnel, including Larian, employment at MGAE de Mexico, states that the

24  quoted <plot04@aol.com> e-mails speak for themselves, and denies the remaining

25  allegations set forth in paragraph 43.

26          44.    Larian is without sufficient knowledge to admit or deny the

27  allegations set forth in paragraph 44, and on that basis, denies the allegations set

28  forth in paragraph 44.

EXHIBIT   3
PAGE   118

45.   Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 45, and on that basis, denies the allegations set forth in paragraph 45.

46.   Larian is without sufficient knowledge to admit or deny the allegations set forth in paragraph 46, and on that basis, denies the allegations set forth in paragraph 46.

47.   Larian is without sufficient knowledge to admit or deny the allegation set forth in the third sentence of paragraph 47, and on that basis, denies these allegations, and denies the remaining allegations set forth in paragraph 47.

48.   Larian denies the allegations set forth in paragraph 48.

49.   Larian denies the allegations set forth in paragraph 49.

50.   Larian is without sufficient knowledge to admit or deny the allegation that MGA publicized a claim that, in 2005, it had increased its Mexican market share by 90% over the prior year, and on that basis, denies this allegation, and denies the remaining allegations set forth in paragraph 50.

51.   Larian denies the allegations set forth in paragraph 51.

52.   Larian denies the allegations set forth in paragraph 52.

53.   Larian admits that on October 27, 2005, Mexican authorities searched MGAE de Mexico and seized certain documents, and state that he is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 53, and on that basis, denies the remaining allegations set forth in paragraph 53.

54.   Larian admits that Machado was transferred from MGAE de Mexico to MGA's office in Van Nuys, California, admits that Machado resides in the County of Los Angeles, and denies the remaining allegations set forth in paragraph 54.

55.   Larian admits the allegations set forth in the first sentence of paragraph 55. Larian admits that Tyco Toys hired Brawer on April 22, 1996, and

EXHIBIT ___3___
PAGE ___119___

1   state that he is without sufficient knowledge to admit or deny the remaining
2   allegations set forth in the second sentence of paragraph 55, and on that basis,
3   denies the remaining allegations set forth in the second sentence of paragraph 55.
4   Larian admits the allegations set forth in third sentence of paragraph 55. Larian
5   admits that on April 9, 1997, Brawer became a Marketing Director for Mattel in
6   Mount Laurel, New Jersey, and states that the remaining allegations in the fourth
7   sentence of paragraph 55 are a statement of Mattel's legal position, to which no
8   response is necessary. To the extent a response is required, Larian denies the
9   remaining allegations set forth in paragraph 55.

10          56.   Larian is without sufficient knowledge to admit or deny the
11   allegations set forth in paragraph 56, and on that basis, denies the allegations set
12   forth in paragraph 56. The last sentence of paragraph 56 is a statement of Mattel's
13   legal position, to which no response is necessary. To the extent a response is
14   required, Larian denies the remaining allegations set forth in paragraph 56.

15          57.   Larian admits that by 2003, Brawer had advanced within Mattel
16   to a Senior Vice President position over customer marketing, and states that the
17   remaining allegations in the first sentence of paragraph 57 are a statement of
18   Mattel's legal position, to which no response is necessary. To the extent a response
19   is required, Larian denies the remaining allegations set forth in the first sentence of
20   paragraph 57. Larian admits that in his executive position, Brawer was provided
21   access to certain nonpublic Mattel information.

22          58.   Larian admits the allegations set forth in the first sentence of
23   paragraph 58. Larian denies the allegations set forth in the second sentence of
24   paragraph 58. Larian is without sufficient knowledge to admit or deny the
25   remaining allegations set forth in paragraph 58, and on that basis, denies the
26   remaining allegations set forth in paragraph 58.

27

28

- 8 -

EXHIBIT  3
PAGE  120

1   59.   Larian is without sufficient knowledge to admit or deny the
2   allegations set forth in paragraph 59, and on that basis, denies the allegations set
3   forth in paragraph 59.
4   60.   Larian admits that in April 2004, Mattel made Brawer a Senior
5   Vice President/General Manager, and states that he is without sufficient knowledge
6   to admit or deny the remaining allegations set forth in paragraph 60, and on that
7   basis, denies the remaining allegations set forth in paragraph 60.
8   61.   Larian admits that in May 2004, Brawer began performing
9   General Manager duties, working with one of Mattel's major retail customer
10  accounts, and states that he is without sufficient knowledge to admit or deny the
11  remaining allegations set forth in paragraph 61, and on that basis, denies the
12  remaining allegations set forth in paragraph 61.
13  62.   Larian admits the allegations set forth in the first sentence of
14  paragraph 62. Larian admits that as Brawer left, he carried a large cardboard box,
15  and denies the remaining allegations set forth in the second sentence of paragraph
16  62. Larian states that he is without sufficient knowledge to admit or deny the
17  remaining allegations set forth in paragraph 62, and on that basis, denies the
18  remaining allegations set forth in paragraph 62.
19  63.   Larian admits the allegations set forth in paragraph 63.
20  64.   Larian admits that on September 20, 2004, Mattel hand-
21  delivered a letter to Brawer, states that the contents of the letter speak for
22  themselves, and denies the remaining allegations set forth in paragraph 64.
23  65.   Larian admits that at his exit interview on September 29, 2004,
24  Brawer was given a copy of an agreement with Tyco that he had signed on April
25  22, 1996, and a copy of Mattel's Code of Conduct, admits that Brawer stated that
26  he had not signed the Code of Conduct, and denies the remaining allegations set
27  forth in paragraph 65.
28

-9-

EXHIBIT ___3___
PAGE ___121___

1    66.    Larian admits that on October 1, 2004, Brawer's last day of
2    employment with Mattel, Mattel delivered a letter to Brawer, states that the
3    contents of the letter speak for themselves, and denies the remaining allegations set
4    forth in paragraph 66.

5    67.    Larian admits that Brawer became its Executive Vice President
6    of Sales and Marketing, admits that Brawer was responsible for sales worldwide,
7    admits that Brawer had and continues to have responsibility for MGA's accounts
8    with some of the same retailers that Brawer worked with while at Mattel, and
9    denies the remaining allegations set forth in paragraph 67.

10    68.    Larian admits that Brawer stated during his exit interview that
11    he had returned all confidential proprietary information to Mattel, states that he did
12    not provide copies of information from his personal contacts file, and denies the
13    remaining allegations set forth in paragraph 68.

14    69.    Larian admits that since leaving Mattel, Brawer has had contacts
15    with certain Mattel employees, both by telephone and electronic mail, and denies
16    the remaining allegations set forth in paragraph 69.

17    70.    Larian denies the allegations set forth in paragraph 70.

18    71.    Larian is without sufficient knowledge to admit or deny the
19    allegations set forth in paragraph 71, and on that basis, denies the allegations set
20    forth in paragraph 71.

21    72.    Larian is without sufficient knowledge to admit or deny the
22    allegations set forth in paragraph 72, and on that basis, denies the allegations set
23    forth in paragraph 72.

24    73.    Larian admits that on September 26, 2005, Brisbois resigned
25    from Mattel Canada, states that she took a position as Vice President of National
26    Accounts at MGAE Canada, and denies the remaining allegations set forth in the
27    first sentence of paragraph 73. Larian is without sufficient knowledge to admit or
28

- 10 -

EXHIBIT  3
PAGE  122

1   deny the remaining allegations set forth in paragraph 73, and on that basis, denies

2   the remaining allegations set forth in paragraph 73.

3        74.    Larian admits that Brisbois spoke with him by telephone on or

4   about the evening of September 22, 2005, denies that Brisbois copied

5   approximately 45 Mattel documents onto a USB or thumb drive on that same date,

6   denies that Brisbois concealed the thumb drive the last time she left Mattel

7   Canada's office, and states that he is without sufficient knowledge to admit or deny

8   the remaining allegations set forth in paragraph 74, and on that basis, denies the

9   remaining allegations set forth in paragraph 74.

10        75.    Larian is without sufficient knowledge to admit or deny the

11   allegations set forth in paragraph 75, and on that basis, denies the allegations set

12   forth in paragraph 75.

13        76.    MGA Defendants admit that Brisbois traveled several times to

14   MGA's offices in Van Nuys, California and met with Larian and Brawer, that

15   MGA issued a press release, state that the press release speaks for itself, and state

16   that they are without sufficient knowledge to admit or deny the remaining

17   allegations set forth in paragraph 76 and, on that basis, deny the remaining

18   allegations set forth in paragraph 76.

19        77.    Larian admits that MGA has hired at least 25 employees directly

20   from Mattel's United States operations in the past few years, and denies the

21   remaining allegations set forth in paragraph 77.

22        78.    Larian denies the allegations set forth in the first sentence of

23   paragraph 78. Larian admits that he has sent email messages to a "Bratz News"

24   distribution list, admits that the recipients of e-mail messages sent to the "Bratz

25   News" distribution list includes members of the media as well as representatives of

26   customers of both MGA and Mattel, and denies the remaining allegations set forth

27   in paragraph 78.

28

EXHIBIT   3

PAGE   123

1    79.    Larian admits that on May 12, 2006, he sent an email message
2  to the "Bratz News" distribution list that included a reference to the new My Scene
3  product with real gems, and states that he is without sufficient knowledge to admit
4  or deny the remaining allegations set forth in paragraph 79, and on that basis,
5  denies the remaining allegations set forth in paragraph 79.

6    80.    Larian admits that Larian told one retailer that such retailer was
7  the only retailer with plans to purchase MY SCENE BLING BLING with real
8  gems, at a time when Larian had a good faith belief that such retailer was the only
9  retailer with plans to purchase MY SCENE BLING BLING with real gems, and
10  denies the remaining allegations set forth in paragraph 80.

11    81.    Larian denies the allegation set forth in paragraph 81.

12    82.    Larian repeats his responses contained in paragraphs 1 through
13  81 of this Answer and incorporates them by reference as though fully and
14  completely set forth herein.

15    83.    Larian denies the allegations set forth in paragraph 83.
16    84.    Larian denies the allegations set forth in paragraph 84.
17    85.    Larian denies the allegations set forth in paragraph 85.
18    86.    Larian denies the allegations set forth in paragraph 86.
19    87.    Larian denies the allegations set forth in paragraph 87.

20    88.    Larian repeats his responses contained in paragraphs 1 through
21  87 of this Answer and incorporates them by reference as though fully and
22  completely set forth herein.

23    89.    Larian denies the allegations set forth in paragraph 89.
24    90.    Larian denies the allegations set forth in paragraph 90.
25    91.    Larian denies the allegations set forth in paragraph 91.
26    92.    Larian denies the allegations set forth in paragraph 92.
27    93.    Larian denies the allegations set forth in paragraph 93.
28    94.    Larian denies the allegations set forth in paragraph 94.

- 12 -

EXHIBIT    3
PAGE    124

95.   Larian denies the allegations set forth in paragraph 95.

96.   Larian denies the allegations set forth in paragraph 96.

97.   Larian denies the allegations set forth in paragraph 97.

98.   Larian repeats his responses contained in paragraphs 1 through 97 of this Answer and incorporates them by reference as though fully and completely set forth herein.

99.   Larian denies the allegations set forth in paragraph 99.

100.   Larian denies the allegations set forth in paragraph 100.

101.   Larian denies the allegations set forth in paragraph 101.

102.   Larian denies the allegations set forth in paragraph 102.

103.   Larian denies the allegations set forth in paragraph 103.

104.   Larian denies the allegations set forth in paragraph 104.

105.   Larian denies the allegations set forth in paragraph 105.

106.   Larian repeats his responses contained in paragraphs 1 through 105 of this Answer and incorporates them by reference as though fully and completely set forth herein.

107.   Larian denies the allegations set forth in paragraph 107.

108.   Larian denies the allegations set forth in paragraph 108.

109.   Larian denies the allegations set forth in paragraph 109.

110.   Larian denies the allegations set forth in paragraph 110.

111.   Larian denies the allegations set forth in paragraph 111.

112.   Larian denies the allegations set forth in paragraph 112.

113.   Larian denies the allegations set forth in paragraph 113.

114.   Larian denies the allegations set forth in paragraph 114.

115.   Larian denies the allegations set forth in paragraph 115.

116.   Larian repeats his responses contained in paragraphs 1 through 115 of this Answer and incorporates them by reference as though fully and completely set forth herein.

EXHIBIT    3
PAGE    125

117.   Larian denies the remaining allegations set forth in paragraph 117.

118.   Larian denies the allegations set forth in paragraph 118.

119.   Larian denies the allegations set forth in paragraph 119.

120.   Larian denies the allegations set forth in paragraph 120.

121.   Larian denies the allegations set forth in paragraph 121.

122.   Larian repeats his responses contained in paragraphs 1 through 121 of this Answer and incorporates them by reference as though fully and completely set forth herein.

123.   Larian denies the allegations set forth in paragraph 123.

124.   Larian denies the allegations set forth in paragraph 124.

125.   Larian denies the allegations set forth in paragraph 125.

126.   Larian denies the allegations set forth in paragraph 126.

127.   Larian denies the allegations set forth in paragraph 127.

128.   Larian denies the allegations set forth in paragraph 128.

129.   Larian repeats his responses contained in paragraphs 1 through 128 of this Answer and incorporates them by reference as though fully and completely set forth herein.

130.   The first and fifth sentences of paragraph 130 are statements of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Larian denies the allegations set forth in the first and fifth sentences of paragraph 130.  Larian is without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 130, and on that basis, denies the remaining allegations set forth in  paragraph 130.

131.   Larian denies the allegations set forth in paragraph 131.

132.   Larian denies the allegations set forth in paragraph 132.

133.   Larian denies the allegations set forth in paragraph 133.

134.   Larian denies the allegations set forth in paragraph 134.

- 14 -

EXHIBIT 3
PAGE 126

1        135.   Larian denies the allegations set forth in paragraph 135.

2        136.   Larian repeats his responses contained in paragraphs 1 through

3  135 of this Answer and incorporates them by reference as though fully and

4  completely set forth herein.

5        137.   Larian denies the allegations set forth in paragraph 137.

6        138.   Larian denies the allegations set forth in paragraph 138.

7        139.   Larian denies the allegations set forth in paragraph 139.

8        140.   Larian denies the allegations set forth in paragraph 140.

9        141.   Larian denies the allegations set forth in paragraph 141.

10       142.   Larian repeats his responses contained in paragraphs 1 through

11  141 of this Answer and incorporates them by reference as though fully and

12  completely set forth herein.

13       143.   Paragraph 143 is a statement of Mattel's legal position, to which

14  no response is necessary.  To the extent a response is required, Larian denies the

15  allegations set forth in the paragraph 143.

16       144.   Larian denies the allegations set forth in paragraph 144.

17       145.   Larian denies the allegations set forth in paragraph 145.

18       146.   Larian denies the allegations set forth in paragraph 146.

19       147.   Larian denies the allegations set forth in paragraph 147.

20       148.   Larian denies the allegations set forth in paragraph 148.

21       149.   Larian repeats his responses contained in paragraphs 1 through

22  148 of this Answer and incorporates them by reference as though fully and

23  completely set forth herein.

24       150.   Larian denies the allegations set forth in paragraph 150.

25       151.   Larian denies the allegations set forth in paragraph 151.

26       152.   Larian denies the allegations set forth in paragraph 152.

27       153.   Larian denies the allegations set forth in paragraph 153.

28       154.   Larian denies the allegations set forth in paragraph 154.

EXHIBIT   3

PAGE   127

155.   Larian repeats his responses contained in paragraphs 1 through 154 of this Answer and incorporates them by reference as though fully and completely set forth herein.

156.   Larian denies the allegations set forth in paragraph 156.

157.   Larian denies the allegations set forth in paragraph 157.

158.   Larian denies the allegations set forth in paragraph 158.

159.   Larian denies the allegations set forth in paragraph 159.

160.   Larian denies the allegations set forth in paragraph 160.

161.   Larian denies the allegations set forth in paragraph 161.

162.   Larian denies the allegations set forth in paragraph 162.

163.   Larian repeats his responses contained in paragraphs 1 through 162 of this Answer and incorporates them by reference as though fully and completely set forth herein.

164.   Larian denies the allegations set forth in paragraph 164.

165.   Larian denies the allegations set forth in paragraph 165.

166.   Larian denies the allegations set forth in paragraph 166.

167.   Larian repeats his responses contained in paragraphs 1 through 166 f this Answer and incorporates them by reference as though fully and completely set forth herein.

168.   Larian denies the allegations set forth in paragraph 168.

169.   Paragraph 169 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Larian denies the allegations set forth in the paragraph 169.

170.   Paragraph 170 is a statement of Mattel's legal position, to which no response is necessary.  To the extent a response is required, Larian denies the allegations set forth in the paragraph 170.

EXHIBIT ___3___
PAGE ___128___

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Larian or any Counter-Defendant, and without admitting that Mattel suffered any loss, damage, or injury, Larian alleges the following affirmative defenses to the Counterclaims. By designating the following as affirmative defenses, Larian does not in any way waive or limit any defenses which are or may be raised by his denials, allegations, and averments set forth herein. Larian also does not, by alleging any affirmative defense, admit that Mattel does not have the burden of proof for any or all facts underlying any of those defenses. These defenses are pled in the alternative, and are raised to preserve the rights of Larian to assert such defenses, and are without prejudice to his ability to raise other and further defenses.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

Mattel's counterclaims fail to state a claim against Larian upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Lack of Standing)

Mattel's counterclaims are barred in whole or in part by its lack of standing.

### THIRD AFFIRMATIVE DEFENSE
#### (Unclean Hands)

Mattel's counterclaims are barred in whole or in part by Mattel's unclean hands. This affirmative defense is based, in part, on Mattel's efforts to undermine MGA's business and to "kill" Bratz at any cost which include, but are not limited to, Mattel's: efforts to infringe and dilute MGA's trade dress, copy MGA's products, packaging, themes, and advertising (including for Mattel products My Scene, Diva Starz, Wee 3 Friends, Acceleracers, and Polly Pocket, to name a few), and engage in other acts of unfair competition against MGA as alleged in MGA's complaint against Mattel; efforts to create negative publicity or press about MGA,

- 17 -

EXHIBIT 3
PAGE 129

1    MGA products, Bryant, Larian, or MGA employees; efforts to fund or commission
2    market research or studies that portray Bratz or MGA products negatively; efforts
3    to interfere with MGA's acquisition of or investment in Zapf Creation AG; efforts
4    to include negative references to MGA or Bratz on Mattel's "We Believe in Girls"
5    website; efforts or intent to interfere with business dealings or contractual relations
6    between MGA and Smoby Group; influencing Nickelodeon to reject MGA
7    advertisements or to limit time slots for advertisements; assisting parties in lawsuits
8    against MGA; monitoring, "spying on" or gaining knowledge of MGA's trade
9    secrets, non-public information, non-public activities, unreleased products, and
10   product development; gaining access, or attempts to gain access, to MGA
11   showrooms, Plan-o-Grams, merchandising displays, Toy Fair displays on false
12   pretenses; wrongfully obtaining MGA's costs and sales information through
13   Mattel-employed category managers at retailers; inducing non-party customers to
14   breach confidentiality agreements with MGA and divulge non-public information
15   about MGA's unreleased products; covertly investigating MGA, its officers and
16   employees, and their family members; contacting persons under false pretense in
17   order to interrogate them about Bratz and this litigation; coercing Mattel employees
18   to accept restrictive covenants (right before massive layoff) and non-compete
19   clauses and other efforts to prevent prospective MGA employees from accepting
20   offers of employment; delay in suing Carter Bryant because, *inter alia*, Mattel
21   wanted Bryant to testify in an unrelated Mattel case; falsely inflating its Barbie
22   sales figures in an effort to mislead the public and retailers; and taking all measures
23   to conceal its bad acts, including the willful non-retention and destruction of
24   documents.  These averments are made on information and belief except where
25   Larian has knowledge thereof.
26
27
28

EXHIBIT   3
PAGE   130

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

Mattel's counterclaims are barred by the equitable doctrine of laches.  Larian avers that Mattel was on notice no later than March 2002 as to Bryant's involvement with MGA and the creation of the original Bratz dolls.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Mattel's counterclaims are barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Good Faith)

Mattel cannot maintain its counterclaims against Larian because Larian acted in good faith and in conformity with applicable laws, and did not directly or indirectly induce the act or acts constituting the alleged causes of actions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Information Readily Ascertainable)

Larian cannot be liable for misappropriation of information that was readily ascertainable by proper means at the time of the alleged acquisition or use.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Others)

Mattel's damages, if any, were not caused by Larian and are not attributable to any acts or omissions of Larian.

## NINTH AFFIRMATIVE DEFENSE

### (Res Judicata)

Mattel's counterclaims are barred in whole or in part by res judicata.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Mattel's counterclaims are barred in whole or in part by estoppel.

EXHIBIT 3
PAGE 131

## ELEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

Mattel's counterclaims are barred in whole or in part by acquiescence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Ownership)

Mattel is neither the legal nor beneficial owner in the copyrights purportedly at issue.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Invalid Copyrights)

Mattel's purported copyrights have expired or are otherwise invalid.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Larian denies that Mattel suffered any damages, but even if it did, Mattel failed to take reasonable steps to mitigate those purported damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Statutory Damages or Attorneys' Fees)

Mattel is barred from recovering statutory damages and/or attorneys' fees because it failed to register the copyrights that are purportedly at issue within the time required by 17 U.S.C. § 412.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

Larian denies that Mattel owns any copyright interest in the alleged works, but even if Larian infringed any copyright interest held by Mattel, Larian did so without knowledge or intent.

EXHIBIT 3
PAGE 132

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

Mattel's counterclaims are barred in whole or in part by waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Abandonment)

Mattel has abandoned any interest it may have had in the alleged copyrighted works.

## NINETEENTH AFFIRMATIVE DEFENSE

### (*De Minimus* Use)

Larian denies that Mattel owns any copyright interest in the alleged works, but even if Mattel could craft a claim that the Bratz dolls incorporate an aspect of a Mattel copyrighted work, such use would be *de minimus* and non-infringing.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Joint Authorship)

Larian denies that Mattel owns any copyright interest in the alleged works, but even if it did, any liability would be eliminated or greatly diminished by the doctrine of joint authorship.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Undiscovered Defenses)

Larian has insufficient knowledge or information upon which to form a belief as to whether additional defenses are available. Larian reserves the right to assert any further or additional defense upon receiving more complete information regarding the matters alleged in the Counterclaims, through discovery or otherwise.

WHEREFORE, Larian prays for relief as follows:

a.     that the Counterclaims be dismissed with prejudice;

b.     that judgment be entered in favor of counter-defendants and against counterclaimant;

EXHIBIT __3__
PAGE __133__

c.    that counter-defendants recover their costs and attorneys' fees; and

d.    that the Court award such other and further relief as is just and proper.

Dated:  August 13, 2007                    O'MELVENY & MYERS LLP

Steven J. Olson
Attorneys for Counter-defendants
MGA Entertainment, Inc., Isaac Larian,
MGA Entertainment (HK) Limited, and
MGAE de Mexico S.R.L. de C.V.

LA2:838895.4

EXHIBIT    3
PAGE    134

EXHIBIT 4

**THIS EXHIBIT IS FILED UNDER SEAL**

**PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 5

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 6

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 7

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12                          EASTERN DIVISION

13   CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                     Consolidated with
                                             Case No. CV 04-09059
15        vs.                                Case No. CV 05-02727

16   MATTEL, INC., a Delaware               MATTEL, INC.'S FIRST SET OF
     corporation,                           REQUESTS FOR DOCUMENTS AND
17                                           THINGS TO CARLOS GUSTAVO
              Defendant.                     MACHADO GOMEZ
18

19   AND CONSOLIDATED CASES

20

21

22        Pursuant to Rule 34 of the Federal Rules of Civil Procedure,

23   Mattel, Inc. hereby requests that Carlos Gustavo Machado Gomez ("Machado")

24   respond to these document requests ("Requests") and make available for inspection

25   and copying originals of the following documents within 30 days of service at the

26   offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

27   Street, 10th floor, Los Angeles, CA 90017.  Machado shall be obligated to

28

                                        EXHIBIT  7
                                        PAGE     144

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1   supplement responses to these requests at such times and to the extent required by

2   Rule 26(e) of the Federal Rules of Civil Procedure.

3

4   **I.   DEFINITIONS**

5           For purposes of these Requests, the following definitions apply:

6           A.      "MACHADO," YOU" and "YOUR" means Carlos Gustavo

7   Machado Gomez, and all of his current or former employees, agents,

8   representatives, attorneys, accountants, vendors, consultants, independent

9   contractors, predecessors-in-interest and successors-in-interest, and any other

10  PERSON acting on his behalf, pursuant to his authority or subject to his control.

11          B.      "MATTEL" means Mattel, Inc., any of its current or former

12  employees, officers, directors, agents, representatives, attorneys, accountants,

13  vendors, consultants, independent contractors, parents, subsidiaries, divisions,

14  affiliates, predecessors-in-interest and successors-in-interest, and any other

15  PERSON acting on its behalf, pursuant to its authority or subject to its control,

16  including Mattel de México, S.A. de C.V.

17          C.      "MGA" means MGA Entertainment Inc., any of its current or

18  former employees, officers, directors, agents, representatives, attorneys,

19  accountants, vendors, consultants, independent contractors, parents, subsidiaries,

20  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any

21  other PERSON acting on its behalf, pursuant to its authority or subject to its control,

22  including but not limited to MGAE de México, S. R.L. de C.V.

23          D.      "TRUEBA" means Mariana Trueba Almada, and all of her

24  current or former employees, agents, representatives, attorneys, accountants,

25  vendors, consultants, independent contractors, predecessors-in-interest and

26  successors-in-interest, and any other PERSON acting on her behalf, pursuant to her

27  authority or subject to her control.

28

07975/2213991.2

EXHIBIT ___7___

PAGE ___145___

-2-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1    E.    "VARGAS" means Pablo Vargas San Jose, and all of his current

2  or former employees, agents, representatives, attorneys, accountants, vendors,

3  consultants, independent contractors, predecessors-in-interest and successors-in-

4  interest, and any other PERSON acting on his behalf, pursuant to his authority or

5  subject to his control.

6    F.    "DIGITAL INFORMATION" means any information created or

7  stored digitally, including but not limited to electronically, magnetically or optically.

8    G.    "PERSON" or "PERSONS" means any natural person,

9  corporation, partnership, association, governmental organization, governmental

10  office, or any other legal or fictitious entity.

11    H.    A DOCUMENT that "RELATES" or "REFERS" to a given

12  subject matter is one that, whether directly or indirectly, constitutes, memorializes,

13  contains, concerns, embodies, reflects, identifies, evidences, states, deals with,

14  comments on, responds to, sets forth, describes, analyzes, contradicts, or is in any

15  way pertinent to that subject matter.

16    I.    "RELATING OR REFERRING TO" means regarding,

17  mentioning, constituting, evidencing, reflecting, supporting, underlying, refuting,

18  negating, revoking, modifying, referring to and/or relating to in any manner.

19    J.    "DOCUMENT" or "DOCUMENTS" shall have the same

20  meaning herein as in <u>Federal Rule of Civil Procedure</u> 34(a) and <u>Rule</u> 1001 of the

21  <u>Federal Rules of Evidence</u>, including, but not limited to, all writings and records of

22  every type and description including, but not limited to, contracts, agreements,

23  correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records

24  of telephone conversations, handwritten and typewritten notes of any kind,

25  statements, reports, minutes, recordings, transcripts and summaries of meetings,

26  voice recordings, pictures, photographs, drawings, computer cards, tapes, discs,

27  printouts and records of all types, studies, instruction manuals, policy manuals and

28  statements, books, pamphlets, invoices, canceled checks and every other device or

EXHIBIT  7
PAGE  146

medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

K.    "COMMUNICATION(S)" means and includes any disclosure, transmittal, transfer or exchange of information between two or more persons, whether orally or in writing, and includes original and all non-identical copies of all DOCUMENTS, as defined herein, sent or received by any person, as well as any DOCUMENTS reflecting or recording the content of any oral, written or other COMMUNICATIONS in any form, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, whether written, audio, or video.

L.    "MGA DOMAIN" means any domain name containing "mga", including but not limited to <MGAE.com> and <MGAE.com.mx>.

M.    "ANY" as used in these requests includes "ALL" and vice-versa; "ALL" shall be construed in these requests to include "EACH" and vice-versa; "EACH" as used in these requests includes "EVERY" and vice-versa; and "AND," "OR," and "AND/OR" shall be construed in these requests either disjunctively or conjunctively as necessary to bring within the scope of these requests all responsive information that might otherwise be construed to be outside of their scope.

## II.    INSTRUCTIONS

A.    YOU are to produce all requested DOCUMENTS in YOUR possession, custody or control.

**EXHIBIT** 7
**PAGE** 147

-4-
MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1          B.    If YOU contend that YOU are not required to produce certain

2    DOCUMENTS called for by these Requests on the grounds of a privilege or

3    protection that YOU are not prepared to waive, identify each such DOCUMENT

4    and provide the following information:

5          1.    the date and type of the DOCUMENT, the author(s) and all

6              recipients;

7          2.    the privilege or protection that YOU claim permits YOU to

8              withhold the DOCUMENT;

9          3.    the title and subject matter of the DOCUMENT;

10         4.    any additional facts on which YOU base YOUR claim of

11             privilege or protection; and

12         5.    the identity of the current custodian of the original of the

13             DOCUMENT.

14         C.    DOCUMENTS shall be produced in their original file folders, or

15   in lieu thereof, any writing on the file folder from which each such DOCUMENT is

16   taken shall be copied and appended to such DOCUMENT and the PERSON for

17   whom or department, division or office for which the DOCUMENT or the file

18   folder is maintained shall be identified.

19         D.    The DOCUMENTS should be produced in their complete and

20   unaltered form. Attachments to DOCUMENTS should not be removed. The

21   DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for

22   any reason, including alleged nonrelevance. If e-mails are produced that had

23   attachments, the attachments shall be attached when produced.

24         E.    DOCUMENTS in electronic form shall be produced in that form.

25         F.    In the event that any DOCUMENT called for by these requests

26   has been destroyed or discarded, that DOCUMENT is to be identified by stating:

27         1.    the date and type of the DOCUMENT, the author(s) and all

28             recipients;

EXHIBIT ___7___

PAGE ___148___

1        2.      the DOCUMENT's date, subject matter, number of pages, and

2                  attachments or appendices;

3        3.      the date of destruction or discard, manner of destruction or

4                  discard, and reason for destruction or discard;

5        4.      the PERSONS who were authorized to carry out such destruction

6                  or discard;

7        5.      the PERSONS who have knowledge of the content, origins,

8                  distribution and destruction of the DOCUMENT; and

9        6.      whether any copies of the document exist and, if so, the name of

10                the custodian of each copy.

## III.    REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

      ALL DOCUMENTS or tangible things that YOU removed, sent or transferred from the office of Mattel de México or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device.

**REQUEST FOR PRODUCTION NO. 2:**

      ALL DOCUMENTS or tangible things that TRUEBA removed, sent or transferred from the office of Mattel de México or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device.

**REQUEST FOR PRODUCTION NO. 3:**

      ALL DOCUMENTS or tangible things that VARGAS removed, sent or transferred from the office of Mattel de México or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device.

EXHIBIT ___7___

PAGE ___149___

07975/2213991.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

REQUEST FOR PRODUCTION NO. 4:

　　　　ALL e-mail messages, including attachments, sent by YOU to ANY e-mail address that includes <mattel.com>, or sent to YOU from ANY e-mail address that includes <mattel.com>.

REQUEST FOR PRODUCTION NO. 5:

　　　　ALL DOCUMENTS that REFER or RELATE to ANY MATTEL product, plan or business information.

REQUEST FOR PRODUCTION NO. 6:

　　　　ALL DOCUMENTS which YOU, TRUEBA or VARGAS removed, sent or transferred from the office of Mattel in Mexico or removed, deleted, copied, reproduced or transferred from any MATTEL computer or electronic storage device which YOU contend were prepared for the benefit of MGA.

REQUEST FOR PRODUCTION NO. 7:

　　　　ALL DOCUMENTS which YOU contend were prepared by YOU, TRUEBA or VARGAS for the benefit of MGA at any time prior to April 20, 2004.

REQUEST FOR PRODUCTION NO. 8:

　　　　ALL DOCUMENTS authored by a MATTEL employee or for MATTEL's benefit.

REQUEST FOR PRODUCTION NO. 9:

　　　　ALL DOCUMENTS that REFER or RELATE to ANY COMMUNICATION between YOU and TRUEBA and that REFER or RELATE TO MATTEL.

EXHIBIT ___7___
PAGE ___150___

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

07975/2213991.2

REQUEST FOR PRODUCTION NO. 10:

ALL DOCUMENTS that REFER or RELATE to ANY COMMUNICATION between YOU and VARGAS and that REFER or RELATE TO MATTEL.

REQUEST FOR PRODUCTION NO. 11:

ALL DOCUMENTS that REFER or RELATE to ANY COMMUNICATION between YOU and TRUEBA prior to April 20, 2004.

REQUEST FOR PRODUCTION NO. 12:

ALL DOCUMENTS that REFER or RELATE to ANY COMMUNICATION between YOU and VARGAS prior to April 20, 2004.

REQUEST FOR PRODUCTION NO. 13:

ALL DOCUMENTS that REFER or RELATE to ANY MATTEL line list or other DOCUMENT prepared by MATTEL.

REQUEST FOR PRODUCTION NO. 14:

ALL DOCUMENTS that REFER or RELATE to YOUR employment with MATTEL including, without limitation, any agreement between YOU and MATTEL.

REQUEST FOR PRODUCTION NO. 15:

ALL DOCUMENTS that REFER or RELATE to YOUR resignation from MATTEL.

EXHIBIT ___7___
PAGE ___151___

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

07975/2213991.2

1  REQUEST FOR PRODUCTION NO. 16:

2      ALL e-mail messages, including attachments, sent by YOU to ANY

3  e-mail address that includes, in whole or in part, an MGA DOMAIN, or sent to

4  YOU from ANY e-email address that includes, in whole or in part, an MGA

5  DOMAIN prior to April 20, 2004.

6

7  REQUEST FOR PRODUCTION NO. 17:

8      ALL DOCUMENTS that REFER or RELATE to ANY

9  COMMUNICATION between YOU and MGA prior to April 20, 2004, including

10  without limitation ALL telephone records, logs, notes, calendars, planners, diaries,

11  letters and other DOCUMENTS relating thereto.

12

13  REQUEST FOR PRODUCTION NO. 18:

14      ALL DOCUMENTS that REFER or RELATE to ANY

15  COMMUNICATION between YOU and Susana Kuemmerle prior to April 20,

16  2004, including without limitation ALL telephone records, logs, notes, calendars,

17  planners, diaries, letters and other DOCUMENTS relating thereto.

18

19  REQUEST FOR PRODUCTION NO. 19:

20      ALL DOCUMENTS that REFER or RELATE to ANY

21  COMMUNICATION between YOU and ANY representative or employee of MGA

22  including, without limitation, Isaac Larian prior to April 20, 2004, including without

23  limitation ALL telephone records, logs, notes, calendars, planners, diaries, letters

24  and other DOCUMENTS relating thereto.

25

26  REQUEST FOR PRODUCTION NO. 20:

27      ALL DOCUMENTS that REFER or RELATE to ANY

28  COMMUNICATION between TRUEBA and MGA prior to April 20, 2004,

EXHIBIT __7__
PAGE __152__

07975/2213991.2

-9-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1   including without limitation ALL telephone records, logs, notes, calendars, planners,

2   diaries, letters and other DOCUMENTS relating thereto.

3

4   REQUEST FOR PRODUCTION NO. 21:

5          ALL DOCUMENTS that REFER or RELATE to ANY

6   COMMUNICATION between TRUEBA and Susana Kuemmerle prior to April 20,

7   2004, including without limitation ALL telephone records, logs, notes, calendars,

8   planners, diaries, letters and other DOCUMENTS relating thereto.

9

10  REQUEST FOR PRODUCTION NO. 22:

11         ALL DOCUMENTS that REFER or RELATE to ANY

12  COMMUNICATION between TRUEBA and ANY representative or employee of

13  MGA including, without limitation, Isaac Larian prior to April 20, 2004, including

14  without limitation ALL telephone records, logs, notes, calendars, planners, diaries,

15  letters and other DOCUMENTS relating thereto.

16

17  REQUEST FOR PRODUCTION NO. 23:

18         ALL DOCUMENTS that REFER or RELATE to ANY

19  COMMUNICATION between VARGAS and MGA prior to April 20, 2004,

20  including without limitation ALL telephone records, logs, notes, calendars, planners,

21  diaries, letters and other DOCUMENTS relating thereto.

22

23  REQUEST FOR PRODUCTION NO. 24:

24         ALL DOCUMENTS that REFER or RELATE to ANY

25  COMMUNICATION between VARGAS and Susana Kuemmerle prior to April 20,

26  2004, including without limitation ALL telephone records, logs, notes, calendars,

27  planners, diaries, letters and other DOCUMENTS relating thereto.

28

EXHIBIT __7__

PAGE __153__

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1  REQUEST FOR PRODUCTION NO. 25:

2      ALL DOCUMENTS that REFER or RELATE to ANY

3  COMMUNICATION between VARGAS and ANY representative or employee of

4  MGA including, without limitation, Isaac Larian prior to April 20, 2004, including

5  without limitation all telephone records, logs, notes, calendars, planners, diaries,

6  letters and other DOCUMENTS relating thereto.

7

8  REQUEST FOR PRODUCTION NO. 26:

9      ALL DOCUMENTS that REFER or RELATE to ANY

10  COMMUNICATION between YOU and ANY PERSON prior to April 20, 2004

11  regarding MGA or YOUR employment or potential employment with MGA.

12

13  REQUEST FOR PRODUCTION NO. 27:

14      ALL DOCUMENTS that REFER or RELATE to ANY DOCUMENT

15  or information given by YOU to MGA prior to April 20, 2004.

16

17  REQUEST FOR PRODUCTION NO. 28:

18      ALL DOCUMENTS that REFER or RELATE to any DOCUMENT or

19  information received by YOU from MGA prior to April 20, 2004.

20

21  REQUEST FOR PRODUCTION NO. 29:

22      ALL agreements between YOU and MGA including, without

23  limitation, ANY agreement that REFERS or RELATES to YOUR employment with

24  MGA, and ALL drafts of such agreements.

25

26  REQUEST FOR PRODUCTION NO. 30:

27      ALL DOCUMENTS that REFER or RELATE to ANY promotion

28  YOU have received while employed by or working for MGA.

EXHIBIT __7__
PAGE __154__

07975/2213991.2

-11-

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1 REQUEST FOR PRODUCTION NO. 31:

2       DOCUMENTS sufficient to describe YOUR job title and job duties in

3 each position YOU have held while employed by or working for MGA.

4

5 REQUEST FOR PRODUCTION NO. 32:

6       ALL DOCUMENTS that REFER or RELATE to YOUR transfer to

7 MGA's offices in Van Nuys, California.

8

9 REQUEST FOR PRODUCTION NO. 33:

10       ALL DOCUMENTS that REFER or RELATE to ANY compensation,

11 money or other item(s) of value YOU have received from MGA, or have been

12 promised or offered by MGA or anyone acting on its behalf.

13

14 REQUEST FOR PRODUCTION NO. 34:

15       ALL DOCUMENTS that REFER or RELATE to ANY compensation,

16 money or other item(s) of value YOU have received from Isaac Larian, or have been

17 promised or offered by Isaac Larian or anyone acting on his behalf.

18

19 REQUEST FOR PRODUCTION NO. 35:

20       ALL DOCUMENTS that REFER or RELATE to ANY compensation,

21 money or other item(s) of value TRUEBA has received from MGA, or has been

22 promised or offered by MGA or anyone acting on its behalf.

23

24 REQUEST FOR PRODUCTION NO. 36:

25       ALL DOCUMENTS that REFER or RELATE to ANY compensation,

26 money or other item(s) of value TRUEBA has received from Isaac Larian, or has

27 been promised or offered by Isaac Larian or anyone acting on his behalf.

28

EXHIBIT ___7___

PAGE ___155___

07975/2213991.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

REQUEST FOR PRODUCTION NO. 37:

ALL DOCUMENTS that REFER or RELATE to ANY compensation, money or other item(s) of value VARGAS has received from MGA, or has been promised or offered by MGA or anyone acting on its behalf.

REQUEST FOR PRODUCTION NO. 38:

ALL DOCUMENTS that REFER or RELATE to ANY compensation, money or other item(s) of value VARGAS has received from Isaac Larian, or has been promised or offered by Isaac Larian or anyone acting on his behalf.

REQUEST FOR PRODUCTION NO. 39:

YOUR phone records from January 1, 2002 through the present.

REQUEST FOR PRODUCTION NO. 40:

DOCUMENTS sufficient to identify each of YOUR telephone providers including without limitation in Mexico and in the United States.

REQUEST FOR PRODUCTION NO. 41:

ALL COMMUNICATIONS that REFER or RELATE to the employment, potential employment with MGA or recruitment of any person who, as of the date of the COMMUNICATION, was employed by MATTEL.

REQUEST FOR PRODUCTION NO. 42:

ALL COMMUNICATIONS between YOU and ANY person who, as of the date of the COMMUNICATION, was employed by MATTEL that REFER or RELATE to MGA.

EXHIBIT __7__
PAGE __156__

07975/2213991.2

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1  REQUEST FOR PRODUCTION NO. 43:

2      ALL COMMUNICATIONS between YOU and any person who, as of

3  the date of the COMMUNICATION, was employed by MATTEL that REFER or

4  RELATE to Isaac Larian.

5

6  REQUEST FOR PRODUCTION NO. 44:

7      ALL DOCUMENTS that REFER or RELATE to the e-mail account

8  with the address <plot04@aol.com>, including without limitation to the identity of

9  ANY PERSON who registered, set up, established, owned or paid for such account.

10

11  REQUEST FOR PRODUCTION NO. 45:

12      ALL DOCUMENTS that REFER or RELATE to when the e-mail

13  account with the address <plot04@aol.com> was first registered, established or set

14  up.

15

16  REQUEST FOR PRODUCTION NO. 46:

17      ALL e-mail messages, including attachments, sent to or from, received

18  by or transmitted by or through to the e-mail address <plot04@aol.com>.

19

20  REQUEST FOR PRODUCTION NO. 47:

21      ALL e-mail messages, including attachments, sent by YOU to the e-

22  mail address <argentrade@aol.com> or sent to YOU from the e-mail address

23  <argentrade@aol.com> prior to April 20, 2004.

24

25  REQUEST FOR PRODUCTION NO. 48:

26      ALL DOCUMENTS, including e-mail messages and attachments

27  thereto, that REFER or RELATE to COMMUNICATIONS between YOU and

28  ANY PERSON regarding TRUEBA prior to April 20, 2004.

EXHIBIT ___7___
PAGE ___157___

1    REQUEST FOR PRODUCTION NO. 49:

2             ALL DOCUMENTS that REFER or RELATE to TRUEBA's

3    resignation from MATTEL or employment by MGA.

4

5    REQUEST FOR PRODUCTION NO. 50:

6             ALL DOCUMENTS, including e-mail messages and attachments

7    thereto, that REFER or RELATE to COMMUNICATIONS between YOU and

8    VARGAS prior to April 20, 2004.

9

10   REQUEST FOR PRODUCTION NO. 51:

11            ALL DOCUMENTS, including e-mail messages and attachments

12   thereto, that REFER or RELATE to COMMUNICATIONS between YOU and

13   ANY PERSON regarding VARGAS prior to April 20, 2004.

14

15   REQUEST FOR PRODUCTION NO. 52:

16            ALL DOCUMENTS that REFER or RELATE to VARGAS'

17   resignation from MATTEL or employment by MGA.

18

19   REQUEST FOR PRODUCTION NO. 53:

20            ALL DOCUMENTS that REFER or RELATE to ANY

21   COMMUNICATION between YOU and Ron Brawer prior to October 2, 2004.

22

23   REQUEST FOR PRODUCTION NO. 54:

24            ALL DOCUMENTS that REFER or RELATE to the search by

25   Mexican authorities of MGA's offices in Mexico City, Mexico.

26

27

28

EXHIBIT __7__

PAGE __158__

1  REQUEST FOR PRODUCTION NO. 55:

2          ALL DOCUMENTS that REFER or RELATE to the DOCUMENTS,

3  data or information that was seized by Mexican authorities from MGA's offices in

4  Mexico City, Mexico, including the DOCUMENTS, data or things seized.

5

6  REQUEST FOR PRODUCTION NO. 56:

7          ALL DOCUMENTS that REFER or RELATE to efforts to destroy,

8  disable or otherwise interfere with the ability to access any MATTEL computer or

9  electronic storage device.

10

11  REQUEST FOR PRODUCTION NO. 57:

12          ALL MATTEL authored DOCUMENTS referenced or used by YOU

13  or any other MGA employee, including but not limited to TRUEBA and VARGAS.

14

15  REQUEST FOR PRODUCTION NO. 58:

16          ALL DOCUMENTS YOU delivered or provided to or shared with

17  MGA before October 27, 2005.

18

19  REQUEST FOR PRODUCTION NO. 59:

20          ALL DOCUMENTS YOU delivered or provided to or shared with

21  Isaac Larian before October 27, 2005.

22

23  REQUEST FOR PRODUCTION NO. 60:

24          ALL DOCUMENTS YOU delivered or provided to or shared with

25  Susana Kuemmerle before October 27, 2005.

26

27

28

EXHIBIT ___7___

PAGE ___159___

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1 | REQUEST FOR PRODUCTION NO. 61:

2 |       ALL DOCUMENTS TRUEBA delivered or provided to or shared with

3 | MGA before October 27, 2005.

4 |

5 | REQUEST FOR PRODUCTION NO. 62:

6 |       ALL DOCUMENTS TRUEBA delivered or provided to or shared with

7 | Isaac Larian before October 27, 2005.

8 |

9 | REQUEST FOR PRODUCTION NO. 63:

10 |       ALL DOCUMENTS TRUEBA delivered or provided to or shared with

11 | Susana Kuemmerle before October 27, 2005.

12 |

13 | REQUEST FOR PRODUCTION NO. 64:

14 |       ALL DOCUMENTS VARGAS delivered or provided to or shared with

15 | MGA before October 27, 2005.

16 |

17 | REQUEST FOR PRODUCTION NO. 65:

18 |       ALL DOCUMENTS VARGAS delivered or provided to or shared with

19 | Isaac Larian before October 27, 2005.

20 |

21 | REQUEST FOR PRODUCTION NO. 66:

22 |       ALL DOCUMENTS VARGAS delivered or provided to or shared with

23 | Susana Kuemmerle before October 27, 2005.

24 |

25 | REQUEST FOR PRODUCTION NO. 67:

26 |       DOCUMENTS sufficient to show all e-mail addresses created, used,

27 | accessed or monitored by YOU since April 1, 1997.

28 |

EXHIBIT 工
PAGE 160

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

07975/2213991.2

1  REQUEST FOR PRODUCTION NO. 68:

2          ALL DOCUMENTS that REFER or RELATE to ANY travel by YOU

3  to Los Angeles, California between January 1, 2004 and April 20, 2004.

4

5  REQUEST FOR PRODUCTION NO. 69:

6          ALL DOCUMENTS that REFER or RELATE to ANY travel by

7  TRUEBA to Los Angeles, California between January 1, 2004 and April 20, 2004.

8

9  REQUEST FOR PRODUCTION NO. 70:

10         ALL DOCUMENTS that REFER or RELATE to ANY travel by

11 VARGAS to Los Angeles, California between January 1, 2004 and April 20, 2004.

12

13 REQUEST FOR PRODUCTION NO. 71:

14         ALL DOCUMENTS that REFER or RELATE to meetings between

15 YOU and MGA prior to April 20, 2004, including without limitation notes or

16 records that REFER or RELATE to ANY such meetings.

17

18 REQUEST FOR PRODUCTION NO. 72:

19         ALL DOCUMENTS that REFER or RELATE to meetings between

20 YOU and Susana Kuemmerle prior to April 20, 2004, including without limitation

21 notes or records that REFER or RELATE to ANY such meetings.

22

23 REQUEST FOR PRODUCTION NO. 73:

24         ALL DOCUMENTS that REFER or RELATE to meetings between

25 YOU and Isaac Larian prior to April 20, 2004, including without limitation notes or

26 records that REFER or RELATE to ANY such meetings.

27

28

EXHIBIT 7
PAGE 101

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

07975/2213991.2

1    REQUEST FOR PRODUCTION NO. 74:

2             ALL DOCUMENTS that REFER or RELATE to meetings between

3    TRUEBA and MGA prior to April 20, 2004, including without limitation notes or

4    records that REFER or RELATE to ANY such meetings.

5

6    REQUEST FOR PRODUCTION NO. 75:

7             ALL DOCUMENTS that REFER or RELATE to meetings between

8    TRUEBA and Susana Kuemmerle prior to April 20, 2004, including without

9    limitation notes or records that REFER or RELATE to ANY such meetings.

10

11   REQUEST FOR PRODUCTION NO. 76:

12            ALL DOCUMENTS that REFER or RELATE to meetings between

13   TRUEBA and Isaac Larian prior to April 20, 2004, including without limitation

14   notes or records that REFER or RELATE to ANY such meetings.

15

16   REQUEST FOR PRODUCTION NO. 77:

17            ALL DOCUMENTS that REFER or RELATE to meetings between

18   VARGAS and MGA prior to April 20, 2004, including without limitation notes or

19   records that REFER or RELATE to ANY such meetings.

20

21   REQUEST FOR PRODUCTION NO. 78:

22            ALL DOCUMENTS that REFER or RELATE to meetings between

23   VARGAS and Susana Kuemmerle prior to April 20, 2004, including without

24   limitation notes or records that REFER or RELATE to ANY such meetings.

25

26

27

28

EXHIBIT 7
PAGE 162

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

1 | REQUEST FOR PRODUCTION NO. 79:

2 |       ALL DOCUMENTS that REFER or RELATE to meetings between

3 | VARGAS and Isaac Larian prior to April 20, 2004, including without limitation

4 | notes or records that REFER or RELATE to ANY such meetings.

5 |

6 | REQUEST FOR PRODUCTION NO. 80:

7 |       All COMMUNICATIONS between YOU and any PERSON

8 | RELATING TO the retention or destruction of DOCUMENTS or DIGITAL

9 | INFORMATION between January 1, 20039 and the present.

10 |

11 | REQUEST FOR PRODUCTION NO. 81:

12 |       All DOCUMENTS RELATING TO any facts underlying any of

13 | YOUR defenses in this ACTION.

14 |

15 | REQUEST FOR PRODUCTION NO. 82:

16 |       All DOCUMENTS RELATING TO any facts underlying the claims for

17 | relief in MATTEL's Complaint (including without limitation its Counterclaims)

18 | against YOU or any other PERSON in this ACTION.

19 |

20 | REQUEST FOR PRODUCTION NO. 83:

21 |       An electronic copy of each DOCUMENT that YOU have produced in

22 | this action, or that is responsive to these Requests, that is or was created, prepared,

23 | generated, maintained or transmitted in digital form.

24 |

25 | REQUEST FOR PRODUCTION NO. 84:

26 |       The metadata for each DOCUMENT that YOU have produced in this

27 | action, or that is responsive to these Requests, that is or was created, prepared,

28 | generated, maintained or transmitted in digital form.

EXHIBIT 7
PAGE 163

MATTEL'S FIRST SET OF DOCUMENT REQUESTS TO CARLOS GUSTAVO MACHADO GOMEZ

07975/2213991.3

1 | REQUEST FOR PRODUCTION NO. 85:

2 |        To the extent not produced in response to any other Request for

3 | Production, all DOCUMENTS and tangible things upon which YOU intend to rely

4 | in this ACTION.

5 |

6 | DATED: September  , 2007

7 |                                 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8 |

9 | By_____

10 |                                 Jon Corey
   |                                 Attorneys for Mattel, Inc.

EXHIBIT 7
PAGE 104

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California. I am over the age of
eighteen years and not a party to the within action. My business address is Now Legal Services,
3   1301 West 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On September 11, 2007, I served true copies of the following document(s) described as:
**MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**
5   **CARLOS GUSTAVO MACHADO GOMEZ** on the parties in this action as follows:

6   Diana M. Torres, Esq.                       Patricia Glaser, Esq.
    **O'Melveny & Myers**                        **Christensen, Glaser, Fink, Jacobs, Weil**
7   400 So. Hope Street                          **& Shapiro, LLP**
    Los Angeles, CA  90071                       10250 Constellation Blvd., 19th Floor
8                                                Los Angeles, CA  90067

9   James W. Spertus, Esq.
    **LAW OFFICES OF JAMES W. SPERTUS**
10  12100 Wilshire Blvd., Suite 620
    Los Angeles, CA 90025
11

12
    **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)
13  being served.

14      I declare that I am employed in the office of a member of the bar of this Court at whose
    direction the service was made.
15

16      Executed on September 11, 2007, at Los Angeles, California.

17

18                                     _____
                                       Now Legal Services-Dave Quintana
19

20

21

22

23

24

25

26

27                                              EXHIBIT ___7___
28                                              PAGE ___105___

07209/2189916.1

PROOF OF SERVICE

## PROOF OF SERVICE

1

2      I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa

3   Street, 10th Floor, Los Angeles, California.

4      On September 11, 2007, I served true copies of the following document(s) described as:
**MATTEL, INC.'S FIRST SET OF REQUESTS FOR DOCUMENTS AND THINGS TO**

5   **CARLOS GUSTAVO MACHADO GOMEZ** on the parties in this action as follows:

6

7      John W. Keker
       Michael H. Page
       Christa M. Anderson

8      Keker & Van Nest, LLP
       710 Sansome STreet

9      San Francisco, CA 94111-1704

10

11

12   [√] **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was mailed with

13   postage thereon fully prepaid.

14      Executed on September 11, 2007, at Los Angeles, California.

15

16

17

18   Johanna Lopez

19

20

21

22

23

24

25

26

27

28

07209/2189916.1

-2-

EXHIBIT  7
PAGE   166

PROOF OF SERVICE