EXHIBIT 8

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 29, 2007

**VIA HAND DELIVERY**

Yahoo! Inc., Custodian of Records
701 First Avenue
Sunnyvale, CA 94089

Re:     Mattel, Inc. v. Carter Bryant

Dear Custodian of Records:

Enclosed please find a subpoena requesting the production of documents relating to a Yahoo! email account, <gus_cmt@yahoo.com>. Mattel believes that Gustavo Machado owns this account. Mattel has requested and expects to obtain his consent to the disclosure of these electronic communications shortly. We will send you a copy of his signed consent form as soon as we receive it. If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

*Jon Corey*

Jon Corey
Enclosure

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2240195.1

EXHIBIT ___8___
PAGE ___167___

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN   DISTRICT OF CALIFORNIA

CARTER BRYANT, an Individual

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware Corporation

Case Number:[1] Misc.
Central District of California
CV 04-9049 SGL (RNBx)

TO:  Yahoo! Inc., Custodian of Records
     701 First Avenue
     Sunnyvale, CA 94089

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment 1.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges LLP | November 18, 2007 |
| 50 California St., 22nd Floor | 9:00 a.m. |
| San Francisco, CA 94111 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Jon Corey_  Attorney for Mattel, Inc. | October 29, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND TELEPHONE NUMBER
Jon D. Corey, Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017    (213)443-3000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT   8
PAGE   108

AO-88

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |

| SERVED | |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT 8
PAGE 169

### ATTACHMENT 1

I.   DEFINITIONS

      A.    "YAHOO," YOU" and "YOUR" means Yahoo! Inc. and related business entities, including without limitation, partially and wholly owned parents and subsidiaries, divisions, affiliates, predecessors-in-interest or successors-in-interest.

      B.    "MATTEL" means Mattel, Inc. and any of its subsidiaries, divisions, affiliates, predecessors-in-interest or successors-in-interest.

      C.    "MGA means MGA Entertainment, Inc. and any of its subsidiaries, divisions, affiliates, predecessors-in-interest or successors-in-interest.

II.   DOCUMENT REQUESTS

      1.    All documents that refer or relate to the identity of any person who registered, set up, established, owned or paid for the e-mail account with the address <gus_cmt@yahoo.com>, including but not limited to, all communications between YOU and the account owner(s), customer agreements and billing statements.

      2.    All documents that refer or relate to when the e-mail account with the address <gus_cmt@yahoo.com> was first registered, established or set up.

      3.    All e-mail messages, including attachments, sent from the e-mail address <gus_cmt@yahoo.com> to any e-mail address that includes <mattel.com>.

      4.    All e-mail messages, including attachments, sent to the e-mail address <gus_cmt@yahoo.com> from any e-mail address that includes <mattel.com>.

      5.    All e-mail messages, including attachments, sent to or from the e-mail address <gus_cmt@yahoo.com> that refer or relate to any MATTEL product, plan or business information.

EXHIBIT ___8___
PAGE ___170___

6.      All e-mail messages, including attachments, sent to or from the e-mail
address <gus_cmt@yahoo.com> that refer or relate to MATTEL.

7.      All e-mail messages, including attachments, sent to or from the e-mail
address <gus_cmt@yahoo.com> prior to April 20, 2004 that refer or relate to MGA.

8.      All e-mail messages, including attachments, sent from, sent or received at
the e-mail address <gus_cmt@yahoo.com> that refer or relate to Isaac Larian, including but not
limited to those sent to or sent from Isaac Larian.

9.      All e-mail messages, including attachments, sent from, sent to or received
at the e-mail address <gus_cmt@yahoo.com> that refer or relate to Susana Kuemmerle,
including but not limited to those sent to or sent from Susana Kuemmerle.

10.     All e-mail messages, including attachments, sent to or sent from the e-mail
address <gus_cmt@yahoo.com> from or to the e-mail address <plot04@aol.com>.

11.     All e-mail messages, including attachments, sent to or sent from the e-mail
address <gus_cmt@yahoo.com> from or to the e-mail address <argentrade@aol.com> prior to
April 20, 2004.

12.     All e-mail messages, including attachments, sent from or sent to the e-mail
address <gus_cmt@yahoo.com> to or from any e-mail address that includes <mgae.com> prior
to April 20, 2004.

13.     All e-mail messages, including attachments, sent to or from the e-mail
address <gus_cmt@yahoo.com> prior to April 20, 2004 that refer or relate to Mariana Trueba
Almada, including but not limited to those sent to or sent from Mariana Trueba Almada.

EXHIBIT 6
PAGE 171

14. All e-mail messages, including attachments, sent to or from the e-mail address <gus_cmt@yahoo.com> prior to April 20, 2004 that refer or relate to Pablo Vargas San Jose, including but not limited to those sent to or sent from Pablo Vargas San Jose.

15. All e-mail messages, including attachments, sent to or from the e-mail address <gus_cmt@yahoo.com> that refer or relate to the search by Mexican authorities of MGA's offices in Mexico City, Mexico, including but not limited to the documents, data and/or information that was seized by Mexican authorities from MGA's offices.

16. All e-mail messages, including attachments, sent from or sent to the e-mail address <gus_cmt@yahoo.com> to or from the e-mail address <ronsha@adelphia.net> prior to October 2, 2004.

17. All e-mail messages, including attachments, sent from, sent to or received at the e-mail address <gus_cmt@yahoo.com> that refer or relate to Ron Brawer, including but not limited to those sent to or sent from Ron Brawer.

18. Documents sufficient to identify any other e-mail addresses ever included in any e-mail account with the address <gus_cmt@yahoo.com>.

19. Documents sufficient to identify any e-mail addresses ever owned by any person that created or registered or has owned any e-mail account with the address <gus_cmt@yahoo.com>.

20. YOUR policies and procedures for tracking of the Internet Protocol addresses of person(s) who access e-mail accounts hosted by YOU.

21. YOUR policies and procedures relating to e-mail retention since 2004.

22. All documents that refer or relate to YOUR policies and procedures relating to the storage and backup of e-mail files.

EXHIBIT __8__
PAGE __172__

EXHIBIT 9

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 29, 2007

**VIA FACSIMILE AND U.S. MAIL**

Gustavo Machado, c/o Mark E. Overland, Esq.
Overland Borenstein Scheper & Kim, LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144
Fax: (213) 613-4656

Re:     Mattel, Inc. v. Carter Bryant

Dear Mr. Machado:

Mattel has enclosed a subpoena to your email provider, Yahoo!, for the production of emails sent to and from your account at email address <gus_cmt@yahoo.com>.

Under the *Stored Communications Act*, 18 U.S.C. §§ 2701-2712, your email provider must obtain your consent before it can produce your e-mail messages in response to the subpoena. Note that, under the terms of the document request that Mattel has propounded to you, you are required to produce these same documents, and that the law requires you to direct your agents to produce documents within their possession. Also note that, as a party to this suit, the court may compel you to consent on pain of discovery sanctions. *See O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1446 (2006) (stating that where a party to an email communication being sought is also a party to the litigation it is within the court's power to require the party's consent to disclosure of the communication on pain of discovery sanctions).

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2208194.1

EXHIBIT 9
PAGE 173

Mattel therefore requests that you consent to the production of e-mails by your email provider by
signing below, and returning this letter within the enclosed envelope.


Best Regards,

Jon Corey
Enclosures

EXHIBIT    9
PAGE      174

Pursuant to the *Stored Communications Act,* 18 U.S.C. 2702(b)(3), I hereby consent to the
disclosure of electronic communications that I sent or received at email address
<gus_cmt@yahoo.com>.

DATED: October ___, 2007

_____

Gustavo Machado

EXHIBIT ___9___
PAGE ___175___

EXHIBIT 10



RECEIVED

NOV 0 2 2007

CALENDARED

# OVERLAND BORENSTEIN SCHEPER & KIM LLP

Alexander H. Cote
(213) 613-4660
acote@obsklaw.com

November 1, 2007

<u>**VIA FACSIMILE AND U.S. MAIL**</u>

Michael T. Zeller
Jon Corey
B. Dylan Proctor
Stephen Hauss
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

      Re:    *Bryant v. Mattel, Inc.*, and consolidated actions under Case No. CV 04-09049

Gentlemen:

      I write in response to certain correspondence in the above referenced matter. Please note that although I have received ten letters from your office in the past eight days, I will not address each of the points raised therein. Accordingly, please do not interpret Mr. Machado's silence in response to any part of your voluminous correspondence, whether in this letter or in the future, to be agreement with the positions asserted therein.

      First, with respect to Mr. Hauss' October 25, 2007 correspondence, let me again urge you to reconsider my offer, stated at our October 17, 2007 meeting. You have threatened to bring a motion to strike certain defenses raised in Mr. Machado's answer. As you know, Mattel has filed a motion against MGA, making the same arguments it would make in a motion against Mr. Machado. I proposed a stipulation, whereby Mattel and Mr. Machado would abide by the Court's ruling in the MGA motion. In the unlikely event that Mattel prevails on its motion, then Mr. Machado would amend his answer. If Mattel does not prevail, then Mattel would have no basis for bringing the motion against Mr. Machado in the first place. It now appears that you have rejected that reasonable proposal. I can see no reason, and you have not identified any reason, for Mattel to file the same motion twice.

EXHIBIT   10

PAGE   176

OVERLAND BORENSTEIN SCHEPER & KIM LLP

Quinn Emanuel Urquhart Oliver & Hedges LLP
November 1, 2007
Page 2

As I also stated at our meeting, your motion is without merit. As I made you well aware, Mattel asserts the exact same defenses, verbatim, that it now contends are improper. If it had a good faith belief in its motion against MGA (and in its anticipated motion against Mr. Machado), Mattel would not have asserted these defenses itself. Accordingly, Mr. Machado will seek sanctions if forced to defend against any motion by Mattel that seeks to impose this double standard on Mr. Machado.

Second, you have insisted on conducting the deposition of Mr. Machado in Mexico. As you know, Mr. Machado is currently unable to travel to the United States. As I also explained to you, Mr. Machado's deposition will not be fruitful, as he will refuse to answer many of your questions based on his privilege against self-incrimination. It makes little sense to expend the resources to travel to Mexico to hear him assert the privilege. Additionally, Mr. Machado may be available for deposition at the end of November in the United States. Since all depositions in the case are now stayed through November 15, 2007, scheduling Mr. Machado's deposition is not a matter of any urgency. Accordingly, we will update you on the status of Mr. Machado's availability as more information is known.

Turning to Mr. Corey's letter of October 29, 2007, the subpoena to Yahoo! is duplicative and unnecessary. Subject to his objections, Mr. Machado has already produced documents from his Yahoo! email account that are responsive to Mattel's document requests. Moreover, the subpoena is overbroad by seeking documents protected by Mr. Machado's right of privacy under Article 1 §1 of the California Constitution, as well as documents wholly unrelated to this action. Your proffered authority, *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423 (2006) does not provide Mattel with plenary authority to seek documents that are irrelevant, not reasonably calculated to lead to relevant evidence, and protected by privacy rights. Accordingly, Mr. Machado is not willing at this time to consent to the production of emails requested by your subpoena from the account at email address gus_cmt@yahoo.com.

I also note that Mattel has previously sent a subpoena to AOL, seeking the wholesale production of emails associated with the account at the email address plot04@aol.com. To the best of Mr. Machado's knowledge, no subscriber or customer has consented to that production. If you have obtained a written consent to that effect, please forward it to my office promptly.

I turn now to the October 26, 2007 correspondence, also from Mr. Zeller, wherein Mattel seeks additional discovery against all defendants, including Mr. Machado. Mattel lawyers have served four sets of interrogatories on Mr. Machado in the last three weeks, yet none of these interrogatories are narrowly tailored to Mr. Machado. Instead, Mattel has propounded identical discovery to all defendants. Mr. Machado can only assume that Mattel will continue this blunderbuss approach, should it be permitted to conduct additional discovery, and for that reason, Mr. Machado cannot concur with Mattel's request.

EXHIBIT 10
PAGE 177

OVERLAND BORENSTEIN SCHEPER & KIM LLP

Quinn Emanuel Urguhart Oliver & Hedges LLP
November 1, 2007
Page 3


     Finally, with respect to the October 25, 2007 correspondence of Mr. Zeller, regarding Mr.
Machado's initial disclosures, any meet and confer on those matters must wait until the stay is
lifted on November 15, 2007.

               Very truly yours,

               Alexander H. Cote
               OVERLAND BORENSTEIN SCHEPER & KIM LLP

cc:    Thomas J. Nolan, Esq.
       Michael Page, Esq.

EXHIBIT ___16___
PAGE ___178___

EXHIBIT 11

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3180

WRITER'S INTERNET ADDRESS
michaelzeller@quinnemanuel.com

November 3, 2007

VIA FACSIMILE AND U.S. MAIL

Alexander H. Cote, Esq.
Overland Borenstein Scheper & Kim LLP
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071

Re:     Mattel v. Bryant et al.

Dear Alex:.

I write in response to your letter, dated November 1, 2007.

First, with respect to Mattel's contemplated motion to strike Mr. Machado's affirmative defenses,
your letter again makes clear that Mr. Machado will not voluntarily amend his answer. As we
have explained, Mattel's contemplated motion as to Mr. Machado's answer is anything but
"duplicative" of Mattel's pending motion to strike MGA's affirmative defenses -- different
affirmative defenses are at issue. Accordingly, we plan to proceed with our motion.

Second, Mattel has not "insisted" on conducting Mr. Machado's deposition in Mexico. We
would prefer to take the deposition in Los Angeles. We merely *offered* to take the deposition in
Mexico based on your now repeated assertions that you cannot obtain any deposition dates
because Mr. Machado is restricted from leaving Mexico as a result of the criminal proceedings
that have been brought against him there for the theft of Mattel's trade secrets. Based on those
assertions, Mattel offered to take the deposition in Mexico for the convenience of the witness and
to obviate any travel issues on his part. Nevertheless, you still have not provided any dates for
his deposition.

That Mr. Machado may choose to invoke his Fifth Amendment privilege as to some, or even all,
of Mattel's questions has no bearing on your obligation to produce Mr. Machado for deposition.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

07209/2284227.2

EXHIBIT       11
PAGE       179

As a matter of law, Mr. Machado cannot rely on a blanket assertion of his Fifth Amendment right, but instead must assert the privilege in response to specific questions. *See United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977). Nor does it appear to be your position that Mr. Machado will raise the privilege as to *every* question that Mattel might ask. Because we cannot know which questions Mr. Machado will refuse to answer until the specific questions have been posed to him, Mattel necessarily must put its questions to Mr. Machado at a deposition. Your suggestion that the process "will not be fruitful" is not only speculative, but is beside the point and is not a justification for refusing to produce a named defendant in this case for deposition.

We recognize that, due to the Court-ordered stay, Mr. Machado's deposition cannot take place before November 15, 2007, and Mattel does not seek an earlier date. The stay, however, does not prevent you from providing us with dates when Mr. Machado will be available for his deposition. Please do so promptly. If, by November 9, 2007, we have not received firm dates on which Mr. Machado can be available for deposition either in Los Angeles or Mexico within a reasonable time period, we will assume that no such dates will be forthcoming and will ask the Discovery Master to compel Mr. Machado to sit for deposition on a date of Mattel's choosing.

With regard to Mattel's request for additional discovery, you indicated that Mr. Machado will not stipulate to Mattel's request. Thank you for confirming that Mattel will need to file a motion in this regard. As to your alleged concern that Mattel's discovery to date has not been "narrowly tailored" to Mr. Machado, the parties are allowed only 50 interrogatories in this case. Given this limitation, Mattel has no choice but to propound interrogatories addressed to all defendants to ensure that they are not collectively withholding information. Judge Infante knows of this practice and has not taken issue with it. (Conversely, I would remind you that, on your side, the 50 interrogatory allowance must be shared amongst all defendants.)

The interrogatories that Mattel has already served in this matter focus on issues that go to the heart of the case and are not unduly burdensome. If Mr. Machado lacks responsive information to any individual interrogatory, he need only state as much. If, however, he truly desires discovery that is narrowly tailored to him alone, Mattel is more than willing to enter into a stipulation providing that Mattel may serve additional, tailored interrogatories on Mr. Machado.

Turning to the issue of Mr. Machado's email account <gus_cmt@yahoo.com>, your letter contends that Mattel's subpoena to Yahoo! is "duplicative and unnecessary," because "Mr. Machado has already produced documents from his Yahoo! email account that are responsive to Mattel's document requests." As an initial matter, Mattel is not aware that Mr. Machado has produced any such documents. While we received and reviewed your document production of October 15, 2007, the 83 pages produced do not appear to be emails or to otherwise relate to the Yahoo! account. Moreover, Mattel is not required to accept at face-value Mr. Machado's representation that he has produced all pertinent documents. Rather, Mattel is free to conduct further discovery -- including by subpoenaing third parties -- to ensure that it has obtained all relevant evidence. And here, Mattel particularly is entitled to seek the production of documents from third parties, like Yahoo!, given that Machado has failed to produce them.

To the extent Mr. Machado believes the production of any particular document sought by the subpoena infringes his right of privacy, he is free to make that objection. The documents sought, however, are not ones that are irrelevant to the case that contain Mr. Machado's personal

2

EXHIBIT __11__
PAGE __180__

information, and Mattel is entitled to discover e-mails that are reasonably calculated to lead to the discovery of admissible evidence, regardless of who possesses them. Your vague assertion that the subpoena is overbroad is unexplained and appears equally without merit, but if it has any basis we would appreciate your sharing it with us.

Your characterization of Mattel's subpoena to AOL as seeking "the wholesale production of emails associated with the account at the email address plot04@aol.com" is demonstrably erroneous. That subpoena is only directed to information relevant to determining the identity of the account owner. Under the Stored Communications Act, 18 U.S.C. §§ 2701-2712, no subscriber or customer consent is required for the production of such information.

Finally, your assertion that any meet and confer regarding Mr. Machado's initial disclosures must wait until the stay is lifted on November 15, 2007 is inaccurate. We sent you a meet and confer letter prior to the stay. At the October 31 conference, the Court and all parties stated that Mattel was free to file any and all motions during the stay period, including motions to compel specifically. Nothing in the text of the written Order is to the contrary. Please promptly provide us with dates when Mr. Machado's counsel is available to meet and confer on this matter or we will proceed with a motion.

I look forward to hearing from you.

Very truly yours,

*Michael T. Zeller/SH*

Michael T. Zeller

EXHIBIT __11__

PAGE __181__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** November 3, 2007

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alexander H. Cote, Esq. | (213) 613-4655 | (213) 613-4656 |
| Overland Borenstein Scheper & Kim LLP | | |

**FROM:** Michael T. Zeller, Esq.

**RE:** *Bryant v. Mattel, Inc.*

**MESSAGE:**

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Tiffany Garcia/3rd Floor | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: _____ | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT ___11___

PAGE ___182___

## Confirmation Report — Memory Send

```
Page       : 001
Date & Time: 11-03-2007   11:09am
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 142 |
| Date | : | 11-03  11:07am |
| To | : | ☎00098#07209#6134656# |
| Number of pages | : | 004 |
| Start time | : | 11-03  11:07am |
| End time | : | 11-03  11:09am |
| Pages sent | : | 004 |
| Status | : | OK |

Job number    : 142            *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY  10010
(213) 849-7000
Facsimile: (213) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

**DATE:**    November 3, 2007

**NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alexander H. Cote, Esq.<br>Overland Borenstein Scheper & Kim LLP | (213) 613-4655 | (213) 613-4656 |

**FROM:**    Michael T. Zeller, Esq.

**RE:**    *Bryant v. Mattel, Inc.*

**MESSAGE:**

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Tiffany Garcia/3rd Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ No  ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ____11____
PAGE ____103____

EXHIBIT 12

ORIGINAL

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]**<br><br>MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL:<br><br>(1) DEPOSITION OF CARLOS GUSTAVO MACHADO GOMEZ;<br><br>(2) CONSENT TO PRODUCTION OF ELECTRONIC MAIL MESSAGES; AND<br><br>MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Declaration of Jon D. Corey filed concurrently]<br><br>Hearing Date:     TBA<br>Time:             TBA<br>Place:            Telephonic Hearing<br><br>Discovery Cut-off:       January 28, 2007<br>Pre-trial Conference:    May 5, 2008<br>Trial Date:              May 27, 2008 |

EXHIBIT ___12___
PAGE ___184___

07209/2296350.1

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that, at a time and place of hearing to be set by

3 | Discovery Master Hon. Edward Infante (Ret.), Mattel, Inc. will, and hereby does,

4 | move the Discovery Master, pursuant to Federal Rules of Civil Procedure 30 and 37,

5 | for an order (a) compelling the deposition of defendant Carlos Gustavo Machado

6 | Gomez in Los Angeles, California or Mexico City, Mexico, on or before December

7 | 30, 2007; and (b) compelling Machado to provide his consent to the disclosure of

8 | relevant electronic mail messages from his internet service providers.

9 |      This Motion is made on the ground that, despite repeated requests by Mattel

10 | and a prior agreement that Machado's deposition would take place on October 26,

11 | 2007, counsel for Machado now refuses to produce Machado, a party-defendant in

12 | this case, for deposition or even to offer dates for his deposition. This Motion is

13 | made on the further ground that Machado has used electronic mail services from

14 | third-party internet service providers for communications in connection with his

15 | trade secret theft and disloyalty, but has refused to produce electronic mail messages

16 | or to consent to their production from third-parties.

17 |      This Motion is based on this Notice of Motion and Motion, the accompanying

18 | Memorandum of Points and Authorities, the Declaration of Jon D. Corey, the

19 | records and files of this Court, and all other matters of which the Discovery Master

20 | may take judicial notice.

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

07209/2296350.1

EXHIBIT __12__

PAGE __185__

ii

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1

## **Statement of Local Rule 37-1 Compliance**

2     The parties met and conferred regarding this motion on October 18, 2007 and

3 times thereafter.

4

5 DATED:  November 15, 2007        QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
6

7                                  By
8                                     Jon D. Corey
                                      Attorneys for Mattel, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2296350.1

EXHIBIT __12__
PAGE __186__

iii

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT ........................................................................................................ 8

I.   THE COURT SHOULD COMPEL MACHADO'S DEPOSITION ................ 8

   A.   Machado Cannot Avoid Deposition Because He Is In Mexico ............. 8

   B.   Machado Cannot Avoid Deposition Because He May Invoke the Fifth Amendment to Certain Questions ................................................. 9

II.   THE COURT SHOULD COMPEL MACHADO TO DISCLOSE RELEVANT EMAILS ....................................................................... 11

CONCLUSION ................................................................................................ 12

EXHIBIT 12
PAGE 187

07209/2296350.1

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

Bear Stearns & Co. v. Wyler,
   182 F. Supp. 2d 679 (N.D. Ill. 2002) ...................................................10

Camelot Group, Ltd. V. W. A. Krueger Co.,
   486 F. Supp. 1221 (D.C.N.Y. 1980) .................................................11

Federal Savings and Loan Ins. Corp. v. Molinaro,
   889 F.2d 899 (9th Cir. 1989) ............................................................11

International Business Machines Corp. v. Brown,
   857 F. Supp. 1384 (C.D. Cal. 1994) ................................................11

O'Grady v. Superior Court,
   139 Cal. App. 4th 1423 (2006) .......................................................11

United States v. Balsys,
   524 U.S. 666 (1998)..........................................................................10

United States v. Hansen,
   233 F.R.D. 665 (S.D. Cal. 2005) .......................................................9

United States v. Pierce,
   561 F.2d 735 (9th Cir. 1977) .............................................................9

### **Statutes**

Fed. R. Civ. P. 26(d) ..............................................................................8

Fed. R. Civ. P. 30(a) ..............................................................................8

### **Miscellaneous**

2A Wright & Miller, Federal Practice and Procedure: Criminal § 407 at 51 (3d ed. 2000) ..................................................................................................10

8 Wright & Miller, Federal Practice and Procedure § 2018 (2d ed. 1994) .................9

EXHIBIT  12
PAGE  188

-v-

07209/2296350.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

Carlos Gustavo Machado Gomez ("Machado") is a current MGA executive and is named as a party-defendant in this case for his trade secret theft and other misconduct. When Machado was at Mattel Mexico, MGA recruited him and two co-workers to leave Mattel. On their way out of Mattel (and evidently even before then), Machado and the others downloaded and took thousands of pages containing Mattel trade secrets. Mattel informed Mexico law enforcement, who executed a search warrant on MGA's offices in Mexico City, where they discovered trade secrets stolen from Mattel.

Mattel first sought Machado's deposition on July 23, 2007. All parties agreed with Machado's prior counsel, James Spertus, that Machado's deposition would occur on October 26, 2007. The case was then stayed at MGA's request based on its substitution of counsel, so the deposition was postponed. Now, Machado's new counsel flatly refuses either to produce Machado or provide dates for his deposition. As one of his most recent excuses for his stonewalling, Machado claims that because he is being criminally prosecuted in Mexico for trade secret theft, he is immunized on a wholesale basis from appearing for deposition and from producing any other discovery. That is not even arguably the law and constitutes no legitimate basis for Machado's obstructionism.

Further thwarting basic discovery, Machado refuses to consent to the release of emails from accounts used to facilitate the trade secret thefts and other unlawful acts. Discovery of the emails is plainly proper, including because they are reasonably calculated to lead to the discovery of admissible evidence concerning his and MGA's trade secret thefts and to the predicate acts underlying Mattel's RICO claims. His justification for refusing is that the emails from the accounts had supposedly been produced. In fact, Machado has not produced them.

EXHIBIT 12
PAGE 189

07209/2296350.1

-1-

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1    Mattel respectfully requests an order compelling Machado to sit for deposition,
2  in Los Angeles or Mexico, no later than December 30, 2007.  It also respectfully
3  requests that Machado be compelled to provide his consent to provide his consent to the
4  disclosure of emails from his internet service providers

5                                    **Statement of Facts**

6    <u>Machado Stole Mattel Trade Secrets</u>.  In April 2004, Machado and two other
7  executives left Mattel Mexico to work for MGA.  Isaac Larian, MGA's CEO, Thomas
8  Park, MGA's then COO, and Susanna Kuemmerle, head of MGA's Mexican operations,
9  were each heavily involved in "recruiting" Machado and his co-workers to MGA.
10  Machado admits, that in the months prior to their resignations, he and his two
11  colleagues "discussed with MGA personnel, including Larian, employment at MGAE
12  de Mexico" and used an AOL e-email account with the address <plot04@aol.com> in
13  order to do so.[1]  Larian too admits these communications took place.[2]

14    While MGA was recruiting them, Machado and the other then-Mattel employees
15  prepared an "analysis" to justify their worth to MGA.[3]  As a result of this analysis and
16  other information, MGA offered to pay each of them, to do the same jobs for a smaller
17  company, far more than they were earning at Mattel -- with potentially hefty bonuses
18  based on MGA's revenue growth -- and, apparently, to offered to give them all cars.[4]

19  

20    [1]  Second Amended Answer and Counterclaims, ¶¶ 37-44, Corey Dec., Exh. 1.;
21  Machado's Amended Answer and Affirmative Defenses, ¶ 43, dated Sep. 24, 2007,
    Corey Dec., Exh. 2.

22    [2]  Isaac Larian's Answer and Affirmative Defenses, dated August 13, 2007, ¶¶
23  42-43, Corey Dec., Exh. 3.

24    [3]  Email from <plot04@aol.com> email address to Isaac Larian, dated March 22,
25  2004, Corey Dec., Exh. 4.

    [4]  <u>Id</u>.; Email from Tom Park, MGA's Chief Operating Officer, to the
26  <plot04@aol.com> email address and copying Isaac Larian, dated March 30, 2004,
27  Corey Dec., Exh. 5; Email from Isaac Larian to the <plot04@aol.com> email
28  address dated March 23, 2004, 2007, Corey Dec., Exh. 6.

EXHIBIT __12__
PAGE __190__

-2-
MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1    Before they left Mattel, Machado and the others stole virtually every type of
2  document that a competitor would need to enter into the market in Mexico and to
3  compete with Mattel worldwide.  These included global internal future line lists that
4  detailed anticipated future products, production and shipping costs for Mattel products;
5  daily sales data for Mattel products; customer data; sales estimates and projections;
6  marketing projections; documents analyzing changes in sales performance from 2003 to
7  2004; budgets for advertising and promotional expenses; strategic research reflecting
8  consumer responses to products in development; media plans; consumer comments
9  regarding existing Mattel products customer discounts and terms of sale; customer
10 inventory level data; assessments of promotional campaign success; market size
11 historical data and projections; marketing plans and strategies; merchandising plans;
12 retail pricing and marketing strategies; and other similar materials.[5]

13    Machado and his co-conspirators ultimately resigned from Mattel on the same
14 day, April 19, 2004, but refused to say where they were going.[6]  And, Machado's Mattel
15 computer mysteriously would not function.  With its suspicions raised, Mattel began to
16 investigate.  It discovered that Machado and the others had downloaded and taken
17 thousands of pages containing Mattel trade secrets when they left.[7]  When Mattel
18 discovered this, it informed law enforcement officials in Mexico, who subsequently
19 obtained and executed a search warrant on MGA's Mexico City offices.[8]  They
20 discovered in those offices not only the information Mattel thought had been stolen, but
21
22

---

23   [5]  Second Amended Answer and Counterclaims, ¶ 48, Corey Dec. Exh. 1.

24   [6]  Second Amended Answer and Counterclaims, ¶¶ 44-46, Corey Dec., Exh. 1.;
     Machado's Amended Answer and Affirmative Defenses, ¶¶ 44-46, dated Sep. 24,
25   2007, Corey Dec., Exh. 2; Isaac Larian's Answer and Affirmative Defenses, dated
     August 13, 2007, ¶ 41, Corey Dec., Exh. 3.
26
27   [7]  Second Amended Answer and Counterclaims, ¶ 53, Corey Dec. Exh. 1.

28   [8]  Id.

EXHIBIT 12
PAGE 191

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1   thousands of other pages that Mattel did not know they had taken.[9]  Even after this,

2   MGA promoted Machado and transferred him to Los Angeles.[10]  Machado and his co-

3   workers have been indicted in Mexico for criminal trade secret theft.

4       Mattel and Machado Agree That His Deposition Would Occur on October 26.

5   Mattel began seeking deposition dates from Machado on June 4, 2007.  On September

6   3, 2007, James Spertus, counsel for Machado, confirmed that October 26, 2007 was an

7   "acceptable date" for Machado's deposition.[11]  The next day Mattel served a deposition

8   notice that confirmed the parties' agreement.[12]  Counsel for MGA and Bryant also

9   agreed to the October 26, 2007 deposition.[13]

10      Machado's New Counsel Refuses To Produce Machado for Deposition.  On

11  October 2, 2007, Mr. Spertus withdrew as counsel for Machado.[14]  On October 4, 2007,

12  Machado's new counsel, Alexander Cote, contacted Mattel to discuss, among other

13  things, Machado's pending deposition.[15]  He confirmed that Machado would be made

14

15

16      [9]  Id.

17      [10]  Id. ¶ 54.

18      [11]  See Letter from Spertus to Corey, dated September 3, 2007, Corey Dec., Exh. 11.

19      [12]  See Corey Dec., ¶ 14; see also Notice of Deposition of Carlos Gustavo

20  Machado, dated September 4, 2007, Corey Dec., Exh. 12; Email from Corey to

21  Michael Page, Amman Khan and Diana Torres attaching document that listed
    Machado under a heading of "Witnesses Whose Dates Have Been Agreed Upon

22  And Set After Meet and Confers Requested By Mattel," and stating that Machado's

23  deposition was set for October 26, 2007, Corey Dec., Exh. 13.

24      [13]  See Letter from Corey to Khan, dated September 25, 2007, Corey Dec., Exh. 14.

25      [14]  See Order On Request for Approval of Substitution of Attorney, dated

26  October 2, 2007, Corey Dec., Exh. 15.

27      [15]  See e-mail message from Alexander Cote to Corey, dated October 5, 2007,

28  Corey Dec., Exh. 16.

EXHIBIT 12
PAGE 192

-4-

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1   available for deposition, but said that he would need to "update [Mattel] on Machado's
2   availability for his deposition as [counsel] get[s] more information."[16]

3       Mattel then met with Machado's counsel to discuss, among other things,
4   Machado's deposition.[17] Mr. Cote told Mattel that the deposition could not take place
5   on October 26, 2007 because of restrictions on Machado's mobility to and from Mexico
6   resulting from the criminal indictment in Mexico, but he assured Mattel that alternate
7   deposition dates would be forthcoming.[18] Mr. Cote also began asserting that because of
8   the criminal charges pending against him in Mexico, Machado would be invoking the
9   Fifth Amendment for *some* questions at his deposition.[19] He asked Mattel to consider a
10  stipulation that Machado will assert his Fifth Amendment Privilege to avoid the need
11  for a deposition entirely.[20] Mattel declined because Machado would not and could not
12  agree that he will invoke for all questions and again asked for deposition dates.[21]

13      Mr. Cote did not respond.  Mattel sent another letter  requesting "dates in
14  November [] when Machado will be available for deposition."[22] By telephone, Mr.
15  Cote told Mattel that Machado was restricted from leaving Mexico due to criminal
16  proceedings against him there as a result of the his theft of Mattel's trade secrets and
17  did not provide any replacement dates for Machado's cancelled deposition.[23] Mattel
18  reiterated its offer to take Machado's deposition in Mexico and requested dates  when

---

[16]   See id.

[17]   See Letter from B. Dylan Proctor to Cote, dated October 18, 2007, Corey Dec., Exh. 19.

[18]   See id.

[19]   See id.

[20]   See id.

[21]   See id.

[22]   See Letter from Stephen Hauss to Cote, dated October 24, 2007, Corey Dec., Exh. 20.

[23]   See Letter from Hauss to Cote, dated October 25, 2007, Corey Dec., Exh. 21.

EXHIBIT __12__
PAGE ___193___

1   he would be available in Mexico.[24]  Mr. Cote did not respond, so Mattel sent another

2   letter that reiterated the need to schedule Machado's deposition.[25]

3        Mr. Cote responded in a November 1, 2007 letter. He stated that Machado "may

4   be available for deposition at the end of November in the United States,"[26] but

5   suggested that a deposition "[would] not be fruitful" because Machado would assert his

6   Fifth Amendment right to most of Mattel's questions.[27] Mattel explained in response

7   that any Fifth Amendment right could not allow him to avoid his deposition entirely.

8   Mattel offered to take Machado's deposition in Mexico to accommodate his travel

9   restrictions due to his prosecution in Mexico.[28] Mattel again requested deposition dates

10  in the location of counsel's choice in Los Angeles or in Mexico.[29]

11       Mr. Cote responded on November 5, 2007. He provided no dates for Machado's

12  deposition.  Instead, he reiterated that this deposition "[would] not be productive"

13  because it is "no secret that [Mattel] plans to ask Machado questions concerning

14  [Mattel's] allegations" to which Machado will invoke the Fifth Amendment.[30] Despite

15  Mattel's earlier offer to hold the deposition in a location of counsel's choice, and

16  rejecting Mattel's efforts to resolve any issue over the location of Machado's deposition,

17  counsel claimed that Mattel had provided no "justification" for "forcing counsel to

18

19  _____

    [24]  See id.

20  [25]  See Letter from Zeller to Nolan, dated October 29, 2007, Corey Dec., Exh.

21  23.

22  [26]  See Letter from Cote to Zeller, Corey, Proctor and Hauss, dated November 1,
    2007, Corey Dec., Exh. 24.

23  [27]  See id.

24  [28]  See Letter from Zeller to Cote, dated November 3, 2007, Corey Dec., Exh.

25  25.

26  [29]  See id.

27  [30]  See Letter from Cote to Zeller, dated November 5, 2007, Corey Dec., Exh.

28  26.

EXHIBIT 12
PAGE 194

1  incur the expense of traveling to Mexico" for this deposition.  Mr. Cote then invited

2  Mattel to move to compel.[31]

3      <u>Machado Has Failed to Produce Emails to Which Mattel Is Entitled.</u>  Mattel

4  served Machado with Requests for Production on September 11, 2007 requesting,

5  among other things, relevant emails sent to and from him, including from the

6  <plot04@aol.com> account.[32]  Machado has produced no such e-mails to Mattel with

7  these documents.  Mattel also served a subpoena on Yahoo! on October 29, 2007

8  requesting the production of emails from Machado's <gus_cmt@yahoo.com> account.[33]

9  On that same day, Mattel sent a letter to Machado informing him that a subpoena had

10  been served on Yahoo! requesting documents identical to those requested in Mattel's

11  Requests for Production served on Machado on September 11, 2007 and requesting his

12  consent to the release of his emails from Yahoo! under the Stored Electronic

13  Communications Act.[34]  The letter attached a form for Machado to sign indicating his

14  consent.[35]  On November 1, 2007, Mr. Cote responded.  He wrote that "Mr. Machado

15  has already produced documents from his Yahoo! e-mail account."[36]  In reality,

16  Mr. Machado has produced only 124 pages of documents, none of which are emails

17

18

19

20      [31]  <u>Id</u>. at 2.

21      [32]  Mattel's First Set of Requests for Documents and Things to Machado, dated

22  September 11, 2007, Corey Dec., Exh. 30.

23      [33]  Notice of Subpoena Issued to Yahoo!, dated October 29, 2007, Corey Dec.,
Exh. 31.

24      [34]  Letter from Corey to Machado, care of Cote, dated October 29, 2007, at 1-2,

25  Corey Dec., Exh. 32.

26      [35]  <u>Id</u>.

27      [36]  Letter from Cote to Zeller, et al., dated November, 2007, at 2, Corey Dec.,
Exh. 25.

28

EXHIBIT 12
PAGE 195

072O9/2296350.1

1   from the Yahoo! or any other account.[37]  Nonetheless, Mr. Machado refused to consent

2   to the release of e-mail messages from that, or any other, email account.[38]

3                                    **Argument**

4   **I.     THE COURT SHOULD COMPEL MACHADO'S DEPOSITION**

5         Machado stole Mattel trade secrets.  In fact, he was the ring-leader of the theft in

6   Mexico.  He is a party-defendant.  Mattel has the absolute right to depose him.  Fed. R.

7   Civ. P. 30(a) ("A party may take the deposition of any person, *including a party*, by

8   deposition upon oral examination without leave of court . . . .") (emphasis added).

9         **A.     Machado Cannot Avoid Deposition Because He Is In Mexico**

10        After previously agreeing to attend a deposition, Machado now flatly refuses to

11   sit for deposition.  Machado claimed that the criminal prosecution against him in

12   Mexico prevents him from leaving Mexico.  This makes no sense given that days

13   before to refusing to provide Machado for deposition, his counsel said he could be

14   available in Los Angeles in late November.[39]  And, in any event, to accommodate the

15   witness and to avoid any such issue, Mattel offered to depose him in Mexico on a date

16   of his choosing (so long as the date is soon).  Machado has rejected that offer without

17   any plausible basis.  Machado also has suggested that because his deposition relates to

18   Phase 2, Mattel should spend its time elsewhere.  Machado may not, however, dictate

19   the manner in which Mattel conducts discovery.  See Fed. R. Civ. P. 26(d) ("[M]ethods

20   of discovery may be used in any sequence.");  see also October 31 Stay Order, Corey

21   Dec., Exh. 19, at 2 ("[T]he Court denies MGA's request to delay or otherwise bifurcate

22   discovery regarding Phase 2 issues.").  Machado has not made and cannot make the

23

24   [37]   Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated September 24,
25   2007, Corey Dec. Exh. 29.

26   [38]   Letter from Cote to Zeller, et al., dated November 1, 2007, at 2, Corey Dec.,
27   Exh. 24, at 2.

     [39]   See id.
28

EXHIBIT 12
PAGE 196

-8-
MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

072O9/2296350.1

1  showing required to prevent Machado's deposition from going forward, as it must,

2  under Rule 30.

3      **B.    Machado Cannot Avoid Deposition Because He May Invoke the**

4              **Fifth Amendment to Certain Questions**

5          As his other excuse, Machado claims he is immune from deposition because he is

6  under criminal indictment in Mexico and will invoke his Fifth Amendment right to

7  avoid answering some questions.[40]  His position is unavailing.

8          It is well settled that a Fifth Amendment claim can only "be raised in response to

9  *specific questions* propounded by the investigating party." United States v. Pierce, 561

10 F. 2d 735, 741 (9th Cir. 1977) (emphasis added).  Machado thus may not rely on a

11 blanket assertion of the Fifth Amendment to avoid being deposed entirely.  United

12 States v. Hansen, 233 F.R.D. 665, 668 (S.D. Cal. 2005) (holding that deponent could

13 not refuse to attend deposition under a blanket claim of privilege against self-

14 incrimination) (citing cases).  "The proper procedure is for the deponent to attend the

15 deposition, to be sworn under oath, and to answer those questions he or she can answer

16 without running a risk of incrimination.  In this way a record can be made and the court

17 can determine whether particular questions asked did entitle the deponent to claim the

18 privilege."  8 Wright & Miller, Federal Practice and Procedure § 2018 (2d ed. 1994) at

19 273-74.

20         In fact, Judge Larson affirmed the Discovery Master's May 16, 2007 Order that

21 had rejected similar efforts by MGA to assert a blanket privilege claim to evade

22 deposition.  MGA asked the Court to sustain its blanket work-product objection to

23 providing any testimony in response to a Rule 30(b)(6) deposition topic regarding ink,

24 paper and chemical analysis conducted by an alleged MGA expert, Erich Speckin.  The

25

26

27  [40]  See Letter from Cote to Corey, dated November 5, 2007, Corey Dec., Exh.
28  26.

EXHIBIT 12

PAGE 197

1  Discovery Master rejected that argument,[41] and MGA appealed.  Judge Larson affirmed

2  the Discovery Master's ruling and explained: "To the extent that such a deposition has

3  the potential to encroach upon information protected by the work-product privilege,

4  then that objection must be made on a question-by-question basis.  *MGA may not make*

5  *a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this*

6  *topic based on that blanket objection.*"[42]  That reasoning applies here with equal force.

7      Indeed, at a minimum, Mattel is entitled to depose Machado to determine

8  whether the he can even invoke the Fifth Amendment at all.  For example, Mattel

9  believes that Mr. Machado is a Mexican national, not a U.S. citizen.  Mattel is entitled

10  to inquire to determine Machado's residency status.  While he formerly resided in the

11  United States, at least according to his counsel, he now resides in Mexico.  This is

12  significant.  In a civil case, a non-resident alien cannot invoke the Fifth Amendment

13  even if he or she learns the testimony may be incriminating.  See, e.g., Bear Stearns &

14  Co. v. Wyler, 182 F. Supp. 2d 679, 683 (N.D. Ill. 2002) ("We fail to find it self-evident

15  that the Fifth Amendment's privilege against self-incrimination is available to non-

16  resident aliens. Wyler's failure to demonstrate the privilege's availability would be

17  reason enough to grant plaintiff's motion to compel, were there not a further deficiency

18  in Wyler's position.").  Further, the current criminal prosecution against Machado is in

19  Mexico by Mexican prosecutors.  The Fifth Amendment does not provide a privilege

20  against self-incrimination for foreign prosecutions.  United States v. Balsys, 524 U.S.

21  666, 669 (1998); 2A Wright & Miller, Federal Practice and Procedure: Criminal § 407

22  at 51 (3d ed. 2000) (Fifth Amendment "does not protect a witness from giving evidence

23  that could be used against the witness in a prosecution in a foreign country").  Mattel is

24

25

26  [41]  May 16, 2007 Order Granting Mattel, Inc.'s Motion to Compel MGA to
Produce Witnesses for Deposition Pursuant to Rule 30(B)(6), Corey Dec., Exh. 27.

27  [42]  July 5, 2007 Minute Order at 4, Corey Dec., Exh. 28.

28

EXHIBIT 12
PAGE 198

07209/2296350.1

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1  entitled to inquire about the basis for Machado's fear, if any, of prosecution in the
2  United States before he may properly invoke the Fifth Amendment.

3      Finally, Machado has already admitted certain incriminating conduct in his
4  Amended Answer and has invoked twelve separate defenses to his theft, which are
5  discussed in his initial disclosures.[43]   The admitted conduct and defenses are not
6  privileged and Mattel can inquire about them.  Indeed, the articulation of the defenses
7  should constitute a waiver of any Fifth Amendment rights Machado may possess.
8  Federal Savings and Loan Ins. Corp. v. Molinaro, 889 F. 2d 899, 903 (9th Cir. 1989)
9  (holding that where defendant already has given partial deposition testimony on the
10  substantive issues of the case, the Fifth Amendment privilege is "negligible");
11  International Business Machines Corp. v. Brown, 857 F. Supp. 1384, 1389-90 (C.D.
12  Cal. 1994) (holding that because defendants had already testified at deposition, there
13  was no remaining Fifth Amendment privilege to assert); Camelot Group, Ltd. V. W. A.
14  Krueger Co., 486 F. Supp. 1221, 1230 (C.D.N.Y. 1980) ("A witness or defendant in a
15  civil case who has already testified to matters which tend to incriminate him has waived
16  the privilege insofar as further questions seek the details of the matters to which he did
17  testify.").  It would be patently unfair, and contrary to law, to allow Machado to
18  purportedly defend himself with impunity, but to refuse to provide the most basic of
19  discovery regarding the conduct he purports to defend.

20  **II.**    **THE COURT SHOULD COMPEL MACHADO TO DISCLOSE**
21        **RELEVANT EMAILS**

22      As a party to this action, Machado is obligated to direct his agents to produce
23  documents within their possession.  Machado should be compelled to consent to the
24  disclosure of e-mail communications by Yahoo! If Machado continues to fail to give

25

26     [43]   Amended Answer and Affirmative Defenses at 6:13-7:26, 18:21-22:19,
27  Corey Dec., Exh. 2; Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated
   September 24, 2007, Corey Dec. Exh. 29.
28

EXHIBIT __12__

PAGE __199__

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

1  his consent to the release of these documents, he should be sanctioned. See O'Grady v.

2  Superior Court, 139 Cal. App. 4th 1423, 1446 (2006) (stating that where a party to an

3  email communication being sought is also a party to the litigation it is within the court's

4  power to require the party's consent to disclosure of the communication on pain of

5  discovery sanctions). Machado's only excuse here -- that he himself has supposedly

6  already produced the emails--is demonstrably false. In reality, Mr. Machado has

7  produced only 124 pages of documents, none of which are emails from the Yahoo!, or

8  any other, account.[44]

9       Mattel respectfully requests that the Discovery Master order Machado to provide

10  written consent to the production of relevant e-mails from any e-mail account (and to

11  identify each e-mail account) he has used in the past five years.

12                                 **Conclusion**

13       For the foregoing reasons, the Discovery Master should grant Mattel's motion.

14

15  DATED: November 15, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

16

17                                 By

18                                     Jon D. Corey
                                       Attorney for Mattel, Inc.

19

20

21

22

23

24

25

26

27  [44]  Machado's Initial Disclosures Pursuant to Rule 26(a)(1), dated September 24, 2007, Corey Dec. Exh. 29.

28

EXHIBIT 12
PAGE 206

072.09/2296350.1

-12-

MATTEL, INC.'S MOTION TO COMPEL RE MACHADO

CM/ECF - California Central District

# Discovery Motions
2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, RELATED-G

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Corey, Jon on 11/16/2007 at 2:03 PM PST and filed on 11/16/2007
**Case Name:**       Carter Bryant v. Mattel Inc
**Case Number:**    2:04-cv-9049
**Filer:**          Mattel Inc
**Document Number:** 1122

**Docket Text:**
NOTICE OF MOTION AND MOTION to Compel Deposition of Carlos Gustavo Machado Gomez *; and (2) Consent to
Production of Electronic Mail Messages* filed by plaintiff Mattel Inc. (Attachments: # (1) Declaration Declaration of
Jon D. Corey)(Corey, Jon)

**2:04-cv-9049 Notice has been electronically mailed to:**

Christa M Anderson   canderson@kvn.com

Dale M Cendali   dcendali@omm.com

Jon D Corey   joncorey@quinnemanuel.com

Alexander H Cote   acote@obsklaw.com

Leah Chava Gershon   leah@spertuslaw.com

Patricia L Glaser   pglaser@chrisglase.com

James Paul Jenal   jjenal@omm.com

Thomas J Nolan   tnolan@skadden.com

Mark E Overland   moverland@obsklaw.com

Michael H Page   mhp@kvn.com

Brett Dylan Proctor   dylanproctor@quinnemanuel.com

David C Scheper   dscheper@obsklaw.com, feseroma@obsklaw.com

Diana M Torres   dtorres@omm.com

John Elliot Trinidad   jtrinidad@kvn.com, yjayasuriya@kvn.com

EXHIBIT __12__
PAGE ___201___

https://ecf.cacd.uscourts.gov/cgi-bin/Dispatch.pl?337212118008261

11/16/2007

CM/ECF - California Central District

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mwerdegar@kvn.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Melanie Bradley
O'Melveny & Myers
7 Times Square
New York, NY 10036

Kendall Burr
O'Melveny and Myers
7 Times Square
New York, NY 10036

Michael C Keats
O'Melveny & Myers
7 Times Square
New York, NY 10036

John W Keker
Keker & Van Nest
710 Sansome St
San Francisco, CA 94111-1704

Kenneth A Plevan
Skadden Arps Slate Meagher & Flom
4 Times Sq
New York, NY 10036-6522

John B Quinn
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543

Johanna Schmitt
O'Melveny and Myers
7 Times Squire
New York, NY 10036

Michael T Zeller
Quinn Emanuel Urquhart Oliver & Hedges
865 S Figueroa St, 10th Fl
Los Angeles, CA 90017-2543

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\markmurray\Desktop\Machado E-
Filing\MotiontoCompelDepositionOfMachado.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/16/2007] [FileNumber=4964733-0
] [62afa855639cb41734ddb0d441c9a8791a8023f30d79c72b9f258c4586c10e555f8

EXHIBIT 12
PAGE 202

CM/ECF - California Central District

a914f807053228c5b8071e9bfc982cf863...5366ed51cff9c57c0115e8be8]]
**Document description:**Declaration Declaration of Jon D. Corey
**Original filename:**C:\Documents and Settings\markmurray\Desktop\Machado E-Filing\CoreyDeclaration.PDF
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=11/16/2007] [FileNumber=4964733-1
] [6433bf19d512860596c2018cb9c2195da158e2da0bd087514c1c727c02e01702d4c
a9b4132d4b78496f11cee88b4501b231b7f27b7305062a974ea86cd89f11e]]

EXHIBIT __12__
PAGE __203__

EXHIBIT 13

CALENDARED

RECEIVED

NOV 2 7 2007

1  **OVERLAND BORENSTEIN SCHEPER & KIM LLP**
   MARK E. OVERLAND (State Bar No. 38375)
2  moverland@obsklaw.com
   DAVID C. SCHEPER (State Bar No. 120174)
3  dscheper@obsklaw.com
   ALEXANDER H. COTE (State Bar No. 211558)
4  acote@obsklaw.com
   300 South Grand Avenue, Suite 2750
5  Los Angeles, CA 90071-3144
   Telephone: (213) 613-4655
6  Facsimile:  (213) 613-4656

7  **Attorneys for**
   **Carlos Gustavo Machado Gomez**

8

9              UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

11

| 12 | CARTER BRYANT | CASE NO. 04-9049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with CV 04-9059 and CV 05-2727 |
| 14 | v. | **[DISCOVERY MATTER]** |
| 15 | MATTEL, INC., | **[Improperly Filed Before Discovery Master Hon. Edward Infante (Ret.)]** |
| 16 | Defendant. | **CARLOS GUSTAVO MACHADO GOMEZ'S MEMORANDUM OF** |
| 17 | | **POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S** |
| 18 | | **MOTION TO COMPEL (1) DEPOSITION OF CARLOS** |
| 19 | AND CONSOLIDATED CASES | **GUSTAVO MACHADO GOMEZ [AND] (2) CONSENT TO** |
| 20 | | **PRODUCTION OF ELECTRONIC MAIL MESSAGES** |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | EXHIBIT __13__ |
| 28 | | PAGE __204__ |

MACHADO'S OPPOSITION TO MATTEL'S MOTION TO COMPEL

## MEMORANDUM OF POINTS AND AUTHORITIES

1      As counsel for Mattel is well aware, the discovery master has no jurisdiction over the present motion or over Mr. Machado. (Corey Decl. Ex. 26 at 2.) The discovery master's authority for resolving discovery disputes between the parties derives entirely from a single source: the December 6, 2006 *Stipulation For Appointment of a Discovery Master* ("Stipulation"). Mr. Machado was not a party to this or any other action against Mattel at that time, and is not a signatory to the Stipulation. In fact, Mr. Machado was not named as a party until January 12, 2007. (Cote Decl. ¶ 2; Ex. A.) Moreover, Mattel has already conceded that Mr. Machado was not served with process until, at the earliest, March 26, 2007. (Cote Decl. Ex. B.) As a result, Mr. Machado has never consented to the discovery master's appointment.

     "The court must give the parties notice and an opportunity to be heard before appointing a master." Fed. R. Civ. P. 53(b)(1). Similarly, the appointment must be supported by either specific findings, *see* Fed. R. Civ. P. 53(a)(1)(B)-(C), or by the consent of the parties, *see* Fed. R. Civ. P. 53(a)(1)(A). Here, Mr. Machado was never afforded an opportunity to be heard regarding the discovery master. Nor has the Court made any of the findings required under Fed. R. Civ. P. 53(a)(1)(B)-(C). As a result, the only authority for the discovery master's jurisdiction is the parties' consent. Yet, Mr. Machado has never consented to the appointment of the discovery master. Accordingly, this matter cannot be heard by the discovery master.

     Nor can Mattel object to this result. At the time it negotiated and executed the Stipulation, Mattel had already cemented its plan to bring suit against Mr. Machado. A month earlier, on November 20, 2006, Mattel had filed an amended complaint, naming Mr. Machado as an adverse party. (Cote Decl. ¶ 2, Ex. A.) However, Mattel never sought to obtain Machado's consent to the appointment of the discovery master. Nor was Machado under any obligation to object at that time. "[O]ne becomes a party officially, and is required to take action in that capacity,

2

EXHIBIT 13

PAGE 205

1   only upon service of a summons or other authority-asserting measure stating the

2   time within which the party served must appear and defend…. [T]he summons

3   continues to function as the *sine qua non* directing an individual or entity to

4   participate in a civil action or forgo procedural or substantive rights." *Murphy*

5   *Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-351 (1999). Prior to

6   service, which did not occur, at the earliest, until four months after the Stipulation

7   was signed, Mr. Machado had no role in the litigation.

8       Consequently, any further discovery motions brought by or against Mr.

9   Machado must be brought before the Hon. Robert N. Block, in conformity with Fed.

10  R. Civ. P. 37 and the appurtenant Local Rules governing the filing of motions to

11  compel, as provided by the Court's standing order.

12  DATED: November 26, 2007      OVERLAND BORENSTEIN SCHEPER &
13                                KIM LLP
                                  MARK E. OVERLAND
14                                DAVID C. SCHEPER
15                                ALEXANDER H. COTE

16

17

18  By: _____
        Alexander H. Cote
19      Attorneys for CARLOS GUSTAVO
20      MACHADO GOMEZ

21

22

23

24

25

26

27                                EXHIBIT ___13___
28                                PAGE ___206___

3

EXHIBIT 14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: January 7, 2008 |
| Title: | CARTER BRYANT -v- MATTEL, INC. | |
| | AND CONSOLIDATED ACTIONS | |

==========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                                    Theresa Lanza
Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR CARTER              ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**         **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:                 ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                              GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                                 **Mark E. Overland**
**Anna Park**

ATTORNEY PRESENT FOR NON-                  ATTORNEY PRESENT FOR NON-PARTY
PARTIES ANA ELISE CLOONAN,                 STERN & GOLDBERG: **Kien C. Tiet**
MARGARET HATCH-LEHY, AND
VERONICA MARLOW: **Larry W.**                    ATTORNEY PRESENT FOR NON-PARTY
**McFarland**                                    KAYE SCHOLER, LLP: **Bryant S. Delgadillo**

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART
MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL
DISCOVERY (DOCKET #1134)**

**ORDER GRANTING MOTION TO ENFORCE THE COURT'S
ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR
SANCTIONS  (DOCKET #1143)**

MINUTES FORM 90
CIVIL -- GEN                              1                   Initials of Deputy Clerk: jh
                                                             Time: 1/30

EXHIBIT ___14___
PAGE ___207___

## ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

## ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). <u>See</u> Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ___14
PAGE ___208

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

MINUTES FORM 90
CIVIL -- GEN

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ___14___
PAGE ___209___

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ___14___
PAGE ___210___

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT     14
PAGE        211

EXHIBIT 15

1  **OVERLAND BORENSTEIN SCHEPER & KIM LLP**
   MARK E. OVERLAND (State Bar No. 38375)
2  moverland@obsklaw.com
   DAVID C. SCHEPER (State Bar No. 120174)
3  dscheper@obsklaw.com
   ALEXANDER H. COTE (State Bar No. 211558)
4  acote@obsklaw.com
   300 South Grand Avenue, Suite 2750
5  Los Angeles, CA  90071-3144
   Telephone: (213) 613-4655
6  Facsimile:  (213) 613-4656

7  **Attorneys for**
   **Carlos Gustavo Machado Gomez**

8

9              **UNITED STATES DISTRICT COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

11

12  CARTER BRYANT                    CASE NO. 04-9049 SGL (RNBx)

13          Plaintiff,               Consolidated with CV 04-9059 and
                                      CV 05-2727
14       v.
                                      **[DISCOVERY MATTER]**
15  MATTEL, INC.,
                                      **[Filed Before Discovery Master Hon.**
16          Defendant.               **Edward Infante (Ret.)]**

17                                    **CARLOS GUSTAVO MACHADO**
                                      **GOMEZ'S *SUPPLEMENTAL***
18                                    **MEMORANDUM OF POINTS AND**
                                      **AUTHORITIES IN OPPOSITION**
19                                    **TO MATTEL, INC.'S**
                                      **MOTION TO COMPEL (1)**
20                                    **DEPOSITION OF CARLOS**
                                      **GUSTAVO MACHADO GOMEZ**
21                                    **[AND] (2) CONSENT TO**
                                      **PRODUCTION OF ELECTRONIC**
22                                    **MAIL MESSAGES;**

23                                    **DECLARATION OF ALEXANDER**
                                      **H. COTE IN SUPPORT THEREOF;**
24  AND CONSOLIDATED CASES           **DECLARATION OF CARLOS**
                                      **GUSTAVO MACHADO GOMEZ IN**
25                                    **SUPPORT THEREOF**

26

27

28

EXHIBIT ___15___

PAGE ___212___

## I.   INTRODUCTION

2    Mattel initially filed the instant motion on November 15, 2007. At that time,
3    the scope of the discovery master's jurisdiction was unresolved. Accordingly, Mr.
4    Machado opposed the motion solely on jurisdictional grounds. On January 9, 2008,
5    counsel received an order from the District Court, clarifying that the Discovery
6    Master has jurisdiction over discovery disputes between Mattel and Mr. Machado.
7    Accordingly, Mr. Machado respectfully submits this supplemental memorandum in
8    opposition to Mattel's motion.

## II.   MR. MACHADO'S DEPOSITION WAS SET FOR JANUARY 15 BUT WAS RESCHEDULED DUE TO A CONFLICT

11    Despite Mattel's claims to the contrary, counsel for Mr. Machado have been
12    cooperating with Mattel to arrange this deposition. Counsel for Mr. Machado and
13    counsel for Mattel recently agreed to conduct the deposition on January 15, 2008,
14    and counsel for Mattel sent an amended notice to that effect. However, due to a
15    scheduling conflict, the deposition was recently postponed.

16    As the Court's recent order makes clear, "all counsel are expected to
17    coordinate their schedules with those of the deponents such that the depositions are
18    held." (Corey Second Supplemental Decl. Ex. 10 at 5.) Mattel's objection to the
19    postponement of Mr. Machado's deposition is in conflict with the Court's directive
20    that the parties "coordinate their schedules." The deposition was set to go forward,
21    and would have gone forward, absent a conflict arising with MGA's counsel. Jack
22    DiCanio, a partner at Skadden Arps and the attorney selected by MGA to handle
23    issues involving Mr. Machado, was unable to travel to Mexico City for the
24    deposition, and therefore, asked that it be postponed. MGA is Mr. Machado's
25    current employer, as well as the alleged recipient of the so-called trade secrets Mr.
26    Machado is accused of misappropriating. Thus, not only does MGA have the right
27    as a party to attend every deposition conducted in this matter, but MGA has an
28    especial interest in attending Mr. Machado's deposition. As a result of Mr.

2

EXHIBIT 15
PAGE 213

1   Dicanio's conflict, and at his express request, counsel for Machado notified Mattel's

2   counsel that the deposition would be continued.

3         However, counsel for Mr. Machado remains willing to work with Mattel and

4   MGA to select a deposition date that is equally convenient for all parties.

5   Scheduling that deposition, however, is difficult and costly, as Mr. Machado is

6   currently restricted from traveling outside Mexico, as a result of Mattel's decision to

7   begin a criminal proceeding in Mexico against Mr. Machado.[1] However, Mr.

8   Machado can petition the Mexican authorities for leave to travel to the United

9   States, although such leave appears to be discretionary and therefore somewhat

10  unpredictable.

11        In order to avoid the inconvenience and unnecessary expense of requiring

12  four sets of counsel (i.e., counsel for Mattel, Isaac Larian/MGA, Carter Bryant and

13  Mr. Machado) as well as the deposition officer and videographer to travel to Mexico

14  City, Mr. Machado proposes the following procedure for scheduling his deposition.

15  The parties should select a mutually agreeable date for the deposition, to take place

16  in Los Angeles sometime in late February. With a sufficient lead time, Mr.

17  Machado's counsel can submit the deposition notice to the Mexican authorities, and

18  request leave for Mr. Machado to attend the deposition in the United States. If that

19  request is denied, only then should the parties travel to Mexico City for the

20

21  _____

22  [1] In its improperly filed "Notice of Withdrawal," Mattel states that it agreed to
    schedule the deposition in Mexico "as an accommodation to him." Like so many of
23  Mattel's claims, this is pure fiction. Mr. Machado cannot travel to the United States
    without leave of the Mexican authorities. Counsel for Mr. Machado preferred to
24  avoid the needless expense of travel to Mexico by attempting to obtain a
    modification of Mr. Machado's travel restrictions.  It was counsel for Mattel that
25  insisted on having the deposition in Mexico. Accordingly, Mattel's *new* request,
    that the deposition be ordered to take place in the United States, is futile.  Even if
26  this relief were granted, Mr. Machado would be unable to comply with the
    Discovery Master's order because of court imposed travel restrictions. Accordingly,
27  the approach described above *infra* is the most efficient and cost-effective way of
    scheduling Mr. Machado's deposition.

28

3

EXHIBIT    15
PAGE    214

1   deposition. This approach would most likely minimize expense and burdens on the

2   parties to the litigation.

3         Nor is there any urgent need to conduct this deposition any earlier. The

4   Court's recent order stated:

5               As to all the depositions permitted by this Order, all

6               counsel are expected to coordinate their schedules with

7               those of the deponents such that the depositions are held

8               prior to the [Phase 1] discovery cutoff date of January 28,

9               2008. However, as set forth above in connection with

10              Mattel's motion to take additional discovery, Phase 2

11              depositions may be taken in February pursuant to a Court-

12              approved stipulation.

13   (Corey Second Supplemental Decl. Ex. 10 at 5.) As the Court's order makes clear,

14   Phase 2 depositions may be conducted in February. Mr. Machado is a party only to

15   Phase 2, and has no role in Phase 1.[2] Accordingly, rescheduling the deposition in

16   February is appropriate.

17   III.   MATTEL IS NOT ENTITLED TO WHOLESALE PRODUCTION OF MR.

18          MACHADO'S PERSONAL EMAILS

19         Mattel also demands an order compelling Mr. Machado to consent to the

20   wholesale production of his personal emails, kept in his Yahoo! account. The

21   subpoena requests are overly broad and will impermissibly invade the attorney

22   client privilege, as well as the work product privilege. Moreover, Mr. Machado has

23   already reviewed his Yahoo! emails for documents responsive to Mattel's First Set

24

25   [2] In the Court's October 31, 2007 order, the Court expressly vacated *all* Phase 2
     discovery deadlines. (Second Supplemental Corey Decl. Ex. 12 at 2.) It is difficult
26   to reconcile the language in the January 7, 2008 Order – which seems to require
     Phase 2 depositions to occur in January and February, 2008 – with the October 31,
27   2007 Order – which vacates any deadlines for Phase 2 discovery. Counsel for
     Machado requested clarification from the Court, but has received no response.

28

                                              4

                                    EXHIBIT ___15___
                                    PAGE ___215___

1   of Requests for Documents and Things, which contained eighty-five requests, and

2   found no responsive documents. Accordingly, Mr. Machado satisfied his discovery

3   obligations, and Mattel's request should be denied.

4        Mattel concedes that its subpoena to Yahoo! falls under the Secured

5   Communications Act (the "SCA"), 18 U.S.C. § 2701-2712. The SCA declares that,

6   subject to certain conditions and exceptions, "a person or entity providing an

7   electronic communication service to the public shall not knowingly divulge to any

8   person or entity the contents of a communication while in electronic storage by that

9   service...." *Id.* at § 2702(a)(1). An exception exists for disclosures made with the

10   consent of a party to the communication.[3] *Id.* at § 2702(b)(3). Accordingly, Mattel

11   contends that Mr. Machado should be compelled to consent to the production, citing

12   *dicta* in *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1446 (2006). However,

13   Mattel has cited no authority for the proposition that a litigant has the unfettered

14   right to demand production of all emails, irrespective of relevance or privilege.

15   Rather, *O'Grady* concludes that even a narrowly drawn subpoena is subject to the

16   requirements of the SCA. *Id.* at 1443 n. 11.

17        The SCA is a reflection of "Congress's judgment that users have a legitimate

18   interest in the confidentiality of communications in electronic storage at a

19   communications facility." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-1075 (9th

20   Cir. 2004). Accordingly, the Act protects parties from overbroad subpoenas. *Id.*

21   (finding that SCA was violated by ISP's provision of emails pursuant to overbroad

22   subpoena.)

23

24   [3] Consent is not required for documents that do not reflect the content of emails. 18 U.S.C. § 2702(c)(6). Yahoo has informed counsel for Mr. Machado that those

25   documents would be produced in response to Mattel's subpoena. (Cote Decl. ¶ 4.)

26   Notably, Mattel has not provided copies of these documents to Mr. Machado's counsel. In any event, these documents presumably satisfy Requests 1, 2 and 18-22

27   of Mattel's subpoena. (Corey Decl. Ex. 31.)

28

EXHIBIT ___15___
PAGE ___216___

1    Mr. Machado has properly refused to consent to the production of these
2  emails because the subpoena is overbroad. The subpoena seeks essentially every
3  email Mr. Machado has ever sent or received that concerns Mattel, MGA or certain
4  employees at MGA. (See Corey Decl. Ex. 31 at ¶¶ 5-6, 8-9, 15, 17.) The MGA
5  employees are also identified in Mattel's complaint as co-conspirators with Mr.
6  Machado and MGA. Mattel is Mr. Machado's former employer and MGA is his
7  current employer. Clearly emails that merely mention these two companies are not
8  necessarily relevant to this matter.[4]
9    But, more importantly, certain communications responsive to the subpoena –
10  that is, communications that mention MGA, Mattel or certain alleged co-
11  conspirators by name – are privileged. Communications between counsel and Mr.
12  Machado are likely to mention MGA and Mattel (parties to this case) and other
13  individuals mentioned in Mattel's complaint. These emails necessarily contain
14  privileged communications between Mr. Machado and his counsel. (Cote Decl. ¶¶
15  2-3, Machado Decl. ¶ 2.) Emails containing counsel's mental impressions and
16  analysis, which are protected by the work product doctrine, are also likely to
17  mention Mattel, MGA and other individuals named in Mattel's complaint. Id.
18  Accordingly, Machado cannot be compelled to consent to the disclosure of these
19  privileged communications. Indeed, the SCA is designed specifically to protect
20  against the disclosure of confidential emails of this sort. Theofel v. Farey-Jones, 359
21  F.3d 1066, 1071-1075 (9th Cir. 2004).
22    Mattel limits certain of its requests to 2004 and earlier, perhaps in an effort to
23  exclude privileged communications with Mr. Machado's present counsel. (See
24  Corey Decl. Ex. 31 at ¶¶ 7, 11-14, 16.) However, no emails responsive to these

[4] Counsel for Mr. Machado remain willing to meet and confer with Mattel regarding the scope of its subpoena. To date, Mattel has never met and conferred regarding the Yahoo! subpoena, despite its patently false assertions to the contrary. (See Motion at iii.)

6

EXHIBIT 15
PAGE 217

1   requests exist. Mr. Machado opened his Yahoo! account in or around June, 2005.

2   (Machado Decl. ¶ 3.) The earliest email sent from the account is dated July 13,

3   2005, and the earliest received email is dated March 16, 2006. (Machado Decl. ¶ 4.)

4   Accordingly, none of Mr. Machado's emails are responsive to any request that seeks

5   communications from 2004 or earlier.[5]

6         It is for the foregoing reasons that Mr. Machado had no documents to produce

7   from his Yahoo! account in response to Mattel's First Set of Requests for

8   Documents and Things. Where no documents are responsive or where the only

9   responsive documents are privileged, there is, of course, nothing to produce.

10  IV.   CONCLUSION

11        For the foregoing reasons, Mattel's motion should be denied.

12  DATED: January 14, 2008        OVERLAND BORENSTEIN SCHEPER &
                                    KIM LLP
13
                                    MARK E. OVERLAND
14                                  DAVID C. SCHEPER
                                    ALEXANDER H. COTE
15

16

17
                                    By:  _____/s/_____
18
                                          Alexander H. Cote
19                                        Attorneys for CARLOS GUSTAVO
                                          MACHADO GOMEZ
20

21

22

23  _____
    [5] Contrary to Mattel's misrepresentations, Mr. Machado *never* claimed to have
24  already produced Yahoo! emails. (*See, e.g.,* Motion at 7:14-15, 12:5-6.) Instead,
    counsel made it clear that "Mr. Machado has already produced documents from his
25  Yahoo! email account *that are responsive to Mattel's document requests.*" (Corey
    Decl. Ex. 24 at 2.) Since the Yahoo! account has no responsive emails, none were
26  produced. Mattel also misrepresents the number of documents produced in this
    matter. (*See* Motion at 7:15-16.) Mr. Machado produced approximately the 124
27  pages as part of his initial disclosures, and produced *an additional* 83 pages in
    response to Mattel's document requests.
28

                                    7

EXHIBIT ___15___
PAGE ___218___

1      ## DECLARATION OF ALEXANDER H. COTE

2      I, ALEXANDER COTE, declare as follows:

3          1.      I am an attorney at Overland Borenstein Scheper & Kim LLP. I
4      have personal knowledge of the facts set forth herein, except as to those stated on
5      information and belief and, as to those, I believe them to be true. If called as a
6      witness, I could and would competently testify to the matters stated herein.

7          2.      I represent Carlos Gustavo Machado Gomez in this matter. I
8      have communicated with Mr. Machado using his Yahoo! email account, at
9      gus_cmt@yahoo.com.

10         3.      My communications with Mr. Machado contained my mental
11     impressions and reflections on the case, including litigation strategies and legal
12     advice. Mr. Machado's responses to me from that same email account were
13     statements made to his counsel for the purpose of obtaining legal advice.

14         4.      Shortly after Mattel issued its subpoena to Yahoo! Inc., I
15     received a phone call from an individual identifying himself as Christian Li, a
16     paralegal at Yahoo!. Mr. Li informed me that Yahoo! would not produce any emails
17     requested by Mattel, but would produce any other documents that were responsive
18     to the subpoena.

19         I declare under penalty of perjury that the foregoing is true. Executed
20     this 14th day of January, 2008 at Los Angeles, California.

21
22                                               /s/
23                                      ALEXANDER H. COTE
24
25
26
27
28

8

EXHIBIT ___15___
PAGE ___219___

## DECLARATION OF CARLOS GUSTAVO MACHADO GOMEZ

I, CARLOS GUSTAVO MACHADO GOMEZ, hereby declare as follows:

1. I am a counter-defendant in an action brought by Mattel, Inc. in the United States District Court for the Central District of California. I present this Declaration regarding document preservation, as ordered by the Court. I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. I am current restricted from traveling outside Mexico, pursuant to court order.

3. I have used my email account, gus_cmt@yahoo.com, to communicate with my counsel in this matter. My emails to counsel were made in confidence, for the purpose of obtaining legal advice.

4. To the best of my recollection, I first established this account on or about June 2005.

5. The earliest sent email from this account is dated July 13, 2005 and the earliest email received at that account is dated March 16, 2006.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed at Mexico City, Mexico on January 14, 2008.

_____/s/_____

Carlos Gustavo Machado Gomez

EXHIBIT ___15___
PAGE ___220___

EXHIBIT 16

Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/ /2008   Page 1 of 7

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | CV 04-09049 SGL(RNBx) | Date: February 4, 2008 |
| Title: | CARTER BRYANT -v- MATTEL, INC. | |
| | AND CONSOLIDATED ACTIONS | |

============================================================================

PRESENT:   **HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

**ATTORNEYS PRESENT FOR CARTER BRYANT:**

Michael Page

**ATTORNEYS PRESENT FOR MGA:**

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

**ATTORNEYS PRESENT FOR THIRD-PARTY WITNESSES**

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

**ATTORNEYS PRESENT FOR MATTEL:**

John Quinn
Jon D. Corey

**ATTORNEY PRESENT FOR CARLOS GUSTAVO MACHADO GOMEZ:**

MINUTES FORM 90
CIVIL -- GEN

1

Initials of Deputy Clerk __jh
Time: 1/45

EXHIBIT __16
PAGE __221

PROCEEDINGS:

    HEARING ON EX PARTE APPLICATIONS:

       **1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

       **1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

       **1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

       **1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

       **1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

       **1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

    **ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

    Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

      **EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)    The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)    The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

EXHIBIT __IV__
PAGE ____222____

McFarland, who represents certain third-party witnesses. Mattel submits that Mr.
McFarland has been deliberately evading service of a notice of deposition on him
and his clients – serious allegations when made by an officer of the Court against
another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW
CAUSE** why he and his clients should not be ordered to appear for deposition. A
written response to this OSC must be filed no later than February 11, 2008. Other
parties may file written replies no later than February 19, 2008. The Court will hear
the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-
referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the
convenience of the witnesses or pursuant to the stipulation of the parties and/or
witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be
related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be
presented in the first instance to the Discovery Master. The fact that the Discovery
Master's ruling might impact upon the Court's scheduling order does not relieve the
parties of following this procedure. For instance, motions to compel, motions to
quash, or motions challenging service as to existing discovery requests shall be
brought before the Discovery Master. So, too, must objections based on
burdensomeness, relevancy, or privilege. In general, and on the matters touched
upon herein, the Court expresses no opinion as to these issues, and instead leaves
those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's
January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given
deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and
Phase 2), said deposition may proceed subject to the challenges set forth in the
previous paragraph. To the extent that the depositions are related to Phase 2, they
are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the
Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of
Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the
relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08
Order as follows:

Delete: <Specifically, the Court grants Mattel's request to take the
individual depositions relating to the Bratz claims (set forth in the
moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL – GEN                                    3

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT ___16____
PAGE _____223____

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)   The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side.  Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)   At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue.  That is not the case, and the request is DENIED.  Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser.  Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED.  As noted above, Phase 2 discovery is STAYED until further order of the Court.  The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED.  This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART.  Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong.  Otherwise, counsel for MGA shall cooperate in the

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT __16__
PAGE ___224___

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART. The Court sets the motion for hearing on February 11, 2008. Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008. The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN                                   5

Initials of Deputy Clerk __jh_____
Time: 1/45

EXHIBIT ___14___
PAGE ___225___

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)    **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT   84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only

| **JUDGE / MAGISTRATE JUDGE (list below):** |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk  jh

EXHIBIT  14
PAGE  226

Case 2:04-cv-09049-SGL-RNB     Document 1931     Filed 02/04/2008     Page 7 of 7

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)    **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor):  Two Embarcadero Center, Suite 1500, San Francisco, CA  94111

*E-mail:

*Fax No.:

\* For CIVIL cases only

| **JUDGE / MAGISTRATE JUDGE (list below):** |
|---|
| |
| |
| |

Initials of Deputy Clerk  jh

G-75  (03/07)                    NOTICE PARTY SERVICE LIST

EXHIBIT  16

PAGE  227

EXHIBIT 17

CALENDARED          **RECEIVED**

JAN 0 8 2009

O .

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
#### CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 6, 2009

Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
===============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           James Holmes                      None Present
           Courtroom Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                         None Present

PROCEEDINGS:    ORDER APPOINTING DISCOVERY MASTER

As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any discovery disputes that might arise in Phase 2 of this case. The appointment of the Discovery Master was made at the joint request of the parties in this case. See Stipulation for Appointment of a Discovery Master and Order, December 6, 2006.

Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what MGA has aptly described to the Court as "the massive administrative burdens in time and labor necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase 2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2." Based on the Court's experience in this case, there is no question that a Discovery Master is needed to "effectively and timely" address the anticipated discovery matters in this case.

The Court previously submitted to all counsel of record the names of eight attorneys for consideration by the parties and invited counsel to submit, in camera, any objections to those attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of the permanent injunction, if needed). The Court has carefully considered the objections submitted. Two of the individuals named were not the subject of an objection by any party. Of those two, the Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                      1

EXHIBIT ___17___
PAGE ___228___

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order
dated December 6, 2006, the terms and conditions of which were previously agreed to by the
parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as
Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties
any potential grounds for conflict of interest or disqualification, and the parties shall, within three
days of receipt of said disclosure, submit any objection to the Court in camera.   A failure to object
will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as
Discovery Master. The Discovery Master is further directed to contact counsel for all parties and
resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk: jh

EXHIBIT __17__
PAGE __229__

EXHIBIT 18

Case 2:04-cv-09049-SGL-RNB      Document 4293      Filed 09/02/2008      Page 1 of 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.      CV 04-09049 SGL(RNBx)                              Date: September 2, 2008

Title:        MATTEL, INC. -v- MGA, INC.
              AND CONSOLIDATED ACTIONS
========================================================================
=

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                           None Present
           Courtroom Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

PROCEEDINGS:    ORDER SETTING VARIOUS BRIEFING SCHEDULES

       The Court, having considered the positions of counsel at the hearing herein, as well as the
parties' proposed scheduling positions, hereby sets the following scheduling order for further
proceedings in this matter:

1.    The case is STAYED from the date of this order through September 19, 2008, <u>except</u> for
      efforts aimed in good faith at a complete and global settlement. Principal corporate officers
      for both plaintiff and defendants (Mr. Eckert and Mr. Larian) are ORDERED to make
      themselves available, at a mutually agreeable time, to meet with counsel and Ambassador
      Prosper to discuss a global resolution of this matter.

2.    On September 29, 2008, the parties may file opening briefs and submissions regarding
      remaining claims and defenses for Phase 1(c) as well as opening briefs and submissions for
      injunctive relief, constructive trust, and/or other remedial measures. Response briefs and
      submissions are due October 13, 2008. Reply briefs and submissions are due October 20,
      2008. A hearing not to exceed four hours will be conducted before this Court on **Monday,
      November 10, 2008, at 1:00 p.m.**

MINUTES FORM 90                                         Initials of Deputy Clerk __jh_____
CIVIL -- GEN                          1

EXHIBIT __18__
PAGE ___230___

3.  Opening briefs for JMOLs (new or renewed), motion(s) for new trial, and/or motion(s) for
    remittitur may be filed 10 days following the Court's ruling on Phase 1(c) issues and its
    issuance of any injunction(s), constructive trust(s), and/or other remedial measures.
    Response briefs are due 14 days following the opening briefs, and reply briefs are due 7
    days following the response briefs.  A hearing will be set by the Court after receiving the
    response briefs.  Depending on the outcome of the hearing, the Court may address or defer
    addressing the following additional issues: (1) Whether or not to issue a judgment or await
    completion of Phase 2; (2) the appointment of a discovery master for Phase 2 (the Court will
    provide three proposed discovery masters in advance of the hearing to which counsel for
    the parties may indicate any objection(s)); and (3) further scheduling for Phase 2.

4.  All discovery related to Phase 2 is STAYED pending the hearing described in paragraph 3,
    except as follows:  For good cause shown, the Court ORDERS the deposition of **Carlos
    Gustavo Machado** and **Jorge Castillo** to be taken at a mutually convenient date within 30
    days of September 19, 2008.  Any disputes concerning the taking of these depositions shall
    be presented to this District Judge in the manner prescribed in Local Rule 37.

    **IT IS SO ORDERED.**

EXHIBIT __18__
PAGE ___231___

Case 2:04-cv-09049-SGL-RNB  Document 4293  Filed 09/02/2008  Page 3 of 3

# NOTICE PARTY SERVICE LIST

**Case No.** CV 04-09049 SGL(RNBx)  **Case Title** Mattel, Inc. v. MGA ENTERTAINMENT, INC

**Title of Document** MINUTES OF SEPTEMBER 2, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | US Attorneys Office - Civil Division -L.A. |
| BAP (Bankruptcy Appellate Panel) | US Attorneys Office - Civil Division - S.A. |
| Beck, Michael J (Clerk, MDL Panel) | US Attorneys Office - Criminal Division -L.A. |
| BOP (Bureau of Prisons) | US Attorneys Office - Criminal Division -S.A. |
| CA St Pub Defender (Calif. State PD) | US Bankruptcy Court |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | US Marshal Service - Los Angeles (USMLA) |
| Case Asgmt Admin (Case Assignment Administrator) | US Marshal Service - Riverside (USMED) |
| Catterson, Cathy (9th Circuit Court of Appeal) | US Marshal Service -Santa Ana (USMSA) |
| Chief Deputy Admin | US Probation Office (USPO) |
| Chief Deputy Ops | US Trustee's Office , |
| Clerk of Court | Warden, San Quentin State Prison, CA |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

**ADD NEW NOTICE PARTY** ✓
(if sending by fax, mailing address must also be provided)

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

**Initials of Deputy Clerk** jh

EXHIBIT 18
PAGE 232

EXHIBIT 19

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3130

WRITER'S INTERNET ADDRESS
joncorey@quinnemanuel.com

January 28, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u> (213)613-4656

Alexander Cote
Overland Borenstein Scheper & Kim LLP
One Bunker Hill
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025

Re:    <u>Mattel, Inc. v. MGA Entertainment, Inc., et al.</u>

Dear Alex:

I write pursuant to Paragraph 5 of the Discovery Master Stipulation to request a meeting of counsel regarding the relief sought in Mattel's Motion to Compel: (1) Deposition of Carlos Gustavo Machado Gomez; and (2) Consent to Production of Electronic Mail Messages filed on November 16, 2007. Because the deposition of Mr. Machado has occurred, the remaining issue from that motion relates to Mr. Machado's refusal to consent to the production of his electronic mail messages. That portion of the motion was stayed with other Phase 2 discovery, then denied without prejudice by a September 23, 2008 order, in which the Court denied all pending motions without prejudice for its convenience. Before Mattel renews its motion as it relates to the consent to the production of email messages, I would like to discuss with you whether Mr. Machado's position in this respect has changed since the motion was filed. Please let me know when you are available to discuss this.

Best regards,

Jon D. Corey
07209/2777386.1

EXHIBIT 19
PAGE 233

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

</td><td>

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

</td><td>

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

</td></tr>
<tr><td>

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

</td><td>

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

</td><td>

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

</td></tr>
</table>

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**  January 28, 2009

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alexander Cote | (213)613-4655 | (213)613-4656 |

**FROM:**  Jon D. Corey

**RE:**  Mattel, Inc. v. MGA Entertainment, Inc., et al.

**MESSAGE:**

FAXED
JAN 2 8 2009

EXHIBIT ___19___
PAGE ___234___

07209/2777411.1

| CLIENT # | 07209 | ROUTE/ RETURN TO: | Jenny Cruz at Johanna Minnassian's Desk | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | DRISCILLA | | CONFIRMED? | ☐ NO ☐ YES: _____ |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

Confirmation Report — Memory Send

```
                          Page       : 001
                          Date & Time: 01-28-2009  13:57
                          Line 1     : 2134433100
                          Line 2     :
                          Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 751 |
| Date | : | 01-28  13:55 |
| To | : | ☎76706#7209#12136134656 |
| Number of pages | : | 002 |
| Start time | : | 01-28  13:55 |
| End time | : | 01-28  13:57 |
| Pages sent | : | 002 |
| Status | : | OK |
| Job number | : 751 | *** SEND SUCCESSFUL *** |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | TOKYO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | Akasaka Twin Tower Main Building, 6th Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | 17-22 Akasaka 2-Chome |
| (212) 849-7000 | (213) 443-3000 | Minato-ku,  107-0052 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | +81 3 5561-1711 |
| | | Facsimile: +81 3 5561-1712 |
| SILICON VALLEY | SAN FRANCISCO | LONDON |
| 555 Twin Dolphin Drive, Suite 560 | c/o California Street, 22nd Floor | 16 Old Bailey |
| Redwood Shores, CA  94065 | San Francisco, CA  94111 | London United Kingdom |
| (650) 801-5000 | (415) 875-6600 | +44(0) 20 7653 2000 |
| Facsimile: (650) 801-5100 | Facsimile: (415) 875-6700 | Facsimile: +44(0) 20 7653 2100 |

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   January 28, 2009                      NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Alexander Cote | (213)613-4655 | (213)613-4656 |

FROM:   Jon D. Corey

RE:     Mattel, Inc. v. MGA Entertainment, Inc., et al.

MESSAGE:

07209/2777411.1

| CLIENT #   07209 | ROUTE/ RETURN TO: | Jenny Cruz at Johanna Minnassian's Desk | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|
| OPERATOR:  DRISCILLA | CONFIRMED?  ☐ NO  ☐ YES: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  19
PAGE  235

EXHIBIT 20

**From:** Jon Corey
**Sent:** Wednesday, January 28, 2009 3:03 PM
**To:** 'Alexander Cote'
**Cc:** 'Mark Overland'
**Subject:** RE: Meet and Confer

Alex,

Thanks for the prompt response.  Mattel's position and support has not changed, so it appears that we are at an impasse.  We file a more limited motion before the Discovery Master unless you think that there is something further to discuss, although it appears that there is not.  Please let me know if you disagree.

Best regards,


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

EXHIBIT 20
PAGE 236

Case 2:04-cv-09049-DOC-RNB   Document 4884-5   Filed 02/20/09   Page 84 of 84   Page ID
#:154890
Meet and Confer                                                                                  Page 2 of 2

Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  joncorey@quinnemanuel.com
Web:  www.quinnemanuel.com

---

**From:** Alexander Cote [mailto:acote@obsklaw.com]
**Sent:** Wednesday, January 28, 2009 2:42 PM
**To:** Jon Corey
**Cc:** Mark Overland
**Subject:** Meet and Confer

Jon,

    I just received your correspondence requesting that the parties meet and confer on Mattel's motion to compel Mr. Machado's emails. Since the parties have already briefed this issue, I'm not sure what value there is in a meet and confer session. Our position has not changed and it is accurately summarized in our opposition to your prior motion, which we filed on or around January 14, 2008. Has Mattel's position (or support for its position) changed?

    In any event, I am happy to meet and confer if you think it is still necessary, or if you would still like to discuss the motion further. I am in the office this afternoon if you would like to call, or you can propose alternative times.

    Thanks,

Alexander H. Cote
Overland Borenstein Scheper & Kim LLP
601 West Fifth Street, 12th Floor
Los Angeles, CA 90071-2025
T: 213.613.4660   F: 213.613.4656

EXHIBIT __20__
PAGE __237__