1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                     UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          WESTERN DIVISION

11 | UNIVERSAL CYCLES LIMITED, an | CASE NO. CV 09-1160 DSF (MANx)
    | English limited company, |
12 | | Hon. Dale S. Fischer
    | Plaintiff, |
13 | | **MATTEL'S NOTICE OF RELATED**
    | vs. | **CASE**
14 | |
    | MGA ENTERTAINMENT, INC., a |
15 | California corporation; MATTEL, |
    | INC., a Delaware corporation; and Does |
16 | 1 through 10 inclusive |
17 | Defendants. |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to the Central District of California Local Rules of Practice, Rule 83-1.3.1, defendant Mattel, Inc. ("Mattel") hereby provides notice that this action is related to the currently-pending action entitled Bryant v. Mattel, Inc., CV 04-9049 SGL (RNBx), including the cases consolidated therewith (the "Bratz Litigation").

Plaintiff previously has designated this action as related to the Bratz Litigation.[1] Mattel joins in that designation because, *inter alia*, (1) the Bratz Litigation involves the ownership of Bratz-related works and properties that are the subject of the licensing agreement at issue in this action, including the ownership of Bratz-related copyrights and marks; (2) the ongoing Bratz Litigation, and the rulings made therein, gave rise at least in part to the current dispute and the asserted need for interpleader; (3) the cases call for the determination of substantially related or similar questions of law and fact; and (4) a substantial duplication of labor would result if the cases were heard by different judges.

The Bratz Litigation is a consolidated action, the first case of which was filed by Mattel on April 27, 2004.[2] After consolidating three separately filed actions, Judge Larson divided trial of the issues in the Bratz Litigation into two phases.[3] The Phase 1 trial took place from May 27, 2008 through August 26, 2008, resulting in unanimous jury verdicts in Mattel's favor against MGA and its CEO

---

[1] Civil Cover Sheet to Complaint in Universal Cycles Ltd. v. MGA Entertainment, Inc. et al., CV09-1160 DSF (MANx) ("Universal Case"), dated February 18, 2009, at 2.
[2] See Complaint in Mattel, Inc. v. Bryant, dated April 27, 2004, Docket No. 1.
[3] See Court's Order, dated June 19, 2006, Docket No. 46; see also Court's Order, dated July 2, 2007, Docket No. 608.

Isaac Larian.[4]  Subsequently, on December 3, 2008, Judge Larson issued Orders that included an Order Granting Mattel's Motion for Permanent Injunction, an Order Granting Mattel's Motion for Declaratory Judgment and an Order Granting Mattel's Motion for Constructive Trust.[5]  Other Phase 1 post-trial motions are still pending before the Court.[6]  Trial in Phase 2 of the Bratz Litigation is scheduled for March 23, 2010.[7]  As Judge Larson has recognized, the issues in the Bratz Litigation are complex,[8] and it also has consumed, and can be expected to continue to consume until its final resolution, significant resources of this Court.

Furthermore, the present action appears to have been filed as a direct result of the Bratz Litigation.  Plaintiff alleges that it seeks interpleader relief as to funds owed pursuant to a Bratz licensing contract between defendant MGA Entertainment, Inc. ("MGA") and plaintiff.[9]  Plaintiff also alleges that it seeks "a declaratory judgment that MGA has fundamentally breached and is in fundamental breach of the Agreement."[10]  Rulings and other events in the Bratz Litigation, including rulings and findings that Mattel owns the rights to Bratz-related works and properties, underlie and form at least in material part plaintiff's allegations in this

---

[4] See Court's Order, dated October 31, 2007, Docket No. 1104; see also Phase 1b Verdict Form As Given, dated August 26, 2008, Docket No. 4279.  More specifically, the jury found that MGA and Larian had each engaged in acts of copyright infringement, tortious interference with contract, conversion, aiding and abetting breach of fiduciary duty and aiding and abetting breach of the duty of loyalty.  The jury additionally found that MGA had engaged in acts of fraudulent concealment against Mattel.

[5] See Court's Orders, dated December 3, 2008, Docket Nos. 4439, 4441, 4442, 4443.

[6] See Court's Order, dated December 3, 2008, at 16, Docket. No. 4439.

[7] See Court's Order, dated January 6, 2009, at 2, Docket. No. 4640; see also Court's Order, dated February 11, 2009, at 2, Docket No. 4885.

[8] See Court's Order, dated January 12, 2009, at 2, Docket No. 4682.

[9] See Universal Case Complaint at 7:11-14.

[10] Id. at ¶ 24(e).

case, as the Complaint makes clear.[11] Indeed, plaintiff's only stated basis for naming Mattel as a defendant is that plaintiff "believes it may receive demand for payment of the Guarantee Installment from Mattel, inasmuch as Mattel has been adjudged in the Bratz Litigation to be the rightful owner of all right, title and interest in and to the [Bratz] Property."[12] Because the current dispute appears to have resulted from and is predicated on issues being litigated in the Bratz Litigation, there is a prospect that resolution of the Bratz Litigation may substantially impact resolution of this action, creating both an overlap of legal and factual issues and the prospect of unnecessary duplication of labor should different judicial officers hear the actions.

For the foregoing reasons, Mattel respectfully submits that the instant litigation is, and should be deemed to be, a related case to the Bratz Litigation.

DATED: February 23, 2009  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ B. Dylan Proctor
   B. Dylan Proctor
   Attorneys for Mattel, Inc.

---

[11] Id. at ¶¶ 10-13, 15.
[12] Id. at ¶ 19.