QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>[PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF ERRATA REGARDING THE 2/06/09 DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS<br><br>Hearing Date: March 19, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox<br>555 West Fifth St.<br>Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cutoff: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial: March 23, 2010 |

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |     PLEASE TAKE NOTICE that in the 2/06/09 Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Motion to Compel Depositions of Pablo Vargas and Mariana Trueba; and Request for Sanctions ("Zeller Declaration"), filed February 9, 2009, Paragraph 21 has an inadvertent blank space (__).

    Paragraph 21 should read:

> On January 22, 2009, Jason Russell, of the Skadden firm, represented to me that on January 26, 2009, either he or other counsel for the MGA Parties would provide firm dates for the depositions of Pablo Vargas and Mariana Trueba. Mr. Russell did not object to their depositions. He did not inform me that the MGA Parties would not accept deposition notices for either witness. On January 26, 2009, no one provided me, or anyone else at my firm, with dates for the depositions.

    Attached as Exhibit A is the Corrected Declaration of Michael T. Zeller in Support of Mattel, Inc.'s Motion to Compel Depositions of Pablo Vargas and Mariana Trueba; and Request for Sanctions.

DATED: February 24, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

# EXHIBIT A

```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
 2    (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
 3    (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
 4    (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
 5  Los Angeles, California  90017-2543
    Telephone: (213) 443-3000
 6  Facsimile: (213) 443-3100

 7  Attorneys for Mattel, Inc.
```

                    UNITED STATES DISTRICT COURT

                    CENTRAL DISTRICT OF CALIFORNIA

                           EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]<br><br>**[PUBLIC REDACTED] CORRECTED DECLARATION OF MICHAEL T. ZELLER IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA; AND REQUEST FOR SANCTIONS**<br><br>Hearing Date: March 19, 2009<br>Time: 10:00 a.m.<br>Courtroom: Arent Fox<br>555 West Fifth St.<br>Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07209/2787390.1

ZELLER DEC. ISO MATTEL'S MOTION TO COMPEL DEPOSITIONS OF VARGAS AND TRUEBA

# DECLARATION OF MICHAEL T. ZELLER

I, Michael T. Zeller, declare as follows:

1. I am a member of the bars of the State of California, New York and Illinois and am a partner with Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently hereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of Mattel, Inc.'s Second Amended Answer and Counterclaims (public redacted version; exhibits omitted), dated July 12, 2007.

3. Attached hereto as Exhibit 2 is a true and correct copy of the English translation of Mariana Trueba Almada's employment contract with MGAE de Mexico, dated April 16, 2004.

4. Attached hereto as Exhibit 3 is a true and correct copy of Pablo Vargas' employment contract with MGAE de Mexico, dated April 16, 2004 (no English translation available).

5. Attached hereto as Exhibit 4 is a true and correct copy of Gustavo Machado's employment contract with MGAE de Mexico, dated April 16, 2004 (no English translation available).

6. Attached hereto as Exhibit 5 is a true and correct copy of the Declaration of Isaac Larian, dated April 11, 2007.

7. Attached hereto as Exhibit 6 is a true and correct copy of an Offer Letter from MGAE de Mexico to Pablo Vargas, dated March 30, 2004.

8. Attached hereto as Exhibit 7 is a true and correct copy of an Offer Letter from MGAE de Mexico to Mariana Trueba Almada, dated March 30, 2004.

9. Attached hereto as Exhibit 8 is a true and correct copy of an e-mail from Isaac Larian to Nancy Koppang, dated April 11, 2004.

    10.    Attached hereto as Exhibit 9 is a true and correct copy of excerpts from the transcript of the deposition of Susana Kuemmerle, dated January 28, 2008.

    11.    Attached hereto as Exhibit 10 is a true and correct copy of an email from Isaac Larian to Brad Schneider, dated August 30, 2006.

    12.    Attached hereto as Exhibit 11 is a true and correct copy of an email from Pablo Vargas to Isaac Larian, dated May 13, 2004.

    13.    Attached hereto as Exhibit 12 is a true and correct copy of the Declaration of Susana Kuemmerle, dated February 27, 2007.

    14.    Attached hereto as Exhibit 13 is a true and correct copy of the deposition notices to Pablo Vargas and Mariana Trueba, dated January 10, 2008.

    15.    Attached hereto as Exhibit 14 is a true and correct copy of e-mail correspondence between myself and MGA's counsel at Skadden Arps, dated January 13, 2008.

    16.    Attached hereto as Exhibit 15 is a true and correct copy of e-mail correspondence between myself and MGA's counsel at Skadden Arps, dated January 14-19, 2008.

    17.    Attached hereto as Exhibit 16 is a true and correct copy of Mattel's, Inc.'s Ex Parte Application to Compel Depositions, dated January 28, 2008.

    18.    Attached hereto as Exhibit 17 is a true and correct copy of the Court's Order, dated February 4, 2008.

    19.    Attached hereto as Exhibit 18 is a true and correct copy of the Court's Order, dated September 23, 2008.

    20.    Attached hereto as Exhibit 19 is a true and correct copy of the Amended Deposition Notices for Mariana Trueba and Pablo Vargas, dated January 9, 2009.

    21.    On January 22, 2009, Jason Russell, of the Skadden firm, represented to me that on January 26, 2009, either he or other counsel for the MGA

1 | Parties would provide firm dates for the depositions of Pablo Vargas and Mariana
2 | Trueba. Mr. Russell did not object to their depositions. He did not inform me that
3 | the MGA Parties would not accept deposition notices for either witness. On January
4 | 26, 2009, no one provided me, or anyone else at my firm, with dates for the
5 | depositions.

6 |     22. Attached hereto as Exhibit 20 is a true and correct copy of MGA
7 | Parties' Objections to Mattel, Inc's Deposition Notice of Mariana Trueba, dated
8 | January 28, 2009.

9 |     23. Attached hereto as Exhibit 21 is a true and correct copy of MGA
10 | Parties' Objections to Mattel, Inc's Deposition Notice of Pablo Vargas, dated
11 | January 28, 2009.

12 |     24. Attached hereto as Exhibit 22 is a true and correct copy of letter
13 | correspondence between Jon D. Corey and Amman A. Khan, dated January 27 -
14 | February 2, 2009.

15 |     25. Attached as hereto Exhibit 24 are true and correct copies of the
16 | Court's Orders compelling Bryant's deposition, dated October 5, 2004 and October
17 | 19, 2004.

18 |     26. On June 17, 2004, Mattel served its first Notice of Deposition for
19 | Carter Bryant, a true and correct copy of which is attached as Exhibit 25.

20 |     27. On June 18, 2004, immediately after Mattel noticed Bryant's
21 | deposition, Bryant filed with this Court an *ex parte* application that sought a
22 | complete stay of discovery by Mattel, including Bryant's deposition. The Court
23 | denied the entirety of Bryant's application, including his stay requests. Attached
24 | hereto as Exhibit 26 is a true and correct copy of the Court's Order dated June 22,
25 | 2004.

26 |     28. On July 11, 2004, due to Bryant's failure to meet and confer
27 | within the time mandated by the Local Rules, Mattel sent Bryant its portions of a
28 | Joint Stipulation on Mattel's motion to compel Bryant's deposition. Attached hereto

as Exhibit 27 is a true and correct copy of a letter from Jon D. Corey to Douglas Wickham dated July 11, 2004, attaching Mattel's portions of a Joint Stipulation for Mattel's motion to compel Bryant's deposition.

29. On July 12, 2004, in its continuing efforts to resolve Bryant's failure to appear for deposition, Mattel sent a letter again offering to continue to meet and confer regarding Bryant's refusal to be deposed to avoid burdening the Court. A true and correct copy of this letter is attached as Exhibit 28.

30. Bryant agreed to meet. At the meeting on July 13, 2004, Bryant's counsel, Keith Jacoby and Douglas Wickham, stated that a motion to compel the deposition was "unnecessary" because Bryant's counsel were giving their "word as attorneys" that Bryant would appear for deposition in St. Louis during the week of August 16, 2004. This representation was confirmed in writing by Bryant's counsel the following day. Attached hereto as Exhibit 29 is a true and correct copy of a letter I received from Keith Jacoby dated July 14, 2004. Mr. Jacoby's letter acknowledged the parties' "agreement" that Bryant would appear for deposition on August 17, 2004 and reiterated that "Mr. Wickham and I have given our representations as counsel" that Bryant would appear, absent "an unforeseen medical emergency or other exigent circumstances." Mr. Jacoby further stated: "In my entire career, I have never had a witness I was representing spontaneously refuse to appear, nor has Mr. Wickham. I do not believe this will occur here, and ask that you accept the good faith representation of Mr. Wickham and I, rather than waste the Court's time and resources with a preemptive discovery motion." Bryant's counsel also stated at the July 13 meeting that requiring a signed Stipulation to ensure Bryant's appearance at the agreed-upon time and place was "unnecessary" and "insulting" because their "word as attorneys" was "good enough" to ensure that Bryant would appear for deposition as agreed.

31. Rather than burden the Court with a motion, Mattel relied on the representations of Bryant's counsel and made arrangements to take Bryant's

1  deposition. Attached as Exhibit 30 is a true and correct copy of my letter to Keith
2  Jacoby dated July 14, 2004, which further confirmed Bryant's counsel's
3  representations as attorneys that Bryant would appear for deposition at the agreed-
4  upon time and place. Mattel's July 14 confirming letter, which Bryant never
5  disputed, stated:

> While Mattel did not agree with the delay of Mr. Bryant's previously noticed deposition until August for reasons that I have already stated and does not believe that the statements in your letter of earlier today accurately reflect Mattel's position in all respects, we will accept *your representations as an attorney that Mr. Bryant will appear for deposition at the agreed-upon location and time*. Thus, as I mentioned over the phone today, *based upon those representations*, we will not be going forward at this juncture with a motion to compel his deposition, without prejudice of course to our rights to seek Court relief if circumstances change.

11  (Emphasis added.) Mattel's counsel then purchased plane tickets, arranged for
12  video and a court reporter at the deposition, obtained space in St. Louis for the
13  deposition, made hotel arrangements, and rearranged other client matters in order to
14  be free to travel to St. Louis for the deposition.
15        32.    On the afternoon of Friday, August 13, Bryant faxed to plaintiff,
16  without notice and without any discussion with Mattel beforehand, a letter
17  unconditionally canceling Bryant's scheduled deposition. Along with the letter from
18  Mr. Millman, Bryant sent to plaintiff a 58-page Joint Stipulation with regard to
19  Mattel's document discovery that Mr. Millman's August 13 letter cited as a
20  purported justification for refusing to produce Bryant for deposition.
21        33.    On August 26, 2004, Mattel re-noticed Bryant's deposition for
22  Springfield, Missouri, where Bryant resides, for September 9, 2004, a date on which
23  Bryant had said that he was available. Attached as Exhibit 31 is a true and correct
24  copy of Plaintiff's Notice of Videotaped Deposition of Carter Bryant.
25        34.    Bryant yet again refused to appear for deposition. On September
26  1, 2004, in response to Bryant's counsel's oral statements that Bryant was refusing
27  to appear, my colleague, Gloria Donovan, met and conferred with Bryant's counsel
28  in yet another effort to avoid motion practice regarding Bryant's deposition.

Attached as Exhibit 32 is Ms. Donovan's letter of September 3, 2004 on the subject of Bryant's deposition. Attached as Exhibit 33 is a true and correct copy of a letter from Bryant's counsel, Dominic Messiha, dated September 7, 2004, in which Mr. Messiha confirmed that "Mr. Bryant will not be appearing for deposition in Missouri on September 9."

35. Mattel then filed a motion with the Los Angeles County Superior Court (where the case was then pending) to compel Bryant's deposition. On September 3, 2004, Bryant also moved in the Superior Court for a protective order, claiming (among other arguments) that he "needed" certain documents to prepare for his deposition. Attached hereto as Exhibit 34 is a true and correct copy of excerpts from Bryant's Motion for a Protective Order and to Establish the Sequence and Timing of Discovery.

36. As shown in Exh. 35, the Superior Court granted Mattel's motion to compel Bryant's deposition on October 5, 2004 and ordered Bryant to appear for deposition twenty days after Mattel furnished a verification as to the "certain documents" that Bryant claimed he needed before his deposition. As the Court's ruling stated: "[I]t appears that Defendant wants Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition .... Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control." Twenty days after that was done, the Court ruled, "***Defendant is ordered to be deposed***". (Emphasis added.)

37. Even after Mattel provided the verification (twice), however, Bryant announced on October 14, 2004 that he still refused to be deposed as ordered by the Superior Court. Accordingly, on October 19, 2004, Mattel filed a second motion (by *ex parte*) to compel Bryant's deposition. The Superior Court rejected Bryant's grounds for refusing to abide by the October 5 Order and compelled

-6-

Bryant, for the second time, to appear for deposition. As shown in Exh. 36, the Superior Court specifically ordered Bryant's deposition to commence on November 4, 2004.

38. On the afternoon of November 2, 2004, less than forty-eight hours before that Court-ordered deposition was set to start, Bryant removed this action for the second time. Mattel began Bryant's deposition on November 4, 2004. Bryant obstructed the deposition with numerous instructions not to answer on such matters as the details of the compensation that Bryant received from MGA. On November 8, 2004, although Mattel had not completed Bryant's deposition, Bryant and his counsel refused to allow it to be completed and unilaterally adjourned it.

39. Subsequently, Mattel brought a motion to overrule instructions not to answer and a motion for more time to depose Carter Bryant. The Discovery Master granted both of these motions. Attached hereto as Exhibit 37 is a true and correct copy of the Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Overrule Instructions Not To Answer During the Deposition of Carter Bryant, dated March 7, 2007. Attached hereto as Exhibit 38 is a true and correct copy of the Discovery Master's Order Granting in Part Mattel's Motion For Additional Time To Depose Carter Bryant For All Purposes, dated September 28, 2007.

40. Attached hereto as Exhibit 23 are true and correct copies of the Court's Civil Minutes of March 23, 2005, ordering Mr. Larian to appear for deposition and the Court's Civil Minutes of June 16, 2006, ordering Mr. Larian to appear for deposition.

41. Attached hereto as Exhibit 39 is a true and correct copy of the Court's Order Compelling MGA to Produce Rule 30(b)(6) Witnesses, dated May 16, 2007.

42. Attached hereto as Exhibit 40 is a true and correct copy of the Court's Order Granting in Part Mattel's Motion to Enforce the Court's Order of May

07209/2787390.1

-7-

1  16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule
2  30(b)(6), and Granting Request for Sanctions, dated August 14, 2007.
3       43.   Attached hereto as Exhibit 41 is a true and correct copy of the
4  Court's Order Granting in Part and Denying in Part Mattel's Motion to Enforce
5  Court's Discovery Orders and To Compel; To Overrule Purportedly Improper
6  Instructions; and For Sanctions, dated January 8, 2008.
7       44.   Attached hereto as Exhibit 42 is a true and correct copy of the
8  Discovery Master's Order Granting in Part Mattel's Motion to Enforce the Court's
9  Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition
10 Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, dated August 14,
11 2007.
12      45.   Attached hereto as Exhibit 43 is a true and correct copy of
13 Discovery Master's Order Granting Mattel's Motion to Compel Witnesses, dated
14 May 16, 2007.
15      46.   Attached hereto as Exhibit 44 is a true and correct copy of
16 Discovery Master's Order Granting Mattel's Motion for Extension of Time to
17 Depose Paula Garcia, dated August 14, 2007.
18      47.   Attached hereto as Exhibit 45 is a true and correct copy of the
19 Court's Order Granting Mattel's Motion to Compel the Deposition of Carlos
20 Gustavo Machado, dated September 2, 2008.
21      48.   Attached hereto as Exhibit 46 is a true and correct copy of a
22 letter from James Spertus to Jon D. Corey, dated September 3, 2007.
23      49.   Attached hereto as Exhibit 47 is a true and correct copy of Notice
24 of Deposition of Carlos Gustavo Machado, dated September 4, 2007.
25      50.   Attached hereto as Exhibit 48 is a true and correct copy of an
26 email from Jon D. Corey to Michael Page, Amman Khan and Diana Torres
27 attaching document that listed Machado under a heading of "Witnesses Whose

07209/2787390.1

-8-

Dates Have Been Agreed Upon And Set After Meet and Confers Requested By Mattel," and stating that Machado's deposition was set for October 26, 2007.

51. Attached hereto as Exhibit 49 is a true and correct copy of a letter from Jon D. Corey to Amman Khan, dated September 25, 2007.

52. Attached hereto as Exhibit 50 is a true and correct copy of Court's Order On Request for Approval of Substitution of Attorney, dated October 2, 2007.

53. Attached hereto as Exhibit 51 is a true and correct copy of an e-mail message from Alexander Cote to Jon D. Corey, dated October 5, 2007.

54. Attached hereto as Exhibit 52 is a true and correct copy of Mattel's Motion to Compel re Machado, dated November 15, 2007.

55. Attached hereto as Exhibit 53 is a true and correct copy of an email for Alexander Cote to Dylan Proctor, dated December 6, 2007.

56. Attached hereto as Exhibit 54 is a true and correct copy of Mattel's Motion for Leave to Take Additional Discovery and Objections to Discovery Master Order of September 28, 2007, dated November 19, 2007.

57. Attached hereto as Exhibit 55 is a true and correct copy of the Court's Minute Order, dated January 7, 2008.

58. Attached hereto as Exhibit 56 is a true and correct copy of the Second Supplemental Declaration of Jon D. Corey in Support of Mattel, Inc.'s Motion to Compel Deposition of Carlos Gustavo Machado Gomez, dated January 13, 2008.

59. Attached hereto as Exhibit 57 is a true and correct copy of MGA's and Carter Bryant's Opposition to Mattel's Ex Parte Applications to Compel Additional Depositions, dated January 30, 2008.

60. Attached hereto as Exhibit 58 is a true and correct copy of excerpts from the transcript of the deposition of Isaac Larian, dated March 26. 2008.

61. Attached hereto as Exhibit 59 is a true and correct copy of MGA Entertainment, Inc.'s Supplemental Disclosures and MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. De C.V., and Isaac Larian's Initial Disclosures Under Rule 26(a)(1), dated September 21, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2009, at Los Angeles, California.

/s/ Michael T. Zeller
Michael T. Zeller

-10-