# Exhibit 30

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

July 14, 2004

**BY FACSIMILE**

Keith A. Jacoby, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, California 90067

Mattel v. Bryant

Dear Mr. Jacoby:

This will confirm our conversation of this afternoon regarding two of the issues that we discussed yesterday and that are the subject of your letters earlier today.

First, the parties have agreement that Mr. Bryant's deposition will commence on August 17, 2004 at 10:00 a.m. in St. Louis for a seven-hour session. We will arrange for a specific location as well as a court reporter and videographer. Mattel and Mr. Bryant are reserving their respective positions as to the appropriateness of subsequent deposition time with Mr. Bryant, and the parties will discuss the matter if and when it arises.

While Mattel did not agree with the delay of Mr. Bryant's previously noticed deposition until August for reasons that I have already stated and does not believe that the statements in your letter of earlier today accurately reflect Mattel's position in all respects, we will accept your representations as an attorney that Mr. Bryant will appear for deposition at the agreed-upon location and time. Thus, as I mentioned over the phone today, based upon those representations, we will not be going forward at this juncture with a motion to compel his deposition, without prejudice of course to our rights to seek Court relief if circumstances change.

Second, as we agreed yesterday and over the phone today, the extension of time until Friday is for both parties' responses to all outstanding written discovery requests, which includes the interrogatories that Mr. Bryant propounded upon Mattel.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-620-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336


EXHIBIT 20
PAGE 301

Please give me a call if you would like to discuss these matters further. Otherwise, I will let you know about the specific location in St. Louis as soon as practicable.

Very truly yours,

Michael T. Zeller

EXHIBIT 30

PAGE 302

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>

**SAN DIEGO**
45 Eastgate Mall, Suite 200
San Diego, CA  92121
(858) 812-3107
Facsimile: (858) 812-3338

**PALM SPRINGS**
45-025 Manitou Drive, Suite 8
Indian Wells, CA  92210
(760) 345-4757
Facsimile: (760) 345-2414

</td><td>

**LOS ANGELES**
865 So. Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**NEW YORK**
335 Madison Avenue, 17th Floor
New York, NY  10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

</td><td>

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

</td></tr>
</table>

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**    July 14, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Keith A. Jacoby, Esq. | 310-772-7284 | 310-553-5583 |

**FROM:**   Michael T. Zeller

**RE:**   Mattel v. Bryant

**MESSAGE:**



| CLIENT #:   **7209** | ROUTE/ RETURN TO:  **Maria Albert** | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.**

EXHIBIT 30

PAGE 303

```
                        Send Confirmation Report
Line 1: quinn,emanuel              ID: 12136240643        14 Jul'04  5:15PM Page  1
Line 2: JetFax M920e               ID: 13102014746
```

| Job | Start time | Usage | Phone Number/Email | Type | Pages | Mode | Status |
|-----|-----------|-------|--------------------|------|-------|------|--------|
| 205 | 7/14  5:14PM | 0'47" | 9414#07209#131055355 83# | Send............. | 3/ 3 | EC144 | Completed.................................... |

```
        Total:    0'47"    Pages sent: 3   Pages printed: 0
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| SAN DIEGO | LOS ANGELES | SAN FRANCISCO |
|---|---|---|

## LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

DATE:   July 14, 2004

NUMBER OF PAGES, INCLUDING COVER:

| TO/COMPANY: | NAME | PHONE NO. | FAX NO. |
|---|---|---|---|
| Keith A. Jacoby, Esq. | | 310-772-7284 | 310-553-5583 |

FROM:   Michael T. Zeller

RE:   Mattel v. Bryant

MESSAGE:

| ROUTE/ RETURN TO: Maria Albert | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|---|---|
| CLIENT #: 7209 | |
| OPERATOR: | CONFIRMED? ☐ No ☐ Yes |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address shown via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3178 AS SOON AS POSSIBLE.

EXHIBIT 30

PAGE 304

# Exhibit 31

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
    865 South Figueroa Street, 10th Floor
3  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
4  Facsimile: (213) 443-3100

5  Attorneys for Plaintiff
    Mattel, Inc.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF LOS ANGELES

10

11  MATTEL, INC., a Delaware Corporation,  )    CASE NO. BC 314398
                                            )
12                Plaintiff,                )    Dept:    36
                                            )    Judge:   Gregory Alarcon
13          v.                              )
                                            )    PLAINTIFFS' NOTICE OF
14  CARTER BRYANT, an individual; and       )    VIDEOTAPED DEPOSITION OF
    DOES 1 through 10, inclusive,           )    CARTER BRYANT
15                                          )
                  Defendant.                )    Date Action Filed: April 27, 2004
16                                          )
                                                 Trial Date:   None Set
17

18

19

20

21

22

23

24

25

26

27
                                    EXHIBIT 31

28
                                    PAGE 305

07209/602936.1

1 │ TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 │        PLEASE TAKE NOTICE that, pursuant to <u>Cal. Civ. Proc. Code</u> § 2025,

3 │ plaintiff Mattel, Inc. ("Mattel"), by and through its attorneys of record, will take the

4 │ deposition upon oral examination of Carter Bryant on September 9, 2004 at 9:00 a.m. at

5 │ 2136 West Chesterfield Boulevard, Springfield, Missouri 65807.

6 │        PLEASE TAKE FURTHER NOTICE that the deposition will be taken by a

7 │ notary public or other persons qualified to administer oaths, will be recorded

8 │ stenographically, and will be videotaped. The deposition will continue from day to day,

9 │ or may be continued to a future date or dates, until completed, excluding Saturdays,

10 │ Sundays and legal holidays.

15 │ DATED: August 26, 2004

16 │                         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

18 │ 

19 │                         By _____
                           John B. Quinn
                           Michael T. Zeller

                           Attorneys for Plaintiff
                           Mattel, Inc.

EXHIBIT 31

PAGE 306

07209/602936.1

-2-

NOTICE OF DEPOSITION OF CARTER BRYANT

# Exhibit 32

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-624-7707 FAX 213-624-0643

WRITER'S DIRECT DIAL NO.
213/443-3688

WRITER'S INTERNET ADDRESS
gloriadonovan@quinnemanuel.com

September 3, 2004

VIA FACSIMILE AND MAIL

Dominic J. Messiha, Esq.
Littler Mendelson
2049 Century Park East, 5th Floor
Los Angeles, CA 90067

Re: Mattel, Inc. v. Carter Bryant

Dear Mr. Messiha:

You have indicated that defendant may not be honoring the Notice for his deposition. However, we have not received written confirmation from your firm to that effect. Moreover, we have not received any Motion for Protective Order, although defendant claimed well over a week ago that he would be filing one promptly.

The date for the deposition as set forth in the Notice is September 9, 2004. That is a day defendant previously represented that he was available. Because the deposition's location is Springfield, Missouri, where your client resides, we must finalize our travel arrangements. Further, we have made arrangements for a court reporter and videographer.

If we do not receive written confirmation from defendant's counsel by noon on Tuesday, September 7, 2004 that defendant will not be appearing for his noticed deposition, and if defendant then fails to appear, we will seek reimbursement of travel costs as well as appropriate fees incurred as a result.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL 212-702-8100 FAX 212-702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94104 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-620-4500 FAX 650-610-4555
PALM SPRINGS | 45-025 Manitou Drive, Suite 8, Indian Wells, California 92210 | TEL 760-345-4757 FAX 760-345-2414
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-3107 FAX 858-812-3336

EXHIBIT 32
PAGE 307

I look forward to receiving your response and would appreciate your prompt attention to this matter.

Sincerely,

Gloria S. Donovan

GD:mm

cc:    John B. Quinn, Esq.
       Michael T. Zeller, Esq.
       Robert F. Millman, Esq.

2

EXHIBIT 22

PAGE 308

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

SAN DIEGO
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

LOS ANGELES
865 So. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

PALM SPRINGS
45-025 Manitou Drive, Suite 8
Indian Wells, CA 92210
(760) 345-4757
Facsimile: (760) 345-2414

NEW YORK
335 Madison Avenue, 17th Floor
New York, NY 10017-4611
(212) 702-8100
Facsimile: (212) 702-8200

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   September 3, 2004

**NUMBER OF PAGES, INCLUDING COVER:**

**TO/COMPANY:**

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Dominic J. Messiha, Esq. | (310) 553-0308 | (310) 553-5583 |

**FROM:**   Gloria Donovan

**RE:**   Mattel, Inc. v. Carter Bryant

**MESSAGE:**

Please see letter attached.

FAXED
SEP 03 2004

---

CLIENT #:   07209       ROUTE/
                        RETURN TO:  **Gloria Donovan**

☒  CONFIRM FAX
☒  INCLUDE CONF. REPORT

OPERATOR:                 CONFIRMED?  ☐ NO  ☐ YES: _____

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3863 AS SOON AS POSSIBLE.**

EXHIBIT __32__

PAGE __309__

Confirmation Report — Memory Send

Page        : 001
Date & Time: Sep-03-04  02:00pm
Line 1      : 2136240643
Line 2      :
Machine ID  : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 545 |
| Date | : | Sep-03 01:54pm |
| To | : | ☎9645#7209#13105535583 |
| Number of pages | : | 003 |
| Start time | : | Sep-03 01:59pm |
| End time | : | Sep-03 02:00pm |
| Pages sent | : | 003 |
| Status | : | OK |

Job number   : 545          *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| | | |
|---|---|---|
| **SAN DIEGO** 4445 Eastgate Mall, Suite 200 San Diego, CA 92121 (858) 812-3107 Facsimile: (858) 812-3336 | **LOS ANGELES** 865 So. Figueroa Street, 10th Floor Los Angeles, CA 90017 (213) 443-3000 Facsimile: (213) 443-3100 | **SAN FRANCISCO** 50 California Street, 22nd Floor San Francisco, CA 94111 (415) 875-6600 Facsimile: (415) 875-6700 |
| **PALM SPRINGS** 45-025 Manitou Drive, Suite 5 Indian Wells, CA 92210 (760) 345-4787 Facsimile: (760) 345-4414 | **NEW YORK** 335 Madison Avenue, 17th Floor New York, NY 10017-4611 (212) 702-8100 Facsimile: (212) 702-8200 | **SILICON VALLEY** 303 Twin Dolphin Drive, Suite 500 Redwood Shores, CA 94065 (650) 801-5000 Facsimile: (650) 801-5100 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:    September 3, 2004

TO/COMPANY:                                        NUMBER OF PAGES, INCLUDING COVER:

| NAME | PHONE NO. | FAX NO. |
|---|---|---|
| Dominic J. Messiha, Esq. | (310) 553-0308 | (310) 553-5583 |

FROM:   Gloria Donovan

RE:     Mattel, Inc. v. Carter Bryant

MESSAGE:

Please see letter attached.

| | | | |
|---|---|---|---|
| CLIENT #:   07209 | ROUTE/ RETURN TO:  Gloria Donovan | ☒ | CONFIRM FAX INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3843 AS SOON AS POSSIBLE.

EXHIBIT 32

PAGE 310

**Exhibit 33**



**LITTLER MENDELSON®**

A PROFESSIONAL CORPORATION

Dominic J. Messiha
Direct: 310.712.7343
Direct Fax: 310.553.5583
dmessiha@littler.com

September 7, 2004

## VIA FACSIMILE AND U.S. MAIL

Gloria Donovan, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:  **Mattel, Inc. v. Carter Bryant**

Dear Ms. Donovan:

In response to your letter of September 3, as has previously been indicated by Mr. Jacoby's August 26 letter to Mr. Zeller, my multiple telephone conversations with you of last week and by the terms of Defendant's Objections to his deposition notice and his Motion for Protective Order filed and hand-served on September 3, Mr. Bryant will not be appearing for deposition in Missouri on September 9.

Please feel free to contact me should you have any further questions in this regard.

Sincerely,

Dominic J. Messiha

cc:  Robert F. Millman, Esq.
     Douglas A. Wickham, Esq.
     Keith A. Jacoby, Esq.
Los_Angeles:373693.1 028307.1010

EXHIBIT 33

PAGE 311



# LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

September 7, 2004

To: Gloria Donovan, Esq.     Fax:  (213) 624-0643   Phone:
Quinn Emanuel Urquhart Oliver &
Hedges, LLP

Fax #(s) verified before sending (initial): _____

From:   Dominic J. Messiha      Fax:  310.553.5583    Phone:  310.712.7343

Length, including this cover letter:      2      Pages

If you do not receive all pages, please call Sender's Phone Number.

Message:

EXHIBIT **33**

PAGE **312**

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above. This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

Transmittal Completed: _____ am / pm    Client Code: _028307.1010_    User Number: _1776_

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM™
___ ___ 5th Floor, Los Angeles, CA 90067 3107 Tel: 310.553.0308 Fax: 310.553 5583, www.littler.com

# Exhibit 34

RECEIVED

SEP 0 3 2004

1  ROBERT F. MILLMAN, Bar No. CA 062152
   DOUGLAS A. WICKHAM, Bar No. CA 127268
2  KEITH A. JACOBY, Bar No. CA 150233
   LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA 90067.3107
   Telephone:    310.553.0308
5  Facsimile:    310.553.5583

6  Attorneys for Defendant
   CARTER BRYANT
7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11  MATTEL, INC., a Delaware Corporation,        Case No. BC314398

12                Plaintiff,                      ASSIGNED FOR ALL PURPOSES TO
                                                  HON. GREGORY W. ALARCON
13        v.                                      DEPT. 36

14  CARTER BRYANT, an individual; and            DEFENDANT CARTER BRYANT'S
    DOES 1 through 10, inclusive,                 NOTICE OF MOTION FOR PROTECTIVE
15                                                ORDER AND TO ESTABLISH THE
                  Defendant.                      SEQUENCE AND TIMING OF
16                                                DISCOVERY; REQUEST FOR
                                                  SANCTIONS
17
                                                  [C.C.P. §§ 2019(d), 2025(g), (i) and (n)]
18

19                                                Action Filed: April 27, 2004

20                                                Date:      September 28, 2004
                                                  Time:      8:30 a.m.
21                                                Dept.:     36

22

23

24

25

26                                                EXHIBIT 34

27
                                                  PAGE 313
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

_____
                DEFENDANT'S NOTICE OF MOTION FOR PROTECTIVE ORDER

1    **TO PLAINTIFF MATTEL, INC. AND ITS ATTORNEYS OF RECORD:**

2        PLEASE TAKE NOTICE THAT ON September 28, 2004, at 8:30 a.m., or as soon

3    thereafter as the matter may be heard, in Department 36 of the Los Angeles Superior Court, located

4    at 111 North Hill Street, Los Angeles, California 90012, Defendant Carter Bryant ("Bryant") will,

5
     and hereby does, move pursuant to California Code of Civil Procedure section 2025(g),(i) and (n)
6
7    for a protective order prohibiting his deposition from going forward as noticed by Plaintiff Mattel,

8    Inc. ("Mattel"), and for an order that discovery should proceed in phases, with written discovery to

9    precede depositions, and for sanctions in the amount of Bryant's reasonable attorneys' fees incurred

10   in preparation of this Motion.

11
         Said motion will be made upon the ground that there is good cause for the issuance of such
12
13   an order because Bryant will be subject to annoyance and oppression should his deposition proceed

14   before Mattel has responded to Bryant's requests for production. In addition, phased discovery is

15   appropriate in this case to safeguard the Bryant's right to be adequately prepared for deposition and

16   to guard against Mattel's attempts to litigate by ambush and surprise. This Motion will be made

17   upon the further grounds that Mattel has failed to turn over key documents supporting its contentions

18   and allegations in this case which are in Mattel's exclusive possession, custody and control.

19
         This Motion will be based upon this Notice, the Memorandum of Points and Authorities filed
20
21   herewith, the Declarations of Keith A. Jacoby and Dominic J. Messiha and all exhibits attached

22   thereto, the pleadings, records and files in this action, and any further evidence as may be presented

23   at or before the hearing on this Motion.

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

EXHIBIT __34__

2.

PAGE __314__

DEFENDANT'S NOTICE OF MOTION FOR PROTECTIVE ORDER

1    Dated: September 3, 2004

2                                        ROBERT F. MILLMAN
                                         DOUGLAS A. WICKHAM
3                                        KEITH A. JACOBY

4

5                                        ROBERT F. MILLMAN
                                         LITTLER MENDELSON
6                                        A Professional Corporation
                                         Attorneys for Defendant
7                                        CARTER BRYANT

8
     Los_Angeles:372668.2 028307.1010
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                 EXHIBIT ___34___

28                                       3.        PAGE ___315___

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
213.553.0308

DEFENDANT'S NOTICE OF MOTION FOR PROTECTIVE ORDER

ROBERT F. MILLMAN, Bar No. CA 062152
DOUGLAS A. WICKHAM, Bar No. CA 127268
KEITH A. JACOBY, Bar No. CA 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:    310.553.0308
Facsimile:    310.553.5583

Attorneys for Defendant
CARTER BRYANT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MATTEL, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. BC314398<br><br>**ASSIGNED FOR ALL PURPOSES TO HON. GREGORY W. ALARCON DEPT. 36**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CARTER BRYANT'S MOTION FOR PROTECTIVE ORDER AND TO ESTABLISH THE SEQUENCE AND TIMING OF DISCOVERY; REQUEST FOR SANCTIONS**<br><br>**[C.C.P. §§ 2019(d), 2025(g), (i) and (n)]**<br><br>Action Filed: April 27, 2004<br><br>Date:    September 28, 2004<br>Time:    8:30 a.m.<br>Dept.:    36 |

EXHIBIT  34

PAGE  316

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

PAGE

I.   SUMMARY OF ARGUMENT ................................................................................... 1

II.  STATEMENT OF FACTS ...................................................................................... 2

     A.   The Parties ................................................................................................. 2

     B.   Procedural History ..................................................................................... 3

     C.   The Lawsuit ............................................................................................... 3

     D.   Discovery ................................................................................................... 4

          1.   Written Discovery ............................................................................ 4

          2.   Bryant's Deposition ......................................................................... 8

III. ARGUMENT ......................................................................................................... 11

     A.   Phased Discovery Is Necessary In This Case To Safeguard Bryant's Right To Be Prepared For His Deposition And To Preclude Mattel's Attempt To Litigate By Ambush And Surprise .......................................................................................... 11

          1.   Mattel Has Failed To Produce Key Documents In Its Exclusive Possession. ........................................................................................ 11

          2.   Bryant's Deposition Should Not Go Forward Until Mattel Produces Those Key Documents, Or States In Verified Responses That It Has Conducted A Diligent Search And Reasonable Inquiry And Those Documents Are Not In Its Possession, Custody Or Control. .......................... 13

          3.   Mattel Will Not Be Prejudiced By Producing Responsive Documents Prior To Bryant's Deposition. ........................................................................ 15

     B.   Sanctions Are Warranted In This Case Because Mattel's Ex Parte Motion To Compel Bryant's Deposition Has Already Been Denied By The Federal Court. ....... 16

IV.  CONCLUSION ...................................................................................................... 17

EXHIBIT __34__

PAGE __317__

i.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

## TABLE OF AUTHORITIES

**PAGE**

### CASES

(Chronicle Pub. Co. v. Superior Court
54 Cal. 2d 548 (1960) .................................................................................. 12

Beverly Hills Federal Savings & Loan Assoc. v. Superior Court
259 Cal. App. 2d 306 (1968) ....................................................................... 14

Deyo v. Kilbourne
84 Cal. App. 3d 771 (1978) ................................................................. 12, 14

Dowell v. Superior Court
47 Cal. 2d 483
(1956)............................................................................................................ 16

Emerson Electric v. Superior Court
16 Cal. 4th 1101 (1997) ............................................................................... 12

Fairmont Ins. Co. v. Sup. Ct. (Stendell)
22 Cal. 4th 245 (2000) .................................................................................... 1

Greyhound Corp. v. Superior Court
56 Cal. 2d 355 (1961) .................................................................................. 12

Hall v. Clifton Precision
150 F.R.D. 525 (E.D. Pa. 1993)................................................................. 12

Poeschl v. Superior Court
229 Cal. App. 2d 383 (1964) ................................................................ 14, 16

Rosemont v. Superior Court (Turner)
60 Cal. 2d 709 (1964) ........................................................................... 15, 14

United States v. Proctor & Gamble Co.
356 U.S. 677 (1958)
[78 S.Ct. 983, 2 L.Ed.2d 1077].................................................................. 12

### STATUTES

California Code of Civil Procedure
Section 2019............................................................................................... 15

Section 2019(c) ...................................................................................... 2, 16

Section 2023................................................................................................ 17

Section 2025(g).................................................................................... 2, 14

Section 2025(i)(15) ................................................................................... 17

Section 2025(t)............................................................................................. 1

Section 2031....................................................................................... 14, 15

Federal Rule of Civil Procedure 45 ........................................................... 8

EXHIBIT 34

PAGE 318

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

# I.

## SUMMARY OF ARGUMENT

Plaintiff Mattel, Inc. ("Mattel") has noticed Defendant Carter Bryant's deposition for September 9, 2004, despite the ruling of a federal magistrate judge just two weeks ago, on August 20, denying Mattel's *Ex Parte* Application to compel that same deposition. There is no justification for Mattel's attempt to accomplish in state court what it was not permitted to do in federal court. Undaunted, however, Mattel now again seeks to depose Mr. Bryant ("Bryant") without first responding to his outstanding document demands, which seek key documents in Mattel's exclusive possession.

Mattel's objective in seeking to depose Bryant at this early stage of document discovery is clear: it wants to ignore the "one deposition rule" by taking his deposition at once, and then, after more document discovery, take it again. Mattel has already stated its intention to do so. This is simply impermissible under Code of Civil Procedure section 2025(t) and its "one deposition rule." This discovery tactic is illegitimate and burdensome, and Mattel is not entitled to take this deposition now because it has failed to comply with its own discovery obligations.

Mattel has not only failed to produce responsive documents in this litigation that it does not deny possessing, but has also improperly obtained private telephone records for Bryant, his parents and other non-parties that it refuses to return. Bryant has been forced to seek relief in the issuing court, the federal district court in Dallas, Texas, to attempt to curb this unwarranted invasion into his privacy and that of the non-parties affected by this subpoena. The federal court found that the telephone company inadvertently produced the documents to Mattel, and that Mattel refused to return them and would not even unconditionally provide copies of the documents to Bryant. The court has ordered those records sealed pending a final decision on that matter.

With Mattel's discovery abuses setting the stage, it now attempts to depose Bryant while depriving him of a reasonable opportunity to defend himself, by concealing the documents it intends to use against him, with the obvious consequence being Mattel's stated desire to depose Bryant again, in violation of Code of Civil Procedure section 2025(t). See also Fairmont Ins. Co. v. Sup. Ct. (Stendell), 22 Cal. 4th 245, 254 (2000).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 34

PAGE 319

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

1            Because Mattel continues to withhold responsive documents, as has been its pattern

2   and practice in other cases, Bryant seeks a protective order from this Court that his deposition should

3   not go forward until Mattel produces the questioned documents.  Bryant also seeks an order from

4   this Court under Code of Civil Procedure section 2019(c) directing that the first round of document

5   discovery be completed before the parties proceed to deposition discovery.  Bryant has served his

6   objections to the deposition notice, and his deposition, noticed for September 9, is automatically

7   stayed pending a determination of this Motion under Code of Civil Procedure section 2025(g).

8            There is no exigency here that would justify Mattel's taking Bryant's deposition prior

9   to documents being fully exchanged.  In fact, Bryant left Mattel in 2000, and the product Mattel

10  claims to target, Bratz, was released in 2001.  There is no motion for a preliminary injunction

11  pending, no trial date, and no discovery cut-off has been set.

12           Once Mattel complies with its discovery obligations and fully produces documents in

13  response to Bryant's document demands, Bryant will submit to deposition.  Bryant should also be

14  permitted the opportunity to have his Motion to Compel further responses to the written discovery

15  against Mattel heard.  Mattel should be granted the same time to obtain documents in response to its

16  third party subpoenas that have been served.  In this way, Mattel will have the benefit of all

17  documents prior to deposing Bryant and cannot later use the absence of documents at a first

18  deposition as an excuse for violating the one deposition rule.  Furthermore, Bryant will then have a

19  full opportunity to refresh his recollection and prepare for his deposition.

## II.

## STATEMENT OF FACTS

A.   **The Parties.**

23           Bryant was employed by Mattel as a fashion designer for the "Barbie" line of toys

24  from 1995 to April 1998, and in the Barbie Collectibles division from January 4, 1999 to October 20,

25  2000, earning less than $60,000 per year.  Bryant left Mattel in October 2000, and he then helped

26  launch a ground-breaking line of fashion dolls called "Bratz."  First manufactured and distributed by

27  MGA Entertainment ("MGA") in 2001, "Bratz" took the fashion doll world by storm.  "Bratz" are

28  an international phenomenon that market studies suggest have significantly reduced Mattel's sales of

2.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.653.0208

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES   EXHIBIT __34__

PAGE __320__

1    its flagship product, Barbie. Bryant's involvement in the creation of Bratz has elevated him to the

2    upper echelon of toy designers and brought him great rewards. It is in this context that Mattel

3    decided, more than three and a half years after Bryant's resignation, to sue him.

4        **B.    Procedural History.**

5            Plaintiff's Complaint was filed April 27, 2004 in state court. See Declaration of

6    Keith A. Jacoby ("Jacoby Decl."), ¶ 2. On May 14, 2004, Bryant answered the Complaint and

7    removed the action to Federal Court based on its diversity jurisdiction. Jacoby Decl., ¶ 3. On June

8    18, 2004, Bryant sought a stay of discovery pending the federal court's ruling on Plaintiff's Motion

9    for Remand by way of an *ex parte* application. That request was denied.

10           On July 16, Bryant received Mattel's woefully inadequate responses to his written

11   discovery and promptly notified Plaintiff that he would not be appearing for deposition on August

12   17, which Mattel had noticed six days prior, unless Mattel supplemented its production. Jacoby

13   Decl., ¶¶ 6-9.

14           On August 17, Plaintiff Mattel applied *ex parte* for an order compelling Bryant's

15   deposition. Bryant opposed the motion, arguing that he was entitled to receive Mattel's responses to

16   his discovery prior to his deposition, and that discovery should be conducted in phases, with written

17   discovery preceding depositions. Federal Magistrate Judge Hillman denied Mattel's *ex parte*

18   application. See Exhibit 2 to Declaration of Dominic J. Messiha ("Messiha Decl."), filed

19   concurrently herewith.

20           On August 23, 2004, Judge Manella remanded the action to this Court. Plaintiff

21   served his third deposition notice of Plaintiff on August 26, 2004, noticing the deposition for

22   September 9, 2004 in Springfield, Missouri. Messiha Decl. ¶ 3.

23       **C.    The Lawsuit.**

24           On April 27, 2004, Mattel sued Bryant, alleging that he breached the agreements he

25   executed with Mattel, converted Mattel property for his personal gain and/or assisted Mattel's

26   competitor while working for Mattel. It seeks, *inter alia*, compensatory damages, punitive damages,

27   attorney's fees and injunctive relief. Mattel's Complaint encompasses the same charges Mattel

28   leveled against Bryant in the press, though they are pled with less specificity than the unnamed

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
6th Floor
Los Angeles, CA  90067-3107
310 553 0308

3.

1    Mattel sources were willing to give to the *Wall Street Journal* in a newspaper article published in

2    July 2003.   Instead, in its Complaint, Mattel alleged simply that:

3    "Bryant had secretly aided, assisted and worked for a Mattel competitor … the
     competitor obligated Bryant to provide product design services to the competitor on a
4    'top priority' basis....while Bryant was employed by Mattel, Bryant and the other
     defendants converted, misappropriated and misused Mattel property and resources for
5    the benefit of, and to aid and assist, Bryant personally and Mattel's competitor."

6    (Complaint, ¶ 41).

7         Mattel's lawsuit seeks nothing less than to take from Bryant everything he has earned

8    and to destroy what has become his life's work.  It is noteworthy that Mattel's targeting of Bryant

9    has been some time in the making.  Almost three years after Bryant left Mattel, and many months

10   before this lawsuit was filed, Mattel began a media campaign in which unnamed Mattel employees

11   suggested to the press that Bryant stole the "Bratz" concept from Mattel.  The *Wall Street Journal*

12   reported the following in July, 2003:

13        Inside Mattel, some are convinced the Bratz borrow liberally from a Mattel project
          that was scrapped at the testing stage in 1998. Mattel declined to comment.  Mr.
14        Bryant didn't work on the line that Mattel scrapped, according to former and current
          Mattel designers. But most Barbie designers had seen the prototypes, his former
15        colleagues say. Mr. Bryant, through MGA, declined to be interviewed.

16        The Mattel doll line that was scrapped wasn't exactly like the Bratz, says a longtime
          Mattel designer who worked on the project. But the Bratz' oversized heads -- with
17        their pursed lips and cartoonist eyes -- are "virtually identical" to the heads of the
          dolls her team created, says the designer, who left Mattel in 2001.
18
          Lily Martinez, a designer who still works at Mattel, came up with the idea for the big
19        doll heads for Mattel, colleagues say. Mattel declined to comment. She even posted
          her sketch on her cubicle, colleagues say. "Anyone who passed by her cubicle would
20        see the picture up on the wall," says another designer who also left Mattel in 2001.
          "The big heads, the big eyes, the big feet -- they were all the same" as the Bratz. Ms.
21        Martinez declined to comment.

22        See July 18, 2003 *Wall Street Journal*, "Dolled Up: To Lure Older Girls, Mattel
          Brings In Hip-Hop Crowd" attached as Exhibit D to the Declaration of Keith A.
23        Jacoby, dated August 18, 2004, (hereinafter "Jacoby Decl.") at ¶ 12.

24        Bryant denies these allegations.

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

4.

EXHIBIT   34

PAGE   322

**D.   Discovery**

     **1.   Written Discovery**

From the outset of this litigation, Mattel has made clear that it intends to disclose as little information as possible. Mattel's Complaint against Bryant is devoid of specificity and confoundingly vague. With the three and a half year delay in the filing of a suit by Mattel and the cryptic nature of the allegations in its Complaint (MGA is never mentioned – it is referred to only as an "unnamed competitor"), Mattel has made certain that Bryant's defense will be more challenging. Mattel exacerbates this problem by continuing to deny Bryant access to substantive evidence about the charges it is making. While asserting that Bryant stole (converted) Mattel's property, Mattel has failed to disclose even a single material document on which it intends to rely to prove these charges. Jacoby Decl., ¶ 4.

Prior to remand, when Bryant served a formal document request in federal court on June 14, 2004 ("Federal Request"), in the hope of obtaining information regarding the basis of Mattel's Complaint, Mattel responded with numerous boilerplate objections, many of which ended with the assertion that, "Mattel states that it currently has outstanding discovery requests to defendant and to MGA, and will supplement this response as appropriate after Mattel receives more information about defendant's activities." Jacoby Decl. ¶ 7; Exhibit B to Jacoby Decl.

After multiple informal attempts to resolve this issue, Mattel has still produced virtually no documents to support its claims, in dereliction of its obligations under Code of Civil Procedure section 2031. *Furthermore, the vast majority of the documents that Mattel has produced have been marked "Attorneys Eyes Only" pursuant to the stipulated protective order in place between the parties. Per this designation, Bryant is not even permitted to see documents such as his personnel file or his phone records in preparation for his deposition.* Despite being apprised of why this designation was problematic, Mattel nevertheless has refused to change the designation of the documents. It should be noted that Bryant has now served parallel requests in state court.

Counsel for Mr. Bryant, Keith Jacoby, initiated a meet and confer with Plaintiff by his July 30, 2004 letter to Mattel's counsel Michael Zeller, Esq., outlining in great detail the deficiencies in Mattel's written response. Jacoby Decl., ¶ 8; Exhibit C. Mattel agreed to a further,

5.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES EXHIBIT **34**

PAGE **323**

1  in-person meet and confer on August 9, 2004.  Mr. Jacoby met with Mr. Zeller and his colleague

2  Tania Krebs for over two hours on that date.  Jacoby Decl. ¶ 8.

3        During that meeting, Mr. Jacoby went over all the core deficiencies in the Federal

4  Response with Mr. Zeller.  He indicated it was not appropriate for Mattel to respond to a document

5  request by indicating that it will respond after it receives Bryant's discovery responses and he made

6  clear that Mr. Bryant was entitled to see documents reflecting damages Mattel believes it has in fact

7  occurred.  He also stated in no uncertain terms that Mr. Bryant was entitled to electronic discovery,

8  including e-mail messages.  Jacoby Decl., ¶ 9.  Plaintiff's counsel, Michael Zeller, then began

9  describing Mattel's electronic mail retention (destruction) system, suggesting that documents are not

10  kept on the Mattel exchange servers for more that 118 days.  Mr. Zeller was unclear at that first

11  meeting about the existence of storage tapes, though subsequent declarations state such tapes exist.

12  Mr. Zeller never indicated an actual search for precisely what was called for in the request (emails

13  to, from or about Carter Bryant), was ever done.  Id.

14        At the same meeting, Mr. Jacoby also proposed for consideration by Mattel several

15  clarifications and limitations to certain requests:

16      •  Request No. 2 – Bryant proposed to limit the request to all documents Mattel

17  believes Bryant created while he was employed by Mattel.

18      •  Request No. 3 – Bryant clarified that the request was only seeking documents

19  supporting Mattel's allegation that Bryant took from Mattel work product owned by

20  Mattel or created by any Mattel employee.

21      •  Request No. 17 – Bryant clarified that the request was limited to all electronic

22  mail messages dating from 1999, the beginning of Bryant's second period of

23  employment.  Mr. Jacoby explained to Mr. Zeller that the request was not

24  burdensome because Mattel could effortlessly send an email to all employees asking

25  them to forward all e-mail communications of or concerning Bryant and/or the

26  "Bratz."

27      •  Request No. 30 – Bryant agreed to narrow the request to state "All MATTEL

28  DOCUMENTS that EVIDENCE, RELATE OR REFER to Bratz creation."

6.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 34

PAGE 324

1       • Requests Nos. 43 and 45 – Bryant proposed to combine these requests and to

2       seek "All versions of the 'Employee Confidential Information and Inventions

3       Agreement,' 'Conflicts Questionnaire,' 'exit interviews,' and 'proprietary checkout

4       documents' distributed to prospective or actual employees since January 1, 1995."

5   Jacoby Decl., ¶ 10.

6       In addition, at every other meet and confer regarding Mattel's responses to Bryant's

7   document requests, counsel for Bryant offered to limit, clarify and/or simplify numerous requests in

8   order to facilitate a production of documents. Mattel has rejected each of these suggestions. Jacoby

9   Decl. ¶ 17.

10      In response to the over forty (40) separate document requests in the Federal Request,

11  five of which directly call for electronic mail correspondence ("emails"), Mattel has produced only a

12  small handful of irrelevant emails, and then only on August 31 after extensive meet and confer

13  discussions between the parties. Inside a Fortune-500 company with over thirty-five thousand

14  employees, and amongst hundreds of designers who worked beside Bryant for years, involving a

15  matter that has been openly discussed in the *Wall Street Journal* for at least a year, not one Carter

16  Bryant email could purportedly be found.

17      Based on meet and confer discussions that have occurred between the parties, Bryant

18  is informed and believes that Mattel has not carried out a diligent search and reasonable inquiry for

19  electronic documents. In a meet and confer between Mr. Jacoby and Mr. Zeller, Mr. Zeller began

20  describing Mattel's electronic mail retention (destruction) system, suggesting that documents are not

21  kept on the Mattel exchange servers for more that 118 days. Jacoby Decl. ¶ 9. Mr. Zeller was

22  unclear at that first meeting about the existence of storage tapes, though subsequent declarations

23  state such tapes exist. Mr. Zeller never indicated an actual search for precisely what was called for

24  in the request (emails to, from or about Carter Bryant), was ever done. Jacoby Decl. ¶ 9. There is

25  no indication that Mattel has searched its archives, back up tapes, computers found in employees'

26  homes, or anywhere else.

27      Mattel has also failed to produce any of Bryant's time records from the relevant

28  period in October 2000, although specifically requested in discovery by Bryant. These documents

LITTLER MENDELSON
A Professional Corporation
2048 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

7.

EXHIBIT 34

PAGE 325

1    are key to establishing that Mattel's allegations regarding Bryant's actions towards the end of his

2    second term of employment with Mattel are false. Bryant, and other Mattel employees, completed

3    these time records on a regular basis during their employment.

4           On August 25, following remand of this action, Bryant served a set of substantially

5    identical state court document demands ("State Requests"), with revisions designed to further clarify

6    the scope of the requests and the specific documents sought. Jacoby Decl., ¶ 9; Exhibit G. Although

7    Bryant's responses are due until September 24, Bryant's counsel has encouraged Mattel to respond

8    sooner so that this issue may be resolved without further delay. Jacoby Decl. ¶ 9.

9           Mattel's discovery abuses do not end with its obfuscation in responding to Bryant's

10   document demands. On August 11, 2004, while this case was pending in federal court, Mattel

11   served a federal subpoena for telephone records on the telephone company SBC, seeking home and

12   cellular telephone records not only for Bryant, but also for his parents, Janet Bryant and Thomas

13   Bryant, and for Richard Irman, for a period from January 1, 1998 to January 1, 2001. Given this

14   unjustified attempt to invade the privacy of these non-parties, as well as that of Bryant, defense

15   counsel immediately notified both SBC by phone on August 20 and in writing on August 24, with a

16   copy to Mattel's counsel, that it objected to the subpoena and intended to move to quash it within the

17   fourteen-day period provided by Federal Rule of Civil Procedure 45.

18          Following SBC's receipt of the August 24 letter, defense counsel received a voice-

19   mail message from Tania Greggers, of the SBC subpoena center, informing them that SBC had

20   released the records in error. Ms. Greggers further stated in her message that while the copy service

21   was willing to return the records, Plaintiff's counsel Michael Zeller had instructed them not to do so.

22   Conversations between Mr. Zeller and Defense counsel confirmed that Plaintiff indeed had obtained

23   the records prematurely. Plaintiff continues to refuse to return the records, permit Bryant to redact

24   the records to protect the private information of the non-parties, or even simply provide copies of the

25   documents he improperly received to Defense counsel.

26          The federal court has found that Mattel failed to unconditionally provide copies of the

27   documents to Bryant and had improperly refused to return them to SBC, despite that they were

28   produced prematurely. The court has ordered that those records be sealed pending a further decision

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

8.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES EXHIBIT **34**

PAGE **326**

1 | by it regarding this matter. A true and correct copy of the court's order is attached hereto as Exhibit

2 | 4 to Messiha Decl.

3 | These tactics fly in the face of well-established discovery procedures in both state and

4 | federal court, and have necessitated Bryant to seek the intervention of this Court, as well as the

5 | federal district court in Texas that issued the subpoena, in order to protect his rights as a litigant.

6 | **2.    Bryant's Deposition.**

7 | Counsel for Mattel had initially suggested it would prefer to depose Bryant right

8 | away for a day or so, conduct other discovery for a time, and then re-depose him later on. Bryant's

9 | counsel pointed out that such a process flies in the face of the "one deposition rule." Messiha Decl.,

10 | ¶ 2. Bryant's counsel insisted that Mattel take Bryant's deposition from day to day, as it was

11 | noticed by Mattel. Id. Bryant's counsel also insisted that Bryant's deposition be taken on a date

12 | well after the first set of document requests would have been responded to by the parties, and in

13 | Missouri, where Bryant resides. Messiha Decl. ¶ 3. It was finally agreed that the Bryant deposition

14 | would take place August 17, 2004, in St. Louis, Missouri, *a full month after* Mattel's responses to

15 | Bryant's federal court discovery were due. Messiha Decl. 4 ¶ .

16 | Bryant's counsel's *express purpose* in proposing and agreeing to this arrangement

17 | was to ensure that Bryant would be provided with the full array of Mattel's relevant documents

18 | regarding its claims and purported damages against him, so that Bryant could fully prepare for his

19 | deposition. Messiha Decl. ¶ 5. It was with the understanding that Mattel would respond to Bryant's

20 | document requests in good faith that Bryant's counsel agreed to produce Bryant for deposition.

21 | This date was also designed so that Mattel and third party MGA's document

22 | productions could be made and any issues regarding them could be resolved prior to the deposition

23 | so that Mattel would not attempt to use any later production of documents that it subsequently

24 | sought as an excuse to retake Bryant's deposition, as they had indicated was their plan all along.

25 | After Mattel failed to produce a wide variety of responsive documents on August 12, Bryant's

26 | counsel informed Mattel that Mr. Bryant would not be appearing for the deposition on August 17.

27 | Mattel then brought an *ex parte* application for an ordering compelling Bryant's deposition to go

28

LITTLER MENDELSON
A Professional Corporation
2048 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310.553.0308

9.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 34

PAGE 327

1    forward.  The federal magistrate judge denied that application.  A true and correct copy of that order

2    is attached hereto as Exhibit 2 to Messiha Decl.

3         After re-noticing Bryant's deposition less than a week later, Mattel cannot claim

4    surprise at the fact that Bryant's counsel is now declining to produce Bryant because of Mattel's

5    failure to produce documents.  This point has been made on several occasions.  Bryant's counsel

6    repeatedly informed Mattel's counsel that Mattel would be expected to produce its documents prior

7    to Bryant's deposition.  Bryant propounded clear and concise document requests seeking Mattel's

8    evidence, if any, showing that Bryant stole Mattel designs and sold them to MGA, resulting in the

9    production of "Bratz" dolls.  These include Bryant's requests for specific documents supporting

10   Mattel's contentions.  *None have been produced.*

11        Bryant also asked that Mattel produce relevant email messages.  Bryant propounded

12   the simplest requests imaginable in this regard.  He sought emails to, from or about Carter Bryant.

13   *None have been produced.*

14        Mattel simultaneously served its document requests, and shortly thereafter, served a

15   subpoena containing a comprehensive document request on non-party MGA, the entity for which

16   Bryant has rendered consulting services in connection with certain aspects of MGA's "Bratz" dolls.

17        On July 16, 2004, Mattel served its written responses to Bryant's requests for

18   production of documents and special interrogatories.  These discovery responses were virtually

19   devoid of any useful information, and instead contained many boilerplate objections, many ending

20   with the assertion that Mattel "currently has outstanding discovery requests to defendant and to

21   MGA, and will supplement this response as appropriate after Mattel receives more information about

22   defendant's activities." Jacoby Decl., ¶ 7, Exhibit B.

23        In contrast, in response to Mattel's document request, Bryant diligently searched for

24   and produced the full array of the documents sought by Mattel.  Indeed, Bryant's attorneys spent

25   many days in Missouri scouring Bryant's personal portfolios and files in search of responsive

26   documents.  Messiha Decl. ¶ 9.  Defense counsel is informed and believes that in response to

27   Mattel's subpoena to MGA, MGA expended substantial effort to search for and produce electronic

28   and other documents called for by the subpoena, so Mattel could fully and fairly litigate its claims

10.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES   EXHIBIT 34

PAGE 328

1  and Bryant could fully and fairly present his defense.  Bryant and his counsel expected the same

2  good faith response to document discovery from Mattel.  It was not forthcoming.

3  　　　　Mattel's production of documents on August 12, 2004 contained precious few

4  documents relevant to Mattel's claims or damages.  Jacoby Decl., ¶ 12.  Over 90% of Mattel's

5  document production consisted of what appear to be telephone records from Mattel's El Segundo,

6  California facility where Bryant previously worked.  The probative value of these records is either

7  non-existent, or minimal and hidden within their 9,000 pages of numerical data.  Interestingly,

8  Mattel did produce a set of documents logging Bryant's calls from his own extension, *but*

9  *conspiuously failed to produce key phone records from October 2000,* the precise time frame when

10  Mattel alleges that Bryant's wrongdoing occurred.  Jacoby Decl. ¶ 13.  *Mattel's documents provide*

11  *no hint of what property it claims Bryant misappropriated.  More tellingly, Mattel has produced but*

12  *a handful of irrelevant emails.*  Jacoby Decl. ¶ 9.  Electronic discovery is now a routine aspect of

13  litigation.  Mattel has known of its potential claims against Bryant for years.  It simply strains

14  credulity to the breaking point that Mattel has no relevant emails or that it took no steps to look for

15  such documents on hard drives, backup tapes, etc., or even whether it ever issued a preservation

16  instruction.  Given Mattel's well-noted pattern of discovery abuse in other matters, we are forced to

17  conclude that additional documents will be disclosed to Bryant at some future time that is optimum

18  for Mattel's tactical benefit.  Mattel has failed to deny possessing the panoply of responsive

19  documents that it has failed to produce.  Jacoby Decl., ¶ 7.

20  　　　　Bryant did not receive Mattel's document production until August 12, 2004, because

21  of extended negotiations over the terms of a stipulated protective order.  Jacoby Decl., ¶ 12.  In

22  failing to produce the requested documents and in refusing to acknowledge that it does not have any

23  such documents, Mattel's conduct clearly is an attempt to ambush Bryant at his deposition.  It is also

24  clear that despite unambiguous statements that Bryant would only be produced once for deposition,

25  Mattel was seeking to depose him now and then use the excuse of additional documents as a reason

26  to compel him to come back.

27  　　　　This Court should not endorse Mattel's tactics, which are contrary to the purpose and

28  code of conduct inherent in the Discovery Act of 1986.

LITTLER MENDELSON

11.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 34

PAGE 329

## III.

## ARGUMENT

A.   **Phased Discovery Is Necessary In This Case To Safeguard Bryant's Right To Be
Prepared For His Deposition And To Preclude Mattel's Attempt To Litigate By
Ambush And Surprise.**

    1.   **Mattel Has Failed To Produce Key Documents In Its Exclusive
Possession.**

The basic purpose of discovery is to "guard against surprise," eliminate gamesmanship during litigation, and ensure the parties obtain all necessary information to evaluate their dispute before trial. Greyhound Corp. v. Superior Court, 56 Cal. 2d 355, 376 (1961).

> Certainly, it can be said, that the Legislature intended to take the "game" element out of trial preparation while yet retaining the adversary nature of the trial itself.  One of the principal purposes of discovery was to do away "with the sporting theory of litigation -- namely, surprise at the trial." (Chronicle Pub. Co. v. Superior Court, 54 Cal. 2d 548, 561 (1960).  See also page 572 of the same opinion wherein we adopted from United States v. Proctor & Gamble Co., 356 U.S. 677 (1958) [78 S.Ct. 983, 2 L.Ed.2d 1077], the phrase that discovery tends to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.")

Greyhound, supra at 376.

It is well established that the Discovery Act of 1986 is designed to require an open exchange of documents and information.  By its terms, the Act seeks to wholly eliminate either party's ability to take the other by surprise and to prevent "trial by ambush." Emerson Electric v. Superior Court, 16 Cal. 4th 1101 (1997)  (The purpose of discovery is to eliminate ambush and surprise and to take the "game" element out of trial preparation."); see also Deyo v. Kilbourne, 84 Cal. App. 3d 771, 781 (1978) (Discovery laws designed to prevent "trial by ambush.")

It is beyond dispute that depositions are a critical part of the case.  As one court explained, "[d]epositions are the factual battleground where the vast majority of litigation actually takes place....The pretrial tail now wags the trial dog." Hall v. Clifton Precision, 150 F.R.D. 525, 531 (E.D. Pa. 1993).  Depositions are used for a wide variety of litigation purposes including not

12.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067 3107
310 553 0308

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES   EXHIBIT **24**

PAGE **330**

1  only basic discovery, but also establishment of facts crucial to rulings on pretrial motions,

2  dispositive motions, and for trial. The importance of Bryant's deposition in this matter cannot be

3  overstated.

4           The purpose of the Civil Discovery Act is critically important here. As discussed

5  above, Mattel's Complaint provides woefully vague allegations of misconduct against Bryant. The

6  Complaint states only that Bryant signed a contract with a "competitor" and "misappropriated and

7  misused Mattel property and resources," without identifying the competitor, let alone what property

8  or resources Bryant allegedly misused. At the Federal Rule 26 Conference held between the parties

9  on June 14, 2004, counsel for Mattel refused to provide any further factual information about the

10  basis of his claims, other than to make vague allegations about telephone records and Bryant's

11  contract with MGA. Jacoby Decl., ¶¶ 4, 12. Bryant has an unequivocal right to this information.

12           While Mattel has provided written responses and produced some documents in

13  response to the written discovery it agreed to provide prior to Bryant's deposition, it has withheld far

14  more documents than it has produced. Jacoby Decl., ¶ 12. Critically, while Mattel appears to allege

15  either that Bryant misappropriated Mattel property for his own gain or that he created certain works

16  (namely the "Bratz" dolls) while employed by Mattel, **Mattel has not produced any evidence**

17  **substantiating its claim that Bryant created "Bratz" while employed by Mattel. Mattel does**

18  **not deny possessing these documents. It simply refuses to produce them.** Jacoby Decl., ¶ 7.

19  Moreover, Mattel has made public statements in the media stating that it believes "Bratz" to be

20  "virtually identical" to a doll line developed by Mattel that never hit the market, yet Mattel's

21  responses do not even identify which doll line it believes was misappropriated. Even when it

22  produced some drawings by a former employee named Lilly Martinez, Mattel expressly declined to

23  admit that it was producing them in response to any document request.

24

25

26

27

28

2.   **Bryant's Deposition Should Not Go Forward Until Mattel Produces Those Key Documents, Or States In Verified Responses That It Has Conducted A Diligent Search And Reasonable Inquiry And Those Documents Are Not In Its Possession, Custody Or Control.**

Bryant is entitled to receive the documents he has requested from Mattel in both federal and state court discovery – those documents upon which Mattel bases its allegations against Bryant – prior to being deposed. Rosemont v. Superior Court (Turner), 60 Cal. 2d 709 (1964). This Court has broad discretion to enter an order that discovery should proceed in phases, with written discovery to be completed prior to depositions, or in the alternative, an order staying Bryant's deposition until Mattel produces those documents, pursuant to Code of Civil Procedure section 2019(c). Section 2019(c) states that, upon a showing of good cause, "the court may establish the sequence and timing of discovery for the convenience of parties and witnesses and in the interests of justice."

There is abundant good cause here for the Court to order phased discovery, or in the alternative, to enter an order staying Bryant's deposition, to ensure that Bryant has the ability to prepare himself for deposition and to prevent Mattel's litigation by ambush. Pursuant to Code of Civil Procedure section 2025(g), Mr. Bryant has served objections to his deposition notice and his deposition is automatically stayed pending the Court's decision on this Motion.

A court has broad discretionary powers to alter the normal timing of discovery given good cause, including to prevent "annoyance, embarrassment, or oppression." Rosemont, supra; see also Poeschl v. Superior Court, 229 Cal. App. 2d 383 (1964). The discovery statutes vest wide discretion in the trial court in granting, denying, or limiting discovery; and the trial court's rulings will not be disturbed on appeal absent a showing that its discretion was abused. Beverly Hills Federal Savings & Loan Assoc. v. Superior Court, 259 Cal. App. 2d 306 (1968).

The Supreme Court, in Rosemont v. Superior Court, supra, affirmed the trial court's entry of such an order under circumstances very similar to the instant case. In Rosemont, the parties had agreed that defendant's deposition would be taken on a specific date. Thereafter, the deponent sought an order pursuant to former Code of Civil Procedure section 2031 to require Plaintiff to

14.

LITTLER MENDELSON
A Professional Corporation
2048 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES   EXHIBIT __34__

PAGE __332__

1   produce recordings he had made of conversations with the defendant/deponent, and with other

2   defendants and their employees. Defendant also moved in the alternative, in the event his motion for

3   production should be denied, for a protective order pursuant to Code of Civil Procedure section 2019

4   to stay his deposition. The trial court agreed with the deponent, and concluded that before plaintiff

5   could take defendant's deposition, defendant was entitled to production of the recordings. Plaintiff

6   appealed.

7          The Supreme Court held that the trial court properly ordered that the plaintiff must

8   produce evidence prior to the deposition. The Court further held that because "permitting the taking

9   of [defendant's] deposition would deny defendants an effective ruling on the timing of the respective

10  discovery proceedings" the trial court reasonably concluded that the denial of the stay itself would

11  constitute "annoyance, embarrassment, or oppression." Id. at 714. The Court went on to state that,

12  while it would not be appropriate to alter the sequence and timing of discovery simply due to the

13  advantages one side would gain over another by conducting discovery first, this was a case where

14  the **defendant/deponent sought "the advantages that would flow from his being able to refresh**

15  **his recollection from the recordings before giving his deposition," which was a proper basis to**

16  **alter the schedule and timing of discovery.** Id.

17         The facts of Rosemont are on all fours with the case at bar. Bryant does not seek to

18  delay his deposition for any inappropriate purpose, nor is there any other reason he would want to.

19  As Defense counsel has informed Plaintiff on numerous occasions, Bryant will be produced for

20  deposition upon Mattel's production of complete response to his written discovery. Given the

21  significance of his deposition, which will of course be key to this litigation, Bryant simply wishes to

22  have the opportunity to review the documents in Mattel's possession, custody or control to refresh

23  his memory and prepare himself. The Rosemont Court found this goal to be eminently proper, as it

24  is in the case at bar.

25         Other courts that have addressed similar issues have reached the same conclusion as

26  the Rosemont Court. For example, in Poeschl, supra, a deponent sought an order from the court that

27  the deposing party produce evidence prior to the deposition. The court there agreed as well, holding

28  that "we see no justification for allowing the real party in interest to proceed with petitioner's

1   deposition" prior to production of the evidence sought.  Poeschl, supra at 387.  See also Dowell v.

2   Superior Court, 47 Cal. 2d 483, 488 (1956) (Reaching identical conclusion prior to trial, which

3   Poeschl court found analogous because depositions may be liberally used at trial.)

4           Based on the foregoing, there is ample justification for this Court to issue an order

5   that Mattel must produce the requested documents prior to Bryant's deposition.

6           **3.      Mattel Will Not Be Prejudiced By Producing Responsive Documents**

7                 **Prior To Bryant's Deposition.**

8           Mattel will suffer no prejudice by taking the time to respond to Bryant's document

9   request, so that Bryant can be fully prepared for his deposition.  By any measure, this litigation has

10  just begun.  No trial date has been set, and the initial status conference will not take place until

11  September 27.  The litigation is at its nascent stage.

12          Bryant left Mattel four years ago.  "Bratz" were introduced three years ago.  Mattel's

13  allegations in the *Wall Street Journal* have been public for at least a year.  There is no petition for

14  preliminary injunctive relief pending.  In short, there is no urgency whatsoever to the taking of

15  Bryant's deposition that would warrant conducting it without giving him the benefit of key

16  documents in the case.

17          In fact, Mattel can advance no compelling reason why the deposition should take

18  place now other than to further its efforts to ambush the witness.  The only party that will suffer

19  prejudice is Bryant, who has a right under Code of Civil Procedure section 2019(c) to seek an order

20  by noticed motion for phased discovery, which would allow initial document discovery to be

21  completed before Bryant's deposition is taken.  The need for phased discovery became manifest only

22  after Mattel's document production on August 12.  That inadequate production absolutely

23  necessitated the rescheduling of the Bryant deposition.

24          Because Bryant is entitled to review key documents in the case prior to his deposition

25  so that he may refresh his recollection, and because he is also entitled to seek an order pursuant to

26  Code of Civil Procedure section 2019(c), Defendant respectfully submits that this Motion should be

27  granted.

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067-3107
310 553 0308

16.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT  34

PAGE  334

**B.  Sanctions Are Warranted In This Case Because Mattel's Ex Parte Motion To Compel Bryant's Deposition Has Already Been Denied By The Federal Court.**

Code of Civil Procedure section 2025(i)(15) provides that the Court "shall impose a monetary sanction under Section 2023 against any party, person or attorney who unsuccessfully makes or opposes a motion for a protective order, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust."

In the instant case, Mattel has no justification whatsoever for noticing Bryant's deposition, having lost an *ex parte* application for an order compelling his deposition just over a week prior.  Mattel continues to attempt to gain an improper tactical advantage in this litigation by its abuse of the discovery process in failing to fully respond to written discovery and refusing to produce relevant documents in its exclusive possession.  For these reasons, an award of sanctions is appropriate.

**IV.**

**CONCLUSION**

For the foregoing reasons, Bryant respectfully requests that this Court issue an order that discovery should proceed in phases, with written discovery to be completed prior to depositions being conducted.  In the alternative, Bryant requests that the Court stay his deposition until such time as Mattel produces documents responsive to his written discovery, or at least until after his Motion to Compel production of those documents can be heard.

17.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

EXHIBIT 34

PAGE 335

1

Dated: September 3, 2004

2

ROBERT F. MILLMAN
DOUGLAS A. WICKHAM
KEITH A. JACOBY

3

4

5

ROBERT F. MILLMAN
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
CARTER BRYANT

6

7

8

Los_Angeles:372822.4 028307.1010

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553 0308

18.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES

**Exhibit 35**

MATTEL, INC., a Delaware Corporation,

    Plaintiff,

    v.

CARTER BRYANT, an individual; and DOES 1 through 10, inclusive,

    Defendants.

CASE NO. BC 314398

TENTATIVE RULING ON (1) MOTION TO COMPEL DEPOSITION AND (2) MOTION FOR A PROTECTIVE ORDER AND ESTABLISH THE SEQUENCE AND TIMING OF DISCOVERY

Hearing Date: October 5, 2004
Moving Party: Plaintiff (motion to compel) and Defendant (motion for protective order)

**FILED**
LOS ANGELES SUPERIOR COURT
OCT 05 2004
JOHN A. CLARKE, CLERK
By _____

     Defendant Carter Bryant was hired by Plaintiff Mattel as a fashion designer for the "Barbie" line of toys from 1995 to April 1998, and in the Barbie Collections division from January 4, 1999 to October 2000. After leaving Mattel, Bryant started his own line of fashion doll, called "Bratz," which received much success. Mattel brings this lawsuit against Bryant for (1) Breach of Contract; (2) Breach of Fiduciary Duty; (3) Breach of Duty of Loyalty; (4) Unjust Enrichment; and (5) Conversion. Bryant filed his cross-complaint for (1) Unfair Competition; (2) Rescission; (3) Declaratory Relief; and (4) Fraud.

     Plaintiff moves to compel the deposition of Plaintiff. The law is clear that Plaintiff is entitled to depose Defendant who is a party in this action. Although the federal magistrate judge denied Plaintiff its ex parte application to file a motion to compel deposition of Defendant, this Court is not bound by the federal court's local rules. California law is clear that "[a]ny party may obtain discovery...by taking in California the oral deposition of any person, including any party to the action...." CCP § 2025(a). The Court is inclined to grant Plaintiff's motion to compel.

     However, Defendant has filed his motion for a protective order. Defendant is not contending that Plaintiff is not entitled to depose him. Rather, it appears that Defendant wants

1

EXHIBIT 35
PAGE 337

Plaintiff to produce certain documents before the deposition, which will assist Defendant in preparation of his deposition. As such, Defendant seeks an order to establish the timing and sequence of the discovery requests. The Court is also inclined to grant Defendant's motion for a protective order.

Plaintiff is ordered to produce these documents or state in verified responses that none exists, and after a diligent search and reasonable inquiry, there are no such documents in Plaintiff's possession, custody, or control. Defendant is ordered to be deposed 20 days after Plaintiff produces these documents.

DATED:      October 5, 2004

GREGORY W. ALARCON
SUPERIOR COURT JUDGE

2

EXHIBIT __35__

PAGE __338__

# Exhibit 36

Oct 21 04 02:51p

p.1

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 90378)
2     Michael T. Zeller (Bar No. 196417)
      Tania Krebs (Bar No. 227281)
3   865 South Figueroa Street, 10th Floor
    Los Angeles, California 90017-2543
4   (213) 443-3000 (telephone)
    (213) 443-3100 (facsimile)
5
    Attorneys for Plaintiff
6   Mattel, Inc.

**FILED**

LOS ANGELES SUPERIOR COURT

~~ OCT 20 2004

JOHN A. CLARKE, CLERK

BY L. WALKER, DEPUTY

7

8                     SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF LOS ANGELES

10

11   MATTEL, INC., a Delaware corporation,        )   CASE NO. BC 314398
                                                   )
12                     Plaintiff,                  )   ████████ ORDER GRANTING
                                                   )   MATTEL'S EX PARTE
13              v.                                 )   APPLICATION TO SET
                                                   )   COMPELLED DEPOSITION OF
14   CARTER BRYANT, an individual, and            )   DEFENDANT AND CROSS-
     DOES 1 through 10, inclusive,                 )   CLAIMANT CARTER BRYANT FOR
15                                                 )   A DATE CERTAIN PURSUANT TO
                     Defendants.                   )   THE COURT'S ORDER OF
16                                                 )   OCTOBER 5, 2004
                                                   )
17   CARTER BRYANT, on behalf of himself, all      )
     present and former employees of Mattel, Inc., )
18   and the general public,                       )   Judge:   Hon. Gregory Alarcon
                                                   )   Dept:    36
19                     Cross-Complainant,          )   Date Action Filed: April 27, 2004
                                                   )   Trial Date:  None Set
20              v.                                 )
                                                   )
21   MATTEL, INC., a Delaware corporation,         )
                                                   )
22                     Cross-Defendant.            )

23

24

25

26

27                                              EXHIBIT ___36___

28                                              PAGE ___339___

1         This matter came before the Court on October 19, 2004 for an ex parte

2    order to set for a date certain the previously compelled deposition of Defendant and Cross-

3    Claimant Carter Bryant. Eric J. Emanuel and Michael T. Zeller of Quinn Emanuel Urquhart

4    Oliver & Hedges, LLP appeared on behalf of Plaintiff Mattel, Inc.  The appearance for

5    Defendant is noted on the record.

6         Having considering the papers and after considering the arguments of

7    counsel regarding Mattel's application, the Court hereby FINDS that good cause exists for

8    the issuance of ex parte relief, and hereby GRANTS Mattel's ex parte application.

9         Accordingly, the Court ORDERS and compels Defendant and Cross-

10   Claimant Carter Bryant to appear for deposition commencing on November 4, 2004, at 9:00

11   a.m. at University Plaza Hotel and Convention Center, 333 S. John Q. Hammons Parkway,

12   Springfield, Missouri 65806.

13

14   IT IS SO ORDERED

15   Date: **10/20/04**

16                                   Honorable Judge Gregory Alarcon

17                                   Judge of the Superior Court

18

19

20   Submitted by:   QUINN EMANUEL URQUHART OLIVER & HEDGES

21   Attorneys for:   Plaintiff Mattel, Inc.

22

23

24

25

26

27

28                                              EXHIBIT 36

                                         PAGE 340

# Exhibit 37

**COPY**

FILED

2007 MAR -7 PM 3: 05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY ___

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6                    UNITED STATES DISTRICT COURT

7                   CENTRAL DISTRICT OF CALIFORNIA

8                          EASTERN DIVISION

9

10

11   CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                          JAMS Reference No. 1100049530
12              Plaintiff,

13        v.                              Consolidated with
                                          Case No. CV 04-09059
14   MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15              Defendant.                **ORDER GRANTING IN PART AND
                                          DENYING IN PART MATTEL'S
16                                        MOTION TO OVERRULE
                                          INSTRUCTIONS NOT TO ANSWER
17                                        DURING THE DEPOSITION OF
                                          CARTER BRYANT**

18
     CONSOLIDATED WITH
19   MATTEL, INC. v. BRYANT and
     MGA ENTERTAINMENT, INC. v. MATTEL,
20   INC.

21

22

23

24        Having considered Mattel, Inc.'s Motion To Overrule Instructions Not To Answer During

25   the Deposition of Carter Bryant, to Compel Bryant To Answer Those Questions, and for

26   Sanctions, and all other papers filed in opposition to or in connection therewith, and finding good

27   cause therefore,

28

Bryant v. Mattel, Inc.,                                                  1
CV-04-09049 SGL (RNBx)

EXHIBIT  37

PAGE  341

3-7

1         IT IS HEREBY ORDERED that

2         1.    Each of the instructions not to answer a deposition question marked as

3 "Overruled" in Attachment "A" hereto is hereby overruled and Carter Bryant is ordered to answer

4 those questions and reasonable follow up questions at further deposition;

5         2.    The deposition to answer said questions is limited to two hours;

6         3.    Carter Bryant and counsel shall comply fully with Rule 30 of the Federal Rules of

7 Civil Procedure;

8         4.    Counsel's instructions not to answer questions were, to a large extent, without

9 substantial justification. However, in lieu of monetary sanctions, Carter Bryant shall appear in

10 Los Angeles for the resumption of his deposition;

11         5.    The parties shall meet and confer to determine the scheduling of Carter Bryant's

12 deposition; and

13         6.    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a

14 Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

15

16 Dated: March 7 , 2007            _Edward A. Infante_

17                           HON. EDWARD A. INFANTE (Ret.)

                                  Discovery Master

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                               2

EXHIBIT 37

PAGE 342

**Exhibit A**

EXHIBIT 37

PAGE 343

1

<strong>ATTACHMENT "A"</strong>

2

<strong>INSTRUCTIONS NOT TO ANSWER AT ISSUE DURING THE BRYANT DEPOSITION</strong>

3

<strong>I. INSTRUCTIONS BASED ON THE ATTORNEY-CLIENT PRIVILEGE</strong>

4

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 1. | 17:21-18:8 | Attorney/client privilege | Overruled |
| 2. | 22:6-22:18 | Attorney/client privilege | Overruled |
| 3. | 36:25-37:22 | Attorney/client privilege<br>Lacks foundation<br>Calls for speculation | Overruled |
| 4. | 37:23-38:1 | Attorney/client privilege | Overruled |
| 5. | 38:2-38:9 | Attorney/client privilege | Overruled |
| 6. | 38:10-38:14 | Attorney/client privilege | Overruled |
| 7. | 41:2-42:18 | Attorney/client privilege | Overruled |
| 8. | 63:21-64:11 | Attorney/client privilege | Overruled |
| 9. | 64:12-64:16 | Attorney/client privilege<br>Joint Defense Privilege<br>Harassing | Overruled |
| 10. | 100:16-101:18 | Attorney/client privilege | Sustained because Bryant gave a complete response later. |
| 11. | 124:4-124:24 | Attorney/client privilege | Overruled |
| 12. | 125:7-125:11 | Attorney/client privilege | Overruled |
| 13. | 125:12-126:9 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 14. | 126:10-126:19 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 15. | 126:20-127:1 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 16. | 127:2-127:5 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 17. | 127:6-130:2 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 18. | 138:24-139:11 | Attorney/client privilege<br>Harassing<br>Burdensome | Sustained because Bryant gave a complete response later. |
| 19. | 184:17-190:1 | Attorney/client privilege | Overruled |
| 20. | 186:3-187:10 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 21. | 204:16-205:15 | Attorney/client privilege | Overruled |
| 22. | 215:13-216:8 | Attorney/client privilege | Overruled |
| 23. | 250:22-252:3 | Attorney/client privilege | Overruled |

EXHIBIT 37<br>PAGE 344

3

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 24. | 450:11-451:19 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 25. | 471:2-473:7 | Attorney/client privilege | Overruled |
| 26. | 476:9-476:24 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 27. | 478:1-478:21 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 28. | 478:22-480:7 | Potential Attorney/client privilege | Overruled |
| 29. | 481:14-482:1 | Attorney/client privilege Joint defense privilege | Sustained because Bryant gave an adequate response. |
| 30. | 622:10-622:23 | Attorney/client privilege | Overruled |
| 31. | 623:14-624:6 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 32. | 624:7-624:21 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 33. | 640:15-641:6 | Attorney/client privilege | Overruled |
| 34. | 641:20-642:5 | Attorney/client privilege | Overruled |
| 35. | 642:22-643:5 | Attorney/client privilege | Overruled |
| 36. | 650:2-654:13 | Attorney/client privilege | Withdrawn from Mattel's motion. |
| 37. | 654:14-654:25 | Attorney/client privilege Asked and Answered Badgering | Overruled |

## II. INSTRUCTIONS BASED ON THE JOINT DEFENSE PRIVILEGE

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 38. | 18:15-18:19 | Attorney/client privilege Joint defense privilege | Overruled |
| 39. | 18:20-19:21 | Attorney/client privilege Joint defense privilege | Overruled |
| 40. | 19:22-20:1 | Attorney/client privilege Joint defense privilege | Overruled |
| 41. | 20:2-20:21 | Attorney/client privilege Joint defense privilege | Overruled |
| 42. | 20:22-21:2 | Attorney/client privilege Joint defense privilege | Overruled |
| 43. | 21:8-21:12 | Attorney/client privilege Joint defense privilege | Overruled |
| 44. | 53:9-53:13 | Attorney/client privilege Joint defense privilege | Overruled |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT **37**

PAGE **345**

| | PAGE/LINE | | RULING |
|---|---|---|---|
| 45. | 59:2-59:9 | Attorney/client privilege<br>Attorney work product doctrine re<br>Any communication with MGA<br>General Counsel or people in the<br>General Counsel's office | Overruled |
| 46. | 59:10-59:17 | Attorney/client privilege<br>Attorney work product doctrine | Overruled |
| 47. | 60:1-60:13 | Attorney/client privilege<br>Joint defense privilege | Overruled |
| 48. | 60:14-61:1 | Attorney/client privilege<br>Joint defense privilege | Overruled |
| 49. | 99:12-99:22 | Attorney/client privilege<br>Joint defense privilege | Overruled |
| 50. | 269:14-270:1 | Attorney/client privilege<br>Joint defense privilege | Overruled |

## III. INSTRUCTIONS BASED ON NON-PRIVILEGE OBJECTIONS

| | PAGE/LINE | ALLEGED BASES FOR INSTRUCTION | RULING |
|---|---|---|---|
| 51. | 24:13-24:19 | Asked and answered<br>Harassing<br>Burdensome | Sustained because Bryant gave an adequate response earlier. |
| 52. | 45:25-46:9 | Privacy | Overruled |
| 53. | 111:21-113:12 | Witness' response on the record would be a guess | Sustained |
| 54. | 130:3-130:9 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 55. | 130:10-130:13 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 56. | 205:16-205:21 | Asked and answered<br>Burdensome<br>Harassing | Overruled |
| 57. | 249:7-249:13 | Confidentiality | Overruled |
| 58. | 249:14-249:19 | Confidentiality | Overruled |
| 59. | 253:9-253:17 | Asked and answered<br>Harassing | Overruled |
| 60. | 445:17-447:22 | Mischaracterization of witness' testimony<br>Asked and answered | Overruled |

EXHIBIT   31

PAGE   346

| | | | |
|---|---|---|---|
| 61. | 447:23-450:10 | Lacks foundation<br>Speculative<br>Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 62. | 565:18-566:3 | Calls for a legal conclusion<br>Lack of foundation<br>Speculative<br>Ambiguous | Overruled |
| 63. | 566:12-566:25 | Lacks foundation<br>Calls for a legal conclusion | Overruled |
| 64. | 598:7-599:13 | Asked and answered | Sustained because Bryant gave an adequate response earlier. |
| 65. | 599:14-600:7 | Asked and answered<br>Badgering the Witness<br>Harassing | Sustained because Bryant gave an adequate response earlier. |
| 66. | 641:7-641:18 | Asked and answered<br>Badgering the witness<br>Harassing | Sustained because Bryant gave an adequate response earlier. |
| 67. | 05:21-706:10 | Proper subject of expert testimony<br>Foundation<br>Not having done any accounting | Overruled |

IT IS SO ORDERED.

Dated: March 7, 2007

_____
HON. EDWARD A. INFANTE (Ret.)
Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 37

PAGE 347

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on March 7, 2007,

I served the attached ORDER GRANTING IN PART AND DENYING IN PART

MATTEL'S MOTION TO OVERRULE INSTRUCTIONS NOT TO ANSWER DURING

THE DEPOSITION OF CARTER BRYANT in the within action by e-mail addressed as

follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on March 7, 2007, at San Francisco, California.

_____
Sandra Chan

EXHIBIT __37__

PAGE __348__

# Exhibit 38

**CONFORMED COPY**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6                        UNITED STATES DISTRICT COURT

7                       CENTRAL DISTRICT OF CALIFORNIA

8                              EASTERN DIVISION

9

10

11  CARTER BRYANT, an individual,            CASE NO. C 04-09049 SGL (RNBx)
                                             JAMS Reference No.1100049530
12          Plaintiff,

13      v.                                   Consolidated with
                                             Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,    Case No. CV 05-2727

15          Defendant.                       ORDER GRANTING IN PART
                                             MATTEL'S MOTION FOR
16                                           ADDITIONAL TIME TO DEPOSE
                                             CARTER BRYANT FOR ALL
17                                           PURPOSES

18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21

22

23                          I. INTRODUCTION

24      On August 1, 2007, Mattel, Inc. ("Mattel") submitted its "Motion for Additional Time

25  and/or to Reopen the Deposition of Carter Bryant for all Purposes and to Overrule Additional

26  Instructions Not to Answer."  Pursuant to Rule 30(d)(3) and Rule 37, Fed.R.Civ.P., Mattel seeks

27  twenty-one additional hours of deposition time with Carter Bryant in order to "resume

28

    Bryant v. Mattel, Inc.,                                                              1
    CV-04-09049 SGL (RNBx)

EXHIBIT 38
PAGE 349

1   questioning Mr. Bryant on all areas that Mattel's counsel previously attempted to cover in his

2   prior deposition, as well as any other relevant areas in light of the expanded scope of this

3   litigation and discovery developments." Mattel's Proposed Order. Mattel also seeks an order

4   overruling objections asserted in response to 11 deposition questions. On August 15, 2007, Carter

5   Bryant ("Bryant") submitted an opposition brief. On August 22, 2007, Mattel submitted a reply

6   brief. The matter was heard on September 26, 2007. Having considered the motion papers and

7   the comments of counsel, and good cause appearing, Bryant is ordered to appear for an additional

8   nine (9) hours of deposition.

9                                   II. BACKGROUND

10          Mattel filed its suit against Bryant in April of 2004, claiming breach of contract, breach of

11  fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion. Shortly

12  thereafter, Mattel propounded document requests and noticed Bryant's deposition for June 29,

13  2004. After meeting and conferring and eventually obtaining a court order, Bryant appeared for

14  deposition on November 4, 2004, from 9:10 a.m. to 5:00 p.m., November 5, 2004, from 9:10 a.m.

15  to 4:57 p.m., and November 8, 2004, from 10:27 a.m. to 5:09 p.m., for a total of approximately 17

16  hours, excluding breaks.

17          In April of 2005, MGA filed its lawsuit against Mattel asserting numerous unfair

18  competition claims based upon allegations that Mattel engaged in "serial copycatting" of Bratz

19  dolls, Bratz "pets" and other Bratz products, Bratz television commercials and Bratz packaging.

20  In January of 2007, Mattel filed 13 counterclaims against Bryant, MGA and other defendants,

21  including copyright infringement, RICO violations, misappropriation of trade secrets, breach of

22  contract, intentional interference with contract, breach of fiduciary duty, breach of the duty of

23  loyalty, aiding and abetting, conversion, and unfair competition.

24          In February of 2007, Mattel filed a Motion to Overrule Instructions Not to Answer During

25  the Deposition of Carter Bryant, to Compel Bryant to Answer Those Questions, and for Sanctions

26  ("February 2007 Motion"). In the February 2007 Motion, Mattel argued that counsel for Bryant

27  and MGA obstructed the deposition by, among other things, asserting improper instructions not to

28

EXHIBIT 38

PAGE 350

1   answer, coaching, making lengthy speaking objections, interrupting Bryant in the middle of his

2   answers, and taking Bryant out of the deposition room with a question pending. Mattel identified

3   67 instances of allegedly improper conduct. Mattel substantially prevailed on its February 2007

4   Motion and Bryant was ordered to appear for an additional two hours of deposition to answer the

5   questions he was improperly instructed not to answer and reasonable follow up questions.

6       Mattel seeks an additional twenty-one hours of deposition on the grounds that: (1) new

7   claims, defenses, and parties have been added to the case after Bryant was deposed; (2)

8   defendants have now produced thousands of documents to Mattel since Bryant's deposition was

9   taken, including original Bratz drawings; (3) Bryant's and MGA's counsel prevented a fair

10   examination of Bryant; and (4) in eleven instances, Bryant's counsel assertedly did not have a

11   proper basis for instructing Bryant not to answer on privilege grounds.

12       Bryant opposes the motion on several grounds. Bryant contends that Mattel made the

13   tactical decision to depose him at the outset of the case when the parties had barely begun

14   document discovery, and must now face the consequences of that decision. Further, Bryant points

15   out that Mattel rejected his proposal to phase discovery so that document production would be

16   completed before depositions would take place. Because Mattel elected to proceed with Bryant's

17   deposition at the outset of the case, Bryant contends that neither the new claims, defenses nor the

18   documents produced after his deposition warrant additional deposition time.

19       Moreover, Bryant contends that the documents produced after his deposition do not justify

20   any further deposition time because (a) virtually all of the documents referenced in Mattel's

21   current motion had been produced before it filed its February 2007 Motion, and presumably

22   should have been included in that Motion; and (b) most of the documents referenced in Mattel's

23   motion were not produced by Bryant, but by other parties and non-parties. Bryant also contends

24   that Mattel's motion is premised upon misleading information about the history and contents of

25   his computer hard-drive. Lastly, Bryant contends Mattel's motion is an improper attempt to

26   relitigate its prior February 2007 Motion.

27   //

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT __38__

PAGE __351__

### III. STANDARDS

1  Pursuant to Rule 30(a)(2)(B), Fed.R.Civ.P., leave of court must be obtained before a witness may be deposed a second time in the same case. Leave of court "shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)." Furthermore, Rule 30(d)(2), Fed.R.Civ.P., provides that the court must allow additional time beyond the presumptive seven-hour limitation on a single deposition "consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstances, impedes or delays the examination."

Rule 26(b)(2), Fed.R.Civ.P., provides that the court shall limit the frequency or extent of use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

A party seeking a court order for additional time must show "good cause" to justify such an order. Boston Scientific Corp. v. Cordis Corp., 2004 WL 1945643 (N.D.Cal. 2004). "Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with respect to these new developments." Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc., 2007 WL 764302 (S.D. Ohio 2007).

### IV. DISCUSSION

A. New Claims and Defenses Justify Additional Time to Depose Bryant

The new claims and defenses that were added to the case after Bryant's deposition justify

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT 38

PAGE 352

1    additional deposition time. At the time Bryant's deposition was taken in 2004, Mattel had

2    asserted five state law claims against Bryant. After Bryant's deposition, MGA filed a complaint

3    against Mattel in April of 2005, asserting a variety of federal and state law unfair competition

4    claims. Without question, Bryant is a critical witness regarding MGA's unfair competition claims.

5    and Mattel has not had an opportunity to depose him on such claims.

6        In addition, Mattel filed a counterclaim against Bryant, MGA, and other defendants in

7    2007, asserting thirteen different claims, including violation of RICO, trademark

8    misappropriation, aiding and abetting, and copyright infringement. Bryant filed an answer

9    asserting over twenty affirmative defenses. Mattel has not had an opportunity to depose Bryant

10   on any of these claims or defenses.

11       In response, Bryant contends that if the amendment of claims justifies reopening his

12   deposition, it justifies reopening all depositions. Bryant also contends that additional deposition

13   time is unwarranted because there are several other discovery methods available to Mattel to

14   obtain relevant information about any new claims and defenses.

15       Bryant's arguments overlook one critical detail: Bryant is the central figure in this

16   litigation and arguably the most important witness for virtually every claim in the case. No other

17   witness in the case has his depth and breadth of relevant information. Furthermore,

18   interrogatories and requests for admission are not adequate substitutes for a face-to-face

19   deposition with the opportunity to examine the witness in depth.

20   B. New Evidence Justifies Additional Time to Depose Bryant

21       After Bryant's deposition, Defendants produced a substantial number of documents. This

22   production of documents provides further justification for additional time to depose Bryant. More

23   specifically, MGA produced more than 157,000 pages and Bryant produced more than 20,000

24   pages of documents. The size of the document production after Bryant's deposition is significant

25   in comparison to the 2,264 pages of documents produced prior to Bryant's deposition. More than

26   98 percent of Bryant's and MGA's collective document production took place after Bryant's

27   deposition.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 38

PAGE 353

1    In addition to the sheer quantity of documents produced after Bryant's deposition, Mattel

2    also emphasizes that the production included "dozens of key documents." For example, Bryant

3    produced his fee agreement on June 28, 2007. This agreement indicates that MGA has been

4    paying Bryant's legal fees and that MGA reserves the right to terminate the agreement at any time

5    for any reason, and if appropriate, seek reimbursement of any fees expended in Bryant's defense.

6    In Mattel's view, the fee agreement shows that Bryant has a strong bias to testify in favor of

7    MGA. Bryant also recently produced the hard drive of the computer he used during the relevant

8    period which has the "Evidence Eliminator" program installed. Mattel has not previously

9    questioned Bryant about these documents and should have an opportunity to do so. In addition,

10   Bryant has produced the originals of Bratz drawings, including those that bear handwritten dates

11   of September 1999 – a time when Bryant was allegedly employed by Mattel. Mattel has not had

12   an opportunity to question Bryant about those dates.

13       The documents produced by MGA also justify additional time to depose Bryant. For

14   example, MGA produced October 10, 2000 e-mails between Isaac Larian, Paula Garcia (formerly

15   Treantafelles), and Victoria O'Conner reflecting that Bryant performed work for MGA

16   approximately four hours a day starting the first part of September 2000 (while he was allegedly

17   still employed by Mattel). MGA also produced invoices showing that one vendor, Veronica

18   Marlowe, billed MGA for 169 hours of "Bratz dolls, research, development and support services"

19   that were performed from September 29, 2000 to October 20, 2000. MGA also produced a

20   facsimile from Bryant to David Rosenbaum, outside counsel for MGA, dated September 14,

21   2000, wherein Bryant stated he cannot ask Mattel's Human Resources any more questions about

22   his contract with Mattel "without risking suspicion." Proctor Decl., Ex. 2. Further, MGA

23   produced a declaration signed by Bryant that was submitted to the U.S. Patent and Trademark

24   Office, which Mattel contends contains false dates about the timing of Bratz's release and

25   indicates that Isaac Larian is the sole inventor of Bratz features which Bryant had previously

26   claimed he created.

27       Beyond the documents produced by Bryant and MGA, Mattel also identifies key

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT __38__

PAGE __354__

1   documents produced by third parties that provide further justification for additional time to

2   depose Bryant. For example, in February of 2005, Mattel obtained deposition testimony from

3   Anna Rhee which it contends establishes that she was painting three-dimensional Bratz heads by

4   June of 2000. In August of 2006, Union Bank produced documents showing that MGA issued

5   payments to Bryant on September 29, 2000, October 11, 2000, and October 13, 2000. Mattel

6   contends that these payments were issued while Bryant was still employed by Mattel. Further, in

7   September of 2006, Mattel obtained documents and testimony from Steven Linker which Mattel

8   contends establish that Bryant created a key design drawing that was the basis for three-

9   dimensional sculptures of Bratz dolls while Bryant was still employed by Mattel.

10          Mattel had access to many of the new documents prior to filing its February 2007 Motion,

11   and therefore could have included them in the February 2007 Motion. The February motion,

12   however, was focused on specific improper instructions not to answer and sought a specific order

13   requiring answers to specific questions. There is no procedural rule that required Mattel at that

14   time to seek additional deposition time on broader grounds.[1] Nor has Bryant been prejudiced by

15   Mattel's selective motion practice because his additional two-hour deposition has not yet

16   convened.

17   C.  Counsel's Conduct During Bryant's Deposition Was the Subject of a Prior Motion

18          Lastly, Mattel contends that Bryant's deposition should be reopened because counsel for

19   Bryant and MGA obstructed his deposition. More specifically, Mattel contends that defense

20   counsel obstructed the deposition by coaching Bryant, interposing lengthy narrative objections

21   and repeatedly taking Bryant out of the room with questions pending. These issues were fully

22   briefed in Mattel's earlier Motion to Overrule Instructions Not to Answer During the Deposition

23   of Carter Bryant, to Compel Bryant to Answer Those Questions, And for Sanctions, dated

24   February 1, 2007. Mattel substantially prevailed in its motion and was granted two additional

25   hours to depose Bryant.

26

27   ────────────
     [1]  Furthermore, there were several disputes regarding document production pending at that time that could
     ultimately affect the scope of a re-deposition.

28                                                                                              7

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 38

PAGE 355

1    Nevertheless, Mattel now points to twelve additional instances of allegedly improper
2  instructions not to answer which it contends justify additional time to depose Bryant. Such
3  piecemeal litigation over instructions not to answer specific questions in a deposition is
4  unwarranted. Mattel should have included these twelve additional instructions not to answer in its
5  earlier motion.

6  D. Twenty-One Additional Hours of Deposition Time is Excessive

7    Although the new claims and defenses justify additional deposition time, Mattel's request
8  for twenty-one hours is excessive. There is a significant overlap between the factual bases for
9  Mattel's claims against Bryant and the newly added claims and Bryant has already been deposed
10  for seventeen hours. Furthermore, even if the new claims and defenses asserted are treated as an
11  entirely new lawsuit, Rule 30(d)(2), Fed.R.Civ.P., imposes a presumptive one day, seven-hour
12  limitation on depositions. The new claims and defenses do not justify exceeding the presumptive
13  seven-hour limit by a factor of three.

14    Beyond the new claims and defenses, the substantial document production that took place
15  after Bryant's deposition provides only a marginal degree of additional good cause to depose
16  Bryant further. This is because Mattel made the tactical decision to depose Bryant very early in
17  the case, when the parties had barely begun document discovery. Mattel filed its suit against
18  Bryant in April of 2004, and noticed his deposition for June 29, 2004. Pursuant to court order,
19  Bryant eventually appeared for deposition on November 4, 5, and 8, 2004. Mattel was well aware
20  of the state of discovery when it proceeded with Bryant's deposition, and the circumstances
21  Mattel now faces are partially due to its tactical choices.

22                              V. CONCLUSION

23    For the reasons set forth above, good cause exists to authorize additional time to depose
24  Carter Bryant pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure.

25    Bryant is ordered to appear for deposition for an additional nine (9) hours, including the
26  two hours previously granted pursuant to the Order Granting in Part and Denying in Part Mattel's
27  Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, dated

28
   Bryant v. Mattel, Inc.,                                                    8
   CV-04-09049 SGL (RNBx)

EXHIBIT 38

PAGE 356

1   March 7, 2007.  Given the factual overlap between the newly added claims and defenses and

2   Mattel's initial complaint, and in the interest of avoiding disputes at the deposition regarding the

3   appropriate subject matter scope of the deposition, Mattel may question Bryant on "any matter,

4   not privileged, that is relevant to the claim or defense of any party."  Rule 26, Fed.R.Civ.P.

5   Further, counsel shall comply with Rule 30(d)(1), Fed.R.Civ.P.

6           The parties shall meet and confer to schedule the resumption of Mr. Bryant's deposition to

7   be held at a mutually convenient time and place.

8           Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

9   Master, Mattel shall file this Order with the Clerk of Court forthwith.

10

11

12  Dated: September 28, 2007

        HON. EDWARD A. INFANTE (Ret.)
                Discovery Master

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                        9

EXHIBIT 38

PAGE 357

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 28,
2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION FOR
ADDITIONAL TIME TO DEPOSE CARTER BRYANT FOR ALL PURPOSES in the
within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the
above is true and correct.

Executed on September 28, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT __38__

PAGE __358__

# COPY

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7               UNITED STATES DISTRICT COURT

8               CENTRAL DISTRICT OF CALIFORNIA

9                     EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No.1100049530
12          Plaintiff,

13      v.                                 Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15          Defendant.                     ORDER GRANTING IN PART
                                           MATTEL'S MOTION FOR
16                                         ADDITIONAL TIME TO DEPOSE
                                           CARTER BRYANT FOR ALL
17                                         PURPOSES

18  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
19  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
20

21

22

23                    I. INTRODUCTION

24      On August 1, 2007, Mattel, Inc. ("Mattel") submitted its "Motion for Additional Time

25  and/or to Reopen the Deposition of Carter Bryant for all Purposes and to Overrule Additional

26  Instructions Not to Answer." Pursuant to Rule 30(d)(3) and Rule 37, Fed.R.Civ.P., Mattel seeks

27  twenty-one additional hours of deposition time with Carter Bryant in order to "resume

28
    Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

EXHIBIT __38__

PAGE __359__

1   questioning Mr. Bryant on all areas that Mattel's counsel previously attempted to cover in his

2   prior deposition, as well as any other relevant areas in light of the expanded scope of this

3   litigation and discovery developments." Mattel's Proposed Order. Mattel also seeks an order

4   overruling objections asserted in response to 11 deposition questions. On August 15, 2007, Carter

5   Bryant ("Bryant") submitted an opposition brief. On August 22, 2007, Mattel submitted a reply

6   brief. The matter was heard on September 26, 2007. Having considered the motion papers and

7   the comments of counsel, and good cause appearing, Bryant is ordered to appear for an additional

8   nine (9) hours of deposition.

9                                    II. BACKGROUND

10         Mattel filed its suit against Bryant in April of 2004, claiming breach of contract, breach of

11   fiduciary duty, breach of the duty of loyalty, unjust enrichment and conversion. Shortly

12   thereafter, Mattel propounded document requests and noticed Bryant's deposition for June 29,

13   2004. After meeting and conferring and eventually obtaining a court order, Bryant appeared for

14   deposition on November 4, 2004, from 9:10 a.m. to 5:00 p.m., November 5, 2004, from 9:10 a.m.

15   to 4:57 p.m., and November 8, 2004, from 10:27 a.m. to 5:09 p.m., for a total of approximately 17

16   hours, excluding breaks.

17         In April of 2005, MGA filed its lawsuit against Mattel asserting numerous unfair

18   competition claims based upon allegations that Mattel engaged in "serial copycatting" of Bratz

19   dolls, Bratz "pets" and other Bratz products, Bratz television commercials and Bratz packaging.

20   In January of 2007, Mattel filed 13 counterclaims against Bryant, MGA and other defendants,

21   including copyright infringement, RICO violations, misappropriation of trade secrets, breach of

22   contract, intentional interference with contract, breach of fiduciary duty, breach of the duty of

23   loyalty, aiding and abetting, conversion, and unfair competition.

24         In February of 2007, Mattel filed a Motion to Overrule Instructions Not to Answer During

25   the Deposition of Carter Bryant, to Compel Bryant to Answer Those Questions, and for Sanctions

26   ("February 2007 Motion"). In the February 2007 Motion, Mattel argued that counsel for Bryant

27   and MGA obstructed the deposition by, among other things, asserting improper instructions not to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    2

EXHIBIT __38__

PAGE __360__

1   answer, coaching, making lengthy speaking objections, interrupting Bryant in the middle of his

2   answers, and taking Bryant out of the deposition room with a question pending.  Mattel identified

3   67 instances of allegedly improper conduct.  Mattel substantially prevailed on its February 2007

4   Motion and Bryant was ordered to appear for an additional two hours of deposition to answer the

5   questions he was improperly instructed not to answer and reasonable follow up questions.

6          Mattel seeks an additional twenty-one hours of deposition on the grounds that: (1) new

7   claims, defenses, and parties have been added to the case after Bryant was deposed; (2)

8   defendants have now produced thousands of documents to Mattel since Bryant's deposition was

9   taken, including original Bratz drawings; (3) Bryant's and MGA's counsel prevented a fair

10  examination of Bryant; and (4) in eleven instances, Bryant's counsel assertedly did not have a

11  proper basis for instructing Bryant not to answer on privilege grounds.

12         Bryant opposes the motion on several grounds.  Bryant contends that Mattel made the

13  tactical decision to depose him at the outset of the case when the parties had barely begun

14  document discovery, and must now face the consequences of that decision.  Further, Bryant points

15  out that Mattel rejected his proposal to phase discovery so that document production would be

16  completed before depositions would take place.  Because Mattel elected to proceed with Bryant's

17  deposition at the outset of the case, Bryant contends that neither the new claims, defenses nor the

18  documents produced after his deposition warrant additional deposition time.

19         Moreover, Bryant contends that the documents produced after his deposition do not justify

20  any further deposition time because (a) virtually all of the documents referenced in Mattel's

21  current motion had been produced before it filed its February 2007 Motion, and presumably

22  should have been included in that Motion; and (b) most of the documents referenced in Mattel's

23  motion were not produced by Bryant, but by other parties and non-parties.  Bryant also contends

24  that Mattel's motion is premised upon misleading information about the history and contents of

25  his computer hard-drive.  Lastly, Bryant contends Mattel's motion is an improper attempt to

26  relitigate its prior February 2007 Motion.

27  //

28

EXHIBIT 38

PAGE 361

3

1                   III. STANDARDS

2         Pursuant to Rule 30(a)(2)(B), Fed.R.Civ.P., leave of court must be obtained before a

3  witness may be deposed a second time in the same case.  Leave of court "shall be granted to the

4  extent consistent with the principles stated in Rule 26(b)(2)."  Furthermore, Rule 30(d)(2),

5  Fed.R.Civ.P., provides that the court must allow additional time beyond the presumptive seven-

6  hour limitation on a single deposition "consistent with Rule 26(b)(2) if needed for a fair

7  examination of the deponent or if the deponent or another person, or other circumstances,

8  impedes or delays the examination."

9         Rule 26(b)(2), Fed.R.Civ.P., provides that the court shall limit the frequency or extent of

10  use of the discovery methods if the court determines that "(i) the discovery sought is unreasonably

11  cumulative or duplicative, or is obtainable from some other source that is more convenient, less

12  burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

13  discovery in the action to obtain the information sought; or (iii) the burden or expense of the

14  proposed discovery outweighs its likely benefit, taking into account the needs of the case, the

15  amount in controversy, the parties' resources, the importance of the issues at stake in the

16  litigation, and the importance of the proposed discovery in resolving the issues."  Fed.R.Civ.P.

17  26(b)(2).

18         A party seeking a court order for additional time must show "good cause" to justify such

19  an order.  Boston Scientific Corp. v. Cordis Corp., 2004 WL 1945643 (N.D.Cal. 2004).

20  "Typically, if, after a witness is deposed, new information comes to light relating to the subject of

21  that deposition, new parties are added to the case, new allegations are made in pleadings, or new

22  documents are produced, the witness may be re-deposed with respect to these new

23  developments."  Fresenius Medical Care Holdings, Inc. v. Roxane Laboratories, Inc., 2007 WL

24  764302 (S.D. Ohio 2007).

25                  IV. DISCUSSION

26  A.  New Claims and Defenses Justify Additional Time to Depose Bryant

27         The new claims and defenses that were added to the case after Bryant's deposition justify

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 38

PAGE 362

1   additional deposition time.  At the time Bryant's deposition was taken in 2004, Mattel had

2   asserted five state law claims against Bryant.  After Bryant's deposition, MGA filed a complaint

3   against Mattel in April of 2005, asserting a variety of federal and state law unfair competition

4   claims.  Without question, Bryant is a critical witness regarding MGA's unfair competition claims

5   and Mattel has not had an opportunity to depose him on such claims.

6          In addition, Mattel filed a counterclaim against Bryant, MGA, and other defendants in

7   2007, asserting thirteen different claims, including violation of RICO, trademark

8   misappropriation, aiding and abetting, and copyright infringement.  Bryant filed an answer

9   asserting over twenty affirmative defenses.  Mattel has not had an opportunity to depose Bryant

10  on any of these claims or defenses.

11         In response, Bryant contends that if the amendment of claims justifies reopening his

12  deposition, it justifies reopening all depositions.  Bryant also contends that additional deposition

13  time is unwarranted because there are several other discovery methods available to Mattel to

14  obtain relevant information about any new claims and defenses.

15         Bryant's arguments overlook one critical detail:  Bryant is the central figure in this

16  litigation and arguably the most important witness for virtually every claim in the case.  No other

17  witness in the case has his depth and breadth of relevant information.  Furthermore,

18  interrogatories and requests for admission are not adequate substitutes for a face-to-face

19  deposition with the opportunity to examine the witness in depth.

20  B.  New Evidence Justifies Additional Time to Depose Bryant

21         After Bryant's deposition, Defendants produced a substantial number of documents.  This

22  production of documents provides further justification for additional time to depose Bryant.  More

23  specifically, MGA produced more than 157,000 pages and Bryant produced more than 20,000

24  pages of documents.  The size of the document production after Bryant's deposition is significant

25  in comparison to the 2,264 pages of documents produced prior to Bryant's deposition.  More than

26  98 percent of Bryant's and MGA's collective document production took place after Bryant's

27  deposition.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 38
PAGE 363

5

1    In addition to the sheer quantity of documents produced after Bryant's deposition, Mattel
2    also emphasizes that the production included "dozens of key documents." For example, Bryant
3    produced his fee agreement on June 28, 2007. This agreement indicates that MGA has been
4    paying Bryant's legal fees and that MGA reserves the right to terminate the agreement at any time
5    for any reason, and if appropriate, seek reimbursement of any fees expended in Bryant's defense.
6    In Mattel's view, the fee agreement shows that Bryant has a strong bias to testify in favor of
7    MGA. Bryant also recently produced the hard drive of the computer he used during the relevant
8    period which has the "Evidence Eliminator" program installed. Mattel has not previously
9    questioned Bryant about these documents and should have an opportunity to do so. In addition,
10   Bryant has produced the originals of Bratz drawings, including those that bear handwritten dates
11   of September 1999 – a time when Bryant was allegedly employed by Mattel. Mattel has not had
12   an opportunity to question Bryant about those dates.
13       The documents produced by MGA also justify additional time to depose Bryant. For
14   example, MGA produced October 10, 2000 e-mails between Isaac Larian, Paula Garcia (formerly
15   Treantafelles), and Victoria O'Conner reflecting that Bryant performed work for MGA
16   approximately four hours a day starting the first part of September 2000 (while he was allegedly
17   still employed by Mattel). MGA also produced invoices showing that one vendor, Veronica
18   Marlowe, billed MGA for 169 hours of "Bratz dolls, research, development and support services"
19   that were performed from September 29, 2000 to October 20, 2000. MGA also produced a
20   facsimile from Bryant to David Rosenbaum, outside counsel for MGA, dated September 14,
21   2000, wherein Bryant stated he cannot ask Mattel's Human Resources any more questions about
22   his contract with Mattel "without risking suspicion." Proctor Decl., Ex. 2. Further, MGA
23   produced a declaration signed by Bryant that was submitted to the U.S. Patent and Trademark
24   Office, which Mattel contends contains false dates about the timing of Bratz's release and
25   indicates that Isaac Larian is the sole inventor of Bratz features which Bryant had previously
26   claimed he created.
27       Beyond the documents produced by Bryant and MGA, Mattel also identifies key
28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT 38

PAGE 364

1  documents produced by third parties that provide further justification for additional time to

2  depose Bryant.  For example, in February of 2005, Mattel obtained deposition testimony from

3  Anna Rhee which it contends establishes that she was painting three-dimensional Bratz heads by

4  June of 2000.  In August of 2006, Union Bank produced documents showing that MGA issued

5  payments to Bryant on September 29, 2000, October 11, 2000, and October 13, 2000.  Mattel

6  contends that these payments were issued while Bryant was still employed by Mattel.  Further, in

7  September of 2006, Mattel obtained documents and testimony from Steven Linker which Mattel

8  contends establish that Bryant created a key design drawing that was the basis for three-

9  dimensional sculptures of Bratz dolls while Bryant was still employed by Mattel.

10        Mattel had access to many of the new documents prior to filing its February 2007 Motion,

11  and therefore could have included them in the February 2007 Motion.  The February motion,

12  however, was focused on specific improper instructions not to answer and sought a specific order

13  requiring answers to specific questions.  There is no procedural rule that required Mattel at that

14  time to seek additional deposition time on broader grounds.[1]  Nor has Bryant been prejudiced by

15  Mattel's selective motion practice because his additional two-hour deposition has not yet

16  convened.

17  C.  Counsel's Conduct During Bryant's Deposition Was the Subject of a Prior Motion

18        Lastly, Mattel contends that Bryant's deposition should be reopened because counsel for

19  Bryant and MGA obstructed his deposition.  More specifically, Mattel contends that defense

20  counsel obstructed the deposition by coaching Bryant, interposing lengthy narrative objections

21  and repeatedly taking Bryant out of the room with questions pending.  These issues were fully

22  briefed in Mattel's earlier Motion to Overrule Instructions Not to Answer During the Deposition

23  of Carter Bryant, to Compel Bryant to Answer Those Questions, And for Sanctions, dated

24  February 1, 2007.  Mattel substantially prevailed in its motion and was granted two additional

25  hours to depose Bryant.

26

27      [1] Furthermore, there were several disputes regarding document production pending at that time that could ultimately affect the scope of a re-deposition.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT 38

PAGE 365

1        Nevertheless, Mattel now points to twelve additional instances of allegedly improper

2   instructions not to answer which it contends justify additional time to depose Bryant. Such

3   piecemeal litigation over instructions not to answer specific questions in a deposition is

4   unwarranted. Mattel should have included these twelve additional instructions not to answer in its

5   earlier motion.

6   <u>D. Twenty-One Additional Hours of Deposition Time is Excessive</u>

7        Although the new claims and defenses justify additional deposition time, Mattel's request

8   for twenty-one hours is excessive. There is a significant overlap between the factual bases for

9   Mattel's claims against Bryant and the newly added claims and Bryant has already been deposed

10  for seventeen hours. Furthermore, even if the new claims and defenses asserted are treated as an

11  entirely new lawsuit, Rule 30(d)(2), Fed.R.Civ.P., imposes a presumptive one day, seven-hour

12  limitation on depositions. The new claims and defenses do not justify exceeding the presumptive

13  seven-hour limit by a factor of three.

14       Beyond the new claims and defenses, the substantial document production that took place

15  after Bryant's deposition provides only a marginal degree of additional good cause to depose

16  Bryant further. This is because Mattel made the tactical decision to depose Bryant very early in

17  the case, when the parties had barely begun document discovery. Mattel filed its suit against

18  Bryant in April of 2004, and noticed his deposition for June 29, 2004. Pursuant to court order,

19  Bryant eventually appeared for deposition on November 4, 5, and 8, 2004. Mattel was well aware

20  of the state of discovery when it proceeded with Bryant's deposition, and the circumstances

21  Mattel now faces are partially due to its tactical choices.

22  V. CONCLUSION

23       For the reasons set forth above, good cause exists to authorize additional time to depose

24  Carter Bryant pursuant to Rule 30(d)(2) of the Federal Rules of Civil Procedure.

25       Bryant is ordered to appear for deposition for an additional nine (9) hours, including the

26  two hours previously granted pursuant to the Order Granting in Part and Denying in Part Mattel's

27  Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, dated

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 38

PAGE 366

1   March 7, 2007.  Given the factual overlap between the newly added claims and defenses and

2   Mattel's initial complaint, and in the interest of avoiding disputes at the deposition regarding the

3   appropriate subject matter scope of the deposition, Mattel may question Bryant on "any matter,

4   not privileged, that is relevant to the claim or defense of any party."  Rule 26, Fed.R.Civ.P.

5   Further, counsel shall comply with Rule 30(d)(1), Fed.R.Civ.P.

6        The parties shall meet and confer to schedule the resumption of Mr. Bryant's deposition to

7   be held at a mutually convenient time and place.

8        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

9   Master, Mattel shall file this Order with the Clerk of Court forthwith.

10

11

12  Dated: September 28, 2007

13                                          HON. EDWARD A. INFANTE (Ret.)
                                            Discovery Master

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                        9

EXHIBIT ___38___

PAGE ___367___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on September 28, 2007, I served the attached ORDER GRANTING IN PART MATTEL'S MOTION FOR ADDITIONAL TIME TO DEPOSE CARTER BRYANT FOR ALL PURPOSES in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Michael C. Keats, Esq. | O'Melveny & Myers LLP | mkeats@omm.com |
| Kendall Burr, Esq. | O'Melveny & Myers LLP | kburr@omm.com |
| Melanie Bradley, Esq. | O'Melveny & Myers LLP | mbradley@omm.com |
| Marvin Putnam, Jr., Esq. | O'Melveny & Myers LLP | mputnam@omm.com |
| William Charron, Esq. | O'Melveny & Myers LLP | wcharron@omm.com |
| Marc Feinstein, Esq. | O'Melveny & Myers LLP | mfeinstein@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on September 28, 2007, at San Francisco, California.

Sandra Chan

EXHIBIT 38

PAGE 368

# Exhibit 39

*Ed*

~~[PROPOSED]~~ ORDER

Having considered Mattel, Inc.'s Motion To Compel MGA To Produce Witnesses For Deposition Pursuant To <u>Rule</u> 30(b)(6) (the "Motion"), and all other papers and argument submitted in support of or opposition to the Motion, and finding good cause therefor, Mattel's Motion is GRANTED.

IT IS HEREBY ORDERED that:

1.   MGA shall make Paula Garcia available for deposition on or before June 15, 2007 as a designee on Topics 1-3 and 6-8 of Mattel's Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 16, 2005 and in her individual capacity.

2.   MGA shall confirm its designees and the dates of the designees' availability for deposition for all Topics except Topic Nos. 25 and 26 in Mattel's Notice of Deposition of MGA Pursuant to <u>Rule</u> 30(b)(6) dated February 1, 2007 (the "Second Notice") on or before May 22, 2007.

3.   MGA shall make its designees for all Topics in the Second Notice, except Topic Nos. 25 and 26, available for deposition on or before June 30, 2007.

4.   The parties shall meet and confer regarding the timing of the depositions on Topic Nos. 25 and 26 of the Second Notice.  Such depositions may take place after June 30, 2007.

5.   All of MGA's objections and/or limitations regarding the Topics in Mattel's <u>Rule</u> 30(b)(6) deposition notices are overruled.

//
//
//
//
//
//

EXHIBIT **39**

PAGE **370**

07209/2121176.1

-1-

ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

2.   6.   Mattel's request for sanctions is denied.

**IT IS SO ORDERED.**

DATED: _May 16,_____, 2007

_Edward A. Infante_ (signature)
Hon. Edward A. Infante (Ret.)
Discovery Master

EXHIBIT **39**

PAGE **371**

-2-
ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA

07209/2121176.1

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 17, 2007, I served the attached ORDER GRANTING MATTEL INC.'S MOTION TO COMPEL MGA TO PRODUCE WITNESSES FOR DEPOSITION PURSUANT TO RULE 30(B)(6) in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 17, 2007, at San Francisco, California

_____

Anthony R. Sales

EXHIBIT 39

PAGE 372

**CONFORMED COPY**

FILED

2007 MAY 18  PM 3: 45

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

CALENDARED

8  Attorneys for Mattel, Inc.

9

10                  UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

                          EASTERN DIVISION
12

13  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

14            Plaintiff,                  Consolidated with
                                          Case No. CV 04-09059
15       vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware corporation, **DISCOVERY MATTER**

17            Defendant.                  Hon. Edward A. Infante (Ret.)
                                          Discovery Master
18  ─────────────────────────────
    AND CONSOLIDATED CASES              [PROPOSED] ORDER GRANTING
19                                       MATTEL INC.'S MOTION TO
                                         COMPEL MGA TO PRODUCE
20                                       WITNESSES FOR DEPOSITION
                                         PURSUANT TO RULE 30(B)(6)
21
                                         Date:  May 15, 2007
22                                       Time:  8:15 a.m.
                                         Place:  Telephonic
23
                                         Discovery Cut-Off:  October 22, 2007
24                                       Pre-Trial Conference:  January 14, 2008
                                         Trial Date:  February 12, 2008
25

26

27                                       EXHIBIT  39

28                                       PAGE  369

07209/2121176.1

ORDER GRANTING MATTEL'S MOTION TO COMPEL DEPOSITION OF MGA