# Exhibit 55

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                   Date: January 7, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                           Theresa Lanza
            Courtroom Deputy Clerk               Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT: **Christa Martine Anderson**  **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:             ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                    GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                       **Mark E. Overland**
**Anna Park**
                                       ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-              STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND               ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**          KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:    **ORDER GRANTING IN PART AND DENYING IN PART
                MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL
                DISCOVERY (DOCKET #1134)**

                **ORDER GRANTING MOTION TO ENFORCE THE COURT'S
                ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR
                SANCTIONS  (DOCKET #1143)**

MINUTES FORM 90                                    Initials of Deputy Clerk: jh
CIVIL -- GEN                    1                   Time: 1/30

EXHIBIT __55__

PAGE __517__

### ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

### ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

### MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART.** Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

EXHIBIT __55__

PAGE __518__

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel.  Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13).  Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes.  Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant.  The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**.  The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language.  Machado must file an affidavit that complies with the

MINUTES FORM 90
CIVIL -- GEN                                    3

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT __55__

PAGE __519__

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard prior to the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT __55__

PAGE __520__

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as
only one deposition for purposes of determining the total number of depositions
conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that
they serve subpoenas on all these deponents other than the current officers of
Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To
the extent that Mattel has made prior written agreements to produce deponents who
are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to
coordinate their schedules with those of the deponents such that the depositions are
held prior to the discovery cutoff date of January 28, 2008.  However, as set forth
above in connection with Mattel's motion to take additional discovery, Phase 2
depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT __55__

PAGE __521__

# Exhibit 56

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 90378)
2       (johnquinn@quinnemanuel.com)
       Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
       Timothy L. Alger (Bar No. 160303)
5       (timalger@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
     Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

8   Attorneys for Mattel, Inc.

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

12
    CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
13
                Plaintiff,                  Consolidated with
14                                          Case No. CV 04-09059
                                            Case No. CV 05-02727
15       vs.
                                            **DISCOVERY MATTER**
16
    MATTEL, INC., a Delaware                **[To Be Heard By Discovery Master**
17  corporation,                            **Hon. Edward Infante (Ret.)]**

18              Defendant.                  SECOND SUPPLEMENTAL
                                            DECLARATION OF JON COREY IN
19                                          SUPPORT OF MATTEL, INC.'S
                                            MOTION TO COMPEL DEPOSITION
20                                          OF CARLOS GUSTAVO MACHADO
    AND CONSOLIDATED ACTIONS                GOMEZ
21
22                                          Date:   January 16, 2008
                                            Time:   9:00 a.m.
23                                          Place:  Telephonic Hearing

24                                          **Phase 1**
                                            Discovery Cut-Off: January 28, 2008
25                                          Pre-Trial Conference: May 5, 2008
                                            Trial Date: May 27, 2008
26
27                                          EXHIBIT __56__

28                                          PAGE __522__

07209/2351295.1                    _1-13_

                                   SUPPLEMENTAL DECLARATION OF JON COREY

## SECOND SUPPLEMENTAL DECLARATION OF JON COREY

I, Jon Corey, declare as follows:

1.      I am a member of the bar of the State of California and the District of Columbia, am admitted to practice before this Court and am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      On December 6, 2007, counsel for Carlos Gustavo Machado Gomez ("Machado"), Alexander Cote, offered to make Machado available for deposition on January 15, 2008 in Mexico City. Attached as Exhibit 1 is a true and correct copy of an email from Alexander Cote to my colleague, Dylan Proctor, dated December 6, 2007.

3.      On the next day, my partner Dylan Proctor wrote to Mr. Cote and confirmed that Mattel would take Machado's deposition on January 15, 2008 in Mexico City. Attached as Exhibit 2 is a true and correct copy of an email from Dylan Proctor to Alexander Cote dated December 7, 2007.

4.      On December 24, 2007, Mattel served an Amended Notice of Deposition of Carlos Gustavo Machado, setting January 15, 2008 as the deposition date pursuant to the agreement of between Mattel and Machado and as an accommodation to Mr. Machado. Attached as Exhibit 3 is a true and correct copy of the Amended Notice of Deposition of Carlos Gusatavo Machado dated December 24, 2007.

5.      On January 11, 2008, at approximately 3:00 p.m., Mr. Cote called me and asked me to agree to continue the hearing on Mattel's Motion to Compel: (1) Deposition of Carlos Gustavo Machao Gomez; and (2) Consent to Production of Electronic Mail Messages which the Discovery Master had set for hearing on January 16, 2008. He said that he would not be available on the morning of January 16 because he would be out of town due to the deposition of Mr.

07209/2351295.1

EXHIBIT __56__  -2-

PAGE __523__

SUPPLEMENTAL DECLARATION OF JON COREY

1  Machado in Mexico City, Mexico.  Based on his representation that the Machado

2  deposition would go forward, I told him that he could represent to the Discovery

3  Master that Mattel would agree to a continuance of the hearing on the Motion to

4  February 8, 2008, the Discovery Master's next hearing date.

5          6.     At 3:20 p.m. on January 11, 2008, Mr. Cote sent an electronic

6  mail message to Ms. Sandra Chan in which he asked that the hearing on Mattel's

7  Motion be continued to February 8, 2008.  The basis for his request was as follows:

8          The deposition of our client in this case, Gustavo

9          Machado, is set for January 15, 2008. The deposition is set

10          for Mexico City. Our travel arrangements are such that we

11          will be departing Mexico City to return to Los Angeles at

12          11:00 AM on January 16. Because Mexico City is two

13          hours ahead of Los Angeles, the flight departure time is

14          9:00 AM Pacific Time, the exact hour set for the hearing

15          on the Motion.

16  A true and correct copy of Mr. Cote's e-mail message to Ms. Chan is attached as

17  Exhibit 4.

18          7.     The next morning, Amy Park, counsel for MGA, informed my

19  colleague, Michael Zeller, that Machado's deposition would have to be cancelled.

20  Attached as Exhibit 5 is a true and correct copy of an email from Amy Park to

21  Michael Zeller dated January 12, 2008.  Her justification for the purported canceling

22  was that Jack DiCanio, a Skadden Arps attorney, had a scheduling conflict with a

23  sentencing hearing in the "Reyes" case.  Ms. Park further wrote that Mr. Machado's

24  deposition would need to proceed after the Phase 1 trial.

25          8.     Mr. Zeller responded to Ms. Park by saying that she did not

26  represent Mr. Machado and could not therefore unilaterally cancel his deposition.

27  Mr. Zeller further stated that the deposition would go forward as noticed. A true and

28  correct copy of Mr. Zeller's e-mail message to Ms. Park is attached as Exhibit 6.

EXHIBIT __66__

PAGE __524__

-3-

SUPPLEMENTAL DECLARATION OF JON COREY

1    9.    Shortly thereafter, Mr. Cote, who the prior afternoon had

2  represented to the Discovery Master's case manager that the deposition would go

3  forward, wrote that "Mr. Machado will not be appearing on the 15th.  Accordingly,

4  the deposition will not be going forward." A true and correct copy of Mr. Cote's

5  January 12, 2008 e-mail message is attached as Exhibit 7.

6    10.    The purported justification for the Mr. DiCanio's unavailability is

7  a sentencing in the "Reyes" case.  Mattel understands this to be United States v.

8  Reyes, Case No. C 06-00556-1 CRB pending in the Northern District of California.

9  MGA's counsel, and Mr. Di Canio, had notice of the sentencing for weeks.  On

10  December 20, 2007, Judge Breyer issued an order setting the sentencing for January

11  16, 2008.  A true and correct copy of that order is attached as Exhibit 8.  Moreover,

12  while other counsel at the Skadden Arps firm appear as counsel of record in that

13  case, Mr. DiCanio does not appear to be counsel of record.  A true and correct copy

14  of the portions of the docket that identify counsel of record in United States v.

15  Reyes, Case No. C 06-00556-1, are attached as Exhibit 9.

16    11.    Notwithstanding Ms. Park's insistence that Mr. Machado's

17  deposition proceed after the Phase 1 trial, Judge Larson recently ordered that Mr.

18  Machado's deposition must be completed by January 28, 2008.  On page 3 of a

19  January 7, 2008 order Judge Larson granted "Mattel's request to take the individual

20  depositions . . . relating to the trade secret and RICO claims (set forth in the moving

21  papers at 13)."  On page 5 of the order, Judge Larson ruled with respect to "all" of

22  the depositions permitted by the order, "all counsel are expected to coordinate their

23  schedules with those of the deponents such that the depositions are held prior to the

24  discovery cut off date of January 28, 2008."  A true and correct copy of the January

25  7, 2008 Minute Order is attached as Exhibit 10.  Mr. Machado is one of the persons

26  who was identified on page 13 of Mattel's motion and whose deposition is

27  compelled.  A true and correct copy of the caption page and page 13 of the Notice of

28

EXHIBIT __56__

PAGE __525__    -4-

SUPPLEMENTAL DECLARATION OF JON COREY

1  Motion and Motion of Mattel, Inc. for Leave to Take Additional Discovery is
2  attached as Exhibit 11.

3        12.    Ms. Park's claim that defendants are entitled to unilaterally
4  extend Mr. Machado's deposition, as a claimed Phase 2 deposition, until after Phase
5  1 trial is also inconsistent with the Court's Orders rejecting defendants' requests
6  seeking the bifurcation of discovery between Phase 1 and Phase 2. Most recently, in
7  an October 31, 2007 Minute Order Judge Larson ruled that "the Court DENIES
8  MGA's request to delay or otherwise bifurcate discovery regarding Phase 2 issues."
9  A true and correct copy of the October 31, 2007 Minute Order is attached as Exhibit
10  12. It is also inconsistent with defendants' discovery demands. As recently as today,
11  defendants' counsel insisted during a telephonic conference that Mattel produce
12  several Phase 2 witnesses for deposition in February 2008 or before.

13        13.    Mattel agreed to take the deposition of Mr. Machado in Mexico
14  City at the request of Mr. Machado's counsel and to accommodate Mr. Machado.
15  With this agreement, Mattel anticipated incurring the costs of having a court
16  reporter and a videographer travel to Mexico City and the costs associated with their
17  lodging while there for the deposition. Because of the unjustified and last minute
18  cancellation of the deposition of Mr. Machado, which had been compelled, Mattel
19  respectfully requests that the Discovery Master compel Mr. Machado to appear for
20  deposition in Los Angeles, California prior to January 28, 2008 on a date of Mattel's
21  choosing.

22        I declare under penalty of perjury under the laws of the United States of
23  America that the foregoing is true and correct.

24        Executed on January 13, 2008, at Los Angeles, California.

25
26      By
27          Jon Corey
28

EXHIBIT **56**

PAGE **526**   -5-

SUPPLEMENTAL DECLARATION OF JON COREY

07209/2351295.1

Exhibit 5

EXHIBIT __56__

PAGE __527__

----- Original Message -----
From: Park, Amy S <Amy.Park@skadden.com>
To: Michael T Zeller
Cc: Nolan, Thomas J (LAC) <Thomas.Nolan@skadden.com>; Adler, Douglas B (LAC) <Douglas.Adler@skadden.com>; DiCanio, Jack P (LAC) <Jack.DiCanio@skadden.com>; Mark Overland <moverland@obsklaw.com>; Alexander Cote <acote@obsklaw.com>; Christa Anderson <CAnderson@KVN.com>
Sent: Sat Jan 12 11:39:38 2008
Subject: Machado deposition

Mike,

We need to reschedule the deposition of Gustavo Machado that was set for January 15 without considering our availability. My partner, Jack DiCanio will be covering the deposition, but is unable to attend on the 15th due to a sentencing hearing in the Reyes case. Because Machado's deposition is a Phase 2 deposition, it can proceed after Phase 1.

Thanks.

Amy S. Park
Skadden, Arps, Slate, Meagher & Flom LLP
525 University Avenue | Suite 1100 | Palo Alto, CA 94301
T: 650.470.4511 | F: 888.329.6334 | E: apark@skadden.com <mailto:apark@skadden.com>


Brenda Fry, Assistant to Amy S. Park
T: 650.470.4567 | E: bfry@skadden.com <mailto:bfry@skadden.com>

------------------------------------------------------------------------------
******************************************************* To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
******************************************************* This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof. Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
================================================================

2

EXHIBIT 56

PAGE 528

# Exhibit 57

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

**Exhibit 59**

RECEIVED

SEP 21 2007
BRL 2:02PM

1   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
2   JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
3   Los Angeles, CA 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   DALE M. CENDALI (admitted *pro hac vice*)
    O'MELVENY & MYERS LLP
6   400 South Hope Street
    Los Angeles, CA 90071-2899
7   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407

8

9   Attorneys for MGA Entertainment, Inc.,
    MGA Entertainment (HK) Limited, MGAE
10  de Mexico S.R.L. de C.V., and Isaac Larian

11

12              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
13                    EASTERN DISTRICT

14  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)
                          Plaintiff,     (consolidated with CV 04-9059 & 05-2727)
15
          v.                             MGA ENTERTAINMENT, INC.'S
16  MATTEL, INC., a Delaware             SUPPLEMENTAL DISCLOSURES
    Corporation,                         AND MGA ENTERTAINMENT (HK)
17                                       LIMITED, MGAE DE MEXICO
                          Defendant.     S.R.L. DE C.V., AND LARIAN'S
18                                       INITIAL DISCLOSURES UNDER
                                         RULE 26(a)(1)
19
                                         Judge: Hon. Stephen G. Larson
20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and           Discovery Cut-Off:    March 3, 2008
21  MGA ENTERTAINMENT, INC. v.
    MATTEL, INC.
22

23

24

25

26

27

28
                    EXHIBIT 59

                    PAGE 561

                              MGA'S SUPP. DISCLOSURES AND MGA HK,
                              MGA MEXICO, AND LARIAN'S INITIAL
                              DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1   MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited

2   ("MGA Hong Kong"), MGAE de Mexico S.R.L. de C.V. ("MGA Mexico"), and

3   Isaac Larian ("Larian") (collectively the "MGA Parties") hereby submit the

4   following initial disclosures to Mattel, Inc. ("Mattel"), pursuant to Rule 26(a) of the

5   Federal Rules of Civil Procedure.  The MGA Parties make these initial disclosures

6   based upon information reasonably available to them and reserve the right to

7   identify additional documents and witnesses hereafter, and otherwise to provide

8   supplemental disclosures as appropriate or necessary.  To the extent prior initial

9   disclosures have been made by one or more of the MGA Parties, the instant

10  disclosures serve to incorporate and supplement any such prior disclosures.

11  **Witnesses**

12      The MGA Parties' initial disclosure of the identities of potential witnesses is

13  based solely upon such information discovered thus far, as well as the MGA

14  Parties' present analysis of the case, and shall not, in any way, be deemed to be a

15  representation that additional witnesses do not exist.  Accordingly, this disclosure is

16  subject to the MGA Parties' identification of additional individuals with knowledge

17  of facts supporting any of the material allegations, claims or  in the Consolidated

18  Action.  By indicating the general subject matter or information these individuals

19  may possess, the MGA Parties are in no way limiting their right to call any

20  individual listed herein to testify concerning other subjects.

21      Subject to the foregoing, individuals who will likely have discoverable

22  information relevant to the disputed facts alleged in the pleadings and the subject

23  matter of the information are as follows:

24      1.      Arnold Artavia.  MGA believes that Mr. Artavia is a current

25  Mattel employee.  Mr. Artavia was deposed on September 21, 2006 and possesses

26  the information set forth in his deposition testimony.

27      2.      Erika Ashbrook.  MGA believes that Ms. Ashbrook is a current

28  Mattel employee.  Ms. Ashbrook may possess information relevant to Mattel's

EXHIBIT **59**
PAGE **562**

- 1 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1  efforts to obtain undisclosed product information from MGA and to Mattel's

2  manipulation of MGA's retail displays.

3       3.     Schuyler Bacon.  Ms. Bacon is responsible for MGA's

4  recruiting activities.  Ms. Bacon may possess knowledge of facts in support of

5  MGA's defenses to Mattel's RICO and trade secret counterclaims.  Ms. Bacon may

6  be contacted through MGA's counsel of record.

7       4.     Manmohan Bhuller.  Mr. Bhuller is a former Mattel employee

8  and may possess knowledge of facts in support of MGA's claims of unfair

9  competition.

10       5.     Kevin Bloomfield.  Mr. Bloomfield is a Games Manager at

11  MGA.  Mr. Bloomfield may possess knowledge of the creation and design of

12  MGA's Alien Racers product line.  Mr. Bloomfield may be contacted through

13  MGA's counsel of record.

14       6.     Matthew Bousquette.  MGA believes that Mr. Bousquette is a

15  former President of Mattel Brands.  Mr. Bousquette may possess knowledge of

16  Mattel's serial copying of MGA's distinctive trade dress, trademarks, product

17  packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous

18  marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to

19  and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and

20  former employees and freelancers; Mattel's improper influence of standard-setting

21  and industry organization; Mattel's manipulation of MGA's retail displays and

22  other aspects of Mattel's unclean hands.

23       7.     Ron Brawer.  Mr. Brawer is MGA's President of Global Sales

24  and Planning.  Mr. Brawer may possess information relevant to some aspect or

25  aspects of MGA's sales and marketing of its products (including, without

26  limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head,"

27  "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers").  Mr.

28  Brawer also has knowledge of facts in support of MGA's defenses to Mattel's

EXHIBIT  59

PAGE  563

- 2 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1   RICO and trade secret counterclaims, Mattel's unfair competition and Mattel's

2   unclean hands. Mr. Brawer may be contacted through MGA's counsel of record.

3       8.      Janine Brisbois. Ms. Brisbois is an employee of MGA Canada.

4   Ms. Brisbois has knowledge of facts in support of MGA's defenses to Mattel's

5   RICO and trade secret counterclaims. Ms. Brisbois may be contacted through

6   MGA's counsel of record.

7       9.      Kerri Brode. Ms. Brode was deposed on January 19, 2007 and

8   August 15, 2007 and possesses the information set forth in her deposition

9   testimony. Ms. Brode may be contacted through MGA's counsel of record.

10      10.      Charnayne Brooks. Ms. Brooks is an employee of MGA. Ms.

11  Brooks was deposed on March 2, 2007 and possesses the information set forth in

12  her deposition testimony. Ms. Brooks may be contacted through MGA's counsel of

13  record.

14      11.      Carter Bryant. Carter Bryant possesses information relevant to

15  the creation of the original "Bratz" drawings, and, to some extent, of the creation

16  and design by MGA of the first generation of "Bratz" dolls and timing thereof; the

17  nature and scope of his employment at Mattel; the nature and scope of his work for

18  and with MGA; and information relevant to his own defenses in this matter, as well

19  as knowledge of facts in support of MGA's defenses to Mattel's counterclaims.

20  Mr. Bryant may be contacted through his counsel of record.

21      12.      Janet Bryant. Ms. Bryant may be contacted through Carter

22  Bryant's counsel of record. Ms. Bryant possesses information concerning, among

23  other things, Mr. Bryant's general skills and talents as a designer and his

24  conception, creation, design and development of various matters when he was not

25  employed by Mattel.

26      13.      Tom Bryant. Tom Bryant may be contacted through Carter

27  Bryant's counsel of record. Tom Bryant possesses information concerning, among

28  other things, Mr. Bryant's general skills and talents as a designer and his

EXHIBIT __59__

- 3 -

PAGE __564__

1   conception, creation, design and development of various matters when he was not

2   employed by Mattel.

3       14.    Yuval Caspi. Mr. Caspi is MGA's Vice President, Boys Toys.

4   Mr. Caspi may possess knowledge of the creation and design of MGA's Alien

5   Racers product line, logo and advertising, Mattel's copying of same, and Mattel's

6   efforts to tamper with MGA retail displays. Mr. Caspi may be contacted through

7   MGA's counsel of record.

8       15.    Jorge Castilla. Mr. Castilla is an employee of MGA. Mr.

9   Castilla may possess knowledge of facts in support of MGA's defenses to Mattel's

10   RICO and trade secret counterclaims. Mr. Castilla may be contacted through

11   MGA's counsel of record.

12       16.    Elise Cloonan. Ms. Cloonan is a former Mattel employee and

13   may possess information relevant to the timing of the conception and creation of the

14   original "Bratz" artwork by Carter Bryant prior to MGA's acquisition of rights

15   therein. Ms. Cloonan may be contacted through her counsel, Larry McFarland.

16       17.    Dan Cooney. Mr. Cooney is MGA's Vice President of Sales,

17   National Accounts. Mr. Cooney may possess information about consumer

18   confusion between Mattel products. Mr. Cooney may be contacted through MGA's

19   counsel of record.

20       18.    Jamie Cygielman. MGA believes that Ms. Cygielman is a

21   former Mattel employee. Ms. Cygielman may possess information relevant to

22   Mattel's unfair competition and unclean hands.

23       19.    Richard De Anda. MGA believes that Mr. De Anda currently is

24   Mattel's V.P. of Worldwide Security and may possess information relevant to

25   Mattel's investigations of MGA, Bryant, Larian and "Bratz."

26       20.    Thomas Debrowski. MGA believes that Mr. Debrowski is a

27   current Mattel employee. Mr. Debrowski may possess information relevant to

28   Mattel's unfair competition and unclean hands.

EXHIBIT _**59**_ - 4 -

PAGE _**5o6**_

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

21. Sandrine de Raspide. Ms. de Raspide is the former Licensing Manager at MGA. Ms. de Raspide has knowledge of facts in support of MGA's unfair competition claims, including without limitation, threats to and intimidation of licensees. Ms. de Raspide may be contacted through MGA's counsel of record.

22. Leon Djiguerian. Mr. Djiguerian is a Product Manager at MGA. Mr. Djiguerian may possess information relevant to some aspect or aspects the design and packaging of MGA products, including "Bratz." Mr. Djiguerian may be contacted through MGA's counsel of record.

23. Ann Driskill. MGA believes that Ms. Driskill currently is a Mattel employee. Ms. Driskill was deposed on December 15, 2004 and July 12, 2007 and possesses the information set forth in her deposition testimony.

24. Robert Eckert. MGA believes that Mr. Eckert currently is the CEO of Mattel. Mr. Eckert may possess knowledge of Mattel's serial copying of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and former employees and freelancers; Mattel's improper influence of standard-setting and industry organization; and/or Mattel's manipulation of MGA's retail displays.

25. Margo Eldridge. Ms. Eldridge is a freelancer who formerly worked for MGA producing commercials for "Bratz." MGA believes that Ms. Eldridge currently works as a freelancer for Mattel. MGA believes that Ms. Eldridge may possess knowledge relevant to some aspect or aspects of Mattel's serial copying of MGA's advertising, Mattel's efforts to interfere with the production of MGA's commercials; Mattel's efforts to improperly influence CARU and Nickelodeon; and Mattel's efforts to disseminate false information to retailers. Ms. Eldridge may also possess information relevant to Mattel's threats to and intimidation of former employees and/or freelancers.

EXHIBIT __64__  - 5 -   MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

PAGE __566__

1    26.    Kevin Farr.  MGA believes that Mr. Farr is Mattel's Chief

2  Financial Officer.  Mr. Farr may possess information relevant to damages.

3    27.    Adrienne Fontanella.  MGA believes that Ms. Fontanella is the

4  former President of Girls at Mattel.  Ms. Fontanella may possess knowledge of

5  Mattel's serial copying of MGA's distinctive trade dress, trademarks, product

6  packaging, themes, ideas, and advertising; Mattel's dilution of MGA's famous

7  marks; Mattel's interference with MGA's advertising efforts; Mattel's threats to

8  and intimidation of retailers, suppliers, licensees, distributors, manufacturers, and

9  former employees and freelancers; Mattel's improper influence of standard-setting

10  and industry organization; and/or Mattel's manipulation of MGA's retail displays.

11    28.    Lissa Freed.  MGA believes that Ms. Freed currently is a Mattel

12  employee.  Ms. Freed was deposed on May 3, 2007 and possesses the information

13  set forth in her deposition testimony.

14    29.    Neil Friedman.  MGA believes that Mr. Friedman is President of

15  Mattel Brands.  Ms. Friedman may possess knowledge of Mattel's serial copying

16  of MGA's distinctive trade dress, trademarks, product packaging, themes, ideas,

17  and advertising; Mattel's dilution of MGA's famous marks; Mattel's interference

18  with MGA's advertising efforts; Mattel's threats to and intimidation of retailers,

19  suppliers, licensees, distributors, manufacturers, and former employees and

20  freelancers; Mattel's improper influence of standard-setting and industry

21  organizations; and/or Mattel's manipulation of MGA's retail displays.

22    30.    Jeanne Galvano.  Ms. Galvano possesses information relevant

23  to, among other things, the timing of the creation of the original "Bratz" drawings

24  by Carter Bryant and Mr. Bryant's general skills and talents as an artist.

25    31.    Paula Garcia.  Ms. Garcia is MGA's Vice President of Product

26  Design and Development and has been involved in the design and development of

27  MGA's "Bratz" dolls.  Ms. Garcia was deposed in May, 2007, and possesses the

28  information set forth in her deposition testimony.  Ms. Garcia may be contacted

EXHIBIT __59__   - 6 -

PAGE __567__

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1   through MGA's counsel of record.

2        32.    Marcy George. Ms. George is MGA's Domestic Director of

3   Licensing. Ms. George has knowledge of MGA's licensing of "Bratz" in the

4   United States. Ms. George may be contacted through MGA's counsel of record.

5        33.    Diane Goveia Gordon. Ms. Gordon is an employee of MGA

6   Canada. Ms. Gordon may possess knowledge of facts in support of MGA's

7   defenses to Mattel's RICO and trade secret counterclaims. Ms. Gordon may be

8   contacted through MGA's counsel of record.

9        34.    Sarah Halpern. Ms. Halpern is a freelance vendor who worked

10   for MGA on the fashions for certain "Bratz" products, including MGA's first

11   generation of "Bratz" dolls. Ms. Halpern may possess information relevant to some

12   aspect or aspects of the creation and design by MGA of the first generation of

13   "Bratz" dolls, in particular with respect to some aspect or aspects of the fashion

14   designs. Ms Halpern may be contacted through her attorney, Larry McFarland,

15   Esq.

16        35.    Rebecca Harris. Ms. Harris is a current MGA employee. She

17   was deposed in August 2007 and possesses the information set forth in her

18   deposition testimony. Ms. Harris may be contacted through MGA's counsel of

19   record.

20        36.    Connie Hibbert. MGA believes that Ms. Hibbert is a current

21   Mattel employee. Ms. Hibbert may possess information relevant to Mattel's

22   manipulation of MGA's retail displays.

23        37.    Martin Hitch. Mr. Hitch formerly worked as MGA's V.P. of

24   International Sales. Mr. Hitch may possess knowledge of sales of "Bratz"

25   including first generation "Bratz."

26        38.    Rob Hudnut. MGA believes that Mr. Hudnut is a current Mattel

27   employee. Mr. Hudnut was deposed on July 13, 2007 and August 20, 2008 and

28   possesses the information set forth in his deposition testimony.

EXHIBIT __59__    - 7 -

PAGE __568__

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1    39.    Jim Huntley. Mr. Huntley is a former MGA employee. He may

2  possess knowledge about MGA's marketing of its "Bratz" line of products after the

3  start of his employment at MGA.

4    40.    Richard Irmen. Mr. Irmen is a personal acquaintance of Mr.

5  Bryant and possesses information relevant to, among other things, the timing of the

6  creation of the original "Bratz" drawings by Carter Bryant.

7    41.    Julia Jensen. MGA believes that Ms. Jensen is a current Mattel

8  employee. Ms. Jensen was deposed on June 8, 2007 and possesses the information

9  set forth in her deposition testimony.

10    42.    Fred Kawashima. MGA believes that Mr. Kawashima is a

11  current Mattel employee. Mr. Kawashima was deposed on January 17, 2007 and

12  June 19, 2007 and possesses the information set forth in his deposition testimony.

13    43.    Alan Kaye. MGA believes that Mr. Kaye is Mattel's Senior

14  Vice President of Human Resources. Mr. Kaye was deposed on December 10,

15  2004 and June 21, 2007 and possesses the information set forth in his deposition

16  testimony.

17    44.    Ellen Komatsu. Ms. Komatsu is a Senior Designer at MGA.

18  Ms. Komatsu may possess information relevant to some aspect or aspects of the

19  design of MGA's "Bratz" dolls. Ms. Komatsu may be contacted through MGA's

20  counsel of record.

21    45.    Susana Kuemmerle. Ms. Kuemmerle is an employee of MGA

22  Mexico. Ms. Kuemmerle has knowledge of facts in support of MGA's defenses to

23  Mattel's RICO and trade secret counterclaims. Ms. Kuemmerle may be contacted

24  through MGA's counsel of record.

25    46.    Michael Kukar. Mr. Kukar is an employee of MGA. Mr. Kukar

26  may possess information relevant to the creation of "Bratz" character art. Mr.

27  Kukar may be contacted through MGA's counsel of record.

28    47.    Timothy Kilpin. MGA believes that Mr. Kilpin currently is

EXHIBIT __59__    - 8 -    MGA'S SUPP. DISCLOSURES AND MGA HK,
                                          MGA MEXICO, AND LARIAN'S INITIAL
PAGE __569__                    DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1    Senior VP Marketing and Design at Mattel. Mr. Kilpin may possess knowledge of
2    the announcement of Mattel's suit against Mr. Bryant, Mattel's serial copying of
3    MGA's distinctive trade dress, trademarks, product packaging, themes, ideas, and
4    advertising; Mattel's dilution of MGA's famous marks; and consumer confusion
5    between Mattel products and MGA products.

6        48.    Isaac Larian. Mr. Larian is MGA's President and Chief
7    Executive officer. Mr. Larian may possess information relevant to material
8    allegations in the Consolidated Action, including MGA's acquisition of rights to the
9    original "Bratz" drawings by Carter Bryant, some aspect or aspects of the creation,
10   design and development of the "Bratz" dolls, Mattel's serial copying of MGA's
11   products (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz
12   Funky Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little
13   Patient," and "Alien Racers"); Mattel's serial copying of MGA's distinctive trade
14   dress, trademarks, product packaging, themes, ideas, and advertising; Mattel's
15   dilution of MGA's famous marks; Mattel's interference with MGA's advertising
16   efforts; Mattel's threats to and intimidation of retailers, suppliers, licensees,
17   distributors, manufacturers, and former employees and freelancers; Mattel's
18   improper influence of standard-setting and industry organization; Mattel's
19   manipulation of MGA's retail displays; damages suffered by MGA as a result of
20   Mattel's conduct; and facts in support of MGA's defenses to Mattel's
21   counterclaims. Mr. Larian may be contacted through his counsel of record.

22       49.    Margaret (Hatch) Leahy: Ms. Leahy is a former freelancer and
23   employee of MGA. She possesses information relevant to some aspect or aspects
24   of the sculpting of the first generation of "Bratz" dolls, and samples, prototypes and
25   prior iterations thereof. Ms. Leahy also may possess information relevant to some
26   aspect or aspects of the sculpting of the "4-Ever Best Friends" dolls, the "Bratz
27   Winter Wonderland" and "Bratz Formal Funk" themes, "Prayer Angels," and the
28   "Mommy's Little Patient" doll. Ms. Leahy may be contacted through her counsel

EXHIBIT __54__         - 9 -      MGA'S SUPP. DISCLOSURES AND MGA HK,
                                  MGA MEXICO, AND LARIAN'S INITIAL
PAGE __570__                      DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1   Larry McFarland, Esq.

2        50.    Edmond Lee. Mr. Lee is the Managing Director of MGA

3   Entertainment (HK) Limited. Mr. Lee may possess knowledge of some aspect or

4   aspects of the development and manufacture of the "contested" MGA Products

5   (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky

6   Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and

7   "Alien Racers") and "Prayer Angels;" Mattel's serial copying of MGA's products;

8   Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors,

9   manufacturers, and former employees and freelancers; and knowledge of facts in

10   support of MGA's defenses to Mattel's counterclaims. Mr. Lee may be contacted

11   through MGA's counsel of record.

12        51.    Stephen Lee. Mr. Lee is the former managing director of MGA

13   HK. Mr. Lee may possess information relevant to some aspect or aspects of

14   MGA's creation, design and development of MGA's "Bratz" dolls, including the

15   first generation of those dolls.

16        52.    Steve Linker. Mr. Linker is a former Mattel employee and

17   freelancer. He was deposed on September 13, 2006 and possesses the information

18   set forth in his deposition testimony.

19        53.    Diana Luna. Ms. Luna is MGA's Director of International

20   Licensing. Ms. Luna has knowledge of MGA's licensing of "Bratz"

21   internationally. Ms. Luna may be contacted through MGA's counsel of record.

22        54.    Kris Lynch. Ms. Lynch is a former Mattel employee and may

23   possess knowledge of Mattel's "Diva Starz" project and other non-Barbie products.

24        55.    Carlos Gustavo Machado Gomez. Mr. Machado is an employee

25   of MGA. Mr. Machado may possess knowledge of facts in support of MGA's

26   defenses to Mattel's RICO and trade secret counterclaims. Mr. Machado may be

27   contacted through his counsel of record.

28        56.    Dave Malacrida. Mr. Malacrida is MGA's V.P. of Public

EXHIBIT __69__

PAGE __571__

- 10 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1   Relations. Mr. Malacrida was deposed in August, 2007, and possesses the

2   information set forth in his deposition testimony. Mr. Malacrida may be contacted

3   through MGA's counsel of record.

4       57.   Julia Marine. MGA believes that Ms. Marine is a current Mattel

5   employee. Ms. Marine was deposed on September 21, 2006, November 8, 2006

6   and June 27, 2007 and possesses the information set forth in her deposition

7   testimony.

8       58.   Veronica Marlowe. Ms. Marlowe formerly was a freelance

9   designer for MGA. Ms. Marlowe may possess information relevant to some aspect

10  or aspects of the creation and design of MGA's "Bratz" dolls; and Mattel's threats

11  to and intimidation of former employees and/or freelancers. Ms. Marlowe may be

12  contacted through her counsel Larry McFarland, Esq.

13      59.   Liliana Martinez. MGA believes that Ms. Martinez currently is

14  a Mattel employee. Ms. Martinez was deposed on May 20, 2005 and possesses the

15  information set forth in her deposition as well as information concerning Mattel's

16  creation, design and development of its "My Scene" line of fashion dolls.

17      60.   Mary Carmen Mendez. MGA believes that Ms. Mendez is a

18  former Mattel employee. Ms. Mendez may possess knowledge about Mattel's

19  unfair competitive practices.

20      61.   Jill Nordquist. MGA believes that Ms. Nordquist currently is a

21  Marketing Director at Mattel. Ms. Nordquist was deposed on July 31, 2007 and

22  possesses the information set forth in her deposition testimony.

23      62.   Victoria O'Connor. Ms. O'Connor formerly worked as MGA's

24  V.P. of Licensing. Ms. O'Connor possesses information relevant to some aspect or

25  aspects of the timing of MGA's acquisition of rights in the original "Bratz"

26  drawings by Bryant and the design and licensing by MGA of the first generation of

27  "Bratz" dolls. Ms. O'Connor also possesses information relevant to MGA's

28  negotiations with Bryant and his attorney for the acquisition of the rights in the

EXHIBIT __59__          - 11 -        MGA'S SUPP. DISCLOSURES AND MGA HK,
                                      MGA MEXICO, AND LARIAN'S INITIAL
PAGE __572__                          DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1  original "Bratz" drawings. Ms. O'Connor may also possesses information relevant

2  to some aspect of aspects of MGA's licensing of the "Bratz" concept; Mattel's

3  serial copying of MGA's distinctive trade dress, trademarks, product packaging,

4  themes, ideas, and advertising; and Mattel's threats to and intimidation of licensees.

5      63.     Colleen O'Higgins. Ms O'Higgins formerly worked as a

6  Product Manager at MGA. Ms. O'Higgins may possesses information relevant to

7  the timing or creation of "Bratz" and some aspect or aspects of the marketing of

8  "Bratz."

9      64.     Kislap Ongchango. MGA believes that Mr. Ongchango

10  currently is a Mattel employee. Mr. Ongchango was deposed on April 24, 2007

11  and possesses the information set forth in his deposition testimony.

12      65.     Rod Palmer. MGA believes that Mr. Palmer currently is a

13  Mattel employee. Mr. Palmer was deposed on June 26, 2007 and possesses the

14  information set forth in his deposition testimony.

15      66.     Ann Parducci. MGA believes that Ms. Parducci is a former

16  Mattel employee. Ms. Parducci may possess information relevant to Mattel's

17  practices regarding Mattel's creation, design and development of fashion dolls,

18  Mattel's reaction to "Bratz," Bryant's work at Mattel and Mattel's knowledge of

19  Bryant's involvement in the design of the first generation of MGA's "Bratz" dolls.

20      67.     Cassidy Park. MGA believes that Ms. Park is a current or

21  former Mattel employee. Ms. Park was deposed on March 2, 2005 and possesses

22  the information set forth in her deposition testimony.

23      68.     Tom Park. Mr. Park is a former MGA employee. Mr. Park may

24  possess knowledge of facts in support of MGA's defenses to Mattel's RICO and

25  trade secret counterclaims.

26      69.     Rene Pasko. MGA believes that Ms. Pasko currently is a Mattel

27  employee. Ms. Pasko was deposed on June 13, 2007 and possesses the information

28  set forth in her deposition testimony.

EXHIBIT __59__     - 12 -     MGA'S SUPP. DISCLOSURES AND MGA HK,
                                      MGA MEXICO, AND LARIAN'S INITIAL
PAGE __573__                          DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1        70.    Tina Patel. Ms. Patel was a Brand Manager for "Bratz" while

2  employed by MGA and later became a Mattel employee but, to MGA's knowledge,

3  is no longer a Mattel employee. Ms. Patel may possess information relevant to

4  Mattel's investigation of MGA and its executives, employees and freelancers, and

5  other aspects of Mattel's unfair competition and unclean hands.

6        71.    Ninette Pembleton. Ms. Pembleton is MGA's V.P. of

7  Operations. Ms. Pembleton may possess knowledge of some aspect or aspects of

8  the creation and design of MGA products, including "Mommy's Little Patient" and

9  "Alien Racers"; Mattel's serial copying of MGA's products (including, without

10  limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover Head,"

11  "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers"); and

12  Mattel's serial copying of MGA's distinctive trade dress, trademarks, product

13  packaging, themes, ideas, and advertising. Ms. Pembleton may be contacted

14  through MGA's counsel of record.

15        72.    Joni Pratt. MGA believes that Ms. Pratt currently is a Mattel

16  employee. Ms. Pratt was deposed on June 1, 2007 and possesses the information

17  set forth in her deposition testimony.

18        73.    Ramona Prince. Ms. Prince is a notary public and was deposed

19  in 2004. She possesses information relevant to some aspect or aspects of the timing

20  of Mr. Bryant's creation of the original "Bratz" drawings. Ms. Prince may be

21  contacted through her counsel of record.

22        74.    Jesse Ramirez. Mr. Ramirez is the owner of South Bay Molds

23  and may possess information relevant to the timing of MGA's design of the first

24  generation of "Bratz" dolls, specifically with respect to the creation of molds

25  therefor.

26        75.    David Rosenbaum. Mr. Rosenbaum is MGA's former counsel.

27  He possesses information relevant to the negotiation of the MGA-Bryant contract.

28        76.    Ivy Ross. MGA believes that Ms. Ross is a former Mattel

1   employee.  Ms. Ross may possess information relevant to Mattel's employment

2   policies and practices, practices regarding Mattel's creation, design and

3   development of fashion dolls, Bryant's work at Mattel, Mattel's investigation of

4   MGA and its executives, employees and freelancers and other aspects of Mattel's

5   unclean hands.

6          77.   Shirin Salemnia.  Ms. Salemnia is a Research Manager for

7   MGA.  Ms. Salemnia may possess information relevant to the packaging, themes,

8   ideas, advertising and market research related to MGA's products (including,

9   without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky Fashion Makeover

10   Head," "4-Ever Best Friends," "Mommy's Little Patient," and "Alien Racers").

11   Ms. Salemnia may be contacted through MGA's counsel of record.

12          78.   Chuck Scothon.  MGA believes that Mr. Scothon currently is a

13   General Manager and Senior VP of Girls at Mattel Brands.  Mr. Scothon may

14   possess knowledge of Mattel's serial copying of MGA's distinctive trade dress,

15   trademarks, product packaging, themes, ideas, and advertising; Mattel's dilution of

16   MGA's famous marks; Mattel's interference with MGA's advertising efforts;

17   Mattel's threats to and intimidation of retailers, suppliers, licensees, distributors,

18   manufacturers, and former employees and freelancers; Mattel's improper influence

19   of standard-setting and industry organization; and Mattel's manipulation of MGA's

20   retail displays.

21          79.   Shelly Shibata.  Ms. Shibata is MGA's Senior Director of New

22   Dolls and Toys.  Ms. Shibata may possess information relevant to licensing of and

23   style guides for MGA's "Bratz" dolls.  Ms. Shibata may be contacted through

24   MGA's counsel of record.

25          80.   Aileen Storer.  Ms. Storer currently is Creative Director of Bratz

26   & Dolls for MGA.  Ms. Storer may possess information relevant to some aspect or

27   aspects of the creation and design of packaging, logos and branding of MGA

28   products, including  without limitation the first generation of "Bratz" dolls..  Ms.

EXHIBIT __59__   - 14 -   MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

PAGE __575__

1    Storer may be contacted through MGA's counsel of record.

2         81.     Steven Tarmichael. Mr. Tarmichael is a freelance hair rooter

3    and worked as such for MGA in connection with some of MGA's "Bratz" dolls.

4    Mr. Tarmichael may possess information relevant to some aspect or aspects of the

5    design of "Bratz" dolls, including without limitation the first generation of "Bratz"

6    dolls.

7         82.     Mariana Trueba. Ms. Trueba is an employee of MGA Mexico.

8    Ms. Trueba may possess knowledge of facts in support of MGA's defenses to

9    Mattel's RICO and trade secret counterclaims. Ms. Trueba may be contacted

10   through MGA's counsel of record.

11        83.     Pablo Vargas. Mr. Vargas is an employee of MGA Mexico.

12   Mr. Vargas may possess knowledge of facts in support of MGA's defenses to

13   Mattel's RICO and trade secret counterclaims. Mr. Vargas may be contacted

14   through MGA's counsel of record.

15        84.     Ann Wang. Ms. Wang may possess information relevant to the

16   negotiation of the MGA-Bryant contract.

17        85.     Mercedah Ward. MGA believes that Ms. Ward is a former

18   Mattel employee. Ms. Ward also is a former MGA employee. Ms. Ward possesses

19   information relevant to aspects of the creation, design and development of the first

20   generation of MGA's "Bratz" dolls, Mattel's serial copying of MGA's products

21   (including, without limitation, "Bratz" dolls, "Bratz Petz," the "Bratz Funky

22   Fashion Makeover Head," "4-Ever Best Friends," "Mommy's Little Patient," and

23   "Alien Racers"); Mattel's serial copying of MGA's distinctive trade dress,

24   trademarks, product packaging, themes, ideas, and advertising; and Mattel's

25   dilution of MGA's famous marks.

26        86.     Sandy Yonemoto. MGA believes that Ms. Yonemoto is the

27   Manager of Human Resources Communications at Mattel. Ms. Yonemoto was

28   deposed on May 30, 2007. She possesses the information set forth in her deposition

1  transcript.

2        87.     Various present or former employees and contractors of MGA

3  are potential witnesses, including, but not limited to, those listed on MGA's Fourth

4  Supplemental Response to Interrogatory No. 1 of Mattel's First Set of

5  Interrogatories Re: Claims of Unfair Competition. Such current employees of

6  MGA may be contacted through MGA's counsel of record. MGA is currently

7  unable to identify the specific witnesses and information such witnesses may

8  possess.

9        88.     Various present or former employees and contractors of Mattel

10  as well as its various present or former suppliers, licensees, distributors and

11  merchandisers are potential witnesses. The identities, whereabouts and relevant

12  knowledge of such potential witnesses are best known by Mattel.

13     MGA reserves the right to further supplement its disclosures to identify

14  additional witnesses as they, or their relevance, become apparent or as otherwise

15  necessary or appropriate.

16  **Documents**

17     The MGA Parties' document identification to date is based solely upon such

18  information and documents that have been discovered thus far, as well as the MGA

19  Parties' present analysis of the case, and shall not in any way be deemed to be a

20  representation that additional documents do not exist. Accordingly, the MGA

21  Parties reserve the right to amend this disclosure pursuant to Rule 26(e) if

22  additional documents are identified. Furthermore, the MGA Parties reserve the

23  right to supplement or modify the disclosure based on information or documents

24  subsequently identified as pertinent to disputed facts. To the extent that one or

25  more of the MGA Parties already has identified documents pursuant to Rule 26(a),

26  the documents identified herein serve to supplement such prior disclosures.

27     Subject to the foregoing, and subject to, as applicable, the designations of

28  confidentiality which have or may be made pursuant to the terms and provisions of

EXHIBIT __59__

PAGE __577__

- 16 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

the Stipulated Protective Order governing the disclosure of confidential material in this case, the MGA Parties identify the following documents:

      1.    Documents showing how long each of MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products have been sold to the public.

      2.    Documents showing where each of MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products are available and/or have been sold to the public.

      3.    Advertisements for MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

      4.    Promotional materials, in-store displays, and point of purchase displays for MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

      5.    Documents showing the nature, scope and extent of MGA's advertising program nationwide for MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products, including without limitation advertising expenditures.

      6.    Marketing documents and sales data for MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

      7.    Samples of MGA products and packaging that Mattel has infringed.

      8.    Copies of the commercials that Mattel has infringed.

      9.    Documents showing Mattel's infringing products, packaging, commercials and themes.

      10.    Press regarding MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

      11.    Market research concerning MGA's contested "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products.

EXHIBIT __59__

PAGE __578__

- 17 -

1         12.   Documents showing actual confusion between MGA's products

2    and Mattel's products.

3         13.   Documents showing that Mattel was aware of MGA's contested

4    "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien Racers" products,

5    themes and/or advertising and knowingly imitated or copied them.

6         14.   Documents showing the creation, design and development of

7    MGA's first generation of "Bratz" dolls.

8         15.   Documents showing the creation and design of the Contested

9    Products, including "Bratz," "Mommy's Little," "4-Ever Best Friends," and "Alien

10   Racers" products.

11        16.   Documents showing the hiring and employment practices and

12   policies of Mattel, including but not limited to contracts employees are asked to

13   sign.

14        17.   Documents demonstrating Carter Bryant's inspiration for his

15   drawings he brought to MGA.

16        18.   Examples of Carter Bryant's non-Bratz artwork.

17        19.   Documents showing the sales and market share of Barbie dolls

18   over the last 10 years.

19        20.   Documents reflecting or evidencing Mattel's interference with

20   MGA's advertising efforts; Mattel's threats to and intimidation of retailers,

21   suppliers, licensees, distributors, manufacturers, and former employees and

22   freelancers; Mattel's improper influence of standard-setting and industry

23   organization; Mattel's manipulation of MGA's retail displays; Mattel's knowledge

24   of Bryant's involvement with Bratz and its investigation of MGA and its

25   executives, employees and freelance vendors; other aspects of Mattel's unclean

26   hands; and the damages suffered by MGA as a result of Mattel's conduct.

27        21.   MGA's admonitions to personnel hired from competitors,

28   including Mattel.

EXHIBIT **59**     - 18 -     MGA'S SUPP. DISCLOSURES AND MGA HK, MGA MEXICO, AND LARIAN'S INITIAL DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

PAGE **579**

1    22.   MGA's pre-hire communications with Ron Brawer.

2    23.   MGA's pre-hire communications with Gustavo Machado, Pablo

3  Vargas and Mariana Trueba.

4    24.   MGA's pre-hire communications with Janine Brisbois.

5    25.   MGA's pre-hire communications with Jorge Castilla.

6    26.   Documents showing publicly available sales and marketing data

7  for Mattel and other toy companies.

8    27.   Documents showing MGA's efforts to expand sales and

9  marketing in Mexico.

10    28.   Other documents not yet in MGA's possession, custody or

11  control but believed to be in possession of or under the custody or control of Mattel,

12  as described in MGA's various requests for production of documents and things

13  and/or third party subpoenas.

14  **Damages**

15    MGA seeks damages arising out of Mattel's acts of false designation of

16  origin or affiliation, dilution, and unfair competition and unfair business practices.

17  MGA seeks disgorgement of all profits derived by Mattel for its acts of false

18  designation of origin or affiliation, dilution, and unfair competition and unfair

19  business practices. MGA seeks costs, expenses, and reasonable attorneys' fees in

20  prosecuting this action. MGA seeks punitive and/or exemplary damages as a result

21  of Mattel's willful and malicious conduct to the extent allowable by law.

22    MGA is unable to calculate the amount of damages at this time because

23  discovery has not yet been completed and such calculation may require the services

24  of an expert witness.

25  **Insurance**

26    The required disclosure regarding insurance is presently inapplicable.

27

28

EXHIBIT **59**

PAGE **580**

- 19 -

MGA'S SUPP. DISCLOSURES AND MGA HK,
MGA MEXICO, AND LARIAN'S INITIAL
DISCLOSURES UNDER R. 26 (CV 04-09049 SGL)

1    Dated:      September 2, 2007          O'MELVENY & MYERS LLP

2

3                                          By

4                                          Attorneys for MGA Entertainment, Inc.,
5                                          MGA Entertainment (HK) Limited,
                                           MGAE de Mexico S.R.L. de C.V., and
6                                          Isaac Larian

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 59

PAGE 581

- 20 -

## PROOF OF SERVICE

I, Marie G. Lewis, am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 400 South Hope Street, Los Angeles, California 90071-2899. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service.

On September 21, 2007, I had the following document served by special messenger:

**MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL DISCLOSURES AND MGA ENTERTAINMENT (HK) LIMITED, MGAE DE MEXICO S.R.L. DE C.V., AND LARIAN'S INITIAL DISCLOSURES UNDER RULE 26(a)(1)**

upon counsel named below:

> Michael T. Zeller, Esq.
> Timothy Alger, Esq.
> Quinn Emanuel Urquhart Oliver & Hedges, LLP
> 865 South Figueroa Street, 19th Floor
> Los Angeles, CA 90017
>     michaelzeller@quinnemanuel.com
>     talger@quinnemanuel.com
> *(Attorneys for Mattel)*

A courtesy copy was sent via electronic mail.

On September 21, 2007, I served said document by putting true and correct copies thereof in sealed envelopes, with postage fully prepaid, and placing the envelopes for collection and mailing today with the United States

EXHIBIT __59__

PAGE __582__

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES

1  Postal Service in accordance with the firm's ordinary business practices, as

2  addressed below:

3

4  James W. Spertus, Esq.                    Michael H. Page, Esq.
   Law Offices of James W. Spertus           Keker & Van Nest LLP
5  12100 Wilshire Boulevard, Suite 620       710 Sansome Street
   Los Angeles, CA 90025                     San Francisco, CA 94111
6

7  (Attorneys for Carlos Gustavo            (Attorneys for Carter Bryant)
   Machado Gomez)
8

9  Patricia Glaser, Esq.
   Christensen, Glaser, Fink, Jacobs,
10 Weil & Shapiro, LLP
   10250 Constellation Blvd., 19th Floor
11 Los Angeles, CA 90067

12

13 (Attorneys for MGA)

14

15         I declare under penalty of perjury that the foregoing is true and

16 correct. Executed at Los Angeles, California, this 21st day of September,

17 2007.

18

19

20                                              Marie G. Lewis

21

22

23

24

25

26

27

28

EXHIBIT 59

PAGE 582

- 2 -

O'MELVENY & MYERS LLP
ATTORNEYS AT LAW
LOS ANGELES