Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  310-553-3000
Facsimile:   310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:  310-312-2000
Facsimile:   310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-9059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard by Discovery Master Robert C. O'Brien Pursuant to Order of January 6, 2009]**<br><br>**[PUBLIC REDACTED] MGA PARTIES' REPLY RE EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE 2/6/09 DECLARATION OF MICHAEL ZELLER, IN SUPPORT OF MATTEL INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANNA TRUEBA; AND REQUEST FOR SANCTIONS**<br><br>Date:  3/19/09<br>Time:  10:00 a.m.<br>Place: Arent Fox<br>       555 West Fifth Street<br>       Los Angeles, CA 90013 |

668297

The MGA Parties hereby reply to Mattel, Inc.'s ("Mattel") responses to the MGA Parties' objections to portions of the 2/6/09 Declaration of Michael Zeller of Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, filed in support of Mattel's Motion to Compel Depositions of Pablo Vargas and Marianna Trueba, filed on February 9, 2009.

| Objection | Basis for Objection |
|---|---|
| 1. Paragraph 3, "Attached hereto as Exhibit 2 is a true and correct copy of the English translation of Marianna Trueba Almada's employment contract with MGAE de Mexico, dated April 16, 2004." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the contract or who translated it, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802. |
| 2. Paragraph 4, "Attached hereto as Exhibit 3 is a true and correct copy of Pablo Vargas's employment contract with MGAE de Mexico, dated April 16, 2004 (no English translation available)." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the contract, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |
| 3. Paragraph 5, "Attached hereto as Exhibit 4 is a true and correct copy of Gustavo Machado's employment contract with MGAE de Mexico, dated April 16, 2004 (no English translation available)." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the contract, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |

668297

1

| Objection | Basis for Objection |
|---|---|
| 4. Paragraph 7 "Attached hereto as Exhibit 3 is a true and correct copy of Pablo Vargas' employment contract with MGAE de Mexico, dated April 16, 2004 (no English translation available)." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the contract, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |
| 5. Paragraph 8 "Attached hereto as Exhibit 7 is a true and correct copy of an Offer Letter from MGAE de Mexico to Mariana Trueba Almada, dated March 30, 2004." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the Offer Letter or who translated it, nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |

**Mattel's Response:**

As is evidenced by the Bates number on the bottom right of each page of these exhibits bearing the "MGA" prefix, these document were produced by the MGA Parties during the course of discovery.[1] In particular, the MGA Parties produced Exhibits 2 and 3 on September 7, 2007, Exhibit 4 on September 14, 2007, Exhibit 6 on September 17, 2007, and Exhibit 7 on October 4, 2007. See Declaration of Cyrus S. Naim, filed concurrently herewith ("Naim Dec."), at ¶¶ 3-7. As such, they are self-authenticating documents and no further foundation need be established. See, e.g., In re Homestore.com, Inc. Securities Litigation, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (admitting documents over foundation objections because "these documents are

---

[1] Defendants' objection to Paragraph 7 references the language of Paragraph 4 of the Zeller Declaration, which was also objected to. For purposes of this response, Mattel assumes MGA objects to Exhibit 6 to the Zeller Declaration, which was referenced as an attachment in Paragraph 7.

1  deemed authentic because Plaintiff identified the documents as being produced by
2  parties in discovery"); Parker v. Fidelity Security Life Ins. Co., 2007 WL 2688811,
3  *2 n.4 (E.D. Cal. September 12, 2007) ("There is a sufficient foundation for the
4  medical records in that Kevin Warren's uncontradicted declaration indicates that they
5  were produced by Parker during discovery."); Evanston Ins. Co. v. Westchester
6  Surplus Lines Ins. Co., 546 F. Supp. 2d 1134, 1140 (W.D. Wash. 2008) ("An
7  opposing party may not subsequently challenge an attorney's ability to authenticate
8  documents attached to her declaration that were previously provided by the opposing
9  party without objection as to their authenticity.").

10  Defendants' hearsay objections are equally without merit. As these documents
11  were created by agents of the MGA Parties during the course of their employment,
12  they constitute judicial admissions and are outside the hearsay rule. See Fed. R. Evid.
13  801(d)(2); United States v. Matlock, 415 U.S. 164, 172 (1974) ("the respondent's own
14  out-of-court admissions would surmount all objections based on the hearsay rule both
15  at the suppression hearings and at the trial itself, and would be admissible for
16  whatever inferences the trial judge could reasonably draw"); United States v. Moran,
17  759 F.2d 777, 786 (9th Cir. 1985) (letters signed by defendant were admissible as
18  admissions).

19  Moreover, the offer letters and contracts at issue are not hearsay, but rather
20  constitute the "verbal acts" of contract offer and commercial bribery, and are
21  admissible for this reason as well. See N.L.R.B. v. H. Koch and Sons, 578 F.2d 1287,
22  1290 (9th Cir. 1978) (proof of offer and acceptance of contract is not hearsay, but
23  rather admissible evidence of verbal conduct); United States v. Montana, 199 F.3d
24  947, 950 (7th Cir. 1999) (holding bribery offer admissible as non-hearsay verbal act).

25  Finally, the offer letters and contracts are admissible to establish that the offers
26  and contracts were made. See United States v. Anfield, 539 F.2d 674, 678 (9th Cir.
27  1976) ("[Hearsay rule] does not exclude evidence offered to prove the fact that a
28  statement was made, rather than the truth."); United States v. Whitman, 771 F.2d

668297
3

1348, 1352 (9th Cir. 1985) (evidence of statements is admissible where it is offered not for truth of matter asserted, but only to show statements themselves were made).

**MGA Parties' Reply:**

Mr. Zeller's Declaration purports to authenticate Exhibits 4 and 6, which are both in Spanish. (Zeller Decl., ¶¶ 5, 7.) Testimony regarding the contents of a document in a foreign language is inadmissible for lack of foundation absent an English translation that is accompanied by: (1) a sworn statement as to its correctness; and (2) a description of the maker's qualifications or expertise regarding such translation. *Jack v. Trans World Airlines, Inc.*, 854 F. Supp. 654, 659 (N.D. Cal. 1994). Mattel offers no such authentication. Therefore, these paragraphs and exhibits are inadmissible.

Additionally, although Exhibits 2, 3, and 7 appear to be English translations of certain contracts and letters, there is no indication that these documents were ever signed by anyone. Mattel provides absolutely no indication that these are anything more than draft documents. As stated in Mattel's own cases, ***proof*** of offer and acceptance of a contract is not hearsay. Absent admissible evidence that (1) these documents were signed by authorized representatives of MGA De Mexico and (2) that they were transmitted to the intended recipient, these documents are wholly inadmissible. Fed. R. Evid. 602.

Likewise, Mattel's assertion that these documents are admissible as "verbal acts" of "commercial bribery" is also completely specious. Those documents that are in English provide absolutely no evidence of bribery on their face and, without a duly authenticated translation, it is impossible to ascertain the contents of those that are in Spanish. Furthermore, unless Mattel provides admissible evidence that (1) these documents were signed by authorized representatives of MGA De Mexico and (2) that they were transmitted to the intended recipient, they cannot constitute a "performative utterance" and are wholly inadmissible. Fed. R. Evid. 602; *see United*

668297

4

MGA PARTIES' REPLY RE EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE 2/6/09 DECLARATION OF MICHAEL ZELLER

1  States v. Montana, 199 F.3d 947, 950 (7th Cir. 1999).

2　　　　Finally, regardless of whether these documents were produced by the MGA Parties through discovery, Mattel offers absolutely no indication that they were prepared, drafted, authored, etc. by agents of MGA De Mexico or the other MGA Parties. Without such evidence, these documents may not be held to be admissible as admissions of a party-opponent. Fed. R. Evid. 801(d)(2).

| Objection | Basis for Objection |
|---|---|
| 6. Paragraph 9 "Attached hereto as Exhibit 8 is a true and correct copy of an e-mail from Isaac Larian to Nancy Koppang, dated April 11, 2004." | Lacks foundation, speculative, hearsay. Zeller lays no foundation for the document nor does he have personal knowledge. Moreover, it is an out of Court statement offered for the truth of the matters asserted. FRE 602, 801 and 802 |

**Mattel's Response:**

As is evidenced by the Bates number on the bottom right of each page of this exhibit bearing the "MGA" prefix, this document was produced by the MGA Parties during the course of discovery. In particular, this document was produced by the MGA Parties on November 16, 2007. See Naim Dec., ¶ 8. As such, it is a self-authenticating document and no further foundation need be established. See e.g., In re Homestore.com, 347 F. Supp. 2d at 781; Parker, 2007 WL 2688811 at *2 n.4; Evanston Ins. Co., 546 F. Supp. 2d at 1140.

Defendants' hearsay objections are equally without merit. As this documents was created by agents of the MGA Parties during the course of their employment, it constitutes a judicial admission and is outside the hearsay rule. See N.L.R.B., 578 F.2d at 1290; Montana, 199 F.3d at 950. Moreover, this communication is separately admissible to establish **REDACTED**

668297

5

MGA PARTIES' REPLY RE EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE 2/6/09 DECLARATION OF MICHAEL ZELLER

1  **REDACTED**                                                See Fed. R.
2  Evid. 803(3) (hearsay exception for a "statement of the declarant's then existing state
3  of mind, emotion, sensation, or physical condition (such as intent, plan, motive,
4  design, mental feeling, pain, and bodily health)"); United States v. Pheaster, 544 F.2d
5  353, 376 (9th Cir. 1976) ("[W]hen the performance of a particular act by an
6  individual is an issue in a case, his intention (state of mind) to perform that act may be
7  shown. From that intention, the trier of fact may draw the inference that the person
8  carried out his intention and performed the act.").

## MGA Parties' Reply:

Regardless of Mattel's attempts to authenticate Exhibit 8 after-the-fact, no authentication was offered at the time it was submitted. "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. Because Mr. Zeller did not provide any basis for his knowledge regarding Exhibit 8 when he submitted such document, it should be excluded as inadmissible.

Moreover, Mattel attempts to offer Exhibit 8, a declaration by Isaac Larian dated April 2004, as evidence of Mr. Vargas' and Ms. Trueba's current positions at MGA De Mexico. Indeed, Mr. Larian's purported intent in hiring these individuals almost five years ago has no bearing whatsoever on whether they are currently

**REDACTED**                               See Fed. R. Evid. 803(3).

///
///
///
///
///
///
///

668297

| Objection | Basis for Objection |
|---|---|
| 7. Paragraph 21, page 3:3-5 "On January 26, 2009 no one provided me, or anyone else at my firm, with dates for the depositions." | Lacks foundation, speculation. Mr. Zeller failed to aver that he spoke to others at his firm to inquire whether they had received telephone calls. In fact, Mr. Corey had conversations with Mr. Khan about the depositions on January 26, 2009. FRE 602 |

**Mattel's Response:**

Whether Mr. Corey had a conversation with Mr. Kahn is irrelevant to Mr. Zeller's declaration. Mr. Zeller declared that, "On January 26, 2009, no one provided me, or anyone else at my firm, with dates for the depositions." Defendants do not claim that Mr. Khan provided dates for the depositions, or otherwise dispute the contents of the declaration. Indeed, if the MGA Parties had provided dates for the Vargas and Trueba depositions, this motion would not have been necessary.

**MGA Parties' Reply:**

Mr. Zeller avers that "no one provided me, or anyone else at my firm, with dates for the depositions." Without a statement that Mr. Zeller spoke to others at his firm regarding this topic, he has no foundation to testify about any conversations they may have had. Without any fundamental facts to support this statement, it is inadmissible. Fed. R. Evid. 602.

///
///
///
///
///
///

| Objection | Basis for Objection |
|---|---|
| 8. Paragraphs 25-39, pp 3:15-7:19. | These portions of the declaration purport to lay out a procedural history of Carter Bryant's depositions in State Court and Federal Court. Mr. Bryant was separately represented and Mattel has settled with Mr. Bryant. Therefore the averments are irrelevant to this motion concerning employees of MGAE de Mexico. FRE 401 and 402 |

**Mattel's Response:**

As the MGA Parties themselves have admitted in the past, the MGA Parties were engaged in a joint defense agreement with Carter Bryant.[2] Moreover, Bryant's counsel was paid for primarily by the MGA Parties.[3] Their joint decisions to delay and obstruct discovery are relevant for the reasons discussed in Mattel's motion.

**MGA Parties' Reply:**

Mattel attempts to tarnish the Court's impression of the MGA Parties by going to great lengths to discuss Carter Bryant's alleged attempts to avoid his deposition. Regardless of whether or not Mr. Bryant and the MGA Parties were engaged in a joint defense agreement, Mattel concedes that Mr. Bryant was represented by a separate law firm (based, no less, in San Francisco). Thus, Mr. Bryant's litigation conduct is *irrelevant* to any issues presented by the instant motion. Mattel does not dispute the fact that Mr. Bryant was represented by separate counsel and Mattel has now settled with him.

---

[2] See Declaration of James P. Jenal in Support of MGA Entertainment, Inc.'s Motion Objecting to Discovery Master's March 7, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Overrule Instructions Not to Answer During the Deposition of Carter Bryant, dated April 23, 2007, at ¶ 3 & Exh. 2, Naim Dec., Exh. 1.

[3] See Deposition Transcript of Carter Bryant, dated January 23, 2008, at 834:10-14, Naim Dec., Exit 2.

8

1   The Federal Rules of Evidence define "relevant evidence" as "having any
2   tendency to make the existence of any fact that is of consequence" to the
3   determination of the matter more or less probable. Fed. R. Evid. 401; *See Cerniglia v.*
4   *County of Sacramento*, 566 F. Supp. 2d 1034, 1039-1040 (E.D. Cal. 2008) (holding
5   irrelevant evidence was inadmissible because it did not have "any tendency to make
6   the existence of any fact that is of consequence to the determination of the action
7   more probable or less probable than it would be without the evidence"). The sole
8   issue presented by Mattel's motion is whether a notice of deposition is sufficient to
9   compel the depositions of Mr. Vargas and Ms. Trueba. Any purported circumstances
10  concerning Mr. Bryant's deposition are of no "consequence" to the only issue here.

| Objection | Basis for Objection |
|---|---|
| 9.  Paragraph 50-58, pp 8:25-9:22 | These averments concern the deposition of Gustavo Machado, who is separately represented and are therefore irrelevant to the depositions of Trueba and Vargas. FRE 401 and 402. |

**Mattel's Response:**

As noted in Mattel's motion, the MGA Parties themselves were directly responsible for unilaterally cancelling the Machado deposition on January 12, 2008. See Motion at 10:6-12. Moreover, the MGA parties cannot so easily distance themselves from the conduct of Machado's counsel. **REDACTED**

**REDACTED** [4] Though the MGA Parties have not explicitly produced a joint defense agreement with Machado's counsel, their close association with his interests, payment of his counsel, and collusion in delaying the Machado deposition implicate the MGA Parties in

---

[4]   See Deposition Transcript of Carlos Gustavo Machado Gomes, dated October 14, 2008, at 34:18-35:16, Naim Dec., Exh. 3.

668297

1  obstruction by Machado's counsel.

2

3  **MGA Parties' Reply:**

4      Again, Mattel attempts to tarnish the Court's impression of the MGA Parties by going to great lengths to discuss Gustavo Machado's deposition. Regardless of Mattel's allegations concerning Mr. Machado's alleged status as a "managing agent" of MGA De Mexico, Mattel concedes that he is represented by separate counsel, at another law firm and not by counsel for MGA. Thus, Machado's counsel's litigation conduct is *irrelevant* to any issues presented by the instant motion.

    The Federal Rules of Evidence define "relevant evidence" as "having any tendency to make the existence of any fact that is of consequence" to the determination of the matter more or less probable. Fed. R. Evid. 401; *See Cerniglia v. County of Sacramento*, 566 F. Supp. 2d 1034, 1039-1040 (E.D. Cal. 2008) (holding irrelevant evidence was inadmissible because it did not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). The sole issue presented by Mattel's motion is whether a notice of deposition is sufficient to compel the depositions of Mr. Vargas and Ms. Trueba. Any purported circumstances concerning Mr. Machado's deposition are of no "consequence" to the only issue here.

Dated: February 24, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
  & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP


By: _____/s/ Amman A. Khan_____
Amman Khan
Attorneys for the MGAE Parties
for Phase Two

668297

10

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

    On February 24, 2009, I served the foregoing document described as:

**MGA PARTIES' REPLY RE EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE 2/6/09 DECLARATION OF MICHAEL ZELLER, IN SUPPORT OF MATTEL INC.'S MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANNA TRUEBA; AND REQUEST FOR SANCTIONS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ **(BY EMAIL)** I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 24th day of February, 2009, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lora Anderson

668297

MGA PARTIES' REPLY RE EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE 2/6/09
DECLARATION OF MICHAEL ZELLER

# SERVICE LIST

Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Email]**

Russel J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email]**

Robert C. O'Brien
Arent Fox
48th Floor
555 West Fifth Street
Los Angeles, CA 960013
**[By Personal Service]**

668297

---

**MGA PARTIES' REPLY RE EVIDENTIARY OBJECTIONS AND REQUEST TO STRIKE 2/6/09 DECLARATION OF MICHAEL ZELLER**