QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS<br><br>**PUBLIC REDACTED** | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien Pursuant To Order Of January 6, 2009]**<br><br>SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S REPLY IN RESPONSE TO THE MGA PARTIES' OPPOSITION TO MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO THIRD-PARTY SUBPOENAS<br><br>[Reply in Support of Motion to Compel filed concurrently]<br><br>Hearing Date:   March 4, 2009<br>Time:           10:00 a.m.<br>Place:          Arent Fox, LLP<br><br>Phase 2:<br>Disc. Cut-off:    December 11, 2009<br>Pre-trial Conf.:  March 1, 2010<br>Trial Date:       March 23, 2010 |

## SUPPLEMENTAL DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bars of the State of California and the District of Columbia, and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit A hereto is a true and correct copy of the Court's January 6, 2009 Order.

3. In early January 2009, Mattel served subpoenas on Omni 808 Investors, Inc., Vision Capital, LLC, OmniNet Capital, LLC, IGWT Group, LLC, and IGWT 826 Investments.

4. After service of the subpoenas, counsel for Mattel, the MGA Parties and the subpoenaed parties agreed to a procedure to resolve any disputes over the third-party subpoenas (the "Agreement"). The agreement was memorialized in a January 23, 2009 letter that Robert J. Herrington, counsel for the MGA Parties, sent to me and other third parties involved in the present discovery dispute. On or about February 6, 2009, I discussed the motions regarding Mattel's third-party subpoenas with Mr. Herrington. In that conversation, Mr. Herrington told me that although the MGA Parties expected to file a Motion to Quash the subpoenas based on their claim that the January 7, 2009 Order foreclosed financial discovery at this point, the MGA Parties would not oppose Mattel's Motion to Compel Documents Responsive to Third-Party Subpoenas.

5. Because Mattel was continuing to meet and confer with the subpoenaed parties, on January 30, 2009, I requested that counsel agree to a one-day extension to file Mattel's motion to compel. In response, Mr. Herrington requested that the arrangement be reciprocal and apply to the MGA Parties' motion to quash.

1  A true and correct copy of an e-mail chain ending with a January 30, 2008 e-mail
2  from Mr. Herrington to me is attached hereto as Exhibit B.

3        6.    The MGA Parties' claims about post-complaint discovery is
4  inconsistent with prior rulings in this case and the MGA Parties' own discovery
5  practices.  For example, reversing the prior Discovery Master, Judge Larson ordered
6  Larian to produce hard drives containing information that post-dated Mattel's
7  complaint.  Attached as Exhibit C is a true and correct copy of the Court's February
8  27, 2008 Order.  Other Orders previously issued in this case likewise compelled
9  post-complaint discovery.  For example, in a May 16, 2007 Order, the Discovery
10 Master ordered MGA to produce design documents for products that had not even
11 been released.  Attached as Exhibit D is a true and correct copy of the May 16
12 Order.  Further, on May 29, 2008, the Court compelled the production of Isaac
13 Larian financial documents "through and including the end of fiscal year 2007,"
14 which is for a time period well after any of the complaints filed in this case.  A true
15 and correct copy of the May 29 Order is attached as Exhibit E.

16       7.    Also contrary to the MGA Parties' current claims about page
17 length, it has been the MGA Parties' long practice in this matter to file discovery-
18 related briefs well in excess of 25 pages, including:  1/18/08 Motion for Protective
19 Order (34 pages); 2/7/08 Opposition to Compel Deposition (30 pages); 12/31/07
20 Opposition to Motion to Compel Responses to Interrogatories (33 pages); 12/18/07
21 Opposition to Motion to (1) Enforce Court Order and (2) Overrule Improper
22 Objections (59 pages); and the 2/20/07 Opposition to Motion to Compel (33 pages).
23 Further, the prior Discovery Master granted Mattel motions that exceeded the MGA
24 Parties' claim about discovery motion page limitations, including for example,
25 Mattel's 4/25/2007 Motion to Compel MGA to Produce Witness for Deposition and
26 for Sanctions (88 pages) (granted 5/18/2007, Tab 36) and 12/5/2007 Motion (1) To
27 Enforce Court's Discovery Orders and to Compel, (2) To Overrule Improper
28 Instructions, and (3) for Sanctions (76 pages) (granted 1/9/2008, Tab 76).

8. Both parties in this matter also have in the past submitted separate statements in support of their discovery briefs. For example, MGA filed lengthy separate statements in support of its 12/21/2007 Motion to Quash and 1/18/2008 Motion for Protective Order. The separate statement filed by the MGA Parties in support of their previous motion to quash third-party subpoenas was over 120 pages long. Counsel for the MGA parties filed a responsive separate statement last week, without objection, on February 12, 2009, in connection with Mattel's Renewed Motion to Compel Production of Documents and Things.

9. There have been more than 50 discovery Orders against MGA, in whole or in part, and its co-defendants as well as Orders that have found MGA to be in deliberate violation of Court Orders. Examples of the latter are located at Tab 12 (6/19/2006 Minute Order) and Tab 50 (8/15/2007 Discovery Master Order) in the Discovery Master Binder.

10. Attached as Exhibit F is a true and correct copy of the December 6, 2006 Stipulation for Appointment of a Discovery Master and Order.

11. Attached as Exhibit G is a true and correct copy of the Discovery Master's February 12, 2009 Order.

12. Attached as Exhibit H is a true and correct copy of the Court's February 11, 2009 Minute Order.

13. Attached as Exhibit I is a true and correct copy of the relevant excerpts from the January 5, 2009 Attorney's Eyes Only Hearing Transcript.

14. Attached as Exhibit J is a true and correct copy of a comparison prepared at my request showing the substantial overlap between the products that Isaac Larian's IGWT Group purchased from MGA at a substantial discount on or about July 7, 2008 with the products that MGA was selling as of June 2008 to its regular customers at or near list prices, thus refuting the suggestion that the products Mr. Larian's company purchased at a substantial discount were obsolete or overstock products, as claimed. The source of the products that IGWT Group

purchased is Exhibit B to the Declaration of John Woolard submitted in support of the MGA Parties Opposition to Mattel's *Ex Parte* Application for Appointment of Receiver or for Alternative Relief. The source for MGA's sales by specific products as of the end of June 2008 is a document titled "MGAE Worldwide Sales by SKU 2008 June YTD" with bates number MGA3896239 that MGA produced on July 31, 2008. MGA has refused to produce more recent sales information. A true and correct copy of the face page and some following pages is attached as Exhibit K. Because the complete document is over 500 pages long when printed, a complete copy of it will be lodged with the Discovery Master upon request.

15.   Attached as Exhibit L is a true and correct copy of the Court's June 27, 2007 Order re: Motions Heard on June 11, 2007.

16.   Attached as Exhibit M is a true and correct copy of the Court's April 14, 2006 Standing Order.

17.   Attached as Exhibit N is a true and correct copy of relevant excerpts of the February 25, 2008 Hearing Transcript.

18.   Attached as Exhibit O is a true and correct copy of the MGA Parties' Opposition to Mattel's Motion to Strike Affirmative Defenses, filed on November 5, 2007.

19.   Attached as Exhibit P is a true and correct copy of a January 25, 2007 Discovery Master Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2009, at Los Angeles, California.

/s/ Jon D. Corey
Jon D. Corey

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2806403.1

-5-   Case No. CV 04-9049 SGL (RNBx)

SUPPLEMENTAL DECLARATION OF JON D. COREY IN SUPPORT OF REPLY