# EXHIBIT A

CALENDARED

RECEIVED

JAN 0 8 2009

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                          Date: January 6, 2009

Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            James Holmes                          None Present
            Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

PROCEEDINGS:    ORDER APPOINTING DISCOVERY MASTER

        As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any
discovery disputes that might arise in Phase 2 of this case. The appointment of the Discovery
Master was made at the joint request of the parties in this case. See Stipulation for Appointment of
a Discovery Master and Order, December 6, 2006.

        Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that
a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what
MGA has aptly described to the Court as "the massive administrative burdens in time and labor
necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase
2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2." Based on
the Court's experience in this case, there is no question that a Discovery Master is needed to
"effectively and timely" address the anticipated discovery matters in this case.

        The Court previously submitted to all counsel of record the names of eight attorneys for
consideration by the parties and invited counsel to submit, in camera, any objections to those
attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of
the permanent injunction, if needed). The Court has carefully considered the objections submitted.
Two of the individuals named were not the subject of an objection by any party. Of those two, the
Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL -- GEN                          1

EXHIBIT A
PAGE 6

01-06

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera. A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master. The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk: jh

EXHIBIT _A_
PAGE _2_

# EXHIBIT B

**From:**    Herrington, Robert J [Robert.Herrington@skadden.com]
**Sent:**    Friday, January 30, 2009 7:18 PM
**To:**    Jon Corey
**Cc:**    Stephen Hauss; Christopher Price; Russell, Jason D
**Subject:** Re: Mattel v. MGA

Great - so the deadline for the motion to quash by MGA and any motion to compel by Mattel will be Tuesday, February 3.

Thank you

**From:** Jon Corey
**To:** Herrington, Robert J (LAC)
**Cc:** Stephen Hauss ; Christopher Price ; Russell, Jason D (LAC)
**Sent:** Fri Jan 30 22:12:14 2009
**Subject:** RE: Mattel v. MGA

That is fine with me.


Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com



**From:** Herrington, Robert J [mailto:Robert.Herrington@skadden.com]
**Sent:** Friday, January 30, 2009 7:07 PM
**To:** Jon Corey
**Cc:** Stephen Hauss; Christopher Price; Russell, Jason D
**Subject:** Re: Mattel v. MGA

Jon - I am assuming the proposed change in your email below is reciprocal - meaning both sides will file on 2/3, correct?

**From:** Jon Corey
**To:** Herrington, Robert J (LAC)
**Cc:** Stephen Hauss ; Christopher Price
**Sent:** Fri Jan 30 21:37:37 2009
**Subject:** Mattel v. MGA

Rob,

EXHIBIT _B_
PAGE _8_

I understand that there is an agreement in place to file the motion to quash/motion to compel next Monday. We are continuing to meet and confer with the IGWT parties and it is unlikely that we will conclude that process on Monday in sufficient time to move to compel, if necessary. Can we agree that Mattel's motion with respect to the subpoenaed parties may be filed on next Tuesday, February 3, 2009, if necessary, and that there will be no assertion by the MGA Parties that the motion is untimely in any respect?

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient (s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.


-----------------------------------------------------------------------
**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
**************************************************
**************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
**************************************************
=======================================================================


-----------------------------------------------------------------------
**************************************************

To ensure compliance with Treasury Department regulations, we advise you that, unless otherwise expressly

EXHIBIT ___B___
PAGE _____9_____

indicated, any federal tax advice contained in this message was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or applicable state or local tax law provisions or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.
***************************************************
***************************************************

This email and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this email, you are hereby notified any dissemination, distribution or copying of this email, and any attachments thereto, is strictly prohibited. If you receive this email in error please immediately notify me at (212) 735-3000 and permanently delete the original copy and any copy of any email, and any printout thereof.

Further information about the firm, a list of the Partners and their professional qualifications will be provided upon request.
***************************************************

EXHIBIT B
PAGE 10

# EXHIBIT C

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 |                    UNITED STATES DISTRICT COURT

9 |                   CENTRAL DISTRICT OF CALIFORNIA

10 |                         EASTERN DIVISION

11 | CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)
                                            Consolidated with
12 |            Plaintiff,                   Case Nos. CV 04-09059 & CV 05-2727

13 |       vs.

14 | MATTEL, INC., a Delaware               [PROPOSED] ORDER GRANTING
     corporation,                          MATTEL, INC.'S MOTION OBJECTING
15 |                                        TO PORTIONS OF DISCOVERY
              Defendant.                    MASTER'S DECEMBER 31, 2007 ORDER
16 |                                        REGARDING HARD DRIVES

17 | AND CONSOLIDATED ACTIONS              **Phase 1**
                                           Discovery Cut-Off:  January 28, 2008
18 |                                        Pre-Trial Conference: May 5, 2008
                                           Trial Date:         May 27, 2008
19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |                                        EXHIBIT ____C____
27 |                                        PAGE ____11____
28 |

072091/2414052.3

[PROPOSED] ORDER GRANTING MATTEL'S MOTION OBJECTING TO DECEMBER 31, 2007 ORDER RE HARD DRIVES

1                              [PROPOSED] ORDER

2

3              Having considered Mattel, Inc.'s Motion Objecting To Portions Of

4    Discovery Master's December 31, 2007 Order Regarding Hard Drives and all

5    supporting papers, all papers submitted in opposition to the Motion, and having

6    considered the arguments of counsel, the Court finds good cause to grant the Motion

7    and to overrule in part the Discovery Master's Order Granting in Part and Denying

8    in Part Mattel's Motion to Compel Production of Documents by Isaac Larian;

9    Denying Request for Sanctions, dated December 31, 2007, as to Request Nos. 222

10   and 225:

11             IT IS HEREBY ORDERED THAT the Discovery Master's Order is

12   overruled as to Request Nos. 222 and 225. Destruction of electronic evidence on

13   hard drives is relevant to Mattel's claims, including specific predicate acts alleged in

14   Mattel's RICO counterclaims. The Discovery Master's Order denying such evidence

15   to Mattel was clearly erroneous and contrary to law.

16             IT IS FURTHER ORDERED THAT Isaac Larian shall make available

17   within ten (10) calendar days the following hard drives that are in his possession,

18   custody, or control for inspection and copying:

19        1.      All hard drives from, or that were at any time connected to, any

20                computer used by either Isaac Larian or Carter Bryant at any time from

21                1999 to the present and that contain or previously contained any digital

22                information referring or relating to Bratz, Angel, MGA or Bryant (as

23                those terms are defined in Mattel's Requests).

24   A consultant of Mattel's choosing, who Mattel will identify before the inspection,

25   shall be allowed to inspect each of the hard drives produced. Mattel's consultant

26   shall be allowed to make a forensically sound image of each hard drive produced.

27   The inspection may take place at a location of Larian's choosing in this District, so

28   long as the location has the minimum requirements necessary to inspect and create a

EXHIBIT ___C___
PAGE ___12___

1   forensically sound image of the produced hard drives.  A consultant of Larian's

2   choosing, who Larian will identify before the inspection, shall be allowed to observe

3   the inspection and imaging of the hard drives.

4            IT IS FURTHER ORDERED THAT Mattel's consultant shall have the

5   right to inspect any and all information on said hard drives to determine:

6            (a)   whether, when and by whom any information was deleted,

7   destroyed, written over, lost, exported, moved, spoliated or otherwise rendered

8   inaccessible or unreadable;

9            (b)   whether, when and by whom any attempts were made to delete,

10   destroy, write over, export, move, spoliate or otherwise render inaccessible or

11   unreadable any information on those hard drives;

12            (c)   the current or past presence or use of any hardware or software

13   tool to accomplish any of the actions identified above;

14            (d)   whether any information deleted, destroyed, written over, lost,

15   exported, moved, spoliated or otherwise rendered inaccessible or unreadable may be

16   recovered; and

17            (e)   to recover any such information, in whole or in part.

18

19   DATED:      2 / 27      , 2008

20                                         Hon. Stephen G. Larson
                                           United States District Judge

21

22

23

24

25

26                                         EXHIBIT ___C___

27                                         PAGE ___13___

28

07209/2414052.3

-3-

[PROPOSED] ORDER GRANTING MATTEL'S MOTION OBJECTING TO DECEMBER 31, 2007 ORDER RE HARD DRIVES

# EXHIBIT D

CONFORMED COPY
LODGED                     FILED

2007 MAY 16  PM 1: 59    2007 MAY 16  PM 2: 00

CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.    CENTRAL DIST. OF CALIF.
RIVERSIDE                  RIVERSIDE

BY_____         BY_____

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                    EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12            Plaintiff,

13       v.                                Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15            Defendant.                   **ORDER GRANTING MATTEL'S
                                           MOTION TO COMPEL PRODUCTION
16                                         OF DOCUMENTS AND
                                           INTERROGATORY RESPONSES BY**
17  CONSOLIDATED WITH                      **MGA**
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20                          I.  INTRODUCTION

21        On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

22  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February

23  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

24  reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under

25  submission pending the parties' submission of a proposed protective order, which was received

26

27

28  Bryant v. Mattel, Inc.,                                              1
    CV-04-09049 SGL (RNBx)

EXHIBIT  D
PAGE  19

1    on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2    Mattel's motion to compel is granted.

3                                   II.  BACKGROUND

4        A. Requests for Documents

5        In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6    became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7    categories of documents, to be produced in ten days.  MGA filed a motion to quash, which the

8    court granted because of the short amount of time provided for compliance with the subpoena.

9    The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10   some of Mattel's requests.  In particular, the parties agreed to limit production to the "first

11   generation" Bratz dolls.  On August 12, 2004, MGA produced documents.

12       In 2005, the parties stipulated to supplementing their document productions on May 16,

13   2005.  Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14       In September of 2006, MGA made a supplemental production of documents.  On February

15   5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16   with legibility problems.  On February 20, 2007, MGA produced an additional 224 pages of

17   documents to replace earlier produced documents with legibility problems.

18       Mattel now moves to compel MGA to produce documents responsive to its requests.  As a

19   preliminary matter, Mattel contends that MGA's production is deficient because it contains

20   redactions and cut-off text.  Further, Mattel contends that MGA's production is incomplete with

21   respect to essentially five categories of documents.  First, Mattel contends that MGA is

22   withholding documents relating to the origins of Bratz and Bryant's work for MGA.  Mattel

23   believes that MGA's production is incomplete based upon its review of documents that have been

24   produced by third party Steven Linker.  According to Mattel, Linker's documents from October

25   of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26   previously represented.  Mattel also contends that MGA's responses to the document requests

27

28
     Bryant v. Mattel, Inc.,                                                    2
     CV-04-09049 SGL (RNBx)



EXHIBIT  D
PAGE  13

1  contain inappropriate limitations, such as MGA's statement that it will produce "relevant and
2  responsive non-objectionable documents" or only that it will produce documents "sufficient" to
3  show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs
4  purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's
5  Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of
6  what is or is not being withheld. Mattel also contends that MGA's objections based upon its
7  confidentiality concerns or the privacy rights of third parties are unwarranted in light of the
8  protective order in place. In addition, Mattel contends that MGA's objection to producing
9  documents relating to activities or conduct in foreign countries is wholly improper because those
10  documents may contain information relevant to Mattel's claims.

11  Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether
12  such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work
13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for
14  discovery purposes. Mattel contends that the works created by Bryant during his Mattel
15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in
16  a Bratz doll released at a particular time.[1]

17  Mattel next contends that MGA is improperly withholding documents about designs
18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may
19  be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to
20  explore whether such works and the profits from Bratz dolls other than the "first generation"
21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability
22  and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is
23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary
24  information as well as MGA's unfair competition claims.

25  _____
26  [1] Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
   to compel Bryant to produce documents.
27
28  Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

3

EXHIBIT _D_
PAGE _14_

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2  services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3  Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4  Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5  Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7  payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8  because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9  (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10  damages; and (3) payments may show when and what trade secret information Bryant and other

11  defendants allegedly misappropriated from Mattel.

12    Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13  contends that all agreements between Bryant and MGA are relevant, not just the original

14  September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15  documents relating to MGA and Bryant's alleged joint defense agreement because such

16  information would be relevant to demonstrate bias and lack of credibility.

17    Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18  statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19  information may reveal relevant information about the date of creation of Bryant's Bratz

20  drawings.

21    In response, MGA denies withholding responsive documents and asserts that it has

22  produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23  that it has produced all responsive and relevant documents that it was able to locate in response to

24  request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25  before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26  motion. In particular, MGA represents that it is diligently working to produce documents related

27

28    Bryant v. Mattel, Inc.,
      CV-04-09049 SGL (RNBx)

4


EXHIBIT D
PAGE 17

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100. MGA represents that it informed

3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4   have been released on the market. In addition, MGA represents that it has agreed to produce

5   documents relevant to Bratz or Prayer Angels that it received from Union Bank. More

6   specifically, MGA represents that it agreed to review and produce documents provided to it by

7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8   Bratz or Prayer Angels. MGA also represents that it has agreed to produce royalty statements.

9   Therefore, MGA views the motion as unnecessary.

10       MGA next contends that Mattel's motion should be denied for the following additional

11  reasons. First, MGA contends that Mattel is not entitled to MGA's product design documents for

12  unreleased products. MGA asserts that its product design documents for its unreleased toy

13  concepts are among its most highly valuable trade secrets. Furthermore, MGA contends that

14  designs and drawings for products currently under development, over six years after Bryant first

15  created his original Bratz drawings, have no relevance to any of Mattel's claims. In the event that

16  documents relating to unreleased products are ordered produced, MGA requests a protective order

17  under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18  than the current protective order provides. In the alternative, MGA requests that any order

19  compelling production of documents relating to unreleased products should essentially be stayed

20  until after MGA's products are publicly released.

21       Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22  attorneys' fees because the information is privileged. Furthermore, MGA contends that the

23  information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

5


EXHIBIT D
PAGE 16

1  in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2  Opposition at 24:9-12.[2]

3       Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4  and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5  refused to produce similar types of documents. More significantly, MGA contends that Mattel's

6  requests for non-public witness statements are "a blatant attempt to avoid the discovery

7  limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8  imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.

9  MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,

10  Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11  attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12  abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took

13  the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA

14  was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting

15  foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16  a situation in which MGA has been forced to give testimony and provide evidence related to

17  issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18       Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19  dispute between MGA's chief executive officer and his brother because such documents are in no

20  way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration

21  proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,

22  MGA contends that the brothers were bound by a protective order prohibiting the use of any

23  documents or testimony for any purpose other than the arbitration.

24

25

---

26     [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the
request.

27

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6



EXHIBIT _D_
PAGE _19_

1    Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel
2  files because they contain confidential information and are not relevant to the lawsuit. Sixth,
3  MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are
4  in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd. Lastly,
5  MGA objects to producing documents relating to any testing performed to determine the date that
6  Bratz documents were created. MGA contends that such discovery is premature and should not
7  proceed until experts are designated.

8    B. Interrogatories

9    On April 28, 2005, Mattel served its Second Set of Interrogatories. On May 20, 2005,
10  however, the district court stayed the action. On May 17, 2006, the district court lifted the stay.
11  On May 30, 2006, MGA responded to the interrogatories.

12    Mattel contends that MGA's responses to the interrogatories were untimely. Further,
13  Mattel contends that the interrogatory responses to numbers five through eleven are deficient
14  because they lack substantive information and consist almost entirely of objections. MGA
15  responds that the motion is moot because it is prepared to provide supplemental responses to its
16  interrogatories. MGA does not otherwise assert any additional grounds for opposing Mattel's
17  motion to compel responses to interrogatories.

18                                  III. DISCUSSION

19    A. Rule 26 of the Federal Rules of Civil Procedure

20    Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain
21  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
22  party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the
23  discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.
24  Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is
25  unreasonably cumulative or duplicative, or is obtainable from some other source that is more
26  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample
27
28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

7


EXHIBIT D
PAGE 20

1  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4  the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5  26(b)(2).

6      B.  Document Requests

7          1.  Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8              34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9      The requests above seek discoverable information regarding the origins of Bratz and

10  Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11  response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12  "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13  and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14  14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15  products and documents from MGA Hong Kong.

16      As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17  its production to "relevant and responsive non-objectionable documents" or documents

18  "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19  might be excluding documents that are responsive to the request based upon its unilateral

20  determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21  document requests ordered herein without these restrictions.

Design Documents for Unreleased Products

23      MGA's design documents for unreleased products are relevant to Mattel's claims and

24  defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25  parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26  design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8



EXHIBIT D
PAGE 21

1 | to Modify Protective Order; And Proposed Order Thereon ("stipulation"). The parties' stipulation
2 | has been approved and entered as an order of the court. MGA is ordered to produce design
3 | documents for unreleased products that are responsive to Mattel's document requests in
4 | accordance with the terms of the stipulation and order.

Documents from MGA Hong Kong

6 |     Documents relating to activities or conduct in foreign countries are relevant and
7 | discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with
8 | Bratz. Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel
9 | provides reciprocal discovery from its subsidiaries.

10 |     Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in
11 | the context of this motion, and therefore is not addressed herein. MGA is ordered to produce
12 | documents from MGA Hong Kong.

13 |     Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,
14 | 64, 69, 96, 97, 98, 99, 100.

15 |     2. <u>Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,</u>
16 |        <u>61, 63, 66, 67, 70, 88, 90, 91</u>

17 |     Mattel contends that MGA is improperly limiting its document production to the "first
18 | generation" Bratz dolls. MGA represents, however, that it has agreed to produce subsequent
19 | generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design
20 | documents for yet unreleased products.

21 |     As stated previously, design documents for yet unreleased products are relevant and
22 | discoverable. <u>See</u> Order Modifying Protective Order. Accordingly, MGA is ordered to produce
23 | all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,
24 | 59, 61, 63, 66, 67, 70, 88, 90, and 91.

25 |     //
26 |     //
27 |
28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

9


EXHIBIT D
PAGE 22

1         3. <u>MGA's Payments to Bryant (Nos. 43, 45)</u>

2         MGA represents that it has already agreed to produce documents related to Bratz, without

3 limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless,

4 Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's

5 motion is granted with respect to request nos. 43 and 45.

6         4. <u>MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)</u>

7         MGA represents that it has already agreed to produce non-privileged documents

8 responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9 relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or

10 indemnity agreements between MGA and Bryant .

11         Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12 Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any

13 responsive documents withheld on the basis of a privilege must be properly identified in a

14 privilege log.

15         5. <u>Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,</u>

16         <u>41,</u>

17         In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18 and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel

19 anticipates that these documents could provide evidence relating to the conception date for Bratz.

20         Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21 date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against

22 alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the

23 arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24 Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

25 ————————————————

26    [3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and
infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority
that prohibits Mattel's conduct.

27

28

1  that MGA was developing Bratz by early 2000. Nevertheless, MGA objects to producing

2  documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3  protective order that prohibits the use of any documents or testimony for any purpose other than

4  the arbitration. MGA, however, has not provided any evidence of the protective order.

5  Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6          6. Documents Regarding Date-Testing (Request No. 92)

7          Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8  from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9  testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto." MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12         The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports. The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P. Accordingly, Mattel's motion is granted as to request no. 92.

15         C. Interrogatories

16         Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories. Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service. In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005. The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served. The district court lifted the stay on May 17, 2006.

22

23

24

25          [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's

26  personnel file based upon privacy grounds. The personnel file may have documents relevant to Bratz, and therefore
should be produced. The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                11



EXHIBIT D
PAGE 24

1    Neither party has cited to any caselaw governing the calculation of the 30-day period
2  when there is an intervening stay in discovery. In the absence of any caselaw, MGA's responses
3  will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the
5  conception, origin, creation, design, development, sculpting, engineering, reduction to practice,
6  tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz
7  before December 31, 2001, including a description of each person's role and the start and end
8  dates of each person's involvement. In response, MGA asserted numerous objections, but did
9  provide the names of five individuals.

10    The interrogatory clearly seeks information relevant to the claims at issue. MGA's
11  objections are without merit. The interrogatory is not vague, ambiguous, compound or overbroad.
12  Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls
13  for confidential, proprietary or commercially sensitive information, or seeks information
14  protected by the attorney-client privilege. Furthermore, MGA's response is incomplete insofar as
15  it fails to provide the description of each person's role and the start and end dates of each person's
16  involvement. Accordingly, MGA is ordered to provide a complete response to Interrogatory No.
17  5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18    Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any
19  embodiment of Angel. MGA is ordered to provide a complete response to Interrogatory No. 6 for
20  the reasons previously discussed in connection with Interrogatory No. 5.

21    Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to
22  December 31, 2001. In response, MGA asserted numerous objections and did not provide any
23  substantive information.

24    MGA's objections are without merit. The interrogatory clearly seeks information relevant
25  to establishing when Bryant first conceived Bratz. The interrogatory is not vague, ambiguous,
26  compound or overbroad. Nor has MGA carried its burden of establishing that the interrogatory is

27
28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)



EXHIBIT D
PAGE 25

12

1    unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2    seeks information protected by the attorney-client privilege. Accordingly, MG is ordered to

3    provide a complete response to Interrogatory No. 7.

4        Interrogatory No.8 asks MGA to identify each and every embodiment of Angel. MGA is

5    ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6    discussed in connection with Interrogatory No. 7.

7        Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8    or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9    or painting of Bratz. In response, MGA asserted numerous objections and did not provide any

10   substantive information.

11       The interrogatory seeks information relevant to establishing when Bryant first conceived

12   Bratz. Furthermore, MGA's boiler-plate objections are unsubstantiated. Accordingly, MGA is

13   ordered to provide a complete response to Interrogatory No. 9.

14       Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15   was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16   which each such instance occurred, the location of each show or exhibit, and the identity of

17   persons with knowledge of the shows or exhibits. In response, MGA asserted numerous

18   objections and provided the following information: Hong Kong Toy Fair in Hong Kong in or

19   about January 2001 and New York Toy Fair, New York, in or about February 2001.

20       Once again, MGA's boiler-plate objections are unsubstantiated. The information is

21   potentially relevant to establish when Bryant conceived Bratz. Further, the response is

22   incomplete insofar as it fails to identify any persons with knowledge. Therefore, MGA is ordered

23   to provide a complete response to Interrogatory No. 10.

24       Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25   including without limitation each office, home and cell phone number, in the name of, for the

26   benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13



1   January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2   limitation any long-distance carrier) for each such number. In response, MGA asserted numerous

3   boiler-plate objections.

4         Once again, MGA has failed to substantiate any of its objections with supporting

5   declarations or legal authorities. Accordingly, all objections are overruled and MGA is ordered to

6   provide a full response to Interrogatory No. 11.

7                                    IV. CONCLUSION

8         For the reasons set forth above, Mattel's motion to compel production of documents is

9   granted. MGA shall produce all non-privileged documents that are responsive to the requests

10   identified in this Order. Further, MGA shall produce all documents in un-redacted form, except

11   for redactions that are justified by the attorney-client privilege or work product doctrine. Mattel's

12   motion to compel interrogatory answers is also granted. MGA shall produce documents and

13   provide responses to interrogatories consistent with this Order, and produce a privilege log in

14   compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007. Mattel's request for

15   sanctions is denied.

16         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17   Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21   Dated: May /5, 2007

                                        HON. EDWARD A. INFANTE (Ret.)
22                                      Discovery Master

23

24

25

26

27

28
     Bryant v. Mattel, Inc.,                                              14
     CV-04-09049 SGL (RNBx)

EXHIBIT D
PAGE 27

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in the within action by e-mail addressed as follows:

| Name | Firm | Email |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT D
PAGE 28

# EXHIBIT E

FILED
CLERK, U.S. DISTRICT COURT

MAY 29 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

1

2

3

4

5

6

7

8              UNITED STATED DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11 | CARTER BRYANT, an individual,    ) CASE NO. CV 04-9049 SGL (RNBx)

12 |              Plaintiff,          ) Consolidated with Case No. 04-9059
                                       ) and Case No. 05-2727
13 |         v.
                                       ) Honorable Stephen G. Larson
14 | MATTEL, INC., a Delaware
   | corporation,                     ) [PROPOSED] ORDER
15 |                                   ) REGARDING VARIOUS
   |              Defendant.          ) DISCOVERY MOTIONS,
16 |                                   ) APPLICATIONS AND OTHER
17 | AND CONSOLIDATED ACTIONS         ) MATTERS UPON WHICH THE
                                       ) COURT RULED ON MAY 27, 2008
18

19

20

21

22

23

24

25

26

27

28
07209/2520274.2

[Proposed] Order Regarding Certain Motions Heard on May 27, 2008
Case No. CV 04-9049 SGL (RNBx)

5/29

EXHIBIT E
PAGE 29

## ORDER

Pursuant to the Court's request dated May 27, 2008, Mattel, Inc. ("Mattel") and MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V. (collectively, the "MGA Parties") jointly submit this [Proposed] Order regarding the Court's rulings on the various discovery motions, applications and other matters heard by the Court on May 27, 2008, the Honorable Stephen G. Larson presiding. After consideration of the motions, applications and other matters, the papers filed in support thereof and in opposition thereto, the argument of counsel and the other pleadings and papers on file in this action, and good cause appearing therefor, IT IS HEREBY ORDERED that:

1. Mattel's *Ex Parte* Application for Order That There Is No Basis Under the Protective Order for Mattel to Return Five Documents Produced by MGA is GRANTED IN PART AND DENIED IN PART. The Court grants Mattel's application as to the Payment List (MGA 3819497-506), the Employee List One (MGA 0868630-631) and the Employee List Two (MGA 1134723-730). The Court denies Mattel's application as to the Bratz Sales Sheet (MGA 0815789). Mattel's application as to the December 7, 2000 facsimile (MGA 0829296) has been resolved through the meet and confer process.

2. Mattel's Motion to Enforce Trial Subpoenas Issued to Ana Cabrera and Beatriz Morales is DEFERRED as not ripe for consideration.

3. Mattel's Motion for Order Enforcing the Court's December 27, 2007 Order Compelling Isaac Larian to Produce Certain Documents is DENIED, and Mattel's *Ex Parte* Application to Expedite the Court's Hearing of Mattel's Motion for Order Enforcing the Court's December 27, 2007 Order Compelling Isaac Larian to Produce Certain Documents is DENIED as moot.

4. Mattel's Motion for Order Compelling Isaac Larian to Respond to Trial Subpoena is GRANTED IN PART and DENIED IN PART. Isaac Larian is ordered to have available for his testimony at trial the documents referenced in item number

EXHIBIT E
PAGE 30

1  4 of his trial subpoena, including without limitation documents sufficient to show
2  sales revenue, costs of goods sold, variable costs, gross margins, royalties paid and
3  received, gross profits and net profits up through and including the end of fiscal year
4  2007.

5      5.  Mattel's Motion for Order Compelling Production of Communications
6  Made in Furtherance of Crimes and Frauds is DENIED without prejudice.  The
7  Court will reconsider this Motion in the context of the trial.

8      6.  Mattel's Motion to Enforce the Discovery Master's May 7, 2008 Order
9  is GRANTED.  Wachovia is ordered to produce all loan agreements and loan
10  documents related to any loans that MGA entered into, sought, or requested from
11  Wachovia in 1999 and 2000, including those related to earlier loan agreements or
12  financing agreements.

13      7.  Donald Moon's Motion to Quash MGA Trial Subpoena Issued to
14  Donald K. Moon is DENIED. Mattel may reserve all objections as to relevance.

15      8.  Mattel's Motion for Order Finding That Certain Documents Are
16  Authentic, Granting Adverse Inference Jury Instructions and Precluding Certain
17  Testimony Based on Invocation of Fifth Amendment and MGA's Violation of Court
18  Orders is DENIED without prejudice. The Court will treat the motion as a trial brief
19  and will allow the MGA Parties to file a trial brief on the matter.

20      9.  The MGA Parties' Motion to Strike Portions of the Pretrial Conference
21  Order is GRANTED IN PART and DENIED IN PART.   The Court denies the
22  motion as to the  "Bratz" name. The Court grants the motion as to the registration of
23  the control drawing.

24

25  SO ORDERED:

26

27  Dated:  5-29-08

28                                    _____
                                        The Honorable Stephen G. Larson

07209/2520274.2
                          2
          [Proposed] Order Regarding Certain Motions Heard on May 27, 2008
                          Case No. CV 04-9049 SGL (RNBx)

EXHIBIT E
PAGE 31

# EXHIBIT F

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2     John B. Quinn (Bar No. 090378)
      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
5   865 South Figueroa Street, 10th Floor
    Los Angeles, California  90017-2543
6     Telephone:   (213) 443-3000
      Facsimile:   (213) 443-3100
7
8   Attorneys for Mattel, Inc.

    [Additional counsel listed on following page]
9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12  CARTER BRYANT, an individual,        )  Case No. CV 04-09049 SGL (RNBx)
                                          )
13                 Plaintiff,             )  Consolidated with
                                          )  Case No. CV 04-09059
14         v.                             )  Case No. CV 05-02727
                                          )
15  MATTEL, INC., a Delaware              )  STIPULATION FOR APPOINTMENT
    corporation,                          )  OF A DISCOVERY MASTER; AND
16                                        )
                   Defendant.             )  [PROPOSED] ORDER
17                                        )
                                          )
18                                        )  Discovery Cutoff Date:  Not Set
                                             Trial Date:  Not Set
19

20

21

22

23

24

25

26                                    EXHIBIT ___F___

27                                    PAGE ___32___

28



1 | LITTLER MENDELSON
Robert F. Millman (Bar No. 062152)
2 | Douglas A. Wickham (Bar No. 127268)
Keith A. Jacoby (Bar No. 150233)
3 | 2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
4 | Telephone: (310) 553-0308
Facsimile: (310) 553-5583
5

Attorneys for Carter Bryant
6

O'MELVENY & MYERS LLP
7 | Diana M. Torres (Bar No. 162284)
400 S. Hope Street
8 | Los Angeles, California 90017
Telephone: (213) 430-6000
9 | Facsimile: (213) 430-6407

10 | O'MELVENY & MYERS LLP
Dale Cendali
11 | Times Square Tower
7 Times Square
12 | New York, NY 10036

13 | CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
Patricia Glaser (Bar No. 55668)
14 | 10250 Constellation Boulevard - 19th Floor
Los Angeles, CA 90067
15 | Telephone: (310) 553-3000
Facsimile: (310) 556-2920
16

Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT __F__
PAGE __33__

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

1    WHEREAS, the parties are in agreement that a discovery master should be
2  appointed in this matter to resolve any discovery disputes and to minimize the
3  burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8  Inc., by and through their respective counsel of record, hereby stipulate and agree as
9  follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-
11  effective discovery and to minimize the burden of discovery disputes upon the
12  Court. Any and all discovery motions and other discovery disputes in the above
13  captioned action shall be decided by a master ("Discovery Master") pursuant to
14  Federal Rule of Civil Procedure 53. Any motions currently pending before
15  Magistrate Judge Block shall be transferred to the Discovery Master. The moving
16  party shall provide to the Discovery Master all papers associated with each pending
17  motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.). His
19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20  94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein
22  have been finally disposed of or determined, or until he shall withdraw in
23  accordance with applicable law. If at any time he becomes unable to serve as the
24  Discovery Master, the parties shall confer to present an alternative agreed-upon
25  designee to the Court. In the event that the parties cannot agree to an alternate
26  designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and
28  place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT __F__
PAGE __34__

-3-

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1 preside over hearings (whether telephonic or in-person); to take evidence in
2 connection with discovery disputes; to issue orders resolving discovery motions
3 submitted to the Discovery Master; to conduct telephonic conferences to resolve
4 discovery disputes arising during depositions; to issue orders awarding non-
5 contempt sanctions, including, without limitation, the award of attorney's fees, as
6 provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7 recommendations, as appropriate.

8      5.      All discovery disputes shall be resolved by motion (except those arising
9 during a deposition which the Discovery Master determines can be resolved by
10 telephonic conference during the deposition). The moving party shall first identify
11 each dispute, state the relief sought, and identify the authority supporting the
12 requested relief in a meet and confer letter that shall be served on all parties by
13 facsimile or electronic mail. The parties shall have five court days from the date of
14 service of that letter to conduct an in-person conference to attempt to resolve the
15 dispute. If the dispute has not been resolved within five court days after such
16 service, the moving party may seek relief from the Discovery Master by formal
17 motion or letter brief, at the moving party's option. The opposing party shall have
18 five court days from the date of service of the motion or letter brief to submit a
19 formal opposition or response. Any reply brief or letter brief shall be served within
20 three court days from the date of service of a formal opposition or response. The
21 hearing on the motion shall take place within five court days of the service of any
22 reply brief or letter unless (a) the parties agree to another hearing date or agree that
23 no hearing is necessary; (b) the Discovery Master determines that no hearing is
24 necessary; or (c) the Discovery Master is not available, in which case the hearing
25 shall take place on the Discovery Master's first available date. The foregoing shall
26 not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27 seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28 dispute upon shortened time upon a showing of good cause why a party would be

EXHIBIT ___F___
PAGE ___35___

- 4 -

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic

2  mail prior to 6:00 p.m. shall constitute service on that day.

3      6.      The Discovery Master's orders resolving discovery disputes, reports, or

4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5  Magistrate Judge of the United States District Court.  The Discovery Master shall

6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7  the parties within five court days of his/her decision on a matter.

8      7.      A court reporter shall transcribe any hearing or other proceeding before

9  the Discovery Master.

10     8.      The cost of any proceeding before the Discovery Master, including the

11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12  other proceedings before the Discovery Master, and the fees of any other person

13  necessary to the efficient administration of the proceeding before the Discovery

14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16  the Discovery Master Orders otherwise.  By agreeing to share costs among the

17  parties, no party waives its right to seek recovery or reimbursement for such costs

18  from any other party.

19     9.      The Discovery Master shall be compensated according to his regular

20  hourly rate of $750.

21     10.     Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22  Master shall proceed with all reasonable diligence.

23     11.     Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25  aware that he has a relationship to the parties, to counsel, to the action, or to the

26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27  based thereon the parties expressly waive any ground for disqualification disclosed

28  therein of Hon. Edward A. Infante to serve as master in these proceedings.

EXHIBIT __F__

PAGE __36__                    - 5 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1    12.   The Discovery Master shall not have ex parte communications with ~~the~~
2 ~~Court~~, a party or counsel.

3    13.   The Discovery Master shall preserve and maintain all documents and
4 materials submitted by the parties as well as all orders, reports, and
5 recommendations issued by the Discovery Master.  These documents, materials,
6 orders, reports and recommendations shall be the record of the Discovery Master's
7 activities, and shall be maintained in chronological order until the Discovery Master
8 is informed by the parties that all issues herein have been finally disposed of and
9 determined.

10    14.   The Discovery Master is hereby authorized to receive and consider
11 information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-
12 ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective
13 Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

14    15.   All third parties subject to discovery requests or deposition in this
15 litigation shall be bound by the terms of this Stipulation and Order.

16

17 Dated: November 22, 2006         O'MELVENY & MYERS LLP

18

19                               By:

20                                  Diana Torres
                                  Attorneys for MGA Entertainment, Inc.

21

22 Dated: November 29, 2006         LITTLER MENDELSON

23

24                               By:

25                                    Douglas A. Wickham
                                  Attorneys for Carter Bryant

26

27

28

EXHIBIT F
PAGE 37

-6-

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  Dated: ~~November~~ December 4, 2006          QUINN EMANUEL URQUHART
                                                OLIVER & HEDGES, LLP
2

3                                               By: Jon D. Corey
                                                    Jon D. Corey
4                                                   Attorneys for Mattel, Inc.

5

6                          **ORDER**

7       The foregoing Stipulation for Appointment of a Discovery Master is SO

8  ORDERED. *as modified.*

9

10  Dated: 12-6-06.                            S.G. Larson

11                                             Hon. Stephen G. Larson
                                               United States District Court Judge
12

13

14                  **CONSENT OF DISCOVERY MASTER**

15      If appointed by the Court, I, the undersigned, consent to serve as Discovery

16  Master in the above referenced proceeding consistent with this Order.

17

18  Dated: 12-5-06                             Edward A. Infante

19                                             Hon. Edward A. Infante (Ret.)

20

21

22

23

24

25

26                                    EXHIBIT ___F___

27                                    PAGE ___38___

28

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

1

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

2

3      I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

4

5      On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

6

7  **Keith A. Jacoby, Esq.**                    **Diana M. Torres, Esq.**
   **Douglas Wickham, Esq.**                  **O'Melveney & Meyers**
   **Littler Mendelson**                      400 S. Hope Street
8  **A Professional Corporation**             Los Angeles, CA 90071
   2049 Century Park East, 5th Floor          Phone: 213-430-6000
9  Los Angeles, California 90067-3107         **Fax: 213-430-6407**
   Phone: 310-553-0308
10 **Fax: 310-553-5583**

11

12 [ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:
13

14 **[X]   BY MAIL**

15 [ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

16 [ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal
17         service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is
18         presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19 [ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
20         set forth above on this date.

21 [ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on December 5, 2006, at Los Angeles, California.

23 [ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 [X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26

27  __Cheri Hatch__                    _____
    Print Name                          Signature

28                                      EXHIBIT ___F___
                                        PAGE ___39___

# EXHIBIT G

1 | Robert C. O'Brien
2 | ARENT FOX LLP
  | 555 West Fifth Street, 48th Floor
3 | Los Angeles, CA  90013-1065
  | Telephone:  213.629.7400
  | Facsimile:   213.629.7401
4 |
5 | Discovery Master
6 |
7 |
8 | UNITED STATES DISTRICT COURT
9 | CENTRAL DISTRICT OF CALIFORNIA
10 | EASTERN DIVISION
11 |
12 | CARTER BRYANT, an individual,,    Case No.  CV 04-09049 SGL (RNBx)
13 | Plaintiff,
14 | v.    **Consolidated with**
  |      **Case No. CV 04-09059**
  |      **Case No. CV 05-2727**
15 | MATTEL, INC., a Delaware
  | corporation,    **PHASE II DISCOVERY MATTER**
16 |
  | Defendant.    **ORDER NO. 1, REGARDING:**
17 |
18 |      **(1) PROCEDURE GOVERNING**
  |          **DISCOVERY MOTIONS;**
  |      **(2) PENDING DISCOVERY**
19 |          **MATTERS;**
  |          **and**
20 |      **(3) FURTHER/FUTURE**
  |          **DISCOVERY MOTIONS**
21 |
22 | CONSOLIDATED WITH
23 | MATTEL, INC. v. BRYANT and
  | MGZ ENTERTAINMENT, INC. v.
24 | MATTEL, INC.
25 |
26 |
27 |
28 |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/136065.1

1

EXHIBIT __G__
PAGE __40__

1 **I.    PROCEDURE GOVERNING DISCOVERY MOTIONS**

2     **A.    Meet and Confer Requirements**

3         The parties are reminded of their obligation to comply with the briefing

4 schedule that they agreed to as set forth in the Stipulation For Appointment Of A

5 Discovery Master and Order dated December 6, 2006 (the "Order"). Specifically,

6 before filing any discovery motion, "[t]he moving party shall first identify each

7 dispute, state the relief sought and identify the authority supporting the requested

8 relief in a meet and confer letter that shall be served on all parties by facsimile or

9 electronic mail. The parties shall have five court days from the date of service of

10 that letter to conduct an in-person conference to attempt to resolve the dispute. If

11 the dispute has not been resolved within five court days after such service, the

12 moving party may seek relief from the Discovery Master by formal motion or letter

13 brief, at the moving party's option." *Id.*

14     **B.    Briefing Schedule**

15         As provided by the Order, once any such motion or letter brief is filed, "[t]he

16 opposing party shall have five court days from the date of service of the motion or

17 letter brief to submit a formal opposition or response. Any reply brief shall be

18 served within three court days from the date of service of a formal opposition or

19 response." *Id.*

20     **C.    Filing Requirements**

21         All papers submitted, from this date forward, in connection with a discovery

22 motion, opposition or response, or reply brief shall be served on the Discovery

23 Master at Arent Fox LLP, 555 West Fifth Street, 48th Floor Los Angles, California

24 90013 no later than one business day after they are filed with the Court. The

25 courtesy copies to be provided to the Discovery Master shall include the Court's

26 electronic file-stamp located at the top of each document.

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/136065.1

- 2 -

EXHIBIT _6_

PAGE _41_

1    **D.    Hearings on Discovery Motions**

2        1.      Unless ordered otherwise, the hearing on any discovery motion shall

3    be set by the Discovery Master on his first available date following the filing of the

4    reply brief, usually within seven (7) court days.  Unless a telephonic hearing is

5    ordered by the Discovery Master, all such hearings shall take place at the offices of

6    Arent Fox LLP located at 555 West Fifth Street, 48th Floor Los Angles, California

7    90013.  In the event the Discovery Master determines that no hearing is necessary

8    for a specified motion and the matter can be disposed of on the papers, the

9    Discovery Master shall so notify the parties.

10        2.      At least twenty-four hours prior to any hearing, counsel for the parties

11   shall each provide Ruben Hernandez, a paralegal at Arent Fox LLP, with a list of all

12   individuals who will be attending the hearing so their names can be provided to the

13   Gas Company Tower's building security.  Mr. Hernandez's email address is:

14   hernandez.ruben@arentfox.com.  The parties should also direct any questions they

15   may have regarding the use of technology or other logistics at a hearing to Mr.

16   Hernandez.

17   **II.    PENDING DISCOVERY MATTERS**

18        **A.    *Ex Parte* Application of Non-Party Entities**

19        1.      On or about February 9, 2009, Omni 808, Investors, LLC, Vision

20   Capital, LLC and Omninet Capital, LLC ("Non-Party Entities") filed an *ex parte*

21   application (the "Application") to strike the Motion to Compel Production of

22   Documents Responsive to Third-Party Subpoenas filed by Mattel, Inc. ("Mattel")

23   on or about February 4, 2009.  The Application is **DENIED** as moot, on the ground

24   that it has been superseded by another pleading filed by the Non-Party Entities.

25   Specifically, one day after filing their Application (i.e., on or about February 10,

26   2009), the Non-Party Entities filed an opposition (the "Opposition") to a motion to

27   compel by Mattel (the "Motion"), and it contains all of the procedural arguments

28   made in the Application, as well as additional substantive arguments.  The

EXHIBIT ___G___
PAGE ___42___

1 | Opposition further states that it was filed "without waiving, and expressly
2 | reserving, all arguments raised in [the Non-Party Entities'] ex parte application."

4 |     2.     Although the Application has been superseded by the subsequently-
5 | filed Opposition, nothing in this ruling precludes the Non-Party Entities from
6 | arguing that the Motion should be denied for the reasons set forth in the
7 |
8 | Application. Mattel may respond to any such arguments in its reply papers, and the
9 | parties shall have the right to address all such arguments at the hearing on the
10 | Motion.

**B.    Hearing Dates**

The motions already filed by the parties shall be heard by the Discovery
Master in accordance with the schedule set forth below. Unless the Discovery
Master notifies the parties otherwise, all discovery hearings shall commence at
10:00 a.m. at the offices of Arent Fox, LLP. To the extent any opposition papers
have previously been filed to any of the motions below, the opposing party shall
immediately provide the Discovery Master with a copy of all such documents.
Similarly, to the extent any reply papers have previously been filed in connection
with any of the motions below, the moving party shall immediately provide the
Discovery Master with a copy of all such documents.

**March 4, 2009:**

    1.     Motion to Compel Production of Documents Responsive to Third-
Party Subpoenas filed by Mattel.

- 4 -

EXHIBIT _B_
PAGE _42_

2.      Motion to Quash Receiver Subpoenas filed by MGA Entertainment, Inc. et al. ("MGA") on or about February 4, 2009.

**March 11, 2009:**

1.      Renewed Motion to Compel Production of Documents and Things from MGA filed by Mattel on or about January 26, 2009.

2.      Renewed Motion to Compel Mattel To Produce Documents Responsive To Requests For Production 526 and 528 filed by MGA on or about February 6, 2009.

**March 19, 2009:**

1.      Motion to Compel Depositions of Pablo Vargas and Marian Trueba filed by Mattel on or about February 9, 2009.

2.      Motion to Compel Responses to Interrogatories and Production of Documents from MGA et al. filed by Mattel on or about February 10, 2009.

3.      Motion to Compel MGA To Produce And File Certain Documents Reviewed In Camera filed by Mattel on or about February 12, 2009.

**III.    FURTHER / FUTURE DISCOVERY MOTIONS**

1.      In the event any party has previously filed any other discovery motion not referenced above that should be set for hearing, the Discovery Master requests that the parties promptly submit a joint report identifying the motion(s), the date such motion(s) were filed and all papers submitted in connection with the motion(s) to date.

- 5 -

EXHIBIT _6_

PAGE _44_

1        2.      Any motion filed after the date of this order will be set for hearing

2  within a reasonable period of time thereafter by the Discovery Master.

3

4

5  Dated:       February 12, 2009

6

7

8                                       By:_____   /s/ Robert C. O'Brien
                                               ROBERT C. O'BRIEN
9                                               Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/136065.1

- 6 -

EXHIBIT 6
PAGE 45

# EXHIBIT H

Case 2:04-cv-09049-DOC-RNB   Document 4909-3   Filed 02/24/09   Page 49 of 54   Page ID
#:155862
Case 2:04-cv-09049-SGL-RNB    Document 4885    Filed 02/11/2009    Page 1 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES - GENERAL

Case No.   CV 04-09049-SGL(RNBx)                    Date: February 11, 2009

Title:      CARTER BRYANT -v- MATTEL, INC.
===================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Cindy Sasse                             Theresa Lanza
Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

John Quinn                              Thomas Nolan
Michael T. Zeller                       Jason Russell
Dylan Proctor                           Russell J. Frackman
                                        Joel Klevens

Also appearing: Alexander H. Cote
                Todd E. Gordinier

PROCEEDINGS:

        Court hears oral argument on the following motions and takes them under
submission:

        1) Mattel Inc.'s Motion for Judgment as a Matter of Law (No. 4498);

        2) MGA Parties' Renewed Motion for Judgment as a Matter of Law on the Basis of
        Preemption, Insufficient Evidence, and Lack of Ownership as a Matter of Law (No.
        4496); and,

        3) MGA Parties' Motion for Remittitur (Nos. 4495, 4523)

        The Court also hears further oral argument on Omni 808's Ex Parte Application to
Intervene for Limited Purpose as a Matter of Right or in the alternative, for Permissive

MINUTES FORM 90                                     Initials of Deputy Clerk: cls
CIVIL -- GEN                    Page 1               Time: 02/30

EXHIBIT ___H___
PAGE ___46___

Intervention (No. 4761) and Mattel Inc.'s Ex Parte Application for Appointment of a Receiver for MGA or for Alternative Relief (No. 4540). Both matters are held in abeyance.

MGA Parties Request for Conditional Briefing (No. 4759) is DENIED in favor of the procedure set forth in Local Rule 66.

As set forth more fully on the record, the parties may file briefs regarding whether the entry of a Rule 54(b) judgment is warranted as to Phase 1. The Court directs counsel to file their briefs not later than February 13, 2009.

The Court sets the following briefing schedule for Phase 2:

Discovery Cut-off:          December 11, 2009

Motion Hearing:             February 1, 2010, at 10:00 a.m.

Pretrial Conference:        March 1, 2010, at 11:00 a.m.

Trial :              March 23, 2010, at 9:30 a.m.

Last Date for Mandatory Settlement Conference:  December 11, 2009

As set for more fully on the record, the Court has lifted the stay as to Phase 2 discovery issues. All discovery issues, including deviations from the maximum limits on discovery set forth in the Federal Rules of Civil Procedures and/or this Court's Local Rules, shall be presented in the first instance to the Court-appointed Discovery Master.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN                    Page 2                    Initials of Deputy Clerk: cls
                                                          Time: 02/30



EXHIBIT  H
PAGE  47

# EXHIBIT I

# Filed Under Seal

# EXHIBIT J

# Filed Under Seal