Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
JENNIFER A. LOPEZ (SBN 232320)
jennifer.lopez@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-party
BINGHAM MCCUTCHEN LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No.<br>CV 04-09059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master**<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA ISSUED BY MATTEL, INC. TO NON-PARTY BINGHAM MCCUTCHEN LLP; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[DECLARATION OF PETER N. VILLAR FILED CONCURRENTLY]<br><br>Date:     TBD<br>Time:    TBD<br>Place:    Arent Fox LLP<br>              555 West Fifth Street<br>              48th Floor<br>              Los Angeles, CA 90013 |
| AND CONSOLIDATED ACTIONS. | |

A/72852104.2

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that non-party Bingham McCutchen LLP ("Bingham") will and hereby does move, pursuant to Federal Rule of Civil Procedure 45(c)(3), to quash the subpoena for the production of documents issued by Mattel, Inc. to Bingham in connection with this action and for the issuance of sanctions against Mattel and its counsel. The motion will be heard at a date and time to be determined before the Discovery Master, Robert C. O'Brien.

The motion is made on the ground that the subpoena is objectionable on many grounds including, *inter alia*, that: it seeks information protected by the attorney-client privilege and attorney work product doctrine; it seeks private, confidential and proprietary information of Bingham and its clients; it invades Bingham's and its clients' rights of privacy; it is overly broad, unduly burdensome, oppressive and harassing; it seeks information that is irrelevant to Phase 2 of the proceedings; and the burden, expense and intrusiveness of the discovery outweighs any purported relevance of the information.

The motion will be based on this Notice of Motion and Motion to Quash the Subpoena, the attached Memorandum of Points and Authorities in support thereof, the supporting Declaration of Peter N. Villar filed herewith, the pleadings and records on file in this action, and any further evidence and argument as may be presented to the Discovery Master on this motion.

DATED: February 25, 2009        Bingham McCutchen LLP

By: _____
Peter N. Villar

A/72852104.2

- 1 -


# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................... - 1 -

II. STATEMENT OF FACTS ........................................................................ - 3 -

    A. Bingham Represents Various Non-Parties In This Case ................ - 3 -

    B. Mattel Issues A Subpoena To Bingham .......................................... - 4 -

    C. Mattel Refused To Withdraw The Subpoena .................................. - 6 -

III. ARGUMENT ............................................................................................. - 6 -

    A. Rule 45 Of The Federal Rules Of Civil Procedure Requires This Court To Quash Mattel's Subpoena To Non-Party Bingham ........................................................................................... - 6 -

        1. The Subpoena Improperly Requires Non-Party Bingham to Produce Privileged Attorney-Client Communications And Work Product ....................................................................... - 8 -

        2. None Of The Categories Of Documents Sought From Non-Party Bingham Are Relevant To The Phase 2 Proceedings Between Mattel And MGA ............................... - 9 -

        3. The Subpoena To Non-Party Bingham Is Grossly Overbroad ................................................................................ - 10 -

        4. Any Conceivable Relevance Of The Information Sought Is Substantially Outweighed By The Undue Burden And Intrusiveness On Non-Party Bingham ................................... - 13 -

    B. The Court Should Sanction Mattel For Its Discovery Misconduct In Issuing This Abusive Subpoena To Non-Party Bingham ........................................................................................... - 14 -

IV. CONCLUSION .......................................................................................... - 15 -

## TABLE OF AUTHORITIES

Page

**Cases**

Beinin v. Center for Study of Popular Culture
  2007 WL 832962, *5 (N.D. Cal. 2007) ........................................................... - 13 -

Carter Bryant v. Mattel No. CV 04-9059 ........................................................... - 5 -

Exxon Shipping Co. v. U.S. Dept. of Interior, et al.
  34 F.3d 774 (9th Cir.1994) .............................................................................. - 7 -

Fairview Development Corp. v. Aztex Custom Homebuilders
  LLC, No. CV-07-0337-PHX-SMM, 2008 WL 2113492, at *1 (D.
  Ariz. May 16, 2008) ........................................................................................ - 7 -

Gonzales v. Google, Inc.
  234 F.R.D. 674 (N.D. Cal. 2006) ........................................................ - 9 -, - 10 -

Hackmann v. Auto Owners Ins. Co.
  No. 2:05-cv-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009) .............. - 6 -

Hickman v. Taylor
  329 U.S. 495 (1947) ......................................................................................... - 7 -

Holmgren v. State Farm Mut. Ins. Co.
  976 F.2d 573 (9th Cir. 1992) ........................................................................... - 7 -

Mattel, Inc. v. Walking Mountain Productions
  353 F.3d 792 (9th Cir. 2003) ... - 1 -, - 2 -, - 3 -, - 10 -, - 11 -, - 12 -, - 14 -, - 15 -

Moon v. SCP Pool Corp.
  232 F.R.D. 633 (C.D. Cal. 2005) ........................................................ - 9 -, - 13 -

Televisa, S.A. de C.V. v. Univision Communications, Inc.
  No. CV 05-3444 PSG (MANx), 2008 WL 4951213, at *2 (C.D.
  Cal. Nov. 17, 2008) ......................................................................................... - 7 -

Theofel v. Farey-Jones
  341 F.3d 978 (9th Cir. 2003) .............................................................. - 3 -, - 6 -

**Statutes**

Fed. R. Civ. P. 26(b)(2)(iii) .............................................................................. - 13 -

Fed. R. Civ. P. 45(c)(1) .................................................................................... - 14 -

Fed. R. Civ. P. 45(c)(3)(A) ................................................................................ - 7 -

Fed. R. Civ. Proc. 26(b)(3) ................................................................................ - 7 -

# TABLE OF AUTHORITIES
(continued)

Page

**Other Authorities**

Moore's Federal Practice § 45.32 (3d ed. 2008) .................................................. - 7 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Bingham McCutchen LLP ("Bingham") is a law firm that has been retained to represent several non-parties including, *inter alia*, Omni 808 Investors, LLC, Vision Capital, LLC and Omninet Capital LLC, who have been served by Mattel, Inc. ("Mattel") with subpoenas in connection with this action. Bingham has served objections to these improper and over-reaching subpoenas on behalf of its non-party clients. In response, Mattel and its counsel, Quinn Emanuel, have issued an abusively drawn subpoena to Bingham seeking privileged and confidential information arising out of the attorney-client relationships -- i.e., "all documents referring or relating to any fee agreement or fee arrangement" between Bingham and its non-party clients -- which is intended to annoy, burden and harass Bingham and its clients.

Mattel and its counsel are infamous -- both in this case and other published cases -- for propounding abusive and over-reaching subpoenas to non-parties. Both this Court and other courts in the Central District of California have repeatedly quashed these subpoenas and sanctioned Mattel and its counsel for their misconduct. The subpoena issued by Mattel to Bingham, which improperly seeks privileged communications and documents between a non-party law firm and its non-party clients unrelated to any issues in Phase 2 of these proceedings, is beyond the pale.

The leading Ninth Circuit Court of Appeals opinion concerning abusive non-party discovery involves subpoenas served by Mattel and Quinn Emanuel under similar (though less egregious) circumstances. In that case, *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003), Judge Ronald Lew of the Central District of California found that Mattel's subpoenas were "way too broad for the explanation given by [Mattel's counsel]," "abusively drawn," and that "no

A/72852104.2
- 1 -

attempt had been made to try to tailor the information request to the immediate needs of the case." *Id.* at 813. The Court found that Mattel served the subpoenas to "exert pressure" on non-party witnesses and that "a pattern is clear in this case that [Mattel's counsel] files these oppressive subpoena requests ... for the purpose of annoying and harassment and not really for the purpose of getting information." *Id.* at 814. The Court quashed the subpoenas and sanctioned Mattel for abuse of the discovery process. *Id.* The Ninth Circuit affirmed. *Id.* at 816.

The subpoena issued by Mattel and Quinn Emanuel to Bingham in this case is even more abusive than the subpoenas issued by Mattel and Quinn Emanuel in *Mattel, Inc. v. Walking Mountain Productions* because the Bingham subpoena seeks clearly privileged information from a non-party law firm relating to its non-party clients that is not even remotely relevant to the Phase 2 proceedings. Indeed, the subpoena seeks, *inter alia*, all documents referring or relating to: "any fee agreement or fee arrangement" between Bingham and its non-party clients; bills to and payments made in connection with Bingham's legal services to its non-party clients; "the formation, governance, ownership, capitalization and/or funding" of Bingham's non-party clients; "any member, managing member, shareholder, holder of any ownership interest in, officer, director, employee and/or agent of, or investor in" Bingham's non-party clients; "all contracts and agreements, and proposed or offered contracts or agreements" relating to Bingham's non-party clients; "any instances in which Bingham has represented" MGA and numerous non-parties; and "communications referring or relating to" Bingham's non-party clients.

Mattel has never been able to articulate how any -- *let alone all* -- of these documents are discoverable or relevant to Phase 2 of these proceedings. Indeed, the notion that Mattel's trade secret or other claims against MGA (which Mattel first asserted in or about 2004) are premised or related to alleged non-party transactions or events occurring in 2008 defies logic. Because it cannot reasonably

A/72852104.2 - 2 -

show how these documents relate to its claims, Mattel amorphously asserts that the documents are relevant to "credibility" -- the same purported justification for the over-reaching subpoenas that were rejected by the district court and Ninth Circuit in *Mattel, Inc. v. Walking Mountain Productions*.

This is not the first time that Mattel has attempted to serve non-parties with abusive subpoenas in this case either. In fact, the Court has already granted motions to quash subpoenas to non-parties Bank of America, ConsumerQuest, Deloitte & Touche, Ernst & Young, Wachovia Bank, Wells Fargo and others.

The Ninth Circuit has warned that "the subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003). Mattel and its counsel Quinn Emanuel have shirked their responsibility by abusing this power yet again. This motion to quash the Bingham subpoena should be granted and Mattel and its counsel should be sanctioned to compensate Bingham for its expenses incurred in connection with this motion.

## II. STATEMENT OF FACTS

### A. Bingham Represents Various Non-Parties In This Case

On December 29, 2008 Mattel filed an *ex parte* application for the appointment of a receiver for MGA Entertainment, Inc. ("MGA") and requested leave to conduct discovery into MGA's financial dealings with, *inter alia*, Omni 808 Investors, LLC, Vision Capital, LLC and Omninet Capital, LLC (the "Non-party Entities"). During the hearing held on January 5, 2009, the Court did not grant Mattel leave to open such discovery, indicating that to open discovery on this issue was not the correct course of action. (Hr'g Tr. 20:5-6.) The Court also indicated that before any information would be provided to Mattel, there would have to be a certain threshold showing to satisfy the Court that further examination was warranted. (*Id.*, at 14:1-2.) On January 7, 2009, the Court issued its written

A/72852104.2
- 3 -

Order appointing a forensic auditor and deferring Mattel's request for leave to take discovery.

Barred by the Court from obtaining the information it sought directly from MGA, on January 9, 2009, Mattel issued subpoenas to the Non-party Entities as an apparent end-run around the Court's Order. Mattel's subpoenas requested that the Non-party Entities produce all of their business records including, without limitation, all documents relating to their formation, governance, members, finances, business relationships and transactions, which necessarily include highly-sensitive and confidential information that in no way relates to the parties or issues in this litigation. Mattel's subpoenas, therefore, sought to discover the same information from the Non-party Entities that the Court determined could not be obtained from MGA.

Bingham was retained to represent the Non-party Entities in connection with subpoenas issued by Mattel. At a February 11 hearing, the Court found that that there is presently no basis to appoint a receiver at MGA: "At this point, based on the information that Mr. Durkin [the forensic auditor] has and has been able to relate to the court, there is no basis to appoint a receiver, and the Court declines to do so." (Feb. 11 Transcript, 80:10-13.) Further, the Court indicated that Mattel's receiver-related allegations are insufficient to justify the discovery sought in the subpoenas <u>unless</u> Mattel can show the discovery is relevant to Phase 2 of the trial. Judge Larson stated: "Then the question becomes -- and this is a question for the Discovery Master, not for this Court -- whether or not the discovery is related to Phase 2. If it is, it is. I'm not going to pass any judgment whatsoever. I'm going to leave that completely up to the Discovery Master." (Feb. 11 Transcript, 99:18-22.)

**B. Mattel Issues A Subpoena To Bingham**

The day after the February 11 court hearing, Mattel issued a subpoena to Bingham -- which is largely duplicative of, and more invasive than, the subpoenas

A/72852104.2

- 4 -

issued to Bingham's non-party clients. (Villar Decl., Ex. A.)  The subpoena includes seven broad categories, most of which are not confined to any time or subject matter, including the following:

   1. All documents referring or relating to any fee agreement or fee arrangement referring or relating to Bingham McCutchen LLP's ("Bingham") representation of Vision Capital, LLC ("Vision Capital") and/or Omni 808 Investors, LLC ("Omni 808"), and any amendments or modifications thereto, and any communications referring or relating to any such agreement or arrangements.

   2. Documents sufficient to identify each and every person or entity billed for, liable to pay, responsible for payment of, or who has paid or promised to pay, whether directly or indirectly, Bingham's fees in connection with Bingham's representation of Omni 808 or Vision Capital.

   3. All documents referring or relating to the formation, governance, ownership, capitalization and/or funding of, or credit for, Omni 808, Vision Capital and/or Lexington Financial Limited ("Lexington"), including the source(s) and terms of such capitalization, funding and/or credit.

   4. All documents identifying any member, managing member, shareholder, holder of any ownership interest in, officer, director, employee and/or agent of, or investor in, Omni 808, Vision Capital and/or Lexington.

   5. All contracts and agreements, and proposed or offered contracts or agreement, referring or relating to Omni 808, Vision Capital and/or Lexington, including without limitation all drafts thereof disclosed to, shared with, exchanged with or received from Wachovia, MGA Entertainment, Inc., Fred Mashian, Leon Neman, Isaac Larian and/or any other person or entity other than Omni 808.

   6. All communications referring or relating to Omni 808, Vision Capital and/or Lexington.  For purposes of this Request, Bingham may exclude (a) privileged communications with its client Omni 808 after its attorney-client arose; (b) privileged communications with its client Vision Capital after its attorney-

client relationship arose; and (c) communications with Mattel's counsel or the Court in the matter of Carter Bryant v. Mattel, No. CV 04-9059, and consolidated cases.

7. Documents sufficient to identify any instances in which Bingham has represented MGA Entertainment, Inc., any affiliate of MGA Entertainment, Inc., Fred Mashian, Leon Neman, any entity associated with Leon Neman, Yoel Neman, Monia Neman (aka Monia Mashian), Angela Larian, Farhad Larian, Isaac Larian and/or any entity associated with Isaac Larian any time since June 1, 2001.

### C. Mattel Refused To Withdraw The Subpoena

Bingham informed Mattel's counsel that the subpoena is improper and objectionable, and asked that it be withdrawn. (Villar Decl. ¶ 4, Ex. B.) Mattel's counsel refused to withdraw the subpoena. (Villar Decl. ¶ 5, Ex. C.) Bingham arranged an in-person meeting to further discuss and try to resolve the dispute concerning the subpoena and Bingham's contemplated motion to quash. (Villar Decl. ¶ 6-7, Ex. D.) Bingham and Mattel were unable to resolve their differences. (Villar Decl. ¶ 7.) Therefore, Bingham had no alternative but to file the motion.

## III. ARGUMENT

### A. Rule 45 Of The Federal Rules Of Civil Procedure Requires This Court To Quash Mattel's Subpoena To Non-Party Bingham

"The subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003). Rule 45(c), which sets forth the procedures for quashing abusive subpoenas, "is intended to protect nonparties to litigation from, in effect, suffering inconvenience or expense from having to participate in someone else's quarrel." *Hackmann v. Auto Owners Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009). The procedures for quashing a subpoena are set forth in Rule 45(c)(3)(A),

A/72852104.2
- 6 -

which provides, in pertinent part:

>(A) **When Required.** On a timely motion, the issuing court **must** quash or modify a subpoena that:
>
>...
>
>>(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies;[1] or
>>
>>(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(c)(3)(A) (emphasis added); *see also Fairview Development Corp. v. Aztex Custom Homebuilders, LLC*, No. CV-07-0337-PHX-SMM, 2008 WL 2113492, at *1 (D. Ariz. May 16, 2008) ("'A court **must** quash or modify a subpoena that subjects a person to undue burden' . . . [and] **must** quash a subpoena that 'requires disclosure of privileged or other protected matter, if no exception or waiver applies.'") (emphasis added); *Exxon Shipping Co. v. U.S. Dept. of Interior, et al.*, 34 F.3d 774, 779 (9th Cir.1994) ("Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing 'undue burden.'").

To determine whether a subpoena constitutes an undue burden, courts balance six factors:

>(1) the relevance of the information requested; (2) the need of the party for production; (3) the breadth of the request for production; (4) the time period covered by the subpoena; (5) the particularity with which the subpoena describes the requested production; and (6) the burden imposed.

*Televisa, S.A. de C.V. v. Univision Communications, Inc.*, No. CV 05-3444 PSG

---

[1] Privileged information includes, without limitation, all confidential communications between an attorney and client and all attorney working product. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Holmgren v. State Farm Mut. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992); *see also* Fed. R. Civ. Proc. 26(b)(3).

(MANx), 2008 WL 4951213, at *2 (C.D. Cal. Nov. 17, 2008) (citing Moore's Federal Practice § 45.32 (3d ed. 2008)).

As set forth below, this Court must quash Mattel's subpoena in its entirety because (1) it requires Bingham to disclose privileged and confidential attorney-client communications and attorney work product, (2) it seeks information that is irrelevant to the Phase 2 proceedings between Mattel and MGA, (3) it is grossly overbroad, and (4) any conceivable relevance of Mattel's subpoena is substantially outweighed by the burden and intrusiveness of the discovery.

### 1. The Subpoena Improperly Requires Non-Party Bingham to Produce Privileged Attorney-Client Communications And Work Product

Mattel's subpoena to Bingham impermissibly requests the production of information protected by the attorney-client privilege and attorney work product doctrine. In fact, each of the requests in the subpoena is so broad as to encompass attorney-client communications and/or attorney work product.[2] For this reason alone, the Court should quash Mattel's subpoena in its entirety.

In addition, as explained above, the subpoena broadly requests "any fee agreement or fee arrangement" between Bingham and its non-party clients. Although courts, *under certain limited circumstances*, have permitted discovery of information reflecting the legal fees paid by a party or testifying witness, such circumstances do not exist here. Indeed, there is not a single case, of which Bingham is aware, where a court ordered a non-party law firm to produce all documents referring or relating to its fee agreements and fee arrangements with its non-party clients pursuant to a subpoena -- particularly when there is absolutely no relation between those non-party fee agreements and the claims at issue in the

---

[2] In fact, only one of the requests (Request No. 6) excludes certain attorney-client communications. However, even that request is broadly drafted to include attorney work product and other confidential information.

A/72852104.2 - 8 -

litigation.

### 2. None Of The Categories Of Documents Sought From Non-Party Bingham Are Relevant To The Phase 2 Proceedings Between Mattel And MGA

Independent of the dispositive privilege issues, Mattel's subpoena should be quashed in its entirety because none of the documents sought are relevant to the Phase 2 proceedings between Mattel and MGA. "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). Thus, "[a]ny information sought by means of a subpoena must be relevant to the claims and defenses in the underlying case. More precisely, the information sought must be 'reasonably calculated to lead to admissible evidence.'" *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).

The Court made it emphatically clear at the February 11, 2009 hearing that, in determining whether information is discoverable, "the question becomes -- and this is a question for the Discovery Master, not for this Court -- **whether or not the discovery is related to Phase 2**." (Feb. 11, Transcript, 99:18-22.) (emphasis added). Mattel's Phase 2 claims focus on alleged misappropriation of trade secrets by former Mattel employees for MGA's benefit, and MGA's claims are based on allegations that Mattel serially copy-catted its products and blackmailed suppliers and vendors and market organizations to stop working with MGA. Both sets of claims are premised on alleged conduct that occurred before the respective complaints were filed in 2004 and 2005.

None of the information sought in the subpoena to Bingham bears any relevance to the Phase 2 proceedings. There can be no serious argument that Mattel's Phase 2 claims or defenses are premised on or relate to: "any fee

A/72852104.2                            - 9 -

agreement or fee arrangement" between Bingham and its non-party clients; bills to and payments made in connection with Bingham's legal services to its non-party clients; "the formation, governance, ownership, capitalization and/or funding" of Bingham's non-party clients; "any member, managing member, shareholder, holder of any ownership interest in, officer, director, employee and/or agent of, or investor in" Bingham's non-party clients; "all contracts and agreements, and proposed or offered contracts or agreements" relating to Bingham's non-party clients; "any instances in which Bingham has represented" MGA and numerous non-parties; and "all communications referring or relating to" Bingham's non-party clients. In fact, the notion that Mattel's Phase 2 claims against MGA (first alleged in 2004) are premised on any non-party transactions in 2008, let alone Bingham's representation of those third parties, defies logic.

Faced with the fact that there is no relation between Mattel's Phase 2 claims and the Bingham subpoena, Mattel vaguely contends that the information sought is relevant to "credibility" issues. Mattel, however, provides no explanation as to how Bingham's fee arrangements with its non-party clients and other documents relating to the formation, governance, ownership, operations, capitalization, and funding of its non-party clients is possibly relevant to the "credibility" of witnesses regarding the trade secret and copycat claims in the Phase 2 proceedings.

This is not the first time that Mattel has attempted unsuccessfully to use this "credibility" theory to defend an abusively drawn subpoena. *See Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d at 813 (affirming district court's order quashing "abusively drawn" subpoena and rejecting Mattel's assertion that it was merely seeking information to impeach the defendant's expert witness). Accordingly, none of the information sought from Bingham is relevant to the Phase 2 proceedings and the subpoena should be quashed in its entirety.

### 3. The Subpoena To Non-Party Bingham Is Grossly Overbroad

In addition to the significant privilege and relevance issues, Mattel's subpoena should be quashed because it is grossly overbroad. *See Gonzales,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) ("Overbroad subpoenas seeking irrelevant information may be quashed or modified."). There is no question that the subpoena encompasses both privileged and irrelevant communications and is therefore impermissibly overbroad.

In *Mattel, Inc. v. Walking Mountain Productions*, Mattel and its counsel Quinn Emanuel (the same counsel representing Mattel in this case) issued a subpoena to one of the defendant's expert's employers in a purported attempt to obtain information to impeach the expert's testimony. *Id.* at 813. Although the court in that case acknowledged that some of the requested information admittedly related to the litigation and the expert report and testimony, the court also noted that the subpoena requested information that had no "bearing on the litigation or on [the expert witness]." *Id.* Thus, even though the district court acknowledged that some of the requests sought relevant information, the subpoena, as a whole, was overbroad, abusive and served for an improper purpose, and thus the district court quashed it entirely. The Ninth Circuit affirmed the district court's order quashing the subpoena and issuing sanctions against Mattel. *Id.* at 814.

In affirming the district court's order quashing the subpoena, the Ninth Circuit Court of Appeals made several findings that are instructive on the issues presented in this motion. First, the court noted that "Mattel had served a virtually identical Rule 30(b)(6) subpoena and document demand" on other nonparties, which led such parties to withdraw as percipient witnesses. Similarly, virtually all of the document requests in the Bingham subpoena are duplicative of document requests already made in other subpoenas served by Mattel in this action including, without limitation, those served upon Omni 808 Investors, LLC, Vision Capital,

A/72852104.2

- 11 -

LLC, Omninet Capital, LLC, Lexington Financial, LLC, Fred Mashian, Leon Neman, Neman Brothers & Associates, Inc. and Delaware Corporations, LLC. As the Ninth Circuit Court of Appeals noted, the pattern and practice of serving identically overly broad and abusive subpoenas supports the notion that the subpoenas were served for an improper purpose. *Id.* at 813-14.

Further, the court noted that the overbreadth of the subpoena and the tenuous relationship that the subpoenaed parties had to the litigation demonstrated that the subpoenas were "'served for the purpose of annoying and harassment and not really for the purpose of getting information.'" *Id.* at 814. Not surprisingly, Mattel is attempting to use this same tactic to deter Bingham's clients from protecting their interest in MGA. The information sought has no relevance to the Phase 2 proceedings, and thus the only conclusion that can possibly be drawn from the breadth of the subpoena is that it was issued in order to annoy, burden and harass Bingham and its clients.

Even if this Court determines that there may be documents responsive to the subpoena that might be remotely relevant to Phase 2, this Court should still quash the subpoena because, as in *Mattel, Inc. v. Walking Mountain Productions*, the subpoena is "abusively drawn" and overreaching. *Id.* at 813 (acknowledging that some of the categories of documents were relevant, but nonetheless affirming the district court's order quashing the subpoena in its entirety on the grounds that it was overly burdensome and served for an improper purpose). Indeed, unlike *Mattel, Inc. v. Walking Mountain Productions*, where the subpoena was served on an expert witness' employer, the instant subpoena is served on a law firm that does not represent any party to the action. Moreover, unlike the subpoena in *Mattel, Inc. v. Walking Mountain Productions* there are significant privilege issues relating to subpoenaing a law firm for communications with its clients. Mattel has not even attempted to make a showing that such information is in any way relevant to Phase 2.

A/72852104.2

- 12 -

Moreover, multiple subpoenas issued by Mattel in this case have already been quashed for these specific reasons. For instance, in quashing a Rule 45 subpoena to Bank of America, the Court held that "[a]lthough the Bank of America subpoena encompasses documents that are potentially relevant to Mattel's claims and several issues in this case, the subpoena is nevertheless unreasonable because it is overbroad." (*See* Ex. D to Villar Decl. [Order Granting MGA's Motion to Quash Mattel's Subpoena to Bank of America]; *see also* Ex. E to Villar Decl. [Order Granting in Part and Denying in Part MGA Parties' Motion to Quash Subpoenas; Granting in Part and Denying in Part Mattel's Counter Motion to Compel].)

Therefore, this Court should quash Mattel's subpoena on the grounds that it is grossly overbroad.

### 4. Any Conceivable Relevance Of The Information Sought Is Substantially Outweighed By The Undue Burden And Intrusiveness On Non-Party Bingham

Rule 26 of the Federal Rules of Civil Procedure requires the Court to "limit the frequency or extent of discovery otherwise allowed" where "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(iii). An "evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). The "status of the person as a nonparty is a factor that weighs against disclosure." *Beinin v. Center for Study of Popular Culture*, 2007 WL 832962, *5 (N.D. Cal. 2007).

Here, there is no benefit to the discovery sought. Mattel has not identified any relevance between the categories of documents sought and the claims or defenses in the Phase 2 proceedings. Furthermore, even if Mattel could draw some

A/72852104.2
- 13 -

tenuous connection between some of the documents sought and the Phase 2 proceedings, this Court must weigh the benefit of those documents against imposing the burden on a non-party to produce them. The burden in this case is significant considering the fact that a substantial portion of the documents are privileged and relate to Bingham's representation of non-parties. Moreover, the documents Mattel has requested from Bingham have also already been requested by other parties, and therefore are duplicative.

Accordingly, because the relevance of any of the documents is substantially outweighed by the undue burden Mattel is attempting to impose on Non-Party Bingham, this Court should quash the subpoena in its entirety.

### B. The Court Should Sanction Mattel For Its Discovery Misconduct In Issuing This Abusive Subpoena To Non-Party Bingham

Rule 45 of the Federal Rules of Civil Procedure requires attorneys and parties who are responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. *See* Fed. R. Civ. P. 45(c)(1). Rule 45 also requires a court issuing the subpoena to "impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply" with Rule 45. *Id.*

Here, Mattel and its counsel failed to take any reasonable steps to avoid imposing undue burden and expense on Bingham. In fact, the subpoena was designed to impose an undue burden on Bingham. As explained above, in *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir. 2003), Mattel and its counsel Quinn Emanuel issued similarly abusive subpoenas to non-parties. The Court found that Mattel's subpoenas were "way too broad for the explanation given by [Mattel's counsel]," "abusively drawn," and that "no attempt had been made to try to tailor the information request to the immediate needs of the case." *Id.* at 813. The Court found that Mattel served the subpoenas to "exert pressure"

1 on non-party witnesses and that "a pattern is clear in this case that [Mattel's
2 counsel] files these oppressive subpoena requests ... for the purpose of annoying
3 and harassment and not really for the purpose of getting information." *Id.* at 814.
4 The Court quashed the subpoenas and sanctioned Mattel for abuse of the discovery
5 process. *Id.* The Ninth Circuit affirmed. *Id.* at 816.

The subpoena issued by Mattel and Quinn Emanuel to Bingham in this case is even more abusive than the subpoenas issued by Mattel and Quinn Emanuel in *Mattel, Inc. v. Walking Mountain Productions* because the Bingham subpoena seeks clearly privileged information from a non-party law firm relating to its non-party clients that is not even remotely relevant to the Phase 2 proceedings. Accordingly, this Court should award sanctions in an amount to compensate Bingham for its expenses incurred in connection with the subpoena and sufficient to dissuade Mattel and Quinn Emanuel from further oppressive and harassing conduct.

## IV. CONCLUSION

For the foregoing reasons, Bingham respectfully requests that the Court grant this motion, quash the subpoena, and sanction Mattel and its counsel.

DATED: February 25, 2009

Bingham McCutchen LLP

By: _____
Peter N. Villar

A/72852104.2

- 15 -