1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
   10250 Constellation Boulevard, 19th Floor
4  Los Angeles, California 90067
   Telephone: 310-553-3000
5  Facsimile: 310-556-2920

6
   Russell J. Frackman, State Bar No. 049087
7  rjf@msk.com
   MITCHELL, SILBERBERG & KNUPP, LLP
8  11377 West Olympic Boulevard
   Los Angeles, California 90064
9  Telephone: 310-312-2000
   Facsimile: 310-312-3100
10
11 Attorneys for the MGA Parties For Phase Two

                UNITED STATES DISTRICT COURT
12       CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

13 CARTER BRYANT, an individual         ) Case No. CV 04-9049 SGL (RNBx)
                                         ) Consolidated with Case No. CV 04-9059
14           Plaintiff,                  ) and Case No. CV 05-2727
                                         )
15     v.                                ) **DISCOVERY MATTER**
                                         ) [To Be Heard by Discovery Master
16 MATTEL, INC., a Delaware              ) Robert C. O'Brien Pursuant to Order
   Corporation                           ) of January 6, 2009]
17                                       )
                                         ) [PUBLIC REDACTED] MGA
18           Defendant.                  ) PARTIES' RESPONSE TO
                                         ) MATTEL'S OBJECTIONS TO
19                                       ) DECLARATION OF SUSANA
                                         ) KUEMMERLE IN SUPPORT OF
20                                       ) MGA PARTIES' OPPOSITION TO
                                         ) MOTION TO COMPEL
21                                       ) DEPOSITIONS OF PABLO VARGAS
                                         ) AND MARIANA TRUEBA AND
22                                       ) REQUEST FOR SANCTIONS
   _____ )
23 Consolidated with MATTEL, INC. v.     ) Date: March 19, 2009
   BRYANT and MGA                        ) Time: 10:00 a.m.
24 ENTERTAINMENT, INC. v.                ) Place: Arent Fox LLP
   MATTEL, INC.                          )        555 West Fifth St., 48th Floor
25                                       )        Los Angeles, CA 90013
                                         ) **Phase 2**
26                                       ) Discovery Cut-off: December 11, 2009
                                         ) Pre-Trial Conference: March 1, 2010
27 _____ ) Trial Date: March 23, 2010
28
668587

## SPECIFIC OBJECTIONS

| Objectionable Testimony | Objection |
|---|---|
| Paragraph 2:<br><br>MGA De Mexico does not maintain an office in the United States and does not do any business within the United States. | Fed. R. Evid. 401, 402.<br><br>Whether MGA Mexico does or does not "do any business" within the United States is irrelevant for the purposes of this motion. Moreover, the Court has already found that it has personal jurisdiction over MGA Mexico and that MGA Mexico has purposefully availed itself of "the privilege of doing business" in the state of California. See Order Re Motions Heard On June 11, 2007 at 26-30, Supp. Zeller Dec., Exh. H. |

**MGA Parties' Response:**

The location of MGA De Mexico's principal place of business is relevant, and indeed crucial, to the issues before this Court, including where, upon lawful service of process, Mr. Vargas and Ms. Trueba may be deposed. Courts uniformly apply a "general presumption that the deposition of a corporate party should be taken at its place of business." *HTC Corp. v. Technology Properties*, 2008 WL 5244905, *2 (N.D. Cal. 2008) (citing *Thomas v. Int'l Business Machines*, 48 F.3d 478, 483 (10th Cir. 1995)). This presumption is expressly acknowledged in a number of cases cited in Mattel's own Motion. (Motion, p. 13-14 (citing *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005); *Delphi Automotive Systems LLC v. Shinwa Internat'l Holdings Ltd*, 2008 WL 2906765 (S.D. Ind. 2008); *New Medium Technologies LLC v. Barco N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007) ("Courts have often… referred to a 'presumption' that the deposition of a corporation should be taken at its principal place of business… particularly so when the corporation is a defendant"))).

Moreover, the fact that MGA De Mexico does not do any business whatsoever in the United States is also relevant to the issues at hand. Fed. R. Evid. 601, 602; see *Dwelly v. Yamaha Motor Corp., USA*, 214 F.R.D. 537, 541 (D.C. Minn. 2003) (holding that, even though defendant-company conducted business in the U.S., employee-witness should be deposed in Japan because deponent had significant responsibilities in Japan and rarely traveled to the U.S.).



| | |
|---|---|
| Paragraph 3:<br>Mr. Vargas' title as "▮" does not signify that he is a "▮▮▮" at MGA De Mexico.<br><br>Paragraph 4:<br>Ms. Trueba's title as "▮" does not signify that she is a "▮▮▮" at MGA De Mexico.<br><br>Paragraph 5:<br>Accordingly, Mr. Vargas and Ms. Trueba are not "▮▮▮" of MGA De Mexico. | Fed. R. Evid. 701.<br>Improper lay opinion. See <u>United States v. Crawford</u>, 239 F.3d 1086, 1090 (9th Cir. 2001) ("The lay witness may not, however, testify as to a legal conclusion, such as the correct interpretation of a contract."); <u>Fed. R. Evid.</u> 704 adv. comm. notes ("[Fed. R. Evid. 701 & 702] stand ready to exclude opinions phrased in terms of inadequately explored legal criteria.").<br><br>Lack of Foundation. <u>Fed. R. Evid.</u> 602. Moreover, Ms. Kuemmerle has failed to cite all the relevant facts in support of these opinions, such as Mr. Vargas' and Ms. Trueba's duties or the amount of discretion they have in their roles at MGA De Mexico. This testimony is therefore also inadmissible for failure to provide the factual basis for Ms. Kuemmerle's opinions. See <u>Gray v. Shell Oil Co.</u>, 469 F.2d 742, 750 (9th Cir. 1972) ("Opinion testimony, such as here offered, |

| | |
|---|---|
| | without a factual basis in the record, is inadmissible."); Ballen v. City of Redmond, 466 F.03d 736, 745 (9th Cir. 2006) ("There is no foundation of objective facts laid in these assertions to support the legal conclusions offered and the district court properly excluded these statements upon objection by Ballen."). |

**MGA Parties' Response:**

First, as stated in her declaration, Ms. Kuemmerle currently serves as the ▇ ▇ of MGA De Mexico, Latin America. Based on her position and responsibilities at MGA De Mexico, Ms. Kuemmerle has personal knowledge of MGA De Mexico's business structure and is qualified to testify about matters and employees, such as Mr. Vargas and Ms. Trueba, who fall under her supervision.

Second, Ms. Kuemmerle has stated sufficient facts to provide a basis for her opinion that Mr. Vargas' and Ms. Trueba's titles do not signify that they are "▇ ▇" at MGA De Mexico. In particular, Ms. Kuemmerle stated that ▇ ▇." Accordingly, Ms. Kuemmerle has provided an adequate factual basis for her statements.

Finally, there is no legal basis for Mattel's argument that Ms. Kuemmerle's statements lack foundation because she "failed to cite all the relevant facts" to Mattel's satisfaction. *See* Fed. R. Evid. 602.

| | |
|---|---|
| Paragraph 8: ▇ | Fed. R. Evid. 401, 402, 602. Lack of Foundation. Ms. Kuemmerle has provided no basis for her personal knowledge of this alleged fact, and it should be excluded |

|   |   |   |
|---|---|---|
| 1 | ███████████ | on that basis alone. See Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); Latman v. Burdette, 366 F.3d 774, 787 (9th Cir. 2004) ("A witness may testify only about matters on which he or she has first-hand knowledge. The witness's testimony must be based on events perceived by the witness through one of the five senses.") (quoting 3 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence, § 602.02 (2d ed. 2004)).<br><br>Moreover, MGA De Mexico cannot blame Mattel for the consequences of its own wrongdoing. Mattel, not MGA de Mexico, or Vargas or Trueba, is the victim of their theft. Vargas and Trueba are being *criminally* prosecuted, and the decision to pursue such prosecutions lies with the Mexican authorities after they discovered thousands of pages of Mattel trade secrets in the offices of MGA de Mexico when they executed a search warrant. |

**MGA Parties' Response:**

In her declaration, Ms. Kuemmerle testified that she currently serves as the ███████ of MGA De Mexico, Latin America. In this capacity, she has first-hand, personal knowledge regarding MGA De Mexico's business affairs. Moreover,

668587

4

1  that Mattel assisted the Mexican authorities in their criminal investigation is
2  undisputed. Therefore, Paragraph 8 of Ms. Kuemmerle's declaration is not
3  inadmissible for lack of personal knowledge.
4      In addition, the hardship and burden of hailing Mr. Vargas and Ms. Trueba to
5  the United States for the disputed depositions is highly relevant to the issues at hand.
6  Fed. R. Evid. 601, 602; s*ee Dwelly v. Yamaha Motor Corp., USA*, 214 F.R.D. 537, 541
7  (D.C. Minn. 2003) (holding that employee-witness should be deposed in Japan
8  because: (1) deposition in the U.S. would be unduly burdensome to deponent; and (2)
9  the courts should not unnecessarily inconvenience a foreign national by compelling
10 him or her to travel overseas for a deposition.) Thus, relevant factual matters that will
11 assist the Court in balancing the equities in this regard cannot be excluded as
12 inadmissible.
13     Finally, Mattel's self-serving commentary regarding the pending prosecutions
14 in Mexico is not an evidentiary objection at all – it is simply Mattel's attempt to
15 present its (erroneous) version of the facts. As such, Mattel's remarks provide no
16 legal basis for excluding Ms. Kuemmerle's statement.

19 Dated: February 26, 2009

    GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP

    By: /s/ Amman A. Khan
         Amman A. Khan
    Attorneys for Defendants, MGA
    ENTERTAINMENT, INC., ISAAC LARIAN,
    MGA ENTERTAINMENT (HK) LIMITED,
    and MGAE de MEXICO S.R.L. de C.

668587

5

[PUBLIC REDACTED] MGA PARTIES' RESPONSE TO MATTEL'S OBJECTIONS
TO DECLARATION OF SUSANA KUEMMERLE

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On February 26, 2009, I served the foregoing document described as:

**[PUBLIC REDACTED] MGA PARTIES' RESPONSE TO MATTEL'S OBJECTIONS TO DECLARATION OF SUSANA KUEMMERLE IN SUPPORT OF MGA PARTIES' OPPOSITION TO MOTION TO COMPEL DEPOSITIONS OF PABLO VARGAS AND MARIANA TRUEBA AND REQUEST FOR SANCTIONS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ **(BY EMAIL)** I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 26th day of February, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Lisa M. Zepeda

668587

# SERVICE LIST

Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Email]**

Russel J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email]**

Robert C. O'Brien
Arent Fox
48th Floor
555 West Fifth Street
Los Angeles, CA 960013
**[By Personal Service]**

668587

7

[PUBLIC REDACTED] MGA PARTIES' RESPONSE TO MATTEL'S OBJECTIONS TO DECLARATION OF SUSANA KUEMMERLE