PATRICIA L. GLASER (Bar No. 055668)
pglaser@glaserweil.com
GLASER WEIL FINK JACOBS & SHAPIRO
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

RUSSELL J. FRACKMAN (Bar No. 49087)
rjf@msk.com
PATRICIA H. BENSON (Bar No. 60565)
phb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment HK, Ltd.,
MGAE De Mexico, S.R.L. De C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br>DISCOVERY MATTER<br>[To Be Heard By Discovery Master Robert O'Brien Pursuant to Order of January 6, 2009]<br><br>NOTICE OF MOTION AND MOTION OF MGA PARTIES FOR PROTECTIVE ORDER STAYING DISCOVERY ON TRADE DRESS CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [DECLARATIONS OF JEAN PIERRE NOGUES AND BRIAN WING FILED CONCURRENTLY]<br>Date:     TBD<br>Time:    TBD<br>Place:   TBD<br>Phase 2<br>Discovery Cut-Off: December 11, 2009<br>Pre-Trial conference: March 1, 2010<br>Trial Date: March 23, 2010 |

Mitchell
Silberberg &
Knupp LLP

2136206.2

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that at a time and place to be set by Discovery Master Robert O'Brien, MGA Entertainment Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (the "MGA Parties") will, and hereby do, move the Court for a Protective Order:

1. Staying, until 21 days after the Court decides Mattel Inc's ("Mattel") anticipated summary judgment motion directed at MGA's trade dress claims, any requirement that the MGA Parties provide further responses to Mattel's Interrogatories 43, 44, 51 through 55, and 64 addressing MGA's trade dress claims; and

2. Staying all other discovery by Mattel directed to MGA's trade dress claims until after the Court decides Mattel's anticipated summary judgment motion directed at MGA's trade dress claims.

This Motion is made pursuant to Federal Rule of Civil Procedure 26(c)(1)(b) and on the ground that good cause exists for the Court to exercise its discretion to stay trade dress discovery until after the Court rules on Mattel's imminent summary judgment motion seeking dismissal of most, if not all, of MGA's trade dress claims.

This Motion is made and based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Jean Pierre Nogues and Brian Wing and exhibits thereto filed concurrently herewith, the records and files of this Court, and on all other matters of which the Court may take judicial notice.

## Statement of Rule 37-1 Compliance

The parties met and conferred regarding this motion on February 6, 2009 and February 18, 2009.

DATED: February 27, 2009

RUSSELL J. FRACKMAN
PATRICIA H. BENSON
MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Jean Pierre Nogues

Jean Pierre Nogues
Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and Isaac Larian

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (the "MGA Parties") seek a stay of discovery relating to the MGA Parties' Phase 2 trade dress claims against Mattel Inc. ("Mattel") until after the Court decides a summary judgment motion on those trade dress claims, which Mattel represents it will file shortly after the Court decides pending motions relating to Phase 1. This motion is made in order to avoid potentially unnecessary discovery and disputes, to preserve the resources of the Court and the parties, and in the interest of judicial economy.

MGA's Complaint alleges claims against Mattel for False Designation of Origin, Unfair Competition (under the Lanham Act and Cal. Bus. & Prof. Code §17200), Dilution, and Unjust Enrichment, based on allegations that Mattel misappropriated and infringed MGA's trade dress in and packaging for its "Bratz" line of fashion dolls and other products. *See, e.g.,* Complaint. ¶¶ 9, 33-73 (Ex. 1 to Nogues Decl.). These claims are part of Phase 2 of this litigation.[1]

Mattel has advised the MGA Parties that it intends within a matter of weeks to move for summary judgment on MGA's trade dress claims, on the grounds that the jury's verdict and the Court's rulings in Phase 1 preclude MGA from asserting any trade dress claims relating to Bratz products and packaging. Mattel's imminent motion is premised entirely on the Phase 1 rulings, and does not depend on or require responses to any of the trade dress discovery at issue in this motion. Moreover, Mattel contends that the motion, if granted, has the potential to

---

[1] Only MGA Entertainment Inc. has filed trade dress claims. However, Mattel has served trade dress discovery, including the Trade Dress Interrogatories at issue in this motion, to all of the MGA Parties. Further, Mattel's meet and confer letters respecting this discovery have generally used a possibly generic "MGA" in making demands for further responses. Accordingly, out of caution, the MGA Parties all join in this motion.

eliminate or greatly change the scope of MGA's trade dress claims, and, therefore, any related discovery.

By this motion, the MGA Parties seek a stay to defer responding to eight specific interrogatories relating to MGA's trade dress claims until 21 days after the Court rules on Mattel's summary judgment motion. The MGA Parties also seek a stay of all discovery relating to MGA's trade dress claims for the same period. The trade dress discovery sought by Mattel is extensive, and will require the expenditure of substantial time and effort to answer. The MGA Parties should not be required to undertake the significant burden involved in responding to that discovery that the requesting party, Mattel, contends may prove unnecessary or may be substantially limited in a few short weeks.

## II.  SUMMARY OF RELEVANT FACTS

Before the conclusion of Phase 1 discovery, Mattel served numerous discovery requests concerning MGA's trade dress claims.[2] One of the interrogatories which MGA answered in full required it to identify "each and every concept, design, product or product packaging that [it] contend[s] Mattel copied or infringed." *See* MGA's Supplemental Response to Mattel Interrogatory No. 2 (Ex. 2 to Nogues Decl.). Shortly before the Phase 1 discovery cutoff, Mattel propounded eight additional interrogatories aimed at MGA's trade dress claims (the "Trade Dress Interrogatories"):

**Interrogatory No. 43**: For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied or infringed,

---

[2] By the end of Phase 1 discovery, Mattel had propounded *four thousand six hundred and forty-seven (4,647)* Requests for Admissions, *two thousand eight hundred and eighty-nine (2,889)* Requests for Production, and *seventy-one (71) interrogatories*; Mattel had taken 30(b)(6) Deposition covering *two hundred ninety-two (292)* topics and *over sixty (60)* non-expert depositions (some for multiple days); Mattel also had served *seventy-five (75)* Third Party Subpoenas; and the MGA Defendants produced *four million, two hundred thousand (4,200,000)* pages of documents.

1 | including but not limited to those identified in MGA's Responses To Mattel, Inc.'s
2 | First Set Of Interrogatories Re Claims Of Unfair Competition, Response To
3 | Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state
4 | the date that each such concept, design, product, product packaging or other matter
5 | was conceived, and IDENTIFY all PERSONS with knowledge of, and all
6 | DOCUMENTS that REFER OR RELATE TO, the foregoing.

**Interrogatory No. 44**: For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied or infringed, including but not limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other matter was first fixed in any tangible medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

**Interrogatory No. 51**: For each concept, design, product, product packaging or other matter that YOU contend MATTEL has copied, infringed or diluted, including but not limited to those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), describe, fully and separately, each and every concept, design, product, product packaging or other matter of or by MATTEL that YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s), product(s), product packaging or other matter.  Your answer should describe the Mattel concept, design, product, product packaging or other matter with specificity and in detail (including without limitation by product name, product number, SKU, or bar code number), and specify those elements or attributes of YOUR claimed concept,

1 design, product, product packaging or other matter that YOU contend were copied,
2 infringed or diluted by MATTEL.

3     **Interrogatory No. 52**: For each trade dress that YOU contend MATTEL
4 copied, infringed or diluted, separately IDENTIFY each product sold by YOU or
5 YOUR licensees that incorporates such trade dress and, for each such product,
6 separately state (a) the number of units, by year, of each such product sold by YOU
7 or YOUR licensees; (b) revenue received by YOU from such SALES of each such
8 product; (c) all costs YOU have incurred in connection with each product,
9 including but not limited to YOUR cost of good sold, and (d) YOUR gross and net
10 profits from each such product.

11     **Interrogatory No. 53**: For each MATTEL concept, design, product,
12 product packaging or other matter that YOU contend is likely to cause confusion,
13 to cause mistake, or to deceive as to affiliation, connection, or association, or as to
14 origin, sponsorship, or approval, separately state all facts that support YOUR
15 contention of such, including but not limited to all facts that support YOUR
16 contention, if YOU so contend, that any of the SLEEKCRAFT FACTORS weighs
17 against MATTEL, and IDENTIFY all PERSONS with knowledge of such facts
18 and all DOCUMENTS that REFER OR RELATE TO such facts.

19     **Interrogatory No. 54**: For each concept, design, product, product
20 packaging or other matter that YOU contend MATTEL copied, infringed or
21 diluted, state all facts that support contention, if YOU so contend, that such
22 copying or infringement was intentional or willful, and IDENTIFY all PERSONS
23 with knowledge of such facts and all DOCUMENTS that REFER OR RELATE
24 TO such facts.

25     **Interrogatory No. 55**: State all facts which support the allegation in
26 Paragraph 120 of YOUR COMPLAINT that MATTEL has "caused and continues
27 to cause blurring and dilution of the distinctive look of MGA's products and trade

Mitchell
Silberberg & 28
Knupp LLP

2136206.2

dress," and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 64**: To the extent YOU have not previously disclosed such information in a prior interrogatory response YOU provided to Mattel, state all facts which support YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

On February 4, 2008, the Court stayed all Phase 2 discovery. Ex. 4 to Nogues Decl. As a consequence, MGA did not provide substantive responses to the Trade Dress Interrogatories, other than responses to Interrogatories 43 and 44 provided earlier.[3]

On January 6, 2009, the Court lifted its discovery stay. Ex. 7 to Nogues Decl. On January 8, 2009, less than 48 hours after the stay had been lifted, Mattel sent a meet and confer letter to counsel for the MGA Parties advising that it planned to move for summary judgment on the grounds that the jury's verdict and the Court's rulings in Phase 1 preclude MGA from prevailing on any trade dress (or other) claims relating to Bratz products:

> "[W]e are writing in connection with Mattel's anticipated Phase 2 motion for summary judgment.... ***The jury verdict and the Court's ruling in Phase 1 established that Mattel owns copyrights in Bratz. As MGA does not own these copyrights, it cannot own any trade dress rights in the appearance of the Bratz dolls or any other***

---

[3] MGA objected to Interrogatories 51 through 55 and 64 on several grounds, including that Phase 2 discovery had been stayed. Ex. 6 to Nogues Decl. MGA did provide substantive responses to Interrogatories 43 and 44 before the Phase 2 stay went into effect. Ex. 3 to Nogues Decl. Mattel moved to compel further responses, and on February 15, 2008, the former discovery master ordered MGA to provide further responses to Interrogatories 43 and 44. Ex. 5 to Nogues Decl. However, the discovery master's order was also stayed by the Court's stay on all Phase 2 discovery.

*matter protected by those copyrights. Furthermore, MGA's unlawful use of Mattel's rights bars MGA from obtaining any alleged trade dress rights as a matter of law. All of MGA's trade dress rights are based on purported use through the unlawful sale of infringing Bratz dolls. The law does not recognize this as adequate use, and MGA's claims therefore fail....*

MGA also has made numerous allegations of unfair competition relating to Bratz in addition to trade dress infringement and dilution.... MGA cannot maintain any claims based on products it had no legal right to manufacture, market and sell in the first instance. Since that is the case as a result of the Phase 1 trial and the Court's ruling, all such unfair competition claims fail also."

Ex. 8 to Nogues Decl. (emphasis added).

Mattel requested further responses to the Trade Dress Interrogatories, and on February 6, 2009, counsel for Mattel and MGA met and conferred about several matters, including the Trade Dress Interrogatories. Nogues Decl. ¶ 12. The MGA Parties proposed that they respond to the Trade Dress Interrogatories within 30 days after the Court ruled on Mattel's anticipated summary judgment motion. *Id.* Counsel for MGA advised that if Mattel was unwilling to agree to this proposal, the MGA Parties would seek a protective order staying any obligation to provide further responses to the Trade Dress Interrogatories until after that summary judgment motion was decided. *Id.* and Ex. 11 thereto. On February 12, 2009,

9

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

*matter protected by those copyrights. Furthermore, MGA's unlawful use of Mattel's rights bars MGA from obtaining any alleged trade dress rights as a matter of law. All of MGA's trade dress rights are based on purported use through the unlawful sale of infringing Bratz dolls. The law does not recognize this as adequate use, and MGA's claims therefore fail....*

MGA also has made numerous allegations of unfair competition relating to Bratz in addition to trade dress infringement and dilution.... MGA cannot maintain any claims based on products it had no legal right to manufacture, market and sell in the first instance. Since that is the case as a result of the Phase 1 trial and the Court's ruling, all such unfair competition claims fail also."

Ex. 8 to Nogues Decl. (emphasis added).

Mattel requested further responses to the Trade Dress Interrogatories, and on February 6, 2009, counsel for Mattel and MGA met and conferred about several matters, including the Trade Dress Interrogatories. Nogues Decl. ¶ 12. The MGA Parties proposed that they respond to the Trade Dress Interrogatories within 30 days after the Court ruled on Mattel's anticipated summary judgment motion. *Id.* Counsel for MGA advised that if Mattel was unwilling to agree to this proposal, the MGA Parties would seek a protective order staying any obligation to provide further responses to the Trade Dress Interrogatories until after that summary judgment motion was decided. *Id.* and Ex. 11 thereto. On February 12, 2009,

9
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

counsel for Mattel rejected MGA's proposal, and requested that MGA respond to the Trade Dress Interrogatories by February 27. Ex. 12 to Nogues Decl.

On February 18, Mattel and MGA engaged in another meet and confer session, this one relating to Mattel's anticipated summary judgment motion. During that session, counsel for Mattel reaffirmed the grounds for the anticipated motion, and stated that it would be filed shortly after the Court ruled on the pending post-trial motions relating to Phase 1, which had been argued and taken under submission on February 11. Nogues Decl. ¶ 15 and Exs. 14 and 15 thereto.[4] Mattel's counsel also reaffirmed Mattel's position that it would not agree to a stay of trade dress discovery until after resolution of Mattel's summary judgment motion.

By letter dated February 19, 2009, MGA's counsel reaffirmed that MGA intended to file this Motion for Protective Order, and proposed to respond to the Trade Dress Interrogatories (a) if this protective order motion is denied, within 21 days after its denial; or (b) if this motion is granted, within 21 days after the Court's ruling on Mattel' summary judgment motion. Ex. 14 to Nogues Decl.

---

[4] The parties disagree about whether Mattel's counsel stated that its summary judgment motion would be filed within a week or within weeks of the Court's decision on the pending Phase 1 matters. *Compare* Ex. 14 to Nogues Decl. *with* Ex. 15 to Nogues Decl. Either way, it is clear that Mattel plans to file the motion quite promptly, and that with the current December 11, 2009 discovery cut-off, there will be ample time to deal with trade dress discovery after the Court rules on that motion.

III. **THE COURT SHOULD GRANT A PROTECTIVE ORDER STAYING MGA'S FURTHER RESPONSES TO THE TRADE DRESS INTERROGATORIES AND OTHER TRADE DRESS DISCOVERY UNTIL AFTER THE SUMMARY JUDGMENT MOTION IS DECIDED**

A. **The Legal Standard**

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (B) specifying terms, including time and place, for the disclosure or discovery." It is particularly appropriate to stay discovery when a dispositive motion, such as a summary judgment motion, "would obviate the need for discovery." Kendall, Matthew Bender Federal Practice Guide: Federal Pretrial Civil Procedure in California § 22.40(4)(a). *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988) (affirming stay of discovery pending resolution of dispositive immunity issue because it "furthers the goal of efficiency for the court and litigants."); *In re Netflix Antitrust Litigation,* 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (courts have broad discretion to stay discovery pending resolution of a potentially dispositive motion); *Orchid Biosciences, Inc. v. St. Louis University,* 198 F.R.D. 670, 672 (S.D. Cal. 2001) ("court has broad discretion to stay discovery in a case while a dispositive motion is pending"); *Coastal States Gas Corp. v. Department of Energy,* 84 F.R.D. 278, 282 (D.C. Del., 1979) ("It is within the sound discretion of the Court to postpone discovery of issues relating to the merits of a case pending resolution of potentially dispositive motions. Indeed, such a procedure is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." [Citations omitted]); Schwarzer, Cal. Practice Guide: Federal Civil Procedure Before Trial § 11:1101 (The Rutter Group 2008) ("Protective orders *may* stay

1  discovery altogether *or limit* discovery to particular issues, or order that discovery
2  be conducted in a certain sequence. Limiting discovery to particular issues is
3  appropriate where discovery on one issue (e.g. personal jurisdiction) may obviate
4  the need for discovery on other issues, or if a pending motion may resolve the
5  case.").

### B. Discovery Is Not Necessary to Make or Oppose Mattel's Imminent Summary Judgment Motion.

Mattel's anticipated summary judgment motion will assert that, as a matter of law, MGA cannot maintain any trade dress claims because of the jury verdict and Court's rulings in Phase 1, not because of any facts to be discovered through the pending Trade Dress Interrogatories. MGA already provided a detailed description of all concepts, designs, products and packaging that MGA contends Mattel copied or infringed in prior discovery responses. *See* Ex. 2 to Nogues Decl., MGA Entertainment Inc.'s Supplemental Response to Interrogatory No. 2. Mattel has, or shortly will have, all of the Court's final rulings relating to Phase 1. By its own admission, Mattel needs nothing else to make its motion.

Moreover, the pending requests would not provide any additional facts relevant to Mattel's anticipated motion. Mattel has pleadings and discovery setting out in great detail the nature and scope of MGA's trade dress claims. *Id.* The information sought by the Trade Dress Interrogatories--dates of conception of the designs and products as to which MGA claims trade dress protection (Interrogatory No. 43); dates the items MGA claims are protected were first "fixed" in tangible form (Interrogatory No. 44); listings of Mattel products that infringed MGA's trade dress (Interrogatory No. 51); units of infringed products and items sold, and revenues, costs and profits relating to those sales (Interrogatory No. 52); facts relating to application of *Sleekcraft* factors[5] (Interrogatory No. 53); facts

---

[5] In *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), the Court listed eight factors that should be considered in assessing the likelihood of confusion
(...continued)

supporting allegations of willful copying and infringement by Mattel (Interrogatory No. 54); and facts supporting MGA's dilution allegations (Interrogatory No. 55)—are not necessary or even relevant to resolution of the summary judgment motion.

### C. The Need for Trade Dress Discovery May Be Affected by the Resolution of the Summary Judgment Motion

Mattel contends that if it is successful on its summary judgment motion, MGA's trade dress claims relating to Bratz products will be eliminated. While the MGA Parties submit that Mattel's arguments are not well-taken and will oppose Mattel's motion, they acknowledge that *if and to the extent that* Mattel's motion is granted, some of MGA's trade dress claims may be eliminated or narrowed. It logically follows that, if and to the extent that Mattel's summary judgment motion is granted, the scope of necessary discovery will change, perhaps dramatically, and the Trade Dress Interrogatories may prove unnecessary or may be substantially narrowed.

### D. In These Circumstances, the Requested Protective Order Is Warranted

The facts here present exactly the circumstances which the courts have often held to justify a stay of discovery. *Landry v. Air Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404 (5th Cir. 1990), is instructive. In that case, the Court of Appeals affirmed the issuance of protective orders staying discovery until after summary judgment motions could be heard and resolved, noting:

---

(...continued)
between two marks: strength of mark, proximity of goods, similarity of marks, evidence of actual confusion, marketing channels used, degree of care exercised by purchaser, defendant's intent and likelihood of expansion of product line. *Id.* at 348-49. None of these factors has anything to do with the grounds on which Mattel will base its summary judgment motion.

2136206.2

13
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

> "In their motions for protective orders, the defendants gave several reasons why this discovery was not needed prior to the resolution of the summary judgment motions which, if granted, would preclude the need for the discovery altogether. . . . Defendants also argued that the summary judgment motions could be decided as a matter of law on the basis of the undisputed facts already before the court. . . . Finally, they argued that since the discovery was not needed to resolve the summary judgment motions -- and thus perhaps not needed at all -- the depositions would be unduly expensive and burdensome."

*Id.* at 435-36. This showing shifted the burden to the parties seeking discovery "to show a need for the depositions such that their burden and expense would not be 'undue.'" Id. at 436. They failed to meet this burden; therefore, the District Court properly stayed discovery pending resolution of the summary judgment motion. *Id.*

Further, a stay is particularly warranted given the scope of the interrogatories at issue, each of which would require substantial time, effort and expense to answer. For example, Mattel has asked that MGA provide sales, revenues, costs and profits by individual product whose trade dress was copied or infringed by Mattel (Interrogatory No. 52). Obtaining revenue, cost and profit figures for individual products would be extremely difficult, time-consuming and costly, if it is even possible. Declaration of Brian Wing ¶¶ 3-5. Similarly, MGA does not have a complete listing of every single Mattel product which copied or infringed MGA's trade dress (Interrogatory No. 51); attempting to compile such information presents another herculean task. The burden of responding to these

and the other Trade Dress Interrogatories at this time is thus wholly out of proportion to any "benefit" to Mattel from such responses.

Mattel cannot credibly argue it will suffer any prejudice if a stay issues. The requested discovery is not necessary or relevant to resolution of the potentially dispositive motion. And, if Mattel prevails on its motion, the discovery may never be needed or may be significantly reduced in scope. If, on the other hand, MGA prevails on opposing the summary judgment motion, there is ample time to respond to the Trade Secret Interrogatories and complete other trade secret discovery before the December 11, 2009 discovery cut-off. For these reasons, the requests are unnecessarily burdensome and oppressive.

## IV.  CONCLUSION

The MGA Parties respectfully submit that the requested protective order should be issued, and the MGA Parties' obligations to respond to the Trade Dress Interrogatories and other trade dress discovery should be stayed until 21 days after the summary judgment motion is decided.

DATED: February 27, 2009

RUSSELL J. FRACKMAN
PATRICIA H. BENSON
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Jean Pierre Nogues
Attorneys for Defendants
MGA Entertainment, Inc., MGA
Entertainment HK, Ltd., MGAE De
Mexico, S.R.L. De C.V., and Isaac Larian