# EXHIBIT 7
# TO DECLARATION OF
# JEAN PIERRE NOGUES

# EXHIBIT 7
# TO DECLARATION OF
# JEAN PIERRE NOGUES

Case 2:04-cv-09049-DOC-RNB   Document 4922-5   Filed 02/27/09   Page 2 of 31   Page ID
#:156232
Case 2:04-cv-09049-SGL-RNB   Document 4640   Filed 01/06/2009   Page 1 of 2

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.     CV 04-09049 SGL(RNBx)                          Date: January 6, 2009

Title:      MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          James Holmes                          None Present
          Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                            None Present

PROCEEDINGS:   **ORDER APPOINTING DISCOVERY MASTER**

          As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any
discovery disputes that might arise in Phase 2 of this case.  The appointment of the Discovery
Master was made at the joint request of the parties in this case.  See Stipulation for Appointment of
a Discovery Master and Order, December 6, 2006.

          Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that
a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what
MGA has aptly described to the Court as "the massive administrative burdens in time and labor
necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase
2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2."  Based on
the Court's experience in this case, there is no question that a Discovery Master is needed to
"effectively and timely" address the anticipated discovery matters in this case.

          The Court previously submitted to all counsel of record the names of eight attorneys for
consideration by the parties and invited counsel to submit, in camera, any objections to those
attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of
the permanent injunction, if needed).  The Court has carefully considered the objections submitted.
Two of the individuals named were not the subject of an objection by any party.  Of those two, the
Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                          Initials of Deputy Clerk: jh
CIVIL -- GEN                          1

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. **The stay on discovery for Phase 2 of this case is hereby VACATED.**

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera. A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master. The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

**IT IS SO ORDERED.**

EXHIBIT: 7
PAGE: 134

# EXHIBIT 8

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 8

# TO DECLARATION OF

# JEAN PIERRE NOGUES

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 8, 2009

**VIA FACSIMILE AND U.S. MAIL**

Thomas J. Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:     MGA Entertainment, Inc. v. Mattel, Inc.

Dear Counsel:

Pursuant to Local Rule 7-3, we are writing in connection with Mattel's anticipated Phase 2
motion for summary judgment, including specifically on MGA's claims relating to Bratz.

The jury verdict and the Court's rulings in Phase 1 established that Mattel owns copyrights in
Bratz. As MGA does not own these copyrights, it cannot own any trade dress rights in the
appearance of the Bratz dolls or any other matter protected by those copyrights. Furthermore,
MGA's unlawful use of Mattel's rights bars MGA from obtaining any alleged trade dress rights
as a matter of law. All of MGA's claimed trade dress rights are based on purported use through
the unlawful sale of infringing Bratz dolls. The law does not recognize this as adequate use, and
MGA's claims therefore fail. Indeed, if any party owns such trade dress rights, constructive trust
law vests them in Mattel. For these same reasons, even if independently created, MGA did not
acquire and could not have acquired any rights in any ostensible trade dress, marks or other
elements that were intertwined or used with Mattel's Bratz properties. MGA accordingly
acquired no rights in any aspect of any Bratz product that, in whole or in part, infringed upon
Mattel's rights.

**EXHIBIT: 8**
**PAGE: 135**

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

The positions that MGA and its counsel took in Phase 1 also defeat any Bratz trade dress claim
by MGA. Throughout Phase 1, MGA repeatedly claimed, including under oath, that the Bratz
dolls and other elements of Bratz products were significantly different from one another and that
consumers actually purchased the products because of their differences. Where an alleged trade
dress has changed repeatedly as MGA claims here, it cannot identify the source or origin of the
good sold, and therefore cannot qualify as protectible trade dress. Thus, even to the extent that
there are claimed elements of Bratz products that do not infringe upon Mattel's rights (which, as
explained, above alone precludes MGA from claiming rights) or are even otherwise theoretically
protectible, MGA's admissions have foreclosed it from any trade dress claim.

MGA also has made numerous allegations of unfair competition relating to Bratz in addition to
trade dress infringement and dilution. These include, for example, claims that Mattel wrongfully
encouraged licensors, distributors, and retailers not to deal in Bratz products; tampering with
Bratz product displays; using its connections with NPD to change product classifications
involving Bratz; using its connections with CARU to place limits on Bratz advertisements; and
using its connections with the TIA to change the rules for winning Toy of the Year to ensure that
a non-Bratz product won. As the Court has previously noted, however, MGA cannot maintain
any claim based on products it had no legal right to manufacture, market and sell in the first
instance. Since that is the case as a result of the Phase 1 trial and the Court's rulings, all such
unfair competition claims fail also.

Please let me know if you wish to discuss these issues further before Mattel proceeds with its
anticipated summary judgment motion and, if so, when would be a convenient time for you.

Very truly yours,

*Michael T. Zeller*

Michael T. Zeller

MTZ:csn
07209/2754457.1

EXHIBIT: 8
PAGE: 136

2

# EXHIBIT 9

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 9

# TO DECLARATION OF

# JEAN PIERRE NOGUES

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 20, 2008

Jason Russell, Esq.
Robert J. Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re:     Mattel, Inc. v. Carter Bryant, et al.

Counsel:

On February 15, 2008, Judge Infante issued an order compelling further response to certain interrogatories that Mattel had served. By order dated April 22, 2008, Judge Infante clarified that the obligations of MGA and MGA de Mexico to respond to certain interrogatories were stayed, as part of Phase 2 discovery. Now that the Phase 2 discovery stay has been lifted, please let me know when we can expect the ordered supplemental responses. A copy of the Discovery Master's April 22, 2008 Order is attached for your convenience.

Best regards,

Jon Corey

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

**EXHIBIT: 9**
**PAGE: 137**

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                   UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                       EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13
            Plaintiff,
14                                         Consolidated with
       v.                                  Case No. CV 04-09059
15                                         Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                         ORDER GRANTING MGA PARTIES'
            Defendant.                     MOTION FOR CLARIFICATION
17                                         REGARDING PORTIONS OF
                                           FEBRUARY 15, 2008 ORDER
18                                         GRANTING IN PART AND DENYING
                                           IN PART MATTEL'S MOTION TO
19                                         COMPEL RESPONSES TO
                                           INTERROGATORY NOS. 27-44 AND
20                                         46-50 BY THE MGA PARTIES

21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
23

24

25       On March 3, 2008, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE

26  De Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian (collectively "MGA Parties")

27  submitted a Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in

28  Bryant v. Mattel, Inc.,                                            1
    CV-04-09049 SGL (RNBx)

4-22

EXHIBIT: 9
PAGE: 138

1   Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and

2   46-50 by the MGA Parties. On March 10, 2008, Mattel, Inc. ("Mattel") submitted an opposition,

3   and on March 13, 2008, the MGA Parties submitted a reply. Pursuant to Paragraph 5 of the

4   Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

5   appropriate to decide the motion without oral argument.

6          The purpose of the MGA Parties' motion is to confirm the MGA Parties' understanding

7   that any obligation under the February 15, 2008 Order to provide supplemental responses to

8   certain interrogatories is stayed by the operation of the February 4, 2008 Minute Order of the

9   district court staying Phase 2 discovery. In particular, the MGA Parties seek an order confirming

10  that (i) any obligation of the MGA Parties under the February 15, 2008 Order to respond to

11  Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed on the grounds that

12  these interrogatories seek Phase 2 discovery; and (2) any obligation of MGA Mexico under the

13  February 15, 2008 Order to provide supplemental interrogatory responses is stayed on the

14  grounds that discovery directed to MGA Mexico, which was formed in April 2004, constitutes

15  Phase 2 discovery.

16         As a threshold matter, the MGA Parties' Motion for Clarification is procedurally

17  appropriate in view of the district court's stay on Phase 2 discovery, notwithstanding Mattel's

18  assertion to the contrary. The district court imposed the stay on Phase 2 discovery after the close

19  of briefing on Mattel's motion to compel. The parties did not address in their papers which

20  interrogatories related solely to Phase 2. Nor was the stay on Phase 2 discovery the principal

21  focus of the February 11, 2008 hearing, although the stay was mentioned.

22         Having reviewed the interrogatories at issue in this Motion for a second time, it is

23  apparent that the interrogatories are relevant primarily, if not exclusively, to Phase 2. To the

24  extent the interrogatories at issue encompass information that may be relevant to any Phase 1

25  issue, the potential relevance of the information sought is substantially outweighed by the burden

26  and expense of requiring the MGA Parties to provide supplemental responses in the few

27  remaining weeks before the Phase 1 trial.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

1    Accordingly, the MGA Parties' motion is granted. The MGA Parties' obligation to

2    supplement their responses to Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44,

3    and MGA Mexico's obligation to supplement any of the interrogatories directed to it, are hereby

4    stayed until further order of the district court lifting the stay on Phase 2 discovery.

5    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6    Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8    Dated: April 22, 2008

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT: 9
PAGE: 140

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 22, 2008, I served the attached: (1) ORDER DENYING MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW; (2) ORDER GRANTING THIRD-PARTY MATTHEW BOUSQUETTE'S MOTION TO QUASH SUBPOENA; DEEMING MOOT MATTEL'S MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE; and (3) ORDER GRANTING MGA PARTIES' MOTION FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq.. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Christopher G. Caldwell | Caldwell Leslie & Proctor, PC | caldwell@caldwell-leslie.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 22, 2008, at San Francisco, California.

_Sandra Chan_

**EXHIBIT: 9**
**PAGE: 141**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**     January 20, 2009              **NUMBER OF PAGES, INCLUDING COVER: 6**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Jason Russell, Esq.*<br>*Robert J. Herrington, Esq.*<br>Skadden, Arps, Slate, Meagher & Flom LLP | 213.687.5000 | 213.687.5600 |

**FROM:**     Jon Corey

**RE:**     *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

| 07209/2475397.1 | | ROUTE/ | | ☐ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 7209 | RETURN TO: | *JOHANNA LOPEZ -10TH* | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product.
The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or
the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution
or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by
telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**EXHIBIT: 9**
**PAGE: 142**

# EXHIBIT 10
# TO DECLARATION OF
# JEAN PIERRE NOGUES

# EXHIBIT 10
# TO DECLARATION OF
# JEAN PIERRE NOGUES

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3203

WRITER'S INTERNET ADDRESS
scottwatson@quinnemanuel.com

January 28, 2009

**VIA FACSIMILE AND MAIL**

Thomas Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re: Mattel, Inc. v. MGA Entertainment, Inc, et al.

Dear Counsel:

I write to meet and confer in advance of a motion to compel regarding MGA Entertainment,
Inc.'s response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, and MGA's and
Isaac Larian's responses to Mattel's Supplemental Interrogatories.

**MGA's Response to No. 45 of Mattel's Sixth Set of Interrogatories**

Interrogatory No. 45 asks MGA to identify each Bratz product that MGA or its licensees have
sold, and to identify the profits, costs, and revenue associated with each such product. See
Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007. MGA responded in
December 2007 by producing documents with Bates numbers MGA 3709872- MGA 3745687
and MGA 3745688-MGA3746620. See MGA's Entertainment, Inc.'s Objections and Responses
to Mattel, Inc.'s Sixth Set of Interrogatories, dated November 26, 2007 at 10 (MGA will "specify
and produce to Mattel copies of the records from which the answer to this interrogatory may be
derived or ascertained"); Letters from Timothy Miller to Scott Kidman, dated December 7, 2007
and December 12, 2007 (producing documents in response to Interrogatory No. 45). Since that
time, however, MGA has yet to supplement its response. See Fed. R. Civ. P. 26(e)(1) ("a party
who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or
response . . . in a timely manner if the party learns that in some material respect the disclosure or

quinn emanuel urquhart oliver & hedges, llp

07209/2777128399 NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street. 22nd Floor. San Francisco. California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor. 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

**EXHIBIT: 10
PAGE: 143**

January 28, 2009
Page 2

response is incomplete"). Please advise when Mattel can expect to receive MGA's supplemental response.

## MGA's Responses to Nos. 51-64, 67-69 and Larian's Responses to Nos. 56-63, 67-69 of Mattel's Supplemental Interrogatories

MGA and Larian provided only objections to many of Mattel's Supplemental Interrogatories on the grounds that Phase Two discovery was stayed until further order of the Court. See MGA's Responses to Interrogatory Nos. 51-64, 67-69 ("Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court. Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court"); Larian's Responses to Interrogatory Nos. 56-63, 67-69 (same).

As you know, the Court lifted the stay on Phase 2 discovery on January 6, 2009. Accordingly, please advise whether MGA and Larian will now provide responses to these interrogatories and, if so, when they will serve them.

Additionally, MGA and Larian have asserted several additional improper objections to these interrogatories. For example, MGA and Larian object to the definition of "Former Mattel Employees" on the grounds that the definition requires them to "make a conclusion as to an ultimate issue in the case" and because they cannot determine whether and which former Mattel employees violated any obligations to Mattel. See MGA's Responses to Mattel's Supplemental interrogatories at 13. Based on this objection, MGA and Larian unilaterally limit the definition to refer only to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreas and Ricardo Abundis." Id. at 14. This limitation is meritless. To the extent Interrogatory No. 45 requires a legal conclusion at all, it merely requires MGA and Larian to apply the law to the facts at hand. This is proper. Fed.R.Civ.P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact."). Indeed, the Discovery Master has overruled defendants' prior refusals to respond to discovery requests on these grounds before. See Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion objection in the context of requests for admissions). Moreover, MGA and Larian are certainly in a position to determine which Mattel employees other than those specifically identified have provided them with Mattel trade secrets. Indeed, they have an obligation to investigate whether that is the case.

MGA and Larian have also improperly objected to the interrogatories regarding "Mattel Documents" on the grounds that because Mattel has designated the "Mattel Documents" as "Confidential - Attorney's Eyes Only," it is impossible for them to respond. See, e.g., MGA's and Larian's Responses to Interrogatory Nos. 56, 58-63. However, MGA and Larian know which documents they improperly obtained from Mattel and who improperly obtained them; nothing about Mattel's designations alter those facts. MGA or Larian themselves also produced

07209/2777120.2

EXHIBIT: 10
PAGE: 144

January 28, 2009
Page 3

document after document containing Mattel trade secrets and, in fact, some of these were marked
as exhibits at the deposition of Mr. Machado.

Please advise when MGA and Larian will be supplementing their responses to Mattel's
Supplemental Interrogatories. If MGA or Larian intends to limit their responses based on these
or any other objections, please let me know when you are available to meet and confer regarding
these interrogatories. If we cannot resolve this matter during the meet and confer, Mattel will
move to compel.

I look forward to your response.

Very truly yours,

Scott L. Watson/wpc

Scott L. Watson

cc: Amman Khan, Esq.

07209/2777120.2

07209/2777120.2

EXHIBIT: 10
PAGE: 145

# EXHIBIT 11

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 11

# TO DECLARATION OF

# JEAN PIERRE NOGUES

## MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Jean Pierre Nogues
A Professional Corporation
(310) 312-3152 Phone
(310) 231-8352 Fax
jpn@msk.com

February 6, 2009

VIA E-MAIL AND U.S. MAIL

Jon Corey, Esq.
Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:   **Bryant v. Mattel, Inc. and Consolidated Actions, C.D. Cal. (Eastern Div.) Case No. CV04-09049 SJL (RNBx); Meet and Confer re MGA Responses to Mattel Interrogatories 43, 44, 51-55 and 64**

Dear Jon,

This will confirm MGA's proposal during our meet-and-confer session today that MGA would provide further responses to Mattel's Interrogatories 43, 44, 51 through 55, and 64, all of which deal with MGA's trade dress claims, not later than 30 days after the Court decides the trade dress summary judgment motion which Mattel has indicated it will be bringing.  If granted in whole or in part, Mattel's motion, which does not depend in any respect on responses to these interrogatories, would limit or eliminate issues relating to MGA's trade dress claims and the discovery necessary to litigate those claims.  It does not make sense to us that either party would expend time or money conducting discovery which may prove unnecessary if Mattel's motion is successful.

I also advised that if Mattel did not agree to this proposal, MGA would make a motion for a protective order that would defer its obligation to respond until after the Mattel summary judgment motion is heard.

**EXHIBIT:  11
PAGE:  146**

2119905.1/39416-00002

11377 West Olympic Boulevard, Los Angeles, California  90064-1683
Phone: (310) 312-2000   Fax: (310) 312-3100   Website: WWW.MSK.COM

## MITCHELL SILBERBERG & KNUPP LLP

You indicated you would get back to me about this proposal after speaking with your client.  I look forward to hearing back from you.

Very truly yours,

Jean Pierre Nogues
of
MITCHELL SILBERBERG & KNUPP LLP


JPN/jpn
cc:      Amman Khan, Esq.


**EXHIBIT: 11**
**PAGE: 147**

# EXHIBIT 12

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 12

# TO DECLARATION OF

# JEAN PIERRE NOGUES

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor. Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 12, 2009

**Via Facsimile and U.S. Mail**

Jean Pierre Nogues
Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064

Re:   Mattel, Inc. v. Bryant

Dear Jean,

I write in response to your letter of February 6, 2009 in which you propose that MGA's responses to certain interrogatories related to MGA's contentions regarding its trade dress claims be held in abeyance pending resolution of Mattel's contemplated motion for summary judgment of the MGA's claims. In light of the Court's comments toward the end of yesterday's hearing regarding Phase 2 discovery and having set a discovery cut-off, please confirm by the close of business on February 13, 2009 whether MGA will be providing full and complete responses to the interrogatories seeking MGA's contentions regarding its affirmative claims against Mattel. Because these claims have been pending since April 2005 and MGA has had almost 4 years to develop its contentions, Mattel expects MGA to be able to provide full and complete responses to them on or before February 27, 2009. If we are in agreement, then I will provide a stipulation to document it.

Best regards,

*Jon Corey*

Jon Corey

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor. New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

**EXHIBIT: 12**
**PAGE: 148**

# EXHIBIT 13
# TO DECLARATION OF
# JEAN PIERRE NOGUES

# EXHIBIT 13
# TO DECLARATION OF
# JEAN PIERRE NOGUES

## MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS🅺K**

Jean Pierre Nogues
A Professional Corporation
(310) 312-3152 Phone
(310) 231-8352 Fax
jpn@msk.com

February 13, 2009

**VIA E-MAIL AND U.S. MAIL**

Jon Corey, Esq.
Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:    **Bryant v. Mattel, Inc. and Consolidated Actions, C.D. Cal. (Eastern Div.) Case No.
CV04-09049 SJL (RNBx); Meet and Confer re MGA Responses to Mattel Interrogatories
43, 44, 51-55 and 64 and Your Letter of February 12, 2009**

Dear Jon,

As you know, we are scheduled to meet and confer with your office next Wednesday, February 18, concerning Mattel's January 6, 2009 letter indicating an intent to file a summary judgment motion on MGA's trade dress claims.  Mattel's anticipated summary judgment motion and our request that Mattel agree to defer trade dress discovery are inextricably intertwined.  As a consequence, our meeting next week regarding the summary judgment motion, which we anticipate will include discussion of the claims on which Mattel intends to move, the basis of the motion and the anticipated timing of the motion, could impact our request regarding trade dress discovery.

As a consequence, it is premature to ask us to respond to your February 12 letter until after we have completed the meet and confer process on Mattel's anticipated motion underlying our request.  While we are well aware of what Judge Larson said earlier this week, we are also aware that the discovery cutoff for Phase 2 is now December 11, 2009, some ten months away.  Accordingly, waiting until next Wednesday to complete the meet and confer process before we respond to your letter does not in any way prejudice Mattel, and may result in avoidance of a potential dispute.

**EXHIBIT: 13
PAGE: 149**

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: www.msk.com

## MITCHELL SILBERBERG & KNUPP LLP

I look forward to discussing your February 12 letter with you next week.

Very truly yours,

Jean Pierre Nogues
of
MITCHELL SILBERBERG & KNUPP LLP

JPN/jpn

**EXHIBIT: 13**
**PAGE: 150**

# EXHIBIT 14

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 14

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Jean Pierre Nogues
A Professional Corporation
(310) 312-3152 Phone
(310) 231-8352 Fax
jpn@msk.com

February 19, 2009

**VIA E-MAIL AND U.S. MAIL**

Jon Corey, Esq.
Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017-2543

**Re:** **Bryant v. Mattel, Inc. and Consolidated Actions, C.D. Cal. (Eastern Div.) Case No. CV04-09049 SJL (RNBx); Meet and Confer re MGA Responses to Mattel Interrogatories 43, 44, 51-55 and 64**

Dear Mr. Corey,

I am responding to your letter of February 12 letter asking the MGA parties to agree to provide supplemental responses to the aforementioned interrogatories by February 27.

Yesterday, we had an opportunity to complete our discussions with your office concerning Mattel's anticipated summary judgment motion. During yesterday's session, Mr. Webster confirmed that Mattel's anticipated motion is premised entirely on the Court's Phase I rulings and determinations, and will assert that MGA cannot maintain trade dress claims on any elements relating to the Bratz dolls because (1) those claims are premised entirely on conduct which the Court found to be unlawful, and (2) Mattel essentially owns everything related to Bratz. Mr. Webster also informed us that Mattel would be filing its motion within a week of the Court's rulings on the Phase 1 matters heard February 11.

It is now clear that Mattel's motion does not depend on any discovery to be taken in Phase 2. It is also clear that because Mattel will file that motion very soon, it makes the most sense to await the outcome of that motion to begin trade dress discovery. Since Mattel will not voluntarily agree to suspend trade dress discovery until its summary judgment motion is decided, MGA will be filing a motion for protective order staying discovery until after the motion is decided.

Consequently, the MGA parties will not agree to provide supplemental responses to the aforementioned interrogatories by February 27, 2009. Instead, they offer to provide their supplemental responses either: (1) if the protective order motion is denied, 21 days after its denial; or (2) if the protective order motion is granted, 21 days after the Court decides Mattel's summary judgment motion, to the extent any trade dress claims remain after that decision. MGA plans to file its protective order motion next week.

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: www.msk.com

**EXHIBIT: 14**
**PAGE: 151**

## MITCHELL SILBERBERG & KNUPP LLP

Jon Corey, Esq.
Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
February 19, 2009
Page 2

Please let me know if this is acceptable to you, or you would like to discuss this matter further.

Very truly yours,

Jean Pierre Nogues
of
MITCHELL SILBERBERG & KNUPP LLP

JPN/jpn
cc:    Russell  J. Frackman, Esq.
        Joel N. Klevens, Esq.

**EXHIBIT: 14**
**PAGE: 152**

# EXHIBIT 15

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT 15

# TO DECLARATION OF

# JEAN PIERRE NOGUES

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 23, 2009

<u>VIA E-MAIL AND U.S. MAIL</u>

Jean Pierre Nogues                          Joel N. Klevens
Mitchell Silberberg & Knupp LLP             Glaser, Weil, Fink, Jacobs & Shapiro, LLP
11377 W. Olympic Blvd.                      10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90064                       Los Angeles, CA 90067
jpn@msk.com                                 jklevens@glaserweil.com

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
thomas.nolan@skadden.com

Re:    Mattel v. MGA

Dear Mr. Nogues:

I write in response to your February 19, 2009 letter to Mr. Corey, regarding Mattel's Phase 2 Motion for Summary Judgment.

First, Mattel did not represent that its motion would be "premised entirely on the Court's Phase I rulings and determinations," or that "the motion does not depend on any discovery to be taken in Phase 2." That motion will rely in part, for example, on Phase 2 discovery regarding the scope of MGA's alleged trade dress. Second, Mattel did not state that it would be filing its Motion for Summary Judgment "within a week" of the Court's ruling on the Phase 1 matters. Rather, as I represented to you, Mattel expects to file that Motion within weeks—as opposed to months—of the Court's ruling.

**EXHIBIT: 15**
**PAGE: 153**

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

If you have any other questions, please do not hesitate to contact me.

Very truly yours,

James J. Webster (LSN)

James J. Webster

JJW:csn
07975/2803109.1

**EXHIBIT: 15**
**PAGE: 154**

2