PATRICIA L. GLASER (Bar No. 055668)
pglaser@glaserweil.com
GLASER WEIL FINK JACOBS & SHAPIRO
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

RUSSELL J. FRACKMAN (Bar No. 49087)
rjf@msk.com
PATRICIA H. BENSON (Bar No. 60565)
phb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment
HK, Ltd., MGAE De Mexico, S.R.L De C.V., and
Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[To Be Heard By Discovery Master Robert O'Brien Pursuant To Order Of January 6, 2009]**<br><br>**DECLARATION OF BRIAN WING IN SUPPORT OF MOTION OF MGA PARTIES FOR PROTECTIVE ORDER**<br>**[NOTICE OF MOTION, MOTION AND POINTS AND AUTHORITIES, AND DECLARATION OF JEAN PIERRE NOGUES FILED CONCURRENTLY]**<br><br>Date:    TBD<br>Time:   TBD<br>Place    TBD<br><br>Phase 2<br>Discovery Cut-Off: December 11, 2009<br>Pre-Trial conference: March 1, 2010<br>Trial Date: March 23, 2010 |

DECLARATION OF BRIAN WING

## DECLARATION OF BRIAN WING

I, Brian Wing hereby declare as follows:

1. I am the current Executive Vice President ("EVP"), Corporate Development of MGA Entertainment, Inc. ("MGA"). I make this declaration of my own personal knowledge, and if called and sworn as a witness, I could and would testify to the facts set forth herein.

2. My background is in business, finance and taxation. I have Bachelor's in Mathematics Applied Science (Economics) from UCLA, and both an International Masters of Business Administration and a Masters of a Business Taxation from the University of Southern California. After obtaining these degrees, I worked at Ernst & Young from 1998 to 2004 in the International Tax Services Group as a Senior Manager. In 2004, I took a position with MGA as the Senior Vice President of Finance, Accounting, and Taxation. In 2007, I returned to Ernst & Young as a partner, and then came back to MGA in October 2008, where I now serve as the EVP, Corporate Development. In this position, I have overall responsibility for the company's finances, financial reporting, tax reporting and management information systems.

3. I understand Mattel has requested that MGA provide certain detailed financial data, on a product-by-product or SKU basis, including sales, revenues, cost and profit figures, for the hundreds of MGA products that are part of MGA's trade dress infringement claim against Mattel. It would be extremely difficult, time-consuming and costly to attempt to gather this information, and it is unclear whether after analyzing our financial data we could even provide this information.

4. MGA does not maintain profit data on a product or SKU basis for Bratz. Nor can we determine the a fully burdened cost basis for Bratz products without going through significant effort to analyze our costs and making assumptions about how to allocate sales returns, discounts and allowances, various other cost of sales and MGA's general overhead. Previously, in this litigation,

MGA has relied upon a retained expert economist from Navigant Consulting and his staff to pour through our financial data, cull out the relevant information, organize and analyze it, and opine on the revenue, cost and profit figures for Bratz products. This took months to accomplish and was done at considerable expense.

5. Based on my experience, as well as the fact that MGA does not maintain documents responsive to the types of information sought, in the regular course of business, I estimate it would require approximately 320 worker hours to gather and attempt to analyze the data that Mattel requests. My department is also currently understaffed and would not be able to devote resources to such effort without compromising the regular work they have to accomplish. Further, even after undertaking such analysis, it is unlikely we would be able to generate revenue, cost or profit data on a product-by-product basis without involving an expert forensic economist. This forensic validation could significantly add to the effort necessary to complete this analysis and may not necessarily produce a work product with sufficient accuracy to be relied upon.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 27th day of February, 2009, at Van Nuys, California.

_____
Brian Wing