**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
MARK E. OVERLAND (State Bar No. 38375)
moverland@obsklaw.com
DAVID C. SCHEPER (State Bar No. 120174)
dscheper@obsklaw.com
ALEXANDER H. COTE (State Bar No. 211558)
acote@obsklaw.com
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144
Telephone: (213) 613-4655
Facsimile:  (213) 613-4656

**Attorneys for
Carlos Gustavo Machado Gomez**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT<br><br>         Plaintiff,<br><br>    v.<br><br>MATTEL, INC.,<br><br>         Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. 04-9049 SGL (RNBx)<br><br>Consolidated with CV 04-9059 and CV 05-2727<br><br>**[DISCOVERY MATTER]**<br><br>**[Filed Before Discovery Master Robert O'Brien]**<br><br>**CARLOS GUSTAVO MACHADO GOMEZ'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL CONSENT TO PRODUCTION OF ELECTRONIC MAIL MESSAGES;**<br><br>**DECLARATION OF ALEXANDER H. COTE IN SUPPORT THEREOF; DECLARATION OF CARLOS GUSTAVO MACHADO GOMEZ IN SUPPORT THEREOF** |

## I. INTRODUCTION

Mattel, Inc. does not dispute that Gustavo Machado has had communications with his present counsel using his email account at gus_cmt@yahoo.com, and that those communications sought legal advice. Nor does Mattel dispute that Mr. Machado's counsel (the undersigned attorneys) have communicated their thoughts and mental impressions, as well as other work product, to Mr. Machado using that same email address. Nor does Mattel dispute that all of these communications – and all of the communications in the Yahoo account – occurred after the filing of this case. These communications are obviously protected by the attorney client privilege and the attorney word product doctrine, and therefore Mattel has no right to review them.

Mattel now argues, for the first time, that Mr. Machado has waived these protections, because he has not included these obviously privileged communications in a privilege log. Yet, Mattel is aware of the order of Judge Infante, the prior discovery master in this case, holding that "[i]t is also standard practice to use the date the lawsuit was filed as the cut-off for logging items on a privilege log." (Cote Decl. Ex. A at 4:3-4.) Since all of the privileged communications at issue in this motion post-date the filing of this action, Mr. Machado was under no obligation to log *any* of these emails, and therefore there can be no waiver. Obviously, Judge Infante's prior order is fatal to Mattel's argument of waiver, and for the foregoing reasons, the instant motion to compel must be denied.

Mattel neglected to refer in its motion to Judge Infante's order, apparently in an effort to conceal this dispositive order from the special master. Mattel also makes numerous false statements, in a further effort to buttress its motion with misinformation. Mattel's bad faith and dissembling should not go unpunished, and its counsel should be sanctioned for misleading the special master.

## II. FACTUAL BACKGROUND

The essential facts underlying this motion are relatively straightforward. Mattel served Mr. Machado with a request for production on or about September 11, 2007, and Mr. Machado timely answered with objections on or about October 14, 2007. Approximately two weeks later, Mattel served a document subpoena on Yahoo seeking the production of various categories of documents, including the content of emails, relating to Mr. Machado's personal email account, gus_cmt@yahoo.com. When Yahoo properly refused to produce the content of emails to Mattel, because such materials are protected by the Stored Communications Act, 18 U.S.C. § 2701-2712, Mattel requested that Mr. Machado consent to the wholesale disclosure of his emails to Mattel. Mr. Machado refused, and the first version of this motion followed. Mr. Machado opposed the motion on January 14, 2008, and explained that his Yahoo email account contained privileged communications with the undersigned counsel relating to this case. (*See* Corey Decl. Ex. 15 at 219-220.)

However, in an effort to bolster its efforts to obtain access to emails between Mr. Machado and his counsel, Mattel fabricates additional "facts" which require correction. First, Mattel argues that Mr. Machado claimed to have already produced Yahoo emails to Mattel. (Motion at 4:12-13; 8:16-20.) Not true. Counsel's letter stated: "**Subject to his objections,** *Mr. Machado has already produced documents from his Yahoo! email account* **that are responsive to Mattel's document requests.**" (Corey Decl. Ex. 10 at 177.) Mattel quotes the italicized language above, and ignores the bold language, in order to make its misleading argument. The clear meaning of the full quote is evident: any responsive Yahoo emails were withheld due to Mr. Machado's objections.

Second, Mattel also misrepresents the number of documents produced in this matter. (*See* Motion at 4:13-14.) Mr. Machado produced approximately 124 pages as

part of his initial disclosures, and produced an additional 83 pages in response to Mattel's document requests.

Third, Mattel *never* met and conferred about its newly revealed waiver theory. In fact, counsel for Mr. Machado expressly asked Mattel if "Mattel's position (or its support for its position) changed" with respect to this motion. (Corey Decl. Ex. 20 at 237.) Mattel's counsel responded that "Mattel's position and support has not changed." (*Id.* at 236.) This was not true, as Mattel's waiver argument is raised for the first time in this motion, and was never previously disclosed.[1]

## III. LEGAL ANALYSIS

### A. Consent is Required Under the Stored Communications Act

Mattel concedes that its subpoena to Yahoo falls under the Stored Communications Act (the "SCA"), 18 U.S.C. § 2701-2712. The SCA declares that, subject to certain conditions and exceptions, "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service...." *Id.* at § 2702(a)(1). An exception exists for disclosures made with the consent of a party to the communication.[2] *Id.* at § 2702(b)(3). Accordingly, Mattel

---

[1] Mr. Machado also generally disputes Mattel's theory of the case as recited in its Motion, but the merits of the claims are not at issue in this discovery motion. Nevertheless, Mr. Machado must correct Mattel's claim that Mr. Machado admitted to using the plot04@aol.com account to misappropriate Mattel's documents. (Motion at 2:7-9.) Mr. Machado's admitted only to having discussions with MGA representatives, but denied all remaining allegations, including the allegation that Mr. Machado used that email address for any purpose. (See Corey Decl. Ex. 2 at ¶ 43.)

[2] Yahoo has informed counsel for Mr. Machado that it would produce non-content documents in response to Mattel's subpoena. (Cote Decl. ¶ 4.) Notably, Mattel has not provided copies of these documents to Mr. Machado's counsel. In any event, these non-content documents presumably satisfy Requests 1, 2 and 18-22 of Mattel's subpoena. (Corey Decl. Ex. 8.)

3

contends that Mr. Machado should be compelled to consent to the production, citing *dicta* in *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1446 (2006). However, Mattel has cited no authority for the proposition that a litigant has the unfettered right to demand production of all emails, irrespective of relevance or privilege. Rather, *O'Grady* concludes that even a narrowly drawn subpoena is subject to the requirements of the SCA. *Id.* at 1443 n. 11.

The SCA is a reflection of "Congress's judgment that users have a legitimate interest in the confidentiality of communications in electronic storage at a communications facility." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-1075 (9th Cir. 2004). Accordingly, the Act protects parties from overbroad subpoenas. *Id.* (finding that SCA was violated by ISP's provision of emails pursuant to overbroad subpoena.) Mr. Machado properly refused to consent to Mattel's overbroad subpoena here, because it seeks every email Mr. Machado has ever sent or received that concerns Mattel, MGA or certain employees at MGA. (*See, e.g.,* Corey Decl. Ex. 8 at ¶¶ 5-6, 8-9.) Mattel is Mr. Machado's former employer, and MGA is his current employer. Clearly emails that merely mention one of these companies or individuals will not be necessarily relevant to this matter.[3] Because Mattel's motion makes no effort to justify this overbroad subpoena, the motion should be denied.

More importantly, Mr. Machado and his trial counsel communicate about this case using Mr. Machado's Yahoo email account. (Cote Decl. ¶¶ 2-3, Machado Decl. ¶ 2.) These communications are likely to be responsive, as they may refer to MGA and Mattel (the parties to this case), or other individuals mentioned in Mattel's complaint. Yet, these emails necessarily contain privileged communications between Mr. Machado and his counsel. These emails are also protected by the work

---

[3] Mattel has never met and conferred regarding the scope of the Yahoo subpoena, although Mr. Machado's counsel remains willing to do so.

4

product doctrine, as counsel's mental impressions and analysis are also likely to mention Mattel, MGA and other individuals named in Mattel's complaint. (*Id.*) Accordingly, Machado cannot be compelled to consent to the disclosure of these privileged communications. Indeed, the SCA is designed specifically to protect against the disclosure of confidential emails of this sort. *Theofel v. Farey-Jones*, 359 F.3d 1066, 1071-1075 (9th Cir. 2004).

### B. Mattel's Waiver Argument Should Be Rejected

Recognizing that it has no right to discovery of privileged communications, Mattel argues that Mr. Machado has waived his attorney client privilege and the protections of the work product doctrine, because he has not prepared a privilege log listing these emails. Yet, these emails are responsive only because Mr. Machado is discussing this case with the undersigned attorneys. Moreover, all of those responsive but privileged communications were created after this case was filed. Mr. Machado opened his Yahoo account in or around June, 2005. (Machado Decl. ¶ 3.) The earliest email sent from the account is dated July 13, 2005, and the earliest received email is dated March 16, 2006. (Machado Decl. ¶ 4.)

In light of the foregoing, Mattel's "waiver" argument is untenable, as Judge Infante, the special master handling discovery in Phase 1 of the case, has already recognized. Judge Infante held in a May 6, 2008 order that "[i]t is also standard practice to use the date the lawsuit was filed as the cut-off for logging items on a privilege log." (Cote Decl. Ex. A at 4:3-4.) As a result of this "standard practice," Judge Infante ordered Mattel to "produce a complete privilege log, including all documents for which Mattel claims privilege *up to the April 27, 2004 filing date*."

(*Id.* at 5:4-5.) Mr. Machado is unaware of any party challenging Judge Infante's order that parties need not log documents created after the filing of the lawsuit.[4]

Mattel's "waiver" argument has currency *only* if Mr. Machado had an obligation to log his privileged communications with his trial counsel after this case was filed. But, Judge Infante's order conclusively determines that Mr. Machado had no such obligation. As a result, Mr. Machado did not waive any privilege by failing to log these emails.

Mattel's citation to cases finding waiver are therefore inapplicable. None of those cases hold that the privilege is waived with respect to documents that did not require logging in the first instance. Rather, in *Burlington N. & Santa Fe Ry. Co. v. U.S. District Court*, 408 F.3d 1142, 1145 (9th Cir. 2005), the Ninth Circuit specifically held that Burlington had waived the privilege in part because it "does not seriously dispute that a privilege log was expected." Here, Mattel was never entitled to a log of Mr. Machado's communications with trial counsel, because as Judge Infante found, logging such communications is not "standard practice." With its authorities so obviously inapposite, Mattel is left with no argument regarding waiver.

To the extent the factors in *Burlington* have any application, it is clear that the failure to log such obviously privileged documents is harmless and should not result in such a harsh sanction as waiver of attorney-client privilege and work product. The first factor concerns whether the court has sufficient information to gauge the application of privilege. It is clear that all the relevant information is known: the privileged documents are communications about this case, between client and

---

[4] Mattel attempted to overturn this order in the district court, arguing that it should not have to log privileged documents created after November 23, 2003, well *before* filing suit in this case. The district court rejected that argument and affirmed Judge Infante's order. (Cote Decl. Exs. B, C at ¶ 4.)

6

counsel, seeking and obtaining legal advice, after counsel was retained on this case. Similarly, the second factor concerns whether the disclosure of the information in the first factor was timely. Mr. Machado had no reason to believe that Mattel would seek his privileged communications with trial counsel until after he received Mattel's demand that he consent to disclosure of those emails on November 1, 2007, because the demand exceeds "standard practice." Mr. Machado refused to consent, and in his January 14, 2008 opposition to Mattel's motion, Mr. Machado explained that the Yahoo account contained privileged communications between Mr. Machado and the undersigned counsel. (*See* Corey Decl. Ex. 15 at 219-220.) Accordingly, within ten weeks, Mattel knew the basis for Mr. Machado's assertion of the privilege, and therefore cannot argue delay.

Finally, *Burlington* advises that its holding is "intended to forestall needless waste of time and resources, as well as tactical manipulation of the rules and the discovery process," a warning that Mattel flagrantly disregards here. 408 F.3d at 1149. First, Mattel concealed Judge Infante's order in its motion, apparently hoping the newly appointed special master (as well as Mr. Machado's counsel who did not argue or participate in the hearing before Judge Infante) would be ignorant of this dispositive order. Second, Mattel never raised this "waiver" argument before filing this motion, and never asked Mr. Machado to log his communications with his trial counsel that post-date the filing of this case. Third, Mattel concealed this new argument from Mr. Machado, by stating in its meet-and-confer email that "Mattel's position and support has not changed." (Corey Decl. Ex. 20 at 236.) Finally, Mattel distorted the record even further by deliberately misquoting counsel's prior correspondence in an effort to buttress its "waiver" argument. (Motion at 9:1-2.) This deceptive conduct is exactly the sort of "tactical manipulation of the rules and the discovery process" that *Burlington* advised the courts to forestall, and for this additional reason, Mattel's motion should be denied.

### C. Mattel's Request For Additional Information About Mr. Machado's Email Accounts Is Beyond the Scope of This Motion

Mattel also argues, for the first time and without meeting and conferring first, that Mr. Machado should be compelled "to provide written consent to the production of relevant emails from any email account (and to identify each email account) he has used for the past five years." (Motion at 6:15-17.) This request is well beyond the scope of this "Renewed Motion To Compel Consent to Production of Electronic Mail Messages." Mattel identifies no outstanding discovery requests seeking the information Mattel now asks the Court to compel. Instead, this motion is limited to Mattel's request that Mr. Machado consent to the disclosure of documents from his Yahoo account, not any other accounts and not any other information. With no discovery request pending, there is nothing to compel.

Moreover, it seems that Mattel is attempting to make an end run around Mr. Machado's constitutional rights, without bothering to brief them. Mattel asked Mr. Machado questions about his personal email accounts in his October 14, 2008 deposition, and specifically asked him to identify all email accounts he has used in the past five years. (Cote Decl. Ex. D at 66, 100-101.) Mr. Machado asserted his Fifth Amendment right to be from self incrimination and refused to answer. (*Id.*)

The Fifth Amendment to the United States Constitution allows a witness to refuse to answer whenever the person invoking the privilege reasonably believes that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner. *See Ohio v. Reiner*, 532 U.S. 17, 20-21 (2001); *see also U.S. v. Bodwell*, 66 F.3d 1000, 1001 (9th Cir. 1995). Accordingly, the privilege protects against disclosures that would not only be directly potentially incriminating, but also against those that could provide an indirect link to incriminating evidence. *Id.*; *U.S. v. Hubbell*, 530 U.S. 27, 38 (2000)("Compelled testimony that communicates information that may 'lead to incriminating evidence'

is privileged even if the information itself is not inculpatory.")(*citing Doe v. U.S.*, 487 U.S. 210, 208, n. 6 (1998)); *see also Reiner*, 532 U.S. at 20-21.

As made clear in its motion, Mattel alleges that Mr. Machado and others used the plot04@aol.com account, as well as other unspecified accounts, in furtherance of criminal acts, including the criminal theft of Mattel's trade secrets. (*See* Motion at 1:8-17, 2:3-9, 3:13-19.) And Mattel has instigated criminal prosecutions in Mexico against Mr. Machado for his alleged criminal use of his email accounts, and he is at risk of prosecution in the United States for the same alleged criminal conduct.[5] As a result, the identification of these email accounts is a direct link to potentially incriminating evidence, and therefore, Mr. Machado properly invoked his Fifth Amendment right in refusing to answer these deposition questions. Accordingly, to the extent Mattel now seeks an order compelling an answer to these deposition questions, the motion must be denied.[6]

//

//

//

//

---

[5] Mr. Machado also has a privilege against self-incrimination under Article 20 of the Constitution of Mexico.

[6] Mattel completely fails to brief Mr. Machado's assertion of the Fifth Amendment in his deposition, and therefore, Mr. Machado reserves the right to provide a more comprehensive discussion of his constitutional rights should such an argument be raised in the future.

## IV. CONCLUSION

For the foregoing reasons, Mattel's motion should be denied. Moreover, because Mattel's motion was wholly baseless and based on misrepresentations and bad faith omissions designed to mislead the special master, Mr. Machado respectfully requests that Mattel be ordered to pay $3,000 as a sanction to Mr. Machado's counsel to partially reimburse him for the costs of defending against this frivolous motion.

DATED: February 27, 2009

OVERLAND BORENSTEIN SCHEPER & KIM LLP
MARK E. OVERLAND
DAVID C. SCHEPER
ALEXANDER H. COTE

By: /s/
Alexander H. Cote
Attorneys for CARLOS GUSTAVO MACHADO GOMEZ

## DECLARATION OF CARLOS GUSTAVO MACHADO GOMEZ

I, CARLOS GUSTAVO MACHADO GOMEZ, hereby declare as follows:

1. I am a counter-defendant in an action brought by Mattel, Inc. in the United States District Court for the Central District of California. I have personal knowledge of the facts set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. I have used my email account, gus_cmt@yahoo.com, to communicate with my counsel in this matter. My emails to counsel were made in confidence, for the purpose of obtaining legal advice.

3. To the best of my recollection, I first established this account on or about June 2005.

4. The earliest sent email from this account is dated July 13, 2005 and the earliest email received at that account is dated March 16, 2006.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration is executed at Puebla, Mexico on February 27, 2009.

_____/s/_____
Carlos Gustavo Machado Gomez

## DECLARATION OF ALEXANDER H. COTE

I, ALEXANDER COTE, declare as follows:

1. I am an attorney at Overland Borenstein Scheper & Kim LLP. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

2. I represent Carlos Gustavo Machado Gomez in this matter. I have communicated with Mr. Machado using his Yahoo email account, at gus_cmt@yahoo.com.

3. My communications with Mr. Machado contained my mental impressions and reflections on the case, including litigation strategies and legal advice. Mr. Machado's responses to me from that same email account were statements made to his counsel for the purpose of obtaining legal advice.

4. Shortly after Mattel issued its subpoena to Yahoo Inc., I received a phone call from an individual identifying himself as Christian Li, a paralegal at Yahoo. Mr. Li informed me that Yahoo would not produce any emails requested by Mattel, but would produce any other documents that were responsive to the subpoena.

5. Attached hereto as Exhibit A is a true and correct copy of Judge Infante's May 6, 2008 *Order Denying Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege Log*. I found and downloaded this order using the United States District Court for the Central District of California's electronic document service, known as Pacer.

6. Attached hereto as Exhibit B is a true and correct copy of *Mattel, Inc.'s Notice of Motion and Motion Objecting to Discovery Master's May 6, 2008 Order Denying Mattel's Motion For Protective Order Limiting The Temporal Scope of Its Privilege Log*, which was filed with Pacer on May 15, 2008.

1 | 7. Attached hereto as Exhibit C is a true and correct copy of the Court's May 27, 2008 *Order Regarding Various Discovery Motions, Applications and Other Matters Upon Which The Court Ruled on May 21-23, 2008*, which I retrieved from Pacer.

8. Attached hereto as Exhibit D is a true and correct copy of an excerpt of the October 14, 2008 deposition of Gustavo Machado.

I declare under penalty of perjury that the foregoing is true. Executed this 27th day of February, 2009 at Los Angeles, California.

　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　ALEXANDER H. COTE