# EXHIBIT B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                      EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14        vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | Hon. Stephen G. Larson |
| 16 | MATTEL, INC.'S NOTICE OF MOTION AND MOTION |
| 17          Defendant. | OBJECTING TO DISCOVERY MASTER'S MAY 6, 2008 ORDER |
| 18  AND CONSOLIDATED ACTIONS | DENYING MATTEL'S MOTION FOR PROTECTIVE ORDER LIMITING |
| 19 | THE TEMPORAL SCOPE OF ITS PRIVILEGE LOG; AND |
| 20 | |
| 21 | MEMORANDUM OF POINTS AND AUTHORITIES |
| 22 | |
| 23 | [Declaration of Timothy L. Alger and Notice of Lodging filed concurrently] |
| 24 | [Federal Rule of Civil Procedure 72(a); Local Rule 72-2.1] |
| 25 | |
| 26 | Hearing Date: May 21, 2008 |
| 27 | Time:            10:00 a.m.<br>Place:           Courtroom One |

28

EXHIBIT B   PAGE 20

Case 2:04-cv-09049-DOC-RNB   Document 4925-3   Filed 02/27/09   Page 3 of 23   Page ID
#:156289
Case 2:04-cv-09049-SGL-RNB      Document 3684      Filed 05/15/2008      Page 2 of 22

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |    PLEASE TAKE NOTICE that on May 21, 2008, at 10:00 a.m., or as

3 | soon thereafter as the matter may be heard, before the Honorable Stephen G. Larson

4 | of the United States District Court for the Central District of California -- Eastern

5 | Division, located at 3470 Twelfth Street, Riverside, California 92501, Mattel, Inc.

6 | ("Mattel") will and hereby does move, pursuant to Federal Rule of Civil Procedure

7 | 72(a), for an order reversing the Discovery Master's May 6, 2008 Order and granting

8 | Mattel's Motion for Protective Order Limiting the Temporal Scope of its Privilege

9 | Log. Alternatively, the Court should order Bryant and MGA to log all privileged

10 | documents up to the date they filed their respective complaints against Mattel. The

11 | Court also should grant Mattel additional time to comply with the Order in the event

12 | that it does not overrule the Order, including by enlarging the time of compliance

13 | until after the Phase 1 trial.

14 |    This motion is made on the ground that the Discovery Master's May 6,

15 | 2008 Order Denying Mattel's Motion for Protective Order Limiting the Temporal

16 | Scope of its Privilege Log ("Motion"), was clearly erroneous and contrary to law.

17 | The denial of the Motion was clearly erroneous and contrary to law because the

18 | preparation and production of a document-by-document privilege log will impose an

19 | undue burden on Mattel. Further, there is no "material benefit" that will result from

20 | such a log. As a result, good cause exists to issue a protective order. While

21 | imposing such a burden on Mattel, the Discovery Master also, without explanation

22 | or justification, refused to apply the same rule to the defendants. Accordingly, the

23 | District Court should reverse the Discovery Master's May 6, 2008 order and grant

24 | Mattel's Motion.

EXHIBIT **B** PAGE **21**

1       This motion is based on this Notice of Motion and Motion, the attached

2 Memorandum of Points and Authorities, the concurrently filed Declaration of

3 Timothy L. Alger, the pleadings and record on file in this action, and any further

4 evidence and argument as may be presented to the Court on this motion or for which

5 judicial notice may be taken.

6

7 DATED: May 15, 2008      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9                        By

10                          Timothy L. Alger
                          Attorneys for Mattel, Inc.

EXHIBIT B PAGE 22

<u>**Certificate Of Compliance With Local Rule 37-1**</u>

      Mattel and MGA met and conferred regarding the Discovery Master's May 6, 2008 Order Denying Mattel's Motion for Protective Order on May 9, 2008 and thereafter, but were unable to reach agreement regarding the issues raised in this motion.

DATED:  May 15, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
Timothy L. Alger
Attorneys for Mattel, Inc.

EXHIBIT **B** PAGE **23**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

PRELIMINARY STATEMENT ..................................................................... 1

BACKGROUND ....................................................................................... 3

ARGUMENT............................................................................................ 6

I.   PRODUCTION OF A DETAILED PRIVILEGE LOG WOULD
     IMPOSE AN UNDUE BURDEN ON MATTEL............................................. 6

     A.   The Court Should Limit Logging Where It Serves Only To
          Burden The Parties And Does Not Provide A Material Benefit............. 6

     B.   The Discovery Master and MGA Acknowledge That A
          Document-by-Document Privilege Log Would Serve No Purpose........ 7

     C.   The Burden MGA Seeks to Impose is Undue Because It Would
          Require Substantial Time and Expense ...................................... 9

     D.   The Burden MGA Seeks to Impose is Undue -- As Well as
          Prejudicial -- Because it Would Reveal Mattel's Litigation
          Strategy .......................................................................... 12

II.  MATTEL NEVER AGREED TO LOG PRIVILEGED DOCUMENTS
     FROM THE PERIOD LEADING UP TO THE FILING OF ITS
     COMPLAINT......................................................................... 13

III. THE DISCOVERY MASTER'S DENIAL OF MATTEL'S MOTION
     FOR AN ORDER COMPELLING DEFENDANTS TO LOG
     DOCUMENTS LEADING UP TO THE FILING OF THEIR
     COMPLAINTS IS CLEARLY ERRONEOUS ............................................. 14

IV.  IF SUCH LOGGING IS ORDERED, IT SHOULD WAIT UNTIL
     AFTER THE PHASE 1 TRIAL .......................................................... 15

CONCLUSION......................................................................... 16

EXHIBIT **B** PAGE **24**

1

## TABLE OF AUTHORITIES

2
**Page(s)**

3
### Cases

4  Del Campo v. American Corrective Counseling Services,
   2007 WL 4287335 (N.D. Cal. Dec. 4, 2007) .......................................................... 6

5
6  In re Imperial Corp. of America,
   174 F.R.D. 475 (S.D. Cal. 1997)................................................................. 6, 8, 12

7  PostX Corp. v. Secure Data,
   2004 WL 2623234 ..................................................................................... 12, 13

8
9  SEC v. Nacchio,
   2007 WL 21966 (D. Colo. Jan. 25, 2007) ............................................................ 8

10 SEC v. Thrasher,
   1996 WL 125661 (S.D.N.Y. March 20, 1996).......................................... 6, 7, 8, 12

11
12 Sphere Drake Ins. Ltd. v. All American Life Ins. Co.,
   221 F. Supp. 2d 874 (N.D. Ill. 2002) ................................................................... 6

13 United States v. Gericare Medical Supply Inc.,
   2000 WL 33156442 (S.D. Ala. Dec. 11, 2000)................................................ 8, 12

14
15
### Statutes

16 California Civil Procedure Code § 128.7 .................................................................. 10

17 Federal Rules of Civil Procedure

18    Rule 11................................................................................................................ 10

19    Rule 26(c) ........................................................................................................ 6, 9

20    Rule 72(a) ............................................................................................................ 6

21
22
23
24
25
26
EXHIBIT B PAGE 25
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Mattel appeals an order by the Discovery Master which imposes on Mattel the undue and unjustified burden of preparing, on the eve of trial, a document-by-document privilege log for the time period leading up to the filing of the present action. The period in question is after Mattel learned of the claims alleged in its complaint filed in April 2004.

Mattel has provided and supplemented a privilege log over the past several years that did not (with some unique exceptions) include documents created during this period. Defendants were made aware of this practice during lengthy meet-and-confer discussions among counsel for the parties in the summer of 2006. Not only did defendants make no motion to compel or take any other action, but they did so for good reason: privileged documents from this period are irrelevant to defendants' case. There is no disagreement that Mattel became aware of its contract-based claims against Carter Bryant by November 24, 2003 and that Mattel then began preparing to file the state court complaint that commenced a portion of this litigation.

For over two years, defendants did not object to Mattel's logging practice. MGA and Bryant then belatedly challenged Mattel's log and demanded that all privileged documents created up to April 27, 2004, the date Mattel filed its complaint against Bryant, be included in Mattel's privilege log, apparently for the primary purpose of burdening and distracting Mattel just as the trial is about to start.

The logging of documents from November 24, 2003 to April 27, 2004 (the "Disputed Period") would be a costly and time-consuming exercise that provides no legitimate benefit. Rather, the logging demanded is being sought to give MGA two improper benefits – the disclosure of information about Mattel's

EXHIBIT **B** PAGE **24**

1 │ research and communications leading up to its complaint, and the interference with

2 │ Mattel's trial preparation.

3 │      Neither the Discovery Master or MGA have explained what purpose

4 │ would be served by a document-by-document privilege log from the period after

5 │ Mattel learned of the basis for its claims against Bryant up to the filing of its

6 │ complaint. The Discovery Master ignored this issue in his order denying Mattel's

7 │ Motion for Protective Order. For its part, MGA went so far as to argue that it is

8 │ irrelevant whether a detailed log would serve any purpose. Every case that has

9 │ addressed the issue, however, has found that the key consideration in determining

10 │ the scope of a privilege log is whether the log would provide a "material benefit" to

11 │ the party demanding it. Where, as here, there is no material benefit, there is no need

12 │ for a document-by-document log, and the Discovery Master's order requiring a log

13 │ for this period was contrary to law and clearly erroneous.

14 │      The Discovery Master also concluded that the creation of a detailed log

15 │ for the Disputed Period on the eve of trial would not impose an undue burden on

16 │ Mattel. A burden that would serve no purpose, however, is per se undue. On this

17 │ basis alone, the Court should reverse the Discovery Master's order. Moreover, the

18 │ nature of the task itself and the Declaration of Timothy L. Alger both established

19 │ that the burden MGA seeks to impose would be substantial and certainly would be

20 │ undue. The Disputed Period covers Mattel's counsel's work to initiate the present

21 │ action. The logging of all of these documents would be a substantial task which

22 │ would serve no purpose other than to harass and burden Mattel, reveal aspects of

23 │ Mattel's litigation strategy, and distract its counsel from trial preparations.

24 │      When opposing the Motion, MGA heavily relied on its assertion that

25 │ the parties were obligated by agreement to log privileged documents from the

26 │ Disputed Period, and it is likely to make that argument again. However, the

27 │ Discovery Master failed to find there existed any such agreement. Nor could he.

28 │

EXHIBIT B PAGE 27

1   There is no evidence that Mattel ever agreed to log documents from the Disputed

2   Period.

3                Accordingly, Mattel respectfully requests that the Court overrule the

4   Discovery Master's May 6, 2008 Order, and issue a protective order that Mattel need

5   not include in its privilege log documents protected by attorney-client privilege

6   and/or the attorney work product doctrine that were created on or after

7   November 24, 2003.  Alternatively, the Court should order Bryant and MGA to log

8   all privileged documents up to the date they filed their respective complaints against

9   Mattel.  While imposing such a burden on Mattel, the Discovery Master, without

10  explanation or justification, refused to apply the same rule to the defendants.  That

11  too was clearly erroneous and contrary to law.

12

13                                **Background**

14                In July and August 2006, counsel for the parties – including

15  O'Melveny & Myers on behalf of MGA and Littler Mendelson on behalf of Bryant –

16  met via teleconference to discuss a variety of discovery disputes related to MGA's

17  First Set of Document Requests to Mattel.[1]  During the meetings, counsel for Mattel

18  informed defendants that Mattel did not intend to log documents protected by

19  attorney-client privilege or the attorney work product doctrine that were created in

20  the period leading up to the filing of Mattel's suit against Carter Bryant.[2]  During

21  these discussions, Mattel's counsel also made clear that if MGA and Bryant took a

22  contrary position and Mattel was required to log all of its documents up to the filing

23  of Mattel's complaint, then Bryant and MGA would have to do the same for their

24

25

---

26   [1]   Exh. 3, Declaration of Michael T. Zeller ("Zeller Dec."), ¶ 2, to Notice of

27  Lodging.
        [2]   Id., ¶ 3.

28

EXHIBIT **B**   PAGE **20**

Case 2:04-cv-09049-DOC-RNB   Document 4925-3   Filed 02/27/09   Page 11 of 23   Page ID
#:156297
Case 2:04-cv-09049-SGL-RNB      Document 3684      Filed 05/15/2008      Page 10 of 22

1  privileged documents up to the time they filed their respective complaints.[3]  In light

2  of these discussions, Mattel prepared and repeatedly supplemented its privilege log,

3  and, except for some limited documents, did not log privileged documents created

4  after November 23, 2003.[4]

5         That is how things stood for well over a year.  During another meet and

6  confer on January 31, 2008, counsel for Mattel reminded counsel for MGA and

7  Bryant that it was not Mattel's practice to log all documents protected by the

8  attorney-client privilege or work product doctrine created on or after November 24,

9  2003.  In response, defendants, now represented by new counsel who had not

10  participated in the 2006 discussions, insisted for the first time that Mattel must log

11  all privileged documents created up to the day Mattel filed its complaint in

12  April 2004.[5]  Mattel informed defendants that any expansion of logging obligations

13  would have to be reciprocal – if Mattel was to log all privileged documents leading

14  up to the filing of its complaint, Bryant and MGA would have to do the same for the

15  time periods leading up to their respective complaints against Mattel.[6]  This meant

16  that Bryant would have to log documents leading up to the filing of his Complaint

17  for Declaratory Relief of Copyright Non-Infringement on November 2, 2004, and

18  the MGA parties would have to log documents leading up to the filing of the

19

20

_____

21  [3]  Id., ¶ 4.

    [4]  Exh. 2, Declaration of Timothy L. Alger ("Alger Dec."), ¶¶ 2-3, to the Notice
22  of Lodging.  Mattel's present privilege log includes entries for certain documents
    created between November 24, 2003 and April 27, 2004.  These entries relate to
23  circumstances unique to the pertinent document, including compliance with specific
    discovery orders or specific representations that Mattel would log certain
24  documents, such as when inadvertently produced documents were clawed back
25  pursuant to Section 13 of the Stipulated Protective Order.  By this Motion, Mattel
    does not seek an order relating to documents already entered on the privilege log.
26
    [5]  Id., ¶ 3.
27  [6]  Id., ¶ 4.

28

EXHIBIT 3  PAGE 29

1  Complaint for False Designation of Origin, Affiliation, Association or Sponsorship,

2  Unfair Competition, Dilution, and Unjust Enrichment on April 13, 2005.[7]

3        Further discussions about the temporal scope of the privilege log failed

4  to resolve the issue, causing Mattel to file its Motion for Protective Order with the

5  Discovery Master.[8]  After briefing was completed, but without a hearing, the

6  Discovery Master denied Mattel's Motion.[9]

7        After receiving the Discovery Master's order, counsel for Mattel

8  requested a meet-and-confer preliminary to filing this motion.  Mattel proposed that

9  the parties stipulate to a hearing on shortened notice and an accelerated briefing

10  schedule.  MGA declined to enter into such a stipulation unless Mattel agreed to

11  begin complying with the Discovery Master's order prior to a decision on the issue

12  by this Court.  Accordingly, Mattel has filed a regularly noticed motion objecting to

13  the Discovery Master's order.[10]

14

15

16

17

18

19

---

20    [7]  Id.

21    [8]  March 10, 2008 letter from Timothy L. Alger to Marcus Mumford and
Michael H. Page, Exh. A to the Alger Dec.; March 14, 2008 letter from Marcus

22  Mumford to Timothy L. Alger, Exh. B to the Alger Dec.; March 14, 2008 letter
from Timothy L. Alger to Matthew M. Werdegar, Exh. C to the Alger Dec.;

23  March 18, 2008 letter from Matthew Werdegar to Timothy L. Alger, Exh. D to the

24  Alger Dec. All exhibits attached to Exh. 2 to the Notice of Lodging.

25    [9]  Exh. A, Discovery Master's May 6, 2008 Order, to the Declaration of Timothy
L. Alger, dated May 15, 2005 ("Alger Dec. May 15, 2008").

26    [10]  Alger Dec., May 15, 2008, ¶¶ 2-3. During the meet-and-confer, counsel for

27  Mattel offered to prepare a categorical log, to avoid further motions on this issue.
Counsel for MGA rejected this proposition. Id.

28

EXHIBIT **B** PAGE **30**

1

2   I.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                         **Argument**

**PRODUCTION OF A DETAILED PRIVILEGE LOG WOULD
IMPOSE AN UNDUE BURDEN ON MATTEL**

        The Discovery Master's denial of the Motion for Protective Order must
be reversed, and a protective order entered, because the Discovery Master's May 6,
2008 Order was clearly erroneous and contrary to law. Fed. R. Civ. P. 72(a). Here,
the Discovery Master's denial of Mattel's Motion was clearly erroneous and contrary
to law because -- as even the Discovery Master recognized -- a detailed privilege log
would serve no purpose. Further, the task would impose undue burden on Mattel.

    A.    **The Court Should Limit Logging Where It Serves Only To Burden
The Parties And Does Not Provide A Material Benefit**

        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a
protective order limiting discovery should be granted when necessary to protect a
party from "annoyance, embarrassment, oppression or undue burden." Courts have
recognized that protective orders should issue to set reasonable limits on the scope
of privilege logs. See, e.g., Del Campo v. American Corrective Counseling
Services, 2007 WL 4287335, *4 (N.D. Cal. Dec. 4, 2007) (granting protective order
because it would be "an unfair and undue burden to force [a party] to create a
privilege log containing every letter between attorney and client"); Sphere Drake
Ins. Ltd. v. All American Life Ins. Co., 221 F. Supp. 2d 874, 886 (N.D. Ill. 2002)
(excluding "documents that were authored by litigation counsel" from privilege log);
In re Imperial Corp. of America, 174 F.R.D. 475, 478 (S.D. Cal. 1997) (granting
protective order against detailed logging of privileged documents created before and
during litigation); SEC v. Thrasher, 1996 WL 125661 (S.D.N.Y. March 20, 1996)
(granting protective order holding that party did not have to prepare detailed,
document-by-document privilege log).

                                          EXHIBIT __B__ PAGE **31**

1      The court in <u>Thrasher</u> explained why a judge should exercise control

2    over logging where the burden is substantial and there is little or no benefit to the

3    litigation:

4           [T]he court may permit the holder of withheld documents

5           to provide summaries of the documents by category or

6           otherwise to limit the extent of his disclosure.  This would

7           certainly be the case if (a) a document-by-document listing

8           would be unduly burdensome and (b) the additional

9           information to be gleaned from a more detailed log would

10          be of not material benefit to the discovering party in

11          assessing whether the privilege claim is well grounded.

12   <u>Thrasher</u>, 1996 WL 125661, *1.

13   **B.      <u>The Discovery Master and MGA Acknowledge That A Document-</u>**

14           **<u>by-Document Privilege Log Would Serve No Purpose</u>**

15          The Discovery Master concluded that Mattel failed to prove that failure

16   to issue a protective order would impose an undue burden.  (Order, at 4.)  Nowhere

17   does he state what purpose a document-by-document privilege log for the Disputed

18   Period would serve.  Nowhere in a 30-page opposition, three supporting

19   declarations, evidentiary objections, and over 150 pages of exhibits did MGA

20   explain either what purpose a document-by-document privilege log for the Disputed

21   Period would serve.[11]  Indeed, in a footnote MGA merely contended that it is

22   <u>irrelevant</u> whether it has any justification for demanding such a log.

23

24   [11] MGA attempted to submit a belated and improper sur-reply letter brief and yet
25   another declaration opposing Mattel's Motion, but Judge Infante has not considered
     them.  (Exh. A, Order, at 2 (referencing only MGA's reply).)  Thus, they are not
26   properly before the Court.  Should the Court decide to consider these materials,
27   Mattel reserves the right to submit its letter responding to the late-submitted
     materials.

28                                                          EXHIBIT **B**   PAGE **32**

1    The Discovery Master acknowledged in his order that privilege logs are
2  not required by the <u>Federal Rules</u>. (Order at 3.)  He nevertheless imposed on Mattel
3  -- without any authority for the proposition -- the burden of establishing good cause
4  for relief from logging. (Order at 3-4.)  Mattel submits that this is backwards --
5  MGA should have (but failed to) establish good cause <u>for</u> a log for the Disputed
6  Period.

7    The key consideration in cases addressing the scope of privilege logs is
8  whether a document-by-document log would provide a "material benefit" to the
9  party demanding it.  <u>See</u> <u>United States v. Gericare Medical Supply Inc.</u>, 2000 WL
10  33156442, at * 4 (S.D. Ala. Dec. 11, 2000) (limiting scope of privilege log because
11  document-by-document log would provide no "material benefit" on party); <u>In re</u>
12  <u>Imperial Corp. of America</u>, 174 F.R.D. at 478 (focusing on whether detailed
13  privilege log would provide "material benefit" to party); <u>Thrasher</u>, 1996 WL
14  125661, at * 1.  The demanding party cannot simply assert that the log would be of
15  "material benefit," but must make a "particularized showing of need." <u>SEC v.</u>
16  <u>Nacchio</u>, 2007 WL 21966, at *11 (D. Colo. Jan. 25, 2007) (granting protective order
17  because opposing party failed to make a "particularized showing of need" for
18  detailed log).  Nevertheless, the Discovery Master failed to find that a detailed
19  privilege log would serve any purpose, much less that it would bestow a material
20  benefit on MGA.

21    The Discovery Master's failure to find any material benefit is not
22  surprising.  MGA did not explain, much less prove, that a log for the Disputed
23  Period would be relevant to any aspect of this case.  This is the very definition of
24  undue burden and standing alone is a sufficient reason to reverse the Discovery
25  Master's Order.  Fact discovery closed more than two months ago.  The trial is about
26  one week away.  The parties should be focusing on pre-trial preparations, not
27  pointless, time consuming tasks of no benefit.
28

EXHIBIT __B__ PAGE __33__

1        MGA conceded by its silence that a detailed privilege log would serve

2 no purpose and that is why it invested its time in opposing the motion in arguing

3 there was an agreement among the parties. The Discovery Master was likewise

4 unable to articulate any proper purpose for such a log. The only possible purpose a

5 detailed privilege log might serve is if it were relevant to MGA's statute of

6 limitations arguments. But the parties and the Court agree that Mattel was on notice

7 of its claims by November 24, 2003.[12] As a result, no statute of limitation issue

8 remains for the Disputed Period. Notably, MGA does not contest the irrelevance of

9 such a log to its statute of limitations defense. Thus, a document-by-document

10 privilege log for the period from November 24, 2003 to April 27, 2004 would serve

11 no purpose and provide no material benefit to MGA.

12     **C.**     **The Burden MGA Seeks to Impose is Undue Because It Would**

13               **Require Substantial Time and Expense**

14        The Discovery Master concluded that Mattel had failed to show

15 sufficient burden because its supporting declaration did not specify how many

16 documents were at issue and what the time and costs would be to prepare the

17 privilege log. The failure of the Discovery Master to recognize that the logging of

18 detailed documents would impose a significant burden ignores the nature of the task

19 a log would impose on Mattel. In the first instance, the issue of burden is not

20 evaluated in a vacuum. The issue is not the exact level of burden, but whether it is

21 undue in light of the benefit that will be obtained. See Fed. R. Civ. P.

22 26(c) (protective order should be granted to prevent "undue burden" (emphasis

23 added)). Here, because the preparation of a detailed privilege log would bestow no

24 benefit whatsoever, it is clearly undue. Not even MGA argues that there is no

25 burden involved.

26

27        [12]   Exh. 1, at 7:4-12, Motion for Protective Order, to the Notice of Lodging.

28                                        EXHIBIT **B** PAGE **34**

1      Further, the Discovery Master's apparent expectation that Mattel

2   quantify the task effectively would force Mattel to undertake the very burden that its

3   motion was seeking to obviate.  It is self-evident that preparation by a large, publicly

4   held corporation to file a lawsuit such as this one would involve a great many

5   documents that will take hundreds of hours to collect and log.

6      Further, although MGA tried to downplay the burden of logging the

7   disputed period by dismissing it as a "short five-month period," those five months

8   are the period from the date on which Mattel learned that it may have claims against

9   Bryant up to the filing of Mattel's complaint.  Once Mattel discovered on

10   November 24, 2003 that Bryant worked with MGA while employed by Mattel,

11   litigation became likely.  Fulfilling its obligation to conduct a "reasonable inquiry"

12   prior to filing a complaint, Mattel's Law Department worked with outside counsel to

13   investigate and prepare for the filing of its complaint in California state court.  See

14   Cal. Civ. Proc. Code § 128.7 (requiring "inquiry reasonable under the circumstance"

15   prior to filing complaint); Fed. R. Civ. P. 11 (same).  As a result, Mattel's in-house

16   and outside lawyers generated a substantial quantity of privileged materials from

17   November 24, 2003 until the filing of Mattel's complaint on April 27, 2004.[13]

18      This period spans Mattel's counsel's investigation into the basis of

19   Mattel's potential claims, the legal analysis of the facts and claims, consultation with

20   potential witnesses and experts, and the preparation of the complaint itself.

21   Obviously, this was a busy time and resulted in the generation of a substantial

22   quantity of material, including investigative materials, the exchange of letters and

23   memos between Mattel and its lawyers, and the preparation and exchange of drafts

24   of the complaint and comments on the drafts.  Notably, the Discovery Master's order

25   apparently requires the logging of not only material in Mattel's legal files, but

26   communication with Mattel's outside litigation counsel.  Such documents are

27

28

---

[13]   Exh. 2, Alger Dec., ¶ 5, to the Notice of Lodging.

EXHIBIT __B__ PAGE __35__

07209/2505840.1

-10-

CASE NO. CV 04-9049 SGL (RNBx)

MATTEL'S MOTION OBJECTING TO MAY 6, 2008 ORDER

1 || especially sensitive and itemizing them on a privilege log will give defendants a

2 || roadmap to Mattel's research and the manner in which it prepared its case, and

3 || potentially the identities of people Mattel interviewed and with whom Mattel

4 || consulted.

5 ||          Furthermore, the Discovery Master's dismissal of Mattel's evidence of

6 || burden was misplaced. In addition to being evident from the nature of the task, the

7 || severity of the burden MGA seeks to impose is established by the Alger Declaration.

8 || Mr. Alger has supervised Mattel's production efforts and the preparation of the

9 || Mattel's privilege log in this matter. He is well-placed to evaluate the burden the

10 || logging of all privileged documents created in the months leading up to the filing of

11 || Mattel's complaint. Mr. Alger's assessment that the task would require substantial

12 || attorney time and disrupt trial preparations is uncontested.[14] Moreover, because a

13 || large part of the burden of preparing a detailed privilege log is locating and

14 || evaluating potentially relevant documents, to prepare the kind of declaration the

15 || Discovery Master apparently demands would be self-defeating. A party would have

16 || to incur a large measure of the undue burden in order to protect itself from the undue

17 || burden.

18 ||          Finally, the preparation of a document-by-document privilege log for

19 || the Disputed Period is especially burdensome in that it would be imposed on the

20 || very eve of trial. Neither the Discovery Master or MGA dispute that proximity to

21 || trial exacerbates the burden on Mattel. Rather, the Discovery Master in a footnote

22 || justifies imposing this burden on the eve of trial because he believes Mattel should

23 || have moved for a protective order earlier. (Order, at 4 n. 1). But the delay was

24 || entirely of MGA's and Bryant's making. Mattel had made clear its position over two

25 ||  ――――――――――――
     [14] Id., ¶ 5. Indeed, the unspoken reason why defendants do not want to log up to
26 || the filing of their complaint is probably the same as that of Mattel -- it is a huge,
     complicated, time-consuming, and costly project that will tell the other side what
27 || defendants did before filing suit.

28 ||

EXHIBIT 3   PAGE 36

1 │ years ago and told them it was not logging the Disputed Period. It was MGA and

2 │ Bryant who then slept on their purported rights and waited until trial approached to

3 │ insist on a log for the Disputed Period. Furthermore, the Discovery Master's finding

4 │ itself conceded the substantial burden proximity to trial raises but -- despite failing

5 │ to find that the burden would serve any purpose -- ordered its production anyway.

6 │ This was clearly erroneous and contrary to law.

7 │     **D.**     <u>**The Burden MGA Seeks to Impose is Undue -- As Well as**</u>

8 │            <u>**Prejudicial -- Because it Would Reveal Mattel's Litigation Strategy**</u>

9 │     The Discovery Master dismissed Mattel's concern that production of a

10 │ document-by-document log would reveal Mattel's litigation strategy as not being "a

11 │ sufficient reason to excuse Mattel from producing a [document-by-document]

12 │ privilege log." (Order, at 5.) He also concluded that Mattel's concerns are

13 │ "hypothetical." Cases addressing this very issue, however, have found that the

14 │ preparation of a document-by-document privilege log carries with it the very <u>real</u>

15 │ threat of revealing litigation strategy and that it is indeed sufficient reason to limit

16 │ the scope of a log. <u>See, e.g.</u>, <u>Gericare</u>, 2000 WL 33156442 (detailed privilege log

17 │ "would have revealed the identity of each person interviewed, information that itself

18 │ would reveal plaintiffs' strategy and mental processes"); <u>Imperial</u>, 174 F.R.D. at 478

19 │ (granting protective order in part because "disclosure of the pattern of their counsel's

20 │ consultants and communications might reveal aspects of their litigation strategy");

21 │ <u>Thrasher</u>, 1996 WL 125661, *1 (granting protective order because "disclosure of the

22 │ pattern of [] attorney's consultations with other counsel might reveal some aspects of

23 │ his litigation strategy"). Indeed, even in the one case offered by MGA on this issue

24 │ -- <u>PostX Corp. v. Secure Data</u> -- the court found that the revelation of litigation

25 │

26 │

27 │

28 │

EXHIBIT **B** PAGE **37**

-12-

Case 2:04-cv-09049-DOC-RNB   Document 4925-3   Filed 02/27/09   Page 20 of 23   Page ID
#:156306
Case 2:04-cv-09049-SGL-RNB      Document 3684      Filed 05/15/2008      Page 19 of 22

1   strategy is a legitimates factor weighing against production of a document-by-
2   document privilege log. 2004 WL 2623234, at *1.[15]

3         It is difficult to imagine a more crucial and intrusive period of time to
4   log. As discussed above, the Disputed Period covers the time from when Mattel
5   discovered the likely basis for its claims up to the filing of its complaint. MGA
6   seeks the disclosure of Mattel's sources of information and what it did to build its
7   case against defendants. A document-by-document privilege log for the time
8   leading up to the filing of the complaint necessarily would provide Defendants with
9   a detailed chronology of the actions of Mattel's lawyers and disclose their numerous
10  communications with Mattel management and the identities of Mattel personnel
11  who were contacted as counsel and the client prepared for litigation. A log may
12  disclose the identity and specialty of experts and attorneys consulted, the identity of
13  any investigators retained, the number of drafts of the complaint circulated and their
14  recipients, and the time and nature of legal and factual research conducted prior to
15  filing.

16

17  **II.    MATTEL NEVER AGREED TO LOG PRIVILEGED DOCUMENTS**
18  **         FROM THE PERIOD LEADING UP TO THE FILING OF ITS**
19  **         COMPLAINT**

20         In opposition to Mattel's Motion for Protective Order, MGA claimed
21  that Mattel agreed to log all privileged documents created prior to April 27, 2004,
22  but offered no evidence supporting its claim. Notably, the Discovery Master failed
23  to find that the parties agreed to any such practice. That was for good reason. The
24  evidence presented to the Discovery Master by MGA merely addressed an

25  ―――――――――――――――――
    [15]  The reason the court in PostX nevertheless ordered the production of a
26  detailed privilege log was because it found that the log was highly relevant to the
27  moving party's claims and would provide the moving party a material benefit, which
    is indisputably not the case here.
28

EXHIBIT **B** PAGE **38**

1 agreement that Mattel need not log documents created <u>after</u> Mattel filed its
2 complaint.  Mattel does not dispute that agreement.  Indeed, Mattel stated in its
3 Motion that "[t]he parties have already agreed that privileged documents created
4 after April 27, 2004 . . . need not be placed on their respective logs."[16]  However,
5 Mattel never agreed to log all privileged documents created in the period leading up
6 to the filing of its complaint.  The periods are distinct, and the discussions of
7 counsel regarding past-suit logging are irrelevant.  They do not provide any basis for
8 ordering logging between November 2003 and April 2004.

9

10 **III.   THE DISCOVERY MASTER'S DENIAL OF MATTEL'S MOTION**
11 **FOR AN ORDER COMPELLING DEFENDANTS TO LOG**
12 **DOCUMENTS LEADING UP TO THE FILING OF THEIR**
13 **COMPLAINTS IS CLEARLY ERRONEOUS**

14 Without any explanation, the Discovery Maser denied Mattel's request
15 that if Mattel is ordered to log documents leading up to the filing of its complaint
16 defendants should be required to shoulder the same burden.  If Mattel is required to
17 log documents leading up to the filing of its complaint in April 2004, Bryant should
18 be required to log all allegedly privileged documents up to the filing of his
19 complaint against Mattel in November 2004, and MGA should be required to log all
20 allegedly privileged documents up to the filing of its complaint against Mattel in
21 April 2005.  There is no principled basis for requiring Mattel to do what defendants
22 need not do and have refused to do.  In consolidating the three actions, the Court did
23 not relieve defendants of discovery obligations they would have had if the actions
24 had remained separate.

25 Indeed, MGA does not even argue that such logging by defendants
26 until the filing of the defendants' complaints would be burdensome.  If defendants

27 _____
[16]  Exh. 1, at 6:8-10, Motion for Protective Order, to Notice of Lodging.
28

Case 2:04-cv-09049-DOC-RNB   Document 4925-3   Filed 02/27/09   Page 22 of 23   Page ID
#:156308
Case 2:04-cv-09049-SGL-RNB   Document 3684   Filed 05/15/2008   Page 21 of 22

1   do not consider the logging of documents up until the filing of their complaints to be

2   an undue burden or an interference in their trial preparations, they should readily

3   agree to the same logging standards as they seek to impose on Mattel.  What is good

4   for the gander is good for the goose here, and the Discovery Master's unexplained

5   refusal to apply the same principles equally to defendants was clearly erroneous and

6   contrary to law.  Thus, in the event that the Court denies Mattel's request to overrule

7   the Discovery Master's order requiring Mattel to log up until the filing of its

8   complaint, then the Court should order defendants to log up until the filings of their

9   respective complaints.

10

11   **IV.   IF SUCH LOGGING IS ORDERED, IT SHOULD WAIT UNTIL**

12   **AFTER THE PHASE 1 TRIAL**

13            The Court should grant Mattel additional time to comply with the Order

14   in the event that it does not overrule the Order, including by enlarging the time of

15   compliance until after Phase 1 trial.

16            As discussed above, the preparation of a document-by-document

17   privilege log for the Disputed Period is especially burdensome in that it would be

18   imposed on the very eve of trial.  The Discovery Master even suggests in a footnote

19   that the burden is appropriate because it is punitive. (Order, at 4 n.1).  Collecting,

20   reviewing, and logging a great many documents as trial is starting will consume

21   hundreds of hours of precious time of in-house and outside counsel for Mattel.  Just

22   as there is no justification for such logging, the creation of a log for the Disputed

23   Period is not so time-sensitive that it need be accomplished at this particular time.

24   Mattel requests that preparation of a log for the Disputed Period, if ordered, be

25   delayed until after the conclusion of the Phase 1 trial.

26

27                                              EXHIBIT **B** PAGE **40**

28

1

### Conclusion

2          For the foregoing reasons, the Court should reverse the decision of the

3   Discovery Master and grant Mattel's Motion for Protective Order Limiting the

4   Temporal Scope of its Privilege Log.

5

6   DATED:  May 15, 2008          QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
7

8                                 By _____
9                                    Timothy L. Alger
                                     Attorneys for Mattel, Inc.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                        EXHIBIT **3**  PAGE **41**

28

07209/2505840.1                    -16-         CASE NO. CV 04-9049 SGL (RNBx)
                                   MATTEL'S MOTION OBJECTING TO MAY 6, 2008 ORDER