# EXHIBIT C

```
FILED
CLERK, U.S. DISTRICT COURT

MAY 27 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION        BY DEPUTY
```

1  THOMAS J. NOLAN (Bar No. 66992)
   (tnolan@skadden.com)
2  JASON D. RUSSELL (Bar No. 169219)
   (jrussell@skadden.com)
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
4  Los Angeles, CA 90071
   Tel.: (213) 687-5000/Fax: (213) 687-5600
5
   RAOUL D. KENNEDY (Bar No. 40892)
6  (rkennedy@skadden.com)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
7  4 Embarcadero Center, Suite 3800
   San Francisco, CA 94111-5974
8  Tel.: (415) 984-2698 / Fax: (415) 984-2626
9  Attorneys for MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
   MGAE de Mexico, S.R.L. DE C.V., and Isaac Larian

10              UNITED STATED DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                   EASTERN DIVISION

13  CARTER BRYANT, an individual,          )   CASE NO. CV 04-9049 SGL (RNBx)
                                           )
14                 Plaintiff,              )   Consolidated with Case No. 04-9059
                                           )   and Case No. 05-2727
15           v.                            )
                                           )   Honorable Stephen G. Larson
16  MATTEL, INC., a Delaware               )
    corporation,                           )   [PROPOSED] ORDER
17                                         )   REGARDING VARIOUS
                   Defendant.              )   DISCOVERY MOTIONS,
18                                         )   APPLICATIONS AND OTHER
                                           )   MATTERS UPON WHICH THE
19  AND CONSOLIDATED ACTIONS              )   COURT RULED ON MAY 21-23,
                                           )   2008
20                                         )
21
22
23
24
25
26
27                                         EXHIBIT __C__ PAGE 42
28  07209/2517930.1
   ─────────────────────────────────────────────────────────
      [Proposed] Order Regarding Certain Motions Heard on May 21-23, 2008
                    Case No. CV 04-9049 SGL (RNBx)

## ORDER

Pursuant to the Court's request dated May 24, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, MGAE de Mexico, S.R.L. de C.V. (collectively, the "MGA Parties") and Mattel, Inc. ("Mattel") submitted this Joint Proposed Order regarding the Court's rulings on the various discovery motions, applications and other matters heard by the Court on May 21-23, 2008, the Honorable Stephen G. Larson presiding. After consideration of the Motions, Applications and other matters, all papers filed in support thereof and in opposition thereto, as well as the argument of counsel and the other pleadings and papers on file in this action, and good cause appearing, IT IS HEREBY ORDERED that:

1.      Mattel Inc.'s Motion Objecting to Discovery Master's May 8, 2008 Order Denying Mattel's Motion for Reconsideration of February 26, 2008 Order Denying Motion to Compel Deposition of Christopher Palmeri, heard by this Court on May 21, 2008 (Docket No. 3605).

~~MGA's Proposed Order:   Mattel's motion is DENIED.   The Court will consider the admissibility of Christopher Palmeri's July 23, 2003 *Business Week* article, "To Really Be a Player, Mattel Needs Hotter Toys," during trial.   The MGA defendants waive objections to the admissibility of the article based on Mr. Palmeri's absence.~~

~~Mattel's Proposed Order:~~ Mattel's motion is DENIED.   The MGA defendants waive objections to the admissibility of Christopher Palmeri's July 23, 2003 *Business Week* article, "To Really Be a Player, Mattel Needs Hotter Toys," other than an objection that the article is cumulative, including but not limited to objections of lack of foundation, authenticity and hearsay.

2.      On May 22, 2008, the Court issued its ruling on the global unsealing of the record as follows: on May 27, 2008, the parties will file a list of all documents which they agree should remain under seal.   The Court will rule on any disputes regarding

EXHIBIT _C_ PAGE _43_

whether certain documents should remain under seal on May 27, 2008. On or before May 28, 2008 the Parties must file public redacted versions of all exhibits that must remain under seal, if they have not already done so, and the Court will unseal the record.

3.    Mattel, Inc.'s Ex Parte Application to Strike Portions of the Expert Reports of Dr. Albert Lyter and Mr. Robert Kullman, heard by this Court on May 22, 2008 (Docket No. 3674). The Court DEFERS RULING on Mattel's Application. Mattel may raise the objections set forth in the Application in a *Daubert* hearing conducted outside the presence of the jury before Dr. Lyter or Mr. Kullman being called as witnesses. The Court grants leave to Mattel to prosecute its motion as an additional motion in limine.

4.    Mattel, Inc.'s Motion Objecting to the Discovery Master's May 6, 2008 Order Denying Mattel, Inc.'s Motion for Protective Order Limiting the Temporal Scope of Its Privilege Log (Docket No. 3684), heard by this Court on May 22, 2008, is DENIED. Mattel has 14 days from May 22, 2008 to complete its privilege log.

5.    Amy Myers' *pro per* request to quash the Trial Subpoena of Amy Myers issued by Mattel, heard by this Court on May 23, 2008, is GRANTED. Both sides have stipulated to utilize her videotaped deposition in lieu of a live appearance at trial, which stipulation the Court has approved.

6.    MGA Entertainment, Inc.'s Request to be provided a copy of the Settlement Agreement between Mattel, Inc. and Carter Bryant is DENIED without prejudice. The Court granted the MGA Parties leave to file a motion for determination of the good faith of the settlement between Mattel and Bryant.

SO ORDERED:

Dated: **5 - 27 - 08**

_____
The Honorable Stephen G. Larson

EXHIBIT ___C___ PAGE __44__

07209/2517930.1

2

[Proposed] Order Regarding Certain Motions Heard on May 21-23, 2008
Case No. CV 04-9049 SGL (RNBx)

508601.02-Los Angeles Server 1A - MSW

Case 2:04-cv-09049-DOC-RNB   Document 4925-4   Filed 02/27/09   Page 5 of 15   Page ID
#:156314
Case 2:04-cv-09049-SGL-RNB      Document 3887      Filed 05/27/2008      Page 4 of 14

Trial - AM Session: Motions in Limine  5/21/08  11:48:00 AM

1               UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                   EASTERN DIVISION

4                      - - -

5       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                      - - -

7    MATTEL, INC.,              )
                                )
8              PLAINTIFF,  )
                                )
9       VS.            ) NO. CV 04-09049
                                )
10   MGA ENTERTAINMENT, INC., ET. AL., )
                                )
11             DEFENDANTS.  )
     _____) MORNING SESSION

12   AND CONSOLIDATED ACTIONS,      )
                        )

13

14

15        REPORTER'S TRANSCRIPT OF PROCEEDINGS

16             RIVERSIDE, CALIFORNIA

17           WEDNESDAY, MAY 21, 2008

18              12:45 P.M.

19

20

21

22

23        THERESA A. LANZA, RPR, CSR
          FEDERAL OFFICIAL COURT REPORTER

24        3470 12TH STREET, RM. 134
          RIVERSIDE, CALIFORNIA 92501

25            951-274-0844
             WWW.THERESALANZA.COM

Mattel v. MGA II                    Unsigned                    Page 1

EXHIBIT _____ C _____ PAGE 45

Trial - AM Session: Motions in Limine  5/21/08  11:48:00 AM

```
1    APPEARANCES:
2
     ON BEHALF OF MATTEL, INC.:
3
              QUINN EMANUEL
4             BY:  JOHN QUINN
              BY:  JON COREY
5             BY:  MICHAEL T. ZELLER
              BY:  HARRY OLIVAR
6             BY:  TIMOTHY ALGER
              865 S. FIGUEROA STREET,
7             10TH FLOOR
              LOS ANGELES, CALIFORNIA  90017
8             213-624-7707
9
              STROOCK & STROOCK & LAVAN LLP
10            BY:  MICHAEL J. NIBORSKI
              2029 CENTURY PARK EAST
11            LOS ANGELES, CA  90067-3086
              310-556-5800
12
13
     ON BEHALF OF MGA ENTERTAINMENT:
14
              SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
15            BY:  THOMAS J. NOLAN
              BY:  JASON RUSSELL
16            300 SOUTH GRAND AVENUE
              LOS ANGELES, CALIFORNIA  90071-3144
17            213-687-5000
18
     ON BEHALF OF 3RD PARTY CHRIS PALMERI:
19
              DAVIS, WRIGHT, TREMAINE LLP
20            BY:  ALONZO WICKERS IV
              865 SOUTH FIGUEROA STREET,
21            SUITE 2400
              LOS ANGELES, CALIFORNIA  90017-2566
22            213-633-6865
23
24
25
```

Mattel v. MGA II                          Unsigned                          Page 2

EXHIBIT  C  PAGE  46

Trial - AM Session: Motions in Limine  5/21/08  11:48:00 AM

1                    I N D E X

2                              PAGE

3      MOTIONS IN LIMINE.............................      4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25


EXHIBIT ____C____ PAGE ____47____

Trial - AM Session: Motions in Limine  5/21/08  11:48:00 AM

1   CIRCUMSTANCES WHERE A CIVIL LITIGANT SOUGHT TO COMPEL A

2   REPORTER TO TESTIFY ABOUT, TO VERIFY, OR TO AUTHENTICATE A

3   QUOTE. AND WE WOULD SUBMIT THAT THIS IS NOT A PUBLISHED QUOTE.

4   IT WAS NOT IN QUOTATIONS, AS THE COURT DISCUSSED AT OUR

5   PREVIOUS HEARING BACK IN APRIL.

6       BUT EVEN IN CASES WHERE IT'S INDISPUTABLY A QUOTE, IN

7   THOSE CASES, THE COURTS HAVE SAID THAT STILL GOES TO THE CORE

8   CONSTITUTIONAL ISSUES AND STILL IMPLICATES THE REPORTER'S

9   PRIVILEGE. AND THE SAME IS TRUE IN THIS CASE.

10      THE COURT: THANK YOU, COUNSEL.

11      MR. WICKERS: THANK YOU, YOUR HONOR.

12      THE COURT: ANYTHING FURTHER, MR. NIBORSKI?

13      MR. NIBORSKI: YES.

14      THE REASON WE'RE HERE IS BECAUSE WE NEED A PARTICULAR

15  PIECE OF EVIDENCE. AND I DON'T WANT ANYBODY TO CLOUD THE FACT

16  THAT EVIDENCE DOES NOT EXIST; THAT AN INFERENCE THAT MAY OR MAY

17  NOT BE DRAWN BY THE JURY FROM STATEMENTS THAT MR. LARIAN MADE

18  IN HIS DEPOSITION IS A FAR CRY FROM AN UNBIASED WITNESS SAYING,

19  'THIS IS EXACTLY WHAT MR. LARIAN TOLD ME.'

20      KEEP IN MIND ALSO, YOUR HONOR, THAT THEY'VE MOVED TO

21  EXCLUDE THE BUSINESSWEEK ARTICLE, SO AS WE STAND HERE TODAY, WE

22  DON'T KNOW EXACTLY WHAT'S GOING TO BE ADMITTED IN THIS TRIAL

23  AND WHAT'S NOT. SO I JUST WANT YOUR HONOR TO KEEP THAT IN

24  MIND; THAT THIS IS NOT A PIECE OF EVIDENCE THAT WE ALREADY

25  HAVE. WE'RE TRYING TO CORROBORATE THAT. WE'RE TRYING TO

EXHIBIT ___C___ PAGE 48

Case 2:04-cv-09049-DOC-RNB   Document 4925-4   Filed 02/27/09   Page 9 of 15   Page ID
#:156318
Case 2:04-cv-09049-SGL-RNB      Document 3887      Filed 05/27/2008      Page 8 of 14

Trial - AM Session: Motions in Limine  5/21/08  11:48:00 AM

1     CORROBORATE OUR CLAIM.  AND RIGHT NOW, WE HAVE AN INFERENCE OF

2     AN AMBIGUOUS STATEMENT IN A DEPOSITION FROM A PARTY.  NOT

3     SOMETHING THAT WE CAN TRULY POINT TO THE JURY AND SAY, 'THIS IS

4     AN UNEQUIVOCAL STATEMENT.  THIS PROVES OUR CASE.'

5          THE COURT:  YOU RAISE AN INTERESTING POINT.

6          LET ME HEAR FROM MR. NOLAN ON THAT MOTION TO EXCLUDE

7     THAT EVIDENCE.

8          MR. NOLAN:  YOUR HONOR, THE PARTIES HAVE NOT YET MET

9     AND CONFERRED ON ALL OF THE EXHIBITS; EITHER THERE'S BEEN AN

10    OBJECTION --

11         THE COURT:  BECAUSE THERE'S NO MOTION IN LIMINE

12    GOVERNING THIS PARTICULAR PIECE OF EVIDENCE.

13         MR. NOLAN:  NO.

14         THE COURT:  I'M PRETTY FAMILIAR AT THIS POINT WITH

15    THE MOTIONS IN LIMINE.

16         MR. NOLAN:  I THOUGHT I WAS TOO.

17         THE COURT:  AND I TRUST, MR. QUINN, YOU'VE BRUSHED UP

18    ON THEM SINCE YESTERDAY AFTERNOON.

19         MR. QUINN:  WE OVERLOOKED THIS ONE, YOUR HONOR, OR

20    SOMEBODY DID.

21         THE COURT:  VERY GOOD.  OKAY.

22         BUT REGARDING THIS PIECE OF EVIDENCE --

23         MR. NOLAN:  NO, YOUR HONOR.  I THINK THAT LAST

24    REFERENCE WAS SIMPLY TO AN EVIDENTIARY OBJECTION THAT WAS

25    ASSERTED IN THE MEET AND CONFER.

EXHIBIT  _C_ PAGE  49

Case 2:04-cv-09049-DOC-RNB  Document 4925-4  Filed 02/27/09  Page 10 of 15  Page ID
#:156319
Case 2:04-cv-09049-SGL-RNB     Document 3887     Filed 05/27/2008     Page 9 of 14

Trial - AM Session: Motions in Limine 5/21/08 11:48:00 AM

1    THE COURT: FAIR ENOUGH.

2    MR. NOLAN: MAY I, JUST FOR A MOMENT --

3    THE COURT: YOU MAY.

4    MR. NOLAN: I SUPPOSE WE DON'T HAVE A DOG IN THE

5    FIGHT, ALTHOUGH WE HAVE THE ACTUAL DOG IN THE FIGHT IN THE

6    SENSE OF THIS --

7    THE COURT: WELL, LET ME EXPLAIN WHY I'M ASKING YOU,

8    BECAUSE THIS WOULD PLAY IN. I MEAN, IF YOU'RE TAKING THE

9    POSITION THAT FOR SOME REASON THE ONLY WAY THAT THE EVIDENCE

10   COULD COME IN -- I'M ASSUMING, I GUESS, IN THIS ARGUMENT THAT

11   WHAT IS OUT THERE WOULD COME IN AND THE JURY COULD TAKE IT FOR

12   WHAT IT'S WORTH AND IT DOESN'T HAVE THE SAME EVIDENTIARY VALUE,

13   AS MR. NIBORSKI IS SAYING, OF ACTUALLY HAVING THE REPORTER IN

14   HERE. BUT IF YOUR POSITION IS THAT BECAUSE WE DON'T HAVE

15   MR. PALMERI'S DEPOSITION, OR WE DON'T HAVE THE FOUNDATION

16   BECAUSE WE DON'T HAVE THE AUTHENTICITY, BECAUSE WE HAVE THESE

17   OTHER PIECES OF EVIDENCE THAT MAY RAISE AN ISSUE AS TO WHETHER

18   OR NOT IT'S AUTHENTIC, THAT IT SHOULD BE EXCLUDED, IGNORING THE

19   WHOLE CALCULUS OF THE NEED FOR MR. PALMERI'S DEPOSITION.

20   I WANT TO GET YOUR POSITION ON THE RECORD ON THIS

21   CLEAR.

22   MR. NOLAN: ON THE RECORD, I AM STATING THAT IS NOT

23   THE BASIS OF ANY OBJECTION THAT WE WOULD MAKE TO THAT

24   PARTICULAR BUSINESSWEEK ARTICLE.

25   THE COURT: WHAT WOULD THE BASIS BE?


EXHIBIT ___C___ PAGE __50__

Trial - AM Session: Motions in Limine 5/21/08 11:48:00 AM

1    MR. NOLAN: THERE MAY BE A CUMULATIVE OBJECTION,

2    WHICH, OF COURSE, IS WHAT JUDGE INFANTE WENT TO. BUT I WILL

3    POINT OUT, YOUR HONOR, AND I WILL SAY TO YOU, THAT I WILL NOT

4    ARGUE, AS A BASIS FOR BLOCKING THAT EXHIBIT, 'WHERE IN THE

5    WORLD IS MR. PALMERI?' I WOULD NEVER DO THAT.

6         I DO WANT TO LEAVE ON THIS POINT: THIS IS A

7    PARAGRAPH, NOT A QUOTE. MR. LARIAN DOES NOT HAVE A SPECIFIC

8    RECOLLECTION OF WHAT HE SAID, NOR WOULD ANYBODY IF IT WAS NOT

9    IN QUOTES. WHAT HE DID SAY, HOWEVER -- I'M PUTTING IT IN

10   CONTEXT, AND ALL IT SAYS WAS THAT, 'YOU KNOW WHAT, THE BRATZ

11   DOLLS AND THE IDEA, WHEN HE WENT HOME, THEY LOOKED A LOT LIKE

12   THE GIRLS THAT WERE VISITING HIS HOUSE.'

13        TO PUT THIS ALSO IN CONTRAST, YOUR HONOR, WE WILL NOT

14   OBJECT. WE'LL MAKE WHATEVER ARGUMENTS WE NEED TO MAKE. IN

15   ANOTHER ISSUE, SAME KIND OF FACT, MR. STEIN, WHO IS THEIR

16   EXPERT, FORMER PRESIDENT OF MATTEL OF ONE OF THEIR DIVISIONS,

17   WAS QUOTED IN A NEWSPAPER ARTICLE, QUOTED, THAT "BRATZ WAS AN

18   IDEA THAT MATTEL WOULD NEVER HAVE PURSUED," END OF QUOTE.

19        I THINK I MAY HAVE COME PRETTY CLOSE TO THAT. I

20   DON'T HAVE IT IN FRONT OF ME.

21        MR. STEIN SAID IN HIS DEPOSITION -- AND HE'S GOING TO

22   BE AN EXPERT IN THIS CASE -- 'OH, YOU KNOW, THOSE REPORTERS GET

23   THEM ALL WRONG.' THAT WAS THE DIRECT QUOTE.

24        WE'RE NOT GOING TO TAKE THAT POSITION IN THIS CASE,

25   YOUR HONOR. WE'LL EXPLAIN AWAY THAT ARTICLE, IF YOU OVERRULE

EXHIBIT ___ PAGE 51

Case 2:04-cv-09049-DOC-RNB   Document 4925-4   Filed 02/27/09   Page 12 of 15   Page ID
#:156321
Case 2:04-cv-09049-SGL-RNB    Document 3887    Filed 05/27/2008    Page 11 of 14

Trial - AM Session: Motions in Limine 5/21/08 11:48:00 AM

1    THE CUMULATIVE OBJECTION.  BUT I'M NEVER GOING TO SAY THEY

2    SHOULD HAVE TAKEN CHRIS PALMERI.

3        THIS IS A TREMENDOUSLY IMPORTANT CASE.  IN MANY

4    RESPECTS, IT IS A UNIQUE CASE.  BUT FIRST AMENDMENT CONCERNS

5    ABOUT COMPELLING A REPORTER TO ANSWER QUESTIONS -- AND I DON'T

6    REPRESENT THE REPORTER.  I REALLY DON'T CARE.

7        THE COURT:  THANK YOU, COUNSEL.

8        MR. ALGER:  I WANTED TO RESPOND ON THE EVIDENTIARY

9    ISSUE.

10        FIRST OF ALL, MGA HAS OBJECTED TO THIS ARTICLE AS

11    HEARSAY.  AND MR. NOLAN SAYING THAT MGA IS NOT GOING TO HAVE A

12    PROBLEM WITH THIS ARTICLE COMING IN DOESN'T SOLVE THE PROBLEM

13    OF THE UNDERLYING STATEMENT.  THE ARTICLE ITSELF --

14        THE COURT:  HE'S SAYING THAT HE'S NOT ASSERTING THAT

15    FOUNDATIONAL OBJECTION.

16        FIRST OF ALL, YOU'VE GOT TO SLOW DOWN.

17        MR. ALGER:  I'M SORRY.

18        THE COURT:  YOU REALLY HAVE TO SLOW DOWN.

19        SECOND OF ALL, I JUST HEARD FROM MR. NOLAN WHAT HIS

20    OBJECTION IS.  SO WHATEVER OBJECTION HE MADE IN THE PAST, HE'S

21    NOT GOING TO CHANGE HIS REPRESENTATION TO THE COURT RIGHT NOW.

22        MR. ALGER:  OKAY.  SO I'LL TAKE THAT FIRST STEP THAT

23    HE'S NOT OBJECTING TO HEARSAY, THE UNDERLYING HEARSAY, IN THE

24    ARTICLE.

25        BUT THE SECOND PROBLEM IS EXACTLY WHAT MR. NOLAN

EXHIBIT  C  PAGE  52

Case 2:04-cv-09049-DOC-RNB   Document 4925-4   Filed 02/27/09   Page 13 of 15   Page ID
#:156322
Case 2:04-cv-09049-SGL-RNB      Document 3887      Filed 05/27/2008      Page 12 of 14

Trial - AM Session: Motions in Limine  5/21/08  11:48:00 AM

1   SAYS -- AND I THINK HE MISSTATED WHEN HE SAID "A PARAGRAPH." I

2   THINK HE MEANT "A PARAPHRASE." 'A PARAPHRASE IS NOT A QUOTE,'

3   HE SAID.  SO MR. NOLAN IS KEEPING HIS POWDER DRY HERE.  AND

4   HE'S GOING TO ARGUE TO THE JURY THAT PARAPHRASE, THAT SECOND

5   PART THAT'S NOT IN QUOTES, IS NOT AN ACCURATE REPRESENTATION OF

6   WHAT MR. LARIAN SAID TO MR. PALMERI.

7        THAT'S PRECISELY WHY WE NEED THIS DEPOSITION, YOUR

8   HONOR.  AND THAT'S PRECISELY WHY WE'RE ENTITLED TO THE ACTUAL

9   UNEQUIVOCAL TESTIMONY OF A WITNESS TO A STATEMENT BY

10  MR. LARIAN, TO ACTIONS BY MR. LARIAN THAT WERE CONSISTENT WITH

11  A COVER-UP, WHICH WERE CONSISTENT WITH HIS KNOWLEDGE OF

12  MATTEL'S TRUE OWNERSHIP OF THE BRATZ DRAWINGS.  MR. LARIAN

13  BEHAVED IN A MANNER AND SPOKE IN A MANNER TO A REPORTER THAT

14  WAS CONSISTENT WITH HIS KNOWLEDGE OF MATTEL'S TRUE OWNERSHIP OF

15  THESE DRAWINGS.  AND THAT'S WHAT WE NEED.  WE NEED THE

16  UNEQUIVOCAL DIRECT EVIDENCE FROM AN AVAILABLE SOURCE,

17  MR. PALMERI.

18       WE'RE NOT GOING FISHING.  MANY OF THESE CASES THAT

19  ARE CITED IN THE BRIEFS ARE FISHING EXPEDITIONS.  THEY DEAL

20  WITH CUMULATIVE EVIDENCE, STUFF THAT IS ANCILLARY TO THE CASE.

21  WHAT WE'RE TALKING ABOUT IS STUFF THAT GOES DIRECTLY TO THE

22  HEART OF THIS CASE, A STATEMENT BY A DEFENDANT, A STATEMENT BY

23  THE CEO OF MATTEL, THAT WAS CONSISTENT WITH HIS KNOWLEDGE OF

24  THE TRUE OWNERSHIP OF THE BRATZ DRAWINGS.

25       AND FOR MR. NOLAN TO SAY, 'OH, WELL, WE'RE NOT GOING

EXHIBIT _C_ PAGE _53_

Case 2:04-cv-09049-DOC-RNB  Document 4925-4  Filed 02/27/09  Page 14 of 15  Page ID
#:156323
Case 2:04-cv-09049-SGL-RNB    Document 3887    Filed 05/27/2008    Page 13 of 14

Trial - AM Session: Motions in Limine 5/21/08 11:48:00 AM

1   TO HAVE A PROBLEM WITH THIS ARTICLE COMING IN,' BUT THEN TURN

2   AROUND AND SAY, 'IT'S JUST A PARAPHRASE, YOUR HONOR' -- THAT'S

3   PRECISELY WHAT THEY'RE GOING TO ARGUE TO THE JURY. AND WE'RE

4   ENTITLED TO -- WE SHOULDN'T HAVE TO RELY ON INFERENCES.

5        THE COURT: IT IS A PARAPHRASE, THOUGH; CORRECT?

6        MR. ALGER: WE DON'T KNOW. WE HAVEN'T TALKED TO

7   MR. PALMERI YET. WE DON'T KNOW. IT MAY BE AN ACTUAL QUOTE

8   THAT THEY DECIDED, FOR STYLISTIC PURPOSES, NOT TO PUT QUOTE

9   MARKS AROUND IT. WE DON'T KNOW, BECAUSE WE HAVEN'T HAD THE

10  OPPORTUNITY TO TAKE A FEW MINUTES OF MR. PALMERI'S TIME, WHICH

11  WE'VE BEEN TRYING TO GET NOW FOR A YEAR, YOUR HONOR. I

12  APPROACHED MR. PALMERI A YEAR AGO THIS MONTH FOR THIS

13  DEPOSITION.

14       THE COURT: THANK YOU, COUNSEL.

15       MR. ALGER: THANK YOU, YOUR HONOR.

16       THE COURT: VERY GOOD.

17       THIS IS A CLOSE CASE. THIS COMES REALLY CLOSE TO THE

18  EXCEPTIONAL CIRCUMSTANCE, FOR THE REASONS WELL ARTICULATED BY

19  MATTEL. BUT I'M GOING TO DENY THE MOTION BROUGHT BY MATTEL,

20  AND I'M FINDING THAT THIS WAS NOT A CLEARLY ERRONEOUS RULING BY

21  THE DISCOVERY MASTER, EITHER THE INITIAL ORDER OR THE ORDER

22  REGARDING THE MOTION FOR RECONSIDERATION.

23       HOWEVER, I WILL CERTAINLY CONSIDER THE OBJECTION

24  RELATED TO CUMULATIVENESS DURING THE CONTEXT OR IN THE CONTEXT

25  OF THE TRIAL. BUT AS IT STANDS RIGHT NOW, I DON'T SEE ANY

EXHIBIT  C  PAGE  54

Trial - AM Session: Motions in Limine 5/21/08 11:48:00 AM

1    BASIS FOR EXCLUDING THE ARTICLE. BUT WE'LL TAKE THAT UP AGAIN

2    IN THE COURSE OF THE TRIAL.

3        SO, COUNSEL, YOU CAN MAKE YOUR NEXT APPEARANCE.

4        MR. WICKERS: THANK YOU, YOUR HONOR.

5        THE COURT: BEFORE I GET INTO ANY SUBSTANTIVE

6    MOTIONS, THERE IS A SMALL LOGISTICAL ISSUE THAT I WANT TO TAKE

7    CARE OF. AND THAT IS THE ISSUE OF THE ROOMS. I UNDERSTAND

8    THERE'S BEEN SOME DISCUSSION ABOUT THAT.

9        HAS THAT BEEN RESOLVED, MR. QUINN? HAVE YOU DECIDED

10   UPON WHICH OF THE TWO ROOMS -- THE FIRST ROOM IS THE ONE THAT'S

11   IMMEDIATELY TO THE LEFT THROUGH THESE DOUBLE DOORS. THE OTHER

12   ONE IS THE ADR ROOM IN THE HALLWAY.

13       MR. QUINN: THEY CAN HAVE WHICHEVER ROOM THEY WANT.

14       THE COURT: MR. NOLAN?

15       MR. NOLAN: WE WANT THE ROOM WITH THE CLOSET IN IT SO

16   THAT WE CAN PUT THE DOLLS IN THERE. I THINK THAT'S THE POINT

17   THAT WE WANT. I THINK THIS IS THE ONE THAT IS RIGHT NEXT TO

18   YOUR COURTROOM. IT'S THE ONE THAT WE'VE BEEN USING. IT'S NOT

19   NEAR THE ONE WITH JUDGE PHILLIPS.

20       THE COURT: I WANT TO RESOLVE THIS REALLY QUICKLY.

21       MR. HOLMES, IF YOU WOULD GO INTO THE WELL.

22       MR. NOLAN, SINCE YOU'RE AT THE LECTERN, I'LL ALLOW

23   YOU TO CALL THE COIN IN THE AIR.

24       THE CLERK: YOUR HONOR, I WANT TO SHOW THE COIN TO

25   THE COUNSEL SO THEY KNOW IT'S NOT A TWO-HEADED COIN.

EXHIBIT _C_ PAGE _55_