QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>                    Plaintiff,<br><br>          vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>                    Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>[PUBLIC REDACTED] DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S *EX PARTE* APPLICATION FOR AN ORDER DEEMING LEXINGTON FINANCIAL, LLC SERVED, OR IN THE ALTERNATIVE, TO (1) COMPEL AN AUTHORIZED REPRESENTATIVE OF LEXINGTON FINANCIAL, LLC TO APPEAR TO ACCEPT SERVICE OF SUBPOENA, OR (2) ISSUE AN ORDER AUTHORIZING LEXINGTON FINANCIAL, LLC TO BE SERVED THROUGH THE CALIFORNIA SECRETARY OF STATE<br><br>Hearing Date:    TBD<br>Time:                 TBD<br>Place:                Arent Fox, LLP<br><br>**Phase 2:**<br>Disc. Cut-off:      December 11, 2009<br>Pre-trial Conf.:    March 1, 2010<br>Trial Date:          March 23, 2010 |

07975/2812723.1

DECLARATION OF JON D. COREY IN SUPPORT *EX PARTE* APPLICATION

## DECLARATION OF JON D. COREY

I, Jon D. Corey, declare as follows:

1. I am a member of the bars of the State of California and the District of Columbia, and a partner of Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge, and if called and sworn as a witness, I could and would testify competently thereto.

2. On January 6, 2009, the Court lifted the almost year-long stay on Phase 2 discovery without limitation. In the January 6 Order, the Court appointed a new Discovery Master.

3. Attached as Exhibit 1 is a true and correct copy of the UCC Financing Statement, dated August 29, 2008, showing Lexington Financial, LLC ("Lexington") taking a security interest in Vision Capital, LLC's ownership interest in Omni 808 Investors LLC.

4. Attached as Exhibit 2 is a true and correct copy of "Offshore-Based Limited Liability Company (LLC)" by Sovereign Management & Legal, S.A. (available at www.offshore-protection.com/nevisLLC.html).

5. Attached as Exhibit 3 is a true and correct copy of a letter from Registrar Clevelan Williams, Registrar of Nevis Financial Services Department to Austin Lescott, dated December 12, 2008.

6. Following the lifting of the Phase 2 discovery stay, Mattel issued subpoenas to various third-parties, including Lexington. Attached as Exhibit 4 is a true and correct copy of Mattel's subpoena to Lexington, dated January 23, 2009.

7. Lexington is registered in the Caribbean nation of Nevis. Nevis is a country known as a corporate secrecy haven, where such basic information as the identities of a corporation's owners or principals is unavailable. The only contact information that Mattel currently has for Lexington is an address in London, 33-35 Daws Lane, London, NW7 4SD. It does not appear that Lexington is, in fact,

07975/2812723.1
-1-
Case No. CV 04-9049 SGL (RNBx)
DECLARATION OF JON D. COREY IN SUPPORT EX PARTE APPLICATION

located at that address. That is the address of a company called "Officefront," which appears to be a company that provides a virtual office—mail, fax, and phone receptionist—starting at £10 per month. Attached as Exhibit 5 is a true and correct copy of the Officefront webpage (<u>available at</u> <http://officefront.co.uk/>), as accessed on December 28, 2008.

8. Even though Lexington purported to file a UCC financing statement in California, it apparently has not registered to do business in the state of California and no corporate registration for Lexington appears on the California Secretary of State website. Accordingly, on January 23, 2009, Mattel attempted to serve the subpoena upon Fred Mashian, who was identified on the August 29, 2008 UCC financing statement as Lexington's agent. Mr. Mashian is a lawyer authorized to practice law in the state of California. Attached as Exhibit 6 is a true and correct copy of Mr. Mashian's profile from the State Bar of California's website (<u>available at</u> <http://members.calbar.ca.gov/search/member_detail.aspx?x=169743>), as accessed on March 1, 2009. After Mattel's diligent efforts, Mr. Mashian is the only individual associated with Lexington that Mattel has been able to identify. Mattel has not been able to identify any Lexington officer, director or agent for service of process.

9. Mattel also sought to serve Mr. Mashian with a personal subpoena at the same time. Attached as Exhibit 7 is a true and correct copy of Mattel's subpoena to Fred Mashian, dated January 23, 2009.

10. From January 23 through 26, 2009, Mattel made repeated attempts to serve the Mashian and Lexington subpoenas at 9255 West Sunset Boulevard, Suite 630, Los Angeles, CA 90026, the contact address listed for Mr. Mashian on the UCC financing statement and apparently Mr. Mashian's law office. On each occasion, the process server found the office closed or was told that Mr. Mashian was "not in." Attached as Exhibit 8 is a true and correct copy of the Not Found Returns of Service for Fred Mashian and Lexington, dated January 30, 2009.

11. Mattel thereafter issued new subpoenas to Lexington and Mr. Mashian. Attached as Exhibit 9 is a true and correct copy of Mattel's subpoena to Lexington, dated January 30, 2009, with proof of service.

12. Attached as Exhibit 10 is a true and correct copy of Mattel's subpoena to Fred Mashian, dated January 30, 2009, with proof of service.

13. It is my understanding that the Lexington and Mashian subpoenas were personally served on Mr. Mashian at his home address on January 31, 2009.

14. On February 12, 2009, Peter Villar of Bingham McCutchen LLP ("Bingham") sent me an e-mail message stating that Bingham would be representing Mr. Mashian and Lexington in this case. Mr. Villar noted his understanding that Mattel had "served Mr. Mashian and Lexington Financial with subpoenas," but indicated that the copies of the subpoenas that his clients had forwarded to him were missing the attachments and therefore requested that I send him additional copies of the subpoenas and provide a one-week extension to respond. Attached as Exhibit 11 is a true and correct copy of Mr. Villar's February 12, 2009 e-mail message to me.

15. Later that day, I forwarded the Lexington and Mashian subpoenas to Mr. Villar, with the proofs of service, and agreed to the requested extension of time for both Lexington and Mr. Mashian to respond. Attached as Exhibit 12 is a true and correct copy of my e-mail message to Mr. Villar, dated February 12, 2009.

16. On February 23, 2009, Mr. Mashian, through his counsel, served objections to Mattel's subpoenas. Lexington did not object or otherwise respond to its subpoena. Instead, Lexington's counsel suggested, for the first time, that Mattel had not properly served Lexington, stating that "Mr. Mashian advised us that he is not the agent for service for any such entity." Attached as Exhibit 13 is a true and correct copy of Mr. Villar's February 23, 2009 e-mail message to me.

17. Attached as Exhibit 14 is a true and correct copy of Fred Mashian's Objections to Mattel, Inc.'s Subpoena for the Production of Documents, dated February 23, 2009.

18. I sent Mr. Villar a response letter on February 24, 2009, expressing Mattel's view that it had properly served Lexington through Mr. Mashian. In that same letter, to avoid any unnecessary dispute over service, I also requested that Lexington's counsel agree to accept service on Lexington's behalf or to identify Lexington's current authorized agent for service of process (if in fact Mr. Mashian was not so authorized). Attached as Exhibit 15 is a true and correct copy of my February 24, 2009 response letter to Mr. Villar.

19. To date, Mattel has received no response to my February 24, 2009 letter from Lexington's counsel.

20. Attached as Exhibit 16 is a true and correct copy of the Declaration of Brian Wing in Support of the MGA Parties' Request for a Stay, dated December 11, 2008.

21. Attached as Exhibit 17 is a true and correct copy of the UCC Financing Statements, dated October 30, 2006, and Amendments, dated September 9, 2008.

22. Attached as Exhibit 18 is a true and correct copy of the MGA Parties Corrections to the Opposition to Mattel, Inc.'s *Ex Parte* Application for Appointment of a Receiver or for Alternative Relief, dated December 31, 2008.

23. Attached as Exhibit 19 is a true and correct copy of Omni 808 Investors, LLC Certificate of Status and Articles of Organization.

24. Attached as Exhibit 20 is a true and correct copy of Vision Capital, LLC Certificate of Formation, dated August 19, 2008.

25. Attached as Exhibit 21 is a true and correct copy of Mattel's Motion to Compel Production of Documents Responsive to Third Party Subpoenas, dated February 3, 2009.

1    26.    Attached as Exhibit 22 is a true and correct copy of Mattel's Opposition to the MGA Parties' Motion to Quash Subpoenas Issued by Mattel, dated February 10, 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 3, 2009, at Los Angeles, California.


                /s/ Jon D. Corey
                Jon D. Corey