# EXHIBIT 1

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
FRED MASHIAN
3102747601

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230830002
FILING NUMBER: 08-7120410100
FILING DATE: 00/20/2008 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |

| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| 1525 SOUTH BROADWAY | LOS ANGELES | | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|---|
| | | LLC | DE | 4588295 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |

| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | | NW7 4SD | UK |

**4. This FINANCING STATEMENT covers the following collateral:**

ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200812610026.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6. This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS.** Attach Addendum (if applicable)

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)**
[ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

EXHIBIT ___1___

PAGE ___6___

# EXHIBIT 2

M&L | Nevis LLC




Home | About Us | Fee Schedule
| Order | Contact Us



17 December, 2008

- En Español
- Home
- About Us
- Why Offshore?
- Contact Us
- Fee Schedule
- Order Online
- Why Panama?
- Panama as a Tax Haven
- Panama Foundation
- Panama Corporation
- Corporation / Foundation Combined
- Panama Charitable Foundation
- Panama Real Estate
- Real Estate Title / Escrow Services
- Offshore Banking
- Why Belize?
- Belize IBC
- Costa Rica Corporation
- Why Nevis?
- Nevis IBC
- Nevis LLC
- Why Seychelles?
- Seychelles IBC
- Offshore Trust
- Management Services
- International Fiduciary Structure
- Account Signatory Services
- Offshore Debit Card
- E-Commerce Solutions
- Offshore Web Hosting
- Internet Banking Software
- Offshore Bank Formations
- Swedish Credit Union
- NZ Offshore Finance Co.
- Uruguay SAFI
- Panama Financial Company
- Captive Insurance
- Offshore FAQ's
- Mail Forwarding
- Virtual Office Services
- Re-Invoicing Services
- Relocation Services
- Panama Immigration/ Panama Passport
- Ship / Yacht Registration Services
- Investments
- Reseller Program
- Panama Links


Member of The
NETCHECK
Commerce Bureau
Member Since 10/03
CLICK TO VERIFY

## OFFSHORE-BASED LIMITED LIABILITY COMPANY (LLC)



**DEFINITION:** If your primary goal is not legal tax efficiency but simply access to a low cost way of sheltering assets and providing privacy, a standalone Nevis Limited Liability Company may be ideal. A Limited Liability Company (or LLC) is a form of company or corporation that enjoys some distinctions from "normal" companies. At the most simple level, think of an LLC as a sleek cross between a company and a partnership, with all of the benefits of both.

The general advantages of LLCs are enhanced by the jurisdictional advantage of Nevis, the first offshore financial centre anywhere to enact a Limited Liability Ordinance.

**EXCELLENT PRIVACY:**

- Since the beneficial owners and/or managers are not registered anywhere an LLC provides complete anonymity.
- Nevis has strict privacy oriented laws that forbid any registering, recording, or disclosure of directors and shareholders of exempt companies incorporated there. This means that no annual or other reports by members need to be filed in the public records of Nevis; therefore, there is complete anonymity and their identities are not accessible by any outside party.
- The company's records may be located anywhere in the world

**EXCELLENT ASSET PROTECTION FEATURES:**

- A Nevis LLC enables you to protect your assets and funds from government agencies, creditors, and lawsuits.
- As an owner, you are not exposed to personal liability.
- As an owner, you can participate in management without becoming personally liable for the company's debts.
- A Nevis LLC is particularly advantageous for asset protection purposes since there are no shares that can be attached by a court of law.
- Members are not liable for obligations of the company.

**OTHER LLC BENEFITS:** LLCs provide these additional advantages:

- LLCs provide a mechanism by which managers can limit the authority of non-managing members.
- LLCs have no limitation on the number of members.
- There are no limitations on ownership of an LLC.
- No corporate tax, income tax, withholding tax, stamp tax, asset tax, exchange controls or other fees or taxes are levied in Nevis on assets or income originating outside of Nevis.
- Members of Nevis LLCs may be individuals or business entities of any nationality or domicile.
- Nevis LLCs may amend their Articles of Organisation, merge, or consolidate with other domestic or

**EXHIBIT** 2

**PAGE** 7

M&L | Nevis LLC                                                                 Page 2 of 3


PAN/AMCHAM
Proud Member

- foreign LLCs or other business entities.
- Members of Nevis LLCs may assign their interests to other parties unless restricted otherwise.
- Nevis permits sole member LLCs.
- Management of LLCs may be accomplished by the members or by managers designated by the members.
- Nevis LLCs face no stock limitations and can issue preferred interests analogous to preferred stock of corporations.
- A Nevis LLC is an excellent vehicle if used by a group of investors for a joint venture investment. In this respect it functions as if it were a Limited Partnership, but with all the added features and advantages mentioned above of an LLC that Limited Partnerships for the most part do not have.
- A Nevis LLC can be set up within 24 hours and has low initial cost and low annual fees.

**Deeper Understanding on the efficacy of LLC's**

**LLC vs. a "Normal" Corporation:**

The primary distinction between an LLC and a "normal" company such as a "C" corporation (USA) or a PLC (United Kingdom), is that the LLC is a tax-neutral vehicle because it is taxed as a partnership, rather than as a corporation. Thus, using an LLC eliminates tax at the corporate level. In this regard, it is somewhat like a U.S. "S" corporation or a German GmbH but without all the restrictions and disadvantages. So if the LLC itself has no tax payment obligation - then who does? The obligation for any taxes that would otherwise be owed by the LLC bypasses the LLC itself and attaches directly to the members of the LLC. Members are to LLCs what shareholders are to normal companies. Other companies, as well as individuals and trusts, can be members of an LLC. There are no limits on the number of members or the classes of members that an LLC may have. The important thing to remember is that each member is responsible for his, her or its own pro-rata part of any overall tax obligation of the LLC and that the LLC itself has no tax obligations.

**LLC as Trust Alternative:**

Because of the flexibility available in LLC management structuring and because of the favorable way in which the laws of Nevis are drafted, LLCs can also be used as alternatives to a trust. The manager of the LLC is akin to the trustee of a trust and the members are akin to the beneficiaries of a trust. Sovereign Management & Legal can act as a manager of an LLC on behalf of a client who desires to take advantage of our corporate management services. Substituting an LLC for a trust can change the reporting requirements of taxpayers in onshore jurisdictions. Many providers have abandoned the trust as an offshore planning vehicle because trusts have become a target on onshore legislation and unfavourable court decisions (especially in the U.S.). Hence many are instead recommending either an LLC or a Foundation depending on what the client requirements are. The income or capital gain of an LLC is not reportable as trust income or gain or as corporate income or gain but is treated as personal income or gain.

**Multi-National Joint Ventures:**

LLCs are excellent vehicles for structuring joint venture arrangements between project participants from different countries. This is so because the venture can enjoy all of the benefits of incorporation, but each member is liable for his own taxation in his own country. Moreover, the membership flexibility allows different joint ventures to have different levels of ownership and reward based upon the value that each constituent member brings to the project. The only drawback is that prior to forming LLCs for multi-national joint ventures, the parties must check to see that this hybrid entity is granted the requisite corporate and pass through (partnership) status in the jurisdictions in which the joint ventures are located. Advice from a local onshore lawyer should be sought.

**Tax Free:**

All LLCs are free from all forms of Nevisian taxation. There are no Nevisian taxes on dividends, income, capital distribution, or wages whatsoever. Moreover, unlike many onshore jurisdictions, Nevis does not tax an LLC for accumulated (but undistributed) earnings

EXHIBIT _2_
PAGE _8_

M&L | Nevis LLC

**Privacy:**

All of the affairs of the LLC are private and cannot be disclosed except under truly exceptional circumstances such as links to international terrorism. The only document that needs to be filed with the government is the annual corporate license and this contains minimal information. There is no annual report or annual financial return that needs to be made to the government. There is no public inspection of your LLCs' records. Confidentiality is further enhanced if the LLC appoints our company as manager and we perform the minimal corporate duties required under Nevisian law.

**Enhanced Confidentiality:**

Nevisian LLC laws contain many requirements related to confidentiality including strict financial secrecy laws. Strict legal requirements, known as fiduciary duties, would also govern Sovereign Manager Services behavior as a manager of an LLC. These fiduciary duties are imposed on managers by both the equivalent of the LLCs bylaws and by the proper law of the LLC (usually the law of the country where the manager is located, i.e. Panama). Many of these fiduciary requirements relate to secrecy and accounting obligations by which the manager must abide. Nevisian LLC and Panamanian law prevent our company from discussing your LLC business with anyone you have not instructed us to talk to.

Other governments' agencies such as the Internal Revenue Service in the United States, Revenue Canada, or the Inland Revenue in the United Kingdom cannot force us to discuss your business with them unless they obtain a court order against you or us or both ordering us to make disclosure. But a court order from their respective jurisdiction is useless in Nevis or Panama. In accordance with strong Nevisian law, a judgement from outside of Nevis will not be recognised by Nevisian courts. This means an onshore judgement creditor who won a lawsuit against you or your LLC in, for example, the U.S. or Germany cannot take that U.S. or German judgement and require a Nevisian court to enforce it.

In addition to not recognizing the judgements of other countries, Nevisian law and Nevisian courts do not favor the granting of court orders against LLCs except under truly exceptional circumstances, Nevisian law favors upholding the independence and application of its own law over the enforcement of foreign, onshore laws.

To view pricing, the components of our special offshore packages and to order click here.

Top

Home | About Us | Why Offshore? | Contact Us | Fee Schedule | Order Online | Why Panama?
Panama as a Tax Haven | Panama Foundation | Panama Corporation | Panama Charitable Foundation
Panama Real Estate | Why Belize? | Belize IBC | Belize LLP | Belize PCC | Costa Rica Corporation
Why Nevis? | Nevis LLC | Nevis IBC | Why Seychelles? | Seychelles IBC | Offshore Trust | IBC/Foundation Combined
Offshore Banking | Management Services | Account Signatory Services | Re-Invoicing Services
E-Commerce Solutions | Offshore Debit Card | Offshore Web Hosting | Offshore Bank Formations | Swedish Credit Union
NZ Offshore Finance Company | Uruguay SAFI | Panama Financial Company | Internet Banking Software
Captive Insurance | Offshore FAQ's | Mail Forwarding | Virtual Office Services
Ship / Yacht Registration Services | Relocation Services in Panama | Panama Passport Programs
Investments | Reseller Program | Panama Links | Sitemap

For optimal viewing and navigation, please enable javascript.

EXHIBIT ___2___

PAGE ___9___

# EXHIBIT 3



# NEVIS ISLAND ADMINISTRATION

*Ministry of Finance, Statistics & Economic Planning*
*REGULATION AND SUPERVISION DEPARTMENT*

December, 12th 2008

Austin Lescott
Clay Ghaut
St. John's Parish
Nevis

Dear Sir

## RE: INFORMATION REQUESTED ON 12th December, 2008

In connection with the above, we advise as follows:

| | |
|---|---|
| **Exact Company Name:** | LEXINGTON FINANCIAL LIMITED |
| **Date of Incorporation:** | 03rd March, 2006 |
| **Company Number:** | C 29848 |
| **Registered Agent & Address:** | Trust Services Nevis Limited<br>Springates Building<br>Government Road, Charlestown, Nevis<br>Telephone Number: 1 (869) 469-7270/1<br>Fax Number: 1 (869) 469-7272 |
| **Shares:** | 100,000 shares with par value USD$1.00 |
| **Status (standing, etc.):** | The Company is in Good Standing |

**Public Record Documents (Art. Of Inc./Org., Amendments, etc):** *FILED*

There are no charges, liens, mortgages or encumbrances filed for or on behalf of the company and/or its shareholders. Also note that information on directors, shareholders, officers, beneficial owners, annual returns and financial statements are not required to be filed by law. Consequently, such information is not available.

Should you require any further information, please do not hesitate to contact us.

Yours sincerely,

Clevelan Williams (Mr).
REGISTRAR

NEVIS FINANCIAL
SERVICES DEPARTMENT

P. O. Box 689, Main Street, Charlestown, Nevis, West Indies
Tel: 1(869) 469-1469 • 1(869) 469-5521 Ext. 2150 • Fax: 1(869) 469-7739
Website: www.nevisfinance.com • Email: nevfin@sisterisles.kn

**EXHIBIT** _3_

**PAGE** _10_

# EXHIBIT 4

AO88 (Rev. 12/07) Subpoena in a Civil C...

## Issued by the
# UNITED STATES DISTRICT COURT

<u>CENTRAL</u>                                    <u>CALIFORNIA</u>

CARTER BRYANT, an individual,

                    V.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Lexington Financial, LLC, Attn:  Fred Mashian
    9255 Sunset Boulevard Suite 630
    Los Angeles, CA 90069

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | February 6, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jon Corey* /SH  Attorney for Plaintiff, Mattel, Inc. | January 23, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1]  If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___**4**___
AO-68

PAGE ___**11**___

AO88  (Rev.  12/07) Subpoena in a Civil Case (Page ~)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                        DATE                              SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



EXHIBIT  **4**

PAGE  **12**

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA Entertainment, Inc., or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA"), and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Lexington Financial since January 1, 2007.

5.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

6.      All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

7.      All documents detailing or setting forth the relationship between Lexington Financial and OmniNet Capital, LLC, Omni 808, Vision Capital and/or MGA, if any.

8.      All documents detailing or setting forth the relationship between Lexington Financial and Isaac Larian or his family members, if any. As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly

07209/2771172.1

1

EXHIBIT __4__

PAGE __13__

Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

       9.    All documents referring or relating to the source of funding or credit for Vision Capital, Omni 808 and/or MGA.

       10.    All documents detailing or setting forth the relationship between, on the one hand, Vision Capital or Omni 808, on the one hand, and Isaac Larian or his family members, on the other hand.

       11.    All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

       12.    All documents showing detail of loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac Larian or his family members.

       13.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington Financial to Isaac Larian, his family members, or any other related party, including MGA Entertainment, Inc.

       14.    Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

       15.    All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

       16.    All communications referring or relating to Lexington Financial, Omni 808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

       17.    All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest allegedly reflected therein.

       18.    Documents sufficient to show each and every entity or business in which Lexington Financial has an interest or role or over which Lexington Financial has control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

       19.    All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned

07209/2771172.1

2

EXHIBIT **4**

PAGE **14**

or controlled by Isaac Larian or his family members and that also involves Lexington Financial, or any entity or business that Lexington Financial owns or controls.

20. To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of Lexington Financial's relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

EXHIBIT __4__

PAGE __15__

# EXHIBIT 1

EXHIBIT __4__

PAGE __16__

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
FRED MASHIAN
8102747601

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230930002
FILING NUMBER: 06-7170410100
FILING DATE: 08/29/2006 14:20
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1515 SOUTH BROADWAY | LOS ANGELES | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4589295    ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAYS LANE | LONDON | | NW7 4BD | UK |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY, SECRETARY OF STATE FILING #200812610026.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
|---|---|

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

EXHIBIT ____4____

PAGE ____17____

# EXHIBIT 5

Office Front - Virtual Office, Call Handling, Call Answering, Virtual Receptionist & Mai...   Page 1 of 2



HOME
OUR SERVICES
WHO CAN BENEFIT
WHY USE US?
OUR PRICES
OBTAIN A QUOTE
ORDER ONLINE
CASE STUDIES
ARTICLES
NEWS
TESTIMONIALS
POST & FAX SERVICE
F.A.Q
HEAR OUR
OPERATORS
PARTNERS

**Subscribe to our Newsletter**

**Become an Affiliate**

**Write articles for Officefront**

**Become a Referral Agent**

Home

## A TOTAL VIRTUAL OFFICE OR TELEPHONE ANSWERING SERVICE

**IDEAL FOR SOLE TRADERS/PROFESSIONALS, MEDIUM/LARGE COMPANIES FO COMPANIES WISHING A UK PRESENCE**

**IMAGE - TIME - EFFICIENCY ...we do more for you than just answer phones**

NO GIMMICKS - NO HIDDEN CHARGES - NO SETUP FEE - NO REGISTRATION TO GET A QUO

JUST AN EASY TO UNDERSTAND AND FULLY TRANSPARENT SERVICE THAT DELIVERS EVEI

TELEPHONE LINES - LOW COST INTERNATIONAL CALLS - INTERNATIONAL TELEPHONE NUMBERS - FAX TO EMAIL
SMALL/MEDIUM SIZE BUSINESS?

- Superb IMAGE for your company
- We ANSWER your inbound calls
- Your clients talk to a REAL receptionist!
- Friendly, PROFESSIONAL manner
- LOW, clear pricing
- Bespoke FLEXIBLE service

LARGER BUSINESS?

- Up to 70% direct cost savings over direct employment
- Redirect your staff to revenue generation
- Comprehensive switchboard facilities
- Friendly, Professional manner
- No need for Holiday/Sick Cover/Cost
- No HR Cost

Excellent Value
Services from as little as £10 per month + CALLS
You can be operational TODAY or order for later activation
Present a professional image to your clients

### Call NOW for a NO OBLIGATION quote
### FREEFONE ..08000 19 15 39

OUR CREDIT-CRUN
BUSTER
SPECIAL OFFERS & DISC
TO HELP WITH CURRI
ECONOMIC SITUATI(
LET'S WORK TOGETHER
THROUGH IT



office*front*

Thanks for
calling

How May I
Help You ?




Carter Backer Winter


JORDAN EXHIBIT **5**

PAGE **18**

Office Front - Virtual Office, Call Handling, Call Answering, Virtual Receptionist & Mai...   Page 2 of 2

OfficeFront Ltd | 33-35 Daws Lane | London NW7 4SD
Tel +44 20 8906 6666 | Fax +44 20 8906 6611 | Email sales@officefront.co.uk
Copyright © 2008 Officefront Limited. Registered in England & Wales Company number 04752787.

Sitemap

EXHIBIT __5__

PAGE __19__

# EXHIBIT 6

State Bar of CA :: Fred F. Mashian                                                    Page 1 of 2



# THE STATE BAR OF CALIFORNIA

Sunday, March 1, 2009                                                    State Bar Home

Home > Attorney Search > Attorney Profile

## ATTORNEY SEARCH

## Fred Farid Mashian - #169743

### Current Status: Active

This member is active and may practice law in California.

See below for more details.

### Profile Information

| | | | |
|---|---|---|---|
| Bar Number | 169743 | | |
| Address | Law Ofc Fred F Mashian 9255 Sunset Blvd #630 Los Angeles, CA 90069 | Phone Number Fax Number e-mail | (310) 274-7501 (310) 274-6598 mashian@earthlink.net |
| District | District 7 | Undergraduate School | Pepperdine Univ; Malibu CA |
| County | Los Angeles | Law School | Southwestern Univ SOL; Los Angeles CA |
| Sections | Trusts & Estates Real Property Law Taxation | | |

### Status History

| Effective Date | Status Change |
|---|---|
| *Present* | Active |
| 12/13/1993 | Admitted to The State Bar of California |

Explanation of member status

### Actions Affecting Eligibility to Practice Law

#### Disciplinary and Related Actions
This member has no public record of discipline.

#### Administrative Actions
This member has no public record of administrative actions.

Start New Search >

**EXHIBIT 6**

**PAGE 20**

State Bar of CA :: Fred F. Mashian

Contact Us      Site Map      Privacy Policy      Notices      © 2009 The State Bar of California

EXHIBIT __6__

PAGE __21__

# EXHIBIT 7

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____  _____CALIFORNIA_____

CARTER BRYANT, an individual,

**V.**

MATTEL, INC., a Delaware corporation,

### SUBPOENA IN A CIVIL CASE

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Fred Mashian
    9255 Sunset Blvd. Suite 630
    Los Angeles, CA 90069

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | February 6, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

⊔ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /s/   Attorney for Plaintiff, Mattel, Inc. | January 23, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT **7**

PAGE **22**

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|
| **SERVED** | | | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|
| | | |

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

met without substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
    The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT __7__

PAGE __23__

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA Entertainment, Inc., and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Lexington Financial or Vision Capital since January 1, 2007.

5.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

6.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital and (b) the dates of such person's affiliation with Vision Capital.

7.      All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

8.      All documents referring or relating to the formation and governance of Vision Capital, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Delaware Corporations LLC, and (b) any bank accounts, credit

1

EXHIBIT ___7___

PAGE ___24___

cards or other financial instruments used in connection with the activities set forth in (a).

9.    All documents detailing or setting forth the relationship between Lexington Financial and OmniNet Capital, LLC, if any.

10.    All documents detailing or setting forth the relationship between Lexington Financial and Omni 808 or Vision Capital, if any.

11.    All documents detailing or setting forth the relationship between Lexington Financial and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA Entertainment, Inc., if any.

12.    All documents detailing or setting forth the relationship between Lexington Financial and Isaac Larian or his family members, if any.  As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

13.    All documents referring or relating to the source of funding or credit for Vision Capital.

14.    All documents detailing or setting forth the relationship between Vision Capital and Isaac Larian or his family members.

15.    All documents referring or relating to the source of funding or credit for Omni 808.

16.    All documents detailing or setting forth the relationship between Omni 808 and Isaac Larian or his family members.

17.    All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

18.    All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

19.    All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac Larian or his family members.

20.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington

2

EXHIBIT __7__

PAGE __25__

Financial to Isaac Larian, his family members, or any other related party, including MGA
Entertainment, Inc.

     21.    Any and all records that substantiate transfers of assets by Lexington Financial
to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

     22.    All documents referring or relating to any contract, transaction or
relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision
Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

     23.    All communications referring or relating to Lexington Financial, Omni
808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

     24.    All documents referring or relating to the U.C.C. financing statement
attached as Exhibit 1 and/or the security interest allegedly reflected therein.

     25.    Documents sufficient to show each and every entity or business in which
you have an interest or role or over which you have control and in which Isaac Larian, or his
family members, have any interest or role or over which Isaac Larian, or his family members,
have control.

     26.    All documents referring or relating to any transfer, payment, credit, loan
or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned
or controlled by Isaac Larian or his family members and that also involves you, or any entity or
business that you own or control.

     27.    To the extent not produced in response to any other Request, documents
sufficient to show the nature, extent and timing of your relationship to or with Isaac Larian, his
family members, or any entity or business owned or controlled by Isaac Larian or his family
members.

3

EXHIBIT _**7**_

PAGE _**26**_

# EXHIBIT 1

EXHIBIT __7__

PAGE __27__

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
FRED MASHIAN
3102747501

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230630002
FILING NUMBER: 09-7170411100
FILING DATE: 00/22/2008 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |||||||
|---|---|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY |||||||

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| 1525 SOUTH BROADWAY | LOS ANGELES | | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|---|
| | | LLC | DE | 4583295 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |||||||
|---|---|---|---|---|---|---|
| | | | | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|---|
| | | | | | |

| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|
| | | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |||||||
|---|---|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY |||||||

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4SD | UK |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200812610026.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS** Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)** [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

EXHIBIT   7

PAGE   28

# EXHIBIT 8

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jon Corey<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>TELEPHONE NO: (213) 443-3000        FAX NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): MATTEL, INC. | |

| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
|---|
| STREET ADDRESS: 312 North Spring Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| DIVISION NAME: Western Division |

| PLAINTIFF: CARTER BRYANT | CASE NUMBER: |
|---|---|
| DEFENDANT: MATTEL, INC. | CV04-9049 SGL (RNBx) |

| NOT FOUND RETURN OF SERVICE | Hearing Date: | Time | Place: |
|---|---|---|---|
| | Feb 6, 2009 | 9:00 am | |

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I attempted to serve the following documents:
    SUBPOENA IN A CIVIL CASE

3.  I was unable to serve the following entity, defendant or person at the address given for the following reason(s):
    a.  Entity not served: FRED MASHIAN
    b.  Name of person not served (if relevant):
    c.  Address: 9255 West Sunset Boulevard, Suite 630, Los Angeles, CA 90069
    d.  Date last attempted: January 26, 2009
    e.  Reason for non-service: On January 23-24, 2009, the office was closed; on January 26, 2009, subject was not in, attempted at 8:50 a.m. and 2:20 p.m.

4   Person serving papers:
    a.  Name: Mark Shurlock
    b.  Address: 1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
    c.  Telephone number: (213) 482-1567
    d.  The fee for service was: $ 39.50
    e.  I am:
        [✓] a registered California process server:
        (i)   [ ] owner   [ ] employee   [✓] independent contractor.
        (ii)  Registration No.: 5426
        (iii) County: Los Angeles

5.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: January 30, 2009

▶ _____
                                (Signature)

NOT FOUND RETURN OF SERVICE                                    Federal Rules of Civil Procedure

EXHIBIT __8__

PAGE __29__

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jon Corey<br>QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>865 South Figueroa Street, 10th Floor<br>Los Angeles, California 90017<br>TELEPHONE NO.: (213) 443-3000     FAX NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): MATTEL, INC. | |

| UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |
|---|
| STREET ADDRESS: 312 North Spring Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| DIVISION NAME: Western Division |

| PLAINTIFF: CARTER BRYANT | CASE NUMBER: |
|---|---|
| DEFENDANT: MATTEL, INC. | CV04-9049 SGL (RNBx) |

| NOT FOUND RETURN OF SERVICE | Hearing Date: | Time: | Place: |
|---|---|---|---|
| | Feb 6, 2009 | 9:00 am | |

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I attempted to serve the following documents:

  SUBPOENA IN A CIVIL CASE

3.   I was unable to serve the following entity, defendant or person at the address given for the following reason(s):
  a.   Entity not served: LEXINGTON FINANCIAL, LLC
  b.   Name of person not served (if relevant): FRED MASHIAN
  c.   Address: 9255 West Sunset Boulevard, Suite 630, Los Angeles, CA 90069
  d.   Date last attempted: January 26, 2009
  e.   Reason for non-service: On January 23-24, 2009, the office was closed; on January 26, 2009, Fred Mashian
       was not in, attempted at 8:50 a.m. and 2:20 p.m.

4.   Person serving papers:
  a.   Name: Mark Shurlock
  b.   Address: 1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
  c.   Telephone number: (213) 482-1567
  d.   The fee for service was: $ 39.50
  e.   I am:
       [✓] a registered California process server:
       (i)   [ ] owner  [ ] employee  [✓] independent contractor.
       (ii)  Registration No.: 5426
       (iii) County: Los Angeles

5.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: January 30, 2009

▶ _(Signature)_

NOT FOUND RETURN OF SERVICE

Federal Rules of Civil Procedure

EXHIBIT ___8___

PAGE ___30___

# EXHIBIT 9

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL       CALIFORNIA

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware corporation,

**SUBPOENA IN A CIVIL CASE**

Case Number: [1] CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Lexington Financial, LLC, Attn: Fred Mashian
2776 Casiano Drive
Los Angeles, CA 90077

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | February 16, 2009 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jon Corey* /s/ Attorney for Plaintiff, Mattel, Inc. | January 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88
EXHIBIT __9__

PAGE __31__

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 31, 2009 9:30 am | 2766 CasianoDrive |
| SUBPOENA RE DEPOSITION | | Los Angeles, CA 90077 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Fred Mashlan, agent | personal | $40.00 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark Shurlock | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    February 2, 2009
                    DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

2-2

EXHIBIT  9

PAGE  32

## ATTACHMENT A

1.    All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA Entertainment, Inc., or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA"), and any amendments or modifications thereto, and any communications referring or relating to any such agreements, contracts or transactions.

2.    All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.    All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.    All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Lexington Financial since January 1, 2007.

5.    Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

6.    All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

7.  ·  All documents detailing or setting forth the relationship between Lexington Financial and OmniNet Capital, LLC, Omni 808, Vision Capital and/or MGA, if any.

8.    All documents detailing or setting forth the relationship between Lexington Financial and Isaac Larian or his family members, if any. As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly

07200/2771172.1

1

EXHIBIT __9__

PAGE __33__

Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

9.   All documents referring or relating to the source of funding or credit for Vision Capital, Omni 808 and/or MGA.

10.   All documents detailing or setting forth the relationship between, on the one hand, Vision Capital or Omni 808, on the one hand, and Isaac Larian or his family members, on the other hand.

11.   All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

12.   All documents showing detail of loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac Larian or his family members.

13.   All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington Financial to Isaac Larian, his family members, or any other related party, including MGA Entertainment, Inc.

14.   Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

15.   All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

16.   All communications referring or relating to Lexington Financial, Omni 808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

17.   All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest allegedly reflected therein.

18.   Documents sufficient to show each and every entity or business in which Lexington Financial has an interest or role or over which Lexington Financial has control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

19.   All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned

07209/2771172.1

2

EXHIBIT __9__

PAGE __39__

or controlled by Isaac Larian or his family members and that also involves Lexington Financial, or any entity or business that Lexington Financial owns or controls.

20.     To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of Lexington Financial's relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

07209/2771172.1

3

EXHIBIT __9__

PAGE __35__

# EXHIBIT 1

EXHIBIT __9__

PAGE __36__

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
FRED MASHIAN
3102747601

B. SEND ACKNOWLEDGMENT TO: (Name and Address)
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230830002
FILING NUMBER: 08-7170410100
FILING DATE: 08/29/2008 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 1515 SOUTH BROADWAY | LOS ANGELES | | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4589296 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LECINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 33-35 DAWS LANE | LONDON | | | NW7 4SD | UK |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200811610026,

| 5. ALT DESIGNATION: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 | | | | |

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY

EXHIBIT ___9___

PAGE ___37___

# EXHIBIT 10

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____          _____CALIFORNIA_____

CARTER BRYANT, an individual,

                                        **SUBPOENA IN A CIVIL CASE**

                    V.

MATTEL, INC., a Delaware corporation,      Case Number: [1]  CV 04-9049 SGL (RNBx)
                                           Consolidated with cases CV 04-9059
                                           and 05-2727

TO: Fred Mashian
    2776 Casiano Drive
    Los Angeles, CA 90077

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | February 16, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /bh   Attorney for Plaintiff, Mattel, Inc. | January 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] f action is pending in district other than district of issuance, state district under case number.

AO-88
EXHIBIT _10_

PAGE _38_

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED<br>SUBPOENA RE DEPOSITION | January 31, 2009 9:30 am | 2766 CasianoDrive<br>Los Angeles, CA 90077 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Fred Mashian | personal | $40.00 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark Shurlock | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___February 2, 2009___
DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

2-2

EXHIBIT __10__

PAGE __39__

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA Entertainment, Inc., and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Lexington Financial or Vision Capital since January 1, 2007.

5.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

6.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital and (b) the dates of such person's affiliation with Vision Capital.

7.      All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

8.      All documents referring or relating to the formation and governance of Vision Capital, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Delaware Corporations LLC, and (b) any bank accounts, credit

1

EXHIBIT _10_

PAGE _40_

1

cards or other financial instruments used in connection with the activities set forth in (a).

9.    All documents detailing or setting forth the relationship between Lexington Financial and OmniNet Capital, LLC, if any.

10.    All documents detailing or setting forth the relationship between Lexington Financial and Omni 808 or Vision Capital, if any.

11.    All documents detailing or setting forth the relationship between Lexington Financial and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA Entertainment, Inc., if any.

12.    All documents detailing or setting forth the relationship between Lexington Financial and Isaac Larian or his family members, if any. As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

13.    All documents referring or relating to the source of funding or credit for Vision Capital.

14.    All documents detailing or setting forth the relationship between Vision Capital and Isaac Larian or his family members.

15.    All documents referring or relating to the source of funding or credit for Omni 808.

16.    All documents detailing or setting forth the relationship between Omni 808 and Isaac Larian or his family members.

17.    All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

18.    All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

19.    All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac Larian or his family members.

20.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington

2

EXHIBIT _10_

PAGE _41_

Financial to Isaac Larian, his family members, or any other related party, including MGA Entertainment, Inc.

21.    Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

22.    All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

23.    All communications referring or relating to Lexington Financial, Omni 808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

24.    All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest allegedly reflected therein.

25.    Documents sufficient to show each and every entity or business in which you have an interest or role or over which you have control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

26.    All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members and that also involves you, or any entity or business that you own or control.

27.    To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of your relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

3

EXHIBIT _10_

PAGE _42_

# EXHIBIT 1

EXHIBIT _10_

PAGE _43_

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
FRED MASHIAN
3102747001

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230630002
FILING NUMBER: 08-7170410100
FILING DATE: 08/28/2008 14:23
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE POSTAL CODE | COUNTRY |
| 1525 SOUTH BROADWAY | LOS ANGELES | CA    90015 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION  LLC | 1f. JURISDICTION OF ORGANIZATION  DE | 1g. ORGANIZATIONAL ID#, if any  4588299   ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any   ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 33-35 DAWS LANE | LONDON | | NW7 4SD | UK |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY.
SECRETARY OF STATE FILING #200813600016.

5. ALT DESIGNATION: ☐ LESSEE/LESSOR  ☐ CONSIGNEE/CONSIGNOR  ☐ BAILEE/BAILOR  ☐ SELLER/BUYER  ☐ AG. LIEN  ☐ NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]   |   7. Check to REQUEST SEARCH REPORT(s) on Debtor(s) [ADDITIONAL FEE]   [optional] ☐ All Debtors  ☐ Debtor 1  ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY

EXHIBIT _10_

PAGE _44_

# EXHIBIT 11

**From:** Villar, Peter N. [mailto:peter.villar@bingham.com]
**Sent:** Thursday, February 12, 2009 12:29 PM
**To:** Jon Corey
**Subject:** MGA/Mattel

Jon, we will be representing Fred Mashian and Lexington Financial in this matter. I believe you served Mr. Mashian and Lexington Financial with subpoenas. However, the copies we received from our clients do not contain any Attachments. Would you email me the documents you believe were served on Mr. Mashian and Lexington Financial and grant us a one-week extension of time to respond to the subpoenas.

Regards, Peter

**B I N G H A M**
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

=========================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS
requirements, we inform you that any U.S. federal tax advice contained in
this communication is not intended or written to be used, and cannot be used
by any taxpayer, for the purpose of avoiding any federal tax penalties. Any
legal advice expressed in this message is being delivered to you solely for
your use in connection with the matters addressed herein and may not be
relied upon by any other person or entity or used for any other purpose
without our prior written consent.
The information in this e-mail (including attachments, if any) is considered
confidential and is intended only for the recipient(s) listed above. Any
review, use, disclosure, distribution or copying of this e-mail is prohibited
except by or on behalf of the intended recipient. If you have received this
email in error, please notify me immediately by reply email, delete this
email, and do not disclose its contents to anyone. Thank you.
=========================================================================

EXHIBIT _11_

PAGE _45_

# EXHIBIT 12

**From:** Jon Corey
**Sent:** Thursday, February 12, 2009 3:49 PM
**To:** 'Villar, Peter N.'
**Subject:** RE: MGA/Mattel

Peter,

Attached are the subpoenas with the proofs of service and the attachments.  An additional week to respond to the Mashain and the Lexington Financial subpoenas is fine.  Please let me know if you have any questions.

Best regards,

Jon Corey

Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com


**From:** Villar, Peter N. [mailto:peter.villar@bingham.com]
**Sent:** Thursday, February 12, 2009 12:29 PM
**To:** Jon Corey
**Subject:** MGA/Mattel

Jon, we will be representing Fred Mashian and Lexington Financial in this matter.  I believe you served Mr. Mashian and Lexington Financial with subpoenas.  However, the copies we received from our clients do not contain any Attachments.  Would you email me the documents you believe were served on Mr. Mashian and Lexington Financial and grant us a one-week extension of time to respond to the subpoenas.

Regards, Peter

**B I N G H A M**
**Peter N. Villar |**
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

======================================================================
=

EXHIBIT _12_

PAGE _46_

Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties.   Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone. Thank you.
==========================================================================
=

EXHIBIT __12__

PAGE __47__

# EXHIBIT 13

**From:** Villar, Peter N. [mailto:peter.villar@bingham.com]
**Sent:** Monday, February 23, 2009 6:24 PM
**To:** Jon Corey
**Cc:** 'thomas.nolan@skadden.com'; 'pglaser@glaserweil.com'; 'rjf@msk.com'; Gordinier, Todd E.
**Subject:** MGA v. Mattel

Jon:  Attached are our objections to the subpoenas issued by Mattel, Inc. to Fred Mashian, Leon Neman and Neman Brothers & Associates, Inc.  We understand that you also attempted to serve Mr. Mashian with a subpoena to Lexington Financial, LLC.  Mr. Mashian advised us that he is not the agent for service for any such entity.

Regards, Peter


**B I N G H A M**
Peter N. Villar |
Plaza Tower, 18th Floor |
600 Anton Boulevard |
Costa Mesa, CA 92626-1924 |
T 714.830.0640 |
F 714.830.0700 |
peter.villar@bingham.com |

===========================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS
requirements, we inform you that any U.S. federal tax advice contained in
this communication is not intended or written to be used, and cannot be used
by any taxpayer, for the purpose of avoiding any federal tax penalties.  Any
legal advice expressed in this message is being delivered to you solely for
your use in connection with the matters addressed herein and may not be
relied upon by any other person or entity or used for any other purpose
without our prior written consent.
The information in this e-mail (including attachments, if any) is considered
confidential and is intended only for the recipient(s) listed above. Any
review, use, disclosure, distribution or copying of this e-mail is prohibited
except by or on behalf of the intended recipient. If you have received this
email in error, please notify me immediately by reply email, delete this
email, and do not disclose its contents to anyone. Thank you.
===========================================================================

EXHIBIT __*13*__

PAGE __*48*__

# EXHIBIT 14

1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   todd.gordinier@bingham.com
    PETER N. VILLAR (SBN 204038)
3   peter.villar@bingham.com
    JENNIFER A. LOPEZ (SBN 232320)
4   jennifer.lopez@bingham.com
    600 Anton Boulevard
5   18th Floor
    Costa Mesa, CA  92626-1924
6   Telephone:  714.830.0600
    Facsimile:  714.830.0700
7
8   Attorneys for Non-party
    FRED MASHIAN
9                      UNITED STATES DISTRICT COURT
10                    CENTRAL DISTRICT OF CALIFORNIA
11                          EASTERN DIVISION
12

| | |
|---|---|
| 13  CARTER BRYANT, an individual, | Case No. CV 04-9049 SGL (RNBx) |
| 14              Plaintiff, | Consolidated with Case No. |
| 15          v. | CV 04-09059 and Case No. CV 05-2727 |
| 16  MATTEL, INC., a Delaware | **NON-PARTY FRED MASHIAN'S** |
| 17  Corporation, | **OBJECTIONS TO DEFENDANT** |
| 18              Defendant. | **MATTEL, INC.'S SUBPOENA FOR** |
| 19 | **THE PRODUCTION OF** |
| 20 | **DOCUMENTS** |
| 21  AND CONSOLIDATED ACTIONS. | |

22
23
24
25
26
27
28

A/72844921.1

EXHIBIT 14
PAGE 49

1      Pursuant to Federal Rule of Civil Procedure 45, non-party Fred Mashian

2   ("Mashian") hereby responds to the Subpoena for the production of documents

3   (hereafter, "the Subpoena") served in this action by defendant Mattel, Inc., as

4   follows:

5

6                        **PRELIMINARY STATEMENT**

7      These responses are based solely on the facts, information and documents

8   presently known and available to Mashian. Mashian's search for and review of

9   potentially responsive documents is ongoing and may disclose the existence of

10  additional facts, information or documents, or possibly lead to additions or changes

11  to these responses. Mashian reserves the right to revise or supplement these

12  responses if and when additional facts, information or documents are discovered.

13     The inadvertent production of proprietary, confidential, highly confidential,

14  or privileged documents or information by Mashian does not and shall not

15  constitute waiver of any applicable privilege, rights under any protective order or

16  trade secret, nor should production of any document or information be construed to

17  waive any objection to the admission of such documents or information in

18  evidence, including without limitation that of relevancy.

19

20                        **GENERAL OBJECTIONS**

21     1.     Mashian objects to the Subpoena, and each document request

22  contained therein, to the extent and on the ground that it seeks documents that are

23  protected by any applicable privilege, doctrine or immunity, including without

24  limitation, the attorney-client privilege and the attorney work product doctrine.

25     2.     Mashian objects to the Subpoena, and each document request

26  contained therein, to the extent and on the ground that it seeks documents which

27  contain private, confidential or proprietary information of Mashian or his clients,

28  or where disclosure would invade the privacy rights of Mashian or his clients.

A72844921.1                                - 1 -

EXHIBIT _14_

PAGE _50_

1     3.    Mashian objects to the Subpoena, and each document request
2 contained therein, to the extent and on the ground that it seeks documents that are
3 not relevant to the parties' claims or defenses asserted in the action.

4     4.    Mashian objects to the Subpoena, and each document request
5 contained therein, to the extent and on the ground that the burden, expense or
6 intrusiveness of the discovery outweighs the likelihood that the documents sought
7 will lead to the discovery of relevant evidence.

8     5.    Mashian objects to the Subpoena, and each document request
9 contained therein, to the extent and on the ground that it seeks documents from
10 non-party Mashian that are equally or more readily available and attainable from
11 parties to the action.

12     6.    Mashian objects to the Subpoena, and each document request
13 contained therein, to the extent and on the ground that the requests are duplicative
14. of requests made to other parties or non-parties.

15     7.    Mashian objects to the Subpoena, and each document request
16 contained therein, to the extent and on the ground that it is vague, ambiguous or
17 fails to identify the documents sought with sufficient particularity.

18     8.    Mashian objects to the Subpoena, and each document request
19· contained therein, to the extent and on the ground that it is overly broad, unduly
20 burdensome, oppressive or harassing.

21     9.    Mashian objects to the Subpoena, and each document request
22 contained therein, to the extent and on the ground that it seeks documents from
23 sources that are not reasonably accessible and would subject the responding party
24 to undue burden and expense.

25     10.    Mashian objects to the Subpoena, and each document request
26 contained therein, to the extent and on the ground that it requires the production of
27 documents that are subject to a confidentiality or nondisclosure agreement.

28

A/72844921.1

- 2 -

EXHIBIT _14_

PAGE _51_

1    11.    Mashian objects to the Subpoena, and each document request

2    contained therein, on the ground that the place, date and time for compliance is not

3    reasonable or sufficient given the scope of the requests.

4    12.    Mashian objects to the Subpoena, and each document request

5    contained therein, to the extent and on the ground that the Subpoena was not

6    properly issued or served, or otherwise fails to comply with the Federal Rules of

7    Civil Procedure.

8    13.    Mashian objects to the production of any documents under the

9    Subpoena unless and until there is an acceptable protective order issued by the

10   Court.

11       In addition to these general objections which are incorporated into each and

12   every response herein, Mashian specifically responds to each individual document

13   request as follows:

14

15                         **SPECIFIC OBJECTIONS**

16   **REQUEST NO. 1:**

17       All documents referring or relating to agreements, contracts or transactions

18   between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington

19   Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA

20   Entertainment, Inc., or any subsidiary or affiliate of MGA Entertainment, Inc.

21   (hereinafter, collectively, "MGA"), and any amendments or modifications thereto,

22   and any communications referring or relating to any such agreements, contracts or

23   transactions.

24   **RESPONSE TO REQUEST NO. 1:**

25       In addition to the general objections set forth above, Mashian objects to this

26   request on the ground that it seeks private, confidential and proprietary information

27   of Mashian and other non-parties.  Mashian further objects to the request on the

28   ground that it is overly broad, unduly burdensome, oppressive and harassing.

A/72844921.1                     - 3 -

EXHIBIT __14__

PAGE __52__

1   Mashian further objects to the request on the ground that it seeks documents that
2   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the
3   request on the ground that the burden, expense and intrusiveness of the discovery
4   outweighs the likelihood that the documents sought will lead to the discovery of
5   relevant evidence.  Mashian further objects to the request on the ground that it
6   seeks documents that are protected by attorney-client privilege and attorney work
7   product doctrine.  Mashian further objects to the request on the ground that it is
8   vague, ambiguous and fails to identify the documents with sufficient particularity.
9   **REQUEST NO. 2:**
10          All documents referring or relating to agreements, contracts or transactions
11   between Vision Capital, LLC, True Vision Capital Management, LLC, or any
12   subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital
13   Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington
14   Financial, and any amendments or modifications thereto, any alleged defaults
15   thereunder, and any communications referring or relating to any such agreements,
16   contracts or transactions.
17   **RESPONSE TO REQUEST NO. 2:**
18          In addition to the general objections set forth above, Mashian objects to this
19   request on the ground that it seeks private, confidential and proprietary information
20   of Mashian and other non-parties.  Mashian further objects to the request on the
21   ground that it is overly broad, unduly burdensome, oppressive and harassing.
22   Mashian further objects to the request on the ground that it seeks documents that
23   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the
24   request on the ground that the burden, expense and intrusiveness of the discovery
25   outweighs the likelihood that the documents sought will lead to the discovery of
26   relevant evidence.  Mashian further objects to the request on the ground that it
27   seeks documents that are protected by attorney-client privilege and attorney work
28   product doctrine.  Mashian further objects to the request on the ground that it is

A/72844921.1                                    - 4 -

EXHIBIT *14*

PAGE *53*

1   vague, ambiguous and fails to identify the documents with sufficient particularity.

2   **REQUEST NO. 3:**

3        All documents referring or relating to agreements, contracts or transactions

4   between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808

5   Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial,

6   and any amendments or modifications thereto, any alleged defaults thereunder, and

7   any communications referring or relating to any such agreements, contracts or

8   transactions.

9   **RESPONSE TO REQUEST NO. 3:**

10        In addition to the general objections set forth above, Mashian objects to this

11   request on the ground that it seeks private, confidential and proprietary information

12   of Mashian and other non-parties.  Mashian further objects to the request on the

13   ground that it is overly broad, unduly burdensome, oppressive and harassing.

14   Mashian further objects to the request on the ground that it seeks documents that

15   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

16   request on the ground that the burden, expense and intrusiveness of the discovery

17   outweighs the likelihood that the documents sought will lead to the discovery of

18   relevant evidence.  Mashian further objects to the request on the ground that it

19   seeks documents that are protected by attorney-client privilege and attorney work

20   product doctrine.  Mashian further objects to the request on the ground that it is

21   vague, ambiguous and fails to identify the documents with sufficient particularity.

22   **REQUEST NO. 4:**

23        All documents containing financial information, including but not limited to

24   historical and prospective financial performance, provided by MGA Entertainment,

25   Inc. to Lexington Financial since January 1, 2007.

26   **RESPONSE TO REQUEST NO. 4:**

27        In addition to the general objections set forth above, Mashian objects to this

28   request on the ground that it is overly broad, unduly burdensome, oppressive and

A/72844921.1                                        - 5 -

EXHIBIT _14_

PAGE _54_

1   harassing. Mashian further objects to the request on the ground that it seeks
2   documents that are not relevant to Phase 2 of these proceedings. Mashian further
3   objects to the request on the ground that the burden, expense and intrusiveness of
4   the discovery outweighs the likelihood that the documents sought will lead to the
5   discovery of relevant evidence. Mashian further objects to the request on the
6   ground that it seeks documents that are protected by attorney-client privilege and
7   attorney work product doctrine. Mashian further objects to the request on the
8   ground that it seeks private, confidential and proprietary information. Mashian
9   further objects to the request on the ground that it is vague, ambiguous and fails to
10  identify the documents with sufficient particularity. Mashian further objects to the
11  request on the ground that it seeks documents from a non-party that are equally or
12  more readily attainable from a party, MGA.

13  **REQUEST NO. 5:**

14      Documents sufficient to identify (a) each member, managing member,
15  holder of any ownership interest in, shareholder, office and director of Lexington
16  Financial and (b) the dates of such person's affiliation with Lexington Financial.

17  **RESPONSE TO REQUEST NO. 5:**

18      In addition to the general objections set forth above, Mashian objects to this
19  request on the ground that it seeks private, confidential and proprietary information
20  of Mashian and other non-parties. Mashian further objects to the request on the
21  ground that it is overly broad, unduly burdensome, oppressive and harassing.
22  Mashian further objects to the request on the ground that it seeks documents that
23  are not relevant to Phase 2 of these proceedings. Mashian further objects to the
24  request on the ground that the burden, expense and intrusiveness of the discovery
25  outweighs the likelihood that the documents sought will lead to the discovery of
26  relevant evidence. Mashian further objects to the request on the ground that it
27  seeks documents that are protected by attorney-client privilege and attorney work
28  product doctrine. Mashian further objects to the request on the ground that it is

A/72844921.1                          - 6 -



EXHIBIT __14__

PAGE __55__

1  vague, ambiguous and fails to identify the documents with sufficient particularity.

2  **REQUEST NO. 6:**

3      Documents sufficient to identify (a) each member, managing member,

4  holder of any ownership interest in, shareholder, office and director of Vision

5  Capital and (b) the dates of such person's affiliation with Vision Capital.

6  **RESPONSE TO REQUEST NO. 6:**

7      In addition to the general objections set forth above, Mashian objects to this

8  request on the ground that it seeks private, confidential and proprietary information

9  of Mashian and other non-parties. Mashian further objects to the request on the

10  ground that it is overly broad, unduly burdensome, oppressive and harassing.

11  Mashian further objects to the request on the ground that it seeks documents that

12  are not relevant to Phase 2 of these proceedings. Mashian further objects to the

13  request on the ground that the burden, expense and intrusiveness of the discovery

14  outweighs the likelihood that the documents sought will lead to the discovery of

15  relevant evidence. Mashian further objects to the request on the ground that it

16  seeks documents that are protected by attorney-client privilege and attorney work

17  product doctrine. Mashian further objects to the request on the ground that it is

18  vague, ambiguous and fails to identify the documents with sufficient particularity.

19  **REQUEST NO. 7:**

20      All documents referring or relating to the formation and governance of

21  Lexington Financial, including documents identifying (a) each person involved in

22  retaining, hiring or engaging or who otherwise communicated with Trust Services

23  (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or

24  engaging or who otherwise communicated with the office that Lexington

25  purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts,

26  credit cards or other financial instruments used in connection with the activities set

27  forth in (a) and/or (b).

28

A/72844921.1                          - 7 -

EXHIBIT _14_

PAGE _56_

1   **RESPONSE TO REQUEST NO. 7:**

2          In addition to the general objections set forth above, Mashian objects to this

3   request on the ground that it seeks private, confidential and proprietary information

4   of Mashian and other non-parties. Mashian further objects to the request on the

5   ground that it is overly broad, unduly burdensome, oppressive and harassing.

6   Mashian further objects to the request on the ground that it seeks documents that

7   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

8   request on the ground that the burden, expense and intrusiveness of the discovery

9   outweighs the likelihood that the documents sought will lead to the discovery of

10  relevant evidence. Mashian further objects to the request on the ground that it

11  seeks documents that are protected by attorney-client privilege and attorney work

12  product doctrine. Mashian further objects to the request on the ground that it is

13  vague, ambiguous and fails to identify the documents with sufficient particularity.

14  **REQUEST NO. 8:**

15         All documents referring or relating to the formation and governance of

16  Vision Capital, including documents identifying (a) each person involved in

17  retaining, hiring or engaging or who otherwise communicated with Delaware

18  Corporations LLC, and (b) any bank accounts, credit cards or otherwise financial

19  instruments used in connection with the activities set forth in (a).

20  **RESPONSE TO REQUEST NO. 8:**

21         In addition to the general objections set forth above, Mashian objects to this

22  request on the ground that it seeks private, confidential and proprietary information

23  of Mashian and other non-parties. Mashian further objects to the request on the

24  ground that it is overly broad, unduly burdensome, oppressive and harassing.

25  Mashian further objects to the request on the ground that it seeks documents that

26  are not relevant to Phase 2 of these proceedings. Mashian further objects to the

27  request on the ground that the burden, expense and intrusiveness of the discovery

28  outweighs the likelihood that the documents sought will lead to the discovery of

A/72844921.1                          - 8 -

EXHIBIT _14_

PAGE _57_

1  relevant evidence.  Mashian further objects to the request on the ground that it

2  seeks documents that are protected by attorney-client privilege and attorney work

3  product doctrine.  Mashian further objects to the request on the ground that it is

4  vague, ambiguous and fails to identify the documents with sufficient particularity.

5  **REQUEST NO. 9:**

6      All documents detailing or setting forth the relationship between Lexington

7  Financial and OmniNet Capital, LLC, if any.

8  **RESPONSE TO REQUEST NO. 9:**

9      In addition to the general objections set forth above, Mashian objects to this

10  request on the ground that it seeks private, confidential and proprietary information

11  of Mashian and other non-parties.  Mashian further objects to the request on the

12  ground that it is overly broad, unduly burdensome, oppressive and harassing.

13  Mashian further objects to the request on the ground that it seeks documents that

14  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

15  request on the ground that the burden, expense and intrusiveness of the discovery

16  outweighs the likelihood that the documents sought will lead to the discovery of

17  relevant evidence.  Mashian further objects to the request on the ground that it

18  seeks documents that are protected by attorney-client privilege and attorney work

19  product doctrine.  Mashian further objects to the request on the ground that it is

20  vague, ambiguous and fails to identify the documents with sufficient particularity.

21  **REQUEST NO. 10:**

22      All documents detailing or setting forth the relationship between Lexington

23  Financial and Omni 808 or Vision Capital, if any.

24  **RESPONSE TO REQUEST NO. 10:**

25      In addition to the general objections set forth above, Mashian objects to this

26  request on the ground that it seeks private, confidential and proprietary information

27  of Mashian and other non-parties.  Mashian further objects to the request on the

28  ground that it is overly broad, unduly burdensome, oppressive and harassing.

A/72844921.1                                    - 9 -

EXHIBIT *14*

PAGE *58*

1   Mashian further objects to the request on the ground that it seeks documents that

2   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

3   request on the ground that the burden, expense and intrusiveness of the discovery

4   outweighs the likelihood that the documents sought will lead to the discovery of

5   relevant evidence.  Mashian further objects to the request on the ground that it

6   seeks documents that are protected by attorney-client privilege and attorney work

7   product doctrine.  Mashian further objects to the request on the ground that it is

8   vague, ambiguous and fails to identify the documents with sufficient particularity.

9   **REQUEST NO. 11:**

10      All documents detailing or setting forth the relationship between Lexington

11   Financial and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA

12   Entertainment, Inc., if any.

13   **RESPONSE TO REQUEST NO. 11:**

14      In addition to the general objections set forth above, Mashian objects to this

15   request on the ground that it seeks private, confidential and proprietary information

16   of Mashian and other non-parties.  Mashian further objects to the request on the

17   ground that it is overly broad, unduly burdensome, oppressive and harassing.

18   Mashian further objects to the request on the ground that it seeks documents that

19   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

20   request on the ground that the burden, expense and intrusiveness of the discovery

21   outweighs the likelihood that the documents sought will lead to the discovery of

22   relevant evidence.  Mashian further objects to the request on the ground that it

23   seeks documents that are protected by attorney-client privilege and attorney work

24   product doctrine.  Mashian further objects to the request on the ground that it is

25   vague, ambiguous and fails to identify the documents with sufficient particularity.

26   **REQUEST NO. 12:**

27      All documents detailing or setting forth the relationship between Lexington

28   Financial and Isaac Larian or his family members, if any.  As used in these

A/72844921.1                                      - 10 -

EXHIBIT _14_

PAGE _59_

1   Requests, "family members" of Isaac Larian include without limitation Farhad

2   Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the

3   Larian, Neman or Zarabi families or any entities or businesses that any of the

4   foregoing own, have an interest in or control.

5   **RESPONSE TO REQUEST NO. 12:**

6       In addition to the general objections set forth above, Mashian objects to this

7   request on the ground that it seeks private, confidential and proprietary information

8   of Mashian and other non-parties.  Mashian further objects to the request on the

9   ground that it is overly broad, unduly burdensome, oppressive and harassing.

10   Mashian further objects to the request on the ground that it seeks documents that

11   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

12   request on the ground that the burden, expense and intrusiveness of the discovery

13   outweighs the likelihood that the documents sought will lead to the discovery of

14   relevant evidence.  Mashian further objects to the request on the ground that it

15   seeks documents that are protected by attorney-client privilege and attorney work

16   product doctrine.  Mashian further objects to the request on the ground that it is

17   vague, ambiguous and fails to identify the documents with sufficient particularity.

18   **REQUEST NO. 13:**

19       All documents referring or relating to the source of funding or credit for

20   Vision Capital.

21   **RESPONSE TO REQUEST NO. 13:**

22       In addition to the general objections set forth above, Mashian objects to this

23   request on the ground that it seeks private, confidential and proprietary information

24   of Mashian and other non-parties.  Mashian further objects to the request on the

25   ground that it is overly broad, unduly burdensome, oppressive and harassing.

26   Mashian further objects to the request on the ground that it seeks documents that

27   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

28   request on the ground that the burden, expense and intrusiveness of the discovery

A/72844921.1         - 11 -

EXHIBIT *14*

PAGE *60*

1  outweighs the likelihood that the documents sought will lead to the discovery of

2  relevant evidence. Mashian further objects to the request on the ground that it

3  seeks documents that are protected by attorney-client privilege and attorney work

4  product doctrine. Mashian further objects to the request on the ground that it is

5  vague, ambiguous and fails to identify the documents with sufficient particularity.

6  **REQUEST NO. 14:**

7      All documents detailing or setting forth the relationship between Vision

8  Capital and Isaac Larian or is family members.

9  **RESPONSE TO REQUEST NO. 14:**

10      In addition to the general objections set forth above, Mashian objects to this

11  request on the ground that it seeks private, confidential and proprietary information

12  of Mashian and other non-parties. Mashian further objects to the request on the

13  ground that it is overly broad, unduly burdensome, oppressive and harassing.

14  Mashian further objects to the request on the ground that it seeks documents that

15  are not relevant to Phase 2 of these proceedings. Mashian further objects to the

16  request on the ground that the burden, expense and intrusiveness of the discovery

17  outweighs the likelihood that the documents sought will lead to the discovery of

18  relevant evidence. Mashian further objects to the request on the ground that it

19  seeks documents that are protected by attorney-client privilege and attorney work

20  product doctrine. Mashian further objects to the request on the ground that it is

21  vague, ambiguous and fails to identify the documents with sufficient particularity.

22  **REQUEST NO. 15:**

23      All documents referring or relating to the source of funding or credit for

24  Omni 808.

25  **RESPONSE TO REQUEST NO. 15:**

26      In addition to the general objections set forth above, Mashian objects to this

27  request on the ground that it seeks private, confidential and proprietary information

28  of Mashian and other non-parties. Mashian further objects to the request on the

A/72844921.1                      - 12 -



EXHIBIT _14_

PAGE _61_

1   ground that it is overly broad, unduly burdensome, oppressive and harassing.

2   Mashian further objects to the request on the ground that it seeks documents that

3   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

4   request on the ground that the burden, expense and intrusiveness of the discovery

5   outweighs the likelihood that the documents sought will lead to the discovery of

6   relevant evidence.  Mashian further objects to the request on the ground that it

7   seeks documents that are protected by attorney-client privilege and attorney work

8   product doctrine.  Mashian further objects to the request on the ground that it is

9   vague, ambiguous and fails to identify the documents with sufficient particularity.

10  **REQUEST NO. 16:**

11          All documents detailing or setting forth the relationship between Omni 808

12  and Isaac Larian or his family members.

13  **RESPONSE TO REQUEST NO. 16:**

14          In addition to the general objections set forth above, Mashian objects to this

15  request on the ground that it seeks private, confidential and proprietary information

16  of Mashian and other non-parties.  Mashian further objects to the request on the

17  ground that it is overly broad, unduly burdensome, oppressive and harassing.

18  Mashian further objects to the request on the ground that it seeks documents that

19  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

20  request on the ground that the burden, expense and intrusiveness of the discovery

21  outweighs the likelihood that the documents sought will lead to the discovery of

22  relevant evidence.  Mashian further objects to the request on the ground that it

23  seeks documents that are protected by attorney-client privilege and attorney work

24  product doctrine.  Mashian further objects to the request on the ground that it is

25  vague, ambiguous and fails to identify the documents with sufficient particularity.

26  **REQUEST NO. 17:**

27          All documents referring or relating to the source of funding or credit for

28  MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

A/72844921.1                                    - 13 -

EXHIBIT _14_

PAGE _62_

1   **RESPONSE TO REQUEST NO. 17:**

2        In addition to the general objections set forth above, Mashian objects to this

3   request on the ground that it is overly broad, unduly burdensome, oppressive and

4   harassing.  Mashian further objects to the request on the ground that it seeks

5   documents that are not relevant to Phase 2 of these proceedings.  Mashian further

6   objects to the request on the ground that the burden, expense and intrusiveness of

7   the discovery outweighs the likelihood that the documents sought will lead to the

8   discovery of relevant evidence.  Mashian further objects to the request on the

9   ground that it seeks documents that are protected by attorney-client privilege and

10  attorney work product doctrine.  Mashian further objects to the request on the

11  ground that it seeks private, confidential and proprietary information.  Mashian

12  further objects to the request on the ground that it is vague, ambiguous and fails to

13  identify the documents with sufficient particularity.  Mashian further objects to the

14  request on the ground that it seeks documents from a non-party that are equally or

15  more readily attainable from a party, MGA.

16  **REQUEST NO. 18:**

17        All documents referring or relating to all contributions, loans and any

18  sources of funding for Lexington Financial during the last twelve months,

19  including but not limited to agreements and/or contracts supporting these

20  transactions.

21  **RESPONSE TO REQUEST NO. 18:**

22        In addition to the general objections set forth above, Mashian objects to this

23  request on the ground that it seeks private, confidential and proprietary information

24  of Mashian and other non-parties.  Mashian further objects to the request on the

25  ground that it is overly broad, unduly burdensome, oppressive and harassing.

26  Mashian further objects to the request on the ground that it seeks documents that

27  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

28  request on the ground that the burden, expense and intrusiveness of the discovery

A/72844921.1                                    - 14 -

EXHIBIT _14_

PAGE _63_

1   outweighs the likelihood that the documents sought will lead to the discovery of

2   relevant evidence. Mashian further objects to the request on the ground that it

3   seeks documents that are protected by attorney-client privilege and attorney work

4   product doctrine. Mashian further objects to the request on the ground that it is

5   vague, ambiguous and fails to identify the documents with sufficient particularity.

6   **REQUEST NO. 19:**

7       All documents showing detail of loan facilities with an indication of creditor

8   and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet

9   Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac

10   Larian or his family members.

11   **RESPONSE TO REQUEST NO. 19:**

12       In addition to the general objections set forth above, Mashian objects to this

13   request on the ground that it seeks private, confidential and proprietary information

14   of Mashian and other non-parties. Mashian further objects to the request on the

15   ground that it is overly broad, unduly burdensome, oppressive and harassing.

16   Mashian further objects to the request on the ground that it seeks documents that

17   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

18   request on the ground that the burden, expense and intrusiveness of the discovery

19   outweighs the likelihood that the documents sought will lead to the discovery of

20   relevant evidence. Mashian further objects to the request on the ground that it

21   seeks documents that are protected by attorney-client privilege and attorney work

22   product doctrine. Mashian further objects to the request on the ground that it is

23   vague, ambiguous and fails to identify the documents with sufficient particularity.

24   **REQUEST NO. 20:**

25       All documents referring or relating to transactions involving any

26   compensation, loans, advances, payments, fees or any other form of consideration

27   paid by Lexington Financial to Isaac Larian, his family members, or any other

28   related party, including MGA Entertainment, Inc.

A/72844921.1          - 15 -



EXHIBIT _14_

PAGE _64_

**RESPONSE TO REQUEST NO. 20:**

1     In addition to the general objections set forth above, Mashian objects to this
2  request on the ground that it seeks private, confidential and proprietary information
3  of Mashian and other non-parties.  Mashian further objects to the request on the
4  ground that it is overly broad, unduly burdensome, oppressive and harassing.
5  Mashian further objects to the request on the ground that it seeks documents that
6  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the
7  request on the ground that the burden, expense and intrusiveness of the discovery
8  outweighs the likelihood that the documents sought will lead to the discovery of
9  relevant evidence.  Mashian further objects to the request on the ground that it
10  seeks documents that are protected by attorney-client privilege and attorney work
11  product doctrine.  Mashian further objects to the request on the ground that it is
12  vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 21:**

14     Any and all records that substantiate transfers of assets by Lexington
15  Financial to other entities, individuals, and/or parties, within the U.S. and outside
16  of the U.S.

**RESPONSE TO REQUEST NO. 21:**

18     In addition to the general objections set forth above, Mashian objects to this
19  request on the ground that it seeks private, confidential and proprietary information
20  of Mashian and other non-parties.  Mashian further objects to the request on the
21  ground that it is overly broad, unduly burdensome, oppressive and harassing.
22  Mashian further objects to the request on the ground that it seeks documents that
23  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the
24  request on the ground that the burden, expense and intrusiveness of the discovery
25  outweighs the likelihood that the documents sought will lead to the discovery of
26  relevant evidence.  Mashian further objects to the request on the ground that it
27  seeks documents that are protected by attorney-client privilege and attorney work



EXHIBIT 14

PAGE 65

1  product doctrine. Mashian further objects to the request on the ground that it is
2  vague, ambiguous and fails to identify the documents with sufficient particularity.
3  **REQUEST NO. 22:**
4       All documents referring or relating to any contract, transaction or
5  relationship between, on the one hand, Omni 808 Investors, OmniNet Capital,
6  LLC, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac
7  Larian or his family members.
8  **RESPONSE TO REQUEST NO. 22:**
9       In addition to the general objections set forth above, Mashian objects to this
10 request on the ground that it seeks private, confidential and proprietary information
11 of Mashian and other non-parties. Mashian further objects to the request on the
12 ground that it is overly broad, unduly burdensome, oppressive and harassing.
13 Mashian further objects to the request on the ground that it seeks documents that
14 are not relevant to Phase 2 of these proceedings. Mashian further objects to the
15 request on the ground that the burden, expense and intrusiveness of the discovery
16 outweighs the likelihood that the documents sought will lead to the discovery of
17 relevant evidence. Mashian further objects to the request on the ground that it
18 seeks documents that are protected by attorney-client privilege and attorney work
19 product doctrine. Mashian further objects to the request on the ground that it is
20 vague, ambiguous and fails to identify the documents with sufficient particularity.
21 **REQUEST NO. 23:**
22       All communications referring or relating to Lexington Financial, Omni 808
23 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.
24 **RESPONSE TO REQUEST NO. 23:**
25       In addition to the general objections set forth above, Mashian objects to this
26 request on the ground that it seeks private, confidential and proprietary information
27 of Mashian and other non-parties. Mashian further objects to the request on the
28 ground that it is overly broad, unduly burdensome, oppressive and harassing.

A/72844921.1                          - 17 -

EXHIBIT _14_

PAGE _66_

1   Mashian further objects to the request on the ground that it seeks documents that

2   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

3   request on the ground that the burden, expense and intrusiveness of the discovery

4   outweighs the likelihood that the documents sought will lead to the discovery of

5   relevant evidence. Mashian further objects to the request on the ground that it

6   seeks documents that are protected by attorney-client privilege and attorney work

7   product doctrine. Mashian further objects to the request on the ground that it is

8   vague, ambiguous and fails to identify the documents with sufficient particularity.

9   **REQUEST NO. 24:**

10        All documents referring or relating to the U.C.C. financing statement

11   attached as Exhibit 1 and/or security interest allegedly reflected therein.

12   **RESPONSE TO REQUEST NO. 24:**

13        In addition to the general objections set forth above, Mashian objects to this

14   request on the ground that it seeks private, confidential and proprietary information

15   of Mashian and other non-parties. Mashian further objects to the request on the

16   ground that it is overly broad, unduly burdensome, oppressive and harassing.

17   Mashian further objects to the request on the ground that it seeks documents that

18   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

19   request on the ground that the burden, expense and intrusiveness of the discovery

20   outweighs the likelihood that the documents sought will lead to the discovery of

21   relevant evidence. Mashian further objects to the request on the ground that it

22   seeks documents that are protected by attorney-client privilege and attorney work

23   product doctrine. Mashian further objects to the request on the ground that it is

24   vague, ambiguous and fails to identify the documents with sufficient particularity.

25   **REQUEST NO. 25:**

26        Documents sufficient to show each and every entity or business in which

27   Lexington Financial has an interest or role or over which Lexington Financial has

28

A/72844921.1                              - 18 -

EXHIBIT _14_

PAGE _67_

1  control and in which Isaac Larian, or his family members, have any interest or role

2  or over which Isaac Larian, or his family members, have control.

3  **RESPONSE TO REQUEST NO. 25:**

4      In addition to the general objections set forth above, Mashian objects to this

5  request on the ground that it seeks private, confidential and proprietary information

6  of Mashian and other non-parties. Mashian further objects to the request on the

7  ground that it is overly broad, unduly burdensome, oppressive and harassing.

8  Mashian further objects to the request on the ground that it seeks documents that

9  are not relevant to Phase 2 of these proceedings. Mashian further objects to the

10  request on the ground that the burden, expense and intrusiveness of the discovery

11  outweighs the likelihood that the documents sought will lead to the discovery of

12  relevant evidence. Mashian further objects to the request on the ground that it

13  seeks documents that are protected by attorney-client privilege and attorney work

14  product doctrine. Mashian further objects to the request on the ground that it is

15  vague, ambiguous and fails to identify the documents with sufficient particularity.

16  **REQUEST NO. 26:**

17      All documents referring or relating to any transfer, payment, credit, loan or

18  indebtedness to, from or by Isaac Larian, his family members, or any entity or

19  business owned or controlled by Isaac Larian or his family members and that also

20  involves you, or any entity or business that you own or controls.

21  **RESPONSE TO REQUEST NO. 26:**

22      In addition to the general objections set forth above, Mashian objects to this

23  request on the ground that it seeks private, confidential and proprietary information

24  of Mashian and other non-parties. Mashian further objects to the request on the

25  ground that it is overly broad, unduly burdensome, oppressive and harassing.

26  Mashian further objects to the request on the ground that it seeks documents that

27  are not relevant to Phase 2 of these proceedings. Mashian further objects to the

28  request on the ground that the burden, expense and intrusiveness of the discovery

A/72844921.1                                    - 19 -

EXHIBIT 14

PAGE 68

1   outweighs the likelihood that the documents sought will lead to the discovery of

2   relevant evidence.  Mashian further objects to the request on the ground that it

3   seeks documents that are protected by attorney-client privilege and attorney work

4   product doctrine.  Mashian further objects to the request on the ground that it is

5   vague, ambiguous and fails to identify the documents with sufficient particularity.

6   **REQUEST NO. 27:**

7        To the extent not produced in response to any other Request, documents

8   sufficient to show the nature, extent and timing of your relationship to or with

9   Isaac Larian, his family members, or any entity or business owned or controlled by

10  Isaac Larian or his family members.

11  **RESPONSE TO REQUEST NO. 27:**

12       In addition to the general objections set forth above, Mashian objects to this

13  request on the ground that it seeks private, confidential and proprietary information

14  of Mashian and other non-parties.  Mashian further objects to the request on the

15  ground that it is overly broad, unduly burdensome, oppressive and harassing.

16  Mashian further objects to the request on the ground that it seeks documents that

17  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

18  request on the ground that the burden, expense and intrusiveness of the discovery

19  outweighs the likelihood that the documents sought will lead to the discovery of

20  relevant evidence.  Mashian further objects to the request on the ground that it

21  seeks documents that are protected by attorney-client privilege and attorney work

22  product doctrine.  Mashian further objects to the request on the ground that it is

23  vague, ambiguous and fails to identify the documents with sufficient particularity.

24  DATED:  February 23, 2009        Bingham McCutchen LLP

25

26                                   By: _____
                                     Peter N. Villar
27                                   Attorneys for Non-party Fred Mashian

28

A/72844921.1                          - 20 -



EXHIBIT _19_

PAGE _69_

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **February 23, 2009,** I caused the attached to be served:

**NON-PARTY FRED MASHIAN'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

■ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

■ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 7:00 p.m. PST to the person(s) at the email address(es) set forth below.

**PLEASE SEE ATTACHED SERVICE LIST**

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **February 23, 2009.**

_____
Brandy Nelson

A/72844921.1

EXHIBIT _14_

PAGE _70_

1

## SERVICE LIST

2

3

| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP |
|---|---|
| Jon D. Corey, Esq. | Thomas Nolan, Esq. |
| 865 S. Figueroa St., 10th Fl. | 300 S. Grand Ave., Ste. 3400 |
| Los Angeles, CA 90017-2543 | Los Angeles, CA 90071 |
| Tele. No. (213) 443-3000 | Tele. No. (213) 687-5250 |
| Fax No. (213) 443-3100 | Fax No. (213) 621-5250 |
| Email: joncorey@quinnemanuel.com | Email: thomas.nolan@skadden.com |
| GLASER WEIL FINK JACOBS & SHAPIRO LLP | MITCHELL SILBERBERG & KNUPP LLP |
| Patricia L. Glaser, Esq. | Russell J. Frackman, Esq. |
| 10250 Constellation Blvd., 19th Floor | 11377 West Olympic Blvd. |
| Los Angeles, CA 90067 | Los Angeles, CA 90064 |
| Tele. No. (310) 553-3000 | Tele: (310) 312-3119 |
| Fax No. (310) 556-2920 | Fax: (310) 231-8319 |
| Email: pglaser@glaserweil.com | Email: rjf@msk.com |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72844921.1

EXHIBIT *14*

PAGE *71*

# EXHIBIT 15

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 24, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:     <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Peter:

I write in response to your e-mail message of February 23, 2009. Mattel did serve Mr. Mashian with a subpoena for Lexington Financial, LLC, as set forth in the proof of service that was provided to you. Based on your request for an extension of time for Lexington Financial, LLC to respond to that subpoena, I must believe that you also assumed that service on Mr. Mashian was effective. To ensure that there is no dispute over service, however, Mattel asks you to agree to accept service on behalf of Lexington, as its counsel, or to identify who the authorized agent for service of process currently is. We will agree that Lexington has one week from today to respond to the subpoena if we reach such an agreement. Otherwise, Mattel reserves all rights and requests that, pursuant to paragraph 5 of the Discovery Master Order, you meet and confer in our offices regarding a contemplated *ex parte* application to compel an authorized representative of Lexington Financial to appear at the offices of Quinn Emanuel or at the Federal Courthouse on 312 North Spring Street in Los Angeles to accept service of the subpoena.

Best regards,

*Jon Corey*

Jon Corey

EXHIBIT _15_

PAGE _72_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 660
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

*12:22*

**DATE:**   February 24, 2009

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0640 | 714.830.0719 |

**FROM:**   Jon Corey

**RE:**   *Bryant v. Mattel*

**MESSAGE:**



FAXED
FEB 2 4 2009

---

07209/2783711.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: |  |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT *15*

PAGE *73*

Confirmation Report — Memory Send

Page      : 001
Date & Time: 02-24-2009   12:19
Line 1    : 2134433100
Line 2    :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 128 |
| Date | : | 02-24  12:17 |
| To | : | ☎9643☆7209☆17148300719 |
| Number of pages | : | 002 |
| Start time | : | 02-24  12:17 |
| End time | : | 02-24  12:19 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number   : 128           *** SEND SUCCESSFUL ***

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

12:22

DATE:     February 24, 2009                    NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Peter N. Villar, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0640 | 714.830.0719 |

FROM:     Jon Corey

RE:       *Bryant v. Mattel*

MESSAGE:

| | | | |
|---|---|---|---|
| 07309/2793711.1 | | | ☒ CONFIRM FAX |
| CLIENT # | 7309 | ROUTE/<br>RETURN TO: Johanna Lopez/101B Floor | ☒ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED?  ☐ No  ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  *15*

PAGE  *74*

# EXHIBIT 16

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 17

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 851-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

06-7090317861
10/30/2006 16:46

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
MGA Entertainment (Mexico), Inc.

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE: ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0098523 | | Corporation | California | CA C2643976 | □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE: ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
Wachovia Bank, National Association, as Agent

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION (if applicable) | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]   All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State

MN(07(08945-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT __17__

PAGE __81__

1821481B882

## Exhibit A

Debtor:
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of, (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

A-1

EXHIBIT 17

PAGE 82

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A-2

EXHIBIT _17_

PAGE _83_

SCHEDULE 1

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|--------|--------------------------|--------------------------|----------------------------|-------------------------|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

EXHIBIT 17
PAGE 84

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1. Identification of the Record to which this FILING OFFICER STATEMENT relates.

   1a. INITIAL FINANCING STATEMENT #: 067090317861

   1b. RECORD TO WHICH THIS STATEMENT RELATES:

DOCUMENT NUMBER: 10266190001
FILING NUMBER: 0670908369
FILE DATE/TIME: 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

   ☒ Debtor   ☐ Secured Party        ☐ File Date entered incorrectly
   ☐ Name and Address not indexed.    ☐ Wrong Action type entered
   ☒ Name indexed incorrectly         ☐ Wrong Filing Type entered
   ☐ Address indexed incorrectly      ☐ Filed in Error
                                       ☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

   ☐ Added Name:
   ☐ Address:
   ☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
   ☒ To: MGA ENTERTAINMENT (MEXICO), INC.
   ☐ Corrected Address from:
   ☐ To:
   ☐ Corrected File Date from        to
   ☐ Re-entered the UCC3        as a
   ☐ Changed the Filing Type from        to
   ☐ Document Deleted
   ☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34

EXHIBIT _17_

PAGE _85_

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

    UCC Direct Services
    1232 Q St
    Sacramento CA 95814
    Account 10010537
    CDD

**07-71137422**
**05/14/2007 11:35**

**FILED**
**CALIFORNIA**
**SECRETARY OF STATE**

SOS

12849850003 UCC 5 P2199

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 06-7090317861 filed 10/30/06 | |

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   6926488 SO

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

JBM

**EXHIBIT** _17_

**PAGE** _86_

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA-4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)   all Equity Interests now or hereafter acquired or held by Debtor in Issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)   all payments due or to become due to Debtor in respect of any of the foregoing;

(c)   all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)   all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)   all certificates and instruments representing or evidencing any of the foregoing;

(f)   all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)   all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(v)(2)).

EXHIBIT _17_

PAGE _87_

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT _17_

PAGE _88_

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

EXHIBIT _17_

PAGE _89_

08-71714107

09/09/2008 16:03

FILED
CAL. Com IX
SECRETARY OF STATE
SOS

18335590005 UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

16-0000454-2

**CL@S**
NEW CUSTOMER/XOS
1755 BEELY STR, SUITE 750
GLENDALE, CA 91175
UCCFILE(X1.COM / XXX210099
UCCFILE(X)COM

quoted number 1036AMRW

1a. INITIAL FINANCING STATEMENT FILE # 06-7080317661                10/30/06

| 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

| ☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable). |

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
|OR| | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| | 7a. ORGANIZATION'S NAME | | | |
|OR| **OMNI 808 Investors LLC, as Agent** | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|OR| **Wachovia Bank, National Association, as Agent** | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment (Mexico), Inc.                                CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

EXHIBIT _17_

PAGE _90_

# EXHIBIT 18

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 19

# State of California
## Secretary of State

### CERTIFICATE OF STATUS

**ENTITY NAME:**   OMNI 808 INVESTORS LLC

**FILE NUMBER:**           200822610026
**FORMATION DATE:**        08/12/2008
**TYPE:**                  DOMESTIC LIMITED LIABILITY COMPANY
**JURISDICTION:**          CALIFORNIA
**STATUS:**                ACTIVE (GOOD STANDING)

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

The records of this office indicate the entity is authorized to exercise all of its powers, rights and
privileges in the State of California.

No information is available from this office regarding the financial condition, business activities
or practices of the entity.



IN WITNESS WHEREOF, I execute this certificate
and affix the Great Seal of the State of California this
day of December 13, 2008.

**DEBRA BOWEN**
Secretary of State

EXHIBIT _19_

PAGE _96_

MMS
OSP 08 89731

NP-25 (REV 1/2007)

## State of California
### Secretary of State



I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

DEC 1 3 2008

*Debra Bowen*

DEBRA BOWEN
Secretary of State

EXHIBIT __19__

PAGE __97__

OSP06 99753

2 0 0 8 2 2 6 1 0 0 2 6

**LLC-1** File # _____

## State of California
## Secretary of State

**FILED**
In the office of the Secretary of State
of the State of California

AUG 1 2 2008

## LIMITED LIABILITY COMPANY
## ARTICLES OF ORGANIZATION

A $70.00 filing fee must accompany this form.

**IMPORTANT — Read instructions before completing this form.**

This Space For Filing Use Only

**ENTITY NAME** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME OF LIMITED LIABILITY COMPANY

   OMNI 808 Investors LLC

**PURPOSE** (The following statement is required by statute and should not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

**INITIAL AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

   Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service

4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA   CITY   STATE   ZIP CODE

   CA

**MANAGEMENT** (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

   [ ] ONE MANAGER

   [✓] MORE THAN ONE MANAGER

   [ ] ALL LIMITED LIABILITY COMPANY MEMBER(S)

**ADDITIONAL INFORMATION**

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

**EXECUTION**

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

August 12, 2008
DATE

_____
SIGNATURE OF ORGANIZER

Tricia A. Church
TYPE OR PRINT NAME OF ORGANIZER

OFFICE OF THE SECRETARY OF STATE

LLC-1 (REV 04/2007)

APPROVED BY SECRETARY OF STATE

EXHIBIT _19_

PAGE _98_

# EXHIBIT 20

# Delaware

PAGE 1

### The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "VISION CAPITAL, LLC" AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF FORMATION, FILED THE NINETEENTH DAY OF AUGUST, A.D. 2008, AT 12:36 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "VISION CAPITAL, LLC".

4589295    8100H

081207227

You may verify this certificate online
at corp.delaware.gov/authver.shtml

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

AUTHENTICATION:  7032931

DATE:  12-17-08

EXHIBIT **20**

PAGE **99**

08/19/2008 11:39 FAX 3026528597          DELAWARE CORP          → SECY OF STATE          002

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:41 PM 08/19/2008
FILED 12:36 PM 08/19/2008
SRV 080883130 - 4589295 FILE

## CERTIFICATE OF FORMATION

### OF

### VISION CAPITAL, LLC

This Certificate of Formation of **VISION CAPITAL, LLC** the ("Company"), is being executed by the undersigned for the purpose of forming a limited liability company pursuant to the Delaware Limited Liability Company Act.

1. The name of the Company is **VISION CAPITAL, LLC**.

2. The address of the registered office of the Company in Delaware is 800 Delaware Avenue, City of Wilmington, New Castle County, 19801. The Company's registered agent at that address is Delaware Corporations LLC.

**IN WITNESS WHEREOF**, the undersigned, an authorized person, has caused this Certificate of Formation to be duly executed as of the 19th day of August, 2008.

DELAWARE CORPORATIONS LLC,
Authorized Person

By: _____

Robin G. Brooks, Vice President

EXHIBIT _**20**_

PAGE _**100**_

# EXHIBIT 21

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 22

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER