# EXHIBIT 14

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13        Plaintiff, | Consolidated with<br>Case No. CV 04-09059 |
| 14      vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware<br>corporation, | **DISCOVERY MATTER** |
| 16        Defendant. | **[To Be Heard By Discovery Master Hon.<br>Edward Infante (Ret.) Pursuant To The** |
| 17 | **Court's Order Of December 6, 2006]** |
| 18  AND CONSOLIDATED ACTIONS | DECLARATION OF SCOTT B. KIDMAN<br>IN SUPPORT OF MATTEL, INC.'S |
| 19 | MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS |
| 20 | |
| 21 | Hearing Date:      TBA<br>Time:              TBA<br>Place:             TBA |
| 22 | |
| 23 | **Phase 1:** |
| 24 | Discovery Cut-off:     January 14, 2008<br>Pre-trial Conference:  April 7, 2008<br>Trial Date:  April 29, 2008 |
| 25 | |

26

27                                    EXHIBIT ___14___

28                                    PAGE ___284___
                                              11 26

07209/2302435.1
─────────────────────────────────────────────
            KIDMAN DECLARATION ISO MATTEL INC.'S MOTION TO COMPEL

I, Scott B. Kidman, declare as follows:

1.     I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel").  I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.     Attached as Exhibit 1 is a true and correct copy of Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc. dated June 6, 2007 (the "Requests").

3.     Attached as Exhibit 2 is a true and correct copy of MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things dated July 6, 2007.

4.     Attached as Exhibit 3 is a true and correct copy of the Court's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA dated May 15, 2007.

5.     Attached as Exhibit 4 is a true and correct copy of a letter from Scott B. Kidman to James P. Jenal dated July 20, 2007 requesting a meet and confer regarding the deficiencies in MGA's Responses to Mattel, Inc.'s Second Set of Requests for Documents and Things.

6.     I meet and conferred regarding MGA's responses to the Requests with MGA's counsel, William Charron of O'Melveny & Myers, numerous times from July 31, 2007 to August 31, 2007.  The meet and confer discussions focused largely on the breadth of a small number of requests that were not limited to documents sufficient to show the requested information, the format in which the information would be produced and when the information would be produced.

7.     Regarding the format in which the requested information would be produced, Mr. Charron represented on several occasions that MGA's accounting system allowed it to generate a summary report that would provide information responsive to a number of the requests, including unit sales, revenue and cost

EXHIBIT 4

PAGE 285

1  information by product number.  The parties agreed that this report would be

2  produced in response to requests seeking documents "sufficient to show" such

3  information and would be the most efficient method of providing this information.

4         8.    MGA agreed to produce this report and other documents

5  responsive to the Requests by September 17, 2007, and documents setting forth

6  MGA's profits from Bratz dolls and other Bratz products by September 28, 2007.  In

7  addition, MGA agreed to provide supplemental responses to the Requests by

8  September 17, 2007.  A true and correct copy of a confirming letter from Scott B.

9  Kidman to William J. Charron dated September 4, 2007 confirming MGA's

10  agreements is attached as Exhibit 5.

11         9.    Attached as Exhibit 6 is a true and correct copy of MGA

12  Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Second Set of

13  Requests for Production of Documents and Things dated September 17, 2007.

14        10.    MGA failed to produce the summary financial report and other

15  financial documents on September 17, 2007 and September 28 as agreed.

16        11.    Attached as Exhibit 7 is a true and correct copy of an e-mail

17  from Scott Kidman to William Charron dated September 26, 2007 requesting a meet

18  and confer regarding MGA's failure to produce the summary financial report.

19        12.    Thereafter, I had several conversations with Mr. Charron in

20  which he stated that he was checking on the status of the production of the summary

21  financial report.

22        13.    Attached as Exhibit 8 is a true and correct copy of an email from

23  William Charron to Scott Kidman dated October 11, 2007.

24        14.    On or about October 12, 2007, I spoke with Mr. Charron by

25  telephone.  He confirmed the summary financial report had not been produced and

26  indicated that he had no explanation for why it had not been produced and could not

27  tell me when it would be produced.

28

EXHIBIT ___14___

PAGE ___286___

07209/2302435.1

-2-

KIDMAN DECLARATION ISO MATTEL, INC.'S MOTION TO COMPEL

15.    Attached as Exhibit 9 is a true and correct copy of a letter from Michael T. Zeller to Thomas J. Nolan dated October 29, 2007.

16.    In subsequent meet and confer discussions, MGA's new counsel at Skadden Arps claimed to be unaware of the summary financial report that had been promised.

17.    On November 21, 2007, I participated in a telephonic meet and confer with MGA's counsel regarding a number of outstanding discovery issues, including MGA's failure to produce the agreed upon financial information.  During this conference, MGA's counsel, Timothy Miller, acknowledged that the revenue, cost and profit information sought by Mattel provided the "starting point" for Mattel's damages analysis but could not provide a date by which such information would be produced.

18.    Attached as Exhibit 10 is a true and correct copy of a Minute Order dated July 2, 2007.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 26th day of November, 2007, at Los Angeles, California.

Scott B. Kidman

EXHIBIT ___14___
PAGE ___287___

**Exhibit 1**

EXHIBIT _____ 14

PAGE _____ 288

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2    johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6  Los Angeles, California  90017-2543
    Telephone:  (213) 443-3000
7  Facsimile:   (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10                UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14            Plaintiff,                  Consolidated with
                                          Case No. CV 04-09059
15       vs.                              Case No. CV 05-02727

16  MATTEL, INC., a Delaware             MATTEL, INC.'S SECOND SET OF
    corporation,                         REQUESTS FOR DOCUMENTS AND
17                                        THINGS TO MGA
            Defendant.                    ENTERTAINMENT, INC.
18

19  AND CONSOLIDATED CASES

20

21

22         Pursuant to Rule 34 of the Federal Rules of Civil Procedure,

23  Mattel, Inc. hereby requests that MGA Entertainment, Inc. ("MGA") respond to

24  these document requests ("Requests") and make available for inspection and

25  copying originals of the following documents within 30 days of service at the

26  offices of Quinn Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa

27  Street, 10th floor, Los Angeles, CA 90017.  MGA shall be obligated to supplement

28

07209/2132825.2

1 | responses to these requests at such times and to the extent required by Rule 26(e) of
2 | the Federal Rules of Civil Procedure.

3 | **I.     DEFINITIONS**

4 |        For purposes of these Requests, the following definitions apply:

5 |        A.     "YOU," "YOUR" and "MGA" means MGA Entertainment, Inc.,
6 | any of its parents, subsidiaries, divisions, AFFILIATES, predecessors-in-interest
7 | and successors-in-interest. Without limiting the foregoing, MGA Entertainment,
8 | Inc. includes the entities known as ABC International Traders or ABC International
9 | Traders, Inc.

10 |        B.     "AFFILIATES" means any and all corporations, proprietorships,
11 | d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
12 | indirectly, in whole or in part, own or control, are under common ownership or
13 | control with, or are owned or controlled by a PERSON, party or entity, including
14 | without limitation each parent, subsidiary and joint venture of such PERSON, party
15 | or entity.

16 |        C.     "PERSON" or "PERSONS" means all natural persons,
17 | partnerships, corporations, joint ventures and any kind of business, legal or public
18 | entity or organization, as well as its, his or her agents, representatives, employees,
19 | officers and directors and any one else acting on its, his or her behalf, pursuant to
20 | its, his or her authority or subject to its, his or her control.

21 |        D.     "BRATZ" means any project, product, doll or DESIGN ever
22 | known by that name (whether in whole or in part and regardless of what such
23 | project, product or doll is or has been also, previously or subsequently called) and
24 | any product, doll or DESIGN or any portion thereof that is now or has ever been
25 | known as, or sold or marketed under, the name or term "Bratz" (whether in whole or
26 | in part and regardless of what such product, doll or DESIGN or portion thereof is or
27 | has been also, previously or subsequently called) or that is now or has ever been
28 | sold or marketed as part of the "Bratz" line, and each version or iteration of such

07209/2132825.2

-2-

EXHIBIT ___1___ PAGE ___5___

PAGE ___290___

1  product, doll or DESIGN or any portion thereof.  As used herein, "product, doll or
2  DESIGNS or any portion thereof" also includes without limitation any names,
3  fashions, accessories, artwork, packaging or any other works, materials, matters or
4  items included or associated therewith.  Without limiting the generality of the
5  foregoing and contrary to MGA's recent assertions in connection with other Mattel
6  discovery requests, the term "BRATZ" does not and shall not require that there be a
7  doll existing at the time of the event, incident or occurrence that is the subject of, or
8  otherwise relevant or responsive to, the Requests herein.

9          E.      "DESIGN" or "DESIGNS" means any and all representations,
10  whether two-dimensional or three-dimensional, and whether in tangible, digital,
11  electronic or other form, including but not limited to all works, designs, artwork,
12  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
13  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
14  practice, developments, inventions and/or improvements, as well as all other items,
15  things and DOCUMENTS in which any of the foregoing are or have been
16  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
17  or in part.

18          F.      "BRATZ DOLL" means any doll that is or has ever been
19  distributed, marketed, sold or offered for sale under the name "Bratz" or as part of
20  the "Bratz" line.

21          G.      "BRATZ PRODUCT" means any product, whether two-
22  dimensional or three-dimensional, and whether in tangible, digital, electronic or
23  other form: (i) that is or has ever been distributed, marketed or sold under the name
24  "Bratz" or as part of the "Bratz" line; (ii) that depicts, incorporates, embodies,
25  consists of or REFERS OR RELATES TO BRATZ; and/or (iii) that is or has ever
26  been distributed, marketed or sold in any packaging that includes the name "Bratz"
27  or depicts, incorporates, embodies, consists of or REFERS OR RELATES TO
28  BRATZ.

1          H.      "BRATZ LICENSE" means any license that REFERS OR
2    RELATES TO any BRATZ PRODUCT.

3          I.      "BRATZ MOVIE" means any motion picture or film that
4    depicts, incorporates, embodies, consists of or REFERS OR RELATES TO BRATZ
5    or any BRATZ WORK.

6          J.      "BRATZ TELEVISION SHOW" means any production
7    exhibited on television that depicts, incorporates, embodies, consists of or REFERS
8    OR RELATES TO BRATZ or any BRATZ WORK.

9          K.      "DOCUMENT" or "DOCUMENTS" means all "writings" and
10   "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>
11   <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence,</u> including, but not
12   limited to, all writings and records of every type and description including, but not
13   limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,
14   electronic mail ("e-mail"), records of telephone conversations, handwritten and
15   typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
16   and summaries of meetings, voice recordings, pictures, photographs, drawings,
17   computer cards, tapes, discs, printouts and records of all types, studies, instruction
18   manuals, policy manuals and statements, books, pamphlets, invoices, canceled
19   checks and every other device or medium by which or through which information of
20   any type is transmitted, recorded or preserved.  Without any limitation on the
21   foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
22   from the original or other versions of the DOCUMENT, including, but not limited
23   to, all drafts and all copies of such drafts or originals containing initials, comments,
24   notations, insertions, corrections, marginal notes, amendments or any other variation
25   of any kind.

26         L.      "REFER OR RELATE TO" means constituting, embodying,
27   containing, referring to, commenting on, evidencing, regarding, discussing,

28

-4-

EXHIBIT _____ 14

1  describing, mentioning, reflecting, expressing, pertaining to, concerning, supporting,
2  contradicting, negating, revoking or otherwise relating to in any manner.

3      M.    "IDENTIFY" or "IDENTITY" means the following:

4          (i)    with reference to an individual or individuals, means to
5  state, fully and separately as to each, such individual's full name, any known
6  business title, current or last known business affiliation, current or last known
7  residential address, current or last known business address, current or last known
8  relationship to MGA, and current or last known telephone number.

9          (ii)    with reference to an entity or entities, means to state, fully
10  and separately as to each, such entity's full name, state (or country) of incorporation
11  or organization, present or last known address, and present or last known telephone
12  number.

13      N.    "Any" as used in these Requests includes the word "all," and the
14  word "all" as used in these Requests includes the word "any."

15      O.    The singular form of a noun or pronoun includes within its
16  meaning the plural form of the noun or pronoun so used, and vice versa; the use of
17  the masculine form of a pronoun also includes within its meaning the feminine form
18  of the pronoun so used, and vice versa; the use of any tense of any verb includes
19  also within its meaning all other tenses of the verb so used, whenever such
20  construction results in a broader request for information; and "and" includes "or"
21  and vice versa, whenever such construction results in a broader disclosure of
22  documents or information.

23  **II.    INSTRUCTIONS**

24      A.    YOU are to produce all requested DOCUMENTS in YOUR
25  possession, custody or control.

26      B.    If YOU contend that YOU are not required to produce certain
27  DOCUMENTS called for by these Requests on the grounds of a privilege or

28

07209/2132825.2

-5-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT ___ 14

PAGE ___ 293

EXHIBIT ___ 1 ___ PAGE ___ 8

1 protection that YOU are not prepared to waive, identify each such DOCUMENT
2 and provide the following information:

    1.   the date and type of the DOCUMENT, the author(s) and all
        recipients;

    2.   the privilege or protection that YOU claim permits YOU to
        withhold the DOCUMENT;

    3.   the title and subject matter of the DOCUMENT;

    4.   any additional facts on which YOU base YOUR claim of
        privilege or protection; and

    5.   the identity of the current custodian of the original of the
        DOCUMENT.

    C.   DOCUMENTS shall be produced in their original file folders, or in lieu thereof, any writing on the file folder from which each such DOCUMENT is taken shall be copied and appended to such DOCUMENT and the PERSON for whom or department, division or office for which the DOCUMENT or the file folder is maintained shall be identified.

    D.   The DOCUMENTS should be produced in their complete and unaltered form. Attachments to DOCUMENTS should not be removed. The DOCUMENTS should not be cut-up, pasted over, redacted or altered in any way for any reason, including alleged nonrelevance. If emails are produced that had attachments, the attachments shall be attached when produced.

    E.   DOCUMENTS in electronic form shall be produced in that form.

    F.   In the event that any DOCUMENT called for by these requests has been destroyed or discarded, that DOCUMENT is to be identified by stating:

    1.   the date and type of the DOCUMENT, the author(s) and all
        recipients;

    2.   the DOCUMENT's date, subject matter, number of pages, and
        attachments or appendices;

07209/2132825.2

-6-

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT 14 PAGE 294

EXHIBIT 1 PAGE 9

1        3.    the date of destruction or discard, manner of destruction or

2              discard, and reason for destruction or discard;

3        4.    the PERSONS who were authorized to carry out such destruction

4              or discard;

5        5.    the PERSONS who have knowledge of the content, origins,

6              distribution and destruction of the DOCUMENT; and

7        6.    whether any copies of the document exist and, if so, the name of

8              the custodian of each copy.

9  **III.**   **REQUESTS FOR DOCUMENTS AND THINGS**

10  <u>REQUEST FOR PRODUCTION NO. 1</u>:

11        A sample of each BRATZ PRODUCT including, without limitation,

12  each BRATZ DOLL, sold by YOU or YOUR licensees.

13  <u>REQUEST FOR PRODUCTION NO. 2</u>:

14        DOCUMENTS sufficient to IDENTIFY every PERSON who has

15  entered into a BRATZ LICENSE with YOU or anyone acting on YOUR behalf.

16  <u>REQUEST FOR PRODUCTION NO. 3</u>:

17        DOCUMENTS sufficient to identify by product name, product number

18  and SKU each BRATZ PRODUCT including, without limitation, each BRATZ

19  DOLL, sold by YOU or YOUR licensees.

20  <u>REQUEST FOR PRODUCTION NO. 4</u>:

21        DOCUMENTS sufficient to show the number of units of each BRATZ

22  DOLL sold by YOU or YOUR licensees.

23  <u>REQUEST FOR PRODUCTION NO. 5</u>:

24        DOCUMENTS sufficient to show the revenue received by YOU from

25  the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

26  <u>REQUEST FOR PRODUCTION NO. 6</u>:

27        DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

28  and other costs for each BRATZ DOLL sold by YOU or YOUR licensees.

07209/2132825.2

EXHIBIT ____ **14**

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

EXHIBIT _1_  PAGE _10_    PAGE ____ **215**

1  REQUEST FOR PRODUCTION NO. 7:

2          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3  YOUR profits from the sale of each BRATZ DOLL sold by YOU or YOUR

4  licensees.

5  REQUEST FOR PRODUCTION NO. 8:

6          For each customer to whom YOU or YOUR licensees have ever sold

7  any BRATZ DOLL, DOCUMENTS sufficient to show the number of units of each

8  such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

9  REQUEST FOR PRODUCTION NO. 9:

10          For each customer to whom YOU or YOUR licensees have ever sold

11  any BRATZ DOLL, documents sufficient to show the revenue received by YOU

12  from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

13  REQUEST FOR PRODUCTION NO. 10:

14          For each customer to whom YOU or YOUR licensees have ever sold

15  any BRATZ DOLL, documents sufficient to show YOUR profits from each such

16  BRATZ DOLL sold by YOU or YOUR licensees to that customer.

17  REQUEST FOR PRODUCTION NO. 11:

18          DOCUMENTS sufficient to show customer returns to YOU of BRATZ

19  DOLLS sold or distributed by YOU or YOUR licensees.

20  REQUEST FOR PRODUCTION NO. 12:

21          DOCUMENTS sufficient to show customer rebates or credits given by

22  YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

23  REQUEST FOR PRODUCTION NO. 13:

24          DOCUMENTS sufficient to show, by product number or SKU, the

25  number of units of each BRATZ DOLL sold by YOU or YOUR licensees.

26

27

28

072O9/2132825.2

EXHIBIT __1__ PAGE __11__          PAGE _____

14

296

1  REQUEST FOR PRODUCTION NO. 14:

2          DOCUMENTS sufficient to show, by product number or SKU, the

3  revenue received by YOU from the sale of each BRATZ DOLL sold by YOU or

4  YOUR licensees.

5  REQUEST FOR PRODUCTION NO. 15:

6          DOCUMENTS sufficient to show, by product number or SKU, YOUR

7  cost of goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU

8  or YOUR licensees.

9  REQUEST FOR PRODUCTION NO. 16:

10          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

11  YOUR profits, by product number or SKU, from the sale of each BRATZ DOLL

12  sold by YOU or YOUR licensees.

13  REQUEST FOR PRODUCTION NO. 17:

14          For each customer to whom YOU or YOUR licensees have ever sold

15  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

16  the number of units of each such BRATZ DOLL sold by YOU or YOUR licensees

17  to that customer.

18  REQUEST FOR PRODUCTION NO. 18:

19          For each customer to whom YOU or YOUR licensees have ever sold

20  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

21  the revenue received by YOU from each such BRATZ DOLL sold by YOU or

22  YOUR licensees to that customer.

23  REQUEST FOR PRODUCTION NO. 19:

24          For each customer to whom YOU or YOUR licensees have ever sold

25  any BRATZ DOLL, DOCUMENTS sufficient to show, by product number or SKU,

26  YOUR profits from each such BRATZ DOLL sold by YOU or YOUR licensees to

27  that customer.

28

-9-

EXHIBIT _____ 14

EXHIBIT __1__ PAGE _12_

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MG
PAGE _____ 217

1  REQUEST FOR PRODUCTION NO. 20:

2          DOCUMENTS sufficient to show the revenue and profits derived by

3  YOU from the sale by YOU or YOUR licensees of BRATZ DOLLS including,

4  without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods

5  sold, variable costs, gross margins, royalties paid and received, gross profits and

6  nets profits.

7  REQUEST FOR PRODUCTION NO. 21:

8          DOCUMENTS sufficient to show the number of units of each BRATZ

9  PRODUCT sold by YOU or YOUR licensees.

10  REQUEST FOR PRODUCTION NO. 22:

11          DOCUMENTS sufficient to show the revenue received by YOU from

12  the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

13  REQUEST FOR PRODUCTION NO. 23:

14          DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost

15  and other costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

16  REQUEST FOR PRODUCTION NO. 24:

17          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

18  YOUR profits from the sale of each BRATZ PRODUCT sold by YOU or YOUR

19  licensees.

20  REQUEST FOR PRODUCTION NO. 25:

21          DOCUMENTS sufficient to IDENTIFY all customers to whom YOU

22  or YOUR licensees have ever sold any BRATZ PRODUCT.

23  REQUEST FOR PRODUCTION NO. 26:

24          For each customer to whom YOU or YOUR licensees have ever sold

25  any BRATZ PRODUCT, DOCUMENTS sufficient to show the number of units of

26  each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

27

28

07209/2132825.2

-10-

EXHIBIT _____ 14

MATTEL'S SECOND SET OF DOCUMENT REQUESTS TO MGA

PAGE _____ 218

EXHIBIT __1__ PAGE _13_

1  REQUEST FOR PRODUCTION NO. 27:

2          For each customer to whom YOU or YOUR licensees have ever sold

3  any BRATZ PRODUCT, documents sufficient to show the revenue received by

4  YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that

5  customer.

6  REQUEST FOR PRODUCTION NO. 28:

7          For each customer to whom YOU or YOUR licensees have ever sold

8  any BRATZ PRODUCT, documents sufficient to show YOUR profits from each

9  such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

10 REQUEST FOR PRODUCTION NO. 29:

11         DOCUMENTS sufficient to show customer returns to YOU of BRATZ

12 PRODUCTS sold or distributed by YOU or YOUR licensees.

13 REQUEST FOR PRODUCTION NO. 30:

14         DOCUMENTS sufficient to show customer rebates and credits given

15 by YOU or YOUR licensees to customers in connection with BRATZ DOLLS.

16 REQUEST FOR PRODUCTION NO. 31:

17         DOCUMENTS sufficient to show, by product number or SKU, the

18 number of units of each BRATZ PRODUCT sold by YOU or YOUR licensees.

19 REQUEST FOR PRODUCTION NO. 32:

20         DOCUMENTS sufficient to show, by product number or SKU, the

21 revenue received by YOU from the sale of each BRATZ PRODUCT sold by YOU

22 or YOUR licensees.

23 REQUEST FOR PRODUCTION NO. 33:

24         DOCUMENTS sufficient to show, by product number or SKU, YOUR

25 cost of goods sold, unit cost and other costs for each BRATZ PRODUCT sold by

26 YOU or YOUR licensees.

27

28

1   REQUEST FOR PRODUCTION NO. 34:

2           All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3   YOUR profits, by product number or SKU, from the sale of each BRATZ

4   PRODUCT sold by YOU or YOUR licensees.

5   REQUEST FOR PRODUCTION NO. 35:

6           For each customer to whom YOU or YOUR licensees have ever sold

7   any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

8   SKU, the number of units of each such BRATZ PRODUCT sold by YOU or YOUR

9   licensees to that customer.

10  REQUEST FOR PRODUCTION NO. 36:

11          For each customer to whom YOU or YOUR licensees have ever sold

12  any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or

13  SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by

14  YOU or YOUR licensees to that customer.

15  REQUEST FOR PRODUCTION NO. 37:

16          DOCUMENTS sufficient to show the revenue and profits derived by

17  YOU from the sale by YOU or YOUR licensees of BRATZ PRODUCTS including,

18  without limitation, DOCUMENTS sufficient to show sales revenue, costs of goods

19  sold, variable costs, gross margins, royalties paid and received, gross profits and

20  nets profits.

21  REQUEST FOR PRODUCTION NO. 38:

22          DOCUMENTS sufficient to show the revenue and profits derived by

23  YOU from BRATZ MOVIES including, without limitation, DOCUMENTS

24  sufficient to show sales revenue, costs of goods sold, variable costs, gross margins,

25  royalties paid and received, gross profits and net profits.

26  REQUEST FOR PRODUCTION NO. 39:

27          DOCUMENTS sufficient to show the revenue and profits derived by

28  YOU from BRATZ TELEVISION SHOWS including, without limitation,

-12-

EXHIBIT **14**

EXHIBIT __1__   PAGE __15__        PAGE __300__

1  DOCUMENTS sufficient to show sales revenue, costs of goods sold, variable costs,

2  gross margins, royalties paid and received, gross profits and net profits.

3  <u>REQUEST FOR PRODUCTION NO. 40:</u>

4        All DOCUMENTS that describe YOUR cost allocation procedures.

5  <u>REQUEST FOR PRODUCTION NO. 41:</u>

6        YOUR general ledgers from January 1, 1995 through the present.

7  <u>REQUEST FOR PRODUCTION NO. 42:</u>

8        All quarterly and annual profit and loss statements for BRATZ.

9  <u>REQUEST FOR PRODUCTION NO. 43:</u>

10        All sales, profit and cash flow projections or forecasts for BRATZ

11  DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION

12  SHOWS.

13  <u>REQUEST FOR PRODUCTION NO. 44:</u>

14        All DOCUMENTS that REFER OR RELATE TO the value of the

15  Bratz brand.

16  <u>REQUEST FOR PRODUCTION NO. 45:</u>

17        DOCUMENTS sufficient to calculate YOUR net worth on a yearly

18  basis for each year from 1999 to the present.

19

20

21

22

23

24

25

26

27

28

EXHIBIT _____ 14

1  REQUEST FOR PRODUCTION NO. 46:

2          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO

3  the BRATZ DOLL's share of the fashion doll market including, without limitation,

4  the extent to which Bratz has been or is gaining or losing market share in the fashion

5  doll market.

6  DATED:  June 6, 2007

7                          QUINN EMANUEL URQUHART OLIVER &
                           HEDGES, LLP
8

9                          By _____

10                            Scott B. Kidman
                             Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2132825.2

EXHIBIT ____ 14

-14-

1

**PROOF OF SERVICE**

2      I am employed in the County of Los Angeles, State of California.  I am over the age
of eighteen years and not a party to the within action; my business address is 865 South
3 Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

4      On June 6, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S SECOND SET OF REQUEST FOR DOCUMENTS AND**
5 **THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6      John W. Keker                       Patricia Glaser, Esq.
       **Keker & Van Nest, LLP**            **Christensen, Glaser, Fink, Jacobs,**
7      710 Sansome Street                  **Weil & Shapiro, LLP**
       San Francisco, CA 94111             10250 Constellation Blvd., 19th Floor
8                                          Los Angeles, CA  90067

9 **BY MAIL:**  I enclosed the foregoing into sealed envelope(s) addressed as shown above,
and I deposited such envelope(s) in the mail at Los Angeles, California.  The envelope was
10 mailed with postage thereon fully prepaid.

11     I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made.

12
       Executed on June 6, 2007, at Los Angeles, California.
13

14

15                                  Helen Lim

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2134423.1

EXHIBIT __J__ PAGE __18__

EXHIBIT __14__

PAGE __303__

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age
of eighteen years and not a party to the within action; my business address is Now Legal
3  Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On June 6, 2007, I served true copies of the following document(s) described as
**MATTEL, INC.'S SECOND SET OF REQUESTS FOR DOCUMENTS AND**
5  **THINGS TO MGA ENTERTAINMENT, INC.** on the parties in this action as follows:

6  Diana M. Torres, Esq.
**O'MELVENY & MYERS, LLP**
7  400 S. Hope Street
Los Angeles, CA 90071

8
**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the
9  person(s) being served.

10      I declare that I am employed in the office of a member of the bar of this Court at
whose direction the service was made.
11

12      Executed on June 6, 2007, at Los Angeles, California.

13                                        _____
14                                        David Quintana

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2134409.1

EXHIBIT ___/___ PAGE _19_

EXHIBIT _____ 14
PAGE _____ 304

**Exhibit 2**

EXHIBIT ____14____

PAGE ____305____

1   DALE M. CENDALI (admitted *pro hac vice*)
    DIANA M. TORRES (S.B. #162284)
2   JAMES P. JENAL (S.B. #180190)
    O'MELVENY & MYERS LLP
3   400 South Hope Street
    Los Angeles, CA 90071-2899
4   Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
5
    Attorneys for MGA Entertainment, Inc.
6

RECEIVED
JUL 0 9 2007

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 CARTER BRYANT, an individual, | Case No. CV 04-09059 SGL (RNBx) |
| 12 Plaintiff, | Consolidated with |
| 13 | Case No. CV 04-09059 |
| v. | Case No. CV 05-02727 |
| 14 MATTEL, INC., a Delaware | **MGA ENTERTAINMENT, INC.'S** |
| 15 corporation, | **RESPONSES TO MATTEL, INC.'S** |
| | **SECOND SET OF REQUESTS FOR** |
| 16 Defendant | **PRODUCTION OF DOCUMENTS AND** |
| 17 | **THINGS** |
| 18 AND CONSOLIDATED CASES | |
| 19 | |

20

21

22

23

24

25

26

27

28

EXHIBIT  2  PAGE  20  of 7|   EXHIBIT ____ 14

PAGE _____ 306

1       **PRELIMINARY STATEMENT**

2               Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its

3       investigation relating to the facts of this action and has not completed preparation for

4       trial. MGA makes its response to these document requests ("requests," or individually,

5       "request") based upon the information presently available to it and without prejudice to

6       its right to amend or supplement its responses and to present evidence which may

7       hereafter be discovered or become available.

8               MGA will respond to each request as it understands and interprets each

9       request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request

10      that differs from that of MGA, MGA reserves the right to supplement its objections and

11      responses.

12              By making these responses, MGA does not concede that any of the

13      information sought by these requests is relevant or discoverable. MGA makes these

14      responses and objections without waiving or intending to waive but rather, on the

15      contrary, preserving and intending to preserve: (a) the right to object on any grounds to

16      the use or introduction into evidence of the documents or information provided in

17      response to these requests; (b) the right to object to the use of the documents or

18      information provided in response to the requests in any subsequent proceeding in, or the

19      arbitration of this or any other action; and (c) the right to object on any ground at any

20      time to other requests or further discovery into any of the subject matters addressed in

21      these requests or the responses thereto.

22              MGA shall not provide any privileged or protected information, including

23      without limitation, information protected by the attorney-client privilege or the attorney

24      work product doctrine, and nothing herein may be construed as a waiver of any

25      applicable privilege or protection. Any inadvertent production of privileged or protected

26      documents or information shall not be construed as a waiver of any privilege or

27      protection attaching thereto and MGA reserves the right to correct the record with regard

28

                                    1                    MGA'S RESPONSE TO 2ND SET OF
                                                         REQUEST FOR PRODUCTION OF
                                                         DOCUMENTS

EXHIBIT  2  PAGE  21                    EXHIBIT _____ 14

                                                       PAGE _____ 307

1   to any such information and to supplement or amend these responses, which

2   supplemental or amended response shall become the operative response.

3                              **GENERAL OBJECTIONS**

4          1.      MGA objects to each and every request on the ground that production

5   at the date and time demanded will subject MGA to unwarranted oppression and undue

6   burden and expenses.  The time set for compliance is unduly burdensome, especially in

7   light of the number of document requests, and the scope and volume of the material being

8   sought.  MGA intends to proceed expeditiously to collect the documents for production, if

9   any, and will produce them at a date and time, and in such a manner, as may be mutually

10  agreed by counsel for the parties.

11         2.      MGA objects to each request to the extent that it seeks information

12  protected from discovery by the attorney-client privilege, work-product doctrine, right to

13  privacy, or any other applicable privilege.

14         3.      MGA objects to each request to the extent that it seeks the disclosure

15  of confidential, proprietary or trade-secret information.  Should such documents be

16  otherwise responsive and non-objectionable, MGA will produce such documents subject

17  to the terms and conditions of the protective order governing this case.

18         4.      MGA objects to each request to the extent that it seeks documents in

19  Mattel's own possession, custody or control or that are accessible to Mattel from public

20  sources or from third parties.

21         5.      MGA objects to each request to the extent that it asks for documents

22  that are not relevant to claims or defenses in this case.

23         6.      MGA objects to each and every request to the extent it purports to

24  require MGA to search all documents and things within its possession, custody or control

25  or within the possession, custody or control of any of MGA's current or former

26  employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27  divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28  person acting on its behalf, pursuant to its authority or subject to its control, on the

                                        2           MGA'S  RESPONSE TO 2ND SET OF
                                                      REQUEST FOR PRODUCTION OF
                                                                DOCUMENTS

EXHIBIT __2__ PAGE __22__          EXHIBIT _____ 14

                                   PAGE _____ 308

1   grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2   violates the right of privacy, and purports to require MGA to search for documents not

3   within its possession, custody or control.  MGA will make a reasonably diligent search for

4   responsive documents within its possession, custody or control.

5           7.    MGA objects to each and every request to the extent its seeks "all

6   documents" responsive to a certain category on the grounds that such request is overbroad

7   and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8   documents sufficient to provide Mattel with the information sought, following a

9   reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10  respond to duplicative or cumulative requests and will not re-produce documents it has

11  already produced or produce documents that it has received from Mattel or others in the

12  course of discovery in this matter.

13          8.    MGA objects to each request to the extent it seeks documents not

14  within MGA's possession, custody, or control.

15          9.    MGA objects to each request to the extent it seeks information

16  relating to activities or conduct in foreign countries.  In each instance in which MGA has

17  agreed to produce documents, such production is hereby expressly limited to documents

18  relating to domestic activities or conduct only.

19          10.   MGA objects to the defined terms "You," "Your," and "MGA" on

20  the grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call

21  for legal conclusions.

22          11.   MGA objects to the defined terms "Bratz," "Bratz Doll," "Bratz

23  Product," "Bratz License," "Bratz Movie," and "Bratz Television Show" on the grounds

24  that these terms, as defined, are overbroad, are vague and ambiguous, and call for legal

25  conclusions.

26

27

28

3

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _23_

EXHIBIT _____ 14

PAGE _____ 309

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NO. 1:**

A sample of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking samples of all Bratz products and Bratz dolls sold by MGA or its licensees. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks samples not in MGA's possession, custody or control.

Subject to the foregoing, MGA will make available for inspection all relevant and responsive non-objectionable samples that are at issue in the above-captioned litigation which it discovers in the course of its reasonable search and diligent inquiry, which are within the permissible scope of discovery, to which no privilege or other protection applies, including without limitation, the attorney-client privilege or attorney's work product doctrine.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to IDENTIFY every PERSON who has entered into a

4

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _24_

EXHIBIT _____ 14

PAGE _____ 310

1 | BRATZ LICENSE with YOU or anyone acting on YOUR behalf.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

3 |     MGA incorporates by reference the above-stated general objections as if fully set

4 | forth herein. MGA also specifically objects to this request to the extent that it seeks

5 | information not relevant to the subject matter of this lawsuit or reasonably calculated to

6 | lead to the discovery of admissible evidence. MGA also objects to this request on the

7 | grounds that it is overbroad, unduly burdensome, and oppressive in seeking information

8 | identifying all persons who have entered into Bratz licenses with MGA or anyone acting

9 | on MGA's behalf. MGA also objects to this request on the grounds that it seeks

10 | confidential, proprietary or commercially sensitive information, the disclosure of which

11 | would be inimical to the business interests of MGA. MGA also objects to this request to

12 | the extent it calls for the disclosure of attorney-client privileged information or

13 | information protected from disclosure by the work-product doctrine, joint defense or

14 | common interest privilege, or other privilege. MGA also objects to this request to the

15 | extent it seeks information the disclosure of which would implicate the rights of third

16 | parties to protect private, confidential, proprietary or trade secret information. MGA also

17 | objects to this request to the extent that it seeks documents not in MGA's possession,

18 | custody or control.

19 |     Subject to the foregoing, MGA will produce all relevant and responsive non-

20 | objectionable documents that it discovers in the course of its reasonable search and

21 | diligent inquiry, which are within the permissible scope of discovery, to which no

22 | privilege or other protection applies, including without limitation, the attorney-client

23 | privilege or attorney's work product doctrine.

24 | **REQUEST FOR PRODUCTION NO. 3:**

25 |     DOCUMENTS sufficient to identify by product name, product number and SKU

26 | each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by

27 | YOU or YOUR licensees.

28 |

5

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 25

EXHIBIT            14

PAGE            311

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA also specifically objects to this request to the extent that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence. MGA also objects to this request on the

6   grounds that it is overbroad, unduly burdensome, and oppressive in seeking information

7   identifying all product names, numbers, and SKU of Bratz products and Bratz dolls sold

8   by MGA or its licensees. MGA also objects to this request on the grounds that it seeks

9   confidential, proprietary or commercially sensitive information, the disclosure of which

10  would be inimical to the business interests of MGA. MGA also objects to this request to

11  the extent it calls for the disclosure of attorney-client privileged information or

12  information protected from disclosure by the work-product doctrine, joint defense or

13  common interest privilege, or other privilege. MGA also objects to this request to the

14  extent it seeks information the disclosure of which would implicate the rights of third

15  parties to protect private, confidential, proprietary or trade secret information. MGA also

16  objects to this request to the extent that it seeks documents not in MGA's possession,

17  custody or control.

18      Subject to the foregoing, MGA will produce all relevant and responsive non-

19  objectionable documents that it discovers in the course of its reasonable search and

20  diligent inquiry, which are within the permissible scope of discovery, to which no

21  privilege or other protection applies, including without limitation, the attorney-client

22  privilege or attorney's work product doctrine.

23  **REQUEST FOR PRODUCTION NO. 4:**

24      DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold

25  by YOU or YOUR licensees.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

27      MGA incorporates by reference the above-stated general objections as if fully set

28  forth herein. MGA also specifically objects to this request to the extent that it seeks

6

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _26_

EXHIBIT _____ 14

PAGE _____ 312

1  information not relevant to the subject matter of this lawsuit or reasonably calculated to

2  lead to the discovery of admissible evidence.  MGA also objects to this request on the

3  grounds that it is overbroad, unduly burdensome, and oppressive in seeking the number of

4  units of all Bratz dolls sold by MGA or its licensees.  MGA also objects to this request on

5  the grounds that it seeks confidential, proprietary or commercially sensitive information,

6  the disclosure of which would be inimical to the business interests of MGA.  MGA also

7  objects to this request to the extent it calls for the disclosure of attorney-client privileged

8  information or information protected from disclosure by the work-product doctrine, joint

9  defense or common interest privilege, or other privilege.  MGA also objects to this request

10  to the extent it seeks information the disclosure of which would implicate the rights of

11  third parties to protect private, confidential, proprietary or trade secret information.  MGA

12  also objects to this request to the extent that it seeks documents not in MGA's possession,

13  custody or control.

14      Subject to the foregoing, MGA will produce all relevant and responsive non-

15  objectionable documents that it discovers in the course of its reasonable search and

16  diligent inquiry, which are within the permissible scope of discovery, to which no

17  privilege or other protection applies, including without limitation, the attorney-client

18  privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 5:**

20      DOCUMENTS sufficient to show the revenue received by YOU from the sale of

21  each BRATZ DOLL sold by YOU or YOUR licensees.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

23      MGA incorporates by reference the above-stated general objections as if fully set

24  forth herein.  MGA also specifically objects to this request to the extent that it seeks

25  information not relevant to the subject matter of this lawsuit or reasonably calculated to

26  lead to the discovery of admissible evidence.  MGA also objects to this request on the

27  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

28  showing all revenue received by MGA for the sale of all Bratz dolls sold by MGA or its

7

MGA'S  RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT __2__ PAGE __27__

EXHIBIT _____ 14

PAGE _____ 313

1   licensees.  MGA also objects to this request on the grounds that it seeks confidential,

2   proprietary or commercially sensitive information, the disclosure of which would be

3   inimical to the business interests of MGA.  MGA also objects to this request to the extent

4   it calls for the disclosure of attorney-client privileged information or information

5   protected from disclosure by the work-product doctrine, joint defense or common interest

6   privilege, or other privilege.  MGA also objects to this request to the extent it seeks

7   information the disclosure of which would implicate the rights of third parties to protect

8   private, confidential, proprietary or trade secret information.  MGA also objects to this

9   request to the extent that it seeks documents not in MGA's possession, custody or control.

10       Subject to the foregoing, MGA will produce all relevant and responsive non-

11  objectionable documents that it discovers in the course of its reasonable search and

12  diligent inquiry, which are within the permissible scope of discovery, to which no

13  privilege or other protection applies, including without limitation, the attorney-client

14  privilege or attorney's work product doctrine.

15  **REQUEST FOR PRODUCTION NO. 6:**

16       DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other

17  costs for each BRATZ DOLL sold by YOU or YOUR licensees.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

19       MGA incorporates by reference the above-stated general objections as if fully set

20  forth herein.  MGA also specifically objects to this request to the extent that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably calculated to

22  lead to the discovery of admissible evidence.  MGA also objects to this request on the

23  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

24  showing MGA's cost of goods sold, unit cost, and all other costs for all Bratz dolls sold

25  by MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

26  confidential, proprietary or commercially sensitive information, the disclosure of which

27  would be inimical to the business interests of MGA.  MGA also objects to this request to

28  the extent it calls for the disclosure of attorney-client privileged information or

8

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  **2**  PAGE  **28**

EXHIBIT _____ **14**

PAGE _____ **314**

1    information protected from disclosure by the work-product doctrine, joint defense or

2    common interest privilege, or other privilege.  MGA also objects to this request to the

3    extent it seeks information the disclosure of which would implicate the rights of third

4    parties to protect private, confidential, proprietary or trade secret information.  MGA also

5    objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

6    determine what is meant by "other costs."  MGA also objects to this request to the extent

7    that it seeks documents not in MGA's possession, custody or control.

8            Subject to the foregoing, MGA will produce all relevant and responsive non-

9    objectionable documents that it discovers in the course of its reasonable search and

10   diligent inquiry, which are within the permissible scope of discovery, to which no

11   privilege or other protection applies, including without limitation, the attorney-client

12   privilege or attorney's work product doctrine.

13   **REQUEST FOR PRODUCTION NO. 7:**

14           All DOCUMENTS that evidence, reflect, or REFER OR RELATE TO YOUR

15   profits from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

17           MGA incorporates by reference the above-stated general objections as if fully set

18   forth herein.  MGA also specifically objects to this request to the extent that it seeks

19   information not relevant to the subject matter of this lawsuit or reasonably calculated to

20   lead to the discovery of admissible evidence.  MGA also objects to this request on the

21   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

22   that evidence, reflect or refer or relate to MGA's profits from the sale of all Bratz dolls by

23   MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

24   confidential, proprietary or commercially sensitive information, the disclosure of which

25   would be inimical to the business interests of MGA.  MGA also objects to this request to

26   the extent it calls for the disclosure of attorney-client privileged information or

27   information protected from disclosure by the work-product doctrine, joint defense or

28   common interest privilege, or other privilege.  MGA also objects to this request to the

9                      MGA'S RESPONSE TO 2ND SET OF
                        REQUEST FOR PRODUCTION OF
                        DOCUMENTS

EXHIBIT __2__ PAGE __29__

EXHIBIT __14__

PAGE __315__

1   extent it seeks information the disclosure of which would implicate the rights of third

2   parties to protect private, confidential, proprietary or trade secret information. MGA also

3   objects to this request to the extent that it seeks documents not in MGA's possession,

4   custody or control.

5          Subject to the foregoing, MGA will produce all relevant and responsive non-

6   objectionable documents that it discovers in the course of its reasonable search and

7   diligent inquiry, which are within the permissible scope of discovery, to which no

8   privilege or other protection applies, including without limitation, the attorney-client

9   privilege or attorney's work product doctrine.

10  **REQUEST FOR PRODUCTION NO. 8:**

11         For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

12  DOLL, DOCUMENTS sufficient to show the number of units of each such BRATZ

13  DOLL sold by YOU or YOUR licensees to that customer.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

15         MGA incorporates by reference the above-stated general objections as if fully set

16  forth herein. MGA also specifically objects to this request to the extent that it seeks

17  information not relevant to the subject matter of this lawsuit or reasonably calculated to

18  lead to the discovery of admissible evidence. MGA also objects to this request on the

19  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

20  that show the number of units of all Bratz dolls sold by MGA or its licensees to every

21  customer to whom MGA or its licensees have ever sold any Bratz dolls. MGA also

22  objects to this request on the grounds that it seeks confidential, proprietary or

23  commercially sensitive information, the disclosure of which would be inimical to the

24  business interests of MGA. MGA also objects to this request to the extent it calls for the

25  disclosure of attorney-client privileged information or information protected from

26  disclosure by the work-product doctrine, joint defense or common interest privilege, or

27  other privilege. MGA also objects to this request to the extent it seeks information the

28  disclosure of which would implicate the rights of third parties to protect private,

                              10          MGA'S  RESPONSE TO 2ND SET OF
                                          REQUEST FOR PRODUCTION OF
                                          DOCUMENTS

EXHIBIT __2__ PAGE _30_       EXHIBIT _____ 14

                              PAGE _____ 316

1   confidential, proprietary or trade secret information. MGA also objects to this request to

2   the extent that it seeks documents not in MGA's possession, custody or control.

3        Subject to the foregoing, MGA will produce all relevant and responsive non-

4   objectionable documents that it discovers in the course of its reasonable search and

5   diligent inquiry, which are within the permissible scope of discovery, to which no

6   privilege or other protection applies, including without limitation, the attorney-client

7   privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 9:**

9        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

10  DOLL, documents sufficient to show the revenue received by YOU from each such

11  BRATZ DOLL sold by YOU or YOUR licensees to that customer.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

13       MGA incorporates by reference the above-stated general objections as if fully set

14  forth herein. MGA also specifically objects to this request to the extent that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably calculated to

16  lead to the discovery of admissible evidence. MGA also objects to this request on the

17  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

18  that show the revenue received by MGA from the sale of all Bratz dolls to every customer

19  to whom MGA or its licenses have ever sold any Bratz dolls. MGA also objects to this

20  request on the grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of MGA.

22  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-product

24  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

25  to this request to the extent it seeks information the disclosure of which would implicate

26  the rights of third parties to protect private, confidential, proprietary or trade secret

27  information. MGA also objects to this request to the extent that it seeks documents not in

28  MGA's possession, custody or control.

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _31_

EXHIBIT _____ 14

PAGE _____ 317

1        Subject to the foregoing, MGA will produce all relevant and responsive non-

2    objectionable documents that it discovers in the course of its reasonable search and

3    diligent inquiry, which are within the permissible scope of discovery, to which no

4    privilege or other protection applies, including without limitation, the attorney-client

5    privilege or attorney's work product doctrine.

6    **REQUEST FOR PRODUCTION NO. 10:**

7        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

8    DOLL, documents sufficient to show YOUR profits from each such BRATZ DOLL sold

9    by YOU or YOUR licensees to that customer.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

11       MGA incorporates by reference the above-stated general objections as if fully set

12   forth herein. MGA also specifically objects to this request to the extent that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably calculated to

14   lead to the discovery of admissible evidence. MGA also objects to this request on the

15   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

16   that show MGA's profits from the sale of all Bratz dolls to every customer to whom MGA

17   or its licenses have ever sold any Bratz dolls. MGA also objects to this request on the

18   grounds that it seeks confidential, proprietary or commercially sensitive information, the

19   disclosure of which would be inimical to the business interests of MGA. MGA also

20   objects to this request to the extent it calls for the disclosure of attorney-client privileged

21   information or information protected from disclosure by the work-product doctrine, joint

22   defense or common interest privilege, or other privilege. MGA also objects to this request

23   to the extent it seeks information the disclosure of which would implicate the rights of

24   third parties to protect private, confidential, proprietary or trade secret information. MGA

25   also objects to this request to the extent that it seeks documents not in MGA's possession,

26   custody or control.

27       Subject to the foregoing, MGA will produce all relevant and responsive non-

28   objectionable documents that it discovers in the course of its reasonable search and

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _32_

EXHIBIT _____ 14

PAGE _____ 318

1   diligent inquiry, which are within the permissible scope of discovery, to which no

2   privilege or other protection applies, including without limitation, the attorney-client

3   privilege or attorney's work product doctrine.

4   **REQUEST FOR PRODUCTION NO. 11:**

5        DOCUMENTS sufficient to show customer returns to YOU of BRATZ DOLLS

6   sold or distrubted by YOU or YOUR licensees.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8        MGA incorporates by reference the above-stated general objections as if fully set

9   forth herein. MGA also specifically objects to this request to the extent that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably calculated to

11  lead to the discovery of admissible evidence. MGA also objects to this request on the

12  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

13  that show customer returns to MGA of Bratz dolls sold or distributed by MGA or its

14  licensees. MGA also objects to this request on the grounds that it seeks confidential,

15  proprietary or commercially sensitive information, the disclosure of which would be

16  inimical to the business interests of MGA. MGA also objects to this request to the extent

17  it calls for the disclosure of attorney-client privileged information or information

18  protected from disclosure by the work-product doctrine, joint defense or common interest

19  privilege, or other privilege. MGA also objects to this request to the extent it seeks

20  information the disclosure of which would implicate the rights of third parties to protect

21  private, confidential, proprietary or trade secret information. MGA also objects to this

22  request to the extent that it seeks documents not in MGA's possession, custody or control.

23       Subject to the foregoing, MGA will produce all relevant and responsive non-

24  objectionable documents that it discovers in the course of its reasonable search and

25  diligent inquiry, which are within the permissible scope of discovery, to which no

26  privilege or other protection applies, including without limitation, the attorney-client

27  privilege or attorney's work product doctrine.

28

13

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT __2__ PAGE __33__

EXHIBIT _____ 14

PAGE _____ 319

1   **REQUEST FOR PRODUCTION NO. 12:**

2        DOCUMENTS sufficient to show customer rebates or credits given by YOU or

3   YOUR licensees to customers in connection with BRATZ DOLLS.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

5        MGA incorporates by reference the above-stated general objections as if fully set

6   forth herein. MGA also specifically objects to this request to the extent that it seeks

7   information not relevant to the subject matter of this lawsuit or reasonably calculated to

8   lead to the discovery of admissible evidence. MGA also objects to this request on the

9   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

10  that show customer rebates or credits given by MGA or its licensees to customers in

11  connection with Bratz dolls. MGA also objects to this request on the grounds that it seeks

12  confidential, proprietary or commercially sensitive information, the disclosure of which

13  would be inimical to the business interests of MGA. MGA also objects to this request to

14  the extent it calls for the disclosure of attorney-client privileged information or

15  information protected from disclosure by the work-product doctrine, joint defense or

16  common interest privilege, or other privilege. MGA also objects to this request to the

17  extent it seeks information the disclosure of which would implicate the rights of third

18  parties to protect private, confidential, proprietary or trade secret information. MGA also

19  objects to this request to the extent that it seeks documents not in MGA's possession,

20  custody or control.

21        Subject to the foregoing, MGA will produce all relevant and responsive non-

22  objectionable documents that it discovers in the course of its reasonable search and

23  diligent inquiry, which are within the permissible scope of discovery, to which no

24  privilege or other protection applies, including without limitation, the attorney-client

25  privilege or attorney's work product doctrine.

26  **REQUEST FOR PRODUCTION NO. 13:**

27        DOCUMENTS sufficient to show, by product number or SKU, the number of units

28  of each BRATZ DOLL sold by YOU or YOUR licensees.

14                    MGA'S RESPONSE TO 2ND SET OF
                      REQUEST FOR PRODUCTION OF
                      DOCUMENTS

EXHIBIT __2__ PAGE __34__          EXHIBIT ____14____

                                   PAGE ____320____

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2         MGA incorporates by reference the above-stated general objections as if fully set

3    forth herein. MGA also specifically objects to this request to the extent that it seeks

4    information not relevant to the subject matter of this lawsuit or reasonably calculated to

5    lead to the discovery of admissible evidence. MGA also objects to this request on the

6    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

7    that show, by product number or SKU, all units of Bratz dolls sold by MGA or its

8    licensees. MGA also objects to this request on the grounds that it seeks confidential,

9    proprietary or commercially sensitive information, the disclosure of which would be

10   inimical to the business interests of MGA. MGA also objects to this request to the extent

11   it calls for the disclosure of attorney-client privileged information or information

12   protected from disclosure by the work-product doctrine, joint defense or common interest

13   privilege, or other privilege. MGA also objects to this request to the extent it seeks

14   information the disclosure of which would implicate the rights of third parties to protect

15   private, confidential, proprietary or trade secret information. MGA also objects to this

16   request to the extent that it seeks documents not in MGA's possession, custody or control.

17        Subject to the foregoing, MGA will produce all relevant and responsive non-

18   objectionable documents that it discovers in the course of its reasonable search and

19   diligent inquiry, which are within the permissible scope of discovery, to which no

20   privilege or other protection applies, including without limitation, the attorney-client

21   privilege or attorney's work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 14:**

23        DOCUMENTS sufficient to show, by product number or SKU, the revenue

24   received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

26        MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein. MGA also specifically objects to this request to the extent that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably calculated to

15.

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 35

EXHIBIT 14

PAGE 321

1   lead to the discovery of admissible evidence. MGA also objects to this request on the
2   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents
3   that show, by product number or SKU, the revenue received by MGA from the sale of all
4   Bratz dolls sold by MGA or its licensees. MGA also objects to this request on the
5   grounds that it seeks confidential, proprietary or commercially sensitive information, the
6   disclosure of which would be inimical to the business interests of MGA. MGA also
7   objects to this request to the extent it calls for the disclosure of attorney-client privileged
8   information or information protected from disclosure by the work-product doctrine, joint
9   defense or common interest privilege, or other privilege. MGA also objects to this request
10  to the extent it seeks information the disclosure of which would implicate the rights of
11  third parties to protect private, confidential, proprietary or trade secret information. MGA
12  also objects to this request to the extent that it seeks documents not in MGA's possession,
13  custody or control.
14       Subject to the foregoing, MGA will produce all relevant and responsive non-
15  objectionable documents that it discovers in the course of its reasonable search and
16  diligent inquiry, which are within the permissible scope of discovery, to which no
17  privilege or other protection applies, including without limitation, the attorney-client
18  privilege or attorney's work product doctrine.
19  **REQUEST FOR PRODUCTION NO. 15:**
20       DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of
21  goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or YOUR
22  licensees.
23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**
24       MGA incorporates by reference the above-stated general objections as if fully set
25  forth herein. MGA also specifically objects to this request to the extent that it seeks
26  information not relevant to the subject matter of this lawsuit or reasonably calculated to
27  lead to the discovery of admissible evidence. MGA also objects to this request on the
28  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

16       MGA'S RESPONSE TO 2ND SET OF
         REQUEST FOR PRODUCTION OF
         DOCUMENTS

EXHIBIT _2_ PAGE _36_

EXHIBIT _____ 4

PAGE _____ 322

1   that show, by product number or SKU, MGA's cost of goods sold, unit cost, and other

2   costs for all Bratz dolls sold by MGA or its licensees.  MGA also objects to this request

3   on the grounds that it seeks confidential, proprietary or commercially sensitive

4   information, the disclosure of which would be inimical to the business interests of MGA.

5   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

6   privileged information or information protected from disclosure by the work-product

7   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

8   to this request to the extent it seeks information the disclosure of which would implicate

9   the rights of third parties to protect private, confidential, proprietary or trade secret

10  information.  MGA also objects to this request on the grounds that it is vague and

11  ambiguous in that MGA cannot determine what is meant by "other costs."  MGA also

12  objects to this request to the extent that it seeks documents not in MGA's possession,

13  custody or control.

14      Subject to the foregoing, MGA will produce all relevant and responsive non-

15  objectionable documents that it discovers in the course of its reasonable search and

16  diligent inquiry, which are within the permissible scope of discovery, to which no

17  privilege or other protection applies, including without limitation, the attorney-client

18  privilege or attorney's work product doctrine.

19  **REQUEST FOR PRODUCTION NO. 16:**

20      All DOCUMENTS that evidence, reflect, or REFER OR RELATE TO YOUR

21  profits, by product number or SKU, from the sale of each BRATZ DOLL sold by YOU or

22  YOUR licensees.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

24      MGA incorporates by reference the above-stated general objections as if fully set

25  forth herein.  MGA also specifically objects to this request to the extent that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably calculated to

27  lead to the discovery of admissible evidence.  MGA also objects to this request on the

28  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

17

MGA'S RESPONSE TO 2ND SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT _2_ PAGE _37_    EXHIBIT _14_  PAGE _323_

1   that evidence, reflect or refer or relate, by product number or SKU, MGA's profits from

2   the sale of all Bratz dolls sold by MGA or its licensees. MGA also objects to this request

3   on the grounds that it seeks confidential, proprietary or commercially sensitive

4   information, the disclosure of which would be inimical to the business interests of MGA.

5   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

6   privileged information or information protected from disclosure by the work-product

7   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

8   to this request to the extent it seeks information the disclosure of which would implicate

9·  the rights of third parties to protect private, confidential, proprietary or trade secret

10  information. MGA also objects to this request to the extent that it seeks documents not in

11  MGA's possession, custody or control.

12        ·Subject to the foregoing, MGA will produce all relevant and responsive non-

13  objectionable documents that it discovers in the course of its reasonable search and

14  diligent inquiry, which are within the permissible scope of discovery, to which no

15  privilege or other protection applies, including without limitation, the attorney-client

16  privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 17:**

18        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

19  DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of

20  units of each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

22        MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein. MGA also specifically objects to this request to the extent that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably calculated to

25  lead to the discovery of admissible evidence. MGA also objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

27  that show, by product number or SKU, the number of units of all Bratz dolls sold to all

28  customers by MGA or its licensees. MGA also objects to this request on the grounds that

18

MGA'S  RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  2  PAGE 38

EXHIBIT _____ 14

PAGE _____ 324

1    it seeks confidential, proprietary or commercially sensitive information, the disclosure of

2    which would be inimical to the business interests of MGA.  MGA also objects to this

3    request to the extent it calls for the disclosure of attorney-client privileged information or

4    information protected from disclosure by the work-product doctrine, joint defense or

5    common interest privilege, or other privilege.  MGA also objects to this request to the

6    extent it seeks information the disclosure of which would implicate the rights of third

7    parties to protect private, confidential, proprietary or trade secret information.  MGA also

8    objects to this request to the extent that it seeks documents not in MGA's possession,

9    custody or control.

10          Subject to the foregoing, MGA will produce all relevant and responsive non-

11   objectionable documents that it discovers in the course of its reasonable search and

12   diligent inquiry, which are within the permissible scope of discovery, to which no

13   privilege or other protection applies, including without limitation, the attorney-client

14   privilege or attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 18:**

16          For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

17   DOLL, DOCUMENTS sufficient to show, by product number or SKU, the revenue

18   received by YOU from each such BRATZ DOLL sold by YOU or YOUR licensees to that

19   customer.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

21          MGA incorporates by reference the above-stated general objections as if fully set

22   forth herein.  MGA also specifically objects to this request to the extent that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably calculated to

24   lead to the discovery of admissible evidence.  MGA also objects to this request on the

25   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

26   that show, by product number or SKU, the revenue received by MGA from the sale of all

27   Bratz dolls sold to all customers by MGA or its licensees.  MGA also objects to this

28   request on the grounds that it seeks confidential, proprietary or commercially sensitive

                                    19                    MGA'S  RESPONSE TO 2ND SET OF
                                                          REQUEST FOR PRODUCTION OF
                                                          DOCUMENTS

EXHIBIT __2__ PAGE __39__

EXHIBIT _____ 14

PAGE _____ 328

1    information, the disclosure of which would be inimical to the business interests of MGA.

2    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

3    privileged information or information protected from disclosure by the work-product

4    doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

5    to this request to the extent it seeks information the disclosure of which would implicate

6    the rights of third parties to protect private, confidential, proprietary or trade secret

7    information. MGA also objects to this request to the extent that it seeks documents not in

8    MGA's possession, custody or control.

9        Subject to the foregoing, MGA will produce all relevant and responsive non-

10    objectionable documents that it discovers in the course of its reasonable search and

11    diligent inquiry, which are within the permissible scope of discovery, to which no

12    privilege or other protection applies, including without limitation, the attorney-client

13    privilege or attorney's work product doctrine.

14    **REQUEST FOR PRODUCTION NO. 19:**

15        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

16    DOLL, DOCUMENTS sufficient to show, by product number or SKU, YOUR profits

17    from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19        MGA incorporates by reference the above-stated general objections as if fully set

20    forth herein. MGA also specifically objects to this request to the extent that it seeks

21    information not relevant to the subject matter of this lawsuit or reasonably calculated to

22    lead to the discovery of admissible evidence. MGA also objects to this request on the

23    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

24    that show, by product number or SKU, MGA's profits from the sale of all Bratz dolls sold

25    to all customers by MGA or its licensees. MGA also objects to this request on the

26    grounds that it seeks confidential, proprietary or commercially sensitive information, the

27    disclosure of which would be inimical to the business interests of MGA. MGA also

28    objects to this request to the extent it calls for the disclosure of attorney-client privileged

20

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT __2__ PAGE __40__    EXHIBIT _____14_____

PAGE _____326_____

1   information or information protected from disclosure by the work-product doctrine, joint

2.  defense or common interest privilege, or other privilege. MGA also objects to this request

3   to the extent it seeks information the disclosure of which would implicate the rights of

4   third parties to protect private, confidential, proprietary or trade secret information. MGA

5   also objects to this request to the extent that it seeks documents not in MGA's possession,

6   custody or control.

7        Subject to the foregoing, MGA will produce all relevant and responsive non-

8   objectionable documents that it discovers in the course of its reasonable search and

9   diligent inquiry, which are within the permissible scope of discovery, to which no

10  privilege or other protection applies, including without limitation, the attorney-client

11  privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 20:**

13       DOCUMENTS sufficient to show the revenue and profits derived by YOU from

14  the sale by YOU or YOUR licensees of BRATZ DOLLS including, without limitation,

15  DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable costs,

16  gross margins, royalties paid and received; gross profits and nets profits.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

18       MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein. MGA also specifically objects to this request to the extent that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably calculated to

21  lead to the discovery of admissible evidence. MGA also objects to this request on the

22  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

23  that show the revenues and profits derived by MGA from the sale of all Bratz dolls by

24  MGA or its licensees. MGA also objects to this request on the grounds that it seeks

25  confidential, proprietary or commercially sensitive information, the disclosure of which

26  would be inimical to the business interests of MGA. MGA also objects to this request to

27  the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense or

21

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 41   EXHIBIT 14

PAGE 327

1    common interest privilege, or other privilege. MGA also objects to this request to the

2    extent it seeks information the disclosure of which would implicate the rights of third

3    parties to protect private, confidential, proprietary or trade secret information. MGA also

4    objects to this request to the extent that it seeks documents not in MGA's possession,

5    custody or control.

6        Subject to the foregoing, MGA will produce all relevant and responsive non-

7    objectionable documents that it discovers in the course of its reasonable search and

8    diligent inquiry, which are within the permissible scope of discovery, to which no

9    privilege or other protection applies, including without limitation, the attorney-client

10   privilege or attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 21:**

12       DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT

13   sold by YOU or YOUR licensees.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16   forth herein. MGA also specifically objects to this request to the extent that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably calculated to

18   lead to the discovery of admissible evidence. MGA also objects to this request on the

19   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

20   that show, by product number or SKU, the revenue received by MGA from the sale of all

21   Bratz products sold to all customers by MGA or its licensees. MGA also objects to this

22   request on the grounds that it seeks confidential, proprietary or commercially sensitive

23   information, the disclosure of which would be inimical to the business interests of MGA.

24   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

25   privileged information or information protected from disclosure by the work-product

26   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

27   to this request to the extent it seeks information the disclosure of which would implicate

28   the rights of third parties to protect private, confidential, proprietary or trade secret

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT __2__ PAGE __42__

EXHIBIT __14__

PAGE __378__

1  information.  MGA also objects to this request to the extent that it seeks documents not in

2  MGA's possession, custody or control.

3     Subject to the foregoing, MGA will produce all relevant and responsive non-

4  objectionable documents that it discovers in the course of its reasonable search and

5  diligent inquiry, which are within the permissible scope of discovery, to which no

6  privilege or other protection applies, including without limitation, the attorney-client

7  privilege or attorney's work product doctrine.

8  **REQUEST FOR PRODUCTION NO. 22:**

9     DOCUMENTS sufficient to show the revenue received by YOU from the sale of

10  each BRATZ PRODUCT sold by YOU or YOUR licensees.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

12     MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein.  MGA also specifically objects to this request to the extent that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably calculated to

15  lead to the discovery of admissible evidence.  MGA also objects to this request on the

16  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

17  that show the revenue received by MGA from the sale of all Bratz products by MGA or its

18  licensees.  MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA.  MGA also objects to this request to the extent

21  it calls for the disclosure of attorney-client privileged information or information

22  protected from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege.  MGA also objects to this request to the extent it seeks

24  information the disclosure of which would implicate the rights of third parties to protect

25  private, confidential, proprietary or trade secret information.  MGA also objects to this

26  request to the extent that it seeks documents not in MGA's possession, custody or control.

27     Subject to the foregoing, MGA will produce all relevant and responsive non-

28  objectionable documents that it discovers in the course of its reasonable search and

23                    MGA'S RESPONSE TO 2ND SET OF
                      REQUEST FOR PRODUCTION OF
                      DOCUMENTS

EXHIBIT _____ 2 __ PAGE 43   EXHIBIT _____ 14

PAGE _____ 329

1 | diligent inquiry, which are within the permissible scope of discovery, to which no

2 | privilege or other protection applies, including without limitation, the attorney-client

3 | privilege or attorney's work product doctrine.

4 | **REQUEST FOR PRODUCTION NO. 23:**

5 | DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other

6 | costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

8 | MGA incorporates by reference the above-stated general objections as if fully set

9 | forth herein. MGA also specifically objects to this request to the extent that it seeks

10 | information not relevant to the subject matter of this lawsuit or reasonably calculated to

11 | lead to the discovery of admissible evidence. MGA also objects to this request on the

12 | grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

13 | that show MGA's cost of goods sold, unit cost, and other costs for all Bratz products sold

14 | by MGA or its licensees. MGA also objects to this request on the grounds that it seeks

15 | confidential, proprietary or commercially sensitive information, the disclosure of which

16 | would be inimical to the business interests of MGA. MGA also objects to this request to

17 | the extent it calls for the disclosure of attorney-client privileged information or

18 | information protected from disclosure by the work-product doctrine, joint defense or

19 | common interest privilege, or other privilege. MGA also objects to this request to the

20 | extent it seeks information the disclosure of which would implicate the rights of third

21 | parties to protect private, confidential, proprietary or trade secret information. MGA also

22 | objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

23 | determine what is meant by "other costs." MGA also objects to this request to the extent

24 | that it seeks documents not in MGA's possession, custody or control.

25 | Subject to the foregoing, MGA will produce all relevant and responsive non-

26 | objectionable documents that it discovers in the course of its reasonable search and

27 | diligent inquiry, which are within the permissible scope of discovery, to which no

28 | privilege or other protection applies, including without limitation, the attorney-client

24

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 44

EXHIBIT 14

PAGE 330

1   privilege or attorney's work product doctrine.

2   **REQUEST FOR PRODUCTION NO. 24:**

3       All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR

4   profits from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

6       MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein. MGA also specifically objects to this request to the extent that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably calculated to

9   lead to the discovery of admissible evidence. MGA also objects to this request on the

10  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

11  that evidence, reflect, or refer or relate to MGA's profits from the sale of all Bratz

12  products sold by MGA or its licensees. MGA also objects to this request on the grounds

13  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

14  of which would be inimical to the business interests of MGA. MGA also objects to this

15  request to the extent it calls for the disclosure of attorney-client privileged information or

16  information protected from disclosure by the work-product doctrine, joint defense or

17  common interest privilege, or other privilege. MGA also objects to this request to the

18  extent it seeks information the disclosure of which would implicate the rights of third

19  parties to protect private, confidential, proprietary or trade secret information. MGA also

20  objects to this request to the extent that it seeks documents not in MGA's possession,

21  custody or control.

22      Subject to the foregoing, MGA will produce all relevant and responsive non-

23  objectionable documents that it discovers in the course of its reasonable search and

24  diligent inquiry, which are within the permissible scope of discovery, to which no

25  privilege or other protection applies, including without limitation, the attorney-client

26  privilege or attorney's work product doctrine.

27  **REQUEST FOR PRODUCTION NO. 25:**

28      DOCUMENTS sufficient to IDENTIFY all customers to whom YOU or YOUR

25

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _45_    EXHIBIT _____14_____

PAGE _____331_____

1   licensees have ever sold any BRATZ PRODUCT.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

3        MGA incorporates by reference the above-stated general objections as if fully set

4   forth herein. MGA also specifically objects to this request to the extent that it seeks

5   information not relevant to the subject matter of this lawsuit or reasonably calculated to

6   lead to the discovery of admissible evidence. MGA also objects to this request on the

7   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

8   that identify all customers to whom MGA or its licensees has ever sold any Bratz product.

9   MGA also objects to this request on the grounds that it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to the

11  business interests of MGA. MGA also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest privilege, or

14  other privilege. MGA also objects to this request to the extent it seeks information the

15  disclosure of which would implicate the rights of third parties to protect private,

16  confidential, proprietary or trade secret information. MGA also objects to this request to

17  the extent that it seeks documents not in MGA's possession, custody or control.

18       Subject to the foregoing, MGA will not produce documents in response to this

19  request.

20  **REQUEST FOR PRODUCTION NO. 26:**

21       For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

22  PRODUCT, DOCUMENTS sufficient to show the number of units of each such BRATZ

23  PRODUCT sold by YOU or YOUR licensees to that customer.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

25       MGA incorporates by reference the above-stated general objections as if fully set

26  forth herein. MGA also specifically objects to this request to the extent that it seeks

27  information not relevant to the subject matter of this lawsuit or reasonably calculated to

28  lead to the discovery of admissible evidence. MGA also objects to this request on the

26

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _46_

EXHIBIT _____ 14

PAGE _____ 332

1  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

2  that show the number of units of all Bratz products sold to all customers by MGA or its

3  licensees.  MGA also objects to this request on the grounds that it seeks confidential,

4  proprietary or commercially sensitive information, the disclosure of which would be

5  inimical to the business interests of MGA.  MGA also objects to this request to the extent

6  it calls for the disclosure of attorney-client privileged information or information

7  protected from disclosure by the work-product doctrine, joint defense or common interest

8  privilege, or other privilege.  MGA also objects to this request to the extent it seeks

9  information the disclosure of which would implicate the rights of third parties to protect

10  private, confidential, proprietary or trade secret information.  MGA also objects to this

11  request to the extent that it seeks documents not in MGA's possession, custody or control.

12       Subject to the foregoing, MGA will produce all relevant and responsive non-

13  objectionable documents that it discovers in the course of its reasonable search and

14  diligent inquiry, which are within the permissible scope of discovery, to which no

15  privilege or other protection applies, including without limitation, the attorney-client

16  privilege or attorney's work product doctrine.

17  **REQUEST FOR PRODUCTION NO. 27:**

18       For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

19  PRODUCT, documents sufficient to show the revenue received by YOU from each such

20  BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

22       MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request to the extent that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably calculated to

25  lead to the discovery of admissible evidence.  MGA also objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

27  that show the revenue received by MGA from the sale of all Bratz products to all

28  customers by MGA or its licensees. MGA also objects to this request on the grounds that

27

MGA'S  RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT __2__ PAGE __47__

EXHIBIT __14__

PAGE __333__

1   it seeks confidential, proprietary or commercially sensitive information, the disclosure of

2   which would be inimical to the business interests of MGA.  MGA also objects to this

3   request to the extent it calls for the disclosure of attorney-client privileged information or

4   information protected from disclosure by the work-product doctrine, joint defense or

5   common interest privilege, or other privilege.  MGA also objects to this request to the

6   extent it seeks information the disclosure of which would implicate the rights of third

7   parties to protect private, confidential, proprietary or trade secret information.  MGA also

8   objects to this request to the extent that it seeks documents not in MGA's possession,

9   custody or control.

10        Subject to the foregoing, MGA will produce all relevant and responsive non-

11   objectionable documents that it discovers in the course of its reasonable search and

12   diligent inquiry, which are within the permissible scope of discovery, to which no

13   privilege or other protection applies, including without limitation, the attorney-client

14   privilege or attorney's work product doctrine.

15   **REQUEST FOR PRODUCTION NO. 28:**

16        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

17   PRODUCT, documents sufficient to show YOUR profits from each such BRATZ

18   PRODUCT sold by YOU or YOUR licensees to that customer.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

20        MGA incorporates by reference the above-stated general objections as if fully set

21   forth herein.  MGA also specifically objects to this request to the extent that it seeks

22   information not relevant to the subject matter of this lawsuit or reasonably calculated to

23   lead to the discovery of admissible evidence.  MGA also objects to this request on the

24   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

25   that show MGA's profits from the sale of all Bratz products to all customers by MGA or

26   its licensees.  MGA also objects to this request on the grounds that it seeks confidential,

27   proprietary or commercially sensitive information, the disclosure of which would be

28   inimical to the business interests of MGA.  MGA also objects to this request to the extent

28

MGA'S  RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  2  PAGE  48

EXHIBIT ____ 14

PAGE ____ 334

1   it calls for the disclosure of attorney-client privileged information or information

2   protected from disclosure by the work-product doctrine, joint defense or common interest

3   privilege, or other privilege. MGA also objects to this request to the extent it seeks

4   information the disclosure of which would implicate the rights of third parties to protect

5   private, confidential, proprietary or trade secret information. MGA also objects to this

6   request to the extent that it seeks documents not in MGA's possession, custody or control.

7        Subject to the foregoing, MGA will produce all relevant and responsive non-

8   objectionable documents that it discovers in the course of its reasonable search and

9   diligent inquiry, which are within the permissible scope of discovery, to which no

10  privilege or other protection applies, including without limitation, the attorney-client

11  privilege or attorney's work product doctrine.

12  **REQUEST FOR PRODUCTION NO. 29:**

13       DOCUMENTS sufficient to show customer returns to YOU of BRATZ

14  PRODUCTS sold or distributed by YOU or YOUR licensees.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

16       MGA incorporates by reference the above-stated general objections as if fully set

17  forth herein. MGA also specifically objects to this request to the extent that it seeks

18  information not relevant to the subject matter of this lawsuit or reasonably calculated to

19  lead to the discovery of admissible evidence. MGA also objects to this request on the

20  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

21  that show customer returns to MGA of all Bratz products sold or distributed by MGA or

22  its licensees. MGA also objects to this request on the grounds that it seeks confidential,

23  proprietary or commercially sensitive information, the disclosure of which would be

24  inimical to the business interests of MGA. MGA also objects to this request to the extent

25  it calls for the disclosure of attorney-client privileged information or information

26  protected from disclosure by the work-product doctrine, joint defense or common interest

27  privilege, or other privilege. MGA also objects to this request to the extent it seeks

28  information the disclosure of which would implicate the rights of third parties to protect

29

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 49

EXHIBIT 14

PAGE 335

1  private, confidential, proprietary or trade secret information.  MGA also objects to this

2  request to the extent that it seeks documents not in MGA's possession, custody or control.

3       Subject to the foregoing, MGA will produce all relevant and responsive non-

4  objectionable documents that it discovers in the course of its reasonable search and

5  diligent inquiry, which are within the permissible scope of discovery, to which no

6  privilege or other protection applies, including without limitation, the attorney-client

7  privilege or attorney's work product doctrine.

8  **REQUEST FOR PRODUCTION NO. 30:**

9       DOCUMENTS sufficient to show customer rebates and credits given by YOU or

10  YOUR licensees to customers in connection with BRATZ DOLLS.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

12       Request 30 appears on its face to request information identical to request 12.  If this

13  is an accurate interpretation of request 30, MGA objects that request 30 is duplicative of

14  request 12 and MGA also incorporates by reference its above-stated objections to request

15  12.  If request 30 inadvertently requests information related to Bratz dolls and was instead

16  intended to request information related to Bratz products, MGA has the following

17  objections:

18       MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein.  MGA also specifically objects to this request to the extent that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably calculated to

21  lead to the discovery of admissible evidence.  MGA also objects to this request on the

22  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

23  that show customer rebates and credits given by MGA or its licensees to all customers in

24  connection with Bratz products.  MGA also objects to this request on the grounds that it

25  seeks confidential, proprietary or commercially sensitive information, the disclosure of

26  which would be inimical to the business interests of MGA.  MGA also objects to this

27  request to the extent it calls for the disclosure of attorney-client privileged information or

28  information protected from disclosure by the work-product doctrine, joint defense or

MGA'S  RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT __2__ PAGE __50__

EXHIBIT __14__

PAGE __336__

1    common interest privilege, or other privilege. MGA also objects to this request to the

2    extent it seeks information the disclosure of which would implicate the rights of third

3    parties to protect private, confidential, proprietary or trade secret information. MGA also

4    objects to this request to the extent that it seeks documents not in MGA's possession,

5    custody or control.

6        Subject to the foregoing, MGA will produce all relevant and responsive non-

7    objectionable documents that it discovers in the course of its reasonable search and

8    diligent inquiry, which are within the permissible scope of discovery, to which no

9    privilege or other protection applies, including without limitation, the attorney-client

10   privilege or attorney's work product doctrine.

11   **REQUEST FOR PRODUCTION NO. 31:**

12       DOCUMENTS sufficient to show, by product number of SKU, the number of units

13   of each BRATZ PRODUCT sold by YOU or YOUR licensees.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16   forth herein. MGA also specifically objects to this request to the extent that it seeks

17   information not relevant to the subject matter of this lawsuit or reasonably calculated to

18   lead to the discovery of admissible evidence. MGA also objects to this request on the

19   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

20   that show, by product number or SKU, the number of units of all Bratz products sold by

21   MGA or its licensees. MGA also objects to this request on the grounds that it seeks

22   confidential, proprietary or commercially sensitive information, the disclosure of which

23   would be inimical to the business interests of MGA. MGA also objects to this request to

24   the extent it calls for the disclosure of attorney-client privileged information or

25   information protected from disclosure by the work-product doctrine, joint defense or

26   common interest privilege, or other privilege. MGA also objects to this request to the

27   extent it seeks information the disclosure of which would implicate the rights of third

28   parties to protect private, confidential, proprietary or trade secret information. MGA also

31

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _51_

EXHIBIT _____ 14

PAGE _____ 337

1 | objects to this request to the extent that it seeks documents not in MGA's possession,
2 | custody or control.

3 | Subject to the foregoing, MGA will produce all relevant and responsive non-
4 | objectionable documents that it discovers in the course of its reasonable search and
5 | diligent inquiry, which are within the permissible scope of discovery, to which no
6 | privilege or other protection applies, including without limitation, the attorney-client
7 | privilege or attorney's work product doctrine.

8 | **REQUEST FOR PRODUCTION NO. 32:**

9 | DOCUMENTS sufficient to show, by product or SKU, the revenue received by
10 | YOU from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

11 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

12 | MGA incorporates by reference the above-stated general objections as if fully set
13 | forth herein. MGA also specifically objects to this request to the extent that it seeks
14 | information not relevant to the subject matter of this lawsuit or reasonably calculated to
15 | lead to the discovery of admissible evidence. MGA also objects to this request on the
16 | grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents
17 | that show, by product number or SKU, the revenue received by MGA from the sale of all
18 | Bratz products sold by MGA or its licensees. MGA also objects to this request on the
19 | grounds that it seeks confidential, proprietary or commercially sensitive information, the
20 | disclosure of which would be inimical to the business interests of MGA. MGA also
21 | objects to this request to the extent it calls for the disclosure of attorney-client privileged
22 | information or information protected from disclosure by the work-product doctrine, joint
23 | defense or common interest privilege, or other privilege. MGA also objects to this request
24 | to the extent it seeks information the disclosure of which would implicate the rights of
25 | third parties to protect private, confidential, proprietary or trade secret information. MGA
26 | also objects to this request to the extent that it seeks documents not in MGA's possession,
27 | custody or control.

28 | Subject to the foregoing, MGA will produce all relevant and responsive non-

32

MGA'S RESPONSE TO 2ND SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT 2 PAGE 52   EXHIBIT 14

PAGE 338

1    objectionable documents that it discovers in the course of its reasonable search and

2    diligent inquiry, which are within the permissible scope of discovery, to which no

3    privilege or other protection applies, including without limitation, the attorney-client

4    privilege or attorney's work product doctrine.

5    **REQUEST FOR PRODUCTION NO. 33:**

6         DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of

7    goods sold, unit cost and other costs for each BRATZ PRODUCT sold by YOU or YOUR

8    licensees.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

10         MGA incorporates by reference the above-stated general objections as if fully set

11    forth herein. MGA also specifically objects to this request to the extent that it seeks

12    information not relevant to the subject matter of this lawsuit or reasonably calculated to

13    lead to the discovery of admissible evidence. MGA also objects to this request on the

14    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

15    that show, by product number or SKU, MGA's cost of goods sold, unit cost and other

16    costs for all Bratz products sold by MGA or its licensees. MGA also objects to this

17    request on the grounds that it seeks confidential, proprietary or commercially sensitive

18    information, the disclosure of which would be inimical to the business interests of MGA.

19    MGA also objects to this request to the extent it calls for the disclosure of attorney-client

20    privileged information or information protected from disclosure by the work-product

21    doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

22    to this request to the extent it seeks information the disclosure of which would implicate

23    the rights of third parties to protect private, confidential, proprietary or trade secret

24    information. MGA also objects to this request on the grounds that it is vague and

25    ambiguous in that MGA cannot determine what is meant by "other costs." MGA also

26    objects to this request to the extent that it seeks documents not in MGA's possession,

27    custody or control.

28         Subject to the foregoing, MGA will produce all relevant and responsive non-

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _53_

EXHIBIT _____ 14

PAGE _____ 339

1    objectionable documents that it discovers in the course of its reasonable search and

2    diligent inquiry, which are within the permissible scope of discovery, to which no

3    privilege or other protection applies, including without limitation, the attorney-client

4    privilege or attorney's work product doctrine.

5    **REQUEST FOR PRODUCTION NO. 34:**

6        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR

7    profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by

8    YOU or YOUR licensees.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

10       MGA incorporates by reference the above-stated general objections as if fully set

11   forth herein.  MGA also specifically objects to this request to the extent that it seeks

12   information not relevant to the subject matter of this lawsuit or reasonably calculated to

13   lead to the discovery of admissible evidence.  MGA also objects to this request on the

14   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

15   that reflect or refer or relate, by product number or SKU, to MGA's profits from the sale

16   of all Bratz products by MGA or its licensees.  MGA also objects to this request on the

17   grounds that it seeks confidential, proprietary or commercially sensitive information, the

18   disclosure of which would be inimical to the business interests of MGA.  MGA also

19   objects to this request to the extent it calls for the disclosure of attorney-client privileged

20   information or information protected from disclosure by the work-product doctrine, joint

21   defense or common interest privilege, or other privilege.  MGA also objects to this request

22   to the extent it seeks information the disclosure of which would implicate the rights of

23   third parties to protect private, confidential, proprietary or trade secret information.  MGA

24   also objects to this request to the extent that it seeks documents not in MGA's possession,

25   custody or control.

26       Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents that it discovers in the course of its reasonable search and

28   diligent inquiry, which are within the permissible scope of discovery, to which no

34                    MGA'S RESPONSE TO 2ND SET OF
                      REQUEST FOR PRODUCTION OF
                      DOCUMENTS

EXHIBIT __2__ PAGE _54_

EXHIBIT _____ 14

PAGE _____ 340

1  privilege or other protection applies, including without limitation, the attorney-client

2  privilege or attorney's work product doctrine.

3  **REQUEST FOR PRODUCTION NO. 35:**

4       For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

5  PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number

6  of units of each such BRATZ PRODUCT sold by YOU or YOUR licensees to that

7  customer.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

9       MGA incorporates by reference the above-stated general objections as if fully set

10  forth herein.  MGA also specifically objects to this request to the extent that it seeks

11  information not relevant to the subject matter of this lawsuit or reasonably calculated to

12  lead to the discovery of admissible evidence.  MGA also objects to this request on the

13  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

14  that show the number of units of all Bratz products sold by MGA or its licensees to every

15  customer to whom MGA or its licensees have ever sold any Bratz products.  MGA also

16  objects to this request on the grounds that it seeks confidential, proprietary or

17  commercially sensitive information, the disclosure of which would be inimical to the

18  business interests of MGA.  MGA also objects to this request to the extent it calls for the

19  disclosure of attorney-client privileged information or information protected from

20  disclosure by the work-product doctrine, joint defense or common interest privilege, or

21  other privilege.  MGA also objects to this request to the extent it seeks information the

22  disclosure of which would implicate the rights of third parties to protect private,

23  confidential, proprietary or trade secret information.  MGA also objects to this request to

24  the extent that it seeks documents not in MGA's possession, custody or control.

25       Subject to the foregoing, MGA will produce all relevant and responsive non-

26  objectionable documents that it discovers in the course of its reasonable search and

27  diligent inquiry, which are within the permissible scope of discovery, to which no

28  privilege or other protection applies, including without limitation, the attorney-client

MGA'S  RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  2  PAGE  55

EXHIBIT _____ 14

PAGE _____ 341

1  privilege or attorney's work product doctrine.

2  **REQUEST FOR PRODUCTION NO. 36:**

3       For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

4  PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue

5  received by YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees

6  to that customer.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

8       MGA incorporates by reference the above-stated general objections as if fully set

9  forth herein.  MGA also specifically objects to this request to the extent that it seeks

10  information not relevant to the subject matter of this lawsuit or reasonably calculated to

11  lead to the discovery of admissible evidence.  MGA also objects to this request on the

12  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

13  that show the revenue received by MGA from all Bratz products sold by MGA or its

14  licensees to every customer to whom MGA or its licenses have ever sold any Bratz

15  products.  MGA also objects to this request on the grounds that it seeks confidential,

16  proprietary or commercially sensitive information, the disclosure of which would be

17  inimical to the business interests of MGA.  MGA also objects to this request to the extent

18  it calls for the disclosure of attorney-client privileged information or information

19  protected from disclosure by the work-product doctrine, joint defense or common interest

20  privilege, or other privilege.  MGA also objects to this request to the extent it seeks

21  information the disclosure of which would implicate the rights of third parties to protect

22  private, confidential, proprietary or trade secret information.  MGA also objects to this

23  request to the extent that it seeks documents not in MGA's possession, custody or control.

24       Subject to the foregoing, MGA will produce all relevant and responsive non-

25  objectionable documents that it discovers in the course of its reasonable search and

26  diligent inquiry, which are within the permissible scope of discovery, to which no

27  privilege or other protection applies, including without limitation, the attorney-client

28  privilege or attorney's work product doctrine.

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _56_    EXHIBIT _14_

PAGE _342_

1    **REQUEST FOR PRODUCTION NO. 37:**

2       DOCUMENTS sufficient to show the revenue and profits derived by YOU from

3    the sale by YOU or YOUR licensees of BRATZ PRODUCTS including, without

4    limitation, DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable

5    costs, gross margins, royalties paid and received, gross profits and nets profits.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

7       MGA incorporates by reference the above-stated general objections as if fully set

8    forth herein. MGA also specifically objects to this request to the extent that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably calculated to

10    lead to the discovery of admissible evidence. MGA also objects to this request on the

11    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

12    that show the revenues and profits derived by MGA from the sale of all Bratz products by

13    MGA or its licensees. MGA also objects to this request on the grounds that it seeks

14    confidential, proprietary or commercially sensitive information, the disclosure of which

15    would be inimical to the business interests of MGA. MGA also objects to this request to

16    the extent it calls for the disclosure of attorney-client privileged information or

17    information protected from disclosure by the work-product doctrine, joint defense or

18    common interest privilege, or other privilege. MGA also objects to this request to the

19    extent it seeks information the disclosure of which would implicate the rights of third

20    parties to protect private, confidential, proprietary or trade secret information. MGA also

21    objects to this request to the extent that it seeks documents not in MGA's possession,

22    custody or control.

23       Subject to the foregoing, MGA will produce all relevant and responsive non-

24    objectionable documents that it discovers in the course of its reasonable search and

25    diligent inquiry, which are within the permissible scope of discovery, to which no

26    privilege or other protection applies, including without limitation, the attorney-client

27    privilege or attorney's work product doctrine.

28

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT  2  PAGE 57

EXHIBIT    14

PAGE    343

1   **REQUEST FOR PRODUCTION NO. 38:**

2   　　　DOCUMENTS sufficient to show the revenue and profits derived by YOU from

3   BRATZ MOVIES including, without limitation, DOCUMENTS sufficient to show sales

4   revenue, costs of goods sold, variable costs, gross margins, royalties paid and received,

5   gross profits and nets profits.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

7   　　　MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein.  MGA also specifically objects to this request to the extent that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably calculated to

10  lead to the discovery of admissible evidence.  MGA also objects to this request on the

11  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

12  that show the revenues and profits derived by MGA from Bratz movies.  MGA also

13  objects to this request on the grounds that it seeks confidential, proprietary or

14  commercially sensitive information, the disclosure of which would be inimical to the

15  business interests of MGA.  MGA also objects to this request to the extent it calls for the

16  disclosure of attorney-client privileged information or information protected from

17  disclosure by the work-product doctrine, joint defense or common interest privilege, or

18  other privilege.  MGA also objects to this request to the extent it seeks information the

19  disclosure of which would implicate the rights of third parties to protect private,

20  confidential, proprietary or trade secret information.  MGA also objects to this request to

21  the extent that it seeks documents not in MGA's possession, custody or control.

22  　　　Subject to the foregoing, MGA will not produce documents in response to this

23  request.

24  **REQUEST FOR PRODUCTION NO. 39:**

25  　　　DOCUMENTS sufficient to show the revenue and profits derived by YOU from

26  BRATZ TELEVISION SHOWS including, without limitation, DOCUMENTS sufficient

27  to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid

28  and received, gross profits and nets profits.

38

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT __2__ PAGE __58__     EXHIBIT __14__

PAGE __344__

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request to the extent that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence.  MGA also objects to this request on the

6  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

7  that show the revenues and profits derived by MGA from Bratz television shows.  MGA

8  also objects to this request on the grounds that it seeks confidential, proprietary or

9  commercially sensitive information, the disclosure of which would be inimical to the

10  business interests of MGA.  MGA also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest privilege, or

13  other privilege.  MGA also objects to this request to the extent it seeks information the

14  disclosure of which would implicate the rights of third parties to protect private,

15  confidential, proprietary or trade secret information.  MGA also objects to this request to

16  the extent that it seeks documents not in MGA's possession, custody or control.

17      Subject to the foregoing, MGA will not produce documents in response to this

18  request.

19  **REQUEST FOR PRODUCTION NO. 40:**

20      All DOCUMENTS that describe YOUR cost allocation procedures.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

22      MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein.  MGA also specifically objects to this request to the extent that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably calculated to

25  lead to the discovery of admissible evidence.  MGA also objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

27  that describe MGA's cost allocation procedures.  MGA also objects to this request on the

28  grounds that it seeks confidential, proprietary or commercially sensitive information, the

39                    MGA'S RESPONSE TO 2ND SET OF
                      REQUEST FOR PRODUCTION OF
                      DOCUMENTS

EXHIBIT _2_ PAGE _59_   EXHIBIT __14__

                        PAGE __345__

1   disclosure of which would be inimical to the business interests of MGA. MGA also

2   objects to this request to the extent it calls for the disclosure of attorney-client privileged

3   information or information protected from disclosure by the work-product doctrine, joint

4   defense or common interest privilege, or other privilege. MGA also objects to this request

5   to the extent it seeks information the disclosure of which would implicate the rights of

6   third parties to protect private, confidential, proprietary or trade secret information. MGA

7   also objects to this request on the grounds that it is vague and ambiguous in that MGA

8   cannot determine what is meant by "cost allocation procedures." MGA also objects to

9   this request to the extent that it seeks documents not in MGA's possession, custody or

10   control.

11       Subject to the foregoing, MGA will not produce documents in response to this

12   request.

13   **REQUEST FOR PRODUCTION NO. 41:**

14       YOUR general ledgers from January 1, 1995 through the present.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

16       MGA incorporates by reference the above-stated general objections as if fully set

17   forth herein. MGA also specifically objects to this request to the extent that it seeks

18   information not relevant to the subject matter of this lawsuit or reasonably calculated to

19   lead to the discovery of admissible evidence. MGA also objects to this request on the

20   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all of MGA's

21   general ledgers from January 1, 1995 through the present. MGA also objects to this

22   request on the grounds that it seeks confidential, proprietary or commercially sensitive

23   information, the disclosure of which would be inimical to the business interests of MGA.

24   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

25   privileged information or information protected from disclosure by the work-product

26   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

27   to this request to the extent it seeks information the disclosure of which would implicate

28   the rights of third parties to protect private, confidential, proprietary or trade secret

40

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 66

EXHIBIT 14

PAGE 346

1   information.  MGA also objects to this request to the extent that it seeks documents not in

2   MGA's possession, custody or control.

3        Subject to the foregoing, MGA will produce all relevant and responsive non-

4   objectionable documents that it discovers in the course of its reasonable search and

5   diligent inquiry, which are within the permissible scope of discovery, to which no

6   privilege or other protection applies, including without limitation, the attorney-client

7   privilege or attorney's work product doctrine.

8   **REQUEST FOR PRODUCTION NO. 42:**

9        All quarterly and annual profit and loss statements for BRATZ.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

11        MGA incorporates by reference the above-stated general objections as if fully set

12   forth herein.  MGA also specifically objects to this request to the extent that it seeks

13   information not relevant to the subject matter of this lawsuit or reasonably calculated to

14   lead to the discovery of admissible evidence.  MGA also objects to this request on the

15   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all of MGA's

16   quarterly and annual profit and loss statements for Bratz.  MGA also objects to this

17   request on the grounds that it seeks confidential, proprietary or commercially sensitive

18   information, the disclosure of which would be inimical to the business interests of MGA.

19   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

20   privileged information or information protected from disclosure by the work-product

21   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

22   to this request to the extent it seeks information the disclosure of which would implicate

23   the rights of third parties to protect private, confidential, proprietary or trade secret

24   information.  MGA also objects to this request to the extent that it seeks documents not in

25   MGA's possession, custody or control.

26        Subject to the foregoing, MGA will produce all relevant and responsive non-

27   objectionable documents that it discovers in the course of its reasonable search and

28   diligent inquiry, which are within the permissible scope of discovery, to which no

MGA'S  RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT __2__ PAGE _61_

EXHIBIT _____ 14

PAGE _____ 347

1   privilege or other protection applies, including without limitation, the attorney-client

2   privilege or attorney's work product doctrine.

3   **REQUEST FOR PRODUCTION NO. 43:**

4        All sales, profit and cash flow projections or forecasts for BRATZ DOLLS,

5   BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION SHOWS.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

7        MGA incorporates by reference the above-stated general objections as if fully set

8   forth herein. MGA also specifically objects to this request to the extent that it seeks

9   information not relevant to the subject matter of this lawsuit or reasonably calculated to

10   lead to the discovery of admissible evidence. MGA also objects to this request on the

11   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all of MGA's

12   profit and cash flow projections and forecasts for Bratz dolls, Bratz products, Bratz

13   movies, and Bratz television shows. MGA also objects to this request on the grounds that

14   it seeks confidential, proprietary or commercially sensitive information, the disclosure of

15   which would be inimical to the business interests of MGA. MGA also objects to this

16   request to the extent it calls for the disclosure of attorney-client privileged information or

17   information protected from disclosure by the work-product doctrine, joint defense or

18   common interest privilege, or other privilege. MGA also objects to this request to the

19   extent it seeks information the disclosure of which would implicate the rights of third

20   parties to protect private, confidential, proprietary or trade secret information. MGA also

21   objects to this request to the extent that it seeks documents not in MGA's possession,

22   custody or control.

23        Subject to the foregoing, MGA will not produce documents in response to this

24   request.

25   **REQUEST FOR PRODUCTION NO. 44:**

26        All DOCUMENTS that REFER OR RELATE TO the value of the Bratz brand.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

28        MGA incorporates by reference the above-stated general objections as if fully set

                                        42                    MGA'S RESPONSE TO 2ND SET OF
                                                             REQUEST FOR PRODUCTION OF
                                                             DOCUMENTS

EXHIBIT **2** PAGE **62**

EXHIBIT _____ **14**

PAGE _____ **348**

1    forth herein. MGA also specifically objects to this request to the extent that it seeks

2    information not relevant to the subject matter of this lawsuit or reasonably calculated to

3    lead to the discovery of admissible evidence. MGA also objects to this request on the

4    grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

5    that refer or relate to the value of the Bratz brand. MGA also objects to this request on the

6    grounds that it seeks confidential, proprietary or commercially sensitive information, the

7    disclosure of which would be inimical to the business interests of MGA. MGA also

8    objects to this request to the extent it calls for the disclosure of attorney-client privileged

9    information or information protected from disclosure by the work-product doctrine, joint

10   defense or common interest privilege, or other privilege. MGA also objects to this request

11   to the extent it seeks information the disclosure of which would implicate the rights of

12   third parties to protect private, confidential, proprietary or trade secret information. MGA

13   also objects to this request on the grounds that it is vague and ambiguous in that MGA

14   cannot determine what is meant by or how to calculate "the value of the Bratz brand."

15   MGA also objects to this request to the extent that it seeks documents not in MGA's

16   possession, custody or control.

17        Subject to the foregoing, MGA will produce all relevant and responsive non-

18   objectionable documents that it discovers in the course of its reasonable search and

19   diligent inquiry, which are within the permissible scope of discovery, to which no

20   privilege or other protection applies, including without limitation, the attorney-client

21   privilege or attorney's work product doctrine.

22   **REQUEST FOR PRODUCTION NO. 45:**

23        DOCUMENTS sufficient to calculate YOUR net worth on a yearly basis for each

24   year from 1999 to the present.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

26        MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein. MGA also specifically objects to this request to the extent that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably calculated to

43                              MGA'S RESPONSE TO 2ND SET OF
                               REQUEST FOR PRODUCTION OF
                               DOCUMENTS

EXHIBIT _2_ PAGE _63_

EXHIBIT _____ 14

PAGE _____ 349

1    lead to the discovery of admissible evidence. MGA also objects to this request on the

2    grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

3    sufficient to calculate MGA's net worth on a yearly basis for each year from 1999 to the

4    present. MGA also objects to this request on the grounds that it seeks confidential,

5    proprietary or commercially sensitive information, the disclosure of which would be

6    inimical to the business interests of MGA. MGA also objects to this request to the extent

7    it calls for the disclosure of attorney-client privileged information or information

8    protected from disclosure by the work-product doctrine, joint defense or common interest

9    privilege, or other privilege. MGA also objects to this request to the extent it seeks

10   information the disclosure of which would implicate the rights of third parties to protect

11   private, confidential, proprietary or trade secret information. MGA also objects to this

12   request on the grounds that it is vague and ambiguous in that MGA cannot determine what

13   is meant by "YOUR net worth." MGA also objects to this request to the extent that it

14   seeks documents not in MGA's possession, custody or control.

15          Subject to the foregoing, MGA will produce all relevant and responsive non-

16   objectionable documents that it discovers in the course of its reasonable search and

17   diligent inquiry, which are within the permissible scope of discovery, to which no

18   privilege or other protection applies, including without limitation, the attorney-client

19   privilege or attorney's work product doctrine.

20   **REQUEST FOR PRODUCTION NO. 46:**

21          All DOCUMENTS that evidence, reflect or REFER OR RELATE TO the BRATZ

22   DOLL's share of the fashion doll market including, without limitation, the extent to which

23   Bratz has been or is gaining or losing market share in the fashion doll market.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

25          MGA incorporates by reference the above-stated general objections as if fully set

26   forth herein. MGA also specifically objects to this request to the extent that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably calculated to

28   lead to the discovery of admissible evidence. MGA further objects on the ground that the

44                           MGA'S RESPONSE TO 2ND SET OF
                             REQUEST FOR PRODUCTION OF
                             DOCUMENTS

EXHIBIT __2__ PAGE _64_         EXHIBIT_____ 14

                               PAGE_____ 350

1    request is vague and ambiguous.  MGA objects to the extent the documents are equally

2    available to Mattel from third parties.  MGA also objects to this request on the grounds

3    that it is overbroad, unduly burdensome, and oppressive in seeking all documents that

4    evidence, reflect or refer or relate to the Bratz doll's share of the fashion doll market,

5    including the extent to which Bratz has been or is gaining or losing market share in the

6    fashion doll market.  MGA also objects to this request on the grounds that it seeks

7    confidential, proprietary or commercially sensitive information, the disclosure of which

8    would be inimical to the business interests of MGA.  MGA also objects to this request to

9    the extent it calls for the disclosure of attorney-client privileged information or

10   information protected from disclosure by the work-product doctrine, joint defense or

11   common interest privilege, or other privilege.  MGA also objects to this request to the

12   extent it seeks information the disclosure of which would implicate the rights of third

13   parties to protect private, confidential, proprietary or trade secret information.  MGA also

14   objects to this request to the extent that it seeks documents not in MGA's possession,

15   custody or control.

16        Subject to the foregoing, MGA will produce all relevant and responsive non-

17   objectionable documents that it discovers in the course of its reasonable search and

18   diligent inquiry, which are within the permissible scope of discovery, to which no

19   privilege or other protection applies, including without limitation, the attorney-client

20   privilege or attorney's work product doctrine.

21

22

23

24

25

26

27

28

45

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT _2_ PAGE _65_

EXHIBIT ____14____

PAGE ____351____

1
2
3
4   AS TO OBJECTIONS ONLY:
5
6   Dated: July 6, 2007                    DALE M. CENDALI
                                           DIANA M. TORRES
7                                          JAMES P. JENAL
8                                   O'MELVENY & MYERS LLP
9
10  By: _____
                James P. Jenal
11  Attorneys for MGA Entertainment, Inc.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MGA'S RESPONSE TO 2ND SET OF
REQUEST FOR PRODUCTION OF
DOCUMENTS

EXHIBIT 2 PAGE 66

EXHIBIT 14
PAGE 352

**Exhibit 3**

EXHIBIT _____ 14

PAGE _____ 353

CONFORMED COPY
LODGED                    FILED

2007 MAY 16  PM 1:59   2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT  CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.    CENTRAL DIST. OF CALIF.
RIVERSIDE                  RIVERSIDE
BY _____     BY _____

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:   (415) 774-2611
4   Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. C 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12          Plaintiff,

13      v.                                 Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15          Defendant.                     ORDER GRANTING MATTEL'S
                                           MOTION TO COMPEL PRODUCTION
16                                         OF DOCUMENTS AND
                                           INTERROGATORY RESPONSES BY
17  CONSOLIDATED WITH                      MGA
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20                          I. INTRODUCTION

21      On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

22  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA"). On February

23  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

24  reply brief. The matter was heard on March 5, 2007. Thereafter the motion was taken under

25  submission pending the parties' submission of a proposed protective order, which was received

26

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                  1

EXHIBIT  3  PAGE 67

EXHIBIT  14

PAGE  354

1    on April 23, 2007. Having considered the motion papers and comments of counsel at the hearing,

2    Mattel's motion to compel is granted.

3                  II.  BACKGROUND

4       A.  Requests for Documents

5       In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6    became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7    categories of documents, to be produced in ten days.  MGA filed a motion to quash, which the

8    court granted because of the short amount of time provided for compliance with the subpoena.

9    The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10   some of Mattel's requests.  In particular, the parties agreed to limit production to the "first

11   generation" Bratz dolls.  On August 12, 2004, MGA produced documents.

12       In 2005, the parties stipulated to supplementing their document productions on May 16,

13   2005.  Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14       In September of 2006, MGA made a supplemental production of documents.  On February

15   5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16   with legibility problems.  On February 20, 2007, MGA produced an additional 224 pages of

17   documents to replace earlier produced documents with legibility problems.

18       Mattel now moves to compel MGA to produce documents responsive to its requests.  As a

19   preliminary matter, Mattel contends that MGA's production is deficient because it contains

20   redactions and cut-off text.  Further, Mattel contends that MGA's production is incomplete with

21   respect to essentially five categories of documents.  First, Mattel contends that MGA is

22   withholding documents relating to the origins of Bratz and Bryant's work for MGA.  Mattel

23   believes that MGA's production is incomplete based upon its review of documents that have been

24   produced by third party Steven Linker.  According to Mattel, Linker's documents from October

25   of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26   previously represented.  Mattel also contends that MGA's responses to the document requests

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                         2

EXHIBIT  3  PAGE  68

EXHIBIT  14

PAGE  355

1   contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2   responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3   show when certain dates relating to Bratz occurred.  Mattel contends that these "carve outs

4   purport to allow MGA to cherry-pick what it will and will not produce to Mattel."  Mattel's

5   Separate Statement at 17:11-13.  Mattel also contends that the carve-outs fail to provide notice of

6   what is or is not being withheld.  Mattel also contends that MGA's objections based upon its

7   confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8   protective order in place.  In addition, Mattel contends that MGA's objection to producing

9   documents relating to activities or conduct in foreign countries is wholly improper because those

10  documents may contain information relevant to Mattel's claims.

11        Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12  such documents relate to the "first generation" Bratz dolls.  Mattel argues that whether the work

13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14  discovery purposes.  Mattel contends that the works created by Bryant during his Mattel

15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16  a Bratz doll released at a particular time.[1]

17        Mattel next contends that MGA is improperly withholding documents about designs

18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19  be derivative of work he did when employed by Mattel.  Mattel contends that it is entitled to

20  explore whether such works and the profits from Bratz dolls other than the "first generation"

21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22  and damages.  Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24  information as well as MGA's unfair competition claims.

25  ───────────────

26        [1] Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
    to compel Bryant to produce documents.

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                        3

EXHIBIT __3__  PAGE __69__

EXHIBIT _____ 14

PAGE _____ 356

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2    services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3    Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4    Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5    Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7    payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8    because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9    (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10    damages; and (3) payments may show when and what trade secret information Bryant and other

11    defendants allegedly misappropriated from Mattel.

12    Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13    contends that all agreements between Bryant and MGA are relevant, not just the original

14    September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15    documents relating to MGA and Bryant's alleged joint defense agreement because such

16    information would be relevant to demonstrate bias and lack of credibility.

17    Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18    statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19    information may reveal relevant information about the date of creation of Bryant's Bratz

20    drawings.

21    In response, MGA denies withholding responsive documents and asserts that it has

22    produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23    that it has produced all responsive and relevant documents that it was able to locate in response to

24    request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25    before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26    motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT _3_ PAGE _70_

EXHIBIT _____ 14

PAGE _____ 357

1  to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2  49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed

3  Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4  have been released on the market.  In addition, MGA represents that it has agreed to produce

5  documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More

6  specifically, MGA represents that it agreed to review and produce documents provided to it by

7  Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8  Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.

9  Therefore, MGA views the motion as unnecessary.

10      MGA next contends that Mattel's motion should be denied for the following additional

11  reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for

12  unreleased products.  MGA asserts that its product design documents for its unreleased toy

13  concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that

14  designs and drawings for products currently under development, over six years after Bryant first

15  created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that

16  documents relating to unreleased products are ordered produced, MGA requests a protective order

17  under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18  than the current protective order provides.  In the alternative, MGA requests that any order

19  compelling production of documents relating to unreleased products should essentially be stayed

20  until after MGA's products are publicly released.

21      Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22  attorneys' fees because the information is privileged.  Furthermore, MGA contends that the

23  information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT __3__ PAGE __71__

EXHIBIT _____ 14

PAGE _____ 358

1   in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's
2   Opposition at 24:9-12.[2]
3          Third, MGA asserts that Mattel is not entitled to review all non-public witness statements
4   and litigation documents concerning Bratz for a variety of reasons, including because Mattel has
5   refused to produce similar types of documents. More significantly, MGA contends that Mattel's
6   requests for non-public witness statements are "a blatant attempt to avoid the discovery
7   limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations
8   imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.
9   MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,
10  Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an
11  attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel
12  abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took
13  the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA
14  was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting
15  foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created
16  a situation in which MGA has been forced to give testimony and provide evidence related to
17  issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.
18         Fourth, MGA contends that Mattel is not entitled to documents concerning a family
19  dispute between MGA's chief executive officer and his brother because such documents are in no
20  way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration
21  proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,
22  MGA contends that the brothers were bound by a protective order prohibiting the use of any
23  documents or testimony for any purpose other than the arbitration.
24
25  _____
26      [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the
    request.
27
28  Bryant v. Mattel, Inc.,                                                      6
    CV-04-09049 SGL (RNBx)

EXHIBIT __3__ PAGE __72__

EXHIBIT ____14____

PAGE ____359____

1        Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2  files because they contain confidential information and are not relevant to the lawsuit.  Sixth,

3  MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4  in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd.  Lastly,

5  MGA objects to producing documents relating to any testing performed to determine the date that

6  Bratz documents were created.  MGA contends that such discovery is premature and should not

7  proceed until experts are designated.

8        B. Interrogatories

9        On April 28, 2005, Mattel served its Second Set of Interrogatories.  On May 20, 2005,

10  however, the district court stayed the action.  On May 17, 2006, the district court lifted the stay.

11  On May 30, 2006, MGA responded to the interrogatories.

12        Mattel contends that MGA's responses to the interrogatories were untimely.  Further,

13  Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14  because they lack substantive information and consist almost entirely of objections.  MGA

15  responds that the motion is moot because it is prepared to provide supplemental responses to its

16  interrogatories.  MGA does not otherwise assert any additional grounds for opposing Mattel's

17  motion to compel responses to interrogatories.

18                 III. DISCUSSION

19        A. Rule 26 of the Federal Rules of Civil Procedure

20        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22  party." Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

23  discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

24  Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                       7

EXHIBIT 3  PAGE 73

EXHIBIT 14

PAGE 360

1   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2   expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3   the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4   the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5   26(b)(2).

6        B.   Document Requests

7             1.   Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8                  34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9        The requests above seek discoverable information regarding the origins of Bratz and

10   Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11   response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12   "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13   and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14   14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15   products and documents from MGA Hong Kong.

16        As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17   its production to "relevant and responsive non-objectionable documents" or documents

18   "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19   might be excluding documents that are responsive to the request based upon its unilateral

20   determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21   document requests ordered herein without these restrictions.

22                           Design Documents for Unreleased Products

23        MGA's design documents for unreleased products are relevant to Mattel's claims and

24   defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25   parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26   design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                    8

EXHIBIT __3__ PAGE _74_

EXHIBIT ___14___

PAGE ___361___

1   to Modify Protective Order; And Proposed Order Thereon ("stipulation").  The parties' stipulation

2   has been approved and entered as an order of the court.  MGA is ordered to produce design

3   documents for unreleased products that are responsive to Mattel's document requests in

4   accordance with the terms of the stipulation and order.

5                          <u>Documents from MGA Hong Kong</u>

6          Documents relating to activities or conduct in foreign countries are relevant and

7   discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8   Bratz.  Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9   provides reciprocal discovery from its subsidiaries.

10         Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11  the context of this motion, and therefore is not addressed herein.  MGA is ordered to produce

12  documents from MGA Hong Kong.

13         Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14  64, 69, 96, 97, 98, 99, 100.

15         2. <u>Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,</u>

16            <u>61, 63, 66, 67, 70, 88, 90, 91</u>

17         Mattel contends that MGA is improperly limiting its document production to the "first

18  generation" Bratz dolls.  MGA represents, however, that it has agreed to produce subsequent

19  generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20  documents for yet unreleased products.

21         As stated previously, design documents for yet unreleased products are relevant and

22  discoverable.  <u>See</u> Order Modifying Protective Order.  Accordingly, MGA is ordered to produce

23  all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24  59, 61, 63, 66, 67, 70, 88, 90, and 91.

25         //

26         //

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                                  9

EXHIBIT  3  PAGE  75

EXHIBIT  14

PAGE  362

1        3. MGA's Payments to Bryant (Nos.43, 45)

2        MGA represents that it has already agreed to produce documents related to Bratz, without

3    limiting its production to "first generation" Bratz.  MGA's motion at 13:7-14:3.  Nevertheless,

4    Mattel is entitled to an order compelling production of such documents by a date certain.  Mattel's

5    motion is granted with respect to request nos. 43 and 45.

6        4. MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)

7        MGA represents that it has already agreed to produce non-privileged documents

8    responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9    relevant (MGA's motion at 13:7-14:3).  These requests seek documents relating to fee or

10   indemnity agreements between MGA and Bryant .

11       Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12   Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50.  Any

13   responsive documents withheld on the basis of a privilege must be properly identified in a

14   privilege log.

15.      5. Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,

16          41.

.17      In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18   and other sworn written statements from cases that refer or relate to Bratz or Angel.  Mattel

19   anticipates that these documents could provide evidence relating to the conception date for Bratz.

20       Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21   date for Bratz.  MGA admits in its opposition brief that this issue was litigated in its suits against

22   alleged counterfeiters and infringers.[3]  The issue also appears to have been raised in the

23   arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24   Farhad Larian.  In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

25   _____

26       [3]   Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and
     infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority
     that prohibits Mattel's conduct.

27

28   Bryant v. Mattel, Inc.,                                                     10
     CV-04-09049 SGL (RNBx)

EXHIBIT   3   PAGE  76          EXHIBIT   14

PAGE   363

1    that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2    documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3    protective order that prohibits the use of any documents or testimony for any purpose other than

4    the arbitration.  MGA, however, has not provided any evidence of the protective order.

5    Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6            6. Documents Regarding Date-Testing (Request No. 92)

7        Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8    from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9    testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10    and including without limitation all results and reports relating thereto."  MGA contends that the

11    request is premature, and should proceed in the course of expert discovery.

12        The request calls for relevant discovery and there is no basis for delaying production of

13    responsive documents, other than expert reports.  The timing of expert reports is governed by

14    Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15        C. Interrogatories

16        Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17    MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18    responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19    interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20    court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21    served.  The district court lifted the stay on May 17, 2006.

22

23

24

25

26      [4] In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28

EXHIBIT  3  PAGE  77

EXHIBIT  14

PAGE  304

1    Neither party has cited to any caselaw governing the calculation of the 30-day period

2    when there is an intervening stay in discovery. In the absence of any caselaw, MGA's responses

3    will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5    conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6    tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7    before December 31, 2001, including a description of each person's role and the start and end

8    dates of each person's involvement. In response, MGA asserted numerous objections, but did

9    provide the names of five individuals.

10    The interrogatory clearly seeks information relevant to the claims at issue. MGA's

11    objections are without merit. The interrogatory is not vague, ambiguous, compound or overbroad.

12    Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13    for confidential, proprietary or commercially sensitive information, or seeks information

14    protected by the attorney-client privilege. Furthermore, MGA's response is incomplete insofar as

15    it fails to provide the description of each person's role and the start and end dates of each person's

16    involvement. Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17    5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18    Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19    embodiment of Angel. MGA is ordered to provide a complete response to Interrogatory No. 6 for

20    the reasons previously discussed in connection with Interrogatory No. 5.

21    Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22    December 31, 2001. In response, MGA asserted numerous objections and did not provide any

23    substantive information.

24    MGA's objections are without merit. The interrogatory clearly seeks information relevant

25    to establishing when Bryant first conceived Bratz. The interrogatory is not vague, ambiguous,

26    compound or overbroad. Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                        12

EXHIBIT __3__ PAGE _78_     EXHIBIT____14____

PAGE____365____

1    unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2    seeks information protected by the attorney-client privilege. Accordingly, MG is ordered to

3    provide a complete response to Interrogatory No. 7.

4       Interrogatory No.8 asks MGA to identify each and every embodiment of Angel. MGA is

5    ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6    discussed in connection with Interrogatory No. 7.

7       Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8    or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9    or painting of Bratz. In response, MGA asserted numerous objections and did not provide any

10    substantive information.

11       The interrogatory seeks information relevant to establishing when Bryant first conceived

12    Bratz. Furthermore, MGA's boiler-plate objections are unsubstantiated. Accordingly, MGA is

13    ordered to provide a complete response to Interrogatory No. 9.

14       Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15    was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16    which each such instance occurred, the location of each show or exhibit, and the identity of

17    persons with knowledge of the shows or exhibits. In response, MGA asserted numerous

18    objections and provided the following information: Hong Kong Toy Fair in Hong Kong in or

19    about January 2001 and New York Toy Fair, New York, in or about February 2001.

20       Once again, MGA's boiler-plate objections are unsubstantiated. The information is

21    potentially relevant to establish when Bryant conceived Bratz. Further, the response is

22    incomplete insofar as it fails to identify any persons with knowledge. Therefore, MGA is ordered

23    to provide a complete response to Interrogatory No. 10.

24       Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25    including without limitation each office, home and cell phone number, in the name of, for the

26    benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT _3_ PAGE _79_

EXHIBIT _14_

PAGE _266_

1  January 1, 1998 through the present, and IDENTIFY each and every carrier (including without
2  limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous
3  boiler-plate objections.
4       Once again, MGA has failed to substantiate any of its objections with supporting
5  declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to
6  provide a full response to Interrogatory No. 11.
7                                IV. CONCLUSION
8       For the reasons set forth above, Mattel's motion to compel production of documents is
9  granted.  MGA shall produce all non-privileged documents that are responsive to the requests
10  identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except
11  for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's
12  motion to compel interrogatory answers is also granted.  MGA shall produce documents and
13  provide responses to interrogatories consistent with this Order, and produce a privilege log in
14  compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for
15  sanctions is denied.
16       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
17  Master, Mattel shall file this Order with the Clerk of Court forthwith.
18
19
20
21  Dated: May 15, 2007
22                                              HON. EDWARD A. INFANTE (Ret.)
                                                    Discovery Master
23
24
25
26
27
28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)

                                                                                      14

EXHIBIT  3  PAGE  80        EXHIBIT _____ 14

                            PAGE _____ 367

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in

the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that
the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT __3__ PAGE __81__

EXHIBIT __14__

PAGE __368__

Exhibit 4

EXHIBIT _____ 14

PAGE _____ 369

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3162

WRITER'S INTERNET ADDRESS
scottkidman@quinnemanuel.com

July 20, 2007

**VIA FACSIMILE AND U.S. MAIL**

James P. Jenal, Esq.
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071

Re:   Mattel, Inc. v. MGA Entertainment, Inc.

Dear Jim:

I write pursuant to section 5 of the Discovery Master Stipulation to request that MGA meet and confer regarding the many deficiencies in MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Second Set of Requests for Documents and Things dated July 6, 2007 and MGA Entertainment (HK) Limited's Responses to Mattel's First Set of Requests for Documents and Things dated July 12, 2007.  (MGA Entertainment, Inc. and MGA Entertainment (HK) Limited are referred to collectively herein as "MGA.")

**General Objection No. 7.**  MGA states that in response to each and every request it will only produce documents "sufficient to provide Mattel with the information sought."  Mattel has limited a number of its requests to documents "sufficient to show" the information sought. Where Mattel has not done so, MGA's unilaterally imposed restriction to documents "sufficient to provide the information sought" is clearly improper.  MGA is not entitled to withhold responsive documents because it has deemed some other document to be "sufficient" with respect to such request and has no right to unilaterally dictate what evidence Mattel will rely on to prove its claims and defenses in this case.  Indeed, in his May 15, 2007 order, the Discovery Master has already found MGA's restriction to documents "sufficient to show" to be improper for this very reason.  Please be prepared to identify and discuss each request where MGA has limited its search for or production of responsive documents based on this general objection.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2172583.1

EXHIBIT  4  PAGE 82

EXHIBIT  14
PAGE  370

**General Objection No. 9 to MGA Entertainment, Inc.'s Responses.**  MGA states that in
response to each and every request it will limit its production to "documents relating to domestic
conduct or activities only."  Because of the nature of Mattel's claims, this limitation is clearly
improper.  Among other things, Mattel has alleged state law claims that entitle Mattel to
disgorgement of all profits and other benefit derived from MGA's wrongful conduct.  Moreover,
even as to its copyright claims, Mattel is entitled to "recover damages flowing from exploitation
abroad of [any] domestic acts of infringement committed" by MGA.  <u>Los Angeles News Service
v. Reuters Television Intern. (USA) Ltd.</u>, 340 F.3d 926, 928-32 (9th Cir. 2003).  And, as the
Discovery Master has already found, Mattel is entitled to discovery regarding MGA's net worth.
Please be prepared to identify and discuss any requests where MGA has limited its search for or
production of responsive documents based on this general objection.

**General Objection No. 10 to MGA Entertainment, Inc.'s Responses and General Objection
No. 9 to MGA Entertainment (HK) Limited's Responses.**  MGA's objections to the defined
terms "You," "Your," and "MGA" on the grounds that they overbroad, vague and ambiguous and
call for a legal conclusion have no merit.  Please be prepared to identify and discuss any requests
where MGA has limited its search for or production of responsive documents based on this
general objection.

**General Objection No. 11 to MGA Entertainment, Inc's Responses and General Objection
No. 10 to MGA Entertainment (HK) Limited's Responses.**  MGA's objections to the defined
terms "Bratz," "Bratz Doll," "Bratz Product," "Bratz License," "Bratz Movie" and "Bratz
Television Show" on the grounds that they are overbroad, vague and ambiguous and call for a
legal conclusion are also without merit.  These terms are clearly defined.  They also do not call
for a legal conclusion, which in any event is not a proper objection to document requests.  Please
be prepared to identify and discuss any requests where MGA has limited its search for or
production of responsive documents based on this general objection.

**Request Nos. 1-24, 26-37, 41-42 and 44-46.**  In response to each of these requests, MGA states
that subject to its general and specific objections, it will produce "relevant and responsive non-
objectionable documents that it discovers in the course of its reasonable search and diligent
inquiry, which are within the permissible scope of discovery, to which no privilege or other
protection applies . . . ."[1]  This response is improper, and the Discovery Master has already so
held.  It permits MGA without basis to withhold entire categories of responsive documents MGA
unilaterally deems to be not relevant or otherwise "objectionable" without providing Mattel with
the slightest hint as to what those documents might be.  For all we know, MGA deems all
documents responsive to particular requests to be "objectionable" and has no intention of
producing anything.  Even if MGA intends to produce some responsive documents, neither

---

[1]   In response to Request No. 1, MGA states that it will make available for inspection
"relevant and responsive non-objectionable samples that are at issue in the above-captioned
litigation which it discovers in the course of its reasonable search and diligent inquiry, which are
within the permissible scope of discovery, to which no privilege or other protection applies . . . ."

EXHIBIT __4__ PAGE __83__

EXHIBIT _____ __14__

PAGE _____ __371__

Mattel--nor the Discovery Master for that matter--has any basis for evaluating the propriety of
MGA's decision to withhold other, undisclosed responsive documents.

Indeed, the Discovery Master has already found MGA's limitation to "relevant and responsive
non-objectionable documents" in response to other document requests to be improper. As you
know, in his May 15, 2007 order, Judge Infante expressly ruled:

> As a threshold matter, MGA's responses are inadequate to the extent MGA has
> restricted its production to "relevant and responsive non-objectionable
> documents" or documents "sufficient" to show when events relating to Bratz
> occurred. These restrictions suggest that MGA might be excluding documents
> that are responsive to the request based upon its unilateral determination of what
> is "relevant" or "sufficient." [MGA] shall provide the responses to document
> requests ordered herein without these restrictions.

That MGA now repeats this improper limitation in response to nearly all of the requests at issue
here confirms MGA's obstructionist tactics of delay and bad faith. We expect these
inappropriate limitations to be withdrawn.

Likewise, MGA's boilerplate objections, which it repeats in response to each of these requests,
are without merit. Each of the requests seeks documents that are centrally relevant to Mattel's
damages claims in this lawsuit, including damages in connection with its claims for copyright
infringement. Mattel is entitled to information that will enable it to determine, on a product-by-
product basis, MGA's revenue and profits from the sale and licensing of Bratz products. The
requests are not overbroad or unduly burdensome and MGA cannot demonstrate otherwise.
Almost all of the requests also are limited to documents "sufficient to show" the requested
information. Moreover, as the Discovery Master has already found, any legitimate concerns
regarding "confidential, proprietary or commercially sensitive information" are adequately
addressed by the protective order in place in this lawsuit. As for MGA's privilege and work
product objections, we are at a loss to understand how the requested documents and product
samples could properly be the subject of any such claim, particularly when, as pointed out above,
most all of the requests seek documents "sufficient to show" the requested information.

MGA's objection to Request Nos. 6, 15, 23 and 33 on the grounds that the phrase "other costs" is
purportedly vague and ambiguous is groundless. In each of these requests, Mattel seeks
documents sufficient to show costs of goods sold, unit costs and any other costs MGA contends
are appropriately deducted from revenue to arrive at profits. MGA's objections to the
straightforward phrases "value of the Bratz brand" (Request No. 44) and "YOUR net worth"
(Request No. 45) as vague and ambiguous are also without merit.

Absent MGA's agreement to provide a supplement response stating that it will produce all
responsive non-privileged documents, Mattel will file a motion to compel as to each of these
requests.

**Request Nos. 25, 38-40 and 43**. MGA has flatly objected and refused to produce any
responsive documents to these requests. MGA's objections have no merit. Each of these

3

EXHIBIT __4__ PAGE __84__     EXHIBIT _____14_____

PAGE _____372_____

requests seek information relevant to Mattel's damages claims. The identity of the customers to whom MGA and its licensees have sold BRATZ PRODUCTS (Request No. 25) is relevant to both liability, since it will for example identify potential copyright infringements, and to damages recovery, including for disgorgement. Documents sufficient to show revenue and profits derived by MGA from BRATZ TELEVISION SHOWS and BRATZ MOVIES (Request Nos. 38 and 39) are clearly relevant for these same reasons. For example, to the extent that any elements of these television shows or movies are found infringe copyrighted works owned by Mattel, Mattel is entitled to seek damages for copyright infringement, including MGA's profits attributable to the infringement. Mattel is also entitled to sales, profits and cash flow projections and forecasts for BRATZ DOLLS, BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION SHOWS (Request No. 43) to test any claim by MGA regarding its purported revenues and profits. Likewise, Mattel is entitled documents sufficient to describe MGA's cost allocation procedures (Request No. 40) to evaluate how MGA purports to arrive at its alleged profits.

MGA's objections to these requests on the grounds that they are overbroad and unduly burdensome, call for "confidential, proprietary or commercially sensitive information" and call for the disclosure of "attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege" have no merit for the reasons discussed above.

Unless we can resolve these issues with MGA's responses, Mattel seek relief that asks the Discovery Master to strike MGA's objections and limitations, to compel MGA to produce responsive documents and to impose monetary sanctions.

Please let me know when MGA's counsel is available to meet and confer on these issues within the time required. I look forward to hearing from you.

Very truly yours,

Scott B. Kidman

07209/2172583.1

EXHIBIT _4_ PAGE _85_

EXHIBIT _14_

PAGE _373_

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

</td><td>

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

</td><td>

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

</td></tr>
</table>

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   July 20, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 5**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Jim Jenal, Esq.*<br>O'Melveny & Myers LLP | 213.430.6584 | 213.430.6407 |

**FROM:**   Helen Lim
            Assistant to Scott Kidman

**RE:**     *Mattel, Inc. v. MGA Entertainment, Inc.*

Message:    Please see attached.

FAXED
7/20/07

07209/2170578.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Maria Albert./3th Floor | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED? | ☐ NO  ☐ YES: | |

The Information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product.
The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or
the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution
or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by
telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT   4   PAGE   86

EXHIBIT   14

PAGE   374

JUL. 20 07(FRI) 11:46    QUI.    MANUEL, URQUHART, OLIVER&H       2136240643         P. 001

---

TRANSACTION REPORT

Transmission
Transaction(s) completed

| NO. | TX DATE/TIME | DESTINATION | DURATION | PGS. | RESULT | MODE |
|-----|--------------|-------------|----------|------|--------|------|
| 116 | JUL. 20 11:43 | 76179#7209#12134306407# | 0° 02' 10" | 005 | OK | N  ECM |

---

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94055
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   July 20, 2007          **NUMBER OF PAGES, INCLUDING COVER: 5**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|--------------|-----------|---------|
| *Jim Jenal, Esq.*<br>O'Melveny & Myers LLP | 213.430.6584 | 213.430.6407 |

**FROM:**    Helen Lim
Assistant to Scott Kidman

**RE:**    *Mattel, Inc. v. MGA Entertainment, Inc.*

**Message:**    Please see attached.

EXHIBIT __4__ PAGE __87__    EXHIBIT _____14_____

PAGE _____375_____

**Exhibit 5**

EXHIBIT ___14___

PAGE ___376___

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

September 4, 2007

<u>VIA FACSIMILE AND U.S. MAIL</u>
**(310) 246-6779**

William J. Charron
O'Melveny & Myers LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035

Re:    Mattel v. MGA Entertainment, Inc., et al.

Dear Bill:

I write to confirm our meet and confer discussions over the past weeks, including most recently on August 31, 2007, regarding MGA's responses to Mattel's Second Set of Request for Documents and Things dated July 6, 2007.

<u>Request No. 1:</u>

You agreed that MGA will make a sample of all products responsive to this requests available for inspection.

<u>Request Nos. 2-6, 8-15, 17-23, 25-33, 35-39:</u>

You agreed that MGA will supplement its responses and all produce responsive, non-privileged documents.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2184325.2

EXHIBIT 5   PAGE 88

EXHIBIT ____14____

PAGE ____377____

Request Nos. 7, 16, 24 and 34:

I clarified that these requests seek all documents that set forth, discuss or talk about the requested
profit information, whether it be gross profits, net profits, incremental profits or any other profits
(as opposed to documents by which such profits could be calculated). Based on this
clarification, you agreed that MGA will supplement its responses and produce all responsive,
non-privileged documents.

Request No. 40:

You agreed that MGA will supplement its response and produce all responsive, non-privileged
documents.

Request No. 41:

You agreed that MGA will supplement its response to this Request and produce all general
ledgers from January 1, 1995 to the present.

Request No. 42:

You stated that MGA does not maintain profit and loss statements for Bratz and that MGA has
no documents responsive to this request.

Request No. 43:

You agreed that MGA will supplement its response and produce all responsive, non-privileged
documents.

Request Nos. 44 and 45:

In response to Request Nos. 44 and 45, it was agreed that MGA will produce the following
documents:

- All documents that set forth, discuss or talk about the value of the Bratz brand.

- All of the documents MGA has agreed to produce in response to each of the other
  requests in Mattel's Second Set of Request for Documents and Things as set forth
  in this letter.

- The financial information that MGA has been ordered to produce in the Discovery
  Master's Order dated August 13, 2007.

You agreed that MGA will supplement its responses to these requests to reflect its agreement to
produce these documents.

EXHIBIT __5__ PAGE __89__          EXHIBIT _____ 14

                                   PAGE _____ 378

Request No. 46:

We agreed that MGA would not be required to produce actual NPD reports in response to this request. Based on this limitation, you agreed that MGA will supplement its response and produce all other responsive, non-privileged documents.

Deadlines for Supplemental Responses and Production of Documents:

You agreed that MGA will serve supplemental responses to Mattel's Second Set of Request for Documents and Things by September 17, 2007.

You also agreed that MGA will produce all documents in response to Request Nos. 2-6, 8-15, 17-23, 25-33, 35-41 and 43-46 by September 17, 2007 and that MGA will produce all documents in response to Request Nos. 7, 16, 24 and 34 by September 28, 2007.

We have yet to agree on a date for the inspection of the products responsive to Request No. 1. I will contact you to arrange a date for the inspection.

Please notify me immediately if this letter does not accurately reflect your understanding of the agreements we reached during our meet and confer discussions regarding MGA's responses to Mattel's Second Set of Request for Documents and Things.

Very truly yours,

Scott B. Kidman

SBK:csn
07209/2184325.2

3

EXHIBIT __5__ PAGE __90__

EXHIBIT __14__

PAGE __379__

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**      September 4, 2007                    **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| **William J. Charron**<br>O'Melveny & Myers LLP | (310) 553-6700 | (310) 246-6779 |

**FROM:**      Helen Lim
               Assistant to Scott Kidman

**RE:**        *Mattel, Inc. v. Carter Bryant*

**MESSAGE:**   Please see attached.



07209/2047927.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Tiffany Garcia./3th Floor | ☐ CONFIRM FAX<br>☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ No   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 5 PAGE 91

EXHIBIT 14

PAGE 380