SEP. -04' 07(TUE) 16:21     QUI.    .IUEL, URQUHART, OLIVER&H      T.    36240643          P. 001

```
┌────────────────────────────────────────────────────────────────────────────┐
│ TRANSACTION REPORT                                                           │
│                                                                              │
│ Transmission                                                                 │
│ Transaction(s) completed                                                     │
│                                                                              │
│ NO.  TX DATE/TIME   DESTINATION            DURATION  PGS.  RESULT  MODE       │
│                                                                              │
│ 132  SEP. 4 16:19   76179#7209#13102466779#   0' 01' 35"  004   OK   Normal  │
└────────────────────────────────────────────────────────────────────────────┘
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   September 4, 2007          **NUMBER OF PAGES, INCLUDING COVER: 4**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| William J. Charron<br>O'Melveny & Myers LLP | (310) 553-6700 | (310) 246-6779 |

**FROM:**   Helen Lim
Assistant to Scott Kidman

**RE:**   *Mattel, Inc. v. Carter Bryant*

**MESSAGE:**   Please see attached.

EXHIBIT  5  PAGE 92          EXHIBIT _____ 14

PAGE _____ 381

Exhibit 6

EXHIBIT___14___

PAGE_____382___

# ORIGINAL

1   DIANA M. TORRES (S.B. #162284)
    JAMES P. JENAL (S.B. #180190)
2   O'MELVENY & MYERS LLP
    400 South Hope Street
3   Los Angeles, CA 90071-2899
    Telephone:  (213) 430-6000
4   Facsimile:  (213) 430-6407
    Email:   jjenal@omm.com
5
    DALE M. CENDALI (admitted *pro hac vice*)
6   O'MELVENY & MYERS LLP
    Times Square Tower, 7 Times Square
7   New York, New York 10036
    Telephone:  (212) 326-2000
8   Facsimile:  (212) 326-2061

9   PATRICIA GLASER (S.B. #55668)
    CHRISTENSEN, GLASER, FINK,
10  JACOBS, WEIL & SHAPIRO, LLP
    10250 Constellation Boulevard, 19th Floor
11  Los Angeles, CA 90067
    Telephone:  (310) 553-3000
12  Facsimile:  (310) 557-9815

    Attorneys for MGA Entertainment, Inc.

13

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16

17  CARTER BRYANT, an individual,      Case No.  CV 04-09049 SGL (RNBx)
                                       (consolidated with CV 04-9059 & 05-2727)
18              Plaintiff,
                                       **MGA ENTERTAINMENT, INC.'S**
19       v.                            **SUPPLEMENTAL RESPONSES TO**
                                       **MATTEL, INC.'S SECOND SET OF**
20  MATTEL, INC., a Delaware           **REQUESTS FOR PRODUCTION OF**
    corporation,                       **DOCUMENTS AND THINGS**
21
                Defendant
22

23  AND CONSOLIDATED CASES

24

25

26

27
                                       MGA'S  SUPPLEMENTAL RESPONSE TO
28                                     MATTEL'S 2ND SET OF REQUESTS FOR
                                       PRODUCTION OF DOCUMENTS AND

EXHIBIT __6__ PAGE __93__     EXHIBIT _____14

                              PAGE _____383

## PRELIMINARY STATEMENT

Defendant MGA Entertainment, Inc. ("MGA") has not yet completed its investigation relating to the facts of this action and has not completed preparation for trial. MGA makes its response to these document requests ("requests," or individually, "request") based upon the information presently available to it and without prejudice to its right to amend or supplement its responses and to present evidence which may hereafter be discovered or become available.

MGA will respond to each request as it understands and interprets each request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of MGA, MGA reserves the right to supplement its objections and responses.

By making these responses, MGA does not concede that any of the information sought by these requests is relevant or discoverable. MGA makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to these requests; (b) the right to object to the use of the documents or information provided in response to the requests in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in these requests or the responses thereto.

MGA shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or protected documents or information shall not be construed as a waiver of any privilege or protection attaching thereto and MGA reserves the right to correct the record with regard

1

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _94_

EXHIBIT ____ 14

PAGE ____ 384

1    to any such information and to supplement or amend these responses, which

2    supplemental or amended response shall become the operative response.

3                         **GENERAL OBJECTIONS**

4            1.      MGA objects to each and every request on the ground that production

5    at the date and time demanded will subject MGA to unwarranted oppression and undue

6    burden and expenses. The time set for compliance is unduly burdensome, especially in

7    light of the number of document requests, and the scope and volume of the material being

8    sought. MGA intends to proceed expeditiously to collect the documents for production, if

9    any, and will produce them at a date and time, and in such a manner, as may be mutually

10    agreed by counsel for the parties.

11            2.      MGA objects to each request to the extent that it seeks information

12    protected from discovery by the attorney-client privilege, work-product doctrine, right to

13    privacy, or any other applicable privilege.

14            3.      MGA objects to each request to the extent that it seeks the disclosure

15    of confidential, proprietary or trade-secret information. Should such documents be

16    otherwise responsive and non-objectionable, MGA will produce such documents subject

17    to the terms and conditions of the protective order governing this case.

18            4.      MGA objects to each request to the extent that it seeks documents in

19    Mattel's own possession, custody or control or that are accessible to Mattel from public

20    sources or from third parties.

21            5.      MGA objects to each request to the extent that it asks for documents

22    that are not relevant to claims or defenses in this case.

23            6.      MGA objects to each and every request to the extent it purports to

24    require MGA to search all documents and things within its possession, custody or control

25    or within the possession, custody or control of any of MGA's current or former

26    employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries,

27    divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other

28    person acting on its behalf, pursuant to its authority or subject to its control, on the

2

MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE __95__

EXHIBIT ____14____

PAGE _____385_____

1    grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive,

2    violates the right of privacy, and purports to require MGA to search for documents not

3    within its possession, custody or control.  MGA will make a reasonably diligent search for

4    responsive documents within its possession, custody or control.

5         7.    MGA objects to each and every request to the extent its seeks "all

6    documents" responsive to a certain category on the grounds that such request is overbroad

7    and unduly burdensome and oppressive.  MGA will produce otherwise unobjectionable

8    documents sufficient to provide Mattel with the information sought, following a

9    reasonably diligent search.  On grounds of oppression and undue burden, MGA will not

10   respond to duplicative or cumulative requests and will not re-produce documents it has

11   already produced or produce documents that it has received from Mattel or others in the

12   course of discovery in this matter.

13        8.    MGA objects to each request to the extent it seeks documents not

14   within MGA's possession, custody, or control.

15        9.    MGA objects to each request to the extent it seeks information

16   relating to activities or conduct in foreign countries.  In each instance in which MGA has

17   agreed to produce documents, such production is hereby expressly limited to documents

18   relating to domestic activities or conduct only.

19        10.   MGA objects to the defined terms "You," "Your," and "MGA" on

20   the grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call

21   for legal conclusions.

22        11.   MGA objects to the defined terms "Bratz," "Bratz Doll," "Bratz

23   Product," "Bratz License," "Bratz Movie," and "Bratz Television Show" on the grounds

24   that these terms, as defined, are overbroad, are vague and ambiguous, and call for legal

25   conclusions.

26

27

28

3                    MGA'S  SUPPLEMENTAL RESPONSE TO
                     1ST SET OF REQUEST FOR PRODUCTION
                                        OF DOCUMENTS

EXHIBIT 6 PAGE 96

EXHIBIT    14

PAGE    386

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

A sample of each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by YOU or YOUR licensees.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking samples of all Bratz products and Bratz dolls sold by MGA or its licensees. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks samples not in MGA's possession, custody or control.

Subject to the foregoing, MGA will make available for inspection samples of products responsive to this request in its possession, custody or control that it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS sufficient to IDENTIFY every PERSON who has entered into a BRATZ LICENSE with YOU or anyone acting on YOUR behalf.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

MGA incorporates by reference the above-stated general objections as if fully set

4

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _97_    EXHIBIT _14_

PAGE _387_

1   forth herein.  MGA also specifically objects to this request to the extent that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence.  MGA also objects to this request on the

4   grounds that it is overbroad, unduly burdensome, and oppressive in seeking information

5   identifying all persons who have entered into Bratz licenses with MGA or anyone acting

6   on MGA's behalf.  MGA also objects to this request on the grounds that it seeks

7   confidential, proprietary or commercially sensitive information, the disclosure of which

8   would be inimical to the business interests of MGA.  MGA also objects to this request to

9   the extent it calls for the disclosure of attorney-client privileged information or

10  information protected from disclosure by the work-product doctrine, joint defense or

11  common interest privilege, or other privilege.  MGA also objects to this request to the

12  extent it seeks information the disclosure of which would implicate the rights of third

13  parties to protect private, confidential, proprietary or trade secret information.  MGA also

14  objects to this request to the extent that it seeks documents not in MGA's possession,

15  custody or control.

16      Subject to the foregoing, MGA will produce non-privileged documents sufficient

17  to make the requested showing that are in its possession, custody or control, if any, which

18  it is able to locate following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 3:**

20      DOCUMENTS sufficient to identify by product name, product number and SKU

21  each BRATZ PRODUCT including, without limitation, each BRATZ DOLL, sold by

22  YOU or YOUR licensees.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

24      MGA incorporates by reference the above-stated general objections as if fully set

25  forth herein.  MGA also specifically objects to this request to the extent that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably calculated to

27  lead to the discovery of admissible evidence.  MGA also objects to this request on the

28  grounds that it is overbroad, unduly burdensome, and oppressive in seeking information

5

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _98_        EXHIBIT _14_

PAGE _1388_

1  identifying all product names, numbers, and SKU of Bratz products and Bratz dolls sold

2  by MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of which

4  would be inimical to the business interests of MGA.  MGA also objects to this request to

5  the extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense or

7  common interest privilege, or other privilege.  MGA also objects to this request to the

8  extent it seeks information the disclosure of which would implicate the rights of third

9  parties to protect private, confidential, proprietary or trade secret information.  MGA also

10  objects to this request to the extent that it seeks documents not in MGA's possession,

11  custody or control.

12       Subject to the foregoing, MGA will produce non-privileged documents sufficient

13  to make the requested showing that are in its possession, custody or control, if any, which

14  it is able to locate following a reasonably diligent search.

15  **REQUEST FOR PRODUCTION NO. 4:**

16       DOCUMENTS sufficient to show the number of units of each BRATZ DOLL sold

17  by YOU or YOUR licensees.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

19       MGA incorporates by reference the above-stated general objections as if fully set

20  forth herein.  MGA also specifically objects to this request to the extent that it seeks

21  information not relevant to the subject matter of this lawsuit or reasonably calculated to

22  lead to the discovery of admissible evidence.  MGA also objects to this request on the

23  grounds that it is overbroad, unduly burdensome, and oppressive in seeking the number of

24  units of all Bratz dolls sold by MGA or its licensees.  MGA also objects to this request on

25  the grounds that it seeks confidential, proprietary or commercially sensitive information,

26  the disclosure of which would be inimical to the business interests of MGA.  MGA also

27  objects to this request to the extent it calls for the disclosure of attorney-client privileged

28  information or information protected from disclosure by the work-product doctrine, joint

6

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT  6  PAGE  99     EXHIBIT  14

PAGE  301

1  defense or common interest privilege, or other privilege. MGA also objects to this request

2  to the extent it seeks information the disclosure of which would implicate the rights of

3  third parties to protect private, confidential, proprietary or trade secret information. MGA

4  also objects to this request to the extent that it seeks documents not in MGA's possession,

5  custody or control.

6      Subject to the foregoing, MGA will produce non-privileged documents sufficient

7  to make the requested showing that are in its possession, custody or control, if any, which

8  it is able to locate following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 5:**

10      DOCUMENTS sufficient to show the revenue received by YOU from the sale of

11  each BRATZ DOLL sold by YOU or YOUR licensees.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

13      MGA incorporates by reference the above-stated general objections as if fully set

14  forth herein. MGA also specifically objects to this request to the extent that it seeks

15  information not relevant to the subject matter of this lawsuit or reasonably calculated to

16  lead to the discovery of admissible evidence. MGA also objects to this request on the

17  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

18  showing all revenue received by MGA for the sale of all Bratz dolls sold by MGA or its

19  licensees. MGA also objects to this request on the grounds that it seeks confidential,

20  proprietary or commercially sensitive information, the disclosure of which would be

21  inimical to the business interests of MGA. MGA also objects to this request to the extent

22  it calls for the disclosure of attorney-client privileged information or information

23  protected from disclosure by the work-product doctrine, joint defense or common interest

24  privilege, or other privilege. MGA also objects to this request to the extent it seeks

25  information the disclosure of which would implicate the rights of third parties to protect

26  private, confidential, proprietary or trade secret information. MGA also objects to this

27  request to the extent that it seeks documents not in MGA's possession, custody or control.

28      Subject to the foregoing, MGA will produce non-privileged documents sufficient

7

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _100_   EXHIBIT _____ 14

PAGE _____ 390

1    to make the requested showing that are in its possession, custody or control, if any, which

2    it is able to locate following a reasonably diligent search.

3    **REQUEST FOR PRODUCTION NO. 6:**

4        DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other

5    costs for each BRATZ DOLL sold by YOU or YOUR licensees.

6    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

7        MGA incorporates by reference the above-stated general objections as if fully set

8    forth herein. MGA also specifically objects to this request to the extent that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably calculated to

10    lead to the discovery of admissible evidence. MGA also objects to this request on the

11    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

12    showing MGA's cost of goods sold, unit cost, and all other costs for all Bratz dolls sold

13    by MGA or its licensees. MGA also objects to this request on the grounds that it seeks

14    confidential, proprietary or commercially sensitive information, the disclosure of which

15    would be inimical to the business interests of MGA. MGA also objects to this request to

16    the extent it calls for the disclosure of attorney-client privileged information or

17    information protected from disclosure by the work-product doctrine, joint defense or

18    common interest privilege, or other privilege. MGA also objects to this request to the

19    extent it seeks information the disclosure of which would implicate the rights of third

20    parties to protect private, confidential, proprietary or trade secret information. MGA also

21    objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

22    determine what is meant by "other costs." MGA also objects to this request to the extent

23    that it seeks documents not in MGA's possession, custody or control.

24        Subject to the foregoing, MGA will produce non-privileged documents sufficient

25    to make the requested showing that are in its possession, custody or control, if any, which

26    it is able to locate following a reasonably diligent search.

27    **REQUEST FOR PRODUCTION NO. 7:**

28        All DOCUMENTS that evidence, reflect, or REFER OR RELATE TO YOUR

8

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _101_ EXHIBIT ___ 14

PAGE ___ 391

1    profits from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

2    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

3         MGA incorporates by reference the above-stated general objections as if fully set

4    forth herein.  MGA also specifically objects to this request to the extent that it seeks

5    information not relevant to the subject matter of this lawsuit or reasonably calculated to

6    lead to the discovery of admissible evidence.  MGA also objects to this request on the

7    grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

8    that evidence, reflect or refer or relate to MGA's profits from the sale of all Bratz dolls by

9    MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

10   confidential, proprietary or commercially sensitive information, the disclosure of which

11   would be inimical to the business interests of MGA.  MGA also objects to this request to

12   the extent it calls for the disclosure of attorney-client privileged information or

13   information protected from disclosure by the work-product doctrine, joint defense or

14   common interest privilege, or other privilege.  MGA also objects to this request to the

15   extent it seeks information the disclosure of which would implicate the rights of third

16   parties to protect private, confidential, proprietary or trade secret information.  MGA also

17   objects to this request to the extent that it seeks documents not in MGA's possession,

18   custody or control.

19        Subject to the foregoing, MGA will produce documents that state MGA's profits

20   from the sale of each Bratz doll sold by MGA or its licensees in its possession, custody or

21   control that it discovers in the course of its reasonable search and diligent inquiry and to

22   which no privilege, protection or other objection applies, including without limitation, the

23   attorney-client privilege or attorney work product doctrine.

24   **REQUEST FOR PRODUCTION NO. 8:**

25        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

26   DOLL, DOCUMENTS sufficient to show the number of units of each such BRATZ

27   DOLL sold by YOU or YOUR licensees to that customer.

28

9.          MGA'S  SUPPLEMENTAL RESPONSE TO
             1ST SET OF REQUEST FOR PRODUCTION
                           OF DOCUMENTS

EXHIBIT __6__ PAGE __102__   EXHIBIT _____ 14

PAGE _____ 292

1  <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:</u>

2      MGA incorporates by reference the above-stated general objections as if fully set

3  forth herein.  MGA also specifically objects to this request to the extent that it seeks

4  information not relevant to the subject matter of this lawsuit or reasonably calculated to

5  lead to the discovery of admissible evidence.  MGA also objects to this request on the

6  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

7  that show the number of units of all Bratz dolls sold by MGA or its licensees to every

8  customer to whom MGA or its licensees have ever sold any Bratz dolls.  MGA also

9  objects to this request on the grounds that it seeks confidential, proprietary or

10  commercially sensitive information, the disclosure of which would be inimical to the

11  business interests of MGA.  MGA also objects to this request to the extent it calls for the

12  disclosure of attorney-client privileged information or information protected from

13  disclosure by the work-product doctrine, joint defense or common interest privilege, or

14  other privilege.  MGA also objects to this request to the extent it seeks information the

15  disclosure of which would implicate the rights of third parties to protect private,

16  confidential, proprietary or trade secret information.  MGA also objects to this request to

17  the extent that it seeks documents not in MGA's possession, custody or control.

18      Subject to the foregoing, MGA will produce non-privileged documents sufficient

19  to make the requested showing that are in its possession, custody or control, if any, which

20  it is able to locate following a reasonably diligent search.

21  <u>REQUEST FOR PRODUCTION NO. 9:</u>

22      For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

23  DOLL, documents sufficient to show the revenue received by YOU from each such

24  BRATZ DOLL sold by YOU or YOUR licensees to that customer.

25  <u>SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:</u>

26      MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein.  MGA also specifically objects to this request to the extent that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably calculated to

              10         MGA'S SUPPLEMENTAL RESPONSE TO
                             1ST SET OF REQUEST FOR PRODUCTION
                                       OF DOCUMENTS

EXHIBIT __6__ PAGE __103__

EXHIBIT __14__

PAGE __393__

1   lead to the discovery of admissible evidence.  MGA also objects to this request on the

2   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

3   that show the revenue received by MGA from the sale of all Bratz dolls to every customer

4   to whom MGA or its licenses have ever sold any Bratz dolls.  MGA also objects to this

5   request on the grounds that it seeks confidential, proprietary or commercially sensitive

6   information, the disclosure of which would be inimical to the business interests of MGA.

7   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

8   privileged information or information protected from disclosure by the work-product

9   doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

10   to this request to the extent it seeks information the disclosure of which would implicate

11   the rights of third parties to protect private, confidential, proprietary or trade secret

12   information.  MGA also objects to this request to the extent that it seeks documents not in

13   MGA's possession, custody or control.

14          Subject to the foregoing, MGA will produce non-privileged documents sufficient

15   to make the requested showing that are in its possession, custody or control, if any, which

16   it is able to locate following a reasonably diligent search.

17   **REQUEST FOR PRODUCTION NO. 10:**

18          For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

19   DOLL, documents sufficient to show YOUR profits from each such BRATZ DOLL sold

20   by YOU or YOUR licensees to that customer.

21   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

22          MGA incorporates by reference the above-stated general objections as if fully set

23   forth herein.  MGA also specifically objects to this request to the extent that it seeks

24   information not relevant to the subject matter of this lawsuit or reasonably calculated to

25   lead to the discovery of admissible evidence.  MGA also objects to this request on the

26   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

27   that show MGA's profits from the sale of all Bratz dolls to every customer to whom MGA

28   or its licenses have ever sold any Bratz dolls.  MGA also objects to this request on the

11                  MGA'S SUPPLEMENTAL RESPONSE TO
                    1ST SET OF REQUEST FOR PRODUCTION
                    OF DOCUMENTS

EXHIBIT __6__ PAGE __104__   EXHIBIT __14__

PAGE __394__

1   grounds that it seeks confidential, proprietary or commercially sensitive information, the

2   disclosure of which would be inimical to the business interests of MGA. MGA also

3   objects to this request to the extent it calls for the disclosure of attorney-client privileged

4   information or information protected from disclosure by the work-product doctrine, joint

5   defense or common interest privilege, or other privilege. MGA also objects to this request

6   to the extent it seeks information the disclosure of which would implicate the rights of

7   third parties to protect private, confidential, proprietary or trade secret information. MGA

8   also objects to this request to the extent that it seeks documents not in MGA's possession,

9   custody or control.

10          Subject to the foregoing, MGA will produce non-privileged documents sufficient

11  to make the requested showing that are in its possession, custody or control, if any, which

12  it is able to locate following a reasonably diligent search.

13  **REQUEST FOR PRODUCTION NO. 11:**

14          DOCUMENTS sufficient to show customer returns to YOU of BRATZ DOLLS

15  sold or distrubted by YOU or YOUR licensees.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

17          MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein. MGA also specifically objects to this request to the extent that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably calculated to

20  lead to the discovery of admissible evidence. MGA also objects to this request on the

21  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

22  that show customer returns to MGA of Bratz dolls sold or distributed by MGA or its

23  licensees. MGA also objects to this request on the grounds that it seeks confidential,

24  proprietary or commercially sensitive information, the disclosure of which would be

25  inimical to the business interests of MGA. MGA also objects to this request to the extent

26  it calls for the disclosure of attorney-client privileged information or information

27  protected from disclosure by the work-product doctrine, joint defense or common interest

28  privilege, or other privilege. MGA also objects to this request to the extent it seeks

12                    MGA'S SUPPLEMENTAL RESPONSE TO
                      1ST SET OF REQUEST FOR PRODUCTION
                                          OF DOCUMENTS

EXHIBIT _6_ PAGE _105_   EXHIBIT _____ **14**

                         PAGE _____ **395**

1  information the disclosure of which would implicate the rights of third parties to protect

2  private, confidential, proprietary or trade secret information.  MGA also objects to this

3  request to the extent that it seeks documents not in MGA's possession, custody or control.

4       Subject to the foregoing, MGA will produce non-privileged documents sufficient

5  to make the requested showing that are in its possession, custody or control, if any, which

6  it is able to locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 12:**

8       DOCUMENTS sufficient to show customer rebates or credits given by YOU or

9  YOUR licensees to customers in connection with BRATZ DOLLS.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

11       MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein.  MGA also specifically objects to this request to the extent that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably calculated to

14  lead to the discovery of admissible evidence.  MGA also objects to this request on the

15  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

16  that show customer rebates or credits given by MGA or its licensees to customers in

17  connection with Bratz dolls.  MGA also objects to this request on the grounds that it seeks

18  confidential, proprietary or commercially sensitive information, the disclosure of which

19  would be inimical to the business interests of MGA.  MGA also objects to this request to

20  the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense or

22  common interest privilege, or other privilege.  MGA also objects to this request to the

23  extent it seeks information the disclosure of which would implicate the rights of third

24  parties to protect private, confidential, proprietary or trade secret information.  MGA also

25  objects to this request to the extent that it seeks documents not in MGA's possession,

26  custody or control.

27       Subject to the foregoing, MGA will produce non-privileged documents sufficient

28  to make the requested showing that are in its possession, custody or control, if any, which

13

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE __106__   EXHIBIT ____14____

PAGE ____396____

1   it is able to locate following a reasonably diligent search.

2   **REQUEST FOR PRODUCTION NO. 13:**

3       DOCUMENTS sufficient to show, by product number or SKU, the number of units

4   of each BRATZ DOLL sold by YOU or YOUR licensees.

5   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

6       MGA incorporates by reference the above-stated general objections as if fully set

7   forth herein.  MGA also specifically objects to this request to the extent that it seeks

8   information not relevant to the subject matter of this lawsuit or reasonably calculated to

9   lead to the discovery of admissible evidence.  MGA also objects to this request on the

10  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

11  that show, by product number or SKU, all units of Bratz dolls sold by MGA or its

12  licensees.  MGA also objects to this request on the grounds that it seeks confidential,

13  proprietary or commercially sensitive information, the disclosure of which would be

14  inimical to the business interests of MGA.  MGA also objects to this request to the extent

15  it calls for the disclosure of attorney-client privileged information or information

16  protected from disclosure by the work-product doctrine, joint defense or common interest

17  privilege, or other privilege.  MGA also objects to this request to the extent it seeks

18  information the disclosure of which would implicate the rights of third parties to protect

19  private, confidential, proprietary or trade secret information.  MGA also objects to this

20  request to the extent that it seeks documents not in MGA's possession, custody or control.

21      Subject to the foregoing, MGA will produce non-privileged documents sufficient

22  to make the requested showing that are in its possession, custody or control, if any, which

23  it is able to locate following a reasonably diligent search.

24  **REQUEST FOR PRODUCTION NO. 14:**

25      DOCUMENTS sufficient to show, by product number or SKU, the revenue

26  received by YOU from the sale of each BRATZ DOLL sold by YOU or YOUR licensees.

27  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

28      MGA incorporates by reference the above-stated general objections as if fully set

14

MGA'S  SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE _107_     EXHIBIT _____14_____

PAGE _____397

1   forth herein.  MGA also specifically objects to this request to the extent that it seeks

2   information not relevant to the subject matter of this lawsuit or reasonably calculated to

3   lead to the discovery of admissible evidence.  MGA also objects to this request on the

4   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

5   that show, by product number or SKU, the revenue received by MGA from the sale of all

6   Bratz dolls sold by MGA or its licensees.  MGA also objects to this request on the

7   grounds that it seeks confidential, proprietary or commercially sensitive information, the

8   disclosure of which would be inimical to the business interests of MGA.  MGA also

9   objects to this request to the extent it calls for the disclosure of attorney-client privileged

10  information or information protected from disclosure by the work-product doctrine, joint

11  defense or common interest privilege, or other privilege.  MGA also objects to this request

12  to the extent it seeks information the disclosure of which would implicate the rights of

13  third parties to protect private, confidential, proprietary or trade secret information.  MGA

14  also objects to this request to the extent that it seeks documents not in MGA's possession,

15  custody or control.

16       Subject to the foregoing, MGA will produce non-privileged documents sufficient

17  to make the requested showing that are in its possession, custody or control, if any, which

18  it is able to locate following a reasonably diligent search.

19  **REQUEST FOR PRODUCTION NO. 15:**

20       DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of

21  goods sold, unit cost and other costs for each BRATZ DOLL sold by YOU or YOUR

22  licensees.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

24       MGA incorporates by reference the above-stated general objections as if fully set

25  forth herein.  MGA also specifically objects to this request to the extent that it seeks

26  information not relevant to the subject matter of this lawsuit or reasonably calculated to

27  lead to the discovery of admissible evidence.  MGA also objects to this request on the

28  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

15       MGA'S SUPPLEMENTAL RESPONSE TO
         1ST SET OF REQUEST FOR PRODUCTION
                          OF DOCUMENTS

EXHIBIT _6_ PAGE _108_    EXHIBIT __14__

                          PAGE ___398___

1  that show, by product number or SKU, MGA's cost of goods sold, unit cost, and other

2  costs for all Bratz dolls sold by MGA or its licensees. MGA also objects to this request

3  on the grounds that it seeks confidential, proprietary or commercially sensitive

4  information, the disclosure of which would be inimical to the business interests of MGA.

5  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

6  privileged information or information protected from disclosure by the work-product

7  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

8  to this request to the extent it seeks information the disclosure of which would implicate

9  the rights of third parties to protect private, confidential, proprietary or trade secret

10  information. MGA also objects to this request on the grounds that it is vague and

11  ambiguous in that MGA cannot determine what is meant by "other costs." MGA also

12  objects to this request to the extent that it seeks documents not in MGA's possession,

13  custody or control.

14      Subject to the foregoing, MGA will produce non-privileged documents sufficient

15  to make the requested showing that are in its possession, custody or control, if any, which

16  it is able to locate following a reasonably diligent search.

17  **REQUEST FOR PRODUCTION NO. 16:**

18      All DOCUMENTS that evidence, reflect, or REFER OR RELATE TO YOUR

19  profits, by product number or SKU, from the sale of each BRATZ DOLL sold by YOU or

20  YOUR licensees.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

22      MGA incorporates by reference the above-stated general objections as if fully set

23  forth herein. MGA also specifically objects to this request to the extent that it seeks

24  information not relevant to the subject matter of this lawsuit or reasonably calculated to

25  lead to the discovery of admissible evidence. MGA also objects to this request on the

26  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

27  that evidence, reflect or refer or relate, by product number or SKU, MGA's profits from

28  the sale of all Bratz dolls sold by MGA or its licensees. MGA also objects to this request

16      MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE __109__  EXHIBIT _____ 14

PAGE _____ 399

1   on the grounds that it seeks confidential, proprietary or commercially sensitive

2   information, the disclosure of which would be inimical to the business interests of MGA.

3   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

4   privileged information or information protected from disclosure by the work-product

5   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

6   to this request to the extent it seeks information the disclosure of which would implicate

7   the rights of third parties to protect private, confidential, proprietary or trade secret

8   information. MGA also objects to this request to the extent that it seeks documents not in

9   MGA's possession, custody or control.

10        Subject to the foregoing, MGA will produce documents that state MGA's profits

11   by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees

12   in its possession, custody or control that it discovers in the course of its reasonable search

13   and diligent inquiry and to which no privilege, protection or other objection applies,

14   including without limitation, the attorney-client privilege or attorney work product

15   doctrine.

16   **REQUEST FOR PRODUCTION NO. 17:**

17        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

18   DOLL, DOCUMENTS sufficient to show, by product number or SKU, the number of

19   units of each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

20   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

21        MGA incorporates by reference the above-stated general objections as if fully set

22   forth herein. MGA also specifically objects to this request to the extent that it seeks

23   information not relevant to the subject matter of this lawsuit or reasonably calculated to

24   lead to the discovery of admissible evidence. MGA also objects to this request on the

25   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

26   that show, by product number or SKU, the number of units of all Bratz dolls sold to all

27   customers by MGA or its licensees. MGA also objects to this request on the grounds that

28   it seeks confidential, proprietary or commercially sensitive information, the disclosure of

17        MGA'S SUPPLEMENTAL RESPONSE TO
          1ST SET OF REQUEST FOR PRODUCTION
          OF DOCUMENTS

EXHIBIT __6__ PAGE __110__   EXHIBIT _____ 14

                              PAGE _____ 400

1   which would be inimical to the business interests of MGA. MGA also objects to this

2   request to the extent it calls for the disclosure of attorney-client privileged information or

3   information protected from disclosure by the work-product doctrine, joint defense or

4   common interest privilege, or other privilege. MGA also objects to this request to the

5   extent it seeks information the disclosure of which would implicate the rights of third

6   parties to protect private, confidential, proprietary or trade secret information. MGA also

7   objects to this request to the extent that it seeks documents not in MGA's possession,

8   custody or control.

9           Subject to the foregoing, MGA will produce non-privileged documents sufficient

10  to make the requested showing that are in its possession, custody or control, if any, which

11  it is able to locate following a reasonably diligent search.

12  **REQUEST FOR PRODUCTION NO. 18:**

13          For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

14  DOLL, DOCUMENTS sufficient to show, by product number or SKU, the revenue

15  received by YOU from each such BRATZ DOLL sold by YOU or YOUR licensees to that

16  customer.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

18          MGA incorporates by reference the above-stated general objections as if fully set

19  forth herein. MGA also specifically objects to this request to the extent that it seeks

20  information not relevant to the subject matter of this lawsuit or reasonably calculated to

21  lead to the discovery of admissible evidence. MGA also objects to this request on the

22  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

23  that show, by product number or SKU, the revenue received by MGA from the sale of all

24  Bratz dolls sold to all customers by MGA or its licensees. MGA also objects to this

25  request on the grounds that it seeks confidential, proprietary or commercially sensitive

26  information, the disclosure of which would be inimical to the business interests of MGA.

27  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

28  privileged information or information protected from disclosure by the work-product

18                    MGA'S SUPPLEMENTAL RESPONSE TO
                      1ST SET OF REQUEST FOR PRODUCTION
                                          OF DOCUMENTS

EXHIBIT __6__ PAGE __111__

EXHIBIT __14__

PAGE __401__

1  doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

2  to this request to the extent it seeks information the disclosure of which would implicate

3  the rights of third parties to protect private, confidential, proprietary or trade secret

4  information. MGA also objects to this request to the extent that it seeks documents not in

5  MGA's possession, custody or control.

6       Subject to the foregoing, MGA will produce non-privileged documents sufficient

7  to make the requested showing that are in its possession, custody or control, if any, which

8  it is able to locate following a reasonably diligent search.

9  **REQUEST FOR PRODUCTION NO. 19:**

10      For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

11  DOLL, DOCUMENTS sufficient to show, by product number or SKU, YOUR profits

12  from each such BRATZ DOLL sold by YOU or YOUR licensees to that customer.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

14      MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein. MGA also specifically objects to this request to the extent that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably calculated to

17  lead to the discovery of admissible evidence. MGA also objects to this request on the

18  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

19  that show, by product number or SKU, MGA's profits from the sale of all Bratz dolls sold

20  to all customers by MGA or its licensees. MGA also objects to this request on the

21  grounds that it seeks confidential, proprietary or commercially sensitive information, the

22  disclosure of which would be inimical to the business interests of MGA. MGA also

23  objects to this request to the extent it calls for the disclosure of attorney-client privileged

24  information or information protected from disclosure by the work-product doctrine, joint

25  defense or common interest privilege, or other privilege. MGA also objects to this request

26  to the extent it seeks information the disclosure of which would implicate the rights of

27  third parties to protect private, confidential, proprietary or trade secret information. MGA

28  also objects to this request to the extent that it seeks documents not in MGA's possession,

19

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE __112__  EXHIBIT __14__

PAGE __402__

1   custody or control.

2       Subject to the foregoing, MGA will produce non-privileged documents sufficient

3   to make the requested showing that are in its possession, custody or control, if any, which

4   it is able to locate following a reasonably diligent search.

5   **REQUEST FOR PRODUCTION NO. 20:**

6       DOCUMENTS sufficient to show the revenue and profits derived by YOU from

7   the sale by YOU or YOUR licensees of BRATZ DOLLS including, without limitation,

8   DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable costs,

9   gross margins, royalties paid and received, gross profits and nets profits.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11      MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein.  MGA also specifically objects to this request to the extent that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably calculated to

14  lead to the discovery of admissible evidence.  MGA also objects to this request on the

15  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

16  that show the revenues and profits derived by MGA from the sale of all Bratz dolls by

17  MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

18  confidential, proprietary or commercially sensitive information, the disclosure of which

19  would be inimical to the business interests of MGA.  MGA also objects to this request to

20  the extent it calls for the disclosure of attorney-client privileged information or

21  information protected from disclosure by the work-product doctrine, joint defense or

22  common interest privilege, or other privilege.  MGA also objects to this request to the

23  extent it seeks information the disclosure of which would implicate the rights of third

24  parties to protect private, confidential, proprietary or trade secret information.  MGA also

25  objects to this request to the extent that it seeks documents not in MGA's possession,

26  custody or control.

27      Subject to the foregoing, MGA will produce non-privileged documents sufficient

28  to make the requested showing that are in its possession, custody or control, if any, which

20

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE __113__

EXHIBIT __14__

PAGE __403__

1    it is able to locate following a reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 21:**

3       DOCUMENTS sufficient to show the number of units of each BRATZ PRODUCT

4    sold by YOU or YOUR licensees.

5    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

6       MGA incorporates by reference the above-stated general objections as if fully set

7    forth herein. MGA also specifically objects to this request to the extent that it seeks

8    information not relevant to the subject matter of this lawsuit or reasonably calculated to

9    lead to the discovery of admissible evidence. MGA also objects to this request on the

10   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

11   that show, by product number or SKU, the revenue received by MGA from the sale of all

12   Bratz products sold to all customers by MGA or its licensees. MGA also objects to this

13   request on the grounds that it seeks confidential, proprietary or commercially sensitive

14   information, the disclosure of which would be inimical to the business interests of MGA.

15   MGA also objects to this request to the extent it calls for the disclosure of attorney-client

16   privileged information or information protected from disclosure by the work-product

17   doctrine, joint defense or common interest privilege, or other privilege. MGA also objects

18   to this request to the extent it seeks information the disclosure of which would implicate

19   the rights of third parties to protect private, confidential, proprietary or trade secret

20   information. MGA also objects to this request to the extent that it seeks documents not in

21   MGA's possession, custody or control.

22       Subject to the foregoing, MGA will produce non-privileged documents sufficient

23   to make the requested showing that are in its possession, custody or control, if any, which

24   it is able to locate following a reasonably diligent search.

25   **REQUEST FOR PRODUCTION NO. 22:**

26       DOCUMENTS sufficient to show the revenue received by YOU from the sale of

27   each BRATZ PRODUCT sold by YOU or YOUR licensees.

28

21     MGA'S SUPPLEMENTAL RESPONSE TO
              1ST SET OF REQUEST FOR PRODUCTION
                       OF DOCUMENTS

EXHIBIT _6_ PAGE _114_     EXHIBIT _14_

                                      PAGE _404_

1   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA also specifically objects to this request to the extent that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence. MGA also objects to this request on the

6   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

7   that show the revenue received by MGA from the sale of all Bratz products by MGA or its

8   licensees. MGA also objects to this request on the grounds that it seeks confidential,

9   proprietary or commercially sensitive information, the disclosure of which would be

10   inimical to the business interests of MGA. MGA also objects to this request to the extent

11   it calls for the disclosure of attorney-client privileged information or information

12   protected from disclosure by the work-product doctrine, joint defense or common interest

13   privilege, or other privilege. MGA also objects to this request to the extent it seeks

14   information the disclosure of which would implicate the rights of third parties to protect

15   private, confidential, proprietary or trade secret information. MGA also objects to this

16   request to the extent that it seeks documents not in MGA's possession, custody or control.

17       Subject to the foregoing, MGA will produce non-privileged documents sufficient

18   to make the requested showing that are in its possession, custody or control, if any, which

19   it is able to locate following a reasonably diligent search.

20   **REQUEST FOR PRODUCTION NO. 23:**

21       DOCUMENTS sufficient to show YOUR cost of goods sold, unit cost and other

22   costs for each BRATZ PRODUCT sold by YOU or YOUR licensees.

23   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

24       MGA incorporates by reference the above-stated general objections as if fully set

25   forth herein. MGA also specifically objects to this request to the extent that it seeks

26   information not relevant to the subject matter of this lawsuit or reasonably calculated to

27   lead to the discovery of admissible evidence. MGA also objects to this request on the

28   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

22

MGA'S SUPPLEMENTAL RESPONSE TO<br>1ST SET OF REQUEST FOR PRODUCTION<br>OF DOCUMENTS

EXHIBIT __6__ PAGE __115__   EXHIBIT _____ **14**

                                   PAGE _____ **405**

1  that show MGA's cost of goods sold, unit cost, and other costs for all Bratz products sold

2  by MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

3  confidential, proprietary or commercially sensitive information, the disclosure of which

4  would be inimical to the business interests of MGA.  MGA also objects to this request to

5  the extent it calls for the disclosure of attorney-client privileged information or

6  information protected from disclosure by the work-product doctrine, joint defense or

7  common interest privilege, or other privilege.  MGA also objects to this request to the

8  extent it seeks information the disclosure of which would implicate the rights of third

9  parties to protect private, confidential, proprietary or trade secret information.  MGA also

10  objects to this request on the grounds that it is vague and ambiguous in that MGA cannot

11  determine what is meant by "other costs."  MGA also objects to this request to the extent

12  that it seeks documents not in MGA's possession, custody or control.

13      Subject to the foregoing, MGA will produce non-privileged documents sufficient

14  to make the requested showing that are in its possession, custody or control, if any, which

15  it is able to locate following a reasonably diligent search.

16  **REQUEST FOR PRODUCTION NO. 24:**

17      All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR

18  profits from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

20      MGA incorporates by reference the above-stated general objections as if fully set

21  forth herein.  MGA also specifically objects to this request to the extent that it seeks

22  information not relevant to the subject matter of this lawsuit or reasonably calculated to

23  lead to the discovery of admissible evidence.  MGA also objects to this request on the

24  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

25  that evidence, reflect, or refer or relate to MGA's profits from the sale of all Bratz

26  products sold by MGA or its licensees.  MGA also objects to this request on the grounds

27  that it seeks confidential, proprietary or commercially sensitive information, the disclosure

28  of which would be inimical to the business interests of MGA.  MGA also objects to this

23

MGA'S SUPPLEMENTAL RESPONSE TO 1ST SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

EXHIBIT _6_ PAGE _116_     EXHIBIT _14_

PAGE _406_

1   request to the extent it calls for the disclosure of attorney-client privileged information or

2   information protected from disclosure by the work-product doctrine, joint defense or

3   common interest privilege, or other privilege. MGA also objects to this request to the

4   extent it seeks information the disclosure of which would implicate the rights of third

5   parties to protect private, confidential, proprietary or trade secret information. MGA also

6   objects to this request to the extent that it seeks documents not in MGA's possession,

7   custody or control.

8        Subject to the foregoing, MGA will produce documents that state MGA's profits

9   from the sale of each Bratz product sold by MGA or its licensees in its possession,

10  custody or control that it discovers in the course of its reasonable search and diligent

11  inquiry and to which no privilege, protection or other objection applies, including without

12  limitation, the attorney-client privilege or attorney work product doctrine.

13  **REQUEST FOR PRODUCTION NO. 25:**

14       DOCUMENTS sufficient to IDENTIFY all customers to whom YOU or YOUR

15  licensees have ever sold any BRATZ PRODUCT.

16  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

17       MGA incorporates by reference the above-stated general objections as if fully set

18  forth herein. MGA also specifically objects to this request to the extent that it seeks

19  information not relevant to the subject matter of this lawsuit or reasonably calculated to

20  lead to the discovery of admissible evidence. MGA also objects to this request on the

21  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

22  that identify all customers to whom MGA or its licensees has ever sold any Bratz product.

23  MGA also objects to this request on the grounds that it seeks confidential, proprietary or

24  commercially sensitive information, the disclosure of which would be inimical to the

25  business interests of MGA. MGA also objects to this request to the extent it calls for the

26  disclosure of attorney-client privileged information or information protected from

27  disclosure by the work-product doctrine, joint defense or common interest privilege, or

28  other privilege. MGA also objects to this request to the extent it seeks information the

24

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE __117__

EXHIBIT ____14____

PAGE _____407_____

1  disclosure of which would implicate the rights of third parties to protect private,

2  confidential, proprietary or trade secret information. MGA also objects to this request to

3  the extent that it seeks documents not in MGA's possession, custody or control.

4       Subject to the foregoing, MGA will produce non-privileged documents sufficient

5  to make the requested showing that are in its possession, custody or control, if any, which

6  it is able to locate following a reasonably diligent search.

7  **REQUEST FOR PRODUCTION NO. 26:**

8       For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

9  PRODUCT, DOCUMENTS sufficient to show the number of units of each such BRATZ

10  PRODUCT sold by YOU or YOUR licensees to that customer.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

12       MGA incorporates by reference the above-stated general objections as if fully set

13  forth herein. MGA also specifically objects to this request to the extent that it seeks

14  information not relevant to the subject matter of this lawsuit or reasonably calculated to

15  lead to the discovery of admissible evidence. MGA also objects to this request on the

16  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

17  that show the number of units of all Bratz products sold to all customers by MGA or its

18  licensees. MGA also objects to this request on the grounds that it seeks confidential,

19  proprietary or commercially sensitive information, the disclosure of which would be

20  inimical to the business interests of MGA. MGA also objects to this request to the extent

21  it calls for the disclosure of attorney-client privileged information or information

22  protected from disclosure by the work-product doctrine, joint defense or common interest

23  privilege, or other privilege. MGA also objects to this request to the extent it seeks

24  information the disclosure of which would implicate the rights of third parties to protect

25  private, confidential, proprietary or trade secret information. MGA also objects to this

26  request to the extent that it seeks documents not in MGA's possession, custody or control.

27       Subject to the foregoing, MGA will produce responsive and non-privileged

28  documents in its possession, custody or control, if any, that it is able to locate following a

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _118_

EXHIBIT ___ **14**

PAGE _____ **408**

1    reasonably diligent search.

2    **REQUEST FOR PRODUCTION NO. 27:**

3        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

4    PRODUCT, documents sufficient to show the revenue received by YOU from each such

5    BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

6    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

7        MGA incorporates by reference the above-stated general objections as if fully set

8    forth herein. MGA also specifically objects to this request to the extent that it seeks

9    information not relevant to the subject matter of this lawsuit or reasonably calculated to

10   lead to the discovery of admissible evidence. MGA also objects to this request on the

11   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

12   that show the revenue received by MGA from the sale of all Bratz products to all

13   customers by MGA or its licensees. MGA also objects to this request on the grounds that

14   it seeks confidential, proprietary or commercially sensitive information, the disclosure of

15   which would be inimical to the business interests of MGA. MGA also objects to this

16   request to the extent it calls for the disclosure of attorney-client privileged information or

17   information protected from disclosure by the work-product doctrine, joint defense or

18   common interest privilege, or other privilege. MGA also objects to this request to the

19   extent it seeks information the disclosure of which would implicate the rights of third

20   parties to protect private, confidential, proprietary or trade secret information. MGA also

21   objects to this request to the extent that it seeks documents not in MGA's possession,

22   custody or control.

23       Subject to the foregoing, MGA will produce non-privileged documents sufficient

24   to make the requested showing that are in its possession, custody or control, if any, which

25   it is able to locate following a reasonably diligent search.

26   **REQUEST FOR PRODUCTION NO. 28:**

27       For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

28   PRODUCT, documents sufficient to show YOUR profits from each such BRATZ

                                        26        MGA'S SUPPLEMENTAL RESPONSE TO
                                                  1ST SET OF REQUEST FOR PRODUCTION
                                                                      OF DOCUMENTS

EXHIBIT _6_ PAGE _119_    EXHIBIT ____ 14

PAGE ____ 409

1 | PRODUCT sold by YOU or YOUR licensees to that customer.

2 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

3 | MGA incorporates by reference the above-stated general objections as if fully set

4 | forth herein. MGA also specifically objects to this request to the extent that it seeks

5 | information not relevant to the subject matter of this lawsuit or reasonably calculated to

6 | lead to the discovery of admissible evidence. MGA also objects to this request on the

7 | grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

8 | that show MGA's profits from the sale of all Bratz products to all customers by MGA or

9 | its licensees. MGA also objects to this request on the grounds that it seeks confidential,

10 | proprietary or commercially sensitive information, the disclosure of which would be

11 | inimical to the business interests of MGA. MGA also objects to this request to the extent

12 | it calls for the disclosure of attorney-client privileged information or information

13 | protected from disclosure by the work-product doctrine, joint defense or common interest

14 | privilege, or other privilege. MGA also objects to this request to the extent it seeks

15 | information the disclosure of which would implicate the rights of third parties to protect

16 | private, confidential, proprietary or trade secret information. MGA also objects to this

17 | request to the extent that it seeks documents not in MGA's possession, custody or control.

18 | Subject to the foregoing, MGA will produce non-privileged documents sufficient

19 | to make the requested showing that are in its possession, custody or control, if any, which

20 | it is able to locate following a reasonably diligent search.

21 | **REQUEST FOR PRODUCTION NO. 29:**

22 | DOCUMENTS sufficient to show customer returns to YOU of BRATZ

23 | PRODUCTS sold or distributed by YOU or YOUR licensees.

24 | **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25 | MGA incorporates by reference the above-stated general objections as if fully set

26 | forth herein. MGA also specifically objects to this request to the extent that it seeks

27 | information not relevant to the subject matter of this lawsuit or reasonably calculated to

28 | lead to the discovery of admissible evidence. MGA also objects to this request on the

27

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _120_    EXHIBIT _14_

PAGE _440_

1    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

2    that show customer returns to MGA of all Bratz products sold or distributed by MGA or

3    its licensees.  MGA also objects to this request on the grounds that it seeks confidential,

4    proprietary or commercially sensitive information, the disclosure of which would be

5    inimical to the business interests of MGA.  MGA also objects to this request to the extent

6    it calls for the disclosure of attorney-client privileged information or information

7    protected from disclosure by the work-product doctrine, joint defense or common interest

8    privilege, or other privilege.  MGA also objects to this request to the extent it seeks

9    information the disclosure of which would implicate the rights of third parties to protect

10   private, confidential, proprietary or trade secret information.  MGA also objects to this

11   request to the extent that it seeks documents not in MGA's possession, custody or control.

12        Subject to the foregoing, MGA will produce non-privileged documents sufficient

13   to make the requested showing that are in its possession, custody or control, if any, which

14   it is able to locate following a reasonably diligent search.

15   **REQUEST FOR PRODUCTION NO. 30:**

16        DOCUMENTS sufficient to show customer rebates and credits given by YOU or

17   YOUR licensees to customers in connection with BRATZ DOLLS.

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

19        Request 30 appears on its face to request information identical to request 12.  If this

20   is an accurate interpretation of request 30, MGA objects that request 30 is duplicative of

21   request 12 and MGA also incorporates by reference its above-stated objections to request

22   12.  If request 30 inadvertently requests information related to Bratz dolls and was instead

23   intended to request information related to Bratz products, MGA has the following

24   objections:

25        MGA incorporates by reference the above-stated general objections as if fully set

26   forth herein.  MGA also specifically objects to this request to the extent that it seeks

27   information not relevant to the subject matter of this lawsuit or reasonably calculated to

28   lead to the discovery of admissible evidence.  MGA also objects to this request on the

28                      MGA'S SUPPLEMENTAL RESPONSE TO
                        1ST SET OF REQUEST FOR PRODUCTION
                        OF DOCUMENTS

EXHIBIT __6__ PAGE _121_

EXHIBIT __14__

PAGE __411__

1    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

2    that show customer rebates and credits given by MGA or its licensees to all customers in

3    connection with Bratz products.  MGA also objects to this request on the grounds that it

4    seeks confidential, proprietary or commercially sensitive information, the disclosure of

5    which would be inimical to the business interests of MGA.  MGA also objects to this

6    request to the extent it calls for the disclosure of attorney-client privileged information or

7    information protected from disclosure by the work-product doctrine, joint defense or

8    common interest privilege, or other privilege.  MGA also objects to this request to the

9    extent it seeks information the disclosure of which would implicate the rights of third

10    parties to protect private, confidential, proprietary or trade secret information.  MGA also

11    objects to this request to the extent that it seeks documents not in MGA's possession,

12    custody or control.

13       Subject to the foregoing, MGA will produce non-privileged documents sufficient

14    to make the requested showing that are in its possession, custody or control, if any, which

15    it is able to locate following a reasonably diligent search.

16    **REQUEST FOR PRODUCTION NO. 31:**

17       DOCUMENTS sufficient to show, by product number of SKU, the number of units

18    of each BRATZ PRODUCT sold by YOU or YOUR licensees.

19    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

20       MGA incorporates by reference the above-stated general objections as if fully set

21    forth herein.  MGA also specifically objects to this request to the extent that it seeks

22    information not relevant to the subject matter of this lawsuit or reasonably calculated to

23    lead to the discovery of admissible evidence.  MGA also objects to this request on the

24    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

25    that show, by product number or SKU, the number of units of all Bratz products sold by

26    MGA or its licensees.  MGA also objects to this request on the grounds that it seeks

27    confidential, proprietary or commercially sensitive information, the disclosure of which

28    would be inimical to the business interests of MGA.  MGA also objects to this request to

29

MGA'S SUPPLEMENTAL RESPONSE TO<br>1ST SET OF REQUEST FOR PRODUCTION<br>OF DOCUMENTS

EXHIBIT __6__ PAGE _122_ EXHIBIT____ 14

PAGE_____ 412

1    the extent it calls for the disclosure of attorney-client privileged information or

2    information protected from disclosure by the work-product doctrine, joint defense or

3    common interest privilege, or other privilege.  MGA also objects to this request to the

4    extent it seeks information the disclosure of which would implicate the rights of third

5    parties to protect private, confidential, proprietary or trade secret information.  MGA also

6    objects to this request to the extent that it seeks documents not in MGA's possession,

7    custody or control.

8       Subject to the foregoing, MGA will produce non-privileged documents sufficient

9    to make the requested showing that are in its possession, custody or control, if any, which

10    it is able to locate following a reasonably diligent search.

11    **REQUEST FOR PRODUCTION NO. 32:**

12       DOCUMENTS sufficient to show, by product or SKU, the revenue received by

13    YOU from the sale of each BRATZ PRODUCT sold by YOU or YOUR licensees.

14    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

15       MGA incorporates by reference the above-stated general objections as if fully set

16    forth herein.  MGA also specifically objects to this request to the extent that it seeks

17    information not relevant to the subject matter of this lawsuit or reasonably calculated to

18    lead to the discovery of admissible evidence.  MGA also objects to this request on the

19    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

20    that show, by product number or SKU, the revenue received by MGA from the sale of all

21    Bratz products sold by MGA or its licensees.  MGA also objects to this request on the

22    grounds that it seeks confidential, proprietary or commercially sensitive information, the

23    disclosure of which would be inimical to the business interests of MGA.  MGA also

24    objects to this request to the extent it calls for the disclosure of attorney-client privileged

25    information or information protected from disclosure by the work-product doctrine, joint

26    defense or common interest privilege, or other privilege.  MGA also objects to this request

27    to the extent it seeks information the disclosure of which would implicate the rights of

28    third parties to protect private, confidential, proprietary or trade secret information.  MGA

30                    MGA'S  SUPPLEMENTAL RESPONSE TO
                       1ST SET OF REQUEST FOR PRODUCTION
                                  OF DOCUMENTS

EXHIBIT __6__ PAGE _123_

EXHIBIT __14__

PAGE ____413____

1   also objects to this request to the extent that it seeks documents not in MGA's possession,

2   custody or control.

3        Subject to the foregoing, MGA will produce non-privileged documents sufficient

4   to make the requested showing that are in its possession, custody or control, if any, which

5   it is able to locate following a reasonably diligent search.

6   **REQUEST FOR PRODUCTION NO. 33:**

7        DOCUMENTS sufficient to show, by product number or SKU, YOUR cost of

8   goods sold, unit cost and other costs for each BRATZ PRODUCT sold by YOU or YOUR

9   licensees.

10  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

11       MGA incorporates by reference the above-stated general objections as if fully set

12  forth herein.  MGA also specifically objects to this request to the extent that it seeks

13  information not relevant to the subject matter of this lawsuit or reasonably calculated to

14  lead to the discovery of admissible evidence.  MGA also objects to this request on the

15  grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

16  that show, by product number or SKU, MGA's cost of goods sold, unit cost and other

17  costs for all Bratz products sold by MGA or its licensees.  MGA also objects to this

18  request on the grounds that it seeks confidential, proprietary or commercially sensitive

19  information, the disclosure of which would be inimical to the business interests of MGA.

20  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

21  privileged information or information protected from disclosure by the work-product

22  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

23  to this request to the extent it seeks information the disclosure of which would implicate

24  the rights of third parties to protect private, confidential, proprietary or trade secret

25  information.  MGA also objects to this request on the grounds that it is vague and

26  ambiguous in that MGA cannot determine what is meant by "other costs."  MGA also

27  objects to this request to the extent that it seeks documents not in MGA's possession,

28  custody or control.

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT ___6___ PAGE _124_

EXHIBIT _____14_____

PAGE _____444

1    Subject to the foregoing, MGA will produce non-privileged documents sufficient

2    to make the requested showing that are in its possession, custody or control, if any, which

3    it is able to locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 34:**

5    All DOCUMENTS that evidence, reflect or REFER OR RELATE TO YOUR

6    profits, by product number or SKU, from the sale of each BRATZ PRODUCT sold by

7    YOU or YOUR licensees.

8    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

9    MGA incorporates by reference the above-stated general objections as if fully set

10   forth herein. MGA also specifically objects to this request to the extent that it seeks

11   information not relevant to the subject matter of this lawsuit or reasonably calculated to

12   lead to the discovery of admissible evidence. MGA also objects to this request on the

13   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

14   that reflect or refer or relate, by product number or SKU, to MGA's profits from the sale

15   of all Bratz products by MGA or its licensees. MGA also objects to this request on the

16   grounds that it seeks confidential, proprietary or commercially sensitive information, the

17   disclosure of which would be inimical to the business interests of MGA. MGA also

18   objects to this request to the extent it calls for the disclosure of attorney-client privileged

19   information or information protected from disclosure by the work-product doctrine, joint

20   defense or common interest privilege, or other privilege. MGA also objects to this request

21   to the extent it seeks information the disclosure of which would implicate the rights of

22   third parties to protect private, confidential, proprietary or trade secret information. MGA

23   also objects to this request to the extent that it seeks documents not in MGA's possession,

24   custody or control.

25   Subject to the foregoing, MGA will produce documents that state MGA's profits

26   by product number or SKU from the sale of each Bratz product sold by MGA or its

27   licensees in its possession, custody or control that it discovers in the course of its

28   reasonable search and diligent inquiry and to which no privilege, protection or other

32    MGA'S SUPPLEMENTAL RESPONSE TO
      1ST SET OF REQUEST FOR PRODUCTION
      OF DOCUMENTS

EXHIBIT _6_ PAGE _125_    EXHIBIT _____ 14

PAGE _____ 415

1    objection applies, including without limitation, the attorney-client privilege or attorney

2    work-product doctrine.

3    **REQUEST FOR PRODUCTION NO. 35:**

4        For each customer to whom YOU or YOUR licensees have ever sold any BRATZ

5    PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the number

6    of units of each such BRATZ PRODUCT sold by YOU or YOUR licensees to that

7    customer.

8    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

9        MGA incorporates by reference the above-stated general objections as if fully set

10    forth herein.  MGA also specifically objects to this request to the extent that it seeks

11    information not relevant to the subject matter of this lawsuit or reasonably calculated to

12    lead to the discovery of admissible evidence.  MGA also objects to this request on the

13    grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

14    that show the number of units of all Bratz products sold by MGA or its licensees to every

15    customer to whom MGA or its licensees have ever sold any Bratz products.  MGA also

16    objects to this request on the grounds that it seeks confidential, proprietary or

17    commercially sensitive information, the disclosure of which would be inimical to the

18    business interests of MGA.  MGA also objects to this request to the extent it calls for the

19    disclosure of attorney-client privileged information or information protected from

20    disclosure by the work-product doctrine, joint defense or common interest privilege, or

21    other privilege.  MGA also objects to this request to the extent it seeks information the

22    disclosure of which would implicate the rights of third parties to protect private,

23    confidential, proprietary or trade secret information.  MGA also objects to this request to

24    the extent that it seeks documents not in MGA's possession, custody or control.

25        Subject to the foregoing, MGA will produce non-privileged documents sufficient

26    to make the requested showing that are in its possession, custody or control, if any, which

27    it is able to locate following a reasonably diligent search.

28

33

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE _126_

EXHIBIT ____14____

PAGE ____416____

**REQUEST FOR PRODUCTION NO. 36:**

For each customer to whom YOU or YOUR licensees have ever sold any BRATZ PRODUCT, DOCUMENTS sufficient to show, by product number or SKU, the revenue received by YOU from each such BRATZ PRODUCT sold by YOU or YOUR licensees to that customer.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

MGA incorporates by reference the above-stated general objections as if fully set forth herein. MGA also specifically objects to this request to the extent that it seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence. MGA also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents that show the revenue received by MGA from all Bratz products sold by MGA or its licensees to every customer to whom MGA or its licenses have ever sold any Bratz products. MGA also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of MGA. MGA also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege. MGA also objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information. MGA also objects to this request to the extent that it seeks documents not in MGA's possession, custody or control.

Subject to the foregoing, MGA will produce non-privileged documents sufficient to make the requested showing that are in its possession, custody or control, if any, which it is able to locate following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 37:**

DOCUMENTS sufficient to show the revenue and profits derived by YOU from the sale by YOU or YOUR licensees of BRATZ PRODUCTS including, without

34

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _127_   EXHIBIT _14_

PAGE _417_

1   limitation, DOCUMENTS sufficient to show sales revenues, costs of goods sold, variable

2   costs, gross margins, royalties paid and received, gross profits and nets profits.

3   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

4       MGA incorporates by reference the above-stated general objections as if fully set

5   forth herein. MGA also specifically objects to this request to the extent that it seeks

6   information not relevant to the subject matter of this lawsuit or reasonably calculated to

7   lead to the discovery of admissible evidence. MGA also objects to this request on the

8   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

9   that show the revenues and profits derived by MGA from the sale of all Bratz products by

10   MGA or its licensees. MGA also objects to this request on the grounds that it seeks

11   confidential, proprietary or commercially sensitive information, the disclosure of which

12   would be inimical to the business interests of MGA. MGA also objects to this request to

13   the extent it calls for the disclosure of attorney-client privileged information or

14   information protected from disclosure by the work-product doctrine, joint defense or

15   common interest privilege, or other privilege. MGA also objects to this request to the

16   extent it seeks information the disclosure of which would implicate the rights of third

17   parties to protect private, confidential, proprietary or trade secret information. MGA also

18   objects to this request to the extent that it seeks documents not in MGA's possession,

19   custody or control.

20       Subject to the foregoing, MGA will produce non-privileged documents sufficient

21   to make the requested showing that are in its possession, custody or control, if any, which

22   it is able to locate following a reasonably diligent search.

23   **REQUEST FOR PRODUCTION NO. 38:**

24       DOCUMENTS sufficient to show the revenue and profits derived by YOU from

25   BRATZ MOVIES including, without limitation, DOCUMENTS sufficient to show sales

26   revenue, costs of goods sold, variable costs, gross margins, royalties paid and received,

27   gross profits and nets profits.

28

35

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT _6_ PAGE _128_

EXHIBIT _14_

PAGE _418_

1   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

2   MGA incorporates by reference the above-stated general objections as if fully set

3   forth herein. MGA also specifically objects to this request to the extent that it seeks

4   information not relevant to the subject matter of this lawsuit or reasonably calculated to

5   lead to the discovery of admissible evidence. MGA also objects to this request on the

6   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

7   that show the revenues and profits derived by MGA from Bratz movies. MGA also

8   objects to this request on the grounds that it seeks confidential, proprietary or

9   commercially sensitive information, the disclosure of which would be inimical to the

10  business interests of MGA. MGA also objects to this request to the extent it calls for the

11  disclosure of attorney-client privileged information or information protected from

12  disclosure by the work-product doctrine, joint defense or common interest privilege, or

13  other privilege. MGA also objects to this request to the extent it seeks information the

14  disclosure of which would implicate the rights of third parties to protect private,

15  confidential, proprietary or trade secret information. MGA also objects to this request to

16  the extent that it seeks documents not in MGA's possession, custody or control.

17  Subject to the foregoing, MGA will produce non-privileged documents sufficient

18  to make the requested showing that are in its possession, custody or control, if any, which

19  it is able to locate following a reasonably diligent search.

20  **REQUEST FOR PRODUCTION NO. 39:**

21  DOCUMENTS sufficient to show the revenue and profits derived by YOU from

22  BRATZ TELEVISION SHOWS including, without limitation, DOCUMENTS sufficient

23  to show sales revenue, costs of goods sold, variable costs, gross margins, royalties paid

24  and received, gross profits and nets profits.

25  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

26  MGA incorporates by reference the above-stated general objections as if fully set

27  forth herein. MGA also specifically objects to this request to the extent that it seeks

28  information not relevant to the subject matter of this lawsuit or reasonably calculated to

36   MGA'S SUPPLEMENTAL RESPONSE TO
     1ST SET OF REQUEST FOR PRODUCTION
     OF DOCUMENTS

EXHIBIT _6_ PAGE _129_

EXHIBIT _____ 14

PAGE _____ 419

1   lead to the discovery of admissible evidence.  MGA also objects to this request on the

2   grounds that it is overbroad, unduly burdensome, and oppressive in seeking documents

3   that show the revenues and profits derived by MGA from Bratz television shows.  MGA

4   also objects to this request on the grounds that it seeks confidential, proprietary or

5   commercially sensitive information, the disclosure of which would be inimical to the

6   business interests of MGA.  MGA also objects to this request to the extent it calls for the

7   disclosure of attorney-client privileged information or information protected from

8   disclosure by the work-product doctrine, joint defense or common interest privilege, or

9   other privilege.  MGA also objects to this request to the extent it seeks information the

10   disclosure of which would implicate the rights of third parties to protect private,

11   confidential, proprietary or trade secret information.  MGA also objects to this request to

12   the extent that it seeks documents not in MGA's possession, custody or control.

13      Subject to the foregoing, MGA will produce non-privileged documents sufficient

14   to make the requested showing that are in its possession, custody or control, if any, which

15   it is able to locate following a reasonably diligent search.

16   **REQUEST FOR PRODUCTION NO. 40:**

17      All DOCUMENTS that describe YOUR cost allocation procedures.

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

19      MGA incorporates by reference the above-stated general objections as if fully set

20   forth herein.  MGA also specifically objects to this request to the extent that it seeks

21   information not relevant to the subject matter of this lawsuit or reasonably calculated to

22   lead to the discovery of admissible evidence.  MGA also objects to this request on the

23   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

24   that describe MGA's cost allocation procedures.  MGA also objects to this request on the

25   grounds that it seeks confidential, proprietary or commercially sensitive information, the

26   disclosure of which would be inimical to the business interests of MGA.  MGA also

27   objects to this request to the extent it calls for the disclosure of attorney-client privileged

28   information or information protected from disclosure by the work-product doctrine, joint

37

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE _130_

EXHIBIT ___14___

PAGE ___420___

1  defense or common interest privilege, or other privilege.  MGA also objects to this request

2  to the extent it seeks information the disclosure of which would implicate the rights of

3  third parties to protect private, confidential, proprietary or trade secret information.  MGA

4  also objects to this request on the grounds that it is vague and ambiguous in that MGA

5  cannot determine what is meant by "cost allocation procedures."  MGA also objects to

6  this request to the extent that it seeks documents not in MGA's possession, custody or

7  control.

8      Subject to the foregoing, MGA will produce all responsive and non-privileged

9  documents in its possession, custody or control, if any, that it is able to locate following a

10  reasonably diligent search.

11  **REQUEST FOR PRODUCTION NO. 41:**

12      YOUR general ledgers from January 1, 1995 through the present.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

14      MGA incorporates by reference the above-stated general objections as if fully set

15  forth herein.  MGA also specifically objects to this request to the extent that it seeks

16  information not relevant to the subject matter of this lawsuit or reasonably calculated to

17  lead to the discovery of admissible evidence.  MGA also objects to this request on the

18  grounds that it is overbroad, unduly burdensome, and oppressive in seeking all of MGA's

19  general ledgers from January 1, 1995 through the present.  MGA also objects to this

20  request on the grounds that it seeks confidential, proprietary or commercially sensitive

21  information, the disclosure of which would be inimical to the business interests of MGA.

22  MGA also objects to this request to the extent it calls for the disclosure of attorney-client

23  privileged information or information protected from disclosure by the work-product

24  doctrine, joint defense or common interest privilege, or other privilege.  MGA also objects

25  to this request to the extent it seeks information the disclosure of which would implicate

26  the rights of third parties to protect private, confidential, proprietary or trade secret

27  information.  MGA also objects to this request to the extent that it seeks documents not in

28  MGA's possession, custody or control.

38          MGA'S SUPPLEMENTAL RESPONSE TO
            1ST SET OF REQUEST FOR PRODUCTION
                OF DOCUMENTS

EXHIBIT __6__ PAGE _131_

EXHIBIT ____14____

PAGE ____401____

1    Subject to the foregoing, MGA will produce all non-privileged documents

2    constituting general ledgers from January 1, 1995 to the present in its possession, custody

3    or control that it is able to locate following a reasonably diligent search.

4    **REQUEST FOR PRODUCTION NO. 42:**

5    All sales, profit and cash flow projections or forecasts for BRATZ DOLLS,

6    BRATZ PRODUCTS, BRATZ MOVIES and BRATZ TELEVISION SHOWS.

7    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

8    MGA incorporates by reference the above-stated general objections as if fully set

9    forth herein. MGA also specifically objects to this request to the extent that it seeks

10   information not relevant to the subject matter of this lawsuit or reasonably calculated to

11   lead to the discovery of admissible evidence. MGA also objects to this request on the

12   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all of MGA's

13   profit and cash flow projections and forecasts for Bratz dolls, Bratz products, Bratz

14   movies, and Bratz television shows. MGA also objects to this request on the grounds that

15   it seeks confidential, proprietary or commercially sensitive information, the disclosure of

16   which would be inimical to the business interests of MGA. MGA also objects to this

17   request to the extent it calls for the disclosure of attorney-client privileged information or

18   information protected from disclosure by the work-product doctrine, joint defense or

19   common interest privilege, or other privilege. MGA also objects to this request to the

20   extent it seeks information the disclosure of which would implicate the rights of third

21   parties to protect private, confidential, proprietary or trade secret information. MGA also

22   objects to this request to the extent that it seeks documents not in MGA's possession,

23   custody or control.

24   Subject to the foregoing, MGA will produce all responsive and non-privileged

25   documents in its possession, custody or control, if any, that it is able to locate following a

26   reasonably diligent search.

27   **REQUEST FOR PRODUCTION NO. 43:**

28   All DOCUMENTS that REFER OR RELATE TO the value of the Bratz brand.

39          MGA'S SUPPLEMENTAL RESPONSE TO
            1ST SET OF REQUEST FOR PRODUCTION
            OF DOCUMENTS

EXHIBIT _6_ PAGE _132_   EXHIBIT _____ 14

PAGE _____ 422

1    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

2       MGA incorporates by reference the above-stated general objections as if fully set

3    forth herein. MGA also specifically objects to this request to the extent that it seeks

4    information not relevant to the subject matter of this lawsuit or reasonably calculated to

5    lead to the discovery of admissible evidence. MGA also objects to this request on the

6    grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

7    that refer or relate to the value of the Bratz brand. MGA also objects to this request on the

8    grounds that it seeks confidential, proprietary or commercially sensitive information, the

9    disclosure of which would be inimical to the business interests of MGA. MGA also

10    objects to this request to the extent it calls for the disclosure of attorney-client privileged

11    information or information protected from disclosure by the work-product doctrine, joint

12    defense or common interest privilege, or other privilege. MGA also objects to this request

13    to the extent it seeks information the disclosure of which would implicate the rights of

14    third parties to protect private, confidential, proprietary or trade secret information. MGA

15    also objects to this request on the grounds that it is vague and ambiguous in that MGA

16    cannot determine what is meant by or how to calculate "the value of the Bratz brand."

17    MGA also objects to this request to the extent that it seeks documents not in MGA's

18    possession, custody or control.

19       Subject to the foregoing, MGA will produce: all non-privileged documents that set

20    forth the value of the Bratz brand in its possession, custody or control, that it is able to

21    locate following a reasonably diligent search; in addition to the documents that MGA

22    represents it will produce in response to each of these other requests.

23    **REQUEST FOR PRODUCTION NO. 44:**

24       DOCUMENTS sufficient to calculate YOUR net worth on a yearly basis for each

25    year from 1999 to the present.

26    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

27       MGA incorporates by reference the above-stated general objections as if fully set

28    forth herein. MGA also specifically objects to this request to the extent that it seeks

40

MGA'S SUPPLEMENTAL RESPONSE TO
1ST SET OF REQUEST FOR PRODUCTION
OF DOCUMENTS

EXHIBIT __6__ PAGE _133_    EXHIBIT _____ **14**

PAGE _____

1    information not relevant to the subject matter of this lawsuit or reasonably calculated to

2    lead to the discovery of admissible evidence.  MGA also objects to this request on the

3    grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents

4    sufficient to calculate MGA's net worth on a yearly basis for each year from 1999 to the

5    present.  MGA also objects to this request on the grounds that it seeks confidential,

6    proprietary or commercially sensitive information, the disclosure of which would be

7    inimical to the business interests of MGA.  MGA also objects to this request to the extent

8    it calls for the disclosure of attorney-client privileged information or information

9    protected from disclosure by the work-product doctrine, joint defense or common interest

10   privilege, or other privilege.  MGA also objects to this request to the extent it seeks

11   information the disclosure of which would implicate the rights of third parties to protect

12   private, confidential, proprietary or trade secret information.  MGA also objects to this

13   request on the grounds that it is vague and ambiguous in that MGA cannot determine what

14   is meant by "YOUR net worth."  MGA also objects to this request to the extent that it

15   seeks documents not in MGA's possession, custody or control.

16        Subject to the foregoing, MGA will produce: all non-privileged documents that set

17   forth, discuss or talk about the value of the Bratz brand in its possession, custody or

18   control, that it is able to locate following a reasonably diligent search; in addition to all

19   documents that MGA represents it will produce in response to each of these other

20   requests.

21   **REQUEST FOR PRODUCTION NO. 45:**

22        All DOCUMENTS that evidence, reflect or REFER OR RELATE TO the BRATZ

23   DOLL's share of the fashion doll market including, without limitation, the extent to which

24   Bratz has been or is gaining or losing market share in the fashion doll market.

25   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

26        MGA incorporates by reference the above-stated general objections as if fully set

27   forth herein.  MGA also specifically objects to this request to the extent that it seeks

28   information not relevant to the subject matter of this lawsuit or reasonably calculated to

EXHIBIT  6  PAGE 134      EXHIBIT ___ 14

                          PAGE ___ 424

1   lead to the discovery of admissible evidence.  MGA also objects to this request on the
2   grounds that it is overbroad, unduly burdensome, and oppressive in seeking all documents
3   that evidence, reflect or refer or relate to the Bratz doll's share of the fashion doll market,
4   including the extent to which Bratz has been or is gaining or losing market share in the
5   fashion doll market.  MGA also objects to this request on the grounds that it seeks
6   confidential, proprietary or commercially sensitive information, the disclosure of which
7   would be inimical to the business interests of MGA.  MGA also objects to this request to
8   the extent it calls for the disclosure of attorney-client privileged information or
9   information protected from disclosure by the work-product doctrine, joint defense or
10  common interest privilege, or other privilege.  MGA also objects to this request to the
11  extent it seeks information the disclosure of which would implicate the rights of third
12  parties to protect private, confidential, proprietary or trade secret information.  MGA also
13  objects to this request to the extent that it seeks documents not in MGA's possession,
14  custody or control.

15          Subject to the foregoing, MGA will produce all non-privileged documents that set
16  forth or reflect the Bratz dolls' share of the fashion doll market in its possession, custody
17  or control, if any, that it is able to locate following a reasonably diligent search, except for
18  NPD reports.

19
20
21
22
23
24
25
26
27
28

                                          42          MGA'S SUPPLEMENTAL RESPONSE TO
                                                      1ST SET OF REQUEST FOR PRODUCTION
                                                                        OF DOCUMENTS

EXHIBIT  6  PAGE 135      EXHIBIT _____ 14

                          PAGE _____ 435

1

2      AS TO OBJECTIONS ONLY:

3

4      Dated: September 17, 2007

5                              DIANA M. TORRES
                               WILLIAM J. CHARRON
6
                               O'MELVENY & MYERS LLP
7

8                              By: _____
                                   William J. Charron
9

10                             Attorneys for MGA Entertainment, Inc.

11

12     CC1:770696.2

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                               43        MGA'S  SUPPLEMENTAL RESPONSE TO
                                         1ST SET OF REQUEST FOR PRODUCTION
                                                         OF DOCUMENTS

EXHIBIT  6  PAGE  136    EXHIBIT _____  14

                         PAGE _____  436

Exhibit 7

EXHIBIT _____ 14

PAGE _____ 427

## Scott Kidman

| | |
|---|---|
| **From:** | Scott Kidman |
| **Sent:** | Wednesday, September 26, 2007 7:47 PM |
| **To:** | Charron, William |
| **Cc:** | Scott Kidman |
| **Subject:** | Mattel v. MGA |

Bill,

During our meet and confer discussions regarding regarding MGA's responses to Mattel's Second Set of
Requests for Production of Documents and Things, you stated that MGA would produce by September 17, 2007 a
report that would contain information responsive to a number of the requests.  We do not appear to have received
this report.  If MGA has produced it, please provide me with the Bates numbers.  If MGA has not produced it, this
shall serve as Mattel's request for a meet and confer regarding the failure to do so.

I look forward to your response.


Scott B. Kidman
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3162
Main Phone: (213) 443-3000
Main Fax:  (213) 443-3100
E-mail:  scottkidman@quinnemanuel.com
Web:  www.quinnemanuel.com


EXHIBIT __7__  PAGE _137_
EXHIBIT _____ 14

PAGE _____ 488

11/25/2007

**Exhibit 8**

EXHIBIT ___14___

PAGE ___429___

## Scott Kidman

| | |
|---|---|
| **From:** | Charron, William [WCharron@OMM.com] |
| **Sent:** | Thursday, October 11, 2007 5:22 PM |
| **To:** | Scott Kidman |
| **Cc:** | Charron, William |
| **Subject:** | Inquiry re Financial Report |

Scott,

I just tried to reach you in your office.  I am available all day tomorrow to discuss your inquiry about MGA's financial report, and will be here intermittently this evening, if you want to try and reach me know.

Best regards,

Bill

BILL CHARRON
O'MELVENY & MYERS LLP
1999 AVENUE OF THE STARS, 7TH FLOOR
CENTURY CITY, CA 90067-6035
DIRECT DIAL (310) 246-8462
FAX (310) 246-6779
WCHARRON@OMM.COM

This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

EXHIBIT _8_ PAGE _138_

EXHIBIT __14__
PAGE __430__

11/25/2007

**Exhibit 9**

EXHIBIT _____ 14

PAGE _____ 431

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

October 29, 2007

**BY HAND**

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:   Mattel, Inc. adv. MGA Entertainment, et al.

Dear Tom:

I am writing in connection with various discovery matters.

Further to our earlier communications, we set forth in this letter a more comprehensive list of outstanding discovery which the Court has ordered MGA to produce and/or which MGA previously agreed it currently owes Mattel. We are enclosing relevant background materials as they relate to these issues in an effort to facilitate their resolution. It is our hope here that the parties can avoid or at least minimize motion practice on these matters to the extent it is possible to do so. We also set forth in this letter a list of prior meet and confer requests that Mattel made but that MGA did not respond to as required by the Discovery Master Stipulation. We hope to address these matters as soon as possible. Last, we include herein additional matters relating to a key Rule 30(b)(6) Topic that require MGA's attention.

EXHIBIT __9__ PAGE _139_

EXHIBIT _14_
PAGE _42_

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

## I.   **Outstanding Discovery Obligations**

### A.   **Depositions**

To date, MGA has not provided dates for a number of depositions, including depositions Judge Infante has ordered. In his May 16, 2007 Order, Judge Infante overruled all MGA objections to the Topics in Mattel's Second Rule 30(b)(6) Notice and ordered MGA to produce witnesses on all Topics (other than Topic Nos. 25 and 26) on or before June 30, 2007. Judge Larson subsequently rejected, in their entirety, MGA's challenges to that Order. Separately, Judge Infante ordered MGA to produce witnesses on Topics 25 and 26 no later than September 27, 2007. MGA, however, has not produced witnesses on many of these topics.

Topic Nos. 16, 18, 20 and 32 in Mattel's Second Rule 30(b)(6) Notice to MGA. MGA has failed to provide any dates when MGA witnesses will be available to address these topics. MGA originally purported to designate prior written testimony to address these topics, but its designations were woefully inadequate. After Mattel requested a meet and confer, MGA agreed, on August 15, 2007, to provide designees and dates for these topics. Thereafter, on or about October 3, 2007, MGA stated that its designee on these topics would be Samir Khare. MGA stated that Mr. Khare was available for deposition in December. Mattel informed MGA that such a delay in Mr. Khare's depositions was unacceptable, because the deadline for MGA to provide a witness in compliance with the Discovery Master's Order -- June 30, 2007 -- had long since passed. MGA stated that it would check again to determine whether Mr. Khare would be produced on an earlier date. No earlier dates were ever provided, however. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit A to this letter.

Topic Nos. 21, 24, 25, 26, 31, 39 (as to non-electronic documents), 40 and 41 in Mattel's Second Rule 30(b)(6) Notice to MGA. Pursuant to Judge Infante's May 16, 2007 Order, which was upheld by Judge Larson, MGA was required to produce designees on the topics in Mattel's Second Rule 30(b)(6) Notice no later than June 30, 2007 (except as to Topics 25 and 26). Separately, MGA was required to produce witnesses on Topics 25 and 26 no later than September 27, 2007.

On July 19, 2007, MGA produced Lisa Tonnu on Topic Nos. 24, 31, 37, 39 (as to non-electronic documents), 40 and 41, but Ms. Tonnu was not sufficiently prepared regarding those topics, save Topic No. 37. After a meet and confer in advance of Mattel motion, MGA agreed to provide Ms. Tonnu to testify again with respect to those topics and additionally with respect to Topic Nos. 21, 25 and 26. MGA produced Ms. Tonnu for a second time on September 24-25, 2007. Ms. Tonnu, however, was no more prepared for any of those topics than she was the first time. Since then, Mattel has met and conferred with MGA in regards to MGA's failure to provide a competent witness to testify regarding these topics as ordered by Judge Infante and in regards to Mattel's anticipated motion for sanctions as a consequence of MGA's deliberate violations of the Discovery Master's Order. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit B to this letter.

EXHIBIT **9** PAGE **140**

EXHIBIT **19**
PAGE **433**

**Topic Nos. 38, 39 (as to electronic documents) and 42 in Mattel's Second Rule 30(b)(6) Notice to MGA.** Pursuant to Judge Infante's May 16, 2007 Order, MGA was required to produce designees on Topics Nos. 38, 39 and 42. On June 14 and 15, 2007, MGA produced Kenneth Lockhart on Topics 38, 39 (as to electronic documents) and Topic No. 42. Mr. Lockhart was not sufficiently prepared to testify on these topics. Accordingly, Mattel sent MGA a meet and confer request on September 18, 2007 regarding the deficiencies of the testimony provided by Mr. Lockhart. MGA informed Mattel that it would confirm -- by October 4, 2007 -- whether MGA will be producing Mr. Lockhart for deposition on Topic 39 (with respect to electronic documents) in response to Mattel's meet and confer letter. MGA did not address the other topics Mr. Lockhart was designated to testify about, yet failed to provide competent testimony on. MGA has not confirmed whether it will produce Mr. Lockhart on Topic 39 (with respect to electronic documents), let alone the other topics. MGA needs to provide dates for the deposition of a properly educated witness on Topic Nos. 38, 39 and 42 if it wishes to avoid a Mattel motion. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit C to this letter.

**Topics Nos. Nos. 11, 13, 14, 23, 27 and 28 of Mattel's Second Rule 30(b)(6) Notice.** On September 16, 2007, Mattel sent MGA a meet and confer letter regarding the failure to adequately educate Rebecca Harris, its designee on Topic Nos. 11, 13, 14, 23, 27 and 28, and the inadequate time to complete her deposition on all of the many Topics she was designated on. On October 3, 2007, MGA indicated that Ms. Harris is currently on medical leave and that MGA needs to check on her condition before advising us of her availability. To date, Mattel has not received any response regarding Ms. Harris's availability. If she is not available in the coming weeks, MGA must produce a different designee. Otherwise, Mattel anticipates that it will bring a motion on this subject.

**Topics 6-8, 11 and 12 of Mattel's Third Rule 30(b)(6) Notice.** Judge Infante ordered MGA to provide dates and designees on these topics on September 25, 2007. On October 2, 2007 Mattel wrote to MGA requesting MGA to promptly identify its designees and provide dates for those designees. MGA conceded on October 3, 2007 that it needed to comply with Judge Infante's Order and identify appropriate designees for Topics 6-8, 11 and 12. On October 8, 2007, Mattel sent a further letter requesting to meet and confer regarding this topic. Despite Mattel's letters to MGA, MGA has not provided dates or designees. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit D to this letter.

**Individual witnesses for whom MGA has never provided dates.** Mattel has requested dates for the depositions of Shirin Salemnia, Daphne Gronich and Joe Tiongco. MGA committed to provide dates for these deponents on September 21 and 25, 2007, among other dates, but has not done so to date. MGA also committed more than a year ago, in July 2006, and then again on October 3, 2007, to produce Isaac Larian for the continuation of his deposition regarding the MGA v. Mattel case, but has not offered any dates as of yet. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit E to this letter.

3

EXHIBIT __9__ PAGE _141_

EXHIBIT __14__

PAGE __434__

Previously scheduled individual deponents. MGA needs to provide new dates for the deposition of David Malacrida, who had been scheduled to give further deposition testimony on October 18, 2007 but who was not produced as a result of the "soft stay."[1]

We expect MGA to provide reasonable dates for these depositions. As you can see, MGA's obligations as to these depositions are long overdue. Accordingly, if we cannot firmly resolve these open items in the short term, we intend to seek the assistance of the Court.

### B.   Documents And Tangible Things

Financial Information responsive to Mattel's Second Set of Requests for Production to MGA.
On June 6, 2007, Mattel served its Second Set of Requests for Documents and Things to MGA Entertainment, Inc. seeking various categories of financial information relevant to damages. After a lengthy meet and confer process, MGA ultimately agreed to produce all responsive, non-privileged documents (with only certain minor modifications as reflected in MGA's supplemental responses dated September 17, 2007) by either September 17, 2007 as to most all categories or September 28, 2007 as to a few remaining categories. More specifically, among other things, MGA agreed to produce by September 17, 2007 a report that would provide information responsive to a number of the requests, including sales, revenue, cost and profit information for Bratz products by SKU. On September 26, 2007, we sent an e-mail to Bill Charron advising him that we had not appeared to have received the report and requesting, if MGA had produced the report, that it provide us with the Bates numbers or, if MGA had not produced the report, a meet and confer regarding its failure to have done so. Well after the expiration of the required five-day period within which to meet and confer (and shortly before the change in counsel), Mr. Charron finally advised us that the report had not been produced and that he could not tell us when it would be produced. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit F to this letter.

More than one month after the agreed upon deadline for producing the report, we still have no record of having received it. If MGA has produced this report, please so confirm and provide us with the Bates numbers. If MGA still has not produced the report, then please let us know when we can expect to receive it. From our perspective, and as I had mentioned during our conference call on October 14, 2007, MGA's production of financial documents needs to be a priority so that there is no further delay in our ability to prepare expert reports.

Inspection of Bratz Products.  To resolve a then-pending Mattel motion to compel, MGA and Bryant agreed on the record before Judge Block on June 20, 2006 that they would make tangible

---

[1]  Further, because they too were continued as a result of the "soft stay," we need to discuss the rescheduling of the depositions of Carlos Gustavo Machado, who was previously scheduled to be deposed on October 26, 2007; Sarah Halpern, who was previously scheduled for October 29, 2007; and Margaret Hatch Leahy, who was previously scheduled for October 30, 2007. We have been actively seeking the depositions of these witnesses since at least early June. All three of these witnesses have separate counsel as you know.

4   EXHIBIT _9_ PAGE _142_

items available for inspection within fifteen days of a Mattel request. Furthermore, as a result of MGA's refusals to produce tangible items relating to Bratz sought by Mattel, Mattel brought a motion to compel, which Judge Infante granted. There are numerous categories of tangible items that MGA has been ordered to produce including, without limitation, (1) all doll heads, sculpts, prototypes, models, samples and tangible items that were created, prepared or made prior to January 1, 2001 that refer or relate to Bratz or Angel, (2) all doll heads, sculpts, prototypes, models, samples and tangible items painted by Anna Rhee prior to January 1, 2001, (3) doll heads, sculpts, prototypes, models, samples and tangible items that refer or relate to dolls, doll accessories or toys that Bryant produced, created, authored, conceived or reduced to practice prior to January 1, 2001, (4) doll heads, sculpts, prototypes, models, samples and tangible items that support, refute or otherwise refer or relate to any facts underlying MGA's affirmative defenses, (5) all head sculpts including all preliminary head sculpts and all versions of such sculpts made, produced or prepared in connection with the CONTESTED MGA PRODUCTS, and (6) a sample of the CONTESTED MGA PRODUCTS together with each such product's packaging and all instructions, promotional literature, coupons, bounce-back cards and other materials inserted in or associates with such packaging. In addition, to the extent not produced in response to any other request, MGA has been ordered to produce all tangible items that in intends to rely upon in this action.

Mattel has made repeated efforts to obtain access to inspect and photograph MGA's tangible items. For example, on September 13, 2007, Mattel wrote to MGA requesting a date to inspect and photograph all Bratz products responsive to Request No. 1 in Mattel's Second Set of Requests for Production of Documents, and products, packaging and other physical items responsive to any of Mattel's other discovery requests including, without limitation, all products and packaging identified by MGA in its Supplemental Response to Interrogatory No. 2 of Mattel's First Set of Interrogatories Re Unfair Competition, dated June 20, 2007. MGA did not respond to Mattel's request. Thereafter, on September 27, 2007, Mattel sent MGA a meet and confer request regarding this matter. On October 5, 2007, MGA stated that it would

> "make available samples of Bratz products (pursuant to Request No. 1 of Mattel's Second Set of Requests for Production of Documents) and any additional items on which MGA intends to rely for its claims or defenses, including any doll heads, sculpts, prototypes, samples and tangible items that relate to any facts underlying MGA's affirmative defenses in this action (RFP 100 of Mattel's First Set of RFPs) and any tangible items on which MGA intends to rely for its affirmative claims (RFP No. 1 of Mattel's First Set of RFP's re Claims of Unfair Competition), on a rolling basis."

On October 8-11, 2007, MGA made available certain products for inspection at O'Melveny and Myers offices in Los Angeles. However, this inspection was not complete. MGA agreed to provide Mattel with a schedule by which it would make available for inspection all other Bratz products and other tangible items. Even though MGA's deadline to make products and tangible things available for inspection and photographing has long passed, Mattel still has not received a schedule for MGA's completion of this. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit G to this letter.

EXHIBIT 14

436

EXHIBIT

PAGE

Mattel also has requested -- and believes that it is entitled to -- access to the three dimensional Bratz head that is depicted in the photograph marked as Exhibit 1118. We raised with MGA's counsel prior to the substitution our request that we be given access to the head to make a three-dimensional digital scan of it for purposes of this litigation. We have not, however, received any commitment by MGA to allow Mattel such access.

MGA additionally needs to complete its production (for inspection) of the contested MGA products and other products and tangible items responsive to Request Numbers 1, 2 and 16 of Mattel's First Set of Requests for Production to MGA re Claims of Unfair Competition, and Request Numbers 96-99 of Mattel's First Set of Requests for Production to MGA by October 31, 2007. Please let us know whether MGA will comply with these obligations.

MGA's 2005 Privilege Log. MGA agreed to produce documents on MGA's privilege log from 2005 in redacted form and to provide a supplemental log of documents by October 5, 2007. After two extensions, most recently to October 15, 2007, Mattel has not yet received these documents. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit H to this letter.

Mattel's First Set of Requests for Production to MGA Re Claims of Unfair Competition. Pursuant to the stipulation entered into by the parties on September 24, 2007, MGA agreed to produce documents in response to Request Nos. 1, 3-10, 12, 13, 16-20, 26, 27, 29, 30, 32-40, 43, 45, 48-52, 60, 65-119, 137-140, 157-161, 164 and 166 to Mattel's First Set of Requests for Production to MGA Re Claims of Unfair Competition by October 17, 2007. MGA agreed to produce these documents on a rolling basis once a week and to provide Mattel a date by which the entire unfair competition production will be completed. Mattel has not yet received this date. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit I to this letter.

Metadata. On August 21, 2007, Mattel requested that copies of certain e-mails in their native format, including all metadata and the full e-mail header information. On August, 22, 2007, MGA responded that they are "researching the documents" and would get back to us. After several meet and confers, MGA agreed to produce all of e-mails listed in Mattel's prior letter request in their native format, with full email header information, to the extent MGA has such emails in its possession, custody or control by October 1, 2007. However, MGA did not produce all the metadata Mattel requested by October 1, 2007. On October 3, 2007, MGA produced a chart purporting to contain the metadata MGA was able to retrieve pursuant to Mattel's request. Not only was the chart no substitute for the information Mattel sought, but it was incomplete on its face. Thereafter, on October 8, 2007, MGA again agreed to provide the emails requested by Mattel in their native format (i.e., electronic). MGA also agreed to investigate the length of time required to do this and to let Mattel know. To date, Mattel has not received this information or the requested metadata. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit J to this letter.

6    EXHIBIT __9__ PAGE _144_

<u>Art Attacks v. MGA Trial Exhibits.</u> The formerly sealed exhibits in the <u>Art Attacks v. MGA</u> case are also now long overdue. These documents were compelled by the Court in its Order of May 15, 2007 and were ordered produced no later than July 31, 2007. After MGA missed that deadline, MGA agreed at a September 7, 2007 meet and confer to produce those exhibits on or before September 12, 2007. Thereafter, MGA claimed in a letter that it had actually done so. An investigation of MGA's production revealed, however, that MGA did not do so. Mattel requested by letter dated October 12, 2007 that MGA produce the balance of the agreed upon exhibits·no later than October 19, 2007. To date, MGA has not produced those exhibits or responded to this request. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit K to this letter.

<u>Miscellaneous.</u> Additionally, MGA promised to provide Mattel the following documents and document-related information which are now overdue: (1) the Bates numbers of the documents provided to Speckin; (2) legible copies of MGA's 2001 financial statements; (3) an electronic copy of Exhibit 660; (4) remaining Union Bank documents; and (5) Dave Malacrida's original day planner, his e-mails and any other documents relating to him responsive to Mattel's document requests prior to his deposition. Some of the pertinent background documents and communications regarding this matter are attached as Exhibit L to this letter.

As you can see, MGA's obligations as to these documents are long overdue. Accordingly, if we cannot firmly resolve these open items in the short term, we intend to seek the assistance of the Court.

## C. Supplemental Responses

A number of supplemental responses to discovery requests promised by MGA, MGA Hong Kong and Larian are long overdue as well. First, Mr. Larian, after numerous extensions granted by Mattel, agreed to provide a further supplemental response to Request Nos. 32, 33, 54-61, and 66-69 in Mattel's First Set of Requests for Admissions to Isaac Larian by October 12, 2007. He has not done so.

Second, also after multiple extensions agreed to by Mattel, MGA Hong Kong agreed to provide supplemental responses to Mattel's First Set of Requests for Production of Documents and Things that track the supplemental responses provided by MGA to Mattel's Second Set of Requests for Production of Documents and Things on October 15, 2007. Those responses have not been received by Mattel.

Third, after multiple extensions granted by Mattel, MGA agreed at a meet and confer on October 5, 2007 (confirmed in a Mattel letter of that same date and in an October 11, 2007 e-mail from Mr. Charron) to provide by October 15, 2007 each of the following: (1) supplemental responses to Request Nos. 35, 36, 69-74, and 92-97 in Mattel's Fifth Set of Requests for Admissions to MGA; (2) supplemental responses to Request Nos. 1-28 in Mattel's Fourth Set of Requests for Admissions to MGA; (3) supplemental responses to Request Nos. 141-163, 165-170 and 173-180 in Mattel's Third Set of Requests for Admissions to MGA; and (4) a supplemental response to Interrogatory No. 11 in Mattel's Second Set of Interrogatories that will identify the carriers for

each responsive telephone number. None of these supplemental responses have been received despite the multiple extension granted by Mattel. Some of the pertinent background documents and communications regarding these matters are attached as Exhibit M to this letter.

Finally, the Court's Order Denying Motion for Terminating Sanctions, dated August 27, 2007, required all parties to submit a declaration setting forth their preservation efforts and policies with respect to the present litigation. Mattel submitted such declaration on September 10, 2007. To date, MGA Hong Kong, MGA de Mexico and Isaac Larian promised that they would provide preservation declarations, but have not done so. Some of the pertinent background documents and communications regarding these matters are attached as Exhibit N to this letter.

MGA's obligations as to these matters, too, are long overdue. Accordingly, if we cannot firmly resolve these open items in the short term, we intend to seek the assistance of the Court.

## II.    Meet and Confer Requests For Which MGA's Time To Respond Has Lapsed

The following are significant meet and confer requests for which MGA's time to respond pursuant to Section 5 of the Discovery Master Stipulation has lapsed:

As discussed above, on October 5, 2007, Mattel sent a MGA a meet and confer letter regarding MGA's repeated failure to provide a knowledgeable deponent on Topic Nos. 21, 24, 26, 31, 39 40 and 41 of Mattel's Second Rule 30(b)(6) Notice. Mattel also sought to meet and confer regarding Mattel's anticipated motions for MGA to be precluded from denying access to the Diva Starz project; to enforce prior court orders relating to Topic No. 26; and for sanctions (because of the deficiencies and violations during Lisa Tonnu deposition). MGA did not timely respond to Mattel's request to meet and confer on this topic, except to say that we should contact MGA's new counsel.

On September 20, 2007, Mattel sent MGA a meet and confer request regarding protocols for Zeus searches, pursuant to Judge Infante's September 12, 2007 Order directing the parties to "further meet and confer to establish parameters for conducting a reasonable search of the Zeus system and backup tapes." On September 26, 2007, MGA's counsel Marc Feinstein stated that he would send a letter regarding Zeus. To date, this letter has not been received by Mattel.

Some of the pertinent background documents and communications regarding these matters are attached as Exhibit O to this letter.

## III.    Outstanding Issues re Topic 33

In addition, as of the time of the substitution of counsel, Mattel had been in the process of putting together meet and confer letters on other significant issues. I will address one set of issues here, which should be considered a request to MGA pursuant to section 5 of the Discovery Master Stipulation to meet and confer in advance of Mattel motions to compel should the parties be unable to resolve these matters.

8     EXHIBIT 9   PAGE 146

EXHIBIT 14

439

EXHIBIT

PAGE

MGA failed to designate a qualified individual to testify regarding Topic No. 33 of Mattel's Second Notice of Deposition of MGA, in violation of Judge Infante's Order compelling testimony on this Topic, and gave improper instructions not to answer during the deposition of its designee Samir Khare. In addition, MGA acknowledged at Mr. Khare's deposition that it would be necessary to provide him for additional testimony because it was not yet completed. (See Deposition Transcript of Samir Khare, dated August 20, 2007, at 427:11-13).

MGA initially had designated Bryan Armstrong to testify on Topic No. 33. To provide additional testimony on the substance of MGA's registrations and applications, MGA designated Mr. Khare to testify on the Topic as well. Nonetheless, Mr. Khare still did not know the basis of facts asserted by MGA in these applications. For instance, Mr. Khare did not know on what basis MGA and Isaac Larian relied in representing to the U.S. Patent Office that Mr. Larian was the inventor of packaging for which MGA submitted a patent. See Khare Depo. Tr. at 117:22-127:23. Similarly, Mr. Khare did not know on what basis MGA and Mr. Larian relied in representing that Mr. Larian was the inventor of changeable footgear for which MGA submitted a patent application. See Khare Depo. Tr. at 127:24-133:25.

In addition, MGA's counsel improperly instructed Mr. Khare not to answer questions regarding underlying facts, not attorney-client communications, to which Mattel is entitled. See, e.g., Khare Depo. Tr. at 72:18-23. Mr. Khare withheld information regarding the identity of the person or persons who created Bratz character art cited in an MGA copyright registration based on counsel's instruction. Id. at 75:4-76:11. Mr. Khare also withheld factual information regarding Aileen Storer's work on Bratz on the basis of alleged privilege. Id. at 423:25-425:18.

Please let us know when Mr. Khare is available to continue his deposition, whether MGA will agree to withdraw the improper instructions given during his deposition and whether MGA will either properly educate Mr. Khare on the substance of its applications and registrations or provide someone else who is properly educated. Unless MGA agrees to withdraw the improper instructions and produce Mr. Khare for additional questioning, Mattel anticipates filing a motion to enforce Judge Infante's Order, to compel and for sanctions.

MGA likewise gave improper instructions not to answer during the deposition of its other designee on Topic 33, Bryan Armstrong, and improperly asserted privilege to claw-back documents bearing Bates numbers MGA 0825680-0825682 and MGA 0802758-0802767.

First, MGA's counsel instructed Mr. Armstrong not to answer questions that clearly do not invade the attorney-client privilege. See Deposition Transcript of Bryan Armstrong, Vol. 2, dated August 1, 2007, at 347:24-348:7, 349:6-14, 349:18-351:6, 440:11-441:11, 442:3-10 and 442:18-443:8. The majority of these questions were high level questions about whether or not Mr. Armstrong or MGA's intellectual property counsel collected factual information for the purpose of communicating such information to the U.S. Copyright Office or U.S. Patent and Trademark Office. Questions about facts learned by counsel for the purpose of communicating them to the Copyright Office or USPTO are not privileged. In addition, MGA's counsel improperly instructed Mr. Armstrong not to answer questions regarding trademark searches for the name "Jade." Any such trademark search is not privileged and could show when MGA first considered using the name "Jade" for a Bratz character. Indeed, in other meet and confers, MGA

9

EXHIBIT __9__ PAGE _147_

conceded that such searches themselves are not privileged, let alone the timing of when they are performed.

Second, MGA improperly asserted privilege on the basis of attorney work product over a fax cover sheet and faxed drawings from Bobby Newquist to Alan Rose. To the extent MGA contends that a document prepared by its attorney is privileged, MGA must show that the document was prepared by an attorney for the purpose of advising MGA *and* that the document reveals MGA's confidential communications. Privilege reaches "those papers prepared by an attorney or at an attorney's request for the purpose of advising a client, provided the papers are based on and would tend to reveal the client's confidential communications," but "does not extend . . . beyond the substance of the client's confidential communications to the attorney." Matter of Fischel, 557 F.2d 209, 211 (9th Cir. 1977). Here the document in question, consisting of drawings and a fax cover sheet, was prepared by a third party vendor for the purpose of submitting the drawings to the U.S. Patent and Trademark Office. Thus, this document is not privileged.

MGA also asserted attorney-client privilege over a fax from Bryan Armstrong to Alan Rose and the attached signed trademark application to the USPTO. The fax from Mr. Armstrong is not a communication to counsel for the purpose of obtaining legal advice, but rather, simply a cover letter directing MGA's attorney to file the signed application with the USPTO. The signed trademark application is a communication to the USPTO and, therefore, obviously not privileged

Unless MGA agrees to withdraw the improper instructions, re-produce the documents in question and produce a designee to testify about them, Mattel anticipates filing a motion to compel and for sanctions.

Finally, please be advised that we recently received the transcript of deposition of MGA Hong Kong's Rule 30(b)(6) designee. He was unprepared to address many Topics on which he was designated, and MGA Hong Kong's counsel gave numerous improper instructions not to answer and otherwise engaged in improper speaking objections and obstructed the deposition. Nor was Mattel afforded an adequate amount of time to fairly examine him, particularly given that a translator was necessary and given the number of Topics the witness was designated on. We will send you a separate meet and confer letter addressing these issues in more detail. However, since I also know that you wished to hear from us on matters that we considered to be priorities in discovery and because the completion of this deposition is among them, I thought we would alter you to this issue now.

I look forward to discussing these matters with you.

Very truly yours,

Michael T. Zeller

Michael T. Zeller

cc:     John Keker, Esq./Michael Page, Esq. (by mail)
        Mark Overland, Esq./Alexander Cote, Esq.

EXHIBIT __9__ PAGE _148_

EXHIBIT 14

PAGE 441

**Exhibit 10**

EXHIBIT ——— 14
————— 442
PAGE ———

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(D).

**PRIORITY SEND**
& ENTERED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES – GENERAL

Case No.   CV 04-09049 SGL(RNBx)                     Date: July 2, 2007

Title:   CARTER BRYANT -v- MATTEL, INC.
         AND CONSOLIDATED ACTIONS

========================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Jim Holmes                          Theresa Lanza
Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER        ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

John W. Keker                       John B. Quinn
                                    Brett Dylan Proctor
                                    Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:

Dale M. Cendali
Patricia Glaser

PROCEEDINGS:   MINUTE ORDER

ENTERED
CLERK, U.S. DISTRICT COURT

JUL - 5 2007

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

DOCKETED ON CM

JUL - 5 2007

BY _____ 164

As set forth more fully herein, the Court hereby makes the following ruling regarding matters heard on July 2, 2007:

(1)   The Court **GRANTS** Mattel's Motion re Trial Structure (docket #462);

(2)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505);

(3)   The Court **GRANTS IN PART AND DENIES IN PART** MGA's Ex Parte Application

MINUTES FORM 90
CIVIL – GEN

1

Initials of Deputy Clerk __Jh__
Time: 01/15

EXHIBIT 10 PAGE 148

EXHIBIT ___ PAGE ___

regarding date of production of documents (docket #545); and

(4)   The Court **DENIES** MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508).

(5)   The Court **DENIES** the parties' oral request for modification of pretrial and trial dates.

(1)   Motion re Trial Structure (docket #462)

Previous orders of the Court specified that the claims and counterclaims brought in this action will be tried in two phases. The parties have agreed, in large part, to a refinement of the Court's mandate that all issues regarding the ownership of Bratz shall be tried in Phase 1. Where the parties differ is upon a proposal by Mattel that the Phase 1 be bifurcated into two sub-phases, with Mattel's copyright infringement claim (its first counterclaim in the 05-02727 case) and all Phase 1 damages being tried after all the other issues. Phase 1(a) would be limited to issues surrounding Carter Bryant's employment with Mattel, and how those issues impact the ownership of certain original Bratz drawings, while Phase 1(b) would address approximately two-hundred Bratz products that are potentially derivative of the original drawings. This approach has the appeal of limiting Phase 1(a) to discrete issue of the ownership of the original Bratz drawings. A finding that Bryant owns these original drawings in Phase 1(a) has the potential to eliminate the need for Phase 1(b).

Accordingly, **THE COURT ADOPTS MATTEL'S MODIFICATION OF DEFENDANTS' PROPOSAL**, as set forth at 8-9 of its Memorandum Regarding Trial Structure, filed June 20, 2007. Phase 1(a) and Phase 1(b) (if necessary) will be tried to the same jury.

(2)   MGA's Motion re Discovery Master's May 15, 2007, Order (docket #505), and
(3)   MGA's Ex Parte Application regarding date of production of documents (docket #545).

The Discovery Master's May 15, 2007, Order compels production of documents regarding ink, paper, and chemical analysis and documents relating to unreleased MGA products. The order required that documents be produced no later than the end of May.

The Court reviews the Discovery Master's orders under the "clearly erroneous" or "contrary to law" standard set forth in Fed. R. Civ. P. 72(a).

The Discovery Master's order compels the production of only non-privileged documents. Therefore, MGA's arguments that the Discovery Master's order requires production of documents in violation of the attorney-client privilege are misplaced. If the only responsive documents are privileged, then MGA need not produce them, but must produce a privilege log.

MGA acknowledges that it has raised an argument before the Court that was not raised

MINUTES FORM 90
CIVIL – GEN

2

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _10_ PAGE _150_

EXHIBIT _____14_____

PAGE _____444_____

before the Discovery Master, namely, that Mattel has failed to establish that there are "exceptional circumstances" that allow Mattel to "discover facts known or opinions held by an expert . . . who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B). MGA contends that the Discovery Master's order is contrary to law based on this standard, and that it was incumbent upon Mattel to raise it below. The Court disagrees. Mattel would be required to establish that exceptional circumstances existed if MGA objected to production on that grounds. A party seeking production cannot be expected to rebut all arguments that could possibly be raised by a party resisting production. MGA has not convinced the Court that the Discovery Master's failure to require Mattel to rebut an argument that was not raised by MGA is contrary to law.

MGA contends that the Discovery Master's order compelling production of documents regarding unreleased products is contrary to law. Relevant to that determination is a balancing test required to be applied by the Ninth Circuit when trade secrets are requested by a competitor in discovery. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992) ("Specifically, in this case we must balance the risk to [defendant] of inadvertent disclosure of trade secrets to competitors against the risk to [plaintiff] that protection of [defendant's] trade secrets [will] impair[] prosecution of [plaintiff's] claims.").

Here, the documents sought are of a particularly sensitive nature. They represent some of the most secretive documents maintained by MGA, and they are being ordered to be produced to MGA's fierce competitor. The Discovery Master recognized the sensitive nature of the documents and entered a strict protective order that severely limits access to those documents and that goes well beyond the normal "attorney eyes only" designation.

MGA argues that unreleased products are irrelevant to the issue of who owns the original Bratz drawings. That is clear. However, MGA's argument attempts to limit the discovery to issues involved in Phase 1 of the trial. There has been no bifurcation of discovery.

Mattel correctly points out that these documents are relevant to a number of its other claims. Specifically, if they show unreleased products that are similar to Mattel's unreleased products, the documents would be highly probative of Mattel's misappropriation of trade secrets claim. Moreover, these documents could be relevant to Mattel's RICO claims based on alleged acts of criminal copyright infringement.

Balancing tests are inherently subjective and particularly susceptible to varying interpretation by individual judicial officers. This Court, upon considering this issue from the outset, may very well have weighed the evidence differently and reached a contrary result. However, this Court is bound by the standard of review, and MGA's motion falls far short of convincing the Court that the Discovery Master's order is contrary to law.

The parties have a long history regarding the production of documents ordered in the May 15, 2007, Order, which is set forth in their papers and which need not be repeated here. Counsel for MGA represented that the remaining documents could be produced no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which could be produced no

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _10_ PAGE _151_

later than two weeks after that date. Accordingly, the Court **ORDERS** that MGA complete the document production set forth in the Discovery Master's May 15, 2007, order no later than July 31, 2007, with the exception of the documents from MGA Hong Kong, which shall be produced no later than August 14, 2007.

Accordingly, the Court **GRANTS** in part MGA's motion re the Discovery Master's May 15, 2007, Order, extending the document production date as set forth above. The Motion is **DENIED** in all other respects.

Likewise, the Court **GRANTS** in part MGA's ex parte application re date of production of documents, extending the document production date as set forth above. The application is **DENIED** in all other respects.

(4)    MGA's Motion re Discovery Master's May 16, 2007, Order (docket #508)

The Discovery Master's May 16, 2007, Order compelled the Rule 30(b)(6) depositions of witnesses on the topics of MGA's net worth, prior sworn statements, and ink, paper, and chemical analysis performed by MGA.

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . . The persons so designated shall testify as to matters *known or reasonably available* to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added). "The purpose behind Rule 30(b)(6) is to create testimony that will bind the corporation." Sanders v. Circle K Corp., 137 F.R.D. 292, 294 (D. Ariz. 1991) (internal citation omitted). Another purpose of Rule 30(b)(6) is aptly described by the District Court for the District of Columbia:

> [The purpose of Rule 30(b)(6) is to] prevent[] serial depositions of various witnesses without knowledge within an organization and eliminating 'bandying', which is the name given to the practice in which people are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to the organization itself.

Alexander v. F.B.I., 186 F.R.D. 148, 152 (D.D.C. 1999) (citing the 1970 Advisory Committee Notes to Rule 30(b)(6)).

The Discovery Master's order compelling Rule 30(b)(6) depositions in the specified

Initials of Deputy Clerk __jh_____
Time: 01/15

EXHIBIT _10_ PAGE _152_

categories serve both these purposes and is not contrary to law.

Although MGA's net worth may not be known to it, MGA does not contend that the information is not readily available. That net worth is generally the subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6). Therefore, the Discovery Master's ruling on this issue is not contrary to law.

MGA likewise does not contend that information regarding prior sworn statements are not readily available to it. Although contending that this is not an appropriate subject for a Rule 30(b)(6) deposition, MGA fails to cite authority in support of that contention. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

The ink, paper, and chemical analysis topic is likewise a proper subject of a Rule 30(b)(6) deposition. To the extent that such a deposition has the potential to encroach upon information protected by the work-product privilege, then that objection must be made on a question-by-question basis. MGA may not make a blanket objection and justify its refusal to produce a Rule 30(b)(6) designee on this topic based on that blanket objection. Therefore, the Discovery Master's ruling on this issue is not contrary to law.

Accordingly, the Court **DENIES** MGA's motion re the Discovery Master's May 16, 2007, Order.

(5)     Oral Request for Modification of pretrial and trial dates.

Although no motion or ex parte application on the subject was pending before the Court, the parties made an oral request at the hearing to continue certain pretrial and trial dates. A discussion ensued and it became apparent that no final agreement was reached by the parties regarding extending these dates. Accordingly, the Court **DENIES** the parties' oral request for modification of pretrial and trial dates. The Court will consider counsels' stipulation regarding extensions of those dates only where all counsel unqualifiedly stipulate to those dates. Until the scheduling order is modified by the Court, the dates previously set by the Court remain in effect. In addition, the Court is unlikely to entertain a continuance of the Phase 1 trial past April, 2008.

IT IS SO ORDERED.

**PROOF OF SERVICE**

1

2    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3    1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4    On November 26, 2007, I served true copies of the following document(s) described as **DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S MOTION**

5    **TO COMPEL PRODUCTION OF DOCUMENTS** on the parties in this action as follows:

6        Thomas J. Nolan
         **Skadden, Arps, Slate, Meagher & Flom**
7        **LLP**
         300 South Grand Ave., Ste. 3400
8        Los Angeles, California 90071
         *Attorneys for MGA ENTERTAINMENT,*
9        *INC.*

10

11   **BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)

12   being served.

13       I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14       Executed on November 26, 2007, at Los Angeles, California.

15

16

17       NOW LEGAL -- Dave Quintana

18

19

20

21

22

23

24

25

26

27

28

07209/2169461.1

EXHIBIT 14

PAGE 448

**PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On November 26, 2007, I served true copies of the following document(s) described as **DECLARATION OF SCOTT B. KIDMAN IN SUPPORT OF MATTEL, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** on the parties in this action as follows:

John W. Keker
Michael H. Page
Christa M. Anderson
**Keker & Van Nest, LLP**
710 Sansome Street
San Francisco, CA 94111
***Attorneys for CARTER BRYANT***

Mark E. Overland, Esq.
David E. Scheper, Esq.
Alexander H. Cote, Esq.
**Overland Borenstein Scheper & Kim, LLP**
300 South Grand Avenue
Suite 2750
Los Angeles, CA 90071-3144
***Attorneys for Carlos Gustavo Machado***

**BY MAIL:** I enclosed the foregoing into sealed envelope(s) addressed as shown above, and I deposited such envelope(s) in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 26, 2007, at Los Angeles, California.

Yalonda J. Dekle

07209/2081332.1

EXHIBIT ___14___

PAGE ___449___

# EXHIBIT 15

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | John B. Quinn (Bar No. 090378)
   | johnquinn@quinnemanuel.com
   | Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   | Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   | Timothy L. Alger (Bar No. 160303)
5 | (timalger@quinnemanuel.com)
   | 865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
   | Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13  Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14  vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| 16 | |
| 17  Defendant. | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS; AND |
| 18  AND CONSOLIDATED ACTIONS | |
| 19 | MEMORANDUM OF POINTS AND AUTHORITIES |
| 20 | [Declaration of Scott B. Kidman filed concurrently herewith] |
| 21 | |
| 22 | Hearing Date: TBA |
|    | Time: TBA |
| 23 | Place: TBA |
| 24 | **Phase 1:** |
| 25 | Discovery Cut-off: January 14, 2008 |
|    | Pre-trial Conference: April 7, 2008 |
| 26 | Trial Date: April 29, 2008 |
| 27 | |
| 28 | EXHIBIT 15 |
|    | PAGE 450 |

07209/2302275.1

MATTEL'S MOTION TO COMPEL

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that at a telephonic conference before

3 | Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time

4 | to be determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby

5 | does, move the Court for an order compelling MGA Entertainment, Inc. ("MGA") to

6 | produce documents responsive to Mattel, Inc.'s Second Set of Requests for

7 | Documents and Things dated June 6, 2007, including Request Nos. 2-46.

8 |      This Motion is made pursuant to Federal Rules of Civil Procedure 34

9 | and 37 on the grounds that Mattel's Requests seek discoverable information

10 | necessary for Mattel to calculate its damages, that MGA agreed to produce the

11 | requested document more than two months ago, and that, after obtaining a stay,

12 | MGA then has improperly failed to produce the documents or even provide Mattel

13 | with a date by which it will do so.

14 |      This Motion is based on this Notice of Motion and Motion, the

15 | accompanying Memorandum of Points and Authorities, the Declaration of Scott B.

16 | Kidman filed concurrently herewith, the records and files of this Court, and all other

17 | matters of which the Court may take judicial notice.

18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

EXHIBIT ___15___

PAGE ___451___

07209/2302275.1

-2-

1

## **Statement of Local Rule 7-3 Compliance**

2          The parties met and conferred regarding the disputes at issue in this

3   motion on July 31, 2007 and multiple times thereafter.  Despite MGA's prior

4   promises to produce the documents at issue, MGA has failed to do so.

5

6   DATED:  November 26, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
7

8                                      By /s/ Scott B. Kidman
                                          Scott B. Kidman
9                                         Attorneys for Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2302275.1                              -3-

EXHIBIT 15
PAGE 452

1

# TABLE OF CONTENTS

2                                                                                                    **Page**

3

4   PRELIMINARY STATEMENT ................................................................................. 1

5   FACTUAL BACKGROUND.................................................................................... 2

6   ARGUMENT ......................................................................................................... 5

7   I.       MGA SHOULD BE ORDERED TO PRODUCE ALL RESPONSIVE
            FINANCIAL INFORMATION, INCLUDING THE SUMMARY
8           REPORT, WITHOUT FURTHER DELAY ..................................................... 5

9   CONCLUSION ...................................................................................................... 7

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                              EXHIBIT _____ 15

28                                                              PAGE _____ 453

07209/2302275.1                                      -i-

MATTEL'S MOTION TO COMPEL

# TABLE OF AUTHORITIES

**Page**

## Cases

Hilao v. Estate of Marcos,
   103 F.3d 767 (9th Cir. 1996) .................................................................. 6

Housing Rights Center v. King,
   2006 WL 4122148 (C.D. Cal. 2006) ........................................................ 6

## Statutes

17 U.S.C. § 504(b) .................................................................................... 5

EXHIBIT ___15___

PAGE ___454___

MATTEL'S MOTION TO COMPEL

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Nearly six months ago, Mattel requested that MGA produce additional financial information necessary to calculate damages in connection with the core Bratz ownership claims to be tried in the Phase 1 trial, including revenue, cost and profit information for the Bratz products MGA admits are at issue.  MGA's initial response consisted of its usual stonewalling--either an objection and refusal to produce any documents at all or else an agreement to produce only "relevant and responsive non-objectionable documents"--a response that the Discovery Master had already found to be improper because it permitted MGA to unilaterally withhold entire categories of documents without giving Mattel or the Court the slightest hint as to what those documents might be.

After dragging out the meet and confer process by more than a month, MGA ultimately agreed to produce by specified dates in September the requested financial information.  This included a summary report that would set forth, among other things, unit sales, revenue and cost information by product.  MGA failed, however, to produce the summary report or other financial documents as promised. Now, more than two months after the financial information was to have been produced, and after the recent stay that MGA requested was lifted, MGA's new counsel has disavowed any knowledge of the promised financial report, and cannot even provide a date by which any of the financial information MGA agreed to produce in September will be produced.

Expert reports are due February 11, 2008.  It is undisputed that the financial information MGA agreed to produce in September is critical to the preparation of Mattel's expert damages report.  Indeed, MGA admits that this information provides the "starting point" for Mattel's damages analysis.  MGA's failure to produce the information is inexcusable and has already prejudiced Mattel's

EXHIBIT 15

PAGE 455

-1-

MATTEL'S MOTION TO COMPEL

07209/2302275.1

1  ability to complete its damages analysis and expert damages report by the existing
2  deadline.  Any further delay will only compound the harm to Mattel.

3             The Court should order MGA to immediately produce all documents
4  responsive to Mattel's Second Request for Production, including the previously
5  promised summary report showing unit sales, revenues and costs by product.

6                                **Factual Background**

7        **Mattel's Document Requests and MGA's Responses**.  On June 6,
8  2007, Mattel served its Second Set of Requests for Documents and Things to MGA
9  Entertainment, Inc.[1]  The Requests asked for additional financial documents
10  necessary to calculate damages in connection with the claims to be tried in the Phase
11  1 trial, including documents sufficient to show MGA's revenue, costs and profits
12  from the sale and licensing of Bratz dolls and other Bratz products as well as
13  documents sufficient to calculate MGA's net worth.[2]

14            On July 9, 2007, MGA served its responses to the Requests.[3]  In
15  response to nearly every request, MGA stated that it would produce only "relevant
16  and responsive non-objectionable documents"[4]--an essentially meaningless response
17  that the Discovery Master had already rejected as improper in connection with
18  another motion to compel that Mattel had to bring against MGA to produce

19
20
21  ───────────────────
    [1]    Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA
22  Entertainment, Inc. dated June 6, 2007 (the "Requests"), attached as Exhibit 1 to the
23  Declaration of Scott B. Kidman dated November 26, 2007 filed concurrently
    herewith ("Kidman Dec.").
24  [2]    Id.
    [3]    MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s Second Set of Requests
25  for Production of Documents and Things dated July 9, 2007 (the "Responses"),
26  Kidman Dec., Exh. 2.
    [4]    See Response to Request Nos. 1-24, 26-37, 41-42 and 44-46, Kidman Dec.,
27  Exh. 2.

28                                                        EXHIBIT ___ 15
                                                         PAGE ___ 456
                                                         MATTEL'S MOTION TO COMPEL

1 | documents and that the Discovery Master had granted.[5]  In response to the

2 | remaining requests, MGA refused to produce any documents at all.[6]

3 | **The Mattel's Meet and Confer Discussions With MGA's Prior**

4 | **Counsel.**  On July 20, 2007, Mattel sent MGA's then counsel, O'Melveny & Myers,

5 | a letter requesting a meet and confer regarding MGA's deficient responses.[7]

6 | Beginning on July 31, 2007 and continuing over the course of the next month, the

7 | parties had a series of extensive meet and confer discussions regarding the

8 | Requests.[8]  During those discussions, MGA did not dispute that the unit sales,

9 | revenue, cost and profit requests asked for relevant information or the impropriety

10 | of the limitation to "relevant and responsive non-objectionable documents."  Instead,

11 | the discussions focused largely on the breadth of a small number of requests that

12 | were not limited to documents sufficient to show the requested information, the

13 | format in which the information would be produced and when it would be

14 | produced.[9]  Regarding the format in which the information would be produced,

15 | MGA repeatedly stated that its accounting system allowed it to generate a summary

16 | report that would provide information responsive to many of the requests, including

17 | unit sales, revenue and costs by product.[10]  The parties agreed that this report would

18 | be responsive to the requests seeking documents "sufficient to show" such

19 | information and would be the most efficient method of providing the information.[11]

20 |

21 |    [5]  See Order Granting Mattel's Motion to Compel Production of Documents and

22 | Interrogatory Responses by MGA dated May 15, 2007 ("As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted its production to

23 | 'relevant and responsive non-objectionable documents'"), Kidman Dec., Exh. 3.
   [6]  See Response to Request Nos. 25, 38-40 and 43, Kidman Dec., Exh. 2.

24 |    [7]  Letter from Scott B. Kidman to James P. Jenal dated July 20, 2007, Kidman

25 | Dec., Exh. 4.
   [8]  Kidman Dec., ¶ 6.

26 |    [9]  Kidman Dec., ¶ 6.

27 |    [10]  Kidman Dec., ¶ 7.
   [11]  Kidman Dec., ¶ 7.

28 |

EXHIBIT _____ 15

PAGE _____ 457

MATTEL'S MOTION TO COMPEL

MGA agreed to produce the report and documents responsive to other requests by September 17, 2007 and all documents setting forth MGA's profits from Bratz dolls and other Bratz products by September 28, 2007.  In addition, MGA agreed to provide supplemental responses to the Requests by September 17, 2007.[12]

MGA served supplemental responses on September 17, 2007,[13] but failed to produce the report and other financial document as agreed.  On September 26, 2007, Mattel sent MGA an e-mail specifically referencing the report and asking about MGA's failure to produce it.[14]  After several conversations in which MGA's counsel, William Charron, stated that he was checking into the status of the report, on or about October 12, 2007, Mr. Charron confirmed that the report had not been produced and indicated that he had no explanation why it had not been produced and could not say when it would be produced.[15]

Shortly thereafter, O'Melveny & Myers withdrew as counsel for MGA and was replaced by Skadden, Arps, Slate, Meagher & Flom.  At MGA's request, discovery motions and meet and confers, among other things, were stayed for approximately one month, through November 14, 2007.

**Mattel's Meet and Confer Discussions With MGA's New Counsel**. On October 29, 2007, Mattel sent MGA's new counsel, Skadden Arps, a letter setting forth a list of outstanding discovery which the Court had ordered MGA to produce and/or which MGA previously agreed to produce but which MGA still had

---

[12]   Letter from Scott B. Kidman to William J. Charron dated September 4, 2007, Kidman Dec., Exh. 5.
[13]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Second Set of Requests for Production of Documents and Things dated September 17, 2007, Kidman Dec., Exh. 6.
[14]   E-mail from Scott Kidman to William Charron dated September 26, 2007, Kidman Dec., Exh. 7.
[15]   Kidman Dec., ¶ 14.

EXHIBIT _____ 15

PAGE _____ 458

-4-

MATTEL'S MOTION TO COMPEL

1   not produced.[16]  The letter addressed the financial information responsive to the

2   Requests and, in particular, the report MGA had agreed to produce by September

3   17, 2007.  The letter also repeated statements made by Mattel's counsel in a

4   conference call on October 14, 2007 that "MGA's production of financial documents

5   needs to be a priority so that there is no further delay in our ability to prepare expert

6   reports."[17]

7          In subsequent meet and confer discussions following the lifting of the

8   stay, MGA's new counsel has claimed to be unaware of the financial report that had

9   been promised, and cannot provide a date by which any of the financial information

10  that MGA agreed to produce in September (and which it admits will provide the

11  "starting point" for Mattel's expert damages report) will be produced.[18]

<u>**Argument**</u>

I.     <u>**MGA SHOULD BE ORDERED TO PRODUCE ALL RESPONSIVE**</u>
       <u>**FINANCIAL INFORMATION, INCLUDING THE SUMMARY**</u>
       <u>**REPORT, WITHOUT FURTHER DELAY**</u>

16         There is no dispute that Mattel is entitled to the requested financial

17  information regarding Bratz products, including revenue, cost and profit information

18  by product.  For example, with respect to Mattel's claim for copyright infringement,

19  Section 504(b) of the Copyright Act provides that "[t]he copyright owner is entitled

20  to recover the actual damages suffered by him or her as a result of the infringement,

21  and **any profits of the infringer that are attributable to the infringement** and are

22  not taken into account in computing actual damages."  17 U.S.C. § 504(b) (emphasis

23  added). Section 504(b) further provides that "[i]n establishing the infringer's profits,

24  the copyright owner is required to present proof only of the infringer's gross

25    [16]   Letter from Michael T. Zeller to Thomas J. Nolan dated October 29, 2007,
26  Kidman Dec., Exh. 9.
27    [17]   Id. at p. 4, Kidman Dec., Exh. 9.
28    [18]   Kidman Dec., ¶ 17.

EXHIBIT _____ 15
PAGE _____ 459

07209/2302275.1                                          -5-

MATTEL'S MOTION TO COMPEL

1    revenue, and the infringer is required to prove his or her deductible expenses and the

2    elements of profit attributable to factors other than the copyrighted work." In

3    addition, as the Court has already held, information regarding MGA's net worth is

4    discoverable and relevant to Mattel's claims for punitive damages.[19]

5             MGA also agreed to produce the requested financial information,

6    including the report showing units sales, revenue and costs by product, more than

7    two months ago.  Not only has MGA failed to produce the requested information as

8    agreed, but now, almost six months after Mattel served the Requests, MGA claims

9    that it cannot even tell Mattel when the information will be produced.

10            Expert reports for Phase 1 are due on February 11, 2008.  The financial

11   information at issue here is necessary for Mattel to prepare its expert damages

12   report.  Indeed, MGA's counsel has acknowledged that the financial information yet

13   to be produced is the "starting point" for Mattel's expert damages analysis.  MGA

14   also admits that there are hundreds of products at issue.  MGA's failure to produce

15   this financial information as promised has already prejudiced Mattel's ability to

16   complete its damages analysis and prepare its expert report within the existing

17   deadlines.  MGA has had months to collect the responsive documents.  It should be

18   ordered to produce them immediately and without further delay.  The documents to

19   be produced should include specifically the previously promised summary report

20   that is to include unit sales, revenue and cost information by product.[20]

21

22   [19]   Minute Order dated July 2, 2007, at pp. 4-5, Kidman Dec., Exh. 10.  See also

23   Hilao v. Estate of Marcos, 103 F.3d 767, 781-82 & n. 7 (9th Cir. 1996) (defendant's
     financial condition a relevant factor in awarding punitive damages); Housing Rights

24   Center v. King, 2006 WL 4122148, *4 (C.D. Cal. 2006) ("When a punitive damages

25   claim has been asserted, a majority of federal courts permit pretrial discovery of
     financial information about defendants without requiring the plaintiff to establish a

26   prima facie case on the issue of punitive damages.").

27   [20]   MGA's recent suggestion that it is unaware of such a report is entirely
     inconsistent with the representations of MGA's prior counsel.  Moreover, the

28   (footnote continued)                                      EXHIBIT _____ 15

07209/2302275.1                                    -6-                          PAGE 460

                                                              MATTEL'S MOTION TO COMPEL

1

## Conclusion

2    For the foregoing reasons, The Court should grant Mattel's motion.

3

4  DATED:  November 26, 2007    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

5

6

7                    By /s/ Scott B. Kidman

8                      Scott B. Kidman
                        Attorneys for Mattel, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  suggestion that a company like MGA, with hundreds of millions of dollars in annual

25  sales is unable to track sales or revenues by product is implausible on its face.
    Having delayed production of the financial documents that provide the "starting

26  point" for Mattel's damages analysis for almost six months, MGA should not now be

27  permitted to dump potentially hundreds of thousands of sales invoices and other
    underlying documents on Mattel to sort through without the promised report.

28                         EXHIBIT 15
                         PAGE 461

# EXHIBIT 16



1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:    tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, CA 94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:     rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 MGAE De Mexico, S.R.L. DE C.V., and
   Isaac Larian

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                   EASTERN DIVISION

15 CARTER BRYANT, an individual        ) CASE NO. CV 04-9049 SGL (RNBx)
                                       )
16              Plaintiff,             ) Consolidated with Case No. 04-9059
                                       ) and Case No. 05-2727
17      v.                             )
                                       ) **DISCOVERY MATTER**
18 MATTEL, INC., a Delaware            )
   corporation                         ) **[To be heard by Discovery Master**
19                                     ) **Hon. Edward A. Infante (Ret.)]**
                Defendant.             )
20                                     ) **MGA ENTERTAINMENT INC.'S**
   _____) **OPPOSITION TO MATTEL,**
21 Consolidated with MATTEL, INC. v.   ) **INC.'S MOTION TO COMPEL**
   BRYANT and MGA                       ) **PRODUCTION OF**
22 ENTERTAINMENT, INC. v.              ) **DOCUMENTS**
   MATTEL, INC.                         )
23                                     ) **[Declarations Of Lisa Tonnu and**
                                       ) **Timothy A. Miller Filed Under**
24                                     ) **Separate Cover]**
                                       )
25                                     ) Hearing Date: TBD
                                       ) Time:        TBD
26                                     ) Place:       TBD
27
28
                          _12-3_
   ─────────────────────────────────────────────
       MGA'S OPPOSITION TO MATTEL'S MOTION TO COMPEL

                    EXHIBIT _____16____

                    PAGE _____462____

# **TABLE OF CONTENTS**

|  |  | **PAGE** |
| --- | --- | --- |
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 3 |
|  | A. Financial Information Previously Produced by MGA and MGA's Responses to Mattel's Requests for Additional Financial Information | 3 |
|  | B. The November 2007 Meet And Confer | 4 |
|  | C. Mattel Files a Motion to Compel Production of Financial Information That MGA Has Already Agreed to Produce. | 6 |
| III. | ARGUMENT | 8 |
|  | A. MGA Agreed To Produce the Requested Documents and Will Do So As Soon As Those Documents Are Ready for Production. | 8 |
|  | B. Mattel Has Made No Showing of Prejudice. | 8 |
| IV. | CONCLUSION | 8 |

i

EXHIBIT ___ 15

PAGE ___ 463

## I.  INTRODUCTION

MGA Entertainment, Inc. ("MGA"), respectfully submits this memorandum in opposition to Mattel, Inc.'s ("Mattel") motion to compel production of documents.

There is no discovery dispute here. Mattel has requested discovery of certain financial information in its Second Set of Requests for Production of Documents. As set forth in MGA's Supplemental Responses to those requests (submitted to the Court by Mattel as Exhibit 6 to the Kidman Declaration), MGA has agreed to produce documents sufficient to provide Mattel with the financial information requested. As explained in the accompanying Declaration of Lisa Tonnu, this is no easy task. MGA personnel are working diligently to assemble the requested financial information from disparate data sources, some of which are no longer in operation and are not readily accessible through MGA's current reporting systems. MGA anticipates that it will be in a position to produce substantially all of the financial information that it has agreed to produce by December 12, 2007.

Mattel claims, based on discussions with prior counsel, that the financial information it seeks is contained in a "summary report" and demands production of the report. Whatever discussion may have occurred between counsel for Mattel and MGA's prior counsel, the simple fact is that no such report exists. (*See* Tonnu Decl. ¶¶ 3-9.) Mattel would lead the Court to believe that it has received no financial information at all. Mattel fails to inform the court that MGA has already produced a 143-page report summarizing the units sold, sales price and Hong Kong standard manufacturing cost for Bratz products sold from 2001 to 2006 organized by "stock-keeping unit" or "SKU" (a number identifying each product), and a witness to testify about that document, which was marked as Exhibit 660 at the Rule 30(b)(6)deposition of MGA through Lisa Tonnu. Mattel claims that Exhibit 660 does not contain the level of detail that it requires and that it expects to receive in the requested "summary report." As Ms. Tonnu testified, the sales and cost figures reported in Exhibit 660 were unadjusted in that they did not take into account, for

1

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

EXHIBIT _____ **16**

PAGE _____ **464**

1   example, returns, discounts, allowances and other adjustments. The financial

2   information that MGA is gathering and will be producing to Mattel will provide a

3   greater level of detail than the information contained in Exhibit 660.

4       Mattel claims that MGA has "already prejudiced Mattel's ability to complete

5   its damages analysis and expert damages report by the existing deadline." (Mattel

6   Mot. at 1:26-2:2.) Mattel provides no facts to support this claim. Mattel points to

7   the February 11, 2008, deadline for expert reports. Mattel does not explain how it

8   will be unable to prepare its expert reports in two months. Moreover, as Mattel

9   acknowledges in its motion, the financial information being gathered by MGA will

10   be the "starting point" for the analyses to be conducted by both MGA's and Mattel's

11   respective damages experts. Thus, MGA and Mattel are in exactly the same position

12   with respect to this financial information. Mattel has not shown any prejudice.

13       Finally, Mattel contends that "MGA should not now be permitted to dump

14   potentially hundreds of thousands of sales invoices and other underlying documents

15   on Mattel to sort through without the promised report." (Mattel Mot. at 6-7 n.20.)

16   Mattel's fears are unfounded. As set forth in the Declaration of Lisa Tonnu, while

17   some of the information will be contained in documents to be produced by MGA,

18   much of the financial information will be contained in reports and spreadsheets

19   summarizing data pulled from disparate sources by MGA personnel.

20       There is no discovery dispute here. And yet, Mattel filed this motion while the

21   parties were in the midst of a meet and confer. Mattel's practice of filing discovery

22   motions when it becomes impatient with the meet and confer process mandated by

23   the Discovery Master Stipulation should be stopped. We would like to discuss this

24   matter with the Court should Mattel press this matter to a hearing.

25     ///

26     ///

27     ///

28     ///

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

EXHIBIT _____ 16

PAGE _____ 465

## II.   FACTUAL BACKGROUND

### A.   Financial Information Previously Produced by MGA and MGA's Responses to Mattel's Requests for Additional Financial Information

On September 17, 2007, MGA served on Mattel its Supplemental Responses to Mattel's Second Set of Requests for Production of Documents, which sought an array of financial information.  (Kidman Decl. Ex. 6.)  In those responses, MGA agreed to produce documents sufficient to provide the information requested to the extent such information was within the possession, custody or control of MGA.

Mattel contends in its motion that it has been deprived of a "summary report" promised by MGA's prior counsel.  MGA's current counsel was not a party to those discussions.  But it appears that there was a misunderstanding of the effort that would be required to collect the financial information that Mattel seeks.  Current counsel for MGA has made clear during the recent meet and confer process that no report exists which would provide sales, revenue, cost and profit information for Bratz products by SKU, and that MGA is working diligently to gather financial information responsive to Mattel's requests that is reasonably available to the Company.  (Miller Decl. ¶ 2.)

Mattel argues that "the suggestion that a company like MGA, with hundreds of millions of dollars in annual sales is unable to track sales or revenues by product is implausible on its face."  (Mattel Mot. at 6-7 n.20.)  In its rhetorical zeal, Mattel fails to mention that MGA has already produced detailed sales figures and a witness to testify about that information.  Prior to the September 24, 2007, Rule 30(b)(6) deposition of Lisa Tonnu, MGA produced what has been referred to in the correspondence between the parties as "Exhibit 660," a 143-page report containing hundreds of line items listing units sold, selling price and MGA's "Hong Kong standard cost" by SKU for each Bratz product sold from 2001 through 2006.  (MGA will show the Court a copy of this highly confidential document at the hearing on this matter, if Mattel insists on pressing this matter to a hearing.)  Thus, contrary to

3

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS



EXHIBIT _____ 16

PAGE _____ 466

1  Mattel's assertions, MGA has already provided information regarding sales by
2  product.

3       As Ms. Tonnu testified, the information on Exhibit 660 was unadjusted, by
4  example, for returns, discounts and allowances.  The financial information that MGA
5  agreed to produce in its Supplemental Responses and which is being gathered now
6  (as described below) will be more detailed than the unadjusted figures contained in
7  Exhibit 660.  At the time of the transition of MGA's counsel, that financial
8  information had not yet been produced.

9       **B.    The November 2007 Meet And Confer**
10      The parties have met and conferred at length during the past few weeks
11  concerning a broad range of discovery issues, including Mattel's request for financial
12  information.  On October 29, 2007, Mattel sent MGA a letter detailing a variety of
13  discovery issues, among them "Financial Information responsive to Mattel's Second
14  Set of Requests for Production to MGA." (Kidman Decl. Ex. 9 at 4.)  In doing so,
15  Mattel focused on a "report that would provide information responsive to a number
16  of the requests, including  sales, revenue, cost and profit information for Bratz
17  products by SKU." (*Id.*)  Counsel for Mattel did not mention Mattel's need for
18  customer-specific data, focusing instead on SKU-level data.  (Miller Decl. ¶ 3.)

19      On November 16, 2007, two days after the stay imposed by Judge Larson to
20  allow MGA's new counsel to transition into the case was lifted, the parties met at
21  Mattel's counsel's offices to discuss a broad range of topics, including the issues
22  raised in Mattel's counsel's October 29 letter.  (*Id.*)  There, Mattel inquired about
23  MGA's production of financial information in connection with a Rule 30(b)(6)
24  deposition, responses to interrogatories, and the production of documents, and
25  reiterated that it needed information on sales, revenue, cost and profit information for
26  Bratz products by SKU.  (*Id.*)  In response, MGA stated that the "summary report"
27  referenced in Mattel's October 29 letter did not exist, but that MGA was gathering
28  the information Mattel was seeking and would produce that information as soon as it

4

EXHIBIT _____ **16**

PAGE _____ **467**

1  was gathered. (*Id.* ¶ 4.) MGA offered to produce Lisa Tonnu to testify regarding

2  that information once it was produced (*Id.*) The parties agreed to put the matter on

3  the agenda for a meet and confer scheduled for November 21. (*Id.*)

4      Prior to the November 21 meet and confer, Mattel's counsel sent a letter

5  erroneously stating that "MGA acknowledged [at the November 16 meet and confer]

6  that Exhibit 660 from the deposition of Lisa Tonnu was inaccurate" and that "MGA

7  agrees to produce the underlying source data needed and to produce someone who

8  can say how the numbers in the source data were met and what they mean." (*Id.* ¶ 5

9  and Ex. A at 2.) At the November 21, 2007, meet and confer and in a follow-up

10  letter dated November 26, 2007, counsel for MGA informed counsel for Mattel that

11  it had not agreed with Mattel's counsel's assertion that Exhibit 660 was "inaccurate,"

12  that it did not know what "missing financial information" counsel for Mattel was

13  referring to and that it was "gathering additional financial information and a witness

14  to testify regarding that information." (*Id.* ¶ 6 and Ex. B at 4.) MGA's counsel

15  informed Mattel's counsel that the promised financial information "should supersede

16  any issues that have been raised regarding Exhibit 660 and any discussions with prior

17  counsel regarding unspecified financial reports." (*Id.*)

18      Mattel sent a letter later in the day on November 26, 2007 after MGA had sent

19  its letter, but did not respond to MGA's letter or otherwise indicate what "missing

20  financial information" Mattel was referring to. (*Id.* ¶ 7 and Ex. C.)

21      At all times in the November 2007 meet and confer process, Mattel's counsel

22  said that it was seeking information on sales, revenue, cost and profit information for

23  Bratz products by SKU. Mattel did not spell out specifically what other "missing

24  financial information" it required. Mattel did not mention any immediate need for

25  financial information by customer. As MGA has explained on numerous occasions

26  now, whatever prior discussions may have occurred between counsel for Mattel and

27  prior counsel for MGA, the "summary report" vaguely referenced in Mattel's meet

28  and confer correspondence and its motion to compel simply does not exist. (Tonnu

EXHIBIT _____ 16

PAGE _____ 468

1  Decl. ¶¶ 3-9.)  Mattel has sought from MGA production of financial information

2  sufficient to show revenue, costs and profits at the product level or data from which

3  such figures may be derived -- and a witness to help explain it.  MGA has agreed to

4  produce both.

5       C.    **Mattel Files a Motion to Compel Production of Financial Information That MGA Has Already Agreed to Produce.**

6

7       MGA believed that its counsel was in the midst of a good faith "meet and

8  confer" process regarding the financial information sought by Mattel.  Without

9  warning and without completing the meet and confer process, Mattel filed the

10  present motion, seeking to "compel" the very financial information that MGA had

11  already agreed to produce.

12      MGA personnel are working diligently to assemble financial information

13  responsive to Mattel's Second Set of Requests for Production of Documents.  This

14  data is not available at the press of a button.  Rather, as set forth in the accompanying

15  Declaration of Lisa Tonnu, the information needed to assess the profitability of Bratz

16  dolls and other Bratz products at the SKU-level is scattered amongst multiple data

17  warehouses and user interfaces at MGA, some of which are not readily accessible

18  through MGA's current systems.  (Tonnu Decl. ¶¶ 3-8.)  Thus, because the

19  information relevant to an assessment of profitability by SKU is found in data from

20  multiple sources, there is no single "summary report" containing all profit-related

21  information by SKU.  (*Id.* ¶ 9.)

22      MGA expects to produce to Mattel several reports containing information

23  relevant to an assessment of MGA's SKU-level sales, returns and costs of goods sold

24  data for Bratz dolls and other products.  Additionally, MGA expects to be able to

25  provide to Mattel:

26          a.    Documents, reports, spreadsheets and other electronic data related

27  to MGA's sales, returns and costs of good sold for each month, by SKU, from 2001

28  to the present;

6

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

EXHIBIT _____ 16

PAGE _____ 469

1         b.    Documents, reports, spreadsheets and other electronic data
2 sufficient to show MGA's promotional, advertising and media expenditures,
3 including MGA's internal allocation of those expenditures by brand and/or product;

4         c.    Documents, reports, spreadsheets and other electronic data
5 sufficient to show MGA's amortization and depreciation of certain capital assets and
6 expenditures;

7         d.    Documents, reports, spreadsheets and other electronic data
8 sufficient to show MGA's monthly general ledger entries aggregated by account,
9 including income and expense accounts, reserves and liabilities; and

10        e.   Documents, reports, spreadsheets and other electronic data
11 sufficient to explicate MGA's various accounts as presently and historically
12 maintained in MGA's books and records, as well as various nomenclature assigned to
13 items, products, brands, sub-brands, and profit centers.  (*Id.* ¶ 10.)

14    MGA is also working to gather documents, reports, spreadsheets and other
15 electronic data related to MGA's sales, Hong Kong standard manufacturing cost and
16 discounts and allowances by customer.  (*Id.* ¶ 11.)  Mattel's counsel did not mention
17 an immediate need for customer-specific data in the November 2007 conferences
18 with MGA's current counsel.  (Miller Decl. ¶¶ 3, 8.)  But such information is sought
19 in MGA's Second Request for Production of Documents, so MGA will produce the
20 information, to the extent it is within MGA's possession, custody or control and is
21 reasonably available to MGA.

22    MGA expects that it will be in a position to produce substantially all of the
23 financial documents and reports described above by Wednesday, December 12, 2007,
24 barring unforeseen technical or other difficulties, and will do so sooner if the
25 financial information becomes available. (Tonnu Decl. ¶ 12.)

26    ///
27    ///
28    ///

EXHIBIT _____ 16

PAGE _____ 470

**III.  ARGUMENT**

    **A.   MGA Agreed To Produce the Requested Documents and Will Do So As Soon As Those Documents Are Ready for Production.**

As described above, the financial information that MGA is gathering will provide Mattel with what it asked for, i.e., data from which it can derive the number of units sold, the gross and net revenue derived from those sales, the costs associated with those sales (including costs of goods sold), and gross and net profits from sales – all at the product/sku level and some provided on a per-customer basis (to the extent reasonably available to MGA). MGA will provide that information as soon as it is available. MGA anticipates that it will be able to produce the information by December 12, 2007. There is no dispute to be resolved by this motion.

    **B.   Mattel Has Made No Showing of Prejudice.**

As discussed above, MGA's and Mattel's experts will be provided with the same "starting point" financial information at the same time. Those experts will have two months to meet the February 11 deadline for expert reports. Mattel has shown no prejudice by any claimed delay in the production of the requested financial information.

**IV.  CONCLUSION**

For the foregoing reasons, Mattel's motion to compel should be denied in its entirety.

DATED:      December 3, 2007

                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

                    Thomas J. Nolan
                  Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

OPPOSITION TO MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
201944-San Francisco Server 1A - MSW

EXHIBIT _____ **6**

PAGE _____ **471**

# EXHIBIT 17

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2       johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3       (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4       (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5       (timalger@quinnemanuel.com)
      865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
      Telephone: (213) 443-3000
7   Facsimile:   (213) 443-3100

8   Attorneys for Mattel, Inc.

9                   UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

12  | CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |

13  | Plaintiff, . | Consolidated with |

14  | vs. | Case No. CV 04-09059<br>Case No. CV 05-02727 |

15  | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |

16  | Defendant. | Hon. Edward A. Infante (Ret.) |

17  | | Discovery Master |

18  | AND CONSOLIDATED CASES | [PROPOSED] ORDER GRANTING<br>MATTEL, INC.'S MOTION TO |

19  | | COMPEL PRODUCTION OF<br>DOCUMENTS BY MGA<br>ENTERTAINMENT, INC. |

20

21      Date: December 14, 2007
        Time: 10:45 a.m..
22      Place: JAMS S.F. Office

23      Discovery Cut-Off: January 28, 2008
        Pre-Trial Conference: April 7, 2008
24      Trial Date: April 29, 2008

25

26

27

28

07209/2335377.1

            12-28

                                        PROPOSED ORDER

EXHIBIT ___17___

PAGE ___472___

# [PROPOSED] ORDER

Having considered Mattel, Inc.'s Motion to Compel Production of Documents by MGA Entertainment, Inc. dated November 26, 2007 (the "Motion"), and all other papers and argument submitted in support of or in opposition to the Motion,

IT IS HEREBY ORDERED that:

1.   Mattel's Motion is GRANTED.

2.   MGA Entertainment, Inc. ("MGA") shall produce on or before January 10, 2008 all non-privileged documents responsive to Request Nos. 2-6, 8-15, 17-23, 25-33, 35-43 and 45-46 of Mattel, Inc.'s Second Set of Requests for Documents and Things to MGA Entertainment, Inc.

3.   In response to Request No. 7, MGA shall produce on or before January 10, 2008 (a) all documents that state or refer to MGA's profits (including without limitation gross profits, net profits or incremental profits) from the sale of each Bratz doll sold by MGA or its licensees and (b) documents sufficient to determine, calculate and/or evaluate MGA's profits (including without limitation gross profits, net profits and incremental profits) from the sale of each Bratz doll sold by MGA or its licensees, including any summary reports of such profits or summary reports of costs deductible from revenue to arrive at such profits.

4.   In response to Request No. 16, MGA shall produce on or before January 10, 2008 (a) all documents that state or refer to MGA's profits (including without limitation gross profits, net profits or incremental profits) by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees and (b) documents sufficient to determine, calculate and/or evaluate MGA's profits (including without limitation gross profits, net profits and incremental profits) by product number or SKU from the sale of each Bratz doll sold by MGA or its licensees, including any summary reports of such profits or summary reports of costs deductible from revenue to arrive at such profits.

07209/2335377.1

-1-

EXHIBIT ___17___ PROPOSED ORDER

PAGE ___473___

1     5.    In response to Request No. 24, MGA shall produce on or before January
2  10, 2008 (a) all documents that state or refer to MGA's profits (including without
3  limitation gross profits, net profits or incremental profits) from the sale of each Bratz
4  product sold by MGA or its licensees and (b) documents sufficient to determine,
5  calculate and/or evaluate MGA's profits (including without limitation gross profits,
6  net profits and incremental profits) from the sale of each Bratz product sold by MGA
7  or its licensees, including any summary reports of such profits or summary reports of
8  costs deductible from revenue to arrive at such profits.

9     6.    In response to Request No. 34, MGA shall produce on or before January
10  10, 2008 (a) all documents that state or refer to MGA's profits (including without
11  limitation gross profits, net profits or incremental profits) by product number or SKU
12  from the sale of each Bratz product sold by MGA or its licensees and (b) documents
13  sufficient to determine, calculate and/or evaluate MGA's profits (including without
14  limitation gross profits, net profits and incremental profits) by product number or
15  SKU from the sale of each Bratz product sold by MGA or its licensees, including any
16  summary reports of such profits or summary reports of costs deductible from revenue
17  to arrive at such profits.

18
19
20
21
22
23
24
25
26
27
28

0720/9/2335377.1

PROPOSED ORDER

EXHIBIT 17

PAGE 474

7.    In response to Request No. 44, MGA shall produce on or before January 10, 2008 (a) all valuations of, or that refer or relate to, Bratz at any time from 1998 to the present, (b) all documents that state or refer to the value of the Bratz at any time from 1998 to the present and (c) documents sufficient to determine, calculate and/or evaluate the value of the Bratz for each year from 1998 to the present.

**IT IS SO ORDERED.**

DATED: _12 - 28_ , 2007

_____
Hon. Edward A. Infante (Ret.)
Discovery Master

07209/2335377.1

-3-

PROPOSED ORDER

EXHIBIT ___17___

PAGE ___475___