QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>[To Be Heard By Discovery Master Robert O'Brien]<br><br>DECLARATION OF JON D. COREY IN SUPPORT OF MATTEL, INC.'S RENEWED MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER<br><br>Hearing Date:  TBD<br>Time:  TBD<br>Place:  TBD<br><br>**Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07975/2814217.1

COREY DECLARATION ISO MATTEL'S RENEWED MOTION FOR RECONSIDERATION OF DECEMBER 31, 2007 ORDER

I, Jon D. Corey, declare as follows:

1. I am a member of the bar of the State of California and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached as Exhibit 1 is a true and correct copy of a letter dated January 28, 2009 from Scott B. Kidman to Thomas J. Nolan and Jason D. Russell, with cc to Amman A. Khan.

3. I meet and conferred with Mr. Khan by telephone regarding this motion on February 6, 2009 and again on February 9, 2009. During our telephone conference on February 9, Mr. Khan agreed that Mr. Larian would produce all post-2005 communications with Mattel employees by March 9, 2009. Mr. Khan stated, however, that he did not believe there was any need for a stipulation and order requiring Mr. Larian from producing the post-2005 communications with Mattel employees notwithstanding the existence of the court order excusing him from doing so.

4. On February 12, 2009, I send Mr. Khan a letter advising him that "because a court order exists excusing Larian's obligation to produce post-2005 communications with Mattel employees, Mattel believes that [Larian's agreement to produce such communications] must be memorialized in a stipulation and proposed order that amends that order." I enclosed with the letter a draft stipulation and proposed order and requested that Mr. Khan let me know by the close of business the following day if he had any comments or if Mr. Larian was otherwise unwilling to enter into a stipulation. Attached as Exhibit 2 is a true and copy of my February 12, 2009 letter to Mr. Khan with the enclosed draft stipulation and proposed order.

5. Neither Mr. Khan nor any other counsel representing Mr. Larian responded to my February 12, 2009 letter.

6.  On February 19, 2009, I sent a second letter to Mr. Khan requesting that he enter into a stipulation to amend to Court's prior order regarding the production of Mr. Larian's post-2005 communications with Mattel employees. I again included a draft stipulation and proposed order and asked Mr. Khan to let me know if he had any comments or if Mr. Larian was otherwise unwilling to enter into the stipulation. I also advised Mr. Khan that if Mr. Larian was unwilling to enter into the stipulation Mattel would proceed with its motion for reconsideration of the Court's prior order. Attached as Exhibit 3 is a true and correct copy of my February 19, 2009 letter to Mr. Khan with the enclosed draft stipulation and proposed order.

7.  Neither Mr. Khan nor any other counsel representing Mr. Larian responded to my February 19, 2009 letter.

8.  On February 26, 2009, I send Mr. Khan an e-mail stating that I had received no response to my February 19, 2009 letter and requesting that he respond by the following day. Attached as Exhibit 4 is a true and correct copy of my February 26, 2009 e-mail to Mr. Khan.

9.  On February 27, 2009, I received an e-mail from Amman Khan refusing to enter into a stipulation to amend to Court's December 31, 2007 to require the production of Mr. Larian's post-2005 communications with Mattel employees. Attached as Exhibit 5 is a true and correct copy of the e-mail from Amman Khan to me dated February 27, 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of March 2009, at Los Angeles, California.

/s/ Jon D. Corey
Jon D. Corey