QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:   (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>**[PUBLIC REDACTED] MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL BINGHAM MCCUTCHEN LLP TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA; AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of James J. Webster and Notice of Lodging filed concurrently herewith]<br><br>Hearing Date:   TBD<br>Time:           TBD<br>Place:          Arent Fox, LLP<br>                555 West Fifth Street<br>                48th Floor<br>                Los Angeles, CA 90013<br><br>**Phase 2:**<br>Disc. Cut-off:    December 11, 2009<br>Pre-trial Conf.:  March 1, 2010<br>Trial Date:       March 23, 2010 |

07975/2822347.1

MOTION TO COMPEL

TO ALL PARTIES, NON-PARTY BINGHAM MCCUTCHEN LLP AND THEIR ATTORNEYS OF RECORD:

At a hearing before Discovery Master Robert C. O'Brien, which will occur on a date and at a time to be determined by the Discovery Master, plaintiff Mattel, Inc. ("Mattel") will, and hereby does, move the Court for an order compelling Bingham McCutchen LLP ("Bingham") to produce documents responsive to Mattel's subpoena and, to the extent Bingham is withholding documents on the basis of privilege, to provide a privilege log.

This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 37 and 45 on the grounds that the subpoena seeks discoverable information, the objections raised in Bingham's motion to quash Mattel's subpoena are without merit and Bingham has waived any and all other objections thereto.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of James J. Webster and Notice of Lodging filed concurrently herewith, the records and files of this Court, and all other matters of which the Court may take judicial notice.

**Certificate Of Compliance With Local Rule 37-1**

Mattel and Bingham met and conferred regarding the production of documents responsive to Mattel's subpoena on February 25, 2009 and thereafter, but were unable to reach agreement regarding the issues raised in this motion.

DATED: March 5, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ..........................................................................................2

ARGUMENT ...............................................................................................................7

I. MATTEL'S REQUESTS ARE RELEVANT TO PHASE 2 ISSUES .............7

    A. Fee Information Is Relevant to Bias and Credibility ..............................8

    B. The Documents Sought Are Relevant to the Merits ...............................9

II. BINGHAM HAS FAILED TO SERVE OBJECTIONS TO THE SUBPOENA, AND THE ONLY OBJECTIONS ASSERTED IN ITS MOTION TO QUASH ARE MERITLESS .......................................................12

III. BINGHAM MUST PRODUCE AN ADEQUATE PRIVILEGE LOG .........13

CONCLUSION .........................................................................................................14

# TABLE OF AUTHORITIES

**Page**

### Cases

A. Farber and Partners, Inc. v. Garber,
  234 F.R.D. 186 (C.D. Cal. 2006) ................................................................. 12

Bible v. Rio Properties, Inc.,
  246 F.R.D. 614 (C.D. Cal. 2007) ................................................................. 12

Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.,
  408 F.3d 1142 (9th Cir. 2005) ..................................................................... 13

Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.,
  175 F.R.D. 646 (C.D. Cal. 1997) ................................................................... 8

Heat and Control, Inc. v. Hester Indus., Inc.,
  785 F.2d 1017 (Fed. Cir. 1986) ..................................................................... 7

In re Imperial Corp. of Am.,
  174 F.R.D. 475 (S.D. Cal. 1997) .................................................................. 14

McCoy v. Southwest Airlines Co., Inc.,
  211 F.R.D. 381 (C.D. Cal. 2002) ................................................................. 13

U.S. v. American Optical Co.,
  39 F.R.D. 580 (N.D. Cal. 1966) ..................................................................... 7

United States v. Abel,
  469 U.S. 45 (1984) ......................................................................................... 8

### Statutes

Fed. R. Civ. P. 45 ................................................................................................ 7

Fed. R. Civ. P. 45(b) ........................................................................................... 7

Fed. R. Civ. P. 45(c)(2)(B) ................................................................................ 13

Fed. R. Civ. P. 45(d)(2) ............................................................................. 13, 14

07975/2822347.1

-ii-

MOTION TO COMPEL

**Other Authorities**

Moore's Federal Practice Vol. 9, § 45.41[1][c], 73 (3d ed., 2008) .......................... 13

Wright & Young, Federal Practice & Procedure: Federal Rules of Evidence § 6095, at 641 (2007) ................................................................................................ 8

**Preliminary Statement**

For weeks now, Mattel has been seeking to obtain even the most basic discovery regarding (i) the true identity and source of funds for Omni 808's alleged mid-trial acquisition of MGA debt and (ii) whether it was in fact a related-party transaction. MGA, Larian, Omni 808 and their affiliates have refused to provide a single document relating to this transaction—or even disclose who owns Omni, Vision Capital or Lexington—thus requiring Mattel to file a separate motion to compel before the Discovery Master. This information is indisputably relevant to Mattel's RICO and unfair competition claims, damages and MGA's own unclean hands defense.

By this Motion, Mattel seeks to compel the production of related, discoverable information from Omni 808's counsel. Mattel served a subpoena on Bingham McCutchen LLP ("Bingham"). Omni 808's registered address is Bingham's Los Angeles office. Mattel's subpoena seeks documents related to the third-party entities formation and governance, including information regarding the true entities-in-interest. Mattel has repeatedly shown that such information is relevant to Phase 2 claims and defenses. The information is also directly relevant to issues that MGA itself has raised, including in its requests to stay the Court's injunctive orders due to its financial condition.

Mattel's subpoena also seeks fee agreements and related documents in connection with Bingham's representation of the third party entities. As both the Court and previous Discovery Master have repeatedly ruled, such non-privileged documents are relevant to bias and credibility. Mattel has informed Bingham of the Court's and the previous Discovery Master's rulings that fee agreements are relevant and discoverable. Bingham nevertheless refuses to produce a single document in response to Mattel's subpoena. Bingham has also failed to timely serve objections or otherwise respond to Mattel's subpoena, thereby waiving any objections thereto.

Mattel respectfully requests that the Discovery Master order Bingham to (i) produce all non-privileged documents responsive to Mattel's subpoena, and (ii) produce a privilege log of any documents withheld on the basis of privilege.

### Statement of Facts

**MGA Misrepresents Its Financial Condition** MGA's applications for an order staying the December 3, 2008 injunctive orders represented to the District Court and to the Ninth Circuit that, ███████████████████████████████████ ███.[1] Mattel's subsequent review of the financing statements filed regarding MGA indicated that MGA's representation was false. Since the Phase 1B verdict, a new alleged creditor of MGA, Omni 808 Investors, LLC ("Omni 808") purported to take a security interest in the bulk of MGA's assets,[2] which facially indicates that new credit had been extended to MGA. Mattel brought the Omni 808 transaction to the Court's attention in its application for appointment of a receiver. MGA then ████████ ████████████████████████████████████████████████████████████ ██████████████████████████████.[3]

The transaction revealed in the financing statements also appears to be structured to conceal the ultimate source of funds for the Omni 808/MGA transaction. The company purporting to hold the security interest, Omni 808, is a single purpose entity formed on August 12, 2008, <u>during the damages phase of trial</u> and after MGA and its CEO had been found liable in the first phase of trial.[4] Omni 808 appears to be

---

[1] See Declaration of Brian Wing in Support of the MGA Parties' Request for a Stay, dated December 11, 2008, at ¶ 13, attached as Exhibit 36 to the Declaration of Jon Corey in Support of Mattel, Inc.'s Motion to Compel Production of Documents Responsive to Third Party Subpoenas, dated February 3, 2009, ("Corey Dec."), which has been concurrently lodged with the Discovery Master.

[2] See UCC Financing Statement Amendment dated September 9, 2008, amending prior UCC Financing Statement to add Omni 808 Investors, LLC as a creditor to MGA with co-priority with Wachovia Bank, N.A., Corey Dec., Exh. 37.

[3] See MGA Parties Corrections to the Opposition to Mattel, Inc.'s *Ex Parte* Application for Appointment of a Receiver or for Alternative Relief, dated December 31, 2008, at 1-2, Corey Dec., Exh. 38.

[4] See Omni 808 Investors, LLC Certificate of Status and Articles of Organization, Corey Dec., Exh. 44.

owned and funded by a company called Vision Capital, LLC ("Vision Capital") that, like Omni 808, was formed during the damages phase of the trial.[5]

According to an August 29, 2008 UCC financing statement, Vision Capital obtained the money used to fund Omni 808 (and presumably MGA) from a company called Lexington Financial, LLC ("Lexington").  Lexington is an offshore company registered in the Caribbean island of Nevis, a country notorious for its corporate and banking secrecy laws.[6]  Indeed, the official corporate records for Lexington from Nevis flatly declare that Nevis does not ask—and therefore will not disclose—any information about Lexington, including even the bare identities of its principals.[7] Lexington also has a purported address in London, but no Lexington office can actually be found there.  Rather, it is nothing more than a company called OfficeFront that provides "virtual office" services, i.e., mail drop and answering service.[8]

Fred Mashian, a Sunset Boulevard "estate-planning" attorney, is identified as the Lexington contact on the UCC financing statement showing that Vision Capital secured its alleged loan from Lexington with its ownership interest in Omni 808.[9] Lexington perfected its purported security interest in Vision Capital's ownership interest in Omni 808 on August 29, 2008—three days after the jury's damages verdict issued against MGA and Larian.[10]  The public records Mattel has obtained thus far do not disclose the source of Lexington's funding that it ostensibly provided to Vision Capital—and that Vision Capital supposedly contributed to Omni 808 for the loan/debt

---

[5] See Vision Capital, LLC Certificate of Formation dated August 19, 2008, Corey Dec. Exh. 45.
[6] See UCC Financing Statement dated August 29, 2008, Corey Dec., Exh. 46 (with Lexington Capital taking a security interest in Vision Capital's ownership interest in Omni 808 Investors LLC); "Offshore-Based Limited Liability Company (LLC)" at www.offshore-protection.com/nevisLLC.html, Corey Dec., Exh. 47.
[7] See December 12, 2008 letter from Registrar Clevelan Williams, Corey Dec., Exh. 49.
[8] See UCC Financing Statement dated August 29, 2008, Corey Dec., Exh. 46; December 12, 2008 letter from Registrar Clevelan Williams, Corey Dec., Exh. 49.  Office Front "Home" (offering website by Office Front allowing a person to obtain a "virtual office" for as little as £10 a month), Corey Dec., Exh. 48.
[9] See UCC Financing Statement dated August 29, 2008, Corey Dec., Exh. 46.

purchase related to MGA. Nor has MGA been able to explain its use of shell companies and offshore vehicles—which conceal the flow of funds—and a sole-practitioner estate planning attorney to process UCC financing statements.

These questions surrounding MGA's finances are underscored by the evident involvement of MGA CEO Isaac Larian and his relatives in the supposedly "arms length" acquisition of MGA's debt by Omni 808. On January 12, 2009, Mattel attempted to serve a subpoena on Vision Capital at 1525 South Broadway in Los Angeles—the address provided in the August 29, 2008 UCC financing statement.[11] However, Vision Capital could not be found at that address, with the building receptionist having never heard of the company.[12] Rather, 1525 South Broadway is the address of Neman Brothers & Associates.[13] Leon Neman is a principal of Neman Brothers & Associates and owns the building at 1525 Broadway, where Vision Capital claims to be located.[14] Leon Neman is also Isaac Larian's brother-in-law, and has served as a MGA director of MGA.[15] Mr. Mashian, the agent for Lexington named in the UCC Financing Statement, is the listed agent for several entities that Leon Neman owns.[16] In fact, Rock-Hill Holdings, LLC, a Leon Neman entity that lists Mashian as its registered agent, also has a Delaware address that is the same as Vision Capital's alleged Delaware address.[17]

**Mattel Subpoenas Relevant Documents From Bingham**  The Court lifted the Phase 2 discovery stay on January 6, 2009. Mattel issued subpoenas in January 2009 to various third-party entities—including Omni 808, Vision Capital and

---

[10] See August 29, 2008 Lexington Financial UCC financing statement, Corey Dec., Exh. 46.
[11] See Declaration of David Antolin, dated February 4, 2009, lodged concurrently herewith.
[12] Id.
[13] Id.
[14] See Declaration of Michael T. Zeller in Support of Mattel's Opposition to Omni 808 Investors, LLC's *Ex Parte* Application to Intervene, dated February 5, 2009, at ¶ 6 ("Zeller Dec."), lodged concurrently herewith.
[15] See Zeller Dec. ¶ 4.
[16] See Zeller Dec. ¶ 11.

Lexington, among others—seeking the production of documents relevant to Phase 2 claims and defenses as well as to MGA's representations in its stay petitions. To date, MGA, Larian and the third-party entities have refused to produce a single document in response to Mattel's subpoenas. Mattel moved to compel on February 3, 2009.[18] That same day, MGA also filed a motion to quash, which Mattel opposed on February 10, 2009.[19]

On February 12, 2009, Mattel served a subpoena on Bingham McCutchen LLP ("Bingham"), a law firm which represents certain of the third-party entities, including Omni 808, Vision Capital and Lexington.[20] Indeed, Omni 808's registered address with the California Secretary of State is listed as Bingham's Los Angeles office, 355 South Grand Avenue, Suite 4400, Los Angeles, CA 90071.[21] Mattel's subpoena to Bingham requests the production of fee agreements and related documents—information which the Court and the former Discovery Master have repeatedly held to be non-privileged and relevant to bias and credibility[22]—as well as documents related to the formation and governance of the third-party entities.

In a letter dated February 20, 2009 Bingham demanded that Mattel withdraw the subpoena, and requested a meet and confer to discuss an anticipated

---

[17] See Zeller Dec. ¶ 12.
[18] See Mattel's Motion to Compel Production of Documents Responsive to Third-Party Subpoenas, dated February 3, 2009, attached as Exhibit 6 to the Declaration of James J. Webster, dated March 3, 2009 ("Webster Dec.") and filed concurrently herewith.
[19] See Mattel's Opposition to the MGA Parties' Motion to Quash, dated February 10, 2009, Webster Dec., Exh. 7.
[20] See Mattel's Subpoena to Bingham McCutchen LLP, dated February 12, 2009, with proof of service, Webster Dec., Exh. 1.
[21] See Omni 808 Investors, LLC's Registration Information (available at <http://kepler.sos.ca.gov/corpdata/ShowLpllcAllList?QueryLpllcNumber=200822610026&printer=yes>) as accessed on March 1, 2009, Webster Dec., Exh. 2.
[22] See, e.g., Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 11-12, Webster Dec., Exh. 8; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 10, Webster Dec., Exh. 9; Order Granting in Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for Sanctions, dated June 19, 2007, at 2-4, Webster Dec., Exh. 10; Order Re Motions Heard on June 11, 2007, dated June 27, 2007, at 33-34, Webster Dec., Exh. 11.

motion to quash.[23] In a letter of February 23, 2009, Mattel requested a meet and confer in advance of Mattel's contemplated motion to compel.[24] Mattel informed Bingham that the Court and Discovery Master have repeatedly held documents and information relating to payment of legal fees to be relevant to bias and credibility and thus discoverable.[25] Mattel also provided Bingham with copies of the Court's and the Discovery Master's Orders.[26]

Counsel for Mattel and Bingham met and conferred in-person on February 25, 2009.[27] Bingham refused to substantively discuss Mattel's requests or Mattel's contemplated motion to compel, contending that any such discussion was "premature."[28] Additionally, in an attempt to force serial motion practice and further delay Mattel's discovery efforts, Bingham refused to stipulate that, in the event its motion to quash is denied by the Discovery Master, it will produce the requested non-privileged documents accompanied by a privilege log.[29] Following the conference of counsel, Mattel renewed its request that Bingham so stipulate.[30] To date, Mattel has received no response to that request.[31]

Bingham filed its Motion to Quash Mattel's subpoena on February 25, 2009. To date, Bingham has not served objections or responded to the subpoena in any other manner.[32]

---

[23] See Letter from Peter Villar to Jon Corey, dated February 20, 2009, Webster Dec., Exh. 3.
[24] See Letter from Jon Corey to Peter Villar, dated February 23, 2009, Webster Dec., Exh. 4.
[25] See id.
[26] See id.
[27] Webster Dec., ¶ 6.
[28] Webster Dec., ¶ 6.
[29] Webster Dec., ¶ 6.
[30] See Letter from James J. Webster to Peter Villar, dated February 26, 2009, Webster Dec., Exh. 5.
[31] Webster Dec., ¶ 8.
[32] Webster Dec., ¶ 9.

## Argument

## I.   MATTEL'S REQUESTS ARE RELEVANT TO PHASE 2 ISSUES

Federal Rule of Civil Procedure 45 obligates third parties to produce documents responsive to a subpoena that a party serves on them. Fed. R. Civ. P. 45(b), (d). If the documents are relevant and there is good cause for their production, the subpoena is enforced unless the documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing. U.S. v. American Optical Co., 39 F.R.D. 580, 583 (N.D. Cal. 1966); accord Heat and Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1024 (Fed. Cir. 1986) ("the factors required to be balanced by the trial court in determining the propriety of a subpoena are the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.").

Mattel's subpoena seeks fee agreements and related documents.[33] Mattel has furnished Bingham with the Court's and the previous Discovery Master's repeated Orders compelling the production of documents in response to comparable requests.[34] Mattel's subpoena also seeks documents related to the third-party entities' formation and governance, including information regarding the true entities-in-interest.[35] Mattel has repeatedly shown that such information is relevant to Phase 2 claims and defenses.[36] The information is also directly relevant to issues that MGA itself has raised, including in its requests to stay the Court's injunctive orders due to its financial condition.

---

[33] See Mattel's Subpoena to Bingham McCutchen LLP, dated February 12, 2009, with proof of service, Webster Dec., Exh. 1.

[34] See, e.g., Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 11-12, Webster Dec., Exh. 8; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 10, Webster Dec., Exh. 9; Order Granting in Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for Sanctions, dated June 19, 2007, at 2-4, Webster Dec., Exh. 10; Order Re Motions Heard on June 11, 2007, dated June 27, 2007, at 33-34, Webster Dec., Exh. 11.

[35] See Mattel's Subpoena to Bingham McCutchen LLP, dated February 12, 2009, with proof of service, Webster Dec., Exh. 1.

[36] See Mattel's Motion to Compel Production of Documents Responsive to Third-Party Subpoenas, dated February 3, 2009, Webster Dec., Exh. 6.

Because Bingham nevertheless refuses to provide responsive documents, it should now be ordered to do so.

### A. Fee Information Is Relevant to Bias and Credibility

In this action, MGA has a history of paying legal fees on behalf of third-party witnesses.[37] The existence of a fee agreement between a witnes and MGA, any MGA employee, Larian or any Larian family member or associate relates to the bias and credibility of the witness.[38] Information is relevant and discoverable if it relates to "the credibility of any witness." Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997). Evidence of bias is also relevant and discoverable. United States v. Abel, 469 U.S. 45, 50-51 (1984); see also Wright & Young, Federal Practice & Procedure: Federal Rules of Evidence § 6095, at 641 (2007) (bias is a "particularly favored basis for attacking witness credibility."). Both Judge Larson and the former Discovery Master have so ruled in this case as well. The previous Discovery Master ruled repeatedly that "[f]ee or indemnity agreements are relevant to demonstrate bias and lack of credibility." Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 10.[39] The Court has held the same, stating that "fee payment arrangements are relevant to credibility and bias." Order Re Motions Heard on June 11, 2007, dated June 27, 2007, at 33-34.

---

[37] See Deposition of Lisa Tonnu, Volume 5, dated January 24, 2008, at 1174:24-1175:21 (payment of Farhad Larian's legal fees), 1181:6-9 (Lucy Arant), 1182:3-6 (Margaret Hatch-Leahy), 1182:13-16 (Sarah Halpern), 1183:23-1184:6 (Veronica Marlow), 1187:23-1188:1 (Janine Brisbois), Webster Dec., Exh. 12.

[38] Mattel's Request No. 7 to Bingham, which seeks documents sufficient to identify any instances in which Bingham has previously represented MGA, any affiliate of MGA, Issac Larian or Larian's family members or associates, is relevant for the same reason.

[39] See also Order Granting Mattel's Motion to Compel Documents, dated January 25, 2007, at 11-12; Order Granting in Part and Denying in Part Mattel's Motion to Enforce the Court's Order of January 25, 2007, to Compel Production of Documents by Carter Bryant and for Sanctions, dated June 19, 2007, at 2-4.

Here, as Mattel has shown in its Motion to Compel Production of Documents Responsive to Third-Party Subpoenas[40] and below, MGA's mid-trial transactions with non-operating entities are relevant to issues for the Phase 2 trial. Witnesses associated with Omni 808, Vision Capital and the other third-party entities, including Leon Neman, Fred Mashian and Neil Kadisha, will likely be called upon to testify (and indeed are the subject of deposition subpoenas served by Mattel). The payment of Bingham's legal fees in connection with its representation of the third-parties is directly relevant to the credibility and bias of percipient witnesses in this action.

The information is relevant not only to the credibility and bias of witnesses associated with the third-parties, but also to the credibility of MGA and Larian. As the Discovery Master is aware, MGA and Larian made statements under oath about their financial condition as well as about the role of Omni 808 and the other non-operating entities in providing MGA with additional funding.[41] Mattel is therefore entitled to discovery to determine the true state of these matters—information which is directly relevant to MGA's and Larian's credibility.

### B. The Documents Sought Are Relevant to the Merits

Further, information related to Bingham's fee arrangements in connection with the third-party entities is directly relevant to the merits of this case. Such information, for example, may provide evidence as to who is actually behind the third-party entities and identify witnesses with knowledge of the Omni 808 transaction. As Mattel has now repeatedly demonstrated, evidence that Omni 808's mid-trial acquisition

---

[40] See Mattel's Motion to Compel Production of Documents Responsive to Third-Party Subpoenas, dated February 3, 2009, Webster Dec., Exh. 6.
[41] Compare Declaration of Brian Wing in support of the MGA Parties' Request for a Stay, dated December 11, 2008, at ¶ 13, Corey Dec., Exh. 36 with MGA Parties' Corrections to the Opposition to Mattel's *Ex Parte* Application for Appointment of a Receiver, dated December 31, 2008, at 1, Corey Dec., Exh. 38.

of MGA's debt was in fact a related-party transaction is relevant to Phase 2 issues, including in the following respects:[42]

- Mattel's requests are directly relevant to its RICO claims. Mattel alleges that the counter-defendants have operated a widespread criminal enterprise that has engaged in numerous acts of mail and wire fraud and other predicate acts in violation of the RICO statute.[43] The requests are calculated to lead to evidence of acts of wire and mail fraud.[44] The discovery sought by Mattel's subpoena may also reveal additional, distinct predicate acts in support of Mattel's RICO allegations.

- Mattel seeks disgorgement of all amounts wrongfully obtained by the counter defendants. Mattel may also be entitled to damages for lost profits pursuant to its disgorgement theory of damages. For purposes of establishing disgorgement, monies transferred from MGA and Isaac Larian must be accounted for, regardless of the manner in which they were was transferred. Mattel is entitled to discovery that shows all assets siphoned from MGA or Isaac Larian for which there was no compensation during the period of the alleged wrongful conduct.

- Mattel also seeks documents relevant to the MGA parties' financial condition based on its relevance to Mattel's Phase 2 damages claims. The Court and the former Discovery Master have ruled already that Mattel is entitled to

---

[42] See Mattel's Motion to Compel Production of Documents Responsive to Third Party Subpoenas, dated February 3, 2009, Webster Dec., Exh. 6; Mattel's Opposition to the MGA Parties' Motion to Quash Subpoenas Issued by Mattel, dated February 10, 2009, Webster Dec., Exh. 7. Mattel respectfully directs the Discovery Master's attention to those briefs and incorporates them herein by this reference.

[43] Mattel's Second Am. Complaint and Counter-Claims, dated July 12, 2007, at ¶¶ 88-105, Corey Dec., Exh. 19.

evidence related to MGA's net worth. Omni 808 and Vision Capital are directly involved in providing funding to MGA in exchange for a security interest. Such funding, and security interests, are in and of themselves directly relevant to the financial condition of the MGA Parties, including the amount of the security interests, the terms and conditions of the funding, and the rate of the funding. The true identity of the persons and entities providing the funding and obtaining a security interest in MGA are likewise relevant to that issue.

- Mattel's subpoena also seeks documents relevant to the MGA Parties' defense of unclean hands.[45] Mattel is entitled to respond to this defense by demonstrating that the MGA Parties are precluded from invoking the unclean hands defense because they have not themselves acted with clean hands. As set forth above, MGA and Larian appear to have engaged in sham and fraudulent financial transactions, thereby acting with unclean hands, and warranting the preclusion of their asserted unclean hands defense.

- The MGA Parties' actions in fraudulently manipulating and concealing their sources of funding likely constitute anti-competitive actions encompassed by California's unfair competition laws. Accordingly, the documents sought are reasonably calculated to lead to the discovery of admissible evidence relating to Mattel's unfair competition claim.

Mattel's requests are reasonably calculated to lead to the discovery of admissible evidence.

---

[44] See id. at ¶ 93(a) & (b).
[45] MGA's Amended Answer and Affirmative Defenses, dated September 19, 2007, at 20-21, Corey Dec., Exh. 103; Isaac Larian's Amended Answer and Affirmative Defenses, dated November 8, 2007, at 16-18, Corey Dec., Exh. 104.

## II. BINGHAM HAS FAILED TO SERVE OBJECTIONS TO THE SUBPOENA, AND THE ONLY OBJECTIONS ASSERTED IN ITS MOTION TO QUASH ARE MERITLESS

Bingham has taken the position that its motion to quash constitutes "written objections" and has stated that it "will know whether *any further response* to the subpoena is necessary" once the Discovery Master rules on that motion.[46] Bingham's claims, together with its refusal to stipulate that it will produce responsive, non-privileged documents in the event the Discovery Master denies the motion to quash,[47] suggest that it believes it is entitled to force serial motion practice. The Discovery Master should reject this attempt to delay discovery and order the production of the documents sought.

The assertions raised in Bingham's Motion to Quash are also meritless. In its motion, Bingham objects to Mattel's subpoena as (1) seeking information protected by the attorney-client privilege and attorney work product doctrine; (2) irrelevant to Phase 2; (3) overbroad and unduly burdensome; and (4) violating Bingham's and its client's privacy rights.[48] Failing to make any showing that Mattel's subpoena is irrelevant, Bingham merely relies on conclusory statements (Mot. at 9-10), which are insufficient to meet its burden in resisting this discovery. See A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[B]oilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper."); Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) (party resisting discovery has the burden of showing discovery should not be allowed). As set forth in Section I above, it is beyond legitimate dispute that Mattel's discovery seeks relevant information. As the Court and

---

[46] See E-mail from Peter Villar to Jon Corey, dated March 2, 2009, Webster Dec., Exh. 13 (emphasis added).
[47] See Letter from James J. Webster to Peter Villar, dated February 26, 2009, Webster Dec., Exh. 5.
[48] See Bingham's Motion to Quash Subpoena Issued by Mattel, dated February 25, 2009.

previous Discovery Master have already recognized, Mattel's requests for fee agreements and related documents are relevant to bias and credibility. Additionally, the requested information—particularly information leading to the discovery of who is actually behind the third-party entities—is relevant to Phase 2 claims and defenses, including to the identification of witnesses and to Mattel's RICO claims, Phase 2 damages, MGA's and Larian's credibility, MGA's unclean hands defense and Mattel's unfair competition claim.

Bingham has not served objections to Mattel's subpoena,[49] which serves to waive any objections to Mattel's subpoena that are not explicitly raised in the Motion to Quash. McCoy v. Southwest Airlines Co., Inc., 211 F.R.D. 381, 385 (C.D. Cal. 2002) ("Failure to serve timely objections waives all grounds for objection. . . ."). Nor is there any basis for Bingham's evident suggestion that it is first entitled to move to quash and then later assert more arguments as to why it should not comply with the subpoena. "Rule 45(c)(2)(B) requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'" Id. (quotation and alteration omitted); see Moore's Federal Practice Vol. 9, § 45.41[1][c], 73 (3d ed., 2008) ("When a person objects, all potential grounds for objection then available should be combined into a single written objection, as permitting serial objections unnecessarily prolongs the process."). The objections that Bingham has argued in its Motion to Quash -- privilege, undue burden, overbreadth and privacy -- are without merit and should be overruled by the Discovery Master for the reasons set forth in Mattel's opposition to the Motion to Quash.

### III. BINGHAM MUST PRODUCE AN ADEQUATE PRIVILEGE LOG

Bingham must provide a timely privilege log for any documents it is withholding on the basis of privilege. Fed. R. Civ. P. 45(d)(2); see Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1148-50 (9th

---

[49] See Webster Dec., ¶ 9.

Cir. 2005) (affirming district court's holding that party waived privilege objections by failing to provide privilege log within thirty days of serving its responses); In re Imperial Corp. of Am., 174 F.R.D. 475, 477 (S.D. Cal. 1997) (waiver rule for failure to provide privilege log applies to subpoenas to third parties).  Accordingly, the Discovery Master should order Bingham to produce a privilege log as required by Rule 45(d)(2).

## Conclusion

For the reasons set forth above, Mattel respectfully requests that Bingham McCutchen LLP be compelled to produce all documents sought by Mattel's subpoena as well as to produce a privilege log for any documents withheld on the basis of privilege.

DATED: March 5, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
  Michael T. Zeller
  Attorneys for Mattel, Inc.