# EXHIBIT 14

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

MATTEL, INC., )
)
         Plaintiff, )
)
   vs. )  No. CV 04-09049
)
MGA ENTERTAINMENT, INC., ET. AL., )
)
         Defendants. )
_____)  Motions
AND CONSOLIDATED ACTIONS, )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Riverside, California

Wednesday, February 11, 2009

10:03 A.M.

THERESA A. LANZA, RPR, CSR
Federal Official Court Reporter
3470 12th Street, Rm. 134
Riverside, California 92501
951-274-0844
WWW.THERESALANZA.COM

dnesday, February 11, 2009      Mattel vs. MGA Entertainme

EXHIBIT 14
PAGE 226

```
 1   APPEARANCES:

 2   ON BEHALF OF MATTEL, INC.:

 3                       QUINN EMANUEL
                         By:  JOHN QUINN
 4                            DYLAN PROCTOR
                              MICHAEL T. ZELLER
 5                       865 S. FIGUEROA STREET,
                         10TH FLOOR
 6                       LOS ANGELES, California   90017
                         213-624-7707
 7

 8   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Outgoing)
 9                       SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                         BY:  THOMAS J. NOLAN
10                            JASON RUSSELL
                         300 SOUTH GRAND AVENUE
11                       LOS ANGELES, CALIFORNIA   90071-3144
                         213-687-5000
12

13   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Incoming)
14                       GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                         BY:  JOEL KLEVENS
15                       10250 Constellation Boulevard
                         Los Angeles, California   90067
16                       310-553-3000

17                       MITCHELL, SILBERBERG & KNUPP LLP
                         BY:  RUSSELL J. FRACKMAN
18                       11377 West Olympic Boulevard,
                         Los Angeles, California   90064-1683
19                       310-312-2000

20
     ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                         OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                       BY:  ALEXANDER H. COTE
                         601 West Fifth Street,
23                       12th Floor
                         Los Angeles, California   90071
24                       213-613-4660

25   / / /
```

Wednesday, February 11, 2009                         Mattel vs. MGA Entertainment

EXHIBIT 14
PAGE 227

```
 1                  I N D E X (Continued)
 2
 3  APPEARANCES (continued):
 4
    On behalf of OMNI 808:
 5
 6              BINGHAM McCUTCHEN LLP
                BY:  Todd E. Gordinier
 7              600 Anton Boulevard
                Costa Mesa, CA   92626-1924
 8              714-830-0622
 9
10
...
25
```

ednesday, February 11, 2009              Mattel vs. MGA Entertainme

EXHIBIT 14
PAGE 228

79

| | |
|---|---|
| 1    MR. GORDINIER:  We are not intending to hold up or | |
| 2  obstruct.  We've moved with the drift of this case as it's gone | |
| 3  for the ten days I've been involved in it.  We're not going to | |
| 4  hold the case up.  But we do believe we're entitled to be heard | |
| 5  on the receiver issue. | 01:47 |
| 6    THE COURT:  Very good. | |
| 7    We're going to take a very brief five-minute break | |
| 8  for the court reporter.  I'll come back and rule on these | |
| 9  matters, and then we'll proceed with the hearing. | |
| 10    (Whereupon, a brief recess was held.) | 01:47 |
| 11    THE COURT:  We're back on the record. | |
| 12    Regarding the receivership and everything, there's | |
| 13  actually three matters that are related.  First of all, there | |
| 14  is the ex-parte application for receivership which was being | |
| 15  held in abeyance by the Court; I have the ex-parte application | 02:07 |
| 16  by Omni 808 for intervention for this limited purpose; and then | |
| 17  I have a request for a briefing schedule on the appointment of | |
| 18  a receiver. | |
| 19    For the record, the Court wishes to disclose that | |
| 20  last evening, or yesterday afternoon, the Court held a meeting | 02:07 |
| 21  with the forensic auditor, Mr. Durkin, and his staff, as well | |
| 22  as certain judicial officers of the court and certain other | |
| 23  nonjudicial individuals assisting the Court.  All have been | |
| 24  expressly ordered not to disclose the contents of the interim | |
| 25  report pending further order of this Court, and the Court did | 02:08 |

ednesday, February 11, 2009                              Mattel vs. MGA Entertainment

EXHIBIT  14

PAGE  229

```
 1  so for the purpose of basically finding out where the forensic
 2  auditor was, to ensure that the audit was proceeding as
 3  envisioned by the Court.
 4         Based on that meeting last night, the Court was
 5  assured by Mr. Durkin that all of the relevant parties are         02:08
 6  fully cooperating with Mr. Durkin; that he has obtained so far
 7  a voluminous amount of information, although there is still a
 8  substantial amount of information that he needs to gather
 9  before he's able to complete his accounting.
10         At this point, based on the information that           02:09
11  Mr. Durkin has and has been able to relate to the court, there
12  is no basis to appoint a receiver, and the Court declines to do
13  so.  However, the Court will revisit this issue once the
14  forensic audit is done.
15         So what the Court is going to do is continue to hold   02:09
16  in abeyance the application and request for the appointment of
17  receiver.  I will also hold in abeyance the motion for
18  intervention by Omni 808; because to the extent that no
19  receiver is appointed, then there's no purpose for Omni 808's
20  intervention and for the Court to even consider the grounds for 02:09
21  the intervention.
22         If, on the other hand, the Court does envision
23  appointing a permanent receiver, the Court will then take up
24  the issue of Omni 808's intervention.
25         As far as the request for a briefing schedule, as I    02:10
```

ednesday, February 11, 2009                    Mattel vs. MGA Entertainment

EXHIBIT 14

PAGE 230

| | | |
|---|---|---|
| 1 | think Mr. Zeller points out, the local rules provide for | |
| 2 | provisions for both the Court's appointment of either an | |
| 3 | interim or a permanent receiver, the required notice | |
| 4 | thereunder, et cetera, and the Court would fully comply with | |
| 5 | that. I'm not going to set out at this point any briefing | 02:10 |
| 6 | schedule on this, because that would be premature. | |
| 7 | The Court will continue, on a strictly in-camera | |
| 8 | basis, to continue to be apprised by the forensic auditor. The | |
| 9 | Court will expect all parties to continue to cooperate with the | |
| 10 | forensic auditor. | 02:10 |
| 11 | Mr. Gordinier, on behalf of nonparty Omni 808, has | |
| 12 | represented to the Court that his client will cooperate with | |
| 13 | Mr. Durkin, and I appreciate that. And I trust that Mr. Durkin | |
| 14 | will continue to experience the full cooperation that he has | |
| 15 | experienced up to this point. And I will leave at that. | 02:11 |
| 16 | Are there any questions from either party with | |
| 17 | respect to the Court's ruling on matters related to the | |
| 18 | receivership? | |
| 19 | MR. NOLAN: On behalf of MGA, no, Your Honor. | |
| 20 | THE COURT: From Mattel? | 02:11 |
| 21 | MR. ZELLER: No, Your Honor. | |
| 22 | There is just one other ex-parte which we believe has | |
| 23 | been submitted to Your Honor; your name was on it. It was an | |
| 24 | additional ex-parte by Omni 808 which was basically asking for | |
| 25 | a discovery motion we had filed with the Discovery Master to be | 02:11 |

:dnesday, February 11, 2009                Mattel vs. MGA Entertainment

EXHIBIT 14

PAGE 231

1  For the record, I previously indicated that all stays
2  on discovery have been lifted.  All discovery matters should
3  rightfully be referred to the Discovery Master.  And I'll let
4  it go at that.
5      MR. ZELLER:  And that no discovery issues or no
6  requests for discovery are premature at this point, because
7  that's the other term they are using on this.
8      THE COURT:  I will instruct the Discovery Master this
9  afternoon, in no uncertain terms, that there is no stay on any
10 discovery related to this case at all.  There's no longer a
11 Phase 1/Phase 2 distinction.
12      As I indicated, I thought that I made this clear
13 before.  If it's not, it will be expressly set forth in the
14 minutes coming out of today's hearing.
15      There is no stay on discovery.  Period.
16      MR. ZELLER:  And we're fully entitled to the
17 financial information that --
18      THE COURT:  Lets leave it at that, Counsel.
19      Thank you, Mr. Zeller.
20      MR. RUSSELL:  Could I say one thing, since
21 Mr. Zeller injected this.
22      When he's talking about this stay -- and this is the
23 twilight between Phase 1 and Phase 2 counsel -- they
24 promulgated a series of receiver-related discovery which we
25 contend and run your Honor's orders saying let's talk it out of

ednesday, February 11, 2009                    Mattel vs. MGA Entertainment

EXHIBIT 19
PAGE 232

98

| | | |
|---|---|---|
| 1 | discovery, let's let Mr. Durkin handle this. And that's what | |
| 2 | he's talking about. | |
| 3 | There may be other issues, but a major component -- | |
| 4 | and I would not want Your Honor to paint with too broad a | |
| 5 | brush -- it is MGA's position as to Phase 1 receiver-related | 02:38 |
| 6 | issues, that Your Honor appropriately, at our request, took out | |
| 7 | of discovery the financial discovery issues. | |
| 8 | THE COURT: Mr. Durkin is acting at the Court's | |
| 9 | direction to inform the Court of information. I may or may not | |
| 10 | release any of the information that Mr. Durkin provides; so no | 02:38 |
| 11 | one, neither side, should be relying upon the information that | |
| 12 | Mr. Durkin is gathering for purposes of litigating this case. | |
| 13 | That's an entirely separate matter. And I have not stayed any | |
| 14 | discovery, and there should be no reliance on that. | |
| 15 | If that was misunderstood, it's clarified now. | 02:39 |
| 16 | MR. RUSSELL: Just so I can make sure I'm clear, Your | |
| 17 | Honor, because I really, since we were the ones at the hearing | |
| 18 | when this was discussed, and we asked Your Honor for this | |
| 19 | precise relief, which is to say the financial discovery, the | |
| 20 | allegations against Omni and IGWT and the like, and I thought I | 02:39 |
| 21 | heard Your Honor to say that it made sense for Mr. Durkin to | |
| 22 | get to the base of it. And if, then, there were any merit to | |
| 23 | it, we could allow this discovery to go forward. | |
| 24 | THE COURT: Wait a second. | |
| 25 | You're adding something in there. I didn't say | 02:39 |

Wednesday, February 11, 2009                                  Mattel vs. MGA Entertainment

EXHIBIT 14

PAGE 233

| | | |
|---|---|---|
| 1 | anything about discovery not going forth.  I have not ruled on | |
| 2 | any discovery issues.  I ruled on the ex-parte application for | |
| 3 | the appointment of the receiver that before I ruled on that, | |
| 4 | that I wanted to have Mr. Durkin's report.  That's exactly what | |
| 5 | I'm doing.  I took an interim report last night.  I'll await | 02:39 |
| 6 | the final report.  But that's for the Court's purposes. | |
| 7 | Depending on how the receivership issue plays out, it | |
| 8 | may or may not be released to some or all of the attorneys.  It | |
| 9 | may very well be that at the end of the day, after my final | |
| 10 | meeting with Mr. Durkin, that it never reaches the light of | 02:40 |
| 11 | day. | |
| 12 | **MR. RUSSELL:**  Just so we're clear, Your Honor, Mattel | |
| 13 | attached the very discovery they are now promulgating to other | |
| 14 | parties to their receiver application and asked for leave to | |
| 15 | serve it.  Your Honor did not grant that leave.  And then what | 02:40 |
| 16 | happened was they said, Well, we can't go down this avenue, | |
| 17 | we'll launch a series of subpoenas. | |
| 18 | **THE COURT:**  Then the question becomes -- and this is | |
| 19 | a question for the Discovery Master, not for this Court -- | |
| 20 | whether or not the discovery is related to Phase 2.  If it is, | 02:40 |
| 21 | it is.  I'm not going to pass any judgment whatsoever.  I'm | |
| 22 | going to leave that completely up to the Discovery Master. | |
| 23 | **MR. RUSSELL:**  That's all we're asking for.  Rather | |
| 24 | than painting with a broad brush, saying all discovery is | |
| 25 | permitted, there's some discovery that does fall within the | 02:40 |

:dnesday, February 11, 2009                    Mattel vs. MGA Entertainment

EXHIBIT __14__

PAGE __234__

100

```
 1   scope of what Your Honor refused to give them. Let's let the
 2   discovery master rule on it. It can always come back to you.
 3          THE COURT: Okay.
 4          But I guess, Mr. Russell, I'm not sure of the
 5   characterization that you're making.                              02:41
 6          I handled the receivership application and request
 7   made thereunder in the way that I'm handling the receivership
 8   application; that should not be taken one way or the other as a
 9   discovery ruling.
10          MR. RUSSELL: I guess, Your Honor, the question is if   02:41
11   there was, as part of that application, and there's an
12   assumption built in that we'd like to have the Discovery Master
13   resolve, is it just receiver discovery or is it Phase 2? That
14   seems like a question that Mr. O'Bryan should answer. But I
15   assume, since you don't have any of the briefs and you don't    02:41
16   have the discovery and this has just been dropped on you,
17   assume for the sake of this discussion, that it is solely
18   related to the receiver; that it is, as we pause it, identical
19   to the discovery submitted.
20          THE COURT: I guess where I would distinguish,           02:41
21   counsel, is this notion of receiver discovery, or that phrase,
22   that's not a phrase the Court has used. Not that I can recall
23   using. If I did, I certainly did not intend to. I'm not
24   designating that as a separate and severable part of the
25   discovery.                                                     02:42
```

dnesday, February 11, 2009                    Mattel vs. MGA Entertainment

EXHIBIT 14

PAGE 235

101

```
1        The question for the discovery master will be whether
2   or not the disputed discovery request is related or relevant to
3   the trial that has now been scheduled for March or not.  I can
4   see tremendous overlap between, for example, discovery on
5   financial condition of the company as it relates to damages in          02:42
6   the Phase 2 and also issues that the receiver is looking at.
7   And without making a ruling on any of this, I would not suggest
8   for a moment that these are mutually exclusive categories.
9        MR. RUSSELL:  They may not be, Your Honor.  That's
10  the reason why Mr. O'Bryan in the first instance should deal           02:42
11  with it.  Because if you take it the way we take it, this might
12  not be Phase 2 discovery.
13       THE COURT:  You can make that argument to
14  Mr. O'Bryan.
15       MR. RUSSELL:  Thank you, Your Honor.                              02:43
16       MR. ZELLER:  And just so it's clear, what Mr. Russell
17  is articulating is a basis as to why MGA has refused to give us
18  any financial --
19       THE COURT:  Mr. Zeller, I'm going to cut you off
20  here.  Take that up with the Discovery Master.  I don't mean to       02:43
21  cut you off, but I think I made my position as clear as I can
22  today that there is nothing from this Court which is precluding
23  any discovery that is properly sought for the trial that is
24  scheduled.
25       Whatever has happened has happened and we need to                 02:43
```

Wednesday, February 11, 2009                    Mattel vs. MGA Entertainment

EXHIBIT 14

PAGE 236

```
 1  move forward.
 2          MR. ZELLER:  Thank you, Your Honor.
 3          THE COURT:  Thank you, counsel.
 4          MR. FRACKMAN:  I'm last, and I think I'll be the
 5  shortest.  On the issue of streamlining discovery, I've read         02:43
 6  the Court's prior orders concerning the number of depositions,
 7  for example, and I confess, I'm a bit confused.
 8          We would request from the Court that there be a
 9  reasonable limit placed on Phase 2 depositions.  I don't know
10  whether that comes to Your Honor or whether that goes to the        02:44
11  discover referee.
12          THE COURT:  In the first instance, that would go to
13  the discovery referee.  The limits that were placed were limits
14  that were placed on the earlier discovery phase.
15          To be clear again, I have placed no limits, no             02:44
16  restrictions, other than what is set forth in the rules of
17  civil procedure and in local rule 37 on discovery from this
18  point until March 23rd.
19          If the parties wish to stipulate, they may.  If the
20  parties think that the Court needs to be involved in this in        02:44
21  the first instance, that needs to go to the Discovery Master.
22          MR. FRACKMAN:  I think we're prepared to follow the
23  federal rules, Your Honor.  Thank you.
24          THE COURT:  Very good.
25          MR. ZELLER:  I feel like I'm being more difficult at       02:44
```

:dnesday, February 11, 2009                    Mattel vs. MGA Entertainment

EXHIBIT __14__

PAGE __237__

```
 1  we'll go from there.
 2           MR. ZELLER:  Thank you.
 3           THE COURT:  Anything further?
 4           Thank you.  Good day.
```

### CERTIFICATE

I hereby certify that pursuant to section 753, title 28, United States Code, the foregoing is a true and correct transcript of the stenographically recorded proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*[Signature: Theresa A. Lanza]*   2-13-09
THERESA A. LANZA, CSR, RPR           Date
Federal Official Court Reporter

# EXHIBIT 15

CALENDARED                    RECEIVED
                              JAN 0 8 2009

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 6, 2009

Title:    MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
==========================================================================
PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           James Holmes                    None Present
           Courtroom Deputy Clerk          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                               None Present

PROCEEDINGS:    ORDER APPOINTING DISCOVERY MASTER

    As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any discovery disputes that might arise in Phase 2 of this case. The appointment of the Discovery Master was made at the joint request of the parties in this case. See Stipulation for Appointment of a Discovery Master and Order, December 6, 2006.

    Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what MGA has aptly described to the Court as "the massive administrative burdens in time and labor necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase 2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2." Based on the Court's experience in this case, there is no question that a Discovery Master is needed to "effectively and timely" address the anticipated discovery matters in this case.

    The Court previously submitted to all counsel of record the names of eight attorneys for consideration by the parties and invited counsel to submit, in camera, any objections to those attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of the permanent injunction, if needed). The Court has carefully considered the objections submitted. Two of the individuals named were not the subject of an objection by any party. Of those two, the Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                      Initials of Deputy Clerk: jh
CIVIL -- GEN                        1

01-06.

EXHIBIT  15
PAGE  239

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera. A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master. The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

# EXHIBIT 16

Case 2:04-cv-09049-SGL-RNB   Document 4885   Filed 02/11/2009   Page 1 of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES - GENERAL

Case No.   CV 04-09049-SGL(RNBx)                            Date: February 11, 2009

Title:    CARTER BRYANT -v- MATTEL, INC.
================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

Cindy Sasse                             Theresa Lanza
Courtroom Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

John Quinn                              Thomas Nolan
Michael T. Zeller                       Jason Russell
Dylan Proctor                           Russell J. Frackman
                                        Joel Klevens

Also appearing: Alexander H. Cote
                Todd E. Gordinier

PROCEEDINGS:

   Court hears oral argument on the following motions and takes them under submission:

   1) Mattel Inc.'s Motion for Judgment as a Matter of Law (No. 4498);

   2) MGA Parties' Renewed Motion for Judgment as a Matter of Law on the Basis of Preemption, Insufficient Evidence, and Lack of Ownership as a Matter of Law (No. 4496); and,

   3) MGA Parties' Motion for Remittitur (Nos. 4495, 4523)

   The Court also hears further oral argument on Omni 808's Ex Parte Application to Intervene for Limited Purpose as a Matter of Right or in the alternative, for Permissive

MINUTES FORM 90                                  Initials of Deputy Clerk: cls
CIVIL -- GEN               Page 1                Time: 02/30



EXHIBIT 16

PAGE 241

Intervention (No. 4761) and Mattel Inc.'s Ex Parte Application for Appointment of a Receiver for MGA or for Alternative Relief (No. 4540). Both matters are held in abeyance.

MGA Parties Request for Conditional Briefing (No. 4759) is DENIED in favor of the procedure set forth in Local Rule 66.

As set forth more fully on the record, the parties may file briefs regarding whether the entry of a Rule 54(b) judgment is warranted as to Phase 1. The Court directs counsel to file their briefs not later than February 13, 2009.

The Court sets the following briefing schedule for Phase 2:

Discovery Cut-off:       December 11, 2009

Motion Hearing:          February 1, 2010, at 10:00 a.m.

Pretrial Conference:     March 1, 2010, at 11:00 a.m.

Trial :                  March 23, 2010, at 9:30 a.m.

Last Date for Mandatory Settlement Conference:   December 11, 2009

As set for more fully on the record, the Court has lifted the stay as to Phase 2 discovery issues. All discovery issues, including deviations from the maximum limits on discovery set forth in the Federal Rules of Civil Procedures and/or this Court's Local Rules, shall be presented in the first instance to the Court-appointed Discovery Master.

IT IS SO ORDERED.