1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
       865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
6   Facsimile:  (213) 443-3100

7   Attorneys for Plaintiff Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13             Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14        vs. | **DISCOVERY MATTER** |
| 15  MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien Pursuant]** |
| 16             Defendant. | [REDACTED] MATTEL, INC.'S SEPARATE STATEMENT IN SUPPORT |
| 17 | OF ITS MOTION TO COMPEL RESPONSES TO CONTENTION |
| 18  AND CONSOLIDATED ACTIONS | INTERROGATORIES BY MGA ENTERTAINMENT, INC. AND FOR |
| 19 | SANCTIONS |
| 20 | |
| 21 | Date: |
| 22 | Time: Place: |
| 23 | **Phase 2** |
| 24 | Discovery December 11: 2009 Pre-trial Conference:  March 1, 2010 |
| 25 | Trial Date:  March 23, 2010 |

26

27

28

00505.07975/2823170.1

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

# **TABLE OF CONTENTS**

**Page**

I.   MATTEL'S AMENDED FOURTH SET OF INTERROGATORIES..............1

I.   MGA IS IN VIOLATION OF THE PRIOR ORDER COMPELLING IT TO SUPPLEMENT INTERROGATORY NOS. 43 AND 44.....................1

    A.   The Discovery Master Should Enforce the Prior Order And Compel MGA to Supplement Its Responses to Interrogatory Nos. 43 and 44 .......................................................................................1

    B.   The Discovery Master Should Impose Sanctions on MGA For Its Refusal to Comply With The Prior Discovery Master's Order ...............2

II.  MATTEL'S SUPPLEMENTAL INTERROGATORIES....................................3

I.   THE DISCOVERY MASTER SHOULD COMPEL MGA TO PROVIDE FULL AND COMPLETE RESPONSES TO INTERROGATORY NOS. 51 THROUGH 55 AND 64 ............................... 10

    A.   MGA Admits That Mattel's Interrogatories Seek Relevant, Discoverable Phase 2 Information ......................................................... 10

    B.   MGA's Unilateral Limits to Mattel's Definitions Should be Overruled .................................................................................................. 12

    C.   MGA's Remaining Objections Should Be Overruled .......................... 15

        1.   The Discovery Master Should Overrule MGA's Objections That Mattel's Interrogatories Seek Information That May Be The Subject of Expert Witness Analysis ............................... 15

        2.   The Discovery Master Should Overrule MGA's Objections That Mattel's Interrogatories Seek Information That Is Better Known to Mattel................................................................ 16

        3.   The Discovery Master Should Overrule MGA's Compound Objections................................................................. 17

        4.   The Discovery Master Should Overrule MGA's Objection That Mattel's Interrogatories Are Duplicative ........................... 18

        5.   The Discovery Master Should Overrule MGA's Undue Burden Objections................................................................... 19

            (a)   Interrogatory No. 51 is not Unduly Burdensome ............ 19

            (b)   Interrogatory No. 52 is Not Unduly Burdensome .......... 20

1      (c)  Interrogatory No. 53 is Not Unduly Burdensome ........... 22

2      (d)  Interrogatory No. 64 is Not Unduly Burdensome .......... 23

3    6.  The Discovery Master Should Overrule MGA's
       Boilerplate Privilege Objections ................................................. 24

4

5 CONCLUSION ........................................................................................... 26

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

1

## **TABLE OF AUTHORITIES**

**Page**

### Cases

Am. Oil Co. v. Penn. Petro. Co.,
    23 F.R.D. 680 (D.R.I. 1959) ................................................................19

Braley v. Campbell,
    832 F.2d 1504 (10th Cir. 1987) .............................................................3

Burton Mechanical Contractors, Inc. v. Foreman,
    148 F.R.D. 230, 233 (N.D. Ind. 1992)................................................20

Capacchione v. Charlotte-Mecklenburg Schools,
    182 F.R.D. 486 (W.D.N.C. 1998)................................................22, 23

Chapman v. California Dept. of Educ.,
    2002 WL 32854376 (N.D. Cal. February 6, 2002).............................13

Clean Earth Remediation & Constr. Servs. v. Am. Intl Group, Inc.,
    245 F.R.D. 137 (S.D.N.Y. 2007) (collecting cases) ...............................9

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
    1989 WL 92038 (E.D.N.Y. 1988)........................................................24

Grynberg v. Total S.A.,
    No. 03-cv-01280-WYD-BNB, 2006 WL 1186836 (D. Col. May 3, 2006)..2, 9, 10

Hiskett v. Wal-Mart Stores, Inc.,
    180 F.R.D. 403 (D. Kan. 1998)..............................................................2

Hyde & Drath v. Baker,
    24 F.3d 1162 (9th Cir. 1994) .................................................................2

Jackson v. Montgomery Ward & Co., Inc.,
    173 F.R.D. 524 (D. Nev. 1997)............................................................20

King v. E.F. Hutton & Co., Inc.,
    117 F.R.D. 2 (D.D.C. 1987)..........................................................15, 25

King v. Georgia Power Co.,
    50 F.R.D. 134 (N.D. Ga. 1970)....................................................22, 23

Lawrence v. First Kansas Bank & Trust, Co.,
    169 F.R.D. 657 (D. Kan. 1999)............................................................10

-3-

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO
CONTENTION INTERROGATORIES

Moses v. Halstead,
    236 F.R.D. 667 (D. Kan. 2006)................................................................9

Nagele v. Electronic Data Systems Corp.,
    193 F.R.D. 94 (W.D.N.Y. 2000)....................................................13, 19

Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,
    2005 WL 318811 (N.D. Cal. January 5, 2005)....................................17

RTC v. Dabney,
    73 F.3d 262 (10th Cir. 1995) ................................................................3

Roberts v. Heim,
    130 F.R.D. 424 (N.D. Cal. 1989)........................................................16

Seff v. General Outdoor Advertising Co.,
    11 F.R.D. 597 (N.D. Ohio 1951) ..................................................22, 23

Swackhammer v. Sprint Corp. PCS,
    225 F.R.D. 658 (D. Kan. 2004)...........................................................17

**Statutes**

28 U.S.C. § 1927 ...........................................................................................2

Fed. R. Civ. P. 33(a)(2) ................................................................. 17, 23, 24

Fed. R. Civ. P. 33(b)(4) ........................................................................13, 19

Fed. R. Civ. P. 37(a)(4) .................................................................................2

Fed. R. Civ. P. 37(b)(2)(C) ...........................................................................2

Fed. R. Civ. P 72(a).......................................................................................1

**Miscellaneous**

Wright & Miller, 8A Federal Practice & Procedure § 2167 .................17, 19

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Mattel, Inc. ("Mattel") respectfully submits this Separate Statement in Support of its Motion to Compel Responses to Contention Interrogatories by MGA Entertainment, Inc. ("MGA") and for Sanctions.

## I.      MATTEL'S AMENDED FOURTH SET OF INTERROGATORIES

INTERROGATORY NO. 43:

For each concept, design, product, product packaging or other matter YOU contend MATTEL copied or infringed, including but not limited to those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other matter was conceived, and IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

MGA'S FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 43:

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

00505.07975/2823170.1



00505.07975/2823170.1

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO
CONTENTION INTERROGATORIES

██████████████████████████████████████████████████

████████████████████████████████████

INTERROGATORY NO. 44:

For each concept, design, product, product packaging or other matter YOU contend MATTEL copied or infringed, including but not limited to those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other matter was first fixed in any tangible medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

MGA'S FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 44:

███████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████
█████████████████████████████████████████████████
█████████████████████████████████████████████████

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES



00505.07975/2823170.1

**ARGUMENT**

I.  **MGA IS IN VIOLATION OF THE PRIOR ORDER COMPELLING IT TO SUPPLEMENT INTERROGATORY NOS. 43 AND 44**

    A.  **The Discovery Master Should Enforce the Prior Order And Compel MGA to Supplement Its Responses to Interrogatory Nos. 43 and 44**

MGA is in violation of the Order compelling it to supplement its responses to Interrogatory Nos. 43 and 44.[1]  MGA did not challenge that order, and it became an order of the Court. <u>Fed. R. Civ. P</u> 72(a); Discovery Master Order ¶ 6 (treating Discovery Masters orders as rulings of Magistrate Judges), Watson Dec., Exh. 38.  Although the prior Discovery Master stayed MGA's obligation to supplement its responses until the District Court vacated the stay on Phase 2 discovery,[2] the District Court vacated the stay two months ago.[3]  MGA's continuing refusal to provide the compelled responses is in direct violation of the Order.  The Discovery Master should enforce the prior Discovery Master's order and compel MGA to provide responses to these interrogatories without further delay.

Interrogatory No. 43 asks MGA to state, for each product MGA contends Mattel copied or infringed, the date the product was conceived.[4]  Interrogatory No. 44 seeks the date each product was first fixed in any tangible medium of expression.[5]  As the prior Discovery Master held, these interrogatories

---

[1]  Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008, Watson Dec., Exh. 8.

[2]  <u>Id.</u>

[3]  Order Appointing Discovery Master, dated January 6, 2009, at 2, Watson Dec., Exh. 13.

[4]  Mattel's Amended Fourth Set of Interrogatories (No. 43), Watson Dec., Exh. 1.

[5]  <u>Id.</u> (No. 44).

are directly "relevant to Mattel's defense against the MGA parties' claims that their products have been copied or infringed by certain Mattel products."[6]  In the face of this ruling, MGA continues to assert its frivolous relevance objections.[7]  The dates MGA conceived or fixed in a tangible medium of expression its products, packaging, and concepts that it contends Mattel copied are clearly relevant.  It could reveal that Mattel was the first to conceive the concepts MGA contends Mattel copied, and thus, that it was MGA, and not Mattel, that copied.  The Discovery Master should reject MGA's rehashed, and improper, relevance objections and compel an immediate response.

### B.   The Discovery Master Should Impose Sanctions on MGA For Its Refusal to Comply With The Prior Discovery Master's Order

Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that a party forced to bring a motion to compel is entitled to the "reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(4).  Likewise, fees may be awarded for a party's violation of a Court Order.  Fed. R. Civ. P. 37(b)(2)(C).  The burden of establishing substantial justification is on the party being sanctioned.  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably

---

[6]   Id.

[7]   MGA's Fourth Supplemental Responses to Interrogatory Nos. 43-44 of Mattel's Amended Fourth Set of Interrogatories, dated March 3, 2008, Watson Dec., Exh. 9.

1  and vexatiously may be required by the court to satisfy personally the excess costs,

2  expenses, and attorneys' fees reasonably incurred because of such conduct."

3  Sanctions under this section are appropriate "for conduct that, viewed objectively,

4  manifests either intentional or reckless disregard of the attorney's duties to the

5  court."   RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995) (citing Braley v.

6  Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)).

7           Here, the Discovery Master should impose sanctions on MGA for its

8  failure to comply with the prior Discovery Master's Order.  The stay on Phase 2

9  discovery was lifted two months ago, and there is no justification for MGA's

10  stonewalling.   Mattel therefore requests that MGA be ordered to pay $4515 as

11  partial reimbursement for the fees and costs that Mattel has incurred in bringing this

12  motion.

13

14  **II.     MATTEL'S SUPPLEMENTAL INTERROGATORIES**

15

16  INTERROGATORY NO. 51:

17           For each concept, design, product, product packaging or other matter

18  that YOU contend MATTEL has copied, infringed or diluted, including but not

19  limited to those identified in MGA's Responses to Mattel, Inc.'s First Set of

20  Interrogatories Re Claims of Unfair Competition, Response to Interrogatory No. 2

21  (and any Supplemental Responses to such Interrogatory), describe, fully and

22  separately, each and every concept, design, product, product packaging or other

23  matter of or by MATTEL that YOU contend is a copy of, infringes or dilutes YOUR

24  alleged concept(s), design(s), product(s), product packaging or other matter.  Your

25  answer should describe the Mattel concept, design, product, product packaging or

26  other matter with specificity and in detail (including without limitation by product

27  name, product number, SKU, or bar code number), and specify those elements or

28

1 | attributes of YOUR claimed concept, design, product, product packaging or other

2 | matter that YOU contend were copied, infringed or diluted by MATTEL.

3 |

4 | MGA'S RESPONSE TO INTERROGATORY NO. 51:

5 |

6 |

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 | INTERROGATORY NO. 52:

25 | For each trade dress that YOU contend MATTEL copied, infringed or

26 | diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that

27 | incorporates such trade dress and, for each such product, separately state (a) the

28 | number of units, by year, of each such product sold by YOU or YOUR licensees;

1  (b) revenue received by YOU from such SALES of each such product; (c) all costs

2  YOU have incurred in connection with each product, including but not limited to

3  YOUR cost of good sold, and (d) YOUR gross and net profits from each such

4  product.

5

6  <u>MGA'S RESPONSE TO INTERROGATORY NO. 52:</u>

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/2823170.1

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

1 ████████████████████████████████████████████████

2 ████████████

3 █████████████████████████████

4 ████████████████████████████████████████████

5 ██████████████████████████████████████████████

6 ████

7

8 INTERROGATORY NO. 53:

9        For each MATTEL concept, design, product, product packaging or

10 other matter that YOU contend is likely to cause confusion, to cause mistake, or to

11 deceive as to affiliation, connection, or association, or as to origin, sponsorship, or

12 approval, separately state all facts that support YOUR contention of such, including

13 but not limited to all facts that support YOUR contention, if YOU so contend, that

14 any of the SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all

15 PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

16 RELATE TO such facts.

17

18 MGA'S RESPONSE TO INTERROGATORY NO. 53:

19 █████████████████████████████████

20 ████████████████████████████████

21 ████████████████████████████████

22 ████████████████████████████████

23 ██████████████████████████████

24 ███████████████████████████████████

25 ████████████████████████████████

26 ████████████████████████████████████

27 ██████████████████████████████

28 ████████████████████████████████████

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO
CONTENTION INTERROGATORIES

1  ████████████████████████████████████████████████

2  ████████████████████████████████████████████████

3  ███████████████████████████████████████████████

4  ████████████████████████████████████████████████

5  █████████████████████████████████████████████████

6  ██████████████████████████████████████████████████

7  ████████

8        ████████████████████████████████████

9  ███████████████████████████████████████████████

10 ██████████████████████████████████████████████████

11 ██████

12

13 <u>INTERROGATORY NO. 54</u>:

14        For each concept, design, product, product packaging or other matter

15 that YOU contend MATTEL copied, infringed or diluted, state all facts that support

16 contention, if YOU so contend, that such copying or infringement was intentional or

17 willful, and IDENTIFY all PERSONS with knowledge of such facts and all

18 DOCUMENTS that REFER OR RELATE TO such facts.

19

20 <u>MGA'S RESPONSE TO INTERROGATORY NO. 54</u>:

21        ███████████████████████████████████████

22 ████████████████████████████████████████████

23 ██████████████████████████████████████████████

24 ████████████████████████████████████████████

25 ███████████████████████████████████████████

26 ████████████████████████████████████████████

27 ██████████████

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO
CONTENTION INTERROGATORIES

1  ████████████████████████████

2  ██████████████████████████████████

3  ███████████████████████████████████

4  ███

5

6  <u>INTERROGATORY NO. 55</u>:

7       State all facts which support the allegation in Paragraph 120 of YOUR

8  COMPLAINT that MATTEL has "caused and continues to cause blurring and

9  dilution of the distinctive look of MGA's products and trade dress," and IDENTIFY

10  all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

11  RELATE TO such facts.

12

13  <u>MGA'S RESPONSE TO INTERROGATORY NO. 55</u>:

14  ██████████████████████████████

15  ███████████████████████████████

16  █████████████████████████████████████

17  █████████████████████████████████████

18  ████████████████████████████████████

19  ██████████████████████████████████████

20  █████████████████████████████████████

21  ██████████████████████████████████████

22  ███████████████████████████████████████

23  ███████████████████

24  ██████████████████████████

25  █████████████████████████████████████

26  ████████████████████████████████████

27  ███

28

1 INTERROGATORY NO. 64:

2       To the extent YOU have not previously disclosed such information in a

3 prior interrogatory response YOU provided to Mattel, state all facts which support

4 YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

5 knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

6 facts.

7

8 MGA'S RESPONSE TO INTERROGATORY NO. 64:

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17 **ARGUMENT**

18 **I.   THE DISCOVERY MASTER SHOULD COMPEL MGA TO PROVIDE**

19 **FULL AND COMPLETE RESPONSES TO INTERROGATORY NOS.**

20 **51 THROUGH 55 AND 64**

21 **A.   MGA Admits That Mattel's Interrogatories Seek Relevant,**

22 **Discoverable Phase 2 Information**

23 MGA concedes that Interrogatory Nos. 51 through 55 and 64 are

24 relevant to MGA's Phase 2 trade dress claims.[8]  In fact, the sole reason MGA

25 _____

26 [8]   Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009

27 (proposing to delay response to Interrogatory Nos. 43, 44, 51-55, and 64 because they all "deal with MGA's trade dress claims"), Watson Dec., Exh. 18.

28

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO
CONTENTION INTERROGATORIES

1  provides for its refusal to respond to these interrogatories until after the Court

2  decides Mattel's summary judgment motion regarding MGA's trade dress claims is

3  that all of these interrogatories "*deal with MGA's trade dress claims*."[9]  As discussed

4  more fully in Mattel's Opposition to the MGA Parties' Motion for a Protective Order

5  Staying Discovery of Trade Dress Claims filed concurrently, MGA's refusal to

6  respond to these interrogatories due to a summary judgment motion on MGA's

7  Bratz-based trade dress claims that Mattel has not even filed is untenable.  That is all

8  the more so in light of Judge Larson's repeated rejections of MGA's contentions that

9  Phase 2 discovery was, has been or should be stayed in some manner.  At the

10  February 11, 2009 hearing, and even though by then MGA was fully aware of

11  Mattel's intent to bring a Phase 2 summary judgment motion at some point, MGA

12  made no suggestion to Judge Larson that Mattel's contemplated motion should have

13  any effect on the schedule.  To the contrary, *MGA* advocated that Phase 2 discovery

14  and trial should be completed in short order.  And, at the March 4, 2009 hearing, the

15  Court made clear that there was no stay and that, indeed, stay requests were not

16  properly directed to the Discovery Master.

17         Not only is MGA's position groundless on its face, but it fails to even

18  arguably explain MGA's refusal to answer the interrogatories.  These interrogatories

19  are also relevant to MGA's *non*-Bratz based claims,[10] such as its claims that Mattel

20  has copied or infringed its "4-Ever-Best-Friends" fashion dolls and packaging,

21  "Mommy's Little…" line of dolls and "Alien Racers" toy racing vehicles.[11]  Mattel's

22  contemplated (and unfiled) Phase 2 motion for summary judgment has nothing to do

23  with those matters.

24

25  ────────────────

26  [9]  Id. (emphasis added).

27  [10]  See, e.g., Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh. 11.

28

These interrogatories are also relevant to Mattel's Phase 2 claims.  For example, Interrogatory No. 52 asks MGA to identify, for each trade dress that MGA contends Mattel copied, the number of units and profits for each product that incorporates such trade dress.[12]  This information is key to Mattel's claims that MGA used stolen Mattel trade secrets to market and sell MGA's products.[13]  The revenues and profits MGA received for its products are therefore relevant to Mattel's damages theories.  MGA's groundless objections should be overruled.[14]

**B.   MGA's Unilateral Limits to Mattel's Definitions Should be Overruled**

In its responses to Mattel's Supplemental Interrogatories, MGA objects that each of the defined terms "SOLD," "SELL," "SALE," and "MATTEL," are vague, ambiguous, overly broad and unduly burdensome.[15]  Even MGA does not believe these objections have merit.   MGA made the same objections to Supplemental Interrogatory Nos. 56-63 and 67-69, which are the subject of Mattel's pending motion to compel.[16]  Mattel specifically asked the Discovery Master to overrule these objections and MGA's unilaterally imposed counter-definitions in its

---

[11]   MGA Entertainment, Inc.'s Complaint in Case No. 05-02727, dated April 13, 2005, at, e.g., ¶¶ 7, 33, 41, 59, Watson Dec., Exh. 24.

[12]   Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh. 11.

[13]   E.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, at 52-53 (discussing My Scene My Bling Bling), Watson Dec., Exh. 25.

[14]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh. 12.

[15]   Id.

[16]   Id.; see also Mattel, Inc.'s Motion to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc., and Isaac Larian, dated February 10, 2009, Watson Dec., Exh. 26.

pending motion, and MGA did not defend them.[17]   MGA, however still has not withdrawn its improper objections and counter-definitions.

Moreover, MGA has offered no evidence that responding to interrogatories with these defined terms would be unduly burdensome, and the definitions are not vague.  MGA's boilerplate objections to Mattel's defined terms should be overruled for this reason.  Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize basis for objection).

For each of these terms, MGA interjects its own, more limited definitions, so that any response would provide Mattel only a portion of the information Mattel is entitled to and allow MGA to cherry-pick discovery.  This is improper.  Chapman v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D. Cal. February 6, 2002) ("The proponent of discovery is the master of its terms.  So long as the information sought is within the broad bounds of relevancy as set forth in Rule 26 and is otherwise properly discoverable, the respondent may not unilaterally reshape or rephrase the discovery request.").[18]

MGA complains that Mattel's definitions of the terms "SOLD," SELL," and "SALE" include concepts such as distribution, licensing, and marketing.[19]  Thus, they assert that any response they provide will "███████████████

---

[17]   Id. at 14-16; see also MGA Entertainment, Inc. and Isaac Larian's Opposition to Mattel, Inc.'s 2/10/09 Motion to Compel Responses to Interrogatories and Production of Documents, dated February 18, 2009, Watson Dec., Exh. 27 (not opposing Mattel's motion to overrule MGA's and Larian's unilateral definitions).

[18]   As discussed above, Mattel's interrogatories seek information that is directly relevant to the party's claims and defenses in this case.

[19]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at 7 and No. 52, Watson Dec., Exh. 12.

1   ████████████████████████████████████████████████"[20]   This contention

2   is both speculative and baseless, as even MGA does not dispute that Mattel is

3   entitled to discover information relating to the distribution, licensing, and marketing

4   of the MGA products at issue.  Moreover, MGA has not explained why using the

5   terms as Mattel has defined them would render their responses vague, ambiguous, or

6   unduly burdensome.  If anything, MGA's unilateral interpretation of the terms are

7   more likely to render their responses vague and ambiguous, as MGA's definition

8   provides zero specificity.

9        MGA also objects to Mattel's definition of the term "MATTEL."[21]

10   MGA asserts that it will interpret the term "████████████████████████

11   ████████████████████████████████████████████████████

12   █████████████[22]   This interpretation excludes, without justification, anyone who

13   has held themselves out to be Mattel directors, representatives, attorneys, parents,

14   "AFFILIATES, predecessors-in-interest, successors-in-interest, and any other

15   PERSON acting on Mattel's behalf, pursuant to its authority or subject to its

16   control."[23]   There is no legitimate basis for such a limit.  To the contrary, as noted

17   above, given that Mattel's requests clearly seek discoverable information, the law

18   precludes MGA from cherry-picking the discovery it will disclose and from

19   unilaterally reshaping or rephrasing Mattel's discovery requests.  MGA's objections

20   and limitations to Mattel's defined terms should be overruled.

21

22

23

24

---

25   [20]   Id. at 7.

26   [21]   Id. at Nos. 51-55.

27   [22]   Id. at 8.

28   [23]   Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 11.

**C.   MGA's Remaining Objections Should Be Overruled**

    **1.   The Discovery Master Should Overrule MGA's Objections That Mattel's Interrogatories Seek Information That May Be The Subject of Expert Witness Analysis**

    MGA's objection that Interrogatory Nos. 51, and 53 seek information that "███████████████████████████████"[24] is without merit and has been rejected by the Court previously. The interrogatories properly seek the factual basis on which MGA bases its claims and defenses. Interrogatory No. 51, for example, asks MGA to identify every concept, design, product, or packaging of Mattel that MGA contends is a copy of, infringes or dilutes MGA's concepts, designs, products, or packaging.[25]   MGA cannot be permitted to withhold this factual information merely based on its unilateral suggestion that an expert may also testify about such matters.   Indeed, if that were a sufficient basis for MGA to stonewall discovery, then it would never have to provide discovery until it deigned to make expert disclosures.   Yes, as the law makes clear, interrogatories requesting factual information are not objectionable even on the basis that the responding party would need to consult with an expert to clarify relevant facts.   See <u>King v. E.F. Hutton & Co., Inc.</u>, 117 F.R.D. 2, 5 (D.D.C. 1987) ("while an expert on stockbroker operations and investments may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed . . . It is no answer for plaintiffs to assert that they will need . .. to consult with an expert to determine their losses.   They should have answered the interrogatories with such information as they then possessed, and pursuant to Rule 26(e) . . . supplement their answers  . . . to reflect

---

[24]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 51, 53), Watson Dec., Exh. 12.
[25]   Mattel's Supplemental Interrogatories (No. 51), Watson Dec., Exh. 11.

1  refinements or corrections to the factual representations as to their asserted losses");

2  Roberts v. Heim, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989) (plaintiffs' response to

3  defendants' interrogatory, in which plaintiffs objected to the interrogatory on the

4  ground that the response was dependent, in part, on expert testimony, required

5  plaintiffs to answer the interrogatory and state whether the answer to the

6  interrogatory contained all the factual information in the plaintiffs' possession

7  independent of that to be provided by plaintiffs' experts and also required plaintiffs

8  to provide any other factual information independent of that to be provided by their

9  expert).  In fact, in this case, Judge Larson held that this very objection by MGA

10  was not a proper basis for withholding discovery.[26]

11         MGA's objections on this basis should be rejected.[27]

12         **2.    The Discovery Master Should Overrule MGA's Objections**

13                **That Mattel's Interrogatories Seek Information That Is**

14                **Better Known to Mattel**

15         MGA objects to Interrogatory Nos. 51 and 54 on the basis that they

16  seek information that is uniquely or better known to Mattel.[28]  This objection is also

17

---

18  [26]  Civil Minutes, dated July 2, 2007, at 5 ("That net worth is generally the

19  subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the

20  Court -- does not render it an improper subject for a Rule 30(b)(6)"), Watson Dec.,
   Exh. 41.

21  [27]  MGA also objects to Interrogatory Nos. 43-44 of Mattel's Amended Fourth

22  Set because "the invention, creation, conception, or reduction to practice of Bratz"
   will be the subject of expert testimony.  MGA's Fourth Supplemental Responses to

23  Interrogatory Nos. 43-44 of Mattel's Amended Fourth Set of Interrogatories at 11,
   Watson Dec., Exh. 9.  The Court should also overrule these objections because they

24  are no longer applicable, as the invention of Bratz was adjudicated in Phase 1.

25  Moreover, these interrogatories are not limited to MGA's Bratz-based claims.  They
   also seek to discover the dates of conception for the other products MGA contends

26  Mattel copied or infringed, including MGA's "4-Ever Best Friends," "Mommy's

27  Little Patient," and "AlienRacers."  MGA Entertainment, Inc.'s Complaint in Case
   No. 05-02727, dated April 13, 2005, at 24-26, Watson Dec., Exh. 24.

28

1  without merit.   These interrogatories seek the factual basis for *MGA's* own
2  contentions regarding which Mattel products copied MGA's products and whether
3  such copying was willful.[29]   Mattel cannot be expected to divine MGA's
4  contentions.  This information is almost exclusively in MGA's possession.  Only it
5  knows which Mattel products it contends infringe MGA's claimed intellectual
6  property and the basis for its contention that such infringement was willful.  In any
7  event, a key purpose of discovery is to avoid trial by ambush and surprise.  MGA
8  should be required to disclose the factual bases for its contentions.  See Fed. R. Civ.
9  P. 33(a)(2).

10          **3.    The Discovery Master Should Overrule MGA's Compound**
11                          **Objections**

12          MGA objects that Interrogatory Nos. 51 and 52 are compound.
13  However, each of these interrogatories refers to only one common theme and thus,
14  counts only as one interrogatory.   See Swackhammer v. Sprint Corp. PCS, 225
15  F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at
16  eliciting details concerning a 'common theme' should generally be considered a
17  single question."); Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,
18  2005 WL 318811, at * 7 (N.D. Cal. January 5, 2005) (interrogatory that asked the
19  "same question regarding a common group of people" was not compound) (citing
20  Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261).

21          Here, Interrogatory No. 51 asks details about one common group:
22  MGA products, concepts, and designs that MGA contends Mattel infringed, and

23
24
25  _____

26  [28]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories
27  (Nos. 51 and 54), Watson Dec., Exh. 12.
        [29]   Id.
28

1 | Interrogatory No. 52 asks for sales information for those products.[30]  Neither of
2 | these interrogatories is compound.

### 4.    The Discovery Master Should Overrule MGA's Objection That Mattel's Interrogatories Are Duplicative

MGA's objection that Interrogatory No. 52 is duplicative of No. 45 in Mattel's Sixth Set of Interrogatories is also without merit.  Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories asks MGA to identify each Bratz product that MGA or its licensees have sold, and to identify the profits, costs, and revenue associated with each such product.[31]  Interrogatory No. 52, however, seeks this information with respect to each trade dress MGA contends Mattel copied, infringed, or diluted.[32]  While MGA may contend that Mattel copied, infringed, or diluted certain Bratz products, it needs to identify which Bratz products it contends Mattel copied in response to Interrogatory No. 52.  Moreover, MGA has also alleged that Mattel has copied, infringed, and diluted other MGA products, such as MGA's 4-Ever Best Friends, Mommy's Little Patient, and AlienRacers.[33]  Interrogatory No. 52 covers these products, while 45 does not.[34]

---

[30]  Mattel's Supplemental Interrogatories (Nos. 51, 52), Watson Dec., Exh. 11.
[31]  Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007, Watson Dec., Exh. 28.
[32]  Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh. 11.
[33]  MGA's Complaint in Case No. 05-02727, dated April 13, 2005 at 24-26, Watson Dec., Exh. 24.
[34]  MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory No. 6 in Mattel's First Set of Interrogatories Re Unfair Competition and Interrogatory No. 49 in Mattel's Seventh Set of Interrogatories.  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (No. 51), Watson Dec., Exh. 12.  Although Interrogatory Nos. 6 and 49 also address the facts regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel products it contends copied, infringed, or diluted MGA's products by SKU number, as requested by Interrogatory No. 51.  See MGA's Supplemental Responses to Mattel, Inc.'s Seventh Set of Interrogatories, dated November 30, 2007 at 14-16, Watson Dec., Exh. 29;
   (footnote continued)

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

### 5.   The Discovery Master Should Overrule MGA's Undue Burden Objections

(a)   Interrogatory No. 51 is not Unduly Burdensome

MGA objects that Interrogatory Nos. 51-53 and 64 are unduly burdensome.[35] These objections are without merit. At the outset, MGA provided no explanation as to why Interrogatory No. 51 is unduly burdensome. This objection should be overruled for this reason alone. Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Nagele v. Electronic Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize basis for objection). Now, MGA asserts in its Motion for Protective Order that Interrogatory No. 51 is unduly burdensome because MGA "does not have a complete listing of every single Mattel product which copied or infringed MGA's trade dress" and "attempting to compile such information presents another herculean task."[36] MGA is the master of its claims. If it contends that hundreds of Mattel products or more allegedly infringe, then a consequence of that claim is discovery related to hundreds of products or more. The burden claim is completely created by and under the control of MGA. As courts have recognized, there can be no undue burden in requiring a party to identify its own claims. See 8A Federal Practice & Procedure § 2167 (citing Am. Oil Co. v. Penn. Petro. Co., 23 F.R.D. 680, 683 (D.R.I. 1959) ("Since the information sought here will undoubtedly be assembled by the defendant

---

MGA's Second Supplemental Responses to Mattel's First Set of Interrogatories Re Claims of Unfair Competition at 32-37, dated March 6, 2007, Watson Dec., Exh. 30.
[35]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 51-53, 64), Watson Dec., Exh. 12.
[36]   See MGA Parties' Motion for Protective Order Staying Discovery on Trade Dress Claims, dated February 27, 2009, at 14.

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

1  prior to trial in the preparation of its defenses, it cannot be said that these
2  interrogatories are objectionable as being burdensome.")).

3       Moreover, it is inconceivable that that almost four years after MGA
4  asserted these claims, MGA does not have a list of each of the Mattel products it
5  bases its trade dress claims on.  Indeed, MGA is unable to provide any proof to
6  support its assertion, as the law requires and the former Discovery Master has ruled.
7  Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-9 (D. Nev. 1997)
8  ("The party claiming that a discovery request is unduly burdensome must allege
9  specific facts which indicate the nature and extent of the burden, usually by affidavit
10 or other reliable evidence.") (citing Burton Mechanical Contractors, Inc. v.
11 Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992)); Order Granting Mattel's Motion to
12 Compel Production of Documents and Interrogatory Responses by MGA, dated
13 May 15, 2007, at 14 ("Once again, MGA has failed to substantiate any of its
14 objections with supporting declarations or legal authorities.   Accordingly, all
15 objections are overruled and MGA is ordered to provide a full response to
16 Interrogatory No. 11), Watson Dec., Exh. 37.  Even if MGA did not have a list of
17 the Mattel products it claims copied MGA's trade dress, it would not be unduly
18 burdensome for it to compile such a list.

19      Mattel is entitled to know MGA's claims, and it is MGA's duty to
20 provide that information.   The Discovery Master should reject MGA's burden
21 objections to Interrogatory No. 51.

22              (b)    Interrogatory No. 52 is Not Unduly Burdensome

23      MGA next complains that Interrogatory No. 52 is unduly burdensome
24 because "█████████████████████████████████████████████████████

25

26

27

28

1       ████████████████████████ "[37]   MGA cites in its Motion for Protective Order the

2 Wing declaration,[38] but Mr. Wing's statements are contradicted by MGA's own <u>Rule</u>

3 <u>30(b)(6)</u> witness and by documents produced by MGA in this action.   MGA's <u>Rule</u>

4 <u>30(b)(6)</u> designee has previously testified that MGA regularly maintains reports

5 containing revenue, profit, and cost information on a product-by-product basis,[39] and

6 MGA has previously produced such reports.   In fact, in the midst of trial, MGA

7 produced this type of information for the month ending June 2008 in mid-July

8 2008.[40]   MGA cannot substantiate any credible complaints of burden, as even the

9 little evidence it provided is belied by MGA's own <u>Rule</u> 30(b)(6) designee and

10 MGA's document production in this case.

11       Even if (contrary to fact) MGA truly lacks readily available financial

12 information on a product-by-product basis, it would not render this interrogatory

13 unduly burdensome.   As discussed above, this information is highly relevant to

14 Mattel's Phase 2 claims and defenses against MGA.   MGA itself has asserted that

15

---

16   [37]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories

17 (No. 52), Watson Dec., Exh. 12.

  [38]   <u>See</u> MGA Parties' Motion for Protective Order Staying Discovery on Trade

18 Dress Claims, dated February 27, 2009, at 14.

  [39]   Deposition of Lisa Tonnu, dated January 17, 2008 ("Tonnu Depo."), Watson

19 Dec., Exh. 31, at 747:9-15 (in preparation for her deposition, Tonnu reviewed

20 documents regarding Bratz sales broken down by product SKU numbers generated

by MGA employee), 871:17-874:11 (sales information on a product-by-product

21 basis can be obtained from MGA's accounting system); 750:2-22 (Tonnu reviewed

22 reports on cost of sales by product SKU number generated by MGA employee);

878:19-879:23 (MGA tracks as a matter of course the number of products invoiced

23 to customers by product SKU number); 893:20-894:17 (Tonnu reviewed reports on

24 returns broken down by product SKU number); 900:23-902:1 (MGA calculates cost

of sales by product SKU number); 902:21-903:6 (MGA calculates royalty expenses

25 by product SKU number).

26   [40]   <u>See</u> E-mail from Ryan Weinstein to Jon Corey, dated July 22, 2008, Watson

27 Dec., Exh. 32; <u>see also</u> MGA 3896239, Watson Dec., Exh. 42; Letter from

Weinstein to Corey, dated July 31, 2008, Watson Dec., Exh. 33.

28

the Phase 2 claims are worth "billions."[41]  The burden of compiling this financial information is not undue in light of the stakes and the scale of claims in this litigation and the importance this information holds to the claims at issue in Phase 2. See King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that interrogatory was burdensome and oppressive, even though preparation of answer would be time-consuming and costly, because information was crucial to the issues of the suit and in exclusive custody of defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly burdensome" objection because value of information to plaintiff clearly outweighed any annoyance or expense involved in disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182 F.R.D. 486, 491 (W.D.N.C. 1998) ("Requiring a responding party to perform extensive research or to compile substantial amounts of data and information does not automatically constitute an undue burden ... Imposing such a burden is particularly proper where, as here, the information sought is crucial to the ultimate determination of a crucial issue and where the location of the documents is best known by the responding party.").

(c)   Interrogatory No. 53 is Not Unduly Burdensome

MGA's complaint that Interrogatory No. 53 is unduly burdensome is likewise without merit. This interrogatory asks MGA to state all facts that support its contention that Mattel's products were likely to cause confusion as to their origin, including the facts that support MGA's contention, if it so contends, that any of the well-known Sleekcraft likelihood of confusion factors weighs against Mattel.[42] MGA asserts that this interrogatory is unduly burdensome because it "██████████

---

[41]   Transcript from "Nightline," dated December 22, 2006, at 5, Watson Dec., Exh. 40.

[42]   Mattel's Supplemental Interrogatories (No. 53), Watson Dec., Exh. 11.

1  █████████████████████████████████████████████

2  ████████████"[43]   However, Mattel is entitled to ask interrogatories that require

3  the application of law to fact.  Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not

4  objectionable merely because it asks for an opinion or contention that relates to . . .

5  the application of law to fact.").[44]  Mattel is also entitled to discover the factual basis

6  for MGA's contention that Mattel products caused confusion.  The fact that a false

7  designation of origin claim consists of several factors, and the fact that MGA has

8  alleged that several Mattel products caused confusion, do not render this

9  interrogatory unduly burdensome.  Any burden imposed by this interrogatory is

10  warranted by the nature of MGA's claims in this litigation.  See King, 50 F.R.D. at

11  136; Seff, 11 F.R.D. at 598; Capacchione, 182 F.R.D. at 491.

12                (d)    Interrogatory No. 64 is Not Unduly Burdensome

13           Last, MGA asserts that Interrogatory No. 64 is overly broad, unduly

14  burdensome and "████████████████"[45]   Interrogatory No. 64 asks MGA to state

15  all facts which support its claims against Mattel in this action, and identify all

16  persons with knowledge of such facts and all documents that refer or relate to such

17  facts, to the extent MGA has not previously disclosed such information to Mattel in

18  a prior interrogatory response.[46]   MGA's burden objection is without merit, as

19  Defendants have propounded numerous comparable interrogatories to Mattel,[47] to

20

_____

21     [43]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories

22  (No. 53), Watson Dec., Exh. 12.

23     [44]   See also Order Granting Mattel's Motion to Compel MGA to Answer
Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion

24  objections in the context of RFAs), Watson Dec., Exh. 34.

25     [45]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories
(No. 64), Watson Dec., Exh. 12.

26     [46]   Mattel's Supplemental Interrogatories (No. 64), Watson Dec., Exh. 11.

27     [47]   See, e.g., MGA's First Set of Interrogatories to Mattel, dated February 4,
2005 (No. 1) ("State all facts, with particularity, and IDENTIFY all DOCUMENTS

28     (footnote continued)

1  which Mattel has provided responses to.[48]  Furthermore, MGA clearly must know

2  what other facts and witnesses ostensibly support its claims.  MGA should not be

3  allowed to withhold that information in order to sandbag Mattel, but instead should

4  be required to disclose that information to Mattel.

### 6.  The Discovery Master Should Overrule MGA's Boilerplate Privilege Objections

7        Finally, MGA objects to Interrogatory Nos. 52, 53, 55, and 64 on the

8  grounds that they "██████████████████████████████████████████

9  ████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████

12  ██████."[49]  This boilerplate objection is improper.

13        Most of the interrogatories at issue here are contention interrogatories.

14  Parties are required to answer interrogatories that ask them to state their contentions

15  about facts or the application of law to facts.  Fed. R. Civ. P. 33(a)(2).  Mattel is

16  entitled to learn the facts in defendants' possession which they believe support their

17  own contentions.  Mattel is also entitled to learn which documents and persons

18  relate to or are knowledgeable about such facts.  The law is clear that a party cannot

19  avoid responding to contention interrogatories by claiming that they call for a legal

20  conclusion or by invoking the attorney-client privilege or the work product doctrine.

21  Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at

23  that support YOUR contention, if YOU so contend, that YOU have suffered harm as
24  a result of any act or omission of MGA."), Watson Dec., Exh. 35.

25  [48]  Indeed, Mattel's response to this interrogatory was 62 pages long.
    Supplemental Responses to MGA's First Set of Interrogatories to Mattel, dated
26  December 12, 2007, at 4-66, Watson Dec., Exh. 36.

27  [49]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
    (Nos. 52, 53, 55, 64), Watson Dec., Exh. 12.

1 | *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular
2 | allegation in a complaint violates neither the attorney-client or work product
3 | privileges."); <u>King v. E.F. Hutton & Co., Inc.</u>, 117 F.R.D. 2, 5 n.3 (D.D.C. 1987)
4 | (interrogatories seeking the factual specifics which a party contends supports a
5 | contention do not implicate the attorney work product doctrine: "If this elementary
6 | principle were not applicable, contention interrogatories would not exist. As the
7 | Advisory Committee Note reflects, as to requests for even opinions or contentions
8 | that call for the application of law to fact, they are permissible and can be most
9 | useful in narrowing and sharpening the issues, which is the major purpose of
10 | discovery.").

11 |       Each of MGA's objections should be overruled, and MGA should be
12 | compelled to respond to Mattel's interrogatories in full.[50]

---

25 |   [50]  MGA also asserts the same privilege objections to Interrogatory Nos. 43 and
26 | 44. MGA's Fourth Supplemental Responses to Interrogatory Nos. 43-44 of Mattel's
27 | Amended Fourth Set of Interrogatories (Nos. 43-44), Watson Dec., Exh. 9. Those
objections should be overruled for the same reasons.

-25-
SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO
CONTENTION INTERROGATORIES

1

## Conclusion

2       For the foregoing reasons, Mattel respectfully requests that the

3   Discovery Master enforce the prior Discovery Master's Order, overrule each of

4   MGA's objections and compel MGA to respond to Nos. 43-44 of Mattel's Amended

5   Fourth Set of Interrogatories and Nos. 51-55 and 64 of Mattel's Supplemental

6   Interrogatories.   In addition, Mattel requests that the Discovery Master impose

7   sanctions in the amount of $4515 to reimburse Mattel for at least a portion of the

8   fees it has been forced to incur to obtain discovery that the Discovery Master

9   already ruled that Mattel entitled to.

10

11   DATED:  March 6, 2009       QUINN EMANUEL URQUHART OLIVER &
12                         HEDGES, LLP

13

14                         By/s/ Scott L. Watson

15                           Scott L. Watson
                        Attorneys for Mattel, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

00505.07975/2823170.1

SEPARATE STATEMENT IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO
CONTENTION INTERROGATORIES