# EXHIBIT 1

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
  Timothy L. Alger (Bar No. 160303)
  (timalger@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES |
| MATTEL, INC., a Delaware corporation, | |
| Defendant. | [Amended Only to Delete Former Interrogatory No. 45] |
| AND CONSOLIDATED ACTIONS | Discovery Cut-off: January 14, 2008<br>Pre-trial Conference: April 7, 2008<br>Trial Date: April 29, 2008 |
| | Discovery Cutoff: March 3, 2008<br>Final Pretrial Conf.: June 2, 2008<br>Trial Date: July 1, 2008 |

PROPOUNDING PARTY:    Mattel, Inc.

RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez

SET NO.:    FOUR

07209/2254170.1

10-23

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT 1

PAGE 8

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.
2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter
3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and
4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")
5  individually answer the following Interrogatories separately and fully, in writing and
6  under oath, within 30 days after service hereof.  The Responding Parties shall be
7  obligated to supplement their responses to the Interrogatories at such times and to
8  the extent required by the <u>Federal Rules of Civil Procedure.</u>
9
10    **Definitions**
11    1.    "YOU" and "YOUR" mean each of the Responding Parties.
12    2.    "BRYANT" means Carter Bryant individually.
13    3.    "LARIAN" means Isaac Larian individually.
14    4.    "MGA" means MGA Entertainment, Inc., any of its current or
15  former employees, officers, directors, agents, representatives, attorneys, experts,
16  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any
17  other PERSON acting on its behalf, pursuant to its authority or subject to its control.
18  Without limiting the foregoing, "MGA" includes the entities known as ABC
19  International Traders or ABC International Traders, Inc.  For purposes of the these
20  Interrogatories, "MGA" does not include BRYANT.
21    5.    "MATTEL" means Mattel, Inc., its current employees, officers,
22  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
23  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
24  PERSON acting on its behalf, pursuant to its authority or subject to its control.
25    6.    "AFFILIATES" means any and all corporations, proprietorships,
26  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
27  indirectly, in whole or in part, own or control, are under common ownership or
28  control with, or are owned or controlled by a PERSON, party or entity, including

-2-

EXHIBIT ___1___

PAGE ___9___

1     without limitation each parent, subsidiary and joint venture of such PERSON, party

2     or entity.

3          7.     "PERSON" or "PERSONS" means all natural persons,

4     partnerships, corporations, joint ventures and any kind of business, legal or public

5     entity or organization, as well as its, his or her agents, representatives, employees,

6     officers and directors and any one else acting on its, his or her behalf, pursuant to

7     its, his or her authority or subject to its, his or her control.

8          8.     "DESIGN" or "DESIGNS" means any and all representations,

9     whether two-dimensional or three-dimensional, and whether in tangible, digital,

10     electronic or other form, including but not limited to all works, designs, artwork,

11     sketches, drawings, illustrations, representations, depictions, blueprints, schematics,

12     diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

13     practice, developments, inventions and/or improvements, as well as all other items,

14     things and DOCUMENTS in which any of the foregoing are or have been

15     expressed, embodied, contained, fixed or reflected in any manner, whether in whole

16     or in part.

17          9.     "BRATZ" means any project, product, doll or DESIGN ever

18     known by that name (whether in whole or in part and regardless of what such

19     project, product or doll is or has been also, previously or subsequently called) and

20     any product, doll or DESIGN or any portion thereof that is now or has ever been

21     known as, or sold or marketed under, the name or term "Bratz" (whether in whole or

22     in part and regardless of what such product, doll or DESIGN or portion thereof is or

23     has been also, previously or subsequently called) or that is now or has ever been

24     sold or marketed as part of the "Bratz" line, and each version or iteration of such

25     product, doll or DESIGN or any portion thereof. As used herein, "product, doll or

26     DESIGN or any portion thereof" also includes without limitation any names,

27     fashions, accessories, artwork, packaging or any other works, materials, matters or

28     items included or associated therewith. Without limiting the generality of the

-3-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT _____1_____

PAGE _____10_____

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5          10.     "SOLD," "SELL" or "SALE" means to distribute, market,

6  license, sell, offer to sell, or convey or transfer in any way for compensation.

7          11.     "BRATZ DOLL" means any doll that is or has ever been SOLD

8  that REFERS OR RELATES TO BRATZ.

9          12.     "BRATZ PRODUCT" means any product, whether two-

10  dimensional or three-dimensional, and whether in tangible, digital, electronic or

11  other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

12  RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

13  MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

14  product that is or has ever been SOLD in any packaging that includes the name

15  "Bratz" or REFERS OR RELATES TO BRATZ.

16          13.     "BRATZ MOVIE" means any motion picture or film that is or

17  has ever been SOLD that REFERS OR RELATES TO BRATZ.

18          14.     "BRATZ TELEVISION SHOW" means any production

19  exhibited on television that is or has ever been SOLD that REFERS OR RELATES

20  TO BRATZ.

21          15.     "BASED ON" means substantially similar to, a copy of or a

22  derivative of.

23          16.     "DOCUMENT" or "DOCUMENTS" means all "writings" and

24  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

25  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

26  limited to, all writings and records of every type and description including, but not

27  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

28  electronic mail ("e-mail"), records of telephone conversations, handwritten and

EXHIBIT _____1_____

PAGE _____11_____

1 | typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
2 | and summaries of meetings, voice recordings, pictures, photographs, drawings,
3 | computer cards, tapes, discs, printouts and records of all types, studies, instruction
4 | manuals, policy manuals and statements, books, pamphlets, invoices, canceled
5 | checks and every other device or medium by which or through which information of
6 | any type is transmitted, recorded or preserved.  Without any limitation on the
7 | foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
8 | from the original or other versions of the DOCUMENT, including, but not limited
9 | to, all drafts and all copies of such drafts or originals containing initials, comments,
10 | notations, insertions, corrections, marginal notes, amendments or any other variation
11 | of any kind.

12 | 　　　　17.　　"REFER OR RELATE TO" a given subject matter means relate
13 | to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,
14 | identify, state, deal with, comment on, respond to, describe, analyze, support, refute,
15 | contradict, or in any way pertain to that subject matter, either directly or indirectly.

16 | 　　　　18.　　"IDENTIFY" or "IDENTITY" means the following:
17 | 　　　　　　(a)　　with reference to an individual or individuals, means to
18 | state, fully and separately as to each, such individual's full name, any known
19 | business title, current or last known business affiliation, current or last known
20 | residential address, current or last known business address, current or last known
21 | relationship to MGA, and current or last known telephone number.

22 | 　　　　　　(b)　　with reference to an entity or entities, means to state, fully
23 | and separately as to each, such entity's full name, state (or country) of incorporation
24 | or organization, present or last known address, and present or last known telephone
25 | number.

26 | 　　　　　　(c)　　with reference to a BRATZ PRODUCT, means to state,
27 | fully and separately as to each, the full name of the product; the number of the
28 | product; the SKU of the product; any other applicable designation of the product

-5-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT _____ 1 _____

PAGE _____ 12 _____

1  useful for identification; the period of time during which the product was, has been
2  or will be SOLD; and the IDENTITY of each PERSON who has licensed from
3  YOU the right to SELL such BRATZ PRODUCT.
4          (d)    with reference to any other DOCUMENT or
5  DOCUMENTS, means to describe each DOCUMENT by Bates number.  In the
6  event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
7  respect to each such DOCUMENT, to provide a complete description of it such that
8  it may be the subject of a request for the production of documents, including by
9  stating the date, identity of the author, addressee(s), signatories, parties, or other
10  PERSONS identified therein, its present location or custodian and a description of
11  its contents.
12          19.    "Any" as used in these interrogatories includes the word "all,"
13  and the word "all" as used in these interrogatories includes the word "any."
14          20.    The singular form of a noun or pronoun includes within its
15  meaning the plural form of the noun or pronoun so used, and vice versa; the use of
16  the masculine form of a pronoun also includes within its meaning the feminine form
17  of the pronoun so used, and vice versa; the use of any tense of any verb includes
18  also within its meaning all other tenses of the verb so used, whenever such
19  construction results in a broader request for information; and "and" includes "or"
20  and vice versa, whenever such construction results in a broader disclosure of
21  documents or information.
22
23                    **Instructions**
24          A.    When an interrogatory requests that YOU provide information,
25  YOU are required to supply all information known by or available to YOU or
26  YOUR employees, officers, directors, agents, representatives, attorneys and experts.
27  If YOU cannot completely answer the interrogatory after making diligent efforts to
28  do so, please so state. Then describe in detail all efforts made to answer the

07209/2254170.1

-6-

EXHIBIT  1

PAGE  13

1   interrogatory; identify every PERSON involved in such efforts; and state the

2   additional information YOU need, if any, to respond completely to the interrogatory.

3

4   **Interrogatories**

5

6   INTERROGATORY NO. 42:

7       State all facts that support YOUR contention, if YOU so contend, that

8   any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

9   on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

10  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11

12  INTERROGATORY NO. 43:

13      For each concept, design, product, product packaging or other matter

14  that YOU contend MATTEL copied or infringed, including but not limited to those

15  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

16  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

17  Supplemental Responses to such Interrogatory), state the date that each such

18  concept, design, product, product packaging or other matter was conceived, and

19  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

20  OR RELATE TO, the foregoing.

21

22  INTERROGATORY NO. 44:

23      For each concept, design, product, product packaging or other matter

24  that YOU contend MATTEL copied or infringed, including but not limited to those

25  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

26  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

27  Supplemental Responses to such Interrogatory), state the date that each such

28  concept, design, product, product packaging or other matter was first fixed in any

07209/2254170.1

-7-

EXHIBIT _____1_____

PAGE _____14_____

1  tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2  knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4

5  DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                                    By B. Dylan Proctor

8                                    B. Dylan Proctor
                                     Attorneys for Plaintiff
9                                    Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2254170.1

-8-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT _____1_____

PAGE _____15_____

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service,

3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On October 23, 2007, I served true copies of the following document(s) described as

5  **1.    MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
   **[Amended Only to Delete Former Interrogatory No. 45]**

6

      on the parties in this action as follows:

7

8  Thomas Nolan, Esq.                    Mark E. Overland, Esq.
   **SKADDEN ARPS SLATE MEAGHER**        David C. Scheper, Esq.
   **& FLOM, LLP**                       Alexander H. Cote

9  300 South Grand Avenue, Suite 3400    **OVERLAND BORENSTEIN**
   Los Angeles, CA 90071                 **SCHEPER & KIM LLP**

10                                       300 South Grand Avenue, Suite 2750
                                         Los Angeles, CA 90071-3144

11

12

13

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s)

14  being served.

15      I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

16

      Executed on October 23, 2007, at Los Angeles, California.

17

18

19                                       NOW LEGAL -- Dave Quintana

20

21

22

23

24

25

26

27

28

07209/2263102.1

**EXHIBIT** ___1___  -1-

**PAGE** ___16___

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 865 South Figueroa
3   Street, 10th Floor, Los Angeles, California 90017-2543.

4      On October 23, 2007, I served true copies of the following document(s) described as

5   1.      **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
           **[Amended Only to Delete Former Interrogatory No. 45]**
6
       on the parties in this action as follows:
7
       John W. Keker, Esq.
8      Michael H. Page, Esq.
       Christina M. Anderson, Esq.
9      **KEKER & VAN NEST, LLP**
       710 Sansome Street
10     San Francisco, CA 94111

11  **BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by
    FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive
12  documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or
    provided for, addressed to the person(s) being served.
13
       I declare that I am employed in the office of a member of the bar of this Court at whose
14  direction the service was made.

15     Executed on October 23, 2007, at Los Angeles, California.

16

17                                                    _____
                                                      Charlene Ho
18

19

20

21

22

23

24

25

26

27

28

07209/2241940.1

**EXHIBIT** _/_ -1-

**PAGE** _17_

# EXHIBIT 2



1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:    tnolan@skadden.com
              hposner@skadden.com
5
   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Times Square
7  New York, NY  10036
   Telephone:  (212) 735-3000
8  Facsimile:  (212) 735-2000
   E-mail:    kplevan@skadden.com
9
   Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13
                          EASTERN DIVISION
14 CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                         )
15              Plaintiff,               )  Consolidated with Case No. 04-9059
                                         )  and Case No. 05-2727
16      v.                               )
                                         )  **MGA ENTERTAINMENT,**
17 MATTEL, INC., a Delaware              )  **INC.'S OBJECTIONS AND**
   corporation                           )  **RESPONSES TO MATTEL**
18                                       )  **INC.'S AMENDED FOURTH**
                Defendant.               )  **SET OF INTERROGATORIES**
19                                       )
                                         )
20                                       )
                                         )  Honorable Stephen G. Larson
21                                       )  Courtroom 1
                                         )
22
23
24
25
26
27
28
                              11-15
   MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

   EXHIBIT ___2___

   PAGE ___18___

| | |
|---|---|
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off: March 3, 2008 |

**PROPOUNDING PARTY:**     MATTEL, INC.

**RESPONDING PARTY:**     MGA ENTERTAINMENT, INC.

**SET NUMBER:**     AMENDED FOURTH

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT ____2____

PAGE ____19____

## PRELIMINARY STATEMENT

MGA hereby serves its objections to Mattel's Amended Fourth Set of Interrogatories. MGA is not yet in a position to serve its substantive responses to Mattel's Amended Fourth Set of Interrogatories, in part due to Mattel's failure to provide meaningful document, deposition and other discovery and also the transition of MGA's representation from prior counsel of record to Skadden, Arps. MGA intends to supplement its objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth Set of Interrogatories as soon as it is in a position to do so and after it has concluded meet and confer sessions with Mattel, including with respect to Mattel's outstanding discovery obligations.

MGA hereby serves its objections to Mattel's Amended Fourth Set of Interrogatories. MGA is not yet in a position to serve its substantive responses to Mattel's Amended Fourth Set of Interrogatories, in part due to the transition of MGA's representation from prior counsel of record to Skadden, Arps and also due to Mattel's failure to provide meaningful document, deposition and other discovery. MGA intends to supplement its objections with substantive responses to the unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth Set of Interrogatories as soon as it is in a position to do so.

The General Response set forth herein applies to all responses that MGA is providing in response to these interrogatories (the "Interrogatories") or may in the future provide in response to any discovery request in this action. The Response is made without waiving, or intending to waive but, on the contrary, expressly reserving: (a) the right to object, on the grounds of competency, privilege, relevancy or materiality, or any other proper grounds, to the use of the Response, for any purpose in whole or in part, in any subsequent step or proceeding in this action or any other action; (b) the right to object on any and all grounds, at any time, to other interrogatories or other discovery procedures; and (c) the right at any time to

1

EXHIBIT ___2___

PAGE ___20___

1 | revise, correct, add to, or clarify any of the responses propounded herein.

2 |         The Response reflects only the present state of MGA's discovery
3 | regarding the information that Mattel seeks. Discovery and other investigation or
4 | research concerning this litigation are continuing. It is anticipated that further
5 | discovery, independent investigation, and legal research and analysis will supply
6 | additional facts and meaning to the known facts, as well as establish entirely new
7 | factual conclusions, all of which may lead MGA to discover other information
8 | responsive to these Interrogatories. MGA therefore reserves the right to amend or
9 | supplement this Response at any time in light of future investigation, research or
10 | analysis, and also expressly reserves the right to rely on, at any time, including trial,
11 | subsequently discovered information omitted from this Response as a result of
12 | mistake, error, oversight or inadvertence. MGA does not hereby admit, adopt or
13 | acquiesce in any factual or legal contention, assertion or characterization contained
14 | in the Interrogatories or any particular request therein, even where MGA has not
15 | otherwise objected to a particular interrogatory, or has agreed to provide information
16 | responsive to a particular interrogatory.

17 |         No incidental or implied admissions are intended by this Response.
18 | These responses should not be taken as an admission that MGA accepts or admits the
19 | existence of any facts set forth or assumed by any instruction, definition or
20 | interrogatory.

21 | **GENERAL OBJECTIONS**

22 |         MGA responds to these Interrogatories subject to the following general
23 | objections and limitations, each of which is incorporated into each and every
24 | response as though fully set forth therein:

25 |         1.    MGA objects to these Interrogatories to the extent they seek
26 | information that is not subject to disclosure under any applicable privilege, doctrine
27 | or immunity, including without limitation the attorney-client privilege, the work
28 | product doctrine, the right of privacy, and all other privileges recognized under the

2

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)



EXHIBIT ____ *2*

PAGE ____ *21*

1 constitutional, statutory or decisional law of the United States of America, the State
2 of California or any other applicable jurisdiction. MGA shall not produce such
3 information in response to Mattel's interrogatories. Any disclosure of such protected
4 or privileged information is inadvertent and shall not be construed as a waiver of
5 those privileges or protections. MGA reserves the right to correct the record with
6 regard to any such inadvertent disclosure, as provided for in the Protective Order
7 governing this case.

8       2.    MGA objects to these Interrogatories to the extent they seek
9 information not relevant to the claims or defenses of any party to this action and not
10 reasonably calculated to lead to the discovery of admissible evidence.

11       3.    MGA objects to these Interrogatories to the extent they seek
12 information which by reason of public filing or otherwise is already in Mattel's
13 possession or is readily accessible to Mattel.

14       4.    MGA objects to these Interrogatories to the extent they seek the
15 disclosure of information (1) not within its possession, custody or control; (2) that
16 MGA cannot locate after a reasonably diligent search; or (3) that refer to persons,
17 entities, or events not known to MGA. Such instructions, definitions, or requests are
18 objectionable where they seek to require more of MGA than any obligation imposed
19 by the Federal Rules of Civil Procedure; subject MGA to unreasonable and undue
20 annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an
21 obligation to investigate or discover information or materials from sources equally
22 accessible to Mattel.

23       5.    MGA objects to these Interrogatories to the extent they are
24 overbroad and unduly burdensome.

25       6.    MGA objects to the definitions and instructions to the extent such
26 definitions and instructions purport to enlarge, expand, or alter in any way the plain
27 meaning and scope of any specific term or specific interrogatories on the ground that
28 such enlargement, expansion, or alteration renders such a term or request vague,

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT ___2___

PAGE ___22___

1  ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

2       7.      MGA objects to the terms YOU, YOUR, BRYANT, LARIAN,

3  MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

4  BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ

5  MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE

6  TO on the grounds that these terms render the interrogatories overbroad, unduly

7  burdensome, vague and ambiguous and to the extent that they could be read to call

8  for legal conclusions in responding to the interrogatories, including, by way of

9  example and without limitation, as follows:

10      (a)     MGA objects to the definition of the term "BRATZ"

11  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

12  designed to mislead and confuse the trier of fact.  The definition includes "any

13  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

14  or in part and regardless of what such project, product or doll is or has been also,

15  previously or subsequently called) and any product, doll or DESIGN or any portion

16  thereof that is now or has ever been known as, or sold or marketed under, the name

17  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

18  or DESIGN or portion thereof is or has been also, previously or subsequently called)

19  or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

20  version or iteration of such product, doll or DESIGN or any portion thereof," and it

21  goes on.  By incorporating the definition of DESIGN, the overly broad definition of

22  BRATZ includes two-dimensional and three-dimensional representations, including

23  "works, designs, artwork, sketches, drawings, illustrations, representations,

24  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

25  samples, rotocasts, reductions to practice, developments, inventions and/or

26  improvements . . . ."  (Definitions ¶ 8.)  These convoluted and multi-part definitions

27  combine to render the interrogatories vague, ambiguous and overly broad, and to

28  include within the term BRATZ things that do not fairly represent the Bratz line of

4

EXHIBIT ___*2*___

PAGE ___*23*___

1  dolls, accessories and related products that are the subject of this case.  In responding
2  to these interrogatories, MGA will interpret the term BRATZ to mean the line of
3  dolls introduced by MGA to the market for sale in May or June of 2001 and
4  subsequent dolls, accessories and other products known as Bratz or associated by
5  MGA with the Bratz line of dolls;

6          (b)     MGA objects to the definition of the term "BRATZ
7  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly
8  burdensome, and designed to mislead and confuse the trier of fact.  The definition
9  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of
10  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of
11  "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,
12  what dolls may "deal with, comment on, respond to, . . . or pertain" (Definitions ¶
13  17) to "BRATZ."  In responding to these interrogatories, MGA will interpret the
14  term "BRATZ DOLL" to mean the line of dolls introduced by MGA to the market
15  for sale in May or June of 2001 and subsequent dolls known as Bratz;

16          (c)     MGA objects to the definition of the term "BASED ON" as
17  vague, ambiguous, overly broad and unduly burdensome, and designed to mislead
18  and confuse the trier of fact.  The definition strays far from the English meaning of
19  "based on" by including terms loaded with legal significance in intellectual property
20  law, such as "substantially similar to," or "a derivative of."  In responding to these
21  interrogatories, MGA will not interpret the term "BASED ON," but rather will
22  respond using "based on" in its normal accepted meaning.

23          (d)     MGA objects to the terms "IDENTIFY" or "IDENTITY"
24  as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's
25  definition of these terms inherently call for answers to multiple discrete questions or
26  subparts to questions.  For example, when those terms are used to reference any
27  BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct
28  facts: (a) the full name of the product; (b) the number of the product; (c) the SKU of

5

EXHIBIT ___α___

PAGE ___24___

1    the number; (d) any other applicable designation of the product useful for

2    identification; (e) the period of time during which the product was, has been, or will

3    be sold; and (f) the identity of each person who has licensed from YOU the right to

4    sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or

5    incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

6    should be posed as separate interrogatories.

7                    (e)    MGA objects to the term "any" and "REFER OR RELATE

8    TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

9    and/or are vague and ambiguous in the context of the interrogatories as written and

10   as those interrogatories would be plainly understood absent Mattel's definitions.

11                   8.    MGA objects to these interrogatories to the extent that they may

12   unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

13   been completed and MGA is not yet necessarily in possession of all the facts and

14   documents upon which MGA intends to rely.  All of the responses submitted

15   herewith are tendered to Mattel with the reservation that the responses are submitted

16   without limiting the evidence on which MGA may rely to support the contentions

17   and defenses that MGA may assert at the trial of this action and to rebut or impeach

18   the contentions, assertions and evidence that Mattel may present.  MGA reserves the

19   right to supplement or amend these responses at a future date.

20                   9.    MGA objects to each interrogatory to the extent that it seeks

21   information that will be the subject of expert witness testimony and that is therefore

22   premature.

23                   10.    In responding to these interrogatories, MGA has not and will not

24   comply with any instructions or definitions that seek to impose requirements in

25   addition to those imposed by the Federal Rules of Civil Procedure and any applicable

26   local rule, any orders entered by the Court in this Action, or other applicable law.

27                   11.    Consistent with Rule 33(d) of the Federal Rules of Civil

28   Procedure, MGA objects to providing responses to interrogatories that can be

6

EXHIBIT ___2___

PAGE ___25___

1  derived from documents that have or will be produced (when requested in

2  compliance with Rule 26) and where the burden to derive such information is

3  substantially the same for Mattel as it is for MGA.

4          12.    MGA objects to each interrogatory to the extent that it seeks the

5  disclosure of confidential, proprietary, or trade-secret information.

6          13.    MGA objects to each interrogatory to the extent that it calls for a

7  legal conclusion.

8          14.    MGA objects to several of those interrogatories that appear to be

9  directed at other parties to the litigation and not to MGA, given the nature of the

10  claims asserted against MGA in this case.

11          15.    MGA reserves the right to object on any ground at any time to

12  such other or supplemental discovery requests as Mattel may propound involving or

13  relating to the same subject matter of these interrogatories.

14          16.    To the extent MGA responds to an interrogatory, it does so

15  without waiving or intending to waive but rather, on the contrary, preserving and

16  intending to preserve, its contention that anything Mr. Bryant did on weekends,

17  evenings, vacation and any other time outside ordinary business hours was not done

18  while he was working for Mattel.  MGA's response may not be taken as an admission

19  that the information it provides in its response in any way reflects or evidences work

20  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

21  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

22  interrogatory.

23          17.    MGA objects to each of Mattel's interrogatories because Mattel

24  has propounded more than 50 interrogatories, including discrete subparts.  Under

25  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

26  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

27          18.    MGA's responses are made based on its understanding and

28  interpretation of each interrogatory.  MGA reserves the right to supplement its

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT ___α___

PAGE ___26___

1  objections and responses should Mattel subsequently put forth an interpretation of
2  any interrogatory that differs from those of MGA.
3  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**
4  Without waiving or departing from its General Response and General
5  Objections, and specifically incorporating them in its response to each Interrogatory
6  below, MGA makes the following additional objections and responses to specific
7  Interrogatories:
8  **INTERROGATORY NO. 42:**
9  State all facts that support YOUR contention, if YOU so contend, that
10  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT
11  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of
12  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.
13  **RESPONSE TO INTERROGATORY NO. 42:**
14  MGA incorporates by reference its General Response and General
15  Objections above, as though fully set forth herein and specifically incorporates
16  General Objection No. 7 (regarding Definitions), including without limitation
17  MGA's objection to the definition of the terms BASED ON, BRATZ DOLLS,
18  BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and further objects to
19  this interrogatory on the ground that it is overbroad, unduly burdensome, vague and
20  ambiguous.
21  MGA also objects to this interrogatory to the extent it seeks information
22  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
23  including without limitation the attorney-client privilege, the work product doctrine,
24  the right of privacy, and all other privileges recognized under the constitutional,
25  statutory or decisional law of the United States of America, the State of California or
26  any other applicable jurisdiction.  MGA objects to this interrogatory to the extent it
27  calls for a legal conclusion.
28  MGA further objects to this interrogatory on the ground that it is

EXHIBIT _____2_____

PAGE _____27_____

1          MGA further objects to this interrogatory because Mattel has

2  propounded more than 50 interrogatories.  Under Judge Larson's order of February

3  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

4  04049-SGL and CV 05-02727]."

5  **INTERROGATORY NO. 43:**

6          For each concept, design, product, product packaging or other matter

7  that YOU contend MATTEL copied or infringed, including but not limited to those

8  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

9  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

10  Supplemental Responses to such Interrogatory), state the date that each such concept,

11  design, product, product packaging or other matter was conceived, and IDENTIFY

12  all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

13  TO, the foregoing.

14  **RESPONSE TO INTERROGATORY NO. 43:**

15          MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including without limitation its

18  objections to the terms IDENTIFY and REFER OR RELATE.

19          MGA also objects to this interrogatory to the extent it seeks information

20  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

21  including without limitation the attorney-client privilege, the work product doctrine,

22  the right of privacy, and all other privileges recognized under the constitutional,

23  statutory or decisional law of the United States of America, the State of California or

24  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

25  extent it calls for a legal conclusion.

26          MGA also objects to this interrogatory on the ground that it is premature

27  because the invention, creation, conception, or reduction to practice of Bratz (and

28  related issues) will be the subject of expert testimony at trial.  MGA objects to this

1 | interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

2 | to introduce at trial.  MGA will identify its experts and make related disclosures in

3 | accordance with the Court's orders and applicable rules.

4 | MGA further objects to this interrogatory to the extent that it seeks

5 | information that is not relevant to the claims or defenses of any party to this action

6 | and is not reasonably calculated to lead to the discovery of admissible evidence; the

7 | term "conceived" is not a legal term of art that is relevant to MGA's affirmative

8 | claims for false designation of origin, affiliation, association or sponsorship, unfair

9 | competition, dilution, and unjust enrichment.

10 | MGA further objects to the extent that this interrogatory seeks

11 | information that is outside MGA's knowledge and is not in MGA's possession,

12 | custody, or control.  In particular, MGA objects to this interrogatory to the extent

13 | that it requests that MGA "IDENTIFY *all* PERSONS…and *all* DOCUMENTS"

14 | (emphasis added).

15 | MGA further objects to this interrogatory because Mattel has

16 | propounded more than 50 interrogatories.  Under Judge Larson's order of February

17 | 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

18 | 04049-SGL and CV 05-02727]."

19 | Subject to and without waiving the foregoing objections, MGA

20 | responds as follows:  MGA is willing to meet and confer with Mattel regarding this

21 | interrogatory and the obligation of Mattel to supplement its responses to MGA's First

22 | Set of Interrogatories.

23 | **INTERROGATORY NO. 44:**

24 | For each concept, design, product, product packaging or other matter

25 | that YOU contend MATTEL copied or infringed, including but not limited to those

26 | identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

27 | Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

28 | Supplemental Responses to such Interrogatory), state the date that each such concept,

1 | design, product, product packaging or other matter was first fixed in any tangible
2 | medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,
3 | and all DOCUMENTS that REFER OR RELATE TO, the foregoing.
4 | **RESPONSE TO INTERROGATORY NO. 44:**
5 | MGA incorporates by reference its General Response and General
6 | Objections above, as though fully set forth herein and specifically incorporates
7 | General Objection No. 7 (regarding Definitions), including without limitation its
8 | objections to the terms IDENTIFY and REFER OR RELATE. MGA also objects to
9 | this interrogatory to the extent it seeks information that is not subject to disclosure
10 | under any applicable privilege, doctrine or immunity, including without limitation
11 | the attorney-client privilege, the work product doctrine, the right of privacy, and all
12 | other privileges recognized under the constitutional, statutory or decisional law of
13 | the United States of America, the State of California or any other applicable
14 | jurisdiction. MGA also objects to this interrogatory to the extent that it calls for a
15 | legal conclusion.
16 | MGA also objects to this interrogatory on the ground that it is premature
17 | because the invention, creation, conception, or reduction to practice of Bratz (and
18 | related issues) will be the subject of expert testimony at trial. MGA objects to this
19 | interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
20 | to introduce at trial. MGA will identify its experts and make related disclosures in
21 | accordance with the Court's orders and applicable rules.
22 | MGA further objects to this interrogatory to the extent that it seeks
23 | information that is not relevant to the claims or defenses of any party to this action
24 | and not reasonably calculated to lead to the discovery of admissible evidence
25 | because the phrase "fixed in a tangible medium of expression" is a legal term of art
26 | that does not have relevance to MGA's affirmative claims, which are for false
27 | designation of origin, affiliation, association or sponsorship, unfair competition,
28 | dilution, and unjust enrichment.

12

EXHIBIT ____ 2 ____

PAGE ____ 30 ____

1    MGA further objects to the extent that this interrogatory seeks

2 information that is outside MGA's knowledge and is not in MGA's possession,

3 custody, or control. In particular, MGA objects to this interrogatory to the extent

4 that it requests that MGA "IDENTIFY all PERSONS...and all DOCUMENTS"

5 (emphasis added).

6    MGA further objects to this interrogatory because Mattel has

7 propounded more than 50 interrogatories. Under Judge Larson's order of February

8 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

9 04049-SGL and CV 05-02727]."

10    Subject to and without waiving the foregoing objections, MGA

11 responds as follows: MGA is willing to meet and confer with Mattel regarding this

12 interrogatory and the obligation of Mattel to supplement its responses to MGA's First

13 Set of Interrogatories.

14    AS TO OBJECTIONS ONLY:

15

16 DATED: November 15, 2007

17

18            SKADDEN, ARPS, SLATE, MEAGHER &
              FLOM, LLP

19            By: _____
20                 Thomas J. Nolan
              Attorneys for Counter-Defendants, MGA
21            ENTERTAINMENT, INC., ISAAC LARIAN,
              MGA ENTERTAINMENT (HK) LIMITED,
22            AND MGAE de MEXICO S.R.L. de C.V.

23

24

25

26

27

28

13

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)
201550-San Francisco Server 1A - MSW

EXHIBIT $\mathcal{B}$

PAGE _____ 31 _____

# EXHIBIT 3



1 | THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, CA  90071-3144
3 | Telephone:  (213) 687-5000
Facsimile:   (213) 687-5600
4 | E-mail:       tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
7 | Telephone:  (415) 984-6400
Facsimile:   (415) 984-2698
8 | E-mail:       rkennedy@skadden.com

9 | Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 | (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **EASTERN DIVISION**

14 | CARTER BRYANT, an individual | ) | CASE NO. CV 04-9049 SGL (RNBx)
| | )
15 | Plaintiff, | ) | Consolidated with Case No. 04-9059
| | ) | and Case No. 05-2727
16 | v. | )
| | ) | **MGA ENTERTAINMENT,**
17 | MATTEL, INC., a Delaware | ) | **INC.'S SUPPLEMENTAL**
corporation | ) | **RESPONSES TO MATTEL,**
| | ) | **INC.'S AMENDED FOURTH**
18 | Defendant. | ) | **SET OF INTERROGATORIES**
| | )
19 | | ) | Honorable Stephen G. Larson
| | ) | Courtroom 1
20 | | )
| | )
21 | | )
22 | Consolidated with MATTEL, INC. v. | ) | Discovery Cut-Off:  March 3, 2008
BRYANT and MGA | )
23 | ENTERTAINMENT, INC. v. | )
MATTEL, INC. | )
24 | | )

25 | **PROPOUNDING PARTY:    MATTEL, INC. ("MATTEL")**

26 | **RESPONDING PARTY:     MGA ENTERTAINMENT, INC.**

27 | **SET NUMBER:                 AMENDED FOURTH**

28 |

11/30

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3___

PAGE ___32___

# PRELIMINARY STATEMENT

1    The General Response set forth herein applies to all responses that
2    MGA Entertainment, Inc. ("MGA") is providing in response to these interrogatories
3    (the "Interrogatories") or may in the future provide in response to any discovery
4    request in this action.  The Response is made without waiving, or intending to waive
5    but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of
6    competency, privilege, relevancy or materiality, or any other proper grounds, to the
7    use of the Response, for any purpose in whole or in part, in any subsequent step or
8    proceeding in this action or any other action; (b) the right to object on any and all
9    grounds, at any time, to other interrogatories or other discovery procedures; and (c)
10   the right at any time to revise, correct, add to, or clarify any of the responses
11   propounded herein.

12   The Response reflects only the present state of MGA's discovery
13   regarding the information that Mattel seeks.  Discovery and other investigation or
14   research concerning this litigation are continuing.  It is anticipated that further
15   discovery, independent investigation, and legal research and analysis will supply
16   additional facts and meaning to the known facts, as well as establish entirely new
17   factual conclusions, all of which may lead MGA to discover other information
18   responsive to these Interrogatories.  MGA therefore reserves the right to amend or
19   supplement this Response at any time in light of future investigation, research or
20   analysis, and also expressly reserves the right to rely on, at any time, including trial,
21   subsequently discovered information omitted from this Response as a result of
22   mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or
23   acquiesce in any factual or legal contention, assertion or characterization contained
24   in the Interrogatories or any particular request therein, even where MGA has not
25   otherwise objected to a particular interrogatory, or has agreed to provide information
26   responsive to a particular interrogatory.

27   No incidental or implied admissions are intended by this Response.

1

EXHIBIT ___3___

PAGE ___33___

1   These responses should not be taken as an admission that MGA accepts or admits the

2   existence of any facts set forth or assumed by any instruction, definition or

3   interrogatory.

### GENERAL OBJECTIONS

5       MGA responds to these Interrogatories subject to the following general

6   objections and limitations, each of which is incorporated into each and every

7   response as though fully set forth therein:

8       1.      MGA objects to these Interrogatories to the extent they seek

9   information that is not subject to disclosure under any applicable privilege, doctrine

10  or immunity, including without limitation the attorney-client privilege, the work

11  product doctrine, the right of privacy, and all other privileges recognized under the

12  constitutional, statutory or decisional law of the United States of America, the State

13  of California or any other applicable jurisdiction.  MGA shall not produce such

14  information in response to Mattel's interrogatories.  Any disclosure of such protected

15  or privileged information is inadvertent and shall not be construed as a waiver of

16  those privileges or protections.  MGA reserves the right to correct the record with

17  regard to any such inadvertent disclosure, as provided for in the Protective Order

18  governing this case.

19      2.      MGA objects to these Interrogatories to the extent they seek

20  information not relevant to the claims or defenses of any party to this action and not

21  reasonably calculated to lead to the discovery of admissible evidence.

22      3.      MGA objects to these Interrogatories to the extent they seek

23  information which by reason of public filing or otherwise is already in Mattel's

24  possession or is readily accessible to Mattel.

25      4.      MGA objects to these Interrogatories to the extent they seek the

26  disclosure of information (1) not within its possession, custody or control; (2) that

27  MGA cannot locate after a reasonably diligent search; or (3) that refer to persons,

28  entities, or events not known to MGA.  Such instructions, definitions, or requests are

2

1   objectionable where they seek to require more of MGA than any obligation imposed

2   by the Federal Rules of Civil Procedure; subject MGA to unreasonable and undue

3   annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an

4   obligation to investigate or discover information or materials from sources equally

5   accessible to Mattel.

6           5.      MGA objects to these Interrogatories to the extent they are

7   overbroad and unduly burdensome.

8           6.      MGA objects to the definitions and instructions to the extent such

9   definitions and instructions purport to enlarge, expand, or alter in any way the plain

10  meaning and scope of any specific term or specific interrogatories on the ground that

11  such enlargement, expansion, or alteration renders such a term or request vague,

12  ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

13          7.      MGA objects to the terms YOU, YOUR, BRYANT, LARIAN,

14  MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

15  BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ

16  MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE

17  TO on the grounds that these terms render the interrogatories overbroad, unduly

18  burdensome, vague and ambiguous and to the extent that they could be read to call

19  for legal conclusions in responding to the interrogatories, including, by way of

20  example and without limitation, as follows:

21          (a)     MGA objects to the definition of the term "BRATZ"

22  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

23  designed to mislead and confuse the trier of fact. The definition includes "any

24  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

25  or in part and regardless of what such project, product or doll is or has been also,

26  previously or subsequently called) and any product, doll or DESIGN or any portion

27  thereof that is now or has ever been known as, or sold or marketed under, the name

28  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

3

EXHIBIT ___3___

PAGE ___35___

1    or DESIGN or portion thereof is or has been also, previously or subsequently called)

2    or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

3    version or iteration of such product, doll or DESIGN or any portion thereof," and it

4    goes on.  By incorporating the definition of DESIGN, the overly broad definition of

5    BRATZ includes two-dimensional and three-dimensional representations, including

6    "works, designs, artwork, sketches, drawings, illustrations, representations,

7    depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

8    samples, rotocasts, reductions to practice, developments, inventions and/or

9    improvements . . . ."  (Definitions ¶ 8.)  These convoluted and multi-part definitions

10   combine to render the interrogatories vague, ambiguous and overly broad, and to

11   include within the term BRATZ things that do not fairly represent the Bratz line of

12   dolls, accessories and related products that are the subject of this case.  In responding

13   to these interrogatories, MGA will interpret the term BRATZ to mean the line of

14   dolls introduced by MGA to the market for sale in May or June of 2001 and

15   subsequent dolls, accessories and other products known as Bratz or associated by

16   MGA with the Bratz line of dolls;

17              (b)    MGA objects to the definition of the term "BRATZ

18   DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

19   burdensome, and designed to mislead and confuse the trier of fact.  The definition

20   includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

21   the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

22   "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,

23   what dolls may "deal with, comment on, respond to, . . . or pertain" (Definitions ¶

24   17) to "BRATZ."  In responding to these interrogatories, MGA will interpret the

25   term "BRATZ DOLL" to mean the line of dolls introduced by MGA to the market

26   for sale in May or June of 2001 and subsequent dolls known as Bratz;

27              (c)    MGA objects to the definition of the term "BASED ON" as

28   vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

4

1  and confuse the trier of fact.  The definition strays far from the English meaning of

2  "based on" by including terms loaded with legal significance in intellectual property

3  law, such as "substantially similar to," or "a derivative of."  In responding to these

4  interrogatories, MGA will not interpret the term "BASED ON," but rather will

5  respond using "based on" in its normal accepted meaning.

6           (d)     MGA objects to the terms "IDENTIFY" or "IDENTITY"

7  as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's

8  definition of these terms inherently call for answers to multiple discrete questions or

9  subparts to questions.  For example, when those terms are used to reference any

10  BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct

11  facts: (a) the full name of the product; (b) the number of the product; (c) the SKU of

12  the number; (d) any other applicable designation of the product useful for

13  identification; (e) the period of time during which the product was, has been, or will

14  be sold; and (f) the identity of each person who has licensed from YOU the right to

15  sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or

16  incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

17  should be posed as separate interrogatories.

18           (e)     MGA objects to the term "any" and "REFER OR RELATE

19  TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

20  and/or are vague and ambiguous in the context of the interrogatories as written and

21  as those interrogatories would be plainly understood absent Mattel's definitions.

22       8.     MGA objects to these interrogatories to the extent that they may

23  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

24  been completed and MGA is not yet necessarily in possession of all the facts and

25  documents upon which MGA intends to rely.  All of the responses submitted

26  herewith are tendered to Mattel with the reservation that the responses are submitted

27  without limiting the evidence on which MGA may rely to support the contentions

28  and defenses that MGA may assert at the trial of this action and to rebut or impeach

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4 TH SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3___

PAGE ___37___

1  the contentions, assertions and evidence that Mattel may present. MGA reserves the
2  right to supplement or amend these responses at a future date.

3          9.      MGA objects to each interrogatory to the extent that it seeks
4  information that will be the subject of expert witness testimony and that is therefore
5  premature.

6          10.     In responding to these interrogatories, MGA has not and will not
7  comply with any instructions or definitions that seek to impose requirements in
8  addition to those imposed by the Federal Rules of Civil Procedure and any applicable
9  local rule, any orders entered by the Court in this Action, or other applicable law.

10         11.     Consistent with Rule 33(d) of the Federal Rules of Civil
11 Procedure, MGA objects to providing responses to interrogatories that can be
12 derived from documents that have or will be produced (when requested in
13 compliance with Rule 26) and where the burden to derive such information is
14 substantially the same for Mattel as it is for MGA.

15         12.     MGA objects to each interrogatory to the extent that it seeks the
16 disclosure of confidential, proprietary, or trade-secret information.

17         13.     MGA objects to each interrogatory to the extent that it calls for a
18 legal conclusion.

19         14.     MGA objects to several of those interrogatories that appear to be
20 directed at other parties to the litigation and not to MGA, given the nature of the
21 claims asserted against MGA in this case.

22         15.     MGA reserves the right to object on any ground at any time to
23 such other or supplemental discovery requests as Mattel may propound involving or
24 relating to the same subject matter of these interrogatories.

25         16.     To the extent MGA responds to an interrogatory, it does so
26 without waiving or intending to waive but rather, on the contrary, preserving and
27 intending to preserve, its contention that anything Mr. Bryant did on weekends,
28 evenings, vacation and any other time outside ordinary business hours was not done

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4 TH SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3___

PAGE ___38___

1   while he was working for Mattel.  MGA's response may not be taken as an admission

2   that the information it provides in its response in any way reflects or evidences work

3   performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

4   agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

5   interrogatory.

6          17.    MGA objects to each of Mattel's interrogatories because Mattel

7   has propounded more than 50 interrogatories, including discrete subparts.  Under

8   Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

9   side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

10         18.    MGA's responses are made based on its understanding and

11  interpretation of each interrogatory.  MGA reserves the right to supplement its

12  objections and responses should Mattel subsequently put forth an interpretation of

13  any interrogatory that differs from those of MGA.

14  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

15         Without waiving or departing from its General Response and General

16  Objections, and specifically incorporating them in its response to each Interrogatory

17  below, MGA makes the following additional objections and responses to specific

18  Interrogatories:

19  **INTERROGATORY NO. 42:**

20         State all facts that support YOUR contention, if YOU so contend, that

21  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

22  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

23  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

24  **RESPONSE TO INTERROGATORY NO. 42:**

25         MGA incorporates by reference its General Response and General

26  Objections above, as though fully set forth herein and specifically incorporates

27  General Objection No. 7 (regarding Definitions), including without limitation

28  MGA's objection to the definition of the terms BASED ON, BRATZ DOLLS,

7

EXHIBIT ___3___

PAGE ___39___

1  of expert disclosures and will be provided at a later time.

2          With respect to any design relating to the Bratz concept that Carter

3  Bryant may have contributed after October 4, 2000 and before October 21, 2000, i.e.,

4  during a period that he was performing such services for MGA pursuant to a

5  freelance contract, MGA notes that any such design would have incorporated the

6  original and/or creative input of other artists working for or on behalf of MGA on the

7  Bratz concept, which was owned by MGA as a consequence of the October 4, 2000

8  transfer of rights from Bryant to MGA.  In addition, the first generation of Bratz

9  dolls, and all subsequent Bratz dolls, are not substantially similar to, derivative of,

10  and/or a copy of any work performed or created by Carter Bryant from October 4-

11  October 20, 2000.

12          The following persons have knowledge of said facts: Isaac Larian;

13  Carter Bryant; Margaret Leahy; Veronica Marlow; Anna Rhee; Mercedeh Ward;

14  Sarah Halpern; Paula Treantafelles (Garcia); Steve Tarmichael; Rebecca Harris;

15  Cecilia Kwok; David Dees; Jesse Ramirez; and Samuel Wong.

16          The following documents may be relevant to these facts:  all

17  DOCUMENTS that refer to or evidence the work performed by MGA employees

18  and freelancers toward the reduction to practice of the first generation of Bratz dolls

19  during the period after October 20, 2000 through June 1, 2001, including but not

20  limited to: Carter Bryant's drawings; the Bratz dolls; My Scene dolls;

21  DOCUMENTS evidencing the development of the first generation of Bratz dolls by

22  employees and freelance artists working for MGA; and invoices submitted by

23  freelancers for work performed on the Bratz Project.  The documents evidencing this

24  work are too numerous to identify individually.

25  **INTERROGATORY NO. 43:**

26          For each concept, design, product, product packaging or other matter

27  that YOU contend MATTEL copied or infringed, including but not limited to those

28  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

12

EXHIBIT ___3___

PAGE ___4/0___

1 | Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
2 | Supplemental Responses to such Interrogatory), state the date that each such concept,
3 | design, product, product packaging or other matter was conceived, and IDENTIFY
4 | all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE
5 | TO, the foregoing.

6 | **RESPONSE TO INTERROGATORY NO. 43:**

7 | MGA incorporates by reference its General Response and General
8 | Objections above, as though fully set forth herein and specifically incorporates
9 | General Objection No. 7 (regarding Definitions), including without limitation its
10 | objections to the terms IDENTIFY and REFER OR RELATE.

11 | MGA also objects to this interrogatory to the extent it seeks information
12 | that is not subject to disclosure under any applicable privilege, doctrine or immunity,
13 | including without limitation the attorney-client privilege, the work product doctrine,
14 | the right of privacy, and all other privileges recognized under the constitutional,
15 | statutory or decisional law of the United States of America, the State of California or
16 | any other applicable jurisdiction. MGA further objects to the interrogatory to the
17 | extent it calls for a legal conclusion.

18 | MGA also objects to this interrogatory on the ground that it is premature
19 | because the invention, creation, conception, or reduction to practice of Bratz (and
20 | related issues) will be the subject of expert testimony at trial. MGA objects to this
21 | interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
22 | to introduce at trial. MGA will identify its experts and make related disclosures in
23 | accordance with the Court's orders and applicable rules.

24 | MGA further objects to this interrogatory to the extent that it seeks
25 | information that is not relevant to the claims or defenses of any party to this action
26 | and is not reasonably calculated to lead to the discovery of admissible evidence; the
27 | term "conceived" is not a legal term of art that is relevant to MGA's affirmative
28 | claims for false designation of origin, affiliation, association or sponsorship, unfair

13

EXHIBIT ___3___

PAGE ___4/1___

1  competition, dilution, and unjust enrichment.

2      MGA further objects to the extent that this interrogatory seeks

3  information that is outside MGA's knowledge and is not in MGA's possession,

4  custody, or control.  In particular, MGA objects to this interrogatory to the extent

5  that it requests that MGA "IDENTIFY *all* PERSONS…and *all* DOCUMENTS"

6  (emphasis added).

7      MGA further objects to this interrogatory because Mattel has

8  propounded more than 50 interrogatories.  Under Judge Larson's order of February

9  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

10  04049-SGL and CV 05-02727]."

11      Subject to and without waiving the foregoing objections, MGA

12  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

13  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

14  Set of Interrogatories.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 43:**

16      MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including without limitation its

19  objections to the terms IDENTIFY and REFER OR RELATE.

20      MGA also objects to this interrogatory to the extent it seeks information

21  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

22  including without limitation the attorney-client privilege, the work product doctrine,

23  the right of privacy, and all other privileges recognized under the constitutional,

24  statutory or decisional law of the United States of America, the State of California or

25  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

26  extent it calls for a legal conclusion.

27      MGA also objects to this interrogatory on the ground that it is premature

28  because the invention, creation, conception, or reduction to practice of Bratz (and

EXHIBIT __3__

PAGE __42__

1 related issues) will be the subject of expert testimony at trial. MGA objects to this

2 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

3 to introduce at trial. MGA will identify its experts and make related disclosures in

4 accordance with the Court's orders and applicable rules.

5        MGA further objects to this interrogatory to the extent that it seeks

6 information that is not relevant to the claims or defenses of any party to this action

7 and is not reasonably calculated to lead to the discovery of admissible evidence; the

8 term "conceived" is not a legal term of art that is relevant to MGA's affirmative

9 claims for false designation of origin, affiliation, association or sponsorship, unfair

10 competition, dilution, and unjust enrichment.

11        MGA further objects to the extent that this interrogatory seeks

12 information that is outside MGA's knowledge and is not in MGA's possession,

13 custody, or control. In particular, MGA objects to this interrogatory to the extent

14 that it requests that MGA "IDENTIFY *all* PERSONS…and *all* DOCUMENTS"

15 (emphasis added).

16        Subject to and without waiving the foregoing objections, MGA

17 responds as follows:

18        MGA incorporates by reference its response to Interrogatory No. 3 of

19 Mattel's First Set of Interrogatories re Claims of Unfair Competition (including

20 supplemental responses thereto) as though fully set forth herein. MGA notes that, in

21 general, at MGA, product development is completed 7-8 months before the first

22 invoice date, although that time period could be reduced in certain situations to 5-6

23 months.

24 **INTERROGATORY NO. 44:**

25        For each concept, design, product, product packaging or other matter

26 that YOU contend MATTEL copied or infringed, including but not limited to those

27 identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

28 Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

15

EXHIBIT __3__

PAGE __43__

1  Supplemental Responses to such Interrogatory), state the date that each such concept,

2  design, product, product packaging or other matter was first fixed in any tangible

3  medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

4  and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

5  **RESPONSE TO INTERROGATORY NO. 44:**

6       MGA incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including without limitation its

9  objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to

10  this interrogatory to the extent it seeks information that is not subject to disclosure

11  under any applicable privilege, doctrine or immunity, including without limitation

12  the attorney-client privilege, the work product doctrine, the right of privacy, and all

13  other privileges recognized under the constitutional, statutory or decisional law of

14  the United States of America, the State of California or any other applicable

15  jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a

16  legal conclusion.

17       MGA also objects to this interrogatory on the ground that it is premature

18  because the invention, creation, conception, or reduction to practice of Bratz (and

19  related issues) will be the subject of expert testimony at trial.  MGA objects to this

20  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

21  to introduce at trial.  MGA will identify its experts and make related disclosures in

22  accordance with the Court's orders and applicable rules.

23       MGA further objects to this interrogatory to the extent that it seeks

24  information that is not relevant to the claims or defenses of any party to this action

25  and not reasonably calculated to lead to the discovery of admissible evidence

26  because the phrase "fixed in a tangible medium of expression" is a legal term of art

27  that does not have relevance to MGA's affirmative claims, which are for false

28  designation of origin, affiliation, association or sponsorship, unfair competition,

16

EXHIBIT ___3___

PAGE ___44___

1  dilution, and unjust enrichment.

2  MGA further objects to the extent that this interrogatory seeks

3  information that is outside MGA's knowledge and is not in MGA's possession,

4  custody, or control.  In particular, MGA objects to this interrogatory to the extent

5  that it requests that MGA "IDENTIFY all PERSONS...and all DOCUMENTS"

6  (emphasis added).

7  MGA further objects to this interrogatory because Mattel has

8  propounded more than 50 interrogatories.  Under Judge Larson's order of February

9  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

10  04049-SGL and CV 05-02727]."

11  Subject to and without waiving the foregoing objections, MGA

12  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

13  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

14  Set of Interrogatories.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 44:**

16  MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including without limitation its

19  objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to

20  this interrogatory to the extent it seeks information that is not subject to disclosure

21  under any applicable privilege, doctrine or immunity, including without limitation

22  the attorney-client privilege, the work product doctrine, the right of privacy, and all

23  other privileges recognized under the constitutional, statutory or decisional law of

24  the United States of America, the State of California or any other applicable

25  jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a

26  legal conclusion.

27  MGA also objects to this interrogatory on the ground that it is premature

28  because the invention, creation, conception, or reduction to practice of Bratz (and

17

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4 TH SET OF ROGS              NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3___

PAGE ___45___

1  related issues) will be the subject of expert testimony at trial. MGA objects to this

2  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

3  to introduce at trial. MGA will identify its experts and make related disclosures in

4  accordance with the Court's orders and applicable rules.

5      MGA further objects to this interrogatory to the extent that it seeks

6  information that is not relevant to the claims or defenses of any party to this action

7  and not reasonably calculated to lead to the discovery of admissible evidence

8  because the phrase "fixed in a tangible medium of expression" is a legal term of art

9  that does not have relevance to MGA's affirmative claims, which are for false

10  designation of origin, affiliation, association or sponsorship, unfair competition,

11  dilution, and unjust enrichment.

12      MGA further objects to the extent that this interrogatory seeks

13  information that is outside MGA's knowledge and is not in MGA's possession,

14  custody, or control. In particular, MGA objects to this interrogatory to the extent

15  that it requests that MGA "IDENTIFY all PERSONS...and all DOCUMENTS"

16  (emphasis added).

17      Subject to and without waiving the foregoing objections, MGA

18  responds as follows:

19

20

21

22

23

24

25

26

27

28

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS            NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3___

PAGE ___46___

1        MGA incorporates by reference its responses to Interrogatory No. 3 of

2    Mattel's First Set of Interrogatories re Claims of Unfair Competition (including

3    supplemental responses thereto) and Interrogatory No. 43 (including supplemental

4    responses thereto) as though fully set forth herein.

5    DATED:  November 30, 2007

6

7                            SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

8

9                            By: _____

10                                 Thomas J. Nolan
                             Attorneys for Counter-Defendants, MGA

11                           ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LTD., and MGAE de MEXICO S.R.L.de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS        NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3___

PAGE ___47___

# EXHIBIT 4



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6   Facsimile: (213) 443-3100

7   Attorneys for Mattel, Inc.

8               UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

12              Plaintiff,               Consolidated with Case Nos. CV 04-09059
                                         and CV 05-02727
13      vs.
                                         **DISCOVERY MATTER**
14  MATTEL, INC., a Delaware
15  corporation,                         **[To Be Heard By Discovery Master Hon.
                                         Edward Infante (Ret.) Pursuant To The
16              Defendant.               Court's Order Of December 6, 2006]**

17  _____     MATTEL, INC.'S NOTICE OF MOTION
                                         AND MOTION TO COMPEL RESPONSES
18  AND CONSOLIDATED ACTIONS.            TO INTERROGATORIES (NOS. 27, 28,
                                         29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40,
19                                       41, 42, 43, 44, 46, 47, 48, 49 AND 50) BY
                                         THE MGA PARTIES; AND
20
                                         MEMORANDUM OF POINTS AND
21                                       AUTHORITIES

22                                       [Declaration of B. Dylan Proctor and
                                         Separate Statement filed concurrently]
23
                                         Hearing Date:     TBD
24                                       Time:             TBD
                                         Place:            TBD
25
                                         Phase 1:
26                                       Discovery Cut-off:      January 28, 2008
                                         Pre-trial Conference:   May 5, 2008
27                                       Trial Date:             May 27, 2008

28

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at a hearing before Discovery Master

3    Hon. Edward Infante (Ret.) that will occur on a date and at a time and place to be

4    determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,

5    move the Court to (1) overrule the objections of MGA Entertainment, Inc., MGA

6    Hong Kong, MGAE de Mexico S.R.L. de C.V. and Isaac Larian (collectively

7    "MGA") in their responses to Mattel's Revised Third, Amended Fourth, Fifth and

8    Seventh Sets of Interrogatories, and (2) compel those parties to answer completely

9    Interrogatory Nos. 27-44 and 46-50.

10         This Motion is made pursuant to Federal Rules of Civil Procedure 26,

11   33(b)(5) and 37(a) on the grounds that Mattel's Interrogatories seek discoverable

12   information and MGA's objections lack merit.

13         This Motion is based on this Notice of Motion and Motion, the

14   accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan

15   Proctor and Separate Statement filed concurrently, the records and files of this

16   Court, and all other matters of which the Court may take judicial notice.

17              **Statement of Rule 37-1 Compliance**

18         The parties met and conferred regarding MGA's Responses to Mattel's

19   Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of Interrogatories on

20   December 10, 2007 and at times thereafter.

21

22   DATED: December 20, 2007          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
23

24                                    By  B. Dylan Proctor /hm
25                                        B. Dylan Proctor
                                          Attorneys for Plaintiff
26

27

28

07209/2326618.5

                                        -2-                  Case No. CV 04-9049 SGL (RNBx)
                      MATTEL, INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

EXHIBIT _____

PAGE _____ 49

1

## TABLE OF CONTENTS

2                                                                                      **Page**

3

4   MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

5   PRELIMINARY STATEMENT .................................................................. 1

6   BACKGROUND ........................................................................................ 4

7   ARGUMENT ............................................................................................. 9

8   I.    MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS
          INTERROGATORIES ....................................................................... 9

9   II.   MGA'S OBJECTIONS SHOULD BE OVERRULED ................................. 10

10        A.    MGA's Boilerplate Objections Lack Merit ................................. 10

11        B.    MGA's Objections to Interrogatories Requesting "All Facts" ............. 12

12  III.  MGA SHOULD BE COMPELLED TO PROVIDE COMPLETE
          RESPONSES TO MATTEL'S INTERROGATORIES ............................... 18

13

14        A.    Mattel's Interrogatories About The Identity Of Bratz Inventions ........ 18

15        B.    Mattel's Interrogatory About The Identity Of Former Mattel
                Employees Hired By MGA ...................................................... 22

16        C.    Mattel's Interrogatories Seeking Dates On Which The Products
17              MGA Alleges Were Copied or Infringed Originated ....................... 23

18        D.    Mattel's Interrogatories About The Trade Dress MGA Claims
                Mattel Products Infringe ........................................................ 24

19        E.    Mattel's Interrogatory About The Identity of MGA's Bank
20              Accounts ........................................................................... 25

21        F.    Mattel's Contention Interrogatories ......................................... 29

22        G.    Mattel's Interrogatories About MGA's Searches For Documents
                And Storage Devices Containing Evidence Of Early Work On
23              Bratz ............................................................................... 32

24        H.    Mattel's Interrogatory Regarding MGA's Substitution of Counsel ...... 36

25  CONCLUSION ........................................................................................ 39

26

27

28

EXHIBIT ___4___

PAGE ___50___

## TABLE OF AUTHORITIES

**Page**

### Cases

Adams v. Murakami,
    54 Cal. 3d 105 (1991)....................................................................... 27

Ameriwood Industries v. Liberman,
    2006 WL 3825291 (E.D. Mo. 2006) .................................................. 34

Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
    1995 WL 625953 (D. Kan. 1995)....................................................... 14

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
    2006 WL 3253636 (N.D. Ill. 2006)............................................... 13, 18

Bessier v. Precise Tool & Eng'g Co., Inc.,
    778 F. Supp. 1509 (W.D. Mo. 1991)................................................. 27

Blowers v. Lawyers Co-op. Pub. Co.,
    1982 WL 221 (W.D.N.Y. 1982)......................................................... 38

Britton v. Car Toys, Inc.,
    2007 WL 1395290 (D. Colo. 2007) ................................................... 27

Chapman v. California Dept. of Education,
    2002 WL 32854376 (N.D. Cal. 2002)........................................... 14, 17

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
    1989 WL 92038 (E.D.N.Y. 1989) ...................................................... 11

Dang v. Cross,
    2002 WL 432197 (C.D. Cal. 2002) .................................................... 13

Gaeta v. Perrigo Pharmaceuticals Co.,
    2007 WL 3343043 (N.D. Cal. 2007)................................................... 17

Garcia v. City of El Centro,
    214 F.R.D. 587 (S.D. Cal. 2003) ....................................................... 37

George v. Siemens Indus. Automation, Inc.,
    182 F.R.D. 134 (D.N.J. 1998) ........................................................... 38

In re Grand Jury Investigation,
    974 F.2d 1068 (9th Cir. 2002)........................................................... 37

Josephs v. Harris Corp.,
    677 F.2d 985 (3d Cir. 1982) ................................................. 14, 17, 21

King v. E.F. Hutton & Co.,
    117 F.R.D. 2 (D.D.C. 1987) .............................................................. 11

EXHIBIT 4
PAGE 51

1   King v. Georgia Power Co.,
2       50 F.R.D. 134 (N.D. Ga. 1970) ............................................................ 15

    Lawrence v. First Kansas Bank & Trust, Co.,
3       169 F.R.D. 657 (D. Kan. 1996) ............................................................ 14

4   Miller v. National School of Health Technology,
5       73 F.R.D. 628 (E.D. Pa. 1977) ...................................................... 10, 18

6   Mitchell v. National R.R. Passenger Corp.,
        208 F.R.D. 455 (D.D.C. 2002) ............................................................ 11

7   Morgan v. Woessner,
8       997 F.2d 1244 (9th Cir. 1993) ............................................................ 26

9   Nagele v. Electronic Data Systems Corp.,
        193 F.R.D. 94 (W.D.N.Y. 2000) ......................................................... 10

10  North Dakota Fair Housing Council, Inc. v. Allen,
11      298 F. Supp. 2d 897 (D.N.D. 2004) ..................................................... 27

12  Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,
        120 F.R.D. 504 (W.D. La. 1988) ......................................................... 37

13  Oakes,
14      179 F.R.D. at 286 .............................................................................. 26

15  Pension Ben. Guar. Corp v. Ziffer,
        1994 WL. 11654 (N.D. Ill. 1994) ....................................................... 14

16  Playboy Enterprises, Inc. v. Welles,
17      60 F. Supp. 2d 1050 (S.D. Cal. 1999) ................................................. 34

18  Ramirez v. Nicholson,
        2007 WL. 2990283 (S.D. Cal. 2007) .................................................... 9

19  Roesberg v. Johns-Manville Corp.,
20      85 F.R.D. 292 (E.D. Pa. 1980) .................................................. 10, 21, 35

21  Safeco of Am. v. Rawstron,
        181 F.R.D. 441 (C.D. Cal. 1998) ................................................... 14, 16

22  Seff v. General Outdoor Advertising Co.,
23      11 F.R.D. 597 (N.D. Ohio 1951) ......................................................... 15

24  Simons Prop. Group L.P. v. Simon, Inc.,
        194 F.R.D. 639 (S.D. Ind. 2000) ......................................................... 34

25  Tennison v. San Francisco,
26      226 F.R.D. 615 (N.D. Cal. 2005) ........................................................ 13

27  Thomas & Betts Corp. v. Panduit Corp.,
        1996 WL. 169389 (N.D. Ill. 1996) ...................................................... 18

28

EXHIBIT ___

PAGE ___ 52

| | | |
|---|---|---|
| 1 | Trane Co. v. Klutznick,<br>87 F.R.D. 473 (W.D. Wis. 1980) | 9, 18 |
| 2 | Twigg v. Pilgrim's Pride Corp.,<br>2007 WL. 676208 (N.D. W. Va. 2007) | 13 |
| 3 | | |
| 4 | U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,<br>2000 WL. 307470 (C.D. Cal. 2000) | 26 |
| 5 | Upjohn Co. v. United States,<br>449 U.S. 383 (1981) | 37 |
| 6 | | |
| 7 | Walker v. Lakewood Condominium Owners Ass'n,<br>186 F.R.D. 584 (C.D. Cal. 1999) | 14, 17, 21 |
| 8 | Williams v. The Art Inst. of Atl.,<br>2006 WL. 3694649 (N.D. Ga. 2006) | 13 |
| 9 | | |
| 10 | Wilson v. Thompson/Center Arms Co.,<br>2006 WL. 3524250 (E.D. La. 2006) | 13 |
| 11 | | |
| 12 | Wright v. Touhy,<br>2003 WL. 22439864 (N.D. Ill. 2003) | 15 |
| 13 | Zapata v. IBP, Inc.,<br>1997 WL. 122588 (D. Kan. 1997) | 13 |
| 14 | | |

### Statutes

| | | |
|---|---|---|
| 16 | Fed. R. Civ. P. 26(b)(1) | 9, 15, 33 |
| 17 | Fed. R. Civ. P. 30(b)(6) | 27, 28, 29 |
| 18 | Fed. R. Civ. P. 33 | 9 |
| 19 | Fed. R. Civ. P. 33(a)(2) | 11 |
| 20 | Fed. R. Civ. P. 33(b)(4) | 10 |
| 21 | Fed. R. Civ. P. 34(a) | 33 |
| 22 | Fed. R. Civ. P. 69(a) | 27, 28 |

### Other Authorities

| | |
|---|---|
| 8A Wright & Miller, supra, § 2174 | 21 |
| California Rule of Professional Conduct 3-700(c) | 38 |
| Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1734 (Rutter's Group 2007) | 11 |
| Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174 | 15 |

EXHIBIT ___

PAGE ___ 53

1     Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970).................. 37

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 4
PAGE 54

1
2                    **MEMORANDUM OF POINTS AND AUTHORITIES**
3
4                              **Preliminary Statement**
5              The responses of the MGA Parties to Mattel's Revised Third, Amended
6    Fourth, Fifth and Seventh Sets of Interrogatories are woefully deficient.  Though
7    MGA provides partial answers for most interrogatories, all the responses are
8    significantly limited.  Among other things, MGA has confirmed that each of these
9    partial responses merely lays out the "basic facts" on which it intends to rely, and no
10   details, and in many cases the responses are limited because MGA unilaterally
11   disregarded the definitions in Mattel's requests.  Although MGA has promised to
12   provided supplemental responses in several weeks, it refuses to commit to provide
13   complete responses, will not specify what interrogatories it intends to supplement,
14   and has made clear that it will not supplement its responses (or non-responses) to
15   many of Mattel's interrogatories.  MGA refuses to provide any response at all to
16   some of Mattel's interrogatories.  Accordingly, MGA's objections and limitations
17   should be overruled and it should be compelled to provide full and complete
18   responses to Mattel's interrogatories.[1]
19             The interrogatories at issue go to central issues in the case, primarily
20   MGA's contentions on key points in dispute.  In particular, the Interrogatories
21   cover:
22
23
24
     _____
25       [1]  Because the responses of MGA Entertainment, Inc., MGA Hong Kong,
26   MGAE de Mexico S.R.L. de C.V. and Isaac Larian are substantially similar in most
     cases, they will be treated jointly except where it is necessary to distinguish their
27   various responses.
28

07209/2326618.5                                              -1-                    Case No. CV 04-9049 SGL (RNBx)
                                        MATTEL INC'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

EXHIBIT _____

PAGE ____ SS

1     •     MGA's contentions regarding which Bratz inventions were created

2 before, during and after Carter Bryant's Mattel employment;[2]

3     •     the identity of electronic storage devices MGA used prior to 2002 for

4 digital information related to Bratz;[3]

5     •     the identity of the sources of information from which MGA has

6 collected documents in this litigation which relate to Bratz and the time

7 period prior to February 28, 2001;[4]

8     •     the facts allegedly supporting MGA's contention that the Bratz dolls are

9 not based on designs Bryant created while employed by Mattel;[5]

10     •     MGA's contentions on central issues about Mattel's claims against

11 MGA, Bryant and others, including how Carter Bryant's Inventions

12 Agreement with Mattel and his assignment of rights to Bratz inventions to

13 MGA and services with or for MGA while employed by Mattel affect who

14 owns the rights to Bratz inventions, and the alleged basis for MGA's claims

15 that it purportedly acted with innocent intent;[6]

16     •     the identity of MGA's bank or financial accounts;[7]

17     •     the identity of former Mattel employees that have been employed by

18    MGA;[8]

19

20

21

22   [2] Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-

23 10 (Nos. 27, 28, 29), Proctor Dec., Exh. 7.
  [3] Id. at 13 (No. 40).

24   [4] Id. at 9 (No. 47).

25   [5] Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7
(No. 42), Proctor Dec., Exh. 9.

26   [6] Id. at 10-12 (Nos. 30-38).

27   [7] Id. at 13 (No. 39).
  [8] Id. at 13 (No. 41).

28

EXHIBIT

PAGE _____ 56

1 • relevant, non-privileged facts concerning the dispute leading to the
2 withdrawal of MGA's prior counsel that relate to MGA's handling of
3 discovery in this case;[9]

4 • the facts supporting key contentions relating to MGA's claims against
5 Mattel, including MGA's contentions that Mattel has copied, infringed or
6 diluted MGA's trade dress;[10] and

7 • the relevant dates regarding the products MGA asserts Mattel has
8 copied or infringed;[11]

9 MGA has already conceded that Mattel is entitled to responses for most
10 of these interrogatories -- it has already provided a partial response to all but Nos.
11 39, 46 and 47. It has also promised to provide supplemental responses in January.
12 However, MGA refuses to provide full and complete answers to disclose in detail
13 the facts that support its various contentions; narrowly and artificially limits its
14 responses by ignoring Mattel's definitions; and refuses to identify the documents on
15 which it relies with any specificity. Those refusals are unfounded. Mattel's
16 interrogatories address MGA's own contentions on central issues relating to both
17 Mattel's claims and MGA's claims and other crucial matters. Fully responding to
18 Mattel's interrogatories will undoubtedly require some effort, but there is nothing
19 "undue" about that burden in this major, high stakes litigation. MGA's objections
20 should be overruled, and it should be compelled to provide complete responses to
21 Interrogatory Nos. 27-44 and 46-50.[12]

22

---

23 [9] Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9 (No. 46),
24 Proctor Dec., Exh. 10.
25 [10] Mattel's Seventh Set of Interrogatories, dated October 25, 2007, at 7
(Nos. 48-50), Proctor Dec., Exh. 12.
26 [11] Id. at 7-8 (Nos. 43, 44).
27 [12] As one of its many objections, MGA claims in its responses that Mattel has
purportedly exceeded the fifty interrogatory limit set by the Court. See, e.g., MGA
28 (footnote continued)

EXHIBIT _4_

PAGE _57_

1                                    **Background**

2              Mattel's Third Set of Interrogatories.   On June 7, 2007, Mattel served

3    its Third Set of Interrogatories on four Defendants — MGA Entertainment, Inc.

4    ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian and

5    Carter Bryant — asking each of them the same nineteen questions.[13]   Rather than

6    respond, each Defendant served only objections on July 9, 2007, and refused to

7    withdraw any of their boilerplate objections during the parties' meet and confer.[14]

8    Defendants then filed a motion for protective order, claiming that Mattel had

9    exceeded the fifty "per side" interrogatory limit established by the Court.[15]   On

10   July 17, 2007, Mattel moved to compel responses.[16]

11

12   _____

13   Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Fifth Set of
14   Interrogatories, dated November 19, 2007, at 8, Proctor Dec., Exh. 15. This
     objection is clearly erroneous and directly contravenes the Discovery Master's
15   September 5, 2007 Order, which provided that an interrogatory that asks a defendant
16   to "state all facts," "identify all persons with knowledge of such facts," and "identify
     all documents" counts as a single interrogatory. Order Granting Joint Motion for
17   Protective Order, dated September 5, 2007, at 5-7, Proctor Dec., Exh. 33. In any
18   case, during the meet and confer process, counsel for MGA represented to Mattel
     that MGA is *not* refusing to respond to any of Mattel's interrogatories based on this
19   objection. See Letter from B. Dylan Proctor to Timothy A. Miller, dated
20   December 13, 2007, at 1, Proctor Dec., Exh. 5. Based on that representation, Mattel
     does not address it further in this motion.
21      [13]   Mattel's Third Set of Interrogatories, dated June 7, 2007, Proctor Dec.,
22   Exh. 34.
        [14]   MGA's Objections and Responses to Mattel's Third Set of Interrogatories,
23   dated July 9, 2007, Proctor Dec., Exh. 35. The other Defendants' objections are
24   substantively similar to MGA's.
        [15]   Defendants' Joint Motion for Protective Order Regarding Mattel's
25   Interrogatories, dated July 10, 2007, Proctor Dec., Exh. 36.
        [16]   Mattel's Motion to Compel Responses to Interrogatories (Third Set) By
26   MGA Entertainment, Inc., Isaac Larian, Carter Bryant and MGA Entertainment
27   (HK) Ltd, dated July 17, 2007, Proctor Dec., Exh. 37.
28

1        The Court's September 5, 2007 Order. The Discovery Master ruled on
2   the parties' respective motions on September 5, 2007. The Court held that: (1) an
3   identical interrogatory served on several defendants is counted as only one
4   interrogatory;[17] (2) an interrogatory that asks a defendant to "state all facts,"
5   "identify all persons with knowledge of such facts," and "identify all documents" is
6   likewise counted as a single interrogatory;[18] and (3) an interrogatory "that covers
7   multiple claims, legal theories or other subjects" is counted as a separate
8   interrogatory for each such claim, theory or subject.[19] Based on this final holding,
9   the Court concluded that Mattel had exceeded the fifty interrogatory limit because
10  its interrogatories seeking the bases for defendants' multitude of affirmative
11  defenses counted as multiple interrogatories.[20] In so ruling, however, the Discovery
12  Master expressly granted Mattel leave to serve revised interrogatories consistent
13  with the Order.[21]

14        Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets
15  of Interrogatories.   Mattel served its Revised Third Set of Interrogatories on
16  defendants Carter Bryant, MGA, MGA Hong Kong, MGAE de Mexico S.R.L. de
17  C.V., Isaac Larian and Carlos Gustavo Machado Gomez on September 21, 2007,
18  asking each of them the same fifteen questions (Nos. 27-41).[22] Consistent with the
19  September 5, 2007 Order, each of the interrogatories in Mattel's Revised Third Set
20  

21  [17]   Order Granting Joint Motion for Protective Order, dated September 5, 2007,
22  at 4-5, Proctor Dec., Exh. 33.
    [18]   Id. at 5-7.
23  [19]   Id. at 7-8.
    [20]   Over defendant's objections, Judge Larson subsequently granted Mattel's
24  motion for leave to serve an interrogatory regarding defendants' affirmative
25  defenses. See Court's Order, dated December 3, 2007, Proctor Dec., Exh. 38.
    [21]   Order Granting Joint Motion for Protective Order, dated September 5, 2007,
26  at 9, Proctor Dec., Exh. 33.
27  
28

1  is addressed to a single issue or theory.[23]  Although some of these interrogatories

2  have not been before the Court previously, the Court has already reviewed a number

3  of them in Mattel's Third Set of Interrogatories.  For example, Interrogatory Nos. 12,

4  13 and 14 in Mattel's Third Set of Interrogatories are identical to Interrogatory Nos.

5  27, 28 and 29 in Mattel's Revised Third Set.

6           Mattel served its Fourth Set of Interrogatories on these same defendants

7  on October 12, 2007, propounding four additional interrogatories (Nos. 42-45).[24]

8  Mattel served an Amended Fourth Set on October 23, 2007, removing one

9  interrogatory (No. 45) and hence reducing the Fourth Set to three interrogatories

10  (Nos. 42-44).[25]  Mattel served its Fifth Set of Interrogatories on defendants on

11  October 19, 2007, asking two additional questions (Nos. 46-47).[26]  Mattel served its

12  Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to replace the

13  previous, withdrawn No. 45 from Mattel's Fourth Set, on October 23, 2007.[27]

14  Mattel served its Seventh Set, which consisted on Interrogatory Nos. 48, 49 and 50,

15  on October 25, 2007.[28]

16           MGA Parties' Responses and Objections to Mattel's Interrogatories.

17  The MGA Parties served Responses and Objections to Mattel's Revised Third and

18

19  [22]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
20  Proctor Dec., Exh. 7.
        [23]  Id.
21  [24]  Mattel's Fourth Set of Interrogatories, dated October 12, 2007, Proctor Dec.,
22  Exh. 8.
        [25]  Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007,
23  Proctor Dec., Exh. 9.
24  [26]  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, Proctor Dec.,
25  Exh. 10.
        [27]  Mattel's Sixth Set of Interrogatories, dated October 23, 2007, Proctor Dec.,
26  Exh. 11.
        [28]  Mattel's Seventh Set of Interrogatories, dated October 25, 2007, Proctor Dec.,
27  Exh. 12.
28

EXHIBIT ___4___

PAGE _____60_____

1   Amended Fourth Sets of Interrogatories on November 15, 2007.[29]   They served

2   Responses and Objections to Mattel's Fifth Set of Interrogatories on November 21,

3   2007, and Responses and Objections to Mattel's Sixth and Seventh Sets on

4   November 26, 2007.[30]   These responses were comprised almost entirely of

5   objections.   MGA served supplemental responses to Mattel's Revised Third,

6   Amended Fourth, and Seventh Sets of Interrogatories on November 30, 2007.[31]

7            For the most part, the answers of each of the MGA Parties are

8   substantially similar.  However, in several instances where MGA Entertainment,

9   Inc. provides a partial response, either MGA Entertainment (HK), MGAE de

10   Mexico S.R.L. de C.V. and/or Larian do not, asserting that the interrogatory

11   "appears directed at another party."[32]   In addition, although MGA Entertainment,

12   Inc. provided supplemental responses to Mattel's Seventh Set of Interrogatories,

13   MGA Entertainment (HK), MGAE de Mexico S.R.L. de C.V. and Larian did not.

14            The Parties' Meet and Confers.  On December 10 and 12, 2007, counsel

15   for Mattel and MGA met and conferred regarding the MGA parties' responses to

16

17   [29]   MGA Entertainment, Inc.'s Objections and Responses to Mattel's Revised

18   Third Set of Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 13; MGA
     Entertainment, Inc.'s Objections and Responses to Mattel's Amended Fourth Set of

19   Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 14.

20   [30]   MGA Entertainment, Inc.'s Objections and Responses to Mattel's Fifth Set of
     Interrogatories, dated November 21, 2007, Proctor Dec., Exh. 15; MGA .

21   Entertainment, Inc.'s Objections and Responses to Mattel's Sixth Set of
     Interrogatories, dated November 26, 2007, Proctor Dec., Exh. 19.

22   [31]   MGA's Supplemental Responses to Mattel, Inc.'s Revised Third Set of

23   Interrogatories, dated November 30, 2007, Proctor Dec., Exh. 21.; MGA's
     Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories,

24   dated November 30, 2007, Proctor Dec., Exh. 25.; MGA's Supplemental Responses

25   to Mattel, Inc.'s Seventh Set of Interrogatories, dated November 30, 2007, Proctor
     Dec., Exh. 29.

26

27

28

EXHIBIT ___4___

PAGE ___61___

1   Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of
2   Interrogatories. During these discussions, counsel for MGA confirmed that the
3   responses and supplemental responses MGA has provided to date merely lay out the
4   "basic facts," on which MGA intends to rely, without "details."[33] As to Mattel's
5   contention interrogatories, MGA explained that all the facts on which it intends to
6   rely are "encompassed" by the facts it has disclosed, but that MGA has not
7   articulated those facts.[34] Even a cursory review of MGA's responses makes this
8   clear as well, since even the longest of its actual responses remains brief. Mattel, on
9   the other hand, recently served a supplemental interrogatory response that was over
10  110 pages, providing appropriate detail about its contentions.[35]

11          MGA also confirmed that it has unilaterally limited many of its
12  responses by disregarding the definitions in Mattel's requests.[36] MGA appears to
13  have limited most of its responses through this tactic. Further, MGA confirmed that
14  it has not and will not identify documents with specificity for Mattel's requests that
15  call for an identification of documents.[37]

16          MGA offered to provide Mattel by January 7, 2007 with what it said
17  should be a "substantial supplement" to many of its responses.[38] However, MGA
18  would not specify which responses it intended to supplement and refused to commit

19  _____

20  [32]  MGAE de Mexico S.R.L. de C.V.'s Supplemental Responses to Mattel, Inc.'s
21  Revised Third Set of Interrogatories, dated November 30, 2007, at 45, Proctor Dec.,
    Exh. 23.
22  [33]  Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec.,
23  Exh. 5.
    [34]  Id. at 1-2.
24  [35]  Proctor Dec., ¶ 40.
25  [36]  Letter from Proctor to Miller, dated December 13, 2007, at 1-2, Proctor Dec.,
    Exh. 5.
26  [37]  Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27  Exh. 5.
    [38]  Id.
28

EXHIBIT ___11___

PAGE ___62___

1   to provide a full and complete response not limited by objections to *any* of Mattel's
2   interrogatories.[39]   MGA also confirmed that it would not use Mattel's definitions in
3   forming any supplemental responses and would not commit to fully respond in light
4   of the meaning of those terms specified in the interrogatories.  MGA also confirmed
5   that its supplemental responses would not identify the documents it intends to rely
6   on with specificity.[40]

7

8                                   **Argument**

9   **I.     MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS**
10  **        INTERROGATORIES**

11          MGA's responses to Mattel's Interrogatories are at odds with both the
12  Federal Rules of Civil Procedure and pertinent case law.  "The Federal Rules allow
13  for broad discovery in civil actions:  'Parties may obtain discovery regarding any
14  matter, not privileged, that is relevant to the claim or defense of any party. . . .
15  Relevant information need not be admissible at trial if the discovery appears
16  reasonably calculated to lead to the discovery of admissible evidence." Ramirez v.
17  Nicholson, 2007 WL 2990283, at *2 (S.D. Cal. 2007) (quoting Fed. R. Civ. P.
18  26(b)(1)).  Rule 26(b) is liberally interpreted to permit "wide-ranging discovery of
19  information necessary for parties to evaluate and resolve their dispute." Ramirez,
20  2007 WL 2990283, at *2 (citing Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281,
21  283 (C.D. Cal. 1995)).

22          Rule 33 allows a party to propound interrogatories, for which the
23  responding party is required to furnish such information as is available to the party
24  after conducting a reasonable inquiry.  See Fed. R. Civ. P. 33.  In responding to
25  interrogatories, a party must give "full and complete" answers.  See Trane Co. v.

26  ──────────────────

27  [39]  Id.

28

-9-
Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

1   Klutznick, 87 F.R.D. 473, 476 (W.D. Wis. 1980); see also Miller v. National School

2   of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977) ("Answers must be

3   complete, explicit and responsive."). "If a party cannot furnish details, he should

4   say so under oath, say why and set forth the efforts he used to obtain the

5   information." Miller, 73 F.R.D. at 632. To the extent a party objects, the burden is

6   on the objecting party to show why an interrogatory is improper.  See Roesberg v.

7   Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980).

8   II.   **MGA'S OBJECTIONS SHOULD BE OVERRULED**

9        A.   **MGA's Boilerplate Objections Lack Merit**

10            As an initial matter, the Discovery Master should overrule MGA's

11   boilerplate objections.[41] MGA asserts that most or all interrogatories are vague and

12   ambiguous, overbroad, unduly burdensome and oppressive, seek information not in

13   the possession, custody or control of MGA, seek information protected by the

14   attorney-client, work product or joint defense privileges, and call for a legal

15   conclusion.[42] None of the these objections has merit.

16            MGA's generic "overbroad," "unduly burdensome" and "oppressive"

17   objections lack merit, as demonstrated by its failure to specify how the questions are

18   overbroad, burdensome or oppressive.   The most MGA offers is that the

19   interrogatories "contain discrete subparts that require separate, distinct and multiple

20   responses."[43] MGA's grounds for objecting to an interrogatory must be stated "with

21   specificity." Fed. R. Civ. P. 33(b)(4); Nagele v. Electronic Data Systems Corp., 193

22

23   [40] Id.

24   [41] For the convenience of the Court, MGA's objections and responses have been
     set forth verbatim in Mattel's Separate Statement, filed concurrently herewith.
25   [42] See e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel's
26   Revised Third Set of Interrogatories, dated November 30, 2007, Proctor Dec.,
     Exh. 21.
27   [43] See e.g., id. at 11 (Objs. to No. 27).

28

EXHIBIT _____

PAGE _____ 64

1  F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because
2  objecting party failed to particularize basis for objection).  Furthermore, where a
3  party asserts an "overbroad" objection, it still has to answer whatever part of the
4  question is proper and provide a *meaningful explanation* of its basis for its objection
5  to the balance.  See Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc.
6  Before Trial, § 11:1734 (Rutter's Group 2007) (citing Mitchell v. National R.R.
7  Passenger Corp., 208 F.R.D. 455, 458, n.4 (D.D.C. 2002)).  MGA has not met these
8  standards.   MGA's "burdensome," "overbroad," "oppressive" and vagueness
9  objections are boilerplate and should be overruled.

10      MGA also asserts various "privilege" and "legal conclusion" objections
11  to questions that clearly call for, at most, application of law to facts.[44]  All of these
12  objections should be overruled.  Most of the interrogatories at issue are contention
13  interrogatories.  Parties are required to answer interrogatories that ask them to state
14  their contentions about facts or the application of law to facts.  Fed. R. Civ. P.
15  33(a)(2).  Mattel is entitled to learn the facts in MGA's possession which MGA and
16  its counsel believe support its contentions.  Mattel is also entitled to learn which
17  documents relate to, and which persons are knowledgeable about, such facts.  The
18  law is clear that a party cannot avoid responding to interrogatories such as Mattel's
19  by claiming that they call for a legal conclusion or by invoking the attorney-client
20  privilege or the work product doctrine.   Convergent Business Systems, Inc. v.
21  Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1989) ("Seeking the
22  facts and documents which support a particular allegation in a complaint violates
23  neither the attorney-client or work product privileges."); King v. E.F. Hutton & Co.,
24

25  _____
   [44] See e.g., id. at 53 (Objs. to No. 37) ("legal conclusion" objection to
26  interrogatory asking MGA to state facts supporting contention that Bryant did not
   breach his Inventions Agreement with Mattel when he purported to transfer rights to
27  Bratz to MGA).
28

EXHIBIT _____
PAGE _____ 65

1  117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics

2  which a party contends supports a contention do not implicate the attorney work

3  product doctrine: "If this elementary principle were not applicable, contention

4  interrogatories would not exist. As the Advisory Committee Note reflects, as to

5  requests for even opinions or contentions that call for the application of law to fact,

6  they are permissible and can be most useful in narrowing and sharpening the issues,

7  which is the major purpose of discovery.").

8          Further, the Court has previously considered, and rejected, these same

9  arguments in connection with Mattel's requests for admission. There, Bryant relied

10  on "legal conclusion" and "privilege" objections in refusing to comply with his

11  discovery obligations.[45]   The Discovery Master overruled Bryant's "legal

12  conclusion" objection, holding that the plain language of the Federal Rules and

13  relevant case law provided that "requests for admission calling for application of

14  law to facts are permissible."[46]   The Discovery Master concluded that Bryant's

15  "privilege" and "work product" objections were similarly without merit, as "[t]he

16  fact that Bryant may need to consult with counsel to respond to the requests does not

17  make the response privileged."[47]   The Court should similarly overrule these

18  objections here.

19      **B.    MGA's Objections to Interrogatories Requesting "All Facts"**

20          MGA intersperses a few other objections throughout his responses,

21  including that Mattel's interrogatories are purportedly improper because they

22  request "that MGA 'state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all*

23

24

25  [45]   See Order Granting Mattel's Motion to Compel Carter Bryant to Answer
   Requests for Admission or to Order Requests Admitted, dated August 20, 2007, at
26  6-7, Proctor Dec., Exh. 39.
     [46]   Id. at 6.
27  [47]   Id.

28

07209/2326611.5

EXHIBIT _____

PAGE _____ 66

1   DOCUMENTS.'"[48]   Relatedly, MGA objects to Mattel's purportedly "negative"

2   interrogatories because they ask "for 'every fact' which supports the denial of a

3   statement or allegation," and because Mattel "bears the burden of proof" on the

4   issues addressed by the interrogatories.[49] These objections also lack merit.

5              Interrogatories like those served by Mattel are commonly used to

6   elucidate facts regarding a party's contentions, and numerous courts have held them

7   proper.  See, e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,

8   2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer

9   interrogatories requesting "all supporting facts, documents, exhibits, testimony

10  and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226

11  F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that

12  requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL

13  432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that

14  interrogatories requesting "all facts" in support of a denial of a statement were not

15  unduly burdensome); Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12

16  (N.D. W. Va. 2007) (holding that interrogatory asking party to state "each fact" in

17  support of contention is proper); Wilson v. Thompson/Center Arms Co., 2006 WL

18  3524250, at *1 (E.D. La. 2006) (overruling vagueness and burden objections, and

19  compelling defendants to "fully respond" to interrogatories requesting "each fact,

20  exhibit and witness" in support of contentions); Williams v. The Art Inst. of Atl.,

21  2006 WL 3694649, at *7 (N.D. Ga. 2006) (granting plaintiff's motion to compel as

22  to interrogatories asking defendant to "[s]tate all facts that support defendant's

23  contentions"); Zapata v. IBP, Inc., 1997 WL 122588, at *1 (D. Kan. 1997) (ordering

24

25  [48]  See e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel's

26  Revised Third Set of Interrogatories, dated November 30, 2007, at 11 (Objs. to
    No. 27), Proctor Dec., Exh. 21.

27  [49]  See e.g., id. at 53 (Objs. to No. 37).

28

EXHIBIT ___

PAGE ___ 67

1   defendant to fully answer interrogatory asking for factual basis for each of
2   defendant's defenses, as well as all witnesses with knowledge of and all documents
3   relating to those facts); Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
4   1995 WL 625953, at *1 (D. Kan. 1995) (approving contention interrogatories
5   seeking "all facts" because "parties 'are entitled to know the factual basis' of the
6   claims, defenses, or denials of their opponents" and rejecting defendant's objection
7   that it could not answer interrogatories because it had not obtained sufficient
8   discovery from plaintiff, as a party "may not withhold discovery solely because it
9   has not obtained to its satisfaction other discovery"); Pension Ben. Guar. Corp v.
10   Ziffer, 1994 WL 11654, at *1 (N.D. Ill. 1994) (stating that interrogatories asking for
11   "all facts" supporting contentions "are appropriately made").

12         MGA relies in its objections on Safeco of Am. v. Rawstron, 181 F.R.D.
13   441, 447-48 (C.D. Cal. 1998), Lawrence v. First Kansas Bank & Trust, Co., 169
14   F.R.D. 657, 663-64 (D. Kan. 1996) and Grynberg v. Total S.A., No. 03-cv-01280-
15   WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006), but these authorities
16   do not undermine Mattel's interrogatories. Rather, they merely recognize that
17   interrogatories seeking all facts supporting the denial of an assertion may, in some
18   circumstances and in some cases, impose an undue burden. See Chapman v.
19   California Dept. of Education, 2002 WL 32854376, at *2 (N.D. Cal. 2002) ("While
20   interrogatories that call for all facts, documents and witnesses may, in some
21   circumstances, place an unreasonable burden on the responding party . . . an
22   interrogatory that requests 'all facts' in support of a refusal to admit specific
23   relevant facts is not burdensome and oppressive per se."). MGA has failed to make
24   a specific showing of burden here, and cannot do so. See, e.g., Josephs v. Harris
25   Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the
26   interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not
27   adequate to voice a successful objection."); Walker v. Lakewood Condominium
28

1  Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized
2  objections are inadequate and tantamount to not making any objection at all.").

3        To determine whether an interrogatory imposes an "undue burden,"
4  courts have adopted a "proportionality approach that balances the burden on the
5  interrogated party against the benefit that having the information would provide to
6  the party submitting the interrogatory." 8A Wright & Miller, Federal Practice &
7  Procedure: Federal Rules of Civil Procedure § 2174; see also King v. Georgia Power
8  Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that
9  interrogatory was burdensome and oppressive, even though preparation of answer
10  would be time-consuming and costly, because information was crucial to the issues
11  of the suit and in exclusive custody of defendant); Seff v. General Outdoor
12  Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly
13  burdensome" objection because value of information to plaintiff clearly outweighed
14  any annoyance or expense involved in disclosure by defendant). Here, as discussed
15  in further detail below, the information sought by Mattel's interrogatories goes to
16  core issues in this case and is exclusively within MGA's possession. Mattel's need
17  to discover MGA's key contentions clearly outweighs any efforts MGA will be
18  required to undertake to disclose the information in his possession.

19        By MGA's reasoning, a defendant may refuse to disclose facts and
20  other information supporting his own contentions, even though such information is
21  indisputably available to him (and not to the plaintiff), either because he should only
22  have to state some of the facts he intends to rely on or because the plaintiff bears the
23  burden of proof. Such an approach would subvert the Rules and improperly permit
24  MGA to sandbag Mattel at trial. See Fed. R. Civ. P. 26(b)(1) (parties may "obtain
25  discovery regarding any nonprivileged matter that is relevant to *any party's* claim or
26  defense") (emphasis added); see also Wright v. Touhy, 2003 WL 22439864, at *4
27  (N.D. Ill. 2003) (the Federal Rules "are designed to promote liberal discovery in an
28  effort to narrow the issues for trial and to prevent unfair surprise"). Indeed, belying

EXHIBIT   4

PAGE   69

1    MGA's complaints here, defendants themselves have propounded interrogatories
2    seeking "all facts" upon Mattel.[50]

3          Moreover, the Court has previously rejected these objections.
4    Defendants argued precisely these points to Judge Larson when Mattel recently
5    sought leave to serve a supplemental interrogatory, beyond the fifty interrogatory
6    limit, regarding defendants' affirmative defenses. Defendants claimed that Safeco
7    disapproves Mattel's proposed form of interrogatory.[51] They claimed that some of
8    their affirmative defenses are "negatives," and that they should not have to state the
9    facts supporting such negative contentions where Mattel bears the burden of proof.[52]
10   They claimed courts disapprove interrogatories which seek all facts, witnesses and
11   documents, like Mattel's.[53]   Judge Larson rejected all of these assertions, and
12   ordered Defendants to answer -- "without objection" -- an interrogatory providing:

13          State the facts upon which YOU intend to rely at trial to support YOUR
14          affirmative defenses, and IDENTIFY all PERSONS with knowledge of
15          those facts and all DOCUMENTS that REFER OR RELATE TO those
16          facts.[54]
17   Just as Judge Larson did not deem it too arduous a task for Defendants to state the
18   facts supporting their affirmative defenses, the Court should compel MGA to state
19   the facts supporting the contentions at issue now as well.

20
21

22   [50]   See Defendant's First Set of Interrogatories Propounded on Plaintiff Mattel,
23   Inc., dated June 14, 2004, Proctor Dec., Exh. 55; MGA's Second Set of
     Interrogatories to Mattel, Inc. dated December 4, 2007, Proctor Dec., Exh. 56.
24   [51]   Defendants' Joint Opposition to Mattel's Motion for Leave to Serve a
25   Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated
     November 19, 2007, at 8, Proctor Dec., Exh. 40.
26   [52]   Id.
27   [53]   Id.
     [54]   Court's Order, dated December 3, 2007, Proctor Dec., Exh. 38.
28

1        MGA objects that for many of the interrogatories, the documents Mattel asks
2  it to identify are "too numerous to identify individually without undue burden to
3  MGA."[55] The objection is groundless. It scarcely can be an undue burden for MGA
4  to specifically identify by Bates number the very documents it contends support its
5  own positions in this case. Nor can it be plausibly argued that because identifying
6  all such documents would be supposedly burdensome, MGA is free to refuse to
7  identify any of them. Courts also frequently approve interrogatories seeking an
8  identification of documents and require that identification to be with specificity.
9  See Chapman v. California Dept. of Educ., 2002 WL 32854376, at *1-2 (N.D. Cal.
10  2002) (granting party leave to serve interrogatories that required responding party to
11  "identify. . .with specificity all documents and other tangible things that support your
12  response and state the name, address, and telephone number of the person who has
13  each document or thing") (emphasis added); Gaeta v. Perrigo Pharmaceuticals Co.,
14  2007 WL 3343043, at *6 (N.D. Cal. 2007) ("To the extent [a responding party] finds
15  that references to specific documents are responsive to [an] interrogatory, [the
16  responding party] shall set forth with specificity the relevant documents, records and
17  literature."). Furthermore, in any event, as MGA cannot make a specific showing of
18  burden, this objection cannot be sustained. See, e.g., Josephs v. Harris Corp., 677
19  F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was
20  'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a
21  successful objection."); Walker v. Lakewood Condominium Owners Ass'n, 186
22  F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are
23  inadequate and tantamount to not making any objection at all.").

24

25

26    [55] See, e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel,
27  Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at 38, Proctor
    Dec., Exh. 21.

28

EXHIBIT ____4____

PAGE ____71____

1   **III.   MGA SHOULD BE COMPELLED TO PROVIDE COMPLETE**
2       **RESPONSES TO MATTEL'S INTERROGATORIES**
3           To date, MGA has provided only partial answers to Interrogatory Nos.
4   27-38, 40-44, and 48-50, and no response to Nos. 39, 46 and 47. These responses
5   are clearly inadequate. In fact, MGA conceded as much when it offered to provide
6   Mattel with what it said would be a "substantial supplement" to many of its
7   responses on January 7, 2007.[56] However, MGA (1) refused to specify which
8   interrogatories it would supplement, (2) refused to provide a full and complete
9   response to any of Mattel's interrogatories, (3) refused to identify documents with
10  specificity, and (4) made clear that it would not supplement its responses to some
11  interrogatories at all.[57] Given the late stage of discovery, it is time for MGA "to
12  commit to a position and give factual specifics supporting" its claims and defenses.
13  Thomas & Betts Corp. v. Panduit Corp., 1996 WL 169389, at *2 (N.D. Ill. 1996);
14  see also Auto Meter Prods., 2006 WL 3253636, at *3 (N.D. Ill. 2006) ("At this late
15  stage of the case, the court agrees that it is time for [defendant] to fully and
16  completely answer [plaintiff's] interrogatories."). The Court should overrule
17  MGA's objections and compel complete responses. See Trane, 87 F.R.D. at 476
18  (party must give "full and complete" answers); Miller, 73 F.R.D. at 632 ("Answers
19  must be complete, explicit and responsive.").
20      **A.   Mattel's Interrogatories About The Identity Of Bratz Inventions**
21          Interrogatory Nos. 27, 28 and 29 request information relating to Bratz
22  inventions created during three key time periods -- (1) prior to January 4, 1999, (2)
23  after October 19, 2000 and before June 1, 2001, and (3) after January 3, 1999 and
24
25
26
27  [56]   Id. at 2.
28  [57]   Id. at 2.

EXHIBIT 4

PAGE 72

1   before October 21, 2000.[58]   Interrogatory No. 29 seeks an identification of the
2   inventions created during Bryant's Mattel employment.  Interrogatory Nos. 27 and
3   28 seek to discover which Bratz inventions MGA contends were created before or
4   shortly after Bryant's Mattel employment.  This information is plainly relevant and
5   discoverable.  MGA does not contend otherwise.[59]

6          Rather, MGA primarily objects to these interrogatories (in its
7   objections at least) on the grounds that they purportedly are "compound" because
8   they contain "discrete subparts that require separate, distinct and multiple
9   responses."[60]  Interrogatory Nos. 27, 28 and 29 provide:

10         **Interrogatory No. 27:**   IDENTIFY each and every
           BRATZ INVENTION YOU contend was CREATED, in
11         whole or in part, prior to January 4, 1999, and for each
           BRATZ INVENTION so identified state all facts that
12         support   YOUR   contention   that   such   BRATZ
           INVENTION (or aspects or portions thereof) was
13         CREATED prior to January 4, 1999, and IDENTIFY all
           PERSONS with knowledge of such facts and all
14         DOCUMENTS which REFER OR RELATE TO such
           facts.
15
           **Interrogatory No. 28:**   IDENTIFY each and every
16         BRATZ INVENTION YOU contend was CREATED, in
           whole or in part, after October 19, 2000 and before June 1,
17         2001, and for each BRATZ INVENTION so identified
           state all FACTS that support YOUR contention that such
18         BRATZ INVENTION (or aspects or portions thereof) was
           CREATED after October 19, 2000 and before June 1,
19         2001, and IDENTIFY all PERSONS with knowledge of
           such facts and all DOCUMENTS which REFER OR
20         RELATE TO such facts.

21         **Interrogatory No. 29:**   IDENTIFY each and every
           BRATZ INVENTION that was CREATED, in whole or in
22         part, after January 3, 1999 and before October 21, 2000,
           and for each BRATZ INVENTION so identified state all
23

24   [58]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at
25   9-10, Proctor Dec., Exh. 7.
     [59]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel's Revised
26   Third Set of Interrogatories, dated November 30, 2007, at 8-25, Proctor Dec.,
27   Exh. 21.
     [60]  See, e.g., id. at 11.
28

EXHIBIT   4

PAGE   73

1  FACTS that REFER OR RELATE TO the timing of the
   creation of such BRATZ INVENTION and IDENTIFY all
2  PERSONS with knowledge of such facts and all
   DOCUMENTS which REFER OR RELATE TO such
3  facts.[61]

4  MGA points to specific terms in the interrogatories, such as "BRATZ

5  INVENTION" and "IDENTIFY," and contends that Mattel's definitions of the

6  terms require "responses to multiple discrete subparts."[62]  However, MGA made

7  clear during the pre-filing conference of counsel that it was not refusing to answer

8  these interrogatories (or others) based on this objection.[63]  And, indeed, it would be

9  completely improper for it to do so given that the Court has already ruled that these

10 exact interrogatories -- verbatim -- count as only one interrogatory each.[64]

11        MGA also objects to Interrogatory Nos. 27, 28 and 29 on the grounds that

12 certain terms contained therein, particularly "BRATZ INVENTION," supposedly

13 present an undue burden, a point which MGA pressed during the parties' meet and

14 confer.  Apparently for this reason, MGA did not consider the definition of the term

15 "BRATZ INVENTION" provided by Mattel in its Revised Third Set of

16 Interrogatories, but instead interpreted these interrogatories by using the more

17 limited definition of the term "invention" that MGA believes is used in "utility

18 patent law."[65]  As MGA acknowledged, this significantly limited MGA's response

19 and directly contradicted MGA's assurance in its Supplemental Responses to

20

21    [61]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-
22 10, Proctor Dec., Exh. 7.
      [62]  MGA's Supplemental Responses to Mattel's Revised Third Set of
23 Interrogatories, dated November 30, 2007, at 11, Proctor Dec., Exh. 21.
24    [63]  Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec.,
   Exh. 5.
25    [64]  Order Granting Joint Motion for Protective Order, dated September 5, 2007,
26 Proctor Dec., Exh. 33.
      [65]  Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27 Exh. 5.
28

1  Mattel, Inc.'s Revised Third Set of Interrogatories that MGA "[would] respond
2  using words contained within the Mattel definition in their normal accepted
3  meaning."[66] The responses MGA provided are clearly inadequate.

4              MGA bears the burden of proving that Mattel's interrogatories are
5  burdensome or oppressive. See Roesberg, 85 F.R.D. at 296-97 ("the party resisting
6  discovery 'must show specifically how . . . each interrogatory is not relevant or how
7  each question is overly broad, burdensome or oppressive'"); Josephs, 677 F.2d at
8  992; Walker, 186 F.R.D. at 587.  MGA can make no such showing here.  These
9  interrogatories seek an identification of Bratz inventions that, pursuant to the
10  Inventions Agreement, were assigned to Mattel and therefore *constitute Mattel's*
11  *property* — as well as an identification of which inventions were created just before
12  or after Bryant's Mattel employment, according to MGA.  The importance to Mattel
13  of obtaining this information — information which, in and of itself, would prove
14  liability as to a number of Mattel's claims — clearly outweighs MGA's burden in
15  producing it.  See 8A Wright & Miller, Supra, § 2174 (courts balance "the burden
16  on the interrogated party against the benefit that having the information would
17  provide to the party submitting the interrogatory").  Moreover, knowing which
18  inventions MGA claims were created before and just after Bryant's second stint at
19  Mattel is essential so that Mattel can avoid unfair surprise at trial and impeach
20  defendants' chronology of Bratz design and development.

21              MGA can hardly dispute any of this.  The fact that MGA has already
22  provided partial responses to these interrogatories, although incomplete,
23  demonstrates that the information Mattel seeks is properly discoverable.  MGA

24  ────────────────
25  [66]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s
26  Revised Third Set of Interrogatories, dated November 30, 2007, at 5, Proctor Dec.,
27  Exh. 21; Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
   Exh. 5.
28

1   should be ordered to provide full and complete responses for Interrogatory Nos. 27,
2   28 and 29.

3   **B.   Mattel's Interrogatory About The Identity Of Former Mattel**
4   **Employees Hired By MGA**

5   Interrogatory No. 41 asks MGA to "IDENTIFY" all former Mattel
6   employees "who are now or have been employed" by MGA since January 1, 1999.[67]
7   MGA does not dispute the relevance of this information, and in fact provided a
8   partial response containing what it claims is every former Mattel employee which
9   has been employed by MGA at any time since January 1, 1999, his/her job title(s)
10   and the dates of their employment.[68] However, this answer is clearly incomplete.
11   For example, the interrogatory asks that MGA provide both the date "on which
12   YOU first had contact with such PERSON regarding potential employment or
13   contracting" as well as that on which "such PERSON was interviewed for possible
14   employment or contracting,"[69] but MGA's response provides no such information.
15   At the parties' meet and confers, MGA promised that it would look into these
16   deficiencies and consider supplementing, but then never responded.[70] MGA should
17   be compelled to provide a full and complete response.

18
19
20
21

22   [67]   Mattel, Inc.'s Third Revised Set of Interrogatories, dated September 21, 2007,
23   at 13, Proctor Dec., Exh. 7.
      [68]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Revised
24   Third Set of Interrogatories, dated November 30, 2007 at 63-70, Proctor Dec., Exh.
25   21.
      [69]   Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007,
26   at 13, Proctor Dec., Exh. 7.
27   [70]   Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec.,
      Exh. 5.
28

1    **C.**   **Mattel's Interrogatories Seeking Dates On Which The Products**
2        **MGA Alleges Were Copied or Infringed Originated**

3         Interrogatory Nos. 43 and 44 request dates on which each "concept,

4 design, product, product packaging or other matter that YOU contend Mattel copied

5 or infringed" was (1) "conceived" and (2) "first fixed in any tangible medium of

6 expression."[71]  For its own claims, MGA has alleged that certain of its products have

7 been copied or infringed by certain Mattel products.[72]  One of Mattel's defenses is

8 that Mattel was the one that came up with relevant matters first -- before MGA --

9 and that MGA was the one who copied or stole from Mattel.[73]  For example, in

10 response to MGA's allegation that Mattel copied its "Wintertime Wonderland" doll

11 theme, Mattel has asserted that although it did "release a doll called 'Chillin Out!,'"

12 it "has released such themed dolls over the course of many years" and "denies that

13 MGA originated such a theme."[74]  Accordingly, timing is key.  Knowing when

14 MGA's purportedly copied or infringed concepts and products originated is

15 information necessary to determine whether such concepts and products were

16 actually copied or infringed.

17         MGA provided a partial response to this interrogatory.  However, the

18 answer MGA has provided is non-responsive.  Interrogatory Nos. 43 and 44 request

19 the date the MGA products at issue were "conceived" and "first fixed in any tangible

20

21

22

23    [71]  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007,
at 7-8, Proctor Dec., Exh. 9.
24    [72]  Complaint of MGA Entertainment, Inc., dated April 13, 2005, ¶¶ 101-123,
Proctor Dec., Exh. 48.
25
    [73]  Court Order Regarding Mattel's Motion for Leave to Amend, dated January
26 12, 2007, at 24, Proctor Dec., Exh. 57.
    [74]  Mattel, Inc.'s Second Amended Answer and Counterclaims, dated July 12,
27 2007, ¶ 48, Proctor Dec., Exh. 41.

28

1   medium of expression," respectively.[75]  MGA's answers simply refer Mattel to its

2   responses to Interrogatory No. 3 of Mattel's First Set of Interrogatories Re Claims of

3   Unfair Competition, which requested different information -- the dates on which the

4   products were first "disclosed to any PERSON not employed by MGA" and first

5   "made available for sale."[76]  Thus, MGA's current answers do not provide

6   responsive information.  MGA should be compelled to provide full and complete

7   responses.

8       **D.    Mattel's Interrogatories About The Trade Dress MGA Claims**

9            **Mattel Products Infringe**

10           Interrogatory Nos. 48 and 49 ask MGA to "separately IDENTIFY each

11  trade dress that YOU contend MATTEL has copied, infringed or diluted" and to

12  "separately and fully IDENTIFY each and every MATTEL product, packaging or

13  other matter that YOU contend copies, infringes or dilutes such trade dress."[77]

14  These interrogatories seek the core contentions underlying MGA's trade dress

15  infringement claims and are clearly proper.[78]  Recognizing that, MGA has provided

16  partial responses.  However, as with MGA's other supplemental responses, MGA

17  has merely provided what it claims are the "basic facts," without any details.[79]

18  Thus, MGA's response to No. 48 did not identify with specificity a single product

19  that MGA alleges was infringed, let alone every product.  MGA also stated that its

20  ——————————————

21      [75]   Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007,
    at 7-8, Proctor Dec., Exh. 9.
22      [76]   Mattel's First Set of Interrogatories Re Claims of Unfair Competition, dated
23  March 2, 2007, at 10, Proctor Dec., Exh. 49.
        [77]   Mattel, Inc.'s Seventh Set of Interrogatories, dated October 25, 2007, at 7,
24  Proctor Dec., Exh. 12.
        [78]   MGA has brought claims against Mattel for False Designation of Origin,
25  Unfair Competition, Dilution and Unjust Enrichment.  See Complaint of MGA
26  Entertainment, Inc., dated April 13, 2005, Proctor Dec., Exh. 48.

27

28

EXHIBIT  4

PAGE  78

1   answer to No. 48 was limited by the fact that its answer "may be incomplete" as the

2   subject matter of this interrogatory will be the source of expert testimony, and an

3   expert may identify additional facts that support MGA's contentions.[80]  Such a

4   limitation is improper because it would allow MGA to sandbag Mattel by

5   introducing new products into the litigation in expert disclosures, after fact

6   discovery has closed.[81]  MGA has no basis for failing to provide full and complete

7   responses to Interrogatory Nos. 48 and 49.

8       E.    **Mattel's Interrogatory About The Identity of MGA's Bank**

9           **Accounts**

10          Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or

11  financial institution account that REFERS OR RELATES TO YOU, including

12  accounts in YOUR name or for YOUR benefit, since January 1, 1999."[82]  MGA

13  objects to this interrogatory as seeking information "not relevant to the claims or

14  defenses of any party to the action and not reasonably calculated to lead to the

15  discovery of admissible evidence."[83]  This objection is unsupportable.

16          This information is clearly discoverable.  MGA's bank account information

17  may lead to direct evidence of liability regarding Mattel's allegations of commercial

18  bribery (which are explicitly alleged as RICO predicate acts) against MGA and

19

20

21

22      [79]   Letter from Proctor to Miller, dated December 13, 2007, at 4, Proctor Dec.,
        Exh. 5.
23      [80]   Id. at 4.
24      [81]   Id. at 4.
        [82]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
25  at 13, Proctor Dec., Exh. 7.
26      [83]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s
        Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec.,
27  Exh. 21.

28

EXHIBIT ___4___

PAGE ___79___

1  Larian.[84]    Payments made to Bryant and to other then-Mattel employees from
2  MGA's bank accounts would establish commercial bribery and other tortious
3  conduct. The timing of such payments would also bear on the timing of Bryant's
4  first involvement with MGA. Similarly, the timing and amounts of payments made
5  to other former Mattel employees who MGA and other defendants are accused of
6  conspiring with to steal Mattel trade secrets would be critical evidence on both
7  Mattel's claims and MGA's claims, and indeed the Discovery Master so held in
8  compelling Bryant to produce his financial information.[85]  Evidence of payments to
9  any of the numerous witnesses in this case, including Bryant, are also obviously
10  relevant to issues of bias.

11              Mattel also has punitive damage claims against MGA.[86]  In assessing
12  punitive damages, the jury is entitled to consider MGA's net worth. See, e.g., U.S.
13  Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL
14  307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is relevant
15  under Rule 26(b) to plaintiff's claims for damages and punitive damages"); Oakes,
16  179 F.R.D. at 286 ("The discovery of financial information relevant to a punitive
17  damages claim is permissible under the Federal Rules of Civil Procedure, whether
18  or not such evidence would be admissible at trial."). Indeed, under California law
19  Mattel is required to introduce evidence of MGA's financial condition to obtain an
20  award of punitive damages against MGA. See Morgan v. Woessner, 997 F.2d 1244,

21

22    [84]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
23  Claims, ¶ 94-97, Prayers ¶ 12, Proctor Dec., Exh. 41.
      [85]  See Order of January 25, 2007, at 14:13-17 ("payments to Bryant are relevant
24  to Mattel's recently added claims for trade secret misappropriation. Payments could
25  show when and what trade secret information Bryant and other defendants allegedly
   misappropriated from Mattel. Any proof of trade secret theft is also relevant to
26  Mattel's defense against MGA's unfair competition claims."), Proctor Dec., Exh. 56.
      [86]  See, e.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and
27  Counter-Claims, dated July 12, 2007, Prayers ¶¶ 11-13, Proctor Dec. Exh. 41.

28

EXHIBIT ___4___

PAGE ___80___

1   1259 (9th Cir. 1993) (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)). MGA's

2   bank account information from recent years is, quite obviously, likely to lead to

3   discoverable information about MGA's financial condition. See Britton v. Car

4   Toys, Inc., 2007 WL 1395290, at *3 (D. Colo. 2007) ("Evidence regarding a

5   defendant's earnings and assets may be relevant in proving punitive damages.");

6   North Dakota Fair Housing Council, Inc. v. Allen, 298 F. Supp. 2d 897, 899

7   (D.N.D. 2004) ("The discovery of financial records of a defendant in order to

8   prepare a case on the issue of punitive damages is permissible."); Bessier v. Precise

9   Tool & Eng'g Co., Inc., 778 F.Supp. 1509, 1514 (W.D. Mo. 1991) (a plaintiff is

10  "clearly entitled to the discovery of financial records of defendant in order to

11  prepare a case on the issue of punitive damages").

12          For these reasons, the Court has already held precisely that Mr.

13  Larian's bank account information is discoverable. See Court's Order Granting in

14  Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses

15  Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25,

16  2007 (compelling MGA to produce a witness on the topic of payments to Larian,

17  including the accounts to which such payments were made, because "MGA's

18  payments to Isaac Larian may be relevant to Mattel's claim for punitive damages").

19  Nevertheless, MGA still refuses to respond.[87]

20          In its objections, MGA asserts that this interrogatory is "premature

21  asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no

22  judgment for the payment of money pending against MGA."[88] This objection fails.

23  First, Rule 69(a), which allows a judgment creditor to obtain discovery in aid of a

24  _____

25  [87]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,

26  Exh. 5.

27

28

EXHIBIT ___4___

MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

PAGE ___81___

1   judgment or execution, simply has no application here. See Fed. R. Civ. P. 69(a).

2   Nothing in the Rule precludes a party from seeking discovery pertaining to issues of

3   liability, bias and punitive damages as Mattel seeks here. See id. Second, both the

4   Discovery Master and the District Court have ruled that Mattel may properly seek

5   such discovery. MGA's net worth was among the topics noticed in Mattel's Second

6   Notice of Deposition Under Rule 30(b)(6).[89] Concluding that information relating

7   to MGA's net worth was properly the subject of discovery, the Discovery Master

8   ordered MGA to produce a witness responsive to this topic in his May 16, 2007

9   Order.[90] MGA then objected to the Discovery Master's Order on the grounds,

10   among others, that such discovery was premature.[91] Judge Larson rejected that

11   argument and affirmed the Discovery Master's May 16, 2007 Order, stating that:

12     [a]lthough MGA's net worth may not be known to it, MGA does not

13     contend that the information is not readily available. That net worth is

14     generally the subject of expert testimony at trial – a proposition

15     disputed by neither Mattel nor the Court – does not render it an

16     improper subject for a Rule 30(b)(6).[92]

17     And, as noted, Mattel's Third Notice of Deposition Under Rule 30(b)(6)

18   included a topic addressing payments of money made by MGA to Larian since

19

20   [88]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s

21   Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec., Exh. 21.

22   [89]   Mattel's Second Notice of Deposition Under Rule 30(b)(6), dated February 1,

23   2007, Proctor Dec., Exh. 42.
  [90]   Court's Order Granting Mattel's Motion to Compel MGA to Produce

24   Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Proctor

25   Dec., Exh. 43.
  [91]   MGA's Memorandum of Points and Authorities in Support of its Motion

26   Objecting to Portions of the Discovery Master's May 16, 2007 Order, dated May 31,

27   2007, at 5-6, Proctor Dec., Exh. 44.
  [92]   Court's July 2, 2007 Minute Order, at 5, Proctor Dec., Exh. 45.

28

1   January 1, 1999, including information related to bank or financial institution

2   accounts to which any such payments were made.[93] MGA objected to this topic on

3   a number of bases, including by contending that "Mattel is not entitled to conduct

4   discovery regarding Isaac Larian's net worth at this time."[94] Rejecting MGA's

5   arguments, the Discovery Master held:

6         MGA's payments to Isaac Larian . . . are relevant to the claims and

7         defenses in the case. Payments to Isaac Larian . . . may also show

8         possible bias and be used for impeachment purposes. Moreover,

9         MGA's payments to Isaac Larian may be relevant to Mattel's claim for

10        punitive damages. Payments to Isaac Larian are a component of his net

11        worth, even if they represent one source of income. The burden of

12        producing such information does not outweigh its relevance, taking into

13        consideration the circumstances of this case. Furthermore, there is no

14        stay on discovery pertaining to punitive damages.[95]

15   MGA's refusal to answer this interrogatory at all, even in light of this Order, is

16   improper. A complete response should be ordered.

17       F.    **Mattel's Contention Interrogatories**

18       In its responses, MGA provided only partial answers to Nos. 30, 31, 32,

19   33, 34, 35, 36, 37, 38, 42 and 50. Not a single one of these responses is full and

20   complete. Rather, during the parties' meet and confers, MGA confirmed that (1) its

21   answers regarding its various contentions contain only the "basic facts" on which it

22   will rely, (2) it has limited its responses by its "interpretation" of Mattel's defined

23

24     [93]  Mattel's Third Notice of Deposition Under Rule 30(b)(6), dated June 5, 2007,

25   Proctor Dec., Exh. 46.
      [94]  Court's Order Granting in Part and Denying in Part Mattel's Motion to

26   Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under

27   Rule 30(b)(6), dated September 25, 2007, at 11-12, Proctor Dec., Exh. 47.
      [95]  Id.

28

1    terms, and (3) it has not identified documents as requested.[96]   MGA also confirmed

2    that its supplemental responses will continue to be limited by its objections.[97]

3              These interrogatories provide:

4              **Interrogatory No. 30:** State all facts that support YOUR
       contention, if YOU to contend, that, assuming BRYANT
5       assigned rights in any BRATZ INVENTION to MATTEL
       pursuant to the INVENTIONS AGREEMENT, MGA is
6       entitled to priority over and/or has superior rights to
       MATTEL as to such BRATZ INVENTION, and
7       IDENTIFY all PERSONS with knowledge of such facts
       and all DOCUMENTS that REFER OR RELATE TO
8       such facts.

9              **Interrogatory No. 31:** State all facts that support YOUR
       contention, if YOU so contend, that the INVENTIONS
10      AGREEMENT is not valid and enforceable, and
       IDENTIFY all PERSONS with knowledge of such facts
11      and all DOCUMENTS that REFER OR RELATE TO
       such facts.

12             **Interrogatory No. 32:** State all facts that support YOUR
13      contention, if YOU so contend, that MATTEL is not or
       would not be entitled to injunctive relief as requested in its
14      COMPLAINT and/or COUNTERCLAIMS if it is
       ultimately determined that MATTEL owns one or more
15      BRATZ INVENTIONS, and IDENTIFY all PERSONS
       with knowledge of such facts and all DOCUMENTS that
16      REFER OR RELATE TO such facts.

17             **Interrogatory No. 33:** State all facts that support YOUR
       contention, if YOU so contend, that MATTEL is not
18      entitled to an award of punitive or exemplary damages
       against YOU, and IDENTIFY all PERSONS with
19      knowledge of such facts and all DOCUMENTS that
       REFER OR RELATE TO such facts.

20             **Interrogatory No. 34:** State all facts that support YOUR
21      contention, if YOU so contend, that YOU did not
       intentionally interfere with the INVENTIONS
22      AGREEMENT when BRYANT purported to TRANSFER
       and MGA purported to ACQUIRE rights to BRATZ, and
23      IDENTIFY all PERSONS with knowledge of such facts
       and all DOCUMENTS that REFER OR RELATE TO
24      such facts.

25    _____

26    [96]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
       Exh. 7.
27    [97]   _Id._

28

EXHIBIT ___4___

PAGE ___84___

1
2
3
4
5

**Interrogatory No. 35:** State all facts that support YOUR contention, if YOU so contend, that YOU did not aid or abet any breach of fiduciary duty or duty of loyalty owed by BRYANT to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

6
7
8
9
10

**Interrogatory No. 36:** State all facts that support YOUR contention, if YOU so contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11
12
13
14

**Interrogatory No. 37:** State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER right to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

15
16
17
18

**Interrogatory No. 38:** State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

19
20
21
22

**Interrogatory No. 42:** State all facts that support YOUR contention, if YOU so contend, that any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.[98]

23
24
25

**Interrogatory No. 50:** For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectible, all

26
27
28

[98]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 10-13, Proctor Dec. Exh. 7; Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7, Proctor Dec., Exh. 9.

1        DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the

2        foregoing.

3        Each of these interrogatories seeks facts relating to key issues in this

4  case -- including MGA's contentions, if any, regarding the priority of Mattel's rights

5  in Bratz vis-à-vis MGA; how Bryant's Inventions Agreement with Mattel,

6  assignment of rights to Bratz inventions to MGA, and services with or for MGA

7  while employed by Mattel affect who owns the rights to Bratz inventions; Mattel's

8  entitlement to punitive damages and other relief; MGA's purported innocent state of

9  mind; MGA's intentionally interference with the Inventions Agreement between

10  Bryant and Mattel; MGA's aiding and abetting Bryant's breach of fiduciary duty and

11  duty of loyalty to Mattel; why the Bratz dolls purportedly are not based on designs

12  Bryant created during his Mattel employment; and why the trade dress MGA

13  contends Mattel infringed is protectible.  Given that these interrogatories go to core

14  issues in this litigation, Mattel indisputably has a substantial need for the requested

15  information.  MGA cannot show burden sufficient to outweigh Mattel's need for this

16  critical information.[99]  Further, any claim by MGA that the interrogatories are

17  improper because they request "all facts" supporting MGA's contentions or an

18  identification of documents is without merit, as discussed above.[100]  The Court

19  should overrule MGA's objections and compel complete responses to Interrogatory

20  Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 42 and 50.

21     G.    **Mattel's Interrogatories About MGA's Searches For Documents**

22           **And Storage Devices Containing Evidence Of Early Work On**

23           **Bratz**

24        The information sought by Interrogatory Nos. 40 and 47 is also clearly

25  discoverable.  These interrogatories provide:

26

27    [99]  See Argument, Section II, _infra_.

28

1  **Interrogatory No. 40:** IDENTIFY each and every
   STORAGE DEVICE that YOU have used for any purpose
2  which contains or contained DIGITAL INFORMATION
   that REFERS OR RELATES TO BRATZ and/or ANGEL
3  prior to January 1, 2002.

4  **Interrogatory No. 47:** IDENTIFY each and every
   SOURCE OF INFORMATION from which YOU have
5  COLLECTED DOCUMENTS in THIS ACTION that
   REFER OR RELATE TO BRATZ and that also REFER
6  OR RELATE TO the time period prior to February 28,
   2001 (regardless of when such DOCUMENT was, in
7  whole or part, created, drafted, generated, sent, received or
   transmitted).[101]

8

9  These interrogatories are designed to test MGA's productions in this litigation and

10  obtain additional responsive documents and information. Such discovery plainly is

11  proper under the Federal Rules. See Fed. R. Civ. P. 26(b)(1) (permitting discovery

12  of "any nonprivileged matter that is relevant to any party's claim or defense —

13  including the existence, description, nature, custody, condition, and location of any

14  documents or other tangible things"); see also Fed. R. Civ. P. 34(a) (permitting a

15  party to serve a request to "inspect, copy, test, or sample" any "electronically stored

16  information . . . stored in any medium from which information can be obtained").

17  Nevertheless, MGA provided no answer whatsoever for No. 47 and only a

18  partial answer for No. 40. That partial response lacks most of the information

19  requested by Mattel, including an identification of specific storage devices, the

20  individuals who have used them, the persons who currently possess them, the dates

21  on which they were destroyed or copied (if any), etc.[102]

22

23

---

24  [100]  See id.

25  [101]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at
   13, Proctor Dec., Exh. 7; Mattel's Fifth Set of Interrogatories, dated October 19,
26  2007, Proctor Dec., Exh. 10.

27  [102]  See Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
   at 8, 13, Proctor Dec., Exh. 7.; MGA Entertainment, Inc.'s Supplemental Responses
28  (footnote continued)

07209/2326618.5                    -33-                    Case No. CV 04-9049 SGL (RNBx)
EXHIBIT ___4___    MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

PAGE ___87___

1         MGA's limited responses are improper. The law is clear that access to

2 a party's information storage systems may be granted in appropriate circumstances,

3 including where the party is shown to have improperly withheld relevant documents

4 or information. See, e.g., Ameriwood Industries v. Liberman, 2006 WL 3825291, at

5 *1 (E.D. Mo. 2006) (granting motion to compel imaging of defendant's hard drive

6 because the court had "cause to question whether defendants had produced all

7 responsive documents"); Simons Prop. Group L.P. v. Simon, Inc., 194 F.R.D. 639,

8 641 (S.D. Ind. 2000) (allowing plaintiff to inspect defendant's computer system

9 because plaintiff demonstrated "troubling discrepancies with respect to defendant's

10 document production"); Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050,

11 1054 (S.D. Cal. 1999) (allowing access to party's computer system where party had

12 systematically deleted e-mails after litigation commenced). Interrogatory Nos. 40

13 and 47 are directed at precisely this issue. Interrogatory No. 47 asks MGA to

14 identify the sources of information -- i.e., the media -- from which he has collected

15 documents relating to Bratz and the period prior to February 28, 2001, a key early

16 time period. By identifying such information, Mattel will be able to discover what

17 sources MGA has examined to produce the key documents in this case, and perhaps

18 more important, the sources MGA has not examined.[103]  That is legitimate

19 discovery. Interrogatory No. 40, which seeks the identification of the storage

20 devices MGA has used that contain early Bratz-related information, is also

21 _____

22 to Mattel, Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at

23 59-63, Proctor Dec., Exh. 21.

[103]  See Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 6-7

24 (defining scope of Interrogatory No. 47 to include not only sources of information

25 from which MGA has produced documents, but also any source MGA has collected,

reviewed, requested, sought, looked for, searched for or analyzed), Proctor Dec.,

26 Exh. 10; see id. at 7 (requiring MGA to state whether "each such SOURCE OF

27 INFORMATION contained or included DOCUMENTS that REFER OR RELATE

TO BRATZ and the time period prior to February 28, 2001").

28

EXHIBIT _____4_____

PAGE _____88_____

1   legitimate discovery because Mattel may have a right to access such storage devices.
2   The information requested by Mattel is necessary to determine whether MGA has
3   withheld responsive documents and to enable Mattel to obtain such documents.
4   MGA has not articulated valid objections to these interrogatories, nor can it.   See
5   Roesberg, 85 F.R.D. at 296-97 (objecting party has the burden of proving the
6   interrogatory improper).   MGA's objections should be overruled and complete
7   responses should be ordered.

8          During the meet and confer process, MGA proposed that the parties
9   exchange what MGA called "source logs" regarding the entirety of their productions
10  in lieu of MGA's provision of a response to Interrogatory Nos. 40 and 47.[104]
11  According to MGA's proposal, these "source logs" would provide certain
12  information for every document provided by MGA, including each document's
13  Bates number, the identity of the individual who created the document and the
14  location where the document was located by MGA.[105]   However, as Mattel pointed
15  out, these interrogatories do not request source information for every document in
16  the case, and instead seek information only about key early Bratz documents.   In
17  addition, the interrogatories seek additional information MGA proposes not be
18  included on the "source logs."[106]   For example, Interrogatory No. 40 seeks the
19  identification of all storage devices used by MGA to store relevant documents.
20  Such information would not be contained in MGA's proposed "source log," which
21  by definition would only provide the locations of documents actually produced by
22  MGA. It thus would not reveal sources that contain early Bratz documents that
23  MGA has not produced documents from.   The proposed a "source log" is not an

24

25  [104]   Letter from Proctor to Miller, dated December 13, 2007, at 3-4, Proctor Dec.,
26  Exh. 5.
    [105]   Id.
27  [106]   Id.

28

EXHIBIT   4

PAGE   89

-35-
MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

Case No. CV 04-9049 SGL (RNBx)

1 | adequate substitute for answering the interrogatories as it would do little to show
2 | Mattel where MGA looked for documents, as well as where MGA failed to look,
3 | and would do even less to identify storage devices.

4 | **H.   Mattel's Interrogatory Regarding MGA's Substitution of Counsel**

5 | MGA refuses to provide any response to Interrogatory No. 46, which
6 | calls for the "facts" relating to the dispute regarding this litigation between MGA
7 | and its former counsel.  During the meet and confer process, counsel for MGA
8 | refused to supplement this answer, asserting that "all" of the information called for
9 | is protected by the attorney-client privilege.[107]  That argument is not tenable.

10 | By its terms, Interrogatory No. 46 is limited to matters not protected by
11 | the attorney-client privilege and calls only for the revelation of non-privileged *facts*:

12 | **Interrogatory No. 46:**  Without disclosing the content of
13 | communications which are protected by the attorney-client
| privilege, state fully and in detail all facts which REFER
14 | OR RELATE TO any dispute regarding THIS ACTION
| between, on the one hand, O'MELVENY and/or
15 | CHRISTENSEN, including but not limited to any and all
| disputes which were or have been asserted as a basis for,
| or which underlie, contributed to or were a factor in, the
16 | withdrawal,    termination    and/or    substitution    of
| O'MELVENY and/or CHRISTENSEN as counsel of
17 | record in this ACTION, and IDENTIFY all PERSONS
| with knowledge of such facts and all DOCUMENTS that
18 | REFER OR RELATE TO such facts.[108]

19 | In light of the terms of the interrogatory, MGA's purported basis for
20 | refusing to respond is baseless.  In general, neither the attorney-client privilege nor
21 | the work product doctrine protects *facts*, as the Court held.[109]  The protection of the

22 |

23 | [107]  Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec.,
24 | Exh. 5.
| [108]  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9, Proctor
25 | Dec., Exh. 10.
26 | [109]  E.g., Order Granting Mattel's Motion for an Extension of Time to Depose
27 | Paula Garcia in her Individual Capacity and as a 30(b)(6) Designee; Denying
| Request for Sanctions, dated August 14, 2007, at 12-13, Proctor Dec., Exh. 50.
28 |

1 attorney-client privilege extends only to communications; it does not extend to the
2 facts underlying privileged communications. <u>Upjohn Co. v. United States</u>, 449 U.S.
3 383, 390 (1981); <u>see also</u> <u>In re Grand Jury Investigation</u>, 974 F.2d 1068, 1070 (9th
4 Cir. 2002) (the party asserting the privilege has the burden of establishing that the
5 privilege applies). In addition, "courts have consistently held that the work-product
6 concept furnished no shield to discovery...*of the facts* that the adverse party's lawyer
7 has learned, or the persons from whom he has learned such facts, or the existence or
8 non-existence of documents, even though such documents themselves may not be
9 subject to discovery." <u>Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et. al.</u>,
10 120 F.R.D. 504, 509 (W.D. La. 1988) (citing 8 Wright & Miller, Federal Practice &
11 Procedure, § 2023, at 194 (1970) (emphasis added); <u>Garcia v. City of El Centro</u>, 214
12 F.R.D. 587, 591 (S.D. Cal. 2003) ("[B]ecause the work product doctrine is intended
13 only to guard against divulging the attorney's strategies and legal impressions, it
14 does not protect *facts* concerning the creation of work product or *facts* contained
15 within work product.") (emphasis added). MGA's blanket privilege objection is
16 improper.

17          Further belying MGA's contentions, Mr. Larian and MGA's counsel
18 have discussed this matter in the press. For example, in a November 2, 2007 article
19 published on Law.com, both Larian and MGA's counsel made statements about
20 what they claimed to be the crux of the dispute that led to a substitution of
21 counsel.[110] Larian stated that the substitution of counsel was due in part to the fact
22 that "O'Melveny was pushing for [one of its attorneys] to come in as new trial
23 counsel in this case, and we decided against that," and that "[MGA] decided to go
24 with Skadden and Tom Nolan."[111] In the same article, Mr. Nolan stated that "Patty
25
_____
26    [110]   Article entitled <u>Behind the Scenes, Bratz Doll Case Heats Up</u>, published on
27 Law.com on November 11, 2007, Proctor Dec., Exh. 53.
       [111]   <u>Id.</u>
28

-37-                    Case No. CV 04-9049 SGL (RNBx)
                                                   MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

EXHIBIT 4

PAGE 91

1  Glaser agreed that the matter should be handled by one firm."[112] Thus, MGA has
2  already intentionally disclosed to the public what it claims are the facts underlying
3  MGA's dispute with its former counsel.   Assuming this information ever were
4  privileged, it has now been waived.

5         The facts sought by this interrogatory clearly are discoverable and
6  relevant.  In its application to the Court regarding its withdrawal, the O'Melveny
7  firm cited California Rule of Professional Conduct 3-700(c) as a basis for its
8  withdrawal,[113] but did not clarify which of the eleven prongs of that section applied.
9  If, to take one of many possible examples, O'Melveny attempted to withdraw
10 because MGA was seeking "to pursue an illegal course of conduct" or "insist[ed]
11 that the member pursue a course of conduct that is illegal or that is prohibited under
12 these rules or the State Bar Act," such information would be both non-privileged
13 and highly relevant to Mattel's case.  If O'Melveny attempted to withdraw because
14 MGA sought to provide false testimony, that would be relevant and non-privileged.
15 Because they clearly can reveal relevant, non-privileged information that in fairness
16 an opposing party should have access to, Courts grant disclosure of the facts relating
17 to counsel's withdrawal in appropriate cases.  See, e.g., George v. Siemens Indus.
18 Automation, Inc., 182 F.R.D. 134, 142 (D.N.J. 1998) (following motion to
19 withdraw, sua sponte granting defendant access to language in attorney's in camera
20 declaration discussing plaintiff's mental state where her psychological condition was
21 relevant to the suit and the facts in the declaration were not privileged); Blowers v.
22 Lawyers Co-op. Pub. Co., 1982 WL 221, *5 (W.D.N.Y. 1982) (granting motion to
23 obtain transcript of in camera proceedings related to motion to withdraw as counsel

24

25  [112]  Id.

26  [113]  Ex Parte Application of O'Melveny & Myers LLP for Order Shortening
27  Time for Hearing Its Motion to Withdraw and Requiring In Camera Inspection of
   Supporting Documents, dated October 8, 2007, at 1, Proctor Dec., Exh. 51.

28

1 || where discussion involved non-privileged fee arrangements). This is such a case.

2 || MGA should be compelled to provide a full and complete answer to Interrogatory

3 || No. 39 that will disclose relevant, non-privileged facts.

4

5                                              **Conclusion**

6              For the foregoing reasons, Mattel respectfully requests that the

7 || Discovery Master (1) overrule all of MGA's objections and limitations and (2)

8 || compel MGA to provide full and complete responses to Interrogatory Nos. 27-44

9 || and 46-50 in Mattel's Revised Third, Amended Fourth, Fifth and Seventh Sets of

10 || Interrogatories.

11

12

13 || DATED: December 20, 2007          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
14

15

16                                     By _B. Dylan Proctor /sm_
                                          B. Dylan Proctor
17                                        Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

01209/2326618.5

EXHIBIT 4

PAGE 93

# EXHIBIT 5

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**