# EXHIBIT 6

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 7

# THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 8

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13          Plaintiff,

14                                         Consolidated with
        v.                                 Case No. CV 04-09059
15                                         Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                         **ORDER GRANTING IN PART AND**
            Defendant.                     **DENYING IN PART MATTEL'S**
17                                         **MOTION TO COMPEL RESPONSES**
                                           **TO INTERROGATORY NOS. 27-44**
18                                         **AND 46-50 BY THE MGA PARTIES**

19
    CONSOLIDATED WITH
20  MATTEL, INC. v. BRYANT and
    MGA ENTERTAINMENT, INC. v. MATTEL,
21  INC.

22                        I. INTRODUCTION

23      On December 20, 2007, Mattel, Inc. ("Mattel") submitted a Motion to Compel Responses

24  to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties.  MGA Entertainment, Inc., MGA

25  Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (collectively

26  referred to as "MGA parties") submitted an opposition on December 31, 2007.  Mattel submitted

27  a reply on January 7, 2008.  On February 8, 2008, the MGA parties submitted their second

28
    Bryant v. Mattel, Inc.,                                                      1
    CV-04-09049 SGL (RNBx)

2·15·08

EXHIBIT ____8____

PAGE ____162____

1  supplemental responses and third supplemental responses to the interrogatories at issue.  The

2  matter was heard on February 11, 2008.

3  II. BACKGROUND

4      Mattel served its Revised Third Set of Interrogatories on the MGA parties on September

5  21, 2007, asking each of them the same fifteen questions (Nos. 27-41).  Mattel served its Fourth

6  Set of Interrogatories on the MGA parties on October 12, 2007, propounding four additional

7  interrogatories (Nos. 42-45).  Mattel served an Amended Fourth Set on October 23, 2007,

8  removing No. 45, but retaining Nos. 42-44.  Mattel served its Fifth Set of Interrogatories on

9  October 19, 2007, which consisted of two additional questions (Nos. 46-47).  On October 23,

10  2007, Mattel served its Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to

11  replace the previously withdrawn interrogatory.  On October 25, 2007, Mattel served its Seventh

12  Set of Interrogatories, which consisted of Nos. 48-50.

13      In November of 2007, the MGA parties served responses and objections to Mattel's

14  interrogatories, and in some instances supplemental responses.  For the most part, the answers of

15  each of the MGA parties are substantially similar.  However, in several instances where MGA

16  Entertainment, Inc. provides a response, either MGA Entertainment (HK), MGAE de Mexico

17  S.R.L. de C.V. and/or Larian do not, asserting that the interrogatory "appears directed at another

18  party."

19      The parties met and conferred on December 10 and 12, 2007 regarding the supplemental

20  responses.  The MGA parties offered to provide supplemental responses by January 7, 2008.

21  Mattel contends, however, that the scope of the MGA parties' proposed supplemental responses

22  was inadequate.  Therefore, Mattel filed the instant motion on December 20, 2007.[1]

23      Mattel contends that the interrogatories at issue seek information relevant to central issues

24  in the case, such as:  MGA's contentions regarding which Bratz inventions were created before,

25

26      [1] One of the issues raised in the motions papers --whether the interrogatories exceed the 50 interrogatory

27  per side limit -- has been rendered moot by Judge Larson's Order Granting in Part and Denying in Part Mattel's
    Motion for Leave to Take Additional Discovery, dated January 7, 2008.

28  Bryant v. Mattel, Inc.,                                                          2
    CV-04-09049 SGL (RNBx)

EXHIBIT  8

PAGE  163

1  during and after Carter Bryant's ("Bryant") employment with Mattel; the identity of electronic

2  storage devices MGA used prior to 2002 for digital information related to Bratz; the identity of

3  the sources of information from which MGA has collected documents in this litigation which

4  relate to Bratz and the time period prior to February 28, 2001; the facts allegedly supporting

5  MGA's contention that the Bratz dolls are not based on designs Bryant created while employed

6  by Mattel; MGA's contentions regarding Mattel's claims against MGA, Bryant and others,

7  including how Bryant's Inventions Agreement with Mattel and his assignment of rights to Bratz

8  inventions to MGA and services with or for MGA while employed by Mattel affect who owns the

9  rights to Bratz inventions, and the alleged basis for MGA's claims that it purportedly acted with

10  innocent intent; the identity of MGA's bank or financial accounts; the identity of former Mattel

11  employees that have been employed by MGA; non-privileged facts concerning the dispute

12  leading to the withdrawal of MGA's prior counsel that relate to MGA's handling of discovery in

13  this case; the facts supporting MGA's claims against Mattel, including MGA's contentions that

14  Mattel has copied, infringed or diluted MGA's trade dress; and the relevant dates regarding the

15  products MGA asserts MGA has copied or infringed. Mattel's Motion at pp. 2-3.

16      Mattel contends that although it has received responses to all of the interrogatories except

17  Nos. 39, 46 and 47, all of the responses are deficient. As an initial matter, Mattel contends that

18  the MGA parties' "boilerplate" objections – that the interrogatories are vague and ambiguous,

19  overbroad, unduly burdensome and oppressive, seek information not in the possession, custody or

20  control of MGA, seek information protected by the attorney-client privilege, work product or joint

21  defense privileges, and call for a legal conclusion – are without merit. Mattel contends that the

22  MGA parties fail to specify how the questions are overbroad, unduly burdensome or oppressive.

23  Mattel also contends that its interrogatories do not require the disclosure of privileged information

24  or work product, but rather require the MGA parties to state their contentions about facts or the

25  application of law to facts.

26      Mattel further contends that some of the MGA parties' responses are deficient in that they

27  merely lay out the "basic facts" (instead of "all facts") on which they intend to rely, without any

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT ___8___

PAGE ___164___

1   details. Mattel contends that its contention interrogatories, including the purportedly "negative"

2   interrogatories asking for every fact which supports the denial of a statement or allegation, are

3   commonly used and well accepted to elucidate facts regarding a party's contentions, absent a

4   showing of undue burden. Indeed, Mattel points to decisions by the district judge which it

5   contends supports its use of the contention interrogatories at issue. Mattel also points out that it

6   provided the MGA parties with the details supporting its contentions in a one hundred-ten page

7   supplemental interrogatory response, and contends that the MGA parties ought to provide

8   comparable details to Mattel.

9        Mattel also contends that the MGA parties have unilaterally limited many of their

10   responses by disregarding Mattel's definitions of terms and phrases used in the interrogatories.

11   Further, Mattel contends that the MGA parties have failed to identify with specificity documents

12   they intend to rely upon, as requested by some of the interrogatories.

13        Mattel acknowledges that fully responding to the interrogatories will require some effort.

14   However, Mattel contends that the interrogatories are not unduly burdensome in this high stakes

15   litigation. Mattel contends that its need to discover MGA's key contentions outweighs any effort

16   the MGA parties will be required to undertake to disclose the requested information.

17   Accordingly, Mattel seeks an order overruling all of the MGA parties' objections and compelling

18   the MGA parties to provide complete responses to Interrogatory Nos. 27-44 and 46-50.

19        The MGA parties contend that their current responses comply with Rule 33 of the Federal

20   Rules of Civil Procedure and that Mattel is not entitled to any additional information for a number

21   of reasons. The MGA parties raise four main arguments in opposition to Mattel's motion. First,

22   the MGA parties contend that Mattel is not entitled to information about MGA's substitution of

23   counsel because such information is protected by the attorney-client privilege or the work product

24   doctrine. Second, the MGA parties contend that Mattel is not entitled to the sweeping financial

25   data that has been requested. Third, the MGA parties contend that Mattel's contention

26   interrogatories contain misleading and unfair definitions and are unduly burdensome in that they

27   require a recitation of all facts supporting the MGA parties' contentions. Fourth, the MGA parties

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)
                                                                                                    4



EXHIBIT ___8___

PAGE ___165___

1  contend that Rule 33 does not require a response to a contention interrogatory to set forth more

2  than the principal factual and legal bases for the response.

3                                    III. STANDARDS

4       Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

5  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

6  party." Fed.R.Civ.P. 26(b)(1).  Fishing expeditions to discover new claims, however, are not

7  permitted.  See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

8  2004) ("District courts need not condone the use of discovery to engage in 'fishing

9  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

10  (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

11  (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

12  the phrase "subject matter involved in the pending action," were intended to prevent discovery

13  that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

14  litigate the issues presented by the pleadings but to develop new claims or defenses.).

15       Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

16  extent of use of the discovery methods if the court determines that (i) the discovery sought is

17  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

18  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

19  opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

20  expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

21  the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

22  the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

23  26(b)(2)(C).

24       Rule 33 of the Federal Rules of Civil Procedure allows a party to propound

25  interrogatories, for which the responding party is required to furnish such information as is

26  available to the party after conducting a reasonable inquiry.  "Each interrogatory must, to the

27  extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                              5

EXHIBIT  8

PAGE  166

1   33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity."

2   Fed.R.Civ.P. 33(b)(4).

3   IV. DISCUSSION

4   A. Interrogatories About the Identity of Bratz Inventions (Nos. 27, 28 and 29)

5       Interrogatory Nos. 27-29 request information relating to Bratz inventions created during

6   three different time periods, namely before, during and after Bryant's employment with Mattel:

7       **Interrogatory No. 27:** IDENTIFY each and every BRATZ INVENTION YOU
        contend was CREATED, in whole or in part, prior to January 4, 1999, and for
8       each BRATZ INVENTION so identified state all FACTS that support YOUR
        contention that such BRATZ INVENTION (or aspects or portions thereof) was
9       CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with
        knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO
10      such facts.

11      **Interrogatory No. 28:** IDENTIFY each and every BRATZ INVENTION YOU
12      contend was CREATED, in whole or in part, after October 19, 2000 and before
        June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS
13      that support YOUR contention that such BRATZ INVENTION (or aspects or
14      portions thereof) was CREATED after October 19, 2000 and before June 1, 2001,
        and IDENTIFY all PERSONS with knowledge of such facts and all
15      DOCUMENTS which REFER OR RELATE TO such facts.

16
17      **Interrogatory No. 29:** IDENTIFY each and every BRATZ INVENTION that
        was CREATED, in whole or in part, after January 3, 1999 and before October 21,
18      2000, and for each BRATZ INVENTION so identified state all FACTS that
        REFER OR RELATE TO the timing of the creating of such BRATZ
19      INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all
        DOCUMENTS which REFER OR RELATE TO such facts.

20

21  Mattel contends that these interrogatories seek information that is plainly relevant and

22  discoverable, and that the MGA parties do not contend otherwise. Mattel further contends that

23  the partial response given using the MGA parties' definition, not Mattel's definition, of BRATZ

24  INVENTION is inadequate. Mattel also contends that the MGA parties have failed to carry their

25  burden of showing that the interrogatories are burdensome or oppressive, particularly given the

26  importance of the information sought. Mattel emphasizes that the information sought will prove

27  liability as to a number of its claims. Moreover, Mattel contends that knowing which inventions

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                          6

EXHIBIT ___8___

PAGE ___167___

1   MGA claims were created before and just after Bryant's second period of employment at Mattel

2   is essential so that Mattel can avoid unfair surprise at trial and impeach the defendants'

3   chronology of Bratz design and development.

4         The MGA parties contend that Mattel is using misleading and unfair definitions to create

5   jury confusion.  In particular, the MGA parties object to Mattel's definition of "BRATZ

6   INVENTION," which they contend contains separate component parts ("representation, idea,

7   concept, work, process, procedure, plan, improvement, DESIGN or other development"), and

8   Mattel's definition of "DESIGN," which they contend adds at least another 21 elements ("all

9   works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints,

10  schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

11  practice, developments, inventions and/or improvements").  The MGA parties contend that

12  including all of these concepts in the definition "improperly conflates distinct issues of patent law,

13  copyright protection, trade secret law and the common law protecting original ideas, many of

14  which have no place in the ordinary usage of the term 'invention.'"  MGA Parties' Opposition at

15  2:11-13.  The MGA parties emphasize that these distinctions are important because Mattel lays

16  claim to Bratz under a January 4, 1999 "Employee Confidential Information and Inventions

17  Agreement."  Further, the MGA parties accuse Mattel of using the contention interrogatories to

18  elicit a misleading "sound bite" it can read to the jury to argue that the MGA parties concede that

19  Bryant "invented" Bratz while employed by Mattel.  The MGA parties contend that they have

20  provided adequate responses to the interrogatories using the common and ordinary meaning of the

21  term "invention," and should not be required to provide anything further.

22        Next, the MGA parties contend that they have given Mattel the principal factual and legal

23  bases for their contentions, and Rule 33 does not require them to provide anything further.  The

24  MGA parties contend that requiring a narrative response setting forth all evidence in support of

25  their contentions would render the interrogatories unduly burdensome and "inherently improper."

26  See e.g. Clean Earth Remediation & Constr. Servs. v. Am. Int'l Group, 245 F.R.D. 137, 141 (S.D.

27  N.Y. 2007) ("[A] number of cases have held that interrogatories seeking identification of all facts

28

EXHIBIT _____8_____

PAGE _____168_____

1    supporting a particular allegation are *inherently improper*.").

2        Mattel's motion to compel further responses to Interrogatory Nos. 27-29 is denied because

3 the interrogatories are overbroad and unduly burdensome. The definition of "Bratz Invention" is

4 extremely broad, encompassing numerous intellectual property concepts. Mattel has not shown

5 how each and every concept embedded in its multi-faceted definition of "Bratz Invention" is

6 relevant to interpreting the term "invention" for purposes of enforcing the "Employee

7 Confidential Information and Inventions Agreement," signed by Bryant. The breadth and undue

8 burden of Interrogatory Nos. 27-29 are also compounded by the fact that Mattel is employing an

9 extremely broad definition of "Bratz Invention" in a contention interrogatory seeking all facts

10 supporting the MGA parties' contentions, the identities of all persons knowledgeable, and all

11 supporting documents. Not all contention interrogatories requiring a recitation of all facts,

12 documents and witness are objectionable. See e.g. Tatum v. Schwartz, 2007 WL 2220977 at *1

13 (E.D. Cal. Aug. 2, 2007) (noting that contention interrogatories can impose undue burdens, but

14 that "courts have otherwise approved of them when they are limited to discrete, narrow factual

15 events"); Roberts v. Heim, 130 F.R.D. 424, 427 (N.D. Cal. 1989) (recognizing a broad spectrum

16 of contention interrogatories, and noting that it is not possible to announce a hard and fast rule as

17 to the exact amount of detail a party has to supply in response to a contention interrogatory). In

18 the instant case, however, Mattel's contention interrogatories would force the MGA parties to

19 review the nearly 4 million pages of documents produced in this action and more than 50 days of

20 deposition testimony in search of information relating to "any representation, idea, concept, work,

21 process, procedure, plan, improvement, design or other development" that refers or relates to

22 Bratz, including "all works, designs, artwork, sketches, drawings, illustrations, representations,

23 depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

24 rotocasts, reductions to practice, developments, inventions and/or improvements" that refer or

25 relate to Bratz. It is not the MGA parties' responsibility to re-write the interrogatories in a

26 manner that will yield Mattel the most amount of information to support Mattel's claims and

27 defenses. On balance, the burden of responding further to Interrogatory Nos. 27-29, as written,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 8

PAGE 169

1   outweighs the likely benefit of the interrogatories, taking into account the needs of the case, the

2   amount in controversy, the parties' resources, the importance of the issues at stake in the

3   litigation, and the importance of the proposed discovery in resolving the issues.

4          In any event, the MGA parties' responses are adequate under the circumstances. Faced

5   with overbroad and unduly burdensome interrogatories, the MGA parties provide facts supporting

6   the contentions identified in the interrogatories, identify persons with knowledge of those facts,

7   and identify the principal documents or categories of documents that support each contention.

8   See e.g. Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006). For example, in response to

9   Interrogatory No. 27, the MGA parties set forth their contention that the concept for a new line of

10  fashion dolls envisioned by Bryant in August and/or September of 1998 could not have been

11  patented as a utility patent because fashion dolls were in the public domain for the purposes of

12  utility patent protection. However, the MGA parties contend that Bryant's idea of a line of

13  fashion dolls he called Bratz was sufficiently novel and original to be protected under California

14  law as a confidential novel idea under Desny v. Wilder, 46 Cal.2d 715 (1956) and its progeny.

15         The MGA parties' supplemental responses to Interrogatory No. 27 also include the MGA

16  parties' contention that Bryant's pre-1999 drawings were never reduced to practice; that design

17  patents are not available for drawings or two-dimensional flat art of the sort that Bryant sketched

18  in 1998; that Bryant was not a sculptor and any effort to translate his pre-1999 two-dimensional

19  flat art into a three-dimensional form for use as a fashion doll sculpt would have produced shapes

20  that were different from the actual shape of the final three-dimensional Bratz sculpt used in

21  manufacturing the first generation of Bratz dolls released on the market by MGA in or about June

22  2001; that the final physical shape of the first generation of Bratz dolls released on the market by

23  MGA in or about June 2001 was conceived by Margaret Leahy; and that Bryant's drawings used

24  standard fashion model poses, and thus were not novel or original. Further, the MGA parties'

25  supplemental responses to Interrogatory No. 27 include the MGA parties' contention that the

26  drawings Bryant completed in August and September of 1998 contained original expression

27  covered by copyright, but that subsequent modifications and versions of the drawings made by

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                          9

EXHIBIT ___8___

PAGE ___170___

1  Bryant in 1999 and 2000 did not contain original expression. The MGA parties also identify

2  numerous individuals having knowledge of the facts supporting their contentions, and identify

3  documents that are relevant to the MGA parties' contentions.

4  B. Interrogatory About the Identity of Former Mattel Employees Hired by MGA (No. 41)

5       Interrogatory No. 41 asks the MGA parties to "IDENTIFY" all former Mattel employees

6  "who are now or have been employed" by MGA since January 1, 1999. More specifically,

7  Interrogatory No. 41 asks the MGA parties to:

8         IDENTIFY all PERSONS who at any time have been employed by or under
          contract with MATTEL who are now or have been employed by or under contract

9         with YOU since January 1, 1999, and, for each such PERSON, state his or her
          name, date of hire or effective date of contract, the date on which YOU first had

10        contact with such PERSON regarding potential employment or contracting, the
          date(s) on which such PERSON was interviewed for possible employment or

11        contracting, each title (if any) such PERSON has held while employed by or
          under contract with YOU, and the date of termination (if applicable).

12

13 In their supplemental response, the MGA parties assert numerous objections, but also provide a

14 list of well over a hundred individuals with their position title and employment dates.

15      Mattel contends that the MGA parties' response is incomplete because it does not contain

16 the date of first contact regarding potential employment or contracting, as well as the interview

17 date for potential employment or contracting.

18      The MGA parties contend that during the meet and confer process, they agreed to

19 investigate whether the additional requested information was reasonably available. The MGA

20 parties represent that they are in the process of looking for the requested information, and that

21 they will supplement their response if the information is reasonably available without undue

22 burden.

23      Mattel's motion to compel a further response to Interrogatory No. 41 is granted in part.

24 The requested information is clearly relevant to Mattel's claims, and the MGA parties do not

25 contend otherwise. In particular, the date of first contact, interview date, start date and end date

26 for Bryant's employment are highly relevant, but are conspicuously absent from the MGA

27 parties' response. The MGA parties shall provide the missing information for Bryant. In

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT   8

PAGE   171

1  addition, the MGA parties shall provide the interview dates for each of the individuals identified

2  in their supplemental responses.  The interview dates are potentially relevant to Mattel's claim

3  that the MGA parties induced former Mattel employees to abscond with Mattel's trade secrets.

4  However, the MGA parties are not required to provide the date of first contact for each individual

5  because the burden of producing such information outweighs its likely benefit, taking into

6  account the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

7  C. Interrogatories re Allegedly Copied or Infringed Products (Nos. 43-44)

8         Interrogatory Nos. 43 and 44 request dates on which each "concept, design, product,

9  product packaging or other matter that YOU contend Mattel copied or infringed" was (1)

10  "conceived" and (2) "first fixed in any tangible medium of expression," and the identity of

11  persons with knowledge and documents that refer or relate to the foregoing.  In the responses, the

12  MGA parties state numerous objections, but also refer Mattel to MGA's response to Interrogatory

13  No. 3 of Mattel's First Set of Interrogatories re Claims of Unfair Competition. The MGA parties

14  also respond that, in general, at MGA, product development is completed 7-8 months before the

15  first invoice date, although that time period could be reduced in certain situations to 5-6 months.

16         Mattel contends that the information it seeks is relevant to its defense against MGA's

17  claims that Mattel copied or infringed MGA's products.  One of Mattel's defenses is that "Mattel

18  was the one who came up with relevant matters first – before MGA – and that MGA was the one

19  who copied or stole from Mattel." Mattel's Motion at p.23.  Mattel contends that the MGA

20  parties' responses to Interrogatory Nos. 43 and 44 are inadequate because the referenced

21  Interrogatory No. 3 requested different information, namely the dates on which the products were

22  first "disclosed to any PERSON not employed by MGA" and first "made available for sale."

23         In response to the instant motion to compel, the MGA parties represent that they are

24  assessing whether they can provide more specific information without undue hardship, and will

25  supplement their responses if such information is available.  MGA's Opposition at p.29.

26         Mattel's motion to compel further responses to Interrogatory Nos. 43 and 44 is granted.

27  The requested information is relevant to Mattel's defense against the MGA parties' claims that

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT ___8___

PAGE ___172___

1    their products have been copied or infringed by certain Mattel products. Although the MGA

2    parties served supplemental responses after filing their opposition brief, the supplemental

3    responses do not include the requested information. The MGA parties have failed to establish

4    that the interrogatories are unduly burdensome.

5    D. Interrogatories About the Trade Dress MGA Claims Mattel Products Infringe (Nos. 48-50)

6         Interrogatory Nos. 48-50 are directed to the MGA parties' trade dress claims:

7         **Interrogatory No. 48:** Separately IDENTIFY each trade dress that YOU
          contend MATTEL has copied, infringed or diluted or that is otherwise the
8         subject of YOUR claims, defenses or allegations in THIS ACTION.

9         **Interrogatory No. 49:** For each trade dress identified in response to
          Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL
10        product, packaging or other matter that YOU contend copies, infringes or dilutes
          such trade dress, including without limitation by describing fully and separately,
11        for each such MATTEL product, packaging or other matter, each and every
          element of the claimed trade dress that YOU contend MATTEL has copied,
12        infringed or diluted.

13        **Interrogatory No. 50:** For each trade dress identified in response to
          Interrogatory No. 48, separately and completely IDENTIFY all facts that support
14        YOUR contention that such trade dress is protectible, all DOCUMENTS that
          REFER OR RELATE to the foregoing and all PERSONS with knowledge of the
15        foregoing.

16        Mattel contends that these interrogatories seek core contentions underlying the MGA

17   parties' trade dress infringement claims and that the partial responses provided are inadequate

18   because they set forth only the "basic facts" without identifying a single product that MGA

19   alleges was infringed or any other details. Mattel also contends that the responses are improper

20   insofar as the MGA parties state that their responses "may be incomplete" as the subject matter of

21   this interrogatory will be the source of expert testimony and an expert may identify additional

22   facts that support MGA's contentions. Mattel contends that such a limitation would allow MGA

23   to sandbag Mattel by introducing new products into the litigation after fact discovery has closed.

24        As a preliminary matter, the MGA parties contend that Interrogatory Nos. 48-50 are

25   directed to a Phase 2 issue, and therefore, they reserve their right to supplement the responses in

26   Phase 2. Nevertheless, the MGA parties contend that their responses provide Mattel with the

27   principal facts supporting their contentions in compliance with Rule 33.

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                    12



EXHIBIT ___8___

PAGE ___173___

1       Mattel's motion to compel further responses to Interrogatory Nos. 48-50 is denied.  The

2   MGA parties are in substantial compliance with Rule 33, having identified numerous elements of

3   trade dress they contend Mattel has infringed.  More specifically, the MGA parties' responses

4   identify Mattel's "My Scene" fashion dolls and pet dolls as the Mattel products that infringe their

5   trade dress.  The MGA parties also set forth the principal facts supporting their contention that

6   their trade dress is protectible under the applicable trade dress legal principles, including that the

7   trade dress is aesthetic and non-functional, inherently distinctive, and has acquired secondary

8   meaning.  That the interrogatory responses include a reservation of rights to supplement during

9   expert discovery does not render the responses inherently improper or inadequate.  Mattel does

10   not contest that the identification of the elements and products subject to trade dress infringement

11   will be a subject of expert testimony.

12   E. Interrogatory About the Identity of MGA's Bank Accounts (No. 39)

13       Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or financial

14   institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or

15   for YOUR benefit, since January 1, 1999."  The MGA parties objected to this interrogatory as

16   seeking information "not relevant to the claims or defenses of any party to the action and not

17   reasonably calculated to lead to the discovery of admissible evidence."

18       Mattel contends that the information sought is discoverable because it may lead to direct

19   evidence of liability regarding Mattel's allegations of commercial bribery against MGA and

20   Larian.  More specifically, Mattel contends that the timing and amounts of payments made to

21   Bryant and to other then-Mattel employees from MGA's bank accounts would establish

22   commercial bribery and other tortious conduct.  Mattel also contends that the timing of such

23   payments would also be indicative of the timing of Bryant's first involvement with MGA.

24   Further, Mattel contends that the requested information is relevant to establish net worth for

25   purposes of calculating punitive damages.  Mattel also contends that the MGA parties' objection

26   based upon Rule 69(a), Fed.R.Civ.P., is without merit because the requested information is

27   independently relevant to many issues in the liability phase of trial, and is not just directed at

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT 8

PAGE 174

1    seeking discovery in aid of a judgment or execution.

2        The MGA parties contend that Mattel is not entitled to the sweeping financial data sought

3    in Interrogatory No. 39. The MGA parties are particularly concerned that Mattel will use the

4    information it obtains pursuant to Interrogatory No. 39 to launch abusive third-party discovery for

5    even more private financial information. Further, the MGA parties contend that Mattel has

6    already received substantial financial information from MGA Entertainment, Inc. directly, and

7    has not shown how that information is insufficient. More specifically, the MGA parties point out

8    that Mattel already has audited and unaudited quarterly and annual profit and loss statements;

9    audited and unaudited quarterly and annual statements; annual reports; various MGA financial

10   reports; various financial documents relating to Veronica Marlow; documents showing royalty

11   payments to Bryant; documents showing MGA's sales, returns and costs of good sold for each

12   month, by SKU, since 2001; documents showing MGA's promotional advertising and media

13   expenditures, including MGA's internal allocation of those expenditures by brand and/or product;

14   documents showing MGA's amortization and depreciation of certain capital assets and

15   expenditures; documents showing MGA's monthly general ledger entries aggregated by account,

16   including income and expense accounts, reserves and liabilities; and documents sufficient to

17   explain MGA's various accounts as presently and historically maintained in MGA's books and

18   records, as well as various nomenclature assigned to items, products, brands, sub-brands, and

19   profit centers. MGA's Opposition at pp. 10-11. Further, the MGA parties contend that MGA's

20   witness, Lisa Tonnu, has testified regarding payments to Mr. Bryant.

21       Mattel's motion to compel a further response to Interrogatory No. 39 is denied on the

22   grounds that the financial information sought is cumulative of other discovery already sought and

23   obtained by Mattel, as outlined above by the MGA parties. Mattel has also sought and obtained

24   documents sufficient to identify each of Mr. Larian's bank accounts or financial institutions and

25   other banking relationships since January 1, 1999. See Order Granting in Part and Denying in

26   Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for

27   Sanctions (Document Request No. 207). Further, as Mattel acknowledges, Mattel has sought and

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                14

EXHIBIT ___8___

PAGE ___175___

1    obtained deposition testimony regarding payments to Mr. Larian, including the account to which

2    such payments were made. See Order Granting in Part and Denying in Part Mattel's Motion to

3    Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6).

4    In light of the financial information discovery Mattel has already obtained, Interrogatory No. 39 is

5    unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

6    F. Contention Interrogatories (Nos. 30-38 and 42)

7         Mattel served several contention interrogatories on several additional topics. The

8    remaining contention interrogatories at issue are set forth below.

9         **Interrogatory No. 30:** State all facts that support YOUR contention, if YOU so
10        contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION
          to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to
11        priority over and/or has superior rights to MATTEL as to such BRATZ
          INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and
12        all DOCUMENTS that REFER OR RELATE TO such facts.

13        **Interrogatory No. 31:** State all facts that support YOUR contention, if YOU so
          contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and
14        IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
          that REFER OR RELATE TO such facts.

15        **Interrogatory No. 32:** State all facts that support YOUR contention, if YOU so
          contend, that MATTEL is not or would not be entitled to injunctive relief as
16        requested in its COMPLAINT and/or COUNTERCLAIMS if it is not ultimately
          determined that MATTEL owns one or more BRATZ INVENTIONS, and
17        IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
          that REFER OR RELATE TO such facts.

18

19        **Interrogatory No. 33:** State all facts that support YOUR contention, if YOU so
          contend, that MATTEL is not entitled to an award of punitive or exemplary
20        damages against YOU, and IDENTIFY all PERSONS with knowledge of such
          facts and all DOCUMENTS that REFER OR RELATE TO such facts.

21        **Interrogatory No. 34:** State all facts that support YOUR contention, if YOU so
          contend, that YOU did not intentionally interfere with the INVENTIONS
22        AGREEMENT when BRYANT purported to TRANSFER and MGA purported
          to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge
23        of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

24        **Interrogatory No. 35:** State all facts that support YOUR contention, if YOU so
          contend, that YOU did not aid or abet any breach of fiduciary duty or duty of
25        loyalty owed by BRYANT to MATTEL when BRYANT performed work or
          services with or for MGA while BRYANT was employed by MATTEL, and
26        IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
          that REFER OR RELATE TO such facts.

27

28        **Interrogatory No. 36:** State all facts that support YOUR contention, if YOU so

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                          15

EXHIBIT   8

PAGE   176

contend, that YOU acted with an innocent state of mind or reasonably believed that MATTEL did not own any rights in any BRATZ INVENTION when Bryant purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 37:** State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach the INVENTIONS AGREEMENT when BRYANT purported to TRANSFER right to BRATZ to MGA, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 38:** State all facts that support YOUR contention, if YOU so contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary duties to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 42:** State all facts that support YOUR contention, if YOU so contend, that any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

Mattel contends that each of these interrogatories seeks facts relating to key issues in this case, including MGA's contentions, if any, regarding the priority of Mattel's rights in Bratz vis-à-vis MGA; how Bryant's Inventions Agreement with Mattel, Bryant's assignment of rights to Bratz inventions to MGA, and Bryant's services with or for MGA while employed by Mattel affect who owns the rights to Bratz inventions; Mattel's alleged entitlement to punitive damages and other relief; MGA's purported innocent state of mind; MGA's alleged intentional interference with the Inventions Agreement; MGA's alleged aiding and abetting of Bryant's breach of fiduciary duty and duty of loyalty to Mattel; why the Bratz dolls purportedly are not based on designs Bryant created during his Mattel employment; and why the trade dress MGA contends Mattel infringed is protectible. Mattel contends that the MGA parties cannot show burden sufficient to outweigh Mattel's need for the information sought.

In addition to the objections discussed in connection with Interrogatory Nos. 27-29, the MGA parties contend that they have given sufficient responses to Interrogatory Nos. 30 and 42.

EXHIBIT _____8_____

PAGE _____177_____

1    As for Interrogatory Nos. 31-38, the MGA parties contend that the interrogatories improperly

2    assume that Mattel owns Bryant's original idea for Bratz and ask the MGA parties to explain why

3    they should not be punished for developing Bryant's ideas.  Nevertheless, the MGA parties

4    represent that they responded to the interrogatories in good faith by providing the principal facts

5    supporting their contentions, and therefore are in compliance with Rule 33.

6          Mattel's motion to compel a further response to Interrogatory No. 30 is denied.  Like

7    Interrogatory Nos. 27-29, the definition of "Bratz Invention" in No. 30, combined with the

8    request for all facts, the identity of all persons and all supporting documents, render the

9    interrogatory overbroad and unduly burdensome.  In any event, the MGA parties have provided a

10   reasonably sufficient response.  The MGA parties' supplemental response includes their

11   contention that the "Inventions Agreement" did not apply to design patent rights.  Further, the

12   MGA parties contend that (a) the pre-October 21, 2000 drawings of characters that Bryant named

13   Bratz were never reduced to practice; (b) under 35 U.S.C. §171, design patents are available for

14   three-dimensional objections, not drawings or two-dimensional flat art of the sort that Bryant

15   sketched in 1998; (c) Bryant was not a sculptor, and any direct translation of his pre-October 21,

16   2000 two-dimensional flat art into a three-dimensional form for use as a fashion doll sculpt would

17   have produced shapes that were different from the actual shape of the final three-dimensional

18   Bratz sculpt used in manufacturing the first generation of Bratz dolls released on the market by

19   MGA in or about June 2001; (d) the final physical shape of the first generation of Bratz dolls,

20   released on the market by MGA in or about June 2001 was "conceived of" and "reduced to

21   practice" by Margaret Leahy, working on behalf of MGA, after October 20, 2000 and before June

22   1, 2001, along with other MGA agents and employees; (e) Bryant's drawings used standard

23   fashion model poses, and thus were not novel or original; and (f) the "dummy" brought by Bryant

24   to his meeting with MGA on September 1, 2000, was merely an assemblage of random pre-

25   existing doll parts that was never intended to, and did not, provide an accurate representation of

26   what became the Bratz sculpt.  Based on the foregoing, the MGA parties contend that, assuming

27   arguendo that both Bryant assigned his 1998 drawings to Mattel and that such drawings were the

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                        17

EXHIBIT __8__

PAGE __178__

1    conception of what could have been developed into a tangible item that would have qualified for

2    protection under a design patent, such conception would not have covered the shape of the final

3    Bratz sculpt utilized in the first generation of Bratz dolls released to market in or about June 2001,

4    nor any subsequent three-dimensional Bratz shape.  The MGA parties' supplemental responses to

5    Interrogatory No. 30 also address copyright protection and trademark protection, and identify

6    persons with knowledge and documents relevant to the MGA parties' contentions.

7          Mattel's motion to compel further responses to Interrogatory Nos. 31-37 and 42 is denied.

8    The MGA parties are in substantial compliance with Rule 33, having set forth sufficient facts,

9    identified persons with knowledge, and identified documents to support their contentions.  To

10   require any further information would be unduly burdensome, taking into consideration all of the

11   factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

12         Mattel's motion to compel a further response to Interrogatory No. 38 is granted, however,

13   because the supplemental response does not identify supporting documents.

14   G. Interrogatories About MGA's Searches for Documents (40 and 47)

15         Mattel has propounded two interrogatories to the MGA parties about their searches for

16   documents and storage devices containing evidence of early work on Bratz:

17         **Interrogatory No. 40:**  IDENTIFY each and every STORAGE DEVICE that
           YOU have used for any purpose which contains or contained DIGITAL
18         INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior
           to January 1, 2002.
·19
           **Interrogatory No. 47:**  IDENTIFY each and every SOURCE OF
20         INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS
           ACTION that REFER OR RELATE TO BRATZ and that also REFER OR
21         RELATE TO the time period prior to February 28, 2001 (regardless of when such
           DOCUMENT was, in whole or part, created, drafted, generated, sent, received or
22         transmitted).

23   In response to Interrogatory No. 40, the MGA parties described the computer systems that existed

24   worldwide at MGA prior to January 1, 2002.  The MGA parties did not provide any substantive

25   response to No. 47.

26         Mattel contends that the interrogatories are designed to test MGA's productions in this

27   litigation and obtain additional responsive documents and information.  Further, Mattel contends

28
     Bryant v. Mattel, Inc.,                                                      18
     CV-04-09049 SGL (RNBx)

EXHIBIT ___8___

PAGE ___179___

1   that there is legal precedent allowing access to a party's information storage systems where the

2   party is shown to have improperly withheld relevant documents or information. Mattel contends

3   that Interrogatory No. 40 seeks legitimate discovery regarding the identification of MGA's

4   storage devices because Mattel may have a right to access such storage devices. In particular,

5   Mattel contends that it is entitled to, but the MGA parties have failed to provide, an identification

6   of specific storage devices, the individuals who have used them, the persons who currently

7   possess them, and the dates on which they were destroyed or copied, if any. Mattel contends that

8   the information requested in Interrogatory No. 40 is necessary to determine whether MGA has

9   withheld responsive documents and to enable Mattel to obtain such documents.

10      Similarly, Mattel contends that Interrogatory No. 47 seeks relevant information regarding

11  the sources of information – i.e. the media – from which the MGA parties have collected

12  documents relating to Bratz and the period prior to February 28, 2001. Mattel contends that the

13  information it seeks will enable it to determine what sources the MGA parties have examined and

14  have not examined to produce documents in the case.

15      During the meet and confer process, the MGA parties proposed that the parties exchange

16  "source logs" regarding the entirety of their productions in lieu of MGA's responses to Nos. 40

17  and 47. The "source logs" would provide each document's Bates number, the identity of the

18  individual associated with or who maintained the document and the location where the document

19  was found. Mattel contends that the "source log" proposal is unnecessary because Mattel is only

20  seeking information about key early Bratz documents, not every document produced in the case.

21  Mattel also contends that the "source log" proposal is unacceptable because the "source log,"

22  would not reveal sources that contain early Bratz documents that MGA has not produced

23  documents from, or where MGA looked for documents, as well as where MGA failed to look.

24      The MGA parties contend that the interrogatories assume, without any factual support,

25  that the MGA parties are aware of the existence of Bratz documents on their computer systems

26  that relate to the time period prior to January 1, 2002, and have not produced those documents.

27  The MGA parties contend that Mattel's speculation is not a basis to compel further responses to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

19

EXHIBIT 8

PAGE 180

Interrogatory Nos. 40 and 47.  The MGA parties emphasize that they have already produced more than 3.7 million pages of documents, whereas Mattel has only produced a few hundred thousand pages of documents.  Furthermore, the MGA parties contend that these interrogatories are cumulative of deposition testimony Mattel has previously sought and obtained regarding the collection of documents produced in this action.  The MGA parties also represent that they have agreed to provide additional testimony on this topic.

Mattel's motion to compel further responses to Interrogatory Nos. 40 and 47 is granted.  The interrogatories seek relevant information about the identity of each storage device that contains or contained information referring or relating to Bratz prior to January 1, 2002, and other sources of information from which the MGA parties collected documents in this action that refer or relate to Bratz and the time period prior to February 28, 2001.  The "source log" information is not a reasonable substitute for the information requested in the interrogatories because it would not necessarily identify all storage devices used by the MGA parties during the relevant period.  The interrogatories are narrowly tailored to a key subject, namely early Bratz documents and other information.  The MGA parties have failed to establish that the interrogatories are unduly burdensome.  Nor are the interrogatories cumulative of other discovery propounded by Mattel.  Interrogatory Nos. 40 and 47 have the potential of imparting more detailed information than a witness might be able to recall in the course of a deposition.  Furthermore, the information sought in Interrogatory Nos. 40 and 47 will enable Mattel to question MGA's witnesses more effectively.

H. Interrogatory Regarding MGA's Substitution of Counsel (No. 46)

Interrogatory No. 46 seeks facts regarding MGA's substitution of counsel as follows:

**Interrogatory No. 46:** Without disclosing the content of communications which are protected by the attorney-client privilege, state fully and in detail all facts which REFER OR RELATE TO any dispute regarding THIS ACTION between, on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to any and all disputes which were or have been asserted as a basis for, or which underlie, contributed to or were a factor in, the withdrawal, termination and/or substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

EXHIBIT ___8___

PAGE ___181___

1    Mattel contends that the interrogatory is limited to facts, and does not require the disclosure of

2    information protected by either the attorney-client privilege or the work product doctrine.

3    Further, Mattel contends that the requested facts are relevant and discoverable. Mattel reasons

4    that O'Melveny cited to California Rule of Professional Conduct 3-700(c) as the basis for its

5    motion to withdraw, and that Rule 3-700(c) sets forth several grounds for withdrawal that could

6    be relevant to the case. For example, Mattel contends that O'Melveny may have withdrawn

7    because MGA sought to provide false testimony, or was seeking "to pursue an illegal course of

8    conduct" or "insist[ed] that counsel pursue a course of conduct that is illegal or prohibited under

9    the State Bar Act." Mattel's Motion at p. 38.

10          The MGA parties contend that Interrogatory No. 46 is predicated upon an imagined

11    "dispute" with former counsel, and moreover, that the information sought is protected by the

12    work product doctrine and/or attorney-client privilege. The MGA parties reason that even if

13    Mattel is correct that there was some sort of dispute, either (1) the dispute does not relate to the

14    claims and defenses in this action, and therefore the requested information is irrelevant and

15    outside the proper scope of discovery, or (2) the dispute does relate to the claims or defenses in

16    this action, such that revelation of the substance of the dispute would necessarily reveal the

17    thought processes of trial counsel and the communication of those thought processes to the MGA

18    parties.

19          Mattel's motion to compel is denied as to Request No. 46. The interrogatory is not

20    tethered to any particular claim or defense. Nor is the interrogatory directed at uncovering the

21    factual events giving rise to any claim or defense. Instead, the interrogatory assumes that there

22    was a "dispute" with former counsel involving false testimony, illegal conduct, or attorney

23    misconduct; that this "dispute" led to the withdrawal, termination and/or substitution of counsel;

24    and that this "dispute" potentially relates to a claim or defense in this suit. There is no evidence,

25    however, to substantiate such a series of assumptions. Although the publicly available

26    information suggests that there was a breakdown of the attorney-client relationship, this evidence,

27    without more, is insufficient to justify Interrogatory No. 46 because the burden or expense of the

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                    21

EXHIBIT ___8___

PAGE ___182___

1  proposed discovery outweighs its likely benefit under Rule 26(b)(2)(C), Fed.R.Civ.P.

2  Furthermore, the interrogatory is grossly overbroad in seeking information about "any and all

3  disputes" with former counsel, regardless of whether such disputes relate to a claim or defense in

4  the case.

5        The interrogatory is also objectionable because it intrudes upon MGA's relationship with

6  former counsel, and thus necessarily intrudes upon the protections afforded by the attorney-client

7  privilege and work product doctrine. Mattel's rank speculation that there were attorney-client

8  discussions of wrongdoing is insufficient to vitiate the attorney-client privilege. See e.g. In re

9  Napster, Inc. Copyright Litig., 479 F.3d 1078, 1090 (9th Cir. 2007). Nor have the MGA parties

10  waived the attorney-client privilege. Although the MGA parties discussed the reasons for their

11  substitution of counsel with the press, there has been no showing that the information they

12  disclosed revealed the substance of an attorney-client privileged communication.

13  V. CONCLUSION

14        For the reasons set forth above, it is hereby ordered as follows:

15        1. Mattel's motion to compel is granted as to Interrogatory Nos. 38, 40, 41 (as narrowed),

16  43-44 and 47. The MGA parties shall serve supplemental responses to said interrogatories no

17  later than February 26, 2008.

18        2. Mattel's motion to compel is denied as to Interrogatory Nos. 27-37, 39, 42, 46 and 48-

19  50.

20  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

21  Mattel shall file this Order with the Clerk of Court forthwith.

22

23  Dated: February 15, 2008

24                             HON. EDWARD A. INFANTE (Ret.)

25                             Discovery Master

26

27

28

EXHIBIT ___8___

PAGE ___183___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 15, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on February 15, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT __8__

PAGE __184__

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 2/19/2008 at 2:56 PM PST and filed on 2/19/2008

| | |
|---|---|
| **Case Name:** | Carter Bryant v. Mattel Inc |
| **Case Number:** | 2:04-cv-9049 |
| **Filer:** | Mattel Inc |
| **Document Number:** | 2266 |

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties filed by Defendant Mattel Inc re: MOTION to Compel Responses to Interrogatories by the MGA Parties *(Nos. 27-44 and 46-50)*[1317] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Linda M Burrow    burrow@caldwell-leslie.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Melissa Grant    melissagrant@quinnemanuel.com

Emil W Herich    eherich@kmwlaw.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT ____8____

PAGE ____185____

John W Keker     jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Motion to Compel.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/19/2008] [FileNumber=5381686-0]
[643f3427701adad1bfb3880576efb3c91150eb5f693240ae485529023da3f2864add
e9800830a44a4c86425534ead16e2d9b58cbceeb1aba019aa1836347bcbd]]

EXHIBIT ___8___

PAGE ___186___

# EXHIBIT 9

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 10



1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13         Plaintiff,

14         v.                              Consolidated with
                                           Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

16         Defendant.                      **ORDER GRANTING MGA PARTIES'
                                           MOTION FOR CLARIFICATION
17                                         REGARDING PORTIONS OF
                                           FEBRUARY 15, 2008 ORDER
18                                         GRANTING IN PART AND DENYING
                                           IN PART MATTEL'S MOTION TO
19                                         COMPEL RESPONSES TO
                                           INTERROGATORY NOS. 27-44 AND
20                                         46-50 BY THE MGA PARTIES**

21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
23

24

25         On March 3, 2008, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE

26  De Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian (collectively "MGA Parties")

27  submitted a Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in

28  Bryant v. Mattel, Inc.,                                                        1
    CV-04-09049 SGL (RNBx)

4-22        EXHIBIT 10
            PAGE 204

1   Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and

2   46-50 by the MGA Parties. On March 10, 2008, Mattel, Inc. ("Mattel") submitted an opposition,

3   and on March 13, 2008, the MGA Parties submitted a reply. Pursuant to Paragraph 5 of the

4   Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

5   appropriate to decide the motion without oral argument.

6       The purpose of the MGA Parties' motion is to confirm the MGA Parties' understanding

7   that any obligation under the February 15, 2008 Order to provide supplemental responses to

8   certain interrogatories is stayed by the operation of the February 4, 2008 Minute Order of the

9   district court staying Phase 2 discovery. In particular, the MGA Parties seek an order confirming

10  that (i) any obligation of the MGA Parties under the February 15, 2008 Order to respond to

11  Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed on the grounds that

12  these interrogatories seek Phase 2 discovery; and (2) any obligation of MGA Mexico under the

13  February 15, 2008 Order to provide supplemental interrogatory responses is stayed on the

14  grounds that discovery directed to MGA Mexico, which was formed in April 2004, constitutes

15  Phase 2 discovery.

16      As a threshold matter, the MGA Parties' Motion for Clarification is procedurally

17  appropriate in view of the district court's stay on Phase 2 discovery, notwithstanding Mattel's

18  assertion to the contrary. The district court imposed the stay on Phase 2 discovery after the close

19  of briefing on Mattel's motion to compel. The parties did not address in their papers which

20  interrogatories related solely to Phase 2. Nor was the stay on Phase 2 discovery the principal

21  focus of the February 11, 2008 hearing, although the stay was mentioned.

22      Having reviewed the interrogatories at issue in this Motion for a second time, it is

23  apparent that the interrogatories are relevant primarily, if not exclusively, to Phase 2. To the

24  extent the interrogatories at issue encompass information that may be relevant to any Phase 1

25  issue, the potential relevance of the information sought is substantially outweighed by the burden

26  and expense of requiring the MGA Parties to provide supplemental responses in the few

27  remaining weeks before the Phase 1 trial.

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                    2

EXHIBIT ___10___

PAGE ___205___

1     Accordingly, the MGA Parties' motion is granted.  The MGA Parties' obligation to

2   supplement their responses to Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44,

3   and MGA Mexico's obligation to supplement any of the interrogatories directed to it, are hereby

4   stayed until further order of the district court lifting the stay on Phase 2 discovery.

5     Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6   Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8   Dated: April 22, 2008

9                                          HON. EDWARD A. INFANTE (Ret.)
                                                  Discovery Master
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
      Bryant v. Mattel, Inc.,
      CV-04-09049 SGL (RNBx)                                                           3

EXHIBIT ___10___

PAGE ___206___

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 22, 2008, I served the attached: (1) ORDER DENYING MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW; (2) ORDER GRANTING THIRD-PARTY MATTHEW BOUSQUETTE'S MOTION TO QUASH SUBPOENA; DEEMING MOOT MATTEL'S MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE; and (3) ORDER GRANTING MGA PARTIES' MOTION FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq.. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | lmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq.. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Christopher G. Caldwell | Caldwell Leslie & Proctor, PC | caldwell@caldwell-leslie.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 22, 2008, at San Francisco, California.

_____
Sandra Chan

EXHIBIT ___10___

PAGE ___207___

# EXHIBIT 11



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                  EASTERN DIVISION

12  CARTER BRYANT, an individual,       CASE NO. CV 04-09049 SGL (RNBx)

13            Plaintiff,                 Consolidated with Case Nos. CV 04-
                                         9059 and CV 05-2727
14       vs.
                                         MATTEL, INC.'S SUPPLEMENTAL
15  MATTEL, INC., a Delaware             INTERROGATORIES
    corporation,
16
              Defendant.
17

18  AND CONSOLIDATED ACTIONS

19

20

21
    PROPOUNDING PARTY:        Mattel, Inc.
22
    RESPONDING PARTIES:       MGA Entertainment, Inc., Isaac Larian, Carter
23
                              Bryant, MGA Entertainment (HK) Limited, MGAE
24
                              de Mexico S.R.L. de C.V., and Carlos Gustavo
25
                              Machado Gomez
26
    SET NO.:                  SUPPLEMENTAL
27

28

07209/2239571.2

EXHIBIT  11
PAGE  208
                                    MATTEL'S SUPPLEMENTAL INTERROGATORIES

1      Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.

2  ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter

3  Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and

4  Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")

5  individually answer the following Interrogatories separately and fully, in writing and

6  under oath, within 30 days after service hereof.  The Responding Parties shall be

7  obligated to supplement their responses to the Interrogatories at such times and to

8  the extent required by the <u>Federal Rules of Civil Procedure</u>.

9

10                          **<u>Definitions</u>**

11      1.      "YOU" and "YOUR" mean each of the Responding Parties.

12      2.      "MGA" means MGA Entertainment, Inc., any of its current or

13  former employees, officers, directors, agents, representatives, attorneys, experts,

14  divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any

15  other PERSON acting on its behalf, pursuant to its authority or subject to its control.

16  Without limiting the foregoing, "MGA" includes the entities known as ABC

17  International Traders or ABC International Traders, Inc.  For purposes of the these

18  Interrogatories, "MGA" does not include BRYANT.

19      3.      "MATTEL" means Mattel, Inc., its current employees, officers,

20  directors, agents, representatives, attorneys, parents, subsidiaries, divisions,

21  AFFILIATES, predecessors-in-interest and successors-in-interest, and any other

22  PERSON acting on its behalf, pursuant to its authority or subject to its control.

23      4.      "AFFILIATES" means any and all corporations, proprietorships,

24  d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or

25  indirectly, in whole or in part, own or control, are under common ownership or control

26  with, or are owned or controlled by a PERSON, party or entity, including without

27  limitation each parent, subsidiary and joint venture of such PERSON, party or entity.

28

07209/2239571.2

EXHIBIT ___11___        -2-

PAGE ___209___              MATTEL'S SUPPLEMENTAL INTERROGATORIES

1        5.    "PERSON" or "PERSONS" means all natural persons, partnerships,
2  corporations, joint ventures and any kind of business, legal or public entity or
3  organization, as well as its, his or her agents, representatives, employees, officers and
4  directors and any one else acting on its, his or her behalf, pursuant to its, his or her
5  authority or subject to its, his or her control.

6        6.   "DESIGN" or "DESIGNS" means any and all representations,
7  whether two-dimensional or three-dimensional, and whether in tangible, digital,
8  electronic or other form, including but not limited to all works, designs, artwork,
9  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
10  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
11  practice, developments, inventions and/or improvements, as well as all other items,
12  things and DOCUMENTS in which any of the foregoing are or have been expressed,
13  embodied, contained, fixed or reflected in any manner, whether in whole or in part.

14        7.   "BRATZ" means any project, product, doll or DESIGN ever known
15  by that name (whether in whole or in part and regardless of what such project, product
16  or doll is or has been also, previously or subsequently called) and any product, doll or
17  DESIGN or any portion thereof that is now or has ever been known as, or sold or
18  marketed under, the name or term "Bratz" (whether in whole or in part and regardless
19  of what such product, doll or DESIGN or portion thereof is or has been also, previously
20  or subsequently called) or that is now or has ever been sold or marketed as part of the
21  "Bratz" line, and each version or iteration of such product, doll or DESIGN or any
22  portion thereof.  As used herein, "product, doll or DESIGN or any portion thereof" also
23  includes without limitation any names, fashions, accessories, artwork, packaging or any
24  other works, materials, matters or items included or associated therewith.   Without
25  limiting the generality of the foregoing, the term "BRATZ" does not and shall not
26  require that there be a doll existing at the time of the event, incident or occurrence that
27  is the subject of, or otherwise relevant or responsive to, the Interrogatories.

28

EXHIBIT  11       -3-
                                                    MATTEL'S SUPPLEMENTAL INTERROGATORIES

PAGE  210

1          8.     "SOLD," "SELL" or "SALE" means to distribute, market, license,

2    sell, offer to sell, or convey or transfer in any way for compensation.

3          9.     "DOCUMENT" or "DOCUMENTS" means all "writings" and

4    "recordings" as those terms are defined in <u>Rule</u> 34 of the <u>Federal Rules of Civil</u>

5    <u>Procedure</u> and <u>Rule</u> 1001 of the <u>Federal Rules of Evidence</u>, including, but not limited

6    to, all writings and records of every type and description including, but not limited to,

7    contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail

8    ("e-mail"), records of telephone conversations, handwritten and typewritten notes of

9    any kind, statements, reports, minutes, recordings, transcripts and summaries of

10   meetings, voice recordings, pictures, photographs, drawings, computer cards, tapes,

11   discs, printouts and records of all types, studies, instruction manuals, policy manuals

12   and statements, books, pamphlets, invoices, canceled checks and every other device or

13   medium by which or through which information of any type is transmitted, recorded or

14   preserved.  Without any limitation on the foregoing, the term "DOCUMENT" shall

15   include all copies that differ in any respect from the original or other versions of the

16   DOCUMENT, including, but not limited to, all drafts and all copies of such drafts or

17   originals containing initials, comments, notations, insertions, corrections, marginal

18   notes, amendments or any other variation of any kind.

19         10.    "COMMUNICATION" or "COMMUNICATIONS" means and

20   includes any disclosure, transfer or exchange of information between two or more

21   PERSONS, whether orally or in writing, including without limitation, any conversation

22   or discussion by means of meeting, letter, telephone, note, memorandum, telegraph,

23   telex, telecopier, electronic mail, or any other electronic or other medium, including

24   without limitation in written, audio or video form.

25         11.    "MACHADO" means Carlos Gustavo Machado Gomez, and all of

26   his current or former employees, agents, representatives, attorneys, accountants,

27   vendors, consultants, independent contractors, predecessors-in-interest and successors-

28

1 | in-interest, and any other PERSON acting on his behalf, pursuant to his authority or
2 | subject to his control.

3 |   12.   "TRUEBA" means Mariana Trueba Almada, and all of her current
4 | or former employees, agents, representatives, attorneys, accountants, vendors,
5 | consultants, independent contractors, predecessors-in-interest and successors-in-
6 | interest, and any other PERSON acting on her behalf, pursuant to her authority or
7 | subject to her control.

8 |   13.   "VARGAS" means Pablo Vargas San Jose, and all of his current or
9 | former employees, agents, representatives, attorneys, accountants, vendors, consultants,
10 | independent contractors, predecessors-in-interest and successors-in-interest, and any
11 | other PERSON acting on his behalf, pursuant to his authority or subject to his control.

12 |   14.   "BRAWER" means Ron Brawer, and all of his current or former
13 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
14 | independent contractors, predecessors-in-interest and successors-in-interest, and any
15 | other PERSON acting on his behalf, pursuant to his authority or subject to his control.

16 |   15.   "CASTILLA" means Jorge Castilla, and all of his current or former
17 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
18 | independent contractors, predecessors-in-interest and successors-in-interest, and any
19 | other PERSON acting on his behalf, pursuant to his authority or subject to his control.

20 |   16.   "COONEY" means Dan Cooney, and all of his current or former
21 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
22 | independent contractors, predecessors-in-interest and successors-in-interest, and any
23 | other PERSON acting on his behalf, pursuant to his authority or subject to his control.

24 |   17.   "BRISBOIS" means Janine Brisbois, and all of her current or former
25 | employees, agents, representatives, attorneys, accountants, vendors, consultants,
26 | independent contractors, predecessors-in-interest and successors-in-interest, and any
27 | other PERSON acting on her behalf, pursuant to her authority or subject to her control.

28 |

07209/2239571.2

EXHIBIT __11__   -5-
PAGE __212__                           MATTEL'S SUPPLEMENTAL INTERROGATORIES

1        18.   "RAE" means Ron Rae, and all of his current or former employees,

2  agents, representatives, attorneys, accountants, vendors, consultants, independent

3  contractors, predecessors-in-interest and successors-in-interest, and any other PERSON

4  acting on her behalf, pursuant to her authority or subject to his control.

5        19.   "CONTRERAS" means Nick Contreras, and all of his current or

6  former employees, agents, representatives, attorneys, accountants, vendors, consultants,

7  independent contractors, predecessors-in-interest and successors-in-interest, and any

8  other PERSON acting on her behalf, pursuant to her authority or subject to his control.

9        20.   "ABUNDIS" means Ricardo Abundis, and all of his current or

10  former employees, agents, representatives, attorneys, accountants, vendors, consultants,

11  independent contractors, predecessors-in-interest and successors-in-interest, and any

12  other PERSON acting on her behalf, pursuant to her authority or subject to his control.

13        21.   The "FORMER MATTEL EMPLOYEES" means MACHADO,

14  TRUEBA, VARGAS, BRAWER, CASTILLA, COONEY, BRISBOIS, CONTRERAS,

15  RAE, ABUNDIS, and any other former Mattel employee or contractor who

16  misappropriated Mattel trade secrets or violated his or her obligations to maintain the

17  confidentiality of Mattel's trade secrets.

18        22.   "REFER OR RELATE TO" a given subject matter means relate to,

19  refer to, constitute, contain, embody, depict, incorporate, reflect, evidence, identify,

20  state, deal with, comment on, respond to, describe, analyze, support, refute, contradict,

21  or in any way pertain to that subject matter, either directly or indirectly.

22        23.   "THIS ACTION" refers to *Mattel, Inc. v. Bryant*, Case No. CV 04-

23  9059 SGL (RNBx), filed by Mattel on April 27, 2004, and the cases consolidated

24  therewith.

25        24.   "SLEEKCRAFT FACTORS" means those factors enumerated in

26  AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir. 1979), and includes specifically:

27  (1) strength of the mark; (2) similarity of the marks; (3) relatedness of the goods; (4)

28  marketing channels; (5) type of goods and purchaser's likely degree of care; (6)

07209/2239571.2

EXHIBIT __11__   -6-

PAGE __213__

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  evidence of actual confusion; (7) likelihood of expansion of the product lines; and (8)

2  defendant's intent in selecting the mark.

3       25.   "MATTEL DOCUMENTS" means any and all DOCUMENTS

4  stolen, obtained or taken from MATTEL by any PERSON, including but not limited to

5  the DOCUMENTS identified as Bates Numbers M 0019162-M 0019365, M 0019375-

6  M 0019491, M 0019492-M 0019586, M 0030576, M 0019587-M 0022008, M

7  0022009-M 0026076, M 0026077-M 0029024, M 0029025-M 0029042, M 0029043-M

8  0029044, M 0029045-M 0029050, M 0029051-M 0029053, M 0031471-M 0031473, M

9  0029054-M 0029255, M 0031474-M 0031485, M 0029226-M 0030163, M 0030164-M

10  0030173, M 0030174-M 0030183, M0030261-M 0030268, M 0030269-M 0030278, M

11  0030440-M 0030441, M 0030505-M 0030575, M 0030577-M 0030608, M 0019366-M

12  0019374, M 0030184-M 0030240, M 0030254-M 0030260, M 0030279-M 0030439, M

13  0030442-M 0030470, M 0030471-M 0030501, M 0030609, M 0030610-M 0030625, M

14  0030626-M 0030674, M 0030241-M 0030253, M 0030502-M 0030504, M 0030675-M

15  0030754, M 0030755-M 0030756, M 0030770-M 0030782, M 0030757-M 0030769, M

16  0030783-M 0030788, M 0030789-M 0030799, M 0030800-M 0030834, M 0030835, M

17  0030836-M 0030838, M 0030839-M 0030841, M 0030842-M 0030845, M 0030846-M

18  0030850, M 0030851- M 0030959, M 0030960-M 0030972, M 0030973-M 0031141,

19  M 0031142-M 0031153, M 0031154-M 0031162, M 0031163-M 0031172, M 0031173,

20  M 0031174-M 0031206, M 0031207-M 0031223, M 0031224-M 0031229, M

21  0031230-M 0031247, M 0031248-M 0031258, M 0031259-M 0031262, M 0031263-M

22  0031264, M 0031265, M 0031266, M 0031267, M 0031268, M 0031269, M 0031270-

23  M 0031278, M 0031279-M 0031280, M 0031281-M 0031282, M 0031283-M 0031291,

24  M 0031292-M 0031470, M 0032318, M 0031486-M 0031503, M 0031504-M 0031612,

25  M 0031613-M 0031860, M 0031863-M 0031864, M 0031865-M 0031919, M

26  0031861-M 0031862, M 0031925-M 0032000, M 0031920-M 0031924, M 0032001-M

27  0032009, M 0032010-M 0032057, M 0032058, M 0032059-M 0032070, M 0032071-M

28  0032288, M 0032289, M 0032290-M 0032317, M 0059836-M 0059837, M 0075253-M

EXHIBIT ___11___

PAGE ___24___

-7-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1 | 0075260, M 0075261-M 0075277, M 0075278-M 0075289, M 0075290-M 0075307, M
2 | 0075308-M 0075309, M 0075310-M 0075315, M 0075316-M 0075317, M 0075318-M
3 | 0075322, M 0075323-M 0075324, M 0075325, M 0075326-M 0075328, M 0075329-M
4 | 0075333, M 0075334-M 0075375, M 0075376-M 0075378, M 0075379-M 0075380, M
5 | 0075381-M 0075384, M 0075385, M 0075386-M 0075388, M 0075389, M 0075390,
6 | M 0075391, M 0075392-M 0075398, M 0075399-M 0075400, M 0075401-M 0075407,
7 | M 0075408, M 0075409-M 0075416, M 0075417-M 0075420, M 0075421, M
8 | 0075422-M 0075469, M 0075470-M 0075490, M 0075491-M 0075494, M 0075495-M
9 | 0075515, M 0075516-M 0075531, M 0075532-M 0075552, M 0075553-M 0075572, M
10 | 0075573, M 0075574-M 0075594, M 0075595-M 0075616, M 0075617, M 0075618-M
11 | 0075619, M 0075620-M 0075635, M 0075636-M 0075654, M 0075655-M 0075661, M
12 | 0075662-M 0075699, M 0075700-M 0075709, M 0075710-M 0075713, M 0075714-M
13 | 0075775, M 0075776-M 0075780, M 0075781-M 0075798, M 0075799-M 0075842, M
14 | 0075843-M 0075906, M 0075907-M 0075949, M 0075950-M 0076018, M 0076019, M
15 | 0076020-M 0076132, M 0076133-M 0076143, M 0076144-M 0076145, M 0076146-M
16 | 0076148, M 0076149-M 0076155, M 0076156-M 0076169, M 0076170-M 0076171, M
17 | 0076172-M 0076196, M 0076197-M 0076215, M 0076216-M 0076250, M 0076251-M
18 | 0076264, M 0076265-M 0076279, M 0076280, M 0076281-M 0076311, M 0076312-M
19 | 0076362, M 0076363-M 0076370, M 0076371, M 0076372-M 0076425, M 0076426-M
20 | 0076427, M 0076428-M 0076431, M 0076432- M 0076442, M 0076443-M 0076446,
21 | M 0100646-M 0100653, M 0098687-M 0098688, M 0098689-M 0098697, M
22 | 0098698-M 0098723, M 0098724-M 0098771, M 0098772-M 0098832, M 0098833-M
23 | 0098846, M 0098847-M 0098865, M 0098866-M 0098879, M 0098880-M 0098883, M
24 | 0098884-M 0098933, M 0098934-M 0098936, M 0098937-M 0098971, M 0098972-M
25 | 0099436, M 0099437-M 0099439, M 0099440-M 0099448, M 0099449-M 0099461, M
26 | 0099462-M 0099471, M 0099472-M 0099476, M 0099477-M 0099493, M 0099494-M
27 | 0099529, M 0099530-M 0099594, M 0099595-M 0099597, M 0099598-M 0099601, M
28 | 0099602-M 0099618, M 0099619-M 0099628, M 0099629-M 0099656, M 0099657-M

1  0099665, M 0099666-M 0099725, M 0099726-M 0100622, M 0100623-M 0100645, M

2  0100646-M 0100653, M 0100654-M 0100695, M 0100696-M 0100698, M 0100699-M

3  0100700, M 0100701-M 0100735, M 0100736-M 0100741, M 0100742-M 0100774, M

4  0100775-M 0100778, M 0100779-M 0100780, M 0100781, M 0100782, M 0100783-M

5  0100789, M 0100790-M 0100795, M 0100796-M 0100858, M 0100859-M 0100868, M

6  0100869-M 0100878, M 0100879-M 0100891, M 0100892-M 0100905, M 0100906-M

7  0100918, M 0100919-M 0100932, M 0100933-M 0100941, M 0100942-M 0100952, M

8  0100953, M 0100954-M 0100955, M 0100956-M 0100983, M 0100984-M 0101013, M

9  0101014-M 0101064, M 0101065 and M 0101069-M 0101128.

10      26.    "DIGITAL INFORMATION" means any information created or

11  stored digitally, including but not limited to electronically, magnetically or optically.

12      27.    "STORAGE DEVICE" means any computer hard drive, memory,

13  USB device, tape, storage array or any other device or medium that allows a user,

14  whether permanently, temporarily or otherwise, to create, generate, transmit, copy,

15  retain, store or maintain DIGITAL INFORMATION.

16      28.    "SOURCE OF INFORMATION" means any medium containing

17  DOCUMENTS or other information, whether in paper, electronic or other form,

18  including but not limited to any STORAGE DEVICE, file, file cabinet or other any

19  other source of information or DOCUMENTS.

20      29.    "COLLECT," "COLLECTED" or "COLLECTION," with reference

21  to DOCUMENTS, means to collect, review, produce, request, seek, look for, search for,

22  analyze or in any other way collect or review or attempt to collect or review such

23  DOCUMENTS in connection with YOUR search for, review of and/or production of

24  DOCUMENTS in this ACTION.

25      30.    "IDENTIFY" or "IDENTITY" means the following:

26      (a)    with reference to an individual or individuals, means to state,

27  fully and separately as to each, such individual's full name, any known business title,

28  current or last known business affiliation, current or last known residential address,

1  current or last known business address, current or last known relationship to MGA, and
2  current or last known telephone number.

3          (b)    with reference to an entity or entities, means to state, fully and
4  separately as to each, such entity's full name, state (or country) of incorporation or
5  organization, present or last known address, and present or last known telephone
6  number.

7          (c)    with reference to a SOURCE OF INFORMATION, means
8  to describe and state, fully and separately as to each, the SOURCE OF
9  INFORMATION so as to distinctly identify each such SOURCE OF INFORMATION
10 and differentiate each such SOURCE OF INFORMATION from all other SOURCES
11 OF INFORMATION, including without limitation by stating its nature (e.g., USB
12 drive, computer hard drive, file cabinet, etc.), and any unique identifier information
13 (such as hard drive serial number); the physical location(s), including full address
14 information and full identifying computer network drive information if applicable, of
15 each such SOURCE OF INFORMATION (as of the time of YOUR COLLECTION of
16 DOCUMENTS from the SOURCE OF INFORMATION, regardless of whether such
17 DOCUMENTS were thereafter moved elsewhere for the purpose of YOUR review); the
18 IDENTITY of each natural person or individual who is, was or has been associated
19 with each such SOURCE OF INFORMATION; the date(s) on which YOU
20 COLLECTED DOCUMENTS from each such SOURCE OF INFORMATION in
21 connection with this ACTION; and the IDENTITY of any DOCUMENTS, by Bates
22 number, that YOU have produced from each such SOURCE OF INFORMATION to
23 Mattel in this ACTION.

24         (d)    with reference to any other DOCUMENT or DOCUMENTS,
25 means to describe each DOCUMENT by Bates number.  In the event that a
26 DOCUMENT does not have a Bates number, IDENTIFY means, with respect to each
27 such DOCUMENT, to provide a complete description of it such that it may be the
28 subject of a request for the production of documents, including by stating the date,

EXHIBIT _____11_____    -10-

PAGE _____217_____

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1 | identity of the author, addressee(s), signatories, parties, or other PERSONS identified

2 | therein, its present location or custodian and a description of its contents.

3 |       (e)   with reference to the payment of money or other item of

4 | value, or any promise, agreement, proposal or offer to pay money or any item of value,

5 | means to state the amount of the payment or the value of the item, the IDENTITY of

6 | the payor, the IDENTITY of the payee, the IDENTITY of the PERSON on whose

7 | behalf it is being made, the IDENTITY of the PERSON on whose behalf it is being

8 | received, the date(s) on which such payment or item of value was paid, promised,

9 | agreed to be paid, proposed or offered, the nature of the method of payment (e.g., cash,

10 | check) and any identifying information accompanying such payment (e.g., check

11 | number), and the IDENTITY of each bank or financial institution involved therein.

12 |     31.   "Any" as used in these interrogatories includes the word "all," and

13 | the word "all" as used in these interrogatories includes the word "any."

14 |     32.   The singular form of a noun or pronoun includes within its meaning

15 | the plural form of the noun or pronoun so used, and vice versa; the use of the masculine

16 | form of a pronoun also includes within its meaning the feminine form of the pronoun so

17 | used, and vice versa; the use of any tense of any verb includes also within its meaning

18 | all other tenses of the verb so used, whenever such construction results in a broader

19 | request for information; and "and" includes "or" and vice versa, whenever such

20 | construction results in a broader disclosure of documents or information.

21 |

22 | **Instructions**

23 |     A.   When   an   interrogatory   requests   disclosure   of   a

24 | COMMUNICATION or other information as to which YOU claim any privilege or

25 | protection as a ground for nondisclosure, identify each PERSON who participated in or

26 | had knowledge of the COMMUNICATION or other information and provide the

27 | following:

28 |     (i)   the privilege or protection that YOU claim precludes disclosure;

07209/2239571.2

EXHIBIT _11_    -11-

PAGE _018_    MATTEL'S SUPPLEMENTAL INTERROGATORIES

1        (ii)    the subject matter of the COMMUNICATION or information

2               (without revealing the content as to which the privilege is claimed);

3               and

4        (iii)   any additional facts or grounds on which YOU base YOUR claim

5               of privilege or protection.

6        B.     When an interrogatory requests that YOU provide information,

7 YOU are required to supply all information known by or available to YOU or YOUR

8 employees, officers, directors, agents, representatives, attorneys and experts.  If YOU

9 cannot completely answer the interrogatory after making diligent efforts to do so,

10 please so state.  Then describe in detail all efforts made to answer the interrogatory;

11 identify every PERSON involved in such efforts; and state the additional information

12 YOU need, if any, to respond completely to the interrogatory.

13

14                        **Interrogatories**

15

16 INTERROGATORY NO. 51:

17        For each concept, design, product, product packaging or other matter that

18 YOU contend MATTEL has copied, infringed or diluted, including but not limited to

19 those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re

20 Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental

21 Responses to such Interrogatory), describe, fully and separately, each and every

22 concept, design, product, product packaging or other matter of or by MATTEL that

23 YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s),

24 product(s), product packaging or other matter.  Your answer should describe the Mattel

25 concept, design, product, product packaging or other matter with specificity and in

26 detail (including without limitation by product name, product number, SKU, or bar

27 code number), and specify those elements or attributes of YOUR claimed concept,

28

EXHIBIT _____11_____   -12-

PAGE _____219_____

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1  design, product, product packaging or other matter that YOU contend were copied,

2  infringed or diluted by MATTEL.

3

4  INTERROGATORY NO. 52:

5       For each trade dress that YOU contend MATTEL copied, infringed or

6  diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that

7  incorporates such trade dress and, for each such product, separately state (a) the number

8  of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue

9  received by YOU from such SALES of each such product; (c) all costs YOU have

10  incurred in connection with each product, including but not limited to YOUR cost of

11  good sold, and (d) YOUR gross and net profits from each such product.

12

13  INTERROGATORY NO. 53:

14       For each MATTEL concept, design, product, product packaging or other

15  matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as

16  to affiliation, connection, or association, or as to origin, sponsorship, or approval,

17  separately state all facts that support YOUR contention of such, including but not

18  limited to all facts that support YOUR contention, if YOU so contend, that any of the

19  SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS

20  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

21  such facts.

22

23  INTERROGATORY NO. 54:

24       For each concept, design, product, product packaging or other matter that

25  YOU contend MATTEL copied, infringed or diluted, state all facts that support

26  contention, if YOU so contend, that such copying or infringement was intentional or

27  willful, and IDENTIFY all PERSONS with knowledge of such facts and all

28  DOCUMENTS that REFER OR RELATE TO such facts.

07209/2239571.2

EXHIBIT __11__

PAGE __220__

-13-

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1

2 INTERROGATORY NO. 55:

3      State all facts which support the allegation in Paragraph 120 of YOUR

4 COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution

5 of the distinctive look of MGA's products and trade dress," and IDENTIFY all

6 PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

7 RELATE TO such facts.

8

9 INTERROGATORY NO. 56:

10      IDENTIFY all MATTEL DOCUMENTS that MGA has obtained,

11 received, reviewed, copied, reproduced, transmitted, requested or used at any time since

12 January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

13 DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

14

15 INTERROGATORY NO. 57:

16      IDENTIFY all DOCUMENTS that REFER OR RELATE TO any

17 MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES

18 provided, transmitted or disclosed to, shared with or used on behalf of MGA at any

19 time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such

20 facts.

21

22 INTERROGATORY NO. 58:

23      State all facts which support YOUR contention, if YOU so contend, that

24 YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper

25 means, and IDENTIFY all PERSONS with knowledge of such facts and all

26 DOCUMENTS that REFER OR RELATE TO such facts.

27

28

INTERROGATORY NO. 59:

State all facts which support YOUR contention, if YOU so contend, that any information in the MATTEL DOCUMENTS does not and/or did not derive independent economic value from not being generally known to the public or other PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 60:

State all facts which support YOUR contention, if YOU so contend, that any information in the MATTEL DOCUMENTS was known to the public or to PERSONS who can obtain economic value from its disclosure or use, and IDENTIFY all PERSONS with knowledge of the foregoing and all DOCUMENTS that REFER OR RELATE TO the foregoing.

INTERROGATORY NO. 61:

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA independently developed, or did not otherwise use or disclose, any information in the MATTEL DOCUMENTS, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 62:

State all facts which support YOUR contention that YOUR use or disclosure of information in the MATTEL DOCUMENTS neither benefited YOU nor MGA nor harmed MATTEL, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

1  INTERROGATORY NO. 63:

2         State all facts which support YOUR contention, if YOU so contend, that

3  YOU and/or MGA had, has or have any right to copy, possess, use or disclose any

4  MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts

5  and all DOCUMENTS that REFER OR RELATE TO such facts.

6

7  INTERROGATORY NO. 64:

8         To the extent YOU have not previously disclosed such information in a

9  prior interrogatory response YOU provided to Mattel, state all facts which support

10  YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with

11  knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such

12  facts.

13

14  INTERROGATORY NO. 65:

15         Describe in detail each and every action YOU have taken, or directed be

16  taken, to locate, maintain or preserve evidence which is, might be or could be relevant

17  or potentially relevant to THIS ACTION.

18

19  INTERROGATORY NO. 66:

20         IDENTIFY each and every SOURCE OF INFORMATION from which

21  YOU have COLLECTED DOCUMENTS for responsiveness and potential production

22  in THIS ACTION.

23

24  INTERROGATORY NO. 67:

25         IDENTIFY fully and separately each and every payment of money or

26  other item of value that YOU have made or given, or any promise, agreement, proposal

27  or offer by YOU to pay money or give any item of value, to or on behalf of any

28  PERSON identified in any of the parties' initial disclosures in this ACTION at any time

07209/2239571.2

EXHIBIT ___11___       -16-

PAGE ___223___              MATTEL'S SUPPLEMENTAL INTERROGATORIES

1 | when such PERSON was not an employee of MGA, including without limitation with
2 | respect to legal fees incurred by or on behalf of such PERSON.

3

4 | INTERROGATORY NO. 68:

5 |      To the extent not disclosed in response to prior Interrogatories, IDENTIFY

6 | fully and separately each and every payment of money or other item of value that MGA

7 | has made, or any promise, agreement, proposal or offer by MGA to pay money or give

8 | any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES,

9 | including without limitation with respect to legal fees incurred by or on behalf of any of

10 | the FORMER MATTEL EMPLOYEES.

11

12 | INTERROGATORY NO. 69:

13 |      To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully

14 | and separately each and every payment of money or other item of value that YOU have

15 | made, or any promise, agreement, proposal or offer by YOU to pay money or give any

16 | item of value, since January 1, 1998 to or on behalf of any PERSON who has been

17 | employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON

18 | while an MGA employee), including without limitation with respect to legal fees

19 | incurred by or on behalf of such PERSON and bonuses paid to such PERSON.

20

21

22 | DATED: *January 9, 2008*    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23

24 |      By_____

25 |      Michael T. Zeller
        Attorneys for Mattel, Inc.

26

27

28

EXHIBIT ___11___    -17-

PAGE ___224___    MATTEL'S SUPPLEMENTAL INTERROGATORIES

1    **PROOF OF SERVICE**

2          I am employed in the County of Los Angeles, State of California.  I am over

3    the age of eighteen years and not a party to the within action; my business address is

4    NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5    California 90026.

6          On January 9, 2008, I served true copies of the following documents

7    described as:

8          **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES**

9    on the parties in this action as follows:

| | |
|---|---|
| 10  Skadden, Arps, Slate, Meagher & Flom LLP | **Attorneys for *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd.,*** |
| 11     Thomas J. Nolan, Esq. 300 South Grand Avenue, Suite 3400 | ***Isaac Larian and MGAE de Mexico, S.R.L. de C.V.*** |
| 12  Los Angeles, CA 90071 Telephone: 213.687.5000 | |
| 13  Facsimile: 213.687.5600 | |
| 14  Overland Borenstein Scheper & Kim, LLP | **Attorneys for *Carlos Gustavo Machado Gomez*** |
| 15     Mark E. Overland, Esq.    David C. Scheper, Esq. | |
| 16     Alexander H. Cote, Esq. 300 South Grand Avenue, Suite 2750 | |
| 17  Los Angeles, CA 90071 Telephone: 213.613.4655 | |
| 18  Facsimile: 213.613.4656 | |
| 19  Keker & Van Nest, LLP    John W. Keker, Esq. | **Attorneys for *Carter Bryant*** |
| 20     Michael H. Page, Esq.    Christa M. Anderson, Esq. | |
| 21  710 Sansome Street San Francisco, CA 94111 | |
| 22  Telephone: 415.391.5400 Facsimile: 415.397.7188 | |

23

24    [√]    **[PERSONAL]** by personally delivering the document listed above to

25    the person(s) at the address(es) set forth above.

26

27

28

07209/2347614.1

EXHIBIT ___11___

PAGE ___225___

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1   I declare that I am employed in the office of a member of the bar of this court

2   at whose direction the service was made

3   Executed on January 9, 2008, at Los Angeles, California.

4

5

6   David Quintana

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2347614.1

EXHIBIT __11__

PAGE __226__

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

# EXHIBIT 12

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# EXHIBIT 13

CALENDARED

RECEIVED
JAN 0 8 2009

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                          Date: January 6, 2009

Title:      MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
================================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

         James Holmes                      None Present
         Courtroom Deputy Clerk            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

PROCEEDINGS:    ORDER APPOINTING DISCOVERY MASTER

       As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any
discovery disputes that might arise in Phase 2 of this case. The appointment of the Discovery
Master was made at the joint request of the parties in this case. See Stipulation for Appointment of
a Discovery Master and Order, December 6, 2006.

       Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that
a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what
MGA has aptly described to the Court as "the massive administrative burdens in time and labor
necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase
2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2." Based on
the Court's experience in this case, there is no question that a Discovery Master is needed to
"effectively and timely" address the anticipated discovery matters in this case.

       The Court previously submitted to all counsel of record the names of eight attorneys for
consideration by the parties and invited counsel to submit, in camera, any objections to those
attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of
the permanent injunction, if needed). The Court has carefully considered the objections submitted.
Two of the individuals named were not the subject of an objection by any party. Of those two, the
Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                            Initials of Deputy Clerk: jh
CIVIL -- GEN                         1

01-06   EXHIBIT  13
        PAGE  051

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera.   A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master. The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

EXHIBIT _13_____

PAGE _252_____

Date Transmit. .:      1/6/2009 3:00:50 PM

2:04-cv-9049  Doc: 4640

Melissa  Grant
Quinn Emanuel Urquhart Oliver and Hedges
865 South Figueroa Street, 10th Fl
Los Angeles, CA   90017-2543

Number of Pages:       2

*It is hereby certified that this document was served by first class mail postage prepaid or by fax or e-mail delivery to counsel (or parties) at their respective address or fax number or e-mail address of record.*

EXHIBIT __13__

PAGE __253__

MIME-Version:1.0
From:cacd_ecfmail@ cd.uscourts.gov
To:ecfnef@cacd.uscourts.gov
Bcc: johnquinn@quinnemanuel.com , randaosman@quinnemanuel.co
m , amorgenthaler@chrisglase.com , rkennedy@skadden.com , tn
olan@skadden.com , carl.roth@skadden.com , marcus.mumford@sk
adden.com , eherich@kmwlaw.com , timalger@quinnemanuel.com ,
 joncorey@quinnemanuel.com , michaelzeller@quinnemanuel.com
, burrow@caldwell-leslie.com , wilson@caldwell-leslie.com ,
popescu@caldwell-leslie.com , kenneth.plevan@skadden.com , d
rogosa@skadden.com , sumclaug@skadden.com , acote@obsklaw.co
m , feseroma@obsklaw.com , marina.bogorad@skadden.com , dyla
nproctor@quinnemanuel.com , westonreid@quinnemanuel.com , st
ankaras@quinnemanuel.com , gayleduran@quinnemanuel.com , sgi
zer@glaserweil.com , robynaronson@dwt.com , frankromero@dwt.
com , cdowell@kmwlaw.com , cyrusnaim@quinnemanuel.com , leah
@spertuslaw.com , mkelly@skadden.com , sandyweisburst@quinn
emanuel.com , nef@cacd.circ9.dcn , obrien.robert@arentfox.co
m , prosper.pierre@arentfox.com , barbara_north@cacd.uscourt
s.gov , dscheper@obsklaw.com,feseroma@obsklaw.com_sumry, l
mcfarland@kmwlaw.com, moverland@obsklaw.com,jhibino@obsklaw
.com_sumry, jrussell@skadden.com,allison.velkes@skadden.com
_sumry, tholen@caldwell-leslie.com,mejia@caldwell-leslie.co
m,wilson@caldwell-leslie.com, dwinthrop@howardrice.com, di
anehutnyan@quinnemanuel.com,andreahoeven@quinnemanuel.com,
dhansen@skadden.com, alexstolyar@quinnemanuel.com, crd_blo
ck@cacd.uscourts.gov,crd_block@cacd.uscourts.gov_sumry, crd
_larson@cacd.uscourts.gov,kathie_pimentel@cacd.uscourts.gov_
sumry,crd_larson@cacd.uscourts.gov_sumry, crd_larson@cacd.u
scourts.gov,kathie_pimentel@cacd.uscourts.gov_sumry,crd_lars
on@cacd.uscourts.gov_sumry, Prosper.Pierre@Arentfox.com, Bar
bara_North@cacd.uscourts.gov,
Jerome B FalkHoward Rice Nemerovski Canady Falk & Rabkin3 Em
barcadero Ctr  7th FlSan Francisco CA 94111-4024,
Kien C TietStern and Goldberg6345 Balboa Boulevard, Suite 20
0Encino CA 91316,
Lauren E AguiarSkadden Arps Slate Meagher & Flom1440 New Yor
k AveWashington DC 20005-2111,
Melissa  GrantQuinn Emanuel Urquhart Oliver and Hedges865 So
uth Figueroa Street, 10th FlLos Angeles CA 90017-2543,
Cheryl  PlambeckDavis & Gilbert LLP1740 BroadwayNew York NY
10019US,
Amy R SabrinSkadden Arps Slate Meagher & Flom LLP1440 New Yo
rk Avenue NWWashington DC 20005-2111US,
David W FosterSkadden Arps Slate Meagher & Flom LLP1440 New

EXHIBIT ___13___
PAGE ___254___

`York Avenue NWWashington DC 20005-2111US,
Peter H BonisPeter  . Bonis Law Offices1990 N  California Bl
vd, 8th FloorWalnut Creek CA 94596US
Message-Id:
Subject:Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant
v. Mattel Inc Order
Content-Type: text/html***NOTE TO PUBLIC ACCESS USERS*** Jud
icial Conference of the United States policy permits attorne
ys of record and parties in a case (including pro se litigan
ts) to receive one free electronic copy of all documents fil
ed electronically, if receipt is required by law or directed
 by the filer. PACER access fees apply to all other users.
To avoid later charges, download a copy of each document dur
ing this first viewing. However, if the referenced document
is a transcript, the free copy and 30 page limit do not appl
y.'
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
CALIFORNIA
Notice of Electronic Filing


The following transaction was entered  on 1/6/2009 at 2:31 P
M PST and filed
on 1/6/2009


Case Name:
Carter Bryant v. Mattel Inc
Case Number:2:04-cv-9049

Filer:

Document Number:

<a href=https://ecf.cacd.uscourts.gov/doc1/03107239590?magic
_num=MAGIC&de_seq_num=14130&caseid=167222
>4640


Docket Text:

EXHIBIT __13__

PAGE __255__

ORDER APPOINTING DISCOVERY MASTER by Judge Stephen G. Larson : [re Order extend. J
time [4503], Stipulation for Extension of Time to File, [449 0]; the Court
selects Robert C. O&#039;Brien of Arent, Fox to serve as Dis covery Master
for Phase 2 of this case.  The stay on discovery for Phase 2 of this case
is hereby VACATED.  Notwithstanding the parties&#039; stated lack of objection
to the appointment of Mr. O&#039;Brien as Discovery Master, the Discovery
Master is directed to promptly disclose to counsel for all p arties any potential
grounds for conflict of interest or disqualification, and th e parties shall,
within three days of receipt of said disclosure, submit any objection to
the Court in camera.  A failure to object will be deemed by the Court as
a waiver of any objections and consent to Mr. O&#039;Brien t o serve as Discovery
Master.  The Discovery Master is further directed to contact counsel for
all parties and resolve any and all outstanding discovery mo tions as expeditiously
as possible. See order for complete text.  (jh)


2:04-cv-9049 Notice has been electronically mailed to:


John B Quinn         johnquinn@quinnemanuel.com

Randa A F Osman       randaosman@quinnemanuel.com

David C Scheper       dscheper@obsklaw.com, feseroma@obsklaw.co
m_sumry


EXHIBIT __13__

PAGE __256__

Alisa Morgenthaler Lever        amorgenthaler@chrisglase.com

Larry W McFarland        lmcfarland@kmwlaw.com

Raoul D Kennedy        rkennedy@skadden.com

Mark E Overland        moverland@obsklaw.com, jhibino@obsklaw.co
m_sumry

Thomas J Nolan        tnolan@skadden.com, carl.roth@skadden.com
·, marcus.mumford@skadden.com

Emil W Herich        eherich@kmwlaw.com

Jason D Russell        jrussell@skadden.com, allison.velkes@skad
den.com_sumry

Timothy L Alger        timalger@quinnemanuel.com

Sandra L Tholen        tholen@caldwell-leslie.com, mejia@caldwel
l-leslie.com, wilson@caldwell-leslie.com

Jon D Corey        joncorey@quinnemanuel.com

Douglas Andrew Winthrop        dwinthrop@howardrice.com

Michael T Zeller        michaelzeller@quinnemanuel.com

Linda M Burrow        burrow@caldwell-leslie.com, wilson@caldwe
ll-leslie.com, popescu@caldwell-leslie.com

Diane C Hutnyan        dianehutnyan@quinnemanuel.com, andreahoev
en@quinnemanuel.com

Kenneth A Plevan        kenneth.plevan@skadden.com, drogosa@ska
dden.com, sumclaug@skadden.com

EXHIBIT __13__

PAGE __257__

Alexander H Cote          acote@obsklaw.com, teseroma@obsklaw.com

Marina Vladimir Bogorad          marina.bogorad@skadden.com

Brett Dylan Proctor          dylanproctor@quinnemanuel.com, westo
nreid@quinnemanuel.com

Stan   Karas          stankaras@quinnemanuel.com, gayleduran@quinn
emanuel.com, westonreid@quinnemanuel.com

Scott E Gizer          sgizer@glaserweil.com

David W Hansen          dhansen@skadden.com

Robyn   Aronson          robynaronson@dwt.com, frankromero@dwt.com

Oleg   Stolyar          alexstolyar@quinnemanuel.com

Christian C Dowell          cdowell@kmwlaw.com

Cyrus S Naim          cyrusnaim@quinnemanuel.com

Leah Chava Gershon          leah@spertuslaw.com

Michael P Kelly          mikelly@skadden.com

Sanford I Weisburst          sandyweisburst@quinnemanuel.com

2:04-cv-9049 Notice has been delivered by First Class U. S.
Mail or by
fax to: :

Jerome B Falk
Howard Rice Nemerovski Canady Falk & Rabkin
3 Embarcadero Ctr   7th Fl
San Francisco CA 94111-4024

EXHIBIT  13
PAGE  258

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino CA 91316


Lauren E Aguiar
Skadden Arps Slate Meagher & Flom
1440 New York Ave
Washington DC 20005-2111


Melissa  Grant
Quinn Emanuel Urquhart Oliver and Hedges
865 South Figueroa Street, 10th Fl
Los Angeles CA 90017-2543


Cheryl  Plambeck
Davis & Gilbert LLP
1740 Broadway
New York NY 10019
US


Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US


David W Foster
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US


Peter H Bonis
Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek CA 94596
US


EXHIBIT ___13___

PAGE ___259___

# EXHIBIT 14

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 20, 2008

Jason Russell, Esq.
Robert J. Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re:   Mattel, Inc. v. Carter Bryant, et al.

Counsel:

On February 15, 2008, Judge Infante issued an order compelling further response to certain interrogatories that Mattel had served. By order dated April 22, 2008, Judge Infante clarified that the obligations of MGA and MGA de Mexico to respond to certain interrogatories were stayed, as part of Phase 2 discovery. Now that the Phase 2 discovery stay has been lifted, please let me know when we can expect the ordered supplemental responses. A copy of the Discovery Master's April 22, 2008 Order is attached for your convenience.

Best regards,

Jon Corey

Jon Corey

EXHIBIT ___14___

PAGE ___260___

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,              CASE NO. CV 04-09049 SGL (RNBx)
                                               JAMS Reference No. 1100049530
13          Plaintiff,

14             v.                              Consolidated with
                                               Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation,      Case No. CV 05-2727

16          Defendant.                         ORDER GRANTING MGA PARTIES'
                                               MOTION FOR CLARIFICATION
17                                             REGARDING PORTIONS OF
                                               FEBRUARY 15, 2008 ORDER
18                                             GRANTING IN PART AND DENYING
                                               IN PART MATTEL'S MOTION TO
19                                             COMPEL RESPONSES TO
                                               INTERROGATORY NOS. 27-44 AND
20                                             46-50 BY THE MGA PARTIES

21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
23

24

25      On March 3, 2008, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE

26  De Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian (collectively "MGA Parties")

27  submitted a Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in

28

Bryant v. Mattel, Inc.,                                                          1
CV-04-09049 SGL (RNBx)

EXHIBIT __14__

4-22  PAGE __261__

1  Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and

2  46-50 by the MGA Parties.  On March 10, 2008, Mattel, Inc. ("Mattel") submitted an opposition,

3  and on March 13, 2008, the MGA Parties submitted a reply.  Pursuant to Paragraph 5 of the

4  Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

5  appropriate to decide the motion without oral argument.

6       The purpose of the MGA Parties' motion is to confirm the MGA Parties' understanding

7  that any obligation under the February 15, 2008 Order to provide supplemental responses to

8  certain interrogatories is stayed by the operation of the February 4, 2008 Minute Order of the

9  district court staying Phase 2 discovery.  In particular, the MGA Parties seek an order confirming

10 that (i) any obligation of the MGA Parties under the February 15, 2008 Order to respond to

11 Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed on the grounds that

12 these interrogatories seek Phase 2 discovery; and (2) any obligation of MGA Mexico under the

13 February 15, 2008 Order to provide supplemental interrogatory responses is stayed on the

14 grounds that discovery directed to MGA Mexico, which was formed in April 2004, constitutes

15 Phase 2 discovery.

16      As a threshold matter, the MGA Parties' Motion for Clarification is procedurally

17 appropriate in view of the district court's stay on Phase 2 discovery, notwithstanding Mattel's

18 assertion to the contrary.  The district court imposed the stay on Phase 2 discovery after the close

19 of briefing on Mattel's motion to compel.  The parties did not address in their papers which

20 interrogatories related solely to Phase 2.  Nor was the stay on Phase 2 discovery the principal

21 focus of the February 11, 2008 hearing, although the stay was mentioned.

22      Having reviewed the interrogatories at issue in this Motion for a second time, it is

23 apparent that the interrogatories are relevant primarily, if not exclusively, to Phase 2.  To the

24 extent the interrogatories at issue encompass information that may be relevant to any Phase 1

25 issue, the potential relevance of the information sought is substantially outweighed by the burden

26 and expense of requiring the MGA Parties to provide supplemental responses in the few

27 remaining weeks before the Phase 1 trial.

28

EXHIBIT ___14___

PAGE ___262___

1       Accordingly, the MGA Parties' motion is granted.  The MGA Parties' obligation to

2  supplement their responses to Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44,

3  and MGA Mexico's obligation to supplement any of the interrogatories directed to it, are hereby

4  stayed until further order of the district court lifting the stay on Phase 2 discovery.

5       Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6  Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8  Dated: April 22, 2008

9                        HON. EDWARD A. INFANTE (Ret.)

                             Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT ___14___

PAGE ___263___

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>

__NEW YORK__
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

__SAN DIEGO__
4445 Eastgate Mall, Suite 200
San Diego, CA  92121
(858) 812-3107
Facsimile: (858) 812-3336

</td><td>

__LOS ANGELES__
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

</td><td>

__SAN FRANCISCO__
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

__SILICON VALLEY__
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

</td></tr>
</table>

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:  January 20, 2009                    NUMBER OF PAGES, INCLUDING COVER: 6

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Jason Russell, Esq.*<br>*Robert J. Herrington, Esq.*<br>Skadden, Arps, Slate, Meagher & Flom LLP | 213.687.5000 | 213.687.5600 |
|  |  |  |

FROM:     Jon Corey

RE:       *Mattel, Inc. v. MGA Entertainment, Inc.*

MESSAGE:

FAXED
JAN 2 0 2009

EXHIBIT  14
PAGE  264

07209/2475397.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | *JOHANNA LOPEZ -10TH* | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED? | ☐ NO  ☐ YES: |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed.  If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service.  Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

```
************************
***   TX REPORT   ***
************************
```

TRANSMISSION OK

TX/RX NO                 2244
RECIPIENT ADDRESS        76706#7209#12136875600
DESTINATION ID
ST. TIME                 01/20 15:26
TIME USE                 03'27
PAGES SENT               6
RESULT                   OK

# Quinn Emanuel Urquhart Oliver & Hedges, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   January 20, 2009

**NUMBER OF PAGES, INCLUDING COVER: 6**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Jason Russell, Esq.* *Robert J. Herrington, Esq.* Skadden, Arps, Slate, Meagher & Flom LLP | 213.687.5000 | 213.687.5600 |
|  |  |  |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

EXHIBIT   14

PAGE   265

# EXHIBIT 15

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3203

WRITER'S INTERNET ADDRESS
scottwatson@quinnemanuel.com

January 28, 2009

VIA FACSIMILE AND MAIL

Thomas Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re:  Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I write to meet and confer in advance of a motion to compel regarding MGA Entertainment, Inc.'s response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, and MGA's and Isaac Larian's responses to Mattel's Supplemental Interrogatories.

**MGA's Response to No. 45 of Mattel's Sixth Set of Interrogatories**

Interrogatory No. 45 asks MGA to identify each Bratz product that MGA or its licensees have sold, and to identify the profits, costs, and revenue associated with each such product.  See Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007.  MGA responded in December 2007 by producing documents with Bates numbers MGA 3709872- MGA 3745687 and MGA 3745688-MGA3746620.  See MGA's Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Sixth Set of Interrogatories, dated November 26, 2007 at 10 (MGA will "specify and produce to Mattel copies of the records from which the answer to this interrogatory may be derived or ascertained"); Letters from Timothy Miller to Scott Kidman, dated December 7, 2007 and December 12, 2007 (producing documents in response to Interrogatory No. 45).  Since that time, however, MGA has yet to supplement its response.  See Fed. R. Civ. P. 26(e)(1) ("a party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or

**quinn emanuel urquhart oliver & hedges, llp**

07209/2777120.2  NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT ___15___

PAGE ___266___

January 28, 2009
Page 2

response is incomplete").  Please advise when Mattel can expect to receive MGA's supplemental response.

## MGA's Responses to Nos. 51-64, 67-69 and Larian's Responses to Nos. 56-63, 67-69 of Mattel's Supplemental Interrogatories

MGA and Larian provided only objections to many of Mattel's Supplemental Interrogatories on the grounds that Phase Two discovery was stayed until further order of the Court.  See MGA's Responses to Interrogatory Nos. 51-64, 67-69 ("Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court.  Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court"); Larian's Responses to Interrogatory Nos. 56-63, 67-69 (same).

As you know, the Court lifted the stay on Phase 2 discovery on January 6, 2009.  Accordingly, please advise whether MGA and Larian will now provide responses to these interrogatories and, if so, when they will serve them.

Additionally, MGA and Larian have asserted several additional improper objections to these interrogatories.  For example, MGA and Larian object to the definition of "Former Mattel Employees" on the grounds that the definition requires them to "make a conclusion as to an ultimate issue in the case" and because they cannot determine whether and which former Mattel employees violated any obligations to Mattel.  See MGA's Responses to Mattel's Supplemental interrogatories at 13.  Based on this objection, MGA and Larian unilaterally limit the definition to refer only to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreas and Ricardo Abundis."  Id. at 14.  This limitation is meritless.  To the extent Interrogatory No. 45 requires a legal conclusion at all, it merely requires MGA and Larian to apply the law to the facts at hand.  This is proper.  Fed.R.Civ.P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact.").  Indeed, the Discovery Master has overruled defendants' prior refusals to respond to discovery requests on these grounds before.  See Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion objection in the context of requests for admissions).  Moreover, MGA and Larian are certainly in a position to determine which Mattel employees other than those specifically identified have provided them with Mattel trade secrets.  Indeed, they have an obligation to investigate whether that is the case.

MGA and Larian have also improperly objected to the interrogatories regarding "Mattel Documents" on the grounds that because Mattel has designated the "Mattel Documents" as "Confidential - Attorney's Eyes Only," it is impossible for them to respond.  See, e.g., MGA's and Larian's Responses to Interrogatory Nos. 56, 58-63.  However, MGA and Larian know which documents they improperly obtained from Mattel and who improperly obtained them; nothing about Mattel's designations alter those facts.  MGA or Larian themselves also produced

07209/2777120.2

EXHIBIT ___15___

PAGE ___267___

January 28, 2009
Page 3

document after document containing Mattel trade secrets and, in fact, some of these were marked as exhibits at the deposition of Mr. Machado.

Please advise when MGA and Larian will be supplementing their responses to Mattel's Supplemental Interrogatories. If MGA or Larian intends to limit their responses based on these or any other objections, please let me know when you are available to meet and confer regarding these interrogatories. If we cannot resolve this matter during the meet and confer, Mattel will move to compel.

I look forward to your response.

Very truly yours,

Scott L. Watson/wpc

Scott L. Watson

cc:  Amman Khan, Esq.

07209/2777120.2

07209/2777120.2

EXHIBIT _____ 15 _____

PAGE _____ 268 _____

# EXHIBIT 16

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 8, 2009

Via Facsimile and U.S. Mail

Thomas J. Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:    MGA Entertainment, Inc. v. Mattel, Inc.

Dear Counsel:

Pursuant to Local Rule 7-3, we are writing in connection with Mattel's anticipated Phase 2
motion for summary judgment, including specifically on MGA's claims relating to Bratz.

The jury verdict and the Court's rulings in Phase I established that Mattel owns copyrights in
Bratz. As MGA does not own these copyrights, it cannot own any trade dress rights in the
appearance of the Bratz dolls or any other matter protected by those copyrights. Furthermore,
MGA's unlawful use of Mattel's rights bars MGA from obtaining any alleged trade dress rights
as a matter of law. All of MGA's claimed trade dress rights are based on purported use through
the unlawful sale of infringing Bratz dolls. The law does not recognize this as adequate use, and
MGA's claims therefore fail. Indeed, if any party owns such trade dress rights, constructive trust
law vests them in Mattel. For these same reasons, even if independently created, MGA did not
acquire and could not have acquired any rights in any ostensible trade dress, marks or other
elements that were intertwined or used with Mattel's Bratz properties. MGA accordingly
acquired no rights in any aspect of any Bratz product that, in whole or in part, infringed upon
Mattel's rights.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT ___16___

PAGE ___264___

MATCOR054357

The positions that MGA and its counsel took in Phase 1 also defeat any Bratz trade dress claim by MGA.  Throughout Phase 1, MGA repeatedly claimed, including under oath, that the Bratz dolls and other elements of Bratz products were significantly different from one another and that consumers actually purchased the products because of their differences.  Where an alleged trade dress has changed repeatedly as MGA claims here, it cannot identify the source or origin of the good sold, and therefore cannot qualify as protectible trade dress.  Thus, even to the extent that there are claimed elements of Bratz products that do not infringe upon Mattel's rights (which, as explained, above alone precludes MGA from claiming rights) or are even otherwise theoretically protectible, MGA's admissions have foreclosed it from any trade dress claim.

MGA also has made numerous allegations of unfair competition relating to Bratz in addition to trade dress infringement and dilution.  These include, for example, claims that Mattel wrongfully encouraged licensors, distributors, and retailers not to deal in Bratz products; tampering with Bratz product displays; using its connections with NPD to change product classifications involving Bratz; using its connections with CARU to place limits on Bratz advertisements; and using its connections with the TIA to change the rules for winning Toy of the Year to ensure that a non-Bratz product won.  As the Court has previously noted, however, MGA cannot maintain any claim based on products it had no legal right to manufacture, market and sell in the first instance.  Since that is the case as a result of the Phase 1 trial and the Court's rulings, all such unfair competition claims fail also.

Please let me know if you wish to discuss these issues further before Mattel proceeds with its anticipated summary judgment motion and, if so, when would be a convenient time for you.

Very truly yours,

*Michael T. Zeller*

Michael T. Zeller

MTZ:csn
07209/2754457.1

2

EXHIBIT __16__

PAGE __270__

MATCOR054358

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**   January 8, 2009        **NUMBER OF PAGES, INCLUDING COVER:** _3__

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas J. Nolan, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | ( 213) 687-5250 | (213) 687-5600 |

**FROM:**     Michael T. Zeller
             (213) 443-3180

**RE:**       Mattel v. Bryant

**MESSAGE:**

Please see attached.

FAXED
JAN 0 8 2009

07209/2748285.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Tiffany Garcia - 3rd floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | *PIASCIUA* | CONFIRMED? | ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT __16__

PAGE __271__

MATCOR054355

01/08/2009 16:58 FAX  12134    100      QEUOH-LAO-2                                      ☑001

```
                    ***********************
                ***   TX REPORT   ***
                    ***********************


        TRANSMISSION OK

        TX/RX NO            2173
        RECIPIENT ADDRESS   76700#7209#12136875600
        DESTINATION ID
        ST. TIME            01/08 16:56
        TIME USE            01'20
        PAGES SENT          3
        RESULT              OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   January 8, 2009                 **NUMBER OF PAGES, INCLUDING COVER:** _3__

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas J. Nolan, Esq.<br>Skadden Arps Slate Meagher & Flom, LLP | ( 213) 687-5250 | (213) 687-5600 |

**FROM:**   Michael T. Zeller
(213) 443-3180

**RE:**   Mattel v. Bryant

**MESSAGE:**

Please see attached.

EXHIBIT _16_

PAGE _272_

MATCOR054356