EXHIBIT 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone:  (213) 443-3000
7  Facsimile:  (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                   EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
|---|---|---|
| 13 | Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14 | vs. | MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES |
| 15 | MATTEL, INC., a Delaware corporation, | |
| 16 | Defendant. | [Amended Only to Delete Former Interrogatory No. 45] |
| 17 | | |
| 18 | AND CONSOLIDATED ACTIONS | Discovery Cut-off:  January 14, 2008 Pre-trial Conference:  April 7, 2008 Trial Date:  April 29, 2008 |
| 19 | | |
| 20 | | Discovery Cutoff:  March 3, 2008 Final Pretrial Conf.:  June 2, 2008 Trial Date:  July 1, 2008 |
| 21 | | |
| 22 | | |

23  PROPOUNDING PARTY:      Mattel, Inc.

24  RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

25                          Bryant, MGA Entertainment (HK) Limited, MGAE

26                          de Mexico S.R.L. de C.V., and Carlos Gustavo

27                          Machado Gomez

28  SET NO.:                FOUR

EXHIBIT ____1____
PAGE ____5____

07209/2254170.1

10-23

1  interrogatory; identify every PERSON involved in such efforts; and state the
2  additional information YOU need, if any, to respond completely to the interrogatory.
3
4  **Interrogatories**
5
6  INTERROGATORY NO. 42:
7         State all facts that support YOUR contention, if YOU so contend, that
8  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT
9  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of
10  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.
11
12  INTERROGATORY NO. 43:
13         For each concept, design, product, product packaging or other matter
14  that YOU contend MATTEL copied or infringed, including but not limited to those
15  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
16  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
17  Supplemental Responses to such Interrogatory), state the date that each such
18  concept, design, product, product packaging or other matter was conceived, and
19  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER
20  OR RELATE TO, the foregoing.
21
22  INTERROGATORY NO. 44:
23        For each concept, design, product, product packaging or other matter
24  that YOU contend MATTEL copied or infringed, including but not limited to those
25  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
26  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
27  Supplemental Responses to such Interrogatory), state the date that each such
28  concept, design, product, product packaging or other matter was first fixed in any

EXHIBIT \_\_\_\_\_

PAGE \_\_\_\_\_

-7-

1   tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2   knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4

5   DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

6

7                                     By B. Dylan Proctor

8                                        B. Dylan Proctor
                                         Attorneys for Plaintiff
9                                        Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT     1
PAGE        7

MATTEL'S FOURTH SET OF INTERROGATORIES

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is Now Legal Service,
3  1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

4      On October 23, 2007, I served true copies of the following document(s) described as

5  **1.      MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES
   [Amended Only to Delete Former Interrogatory No. 45]**

6

7      on the parties in this action as follows:

8  Thomas Nolan, Esq.                          Mark E. Overland, Esq.
   **SKADDEN ARPS SLATE MEAGHER**             David C. Scheper, Esq.
   **& FLOM, LLP**                            Alexander H. Cote
9  300 South Grand Avenue, Suite 3400          **OVERLAND BORENSTEIN**
   Los Angeles, CA 90071                       **SCHEPER & KIM LLP**
10                                             300 South Grand Avenue, Suite 2750
                                               Los Angeles, CA 90071-3144
11

12

13

14 **BY PERSONAL SERVICE:**  I delivered such envelope(s) by hand to the office of the person(s)
   being served.

15      I declare that I am employed in the office of a member of the bar of this Court at whose
   direction the service was made.
16

17      Executed on October 23, 2007, at Los Angeles, California.

18

19 _____
   NOW LEGAL -- Dave Quintana
20

21

22

23

24

25

26

27

28

07209/2263102.1                              -1-

EXHIBIT ____1____
PAGE ____8____

1

## PROOF OF SERVICE

2       I am employed in the County of Los Angeles, State of California.  I am over the age of
3    eighteen years and not a party to the within action; my business address is 865 South Figueroa
    Street, 10th Floor, Los Angeles, California 90017-2543.

4       On October 23, 2007, I served true copies of the following document(s) described as

5  1.      **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
6         **[Amended Only to Delete Former Interrogatory No. 45]**

7     on the parties in this action as follows:

8    John W. Keker, Esq.
    Michael H. Page, Esq.
9    Christina M. Anderson, Esq.
    **KEKER & VAN NEST, LLP**
10   710 Sansome Street
    San Francisco, CA 94111

11  **BY FEDEX:**  I deposited such document(s) in a box or other facility regularly maintained by
12  FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive
    documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or
13  provided for, addressed to the person(s) being served.

14       I declare that I am employed in the office of a member of the bar of this Court at whose
    direction the service was made.

15       Executed on October 23, 2007, at Los Angeles, California.

16

17

18                 Charlene Ho

19

20

21

22

23

24

25

26

27

28

EXHIBIT __1__
PAGE __9__

EXHIBIT 2

THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, California 90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
E-mail:    tnolan@skadden.com
           hposner@skadden.com

KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
4 Times Square
New York, NY  10036
Telephone:  (212) 735-3000
Facsimile:  (212) 735-2000
E-mail:    kplevan@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | **MGA ENTERTAINMENT, INC.'S OBJECTIONS AND RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES** |
| MATTEL, INC., a Delaware corporation | |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |

EXHIBIT  2
PAGE  10

11-15

| 1 | Consolidated with MATTEL, INC. v. | ) | Discovery Cut-Off:  March 3, 2008 |
| 2 | BRYANT and MGA | ) | |
| 3 | ENTERTAINMENT, INC. v. | ) | |
| 4 | MATTEL, INC. | ) | |

PROPOUNDING PARTY:       **MATTEL, INC.**

**RESPONDING PARTY:        MGA ENTERTAINMENT, INC.**

**SET NUMBER:              AMENDED FOURTH**

EXHIBIT ___2___
PAGE ___11___

1         MGA further objects to this interrogatory because Mattel has

2   propounded more than 50 interrogatories.  Under Judge Larson's order of February

3   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

4   04049-SGL and CV 05-02727]."

5   **INTERROGATORY NO. 43:**

6         For each concept, design, product, product packaging or other matter

7   that YOU contend MATTEL copied or infringed, including but not limited to those

8   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

9   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

10  Supplemental Responses to such Interrogatory), state the date that each such concept,

11  design, product, product packaging or other matter was conceived, and IDENTIFY

12  all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

13  TO, the foregoing.

14  **RESPONSE TO INTERROGATORY NO. 43:**

15        MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including without limitation its

18  objections to the terms IDENTIFY and REFER OR RELATE.

19        MGA also objects to this interrogatory to the extent it seeks information

20  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

21  including without limitation the attorney-client privilege, the work product doctrine,

22  the right of privacy, and all other privileges recognized under the constitutional,

23  statutory or decisional law of the United States of America, the State of California or

24  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

25  extent it calls for a legal conclusion.

26        MGA also objects to this interrogatory on the ground that it is premature

27  because the invention, creation, conception, or reduction to practice of Bratz (and

28  related issues) will be the subject of expert testimony at trial.  MGA objects to this

EXHIBIT 2

PAGE 12

1   interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

2   to introduce at trial.  MGA will identify its experts and make related disclosures in

3   accordance with the Court's orders and applicable rules.

4          MGA further objects to this interrogatory to the extent that it seeks

5   information that is not relevant to the claims or defenses of any party to this action

6   and is not reasonably calculated to lead to the discovery of admissible evidence; the

7   term "conceived" is not a legal term of art that is relevant to MGA's affirmative

8   claims for false designation of origin, affiliation, association or sponsorship, unfair

9   competition, dilution, and unjust enrichment.

10          MGA further objects to the extent that this interrogatory seeks

11   information that is outside MGA's knowledge and is not in MGA's possession,

12   custody, or control.  In particular, MGA objects to this interrogatory to the extent

13   that it requests that MGA "IDENTIFY *all* PERSONS…and *all* DOCUMENTS"

14   (emphasis added).

15          MGA further objects to this interrogatory because Mattel has

16   propounded more than 50 interrogatories.  Under Judge Larson's order of February

17   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

18   04049-SGL and CV 05-02727]."

19          Subject to and without waiving the foregoing objections, MGA

20   responds as follows:  MGA is willing to meet and confer with Mattel regarding this

21   interrogatory and the obligation of Mattel to supplement its responses to MGA's First

22   Set of Interrogatories.

23   **INTERROGATORY NO. 44:**

EXHIBIT 2
PAGE 13

24          For each concept, design, product, product packaging or other matter

25   that YOU contend MATTEL copied or infringed, including but not limited to those

26   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

27   Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

28   Supplemental Responses to such Interrogatory), state the date that each such concept,

1  design, product, product packaging or other matter was first fixed in any tangible

2  medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

3  and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

4  **RESPONSE TO INTERROGATORY NO. 44:**

5        MGA incorporates by reference its General Response and General

6  Objections above, as though fully set forth herein and specifically incorporates

7  General Objection No. 7 (regarding Definitions), including without limitation its

8  objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to

9  this interrogatory to the extent it seeks information that is not subject to disclosure

10  under any applicable privilege, doctrine or immunity, including without limitation

11  the attorney-client privilege, the work product doctrine, the right of privacy, and all

12  other privileges recognized under the constitutional, statutory or decisional law of

13  the United States of America, the State of California or any other applicable

14  jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a

15  legal conclusion.

16        MGA also objects to this interrogatory on the ground that it is premature

17  because the invention, creation, conception, or reduction to practice of Bratz (and

18  related issues) will be the subject of expert testimony at trial.  MGA objects to this

19  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

20  to introduce at trial.  MGA will identify its experts and make related disclosures in

21  accordance with the Court's orders and applicable rules.

22        MGA further objects to this interrogatory to the extent that it seeks

23  information that is not relevant to the claims or defenses of any party to this action

24  and not reasonably calculated to lead to the discovery of admissible evidence

25  because the phrase "fixed in a tangible medium of expression" is a legal term of art

26  that does not have relevance to MGA's affirmative claims, which are for false

27  designation of origin, affiliation, association or sponsorship, unfair competition,

28  dilution, and unjust enrichment.

EXHIBIT   2
PAGE   14

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

1    MGA further objects to the extent that this interrogatory seeks

2  information that is outside MGA's knowledge and is not in MGA's possession,

3  custody, or control.  In particular, MGA objects to this interrogatory to the extent

4  that it requests that MGA "IDENTIFY all PERSONS…and all DOCUMENTS"

5  (emphasis added).

6    MGA further objects to this interrogatory because Mattel has

7  propounded more than 50 interrogatories.  Under Judge Larson's order of February

8  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

9  04049-SGL and CV 05-02727]."

10    Subject to and without waiving the foregoing objections, MGA

11  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

12  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

13  Set of Interrogatories.

14    AS TO OBJECTIONS ONLY:

15

16  DATED:  November 15, 2007

17

18                              SKADDEN, ARPS, SLATE, MEAGHER &
                                FLOM, LLP

19                              By: _____

20                                      Thomas J. Nolan
                                Attorneys for Counter-Defendants, MGA

21                              ENTERTAINMENT, INC., ISAAC LARIAN,
                                MGA ENTERTAINMENT (HK) LIMITED,

22                              AND MGAE de MEXICO S.R.L. de C.V.

23

24

25

26

27                              EXHIBIT __2__

28                              PAGE __15__

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)
201550-San Francisco Server 1A - MSW

EXHIBIT 3

1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, CA  90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:        tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA  94111
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  E-mail:        rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
10 (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

14  CARTER BRYANT, an individual      )   CASE NO. CV 04-9049 SGL (RNBx)
                                      )
15                  Plaintiff,        )   Consolidated with Case No. 04-9059
                                      )   and Case No. 05-2727
16        v.                          )
                                      )   MGA ENTERTAINMENT,
17  MATTEL, INC., a Delaware          )   INC.'S SUPPLEMENTAL
    corporation                       )   RESPONSES TO MATTEL,
18                                     )   INC.'S AMENDED FOURTH
                    Defendant.        )   SET OF INTERROGATORIES
19                                     )
                                      )   Honorable Stephen G. Larson
20                                     )   Courtroom 1
                                      )
21                                     )
    _____   )
22  Consolidated with MATTEL, INC. v. )   Discovery Cut-Off:  March 3, 2008
    BRYANT and MGA                    )
23  ENTERTAINMENT, INC. v.            )
    MATTEL, INC.                      )
24                                     )

25  PROPOUNDING PARTY:     MATTEL, INC. ("MATTEL")

26  RESPONDING PARTY:      MGA ENTERTAINMENT, INC.

27  SET NUMBER:            AMENDED FOURTH     EXHIBIT __3__

28                                            PAGE __16__

                          11/30

1  of expert disclosures and will be provided at a later time.

2        With respect to any design relating to the Bratz concept that Carter

3  Bryant may have contributed after October 4, 2000 and before October 21, 2000, <u>i.e.</u>,

4  during a period that he was performing such services for MGA pursuant to a

5  freelance contract, MGA notes that any such design would have incorporated the

6  original and/or creative input of other artists working for or on behalf of MGA on the

7  Bratz concept, which was owned by MGA as a consequence of the October 4, 2000

8  transfer of rights from Bryant to MGA.  In addition, the first generation of Bratz

9  dolls, and all subsequent Bratz dolls, are not substantially similar to, derivative of,

10  and/or a copy of any work performed or created by Carter Bryant from October 4-

11  October 20, 2000.

12        The following persons have knowledge of said facts: Isaac Larian;

13  Carter Bryant; Margaret Leahy; Veronica Marlow; Anna Rhee; Mercedeh Ward;

14  Sarah Halpern; Paula Treantafelles (Garcia); Steve Tarmichael; Rebecca Harris;

15  Cecilia Kwok; David Dees; Jesse Ramirez; and Samuel Wong.

16        The following documents may be relevant to these facts:  all

17  DOCUMENTS that refer to or evidence the work performed by MGA employees

18  and freelancers toward the reduction to practice of the first generation of Bratz dolls

19  during the period after October 20, 2000 through June 1, 2001, including but not

20  limited to: Carter Bryant's drawings; the Bratz dolls; My Scene dolls;

21  DOCUMENTS evidencing the development of the first generation of Bratz dolls by

22  employees and freelance artists working for MGA; and invoices submitted by

23  freelancers for work performed on the Bratz Project.  The documents evidencing this

24  work are too numerous to identify individually.

25  **<u>INTERROGATORY NO. 43:</u>**

26        For each concept, design, product, product packaging or other matter

27  that YOU contend MATTEL copied or infringed, including but not limited to those

28  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re


EXHIBIT 3
PAGE 17

1  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

2  Supplemental Responses to such Interrogatory), state the date that each such concept,

3  design, product, product packaging or other matter was conceived, and IDENTIFY

4  all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

5  TO, the foregoing.

6  **RESPONSE TO INTERROGATORY NO. 43:**

7       MGA incorporates by reference its General Response and General

8  Objections above, as though fully set forth herein and specifically incorporates

9  General Objection No. 7 (regarding Definitions), including without limitation its

10 objections to the terms IDENTIFY and REFER OR RELATE.

11      MGA also objects to this interrogatory to the extent it seeks information

12 that is not subject to disclosure under any applicable privilege, doctrine or immunity,

13 including without limitation the attorney-client privilege, the work product doctrine,

14 the right of privacy, and all other privileges recognized under the constitutional,

15 statutory or decisional law of the United States of America, the State of California or

16 any other applicable jurisdiction. MGA further objects to the interrogatory to the

17 extent it calls for a legal conclusion.

18      MGA also objects to this interrogatory on the ground that it is premature

19 because the invention, creation, conception, or reduction to practice of Bratz (and

20 related issues) will be the subject of expert testimony at trial. MGA objects to this

21 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

22 to introduce at trial. MGA will identify its experts and make related disclosures in

23 accordance with the Court's orders and applicable rules.

24      MGA further objects to this interrogatory to the extent that it seeks

25 information that is not relevant to the claims or defenses of any party to this action

26 and is not reasonably calculated to lead to the discovery of admissible evidence; the

27 term "conceived" is not a legal term of art that is relevant to MGA's affirmative

28 claims for false designation of origin, affiliation, association or sponsorship, unfair

EXHIBIT    3

PAGE    18

1  competition, dilution, and unjust enrichment.

2        MGA further objects to the extent that this interrogatory seeks

3  information that is outside MGA's knowledge and is not in MGA's possession,

4  custody, or control.  In particular, MGA objects to this interrogatory to the extent

5  that it requests that MGA "IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

6  (emphasis added).

7        MGA further objects to this interrogatory because Mattel has

8  propounded more than 50 interrogatories.  Under Judge Larson's order of February

9  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

10  04049-SGL and CV 05-02727]."

11        Subject to and without waiving the foregoing objections, MGA

12  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

13  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

14  Set of Interrogatories.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 43:**

16        MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including without limitation its

19  objections to the terms IDENTIFY and REFER OR RELATE.

20        MGA also objects to this interrogatory to the extent it seeks information

21  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

22  including without limitation the attorney-client privilege, the work product doctrine,

23  the right of privacy, and all other privileges recognized under the constitutional,

24  statutory or decisional law of the United States of America, the State of California or

25  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

26  extent it calls for a legal conclusion.

27        MGA also objects to this interrogatory on the ground that it is premature

28  because the invention, creation, conception, or reduction to practice of Bratz (and

EXHIBIT 3
PAGE 19

1  related issues) will be the subject of expert testimony at trial. MGA objects to this

2  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

3  to introduce at trial. MGA will identify its experts and make related disclosures in

4  accordance with the Court's orders and applicable rules.

5       MGA further objects to this interrogatory to the extent that it seeks

6  information that is not relevant to the claims or defenses of any party to this action

7  and is not reasonably calculated to lead to the discovery of admissible evidence; the

8  term "conceived" is not a legal term of art that is relevant to MGA's affirmative

9  claims for false designation of origin, affiliation, association or sponsorship, unfair

10  competition, dilution, and unjust enrichment.

11       MGA further objects to the extent that this interrogatory seeks

12  information that is outside MGA's knowledge and is not in MGA's possession,

13  custody, or control. In particular, MGA objects to this interrogatory to the extent

14  that it requests that MGA "IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

15  (emphasis added).

16       Subject to and without waiving the foregoing objections, MGA

17  responds as follows:

18       MGA incorporates by reference its response to Interrogatory No. 3 of

19  Mattel's First Set of Interrogatories re Claims of Unfair Competition (including

20  supplemental responses thereto) as though fully set forth herein. MGA notes that, in

21  general, at MGA, product development is completed 7-8 months before the first

22  invoice date, although that time period could be reduced in certain situations to 5-6

23  months.

24  **INTERROGATORY NO. 44:**

25       For each concept, design, product, product packaging or other matter

26  that YOU contend MATTEL copied or infringed, including but not limited to those

27  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

28  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

1 Supplemental Responses to such Interrogatory), state the date that each such concept,

2 design, product, product packaging or other matter was first fixed in any tangible

3 medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

4 and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

5 **RESPONSE TO INTERROGATORY NO. 44:**

6        MGA incorporates by reference its General Response and General

7 Objections above, as though fully set forth herein and specifically incorporates

8 General Objection No. 7 (regarding Definitions), including without limitation its

9 objections to the terms IDENTIFY and REFER OR RELATE. MGA also objects to

10 this interrogatory to the extent it seeks information that is not subject to disclosure

11 under any applicable privilege, doctrine or immunity, including without limitation

12 the attorney-client privilege, the work product doctrine, the right of privacy, and all

13 other privileges recognized under the constitutional, statutory or decisional law of

14 the United States of America, the State of California or any other applicable

15 jurisdiction. MGA also objects to this interrogatory to the extent that it calls for a

16 legal conclusion.

17        MGA also objects to this interrogatory on the ground that it is premature

18 because the invention, creation, conception, or reduction to practice of Bratz (and

19 related issues) will be the subject of expert testimony at trial. MGA objects to this

20 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

21 to introduce at trial. MGA will identify its experts and make related disclosures in

22 accordance with the Court's orders and applicable rules.

23        MGA further objects to this interrogatory to the extent that it seeks

24 information that is not relevant to the claims or defenses of any party to this action

25 and not reasonably calculated to lead to the discovery of admissible evidence

26 because the phrase "fixed in a tangible medium of expression" is a legal term of art

27 that does not have relevance to MGA's affirmative claims, which are for false

28 designation of origin, affiliation, association or sponsorship, unfair competition,

16

EXHIBIT 3
PAGE 21

1    dilution, and unjust enrichment.

2         MGA further objects to the extent that this interrogatory seeks

3    information that is outside MGA's knowledge and is not in MGA's possession,

4    custody, or control.  In particular, MGA objects to this interrogatory to the extent

5    that it requests that MGA "IDENTIFY all PERSONS...and all DOCUMENTS"

6    (emphasis added).

7         MGA further objects to this interrogatory because Mattel has

8    propounded more than 50 interrogatories.  Under Judge Larson's order of February

9    22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

10   04049-SGL and CV 05-02727]."

11        Subject to and without waiving the foregoing objections, MGA

12   responds as follows:  MGA is willing to meet and confer with Mattel regarding this

13   interrogatory and the obligation of Mattel to supplement its responses to MGA's First

14   Set of Interrogatories.

15   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 44:**

16        MGA incorporates by reference its General Response and General

17   Objections above, as though fully set forth herein and specifically incorporates

18   General Objection No. 7 (regarding Definitions), including without limitation its

19   objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to

20   this interrogatory to the extent it seeks information that is not subject to disclosure

21   under any applicable privilege, doctrine or immunity, including without limitation

22   the attorney-client privilege, the work product doctrine, the right of privacy, and all

23   other privileges recognized under the constitutional, statutory or decisional law of

24   the United States of America, the State of California or any other applicable

25   jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a

26   legal conclusion.

27        MGA also objects to this interrogatory on the ground that it is premature

28   because the invention, creation, conception, or reduction to practice of Bratz (and

17

EXHIBIT 3

PAGE 12

1    related issues) will be the subject of expert testimony at trial.  MGA objects to this

2    interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

3    to introduce at trial.  MGA will identify its experts and make related disclosures in

4    accordance with the Court's orders and applicable rules.

5            MGA further objects to this interrogatory to the extent that it seeks

6    information that is not relevant to the claims or defenses of any party to this action

7    and not reasonably calculated to lead to the discovery of admissible evidence

8    because the phrase "fixed in a tangible medium of expression" is a legal term of art

9    that does not have relevance to MGA's affirmative claims, which are for false

10   designation of origin, affiliation, association or sponsorship, unfair competition,

11   dilution, and unjust enrichment.

12           MGA further objects to the extent that this interrogatory seeks

13   information that is outside MGA's knowledge and is not in MGA's possession,

14   custody, or control.  In particular, MGA objects to this interrogatory to the extent

15   that it requests that MGA "IDENTIFY all PERSONS...and all DOCUMENTS"

16   (emphasis added).

17           Subject to and without waiving the foregoing objections, MGA

18   responds as follows:

19

20

21

22

23

24

25

26

27

28

EXHIBIT 3
PAGE 23

1    MGA incorporates by reference its responses to Interrogatory No. 3 of

2  Mattel's First Set of Interrogatories re Claims of Unfair Competition (including

3  supplemental responses thereto) and Interrogatory No. 43 (including supplemental

4  responses thereto) as though fully set forth herein.

5  DATED:  November 30, 2007

6

7                              SKADDEN, ARPS, SLATE, MEAGHER &
                               FLOM LLP
8

9                              By: _____
                                        Thomas J. Nolan
10                             Attorneys for Counter-Defendants, MGA
                               ENTERTAINMENT, INC., ISAAC LARIAN,
11                             MGA ENTERTAINMENT (HK) LTD., and
                               MGAE de MEXICO S.R.L.de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                             EXHIBIT ___3___
                               PAGE ___24___
28

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT 4

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 5

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 6

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 090378)
2 |     johnquinn@quinnemanuel.com
    Michael T. Zeller (Bar No. 196417)
3 |     (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4 |     (joncorey@quinnemanuel.com)
    Timothy L. Alger (Bar No. 160303)
5 |     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6 | Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Mattel, Inc.

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |

PROPOUNDING PARTY:    Mattel, Inc.

RESPONDING PARTIES:    MGA Entertainment, Inc., Isaac Larian, Carter Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and Carlos Gustavo Machado Gomez

SET NO.:    SUPPLEMENTAL

EXHIBIT 6
PAGE 41

1          (ii)    the subject matter of the COMMUNICATION or information

2                (without revealing the content as to which the privilege is claimed);

3                and

4          (iii)   any additional facts or grounds on which YOU base YOUR claim

5                of privilege or protection.

6        B.    When an interrogatory requests that YOU provide information,

7 YOU are required to supply all information known by or available to YOU or YOUR

8 employees, officers, directors, agents, representatives, attorneys and experts. If YOU

9 cannot completely answer the interrogatory after making diligent efforts to do so,

10 please so state. Then describe in detail all efforts made to answer the interrogatory;

11 identify every PERSON involved in such efforts; and state the additional information

12 YOU need, if any, to respond completely to the interrogatory.

13

14 **Interrogatories**

15

16 INTERROGATORY NO. 51:

17        For each concept, design, product, product packaging or other matter that

18 YOU contend MATTEL has copied, infringed or diluted, including but not limited to

19 those identified in MGA's Responses to Mattel, Inc.'s First Set of Interrogatories Re

20 Claims of Unfair Competition, Response to Interrogatory No. 2 (and any Supplemental

21 Responses to such Interrogatory), describe, fully and separately, each and every

22 concept, design, product, product packaging or other matter of or by MATTEL that

23 YOU contend is a copy of, infringes or dilutes YOUR alleged concept(s), design(s),

24 product(s), product packaging or other matter. Your answer should describe the Mattel

25 concept, design, product, product packaging or other matter with specificity and in

26 detail (including without limitation by product name, product number, SKU, or bar

27 code number), and specify those elements or attributes of YOUR claimed concept,

28

EXHIBIT 6
PAGE 42

07209/2239571.2

-12-

1   design, product, product packaging or other matter that YOU contend were copied,

2   infringed or diluted by MATTEL.

3

4   INTERROGATORY NO. 52:

5           For each trade dress that YOU contend MATTEL copied, infringed or

6   diluted, separately IDENTIFY each product sold by YOU or YOUR licensees that

7   incorporates such trade dress and, for each such product, separately state (a) the number

8   of units, by year, of each such product sold by YOU or YOUR licensees; (b) revenue

9   received by YOU from such SALES of each such product; (c) all costs YOU have

10  incurred in connection with each product, including but not limited to YOUR cost of

11  good sold, and (d) YOUR gross and net profits from each such product.

12

13  INTERROGATORY NO. 53:

14          For each MATTEL concept, design, product, product packaging or other

15  matter that YOU contend is likely to cause confusion, to cause mistake, or to deceive as

16  to affiliation, connection, or association, or as to origin, sponsorship, or approval,

17  separately state all facts that support YOUR contention of such, including but not

18  limited to all facts that support YOUR contention, if YOU so contend, that any of the

19  SLEEKCRAFT FACTORS weighs against MATTEL, and IDENTIFY all PERSONS

20  with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO

21  such facts.

22

23  INTERROGATORY NO. 54:

24          For each concept, design, product, product packaging or other matter that

25  YOU contend MATTEL copied, infringed or diluted, state all facts that support

26  contention, if YOU so contend, that such copying or infringement was intentional or

27  willful, and IDENTIFY all PERSONS with knowledge of such facts and all

28  DOCUMENTS that REFER OR RELATE TO such facts.

EXHIBIT 6

PAGE 43

-13-

07209/2239571.2

1

2  INTERROGATORY NO. 55:

3       State all facts which support the allegation in Paragraph 120 of YOUR

4  COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution

5  of the distinctive look of MGA's products and trade dress," and IDENTIFY all

6  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR

7  RELATE TO such facts.

8

9  INTERROGATORY NO. 56:

10       IDENTIFY all MATTEL DOCUMENTS that MGA has obtained,

11  received, reviewed, copied, reproduced, transmitted, requested or used at any time since

12  January 1, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all

13  DOCUMENTS that REFER OR RELATE TO such MATTEL DOCUMENTS.

14

15  INTERROGATORY NO. 57:

16       IDENTIFY all DOCUMENTS that REFER OR RELATE TO any

17  MATTEL product or plan that any of the FORMER MATTEL EMPLOYEES

18  provided, transmitted  or disclosed to, shared with or used on behalf of MGA at any

19  time since January 1, 1999, and IDENTIFY all PERSONS with knowledge of such

20  facts.

21

22  INTERROGATORY NO. 58:

23       State all facts which support YOUR contention, if YOU so contend, that

24  YOU and/or MGA did not obtain any MATTEL DOCUMENTS through improper

25  means, and IDENTIFY all PERSONS with knowledge of such facts and all

26  DOCUMENTS that REFER OR RELATE TO such facts.

27

28

EXHIBIT __6__
PAGE ___44___

MATTEL'S SUPPLEMENTAL INTERROGATORIES

INTERROGATORY NO. 63:

State all facts which support YOUR contention, if YOU so contend, that YOU and/or MGA had, has or have any right to copy, possess, use or disclose any MATTEL DOCUMENT, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 64:

To the extent YOU have not previously disclosed such information in a prior interrogatory response YOU provided to Mattel, state all facts which support YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

INTERROGATORY NO. 65:

Describe in detail each and every action YOU have taken, or directed be taken, to locate, maintain or preserve evidence which is, might be or could be relevant or potentially relevant to THIS ACTION.

INTERROGATORY NO. 66:

IDENTIFY each and every SOURCE OF INFORMATION from which YOU have COLLECTED DOCUMENTS for responsiveness and potential production in THIS ACTION.

INTERROGATORY NO. 67:

IDENTIFY fully and separately each and every payment of money or other item of value that YOU have made or given, or any promise, agreement, proposal or offer by YOU to pay money or give any item of value, to or on behalf of any PERSON identified in any of the parties' initial disclosures in this ACTION at any time

1  when such PERSON was not an employee of MGA, including without limitation with
2  respect to legal fees incurred by or on behalf of such PERSON.
3
4  **INTERROGATORY NO. 68:**
5    To the extent not disclosed in response to prior Interrogatories, IDENTIFY
6  fully and separately each and every payment of money or other item of value that MGA
7  has made, or any promise, agreement, proposal or offer by MGA to pay money or give
8  any item of value, to or on behalf of any of the FORMER MATTEL EMPLOYEES,
9  including without limitation with respect to legal fees incurred by or on behalf of any of
10  the FORMER MATTEL EMPLOYEES.
11
12  **INTERROGATORY NO. 69:**
13    To the extent not disclosed in response to prior Interrogatories, IDENTIFY fully
14  and separately each and every payment of money or other item of value that YOU have
15  made, or any promise, agreement, proposal or offer by YOU to pay money or give any
16  item of value, since January 1, 1998 to or on behalf of any PERSON who has been
17  employed by MATTEL (excluding ordinary salary and benefits paid to such PERSON
18  while an MGA employee), including without limitation with respect to legal fees
19  incurred by or on behalf of such PERSON and bonuses paid to such PERSON.
20
21
22  DATED: January 9, 2008  QUINN EMANUEL URQUHART OLIVER &
23             HEDGES, LLP
24
25          By
26           Michael T. Zeller
27           Attorneys for Mattel, Inc.
28

EXHIBIT 6
PAGE 46

MATTEL'S SUPPLEMENTAL INTERROGATORIES

1

## PROOF OF SERVICE

2      I am employed in the County of Los Angeles, State of California.  I am over

3  the age of eighteen years and not a party to the within action; my business address is

4  NOW Messenger Service, 1301 West Second Street, Suite 206, Los Angeles,

5  California 90026.

6      On January 9, 2008, I served true copies of the following documents

7  described as:

8      **MATTEL, INC.'S SUPPLEMENTAL INTERROGATORIES**

9  on the parties in this action as follows:

| | |
|---|---|
| 10  Skadden, Arps, Slate, Meagher & Flom LLP<br>11    Thomas J. Nolan, Esq.<br>300 South Grand Avenue, Suite 3400<br>12  Los Angeles, CA  90071<br>Telephone:  213.687.5000<br>13  Facsimile:  213.687.5600 | **Attorneys for** *MGA Entertainment, Inc., MGA Entertainment (HK) Ltd., Isaac Larian and MGAE de Mexico, S.R.L. de C.V.* |
| 14  Overland Borenstein Scheper & Kim, LLP<br>15    Mark E. Overland, Esq.<br>David C. Scheper, Esq.<br>16    Alexander H. Cote, Esq.<br>300 South Grand Avenue, Suite 2750<br>17  Los Angeles, CA 90071<br>Telephone:  213.613.4655<br>18  Facsimile:  213.613.4656 | **Attorneys for** *Carlos Gustavo Machado Gomez* |
| 19  Keker & Van Nest, LLP<br>John W. Keker, Esq.<br>20    Michael H. Page, Esq.<br>Christa M. Anderson, Esq.<br>21  710 Sansome Street<br>San Francisco, CA 94111<br>22  Telephone:  415.391.5400<br>Facsimile:  415.397.7188 | **Attorneys for** *Carter Bryant* |

23

24      [√ ]   **[PERSONAL]** by personally delivering the document listed above to

25  the person(s) at the address(es) set forth above.

26

27

28

EXHIBIT  6
PAGE  47

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

1    I declare that I am employed in the office of a member of the bar of this court

2    at whose direction the service was made

3    Executed on January 9, 2008, at Los Angeles, California.

4

5

6    David Quintana

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    EXHIBIT 6

28    PAGE 48

07209/2347614.1

Case No. CV 04-9049 SGL (RNBx)
PROOF OF SERVICE

EXHIBIT 7

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 8

THIS EXHIBIT IS FILED UNDER SEAL

PURSUANT TO PROTECTIVE ORDER

EXHIBIT 9

CALENDARED

**RECEIVED**

JAN 0 8 2009

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
CIVIL MINUTES -- GENERAL

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 6, 2009

Title:     MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
=================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

    James Holmes                          None Present
    Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

PROCEEDINGS:    ORDER APPOINTING DISCOVERY MASTER

        As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any discovery disputes that might arise in Phase 2 of this case.  The appointment of the Discovery Master was made at the joint request of the parties in this case.  See Stipulation for Appointment of a Discovery Master and Order, December 6, 2006.

        Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what MGA has aptly described to the Court as "the massive administrative burdens in time and labor necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase 2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2."  Based on the Court's experience in this case, there is no question that a Discovery Master is needed to "effectively and timely" address the anticipated discovery matters in this case.

        The Court previously submitted to all counsel of record the names of eight attorneys for consideration by the parties and invited counsel to submit, in camera, any objections to those attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of the permanent injunction, if needed).  The Court has carefully considered the objections submitted.  Two of the individuals named were not the subject of an objection by any party.  Of those two, the Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

MINUTES FORM 90                                                Initials of Deputy Clerk: jh
CIVIL -- GEN                          1

EXHIBIT ___9___
PAGE ___75___

01-06

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera.   A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master. The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

EXHIBIT 9
PAGE 70

Date Transmit. .:     1/6/2009 3:00:50 PM

2:04-cv-9049  Doc: 4640

Melissa  Grant
Quinn Emanuel Urquhart Oliver and Hedges
865 South Figueroa Street, 10th Fl
Los Angeles, CA   90017-2543

Number of Pages:        2

*It is hereby certified that this document was served by first class mail postage prepaid or by fax or e-mail delivery to counsel (or parties) at their respective address or fax number or e-mail address of record.*

EXHIBIT   9
PAGE   77

MIME-Version:1.0

From:cacd_ecfmail@ cd.uscourts.gov

To:ecfnef@cacd.uscourts.gov

Bcc: johnquinn@quinnemanuel.com , randaosman@quinnemanuel.co
m , amorgenthaler@chrisglase.com , rkennedy@skadden.com , tn
olan@skadden.com , carl.roth@skadden.com , marcus.mumford@sk
adden.com , eherich@kmwlaw.com , timalger@quinnemanuel.com ,
  joncorey@quinnemanuel.com , michaelzeller@quinnemanuel.com
, burrow@caldwell-leslie.com , wilson@caldwell-leslie.com ,
popescu@caldwell-leslie.com , kenneth.plevan@skadden.com , d
rogosa@skadden.com , sumclaug@skadden.com , acote@obsklaw.co
m , feseroma@obsklaw.com , marina.bogorad@skadden.com , dyla
nproctor@quinnemanuel.com , westonreid@quinnemanuel.com , st
ankaras@quinnemanuel.com , gayleduran@quinnemanuel.com , sgi
zer@glaserweil.com , robynaronson@dwt.com , frankromero@dwt.
com , cdowell@kmwlaw.com , cyrusnaim@quinnemanuel.com , leah
@spertuslaw.com , mikelly@skadden.com , sandyweisburst@quinn
emanuel.com , nef@cacd.circ9.dcn , obrien.robert@arentfox.co
m , prosper.pierre@arentfox.com , barbara_north@cacd.uscourt
s.gov ,  dscheper@obsklaw.com,feseroma@obsklaw.com_sumry,  l
mcfarland@kmwlaw.com,  moverland@obsklaw.com,jhibino@obsklaw
.com_sumry,  jrussell@skadden.com,allison.velkes@skadden.com
_sumry,  tholen@caldwell-leslie.com,mejia@caldwell-leslie.co
m,wilson@caldwell-leslie.com,  dwinthrop@howardrice.com,  di
anehutnyan@quinnemanuel.com,andreahoeven@quinnemanuel.com,
dhansen@skadden.com,  alexstolyar@quinnemanuel.com,  crd_blo
ck@cacd.uscourts.gov,crd_block@cacd.uscourts.gov_sumry,  crd
_larson@cacd.uscourts.gov,kathie_pimentel@cacd.uscourts.gov_
sumry,crd_larson@cacd.uscourts.gov_sumry,  crd_larson@cacd.u
scourts.gov,kathie_pimentel@cacd.uscourts.gov_sumry,crd_lars
on@cacd.uscourts.gov_sumry, Prosper.Pierre@Arentfox.com, Bar
bara_North@cacd.uscourts.gov,

Jerome B FalkHoward Rice Nemerovski Canady Falk & Rabkin3 Em
barcadero Ctr  7th FlSan Francisco CA 94111-4024,

Kien C TietStern and Goldberg6345 Balboa Boulevard, Suite 20
0Encino CA 91316,

Lauren E AguiarSkadden Arps Slate Meagher & Flom1440 New Yor
k AveWashington DC 20005-2111,

Melissa  GrantQuinn Emanuel Urquhart Oliver and Hedges865 So
uth Figueroa Street, 10th FlLos Angeles CA 90017-2543,

Cheryl  PlambeckDavis & Gilbert LLP1740 BroadwayNew York NY
10019US,

Amy R SabrinSkadden Arps Slate Meagher & Flom LLP1440 New Yo
rk Avenue NWWashington DC 20005-2111US,

David W FosterSkadden Arps Slate Meagher & Flom LLP1440 New

EXHIBIT   9
PAGE __78

York Avenue NWWashington DC 20005-2111US,
Peter H BonisPeter . Bonis Law Offices1990 N California Bl
vd, 8th FloorWalnut Creek CA 94596US
Message-Id:
Subject:Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant
 v. Mattel Inc Order
Content-Type: text/html***NOTE TO PUBLIC ACCESS USERS*** Jud
icial Conference of the United States policy permits attorne
ys of record and parties in a case (including pro se litigan
ts) to receive one free electronic copy of all documents fil
ed electronically, if receipt is required by law or directed
 by the filer. PACER access fees apply to all other users.
To avoid later charges, download a copy of each document dur
ing this first viewing. However, if the referenced document
is a transcript, the free copy and 30 page limit do not appl
y.'
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
CALIFORNIA
Notice of Electronic Filing

The following transaction was entered  on 1/6/2009 at 2:31 P
M PST and filed
on 1/6/2009

Case Name:
Carter Bryant v. Mattel Inc
Case Number:2:04-cv-9049

Filer:

Document Number:

<a href=https://ecf.cacd.uscourts.gov/doc1/03107239590?magic
_num=MAGIC&de_seq_num=14130&caseid=167222
>4640

Docket Text:

EXHIBIT ___9___
PAGE ___79___

ORDER APPOINTING DISCOVERY MASTER by Judge Stephen G. Larson
: [re Order extend. g
time [4503], Stipulation for Extension of Time to File, [449
0]; the Court
selects Robert C. O&#039;Brien of Arent, Fox to serve as Dis
covery Master
for Phase 2 of this case.  The stay on discovery for Phase 2
 of this case
is hereby VACATED.  Notwithstanding the parties&#039; stated
 lack of objection
to the appointment of Mr. O&#039;Brien as Discovery Master,
the Discovery
Master is directed to promptly disclose to counsel for all p
arties any potential
grounds for conflict of interest or disqualification, and th
e parties shall,
within three days of receipt of said disclosure, submit any.
objection to
the Court in camera.  A failure to object will be deemed by
the Court as
a waiver of any objections and consent to Mr. O&#039;Brien t
o serve as Discovery
Master.  The Discovery Master is further directed to contact
 counsel for
all parties and resolve any and all outstanding discovery mo
tions as expeditiously
as possible. See order for complete text.  (jh)


2:04-cv-9049 Notice has been electronically mailed to:



John B Quinn         johnquinn@quinnemanuel.com

Randa A F Osman       randaosman@quinnemanuel.com

David C Scheper       dscheper@obsklaw.com,feseroma@obsklaw.co
m_sumry


EXHIBIT   9
PAGE    80

Alisa Morgenthaler Lever          amorgenthaler@chrisglase.com

Larry W McFarland          lmcfarland@kmwlaw.com

Raoul D Kennedy          rkennedy@skadden.com

Mark E Overland          moverland@obsklaw.com, jhibino@obsklaw.co
m_sumry

Thomas J Nolan          tnolan@skadden.com, carl.roth@skadden.com
, marcus.mumford@skadden.com

Emil W Herich          eherich@kmwlaw.com

Jason D Russell          jrussell@skadden.com, allison.velkes@skad
den.com_sumry

Timothy L Alger          timalger@quinnemanuel.com

Sandra L Tholen          tholen@caldwell-leslie.com, mejia@caldwel
l-leslie.com, wilson@caldwell-leslie.com

Jon D Corey          joncorey@quinnemanuel.com

Douglas Andrew Winthrop          dwinthrop@howardrice.com

Michael T Zeller          michaelzeller@quinnemanuel.com

Linda M Burrow          burrow@caldwell-leslie.com, wilson@caldwe
ll-leslie.com, popescu@caldwell-leslie.com

Diane C Hutnyan          dianehutnyan@quinnemanuel.com, andreahoev
en@quinnemanuel.com

Kenneth A Plevan          kenneth.plevan@skadden.com, drogosa@ska
dden.com, sumclaug@skadden.com

EXHIBIT 9
PAGE 81

Alexander H Cote        acote@obsklaw.com, feseroma@obsklaw.com

Marina Vladimir Bogorad        marina.bogorad@skadden.com

Brett Dylan Proctor        dylanproctor@quinnemanuel.com, westo
nreid@quinnemanuel.com

Stan   Karas        stankaras@quinnemanuel.com, gayleduran@quinn
emanuel.com, westonreid@quinnemanuel.com

Scott E Gizer        sgizer@glaserweil.com

David W Hansen        dhansen@skadden.com

Robyn   Aronson        robynaronson@dwt.com, frankromero@dwt.com

Oleg   Stolyar        alexstolyar@quinnemanuel.com

Christian C Dowell        cdowell@kmwlaw.com

Cyrus S Naim        cyrusnaim@quinnemanuel.com

Leah Chava Gershon        leah@spertuslaw.com

Michael P Kelly        mikelly@skadden.com

Sanford I Weisburst        sandyweisburst@quinnemanuel.com

2:04-cv-9049 Notice has been delivered by First Class U. S.
Mail or by
fax to: :

Jerome B Falk
Howard Rice Nemerovski Canady Falk & Rabkin
3 Embarcadero Ctr   7th Fl
San Francisco CA 94111-4024

EXHIBIT  9
PAGE  82

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino CA 91316


Lauren E Aguiar
Skadden Arps Slate Meagher & Flom
1440 New York Ave
Washington DC 20005-2111


Melissa  Grant
Quinn Emanuel Urquhart Oliver and Hedges
865 South Figueroa Street, 10th Fl
Los Angeles CA 90017-2543


Cheryl  Plambeck
Davis & Gilbert LLP
1740 Broadway
New York NY 10019
US


Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US


David W Foster
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US


Peter H Bonis
Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek CA 94596
US


EXHIBIT   9
PAGE   83

EXHIBIT 10

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:    <u>Mattel v. MGA Entertainment, Inc., et al.</u>

Dear Amman:

I write in furtherance of our meeting of counsel of February 6, 2009 regarding various Phase 2 discovery issues.

<u>First</u>, regarding Mattel's Renewed Motion to Compel Production of Documents and Things by MGA Entertainment, Inc., filed January 26, 2008 and currently pending before the Discovery Master, you agreed that MGA would produce, within thirty days, all non-privileged documents responsive to Mattel's Request No. 48 from its First Set of RFPs for the twelve individuals indentified in Mattel's motion. You also agreed to produce, within thirty days, all non-privileged documents responsive to Mattel's Request Nos. 43-75 from its Third Set of RFPs regarding "Scooter Samantha," "Space Babies" and Scott Reyes, as set forth in Mattel's motion.

As to Mattel's Request Nos. 87 and 88, regarding personnel files for former Mattel employees and vendors, you stated that your objections to producing the personnel files in their entirety arose from concerns over employee privacy. As I stated at the conference, the prior Discovery Master and the Court have time and again held that the Protective Order in this case sufficiently ameliorates any such concerns. As an example, I direct your attention to the attached Discovery Master's May 15, 2007 wherein he overruled similar privacy objections and ordered the production of personnel files. <u>See</u> May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at 3, 9 (overruling MGA's privacy objections on behalf of

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT ___10___
PAGE ___84___

third parties and ordering production of responsive documents); see also id. at 11 n.4 ("The personnel file may have documents relevant to Bratz, and therefore should be produced. The protective order is sufficient to alleviate . . . privacy concern[s]."). Similarly, in another Order the Discovery Master overruled Bryant's objections based on the privacy of third parties because "the protective order is sufficient to address . . . confidentiality concerns." January 26, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at 15.

I trust this adequately alleviates your concerns and that MGA will also produce these files. Separately, I explained that Mattel is not only interested in what may be in the personnel files, but what may not be in there, such as instances of no disciplinary action taken. Mattel will agree, however, to exclude from its request any health care specific information. Once MGA agrees to a stipulation so ordering the production of these documents, then Mattel will take its motion off-calendar.

Second, with regard to MGA's outstanding responses to a number of Mattel's Interrogatories, you agreed that MGA would respond to Interrogatory No. 41 within thirty days.

Regarding Mattel's Interrogatory Nos. 43, 44, 51-55 and 64, your colleague, Mr. Nouges proposed that, in light of Mattel's intention to seek summary adjudication of MGA's claims of trade dress infringement, MGA be permitted to delay its response to these interrogatories until thirty days after any ruling on Mattel's contemplated motion. I informed you that I would discuss your proposal with our client, but that I did not expect them to agree.

Additionally, you questioned whether MGAE de Mexico was bound by the Order compelling responses to Interrogatory Nos. 41-43. Both the original February 15, 2008 Order and the subsequent April 22, 2008 Clarification were directed to the "MGA Parties," including MGAE de Mexico. Moreover, as I stated at the conference, the interrogatories to MGAE de Mexico are identical to those that Mattel propounded upon MGA, and assuming MGAE de Mexico takes the same positions that were advanced by MGA and rejected by the Discovery Master, there is no reason MGAE should not be similarly bound by the logic of the Order. As you indicated that you did not have the requests at issue, I have attached Mattel's interrogatories to MGAE de Mexico.

Third, regarding Mattel's request to schedule the continued deposition of Isaac Larian on Phase 2 matters, you indicated that as MGA's CEO, any such deposition would be impermissibly burdensome. You asked me why additional time was justified. I told you that, at most, Mattel had five hours to depose Mr. Larian regarding Phase 2 issues, that he was a named defendant, that there are tens of thousands, if no hundreds of thousands, of pages of documents that he authored and related to him and the five hours (much of which was devoted to further Phase 1 issues given that MGA and Larian produced the vast majority of their documents amounting to millions of pages after Mr. Larian was first deposed). As such, further deposition is warranted. Because we were unable to reach an agreement on this issue, Mattel will seek an order form the Discovery Master compelling Mr. Larian's further deposition testimony.

Fourth, regarding Mattel's request to schedule the continued deposition of Ron Brawer on Phase 2 matters, you took the position that his deposition was unwarranted because he had already been

2

EXHIBIT __10__
PAGE __05__

deposed and because you did not see Mr. Brawer's continued relevance. Mr. Brawer is a key witness and/or actor at the core of Mattel's Phase 2 allegations. His deposition was never completed, and now that Phase 2 has begun, it should be scheduled immediately. You agreed that you would consider this issue and to provide a response on Monday.

**Fifth,** regarding Mattel's intention to file a motion for reconsideration of the order compelling Isaac Larian's communications with Mattel employees, but limiting the response to communications that occurred prior to 2005, you indicated that you needed more time to consider the issue because you claimed that your firm did not have the documents, and you needed to determine whether compliance with Mattel's request would be unduly burdensome. I informed you that it was not my understanding that the Discovery Master's time limitation was based on burden considerations. As we discussed, the Discovery Master's time limitation was scope of Mattel's request based on misapprehension of Mattel's counterclaims. The temporal limitation was not an issue discussed at the hearing or briefed, but a decision made, *sua sponte*, by the Discovery Master. Plainly Mr. Larian's communications with Mattel's employees are highly relevant—indeed, more so, if there may be, as you initially suggested, that Mr. Larian has had so many communications with Mattel employees that responding to such a request would impose an undue burden upon Mr. Larian or upon MGA. We agreed that you would provide me with a firm position on Monday.

**Sixth,** regarding Mattel's 30(b)(6) deposition of MGAE de Mexico and MGA, you agreed that at the conference on Monday you would be in a position to state which employees would be designated for which topics and their dates of availability. To assist you, I've am attaching Mattel's January 9, 2008 Deposition Notices of MGAE de Mexico and MGA.

**Seventh,** regarding MGA's supplemental document production regarding financial information, as required by Rule 26(e)(1) and the Discovery Master's Orders of December 28 and 31, 2007, you indicated that you were not in a position to respond to Mattel's request at this time because you did not have the document requests or orders at issue. To assist you, I am attaching Mattel's Requests Nos. 207, 208, 209 and the relevant Discovery Master orders. Please be prepared to respond substantively to Mattel's request on Monday.

**Eighth,** regarding Mattel's deposition notices of Mr. Vargas, Ms. Trueba and Ms. Salemnia, you agreed that MGA was no longer were objecting on the grounds that Judge Larson's January 7, 2008 order required all Phase 2 depositions to be completed by the end of January 2008. I requested, and you agreed, to provide by Monday, February 9, 2009, amended objections to those deposition notices with that objection omitted.

**Ninth,** regarding Ms. Salemnia's last known address, you indicated that you would be able to respond at our Monday conference.

**Tenth,** regarding the current procedures for discovery disputes, I had requested that MGA agree to amend the discovery master stipulation to reflect the parties' long-standing practice of conducting meetings of counsel telephonically. Further, we will take under consideration your request that we amend the procedures to allow a party extended time to file any opposition and reply.

3

EXHIBIT 10

Finally, I must note that you were not adequately prepared to substantively discuss a number of issues which we had planned to address at last Friday's meeting of counsel. For a number of these disputes you did not even have the relevant pleadings or underlying orders. As a courtesy, I am providing you with those documents that you lack, but I am sure that your co-counsel has. We do not expect that your association in of this case will cause further delay in its prosecution or defense of this case. If the association of your firm was going to cause delay in any respect, then the time to raise that was with the Court upon the request for association. Your failure to do so does not justify any delay or excuses for not being fully prepared, particularly given that your firm is but one of MGA's counsel in this case.

If you have any questions regarding the foregoing, please do not hesitate to call.


Best regards,

Jon Corey

Enclosures

cc:     Jean P. Nogues, Esq. (via electronic mail w/ enclosures)

4

EXHIBIT   10
PAGE _____ 87

EXHIBIT 11

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

- - -

HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

- - -

MATTEL, INC.,                        )
                                     )
                 Plaintiff,          )
                                     )
        vs.                          )   No. CV 04-09049
                                     )
MGA ENTERTAINMENT, INC., ET. AL.,    )
                                     )
                 Defendants.         )
_____)   Motions
AND CONSOLIDATED ACTIONS,            )
_____)

REPORTER'S TRANSCRIPT OF PROCEEDINGS

Riverside, California

Wednesday, February 11, 2009

10:03 A.M.

THERESA A. LANZA, RPR, CSR
Federal Official Court Reporter
3470 12th Street, Rm. 134
Riverside, California  92501
951-274-0844
WWW.THERESALANZA.COM

EXHIBIT __11__
PAGE __88__

```
 1   APPEARANCES:

 2   ON BEHALF OF MATTEL, INC.:

 3                        QUINN EMANUEL
                          By:  JOHN QUINN
 4                             DYLAN PROCTOR
                               MICHAEL T. ZELLER
 5                        865 S. FIGUEROA STREET,
                          10TH FLOOR
 6                        LOS ANGELES, California  90017
                          213-624-7707
 7

 8   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Outgoing)
 9                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                          BY:  THOMAS J. NOLAN
10                             JASON RUSSELL
                          300 SOUTH GRAND AVENUE
11                        LOS ANGELES, CALIFORNIA  90071-3144
                          213-687-5000
12

13   ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
     (Incoming)
14                        GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                          BY:  JOEL KLEVENS
15                        10250 Constellation Boulevard
                          Los Angeles, California  90067
16                        310-553-3000

17                        MITCHELL, SILBERBERG & KNUPP LLP
                          BY:  RUSSELL J. FRACKMAN
18                        11377 West Olympic Boulevard,
                          Los Angeles, California  90064-1683
19                        310-312-2000

20
     ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                          OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                        BY:  ALEXANDER H. COTE
                          601 West Fifth Street,
23                        12th Floor
                          Los Angeles, California  90071
24                        213-613-4660
                                          EXHIBIT __11__
25   /  /  /                              PAGE __89__
```

1           THE COURT:  What's your sense?

2           MR. KLEVENS:  I would hope we could have a trial date

3    in the latter part of November.

4           THE COURT:  Of this year?

5           MR. KLEVENS:  Yes, and work backward from that with          02:28

6    our other deadlines, rather than pushing this all of the way to

7    next spring.  And I'm hoping that we'll find ways to reduce the

8    incredibly exorbitant amount of discovery that took place in

9    Phase 1 and the incredible expense to both parties that was

10   entailed in that and figure out some ways to streamline some of   02:28

11   this in Phase 2 so that we don't have that kind of thing that

12   counsel and parties had in Phase 1.  And I think a tighter

13   schedule will hopefully facilitate that as well.

14          THE COURT:  Very well.

15          So if we had a November trial date, you'd be               02:29

16   suggesting a discovery cutoff, then, in July or August?

17          MR. KLEVENS:  I guess, right, or September.

18          THE COURT:  Because we'd still have to fit in the

19   dispositive motions.

20          MR. KLEVENS:  You're saying the motions would have to      02:29

21   follow the discovery cutoff?

22          THE COURT:  Yes.  I found it helps to have --

23          MR. KLEVENS:  So I guess August would be the

24   discovery cutoff.

25          THE COURT:  Very good.                                      02:29

EXHIBIT  11
PAGE  90

1      **MR. KLEVENS:**  I would simply request the latter part

2   of November rather than the early part, because we do have a

3   conflict in the first week of November, the 5th and 13th.

4          (Brief pause. )

5          **THE COURT:**  I think, on the one hand, trying to wrap          02:32

6   up discovery, given my understanding of the Phase 2 issues, by

7   August or even September, I think, is unworkable.

8          At the same time, I do agree that spring of next

9   year, given how much discovery has gone on here and my sincere

10  hopes that we will be able to streamline discovery, is too much   02:33

11  time.

12         I'm going to set a discovery cutoff for the end of

13  this year; December 11, 2009 will be the discovery cutoff.

14         I have just received a note.

15         There's another defendant in this case.                       02:34

16         Counsel, you did not weigh in on this.

17         **MR. COTE:**  Alexander Cote, representing Gustavo

18  Machado.

19         Either plan sounds fine with us, Your Honor.  We

20  don't anticipate a lot of discovery, so we'll defer to counsel.   02:34

21         Would that be for expert and fact discovery?

22         **THE COURT:**  All discovery cutoff, all discovery will

23  be done by this date.

24         **MR. COTE:**  Thank you.

25         **THE COURT:**  We've gone through this before; all          02:34

EXHIBIT __11__
PAGE __41__

1    discovery is cut off December 11, 2009.

2            I will schedule dispositive motions for February 1st,

3    2010, at 10:00 A.M.; I'll schedule a pretrial conference for

4    March 1st, 2010, at 11:00 A.M.; and the trial date for Phase 2

5    will be March 23, 2010, at 9:30 A.M.  I will have the cutoff          02:35

6    for the mandatory settlement conference also scheduled for

7    December 11, 2009.

8            My hope would be that we could wrap this case up this

9    year, but, if not, we'll have dispositive motions and the trial

10   in the early part of next year.                                       02:35

11           Are there any conflicts, known conflicts at this

12   point, with any of those dates?

13           From Mattel's perspective?

14           MR. ZELLER:  No.  Not with Mattel, Your Honor.

15           THE COURT:  With MGA?                                         02:35

16           MR. KLEVENS:  I don't believe so, Your Honor.

17           MR. COTE:  None, Your Honor.

18           THE COURT:  Very well.

19           Is there anything else we need to address at this

20   time?                                                                 02:35

21           MR. ZELLER:  Yes, Your Honor.

22           Given these deadlines -- and I regret having to

23   embroil the Court in this, because this is a, quote, "discovery

24   issue," but it involves the Court's orders from January.

25           As I've mentioned, we have received nothing from MGA,         02:35

EXHIBIT 11
PAGE 92

1    even as to things that were compelled before the stay.  They

2    have been taking the position that the Court's orders of

3    January 6th and January 7th effectively stayed our ability to

4    get financial discovery.

5              I would ask the Court to make a ruling on this.                02:36

6              I regret having to raise it, but we are going to lose

7    at least another month, if not another two months, in getting

8    financial information which is absolutely critical for our

9    ability to prepare for this.  And this is one reason why I was

10   suggesting as long as I was.                                              02:36

11             THE COURT:  I understand, Counsel.

12             MR. ZELLER:  But, the idea that there's a stay in

13   place is --

14             THE COURT:  I thought I made it clear that I lifted

15   all stays on discovery, but perhaps not.                                  02:36

16             MR. KLEVENS:  The system the Court has set up cannot

17   work if counsel are allowed to come to the Court and give some

18   distorted view of what they think the dispute is about and not

19   leave it to the Discovery Master to look at and resolve and

20   give the parties the opportunity to brief.                                02:36

21             I'm not going to respond to what he says.  I don't

22   agree with a word that he said.  But I'm not going to

23   respond to it.

24             THE COURT:  I think you have responded, Counsel, and

25   I take your response at its value.                                        02:37

EXHIBIT __11__

PAGE ___93___

1        For the record, I previously indicated that all stays

2   on discovery have been lifted.  All discovery matters should

3   rightfully be referred to the Discovery Master.  And I'll let

4   it go at that.

5        MR. ZELLER:  And that no discovery issues or no          02:37

6   requests for discovery are premature at this point, because

7   that's the other term they are using on this.

8        THE COURT:  I will instruct the Discovery Master this

9   afternoon, in no uncertain terms, that there is no stay on any

10  discovery related to this case at all.  There's no longer a    02:37

11  Phase 1/Phase 2 distinction.

12       As I indicated, I thought that I made this clear

13  before.  If it's not, it will be expressly set forth in the

14  minutes coming out of today's hearing.

15       There is no stay on discovery.  Period.                  02:37

16       MR. ZELLER:  And we're fully entitled to the

17  financial information that --

18       THE COURT:  Lets leave it at that, Counsel.

19       Thank you, Mr. Zeller.

20       MR. RUSSELL:  Could I say one thing, since               02:38

21  Mr. Zeller injected this.

22       When he's talking about this stay -- and this is the

23  twilight between Phase 1 and Phase 2 counsel -- they

24  promulgated a series of receiver-related discovery which we

25  contend and run your Honor's orders saying let's talk it out of 02:38

EXHIBIT   11
PAGE   94

```
 1   discovery, let's let Mr. Durkin handle this.  And that's what
 2   he's talking about.
 3          There may be other issues, but a major component --
 4   and I would not want Your Honor to paint with too broad a
 5   brush -- it is MGA's position as to Phase 1 receiver-related        02:38
 6   issues, that Your Honor appropriately, at our request, took out
 7   of discovery the financial discovery issues.
 8          THE COURT:  Mr. Durkin is acting at the Court's
 9   direction to inform the Court of information.  I may or may not
10   release any of the information that Mr. Durkin provides; so no      02:38
11   one, neither side, should be relying upon the information that
12   Mr. Durkin is gathering for purposes of litigating this case.
13   That's an entirely separate matter.  And I have not stayed any
14   discovery, and there should be no reliance on that.
15          If that was misunderstood, it's clarified now.             02:39
16          MR. RUSSELL:  Just so I can make sure I'm clear, Your
17   Honor, because I really, since we were the ones at the hearing
18   when this was discussed, and we asked Your Honor for this
19   precise relief, which is to say the financial discovery, the
20   allegations against Omni and IGWT and the like, and I thought I    02:39
21   heard Your Honor to say that it made sense for Mr. Durkin to
22   get to the base of it.  And if, then, there were any merit to
23   it, we could allow this discovery to go forward.
24          THE COURT:  Wait a second.
25          You're adding something in there.  I didn't say            02:39
```

EXHIBIT  11
PAGE  95

1    scope of what Your Honor refused to give them.  Let's let the

2    discovery master rule on it.  It can always come back to you.

3              THE COURT:  Okay.

4              But I guess, Mr. Russell, I'm not sure of the

5    characterization that you're making.                              02:41

6              I handled the receivership application and request

7    made thereunder in the way that I'm handling the receivership

8    application; that should not be taken one way or the other as a

9    discovery ruling.

10             MR. RUSSELL:  I guess, Your Honor, the question is if   02:41

11   there was, as part of that application, and there's an

12   assumption built in that we'd like to have the Discovery Master

13   resolve, is it just receiver discovery or is it Phase 2?  That

14   seems like a question that Mr. O'Bryan should answer.  But I

15   assume, since you don't have any of the briefs and you don't     02:41

16   have the discovery and this has just been dropped on you,

17   assume for the sake of this discussion, that it is solely

18   related to the receiver; that it is, as we pause it, identical

19   to the discovery submitted.

20             THE COURT:  I guess where I would distinguish,          02:41

21   counsel, is this notion of receiver discovery, or that phrase,

22   that's not a phrase the Court has used.  Not that I can recall

23   using.  If I did, I certainly did not intend to.  I'm not

24   designating that as a separate and severable part of the

25   discovery.                                                        02:42

EXHIBIT __11__

PAGE ___96___

1          The question for the discovery master will be whether

2     or not the disputed discovery request is related or relevant to

3     the trial that has now been scheduled for March or not.  I can

4     see tremendous overlap between, for example, discovery on

5     financial condition of the company as it relates to damages in          02:42

6     the Phase 2 and also issues that the receiver is looking at.

7     And without making a ruling on any of this, I would not suggest

8     for a moment that these are mutually exclusive categories.

9          MR. RUSSELL:  They may not be, Your Honor.  That's

10    the reason why Mr. O'Bryan in the first instance should deal          02:42

11    with it.  Because if you take it the way we take it, this might

12    not be Phase 2 discovery.

13         THE COURT:  You can make that argument to

14    Mr. O'Bryan.

15         MR. RUSSELL:  Thank you, Your Honor.                              02:43

16         MR. ZELLER:  And just so it's clear, what Mr. Russell

17    is articulating is a basis as to why MGA has refused to give us

18    any financial --

19         THE COURT:  Mr. Zeller, I'm going to cut you off

20    here.  Take that up with the Discovery Master.  I don't mean to          02:43

21    cut you off, but I think I made my position as clear as I can

22    today that there is nothing from this Court which is precluding

23    any discovery that is properly sought for the trial that is

24    scheduled.

25         Whatever has happened has happened and we need to          02:43

EXHIBIT __11__
PAGE ___97___

```
 1  move forward.
 2            MR. ZELLER:  Thank you, Your Honor.
 3            THE COURT:  Thank you, counsel.
 4            MR. FRACKMAN:  I'm last, and I think I'll be the
 5  shortest.  On the issue of streamlining discovery, I've read      02:43
 6  the Court's prior orders concerning the number of depositions,
 7  for example, and I confess, I'm a bit confused.
 8            We would request from the Court that there be a
 9  reasonable limit placed on Phase 2 depositions.  I don't know
10  whether that comes to Your Honor or whether that goes to the      02:44
11  discover referee.
12            THE COURT:  In the first instance, that would go to
13  the discovery referee.  The limits that were placed were limits
14  that were placed on the earlier discovery phase.
15            To be clear again, I have placed no limits, no          02:44
16  restrictions, other than what is set forth in the rules of
17  civil procedure and in local rule 37 on discovery from this
18  point until March 23rd.
19            If the parties wish to stipulate, they may.  If the
20  parties think that the Court needs to be involved in this in      02:44
21  the first instance, that needs to go to the Discovery Master.
22            MR. FRACKMAN:  I think we're prepared to follow the
23  federal rules, Your Honor.  Thank you.
24            THE COURT:  Very good.
25            MR. ZELLER:  I feel like I'm being more difficult at    02:44
```

EXHIBIT \_\_11

PAGE \_\_98

1    we'll go from there.

2              MR. ZELLER:   Thank you.

3              THE COURT:   Anything further?

4         Thank you.   Good day.

5

6

7

8

9

10                    CERTIFICATE

11

12   I hereby certify that pursuant to section 753, title 28, United
     States Code, the foregoing is a true and correct transcript of
13   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
14   conformance with the regulations of the Judicial Conference of
     the United States.

15

16   _____          _____
     THERESA A. LANZA, CSR, RPR               Date
17   Federal Official Court Reporter

18

19

20

21

22

23

24

25

EXHIBIT  11
PAGE     99

EXHIBIT 12

# PRIORITY SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                     Date: October 31, 2007
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
=====================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                          Theresa Lanza
           Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Christa Martine Anderson              John Quinn
Matthew M. Werdegar                   Jon D. Corey
                                      Michael T. Zeller

ATTORNEYS PRESENT FOR MGA:            ATTORNEY PRESENT FOR CARLOS
                                      GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan                       Alexander H. Cote
Carl A. Roth

PROCEEDINGS:   **ORDER REGARDING STATUS CONFERENCE**

     The Court held a status conference to consider the current schedule set for Phase 1 of the
consolidated cases as well as the issue of the selection of a settlement officer for both Phase 1
and Phase 2 of the consolidated cases.

     For reasons discussed on the record, the Court enters a two-week STAY in these actions,
beginning November 1, 2007, and continuing through November 14, 2007. During that time, the
parties shall serve no discovery requests (including subpoenas) on parties or third parties. The
obligation to respond to any outstanding discovery requests is likewise suspended for that time
frame. No depositions shall be conducted during this time. The matters to be heard before Judge
Infante, the discovery master herein, are to be rescheduled to a date determined by Judge Infante,

MINUTES FORM 90                               Initials of Deputy Clerk __jh_____
CIVIL -- GEN                    1            Time: 00/20

EXHIBIT 12
PAGE 100

Case 2:04-cv-09049-DOC-RNB    Document 4970-5    Filed 03/06/09    Page 71 of 79    Page ID
#:158745
Case 2:04-cv-09049-SGL-RNB    Document 1104    Filed 10/31/2007    Page 2 of 4

provided, however, that such date is no earlier than November 26, 2007, and that no opposition or reply papers may be required to be filed during the pendency of the stay.

The Court CONTINUES the November 19, 2007, hearing on the Motion For Leave to Serve A Supplemental Interrogatory to December 3, 2007, at 10:00 a.m.

The current schedule regarding Phase 1 of the trial in these consolidated actions is modified as follows:

| | |
|---|---|
| Fact discovery cutoff: | 01/28/08 |
| Initial Expert Reports: | 02/11/08 |
| Rebuttal Expert Reports: | 03/17/08 |
| Last date for settlement conference: | VACATED (see below for Court's directive regarding mandatory settlement procedures) |
| Expert discovery cutoff: | 03/31/08 |
| Dispositive Motions hearing cutoff: | 03/31/08 @ 10:00 a.m. |
| Pretrial conference order and associated trial documents including proposed jury instructions: | 04/21/08 |
| Filing of Motions in Limine: | 05/05/08 |
| Pretrial conference: | 05/05/08 @ 11:00 a.m. |
| Hearing on Motions in Limine and Jury Instructions: | 05/19/08 @ 11:00 a.m. |
| Trial: | 05/27/08 @ 9:00 a.m. |

The schedule for Phase 2, previously set by the Court by Order filed February 22, 2007, in the case captioned MGA Entertainment, Inc. v. Mattel, Inc., et al., CV 05-02727, is VACATED. The Court will consider the scheduling of Phase 2 at a later date. However, the Court DENIES MGA's request to delay or otherwise bifurcate discovery regarding Phase 2 issues.

At the status conference, the parties acknowledged on the record their mutual agreement to the selection of Ambassador Pierre-Richard Prosper as the settlement officer for these

MINUTES FORM 90
CIVIL -- GEN                                   2

Initials of Deputy Clerk __jh_____
Time: 00/20

EXHIBIT 12
PAGE 101

Case 2:04-cv-09049-DOC-RNB    Document 4970-5    Filed 03/06/09   Page 72 of 79   Page ID
#:158746
Case 2:04-cv-09049-SGL-RNB    Document 1104    Filed 10/31/2007    Page 3 of 4

consolidated cases, and the Court hereby APPOINTS him in that capacity. Counsel are directed to
contact Ambassador Prosper to schedule a settlement conference on or before December 1, 2007.
The settlement conference is to be directed towards resolution of both phases of this litigation.
Counsel are ORDERED to carefully and diligently follow Ambassador Prosper's directions
concerning preparation for and conduct at any settlement conferences. The parties will be jointly
responsible for paying the Ambassador's reasonable and customary rate for services rendered. A
failure to comply with this order, or a failure to provide reasonable compensation to the Settlement
Officer upon completion of the mediation, may result in the imposition of appropriate sanctions.
Ambassador Prosper is directed to provide a status report to the Court following the conclusion of
the settlement efforts.

      IT IS SO ORDERED.

c:    Judge Infante
      Ambassador Prosper

MINUTES FORM 90
CIVIL -- GEN                 3         Initials of Deputy Clerk __jh_____
                                                Time: 00/20

EXHIBIT __12__
PAGE ___102___

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order Issued October 31, 2007

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided)

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor): P.O. Box 581103
Salt Lake City, UT  84158

*E-mail: prposper@gmail.com
*Fax No.:
* For CIVIL cases only

**JUDGE / MAGISTRATE JUDGE (list below):**

**Initials of Deputy Clerk** jh

G-75  (03/07)        NOTICE PARTY SERVICE LIST

EXHIBIT 12
PAGE 103

EXHIBIT 13

Case 2:04-cv-09049-DOC-RNB   Document 4970-5   Filed 03/06/09   Page 75 of 79   Page ID
#:158749
Case 2:04-cv-09049-SGL-RNB    Document 1504    Filed 01/07/2008    Page 1 of 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                           Date: January 7, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
             AND CONSOLIDATED ACTIONS

===========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

           Jim Holmes                          Theresa Lanza
           Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:  **Christa Martine Anderson**    **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:            ATTORNEY PRESENT FOR CARLOS
**Thomas J.  Nolan**                      GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                          **Mark E. Overland**
**Anna Park**

                                      ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-             STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND              ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**             KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:    **ORDER GRANTING IN PART AND DENYING IN PART**
                **MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL**
                **DISCOVERY (DOCKET #1134)**

                **ORDER GRANTING MOTION TO ENFORCE THE COURT'S**
                **ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR**
                **SANCTIONS  (DOCKET #1143)**

EXHIBIT   13
PAGE _____ 104

## ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

## ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

These matters were heard on January 7, 2008. The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible. As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

## MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)

This motion is **GRANTED IN PART**. Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2). See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories). Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or the expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
· CIVIL -- GEN

2

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT  13
PAGE  105

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel. Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13). Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes. Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant. The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**. The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language. Machado must file an affidavit that complies with the

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT  13
PAGE  106

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. <u>See</u> Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard <u>prior to</u> the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT 13
PAGE 107

Case 2:04-cv-09049-DOC-RNB   Document 4970-5   Filed 03/06/09   Page 79 of 79   Page ID
#:158753
Case 2:04-cv-09049-SGL-RNB   Document 1504   Filed 01/07/2008   Page 5 of 5

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT   13
PAGE   108