```
 1  Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
 2  todd.gordinier@bingham.com
    PETER N. VILLAR (SBN 204038)
 3  peter.villar@bingham.com
    CRAIG A. TAGGART (SBN 239168)
 4  craig.taggart@bingham.com
    600 Anton Boulevard, 18th Floor
 5  Costa Mesa, CA  92626-1924
    Telephone:  714.830.0600
 6  Facsimile:  714.830.0700

 7  Attorneys Specially Appearing For Non-party
    LEXINGTON FINANCIAL LIMITED
 8
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Carter Bryant, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>        Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 SGL (RNBx)<br><br>[To Be Heard By Discovery Master Robert C. O'Brien]<br><br>**DECLARATION OF PETER N. VILLAR IN OPPOSITION TO MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER DEEMING LEXINGTON FINANCIAL, LLC SERVED, OR IN THE ALTERNATIVE, TO (1) COMPEL AN AUTHORIZED REPRESENTATIVE OF LEXINGTON FINANCIAL, LLC TO APPEAR TO ACCEPT SERVICE OF SUBPOENA, OR (2) ISSUE AN ORDER AUTHORIZING LEXINGTON FINANCIAL, LLC TO BE SERVED THROUGH THE CALIFORNIA SECRETARY OF STATE**<br><br><u>Phase 2:</u><br>Discovery Cut-off:      Dec. 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:                   March 23, 2010 |
|---|---|

---

DECLARATION OF PETER N. VILLAR IN OPPOSITION TO MATTEL, INC.'S EX PARTE APPLICATION
FOR AN ORDER DEEMING LEXINGTON FINANCIAL, LLC SERVED

A/72865490.1

I, Peter N. Villar, hereby declare as follows:

1. I am a partner at the law firm of Bingham McCutchen LLP and counsel of record for non-party LEXINGTON FINANCIAL LIMITED. I make this declaration in opposition to Mattel, Inc.'s *ex parte* application for an order deeming Lexington Financial, LLC to be served with a subpoena purportedly issued by Mattel, Inc. on or about January 30, 2009. I have personal knowledge of the matters stated herein, and if called upon could and would testify competently to them.

2. On or about February 6, 2009, I was informed by our client Fred Mashian that he had received a subpoena addressed to him personally and another subpoena addressed to Lexington Financial. I asked him to send me a copy of the subpoenas. However, the copies I received from Mr. Mashian did not appear to be complete and included no proofs of service.

3. Therefore, on February 12, I sent an email to Mattel's counsel, Jon Corey, indicating that we would be representing Fred Mashian and Lexington Financial. In that email, I asked Mr. Corey to send me the documents "you believe were served on Mr. Mashian and Lexington Financial" and for a brief extension of time to respond to the subpoenas to determine whether the subpoenas were properly issued and served. A copy of that email is attached to the Declaration of Jon Corey filed in support of Mattel, Inc.'s ex parte application.

4. After receiving the subpoenas and proofs of service from Mr. Corey, and after having discussions with Mr. Mashian, I learned that the name of the entity appearing on the subpoena "Lexington Financial, LLC" did not exist and that Mr. Mashian was not the agent for service of process for Lexington Financial, LLC or our client LEXINGTON FINANCIAL LIMITED.

5. Contrary to the unsupported assertions by Mattel's counsel, Jon Corey, I never assumed, nor did I ever express to Mattel's counsel, that service of the Lexington Financial, LLC subpoena upon Mr. Mashian was proper or effective.

-1-

1  In fact, as explained above, when I first contact Mr. Corey I did not have a complete copy of the subpoenas or the proofs of service and had not yet discussed the issues with our clients -- which is precisely why I specifically asked Mr. Corey to send me the documents "you believe were served on Mr. Mashian and Lexington Financial" in my February 12 email. It was not until my subsequent investigation that I learned that the Lexington subpoena was improperly issued and served.

6.  I also never agreed to accept service of process on behalf of our client, LEXINGTON FINANCIAL LIMITED. We are not authorized to accept service of the subpoena on behalf of our client.

7.  On or about February 23, 2009, we served objections to the subpoena addressed to Mr. Mashian personally. I also sent an email to Mattel's counsel stating that Mr. Mashian was not the agent for service of process for Lexington Financial, LLC. A copy of that email is attached to the Declaration of Jon Corey as Exhibit 13.

8.  On or about February 24, 2009, Mr. Corey sent me a letter in response to my February 23 email (attached to Mr. Corey's Declaration as Exhibit 15). In that letter, Mr. Corey erroneously "assumed" that my initial February 12 email somehow suggested that service of the Lexington subpoena upon Mr. Mashian was effective. Again, Mr. Corey's assumption was incorrect. After I learned that the Lexington subpoena was not properly issued or served, I notified Mr. Corey. However, rather than serve Lexington pursuant to the applicable rules and procedures, Mattel filed this ex parte application which is both procedurally and substantively meritless.

9.  Mattel's counsel did not provide us proper notice of the ex parte application or comply with the applicable rules and procedures governing ex parte applications as set forth in our memorandum of points and authorities in opposition to the ex parte application.

-2-

1  I declare under penalty of perjury under the laws of the United States that
2  the foregoing is true and correct. Executed on March 9, 2009.

_____
Peter N. Villar

DECLARATION OF PETER N. VILLAR IN OPPOSITION TO MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER DEEMING LEXINGTON FINANCIAL, LLC SERVED

A/72865490.1