Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys Specially Appearing For Non-party
LEXINGTON FINANCIAL LIMITED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carter Bryant, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Mattel, Inc., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 SGL (RNBx)<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>**DECLARATION OF FRED F. MASHIAN IN OPPOSITION TO MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER DEEMING LEXINGTON FINANCIAL, LLC SERVED, OR IN THE ALTERNATIVE, TO (1) COMPEL AN AUTHORIZED REPRESENTATIVE OF LEXINGTON FINANCIAL, LLC TO APPEAR TO ACCEPT SERVICE OF SUBPOENA, OR (2) ISSUE AN ORDER AUTHORIZING LEXINGTON FINANCIAL, LLC TO BE SERVED THROUGH THE CALIFORNIA SECRETARY OF STATE**<br><br>**Phase 2:**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

---

DECLARATION OF FRED F. MASHIAN IN OPPOSITION TO MATTEL, INC.'S EX PARTE APPLICATION
FOR AN ORDER DEEMING LEXINGTON FINANCIAL, LLC SERVED

A/72865474.1

I, Fred F. Mashian, hereby declare as follows:

1. I am an attorney certified to practice law in the State of California. I make this declaration in opposition to Mattel, Inc.'s *ex parte* application for an order deeming Lexington Financial, LLC to be served with a subpoena purportedly issued by Mattel, Inc. on or about January 30, 2009 (the "Subpoena"). I have personal knowledge of the matters stated herein, and if called upon could and would testify competently to them.

2. I am a business attorney, with a focus on international and domestic tax and estate planning.

3. From time to time, I have been retained to provide legal services for LEXINGTON FINANCIAL LIMITED. I am not, and never have been, an officer, director, partner, member, employee or agent of LEXINGTON FINANCIAL LIMITED. I am not, and have never been, the agent for service of process for LEXINGTON FINANCIAL LIMITED. I was not authorized to accept service of the Subpoena on behalf of LEXINGTON FINANCIAL LIMITED, nor have I ever been authorized to accept service of a subpoena on behalf of LEXINGTON FINANCIAL LIMITED.

4. I also have no knowledge of, affiliation with, or relationship to the entity referenced on the Subpoena, "Lexington Financial, LLC." I have never been authorized to accept service of the Subpoena on behalf of any such entity. In fact, to my knowledge, no such entity exists.

5. LEXINGTON FINANCIAL LIMITED was duly formed under the laws of Nevis on or about March 3, 2006, and is in good standing. Its business address is located in London, England. It has no offices in the United States or in California. The correct name and address of LEXINGTON FINANCIAL LIMITED is set forth in Exhibits 1 and 3 to the Declaration of Jon Corey filed in support of Mattel, Inc.'s ex parte application.

6. In 2008, LEXINGTON FINANCIAL LIMITED made a loan to Vision Capital, LLC, a Delaware Limited Liability Company. I prepared the loan documents in connection with that loan transaction, and I filed a UCC Financing Statement (attached as Exhibit 1 to the Declaration of Jon Corey).

7. LEXINGTON FINANCIAL LIMITED has no affiliation with or relationship to MGA Entertainment, Inc. or Isaac Larian. I have no affiliation with or relationship to MGA Entertainment, Inc. or Isaac Larian.

8. On the morning of Saturday, January 31, 2009, a man came to my door and handed me two subpoenas. One of the subpoenas was addressed to me personally and the other was addressed to "Lexington Financial, LLC." I told the man that I was not an agent for service of process for Lexington Financial, LLC and that I did not believe that any such entity even existed. I refused to accept service of the Subpoena to Lexington Financial, LLC. In fact, the Declaration of Mark Shurlock filed in support of Mattel's ex parte application even confirms my refusal to accept service of the Lexington Subpoena (though Mr. Shurlock does not provide a complete or accurate account of all of the facts).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on March 8, 2009.

_____
Fred Mashian

-2-

A/72865474.1