QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | Hon. Stephen G. Larson |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE RE: MGA ENTERTAINMENT, INC'S FAILURE TO COMPLY WITH COURT ORDER |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | [Declaration of Scott L. Watson filed concurrently herewith] |
| | Hearing Date: TBA<br>Time: TBA<br>Place: TBA |
| | **Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

PUBLIC REDACTED

07975/2828572.1

EX PARTE RE OSC

1          Mattel, Inc. ("Mattel") hereby respectfully applies *ex parte*, pursuant to

2  Federal Rule of Civil Procedure 37(b) and the Court's inherent authority, for an Order

3  To Show Cause relating to MGA Entertainment Inc.'s ("MGA's") failure and refusal to

4  comply with the Discovery Master's Order of February 15, 2008 (the "Order") that

5  required MGA to provide full and complete responses to Mattel's Interrogatories Nos.

6  43 and 44.

7          Mattel makes this Application on the grounds that MGA has failed and

8  refused to comply with the Order.  The Phase 2 discovery stay was lifted two months

9  ago, and at the February 11, 2009 scheduling conference, MGA insisted on a short

10 discovery and trial schedule.  Yet, for two months, MGA failed and refused to produce

11 Phase 2 discovery, including such discovery that was previously ordered.  MGA also

12 has a history of flouting Court Orders, but remains undeterred by prior warnings and

13 prior awards of sanctions.  Absent prompt intervention by this Court, MGA will

14 continue to block even ordered Phase 2 discovery.  Furthermore, MGA's conduct is a

15 direct challenge to the authority of the Court and the Discovery Master, and additional

16 delay would inappropriately reward MGA for its refusals to comply with the Order.[1]

17 Accordingly, good cause exists to seek this relief on an *ex parte* basis, and Mattel

18 requests that this Court:

19         (1)    issue an Order to Show Cause regarding MGA's failure and refusal

20 to comply with the Order;

21         (2)    adjudge MGA to be in contempt of Court;

22

23    [1]   This motion is properly resolved by the Court, and not the Discovery Master,

24 because Mattel seeks contempt sanctions, which are outside the bounds of the Discovery Master's authority.  See Stipulation for Appointment of a Discovery Master and Order, dated December 6, 2006 at ¶ 4, Watson Dec. Ex. 40.  Paragraph 4 states that

25 the Discovery Master "shall have the authority to . . . issue orders awarding non-contempt sanctions."  The Discovery Master was appointed to resolve discovery

26 disputes, id. at ¶ 6, and the prior Discovery Master resolved the discovery dispute in question by issuing the Order.  MGA refuses to comply with the Discovery Master's

27 decision.  MGA's disobedience and the resulting necessity of contempt sanctions are for the Court.

28

1          (3)     award coercive sanctions against MGA in the amount of $5,000 for

2  each day that MGA fails to produce full and complete responses to Interrogatories Nos.

3  43 and 44 as mandated by the Order, and, in the event that MGA does not comply

4  within five days of the Court's Order, the amount of coercive sanctions should be

5  increased to $10,000 per day (with all such per diem fine amounts being paid to the

6  Court); and

7          (4)     award monetary sanctions against MGA in the amount of $7,000,

8  which represents a portion of the costs incurred by Mattel in bringing this motion.

9          Pursuant to Local Rule 7-19, on March 9, 2009, Mattel's counsel gave

10  notice of this Application and the relief being sought to counsel for the MGA Parties,

11  Amman A. Khan, Esq., Glaser, Weil, Fink, Jacobs & Shapiro, LLP, 10250

12  Constellation Blvd., 19th Floor, Los Angeles, CA 90067, and Jean Pierre Nogues,

13  Mitchell Silberberg & Knupp, LLP, 11377 W. Olympic Blvd., Los Angeles, CA 90064.

14  Counsel for defendants have stated that the MGA Parties oppose this Application.

15          This Application is based on this Notice of Application, the accompanying

16  Memorandum of Points and Authorities, the Declarations of Michael T. Zeller and

17  Scott Watson filed concurrently herewith, the records and files of this Court and all

18  other matters of which the Court may take judicial notice.

19          This Motion is based on this Notice of Motion and Motion, the

20  accompanying Memorandum of Points and Authorities, the Declaration of Michael T.

21  Zeller filed concurrently herewith, the records and files of this Court, and all other

22  matters of which the Court may take judicial notice.

23

24  DATED:  March 10, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

25

26

27                 By /s/ Michael T. Zeller
                       Michael T. Zeller
                       Attorneys for Mattel, Inc.

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

PRELIMINARY STATEMENT ............................................................................. 1

BACKGROUND ................................................................................................. 3

    A.    MGA Refuses To Answer Interrogatories 43 and 44 ............................. 3

    B.    The Discovery Master Orders MGA To Substantively Answer The Interrogatories ........................................................................... 4

    C.    Despite The Resumption of Phase 2 Discovery, MGA Refuses To Comply With The Discovery Master Order ............................. 5

    D.    MGA's Prior Discovery Misconduct ................................................. 7

ARGUMENT .................................................................................................... 13

I.    MGA IS IN VIOLATION OF THE DISCOVERY MASTER'S ORDER ................................................................................................. 13

II.    THE COURT SHOULD HOLD MGA IN CONTEMPT ............................. 14

III.    MGA'S MOTION FOR PROTECTIVE ORDER DOES NOT EXCUSE ITS NONCOMPLIANCE. ..................................................... 15

IV.    THE COURT SHOULD APPLY COERCIVE SANCTIONS AGAINST MGA TO COMPEL COMPLIANCE WITH THE COURT'S ORDER ................................................................................ 16

V.    THE COURT SHOULD AWARD SANCTIONS TO MATTEL IN THE FORM OF ATTORNEYS FEES .................................................. 20

CONCLUSION ................................................................................................. 21

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>Cases</u>

Anderson v. Air West, Inc.,
542 F.2d 522 (9th Cir. 1976) ..................................................................... 19

Connecticut General Life Ins. Co. v. Zilka,
56 Fed. Appx. 828 (9th Cir. 2003) ........................................................... 15

Donovan v. Mazzola,
716 F.2d 1226 (9th Cir. 1983) ................................................................... 13

FTC v. Affordable Media LLC,
179 F.3d 1228 (9th Cir. 1990) ................................................................... 14

General Signal Corp. v. Donallco, Inc.,
787 F.2d 1376 (9th Cir. 1986) ................................................................... 14

Huber v. Marine Midland Bank,
51 F.3d 5 (2d Cir. 1995) ............................................................................ 15

Hyde & Drath v. Baker,
24 F.3d 1162 (9th Cir. 1994) ..................................................................... 20

International Business Machines Corp. v. U.S.,
493 F.2d 112 (2nd 1973) ........................................................................... 18

International Union, United Mine Workers v. Bagwell,
512 U.S. 821, 114 S. Ct. 2552 (1994) ................................................. 18, 19

Koch v. The Burlington Northern & Santa Fe Railway Co.,
2006 WL 2927665 (W.D. Wash. 2006) ..................................................... 19

Lucero v. Martinez,
2006 WL 1304945 (D.N.M. Mar. 11, 2006) ............................................. 13

Maness v. Meyers,
419 U.S. 499 (1975) ............................................................................. 12, 15

Moneymaker v. CoBen (In re Eisen),
31 F.3d 1447 (9th Cir. 1994) ..................................................................... 19

Morris v. Morgan Stanley & Co.,
942 F.2d 648 (9th Cir. 1991) ..................................................................... 19

Natural Gas Pipeline Co. v. Energy Gathering, Inc.,
86 F.3d 464 (5th Cir. 1996) ....................................................................... 18

Pagtalunan v. Galaza,
291 F.3d 639 (9th Cir. 2002) ..................................................................... 19

07975/2828572.1

EX PARTE RE OSC

Phenylpropanolamine (PPA) Prods. Liability Litig.,
   460 F.3d 1217 (9th Cir. 2006) ............................................................19

Richmark Corp. v. Timber Falling Consultants,
   959 F.2d 1468 (9th Cir. 1992) ............................................................18

Soroko v. Aina,
   1998 WL 395139 (D.D.C. July 09, 1998) ..........................................18

U.S. v. Westinghouse Elec. Corp.,
   648 F.2d 642 (9th Cir. 1981) ..............................................................18

Unigard Security Insurance Co. v. Lakewood Engineering & Manufacturing Corp.,
   982 F.2d 363 (9th Cir. 1992) ..............................................................14

United States v. Ayers,
   116 F.3d 991 (9th Cir. 1999) ..............................................................14

United States v. Innis,
   2005 WL 2155558 (E.D. Cal. 2005) ..................................................15

United States v. Rose,
   437 F. Supp. 2d 1166 (S.D. Cal. 2006) ..............................................14

United States v. United Mine Workers of America,
   330 U.S. 258, 67 S. Ct. 677 (1947) ..............................................17, 18

Whittaker Corp. v. Execuair Corp.,
   953 F.2d 510 (9th Cir.1992) ........................................................17, 18

**Statutes**

28 U.S.C. § 636(c)(3) ............................................................................4

Fed. R. Civ. P. 30(b)(6) ......................................................8, 10, 16, 17

Fed. R. Civ. P. 37(a)(4) ..........................................................................4

Fed. R. Civ. P. 37(b) ............................................................................14

Fed. R. Civ. P. 37(b)(A) ......................................................................14

Fed. R. Civ. P. 37(b)(2) ........................................................................20

Fed. R. Civ. P. 72(a) ..............................................................................4

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Court Orders must be complied with.   MGA refuses to heed this indisputable truism, which is essential to the functioning of the judicial system and to ensure fairness to litigants.   This Court lifted the Phase 2 discovery stay two full months ago.   Yet, the MGA defendants have yet to answer a single interrogatory or even to agree to appear for a single deposition, and it took them two months to produce a single document.   MGA has resumed — and even expanded — the same pattern of delay and obstruction that characterized its Phase 1 discovery conduct.   Indeed, MGA is so bent on stonewalling that it is in flagrant violation of an Order to fully answer interrogatories seeking key information in this case.   MGA cannot be allowed to flout a final Discovery Master Order compelling discovery.   MGA should be held in contempt and sanctions designed to ensure immediate compliance should be imposed.

Over a year ago, the Discovery Master issued an Order compelling MGA to fully answer Mattel's Interrogatories Nos. 43 and 44 within eleven days.   These interrogatories seek basic information as to the dates that MGA products directly at issue in this litigation were conceived and committed to tangible form.   This information is well within the bounds of MGA's institutional knowledge, and it is indispensable to Mattel's Phase 2 defenses and claims and essential for important aspects of Phase 2 discovery to even proceed.[2]   Yet, MGA had provided only rote objections, necessitating the Discovery Master's Order compelling complete responses. Even after the Order, MGA did not provide substantive responses, due to the subsequent stay on Phase 2 discovery.

Now, even though that stay was lifted over two months ago, MGA still refuses to comply with the Discovery Master's Order.   MGA's only explanation for

---

[2]   MGA filed its claims almost four years ago.   It is inconceivable after that length of time that MGA cannot provide the central information sought by the interrogatories, such as MGA's identification of the Mattel products on which it bases those claims.

EX PARTE RE OSC

1  failing to provide full and complete answers to Interrogatories Nos. 43 and 44 is that it
2  belatedly filed a motion to stay certain discovery (including these interrogatories) until
3  after Mattel's currently contemplated — but not even yet filed — summary judgment
4  motion on some (but not all) of MGA's Phase 2 claims.  The law is clear that MGA's
5  motion — which is only the latest in its litany of arguments seeking additional stays
6  after this Court unequivocally ordered discovery to proceed — does not excuse its
7  failure to comply with the Order.  Indeed, it is axiomatic that absent an actual, existing
8  stay, even appealed orders must be obeyed.

9         Nor is this MGA's first instance of discovery misconduct.  MGA, Larian
10  and their affiliates have been the subject of dozens of Orders compelling discovery, as
11  well as enforcement and sanctions Orders because of their repeated non-compliance
12  with discovery Orders.  For example, the former Discovery Master ruled that MGA was
13  in "clear and flagrant violation of a court order" when it failed and refused to produce
14  previously compelled Rule 30(b)(6) witnesses on key issues — a violation that the
15  Discovery Master imposed sanctions for because it was so "egregious."  In another
16  instance, which parallels the circumstances here, MGA refused to comply with Judge
17  Block's initial Order compelling Isaac Larian to sit for deposition on the basis that there
18  had been a stay.  After Mattel was forced yet again to move, Judge Block found that
19  Larian was required to promptly comply with his Order once the stay was lifted and,
20  because Larian had refused, imposed sanctions.  As MGA's history of discovery
21  misconduct and its resumption of already rejected delay tactics both confirm, MGA will
22  continue to defy the Discovery Master Order, and continue to obstruct Phase 2
23  discovery on a wholesale basis, absent more drastic coercive sanctions.

24         Mattel respectfully requests that this Court issue an Order to Show Cause,
25  hold MGA in contempt and impose escalating sanctions to ensure compliance with the
26  Discovery Master Order.

27

28

07975/2828572.1

-2-

EX PARTE RE OSC

1                          <u>Background</u>

2    A.    <u>MGA Refuses To Answer Interrogatories 43 and 44</u>

3                On October 23, 2007, Mattel served its Amended Fourth Set of

4    Interrogatories on MGA.[3]  Interrogatories Nos. 43 and 44 ask MGA to identify, for

5    each design, product and packaging that MGA contends Mattel copied, the date of

6    conception and the date it was first fixed in a tangible medium.[4]  MGA responded with

7    only objections on November 15, 2007.[5]

8                On November 30, 2007, MGA supplemented its responses.[6]  For its

9    responses to Interrogatory No. 43, MGA added that

10

11                                                    [7]  This information was

12   non-responsive to the question asked.  For its response to Interrogatory No. 44, MGA

13   added that

14

15

16                                                    [8]  Thus, in response to the two

17   interrogatories, which asked for dates within MGA's knowledge, MGA provided no

18   relevant information.

19                On December 20, 2007, Mattel moved to compel complete responses to

20   the interrogatories.[9]  The MGA Parties filed an opposition on December 31, 2007.[10]  On

21

22        [3]  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007,
23   Watson Dec., Ex. 1.
          [4]  <u>Id.</u> at 7-8 (Nos. 43 and 44).
          [5]  MGA Entertainment Inc.'s Objections and Responses to Mattel Inc's Amended
24   Fourth Set of Interrogatories, dated November 15, 2007, Watson Dec., Ex. 2.
          [6]  MGA Entertainment Inc.'s Supplemental Responses to Mattel Inc.'s Amended
25   Fourth Set of Interrogatories, dated November 30, 2007, Watson Dec., Ex. 3.
          [7]  <u>Id.</u>
26        [8]  <u>Id.</u>
          [9]  Mattel, Inc.'s Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50
27   by the MGA Parties, dated December 20, 2007, Watson Dec., Ex. 4.

28

1    January 7, 2008, MGA purported to supplement certain of its responses again, but did

2    not change its responses to Interrogatory Nos. 43 and 44.[11]   MGA served a third

3    supplement on January 28, 2008, but again failed to change its previous responses to

4    Interrogatory Nos. 43 and 44.[12]   In each case, MGA merely repeated its prior

5    objections.

6    **B.**     **The Discovery Master Orders MGA To Substantively Answer The**

7         **Interrogatories**

8       On February 15, 2008, the prior Discovery Master granted Mattel's motion

9    to compel, ordering the MGA Parties to provide further responses to Interrogatory Nos.

10   43 and 44 because the "requested information is relevant to Mattel's defense against the

11   MGA parties' claims that their products have been copied or infringed by certain Mattel

12   products."[13]   The Discovery Master ruled that the MGA Parties' existing responses

13   (including MGA's third supplemental responses) were insufficient: "Although the

14   MGA parties served supplemental responses after filing their opposition brief, the

15   supplemental responses do not include the requested information. The MGA parties

16   have failed to establish that the interrogatories are unduly burdensome."[14]   The

17   Discovery Master ordered MGA to supplement its responses by February 26, 2008 —

18   eleven days after the issuance of the Order.[15]

19

--------

20    [10]  MGA Entertainment Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated December 31, 2007, Watson Dec., Ex. 5.

21    [11]  MGA's Second Supplemental Responses to Mattel Inc.'s Amended Fourth Set of Interrogatories, dated January 7, 2008, Watson Dec., Ex. 6.

22    [12]  MGA Entertainment, Inc.'s Third Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated January 28, 2008, Watson Dec., Ex. 7.

23    [13]  Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008, Watson Dec., Ex. 8.

24    [14]  Id.

25    [15]  The Discovery Master's Order, because it was not appealed, effectively became an Order of the Court. See 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 72(a); Stipulation for Appointment of a Discovery Master and Order, dated December 6, 2006 at ¶ 6, Watson Dec., Ex. 40 ("The Discovery Master's orders . . . shall be treated as rulings made by a Magistrate Judge of the United States District Court.").

26

27

28

1    On March 3, 2008, seven days after the Discovery Master's deadline,

2  MGA supplemented its responses for a fourth time.[16] Yet, MGA once again refused to

3  substantively respond to the interrogatories,

4                                                                     .[17]  On April

5  22, 2008, the Discovery Master stayed the MGA Parties' obligation to supplement their

6  responses to Interrogatory Nos. 43 and 44, until the Phase 2 discovery stay was lifted.[18]

7    **C.**    **Despite The Resumption of Phase 2 Discovery, MGA Refuses To**

8           **Comply With The Discovery Master Order**

9           On January 6, 2009, the Court vacated the stay on Phase 2 discovery.[19]  On

10  January 20, Mattel wrote to counsel for MGA to ask when MGA planned to serve the

11  responses to Mattel's Amended Fourth Set of Interrogatories that were ordered by the

12  Discovery Master eleven months earlier.[20]  Mattel wrote to MGA on January 28, 2009,

13  requesting that the parties meet and confer regarding MGA's responses to Mattel's

14  Supplemental Interrogatories.[21]

15           On January 8, 2009, consistent with its pre-filing conference of counsel

16  obligations under Local Rule 7-3, Mattel informed the MGA Parties that it was

17  contemplating a summary judgment motion on MGA's trade dress and other claims

18  relating to Bratz.[22]  A key basis for the anticipated motion is that MGA does not and

19  _____

20  [16]   MGA Entertainment, Inc.'s Fourth Supplemental Responses to Interrogatory Nos. 43-44 of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated March 3, 2008, Watson Dec., Ex. 9.

21  [17]   Id.

22  [18]   Order Granting MGA Parties' Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated

23  April 22, 2008, Watson Dec., Ex. 10.

24  [19]   Order Appointing Discovery Master, dated January 6, 2009, at 2, Watson Dec., Ex. 40.

25  [20]   Letter from Jon Corey to Jason Russell and Robert J. Herrington, dated January 20, 2009, Watson Dec., Ex. 12.

26  [21]   Letter from Scott Watson to Thomas Nolan and Jason Russell, dated January 28, 2009, Watson Dec., Ex. 13.

27  [22]   Letter from Michael T. Zeller to Thomas Nolan, dated January 8, 2009, Watson Dec., Ex. 14.

28

1  cannot own trade dress or any other rights in Bratz as a matter of law, since Bratz is

2  Mattel's intellectual property as a result of the Phase 1 proceedings (once they are

3  finalized by the Court).[23]

4       The parties met and conferred on February 6, 2009 regarding Mattel's

5  interrogatories.[24] During the conference, MGA acknowledged that its objections based

6  on the Phase 2 discovery stay were no longer viable.[25] MGA stated, however, that it

7  would provide responses to the interrogatories "not later than 30 days after the Court

8  decides the trade dress summary judgment motion which Mattel has indicated it will be

9  bringing."[26] MGA refused to discuss its specific objections to these interrogatories or

10  whether it would be standing on its remaining objections when it did provide

11  responses.[27] Mattel informed MGA that this proposal was not acceptable.[28]

12       At a hearing on February 11, 2009, the Court set the Phase 2 discovery

13  cut-off for December 11, 2009 and a trial date for March 23, 2010.[29] The Court also

14  stated: "I will instruct the Discovery Master this afternoon, in no uncertain terms, that

15  there is no stay on any discovery related to this case at all. There's no longer a Phase

16  1/Phase 2 distinction. As I indicated, I thought that I made this clear before. If it's not,

17  it will be expressly set forth in the minutes coming out of today's hearing. ***There is no***

18  ***stay on discovery. Period.***"[30] The Court later reiterated, "there is nothing from this

---

[23] Id.

[24] Watson Dec. at ¶ 18; see also Letter from Scott Watson to Amman Khan, dated February 6, 2009, Watson Dec., Ex. 15.

[25] Id.

[26] Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009, Watson Dec., Ex. 16.

[27] Watson Dec. at ¶ 16.

[28] Letter from Jon Corey to Amman Khan, dated February 8, 2009, Watson Dec., Ex. 17.

[29] Hearing Transcript, dated February 11, 2009, at 94:25-95:7, Watson Dec., Ex. 18.

[30] Id. at 97:8-14 (emphasis added).

07975/2828572.1

EX PARTE RE OSC

1  Court which is precluding any discovery that is properly sought for the trial that is
2  scheduled."[31]

3          On February 12, 2009, in light of the Court's statements at the hearing,
4  Mattel asked MGA to confirm whether MGA would provide complete responses to
5  Mattel's interrogatories.[32]  Counsel for MGA responded that it was premature to
6  respond to the February 12 letter until after the scheduled meet and confer concerning
7  Mattel's intended motion for summary judgment on MGA's trade dress claims.[33]

8          On February 18, the parties met and conferred regarding Mattel's
9  contemplated summary judgment motion and the interrogatories.[34]  The next day, MGA
10 informed Mattel that it would not agree to provide further responses to the
11 interrogatories.[35]  Instead, MGA said that it planned to request a protective order to stay
12 its obligation to respond and that it would only provide responses: (1) if their planned
13 protective order is denied; or (2) if the protective order is granted, 21 days after the
14 Court decides Mattel's summary judgment motion, to the extent any trade dress claims
15 remain after that decision.[36]  On February 26, 2009, the MGA Parties moved for a
16 protective order to stay discovery on MGA's trade dress claims.  Mattel subsequently
17 moved to compel.  Those motions remain pending.

18    **D.    MGA's Prior Discovery Misconduct**

19         MGA's willful disobedience of the Discovery Master's Order is but one
20 episode in MGA's history of discovery misconduct in this case.  To date, there have
21 been more than 50 discovery Orders against MGA, in whole or in part, and its co-

22

23    [31]  Id. at 101:21-24.
24    [32]  Letter from Jon Corey to Jean Pierre Nogues, dated February 12, 2009, Watson Dec., Ex. 19.
25    [33]  Letter from Jean Pierre Nogues to Jon Corey, dated February 13, 2009, Watson Dec., Ex. 20.
26    [34]  See Letter from Jean Pierre Nogues to Jon Corey, dated February 19, 2009, Watson Dec., Ex. 21.
27    [35]  Id.
28    [36]  Id.

1   defendants, as well as Orders that have found MGA to be in deliberate violation of

2   Court Orders.[37]  For example:

3            The Larian Deposition.  MGA has stonewalled Mattel's efforts to obtain

4   discovery into the full scope of defendants' liability and damages since this case began.

5   MGA simply refused to produce Isaac Larian—MGA's CEO, and a named defendant—

6   for deposition.  It took two Court Orders and the imposition of sanctions before Mr.

7   Larian appeared for deposition.[38]  Indeed, as here,  MGA refused to comply with

8   Magistrate Judge Block's first Order compelling Isaac Larian to appear for deposition

9   on the basis that there had been a stay.  After Mattel was forced yet again to move,

10  Judge Block found that Larian was required to comply once the stay was lifted and,

11  because Larian had refused, imposed sanctions.[39]

12           Other Key Witness Depositions.  MGA and its related party-defendants

13  likewise refused to produce virtually any other key witness in this litigation and forced

14  Mattel to bring motion after motion to obtain the testimony of even indisputably

15  relevant witnesses.  These included named defendant Carter Bryant; MGA executive

16  and Bratz brand manager Paula Garcia (Treantafelles), named defendant and MGA

17

18

19

20  [37]  See e.g.,  Civil Minutes - General Re: Mattel's Motion to Enforce the Court's
    Order on March 23, 2005 and for Sanctions, dated June 16, 2006, Watson Dec., Ex. 22;
21  Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1, dated
    April 17, 2007, Watson Dec., Ex. 23; Order Granting Mattel's Motion to Compel
22  Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007,
    Watson Dec., Ex. 24; Order Granting Mattel, Inc's Motion to Compel MGA to Produce
23  Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Watson Dec.,
    Ex. 25; Order Granting in Part and Denying in Part Mattel's Motion to Compel
24  Production of Documents for MGA, dated August 14, 2007, Watson Dec., Ex. 26;
    Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007,
25  to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30 (b)(6), and
    Granting Request for Sanctions, dated August 14, 2007, Watson Dec. Ex. 27.
26  [38]  Civil Minutes of March 23, 2005, Watson Dec. Ex. 36 (ordering Mr. Larian to
    appear for deposition); Civil Minutes of June 16, 2006, Watson Dec. Ex. 37 (ordering
27  Mr. Larian to appear for deposition a second time).
    [39]  Civil Minutes of June 16, 2006, Watson Dec. Ex. 37.

28

1  executive Gustavo Machado; MGA manager Jorge Castilla; MGA contractor Veronica

2  Marlow; and MGA contractor Margaret Hatch Leahy.[40]

3         <u>Failure to Comply With Document Discovery Obligations.</u>  MGA initially

4  produced documents spanning a mere 10,000 bates numbers, a significant number of

5  which were completely blank.[41]  This sanitized production was in response to obviously

6  relevant requests seeking information about "the origin of Bratz and Bryant's work for

7  MGA"[42]  What few documents MGA did produce were, in many cases, so heavily

8  redacted that they were completely unintelligible.[43]  For instance, emails were redacted

9  of all text save the "To," "From," and subject header designations.[44]  The production

10  also omitted key documents about early work on the Bratz project and was designed to

11  make it appear that work on Bratz did not begin until December 2000.  MGA had no

12  viable basis for privilege or any other credible justification for its behavior.[45]

13         After numerous attempts to obtain compliance with the requests, Mattel

14  was forced to move to compel production.[46]  On May 15, 2007, the Discovery Master

15  issued an order compelling MGA to produce documents in response to Mattel's First

16  Set of Requests for Production.[47]  In spite of this, MGA did not comply with its

17  discovery obligations.  Mattel was forced to obtain *three* additional orders compelling

18  production, two of which imposed sanctions, before MGA made any meaningful

19  production.[48]

---

[40]  <u>See</u> Watson Dec. at ¶ 45.

[41]  <u>Id.</u> at ¶ 46.

[42]  Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, Watson Dec., Ex. 24.

[43]  <u>See</u> Entirely Redacted Pages in Response to Mattel's First Set of Production, Watson Dec., Ex. 38.

[44]  <u>Id.</u>

[45]  <u>See</u> Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, Watson Dec., Ex. 24.

[46]  <u>Id.</u>

[47]  <u>Id.</u>

[48]  <u>See</u> Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents for MGA, dated August 14, 2007, Watson Dec., Ex. 26; (footnote continued)

1        <u>Failure to Produce 30(b)(6) Witnesses.</u>   Similarly, MGA repeatedly

2   thwarted Mattel's attempts to obtain deposition testimony from MGA <u>Rule</u> 30(b)(6)

3   witnesses — first because MGA refused to name witnesses, then because MGA's

4   named witnesses knew nothing about the topics on which they were designated, and

5   finally because MGA repeatedly instructed witnesses not to answer questions for

6   reasons unrelated to privilege.[49]   The topics covered key issues in this case, including

7   the origins, design and development of Bratz and Bryant's work with MGA during

8   relevant time periods.[50]

9        On May 16, 2007, Mattel obtained its first Order compelling MGA to

10  name and produce <u>Rule</u> 30(b)(6) witnesses and overruling all of MGA's objections and

11  purported limitations on the topics in Mattel's deposition notices.[51]   MGA did not

12  comply with this Order.   Mattel was forced to obtain two more orders, *both*

13  accompanied by sanctions, to enforce the original Order.[52]   In its final order, the

14  Discovery Master detailed the insufficiency of MGA's proffered witnesses, noting that

15  one such witness—who had been produced specifically for the purpose of testifying on

16  a compelled topic relating to "Diva Starz"—"did not know what Diva Starz was."[53]

17

18  _____

19  Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, dated December 19, 2007, Watson Dec., Ex. 30.

20     [49]   <u>See</u> Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule

21  30(b)(6), and Granting Request for Sanctions, dated August 14, 2007, Watson Dec., Ex. 27.

22     [50]   <u>Id.</u>

   [51]   <u>See</u> Order Granting Mattel Inc.'s Motion to Compel MGA to Produce Witnesses

23  for Deposition Pursuant to <u>Rule</u> 30(b)(6), dated May 16, 2007, Watson Dec., Ex. 25.

   [52]   <u>See</u> Order Granting in Part Mattel's Motion to Enforce the Court's Order of May

24  16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, dated August 14, 2007; Watson Dec., Ex.

25  27; Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's Discovery Orders and To Compel; To Overrule Purportedly Improper Instructions; and

26  For Sanctions, dated January 8, 2008, Watson Dec., Ex. 32.

   [53]   Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's

27  Discovery Orders and To Compel; To Overrule Purportedly Improper Instructions; and For Sanctions, dated January 8, 2008, at p. 9, Watson Dec. Ex. 32.

28

EX PARTE RE OSC

<u>MGA's Failure to Respond to Interrogatories.</u>  Mattel was forced to obtain Orders compelling interrogatory responses from MGA on both April 18, 2007 and May 16, 2007.[54]  The interrogatories sought basic information key to Mattel's claims and defenses.  For instance, Interrogatory No. 1 sought the identities of persons who had engaged in the production, marketing, advertising, or otherwise contributed to the creation of the MGA products at issue in this case.[55]  This information was both readily available to MGA and integral to all claims in this case.  Yet, MGA refused to provide the information and thus forced Mattel to file a motion to compel in order to receive a meaningful response.  On February 15, 2008, MGA was ordered to provide responses to interrogatories a third time, which included the interrogatories at issue in this motion.[56]

<u>Failure to Produce Financial Information.</u>  MGA's and Larian's incomplete production of financial information well illustrates their pattern of obstructionism.  After MGA and Larian belatedly produced financial documents in the middle of trial, the Court noted that "there's no question that the Court had ordered the production of Mr. Larian's financial documents quite some time ago."[57]  MGA had been ordered to produce documents and witnesses regarding its financial condition in May 2007.[58]  Nonetheless, even to this day, MGA has not produced an audited balance sheet for any fiscal year after 2006.[59]

---

[54]   Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1, dated April 18, 2007, Watson Dec. Ex. 23; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses, dated  May 15, 2007; Watson Dec., Ex. 26.
[55]   Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1, dated April 18, 2007, at p. 2, Watson Dec. Ex. 23.
[56]   Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008, Watson Dec. Ex. 8.
[57]   Trial Transcript, dated Tuesday, August 5, 2008, afternoon session, Watson Dec., Ex. 39.
[58]   <u>Id.</u>
[59]   <u>Id.</u>

<u>MGA Has Refused to Meaningfully Answer a Variety of Other Plainly Relevant Discovery Requests.</u>  Mattel has had to obtain orders compelling MGA's compliance with its discovery obligations on a number of other occasions as well.  For example, on August 21, 2007, the Discovery Master issued an Order compelling MGA to respond to Requests for Admission.[60]  The requests sought basic information regarding (1) the timing of meetings between Bryant and MGA, (2) work performed by Bryant on Bratz, designs created by Bryant for Bratz and payments made to Bryant in remuneration for those designs, (3) the contract wherein Bryant purported to assign all of his rights in Bratz to MGA, and (4) whether specific Bratz works were derivative of other Bratz work.[61]  This information was clearly central to Mattel's claims and easily available to MGA. Yet. MGA refused to adequately respond until compelled to do so.[62]

On January 9, 2008, the Discovery Master compelled MGA to produce metadata that it had unreasonably withheld.[63]  MGA had scrubbed all produced emails such that Mattel could not determine their place of origin or where the emails had traveled, even though that information was key to showing the interstate commerce element of Mattel claims.[64]   The Discovery Master found that sanctions were appropriate and, accordingly, ordered that MGA would not be permitted cost-shifting for producing the emails in their native form.[65]  On April 14, 2008, the Discovery Master issued a further Order compelling MGA to produce communications that MGA had refused to produce.[66]

---

[60]   Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007, Watson Dec., Ex. 30.
[61]   <u>Id.</u>
[62]   <u>Id.</u>
[63]   Order Regarding Mattel, Inc's Motion to Compel Production of Metadata, January 9, 2008, Watson Dec., Ex. 33.
[64]   <u>Id.</u>
[65]   <u>Id.</u>
[66]   Order Granting In Part Mattel's Motion to Compel MGA to Produce Communications Regarding this Action, dated April 14, 2008, Watson Dec., Ex. 34.

1        **Argument**

2   **I.    MGA IS IN VIOLATION OF THE DISCOVERY MASTER'S ORDER**

3              It is a basic rule of law that court orders must be obeyed.  See Maness v.

4   Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders

5   and judgments of courts must be complied with promptly.").  Parties cannot simply

6   select which orders they wish to obey and which they wish to ignore.  Yet now, as on

7   previous occasions, MGA is in deliberate violation of the Discovery Master's Order and

8   has no legitimate excuse for its noncompliance.

9              The Discovery Master's Order directed MGA to provide full, complete and

10  updated responses to Interrogatories Nos. 43 and 44 within eleven days.[67]  MGA did

11  not comply with that Order[68] and refused to do so for two months before the Discovery

12  Master stayed MGA's obligation to respond while the Court's Phase 2 stay was in place.

13  The Phase 2 stay has been lifted since January 6, 2009, however, and despite numerous

14  requests from Mattel, another two months have passed without compliance by MGA.[69]

15             MGA was obliged to comply with the Discovery Master's Order once the

16  stay was lifted.  See Lucero v. Martinez, 2006 WL 1304945 at *2 (D.N.M. Mar. 11,

17  2006) (party waived all objections to interrogatories served before a stay was issued by

18  failing to respond within 30 days of the stay's expiration); see also Donovan v.

19  Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983) ("Absent a stay, 'all orders and

---

20  [67]   The nature of the information sought by these interrogatories highlights the
21  egregiousness of MGA's repeated refusals to provide meaningful responses.
    Interrogatory No. 43 seeks the date of creation for designs that, according to MGA's
22  allegations, Mattel has copied or infringed.  Interrogatory No. 44 seeks the date that
    those designs were committed to tangible form.  These dates are quite obviously
23  important to Mattel's defenses to MGA's trade dress claims and to Mattel's theft of trade
    secret claims against MGA.  They are equally well within MGA's control, since it
24  obviously knows when it purportedly created and committed to tangible form design
    concepts over which it has asserted claims in a lawsuit.
25  [68]   MGA Entertainment, Inc.'s Fourth Supplemental Responses to Interrogatory
    Nos. 43-44 of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated March 3,
26  2008, Watson Dec., Ex. 9.
    [69]   Letter from Michael T. Zeller to Thomas Nolan, dated January 8, 2009, Watson
27  Dec. Ex. 14; Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009,
    Watson Dec., Ex. 16.

28

1    judgments of courts must be complied with promptly.'"). Indeed, MGA itself already

2    has been sanctioned for not promptly complying with a prior pending discovery Order

3    once a stay was lifted.[70]  On March 23, 2005, Magistrate Judge Block had issued an

4    order compelling defendant Isaac Larian to sit for deposition within 20 days. Before

5    the deposition was taken, discovery was stayed. After that stay was lifted, and in

6    defiance of the existing Order, Mr. Larian still refused to appear for deposition. Mattel

7    was forced to move to enforce the prior Order, and the Magistrate Judge held that,

8    when the stay was lifted, Mr. Larian had had 20 days to comply with the pending

9    Order, issued a second Order compelling him to appear for deposition and imposed

10   sanctions.

11           Here, once the Phase 2 discovery stay was lifted, MGA was obligated to

12   comply with the Discovery Master's Order. Yet, over 60 days have passed, and MGA

13   still refuses. MGA is in violation of the Order.

14   **II.     THE COURT SHOULD HOLD MGA IN CONTEMPT**

15           Courts have long exercised the authority to compel compliance with their

16   orders through civil contempt and other remedies. See Unigard Security Insurance Co.

17   v. Lakewood Engineering & Manufacturing Corp., 982 F.2d 363, 368 (9th Cir. 1992)

18   ("Courts are invested with inherent powers that are 'governed not by rule or statute but

19   by the control necessarily vested in courts to manage their own affairs so as to achieve

20   the orderly and expeditious disposition of cases."). When a party fails to comply with a

21   court order, that party commits civil contempt. General Signal Corp. v. Donallco, Inc.,

22   787 F.2d 1376, 1379 (9th Cir. 1986).[71]  Additionally, Rule 37(b) specifically authorizes

23   

24   _____

        [70]  See Order Re: Mattel's Motion to Enforce the Court's Order of March 23, 2005 and for Sanctions, dated June 16, 2006, Watson Dec., Ex. 24.

25      [71]  The standard for civil contempt "is well settled:  [t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a

26   specific and definite order of the court.  The burden then shifts to the contemnors to demonstrate why they were unable to comply." United States v. Rose, 437 F. Supp. 2d

27   1166, 1170 (S.D. Cal. 2006) (quoting FTC v. Affordable Media LLC, 179 F.3d 1228, 1239 (9th Cir. 1990)).  A party that has "taken 'all reasonable steps' to comply with a

28   court order" will not be held in civil contempt. General Signal Corp., 787 F.2d at 1379. (footnote continued)

1   the Court to treat the failure to obey a discovery order as contempt, and to fashion other

2   appropriate remedies.  Fed. R. Civ. P. 37(b)(2)(A).

3          MGA continues to violate a specific and definite Order.  There is nothing

4   vague about the Discovery Master's Order or MGA's duties under it:  MGA is required

5   to fully and completely respond to Interrogatories Nos. 43 and 44.  Under any possible

6   reading or scenario, the deadline for compliance is long past.  Yet MGA has failed to

7   comply and indeed refuses to comply.  MGA's flagrant, continuing violation, and its

8   past history of violating court Orders, warrant a finding of that MGA is in contempt.

9   **III.   MGA'S MOTION FOR PROTECTIVE ORDER DOES NOT EXCUSE**

10          **ITS NONCOMPLIANCE.**

11          MGA is not excused from its now long-overdue compliance as a result of

12   its mere filing of a belated motion for protective order that seeks to stay certain

13   discovery that the Discovery Master already ordered MGA to provide.  "If a person to

14   whom a court directs an order believes that order is incorrect, the remedy is to appeal,

15   but, *absent a stay, he must comply promptly with the order* pending appeal."  Maness,

16   419 U.S. at 458 (emphasis added); see also Huber v. Marine Midland Bank, 51 F.3d 5,

17   8 (2d Cir. 1995) ("[A] contempt proceeding does not open to reconsideration the legal

18   or factual basis of the order alleged to have been disobeyed and thus become a retrial of

19   the original controversy.").  Therefore, absent an actual stay of an order's obligations, a

20   party that fails to comply with a discovery order does not excuse that failure by seeking

21   its reversal.  Mazzola, 716 F.2d at 1240 ("Absent a stay, 'all orders and judgments of

22   courts must be complied with promptly.'"); United States v. Innis, 2005 WL 2155558

23   at *1 (E.D. Cal. 2005) ("[T]he fact that respondents filed an appeal to the Ninth Circuit

24   _____

25   "A finding of civil contempt may be made without an evidentiary hearing so long as due process is otherwise satisfied."  Rose, 437 F. Supp. 2d at 1170 (citing United States

26   v. Ayers, 116 F.3d 991, 995-96 (9th Cir. 1999) (where facts supporting noncompliance with a court order are not seriously disputed, due process is satisfied by ample notice

27   and an opportunity to respond).  The fact that MGA has filed a motion for a protective order with the Discovery Master does not excuse its obligation to comply with the

28   Discovery Master's Order.  See Section III below.

1  of the Summons Enforcement Order does not excuse the failure to comply with [those

2  orders] in the absence of a stay pending appeal.").

3         It also has been ruled in this case that it is improper and sanctionable to

4  disobey an Order while appealing or collaterally attacking an order absent an actual

5  stay.[72]  Indeed, MGA was previously sanctioned for disobeying a discovery Order

6  while "gambling" that it would be granted a stay.[73]  As with its prior violations, MGA's

7  efforts to undo the Discovery Master's Order here through its protective order motion

8  do not excuse its noncompliance with that Order.  That is especially true here, given

9  that this Court has repeatedly made clear that no discovery stay is in place and that

10  Phase 2 discovery is to proceed.

11  **IV.   THE COURT SHOULD IMPOSE COERCIVE SANCTIONS TO OBTAIN**

12         **MGA'S COMPLIANCE WITH THE ORDER**

13         There is no question that decisive action is required to obtain MGA's

14  overdue compliance with the Discovery Master's Order.  Its violation of the Discovery

15  Master's Order here is not only flagrant, but part of a continuing pattern of discovery

16  abuse.  Over the course of this action MGA has repeatedly demonstrated that it will not

17  produce meaningful discovery or comply with Court Orders absent coercive action by

18  the Court.  MGA's behavior has forced Mattel to return for multiple orders compelling

19  the same discovery.

---

20  [72]  See Order Granting in Part Mattel's Motion to Enforce the Court's Order of May

21  16, 2007, To Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, August 14, 2007, Watson Dec. Ex. 27.

22  [73]  On May 16, 2007, MGA was ordered to designate its Rule 30(b)(6) witnesses by June 30, 2007.  MGA sought and was denied a stay of that order.  Nevertheless, MGA

23  determined not to comply with the order and filed an emergency ex parte application requesting review of the denial of the stay.  June 30, 2007 passed without MGA's

24  designation of its 30(b)(6) witnesses.  Accordingly, the Discovery Master awarded sanctions on the basis that MGA had acted in "clear and flagrant violation" of a court

25  Order.  See Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, To Compel MGA to Produce Witnesses for Deposition Pursuant to Rule

26  30(b)(6), and Granting Request for Sanctions, August 14, 2007, Watson Dec. Ex. 27. The Discovery Master reasoned that it was "egregious" for MGA to "persist in its

27  refusal" to comply with the May 16, 2007 Order and "gamble[]" that the Court would grant its emergency ex parte relief.  Id.

28

1         For example, after Mattel obtained an Order compelling MGA to produce

2  documents in response to Mattel's First Set of Requests for Production, MGA still did

3  not comply, and Mattel was forced to return to court for additional orders and the

4  imposition of sanctions before MGA made even arguably minimal compliance.[74]

5  Similarly, the Discovery Master was forced to compel MGA *three times* to produce

6  witnesses in response to a Mattel <u>Rule</u> 30(b)(6) notice of deposition before compliance

7  was achieved.[75]  In the Discovery Master's *second order* compelling MGA to produce

8  <u>Rule</u> 30(b)(6) deponents, he found that "the violation was particularly egregious" and

9  that "MGA's clear and flagrant violation of a court order warrant[ed] sanctions."[76]

10  Since the lifting of Phase 2 discovery two months ago, MGA has resumed its practice

11  of obstructing discovery.[77]  It has answered no interrogatories and has not agreed to

12  produce even one witness for deposition.[78]  It took MGA two months to produce a

13  single document.[79]

14         Coercive sanctions imposed for civil contempt are appropriate "for two

15  purposes: to coerce the defendant into compliance with the court's order, and to

16  compensate the complainant for losses sustained." <u>Whittaker Corp. v. Execuair Corp.</u>,

17  953 F.2d 510, 517 (9th Cir.1992) (citing <u>United States v. United Mine Workers of</u>

18

---

19  [74]  <u>See, e.g.</u>, Order Re Mattel, Inc.'s Motion To Compel Production of Documents Withheld As Privileged, dated December 19, 2007, Watson Ex. 35 (denying Mattel's

20  request for waiver, despite finding that MGA "violated the May 15 Order").
    [75]  <u>See, e.g.</u>, Order Compelling MGA to Produce Rule 30(b)(6) Witnesses, dated

21  May 16, 2007; <u>see also</u> Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant

22  to Rule 30(b)(6), and Granting Request for Sanctions, dated August 14, 2007, Watson Dec., Ex. 27; Order Granting in Part and Denying in Part Mattel's Motion to Enforce

23  Court's Discovery Orders and To Compel; To Overrule Purportedly Improper Instructions; and For Sanctions, dated January 8, 2008, Watson Dec., Ex. 32.

24  [76]  Order Compelling MGA to Produce Rule 30(b)(6) Witnesses, dated May 16, 2007; <u>see also</u> Order Granting in Part Mattel's Motion to Enforce the Court's Order of

25  May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, dated August 14, 2007, Watson Dec.,

26  Ex. 27, at 9:15-22.
    [77]  Watson Dec. at ¶ 47.

27  [78]  <u>Id.</u>
    [79]  <u>Id.</u>

28

1  America, 330 U.S. 258, 303-04, 67 S.Ct. 677, 701 (1947)).   Coercive monetary

2  sanctions often take the form of a per diem fines.  Such "daily fines.... constitute '[t]he

3  paradigmatic coercive, civil contempt sanction.'"  Soroko v. Aina, 1998 WL 395139, *1

4  (D.D.C. July 09, 1998) (quoting International Union, United Mine Workers v. Bagwell,

5  512 U.S. 821, 828, 114 S.Ct. 2552, 2557 - 58 (1994)).   Furthermore, courts endorse

6  "traditional sanctions, such a monetary penalty increasing each day of [contemnor's]

7  noncompliance, as the exercise of the least power necessary to accomplish the court's

8  purpose."   Natural Gas Pipeline Co. v. Energy Gathering, Inc., 86 F.3d 464, 467-68

9  (5th Cir. 1996).[80]  "A court, in determining the amount and duration of a coercive fine,

10  must 'consider the character and magnitude of the harm threatened by continued

11  contumacy, and the probable effectiveness of any suggested sanction in bringing about

12  the result desired.'"   Whittaker, 953 F.2d at 516 (quoting United States v. United Mine

13  Workers of America, 330 U.S. 258, 304 (1947)).

14          MGA's continued refusal to respond adequately to Interrogatories 43 and

15  44 threatens harm of significant character and magnitude.   The interrogatories are

16  crucial to Mattel's Phase 2 defenses and claims.  As the prior Discovery Master held,

17  these interrogatories are directly "relevant to Mattel's defense against the MGA parties'

18  claims that their products have been copied or infringed by certain Mattel products."[81]

19  Mattel needs substantive responses to these interrogatories to develop further discovery,

20  to narrow the issues for trial, to prepare and prosecute its own claims, and to defend

21  against MGA's trade dress claims.   MGA's contempt is prejudicing Mattel because it

22  threatens to undermine Mattel's right and ability to defend itself, denies Mattel the

---

[80]  "Where the purpose of a civil contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is proper."  Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992) (upholding use of coercive monetary sanctions to secure compliance with a discovery order); U.S. v. Westinghouse Elec. Corp., 648 F.2d 642, 651-652 (9th Cir. 1981) (same); International Business Machines Corp. v. U.S., 493 F.2d 112, 115-116 (2nd 1973) (same).

[81]  Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50, dated February 15, 2008, Watson Dec., Ex. 8, at 11-12.

1    discovery period that it is entitled to, is imposing burden and cost,[82] and already is

2    serving to stymie Phase 2 discovery.

3         Indeed, the "law presumes prejudice from unreasonable delay."

4    Phenylpropanolamine (PPA) Prods. Liability Litig., 460 F.3d 1217, 1227-28 (9th Cir.

5    2006) (upholding sanction of dismissal of plaintiffs' claims when they failed to comply

6    with the court's discovery orders).   As the Ninth Circuit has explained, "[l]itigants who

7    are willful in halting the discovery process act in opposition to the authority of the court

8    and cause impermissible prejudice to their opponents."     G-K Properties v.

9    Redevelopment Agency of City of San Jose, 577 F.2d 645, 647 (9th Cir. 1978)

10   (upholding sanction of dismissal of plaintiff's claims for failure to comply with

11   discovery orders).  MGA has engaged in unreasonable delay both before the imposition

12   of the stay and after it was lifted, impermissibly acting to prejudice Mattel.

13        The Court should impose monetary sanctions to effectuate MGA's

14   compliance with the Order.  As the Supreme Court explained in Bagwell, "[a] close

15   analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor

16   fails to comply with an affirmative court order. Like civil imprisonment, such fines

17   exert a constant coercive pressure."   Bagwell, 512 U.S. at 829.   MGA's present

18   contempt is part of the same pattern of unreasonable and vexatious conduct designed to

19   frustrate Mattel's efforts to obtain even the basic discovery to which it is entitled.

20   MGA also has shown, through its pattern of extreme stonewalling in discovery, that it

21   will not comply with its basic discovery requirements, even in the face of specific

22   orders compelling such compliance, without the imposition of coercive sanctions.

23

24   _____

[82]   Actual prejudice may "consist of costs or burdens of litigation." PPA Prods.
Liability Litig., 460 F.3d at 1228 (citing Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th
Cir. 2002)).  Here, Mattel has been forced to incur the cost and burden of bringing the
present motion to compel MGA's compliance with the Discovery Master's Order. See
Koch v. The Burlington Northern & Santa Fe Railway Co., 2006 WL 2927665, *2
(W.D. Wash. 2006) (rejecting defendant's argument that plaintiff was not prejudiced by
delay because "[defendant's] dilatory conduct, including months of unfulfilled
promises, forced plaintiff to file a motion to compel to obtain discovery which
defendant was undisputedly required to provide months ago").

1    Nor can MGA complain that coercive sanctions would be onerous.  Aside

2    from the fact that these sanctions are the result of a history of discovery abuses and,

3    more specifically, willful noncompliance with an Order that MGA has had ample time

4    to comply with, MGA can avoid further sanctions at any time simply by providing

5    complete responses to two interrogatories.  See id. at 828 ("In these circumstances, the

6    contemnor is able to purge the contempt and obtain his release by committing an

7    affirmative act, and thus 'carries the keys of his prison in his own pocket.'") (citation

8    omitted).  Coercive sanctions should be awarded in the amount of $5,000 per day of

9    MGA's continued noncompliance and, in the event that MGA does not comply within

10   five days of the Court's Order, the amount of coercive sanctions should be increased to

11   $10,000 per day, with the per diem fine amounts being paid to the Court.

12   **V.     THE COURT SHOULD AWARD SANCTIONS TO MATTEL IN THE**

13   **FORM OF ATTORNEYS FEES**

14   Federal Rule of Civil Procedure 37(b)(2) specifically allows an award of

15   Mattel's expenses and attorney's fees incurred in seeking to enforce the Order.  Fed. R.

16   Civ. P. 37(b)(2) ("In lieu of any of the foregoing orders or in addition thereto, the court

17   shall require the party failing to obey the order or the attorney advising that party or

18   both to pay the reasonable expenses, including attorney's fees, caused by the failure

19   unless the court finds that the failure was substantially justified or that other

20   circumstances make an award of expenses unjust.").  The burden of establishing

21   substantial justification is on the party being sanctioned.  Hyde & Drath v. Baker,

22   24 F.3d 1162, 1171 (9th Cir. 1994).

23   Here, MGA has no substantial justification for its failure and refusal to

24   obey the Discovery Master's Order.  Under these facts, an award of sanctions in the

25   form of attorney's fees is warranted.  Sanctions are particularly appropriate here given

26   MGA's intentional failure to obey the Discovery Master's Order and its history of prior

27   violations of Court Orders.  It is only fair that MGA be required to reimburse Mattel for

28   being forced to file this motion simply to obtain compliance with an existing discovery

1  Order and obtain discovery from MGA that the Discovery Master has squarely held

2  Mattel is entitled to.

### Conclusion

4    For the foregoing reasons, Mattel respectfully requests that the Court: (1)

5  issue an Order to Show Cause regarding MGA's failure and refusal to comply with the

6  Order; (2) adjudge MGA to be in contempt of Court; (3) award coercive sanctions

7  against MGA in the amount of $5,000 for each day that MGA fails to produce full and

8  complete responses to Interrogatories Nos. 43 and 44 as mandated by the Order, and, in

9  the event that MGA does not comply within five days of the Court's Order, the amount

10  of coercive sanctions should be increased to $10,000 per day; and (4) award monetary

11  sanctions against MGA in the amount of $7,000, which represents a portion of the fees

12  and costs incurred by Mattel in bringing this Motion.

14  DATED:  March 10, 2009   QUINN EMANUEL URQUHART OLIVER &
              HEDGES, LLP

16         By /s/ Michael T. Zeller
17          Michael T. Zeller
        Attorneys for Mattel, Inc.