QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>DECLARATION OF SCOTT WATSON IN SUPPORT OF MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE RE: MGA ENTERTAINMENT, INC'S FAILURE TO RESPOND TO INTERROGATORIES NOS. 43 & 44<br><br>Date: TBA<br>Time: TBA<br>Place: TBA<br><br>**Phase 2**<br>Discovery: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

**PUBLIC REDACTED**

DECLARATION OF SCOTT L. WATSON

# DECLARATION OF SCOTT WATSON

I, Scott Watson, declare as follows:

1. I am a member of the bar of the State of California. I am a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2. Attached hereto as Exhibit 1 is a true and correct copy of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007.

3. Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts of MGA Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated November 15, 2007.

4. Attached hereto as Exhibit 3 is a true and correct copy of relevant excerpts of MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated November 30, 2007.

5. Attached hereto as Exhibit 4 is a true and correct copy of Mattel, Inc.'s Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated December 20, 2007.

6. Attached hereto as Exhibit 5 is a true and correct copy of MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated December 31, 2007.

7. Attached hereto as Exhibit 6 is a true and correct copy of relevant excerpts of MGA Entertainment, Inc.'s Second Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated January 7, 2008.

8. Attached hereto as Exhibit 7 is a true and correct copy of relevant excerpts of MGA Entertainment, Inc.'s Third Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated January 28, 2008.

9. Attached hereto as Exhibit 8 is a true and correct copy of the prior Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008.

10. Attached hereto as Exhibit 9 is a true and correct copy of MGA Entertainment, Inc.'s Fourth Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated March 3, 2008.

11. Attached hereto as Exhibit 10 is a true and correct copy of the prior Discovery Master's Order Granting MGA Parties' Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated April 22, 2008.

12. Attached hereto as Exhibit 11 is a true and correct copy of the Order Appointing Discovery Master, dated January 6, 2009.

13. Attached hereto as Exhibit 12 is a true and correct copy of a letter from my partner, Jon Corey, to Jason Russell and Robert J. Herrington, counsel for MGA, dated January 20, 2009.

14. Attached hereto as Exhibit 13 is a true and correct copy of a letter I sent to counsel for MGA, Thomas Nolan and Jason Russell, dated January 28, 2009.

15. Attached hereto as Exhibit 14 is a true and correct copy of a letter from my partner, Michael Zeller, to Mr. Nolan, dated January 8, 2009.

16. The parties met and conferred regarding Mattel's discovery requests, including Interrogatory Nos. 43, 44, 51-55 and 64, on February 6, 2009 and times thereafter. MGA proposed that it would provide responses to these interrogatories no earlier than 21 days after the Court decides Mattel's contemplated partial summary judgment motion. MGA, however, declined to discuss its specific objections to these interrogatories or whether it would be standing on its remaining objections when it did provide responses.

17. Attached hereto as Exhibit 15 is a true and correct copy of my letter to counsel for MGA, Amman Khan, dated February 6, 2009.

18. Attached hereto as Exhibit 16 is a true and correct copy of a letter Jean Pierre Nogues, counsel for MGA, sent to Mr. Corey, dated February 6, 2009.

19. Attached hereto as Exhibit 17 is a true and correct copy of a letter Mr. Corey sent to Mr. Khan, dated February 8, 2009.

20. Attached hereto as Exhibit 18 is a true and correct copy of relevant excerpts of the transcript of the February 11, 2009 hearing before Judge Larson.

21. Attached hereto as Exhibit 19 is a true and correct copy of a letter Mr. Corey sent to Mr. Nogues, dated February 12, 2009.

22. Attached hereto as Exhibit 20 is a true and correct copy of Mr. Nogues response to Mr. Corey, dated February 13, 2009.

23. Attached hereto as Exhibit 21 is a true and correct copy of a letter Mr. Nogues sent to Mr. Corey, dated February 19, 2009.

24. Attached hereto as Exhibit 22 is a true and correct copy of the Civil Minutes - General Re: Mattel's Motion to Enforce the Court's Order on March 23, 2005 and for Sanctions, dated June 16, 2006.

25. Attached hereto as Exhibit 23 is a true and correct copy of the Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1, dated April 17, 2007.

26. Attached hereto as Exhibit 24 is a true and correct copy of the Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007.

27. Attached hereto as Exhibit 25 is a true and correct copy of the Order Granting Mattel, Inc's Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007.

28. Attached hereto as Exhibit 26 is a true and correct copy of the Order Granting in Part and Denying in Part Mattel's Production of Documents for MGA, dated August 14, 2007.

29. Attached hereto as Exhibit 27 is a true and correct copy of the Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30 (b)(6), and Granting Request for Sanctions, dated August 14, 2007.

30. Attached hereto as Exhibit 28 is a true and correct copy of the Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007.

31. Attached hereto as Exhibit 29 is a true and correct copy of the Order Granting Mattel's Motion to Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007.

32. Attached hereto as Exhibit 30 is a true and correct copy of the Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, dated December 19, 2007.

33. Attached hereto as Exhibit 31 is a true and correct copy of the Order Granting Mattel's Motion to Compel MGA to Produce Documents Bearing Bates Nos. MGA 0800973-0800974 and MGA 0829296-0829305, dated December 17, 2007.

34. Attached hereto as Exhibit 32 is a true and correct copy of the Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's Discovery Orders and to Compel; to Overrule Purportedly Improper Instructions; and for Sanctions, dated January 8, 2008.

35. Attached hereto as Exhibit 33 is a true and correct copy of the Order Regarding Mattel, Inc.'s Motion to Compel Production of Metadata, dated January 9, 2008.

36. Attached hereto as Exhibit 34 is a true and correct copy of the Order Granting in Part Mattel's Motion to Compel MGA to Produce Communication Regarding this Action, dated April 14, 2008.

37. Attached hereto as Exhibit 35 is a true and correct copy of the Order Re Mattel, Inc.'s Motion To Compel Production of Documents Withheld As Privileged, dated December 19, 2007

38. Attached hereto as Exhibit 36 is a true and correct copy of the Court's Civil Minutes of March 23, 2005.

39. Attached hereto as Exhibit 37 is a true and correct copy of the Court's Civil Minutes of June 16, 2006.

40. Attached hereto as Exhibit 38 are examples of entirely redacted pages produced by MGA in response to Mattel's First Set of Requests for Production.

41. Attached hereto as Exhibit 39 is a true and correct copy of the Trial transcript dated Tuesday, August 5, 2008, afternoon session.

42. Attached hereto as Exhibit 40 is a true and correct copy of the Stipulation for Appointment of a Discovery Master and Order, dated December 6, 2006.

43. Attached hereto as Exhibit 41 is a true and correct copy of a letter I sent to Mr. Khan and Mr. Nogues, dated March 9, 2009, giving notice of Mattel's *ex parte* application Motion to Show Cause re: MGA's Failure to Comply with Court Order.

44. In this case there have been more than 50 discovery Orders issued against MGA, in whole or in part, and its co-defendants, which includes Orders finding MGA to be in violation of prior Court Orders.

45. MGA and its related party-defendants refused to produce virtually any key witness in this litigation and forced Mattel to bring motion after motion to obtain the testimony of even indisputably relevant witnesses. These witnesses have include named defendant and MGA CEO Isaac Larian; named

defendant Carter Bryant; MGA executive and Bratz brand manager Paula Garcia (Treantafelles), named defendant and MGA executive Gustavo Machado; MGA manager Jorge Castilla; MGA contractor Veronica Marlow; and MGA contractor Margaret Hatch Leahy

46. MGA initially produced documents spanning a mere 10,000 bates numbers, a significant number of which were completely blank. This production was in response to relevant requests seeking information about "the origin of Bratz and Bryant's work for MGA"  What few documents MGA did produce were, in many cases, so heavily redacted that they were unintelligible. For instance, emails were redacted of all text save the "To," "From," and subject header designations. The production also omitted key documents about early work on the Bratz project and was designed to make it appear that work on Bratz did not begin until December 2000.

47. Since the lifting of the stay on Phase 2 discovery, MGA has answered no interrogatories and has not agreed to produce a single witness for deposition. MGA did not produce any documents for the first two months of Phase 2 discovery.

48. I have spent in excess of 6 hours preparing this motion. My billing rate for this matter is $605 per hour. My partner Michael Zeller spent in excess of 3 hours preparing this motion. Michael Zeller's billing rater for this matter is $820 per hour. Tenaya Rodewald, a third-year associate, and Robert Dart, a fifth-year associate, each spent well in excess of 10 hours researching and preparing this motion. The associates' billing rates for this matter are $365 per hour and $390 per hour, respectively. Mattel seeks sanctions in the amount of $7,000, far less than the fees incurred in preparing this motion.

1 | I declare under penalty of perjury under the laws of the United States that
2 | the foregoing is true and correct.
3 |     Executed on March 10, 2009 at Los Angeles, California.

/s/ Scott L. Watson
Scott L. Watson

07975/2825090.2

-8-

DECLARATION OF SCOTT L. WATSON