# Exhibit 1

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2    John B. Quinn (Bar No. 090378)
     johnquinn@quinnemanuel.com
3    Michael T. Zeller (Bar No. 196417)
     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
     Timothy L. Alger (Bar No. 160303)
5    (timalger@quinnemanuel.com)
6  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Mattel, Inc.

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11               EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |
| 13         Plaintiff, | Consolidated with Case Nos. CV 04-9059 and CV 05-2727 |
| 14      vs. | |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES |
| 16 | |
| 17         Defendant. | [Amended Only to Delete Former Interrogatory No. 45] |
| 18  AND CONSOLIDATED ACTIONS | Discovery Cut-off: January 14, 2008 |
| 19 | Pre-trial Conference: April 7, 2008 Trial Date: April 29, 2008 |
| 20 | Discovery Cutoff: March 3, 2008 |
| 21 | Final Pretrial Conf.: June 2, 2008 Trial Date: July 1, 2008 |
| 22 | |

23  PROPOUNDING PARTY:      Mattel, Inc.

24  RESPONDING PARTIES:     MGA Entertainment, Inc., Isaac Larian, Carter

25                          Bryant, MGA Entertainment (HK) Limited, MGAE

26                          de Mexico S.R.L. de C.V., and Carlos Gustavo

27                          Machado Gomez

28  SET NO.:                FOUR

EXHIBIT __1__

PAGE __8__

07209/2254170.1

10-23

1    Pursuant to <u>Federal Rule of Civil Procedure</u> 33, plaintiff Mattel, Inc.
2    ("Mattel") hereby requests that MGA Entertainment, Inc., Isaac Larian, Carter
3    Bryant, MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. de C.V., and
4    Carlos Gustavo Machado Gomez (collectively, "the Responding Parties")
5    individually answer the following Interrogatories separately and fully, in writing and
6    under oath, within 30 days after service hereof.  The Responding Parties shall be
7    obligated to supplement their responses to the Interrogatories at such times and to
8    the extent required by the <u>Federal Rules of Civil Procedure</u>.
9
10                              **Definitions**
11        1.    "YOU" and "YOUR" mean each of the Responding Parties.
12        2.    "BRYANT" means Carter Bryant individually.
13        3.    "LARIAN" means Isaac Larian individually.
14        4.    "MGA" means MGA Entertainment, Inc., any of its current or
15   former employees, officers, directors, agents, representatives, attorneys, experts,
16   divisions, AFFILIATES, predecessors-in-interest and successors-in-interest, and any
17   other PERSON acting on its behalf, pursuant to its authority or subject to its control.
18   Without limiting the foregoing, "MGA" includes the entities known as ABC
19   International Traders or ABC International Traders, Inc.  For purposes of the these
20   Interrogatories, "MGA" does not include BRYANT.
21        5.    "MATTEL" means Mattel, Inc., its current employees, officers,
22   directors, agents, representatives, attorneys, parents, subsidiaries, divisions,
23   AFFILIATES, predecessors-in-interest and successors-in-interest, and any other
24   PERSON acting on its behalf, pursuant to its authority or subject to its control.
25        6.    "AFFILIATES" means any and all corporations, proprietorships,
26   d/b/a's, partnerships, joint ventures and business entities of any kind that, directly or
27   indirectly, in whole or in part, own or control, are under common ownership or
28   control with, or are owned or controlled by a PERSON, party or entity, including

07209/2254170.1

-2-

MATTEL'S FOURTH SET OF INTERROGATORIES

**EXHIBIT** *1*

**PAGE** *9*

1  without limitation each parent, subsidiary and joint venture of such PERSON, party
2  or entity.

3         7.    "PERSON" or "PERSONS" means all natural persons,
4  partnerships, corporations, joint ventures and any kind of business, legal or public
5  entity or organization, as well as its, his or her agents, representatives, employees,
6  officers and directors and any one else acting on its, his or her behalf, pursuant to
7  its, his or her authority or subject to its, his or her control.

8         8.    "DESIGN" or "DESIGNS" means any and all representations,
9  whether two-dimensional or three-dimensional, and whether in tangible, digital,
10  electronic or other form, including but not limited to all works, designs, artwork,
11  sketches, drawings, illustrations, representations, depictions, blueprints, schematics,
12  diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to
13  practice, developments, inventions and/or improvements, as well as all other items,
14  things and DOCUMENTS in which any of the foregoing are or have been
15  expressed, embodied, contained, fixed or reflected in any manner, whether in whole
16  or in part.

17         9.    "BRATZ" means any project, product, doll or DESIGN ever
18  known by that name (whether in whole or in part and regardless of what such
19  project, product or doll is or has been also, previously or subsequently called) and
20  any product, doll or DESIGN or any portion thereof that is now or has ever been
21  known as, or sold or marketed under, the name or term "Bratz" (whether in whole or
22  in part and regardless of what such product, doll or DESIGN or portion thereof is or
23  has been also, previously or subsequently called) or that is now or has ever been
24  sold or marketed as part of the "Bratz" line, and each version or iteration of such
25  product, doll or DESIGN or any portion thereof. As used herein, "product, doll or
26  DESIGN or any portion thereof" also includes without limitation any names,
27  fashions, accessories, artwork, packaging or any other works, materials, matters or
28  items included or associated therewith. Without limiting the generality of the

-3-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT

PAGE _____ 10

1  foregoing, and contrary to MGA's recent assertions in connection with other Mattel

2  discovery requests, the term "BRATZ" does not and shall not require that there be a

3  doll existing at the time of the event, incident or occurrence that is the subject of, or

4  otherwise relevant or responsive to, the Interrogatories.

5          10.    "SOLD," "SELL" or "SALE" means to distribute, market,

6  license, sell, offer to sell, or convey or transfer in any way for compensation.

7          11.    "BRATZ DOLL" means any doll that is or has ever been SOLD

8  that REFERS OR RELATES TO BRATZ.

9          12.    "BRATZ PRODUCT" means any product, whether two-

10  dimensional or three-dimensional, and whether in tangible, digital, electronic or

11  other form, that is or has ever been SOLD that, in whole or in part, REFERS OR

12  RELATES TO BRATZ, including but not limited to any BRATZ DOLL, BRATZ

13  MOVIE, or BRATZ TELEVISION SHOW, and including but not limited to any

14  product that is or has ever been SOLD in any packaging that includes the name

15  "Bratz" or REFERS OR RELATES TO BRATZ.

16          13.    "BRATZ MOVIE" means any motion picture or film that is or

17  has ever been SOLD that REFERS OR RELATES TO BRATZ.

18          14.    "BRATZ TELEVISION SHOW" means any production

19  exhibited on television that is or has ever been SOLD that REFERS OR RELATES

20  TO BRATZ.

21          15.    "BASED ON" means substantially similar to, a copy of or a

22  derivative of.

23          16.    "DOCUMENT" or "DOCUMENTS" means all "writings" and

24  "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil

25  Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not

26  limited to, all writings and records of every type and description including, but not

27  limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles,

28  electronic mail ("e-mail"), records of telephone conversations, handwritten and

07209/2254170.1

-4-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT _____/_____

PAGE _____//_____

1    typewritten notes of any kind, statements, reports, minutes, recordings, transcripts
2    and summaries of meetings, voice recordings, pictures, photographs, drawings,
3    computer cards, tapes, discs, printouts and records of all types, studies, instruction
4    manuals, policy manuals and statements, books, pamphlets, invoices, canceled
5    checks and every other device or medium by which or through which information of
6    any type is transmitted, recorded or preserved.  Without any limitation on the
7    foregoing, the term "DOCUMENT" shall include all copies that differ in any respect
8    from the original or other versions of the DOCUMENT, including, but not limited
9    to, all drafts and all copies of such drafts or originals containing initials, comments,
10   notations, insertions, corrections, marginal notes, amendments or any other variation
11   of any kind.

12          17.    "REFER OR RELATE TO" a given subject matter means relate
13   to, refer to, constitute, contain, embody, depict, incorporate, reflect, evidence,
14   identify, state, deal with, comment on, respond to, describe, analyze, support, refute,
15   contradict, or in any way pertain to that subject matter, either directly or indirectly.

16          18.    "IDENTIFY" or "IDENTITY" means the following:

17          (a)    with reference to an individual or individuals, means to
18   state, fully and separately as to each, such individual's full name, any known
19   business title, current or last known business affiliation, current or last known
20   residential address, current or last known business address, current or last known
21   relationship to MGA, and current or last known telephone number.

22          (b)    with reference to an entity or entities, means to state, fully
23   and separately as to each, such entity's full name, state (or country) of incorporation
24   or organization, present or last known address, and present or last known telephone
25   number.

26          (c)    with reference to a BRATZ PRODUCT, means to state,
27   fully and separately as to each, the full name of the product; the number of the
28   product; the SKU of the product; any other applicable designation of the product

07209/2254170.1

-5-

EXHIBIT /

PAGE 12

1 | useful for identification; the period of time during which the product was, has been
2 | or will be SOLD; and the IDENTITY of each PERSON who has licensed from
3 | YOU the right to SELL such BRATZ PRODUCT.

4 |         (d)    with reference to any other DOCUMENT or
5 | DOCUMENTS, means to describe each DOCUMENT by Bates number. In the
6 | event that a DOCUMENT does not have a Bates number, IDENTIFY means, with
7 | respect to each such DOCUMENT, to provide a complete description of it such that
8 | it may be the subject of a request for the production of documents, including by
9 | stating the date, identity of the author, addressee(s), signatories, parties, or other
10 | PERSONS identified therein, its present location or custodian and a description of
11 | its contents.

12 |       19.   "Any" as used in these interrogatories includes the word "all,"
13 | and the word "all" as used in these interrogatories includes the word "any."

14 |       20.   The singular form of a noun or pronoun includes within its
15 | meaning the plural form of the noun or pronoun so used, and vice versa; the use of
16 | the masculine form of a pronoun also includes within its meaning the feminine form
17 | of the pronoun so used, and vice versa; the use of any tense of any verb includes
18 | also within its meaning all other tenses of the verb so used, whenever such
19 | construction results in a broader request for information; and "and" includes "or"
20 | and vice versa, whenever such construction results in a broader disclosure of
21 | documents or information.

22 |
23 |                     **Instructions**

24 |       A.   When an interrogatory requests that YOU provide information,
25 | YOU are required to supply all information known by or available to YOU or
26 | YOUR employees, officers, directors, agents, representatives, attorneys and experts.
27 | If YOU cannot completely answer the interrogatory after making diligent efforts to
28 | do so, please so state. Then describe in detail all efforts made to answer the

07209/2254170.1

-6-

1  interrogatory; identify every PERSON involved in such efforts; and state the

2  additional information YOU need, if any, to respond completely to the interrogatory.

3

4  **Interrogatories**

5

6  INTERROGATORY NO. 42:

7  State all facts that support YOUR contention, if YOU so contend, that

8  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

9  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

10  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

11

12  INTERROGATORY NO. 43:

13  For each concept, design, product, product packaging or other matter

14  that YOU contend MATTEL copied or infringed, including but not limited to those

15  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

16  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

17  Supplemental Responses to such Interrogatory), state the date that each such

18  concept, design, product, product packaging or other matter was conceived, and

19  IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER

20  OR RELATE TO, the foregoing.

21

22  INTERROGATORY NO. 44:

23  For each concept, design, product, product packaging or other matter

24  that YOU contend MATTEL copied or infringed, including but not limited to those

25  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

26  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

27  Supplemental Responses to such Interrogatory), state the date that each such

28  concept, design, product, product packaging or other matter was first fixed in any

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT _**1**_

PAGE _**16**_

1  tangible medium of expression (if ever), and IDENTIFY all PERSONS with

2  knowledge of, and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

3

4

5  DATED:  October 23, 2007          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP
6

7                                    By B. Dylan Proctor
8                                       B. Dylan Proctor
                                        Attorneys for Plaintiff
9                                       Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-8-

MATTEL'S FOURTH SET OF INTERROGATORIES

EXHIBIT 1

PAGE 15

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is Now Legal Service, 1301 W. 2nd Street, Suite 206, Los Angeles, CA 90026.

On October 23, 2007, I served true copies of the following document(s) described as

1. **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES [Amended Only to Delete Former Interrogatory No. 45]**

on the parties in this action as follows:

Thomas Nolan, Esq.
**SKADDEN ARPS SLATE MEAGHER & FLOM, LLP**
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Mark E. Overland, Esq.
David C. Scheper, Esq.
Alexander H. Cote
**OVERLAND BORENSTEIN SCHEPER & KIM LLP**
300 South Grand Avenue, Suite 2750
Los Angeles, CA 90071-3144

**BY PERSONAL SERVICE:** I delivered such envelope(s) by hand to the office of the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

_____
NOW LEGAL -- Dave Quintana

07209/2263102.1                                          -1-

EXHIBIT **1**

PAGE **16**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On October 23, 2007, I served true copies of the following document(s) described as

1.      **MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES**
        **[Amended Only to Delete Former Interrogatory No. 45]**

on the parties in this action as follows:

John W. Keker, Esq.
Michael H. Page, Esq.
Christina M. Anderson, Esq.
**KEKER & VAN NEST, LLP**
710 Sansome Street
San Francisco, CA 94111

**BY FEDEX:** I deposited such document(s) in a box or other facility regularly maintained by FedEx, or delivered such document(s) to a courier or driver authorized by FedEx to receive documents, in sealed envelope(s) or package(s) designated by FedEx with delivery fees paid or provided for, addressed to the person(s) being served.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 23, 2007, at Los Angeles, California.

Charlene Ho

07209/2241940.1                              -1-

**EXHIBIT** 1

**PAGE** 17

# Exhibit 2



1  THOMAS J. NOLAN (Bar No. 066992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:   (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:   tnolan@skadden.com
             hposner@skadden.com
5
   KENNETH A. PLEVAN (Admitted *Pro Hac Vice*)
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   4 Times Square
7  New York, NY  10036
   Telephone:   (212) 735-3000
8  Facsimile:   (212) 735-2000
   E-mail:   kplevan@skadden.com
9
   Attorneys for Counter-Defendants,
10 MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
   (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.
11
                    UNITED STATES DISTRICT COURT
12
                   CENTRAL DISTRICT OF CALIFORNIA
13
                          EASTERN DIVISION
14 CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                         )
15            Plaintiff,                  )  Consolidated with Case No. 04-9059
                                         )  and Case No. 05-2727
16       v.                               )
                                         )  **MGA ENTERTAINMENT,**
17 MATTEL, INC., a Delaware              )  **INC.'S OBJECTIONS AND**
   corporation                           )  **RESPONSES TO MATTEL**
18                                        )  **INC.'S AMENDED FOURTH**
              Defendant.                  )  **SET OF INTERROGATORIES**
19                                        )
                                         )
20                                        )
                                         )  Honorable Stephen G. Larson
21                                        )  Courtroom 1
                                         )
22 ─────────────────────────────────────
23
24
25
26
27
28
                              11-15
   MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIES NO. CV 04-9049 SGL (RNBx)

EXHIBIT  2
PAGE  18

| | |
|---|---|
| 1 | |
| 2 | Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. |
| 3 | |

Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC.     )
)
)
)
)

Discovery Cut-Off:  March 3, 2008

**PROPOUNDING PARTY:**     **MATTEL, INC.**

**RESPONDING PARTY:**      **MGA ENTERTAINMENT, INC.**

**SET NUMBER:**            **AMENDED FOURTH**

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

**EXHIBIT** 2

**PAGE** 19

**PRELIMINARY STATEMENT**

1

2          MGA hereby serves its objections to Mattel's Amended Fourth Set of

3   Interrogatories.  MGA is not yet in a position to serve its substantive responses to

4   Mattel's Amended Fourth Set of Interrogatories, in part due to Mattel's failure to

5   provide meaningful document, deposition and other discovery and also the transition

6   of MGA's representation from prior counsel of record to Skadden, Arps.  MGA

7   intends to supplement its objections with substantive responses to the

8   unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth

9   Set of Interrogatories as soon as it is in a position to do so and after it has concluded

10   meet and confer sessions with Mattel, including with respect to Mattel's outstanding

11   discovery obligations.

12          MGA hereby serves its objections to Mattel's Amended Fourth Set of

13   Interrogatories.  MGA is not yet in a position to serve its substantive responses to

14   Mattel's Amended Fourth Set of Interrogatories, in part due to the transition of

15   MGA's representation from prior counsel of record to Skadden, Arps and also due to

16   Mattel's failure to provide meaningful document, deposition and other discovery.

17   MGA intends to supplement its objections with substantive responses to the

18   unobjectionable portions of the interrogatories contained in Mattel's Amended Fourth

19   Set of Interrogatories as soon as it is in a position to do so.

20          The General Response set forth herein applies to all responses that

21   MGA is providing in response to these interrogatories (the "Interrogatories") or may

22   in the future provide in response to any discovery request in this action.  The

23   Response is made without waiving, or intending to waive but, on the contrary,

24   expressly reserving:  (a) the right to object, on the grounds of competency, privilege,

25   relevancy or materiality, or any other proper grounds, to the use of the Response, for

26   any purpose in whole or in part, in any subsequent step or proceeding in this action

27   or any other action; (b) the right to object on any and all grounds, at any time, to

28   other interrogatories or other discovery procedures; and (c) the right at any time to

EXHIBIT ____2____

PAGE ____20____

1   revise, correct, add to, or clarify any of the responses propounded herein.

2   The Response reflects only the present state of MGA's discovery
3   regarding the information that Mattel seeks.  Discovery and other investigation or
4   research concerning this litigation are continuing.  It is anticipated that further
5   discovery, independent investigation, and legal research and analysis will supply
6   additional facts and meaning to the known facts, as well as establish entirely new
7   factual conclusions, all of which may lead MGA to discover other information
8   responsive to these Interrogatories.  MGA therefore reserves the right to amend or
9   supplement this Response at any time in light of future investigation, research or
10  analysis, and also expressly reserves the right to rely on, at any time, including trial,
11  subsequently discovered information omitted from this Response as a result of
12  mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or
13  acquiesce in any factual or legal contention, assertion or characterization contained
14  in the Interrogatories or any particular request therein, even where MGA has not
15  otherwise objected to a particular interrogatory, or has agreed to provide information
16  responsive to a particular interrogatory.

17  No incidental or implied admissions are intended by this Response.
18  These responses should not be taken as an admission that MGA accepts or admits the
19  existence of any facts set forth or assumed by any instruction, definition or
20  interrogatory.

21  **GENERAL OBJECTIONS**

22  MGA responds to these Interrogatories subject to the following general
23  objections and limitations, each of which is incorporated into each and every
24  response as though fully set forth therein:

25  1.   MGA objects to these Interrogatories to the extent they seek
26  information that is not subject to disclosure under any applicable privilege, doctrine
27  or immunity, including without limitation the attorney-client privilege, the work
28  product doctrine, the right of privacy, and all other privileges recognized under the

2

EXHIBIT  2

PAGE  21

1  constitutional, statutory or decisional law of the United States of America, the State

2  of California or any other applicable jurisdiction. MGA shall not produce such

3  information in response to Mattel's interrogatories. Any disclosure of such protected

4  or privileged information is inadvertent and shall not be construed as a waiver of

5  those privileges or protections. MGA reserves the right to correct the record with

6  regard to any such inadvertent disclosure, as provided for in the Protective Order

7  governing this case.

8        2.    MGA objects to these Interrogatories to the extent they seek

9  information not relevant to the claims or defenses of any party to this action and not

10  reasonably calculated to lead to the discovery of admissible evidence.

11        3.    MGA objects to these Interrogatories to the extent they seek

12  information which by reason of public filing or otherwise is already in Mattel's

13  possession or is readily accessible to Mattel.

14        4.    MGA objects to these Interrogatories to the extent they seek the

15  disclosure of information (1) not within its possession, custody or control; (2) that

16  MGA cannot locate after a reasonably diligent search; or (3) that refer to persons,

17  entities, or events not known to MGA. Such instructions, definitions, or requests are

18  objectionable where they seek to require more of MGA than any obligation imposed

19  by the Federal Rules of Civil Procedure; subject MGA to unreasonable and undue

20  annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an

21  obligation to investigate or discover information or materials from sources equally

22  accessible to Mattel.

23        5.    MGA objects to these Interrogatories to the extent they are

24  overbroad and unduly burdensome.

25        6.    MGA objects to the definitions and instructions to the extent such

26  definitions and instructions purport to enlarge, expand, or alter in any way the plain

27  meaning and scope of any specific term or specific interrogatories on the ground that

28  such enlargement, expansion, or alteration renders such a term or request vague,

3

EXHIBIT __α__

PAGE __22__

1  ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

2           7.      MGA objects to the terms YOU, YOUR, BRYANT, LARIAN,

3  MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,

4  BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ

5  MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE

6  TO on the grounds that these terms render the interrogatories overbroad, unduly

7  burdensome, vague and ambiguous and to the extent that they could be read to call

8  for legal conclusions in responding to the interrogatories, including, by way of

9  example and without limitation, as follows:

10          (a)     MGA objects to the definition of the term "BRATZ"

11  (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and

12  designed to mislead and confuse the trier of fact.  The definition includes "any

13  project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole

14  or in part and regardless of what such project, product or doll is or has been also,

15  previously or subsequently called) and any product, doll or DESIGN or any portion

16  thereof that is now or has ever been known as, or sold or marketed under, the name

17  or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

18  or DESIGN or portion thereof is or has been also, previously or subsequently called)

19  or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

20  version or iteration of such product, doll or DESIGN or any portion thereof," and it

21  goes on.  By incorporating the definition of DESIGN, the overly broad definition of

22  BRATZ includes two-dimensional and three-dimensional representations, including

23  "works, designs, artwork, sketches, drawings, illustrations, representations,

24  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

25  samples, rotocasts, reductions to practice, developments, inventions and/or

26  improvements . . . ."  (Definitions ¶ 8.)  These convoluted and multi-part definitions

27  combine to render the interrogatories vague, ambiguous and overly broad, and to

28  include within the term BRATZ things that do not fairly represent the Bratz line of

1  dolls, accessories and related products that are the subject of this case.  In responding

2  to these interrogatories, MGA will interpret the term BRATZ to mean the line of

3  dolls introduced by MGA to the market for sale in May or June of 2001 and

4  subsequent dolls, accessories and other products known as Bratz or associated by

5  MGA with the Bratz line of dolls;

6        (b)    MGA objects to the definition of the term "BRATZ

7  DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

8  burdensome, and designed to mislead and confuse the trier of fact.  The definition

9  includes any doll that "REFERS OR RELATES TO BRATZ."  Mattel's definition of

10  the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

11  "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,

12  what dolls may "deal with, comment on, respond to, . . . or pertain" (Definitions ¶

13  17) to "BRATZ."  In responding to these interrogatories, MGA will interpret the

14  term "BRATZ DOLL" to mean the line of dolls introduced by MGA to the market

15  for sale in May or June of 2001 and subsequent dolls known as Bratz;

16        (c)    MGA objects to the definition of the term "BASED ON" as

17  vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

18  and confuse the trier of fact.  The definition strays far from the English meaning of

19  "based on" by including terms loaded with legal significance in intellectual property

20  law, such as "substantially similar to," or "a derivative of."  In responding to these

21  interrogatories, MGA will not interpret the term "BASED ON," but rather will

22  respond using "based on" in its normal accepted meaning.

23        (d)    MGA objects to the terms "IDENTIFY" or "IDENTITY"

24  as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's

25  definition of these terms inherently call for answers to multiple discrete questions or

26  subparts to questions.  For example, when those terms are used to reference any

27  BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct

28  facts: (a) the full name of the product; (b) the number of the product; (c) the SKU of

EXHIBIT _____ 2

PAGE _24_

1  the number; (d) any other applicable designation of the product useful for
2  identification; (e) the period of time during which the product was, has been, or will
3  be sold; and (f) the identity of each person who has licensed from YOU the right to
4  sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or
5  incorporates the terms IDENTIFY or IDENTITY are necessarily compound and
6  should be posed as separate interrogatories.

7              (e)      MGA objects to the term "any" and "REFER OR RELATE
8  TO" on the grounds and to the extent that they are overbroad, unduly burdensome,
9  and/or are vague and ambiguous in the context of the interrogatories as written and
10  as those interrogatories would be plainly understood absent Mattel's definitions.

11          8.      MGA objects to these interrogatories to the extent that they may
12  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not
13  been completed and MGA is not yet necessarily in possession of all the facts and
14  documents upon which MGA intends to rely.  All of the responses submitted
15  herewith are tendered to Mattel with the reservation that the responses are submitted
16  without limiting the evidence on which MGA may rely to support the contentions
17  and defenses that MGA may assert at the trial of this action and to rebut or impeach
18  the contentions, assertions and evidence that Mattel may present.  MGA reserves the
19  right to supplement or amend these responses at a future date.

20          9.      MGA objects to each interrogatory to the extent that it seeks
21  information that will be the subject of expert witness testimony and that is therefore
22  premature.

23          10.     In responding to these interrogatories, MGA has not and will not
24  comply with any instructions or definitions that seek to impose requirements in
25  addition to those imposed by the Federal Rules of Civil Procedure and any applicable
26  local rule, any orders entered by the Court in this Action, or other applicable law.

27          11.     Consistent with Rule 33(d) of the Federal Rules of Civil
28  Procedure, MGA objects to providing responses to interrogatories that can be

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT __2__

PAGE __25__

1  derived from documents that have or will be produced (when requested in
2  compliance with Rule 26) and where the burden to derive such information is
3  substantially the same for Mattel as it is for MGA.

4         12.    MGA objects to each interrogatory to the extent that it seeks the
5  disclosure of confidential, proprietary, or trade-secret information.

6         13.    MGA objects to each interrogatory to the extent that it calls for a
7  legal conclusion.

8         14.    MGA objects to several of those interrogatories that appear to be
9  directed at other parties to the litigation and not to MGA, given the nature of the
10  claims asserted against MGA in this case.

11         15.    MGA reserves the right to object on any ground at any time to
12  such other or supplemental discovery requests as Mattel may propound involving or
13  relating to the same subject matter of these interrogatories.

14         16.    To the extent MGA responds to an interrogatory, it does so
15  without waiving or intending to waive but rather, on the contrary, preserving and
16  intending to preserve, its contention that anything Mr. Bryant did on weekends,
17  evenings, vacation and any other time outside ordinary business hours was not done
18  while he was working for Mattel.  MGA's response may not be taken as an admission
19  that the information it provides in its response in any way reflects or evidences work
20  performed by Mr. Bryant while he was working for Mattel or that MGA adopts or
21  agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's
22  interrogatory.

23         17.    MGA objects to each of Mattel's interrogatories because Mattel
24  has propounded more than 50 interrogatories, including discrete subparts.  Under
25  Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each
26  side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

27         18.    MGA's responses are made based on its understanding and
28  interpretation of each interrogatory.  MGA reserves the right to supplement its

EXHIBIT

PAGE 26

1  objections and responses should Mattel subsequently put forth an interpretation of
2  any interrogatory that differs from those of MGA.

3  **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

4  Without waiving or departing from its General Response and General
5  Objections, and specifically incorporating them in its response to each Interrogatory
6  below, MGA makes the following additional objections and responses to specific
7  Interrogatories:

8  **INTERROGATORY NO. 42:**

9  State all facts that support YOUR contention, if YOU so contend, that
10  any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT
11  on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of
12  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

13  **RESPONSE TO INTERROGATORY NO. 42:**

14  MGA incorporates by reference its General Response and General
15  Objections above, as though fully set forth herein and specifically incorporates
16  General Objection No. 7 (regarding Definitions), including without limitation
17  MGA's objection to the definition of the terms BASED ON, BRATZ DOLLS,
18  BRATZ, DESIGN, IDENTIFY and REFER OR RELATE TO, and further objects to
19  this interrogatory on the ground that it is overbroad, unduly burdensome, vague and
20  ambiguous.

21  MGA also objects to this interrogatory to the extent it seeks information
22  that is not subject to disclosure under any applicable privilege, doctrine or immunity,
23  including without limitation the attorney-client privilege, the work product doctrine,
24  the right of privacy, and all other privileges recognized under the constitutional,
25  statutory or decisional law of the United States of America, the State of California or
26  any other applicable jurisdiction.  MGA objects to this interrogatory to the extent it
27  calls for a legal conclusion.

28  MGA further objects to this interrogatory on the ground that it is

8

EXHIBIT __2__

PAGE __27__

1  premature because the invention, creation, conception, or reduction to practice of

2  Bratz (and other legal concepts that may be relevant) will be the subject of expert

3  testimony at trial.  MGA objects to this interrogatory to the extent it seeks to limit the

4  expert testimony that MGA may seek to introduce at trial.  MGA will identify its

5  experts and make related disclosures in accordance with the Court's orders and

6  applicable rules.

7         MGA further objects to this interrogatory on the grounds that it seeks

8  information that is not relevant to the claims or defenses of any party to the action

9  and is not reasonably calculated to lead to the discovery of admissible evidence

10  because the INVENTIONS AGREEMENT executed by Carter Bryant in or around

11  January 1999, purports to state that any inventions conceived or reduced to practice

12  by him during his employment with Mattel would be owned by Mattel.  The

13  references to the conception and reduction to practice of an invention are terms of art

14  in patent law.  Accordingly, copyright law principles of substantial similarity,

15  copying, and derivative works are not relevant to the INVENTIONS AGREEMENT

16  which, by its terms, involves only principles of patent law.

17         MGA further objects that on the ground that this interrogatory is an

18  overbroad and unduly burdensome contention interrogatory to the extent it asks for

19  "all facts" which supports the denial of a statement or allegation.  *See e.g., Safeco of*

20  *Am. v. Rawstron*, 181 F.R.D. 441, 447-48 (C.D. Cal. 1998) (rejecting discovery

21  requests seeking "all facts, documents, and witnesses that support the denial of a

22  statement or allegation of fact" because the "universe of potentially responsive

23  information is almost endless").

24         MGA further objects to the extent that this interrogatory seeks

25  information that is outside MGA's knowledge and is not in MGA's possession,

26  custody, or control.  In particular, MGA objects to this interrogatory to the extent

27  that it requests that MGA "state *all* facts ... and IDENTIFY *all* PERSONS...and *all*

28  DOCUMENTS" (emphasis added).

9

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT ___2___

PAGE ___28___

1    MGA further objects to this interrogatory because Mattel has

2  propounded more than 50 interrogatories.  Under Judge Larson's order of February

3  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

4  04049-SGL and CV 05-02727]."

5  **INTERROGATORY NO. 43:**

6    For each concept, design, product, product packaging or other matter

7  that YOU contend MATTEL copied or infringed, including but not limited to those

8  identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

9  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

10  Supplemental Responses to such Interrogatory), state the date that each such concept,

11  design, product, product packaging or other matter was conceived, and IDENTIFY

12  all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

13  TO, the foregoing.

14  **RESPONSE TO INTERROGATORY NO. 43:**

15    MGA incorporates by reference its General Response and General

16  Objections above, as though fully set forth herein and specifically incorporates

17  General Objection No. 7 (regarding Definitions), including without limitation its

18  objections to the terms IDENTIFY and REFER OR RELATE.

19    MGA also objects to this interrogatory to the extent it seeks information

20  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

21  including without limitation the attorney-client privilege, the work product doctrine,

22  the right of privacy, and all other privileges recognized under the constitutional,

23  statutory or decisional law of the United States of America, the State of California or

24  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

25  extent it calls for a legal conclusion.

26    MGA also objects to this interrogatory on the ground that it is premature

27  because the invention, creation, conception, or reduction to practice of Bratz (and

28  related issues) will be the subject of expert testimony at trial.  MGA objects to this

10

EXHIBIT _____

PAGE _____

1  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
2  to introduce at trial.  MGA will identify its experts and make related disclosures in
3  accordance with the Court's orders and applicable rules.

4          MGA further objects to this interrogatory to the extent that it seeks
5  information that is not relevant to the claims or defenses of any party to this action
6  and is not reasonably calculated to lead to the discovery of admissible evidence; the
7  term "conceived" is not a legal term of art that is relevant to MGA's affirmative
8  claims for false designation of origin, affiliation, association or sponsorship, unfair
9  competition, dilution, and unjust enrichment.

10         MGA further objects to the extent that this interrogatory seeks
11 information that is outside MGA's knowledge and is not in MGA's possession,
12 custody, or control.  In particular, MGA objects to this interrogatory to the extent
13 that it requests that MGA "IDENTIFY *all* PERSONS...and *all* DOCUMENTS"
14 (emphasis added).

15         MGA further objects to this interrogatory because Mattel has
16 propounded more than 50 interrogatories.  Under Judge Larson's order of February
17 22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
18 04049-SGL and CV 05-02727]."

19         Subject to and without waiving the foregoing objections, MGA
20 responds as follows:  MGA is willing to meet and confer with Mattel regarding this
21 interrogatory and the obligation of Mattel to supplement its responses to MGA's First
22 Set of Interrogatories.

23 **INTERROGATORY NO. 44:**

24         For each concept, design, product, product packaging or other matter
25 that YOU contend MATTEL copied or infringed, including but not limited to those
26 identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re
27 Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
28 Supplemental Responses to such Interrogatory), state the date that each such concept,

EXHIBIT __2__

PAGE __30__

1 | design, product, product packaging or other matter was first fixed in any tangible
2 | medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,
3 | and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

4 | **RESPONSE TO INTERROGATORY NO. 44:**

5 |     MGA incorporates by reference its General Response and General
6 | Objections above, as though fully set forth herein and specifically incorporates
7 | General Objection No. 7 (regarding Definitions), including without limitation its
8 | objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to
9 | this interrogatory to the extent it seeks information that is not subject to disclosure
10 | under any applicable privilege, doctrine or immunity, including without limitation
11 | the attorney-client privilege, the work product doctrine, the right of privacy, and all
12 | other privileges recognized under the constitutional, statutory or decisional law of
13 | the United States of America, the State of California or any other applicable
14 | jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a
15 | legal conclusion.

16 |     MGA also objects to this interrogatory on the ground that it is premature
17 | because the invention, creation, conception, or reduction to practice of Bratz (and
18 | related issues) will be the subject of expert testimony at trial.  MGA objects to this
19 | interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
20 | to introduce at trial.  MGA will identify its experts and make related disclosures in
21 | accordance with the Court's orders and applicable rules.

22 |     MGA further objects to this interrogatory to the extent that it seeks
23 | information that is not relevant to the claims or defenses of any party to this action
24 | and not reasonably calculated to lead to the discovery of admissible evidence
25 | because the phrase "fixed in a tangible medium of expression" is a legal term of art
26 | that does not have relevance to MGA's affirmative claims, which are for false
27 | designation of origin, affiliation, association or sponsorship, unfair competition,
28 | dilution, and unjust enrichment.

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049 SGL (RNBx)

EXHIBIT __2__

PAGE __31__

1         MGA further objects to the extent that this interrogatory seeks

2  information that is outside MGA's knowledge and is not in MGA's possession,

3  custody, or control.  In particular, MGA objects to this interrogatory to the extent

4  that it requests that MGA "IDENTIFY all PERSONS…and all DOCUMENTS"

5  (emphasis added).

6         MGA further objects to this interrogatory because Mattel has

7  propounded more than 50 interrogatories.  Under Judge Larson's order of February

8  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

9  04049-SGL and CV 05-02727]."

10         Subject to and without waiving the foregoing objections, MGA

11  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

12  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

13  Set of Interrogatories.

14         AS TO OBJECTIONS ONLY:

15

16  DATED:  November 15, 2007

17

18                     SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

19                     By: _____

20                         Thomas J. Nolan

21                     Attorneys for Counter-Defendants, MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

22

23

24

25

26

27

28

13

MGA'S RESPONSES TO MATTEL INC.'S AMENDED FOURTH SET OF INTERROGATORIESNO. CV 04-9049-SGL (RNBx)
201550-San Francisco Server 1A - MSW

EXHIBIT ___2___

PAGE ___32___

# Exhibit 3



THOMAS J. NOLAN (Bar No. 066992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue
Los Angeles, CA  90071-3144
Telephone:  (213) 687-5000
Facsimile:  (213) 687-5600
E-mail:      tnolan@skadden.com

RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, CA  94111
Telephone: (415) 984-6400
Facsimile:  (415) 984-2698
E-mail:      rkennedy@skadden.com

Attorneys for Counter-Defendants,
MGA ENTERTAINMENT, INC., ISAAC LARIAN, MGA ENTERTAINMENT
(HK) LIMITED, AND MGAE de MEXICO S.R.L. de C.V.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. 04-9059 and Case No. 05-2727 |
| v. | |
| MATTEL, INC., a Delaware corporation | **MGA ENTERTAINMENT, INC.'S SUPPLEMENTAL RESPONSES TO MATTEL, INC.'S AMENDED FOURTH SET OF INTERROGATORIES** |
| Defendant. | |
| | Honorable Stephen G. Larson Courtroom 1 |
| Consolidated with MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | Discovery Cut-Off:  March 3, 2008 |

**PROPOUNDING PARTY:**   MATTEL, INC. ("MATTEL")

**RESPONDING PARTY:**   MGA ENTERTAINMENT, INC.

**SET NUMBER:**   AMENDED FOURTH

## PRELIMINARY STATEMENT

1
2           The General Response set forth herein applies to all responses that
3    MGA Entertainment, Inc. ("MGA") is providing in response to these interrogatories
4    (the "Interrogatories") or may in the future provide in response to any discovery
5    request in this action.  The Response is made without waiving, or intending to waive
6    but, on the contrary, expressly reserving:  (a) the right to object, on the grounds of
7    competency, privilege, relevancy or materiality, or any other proper grounds, to the
8    use of the Response, for any purpose in whole or in part, in any subsequent step or
9    proceeding in this action or any other action; (b) the right to object on any and all
10   grounds, at any time, to other interrogatories or other discovery procedures; and (c)
11   the right at any time to revise, correct, add to, or clarify any of the responses
12   propounded herein.
13           The Response reflects only the present state of MGA's discovery
14   regarding the information that Mattel seeks.  Discovery and other investigation or
15   research concerning this litigation are continuing.  It is anticipated that further
16   discovery, independent investigation, and legal research and analysis will supply
17   additional facts and meaning to the known facts, as well as establish entirely new
18   factual conclusions, all of which may lead MGA to discover other information
19   responsive to these Interrogatories.  MGA therefore reserves the right to amend or
20   supplement this Response at any time in light of future investigation, research or
21   analysis, and also expressly reserves the right to rely on, at any time, including trial,
22   subsequently discovered information omitted from this Response as a result of
23   mistake, error, oversight or inadvertence.  MGA does not hereby admit, adopt or
24   acquiesce in any factual or legal contention, assertion or characterization contained
25   in the Interrogatories or any particular request therein, even where MGA has not
26   otherwise objected to a particular interrogatory, or has agreed to provide information
27   responsive to a particular interrogatory.
28           No incidental or implied admissions are intended by this Response.

1

EXHIBIT __3__

PAGE __31__

1  These responses should not be taken as an admission that MGA accepts or admits the

2  existence of any facts set forth or assumed by any instruction, definition or

3  interrogatory.

### GENERAL OBJECTIONS

5        MGA responds to these Interrogatories subject to the following general

6  objections and limitations, each of which is incorporated into each and every

7  response as though fully set forth therein:

8        1.    MGA objects to these Interrogatories to the extent they seek

9  information that is not subject to disclosure under any applicable privilege, doctrine

10  or immunity, including without limitation the attorney-client privilege, the work

11  product doctrine, the right of privacy, and all other privileges recognized under the

12  constitutional, statutory or decisional law of the United States of America, the State

13  of California or any other applicable jurisdiction.  MGA shall not produce such

14  information in response to Mattel's interrogatories.  Any disclosure of such protected

15  or privileged information is inadvertent and shall not be construed as a waiver of

16  those privileges or protections.  MGA reserves the right to correct the record with

17  regard to any such inadvertent disclosure, as provided for in the Protective Order

18  governing this case.

19        2.    MGA objects to these Interrogatories to the extent they seek

20  information not relevant to the claims or defenses of any party to this action and not

21  reasonably calculated to lead to the discovery of admissible evidence.

22        3.    MGA objects to these Interrogatories to the extent they seek

23  information which by reason of public filing or otherwise is already in Mattel's

24  possession or is readily accessible to Mattel.

25        4.    MGA objects to these Interrogatories to the extent they seek the

26  disclosure of information (1) not within its possession, custody or control; (2) that

27  MGA cannot locate after a reasonably diligent search; or (3) that refer to persons,

28  entities, or events not known to MGA.  Such instructions, definitions, or requests are

1  objectionable where they seek to require more of MGA than any obligation imposed
2  by the Federal Rules of Civil Procedure; subject MGA to unreasonable and undue
3  annoyance, oppression, burden, and expense; and/or seek to impose upon MGA an
4  obligation to investigate or discover information or materials from sources equally
5  accessible to Mattel.

6         5.     MGA objects to these Interrogatories to the extent they are
7  overbroad and unduly burdensome.

8         6.     MGA objects to the definitions and instructions to the extent such
9  definitions and instructions purport to enlarge, expand, or alter in any way the plain
10 meaning and scope of any specific term or specific interrogatories on the ground that
11 such enlargement, expansion, or alteration renders such a term or request vague,
12 ambiguous, unintelligible, overly broad, unduly burdensome, and/or uncertain.

13        7.     MGA objects to the terms YOU, YOUR, BRYANT, LARIAN,
14 MGA, MATTEL, AFFILIATES, PERSON, PERSONS, DESIGN, DESIGNS,
15 BRATZ, SOLD, SELL, SALE, BRATZ DOLL, BRATZ PRODUCT, BRATZ
16 MOVIE, BRATZ TELEVISION SHOW, BASED ON, and REFER OR RELATE
17 TO on the grounds that these terms render the interrogatories overbroad, unduly
18 burdensome, vague and ambiguous and to the extent that they could be read to call
19 for legal conclusions in responding to the interrogatories, including, by way of
20 example and without limitation, as follows:

21             (a)     MGA objects to the definition of the term "BRATZ"
22 (Definitions ¶ 9) as vague, ambiguous, overly broad and unduly burdensome, and
23 designed to mislead and confuse the trier of fact. The definition includes "any
24 project, product, doll or DESIGN ever known by [the Bratz] name (whether in whole
25 or in part and regardless of what such project, product or doll is or has been also,
26 previously or subsequently called) and any product, doll or DESIGN or any portion
27 thereof that is now or has ever been known as, or sold or marketed under, the name
28 or term 'Bratz' (whether in whole or in part and regardless of what such product, doll

3

EXHIBIT ___3___

PAGE ___36___

1    or DESIGN or portion thereof is or has been also, previously or subsequently called)

2    or that is now or has ever been sold or marketed as part of the 'Bratz' line, and each

3    version or iteration of such product, doll or DESIGN or any portion thereof," and it

4    goes on. By incorporating the definition of DESIGN, the overly broad definition of

5    BRATZ includes two-dimensional and three-dimensional representations, including

6    "works, designs, artwork, sketches, drawings, illustrations, representations,

7    depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models,

8    samples, rotocasts, reductions to practice, developments, inventions and/or

9    improvements . . . ." (Definitions ¶ 8.) These convoluted and multi-part definitions

10    combine to render the interrogatories vague, ambiguous and overly broad, and to

11    include within the term BRATZ things that do not fairly represent the Bratz line of

12    dolls, accessories and related products that are the subject of this case. In responding

13    to these interrogatories, MGA will interpret the term BRATZ to mean the line of

14    dolls introduced by MGA to the market for sale in May or June of 2001 and

15    subsequent dolls, accessories and other products known as Bratz or associated by

16    MGA with the Bratz line of dolls;

17           (b)    MGA objects to the definition of the term "BRATZ

18    DOLL" (Definitions ¶ 12) as vague, ambiguous, overly broad and unduly

19    burdensome, and designed to mislead and confuse the trier of fact. The definition

20    includes any doll that "REFERS OR RELATES TO BRATZ." Mattel's definition of

21    the terms "BRATZ" and "REFERS OR RELATES" renders the definition of

22    "BRATZ DOLL" unintelligible because MGA cannot know, by way of example,

23    what dolls may "deal with, comment on, respond to, . . . or pertain" (Definitions ¶

24    17) to "BRATZ." In responding to these interrogatories, MGA will interpret the

25    term "BRATZ DOLL" to mean the line of dolls introduced by MGA to the market

26    for sale in May or June of 2001 and subsequent dolls known as Bratz;

27           (c)    MGA objects to the definition of the term "BASED ON" as

28    vague, ambiguous, overly broad and unduly burdensome, and designed to mislead

4

EXHIBIT ___3___

PAGE ___37___

1  and confuse the trier of fact.  The definition strays far from the English meaning of

2  "based on" by including terms loaded with legal significance in intellectual property

3  law, such as "substantially similar to," or "a derivative of."  In responding to these

4  interrogatories, MGA will not interpret the term "BASED ON," but rather will

5  respond using "based on" in its normal accepted meaning.

6         (d)    MGA objects to the terms "IDENTIFY" or "IDENTITY"

7  as overbroad, unduly burdensome, vague, ambiguous, and oppressive.  Mattel's

8  definition of these terms inherently call for answers to multiple discrete questions or

9  subparts to questions.  For example, when those terms are used to reference any

10  BRATZ PRODUCT, the use of those terms requests at least 6 different and distinct

11  facts: (a) the full name of the product; (b) the number of the product; (c) the SKU of

12  the number; (d) any other applicable designation of the product useful for

13  identification; (e) the period of time during which the product was, has been, or will

14  be sold; and (f) the identity of each person who has licensed from YOU the right to

15  sell such BRATZ PRODUCT.  Therefore, any interrogatory that includes or

16  incorporates the terms IDENTIFY or IDENTITY are necessarily compound and

17  should be posed as separate interrogatories.

18         (e)    MGA objects to the term "any" and "REFER OR RELATE

19  TO" on the grounds and to the extent that they are overbroad, unduly burdensome,

20  and/or are vague and ambiguous in the context of the interrogatories as written and

21  as those interrogatories would be plainly understood absent Mattel's definitions.

22         8.    MGA objects to these interrogatories to the extent that they may

23  unfairly seek to restrict the facts on which MGA may rely at trial.  Discovery has not

24  been completed and MGA is not yet necessarily in possession of all the facts and

25  documents upon which MGA intends to rely.  All of the responses submitted

26  herewith are tendered to Mattel with the reservation that the responses are submitted

27  without limiting the evidence on which MGA may rely to support the contentions

28  and defenses that MGA may assert at the trial of this action and to rebut or impeach

EXHIBIT  3

PAGE  38

1  the contentions, assertions and evidence that Mattel may present. MGA reserves the
2  right to supplement or amend these responses at a future date.

3      9.  MGA objects to each interrogatory to the extent that it seeks
4  information that will be the subject of expert witness testimony and that is therefore
5  premature.

6      10.  In responding to these interrogatories, MGA has not and will not
7  comply with any instructions or definitions that seek to impose requirements in
8  addition to those imposed by the Federal Rules of Civil Procedure and any applicable
9  local rule, any orders entered by the Court in this Action, or other applicable law.

10      11.  Consistent with Rule 33(d) of the Federal Rules of Civil
11  Procedure, MGA objects to providing responses to interrogatories that can be
12  derived from documents that have or will be produced (when requested in
13  compliance with Rule 26) and where the burden to derive such information is
14  substantially the same for Mattel as it is for MGA.

15      12.  MGA objects to each interrogatory to the extent that it seeks the
16  disclosure of confidential, proprietary, or trade-secret information.

17      13.  MGA objects to each interrogatory to the extent that it calls for a
18  legal conclusion.

19      14.  MGA objects to several of those interrogatories that appear to be
20  directed at other parties to the litigation and not to MGA, given the nature of the
21  claims asserted against MGA in this case.

22      15.  MGA reserves the right to object on any ground at any time to
23  such other or supplemental discovery requests as Mattel may propound involving or
24  relating to the same subject matter of these interrogatories.

25      16.  To the extent MGA responds to an interrogatory, it does so
26  without waiving or intending to waive but rather, on the contrary, preserving and
27  intending to preserve, its contention that anything Mr. Bryant did on weekends,
28  evenings, vacation and any other time outside ordinary business hours was not done

6

EXHIBIT 3

PAGE 39

1   while he was working for Mattel.  MGA's response may not be taken as an admission

2   that the information it provides in its response in any way reflects or evidences work

3   performed by Mr. Bryant while he was working for Mattel or that MGA adopts or

4   agrees with any fact or legal conclusion assumed, presumed or contained in Mattel's

5   interrogatory.

6         17.    MGA objects to each of Mattel's interrogatories because Mattel

7   has propounded more than 50 interrogatories, including discrete subparts.  Under

8   Judge Larson's order of February 22, 2007, "Interrogatories are limited to 50 for each

9   side for both [Case Nos. CV 04-04049-SGL and CV 05-02727]."

10         18.    MGA's responses are made based on its understanding and

11   interpretation of each interrogatory.  MGA reserves the right to supplement its

12   objections and responses should Mattel subsequently put forth an interpretation of

13   any interrogatory that differs from those of MGA.

14   **OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES**

15         Without waiving or departing from its General Response and General

16   Objections, and specifically incorporating them in its response to each Interrogatory

17   below, MGA makes the following additional objections and responses to specific

18   Interrogatories:

19   **INTERROGATORY NO. 42:**

20         State all facts that support YOUR contention, if YOU so contend, that

21   any BRATZ DOLLS are not BASED ON BRATZ DESIGNS created by BRYANT

22   on or before October 19, 2000, and IDENTIFY all PERSONS with knowledge of

23   such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

24   **RESPONSE TO INTERROGATORY NO. 42:**

25         MGA incorporates by reference its General Response and General

26   Objections above, as though fully set forth herein and specifically incorporates

27   General Objection No. 7 (regarding Definitions), including without limitation

28   MGA's objection to the definition of the terms BASED ON, BRATZ DOLLS,

7

EXHIBIT ___3___

PAGE ___40___

1   of expert disclosures and will be provided at a later time.

2   With respect to any design relating to the Bratz concept that Carter

3   Bryant may have contributed after October 4, 2000 and before October 21, 2000, i.e.,

4   during a period that he was performing such services for MGA pursuant to a

5   freelance contract, MGA notes that any such design would have incorporated the

6   original and/or creative input of other artists working for or on behalf of MGA on the

7   Bratz concept, which was owned by MGA as a consequence of the October 4, 2000

8   transfer of rights from Bryant to MGA.  In addition, the first generation of Bratz

9   dolls, and all subsequent Bratz dolls, are not substantially similar to, derivative of,

10   and/or a copy of any work performed or created by Carter Bryant from October 4-

11   October 20, 2000.

12   The following persons have knowledge of said facts: Isaac Larian;

13   Carter Bryant; Margaret Leahy; Veronica Marlow; Anna Rhee; Mercedeh Ward;

14   Sarah Halpern; Paula Treantafelles (Garcia); Steve Tarmichael; Rebecca Harris;

15   Cecilia Kwok; David Dees; Jesse Ramirez; and Samuel Wong.

16   The following documents may be relevant to these facts:  all

17   DOCUMENTS that refer to or evidence the work performed by MGA employees

18   and freelancers toward the reduction to practice of the first generation of Bratz dolls

19   during the period after October 20, 2000 through June 1, 2001, including but not

20   limited to: Carter Bryant's drawings; the Bratz dolls; My Scene dolls;

21   DOCUMENTS evidencing the development of the first generation of Bratz dolls by

22   employees and freelance artists working for MGA; and invoices submitted by

23   freelancers for work performed on the Bratz Project.  The documents evidencing this

24   work are too numerous to identify individually.

25   **INTERROGATORY NO. 43:**

26   For each concept, design, product, product packaging or other matter

27   that YOU contend MATTEL copied or infringed, including but not limited to those

28   identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

12

EXHIBIT ___3___

PAGE ___41___

1  Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any
2  Supplemental Responses to such Interrogatory), state the date that each such concept,
3  design, product, product packaging or other matter was conceived, and IDENTIFY
4  all PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE
5  TO, the foregoing.

6  **RESPONSE TO INTERROGATORY NO. 43:**

7        MGA incorporates by reference its General Response and General
8  Objections above, as though fully set forth herein and specifically incorporates
9  General Objection No. 7 (regarding Definitions), including without limitation its
10 objections to the terms IDENTIFY and REFER OR RELATE.

11       MGA also objects to this interrogatory to the extent it seeks information
12 that is not subject to disclosure under any applicable privilege, doctrine or immunity,
13 including without limitation the attorney-client privilege, the work product doctrine,
14 the right of privacy, and all other privileges recognized under the constitutional,
15 statutory or decisional law of the United States of America, the State of California or
16 any other applicable jurisdiction.  MGA further objects to the interrogatory to the
17 extent it calls for a legal conclusion.

18       MGA also objects to this interrogatory on the ground that it is premature
19 because the invention, creation, conception, or reduction to practice of Bratz (and
20 related issues) will be the subject of expert testimony at trial.  MGA objects to this
21 interrogatory to the extent it seeks to limit the expert testimony that MGA may seek
22 to introduce at trial.  MGA will identify its experts and make related disclosures in
23 accordance with the Court's orders and applicable rules.

24       MGA further objects to this interrogatory to the extent that it seeks
25 information that is not relevant to the claims or defenses of any party to this action
26 and is not reasonably calculated to lead to the discovery of admissible evidence; the
27 term "conceived" is not a legal term of art that is relevant to MGA's affirmative
28 claims for false designation of origin, affiliation, association or sponsorship, unfair

13

EXHIBIT ___3___

PAGE ___41___

1  competition, dilution, and unjust enrichment.

2         MGA further objects to the extent that this interrogatory seeks

3  information that is outside MGA's knowledge and is not in MGA's possession,

4  custody, or control.  In particular, MGA objects to this interrogatory to the extent

5  that it requests that MGA "IDENTIFY *all* PERSONS…and *all* DOCUMENTS"

6  (emphasis added).

7         MGA further objects to this interrogatory because Mattel has

8  propounded more than 50 interrogatories.  Under Judge Larson's order of February

9  22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-

10  04049-SGL and CV 05-02727]."

11         Subject to and without waiving the foregoing objections, MGA

12  responds as follows:  MGA is willing to meet and confer with Mattel regarding this

13  interrogatory and the obligation of Mattel to supplement its responses to MGA's First

14  Set of Interrogatories.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 43:**

16         MGA incorporates by reference its General Response and General

17  Objections above, as though fully set forth herein and specifically incorporates

18  General Objection No. 7 (regarding Definitions), including without limitation its

19  objections to the terms IDENTIFY and REFER OR RELATE.

20         MGA also objects to this interrogatory to the extent it seeks information

21  that is not subject to disclosure under any applicable privilege, doctrine or immunity,

22  including without limitation the attorney-client privilege, the work product doctrine,

23  the right of privacy, and all other privileges recognized under the constitutional,

24  statutory or decisional law of the United States of America, the State of California or

25  any other applicable jurisdiction.  MGA further objects to the interrogatory to the

26  extent it calls for a legal conclusion.

27         MGA also objects to this interrogatory on the ground that it is premature

28  because the invention, creation, conception, or reduction to practice of Bratz (and

14

EXHIBIT ___3___

PAGE ___43___

1  related issues) will be the subject of expert testimony at trial.  MGA objects to this

2  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

3  to introduce at trial.  MGA will identify its experts and make related disclosures in

4  accordance with the Court's orders and applicable rules.

5          MGA further objects to this interrogatory to the extent that it seeks

6  information that is not relevant to the claims or defenses of any party to this action

7  and is not reasonably calculated to lead to the discovery of admissible evidence; the

8  term "conceived" is not a legal term of art that is relevant to MGA's affirmative

9  claims for false designation of origin, affiliation, association or sponsorship, unfair

10 competition, dilution, and unjust enrichment.

11          MGA further objects to the extent that this interrogatory seeks

12 information that is outside MGA's knowledge and is not in MGA's possession,

13 custody, or control.  In particular, MGA objects to this interrogatory to the extent

14 that it requests that MGA "IDENTIFY *all* PERSONS...and *all* DOCUMENTS"

15 (emphasis added).

16          Subject to and without waiving the foregoing objections, MGA

17 responds as follows:

18          MGA incorporates by reference its response to Interrogatory No. 3 of

19 Mattel's First Set of Interrogatories re Claims of Unfair Competition (including

20 supplemental responses thereto) as though fully set forth herein.  MGA notes that, in

21 general, at MGA, product development is completed 7-8 months before the first

22 invoice date, although that time period could be reduced in certain situations to 5-6

23 months.

24 **INTERROGATORY NO. 44:**

25          For each concept, design, product, product packaging or other matter

26 that YOU contend MATTEL copied or infringed, including but not limited to those

27 identified in MGA's Responses To Mattel, Inc.'s First Set Of Interrogatories Re

28 Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any

15

EXHIBIT __3__

PAGE __44__

1  Supplemental Responses to such Interrogatory), state the date that each such concept,

2  design, product, product packaging or other matter was first fixed in any tangible

3  medium of expression (if ever), and IDENTIFY all PERSONS with knowledge of,

4  and all DOCUMENTS that REFER OR RELATE TO, the foregoing.

5  **RESPONSE TO INTERROGATORY NO. 44:**

6         MGA incorporates by reference its General Response and General

7  Objections above, as though fully set forth herein and specifically incorporates

8  General Objection No. 7 (regarding Definitions), including without limitation its

9  objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to

10  this interrogatory to the extent it seeks information that is not subject to disclosure

11  under any applicable privilege, doctrine or immunity, including without limitation

12  the attorney-client privilege, the work product doctrine, the right of privacy, and all

13  other privileges recognized under the constitutional, statutory or decisional law of

14  the United States of America, the State of California or any other applicable

15  jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a

16  legal conclusion.

17         MGA also objects to this interrogatory on the ground that it is premature

18  because the invention, creation, conception, or reduction to practice of Bratz (and

19  related issues) will be the subject of expert testimony at trial.  MGA objects to this

20  interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

21  to introduce at trial.  MGA will identify its experts and make related disclosures in

22  accordance with the Court's orders and applicable rules.

23         MGA further objects to this interrogatory to the extent that it seeks

24  information that is not relevant to the claims or defenses of any party to this action

25  and not reasonably calculated to lead to the discovery of admissible evidence

26  because the phrase "fixed in a tangible medium of expression" is a legal term of art

27  that does not have relevance to MGA's affirmative claims, which are for false

28  designation of origin, affiliation, association or sponsorship, unfair competition,

EXHIBIT __3__

PAGE __45__

1   dilution, and unjust enrichment.

2          MGA further objects to the extent that this interrogatory seeks
3   information that is outside MGA's knowledge and is not in MGA's possession,
4   custody, or control.  In particular, MGA objects to this interrogatory to the extent
5   that it requests that MGA "IDENTIFY all PERSONS...and all DOCUMENTS"
6   (emphasis added).

7          MGA further objects to this interrogatory because Mattel has
8   propounded more than 50 interrogatories.  Under Judge Larson's order of February
9   22, 2007, "Interrogatories are limited to 50 for each side for both [Case Nos. CV 04-
10  04049-SGL and CV 05-02727]."

11         Subject to and without waiving the foregoing objections, MGA
12  responds as follows:  MGA is willing to meet and confer with Mattel regarding this
13  interrogatory and the obligation of Mattel to supplement its responses to MGA's First
14  Set of Interrogatories.

15  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 44:**

16         MGA incorporates by reference its General Response and General
17  Objections above, as though fully set forth herein and specifically incorporates
18  General Objection No. 7 (regarding Definitions), including without limitation its
19  objections to the terms IDENTIFY and REFER OR RELATE.  MGA also objects to
20  this interrogatory to the extent it seeks information that is not subject to disclosure
21  under any applicable privilege, doctrine or immunity, including without limitation
22  the attorney-client privilege, the work product doctrine, the right of privacy, and all
23  other privileges recognized under the constitutional, statutory or decisional law of
24  the United States of America, the State of California or any other applicable
25  jurisdiction.  MGA also objects to this interrogatory to the extent that it calls for a
26  legal conclusion.

27         MGA also objects to this interrogatory on the ground that it is premature
28  because the invention, creation, conception, or reduction to practice of Bratz (and

17

EXHIBIT ___C3___

PAGE ___46___

1   related issues) will be the subject of expert testimony at trial.  MGA objects to this

2   interrogatory to the extent it seeks to limit the expert testimony that MGA may seek

3   to introduce at trial.  MGA will identify its experts and make related disclosures in

4   accordance with the Court's orders and applicable rules.

5           MGA further objects to this interrogatory to the extent that it seeks

6   information that is not relevant to the claims or defenses of any party to this action

7   and not reasonably calculated to lead to the discovery of admissible evidence

8   because the phrase "fixed in a tangible medium of expression" is a legal term of art

9   that does not have relevance to MGA's affirmative claims, which are for false

10  designation of origin, affiliation, association or sponsorship, unfair competition,

11  dilution, and unjust enrichment.

12          MGA further objects to the extent that this interrogatory seeks

13  information that is outside MGA's knowledge and is not in MGA's possession,

14  custody, or control.  In particular, MGA objects to this interrogatory to the extent

15  that it requests that MGA "IDENTIFY all PERSONS...and all DOCUMENTS"

16  (emphasis added).

17          Subject to and without waiving the foregoing objections, MGA

18  responds as follows:

19

20

21

22

23

24

25

26

27

28

18

MGA'S SUPPL. RESPONSES TO MATTEL INC.'S AMENDED 4TH SET OF ROGS          NO. CV 04-9049 SGL (RNBx)

EXHIBIT ___3___

PAGE ___47___

1    MGA incorporates by reference its responses to Interrogatory No. 3 of

2  Mattel's First Set of Interrogatories re Claims of Unfair Competition (including

3  supplemental responses thereto) and Interrogatory No. 43 (including supplemental

4  responses thereto) as though fully set forth herein.

5  DATED:  November 30, 2007

6

7                                            SKADDEN, ARPS, SLATE, MEAGHER &
                                             FLOM LLP

8
                                             By: _____
9                                                       Thomas J. Nolan
                                             Attorneys for Counter-Defendants, MGA
10                                           ENTERTAINMENT, INC., ISAAC LARIAN,
                                             MGA ENTERTAINMENT (HK) LTD., and
11                                           MGAE de MEXICO S.R.L.de C.V.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___3___

PAGE ___48___

# Exhibit 4

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| vs. | **DISCOVERY MATTER** |
| MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order Of December 6, 2006]** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | MATTEL, INC.'S NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO INTERROGATORIES (NOS. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 46, 47, 48, 49 AND 50) BY THE MGA PARTIES; AND |
| | MEMORANDUM OF POINTS AND AUTHORITIES |
| | [Declaration of B. Dylan Proctor and Separate Statement filed concurrently] |

Hearing Date:      TBD
Time:              TBD
Place:             TBD

Phase 1:
Discovery Cut-off:       January 28, 2008
Pre-trial Conference:    May 5, 2008
Trial Date:              May 27, 2008

07209/2326618.5

EXHIBIT __48__

PAGE __49__

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that at a hearing before Discovery Master
3  Hon. Edward Infante (Ret.) that will occur on a date and at a time and place to be
4  determined by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,
5  move the Court to (1) overrule the objections of MGA Entertainment, Inc., MGA
6  Hong Kong, MGAE de Mexico S.R.L. de C.V. and Isaac Larian (collectively
7  "MGA") in their responses to Mattel's Revised Third, Amended Fourth, Fifth and
8  Seventh Sets of Interrogatories, and (2) compel those parties to answer completely
9  Interrogatory Nos. 27-44 and 46-50.

10  This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 26,
11  33(b)(5) and 37(a) on the grounds that Mattel's Interrogatories seek discoverable
12  information and MGA's objections lack merit.

13  This Motion is based on this Notice of Motion and Motion, the
14  accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan
15  Proctor and Separate Statement filed concurrently, the records and files of this
16  Court, and all other matters of which the Court may take judicial notice.

17  **Statement of Rule 37-1 Compliance**

18  The parties met and conferred regarding MGA's Responses to Mattel's
19  Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of Interrogatories on
20  December 10, 2007 and at times thereafter.

21

22  DATED: December 20, 2007  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

23

24  By _B. Dylan Proctor /hm_
25  B. Dylan Proctor
    Attorneys for Plaintiff
26

27

28

07209/2326618.5

-2-

Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

EXHIBIT 45

PAGE 50

1

# TABLE OF CONTENTS

2
                                                                                    **Page**
3

4    MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

5    PRELIMINARY STATEMENT ................................................................................. 1

6    BACKGROUND ...................................................................................................... 4

7    ARGUMENT ............................................................................................................ 9

8    I.    MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS
           INTERROGATORIES ........................................................................................ 9
9
     II.   MGA'S OBJECTIONS SHOULD BE OVERRULED ................................. 10
10
           A.    MGA's Boilerplate Objections Lack Merit ............................................ 10
11
           B.    MGA's Objections to Interrogatories Requesting "All Facts" ............. 12
12
     III.  MGA SHOULD BE COMPELLED TO PROVIDE COMPLETE
13         RESPONSES TO MATTEL'S INTERROGATORIES ................................. 18

14         A.    Mattel's Interrogatories About The Identity Of Bratz Inventions ........ 18

15         B.    Mattel's Interrogatory About The Identity Of Former Mattel
                 Employees Hired By MGA .................................................................... 22
16
           C.    Mattel's Interrogatories Seeking Dates On Which The Products
17               MGA Alleges Were Copied or Infringed Originated ............................ 23

18         D.    Mattel's Interrogatories About The Trade Dress MGA Claims
                 Mattel Products Infringe ...................................................................... 24
19
           E.    Mattel's Interrogatory About The Identity of MGA's Bank
20               Accounts ................................................................................................ 25

21         F.    Mattel's Contention Interrogatories ...................................................... 29

22         G.    Mattel's Interrogatories About MGA's Searches For Documents
                 And Storage Devices Containing Evidence Of Early Work On
23               Bratz ...................................................................................................... 32

24         H.    Mattel's Interrogatory Regarding MGA's Substitution of Counsel ...... 36

25   CONCLUSION ........................................................................................................ 39
26

27

28

EXHIBIT ___4___

PAGE ___51___

1           **TABLE OF AUTHORITIES**

2                                                   **Page**

3

4                                  **Cases**

5  *Adams v. Murakami,*
   54 Cal. 3d 105 (1991)........................................................................ 27

6  *Ameriwood Industries v. Liberman,*
7    2006 WL. 3825291 (E.D. Mo. 2006) ................................................ 34

8  *Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,*
   1995 WL. 625953 (D. Kan. 1995)..................................................... 14

9  *Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,*
10    2006 WL. 3253636 (N.D. Ill. 2006)........................................... 13, 18

11  *Bessier v. Precise Tool & Eng'g Co., Inc.,*
   778 F. Supp. 1509 (W.D. Mo. 1991)................................................ 27

12  *Blowers v. Lawyers Co-op. Pub. Co.,*
13    1982 WL. 221 (W.D.N.Y. 1982)...................................................... 38

14  *Britton v. Car Toys, Inc.,*
   2007 WL. 1395290 (D. Colo. 2007) ................................................ 27

15  *Chapman v. California Dept. of Education,*
16    2002 WL. 32854376 (N.D. Cal. 2002)....................................... 14, 17

17  *Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,*
   1989 WL. 92038 (E.D.N.Y. 1989).................................................... 11

18  *Dang v. Cross,*
19    2002 WL. 432197 (C.D. Cal. 2002) ................................................. 13

20  *Gaeta v. Perrigo Pharmaceuticals Co.,*
   2007 WL. 3343043 (N.D. Cal. 2007)............................................... 17

21  *Garcia v. City of El Centro,*
22    214 F.R.D. 587 (S.D. Cal. 2003).................................................... 37

23  *George v. Siemens Indus. Automation, Inc.,*
   182 F.R.D. 134 (D.N.J. 1998) .......................................................... 38

24  *In re Grand Jury Investigation,*
25    974 F.2d 1068 (9th Cir. 2002)......................................................... 37

26  *Josephs v. Harris Corp.,*
   677 F.2d 985 (3d Cir. 1982) ................................................. 14, 17, 21

27  *King v. E.F. Hutton & Co.,*
28    117 F.R.D. 2 (D.D.C. 1987) ............................................................. 11

EXHIBIT 4

PAGE 62

1    King v. Georgia Power Co.,
        50 F.R.D. 134 (N.D. Ga. 1970)................................................ 15
2
    Lawrence v. First Kansas Bank & Trust, Co.,
3        169 F.R.D. 657 (D. Kan. 1996).............................................. 14

4    Miller v. National School of Health Technology,
        73 F.R.D. 628 (E.D. Pa. 1977)......................................... 10, 18
5
    Mitchell v. National R.R. Passenger Corp.,
6        208 F.R.D. 455 (D.D.C. 2002)............................................... 11

7    Morgan v. Woessner,
        997 F.2d 1244 (9th Cir. 1993)............................................... 26
8
    Nagele v. Electronic Data Systems Corp.,
9        193 F.R.D. 94 (W.D.N.Y. 2000)............................................ 10

10   North Dakota Fair Housing Council, Inc. v. Allen,
        298 F. Supp. 2d 897 (D.N.D. 2004)...................................... 27
11
    Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,
12       120 F.R.D. 504 (W.D. La. 1988)........................................... 37

13   Oakes,
        179 F.R.D. at 286 .................................................................. 26
14
    Pension Ben. Guar. Corp v. Ziffer,
15       1994 WL. 11654 (N.D. Ill. 1994)......................................... 14

16   Playboy Enterprises, Inc. v. Welles,
        60 F. Supp. 2d 1050 (S.D. Cal. 1999).................................. 34
17
    Ramirez v. Nicholson,
18       2007 WL. 2990283 (S.D. Cal. 2007) ...................................... 9

19   Roesberg v. Johns-Manville Corp.,
        85 F.R.D. 292 (E.D. Pa. 1980)..................................... 10, 21, 35
20
    Safeco of Am. v. Rawstron,
21       181 F.R.D. 441 (C.D. Cal. 1998) ...................................... 14, 16

22   Seff v. General Outdoor Advertising Co.,
        11 F.R.D. 597 (N.D. Ohio 1951)........................................... 15
23
    Simons Prop. Group L.P. v. Simon, Inc.,
24       194 F.R.D. 639 (S.D. Ind. 2000) .......................................... 34

25   Tennison v. San Francisco,
        226 F.R.D. 615 (N.D. Cal. 2005) .......................................... 13
26
    Thomas & Betts Corp. v. Panduit Corp.,
27       1996 WL. 169389 (N.D. Ill. 1996)........................................ 18

28

07209/2326618.5

EXHIBIT ___4___

PAGE ___53___

Trane Co. v. Klutznick,
  87 F.R.D. 473 (W.D. Wis. 1980) ............................................................ 9, 18

Twigg v. Pilgrim's Pride Corp.,
  2007 WL. 676208 (N.D. W. Va. 2007) ........................................................ 13

U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
  2000 WL. 307470 (C.D. Cal. 2000) ............................................................ 26

Upjohn Co. v. United States,
  449 U.S. 383 (1981) .................................................................................. 37

Walker v. Lakewood Condominium Owners Ass'n,
  186 F.R.D. 584 (C.D. Cal. 1999) ...................................................... 14, 17, 21

Williams v. The Art Inst. of Atl.,
  2006 WL. 3694649 (N.D. Ga. 2006) ........................................................... 13

Wilson v. Thompson/Center Arms Co.,
  2006 WL. 3524250 (E.D. La. 2006) ........................................................... 13

Wright v. Touhy,
  2003 WL. 22439864 (N.D. Ill. 2003) .......................................................... 15

Zapata v. IBP, Inc.,
  1997 WL. 122588 (D. Kan. 1997) .............................................................. 13

**Statutes**

Fed. R. Civ. P. 26(b)(1) ................................................................ 9, 15, 33

Fed. R. Civ. P. 30(b)(6) ............................................................ 27, 28, 29

Fed. R. Civ. P. 33 ................................................................................ 9

Fed. R. Civ. P. 33(a)(2) ..................................................................... 11

Fed. R. Civ. P. 33(b)(4) ..................................................................... 10

Fed. R. Civ. P. 34(a) .......................................................................... 33

Fed. R. Civ. P. 69(a) ..................................................................... 27, 28

**Other Authorities**

8A Wright & Miller, supra, § 2174 ....................................................... 21

California Rule of Professional Conduct 3-700(c) ..................................... 38

Fed. Prac. Guide: Civ. Proc. Before Trial, § 11:1734 (Rutter's Group 2007) ...... 11

Federal Practice & Procedure: Federal Rules of Civil Procedure § 2174 .......... 15

EXHIBIT ___4___

PAGE ___54___



Wright & Miller, Federal Practice & Procedure, § 2023, at 194 (1970)....................37

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2326618.5

EXHIBIT 4
PAGE 55

1
2                    ## MEMORANDUM OF POINTS AND AUTHORITIES
3
4                              ### Preliminary Statement
5              The responses of the MGA Parties to Mattel's Revised Third, Amended
6    Fourth, Fifth and Seventh Sets of Interrogatories are woefully deficient.  Though
7    MGA provides partial answers for most interrogatories, all the responses are
8    significantly limited.  Among other things, MGA has confirmed that each of these
9    partial responses merely lays out the "basic facts" on which it intends to rely, and no
10   details, and in many cases the responses are limited because MGA unilaterally
11   disregarded the definitions in Mattel's requests.  Although MGA has promised to
12   provided supplemental responses in several weeks, it refuses to commit to provide
13   complete responses, will not specify what interrogatories it intends to supplement,
14   and has made clear that it will not supplement its responses (or non-responses) to
15   many of Mattel's interrogatories.  MGA refuses to provide any response at all to
16   some of Mattel's interrogatories.  Accordingly, MGA's objections and limitations
17   should be overruled and it should be compelled to provide full and complete
18   responses to Mattel's interrogatories.[1]
19             The interrogatories at issue go to central issues in the case, primarily
20   MGA's contentions on key points in dispute.  In particular, the Interrogatories
21   cover:
22
23
24
     _____
25   [1]   Because the responses of MGA Entertainment, Inc., MGA Hong Kong,
26   MGAE de Mexico S.R.L. de C.V. and Isaac Larian are substantially similar in most
27   cases, they will be treated jointly except where it is necessary to distinguish their
     various responses.
28

EXHIBIT _____
PAGE _____ 56

1     •   MGA's contentions regarding which Bratz inventions were created
2 before, during and after Carter Bryant's Mattel employment;[2]

3     •   the identity of electronic storage devices MGA used prior to 2002 for
4 digital information related to Bratz;[3]

5     •   the identity of the sources of information from which MGA has
6 collected documents in this litigation which relate to Bratz and the time
7 period prior to February 28, 2001;[4]

8     •   the facts allegedly supporting MGA's contention that the Bratz dolls are
9 not based on designs Bryant created while employed by Mattel;[5]

10     •   MGA's contentions on central issues about Mattel's claims against
11 MGA, Bryant and others, including how Carter Bryant's Inventions
12 Agreement with Mattel and his assignment of rights to Bratz inventions to
13 MGA and services with or for MGA while employed by Mattel affect who
14 owns the rights to Bratz inventions, and the alleged basis for MGA's claims
15 that it purportedly acted with innocent intent;[6]

16     •   the identity of MGA's bank or financial accounts;[7]

17     •   the identity of former Mattel employees that have been employed by
18 MGA;[8]

19
20
21

---

22  [2]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-
23 10 (Nos. 27, 28, 29), Proctor Dec., Exh. 7.
   [3]  Id. at 13 (No. 40).
24  [4]  Id. at 9 (No. 47).
25  [5]  Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, at 7
(Nos. 42), Proctor Dec., Exh. 9.
26  [6]  Id. at 10-12 (Nos. 30-38).
27  [7]  Id. at 13 (No. 39).
28  [8]  Id. at 13 (No. 41).

EXHIBIT 4

PAGE 57

1      •    relevant, non-privileged facts concerning the dispute leading to the

2     withdrawal of MGA's prior counsel that relate to MGA's handling of

3     discovery in this case;[9]

4      •    the facts supporting key contentions relating to MGA's claims against

5     Mattel, including MGA's contentions that Mattel has copied, infringed or

6     diluted MGA's trade dress;[10] and

7      •    the relevant dates regarding the products MGA asserts Mattel has

8     copied or infringed;[11]

9       MGA has already conceded that Mattel is entitled to responses for most

10 of these interrogatories -- it has already provided a partial response to all but Nos.

11 39, 46 and 47. It has also promised to provide supplemental responses in January.

12 However, MGA refuses to provide full and complete answers to disclose in detail

13 the facts that support its various contentions; narrowly and artificially limits its

14 responses by ignoring Mattel's definitions; and refuses to identify the documents on

15 which it relies with any specificity. Those refusals are unfounded. Mattel's

16 interrogatories address MGA's own contentions on central issues relating to both

17 Mattel's claims and MGA's claims and other crucial matters. Fully responding to

18 Mattel's interrogatories will undoubtedly require some effort, but there is nothing

19 "undue" about that burden in this major, high stakes litigation. MGA's objections

20 should be overruled, and it should be compelled to provide complete responses to

21 Interrogatory Nos. 27-44 and 46-50.[12]

22

23    [9]    Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9 (No. 46),

24 Proctor Dec., Exh. 10.

25    [10]   Mattel's Seventh Set of Interrogatories, dated October 25, 2007, at 7
(Nos. 48-50), Proctor Dec., Exh. 12.

26    [11]   Id. at 7-8 (Nos. 43, 44).

27    [12]   As one of its many objections, MGA claims in its responses that Mattel has
purportedly exceeded the fifty interrogatory limit set by the Court. See, e.g., MGA

28 (footnote continued)

07209/2326618.5

EXHIBIT 4

PAGE 58

1
<u>**Background**</u>

2       <u>Mattel's Third Set of Interrogatories.</u>  On June 7, 2007, Mattel served

3   its Third Set of Interrogatories on four Defendants -- MGA Entertainment, Inc.

4   ("MGA"), MGA Entertainment (HK) Ltd. ("MGA Hong Kong"), Isaac Larian and

5   Carter Bryant -- asking each of them the same nineteen questions.[13]  Rather than

6   respond, each Defendant served only objections on July 9, 2007, and refused to

7   withdraw any of their boilerplate objections during the parties' meet and confer.[14]

8   Defendants then filed a motion for protective order, claiming that Mattel had

9   exceeded the fifty "per side" interrogatory limit established by the Court.[15]  On

10  July 17, 2007, Mattel moved to compel responses.[16]

11

12
_____

13  Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Fifth Set of

14  Interrogatories, dated November 19, 2007, at 8, Proctor Dec., Exh. 15. This

15  objection is clearly erroneous and directly contravenes the Discovery Master's
    September 5, 2007 Order, which provided that an interrogatory that asks a defendant

16  to "state all facts," "identify all persons with knowledge of such facts," and "identify
    all documents" counts as a single interrogatory. Order Granting Joint Motion for

17  Protective Order, dated September 5, 2007, at 5-7, Proctor Dec., Exh. 33. In any

18  case, during the meet and confer process, counsel for MGA represented to Mattel
    that MGA is *not* refusing to respond to any of Mattel's interrogatories based on this

19  objection. <u>See</u> Letter from B. Dylan Proctor to Timothy A. Miller, dated

20  December 13, 2007, at 1, Proctor Dec., Exh. 5. Based on that representation, Mattel
    does not address it further in this motion.

21      [13]   Mattel's Third Set of Interrogatories, dated June 7, 2007, Proctor Dec.,

22  Exh. 34.

23      [14]   MGA's Objections and Responses to Mattel's Third Set of Interrogatories,
    dated July 9, 2007, Proctor Dec., Exh. 35. The other Defendants' objections are

24  substantively similar to MGA's.

25      [15]   Defendants' Joint Motion for Protective Order Regarding Mattel's
    Interrogatories, dated July 10, 2007, Proctor Dec., Exh. 36.

26      [16]   Mattel's Motion to Compel Responses to Interrogatories (Third Set) By

27  MGA Entertainment, Inc., Isaac Larian, Carter Bryant and MGA Entertainment
    (HK) Ltd, dated July 17, 2007, Proctor Dec., Exh. 37.

28

EXHIBIT __4__

PAGE __59__

1    The Court's September 5, 2007 Order.  The Discovery Master ruled on

2  the parties' respective motions on September 5, 2007. The Court held that: (1) an

3  identical interrogatory served on several defendants is counted as only one

4  interrogatory;[17] (2) an interrogatory that asks a defendant to "state all facts,"

5  "identify all persons with knowledge of such facts," and "identify all documents" is

6  likewise counted as a single interrogatory;[18] and (3) an interrogatory "that covers

7  multiple claims, legal theories or other subjects" is counted as a separate

8  interrogatory for each such claim, theory or subject.[19]  Based on this final holding,

9  the Court concluded that Mattel had exceeded the fifty interrogatory limit because

10  its interrogatories seeking the bases for defendants' multitude of affirmative

11  defenses counted as multiple interrogatories.[20]  In so ruling, however, the Discovery

12  Master expressly granted Mattel leave to serve revised interrogatories consistent

13  with the Order.[21]

14    Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets

15  of Interrogatories.  Mattel served its Revised Third Set of Interrogatories on

16  defendants Carter Bryant, MGA, MGA Hong Kong, MGAE de Mexico S.R.L. de

17  C.V., Isaac Larian and Carlos Gustavo Machado Gomez on September 21, 2007,

18  asking each of them the same fifteen questions (Nos. 27-41).[22]  Consistent with the

19  September 5, 2007 Order, each of the interrogatories in Mattel's Revised Third Set

20

21    [17]  Order Granting Joint Motion for Protective Order, dated September 5, 2007,
22  at 4-5, Proctor Dec., Exh. 33.
      [18]  Id. at 5-7.
23    [19]  Id. at 7-8.
      [20]  Over defendant's objections, Judge Larson subsequently granted Mattel's
24  motion for leave to serve an interrogatory regarding defendants' affirmative
25  defenses.  See Court's Order, dated December 3, 2007, Proctor Dec., Exh. 38.
      [21]  Order Granting Joint Motion for Protective Order, dated September 5, 2007,
26  at 9, Proctor Dec., Exh. 33.

27

28

1   is addressed to a single issue or theory.[23]   Although some of these interrogatories

2   have not been before the Court previously, the Court has already reviewed a number

3   of them in Mattel's Third Set of Interrogatories.  For example, Interrogatory Nos. 12,

4   13 and 14 in Mattel's Third Set of Interrogatories are identical to Interrogatory Nos.

5   27, 28 and 29 in Mattel's Revised Third Set.

6          Mattel served its Fourth Set of Interrogatories on these same defendants

7   on October 12, 2007, propounding four additional interrogatories (Nos. 42-45).[24]

8   Mattel served an Amended Fourth Set on October 23, 2007, removing one

9   interrogatory (No. 45) and hence reducing the Fourth Set to three interrogatories

10   (Nos. 42-44).[25]   Mattel served its Fifth Set of Interrogatories on defendants on

11   October 19, 2007, asking two additional questions (Nos. 46-47).[26]  Mattel served its

12   Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to replace the

13   previous, withdrawn No. 45 from Mattel's Fourth Set, on October 23, 2007.[27]

14   Mattel served its Seventh Set, which consisted on Interrogatory Nos. 48, 49 and 50,

15   on October 25, 2007.[28]

16          MGA Parties' Responses and Objections to Mattel's Interrogatories.

17   The MGA Parties served Responses and Objections to Mattel's Revised Third and

18

19   [22]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
20   Proctor Dec., Exh. 7.
      [23]   Id.
21   [24]   Mattel's Fourth Set of Interrogatories, dated October 12, 2007, Proctor Dec.,
22   Exh. 8.
      [25]   Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007,
23   Proctor Dec., Exh. 9.
24   [26]   Mattel's Fifth Set of Interrogatories, dated October 19, 2007, Proctor Dec.,
      Exh. 10.
25   [27]   Mattel's Sixth Set of Interrogatories, dated October 23, 2007, Proctor Dec.,
26   Exh. 11.
      [28]   Mattel's Seventh Set of Interrogatories, dated October 25, 2007, Proctor Dec.,
27   Exh. 12.
28

EXHIBIT ___7___

PAGE ___61___

1   Amended Fourth Sets of Interrogatories on November 15, 2007.[29]   They served
2   Responses and Objections to Mattel's Fifth Set of Interrogatories on November 21,
3   2007, and Responses and Objections to Mattel's Sixth and Seventh Sets on
4   November 26, 2007.[30]   These responses were comprised almost entirely of
5   objections.   MGA served supplemental responses to Mattel's Revised Third,
6   Amended Fourth, and Seventh Sets of Interrogatories on November 30, 2007.[31]

7          For the most part, the answers of each of the MGA Parties are
8   substantially similar.  However, in several instances where MGA Entertainment,
9   Inc. provides a partial response, either MGA Entertainment (HK), MGAE de
10  Mexico S.R.L. de C.V. and/or Larian do not, asserting that the interrogatory
11  "appears directed at another party."[32]  In addition, although MGA Entertainment,
12  Inc. provided supplemental responses to Mattel's Seventh Set of Interrogatories,
13  MGA Entertainment (HK), MGAE de Mexico S.R.L. de C.V. and Larian did not.

14          <u>The Parties' Meet and Confers.</u>  On December 10 and 12, 2007, counsel
15  for Mattel and MGA met and conferred regarding the MGA parties' responses to

16  _____

17  [29]  MGA Entertainment, Inc.'s Objections and Responses to Mattel's Revised
18  Third Set of Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 13; MGA
    Entertainment, Inc.'s Objections and Responses to Mattel's Amended Fourth Set of
19  Interrogatories, dated November 15, 2007, Proctor Dec., Exh. 14.
20  [30]  MGA Entertainment, Inc.'s Objections and Responses to Mattel's Fifth Set of
    Interrogatories, dated November 21, 2007, Proctor Dec., Exh. 15; MGA .
21  Entertainment, Inc.'s Objections and Responses to Mattel's Sixth Set of
22  Interrogatories, dated November 26, 2007, Proctor Dec., Exh. 19.
    [31]  MGA's Supplemental Responses to Mattel, Inc.'s Revised Third Set of
23  Interrogatories, dated November 30, 2007, Proctor Dec., Exh. 21.; MGA's
    Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories,
24  dated November 30, 2007, Proctor Dec., Exh. 25.; MGA's Supplemental Responses
25  to Mattel, Inc.'s Seventh Set of Interrogatories, dated November 30, 2007, Proctor
26  Dec., Exh. 29.

27
28

1  Mattel's Revised Third, Amended Fourth, Fifth, Sixth and Seventh Sets of

2  Interrogatories. During these discussions, counsel for MGA confirmed that the

3  responses and supplemental responses MGA has provided to date merely lay out the

4  "basic facts," on which MGA intends to rely, without "details."[33] As to Mattel's

5  contention interrogatories, MGA explained that all the facts on which it intends to

6  rely are "encompassed" by the facts it has disclosed, but that MGA has not

7  articulated those facts.[34] Even a cursory review of MGA's responses makes this

8  clear as well, since even the longest of its actual responses remains brief. Mattel, on

9  the other hand, recently served a supplemental interrogatory response that was over

10  110 pages, providing appropriate detail about its contentions.[35]

11          MGA also confirmed that it has unilaterally limited many of its

12  responses by disregarding the definitions in Mattel's requests.[36] MGA appears to

13  have limited most of its responses through this tactic. Further, MGA confirmed that

14  it has not and will not identify documents with specificity for Mattel's requests that

15  call for an identification of documents.[37]

16          MGA offered to provide Mattel by January 7, 2007 with what it said

17  should be a "substantial supplement" to many of its responses.[38] However, MGA

18  would not specify which responses it intended to supplement and refused to commit

19

20      [32]  MGAE de Mexico S.R.L. de C.V.'s Supplemental Responses to Mattel, Inc.'s
21  Revised Third Set of Interrogatories, dated November 30, 2007, at 45, Proctor Dec.,
    Exh. 23.
22      [33]  Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec.,
23  Exh. 5.
        [34]  Id. at 1-2.
24      [35]  Proctor Dec., ¶ 40.
        [36]  Letter from Proctor to Miller, dated December 13, 2007, at 1-2, Proctor Dec.,
25  Exh. 5.
26      [37]  Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27  Exh. 5.
        [38]  Id.
28

1 | to provide a full and complete response not limited by objections to *any* of Mattel's
2 | interrogatories.[39] MGA also confirmed that it would not use Mattel's definitions in
3 | forming any supplemental responses and would not commit to fully respond in light
4 | of the meaning of those terms specified in the interrogatories. MGA also confirmed
5 | that its supplemental responses would not identify the documents it intends to rely
6 | on with specificity.[40]

7

8

**Argument**

9 | I.  **MATTEL IS ENTITLED TO COMPLETE RESPONSES TO ITS**
10 |     **INTERROGATORIES**

11 | MGA's responses to Mattel's Interrogatories are at odds with both the
12 | Federal Rules of Civil Procedure and pertinent case law. "The Federal Rules allow
13 | for broad discovery in civil actions: 'Parties may obtain discovery regarding any
14 | matter, not privileged, that is relevant to the claim or defense of any party. . . .
15 | Relevant information need not be admissible at trial if the discovery appears
16 | reasonably calculated to lead to the discovery of admissible evidence." Ramirez v.
17 | Nicholson, 2007 WL 2990283, at *2 (S.D. Cal. 2007) (quoting Fed. R. Civ. P.
18 | 26(b)(1)). Rule 26(b) is liberally interpreted to permit "wide-ranging discovery of
19 | information necessary for parties to evaluate and resolve their dispute." Ramirez,
20 | 2007 WL 2990283, at *2 (citing Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281,
21 | 283 (C.D. Cal. 1995)).

22 | Rule 33 allows a party to propound interrogatories, for which the
23 | responding party is required to furnish such information as is available to the party
24 | after conducting a reasonable inquiry. See Fed. R. Civ. P. 33. In responding to
25 | interrogatories, a party must give "full and complete" answers. See Trane Co. v.

26 | _____

27 | [39]  Id.

28

EXHIBIT ____4____

PAGE ___64___

1   Klutznick, 87 F.R.D. 473, 476 (W.D. Wis. 1980); see also Miller v. National School

2   of Health Technology, 73 F.R.D. 628, 632 (E.D. Pa. 1977) ("Answers must be

3   complete, explicit and responsive.").  "If a party cannot furnish details, he should

4   say so under oath, say why and set forth the efforts he used to obtain the

5   information." Miller, 73 F.R.D. at 632. To the extent a party objects, the burden is

6   on the objecting party to show why an interrogatory is improper.  See Roesberg v.

7   Johns-Manville Corp., 85 F.R.D. 292, 296-97 (E.D. Pa. 1980).

8   **II.    MGA'S OBJECTIONS SHOULD BE OVERRULED**

9       **A.    MGA's Boilerplate Objections Lack Merit**

10        As an initial matter, the Discovery Master should overrule MGA's

11  boilerplate objections.[41]  MGA asserts that most or all interrogatories are vague and

12  ambiguous, overbroad, unduly burdensome and oppressive, seek information not in

13  the possession, custody or control of MGA, seek information protected by the

14  attorney-client, work product or joint defense privileges, and call for a legal

15  conclusion.[42] None of the these objections has merit.

16        MGA's generic "overbroad," "unduly burdensome" and "oppressive"

17  objections lack merit, as demonstrated by its failure to specify how the questions are

18  overbroad, burdensome or oppressive.   The most MGA offers is that the

19  interrogatories "contain discrete subparts that require separate, distinct and multiple

20  responses."[43]  MGA's grounds for objecting to an interrogatory must be stated "with

21  specificity." Fed. R. Civ. P. 33(b)(4); Nagele v. Electronic Data Systems Corp., 193

22

23  ――――――――

   [40]   Id.

24     [41]   For the convenience of the Court, MGA's objections and responses have been

25  set forth verbatim in Mattel's Separate Statement, filed concurrently herewith.
   [42]   See e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel's

26  Revised Third Set of Interrogatories, dated November 30, 2007, Proctor Dec.,

27  Exh. 21.
   [43]   See e.g., id. at 11 (Objs. to No. 27).

28

EXHIBIT ___4___

PAGE ___65___

1   F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because
2   objecting party failed to particularize basis for objection).  Furthermore, where a
3   party asserts an "overbroad" objection, it still has to answer whatever part of the
4   question is proper and provide a *meaningful explanation* of its basis for its objection
5   to the balance.  See Schwarzer, Tashima & Wagstaffe, Fed. Prac. Guide: Civ. Proc.
6   Before Trial, § 11:1734 (Rutter's Group 2007) (citing Mitchell v. National R.R.
7   Passenger Corp., 208 F.R.D. 455, 458, n.4 (D.D.C. 2002)).  MGA has not met these
8   standards.   MGA's "burdensome," "overbroad," "oppressive" and vagueness
9   objections are boilerplate and should be overruled.

10             MGA also asserts various "privilege" and "legal conclusion" objections
11   to questions that clearly call for, at most, application of law to facts.[44]  All of these
12   objections should be overruled.  Most of the interrogatories at issue are contention
13   interrogatories.  Parties are required to answer interrogatories that ask them to state
14   their contentions about facts or the application of law to facts.  Fed. R. Civ. P.
15   33(a)(2).  Mattel is entitled to learn the facts in MGA's possession which MGA and
16   its counsel believe support its contentions.  Mattel is also entitled to learn which
17   documents relate to, and which persons are knowledgeable about, such facts.  The
18   law is clear that a party cannot avoid responding to interrogatories such as Mattel's
19   by claiming that they call for a legal conclusion or by invoking the attorney-client
20   privilege or the work product doctrine.  Convergent Business Systems, Inc. v.
21   Diamond Reporting, Inc., 1989 WL 92038, at *1 (E.D.N.Y. 1989) ("Seeking the
22   facts and documents which support a particular allegation in a complaint violates
23   neither the attorney-client or work product privileges."); King v. E.F. Hutton & Co.,

24

25   _____
     [44]   See e.g., id. at 53 (Objs. to No. 37) ("legal conclusion" objection to
26   interrogatory asking MGA to state facts supporting contention that Bryant did not
27   breach his Inventions Agreement with Mattel when he purported to transfer rights to
     Bratz to MGA).
28

EXHIBIT

PAGE  65

1  117 F.R.D. 2, 5 n.3 (D.D.C. 1987) (interrogatories seeking the factual specifics
2  which a party contends supports a contention do not implicate the attorney work
3  product doctrine: "If this elementary principle were not applicable, contention
4  interrogatories would not exist.  As the Advisory Committee Note reflects, as to
5  requests for even opinions or contentions that call for the application of law to fact,
6  they are permissible and can be most useful in narrowing and sharpening the issues,
7  which is the major purpose of discovery.").

8        Further, the Court has previously considered, and rejected, these same
9  arguments in connection with Mattel's requests for admission.  There, Bryant relied
10  on "legal conclusion" and "privilege" objections in refusing to comply with his
11  discovery obligations.[45]   The Discovery Master overruled Bryant's "legal
12  conclusion" objection, holding that the plain language of the Federal Rules and
13  relevant case law provided that "requests for admission calling for application of
14  law to facts are permissible."[46]  The Discovery Master concluded that Bryant's
15  "privilege" and "work product" objections were similarly without merit, as "[t]he
16  fact that Bryant may need to consult with counsel to respond to the requests does not
17  make the response privileged."[47]   The Court should similarly overrule these
18  objections here.

19    **B.    MGA's Objections to Interrogatories Requesting "All Facts"**

20        MGA intersperses a few other objections throughout his responses,
21  including that Mattel's interrogatories are purportedly improper because they
22  request "that MGA 'state *all* facts . . . and IDENTIFY *all* PERSONS . . . and *all*

23

24

25  [45]  See Order Granting Mattel's Motion to Compel Carter Bryant to Answer
     Requests for Admission or to Order Requests Admitted, dated August 20, 2007, at
26  6-7, Proctor Dec., Exh. 39.
27  [46]  Id. at 6.
     [47]  Id.
28

EXHIBIT ____4____

PAGE ____67____

1 DOCUMENTS.'"[48]  Relatedly, MGA objects to Mattel's purportedly "negative"
2 interrogatories because they ask "for 'every fact' which supports the denial of a
3 statement or allegation," and because Mattel "bears the burden of proof" on the
4 issues addressed by the interrogatories.[49] These objections also lack merit.

5 Interrogatories like those served by Mattel are commonly used to
6 elucidate facts regarding a party's contentions, and numerous courts have held them
7 proper. See, e.g., Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
8 2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer
9 interrogatories requesting "all supporting facts, documents, exhibits, testimony
10 and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226
11 F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that
12 requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL
13 432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that
14 interrogatories requesting "all facts" in support of a denial of a statement were not
15 unduly burdensome); Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12
16 (N.D. W. Va. 2007) (holding that interrogatory asking party to state "each fact" in
17 support of contention is proper); Wilson v. Thompson/Center Arms Co., 2006 WL
18 3524250, at *1 (E.D. La. 2006) (overruling vagueness and burden objections, and
19 compelling defendants to "fully respond" to interrogatories requesting "each fact,
20 exhibit and witness" in support of contentions); Williams v. The Art Inst. of Atl.,
21 2006 WL 3694649, at *7 (N.D. Ga. 2006) (granting plaintiff's motion to compel as
22 to interrogatories asking defendant to "[s]tate all facts that support defendant's
23 contentions"); Zapata v. IBP, Inc., 1997 WL 122588, at *1 (D. Kan. 1997) (ordering
24

25 [48] See e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel's
26 Revised Third Set of Interrogatories, dated November 30, 2007, at 11 (Objs. to
27 No. 27), Proctor Dec., Exh. 21.
   [49] See e.g., id. at 53 (Objs. to No. 37).
28

1  defendant to fully answer interrogatory asking for factual basis for each of
2  defendant's defenses, as well as all witnesses with knowledge of and all documents
3  relating to those facts); Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
4  1995 WL 625953, at *1 (D. Kan. 1995) (approving contention interrogatories
5  seeking "all facts" because "parties 'are entitled to know the factual basis' of the
6  claims, defenses, or denials of their opponents" and rejecting defendant's objection
7  that it could not answer interrogatories because it had not obtained sufficient
8  discovery from plaintiff, as a party "may not withhold discovery solely because it
9  has not obtained to its satisfaction other discovery"); Pension Ben. Guar. Corp v.
10 Ziffer, 1994 WL 11654, at *1 (N.D. Ill. 1994) (stating that interrogatories asking for
11 "all facts" supporting contentions "are appropriately made").

12          MGA relies in its objections on Safeco of Am. v. Rawstron, 181 F.R.D.
13 441, 447-48 (C.D. Cal. 1998), Lawrence v. First Kansas Bank & Trust, Co., 169
14 F.R.D. 657, 663-64 (D. Kan. 1996) and Grynberg v. Total S.A., No. 03-cv-01280-
15 WYD-BNB, 2006 WL 1186836, at *6 (D. Colo. May 3, 2006), but these authorities
16 do not undermine Mattel's interrogatories. Rather, they merely recognize that
17 interrogatories seeking all facts supporting the denial of an assertion may, in some
18 circumstances and in some cases, impose an undue burden.  See Chapman v.
19 California Dept. of Education, 2002 WL 32854376, at *2 (N.D. Cal. 2002) ("While
20 interrogatories that call for all facts, documents and witnesses may, in some
21 circumstances, place an unreasonable burden on the responding party ... an
22 interrogatory that requests 'all facts' in support of a refusal to admit specific
23 relevant facts is not burdensome and oppressive per se."). MGA has failed to make
24 a specific showing of burden here, and cannot do so. See, e.g., Josephs v. Harris
25 Corp., 677 F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the
26 interrogatory was 'overly broad, burdensome, oppressive and irrelevant' is not
27 adequate to voice a successful objection."); Walker v. Lakewood Condominium
28

1  Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized
2  objections are inadequate and tantamount to not making any objection at all.").

3          To determine whether an interrogatory imposes an "undue burden,"
4  courts have adopted a "proportionality approach that balances the burden on the
5  interrogated party against the benefit that having the information would provide to
6  the party submitting the interrogatory." 8A Wright & Miller, Federal Practice &
7  Procedure: Federal Rules of Civil Procedure § 2174; see also King v. Georgia Power
8  Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling defendant's objection that
9  interrogatory was burdensome and oppressive, even though preparation of answer
10 would be time-consuming and costly, because information was crucial to the issues
11 of the suit and in exclusive custody of defendant); Seff v. General Outdoor
12 Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio 1951) (overruling "overly
13 burdensome" objection because value of information to plaintiff clearly outweighed
14 any annoyance or expense involved in disclosure by defendant). Here, as discussed
15 in further detail below, the information sought by Mattel's interrogatories goes to
16 core issues in this case and is exclusively within MGA's possession. Mattel's need
17 to discover MGA's key contentions clearly outweighs any efforts MGA will be
18 required to undertake to disclose the information in his possession.

19         By MGA's reasoning, a defendant may refuse to disclose facts and
20 other information supporting his own contentions, even though such information is
21 indisputably available to him (and not to the plaintiff), either because he should only
22 have to state some of the facts he intends to rely on or because the plaintiff bears the
23 burden of proof. Such an approach would subvert the Rules and improperly permit
24 MGA to sandbag Mattel at trial. See Fed. R. Civ. P. 26(b)(1) (parties may "obtain
25 discovery regarding any nonprivileged matter that is relevant to *any party's* claim or
26 defense") (emphasis added); see also Wright v. Touhy, 2003 WL 22439864, at *4
27 (N.D. Ill. 2003) (the Federal Rules "are designed to promote liberal discovery in an
28 effort to narrow the issues for trial and to prevent unfair surprise"). Indeed, belying

EXHIBIT 4

PAGE 70

1  MGA's complaints here, defendants themselves have propounded interrogatories

2  seeking "all facts" upon Mattel.[50]

3          Moreover, the Court has previously rejected these objections.

4  Defendants argued precisely these points to Judge Larson when Mattel recently

5  sought leave to serve a supplemental interrogatory, beyond the fifty interrogatory

6  limit, regarding defendants' affirmative defenses. Defendants claimed that Safeco

7  disapproves Mattel's proposed form of interrogatory.[51] They claimed that some of

8  their affirmative defenses are "negatives," and that they should not have to state the

9  facts supporting such negative contentions where Mattel bears the burden of proof.[52]

10  They claimed courts disapprove interrogatories which seek all facts, witnesses and

11  documents, like Mattel's.[53]   Judge Larson rejected all of these assertions, and

12  ordered Defendants to answer -- "without objection" -- an interrogatory providing:

13          State the facts upon which YOU intend to rely at trial to support YOUR

14          affirmative defenses, and IDENTIFY all PERSONS with knowledge of

15          those facts and all DOCUMENTS that REFER OR RELATE TO those

16          facts.[54]

17  Just as Judge Larson did not deem it too arduous a task for Defendants to state the

18  facts supporting their affirmative defenses, the Court should compel MGA to state

19  the facts supporting the contentions at issue now as well.

20

21

22    [50]   See Defendant's First Set of Interrogatories Propounded on Plaintiff Mattel,
23  Inc., dated June 14, 2004, Proctor Dec., Exh. 55; MGA's Second Set of
      Interrogatories to Mattel, Inc. dated December 4, 2007, Proctor Dec., Exh. 56.
24    [51]   Defendants' Joint Opposition to Mattel's Motion for Leave to Serve a
25  Supplemental Interrogatory Regarding Defendants' Affirmative Defenses, dated
      November 19, 2007, at 8, Proctor Dec., Exh. 40.
26    [52]   Id.
      [53]   Id.
27    [54]   Court's Order, dated December 3, 2007, Proctor Dec., Exh. 38.
28

1   MGA objects that for many of the interrogatories, the documents Mattel asks
2   it to identify are "too numerous to identify individually without undue burden to
3   MGA."[55] The objection is groundless. It scarcely can be an undue burden for MGA
4   to specifically identify by Bates number the very documents it contends support its
5   own positions in this case. Nor can it be plausibly argued that because identifying
6   all such documents would be supposedly burdensome, MGA is free to refuse to
7   identify any of them.   Courts also frequently approve interrogatories seeking an
8   identification of documents and require that identification to be with specificity.
9   See Chapman v. California Dept. of Educ., 2002 WL 32854376, at *1-2 (N.D. Cal.
10  2002) (granting party leave to serve interrogatories that required responding party to
11  "identify. . .*with specificity* all documents and other tangible things that support your
12  response and state the name, address, and telephone number of the person who has
13  each document or thing") (emphasis added); Gaeta v. Perrigo Pharmaceuticals Co.,
14  2007 WL 3343043, at *6 (N.D. Cal. 2007) ("To the extent [a responding party] finds
15  that references to specific documents are responsive to [an] interrogatory, [the
16  responding party] shall set forth with specificity the relevant documents, records and
17  literature."). Furthermore, in any event, as MGA cannot make a specific showing of
18  burden, this objection cannot be sustained. See, e.g., Josephs v. Harris Corp., 677
19  F.2d 985, 992 (3d Cir. 1982) ("mere statement by a party that the interrogatory was
20  'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a
21  successful objection."); Walker v. Lakewood Condominium Owners Ass'n, 186
22  F.R.D. 584, 587 (C.D. Cal. 1999) ("Boilerplate, generalized objections are
23  inadequate and tantamount to not making any objection at all.").

24

25

26   [55]   See, e.g., MGA Entertainment, Inc.'s Supplemental Responses to Mattel,
27   Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at 38, Proctor
     Dec., Exh. 21.
28

EXHIBIT  4

PAGE  72

1  **III.    MGA SHOULD BE COMPELLED TO PROVIDE COMPLETE**
2          **RESPONSES TO MATTEL'S INTERROGATORIES**

3              To date, MGA has provided only partial answers to Interrogatory Nos.
4  27-38, 40-44, and 48-50, and no response to Nos. 39, 46 and 47. These responses
5  are clearly inadequate. In fact, MGA conceded as much when it offered to provide
6  Mattel with what it said would be a "substantial supplement" to many of its
7  responses on January 7, 2007.[56]  However, MGA (1) refused to specify which
8  interrogatories it would supplement, (2) refused to provide a full and complete
9  response to any of Mattel's interrogatories, (3) refused to identify documents with
10 specificity, and (4) made clear that it would not supplement its responses to some
11 interrogatories at all.[57]  Given the late stage of discovery, it is time for MGA "to
12 commit to a position and give factual specifics supporting" its claims and defenses.
13 Thomas & Betts Corp. v. Panduit Corp., 1996 WL 169389, at *2 (N.D. Ill. 1996);
14 see also Auto Meter Prods., 2006 WL 3253636, at *3 (N.D. Ill. 2006) ("At this late
15 stage of the case, the court agrees that it is time for [defendant] to fully and
16 completely answer [plaintiff's] interrogatories.").  The Court should overrule
17 MGA's objections and compel complete responses.  See Trane, 87 F.R.D. at 476
18 (party must give "full and complete" answers); Miller, 73 F.R.D. at 632 ("Answers
19 must be complete, explicit and responsive.").

20         A.    **Mattel's Interrogatories About The Identity Of Bratz Inventions**
21              Interrogatory Nos. 27, 28 and 29 request information relating to Bratz
22 inventions created during three key time periods -- (1) prior to January 4, 1999, (2)
23 after October 19, 2000 and before June 1, 2001, and (3) after January 3, 1999 and

24

25

26

27   [56]  Id. at 2.
28   [57]  Id. at 2.

EXHIBIT  4

PAGE  73

1    before October 21, 2000.[58]   Interrogatory No. 29 seeks an identification of the

2    inventions created during Bryant's Mattel employment.  Interrogatory Nos. 27 and

3    28 seek to discover which Bratz inventions MGA contends were created before or

4    shortly after Bryant's Mattel employment.  This information is plainly relevant and

5    discoverable.  MGA does not contend otherwise.[59]

6             Rather, MGA primarily objects to these interrogatories (in its

7    objections at least) on the grounds that they purportedly are "compound" because

8    they contain "discrete subparts that require separate, distinct and multiple

9    responses."[60]  Interrogatory Nos. 27, 28 and 29 provide:

10            **Interrogatory No. 27:**   IDENTIFY each and every
      BRATZ INVENTION YOU contend was CREATED, in
11    whole or in part, prior to January 4, 1999, and for each
      BRATZ INVENTION so identified state all facts that
12    support  YOUR  contention  that  such  BRATZ
      INVENTION (or aspects or portions thereof) was
13    CREATED prior to January 4, 1999, and IDENTIFY all
      PERSONS with knowledge of such facts and all
14    DOCUMENTS which REFER OR RELATE TO such
      facts.

15
      **Interrogatory No. 28:**   IDENTIFY each and every
16    BRATZ INVENTION YOU contend was CREATED, in
      whole or in part, after October 19, 2000 and before June 1,
17    2001, and for each BRATZ INVENTION so identified
      state all FACTS that support YOUR contention that such
18    BRATZ INVENTION (or aspects or portions thereof) was
      CREATED after October 19, 2000 and before June 1,
19    2001, and IDENTIFY all PERSONS with knowledge of
      such facts and all DOCUMENTS which REFER OR
20    RELATE TO such facts.

21            **Interrogatory No. 29:**   IDENTIFY each and every
      BRATZ INVENTION that was CREATED, in whole or in
22    part, after January 3, 1999 and before October 21, 2000,
      and for each BRATZ INVENTION so identified state all

23    _____

24    [58]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at

25    9-10, Proctor Dec., Exh. 7.
      [59]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel's Revised
26    Third Set of Interrogatories, dated November 30, 2007, at 8-25, Proctor Dec.,
      Exh. 21.
27    [60]  See, e.g., id. at 11.

28

EXHIBIT ____

PAGE ____

1   FACTS that REFER OR RELATE TO the timing of the
    creation of such BRATZ INVENTION and IDENTIFY all
2   PERSONS with knowledge of such facts and all
    DOCUMENTS which REFER OR RELATE TO such
3   facts.[61]

4   MGA points to specific terms in the interrogatories, such as "BRATZ

5   INVENTION" and "IDENTIFY," and contends that Mattel's definitions of the

6   terms require "responses to multiple discrete subparts."[62]   However, MGA made

7   clear during the pre-filing conference of counsel that it was not refusing to answer

8   these interrogatories (or others) based on this objection.[63]   And, indeed, it would be

9   completely improper for it to do so given that the Court has already ruled that these

10  exact interrogatories -- verbatim -- count as only one interrogatory each.[64]

11      MGA also objects to Interrogatory Nos. 27, 28 and 29 on the grounds that

12  certain terms contained therein, particularly "BRATZ INVENTION," supposedly

13  present an undue burden, a point which MGA pressed during the parties' meet and

14  confer.  Apparently for this reason, MGA did not consider the definition of the term

15  "BRATZ INVENTION" provided by Mattel in its Revised Third Set of

16  Interrogatories, but instead interpreted these interrogatories by using the more

17  limited definition of the term "invention" that MGA believes is used in "utility

18  patent law."[65]   As MGA acknowledged, this significantly limited MGA's response

19  and directly contradicted MGA's assurance in its Supplemental Responses to

20

21  ---

    [61]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at 9-
22  10, Proctor Dec., Exh. 7.
    [62]   MGA's Supplemental Responses to Mattel's Revised Third Set of
23  Interrogatories, dated November 30, 2007, at 11, Proctor Dec., Exh. 21.
24  [63]   Letter from Proctor to Miller, dated December 13, 2007, at 1, Proctor Dec.,
    Exh. 5.
25  [64]   Order Granting Joint Motion for Protective Order, dated September 5, 2007,
26  Proctor Dec., Exh. 33.
    [65]   Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27  Exh. 5.

28

1  Mattel, Inc.'s Revised Third Set of Interrogatories that MGA "[would] respond
2  using words contained within the Mattel definition in their normal accepted
3  meaning."[66] The responses MGA provided are clearly inadequate.

4          MGA bears the burden of proving that Mattel's interrogatories are
5  burdensome or oppressive. See Roesberg, 85 F.R.D. at 296-97 ("the party resisting
6  discovery 'must show specifically how . . . each interrogatory is not relevant or how
7  each question is overly broad, burdensome or oppressive'"); Josephs, 677 F.2d at
8  992; Walker, 186 F.R.D. at 587. MGA can make no such showing here. These
9  interrogatories seek an identification of Bratz inventions that, pursuant to the
10 Inventions Agreement, were assigned to Mattel and therefore *constitute Mattel's
11 property* — as well as an identification of which inventions were created just before
12 or after Bryant's Mattel employment, according to MGA. The importance to Mattel
13 of obtaining this information -- information which, in and of itself, would prove
14 liability as to a number of Mattel's claims -- clearly outweighs MGA's burden in
15 producing it. See 8A Wright & Miller, Supra, § 2174 (courts balance "the burden
16 on the interrogated party against the benefit that having the information would
17 provide to the party submitting the interrogatory"). Moreover, knowing which
18 inventions MGA claims were created before and just after Bryant's second stint at
19 Mattel is essential so that Mattel can avoid unfair surprise at trial and impeach
20 defendants' chronology of Bratz design and development.

21         MGA can hardly dispute any of this. The fact that MGA has already
22 provided partial responses to these interrogatories, although incomplete,
23 demonstrates that the information Mattel seeks is properly discoverable. MGA
24

25  [66]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s
26 Revised Third Set of Interrogatories, dated November 30, 2007, at 5, Proctor Dec.,
   Exh. 21; Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27 Exh. 5.
28

1 │ should be ordered to provide full and complete responses for Interrogatory Nos. 27,
2 │ 28 and 29.

3 │ **B.     Mattel's Interrogatory About The Identity Of Former Mattel**
4 │ **Employees Hired By MGA**

5 │ Interrogatory No. 41 asks MGA to "IDENTIFY" all former Mattel
6 │ employees "who are now or have been employed" by MGA since January 1, 1999.[67]
7 │ MGA does not dispute the relevance of this information, and in fact provided a
8 │ partial response containing what it claims is every former Mattel employee which
9 │ has been employed by MGA at any time since January 1, 1999, his/her job title(s)
10 │ and the dates of their employment.[68]  However, this answer is clearly incomplete.
11 │ For example, the interrogatory asks that MGA provide both the date "on which
12 │ YOU first had contact with such PERSON regarding potential employment or
13 │ contracting" as well as that on which "such PERSON was interviewed for possible
14 │ employment or contracting,"[69] but MGA's response provides no such information.
15 │ At the parties' meet and confers, MGA promised that it would look into these
16 │ deficiencies and consider supplementing, but then never responded.[70]  MGA should
17 │ be compelled to provide a full and complete response.

18
19
20
21

─────────────────

22 │ [67]   Mattel, Inc.'s Third Revised Set of Interrogatories, dated September 21, 2007,
23 │ at 13, Proctor Dec., Exh. 7.
   │ [68]   MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Revised
24 │ Third Set of Interrogatories, dated November 30, 2007 at 63-70, Proctor Dec., Exh.
25 │ 21.
   │ [69]   Mattel, Inc.'s Revised Third Set of Interrogatories, dated September 21, 2007,
26 │ at 13, Proctor Dec., Exh. 7.
27 │ [70]   Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec.,
   │ Exh. 5.
28

EXHIBIT ____4

PAGE ____72

1          **C.      Mattel's Interrogatories Seeking Dates On Which The Products**
2                    **MGA Alleges Were Copied or Infringed Originated**

3                    Interrogatory Nos. 43 and 44 request dates on which each "concept,

4    design, product, product packaging or other matter that YOU contend Mattel copied

5    or infringed" was (1) "conceived" and (2) "first fixed in any tangible medium of

6    expression."[71] For its own claims, MGA has alleged that certain of its products have

7    been copied or infringed by certain Mattel products.[72] One of Mattel's defenses is

8    that Mattel was the one that came up with relevant matters first -- before MGA --

9    and that MGA was the one who copied or stole from Mattel.[73] For example, in

10   response to MGA's allegation that Mattel copied its "Wintertime Wonderland" doll

11   theme, Mattel has asserted that although it did "release a doll called 'Chillin Out!,'"

12   it "has released such themed dolls over the course of many years" and "denies that

13   MGA originated such a theme."[74] Accordingly, timing is key. Knowing when

14   MGA's purportedly copied or infringed concepts and products originated is

15   information necessary to determine whether such concepts and products were

16   actually copied or infringed.

17                   MGA provided a partial response to this interrogatory. However, the

18   answer MGA has provided is non-responsive. Interrogatory Nos. 43 and 44 request

19   the date the MGA products at issue were "conceived" and "first fixed in any tangible

20

21

22

23   [71]  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007,
     at 7-8, Proctor Dec., Exh. 9.

24   [72]  Complaint of MGA Entertainment, Inc., dated April 13, 2005, ¶¶ 101-123,
     Proctor Dec., Exh. 48.

25   [73]  Court Order Regarding Mattel's Motion for Leave to Amend, dated January

26   12, 2007, at 24, Proctor Dec., Exh. 57.

27   [74]  Mattel, Inc.'s Second Amended Answer and Counterclaims, dated July 12,
     2007, ¶ 48, Proctor Dec., Exh. 41.

28

1   medium of expression," respectively.[75]  MGA's answers simply refer Mattel to its

2   responses to Interrogatory No. 3 of Mattel's First Set of Interrogatories Re Claims of

3   Unfair Competition, which requested different information -- the dates on which the

4   products were first "disclosed to any PERSON not employed by MGA" and first

5   "made available for sale."[76]  Thus, MGA's current answers do not provide

6   responsive information.  MGA should be compelled to provide full and complete

7   responses.

8       **D.**    <u>Mattel's Interrogatories About The Trade Dress MGA Claims</u>

9             <u>Mattel Products Infringe</u>

10          Interrogatory Nos. 48 and 49 ask MGA to "separately IDENTIFY each

11  trade dress that YOU contend MATTEL has copied, infringed or diluted" and to

12  "separately and fully IDENTIFY each and every MATTEL product, packaging or

13  other matter that YOU contend copies, infringes or dilutes such trade dress."[77]

14  These interrogatories seek the core contentions underlying MGA's trade dress

15  infringement claims and are clearly proper.[78]  Recognizing that, MGA has provided

16  partial responses.  However, as with MGA's other supplemental responses, MGA

17  has merely provided what it claims are the "basic facts," without any details.[79]

18  Thus, MGA's response to No. 48 did not identify with specificity a single product

19  that MGA alleges was infringed, let alone every product.  MGA also stated that its

20  _____

21  [75]   Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007,

22  at 7-8, Proctor Dec., Exh. 9.
     [76]   Mattel's First Set of Interrogatories Re Claims of Unfair Competition, dated

23  March 2, 2007, at 10, Proctor Dec., Exh. 49.
     [77]   Mattel, Inc.'s Seventh Set of Interrogatories, dated October 25, 2007, at 7,

24  Proctor Dec., Exh. 12.
     [78]   MGA has brought claims against Mattel for False Designation of Origin,

25  

26  Unfair Competition, Dilution and Unjust Enrichment.  <u>See</u> Complaint of MGA
     Entertainment, Inc., dated April 13, 2005, Proctor Dec., Exh. 48.

27  

28  

-24-      Case No. CV 04-9049 SGL (RNBx)
MATTEL INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES

EXHIBIT ____

PAGE ____

1   answer to No. 48 was limited by the fact that its answer "may be incomplete" as the

2   subject matter of this interrogatory will be the source of expert testimony; and an

3   expert may identify additional facts that support MGA's contentions.[80]  Such a

4   limitation is improper because it would allow MGA to sandbag Mattel by

5   introducing new products into the litigation in expert disclosures, after fact

6   discovery has closed.[81]  MGA has no basis for failing to provide full and complete

7   responses to Interrogatory Nos. 48 and 49.

8         E.      **Mattel's Interrogatory About The Identity of MGA's Bank**

9                 **Accounts**

10        Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or

11  financial institution account that REFERS OR RELATES TO YOU, including

12  accounts in YOUR name or for YOUR benefit, since January 1, 1999."[82]  MGA

13  objects to this interrogatory as seeking information "not relevant to the claims or

14  defenses of any party to the action and not reasonably calculated to lead to the

15  discovery of admissible evidence."[83]  This objection is unsupportable.

16        This information is clearly discoverable.  MGA's bank account information

17  may lead to direct evidence of liability regarding Mattel's allegations of commercial

18  bribery (which are explicitly alleged as RICO predicate acts) against MGA and

19

20

21

22    [79]  Letter from Proctor to Miller, dated December 13, 2007, at 4, Proctor Dec.,
23    Exh. 5.
      [80]  Id. at 4.
24    [81]  Id. at 4.
      [82]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
25    at 13, Proctor Dec., Exh. 7.
26    [83]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s
27    Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec.,
      Exh. 21.

28

1  Larian.[84]  Payments made to Bryant and to other then-Mattel employees from

2  MGA's bank accounts would establish commercial bribery and other tortious

3  conduct.  The timing of such payments would also bear on the timing of Bryant's

4  first involvement with MGA.  Similarly, the timing and amounts of payments made

5  to other former Mattel employees who MGA and other defendants are accused of

6  conspiring with to steal Mattel trade secrets would be critical evidence on both

7  Mattel's claims and MGA's claims, and indeed the Discovery Master so held in

8  compelling Bryant to produce his financial information.[85]  Evidence of payments to

9  any of the numerous witnesses in this case, including Bryant, are also obviously

10  relevant to issues of bias.

11          Mattel also has punitive damage claims against MGA.[86]  In assessing

12  punitive damages, the jury is entitled to consider MGA's net worth.  See, e.g., U.S.

13  Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc., 2000 WL

14  307470, *4 (C.D. Cal. 2000) (information about a party's net worth "is relevant

15  under Rule 26(b) to plaintiff's claims for damages and punitive damages"); Oakes,

16  179 F.R.D. at 286 ("The discovery of financial information relevant to a punitive

17  damages claim is permissible under the Federal Rules of Civil Procedure, whether

18  or not such evidence would be admissible at trial.").  Indeed, under California law

19  Mattel is required to introduce evidence of MGA's financial condition to obtain an

20  award of punitive damages against MGA.  See Morgan v. Woessner, 997 F.2d 1244,

21

22    [84]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-

23  Claims, ¶ 94-97, Prayers ¶ 12, Proctor Dec., Exh. 41.
    [85]  See Order of January 25, 2007, at 14:13-17 ("payments to Bryant are relevant

24  to Mattel's recently added claims for trade secret misappropriation.  Payments could

25  show when and what trade secret information Bryant and other defendants allegedly
    misappropriated from Mattel.  Any proof of trade secret theft is also relevant to

26  Mattel's defense against MGA's unfair competition claims."), Proctor Dec., Exh. 56.
    [86]  See, e.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and

27  Counter-Claims, dated July 12, 2007, Prayers ¶¶ 11-13, Proctor Dec. Exh. 41.

28

EXHIBIT

PAGE  81

1  1259 (9th Cir. 1993) (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)).  MGA's

2  bank account information from recent years is, quite obviously, likely to lead to

3  discoverable information about MGA's financial condition.  See Britton v. Car

4  Toys, Inc., 2007 WL 1395290, at *3 (D. Colo. 2007) ("Evidence regarding a

5  defendant's earnings and assets may be relevant in proving punitive damages.");

6  North Dakota Fair Housing Council, Inc. v. Allen, 298 F. Supp. 2d 897, 899

7  (D.N.D. 2004) ("The discovery of financial records of a defendant in order to

8  prepare a case on the issue of punitive damages is permissible."); Bessier v. Precise

9  Tool & Eng'g Co., Inc., 778 F.Supp. 1509, 1514 (W.D. Mo. 1991) (a plaintiff is

10  "clearly entitled to the discovery of financial records of defendant in order to

11  prepare a case on the issue of punitive damages").

12       For these reasons, the Court has already held precisely that Mr.

13  Larian's bank account information is discoverable.  See Court's Order Granting in

14  Part and Denying in Part Mattel's Motion to Compel MGA to Produce Witnesses

15  Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25,

16  2007 (compelling MGA to produce a witness on the topic of payments to Larian,

17  including the accounts to which such payments were made, because "MGA's

18  payments to Isaac Larian may be relevant to Mattel's claim for punitive damages").

19  Nevertheless, MGA still refuses to respond.[87]

20       In its objections, MGA asserts that this interrogatory is "premature

21  asset discovery under Federal Rule of Civil Procedure 69(a), as there is presently no

22  judgment for the payment of money pending against MGA."[88]  This objection fails.

23  First, Rule 69(a), which allows a judgment creditor to obtain discovery in aid of a

24  _____

25  [87]  Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,

26  Exh. 5.

27

28

07209/2326618.5

1  judgment or execution, simply has no application here.  See Fed. R. Civ. P. 69(a).
2  Nothing in the Rule precludes a party from seeking discovery pertaining to issues of
3  liability, bias and punitive damages as Mattel seeks here.  See id.  Second, both the
4  Discovery Master and the District Court have ruled that Mattel may properly seek
5  such discovery.  MGA's net worth was among the topics noticed in Mattel's Second
6  Notice of Deposition Under Rule 30(b)(6).[89]  Concluding that information relating
7  to MGA's net worth was properly the subject of discovery, the Discovery Master
8  ordered MGA to produce a witness responsive to this topic in his May 16, 2007
9  Order.[90]  MGA then objected to the Discovery Master's Order on the grounds,
10  among others, that such discovery was premature.[91]  Judge Larson rejected that
11  argument and affirmed the Discovery Master's May 16, 2007 Order, stating that:

12  > [a]lthough MGA's net worth may not be known to it, MGA does not
13  > contend that the information is not readily available.  That net worth is
14  > generally the subject of expert testimony at trial -- a proposition
15  > disputed by neither Mattel nor the Court -- does not render it an
16  > improper subject for a Rule 30(b)(6).[92]

17  And, as noted, Mattel's Third Notice of Deposition Under Rule 30(b)(6)
18  included a topic addressing payments of money made by MGA to Larian since
19

20  [88]  MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s
21  Revised Third Set of Interrogatories, dated November 30, 2007, at 59, Proctor Dec.,
   Exh. 21.
22  [89]  Mattel's Second Notice of Deposition Under Rule 30(b)(6), dated February 1,
23  2007, Proctor Dec., Exh. 42.
    [90]  Court's Order Granting Mattel's Motion to Compel MGA to Produce
24  Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Proctor
25  Dec., Exh. 43.
    [91]  MGA's Memorandum of Points and Authorities in Support of its Motion
26  Objecting to Portions of the Discovery Master's May 16, 2007 Order, dated May 31,
27  2007, at 5-6, Proctor Dec., Exh. 44.
    [92]  Court's July 2, 2007 Minute Order, at 5, Proctor Dec., Exh. 45.
28

1  January 1, 1999, including information related to bank or financial institution
2  accounts to which any such payments were made.[93]  MGA objected to this topic on
3  a number of bases, including by contending that "Mattel is not entitled to conduct
4  discovery regarding Isaac Larian's net worth at this time."[94]  Rejecting MGA's
5  arguments, the Discovery Master held:

6      MGA's payments to Isaac Larian . . . are relevant to the claims and
7      defenses in the case.  Payments to Isaac Larian . . . may also show
8      possible bias and be used for impeachment purposes.  Moreover,
9      MGA's payments to Isaac Larian may be relevant to Mattel's claim for
10     punitive damages.  Payments to Isaac Larian are a component of his net
11     worth, even if they represent one source of income.  The burden of
12     producing such information does not outweigh its relevance, taking into
13     consideration the circumstances of this case.  Furthermore, there is no
14     stay on discovery pertaining to punitive damages.[95]

15 MGA's refusal to answer this interrogatory at all, even in light of this Order, is
16 improper.  A complete response should be ordered.

17     **F.**    **Mattel's Contention Interrogatories**

18     In its responses, MGA provided only partial answers to Nos. 30, 31, 32,
19 33, 34, 35, 36, 37, 38, 42 and 50.  Not a single one of these responses is full and
20 complete.  Rather, during the parties' meet and confers, MGA confirmed that (1) its
21 answers regarding its various contentions contain only the "basic facts" on which it
22 will rely, (2) it has limited its responses by its "interpretation" of Mattel's defined
23 

24    [93]  Mattel's Third Notice of Deposition Under Rule 30(b)(6), dated June 5, 2007,
25 Proctor Dec., Exh. 46.
   [94]  Court's Order Granting in Part and Denying in Part Mattel's Motion to
26 Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under
27 Rule 30(b)(6), dated September 25, 2007, at 11-12, Proctor Dec., Exh. 47.
   [95]  Id.
28

EXHIBIT ___4___

PAGE ___84___

1  terms, and (3) it has not identified documents as requested.[96]  MGA also confirmed

2  that its supplemental responses will continue to be limited by its objections.[97]

3  These interrogatories provide:

4  **Interrogatory No. 30:** State all facts that support YOUR
   contention, if YOU to contend, that, assuming BRYANT
5  assigned rights in any BRATZ INVENTION to MATTEL
   pursuant to the INVENTIONS AGREEMENT, MGA is
6  entitled to priority over and/or has superior rights to
   MATTEL as to such BRATZ INVENTION, and
7  IDENTIFY all PERSONS with knowledge of such facts
   and all DOCUMENTS that REFER OR RELATE TO
8  such facts.

9  **Interrogatory No. 31:** State all facts that support YOUR
   contention, if YOU so contend, that the INVENTIONS
10  AGREEMENT is not valid and enforceable, and
   IDENTIFY all PERSONS with knowledge of such facts
11  and all DOCUMENTS that REFER OR RELATE TO
   such facts.

12

13  **Interrogatory No. 32:** State all facts that support YOUR
   contention, if YOU so contend, that MATTEL is not or
   would not be entitled to injunctive relief as requested in its
14  COMPLAINT and/or COUNTERCLAIMS if it is
   ultimately determined that MATTEL owns one or more
15  BRATZ INVENTIONS, and IDENTIFY all PERSONS
   with knowledge of such facts and all DOCUMENTS that
16  REFER OR RELATE TO such facts.

17  **Interrogatory No. 33:** State all facts that support YOUR
   contention, if YOU so contend, that MATTEL is not
18  entitled to an award of punitive or exemplary damages
   against YOU, and IDENTIFY all PERSONS with
19  knowledge of such facts and all DOCUMENTS that
   REFER OR RELATE TO such facts.

20

21  **Interrogatory No. 34:** State all facts that support YOUR
   contention, if YOU so contend, that YOU did not
   intentionally interfere with the INVENTIONS
22  AGREEMENT when BRYANT purported to TRANSFER
   and MGA purported to ACQUIRE rights to BRATZ, and
23  IDENTIFY all PERSONS with knowledge of such facts
   and all DOCUMENTS that REFER OR RELATE TO
24  such facts.

25

26  [96]  Letter from Proctor to Miller, dated December 13, 2007, at 2, Proctor Dec.,
27  Exh. 7.
   [97]  Id.

28

1  **Interrogatory No. 35:** State all facts that support YOUR
2  contention, if YOU so contend, that YOU did not aid or
   abet any breach of fiduciary duty or duty of loyalty owed
3  by BRYANT to MATTEL when BRYANT performed
   work or services with or for MGA while BRYANT was
4  employed by MATTEL, and IDENTIFY all PERSONS
   with knowledge of such facts and all DOCUMENTS that
5  REFER OR RELATE TO such facts.

6  **Interrogatory No. 36:** State all facts that support YOUR
   contention, if YOU so contend, that YOU acted with an
7  innocent state of mind or reasonably believed that
   MATTEL did not own any rights in any BRATZ
8  INVENTION when BRYANT purported to TRANSFER
   and MGA. purported to ACQUIRE rights to BRATZ, and
9  IDENTIFY all PERSONS with knowledge of such facts
   and all DOCUMENTS that REFER OR RELATE TO
10 such facts.

11 **Interrogatory No. 37:** State all facts that support YOUR
   contention, if YOU so contend, that BRYANT did not
12 breach the INVENTIONS AGREEMENT when BRYANT
   purported to TRANSFER right to BRATZ to MGA, and
13 IDENTIFY all PERSONS with knowledge of such facts
   and all DOCUMENTS that REFER OR RELATE TO
14 such facts.

15 **Interrogatory No. 38:** State all facts that support YOUR
   contention, if YOU so contend, that BRYANT did not
16 breach BRYANT's duty of loyalty or fiduciary duties to
   MATTEL when BRYANT performed work or services.
17 with or for MGA while BRYANT was employed by
   MATTEL, and IDENTIFY all PERSONS with knowledge
18 of such facts and all DOCUMENTS that REFER OR
   RELATE TO such facts.

19 **Interrogatory No. 42:** State all facts that support YOUR
   contention, if YOU so contend, that any BRATZ DOLLS
20 are not BASED ON BRATZ DESIGNS created by
   BRYANT on or before October 19, 2000, and IDENTIFY
21 all PERSONS with knowledge of such facts and all
   DOCUMENTS that REFER OR RELATE TO such
22 facts.[98]

23 **Interrogatory No. 50:** For each trade dress identified in
   response to Interrogatory No. 48, separately and
24 completely IDENTIFY all facts that support YOUR
   contention that such trade dress is protectible, all

25 ─────────────────────

26 [98]  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at
27 10-13, Proctor Dec. Exh. 7; Mattel's Amended Fourth Set of Interrogatories, dated
   October 23, 2007, at 7, Proctor Dec., Exh. 9.
28

1        DOCUMENTS that REFER OR RELATE to the
2  foregoing and all PERSONS with knowledge of the foregoing.

3        Each of these interrogatories seeks facts relating to key issues in this
4  case -- including MGA's contentions, if any, regarding the priority of Mattel's rights
5  in Bratz vis-à-vis MGA; how Bryant's Inventions Agreement with Mattel,
6  assignment of rights to Bratz inventions to MGA, and services with or for MGA
7  while employed by Mattel affect who owns the rights to Bratz inventions; Mattel's
8  entitlement to punitive damages and other relief; MGA's purported innocent state of
9  mind; MGA's intentionally interference with the Inventions Agreement between
10 Bryant and Mattel; MGA's aiding and abetting Bryant's breach of fiduciary duty and
11 duty of loyalty to Mattel; why the Bratz dolls purportedly are not based on designs
12 Bryant created during his Mattel employment; and why the trade dress MGA
13 contends Mattel infringed is protectible. Given that these interrogatories go to core
14 issues in this litigation, Mattel indisputably has a substantial need for the requested
15 information. MGA cannot show burden sufficient to outweigh Mattel's need for this
16 critical information.[99] Further, any claim by MGA that the interrogatories are
17 improper because they request "all facts" supporting MGA's contentions or an
18 identification of documents is without merit, as discussed above.[100] The Court
19 should overrule MGA's objections and compel complete responses to Interrogatory
20 Nos. 30, 31, 32, 33, 34, 35, 36, 37, 38, 42 and 50.

21     **G.**    **Mattel's Interrogatories About MGA's Searches For Documents**
22         **And Storage Devices Containing Evidence Of Early Work On**
23         **Bratz**

24       The information sought by Interrogatory Nos. 40 and 47 is also clearly
25 discoverable. These interrogatories provide:

26 _____

27 [99] See Argument, Section II, infra.

28

1    **Interrogatory No. 40:**   IDENTIFY each and every
     STORAGE DEVICE that YOU have used for any purpose
2    which contains or contained DIGITAL INFORMATION
     that REFERS OR RELATES TO BRATZ and/or ANGEL
3    prior to January 1, 2002.

4    **Interrogatory No. 47:**   IDENTIFY each and every
     SOURCE OF INFORMATION from which YOU have
5    COLLECTED DOCUMENTS in THIS ACTION that
     REFER OR RELATE TO BRATZ and that also REFER
6    OR RELATE TO the time period prior to February 28,
     2001 (regardless of when such DOCUMENT was, in
7    whole or part, created, drafted, generated, sent, received or
     transmitted).[101]

8

9    These interrogatories are designed to test MGA's productions in this litigation and

10   obtain additional responsive documents and information.  Such discovery plainly is

11   proper under the Federal Rules.  See Fed. R. Civ. P. 26(b)(1) (permitting discovery

12   of "any nonprivileged matter that is relevant to any party's claim or defense --

13   including the existence, description, nature, custody, condition, and location of any

14   documents or other tangible things"); see also Fed. R. Civ. P. 34(a) (permitting a

15   party to serve a request to "inspect, copy, test, or sample" any "electronically stored

16   information . . . stored in any medium from which information can be obtained").

17         Nevertheless, MGA provided no answer whatsoever for No. 47 and only a

18   partial answer for No. 40.  That partial response lacks most of the information

19   requested by Mattel, including an identification of specific storage devices, the

20   individuals who have used them, the persons who currently possess them, the dates

21   on which they were destroyed or copied (if any), etc.[102]

22

23   _____

24   [100]   See id.
     [101]   Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at
25   13, Proctor Dec., Exh. 7; Mattel's Fifth Set of Interrogatories, dated October 19,
26   2007, Proctor Dec., Exh. 10.
     [102]   See Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
27   at 8, 13, Proctor Dec., Exh. 7; MGA Entertainment, Inc.'s Supplemental Responses
28   (footnote continued)

EXHIBIT ___4___

PAGE ___88___

1           MGA's limited responses are improper.  The law is clear that access to

2    a party's information storage systems may be granted in appropriate circumstances,

3    including where the party is shown to have improperly withheld relevant documents

4    or information.  See, e.g., Ameriwood Industries v. Liberman, 2006 WL 3825291, at

5    *1 (E.D. Mo. 2006) (granting motion to compel imaging of defendant's hard drive

6    because the court had "cause to question whether defendants had produced all

7    responsive documents"); Simons Prop. Group L.P. v. Simon, Inc., 194 F.R.D. 639,

8    641 (S.D. Ind. 2000) (allowing plaintiff to inspect defendant's computer system

9    because plaintiff demonstrated "troubling discrepancies with respect to defendant's

10   document production"); Playboy Enterprises, Inc. v. Welles, 60 F. Supp. 2d 1050,

11   1054 (S.D. Cal. 1999) (allowing access to party's computer system where party had

12   systematically deleted e-mails after litigation commenced).  Interrogatory Nos. 40

13   and 47 are directed at precisely this issue.  Interrogatory No. 47 asks MGA to

14   identify the sources of information -- i.e., the media -- from which he has collected

15   documents relating to Bratz and the period prior to February 28, 2001, a key early

16   time period.  By identifying such information, Mattel will be able to discover what

17   sources MGA has examined to produce the key documents in this case, and perhaps

18   more important, the sources MGA has not examined.[103]     That is legitimate

19   discovery.  Interrogatory No. 40, which seeks the identification of the storage

20   devices MGA has used that contain early Bratz-related information, is also

21   _____

22   to Mattel, Inc.'s Revised Third Set of Interrogatories, dated November 30, 2007, at
     59-63, Proctor Dec., Exh. 21.
23        [103]   See Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 6-7
24   (defining scope of Interrogatory No. 47 to include not only sources of information
     from which MGA has produced documents, but also any source MGA has collected,
25   reviewed, requested, sought, looked for, searched for or analyzed), Proctor Dec.,
26   Exh. 10; see id. at 7 (requiring MGA to state whether "each such SOURCE OF
     INFORMATION contained or included DOCUMENTS that REFER OR RELATE
27   TO BRATZ and the time period prior to February 28, 2001").

28

EXHIBIT

PAGE   8 9

1  legitimate discovery because Mattel may have a right to access such storage devices.
2  The information requested by Mattel is necessary to determine whether MGA has
3  withheld responsive documents and to enable Mattel to obtain such documents.
4  MGA has not articulated valid objections to these interrogatories, nor can it.  See
5  Roesberg, 85 F.R.D. at 296-97 (objecting party has the burden of proving the
6  interrogatory improper).   MGA's objections should be overruled and complete
7  responses should be ordered.

8       During the meet and confer process, MGA proposed that the parties
9  exchange what MGA called "source logs" regarding the entirety of their productions
10  in lieu of MGA's provision of a response to Interrogatory Nos. 40 and 47.[104]
11  According to MGA's proposal, these "source logs" would provide certain
12  information for every document provided by MGA, including each document's
13  Bates number, the identity of the individual who created the document and the
14  location where the document was located by MGA.[105]  However, as Mattel pointed
15  out, these interrogatories do not request source information for every document in
16  the case, and instead seek information only about key early Bratz documents.  In
17  addition, the interrogatories seek additional information MGA proposes not be
18  included on the "source logs."[106]  For example, Interrogatory No. 40 seeks the
19  identification of all storage devices used by MGA to store relevant documents.
20  Such information would not be contained in MGA's proposed "source log," which
21  by definition would only provide the locations of documents actually produced by
22  MGA. It thus would not reveal sources that contain early Bratz documents that
23  MGA has not produced documents from.  The proposed a "source log" is not an
24

25  [104]  Letter from Proctor to Miller, dated December 13, 2007, at 3-4, Proctor Dec.,
26  Exh. 5.
27  [105]  Id.
    [106]  Id.
28

EXHIBIT ___4___

PAGE ___90___

1  adequate substitute for answering the interrogatories as it would do little to show

2  Mattel where MGA looked for documents, as well as where MGA failed to look,

3  and would do even less to identify storage devices.

4      **H.   Mattel's Interrogatory Regarding MGA's Substitution of Counsel**

5          MGA refuses to provide any response to Interrogatory No. 46, which

6  calls for the "facts" relating to the dispute regarding this litigation between MGA

7  and its former counsel.  During the meet and confer process, counsel for MGA

8  refused to supplement this answer, asserting that "all" of the information called for

9  is protected by the attorney-client privilege.[107]  That argument is not tenable.

10         By its terms, Interrogatory No. 46 is limited to matters not protected by

11  the attorney-client privilege and calls only for the revelation of non-privileged *facts*:

12         **Interrogatory No. 46:**  Without disclosing the content of
13         communications which are protected by the attorney-client
        privilege, state fully and in detail all facts which REFER
14         OR RELATE TO any dispute regarding THIS ACTION
        between, on the one hand, O'MELVENY and/or
15         CHRISTENSEN, including but not limited to any and all
        disputes which were or have been asserted as a basis for,
16         or which underlie, contributed to or were a factor in, the
        withdrawal, termination and/or substitution of
17         O'MELVENY and/or CHRISTENSEN as counsel of
        record in this ACTION, and IDENTIFY all PERSONS
18         with knowledge of such facts and all DOCUMENTS that
        REFER OR RELATE TO such facts.[108]

19         In light of the terms of the interrogatory, MGA's purported basis for

20  refusing to respond is baseless.  In general, neither the attorney-client privilege nor

21  the work product doctrine protects *facts*, as the Court held.[109]  The protection of the

22

---

23    [107]  Letter from Proctor to Miller, dated December 13, 2007, at 3, Proctor Dec.,
24  Exh. 5.
       [108]  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, at 9, Proctor
25  Dec., Exh. 10.
       [109]  E.g., Order Granting Mattel's Motion for an Extension of Time to Depose
26  Paula Garcia in her Individual Capacity and as a 30(b)(6) Designee; Denying
27  Request for Sanctions, dated August 14, 2007, at 12-13, Proctor Dec., Exh. 50.

28

EXHIBIT _____

PAGE _____ 91

1   attorney-client privilege extends only to communications; it does not extend to the

2   facts underlying privileged communications. Upjohn Co. v. United States, 449 U.S.

3   383, 390 (1981); see also In re Grand Jury Investigation, 974 F.2d 1068, 1070 (9th

4   Cir. 2002) (the party asserting the privilege has the burden of establishing that the

5   privilege applies). In addition, "courts have consistently held that the work-product

6   concept furnished no shield to discovery...*of the facts* that the adverse party's lawyer

7   has learned, or the persons from whom he has learned such facts, or the existence or

8   non-existence of documents, even though such documents themselves may not be

9   subject to discovery." Nutmeg Insurance Co. v. Atwell, Vogel & Sterling, et al.,

10   120 F.R.D. 504, 509 (W.D. La. 1988) (citing 8 Wright & Miller, Federal Practice &

11   Procedure, § 2023, at 194 (1970) (emphasis added); Garcia v. City of El Centro, 214

12   F.R.D. 587, 591 (S.D. Cal. 2003) ("[B]ecause the work product doctrine is intended

13   only to guard against divulging the attorney's strategies and legal impressions, it

14   does not protect *facts* concerning the creation of work product or *facts* contained

15   within work product.") (emphasis added). MGA's blanket privilege objection is

16   improper.

17        Further belying MGA's contentions, Mr. Larian and MGA's counsel

18   have discussed this matter in the press. For example, in a November 2, 2007 article

19   published on Law.com, both Larian and MGA's counsel made statements about

20   what they claimed to be the crux of the dispute that led to a substitution of

21   counsel.[110] Larian stated that the substitution of counsel was due in part to the fact

22   that "O'Melveny was pushing for [one of its attorneys] to come in as new trial

23   counsel in this case, and we decided against that," and that "[MGA] decided to go

24   with Skadden and Tom Nolan."[111] In the same article, Mr. Nolan stated that "Patty

25

26   [110] Article entitled Behind the Scenes, Bratz Doll Case Heats Up, published on

27   Law.com on November 11, 2007, Proctor Dec,, Exh. 53.
    [111] Id.

28

EXHIBIT ____ 4

PAGE ____ 92

1  Glaser agreed that the matter should be handled by one firm."[112] Thus, MGA has
2  already intentionally disclosed to the public what it claims are the facts underlying
3  MGA's dispute with its former counsel.   Assuming this information ever were
4  privileged, it has now been waived.

5          The facts sought by this interrogatory clearly are discoverable and
6  relevant.   In its application to the Court regarding its withdrawal, the O'Melveny
7  firm cited California Rule of Professional Conduct 3-700(c) as a basis for its
8  withdrawal,[113] but did not clarify which of the eleven prongs of that section applied.
9  If, to take one of many possible examples, O'Melveny attempted to withdraw
10 because MGA was seeking "to pursue an illegal course of conduct" or "insist[ed]
11 that the member pursue a course of conduct that is illegal or that is prohibited under
12 these rules or the State Bar Act," such information would be both non-privileged
13 and highly relevant to Mattel's case.   If O'Melveny attempted to withdraw because
14 MGA sought to provide false testimony, that would be relevant and non-privileged.
15 Because they clearly can reveal relevant, non-privileged information that in fairness
16 an opposing party should have access to, Courts grant disclosure of the facts relating
17 to counsel's withdrawal in appropriate cases.   See, e.g., George v. Siemens Indus.
18 Automation, Inc., 182 F.R.D. 134, 142 (D.N.J. 1998) (following motion to
19 withdraw, sua sponte granting defendant access to language in attorney's in camera
20 declaration discussing plaintiff's mental state where her psychological condition was
21 relevant to the suit and the facts in the declaration were not privileged); Blowers v.
22 Lawyers Co-op. Pub. Co., 1982 WL 221, *5 (W.D.N.Y. 1982) (granting motion to
23 obtain transcript of in camera proceedings related to motion to withdraw as counsel
24

25  [112]  Id.
26  [113]  Ex Parte Application of O'Melveny & Myers LLP for Order Shortening
27  Time for Hearing Its Motion to Withdraw and Requiring In Camera Inspection of
     Supporting Documents, dated October 8, 2007, at 1, Proctor Dec., Exh. 51.
28

EXHIBIT  4

PAGE  93

1 | where discussion involved non-privileged fee arrangements). This is such a case.
2 | MGA should be compelled to provide a full and complete answer to Interrogatory
3 | No. 39 that will disclose relevant, non-privileged facts.

4

5 | **Conclusion**

6 |        For the foregoing reasons, Mattel respectfully requests that the
7 | Discovery Master (1) overrule all of MGA's objections and limitations and (2)
8 | compel MGA to provide full and complete responses to Interrogatory Nos. 27-44
9 | and 46-50 in Mattel's Revised Third, Amended Fourth, Fifth and Seventh Sets of
10 | Interrogatories.

11

12

13 | DATED: December 20, 2007     QUINN EMANUEL URQUHART OLIVER &
14 |                       HEDGES, LLP

15

16 |              By _B. Dylan Proctor /am_
17 |                   B. Dylan Proctor
18 |                   Attorneys for Plaintiff

19

20

21

22

23

24

25

26

27

28

EXHIBIT 4
PAGE 94