# Exhibit 9

# THIS EXHIBIT IS FILED UNDER SEAL

# PURSUANT TO THE PROTECTIVE ORDER

# Exhibit 10

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
13
              Plaintiff,
14                                         Consolidated with
         v.                                Case No. CV 04-09059
15                                         Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                         **ORDER GRANTING MGA PARTIES'**
              Defendant.                   **MOTION FOR CLARIFICATION**
17                                         **REGARDING PORTIONS OF**
                                           **FEBRUARY 15, 2008 ORDER**
18                                         **GRANTING IN PART AND DENYING**
                                           **IN PART MATTEL'S MOTION TO**
19                                         **COMPEL RESPONSES TO**
                                           **INTERROGATORY NOS. 27-44 AND**
20                                         **46-50 BY THE MGA PARTIES**

21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
23

24

25        On March 3, 2008, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE

26  De Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian (collectively "MGA Parties")

27  submitted a Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in

28  Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

4-22

EXHIBIT 10
PAGE 205

1   Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and

2   46-50 by the MGA Parties.  On March 10, 2008, Mattel, Inc. ("Mattel") submitted an opposition,

3   and on March 13, 2008, the MGA Parties submitted a reply.  Pursuant to Paragraph 5 of the

4   Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

5   appropriate to decide the motion without oral argument.

6        The purpose of the MGA Parties' motion is to confirm the MGA Parties' understanding

7   that any obligation under the February 15, 2008 Order to provide supplemental responses to

8   certain interrogatories is stayed by the operation of the February 4, 2008 Minute Order of the

9   district court staying Phase 2 discovery.  In particular, the MGA Parties seek an order confirming

10  that (i) any obligation of the MGA Parties under the February 15, 2008 Order to respond to

11  Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed on the grounds that

12  these interrogatories seek Phase 2 discovery; and (2) any obligation of MGA Mexico under the

13  February 15, 2008 Order to provide supplemental interrogatory responses is stayed on the

14  grounds that discovery directed to MGA Mexico, which was formed in April 2004, constitutes

15  Phase 2 discovery.

16       As a threshold matter, the MGA Parties' Motion for Clarification is procedurally

17  appropriate in view of the district court's stay on Phase 2 discovery, notwithstanding Mattel's

18  assertion to the contrary.  The district court imposed the stay on Phase 2 discovery after the close

19  of briefing on Mattel's motion to compel.  The parties did not address in their papers which

20  interrogatories related solely to Phase 2.  Nor was the stay on Phase 2 discovery the principal

21  focus of the February 11, 2008 hearing, although the stay was mentioned.

22       Having reviewed the interrogatories at issue in this Motion for a second time, it is

23  apparent that the interrogatories are relevant primarily, if not exclusively, to Phase 2.  To the

24  extent the interrogatories at issue encompass information that may be relevant to any Phase 1

25  issue, the potential relevance of the information sought is substantially outweighed by the burden

26  and expense of requiring the MGA Parties to provide supplemental responses in the few

27  remaining weeks before the Phase 1 trial.

28

EXHIBIT 10

PAGE 206

1      Accordingly, the MGA Parties' motion is granted.  The MGA Parties' obligation to

2  supplement their responses to Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44,

3  and MGA Mexico's obligation to supplement any of the interrogatories directed to it, are hereby

4  stayed until further order of the district court lifting the stay on Phase 2 discovery.

5      Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6  Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8  Dated: April 22, 2008

9                                        HON. EDWARD A. INFANTE (Ret.)
                                              Discovery Master

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                                          3

EXHIBIT   10

PAGE   207

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on April 22, 2008, I served the attached: (1) ORDER DENYING MATTEL'S MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF VERONICA MARLOW; (2) ORDER GRANTING THIRD-PARTY MATTHEW BOUSQUETTE'S MOTION TO QUASH SUBPOENA; DEEMING MOOT MATTEL'S MOTION FOR PROTECTIVE ORDER RE: MATTHEW BOUSQUETTE; and (3) ORDER GRANTING MGA PARTIES' MOTION FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008 ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzia Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Diane Hutnyan, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dianehutnyan@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Larry W. McFarland | Keats, McFarland & Wilson | lmcfarland@kmwlaw.com |
| Christian Dowell | Keats, McFarland & Wilson | cdowell@kmwlaw.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Christopher G. Caldwell | Caldwell Leslie & Proctor, PC | caldwell@caldwell-leslie.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on April 22, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT ___10___

PAGE ___208___

# Exhibit 11

CALENDARED

**RECEIVED**

JAN 0 8 2009

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
CIVIL MINUTES -- GENERAL

Case No.   CV 04-09049 SGL(RNBx)                    Date: January 6, 2009

Title:   MATTEL, INC. V. MGA ENTERTAINMENT, INC., et al.
================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

              James Holmes                    None Present
              Courtroom Deputy Clerk          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                           None Present

PROCEEDINGS:   ORDER APPOINTING DISCOVERY MASTER

        As in Phase 1 of this case, the Court intends to appoint a Discovery Master to govern any discovery disputes that might arise in Phase 2 of this case. The appointment of the Discovery Master was made at the joint request of the parties in this case. See Stipulation for Appointment of a Discovery Master and Order, December 6, 2006.

        Pursuant to Federal Rule of Civil Procedure 53(a)(1)(C), the Court continues to believe that a Discovery Master, as opposed to the assigned Magistrate Judge, is necessary to address what MGA has aptly described to the Court as "the massive administrative burdens in time and labor necessary to deal with the enormous complexities, both legal and practical, of the issues in Phase 2" and the "sheer volume of complex civil discovery disputes likely to arise in Phase 2." Based on the Court's experience in this case, there is no question that a Discovery Master is needed to "effectively and timely" address the anticipated discovery matters in this case.

        The Court previously submitted to all counsel of record the names of eight attorneys for consideration by the parties and invited counsel to submit, in camera, any objections to those attorneys to serve as a Discovery Master (or as a Special Master to oversee the implementation of the permanent injunction, if needed). The Court has carefully considered the objections submitted. Two of the individuals named were not the subject of an objection by any party. Of those two, the Court selects Robert C. O'Brien of Arent, Fox to serve as Discovery Master for Phase 2 of this

---

MINUTES FORM 90                                           Initials of Deputy Clerk: jh
CIVIL -- GEN                        1

01-06

EXHIBIT  11
PAGE  209

case.

The Discovery Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006, the terms and conditions of which were previously agreed to by the parties. The stay on discovery for Phase 2 of this case is hereby VACATED.

Notwithstanding the parties' stated lack of objection to the appointment of Mr. O'Brien as Discovery Master, the Discovery Master is directed to promptly disclose to counsel for all parties any potential grounds for conflict of interest or disqualification, and the parties shall, within three days of receipt of said disclosure, submit any objection to the Court in camera.   A failure to object will be deemed by the Court as a waiver of any objections and consent to Mr. O'Brien to serve as Discovery Master.  The Discovery Master is further directed to contact counsel for all parties and resolve any and all outstanding discovery motions as expeditiously as possible.

IT IS SO ORDERED.

EXHIBIT __11__

PAGE __210__

Date Transmit. .:        1/6/2009 3:00:50 PM

2:04-cv-9049   Doc: 4640

Melissa  Grant
Quinn Emanuel Urquhart Oliver and Hedges
865 South Figueroa Street, 10th Fl
Los Angeles, CA   90017-2543

Number of Pages:       2

*It is hereby certified that this document was served by first class mail postage prepaid or by fax or e-mail delivery to counsel (or parties) at their respective address or fax number or e-mail address of record.*

EXHIBIT  11
PAGE  211

MIME-Version:1.0
From:cacd_ecfmail@ cd.uscourts.gov
To:ecfnef@cacd.uscourts.gov
Bcc: johnquinn@quinnemanuel.com , randaosman@quinnemanuel.co
m , amorgenthaler@chrisglase.com , rkennedy@skadden.com , tn
olan@skadden.com , carl.roth@skadden.com , marcus.mumford@sk
adden.com , eherich@kmwlaw.com , timalger@quinnemanuel.com ,
 joncorey@quinnemanuel.com , michaelzeller@quinnemanuel.com
, burrow@caldwell-leslie.com , wilson@caldwell-leslie.com ,
popescu@caldwell-leslie.com , kenneth.plevan@skadden.com , d
rogosa@skadden.com , sumclaug@skadden.com , acote@obsklaw.co
m , feseroma@obsklaw.com , marina.bogorad@skadden.com , dyla
nproctor@quinnemanuel.com , westonreid@quinnemanuel.com , st
ankaras@quinnemanuel.com , gayleduran@quinnemanuel.com , sgi
zer@glaserweil.com , robynaronson@dwt.com , frankromero@dwt.
com , cdowell@kmwlaw.com , cyrusnaim@quinnemanuel.com , leah
@spertuslaw.com , mikelly@skadden.com , sandyweisburst@quinn
emanuel.com , nef@cacd.circ9.dcn , obrien.robert@arentfox.co
m , prosper.pierre@arentfox.com , barbara_north@cacd.uscourt
s.gov , dscheper@obsklaw.com,feseroma@obsklaw.com_sumry,   l
mcfarland@kmwlaw.com,  moverland@obsklaw.com,jhibino@obsklaw
.com_sumry,  jrussell@skadden.com,allison.velkes@skadden.com
_sumry,  tholen@caldwell-leslie.com,mejia@caldwell-leslie.co
m,wilson@caldwell-leslie.com,  dwinthrop@howardrice.com,  di
anehutnyan@quinnemanuel.com,andreahoeven@quinnemanuel.com,
dhansen@skadden.com,  alexstolyar@quinnemanuel.com,  crd_blo
ck@cacd.uscourts.gov,crd_block@cacd.uscourts.gov_sumry,  crd
_larson@cacd.uscourts.gov,kathie_pimentel@cacd.uscourts.gov_
sumry,crd_larson@cacd.uscourts.gov_sumry,  crd_larson@cacd.u
scourts.gov,kathie_pimentel@cacd.uscourts.gov_sumry,crd_lars
on@cacd.uscourts.gov_sumry, Prosper.Pierre@Arentfox.com, Bar
bara_North@cacd.uscourts.gov,
Jerome B FalkHoward Rice Nemerovski Canady Falk & Rabkin3 Em
barcadero Ctr   7th FlSan Francisco CA 94111-4024,
Kien C TietStern and Goldberg6345 Balboa Boulevard, Suite 20
0Encino CA 91316,
Lauren E AguiarSkadden Arps Slate Meagher & Flom1440 New Yor
k AveWashington DC 20005-2111,
Melissa  GrantQuinn Emanuel Urquhart Oliver and Hedges865 So
uth Figueroa Street, 10th FlLos Angeles CA 90017-2543,
Cheryl  PlambeckDavis & Gilbert LLP1740 BroadwayNew York NY
10019US,
Amy R SabrinSkadden Arps Slate Meagher & Flom LLP1440 New Yo
rk Avenue NWWashington DC 20005-2111US,
David W FosterSkadden Arps Slate Meagher & Flom LLP1440 New

EXHIBIT  11
PAGE  212

York Avenue NWWashington DC 20005-2111US,
Peter H BonisPeter . Bonis Law Offices1990 N California Bl
vd, 8th FloorWalnut Creek CA 94596US
Message-Id:
Subject:Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant
 v. Mattel Inc Order
Content-Type: text/html***NOTE TO PUBLIC ACCESS USERS*** Jud
icial Conference of the United States policy permits attorne
ys of record and parties in a case (including pro se litigan
ts) to receive one free electronic copy of all documents fil
ed electronically, if receipt is required by law or directed
 by the filer. PACER access fees apply to all other users.
To avoid later charges, download a copy of each document dur
ing this first viewing. However, if the referenced document
is a transcript, the free copy and 30 page limit do not appl
y.'
UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
CALIFORNIA
Notice of Electronic Filing



The following transaction was entered  on 1/6/2009 at 2:31 P
M PST and filed
on 1/6/2009


Case Name:
Carter Bryant v. Mattel Inc
Case Number:2:04-cv-9049

Filer:

Document Number:

<a href=https://ecf.cacd.uscourts.gov/doc1/03107239590?magic
_num=MAGIC&de_seq_num=14130&caseid=167222
>4640


Docket Text:



EXHIBIT  11
PAGE  213

ORDER APPOINTING DISCOVERY MASTER by Judge Stephen G. Larson
: [re Order extend. g
time [4503], Stipulation for Extension of Time to File, [449
0]; the Court
selects Robert C. O&#039;Brien of Arent, Fox to serve as Dis
covery Master
for Phase 2 of this case.  The stay on discovery for Phase 2
 of this case
is hereby VACATED.  Notwithstanding the parties&#039; stated
 lack of objection
to the appointment of Mr. O&#039;Brien as Discovery Master,
the Discovery
Master is directed to promptly disclose to counsel for all p
arties any potential
grounds for conflict of interest or disqualification, and th
e parties shall,
within three days of receipt of said disclosure, submit any
objection to
the Court in camera.  A failure to object will be deemed by
the Court as
a waiver of any objections and consent to Mr. O&#039;Brien t
o serve as Discovery
Master.  The Discovery Master is further directed to contact
 counsel for
all parties and resolve any and all outstanding discovery mo
tions as expeditiously
as possible. See order for complete text.  (jh)


2:04-cv-9049 Notice has been electronically mailed to:


John B Quinn         johnquinn@quinnemanuel.com

Randa A F Osman       randaosman@quinnemanuel.com

David C Scheper       dscheper@obsklaw.com,feseroma@obsklaw.co
m_sumry

EXHIBIT  11
PAGE  214

Alisa Morgenthaler Lever          amorgenthaler@chrisglase.com

Larry W McFarland          lmcfarland@kmwlaw.com

Raoul D Kennedy          rkennedy@skadden.com

Mark E Overland          moverland@obsklaw.com,jhibino@obsklaw.com_sumry

Thomas J Nolan          tnolan@skadden.com,carl.roth@skadden.com,marcus.mumford@skadden.com

Emil W Herich          eherich@kmwlaw.com

Jason D Russell          jrussell@skadden.com,allison.velkes@skadden.com_sumry

Timothy L Alger          timalger@quinnemanuel.com

Sandra L Tholen          tholen@caldwell-leslie.com,mejia@caldwell-leslie.com,wilson@caldwell-leslie.com

Jon D Corey          joncorey@quinnemanuel.com

Douglas Andrew Winthrop          dwinthrop@howardrice.com

Michael T Zeller          michaelzeller@quinnemanuel.com

Linda M Burrow          burrow@caldwell-leslie.com,wilson@caldwell-leslie.com,popescu@caldwell-leslie.com

Diane C Hutnyan          dianehutnyan@quinnemanuel.com,andreahoeven@quinnemanuel.com

Kenneth A Plevan          kenneth.plevan@skadden.com,drogosa@skadden.com,sumclaug@skadden.com

EXHIBIT _11_

PAGE _215_

Alexander H Cote        acote@obsklaw.com,teseroma@obsklaw.com

Marina Vladimir Bogorad        marina.bogorad@skadden.com

Brett Dylan Proctor        dylanproctor@quinnemanuel.com,westo
nreid@quinnemanuel.com

Stan  Karas        stankaras@quinnemanuel.com,gayleduran@quinn
emanuel.com,westonreid@quinnemanuel.com

Scott E Gizer        sgizer@glaserweil.com

David W Hansen        dhansen@skadden.com

Robyn  Aronson        robynaronson@dwt.com,frankromero@dwt.com

Oleg  Stolyar        alexstolyar@quinnemanuel.com

Christian C Dowell        cdowell@kmwlaw.com

Cyrus S Naim        cyrusnaim@quinnemanuel.com

Leah Chava Gershon        leah@spertuslaw.com

Michael P Kelly        mikelly@skadden.com

Sanford I Weisburst        sandyweisburst@quinnemanuel.com

2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by
fax to: :

Jerome B Falk
Howard Rice Nemerovski Canady Falk & Rabkin
3 Embarcadero Ctr  7th Fl
San Francisco CA 94111-4024


EXHIBIT __11__
PAGE __216__

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino CA 91316


Lauren E Aguiar
Skadden Arps Slate Meagher & Flom
1440 New York Ave
Washington DC 20005-2111


Melissa  Grant
Quinn Emanuel Urquhart Oliver and Hedges
865 South Figueroa Street, 10th Fl
Los Angeles CA 90017-2543


Cheryl  Plambeck
Davis & Gilbert LLP
1740 Broadway
New York NY 10019
US

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US

David W Foster
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US

Peter H Bonis
Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek CA 94596
US

EXHIBIT   11
PAGE  217

# Exhibit 12

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 20, 2008

Jason Russell, Esq.
Robert J. Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re:   <u>Mattel, Inc. v. Carter Bryant, et al.</u>

Counsel:

On February 15, 2008, Judge Infante issued an order compelling further response to certain interrogatories that Mattel had served.  By order dated April 22, 2008, Judge Infante clarified that the obligations of MGA and MGA de Mexico to respond to certain interrogatories were stayed, as part of Phase 2 discovery.  Now that the Phase 2 discovery stay has been lifted, please let me know when we can expect the ordered supplemental responses.  A copy of the Discovery Master's April 22, 2008 Order is attached for your convenience.

Best regards,

Jon Corey

EXHIBIT _12_

PAGE _218_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12  | | |
    CARTER BRYANT, an individual,          CASE NO. CV 04-09049 SGL (RNBx)
13                                          JAMS Reference No. 1100049530
              Plaintiff,
14                                          Consolidated with
         v.                                 Case No. CV 04-09059
15                                          Case No. CV 05-2727
    MATTEL, INC., a Delaware corporation,
16                                          ORDER GRANTING MGA PARTIES'
              Defendant.                     MOTION FOR CLARIFICATION
17                                          REGARDING PORTIONS OF
                                            FEBRUARY 15, 2008 ORDER
18                                          GRANTING IN PART AND DENYING
                                            IN PART MATTEL'S MOTION TO
19                                          COMPEL RESPONSES TO
                                            INTERROGATORY NOS. 27-44 AND
20                                          46-50 BY THE MGA PARTIES

21  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
22  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
23

24

25       On March 3, 2008, MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE

26  De Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian (collectively "MGA Parties")

27  submitted a Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT 12

PAGE 219

1   Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and

2   46-50 by the MGA Parties.  On March 10, 2008, Mattel, Inc. ("Mattel") submitted an opposition,

3   and on March 13, 2008, the MGA Parties submitted a reply.  Pursuant to Paragraph 5 of the

4   Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

5   appropriate to decide the motion without oral argument.

6       The purpose of the MGA Parties' motion is to confirm the MGA Parties' understanding

7   that any obligation under the February 15, 2008 Order to provide supplemental responses to

8   certain interrogatories is stayed by the operation of the February 4, 2008 Minute Order of the

9   district court staying Phase 2 discovery.  In particular, the MGA Parties seek an order confirming

10  that (i) any obligation of the MGA Parties under the February 15, 2008 Order to respond to

11  Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed on the grounds that

12  these interrogatories seek Phase 2 discovery; and (2) any obligation of MGA Mexico under the

13  February 15, 2008 Order to provide supplemental interrogatory responses is stayed on the

14  grounds that discovery directed to MGA Mexico, which was formed in April 2004, constitutes

15  Phase 2 discovery.

16      As a threshold matter, the MGA Parties' Motion for Clarification is procedurally

17  appropriate in view of the district court's stay on Phase 2 discovery, notwithstanding Mattel's

18  assertion to the contrary.  The district court imposed the stay on Phase 2 discovery after the close

19  of briefing on Mattel's motion to compel.  The parties did not address in their papers which

20  interrogatories related solely to Phase 2.  Nor was the stay on Phase 2 discovery the principal

21  focus of the February 11, 2008 hearing, although the stay was mentioned.

22      Having reviewed the interrogatories at issue in this Motion for a second time, it is

23  apparent that the interrogatories are relevant primarily, if not exclusively, to Phase 2.  To the

24  extent the interrogatories at issue encompass information that may be relevant to any Phase 1

25  issue, the potential relevance of the information sought is substantially outweighed by the burden

26  and expense of requiring the MGA Parties to provide supplemental responses in the few

27  remaining weeks before the Phase 1 trial.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT 12

PAGE 220

1    Accordingly, the MGA Parties' motion is granted.  The MGA Parties' obligation to

2  supplement their responses to Interrogatory Nos. 41 (other than as to Carter Bryant), 43 and 44,

3  and MGA Mexico's obligation to supplement any of the interrogatories directed to it, are hereby

4  stayed until further order of the district court lifting the stay on Phase 2 discovery.

5    Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

6  Master, Mattel shall file this Order with the Clerk of Court forthwith.

7

8  Dated: April 22, 2008

9                                    HON. EDWARD A. INFANTE (Ret.)
                                     Discovery Master
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT 12
PAGE 22-1

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr>
<td>

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

</td>
<td>

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

</td>
<td>

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

</td>
</tr>
<tr>
<td>

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

</td>
<td></td>
<td>

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

</td>
</tr>
</table>

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   January 20, 2009

**NUMBER OF PAGES, INCLUDING COVER: 6**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Jason Russell, Esq.*<br>*Robert J. Herrington, Esq.*<br>Skadden, Arps, Slate, Meagher & Flom LLP | 213.687.5000 | 213.687.5600 |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

*FAXED*
JAN 2 0 2009

07209/2475397.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | *JOHANNA LOPEZ -10TH* | ☐ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

EXHIBIT 12

PAGE 222

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

```
********************
***   TX REPORT   ***
********************

TRANSMISSION OK

TX/RX NO                  2244
RECIPIENT ADDRESS         76706#7209#12136875600
DESTINATION ID
ST. TIME                  01/20 15:26
TIME USE                  03'27
PAGES SENT                6
RESULT                    OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SAN DIEGO**
4445 Eastgate Mall, Suite 200
San Diego, CA 92121
(858) 812-3107
Facsimile: (858) 812-3336

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   January 20, 2009

**NUMBER OF PAGES, INCLUDING COVER: 6**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| *Jason Russell, Esq.*<br>*Robert J. Herrington, Esq.*<br>Skadden, Arps, Slate, Meagher & Flom LLP | 213.687.5000 | 213.687.5600 |
| | | |

**FROM:**   Jon Corey

**RE:**   *Mattel, Inc. v. MGA Entertainment, Inc.*

**MESSAGE:**

EXHIBIT 12

PAGE 223

# Exhibit 13

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3203

WRITER'S INTERNET ADDRESS
scottwatson@quinnemanuel.com

January 28, 2009

**VIA FACSIMILE AND MAIL**

Thomas Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, CA 90071

Re:  Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I write to meet and confer in advance of a motion to compel regarding MGA Entertainment, Inc.'s response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, and MGA's and Isaac Larian's responses to Mattel's Supplemental Interrogatories.

## MGA's Response to No. 45 of Mattel's Sixth Set of Interrogatories

Interrogatory No. 45 asks MGA to identify each Bratz product that MGA or its licensees have sold, and to identify the profits, costs, and revenue associated with each such product. See Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007.  MGA responded in December 2007 by producing documents with Bates numbers MGA 3709872- MGA 3745687 and MGA 3745688-MGA3746620.  See MGA's Entertainment, Inc.'s Objections and Responses to Mattel, Inc.'s Sixth Set of Interrogatories, dated November 26, 2007 at 10 (MGA will "specify and produce to Mattel copies of the records from which the answer to this interrogatory may be derived or ascertained"); Letters from Timothy Miller to Scott Kidman, dated December 7, 2007 and December 12, 2007 (producing documents in response to Interrogatory No. 45).  Since that time, however, MGA has yet to supplement its response. See Fed. R. Civ. P. 26(e)(1) ("a party who has . . . responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or

**quinn emanuel urquhart oliver & hedges, llp**

07209/2777126.2  NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT  _13_

PAGE  _224_

January 28, 2009
Page 2

response is incomplete"). Please advise when Mattel can expect to receive MGA's supplemental response.

### MGA's Responses to Nos. 51-64, 67-69 and Larian's Responses to Nos. 56-63, 67-69 of Mattel's Supplemental Interrogatories

MGA and Larian provided only objections to many of Mattel's Supplemental Interrogatories on the grounds that Phase Two discovery was stayed until further order of the Court. See MGA's Responses to Interrogatory Nos. 51-64, 67-69 ("Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court. Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court"); Larian's Responses to Interrogatory Nos. 56-63, 67-69 (same).

As you know, the Court lifted the stay on Phase 2 discovery on January 6, 2009. Accordingly, please advise whether MGA and Larian will now provide responses to these interrogatories and, if so, when they will serve them.

Additionally, MGA and Larian have asserted several additional improper objections to these interrogatories. For example, MGA and Larian object to the definition of "Former Mattel Employees" on the grounds that the definition requires them to "make a conclusion as to an ultimate issue in the case" and because they cannot determine whether and which former Mattel employees violated any obligations to Mattel. See MGA's Responses to Mattel's Supplemental interrogatories at 13. Based on this objection, MGA and Larian unilaterally limit the definition to refer only to "Carlos Gustavo Machado Gomez, Mariana Trueba Almada, Pablo Vargas San Jose, Ron Brawer, Jorge Castilla, Dan Cooney, Janine Brisbois, Ron Rae, Nick Contreas and Ricardo Abundis." Id. at 14. This limitation is meritless. To the extent Interrogatory No. 45 requires a legal conclusion at all, it merely requires MGA and Larian to apply the law to the facts at hand. This is proper. Fed.R.Civ.P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to . . . the application of law to fact."). Indeed, the Discovery Master has overruled defendants' prior refusals to respond to discovery requests on these grounds before. See Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion objection in the context of requests for admissions). Moreover, MGA and Larian are certainly in a position to determine which Mattel employees other than those specifically identified have provided them with Mattel trade secrets. Indeed, they have an obligation to investigate whether that is the case.

MGA and Larian have also improperly objected to the interrogatories regarding "Mattel Documents" on the grounds that because Mattel has designated the "Mattel Documents" as "Confidential - Attorney's Eyes Only," it is impossible for them to respond. See, e.g., MGA's and Larian's Responses to Interrogatory Nos. 56, 58-63. However, MGA and Larian know which documents they improperly obtained from Mattel and who improperly obtained them; nothing about Mattel's designations alter those facts. MGA or Larian themselves also produced

07209/2777120.2

EXHIBIT _____
PAGE 225

January 28, 2009
Page 3

document after document containing Mattel trade secrets and, in fact, some of these were marked as exhibits at the deposition of Mr. Machado.

Please advise when MGA and Larian will be supplementing their responses to Mattel's Supplemental Interrogatories. If MGA or Larian intends to limit their responses based on these or any other objections, please let me know when you are available to meet and confer regarding these interrogatories. If we cannot resolve this matter during the meet and confer, Mattel will move to compel.

I look forward to your response.

Very truly yours,

Scott L. Watson/WPC

Scott L. Watson

cc: Amman Khan, Esq.

07209/2777120.2

07209/2777120.2

EXHIBIT 13
PAGE 226

# Exhibit 14



**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

January 8, 2009

VIA FACSIMILE AND U.S. MAIL

Thomas J. Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Re:   <u>MGA Entertainment, Inc. v. Mattel, Inc.</u>

Dear Counsel:

Pursuant to <u>Local Rule</u> 7-3, we are writing in connection with Mattel's anticipated Phase 2 motion for summary judgment, including specifically on MGA's claims relating to Bratz.

The jury verdict and the Court's rulings in Phase I established that Mattel owns copyrights in Bratz. As MGA does not own these copyrights, it cannot own any trade dress rights in the appearance of the Bratz dolls or any other matter protected by those copyrights. Furthermore, MGA's unlawful use of Mattel's rights bars MGA from obtaining any alleged trade dress rights as a matter of law. All of MGA's claimed trade dress rights are based on purported use through the unlawful sale of infringing Bratz dolls. The law does not recognize this as adequate use, and MGA's claims therefore fail. Indeed, if any party owns such trade dress rights, constructive trust law vests them in Mattel. For these same reasons, even if independently created, MGA did not acquire and could not have acquired any rights in any ostensible trade dress, marks or other elements that were intertwined or used with Mattel's Bratz properties. MGA accordingly acquired no rights in any aspect of any Bratz product that, in whole or in part, infringed upon Mattel's rights.

EXHIBIT _14_

PAGE _227_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

MATCOR054357

The positions that MGA and its counsel took in Phase 1 also defeat any Bratz trade dress claim by MGA. Throughout Phase 1, MGA repeatedly claimed, including under oath, that the Bratz dolls and other elements of Bratz products were significantly different from one another and that consumers actually purchased the products because of their differences. Where an alleged trade dress has changed repeatedly as MGA claims here, it cannot identify the source or origin of the good sold, and therefore cannot qualify as protectible trade dress. Thus, even to the extent that there are claimed elements of Bratz products that do not infringe upon Mattel's rights (which, as explained, above alone precludes MGA from claiming rights) or are even otherwise theoretically protectible, MGA's admissions have foreclosed it from any trade dress claim.

MGA also has made numerous allegations of unfair competition relating to Bratz in addition to trade dress infringement and dilution. These include, for example, claims that Mattel wrongfully encouraged licensors, distributors, and retailers not to deal in Bratz products; tampering with Bratz product displays; using its connections with NPD to change product classifications involving Bratz; using its connections with CARU to place limits on Bratz advertisements; and using its connections with the TIA to change the rules for winning Toy of the Year to ensure that a non-Bratz product won. As the Court has previously noted, however, MGA cannot maintain any claim based on products it had no legal right to manufacture, market and sell in the first instance. Since that is the case as a result of the Phase 1 trial and the Court's rulings, all such unfair competition claims fail also.

Please let me know if you wish to discuss these issues further before Mattel proceeds with its anticipated summary judgment motion and, if so, when would be a convenient time for you.

Very truly yours,

*Michael T. Zeller*

Michael T. Zeller

MTZ:csn
07209/2754457.1

EXHIBIT _14_

PAGE _228_

MATCOR054358

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:** January 8, 2009

**NUMBER OF PAGES, INCLUDING COVER:** _3__

| **NAME/COMPANY** | **PHONE NO.** | **FAX NO.** |
|---|---|---|
| Thomas J. Nolan, Esq. | ( 213) 687-5250 | (213) 687-5600 |
| Skadden Arps Slate Meagher & Flom, LLP | | |

**FROM:** Michael T. Zeller
(213) 443-3180

**RE:** Mattel v. Bryant

**MESSAGE:**

Please see attached.

FAXED
JAN 0 8 2009

---

07209/2748285.1

| **CLIENT #** | **7209** | **ROUTE/ RETURN TO:** | **Tiffany Garcia - 3rd floor** | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| **OPERATOR:** | PRISCILLA | | **CONFIRMED?** ☐ No ☐ Yes: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 14

PAGE 229

MATCOR054355

01/08/2009 16:58 FAX  12134██100        QEUOH-LAO-2              ● ·                    ☒001

```
                        *********************
                   ***    TX REPORT    ***
                        *********************

        TRANSMISSION OK

        TX/RX NO                  2173
        RECIPIENT ADDRESS         76706#7209#12136875600
        DESTINATION ID
        ST. TIME                  01/08 16:56
        TIME USE                  01'20
        PAGES SENT                3
        RESULT                    OK
```

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052, Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE
# FACSIMILE TRANSMISSION

**DATE:**   January 8, 2009

**NUMBER OF PAGES, INCLUDING COVER: _3__**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas J. Nolan, Esq. Skadden Arps Slate Meagher & Flom, LLP | ( 213) 687-5250 | (213) 687-5600 |

**FROM:**   Michael T. Zeller
(213) 443-3180

**RE:**   Mattel v. Bryant

**MESSAGE:**

Please see attached.

EXHIBIT _14_

PAGE _230_

MATCOR054356

# Exhibit 15

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3203**

WRITER'S INTERNET ADDRESS
**scottwatson@quinnemanuel.com**

February 6, 2009

**VIA FACSIMILE AND MAIL**

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067

Re:  Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I write further to our meet and confer of this afternoon and my January 28, 2009 letter regarding MGA Entertainment, Inc.'s response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories, and MGA's and Isaac Larian's responses to Mattel's Supplemental Interrogatories.

MGA and Larian agreed during our call that their objection to Mattel's Interrogatories on the grounds that Phase Two discovery was stayed until further order of the Court is no longer viable.

You agreed to let me know on Monday, February 9, 2009 which interrogatories MGA and Larian will respond to and whether those responses will be limited by the remaining objections.  If we cannot resolve this matter next Monday, Mattel will move for an order overruling objections and compelling a full and complete response.

Very truly yours,

Scott L. Watson

07209/2789524.1

EXHIBIT __15__

PAGE __231__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-5107 FAX 858-812-5156

07209/2789524.1

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td>

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

</td><td>

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

</td><td>

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

</td></tr>
<tr><td>

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

</td><td>

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

</td><td>

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

</td></tr>
</table>

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   February 6, 2009

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman Kahn, Esq. Christensen, Glaser, Fink, Jacobs Weil & Shapiro, LLP | (310) 553-3000 | (310) 556-2920 ✓ |
| Thomas Nolan, Esq. Skadden, Arps, Slate, Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 ✓ |
| Jean Nogues Mitchell Silberberg & Knupp | (310) 312-3152 | (310) 213-8352  310-312-3100 |

**FROM:**   Scott L. Watson

**RE:**   Mattel v. MGA, Ent.

**MESSAGE:**

*FAXED*
*FEB 6 2009*

07209/2783724.1

| CLIENT # | 7975 | ROUTE/ RETURN TO: **Tiffany Garcia - 3rd Floor** | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT | EXHIBIT 15 |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: _____ | PAGE 232 |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

## Group Send Report

Page        : 001
Date & Time: 02-06-2009   16:59
Line 1      : 2134433100
Line 2      :
Machine ID : QUINN EMANUEL

Job number        :   925

Date              :   02-06  16:55

Number of pages   :   002

Start time        :   02-06  16:55

End time          :   02-06  16:59

Successful nbrs.

    Fax numbers

        ☎3*13105562920#  √


Unsuccessful nbrs.                                                      Pages sent

    Fax numbers

        ☎3*13102138352#                                                   000

EXHIBIT  15
PAGE  233

**Group Send Report**

Page       : 001
Date & Time: 02-06-2009   16:53
Line 1     : 2134433100
Line 2     :
Machine ID : QUINN EMANUEL

Job number          :   924

Date                :   02-06  16:49

Number of pages     :   002

Start time          :   02-06  16:49

End time            :   02-06  16:53

Successful nbrs.

    Fax numbers

        ☎3*12136875600#  ✓

Unsuccessful nbrs.                                                    Pages sent

    Fax numbers

        ☎3*13105562920#                                    000
        ☎3*13102138352#                                    000

EXHIBIT __15__
PAGE __234__

# Confirmation Report — Memory Send

```
Page         : 001
Date & Time: 02-06-2009    17:13
Line 1       : 2134433100
Line 2       :
Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 928 |
| Date | : | 02-06  17:11 |
| To | : | ☎3*13103123100# |
| Number of pages | : | 002 |
| Start time | : | 02-06  17:11 |
| End time | : | 02-06  17:13 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number       : 928            \*\*\* SEND SUCCESSFUL \*\*\*

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku,   107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

### LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**    February 6, 2009              **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE No. | FAX No. |
|---|---|---|
| Amman Kahn, Esq.
Christensen, Glaser, Fink, Jacobs
Weil & Shapiro, LLP | (310) 553-3000 | (310) 556-2920 |
| Thomas Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 |
| Jean Nogues
Mitchell Silberberg & Knupp | (310) 312-3152 | (310) 213-8352
310 - 312 - 3100 |

**FROM:**    Scott L. Watson

**RE:**    Mattel v. MGA, Ent.

**MESSAGE:**

---

07209/2783724.1

| CLIENT #    7975 | ROUTE/
RETURN TO:   Tiffany Garcia - 3rd Floor | ☒ CONFIRM FAX
☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR:   W  ne | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  15

PAGE  235

# Confirmation Report — Memory Send

|  |  |
|---|---|
| Page | : 001 |
| Date & Time | : 02-06-2009   17:05 |
| Line 1 | : 2134433100 |
| Line 2 | : |
| Machine ID | : QUINN EMANUEL |

| Job number | : | 927 |
|---|---|---|
| Date | : | 02-06  17:02 |
| To | : | ☎3*13102138352# |
| Number of pages | : | 002 |
| Start time | : | 02-06  17:02 |
| End time | : | 02-06  17:05 |
| Pages sent | : | 000 |
| Status | : | NG    BO |

Job number    : 927           *** SEND FAILED ***

---

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | TOKYO |
|---|---|---|
| 51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100 | 865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100 | Akasaka Twin Tower Main Building, 6th Floor<br>17-22 Akasaka 2-Chome<br>Minato-ku, 107-0052<br>+81 3 5561-1711<br>Facsimile: +81 3 5561-1712 |
| SILICON VALLEY<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100 | SAN FRANCISCO<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700 | LONDON<br>16 Old Bailey<br>London United Kingdom<br>+44(0) 20 7653 2000<br>Facsimile: +44(0) 20 7653 2100 |

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**    February 6, 2009             **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman Kahn, Esq.<br>Christensen, Glaser, Fink, Jacobs<br>Weil & Shapiro, LLP | (310) 553-3000 | (310) 556-2920 |
| Thomas Nolan, Esq.<br>Skadden, Arps, Slate, Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 |
| Jean Nogues<br>Mitchell Silberberg & Knupp | (310) 312-3152 | (310) 213-8352 |

**FROM:**    Scott L. Watson

**RE:**    Mattel v. MGA, Ent.

**MESSAGE:**

---

07209/2783724.1

| CLIENT # | 7975 | ROUTE/<br>RETURN TO: | Tiffany Garcia – 3rd Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | W Jac | | CONFIRMED? ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 15

PAGE 236

# Exhibit 16

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Jean Pierre Nogues
A Professional Corporation
(310) 312-3152 Phone
(310) 231-8352 Fax
jpn@msk.com

February 6, 2009

**VIA E-MAIL AND U.S. MAIL**

Jon Corey, Esq.
Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re: **Bryant v. Mattel, Inc. and Consolidated Actions, C.D. Cal. (Eastern Div.) Case No. CV04-09049 SJL (RNBx); Meet and Confer re MGA Responses to Mattel Interrogatories 43, 44, 51-55 and 64**

Dear Jon,

This will confirm MGA's proposal during our meet-and-confer session today that MGA would provide further responses to Mattel's Interrogatories 43, 44, 51 through 55, and 64, all of which deal with MGA's trade dress claims, not later than 30 days after the Court decides the trade dress summary judgment motion which Mattel has indicated it will be bringing. If granted in whole or in part, Mattel's motion, which does not depend in any respect on responses to these interrogatories, would limit or eliminate issues relating to MGA's trade dress claims and the discovery necessary to litigate those claims. It does not make sense to us that either party would expend time or money conducting discovery which may prove unnecessary if Mattel's motion is successful.

I also advised that if Mattel did not agree to this proposal, MGA would make a motion for a protective order that would defer its obligation to respond until after the Mattel summary judgment motion is heard.

EXHIBIT __16__

PAGE __237__

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: www.msk.com

MITCHELL SILBERBERG & KNUPP LLP

Jon Corey, Esq.
February 6, 2009
Page 2

You indicated you would get back to me about this proposal after speaking with your client. I
look forward to hearing back from you.

Very truly yours,

Jean Pierre Nogues
of
MITCHELL SILBERBERG & KNUPP LLP

JPN/jpn
cc:     Amman Khan, Esq.

2119905.1/39416-00002

EXHIBIT 16
PAGE 238

# Exhibit 17

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 8, 2009

**VIA FACSIMILE AND U.S. MAIL**

Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs & Shapiro LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Re:   Mattel v. MGA Entertainment, Inc., et al.

Dear Amman:

I write in furtherance of our meeting of counsel of February 6, 2009 regarding various Phase 2 discovery issues.

First, regarding Mattel's Renewed Motion to Compel Production of Documents and Things by MGA Entertainment, Inc., filed January 26, 2008 and currently pending before the Discovery Master, you agreed that MGA would produce, within thirty days, all non-privileged documents responsive to Mattel's Request No. 48 from its First Set of RFPs for the twelve individuals indentified in Mattel's motion. You also agreed to produce, within thirty days, all non-privileged documents responsive to Mattel's Request Nos. 43-75 from its Third Set of RFPs regarding "Scooter Samantha," "Space Babies" and Scott Reyes, as set forth in Mattel's motion.

As to Mattel's Request Nos. 87 and 88, regarding personnel files for former Mattel employees and vendors, you stated that your objections to producing the personnel files in their entirety arose from concerns over employee privacy. As I stated at the conference, the prior Discovery Master and the Court have time and again held that the Protective Order in this case sufficiently ameliorates any such concerns. As an example, I direct your attention to the attached Discovery Master's May 15, 2007 wherein he overruled similar privacy objections and ordered the production of personnel files. See May 15, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at 3, 9 (overruling MGA's privacy objections on behalf of

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT  17
PAGE  239

third parties and ordering production of responsive documents); see also id. at 11 n.4 ("The personnel file may have documents relevant to Bratz, and therefore should be produced. The protective order is sufficient to alleviate . . . privacy concern[s]."). Similarly, in another Order the Discovery Master overruled Bryant's objections based on the privacy of third parties because "the protective order is sufficient to address . . . confidentiality concerns." January 26, 2007 Order Granting Mattel's Motion to Compel Production of Documents and Things, at 15.

I trust this adequately alleviates your concerns and that MGA will also produce these files. Separately, I explained that Mattel is not only interested in what may be in the personnel files, but what may not be in there, such as instances of no disciplinary action taken. Mattel will agree, however, to exclude from its request any health care specific information. Once MGA agrees to a stipulation so ordering the production of these documents, then Mattel will take its motion off-calendar.

Second, with regard to MGA's outstanding responses to a number of Mattel's Interrogatories, you agreed that MGA would respond to Interrogatory No. 41 within thirty days.

Regarding Mattel's Interrogatory Nos. 43, 44, 51-55 and 64, your colleague, Mr. Nouges proposed that, in light of Mattel's intention to seek summary adjudication of MGA's claims of trade dress infringement, MGA be permitted to delay its response to these interrogatories until thirty days after any ruling on Mattel's contemplated motion. I informed you that I would discuss your proposal with our client, but that I did not expect them to agree.

Additionally, you questioned whether MGAE de Mexico was bound by the Order compelling responses to Interrogatory Nos. 41-43. Both the original February 15, 2008 Order and the subsequent April 22, 2008 Clarification were directed to the "MGA Parties," including MGAE de Mexico. Moreover, as I stated at the conference, the interrogatories to MGAE de Mexico are identical to those that Mattel propounded upon MGA, and assuming MGAE de Mexico takes the same positions that were advanced by MGA and rejected by the Discovery Master, there is no reason MGAE should not be similarly bound by the logic of the Order. As you indicated that you did not have the requests at issue, I have attached Mattel's interrogatories to MGAE de Mexico.

Third, regarding Mattel's request to schedule the continued deposition of Isaac Larian on Phase 2 matters, you indicated that as MGA's CEO, any such deposition would be impermissibly burdensome. You asked me why additional time was justified. I told you that, at most, Mattel had five hours to depose Mr. Larian regarding Phase 2 issues, that he was a named defendant, that there are tens of thousands, if no hundreds of thousands, of pages of documents that he authored or related to him and the five hours (much of which was devoted to further Phase 1 issues given that MGA and Larian produced the vast majority of their documents amounting to millions of pages after Mr. Larian was first deposed). As such, further deposition is warranted. Because we were unable to reach an agreement on this issue, Mattel will seek an order form the Discovery Master compelling Mr. Larian's further deposition testimony.

Fourth, regarding Mattel's request to schedule the continued deposition of Ron Brawer on Phase 2 matters, you took the position that his deposition was unwarranted because he had already been

EXHIBIT 17

PAGE 240

deposed and because you did not see Mr. Brawer's continued relevance. Mr. Brawer is a key witness and/or actor at the core of Mattel's Phase 2 allegations. His deposition was never completed, and now that Phase 2 has begun, it should be scheduled immediately. You agreed that you would consider this issue and to provide a response on Monday.

Fifth, regarding Mattel's intention to file a motion for reconsideration of the order compelling Isaac Larian's communications with Mattel employees, but limiting the response to communications that occurred prior to 2005, you indicated that you needed more time to consider the issue because you claimed that your firm did not have the documents, and you needed to determine whether compliance with Mattel's request would be unduly burdensome. I informed you that it was not my understanding that the Discovery Master's time limitation was based on burden considerations. As we discussed, the Discovery Master's prior order limited the scope of Mattel's request based on misapprehension of Mattel's counterclaims. The temporal limitation was not an issue discussed at the hearing or briefed, but a decision made, *sua sponte*, by the Discovery Master. Plainly Mr. Larian's communications with Mattel's employees are highly relevant—indeed, more so, if there may be, as you initially suggested, that Mr. Larian has had so many communications with Mattel employees that responding to such a request would impose an undue burden upon Mr. Larian or upon MGA. We agreed that you would provide me with a firm position on Monday.

Sixth, regarding Mattel's 30(b)(6) deposition of MGAE de Mexico and MGA, you agreed that at the conference on Monday you would be in a position to state which employees would be designated for which topics and their dates of availability. To assist you, I've am attaching Mattel's January 9, 2008 Deposition Notices of MGAE de Mexico and MGA.

Seventh, regarding MGA's supplemental document production regarding financial information, as required by Rule 26(e)(1) and the Discovery Master's Orders of December 28 and 31, 2007, you indicated that you were not in a position to respond to Mattel's request at this time because you did not have the document requests or orders at issue. To assist you, I am attaching Mattel's Requests Nos. 207, 208, 209 and the relevant Discovery Master orders. Please be prepared to respond substantively to Mattel's request on Monday.

Eighth, regarding Mattel's deposition notices of Mr. Vargas, Ms. Trueba and Ms. Salemnia, you agreed that MGA was no longer were objecting on the grounds that Judge Larson's January 7, 2008 order required all Phase 2 depositions to be completed by the end of January 2008. I requested, and you agreed, to provide by Monday, February 9, 2009, amended objections to those deposition notices with that objection omitted.

Ninth, regarding Ms. Salemnia's last known address, you indicated that you would be able to respond at our Monday conference.

Tenth, regarding the current procedures for discovery disputes, I had requested that MGA agree to amend the discovery master stipulation to reflect the parties' long-standing practice of conducting meetings of counsel telephonically. Further, we will take under consideration your request that we amend the procedures to allow a party extended time to file any opposition and reply.

EXHIBIT 17

PAGE 241

Finally, I must note that you were not adequately prepared to substantively discuss a number of issues which we had planned to address at last Friday's meeting of counsel. For a number of these disputes you did not even have the relevant pleadings or underlying orders. As a courtesy, I am providing you with those documents that you lack, but I am sure that your co-counsel has. We do not expect that your association in of this case will cause further delay in its prosecution or defense of this case. If the association of your firm was going to cause delay in any respect, then the time to raise that was with the Court upon the request for association. Your failure to do so does not justify any delay or excuses for not being fully prepared, particularly given that your firm is but one of MGA's counsel in this case.

If you have any questions regarding the foregoing, please do not hesitate to call.

Best regards,

Jon Corey

Jon Corey

Enclosures

cc:    Jean P. Nogues, Esq. (via electronic mail w/ enclosures)

4

EXHIBIT 17

PAGE 242

# Exhibit 18

1

1           UNITED STATES DISTRICT COURT

2           CENTRAL DISTRICT OF CALIFORNIA

3                EASTERN DIVISION

4                  - - -

5      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                  - - -

7    MATTEL, INC.,                    )
                                      )        COPY
8                   Plaintiff,        )
                                      )
9         vs.                         )   No. CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL.,)
                                      )
11                  Defendants.       )
     _____)   Motions
12   AND CONSOLIDATED ACTIONS,        )
                                      )
13   _____)

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              Riverside, California

17           Wednesday, February 11, 2009

18                10:03 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
              Federal Official Court Reporter
24              3470 12th Street, Rm. 134
              Riverside, California  92501
25                  951-274-0844
                 WWW.THERESALANZA.COM

EXHIBIT 18

PAGE 243

2

```
 1    APPEARANCES:

 2    ON BEHALF OF MATTEL, INC.:

 3                         QUINN EMANUEL
                           By:  JOHN QUINN
 4                              DYLAN PROCTOR
                                MICHAEL T. ZELLER
 5                         865 S. FIGUEROA STREET,
                           10TH FLOOR
 6                         LOS ANGELES, California  90017
                           213-624-7707
 7

 8    ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
      (Outgoing)
 9                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                           BY:  THOMAS J. NOLAN
10                              JASON RUSSELL
                           300 SOUTH GRAND AVENUE
11                         LOS ANGELES, CALIFORNIA  90071-3144
                           213-687-5000
12

13    ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
      (Incoming)
14                         GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
                           BY:  JOEL KLEVENS
15                         10250 Constellation Boulevard
                           Los Angeles, California  90067
16                         310-553-3000

17                         MITCHELL, SILBERBERG & KNUPP LLP
                           BY:  RUSSELL J. FRACKMAN
18                         11377 West Olympic Boulevard,
                           Los Angeles, California  90064-1683
19                         310-312-2000

20
      ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21
                           OVERLAND BORENSTEIN SCHEPER & KIM LLP
22                         BY:  ALEXANDER H. COTE
                           601 West Fifth Street,
23                         12th Floor
                           Los Angeles, California  90071
24                         213-613-4660

25    / / /
```

EXHIBIT 18

PAGE 244

3

```
 1                    I N D E X  (Continued)

 2

 3   APPEARANCES  (continued):

 4
     On behalf of OMNI 808:
 5

 6                         BINGHAM McCUTCHEN LLP
                           BY:   Todd E. Gordinier
 7                         600 Anton Boulevard
                           Costa Mesa, CA  92626-1924
 8                         714-830-0622

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT 18

PAGE 245

93

1            THE COURT:   What's your sense?

2            MR. KLEVENS:   I would hope we could have a trial date

3    in the latter part of November.

4            THE COURT:   Of this year?

5            MR. KLEVENS:   Yes, and work backward from that with          02:28

6    our other deadlines, rather than pushing this all of the way to

7    next spring.  And I'm hoping that we'll find ways to reduce the

8    incredibly exorbitant amount of discovery that took place in

9    Phase 1 and the incredible expense to both parties that was

10   entailed in that and figure out some ways to streamline some of    02:28

11   this in Phase 2 so that we don't have that kind of thing that

12   counsel and parties had in Phase 1.  And I think a tighter

13   schedule will hopefully facilitate that as well.

14           THE COURT:   Very well.

15           So if we had a November trial date, you'd be               02:29

16   suggesting a discovery cutoff, then, in July or August?

17           MR. KLEVENS:   I guess, right, or September.

18           THE COURT:   Because we'd still have to fit in the

19   dispositive motions.

20           MR. KLEVENS:   You're saying the motions would have to     02:29

21   follow the discovery cutoff?

22           THE COURT:   Yes.  I found it helps to have --

23           MR. KLEVENS:   So I guess August would be the

24   discovery cutoff.

25           THE COURT:   Very good.

EXHIBIT _18_  02:29

PAGE _246_

1          MR. KLEVENS:   I would simply request the latter part

2    of November rather than the early part, because we do have a

3    conflict in the first week of November, the 5th and 13th.

4          (Brief pause. )

5          THE COURT:   I think, on the one hand, trying to wrap          02:32

6    up discovery, given my understanding of the Phase 2 issues, by

7    August or even September, I think, is unworkable.

8          At the same time, I do agree that spring of next

9    year, given how much discovery has gone on here and my sincere

10   hopes that we will be able to streamline discovery, is too much     02:33

11   time.

12         I'm going to set a discovery cutoff for the end of

13   this year; December 11, 2009 will be the discovery cutoff.

14         I have just received a note.

15         There's another defendant in this case.                       02:34

16         Counsel, you did not weigh in on this.

17         MR. COTE:   Alexander Cote, representing Gustavo

18   Machado.

19         Either plan sounds fine with us, Your Honor.   We

20   don't anticipate a lot of discovery, so we'll defer to counsel.     02:34

21         Would that be for expert and fact discovery?

22         THE COURT:   All discovery cutoff, all discovery will

23   be done by this date.

24         MR. COTE:   Thank you.

25         THE COURT:   We've gone through this before; all              02:34

:dnesday, February 11, 2009              EXHIBIT 18              Mattel vs. MGA Entertainme:

PAGE 247

95

1    discovery is cut off December 11, 2009.

2         I will schedule dispositive motions for February 1st,

3    2010, at 10:00 A.M.; I'll schedule a pretrial conference for

4    March 1st, 2010, at 11:00 A.M.; and the trial date for Phase 2

5    will be March 23, 2010, at 9:30 A.M.  I will have the cutoff          02:35

6    for the mandatory settlement conference also scheduled for

7    December 11, 2009.

8         My hope would be that we could wrap this case up this

9    year, but, if not, we'll have dispositive motions and the trial

10   in the early part of next year.                                      02:35

11        Are there any conflicts, known conflicts at this

12   point, with any of those dates?

13        From Mattel's perspective?

14        MR. ZELLER:  No.  Not with Mattel, Your Honor.

15        THE COURT:  With MGA?                                           02:35

16        MR. KLEVENS:  I don't believe so, Your Honor.

17        MR. COTE:  None, Your Honor.

18        THE COURT:  Very well.

19        Is there anything else we need to address at this

20   time?                                                               02:35

21        MR. ZELLER:  Yes, Your Honor.

22        Given these deadlines -- and I regret having to

23   embroil the Court in this, because this is a, quote, "discovery

24   issue," but it involves the Court's orders from January.

25        As I've mentioned, we have received nothing from MGA,          02:35

:dnesday, February 11, 2009          EXHIBIT   18          Mattel vs. MGA Entertainmeı

PAGE   248

1    even as to things that were compelled before the stay.  They

2    have been taking the position that the Court's orders of

3    January 6th and January 7th effectively stayed our ability to

4    get financial discovery.

5         I would ask the Court to make a ruling on this.          02:36

6         I regret having to raise it, but we are going to lose

7    at least another month, if not another two months, in getting

8    financial information which is absolutely critical for our

9    ability to prepare for this.  And this is one reason why I was

10   suggesting as long as I was.                                 02:36

11        THE COURT:  I understand, Counsel.

12        MR. ZELLER:  But, the idea that there's a stay in

13   place is --

14        THE COURT:  I thought I made it clear that I lifted

15   all stays on discovery, but perhaps not.                     02:36

16        MR. KLEVENS:  The system the Court has set up cannot

17   work if counsel are allowed to come to the Court and give some

18   distorted view of what they think the dispute is about and not

19   leave it to the Discovery Master to look at and resolve and

20   give the parties the opportunity to brief.                   02:36

21        I'm not going to respond to what he says.  I don't

22   agree with a word that he said.  But I'm not going to

23   respond to it.

24        THE COURT:  I think you have responded, Counsel, and

25   I take your response at its value.                           02:37

idnesday, February 11, 2009        EXHIBIT  18        Mattel vs. MGA Entertainme

                                    PAGE  249

97

1       For the record, I previously indicated that all stays

2 on discovery have been lifted. All discovery matters should

3 rightfully be referred to the Discovery Master. And I'll let

4 it go at that.

5       MR. ZELLER: And that no discovery issues or no    02:37

6 requests for discovery are premature at this point, because

7 that's the other term they are using on this.

8       THE COURT: I will instruct the Discovery Master this

9 afternoon, in no uncertain terms, that there is no stay on any

10 discovery related to this case at all. There's no longer a    02:37

11 Phase 1/Phase 2 distinction.

12       As I indicated, I thought that I made this clear

13 before. If it's not, it will be expressly set forth in the

14 minutes coming out of today's hearing.

15       There is no stay on discovery. Period.    02:37

16       MR. ZELLER: And we're fully entitled to the

17 financial information that --

18       THE COURT: Lets leave it at that, Counsel.

19       Thank you, Mr. Zeller.

20       MR. RUSSELL: Could I say one thing, since    02:38

21 Mr. Zeller injected this.

22       When he's talking about this stay -- and this is the

23 twilight between Phase 1 and Phase 2 counsel -- they

24 promulgated a series of receiver-related discovery which we

25 contend and run your Honor's orders saying let's talk it out of    02:38

:dnesday, February 11, 2009     EXHIBIT _18_    Mattel vs. MGA Entertainmei

PAGE _250_

1  discovery, let's let Mr. Durkin handle this.  And that's what

2  he's talking about.

3        There may be other issues, but a major component --

4  and I would not want Your Honor to paint with too broad a

5  brush -- it is MGA's position as to Phase 1 receiver-related        02:38

6  issues, that Your Honor appropriately, at our request, took out

7  of discovery the financial discovery issues.

8        THE COURT:  Mr. Durkin is acting at the Court's

9  direction to inform the Court of information.  I may or may not

10 release any of the information that Mr. Durkin provides; so no     02:38

11 one, neither side, should be relying upon the information that

12 Mr. Durkin is gathering for purposes of litigating this case.

13 That's an entirely separate matter.  And I have not stayed any

14 discovery, and there should be no reliance on that.

15       If that was misunderstood, it's clarified now.             02:39

16       MR. RUSSELL:  Just so I can make sure I'm clear, Your

17 Honor, because I really, since we were the ones at the hearing

18 when this was discussed, and we asked Your Honor for this

19 precise relief, which is to say the financial discovery, the

20 allegations against Omni and IGWT and the like, and I thought I    02:39

21 heard Your Honor to say that it made sense for Mr. Durkin to

22 get to the base of it.  And if, then, there were any merit to

23 it, we could allow this discovery to go forward.

24       THE COURT:  Wait a second.

25       You're adding something in there.  I didn't say             02:39

1    scope of what Your Honor refused to give them.  Let's let the

2    discovery master rule on it.  It can always come back to you.

3              THE COURT:  Okay.

4              But I guess, Mr. Russell, I'm not sure of the

5    characterization that you're making.                                02:41

6              I handled the receivership application and request

7    made thereunder in the way that I'm handling the receivership

8    application; that should not be taken one way or the other as a

9    discovery ruling.

10             MR. RUSSELL:  I guess, Your Honor, the question is if   02:41

11   there was, as part of that application, and there's an

12   assumption built in that we'd like to have the Discovery Master

13   resolve, is it just receiver discovery or is it Phase 2?  That

14   seems like a question that Mr. O'Bryan should answer.  But I

15   assume, since you don't have any of the briefs and you don't     02:41

16   have the discovery and this has just been dropped on you,

17   assume for the sake of this discussion, that it is solely

18   related to the receiver; that it is, as we pause it, identical

19   to the discovery submitted.

20             THE COURT:  I guess where I would distinguish,          02:41

21   counsel, is this notion of receiver discovery, or that phrase,

22   that's not a phrase the Court has used.  Not that I can recall

23   using.  If I did, I certainly did not intend to.  I'm not

24   designating that as a separate and severable part of the

25   discovery.                                                        02:42

:dnesday, February 11, 2009          EXHIBIT __18__          Mattel vs. MGA Entertainme:

PAGE __252__

1          The question for the discovery master will be whether

2    or not the disputed discovery request is related or relevant to

3    the trial that has now been scheduled for March or not.  I can

4    see tremendous overlap between, for example, discovery on

5    financial condition of the company as it relates to damages in          02:42

6    the Phase 2 and also issues that the receiver is looking at.

7    And without making a ruling on any of this, I would not suggest

8    for a moment that these are mutually exclusive categories.

9          MR. RUSSELL:  They may not be, Your Honor.  That's

10   the reason why Mr. O'Bryan in the first instance should deal          02:42

11   with it.  Because if you take it the way we take it, this might

12   not be Phase 2 discovery.

13         THE COURT:  You can make that argument to

14   Mr. O'Bryan.

15         MR. RUSSELL:  Thank you, Your Honor.          02:43

16         MR. ZELLER:  And just so it's clear, what Mr. Russell

17   is articulating is a basis as to why MGA has refused to give us

18   any financial --

19         THE COURT:  Mr. Zeller, I'm going to cut you off

20   here.  Take that up with the Discovery Master.  I don't mean to          02:43

21   cut you off, but I think I made my position as clear as I can

22   today that there is nothing from this Court which is precluding

23   any discovery that is properly sought for the trial that is

24   scheduled.

25         Whatever has happened has happened and we need to          02:43

1   move forward.

2          MR. ZELLER:  Thank you, Your Honor.

3          THE COURT:  Thank you, counsel.

4          MR. FRACKMAN:  I'm last, and I think I'll be the

5   shortest.  On the issue of streamlining discovery, I've read          02:43

6   the Court's prior orders concerning the number of depositions,

7   for example, and I confess, I'm a bit confused.

8          We would request from the Court that there be a

9   reasonable limit placed on Phase 2 depositions.  I don't know

10  whether that comes to Your Honor or whether that goes to the          02:44

11  discover referee.

12         THE COURT:  In the first instance, that would go to

13  the discovery referee.  The limits that were placed were limits

14  that were placed on the earlier discovery phase.

15         To be clear again, I have placed no limits, no          02:44

16  restrictions, other than what is set forth in the rules of

17  civil procedure and in local rule 37 on discovery from this

18  point until March 23rd.

19         If the parties wish to stipulate, they may.  If the

20  parties think that the Court needs to be involved in this in          02:44

21  the first instance, that needs to go to the Discovery Master.

22         MR. FRACKMAN:  I think we're prepared to follow the

23  federal rules, Your Honor.  Thank you.

24         THE COURT:  Very good.

25         MR. ZELLER:  I feel like I'm being more difficult at          02:44

:dnesday, February 11, 2009      EXHIBIT ___18___      Mattel vs. MGA Entertainmei

PAGE ___254___

105

1    we'll go from there.

2              **MR. ZELLER:**   Thank you.

3              **THE COURT:**   Anything further?

4              Thank you.   Good day.

5

6

7

8

9

10                          CERTIFICATE

11

12   I hereby certify that pursuant to section 753, title 28, United
     States Code, the foregoing is a true and correct transcript of
13   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
14   conformance with the regulations of the Judicial Conference of
     the United States.

15

16   _Theresa A. Lanza_                          2-13-09
     THERESA A. LANZA, CSR, RPR                  Date
17   Federal Official Court Reporter

18

19

20

21

22

23

24

25

dnesday, February 11, 2009          EXHIBIT __18__          Mattel vs. MGA Entertainmer

                                    PAGE __255__

# Exhibit 19

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 12, 2009

**Via Facsimile and U.S. Mail**

Jean Pierre Nogues
Mitchell Silberberg & Knupp LLP
11377 West Olympic Blvd.
Los Angeles, CA 90064

Re:    Mattel, Inc. v. Bryant

Dear Jean,

I write in response to your letter of February 6, 2009 in which you propose that MGA's responses to certain interrogatories related to MGA's contentions regarding its trade dress claims be held in abeyance pending resolution of Mattel's contemplated motion for summary judgment of the MGA's claims.  In light of the Court's comments toward the end of yesterday's hearing regarding Phase 2 discovery and having set a discovery cut-off, please confirm by the close of business on February 13, 2009 whether MGA will be providing full and complete responses to the interrogatories seeking MGA's contentions regarding its affirmative claims against Mattel. Because these claims have been pending since April 2005 and MGA has had almost 4 years to develop its contentions, Mattel expects MGA to be able to provide full and complete responses to them on or before February 27, 2009.  If we are in agreement, then I will provide a stipulation to document it.

Best regards,

Jon Corey

Jon Corey

---

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor. New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

EXHIBIT _19_

PAGE _256_

# Exhibit 20

# MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

## MS&K

Jean Pierre Nogues
A Professional Corporation
(310) 312-3152 Phone
(310) 231-8352 Fax
jpn@msk.com

February 13, 2009

**VIA E-MAIL AND U.S. MAIL**

Jon Corey, Esq.
Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

**Re:**   **Bryant v. Mattel, Inc. and Consolidated Actions, C.D. Cal. (Eastern Div.) Case No.**
**CV04-09049 SJL (RNBx); Meet and Confer re MGA Responses to Mattel Interrogatories**
**43, 44, 51-55 and 64 and Your Letter of February 12, 2009**

Dear Jon,

As you know, we are scheduled to meet and confer with your office next Wednesday, February 18, concerning Mattel's January 6, 2009 letter indicating an intent to file a summary judgment motion on MGA's trade dress claims. Mattel's anticipated summary judgment motion and our request that Mattel agree to defer trade dress discovery are inextricably intertwined. As a consequence, our meeting next week regarding the summary judgment motion, which we anticipate will include discussion of the claims on which Mattel intends to move, the basis of the motion and the anticipated timing of the motion, could impact our request regarding trade dress discovery.

As a consequence, it is premature to ask us to respond to your February 12 letter until after we have completed the meet and confer process on Mattel's anticipated motion underlying our request. While we are well aware of what Judge Larson said earlier this week, we are also aware that the discovery cutoff for Phase 2 is now December 11, 2009, some ten months away. Accordingly, waiting until next Wednesday to complete the meet and confer process before we respond to your letter does not in any way prejudice Mattel, and may result in avoidance of a potential dispute.

EXHIBIT _20_

PAGE _257_

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: www.msk.com

MITCHELL SILBERBERG & KNUPP LLP

Jon Corey, Esq.
February 13, 2009
Page 2

I look forward to discussing your February 12 letter with you next week.

Very truly yours,

Jean Pierre Nogues
of
MITCHELL SILBERBERG & KNUPP LLP

JPN/jpn

EXHIBIT 20

PAGE 258

2130043.1/39416-00002

**Exhibit 21**

## MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS&K**

Jean Pierre Nogues
A Professional Corporation
(310) 312-3152 Phone
(310) 231-8352 Fax
jpn@msk.com

February 19, 2009

**Via E-Mail and U.S. Mail**

Jon Corey, Esq.
Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street
10th Floor
Los Angeles, CA 90017-2543

Re:   **Bryant v. Mattel, Inc. and Consolidated Actions, C.D. Cal. (Eastern Div.) Case No. CV04-09049 SJL (RNBx); Meet and Confer re MGA Responses to Mattel Interrogatories 43, 44, 51-55 and 64**

Dear Mr. Corey,

I am responding to your letter of February 12 letter asking the MGA parties to agree to provide supplemental responses to the aforementioned interrogatories by February 27.

Yesterday, we had an opportunity to complete our discussions with your office concerning Mattel's anticipated summary judgment motion. During yesterday's session, Mr. Webster confirmed that Mattel's anticipated motion is premised entirely on the Court's Phase I rulings and determinations, and will assert that MGA cannot maintain trade dress claims on any elements relating to the Bratz dolls because (1) those claims are premised entirely on conduct which the Court found to be unlawful, and (2) Mattel essentially owns everything related to Bratz. Mr. Webster also informed us that Mattel would be filing its motion within a week of the Court's rulings on the Phase 1 matters heard February 11.

It is now clear that Mattel's motion does not depend on any discovery to be taken in Phase 2. It is also clear that because Mattel will file that motion very soon, it makes the most sense to await the outcome of that motion to begin trade dress discovery. Since Mattel will not voluntarily agree to suspend trade dress discovery until its summary judgment motion is decided, MGA will be filing a motion for protective order staying discovery until after the motion is decided.

Consequently, the MGA parties will not agree to provide supplemental responses to the aforementioned interrogatories by February 27, 2009. Instead, they offer to provide their supplemental responses either: (1) if the protective order motion is denied, 21 days after its denial; or (2) if the protective order motion is granted, 21 days after the Court decides Mattel's summary judgment motion, to the extent any trade dress claims remain after that decision. MGA plans to file its protective order motion next week.

EXHIBIT _21_

PAGE _259_

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000  Fax: (310) 312-3100  Website: www.msk.com

# MITCHELL SILBERBERG & KNUPP LLP

Please let me know if this is acceptable to you, or you would like to discuss this matter further.

Very truly yours,

Jean Pierre Nogues
of
MITCHELL SILBERBERG & KNUPP LLP

JPN/jpn
cc:    Russell J. Frackman, Esq.
        Joel N. Klevens, Esq.

EXHIBIT 21

PAGE 260

# Exhibit 22

I hereby certify that this document was faxed
to all counsel (or parties) at their respective,
most recent fax number of record, in this action,
on this date.

DATE: 6-16-06

J. De Bose
**DEPUTY CLERK**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ✗
Scan Only ✗

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  **CV 04-9059-SGL (RNBx)**                    Date: June 16, 2006

DOCKETED ON CM
JUN 19 2006
BY ____ 024

Title: **Mattel, Inc. v. Carter Bryant, et al.**

**DOCKET ENTRY**

PRESENT:

### HON. ROBERT N. BLOCK, UNITED STATES MAGISTRATE JUDGE

Trina DeBose                               n/a
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:
None present                             None present

**PROCEEDINGS:  (IN CHAMBERS)**

### Mattel's Motion to Enforce the Court's Order of March 23, 2005 and for Sanctions

After reviewing the parties' respective contentions in the Joint Stipulation, the Court has concluded that neither further briefing nor oral argument will be of material assistance in determining this Motion.  Accordingly, the hearing currently set for July 11, 2006 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The consequence of Mattel not insisting on the Larian deposition going forward within 20 days of the Court's March 23, 2005 ruling is that the Court's order that MGA produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of the ruling became subject to Judge Manella's May 20, 2005 order staying all discovery.

However, once the stay was lifted by Judge Larson on May 16, 2006, and Mattel's counsel sent his May 24, 2006 letter expressing Mattel's desire to proceed with the deposition in accordance with the terms of the Court's March 23, 2005 ruling, it again became incumbent on MGA to comply with that ruling.  While it would not have been unreasonable for MGA's counsel to respond with alternative proposed dates within the 20-day time frame from receipt of Mattel's counsel's May 24, 2006 letter, insisting that Mr. Larian would not be available until July 25-26 (and not even committing to those dates as firm dates) was neither reasonable nor in compliance with the Court's original

MINUTES FORM 11
CIVIL-GEN

EXHIBIT 22
PAGE 26

Initials of Deputy Clerk ___

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.:    CV 04-9059-SGL (RNBx)                                    June 16, 2006
        <u>Mattel, Inc. v. Carter Bryant, et al.</u>                                    Page 2

-------------------------------------------------------------------------------------------

ruling. Accordingly, Mattel's Motion is GRANTED as follows. MGA is ORDERED to produce Mr. Larian for a deposition either (a) on a mutually convenient date agreed upon by the parties, or (b) if the parties are unable to agree on a mutually convenient deposition date, then on any date noticed by Mattel provided that 10 days' notice is given. MGA and Mr. Larian are forewarned in advance that the Court will not tolerate any further delaying tactics.

    With respect to the sanctions issue, the Court finds that Mattel did make a good faith effort to obtain the discovery sought without court action. Moreover, the Court declines to find that MGA's opposition to the motion was substantially justified or that other circumstances here make an award of Mattel's reasonable expenses unjust. The Court also notes that, contrary to MGA's contention, there is no requirement under Fed. R. Civ. P. 37(a)(4) that the prevailing party in a discovery motion show prejudice before sanctions can be imposed on the party whose conduct necessitated the motion, the attorney advising such conduct, or both of them. Accordingly, the Court finds pursuant to Fed. R. Civ. P. 37(a)(4)(A) that Mattel is entitled to an award of its reasonable expenses incurred in making this Motion. However, the $3,800 in expenses sought by Mattel appears to the Court to be unreasonable and excessive. In the Court's view, it should not have taken more than 3 hours of associate time and 1 hour of partner time to prepare this relatively straightforward motion, in compliance with Local Rule 37-2. It therefore is ORDERED that, within 10 days of this ruling, MGA's counsel pay Mattel the sum of <u>**$1,360**</u>, which the Court finds to be Mattel's reasonable expenses incurred in making this Motion.

    The clerk is directed to fax courtesy copies of this Minute Order to counsel, and to confirm telephonically their receipt of it.

cc:   Judge Larson

EXHIBIT   22

PAGE   262

Initials of Deputy Clerk ___

**Exhibit 23**

FILED

2007 APR 18  AM 1: 08

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY_____

CONFORMED COPY

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California 94111
   Telephone:    (415) 774-2611
4  Facsimile:    (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                   CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11  CARTER BRYANT, an individual,          CASE NO. CV04-09049 SGL (RNBx)
                                           JAMS Reference No. 1100049530
12              Plaintiff,

13          v.                             Consolidated with
                                           Case No. CV 04-09059
14  MATTEL, INC., a Delaware corporation,  Case No. CV 05-2727

15              Defendant.                 ORDER GRANTING MATTEL'S
                                           MOTION TO COMPEL RESPONSE
16                                         TO INTERROGATORY NO. 1;
                                           DENYING REQUEST FOR
17  CONSOLIDATED WITH                      SANCTIONS
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20

21

22

23

24                       I.  INTRODUCTION

25      On March 16, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Response to

26  Interrogatories By MGA Entertainment, Inc. ("MGA").  Mattel seeks an order compelling MGA

27  to provide a full response to Interrogatory No. 1, which asks MGA to identify persons involved in

28
    Bryant v. Mattel, Inc.,                                                    1
    CV-04-09049 SGL (RNBx)

EXHIBIT ___23___

PAGE ___263___

1  the making and development of Bratz and other contested products, and to describe each person's

2  role and the start and end dates of each person's involvement.  Mattel also requests sanctions in

3  the amount of $3,000.  On March 23, 2007, MGA submitted its opposition brief, and on March

4  28, 2007, Mattel submitted a reply brief.  The matter was heard via telephonic conference on

5  April 5, 2007.  Having considered the motion papers and comments of counsel at the hearing,

6  Mattel's motion to compel is granted and the request for sanctions is denied.

7  ## II. BACKGROUND

8      This consolidated action includes MGA's claims for unfair competition against Mattel.

9  Among other things, MGA alleges that Mattel has engaged in "serial copycatting" of MGA

10  products, packaging and advertising, including Bratz dolls and other Bratz products, Bratz

11  packaging and Bratz television commercials.

12      In December of 2006, Mattel propounded its First Set of Interrogatories re Claims for

13  Unfair Competition to MGA, which contained ten interrogatories.  In early January of 2007,

14  MGA provided its initial disclosures relating to its unfair competition claims, which identified

15  three witnesses and two categories of other potential witnesses described as "various present or

16  former employees and contractors of" MGA and Mattel.  MGA's Rule 26(a) Disclosures dated

17  January 5, 2007.  Mattel filed a motion to compel MGA to provide initial disclosures.  Although

18  the initial disclosures were deficient, the undersigned denied the motion reasoning that it was

19  more efficient and orderly for Mattel to obtain the information it sought through discovery

20  requests, including the interrogatories it had already propounded.

21      On January 19, 2007, MGA served Mattel with Responses to its First Set of

22  Interrogatories.  Interrogatory No. 1, which is the subject of this motion, asks MGA to:

> IDENTIFY, fully and separately, each and every PERSON who was involved in
> the marketing, advertising, promotion, licensing, offering for sale, conception,
> origin, creation, design, development, sculpting, engineering, reduction to
> practice, tooling or painting of, or who otherwise produced or contributed to any
> EMBODIMENT of the CONTESTED MGA PRODUCTS, including without
> limitation by fully and separately describing each such PERSON's role and the
> start and end dates of such PERSON's involvement.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT __23__

PAGE __264__

1    Mattel's First Set of Interrogatories dated December 20, 2006, Alger Dec., Ex. 1 at 8-9.

2    "IDENTIFY" is defined, in pertinent part, as follows:

3        When used in reference to a natural person, such person's name, present or last-
         known home and business addresses, present or last-known employment or
4        business affiliation, present or last-known business title or position, and present or
         last-known home and business telephone number.
5

6    Id. at 7-8. "CONTESTED MGA PRODUCTS" is defined as follows:

7        "the CONTESTED BRATZ DOLLS PRODUCTS, the CONTESTED BRATZ
         PETZ PRODUCTS, the CONTESTED BRATZ FUNKY FASHION
8        MAKEOVER HEAD, the CONTESTED 4-EVER BEST FRIENDS
         PRODUCTS, the CONTESTED MOMMY'S LITTLE DOLL PRODUCTS, and
9        the CONTESTED ALIENRACERS PRODUCTS, and any doll, toy, portion
         thereof, or version thereof that is now or has ever been known as, or sold, offered
10       for sale, licensed, offered for license, or marketed under the name or terms
         "Bratz," "4-ever Best Friends," "Mommy's Little," "Alienracers," or any
11       derivative thereof, that provides a basis for any claim by YOU against MATTEL,
         including without limitation "Bratz Dolls," "Bratz Dogz," "Winter Wonderland,"
12       "Bratz Sportz," "Formal Funk," "Sun-Kissed Summer," "Funky Fashion
         Makeover Head," "Runway Disco," "4-ever Best Friends," "Mommy's Little
13       Patient," and "Alienracers."
14

15   Id. at 2-3.

16       In its response, MGA provided a list of seventy-one (71) names, job titles, and hiring

17   dates.  Mattel and MGA met and conferred regarding all of MGA's responses to Mattel's First Set

18   of Interrogatories and MGA agreed, among other things, to provide a supplemental response to

19   Interrogatory No. 1 relating to those employees who worked on the "first generation" of the

20   contested products.  Since then, MGA supplemented its responses twice, on March 2, 2007 and

21   again on March 6, 2007.  MGA's supplemental responses to the First Set of Interrogatories,

22   however, did not include any changes to Interrogatory No. 1.

23       On March 16, 2007, Mattel filed the instant motion to compel a full response to

24   Interrogatory No. 1 and for sanctions.  In response to the motion, MGA filed a letter brief and

25   attached a supplemental response to Interrogatory No. 1 dated March 23, 2007, which it believes

26   satisfies its discovery obligations.  More specifically, MGA represents that the March 23rd

27   supplemental response now includes (1) the names of people who were "involved in the

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT  23

PAGE  265

1 | marketing, advertising, promotion, licensing, offering for sale, conception, origin, creation,

2 | design, development, sculpting, engineering, reduction to practice, tooling or painting of, or who

3 | otherwise produced or contributed" to the many MGA products and packaging at issue in this

4 | litigation; (2) their dates of employment or association with MGA; (3) their titles or job

5 | descriptions; (4) the last known contact information for people who are not current employees of

6 | MGA; (5) a description of their role vis-à-vis the products and packaging at issue in this

7 | litigation; and (6) the dates of their involvement with the products and packaging at issue.

8 | Notably, the March 23rd supplemental response does not contain a "first generation" general

9 | objection.

10 | In the letter brief, MGA explains that it "inadvertently" omitted its supplemental response

11 | to Interrogatory No. 1 when it provided supplementations on March 2nd and 6th, and that it did not

12 | become aware of the omission until it reviewed Mattel's motion.  MGA's Letter Brief at 1.  MGA

13 | also states that upon receiving the motion, MGA requested that Mattel take the instant motion off

14 | calendar until Mattel reviewed the supplemental response, but that Mattel refused unless MGA

15 | entered into a stipulation and order waiving all of MGA's objections except for privilege.  MGA

16 | is not willing to waive its objections because it believes they are justified.  More specifically,

17 | MGA contends that Interrogatory No. 1 is compound, overbroad and unduly burdensome in that it

18 | asks MGA to identify "each and every" person "who was involved in the marketing, advertising,

19 | promotion, licensing, offering for sale, conception, origin, creation, design, development,

20 | sculpting, engineering, reduction to practice, tooling or painting of, or who otherwise produced or

21 | contributed" to any of the many MGA products and packaging at issue in this litigation.  MGA

22 | asserts that there are vast numbers of people who fall within the scope of Interrogatory No. 1, and

23 | that it is impracticable and unreasonably burdensome to identify every such person.  Further,

24 | MGA represents that it will supplement its response if it discovers additional information, in

25 | accordance with the Federal Rules of Civil Procedure.  Lastly, MGA contends that sanctions are

26 | unwarranted because the omission of information was inadvertent, and that the motion could have

27 |

28 |

1    been avoided in its entirety if Mattel had simply contacted MGA's counsel to discuss the

2    sufficiency of the supplemental responses as mandated by paragraph 5 of Judge Larson's Order

3    dated December 6, 2006.

4           Mattel contends that the supplemental response provided on March 23rd is deficient in

5    numerous respects.  First, Mattel contends that MGA's response includes a statement that

6    "various persons responsive to this interrogatory are identified in documents produced or to be

7    produced by MGA in discovery."  Mattel contends that this portion of the response violates Rule

8    33(d), Fed.R.Civ.P., because it fails to provide sufficient detail for Mattel to locate and identify

9    the responsive documents.  Second, Mattel contends that MGA's response fails to provide the

10   start and end dates for each person's involvement with MGA's products.  Instead, MGA either (a)

11   provides no information at all, (b) states that it is still investigating, (c) states that it "will produce

12   documents pursuant to Rule 33(d)," or (d) states that the dates requested are in documents (such

13   as invoices) that have been produced during discovery.  Third, Mattel contends that the response

14   is deficient insofar as it refers Mattel to Carter Bryant's deposition transcript without identifying

15   any particular pages where Mattel can find his dates of involvement with MGA's products.

16   Fourth, Mattel contends that as to some witnesses, MGA "persists in asserting the now-overruled

17   'first generation' Bratz limitation."  Finally, Mattel contends that sanctions are justified because it

18   took a motion by Mattel to get the new supplemental response, and even the new supplemental

19   response remains inadequate.

20                                  III. DISCUSSION

21          Mattel's Interrogatory No. 1 clearly seeks information that is relevant within the meaning

22   of Rule 26, Fed.R.Civ.P.  Mattel needs the requested information in order to plan additional

23   discovery, particularly depositions because Mattel is limited to twenty-four depositions.

24   Although the request is extremely broad, it is not overbroad or unduly burdensome in light of the

25   breadth of MGA's unfair competition claims and Mattel's defenses to those claims.  In particular,

26   the information sought in Interrogatory No. 1 is relevant to determine the date of origin and the

27

28
     Bryant v. Mattel, Inc.,                                              5
     CV-04-09049 SGL (RNBx)

EXHIBIT __23__

PAGE __267__

early work on Bratz by MGA, which is a key issue in this litigation. Accordingly, the Discovery Master overrules MGA's overbreadth and burden objections.[1]

Although MGA provided substantial information in its supplemental response to Interrogatory No. 1, the response nevertheless remains incomplete. More specifically, MGA has failed to provide the following individual's approximate start date and/or end dates of involvement with MGA products: Sarah Halpern, Baer Animation, Klasky Csupo, Margaret Leahy, Veronica Marlow, South Bay Molds, Kevin Bloomfield, Leon Djiguerian, Kerri Brode, Gerimi Burleigh, Yuval Caspi, Steve Cheng, Sarah Choi, Nick Contreras, David Dees, Margo Eldridge, Joseph Feldman, Martha Garcia, Paula (Treantafelles) Garcia, Talar Gedikian, Christopher Hardouin, Martin Hitch, Ken Kaufman, Kristin Kirst, Edmond Lee, Diana Luna, Zachary Mellion, Ninette Pembleton, Pootipong Phoosopha, Maria Elena Salazar, Aileen Storer, Gary Thomson, Chang-Chin Wang, Paul Warner, and Jenn Wong.

Furthermore, to the extent MGA has relied upon business documents produced during discovery to supply responsive information, MGA has failed to comply with Rule 33(d), Fed.R.Civ.P. MGA is required, but has failed, to provide sufficient detail to permit Mattel to locate and to identify, as readily as can MGA[2], the records from which the answer may be ascertained. For example, MGA's response indicates that Sarah Halpern did the artwork for the fashions for "first generation" Bratz fashion dolls, and that the dates of her work are indicated in invoices previously produced. To comply with Rule 33(d), Fed.R.Civ.P., MGA should, if possible, provide Bates numbers for the invoices. See e.g. Ultratech, Inc. v. Tamarach Scientific Co., 2005 WL 40074 (N.D.Cal. Jan 05, 2005) (NO. C 03-3235 CRB JL).

---

[1]   Interrogatory No. 1 is arguably compound insofar as it asks for information about multiple products. See e.g. Collaboration Properties, Inc. v. Polycom, Inc., 224 F.R.D. 473, 475 (N.D. Cal. 2004) (single interrogatory seeking information about 26 separate products in a patent case held to contain 26 discrete subparts). Nevertheless, the Discovery Master finds that Interrogatory No.1 seeks relevant information and should be answered. The compound objection is overruled.

[2]   In contrast, MGA's reference to Carter Bryant's deposition transcript is adequate because Mattel should be able to locate and identify, as readily as can MGA, the information Mattel seeks.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT ___23___

PAGE ___268___

1   As to Mattel's contention that MGA is persisting in asserting the "first generation" Bratz

2   limitation, the record is unclear.  MGA apparently asserted the "first generation" Bratz limitation

3   during the meet and confer process; however the limitation is not listed in the general objections

4   or stated in the response.  Although the phrase "first generation" Bratz dolls does appear in

5   MGA's response, the phrase is used to provide the requested description of each person's role in

6   MGA's products.  To provide closure on the issue, the Discovery Master overrules any "first

7   generation" Bratz limitation for the reasons previously set forth in the Discovery Master's  Order

8   Granting Mattel's Motion to Compel Production of Documents dated January 25, 2007.

9   The request for sanctions is denied.  Although the March 23rd supplemental response

10  remains deficient for the reasons stated previously, the Discovery Master finds that MGA made a

11  reasonably good faith effort to provide a complete response to Interrogatory No. 1, which is an

12  extremely broad interrogatory.  Furthermore, sanctions are unwarranted because Mattel did not

13  exhaust the meet and confer process prior to filing the instant motion.  During the meet and confer

14  process, MGA agreed to provide a supplemental response to Interrogatory No. 1, albeit with a

15  limitation based upon "first generation" products.  Upon receiving the supplementations on March

16  2nd and 6th, Mattel should have at least contacted MGA to determine whether a supplemental

    response to Interrogatory No. 1 was forthcoming.

17                              IV. CONCLUSION

18  For the reasons set forth above, Mattel's motion to compel a full response to Interrogatory

19  No. 1 is GRANTED.  MGA shall serve a complete response to Interrogatory No. 1 no later than

20  April 30, 2007.  Mattel's request for sanctions is DENIED.

21  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

22  Master, Mattel shall file this Order with the Clerk of Court forthwith.

23

24  Dated: April  17, 2007                    _Edward A. Infante_

25                                            HON. EDWARD A. INFANTE (Ret.)
                                              Discovery Master

26

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                    7

EXHIBIT _23_
PAGE _269_

# Exhibit 24

CONFORMED COPY
LODGED                    FILED

2007 MAY 16  PM 1: 59   2007 MAY 16  PM 2: 00

CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE                  RIVERSIDE
BY _____

1  Hon. Edward A. Infante (Ret.)
   JAMS
2  Two Embarcadero Center
   Suite 1500
3  San Francisco, California  94111
   Telephone:   (415) 774-2611
4  Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                         EASTERN DIVISION

10

11  CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                         JAMS Reference No. 1100049530
12                Plaintiff,
                                         Consolidated with
13        v.                             Case No. CV 04-09059
                                         Case No. CV 05-2727
14  MATTEL, INC., a Delaware corporation,
                                         **ORDER GRANTING MATTEL'S**
15                Defendant.             **MOTION TO COMPEL PRODUCTION**
                                         **OF DOCUMENTS AND**
16                                       **INTERROGATORY RESPONSES BY**
                                         **MGA**
17  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
18  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.
19

20
                         I.  INTRODUCTION
21
          On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production
22
    of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA").  On February
23
    20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a
24
    reply brief.  The matter was heard on March 5, 2007.  Thereafter the motion was taken under
25
    submission pending the parties' submission of a proposed protective order, which was received
26

27

28
    Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                    EXHIBIT  24

                                                    PAGE  270

1 | on April 23, 2007.  Having considered the motion papers and comments of counsel at the hearing,

2 | Mattel's motion to compel is granted.

3 | II.  BACKGROUND

4 |     A.  Requests for Documents

5 |        In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6 | became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7 | categories of documents, to be produced in ten days.  MGA filed a motion to quash, which the

8 | court granted because of the short amount of time provided for compliance with the subpoena.

9 | The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10 | some of Mattel's requests.  In particular, the parties agreed to limit production to the "first

11 | generation" Bratz dolls.  On August 12, 2004, MGA produced documents.

12 |        In 2005, the parties stipulated to supplementing their document productions on May 16,

13 | 2005.  Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14 |        In September of 2006, MGA made a supplemental production of documents.  On February

15 | 5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16 | with legibility problems.  On February 20, 2007, MGA produced an additional 224 pages of

17 | documents to replace earlier produced documents with legibility problems.

18 |        Mattel now moves to compel MGA to produce documents responsive to its requests.  As a

19 | preliminary matter, Mattel contends that MGA's production is deficient because it contains

20 | redactions and cut-off text.  Further, Mattel contends that MGA's production is incomplete with

21 | respect to essentially five categories of documents.  First, Mattel contends that MGA is

22 | withholding documents relating to the origins of Bratz and Bryant's work for MGA.  Mattel

23 | believes that MGA's production is incomplete based upon its review of documents that have been

24 | produced by third party Steven Linker.  According to Mattel, Linker's documents from October

25 | of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26 | previously represented.  Mattel also contends that MGA's responses to the document requests

27 |

28 |

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT 24 $^2$

PAGE 271

1   contain inappropriate limitations, such as MGA's statement that it will produce "relevant and

2   responsive non-objectionable documents" or only that it will produce documents "sufficient" to

3   show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs

4   purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's

5   Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of

6   what is or is not being withheld. Mattel also contends that MGA's objections based upon its

7   confidentiality concerns or the privacy rights of third parties are unwarranted in light of the

8   protective order in place. In addition, Mattel contends that MGA's objection to producing

9   documents relating to activities or conduct in foreign countries is wholly improper because those

10  documents may contain information relevant to Mattel's claims.

11       Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether

12  such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work

13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for

14  discovery purposes. Mattel contends that the works created by Bryant during his Mattel

15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in

16  a Bratz doll released at a particular time.[1]

17       Mattel next contends that MGA is improperly withholding documents about designs

18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may

19  be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to

20  explore whether such works and the profits from Bratz dolls other than the "first generation"

21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability

22  and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is

23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary

24  information as well as MGA's unfair competition claims.

25  _____

26       [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
     to compel Bryant to produce documents.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

                                                                                    3

                                                        EXHIBIT  24

                                                        PAGE  272

1         Mattel also asserts that MGA is improperly withholding documents relating to products,

2   services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3   Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4   Mattel.  Mattel contends that any such ideas or contributions may belong to it pursuant to the

5   Inventions Agreement.

6         Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7   payments for the "first generation" Bratz dolls.  Mattel asserts that such information is relevant

8   because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9   (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10  damages; and (3) payments may show when and what trade secret information Bryant and other

11  defendants allegedly misappropriated from Mattel.

12        Fourth, Mattel seeks documents relating to MGA's agreements with Bryant.  Mattel

13  contends that all agreements between Bryant and MGA are relevant, not just the original

14  September 18, 2000 agreement.  In particular, Mattel contends that it is entitled to discover all

15  documents relating to MGA and Bryant's alleged joint defense agreement because such

16  information would be relevant to demonstrate bias and lack of credibility.

17        Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18  statements from other cases that refer or relate to Bratz or Angel.  Mattel contends that such

19  information may reveal relevant information about the date of creation of Bryant's Bratz

20  drawings.

21        In response, MGA denies withholding responsive documents and asserts that it has

22  produced volumes of documents responsive to Mattel's requests.  In particular, MGA represents

23  that it has produced all responsive and relevant documents that it was able to locate in response to

24  request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70.  Further, MGA asserts that even

25  before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26  motion.  In particular, MGA represents that it is diligently working to produce documents related

27

28

4

EXHIBIT _24_

PAGE _273_

1   to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2   49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed

3   Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4   have been released on the market.  In addition, MGA represents that it has agreed to produce

5   documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More

6   specifically, MGA represents that it agreed to review and produce documents provided to it by

7   Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8   Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.

9   Therefore, MGA views the motion as unnecessary.

10      MGA next contends that Mattel's motion should be denied for the following additional

11   reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for

12   unreleased products.  MGA asserts that its product design documents for its unreleased toy

13   concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that

14   designs and drawings for products currently under development, over six years after Bryant first

15   created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that

16   documents relating to unreleased products are ordered produced, MGA requests a protective order

17   under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18   than the current protective order provides.  In the alternative, MGA requests that any order

19   compelling production of documents relating to unreleased products should essentially be stayed

20   until after MGA's products are publicly released.

21      Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22   attorneys' fees because the information is privileged.  Furthermore, MGA contends that the

23   information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT 24

PAGE 274

1   in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2   Opposition at 24:9-12.[2]

3        Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4   and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5   refused to produce similar types of documents. More significantly, MGA contends that Mattel's

6   requests for non-public witness statements are "a blatant attempt to avoid the discovery

7   limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8   imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.

9   MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,

10  Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11  attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12  abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took

13  the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA

14  was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting

15  foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16  a situation in which MGA has been forced to give testimony and provide evidence related to

17  issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18       Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19  dispute between MGA's chief executive officer and his brother because such documents are in no

20  way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration

21  proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,

22  MGA contends that the brothers were bound by a protective order prohibiting the use of any

23  documents or testimony for any purpose other than the arbitration.

24

25

26       [2]  Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the
        request.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT __24__[6]

PAGE __275__

1          Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2    files because they contain confidential information and are not relevant to the lawsuit.  Sixth,

3    MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4    in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd.  Lastly,

5    MGA objects to producing documents relating to any testing performed to determine the date that

6    Bratz documents were created.  MGA contends that such discovery is premature and should not

7    proceed until experts are designated.

8          B.  Interrogatories

9          On April 28, 2005, Mattel served its Second Set of Interrogatories.  On May 20, 2005,

10   however, the district court stayed the action.  On May 17, 2006, the district court lifted the stay.

11   On May 30, 2006, MGA responded to the interrogatories.

12         Mattel contends that MGA's responses to the interrogatories were untimely.  Further,

13   Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14   because they lack substantive information and consist almost entirely of objections.  MGA

15   responds that the motion is moot because it is prepared to provide supplemental responses to its

16   interrogatories.  MGA does not otherwise assert any additional grounds for opposing Mattel's

17   motion to compel responses to interrogatories.

18   III. DISCUSSION

19         A.  Rule 26 of the Federal Rules of Civil Procedure

20         Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22   party."  Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

23   discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

24   Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __24__[7]

PAGE __276__

1    opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2    expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3    the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4    the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5    26(b)(2).

6        B.  Document Requests

7            1.  Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8                34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9        The requests above seek discoverable information regarding the origins of Bratz and

10   Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11   response to request nos. 6, 26, 27, 32, 33, 34, 35, 55, and  69 (MGA's Opposition at 13:4-5), and is

12   "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13   and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14   14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15   products and documents from MGA Hong Kong.

16       As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17   its production to "relevant and responsive non-objectionable documents" or documents

18   "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19   might be excluding documents that are responsive to the request based upon its unilateral

20   determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21   document requests ordered herein without these restrictions.

22                        Design Documents for Unreleased Products

23       MGA's design documents for unreleased products are relevant to Mattel's claims and

24   defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25   parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26   design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                                                                        8

                                        EXHIBIT _24_

                                        PAGE _277_

1  | to Modify Protective Order; And Proposed Order Thereon ("stipulation").  The parties' stipulation
2  | has been approved and entered as an order of the court.  MGA is ordered to produce design
3  | documents for unreleased products that are responsive to Mattel's document requests in
4  | accordance with the terms of the stipulation and order.

5  |                    <u>Documents from MGA Hong Kong</u>

6  |         Documents relating to activities or conduct in foreign countries are relevant and
7  | discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with
8  | Bratz.  Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel
9  | provides reciprocal discovery from its subsidiaries.

10 |         Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in
11 | the context of this motion, and therefore is not addressed herein.  MGA is ordered to produce
12 | documents from MGA Hong Kong.

13 |         Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,
14 | 64, 69, 96, 97, 98, 99, 100.

15 |         2. <u>Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,</u>
16 |             <u>61, 63, 66, 67, 70, 88, 90, 91</u>

17 |         Mattel contends that MGA is improperly limiting its document production to the "first
18 | generation" Bratz dolls.  MGA represents, however, that it has agreed to produce subsequent
19 | generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design
20 | documents for yet unreleased products.

21 |         As stated previously, design documents for yet unreleased products are relevant and
22 | discoverable.  <u>See</u> Order Modifying Protective Order.  Accordingly, MGA is ordered to produce
23 | all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,
24 | 59, 61, 63, 66, 67, 70, 88, 90, and 91.

25 |         //
26 |         //
27 |
28 |

3. <u>MGA's Payments to Bryant (Nos.43, 45)</u>

MGA represents that it has already agreed to produce documents related to Bratz, without limiting its production to "first generation" Bratz.  MGA's motion at 13:7-14:3.  Nevertheless, Mattel is entitled to an order compelling production of such documents by a date certain.  Mattel's motion is granted with respect to request nos. 43 and 45.

4. <u>MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)</u>

MGA represents that it has already agreed to produce non-privileged documents responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not relevant (MGA's motion at 13:7-14:3).  These requests seek documents relating to fee or indemnity agreements between MGA and Bryant .

Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.  Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50.  Any responsive documents withheld on the basis of a privilege must be properly identified in a privilege log.

5. <u>Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40, 41,</u>

In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits, and other sworn written statements from cases that refer or relate to Bratz or Angel.  Mattel anticipates that these documents could provide evidence relating to the conception date for Bratz.

Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception date for Bratz.  MGA admits in its opposition brief that this issue was litigated in its suits against alleged counterfeiters and infringers.[3]  The issue also appears to have been raised in the arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother Farhad Larian.  In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

---

[3]  Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT _24_
PAGE _279_

1   that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2   documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3   protective order that prohibits the use of any documents or testimony for any purpose other than

4   the arbitration.  MGA, however, has not provided any evidence of the protective order.

5   Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6           6. Documents Regarding Date-Testing (Request No. 92)

7           Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8   from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9   testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto."  MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12          The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports.  The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15          C. Interrogatories

16          Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served.  The district court lifted the stay on May 17, 2006.

22

23

24

25
        [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's
26  personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore
    should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.
27

28
    Bryant v. Mattel, Inc.,                                                                          11
    CV-04-09049 SGL (RNBx)

EXHIBIT __24__

PAGE __280__

1    Neither party has cited to any caselaw governing the calculation of the 30-day period

2 when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3 will be treated as timely in order to preserve any valid objections MGA may have asserted.

4    Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5 conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6 tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7 before December 31, 2001, including a description of each person's role and the start and end

8 dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9 provide the names of five individuals.

10    The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11 objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12 Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13 for confidential, proprietary or commercially sensitive information, or seeks information

14 protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15 it fails to provide the description of each person's role and the start and end dates of each person's

16 involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17 5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18    Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19 embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20 the reasons previously discussed in connection with Interrogatory No. 5.

21    Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22 December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23 substantive information.

24    MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25 to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26 compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)



EXHIBIT _24_ 12

PAGE _281_

1    unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2    seeks information protected by the attorney-client privilege.  Accordingly, MG is ordered to

3    provide a complete response to Interrogatory No. 7.

4         Interrogatory No.8 asks MGA to identify each and every embodiment of Angel.  MGA is

5    ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6    discussed in connection with Interrogatory No. 7.

7         Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8    or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9    or painting of Bratz.  In response, MGA asserted numerous objections and did not provide any

10   substantive information.

11        The interrogatory seeks information relevant to establishing when Bryant first conceived

12   Bratz.  Furthermore, MGA's boiler-plate objections are unsubstantiated.  Accordingly, MGA is

13   ordered to provide a complete response to Interrogatory No. 9.

14        Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15   was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16   which each such instance occurred, the location of each show or exhibit, and the identity of

17   persons with knowledge of the shows or exhibits.  In response, MGA asserted numerous

18   objections and provided the following information:  Hong Kong Toy Fair in Hong Kong in or

19   about January 2001 and New York Toy Fair, New York, in or about February 2001.

20        Once again, MGA's boiler-plate objections are unsubstantiated.  The information is

21   potentially relevant to establish when Bryant conceived Bratz.  Further, the response is

22   incomplete insofar as it fails to identify any persons with knowledge.  Therefore, MGA is ordered

23   to provide a complete response to Interrogatory No. 10.

24        Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25   including without limitation each office, home and cell phone number, in the name of, for the

26   benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

13

EXHIBIT 24

PAGE 282

1   January 1, 1998 through the present, and IDENTIFY each and every carrier (including without

2   limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous

3   boiler-plate objections.

4         Once again, MGA has failed to substantiate any of its objections with supporting

5   declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to

6   provide a full response to Interrogatory No. 11.

7                                    IV. CONCLUSION

8         For the reasons set forth above, Mattel's motion to compel production of documents is

9   granted.  MGA shall produce all non-privileged documents that are responsive to the requests

10  identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except

11  for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's

12  motion to compel interrogatory answers is also granted.  MGA shall produce documents and

13  provide responses to interrogatories consistent with this Order, and produce a privilege log in

14  compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for

15  sanctions is denied.

16        Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

17  Master, Mattel shall file this Order with the Clerk of Court forthwith.

18

19

20

21  Dated: May 15, 2007

22                              HON. EDWARD A. INFANTE (Ret.)
                                     Discovery Master
23

24

25

26

27

28
    Bryant v. Mattel, Inc.,                                                        14
    CV-04-09049 SGL (RNBx)

    EXHIBIT 24

    PAGE 283