# Exhibit 34

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, California  94111
Telephone:     (415) 774-2611
Facsimile:      (415) 982-5287

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>        Defendant. | CASE NO. CV 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING IN PART MATTEL'S MOTION TO COMPEL MGA TO PRODUCE COMMUNICATIONS REGARDING THIS ACTION** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

## I. INTRODUCTION

On February 4, 2008, Mattel, Inc. ("Mattel") submitted a "Motion to Compel MGA to Produce Communications Regarding this Action."  On February 11, 2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited and MGAE de Mexico S.R.L. de C.V. (collectively "MGA") submitted an opposition.  On February 14, 2008, Mattel submitted a reply.  On April 9, 2008, Mattel submitted the Second Supplemental Declaration of Dylan Proctor in

Bryant v. Mattel, Inc.,
CV-04-9049 SGL (RNBx)

1

EXHIBIT 34

PAGE 380

1  support of its motion. The matter was heard on April 11, 2008.

2                          II. BACKGROUND

3        In March of 2005, Mattel propounded its First Set of Requests for Production of

4  Documents and Tangible Things. Request No. 48 in Mattel's First Set of Requests, the only

5  request at issue in this motion, sought from MGA "[a]ll non-privileged COMMUNICATIONS

6  between YOU and any PERSON that REFER or RELATE TO this action." MGA objected to the

7  Request on several grounds, including relevancy, overbreadth and undue burden.

8        In January of 2008, Mattel wrote to MGA to request a meet and confer conference

9  regarding Request No. 48. Mattel offered to narrow the Request to "communications that refer or

10  relate to this action that (i) involve at least one MGA employee who holds or held a position of

11  manager or higher; (ii) involve MGA's agents and/or attorneys acting on MGA's behalf; or (iii)

12  involve a former Mattel employee who communicated about this action while employed by

13  MGA, regardless of title." Mattel's Motion at p.4. In response, MGA agreed to search for and

14  produce management-level communications if Mattel would agree to pay the costs. The parties

15  were unable to reach any agreement regarding Request No. 48, and consequently Mattel filed the

16  instant motion.

17        Mattel seeks an order compelling MGA to produce documents responsive to Request No.

18  48, as narrowed during the meet and confer process. Mattel contends that the requested

19  communications are likely to lead to impeachment evidence and information about witness biases.

20  Mattel also contends that the requested communications are likely to lead to evidence to support

21  its RICO claims, and in particular, its allegation that MGA has induced Mattel employees to steal

22  Mattel's confidential information or other property and take it with them to MGA, and its

23  allegation that MGA has engaged in spoliation of evidence.

24        Mattel contends that Request No. 48, as narrowed, is limited to MGA's core personnel, its

25  authorized agents and attorneys who communicate about this action, and former Mattel

26  employees at MGA. Mattel contends that these three groups represent a finite, reasonable list of

27  individuals whose communications about this case are likely to be relevant. Mattel also contends

28  that cost-shifting is not appropriate because the discovery it seeks is not unduly burdensome.

1   MGA objects to the narrowed version of the Request.  In MGA's view, the Request

2   remains a generalized catch-all request for communications that might be related in any

3   conceivable way to the case.  MGA also objects to the Request because of the sheer number of

4   MGA employees who would fall within its scope (*i.e.*, 204 MGA employees who hold or held a

5   position of manager or higher and approximately 70 former Mattel employees who have worked

6   for MGA) and the cost associated with searching and reviewing employees' files.  MGA further

7   contends that Mattel's request for non-privileged communications from MGA's current or prior

8   counsel that refer to this litigation is particularly burdensome for several reasons, including the

9   length of time this case has been pending, the number of firms and attorneys involved, and the

10  difficulty of sorting out privileged communications from non-privileged communications.  MGA

11  contends that MGA's motion should also be denied because Request No. 48 is cumulative and

12  duplicative of other discovery Mattel has sought and obtained in this case.  In the event the court

13  grants Mattel's motion in any respect, MGA requests that the court shift costs and order Mattel to

    pay the cost associated with the collection, review and production of responsive documents.

14      Mattel's most recent submission indicates that during the meet and confer process, MGA

15  agreed to search for and produce, at its own expense, communications relating to this action

16  involving senior MGA personnel and former Mattel employees, if Mattel would limit its request

17  to ten individuals.  Mattel countered MGA's proposal with a list of twenty-three individuals.

18  Mattel contends that, at the very least, MGA should be ordered to produce non-privileged

19  communications relating to this action involving the following MGA personnel and former Mattel

20  employees, as well as MGA's counsel: (1) Isaac Larian, (2) Paula Garcia, (3) Maria Elena Salazar,

21  (4) Margaret Leahy, (5) Mercedeh Ward, (6) David Malacrida, (7) Ron Brawer, (8) Daphne

22  Gronich, (9) Craig Holden, (10) Jeanine Posini, (11) Bryan Armstrong, (12) Samir Khare, (13)

23  Janine Brisbois, (14) Carlos Gustavo Machado Gomez, (15) Mariana Trueba Almada, (16) Pablo

24  Vargas San Jose, (17) Susanna Kuemmerle, (18) Schuyler Bacon, (19) Nanette Black, (20) Nick

25  Contreras, (21) Dan Cooney, (22) Jorge Castilla and (23) Jill Hatch.  Second Supp. Proctor Decl.

                                        III. STANDARDS

26      In general, parties may obtain discovery regarding any matter, not privileged, that is

EXHIBIT  34

PAGE  382

3

1    relevant to any party's claim or defense. Fed.R.Civ.P. 26(b)(1). All discovery, however, "is

2    subject to the limitations imposed by Rule 26(b)(2)(C)." Fed.R.Civ.P. 26(b)(1). Pursuant to Rule

3    26(b)(2)(C), Fed.R.Civ.P., the court must limit the frequency or extent of use of discovery

4    otherwise allowed by the Federal Rules of Civil Procedure or by local rule if the court determines

5    that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from

6    some other source that is more convenient, less burdensome, or less expensive; (ii) the party

7    seeking discovery has had ample opportunity to obtain the information by discovery in the action;

8    or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering

9    the needs of the case, the amount in controversy, the parties' resources, the importance of the

10   issues at stake in the action, and the importance of the discovery in resolving the issues."

11   Fed.R.Civ.P. 26(b)(2)(C).

                                      IV. DISCUSSION

12           To the extent Mattel seeks full compliance with the narrowed version of Request No. 48,

13   Mattel's motion is denied. Even as narrowed, Request No. 48 requires the production of

14   communications concerning a very broad subject matter, namely communications "that REFER or

15   RELATE to this action."[1]

16           The narrowed Request is also objectionable because it is not reasonably tailored to seek

17   the information that Mattel claims it needs. With respect to Mattel's purported need for evidence

18   relating to witness credibility and bias, the Request is not limited to any particular witness or

19   groups of witnesses in the case. The Request is also not limited to pertinent subject matters, such

20   as the preservation or spoliation of evidence, a witness' prospective testimony, or MGA's offers or

21   agreements to pay the witness' fees. Furthermore, with respect to Mattel's purported need for

22   evidence to support its RICO claims, the requested discovery is premature in light of the stay on

23   Phase 2 discovery.

24   _____

25       [1] In its reply brief, Mattel attempts to defend its Request as "well-defined in subject matter" by explaining
     that it is only seeking "communications relating to testimony in, or knowledge or information about, this action; or
26   relating to gathering and collecting documents in this action; or destroying or altering evidence; or payments relating
     to this action." Mattel's Reply at p. 1. Mattel, however, did not propose any of these subject matter limitations
27   previously. Even if it had, the breadth of the narrowed Request would still be unjustified under Rule 26(b)(2)(C),
     Fed.R.Civ.P.

28
     Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)

                                              EXHIBIT 34                    4

                                              PAGE 383

1    The narrowed Request is also unduly burdensome insofar as Mattel seeks non-privileged

2    communications from MGA's current or prior counsel that refer to this litigation.  This litigation

3    has been ongoing for nearly four years, during which time discovery has been extensively and

4    aggressively pursued by both sides.  Furthermore, to comply with Mattel's narrowed Request,

5    MGA would have to review a considerable number of attorneys' files from the three separate law

6    firms that have represented MGA, and scrutinize every attorney communication for privilege.

7    Under these circumstances, the burden and expense of culling and producing the requested

8    communications involving MGA's attorneys substantially outweigh their likely benefit, taking

9    into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

10    The narrowed Request also remains overbroad and unduly burdensome because of the

11    number of MGA employees that would fall within its scope.  By MGA's estimations, there are

12    204 MGA employees who hold or have held a position of manager or higher, and approximately

13    70 former Mattel employees who have worked for MGA.  Requiring MGA to review the files of

14    so many employees for potentially responsive communications is unwarranted taking into

15    consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.[2]

16    Request No. 48 is also cumulative and duplicative of discovery that Mattel has sought and

17    obtained in this case.  By MGA's calculations, it has produced more than 4.2 million pages of

18    documents in response to over 2700 document requests, several of which call for documents that

19    are also responsive to Request No. 48.  See e.g. Mattel's First Set of Requests for Documents and

20    Things re Claims of Unfair Competition to MGA Nos. 7-9, 12, 44; Mattel's First Set of Requests

21    for Production of Documents and Tangible Things to MGA Nos. 31, 49, 50; Mattel's First Set of

22    Requests for Documents and Things to Isaac Larian Nos. 118, 147, 153, 193; and Mattel's

23    Subpoena to Farhad Larian, Request No. 25.

24    Nevertheless, the court has considered Mattel's eleventh hour request for production of

25    communications involving the twenty-three individuals identified above.  Based upon the

26    _____

      [2] In its reply brief, Mattel proposes that, at the least, its Request should be granted as to communications
27    involving MGA's senior employees. Mattel's Reply at pp. 1, 10.  Although Mattel's proposal reduces the total
      number of communications involving MGA employees, it is not enough to tip the balance of benefit and burden to
28    justify the Request.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT __34__

PAGE __384__

5

1   information provided in Mattel's supplemental submission, it is evident that communications

2   involving more than half of the individuals identified above may be relevant, if at all, to Phase 2

3   issues.  In view of the stay on Phase 2 discovery, Mattel's request is denied as to the following

4   individuals:  Ron Brawer, Janine Brisbois, Carlos Gustavo Machado Gomez, Mariana Trueba

5   Almada, Pablo Vargas San Jose, Susanna Kuemmerle, Schuyler Bacon, Nanette Black, Nick

6   Contreras, Dan Cooney, Jorge Castilla and Jill Hatch.

7           Daphne Gronich, Craig Holden, Jeanine Posini, Bryan Armstrong and Samir Khare have

8   been or currently are employed in MGA's legal department.  As discussed previously, the burden

9   and expense of culling and producing communications involving these five individuals outweigh

10  the likely benefit of the discovery, taking into consideration the factors set forth in Rule

11  26(b)(2)(C), Fed.R.Civ.P.  Therefore, Mattel's request is denied as to these five individuals.

12          Mattel's request is granted as to the remaining individuals, namely, Isaac Larian, Paula

13  Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward, and David Malacrida.  Based

14  upon the information provided in Mattel's supplemental submission, communications about this

    case involving these individuals are likely to be relevant.

15                                  V. CONCLUSION

16          For the reasons set forth above, Mattel's Motion to Compel MGA to Produce

17  Communications Regarding This Action is granted with respect to communications involving

18  Isaac Larian, Paula Garcia, Maria Elena Salazar, Margaret Leahy, Mercedeh Ward and David

19  Malacrida.  Mattel's motion is denied in all other respects.

20          Nothing in this Order is intended to authorize or preclude Mattel from seeking additional

21  documents responsive to Request No. 48 as part of Phase 2 discovery.

22          Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery

23  Master, MGA shall file this Order with the Clerk of Court forthwith.

24

25  Dated: April 14, 2008

26                                  HON. EDWARD A. INFANTE (Ret.)
                                    Discovery Master

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)

EXHIBIT ___34___   6

PAGE ___385___

**Exhibit 35**

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:  (213) 687-5600
4  E-mail:   tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  4 Embarcadero Center, 38th Floor
   San Francisco, California  94111-5974
7  Telephone:  (415) 984-6400
   Facsimile:  (415) 984-2698
8  Email:     rkennedy@skadden.com

9  Attorneys for MGA Entertainment, Inc.,
   MGA Entertainment (HK) Limited,
10 MGAE De Mexico, S.R.L. DE C.V., and
   Isaac Larian

11

12                UNITED STATES DISTRICT COURT

13               CENTRAL DISTRICT OF CALIFORNIA

14                      EASTERN DIVISION

15 CARTER BRYANT, an individual        )  CASE NO. CV 04-9049 SGL (RNBx)

16              Plaintiff,             )  Consolidated with Case No. 04-9059 and
                                          Case No. 05-2727
17        v.                           )
                                          **DISCOVERY MATTER**
18 MATTEL, INC., a Delaware            )
   corporation                            [To be heard by Discovery Master
19                                     )  Hon. Edward A. Infante (Ret.)]
                Defendant.
20                                     )  ~~[PROPOSED]~~ ORDER RE
   ─────────────────────────────────     MATTEL, INC.'S MOTION TO
21 Consolidated with MATTEL, INC. v.   )  COMPEL PRODUCTION OF
   BRYANT and MGA                         DOCUMENTS WITHHELD AS
22 ENTERTAINMENT, INC. v.             )  PRIVILEGED
   MATTEL, INC.
23                                     )

24

25

26                                        EXHIBIT __35__

27                                        PAGE __386__

28
                      12-19

1      Mattel, Inc.'s Motion to Compel Production of Documents Withheld as

2  Privileged came on for hearing before me on December 14, 2007. The matter having

3  been fully briefed and argued, and good cause appearing, IT IS HEREBY

4  ORDERED THAT:

5      Mattel, Inc.'s Motion to Compel Production of Documents Withheld as

6  Privileged be and hereby is denied. In the Discovery Master's May 15, 2007 Order,

7  MGA was originally ordered to produce documents and a privilege log no later than

8  May 31, 2007. MGA appealed. On July 2, 2007, Judge Larson extended MGA's

9  production date to July 31 and confirmed that MGA would have to provide a

10  privilege log. That Order impliedly extended MGA's time to produce a privilege log

11  until July 31, 2007. MGA did not produce a privilege log by the July 31 deadline,

12  and violated the May 15 Order in this regard. However, MGA did produce privilege

13  logs on August 14, September 5 and November 15, 2007. In light of all the factors,

14  including the period of delay, the number of documents involved, the magnitude of

15  the document production, and the other circumstances involved in this case, as well

16  as the factors identified in <u>Burlington Northern R.R. Co. v. United States Dist. Court</u>

17  <u>for Dist. of Montana</u>, Ninth Cir. 2005, 408 F.3d 1142, the Court finds that Mattel's

18  request for a wholesale waiver of the attorney-client privilege as to all of the

19  documents in question is denied. Because Mattel did not seek any other sanctions in

20  its moving papers, the Discovery Master declines to impose them. MGA voluntarily

21  withdrew its counter-motion.

22      IT IS SO ORDERED.

23

24

25  Dated: _12-19_, 2007

                                Hon. Edward A. Infante (Ret.)

26                                    Discovery Master

27                                  **EXHIBIT** 35

28                                  **PAGE** 387

1

# Exhibit 36

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

Case No.  **CV 04-9059-NM (RNBx)**              Date: **March 23, 2005**

Title: **Mattel, Inc. v. Carter Bryant, et al.**

## DOCKET ENTRY

PRESENT:

### HON. **ROBERT N. BLOCK,** UNITED STATES MAGISTRATE JUDGE

| Marsha Eugene | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
   None present                                        None present

**DOCKETED ON CM**
MAR 25 2005
BY _____ 061

**PROCEEDINGS:  (IN CHAMBERS)**

Having reviewed Judge Manella's ruling on the remand motion and conferred with Judge Manella, the Court has concluded that Judge Manella's ruling sufficiently changes the posture of this case to warrant the Court requiring counsel to meet and confer further with respect to the following pending discovery motions:

    1.    **Mattel's Motion to Compel Production of Documents**

    2.    **MGA's Motion to Compel the Declassification of Certain Documents Produced by Mattel as "Confidential-Attorneys' Eyes Only"**

    3.    **Mattel's Motion to Compel Inspection of Original Documents and Tangible Things**

    4.    **Bryant's Motion to Compel Further Deposition Testimony from Ann Driskill and Alan Kaye and for the Appointment of a Special Master**

Further, the Court has concluded that it cannot rely on counsel to meet and confer in good faith with respect to the foregoing motions on their own. Accordingly, **lead counsel of record for Mattel, Bryant and MGA** are ORDERED to appear before the Court in person on April 26, 2005 at 9:30 a.m. in Courtroom 540 of the Roybal Building, for the purpose of meeting and conferring under the Court's auspices. If and

(195)

MINUTES FORM 11              **EXHIBIT** _36_              Initials of Deputy Clerk _____ for ME
CIVIL-GEN                    **PAGE** _388_

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.:     CV 04-9059-NM (RNBx)                          March 23, 2005
              Mattel, Inc. v. Carter Bryant, et al.                Page 2

--------------------------------------------------------------------------------

when the Court is satisfied that counsel indeed have made a good faith effort to eliminate the necessity for hearing these Motions and/or to eliminate as many of the disputes as possible, the Court will determine whether to (a) allow counsel to orally supplement their written submissions, and then rule on the Motions, or (b) require counsel to submit further briefing.

With respect to Mattel's just-filed **Motion to Compel Deposition of Isaac Larian**, the Court has concluded after reviewing the parties' respective contentions in the Joint Stipulation and their respective Supplemental Memoranda that oral argument will not be of material assistance in determining the Motion. Accordingly, the hearing currently set for April 5, 2005 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The Court does not find the authorities cited by MGA to be particularly persuasive. Further, MGA's purported concern about the possibility of Mr. Larian being subjected to multiple and repeated depositions is a complete red herring. Federal Rule 30(d)(2) limits the deposition to one day of seven hours, unless otherwise authorized by the Court or stipulated to by the parties. If Mattel later seeks to redepose Mr. Larian on the basis of additional information developed in subsequent discovery, the Court will take into account the fact that Mattel persisted in going forward with Mr. Larian's deposition at the outset of discovery. The Motion therefore is GRANTED, and MGA is ORDERED to produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of this ruling.

MGA's request that the Court impose in advance "strict limits on the length and scope of the deposition" is DENIED without prejudice to MGA availing itself of the procedures specified in Federal Rule 30(d)(4) if MGA truly believes that the deposition is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party. Of course, if MGA does suspend the deposition for the purpose of seeking protective relief, and the Court then finds that MGA's position was not well taken, Mr. Larian will end up being subjected to another deposition session.

With respect to the sanctions issue, the Court has concluded that notwithstanding

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.:    **CV 04-9059-NM (RNBx)**                         **March 23, 2005**
             **Mattel, Inc. v. Carter Bryant, et al.**                 **Page 3**

------------------------------------------------------------------------------------------------

MGA's failure to convince the Court of the merits of its position, MGA's objection to the taking of the Larian deposition at the outset of discovery was substantially justified and/or that the totality of the circumstances here make an award of expenses to Mattel unjust. Accordingly, each side is ORDERED to bear its own expenses incurred in connection with this Motion.

Finally, as to the issue raised by MGA concerning Mattel's alleged practice of serving its portion of the Joint Stipulations with citations to declarations that are not served concurrently but rather are merely referenced with blank spaces for the paragraph citations, the Court concurs with MGA that the "better practice" is for the moving party to serve its portion(s) of the Joint Stipulation with all citations filled in and to serve concurrently with its portion(s) of the Joint Stipulation all referenced declarations and exhibits. The Court will expect all the parties to conform with this "better practice" henceforth.

cc:    Judge Manella

MINUTES FORM 11
CIVIL-GEN

**EXHIBIT** _36_
**PAGE** _390_

Initials of Deputy Clerk _for ME_

# Exhibit 37

I hereby certify that this document was faxed
to all counsel (or parties) at their respective,
most recent fax number of record, in this action,
on this date.

DATED: 6-16-06

J. De Bose

**DEPUTY CLERK**

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-3 ___
Scan Only ___

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES–GENERAL

Case No.  **CV 04-9059-SGL (RNBx)**          Date:  **June 16, 2006**

Title:  **Mattel, Inc. v. Carter Bryant, et al.**

DOCKETED ON CM

JUN 19 2006

BY _____ 024

## DOCKET ENTRY

PRESENT:

HON. **ROBERT N. BLOCK**, UNITED STATES MAGISTRATE JUDGE

Trina DeBose          n/a
Deputy Clerk          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:
None present                               None present

PROCEEDINGS:  (IN CHAMBERS)

### Mattel's Motion to Enforce the Court's Order of March 23, 2005 and for Sanctions

After reviewing the parties' respective contentions in the Joint Stipulation, the Court has concluded that neither further briefing nor oral argument will be of material assistance in determining this Motion. Accordingly, the hearing currently set for July 11, 2006 is ORDERED off calendar (see Local Rule 7-15), and the Court now rules as follows.

The consequence of Mattel not insisting on the Larian deposition going forward within 20 days of the Court's March 23, 2005 ruling is that the Court's order that MGA produce Mr. Larian for a deposition on a date mutually convenient to the parties within 20 days of the date of the ruling became subject to Judge Manella's May 20, 2005 order staying all discovery.

However, once the stay was lifted by Judge Larson on May 16, 2006, and Mattel's counsel sent his May 24, 2006 letter expressing Mattel's desire to proceed with the deposition in accordance with the terms of the Court's March 23, 2005 ruling, it again became incumbent on MGA to comply with that ruling. While it would not have been unreasonable for MGA's counsel to respond with alternative proposed dates within the 20-day time frame from receipt of Mattel's counsel's May 24, 2006 letter, insisting that Mr. Larian would not be available until July 25-26 (and not even committing to those dates as firm dates) was neither reasonable nor in compliance with the Court's original

**EXHIBIT 37**

**PAGE 391**

Initials of Deputy Clerk _____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Case No.:    **CV 04-9059-SGL (RNBx)**                          June 16, 2006
            **Mattel, Inc. v. Carter Bryant, et al.**           Page 2

---

ruling.  Accordingly, Mattel's Motion is GRANTED as follows.  MGA is ORDERED to produce Mr. Larian for a deposition either (a) on a mutually convenient date agreed upon by the parties, or (b) if the parties are unable to agree on a mutually convenient deposition date, then on any date noticed by Mattel provided that 10 days' notice is given.  MGA and Mr. Larian are forewarned in advance that the Court will not tolerate any further delaying tactics.

With respect to the sanctions issue, the Court finds that Mattel did make a good faith effort to obtain the discovery sought without court action.  Moreover, the Court declines to find that MGA's opposition to the motion was substantially justified or that other circumstances here make an award of Mattel's reasonable expenses unjust.  The Court also notes that, contrary to MGA's contention, there is no requirement under Fed. R. Civ. P. 37(a)(4) that the prevailing party in a discovery motion show prejudice before sanctions can be imposed on the party whose conduct necessitated the motion, the attorney advising such conduct, or both of them.  Accordingly, the Court finds pursuant to Fed. Civ. P. 37(a)(4)(A) that Mattel is entitled to an award of its reasonable expenses incurred in making this Motion.  However, the $3,800 in expenses sought by Mattel appears to the Court to be unreasonable and excessive.  In the Court's view, it should not have taken more than 3 hours of associate time and 1 hour of partner time to prepare this relatively straightforward motion, in compliance with Local Rule 37-2.  It therefore is ORDERED that, within 10 days of this ruling, MGA's counsel pay Mattel the sum of **$1,360**, which the Court finds to be Mattel's reasonable expenses incurred in making this Motion.

The clerk is directed to fax courtesy copies of this Minute Order to counsel, and to confirm telephonically their receipt of it.


cc:    Judge Larson


EXHIBIT  37

PAGE  392

Initials of Deputy Clerk  PW

MINUTES FORM 11
CIVIL-GEN

# Exhibit 38

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 2 PAGE MGA000776

EXHIBIT 38

PAGE 393

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000723 EXHIBIT 2 PAGE

EXHIBIT 38

PAGE 394

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 2 PAGE **28** MGA 000778

EXHIBIT 38
PAGE 395

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000790
EXHIBIT 2 PAGE 29

EXHIBIT 38

PAGE 396

EXHIBIT _2_ PAGE **30**

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000781

EXHIBIT __38__
PAGE __397__

EXHIBIT 2 PAGE 31

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000782

EXHIBIT 38
PAGE 398

EXHIBIT 2 PAGE 32

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000784

EXHIBIT 38
PAGE 399

EXHIBIT 2 PAGE 33

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000785

EXHIBIT 38
PAGE 400

EXHIBIT **2** PAGE **34**

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000786

EXHIBIT 38

PAGE 401

EXHIBIT **2** PAGE **25**

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000788

EXHIBIT **38**

PAGE **402**

EXHIBIT 2 PAGE 36

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000789

EXHIBIT 38
PAGE 403

EXHIBIT **2** PAGE **87**

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000790

EXHIBIT _38_

PAGE _404_

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

i

MGA000792

EXHIBIT 2 PAGE 38

EXHIBIT 38

PAGE 405

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 3

PAGE 406

MGA000793

EXHIBIT 2 PAGE 39

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000794

EXHIBIT 38

PAGE 407

EXHIBIT 2 PAGE 46

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT  38   MGA00079  EXHIBIT  2  PAGE  41

PAGE  408

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000797

EXHIBIT 38

PAGE 409

EXHIBIT 2 PAGE 43

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000798

EXHIBIT 38

PAGE 410

EXHIBIT 2 PAGE 43

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000800

EXHIBIT ____

PAGE __4 11 __

EXHIBIT 2 PAGE 44

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 28 MGA000801

PAGE 412

EXHIBIT 2 PAGE 45

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000802

EXHIBIT 38 _

PAGE 413

EXHIBIT 2 PAGE 46

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 38
PAGE 4.14

MGA000804   EXHIBIT 2 PAGE 4

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 38 MGA000805

PAGE 4)5

EXHIBIT 2 PAGE 48

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA00080

EXHIBIT 2 PAGE 49

EXHIBIT 38

PAGE 416

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 28

PAGE 417

MGA000808

EXHIBIT 2 PAGE 8

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000809

EXHIBIT 2 PAGE 51

EXHIBIT 38

PAGE 418

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000810

EXHIBIT 38

PAGE 4.19

EXHIBIT 2 PAGE 52

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000812

EXHIBIT 2 PAGE53

EXHIBIT 38

PAGE 420

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000813

EXHIBIT _2_ PAGE 54

EXHIBIT _38_

PAGE _4.21_

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000814

EXHIBIT 38
PAGE 422

EXHIBIT 2 PAGE 55

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT __38__

PAGE __423__

MGA000816   EXHIBIT __2__ PAGE 56

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 38   MGA000817

PAGE 424

EXHIBIT 2 PAGE 5

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000818   EXHIBIT  $2$  PAGE $52$

EXHIBIT $38$

PAGE   $425$

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000820

EXHIBIT 2 PAGE 51

EXHIBIT 28

PAGE 426

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000821

EXHIBIT  38

PAGE  427

EXHIBIT  2  PAGE  62

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000822

EXHIBIT 38

PAGE 428

EXHIBIT 2 PAGE 1

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT ___   MGA000824

PAGE ___ 429

EXHIBIT 2 PAGE 6

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000825

EXHIBIT 38

PAGE 430

EXHIBIT 2 PAGE 62

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000826

EXHIBIT 38

PAGE 431

EXHIBIT 2 PAGE 61

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000828

EXHIBIT 38

PAGE 432

EXHIBIT 2 PAGE 65

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000829

EXHIBIT ___38___

PAGE ___433___

EXHIBIT 2 PAGE 66

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000830

EXHIBIT 38

PAGE 434

EXHIBIT 2 PAGE 67

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000832

EXHIBIT 38
PAGE 435

EXHIBIT 2 PAGE 68

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000833

EXHIBIT 38

PAGE 435

EXHIBIT 2 PAGE 66

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000834

EXHIBIT 38

PAGE 436

EXHIBIT 2 PAGE 7C

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000836

EXHIBIT 38

PAGE 437

EXHIBIT 2 PAGE 71

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000837

EXHIBIT 38

PAGE 438

EXHIBIT 2 PAGE 72

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000838

EXHIBIT 38
PAGE 439

EXHIBIT 2 PAGE 73

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT  38      **MGA000840**   EXHIBIT **2** PAGE⁷⁴

PAGE  440

REDACTED   CONFIDENTIAL
ATTORNEY'S EYES ONLY                    MGA000841

EXHIBIT 38

PAGE 441

EXHIBIT 2 PAGE

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000842

EXHIBIT 38
PAGE 442

EXHIBIT 2 PAGE 7

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000844

EXHIBIT 3.8

PAGE 443

EXHIBIT 2 PAGE 11

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

EXHIBIT 38    MGA000845

PAGE 441

EXHIBIT 2 PAGE 78

# REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000846

EXHIBIT 38
PAGE 445

EXHIBIT 2 PAGE 79

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000848

EXHIBIT 38

PAGE 446

EXHIBIT 2 PAGE 80

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000849

EXHIBIT 38

PAGE 447

EXHIBIT 2 PAGE 81

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000850

EXHIBIT 38

PAGE 448

EXHIBIT 2 PAGE 82

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000852

EXHIBIT 38
PAGE 449

EXHIBIT 2 PAGE 83

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000853

EXHIBIT 38
PAGE 450

EXHIBIT 2 PAGE 84

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000854

EXHIBIT 38
PAGE 451

EXHIBIT 2 PAGE 85

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000856

EXHIBIT 38
PAGE 452

EXHIBIT 2 PAGE 86

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000857

EXHIBIT __38__
PAGE __453__

EXHIBIT **2** PAGE **87**

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000858

EXHIBIT 38
PAGE 484

EXHIBIT 2 PAGE 88

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000860

EXHIBIT 38
PAGE 455

EXHIBIT 2 PAGE 89

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000861

EXHIBIT 38
PAGE 456

EXHIBIT 2 PAGE 90

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000862

EXHIBIT 38
PAGE 457

EXHIBIT 2 PAGE 91

REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000863

EXHIBIT 38
PAGE 458

EXHIBIT 2 PAGE 92

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000864

EXHIBIT 38
PAGE 459

EXHIBIT 2 PAGE 93

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000865

EXHIBIT 38
PAGE 460

EXHIBIT 2 PAGE 94

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000867

EXHIBIT 38
PAGE 461

EXHIBIT 2 PAGE 95

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000869

EXHIBIT 38

PAGE 462

EXHIBIT 2 PAGE 96

**REDACTED**

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000871

EXHIBIT 38

PAGE 463



REDACTED

CONFIDENTIAL
ATTORNEY'S EYES ONLY

MGA000873

EXHIBIT 38
PAGE 463

EXHIBIT 2 PAGE 98

# Exhibit 39

1                   UNITED STATES DISTRICT COURT

2                   CENTRAL DISTRICT OF CALIFORNIA

3                              - - -

4          HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                              - - -

6    MATTEL, INC.,                :   PAGES 5815 - 5964
                                  :
7              PLAINTIFF,         :
                                  :
8         VS.                     :   NO. ED CV04-09049-SGL
                                  :   [CONSOLIDATED WITH
9    MGA ENTERTAINMENT, INC.,     :   CV04-9059 & CV05-2727]
     ET AL.,                      :
10                                :
              DEFENDANTS.         :
11   _____:

12

13

14

15              REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                     RIVERSIDE, CALIFORNIA

17                  TUESDAY, AUGUST 5, 2008

18                    JURY TRIAL - DAY 29

19                    AFTERNOON SESSION

20

21

22                               MARK SCHWEITZER, CSR, RPR, CRR
                                 OFFICIAL COURT REPORTER
23                               UNITED STATES DISTRICT COURT
                                 181-H ROYBAL FEDERAL BUILDING
24                               255 EAST TEMPLE STREET
                                 LOS ANGELES, CALIFORNIA 90012
25                               (213) 663-3494

CERTIFIED COPY

EXHIBIT 39
PAGE 464

```
 1   Appearances of Counsel:

 2

 3   On Behalf of Mattel:

 4        Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
          By John B. Quinn, Esq.
 5           B. Dylan Proctor, Esq.
             Michael T. Zeller, Esq.
 6           Harry Olivar, Esq.
             John Corey, Esq.
 7           Diane Hutnyan, Esq.
             William Price, Esq.
 8        855 South Figueroa Street
          10th Floor
 9        Los Angeles, CA 90017
          (213) 624-7707

10

11

12   On Behalf of MGA Entertainment:

13        Skadden, Arps, Slate, Meagher & Flom LLP
          By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17        300 South Grand Avenue
          Los Angeles, CA 90071-3144
18        (213) 687-5000

19

20

21

22

23

24

25
```

EXHIBIT 3-7

PAGE 465

1                         **I N D E X**

2

3   MITCHELL KAMARCK, PREVIOUSLY SWORN..................... 5819

4   DIRECT EXAMINATION (CONTINUED) BY MR. QUINN: .......... 5819
    CROSS-EXAMINATION BY MR. NOLAN:   ..................... 5886
5

6   DAPHNE GRONICH, PREVIOUSLY SWORN...................... 5904

7   DIRECT EXAMINATION BY MR. QUINN: ..................... 5904

8   CROSS-EXAMINATION BY MR. HANSEN:...................... 5926

9

10                        **E X H I B I T S**

11

12   (Exhibit 13709 received.)............................ 5819

13   (Exhibit 13730 received.)............................ 5820

14   (Exhibit 13729 received.)............................ 5822

15   (Exhibit 13731 received.)............................ 5841

16   (Exhibit 13732 received.)............................ 5841

17   (Exhibit 13901 received.)............................ 5841

18   (Exhibit 13572 received.)............................ 5853

19   (Exhibit 13862 received.)............................ 5863

20   (Exhibit 13784 received.)............................ 5866

21   (Exhibit 13856 received.)............................ 5867

22   (Exhibit 13867 received.)............................ 5878

23   (Exhibit 13785 received.)............................ 5879

24   (Exhibit 13725 received.)............................ 5881

25   (Exhibit 13691 received.)............................ 5884

EXHIBIT 37
PAGE 466

1   on that for a moment.  I mean, we have been asking for these

2   for quite some time.  We have never received any

3   representation that, number one, those are the best quality

4   that are available.  Number two, it's not within MGA's

5   possession, custody, or control to provide those.  I mean,

6   the Court saw the quality that we were confronted with.  It

7   forced us to waste time, which frankly, to put it out

8   there --

9             THE COURT:  I'm mindful of that.

10            MR. ZELLER:  Exhibit 13725 was Exhibit A of this.

11   I mean, just look indecipherable.  Almost black.

12            THE COURT:  And in terms of the timing, the Court

13   will take that into account.

14            MR. ZELLER:  I appreciate that, your Honor.  Thank

15   you.

16            MR. QUINN:  I'm wondering if the original dolls

17   can't be moved, whether it's possible to take digital

18   pictures of the original dolls and e-mail them.

19            THE COURT:  I don't know.  And perhaps that's

20   something you can talk with MGA about tonight.  This should

21   have been resolved by the Court's order in May.  To the

22   extent that the pleadings included pictures, legible copies

23   of the pleadings, the most legible copies of the pleadings

24   should have been provided.  And so that aspect of the trial

25   subpoena the Court will insist upon.  I accept counsel's

EXHIBIT 39

PAGE 467

1  representations.  I accept Dexter Lam's representation.  I

2  have no reason to question any of that, that the dolls

3  themselves are simply not available at this point in time.

4          MR. ZELLER:  I understand.  I wasn't pressing that

5  because I recognize the Court thought that that was the

6  weaker of the two arguments.  But at a bare minimum, we have

7  raised this photograph issue and the quality of these

8  exhibits over and over again.  We have actually on more than

9  one occasion sent specific lists to MGA saying these are

10  illegible.  We need these.

11          So it wasn't just a broad based request to MGA

12  saying oh, your entire production from May 22nd was defective

13  because it's illegible.  We went to the trouble of

14  identifying the very things that we put in front of the jury

15  today and had to slog through because of the quality in large

16  part, too.  And we specifically asked for those, and we never

17  got a response.

18          THE COURT:  All right.  Well, let's see what can be

19  done tonight, tomorrow in Hong Kong.  And we'll take this up

20  again in the morning.  But I do think it's in the interests

21  of everyone to try to resolve this.

22          The other issue, if we're going to get to

23  Mr. Larian's testimony tomorrow, there's the issue of the

24  financial documents.  And I think I may have spoken to

25  Mr. Nolan and Mr. Quinn this morning.  Or Mr. Price, when we

EXHIBIT __39__

PAGE __468__

```
 1  were in chambers, to this.  And there's no question that the
 2  Court had ordered the production of Mr. Larian's financial
 3  documents quite some time ago.
 4        To the extent that the documents were in the
 5  control, custody, possession of MGA or MGA's agents, and they
 6  were not turned over in a timely fashion, they are not coming
 7  in.  To the extent that they are documents that were created
 8  and were produced contemporaneous with the trial, they come
 9  in.  MGA is certainly correct and Mr. Larian is certainly
10  correct that the relevant documents, the relevant time period
11  for his net worth is now.  And that's correct.
12        And so the documents that reflect his net worth now
13  are relevant, and I would expect that they would be produced
14  somewhat contemporaneously with this trial; however, to the
15  extent there are documents that were created back in October
16  of 2007 or January of 2008 or February of 2008 that were not
17  turned over, those documents aren't coming in now.  And
18  that's going to be how I'm going to evaluate that in the
19  context of the trial.  I'll hear further.  But that's my
20  general sense of it after reading the papers on this.
21        MR. PRICE:  We would disagree that his net worth
22  after the verdict is relevant because in that situation,
23  whenever you bifurcate, for example, punitives and actual
24  damages, then the defendant can come in and say the trial has
25  had an effect on me.  And basically that's what they are
```

EXHIBIT 37

PAGE 469

1  saying here.  They said because the jury ruled against us, I
2  am now impoverished.  And I'm not aware of any case saying
3  that that's the time period you look at.

4          THE COURT:  And perhaps I slightly misstated it.
5  I'm not saying that it's the post-verdict period.  We're not
6  talking about the last week of July of 2008.  When I say
7  contemporaneous with the trial, it's what Mr. Larian is worth
8  coming into trial, not what he was worth in 2006 or 2007.  Or
9  even in early 2008.  It's what he's worth at the time that
10  the trial is taking place.

11          MR. PRICE:  My fear is that Mr. Larian will blurt
12  out or be asked well, what's happened in the last week.  Or
13  he's going to say because of what this jury did, I'm a
14  pauper.  I think that would be inappropriate.

15          THE COURT:  I would actually like -- I don't think
16  there's any cases particularly on that point.  But I would
17  invite both sides to submit authority to the Court on that
18  particular point, if a change in financial position in a
19  bifurcated trial is relevant to that second phase.

20          I know this is not the first court to bifurcate a
21  case along these lines.  It's kind of an interesting point,
22  and that I don't think is addressed particularly, at least
23  not in any of the cases I took a look at.

24          But I'll invite both parties to provide something
25  to the Court tomorrow morning which addresses that particular

EXHIBIT 37

PAGE 470

```
 1           THE COURT:  Let's be here at 8:00.  This financial
 2   issue may take some time.  And I'd also like to hear what
 3   success you've had with Hong Kong.  So let's see you here
 4   tomorrow morning at 8:00.
 5
 6                (Proceedings concluded at 5:37 P.M.)
 7
 8                    C E R T I F I C A T E
 9
10
11           I hereby certify that pursuant to Title 28,
12   Section 753 United States Code, the foregoing is a true and
13   correct transcript of the stenographically reported
14   proceedings in the above matter.
15           Certified on August 5, 2008.
16
17
18   MARK SCHWEITZER, CSR, RPR, CRR
     Official Court Reporter
19   License No. 10514
20
21
22
23
24
25
```

EXHIBIT 39

PAGE 47.(

# Exhibit 40

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemnauel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

[Additional counsel listed on following page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>　　　　Defendant. | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND<br><br>[PROPOSED] ORDER<br><br>Discovery Cutoff Date:  Not Set<br>Trial Date:  Not Set |

EXHIBIT 40

PAGE 472

1  LITTLER MENDELSON
       Robert F. Millman (Bar No. 062152)
2      Douglas A. Wickham (Bar No. 127268)
       Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Telephone:  (310) 553-0308
   Facsimile:  (310) 553-5583
5
   Attorneys for Carter Bryant
6
   O'MELVENY & MYERS LLP
7      Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
8  Los Angeles, California 90017
   Telephone:  (213) 430-6000
9  Facsimile:  (213) 430-6407

10 O'MELVENY & MYERS LLP
       Dale Cendali
11 Times Square Tower
   7 Times Square
12 New York, NY 10036

13 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
       Patricia Glaser (Bar No. 55668)
14 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
15 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
16
   Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27                                          EXHIBIT _40_

28                                          PAGE _473_

                                            STIPULATION FOR APPOINTMENT OF A DISCOVERY
                      - 2 -                     MASTER AND [PROPOSED] ORDER

1    WHEREAS, the parties are in agreement that a discovery master should be
2    appointed in this matter to resolve any discovery disputes and to minimize the
3    burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5    (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7    trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8    Inc., by and through their respective counsel of record, hereby stipulate and agree as
9    follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-
11   effective discovery and to minimize the burden of discovery disputes upon the
12   Court.  Any and all discovery motions and other discovery disputes in the above
13   captioned action shall be decided by a master ("Discovery Master") pursuant to
14   Federal Rule of Civil Procedure 53.  Any motions currently pending before
15   Magistrate Judge Block shall be transferred to the Discovery Master.  The moving
16   party shall provide to the Discovery Master all papers associated with each pending
17   motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His
19   business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20   94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein
22   have been finally disposed of or determined, or until he shall withdraw in
23   accordance with applicable law.  If at any time he becomes unable to serve as the
24   Discovery Master, the parties shall confer to present an alternative agreed-upon
25   designee to the Court.  In the event that the parties cannot agree to an alternate
26   designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and
28   place for all hearings determined by the Discovery Master to be necessary; to

EXHIBIT  40

PAGE  474

-3-

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  preside over hearings (whether telephonic or in-person); to take evidence in
2  connection with discovery disputes; to issue orders resolving discovery motions
3  submitted to the Discovery Master; to conduct telephonic conferences to resolve
4  discovery disputes arising during depositions; to issue orders awarding non-
5  contempt sanctions, including, without limitation, the award of attorney's fees, as
6  provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7  recommendations, as appropriate.

8       5.    All discovery disputes shall be resolved by motion (except those arising
9  during a deposition which the Discovery Master determines can be resolved by
10  telephonic conference during the deposition).  The moving party shall first identify
11  each dispute, state the relief sought, and identify the authority supporting the
12  requested relief in a meet and confer letter that shall be served on all parties by
13  facsimile or electronic mail.  The parties shall have five court days from the date of
14  service of that letter to conduct an in-person conference to attempt to resolve the
15  dispute.  If the dispute has not been resolved within five court days after such
16  service, the moving party may seek relief from the Discovery Master by formal
17  motion or letter brief, at the moving party's option.  The opposing party shall have
18  five court days from the date of service of the motion or letter brief to submit a
19  formal opposition or response.  Any reply brief or letter brief shall be served within
20  three court days from the date of service of a formal opposition or response.  The
21  hearing on the motion shall take place within five court days of the service of any
22  reply brief or letter unless (a) the parties agree to another hearing date or agree that
23  no hearing is necessary; (b) the Discovery Master determines that no hearing is
24  necessary; or (c) the Discovery Master is not available, in which case the hearing
25  shall take place on the Discovery Master's first available date.  The foregoing shall
26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28  dispute upon shortened time upon a showing of good cause why a party would be



EXHIBIT   4   0

PAGE   475    - 4 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic
2  mail prior to 6:00 p.m. shall constitute service on that day.

3       6.     The Discovery Master's orders resolving discovery disputes, reports, or
4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a
5  Magistrate Judge of the United States District Court.  The Discovery Master shall
6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve
7  the parties within five court days of his/her decision on a matter.

8       7.     A court reporter shall transcribe any hearing or other proceeding before
9  the Discovery Master.

10      8.     The cost of any proceeding before the Discovery Master, including the
11 fees of the Discovery Master, the fees of court reporters who transcribe hearings or
12 other proceedings before the Discovery Master, and the fees of any other person
13 necessary to the efficient administration of the proceeding before the Discovery
14 Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,
15 Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,
16 the Discovery Master Orders otherwise.  By agreeing to share costs among the
17 parties, no party waives its right to seek recovery or reimbursement for such costs
18 from any other party.

19      9.     The Discovery Master shall be compensated according to his regular
20 hourly rate of $750.

21      10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery
22 Master shall proceed with all reasonable diligence.

23      11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to
24 28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not
25 aware that he has a relationship to the parties, to counsel, to the action, or to the
26 Court that would require disqualification of a judge under 28 U.S.C. § 455, and
27 based thereon the parties expressly waive any ground for disqualification disclosed
28 therein of Hon. Edward A. Infante to serve as master in these proceedings.



EXHIBIT 40

PAGE 476

- 5 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1    12.   The Discovery Master shall not have ex parte communications with ~~the~~

2 ~~Court~~, a party or counsel.

3    13.   The Discovery Master shall preserve and maintain all documents and

4 materials submitted by the parties as well as all orders, reports, and

5 recommendations issued by the Discovery Master. These documents, materials,

6 orders, reports and recommendations shall be the record of the Discovery Master's

7 activities, and shall be maintained in chronological order until the Discovery Master

8 is informed by the parties that all issues herein have been finally disposed of and

9 determined.

10    14.   The Discovery Master is hereby authorized to receive and consider

11 information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-

12 ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective

13 Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

14    15.   All third parties subject to discovery requests or deposition in this

15 litigation shall be bound by the terms of this Stipulation and Order.

16

17 Dated: November 22, 2006           O'MELVENY & MYERS LLP

18

19                          By:

20                             Diana Torres

21                             Attorneys for MGA Entertainment, Inc.

22 Dated: November 29, 2006           LITTLER MENDELSON

23

24                          By:

25                             Douglas A. Wickham

26                             Attorneys for Carter Bryant

27

28

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

- 6 -

EXHIBIT 40

PAGE 477

1  Dated: ~~November~~ December 4, ___, 2006               QUINN EMANUEL URQUHART
2                                                           OLIVER & HEDGES, LLP

3                                                    By: _Jon D. Corey_____
4                                                           Jon D. Corey
                                                            Attorneys for Mattel, Inc.
5

6                                   **ORDER**

7        The foregoing Stipulation for Appointment of a Discovery Master is SO

8  ORDERED *as modified.*

9

10 Dated:  _12-6-06._              _S.G. Larson_____
11                                                    Hon. Stephen G. Larson
                                                      United States District Court Judge
12

13

14                          **CONSENT OF DISCOVERY MASTER**

15      If appointed by the Court, I, the undersigned, consent to serve as Discovery

16 Master in the above referenced proceeding consistent with this Order.

17

18 Dated:  _12-5-06_               _Edward A. Infante_____
                                                      Hon. Edward A. Infante (Ret.)
19

20

21

22

23

24

25

26

27

28

                                                     STIPULATION FOR APPOINTMENT OF A DISCOVERY
                                                     MASTER AND [PROPOSED] ORDER
                                   -7-

EXHIBIT _40_

PAGE _478_

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

1  **STATE OF CALIFORNIA** )
2  **COUNTY OF LOS ANGELES** )

3      I am employed in the county of Los Angeles State of California.  I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

4

5      On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

6

7  **Keith A. Jacoby, Esq.**                      **Diana M. Torres, Esq.**
   **Douglas Wickham, Esq.**                     **O'Melveney & Meyers**
   **Littler Mendelson**                         400 S. Hope Street
8  **A Professional Corporation**                Los Angeles, CA 90071
   2049 Century Park East, 5th Floor            Phone: 213-430-6000
9  Los Angeles, California 90067-3107           **Fax: 213-430-6407**
   Phone: 310-553-0308
10 **Fax: 310-553-5583**

11

12 [ ]    By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:
13

14 **[X]    BY MAIL**

15 [ ]    I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

16 [ ]    As follows:  I am "readily familiar" with the firm's practice of collection and processing
17      correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is
18      presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19 [ ]    **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)
20      set forth above on this date.

21 [ ]    **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

22 Executed on December 5, 2006, at Los Angeles, California.

23 [ ]    (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24 [X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

25

26
   Cheri Hatch
27 Print Name                              Signature

28

EXHIBIT   10

PAGE   479

**Exhibit 41**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 9, 2009

**VIA FACSIMILE**

Amman A. Khan, Esq.                          Jean Nogues
Glaser, Weil, Fink, Jacobs & Shapiro, LLP    Mitchell Silberberg & Knupp, LLP
10250 Constellation Blvd., 19th Floor        11377 W. Olympic Blvd.
Los Angeles, CA 90067                        Los Angeles, CA 90064

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I am writing to inform you that Mattel intends to file an *ex parte* application with the Court
relating to MGA's continuing refusals and failures to comply with the Discovery Master's Order
of February 15, 2008.

The *ex parte* will request that the Court (1) issue an Order to Show Cause regarding MGA's
failure and refusal to comply with the Order; (2) adjudge MGA to be in contempt of Court; (3)
award coercive sanctions against MGA for each day that MGA continues to fail to produce full
and complete interrogatory responses as mandated by the Order; and (4) award monetary
sanctions against MGA to reimburse Mattel a portion of its attorney's fees.

We have now repeatedly asked MGA to comply with the February 15, 2008 Order, but to no
avail.  Please let us know by the end of today whether MGA will stipulate to immediately bring
itself into full and complete compliance with the Order.  Otherwise, we will proceed with our *ex
parte* application.  Please let me know if MGA intends to oppose the *ex parte* application in that
event.

EXHIBIT _41_

PAGE _480_

**quinn emanuel urquhart oliver & hedges, llp**

76121/2825517.1

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

I look forward to hearing from you.

Best regards,

Scott L. Watson

Cc:     Jason Russell, Esq. (by fax)

76121/2825517.1

EXHIBIT  41
PAGE  481

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr><td><u>NEW YORK</u><br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>(212) 849-7000<br>Facsimile: (212) 849-7100</td><td><u>LOS ANGELES</u><br>865 South Figueroa Street, 10th Floor<br>Los Angeles, CA 90017<br>(213) 443-3000<br>Facsimile: (213) 443-3100</td><td><u>SAN FRANCISCO</u><br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>(415) 875-6600<br>Facsimile: (415) 875-6700</td></tr>
<tr><td><u>SILICON VALLEY</u><br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065<br>(650) 801-5000<br>Facsimile: (650) 801-5100</td><td><u>CHICAGO</u><br>250 South Wacker Drive, Suite 230<br>Chicago, IL 60606<br>(312) 463-2961<br>Facsimile: (312) 463-2962</td><td><u>LONDON</u><br>16 Old Bailey<br>London EC4M 7EG United Kingdom<br>+44(0) 20 7653 2000<br>Facsimile: +44(0) 20 7653 2100</td><td><u>TOKYO</u><br>Akasaka Twin Tower Main Building, 6th Floor<br>17-22 Akasaka 2-Chome<br>Minato-ku, Tokyo 107-0052 Japan<br>+81 3 5561-1711<br>Facsimile: +81 3 5561-1712</td></tr>
</table>

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**   March 9, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro, LLP | 310-553-3000 | 310-556-2920 ✓ |
| Jean Nogues<br>Mitchell Silberberg & Knupp, LLP | 310-312-2000 | 310-312-3100 ✓ |
| cc:  Jason Russell, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP. | 213-687-5000 | 213-687-5600 ✓ |

**FROM:**   Scott L. Watson

**RE:**   Mattel, Inc. v. MGA Entertainment, Inc., et al.

**MESSAGE:**

See attached letter dated March 9, 2009.



*FAXED*
MAR 0 9 2009

---

| CLIENT # | 7975 | ROUTE/<br>RETURN TO: | **Rebecca Ramos** | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: _____ | |

---

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT 41

PAGE 482

Confirmation Report — Memory Send

```
                                Page      : 001
                                Date & Time: 03-09-2009  12:47
                                Line 1    : 2134433100
                                Line 2    :
                                Machine ID : QUINN EMANUEL
```

| | | |
|---|---|---|
| Job number | : | 317 |
| Date | : | 03-09  12:46 |
| To | : | ☎9414#07975#13105562920# |
| Number of pages | : | 003 |
| Start time | : | 03-09  12:46 |
| End time | : | 03-09  12:47 |
| Pages sent | : | 003 |
| Status | : | OK |

Job number    : 317          *** SEND SUCCESSFUL ***

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

CHICAGO
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2002

LONDON
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:    March 9, 2009                    NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro, LLP | 310-553-3000 | 310-556-2920 |
| Jean Nogues<br>Mitchell Silberberg & Knupp, LLP | 310-312-2000 | 310-312-3100 |
| cc:  Jason Russell, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP. | 213-687-5000 | 213-687-5600 |

FROM:    Scott L. Watson

RE:    Mattel, Inc. v. MGA Entertainment, Inc., et al.

MESSAGE:

See attached letter dated March 9, 2009.

| CLIENT # | 7975 | ROUTE/<br>RETURN TO: | Rebecca Ramos | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | CONFIRMED?  ☐ No  ☐ Yes: | | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT  41

PAGE  483

## Group Send Report

Page        : 001
Date & Time: 03-09-2009   12:32
Line 1      : 2134433100
Line 2      :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 315 |
| Date | : | 03-09  12:29 |
| Number of pages | : | 003 |
| Start time | : | 03-09  12:29 |
| End time | : | 03-09  12:32 |

Successful nbrs.

Fax numbers

☎1*13103123100
☎1*12136875600

Unsuccessful nbrs.

Pages sent

Fax numbers

☎1*13105532920

000

EXHIBIT 41
PAGE 484

# Confirmation Report — Memory Send

Page          : 001
Date & Time: 03-09-2009    12:40
Line 1        : 2134433100
Line 2        :
Machine ID : QUINN EMANUEL

| | | |
|---|---|---|
| Job number | : | 316 |
| Date | : | 03-09  12:37 |
| To | : | ☎9414#07975#13105532920 |
| Number of pages | : | 003 |
| Start time | : | 03-09  12:37 |
| End time | : | 03-09  12:40 |
| Pages sent | : | 000 |
| Status | : | NG   B0 |

Job number     : 316          *** SEND FAILED ***

---

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

552 - 2920

**DATE:**    March 9, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq. Glaser, Weil, Fink, Jacobs & Shapiro, LLP | 310-553-3000 | 310-553-2920 |
| Jean Nogues Mitchell Silberberg & Knupp, LLP | 310-312-2000 | 310-312-3100 |
| cc:  Jason Russell, Esq. Skadden, Arps, Slate, Meagher & Flom, LLP. | 213-687-5000 | 213-687-5600 |

**FROM:**    Scott L. Watson

**RE:**    Mattel, Inc. v. MGA Entertainment, Inc., et al.

**MESSAGE:**

See attached letter dated March 9, 2009.

---

| CLIENT # | 7975 | ROUTE/ RETURN TO: | Rebecca Ramos | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 41

PAGE 485