# EXHIBIT 1

# FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# EXHIBIT 2

3690

1                UNITED STATES DISTRICT COURT

2                CENTRAL DISTRICT OF CALIFORNIA

3                     EASTERN DIVISION

4                        - - -

5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                        - - -

7    MATTEL, INC.,                )
                                   )
8                  PLAINTIFF,      )
                                   )
9            VS.                   )   NO. CV 04-09049
                                   )
10   MGA ENTERTAINMENT, INC., ET. AL.,  )
                                   )
11                 DEFENDANTS.     )   TRIAL DAY 18
                                   )   MORNING SESSION
12   AND CONSOLIDATED ACTIONS,     )   PAGES 3690-3821
                                   )

13

14

15       REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16                  RIVERSIDE, CALIFORNIA

17               TUESDAY, JULY 1ST, 2008

18                      8:44 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
                FEDERAL OFFICIAL COURT REPORTER
24              3470 12TH STREET, RM. 134
                RIVERSIDE, CALIFORNIA  92501     EXHIBIT __2__
25                   951-274-0844
                WWW.THERESALANZA.COM             PAGE __19__

**CERTIFIED COPY**

3691



```
 1    APPEARANCES:

 2

 3    ON BEHALF OF MATTEL, INC.:

 4                         QUINN EMANUEL
                           BY:   JOHN QUINN
                                 JON COREY
 5                               MICHAEL T. ZELLER
                                 HARRY OLIVAR
 6                               TIMOTHY ALGER
                           865 S. FIGUEROA STREET,
 7                         10TH FLOOR
                           LOS ANGELES, CALIFORNIA   90017
 8

 9

10    ON BEHALF OF MGA ENTERTAINMENT:

11                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                           BY:   THOMAS J. NOLAN
12                               JASON RUSSELL
                                 RAOUL SLOAN
13                               LAUREN AGUIAR
                                 CARL ROTH
14                         300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA   90071-3144
15                         213-687-5000

16

17

18

19

20

21

22

23

24                                          EXHIBIT ___2___

25                                          PAGE ___20___
```

TUESDAY, JULY 1, 2008                    TRIAL DAY 18, MORNING SESSION

3782

1    Q    WELL, YOU HAD THIS -- WHAT DO YOU CALL IT? -- USB DEVICE?

2    A    YES.

3    Q    YOU ERASED THAT; CORRECT?

4    A    I PROBABLY ERASED IT.  I USED THE USB DEVICE IN THE COURSE

5    OF BUSINESS.  SO AFTER I HAD GIVEN IT TO MY ATTORNEY AND THEY          11:14

6    HAD MADE THEIR OWN COPY, WHEN I GOT IT BACK, IF I NEEDED TO PUT

7    OTHER THINGS ON THE USB DEVICE, I WOULD.

8    Q    AND THESE VARIOUS DOCUMENTS YOU HAD COLLECTED, E-MAILS AND

9    THINGS RELATED TO BRATZ, YOU DESTROYED THOSE?

10   A    SOME OF THEM.  NOT ALL OF THEM.                                   11:14

11   Q    THIS TEN TO 12 BOXES OF DOCUMENTS, YOU DON'T HAVE THOSE

12   ANYMORE.  THEY DON'T EXIST.

13   A    THAT'S NOT TRUE.

14   Q    YOU HAVE THEM?

15   A    I HAVE A LOT OF THEM.  I DO HAVE A LOT OF THEM.                   11:15

16   Q    SO YOU'RE SAYING THE INFORMATION THAT YOU HAD COLLECTED

17   RELATED TO BRATZ FOR YOUR CASE, YOU STILL HAVE THAT.

18   A    WHATEVER I HAVE HAD, WHATEVER I HAD, I GAVE TO MY

19   ATTORNEY, AND I KNOW THEY GAVE YOU 12,000 PAGES OF DOCUMENTS.

20   TO SAY I DON'T HAVE IT, IT'S A MISCHARACTERIZATION.                   11:15

21   Q    SIR, YOU ERASED WHATEVER WAS ON THE USB DEVICE; CORRECT?

22   A    AS I SAID, IN THE COURSE OF BUSINESS, I USE A USB DEVICE

23   FOR MY WORK, FOR MY KIDS' HOMEWORK, AND WE OVERWROTE

24   INFORMATION ON IT.  IF I DIDN'T NEED THE INFORMATION ON THE USB

25   DEVICE, OF COURSE, I ERASED IT.                                       11:15

EXHIBIT __2__

PAGE __21__

3783

1   Q    BUT YOU INDICATED THAT YOU GOT RID OF INFORMATION BECAUSE

2   YOU DIDN'T WANT TO BE DEPOSED.

3   A    THAT WAS ONE OF MY CONCERNS, YES.

4   Q    YOU DIDN'T WANT IT TO BE AVAILABLE TO MATTEL; CORRECT?

5   A    THAT'S NOT WHAT I SAID.  I SIMPLY DID NOT WANT TO DEAL    11:16

6   WITH THIS ANYMORE.

7   Q    NOW, AT THE TIME THAT YOU DID WHAT YOU DID, THAT YOU GOT

8   RID OF THE INFORMATION THAT YOU GOT RID OF, YOU KNEW THAT

9   MATTEL HAD THIS DISPUTE WITH YOUR BROTHER; CORRECT?

10   A    I KNEW THAT MATTEL HAD A DISPUTE SINCE 2004.             11:16

11   Q    SO YOU KNEW THIS CASE WAS PENDING AT THE TIME YOU GOT RID

12   OF THE INFORMATION THAT YOU GOT RID OF; CORRECT?

13   A    I KNEW THAT, AND I ALSO KNEW THAT I HAD NO LEGAL OR

14   CONTRACTUAL OBLIGATION TO MATTEL TO PRESERVE ANY DOCUMENTS.

15   Q    AND DID YOU GET SOME LEGAL ADVICE FROM SOMEBODY THAT EVEN   11:16

16   THOUGH THERE'S A CASE PENDING AND IT RELATES TO CLAIMS THAT ARE

17   SIMILAR TO THE CLAIMS THAT YOU BROUGHT, IT'S PERFECTLY OKAY FOR

18   YOU TO GET RID OF THAT INFORMATION?

19          MS. MORGENTHALER:  OBJECTION.  ATTORNEY-CLIENT

20   PRIVILEGE.                                                   11:17

21          THE COURT:  SUSTAINED AS PHRASED.

22   BY MR. QUINN:

23   Q    DID YOU GET RID OF THIS INFORMATION THAT YOU HAD COLLECTED

24   IN CONNECTION WITH YOUR FRAUD CASE AGAINST YOUR BROTHER

25   RELATING TO BRATZ -- DID YOU GET RID OF THAT INFORMATION AT    11:17

EXHIBIT __2__

PAGE __22__

3784

1    YOUR BROTHER'S REQUEST?

2    A    NO, I DID NOT.

3    Q    IT'S TRUE, THOUGH, ISN'T IT, THAT YOUR BROTHER HAS TOLD

4    YOU PREVIOUSLY TO MAKE DOCUMENTS UNAVAILABLE IN LITIGATION?

5    ISN'T THAT TRUE?                                                    11:17

6            MR. NOLAN:   OBJECTION, YOUR HONOR.   RELEVANCE; 403;

7    LACK OF FOUNDATION; AND ALSO HEARSAY.

8            THE COURT:   OVERRULED.

9    BY MR. QUINN:

10   Q    SIR, IT'S TRUE THAT IN CONNECTION WITH OTHER LITIGATION,       11:17

11   YOUR BROTHER HAS TOLD YOU TO MAKE DOCUMENTS UNAVAILABLE; ISN'T

12   THAT TRUE?

13   A    I WANT TO ANSWER, IF I CAN GO BACK FOR A SECOND.

14           I'VE PROVIDED YOU 12,000 PAGES OF DOCUMENTS.   SORRY,

15   I LOST TRACK OF MY                                                  11:18

16           IS IT TRUE?   I THINK I KNOW WHAT YOU'RE REFERRING TO.

17           IN 2000, ISAAC AND I WERE BICKERING AT EACH OTHER,

18   AND WE WERE PLAYING A TIT-FOR-TAT GAME, AND HE DIDN'T WANT ME

19   INVOLVED IN LITIGATION AT THE TIME BECAUSE I HAD SCREWED UP

20   SOME CASE IN TEXAS; SO HE SIMPLY DIDN'T WANT ME TO DEAL WITH       11:18

21   THE ATTORNEYS IN THAT CASE.

22   Q    THAT MAY BE THE ANSWER TO A DIFFERENT QUESTION, SIR.

23           MY QUESTION IS, IT'S TRUE THAT YOUR BROTHER HAS TOLD

24   YOU PREVIOUSLY TO MAKE DOCUMENTS UNAVAILABLE IN LITIGATION?

25   THAT'S HAPPENED BEFORE; TRUE?                                       11:18

EXHIBIT __2__

PAGE __23__

3821

1   COMING BACK UNTIL 1:45.

2              ANYTHING FROM MGA?

3          **MR. NOLAN:**  NO.  WE'RE FINE.

4          (MORNING SESSION CONCLUDED.)

5

6

7

8

9

10

11

12

13                      CERTIFICATE

14

15   I HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED
     STATES CODE, THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF
16   THE STENOGRAPHICALLY RECORDED PROCEEDINGS HELD IN THE
     ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN
17   CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF
     THE UNITED STATES.

18

19

20   THERESA A. LANZA, RPR, CSR                    7-2-08
     OFFICIAL COURT REPORTER                         DATE

21

22

23

24

25

                                          EXHIBIT  2

                                          PAGE  24

TUESDAY, JULY 1, 2008                    TRIAL DAY 18, MORNING SESSION

# EXHIBIT 3

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemnauel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

[Additional counsel listed on following page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>              Plaintiff,<br><br>      v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>              Defendant. | Case No. CV 04-09049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND<br><br>[PROPOSED] ORDER<br><br>Discovery Cutoff Date:  Not Set<br>Trial Date:  Not Set |



EXHIBIT __3__

PAGE __25__

Case No. CV 04-09049 SGL (RNBx)
STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1  LITTLER MENDELSON
       Robert F. Millman (Bar No. 062152)
2      Douglas A. Wickham (Bar No. 127268)
       Keith A. Jacoby (Bar No. 150233)
3  2049 Century Park East, 5th Floor
   Los Angeles, California 90067-3107
4  Telephone: (310) 553-0308
   Facsimile:   (310) 553-5583
5
   Attorneys for Carter Bryant
6
   O'MELVENY & MYERS LLP
7      Diana M. Torres (Bar No. 162284)
   400 S. Hope Street
8  Los Angeles, California 90017
   Telephone: (213) 430-6000
9  Facsimile:   (213) 430-6407

10 O'MELVENY & MYERS LLP
       Dale Cendali
11 Times Square Tower
   7 Times Square
12 New York, NY 10036

13 CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
       Patricia Glaser (Bar No. 55668)
14 10250 Constellation Boulevard - 19th Floor
   Los Angeles, CA 90067
15 Telephone: (310) 553-3000
   Facsimile: (310) 556-2920
16
   Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT ___3___

PAGE ___26___

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

1   WHEREAS, the parties are in agreement that a discovery master should be

2   appointed in this matter to resolve any discovery disputes and to minimize the

3   burden on the Court; and

4   WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante

5   (Ret.), and he has agreed to serve as a discovery master in this matter;

6   NOW, THEREFORE, to facilitate the fair and efficient completion of pre-

7   trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,

8   Inc., by and through their respective counsel of record, hereby stipulate and agree as

9   follows:

10   1.   The Discovery Master shall be appointed to assure and provide cost-

11   effective discovery and to minimize the burden of discovery disputes upon the

12   Court.  Any and all discovery motions and other discovery disputes in the above

13   captioned action shall be decided by a master ("Discovery Master") pursuant to

14   Federal Rule of Civil Procedure 53.  Any motions currently pending before

15   Magistrate Judge Block shall be transferred to the Discovery Master.  The moving

16   party shall provide to the Discovery Master all papers associated with each pending

17   motion.

18   2.   The Discovery Master shall be Hon. Edward A. Infante (Ret.).  His

19   business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA

20   94111.

21   3.   Judge Infante shall serve as the Discovery Master until all issues herein

22   have been finally disposed of or determined, or until he shall withdraw in

23   accordance with applicable law.  If at any time he becomes unable to serve as the

24   Discovery Master, the parties shall confer to present an alternative agreed-upon

25   designee to the Court.  In the event that the parties cannot agree to an alternate

26   designee, then the Court shall appoint a Discovery Master.

27   4.   The Discovery Master shall have the authority to set the date, time, and

28   place for all hearings determined by the Discovery Master to be necessary; to

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

**3**

-3-

1  preside over hearings (whether telephonic or in-person); to take evidence in
2  connection with discovery disputes; to issue orders resolving discovery motions
3  submitted to the Discovery Master; to conduct telephonic conferences to resolve
4  discovery disputes arising during depositions; to issue orders awarding non-
5  contempt sanctions, including, without limitation, the award of attorney's fees, as
6  provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7  recommendations, as appropriate.

8      5.      All discovery disputes shall be resolved by motion (except those arising
9  during a deposition which the Discovery Master determines can be resolved by
10  telephonic conference during the deposition).  The moving party shall first identify
11  each dispute, state the relief sought, and identify the authority supporting the
12  requested relief in a meet and confer letter that shall be served on all parties by
13  facsimile or electronic mail.  The parties shall have five court days from the date of
14  service of that letter to conduct an in-person conference to attempt to resolve the
15  dispute.  If the dispute has not been resolved within five court days after such
16  service, the moving party may seek relief from the Discovery Master by formal
17  motion or letter brief, at the moving party's option.  The opposing party shall have
18  five court days from the date of service of the motion or letter brief to submit a
19  formal opposition or response.  Any reply brief or letter brief shall be served within
20  three court days from the date of service of a formal opposition or response.  The
21  hearing on the motion shall take place within five court days of the service of any
22  reply brief or letter unless (a) the parties agree to another hearing date or agree that
23  no hearing is necessary; (b) the Discovery Master determines that no hearing is
24  necessary; or (c) the Discovery Master is not available, in which case the hearing
25  shall take place on the Discovery Master's first available date.  The foregoing shall
26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28  dispute upon shortened time upon a showing of good cause why a party would be

EXHIBIT __3__
STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER
PAGE __28__

1  prejudiced absent prompt resolution.  Service of any document by fax or electronic
2  mail prior to 6:00 p.m. shall constitute service on that day.
3       6.     The Discovery Master's orders resolving discovery disputes, reports, or
4  recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a
5  Magistrate Judge of the United States District Court.  The Discovery Master shall
6  file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve
7  the parties within five court days of his/her decision on a matter.
8       7.     A court reporter shall transcribe any hearing or other proceeding before
9  the Discovery Master.
10       8.     The cost of any proceeding before the Discovery Master, including the
11  fees of the Discovery Master, the fees of court reporters who transcribe hearings or
12  other proceedings before the Discovery Master, and the fees of any other person
13  necessary to the efficient administration of the proceeding before the Discovery
14  Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,
15  Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,
16  the Discovery Master Orders otherwise.  By agreeing to share costs among the
17  parties, no party waives its right to seek recovery or reimbursement for such costs
18  from any other party.
19       9.     The Discovery Master shall be compensated according to his regular
20  hourly rate of $750.
21       10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery
22  Master shall proceed with all reasonable diligence.
23       11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to
24  28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not
25  aware that he has a relationship to the parties, to counsel, to the action, or to the
26  Court that would require disqualification of a judge under 28 U.S.C. § 455, and
27  based thereon the parties expressly waive any ground for disqualification disclosed
28  therein of Hon. Edward A. Infante to serve as master in these proceedings.

EXHIBIT **3**
STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER
PAGE **29**

- 5 -

12.     The Discovery Master shall not have ex parte communications with ~~the~~ ~~Court~~, a party or counsel.

13.     The Discovery Master shall preserve and maintain all documents and materials submitted by the parties as well as all orders, reports, and recommendations issued by the Discovery Master.  These documents, materials, orders, reports and recommendations shall be the record of the Discovery Master's activities, and shall be maintained in chronological order until the Discovery Master is informed by the parties that all issues herein have been finally disposed of and determined.

14.     The Discovery Master is hereby authorized to receive and consider information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective Order.  The Discovery Master agrees to be bound by the January 4, 2005 Order.

15.     All third parties subject to discovery requests or deposition in this litigation shall be bound by the terms of this Stipulation and Order.

Dated: November 22, 2006                    O'MELVENY & MYERS LLP

By: _____
Diana Torres
Attorneys for MGA Entertainment, Inc.

Dated: November 29, 2006                     LITTLER MENDELSON

By: _____
Douglas A. Wickham
Attorneys for Carter Bryant

STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER AND [PROPOSED] ORDER

EXHIBIT ___**3**___

PAGE ___**30**___

1  Dated: ~~November~~ December 4, 2006                    QUINN EMANUEL URQUHART
2                                                          OLIVER & HEDGES, LLP
3                                                    By: _Jon D. Corey_
4                                                          Jon D. Corey
                                                          Attorneys for Mattel, Inc.
5

6                                   **ORDER**

7        The foregoing Stipulation for Appointment of a Discovery Master is SO
8  ORDERED _as modified_.

9

10  Dated: _12-6-06._                          _S G Larson_
11                                             Hon. Stephen G. Larson
12                                             United States District Court Judge

13

14                     **CONSENT OF DISCOVERY MASTER**

15       If appointed by the Court, I, the undersigned, consent to serve as Discovery
16  Master in the above referenced proceeding consistent with this Order.

17

18  Dated: _12-5-06_                           _Edward A. Infante_
19                                             Hon. Edward A. Infante (Ret.)
20

21

22

23

24

25

26

27

28

- 7 -

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

**EXHIBIT** **3**

PAGE **31**

## PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

**STATE OF CALIFORNIA )**
**COUNTY OF LOS ANGELES )**

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as **STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER** on all interested parties in this action.

**Keith A. Jacoby, Esq.**
**Douglas Wickham, Esq.**
**Littler Mendelson**
**A Professional Corporation**
2049 Century Park East, 5th Floor
Los Angeles, California 90067-3107
Phone: 310-553-0308
**Fax: 310-553-5583**

**Diana M. Torres, Esq.**
**O'Melveney & Meyers**
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
**Fax: 213-430-6407**

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

**[X]   BY MAIL**

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   **BY PERSONAL SERVICE** I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name

Signature

EXHIBIT ___3___

PAGE ___32___