PATRICIA L. GLASER (Bar No. 055668)
pglaser@glaserweil.com
GLASER WEIL FINK JACOBS & SHAPIRO
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

RUSSELL J. FRACKMAN (Bar No. 49087)
rjf@msk.com
PATRICIA H. BENSON (Bar No. 60565)
phb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment
HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and
Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO.  CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No.  CV 04-09059<br>Case No.  CV 05-02727 |
| v. | |
| MATTEL, INC., a Delaware corporation, | **DECLARATION OF MARC E. MAYER IN SUPPORT OF THE OPPOSITION OF MGA ENTERTAINMENT, INC. TO *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE RE: FAILURE TO COMPLY WITH COURT ORDER** |
| Defendant. | |
| AND CONSOLIDATED CASES | |
| | Phase 2<br>Discovery Cut-off:        Dec. 11, 2009<br>Pre-Trial Conference:   March 1, 2010<br>Trial Date:                 March 23, 2010 |

Mitchell
Silberberg &
Knupp LLP

2157300.2

1

1    I, Marc E. Mayer, declare:

2

3    1.    I am an attorney at law, duly licensed to practice law in the State of

4    California and before this Court.  I am, through my professional corporation, a

5    partner in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record

6    for MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico,

7    S.R.L. De C.V. and Isaac Larian (the "MGA Parties").  I have personal knowledge

8    of the following facts and, if called and sworn as a witness, could and would

9    competently testify thereto.

10

11    2.    Attached hereto as Exhibit 1 is a true and correct copy of the parties'

12    December 6, 2006, Stipulation for Appointment of a Discovery Master, which I

13    obtained from MSK files maintained with respect to this case.

14

15    3.    Attached hereto as Exhibit 2 is a true and correct copy of excerpts

16    from the February 11, 2009, hearing and trial setting conference.

17

18    4.    Attached hereto as Exhibit 3 is a true and correct copy of the MGA

19    Parties' Notice of Motion and Motion for a Protective Order Staying Discovery on

20    Trade Dress Claims (the "Protective Order Motion"), which was filed with the

21    Court (as a "Discovery Matter") on February 27, 2009.

22

23    5.    Attached hereto as Exhibit 4 is a true and correct copy of a March 5,

24    2009, Order from the Discovery Master setting the Protective Order Motion for

25    hearing on April 14, 2009.

26

27

28

Mitchell
Silberberg &
Knupp LLP

2157300.2

DECLARATION OF MARC E. MAYER IN OPPOSITION TO EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE RE: CONTEMPT

6.   Attached hereto as Exhibit 5 is a true and correct copy of Mattel's Opposition to the Protective Order Motion, which was filed on March 6, 2009.

7.   Attached hereto as Exhibit 6 is a true and correct copy of (the publicly filed, redacted version) of Mattel's Notice of Motion and Motion to Enforce Order Compelling MGA To Provide Discovery, To Compel Responses To Contention Interrogatories By MGA And For Sanctions (the "Motion to Compel").  The Motion to Compel was filed with the Court (as a "Discovery Matter") on March 6, 2009.

8.   On March 9, 2009, my office received a letter from Mattel's counsel, Scott Watson, advising the MGA Parties (for the first time) of Mattel's intention to file an *ex parte* application with the Court "relating to MGA's continuing refusals and failures to comply with the Discovery Master's Order of February 15, 2008." A true and correct copy of Mr. Watson's March 9 letter is attached hereto as Exhibit 7.

9.   Shortly after receiving Mr. Watson's letter, I prepared and sent a response, in which I requested that Mr. Watson clarify the basis for his contemplated *ex parte* application.  I also advised Mr. Watson that the contemplated *ex parte* application was unjustified and inappropriate, including because many months remained until the discovery cut-off and the matters at issue were pending before the Discovery Master.  A true and correct copy of my March 9, 2009, letter is attached hereto as Exhibit 8.

1    10.    At approximately 9:30 p.m. on March 9, 2009, I received, via e-mail,

2  a response from Mr. Watson to my letter of earlier that afternoon.  A true and

3  correct copy of Mr. Watson's second March 9 letter is attached hereto as Exhibit 9.

4

5    11.    At 12:15 p.m. on March 10, 2009, I received notice from the Court

6  that Mattel had filed a notice of manual filing of its *ex parte* Application for an

7  Order to Show Cause re Contempt.  A copy of the *ex parte* Application was served

8  on our office, via e-mail, at 4:57 p.m.  A true and correct copy of an e-mail

9  transmitting the first portion of Mattel's *ex parte* application is attached hereto as

10  Exhibit 10.

11

12    12.    Attached hereto as Exhibit 11 is a true and correct copy of a letter

13  dated February 23, 2009, from Mattel's counsel, James Webster, to my colleague,

14  Jean Nogues.

15

16    13.    Attached hereto as Exhibit 12 is a true and correct copy of an Order

17  from the Discovery Master, issued on March 11, 2009, setting Mattel's Motion to

18  Compel for hearing on April 21, 2009.

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2157300.2

4

DECLARATION OF MARC E. MAYER IN OPPOSITION TO EX PARTE APPLICATION FOR AN ORDER TO
SHOW CAUSE RE: CONTEMPT

1

2      14.    Attached hereto as Exhibit 13 is a true and correct copy of excerpts

3   from a transcript of a March 4, 2009, proceeding before the Discovery Master.

4

5      I declare under penalty of perjury under the laws of the United States of

6   America that the foregoing is true and correct.

7

8      Executed this 11th day of March, 2009, at Los Angeles, California.

9

10

11                                                      Marc E. Mayer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP

2157300.2

5

DECLARATION OF MARC E. MAYER IN OPPOSITION TO EX PARTE APPLICATION FOR AN ORDER TO
SHOW CAUSE RE: CONTEMPT

# EXHIBIT 1
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 1
# TO DECLARATION OF
# MARC E. MAYER



1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
     865 South Figueroa Street, 10th Floor
5    Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
6    Facsimile:   (213) 443-3100

7    Attorneys for Mattel, Inc.

8    [Additional counsel listed on following page]

9

10                    UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12   CARTER BRYANT, an individual,          Case No. CV 04-09049 SGL (RNBx)

13                  Plaintiff,              Consolidated with
                                            Case No. CV 04-09059
14        v.                                Case No. CV 05-02727

15   MATTEL, INC., a Delaware              STIPULATION FOR APPOINTMENT
     corporation,                          OF A DISCOVERY MASTER; AND
16
                    Defendant.             [PROPOSED] ORDER
17
                                           Discovery Cutoff Date:  Not Set
18                                         Trial Date:  Not Set

19

20

21

22

23

24

25

26

27

28

Exhibit 1
Page 1

1   LITTLER MENDELSON
       Robert F. Millman (Bar No. 062152)
2      Douglas A. Wickham (Bar No. 127268)
       Keith A. Jacoby (Bar No. 150233)
3   2049 Century Park East, 5th Floor
    Los Angeles, California 90067-3107
4   Telephone: (310) 553-0308
    Facsimile: (310) 553-5583
5
    Attorneys for Carter Bryant
6
    O'MELVENY & MYERS LLP
7      Diana M. Torres (Bar No. 162284)
    400 S. Hope Street
8   Los Angeles, California 90017
    Telephone: (213) 430-6000
9   Facsimile: (213) 430-6407

10  O'MELVENY & MYERS LLP
       Dale Cendali
11  Times Square Tower
    7 Times Square
12  New York, NY 10036

13  CHRISTENSEN, GLASER, FINK, JACOBS WEIL & SHAPIRO, LLP
       Patricia Glaser (Bar No. 55668)
14  10250 Constellation Boulevard - 19th Floor
    Los Angeles, CA 90067
15  Telephone: (310) 553-3000
    Facsimile: (310) 556-2920
16
    Attorneys for MGA Entertainment, Inc.
17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1
Page 2

1    WHEREAS, the parties are in agreement that a discovery master should be
2  appointed in this matter to resolve any discovery disputes and to minimize the
3  burden on the Court; and

4    WHEREAS, the parties have agreed upon a nominee, Hon. Edward A. Infante
5  (Ret.), and he has agreed to serve as a discovery master in this matter;

6    NOW, THEREFORE, to facilitate the fair and efficient completion of pre-
7  trial discovery, the parties Mattel, Inc. and Carter Bryant and MGA Entertainment,
8  Inc., by and through their respective counsel of record, hereby stipulate and agree as
9  follows:

10    1.    The Discovery Master shall be appointed to assure and provide cost-
11  effective discovery and to minimize the burden of discovery disputes upon the
12  Court. Any and all discovery motions and other discovery disputes in the above
13  captioned action shall be decided by a master ("Discovery Master") pursuant to
14  Federal Rule of Civil Procedure 53. Any motions currently pending before
15  Magistrate Judge Block shall be transferred to the Discovery Master. The moving
16  party shall provide to the Discovery Master all papers associated with each pending
17  motion.

18    2.    The Discovery Master shall be Hon. Edward A. Infante (Ret.). His
19  business address is: Two Embarcadero Center, Suite 1500, San Francisco, CA
20  94111.

21    3.    Judge Infante shall serve as the Discovery Master until all issues herein
22  have been finally disposed of or determined, or until he shall withdraw in
23  accordance with applicable law. If at any time he becomes unable to serve as the
24  Discovery Master, the parties shall confer to present an alternative agreed-upon
25  designee to the Court. In the event that the parties cannot agree to an alternate
26  designee, then the Court shall appoint a Discovery Master.

27    4.    The Discovery Master shall have the authority to set the date, time, and
28  place for all hearings determined by the Discovery Master to be necessary; to

**Exhibit 1**
**Page 3**

1   preside over hearings (whether telephonic or in-person); to take evidence in
2   connection with discovery disputes; to issue orders resolving discovery motions
3   submitted to the Discovery Master; to conduct telephonic conferences to resolve
4   discovery disputes arising during depositions; to issue orders awarding non-
5   contempt sanctions, including, without limitation, the award of attorney's fees, as
6   provided by Rules 37 and 45; and to prepare, file and serve other orders, reports and
7   recommendations, as appropriate.

8        5.     All discovery disputes shall be resolved by motion (except those arising
9   during a deposition which the Discovery Master determines can be resolved by
10  telephonic conference during the deposition). The moving party shall first identify
11  each dispute, state the relief sought, and identify the authority supporting the
12  requested relief in a meet and confer letter that shall be served on all parties by
13  facsimile or electronic mail. The parties shall have five court days from the date of
14  service of that letter to conduct an in-person conference to attempt to resolve the
15  dispute. If the dispute has not been resolved within five court days after such
16  service, the moving party may seek relief from the Discovery Master by formal
17  motion or letter brief, at the moving party's option. The opposing party shall have
18  five court days from the date of service of the motion or letter brief to submit a
19  formal opposition or response. Any reply brief or letter brief shall be served within
20  three court days from the date of service of a formal opposition or response. The
21  hearing on the motion shall take place within five court days of the service of any
22  reply brief or letter unless (a) the parties agree to another hearing date or agree that
23  no hearing is necessary; (b) the Discovery Master determines that no hearing is
24  necessary; or (c) the Discovery Master is not available, in which case the hearing
25  shall take place on the Discovery Master's first available date. The foregoing shall
26  not prohibit (i) the parties from agreeing to alternate procedures, or (ii) a party from
27  seeking the Discovery Master's immediate resolution of a dispute or resolution of a
28  dispute upon shortened time upon a showing of good cause why a party would be

Exhibit 1
Page 4

1   prejudiced absent prompt resolution. Service of any document by fax or electronic

2   mail prior to 6:00 p.m. shall constitute service on that day.

3       6.    The Discovery Master's orders resolving discovery disputes, reports, or

4   recommendations pursuant to Rule 53(e) or (f) shall be treated as rulings made by a

5   Magistrate Judge of the United States District Court. The Discovery Master shall

6   file each order, report, or recommendation pursuant to Rule 53(e) or (f) and serve

7   the parties within five court days of his/her decision on a matter.

8       7.    A court reporter shall transcribe any hearing or other proceeding before

9   the Discovery Master.

10       8.    The cost of any proceeding before the Discovery Master, including the

11   fees of the Discovery Master, the fees of court reporters who transcribe hearings or

12   other proceedings before the Discovery Master, and the fees of any other person

13   necessary to the efficient administration of the proceeding before the Discovery

14   Master, shall be paid one-half by Mattel, Inc., and one-half by MGA Entertainment,

15   Inc. and Carter Bryant unless, consistent with the Federal Rules of Civil Procedure,

16   the Discovery Master Orders otherwise. By agreeing to share costs among the

17   parties, no party waives its right to seek recovery or reimbursement for such costs

18   from any other party.

19       9.    The Discovery Master shall be compensated according to his regular

20   hourly rate of $750.

21       10.    Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Discovery

22   Master shall proceed with all reasonable diligence.

23       11.    Based on an affidavit filed by Hon. Edward A. Infante pursuant to

24   28 U.S.C. § 455 and Federal Rule of Civil Procedure 53(b)(3), the parties are not

25   aware that he has a relationship to the parties, to counsel, to the action, or to the

26   Court that would require disqualification of a judge under 28 U.S.C. § 455, and

27   based thereon the parties expressly waive any ground for disqualification disclosed

28   therein of Hon. Edward A. Infante to serve as master in these proceedings.

Exhibit 1
Page 5

1   12.   The Discovery Master shall not have ex parte communications with ~~the~~

2   ~~Court~~, a party or counsel.

3   13.   The Discovery Master shall preserve and maintain all documents and

4   materials submitted by the parties as well as all orders, reports, and

5   recommendations issued by the Discovery Master. These documents, materials,

6   orders, reports and recommendations shall be the record of the Discovery Master's

7   activities, and shall be maintained in chronological order until the Discovery Master

8   is informed by the parties that all issues herein have been finally disposed of and

9   determined.

10   14.   The Discovery Master is hereby authorized to receive and consider

11   information and documents designated "CONFIDENTIAL" and "CONFIDENTIAL-

12   ATTORNEYS EYES ONLY" pursuant to the January 4, 2005 Stipulated Protective

13   Order. The Discovery Master agrees to be bound by the January 4, 2005 Order.

14   15.   All third parties subject to discovery requests or deposition in this

15   litigation shall be bound by the terms of this Stipulation and Order.

16

17   Dated: November 2_, 2006          O'MELVENY & MYERS LLP

18

19                                      By

20                                         Diana Torres
                                           Attorneys for MGA Entertainment, Inc.

21

22   Dated: November 29, 2006           LITTLER MENDELSON

23

24                                      By:

25                                         Douglas A. Wickham
                                           Attorneys for Carter Bryant

26

27

28

STIPULATION FOR APPOINTMENT OF A DISCOVERY
MASTER AND [PROPOSED] ORDER

- 6 -

Exhibit 1
Page 6

1   Dated: December 4, 2006                    QUINN EMANUEL URQUHART
                                               OLIVER & HEDGES, LLP
2

3                                              By: Jon D. Corey
                                                   Jon D. Corey
4                                                  Attorneys for Mattel, Inc.

5

6                              ORDER

7        The foregoing Stipulation for Appointment of a Discovery Master is SO

8   ORDERED as modified.

9

10  Dated: 12-6-06.                            S.G. Larson

11                                             Hon. Stephen G. Larson
                                               United States District Court Judge
12

13

14                   CONSENT OF DISCOVERY MASTER

15        If appointed by the Court, I, the undersigned, consent to serve as Discovery

16  Master in the above referenced proceeding consistent with this Order.

17
    Dated: 12-5-06
18                                             Hon. Edward A. Infante (Ret.)

19

20

21

22

23

24

25

26

27

28

Case 2:04-cv-09049-SGL-RNB   Document 107   Filed 12/06/2006   Page 8 of 8

## PROOF OF SERVICE
1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA )
COUNTY OF LOS ANGELES )

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90012.

On December 5, 2006, I served the foregoing document described as STIPULATION FOR APPOINTMENT OF A DISCOVERY MASTER; AND [PROPOSED ORDER on all interested parties in this action.

| | |
|---|---|
| Keith A. Jacoby, Esq. | Diana M. Torres, Esq. |
| Douglas Wickham, Esq. | O'Melveney & Meyers |
| Littler Mendelson | 400 S. Hope Street |
| A Professional Corporation | Los Angeles, CA 90071 |
| 2049 Century Park East, 5th Floor | Phone: 213-430-6000 |
| Los Angeles, California 90067-3107 | Fax: 213-430-6407 |
| Phone: 310-553-0308 | |
| Fax: 310-553-5583 | |

[ ]   By placing [ ] the original [X] true copies thereof enclosed in sealed envelopes addressed as follows:

[X]   BY MAIL

[ ]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ]   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   BY TELECOPIER By transmitting the above listed document(s) to the fax number(s) set forth above on this date.

[ ]   BY PERSONAL SERVICE I delivered such envelope by hand to the addressee.

Executed on December 5, 2006, at Los Angeles, California.

[ ]   (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cheri Hatch
Print Name

Signature

Exhibit 1
Page 8

# EXHIBIT 2
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 2
# TO DECLARATION OF
# MARC E. MAYER

1

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                        EASTERN DIVISION

 4                           -  -  -

 5           HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                           -  -  -

 7   MATTEL, INC.,                )
                                  )
 8                     Plaintiff, )
                                  )
 9            vs.                 )  No. CV 04-09049
                                  )
10   MGA ENTERTAINMENT, INC., ET. AL.,  )
                                  )
11                     Defendants.)
     _____)  Motions
12   AND CONSOLIDATED ACTIONS,    )
                                  )
     _____)
13

14

15                REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                     Riverside, California

17                 Wednesday, February 11, 2009

18                        10:03 A.M.

19

20

21

22

23                 THERESA A. LANZA, RPR, CSR
                  Federal Official Court Reporter
24                 3470 12th Street, Rm. 134
                  Riverside, California  92501
25                     951-274-0844
                     WWW.THERESALANZA.COM
```

dnesday, February 11, 2009                    Mattel vs. MGA Entertainmer

Exhibit 2
Page 9

```
 1 │ APPEARANCES:

 2 │ ON BEHALF OF MATTEL, INC.:

 3 │                         QUINN EMANUEL
   │                         By:   JOHN QUINN
 4 │                               DYLAN PROCTOR
   │                               MICHAEL T. ZELLER
 5 │                         865 S. FIGUEROA STREET,
   │                         10TH FLOOR
 6 │                         LOS ANGELES, California  90017
   │                         213-624-7707
 7 │

 8 │ ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
   │       (Outgoing)
 9 │                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   │                         BY:   THOMAS J. NOLAN
10 │                               JASON RUSSELL
   │                         300 SOUTH GRAND AVENUE
11 │                         LOS ANGELES, CALIFORNIA  90071-3144
   │                         213-687-5000
12 │

13 │ ON BEHALF OF MGA ENTERTAINMENT/ISAAC LARIAN:
   │       (Incoming)
14 │                         GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
   │                         BY:   JOEL KLEVENS
15 │                         10250 Constellation Boulevard
   │                         Los Angeles, California  90067
16 │                         310-553-3000

17 │                         MITCHELL, SILBERBERG & KNUPP LLP
   │                         BY:   RUSSELL J. FRACKMAN
18 │                         11377 West Olympic Boulevard,
   │                         Los Angeles, California  90064-1683
19 │                         310-312-2000

20 │
   │ ON BEHALF OF DEFENDANT GUSTAVO MACHADO:
21 │
   │                         OVERLAND BORENSTEIN SCHEPER & KIM LLP
22 │                         BY:   ALEXANDER H. COTE
   │                         601 West Fifth Street,
23 │                         12th Floor
   │                         Los Angeles, California  90071
24 │                         213-613-4660

25 │ / / /
```

Exhibit 2
Page 10

3

```
 1                          I N D E X (Continued)

 2

 3   APPEARANCES (continued):

 4

 5   On behalf of OMNI 808:

 6                        BINGHAM McCUTCHEN LLP
                          BY:   Todd E. Gordinier
 7                        600 Anton Boulevard
                          Costa Mesa, CA  92626-1924
 8                        714-830-0622

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Exhibit 2
Page 11

1    even as to things that were compelled before the stay.  They

2    have been taking the position that the Court's orders of

3    January 6th and January 7th effectively stayed our ability to

4    get financial discovery.

5            I would ask the Court to make a ruling on this.        02:36

6            I regret having to raise it, but we are going to lose

7    at least another month, if not another two months, in getting

8    financial information which is absolutely critical for our

9    ability to prepare for this.  And this is one reason why I was

10   suggesting as long as I was.                                   02:36

11           THE COURT:  I understand, Counsel.

12           MR. ZELLER:  But, the idea that there's a stay in

13   place is --

14           THE COURT:  I thought I made it clear that I lifted

15   all stays on discovery, but perhaps not.                       02:36

16           MR. KLEVENS:  The system the Court has set up cannot

17   work if counsel are allowed to come to the Court and give some

18   distorted view of what they think the dispute is about and not

19   leave it to the Discovery Master to look at and resolve and

20   give the parties the opportunity to brief.                     02:36

21           I'm not going to respond to what he says.  I don't

22   agree with a word that he said.  But I'm not going to

23   respond to it.

24           THE COURT:  I think you have responded, Counsel, and

25   I take your response at its value.                             02:37

Exhibit 2
Page 12

1          For the record, I previously indicated that all stays
2   on discovery have been lifted.  All discovery matters should
3   rightfully be referred to the Discovery Master.  And I'll let
4   it go at that.
5          **MR. ZELLER:**  And that no discovery issues or no          02:37
6   requests for discovery are premature at this point, because
7   that's the other term they are using on this.
8          **THE COURT:**  I will instruct the Discovery Master this
9   afternoon, in no uncertain terms, that there is no stay on any
10  discovery related to this case at all.  There's no longer a          02:37
11  Phase 1/Phase 2 distinction.
12         As I indicated, I thought that I made this clear
13  before.  If it's not, it will be expressly set forth in the
14  minutes coming out of today's hearing.
15         There is no stay on discovery.  Period.          02:37
16         **MR. ZELLER:**  And we're fully entitled to the
17  financial information that --
18         **THE COURT:**  Lets leave it at that, Counsel.
19         Thank you, Mr. Zeller.
20         **MR. RUSSELL:**  Could I say one thing, since          02:38
21  Mr. Zeller injected this.
22         When he's talking about this stay -- and this is the
23  twilight between Phase 1 and Phase 2 counsel -- they
24  promulgated a series of receiver-related discovery which we
25  contend and run your Honor's orders saying let's talk it out of          02:38

Exhibit 2
Page 13

 1   discovery, let's let Mr. Durkin handle this.  And that's what

 2   he's talking about.

 3        There may be other issues, but a major component --

 4   and I would not want Your Honor to paint with too broad a

 5   brush -- it is MGA's position as to Phase 1 receiver-related          02:38

 6   issues, that Your Honor appropriately, at our request, took out

 7   of discovery the financial discovery issues.

 8        **THE COURT:**  Mr. Durkin is acting at the Court's

 9   direction to inform the Court of information.  I may or may not

10   release any of the information that Mr. Durkin provides; so no        02:38

11   one, neither side, should be relying upon the information that

12   Mr. Durkin is gathering for purposes of litigating this case.

13   That's an entirely separate matter.  And I have not stayed any

14   discovery, and there should be no reliance on that.

15        If that was misunderstood, it's clarified now.                  02:39

16        **MR. RUSSELL:**  Just so I can make sure I'm clear, Your

17   Honor, because I really, since we were the ones at the hearing

18   when this was discussed, and we asked Your Honor for this

19   precise relief, which is to say the financial discovery, the

20   allegations against Omni and IGWT and the like, and I thought I      02:39

21   heard Your Honor to say that it made sense for Mr. Durkin to

22   get to the base of it.  And if, then, there were any merit to

23   it, we could allow this discovery to go forward.

24        **THE COURT:**  Wait a second.

25        You're adding something in there.  I didn't say              02:39

Exhibit 2
Page 14

1  anything about discovery not going forth.  I have not ruled on

2  any discovery issues.  I ruled on the ex-parte application for

3  the appointment of the receiver that before I ruled on that,

4  that I wanted to have Mr. Durkin's report.  That's exactly what

5  I'm doing.  I took an interim report last night.  I'll await          02:39

6  the final report.  But that's for the Court's purposes.

7        Depending on how the receivership issue plays out, it

8  may or may not be released to some or all of the attorneys.  It

9  may very well be that at the end of the day, after my final

10 meeting with Mr. Durkin, that it never reaches the light of          02:40

11 day.

12        MR. RUSSELL:  Just so we're clear, Your Honor, Mattel

13 attached the very discovery they are now promulgating to other

14 parties to their receiver application and asked for leave to

15 serve it.  Your Honor did not grant that leave.  And then what       02:40

16 happened was they said, Well, we can't go down this avenue,

17 we'll launch a series of subpoenas.

18        THE COURT:  Then the question becomes -- and this is

19 a question for the Discovery Master, not for this Court --

20 whether or not the discovery is related to Phase 2.  If it is,       02:40

21 it is.  I'm not going to pass any judgment whatsoever.  I'm

22 going to leave that completely up to the Discovery Master.

23        MR. RUSSELL:  That's all we're asking for.  Rather

24 than painting with a broad brush, saying all discovery is

25 permitted, there's some discovery that does fall within the          02:40

Exhibit 2
Page 15

```
 1    scope of what Your Honor refused to give them.  Let's let the
 2    discovery master rule on it.  It can always come back to you.
 3            THE COURT:  Okay.
 4            But I guess, Mr. Russell, I'm not sure of the
 5    characterization that you're making.                              02:41
 6            I handled the receivership application and request
 7    made thereunder in the way that I'm handling the receivership
 8    application; that should not be taken one way or the other as a
 9    discovery ruling.
10            MR. RUSSELL:  I guess, Your Honor, the question is if    02:41
11    there was, as part of that application, and there's an
12    assumption built in that we'd like to have the Discovery Master
13    resolve, is it just receiver discovery or is it Phase 2?  That
14    seems like a question that Mr. O'Bryan should answer.  But I
15    assume, since you don't have any of the briefs and you don't     02:41
16    have the discovery and this has just been dropped on you,
17    assume for the sake of this discussion, that it is solely
18    related to the receiver; that it is, as we pause it, identical
19    to the discovery submitted.
20            THE COURT:  I guess where I would distinguish,           02:41
21    counsel, is this notion of receiver discovery, or that phrase,
22    that's not a phrase the Court has used.  Not that I can recall
23    using.  If I did, I certainly did not intend to.  I'm not
24    designating that as a separate and severable part of the
25    discovery.                                                       02:42
```

Exhibit 2
Page 16

1    The question for the discovery master will be whether

2    or not the disputed discovery request is related or relevant to

3    the trial that has now been scheduled for March or not.  I can

4    see tremendous overlap between, for example, discovery on

5    financial condition of the company as it relates to damages in          02:42

6    the Phase 2 and also issues that the receiver is looking at.

7    And without making a ruling on any of this, I would not suggest

8    for a moment that these are mutually exclusive categories.

9         **MR. RUSSELL:**  They may not be, Your Honor.  That's

10   the reason why Mr. O'Bryan in the first instance should deal          02:42

11   with it.  Because if you take it the way we take it, this might

12   not be Phase 2 discovery.

13        **THE COURT:**  You can make that argument to

14   Mr. O'Bryan.

15        **MR. RUSSELL:**  Thank you, Your Honor.                          02:43

16        **MR. ZELLER:**  And just so it's clear, what Mr. Russell

17   is articulating is a basis as to why MGA has refused to give us

18   any financial --

19        **THE COURT:**  Mr. Zeller, I'm going to cut you off

20   here.  Take that up with the Discovery Master.  I don't mean to       02:43

21   cut you off, but I think I made my position as clear as I can

22   today that there is nothing from this Court which is precluding

23   any discovery that is properly sought for the trial that is

24   scheduled.

25        Whatever has happened has happened and we need to                02:43

**Exhibit 2**
**Page 17**

1   move forward.

2           MR. ZELLER:   Thank you, Your Honor.

3           THE COURT:   Thank you, counsel.

4           MR. FRACKMAN:   I'm last, and I think I'll be the

5   shortest.   On the issue of streamlining discovery, I've read          02:43

6   the Court's prior orders concerning the number of depositions,

7   for example, and I confess, I'm a bit confused.

8           We would request from the Court that there be a

9   reasonable limit placed on Phase 2 depositions.   I don't know

10  whether that comes to Your Honor or whether that goes to the           02:44

11  discover referee.

12          THE COURT:   In the first instance, that would go to

13  the discovery referee.   The limits that were placed were limits

14  that were placed on the earlier discovery phase.

15          To be clear again, I have placed no limits, no               02:44

16  restrictions, other than what is set forth in the rules of

17  civil procedure and in local rule 37 on discovery from this

18  point until March 23rd.

19          If the parties wish to stipulate, they may.   If the

20  parties think that the Court needs to be involved in this in          02:44

21  the first instance, that needs to go to the Discovery Master.

22          MR. FRACKMAN:   I think we're prepared to follow the

23  federal rules, Your Honor.   Thank you.

24          THE COURT:   Very good.

25          MR. ZELLER:   I feel like I'm being more difficult at         02:44

:dnesday, February 11, 2009                          Mattel vs. MGA Entertainme:

Exhibit 2
Page 18

1    the end than I should be.

2           Just so it's clear, because as I understood it,

3    there, of course, are the limits under the Federal Rules of ten

4    depositions.  We, of course, have -- and I thought that the

5    parties --                                                            02:45

6           **THE COURT:**  You did more than ten depositions.

7           **MR. ZELLER:**  Correct.  And I think both sides have.

8           **THE COURT:**  Yes.

9           **MR. ZELLER:**  Or then there were limits the Court did

10   put on the case, as we understood it; I want to say the number    02:45

11   was 24, but I could be off slightly, that the Court did modify

12   the limits already.

13          **THE COURT:**  I allowed for additional depositions.

14   But those were all in the context of the first phase.  We now

15   have new counsel coming in.  I'm certainly not going to suggest   02:45

16   you're all done with discovery.

17          **MR. ZELLER:**  Absolutely.

18          **THE COURT:**  Maybe I should.  Maybe I should say the

19   limits have all been filled in spades and we're done and let's

20   go to trial.                                                         02:45

21          **MR. ZELLER:**  That's what I'm trying to understand is

22   is the Court's view on this, because the Court had

23   previously -- and I don't recall the mechanics of how we got

24   there, but the Court essentially increased the limit to, I

25   think, 24.                                                           02:45

ednesday, February 11, 2009                    Mattel vs. MGA Entertainmen

Exhibit 2
Page 19

104

1      **THE COURT:**  Whatever limits I imposed, if I did not

2  use the precise language that I should have, let me make it

3  clear now:  That was applied to the discovery phase.  That's

4  now water under the bridge.  It is over.

5      We are starting with a clean slate, a new discovery        02:46

6  master, new counsel for MGA, and we are going to build this up

7  and we'll go from here.  If there's a discovery dispute, please

8  take it to the Discovery Master.

9      **MR. ZELLER:**  That helps clarify it quite a bit, Your

10  Honor.                                                         02:46

11      The other component is that at least with respect to

12  Phase 1, when we asked the question of where should we take a

13  request for leave to take additional depositions or serve

14  additional interrogatories and the like, the Court previously

15  directed that the motions be made to Your Honor.  And the Court  02:46

16  may recall that, in fact, in the first phase, Mattel did make

17  such a motion that was granted.

18      **THE COURT:**  Regarding what, again?

19      **MR. ZELLER:**  Increasing the limits.

20      **THE COURT:**  That is something which I am going to       02:46

21  change for this.  I think in the first instance that should be

22  directed to the Discovery Master.  You both have full right to

23  appeal any decision from that, but I think it's best that the

24  Discovery Master function essentially as the Magistrate Judge

25  in this case and handle all of those from the get-go.  And      02:47

**Exhibit 2**
**Page 20**

105

```
 1   we'll go from there.

 2          MR. ZELLER:   Thank you.

 3          THE COURT:   Anything further?

 4          Thank you.   Good day.

 5

 6

 7

 8

 9

10                        CERTIFICATE

11

12   I hereby certify that pursuant to section 753, title 28, United
     States Code, the foregoing is a true and correct transcript of
13   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
14   conformance with the regulations of the Judicial Conference of
     the United States.
15

16   _____          _____
     THERESA A. LANZA, CSR, RPR                  Date
17   Federal Official Court Reporter

18

19

20

21

22

23

24

25
```

Exhibit 2
Page 21

# EXHIBIT 3
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 3
# TO DECLARATION OF
# MARC E. MAYER

1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
8   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
9   Facsimile: (310) 312-3100

10  Attorneys for Defendants
    MGA Entertainment, Inc., MGA Entertainment HK, Ltd.,
11  MGAE De Mexico, S.R.L. De C.V., and Isaac Larian

12              UNITED STATES DISTRICT COURT

13      CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION

14  CARTER BRYANT, an individual,          CASE NO.  CV 04-9049 SGL (RNBx)

15          Plaintiff,                     Consolidated with
                                           Case No.  CV 04-09059
16      v.                                 Case No.  CV 05-02727
                                           DISCOVERY MATTER
17  MATTEL, INC., a Delaware               [To Be Heard By Discovery Master
    corporation,,                          Robert O'Brien Pursuant to Order of
18                                         January 6, 2009]
            Defendant.
19                                         NOTICE OF MOTION AND MOTION
                                           OF MGA PARTIES FOR
20  AND CONSOLIDATED CASES                 PROTECTIVE ORDER STAYING
                                           DISCOVERY ON TRADE DRESS
21                                         CLAIMS; MEMORANDUM OF
                                           POINTS AND AUTHORITIES IN
22                                         SUPPORT THEREOF
                                           [DECLARATIONS OF JEAN PIERRE
23                                         NOGUES AND BRIAN WING FILED
                                           CONCURRENTLY]
24                                         Date:      TBD
25                                         Time:      TBD
                                           Place      TBD
26                                         Phase 2
                                           Discovery Cut-Off:  December 11, 2009
27                                         Pre-Trial conference:  March 1, 2010
                                           Trial Date:  March 23, 2010
28

Mitchell
Silberberg &
Knupp LLP

2136206.2

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 22

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that at a time and place to be set by Discovery

3    Master Robert O'Brien, MGA Entertainment Inc., MGA Entertainment (HK)

4    Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (the "MGA

5    Parties") will, and hereby do, move the Court for a Protective Order:

6         1.    Staying, until 21 days after the Court decides Mattel Inc's ("Mattel")

7    anticipated summary judgment motion directed at MGA's trade dress claims, any

8    requirement that the MGA Parties provide further responses to Mattel's

9    Interrogatories 43, 44, 51 through 55, and 64 addressing MGA's trade dress

10   claims; and

11        2.    Staying all other discovery by Mattel directed to MGA's trade dress

12   claims until after the Court decides Mattel's anticipated summary judgment motion

13   directed at MGA's trade dress claims.

14        This Motion is made pursuant to Federal Rule of Civil Procedure 26(c)(1)(b)

15   and on the ground that good cause exists for the Court to exercise its discretion to

16   stay trade dress discovery until after the Court rules on Mattel's imminent

17   summary judgment motion seeking dismissal of most, if not all, of MGA's trade

18   dress claims.

19        This Motion is made and based upon this Notice of Motion and Motion, the

20   accompanying Memorandum of Points and Authorities, the Declarations of Jean

21   Pierre Nogues and Brian Wing and exhibits thereto filed concurrently herewith, the

22   records and files of this Court, and on all other matters of which the Court may

23   take judicial notice.

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP
2136206.2

1

2

## __Statement of Rule 37-1 Compliance__

3      The parties met and conferred regarding this motion on February 6, 2009

4   and February 18, 2009.

5

6   DATED: February _21_, 2009        RUSSELL J. FRACKMAN
                                      PATRICIA H. BENSON
7                                     MITCHELL SILBERBERG & KNUPP LLP

8

9   By: _____
        Jean Pierre Nogues
10       Attorneys for Defendants
        MGA Entertainment, Inc., MGA
11       Entertainment HK, Ltd., MGAE De
        Mexico, S.R.L. De C.V., and Isaac Larian

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

2136206.2

3

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 24

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (the "MGA Parties") seek a stay of discovery relating to the MGA Parties' Phase 2 trade dress claims against Mattel Inc. ("Mattel") until after the Court decides a summary judgment motion on those trade dress claims, which Mattel represents it will file shortly after the Court decides pending motions relating to Phase 1.  This motion is made in order to avoid potentially unnecessary discovery and disputes, to preserve the resources of the Court and the parties, and in the interest of judicial economy.

MGA's Complaint alleges claims against Mattel for False Designation of Origin, Unfair Competition (under the Lanham Act and Cal. Bus. & Prof. Code §17200), Dilution, and Unjust Enrichment, based on allegations that Mattel misappropriated and infringed MGA's trade dress in and packaging for its "Bratz" line of fashion dolls and other products. *See, e.g.,* Complaint. ¶¶ 9, 33-73 (Ex. 1 to Nogues Decl.).  These claims are part of Phase 2 of this litigation.[1]

Mattel has advised the MGA Parties that it intends within a matter of weeks to move for summary judgment on MGA's trade dress claims, on the grounds that the jury's verdict and the Court's rulings in Phase 1 preclude MGA from asserting any trade dress claims relating to Bratz products and packaging.  Mattel's imminent motion is premised entirely on the Phase 1 rulings, and does not depend on or require responses to any of the trade dress discovery at issue in this motion.  Moreover, Mattel contends that the motion, if granted, has the potential to

---

[1]  Only MGA Entertainment Inc. has filed trade dress claims.  However, Mattel has served trade dress discovery, including the Trade Dress Interrogatories at issue in this motion, to all of the MGA Parties.  Further, Mattel's meet and confer letters respecting this discovery have generally used a possibly generic "MGA" in making demands for further responses.  Accordingly, out of caution, the MGA Parties all join in this motion.

Mitchell
Silberberg &
Knupp LLP

2136206.2

1  eliminate or greatly change the scope of MGA's trade dress claims, and, therefore,

2  any related discovery.

3          By this motion, the MGA Parties seek a stay to defer responding to eight

4  specific interrogatories relating to MGA's trade dress claims until 21 days after the

5  Court rules on Mattel's summary judgment motion. The MGA Parties also seek a

6  stay of all discovery relating to MGA's trade dress claims for the same period.

7  The trade dress discovery sought by Mattel is extensive, and will require the

8  expenditure of substantial time and effort to answer. The MGA Parties should not

9  be required to undertake the significant burden involved in responding to that

10  discovery that the requesting party, Mattel, contends may prove unnecessary or

11  may be substantially limited in a few short weeks.

12

13  **II.     SUMMARY OF RELEVANT FACTS**

14          Before the conclusion of Phase 1 discovery, Mattel served numerous

15  discovery requests concerning MGA's trade dress claims.[2] One of the

16  interrogatories which MGA answered in full required it to identify "each and every

17  concept, design, product or product packaging that [it] contend[s] Mattel copied or

18  infringed." *See* MGA's Supplemental Response to Mattel Interrogatory No. 2

19  (Ex. 2 to Nogues Decl.). Shortly before the Phase 1 discovery cutoff, Mattel

20  propounded eight additional interrogatories aimed at MGA's trade dress claims

21  (the "Trade Dress Interrogatories"):

22          **Interrogatory No. 43**: For each concept, design, product, product

23  packaging or other matter that YOU contend MATTEL copied or infringed,

24  ─────────────────────────────

25  [2] By the end of Phase 1 discovery, Mattel had propounded *four thousand six hundred and forty-seven (4,647)* Requests for Admissions, *two thousand eight hundred and eighty-nine (2,889)* Requests for Production, and *seventy-one (71) interrogatories*; Mattel had taken 30(b)(6) Deposition covering *two hundred ninety-two (292)* topics and *over sixty (60)* non-expert depositions (some for multiple days); Mattel also had served *seventy-five (75)* Third Party Subpoenas; and the MGA Defendants produced *four million, two hundred thousand (4,200,000)* pages of documents.

26

27

28

Mitchell
Silberberg &
Knupp LLP

2136206.2

                                        5

Exhibit 3
Page 26

1  including but not limited to those identified in MGA's Responses To Mattel, Inc.'s

2  First Set Of Interrogatories Re Claims Of Unfair Competition, Response To

3  Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state

4  the date that each such concept, design, product, product packaging or other matter

5  was conceived, and IDENTIFY all PERSONS with knowledge of, and all

6  DOCUMENTS that REFER OR RELATE TO, the foregoing.

7      **Interrogatory No. 44:**  For each concept, design, product, product

8  packaging or other matter that YOU contend MATTEL copied or infringed,

9  including but not limited to those identified in MGA's Responses To Mattel, Inc.'s

10  First Set Of Interrogatories Re Claims Of Unfair Competition, Response To

11  Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory), state

12  the date that each such concept, design, product, product packaging or other matter

13  was first fixed in any tangible medium of expression (if ever), and IDENTIFY all

14  PERSONS with knowledge of, and all DOCUMENTS that REFER OR RELATE

15  TO, the foregoing.

16      **Interrogatory No. 51:**  For each concept, design, product, product

17  packaging or other matter that YOU contend MATTEL has copied, infringed or

18  diluted, including but not limited to those identified in MGA's Responses to

19  Mattel, Inc.'s First Set of Interrogatories Re Claims of Unfair Competition,

20  Response to Interrogatory No. 2 (and any Supplemental Responses to such

21  Interrogatory), describe, fully and separately, each and every concept, design,

22  product, product packaging or other matter of or by MATTEL that YOU contend is

23  a copy of, infringes or dilutes YOUR alleged concept(s), design(s), product(s),

24  product packaging or other matter.  Your answer should describe the Mattel

25  concept, design, product, product packaging or other matter with specificity and in

26  detail (including without limitation by product name, product number, SKU, or bar

27  code number), and specify those elements or attributes of YOUR claimed concept,

Mitchell
Silberberg &
Knupp LLP     28

2136206.2

6

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 27

1   design, product, product packaging or other matter that YOU contend were copied,

2   infringed or diluted by MATTEL.

3       **Interrogatory No. 52:**  For each trade dress that YOU contend MATTEL

4   copied, infringed or diluted, separately IDENTIFY each product sold by YOU or

5   YOUR licensees that incorporates such trade dress and, for each such product,

6   separately state (a) the number of units, by year, of each such product sold by YOU

7   or YOUR licensees; (b) revenue received by YOU from such SALES of each such

8   product; (c) all costs YOU have incurred in connection with each product,

9   including but not limited to YOUR cost of good sold, and (d) YOUR gross and net

10   profits from each such product.

11       **Interrogatory No. 53:**  For each MATTEL concept, design, product,

12   product packaging or other matter that YOU contend is likely to cause confusion,

13   to cause mistake, or to deceive as to affiliation, connection, or association, or as to

14   origin, sponsorship, or approval, separately state all facts that support YOUR

15   contention of such, including but not limited to all facts that support YOUR

16   contention, if YOU so contend, that any of the SLEEKCRAFT FACTORS weighs

17   against MATTEL, and IDENTIFY all PERSONS with knowledge of such facts

18   and all DOCUMENTS that REFER OR RELATE TO such facts.

19       **Interrogatory No. 54:**  For each concept, design, product, product

20   packaging or other matter that YOU contend MATTEL copied, infringed or

21   diluted, state all facts that support contention, if YOU so contend, that such

22   copying or infringement was intentional or willful, and IDENTIFY all PERSONS

23   with knowledge of such facts and all DOCUMENTS that REFER OR RELATE

24   TO such facts.

25       **Interrogatory No. 55:**  State all facts which support the allegation in

26   Paragraph 120 of YOUR COMPLAINT that MATTEL has "caused and continues

27   to cause blurring and dilution of the distinctive look of MGA's products and trade

Mitchell
Silberberg &
Knupp LLP

28

2136206.2

7

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 28

1   dress," and IDENTIFY all PERSONS with knowledge of such facts and all

2   DOCUMENTS that REFER OR RELATE TO such facts.

3         **Interrogatory No. 64**:  To the extent YOU have not previously disclosed

4   such information in a prior interrogatory response YOU provided to Mattel, state

5   all facts which support YOUR claims against Mattel in THIS ACTION, and

6   IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

7   that REFER OR RELATE TO such facts.

8         On February 4, 2008, the Court stayed all Phase 2 discovery.  Ex. 4 to

9   Nogues Decl.  As a consequence, MGA did not provide substantive responses to

10   the Trade Dress Interrogatories, other than responses to Interrogatories 43 and 44

11   provided earlier.[3]

12         On January 6, 2009, the Court lifted its discovery stay.  Ex. 7 to Nogues

13   Decl.  On January 8, 2009, less than 48 hours after the stay had been lifted, Mattel

14   sent a meet and confer letter to counsel for the MGA Parties advising that it

15   planned to move for summary judgment on the grounds that the jury's verdict and

16   the Court's rulings in Phase 1 preclude MGA from prevailing on any trade dress

17   (or other) claims relating to Bratz products:

18         "[W]e are writing in connection with Mattel's anticipated

19         Phase 2 motion for summary judgment.... ***The jury***

20         ***verdict and the Court's ruling in Phase 1 established***

21         ***that Mattel owns copyrights in Bratz.  As MGA does not***

22         ***own these copyrights, it cannot own any trade dress***

23         ***rights in the appearance of the Bratz dolls or any other***

24   ───────────────────────────────────────────────
     [3] MGA objected to Interrogatories 51 through 55 and 64 on several grounds,
25   including that Phase 2 discovery had been stayed.  Ex. 6 to Nogues Decl.  MGA
     did provide substantive responses to Interrogatories 43 and 44 before the Phase 2
26   stay went into effect.  Ex. 3 to Nogues Decl.  Mattel moved to compel further
     responses, and on February 15, 2008, the former discovery master ordered MGA
27   to provide further responses to Interrogatories 43 and 44.  Ex. 5 to Nogues Decl.
     However, the discovery master's order was also stayed by the Court's stay on all
28   Phase 2 discovery.

Mitchell
Silberberg &
Knupp LLP

2136206.2

                                    8
─────────────────────────────────────────────────────────────
     MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 29

Case 2:04-cv-09049-DOC-RNB   Document 5002-2   Filed 03/11/09   Page 38 of 71   Page ID
#:159778
Case 2:04-cv-09049-SGL-RNB     Document 4921     Filed 02/27/2009     Page 9 of 15

1      *matter protected by those copyrights. Furthermore,*

2      *MGA's unlawful use of Mattel's rights bars MGA from*

3      *obtaining any alleged trade dress rights as a matter of*

4      *law. All of MGA's trade dress rights are based on*

5      *purported use through the unlawful sale of infringing*

6      *Bratz dolls. The law does not recognize this as*

7      *adequate use, and MGA's claims therefore fail....*

8

9      MGA also has made numerous allegations of unfair

10     competition relating to Bratz in addition to trade dress

11     infringement and dilution.... MGA cannot maintain any

12     claims based on products it had no legal right to

13     manufacture, market and sell in the first instance. Since

14     that is the case as a result of the Phase 1 trial and the

15     Court's ruling, all such unfair competition claims fail

16     also."

17

18   Ex. 8 to Nogues Decl. (emphasis added).

19       Mattel requested further responses to the Trade Dress Interrogatories, and on

20   February 6, 2009, counsel for Mattel and MGA met and conferred about several

21   matters, including the Trade Dress Interrogatories. Nogues Decl. ¶ 12. The MGA

22   Parties proposed that they respond to the Trade Dress Interrogatories within 30

23   days after the Court ruled on Mattel's anticipated summary judgment motion. *Id.*

24   Counsel for MGA advised that if Mattel was unwilling to agree to this proposal,

25   the MGA Parties would seek a protective order staying any obligation to provide

26   further responses to the Trade Dress Interrogatories until after that summary

27   judgment motion was decided. *Id.* and Ex. 11 thereto. On February 12, 2009,

28

Mitchell
Silberberg &
Knupp LLP

2136206.2

Exhibit 3
Page 30

1   counsel for Mattel rejected MGA's proposal, and requested that MGA respond to

2   the Trade Dress Interrogatories by February 27. Ex. 12 to Nogues Decl.

3        On February 18, Mattel and MGA engaged in another meet and confer

4   session, this one relating to Mattel's anticipated summary judgment motion.

5   During that session, counsel for Mattel reaffirmed the grounds for the anticipated

6   motion, and stated that it would be filed shortly after the Court ruled on the

7   pending post-trial motions relating to Phase 1, which had been argued and taken

8   under submission on February 11. Nogues Decl. ¶ 15 and Exs. 14 and 15 thereto.[4]

9   Mattel's counsel also reaffirmed Mattel's position that it would not agree to a stay

10   of trade dress discovery until after resolution of Mattel's summary judgment

11   motion.

12        By letter dated  February 19, 2009, MGA's counsel reaffirmed that MGA

13   intended to file this Motion for Protective Order, and proposed to respond to the

14   Trade Dress Interrogatories (a) if this protective order motion is denied, within 21

15   days after its denial; or (b) if this motion is granted, within 21 days after the

16   Court's ruling on Mattel' summary judgment motion.  Ex. 14 to Nogues Decl.

17

18

19

20

21

22

23

24

25   [4] The parties disagree about whether Mattel's counsel stated that its summary

26   judgment motion would be filed within a week or within weeks of the Court's decision on the pending Phase 1 matters. *Compare* Ex. 14 to Nogues Decl. *with* Ex. 15 to Nogues Decl. Either way, it is clear that Mattel plans to file the motion

27   quite promptly, and that with the current December 11, 2009 discovery cut-off, there will be ample time to deal with trade dress discovery after the Court rules on

28   that motion.

Mitchell
Silberberg &
Knupp LLP

2136206.2

10

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 31

1   III.   **THE COURT SHOULD GRANT A PROTECTIVE ORDER STAYING**
2          **MGA'S FURTHER RESPONSES TO THE TRADE DRESS**
3          **INTERROGATORIES AND OTHER TRADE DRESS DISCOVERY**
4          **UNTIL AFTER THE SUMMARY JUDGMENT MOTION IS**
5          **DECIDED**
6          A.   **The Legal Standard**
7               Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good
8   cause, issue an order to protect a party or person from annoyance, embarrassment,
9   oppression, or undue burden or expense, including one or more of the following:
10  . . . (B) specifying terms, including time and place, for the disclosure or
11  discovery." It is particularly appropriate to stay discovery when a dispositive
12  motion, such as a summary judgment motion, "would obviate the need for
13  discovery." Kendall, Matthew Bender Federal Practice Guide: Federal Pretrial
14  Civil Procedure in California § 22.40(4)(a). *See Little v. City of Seattle,* 863 F.2d
15  681, 685 (9th Cir. 1988) (affirming stay of discovery pending resolution of
16  dispositive immunity issue because it "furthers the goal of efficiency for the court
17  and litigants."); *In re Netflix Antitrust Litigation,* 506 F. Supp. 2d 308, 321 (N.D.
18  Cal. 2007) (courts have broad discretion to stay discovery pending resolution of a
19  potentially dispositive motion); *Orchid Biosciences, Inc. v. St. Louis University,*
20  198 F.R.D. 670, 672 (S.D. Cal. 2001) ("court has broad discretion to stay
21  discovery in a case while a dispositive motion is pending"); *Coastal States Gas*
22  *Corp. v. Department of Energy,* 84 F.R.D. 278, 282 (D.C. Del., 1979) ("It is
23  within the sound discretion of the Court to postpone discovery of issues relating to
24  the merits of a case pending resolution of potentially dispositive motions. Indeed,
25  such a procedure is an eminently logical means to prevent wasting the time and
26  effort of all concerned, and to make the most efficient use of judicial resources."
27  [Citations omitted]); Schwarzer, Cal. Practice Guide: Federal Civil Procedure
28  Before Trial § 11:1101 (The Rutter Group 2008) ("Protective orders *may stay*

Mitchell
Silberberg &
Knupp LLP
2136206.2

11

1  discovery altogether *or limit* discovery to particular issues, or order that discovery

2  be conducted in a certain sequence. Limiting discovery to particular issues is

3  appropriate where discovery on one issue (e.g. personal jurisdiction) may obviate

4  the need for discovery on other issues, or if a pending motion may resolve the

5  case.").

6        **B.**    **Discovery Is Not Necessary to Make or Oppose Mattel's**

7              **Imminent Summary Judgment Motion.**

8        Mattel's anticipated summary judgment motion will assert that, as a matter

9  of law, MGA cannot maintain any trade dress claims because of the jury verdict

10  and Court's rulings in Phase 1, not because of any facts to be discovered through

11  the pending Trade Dress Interrogatories.  MGA already provided a detailed

12  description of all concepts, designs, products and packaging that MGA contends

13  Mattel copied or infringed in prior discovery responses. *See* Ex. 2 to Nogues

14  Decl., MGA Entertainment Inc.'s Supplemental Response to Interrogatory No. 2.

15  Mattel has, or shortly will have, all of the Court's final rulings relating to Phase 1.

16  By its own admission, Mattel needs nothing else to make its motion.

17        Moreover, the pending requests would not provide any additional facts

18  relevant to Mattel's anticipated motion.  Mattel has pleadings and discovery setting

19  out in  great detail the nature and scope of MGA's trade dress claims.  *Id.*  The

20  information sought by the Trade Dress Interrogatories--dates of conception of the

21  designs and products as to which MGA claims trade dress protection (Interrogatory

22  No. 43); dates the items MGA claims are protected were first "fixed" in tangible

23  form (Interrogatory No. 44); listings of Mattel products that infringed MGA's trade

24  dress (Interrogatory No. 51); units of infringed products and items sold, and

25  revenues, costs and profits relating to those sales (Interrogatory No. 52); facts

26  relating to application of *Sleekcraft* factors[5] (Interrogatory No. 53); facts

27

Mitchell
Silberberg &
Knupp LLP
2136206.2

28

[5]  In *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979), the Court listed
eight factors that should be considered in assessing the likelihood of confusion
(...continued)

1   supporting allegations of willful copying and infringement by Mattel (Interrogatory

2   No. 54); and facts supporting MGA's dilution allegations (Interrogatory No. 55)—

3   are not necessary or even relevant to resolution of the summary judgment motion.

4

5       **C.    The Need for Trade Dress Discovery May Be Affected by the**

6              **Resolution of the Summary Judgment Motion**

7       Mattel contends that if it is successful on its summary judgment motion,

8   MGA's trade dress claims relating to Bratz products will be eliminated.  While the

9   MGA Parties submit that Mattel's arguments are not well-taken and will oppose

10  Mattel's motion, they acknowledge that *if and to the extent that* Mattel's motion is

11  granted, some of MGA's trade dress claims may be eliminated or narrowed.  It

12  logically follows that, if and to the extent that Mattel's summary judgment motion

13  is granted, the scope of necessary discovery will change, perhaps dramatically, and

14  the Trade Dress Interrogatories may prove unnecessary or may be substantially

15  narrowed.

16

17      **D.    In These Circumstances, the Requested Protective Order Is**

18             **Warranted**

19      The facts here present exactly the circumstances which the courts have often

20  held to justify a stay of discovery.  *Landry v. Air Pilots Ass'n Intern. AFL-CIO*,

21  901 F.2d 404 (5th Cir. 1990), is instructive.  In that case, the Court of Appeals

22  affirmed the issuance of protective orders staying discovery until after summary

23  judgment motions could be heard and resolved, noting:

24

25  (...continued)

26  between two marks:  strength of mark, proximity of goods, similarity of marks, evidence of actual confusion, marketing channels used, degree of care exercised by

27  purchaser, defendant's intent and likelihood of expansion of product line.  *Id.* at 348-49.  None of these factors has anything to do with the grounds on which

28  Mattel will base its summary judgment motion.

Mitchell
Silberberg &
Knupp LLP

2136206.2

13

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 34

1   "In their motions for protective orders, the defendants
2   gave several reasons why this discovery was not needed
3   prior to the resolution of the summary judgment motions
4   which, if granted, would preclude the need for the
5   discovery altogether. . . . Defendants also argued that the
6   summary judgment motions could be decided as a matter
7   of law on the basis of the undisputed facts already before
8   the court. . . . Finally, they argued that since the
9   discovery was not needed to resolve the summary
10   judgment motions -- and thus perhaps not needed at all --
11   the depositions would be unduly expensive and
12   burdensome."

13   *Id.* at 435-36. This showing shifted the burden to the parties seeking discovery "to

14   show a need for the depositions such that their burden and expense would not be

15   'undue.'" Id. at 436. They failed to meet this burden; therefore, the District Court

16   properly stayed discovery pending resolution of the summary judgment motion.

17   *Id.*

18        Further, a stay is particularly warranted given the scope of the

19   interrogatories at issue, each of which would require substantial time, effort and

20   expense to answer. For example, Mattel has asked that MGA provide sales,

21   revenues, costs and profits by individual product whose trade dress was copied or

22   infringed by Mattel (Interrogatory No. 52). Obtaining revenue, cost and profit

23   figures for individual products would be extremely difficult, time-consuming and

24   costly, if it is even possible. Declaration of Brian Wing ¶¶ 3-5. Similarly, MGA

25   does not have a complete listing of every single Mattel product which copied or

26   infringed MGA's trade dress (Interrogatory No. 51); attempting to compile such

27   information presents another herculean task. The burden of responding to these

28

Mitchell
Silberberg &
Knupp LLP

2136206.2

14

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 35

1   and the other Trade Dress Interrogatories at this time is thus wholly out of

2   proportion to any "benefit" to Mattel from such responses.

3     Mattel cannot credibly argue it will suffer any prejudice if a stay issues.  The

4   requested discovery is not necessary or relevant to resolution of the potentially

5   dispositive motion.  And, if Mattel prevails on its motion, the discovery may never

6   be needed or may be significantly reduced in scope.  If, on the other hand, MGA

7   prevails on opposing the summary judgment motion, there is ample time to

8   respond to the Trade Secret Interrogatories and complete other trade secret

9   discovery before the December 11, 2009 discovery cut-off.  For these reasons, the

10  requests are unnecessarily burdensome and oppressive.

11

12  IV. **CONCLUSION**

13    The MGA Parties respectfully submit that the requested protective order

14  should be issued, and the MGA Parties' obligations to respond to the Trade Dress

15  Interrogatories and other trade dress discovery should be stayed until 21 days after

16  the summary judgment motion is decided.

17

18  DATED:  February 27, 2009   RUSSELL J. FRACKMAN
19                 PATRICIA H. BENSON
                 MITCHELL SILBERBERG & KNUPP LLP

20

21            By: _____

22              Jean Pierre Nogues
            Attorneys for Defendants
23              MGA Entertainment, Inc., MGA
            Entertainment HK, Ltd., MGAE De
24              Mexico, S.R.L. De C.V., and Isaac Larian

25

26

27

28

                   15

MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY ON MGA'S TRADE DRESS CLAIMS

Exhibit 3
Page 36

# EXHIBIT 4
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 4
# TO DECLARATION OF
# MARC E. MAYER

Case 2:04-cv-09049-DOC-RNB   Document 5002-2   Filed 03/11/09   Page 46 of 71   Page ID
#:159786
Case 2:04-cv-09049-SGL-RNB      Document 4952      Filed 03/05/2009      Page 1 of 2

1   Robert C. O'Brien
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA  90013-1065
3   Telephone:  213.629.7400
    Facsimile:   213.629.7401
4
    Discovery Master
5

6

7

8                     UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                          EASTERN DIVISION

11

12   CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)

13              Plaintiff,

14              v.                         **Consolidated with**
                                           **Case No. CV 04-09059**
15   MATTEL, INC., a Delaware              **Case No. CV 05-2727**
     corporation,
16                                         **PHASE II DISCOVERY MATTER**
                Defendant.
17                                         **ORDER NO. 2, REGARDING:**

18                                              **HEARING DATE FOR**
                                                **RECENTLY FILED**
19                                              **DISCOVERY MATTERS**

20   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21   MGZ ENTERTAINMENT, INC. v.
     MATTEL, INC.
22

23

24

25

26

27

28

ARENT FOX LLP                          1                    **ORDER NO. 2**
ATTORNEYS AT LAW
LOS ANGELES

LA/139654.1

Exhibit 4
Page 37

1       The following discovery motions are set for hearing on April 14, 2009 at

2   10:00 a.m. at the offices of Arent Fox, LLP:

3       1.    Renewed Motion to Compel Consent to Production of Electronic Mail

4   Messages filed by Mattel, Inc. on or about February 20, 2009.

5       2.    Motion to Quash Subpoena Issued by Mattel to Non-Party Bingham

6   McCutchen LLP filed on or about February 25, 2009.

7       3.    Motion for a Protective Order Staying Discovery on Trade Dress

8   Claims filed by MGA Entertainment, Inc. et al. on or about February 27, 2009.

9

10   Dated:    March 4, 2009

11

12

13                   By:     /s/ Robert C. O'Brien

                            ROBERT C. O'BRIEN

14                               Discovery Master

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/139654.1

- 2 -

**ORDER NO. 2**

Exhibit 4
Page 38

# EXHIBIT 5
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 5
# TO DECLARATION OF
# MARC E. MAYER

Case 2:04-cv-09049-DOC-RNB   Document 5002-2   Filed 03/11/09   Page 49 of 71   Page ID
#:159789
Case 2:04-cv-09049-SGL-RNB      Document 4970      Filed 03/06/2009      Page 1 of 23

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                   EASTERN DIVISION

11 | CARTER BRYANT, an individual,      | CASE NO. CV 04-9049 SGL (RNBx)
12 |              Plaintiff,            | Consolidated with
                                         Case No. CV 04-09059
13 |        vs.                         | Case No. CV 05-2727
14 | MATTEL, INC., a Delaware           | **DISCOVERY MATTER**
   | corporation,
15 |                                    | **[To Be Heard By Discovery Master
   |              Defendant.            | Robert C. O'Brien Pursuant To Order
16 |                                    | Of January 6, 2009]**
17 | AND CONSOLIDATED ACTIONS           | MATTEL, INC.'S OPPOSITION TO THE
                                         MGA PARTIES' MOTION FOR
18 |                                    | PROTECTIVE ORDER STAYING
                                         DISCOVERY ON TRADE DRESS
19 |                                    | CLAIMS
20 |                                    | [Declarations of Bridget A. Hauler and
                                         Scott Watson filed concurrently herewith]
21 |
22 |                                    | Hearing Date:   April 14, 2009
                                         Time:            10:00 a.m.
                                         Place:           Arent Fox, LLP
23 |
                                         **Phase 2**
24 |                                    | Discovery Cut-off:     Dec. 11, 2009
                                         Pre-trial Conference:   Mar. 1, 2010
25 |                                    | Trial Date:            Mar. 23, 2010
26 |
27 |
28 |

00505.07975/2823457.4

                                    OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 39

1

## **TABLE OF CONTENTS**

2
**Page**

3

STATEMENT OF FACTS ......................................................................................... 3

4

ARGUMENT ............................................................................................................ 12

5

I.      THE MGA PARTIES' MOTION IS CONTRARY TO THE DISTRICT
6       COURT'S DIRECTIVES AND NOT PROPERLY ADDRESSED TO
        THE DISCOVERY MASTER. ....................................................................... 12
7
II.     THE MGA PARTIES' STAY REQUEST LACKS MERIT AND IS
8       UNWORKABLE. .......................................................................................... 13

9   III.    MATTEL WOULD BE PREJUDICED BY A DISCOVERY STAY. .......... 16

10          A.      The Discovery Stay Would Be Unfair To And Burden Mattel ........... 16

11          B.      MGA's Claims Of Purported Burden Have Been Rejected By
                    The Prior Discovery Master And Are Contradicted By MGA's
12                  Own Evidence ................................................................................... 18

13  CONCLUSION ......................................................................................................... 20

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-i-

Exhibit 5
Page 40

Case 2:04-cv-09049-DOC-RNB   Document 5002-2   Filed 03/11/09   Page 51 of 71   Page ID
#:159791
Case 2:04-cv-09049-SGL-RNB      Document 4970      Filed 03/06/2009      Page 3 of 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

Capacchione v. Charlotte-Mecklenburg Schools,
    182 F.R.D. 486 (W.D.N.C. 1998) ......................................................... 20

Jackson v. Montgomery Ward & Co., Inc.,
    173 F.R.D. 524 (D. Nev. 1997).............................................................. 18

King v. Georgia Power Co.,
    50 F.R.D. 134 (N.D. Ga. 1970).............................................................. 19

Seff v. General Outdoor Advertising Co.,
    11 F.R.D. 597 (N.D. Ohio 1951) ........................................................... 20

### <u>Statutes</u>

Rule 30(b)(6) ................................................................................... 5, 18

### <u>Other Authorities</u>

7 MOORE'S FEDERAL PRACTICE § 33.03 (Matthew Bender 3d ed.)

00505.07975/2823457.4

-ii-

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 41

**<u>Preliminary Statement</u>**

The MGA Parties' Motion for Protective Order Staying Discovery on Trade Dress Claims should be denied for several reasons.

First, the Motion is an inappropriate effort to thwart the District Court's Phase 2 Scheduling Order as well as the Court's repeated directives that there is no discovery stay and that Phase 2 discovery is to proceed.[1]  Indeed, as of the time of the February 11, 2009 scheduling hearing before Judge Larson when he set dates for discovery cut-off and trial, MGA was fully aware of the grounds that it now claims warrant a discovery stay.   Nevertheless, MGA made no argument that those circumstances should have any effect on the schedule, let alone that they justified any stay. To the contrary, MGA insisted that Phase 2 discovery and trial be completed in a matter of a few months.   And, at the March 4, 2009 hearing, the Discovery Master made clear that there is no discovery stay and that discovery stay motions are not properly directed to the Discovery Master. The MGA Parties' latest effort to delay and hinder discovery through serial stay requests -- coming on the heels of Judge Larson's directives that discovery proceed -- should be rejected.

Second, even assuming the MGA Parties present an issue appropriate for resolution by the Discovery Master (which they have not), their purported grounds for seeking a discovery stay—that Mattel will at some point in the future bring a dispositive motion directed to MGA's trade dress and other Bratz-related claims—fails. In nearly every case, a party will bring a dispositive motion prior to trial.   The unremarkable fact that Mattel intends to exercise its right to so move at some point in the future does not justify a stay.   Not only has no summary judgment motion even been filed by Mattel, but MGA's sweeping stay request goes far beyond even Mattel's contemplated motion. Thus, for example, MGA's claims are based on products -- such

---

[1]   Hearing Transcript, dated February 11, 2009, at 97:9-11, attached as Exhibit 11 to the Declaration of Bridget A. Hauler ("Hauler Dec."), dated March 6, 2009 and filed concurrently herewith.

-1-

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 42

Case 2:04-cv-09049-DOC-RNB   Document 5002-2   Filed 03/11/09   Page 53 of 71   Page ID
#:159793
Case 2:04-cv-09049-SGL-RNB      Document 4970      Filed 03/06/2009      Page 5 of 23

1   as "4-Ever-Best-Friends" dolls, "Mommy's Little Patient" and "AlienRacers" -- and
2   raise other issues that Mattel does not contemplate that its motion will cover. As a
3   result, MGA demands a stay that extends to matters that have nothing to do with
4   Mattel's as-of-yet-unfiled motion and literally lacks even any claimed basis.

5         Third, in addition to being unjustified, the stay request is unworkable and
6   threatens serious prejudice to Mattel. The interrogatories at issue here are plainly
7   relevant to the Phase 2 trial. Nowhere in their Motion do the MGA Parties dispute the
8   relevance of these interrogatories, and by refusing to answer them MGA is flouting a
9   prior Discovery Master Order.[2] Not only do the interrogatories seek information about
10  products and matters relevant to MGA's Phase 2 claims which are not the subject of
11  Mattel's anticipated summary judgment motion, but they seek information critical to
12  *Mattel's* Phase 2 claims and damages as well. As the Discovery Master has recognized,
13  the parties' Phase 2 claims and defenses are intertwined. Thus, imposing the stay
14  sought by the MGA Parties would inevitably will lead to a host of discovery disputes
15  requiring the parties, the Discovery Master and Court to parse wholly artificial,
16  unworkable distinctions between which discovery requests relate *solely* to Mattel's
17  anticipated motion, and which do not (since not even MGA argues that it has a basis for
18  refusing to answer the latter category of Phase 2 discovery). This is plainly an
19  unacceptable construct, and Judge Larson previously rejected similar partial stay
20  requests by MGA for these same types of reasons.

21        A stay would seriously prejudice Mattel. The MGA Parties are requesting
22  a several-month discovery stay when just nine months remain until the Phase 2
23  discovery period closes for good. And, given that MGA refuses to provide any
24  discovery unless compelled by Orders to do so (and often not even then), the few

25

26  [2] The prior Discovery Master ordered MGA to answer two of the Interrogatories
    at issue -- interrogatories which Mattel propounded more than 16 months ago. The
27  other six interrogatories were propounded 14 months ago, and MGA has yet to
    provide even arguably substantive responses to these six requests. All eight of the
28  interrogatories go to claims at the heart of both MGA's and Mattel's Phase 2 claims.

Exhibit 5
Page 43

Case 2:04-cv-09049-DOC-RNB   Document 5002-2   Filed 03/11/09   Page 54 of 71   Page ID
#:159794
Case 2:04-cv-09049-SGL-RNB      Document 4970      Filed 03/06/2009      Page 6 of 23

1   months that would remain undoubtedly would be consumed by discovery motion

2   practice -- leaving Mattel with little or no meaningful discovery period in advance of

3   the Phase 2 trial.   In contrast, the MGA Parties' claims that they will be unduly

4   burdened if they are forced to (1) comply with the Discovery Master's prior Order and

5   (2) answer interrogatories propounded more than a year ago, ring hollow.   This is

6   especially true considering that as recently as three weeks ago, and knowing the

7   circumstances that it now raises in its stay request, *MGA* advocated that Phase 2

8   discovery and trial be completed in short order.[3]

9         Accordingly, Mattel respectfully requests that the Discovery Master deny

10  the MGA Parties' Motion for discovery stay.   In addition, for the reasons set forth in

11  Mattel's concurrently filed motion to enforce and compel, Mattel respectfully requests

12  that the Discovery Master order the MGA Parties to provide full, complete and

13  substantive responses to Interrogatory Nos. 43, 44, 51 through 55 and 64 without

14  further delay.

15                          **Statement of Facts**

16        MGA's Complaint.   In April 2005, over a year after Mattel had sued

17  Carter Bryant and MGA for their Bratz theft, MGA filed a lawsuit against Mattel

18  alleging unfair competition claims.[4]   In its complaint, MGA asserts that Mattel has

19  engaged in "serial copycatting" of numerous products, including Bratz dolls, Bratz Petz

20  and other Bratz products, Bratz television commercials, Bratz packaging, MGA's "4-

21  Ever-Best-Friends" dolls, MGA's "Mommy's Little Patient" dolls and MGA's

22  "AlienRacers" toy racing vehicles.[5]   MGA's complaint also asserted various other

23  unfair competition claims, including trade dress dilution, and alleges unjust

24

25

26  [3]  2/11/08 Hearing Tr. at 92:22-93:7, Hauler Dec., Exh. 11.
    [4]  MGA Entertainment, Inc.'s Complaint ("MGA Complaint"), filed April 13,
27  2005, attached as Exhibit 1 to the Declaration of Jean Pierre Nogues ("Nogues
    Dec."), dated February 27, 2009.
28       Id. at, e.g., ¶¶ 7, 33, 41, 59.

00505.07975/2823457.4

-3-

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

**Exhibit 5**
**Page 44**

1  enrichment.[6]  MGA has since identified hundreds of products that it accuses Mattel of

2  copying.[7]  MGA's CEO, Isaac Larian, has claimed publicly that MGA will be seeking

3  "billions" of dollars from Mattel in this litigation.[8]

4          <u>Mattel's Second Amended Answer.</u>  In July 2007, Mattel filed its Second

5  Amended Answer and Counterclaims.[9]  Mattel alleges in its Second Amended Answer,

6  among other claims, that Bryant's theft of Bratz and other properties (and purported

7  assignment of those properties to MGA)[10] is just one of a series of thefts orchestrated

8  by MGA and that MGA has engaged in a course of conduct designed to systematically

9  steal Mattel's trade secrets and other property.  By encouraging Mattel employees to

10  join MGA and steal Mattel's protected information on their way out, MGA has

11  unlawfully obtained trade secrets relating to Mattel's business in the United States and

12  worldwide.[11]  These allegations also comprise part of Mattel's defense to MGA's

13  claims.  Although MGA alleges that Mattel has imitated aspects of MGA products,

14  such as MGA's alleged "themes,"[12] many MGA product attributes allegedly "imitated"

15  by Mattel were in fact first conceived by Mattel and stolen from Mattel by MGA.  As

16  the Discovery Master has recognized in the past, the parties' Phase 2 claims and

17  defenses thus include overlapping, interrelated facts and issues.[13]

18

19

20

---

[6]  <u>Id.</u> at ¶¶ 101-125.
[7]  <u>See</u> MGA Entertainment, Inc.'s Supplemental Response to Interrogatory No. 2 of Mattel, Inc.'s First Set of Interrogatories re Claims of Unfair Competition, dated June 20, 2002, at 5:13-19:9, Nogues Dec., Exh. 2.
[8]  Transcript of ABC Nightline, dated December 23, 2006, at 5, Hauler Dec., Exh. 19.
[9]  Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-Claims, dated July 12, 2007, Hauler Dec., Exh. 14.
[10]  Bryant's theft -- and MGA's role in that theft -- was the subject of the Phase 1(a) verdict.
[11]  Second Amended Answer at ¶¶ 37-77, Hauler Dec., Exh. 14.
[12]  MGA Complaint at, <u>e.g.</u>, ¶¶ 33-73, Nogues Dec. Exh. 1.
[13]  <u>E.g.</u>, Order of January 25, 2007, at 14:13-17, ("Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims."), Watson Dec., Exh. 4.

-4-

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 45

1         <u>Mattel's Amended Fourth Set of Interrogatories</u>.  On October 23, 2007,

2  Mattel served its Amended Fourth Set of Interrogatories on MGA,[14] which included

3  Interrogatory Nos. 43 and 44:

4        **Interrogatory No. 43:**  For each concept, design, product, product packaging or

5        other matter that YOU contend MATTEL copied or infringed, including but not

6        limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of

7        Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory

8        No. 2 (and any Supplemental Responses to such Interrogatory),[15] state the date

9        that each such concept, design, product, product packaging or other matter was

10       conceived, and IDENTIFY all PERSONS with knowledge of, and all

11       DOCUMENTS that REFER OR RELATE TO, the foregoing.

12       **Interrogatory No. 44:**  For each concept, design, product, product packaging or

13       other matter that YOU contend MATTEL copied or infringed, including but not

14

15  [14]   Without an evidentiary cite, the MGA Parties rehash an argument they have made before in this case about the number of Requests for Admission, Requests for

16  Production, Interrogatories, depositions and subpoenas propounded and taken by Mattel in Phase 1.  Motion for Stay of Discovery at 5, n. 2.  At the outset, MGA

17  made virtually identical claims to Judge Larson in opposing Mattel's discovery efforts in Phase 1, to no avail.  Indeed, Mattel won, and MGA lost, Phase 1 trial, so

18  MGA's apparent suggestion here that it is an innocent party which was unfairly burdened and mistreated in Phase 1 misses the mark.  Furthermore, MGA's numbers

19  are incorrect and misleading.  Because there are multiple defendants (but only one plaintiff), Mattel is required to serve the same discovery on each defendant

20  separately.  Thus, in the numbers presented here, MGA overstates -- by at least a factor of *five* -- the number of written discovery requests propounded by Mattel.

21  When the fact that there are multiple defendants is accounted for, the number of discovery requests propounded by defendants in most categories is either equal to or

22  even greater than the number of Mattel requests.  In order to inflate their numbers further, the MGA Parties also appear to count each deposition of a <u>Rule</u> 30(b)(6)

23  designee towards Mattel's "individual depositions" total -- a tallying method that is contrary to Court Order.  <u>See</u> Court's Civil Minutes, dated January 7, 2008, at 5

24  ("The testimony of all Rule 30(b)(6) witnesses 'count' as only one deposition for purposes of determining the total number of depositions conducted by each side."),

25  Hauler Dec., Exh. 13.  Indeed, Judge Larson specifically granted Mattel leave, over MGA's objections, to take many of the depositions and propound other discovery

26  that MGA complains of here.
      [15]   MGA identified hundreds of MGA products in its Supplemental Response to

27  Interrogatory No. 2.  <u>See</u> MGA Entertainment, Inc.'s Supplemental Response to Interrogatory No. 2 of Mattel, Inc.'s First Set of Interrogatories re Claims of Unfair

28  Competition, dated June 20, 2002, at 5:13-19:9, Nogues Dec., Exh. 2.

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 46

1    limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of

2    Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory

3    No. 2 (and any Supplemental Responses to such Interrogatory), state the date

4    that each such concept, design, product, product packaging or other matter was

5    first fixed in any tangible medium of expression (if ever), and IDENTIFY all

6    PERSONS with knowledge of, and all DOCUMENTS that REFER OR

7    RELATE TO, the foregoing.[16]

8        On November 15, 2007, MGA responded to Mattel's Interrogatories by

9    providing only objections and a statement that MGA was willing to meet and confer

10    with Mattel regarding the interrogatories.[17]   MGA supplemented its responses on

11    November 30, 2007, January 7, 2008 and January 28, 2008.[18]

12        Nonetheless, MGA's responses remained inadequate, and Mattel moved to

13    compel. On February 15, 2008, the prior Discovery Master granted Mattel's motion to

14    compel Interrogatory responses and ordered the MGA Parties to provide further

15    responses to Interrogatory Nos. 43 and 44 because the "requested information is

16    relevant to Mattel's defense against the MGA parties' claims that their products have

17    been copied or infringed by certain Mattel products."[19]   The Discovery Master ruled

18    that the MGA Parties' existing supplemental _and_ second supplemental responses were

19    insufficient: "Although the MGA parties served supplemental responses after filing

20    their opposition brief, the supplemental responses do not include the requested

21    ─────────────

22    [16]   Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007,
at Interrogatory Nos. 43 & 44, Hauler Dec., Exh. 1.

23    [17]   MGA Entertainment Inc.'s Objections and Responses to Mattel Inc's Amended
Fourth Set of Interrogatories, dated November 15, 2007, Hauler Dec., Exh. 2.

24    [18]   MGA Entertainment Inc.'s Supplemental Responses to Mattel Inc.'s Amended
Fourth Set of Interrogatories, dated November 30, 2007, Hauler Dec., Exh. 3; see
25    also MGA's Second Supplemental Responses to Mattel Inc.'s Amended Fourth Set
of Interrogatories, dated January 7, 2008, Hauler Dec., Exh. 4; MGA Entertainment,
Inc.'s Third Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of
26    Interrogatories, dated January 28, 2008, Hauler Dec., Exh. 5.

[19]   Order Granting in Part and Denying in Part Mattel's Motion to Compel
27    Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated
(footnote continued)

28

1    information.  The MGA parties have failed to establish that the interrogatories are

2    unduly burdensome."[20]

3            On March 3, 2008, after the Discovery Master's Order, MGA

4    supplemented its responses for a fourth time.[21]  However, MGA refused once again to

5    respond substantively to the interrogatories, objecting that they related to Phase 2 and

6    were therefore stayed pursuant to the Phase 2 discovery stay[22] entered on February 4,

7    2008.[23]  On April 22, 2008, the Discovery Master stayed the MGA Parties' obligation to

8    supplement their responses to Interrogatory Nos. 43 and 44, while the Phase 2

9    discovery stay was in place.[24]

10           Mattel's Supplemental Interrogatories.  On January 9, 2008, Mattel served

11   Supplemental Interrogatories on all defendants, including Interrogatory Nos. 51 through

12   55, and 64:

13           **Interrogatory No. 51:** For each concept, design, product, product packaging or

14           other matter that YOU contend MATTEL has copied, infringed or diluted,

15           including but not limited to those identified in MGA's Responses to Mattel, Inc.'s

16           First Set of Interrogatories Re Claims of Unfair Competition, Response to

17           Interrogatory No. 2 (and any Supplemental Responses to such Interrogatory),

18           describe, fully and separately, each and every concept, design, product, product

19           packaging or other matter of or by MATTEL that YOU contend is a copy of,

20           infringes or dilutes YOUR alleged concept(s), design(s), product(s), product

21           packaging or other matter.  Your answer should describe the Mattel concept,

---

February 15, 2008, at 11-12, attached as Exhibit 5 to the Declaration of Jean Pierre
Nogues ("Nogues Dec."), dated February 27, 2009.
  [20]  Id. at 12.
  [21]  MGA Entertainment, Inc.'s Fourth Supplemental Responses to Interrogatory
Nos. 43-44 of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated March 3,
2008, Nogues Dec., Exh. 3.
  [22]  Id.
  [23]  Court's Order dated February 4, 2008, at 3, Nogues Dec., Exh. 4.
  [24]  Order Granting MGA Parties' Motion for Clarification Regarding Portions of
February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to
(footnote continued)

                                    OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 48

1  design, product, product packaging or other matter with specificity and in detail

2  (including without limitation by product name, product number, SKU, or bar

3  code number), and specify those elements or attributes of YOUR claimed

4  concept, design, product, product packaging or other matter that YOU contend

5  were copied, infringed or diluted by MATTEL.

6  **Interrogatory No. 52:**  For each trade dress that YOU contend MATTEL

7  copied, infringed or diluted, separately IDENTIFY each product sold by YOU or

8  YOUR licensees that incorporates such trade dress and, for each such product,

9  separately state (a) the number of units, by year, of each such product sold by

10  YOU or YOUR licensees; (b) revenue received by YOU from such SALES of

11  each such product; (c) all costs YOU have incurred in connection with each

12  product, including but not limited to YOUR cost of good sold, and (d) YOUR

13  gross and net profits from each such product.

14  **Interrogatory No. 53:**  For each MATTEL concept, design, product, product

15  packaging or other matter that YOU contend is likely to cause confusion, to

16  cause mistake, or to deceive as to affiliation, connection, or association, or as to

17  origin, sponsorship, or approval, separately state all facts that support YOUR

18  contention of such, including but not limited to all facts that support YOUR

19  contention, if YOU so contend, that any of the SLEEKCRAFT FACTORS

20  weighs against MATTEL, and IDENTIFY all PERSONS with knowledge of

21  such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

22  **Interrogatory No. 54:** For each concept, design, product, product packaging or

23  other matter that YOU contend MATTEL copied, infringed or diluted, state all

24  facts that support contention, if YOU so contend, that such copying or

25  infringement was intentional or willful, and IDENTIFY all PERSONS with

26

27  Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties,

28  dated April 22, 2008, Hauler Dec., Exh. 15.

knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 55:** State all facts which support the allegation in Paragraph 120 of YOUR COMPLAINT that MATTEL has "caused and continues to cause blurring and dilution of the distinctive look of MGA's products and trade dress," and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

**Interrogatory No. 64:** To the extent YOU have not previously disclosed such information in a prior interrogatory response YOU provided to Mattel, state all facts which support YOUR claims against Mattel in THIS ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.[25]

These interrogatories seek basic discovery regarding MGA's allegations that Mattel copied, infringed, or diluted MGA products.[26] MGA responded on February 8, 2008, providing only objections to the Supplemental Interrogatories on the grounds that Phase 2 discovery was stayed four days earlier, on February 4, 2008.[27]

The Court Lifts The Phase 2 Discovery Stay. On January 6, 2009, the Court vacated the stay on Phase 2 discovery.[28] On January 20, 2009, Mattel wrote to MGA to ask when MGA planned to serve the supplemental responses ordered by the

---

[25] Mattel's Supplemental Interrogatories, dated January 9, 2008, at 12-14 (Nos. 51-55, 64)Hauler Dec., Exh. 6.
[26] Id.
[27] MGA's Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated February 8, 2008 (Nos. 51-55, 64) ("Pursuant to Judge Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order of the Court. Accordingly, MGA will not respond to this interrogatory until the stay of Phase Two discovery is lifted by the Court"), Hauler Dec., Exh. 7; Larian's Objections and Responses to Mattel's Supplemental Set of Interrogatories, dated February 8, 2008 (Nos. 51-55, 64), Hauler Dec., Exh. 8.
[28] Order Appointing Discovery Master, dated January 6, 2009, at 2, Nogues Dec., Exh. 7.

1  Discovery Master eleven months earlier.[29]  On January 28, 2009, Mattel wrote to MGA
2  and Larian requesting that the parties meet and confer regarding MGA's response to
3  Mattel's Interrogatory No. 45 and MGA's and Larian's responses to Interrogatory Nos.
4  51-64, 67-69.[30]

5           <u>Mattel's Anticipated Motion for Summary Judgment.</u>  On January 8, 2009,
6  Mattel informed the MGA Parties of its intent to file a summary judgment motion on
7  MGA's claims relating to Bratz.[31]  In short, a key basis for the anticipated motion is
8  that MGA does not and cannot own trade dress in Bratz or any other rights in Bratz as a
9  matter of law, since Bratz is Mattel's intellectual property as a result of the Phase 1
10  proceedings (once they are completed and finalized by the Court).[32]

11           <u>The Parties Meet and Confer.</u>  On February 6, 2009, the parties met and
12  conferred regarding Mattel's discovery requests.[33]  During the conference, MGA
13  acknowledged that its objections based on the Phase 2 discovery stay were no longer
14  viable.[34]  MGA proposed providing further responses to Mattel's Interrogatories 43, 44,
15  51 through 55, and 64, "not later than 30 days after the Court decides the trade dress
16  summary judgment motion which Mattel has indicated it will be bringing."[35]  Counsel
17  for Mattel did not agree.[36]

18           <u>The Court Sets The Phase 2 Trial Schedule And Reiterates That There Is</u>
19  <u>No Stay On Discovery.</u>  On February 11, 2009, the Court set December 11, 2009 as the

20

21  [29]  Letter from Jon Corey to Jason Russell and Robert J. Herrington, dated
January 20, 2009, Nogues Dec., Exh. 9.
22  [30]  Letter from Scott Watson to Thomas Nolan and Jason Russell, dated January
28, 2009, Nogues Dec., Exh. 10.
23  [31]  Letter from Michael T. Zeller to Thomas Nolan, dated January 8, 2009,
Nogues Dec., Exh. 8.
24  [32]  Id.
[33]  Declaration of Scott L. Watson ("Watson Dec."), dated March 6, 2009 and
25  filed concurrently herewith, at ¶ 3; see also Letter from Scott Watson to Amman
Khan, dated February 6, 2009, Watson Dec., Exh. 2.
26  [34]  Id.
[35]  Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009, Nogues
27  Dec., Exh. 11.
[36]  Letter from Jon Corey to Amman Khan, dated February 8, 2009, Hauler Dec.,
28  Exh. 10.

-10-
OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 51

1  Phase 2 discovery cut-off and March 23, 2010 as the Phase 2 trial date.[37]  The Court

2  scheduled these dates after hearing from counsel for all the parties.  In addition, the

3  Court stated:

4      **I will instruct the Discovery Master this afternoon, in no uncertain**

5      **terms, that there is no stay on any discovery related to this case at all.**

6      There's no longer a Phase 1/Phase 2 distinction.

7      As I indicated, I thought that I made this clear before.  If it's not, it will be

8      expressly set forth in the minutes coming out of today's hearing.

9      **There is no stay on discovery.  Period.**[38]

10     ***

11     I think I made my position as clear as I can today that there is nothing

12     from this Court which is precluding any discovery that is properly sought

13     for the trial that is scheduled.[39]

14     ***

15     The question for the Discovery Master will be whether or not the disputed

16     discovery request is related or relevant to the trial that has now been set

17     for March [2010] or not.[40]

18         MGA Stands On Its Position That Discovery Is "Premature."  On February

19  12, 2009, in light of the Court's statements on the record, Mattel asked MGA to

20  confirm whether MGA would provide complete responses to Mattel's interrogatories.[41]

21  The next day, counsel for MGA responded that it was premature to respond to the

22

23

24

---

25  [37]  Hearing Transcript, dated February 11, 2009, at 94:25-95:7, Hauler Dec., Exh. 11.

26  [38]  Id. at 97:8-14.
    [39]  Id. at 101:21-24.

27  [40]  Id. at 101:1-3.
    [41]  Letter from Jon Corey to Jean Pierre Nogues, dated February 12, 2009,

28  Nogues Dec., Exh. 12.

00505.07975/2823457.4

-11-

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 52

1    February 12 letter until after the scheduled February 18, 2009 meet and confer

2    concerning Mattel's contemplated motion for summary judgment.[42]

3            On February 18, the parties met and conferred regarding Mattel's

4    contemplated motion for summary judgment and the interrogatories.[43]  The next day,

5    MGA informed Mattel that it would not agree to provide supplemental responses to

6    Interrogatory Nos. 43 and 44 or respond to Interrogatory Nos. 51 through 55 and 64 by

7    February 27, 2009.[44]  Instead, MGA stated that it would only respond to these

8    interrogatories: (1) if MGA's planned motion for protective order is denied; or (2) if

9    their motion for protective order is granted, 21 days after the Court decides Mattel's

10    summary judgment motion, to the extent any trade dress claims remain after that

11    decision.[45]

12                               **Argument**

13    **I.**     **THE MGA PARTIES' MOTION IS CONTRARY TO THE DISTRICT**

14           **COURT'S DIRECTIVES AND NOT PROPERLY ADDRESSED TO**

15           **THE DISCOVERY MASTER.**

16            The MGA Parties' Motion for Discovery Stay improperly asks the

17    Discovery Master to vacate the District Court' ruling lifting the Phase 2 discovery stay.

18    This is inappropriate. The District Court vacated the Phase 2 discovery stay on January

19    6, 2009 and, in rejecting MGA's arguments that some discovery nevertheless was

20    stayed, reiterated that discovery is to proceed and that "there is no stay on any

21    discovery related to this case at all."[46] As the result of a February 11, 2009 hearing, the

22    Court further has entered a Scheduling Order for Phase 2 discovery and trial. By the

23    time of that hearing, MGA's counsel knew of Mattel's contemplated summary judgment

24

25    [42]   Letter from Jean Pierre Nogues to Jon Corey, dated February 13, 2009, Nogues Dec., Exh. 13.

26    [43]   See Letter from Jean Pierre Nogues to Jon Corey, dated February 19, 2009, Nogues Dec., Exh. 14.

27    [44]   Id.

      [45]   Id.

28    [46]   2/11/2009 Hearing Tr. at 97:9-11, Hauler Dec., Exh. 11.

00505.07975/2823457.4

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 53

1    motion. Far from claiming that the anticipated motion warranted any stay or should

2    influence the Scheduling Order in any way, however, MGA advocated to Judge Larson

3    that discovery and trial be completed within a few months.

4            The orders regarding the appointment of a Discovery Master in this case

5    do not make the Discovery Master responsible for modifying the case schedule to stay

6    discovery.[47]  Rather, the District Court is responsible for setting the case schedule,

7    including discovery cut-offs and stays.[48]  That, too, has been the practice in this case,

8    where in the past MGA brought every one of its stay requests to Judge Larson, not to

9    the Discovery Master. At the March 4, 2009 hearing, the Discovery Master also made

10   clear that there was no stay and that, indeed, stay requests were not properly directed to

11   the Discovery Master.

12           The MGA Parties' motion is improper and on that basis should be denied.

13   **II.    THE MGA PARTIES' STAY REQUEST LACKS MERIT AND IS**

14   **        UNWORKABLE.**

15           Even assuming the MGA Parties had presented an issue appropriate for

16   resolution by the Discovery Master (which they have not), their purported basis for

17   seeking a discovery stay—that Mattel will at some point in the future bring a

18   dispositive motion directed to MGA's trade dress claims—fails. Nowhere in their

19   Motion do the MGA Parties dispute the relevance of the interrogatories they refuse to

20   answer. Nor could they. At least two of the Interrogatories at issue here were

21   propounded more than 16 months ago, and the Discovery Master already ordered MGA

22   to answer them long ago. The other six interrogatories were propounded 14 months

23   ─────────────
     [47]   See Order Appointing Discovery Master, dated December 6, 2007, Hauler
24   Dec., Exh. 16; see also Order Appointing Discovery Master, dated January 6, 2009,
     Nogues Dec., Exh. 6.
25       [48]   For instance, the District Court has stayed discovery in this case on at least
     two separate occasions: on May 20, 2005 and on February 4, 2008 with respect to
26   Phase 2 discovery. See Court's Civil Minutes, dated May 20, 2005, Hauler Dec.,
     Exh. 17; see also 2/4/08 Court's Civil Minutes, Nogues Dec., Exh. 4. In addition,
27   the Court has scheduled -- and when necessary, rescheduled -- the discovery cut-off
     (footnote continued)

28

00505.07975/2823457.4
                                          -13-

1   ago, and MGA has yet to provide even arguably substantive responses to these six
2   requests. Despite their plain relevance here to the parties' Phase 2 claims, MGA argues
3   that Mattel's contemplated summary judgment motion justifies its refusals to provide
4   discovery -- even in outright defiance of the former Discovery Master's Order
5   compelling MGA to answer.  It is of course commonplace for a party to bring
6   dispositive motions prior to trial, and the unremarkable fact that Mattel intends to
7   exercise its right to so move at some point in the future does not justify a stay.  MGA
8   itself necessarily recognized this obvious point when it was before Judge Larson on
9   Phase 2 scheduling given that it urged prompt discovery and trial, despite knowing of
10  Mattel's contemplated motion.

11          In fact, MGA sweepingly seeks a stay of discovery matters that go far
12  beyond even the contemplated summary judgment motion and thus is -- literally --
13  unsupported by any argument at all. For instance, Interrogatory No. 52 asks MGA to
14  identify, for each trade dress that MGA contends Mattel copied, the number of units of
15  each product and the profits for each product that incorporates such trade dress.[49] This
16  interrogatory relates to Mattel's claims as well as its defenses against MGA's trade dress
17  claims.  Mattel alleges, among other things, that MGA stole and used Mattel trade
18  secrets to market and sell MGA's products.[50]  Accordingly, this interrogatory also
19  relates to Mattel's claims against MGA for unfair competition and misappropriation of
20  trade secrets, including Mattel's damages theories (i.e. the revenues and profits MGA
21  received for its products).  Mattel's anticipated motion for partial summary judgment
22  concerns MGA's Bratz-related claims, not Mattel's claims or Mattel's damages theories.

23
24
25   for both Phase 1 and Phase 2.  See, e.g., 2/11/07 Hearing Tr. at 94:25-95:7, Hauler
26   Dec., Exh. 11.
          [49]  Mattel's Supplemental Interrogatories (No. 52), Nogues Dec., Exh. 6.
27          [50]  E.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and
     Counter-Claims, at 52-53 (discussing My Scene My Bling Bling), Hauler Dec., Exh.
28   14.

1    Similarly, MGA's trade dress claims concern products and other matters
2  that will not be the subject of Mattel's contemplated motion,[51] including products
3  wholly unrelated to Bratz.[52] MGA claims Mattel has copied or infringed, among other
4  things, "4-Ever-Best-Friends" fashion dolls and packaging, "Mommy's Little…" line of
5  dolls and "Alien Racers" toy racing vehicles.[53] MGA refuses to substantively answer
6  the interrogatories with respect to any products, even as to those that have nothing to do
7  with Mattel's anticipated motion.

8    As this also makes evident, the requested stay is unworkable for all
9  practical purposes. Specifically, the MGA Parties seek a stay of trade dress claims that
10  are intertwined with Mattel's Phase 2 claims. The same facts that support or refute
11  MGA's claims that Mattel has serially copied MGA's products and the like support or
12  refute Mattel's Phase 2 claims that, in fact, MGA stole properties from Mattel, not the
13  other way around. It was for such reasons that the former Discovery Master recognized
14  that the parties' Phase 2 claims and defenses are intertwined.

15    The District Court has previously rejected similar MGA requests for
16  partial stays or bifurcations of discovery because they are "fraught with the potential of
17  unnecessarily compounding discovery disputes in a case already predisposed to such
18  disputes."[54] That is exactly what will happen here if the stay proposed by MGA is
19  adopted. The parties, the Discovery Master and the Court will be embroiled in endless
20  disputes over the parsing of artificial distinctions about which discovery requests relate
21  to MGA's trade dress claims, versus which requests relate to Mattel's trade secret
22  claims, and which discovery requests relate *solely* to Mattel's anticipated motion for

23    _____
   [51]  1/8/09 Zeller Letter, Nogues Dec., Exh. 8; see also 2/23/09 Webster Letter,
24  Nogues Dec., Exh. 15.
   [52]  MGA's Supplemental Response to Interrogatory No. 2 at 14:1-19:9, Nogues
25  Dec., Exh. 2.
   [53]  Id.
26  [54]  1/7/08 Court's Civil Minutes at 3, Hauler Dec., Exh. 13. Prior to the
   discovery cutoff in Phase 1, MGA repeatedly requested bifurcated discovery of
27  Phase 1 and Phase 2. Mattel opposed MGA's request on every occasion. After
   (footnote continued)
28

00505.07975/2823457.4

-15-

1    partial summary judgment, versus which do not (with MGA having no claimed basis at

2    all for refusing to answer the latter category of Phase 2 discovery). Even if this type of

3    hair-splitting were possible, the parties are certainly not going to agree on such esoteric,

4    and likely illusory, distinctions, which will create unnecessary burdens and multiply the

5    discovery disputes in this suit.

6        The MGA Parties' proposed stay should be rejected as meritless and

7    unworkable.

8    **III.    MATTEL WOULD BE PREJUDICED BY A DISCOVERY STAY.**

9        Finally, the MGA Parties' Motion should be denied because the relief they

10    request—a several-month discovery stay when just nine months remain until the Phase

11    2 discovery period closes for good—will unduly prejudice Mattel. In contrast, the

12    MGA Parties' claim, that they will be unduly burdened if they are forced to (1) comply

13    with the Discovery Master's prior Order and (2) answer interrogatories propounded

14    more than a year ago, is unpersuasive.

15        **A.    The Discovery Stay Would Be Unfair To And Burden Mattel**

16        In its January 6 Order appointing the Discovery Master, the Court quoted

17    MGA verbatim regarding the "enormous complexities, both legal and practical, of the

18    issues in Phase 2."[55] Yet now, MGA proposes to essentially strip Mattel of the bulk of

19    the Phase 2 discovery period -- a period that Mattel is entitled to under the District

20    Court's Scheduling Order -- to investigate and defend against MGA's claims. Mattel

21    has not yet filed its contemplated Phase 2 motion for summary judgment relating to

22    MGA's Bratz claims.[56] In Phase 1, it took some three months for the parties to brief

23    and for the Court to dispose of the parties' respective summary judgment motions.[57]

24    Here, in their requested stay, the MGA Parties asked to be excused from discovery until

25

   considering the parties' positions, the Court ruled that discovery should not be

26    bifurcated.

       [55]   1/6/09 Court's Order, Nogues Dec., Exh. 7.

27        [56]   Motion to Stay Discovery at 4.

28

-16-

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 57

1   three weeks after a ruling on Mattel's anticipated motion. Thus, even were Mattel to
2   file its anticipated motion next week (which it is not in a position to do, given that the
3   Phase 1 Orders are not yet final), the MGA Parties' proposed stay would deny Mattel
4   discovery through at least July 2009. This would leave Mattel with only a few short
5   months of discovery into MGA claims that involve hundreds of products and that MGA
6   asserts it is seeking "billions" of dollars for. And, given that MGA refuses to provide
7   any discovery unless compelled by Orders to do so (and often not even then), the few
8   months that would remain undoubtedly would be consumed by discovery motion
9   practice -- leaving Mattel with little or no meaningful discovery in preparation for the
10  Phase 2 trial as currently scheduled.

11          The discovery requests at issue here are critical and should be answered in
12  full without further delay. All eight interrogatories address facts at the heart of both
13  MGA's and Mattel's Phase 2 claims. The purpose of interrogatories is to narrow the
14  issues and thus help determine what evidence will be needed at trial. <u>See</u> 7 Moore's
15  Federal Practice § 33.03 (Matthew Bender 3d ed.). Mattel needs substantive responses
16  to Interrogatory Nos. 43, 44, 51 through 55 and 64 to develop targeted further
17  discovery, to narrow the issues for trial, to prepare and prosecute its trade dress claims,
18  and to defend against MGA's trade dress claims. MGA's request for a discovery stay
19  would thwart these efforts and unduly prejudice Mattel.

20
21
22
23
24
25
26

---

27  [57]  Court's Order, dated June 2, 2008, Hauler Dec., Exh. 20; <u>see also</u> Mattel's
28  Motion for Summary Judgment, dated March 7, 2008, Docket No. 2504.

00505.07975/2823457.4

-17-

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

Exhibit 5
Page 58

Case 2:04-cv-09049-DOC-RNB   Document 5002-2   Filed 03/11/09   Page 69 of 71   Page ID
#:159809
Case 2:04-cv-09049-SGL-RNB      Document 4970      Filed 03/06/2009      Page 21 of 23

**B.**   **MGA's Claims Of Purported Burden Have Been Rejected By The Prior Discovery Master And Are Contradicted By MGA's Own Evidence**

In contrast to the substantial threat of prejudice to Mattel from the proposed stay, MGA can muster no legitimate complaint about having to produce discovery, particularly in light of its own status as a claimant. MGA argues that the interrogatories are unduly burdensome, citing the declaration of Brian Wing. Mr. Wing's declaration makes no such demonstration, and MGA's burden arguments are unavailing in any event.

MGA is obligated to provide particularized evidence to support its assertion that this information is not "reasonably available" to it, as the prior Discovery Master required. See Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14 ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities. Accordingly, all objections are overruled and MGA is ordered to provide a full response to Interrogatory No. 11"), Hauler Dec., Exh. 20; see also Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing Burton Mechanical Contractors, Inc. v. Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992)).

Mr. Wing's declaration, however, discusses only one issue—the provision of financial data, on a product-by-product or SKU basis, including sales, revenues, cost and profit figures. Mr. Wing's declaration does not address, let alone prove, any purported burden in providing the other information called for in Interrogatory Nos. 43, 44, 51 through 55 and 64. Nor could it as to Interrogatory Nos. 43 and 44 in particular, since the former Discovery Master already rejected any claim that answering them was unduly burdensome and long ago compelled MGA to respond.

00505.07975/2823457.4

-18-

OPPOSITION TO MOTION FOR PROTECTIVE ORDER

**Exhibit 5**
**Page 59**

1    Even as to the issue Mr. Wing's declaration attempts to raise, his
2   statements are contradicted by MGA's Rule 30(b)(6) witness and by documents
3   produced by MGA in this action.  MGA's Rule 30(b)(6) designee has previously
4   testified that MGA regularly maintains reports containing revenue, profit, and cost
5   information on a product-by-product basis,[58] and MGA has previously produced such
6   reports.  In fact, in the midst of Phase 1 trial, MGA produced this type of information
7   for June 2008 in July 2008.[59]  Of course, all of this confirms the obvious: Like most
8   companies, MGA routinely tracks its product sales and other financial data, and MGA's
9   own financial information *is* readily accessible to MGA, contrary to Mr. Wing's
10  implausible claims otherwise.

11    Furthermore, even if MGA did not have the financial information readily
12  available, its relative unavailability does not render the interrogatories at issue unduly
13  burdensome.  Only one of the eight interrogatories at issue calls for the specific
14  financial information Wing discusses in his Declaration.[60]  The requested financial
15  information is highly relevant to Mattel's Phase 2 claims and defenses against MGA.
16  Thus, any burden of compiling it is not undue in light of the scope and complexity of
17  claims in this litigation, the stakes involved -- given that MGA claims it is seeking
18  "billions"[61] of dollars relating to hundreds of products[62] -- and the importance this

19

20   [58]   Deposition of Lisa Tonnu, dated January 17, 2008 ("Tonnu Depo."), Hauler
     Dec., Exh. 21, at 747:9-15 (in preparation for her deposition, Tonnu reviewed
21   documents regarding Bratz sales broken down by product SKU numbers generated
     by MGA employee), 871:17-874:11 (sales information on a product-by-product
22   basis can be obtained from MGA's accounting system); 750:2-22 (Tonnu reviewed
     reports on cost of sales by product SKU number generated by MGA employee);
23   878:19-879:23 (MGA tracks as a matter of course the number of products invoiced
     to customers by product SKU number); 893:20-894:17 (Tonnu reviewed reports on
24   returns broken down by product SKU number); 900:23-902:1 (MGA calculates cost
     of sales by product SKU number); 902:21-903:6 (MGA calculates royalty expenses
25   by product SKU number).
       [59]   See E-mail from Ryan Weinstein to Jon Corey, dated July 22, 2008, Hauler
26   Dec., Exh. 22; see also MGA 3896239, Hauler Dec., Exh. 23.
       [60]   See Supplemental Interrogatories at Interrogatory No. 52, Hauler Dec., Exh.
27   6.  [61]   Transcript of ABC Nightline, dated December 23, 2006, at 5, Hauler Dec.,
28   Exh. 19.

Exhibit 5
Page 60

1 information for Phase 2. <u>See King v. Georgia Power Co.</u>, 50 F.R.D. 134, 136 (N.D. Ga.

2 1970) (overruling defendant's objection that interrogatory was burdensome and

3 oppressive, even though preparation of answer would be time-consuming and costly,

4 because information was crucial to the issues of the suit and in exclusive custody of

5 defendant); <u>Seff v. General Outdoor Advertising Co.</u>, 11 F.R.D. 597, 598 (N.D. Ohio

6 1951) (overruling "overly burdensome" objection because value of information to

7 plaintiff clearly outweighed any annoyance or expense involved in disclosure by

8 defendant); <u>Capacchione v. Charlotte-Mecklenburg Schools</u>, 182 F.R.D. 486, 491

9 (W.D.N.C. 1998) ("Requiring a responding party to perform extensive research or to

10 compile substantial amounts of data and information does not automatically constitute

11 an undue burden . . . Imposing such a burden is particularly proper where, as here, the

12 information sought is crucial to the ultimate determination of a crucial issue and where

13 the location of the documents is best known by the responding party.").

14       MGA's protests of undue burden in having to (1) comply with the

15 Discovery Master's prior Order and (2) answer interrogatories propounded more than a

16 year ago, are without merit.

17                               **Conclusion**

18       For the foregoing reasons, Mattel respectfully requests that the Discovery

19 Master deny the MGA Parties' motion for stay of discovery.

20

21 DATED: March 6, 2009            QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP
22

23                                 By  /s/ Michael T. Zeller
                                       Michael T. Zeller
24                                     Attorney for Mattel, Inc.

25

26

27 [62]  MGA Entertainment, Inc.'s Supplemental Response to Interrogatory No. 2 of
   Mattel, Inc.'s First Set of Interrogatories re Claims of Unfair Competition, dated
28 June 20, 2002, at 5:13-19:9, Nogues Dec., Exh. 2.

                                   -20-
                         OPPOSITION TO MOTION FOR PROTECTIVE ORDER

**Exhibit 5**
**Page 61**