# EXHIBIT 6
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 6
# TO DECLARATION OF
# MARC E. MAYER

1    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
       John B. Quinn (Bar No. 090378)
2      johnquinn@quinnemanuel.com
       Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
       Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
       865 South Figueroa Street, 10th Floor
5    Los Angeles, California  90017-2543
     Telephone:  (213) 443-3000
6    Facsimile:   (213) 443-3100

7    Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| 12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|----|-------------------------------|--------------------------------|
| 13 | Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14 | vs. | **DISCOVERY MATTER** |
| 15 | MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 16 | | [REDACTED] MATTEL, INC.'S |
| 17 | Defendant. | NOTICE OF MOTION AND MOTION TO ENFORCE ORDER COMPELLING |
| 18 | AND CONSOLIDATED ACTIONS | MGA TO PROVIDE DISCOVERY, TO COMPEL RESPONSES TO |
| 19 | | CONTENTION INTERROGATORIES BY MGA AND FOR SANCTIONS; AND |
| 20 | | |
| 21 | | MEMORANDUM OF POINTS AND AUTHORITIES |
| 22 | | [Declaration of Scott Watson and Separate Statement filed concurrently] |
| 23 | | |
| 24 | | Date:   TBD |
| 25 | | Time:   TBD<br>Place:  TBD |
| 26 | | **Phase 2** |
| 27 | | Discovery December 11: 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23. 2010 |
| 28 | | |

00505.07975/2823053.1

MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

Exhibit 6
Page 62

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that at time and place of hearing to be set by

3   Discovery Master Robert O'Brien, Mattel, Inc. ("Mattel") will, and hereby does,

4   move the Discovery Master for an order:

5          (1) enforcing the prior Discovery Master's Order compelling MGA

6   Entertainment, Inc. ("MGA") to answer Interrogatory Nos. 43 and 44 of Mattel's

7   Amended Fourth Set of Interrogatories;

8          (2) compelling MGA to provide full and complete responses to Mattel's

9   Interrogatories seeking MGA's contentions regarding its claims against Mattel,

10  specifically Interrogatory Nos. 43 and 44 of Mattel's Amended Fourth Set of

11  Interrogatories and Interrogatory Nos. and 51 through 55 and 64 of Mattel's

12  Supplemental Interrogatories;

13         (3) overruling all MGA objections to these interrogatories; and

14         (4) imposing sanctions in the amount of $4515.

15         This Motion is made pursuant to Federal Rules of Civil Procedure

16  33(b)(5) and 37(a) on the grounds that Mattel's requests seek discoverable

17  information, MGA's objections lack merit and MGA is in violation of a prior Court

18  Order to provide responses.

19         This Motion is based on this Notice of Motion and Motion, the

20  accompanying Memorandum of Points and Authorities, the Declaration of Scott L.

21  Watson and Separate Statement filed concurrently, the records and files of this

22  Court, and all other matters of which the Court may take judicial notice.

23

24

25

26

27

28

-2-
NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

Exhibit 6
Page 63

1

## __Statement of Rule 37-1 Compliance__

2      The parties met and conferred regarding this Motion on February 6,

3  2009 and times thereafter.

4

5  DATED:  March 6, 2009          QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES. LLP
6

7                                 By /s/ Scott L. Watson
                                   Scott L. Watson
8                                  Attorneys for Mattel. Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT........................................................................1

STATEMENT OF FACTS ............................................................................2

ARGUMENT ..............................................................................................9

I.   MGA IS IN VIOLATION OF THE PRIOR ORDER COMPELLING
     IT TO SUPPLEMENT INTERROGATORY NOS. 43 AND 44 ...................9

     A.   The Discovery Master Should Enforce the Prior Order And
          Compel MGA to Supplement Its Responses to Interrogatory Nos.
          43 and 44 ......................................................................................9

     B.   The Discovery Master Should Impose Sanctions on MGA For Its
          Refusal to Comply With The Prior Discovery Master's Order ............ 10

II.  THE DISCOVERY MASTER SHOULD COMPEL MGA TO
     PROVIDE FULL AND COMPLETE RESPONSES TO
     INTERROGATORY NOS. 51 THROUGH 55 AND 64 ........................... 12

     A.   MGA Admits That Mattel's Interrogatories Seek Relevant,
          Discoverable Phase 2 Information .................................................. 12

     B.   MGA's Unilateral Limits to Mattel's Definitions Should be
          Overruled..................................................................................... 13

     C.   MGA's Remaining Objections Should Be Overruled .......................... 16

          1.   The Discovery Master Should Overrule MGA's Objections
               That Mattel's Interrogatories Seek Information That May
               Be The Subject of Expert Witness Analysis .............................. 16

          2.   The Discovery Master Should Overrule MGA's Objections
               That Mattel's Interrogatories Seek Information That Is
               Better Known to Mattel............................................................. 17

          3.   The Discovery Master Should Overrule MGA's
               Compound Objections................................................................ 18

          4.   The Discovery Master Should Overrule MGA's Objection
               That Mattel's Interrogatories Are Duplicative ......................... 19

          5.   The Discovery Master Should Overrule MGA's Undue
               Burden Objections.................................................................... 20

               (a)   Interrogatory No. 51 is not Unduly Burdensome ............ 20

               (b)   Interrogatory No. 52 is Not Unduly Burdensome .......... 21

Case 2:04-cv-09049-DOC-RNB   Document 5002-3   Filed 03/11/09   Page 6 of 57   Page ID
#:159817
Case 2:04-cv-09049-SGL-RNB      Document 4969      Filed 03/06/2009      Page 5 of 33

(c)   Interrogatory No. 53 is Not Unduly Burdensome ........... 23

(d)   Interrogatory No. 64 is Not Unduly Burdensome ........... 24

6.   The Discovery Master Should Overrule MGA's
Boilerplate Privilege Objections ................................................. 25

CONCLUSION ............................................................................................. 26

1

## TABLE OF AUTHORITIES

2                                                                        **Page**

3                                          <u>Cases</u>

4    <u>Am. Oil Co. v. Penn. Petro. Co.</u>,
         23 F.R.D. 680 (D.R.I. 1959) .................................................................20
5
     <u>Braley v. Campbell</u>,
6        832 F.2d 1504 (10th Cir. 1987) ...........................................................11

7    <u>Burton Mechanical Contractors, Inc. v. Foreman</u>,
         148 F.R.D. 230 (N.D. Ind. 1992) ........................................................21
8
9    <u>Capacchione v. Charlotte-Mecklenburg Schools</u>,
         182 F.R.D. 486 (W.D.N.C. 1998) ...................................................23, 24
10
     <u>Chapman v. California Dept. of Educ.</u>,
11       2002 WL 32854376 (N.D. Cal. February 6, 2002)..............................14

12   <u>Convergent Business Systems, Inc. v. Diamond Reporting, Inc.</u>,
         1989 WL 92038 (E.D.N.Y. 1988).........................................................25
13
14   <u>Hyde & Drath v. Baker</u>,
         24 F.3d 1162 (9th Cir. 1994) ...............................................................11
15
     <u>Jackson v. Montgomery Ward & Co., Inc.</u>,
16       173 F.R.D. 524 (D. Nev. 1997).............................................................21

17   <u>King v. E.F. Hutton & Co., Inc.</u>,
         117 F.R.D. 2 (D.D.C. 1987).............................................................16, 25
18
     <u>King v. Georgia Power Co.</u>,
19       50 F.R.D. 134 (N.D. Ga. 1970).........................................................22, 24

20   <u>Nagele v. Electronic Data Systems Corp.</u>,
         193 F.R.D. 94 (W.D.N.Y. 2000).......................................................14, 20
21
22   <u>Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh</u>,
         2005 WL 318811 (N.D. Cal. January 5, 2005).....................................18
23
     <u>RTC v. Dabney</u>,
24       73 F.3d 262 (10th Cir. 1995) ...............................................................11

25   <u>Roberts v. Heim</u>,
         130 F.R.D. 424 (N.D. Cal. 1989)..........................................................17
26
     <u>Seff v. General Outdoor Advertising Co.</u>,
27       11 F.R.D. 597 (N.D. Ohio 1951) ......................................................23, 24

28

00505.07975/2823053.1

-iii-

1   <u>Swackhammer v. Sprint Corp. PCS,</u>
2      225 F.R.D. 658 (D. Kan. 2004)..................................................................18

3                                 **<u>Statutes</u>**

4   28 U.S.C. § 1927 ...............................................................................................11

5   <u>Fed. R. Civ. P.</u> 33(a)(2) ............................................................... 18, 23, 25

6   <u>Fed. R. Civ. P.</u> 33(b)(4).............................................................................14, 20

7   <u>Fed. R. Civ. P.</u> 37(a)(4) .............................................................................10, 11

8   <u>Fed. R. Civ. P.</u> 37(b)(2)(C) .............................................................................11

9   <u>Fed. R. Civ. P</u> 72(a)..........................................................................................9

10

11                             **<u>Miscellaneous</u>**

12  8A <u>Federal Practice & Procedure</u> § 2167..................................................20

13  Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261).............18

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 6
Page 68

### MEMORANDUM OF POINTS AND AUTHORITIES

#### Preliminary Statement

MGA asserted claims against Mattel in April 2005, accusing Mattel of unfair competition.  Almost four years later, MGA still has yet to respond to Mattel's interrogatories seeking such basic information as what Mattel products MGA claims that Mattel infringes.  Mattel propounded interrogatories to discover the basis for MGA's trade dress claims, facts related to the defense of those claims, and facts related to Mattel's own claims of unfair competition and misappropriation of trade secrets.  MGA has refused and continues to refuse to respond.  Indeed, MGA is currently in violation of the prior Discovery Master's order compelling MGA to provide supplemental responses to Interrogatory Nos. 43 and 44 (an order that they did not challenge).  The MGA Parties have admitted that all of this information is directly relevant to Phase 2.  Mattel is entitled to it.

The MGA Parties, however, continue their efforts to delay revealing the basis for the claims.  Indeed, in direct contravention of the Court's Order lifting the Phase 2 Stay and its unequivocal statements at the February 11, 2009 hearing that "there is no stay on discovery.  Period," the MGA Parties have asked the Discovery Master to ignore those orders and to issue a protective order staying all discovery regarding MGA's trade dress claims.  On the basis of that improper motion, MGA is refusing to comply with an existing Discovery Master Order compelling responses to two of these interrogatories.

Each of MGA's objections to these interrogatories is without merit. The MGA Parties recognize as much, as the only objection they pursue in their motion for protective order is a frivolous undue burden objection.  For example, MGA asserts that it is unduly burdensome for it to identify to Mattel which Mattel products, designs, or packaging that *MGA claims* are infringing because if "does not have a complete listing of every single Mattel product which copied or infringed

Exhibit 6
Page 69

1   MGA's trade dress" and "attempting to compile such information presents another

2   herculean task."[1]  MGA is the master of its claims, and its self-serving

3   proclamations of burden are solely the result of MGA's own contentions.  If it

4   contends that hundreds of Mattel products allegedly infringe, then it must be

5   prepared to provide discovery related to hundreds of products.  Indeed, it will be

6   required to do so at trial.  Moreover, it is inconceivable that that almost four years

7   after MGA asserted these claims, MGA cannot identify each of the Mattel products

8   it bases its trade dress claims on and therefore is suing on.

9           For the reasons set forth below and in Mattel's concurrently filed

10   Opposition to the MGA Parties' Motion for Protective Order Staying Discovery on

11   Trade Dress claims, the Discovery Master should enforce the prior Discovery

12   Master Order and compel MGA to provide promptly full and complete responses to

13   these interrogatories.

14                 **Statement of Facts**

15           <u>MGA's Complaint.</u>  In April 2005, MGA filed a lawsuit against Mattel

16   alleging unfair competition claims.[2]  In its complaint, MGA asserts that Mattel has

17   engaged in "serial copycatting" of Bratz dolls, Bratz Petz and other Bratz products,

18   Bratz television commercials, Bratz packaging, MGA's "4-Ever-Best-Friends"

19   dolls, MGA's "Mommy's Little Patient" dolls and MGA's "AlienRacers" toy racing

20   vehicles.[3]  MGA's complaint also asserted various other unfair competition claims,

21   including trade dress dilution, and alleges unjust enrichment.[4]

22

23

24

25     [1]  <u>See</u> MGA Parties' Motion for Protective Order Staying Discovery on Trade

26   Dress Claims, dated February 27, 2009, at 14.
      [2]  MGA Entertainment, Inc.'s Complaint in Case no. 05-02727, Watson Dec.,

27   Exh. 24.
      [3]  <u>Id.</u> at, e.g., ¶¶ 7, 33, 41, 59.

28       [4]  <u>Id.</u> at ¶¶ 101-125.

1      <u>Mattel's Second Amended Answer.</u>   In July 2007, Mattel filed its

2   Second Amended Answer and Counterclaims.[5]   Mattel alleges in its Second

3   Amended Answer that:

4           •      Over the course of several years, MGA stole massive amounts of

5   Mattel trade secrets in the U.S., Mexico and Canada, including Mattel's forward-

6   looking, international business plans that MGA then used illegally to damage Mattel

7   in the U.S. and global marketplaces.  The trade secret theft included luring away

8   Mattel executives employees to work for MGA and exploiting their access to

9   sensitive Mattel information to steal Mattel trade secrets.[6]

10          •      By encouraging Mattel employees to join MGA and steal

11  Mattel's confidential information on their way out, MGA has unlawfully obtained

12  valuable trade secrets relating to Mattel's business in the United States and

13  worldwide.[7]

14          •      MGA bribed then-Mattel employees (in addition to Bryant) to

15  secretly provide services to MGA while they were still employed by Mattel, in

16  violation of contractual and fiduciary obligations and in violation of duties of

17  loyalty, and otherwise interfered with Mattel's contractual relationships.[8]

18          •      MGA is in violation of the RICO statute by virtue of its

19  participation in an on-going enterprise that has engaged in numerous predicate acts,

20  including without limitation acts of mail and wire fraud, conspiracy to commit

21  perjury, commercial bribery, trade secret theft and criminal copyright infringement

22  in violation of the RICO statute.[9]

23

24  _____

25     [5]   Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and Counter-
        Claims, dated July 12, 2007, Watson Dec., Exh. 25.
26     [6]   <u>Id.</u> at ¶¶ 37-77.
       [7]   <u>Id.</u> at ¶¶ 37-77.
27     [8]   <u>Id.</u> at ¶¶ 55-69.
       [9]   <u>Id.</u> at ¶¶ 88-105.
28

00505.07975/2823053.1

-3-

MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

Exhibit 6
Page 71

1    These allegations also comprise part of Mattel's defense to MGA's

2   claims. Contrary to MGA's allegations that Mattel has imitated aspects of Bratz

3   dolls and other MGA products, such as alleged MGA "themes,"[10] many of the

4   claimed MGA product attributes were in fact first conceived by Mattel and

5   implemented by MGA only after MGA had stolen that information from Mattel.

6   For this reason, as the former Discovery Master recognized, MGA misconduct that

7   is the subject of Mattel's claims also serves as a defense to MGA's claims.[11]

8        Mattel's Amended Fourth Set of Interrogatories. On October 23, 2007,

9   Mattel served its Amended Fourth Set of Interrogatories on MGA.[12] Interrogatories

10  Nos. 43 and 44 of the Amended Fourth Set ask MGA to identify, for each design,

11  product and packaging that MGA contends Mattel copied, the date of conception

12  and the date it was first fixed in a tangible medium.[13] MGA responded on

13  November 15, 2007, providing only objections and a response that MGA was

14  willing to meet and confer with Mattel regarding the interrogatories.[14] On

15  November 30, 2007, MGA supplemented its responses.[15] For its responses to

16  Interrogatory No. 43, MGA added that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

17  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

18  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."[16] For its response to Interrogatory

19  No. 44, MGA added that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

20  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

21

---

22  [10]  MGA Complaint at, e.g., ¶¶ 33-73, Watson Dec., Exh. 24.
    [11]  See Order of January 25, 2007, at 14:13-17, ("Any proof of trade secret theft
23  is also relevant to Mattel's defense against MGA's unfair competition claims."),
    Watson Dec., Exh. 39.
24      [12]  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007,
    Watson Dec., Exh. 1.
25      [13]  Id. at 7-8 (Nos. 43 and 44).
    [14]  MGA Entertainment Inc.'s Objections and Responses to Mattel Inc's Amended
26  Fourth Set of Interrogatories, dated November 15, 2007, Watson Dec., Exh. 2.
    [15]  MGA Entertainment Inc.'s Supplemental Responses to Mattel Inc.'s Amended
27  Fourth Set of Interrogatories, dated November 30, 2007, Watson Dec., Exh. 3.
    [16]  Id.
28

1   ███████████████████████████████████████████████████████

2   █████████████████████████████████████████████████████[17]

3         On December 20, 2007, Mattel moved to compel on Interrogatory Nos.

4   43 and 44.[18]  The MGA Parties filed an opposition on December 31, 2007.[19]  On

5   January 7, 2008, MGA supplemented its responses yet again, but did not change its

6   responses to Interrogatory Nos. 43 and 44.[20]  MGA supplemented its responses for a

7   third time on January 28, 2008, but again failed to change its previous responses to

8   Interrogatory Nos. 43 and 44.[21]

9         The prior Discovery Master granted Mattel's motion to compel on

10   February 15, 2008, ordering the MGA Parties to provide further responses to

11   Interrogatory Nos. 43 and 44 because the "requested information is relevant to

12   Mattel's defense against the MGA parties' claims that their products have been

13   copied or infringed by certain Mattel products."[22]  The Discovery Master ruled that

14   the MGA Parties' existing supplemental _and_ second supplemental responses were

15   insufficient: "Although the MGA parties served supplemental responses after filing

16   their opposition brief, the supplemental responses do not include the requested

17   information.  The MGA parties have failed to establish that the interrogatories are

18   unduly burdensome."[23]

19

20

21   [17] Id.
    [18]  Mattel, Inc.'s Motion to Compel Responses to Interrogatory Nos. 27-44 and

22   46-50 by the MGA Parties, dated December 20, 2007, Watson Dec., Exh. 4.
    [19]  MGA Entertainment Inc.'s Opposition to Mattel, Inc.'s Motion to Compel

23   Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated
  December 31, 2007, Watson Dec., Exh. 5.

24     [20]  MGA's Second Supplemental Responses to Mattel Inc.'s Amended Fourth Set
  of Interrogatories, dated January 7, 2008, Watson Dec., Exh. 6.

25     [21]  MGA Entertainment, Inc.'s Third Supplemental Responses to Mattel, Inc.'s
  Amended Fourth Set of Interrogatories, dated January 28, 2008, Watson Dec., Exh.

26   7.  [22]  Order Granting in Part and Denying in Part Mattel's Motion to Compel

27   Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated
  February 15, 2008, Watson Dec., Exh. 8.

28     [23] Id.

00505.07975/2823053.1

1    On March 3, 2008, MGA supplemented its responses for a fourth

2   time.[24]   MGA refused once again to respond to the interrogatories, objecting that

3   they related to Phase 2 and were therefore stayed pursuant to the Phase 2 discovery

4   stay.[25]  On April 22, 2008, the Discovery Master stayed the MGA Parties' obligation

5   to supplement their responses to Interrogatory Nos. 43 and 44, until further the

6   Phase 2 discovery stay was lifted.[26]

7    <u>Mattel's Supplemental Interrogatories</u>.   On January 9, 2008, Mattel

8   served Supplemental Interrogatories on MGA.[27]   These interrogatories seek basic

9   discovery regarding MGA's allegations that Mattel copied, infringed, or diluted

10   MGA products.[28]   MGA responded on February 8, 2008, providing only objections

11   to the majority of the Supplemental Interrogatories on the grounds that Phase 2

12   discovery was stayed until further order of the Court.[29]

13    <u>The Court Lifts the Stay on Phase 2 Discovery</u>.   On January 6, 2009,

14   the Court vacated the stay on Phase 2 discovery.[30]   On January 20, Mattel wrote to

15   counsel for MGA to ask when MGA planned to serve the supplemental responses to

16   Mattel's Amended Fourth Set of Interrogatories ordered by the Discovery Master

17

18

---

19   [24]   MGA Entertainment, Inc.'s Fourth Supplemental Responses to Interrogatory
20   Nos. 43-44 of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated March 3,
     2008, Watson Dec., Exh. 9.
     [25]   Id.
21   [26]   Order Granting MGA Parties' Motion for Clarification Regarding Portions of
     February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to
22   Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties,
     dated April 22, 2008, Watson Dec., Exh. 10.
23   [27]   Mattel's Supplemental Interrogatories, dated January 9, 2008, Watson Dec.,
     Exh. 11.
24   [28]   Id.
25   [29]   MGA's Objections and Responses to Mattel's Supplemental Set of
     Interrogatories, dated February 8, 2008 (Nos. 56-63, 67-69) ("Pursuant to Judge
26   Larson's February 4, 2008 Order, Phase Two discovery is stayed until further order
     of the Court.  Accordingly, MGA will not respond to this interrogatory until the stay
27   of Phase Two discovery is lifted by the Court"), Watson Dec., Exh. 12.
     [30]   Order Appointing Discovery Master, dated January 6, 2009, at 2, Watson
28   Dec., Exh. 13.

1  eleven months earlier.[31]  Mattel also wrote to MGA on January 28, 2009, requesting

2  that the parties meet and confer regarding MGA's responses to Mattel's

3  Supplemental Interrogatories.[32]

4         Mattel's Anticipated Motion for Summary Judgment.  On January 8,

5  Mattel informed the MGA Parties of its intent to file a summary judgment motion

6  on MGA's trade dress and other claims relating to Bratz.[33]  In short, a key basis for

7  the anticipated motion is that, as a result of the Phase 1 proceedings (once they are

8  finalized by the Court), MGA does not and cannot own trade dress or any other

9  rights in Bratz as a matter of law, since Bratz is Mattel's intellectual property.[34]

10        The Parties Meet and Conferred.  The parties met and conferred on

11  February 6, 2009 regarding Mattel's discovery requests.[35]  During the conference,

12  MGA acknowledged that its objections to Mattel's interrogatories based on the

13  Phase 2 discovery stay were no longer viable.[36]  MGA proposed providing responses

14  to Mattel's Interrogatories 43, 44, 51 through 55, and 64, "not later than 30 days

15  after the Court decides the trade dress summary judgment motion which Mattel has

16  indicated it will be bringing."[37]  MGA refused to discuss its specific objections to

17  these interrogatories or whether it would be standing on its remaining objections

18

19

20

21

22   [31]  Letter from Jon Corey to Jason Russell and Robert J. Herrington, dated
23  January 20, 2009, Watson Dec., Exh. 14.
     [32]  Letter from Scott Watson to Thomas Nolan and Jason Russell, dated January
24  28, 2009, Watson Dec., Exh. 15.
     [33]  Letter from Michael T. Zeller to Thomas Nolan, dated January 8, 2009,
25  Watson Dec., Exh. 16.
     [34]  Id.
26   [35]  Watson Dec., at ¶ 18; see also Letter from Scott Watson to Amman Khan,
     dated February 6, 2009, Watson Dec., Exh. 17.
27   [36]  Id.
     [37]  Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009, Watson
28  Dec., Exh. 18.

00505.07975/2823053.1

-7-

1   when it did provide responses.[38]   Mattel informed MGA that this proposal was not

2   acceptable.[39]

3         The Court Sets The Phase 2 Trial Schedule And Reiterates That There

4   Is No Stay On Discovery.  At a hearing on February 11, 2009, the Court set Phase 2

5   discovery cut-off for December 11, 2009 and Phase 2 trial for March 23, 2010.[40]

6   The Court also stated:  "I will instruct the Discovery Master this afternoon, in no

7   uncertain terms, that there is no stay on any discovery related to this case at all.

8   There's no longer a Phase 1/Phase 2 distinction.  As I indicated, I thought that I

9   made this clear before.  If it's not, it will be expressly set forth in the minutes

10  coming out of today's hearing.  *There is no stay on discovery.  Period.*"[41]  As the

11  Court later reiterated, "there is nothing from this Court which is precluding any

12  discovery that is properly sought for the trial that is scheduled."[42]

13        MGA Continues Its Refusal to Respond to Discovery Regarding Its

14  Trade Dress Claims.  On February 12, 2009, in light of the Court's remarks on the

15  record, Mattel asked MGA to confirm whether MGA would provide complete

16  responses to Mattel's interrogatories regarding MGA's trade dress claims against

17  Mattel.[43]   The next day, counsel for MGA responded that it was premature to

18  respond to the February 12 letter until after the scheduled meet and confer

19  concerning Mattel's intended motion for summary judgment on MGA's trade dress

20  claims.[44]

21

22

---

23  [38]  Watson Dec., at ¶ 18.
    [39]  Letter from Jon Corey to Amman Khan, dated February 8, 2009, Watson
24  Dec., Exh. 19.
    [40]  Hearing Transcript, dated February 11, 2009, at 94:25-95:7, Watson Dec.,
25  Exh. 20.
    [41]  Id. at 97:8-14 (emphasis added).
26  [42]  Id. at 101:21-24.
    [43]  Letter from Jon Corey to Jean Pierre Nogues, dated February 12, 2009,
27  Watson Dec., Exh. 21.
    [44]  Letter from Jean Pierre Nogues to Jon Corey, dated February 13, 2009,
28  Watson Dec., Exh. 22.

1    On February 18, the parties met and conferred regarding the trade dress

2 motion for summary judgment and the trade dress interrogatories.[45]  The next day,

3 MGA informed Mattel that it would not agree to provide supplemental responses to

4 Interrogatory Nos. 43 and 44 or respond to Interrogatory Nos. 51 through 55 and 64

5 by February 27, 2009.[46]  Instead, MGA stated that it would only respond to these

6 interrogatories: (1) if their planned protective order is denied; or (2) if the protective

7 order is granted, 21 days after the Court decides Mattel's summary judgment

8 motion, to the extent any trade dress claims remain after that decision.[47]  On

9 February 26, the MGA Parties moved for a protective order to stay discovery on

10 MGA's trade dress claims.

11          **Argument**

12 **I.**  **MGA IS IN VIOLATION OF THE PRIOR ORDER COMPELLING IT**

13   **TO SUPPLEMENT INTERROGATORY NOS. 43 AND 44**

14   **A.**  **The Discovery Master Should Enforce the Prior Order And**

15      **Compel MGA to Supplement Its Responses to Interrogatory Nos.**

16      **43 and 44**

17    MGA is in violation of the Order compelling it to supplement its

18 responses to Interrogatory Nos. 43 and 44.[48]  MGA did not challenge that order, and

19 it became an order of the Court.  Fed. R. Civ. P 72(a); Discovery Master Order ¶ 6

20 (treating Discovery Masters orders as rulings of Magistrate Judges), Watson Dec.,

21 Exh. 38.  Although the prior Discovery Master stayed MGA's obligation to

22 supplement its responses until the District Court vacated the stay on Phase 2

23

24

 [45] See Letter from Jean Pierre Nogues to Jon Corey, dated February 19, 2009,
25 Watson Dec., Exh. 23.
  [46] Id.
26 [47] Id.
  [48] Order Granting in Part and Denying in Part Mattel's Motion to Compel
27 Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated
 February 15, 2008, Watson Dec., Exh. 8.
28

Exhibit 6
Page 77

1   discovery,[49] the District Court vacated the stay two months ago.[50]   MGA's

2   continuing refusal to provide the compelled responses is in direct violation of the

3   Order.  The Discovery Master should enforce the prior Discovery Master's order and

4   compel MGA to provide responses to these interrogatories without further delay.

5           Interrogatory No. 43 asks MGA to state, for each product MGA

6   contends Mattel copied or infringed, the date the product was conceived.[51]

7   Interrogatory No. 44 seeks the date each product was first fixed in any tangible

8   medium of expression.[52]  As the prior Discovery Master held, these interrogatories

9   are directly "relevant to Mattel's defense against the MGA parties' claims that their

10  products have been copied or infringed by certain Mattel products."[53]  In the face of

11  this ruling, MGA continues to assert its frivolous relevance objections.[54]  The dates

12  MGA conceived or fixed in a tangible medium of expression its products,

13  packaging, and concepts that it contends Mattel copied are clearly relevant.  It could

14  reveal that Mattel was the first to conceive the concepts MGA contends Mattel

15  copied, and thus, that it was MGA, and not Mattel, that copied.   The Discovery

16  Master should reject MGA's rehashed, and improper, relevance objections and

17  compel an immediate response.

18       **B.    The Discovery Master Should Impose Sanctions on MGA For Its**

19              **Refusal to Comply With The Prior Discovery Master's Order**

20           Rule 37(a)(4) of the Federal Rules of Civil Procedure provides that a

21  party forced to bring a motion to compel is entitled to the "reasonable expenses

22  _____

23  [49]  Id.
24  [50]  Order Appointing Discovery Master, dated January 6, 2009, at 2, Watson Dec., Exh. 13.
25  [51]  Mattel's Amended Fourth Set of Interrogatories (No. 43), Watson Dec., Exh. 1.
26  [52]  Id. (No. 44).
    [53]  Id.
27  [54]  MGA's Fourth Supplemental Responses to Interrogatory Nos. 43-44 of Mattel's Amended Fourth Set of Interrogatories, dated March 3, 2008, Watson Dec., Exh. 9.

28

-10-

MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

Exhibit 6
Page 78

1  incurred in making the motion, including attorney's fees, unless the court finds that
2  the motion was filed without the movant's first making a good faith effort to obtain
3  the disclosure or discovery without court action, or that the opposing party's
4  nondisclosure, response or objection was substantially justified, or that other
5  circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(4).
6  Likewise, fees may be awarded for a party's violation of a Court Order. Fed. R. Civ.
7  P. 37(b)(2)(C).  The burden of establishing substantial justification is on the party
8  being sanctioned.  Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994).
9  Independently, sanctions may be imposed under 28 U.S.C. § 1927, which provides
10  that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably
11  and vexatiously may be required by the court to satisfy personally the excess costs,
12  expenses, and attorneys' fees reasonably incurred because of such conduct."
13  Sanctions under this section are appropriate "for conduct that, viewed objectively,
14  manifests either intentional or reckless disregard of the attorney's duties to the
15  court."  RTC v. Dabney, 73 F.3d 262, 265 (10th Cir. 1995) (citing Braley v.
16  Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987)).

17           Here, the Discovery Master should impose sanctions on MGA for its
18  failure to comply with the prior Discovery Master's Order.  The stay on Phase 2
19  discovery was lifted two months ago, and there is no justification for MGA's
20  stonewalling.  Mattel therefore requests that MGA be ordered to pay $4515 as
21  partial reimbursement for the fees and costs that Mattel has incurred in bringing this
22  motion.

23
24
25
26
27
28

00505.07975/2823053.1

1    **II.    THE DISCOVERY MASTER SHOULD COMPEL MGA TO PROVIDE**
2    **FULL AND COMPLETE RESPONSES TO INTERROGATORY NOS.**
3    **51 THROUGH 55 AND 64**

4    **A.    MGA Admits That Mattel's Interrogatories Seek Relevant,**
5    **Discoverable Phase 2 Information**

6            MGA concedes that Interrogatory Nos. 51 through 55 and 64 are
7    relevant to MGA's Phase 2 trade dress claims.[55]   In fact, the sole reason MGA
8    provides for its refusal to respond to these interrogatories until after the Court
9    decides Mattel's summary judgment motion regarding MGA's trade dress claims is
10   that all of these interrogatories "*deal with MGA's trade dress claims.*"[56]   As
11   discussed more fully in Mattel's Opposition to the MGA Parties' Motion for a
12   Protective Order Staying Discovery of Trade Dress Claims filed concurrently,
13   MGA's refusal to respond to these interrogatories due to a summary judgment
14   motion on MGA's Bratz-based trade dress claims that Mattel has not even filed is
15   untenable.   That is all the more so in light of Judge Larson's repeated rejections of
16   MGA's contentions that Phase 2 discovery was, has been or should be stayed in
17   some manner.  At the February 11, 2009 hearing, and even though by then MGA
18   was fully aware of Mattel's intent to bring a Phase 2 summary judgment motion at
19   some point, MGA made no suggestion to Judge Larson that Mattel's contemplated
20   motion should have any effect on the schedule.  To the contrary, *MGA* advocated
21   that Phase 2 discovery and trial should be completed in short order.  And, at the
22   March 4, 2009 hearing, the Court made clear that there was no stay and that, indeed,
23   stay requests were not properly directed to the Discovery Master.

24

25

26   [55]   Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009
27   (proposing to delay response to Interrogatory Nos. 43, 44, 51-55, and 64 because
     they all "deal with MGA's trade dress claims"), Watson Dec., Exh. 18.
     [56]   *Id.* (emphasis added).
28

00505.07975/2823053.1

-12-

1    Not only is MGA's position groundless on its face, but it fails to even

2  arguably explain MGA's refusal to answer the interrogatories.  These interrogatories

3  are also relevant to MGA's *non*-Bratz based claims,[57] such as its claims that Mattel

4  has copied or infringed its "4-Ever-Best-Friends" fashion dolls and packaging,

5  "Mommy's Little..." line of dolls and "Alien Racers" toy racing vehicles.[58]  Mattel's

6  contemplated (and unfiled) Phase 2 motion for summary judgment has nothing to do

7  with those matters.

8    These interrogatories are also relevant to Mattel's Phase 2 claims.  For

9  example, Interrogatory No. 52 asks MGA to identify, for each trade dress that MGA

10  contends Mattel copied, the number of units and profits for each product that

11  incorporates such trade dress.[59]  This information is key to Mattel's claims that

12  MGA used stolen Mattel trade secrets to market and sell MGA's products.[60]  The

13  revenues and profits MGA received for its products are therefore relevant to Mattel's

14  damages theories.  MGA's groundless objections should be overruled.[61]

15    **B.    MGA's Unilateral Limits to Mattel's Definitions Should be**

16      **Overruled**

17    In its responses to Mattel's Supplemental Interrogatories, MGA objects

18  that each of the defined terms "SOLD," "SELL," "SALE," and "MATTEL," are

19  vague, ambiguous, overly broad and unduly burdensome.[62]  Even MGA does not

20  believe these objections have merit.   MGA made the same objections to

21  Supplemental Interrogatory Nos. 56-63 and 67-69, which are the subject of Mattel's

22

___

23    [57]  See, e.g., Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh.

24  11. [58]  MGA Entertainment, Inc.'s Complaint in Case No. 05-02727, dated April 13,

25  2005, at, e.g., ¶¶ 7, 33, 41, 59, Watson Dec., Exh. 24.
       [59]  Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh. 11.

26    [60]  E.g., Mattel, Inc.'s Second Amended Answer In Case No. 05-2727 and
  Counter-Claims, at 52-53 (discussing My Scene My Bling Bling), Watson Dec.,

27  Exh. 25. [61]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories

28  (No. 52), Watson Dec., Exh. 12.

1  pending motion to compel.[63]   Mattel specifically asked the Discovery Master to

2  overrule these objections and MGA's unilaterally imposed counter-definitions in its

3  pending motion, and MGA did not defend them.[64]   MGA, however still has not

4  withdrawn its improper objections and counter-definitions.

5          Moreover, MGA has offered no evidence that responding to

6  interrogatories with these defined terms would be unduly burdensome, and the

7  definitions are not vague.   MGA's boilerplate objections to Mattel's defined terms

8  should be overruled for this reason.  Fed. R. Civ. P. 33(b)(4) (grounds for objecting

9  to an interrogatory must be stated "with specificity"); Nagele v. Electronic Data

10  Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling "burdensome"

11  objections because objecting party failed to particularize basis for objection).

12          For each of these terms, MGA interjects its own, more limited

13  definitions, so that any response would provide Mattel only a portion of the

14  information Mattel is entitled to and allow MGA to cherry-pick discovery.  This is

15  improper.  Chapman v. California Dept. of Educ., 2002 WL 32854376, at * 3 (N.D.

16  Cal. February 6, 2002) ("The proponent of discovery is the master of its terms.  So

17  long as the information sought is within the broad bounds of relevancy as set forth

18  in Rule 26 and is otherwise properly discoverable, the respondent may not

19  unilaterally reshape or rephrase the discovery request.").[65]

20

21

22

23  [62]  Id.
    [63]  Id.; see also Mattel, Inc.'s Motion to Compel Responses to Interrogatories and
24  Production of Documents by MGA Entertainment, Inc., and Isaac Larian, dated
    February 10, 2009, Watson Dec., Exh. 26.
25  [64]  Id. at 14-16; see also MGA Entertainment, Inc. and Isaac Larian's Opposition
    to Mattel, Inc.'s 2/10/09 Motion to Compel Responses to Interrogatories and
26  Production of Documents, dated February 18, 2009, Watson Dec., Exh. 27 (not
    opposing Mattel's motion to overrule MGA's and Larian's unilateral definitions).
27  [65]  As discussed above, Mattel's interrogatories seek information that is directly
    relevant to the party's claims and defenses in this case.
28

1         MGA complains that Mattel's definitions of the terms "SOLD," SELL,"

2    and "SALE" include concepts such as distribution, licensing, and marketing.[66]

3    Thus, they assert that any response they provide will "████████████████████

4    ███████████████████████████████████████████."[67] This contention

5    is both speculative and baseless, as even MGA does not dispute that Mattel is

6    entitled to discover information relating to the distribution, licensing, and marketing

7    of the MGA products at issue.  Moreover, MGA has not explained why using the

8    terms as Mattel has defined them would render their responses vague, ambiguous, or

9    unduly burdensome.  If anything, MGA's unilateral interpretation of the terms are

10   more likely to render their responses vague and ambiguous, as MGA's definition

11   provides zero specificity.

12        MGA also objects to Mattel's definition of the term "MATTEL."[68]

13   MGA asserts that it will interpret the term "████████████████████████

14   ████████████████████████████████████████████████████████

15   █████████████."[69]  This interpretation excludes, without justification, anyone who

16   has held themselves out to be Mattel directors, representatives, attorneys, parents,

17   "AFFILIATES, predecessors-in-interest, successors-in-interest, and any other

18   PERSON acting on Mattel's behalf, pursuant to its authority or subject to its

19   control."[70]  There is no legitimate basis for such a limit.  To the contrary, as noted

20   above, given that Mattel's requests clearly seek discoverable information, the law

21   precludes MGA from cherry-picking the discovery it will disclose and from

22   unilaterally reshaping or rephrasing Mattel's discovery requests.  MGA's objections

23   and limitations to Mattel's defined terms should be overruled.

24

25     [66]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories, at

26   7 and No. 52, Watson Dec., Exh. 12.
       [67]  Id. at 7.
       [68]  Id. at Nos. 51-55.

27     [69]  Id. at 8.
       [70]  Mattel's Supplemental Interrogatories, at 2, Watson Dec., Exh. 11.

28

00505.07975/2823053.1

**C.**   <u>MGA's Remaining Objections Should Be Overruled</u>

    **1.**   <u>The Discovery Master Should Overrule MGA's Objections That Mattel's Interrogatories Seek Information That May Be The Subject of Expert Witness Analysis</u>

MGA's objection that Interrogatory Nos. 51, and 53 seek information that "▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬"[71] is without merit and has been rejected by the Court previously. The interrogatories properly seek the factual basis on which MGA bases its claims and defenses. Interrogatory No. 51, for example, asks MGA to identify every concept, design, product, or packaging of Mattel that MGA contends is a copy of, infringes or dilutes MGA's concepts, designs, products, or packaging.[72] MGA cannot be permitted to withhold this factual information merely based on its unilateral suggestion that an expert may also testify about such matters. Indeed, if that were a sufficient basis for MGA to stonewall discovery, then it would never have to provide discovery until it deigned to make expert disclosures. Yes, as the law makes clear, interrogatories requesting factual information are not objectionable even on the basis that the responding party would need to consult with an expert to clarify relevant facts. <u>See King v. E.F. Hutton & Co., Inc.</u>, 117 F.R.D. 2, 5 (D.D.C. 1987) ("while an expert on stockbroker operations and investments may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed . . . It is no answer for plaintiffs to assert that they will need . . .. to consult with an expert to determine their losses. They should have answered the interrogatories with such information as they then possessed, and pursuant to Rule 26(e) . . . supplement their answers . . . to reflect refinements or corrections to the factual representations as to their asserted losses");

---

[71]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (Nos. 51, 53), Watson Dec., Exh. 12.

1   Roberts v. Heim, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989) (plaintiffs' response to

2   defendants' interrogatory, in which plaintiffs objected to the interrogatory on the

3   ground that the response was dependent, in part, on expert testimony, required

4   plaintiffs to answer the interrogatory and state whether the answer to the

5   interrogatory contained all the factual information in the plaintiffs' possession

6   independent of that to be provided by plaintiffs' experts and also required plaintiffs

7   to provide any other factual information independent of that to be provided by their

8   expert).  In fact, in this case, Judge Larson held that this very objection by MGA

9   was not a proper basis for withholding discovery.[73]

10          MGA's objections on this basis should be rejected.[74]

11          **2.      The Discovery Master Should Overrule MGA's Objections**

12                   **That Mattel's Interrogatories Seek Information That Is**

13                   **Better Known to Mattel**

14          MGA objects to Interrogatory Nos. 51 and 54 on the basis that they

15   seek information that is uniquely or better known to Mattel.[75]  This objection is also

16   without merit.   These interrogatories seek the factual basis for *MGA's* own

17   contentions regarding which Mattel products copied MGA's products and whether

18

19   [72]   Mattel's Supplemental Interrogatories (No. 51), Watson Dec., Exh. 11.

20   [73]   Civil Minutes, dated July 2, 2007, at 5 ("That net worth is generally the
     subject of expert testimony at trial -- a proposition disputed by neither Mattel nor the
21   Court -- does not render it an improper subject for a Rule 30(b)(6)"), Watson Dec.,
     Exh. 41.
22   [74]   MGA also objects to Interrogatory Nos. 43-44 of Mattel's Amended Fourth
     Set because "the invention, creation, conception, or reduction to practice of Bratz"
23   will be the subject of expert testimony.  MGA's Fourth Supplemental Responses to
     Interrogatory Nos. 43-44 of Mattel's Amended Fourth Set of Interrogatories at 11,
24   Watson Dec., Exh. 9.  The Court should also overrule these objections because they
     are no longer applicable, as the invention of Bratz was adjudicated in Phase 1.
25   Moreover, these interrogatories are not limited to MGA's Bratz-based claims.  They
     also seek to discover the dates of conception for the other products MGA contends
26   Mattel copied or infringed, including MGA's "4-Ever Best Friends," "Mommy's
     Little Patient," and "AlienRacers."  MGA Entertainment, Inc.'s Complaint in Case
27   No. 05-02727, dated April 13, 2005, at 24-26, Watson Dec., Exh. 24.
     [75]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories
28   (Nos. 51 and 54), Watson Dec., Exh. 12.

00505.07975/2823053.1

Exhibit 6
Page 85

1   such copying was willful.[76]   Mattel cannot be expected to divine MGA's

2   contentions. This information is almost exclusively in MGA's possession. Only it

3   knows which Mattel products it contends infringe MGA's claimed intellectual

4   property and the basis for its contention that such infringement was willful. In any

5   event, a key purpose of discovery is to avoid trial by ambush and surprise. MGA

6   should be required to disclose the factual bases for its contentions. See Fed. R. Civ.

7   P. 33(a)(2).

8         3.   **The Discovery Master Should Overrule MGA's Compound**

9              **Objections**

10        MGA objects that Interrogatory Nos. 51 and 52 are compound.

11   However, each of these interrogatories refers to only one common theme and thus,

12   counts only as one interrogatory. See Swackhammer v. Sprint Corp. PCS, 225

13   F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at

14   eliciting details concerning a 'common theme' should generally be considered a

15   single question."); Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,

16   2005 WL 318811, at * 7 (N.D. Cal. January 5, 2005) (interrogatory that asked the

17   "same question regarding a common group of people" was not compound) (citing

18   Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261).

19        Here, Interrogatory No. 51 asks details about one common group:

20   MGA products, concepts, and designs that MGA contends Mattel infringed, and

21   Interrogatory No. 52 asks for sales information for those products.[77]   Neither of

22   these interrogatories is compound.

23

24

25

26

---

27   [76] Id.

28   [77] Mattel's Supplemental Interrogatories (Nos. 51, 52), Watson Dec., Exh. 11.

00505.07975/2823053.1

4.    **The Discovery Master Should Overrule MGA's Objection That Mattel's Interrogatories Are Duplicative**

MGA's objection that Interrogatory No. 52 is duplicative of No. 45 in Mattel's Sixth Set of Interrogatories is also without merit.  Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories asks MGA to identify each Bratz product that MGA or its licensees have sold, and to identify the profits, costs, and revenue associated with each such product.[78]  Interrogatory No. 52, however, seeks this information with respect to each trade dress MGA contends Mattel copied, infringed, or diluted.[79]  While MGA may contend that Mattel copied, infringed, or diluted certain Bratz products, it needs to identify which Bratz products it contends Mattel copied in response to Interrogatory No. 52.  Moreover, MGA has also alleged that Mattel has copied, infringed, and diluted other MGA products, such as MGA's 4-Ever Best Friends, Mommy's Little Patient, and AlienRacers.[80]  Interrogatory No. 52 covers these products, while 45 does not.[81]

[78]   Mattel, Inc.'s Sixth Set of Interrogatories, dated October 23, 2007, Watson Dec., Exh. 28.
[79]   Mattel's Supplemental Interrogatories (No. 52), Watson Dec., Exh. 11.
[80]   MGA's Complaint in Case No. 05-02727, dated April 13, 2005 at 24-26, Watson Dec., Exh. 24.
[81]   MGA further objects that Interrogatory No. 51 is duplicative of Interrogatory No. 6 in Mattel's First Set of Interrogatories Re Unfair Competition and Interrogatory No. 49 in Mattel's Seventh Set of Interrogatories.  MGA's Objections and Responses to Mattel's Supplemental Interrogatories (No. 51), Watson Dec., Exh. 12.  Although Interrogatory Nos. 6 and 49 also address the facts regarding MGA's trade dress claims, MGA has yet to identify each of the Mattel products it contends copied, infringed, or diluted MGA's products by SKU number, as requested by Interrogatory No. 51.  See MGA's Supplemental Responses to Mattel, Inc.'s Seventh Set of Interrogatories, dated November 30, 2007 at 14-16, Watson Dec., Exh. 29; MGA's Second Supplemental Responses to Mattel's First Set of Interrogatories Re Claims of Unfair Competition at 32-37, dated March 6, 2007, Watson Dec., Exh. 30.

00505.07975/2823053.1

1    5.    **The Discovery Master Should Overrule MGA's Undue**
2        **Burden Objections**
3        (a)    **Interrogatory No. 51 is not Unduly Burdensome**
4        MGA objects that Interrogatory Nos. 51-53 and 64 are unduly
5    burdensome.[82] These objections are without merit. At the outset, MGA provided no
6    explanation as to why Interrogatory No. 51 is unduly burdensome.  This objection
7    should be overruled for this reason alone.  Fed. R. Civ. P. 33(b)(4) (grounds for
8    objecting to an interrogatory must be stated "with specificity"); Nagele v. Electronic
9    Data Systems Corp., 193 F.R.D. 94, 109 (W.D.N.Y. 2000) (overruling
10   "burdensome" objections because objecting party failed to particularize basis for
11   objection).  Now, MGA asserts in its Motion for Protective Order that Interrogatory
12   No. 51 is unduly burdensome because MGA "does not have a complete listing of
13   every single Mattel product which copied or infringed MGA's trade dress" and
14   "attempting to compile such information presents another herculean task."[83]  MGA
15   is the master of its claims.  If it contends that hundreds of Mattel products or more
16   allegedly infringe, then a consequence of that claim is discovery related to hundreds
17   of products or more.  The burden claim is completely created by and under the
18   control of MGA.  As courts have recognized, there can be no undue burden in
19   requiring a party to identify its own claims.  See 8A Federal Practice & Procedure §
20   2167 (citing Am. Oil Co. v. Penn. Petro. Co., 23 F.R.D. 680, 683 (D.R.I. 1959)
21   ("Since the information sought here will undoubtedly be assembled by the defendant
22   prior to trial in the preparation of its defenses, it cannot be said that these
23   interrogatories are objectionable as being burdensome.")).
24
25
26   [82]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories
27   (Nos. 51-53, 64), Watson Dec., Exh. 12.
     [83]   See MGA Parties' Motion for Protective Order Staying Discovery on Trade
28   Dress Claims, dated February 27, 2009, at 14.

00505.07975/2823053.1

-20-
MOTION TO COMPEL RESPONSES TO CONTENTION INTERROGATORIES

Exhibit 6
Page 88

1      Moreover, it is inconceivable that that almost four years after MGA

2    asserted these claims, MGA does not have a list of each of the Mattel products it

3    bases its trade dress claims on.  Indeed, MGA is unable to provide any proof to

4    support its assertion, as the law requires and the former Discovery Master has ruled.

5    Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-9 (D. Nev. 1997)

6    ("The party claiming that a discovery request is unduly burdensome must allege

7    specific facts which indicate the nature and extent of the burden, usually by affidavit

8    or other reliable evidence.") (citing Burton Mechanical Contractors, Inc. v.

9    Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992)); Order Granting Mattel's Motion to

10   Compel Production of Documents and Interrogatory Responses by MGA, dated

11   May 15, 2007, at 14 ("Once again, MGA has failed to substantiate any of its

12   objections with supporting declarations or legal authorities.   Accordingly, all

13   objections are overruled and MGA is ordered to provide a full response to

14   Interrogatory No. 11), Watson Dec., Exh. 37.  Even if MGA did not have a list of

15   the Mattel products it claims copied MGA's trade dress, it would not be unduly

16   burdensome for it to compile such a list.

17      Mattel is entitled to know MGA's claims, and it is MGA's duty to

18   provide that information.   The Discovery Master should reject MGA's burden

19   objections to Interrogatory No. 51.

20          **(b)    Interrogatory No. 52 is Not Unduly Burdensome**

21      MGA next complains that Interrogatory No. 52 is unduly burdensome

22   because "███████████████████████

23   ███████████████████."[84]  MGA cites in its Motion for Protective Order the

24   Wing declaration,[85] but Mr. Wing's statements are contradicted by MGA's own Rule

25   _____

26   [84]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
     (Nos. 52), Watson Dec., Exh. 12.
27   [85]  See MGA Parties' Motion for Protective Order Staying Discovery on Trade
28   Dress Claims, dated February 27, 2009, at 14.

1    30(b)(6) witness and by documents produced by MGA in this action.  MGA's <u>Rule</u>

2    30(b)(6) designee has previously testified that MGA regularly maintains reports

3    containing revenue, profit, and cost information on a product-by-product basis,[86] and

4    MGA has previously produced such reports.  In fact, in the midst of trial, MGA

5    produced this type of information for the month ending June 2008 in mid-July

6    2008.[87]  MGA cannot substantiate any credible complaints of burden, as even the

7    little evidence it provided is belied by MGA's own <u>Rule</u> 30(b)(6) designee and

8    MGA's document production in this case.

9            Even if (contrary to fact) MGA truly lacks readily available financial

10   information on a product-by-product basis, it would not render this interrogatory

11   unduly burdensome.  As discussed above, this information is highly relevant to

12   Mattel's Phase 2 claims and defenses against MGA.  MGA itself has asserted that

13   the Phase 2 claims are worth "billions."[88]  The burden of compiling this financial

14   information is not undue in light of the stakes and the scale of claims in this

15   litigation and the importance this information holds to the claims at issue in Phase 2.

16   See <u>King v. Georgia Power Co.</u>, 50 F.R.D. 134, 136 (N.D. Ga. 1970) (overruling

17   defendant's objection that interrogatory was burdensome and oppressive, even

18   though preparation of answer would be time-consuming and costly, because

---

20   [86]   Deposition of Lisa Tonnu, dated January 17, 2008 ("Tonnu Depo."), Watson
21   Dec., Exh. 31, at 747:9-15 (in preparation for her deposition, Tonnu reviewed
      documents regarding Bratz sales broken down by product SKU numbers generated
22   by MGA employee), 871:17-874:11 (sales information on a product-by-product
      basis can be obtained from MGA's accounting system); 750:2-22 (Tonnu reviewed
23   reports on cost of sales by product SKU number generated by MGA employee);
      878:19-879:23 (MGA tracks as a matter of course the number of products invoiced
24   to customers by product SKU number); 893:20-894:17 (Tonnu reviewed reports on
      returns broken down by product SKU number); 900:23-902:1 (MGA calculates cost
25   of sales by product SKU number); 902:21-903:6 (MGA calculates royalty expenses
      by product SKU number).
26   [87]   See E-mail from Ryan Weinstein to Jon Corey, dated July 22, 2008, Watson
      Dec., Exh. 32; <u>see also</u> MGA 3896239, Watson Dec., Exh. 42; Letter from
27   Weinstein to Corey, dated July 31, 2008, Watson Dec., Exh. 33.
      [88]   Transcript from "Nightline," dated December 22, 2006, at 5, Watson Dec.,
28   Exh. 40.

                                    -22-

Exhibit 6
Page 90

1  information was crucial to the issues of the suit and in exclusive custody of

2  defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.

3  Ohio 1951) (overruling "overly burdensome" objection because value of

4  information to plaintiff clearly outweighed any annoyance or expense involved in

5  disclosure by defendant); Capacchione v. Charlotte-Mecklenburg Schools, 182

6  F.R.D. 486, 491 (W.D.N.C. 1998) ("Requiring a responding party to perform

7  extensive research or to compile substantial amounts of data and information does

8  not automatically constitute an undue burden ... Imposing such a burden is

9  particularly proper where, as here, the information sought is crucial to the ultimate

10  determination of a crucial issue and where the location of the documents is best

11  known by the responding party.").

12  **(c)    Interrogatory No. 53 is Not Unduly Burdensome**

13          MGA's complaint that Interrogatory No. 53 is unduly burdensome is

14  likewise without merit.  This interrogatory asks MGA to state all facts that support

15  its contention that Mattel's products were likely to cause confusion as to their origin,

16  including the facts that support MGA's contention, if it so contends, that any of the

17  well-known Sleekcraft likelihood of confusion factors weighs against Mattel.[89]

18  MGA asserts that this interrogatory is unduly burdensome because it " ████████

19  ████████████████████████████████████████████████████████

20  ████████████  "[90]  However, Mattel is entitled to ask interrogatories that require

21  the application of law to fact.  Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not

22  objectionable merely because it asks for an opinion or contention that relates to . . .

23  the application of law to fact.").[91]  Mattel is also entitled to discover the factual basis

24

25  [89]  Mattel's Supplemental Interrogatories (No. 53), Watson Dec., Exh. 11.
    [90]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories
26  (No. 53), Watson Dec., Exh. 12.
    [91]  See also Order Granting Mattel's Motion to Compel MGA to Answer
27  Requests for Admission, dated August 20, 2007 at 7 (overruling legal conclusion
    objections in the context of RFAs), Watson Dec., Exh. 34.
28

1   for MGA's contention that Mattel products caused confusion.  The fact that a false

2   designation of origin claim consists of several factors, and the fact that MGA has

3   alleged that several Mattel products caused confusion, do not render this

4   interrogatory unduly burdensome.  Any burden imposed by this interrogatory is

5   warranted by the nature of MGA's claims in this litigation.  See King, 50 F.R.D. at

6   136; Seff, 11 F.R.D. at 598; Capacchione, 182 F.R.D. at 491.

7               **(d)    Interrogatory No. 64 is Not Unduly Burdensome**

8          Last, MGA asserts that Interrogatory No. 64 is overly broad, unduly

9   burdensome and "███████████."[92]  Interrogatory No. 64 asks MGA to state

10  all facts which support its claims against Mattel in this action, and identify all

11  persons with knowledge of such facts and all documents that refer or relate to such

12  facts, to the extent MGA has not previously disclosed such information to Mattel in

13  a prior interrogatory response.[93]  MGA's burden objection is without merit, as

14  Defendants have propounded numerous comparable interrogatories to Mattel,[94] to

15  which Mattel has provided responses to.[95]  Furthermore, MGA clearly must know

16  what other facts and witnesses ostensibly support its claims.  MGA should not be

17  allowed to withhold that information in order to sandbag Mattel, but instead should

18  be required to disclose that information to Mattel.

19

20

21

22

---

23  [92]   MGA's Objections and Responses to Mattel's Supplemental Interrogatories
24  (No. 64), Watson Dec., Exh. 12.
    [93]   Mattel's Supplemental Interrogatories (No. 64), Watson Dec., Exh. 11.
25  [94]   See, e.g., MGA's First Set of Interrogatories to Mattel, dated February 4,
    2005 (No. 1) ("State all facts, with particularity, and IDENTIFY all DOCUMENTS
26  that support YOUR contention, if YOU so contend, that YOU have suffered harm as
    a result of any act or omission of MGA."), Watson Dec., Exh. 35.
27  [95]   Indeed, Mattel's response to this interrogatory was 62 pages long.
    Supplemental Responses to MGA's First Set of Interrogatories to Mattel, dated
28  December 12, 2007, at 4-66, Watson Dec., Exh. 36.

1    **6.    The Discovery Master Should Overrule MGA's Boilerplate**

2    **Privilege Objections**

3    Finally, MGA objects to Interrogatory Nos. 52, 53, 55, and 64 on the

4    grounds that they "███████████████████████████████████████████████

5    ████████████████████████████████████████████████████████████████

6    ████████████████████████████████████████████████████████████████

7    ████████████████████████████████████████████████████████████████

8    ████████."[96] This boilerplate objection is improper.

9    Most of the interrogatories at issue here are contention interrogatories.

10   Parties are required to answer interrogatories that ask them to state their contentions

11   about facts or the application of law to facts.  Fed. R. Civ. P. 33(a)(2).  Mattel is

12   entitled to learn the facts in defendants' possession which they believe support their

13   own contentions.   Mattel is also entitled to learn which documents and persons

14   relate to or are knowledgeable about such facts.  The law is clear that a party cannot

15   avoid responding to contention interrogatories by claiming that they call for a legal

16   conclusion or by invoking the attorney-client privilege or the work product doctrine.

17   Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at

18   *1 (E.D.N.Y. 1988) ("Seeking the facts and documents which support a particular

19   allegation in a complaint violates neither the attorney-client or work product

20   privileges."); King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 5 n.3 (D.D.C. 1987)

21   (interrogatories seeking the factual specifics which a party contends supports a

22   contention do not implicate the attorney work product doctrine:  "If this elementary

23   principle were not applicable, contention interrogatories would not exist.  As the

24   Advisory Committee Note reflects, as to requests for even opinions or contentions

25   that call for the application of law to fact, they are permissible and can be most

26

27   [96]  MGA's Objections and Responses to Mattel's Supplemental Interrogatories

28   (Nos. 52, 53, 55, 64), Watson Dec., Exh. 12.

1 | useful in narrowing and sharpening the issues, which is the major purpose of
2 | discovery.").
3 |        Each of MGA's objections should be overruled, and MGA should be
4 | compelled to respond to Mattel's interrogatories in full.[97]
5 |                        **Conclusion**
6 |        For the foregoing reasons, Mattel respectfully requests that the
7 | Discovery Master enforce the prior Discovery Master's Order, overrule each of
8 | MGA's objections and compel MGA to respond to Nos. 43-44 of Mattel's Amended
9 | Fourth Set of Interrogatories and Nos. 51-55 and 64 of Mattel's Supplemental
10 | Interrogatories.   In addition, Mattel requests that the Discovery Master impose
11 | sanctions in the amount of $4515 to reimburse Mattel for at least a portion of the
12 | fees it has been forced to incur to obtain discovery that the Discovery Master
13 | already ruled that Mattel entitled to.

15 | DATED: March 6, 2009          QUINN EMANUEL URQUHART OLIVER &
16 |                               HEDGES, LLP

18 |                               By/s/ Scott L. Watson
19 |                                  Scott L. Watson
                                     Attorneys for Mattel, Inc.

---

26 | [97]  MGA also asserts the same privilege objections to Interrogatory Nos. 43 and
27 | 44. MGA's Fourth Supplemental Responses to Interrogatory Nos. 43-44 of Mattel's
     | Amended Fourth Set of Interrogatories (Nos. 43-44), Watson Dec., Exh. 9. Those
28 | objections should be overruled for the same reasons.

# EXHIBIT 7
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 7
# TO DECLARATION OF
# MARC E. MAYER

Received 03/09/2009 12:30PM in 01:54 from  on line [1] for FAX3 * Pg 1/3

03-09-2009   12:30   From-QUINN EMANUEL                                    T-966   P.001/003   F-315

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

<table>
<tr>
<td>

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100
</td>
<td>

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100
</td>
<td>

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700
</td>
</tr>
<tr>
<td>

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100
</td>
<td>

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL  60606
(312) 463-2961
Facsimile: (312) 463-2962
</td>
<td>

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100
</td>
<td>

**TOKYO**
Akasaka Twin Tower Main Building, 8th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712
</td>
</tr>
</table>

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:     March 9, 2009                    NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq. Glaser, Weil, Fink, Jacobs & Shapiro, LLP | 310-553-3000 | 310-553-2920 |
| Jean Nogues Mitchell Silberberg & Knupp, LLP | 310-312-2000 | 310-312-3100 |
| cc:  Jason Russell, Esq. Skadden, Arps, Slate, Meagher & Flom, LLP. | 213-687-5000 | 213-687-5600 |

FROM:     Scott L. Watson

RE:       Mattel, Inc. v. MGA Entertainment, Inc., et al.

MESSAGE:

See attached letter dated March 9, 2009.            ORIGINAL STAMPED
IN RED

| CLIENT #   7975 | ROUTE/ RETURN TO:   **Rebecca Ramos** | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|
| OPERATOR: | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

Exhibit 7
Page 95

Received 03/09/2009 12:30PM in 01:54 from  on Line [1] for FAX3 * Pg 2/3

03-09-2009   12:30   From-QUINN EMANUEL                                    T-966   P.002/003   F-315

## quinn emanuel trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 9, 2009

VIA FACSIMILE

Amman A. Khan, Esq.                     Jean Nogues
Glaser, Weil, Fink, Jacobs & Shapiro, LLP   Mitchell Silberberg & Knupp, LLP
10250 Constellation Blvd., 19th Floor   11377 W. Olympic Blvd.
Los Angeles, CA 90067                   Los Angeles, CA 90064

Re:   Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I am writing to inform you that Mattel intends to file an *ex parte* application with the Court
relating to MGA's continuing refusals and failures to comply with the Discovery Master's Order
of February 15, 2008.

The *ex parte* will request that the Court (1) issue an Order to Show Cause regarding MGA's
failure and refusal to comply with the Order; (2) adjudge MGA to be in contempt of Court; (3)
award coercive sanctions against MGA for each day that MGA continues to fail to produce full
and complete interrogatory responses as mandated by the Order; and (4) award monetary
sanctions against MGA to reimburse Mattel a portion of its attorney's fees.

We have now repeatedly asked MGA to comply with the February 15, 2008 Order, but to no
avail.  Please let us know by the end of today whether MGA will stipulate to immediately bring
itself into full and complete compliance with the Order.  Otherwise, we will proceed with our *ex
parte* application.  Please let me know if MGA intends to oppose the *ex parte* application in that
event.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

76121/2825517.1

**Exhibit 7**
**Page 96**

Received 03/09/2009 12:30PM in 01:54 from  on line [1] for FAX3 * Pg 3/3
03-09-2009   12:31     From-QUINN EMANUEL                                T-966   P.003/003   F-315

I look forward to hearing from you.

Best regards,

Scott L. Watson

Cc:     Jason Russell, Esq. (by fax)

76121/2825517 1

76121/2825517 1                        2

**Exhibit 7**
**Page 97**

# EXHIBIT 8
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 8
# TO DECLARATION OF
# MARC E. MAYER

MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**MS🔲K**

Marc E. Mayer
A Professional Corporation
(310) 312-3154 Phone
(310) 231-8354 Fax
mem@msk.com

March 9, 2009

**VIA FACSIMILE AND U.S. MAIL**

Scott L. Watson, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:     **Mattel, Inc. v. MGA Entertainment, Inc. et al.**

Dear Mr. Watson:

I am writing in response to your letter of this afternoon threatening to file an *ex parte* application tomorrow seeking contempt sanctions relating to the Discovery Master's Order of February 15, 2008.

We are extremely troubled and surprised by your letter. As a threshold matter, your letter completely fails to provide *any* substantive explanation as to the basis for your threatened *ex parte* application, including any specification of what purported "continuing refusals and failures" will form the basis of the application, and which specific term(s) of the Order you contend has/have been violated. The February 15, 2008 Order is a lengthy order that concerns five different sets of interrogatories propounded by Mattel, many of which are not relevant to Phase 2. We thus cannot determine from your one-sentence description the basis for your contention that MGA has refused or failed to comply with that Order, far less what specific conduct you believe justifies the severe contempt sanctions you intend to seek.

We also are at a complete loss to understand why these issues need be addressed on an *ex parte* basis, or why "extraordinary" relief is required. As you know, the discovery cut-off is *many* months in the future, and thus there is ample time for these discovery issues to be addressed via noticed motion. Moreover, to the extent your threatened application is intended to address the issues and/or interrogatories raised in the parties' pending discovery motions, including MGA's February 27 motion for a protective order and Mattel's March 6 motion to compel, any request for sanctions (far less "contempt" sanctions) concerning those issues plainly is unwarranted, not to mention premature. Thus, your threatened motion appears to be in pure bad faith, and for no purpose other than to drive up fees, harass MGA with burdensome and unnecessary motion practice, and distract attention from the pending discovery motions.

We, of course, are willing to conduct a meet-and-confer with you concerning the February 15 Order, and request that such meeting take place after the Discovery Master has had the

11377 West Olympic Boulevard, Los Angeles, California 90064-1683
Phone: (310) 312-2000   Fax: (310) 312-3100   Website: WWW.MSK.COM

**Exhibit 8**
**Page 98**

MITCHELL SILBERBERG & KNUPP LLP

opportunity to consider and rule on the parties' pending discovery motions.  At the very minimum, please let us know *immediately* the specific basis for your *ex parte* application.  If you are unwilling to do either, then we will have no choice but to oppose the application as procedurally improper, as well as baseless.

Sincerely,

Marc E. Mayer
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

MEM/mem

cc:    Amman Kahn, Esq.
       Patricia Benson, Esq.
       Jean Nogues, Esq.

2155697.1/39416-00002

Exhibit 8
Page 99

# EXHIBIT 9
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 9
# TO DECLARATION OF
# MARC E. MAYER

**Mayer, Marc**

| | |
|---|---|
| **From:** | Scott Watson [scottwatson@quinnemanuel.com] |
| **Sent:** | Monday, March 09, 2009 9:36 PM |
| **To:** | Mayer, Marc |
| **Cc:** | 'akhan@glaserweil.com'; Nogues, Jean; Benson, Patricia; 'Russell, Jason' |
| **Subject:** | Mattel v. MGA Correspondence |
| **Attachments:** | Mayer Letter.pdf |

Please see the attached correspondence.

**Exhibit 9**
**Page 100**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 9, 2009

<u>VIA FACSIMILE & EMAIL</u>

Marc Mayer
Mitchell Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Mr. Mayer:

I am writing in response to your letter of this afternoon.  I do not understand how MGA can claim to be "surprised."  We have repeatedly pointed out that MGA is in violation of the Discovery Master's February 15, 2008 Order by its refusal to supplement its responses to Interrogatories Nos. 43 and 44.  We have done so in numerous meet and confer communications and subsequently in at least two separate filings.  Notwithstanding this, MGA has not supplemented its responses.  Unless MGA immediately stipulates to fully and completely supplement its responses as ordered, Mattel will file its *ex parte* application tomorrow.

Best regards,

*Scott L. Watson / rf*

Scott L. Watson

Cc:   Amman Kahn, Esq.
      Jean Nogues, Esq.
      Jason Russell, Esq.

**quinn emanuel urquhart oliver & hedges, llp**

07975/2826503.1   NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

Exhibit 9
Page 101

# EXHIBIT 10
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 10
# TO DECLARATION OF
# MARC E. MAYER

**Mayer, Marc**

| | |
|---|---|
| **From:** | Nogues, Jean |
| **Sent:** | Tuesday, March 10, 2009 4:56 PM |
| **To:** | Mayer, Marc |
| **Subject:** | FW: Ex Parte Papers |
| **Attachments:** | Ex Parte App.pdf; proposed order.pdf |

**MS&K | Since 1908 |** *Lawyers for the 21st Century*[TM]

**JEAN PIERRE NOGUES |** Mitchell Silberberg & Knupp LLP | 11377 West Olympic Blvd., Los Angeles, CA 90064 | direct: 310 312-3152| fax: 310 231-8352 | jpn@msk.com | www.msk.com

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Scott Watson [mailto:scottwatson@quinnemanuel.com]
**Sent:** Tuesday, March 10, 2009 4:52 PM
**To:** 'Akahn@glaserweil.com'; Frackman, Russell; Nogues, Jean
**Cc:** 'JRussell@skadden.com'; 'Robert.Herrington@skadden.com'
**Subject:** Ex Parte Papers

Gentlemen,

I attempted to email you the papers a moment ago, but I received messages indicating that my email may not have been delivered.  I will break them up in a series of emails.  Apologies if you are getting these a second time.

Best,

Scott

**Exhibit 10**
**Page 102**

3/11/2009

# EXHIBIT 11
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 11
# TO DECLARATION OF
# MARC E. MAYER

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL. 213-443-3000 FAX 213-443-3100

February 23, 2009

<u>VIA E-MAIL AND U.S. MAIL</u>

Jean Pierre Nogues
Mitchell Silberberg & Knupp LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064
jpn@msk.com

Joel N. Klevens
Glaser, Weil, Fink, Jacobs & Shapiro, LLP
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
jklevens@glaserweil.com

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
thomas.nolan@skadden.com

Re:    <u>Mattel v. MGA</u>

Dear Mr. Nogues:

I write in response to your February 19, 2009 letter to Mr. Corey, regarding Mattel's Phase 2 Motion for Summary Judgment.

First, Mattel did not represent that its motion would be "premised entirely on the Court's Phase I rulings and determinations," or that "the motion does not depend on any discovery to be taken in Phase 2." That motion will rely in part, for example, on Phase 2 discovery regarding the scope of MGA's alleged trade dress.  Second, Mattel did not state that it would be filing its Motion for Summary Judgment "within a week" of the Court's ruling on the Phase 1 matters.  Rather, as I represented to you, Mattel expects to file that Motion within weeks—as opposed to months—of the Court's ruling.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL. 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL. 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL. 650-801-5000 FAX 650-801-5100

**Exhibit 11**
**Page 103**

If you have any other questions, please do not hesitate to contact me.

Very truly yours,

James Webster (csn)

James J. Webster

JJW:csn
07975/2803109.1

2

Exhibit 11
Page 104

# EXHIBIT 12
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 12
# TO DECLARATION OF
# MARC E. MAYER

1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
3  Telephone:   213.629.7400
   Facsimile:   213.629.7401
4  obrien.robert@arentfox.com

5  Discovery Master

6

7

8                UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)

13            Plaintiff,                  **Consolidated with**
                                          **Case No. CV 04-09059**
14         v.                             **Case No. CV 05-2727**

15  MATTEL, INC., a Delaware             **PHASE II DISCOVERY MATTER**
    corporation,
16                                        **ORDER NO. 5, REGARDING:**
              Defendant.
17                                        **HEARING DATES FOR**
                                          **RECENTLY FILED**
18                                        **DISCOVERY MATTERS**

19

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGZ ENTERTAINMENT, INC. v.
    MATTEL, INC.
22

23

24

25

26

27

28

**Exhibit 12**
**Page 105**

1    The following discovery motions are set for hearing at the offices of Arent

2  Fox, LLP at 10:00 a.m. on:

3  **April 14, 2009:**

4    1.    Mattel, Inc.'s Motion to Compel Bingham McCutchen LLP to Produce

5  Documents Responsive to Subpoena filed on or about March 6, 2009.[1]

6  **April 21, 2009:**

7    1.    Mattel, Inc.'s Renewed Motion for Reconsideration of Portions of

8  Discovery Master's December 31, 2007 Order filed on or about March 4, 2009.

9    2.    Mattel, Inc.'s Motion to Enforce Order Compelling MGA to Provide

10  Discovery, to Compel Responses to Interrogatories by MGA, and Request for

11  Sanctions filed on or about March 6, 2009.

12

13  Dated:      March 11, 2009

14

15

16                              By:      /s/ Robert C. O'Brien
                                     ROBERT C. O'BRIEN
17                                   Discovery Master

18

19

20

21

22

23

24

25

26

27  _____
[1] The three discovery motions previously set for hearing on April 14, 2009 remain on calendar.
28

Arent Fox LLP
Attorneys At Law
Los Angeles
- 2 -
ORDER NO. 5
[Case No. CV 04-09049 SGL (RNBx)]

Exhibit 12
Page 106

# EXHIBIT 13
# TO DECLARATION OF
# MARC E. MAYER

# EXHIBIT 13
# TO DECLARATION OF
# MARC E. MAYER

Page 1

```
1                    UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
2                         EASTERN DIVISION
3
4    CARTER BRYANT, an individual,
5             Plaintiff,
6        vs.                          No. CV 04-9049 SGL (RNBx)
                                      Consolidated with
7    MATTEL, INC., a Delaware         Nos. CV 04-9405 and
     corporation,                     05-2727
8
              Defendants.
9
10
11    _____

      AND CONSOLIDATED ACTIONS.
12    _____
13
14
15           REPORTER'S TRANSCRIPT OF PROCEEDINGS
16               Los Angeles, California
17              Wednesday, March 4, 2009
18                     Volume 1
19
20
21   Reported by:
     CHERYL R. KAMALSKI
22   CSR No. 7113
23   Job No. 106479
24
25
```

**Exhibit 13**
**Page 107**

Page 2

```
1                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA

2                        EASTERN DIVISION

3

4    CARTER BRYANT, an individual,

5         vs.                        No. CV 04-9049 SGL (RNBx)

                                     Consolidated with

6    MATTEL, INC., a Delaware        Nos. CV 04-9405 and

     corporation,                    05-2727

7

          Defendants.

8

9

10

11    _____

     AND CONSOLIDATED ACTIONS.

12    _____

13

14

15

16         REPORTER'S TRANSCRIPT OF PROCEEDINGS, Volume 1,

17    taken at 555 West Fifth Street, 48th Floor, Los Angeles,

18    California, beginning at 10:08 a.m. and ending at

19    12:12 p.m. on Wednesday, March 4, 2009, before

20    CHERYL R. KAMALSKI, Certified Shorthand Reporter No. 7113.

21

22

23

24

25
```

Exhibit 13
Page 108

Page 6

1           MR. GORDINIER:   Todd Gordinier and Peter Villar

2    for the Omni and Vision parties.

3           MR. HOLDEN:   Craig Holden, in-house for MGA.

4           MR. VALLE:   Jeff Valle for IGWT Group &

5    Investments.

6           MR. ZELLER:   Then for Mattel you have Mike

7    Zeller.  Good morning.  John Corey, Jill Thomas and

8    Stephen Hauss.

9           MR. O'BRIEN:   Okay.  Who will be making the --

10   everyone can argue when we get to that time, so there's

11   plenty of time, and certainly everyone will have a chance.

12   I don't mind if you divide up motions and that sort of

13   thing.  But if people are going to be arguing, I wouldn't

14   mind getting a couple of business cards, only because I

15   don't want to appear to be favoring those of you who I

16   know and don't know, and I'll get those -- Mike, of

17   course -- if you can send those up, that will be great.

18          I spoke with Judge Larson shortly after the

19   appointment and he wanted me to convey a couple of points

20   to you.  I think he made some of those clear.  I saw the

21   transcript from the last hearing -- if you don't have a

22   card, don't worry about it -- number 1, he wants all of

23   the discovery issues coming to me in the first instance.

24   When I say in the first instance, I'm merely an appendage

25   of the Court, so everyone will have an opportunity, if you

Exhibit 13
Page 109

Page 7

1   don't like how things are ruled on here, to take those up

2   to Judge Larson, but at least in the initial instance on

3   your discovery issues, and if you think they're remotely

4   related to discovery, please bring them here first.  And,

5   again, everyone understands that you will have the

6   opportunity to go back to Judge Larson, but he'd like to

7   get them done here first.  The second thing that he wants

8   done is he wants the discovery disputes handled with

9   dispatch.  I was not involved in phase 1, but apparently

10  there was -- over time the discovery motions tended,

11  apparently, to pile up and it was difficult to get rulings

12  on those motions, for whatever reason, and so he's asked

13  that the discovery move along, and the purpose of that, of

14  course, is to get you to trial on the merits and not have

15  the discovery create kind of a bottleneck as we approach

16  the pretrial conference point in the case and the trial.

17  So certainly on our end here, my end, you know, I'll try

18  and set hearings as quickly as the motions come in.

19  Depending on how fast we can get through the hearings, we

20  might be able -- right now I think we have three days set,

21  I think we're going to set another day for two or three

22  motions that were just filed, I apologize, I'm not sure

23  who filed them or what the nature of the motions were, but

24  I did see them come in, and I think we're looking at

25  setting April 9th as the next hearing date.  It may be

Exhibit 13
Page 110