PATRICIA L. GLASER (Bar No. 055668)
pglaser@glaserweil.com
GLASER WEIL FINK JACOBS & SHAPIRO
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

RUSSELL J. FRACKMAN (Bar No. 49087)
rjf@msk.com
PATRICIA H. BENSON (Bar No. 60565)
phb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION

| CARTER BRYANT, an individual,, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| v. | |
| MATTEL, INC., a Delaware corporation,, | **DISCOVERY MATTER**<br>[To Be Heard By Discovery Master Robert O'Brien Pursuant To Order Of January 6, 2009] |
| Defendant. | |
| AND CONSOLIDATED CASES | **SUPPLEMENTAL DECLARATION OF JEAN PIERRE NOGUES IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER**<br>[REPLY MEMORANDUM, TONNU DECLARATION AND EVIDENTIARY OBJECTIONS FILED CONCURRENTLY]<br>Date: April 14, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP<br>Phase 2<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-Trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

Mitchell
Silberberg &
Knupp LLP

2157136.1

1

SUPPLEMENTAL DECLARATION OF JEAN PIERRE NOGUES IN SUPPORT OF MGA'S MOTION FOR PROTECTIVE ORDER

# SUPPLEMENTAL DECLARATION OF JEAN PIERRE NOGUES

I, JEAN PIERRE NOGUES, declare:

1. I am an attorney at law duly licensed to practice law in the State of California and before this Court. I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V. and Isaac Larian. I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2. Appended hereto as Exhibit 16 are copies of pages from the transcript of proceedings before the District Court in this case on February 11, 2009.

3. Appended hereto as Exhibit 17 are copies of pages from the transcript of proceedings before the Discovery Master in this case on March 4, 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of March, 2009, at Los Angeles, California.

_____
Jean Pierre Nogues

# EXHIBIT 16
# TO SUPPLEMENTAL DECL. OF
# JEAN PIERRE NOGUES

# EXHIBIT 16
# TO SUPPLEMENTAL DECL. OF
# JEAN PIERRE NOGUES

2157701.1

```
 1                  UNITED STATES DISTRICT COURT

 2                 CENTRAL DISTRICT OF CALIFORNIA

 3                        EASTERN DIVISION

 4                            - - -

 5        HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

 6                            - - -

 7   MATTEL, INC.,                    )
                                      )
 8                    Plaintiff,      )
                                      )
 9             vs.                    )  No. CV 04-09049
                                      )
10   MGA ENTERTAINMENT, INC., ET. AL.,)
                                      )
11                    Defendants.     )
                                      )  Motions
12   AND CONSOLIDATED ACTIONS,        )
                                      )
13

14

15            REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                    Riverside, California

17                 Wednesday, February 11, 2009

18                         10:03 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
               Federal Official Court Reporter
24             3470 12th Street, Rm. 134
               Riverside, California  92501
25                     951-274-0844
                   WWW.THERESALANZA.COM
```

| | | |
|---|---|---|
| 1 | think Mr. Zeller points out, the local rules provide for | |
| 2 | provisions for both the Court's appointment of either an | |
| 3 | interim or a permanent receiver, the required notice | |
| 4 | thereunder, et cetera, and the Court would fully comply with | |
| 5 | that. I'm not going to set out at this point any briefing | 02:10 |
| 6 | schedule on this, because that would be premature. | |
| 7 | The Court will continue, on a strictly in-camera | |
| 8 | basis, to continue to be apprised by the forensic auditor. The | |
| 9 | Court will expect all parties to continue to cooperate with the | |
| 10 | forensic auditor. | 02:10 |
| 11 | Mr. Gordinier, on behalf of nonparty Omni 808, has | |
| 12 | represented to the Court that his client will cooperate with | |
| 13 | Mr. Durkin, and I appreciate that. And I trust that Mr. Durkin | |
| 14 | will continue to experience the full cooperation that he has | |
| 15 | experienced up to this point. And I will leave at that. | 02:11 |
| 16 | Are there any questions from either party with | |
| 17 | respect to the Court's ruling on matters related to the | |
| 18 | receivership? | |
| 19 | **MR. NOLAN:** On behalf of MGA, no, Your Honor. | |
| 20 | **THE COURT:** From Mattel? | 02:11 |
| 21 | **MR. ZELLER:** No, Your Honor. | |
| 22 | There is just one other ex-parte which we believe has | |
| 23 | been submitted to Your Honor; your name was on it. It was an | |
| 24 | additional ex-parte by Omni 808 which was basically asking for | |
| 25 | a discovery motion we had filed with the Discovery Master to be | 02:11 |

```
 1  striken.  And I believe it was filed with this court.
 2              We filed an opposition last night.  I don't know if
 3  there's been more briefing or if now is the time, but I did
 4  want to alert the Court that it is --
 5              THE COURT:  Those discovery matters have been                02:11
 6  referred to the Discovery Master and will be litigated before
 7  the Discovery Master.
 8              MR. GORDINIER:  That's what we served Mr. O'Bryan
 9  with copies of, so that's our understanding as well.  I didn't
10  want to violate the Court's protocol, so we did both.  But the          02:12
11  application --
12              THE COURT:  I appreciate that.  That's been the
13  practice of the parties in this Court, to file with the Court
14  what the parties have done and I'll ask the parties to continue
15  to do.                                                                  02:12
16              And Mr. Gordinier, you can do this on discover
17  matters:  Simply put in the caption that it is a discovery
18  matter; that way the Court knows when I receive it that it's
19  not something that I need to deal with at this time; that it
20  will be handled by the Discovery Master.                                02:12
21              All right.  Moving right along.
22              The next issue the Court wants to take up is the
23  potential -- well, not potential, the entry of judgment in this
24  case; whether or not judgment should be entered after the Court
25  has issued its ruling, which it anticipates doing shortly              02:12
```

|  |  |  |
|---|---|---|
| 1 | For the record, I previously indicated that all stays | |
| 2 | on discovery have been lifted. All discovery matters should | |
| 3 | rightfully be referred to the Discovery Master. And I'll let | |
| 4 | it go at that. | |
| 5 | MR. ZELLER: And that no discovery issues or no | 02:37 |
| 6 | requests for discovery are premature at this point, because | |
| 7 | that's the other term they are using on this. | |
| 8 | THE COURT: I will instruct the Discovery Master this | |
| 9 | afternoon, in no uncertain terms, that there is no stay on any | |
| 10 | discovery related to this case at all. There's no longer a | 02:37 |
| 11 | Phase 1/Phase 2 distinction. | |
| 12 | As I indicated, I thought that I made this clear | |
| 13 | before. If it's not, it will be expressly set forth in the | |
| 14 | minutes coming out of today's hearing. | |
| 15 | There is no stay on discovery. Period. | 02:37 |
| 16 | MR. ZELLER: And we're fully entitled to the | |
| 17 | financial information that -- | |
| 18 | THE COURT: Lets leave it at that, Counsel. | |
| 19 | Thank you, Mr. Zeller. | |
| 20 | MR. RUSSELL: Could I say one thing, since | 02:38 |
| 21 | Mr. Zeller injected this. | |
| 22 | When he's talking about this stay -- and this is the | |
| 23 | twilight between Phase 1 and Phase 2 counsel -- they | |
| 24 | promulgated a series of receiver-related discovery which we | |
| 25 | contend and run your Honor's orders saying let's talk it out of | 02:38 |

```
 1   discovery, let's let Mr. Durkin handle this.  And that's what
 2   he's talking about.
 3         There may be other issues, but a major component --
 4   and I would not want Your Honor to paint with too broad a
 5   brush -- it is MGA's position as to Phase 1 receiver-related           02:38
 6   issues, that Your Honor appropriately, at our request, took out
 7   of discovery the financial discovery issues.
 8         THE COURT:  Mr. Durkin is acting at the Court's
 9   direction to inform the Court of information.  I may or may not
10   release any of the information that Mr. Durkin provides; so no        02:38
11   one, neither side, should be relying upon the information that
12   Mr. Durkin is gathering for purposes of litigating this case.
13   That's an entirely separate matter.  And I have not stayed any
14   discovery, and there should be no reliance on that.
15         If that was misunderstood, it's clarified now.                  02:39
16         MR. RUSSELL:  Just so I can make sure I'm clear, Your
17   Honor, because I really, since we were the ones at the hearing
18   when this was discussed, and we asked Your Honor for this
19   precise relief, which is to say the financial discovery, the
20   allegations against Omni and IGWT and the like, and I thought I       02:39
21   heard Your Honor to say that it made sense for Mr. Durkin to
22   get to the base of it.  And if, then, there were any merit to
23   it, we could allow this discovery to go forward.
24         THE COURT:  Wait a second.
25         You're adding something in there.  I didn't say                 02:39
```

```
 1   anything about discovery not going forth.  I have not ruled on
 2   any discovery issues.  I ruled on the ex-parte application for
 3   the appointment of the receiver that before I ruled on that,
 4   that I wanted to have Mr. Durkin's report.  That's exactly what
 5   I'm doing.  I took an interim report last night.  I'll await          02:39
 6   the final report.  But that's for the Court's purposes.
 7            Depending on how the receivership issue plays out, it
 8   may or may not be released to some or all of the attorneys.  It
 9   may very well be that at the end of the day, after my final
10   meeting with Mr. Durkin, that it never reaches the light of           02:40
11   day.
12            MR. RUSSELL:  Just so we're clear, Your Honor, Mattel
13   attached the very discovery they are now promulgating to other
14   parties to their receiver application and asked for leave to
15   serve it.  Your Honor did not grant that leave.  And then what        02:40
16   happened was they said, Well, we can't go down this avenue,
17   we'll launch a series of subpoenas.
18            THE COURT:  Then the question becomes -- and this is
19   a question for the Discovery Master, not for this Court --
20   whether or not the discovery is related to Phase 2.  If it is,       02:40
21   it is.  I'm not going to pass any judgment whatsoever.  I'm
22   going to leave that completely up to the Discovery Master.
23            MR. RUSSELL:  That's all we're asking for.  Rather
24   than painting with a broad brush, saying all discovery is
25   permitted, there's some discovery that does fall within the          02:40
```

|  |  |
|---|---|
| 1 | scope of what Your Honor refused to give them. Let's let the |
| 2 | discovery master rule on it. It can always come back to you. |
| 3 | **THE COURT:** Okay. |
| 4 | But I guess, Mr. Russell, I'm not sure of the |
| 5 | characterization that you're making. |
| 6 | I handled the receivership application and request |
| 7 | made thereunder in the way that I'm handling the receivership |
| 8 | application; that should not be taken one way or the other as a |
| 9 | discovery ruling. |
| 10 | **MR. RUSSELL:** I guess, Your Honor, the question is if |
| 11 | there was, as part of that application, and there's an |
| 12 | assumption built in that we'd like to have the Discovery Master |
| 13 | resolve, is it just receiver discovery or is it Phase 2? That |
| 14 | seems like a question that Mr. O'Bryan should answer. But I |
| 15 | assume, since you don't have any of the briefs and you don't |
| 16 | have the discovery and this has just been dropped on you, |
| 17 | assume for the sake of this discussion, that it is solely |
| 18 | related to the receiver; that it is, as we pause it, identical |
| 19 | to the discovery submitted. |
| 20 | **THE COURT:** I guess where I would distinguish, |
| 21 | counsel, is this notion of receiver discovery, or that phrase, |
| 22 | that's not a phrase the Court has used. Not that I can recall |
| 23 | using. If I did, I certainly did not intend to. I'm not |
| 24 | designating that as a separate and severable part of the |
| 25 | discovery. |

|   |   |   |
|---|---|---|
| 1 | The question for the discovery master will be whether | |
| 2 | or not the disputed discovery request is related or relevant to | |
| 3 | the trial that has now been scheduled for March or not. I can | |
| 4 | see tremendous overlap between, for example, discovery on | |
| 5 | financial condition of the company as it relates to damages in | 02:42 |
| 6 | the Phase 2 and also issues that the receiver is looking at. | |
| 7 | And without making a ruling on any of this, I would not suggest | |
| 8 | for a moment that these are mutually exclusive categories. | |
| 9 | **MR. RUSSELL:** They may not be, Your Honor. That's | |
| 10 | the reason why Mr. O'Bryan in the first instance should deal | 02:42 |
| 11 | with it. Because if you take it the way we take it, this might | |
| 12 | not be Phase 2 discovery. | |
| 13 | **THE COURT:** You can make that argument to | |
| 14 | Mr. O'Bryan. | |
| 15 | **MR. RUSSELL:** Thank you, Your Honor. | 02:43 |
| 16 | **MR. ZELLER:** And just so it's clear, what Mr. Russell | |
| 17 | is articulating is a basis as to why MGA has refused to give us | |
| 18 | any financial -- | |
| 19 | **THE COURT:** Mr. Zeller, I'm going to cut you off | |
| 20 | here. Take that up with the Discovery Master. I don't mean to | 02:43 |
| 21 | cut you off, but I think I made my position as clear as I can | |
| 22 | today that there is nothing from this Court which is precluding | |
| 23 | any discovery that is properly sought for the trial that is | |
| 24 | scheduled. | |
| 25 | Whatever has happened has happened and we need to | 02:43 |

1   move forward.
2          MR. ZELLER:  Thank you, Your Honor.
3          THE COURT:  Thank you, counsel.
4          MR. FRACKMAN:  I'm last, and I think I'll be the
5   shortest.  On the issue of streamlining discovery, I've read
6   the Court's prior orders concerning the number of depositions,
7   for example, and I confess, I'm a bit confused.
8          We would request from the Court that there be a
9   reasonable limit placed on Phase 2 depositions.  I don't know
10  whether that comes to Your Honor or whether that goes to the
11  discover referee.
12         THE COURT:  In the first instance, that would go to
13  the discovery referee.  The limits that were placed were limits
14  that were placed on the earlier discovery phase.
15         To be clear again, I have placed no limits, no
16  restrictions, other than what is set forth in the rules of
17  civil procedure and in local rule 37 on discovery from this
18  point until March 23rd.
19         If the parties wish to stipulate, they may.  If the
20  parties think that the Court needs to be involved in this in
21  the first instance, that needs to go to the Discovery Master.
22         MR. FRACKMAN:  I think we're prepared to follow the
23  federal rules, Your Honor.  Thank you.
24         THE COURT:  Very good.
25         MR. ZELLER:  I feel like I'm being more difficult at

02:43
02:44
02:44
02:44
02:44

```
 1  the end than I should be.
 2          Just so it's clear, because as I understood it,
 3  there, of course, are the limits under the Federal Rules of ten
 4  depositions.  We, of course, have -- and I thought that the
 5  parties --                                                          02:45
 6          THE COURT:  You did more than ten depositions.
 7          MR. ZELLER:  Correct.  And I think both sides have.
 8          THE COURT:  Yes.
 9          MR. ZELLER:  Or then there were limits the Court did
10  put on the case, as we understood it; I want to say the number    02:45
11  was 24, but I could be off slightly, that the Court did modify
12  the limits already.
13          THE COURT:  I allowed for additional depositions.
14  But those were all in the context of the first phase.  We now
15  have new counsel coming in.  I'm certainly not going to suggest   02:45
16  you're all done with discovery.
17          MR. ZELLER:  Absolutely.
18          THE COURT:  Maybe I should.  Maybe I should say the
19  limits have all been filled in spades and we're done and let's
20  go to trial.                                                       02:45
21          MR. ZELLER:  That's what I'm trying to understand is
22  is the Court's view on this, because the Court had
23  previously -- and I don't recall the mechanics of how we got
24  there, but the Court essentially increased the limit to, I
25  think, 24.                                                         02:45
```

1       THE COURT: Whatever limits I imposed, if I did not
2  use the precise language that I should have, let me make it
3  clear now: That was applied to the discovery phase. That's
4  now water under the bridge. It is over.
5       We are starting with a clean slate, a new discovery
6  master, new counsel for MGA, and we are going to build this up
7  and we'll go from here. If there's a discovery dispute, please
8  take it to the Discovery Master.
9       MR. ZELLER: That helps clarify it quite a bit, Your
10 Honor.
11      The other component is that at least with respect to
12 Phase 1, when we asked the question of where should we take a
13 request for leave to take additional depositions or serve
14 additional interrogatories and the like, the Court previously
15 directed that the motions be made to Your Honor. And the Court
16 may recall that, in fact, in the first phase, Mattel did make
17 such a motion that was granted.
18      THE COURT: Regarding what, again?
19      MR. ZELLER: Increasing the limits.
20      THE COURT: That is something which I am going to
21 change for this. I think in the first instance that should be
22 directed to the Discovery Master. You both have full right to
23 appeal any decision from that, but I think it's best that the
24 Discovery Master function essentially as the Magistrate Judge
25 in this case and handle all of those from the get-go. And

# EXHIBIT 17
# TO SUPPLEMENTAL DECL. OF
# JEAN PIERRE NOGUES

# EXHIBIT 17
# TO SUPPLEMENTAL DECL. OF
# JEAN PIERRE NOGUES

2157701.1

Page 1

1           UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
2                  EASTERN DIVISION
3
4    CARTER BRYANT, an individual,
5          Plaintiff,
6       vs.                            No. CV 04-9049 SGL (RNBx)
                                       Consolidated with
7    MATTEL, INC., a Delaware          Nos. CV 04-9405 and
     corporation,                      05-2727
8
           Defendants.
9
10
11   _____
     AND CONSOLIDATED ACTIONS.
12   _____
13
14
15         REPORTER'S TRANSCRIPT OF PROCEEDINGS
16              Los Angeles, California
17             Wednesday, March 4, 2009
18                    Volume 1
19
20
21   Reported by:
     CHERYL R. KAMALSKI
22   CSR No. 7113
23   Job No. 106479
24
25

Page 2

```
 1              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
 2                   EASTERN DIVISION
 3
 4   CARTER BRYANT, an individual,
 5        vs.                        No. CV 04-9049 SGL (RNBx)
                                     Consolidated with
 6   MATTEL, INC., a Delaware        Nos. CV 04-9405 and
     corporation,                    05-2727
 7
            Defendants.
 8
 9
10
11   _____
     AND CONSOLIDATED ACTIONS.
12   _____
13
14
15
16       REPORTER'S TRANSCRIPT OF PROCEEDINGS, Volume 1,
17   taken at 555 West Fifth Street, 48th Floor, Los Angeles,
18   California, beginning at 10:08 a.m. and ending at
19   12:12 p.m. on Wednesday, March 4, 2009, before
20   CHERYL R. KAMALSKI, Certified Shorthand Reporter No. 7113.
21
22
23
24
25
```

Page 6

```
 1            MR. GORDINIER:  Todd Gordinier and Peter Villar
 2   for the Omni and Vision parties.
 3            MR. HOLDEN:  Craig Holden, in-house for MGA.
 4            MR. VALLE:  Jeff Valle for IGWT Group &
 5   Investments.
 6            MR. ZELLER:  Then for Mattel you have Mike
 7   Zeller.  Good morning.  John Corey, Jill Thomas and
 8   Stephen Hauss.
 9            MR. O'BRIEN:  Okay.  Who will be making the --
10   everyone can argue when we get to that time, so there's
11   plenty of time, and certainly everyone will have a chance.
12   I don't mind if you divide up motions and that sort of
13   thing.  But if people are going to be arguing, I wouldn't
14   mind getting a couple of business cards, only because I
15   don't want to appear to be favoring those of you who I
16   know and don't know, and I'll get those -- Mike, of
17   course -- if you can send those up, that will be great.
18            I spoke with Judge Larson shortly after the
19   appointment and he wanted me to convey a couple of points
20   to you.  I think he made some of those clear.  I saw the
21   transcript from the last hearing -- if you don't have a
22   card, don't worry about it -- number 1, he wants all of
23   the discovery issues coming to me in the first instance.
24   When I say in the first instance, I'm merely an appendage
25   of the Court, so everyone will have an opportunity, if you
```

TRANSCRIPT OF PROCEEDINGS                                           03/04/09

Page 7

```
 1   don't like how things are ruled on here, to take those up
 2   to Judge Larson, but at least in the initial instance on
 3   your discovery issues, and if you think they're remotely
 4   related to discovery, please bring them here first.  And,
 5   again, everyone understands that you will have the
 6   opportunity to go back to Judge Larson, but he'd like to
 7   get them done here first.  The second thing that he wants
 8   done is he wants the discovery disputes handled with
 9   dispatch.  I was not involved in phase 1, but apparently
10   there was -- over time the discovery motions tended,
11   apparently, to pile up and it was difficult to get rulings
12   on those motions, for whatever reason, and so he's asked
13   that the discovery move along, and the purpose of that, of
14   course, is to get you to trial on the merits and not have
15   the discovery create kind of a bottleneck as we approach
16   the pretrial conference point in the case and the trial.
17   So certainly on our end here, my end, you know, I'll try
18   and set hearings as quickly as the motions come in.
19   Depending on how fast we can get through the hearings, we
20   might be able -- right now I think we have three days set,
21   I think we're going to set another day for two or three
22   motions that were just filed, I apologize, I'm not sure
23   who filed them or what the nature of the motions were, but
24   I did see them come in, and I think we're looking at
25   setting April 9th as the next hearing date.  It may be
```

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

Exhibit 17
Page 17