PATRICIA L. GLASER (Bar No. 055668)
pglaser@glaserweil.com
GLASER WEIL FINK JACOBS & SHAPIRO
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

RUSSELL J. FRACKMAN (Bar No. 49087)
rjf@msk.com
PATRICIA H. BENSON (Bar No. 60565)
phb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment HK, Ltd.,
MGAE De Mexico, S.R.L. De C.V., and Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br>**[TO BE HEARD BY DISCOVERY MASTER ROBERT O'BRIEN PURSUANT TO ORDER OF JANUARY 6, 2009]**<br>**MGA ENTERTAINMENT, INC.'S OBJECTIONS TO DECLARATION OF SCOTT L. WATSON RE MGA'S MOTION FOR PROTECTIVE ORDER [REPLY MEMORANDUM, NOGUES DECLARATION AND TONNU DECLARATION FILED CONCURRENTLY]**<br><br>Date:  April 14, 2009<br>Time:  10:00 a.m.<br>Place:  Arent Fox LLP<br>**Phase 2**<br>Discovery:  Dec. 11, 2009<br>Pre-Trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

Mitchell
Silberberg &
Knupp LLP

2158011.1

1

EVIDENTIARY OBJECTIONS TO DECLARATION OF SCOTT WATSON

Defendant MGA Entertainment, Inc. ("MGA") submits the following evidentiary objections to the Declaration of Scott L. Watson in support of Mattel, Inc.'s Opposition to the MGA Parties' Motion for A Protective Order Staying Discovery on Trade Dress Claims.

## EVIDENTIARY OBJECTIONS

| MATTEL'S PURPORTED EVIDENCE | MGA'S OBJECTIONS | RULING |
|---|---|---|
| 1. MGA objects to the Watson Declaration in its entirety, and to each of the Exhibits attached thereto. | The Watson Declaration is irrelevant in its entirety because it relates to Mattel's Special Interrogatory No. 45 and the purported meet and confer efforts relating to such interrogatory. But Mattel's Special Interrogatory No. 45 is not one of the interrogatories at issue in MGA's motion for a protective order. As such, the entire declaration, and the Exhibits attached thereto, are irrelevant (FRE 401 and 402). | Sustained _____ Overruled _____ |
| 2. ¶2, page 2, lines 8-12: "Attached hereto as | The exhibit is irrelevant (FRE 401 and 402). | Sustained _____ Overruled _____ |

2

| | MATTEL'S PURPORTED EVIDENCE | MGA'S OBJECTIONS | RULING |
|---|---|---|---|
| | Exhibit 1 is a true and correct copy of my letter to Thomas Nolan and Jason Russell, counsel for the MGA Parties, dated January 28, 2009, requesting that the parties meet and confer regarding MGA's response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories and MGA's and Larian's responses to Mattel's Supplemental Interrogatories," and Exhibit 1. | Hearsay (FRE 801 and 802). | |
| 3. | ¶3, page 2, lines 13-26: "The parties met and conferred on February 6, 2009 regarding Mattel's discovery requests. During the conference, the MGA Parties conceded that their objections to Mattel's interrogatories based on the Phase Two discovery | Both the purported testimony and Exhibit 2 are irrelevant (FRE 401 and 402).<br><br>Lacks foundation and is not based on personal knowledge (FRE 602). Mr. Watson never states that he participated in the | Sustained \_\_\_\_\_<br>Overruled \_\_\_\_\_ |

| MATTEL'S PURPORTED EVIDENCE | MGA'S OBJECTIONS | RULING |
|---|---|---|
| stay were no longer viable. However, the MGA Parties were not prepared to discuss which of the Supplemental Interrogatories identified in Mattel's January 28, 2009 meet and confer letter they would provide substantive responses to or whether they would stand on their remaining objections. The MGA Parties were also not prepared to discuss whether they would supplement their responses to Mattel's requests for financial documents or whether MGA would supplement its response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories. The parties agreed to reconvene on February 9, 2009 to | referenced meet and confer. Also, Mr. Watson does not identify any human being who purportedly acted on behalf of MGA, nor does he set forth any facts to establish that such unidentified person had authority to act for MGA.<br><br>Vague, ambiguous and unintelligible as to "MGA Parties" and "MGA". Mr. Watson never identifies who on behalf of MGA participated in the meet and confer.<br><br>Hearsay (FRE 801 and 802).<br><br>Argumentative. | |

Mitchell Silberberg & Knupp LLP
2158011.1

| | MATTEL'S PURPORTED EVIDENCE | MGA'S OBJECTIONS | RULING |
|---|---|---|---|
| | discuss whether the MGA Parties would respond to Mattel's discovery requests and whether they would stand on their remaining objections. Attached hereto as Exhibit 2 is a true and correct copy of my confirming letter to Amman Khan, counsel for MGA, dated February 6, 2009", and Exhibit 2. | | |
| 4. | ¶4, page 2, lines 27-28: "Attached hereto as Exhibit 3 is a true and correct copy of an email I sent to Mr. Khan, dated February 9, 2009," and Exhibit 3. | The exhibit is irrelevant (FRE 401 and 402). Hearsay (FRE 801 and 802). | Sustained _____ Overruled _____ |
| 5. | ¶5, page 3, lines 1-11: "The parties continued their conference regarding Mattel's discovery requests on February 9. The MGA Parties, however, were unwilling to withdraw | Irrelevant (FRE 401 and 402). Lacks foundation and is not based on personal knowledge (FRE 602). Mr. Watson never states | Sustained _____ Overruled _____ |

| MATTEL'S PURPORTED EVIDENCE | MGA'S OBJECTIONS | RULING |
|---|---|---|
| their objections to Mattel's Supplemental Interrogatories or to answer any of the interrogatories as written. The MGA Parties also stated that they could not identify any potential definition of 'Mattel Documents' that would be acceptable to them and warrant a response. MGA also would not commit to supplement its response to Interrogatory No. 45 of Mattel's Sixth Set of Interrogatories based on its position that Interrogatory No. 45 is only relevant to Mattel's trade dress claims, and MGA has indicated that it will file a motion for protective order to defer its obligation to respond to certain Mattel trade dress interrogatories until after | that he participated in the referenced meet and confer. Also, Mr. Watson does not identify any human being who purportedly acted on behalf of MGA, nor does he set forth any facts to establish that such unidentified person had authority to act for MGA.<br><br>Vague, ambiguous and unintelligible as to "MGA Parties" and "MGA". Mr. Watson never identifies who on behalf of MGA participated in the meet and confer.<br><br>Hearsay (FRE 801 and 802).<br><br>Argumentative. | |

| | MATTEL'S PURPORTED EVIDENCE | MGA'S OBJECTIONS | RULING |
|---|---|---|---|
| | the Court decides Mattel's trade dress summary judgment motion." | | |
| 6. | ¶6, page 3, lines 12-13: "Attached hereto as Exhibit 4 is a true and correct copy of the Court's Order, dated January 25, 2007," and Exhibit 4. | The exhibit is irrelevant (FRE 401 and 402). | Sustained _____ Overruled _____ |

DATED: March 11, 2009

RUSSELL J. FRACKMAN
PATRICIA H. BENSON
MITCHELL SILBERBERG & KNUPP LLP

By: _____
JEAN PIERRE NOGUES
Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment HK, Ltd., and Isaac Larian