Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@ glaserweil.com
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  310-553-3000
Facsimile:   310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:  310-312-2000
Facsimile:   310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. 04-09059<br>Case No. 05-02727<br><br>**DISCOVERY MATTER**<br><br>**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 3/4/09 RENEWED MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER**<br><br>**[Declaration of Amman Khan filed concurrently herewith]**<br><br>**Date:** **April 21, 2009**<br>**Time:** **10:00 a.m.**<br>**Place:** **555 West 5th St., Suite 4800**<br>**Los Angeles, CA 90013** |

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

## OPPOSITION TO MATTEL, INC.'S RENEWED MOTION FOR RECONSIDERATION

Mattel's 3/4/09 Renewed Motion for Reconsideration of Portions of Discovery Master's December 31, 2007 Order is moot and is indicative of the hyper-aggressive and unreasonable positions taken by Mattel in this litigation. Mattel's Renewed Motion is unnecessary because, more than a month, ago Isaac Larian agreed to produce responsive documents, if any (*i.e.*, post-2005 communications between Larian and Mattel employees) in order to <u>avoid</u> a needless motion. Further, Mattel's Renewed Motion is now, ***indisputably***, mooted by the fact that Larian has provided Mattel with a supplemental response to Request for Production No. 198 stating that ***no responsive post-2005 documents exist***. (Declaration of Amman Khan ("Khan Decl."), Ex. A [Letter dated March 11, 2009 from Amman Khan to Jon Corey, enclosing Larian's Supplemental Response to Request for Production No. 198].) Yet, Mattel insists on taking up everyone's time and money with its Renewed Motion, despite the fact there are no issues left to resolve.

Specifically, former Discovery Master Infante's December 31, 2007 Order, directed Isaac Larian to produce communications between himself and former Mattel employees, while they were employed at Mattel, from 1999 through 2005 (Request for Production No. 198 – Set One to Larian). After the Phase 2 discovery stay was lifted on January 6, 2009, Mattel threatened to bring a motion for reconsideration of Judge Infante's Order if Larian did not agree to produce responsive documents reflecting ***post-2005*** communications. (<u>See</u> Exhibit 1 to Corey Declaration attached to Renewed Motion.) Following the parties' February 6, 2009 and February 9, 2009 meet and confer conferences, Larian agreed that he would provide responsive, non-privileged documents that post-dated 2005, if any existed.

Subsequent to the agreement, Mattel then demanded that Larian stipulate to a Court Order amending Judge Infante's December 31, 2007 Order to include post-2005 communications. (<u>See</u> Exhibits 2-4 to Corey Declaration attached to Renewed

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

2

Motion.)  On February 27, 2009, Larian's counsel informed Mattel that there was no need to enter into a stipulation in light of the fact that Larian had already agreed to produce any responsive documents and urged Mattel not to file its Renewed Motion because the issue would be moot when Larian made his production (or as the case turned out, provided a supplemental response to Request No. 198 stating that no responsive documents exist).  (See Exhibit 5 to Corey Declaration attached to Renewed Motion [Email dated February 27, 2009 (10:17 a.m.) from Amman Khan to Jon Corey].)  Apparently not satisfied with Larian's response, Mattel filed this instant Renewed Motion.

Larian's agreement to produce post-2005 communications with Mattel employees, if any, was done solely to avoid another pointless Mattel motion and not because Mattel is correct in its most recent contention that its Counter-Claim alleges post-2005 trade secret theft.  In fact, Mattel's July 12, 2007 Second Amended Answer and Counterclaim ("SAAC") does not allege any trade secret misappropriation "up to the present."  Mattel alleges that former Mattel employees Machado, Trueba and Vargas misappropriated trade secrets in 2004 (SAAC ¶¶ 39-54), that former Mattel employee Brawer misappropriated information in 2004 (SAAC ¶¶ 63-66), and that former Mattel employee Brisbois misappropriated information in 2005 (SAAC ¶ 74) and that other unidentified past employees misappropriated trade secrets in the past (SAAC ¶ 77).  This is the reason that former Discovery Master Infante limited Larian's production of responsive documents to pre-2006 communications.

Further, Mattel  falsely represents that its "allegations are not limited to [the pre-2006] time period" and that, "in connection with its RICO claims, Mattel alleged that the MGA Defendants, including Larian, are engaged in an ongoing, open-ended conspiracy that includes the theft of Mattel's trade secrets."  (Renewed Motion at 3:17-20.)  In stark contrast, Mattel's RICO allegations are based entirely on the purported trade secret misappropriations by former Mattel employees Machado, Trueba, Vargas, Brawer and Brisbois, allegations that are limited to pre-2006

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

conduct.  (SAAC ¶¶ 91-92.)  In addition, Mattel's SAAC does not allege that there have been any post-2006 instances of trade secret theft by former Mattel employees, only that there has been an alleged "continuing use" of the previously "stolen" trade secrets by MGA post-2006 which constitutes the purported "ongoing conspiracy." (SAAC ¶¶ 91-92).  This misrepresentation in Mattel's papers by itself warrants denial of its Renewed Motion.

In any event, not only did Larian agree on February 9, 2009 to produce the documents (which by itself obviated any need by Mattel to file a Renewed Motion), but Larian has now provided Mattel with a supplemental response to Request for Production No. 198, which states that, despite a diligent search and reasonable inquiry, no such responsive documents exist.  This moots Mattel's Renewed Motion, notwithstanding Mattel's false accusations and spin on the deposition testimony cited in the Renewed Motion.  Thus, Larian has done everything there is to do with respect to this Request, and there is nothing left for the Discovery Master to consider.

Accordingly, Mattel's Renewed Motion should be denied as moot.

Dated: March 11, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP


By: _Amman Khan_____
Amman Khan
Attorneys for the MGA Parties
for Phase Two

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

MGA'S OPPOSITION TO MATTEL, INC.'S 3/4/09 RENEWED MOTION FOR RECONSIDERATION

669786

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On March 11, 2009, I served the foregoing document described as:

**MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 3/4/09 RENEWED MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐   (BY MAIL)  I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐   (BY OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒   (BY EMAIL)  I caused such documents to be delivered via email to the addressee(s).

☐   (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 11th day of March, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_Yumi Chung_

YUMI CHUNG

MGA'S OPPOSITION TO MATTEL, INC.'S 3/4/09 RENEWED MOTION FOR RECONSIDERATION

669786

GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
LAW OFFICES
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**SERVICE LIST**

1

2   Robert C. O'Brien
    Discovery Master
3   Arent Fox LLP
    555 West 5th St., Suite 4800
4   Los Angeles, CA 90013
    **[By Personal Service]**

5

    John Quinn, Esq.
6   (johnquinn@quinnemanuel.com)
    Jon D. Corey, Esq.
7   (joncorey@quinnemanuel.com)
    Michael T. Zeller, Esq.
8   (michaelzeller@quinnemanuel.com)
    Quinn Emanuel Urquhart Oliver & Hedges, LLP
9   865 South Figueroa Street, 10th Floor
    Los Angeles, CA 90017-2543
10  **[By Email Service]**

11  Russell J. Frackman, Esq.
    (rjf@msk.com)
12  Patricia H. Benson, Esq.
    (phb@msk.com)
13  Mitchell, Silberberg & Knupp, LLP
    11377 W. Olympic Blvd.
14  Los Angeles, CA 90067
    (310) 312-2000
15  **[By Email Service]**

16  Thomas J. Nolan, Esq.
    (tnolan@skadden.com)
17  Raoul D. Kennedy, Esq.
    (rkennedy@skadden.com)
18  Jason D. Russell, Esq.
    (Jason.russell@skadden.com)
19  Skadden, Arps, Slate, Meagher & Flom LLP
    300 South Grand Avenue, Suite 3400
20  Los Angeles, CA 90071-3144
    (213) 687-5000
21  **[By Email Service]**

22  Mark E. Overland, Esq.
    moverland@obsklaw.com
23  Alexander H. Cote, Esq.
    acote@obsklaw.com
24  Overland Borenstein Scheper & Kim LLP
    601 W. 5th Street, 12th Floor
25  Los Angeles, CA 90017
    **[By Email Service]**

26

27

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**MGA'S OPPOSITION TO MATTEL, INC.'S 3/4/09 RENEWED MOTION FOR RECONSIDERATION**

669786

1

## SERVICE LIST (continued)

2  Todd E. Gordinier, Esq.
   todd.gordinier@bingham.com
3  Bingham McCutchen LLP
   600 Anton Blvd., 18th Floor
4  Costa Mesa, CA 92626
   **[By Email Service]**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

**MGA'S OPPOSITION TO MATTEL, INC.'S 3/4/09 RENEWED MOTION FOR RECONSIDERATION**

669786