Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone:  310-553-3000
Facsimile:  310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone:  310-312-2000
Facsimile:  310-312-3100

Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. 04-09059<br>Case No. 05-02727<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF AMMAN KHAN IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 3/4/09 RENEWED MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER**<br><br>**[Opposition to Mattel's 3/4/09 Motion for Reconsideration filed concurrently herewith]** |

669853

**DECLARATION OF AMMAN KHAN IN SUPPORT OF LARIAN'S OPPOSITION TO MATTEL'S 3/4/09 MOTION FOR RECONSIDERATION**

# DECLARATION OF AMMAN KHAN

I, Amman Khan, hereby declare as follows:

1. I am an attorney at law, duly licensed to practice before all Courts of the State of California, and am a partner of the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP, attorneys of record herein for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties"). I have personal knowledge of all facts set forth in this Declaration and, if called as a witness, I could and would competently testify as follows:

2. Attached hereto as Exhibit "A" is a true and correct copy of the letter dated March 11, 2009 that I sent to Mattel's counsel, Jon Corey, enclosing Isaac Larian's Supplemental Response to Request for Production No. 198 (First Set).

I declare under penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct.

Executed this 11th day of March, 2009, at Los Angeles, California.

_Amman Khan_
Amman Khan

# **EXHIBIT A**

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
(310) 553-3000
FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

March 11, 2009

⛤ MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND FACSIMILE**

Jon D. Corey, Esq.
QUINN, EMANUEL, URQUHART,
  OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:   *Bryant v. Mattel, Inc. and Consolidated Actions*
      U.S.D.C. Eastern Division, Case No. CV04-09049 SJL(RNBx)

Dear Jon:

Please find attached Isaac Larian's supplemental response to Request for Production No. 198 (First Set). As we agreed on February 9, 2009 during our meet and confer session, we would produce any responsive, non-privileged post-2005 communications between Larian and Mattel employees, while they were employed by Mattel. After conducting a diligent search and reasonable inquiry, no such responsive documents exist.

Very truly yours,

*Amman Khan*

Amman Khan
of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

AMM/rs

cc:   Joel N. Klevens, Esq.
      Jason Russell, Esq.
      Patricia Benson, Esq.

669813

Patricia L. Glaser, State Bar No. 055668
Pglaser@glaserweil.com
Joel N. Klevens, State Bar No. 045446
Jklevens@glaserweil.com
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: 310-553-3000
Facsimile: 310-556-2920

Russell J. Frackman, State Bar No. 049087
rjf@msk.com
MITCHELL, SILBERBERG & KNUPP, LLP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: 310-312-2000
Facsimile: 310-312-3100

Attorneys for the MGA Parties For Phase Two

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>**ISAAC LARIAN'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 198 OF MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**<br><br>Phase 1:<br>Discovery Cut-Off: December 11, 2009<br>Pre-Trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

669718    ISAAC LARIAN'S SUPP. RESPONSE TO MATTEL'S FIRST SET OF REQUESTS FOR PRODUCTION

| | |
|---|---|
| PROPOUNDING PARTY: | MATTEL, INC. ("MATTEL") |
| RESPONDING PARTY: | ISAAC LARIAN ("LARIAN") |
| SET NUMBER: | FIRST |

## PRELIMINARY STATEMENT

Defendant Isaac Larian ("Larian") has not yet completed his investigation relating to the facts of this action and has not completed preparation for trial. Larian makes his response to this document request ("request") based upon the information presently available to him and without prejudice to his right to amend or supplement his response and to present evidence which may hereafter be discovered or become available.

Larian will respond to the request as he understands and interprets the request. If Mattel, Inc. ("Mattel") subsequently asserts any interpretation of any request that differs from that of Larian, Larian reserves the right to supplement his objections and responses.

By making these responses, Larian does not concede that any of the information sought by this request is relevant or discoverable. Larian makes these responses and objections without waiving or intending to waive but rather, on the contrary, preserving and intending to preserve: (a) the right to object on any grounds to the use or introduction into evidence of the documents or information provided in response to this request; (b) the right to object to the use of the documents or information provided in response to the request in any subsequent proceeding in, or the arbitration of this or any other action; and (c) the right to object on any ground at any time to other requests or further discovery into any of the subject matters addressed in this request or the responses thereto.

Larian shall not provide any privileged or protected information, including without limitation, information protected by the attorney-client privilege or the attorney work product doctrine, and nothing herein may be construed as a waiver of any applicable privilege or protection. Any inadvertent production of privileged or

1

1 protected documents or information shall not be construed as a waiver of any
2 privilege or protection attaching thereto and Larian reserves the right to correct the
3 record with regard to any such information and to supplement or amend these
4 responses, which supplemental or amended response shall become the operative
5 response.

**GENERAL OBJECTIONS**

6
7     1.    Larian objects to this request on the ground that production at the date
8 and time demanded will subject Larian to unwarranted oppression and undue burden
9 and expenses. The time set for compliance is unduly burdensome, especially in light
10 of the number of document requests, and the scope and volume of the material being
11 sought. Larian intends to proceed expeditiously to collect the documents for
12 production, if any, and will produce them at a date and time, and in such a manner,
13 as may be mutually agreed by counsel for the parties.
14     2.    Larian objects to this request to the extent that it seeks information
15 protected from discovery by the attorney-client privilege, work-product doctrine,
16 right to privacy, or any other applicable privilege.
17     3.    Larian objects to this request to the extent that it seeks the disclosure of
18 confidential, proprietary or trade-secret information. Should such documents be
19 otherwise responsive, Larian will produce such documents subject to the terms and
20 conditions of the protective order governing this case.
21     4.    Larian objects to this request to the extent that it seeks documents in
22 Mattel's own possession, custody or control or that are accessible to Mattel from
23 public sources or from third parties.
24     5.    Larian objects to this request to the extent that it asks for documents that
25 are not relevant to claims or defenses in this case.
26     6.    Larian objects to this request to the extent it purports to require Larian to
27 search all documents and things within his possession, custody or control or within
28 the possession, custody, or control of any of Larian's or MGA's current or former

2

employees, officers, directors, agents, representatives, attorneys, parents, subsidiaries, divisions, affiliates, predecessors-in-interest and successors-in-interest, and any other person acting on his behalf, pursuant to his authority or subject to his control, on the grounds that such request is unreasonable, overbroad, unduly burdensome and oppressive, violates the right of privacy, and purports to require Larian to search for documents not within his possession, custody, or control. Larian will make a reasonably diligent search for responsive documents within his possession, custody, or control.

7. Larian objects to this request to the extent it seeks "all documents" responsive to a certain category on the grounds that such request is overbroad and unduly burdensome and oppressive. On grounds of oppression and undue burden, Larian will not respond to duplicative or cumulative requests and will not re-produce documents it has already produced or produce documents that it has received from Mattel or others in the course of discovery in this matter.

8. Larian objects to this request to the extent it seeks documents not within Larian's possession, custody, or control.

9. Larian objects to the defined terms "You," "Your," and "Larian" on the grounds that these terms, as defined, are overbroad, are vague and ambiguous, and call for legal conclusions.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 198

All COMMUNICATIONS between YOU and any individual while the individual was employed by MATTEL.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 198

Larian incorporates by reference the above-stated general objections as if fully set forth herein. Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is, thus,

3

1  overbroad, unduly burdensome and oppressive, including, without limitation, in that
2  it is not limited as to the individuals who participated in the communications or as to
3  time. Larian also objects to this request on the grounds that it seeks information in
4  violation of the right of privacy. Larian also objects to this request on the grounds
5  that it seeks confidential, proprietary or commercially sensitive information, the
6  disclosure of which would be inimical to the business interests of Larian and one or
7  more third parties. Larian further objects to this request to the extent it seeks
8  information the disclosure of which would implicate the rights of third parties to
9  protect private, confidential, proprietary or trade secret information. Larian also
10 objects to this request to the extent it calls for the disclosure of attorney-client
11 privileged information or information protected from disclosure by the work-product
12 doctrine, joint defense or common interest privilege, or other privilege.

13 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 198**

14      Larian incorporates by reference the above-stated general objections as if fully
15 set forth herein. Larian also specifically objects to this request on the grounds that it
16 is overbroad and seeks information not relevant to the subject matter of this lawsuit
17 or reasonably calculated to lead to the discovery of admissible evidence and is, thus,
18 overbroad, unduly burdensome and oppressive, including, without limitation, in that
19 it is not limited as to the individuals who participated in the communications or as to
20 time. Larian also objects to this request on the grounds that it seeks information in
21 violation of the right of privacy. Larian also objects to this request on the grounds
22 that it seeks confidential, proprietary or commercially sensitive information, the
23 disclosure of which would be inimical to the business interests of Larian and one or
24 more third parties. Larian further objects to this request to the extent it seeks
25 information the disclosure of which would implicate the rights of third parties to
26 protect private, confidential, proprietary or trade secret information. Larian also
27 objects to this request to the extent it calls for the disclosure of attorney-client
28 privileged information or information protected from disclosure by the work-product

4

1 doctrine, joint defense or common interest privilege, or other privilege.

2  Subject to the foregoing objections, on February 9, 2009, during the parties'
3 meet and confer session, Larian agreed to produce any responsive, non-privileged
4 documents that post-dated 2005. After conducting a diligent search and reasonable
5 inquiry, no such documents exist.

Dated: March 11, 2009

Patricia L. Glaser
Joel N. Klevens
GLASER, WEIL, FINK, JACOBS
 & SHAPIRO, LLP

Russell J. Frackman
MITCHELL, SILBERBERG & KNUPP, LLP

By: /s/ Amman Khan
Amman Khan
Attorneys for the MGA Parties
for Phase Two

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On March 11, 2009, I served the foregoing document described as:

**ISAAC LARIAN'S SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 198 OF MATTEL, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☒ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 11th day of March, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Yumi Chung*
YUMI CHUNG

6

669718    ISAAC LARIAN'S SUPP. RESPONSE TO MATTEL'S FIRST SET OF REQUESTS FOR PRODUCTION

## SERVICE LIST

John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Facsimile and Email]**

Russell J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email Service]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email Service]**

Mark E. Overland, Esq.
moverland@obsklaw.com
Alexander H. Cote, Esq.
acote@obsklaw.com
Overland Borenstein Scheper & Kim LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
**[By Email Service]**

Todd E. Gordinier, Esq.
todd.gordinier@bingham.com
Bingham McCutchen LLP
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626
**[By Email Service]**

7

669718 | ISAAC LARIAN'S SUPP. RESPONSE TO MATTEL'S FIRST SET OF REQUESTS FOR PRODUCTION

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

On March 11, 2009, I served the foregoing document described as:

**DECLARATION OF AMMAN KHAN IN SUPPORT OF MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 3/4/09 RENEWED MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ (BY EMAIL) I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 11th day of March, 2009, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ Yumi Chung*
YUMI CHUNG

669853

## SERVICE LIST

Robert C. O'Brien
Discovery Master
Arent Fox LLP
555 West 5th St., Suite 4800
Los Angeles, CA 90013
**[By Personal Service]**

John Quinn, Esq.
(johnquinn@quinnemanuel.com)
Jon D. Corey, Esq.
(joncorey@quinnemanuel.com)
Michael T. Zeller, Esq.
(michaelzeller@quinnemanuel.com)
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
**[By Email Service]**

Russell J. Frackman, Esq.
(rjf@msk.com)
Patricia H. Benson, Esq.
(phb@msk.com)
Mitchell, Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90067
(310) 312-2000
**[By Email Service]**

Thomas J. Nolan, Esq.
(tnolan@skadden.com)
Raoul D. Kennedy, Esq.
(rkennedy@skadden.com)
Jason D. Russell, Esq.
(Jason.russell@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071-3144
(213) 687-5000
**[By Email Service]**

Mark E. Overland, Esq.
moverland@obsklaw.com
Alexander H. Cote, Esq.
acote@obsklaw.com
Overland Borenstein Scheper & Kim LLP
601 W. 5th Street, 12th Floor
Los Angeles, CA 90017
**[By Email Service]**

**SERVICE LIST (continued)**

Todd E. Gordinier, Esq.
todd.gordinier@bingham.com
Bingham McCutchen LLP
600 Anton Blvd., 18th Floor
Costa Mesa, CA 92626
**[By Email Service]**