1  Bingham McCutchen LLP
   TODD E. GORDINIER (SBN 82200)
2  todd.gordinier@bingham.com
   PETER N. VILLAR (SBN 204038)
3  peter.villar@bingham.com
   CRAIG A. TAGGART (SBN 239168)
4  craig.taggart@bingham.com
   600 Anton Boulevard, 18th Floor
5  Costa Mesa, CA  92626-1924
   Telephone:  714.830.0600
6  Facsimile:  714.830.0700

7  Attorneys for Non-Parties
   LEON NEMAN, FRED MASHIAN
8  and NEIL KADISHA

9                 UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                       EASTERN DIVISION

12

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master Robert C. O'Brien**<br><br>**NOTICE OF MOTION AND MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER RE SUBPOENAS ISSUED BY MATTEL, INC. TO NON-PARTIES LEON NEMAN, FRED MASHIAN AND NEIL KADISHA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[DECLARATION OF PETER N. VILLAR FILED CONCURRENTLY]**<br><br>Date:      TBD<br>Time:     TBD<br>Place:    Arent Fox LLP<br>         555 West Fifth Street<br>         48th Floor<br>         Los Angeles, CA  90013 |
| AND CONSOLIDATED ACTIONS. | |

A/72865234.2/3009108-0000337036                    -1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Non-parties Leon Neman, Fred Mashian and Neil Kadisha (collectively, "Non-party Deponents") will and hereby do move pursuant to Federal Rules of Civil Procedure 26(c) and 45 for a protective order and/or to quash the deposition subpoenas issued by Mattel, Inc. The motion will be heard at a date and time to be determined before the Discovery Master, Robert C. O'Brien.

The motion is made on the grounds that the deposition subpoenas are objectionable on many grounds and that this Court should quash them and/or issue a protective order under Rules 26(c) and 45 of the Federal Rules of Civil Procedure because, among other things: (1) the subpoenas seek information that is not relevant and beyond the scope of the Discovery Master's Order No. 3 issued on March 10, 2009; (2) the subpoenas are duplicative of discovery already sought by Mattel and abusively drawn for the purpose of annoying, harassing and exerting pressure on the Non-party Deponents; (3) any information purportedly relevant to Phase 2 should be first sought from the parties before burdening non-parties; and (4) Mattel unilaterally set the deposition dates and times without consulting with the Non-party Deponents or their counsel.

This motion is based on the Notice of Motion and Motion to Quash and/or for Protective Order, the attached Memorandum of Points and Authorities in support thereof, the supporting Declaration of Peter N. Villar filed herewith, the pleadings and records on file in this action, any matters to which this Court may take judicial notice, and any further evidence and argument as may be presented on this motion.

1    DATED:  March 12, 2009          Bingham McCutchen LLP

2

3                                    By:_____

4                                         Peter N. Villar
                                          Attorneys for Non-Parties
5                                         LEON NEMAN, FRED MASHIAN
                                          and NEIL KADISHA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .......................................................................................... 1

II.   STATEMENT OF FACTS............................................................................ 4

III.  LEGAL ARGUMENT .................................................................................. 6

      A.    The Court Has The Discretion To Quash The Subpoenas
            And/Or Issue A Protective Order.......................................................... 6

      B.    The Court's March 10, 2009 Order Affirms That Mattel's
            Subpoenas To The Non-party Deponents Should Be Quashed........... 8

            1.    Mattel's Deposition Subpoenas Are Improper And Seek
                  Irrelevant Information................................................................ 8

            2.    Mattel's Document Requests To Mr. Kadisha Should Be
                  Quashed Because It Is Overbroad And Seeks Documents
                  Irrelevant To Phase 2 .............................................................. 10

      C.    Mattel's Subpoenas Should Be Quashed Because They Are
            Duplicative, Overbroad And Abusively Drawn.................................. 12

      D.    Mattel's Subpoenas Should Be Quashed Because Mattel Has
            Made No Effort To Obtain The Information From The Parties
            Before Burdening Non-Parties............................................................ 14

      E.    The Court Should Quash The Subpoenas Because Mattel Failed
            To Meet And Confer Before Scheduling The Depositions ............... 15

IV.   CONCLUSION ........................................................................................... 16

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*Anderson v. Abercrombie & Fitch Stores, Inc.,*
   No. 06cv991-WQH (BLM), 2007 WL 1994059 (S.D. Cal. Jul. 2, 2007).......... 14

*Beinin v. Center for Study of Popular Culture,*
   No. C 06-02298 JW, 2007 WL 1795693 (N.D. Cal. June 20, 2007).................... 7

*Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.,*
   649 F.2d 646 (9th Cir. 1980)........................................................................ 7

*Exxon Shipping Co. v. U.S. Dept. of Interior, et al.,*
   34 F.3d 774 (9th Cir.1994) .......................................................................... 6

*Fairview Development Corp. v. Aztex Custom Homebuilders, LLC,*
   No. CV-07-0337-PHX-SMM, 2008 WL 2113492 (D. Ariz. May 16,
   2008)............................................................................................................ 6

*Hackmann v. Auto Owners Ins. Co.,*
   No. 2:05-cv-876, 2009 WL 330314 (S.D. Ohio Feb. 6, 2009) ....................... 6

*Jadwin v. County of Kern,*
   No. CV-F-07-026 OWW/TAG, 2008 WL 2916386 (E.D. Cal. Jul. 28,
   2008)............................................................................................................ 7

*Koninklike Philips Electronics N.V. v. KXD Technology, Inc.,*
   No. 2:05-cv-1532-RLH-GWF, 2007 WL 3101248 (D. Nev. Oct. 16,
   2007).......................................................................................................... 15

*Laxalt v. McClatchy,*
   116 F.R.D. 455 (D. Nev. 1986) ................................................................... 7

*Lizotte v. Praxair, Inc.,*
   No. C07-1868RSL, 2009 WL 159249 (W.D. Wash. Jan. 22, 2009).................... 7

*Mattel, Inc. v. Walking Mountain Productions,*
   353 F.3d 792 (9th Cir. 2003)............................................................. 3, 12, 13

*Moon v. SCP Pool Corp.,*
   232 F.R.D. 633 (C.D. Cal. 2005)................................................................ 14

*Ray v. BlueHippo Funding, LLC,*
    No. C-06-1807 JSW (EMC), 2008 WL 3399392 (N.D. Cal. Aug. 11,
    2008) .................................................................................................... 15

*Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.,*
    164 F.R.D. 232 (S.D. Ohio 1995) ......................................................... 15

*Theofel v. Farey-Jones,*
    341 F.3d 978 (9th Cir. 2003) .................................................................. 6

*Valvida v. Kmart Corp.,*
    2000 WL 1739215 (D. Virgin Islands 2000) ....................................... 15

**RULES**

Fed. R. Civ. P. 10 ........................................................................................ 11

Fed. R. Civ. P. 26 .......................................................................................... 7

Fed. R. Civ. P. 26(c)(1) ................................................................................. 7

Fed. R. Civ. P. 26(c) ...................................................................................... 7

Fed. R. Civ. P. 26(c)(1)(A), (B) & (D) ......................................................... 7

Fed. R. Civ. P. 30(b)(6) ............................................................................... 13

Fed. R. Civ. P. 45 .......................................................................................... 7

Fed. R. Civ. P. 45(c)(3) .................................................................................. 6

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In its latest effort to intimidate and harass non-parties in connection with this litigation, Mattel, Inc. ("Mattel") has issued three more deposition subpoenas to non-parties Leon Neman (principal of Vision Capital, LLC), Fred Mashian (outside attorney for Vision Capital, LLC) and Neil Kadisha (principal of Omninet Capital, LLC and Omni 808 Investors, LLC) (collectively, "Non-party Deponents"). The Discover Master already issued an Order dated March 10, 2009 finding that information relating to Vision Capital, LLC and Omninet Capital, LLC is not relevant to the issues in this case, and that only a limited category of documents relating to Omni 808 Investors, LLC is discoverable. Despite the Court's Order, however, Mattel issued these subpoenas to obtain the very information and documents from the Non-party Deponents that the Discovery Master determined could not be obtained from the non-party Finance Entities and is not relevant to the Phase 2 proceedings between Mattel and MGA Entertainment, Inc. ("MGA"). The time has come for this Court to put an end to Mattel's relentless assault on innocent non-parties.

The Court should quash theses subpoenas and/or issue a protective order prohibiting Mattel from taking the depositions of the Non-party Deponents or from obtaining the 44 categories of documents requested from Mr. Kadisha for the following reasons. First, this Court's March 10, 2009 Order relating to Mattel's document subpoenas directed to Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC (collectively, "Financing Entities") affirmed that the information Mattel is seeking from the Financing Entities, and the individuals related thereto, is irrelevant to the Phase 2 proceedings between Mattel and MGA. The Discovery Master held that "it does not appear that either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have an

1   ownership interest in the Financing Entities." (March 10, 2009 Discovery Master

2   Order at 4.)   Furthermore, after rejecting each of Mattel's relevance arguments,

3   the Discovery Master held that "Mattel's Motion to Compel the Financing Entities

4   to produce documents responsive to the Subpoenas is **DENIED** with respect to

5   OmniNet Capital, LLC and Vision Capital, LLC." (March 10, 2009 Discovery

6   Master Order at 28.) The Court specifically noted that "neither entity is alleged by

7   Mattel to be a creditor of MGA Entertainment, Inc." (March 10, 2009 Discovery

8   Master Order at 19 n. 17.) The Court also denied Mattel's motion to compel all

9   but a narrow subset of the documents sought from Omni 808.  The only documents

10   that the Court ordered to be disclosed are "documents relating to (1) the existence

11   of any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC,

12   including any debt purchased from Wachovia Bank, and (2) any communications

13   between Omni 808 Investors, LLC and the MGA parties regarding any such

14   indebtedness." (March 10, 2009 Discovery Master Order at 29.)

15        In light of the Court's March 10, 2009 Order, the deposition subpoenas are

16   improper and should be quashed. Mr. Neman is a principal of Vision Capital.

17   Thus, because this Court determined that the subpoena to Vision Capital is

18   improper, there is no reason to depose Mr. Neman.  Further, Mr. Mashian is a

19   business attorney that has provided legal services on occasion for Vision Capital,

20   LLC. Thus, there are no grounds to depose Mr. Mashian.

21        There is also no basis on which to depose or obtain documents from Mr.

22   Kadisha, a principal of Omninet Capital and Omni 808.  The Discovery Master

23   already found that information relating to Omninet Capital is not relevant to this

24   action, and found that information relating to Omni 808 is not relevant except for a

25   narrow subset of documents relating to "MGA's net worth."  Because all

26   potentially relevant information will be produced by Omni 808 pursuant to the

27   Discovery Master's March 10 Order, there is no basis or need to depose Mr.

28   Kadisha.  Moreover, each of the 44 broad categories of documents requested by

A/72865234.2/3009108-0000337036        -2-

1    Mattel from Mr. Kadisha is either irrelevant or duplicative in light of the Court's

2    March 10 Order.

3          Second, Mattel's subpoenas are abusively drawn for the purpose of

4    annoying, harassing and exerting pressure on the Non-party Deponents. As this

5    Court is aware, these abusive litigation tactics are not new to either Mattel or its

6    counsel at Quinn Emanuel. Indeed, the leading Ninth Circuit Court of Appeals

7    opinion concerning abusive non-party discovery involves subpoenas served by

8    Mattel and Quinn Emanuel under similar (though less egregious) circumstances.

9    In that case, *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir.

10   2003), the Court found that Mattel served the subpoenas to "exert pressure" on

11   non-party witnesses and that "a pattern is clear in this case that [Mattel's counsel]

12   files these oppressive subpoena requests ... for the purpose of annoying and

13   harassment and not really for the purpose of getting information." *Id.* at 814. The

14   Court quashed the subpoenas and sanctioned Mattel for abuse of the discovery

15   process. *Id.* The Court should do the same here.

16         Third, although it is now clear that the deposition subpoenas are improper

17   given this Court's March 10, 2009 Order, even if this Court were to determine that

18   any of the Non-party Deponents potentially have relevant information, the Court

19   should forbid the depositions from going forward until Mattel has exhausted its

20   ability to obtain the information from actual parties to the litigation. There is

21   ample authority for the proposition that parties are required to seek information

22   from actual parties to a case before burdening non-parties.

23         Fourth, the Court should quash the subpoenas because Mattel unilaterally

24   noticed the depositions without extending the most basic professional courtesy of

25   contacting counsel for MGA or the Non-party Deponents before scheduling the

26   depositions and refused to even respond to MGA's and the Non-party Deponents'

27   written requests to withdraw or reschedule the depositions. Furthermore, some of

28   the depositions conflict with hearings that are scheduled before this Court.

1  Mattel's failure to extend this basic professional courtesy and respond to the Non-

2  party Deponents' written requests is an independent basis to quash the subpoenas.

3  Accordingly, the Non-party Deponents respectfully request that the Court

4  quash the subpoenas and/or issue a protective order forbidding the depositions

5  from going forward.

6

7  **II.   STATEMENT OF FACTS**

8  On February 25 and 26, 2009, Mattel issued three deposition subpoenas on

9  non-parties Leon Neman, Fred Mashian and Neil Kadisha ("Non-party

10  Deponents"). (Exs. A, B, C to Villar Decl.) The subpoena directed to Mr. Kadisha

11  also requests 44 broad categories of documents, which seek virtually the exact

12  same information and documents contained in the subpoenas to the non-party

13  Finance Entities that the Discovery Master found to be irrelevant pursuant to the

14  March 10, 2009 Order.

15  On March 4, 2009, the Court held a hearing on Mattel's Motion to Compel

16  the Production of Documents Responsive to Third-Party Subpoenas. The Court

17  informed the parties it would issue an order on the motions the following week.

18  The Court has also scheduled a hearing on Non-Party Bingham McCutchen LLP's

19  Motion to Quash Mattel's Subpoena to Bingham McCutchen LLP for April 14,

20  2009.

21  On or about March 6, 2009, following Mattel's notice of the depositions,

22  Amman A. Khan, attorney for MGA Entertainment, Inc., wrote a letter Jon Corey,

23  attorney for Mattel. (Ex. D to Villar Decl.) Mr. Khan informed Mr. Corey that

24  none of the dates were cleared by MGA before scheduling the depositions. (*Id.*)

25  Further, Mr. Khan also informed Mr. Corey that some of non-party witness

26  depositions conflict with hearings that are set before this Court. (*Id.*)

27  Shortly thereafter, on March 6, 2009, Peter Villar, attorney for the Non-party

28  Deponents, sent a letter to Mr. Corey. (Ex. E to Villar Decl.) Mr. Villar told Mr.

1   Corey that Mattel did not have the courtesy to clear any of the deposition dates

2   with Bingham or the Non-party Deponents either. (*Id.*) Mr. Villar also explained

3   that the deposition subpoenas are just as improper as the document subpoenas that

4   Mattel issued to other Non-party Finance Entities. (*Id.*) Mr. Villar requested that

5   the depositions be taken off-calendar because, at a minimum, they were premature

6   given the fact that the Court's rulings on the pending discovery motions would

7   necessarily impact the propriety, timing and scope of any third-party discovery.

8   (*Id.*) Mr. Villar also informed Mr. Corey that if Mattel does not take the

9   depositions off-calendar, the Non-party Deponents would have no choice but to

10  notify the Discovery Master so as to preserve their rights. (*Id.*) Mattel never

11  responded to either Mr. Khan's or Mr. Villar's letter. (Villar Decl., ¶ 7.)

12      On March 10, 2009, the Court issued its Order No. 3, Regarding: (1) Motion

13  of MGA Entertainment, Inc., Isaac Larian and MGA Entertainment (HK) Limited

14  to Quash Non-party Subpoenas; and (2) Motion of Mattel, Inc. to Compel

15  Production of Documents Responsive to the Same Non-party Subpoenas. Among

16  other things, the Court's Order specifically addressed Mattel's Motion to Compel

17  in relation to the subpoenas directed to Omni 808 Investors, LLC, Omninet

18  Capital, LLC and Vision Capital, LLC (collectively, "Financing Entities").

19      The Court held that "Mattel's Motion to Compel the Financing Entities to

20  produce documents responsive to the Subpoenas is **DENIED** with respect to

21  OmniNet Capital, LLC and Vision Capital, LLC." (March 10, 2009 Discovery

22  Master Order at 28.) The Court specifically noted that "neither entity is alleged by

23  Mattel to be a creditor of MGA Entertainment, Inc." (March 10, 2009 Discovery

24  Master Order at 19 n. 17.) Further, the Court also denied Mattel's Motion to

25  Compel for all but a narrow subset of the documents sought from Omni 808. The

26  Court held that a very limited number of documents are relevant to "MGA's Net

27  Worth." (March 10, 2009 Discovery Master Order at 19, 20.) Specifically, the

28  Court ordered only the production of "documents relating to (1) the existence of

A/72865234.2/3009108-0000337036                -5-

1  any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC,

2  including any debt purchased from Wachovia Bank, and (2) any communications

3  between Omni 808 Investors, LLC and the MGA parties regarding any such

4  indebtedness." (March 10, 2009 Discovery Master Order at 29.)  The Court

5  "denied" all other documents sought from Mattel's subpoenas to the Non-party

6  Finance Entities.  (*Id.*)

7      Despite the Court's March 10, 2009 Order, Mattel has not agreed to

8  withdraw its subpoenas to the Non-party Deponents.  Thus, the Non-party

9  Deponents had no alternative but to move to quash the subpoenas and for a

10  protective order.

11

12  **III.   LEGAL ARGUMENT**

13      **A.    The Court Has The Discretion To Quash The Subpoenas**

14           **And/Or Issue A Protective Order**

15      "The subpoena power is a substantial delegation of authority to private

16  parties, and those who invoke it have a grave responsibility to ensure it is not

17  abused." *Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003).  Rule 45(c),

18  which sets forth the procedures for quashing abusive subpoenas, "is intended to

19  protect nonparties to litigation from, in effect, suffering inconvenience or expense

20  from having to participate in someone else's quarrel." *Hackmann v. Auto Owners*

21  *Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009); *see*

22  *also Fairview Development Corp. v. Aztex Custom Homebuilders, LLC*, No. CV-

23  07-0337-PHX-SMM, 2008 WL 2113492, at *1 (D. Ariz. May 16, 2008) ("'A court

24  ***must*** quash or modify a subpoena that subjects a person to undue burden' . . . [and]

25  ***must*** quash a subpoena that 'requires disclosure of privileged or other protected

26  matter, if no exception or waiver applies.'") (emphasis added); *Exxon Shipping Co.*

27  *v. U.S. Dept. of Interior, et al.*, 34 F.3d 774, 779 (9th Cir.1994) ("Rule 26(c) and

28  Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas

1   causing 'undue burden.'").

2        Furthermore, under Federal Rule of Civil Procedure 26(c), "[t]he Court has

3   discretion to issue a protective order forbidding or limiting discovery." *Lizotte v.*

4   *Praxair, Inc.*, No. C07-1868RSL, 2009 WL 159249, at \*1 (W.D. Wash. Jan. 22,

5   2009) (citing Fed. R. Civ. P. 26(c)(1)). Rule 26(c) of the Federal Rules of Civil

6   Procedure provides, in pertinent part, that "[t]he court may, for good cause, issue

7   an order to protect a party or person from annoyance, embarrassment, oppression,

8   or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The Court's order may

9   include: (1) "forbidding the disclosure or discovery;" (2) "specifying terms,

10  including time and place, for the disclosure or discovery;" and (3) "forbidding

11  inquiry into certain matters, or limiting the scope of disclosure or discovery to

12  certain matters." Fed. R. Civ. P. 26(c)(1)(A), (B) & (D).

13       It is also well-recognized in the Ninth Circuit that the protections afforded

14  under the Federal Rules of Civil Procedure are heightened where a non-party is

15  moving to quash and/or for a protective order. *See, e.g., Dart Industries Co., Inc.*

16  *v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While

17  discovery is a valuable right and should not be unnecessarily restricted, the

18  'necessary' restriction may be broader when a nonparty is the target of discovery")

19  (citation omitted); *see also Laxalt v. McClatchy*, 116 F.R.D. 455, 457 (D. Nev.

20  1986) (it is "well established that nonparties to litigation enjoy greater protection

21  from discovery than normal parties"); *Jadwin v. County of Kern*, No. CV-F-07-026

22  OWW/TAG, 2008 WL 2916386, at \*2 (E.D. Cal. Jul. 28, 2008) ("Discovery

23  restrictions may be even broader where the target is a non-party."); *Beinin v.*

24  *Center for Study of Popular Culture*, No. C 06-02298 JW, 2007 WL 1795693, at

25  \*6 (N.D. Cal. June 20, 2007) ("necessary restrictions must be imposed on non-

26  party discovery to protect third parties from harassment, inconvenience, or

27  disclosure of confidential documents") (citation omitted). Indeed, this Court has

28  specifically noted "[c]ourts applying Rules 26 and 45 have interpreted these rules

1 | to afford non-parties special heightened protection against burdensome discovery."
2 | (March 10, 2009 Discovery Master Order at 14.)

3 | As set forth below the Court should quash the subpoenas and/or issue
4 | protective order because, among other things: (1) the subpoenas seek information
5 | that is not relevant and beyond the scope of the Discovery Master's Order No. 3
6 | issued on March 10, 2009; (2) the subpoenas are duplicative of discovery already
7 | sought by Mattel and abusively drawn for the purpose of annoying, harassing and
8 | exerting pressure on the Non-party Deponents; (3) any information purportedly
9 | relevant to Phase 2 should be first sought from the parties before burdening non-
10 | parties; and (4) Mattel unilaterally set the deposition dates and times without
11 | consulting with the Non-party Deponents or their counsel.

**B.   The Court's March 10, 2009 Order Affirms That Mattel's Subpoenas To The Non-party Deponents Should Be Quashed**

**1.   Mattel's Deposition Subpoenas Are Improper And Seek Irrelevant Information**

17 | The Court's March 10, 2009 Order affirmed the Financing Entities'
18 | contentions that Mattel's abusively drawn subpoenas are improper, harassing and
19 | seek information that is wholly irrelevant to the Phase 2 proceedings between
20 | Mattel and MGA.  Despite the fact that Mattel's subpoenas to the Non-party
21 | Deponents seeks the exact same information that this Court deemed to be
22 | irrelevant, Mattel refuses to withdraw its subpoenas.  Thus, the Court should quash
23 | the deposition subpoenas.

24 | In its March 10, 2009 Order, the Court affirmed that the information Mattel
25 | is seeking from the Financing Entities, and the individuals related thereto, is
26 | irrelevant to the Phase 2 proceedings between Mattel and MGA.  This Court
27 | specifically rejected each and every argument that Mattel presented in support of
28 | the purported relevance of the documents sought from Omninet Capital, LLC and

A/72865234.2/3009108-0000337036                -8-

1  Vision Capital, LLC.  Among other things, the Court specifically noted that

2  "neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc."

3  (March 10, 2009 Discovery Master Order at 28.)  Thus, the Court unequivocally

4  held that "Mattel's Motion to Compel the Financing Entities to produce documents

5  responsive to the Subpoenas is **DENIED** with respect to OmniNet Capital, LLC

6  and Vision Capital, LLC."  (March 10, 2009 Discovery Master Order at 29.)

7  The Court also denied Mattel's Motion to Compel all but a very limited

8  subset of the documents sought from Omni 808.  All of Mattel's relevance

9  arguments relating to Omni 808 were also rejected, except a very narrow category

10  of documents relating to "MGA's networth."  (March 10, 2009 Discovery Master

11  Order at 19.)  Specifically, the only documents that this Court deemed to be

12  relevant at all are "documents relating to (1) the existence of any debt owed by

13  MGA Entertainment, Inc. to Omni 808 Investors, LLC, including any debt

14  purchased from Wachovia Bank, and (2) any communications between Omni 808

15  Investors, LLC and the MGA parties regarding any such indebtedness."  (March

16  10, 2009 Discovery Master Order at 29.)

17  This Court's March 10, 2009 Order affirms that Mattel's deposition

18  subpoenas to the Non-party Deponents are improper and should be quashed.  The

19  Court has made it abundantly clear that all of the information Mattel is seeking,

20  other than a very limited portion of documents sought from Omni 808 relating to

21  MGA's networth, is not relevant to the Phase 2 proceedings.  The information

22  sought from Mattel's document subpoenas to the Financing Entities is inextricably

23  intertwined with the information Mattel is seeking to obtain from the Non-party

24  Deponents.

25  Given the Court's order, there is no reason that Mattel should be permitted

26  to harass the Non-party Deponents through a series of depositions.  Mr. Neman is a

27  principal of Vision Capital.  Significantly, this Court denied Mattel's Motion to

28  Compel against Vision Capital in its entirety because, among other reasons, the

A/72865234.2/3009108-0000337036                    -9-

1  information sought is not relevant to the Phase 2 proceedings.  Thus, the deposition

2  of Mr. Neman, seeking the exact same information Mattel was seeking in its

3  subpoena to Vision Capital, is improper and should be quashed.

4        Similarly, Mr. Mashian is an outside business attorney that has on occasion

5  provided legal services for Vision Capital.  Thus, there are no grounds to depose

6  Mr. Mashian, and the deposition subpoena directed to him must be quashed.

7        There are also no grounds to depose Mr. Kadisha, a principal of Omninet

8  Capital and Omni 808.  Although this Court deemed a very limited amount of

9  Omni 808 documents relevant to "MGA's net worth," that does not justify

10 harassing Mr. Kadisha with a deposition subpoena.  It is clear that the "existence of

11 any debt" and the relevant "communications between Omni 808 Investors, LLC

12 and MGA parties regarding such indebtedness" will be contained within the

13 documents that Omni 808 will be producing pursuant to this Court's March 10,

14 2009 Order.  There is simply no need to depose Mr. Kadisha given that the

15 information sought will be contained within the documents.  At a minimum, the

16 Court should quash the subpoena to Mr. Kadisha and require Mattel to demonstrate

17 to this Court, after reviewing the documents, what additional information it needs

18 before subjecting Mr. Kadisha to a deposition.

19       Accordingly, the Non-party Deponents respectfully request that the Court

20 quash the deposition subpoenas in their entirety.

21              **2.    Mattel's Document Requests To Mr. Kadisha**

22                     **Should Be Quashed Because It Is Overbroad**

23                     **And Seeks Documents Irrelevant To Phase 2**

24       In addition to the testimony sought from the Non-party Deponents, Mattel's

25 subpoena to Mr. Kadisha also requests that he produce documents in response to

26 44 overbroad, duplicative and irrelevant document requests.  The documents

27 sought are the exact same documents that Mattel sought from the Financing

28 Entities and which this Court concluded were not relevant to the Phase 2

1    proceedings. Thus, this Court should quash the document subpoena to Mr.

2    Kadisha in its entirety.

3        In the Court's March 10, 2009 Order, it determined, among other things, that

4    Mattel's subpoenas to Vision Capital, LLC and OmniNet Capital, LLC were

5    overbroad and sought information irrelevant to the Phase 2 proceedings between

6    Mattel and MGA. The Court denied Mattel's motions to compel in response to

7    these subpoenas in their entirety. Furthermore, the Court determined that virtually

8    all of the documents sought from Omni 808 were also irrelevant and denied

9    Mattel's motion to compel to all but a limited portion of the documents relating to

10   "the existence of any debt owed by MGA Entertainment, Inc. to Omni 808

11   Investors" and "communications between Omni 808 Investors, LLC and the MGA

12   parties regarding any such indebtedness." (March 10, 2009 Discovery Master

13   Order at 29.)

14       In its 44 requests to Mr. Kadisha, Mattel seeks the exact same documents

15   that it sought from the Financing Entities and that the Court concluded were

16   irrelevant to the Phase 2 proceedings. (*See* Ex. A to Villar Decl.) As outlined in

17   Mr. Kadisha's objections, the Financing Entities' oppositions to Mattel's motions

18   to compel and the Court's March 10, 2009 Order, Mattel's document requests seek

19   irrelevant information and are grossly overbroad.[1] (*See* Ex. F to Villar Decl.)

20   Since the Court determined that the Financing Entities were not required to

21   produce the documents that Mattel is seeking from Mr. Kadisha, there is no basis

22   to require the individuals related to the entities to produce them. Furthermore,

23   based on the Court's March 10, 2009 Order, the only documents that could

24   plausibly be relevant to Phase 2 are documents evidencing "the existence of any

---

[1] Pursuant to Rule 10 of the Federal Rule of Civil Procedure, Mr. Kadisha adopts by reference the arguments set forth in the Financing Entities' oppositions to Mattel's motions to compel.

A/72865234.2/3009108-0000337036                -11-

1    debt" and "communications between Omni 808 Investors, LLC and the MGA

2    parties regarding any such indebtedness." (March 10, 2009 Discovery Master

3    Order at 29.) However, these documents are being produced by Omni 808, and

4    therefore the requests to Mr. Kadisha are duplicative. Thus, to the extent Mr.

5    Kadisha even has relevant documents in his possession, custody or control, there is

6    no basis to require him to produce these exact same documents. Accordingly, the

7    Court should quash the document subpoena to Mr. Kadisha.

8    **C.     Mattel's Subpoenas Should Be Quashed Because They Are**

9    **Duplicative, Overbroad And Abusively Drawn**

10   Independent of the fact that Mattel's subpoenas seek information that is

11   wholly irrelevant to the Phase 2 proceedings, the Court should quash Mattel's

12   subpoenas because they are duplicative of discovery already sought by Mattel and

13   abusively drawn for the purpose of annoying, harassing and exerting pressure on

14   the Non-party Deponents.

15   In *Mattel, Inc. v. Walking Mountain Productions*, Mattel and its counsel

16   Quinn Emanuel issued a subpoena to one of the defendant's expert's employers in

17   a purported attempt to obtain information to impeach the expert's testimony. *Id.* at

18   813. Judge Ronald Lew of the Central District of California found that Mattel's

19   subpoenas were "way too broad for the explanation given by [Mattel's counsel],"

20   "abusively drawn," and that "no attempt had been made to try to tailor the

21   information request to the immediate needs of the case." *Id.* at 813. The Court

22   found that Mattel served the subpoenas to "exert pressure" on non-party witnesses

23   and that "a pattern is clear in this case that [Mattel's counsel] files these oppressive

24   subpoena requests … for the purpose of annoying and harassment and not really

25   for the purpose of getting information." *Id.* at 814. The Court quashed the

26   subpoenas and sanctioned Mattel for abuse of the discovery process. *Id.* The

27   Ninth Circuit affirmed the district court's order quashing the subpoena and issuing

28   sanctions against Mattel. *Id.*

1      In affirming the district court's order quashing the subpoena, the Ninth

2   Circuit Court of Appeals made several findings that are instructive on the issues

3   presented in this motion. First, the court noted that "Mattel had served a virtually

4   identical Rule 30(b)(6) subpoena and document demand" on other nonparties,

5   which led such parties to withdraw as percipient witnesses. Similarly, the

6   deposition subpoenas to the Non-party Deponents and the document subpoena on

7   Mr. Kadisha seek the exact same information sought in the subpoenas that Mattel

8   has directed to the Financing Entities and other non-parties, including, without

9   limitation, those served upon Omni 808 Investors, LLC, Vision Capital, LLC,

10   Omninet Capital, LLC, Lexington Financial, LLC, and Bingham McCutchen LLP.

11   As the Ninth Circuit Court of Appeals noted, the pattern and practice of serving

12   identically overly broad and abusive subpoenas supports the notion that the

13   subpoenas were served for an improper purpose. *Id.* at 813-14.

14      Further, the court noted that the overbreadth of the subpoena and the tenuous

15   relationship that the subpoenaed parties had to the litigation demonstrated that the

16   subpoenas were "'served for the purpose of annoying and harassment and not

17   really for the purpose of getting information.'" *Id.* at 814. This is the exact same

18   tactic that Mattel and its attorneys are using in this litigation. The Discovery

19   Master's March 10, 2009 Order affirmed that the information sought from the

20   Financing Entities is not relevant to the Phase 2 proceedings. Furthermore, Mattel

21   has served virtually the exact same subpoena, seeking the same information, to a

22   plethora of non-parties. Thus, similar to its tactics in *Mattel, Inc. v. Walking*

23   *Mountain Productions*, the only conclusion that can possibly be drawn from

24   Mattel's subpoenas to the Non-party Deponents is that they were issued in order to

25   annoy, burden and harass.

26      Therefore, because Mattel's subpoenas to the Non-party Deponents are

27   duplicative, overbroad, harassing and abusively drawn, the Court should quash

28   them in their entirety.

A/72865234.2/3009108-0000337036                    -13-

1    **D.    Mattel's Subpoenas Should Be Quashed Because Mattel**

2    **Has Made No Effort To Obtain The Information From The**

3    **Parties Before Burdening Non-Parties**

4    This Court has already determined that virtually all of the information Mattel

5    is seeking is irrelevant to the Phase 2 proceedings.  Nonetheless, if this Court

6    somehow determines that the Non-party Deponents may have information that is

7    relevant to the Phase 2 proceedings, the Court should issue a protective order

8    forbidding the Non-party Deponents' depositions until Mattel has exhausted its

9    ability to obtain the information sought from actual parties to the litigation.

10   Mattel's attempt to burden non-parties with the expense of responding to discovery

11   that may be obtained from parties to the litigation is wholly improper.

12   There is ample authority in the Ninth Circuit for the proposition that a party

13   is required to seek information from parties before burdening non-parties. *See,*

14   *e.g., Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (quashing

15   non-party subpoena when the "requests all pertain to defendant, who is a party,

16   and, thus, plaintiffs can more easily and inexpensively obtain the documents from

17   defendant, rather than from nonparty"); *Dibel v. Jenny Craig, Inc.*, Civil No.

18   06cv2533 BEN(AJB), 2007 WL 2220987, at *2 (S.D. Cal. Aug. 1, 2007) (granting

19   motion to quash third party subpoena because request for documents "duplicative

20   and overly burdensome" when the requested documents were available from

21   defendants); *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06cv991-WQH

22   (BLM), 2007 WL 1994059, at *1 (S.D. Cal. Jul. 2, 2007)  ("District courts also

23   have broad discretion to limit discovery.  For example, a court may limit the scope

24   of any discovery method if it determines that the discovery sought is 'unreasonably

25   cumulative or duplicative, or is obtainable from some other source that is more

26   convenient, less burdensome, or less expensive.') (citing Fed. R. Civ. P.

27   26(b)(2)(C)).

28   Mattel is purportedly seeking information relating to Omni 808's acquisition

A/72865234.2/3009108-0000337036                    -14-

1 | of debt in MGA. However, Mattel has not exhausted its ability to obtain this
2 | information from MGA or other parties to the litigation. Rather, Mattel's pattern
3 | and practice has been to send subpoenas seeking the exact same information to as
4 | many non-party entities as possible. Mattel's duplicative discovery is improper,
5 | especially considering that Mattel can seek this information from actual parties to
6 | this litigation. Thus, at a minimum, the Court should require Mattel to seek the
7 | information from MGA or other parties to this action before burdening non-parties.

8 | **E.** **The Court Should Quash The Subpoenas Because Mattel**
9 | **Failed To Meet And Confer Before Scheduling The**
10 | **Depositions**

11 | Aside from the fact that the deposition subpoenas are abusively drawn and
12 | seek information that is irrelevant to the Phase 2 proceedings, the deposition
13 | subpoenas should be quashed and/or a protective order should be issued because
14 | Mattel failed to meet and confer with counsel and the Non-Party Deponents before
15 | scheduling the deposition dates.

16 | "The failure to meet and confer in scheduling a deposition . . . is a factor in
17 | deciding whether a protective order should be granted." *Koninklike Philips*
18 | *Electronics N.V. v. KXD Technology, Inc.,* No. 2:05-cv-1532-RLH-GWF, 2007
19 | WL 3101248, at *17 (D. Nev. Oct. 16, 2007); *Ray v. BlueHippo Funding, LLC,*
20 | No. C-06-1807 JSW (EMC), 2008 WL 3399392, at *2-3 (N.D. Cal. Aug. 11, 2008)
21 | (granting protective order preventing the deposition from taking place on the
22 | scheduled date where the defendants' counsel was unavailable on the noticed
23 | dates); *Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.,* 164 F.R.D.
24 | 232, 233 (S.D. Ohio 1995) (issuing protective order staying deposition of third
25 | party when parties failed to "discuss and agree to a deposition date before the
26 | issuance of the subpoena, not after"); *Valvida v. Kmart Corp.,* 2000 WL 1739215,
27 | at *2 (D. Virgin Islands 2000) (ordering parties to confer and agree on dates for
28 | depositions of witnesses).

A/72865234.2/3009108-0000337036

-15-

1    Here, Mattel made no effort to meet and confer before scheduling the

2    depositions to determine the availability of counsel and the Non-Party Deponents.

3    On March 6, 2009, attorneys for MGA wrote a letter to Mattel informing them that

4    none of the deposition dates were cleared with them and, in fact, some of them

5    conflicted with hearings scheduled before this Court. (Ex. __ to Villar Decl.)

6    Similarly, counsel for the Non-party Deponents also sent a letter to Mattel's

7    attorney informing them that the depositions were premature, improper and that

8    none of the dates were cleared with the non-parties or their counsel. (Ex. E to

9    Villar Decl.)  Furthermore, even after the Court issued its March 10, 2009 ruling,

10   which essentially holds that the information Mattel is seeking is irrelevant to Phase

11   2, Mattel refused to withdraw its subpoenas or respond to either MGA's or the

12   Non-party Deponents' correspondence.  Given that the discovery cut-off date is

13   nine months away, there is no reason that Mattel could not have conferred with all

14   parties and counsel before noticing the depositions.

15   Because Mattel failed to meet and confer with the Non-party Deponents or

16   MGA regarding their availability for these depositions, the Non-party Deponents

17   respectfully request that the Court quash the subpoenas and/or issue a protective

18   forbidding the depositions from going forward.

19

20   **IV.   CONCLUSION**

21   For the forgoing reasons, the Non-party Deponents respectfully request that

22   the Court issue a protective order and/or quash the subpoeans in their entirety.

23

24

25

26

27

28

A/72865234.2/3009108-0000337036                    -16-

1     DATED:  March 12, 2009       Bingham McCutchen LLP

2

3                                 By: _____

4                                     Peter N. Villar
                                    Attorneys for Non-parties

5                                     LEON NEMAN, FRED MASHIAN
                                    and NEIL KADISHA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28