1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   todd.gordinier@bingham.com
    PETER N. VILLAR (SBN 204038)
3   peter.villar@bingham.com
    CRAIG A. TAGGART (SBN 239168)
4   craig.taggart@bingham.com
    600 Anton Boulevard
5   18th Floor
    Costa Mesa, CA  92626-1924
6   Telephone:  714.830.0600
    Facsimile:  714.830.0700
7

8   Attorneys for Non-Parties
    LEON NEMAN, FRED MASHIAN
9   and NEIL KADISHA

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master Robert C. O'Brien**<br><br>**DECLARATION OF PETER N. VILLAR IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER RE SUBPOENAS ISSUED BY MATTEL, INC. TO NON-PARTIES LEON NEMAN, FRED MASHIAN AND NEIL KADISHA**<br><br>Date:        TBD<br>Time:       TBD<br>Place:      Arent Fox LLP<br>              555 West Fifth Street<br>              48th Floor<br>              Los Angeles, CA  90013 |
| AND CONSOLIDATED ACTIONS. | |

A/72871039.1/3009108-0000337036

## DECLARATION OF PETER N. VILLAR

I, Peter N. Villar, declare as follows:

1.      I am a partner at Bingham McCutchen LLP and am certified to practice law in the state of California and the United States District Court, Central District of California. I make this declaration in support of the Motion to Quash and/or for Protective Order re Subpoenas Issued by Mattel, Inc. to Non-parties Leon Neman, Fred Mashian and Neil Kadisha. I have personal knowledge of the facts recited here and, if called as a witness, could and would testify competently to them.

2.      On or about February 25, 2009, Mattel, Inc. issued a deposition subpoena and request for documents to Neil Kadisha. A true and correct copy of the subpoena is attached hereto as **Exhibit A**.

3.      On or about February 26, 2009, Mattel, Inc. issued a deposition subpoena to Leon Neman. A true and correct copy of the subpoena is attached hereto as **Exhibit B**.

4.      On or about February 25, 2009, Mattel, Inc. issued a deposition subpoena to Fred Mashian. A true and correct copy of the subpoena is attached hereto as **Exhibit C**.

5.      On or about March 6, 2009, Amman A. Khan, attorney for MGA Entertainment, Inc., sent a letter to Jon Corey, attorney for Mattel. Mr. Khan informed Mr. Corey that none of the deposition dates were cleared by MGA before scheduling the depositions. Furthermore, Mr. Khan also informed Mr. Corey that some of non-party witness depositions conflict with hearings that are set before this Court. A true and correct copy of Mr. Khan's letter is attached hereto as **Exhibit D**.

6.      On or about March 6, 2009, I sent a letter to Mr. Corey. I told Mr. Corey that Mattel did not have the courtesy to clear any of the proposed deposition

1   dates with me or my clients. I also explained that these subpoenas are just as
2   improper as the document subpoenas that Mattel had issued to our other non-party
3   clients. I requested that the depositions be taken off-calendar because, at a
4   minimum, they were premature given the fact that the Court's rulings on the
5   pending discovery motions would necessarily impact the propriety, timing and
6   scope of any third-party discovery. I also informed Mr. Corey that if Mattel does
7   not take the depositions off-calendar, I would have no choice but to notify the
8   Discovery Master. A true and correct copy of my letter is attached hereto as
9   **Exhibit E**.

10      7.      Mattel never responded to Mr. Khan's or my letter and never agreed
11   to take the depositions off-calendar.

12      8.      On March 11, 2009, I served Mattel with objections to Mattel's
13   subpoenas to Mr. Kadisha, Mr. Neman and Mr. Mashian. A true and correct copy
14   of each set of objections is attached hereto as **Exhibits F, G and H** respectively.

15      I declare under penalty of perjury under the laws of the United States of
16   America that the foregoing is true and correct.

17      Executed this 12th day in March, 2009, in Costa Mesa, CA.

18
19                                          Peter N. Villar
20
21
22
23
24
25
26
27
28

A/72871039.1/3009108-0000337036                    - 2 -

# EXHIBIT A

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    John B. Quinn (Bar No. 90378)
2   (johnquinn@quinnemanuel.com)
    Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
    Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5  Los Angeles, California 90017-2543
    Telephone: (213) 443-3000
6  Facsimile: (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        CASE NO. CV 04-09049 SGL (RNBx)

13              Plaintiff,                Consolidated with Case Nos. CV 04-
                                          9059 and CV 05-2727
14       v.
                                          NOTICE OF DEPOSITION OF NEIL
15  MATTEL, INC., a Delaware             KADISHA
    Corporation,
16                                        Date:   March 19, 2009
                                          Time:   9:00 a.m.
17              Defendant,                Place.: Quinn Emanuel Urquhart Oliver
                                                  & Hedges
18                                                865 S. Figueroa St., 10th Floor
                                                  Los Angeles, CA 90017
19
                                          Phase 2:
20                                        Discovery Cut-off:        Dec. 11, 2009
                                          Pre-trial Conference:     Mar. 1, 2010
21                                        Trial Date:               Mar. 23, 2010
22  AND CONSOLIDATED CASES

23

24

25

26

27

28

07975/2809453.1

                                                        NOTICE OF DEPOSITION

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2         PLEASE TAKE NOTICE that Mattel, Inc. will take the deposition of

3  Neil Kadisha on March 19, 2009 beginning at 9:00 a.m., at the offices of Quinn

4  Emanuel Urquhart Oliver & Hedges, LLP, 865 S. Figueroa St., Los Angeles, CA

5  90017.

6         PLEASE TAKE FURTHER NOTICE that the deposition will take

7  place upon oral examination before a duly authorized notary public or other officer

8  authorized to administer oaths at depositions, and will continue from day to day,

9  Sundays, Saturdays and legal holidays excepted, until completed.

10        PLEASE TAKE FURTHER NOTICE that, pursuant to Fed. R. Civ. P.

11  30(b)(2), the deposition will be videotaped. Mattel also reserves the right to use

12  Livenote or other technology for real-time transcription of the testimony.

13

14  DATED: February 25, 2009         QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
15

16                                   By /s/ Jon D. Corey
17                                      Jon D. Corey
                                        Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28

07975/2809453.1

EXHIBIT A - PAGE 5

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 90378)
(johnquinn@quinnemanuel.com)
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant,<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-09049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-9059 and CV 05-2727<br><br>[CORRECTED] NOTICE OF SUBPOENA ISSUED TO NEIL KADISHA |

07975/2780236.1

[CORRECTED] NOTICE OF SUBPOENA

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE that, pursuant to Rule 45 of the <u>Federal Rules of</u>

3   <u>Civil Procedure</u>, Mattel, Inc., has issued a subpoena attached as Exhibit 1 requesting

4   the production of specified documents to the following witness:

5   Neil Kadisha, 9420 Wilshire Blvd. Suite 400, Beverly Hills, CA 90212.

6

7   DATED: February 25, 2009          QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
8

9                                      By /s/ Jon D. Corey
10                                        Jon D. Corey
                                          Attorneys for Mattel, Inc.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07975/2780236.1

-2-

[CORRECTED] NOTICE OF SUBPOENA

**EXHIBIT A - PAGE 7**

02-25-2009   17:39   From-QUINN EMANUEL                    2134433100        T-753   P.006/036   F-147

# EXHIBIT 1

02-25-2009   17:39   From-QUINN EMANUEL                                      2134439100                T-753   P.007/036   F-147

AO88 (Rev. 12/07) Subpoena in a Civil Case.

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL _____                    CALIFORNIA

CARTER BRYANT, an individual,

                              V.                    **SUBPOENA IN A CIVIL CASE**

MATTEL, INC., a Delaware corporation,               Case Number: [1]  CV 04-9049 SGL (RNBx)
                                                    Consolidated with cases CV 04-9059
                                                    and 05-2727

TO: Neil Kadisha
    9420 Wilshire Blvd. Suite 400
    Beverly Hills, CA 90212

[ ]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
     testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

[X]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 | March 19, 2009 9:00 a.m. |

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
     place, date, and time specified below (list documents or objects):
See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa Street, 10th Floor Los Angeles, CA 90017 | March 12, 2009 9:00 a.m. |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /Jon Corey/ /SH Attorney for Plaintiff, Mattel, Inc. | February 25, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT A - PAGE 9**

02-25-2009   17:39   From-QUINN EMANUEL                    2134433100          T-753   P.008/036   F-147

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                                              SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense: Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

1.    All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and MGA Entertainment, Inc., or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.    All documents referring or relating to agreements, contracts or transactions between OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC (hereinafter, collectively, "OmniNet"), and MGA, and any amendments or modifications thereto, any alleged defaults thereunder and any communications referring or relating to any such agreements, contracts or transactions.

3.    All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.    All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and MGA, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

5.    All documents referring or relating to agreements, contracts or transactions between Vision Capital and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

6.    All documents referring or relating to agreements, contracts or transactions between Omni 808 and Lexington Financial and/or Vision Capital, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

7.    All documents referring or relating to agreements, contracts or transactions between OmniNet and Vision Capital and/or Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

1

EXHIBIT A - PAGE 11

8.     All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808, Vision Capital or Lexington Financial and any amendments or modifications thereto, any alleged defaults thereunder and any communications referring or relating to any such agreements, contracts or transactions.

9.     All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet, and any amendments or modifications thereto, any alleged defaults thereunder and any communications referring or relating to any such agreements, contracts or transactions.

10.     All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA to Omni 808, OmniNet, Lexington Financial or Vision Capital since January 1, 2007.

11.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Omni 808 and (b) the dates of such person's affiliation with Omni 808.

12.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital and (b) the dates of such person's affiliation with Vision Capital.

13.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

14.     All documents referring or relating to the formation and governance of Omni 808.

15.     All documents referring or relating to the formation and governance of Vision Capital, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Delaware Corporations LLC, and (b) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a).

16.     All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

17.     All documents detailing or setting forth the relationship between Omni 808 and OmniNet, if any.

2

18.     All documents detailing or setting forth the relationship between Omni 808 and Vision Capital or Lexington Financial, if any.

19.     All documents detailing or setting forth the relationship between OmniNet and Vision Capital or Lexington Financial, if any.

20.     All documents detailing or setting forth the relationship between Omni 808 and MGA, if any.

21.     All documents detailing or setting forth the relationship between OmniNet and MGA, if any.

22.     All documents detailing or setting forth the relationship between MGA and Vision Capital or Lexington Financial, if any.

23.     All documents detailing or setting forth the relationship between Lexington Financial and Vision Capital, if any.

24.     All documents detailing or setting forth the relationship between Omni 808 and Isaac Larian or his family members, if any.  As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities that any of the foregoing own, have an interest in or control.

25.     All documents detailing or setting forth the relationship between OmniNet and Isaac Larian or his family members, if any.

26.     All documents detailing or setting forth the relationship between Lexington Financial or Vision Capital and Isaac Larian or his family members, if any.

27.     All documents referring or relating to the source of funding or credit for Lexington Financial or Vision Capital.

28.     All documents referring or relating to the source of funding or credit for Omni 808.

29.     All documents referring or relating to the source of funding or credit for MGA.

30.     All documents referring or relating to all contributions, loans and any sources of funding or credit for Omni 808 during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

3

31.    All documents showing detail of loan facilities for Omni 808 with an indication of creditor and relevant terms referring or relating to MGA, OmniNet, Omni 808, Vision Capital, Lexington Financial, Isaac Larian or his family members.

32.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 to Isaac Larian, his family members, or affiliates, or any other related party, including MGA.

33.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet to Isaac Larian, his family members, or affiliates, or any other related party, including MGA.

34.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Vision Capital to Omni 808, OmniNet, Lexington Capital, Isaac Larian, his family members, or affiliates, or any other related party, including MGA.

35.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington Financial to Vision Capital, Omni 808, OmniNet, Isaac Larian, his family members, or affiliates, or any other related party, including MGA.

36.    Any and all records that substantiate transfers of assets by Omni 808 to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

37.    Any and all records that substantiate transfers of assets by Vision Capital to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

38.    Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

39.    All communications referring or relating to Omni 808, OmniNet, Vision Capital, Lexington Financial, Mattel, MGA, Isaac Larian, any entity or business owned or controlled by Isaac Larian or his family members, Fred Mashian and/or Bratz.

40.    All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808, OmniNet, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

41.    All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

4

        42.    Documents sufficient to show each and every entity or business in which you have an interest or role or over which you have control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

        43.    All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business which Isaac Larian or his family members own, have an interest in or control and that also involves you, or any entity or business that you own, have an interest in or control.

        44.    To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of your relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

5

EXHIBIT A - PAGE 15

02-25-2009    17:41    From-QUINN EMANUEL                    2134433100              T-753    P.014/036    F-147

# EXHIBIT 1

02-25-2009   17:41   From-QUINN EMANUEL                    2134433100              T-753   P.015/036   F-147

06-7090318014
10/30/2006 16:46

**FILED**
CA Secretary
Secretary of State

$05

10214830002

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1062282 □ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | □ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable] | □ LESSEE/LESSOR | □ CONSIGNEE/CONSIGNOR | □ BAILEE/BAILOR | □ SELLER/BUYER | □ AG. LIEN | □ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. □ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) | □ All Debtors | □ Debtor 1 | □ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA | | | | | | |

File with California Secretary of State

MN1674P45-3

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/315433

**EXHIBIT A - PAGE 17**

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

(i)     all Accounts;

(ii)    all Inventory;

(iii)   all Documents relating to Inventory;

(iv)    all books and records pertaining to any property described in this definition;

(v)     all Supporting Obligations pertaining to any property described in this definition; and

(vi)    to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

A - 1

[LEGAL/25015329641]

02-25-2009   17:41   From-QUINN EMANUEL                2134433100              T-753   P.017/036   F-147

08-71714105
09/09/2008 16:03

FILED

SOS

18335596083

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CL@S

return number 10316AAIQW3

1a. INITIAL FINANCING STATEMENT FILE # 08-7090318014 | 10/30/06

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address    ☐ DELETE name: Give record name    ☐ ADD name: Complete item 7a or 7b and also item 7c

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| | 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | OMNI 808 Investors LLC, as Agent | | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE: 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|
| | ORGANIZATION DEBTOR: Limited Liability Company | California | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA

Debtor: MGA Entertainment Inc.                                           CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A72540623.1/30017C2-000030275

**EXHIBIT A - PAGE 19**

02-25-2009    17:41    From-QUINN EMANUEL                    2134439100              T-753    P.018/036    F-147

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

    CT Corporation System
    2295 Gateway Oaks Drive
    Ste 185
    Sacramento CA 95833

06-7090318135
10/30/2006 15:46
FILED
CALIFORNIA
SECRETARY OF STATE
SOS
10214848002  UCC 1 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16360 Roscoe Blvd, Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interest in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) EARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING |
|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable]    7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional]  ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA |
| File with California Secretary of State                    MAT67608PG5-5 |

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)
    Gardner 19513/216438

**EXHIBIT A - PAGE 20**

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA-4830
Philadelphia, Pennsylvania 19107


All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)   all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)   all payments due or to become due to Debtor in respect of any of the foregoing;

(d)   all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)   all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)   all certificates and instruments representing or evidencing any of the foregoing;

(g)   all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)   all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).


USGALB2/201331111v1

A - 1

**EXHIBIT A - PAGE 21**

02-25-2009   17:42   From-QUINN EMANUEL                    2134433100           T-753   P.020/036   F-147

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting; and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT A - PAGE 22

## SCHEDULE 1

### MGA Entertainment Inc
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

**EXHIBIT A - PAGE 23**

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Ann Jones, Paralegal (404) 881-2563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

┌
UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD
└

**07-71137423**
**05/14/2007 11:35**

**FILED**
SOS

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090318135 filed 10/03/06

8. AMENDMENT (COLLATERAL CHANGE)

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Services AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT
Wachovia Bank, National Association, as Agent

File with California Secretary of State; Debtor Name: MGA Entertainment Inc.          6926488 90          JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

**EXHIBIT A - PAGE 24**

1264955004

## EXHIBIT A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(c)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)    all certificates and instruments representing or evidencing any of the foregoing;

(f)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30236156v2

A - 1

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT A - PAGE 26

02-25-2009   17:43   From-QUINN EMANUEL                    2134433100            T-753   P.025/036   F-147

SCHEDULE 1

MGA Entertainment Inc
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, SL | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

**08-71714106**

**09/09/2008 16:03**

**FILED**

SOS

18335890034

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

CL@S

1036AMRW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR OMNI 808 Investors LLC, as Agent | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE: ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR Wachovia Bank, National Association, as Agent | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment Inc.                    CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72G-6923.1/3G01762-0000301275

**EXHIBIT A - PAGE 28**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-3563

B. SEND ACKNOWLEDGEMENT TO: (Name and Address)

    CT Corporation System
    2295 Gateway Oaks Drive
    Ste 185
    Sacramento CA 95833

06-7090317861
10/30/2006  16:46

FILED
CALIFORNIA
SECRETARY OF STATE

S05

10214010002

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment (Mexico), Inc. | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16360 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 20-0909523 | | Corporation | California | CA C2643976 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State             MN10710 8945-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
    Gardner 19513/3 15438

**EXHIBIT A - PAGE 29**

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)      all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)      all payments due or to become due to Debtor in respect of any of the foregoing;

(d)      all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)      all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of said in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)      all certificates and instruments representing or evidencing any of the foregoing;

(g)      all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)      all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"**Equity Interest**" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

LEGAL02/30193144en                          A - 1

02-25-2009   17:44   From-QUINN EMANUEL                2134433100           T-753   P.029/036   F-147

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT A - PAGE 31

SCHEDULE 1

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Owner | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Single Parte Social | N/A | 65% |

EXHIBIT A - PAGE 32

02-25-2009    17:45    From-QUINN EMANUEL                    2134433100         T-763    P.031/036    F-147

**FILING OFFICER STATEMENT**

**INTERNAL USE ONLY**

1. Identification of the Record to which this FILING OFFICER STATEMENT relates.

   1a. INITIAL FINANCING STATEMENT #: 067090317861

   1b. RECORD TO WHICH THIS STATEMENT RELATES:

| DOCUMENT NUMBER: 10268190001 |
| --- |
| FILING NUMBER: 0670908369 |
| FILE DATE/TIME: 11/3/2006 1:34:00 PM |

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the inaccuracy or mistake on the part of the file office:

☒ Debtor    ☐ Secured Party
☐ Name and Address not Indexed.
☒ Name indexed incorrectly
☐ Address indexed incorrectly

☐ File Date entered incorrectly
☐ Wrong Action type entered
☐ Wrong Filing Type entered
☐ Filed in Error
☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action):

☐ Added Name:
☐ Address:
☒ Corrected Name from: MGA ENTERTAINMENT (MEXICO), INC.
☒ To: MGA ENTERTAINMENT (MEXICO), INC.
☐ Corrected Address from:
☐ To:
☐ Corrected File Date from        to
☐ Re-entered the UCC3        as a
☐ Changed the Filing Type from        to
☐ Document Deleted
☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34                                                                                        1

**EXHIBIT A - PAGE 33**

07-71137422
05/14/2007 11:35

FILED

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 581-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090517861 filed 10/30/06

2. ☐ TERMINATION

3. ☐ CONTINUATION

4. ☐ ASSIGNMENT

5. AMENDMENT (PARTY INFORMATION)

6. CURRENT RECORD INFORMATION:

7. CHANGED (NEW) OR ADDED INFORMATION:

8. AMENDMENT (COLLATERAL CHANGE)

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT
Wachovia Bank, National Association, as Agent

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

EXHIBIT A - PAGE 34

## Exhibit A

Debtor:
MGA Entertainment (Mexico), Inc.
16360 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(c)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)    all certificates and instruments representing or evidencing any of the foregoing;

(f)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

LEGAL02/30237045v2

A-1

As used herein

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof and (d) payments (in any form, whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

A-2

EXHIBIT A - PAGE 36

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
#### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|--------|---------------------------|--------------------------|------------------------------|-------------------------|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 100% |

LEGAL02/30227046v1

**08-71714107**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

163356900095

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

```
                    FL-0000-858-2

        CL@S
              www.cLLASos.com
              Information   300 Montgomery, Suite 110
              Services     Sacramento, CA 95814
                           800-345-7898/916-443-7891
                           Fax 916-444-2766

    WordOrder # 1036 AM (SW)
```

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #  **06-7090317861**                    10/30/06

**1b.** This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT** (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** OMNI 808 Investors LLC, as Agent | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|
| | ORGANIZATION DEBTOR  Limited Liability Company | California | ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **OR** Wachovia Bank, National Association, as Agent | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. **OPTIONAL FILER REFERENCE DATA**
Debtor: MGA Entertainment (Mexico), Inc.                                CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646933_1/0001762-0000308775

**EXHIBIT A - PAGE 38**

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

DATE:     February 25, 2009

NUMBER OF PAGES, INCLUDING COVER: 36

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Todd E. Gordinier, Esq. <br> Bingham McCutchen LLP | (714) 830-0622 | (714) 830-0717 |
| Thomas Nolan, Esq. <br> Skadden Arps Slate Meagher & Flom LLP | (213) 687-5000 | (213) 687-5600 |
| Patricia Glaser, Esq. <br> Glaser Weil Fink Jacobs & Shapiro LLP | (310) 553-3000 | (310) 556-2920 |
| Russell Frackman, Esq. <br> Mitchell Silberberg & Knupp LLP | (310) 312-2000 | (310) 312-3100 |

FROM:     Jon Corey, Esq.

RE:     *Mattel, Inc. v. MGA Entertainment, Inc.*

MESSAGE:

| CLIENT# | 07975 | ROUTE/ RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | WMu | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

**EXHIBIT A - PAGE 39**

**Bingham McCutchen**
**Edit/Verify Date Listing**

**Deadlines generated for matter:**
MGA/MATTELL LITIGATION THIRD PARTY DISCOVERY

**Rule sets used to generate the dates on this report:**
Central District Local Rules - Magistrate Judge Block
U.S. District Court - Central District of California
Federal Rules of Civil Procedure

**Event that triggered the scheduling of the dates on this report:**
03/12/2009 (Thu)
Date specified in subpoena for production of materials or inspection of premises. Objection to production or inspection must be
served before the time specified for compliance (or 14 days after the subpoena is served, if earlier).

| Date | Time | Explanation |
|------|------|-------------|
| 03/11/2009 (Wed) | | {FRCP 45(c)(2)(B)} Today is last court day prior to date set for production or inspection. Any objection to inspection of the designated documents or premises or to producing electronically stored information must be served before the time specified for compliance (or within 14 days after service of subpoena, whichever is earlier). |
| 03/12/2009 (Thu) | | {FRCP 45(a)(1), (c)(2)(B)} Date specified in subpoena for production of materials or inspection of premises. Objection to production or inspection must be served before the time specified for compliance (or 14 days after the subpoena is served, if earlier). |

CompuLaw® Vision™                                    Page 1                                    2/26/2009 8:55 AM

**EXHIBIT A - PAGE 40**

# EXHIBIT B

AO88 (Rev. ) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL        CALIFORNIA

CARTER BRYANT, an Individual,

V.

MATTEL, INC., a Delaware Corporation.

**SUBPOENA IN A CIVIL CASE**

Case Number: CV 04-9049 SGL (RNB)x
Consolidated with cases
CV 04-9059 and CV 05-2727

*(handwritten: Prop-ly served? withn'l fees?)*

TO: Fred Mashian
9255 Sunset Blvd., Ste. 630
Los Angeles, CA 90069

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[X] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | March 13, 2009 9:30 a.m. |

[ ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *(signature)* Attorney for Defendant Mattel, Inc. | February 25, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael T. Zeller, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 865 S. Figueroa St., 10th Fl., Los Angeles, CA, 90039, (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT B - PAGE 42**

AO88 (Rev. 12/06) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT B - PAGE 43**

# EXHIBIT C

EXHIBIT C - PAGE 44

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

v.

MATTEL, INC., a Delaware Corporation.

Case Number: CV 04-9049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727

TO: Leon Naman
1525 Broadway
Los Angeles, CA 90015

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | DATE AND TIME MARCH 27, 2009 9:30 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorneys for defendant Mattel, Inc. | DATE February 26, 2009 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER Michael T. Zeller, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017, (213) 443-3000 | |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

**EXHIBIT C - PAGE 45**

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME) MANNER OF SERVICE

SERVED BY (PRINT NAME) TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ______________________
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT D

LAW OFFICES

## GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

10250 CONSTELLATION BOULEVARD

NINETEENTH FLOOR

LOS ANGELES, CALIFORNIA 90067

(310) 553-3000

FAX (310) 556-2920

DIRECT DIAL NUMBER
(310) 556-7865
EMAIL: AKHAN@GLASERWEIL.COM

March 6, 2009

Ⅲ MERITAS LAW FIRMS WORLDWIDE

**VIA EMAIL AND FACSIMILE (213) 443-3100**

Jon Corey, Esq.
QUINN, EMANUEL, URQUHART,
   OLIVER & HEDGES, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543

Re:     *Bryant v. Mattel, Inc. and Consolidated Actions*, Case No. CV04-09049

Dear Jon:

I write to you concerning Mattel's recent notices of deposition, which purport to double-track non-party witness depositions on the same day as hearings set by the Discovery Master. There is simply no reason for setting depositions this way when the discovery cut-off is almost a year away. Also, we have yet to receive confirmation that *all* the witnesses were duly subpoenaed and that the dates were cleared with the witnesses -- the dates Mattel chose certainly were not cleared with us.

Specifically, Mattel scheduled the depositions of Shirin Salemnia and Neil Kadisha on March 19, 2009. This is the same date set by the Discovery Master weeks before Mattel noticed these depositions for the hearings on (1) Mattel's motion to compel depositions of Vargas and Trueba; (2) Mattel's motion to compel responses to interrogatories and production of documents; and (3) Mattel's motion to compel MGA to produce and file certain documents reviewed in-camera. We object to any depositions taking place on March 19, 2009 given the prior reservation of that date by the Discovery Referee.

Mattel has also noticed the depositions of Mr. Mashian and Mr. Neman for March 13 and 17, 2009, respectively. These dates were not cleared with us nor have we received any confirmation that they were cleared with the witnesses or that a subpoena was duly served on them.

669319

**EXHIBIT D - PAGE 48**

Jon Corey, Esq.
March 6, 2009
Page No. 2

    Accordingly, under Paragraph 5 of the Stipulation to Appoint a Discovery Master please confirm that (1) you will re-schedule the depositions currently set for March 19, 2009, (2) that all the witnesses have been subpoenaed and (3) that the dates for deposition have been cleared with them.

    Thank you.

                                        Very truly yours,

                                        Amman A. Khan
            of GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP

cc:     Joel N. Klevens, Esq.
        Jason Russell, Esq.
        Patricia Benson, Esq.
        Todd Gordinier, Esq.

668828

**EXHIBIT D - PAGE 49**

# EXHIBIT E

# BINGHAM

Peter N. Villar
Direct Phone: 714.830.0640
Direct Fax:   714.830.0719
peter.villar@bingham.com

March 6, 2009

Jon Corey, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017-2543

Re:   Bryant v. Mattel, Inc. and Consolidated Actions,
      Case No. CV04-09049

Dear Jon:

We are in receipt of the letter from Amman Khan of Glaser Weil to you regarding the deposition subpoenas issued by Mattel, Inc., inter alia, to our clients Neil Kadisha, Leon Neman and Fred Mashian.  As you well know, not only did you not have the courtesy to clear any of your proposed dates either with our calendar or that of our clients, you did not have the courtesy to ask us to accept service for individuals you knew to be our clients.

These deposition notices are just as improper as the document subpoenas but no purpose is to be served by debating that point any further with your office.  If nothing else, the Discovery Master's rulings on the pending discovery motions necessarily will impact the propriety, timing and scope of any third-party discovery which makes any deposition notices, at best, premature.  Therefore, we request that you take these depositions off calendar.  If you are unwilling to do so, we will proceed accordingly and so notify the Discovery Master.

Sincerely yours,

Peter N. Villar

PNV/pam

cc:   Thomas Nolan, Esq.
      Jason Russell, Esq.
      Patricia Glaser, Esq.
      Joel Klevens, Esq.
      Amman Khan, Esq.
      Todd Gordinier, Esq.

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Plaza Tower, 18th Floor
600 Anton Boulevard
Costa Mesa, CA
92626-1924

T 714.830.0600
F 714.830.0700
bingham.com

A/72865656.1



Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-party
NEIL KADISHA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059 and<br>Case No. CV 05-2727<br><br>**NON-PARTY NEIL KADISHA'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR DEPOSITION AND THE PRODUCTION OF DOCUMENTS** |

A/72865707.1

1    Pursuant to Federal Rule of Civil Procedure 45, non-party Neil Kadisha
2  ("Kadisha") hereby responds to the Subpoena for Deposition and for the
3  Production of Documents (hereafter, "the Subpoena") served in this action by
4  defendant Mattel, Inc., ("Mattel") as follows:

5

6              **GENERAL OBJECTIONS TO DEPOSITION SUBPOENA**

7       1.    Kadisha objects to the Subpoena on the ground that Mattel unilaterally
8  set the deposition date and time without consulting Kadisha or his counsel.

9       2.    Kadisha objects to the Subpoena on the ground that it seeks discovery
10  that is not relevant and beyond the scope of the Discovery Master's Order No. 3
11  issued on March 10, 2009.

12       3.    Kadisha objects to the Subpoena on the ground that it is abusively
13  drawn for the purpose of annoying, harassing and exerting pressure on a non-party
14  witness, and not for the purposes of obtaining relevant information.

15       4.    Kadisha objects to the Subpoena on the ground that it seeks discovery
16  that is cumulative and duplicative of discovery already obtained by Mattel in this
17  matter.

18       5.    Kadisha objects to the Subpoena on the ground that it is premature in
19  light of the discovery issues currently pending before the Court.

20       6.    Kadisha objects to the Subpoena to the extent and on the ground that
21  it fails to satisfy any requirement of the Federal Rules of Civil Procedure, or the
22  Locals Rules of the Central District Court of California.

23

24              **GENERAL OBJECTIONS TO DOCUMENT SUBPOENA**

25       1.    Kadisha objects to the Subpoena, and each document request
26  contained therein, on the ground that it seeks information that is not relevant to the
27  parties' claims or defenses asserted in the action and is beyond the scope of the
28  Discover Master's Order No. 3 issued on March 10, 2009.

A/72865707.1                                    - 1 -

1     2.    Kadisha objects to the Subpoena, and each document request

2 contained therein, to the extent and on the ground that it seeks information that is

3 protected by any applicable privilege, doctrine or immunity, including without

4 limitation, the attorney-client privilege and the attorney work product doctrine.

5     3.    Kadisha objects to the Subpoena, and each document request

6 contained therein, on the ground that the subpoena is abusively drawn and not

7 tailored to the issues in this case.

8     4.    Kadisha objects to the Subpoena, and each document request

9 contained therein, to the extent and on the ground that it seeks documents which

10 contain private, confidential or proprietary information of Kadisha or others, or

11 where disclosure would invade the privacy rights of Kadisha or others.

12     5.    Kadisha objects to the Subpoena, and each document request

13 contained therein, to the extent and on the ground that the burden, expense or

14 intrusiveness of the discovery outweighs the likelihood that the documents sought

15 will lead to the discovery of relevant evidence.

16     6.    Kadisha objects to the Subpoena, and each document request

17 contained therein, to the extent and on the ground that it seeks documents from

18 non-party Kadisha that are equally or more readily available and attainable from

19 parties to the action.

20     7.    Kadisha objects to the Subpoena, and each document request

21 contained therein, to the extent and on the ground that it is vague, ambiguous or

22 fails to identify the documents sought with sufficient particularity.

23     8.    Kadisha objects to the Subpoena, and each document request

24 contained therein, to the extent and on the ground that it is overly broad, unduly

25 burdensome, oppressive and/or harassing.

26     9.    Kadisha objects to the Subpoena, and each document request

27 contained therein, to the extent and on the ground that it seeks documents from

28

A/72865707.1

-2-

1    sources that are not reasonably accessible and would subject Kadisha to undue

2    burden and expense.

3         10.    Kadisha objects to the Subpoena, and each document request

4    contained therein, to the extent and on the ground that it requires the production of

5    documents that are subject to a confidentiality or nondisclosure agreement.

6         11.    Kadisha objects to the Subpoena, and each document request

7    contained therein, on the ground that the place, date and time for compliance is not

8    reasonable or sufficient given the scope of the requests.

9         12.    Kadisha objects to the Subpoena, and each document request

10    contained therein, to the extent and on the ground that the Subpoena was not

11    properly issued or served, or otherwise fails to comply with the Federal Rules of

12    Civil Procedure.

13        In addition to these general objections which are incorporated into each and

14    every response herein, Kadisha specifically responds to each individual document

15    request as follows:

16

17        **SPECIFIC OBJECTIONS TO REQUESTS FOR DOCUMENTS**

18    **REQUEST NO. 1:**

19       All documents referring or relating to agreements, contracts or transactions

20    between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808

21    Investors, LLC (hereinafter, collectively, "Omni 808"), and MGA Entertainment,

22    Inc., or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter,

23    collectively, "MGA"), and any amendments or modifications thereto, any alleged

24    defaults thereunder, and any communications referring or relating to any such

25    agreements, contracts or transactions.

26    **RESPONSE TO REQUEST NO. 1:**

27       In addition to the general objections set forth above, Kadisha objects to this

28    request on the ground that it seeks information that is not relevant to the parties'

A/72865707.1           - 3 -

1   claims or defenses asserted in the action and is beyond the scope of permissible

2   discovery. Kadisha further objects to this request on the ground that it seeks

3   private, confidential and proprietary information of Kadisha and other non-parties.

4   Kadisha further objects to the request on the grounds that it is overly broad, unduly

5   burdensome, oppressive and harassing. Kadisha further objects to the request on

6   the ground that the burden, expense and intrusiveness of the discovery outweighs

7   the likelihood that the documents sought will lead to the discovery of admissible

8   evidence. Kadisha further objects to the request on the grounds that it seeks

9   documents that are protected by attorney-client privilege and attorney work

10   product doctrine. Kadisha further objects to the request on the grounds that it is

11   vague, ambiguous and fails to identify the documents with sufficient particularity.

12

13   **REQUEST NO. 2:**

14        All documents referring or relating to agreements, contracts or transactions

15   between OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital,

16   LLC (hereinafter, collectively, "OnmiNet"), and MGA, and any amendments or

17   modifications thereto, any alleged defaults thereunder and any communications

18   referring or relating to any such agreements, contracts or transactions.

19   **RESPONSE TO REQUEST NO. 2:**

20        In addition to the general objections set forth above, Kadisha objects to this

21   request on the ground that it seeks information that is not relevant to the parties'

22   claims or defenses asserted in the action and is beyond the scope of permissible

23   discovery. Kadisha further objects to this request on the ground that it seeks

24   private, confidential and proprietary information of Kadisha and other non-parties.

25   Kadisha further objects to the request on the grounds that it is overly broad, unduly

26   burdensome, oppressive and harassing. Kadisha further objects to the request on

27   the ground that the burden, expense and intrusiveness of the discovery outweighs

28   the likelihood that the documents sought will lead to the discovery of admissible

A/72865707.1                                    - 4 -

1  evidence. Kadisha further objects to the request on the grounds that it seeks
2  documents that are protected by attorney-client privilege and attorney work
3  product doctrine. Kadisha further objects to the request on the grounds that it is
4  vague, ambiguous and fails to identify the documents with sufficient particularity.

5

6  **REQUEST NO. 3:**

7       All documents referring or relating to agreements, contracts or transactions
8  between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington
9  Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA, and
10  any amendments or modifications thereto, any alleged defaults thereunder, and any
11  communications referring or relating to any such agreements, contracts or
12  transactions.

13  **RESPONSE TO REQUEST NO. 3:**

14       In addition to the general objections set forth above, Kadisha objects to this
15  request on the ground that it seeks information that is not relevant to the parties'
16  claims or defenses asserted in the action and is beyond the scope of permissible
17  discovery. Kadisha further objects to this request on the ground that it seeks
18  private, confidential and proprietary information of Kadisha and other non-parties.
19  Kadisha further objects to the request on the grounds that it is overly broad, unduly
20  burdensome, oppressive and harassing. Kadisha further objects to the request on
21  the ground that the burden, expense and intrusiveness of the discovery outweighs
22  the likelihood that the documents sought will lead to the discovery of admissible
23  evidence. Kadisha further objects to the request on the grounds that it seeks
24  documents that are protected by attorney-client privilege and attorney work
25  product doctrine. Kadisha further objects to the request on the grounds that it is
26  vague, ambiguous and fails to identify the documents with sufficient particularity.

27

28

A/72865707.1

- 5 -

1 **REQUEST NO. 4:**

2    All documents referring or relating to agreements, contracts or transactions

3 between Vision Capital, LLC, True Vision Capital Management, LLC, or any

4 subsidiary or affiliate of Vision, Capital, LLC and/or True Vision Capital

5 Management, LLC (hereinafter, collectively, "Vision Capital"); and MGA, and any

6 amendments or modifications thereto, any alleged defaults thereunder, and any

7 communications referring or relating to any such agreements, contracts or

8 transactions.

9 **RESPONSE TO REQUEST NO. 4:**

10    In addition to the general objections set forth above, Kadisha objects to this

11 request on the ground that it seeks information that is not relevant to the parties'

12 claims or defenses asserted in the action and is beyond the scope of permissible

13 discovery. Kadisha further objects to this request on the ground that it seeks

14 private, confidential and proprietary information of Kadisha and other non-parties.

15 Kadisha further objects to the request on the grounds that it is overly broad, unduly

16 burdensome, oppressive and harassing. Kadisha further objects to the request on

17 the ground that the burden, expense and intrusiveness of the discovery outweighs

18 the likelihood that the documents sought will lead to the discovery of admissible

19 evidence. Kadisha further objects to the request on the grounds that it seeks

20 documents that are protected by attorney-client privilege and attorney work

21 product doctrine. Kadisha further objects to the request on the grounds that it is

22 vague, ambiguous and fails to identify the documents with sufficient particularity.

23

24 **REQUEST NO. 5:**

25    All documents referring or relating to agreements, contracts or transactions

26 between Vision Capital and Lexington Financial, and any amendments or

27 modifications thereto, any alleged defaults thereunder, and any communications

28 referring or relating to any such agreements, contracts or transactions.

A/72865707.1

- 6 -

1    **RESPONSE TO REQUEST NO. 5:**

2    In addition to the general objections set forth above, Kadisha objects to this

3    request on the ground that it seeks information that is not relevant to the parties'

4    claims or defenses asserted in the action and is beyond the scope of permissible

5    discovery. Kadisha further objects to this request on the ground that it seeks

6    private, confidential and proprietary information of Kadisha and other non-parties.

7    Kadisha further objects to the request on the grounds that it is overly broad, unduly

8    burdensome, oppressive and harassing. Kadisha further objects to the request on

9    the ground that the burden, expense and intrusiveness of the discovery outweighs

10   the likelihood that the documents sought will lead to the discovery of admissible

11   evidence. Kadisha further objects to the request on the grounds that it seeks

12   documents that are protected by attorney-client privilege and attorney work

13   product doctrine. Kadisha further objects to the request on the grounds that it is

14   vague, ambiguous and fails to identify the documents with sufficient particularity.

15

16   **REQUEST NO. 6:**

17   All documents referring or relating to agreements, contracts or transactions

18   between Omni 808 and Lexington Financial and/or Vision Capital, and any

19   amendments or modifications thereto, any alleged defaults thereunder, and any

20   communications referring or relating to any such agreements, contracts or

21   transactions.

22   **RESPONSE TO REQUEST NO. 6:**

23   In addition to the general objections set forth above, Kadisha objects to this

24   request on the ground that it seeks information that is not relevant to the parties'

25   claims or defenses asserted in the action and is beyond the scope of permissible

26   discovery. Kadisha further objects to this request on the ground that it seeks

27   private, confidential and proprietary information of Kadisha and other non-parties.

28   Kadisha further objects to the request on the grounds that it is overly broad, unduly

A/72865707.1                                    - 7 -

1  burdensome, oppressive and harassing. Kadisha further objects to the request on

2  the ground that the burden, expense and intrusiveness of the discovery outweighs

3  the likelihood that the documents sought will lead to the discovery of admissible

4  evidence. Kadisha further objects to the request on the grounds that it seeks

5  documents that are protected by attorney-client privilege and attorney work

6  product doctrine. Kadisha further objects to the request on the grounds that it is

7  vague, ambiguous and fails to identify the documents with sufficient particularity.

8

9  **REQUEST NO. 7:**

10     All documents referring or relating to agreements, contracts or transactions

11  between OmniNet and Vision Capital and/or Lexington Financial, and any

12  amendments or modifications thereto, any alleged defaults thereunder, and any

13  communications referring or relating to any such agreements, contracts or

14  transactions.

15  **RESPONSE TO REQUEST NO. 7:**

16     In addition to the general objections set forth above, Kadisha objects to this

17  request on the ground that it seeks information that is not relevant to the parties'

18  claims or defenses asserted in the action and is beyond the scope of permissible

19  discovery. Kadisha further objects to this request on the ground that it seeks

20  private, confidential and proprietary information of Kadisha and other non-parties.

21  Kadisha further objects to the request on the grounds that it is overly broad, unduly

22  burdensome, oppressive and harassing. Kadisha further objects to the request on

23  the ground that the burden, expense and intrusiveness of the discovery outweighs

24  the likelihood that the documents sought will lead to the discovery of admissible

25  evidence. Kadisha further objects to the request on the grounds that it seeks

26  documents that are protected by attorney-client privilege and attorney work

27  product doctrine. Kadisha further objects to the request on the grounds that it is

28  vague, ambiguous and fails to identify the documents with sufficient particularity.

1

2    **REQUEST NO. 8:**

3         All documents referring or relating to agreements, contracts or transactions

4    between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808,

5    Vision Capital or Lexington Financial and any amendments or modifications

6    thereto, any alleged defaults thereunder and any communications referring or

7    relating to any such agreements, contracts or transactions.

8    **RESPONSE TO REQUEST NO. 8:**

9         In addition to the general objections set forth above, Kadisha objects to this

10   request on the ground that it seeks information that is not relevant to the parties'

11   claims or defenses asserted in the action and is beyond the scope of permissible

12   discovery.  Kadisha further objects to this request on the ground that it seeks

13   private, confidential and proprietary information of Kadisha and other non-parties.

14   Kadisha further objects to the request on the grounds that it is overly broad, unduly

15   burdensome, oppressive and harassing.  Kadisha further objects to the request on

16   the ground that the burden, expense and intrusiveness of the discovery outweighs

17   the likelihood that the documents sought will lead to the discovery of admissible

18   evidence.  Kadisha further objects to the request on the grounds that it seeks

19   documents that are protected by attorney-client privilege and attorney work

20   product doctrine.  Kadisha further objects to the request on the grounds that it is

21   vague, ambiguous and fails to identify the documents with sufficient particularity.

22

23   **REQUEST NO. 9:**

24         All documents referring or relating to agreements, contracts or transactions

25   between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet, and

26   any amendments or modifications thereto, any alleged defaults thereunder and any

27   communications referring or relating to any such agreements, contracts or

28   transactions.

A/72865707.1                                    - 9 -

1  **RESPONSE TO REQUEST NO. 9:**

2      In addition to the general objections set forth above, Kadisha objects to this

3  request on the ground that it seeks information that is not relevant to the parties'

4  claims or defenses asserted in the action and is beyond the scope of permissible

5  discovery. Kadisha further objects to this request on the ground that it seeks

6  private, confidential and proprietary information of Kadisha and other non-parties.

7  Kadisha further objects to the request on the grounds that it is overly broad, unduly

8  burdensome, oppressive and harassing. Kadisha further objects to the request on

9  the ground that the burden, expense and intrusiveness of the discovery outweighs

10  the likelihood that the documents sought will lead to the discovery of admissible

11  evidence. Kadisha further objects to the request on the grounds that it seeks

12  documents that are protected by attorney-client privilege and attorney work

13  product doctrine. Kadisha further objects to the request on the grounds that it is

14  vague, ambiguous and fails to identify the documents with sufficient particularity.

15

16  **REQUEST NO. 10:**

17      All documents containing financial information, including but not limited to

18  historical and prospective financial performance, provided by MGA to Omni 808,

19  OmniNet, Lexington Financial or Vision Capital since January 1, 2007.

20  **RESPONSE TO REQUEST NO. 10:**

21      In addition to the general objections set forth above, Kadisha objects to this

22  request on the ground that it seeks information that is not relevant to the parties'

23  claims or defenses asserted in the action and is beyond the scope of permissible

24  discovery. Kadisha further objects to this request on the ground that it seeks

25  private, confidential and proprietary information of Kadisha and other non-parties.

26  Kadisha further objects to the request on the grounds that it is overly broad, unduly

27  burdensome, oppressive and harassing. Kadisha further objects to the request on

28  the ground that the burden, expense and intrusiveness of the discovery outweighs

1   the likelihood that the documents sought will lead to the discovery of admissible

2   evidence. Kadisha further objects to the request on the grounds that it seeks

3   documents that are protected by attorney-client privilege and attorney work

4   product doctrine. Kadisha further objects to the request on the grounds that it is

5   vague, ambiguous and fails to identify the documents with sufficient particularity.

6

7   **REQUEST NO. 11:**

8        Documents sufficient to identify (a) each member, managing member,

9   holder of any ownership interest in, shareholder, officer and director of Omni 808

10  and (b) the dates of such person's affiliation with Omni 808.

11  **RESPONSE TO REQUEST NO. 11:**

12       In addition to the general objections set forth above, Kadisha objects to this

13  request on the ground that it seeks information that is not relevant to the parties'

14  claims or defenses asserted in the action and is beyond the scope of permissible

15  discovery. Kadisha further objects to this request on the ground that it seeks

16  private, confidential and proprietary information of Kadisha and other non-parties.

17  Kadisha further objects to the request on the grounds that it is overly broad, unduly

18  burdensome, oppressive and harassing. Kadisha further objects to the request on

19  the ground that the burden, expense and intrusiveness of the discovery outweighs

20  the likelihood that the documents sought will lead to the discovery of admissible

21  evidence. Kadisha further objects to the request on the grounds that it seeks

22  documents that are protected by attorney-client privilege and attorney work

23  product doctrine. Kadisha further objects to the request on the grounds that it is

24  vague, ambiguous and fails to identify the documents with sufficient particularity.

25

26  **REQUEST NO. 12:**

27       Documents sufficient to identify (a) each member, managing member,

28  holder of any ownership interest in, shareholder, officer and director of Vision

A/72865707.1                                    - 11 -

1   Capital and (b) the dates of such person's affiliation with Vision Capital.

2   **RESPONSE TO REQUEST NO. 12:**

3        In addition to the general objections set forth above, Kadisha objects to this

4   request on the ground that it seeks information that is not relevant to the parties'

5   claims or defenses asserted in the action and is beyond the scope of permissible

6   discovery. Kadisha further objects to this request on the ground that it seeks

7   private, confidential and proprietary information of Kadisha and other non-parties.

8   Kadisha further objects to the request on the grounds that it is overly broad, unduly

9   burdensome, oppressive and harassing. Kadisha further objects to the request on

10  the ground that the burden, expense and intrusiveness of the discovery outweighs

11  the likelihood that the documents sought will lead to the discovery of admissible

12  evidence. Kadisha further objects to the request on the grounds that it seeks

13  documents that are protected by attorney-client privilege and attorney work

14  product doctrine. Kadisha further objects to the request on the grounds that it is

15  vague, ambiguous and fails to identify the documents with sufficient particularity.

16

17  **REQUEST NO. 13:**

18       Documents sufficient to identify (a) each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director of Lexington

20  Financial and (b) the dates of such person's affiliation with Lexington Financial.

21  **RESPONSE TO REQUEST NO. 13:**

22        In addition to the general objections set forth above, Kadisha objects to this

23  request on the ground that it seeks information that is not relevant to the parties'

24  claims or defenses asserted in the action and is beyond the scope of permissible

25  discovery. Kadisha further objects to this request on the ground that it seeks

26  private, confidential and proprietary information of Kadisha and other non-parties.

27  Kadisha further objects to the request on the grounds that it is overly broad, unduly

28  burdensome, oppressive and harassing. Kadisha further objects to the request on

A/72865707.1                                    - 12 -

1   the ground that the burden, expense and intrusiveness of the discovery outweighs

2   the likelihood that the documents sought will lead to the discovery of admissible

3   evidence. Kadisha further objects to the request on the grounds that it seeks

4   documents that are protected by attorney-client privilege and attorney work

5   product doctrine. Kadisha further objects to the request on the grounds that it is

6   vague, ambiguous and fails to identify the documents with sufficient particularity.

7

8   **REQUEST NO. 14:**

9       All documents referring or relating to the formation and governance of Omni

10   808.

11   **RESPONSE TO REQUEST NO. 14:**

12       In addition to the general objections set forth above, Kadisha objects to this

13   request on the ground that it seeks information that is not relevant to the parties'

14   claims or defenses asserted in the action and is beyond the scope of permissible

15   discovery. Kadisha further objects to this request on the ground that it seeks

16   private, confidential and proprietary information of Kadisha and other non-parties.

17   Kadisha further objects to the request on the grounds that it is overly broad, unduly

18   burdensome, oppressive and harassing. Kadisha further objects to the request on

19   the ground that the burden, expense and intrusiveness of the discovery outweighs

20   the likelihood that the documents sought will lead to the discovery of admissible

21   evidence. Kadisha further objects to the request on the grounds that it seeks

22   documents that are protected by attorney-client privilege and attorney work

23   product doctrine. Kadisha further objects to the request on the grounds that it is

24   vague, ambiguous and fails to identify the documents with sufficient particularity.

25

26   **REQUEST NO. 15:**

27       All documents referring or relating to the formation and governance of

28   Vision Capital, including documents identifying (a) each person involved in

A/72865707.1          - 13 -

1  retaining, hiring or engaging or who otherwise communicated with Delaware

2  Corporations LLC, and (b) any bank accounts, credit cards or other financial

3  instruments used in connection with the activities set forth in (a).

4  **RESPONSE TO REQUEST NO. 15:**

5      In addition to the general objections set forth above, Kadisha objects to this

6  request on the ground that it seeks information that is not relevant to the parties'

7  claims or defenses asserted in the action and is beyond the scope of permissible

8  discovery. Kadisha further objects to this request on the ground that it seeks

9  private, confidential and proprietary information of Kadisha and other non-parties.

10  Kadisha further objects to the request on the grounds that it is overly broad, unduly

11  burdensome, oppressive and harassing. Kadisha further objects to the request on

12  the ground that the burden, expense and intrusiveness of the discovery outweighs

13  the likelihood that the documents sought will lead to the discovery of admissible

14  evidence. Kadisha further objects to the request on the grounds that it seeks

15  documents that are protected by attorney-client privilege and attorney work

16  product doctrine. Kadisha further objects to the request on the grounds that it is

17  vague, ambiguous and fails to identify the documents with sufficient particularity.

18

19  **REQUEST NO. 16:**

20      All documents referring or relating to the formation and governance of

21  Lexington Financial. including documents identifying (a) each person involved in

22  retaining, hiring or engaging or who otherwise communicated with Trust Services

23  (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or

24  engaging or who otherwise communicated with the office that Lexington

25  purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts,

26  credit cards or other financial instruments used in collection with the activities set

27  forth in (a) and/or (b).

28
A/72865707.1                                    - 14 -

1  **RESPONSE TO REQUEST NO. 16:**

2  In addition to the general objections set forth above, Kadisha objects to this

3  request on the ground that it seeks information that is not relevant to the parties'

4  claims or defenses asserted in the action and is beyond the scope of permissible

5  discovery.  Kadisha further objects to this request on the ground that it seeks

6  private, confidential and proprietary information of Kadisha and other non-parties.

7  Kadisha further objects to the request on the grounds that it is overly broad, unduly

8  burdensome, oppressive and harassing.  Kadisha further objects to the request on

9  the ground that the burden, expense and intrusiveness of the discovery outweighs

10  the likelihood that the documents sought will lead to the discovery of admissible

11  evidence.  Kadisha further objects to the request on the grounds that it seeks

12  documents that are protected by attorney-client privilege and attorney work

13  product doctrine.  Kadisha further objects to the request on the grounds that it is

14  vague, ambiguous and fails to identify the documents with sufficient particularity.

15

16  **REQUEST NO. 17:**

17  All documents detailing or setting forth the relationship between Omni 808

18  and OmniNet, if any.

19  **RESPONSE TO REQUEST NO. 17:**

20  In addition to the general objections set forth above, Kadisha objects to this

21  request on the ground that it seeks information that is not relevant to the parties'

22  claims or defenses asserted in the action and is beyond the scope of permissible

23  discovery.  Kadisha further objects to this request on the ground that it seeks

24  private, confidential and proprietary information of Kadisha and other non-parties.

25  Kadisha further objects to the request on the grounds that it is overly broad, unduly

26  burdensome, oppressive and harassing.  Kadisha further objects to the request on

27  the ground that the burden, expense and intrusiveness of the discovery outweighs

28  the likelihood that the documents sought will lead to the discovery of admissible

A/72865707.1                                   - 15 -

1  evidence. Kadisha further objects to the request on the grounds that it seeks

2  documents that are protected by attorney-client privilege and attorney work

3  product doctrine. Kadisha further objects to the request on the grounds that it is

4  vague, ambiguous and fails to identify the documents with sufficient particularity.

5

6  **REQUEST NO. 18:**

7      All documents detailing or setting forth the relationship between Omni 808

8  and Vision Capital or Lexington Financial, if any.

9  **RESPONSE TO REQUEST NO. 18:**

10     In addition to the general objections set forth above, Kadisha objects to this

11 request on the ground that it seeks information that is not relevant to the parties'

12 claims or defenses asserted in the action and is beyond the scope of permissible

13 discovery. Kadisha further objects to this request on the ground that it seeks

14 private, confidential and proprietary information of Kadisha and other non-parties.

15 Kadisha further objects to the request on the grounds that it is overly broad, unduly

16 burdensome, oppressive and harassing. Kadisha further objects to the request on

17 the ground that the burden, expense and intrusiveness of the discovery outweighs

18 the likelihood that the documents sought will lead to the discovery of admissible

19 evidence. Kadisha further objects to the request on the grounds that it seeks

20 documents that are protected by attorney-client privilege and attorney work

21 product doctrine. Kadisha further objects to the request on the grounds that it is

22 vague, ambiguous and fails to identify the documents with sufficient particularity.

23

24 **REQUEST NO. 19:**

25     All documents detailing or setting forth the relationship between OnmiNet

26 and Vision Capital Or Lexington Financial, if any.

27 **RESPONSE TO REQUEST NO. 19:**

28     In addition to the general objections set forth above, Kadisha objects to this

A/72865707.1                          - 16 -

1    request on the ground that it seeks information that is not relevant to the parties'

2    claims or defenses asserted in the action and is beyond the scope of permissible

3    discovery. Kadisha further objects to this request on the ground that it seeks

4    private, confidential and proprietary information of Kadisha and other non-parties.

5    Kadisha further objects to the request on the grounds that it is overly broad, unduly

6    burdensome, oppressive and harassing. Kadisha further objects to the request on

7    the ground that the burden, expense and intrusiveness of the discovery outweighs

8    the likelihood that the documents sought will lead to the discovery of admissible

9    evidence. Kadisha further objects to the request on the grounds that it seeks

10   documents that are protected by attorney-client privilege and attorney work

11   product doctrine. Kadisha further objects to the request on the grounds that it is

12   vague, ambiguous and fails to identify the documents with sufficient particularity.

13

14   **REQUEST NO. 20:**

15       All documents detailing or setting forth the relationship between Omni 808

16   and MGA, if any.

17   **RESPONSE TO REQUEST NO. 20:**

18       In addition to the general objections set forth above, Kadisha objects to this

19   request on the ground that it seeks information that is not relevant to the parties'

20   claims or defenses asserted in the action and is beyond the scope of permissible

21   discovery. Kadisha further objects to this request on the ground that it seeks

22   private, confidential and proprietary information of Kadisha and other non-parties.

23   Kadisha further objects to the request on the grounds that it is overly broad, unduly

24   burdensome, oppressive and harassing. Kadisha further objects to the request on

25   the ground that the burden, expense and intrusiveness of the discovery outweighs

26   the likelihood that the documents sought will lead to the discovery of admissible

27   evidence. Kadisha further objects to the request on the grounds that it seeks

28   documents that are protected by attorney-client privilege and attorney work

A/72865707.1                           - 17 -

1  product doctrine. Kadisha further objects to the request on the grounds that it is

2  vague, ambiguous and fails to identify the documents with sufficient particularity.

3

4  **REQUEST NO. 21:**

5      All documents detailing or setting forth the relationship between OmniNet

6  and MGA, if any.

7  **RESPONSE TO REQUEST NO. 21:**

8      In addition to the general objections set forth above, Kadisha objects to this

9  request on the ground that it seeks information that is not relevant to the parties'

10  claims or defenses asserted in the action and is beyond the scope of permissible

11  discovery. Kadisha further objects to this request on the ground that it seeks

12  private, confidential and proprietary information of Kadisha and other non-parties.

13  Kadisha further objects to the request on the grounds that it is overly broad, unduly

14  burdensome, oppressive and harassing. Kadisha further objects to the request on

15  the ground that the burden, expense and intrusiveness of the discovery outweighs

16  the likelihood that the documents sought will lead to the discovery of admissible

17  evidence. Kadisha further objects to the request on the grounds that it seeks

18  documents that are protected by attorney-client privilege and attorney work

19  product doctrine. Kadisha further objects to the request on the grounds that it is

20  vague, ambiguous and fails to identify the documents with sufficient particularity.

21

22  **REQUEST NO. 22:**

23      All documents detailing or setting forth the relationship between MGA and

24  Vision Capital or Lexington Financial, if any.

25  **RESPONSE TO REQUEST NO. 22:**

26      In addition to the general objections set forth above, Kadisha objects to this

27  request on the ground that it seeks information that is not relevant to the parties'

28  claims or defenses asserted in the action and is beyond the scope of permissible

A/72865707.1                                    - 18 -

1  discovery. Kadisha further objects to this request on the ground that it seeks
2  private, confidential and proprietary information of Kadisha and other non-parties.
3  Kadisha further objects to the request on the grounds that it is overly broad, unduly
4  burdensome, oppressive and harassing. Kadisha further objects to the request on
5  the ground that the burden, expense and intrusiveness of the discovery outweighs
6  the likelihood that the documents sought will lead to the discovery of admissible
7  evidence. Kadisha further objects to the request on the grounds that it seeks
8  documents that are protected by attorney-client privilege and attorney work
9  product doctrine. Kadisha further objects to the request on the grounds that it is
10 vague, ambiguous and fails to identify the documents with sufficient particularity.
11

12 **REQUEST NO. 23:**

13     All documents detailing or setting forth the relationship between Lexington
14 Financial and Vision Capital, if any.

15 **RESPONSE TO REQUEST NO. 23:**

16     In addition to the general objections set forth above, Kadisha objects to this
17 request on the ground that it seeks information that is not relevant to the parties'
18 claims or defenses asserted in the action and is beyond the scope of permissible
19 discovery. Kadisha further objects to this request on the ground that it seeks
20 private, confidential and proprietary information of Kadisha and other non-parties.
21 Kadisha further objects to the request on the grounds that it is overly broad, unduly
22 burdensome, oppressive and harassing. Kadisha further objects to the request on
23 the ground that the burden, expense and intrusiveness of the discovery outweighs
24 the likelihood that the documents sought will lead to the discovery of admissible
25 evidence. Kadisha further objects to the request on the grounds that it seeks
26 documents that are protected by attorney-client privilege and attorney work
27 product doctrine. Kadisha further objects to the request on the grounds that it is
28 vague, ambiguous and fails to identify the documents with sufficient particularity.

A/72865707.1                          - 19 -

1

2   **REQUEST NO. 24:**

3        All documents detailing or setting forth the relationship between Omni 808

4   and Isaac Larian or his family members, if any.  As used in these Requests, "family

5   members" of Isaac Larian include without limitation Farhad Larian, Angela Larian

6   (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or

7   Zarabi families or any entities that any of the foregoing own, have an interest in or

8   control.

9   **RESPONSE TO REQUEST NO. 24:**

10       In addition to the general objections set forth above, Kadisha objects to this

11  request on the ground that it seeks information that is not relevant to the parties'

12  claims or defenses asserted in the action and is beyond the scope of permissible

13  discovery.  Kadisha further objects to this request on the ground that it seeks

14  private, confidential and proprietary information of Kadisha and other non-parties.

15  Kadisha further objects to the request on the grounds that it is overly broad, unduly

16  burdensome, oppressive and harassing.  Kadisha further objects to the request on

17  the ground that the burden, expense and intrusiveness of the discovery outweighs

18  the likelihood that the documents sought will lead to the discovery of admissible

19  evidence.  Kadisha further objects to the request on the grounds that it seeks

20  documents that are protected by attorney-client privilege and attorney work

21  product doctrine.  Kadisha further objects to the request on the grounds that it is

22  vague, ambiguous and fails to identify the documents with sufficient particularity.

23

24  **REQUEST NO. 25:**

25       All documents detailing or setting forth the relationship between OmniNet

26  and Isaac Larian or his family members, if any.

27  **RESPONSE TO REQUEST NO. 25:**

28       In addition to the general objections set forth above, Kadisha objects to this

A/72865707.1                                    - 20 -

1   request on the ground that it seeks information that is not relevant to the parties'
2   claims or defenses asserted in the action and is beyond the scope of permissible
3   discovery. Kadisha further objects to this request on the ground that it seeks
4   private, confidential and proprietary information of Kadisha and other non-parties.
5   Kadisha further objects to the request on the grounds that it is overly broad, unduly
6   burdensome, oppressive and harassing. Kadisha further objects to the request on
7   the ground that the burden, expense and intrusiveness of the discovery outweighs
8   the likelihood that the documents sought will lead to the discovery of admissible
9   evidence. Kadisha further objects to the request on the grounds that it seeks
10  documents that are protected by attorney-client privilege and attorney work
11  product doctrine. Kadisha further objects to the request on the grounds that it is
12  vague, ambiguous and fails to identify the documents with sufficient particularity.
13
14  **REQUEST NO. 26:**
15      All documents detailing or setting forth the relationship between Lexington
16  Financial or Vision Capital and Isaac Larian or his family members, if any.
17  **RESPONSE TO REQUEST NO. 26:**
18      In addition to the general objections set forth above, Kadisha objects to this
19  request on the ground that it seeks information that is not relevant to the parties'
20  claims or defenses asserted in the action and is beyond the scope of permissible
21  discovery. Kadisha further objects to this request on the ground that it seeks
22  private, confidential and proprietary information of Kadisha and other non-parties.
23  Kadisha further objects to the request on the grounds that it is overly broad, unduly
24  burdensome, oppressive and harassing. Kadisha further objects to the request on
25  the ground that the burden, expense and intrusiveness of the discovery outweighs
26  the likelihood that the documents sought will lead to the discovery of admissible
27  evidence. Kadisha further objects to the request on the grounds that it seeks
28  documents that are protected by attorney-client privilege and attorney work

A/72865707.1

- 21 -

1 | product doctrine. Kadisha further objects to the request on the grounds that it is
2 | vague, ambiguous and fails to identify the documents with sufficient particularity.
3 |
4 | **REQUEST NO. 27:**
5 |     All documents referring or relating to the source of funding or credit for
6 | Lexington Financial or Vision Capital.
7 | **RESPONSE TO REQUEST NO. 27:**
8 |     In addition to the general objections set forth above, Kadisha objects to this
9 | request on the ground that it seeks information that is not relevant to the parties'
10 | claims or defenses asserted in the action and is beyond the scope of permissible
11 | discovery. Kadisha further objects to this request on the ground that it seeks
12 | private, confidential and proprietary information of Kadisha and other non-parties.
13 | Kadisha further objects to the request on the grounds that it is overly broad, unduly
14 | burdensome, oppressive and harassing. Kadisha further objects to the request on
15 | the ground that the burden, expense and intrusiveness of the discovery outweighs
16 | the likelihood that the documents sought will lead to the discovery of admissible
17 | evidence. Kadisha further objects to the request on the grounds that it seeks
18 | documents that are protected by attorney-client privilege and attorney work
19 | product doctrine. Kadisha further objects to the request on the grounds that it is
20 | vague, ambiguous and fails to identify the documents with sufficient particularity.
21 |
22 | **REQUEST NO. 28:**
23 |     All documents referring or relating to the source of funding or credit for
24 | Omni 808.
25 | **RESPONSE TO REQUEST NO. 28:**
26 |     In addition to the general objections set forth above, Kadisha objects to this
27 | request on the ground that it seeks information that is not relevant to the parties'
28 | claims or defenses asserted in the action and is beyond the scope of permissible

A/72865707.1
- 22 -

**EXHIBIT F - PAGE 75**

1  discovery. Kadisha further objects to this request on the ground that it seeks
2  private, confidential and proprietary information of Kadisha and other non-parties.
3  Kadisha further objects to the request on the grounds that it is overly broad, unduly
4  burdensome, oppressive and harassing. Kadisha further objects to the request on
5  the ground that the burden, expense and intrusiveness of the discovery outweighs
6  the likelihood that the documents sought will lead to the discovery of admissible
7  evidence. Kadisha further objects to the request on the grounds that it seeks
8  documents that are protected by attorney-client privilege and attorney work
9  product doctrine. Kadisha further objects to the request on the grounds that it is
10  vague, ambiguous and fails to identify the documents with sufficient particularity.
11
12  **REQUEST NO. 29:**
13      All documents referring or relating to the source of funding or credit for
14  MGA.
15  **RESPONSE TO REQUEST NO. 29:**
16      In addition to the general objections set forth above, Kadisha objects to this
17  request on the ground that it seeks information that is not relevant to the parties'
18  claims or defenses asserted in the action and is beyond the scope of permissible
19  discovery. Kadisha further objects to this request on the ground that it seeks
20  private, confidential and proprietary information of Kadisha and other non-parties.
21  Kadisha further objects to the request on the grounds that it is overly broad, unduly
22  burdensome, oppressive and harassing. Kadisha further objects to the request on
23  the ground that the burden, expense and intrusiveness of the discovery outweighs
24  the likelihood that the documents sought will lead to the discovery of admissible
25  evidence. Kadisha further objects to the request on the grounds that it seeks
26  documents that are protected by attorney-client privilege and attorney work
27  product doctrine. Kadisha further objects to the request on the grounds that it is
28  vague, ambiguous and fails to identify the documents with sufficient particularity.

A/72865707.1

-23-

1

2 **REQUEST NO. 30:**

3        All documents referring or relating to all contributions, loans and any

4   sources of funding or credit for Omni 808 during the last twelve months, including

5   but not limited to agreements and/or contracts supporting these transactions.

6 **RESPONSE TO REQUEST NO. 30:**

7        In addition to the general objections set forth above, Kadisha objects to this

8   request on the ground that it seeks information that is not relevant to the parties'

9   claims or defenses asserted in the action and is beyond the scope of permissible

10  discovery. Kadisha further objects to this request on the ground that it seeks

11  private, confidential and proprietary information of Kadisha and other non-parties.

12  Kadisha further objects to the request on the grounds that it is overly broad, unduly

13  burdensome, oppressive and harassing. Kadisha further objects to the request on

14  the ground that the burden, expense and intrusiveness of the discovery outweighs

15  the likelihood that the documents sought will lead to the discovery of admissible

16  evidence. Kadisha further objects to the request on the grounds that it seeks

17  documents that are protected by attorney-client privilege and attorney work

18  product doctrine. Kadisha further objects to the request on the grounds that it is

19  vague, ambiguous and fails to identify the documents with sufficient particularity.

20

21 **REQUEST NO. 31:**

22        All documents showing detail of loan facilities for Omni 808 with an

23  indication of creditor and relevant terms referring or relating to MGA, OmniNet,

24  Omni 808, Vision Capital, Lexington Financial, Isaac Larian or his family

25  members.

26 **RESPONSE TO REQUEST NO. 31:**

27        In addition to the general objections set forth above, Kadisha objects to this

28  request on the ground that it seeks information that is not relevant to the parties'

A/72865707.1                                    - 24 -

1  claims or defenses asserted in the action and is beyond the scope of permissible
2  discovery. Kadisha further objects to this request on the ground that it seeks
3  private, confidential and proprietary information of Kadisha and other non-parties.
4  Kadisha further objects to the request on the grounds that it is overly broad, unduly
5  burdensome, oppressive and harassing. Kadisha further objects to the request on
6  the ground that the burden, expense and intrusiveness of the discovery outweighs
7  the likelihood that the documents sought will lead to the discovery of admissible
8  evidence. Kadisha further objects to the request on the grounds that it seeks
9  documents that are protected by attorney-client privilege and attorney work
10  product doctrine. Kadisha further objects to the request on the grounds that it is
11  vague, ambiguous and fails to identify the documents with sufficient particularity.
12
13  **REQUEST NO. 32:**
14      All documents referring or relating to transactions involving any
15  compensation, loans, advances, payments, fees or any other form of consideration
16  paid by Omni 808 to Isaac Larian, his family members, or affiliates, or any other
17  related party, including MGA.
18  **RESPONSE TO REQUEST NO. 32:**
19      In addition to the general objections set forth above, Kadisha objects to this
20  request on the ground that it seeks information that is not relevant to the parties'
21  claims or defenses asserted in the action and is beyond the scope of permissible
22  discovery. Kadisha further objects to this request on the ground that it seeks
23  private, confidential and proprietary information of Kadisha and other non-parties.
24  Kadisha further objects to the request on the grounds that it is overly broad, unduly
25  burdensome, oppressive and harassing. Kadisha further objects to the request on
26  the ground that the burden, expense and intrusiveness of the discovery outweighs
27  the likelihood that the documents sought will lead to the discovery of admissible
28  evidence. Kadisha further objects to the request on the grounds that it seeks

A/72865707.1                          - 25 -

1   documents that are protected by attorney-client privilege and attorney work

2   product doctrine.  Kadisha further objects to the request on the grounds that it is

3   vague, ambiguous and fails to identify the documents with sufficient particularity.

4

5   **REQUEST NO. 33:**

6        All documents referring or relating to transactions involving any

7   compensation, loans, advances, payments, fees or any other form of consideration

8   paid by OmniNet to Isaac Larian, his family members, or affiliates, or any other

9   related party, including MGA.

10  **RESPONSE TO REQUEST NO. 33:**

11       In addition to the general objections set forth above, Kadisha objects to this

12  request on the ground that it seeks information that is not relevant to the parties'

13  claims or defenses asserted in the action and is beyond the scope of permissible

14  discovery.  Kadisha further objects to this request on the ground that it seeks

15  private, confidential and proprietary information of Kadisha and other non-parties.

16  Kadisha further objects to the request on the grounds that it is overly broad, unduly

17  burdensome, oppressive and harassing.  Kadisha further objects to the request on

18  the ground that the burden, expense and intrusiveness of the discovery outweighs

19  the likelihood that the documents sought will lead to the discovery of admissible

20  evidence.  Kadisha further objects to the request on the grounds that it seeks

21  documents that are protected by attorney-client privilege and attorney work

22  product doctrine.  Kadisha further objects to the request on the grounds that it is

23  vague, ambiguous and fails to identify the documents with sufficient particularity.

24

25  **REQUEST NO. 34:**

26       All documents referring or relating to transactions involving any

27  compensation, loans, advances, payments, fees or any other form of consideration

28  paid by Vision Capital to Omni 808, OmniNet, Lexington Capital, Isaac Larian, his

A/72865707.1                          - 26 -

1  family members, or affiliates, or any other related party, including MGA.

2  **RESPONSE TO REQUEST NO. 34:**

3      In addition to the general objections set forth above, Kadisha objects to this

4  request on the ground that it seeks information that is not relevant to the parties'

5  claims or defenses asserted in the action and is beyond the scope of permissible

6  discovery. Kadisha further objects to this request on the ground that it seeks

7  private, confidential and proprietary information of Kadisha and other non-parties.

8  Kadisha further objects to the request on the grounds that it is overly broad, unduly

9  burdensome, oppressive and harassing. Kadisha further objects to the request on

10  the ground that the burden, expense and intrusiveness of the discovery outweighs

11  the likelihood that the documents sought will lead to the discovery of admissible

12  evidence. Kadisha further objects to the request on the grounds that it seeks

13  documents that are protected by attorney-client privilege and attorney work

14  product doctrine. Kadisha further objects to the request on the grounds that it is

15  vague, ambiguous and fails to identify the documents with sufficient particularity.

16

17  **REQUEST NO. 35:**

18      All documents referring or relating to transactions involving any

19  compensation, loans, advances, payments, fees or any other form of consideration

20  paid by Lexington Financial to Vision Capital, Omni 808, OmniNet, Isaac Larian,

21  his family members, or affiliates, or any other related party, including MGA.

22  **RESPONSE TO REQUEST NO. 35:**

23      In addition to the general objections set forth above, Kadisha objects to this

24  request on the ground that it seeks information that is not relevant to the parties'

25  claims or defenses asserted in the action and is beyond the scope of permissible

26  discovery. Kadisha further objects to this request on the ground that it seeks

27  private, confidential and proprietary information of Kadisha and other non-parties.

28  Kadisha further objects to the request on the grounds that it is overly broad, unduly

A/72865707.1      -27-

**EXHIBIT F - PAGE 80**

1  burdensome, oppressive and harassing. Kadisha further objects to the request on
2  the ground that the burden, expense and intrusiveness of the discovery outweighs
3  the likelihood that the documents sought will lead to the discovery of admissible
4  evidence. Kadisha further objects to the request on the grounds that it seeks
5  documents that are protected by attorney-client privilege and attorney work
6  product doctrine. Kadisha further objects to the request on the grounds that it is
7  vague, ambiguous and fails to identify the documents with sufficient particularity.
8
9  **REQUEST NO. 36:**
10      Any and all records that substantiate transfers of assets by Omni 808 to other
11  entities, individuals. and/or parties, within the U.S. and outside of the U.S.
12  **RESPONSE TO REQUEST NO. 36:**
13      In addition to the general objections set forth above, Kadisha objects to this
14  request on the ground that it seeks information that is not relevant to the parties'
15  claims or defenses asserted in the action and is beyond the scope of permissible
16  discovery. Kadisha further objects to this request on the ground that it seeks
17  private, confidential and proprietary information of Kadisha and other non-parties.
18  Kadisha further objects to the request on the grounds that it is overly broad, unduly
19  burdensome, oppressive and harassing. Kadisha further objects to the request on
20  the ground that the burden, expense and intrusiveness of the discovery outweighs
21  the likelihood that the documents sought will lead to the discovery of admissible
22  evidence. Kadisha further objects to the request on the grounds that it seeks
23  documents that are protected by attorney-client privilege and attorney work
24  product doctrine. Kadisha further objects to the request on the grounds that it is
25  vague, ambiguous and fails to identify the documents with sufficient particularity.
26
27  **REQUEST NO. 37:**
28      Any and all records that substantiate transfers of assets by Vision Capital to

A/72865707.1                              - 28 -

1    other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

2    **RESPONSE TO REQUEST NO. 37:**

3         In addition to the general objections set forth above, Kadisha objects to this

4    request on the ground that it seeks information that is not relevant to the parties'

5    claims or defenses asserted in the action and is beyond the scope of permissible

6    discovery. Kadisha further objects to this request on the ground that it seeks

7    private, confidential and proprietary information of Kadisha and other non-parties.

8    Kadisha further objects to the request on the grounds that it is overly broad, unduly

9    burdensome, oppressive and harassing. Kadisha further objects to the request on

10    the ground that the burden, expense and intrusiveness of the discovery outweighs

11    the likelihood that the documents sought will lead to the discovery of admissible

12    evidence. Kadisha further objects to the request on the grounds that it seeks

13    documents that are protected by attorney-client privilege and attorney work

14    product doctrine. Kadisha further objects to the request on the grounds that it is

15    vague, ambiguous and fails to identify the documents with sufficient particularity.

16

17    **REQUEST NO. 38:**

18         Any and all records that substantiate transfers of assets by Lexington

19    Financial to other entities, individuals, and/or parties, within the U.S. and outside

20    of the U.S.

21    **RESPONSE TO REQUEST NO. 38:**

22         In addition to the general objections set forth above, Kadisha objects to this

23    request on the ground that it seeks information that is not relevant to the parties'

24    claims or defenses asserted in the action and is beyond the scope of permissible

25    discovery. Kadisha further objects to this request on the ground that it seeks

26    private, confidential and proprietary information of Kadisha and other non-parties.

27    Kadisha further objects to the request on the grounds that it is overly broad, unduly

28    burdensome, oppressive and harassing. Kadisha further objects to the request on

A/72865707.1

- 29 -

1  the ground that the burden, expense and intrusiveness of the discovery outweighs
2  the likelihood that the documents sought will lead to the discovery of admissible
3  evidence. Kadisha further objects to the request on the grounds that it seeks
4  documents that are protected by attorney-client privilege and attorney work
5  product doctrine. Kadisha further objects to the request on the grounds that it is
6  vague, ambiguous and fails to identify the documents with sufficient particularity.

7

8  **REQUEST NO. 39:**

9      All communications referring or relating to Omni 808, OmniNet, Vision
10 Capital, Lexington Financial, Mattel, MGA, Isaac Larian, any entity or business
11 owned or controlled by Isaac Larian or his family members, Fred Mashian and/or
12 Bratz.

13 **RESPONSE TO REQUEST NO. 39:**

14     In addition to the general objections set forth above, Kadisha objects to this
15 request on the ground that it seeks information that is not relevant to the parties'
16 claims or defenses asserted in the action and is beyond the scope of permissible
17 discovery. Kadisha further objects to this request on the ground that it seeks
18 private, confidential and proprietary information of Kadisha and other non-parties.
19 Kadisha further objects to the request on the grounds that it is overly broad, unduly
20 burdensome, oppressive and harassing. Kadisha further objects to the request on
21 the ground that the burden, expense and intrusiveness of the discovery outweighs
22 the likelihood that the documents sought will lead to the discovery of admissible
23 evidence. Kadisha further objects to the request on the grounds that it seeks
24 documents that are protected by attorney-client privilege and attorney work
25 product doctrine. Kadisha further objects to the request on the grounds that it is
26 vague, ambiguous and fails to identify the documents with sufficient particularity.

27
28

A/72865707.1

- 30 -

1    **REQUEST NO. 40:**

2       All documents referring or relating to any contract, transaction or

3 relationship between, on the one hand, Omni 808, OmniNet, Vision Capital and/or

4 Lexington Financial, and, on the other band, Isaac Larian or his family members.

5    **RESPONSE TO REQUEST NO. 40:**

6       In addition to the general objections set forth above, Kadisha objects to this

7 request on the ground that it seeks information that is not relevant to the parties'

8 claims or defenses asserted in the action and is beyond the scope of permissible

9 discovery. Kadisha further objects to this request on the ground that it seeks

10 private, confidential and proprietary information of Kadisha and other non-parties.

11 Kadisha further objects to the request on the grounds that it is overly broad, unduly

12 burdensome, oppressive and harassing. Kadisha further objects to the request on

13 the ground that the burden, expense and intrusiveness of the discovery outweighs

14 the likelihood that the documents sought will lead to the discovery of admissible

15 evidence. Kadisha further objects to the request on the grounds that it seeks

16 documents that are protected by attorney-client privilege and attorney work

17 product doctrine. Kadisha further objects to the request on the grounds that it is

18 vague, ambiguous and fails to identify the documents with sufficient particularity.

19

20    **REQUEST NO. 41:**

21       All documents relating to the U.C.C. financing statements and amendments

22 attached as Exhibit 1.

23    **RESPONSE TO REQUEST NO. 41:**

24       In addition to the general objections set forth above, Kadisha objects to this

25 request on the ground that it seeks information that is not relevant to the parties'

26 claims or defenses asserted in the action and is beyond the scope of permissible

27 discovery. Kadisha further objects to this request on the ground that it seeks

28 private, confidential and proprietary information of Kadisha and other non-parties.

A/72865707.1       -31-

1  Kadisha further objects to the request on the grounds that it is overly broad, unduly
2  burdensome, oppressive and harassing. Kadisha further objects to the request on
3  the ground that the burden, expense and intrusiveness of the discovery outweighs
4  the likelihood that the documents sought will lead to the discovery of admissible
5  evidence. Kadisha further objects to the request on the grounds that it seeks
6  documents that are protected by attorney-client privilege and attorney work
7  product doctrine. Kadisha further objects to the request on the grounds that it is
8  vague, ambiguous and fails to identify the documents with sufficient particularity.
9
10 **REQUEST NO. 42:**
11      Documents sufficient to show each and every entity or business in which
12 you have an interest or role or over which you have control and in which Isaac
13 Larian, or his family members, have any interest or role or over which Isaac
14 Larian, or his family members, have control.
15 **RESPONSE TO REQUEST NO. 42:**
16      In addition to the general objections set forth above, Kadisha objects to this
17 request on the ground that it seeks information that is not relevant to the parties'
18 claims or defenses asserted in the action and is beyond the scope of permissible
19 discovery. Kadisha further objects to this request on the ground that it seeks
20 private, confidential and proprietary information of Kadisha and other non-parties.
21 Kadisha further objects to the request on the grounds that it is overly broad, unduly
22 burdensome, oppressive and harassing. Kadisha further objects to the request on
23 the ground that the burden, expense and intrusiveness of the discovery outweighs
24 the likelihood that the documents sought will lead to the discovery of admissible
25 evidence. Kadisha further objects to the request on the grounds that it seeks
26 documents that are protected by attorney-client privilege and attorney work
27 product doctrine. Kadisha further objects to the request on the grounds that it is
28 vague, ambiguous and fails to identify the documents with sufficient particularity.

A/72865707.1                              - 32 -

1

2 **REQUEST NO. 43:**

3     All documents referring or relating to any transfer, payment, credit, loan or

4 indebtedness to, from or by Isaac Larian, his family members, or any entity or

5 business which Isaac Larian or his family members own, have an interest in or

6 control and that also involves you, or any entity or business that you own, have an

7 interest in or control.

8 **RESPONSE TO REQUEST NO. 43:**

9     In addition to the general objections set forth above, Kadisha objects to this

10 request on the ground that it seeks information that is not relevant to the parties'

11 claims or defenses asserted in the action and is beyond the scope of permissible

12 discovery. Kadisha further objects to this request on the ground that it seeks

13 private, confidential and proprietary information of Kadisha and other non-parties.

14 Kadisha further objects to the request on the grounds that it is overly broad, unduly

15 burdensome, oppressive and harassing. Kadisha further objects to the request on

16 the ground that the burden, expense and intrusiveness of the discovery outweighs

17 the likelihood that the documents sought will lead to the discovery of admissible

18 evidence. Kadisha further objects to the request on the grounds that it seeks

19 documents that are protected by attorney-client privilege and attorney work

20 product doctrine. Kadisha further objects to the request on the grounds that it is

21 vague, ambiguous and fails to identify the documents with sufficient particularity.

22

23 **REQUEST NO. 44:**

24     To the extent not produced in response to any other Request, documents

25 sufficient to show the nature, extent and timing of your relationship to or with

26 Isaac Larian, his family members, or any entity or business owned or controlled by

27 Isaac Larian or his family members.

28

A/72865707.1                                        - 33 -

1    **RESPONSE TO REQUEST NO. 44:**

2        In addition to the general objections set forth above, Kadisha objects to this

3    request on the ground that it seeks information that is not relevant to the parties'

4    claims or defenses asserted in the action and is beyond the scope of permissible

5    discovery. Kadisha further objects to this request on the ground that it seeks

6    private, confidential and proprietary information of Kadisha and other non-parties.

7    Kadisha further objects to the request on the grounds that it is overly broad, unduly

8    burdensome, oppressive and harassing. Kadisha further objects to the request on

9    the ground that the burden, expense and intrusiveness of the discovery outweighs

10   the likelihood that the documents sought will lead to the discovery of admissible

11   evidence. Kadisha further objects to the request on the grounds that it seeks

12   documents that are protected by attorney-client privilege and attorney work

13   product doctrine. Kadisha further objects to the request on the grounds that it is

14   vague, ambiguous and fails to identify the documents with sufficient particularity.

15

16

17   DATED: March 11, 2009                Bingham McCutchen LLP

18

19                                        By: _____

20                                            Peter N. Villar
                                             Attorneys for Non-party Neil Kadisha

21

22

23

24

25

26

27

28
     A/72865707.1                    - 34 -

1

## PROOF OF SERVICE

2      I am over 18 years of age, not a party to this action and employed in the

3   County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa,

4   California 92626-1924.  I am readily familiar with the practice of this office for

5   collection and processing of correspondence for mailing with the United States

6   Postal Service and correspondence is deposited with the United States Postal

7   Service that same day in the ordinary course of business.  On **March 11, 2009,** I

8   caused the attached to be served:

9      **NON-PARTY NEIL KADISHA'S OBJECTIONS TO DEFENDANT**
       **MATTEL, INC.'S SUBPOENA FOR DEPOSITION AND THE**
10     **PRODUCTION OF DOCUMENTS**

11   ☒  (VIA EMAIL) by transmitting via email the document(s) listed above on this
        date to the person(s) at the email address(es) set forth below.
12

13   ☒  (BY MAIL) by causing a true and correct copy of the above to be placed in
        the United States Mail at Costa Mesa, California in sealed envelope(s) with
14      postage prepaid, addressed as set forth below.  I am readily familiar with this
        law firm's practice for collection and processing of correspondence for
15      mailing with the United States Postal Service.  Correspondence is deposited
        with the United States Postal Service the same day it is left for collection and
16      processing in the ordinary course of business.
17

18   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Jon D. Corey, Esq.
19   865 S. Figueroa St., 10th Fl.
20   Los Angeles, CA 90017-2543
     Tele. No. (213) 443-3000
21   Fax No. (213) 443-3100
22   Email: joncorey@quinnemanuel.com

23      I declare that I am employed in the office of a member of the bar of this

24   court at whose direction the service was made and that this declaration was

25   executed on **March 11, 2009.**

26

27                                                      Lan H. Ly

28

A/72865707.1

# EXHIBIT G

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA  92626-1924
Telephone:  714.830.0600
Facsimile:  714.830.0700

Attorneys for Non-party
LEON NEMAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-2727<br><br>**NON-PARTY LEON NEMAN'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR DEPOSITION** |

A/72865698.1

1    Pursuant to Federal Rule of Civil Procedure 45, non-party Leon Neman
2  ("Neman") hereby responds to the Subpoena for Deposition (hereafter, "the
3  Subpoena") served in this action by defendant Mattel, Inc., ("Mattel") as follows:
4
5                    **OBJECTIONS TO DEPOSITION SUBPOENA**
6
7        1.    Neman objects to the Subpoena on the ground that Mattel unilaterally
8  set the deposition date and time without consulting Neman or his counsel.
9        2.    Neman objects to the Subpoena on the ground that it seeks discovery
10  that is not relevant and beyond the scope of the Discovery Master's Order No. 3
11  issued on March 10, 2009.
12       3.    Neman objects to the Subpoena on the ground that it is abusively
13  drawn for the purpose of annoying, harassing and exerting pressure on a non-party
14  witness, and not for the purposes of obtaining relevant information.
15       4.    Neman objects to the Subpoena on the ground that it seeks discovery
16  that is cumulative and duplicative of discovery already obtained by Mattel in this
17  matter.
18       5.    Neman objects to the Subpoena on the ground that it is premature in
19  light of the discovery issues currently pending before the Court.
20       6.    Neman objects to the Subpoena to the extent and on the ground that it
21  fails to satisfy any requirement of the Federal Rules of Civil Procedure, or the
22  Locals Rules of the Central District Court of California.
23
24
25
26
27
28
A/72865698.1                              - 1 -

| 1 | DATED: March 11, 2009 | Bingham McCutchen LLP |
|---|---|---|

2

3

By:

4
Peter N. Villar
Attorneys for Non-party
5
Leon Neman

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72865698.1                              - 2 -

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the
County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa,
California 92626-1924. I am readily familiar with the practice of this office for
collection and processing of correspondence for mailing with the United States
Postal Service and correspondence is deposited with the United States Postal
Service that same day in the ordinary course of business. On **March 11, 2009,** I
caused the attached to be served:

**NON-PARTY LEON NEMAN'S OBJECTIONS TO DEFENDANT
MATTEL, INC.'S SUBPOENA FOR DEPOSITION**

☒ (VIA EMAIL) by transmitting via email the document(s) listed above on this
date to the person(s) at the email address(es) set forth below.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in
the United States Mail at Costa Mesa, California in sealed envelope(s) with
postage prepaid, addressed as set forth below. I am readily familiar with this
law firm's practice for collection and processing of correspondence for
mailing with the United States Postal Service. Correspondence is deposited
with the United States Postal Service the same day it is left for collection and
processing in the ordinary course of business.

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Jon D. Corey, Esq.
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017-2543
Tele. No. (213) 443-3000
Fax No. (213) 443-3100
Email: joncorey@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made and that this declaration was
executed on **March 11, 2009.**

Lan H. Ly

A/72865707.1

# EXHIBIT H

1  Bingham McCutchen LLP
   TODD E. GORDINIER (SBN 82200)
2  todd.gordinier@bingham.com
   PETER N. VILLAR (SBN 204038)
3  peter.villar@bingham.com
   CRAIG A. TAGGART (SBN 239168)
4  craig.taggart@bingham.com
   600 Anton Boulevard
5  18th Floor
   Costa Mesa, CA  92626-1924
6  Telephone:  714.830.0600
   Facsimile:  714.830.0700
7
8  Attorneys for Non-party
   FRED MASHIAN

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12

13  CARTER BRYANT, an individual,      | Case No. CV 04-9049 SGL (RNBx)

14                Plaintiff,           | Consolidated with
                                       | Case No. CV 04-09059 and
15          v.                         | Case No. CV 05-2727

16  MATTEL, INC., a Delaware
    Corporation,                       | **NON-PARTY FRED MASHIAN'S**
17                                      | **OBJECTIONS TO DEFENDANT**
                Defendant.             | **MATTEL, INC.'S SUBPOENA FOR**
18                                      | **DEPOSITION**

19

20

21  AND CONSOLIDATED ACTIONS.

22

23

24

25

26

27

28
   A/72865689.1

1      Pursuant to Federal Rule of Civil Procedure 45, non-party Fred Mashian
2   ("Mashian") hereby responds to the Subpoena for Deposition (hereafter, "the
3   Subpoena") served in this action by defendant Mattel, Inc., ("Mattel") as follows:
4
5                  **OBJECTIONS TO DEPOSITION SUBPOENA**
6
7      1.      Mashian objects to the Subpoena on the ground that Mattel
8   unilaterally set the deposition date and time without consulting Mashian or his
9   counsel.
10      2.      Mashian objects to the Subpoena on the ground that it seeks discovery
11   that is not relevant and beyond the scope of the Discovery Master's Order No. 3
12   issued on March 10, 2009.
13      3.      Mashian objects to the Subpoena on the ground that it is abusively
14   drawn for the purpose of annoying, harassing and exerting pressure on a non-party
15   witness, and not for the purposes of obtaining relevant information.
16      4.      Mashian objects to the Subpoena on the ground that it seeks discovery
17   that is cumulative and duplicative of discovery already obtained by Mattel in this
18   matter.
19      5.      Mashian objects to the Subpoena on the ground that it is premature in
20   light of the discovery issues currently pending before the Court.
21      6.      Mashian objects to the Subpoena to the extent and on the ground that
22   it fails to satisfy any requirement of the Federal Rules of Civil Procedure, or the
23   Locals Rules of the Central District Court of California.
24
25
26
27
28

A/72865689.1                          - 1 -

1    DATED:  March 11, 2009                Bingham McCutchen LLP

2

3                                          By:_____

4                                              Peter N. Villar
                                               Attorneys for Non-party Fred Mashian
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72865689.1                          - 2 -

1               **PROOF OF SERVICE**

2       I am over 18 years of age, not a party to this action and employed in the

3 County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa,

4 California 92626-1924. I am readily familiar with the practice of this office for

5 collection and processing of correspondence for mailing with the United States

6 Postal Service and correspondence is deposited with the United States Postal

7 Service that same day in the ordinary course of business. On **March 11, 2009,** I

8 caused the attached to be served:

9      **NON-PARTY FRED MASHIAN'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR DEPOSITION**

10

11 ☒  (VIA EMAIL) by transmitting via email the document(s) listed above on this date to the person(s) at the email address(es) set forth below.

12 ☒  (BY MAIL) by causing a true and correct copy of the above to be placed in

13 the United States Mail at Costa Mesa, California in sealed envelope(s) with

14 postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for

15 mailing with the United States Postal Service. Correspondence is deposited

16 with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

17

18 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Jon D. Corey, Esq.
19 865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017-2543
20 Tele. No. (213) 443-3000
21 Fax No. (213) 443-3100
Email: joncorey@quinnemanuel.com

22      I declare that I am employed in the office of a member of the bar of this

23 court at whose direction the service was made and that this declaration was

24 executed on **March 11, 2009.**

25

26                               Lan H. Ly

27

28 A/72865707.1