QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:   (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>  Plaintiff,<br>vs.<br>MATTEL, INC., a Delaware corporation,<br><br>  Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>Hon. Stephen G. Larson<br><br>MATTEL, INC.'S REPLY IN SUPPORT OF EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE RE: MGA ENTERTAINMENT, INC'S FAILURE TO COMPLY WITH COURT ORDER<br><br>[Supplemental Declaration of Scott L. Watson filed concurrently herewith]<br><br>Hearing Date:  TBA<br>Time: TBA<br>Place: TBA<br><br>**Phase 2**<br>Discovery Cut-off:  December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date: March 23, 2010 |

07975/2832555.7

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................1

ARGUMENT .............................................................................................................3

I. *EX PARTE* RELIEF IS PROPER AND NECESSARY TO PREVENT PREJUDICE TO MATTEL ............................................................................3

II. MATTEL'S APPLICATION FOR *EX PARTE* RELIEF CAN ONLY BE ADDRESSED TO THIS COURT ......................................................6

    A. The Discovery Master Lacks Contempt Powers .......................................6

    B. MGA's Motion For A Stay Does Not Excuse Its Violation ......................6

III. MGA IS IN CLEAR VIOLATION OF THE DISCOVERY MASTER'S ORDER ...........................................................................................8

CONCLUSION ........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

Chicago Truck Drivers v. Brotherhood Labor Leasing,
 207 F.3d 500 (8th Cir. 2000) ............................................................... 6, 11

In re Dual-Deck Video Cassette Recorder Antitrust Litigation,
 10 F.3d 693 (9th Cir. 1993) ..................................................................... 11

In re EZ Pay Services, Inc.,
 390 B.R. 445 (M.D. Fla. 2008) ................................................................. 5

Eichenlaub v. Baca,
 2007 WL 1223897 (C.D. Cal. Mar. 30, 2007) ..................................... 6, 11

In re Gustafson,
 619 F.2d 1354 (9th Cir. 1980) ................................................................... 5

Jamdat Mobile, Inc. v. Jamster Sarl Ltd.,
 2005 WL 5960924 (C.D. Cal.) .................................................................. 4

Little v. City of Seattle,
 863 F.2d 681 (9th Cir. 1988) ..................................................................... 7

Lucero v. Martinez,
 2006 WL 1304945 (D. N.M. March 11, 2006) ......................................... 9

Mission Power Eng'g v. Co. Cont'l Cas. Co.,
 883 F. Supp. 488 (C.D. Cal. 1995) ............................................................ 4

In re Netflix Antitrust Litig.,
 506 F. Supp. 2d 308 (N.D. Cal 2007) ........................................................ 7

Nikko Materials USA, Inc. v. R.E. Service Co., Inc.,
 2006 WL 1749550 (N.D. Cal. June 22, 2006) ........................................... 5

Orchid Biosciences, Inc. v. St. Louis Univ.,
 198 F.R.D. 670 (S.D. Cal. 2001) ............................................................... 7

Redman v. United States,
 77 F.2d 126 (9th Cir. 1935) ..................................................................... 11

U.S. v. United Mine Workers of America,
 330 U.S. 258, 67 S. Ct. 677 (1947) ........................................................... 5

Vertix Distrib. Inc. v. Falcon Foam Plastics, Inc.,
 689 F.2d 885 (9th Cir. 1982) ................................................................... 11

Western Fruit Growers v. Gottfried,
 136 F.2d 98 (9th Cir. 1943) ....................................................................... 6

**Statutes**

Fed. R. Civ. P. 33(b)(2) .................................................................................... 10

Fed. R. Civ. P. 53(a) ......................................................................................... 6

Fed. R. Civ. P. 53(c)(2) ..................................................................................... 6

Fed. R. Crim. P. 42(a) ...................................................................................... 5

Rule 37(b)(2)(A)(i)-(vii) ................................................................................. 11

**Preliminary Statement**

MGA has long been in violation of the Discovery Master's February 15, 2008 Order. Its opposition to this *ex parte* reconfirms what its prior conduct has demonstrated: only coercion will make it comply.

The Court stayed Phase 2 discovery on February 4, 2008. In opposing Mattel's original motion to compel proper responses to these interrogatories, MGA urged that the motion should be denied in light of that stay, arguing that interrogatory Nos. 43 and 44 relate strictly to Phase 2.[1] In granting Mattel's motion on February 15, 2008, the Discovery Master compelled MGA to provide complete responses by February 26, 2008, eleven days later. MGA recognizes now, in its opposition here, that the proper practice when a party believes an order is misplaced is to seek relief "**before**" the deadline expires. (Opp. at 12-13 (emphasis in original).) MGA did not do that, however, in response to the Discovery Master's Order compelling interrogatory responses. Instead, it waited until March 2008 -- a week *after* the Order's deadline for compliance had passed and a week after it was already in violation of the Order -- to file a motion for "clarification" that it did not have to comply with the Order's terms.

In April 2008, the Discovery Master granted MGA a temporary reprieve in his ruling on that motion, staying MGA's obligation to provide the compelled responses "until further order of the district court lifting the stay on Phase 2 discovery."[2] This Court subsequently issued its Order "lifting the stay on Phase 2 discovery" on January 6 of this year. Compliance by MGA with the Order compelling interrogatory answers was then due. MGA had been given eleven days to comply back in February 2008; it allowed that time to expire before seeking relief; and it was then given a belated reprieve for the

---

[1] Transcript of Hearing before Hon. Edward A. Infante, February 11, 2008, at 34: 6-12, Supplemental Declaration of Scott L. Watson ("Supp. Watson Decl."), Ex. 5.

[2] Order Granting MGA Parties' Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated April 22, 2008, Declaration of Scott L. Watson ("Watson Dec.") filed in support of Mattel's *Ex Parte* Application, Ex. 10.

duration of the Phase 2 stay. Once the stay was no longer in effect, neither was the reprieve. By January 7, 2009, compliance with the February 15, 2008 Discovery Master Order became due once again.

Of course Mattel did not file an *ex parte* for an Order to Show Cause ("OSC") regarding contempt at that time. Mattel prodded and urged MGA to comply with its obligations, asking when it would do so and reminding it that, as ordered, it really must do so. But MGA eventually began telling Mattel what it now is telling the Court -- that, in its view, it "made no sense to respond to discovery" (Opp. at 1) that it speculated might be mooted by a summary judgment motion that Mattel has not even yet filed and may never file. This discovery has been compelled. Whether it "makes sense" to MGA to provide ordered discovery does not matter. That MGA touts, even now, that it has "proposed a time when it will" comply (Opp. at 3) -- an essentially open-ended time period of its own unilateral choosing -- shows its disdain for the Court's orders. That disdain merits the issuance of an OSC re: contempt.

In fact, the situation is even worse than this. It is not as though MGA ran into Court seeking a further stay of the Discovery Master's Order compelling interrogatory answers after Mattel gave notice of its contemplated motion for summary judgment on January 8, 2009. Far from it, MGA did not file its motion for a protective order seeking to avoid the Discovery Master's Order until February 26, 2009 -- seven weeks later. Seven weeks passed before MGA even *asked for* an order that it did not have to comply with the Discovery Master's Order it was already in violation of. And now, three more weeks have passed and MGA remains unrepentant, suggesting there is no deadline since the Court's January 6, 2009 Order lifting the stay did not "set a new deadline for compliance" with the Discovery Master's existing Order. (Opp. at 6.) The applicable "deadline for compliance" came and went with no compliance last year, however. The reprieve MGA belatedly obtained from the prior Discovery Master expired, by its terms, upon this Court's Order "lifting the stay on Phase 2 discovery." There was no need to set a "new" deadline for compliance; MGA was out of compliance both before and then as

soon as the stay was lifted. Coercion is needed to put an end, or at least a dent, in MGA's gamesmanship.

MGA makes several other frivolous arguments as well. MGA claims Mattel should be relegated to bringing a regularly noticed motion -- drawing out the dispute for months more. The situation here fits the paradigm for which <u>ex parte</u> relief was designed: MGA's flouting of the Court's Order is irreparably prejudicing Mattel. MGA's ongoing violation is stymieing basic discovery and denying Mattel the discovery period granted by the Court. Forcing Mattel to seek redress through regularly noticed motion practice would undermine the integrity of these proceedings for months more. Nor is this a matter for the Discovery Master. This is not a discovery dispute. The discovery issues were decided by the prior Discovery Master over a year ago in his February 15, 2008 Order. The present issue is whether contempt and other sanctions should be imposed to bring MGA's defiance to an end. The power to award contempt sanctions resides with the Court.

The Court should grant Mattel's motion and end MGA's stonewalling as to this ordered discovery.

## **Argument**

**I.    *EX PARTE* RELIEF IS PROPER AND NECESSARY TO PREVENT PREJUDICE TO MATTEL**

MGA is engaged in a protracted campaign to deny Mattel the basic information necessary for Mattel to formulate its claims and defenses and to move forward with discovery. MGA has repeatedly employed the procedural tactic of refusing to comply with discovery requests and forcing Mattel to return to court for multiple, successive orders and sanctions compelling discovery.[3] In so doing, MGA effectively halts the

---

[3]   See Mattel Inc.'s *Ex Parte* Application For An Order To Show Cause Re: MGA Entertainment, Inc's Failure To Comply With Court Order ("Mattel's *Ex Parte* Application"), dated March 10, 2009, at 7-12 (detailing how MGA's current refusal to comply with the Discovery Master's Order is part of a pattern of MGA discovery abuse).

discovery process and deprives Mattel of crucial information to which it is entitled.

For months, MGA has defied the Discovery Master's Order to fully answer Interrogatories 43 and 44, which are contention interrogatories seeking basic information as to the dates that MGA products directly at issue in this litigation were conceived and committed to tangible form. This information is indispensable to Mattel's Phase 2 defenses and claims and essential for important aspects of Phase 2 discovery to even proceed. Until the scope of these claims and defenses are defined -- and they cannot be defined without this information -- depositions and other follow-up discovery is delayed and thwarted.

MGA argues that Mattel should be relegated only to filing a regularly noticed motion to compel.[4] MGA ignores that Mattel *already* followed this course of action and *already* obtained an Order that MGA produce amended interrogatory responses.[5] MGA refuses to obey that Order. Requiring Mattel to repeat the process of filing a regularly noticed motion would unduly reward MGA for its refusal to comply with the Discovery Master's Order and enhance MGA's ability to perpetually deprive Mattel of crucial time in which to conduct discovery. Mattel would be irreparably harmed if MGA, having delayed providing the basic information requested in these interrogatories for months, could create several more weeks or months of delay by insisting that Mattel wait for a ruling from the Discovery Master on a regularly noticed motion to compel these and

---

[4] Of the four cases MGA cites in arguing that *ex parte* relief is inappropriate, only two actually involve *ex parte* applications. Of those two cases, only Mission Power Eng'g v. Co. Cont'l Cas. Co., 883 F. Supp. 488, 489-90 (C.D. Cal. 1995), actually denies *ex parte* relief, though purely on the basis that the applicant failed to comply with the local rules by creating a "hybrid" motion, styled as an "*ex parte* application for an order shortening time." In Jamdat Mobile, Inc. v. Jamster Sarl Ltd., 2005 WL 5960924 at *1 (C.D. Cal.) the other *ex parte* case cited by MGA, the court held that although the moving party could not show irreparable injury the *ex parte* application *would* be considered because "the application has a very high likelihood of success on the merits." Id. The court in Jamdat Mobile ultimately granted the relief requested in the *ex parte* application.

[5] Civil Minutes - General Re: Mattel's Motion to Enforce the Court's Order on March 23, 2005 and for Sanctions, dated June 16, 2006, Watson Dec. filed in support of Mattel's *Ex Parte* Application, Ex. 22.

1  other interrogatory responses.[6]  Nor, given MGA's prior behavior both on the Discovery
2  Master Order at issue here and on multiple other discovery matters, can the Court or
3  Mattel have any confidence that MGA will ever serve actual, substantive responses to
4  the interrogatories without the imposition of coercive sanctions.  To avoid yet more
5  irreparable damage and stop MGA from further undermining the integrity of these
6  proceedings, Mattel has properly brought this application on an <u>ex parte</u> basis.

7        MGA also asserts, as another procedural complaint, that contempt sanctions
8  themselves cannot be granted on an <u>ex parte</u>.  But that is not what Mattel seeks.  Mattel
9  is seeking an OSC, and there is no question that this Court can issue an OSC as to why
10 MGA should not be held in contempt for not complying with the Discovery Master's
11 Order.  <u>See, e.g.</u>, <u>Nikko Materials USA, Inc. v. R.E. Service Co., Inc.</u>, 2006 WL
12 1749550, at *1 (N.D. Cal. June 22, 2006) (OSC appropriately may be sought through <u>ex</u>
13 <u>parte</u>); <u>see also</u> <u>In re EZ Pay Services, Inc.</u>, 390 B.R. 445, 461-62 (M.D. Fla. 2008)
14 (holding party in contempt and imposing sanctions following <u>ex parte</u> order to show
15 cause).[7]

16       <u>Ex parte</u> relief provides the only means to prevent MGA from irreparably
17 damaging Mattel's right to complete and timely discovery and to vindicate the principle
18 that Orders are to be obeyed, not defied.  It is proper.[8]

---

[6] <u>See</u> Phase II Discovery Matter, Order No. 5, dated March 11, 2009 (setting hearing date on Mattel, Inc.'s Motion to Enforce Order Compelling MGA to Provide Discovery, to Compel Responses to Interrogatories by MGA, and Request for Sanctions filed on or about March 6, 2009), Supp. Watson Decl., Ex. 1.

[7] MGA cites <u>In re Gustafson</u>, 619 F.2d 1354, 1361 (9th Cir. 1980), to support its claim that it is inappropriate to find contempt in an <u>ex parte</u> proceeding.  <u>Gustafson</u> held that finding an attorney guilty of summary criminal contempt under <u>Fed. R. Crim. P.</u> 42(a) was inappropriate where there was no need for an immediate remedy.  Criminal contempt differs from civil contempt, of course, including in that the former is a crime and requires greater procedural and due process safeguards.  <u>See</u> <u>U.S. v. United Mine Workers of America</u>, 330 U.S. 258, 365, 67 S.Ct. 677, 731 (1947) (explaining that, for example, defendants in criminal contempt proceedings are presumed innocent and must be proven guilty beyond a reasonable doubt).  In any case, Mattel is seeking an OSC here, and once that is issued MGA can avoid the imposition of contempt sanctions by bringing itself into compliance with the Discovery Master's Order.

[8] MGA received ample notice of this application and the fact that it was in violation of the Order.  Mattel informed MGA of its intention to file this application the day before it was filed, (footnote continued)

## II. MATTEL'S APPLICATION FOR *EX PARTE* RELIEF CAN ONLY BE ADDRESSED TO THIS COURT

### A. This Court, Not The Discovery Master, Has Contempt Powers

Contrary to MGA's argument that its flouting of the Order should be addressed by the Discovery Master, only this Court, and not the Discovery Master, is empowered to grant contempt sanctions. The Stipulation and Order appointing a discovery master in this action denies him the authority to adjudge parties in contempt. See Stipulation for Appointment of Discovery Master; and Order, dated December 5, 2006, ¶ 4 (providing that the Discovery Master may only impose "non-contempt" sanctions); Fed. R. Civ. P. 53(a) (providing that other than specified list of activities in particular circumstances, masters may only perform duties "consented to by the parties."). The Discovery Master has assumed the duties of a Magistrate Judge, who likewise lack contempt authority. Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504-05 (8th Cir. 2000) ("magistrate judges do not themselves have contempt power"); Fed. R. Civ. P. 53(c)(2) (master may only impose non-contempt sanctions). MGA itself admits that the Discovery Master could do no more than "recommend a contempt sanction." Opp. at 12.[9] The Discovery Master cannot promptly and conclusively end MGA's obstructive tactics by issuing an OSC and imposing the sanction of contempt. Mattel's proper course for such relief was to seek it from this Court.

### B. MGA's Motion For A Stay Does Not Excuse Its Violation

MGA argues its failure to abide by the Discovery Master's Order should be

---

and MGA did not seek an extension of the time for it to respond or claim before its filing that it needed more time to prepare an opposition. Mattel has also been requesting (and requested repeatedly) that MGA comply with the Discovery Master's Order since the Phase 2 discovery stay was lifted. See Watson Dec., at ¶ 18, ¶ 16, Exs. 15, 16, 17, 19, 20 and 21.

[9] The only case MGA cites to support its assertion that Mattel should be forced to raise this petition with the Discovery Master supports Mattel's position. In Eichenlaub v. Baca, 2007 WL 1223897, at *1-2 (C.D. Cal. Mar. 30, 2007), the district court addressed and ruled on a motion for contempt. After denying that motion, the district court instructed the parties to seek further discovery orders from the magistrate judge, but *forbade* plaintiff from seeking contempt sanctions from the magistrate judge. Id. at *2.

excused because it has now belatedly purported to seek a discovery stay from the current Discovery Master. It is axiomatic, however, that an Order must be obeyed unless a stay is actually obtained. See Ex Parte App., at Section III (and authorities cited therein); Western Fruit Growers v. Gottfried, 136 F.2d 98, 100 (9th Cir. 1943) ("[I]f a court has jurisdiction over both the parties and the subject matter, an order must be obeyed so long as it remains the order of the court."). Indeed, MGA was previously sanctioned in this very case for refusing to comply with an Order while "gambling" that it would be granted a stay.[10] Thus, merely requesting a stay in the face of the Discovery Master's Order compelling discovery does not excuse compliance.[11]

That is especially true in the circumstances here. This Court has already made clear that there is no Phase 2 discovery stay and has issued a Phase 2 Scheduling Order. The Discovery Master does not have the authority to impose discovery stays.[12] Nor did MGA even seek a further stay once Mattel gave notice on January 8, 2008 that it was considering eventually filing a motion for summary judgment. MGA did not file its motion for a protective order until February 26 -- seven weeks later. Seven weeks passed before it even *asked for* a stay to avoid having to comply with an Order it was already in violation of. And to make matters worse, MGA took a conflicting position before the Court in the interim. At the February 11, 2009 hearing where the parties discussed scheduling for Phase 2 discovery and trial, MGA urged that discovery and trial be completed within a few months.[13] It did not even mention Mattel's contemplated

---

[10] See Ex Parte App., at Section III.
[11] MGA contends that "[i]t would be twisted logic indeed" to characterize its refusal to comply with the Discovery Master's Order as contempt. In support, MGA cites three cases for the general proposition that courts have the discretion to award stays. See Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988); In re Netflix Antitrust Litig., 506 F. Supp. 2d 308, 321 (N.D. Cal 2007); Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 672 (S.D. Cal. 2001). Such abstract truisms that stays can be granted are irrelevant; they do nothing to excuse MGA's disobedience.
[12] Transcript of Hearing before Robert C. O'Brien, March 4, 2009, at 87:14-16, Supp. Watson Decl., Ex. 2.
[13] Transcript of Hearing before Hon. Stephen G. Larson, dated February 11, 2009, at 92:23-94:13.

summary judgment motion or claim Mattel's anticipated motion warranted any stay or should influence scheduling in any way, even though it had already known of the contemplated motion for more than a month.

MGA's tactical filing of a misguided, and tardy, discovery stay motion does not excuse its defiance of the Discovery Master's Order.[14]

### III. MGA IS IN CLEAR VIOLATION OF THE ORDER

There is nothing ambiguous about the Discovery Master's Order compelling interrogatory answers or the time frame in which compliance was required. The Court stayed Phase 2 discovery on February 4, 2008.[15] MGA urged denial of Mattel's original, then-pending motion to compel proper responses to the interrogatories in light of that stay, arguing that interrogatory Nos. 43 and 44 relate strictly to Phase 2.[16] In granting Mattel's motion to compel on February 15, 2008, the Discovery Master's Order nevertheless mandated that MGA provide complete responses by February 26, 2008, eleven days later.[17] On March 3, 2008, more than two weeks later and after MGA's deadline for complying with the Discovery Master's Order had already passed, MGA filed a motion for "clarification" that it did not have to comply with the February 15

---

[14] Nor is there any substantive merit to MGA's stay contentions. Mattel's contemplated motion for summary judgment is just that -- contemplated. It has not been filed and may never be filed. And even if Mattel were to proceed with it immediately, it is unlikely that the motion would be briefed and ruled upon in less than three months (which is how long it took Phase 1 summary judgment motions). That would mean Phase 2 discovery in this case would be stymied through at least June 2009 -- essentially cutting the already short discovery period in half -- if a stay were granted. Furthermore, even if Mattel were to prevail, it would not, as MGA claims, obviate the need for the presently requested discovery as to Interrogatories 43 and 44. The information is relevant to Mattel's own Phase 2 claims and relevant to Mattel Phase 2 defenses on MGA claims that will not be the subject of the contemplated summary judgment motion in any event. Although there are many other flaws in MGA's stay application, Mattel will not burden the Court with discussion of them now given that the belated stay motion does not and cannot excuse MGA's defiance of the Order or its contempt of Court.
[15] Civil Minutes Regarding the Court's Imposition of the Phase 2 Discovery Stay, dated February 4, 2008, Supp. Watson Decl., Ex. 4.
[16] Transcript of Hearing before Hon. Edward A. Infante, February 11, 2008, at 34: 6-12, Supp. Watson Decl., Ex. 5.
[17] Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008, Watson Dec., Ex.8.

07975/2832555.7

-8-

REPLY RE OSC

Order's terms.[18] MGA did not obtain a stay of the Discovery Master's Order until almost two months later, when the Discovery Master granted MGA a temporary reprieve in his ruling on that motion and stayed MGA's obligation to provide the compelled responses "until further order of the district court lifting the stay on Phase 2 discovery."[19]

As this makes clear, MGA was in violation of the February 15 Order back in 2008 when it failed to comply with the express February 26, 2008 deadline; its violation resumed with the lifting of the Phase 2 stay and is ongoing to this day. Compliance by MGA was due when the Court lifted the stay on Phase 2 discovery on January 6. It was given eleven days to comply back in February 2008; it allowed that time to expire before seeking relief; and it was then given a belated reprieve for the duration of the Phase 2 stay. Once the stay was no longer in effect, compliance with the February 15, 2008 Order was already overdue. Once the Phase 2 discovery stay was lifted, MGA became obligated, once again, to immediately provide the compelled responses.

MGA is well aware of this duty, having previously been sanctioned in this case for refusing to comply with an existing discovery Order once a stay was lifted.[20] As the Court previously held in enforcing an Order compelling the deposition of Isaac Larian, once a discovery stay is lifted prior orders requiring compliance become effective again; in that instance MGA was sanctioned for not producing Mr. Larian within 20 days once

---

[18] Motion Of MGA Parties For Clarification Regarding Portions Of February 15, 2008 Order Grantingn In Part And Denying In Part Mattel's Motion To Compel ResponseTo Interrogatory Nos 27-44 And 46-50 By MGA Parties, Supp. Watson Decl., Ex 6. MGA also did not supplement its responses until after the February 26, 2008 deadline had passed, and even then admitted that its "supplemental" responses were inadequate. See Reply Memorandum Of The MGA Parties In Support Of Motion For Clarification Regarding Portions Of February 15, 2008, Order Granting In Part And Denying In Part Mattel's Motion To Compel Responses To Interrogatory Nos. 27-44 And 46-50 By The MGA Parties, dated March 13, 2008, Supp. Watson Decl., Ex. 3, at 1.
[19] Discovery Master's Order Granting MGA Parties' Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated April 22, 2008, Watson Dec., Ex. 10.
[20] Civil Minutes - General Re: Mattel's Motion to Enforce the Court's Order on March 23, 2005 and for Sanctions, dated June 16, 2006, Watson Dec., Ex. 22.

the stay was no longer in effect and its obligations to comply resumed.[21]  Even though this is the same situation at hand here, MGA ignores this prior Order in its opposition.[22]

MGA claims there is no deadline at all for its compliance because the prior Discovery Master "vacated" any and all deadlines on April 22, 2008, when he clarified that Interrogatories Nos. 43 and 44 were subject to the stay on Phase 2 discovery.  Opp. at 13.  The April 22, 2008 Order did not vacate anything.  To the contrary, the Discovery Master expressly stated when MGA's compliance with the Order compelling interrogatory answers would again be due: "The MGA Parties' obligation to supplement their responses . . . are hereby stayed *until further order of the district court lifting the stay on Phase 2 discovery*."[23]  This language could not be more clear:  once the Phase 2 stay was lifted, MGA's obligation to supplement was no longer stayed, and its already overdue obligation resumed.  There is simply nothing in the April 22, 2008 Order, or any other order, supporting MGA's baseless position that there are no deadlines (or at least none applicable to MGA) for compliance.

MGA argues that, "[a]t a minimum," an ambiguity supposedly "created by the absence of any specific deadline" precludes the imposition of contempt sanctions.  This simply ignores the terms of the Court's orders.  The Discovery Master's Order compelling interrogatory answers contained a specific, express deadline -- a deadline that MGA first violated back in February 2008 when it failed to comply and then resumed violating once the Phase 2 stay was lifted two months ago.  There is simply no plausible

---

[21] Id.
[22] MGA attempts to distinguish Lucero v. Martinez, 2006 WL 1304945 at *2 (D. N.M. March 11, 2006), on the grounds that the court in that case did not impose coercive sanctions but instead treated the refusal to respond to interrogatories 30 days after the stay was lifted as a waiver of objections.  Lucero did not address coercive sanctions at all.  2006 WL 1304945 at *2.  Mattel did not cite the case to show that coercive sanctions are appropriate—other authority Mattel has cited shows that—but to show that, when a stay is lifted, preexisting obligations are reinstated.  The case so holds, as Magistrate Judge Block previously held in this case as well.
[23] Order Granting MGA Parties' Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated April 22, 2008, Watson Dec., Ex. 10 (emphasis added).

way for MGA to distort an order to provide discovery in a specific period of time into an open-ended or ambiguous suggestion to be complied with at MGA's pleasure and leisure. The purpose of the deadline in the Discovery Master's Order was to compel MGA to comply by providing essential discovery to Mattel by a date certain. The Discovery Master's Order giving MGA a temporary reprieve expired by its terms when this Court lifted the Phase 2 discovery stay. MGA provides no authority, or even reasoned explanation, to justify its claim that it can unilaterally choose when to comply with the Order -- even self-extending its "deadline" to months beyond the 30 days provided for even non-compelled responses to interrogatories in the Federal Rules. See Fed. R. Civ. P. 33(b)(2).

MGA relies on two cases for the proposition that contempt sanctions are inappropriate when an order is ambiguous. The orders in those cases, unlike here, involved actual, substantive ambiguities. In Eichenlaub v. Baca, 2007 WL 1223897, *2 (C.D. Cal. March 30, 2007), the court issued an order requiring the defendant to "respond substantively to all of the [pending] discovery." The court later found that the term "substantively" as used in the prior order was ambiguous because it could conceivably include objections and could conceivably exclude them. In Vertix Distrib. Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 892 (9th Cir. 1982), the Ninth Circuit upheld the District Court's determination that a consent decree requiring the defendant to make certain changes to its advertisements "whenever possible and practical" was unenforceable due to its ambiguity. The Discovery Master's Order, unlike the orders in those cases, does not include modifiers or language subject to contradictory interpretations such as "substantively," and certainly did not require MGA to comply only "whenever possible and practical."[24]

---

[24] The other cases cited by MGA are even more off-point. Redman v. United States, 77 F.2d 126, (9th Cir. 1935), involved criminal, not civil contempt. In In re Dual-Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993), the court held that plaintiff could not be held in contempt because plaintiff substantially complied with a "good faith and (footnote continued)

Discovery deadlines are a fact of civil litigation that are necessary for the integrity of the judicial process and cannot be disregarded for tactical reasons.  When MGA openly violates an Order of this Court, it is contempt.  MGA cannot elude this by concocting its own deadlines or simply professing that the deadline might not be there at all.  Nor did MGA satisfy its obligations under the Discovery Master's Order merely by its belated promises that it will comply on a "proposed" timetable if certain conditions are met.  Promising future compliance with an Order at MGA's leisure and under conditions is insufficient.  That MGA trumpets such promises as if they were a valid basis for defying a Court Order shows why coercive actions to compel compliance are appropriate.  See Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504 (8th Cir. 2000) ("One of the overarching goals of a court's contempt power is to ensure that litigants do not anoint themselves with the power to adjudge the validity of orders to which they are subject.").

## Conclusion

Based on the foregoing, Mattel respectfully requests this Court grant Mattel's Ex Parte Application.

DATED:  March 12, 2009         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
Michael T. Zeller
Attorneys for Mattel, Inc.

---

reasonable" interpretation of the protective order.  Here, MGA has made no showing of good faith compliance, nor has it even argued that it made any effort to comply with the directives of the Order.  In any case, the range of relief that Mattel is asking for in sanctions (such as escalating coercive sanctions) includes measures that can be imposed even absent a finding of contempt; MGA's arguments about ambiguity are thus not only incorrect, but cannot avoid the imposition of sanctions to obtain compliance by other or additional means.  See, e.g., Rule 37(b)(2)(A)(i)-(vii).