QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  (johnquinn@quinnemanuel.com)
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:  (213) 443-3000
Facsimile:  (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case Nos. CV 04-09059 and CV 05-02727<br><br>SUPPLEMENTAL DECLARATION OF SCOTT L. WATSON IN SUPPORT OF MATTEL, INC.'S REPLY IN SUPPORT OF ITS EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE RE: MGA ENTERTAINMENT, INC.'S FAILURE TO COMPLY WITH COURT ORDER<br><br>Date:   TBA<br>Time:   TBA<br>Place:  TBA |
| AND CONSOLIDATED ACTIONS | |
| | **Phase 2**<br>Discovery: December 11, 2009<br>Pre-trial Conference:  March 1, 2010<br>Trial Date:  March 23, 2010 |

Document3

1

2

3 **<u>SUPPLEMENTAL DECLARATION OF SCOTT L. WATSON</u>**

4

5     I, Scott L. Watson, declare as follows:

6

7     1.    I am a member of the bar of the State of California. I am a

8 partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for Mattel,

9 Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if

10 called and sworn as a witness, I could and would testify competently thereto.

11     2.    Attached hereto as Exhibit 1 is a true and correct copy of the

12 Phase II Discovery Matter, Order No. 5, dated March 11, 2009.

13     3.    Attached hereto as Exhibit 2 is a true and correct copy of

14 excerpts of the Transcript of Hearing before Discovery Master Robert C. O'Brien,

15 dated March 4, 2009.

16     4.    Attached hereto as Exhibit 3 is a true and correct copy of the

17 Reply Memorandum Of The MGA Parties In Support Of Motion For Clarification

18 Regarding Portions Of February 15, 2008, Order Granting In Part And Denying In

19 Part Mattel's Motion To Compel Responses To Interrogatory Nos. 27-44 And 46-50

20 By The MGA Parties, dated March 13, 2008.

21     5.    Attached hereto as Exhibit 4 is a true and correct copy of the

22 Civil Minutes Regarding the Court's Imposition of the Phase 2 Discovery Stay,

23 dated February 4, 2008.

24     6.    Attached hereto as Exhibit 5 is a true and correct copy of

25 excerpts of the Transcript of Hearing before Hon. Edward A. Infante, February 11,

26 2008.

27     7.    Attached hereto as Exhibit 6 is a true and correct copy of the

28 Motion Of MGA Parties For Clarification Regarding Portions Of February 15, 2008

1   Order Granting In Part And Denying In Part Mattel's Motion To Compel Response

2   To Interrogatory Nos. 27-44 And 46-50 By MGA Parties, dated March 3, 2008.

3

4          I declare under penalty of perjury under the laws of the United States

5   that the foregoing is true and correct.

6          Executed on March 12, 2009 at Los Angeles, California.

7

8                                          /s/ Scott L. Watson
                                           Scott L. Watson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA  90013-1065
3  Telephone:  213.629.7400
   Facsimile:   213.629.7401
4  obrien.robert@arentfox.com

5  Discovery Master

6

7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                  EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        Case No.  CV 04-09049 SGL (RNBx)

13              Plaintiff,               **Consolidated with**
                                         **Case No. CV 04-09059**
14         v.                            **Case No. CV 05-2727**

15  MATTEL, INC., a Delaware             **PHASE II DISCOVERY MATTER**
    corporation,
16                                       **ORDER NO. 5, REGARDING:**
              Defendant.
17                                           **HEARING DATES FOR**
                                             **RECENTLY FILED**
18                                           **DISCOVERY MATTERS**

19

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGZ ENTERTAINMENT, INC. v.
    MATTEL, INC.
22

23

24

25

26

27

28

EXHIBIT ___1___

PAGE ___3___

Case 2:04-cv-09049-DOC-RNB   Document 5008-2   Filed 03/13/09   Page 6 of 55   Page ID #:160163

Case 2:04-cv-09049-SGL-RNB    Document 4999    Filed 03/11/2009    Page 2 of 2

The following discovery motions are set for hearing at the offices of Arent Fox, LLP at 10:00 a.m. on:

**April 14, 2009:**

1.   Mattel, Inc.'s Motion to Compel Bingham McCutchen LLP to Produce Documents Responsive to Subpoena filed on or about March 6, 2009.[1]

**April 21, 2009:**

1.   Mattel, Inc.'s Renewed Motion for Reconsideration of Portions of Discovery Master's December 31, 2007 Order filed on or about March 4, 2009.

2.   Mattel, Inc.'s Motion to Enforce Order Compelling MGA to Provide Discovery, to Compel Responses to Interrogatories by MGA, and Request for Sanctions filed on or about March 6, 2009.

Dated:        March 11, 2009

                                        By:    /s/ Robert C. O'Brien
                                               ROBERT C. O'BRIEN
                                               Discovery Master

---

[1] The three discovery motions previously set for hearing on April 14, 2009 remain on calendar.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

ORDER NO. 5
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT 1
PAGE 4

**Exhibit 2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION


CARTER BRYANT, an individual,

      Plaintiff,

    vs.

MATTEL, INC., a Delaware
corporation,

      Defendants.

No. CV 04-9049 SGL (RNBx)
Consolidated with
Nos. CV 04-9405 and
05-2727

**CERTIFIED COPY**

_____
AND CONSOLIDATED ACTIONS.
_____


REPORTER'S TRANSCRIPT OF PROCEEDINGS

Los Angeles, California

Wednesday, March 4, 2009

Volume 1


Reported by:
CHERYL R. KAMALSKI
CSR No. 7113

Job No. 106479

EXHIBIT ___2___

PAGE ___5___



877.955.3855
www.sarnoffcourtreporters.com
IRVINE ◦ LOS ANGELES ◦ SAN FRANCISCO ◦ LAS VEGAS ◦ SAN DIEGO

**SARNOFF**
*Court Reporters and
Legal Technologies*

```
 1              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
 2                    EASTERN DIVISION

 3

 4   CARTER BRYANT, an individual,

 5        vs.                     No. CV 04-9049 SGL (RNBx)
                                  Consolidated with
 6   MATTEL, INC., a Delaware     Nos. CV 04-9405 and
     corporation,                 05-2727
 7
             Defendants.
 8

 9

10

11   _____

12   AND CONSOLIDATED ACTIONS.
     _____

13

14

15

16        REPORTER'S TRANSCRIPT OF PROCEEDINGS, Volume 1,

17   taken at 555 West Fifth Street, 48th Floor, Los Angeles,

18   California, beginning at 10:08 a.m. and ending at

19   12:12 p.m. on Wednesday, March 4, 2009, before

20   CHERYL R. KAMALSKI, Certified Shorthand Reporter No. 7113.

21

22

23

24

25
```

                                                              2

EXHIBIT __2__

PAGE __6__

TRANSCRIPT OF PROCEEDINGS                    03/04/09

```
 1    APPEARANCES:
 2
 3    Discovery Master:
 4         ROBERT C. O'BRIEN
           Attorney at Law
 5         555 West Fifth Street, Suite 4800
           Los Angeles, California  90013-1065
 6         (213) 629-7400
 7    For Defendant Mattel, Inc.:
 8         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
           BY:  MICHAEL T. ZELLER
 9         BY:  JON COREY
           Attorneys at Law
10         865 South Figueroa Street, 10th Floor
           Los Angeles, California 90017
11         (213) 624-7707
12         MATTEL, INC.
           BY:  JILL E. THOMAS
13         Assistant General Counsel
           333 Continental Boulevard
14         El Segundo, California 90245-5012
           (310) 252-2000
15
16    For Defendants MGA and Isaac Larian:
17         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
           BY:  JASON D. RUSSELL
18         BY:  JENNIFER K. DEL CASTILLO
           Attorneys at Law
19         300 South Grand Avenue
           Los Angeles, California 90071
           (213) 687-5000
20
21    For Defendant IGWT Group and IGWT 826 Investments:
22         VALLE & ASSOCIATES
           BY:  JEFFREY B. VALLE
23         BY:  ILAN WISNIA
           Attorneys at Law
24         11911 San Vicente Boulevard, Suite 324
           Los Angeles, California 90049
25         (310) 476-0300
```

EXHIBIT  2

PAGE  7

```
 1    APPEARANCES (Continued):

 2

 3    For 808 Investors, LLC, Vision Capital, LLC, and OmniNet
      Capital, LLC:
 4
             BINGHAM McCUTCHEN LLP
 5           BY:  TODD E. GORDINIER
             BY:  PETER VILLAR
 6           Attorneys at Law
             600 Anton Boulevard, 18th Floor
 7           Costa Mesa, California 92626-1924
             (714) 830-0622
 8
      Also Present:
 9
             STEPHEN HAUSS
10           CRAIG HOLDEN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

EXHIBIT  2

PAGE  8

1    analysis can be said, that is to say, while it is true

2    that they're not required in the first instance to go to

3    MGA, I think we should be sending a message here that that

4    is what they should do.  I mean, we should be preventing

5    burden on third parties, unless there's some reason.

6              I didn't hear anything from Mr. Zeller that

7    suggests why it is they couldn't go to MGA in the first

8    instance.  They can get the purchase information.  Their

9    own experts are going to opine on fair market value, and

10   MGA (sic) clearly has the fair market value of products

11   for Bratz items in its possession.  There's no need to get

12   that from MGA.

13             What IGWT sold it for might be of interest, but

14   it's still burdensome because that same information can be

15   gotten directly from MGA.  And given there's, again, no

16   nexus to the claims, all we're hearing about is it's

17   relevant to financial condition, under the same standard,

18   I would submit there's no basis for that discovery as to

19   IGWT.  And even if there were, I think Mr. Valle's point

20   is very germane, let's wait and see what Mr. Durkin comes

21   up with.  You know, Mr. Zeller told you that Judge Larson

22   didn't say to rely upon the report.  I submit he said the

23   opposite.  He said let's see if there's anything to these

24   allegations as to IGWT and Omni, and if there is,

25   Mr. Zeller was the one who said, then we'd like to look

EXHIBIT 2

PAGE 9

TRANSCRIPT OF PROCEEDINGS                    03/04/09

1    behind that and take discovery.  That makes sense to me,

2    and I think certainly for third parties that makes a lot

3    of sense.  If they want to come as to MGA right now, we

4    can come back and talk about that, but for these third

5    parties -- and we have heard, by the way, undisputed

6    evidence of burden as to IGWT.  Mr. Zeller told you there

7    wasn't any.  In fact, we have declarations of uncontested

8    evidence of burden.  Let's wait, let's narrow discovery,

9    let's take control of this in a meaningful way.  I think

10   this is just either premature or, in the first instance,

11   just not relevant.

12           MR. O'BRIEN:  All right.  Thank you.  I

13   understand the point with respect to Mr Durkin, and you

14   may want to respond, but I'm not going to -- we're not

15   going to stay any discovery or anything.  I don't have --

16   I can only deal with the discovery issues.  I'm not going

17   to deal with what the forensic accountant's doing and what

18   he may or may not come up with.  That may lead to

19   different discovery.  That's kind of outside of my

20   purview.  That's more of Judge Larson's purview in dealing

21   with what Mr. Durkin does.  So I'm not going to hold off

22   on any discovery issues.  It may be they are or are not

23   entitled to the discovery they're seeking here, but I'm

24   not going to make the ruling based on the Durkin report

25   coming out because I don't know when that is or what's

87

EXHIBIT    2

PAGE    10

1    involved.  But I understand the point you're making.

2              MR. RUSSELL:  Just so we're clear, I'm not

3    suggesting to you that that would be a basis to deny the

4    discovery.  I'm simply saying I don't believe they have

5    any right to it, in the first instance, and even if

6    there's a question in your mind, if it's a questionable

7    relevance, they should go to MGA first and the receiver's

8    report may give a basis to tailor the discovery, which is

9    a complaint Mr. Zeller makes, and maybe that has validity,

10   why not allow them to tailor the discovery once they know

11   what the issues are from MGA.

12             I just don't think it's fair to fire off

13   extremely broad and burdensome discovery requests to these

14   third parties.  And as to Omni, they are truly a third

15   party.  There's no evidence that they are not independent.

16   And Mr. Gordinier has spoken to that issue repeatedly, and

17   Mr. Zeller keeps saying the contrary, but there's no

18   evidence that they are affiliated parties.  So they are

19   entitled to the benefits of being third parties and being

20   protected from that burden in the first instance.

21             MR. O'BRIEN:  Thank you.

22             MR. RUSSELL:  Thank you.

23             Cheryl, are you doing okay with your fingers?

24             THE REPORTER:  I'd like a break, if you wouldn't

25   mind.

88

EXHIBIT ___2___

PAGE ___11___

1          I, the undersigned, a Certified Shorthand

2   Reporter of the State of California, do hereby certify:

3          That the foregoing proceedings were taken

4   before me at the time and place herein set forth; that

5   any witnesses in the foregoing proceedings, prior to

6   testifying, were duly sworn; that a record of the

7   proceedings was made by me using machine shorthand

8   which was thereafter transcribed under my direction;

9   that the foregoing transcript is a true record of the

10  testimony given.

11         Further, that if the foregoing pertains to

12  the original transcript of a deposition in a Federal

13  Case, before completion of the proceedings, review of

14  the transcript [  ] was [  ] was not requested.

15         I further certify I am neither financially

16  interested in the action nor a relative or employee

17  of any attorney or party to this action.

18         IN WITNESS WHEREOF, I have this date

19  subscribed my name.

20

21  Dated: ___MAR 0 9 2009_____

22

23         ___Cheryl R. Kamalski___
            CHERYL R. KAMALSKI

24         CSR No. 7113

25

EXHIBIT __2__

PAGE __12__

**Exhibit 3**

RECEIVED

MAR 1 3 2008

1   THOMAS J. NOLAN (Bar No. 66992)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2   300 South Grand Avenue
    Los Angeles, California  90071-3144
3   Telephone:   (213) 687-5000
    Facsimile:   (213) 687-5600
4   E-mail:      tnolan@skadden.com

5   RAOUL D. KENNEDY (Bar No. 40892)
    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6   Four Embarcadero Center, 38th Floor
    San Francisco, California  94111-5974
7   Telephone:   (415) 984-6400
    Facsimile:   (415) 984-2698
8   E-mail:      rkennedy@skadden.com

9   Attorneys for Cross-Defendants
    MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
10  MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                    EASTERN DIVISION

14  CARTER BRYANT, an individual          )  CASE NO. CV 04-9049 SGL (RNBx)
                                          )  Consolidated with Case No. 04-9059
15              Plaintiff,                )  and Case No. 05-2727
                                          )
16       v.                               )  DISCOVERY MATTER
                                          )  [To be heard by Discovery Master
17  MATTEL, INC., a Delaware              )  Hon. Edward A. Infante (Ret.)]
    corporation                           )
18                                        )  REPLY MEMORANDUM OF THE
                Defendant.                )  MGA PARTIES IN SUPPORT OF
19                                        )  MOTION FOR CLARIFICATION
                                          )  REGARDING PORTIONS OF
20  Consolidated with MATTEL, INC. v.     )  FEBRUARY 15, 2008, ORDER
    BRYANT and MGA                        )  GRANTING IN PART AND
21  ENTERTAINMENT, INC. v.                )  DENYING IN PART MATTEL'S
    MATTEL, INC.                          )  MOTION TO COMPEL
22                                        )  RESPONSES TO
                                          )  INTERROGATORY NOS. 27-44
23                                        )  AND 46-50 BY THE MGA PARTIES
                                          )
24                                        )  Date: TBD
                                             Time: TBD
25                                           Place: JAMS
                                             Phase 1:
26                                           Discovery Cut-Off:    January 28, 2008
                                             Pre-Trial Conference: May 5, 2008
27                                           Trial Date:           May 27, 2008

28

3|13

MGA PARTIES' REPLY ISO MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

EXHIBIT _3_

PAGE _13_

**INTRODUCTION**

In its opposition brief, Mattel Inc. ("Mattel") argues that the MGA Parties'[1] Motion for Clarification of the February 15, 2008,[2] Order is procedurally improper and substantively without merit. Mattel is wrong on both counts because (i) the MGA Parties do not seek reconsideration of the Court's February 15, 2008 Order, and (ii) the interrogatories at issue relate solely to Phase 2 issues.

**ARGUMENT**

**I.   THE MGA PARTIES' MOTION PROPERLY SEEKS CLARIFICATION OF THE COURT'S FEBRUARY 15, 2008, ORDER IN LIGHT OF JUDGE LARSON'S FEBRUARY 4, 2008, MINUTE ORDER STAYING ALL PHASE 2 DISCOVERY**

Mattel contends that the MGA Parties' motion for clarification is, in reality, an improper motion for reconsideration of the Court's February 15, 2008, Order. (Mattel Opp. at 1-3.) Mattel misses the point of the motion entirely. Unlike Mattel, which contends in a motion filed with Judge Larson that the Court's February 15, 2008, Order was clearly erroneous and contrary to law, the MGA Parties do not challenge the Court's rulings as to the adequacy of the MGA Parties' responses to Interrogatories 41, 43-44 or the interrogatories directed to MGA Mexico, and accept the Court's conclusion that the MGA Parties should be compelled to provide further responses to those interrogatories. But the MGA Parties also believe that their obligation under the February 15, 2008, Order to provide further responses to those particular interrogatories *has been stayed* by operation Judge Larson's February 4, 2008, Minute Order. Faced with apparently conflicting orders -- the Court's February 15, 2008, Order compelling responses to Phase 2 interrogatories by

---

[1]   The "MGA Parties" are MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian.

[2]   The term "February 15, 2008, Order" refers to the Court's February 15, 2008, Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties. (Miller Decl. Ex. C.)

-1-

EXHIBIT ___3___

PAGE ___14___

1  February 26, 2008, and Judge Larson's February 4, 2008, Order staying all Phase 2

2  discovery -- the MGA Parties sought clarification from this Court to avoid violation

3  of either order.

4       Mattel contends that the MGA Parties' argument that certain of the

5  interrogatories at issue constitute Phase 2 discovery was made at oral argument and

6  rejected by the Court.  As the MGA Parties pointed out in its moving papers, counsel

7  for the MGA Parties noted at oral argument that Judge Larson had stayed all Phase 2

8  discovery.  But that order came after the close of briefing on Mattel's motion to

9  compel and, therefore, the parties were not able to address in the papers specifically

10 which interrogatories related solely to Phase 2.  In addition, there is no evidence in

11 the Court's February 15, 2008, Order, that the Court considered this issue and

12 nevertheless compelled the MGA Parties to respond to Phase 2 interrogatories.  The

13 Court has not addressed this issue.

14      The MGA Parties will comply with the Court's February 15, 2008, Order with

15 respect to Interrogatories Nos. 41, 43-44 and all interrogatories directed to MGA

16 Mexico following the lifting of Judge Larson's stay of Phase 2 discovery.  In this

17 motion, the MGA Parties seek only clarification that its harmonization of this Court's

18 February 15, 2008, Order and Judge Larson's February 4, 2008, Minute Order is

19 correct.

20 II.   **MATTEL'S CONTENTION THAT THE INTERROGATORIES AT**

21      **ISSUE ON THIS MOTION RELATE TO PHASE 1 IS LOGICALLY FLAWED AND WITHOUT MERIT**

22      Mattel does not dispute that Interrogatories Nos. 41 (except with respect to

23 Carter Bryant), 43 and 44, and the interrogatories directed to MGA Mexico (which

24 was formed in April 2004) relate to Phase 2, nor could it.  As Mattel concedes,

25 Interrogatory No. 41 seeks details about MGA's hiring of former Mattel employees,

26 presumably to facilitate an additional fishing expedition in search of

27 misappropriation of alleged Mattel trade secrets that does not exist.  (Mattel Opp. at

28 5.)  Mattel also concedes that Interrogatories Nos. 43 and 44 "seek information on

-2-
MGA PARTIES' REPLY ISO MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

EXHIBIT  3

PAGE  15

1 | the dates of creation and other information related to the products that MGA
2 | contends Mattel has infringed." (Mattel Opp. at 5:12-14.) MGA's claims against
3 | Mattel will be tried in Phase 2. And Mattel asserts in sensationalistic fashion that
4 | "MGAE de Mexico's entire organization is built on a foundation of Mattel's stolen
5 | intellectual property." (Mattel Opp. at 6:6-7.) These are all Phase 2 claims and
6 | issues because they relate to Mattel's trade secret claims and MGA's claims against
7 | Mattel, not the ownership of the original Bratz drawings.

8 |     Mattel attempts to manufacture a link to Phase 1 by contending that the
9 | interrogatories relate to Phase 1 damages issues raised by MGA's damages experts.
10 | (Mattel Opp. at 5-6.) Mattel's position is wrong because even if Mattel could prove
11 | that Bratz profits were attributable to trade secret misappropriation, that ultimate
12 | conclusion would not increase Mattel's Phase 1 damages (whatever the impact may
13 | be on Mattel's Phase 2 damage claims). Mattel's *ipse dixit* argument can be
14 | summarized as follows:

15 |    • MGA contends that even if it can be proven that Mattel owns the original
16 |      Bratz drawings and MGA has infringed Mattel's interests in those drawings,
17 |      Mattel is not entitled to recover as damages all of MGA's profits from
18 |      Bratz because a portion of those profits is attributable to factors other than
19 |      MGA's alleged infringement of the Bratz drawings (Mattel Opp. at 3-4);
20 |    • MGA's damages experts have contended that a portion of MGA's profits
21 |      from Bratz is attributable to later innovations in the Bratz line of dolls (*id.*);
22 |    • Mattel claims in Phase 2 that those "innovations" were "stolen" by MGA in
23 |      alleged acts of trade secret misappropriation (*id.* at 4-5);
24 |    • "MGA cannot use stolen information from Mattel to promote, develop,
25 |      market and advertise Bratz, and then rely on that stolen information to
26 |      attempt to reduce Mattel's damages." (*id.* at 7:2-4.); and, therefore,
27 |    • Interrogatories directed to Mattel's trade secret misappropriation claims are
28 |      now relevant to Phase 1 damages (*id.* at 6-7.)

MGA PARTIES' REPLY ISO MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

EXHIBIT _3_

PAGE _16_

1  Mattel cites no legal authority supporting its assertions.

2      Mattel's logic is flawed because the issue of apportionment of damages in
3  Phase 1 will focus on whether MGA's profits were or were not attributable to MGA's
4  alleged infringement of the Bratz drawings, not whether those profits were
5  attributable to alleged trade secret misappropriation.  If the profits were not
6  attributable to the alleged infringement, then they are not recoverable as damages in
7  Phase 1, *whether or not those profits may have been attributable to alleged trade*
8  *secret misappropriation*.  Thus, even if Mattel could prove that MGA
9  misappropriated Mattel trade secrets and that a portion of MGA's profits is
10  attributable to that trade secret misappropriation, those profits would not be
11  recoverable in Phase 1 because MGA's profits must be attributable to the alleged
12  infringement of Mattel's copyrights in the drawings to be recoverable.  Whether
13  Mattel can prove trade secret misappropriation or that damages were caused by that
14  alleged misappropriation will be determined in Phase 2.  If Mattel is successful in
15  Phase 2, it can recover damages caused by any proven misappropriation.

16      In its flawed logic, Mattel erroneously conflates the issue of causation in
17  Phase 1 and trade secret misappropriation damages in Phase 2.  As Judge Larson
18  made clear, Phase 1 is limited to "issues surrounding Carter Bryant's employment
19  with Mattel, and how those issues impact the ownership of certain original Bratz
20  drawings, while Phase 1(b) would address approximately two-hundred Bratz
21  products that are potentially derivative of the original drawings." (July 2, 2007
22  Minute Order, Miller Decl. Ex. F at 2.)

23      In Phase 1, Mattel seeks damages for infringement of the copyrights it
24  allegedly owns in the original Bratz drawings.  (2d. Am. Answer & Countercls.,
25  Supplemental Miller Decl. Ex. M at 54.)  "The copyright owner is entitled to recover
26  the actual damages suffered by him or her as a result of the infringement, and any
27  profits of the infringer that are attributable to the infringement . . . ." 17 U.S.C. §
28  504(b) (2007).  Mattel seeks to recover all of MGA's profits from Bratz over the last

MGA PARTIES' REPLY ISO MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

EXHIBIT __3__

PAGE __17__

1  several years as an item of its claim that MGA infringed Mattel's alleged copyrights

2  in the original drawings.  (*See* Expert Report of Michael J. Wagner, February 11,

3  2008, Supplemental Miller Decl. Ex. N at 7-10.)

4         As an initial matter, "there must first be a demonstration [by Mattel] that the

5  infringing acts had an effect on profits before the parties can wrangle about

6  apportionment."  *Mackie v. Rieser*, 296 F.3d 909, 915 (9th Cir. 2002).  If Mattel is

7  able to make such a showing, MGA is entitled to show that a portion of its profits

8  from Bratz is "attributable to factors other than the copyrighted work."  17 U.S.C. §

9  504(b); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505,

10  518 (9th Cir. 1985) ("When an infringer's profits are attributable to factors in

11  addition to use of plaintiff's work, an apportionment of profits is proper.").  Thus,

12  Mattel is not entitled to recover any portion of MGA's profits that is attributable to

13  any factor other than the copyrighted work because any such profits were not

14  causally related to the alleged infringement of Mattel's alleged copyrights in the

15  Bratz drawings.

16         As Mattel points out in its opposition, MGA contends that a portion of its

17  Bratz profits is attributable to MGA's development of the Bratz line after the initial

18  launch of Bratz.  (Mattel Opp. at 3-4; 5.)  If MGA is correct, then Mattel is not

19  entitled to recover that portion of MGA's profits because those profits are not

20  attributable to the copyrighted work.  17 U.S.C. § 504(b).  Mattel contends that

21  MGA's development of Bratz was the result of trade secret misappropriation.  MGA

22  vigorously disputes that contention.  But that dispute will be tried in Phase 2.  If

23  Mattel can prove its trade secret misappropriation claims, then it can seek damages

24  for that alleged misappropriation in Phase 2.  But whether MGA's Bratz profits are

25  attributable to MGA's creative efforts in developing the Bratz line or, as Mattel

26  alleges, trade secret misappropriation, those profits are not attributable to any alleged

27  infringement of Mattel's copyrights in the Bratz drawings.  Accordingly, even if

28  Mattel could prove its Phase 2 trade secret claims and that MGA's Bratz profits were

EXHIBIT ___3___

PAGE ___18___

1 | attributable to MGA's alleged trade secret misappropriation, Mattel would not be
2 | entitled to recover those profits as copyright infringement damages in Phase 1.
3 |      Consequently, discovery requests by Mattel directed to its trade secret claims
4 | are not relevant to Phase 1.  As discussed above, Interrogatories Nos. 41 (except with
5 | respect to Carter Bryant), 43 and 44, and the interrogatories directed to MGA
6 | Mexico (which was formed in April 2004) relate to Mattel's Phase 2 trade secret
7 | claims.  Therefore, any obligation to provide further responses to those
8 | interrogatories has been stayed by operation of Judge Larson's February 4, 2008,
9 | Minute Order staying all Phase 2 discovery.
10 |      Finally, Mattel contends based on comments at the February 4, 2008, hearing
11 | before Judge Larson that Mattel gets to decide which of its discovery requests relate
12 | solely to Phase 2.  (Mattel Opp. at 7-8.)  As demonstrated above, if left to its devices,
13 | Mattel will drag its entire Phase 2 trade secret case into the Phase 1 trial, completely
14 | obliterating the efficient trial structure approved by Judge Larson.  Mattel's unending
15 | attempts to disrupt and delay the Phase 1 trial should not be countenanced.

### CONCLUSION

The MGA Parties motion for clarification should be granted.

DATED: March 13, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
RAOUL D. KENNEDY

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

-6-

EXHIBIT 3

PAGE 19

1  THOMAS J. NOLAN (Bar No. 66992)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  300 South Grand Avenue
   Los Angeles, California 90071-3144
3  Telephone:  (213) 687-5000
   Facsimile:   (213) 687-5600
4  E-mail:     tnolan@skadden.com

5  RAOUL D. KENNEDY (Bar No. 40892)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  Four Embarcadero Center, Suite 3800
   San Francisco, CA 94111
7  Telephone:  (415) 984-6400
   Facsimile:   (415) 984-2698
8  E-mail:     rkennedy@skadden.com

9  Attorneys for Counter-Defendants,
   MGA ENTERTAINMENT, INC.,
10 ISAAC LARIAN, MGA ENTERTAINMENT (HK) LIMITED,
   and MGAE de MEXICO S.R.L. de C.V.

11

12         UNITED STATES DISTRICT COURT

13        CENTRAL DISTRICT OF CALIFORNIA

14              EASTERN DIVISION

15 CARTER BRYANT, an individual    ) CASE NO.: CASE NO. CV 04-9049
                                    ) SGL (RNBx)
16          Plaintiff,             )
                                    ) Consolidated with Case No. 04-9059
17      v.                         ) and Case No. 05-2727
18 MATTEL, INC., a Delaware        ) **DISCOVERY MATTER**
   corporation                     )
19                                  ) **[To be heard by Discovery Master
          Defendant.              ) Hon. Edward A. Infante (Ret.)]**
20                                  )
                                    ) **PROOF OF SERVICE**
21 ───────────────────────         )
22 Consolidated with MATTEL, INC. v. ) Hearing Date: TBD
   BRYANT and MGA                  ) Time:        TBD
23 ENTERTAINMENT, INC. v.          ) Place:       JAMS
   MATTEL, INC.                    )
24                                  )
25                                  )
26
27
28

PROOF OF SERVICE                    NO. CV 04-9049 SGL (RNBx)

EXHIBIT 3
PAGE 20

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 4 Embarcadero Center, Suite 3800, San Francisco, California 94111.

On **March 13, 2008,** I served the foregoing documents described as:

### SEE ATTACHED DOCUMENT LIST

on the interested parties in this action addressed as follows:

### SEE ATTACHED SERVICE LIST

☒    (BY PERSONAL SERVICE)        ☐        By personally delivering copies to the person served.  (FEDERAL) (As Noted.)

☒        I caused such documents to be hand delivered to the office of the addressee.  (FEDERAL) (As Noted.)

☒    (BY FEDERAL EXPRESS)  I am readily familiar with the firm's practice for the daily collection and processing of correspondence for deliveries with the Federal Express delivery service and the fact that the correspondence would be deposited with Federal Express that same day in the ordinary course of business; on this date, the above-referenced document was placed for deposit at San Francisco, California and placed for collection and delivery following ordinary business practices.  (As Noted.)

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **March 13, 2008** at San Francisco, California.

_____        _____
Pat Owens                                          *Pat Owens*
Print Name                                          Signature

PROOF OF SERVICE                    -1-                    NO. CV 04-9049 SGL (RNBx)

EXHIBIT __3__

PAGE __21__



<u>DOCUMENT LIST</u>

1) REPLY MEMORANDUM OF THE MGA PARTIES IN SUPPORT OF MOTION FOR CLARIFICATION REGARDING PORTIONS OF FEBRUARY 15, 2008, ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES; and

2) PROOF OF SERVICE

EXHIBIT 3
PAGE 22

1

## SERVICE LIST

2

3   John B. Quinn, Esq.                      John W. Keker, Esq.
    Michael T. Zeller, Esq.                  Michael H. Page, Esq.
4   Jon D. Corey, Esq.                       Keker & Van Nest, LLP
    Timothy L. Alger, Esq.                   710 Sansome Street
5   Quinn Emanuel Urquhart                   San Francisco, CA  94111
        Oliver & Hedges, LLP                 Telephone:  (415) 391-5400
6   865 South Figueroa Street, 10th Floor    Facsimile:   (415) 397-7188
    Los Angeles, CA  90017-2543
7   Telephone:  (213) 443-3000               Attorneys for Carter Bryant
    Facsimile:   (213) 443-3100              [Federal Express]
8
    Attorneys for Mattel, Inc.
9   [Personal Service]

10

11  Mark E. Overland, Esq.
    Alexander H. Cote, Esq.
12  David C. Scheper, Esq.
    Overland Borenstein Scheper & Kim
13  300 South Grand Avenue, Suite 2750
    Los Angeles, CA  90071
14  Telephone:  (213) 613-4655
    Facsimile:   (213) 613-4656
15
    Attorneys for Carlos Gustavo
16  Machado Gomez
    [Federal Express]
17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE                              NO. CV 04-9049 SGL (RNBx)
201999-San Francisco Server 1A - MSW

EXHIBIT  3

PAGE  23

# Exhibit 4

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
### CIVIL MINUTES – GENERAL

Case No.   CV 04-09049 SGL(RNBx)                          Date: February 4, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS

==================================================================================

PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

|  |  |
|---|---|
| Jim Holmes | Theresa Lanza |
| Courtroom Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                                  John Quinn
                                              Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:            GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

MINUTES FORM 90
CIVIL – GEN                          1          Initials of Deputy Clerk ___ jh
                                                Time: 1/45

EXHIBIT ___4___
PAGE ___24___

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods

1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.

1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing

1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow

1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items

1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel

ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE

These applications are DENIED IN PART, subject to the following rulings:

(1)   The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)   The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

Initials of Deputy Clerk ___jh_____
Time: 1/45

EXHIBIT _____4____

PAGE __25__

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients -- serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

EXHIBIT ___4___

PAGE ___26___

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)    The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)    At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

### MACHADO GOMEZ'S EX PARTE APPLICATION RE JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

### MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

### MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

EXHIBIT ___4___

PAGE ___27___

Case 2:04-cv-09049-SGL-RNB    Document 1931    Filed 02/04/2008    Page 5 of 7

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports. Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

| MINUTES FORM 90 | | Initials of Deputy Clerk __jh_____ |
|---|---|---|
| CIVIL -- GEN | 5 | Time: 1/45 |

EXHIBIT ___4___

PAGE ___28___

## NOTICE PARTY SERVICE LIST

**Case No.**   CV 04-09049 SGL(RNBx)   **Case Title**   Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of February 4, 2008

| | |
|---|---|
| Atty Sttlmnt Officer Panel Coordinator | |
| BAP (Bankruptcy Appellate Panel) | |
| Beck, Michael J (Clerk, MDL Panel) | |
| BOP (Bureau of Prisons) | |
| CA St Pub Defender (Calif. State PD) | |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | |
| Case Asgmt Admin (Case Assignment Administrator) | |
| Catterson, Cathy (9th Circuit Court of Appeal) | |
| Chief Deputy Admin | |
| Chief Deputy Ops | |
| Clerk of Court | |
| Death Penalty H/C (Law Clerks) | |
| Dep In Chg E Div | |
| Dep In Chg So Div | |
| Federal Public Defender | |
| Fiscal Section | |
| Intake Section, Criminal LA | |
| Intake Section, Criminal SA | |
| Intake Supervisor, Civil | |
| PIA Clerk - Los Angeles (PIALA) | |
| PIA Clerk - Riverside (PIAED) | |
| PIA Clerk - Santa Ana (PIASA) | |
| PSA - Los Angeles (PSALA) | |
| PSA - Riverside (PSAED) | |
| PSA - Santa Ana (PSASA) | |
| Schnack, Randall (CJA Supervising Attorney) | |
| Statistics Clerk | |

| | |
|---|---|
| US Attorneys Office - Civil Division -L.A. | |
| US Attorneys Office - Civil Division - S.A. | |
| US Attorneys Office - Criminal Division -L.A. | |
| US Attorneys Office - Criminal Division -S.A. | |
| US Bankruptcy Court | |
| US Marshal Service - Los Angeles (USMLA) | |
| US Marshal Service - Riverside (USMED) | |
| US Marshal Service -Santa Ana (USMSA) | |
| US Probation Office (USPO) | |
| US Trustee's Office | |
| Warden, San Quentin State Prison, CA | |

| ✓ | *ADD NEW NOTICE PARTY* (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address *(include suite or floor):* P.O. Box 581103

Salt Lake City, UT 84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:
* For CIVIL cases only

| *JUDGE / MAGISTRATE JUDGE (list below):* |
|---|
| |
| |
| |
| |

Initials of Deputy Clerk jh

EXHIBIT 4

PAGE 29

# NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| |
|---|
| Atty Sttlmnt Officer Panel Coordinator |
| BAP (Bankruptcy Appellate Panel) |
| Beck, Michael J (Clerk, MDL Panel) |
| BOP (Bureau of Prisons) |
| CA St Pub Defender (Calif. State PD) |
| CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| Case Asgmt Admin (Case Assignment Administrator) |
| Catterson, Cathy (9th Circuit Court of Appeal) |
| Chief Deputy Admin |
| Chief Deputy Ops |
| Clerk of Court |
| Death Penalty H/C (Law Clerks) |
| Dep In Chg E Div |
| Dep In Chg So Div |
| Federal Public Defender |
| Fiscal Section |
| Intake Section, Criminal LA |
| Intake Section, Criminal SA |
| Intake Supervisor, Civil |
| PIA Clerk - Los Angeles (PIALA) |
| PIA Clerk - Riverside (PIAED) |
| PIA Clerk - Santa Ana (PIASA) |
| PSA - Los Angeles (PSALA) |
| PSA - Riverside (PSAED) |
| PSA - Santa Ana (PSASA) |
| Schnack, Randall (CJA Supervising Attorney) |
| Statistics Clerk |

| |
|---|
| US Attorneys Office - Civil Division -L.A. |
| US Attorneys Office - Civil Division - S.A. |
| US Attorneys Office - Criminal Division -L.A. |
| US Attorneys Office - Criminal Division -S.A. |
| US Bankruptcy Court |
| US Marshal Service - Los Angeles (USMLA) |
| US Marshal Service -  Riverside (USMED) |
| US Marshal Service -Santa Ana (USMSA) |
| US Probation Office (USPO) |
| US Trustee's Office |
| Warden, San Quentin State Prison, CA |

✓ **ADD NEW NOTICE PARTY**
**(if sending by fax, mailing address must also be provided)**

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address (include suite or floor):  Two Embarcadero Center, Suite 1500, San Francisco,  CA  94111

*E-mail:

*Fax No.:

* For CIVIL cases only

*JUDGE / MAGISTRATE JUDGE (list below):*

Initials of Deputy Clerk  jh

G-75  (03/07)                    NOTICE PARTY SERVICE LIST

EXHIBIT ___4___

PAGE ___30___

# EXHIBIT 5

1          UNITED STATES DISTRICT COURT

2         CENTRAL DISTRICT OF CALIFORNIA

3              EASTERN DIVISION

4

5    CARTER BRYANT, AN INDIVIDUAL, )
                                    )
6              PLAINTIFF,           )
                                    )
7        VS.                        ) CASE NO.
                                    )
8    MATTEL, INC., A DELAWARE       ) CV 04-9049 SGL (RNBX)
     CORPORATION,                   ) [CONSOLIDATED WITH
9                                   ) CASE NO. 04-9059 AND
               DEFENDANT.           ) CASE NO. 05-2727]
10                                  )
     _____)
11                                  )
     AND CONSOLIDATED ACTION(S).    )
12   _____)

13

14

15        TELEPHONIC TRANSCRIPT OF

16        PROCEEDINGS, TAKEN BEFORE HON.

17        EDWARD A. INFANTE, AT 865 SOUTH

18        FIGUEROA STREET, THIRD FLOOR, LOS

19        ANGELES, CALIFORNIA, COMMENCING

20        AT 8:30 A.M., MONDAY, FEBRUARY 11,

21        2008, BEFORE ANGELA DUPRE, CSR 7804.

22

23

24

25

```
1    APPEARANCES OF COUNSEL:
2
     FOR CARTER BRYANT:
3
         KEKER & VAN NEST, LLP
4        BY:  MICHAEL PAGE, ESQ.
              MATTHEW WERDEGAR, ESQ.
5        710 SANSOME STREET
         SAN FRANCISCO, CALIFORNIA 94111
6        (415) 391-5400
         (TELEPHONICALLY)
7
8
     FOR MATTEL, INC.:
9
         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
10       BY:  TIMOTHY ALGER, ESQ.
              HARRY OLIVAR, ESQ.
11            CHRISTOPHER TAYBACK, ESQ.
              B. DYLAN PROCTOR, ESQ.
12       865 SOUTH FIGUEROA STREET
         TENTH FLOOR
13       LOS ANGELES, CALIFORNIA 90017-2543
         (213) 443-3000
14
15
     FOR MGA ENTERTAINMENT, INC.:
16
         SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP
17       BY:  RAOUL D. KENNEDY, ESQ.
         FOUR EMBARCADERO CENTER
18       SUITE 3800
         SAN FRANCISCO, CALIFORNIA 94111
19       (415) 984-6400
20
21   ALSO PRESENT:
22       HON. EDWARD A. INFANTE (TELEPHONICALLY)
23
24
25
```

Exhibit  5
Page  32

1          LOS ANGELES, CALIFORNIA; MONDAY

2              FEBRUARY 11, 2008

3                 8:30 A.M.

4

5      MR. WERDEGAR:  GOOD MORNING, YOUR HONOR.  THIS

6   IS MATT WERDEGAR AND MIKE PAGE, OF KEKER &

7   VAN NEST, ON BEHALF OF CARTER BRYANT.

8      JUDGE INFANTE:  GOOD MORNING.

9          I HAVE A LETTER DATED FEBRUARY 6TH IN

10  WHICH YOU INDICATE THE PRIORITY OF MOTIONS THAT YOU

11  WOULD LIKE TO BE HEARD FIRST, AND SO I AM PREPARED

12  TO HEAR THOSE MOTIONS.

13          THE FIRST ONE ON THE LIST IS MGA'S MOTION

14  TO COMPEL DISCOVERY AS TO ISSUES AS TO WHICH MATTEL

15  HAS WAIVED THE PRIVILEGE BY -- BY CLIENT ASSERTION.

16  THAT MOTION, I BELIEVE, WAS FILED JANUARY 18TH.

17  I'M PREPARED TO HEAR THAT MOTION.

18     MR. KENNEDY:  GOOD MORNING.  RAOUL KENNEDY, ON

19  BEHALF OF MGA.

20          I REALIZE WE HAVE LIMITED TIME THIS

21  MORNING.  IF THE COURT HAS QUESTIONS, I'D BE

22  PLEASED TO TRY TO ADDRESS THEM.  OTHERWISE, I THINK

23  THE MEMOS MAKE CLEAR THE ISSUE THAT HAS BEEN PLACED

24  IN ISSUE BY MATTEL, AND IT'S ONE OF THE CLASSIC

25  ISSUES THAT IN ORDER TO FULLY LITIGATE IT, WE NEED

Exhibit 5
Page 33

1  TO KNOW WHAT ADVICE MATTEL WAS RECEIVING FROM ITS

2  LAWYERS ON THIS SUBJECT.

3     JUDGE INFANTE:  OKAY.  WELL, I'VE READ YOUR

4  MATERIALS.  YOU'VE BRIEFED IT TO -- YOU'VE CITED

5  THE RAMBUS CASE AND OTHER CASES, WHICH YOU FEEL

6  SUPPORT YOUR POSITION.

7        THE THREE-PART TEST THAT IS CITED IN THE

8  AUTHORITIES FROM HEARN, ET CETERA, I UNDERSTAND

9  YOUR POSITION.  I THINK IT'S A VERY DIFFICULT --

10  VERY DIFFICULT ISSUE.

11        I'LL BE GLAD TO HEAR FROM MATTEL.

12     MR. OLIVAR:  YES, YOUR HONOR.  HARRY OLIVAR

13  SPEAKING FOR MATTEL.

14        MR. KENNEDY, AS HE SAID, THE ISSUE HAS

15  BEEN PLACED AT ISSUE, WHAT IT SEEMS MGA IS

16  ADVOCATING IS THAT WHENEVER A PARTY RAISES

17  CONCEALMENT OF FACTS OR, FRANKLY, THE DISCOVERY

18  RULE, AS A BASIS FOR TOLLING THE STATUTE OF

19  LIMITATIONS, THE POSITION SEEMS TO BE THAT THAT

20  OPERATES AS A BLANKET PRIVILEGE WAIVER, AND THAT'S

21  NOT THE NINTH CIRCUIT TEST IN THE HEARN V. RAY; AND

22  THAT'S NOT EVEN WHAT HAPPENED IN THE RAMBUS CASE.

23        HERE, WE HAVE A SITUATION WHERE MATTEL

24  HAS SIMPLY SAID IT DID NOT LEARN CERTAIN FACTS

25  UNTIL NOVEMBER OF 2003, AND MATTEL HAS PROVIDED

1  PRIVILEGED DOCUMENTS AND INFORMATION FROM THAT

2  REQUEST, AND THEY SHOULD BE COMPELLED TO ANSWER

3  THAT QUESTION AS WELL.

4          WE'VE MADE QUITE CLEAR THAT -- THAT

5  THEY -- THEY MADE PUBLIC STATEMENTS ABOUT THE

6  DEPARTURE OF FORMER COUNSEL, AND THERE'S REASONS TO

7  BELIEVE THAT THERE MAY HAVE BEEN AN EFFORT TO

8  PURSUE AN ILLEGAL COURSE OF CONDUCT, WHICH IS NOT

9  PRIVILEGED, IN ANY EVENT.  SO WE -- THEY SHOULD BE

10  ABLE TO GIVE US AN ANSWER TO 46 WITHOUT A PROBLEM.

11          THANK YOU, YOUR HONOR.

12      JUDGE INFANTE:  THANK YOU, MR. ALGER.

13          I'LL HEAR FROM MGA.

14      MR. KENNEDY:  THANK YOU, YOUR HONOR.

15          FIRST, BEFORE THIS MOTION WAS FILED ON

16  DECEMBER 20, WE TOLD MATTEL THAT WE WERE GOING TO

17  BE FILING SUBSTANTIAL SUPPLEMENTAL RESPONSES, AND

18  WE WENT AHEAD AND DID SO ON JANUARY 7.

19          WE ALSO FILED FURTHER, NOT QUITE AS

20  SUBSTANTIAL, BUT CLARIFYING OUR SUPPLEMENTAL

21  RESPONSES ON JANUARY 28.  AND WE NEVER HEARD ONE

22  WORD OR COMPLAINT ABOUT THE ADEQUACY OF THOSE

23  SUPPLEMENTAL RESPONSES.

24          SO WE'RE REALLY HERE TODAY WORKING ON

25  YESTERDAY'S NEWS, BUT THIS IS WHAT'S BEFORE THE

Exhibit  5
Page  35        Page 33

1    COURT.

2              THE SITUATION IS THE SAME FOR MR. BRYANT.

3    HE ALSO FILED VERY SUBSTANTIAL ADDITIONAL

4    RESPONSES, SO I QUESTION WHETHER WE REALLY EVEN

5    HAVE A TIMELY MOTION BEFORE US.

6              ON A PROCEDURAL FRONT ALSO, ON

7    FEBRUARY 4, JUDGE LARSON CLARIFIED, AND THAT

8    CLARIFICATION WAS NEEDED, THAT PHASE II DISCOVERY

9    IS BIFURCATED.  AND I SUBMIT, AT LEAST AS TO

10   QUESTIONS 43, 44, 48, 49, 50, ARE CLEARLY ALL

11   PHASE II, AND THERE MAY BE PORTIONS OF SOME OF THE

12   OTHERS THAT ARE AS WELL.

13             TO THE EXTENT THE COURT WILL ADDRESS THE

14   SUBSTANTIVE COMPLAINTS, I THINK THEY CAN BE

15   GROUPED.  THE BIGGEST ONE IS THE CONTENTION

16   INTERROGATORIES, IF I CAN CALL THEM THAT, ASKED FOR

17   ALL FACTS, EVIDENCE, ET CETERA, THAT YOU'RE GOING

18   TO RELY UPON AT THE TIME OF TRIAL.

19             I THINK IF THE COURT LOOKS PARTICULARLY

20   AT THE SUPPLEMENTAL RESPONSES THAT HAVE BEEN FILED

21   SINCE THIS MOTION WAS FILED, THE NAMES OF ALL

22   WITNESSES, THE CATEGORIES OF DOCUMENTS, THEORIES,

23   THEMES, ET CETERA, ARE SET FORTH, FULLY COMPLYING

24   WITH THE CASE.

25             MATTEL KEEPS COMPLAINING THAT THEY'RE

Exhibit  5
Page 36

1   AS WELL.   THANK YOU.

2

3                    (WHEREUPON, AT THE HOUR OF

4                    9:46 A.M., THE PROCEEDINGS

5                        WERE CONCLUDED.)

6                          -OOO-

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit  5
Page  37

1  STATE OF CALIFORNIA          )

                              )    SS.

2  COUNTY OF LOS ANGELES     )

3

4          I,    ANGELA DUPRE  , CERTIFIED

5  SHORTHAND REPORTER, CERTIFICATE NUMBER 7804, FOR

6  THE STATE OF CALIFORNIA, HEREBY CERTIFY:

7          THE PROCEEDINGS WERE RECORDED

8  STENOGRAPHICALLY BY ME AND WERE TRANSCRIBED TO THE

9  BEST OF MY ABILITY;

10        THE FOREGOING TRANSCRIPT IS A TRUE AND

11  CORRECT TRANSCRIPT OF MY SHORTHAND NOTES SO TAKEN;

12        I FURTHER CERTIFY THAT I AM NEITHER

13  COUNSEL FOR NOR RELATED TO ANY PARTY TO SAID ACTION

14  NOR IN ANY WAY INTERESTED IN THE OUTCOME THEREOF.

15        IN WITNESS WHEREOF, I HAVE HEREUNTO

16  SUBSCRIBED MY NAME THIS_____DAY OF

17  _____, 2008.

18

19

20

21                      _____

22

23

24

25

Exhibit  5
Page  38

Page 59

# EXHIBIT 6

1 | THOMAS J. NOLAN (Bar No. 66992)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2 | 300 South Grand Avenue
Los Angeles, California 90071-3144
3 | Telephone: (213) 687-5000
Facsimile: (213) 687-5600
4 | E-mail: tnolan@skadden.com

5 | RAOUL D. KENNEDY (Bar No. 40892)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6 | Four Embarcadero Center, 38th Floor
San Francisco, California 94111-5974
7 | Telephone: (415) 984-6400
Facsimile: (415) 984-2698
8 | E-mail: rkennedy@skadden.com

9 | Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA Entertainment (HK) Limited,
10 | MGAE De Mexico, S.R.L. De C.V., and ISAAC LARIAN

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | EASTERN DIVISION

| | |
|---|---|
| 14 CARTER BRYANT, an individual | ) CASE NO. CV 04-9049 SGL (RNBx) |
| 15   Plaintiff, | ) Consolidated with Case No. 04-9059<br>) and Case No. 05-2727 |
| 16   v. | ) **DISCOVERY MATTER**<br>) **[To be heard by Discovery Master** |
| 17 MATTEL, INC., a Delaware<br>corporation | ) **Hon. Edward A. Infante (Ret.)]** |
| 18   Defendant. | ) **NOTICE OF MOTION AND**<br>) **MOTION OF MGA PARTIES FOR** |
| 19 _____ | ) **CLARIFICATION REGARDING**<br>) **PORTIONS OF FEBRUARY 15,** |
| 20 Consolidated with MATTEL, INC. v.<br>BRYANT and MGA | ) **2008, ORDER GRANTING IN PART**<br>) **AND DENYING IN PART** |
| 21 ENTERTAINMENT, INC. v.<br>MATTEL, INC. | ) **MATTEL'S MOTION TO COMPEL**<br>) **RESPONSES TO** |
| 22 | ) **INTERROGATORY NOS. 27-44**<br>**AND 46-50 BY THE MGA PARTIES** |
| 23 | |
| 24 | **Date: TBD**<br>**Time: TBD** |
| 25 | **Place: JAMS**<br>**Phase 1:** |
| 26 | Discovery Cut-Off:  January 28, 2008<br>Pre-Trial Conference: May 5, 2008 |
| 27 | Trial Date:  May 27, 2008 |
| 28 | |

3-3-08

MGA PARTIES' MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

Exhibit 6
Page 39

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), MGAE De Mexico, S.R.L. De C.V. ("MGA Mexico") and Isaac Larian (collectively, the "MGA Parties") hereby move the Court for an order clarifying it's February 15, 2008, Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties (the "February 15, 2008, Order") to confirm that any obligation under the Court's February 15, 2008, Order to provide supplemental responses to interrogatories that seek discovery regarding Phase 2 issues is stayed by operation of the February 4, 2008, Minute Order of the Honorable Stephen Larson in this action staying Phase 2 discovery.  In particular, the MGA Parties seek an order confirming that (i) any obligation of the MGA Parties under the February 15, 2008, Order to respond to Interrogatories Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed by Judge Larson's February 4, 2008, Minute Order on the ground that these interrogatories seek Phase 2 discovery, and (ii) any obligation of MGA Mexico under the February 15, 2008, Order to provide supplemental interrogatory responses is stayed by operation of Judge Larson's February 4, 2008, Minute Order on the ground that discovery directed to MGA Mexcio, which was formed in April 2004, constitutes Phase 2 discovery.

This Motion is based upon this Notice of Motion and accompanying memorandum of points and authorities; the accompanying Declaration of Timothy A. Miller filed concurrently herewith; the records and files of this Court; and any other matter of which the Court may take judicial notice.  Discovery Master Hon. Edward Infante (Ret.) will preside over the hearing on this Motion, which will occur on a date and at a time and manner to be determined by the Discovery Master.

- i -

Exhibit 6
Page 40

1    <u>Statement of Rule 37-1 Compliance</u>.  Counsel for the MGA Parties met and

2  conferred with counsel for Mattel on February 25, 27 and 29, 2008, but were unable

3  to reach agreement on the issue addressed in this motion.  (Miller Decl. ¶¶ 11-13 and

4  Exs. J & K.)

5

6  DATED:  March 3, 2008              SKADDEN, ARPS, SLATE, MEAGHER &
                                      FLOM, LLP
7

8                                    By: _____
                                          RAOUL D. KENNEDY
9
                                      Attorneys for Cross-Defendants
10                                    MGA Entertainment, Inc., MGA
                                      Entertainment (HK) Limited,
11                                    MGAE De Mexico, S.R.L. De C.V.,
                                      and ISAAC LARIAN
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- ii -

MGA PARTIES' MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

Exhibit  6
Page  41

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

On February 15, 2008, this Court issued its Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties[1] (the "February 15, 2008, Order"). In that order, the Court denied Mattel's motion to compel, in part, and compelled the MGA Parties to provide supplemental responses to Interrogatories Nos. 38, 40, 41 (as limited by the Court), 43-44, and 47. (February 15, 2008, Order at 10-12, 18-20, Miller Decl. Ex. C.) The MGA Parties respectfully request that the Court clarify its February 15, 2008, Order to make clear that (i) any obligation of the MGA Parties under the February 15, 2008, Order to respond to Interrogatories Nos. 41 (other than as to Carter Bryant), 43 and 44 is stayed by Judge Larson's February 4, 2008, Minute Order staying Phase 2 discovery, and (ii) any obligation of MGA Mexico under the February 15, 2008, Order to provide supplemental interrogatory responses is also stayed because discovery directed to MGA Mexcio, which was formed in April 2004, constitutes Phase 2 discovery.

## PERTINENT FACTUAL BACKGROUND

On December 20, 2007 Mattel filed its Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 By the MGA Parties (the "Motion to Compel"). The Motion to Compel was fully briefed by January 7, 2008. (Miller Decl. ¶ 2.)

On February 4, 2008, Judge Larson issued a Minute Order which provided, in part, that: "All discovery related to Phase 2 . . . is STAYED until further order of the Court." (Feb. 4, 2008, Minute Order at 3, ¶ 4, Miller Decl. Ex. A.)

At a February 25, 2008, hearing, Judge Larson reconfirmed his commitment to the stay of Phase 2 discovery:

---

[1]    The "MGA Parties" are MGA Entertainment, Inc. ("MGA"), MGA Entertainment (HK) Limited ("MGA HK"), MGAE de Mexico, S.R.L. de C.V. ("MGA Mexico") and Isaac Larian.

-1-

Exhibit 6
Page 42

1           MR. COREY, IF I LIFT THE STAY ON PHASE TWO
        DISCOVERY, I CAN'T IMAGINE WHAT THAT
2           WOULD DO. I MEAN, POOR JUDGE INFANTE. I
        JUST COULDN'T DO THAT TO HIM. I JUST
3           COULDN'T. THAT WOULD DERAIL THIS
        LITIGATION. BASED ON HOW -- AND I'M NOT
4           POINTING ANY FINGERS HERE, THIS IS JUST
        ACROSS THE BOARD -- HOW DISCOVERY HAS
5           BEEN CONDUCTED, THE MILLIONS OF
        DOCUMENTS; THE, I DON'T KNOW, UNTOLD
6           NUMBER OF DEPOSITIONS AND THE
        INTERROGATORIES AND RFA'S; TO LIFT STAY
7           TWO DISCOVERY DURING THIS CRITICAL PERIOD
        AS WE'RE TRYING TO DO THE MOTIONS, THE
8           PRETRIAL ORDERS, AND GET READY FOR THE
        FIRST TRIAL IN MAY, WHICH IS GOING FORWARD
9           IN MAY, TO START IN ON FULL SCALE PHASE
        TWO DISCOVERY, THAT'S UNFATHOMABLE.
10  (Reporter's Tr. of Proceedings, Feb. 25, 2008, at 30:7-19, Miller Decl. Ex. D).

11        Meanwhile, on February 11, 2008, this Court held a hearing on the Motion to

12  Compel along with 10 other pending motions. (Miller Decl. ¶ 4.) At the February

13  11, 2008, hearing, counsel for the MGA Parties informed the Court of the stay of

14  Phase 2 discovery:

15          ON A PROCEDURAL FRONT ALSO, ON FEBRUARY
16          4, JUDGE LARSON CLARIFIED, AND THAT
        CLARIFICATION WAS NEEDED, THAT PHASE II
17          DISCOVERY IS BIFURCATED. AND I SUBMIT, AT
        LEAST AS TO QUESTIONS 43, 44, 48, 49, 50, ARE
18          CLEARLY ALL PHASE II, AND THERE MAY BE
        PORTIONS OF SOME OF THE OTHERS THAT ARE
19          AS WELL.

20  (Telephonic Tr. of Proceedings, Feb. 11, 2008, at 34:6-12, Miller Decl. Ex. B.)

21        As mentioned above, on February 15, 2008, this Court issued its Order

22  Granting in Part and Denying in Part Mattel's Motion to Compel Responses to

23  Interrogatory Nos. 27-44 and 46-50 by the MGA Parties. That order does not

24  expressly address the effect of Judge Larson's stay of Phase 2 discovery.

25        As discussed in more detail below, Interrogatory Nos. 41 (except with respect

26  to Carter Bryant), 43 and 44 seek discovery related to Phase 2 and, therefore, any

27  further obligation to respond to those interrogatories has been stayed by Judge

28  Larson. Interrogatory No. 41 seeks information about former Mattel employees

MGA PARTIES' MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

Exhibit 6
Page 43

1  hired by MGA to support Mattel's claims of trade secret misappropriation, and

2  Interrogatories Nos. 43-44 relate to MGA's Phase 2 claims of copying and

3  infringement by Mattel.  The February 15, 2008, Order also compels additional

4  responses from MGA Mexico.  That entity did not come into existence until April

5  2004 and thus all claims against that entity relate to Phase 2.

6       As Mattel argued in a recent filing, Judge Larson "clarified what was in Phase

7  1 and Phase 2 in [his] July 2, 2007 Minute Order."  (Mattel Inc.'s Opp'n to MGA

8  Defendants' Ex Parte Application to Compel the Depositions of Matthew Bousquette

9  and Tina Patel at 9:7-8, Miller Decl. Ex. E.)  Mattel quoted the following passage

10  from Judge Larson's order:

11            Phase 1(a) would be limited to issues surrounding Carter
              Bryant's employment with Mattel, and how those issues
12            impact the ownership of certain original Bratz drawings,
              while Phase 1(b) would address approximately two-
13            hundred Bratz products that are potentially derivative of
              the original drawings.  This approach has the appeal of
14            limiting Phase 1(a) to discrete issue of the ownership of the
              original Bratz drawings.  A finding that Bryant owns these
15            original drawings in Phase 1(a) has the potential to
              eliminate the need for Phase 1(b).

16

17  (July 2, 2007 Minute Order at 2, Miller Decl. Ex. F.)

18       The information sought by Mattel in Interrogatory Nos. 41 (except with

19  respect to Carter Bryant), 43 and 44 has nothing to do with Carter Bryant's

20  employment with Mattel or the ownership of Carter Bryant's Bratz drawings.  Mattel

21  named MGA Mexico as a defendant in its counterclaims of trade secret

22  misappropriation, clearly a Phase 2 claim.  Accordingly, the MGA Parties

23  respectfully request an order clarifying the February 15, 2008, Order to make clear

24  that any obligation of the MGA Parties' under that order to supplement their

25  responses to Interrogatory Nos. 41 (except with respect to Carter Bryant) and 43-44,

26  and MGA Mexico's obligation to further respond to any of Mattel's interrogatories,

27  is stayed pursuant Judge Larson's February 4, 2008, Minute Order.

28

Exhibit 6
Page 44

1    **ARGUMENT**

2  I.  **THE COURT SHOULD CLARIFY ITS FEBRUARY 15, 2008, ORDER**
      **TO CONFIRM THAT ANY OBLIGATION IN THAT ORDER TO**
3      **PROVIDE DISCOVERY RELATED TO PHASE 2 IS STAYED UNDER**
      **JUDGE LARSON'S FEBRUARY 4, 2008, MINUTE ORDER**
4

5          The MGA Parties respectfully submit that Interrogatories Nos. 41 (except with

6  respect to Carter Bryant), 43 and 44, and all interrogatories to the extent they are

7  directed to MGA Mexico, relate to Phase 2 and, therefore, any further response to

8  those interrogatories has been stayed by Judge Larson.

9      A.  **Interrogatory No. 41**

10         Interrogatory No. 41 seeks information concerning MGA's hiring of former

11  Mattel employees, as follows:

12             IDENTIFY all PERSONS who at any time have been
               employed by or under contract with MATTEL who are
13             now or have been employed by or under contract with
               YOU since January 1, 1999, and, for each such PERSON,
14             state his or her name, date of hire or effective date of
               contract, the date on which YOU first had contact with
15             such PERSON regarding potential employment or
               contracting, the date(s) on which such PERSON was
16             interviewed for possible employment or contracting, each
               title (if any) such PERSON has held while employed by or
17             under contract with YOU, and the date of termination (if
               applicable).
18

19  Prior to the stay of Phase 2 discovery, the MGA Parties provided "a list of well over

20  a hundred individuals with their position title and employment dates." (Feb. 15,

21  2008, Order at 10:13-14, Miller Decl. Ex. C.)  The Court compelled supplemental

22  responses to this interrogatory, in part, ordering the MGA Parties to "provide the

23  interview dates for each of the individuals identified in their supplemental

24  responses." (*Id.* at 11:1-2, Miller Decl. Ex. C.)

25         The Court based it order compelling further response to Interrogatory No. 41

26  on its conclusion that "[t]he interview dates are potentially relevant to Mattel's claim

27  that the MGA parties induced former Mattel employees to abscond with Mattel's

28  trade secrets." (*Id.* at 11:2-3, Miller Decl. Ex. C.)  With the exception of Mattel's

-4-

MGA PARTIES' MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

Exhibit  6
Page  45

1 | claims that MGA misappropriated Bratz when it acquired Bratz from Carter Bryant,

2 | Mattel's claims of trade secret theft through the hiring of former Mattel employees

3 | relate to Phase 2 in that they relate to Mattel's counterclaims against the MGA

4 | Parties for trade secret misappropriation.  (*See* July 2, 2007, Minute Order at 2

5 | (adopting chart of Phase 1 and Phase 2 claims proposed by Mattel at pages 8-9 of

6 | Mattel's Memorandum Regarding Trial Structure), Miller Decl. Exs. F & G.)

7 | Therefore, any further response to Interrogatory No. 41 (other than with respect to

8 | Carter Bryant) is stayed under Judge Larson's February 4, 2008, Minute Order.  (The

9 | MGA Parties will provide the ordered supplemental response with respect to Carter

10 | Bryant.)

11 |    **B.    Interrogatories 43 and 44.**

12 |    As the Court summarized in its February 15, 2008, Order, "Interrogatory Nos.

13 | 43 and 44 request dates on which each 'concept, design, product, product packaging

14 | or other matter that [the MGA Parties] contend Mattel copied or infringed' was (1)

15 | 'conceived' and (2) 'first fixed in any tangible medium of expression' . . . ."

16 | (Feb. 15, 2008, Order at 11:8-11, Miller Decl. Ex. C.)[2]  Thus, by definition,

17 | ────────────

18 | [2]    Interrogatories Nos. 43 and 44 read, in full, as follows:

19 |    For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied or
20 |    infringed, including but not limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of
21 |    Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any Supplemental
22 |    Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other
23 |    matter was conceived, and IDENTIFY all PERSONS with knowledge of, and all DOCUMENTS that REFER OR
24 |    RELATE TO, the foregoing.

25 |    For each concept, design, product, product packaging or other matter that YOU contend MATTEL copied or
26 |    infringed, including but not limited to those identified in MGA's Responses To Mattel, Inc.'s First Set Of
27 |    Interrogatories Re Claims Of Unfair Competition, Response To Interrogatory No. 2 (and any Supplemental
28 |    Responses to such Interrogatory), state the date that each such concept, design, product, product packaging or other

*(cont'd)*

-5-

Exhibit 6
Page 46

1   Interrogatories Nos. 43 and 44 relate to Phase 2 because they relate to MGA's claims

2   of copying or infringement against Mattel.  (*See* MGA's Complaint for False

3   Designation of Origin, Affiliation, Associate or Sponsorship (15 U.S.C. § 1125(a));

4   Unfair Competition (15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code § 17200 *et seq.*

5   and California Common Law); Dilution (15 U.S.C. § 1125(c), Cal. Bus. & Prof.

6   Code § 14330 and California Common Law); and Unjust Enrichment, at 10-26,

7   Miller Decl. Ex. H.)  Judge Larson deferred all of MGA's affirmative claims against

8   Mattel to Phase 2.  (July 2, 2007, Minute Order at 2 (adopting chart of Phase 1 and

9   Phase 2 claims proposed by Mattel at pages 8-9 of Mattel's Memorandum Regarding

10  Trial Structure), Miller Decl. Exs. F & G.)  Therefore, any further response to

11  Interrogatory Nos. 43 and 44, which relate solely to MGA's claims against Mattel, is

12  stayed under Judge Larson's February 4, 2008, Minute Order.

13      C.    **Interrogatories to MGA Mexico**

14          Mattel does not contend that MGA Mexico was involved in the acquisition or

15  early development of Bratz, nor could it.  MGA Mexico was not formed until April

16  2004, and thus was not in existence when MGA acquired Bratz in 2000 and launched

17  the first generation of Bratz in 2001.  (Mattel's Counterclaim ¶ 37, Miller Decl. Ex.

18  I.)  Mattel claims that MGA Mexico misappropriated Mattel trade secrets through the

19  hiring of former Mattel employees in Mexico.  (*Id.*)  Claims related to MGA Mexico

20  have nothing to do with the ownership of Carter Bryant's original Bratz drawings.

21  Mattel's claims of trade secret misappropriation with respect to the formation of

22  MGA Mexico have been deferred to Phase 2.  (July 2, 2007, Minute Order at 2

23  (adopting chart of Phase 1 and Phase 2 claims proposed by Mattel at pages 8-9 of

24  _____

25  (*cont'd from previous page*)

26          matter was first fixed in any tangible medium of expression
            (if ever), and IDENTIFY all PERSONS with knowledge of,
            and all DOCUMENTS that REFER OR RELATE TO, the

27          foregoing.

28  (Mattel's Amended Fourth Set of Interrogatories, Miller Decl. Ex. L.)

MGA PARTIES' MOTION FOR CLARIFICATION OF FEB. 15, 2008, ORDER

Exhibit  6
Page  47

1 | Mattel's Memorandum Regarding Trial Structure), Miller Decl. Exs. F & G.)   Thus,
2 | discovery directed to MGA Mexico is stayed.

3 | **CONCLUSION**

4 | For the foregoing reasons, the MGA Parties respectfully request the Court to
5 | clarify its February 15, 2008, Order to make clear that the MGA Parties' obligation
6 | to supplement their responses to Interrogatory Nos. 41 (except with respect to Carter
7 | Bryant) and 43-44, and MGA Mexico's obligation to supplement any of the
8 | interrogatories directed to it, is stayed until further order of Judge Larson lifting his
9 | stay on Phase 2 discovery.

11 | DATED: March 3, 2008

SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP

By: _____
RAOUL D. KENNEDY

Attorneys for Cross-Defendants
MGA Entertainment, Inc., MGA
Entertainment (HK) Limited,
MGAE De Mexico, S.R.L. De C.V.,
and ISAAC LARIAN

-7-

Exhibit 6
Page 48