1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2    (johnquinn@quinnemanuel.com)
     Michael T. Zeller (Bar No. 196417)
3    (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4    (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:  (213) 443-3100

7  Attorneys for Mattel, Inc.

8                    UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                         EASTERN DIVISION

11

12 | CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx)

13 |             Plaintiff, | Consolidated with
                              | Case No. CV 04-09059
                              | Case No. CV 05-02727
14 |        vs. |

15 | MATTEL, INC., a Delaware | Hon. Stephen G. Larson
   | corporation, |
16 |                           | MATTEL, INC.'S RESPONSE TO
   |             Defendant. | OBJECTIONS OF MGA
17 |                           | ENTERTAINMENT, INC. TO THE
   |                           | DECLARATION OF SCOTT
18 | AND CONSOLIDATED ACTIONS | WATSON IN SUPPORT OF EX
   |                           | PARTE APPLICATION FOR AN
19 |                           | ORDER TO SHOW CAUSE RE:
   |                           | FAILURE TO COMPLY WITH
20 |                           | COURT ORDER

21                            Hearing Date:  TBA
                              Time:  TBA
                              Place:  TBA

22
                              **Phase 2**
23                            Discovery Cut-off:  December 11, 2009
                              Pre-trial Conference:  March 1, 2010
24                            Trial Date:  March 23, 2010

25

26

27

28

00505.07975/2832201.3

RESPONSE TO MGA'S OBJECTIONS TO THE DECLARATION OF SCOTT WATSON

Mattel, Inc. ("Mattel") submits the following responses to MGA Entertainment, Inc.'s ("MGA") evidentiary objections to the Declaration of Scott Watson in Support of Mattel's Ex Parte Application for an Order to Show Cause Re MGA Entertainment Inc.'s Failure to Comply With Court Order.

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| 1.  ¶13, pg. 3, lines 15-17: "Attached hereto as Exhibit 12 is a true and correct copy of a letter from my partner, Jon Corey, to Jason Russell and Robert J. Herrington, counsel for MGA, dated January 20, 2009," and Exhibit 12. | The exhibit is irrelevant (FRE 401 and 402). The exhibit has not been properly authenticated (FRE 901). Lacks foundation and is not based on personal knowledge (FRE 602). Hearsay (FRE 801 and 802). | <u>Relevance</u> - This exhibit is relevant to the factual background of Mattel's Amended Fourth Set of Interrogatories and, specifically, to MGA's knowledge of Mattel's attempts to obtain prompt responses to these interrogatories. <u>Personal Knowledge/ Authentication/ Foundation</u> - Mr. Watson is counsel for Mattel and a partner at the Quinn Emanuel firm.  In this capacity, he can properly authenticate the letter based on its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," such as the fact | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | | | that the letter was sent by Mr. Watson's colleague to opposing counsel on Quinn Emanuel letterhead.  Moreover, MGA does not, and cannot, dispute the authenticity of correspondence between the attorneys in this case.  See Anderson v. State Farm Mut. Auto Ins. Co., 2008 WL 2441086, at * 1, n. 1 (E.D. Cal. June 13, 2008) (citing Fed. R. Evid. 901(b)(4)) (finding letters attached to declaration were properly authenticated even though declarant failed to declare the basis for her knowledge that letters were authentic, where appearance, contents and substance of the letters indicate they were authentic and Plaintiff presented no evidence that the letters were not authentic and did not attempt to prove they were fraudulent).  Hearsay - This exhibit is not hearsay because it goes directly | |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | to MGA's "state of mind" and it shows MGA's knowledge that Mattel sought prompt responses to its Fourth Set of Interrogatories.  Fed. R. Evid. 803(3); see also Ortiz ex rel. Ortiz v. U.S., 2007 WL 404899, at *3, n. 8 (E.D. Cal. Feb. 2, 2007) (letter to Plaintiff's counsel was not hearsay because the letter showed knowledge by Plaintiff of the facts asserted in the letter). | |
| 2.  ¶14, pg. 3, lines 18-19: "Attached hereto as Exhibit 13 is a true and correct copy of a letter I sent to counsel for MGA, Thomas Nolan and Jason Russell, dated January 28, 2009," and | The exhibit is irrelevant (FRE 401 and 402). Hearsay (FRE 801 and 802). | Relevance - This exhibit is relevant to MGA's knowledge of Mattel's efforts to obtain responses from MGA to interrogatories relevant to Phase 2. Hearsay - This exhibit is not hearsay because it is not asserted for the truth of the matter. Instead, it shows MGA's knowledge that Mattel sought prompt responses to its Supplemental Interrogatories. | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | Exhibit 13. | | Fed. R. Evid. 801(c); see also Ortiz, 2007 WL 404899, at *3, n. 8 (letter to Plaintiff's counsel was not hearsay because the letter showed knowledge by Plaintiff of the facts asserted in the letter). | |
| | 3.  ¶15, pg. 3, lines 20-21: "Attached hereto as Exhibit 14 is a true and correct copy of a letter from my partner, Michael Zeller, to Mr. Nolan, dated January 8, 2009," and Exhibit 14. | The exhibit is irrelevant (FRE 401 and 402). The exhibit has not been properly authenticated (FRE 901). Lacks foundation and is not based on personal knowledge (FRE 602). Hearsay (FRE 801 and 802). | Relevance - This exhibit is relevant to the procedural history of Mattel's attempts to obtain responses to its Amended Fourth Set of Interrogatories, to MGA's knowledge of Mattel's contemplated summary judgment motion, and to MGA's purported reason for refusing to promptly provide responses to these interrogatories. Personal Knowledge/ Authentication/ Foundation - Mr. Watson is counsel for Mattel and a partner at the Quinn Emanuel firm.  In this capacity, he can properly authenticate the letter based on its "[a]ppearance, contents, | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | | | substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," such as the fact that the letter was sent by Mr. Watson's colleague to opposing counsel on Quinn Emanuel letterhead.  Moreover, MGA does not, and cannot, dispute the authenticity of correspondence between the attorneys in this case.  See Anderson, 2008 WL 2441086, at * 1, n. 1 (letters attached to declaration were properly authenticated based on appearance and circumstances, even though declarant failed to declare the basis for her knowledge that letters were authentic).  Hearsay - This exhibit is not hearsay because it goes to MGA's "state of mind" and it shows MGA's knowledge that Mattel contemplated filing a summary judgment motion on | |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | MGA's trade dress and other claims relating to Bratz.  <u>Fed. R. Evid.</u> 803(3); <u>see also</u> <u>Ortiz</u>, 2007 WL 404899, at *3, n. 8 (letter to Plaintiff's counsel was not hearsay because the letter showed knowledge by Plaintiff of the facts asserted in the letter). | |
| 4.  ¶16, pg. 3, lines 22-28: "The parties met and conferred regarding Mattel's discovery requests, including Interrogatory Nos. 43, 44, 51-55 and 64, on February 6, 2009 and times thereafter. MGA proposed that it would provide | Lacks foundation and is not based on personal knowledge (FRE 602). Mr. Watson does not state that he participated in the meet and confer. Also, Mr. Watson does not identify any human being who purportedly acted on behalf of MGA, nor does he set forth | <u>Foundation/ Personal Knowledge</u> - Mr. Watson participated in the parties' meet and confer on February 6, 2009, as evidenced by the confirming letter he sent to counsel for MGA, Amman Khan on that date, and attached to his declaration as Exhibit 15. <u>See</u> Watson Dec., Exh. 15. Notably, MGA does not deny the authenticity or the accuracy of that letter. <u>Vague/ Ambiguous</u> - This statement is not vague and ambiguous.  Discovery conferences are conducted by and through counsel, and this | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | responses to these interrogatories no earlier than 21 days after the Court decides Mattel's contemplated partial summary judgment motion. MGA, however, declined to discuss its specific objections to these interrogatories or whether it would be standing on its remaining objections when it did provide responses." | any facts to establish that such unidentified person had authority to act for MGA. Vague, ambiguous and unintelligible as to "MGA proposed" and "MGA, however, declined to discuss." MGA cannot propose or decline anything; only an authorized representative can do so. Mr. Watson never identifies who on behalf of MGA participated in the meet and confer. Hearsay (FRE | paragraph is clear that MGA, through its counsel, "proposed that it would provide responses to these interrogatories no earlier than 21 days after the Court decides Mattel's contemplated partial summary judgment motion," and that it "declined to discuss its specific objections to these interrogatories." Hearsay - This statement is not hearsay because it is a statement by a party opponent. Fed. R. Evid. 801(d)(2)(C) (a statement is not hearsay if "[t]he statement is offered against a party and is a statement by a person authorized by the party to make a statement concerning the subject."); Ortiz, 2007 WL 404899, at *3, n.8 (letter from Plaintiff's counsel not hearsay under Fed. R. Evid. 801(d)(2)). | |

-7-

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | 801 and 802). Argumentative. | | |
| 5.  ¶17, pg. 4, lines 1-2: "Attached hereto as Exhibit 15 is a true and correct copy of my letter to counsel for MGA, Amman Khan, dated February 6, 2009," and Exhibit 15. | The exhibit is irrelevant (FRE 401 and 402). Hearsay (FRE 801 and 802). | <u>Relevance</u> - This exhibit is relevant to the factual background of Mattel's Amended Fourth Set of Interrogatories and specifically, to MGA's' knowledge of Mattel's meet and confer efforts to obtain responses to these interrogatories without motion practice. <u>Hearsay</u> - This exhibit is not hearsay because it shows MGA's knowledge of Mattel's understanding of the parties' meet and confer.  <u>Fed. R. Evid.</u> 801(c); <u>see also</u> <u>Ortiz</u>, 2007 WL 404899, at *3, n. 8 (letter to Plaintiff's counsel was not hearsay because the letter showed knowledge by Plaintiff of the facts asserted in the letter). | Sustained _____ Overruled _____ |
| 6.  ¶19, pg. 4, lines 5-6: | The exhibit is irrelevant (FRE | <u>Relevance</u> - This exhibit is relevant to the factual | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | "Attached hereto as Exhibit 17 is a true and correct copy of a letter Mr. Corey sent to Mr. Khan, dated February 8, 2009," and Exhibit 17. | 401 and 402). The exhibit has not been properly authenticated (FRE 901). Lacks foundation and is not based on personal knowledge (FRE 602). Hearsay (FRE 801 and 802). | background of Mattel's Amended Fourth Set of Interrogatories and specifically, to MGA's knowledge of Mattel's meet and confer efforts to obtain responses to these interrogatories without motion practice. <br><br> Personal Knowledge/ Authentication/ Foundation - Mr. Watson is counsel for Mattel and a partner at the Quinn Emanuel firm.  In this capacity, he can properly authenticate the letter based on its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," such as the fact that the letter was sent by Mr. Watson's colleague to opposing counsel on Quinn Emanuel letterhead.  Moreover, MGA does not, and cannot, dispute the authenticity of correspondence | |

00505.07975/2832201.3

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | | | between the attorneys in this case.  See Anderson, 2008 WL 2441086, at * 1, n. 1 (finding letters attached to declaration were properly authenticated even though declarant failed to declare the basis for her knowledge that letters were authentic). | |

between the attorneys in this case.  See Anderson, 2008 WL 2441086, at * 1, n. 1 (finding letters attached to declaration were properly authenticated even though declarant failed to declare the basis for her knowledge that letters were authentic).

Hearsay - This exhibit is not hearsay because it is not asserted for the truth of the matter. Instead, it shows MGA's knowledge that Mattel would not wait until after the Court decided Mattel's contemplated summary judgment motion to get responses to its Fourth Set of Interrogatories.  Fed. R. Evid. 801(c); see also Ortiz, 2007 WL 404899, at *3, n. 8  (letter to Plaintiff's counsel was not hearsay because the letter showed knowledge by Plaintiff of the facts asserted in the letter).

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| 7. ¶20, pg. 4, lines 7-8: "Attached hereto as Exhibit 18 is a true and correct copy of relevant excerpts of the transcript of the February 11, 2009 hearing before Judge Larson," and Exhibit 18. | The exhibit is irrelevant (FRE 401 and 402). | Relevance - This exhibit shows the Court's statement that there is no stay on Phase 2 discovery and is relevant to Mattel's *ex parte* application because it demonstrates the extent of MGA's non-compliance with Court Orders. | Sustained _____ Overruled _____ |
| 8. ¶21, pg. 4, lines 9-10: "Attached hereto as Exhibit 19 is a true and correct copy of a letter Mr. Corey sent to Mr. Nogues, dated February 12, 2009, " and Exhibit 19. | The exhibit is irrelevant (FRE 401 and 402). The exhibit has not been properly authenticated (FRE 901). Lacks foundation and is not based on personal knowledge (FRE 602). Hearsay (FRE | Relevance - This exhibit is relevant to the factual background of Mattel's Amended Fourth Set of Interrogatories and, specifically, to MGA's understanding that Mattel sought to obtain prompt responses to these interrogatories. Personal Knowledge/ Authentication/ Foundation - Mr. Watson is counsel for Mattel and a partner at the | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | | 801 and 802). | Quinn Emanuel firm.  In this capacity, he can properly authenticate the letter based on its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," such as the fact that the letter was sent by Mr. Watson's colleague to opposing counsel on Quinn Emanuel letterhead.  Moreover, MGA does not, and cannot, dispute the authenticity of correspondence between the attorneys in this case.  See Anderson, 2008 WL 2441086, at * 1, n. 1 (finding letters attached to declaration were properly authenticated even though declarant failed to declare the basis for her knowledge that letters were authentic).<br>Hearsay - This exhibit is not hearsay because it is not asserted for the truth of the matter. | |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | | | Instead, it shows MGA's knowledge that Mattel sought prompt responses to its Fourth Set of Interrogatories.  <u>Fed. R. Evid.</u> 801(c); <u>see also</u> <u>Ortiz</u>, 2007 WL 404899, at *3, n. 8 (letter to Plaintiff's counsel was not hearsay because the letter showed knowledge by Plaintiff of the facts asserted in the letter). | |
| | 9.  ¶24, pg. 4, lines 15-17: "Attached hereto as Exhibit 22 is a true and correct copy of the Civil Minutes - General Re: Mattel's Motion to Enforce the Court's Order on March 23, 2005 and for Sanctions, dated June 16, 2006,"and | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| Exhibit 22. | | | |
| 10.  ¶25, pg. 4, lines 18-20: "Attached hereto as Exhibit 23 is a true and correct copy of the Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1, dated April 17, 2007,"and Exhibit 23. | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |
| 11.  ¶26, pg. 4, lines 21-23: "Attached hereto as Exhibit 24 is a true and correct copy of the Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| Responses by MGA, dated May 15, 2007, " and Exhibit 24. | | | |
| 12.  ¶27, pg. 4, lines 24-26: "Attached hereto as Exhibit 25 is a true and correct copy of the Order Granting Mattel, Inc's Motion to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007," and Exhibit 25. | The exhibit is irrelevant (FRE 401 and 402). | Relevance - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |
| 13.  ¶28, pg. 5, lines 1-3: "Attached hereto as Exhibit 26 is a true and correct copy of the Order | The exhibit is irrelevant (FRE 401 and 402). | Relevance - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | Granting in Part and Denying in Part Mattel's Production of Documents for MGA, dated August 14, 2007," and Exhibit 26. | | | |
| | 14. ¶29, pg. 5, lines 4-7: "Attached hereto as Exhibit 27 is a true and correct copy of the Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30 (b)(6), and Granting Request | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - Exhibit 27 is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

RESPONSE TO MGA'S OBJECTIONS TO THE DECLARATION OF SCOTT WATSON

00505.07975/2832201.3

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | for Sanctions, dated August 14, 2007, " and Exhibit 26. | | | |
| | 15.  ¶30, pg. 5, lines 8-10: "Attached hereto as Exhibit 28 is a true and correct copy of the Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2007," and Exhibit 28. | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |
| | 16.  ¶31, pg. 5, lines 11-13: "Attached hereto as Exhibit 29 is a true and correct copy of the Order Granting Mattel's Motion to | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

RESPONSE TO MGA'S OBJECTIONS TO THE DECLARATION OF SCOTT WATSON

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6), dated September 25, 2007," and Exhibit 29. | | | |
| | 17.  ¶32, pg. 5, lines 14-16: "Attached hereto as Exhibit 30 is a true and correct copy of the Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007, dated December 19, 2007," and Exhibit 30. | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |
| | 18.  ¶33, pg. 5, lines 17-19: | The exhibit is irrelevant (FRE | <u>Relevance</u> - This exhibit is relevant because it demonstrates | Sustained _____ Overruled _____ |

-18-

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | "Attached hereto as Exhibit 31 is a true and correct copy of the Order Granting Mattel's Motion to Compel MGA to Produce Documents Bearing Bates Nos. MGA 0800973-0800974 and MGA 0829296-0829305, dated December 17, 2007,"and Exhibit 31. | 401 and 402). | MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | |
| | 19.  ¶34, pg. 5, lines 20-23: "Attached hereto as Exhibit 32 is a true and correct copy of the Order Granting in Part and Denying in | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| Part Mattel's Motion to Enforce Court's Discovery Orders and to Compel; to Overrule Purportedly Improper Instructions; and for Sanctions, dated January 8, 2008," and Exhibit 32. | | | |
| 20.  ¶35, pg. 5, lines 24-26: "Attached hereto as Exhibit 33 is a true and correct copy of the Order Regarding Mattel, Inc.'s Motion to Compel Production of Metadata, dated January 9, 2008," | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| and Exhibit 33. | | | |
| 21.  ¶36, pg. 6, lines 1-3: "Attached hereto as Exhibit 34 is a true and correct copy of the Order Granting in Part Mattel's Motion to Compel MGA to Produce Communication Regarding this Action, dated April 14, 2008," and Exhibit 34. | The exhibit is irrelevant (FRE 401 and 402). | Relevance - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |
| 22.  ¶37, pg. 6, lines 4-6: "Attached hereto as Exhibit 35 is a true and correct copy of the Order Re Mattel, Inc.'s Motion To Compel Production of | The exhibit is irrelevant (FRE 401 and 402). | Relevance - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| Documents Withheld As Privileged, dated December 19, 2007,"and Exhibit 35. | | | |
| 23. ¶38, pg. 6, lines 7-8: "Attached hereto as Exhibit 36 is a true and correct copy of the Court's Civil Minutes of March 23, 2005,"and Exhibit 36. | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |
| 24. ¶39, pg. 6, lines 9-10: "Attached hereto as Exhibit 37 is a true and correct copy of the Court's Civil Minutes of June 16, 2006," and | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |

RESPONSE TO MGA'S OBJECTIONS TO THE DECLARATION OF SCOTT WATSON

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| Exhibit 37. | | | |
| 25.  ¶40, pg. 6, lines 11-12: "Attached hereto as Exhibit 38 are examples of entirely redacted pages produced by MGA in response to Mattel's First Set of Requests for Production," and Exhibit 38. | The exhibit is irrelevant (FRE 401 and 402). The exhibit has not been properly authenticated (FRE 901). Lacks foundation and is not based on personal knowledge (FRE 602). Argumentative. | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. <u>Authentication</u> - Mr. Watson has properly authenticated this exhibit as examples of documents produced by MGA in response to discovery requests in this action.  <u>In re Homestore.com, Inc. Securities Litigation</u>, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (document was authenticated because documents produced during the discovery process "are deemed authentic when offered by a party-opponent"); <u>Federal Practice & Procedure: Evidence § 7105</u>, at 39 ("Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . . . . [a] discovery | Sustained _____ Overruled _____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | request.") (citations omitted). <u>Foundation/ Personal Knowledge</u> - Mr. Watson is counsel for Mattel and in this capacity has personal knowledge of documents MGA has produced in this action. | |
| 26. ¶41, pg. 6, lines 13-14: "Attached hereto as Exhibit 39 is a true and correct copy of the Trial transcript dated Tuesday, August 5, 2008, afternoon session," and Exhibit 39. | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. | Sustained _____ Overruled _____ |
| 27. ¶44, pg. 6, lines 22-24: "In this case there have been more than 50 discovery Orders issued against MGA, in | Irrelevant (FRE 401 and 402). Lacks foundation (FRE 602). Mr. Watson fails to identify the "more than 50 discovery | <u>Relevance</u> - This statement is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. <u>Foundation</u> - Mr. Watson is counsel for Mattel and therefore | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | whole or in part, and its co-defendants, which includes Orders finding MGA to be in violation of prior Court Orders." | Orders issued against MGA," or to set forth facts establishing that such unidentified Orders were "against" MGA. Vague, ambiguous and unintelligible as to "against MGA, in whole or in part" and "its co-defendants." Improper conclusion and opinion as to what Orders have been issued "against" MGA or what constitutes a "violation of prior Court Orders" (FRE 701). Hearsay (FRE 801 and 802). | has personal knowledge of the approximate number of discovery orders that have been issued against MGA and its co-defendants.  Notably, MGA does not dispute the accuracy of Mr. Watson's summary of the number of discovery orders that have been issued against MGA and its co-defendants.  Vague/ Ambiguous - This statement is not vague and ambiguous and refers plainly to previous court orders that granted in part or in full Mattel discovery motions against MGA and its co-defendants.  Conclusion/ Argumentative - This statement is not argumentative nor an improper legal conclusion.  It merely states the fact that over 50 discovery orders have been issued against MGA and that some of those orders found that MGA was in violation of prior | |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | | Argumentative. | court orders. This is proper lay testimony. Fed. R. Evid. 701 (lay witness may testify to opinions that are "rationally based on the perception of the witness," or "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue"). Hearsay - This statement is not hearsay because it refers to the number of discovery orders that have been issued against MGA and its co-defendants, and does not refer to the prior discovery orders for the truth of the matter asserted in those orders. Instead, this statement refers to the prior court orders to establish that those judicial proceedings took place and their outcomes. See Johnson v. Clark, 2006 WL 289107, at * 2 (M.D. Fla. Feb. 7, 2006) (state court orders are not hearsay where they are introduced to establish the fact | |

RESPONSE TO MGA'S OBJECTIONS TO THE DECLARATION OF SCOTT WATSON

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | that the judicial proceedings took place). | |
| 28.  ¶45, pg. 6, line 25 to pg. 7, line 4: "MGA and its related party-defendants refused to produce virtually any key witness in this litigation and forced Mattel to bring motion after motion to obtain the testimony of even indisputably relevant witnesses. These witnesses have include named defendant and MGA CEO Isaac Larian; named defendant Carter | Irrelevant (FRE 401 and 402). Lacks foundation and is not based on personal knowledge (FRE 602). Vague, ambiguous and unintelligible as to "key witness," "motion after motion," and "indisputably relevant witnesses." Improper conclusion and opinion as to "MGA and its related party defendants," "refused," "forced," "key | <u>Relevance</u> - This statement is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. <u>Foundation</u> - Mr. Watson is counsel for Mattel and in this capacity has personal knowledge of the efforts Mattel has had to take to depose important witnesses in this action. <u>Vague/ Ambiguous</u> - The terms "key witness," "motion after motion," and "indisputably relevant witnesses" are not vague and ambiguous and can be understood by their plain meaning. <u>Conclusion/ Argumentative</u> - This statement is not an improper legal conclusion nor an improper argument.  It merely states Mr. Watson's understanding of the facts regarding MGA's refusal to | Sustained _____ Overruled _____ |

RESPONSE TO MGA'S OBJECTIONS TO THE DECLARATION OF SCOTT WATSON

00505.07975/2832201.3

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | Bryant; MGA executive and Bratz brand manager Paula Garcia (Treantafelles), named defendant and MGA executive Gustavo Machado; MGA manager Jorge Castilla; MGA contractor Veronica Marlow; and MGA contractor Margaret Hatch Leahy." | witness," and "indisputably relevant witnesses" (FRE 701). Hearsay (FRE 801 and 802). Argumentative. | produce important witnesses for deposition without motion practice.  Notably, MGA does not dispute any of these facts. Moreover, the terms "forced," "key witness," and "relevant" are rationally based on Mr. Watson's perception and are not improper legal conclusions.  <u>Fed. R. Evid.</u> 701 (lay witness may testify to opinions that are "rationally based on the perception of the witness," or "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue"). <u>Hearsay</u> - This is by definition not hearsay because it does not refer to any out of court "statement." <u>Fed. R. Civ. P.</u> 801(a) ("A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion."). | |
| | 29.  ¶46, pg. 7, lines 5-13: | Irrelevant (FRE 401 and 402). | <u>Relevance</u> - This statement is relevant because it demonstrates | Sustained _____ Overruled _____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | "MGA initially produced documents spanning a mere 10,000 bates numbers, a significant number of which were completely blank. This production was in response to relevant requests seeking information about 'the origin of Bratz and Bryant's work for MGA' What few documents MGA did produce were, in many cases, so heavily redacted that they were unintelligible. | Lacks foundation and is not based on personal knowledge (FRE 602). Vague, ambiguous and unintelligible as to "a significant number," "relevant requests," "key documents," and "early work." Improper conclusion and opinion as to "a significant number," "relevant requests," "key documents," and "early work" (FRE 701). Hearsay (FRE 801 and 802). | MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. <u>Foundation</u> - Mr. Watson is counsel for Mattel and therefore has personal knowledge of MGA's document production in this action.  Moreover, Mr. Watson has attached to his declaration examples of MGA's production in which the documents were redacted so that only the 'To,' 'From,' and subject header designations remained on relevant emails.  <u>See</u> Watson Dec., Exh. 38.  MGA does not object to the accuracy of Mr. Watson's statement, nor does MGA deny that Exhibit 38 are heavily redacted documents produced by MGA. <u>Vague/Ambiguous</u> - The terms "a significant number," "relevant requests," "key documents," and "early work" are not vague and ambiguous | |

00505.07975/2832201.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | For instance, emails were redacted of all text save the 'To,' 'From,' and subject header designations. The production also omitted key documents about early work on the Bratz project and was designed to make it appear that work on Bratz did not begin until December 2000." | Argumentative. | and can be understood by their plain meaning.<br><br>Conclusion/ Argumentative - These terms are also rationally based on Mr. Watson's perception of MGA's production and are not improper legal conclusions. Fed. R. Evid. 701 (lay witness may testify to opinions that are "rationally based on the perception of the witness," or "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue").<br><br>Hearsay - The number of documents MGA has produced in response to certain discovery requests is not an out of court statement and is therefore not hearsay. Moreover, the reference to the "To," From," and "Subject" text in the documents is not made to prove the truth of the matter asserted by the text, but instead, to prove that MGA produced | |

RESPONSE TO MGA'S OBJECTIONS TO THE DECLARATION OF SCOTT WATSON

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | heavily redacted documents. Fed. R. Civ. P. 801. | |
| 30.  ¶47, pg. 7, lines 14-17: "Since the lifting of the stay on Phase 2 discovery, MGA has answered no interrogatories and has not agreed to produce a single witness for deposition. MGA did not produce any documents for the first two months of Phase 2 discovery." | Irrelevant (FRE 401 and 402). Lacks foundation and is not based on personal knowledge (FRE 602). Hearsay (FRE 801 and 802). Argumentative. | Relevance - This statement is relevant because it demonstrates MGA's continued discovery misconduct in this case, and that coercive sanctions are necessary. Foundation - Mr. Watson is counsel for Mattel and has personal knowledge that MGA has yet to respond to any interrogatories or produce any witnesses for deposition since the Phase 2 discovery stay was lifted.  As counsel for Mattel, Mr. Watson also has personal knowledge that MGA did not produce any documents for the first two months after Phase 2 discovery resumed. Hearsay - This is by definition not hearsay because it does not refer to any out of court "statement." Fed. R. Civ. P. 801(a) ("A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct | Sustained _____ Overruled _____ |

-31-

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | of a person, if it is intended by the person as an assertion.").  In any event, MGA's positions in discovery would be the statements of a party opponent, and thus not hearsay.  Fed. R. Civ. P. 801(d)(2). | |

DATED:  March 12, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ Michael T. Zeller
    Michael T. Zeller
    Attorneys for Mattel, Inc.