1   PATRICIA L. GLASER (Bar No. 055668)
    pglaser@glaserweil.com
2   GLASER WEIL FINK JACOBS & SHAPIRO
    10250 Constellation Blvd., 19th Floor
3   Los Angeles, California 90067
    Telephone: (310) 553-3000
4   Facsimile: (310) 557-9815

5   RUSSELL J. FRACKMAN (Bar No. 49087)
    rjf@msk.com
6   PATRICIA H. BENSON (Bar No. 60565)
    phb@msk.com
7   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
8   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
9   Facsimile: (310) 312-3100

10  Attorneys for Defendants
    MGA Entertainment, Inc., MGA Entertainment
11  HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and
    Isaac Larian

12

13              UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA -- EASTERN DIVISION

15  | CARTER BRYANT, an individual, | CASE NO.  CV 04-9049 SGL (RNBx) |
    |---|---|
16  | Plaintiff, | Consolidated with |
17  | v. | Case No.  CV 04-09059<br>Case No.  CV 05-02727 |
18  | MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER**<br>**[TO BE HEARD BY DISCOVERY** |
19  | | **MASTER ROBERT O'BRIEN** |
20  | Defendant. | **PURSUANT TO ORDER OF**<br>**JANUARY 6, 2009]** |
21  | AND CONSOLIDATED CASES | **[PUBLIC REDACTED]**<br>**DECLARATION OF JEAN PIERRE**<br>**NOGUES IN OPPOSITION TO** |
22  | | **MATTEL'S MOTION TO COMPEL** |
23  | | **[EXHIBIT J FILED UNDER SEAL]**<br>**OPPOSITION MEMORANDUM AND** |
24  | | **EVIDENTIARY OBJECTIONS FILED**<br>**CONCURRENTLY]** |
25  | | Date:      April 21, 2009 |
26  | | Time:     10:00 a.m.<br>Place:     Arent Fox LLP |
27  | | **Phase 2**<br>Discovery Cut-off:          Dec. 11, 2009 |
28  | | Pre-Trial Conference:     March 1, 2010<br>Trial Date:                    March 23, 2010 |

Mitchell
Silberberg &
Knupp LLP

2160062.1

1

## DECLARATION OF JEAN PIERRE NOGUES

I, JEAN PIERRE NOGUES, declare:

1.      I am an attorney at law duly licensed to practice law in the State of California and before this Court.  I am, through my professional corporation, a partner in the law firm of Mitchell Silberberg & Knupp LLP, attorneys of record for MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and Isaac Larian.  I have personal knowledge of the following facts and, if called and sworn as a witness, could and would competently testify thereto.

2.      I was the lawyer on behalf of the MGA parties who was responsible for the meet and confer discussions concerning Mattel Interrogatory Nos. 43, 44, 51-55 and 64 (the "Trade Dress Interrogatories").

3.      Appended hereto as Exhibit A is a correct copy of the Public Redacted version of an ex parte application regarding Interrogatories 43 and 44 filed by Mattel on March 10, 2009.

4.      Appended hereto is Exhibit B is a correct copy of a Notice of Manual Filing showing that Mattel manually filed its ex parte application under seal at or about 12:15 p.m. on March 10.

5.      Appended hereto as Exhibit C is a correct copy of the e-mail by which Mattel delivered its ex parte papers to our office at 4:52 p.m. on March 10, 2009.

6.      Appended hereto as Exhibit D is a correct copy of a February 23, 2009 letter I received from James Webster, one of Mattel's counsel herein.

7.      On February 6, 2009, I participated in a telephone conference with counsel for Mattel and co-counsel for the MGA Parties.  My co-counsel discussed outstanding discovery issues other than the Trade Dress Interrogatories, and I discussed the subject of the Trade Dress Interrogatories.  During that conference, I raised with Jon Corey, one of Mattel's counsel, the MGA Parties' proposal that the MGA Parties provide further responses to the Trade Dress Interrogatories within

1   30 days of the Court's decision on Mattel's anticipated summary judgment motion.

2   Mr. Corey stated that he would discuss the matter with his client, but that he did

3   not think they would agree to it.  During our conference, Mr. Corey never raised

4   the subject of MGA's objections to the Trade Dress Interrogatories.  I never

5   refused or declined to discuss those objections; they were never even a topic of

6   discussion between Mr. Corey (or any other Mattel lawyer) and me.  While there

7   was discussion between my co-counsel and Mattel's counsel about deferring

8   discussion of certain objections and certain responses to interrogatories *other than*

9   the Trade Dress Interrogatories, at no time during that conversation did any of the

10  attorneys representing the MGA Parties on the call refuse to discuss any objections

11  to any of interrogatories that Mattel raised.

12       8.     I never received a response from Mattel's counsel regarding my

13  February 19, 2009 proposal that the MGA Parties respond to the Trade Dress

14  Interrogatories:  (a) if their protective order motion were denied, within 21 days

15  after that denial, or (b) if the motion were granted, within 21 days after the Court's

16  decided Mattel's summary judgment motion.

17       9.     On January 27, 2009, I caused to be filed the MGA Parties Motion for

18  Protective Order Staying Discovery on Trade Dress Claims.  Rather than

19  burdening the Discovery Master with another set of those papers, MGA asks that

20  the Discovery Master take judicial notice of that motion, which is set for hearing

21  before the Discovery Master on April 14, 2009.

22       10.    Appended hereto as Ex. E is a correct copy of the Discovery Master's

23  March 5, 2009 Order No. 2, which, among other things, set the hearing date for

24  MGA's protective order motion.

25       11.    Mattel filed its opposition to MGA's protective order motion on

26  March 6, 2006.  Rather than burdening the Discovery Master with another set of

27  those papers, MGA asks that the Discovery Master take judicial notice of the filing

28  of those opposition papers.

Mitchell
Silberberg &
Knupp LLP

2159476.1

DECLARATION OF JEAN PIERRE NOGUES IN OPPOSITION TO MATTEL'S MOTION TO COMPEL

12.     On March 6, 2006, Mattel also filed the motion to compel to which this declaration is addressed.

13.     Appended hereto as Exhibit F is a correct copy a March 9, 2009 letter to me from Scott Watson.

14.     Appended hereto as Exhibit G is a correct copy of a March 9, 2009, letter from Marc Mayer of my office to Mr. Watson.

15.     Appended hereto as Exhibit H is a correct copy of a letter from Mr. Watson received in our offices at approximately 9:30 p.m. on March 9, 2009.

16.     Appended hereto as Exhibit I is a correct copy of the Court's February 4, 2008 order, which, among other things, stayed Phase 2 discovery.

17.     Appended hereto as Exhibit J is a correct copy of MGA's Supplemental Response to Interrogatory No. 2 propounded by Mattel.

18.     Appended hereto as Exhibit K is a correct copy of a minute order issued by the Court on March 13, 2209, declining to hear Mattel's ex parte application (Exhibit A hereto) and referring it to the Discovery Master.

19.     Both Patricia Benson and I have each spent well over five hours opposing Mattel's Motion To Compel, at a cost to MGA exceeding $5,000. Accordingly, we request sanctions against Mattel in the sum of no less than $5,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 13th day of March, 2009, at Los Angeles, California.

_____
Jean Pierre Nogues

Mitchell
Silberberg &
Knupp LLP

2159476.1

DECLARATION OF JEAN PIERRE NOGUES IN OPPOSITION TO MATTEL'S MOTION TO COMPEL

# EXHIBIT A

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT A

# TO DECLARATION OF

# JEAN PIERRE NOGUES

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2      (johnquinn@quinnemanuel.com)
      Michael T. Zeller (Bar No. 196417)
3      (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4      (joncorey@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
5   Los Angeles, California  90017-2543
    Telephone:   (213) 443-3000
6   Facsimile:   (213) 443-3100

7   Attorneys for Mattel, Inc.

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

13              Plaintiff,                  Consolidated with
                                            Case No. CV 04-09059
14        vs.                               Case No. CV 05-02727

15  MATTEL, INC., a Delaware               Hon. Stephen G. Larson
    corporation,
16                                          MATTEL, INC.'S EX PARTE
                Defendant.                  APPLICATION FOR AN ORDER TO
17                                          SHOW CAUSE RE: MGA
    _____    ENTERTAINMENT, INC'S FAILURE
18  AND CONSOLIDATED ACTIONS               TO COMPLY WITH COURT ORDER

19                                          [Declaration of Scott L. Watson filed
                                            concurrently herewith]
20
                                            Hearing Date:  TBA
21                                          Time:  TBA
                                            Place:  TBA
22
                                            **Phase 2**
23                                          Discovery Cut-off:  December 11, 2009
                                            Pre-trial Conference:  March 1, 2010
24                                          Trial Date:  March 23, 2010

25

26                        PUBLIC REDACTED

27

28

                                            **Exhibit A**
                                            **Page 05**

EX PARTE RE OSC

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 7 of 70   Page ID
#:160284
Case 2:04-cv-09049-SGL-RNB      Document 4991      Filed 03/10/2009      Page 2 of 27

1            Mattel, Inc. ("Mattel") hereby respectfully applies *ex parte*, pursuant to

2 Federal Rule of Civil Procedure 37(b) and the Court's inherent authority, for an Order

3 To Show Cause relating to MGA Entertainment Inc.'s ("MGA's") failure and refusal to

4 comply with the Discovery Master's Order of February 15, 2008 (the "Order") that

5 required MGA to provide full and complete responses to Mattel's Interrogatories Nos.

6 43 and 44.

7            Mattel makes this Application on the grounds that MGA has failed and

8 refused to comply with the Order. The Phase 2 discovery stay was lifted two months

9 ago, and at the February 11, 2009 scheduling conference, MGA insisted on a short

10 discovery and trial schedule. Yet, for two months, MGA failed and refused to produce

11 Phase 2 discovery, including such discovery that was previously ordered. MGA also

12 has a history of flouting Court Orders, but remains undeterred by prior warnings and

13 prior awards of sanctions. Absent prompt intervention by this Court, MGA will

14 continue to block even ordered Phase 2 discovery. Furthermore, MGA's conduct is a

15 direct challenge to the authority of the Court and the Discovery Master, and additional

16 delay would inappropriately reward MGA for its refusals to comply with the Order.[1]

17 Accordingly, good cause exists to seek this relief on an *ex parte* basis, and Mattel

18 requests that this Court:

19            (1)     issue an Order to Show Cause regarding MGA's failure and refusal

20 to comply with the Order;

21            (2)     adjudge MGA to be in contempt of Court;

22

---

23    [1]    This motion is properly resolved by the Court, and not the Discovery Master,
because Mattel seeks contempt sanctions, which are outside the bounds of the
24 Discovery Master's authority. See Stipulation for Appointment of a Discovery Master
and Order, dated December 6, 2006 at ¶ 4, Watson Dec. Ex. 40. Paragraph 4 states that
25 the Discovery Master "shall have the authority to . . . issue orders awarding non-
contempt sanctions." The Discovery Master was appointed to resolve discovery
26 disputes, id. at ¶ 6, and the prior Discovery Master resolved the discovery dispute in
question by issuing the Order. MGA refuses to comply with the Discovery Master's
27 decision. MGA's disobedience and the resulting necessity of contempt sanctions are for
the Court.
28

                                             **Exhibit A**
                                             **Page 06**

1            (3)     award coercive sanctions against MGA in the amount of $5,000 for

2    each day that MGA fails to produce full and complete responses to Interrogatories Nos.

3    43 and 44 as mandated by the Order, and, in the event that MGA does not comply

4    within five days of the Court's Order, the amount of coercive sanctions should be

5    increased to $10,000 per day (with all such per diem fine amounts being paid to the

6    Court); and

7            (4)     award monetary sanctions against MGA in the amount of $7,000,

8    which represents a portion of the costs incurred by Mattel in bringing this motion.

9            Pursuant to Local Rule 7-19, on March 9, 2009, Mattel's counsel gave

10   notice of this Application and the relief being sought to counsel for the MGA Parties,

11   Amman A. Khan, Esq., Glaser, Weil, Fink, Jacobs & Shapiro, LLP, 10250

12   Constellation Blvd., 19th Floor, Los Angeles, CA 90067, and Jean Pierre Nogues,

13   Mitchell Silberberg & Knupp, LLP, 11377 W. Olympic Blvd., Los Angeles, CA 90064.

14   Counsel for defendants have stated that the MGA Parties oppose this Application.

15           This Application is based on this Notice of Application, the accompanying

16   Memorandum of Points and Authorities, the Declarations of Michael T. Zeller and

17   Scott Watson filed concurrently herewith, the records and files of this Court and all

18   other matters of which the Court may take judicial notice.

19           This Motion is based on this Notice of Motion and Motion, the

20   accompanying Memorandum of Points and Authorities, the Declaration of Michael T.

21   Zeller filed concurrently herewith, the records and files of this Court, and all other

22   matters of which the Court may take judicial notice.

23

24   DATED: March 10, 2009        QUINN EMANUEL URQUHART OLIVER &
             HEDGES, LLP

25

26           By /s/ Michael T. Zeller

27           Michael T. Zeller
             Attorneys for Mattel, Inc.

28

07975/2828572.1

-ii-

1

## **TABLE OF CONTENTS**

2

**Page**

3

4    MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

5    PRELIMINARY STATEMENT ................................................................................ 1

6    BACKGROUND ......................................................................................................... 3

7        A.    MGA Refuses To Answer Interrogatories 43 and 44 ........................... 3

8        B.    The Discovery Master Orders MGA To Substantively Answer
               The Interrogatories .............................................................................. 4

9
         C.    Despite The Resumption of Phase 2 Discovery, MGA Refuses
10             To Comply With The Discovery Master Order ..................................... 5

11       D.    MGA's Prior Discovery Misconduct ...................................................... 7

12   ARGUMENT ............................................................................................................. 13

13   I.     MGA IS IN VIOLATION OF THE DISCOVERY MASTER'S
            ORDER ............................................................................................................ 13

14
     II.    THE COURT SHOULD HOLD MGA IN CONTEMPT ............................. 14

15
     III.   MGA'S MOTION FOR PROTECTIVE ORDER DOES NOT
16          EXCUSE ITS NONCOMPLIANCE ............................................................. 15

17   IV.    THE COURT SHOULD APPLY COERCIVE SANCTIONS
            AGAINST MGA TO COMPEL COMPLIANCE WITH THE
18          COURT'S ORDER ......................................................................................... 16

19   V.     THE COURT SHOULD AWARD SANCTIONS TO MATTEL IN
            THE FORM OF ATTORNEYS FEES ........................................................... 20

20
     CONCLUSION ......................................................................................................... 21

21

22

23

24

25

26

27

28                                                          **Exhibit A**
                                                            **Page 08**

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 10 of 70   Page ID
#:160287
Case 2:04-cv-09049-SGL-RNB      Document 4991      Filed 03/10/2009      Page 5 of 27

1

### TABLE OF AUTHORITIES

2
**Page**

3

### Cases

4

Anderson v. Air West, Inc.,
   542 F.2d 522 (9th Cir. 1976) ........................................................19

Connecticut General Life Ins. Co. v. Zilka,
   56 Fed. Appx. 828 (9th Cir. 2003) ..............................................15

Donovan v. Mazzola,
   716 F.2d 1226 (9th Cir. 1983) ......................................................13

FTC v. Affordable Media LLC,
   179 F.3d 1228 (9th Cir. 1990) ......................................................14

General Signal Corp. v. Donallco, Inc.,
   787 F.2d 1376 (9th Cir. 1986) ......................................................14

Huber v. Marine Midland Bank,
   51 F.3d 5 (2d Cir. 1995) ................................................................15

Hyde & Drath v. Baker,
   24 F.3d 1162 (9th Cir. 1994) ........................................................20

International Business Machines Corp. v. U.S.,
   493 F.2d 112 (2nd 1973) ................................................................18

International Union, United Mine Workers v. Bagwell,
   512 U.S. 821, 114 S. Ct. 2552 (1994) .....................................18, 19

Koch v. The Burlington Northern & Santa Fe Railway Co.,
   2006 WL 2927665 (W.D. Wash. 2006) ........................................19

Lucero v. Martinez,
   2006 WL 1304945 (D.N.M. Mar. 11, 2006) ................................13

Maness v. Meyers,
   419 U.S. 499 (1975) .................................................................12, 15

Moneymaker v. CoBen (In re Eisen),
   31 F.3d 1447 (9th Cir. 1994) ........................................................19

Morris v. Morgan Stanley & Co.,
   942 F.2d 648 (9th Cir. 1991) ........................................................19

Natural Gas Pipeline Co. v. Energy Gathering, Inc.,
   86 F.3d 464 (5th Cir. 1996) ..........................................................18

Pagtalunan v. Galaza,
   291 F.3d 639 (9th Cir. 2002) ........................................................19

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Phenylpropanolamine (PPA) Prods. Liability Litig.,
    460 F.3d 1217 (9th Cir. 2006) ........................................................ 19

Richmark Corp. v. Timber Falling Consultants,
    959 F.2d 1468 (9th Cir. 1992) ........................................................ 18

Soroko v. Aina,
    1998 WL 395139 (D.D.C. July 09, 1998) ........................................ 18

U.S. v. Westinghouse Elec. Corp.,
    648 F.2d 642 (9th Cir. 1981) .......................................................... 18

Unigard Security Insurance Co. v. Lakewood Engineering & Manufacturing Corp.,
    982 F.2d 363 (9th Cir. 1992) .......................................................... 14

United States v. Ayers,
    116 F.3d 991 (9th Cir. 1999) .......................................................... 14

United States v. Innis,
    2005 WL 2155558 (E.D. Cal. 2005) ................................................ 15

United States v. Rose,
    437 F. Supp. 2d 1166 (S.D. Cal. 2006) ............................................ 14

United States v. United Mine Workers of America,
    330 U.S. 258, 67 S. Ct. 677 (1947) ........................................ 17, 18

Whittaker Corp. v. Execuair Corp.,
    953 F.2d 510 (9th Cir.1992) ................................................... 17, 18

## Statutes

28 U.S.C. § 636(c)(3) .............................................................................. 4

Fed. R. Civ. P. 30(b)(6) ................................................ 8, 10, 16, 17

Fed. R. Civ. P. 37(a)(4) .......................................................................... 4

Fed. R. Civ. P. 37(b) ............................................................................ 14

Fed. R. Civ. P. 37(b)(A) ...................................................................... 14

Fed. R. Civ. P. 37(b)(2) ...................................................................... 20

Fed. R. Civ. P. 72(a) .............................................................................. 4

**Exhibit A**
**Page 10**

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Court Orders must be complied with. MGA refuses to heed this indisputable truism, which is essential to the functioning of the judicial system and to ensure fairness to litigants. This Court lifted the Phase 2 discovery stay two full months ago. Yet, the MGA defendants have yet to answer a single interrogatory or even to agree to appear for a single deposition, and it took them two months to produce a single document. MGA has resumed — and even expanded — the same pattern of delay and obstruction that characterized its Phase 1 discovery conduct. Indeed, MGA is so bent on stonewalling that it is in flagrant violation of an Order to fully answer interrogatories seeking key information in this case. MGA cannot be allowed to flout a final Discovery Master Order compelling discovery. MGA should be held in contempt and sanctions designed to ensure immediate compliance should be imposed.

Over a year ago, the Discovery Master issued an Order compelling MGA to fully answer Mattel's Interrogatories Nos. 43 and 44 within eleven days. These interrogatories seek basic information as to the dates that MGA products directly at issue in this litigation were conceived and committed to tangible form. This information is well within the bounds of MGA's institutional knowledge, and it is indispensable to Mattel's Phase 2 defenses and claims and essential for important aspects of Phase 2 discovery to even proceed.[2] Yet, MGA had provided only rote objections, necessitating the Discovery Master's Order compelling complete responses. Even after the Order, MGA did not provide substantive responses, due to the subsequent stay on Phase 2 discovery.

Now, even though that stay was lifted over two months ago, MGA still refuses to comply with the Discovery Master's Order. MGA's only explanation for

---

[2]   MGA filed its claims almost four years ago. It is inconceivable after that length of time that MGA cannot provide the central information sought by the interrogatories, such as MGA's identification of the Mattel products on which it bases those claims.

07975/2828572.1

-1-

1  failing to provide full and complete answers to Interrogatories Nos. 43 and 44 is that it
2  belatedly filed a motion to stay certain discovery (including these interrogatories) until
3  after Mattel's currently contemplated — but not even yet filed — summary judgment
4  motion on some (but not all) of MGA's Phase 2 claims.  The law is clear that MGA's
5  motion — which is only the latest in its litany of arguments seeking additional stays
6  after this Court unequivocally ordered discovery to proceed — does not excuse its
7  failure to comply with the Order.  Indeed, it is axiomatic that absent an actual, existing
8  stay, even appealed orders must be obeyed.

9         Nor is this MGA's first instance of discovery misconduct.  MGA, Larian
10  and their affiliates have been the subject of dozens of Orders compelling discovery, as
11  well as enforcement and sanctions Orders because of their repeated non-compliance
12  with discovery Orders.  For example, the former Discovery Master ruled that MGA was
13  in "clear and flagrant violation of a court order" when it failed and refused to produce
14  previously compelled Rule 30(b)(6) witnesses on key issues — a violation that the
15  Discovery Master imposed sanctions for because it was so "egregious."  In another
16  instance, which parallels the circumstances here, MGA refused to comply with Judge
17  Block's initial Order compelling Isaac Larian to sit for deposition on the basis that there
18  had been a stay.  After Mattel was forced yet again to move, Judge Block found that
19  Larian was required to promptly comply with his Order once the stay was lifted and,
20  because Larian had refused, imposed sanctions.  As MGA's history of discovery
21  misconduct and its resumption of already rejected delay tactics both confirm, MGA will
22  continue to defy the Discovery Master Order, and continue to obstruct Phase 2
23  discovery on a wholesale basis, absent more drastic coercive sanctions.

24         Mattel respectfully requests that this Court issue an Order to Show Cause,
25  hold MGA in contempt and impose escalating sanctions to ensure compliance with the
26  Discovery Master Order.

27

28

Exhibit A
Page 12

07975/2828572.1

-2-

EX PARTE RE OSC

1                                    **Background**

2   A.      **MGA Refuses To Answer Interrogatories 43 and 44**

3          On October 23, 2007, Mattel served its Amended Fourth Set of

4   Interrogatories on MGA.[3]  Interrogatories Nos. 43 and 44 ask MGA to identify, for

5   each design, product and packaging that MGA contends Mattel copied, the date of

6   conception and the date it was first fixed in a tangible medium.[4]  MGA responded with

7   only objections on November 15, 2007.[5]

8          On November 30, 2007, MGA supplemented its responses.[6]  For its

9   responses to Interrogatory No. 43, MGA added that

10

11                                                          [7]  This information was

12  non-responsive to the question asked.  For its response to Interrogatory No. 44, MGA

13  added that

14

15

16                                                          [8]  Thus, in response to the two

17  interrogatories, which asked for dates within MGA's knowledge, MGA provided no

18  relevant information.

19          On December 20, 2007, Mattel moved to compel complete responses to

20  the interrogatories.[9]  The MGA Parties filed an opposition on December 31, 2007.[10]  On

21

22      [3]  Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated October 23, 2007,
23  Watson Dec., Ex. 1.
        [4]  Id. at 7-8 (Nos. 43 and 44).
24      [5]  MGA Entertainment Inc.'s Objections and Responses to Mattel Inc's Amended
    Fourth Set of Interrogatories, dated November 15, 2007, Watson Dec., Ex. 2.
25      [6]  MGA Entertainment Inc.'s Supplemental Responses to Mattel Inc.'s Amended
    Fourth Set of Interrogatories, dated November 30, 2007, Watson Dec., Ex. 3.
26      [7]  Id.
        [8]  Id.
27      [9]  Mattel, Inc.'s Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50
28  by the MGA Parties, dated December 20, 2007, Watson Dec., Ex. 4.

07975/2828572.1

                                         -3-

                                                          EX PARTE RE OSC

1    January 7, 2008, MGA purported to supplement certain of its responses again, but did

2    not change its responses to Interrogatory Nos. 43 and 44.[11]  MGA served a third

3    supplement on January 28, 2008, but again failed to change its previous responses to

4    Interrogatory Nos. 43 and 44.[12]  In each case, MGA merely repeated its prior

5    objections.

6       **B.**     **The Discovery Master Orders MGA To Substantively Answer The**

7             **Interrogatories**

8         On February 15, 2008, the prior Discovery Master granted Mattel's motion

9    to compel, ordering the MGA Parties to provide further responses to Interrogatory Nos.

10    43 and 44 because the "requested information is relevant to Mattel's defense against the

11    MGA parties' claims that their products have been copied or infringed by certain Mattel

12    products."[13]  The Discovery Master ruled that the MGA Parties' existing responses

13    (including MGA's third supplemental responses) were insufficient: "Although the

14    MGA parties served supplemental responses after filing their opposition brief, the

15    supplemental responses do not include the requested information.  The MGA parties

16    have failed to establish that the interrogatories are unduly burdensome."[14]  The

17    Discovery Master ordered MGA to supplement its responses by February 26, 2008 —

18    eleven days after the issuance of the Order.[15]

19

20    [10] MGA Entertainment Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated December 31, 2007, Watson Dec., Ex. 5.

21    [11] MGA's Second Supplemental Responses to Mattel Inc.'s Amended Fourth Set of Interrogatories, dated January 7, 2008, Watson Dec., Ex. 6.

22    [12] MGA Entertainment, Inc.'s Third Supplemental Responses to Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated January 28, 2008, Watson Dec., Ex. 7.

23    [13] Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008, Watson Dec., Ex. 8.

24 

25    [14] Id.

26    [15] The Discovery Master's Order, because it was not appealed, effectively became an Order of the Court.  See 28 U.S.C. § 636(c)(3); Fed. R. Civ. P. 72(a); Stipulation for Appointment of a Discovery Master and Order, dated December 6, 2006 at ¶ 6, Watson Dec., Ex. 40 ("The Discovery Master's orders . . . shall be treated as rulings made by a Magistrate Judge of the United States District Court.").

27

28

**Exhibit A**
**Page 14**

EX PARTE RE OSC

1    On March 3, 2008, seven days after the Discovery Master's deadline,
2 MGA supplemented its responses for a fourth time.[16] Yet, MGA once again refused to
3 substantively respond to the interrogatories,
4                                                                    .[17] On April
5 22, 2008, the Discovery Master stayed the MGA Parties' obligation to supplement their
6 responses to Interrogatory Nos. 43 and 44, until the Phase 2 discovery stay was lifted.[18]

7    **C.    Despite The Resumption of Phase 2 Discovery, MGA Refuses To**
8          **Comply With The Discovery Master Order**

9    On January 6, 2009, the Court vacated the stay on Phase 2 discovery.[19] On
10 January 20, Mattel wrote to counsel for MGA to ask when MGA planned to serve the
11 responses to Mattel's Amended Fourth Set of Interrogatories that were ordered by the
12 Discovery Master eleven months earlier.[20] Mattel wrote to MGA on January 28, 2009,
13 requesting that the parties meet and confer regarding MGA's responses to Mattel's
14 Supplemental Interrogatories.[21]

15    On January 8, 2009, consistent with its pre-filing conference of counsel
16 obligations under Local Rule 7-3, Mattel informed the MGA Parties that it was
17 contemplating a summary judgment motion on MGA's trade dress and other claims
18 relating to Bratz.[22] A key basis for the anticipated motion is that MGA does not and

19
20    [16]    MGA Entertainment, Inc.'s Fourth Supplemental Responses to Interrogatory Nos. 43-44 of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated March 3, 2008, Watson Dec., Ex. 9.
21    [17]    Id.
22    [18]    Order Granting MGA Parties' Motion for Clarification Regarding Portions of February 15, 2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated April 22, 2008, Watson Dec., Ex. 10.
23
24    [19]    Order Appointing Discovery Master, dated January 6, 2009, at 2, Watson Dec., Ex. 40.
25    [20]    Letter from Jon Corey to Jason Russell and Robert J. Herrington, dated January 20, 2009, Watson Dec., Ex. 12.
26    [21]    Letter from Scott Watson to Thomas Nolan and Jason Russell, dated January 28, 2009, Watson Dec., Ex. 13.
27    [22]    Letter from Michael T. Zeller to Thomas Nolan, dated January 8, 2009, Watson Dec., Ex. 14.
28

**Exhibit A**
**Page 15**

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 17 of 70   Page ID
#:160294
Case 2:04-cv-09049-SGL-RNB      Document 4991      Filed 03/10/2009      Page 12 of 27

1   cannot own trade dress or any other rights in Bratz as a matter of law, since Bratz is

2   Mattel's intellectual property as a result of the Phase 1 proceedings (once they are

3   finalized by the Court).[23]

4          The parties met and conferred on February 6, 2009 regarding Mattel's

5   interrogatories.[24] During the conference, MGA acknowledged that its objections based

6   on the Phase 2 discovery stay were no longer viable.[25] MGA stated, however, that it

7   would provide responses to the interrogatories "not later than 30 days after the Court

8   decides the trade dress summary judgment motion which Mattel has indicated it will be

9   bringing."[26] MGA refused to discuss its specific objections to these interrogatories or

10  whether it would be standing on its remaining objections when it did provide

11  responses.[27] Mattel informed MGA that this proposal was not acceptable.[28]

12         At a hearing on February 11, 2009, the Court set the Phase 2 discovery

13  cut-off for December 11, 2009 and a trial date for March 23, 2010.[29] The Court also

14  stated: "I will instruct the Discovery Master this afternoon, in no uncertain terms, that

15  there is no stay on any discovery related to this case at all.  There's no longer a Phase

16  1/Phase 2 distinction. As I indicated, I thought that I made this clear before. If it's not,

17  it will be expressly set forth in the minutes coming out of today's hearing. *There is no*

18  *stay on discovery. Period.*"[30]  The Court later reiterated, "there is nothing from this

19

20

21  _____
    [23] Id.
22  [24] Watson Dec. at ¶ 18; see also Letter from Scott Watson to Amman Khan, dated
    February 6, 2009, Watson Dec., Ex. 15.
23  [25] Id.
    [26] Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009, Watson
24  Dec., Ex. 16.
    [27] Watson Dec. at ¶ 16.
25  [28] Letter from Jon Corey to Amman Khan, dated February 8, 2009, Watson Dec.,
26  Ex. 17.
    [29] Hearing Transcript, dated February 11, 2009, at 94:25-95:7, Watson Dec., Ex.
27  18.
    [30] Id. at 97:8-14 (emphasis added).

28                                                            **Exhibit A**
                                                             **Page 16**

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 18 of 70   Page ID
#:160295
Case 2:04-cv-09049-SGL-RNB      Document 4991      Filed 03/10/2009      Page 13 of 27

1  Court which is precluding any discovery that is properly sought for the trial that is

2  scheduled."[31]

3          On February 12, 2009, in light of the Court's statements at the hearing,

4  Mattel asked MGA to confirm whether MGA would provide complete responses to

5  Mattel's interrogatories.[32]  Counsel for MGA responded that it was premature to

6  respond to the February 12 letter until after the scheduled meet and confer concerning

7  Mattel's intended motion for summary judgment on MGA's trade dress claims.[33]

8          On February 18, the parties met and conferred regarding Mattel's

9  contemplated summary judgment motion and the interrogatories.[34]  The next day, MGA

10  informed Mattel that it would not agree to provide further responses to the

11  interrogatories.[35]  Instead, MGA said that it planned to request a protective order to stay

12  its obligation to respond and that it would only provide responses: (1) if their planned

13  protective order is denied; or (2) if the protective order is granted, 21 days after the

14  Court decides Mattel's summary judgment motion, to the extent any trade dress claims

15  remain after that decision.[36]  On February 26, 2009, the MGA Parties moved for a

16  protective order to stay discovery on MGA's trade dress claims.  Mattel subsequently

17  moved to compel.  Those motions remain pending.

18  **D.    MGA's Prior Discovery Misconduct**

19          MGA's willful disobedience of the Discovery Master's Order is but one

20  episode in MGA's history of discovery misconduct in this case.  To date, there have

21  been more than 50 discovery Orders against MGA, in whole or in part, and its co-

22

23  [31] Id. at 101:21-24.
    [32] Letter from Jon Corey to Jean Pierre Nogues, dated February 12, 2009, Watson
24  Dec., Ex. 19.
    [33] Letter from Jean Pierre Nogues to Jon Corey, dated February 13, 2009, Watson
25  Dec., Ex. 20.
    [34] See Letter from Jean Pierre Nogues to Jon Corey, dated February 19, 2009,
26  Watson Dec., Ex. 21.
    [35] Id.
27  [36] Id.

28                                                          **Exhibit A**
                                                            **Page 17**

07975/2828572.1

EX PARTE RE OSC

1    defendants, as well as Orders that have found MGA to be in deliberate violation of

2    Court Orders.[37]  For example:

3        The Larian Deposition.  MGA has stonewalled Mattel's efforts to obtain

4    discovery into the full scope of defendants' liability and damages since this case began.

5    MGA simply refused to produce Isaac Larian—MGA's CEO, and a named defendant—

6    for deposition.  It took two Court Orders and the imposition of sanctions before Mr.

7    Larian appeared for deposition.[38]  Indeed, as here,  MGA refused to comply with

8    Magistrate Judge Block's first Order compelling Isaac Larian to appear for deposition

9    on the basis that there had been a stay.  After Mattel was forced yet again to move,

10   Judge Block found that Larian was required to comply once the stay was lifted and,

11   because Larian had refused, imposed sanctions.[39]

12       Other Key Witness Depositions.  MGA and its related party-defendants

13   likewise refused to produce virtually any other key witness in this litigation and forced

14   Mattel to bring motion after motion to obtain the testimony of even indisputably

15   relevant witnesses.  These included named defendant Carter Bryant; MGA executive

16   and Bratz brand manager Paula Garcia (Treantafelles), named defendant and MGA

17

18

19

20   [37]  See e.g.,  Civil Minutes - General Re: Mattel's Motion to Enforce the Court's
     Order on March 23, 2005 and for Sanctions, dated June 16, 2006, Watson Dec., Ex. 22;
21   Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1, dated
     April 17, 2007, Watson Dec., Ex. 23; Order Granting Mattel's Motion to Compel
22   Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007,
     Watson Dec., Ex. 24; Order Granting Mattel, Inc's Motion to Compel MGA to Produce
23   Witnesses for Deposition Pursuant to Rule 30(b)(6), dated May 16, 2007, Watson Dec.,
     Ex. 25; Order Granting in Part and Denying in Part Mattel's Motion to Compel
24   Production of Documents for MGA, dated August 14, 2007, Watson Dec., Ex. 26;
     Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007,
25   to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30 (b)(6), and
     Granting Request for Sanctions, dated August 14, 2007, Watson Dec. Ex. 27.
26   [38]  Civil Minutes of March 23, 2005, Watson Dec. Ex. 36 (ordering Mr. Larian to
     appear for deposition);  Civil Minutes of June 16, 2006, Watson Dec. Ex. 37 (ordering
27   Mr. Larian to appear for deposition a second time).
     [39]  Civil Minutes of June 16, 2006, Watson Dec. Ex. 37.

28

**Exhibit A**
**Page 18**

1   executive Gustavo Machado; MGA manager Jorge Castilla; MGA contractor Veronica

2   Marlow; and MGA contractor Margaret Hatch Leahy.[40]

3           Failure to Comply With Document Discovery Obligations. MGA initially

4   produced documents spanning a mere 10,000 bates numbers, a significant number of

5   which were completely blank.[41] This sanitized production was in response to obviously

6   relevant requests seeking information about "the origin of Bratz and Bryant's work for

7   MGA"[42] What few documents MGA did produce were, in many cases, so heavily

8   redacted that they were completely unintelligible.[43] For instance, emails were redacted

9   of all text save the "To," "From," and subject header designations.[44] The production

10  also omitted key documents about early work on the Bratz project and was designed to

11  make it appear that work on Bratz did not begin until December 2000. MGA had no

12  viable basis for privilege or any other credible justification for its behavior.[45]

13          After numerous attempts to obtain compliance with the requests, Mattel

14  was forced to move to compel production.[46] On May 15, 2007, the Discovery Master

15  issued an order compelling MGA to produce documents in response to Mattel's First

16  Set of Requests for Production.[47] In spite of this, MGA did not comply with its

17  discovery obligations. Mattel was forced to obtain *three* additional orders compelling

18  production, two of which imposed sanctions, before MGA made any meaningful

19  production.[48]

20

21     [40]   See Watson Dec. at ¶ 45.
       [41]   Id. at ¶ 46.
22     [42]   Order Granting Mattel's Motion to Compel Production of Documents and
       Interrogatory Responses by MGA, dated May 15, 2007, Watson Dec., Ex. 24.
23     [43]   See Entirely Redacted Pages in Response to Mattel's First Set of Production,
       Watson Dec., Ex. 38.
24     [44]   Id.
       [45]   See Order Granting Mattel's Motion to Compel Production of Documents and
25     Interrogatory Responses by MGA, dated May 15, 2007, Watson Dec., Ex. 24.
26     [46]   Id.
       [47]   Id.
27     [48]   See Order Granting in Part and Denying in Part Mattel's Motion to Compel
       Production of Documents for MGA, dated August 14, 2007, Watson Dec., Ex. 26;
28     (footnote continued)

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 21 of 70   Page ID
#:160298
Case 2:04-cv-09049-SGL-RNB     Document 4991     Filed 03/10/2009     Page 16 of 27

1             <u>Failure to Produce 30(b)(6) Witnesses</u>.   Similarly, MGA repeatedly

2   thwarted Mattel's attempts to obtain deposition testimony from MGA <u>Rule</u> 30(b)(6)

3   witnesses — first because MGA refused to name witnesses, then because MGA's

4   named witnesses knew nothing about the topics on which they were designated, and

5   finally because MGA repeatedly instructed witnesses not to answer questions for

6   reasons unrelated to privilege.[49]   The topics covered key issues in this case, including

7   the origins, design and development of Bratz and Bryant's work with MGA during

8   relevant time periods.[50]

9             On May 16, 2007, Mattel obtained its first Order compelling MGA to

10   name and produce <u>Rule</u> 30(b)(6) witnesses and overruling all of MGA's objections and

11   purported limitations on the topics in Mattel's deposition notices.[51]   MGA did not

12   comply with this Order.   Mattel was forced to obtain two more orders, *both*

13   accompanied by sanctions, to enforce the original Order.[52]   In its final order, the

14   Discovery Master detailed the insufficiency of MGA's proffered witnesses, noting that

15   one such witness—who had been produced specifically for the purpose of testifying on

16   a compelled topic relating to "Diva Starz"—"did not know what Diva Starz was."[53]

17

18

19   Order Regarding Mattel, Inc.'s Motion to Enforce the Court's Order of May 15, 2007,
dated December 19, 2007, Watson Dec., Ex. 30.

20   [49]   See Order Granting in Part Mattel's Motion to Enforce the Court's Order of May
16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule

21   30(b)(6), and Granting Request for Sanctions, dated August 14, 2007, Watson Dec., Ex.
27.

22   [50]   <u>Id.</u>

[51]   See Order Granting Mattel Inc.'s Motion to Compel MGA to Produce Witnesses

23   for Deposition Pursuant to <u>Rule</u> 30(b)(6), dated May 16, 2007, Watson Dec., Ex. 25.
[52]   See Order Granting in Part Mattel's Motion to Enforce the Court's Order of May

24   16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule
30(b)(6), and Granting Request for Sanctions, dated August 14, 2007; Watson Dec., Ex.

25   27; Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's
Discovery Orders and To Compel; To Overrule Purportedly Improper Instructions; and

26   For Sanctions, dated January 8, 2008, Watson Dec., Ex. 32.
[53]   Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's

27   Discovery Orders and To Compel; To Overrule Purportedly Improper Instructions; and
For Sanctions, dated January 8, 2008, at p. 9, Watson Dec. Ex. 32.

28

EX PARTE RE OSC

**Exhibit A**
**Page 20**

1     MGA's Failure to Respond to Interrogatories. Mattel was forced to obtain

2  Orders compelling interrogatory responses from MGA on both April 18, 2007 and May

3  16, 2007.[54] The interrogatories sought basic information key to Mattel's claims and

4  defenses. For instance, Interrogatory No. 1 sought the identities of persons who had

5  engaged in the production, marketing, advertising, or otherwise contributed to the

6  creation of the MGA products at issue in this case.[55] This information was both readily

7  available to MGA and integral to all claims in this case. Yet, MGA refused to provide

8  the information and thus forced Mattel to file a motion to compel in order to receive a

9  meaningful response. On February 15, 2008, MGA was ordered to provide responses

10  to interrogatories a third time, which included the interrogatories at issue in this

11  motion.[56]

12     Failure to Produce Financial Information. MGA's and Larian's incomplete

13  production of financial information well illustrates their pattern of obstructionism.

14  After MGA and Larian belatedly produced financial documents in the middle of trial,

15  the Court noted that "there's no question that the Court had ordered the production of

16  Mr. Larian's financial documents quite some time ago."[57] MGA had been ordered to

17  produce documents and witnesses regarding its financial condition in May 2007.[58]

18  Nonetheless, even to this day, MGA has not produced an audited balance sheet for any

19  fiscal year after 2006.[59]

20

21     [54]   Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1,
22  dated April 18, 2007, Watson Dec. Ex. 23; Order Granting Mattel's Motion to Compel
     Production of Documents and Interrogatory Responses, dated May 15, 2007; Watson
23  Dec., Ex. 26.
     [55]   Order Granting Mattel's Motion to Compel Response to Interrogatory No. 1,
24  dated April 18, 2007, at p. 2, Watson Dec. Ex. 23.
     [56]   Order Granting in Part and Denying in Part Mattel's Motion to Compel
25  Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February
     15, 2008, Watson Dec. Ex. 8.
26     [57]   Trial Transcript, dated Tuesday, August 5, 2008, afternoon session, Watson
     Dec., Ex. 39.
27     [58]   Id.
     [59]   Id.

28                                                              **Exhibit A**
                                                                **Page 21**

                                                              EX PARTE RE OSC

1     <u>MGA Has Refused to Meaningfully Answer a Variety of Other Plainly</u>

2  <u>Relevant Discovery Requests.</u>  Mattel has had to obtain orders compelling MGA's

3  compliance with its discovery obligations on a number of other occasions as well.  For

4  example, on August 21, 2007, the Discovery Master issued an Order compelling MGA

5  to respond to Requests for Admission.[60]   The requests sought basic information

6  regarding (1) the timing of meetings between Bryant and MGA, (2) work performed by

7  Bryant on Bratz, designs created by Bryant for Bratz and payments made to Bryant in

8  remuneration for those designs, (3) the contract wherein Bryant purported to assign all

9  of his rights in Bratz to MGA, and (4) whether specific Bratz works were derivative of

10  other Bratz work.[61]  This information was clearly central to Mattel's claims and easily

11  available to MGA. Yet. MGA refused to adequately respond until compelled to do so.[62]

12     On January 9, 2008, the Discovery Master compelled MGA to produce

13  metadata that it had unreasonably withheld.[63]  MGA had scrubbed all produced emails

14  such that Mattel could not determine their place of origin or where the emails had

15  traveled, even though that information was key to showing the interstate commerce

16  element of Mattel claims.[64]   The Discovery Master found that sanctions were

17  appropriate and, accordingly, ordered that MGA would not be permitted cost-shifting

18  for producing the emails in their native form.[65]  On April 14, 2008, the Discovery

19  Master issued a further Order compelling MGA to produce communications that MGA

20  had refused to produce.[66]

21

22     [60]   Order Granting Mattel's Motion to Compel MGA to Answer Requests for

23  Admission, dated August 20, 2007, Watson Dec., Ex. 30.

       [61]  <u>Id.</u>

24     [62]  <u>Id.</u>

       [63]   Order Regarding Mattel, Inc's Motion to Compel Production of Metadata,

25  January 9, 2008, Watson Dec., Ex. 33.

       [64]  <u>Id.</u>

26     [65]  <u>Id.</u>

27     [66]  Order Granting In Part Mattel's Motion to Compel MGA to Produce

28  Communications Regarding this Action, dated April 14, 2008, Watson Dec., Ex. 34.

07975/2828572.1

-12-

EX PARTE RE OSC

1      **Argument**

2   I.   **MGA IS IN VIOLATION OF THE DISCOVERY MASTER'S ORDER**

3              It is a basic rule of law that court orders must be obeyed.  See Maness v.

4   Meyers, 419 U.S. 449, 458 (1975) ("We begin with the basic proposition that all orders

5   and judgments of courts must be complied with promptly.").  Parties cannot simply

6   select which orders they wish to obey and which they wish to ignore.  Yet now, as on

7   previous occasions, MGA is in deliberate violation of the Discovery Master's Order and

8   has no legitimate excuse for its noncompliance.

9              The Discovery Master's Order directed MGA to provide full, complete and

10   updated responses to Interrogatories Nos. 43 and 44 within eleven days.[67]  MGA did

11   not comply with that Order[68] and refused to do so for two months before the Discovery

12   Master stayed MGA's obligation to respond while the Court's Phase 2 stay was in place.

13   The Phase 2 stay has been lifted since January 6, 2009, however, and despite numerous

14   requests from Mattel, another two months have passed without compliance by MGA.[69]

15              MGA was obliged to comply with the Discovery Master's Order once the

16   stay was lifted.  See Lucero v. Martinez, 2006 WL 1304945 at *2 (D.N.M. Mar. 11,

17   2006) (party waived all objections to interrogatories served before a stay was issued by

18   failing to respond within 30 days of the stay's expiration); see also Donovan v.

19   Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983) ("Absent a stay, 'all orders and

---

20   [67]   The nature of the information sought by these interrogatories highlights the
21   egregiousness of MGA's repeated refusals to provide meaningful responses.
     Interrogatory No. 43 seeks the date of creation for designs that, according to MGA's
22   allegations, Mattel has copied or infringed.  Interrogatory No. 44 seeks the date that
     those designs were committed to tangible form.  These dates are quite obviously
23   important to Mattel's defenses to MGA's trade dress claims and to Mattel's theft of trade
     secret claims against MGA.  They are equally well within MGA's control, since it
24   obviously knows when it purportedly created and committed to tangible form design
     concepts over which it has asserted claims in a lawsuit.
25   [68]   MGA Entertainment, Inc.'s Fourth Supplemental Responses to Interrogatory
     Nos. 43-44 of Mattel, Inc.'s Amended Fourth Set of Interrogatories, dated March 3,
26   2008, Watson Dec., Ex. 9.
     [69]   Letter from Michael T. Zeller to Thomas Nolan, dated January 8, 2009, Watson
27   Dec. Ex. 14; Letter from Jean Pierre Nogues to Jon Corey, dated February 6, 2009,
     Watson Dec., Ex. 16.

28

07975/2828572.1

-13-

1  judgments of courts must be complied with promptly.'"). Indeed, MGA itself already

2  has been sanctioned for not promptly complying with a prior pending discovery Order

3  once a stay was lifted.[70] On March 23, 2005, Magistrate Judge Block had issued an

4  order compelling defendant Isaac Larian to sit for deposition within 20 days. Before

5  the deposition was taken, discovery was stayed. After that stay was lifted, and in

6  defiance of the existing Order, Mr. Larian still refused to appear for deposition. Mattel

7  was forced to move to enforce the prior Order, and the Magistrate Judge held that,

8  when the stay was lifted, Mr. Larian had had 20 days to comply with the pending

9  Order, issued a second Order compelling him to appear for deposition and imposed

10  sanctions.

11          Here, once the Phase 2 discovery stay was lifted, MGA was obligated to

12  comply with the Discovery Master's Order. Yet, over 60 days have passed, and MGA

13  still refuses. MGA is in violation of the Order.

14  **II.     THE COURT SHOULD HOLD MGA IN CONTEMPT**

15          Courts have long exercised the authority to compel compliance with their

16  orders through civil contempt and other remedies. See Unigard Security Insurance Co.

17  v. Lakewood Engineering & Manufacturing Corp., 982 F.2d 363, 368 (9th Cir. 1992)

18  ("Courts are invested with inherent powers that are 'governed not by rule or statute but

19  by the control necessarily vested in courts to manage their own affairs so as to achieve

20  the orderly and expeditious disposition of cases."). When a party fails to comply with a

21  court order, that party commits civil contempt. General Signal Corp. v. Donallco, Inc.,

22  787 F.2d 1376, 1379 (9th Cir. 1986).[71] Additionally, Rule 37(b) specifically authorizes

23

24  [70]  See Order Re: Mattel's Motion to Enforce the Court's Order of March 23, 2005
    and for Sanctions, dated June 16, 2006, Watson Dec., Ex. 24.

25  [71]  The standard for civil contempt "is well settled: [t]he moving party has the
    burden of showing by clear and convincing evidence that the contemnors violated a

26  specific and definite order of the court. The burden then shifts to the contemnors to
    demonstrate why they were unable to comply." United States v. Rose, 437 F. Supp. 2d

27  1166, 1170 (S.D. Cal. 2006) (quoting FTC v. Affordable Media LLC, 179 F.3d 1228,
    1239 (9th Cir. 1990)). A party that has "taken 'all reasonable steps' to comply with a
    court order" will not be held in civil contempt. General Signal Corp., 787 F.2d at 1379.

28  (footnote continued)

EX PARTE RE OSC

1   the Court to treat the failure to obey a discovery order as contempt, and to fashion other

2   appropriate remedies.  Fed. R. Civ. P. 37(b)(2)(A).

3            MGA continues to violate a specific and definite Order.  There is nothing

4   vague about the Discovery Master's Order or MGA's duties under it:  MGA is required

5   to fully and completely respond to Interrogatories Nos. 43 and 44.  Under any possible

6   reading or scenario, the deadline for compliance is long past.  Yet MGA has failed to

7   comply and indeed refuses to comply.  MGA's flagrant, continuing violation, and its

8   past history of violating court Orders, warrant a finding of that MGA is in contempt.

9   **III.    MGA'S MOTION FOR PROTECTIVE ORDER DOES NOT EXCUSE**

10          **ITS NONCOMPLIANCE.**

11          MGA is not excused from its now long-overdue compliance as a result of

12  its mere filing of a belated motion for protective order that seeks to stay certain

13  discovery that the Discovery Master already ordered MGA to provide.  "If a person to

14  whom a court directs an order believes that order is incorrect, the remedy is to appeal,

15  but, *absent a stay, he must comply promptly with the order* pending appeal." Maness,

16  419 U.S. at 458 (emphasis added); see also Huber v. Marine Midland Bank, 51 F.3d 5,

17  8 (2d Cir. 1995) ("[A] contempt proceeding does not open to reconsideration the legal

18  or factual basis of the order alleged to have been disobeyed and thus become a retrial of

19  the original controversy.").  Therefore, absent an actual stay of an order's obligations, a

20  party that fails to comply with a discovery order does not excuse that failure by seeking

21  its reversal.  Mazzola, 716 F.2d at 1240 ("Absent a stay, 'all orders and judgments of

22  courts must be complied with promptly.'"); United States v. Innis, 2005 WL 2155558

23  at *1 (E.D. Cal. 2005) ("[T]he fact that respondents filed an appeal to the Ninth Circuit

24

25  "A finding of civil contempt may be made without an evidentiary hearing so long as
    due process is otherwise satisfied." Rose, 437 F. Supp. 2d at 1170 (citing United States
26  v. Ayers, 116 F.3d 991, 995-96 (9th Cir. 1999) (where facts supporting noncompliance
    with a court order are not seriously disputed, due process is satisfied by ample notice
27  and an opportunity to respond).  The fact that MGA has filed a motion for a protective
    order with the Discovery Master does not excuse its obligation to comply with the
28  Discovery Master's Order.  See Section III below.

07975/2828572.1

-15-

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 27 of 70   Page ID
#:160304
Case 2:04-cv-09049-SGL-RNB   Document 4991   Filed 03/10/2009   Page 22 of 27

1   of the Summons Enforcement Order does not excuse the failure to comply with [those

2   orders] in the absence of a stay pending appeal.").

3          It also has been ruled in this case that it is improper and sanctionable to

4   disobey an Order while appealing or collaterally attacking an order absent an actual

5   stay.[72] Indeed, MGA was previously sanctioned for disobeying a discovery Order

6   while "gambling" that it would be granted a stay.[73] As with its prior violations, MGA's

7   efforts to undo the Discovery Master's Order here through its protective order motion

8   do not excuse its noncompliance with that Order. That is especially true here, given

9   that this Court has repeatedly made clear that no discovery stay is in place and that

10  Phase 2 discovery is to proceed.

11  **IV.   THE COURT SHOULD IMPOSE COERCIVE SANCTIONS TO OBTAIN**

12  **MGA'S COMPLIANCE WITH THE ORDER**

13         There is no question that decisive action is required to obtain MGA's

14  overdue compliance with the Discovery Master's Order. Its violation of the Discovery

15  Master's Order here is not only flagrant, but part of a continuing pattern of discovery

16  abuse. Over the course of this action MGA has repeatedly demonstrated that it will not

17  produce meaningful discovery or comply with Court Orders absent coercive action by

18  the Court. MGA's behavior has forced Mattel to return for multiple orders compelling

19  the same discovery.

20  _____

21  [72] See Order Granting in Part Mattel's Motion to Enforce the Court's Order of May
    16, 2007, To Compel MGA to Produce Witnesses for Deposition Pursuant to Rule
    30(b)(6), and Granting Request for Sanctions, August 14, 2007, Watson Dec. Ex. 27.

22  [73] On May 16, 2007, MGA was ordered to designate its Rule 30(b)(6) witnesses by
    June 30, 2007. MGA sought and was denied a stay of that order. Nevertheless, MGA

23  determined not to comply with the order and filed an emergency ex parte application
    requesting review of the denial of the stay. June 30, 2007 passed without MGA's

24  designation of its 30(b)(6) witnesses. Accordingly, the Discovery Master awarded
    sanctions on the basis that MGA had acted in "clear and flagrant violation" of a court

25  Order. See Order Granting in Part Mattel's Motion to Enforce the Court's Order of
    May 16, 2007, To Compel MGA to Produce Witnesses for Deposition Pursuant to Rule

26  30(b)(6), and Granting Request for Sanctions, August 14, 2007, Watson Dec. Ex. 27.
    The Discovery Master reasoned that it was "egregious" for MGA to "persist in its

27  refusal" to comply with the May 16, 2007 Order and "gamble[]" that the Court would

28  grant its emergency ex parte relief. Id.

1           For example, after Mattel obtained an Order compelling MGA to produce

2   documents in response to Mattel's First Set of Requests for Production, MGA still did

3   not comply, and Mattel was forced to return to court for additional orders and the

4   imposition of sanctions before MGA made even arguably minimal compliance.[74]

5   Similarly, the Discovery Master was forced to compel MGA *three times* to produce

6   witnesses in response to a Mattel <u>Rule</u> 30(b)(6) notice of deposition before compliance

7   was achieved.[75]  In the Discovery Master's *second order* compelling MGA to produce

8   <u>Rule</u> 30(b)(6) deponents, he found that "the violation was particularly egregious" and

9   that "MGA's clear and flagrant violation of a court order warrant[ed] sanctions."[76]

10  Since the lifting of Phase 2 discovery two months ago, MGA has resumed its practice

11  of obstructing discovery.[77]  It has answered no interrogatories and has not agreed to

12  produce even one witness for deposition.[78]  It took MGA two months to produce a

13  single document.[79]

14          Coercive sanctions imposed for civil contempt are appropriate "for two

15  purposes: to coerce the defendant into compliance with the court's order, and to

16  compensate the complainant for losses sustained."  <u>Whittaker Corp. v. Execuair Corp.</u>,

17  953 F.2d 510, 517 (9th Cir.1992) (citing <u>United States v. United Mine Workers of</u>

18  _____

19  [74]  <u>See, e.g.</u>, Order Re Mattel, Inc.'s Motion To Compel Production of Documents Withheld As Privileged, dated December 19, 2007, Watson Ex. 35 (denying Mattel's request for waiver, despite finding that MGA "violated the May 15 Order").

20  [75]  <u>See, e.g.</u>, Order Compelling MGA to Produce Rule 30(b)(6) Witnesses, dated May 16, 2007; <u>see also</u> Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, dated August 14, 2007, Watson Dec., Ex. 27; Order Granting in Part and Denying in Part Mattel's Motion to Enforce Court's Discovery Orders and To Compel; To Overrule Purportedly Improper Instructions; and For Sanctions, dated January 8, 2008, Watson Dec., Ex. 32.

24  [76]  Order Compelling MGA to Produce Rule 30(b)(6) Witnesses, dated May 16, 2007; <u>see also</u> Order Granting in Part Mattel's Motion to Enforce the Court's Order of May 16, 2007, to Compel MGA to Produce Witnesses for Deposition Pursuant to Rule 30(b)(6), and Granting Request for Sanctions, dated August 14, 2007, Watson Dec., Ex. 27, at 9:15-22.

26  [77]  Watson Dec. at ¶ 47.

27  [78]  <u>Id.</u>

   [79]  <u>Id.</u>

28

                                           **Exhibit A**
                                         **Page 27**

07975/2828572.1

EX PARTE RE OSC

1  America, 330 U.S. 258, 303-04, 67 S.Ct. 677, 701 (1947)).   Coercive monetary

2  sanctions often take the form of a per diem fines. Such "daily fines.... constitute '[t]he

3  paradigmatic coercive, civil contempt sanction.'" Soroko v. Aina, 1998 WL 395139, *1

4  (D.D.C. July 09, 1998) (quoting International Union, United Mine Workers v. Bagwell,

5  512 U.S. 821, 828, 114 S.Ct. 2552, 2557 - 58 (1994)).   Furthermore, courts endorse

6  "traditional sanctions, such a monetary penalty increasing each day of [contemnor's]

7  noncompliance, as the exercise of the least power necessary to accomplish the court's

8  purpose." Natural Gas Pipeline Co. v. Energy Gathering, Inc., 86 F.3d 464, 467-68

9  (5th Cir. 1996).[80] "A court, in determining the amount and duration of a coercive fine,

10 must 'consider the character and magnitude of the harm threatened by continued

11 contumacy, and the probable effectiveness of any suggested sanction in bringing about

12 the result desired.'" Whittaker, 953 F.2d at 516 (quoting United States v. United Mine

13 Workers of America, 330 U.S. 258, 304 (1947)).

14        MGA's continued refusal to respond adequately to Interrogatories 43 and

15 44 threatens harm of significant character and magnitude.   The interrogatories are

16 crucial to Mattel's Phase 2 defenses and claims. As the prior Discovery Master held,

17 these interrogatories are directly "relevant to Mattel's defense against the MGA parties'

18 claims that their products have been copied or infringed by certain Mattel products."[81]

19 Mattel needs substantive responses to these interrogatories to develop further discovery,

20 to narrow the issues for trial, to prepare and prosecute its own claims, and to defend

21 against MGA's trade dress claims. MGA's contempt is prejudicing Mattel because it

22 threatens to undermine Mattel's right and ability to defend itself, denies Mattel the

23

24 _____
   [80] "Where the purpose of a civil contempt sanction is to coerce good faith efforts to comply with a discovery request, contempt is proper." Richmark Corp. v. Timber

25 Falling Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992) (upholding use of coercive monetary sanctions to secure compliance with a discovery order); U.S. v. Westinghouse

26 Elec. Corp., 648 F.2d 642, 651-652 (9th Cir. 1981) (same); International Business Machines Corp. v. U.S., 493 F.2d 112, 115-116 (2nd 1973) (same).

27 [81] Discovery Master's Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50, dated February 15, 2008,

28 Watson Dec., Ex. 8, at 11-12.

Exhibit A
Page 28

EX PARTE RE OSC

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 30 of 70   Page ID
#:160307
Case 2:04-cv-09049-SGL-RNB      Document 4991      Filed 03/10/2009      Page 25 of 27

1  discovery period that it is entitled to, is imposing burden and cost,[82] and already is

2  serving to stymie Phase 2 discovery.

3        Indeed, the "law presumes prejudice from unreasonable delay."

4  Phenylpropanolamine (PPA) Prods. Liability Litig., 460 F.3d 1217, 1227-28 (9th Cir.

5  2006) (upholding sanction of dismissal of plaintiffs' claims when they failed to comply

6  with the court's discovery orders).  As the Ninth Circuit has explained, "[l]itigants who

7  are willful in halting the discovery process act in opposition to the authority of the court

8  and cause impermissible prejudice to their opponents."   G-K Properties v.

9  Redevelopment Agency of City of San Jose, 577 F.2d 645, 647 (9th Cir. 1978)

10  (upholding sanction of dismissal of plaintiff's claims for failure to comply with

11  discovery orders).  MGA has engaged in unreasonable delay both before the imposition

12  of the stay and after it was lifted, impermissibly acting to prejudice Mattel.

13        The Court should impose monetary sanctions to effectuate MGA's

14  compliance with the Order.  As the Supreme Court explained in Bagwell, "[a] close

15  analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor

16  fails to comply with an affirmative court order. Like civil imprisonment, such fines

17  exert a constant coercive pressure."  Bagwell, 512 U.S. at 829.  MGA's present

18  contempt is part of the same pattern of unreasonable and vexatious conduct designed to

19  frustrate Mattel's efforts to obtain even the basic discovery to which it is entitled.

20  MGA also has shown, through its pattern of extreme stonewalling in discovery, that it

21  will not comply with its basic discovery requirements, even in the face of specific

22  orders compelling such compliance, without the imposition of coercive sanctions.

23

24  [82]  Actual prejudice may "consist of costs or burdens of litigation."  PPA Prods.
Liability Litig., 460 F.3d at 1228 (citing Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th
25  Cir. 2002)).  Here, Mattel has been forced to incur the cost and burden of bringing the
present motion to compel MGA's compliance with the Discovery Master's Order. See
26  Koch v. The Burlington Northern & Santa Fe Railway Co., 2006 WL 2927665, *2
(W.D. Wash. 2006) (rejecting defendant's argument that plaintiff was not prejudiced by
27  delay because "[defendant's] dilatory conduct, including months of unfulfilled
promises, forced plaintiff to file a motion to compel to obtain discovery which
28  defendant was undisputedly required to provide months ago").

EX PARTE RE OSC

1    Nor can MGA complain that coercive sanctions would be onerous. Aside

2  from the fact that these sanctions are the result of a history of discovery abuses and,

3  more specifically, willful noncompliance with an Order that MGA has had ample time

4  to comply with, MGA can avoid further sanctions at any time simply by providing

5  complete responses to two interrogatories. See id. at 828 ("In these circumstances, the

6  contemnor is able to purge the contempt and obtain his release by committing an

7  affirmative act, and thus 'carries the keys of his prison in his own pocket.'") (citation

8  omitted). Coercive sanctions should be awarded in the amount of $5,000 per day of

9  MGA's continued noncompliance and, in the event that MGA does not comply within

10  five days of the Court's Order, the amount of coercive sanctions should be increased to

11  $10,000 per day, with the per diem fine amounts being paid to the Court.

12  V.   **THE COURT SHOULD AWARD SANCTIONS TO MATTEL IN THE**

13      **FORM OF ATTORNEYS FEES**

14    Federal Rule of Civil Procedure 37(b)(2) specifically allows an award of

15  Mattel's expenses and attorney's fees incurred in seeking to enforce the Order. Fed. R.

16  Civ. P. 37(b)(2) ("In lieu of any of the foregoing orders or in addition thereto, the court

17  shall require the party failing to obey the order or the attorney advising that party or

18  both to pay the reasonable expenses, including attorney's fees, caused by the failure

19  unless the court finds that the failure was substantially justified or that other

20  circumstances make an award of expenses unjust."). The burden of establishing

21  substantial justification is on the party being sanctioned. Hyde & Drath v. Baker,

22  24 F.3d 1162, 1171 (9th Cir. 1994).

23    Here, MGA has no substantial justification for its failure and refusal to

24  obey the Discovery Master's Order. Under these facts, an award of sanctions in the

25  form of attorney's fees is warranted. Sanctions are particularly appropriate here given

26  MGA's intentional failure to obey the Discovery Master's Order and its history of prior

27  violations of Court Orders. It is only fair that MGA be required to reimburse Mattel for

28  being forced to file this motion simply to obtain compliance with an existing discovery

07975/2828572.1

1    Order and obtain discovery from MGA that the Discovery Master has squarely held
2    Mattel is entitled to.

3                                          **Conclusion**

4              For the foregoing reasons, Mattel respectfully requests that the Court: (1)
5    issue an Order to Show Cause regarding MGA's failure and refusal to comply with the
6    Order; (2) adjudge MGA to be in contempt of Court; (3) award coercive sanctions
7    against MGA in the amount of $5,000 for each day that MGA fails to produce full and
8    complete responses to Interrogatories Nos. 43 and 44 as mandated by the Order, and, in
9    the event that MGA does not comply within five days of the Court's Order, the amount
10   of coercive sanctions should be increased to $10,000 per day; and (4) award monetary
11   sanctions against MGA in the amount of $7,000, which represents a portion of the fees
12   and costs incurred by Mattel in bringing this Motion.

13

14   DATED:  March 10, 2009              QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP
15

16                                        By /s/ Michael T. Zeller
17                                          Michael T. Zeller
                                            Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27                                                              **Exhibit A**
28                                                              **Page 31**

07975/2828572.1
                                          -21-
                                                              EX PARTE RE OSC

# EXHIBIT B

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT B

# TO DECLARATION OF

# JEAN PIERRE NOGUES

## Benson, Patricia

**From:** cacd_ecfmail@cacd.uscourts.gov
**Sent:** Tuesday, March 10, 2009 12:15 PM
**To:** ecfnef@cacd.uscourts.gov
**Subject:** Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Notice of Manual Filing (G-92)

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered by Corey, Jon on 3/10/2009 at 12:15 PM PDT and filed on 3/10/2009
**Case Name:**      Carter Bryant v. Mattel Inc
**Case Number:**    2:04-cv-9049
**Filer:**          Mattel Inc
**Document Number:** 4990

**Docket Text:**
NOTICE of Manual Filing filed by Defendant Mattel Inc of MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE RE: MGA ENTERTAINMENT, INC'S FAILURE TO COMPLY WITH COURT ORDER; THE DECLARATION OF SCOTT L. WATSON IN SUPPORT THEREOF. (Corey, Jon)

**2:04-cv-9049 Notice has been electronically mailed to:**

Adil M Khan    amkhan@glaserweil.com

Alexander H Cote    acote@obsklaw.com, feseroma@obsklaw.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Amman A Khan    akhan@glaserweil.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com, westonreid@quinnemanuel.com

Caroline H Mankey    cmankey@glaserweil.com

Christian C Dowell    cdowell@kmwlaw.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

**Exhibit B**
**Page 32**

David C Scheper     dscheper@obsklaw.com, feseroma@obsklaw.com

David W Hansen     dhansen@skadden.com

Diane C Hutnyan     dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

Douglas Andrew Winthrop     dwinthrop@howardrice.com

Emil W Herich     eherich@kmwlaw.com

Jason D Russell     jrussell@skadden.com, allison.velkes@skadden.com

Jean P Nogues     jpn@msk.com

Jeffrey B Valle     jvalle@valleassociates.com

Jennifer A Lopez     jennifer.lopez@bingham.com

Joel N Klevens     jklevens@glaserweil.com

John B Quinn     johnquinn@quinnemanuel.com

Jon D Corey     joncorey@quinnemanuel.com

Kenneth A Plevan     kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Larry W McFarland     lmcfarland@kmwlaw.com

Leah Chava Gershon     leah@spertuslaw.com

Linda M Burrow     burrow@caldwell-leslie.com, popescu@caldwell-leslie.com, wilson@caldwell-leslie.com

Marina Vladimir Bogorad     marina.bogorad@skadden.com

Mark E Overland     moverland@obsklaw.com, jhibino@obsklaw.com

Matthew C Bousquette     caldwell@caldwell-leslie.com

Michael P Kelly     mikelly@skadden.com

Michael T Zeller     michaelzeller@quinnemanuel.com

Nicole S Pelletier     npelletier@glaserweil.com

Oleg Stolyar     alexstolyar@quinnemanuel.com

Patricia L Glaser     pglaser@glaserweil.com

Peter N Villar     peter.villar@bingham.com

Randa A F Osman     randaosman@quinnemanuel.com

Raoul D Kennedy     rkennedy@skadden.com

Exhibit B
Page 33

Richard Giles Stoll , III     rstoll@glaserweil.com

Robert C O'Brien     obrien.robert@arentfox.com

Robyn Aronson     robynaronson@dwt.com, frankromero@dwt.com

Russell J Frackman     rjf@msk.com, jpn@msk.com, mem@msk.com, nxl@msk.com, phb@msk.com, rbs@msk.com

Sandra L Tholen     tholen@caldwell-leslie.com, mejia@caldwell-leslie.com, wilson@caldwell-leslie.com

Sanford I Weisburst     sandyweisburst@quinnemanuel.com

Scott E Gizer     sgizer@glaserweil.com

Sophia S Lau     slau@glaserweil.com

Stan Karas     stankaras@quinnemanuel.com, gayleduran@quinnemanuel.com, westonreid@quinnemanuel.com

Thomas J Nolan     tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Todd E Gordinier     todd.gordinier@bingham.com, craig.taggart@bingham.com, julie.valenzuela@bingham.com, karina.ward@bingham.com, lan.ly@bingham.com, michael.mortenson@bingham.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

David W Foster
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington, DC 20005-2111

Jerome B Falk , Jr
Howard Rice Nemerovski Canady Falk & Rabkin
3 Embarcadero Ctr 7th Fl
San Francisco, CA 94111-4024

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

Peter H Bonis

3/12/2009

**Exhibit B**
**Page 34**

Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek, CA 94596

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**\\quinnemanuel.local\DFSR_Network\Users01\rachelfiset\G-92 EX PARTE APP.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=3/10/2009] [FileNumber=7413885-0]
[a72c126e0bc4580aa419751691701e407231c0d731e71dfb377edc1148c6b94f7638
a65d8525b2ecf7c68046332d9a06a481f1f283d6f909f3107ea402a26391]]

**Exhibit B**
**Page 35**

3/12/2009

# EXHIBIT C
# TO DECLARATION OF
# JEAN PIERRE NOGUES

# EXHIBIT C
# TO DECLARATION OF
# JEAN PIERRE NOGUES

## Nogues, Jean

| | |
|---|---|
| **From:** | Scott Watson [scottwatson@quinnemanuel.com] |
| **Sent:** | Tuesday, March 10, 2009 4:52 PM |
| **To:** | 'Akahn@glaserweil.com'; Frackman, Russell; Nogues, Jean |
| **Cc:** | 'JRussell@skadden.com'; 'Robert.Herrington@skadden.com' |
| **Subject:** | Ex Parte Papers |

**Attachments:** Ex Parte App.pdf; proposed order.pdf

Gentlemen,

I attempted to email you the papers a moment ago, but I received messages indicating that my email may not have been delivered.  I will break them up in a series of emails.  Apologies if you are getting these a second time.

Best,

Scott

Exhibit C
Page 36

3/12/2009

# EXHIBIT D

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT D

# TO DECLARATION OF

# JEAN PIERRE NOGUES

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 23, 2009

<u>VIA E-MAIL AND U.S. MAIL</u>

Jean Pierre Nogues                          Joel N. Klevens
Mitchell Silberberg & Knupp LLP             Glaser, Weil, Fink, Jacobs & Shapiro, LLP
11377 W. Olympic Blvd.                       10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90064                        Los Angeles, CA 90067
jpn@msk.com                                  jklevens@glaserweil.com

Thomas J. Nolan, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
thomas.nolan@skadden.com

Re:   Mattel v. MGA

Dear Mr. Nogues:

I write in response to your February 19, 2009 letter to Mr. Corey, regarding Mattel's Phase 2 Motion for Summary Judgment.

First, Mattel did not represent that its motion would be "premised entirely on the Court's Phase I rulings and determinations," or that "the motion does not depend on any discovery to be taken in Phase 2." That motion will rely in part, for example, on Phase 2 discovery regarding the scope of MGA's alleged trade dress. Second, Mattel did not state that it would be filing its Motion for Summary Judgment "within a week" of the Court's ruling on the Phase 1 matters. Rather, as I represented to you, Mattel expects to file that Motion within weeks—as opposed to months—of the Court's ruling.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

**Exhibit D**
**Page 37**

If you have any other questions, please do not hesitate to contact me.

Very truly yours,

*James Webster (csn)*

James J. Webster

JJW:csn
07975/2803109.1

2

# EXHIBIT E

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT E

# TO DECLARATION OF

# JEAN PIERRE NOGUES

1   Robert C. O'Brien
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
3   Telephone: 213.629.7400
    Facsimile:  213.629.7401
4
    Discovery Master
5

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

12   CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

13              Plaintiff,
                                          **Consolidated with**
14         v.                             **Case No. CV 04-09059**
                                          **Case No. CV 05-2727**
15   MATTEL, INC., a Delaware
     corporation,                         **PHASE II DISCOVERY MATTER**
16
                Defendant.                **ORDER NO. 2, REGARDING:**
17
                                          **HEARING DATE FOR**
18                                        **RECENTLY FILED**
                                          **DISCOVERY MATTERS**
19

20   CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21   MGZ ENTERTAINMENT, INC. v.
     MATTEL, INC.
22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/139654.1

1                                          ORDER NO. 2

Exhibit E
Page 39

1       The following discovery motions are set for hearing on April 14, 2009 at

2  10:00 a.m. at the offices of Arent Fox, LLP:

3       1.    Renewed Motion to Compel Consent to Production of Electronic Mail

4  Messages filed by Mattel, Inc. on or about February 20, 2009.

5       2.    Motion to Quash Subpoena Issued by Mattel to Non-Party Bingham

6  McCutchen LLP filed on or about February 25, 2009.

7       3.    Motion for a Protective Order Staying Discovery on Trade Dress

8  Claims filed by MGA Entertainment, Inc. et al. on or about February 27, 2009.

9

10  Dated:      March 4, 2009

11

12

13                    By:        /s/ Robert C. O'Brien

14                                ROBERT C. O'BRIEN
                                     Discovery Master

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

LA/139654.1

- 2 -

**ORDER NO. 2**

**Exhibit E**
**Page 40**

# EXHIBIT F

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT F

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:**     March 9, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman A. Khan, Esq.<br>Glaser, Weil, Fink, Jacobs & Shapiro, LLP | 310-553-3000 | 310-553-2920 |
| Jean Nogues<br>Mitchell Silberberg & Knupp, LLP | 310-312-2000 | 310-312-3100 |
| cc: Jason Russell, Esq.<br>Skadden, Arps, Slate, Meagher & Flom, LLP. | 213-687-5000 | 213-687-5600 |

**FROM:**     Scott L. Watson

**RE:**     Mattel, Inc. v. MGA Entertainment, Inc., et al.

**MESSAGE:**

See attached letter dated March 9, 2009.

ORIGINAL STAMPED
IN RED

| CLIENT # | 7975 | ROUTE/<br>RETURN TO: | Rebecca Ramos | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

**Exhibit F**
**Page 41**

Received 03/09/2009 12:30PM in 01:54 from  on line [1] for FAX3 * Pg 2/3

03-09-2009   12:30    From-QUINN EMANUEL                                              T-966   P.002/003   F-318

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 9, 2009

VIA FACSIMILE

Amman A. Khan, Esq.                          Jean Nogues
Glaser, Weil, Fink, Jacobs & Shapiro, LLP    Mitchell Silberberg & Knupp, LLP
10250 Constellation Blvd., 19th Floor        11377 W. Olympic Blvd.
Los Angeles, CA 90067                        Los Angeles, CA 90064

Re:    Mattel, Inc. v. MGA Entertainment, Inc. et al.

Dear Counsel:

I am writing to inform you that Mattel intends to file an *ex parte* application with the Court relating to MGA's continuing refusals and failures to comply with the Discovery Master's Order of February 15, 2008.

The *ex parte* will request that the Court (1) issue an Order to Show Cause regarding MGA's failure and refusal to comply with the Order; (2) adjudge MGA to be in contempt of Court; (3) award coercive sanctions against MGA for each day that MGA continues to fail to produce full and complete interrogatory responses as mandated by the Order; and (4) award monetary sanctions against MGA to reimburse Mattel a portion of its attorney's fees.

We have now repeatedly asked MGA to comply with the February 15, 2008 Order, but to no avail. Please let us know by the end of today whether MGA will stipulate to immediately bring itself into full and complete compliance with the Order. Otherwise, we will proceed with our *ex parte* application. Please let me know if MGA intends to oppose the *ex parte* application in that event.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

76121/2825517.1

**Exhibit F**
**Page 42**

Received 03/09/2009 12:30PM in 01:54 from  on line [1] for FAX3 * Pg 3/3
03-09-2009   12:31   From-QUINN EMANUEL                                          T-866   P.003/003   F-315

I look forward to hearing from you.

Best regards,

Scott L. Watson

Cc:      Jason Russell, Esq. (by fax)

76121/2825517 1

76121/2825517 1                                2

# EXHIBIT G

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT G

# TO DECLARATION OF

# JEAN PIERRE NOGUES



MITCHELL SILBERBERG & KNUPP LLP

A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Marc E. Mayer
A Professional Corporation
(310) 312-3154 Phone
(310) 231-8354 Fax
mem@msk.com

March 9, 2009

VIA FACSIMILE AND U.S. MAIL

Scott L. Watson, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

Re:   **Mattel, Inc. v. MGA Entertainment, Inc. et al.**

Dear Mr. Watson:

I am writing in response to your letter of this afternoon threatening to file an *ex parte* application tomorrow seeking contempt sanctions relating to the Discovery Master's Order of February 15, 2008.

We are extremely troubled and surprised by your letter. As a threshold matter, your letter completely fails to provide *any* substantive explanation as to the basis for your threatened *ex parte* application, including any specification of what purported "continuing refusals and failures" will form the basis of the application, and which specific term(s) of the Order you contend has/have been violated. The February 15, 2008 Order is a lengthy order that concerns five different sets of interrogatories propounded by Mattel, many of which are not relevant to Phase 2. We thus cannot determine from your one-sentence description the basis for your contention that MGA has refused or failed to comply with that Order, far less what specific conduct you believe justifies the severe contempt sanctions you intend to seek.

We also are at a complete loss to understand why these issues need be addressed on an *ex parte* basis, or why "extraordinary" relief is required. As you know, the discovery cut-off is *many* months in the future, and thus there is ample time for these discovery issues to be addressed via noticed motion. Moreover, to the extent your threatened application is intended to address the issues and/or interrogatories raised in the parties' pending discovery motions, including MGA's February 27 motion for a protective order and Mattel's March 6 motion to compel, any request for sanctions (far less "contempt" sanctions) concerning those issues plainly is unwarranted, not to mention premature. Thus, your threatened motion appears to be in pure bad faith, and for no purpose other than to drive up fees, harass MGA with burdensome and unnecessary motion practice, and distract attention from the pending discovery motions.

We, of course, are willing to conduct a meet-and-confer with you concerning the February 15 Order, and request that such meeting take place after the Discovery Master has had the

**Exhibit G**
**Page 44**

## MITCHELL SILBERBERG & KNUPP LLP

opportunity to consider and rule on the parties' pending discovery motions. At the very minimum, please let us know *immediately* the specific basis for your *ex parte* application. If you are unwilling to do either, then we will have no choice but to oppose the application as procedurally improper, as well as baseless.

Sincerely,

Marc E. Mayer
A Professional Corporation of
MITCHELL SILBERBERG & KNUPP LLP

MEM/mem

cc:     Amman Kahn, Esq.
        Patricia Benson, Esq.
        Jean Nogues, Esq.

# EXHIBIT H

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT H

# TO DECLARATION OF

# JEAN PIERRE NOGUES

**Mayer, Marc**

| | |
|---|---|
| **From:** | Scott Watson [scottwatson@quinnemanuel.com] |
| **Sent:** | Monday, March 09, 2009 9:36 PM |
| **To:** | Mayer, Marc |
| **Cc:** | 'akhan@glaserweil.com'; Nogues, Jean; Benson, Patricia; 'Russell, Jason' |
| **Subject:** | Mattel v. MGA Correspondence |
| **Attachments:** | Mayer Letter.pdf |

Please see the attached correspondence.

**Exhibit H
Page 46**

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 9, 2009

<u>VIA FACSIMILE & EMAIL</u>

Marc Mayer
Mitchell Silberberg & Knupp, LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064

Re:    <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Mr. Mayer:

I am writing in response to your letter of this afternoon.  I do not understand how MGA can claim to be "surprised."  We have repeatedly pointed out that MGA is in violation of the Discovery Master's February 15, 2008 Order by its refusal to supplement its responses to Interrogatories Nos. 43 and 44.  We have done so in numerous meet and confer communications and subsequently in at least two separate filings.  Notwithstanding this, MGA has not supplemented its responses.  Unless MGA immediately stipulates to fully and completely supplement its responses as ordered, Mattel will file its *ex parte* application tomorrow.

Best regards,

*Scott L. Watson / rf*

Scott L. Watson

Cc:    Amman Kahn, Esq.
       Jean Nogues, Esq.
       Jason Russell, Esq.

**quinn emanuel urquhart oliver & hedges, llp**

07975/2826503.1
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

**Exhibit H**
**Page 47**

# EXHIBIT I

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT I

# TO DECLARATION OF

# JEAN PIERRE NOGUES

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 57 of 70   Page ID
#:160334
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 1 of 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                        Date: February 4, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
===============================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

            Jim Holmes                            Theresa Lanza
            Courtroom Deputy Clerk                Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT:

Michael Page                          John Quinn
                                      Jon D. Corey

                                      ATTORNEY PRESENT FOR CARLOS
ATTORNEYS PRESENT FOR MGA:            GUSTAVO MACHADO GOMEZ:

Thomas J. Nolan
Carl A. Roth
Robert J. Harrington

ATTORNEYS PRESENT FOR THIRD-
PARTY WITNESSES

Larry W. McFarland
Scott Gizer
Ramit Mizrahi
Henry H. Gonzalez
Neal A. Potischman
John Patrick Petrullo

Alexander H. Cote

MINUTES FORM 90                                    Initials of Deputy Clerk __jh
CIVIL -- GEN                        1              Time: 1/45

                                                        Exhibit I
                                                        Page 48

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 58 of 70   Page ID
#:160335
Case 2:04-cv-09049-SGL-RNB     Document 1931     Filed 02/04/2008     Page 2 of 7

PROCEEDINGS:

HEARING ON EX PARTE APPLICATIONS:

**1722 EX PARTE APPLICATION to Compel Deposition of Ana Cabrera, Beatriz Morales, and Maria Salazar and Mel Woods**

**1724 EX PARTE APPLICATION to Compel Depositions of Daphne Gronich, Joe Tiongco, Mariana Trueba, Pablo Vargas, MGA Entertainment, Inc.**

**1538 EX PARTE APPLICATION for Relief from 01-07-2008 Order re Motion Hearing**

**1583 EX PARTE APPLICATION to Compel Production of Electronic Media from Third Parties Elise Cloonan, Margaret Hatch-Leahy, and Veronica Marlow**

**1624 EX PARTE APPLICATION to Enforce Court's Orders Compelling Production of Tangible Items**

**1628 EX PARTE APPLICATION to Stay pending Review of Discovery Master's January 11, 2008 Order Granting MGA's and Bryant's Motion to Compel**

**ORDER TO SHOW CAUSE DIRECTED TO COUNSEL LARRY McFARLAND**

Having considered the documents submitted in support of and opposition to the applications set forth above, and having heard oral argument, the Court issues its rulings on these matters as stated on the record and as follows:

**EX PARTE APPLICATIONS REGARDING DEPOSITIONS
(DOCKET #1722 AND #1724) AND ORDER TO SHOW CAUSE**

These applications are DENIED IN PART, subject to the following rulings:

(1)     The Court's January 7, 2008, Order was intended to grant certain specified relief from the numerical limitations on discovery requests; it was not meant to make definitive rulings on burdensomeness, relevance, privilege, or service of discovery requests.

(2)     The Phase 1 discovery deadline has expired. Any Phase 1 discovery not properly served on or before this deadline may not now be pursued. Based on the representation of counsel that process for the letters rogatory on the Hong Kong witnesses has not been initiated, these witnesses may not be deposed on Phase 1 issues. Notwithstanding this ruling, however, the Court is concerned with the allegations by Mattel in its ex parte application regarding certain actions of Larry

MINUTES FORM 90
CIVIL -- GEN                                           2

Initials of Deputy Clerk __jh_____
Time: 1/45

Exhibit I
Page 49

McFarland, who represents certain third-party witnesses. Mattel submits that Mr. McFarland has been deliberately evading service of a notice of deposition on him and his clients – serious allegations when made by an officer of the Court against another officer of the Court. Accordingly, Mr. McFarland is **ORDERED TO SHOW CAUSE** why he and his clients should not be ordered to appear for deposition. A written response to this OSC must be filed no later than February 11, 2008. Other parties may file written replies no later than February 19, 2008. The Court will hear the matter at 10:00 a.m., February 25, 2008, in Courtroom One of the above-referenced Court.

(3)    Phase 1 depositions that have been scheduled past the discovery deadline for the convenience of the witnesses or pursuant to the stipulation of the parties and/or witnesses may proceed as scheduled.

(4)    All discovery related to Phase 2, other than certain individual depositions that may be related to both Phase 1 and Phase 2, is STAYED until further order of the Court.

(5)    As previously ordered and reaffirmed by this Court, all discovery matters shall be presented in the first instance to the Discovery Master. The fact that the Discovery Master's ruling might impact upon the Court's scheduling order does not relieve the parties of following this procedure. For instance, motions to compel, motions to quash, or motions challenging service as to existing discovery requests shall be brought before the Discovery Master. So, too, must objections based on burdensomeness, relevancy, or privilege. In general, and on the matters touched upon herein, the Court expresses no opinion as to these issues, and instead leaves those issues to the Discovery Master to decide in the first instance.

(6)    To the extent that certain challenged depositions are within the scope of the Court's January 7, 2008, Order, and are related to Phase 1 (or to the extent that a given deposition (other than a Rule 30(b)(6) deposition) is related to both Phase 1 and Phase 2), said deposition may proceed subject to the challenges set forth in the previous paragraph. To the extent that the depositions are related to Phase 2, they are STAYED, as set forth above, notwithstanding the January 7, 2008, Order.

(7)    The parties' arguments require the Court to resolve an internal inconsistency in the Court's January 7, 2008, Order. The Court's Order was meant to grant all parts of Mattel's Motion for Leave to Take Additional Discovery (docket #1134) except the relief sought as to the deposition of Carter Bryant. The Court amends its 01.07.08 Order as follows:

> Delete: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk __jh_____
Time: 1/45

Exhibit I
Page 50

claims (set forth in the moving papers at 13).>

Replace with: <Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11), relating to the trade secret and RICO claims (set forth in the moving papers at 13), and relating to document preservation (set forth in the moving papers at 14 (Joe Tiongco and Daphne Gronich)).>

(8)     The Court's January 7, 2008, Order granted leave to take additional discovery over and above the previously allocated 24 depositions per side. Nevertheless, as to all other depositions, how to "count" the previously allocated depositions is left to the discretion of the Discovery Master.

(9)     At the hearing, counsel for Christensen, Glaser requested that the Court clarify that its January 7, 2008, ruling granted leave to depose it on only one issue. That is not the case, and the request is DENIED. Mattel has been granted relief from the numerical limitations that previously restricted its ability to depose those individuals and entities addressed by the Court's January 7, 2008, Order, including its ability to depose Christensen, Glaser. Unless otherwise restricted by the Discovery Master upon proper presentation of the issue to him, Mattel may depose Christensen, Glaser on any relevant, non-privileged matter.

## MACHADO GOMEZ'S EX PARTE APPLICATION RE
## JANUARY 7, 2008, ORDER (DOCKET # 1504)

This application is GRANTED. As noted above, Phase 2 discovery is STAYED until further order of the Court. The Court will address Phase 2 discovery, motions, pretrial, and trial dates after the conclusion of Phase 1 of the trial.

## MATTEL'S EX PARTE APPLICATION RE MOTION TO COMPEL PRODUCTION OF
## ELECTRONIC MEDIA FROM THIRD PARTIES (DOCKET #1538)

This application is DENIED. This matter must be addressed in the first instance by the Discovery Master.

## MATTEL'S EX PARTE APPLICATION TO ENFORCE COURT'S ORDERS
## COMPELLING PRODUCTION OF TANGIBLE ITEMS (#1624)

This application is GRANTED IN PART. Counsel for MGA shall employ its best efforts to arrange for shipment of those tangible things located in the Peoples' Republic of China ("PRC") to Hong Kong Special Administrative Region ("Hong Kong") for examination in conjunction with those tangible things already located in Hong Kong. Otherwise, counsel for MGA shall cooperate in the

Exhibit I
Page 51

arrangements for inspection in both Hong Kong and the PRC.   Mattel's request for costs is denied without prejudice.

Counsel are encouraged to meet and confer with the intent of reaching a stipulation regarding the supplementation of expert reports.  Absent such stipulation, at the appropriate time, the Court will entertain an ex parte application from any party regarding this issue.

### MATTEL'S EX PARTE APPLICATION TO STAY PENDING REVIEW OF DISCOVERY MASTER'S JANUARY 11, 2008 ORDER (DOCKET # 1628)

This application is GRANTED IN PART.  The Court sets the motion for hearing on February 11, 2008.  Opposition shall be filed no later than February 6, 2008; any reply shall be filed no later than February 8, 2008.  The Discovery Master's January 11, 2008, Order is stayed until the issuance of the Court's minute order regarding the February 11, 2008, hearing.

**IT IS SO ORDERED.**

MINUTES FORM 90
CIVIL -- GEN                                    5

Initials of Deputy Clerk __jh_____
Time: 1/45

**Exhibit I**
**Page 52**

## NOTICE PARTY SERVICE LIST

**Case No.**   CV 04-09049 SGL(RNBx)   **Case Title**   Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

✓   ***ADD NEW NOTICE PARTY***
***(if sending by fax, mailing address must also be provided)***

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor):  P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** jh

Exhibit I
Page 53

Case 2:04-cv-09049-DOC-RNB   Document 5016-2   Filed 03/13/09   Page 63 of 70   Page ID
#:160340
Case 2:04-cv-09049-SGL-RNB   Document 1931   Filed 02/04/2008   Page 7 of 7

## NOTICE PARTY SERVICE LIST

**Case No.**  CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**  Minute Order of February 4, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Hon. Edward A. Infante (Ret.)

Firm:

Address *(include suite or floor)*:  Two Embarcadero

Center, Suite 1500, San Francisco,  CA  94111

*E-mail:

*Fax No.:

* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** jh

**Exhibit I**
**Page 54**

# EXHIBIT J

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT J

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# FILED UNDER SEAL

# PURSUANT TO

# PROTECTIVE ORDER

# FILED UNDER SEAL

# PURSUANT TO

# PROTECTIVE ORDER

2144409.1

# EXHIBIT K

# TO DECLARATION OF

# JEAN PIERRE NOGUES

# EXHIBIT K

# TO DECLARATION OF

# JEAN PIERRE NOGUES

## Nogues, Jean

| | |
|---|---|
| **From:** | cacd_ecfmail@cacd.uscourts.gov |
| **Sent:** | Friday, March 13, 2009 8:16 AM |
| **To:** | ecfnef@cacd.uscourts.gov |
| **Subject:** | Activity in Case 2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc Minutes of In Chambers Order/Directive - no proceeding held |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### Notice of Electronic Filing

The following transaction was entered on 3/13/2009 at 8:15 AM PDT and filed on 3/12/2009
**Case Name:**        Carter Bryant v. Mattel Inc
**Case Number:**    2:04-cv-9049
**Filer:**
**Document Number:** 5009

### Docket Text:
**MINUTES OF IN CHAMBERS ORDER held before Judge Stephen G. Larson: REFERRING EX PARTE APPLICATION for Order to Show Cause [4997] to Discovery Master: Because the issues presented therein implicate matters previously addressed, properly presented, and, in part, currently pending before the Discovery Master, the Court refers this application to the Discovery Master.The Discovery Master may issue an appropriate disposition of the application. Should the Discovery Master find that contempt proceedings are appropriate, he may so report and recommend to this Court. Unless the parties have already done so, the parties shall, within twenty-four hours of service of this Order, serve the Discovery Master with copies of the filings relevant to this ex parteapplication. IT IS SO ORDERED. (ad)**

**2:04-cv-9049 Notice has been electronically mailed to:**

Joel N Klevens     jklevens@glaserweil.com

Patricia L Glaser     pglaser@glaserweil.com

**Exhibit K**
**Page 74**

3/13/2009

John B Quinn     johnquinn@quinnemanuel.com

Russell J Frackman
rjf@msk.com,nxl@msk.com,rbs@msk.com,mem@msk.com,phb@msk.com,jpn@msk.com

Jeffrey B Valle     jvalle@valleassociates.com

Todd E Gordinier
todd.gordinier@bingham.com,julie.valenzuela@bingham.com,craig.taggart@bingham.com,mich

Randa A F Osman     randaosman@quinnemanuel.com

David C Scheper     dscheper@obsklaw.com,feseroma@obsklaw.com_sumry

Alisa Morgenthaler Lever     amorgenthaler@chrisglase.com

Larry W McFarland     lmcfarland@kmwlaw.com

Robert C O'Brien     obrien.robert@arentfox.com

Raoul D Kennedy     rkennedy@skadden.com

Mark E Overland     moverland@obsklaw.com,jhibino@obsklaw.com_sumry

Thomas J Nolan
tnolan@skadden.com,carl.roth@skadden.com,marcus.mumford@skadden.com

Emil W Herich     eherich@kmwlaw.com

Jason D Russell     jrussell@skadden.com,allison.velkes@skadden.com_sumry

Jean P Nogues     jpn@msk.com

Sandra L Tholen     tholen@caldwell-leslie.com,mejia@caldwell-leslie.com,wilson@caldwell-leslie.com

Nicole S Pelletier     npelletier@glaserweil.com

Jon D Corey     joncorey@quinnemanuel.com

Caroline H Mankey     cmankey@glaserweil.com

Douglas Andrew Winthrop     dwinthrop@howardrice.com

Michael T Zeller     michaelzeller@quinnemanuel.com

Linda M Burrow     burrow@caldwell-leslie.com,wilson@caldwell-

**Exhibit K**
**Page 75**

leslie.com,popescu@caldwell-leslie.com_sumry

Amman A Khan    akhan@glaserweil.com

Peter N Villar    peter.villar@bingham.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com,andreahoeven@quinnemanuel.com

Kenneth A Plevan
kenneth.plevan@skadden.com,drogosa@skadden.com,sumclaug@skadden.com

Alexander H Cote    acote@obsklaw.com,feseroma@obsklaw.com

Marina Vladimir Bogorad    marina.bogorad@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com,westonreid@quinnemanuel.com

Sophia S Lau    slau@glaserweil.com

Stan Karas
stankaras@quinnemanuel.com,gayleduran@quinnemanuel.com,westonreid@quinnemanuel.com

Richard Giles Stoll    rstoll@glaserweil.com

Scott E Gizer    sgizer@glaserweil.com

David W Hansen    dhansen@skadden.com

Robyn Aronson    robynaronson@dwt.com,frankromero@dwt.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

Jennifer A Lopez    jennifer.lopez@bingham.com

Christian C Dowell    cdowell@kmwlaw.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Leah Chava Gershon    leah@spertuslaw.com

Adil M Khan    amkhan@glaserweil.com

Michael P Kelly    mikelly@skadden.com

Sanford I Weisburst    sandyweisburst@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**
Jerome B Falk

Exhibit K
Page 76

3/13/2009

Howard Rice Nemerovski Canady Falk & Rabkin
3 Embarcadero Ctr 7th Fl
San Francisco CA 94111-4024


Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino CA 91316


Cheryl Plambeck
Davis & Gilbert LLP
1740 Broadway
New York NY 10019
US

Amy R Sabrin
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US

David W Foster
Skadden Arps Slate Meagher & Flom LLP
1440 New York Avenue NW
Washington DC 20005-2111
US

Peter H Bonis
Peter H. Bonis Law Offices
1990 N. California Blvd, 8th Floor
Walnut Creek CA 94596
US