QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>            Plaintiff,<br><br>      vs.<br><br>MATTEL, INC., a Delaware corporation,<br><br>            Defendant.<br><br>AND CONSOLIDATED ACTIONS | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[To Be Heard By Discovery Master Robert C. O'Brien]**<br><br>REPLY IN SUPPORT OF MATTEL, INC.'S RENEWED MOTION FOR RECONSIDERATION OF PORTIONS OF DISCOVERY MASTER'S DECEMBER 31, 2007 ORDER<br><br>Hearing Date:   April 21, 2009<br>Time:           10:00 a.m.<br>Place:          555 West 5th St., Suite 4800, Los Angeles, CA 90013<br><br>**Phase 2**<br>Discovery Cut-off:      Dec. 11, 2009<br>Pre-trial Conference:   March 1, 2010<br>Trial Date:             March 23, 2010 |

07209/2836247.3

REPLY ISO MATTEL'S RENEWED MOTION FOR RECONSIDERATION LF DECEMBER 31, 2007 ORDER

**Preliminary Statement**

The MGA parties claim that their recently served supplemental response to Mattel's requests for Larian's communications with Mattel employees "indisputably" moots Mattel's motion. The supplemental response, however, states that MGA is producing documents only "subject to" a litany of general and specific objections which the Discovery Master already rejected in his prior order. It raises more issues than it resolves and gives Mattel no assurance that responsive documents, whether now known to exist or later discovered, will ever be produced. Mattel is entitled to an order to ensure that it receives the communications.

In their efforts to avoid an order that would bind them to produce the documents, the MGA parties likewise claim that their informal agreement to produce Larian's post-2005 communications with Mattel employees rendered this motion "unnecessary." MGA itself, however, has urged in the past that voluntary compliance is not enough, and the prior Discovery Master ruled that informal agreements to provide discovery are not enforceable, even when there is no contrary court order as here. It was not only Mattel's right but its obligation to seek relief, since only an order can modify an order. MGA has never offered and still does not offer any justification for its refusal to submit to court-ordered compliance. The only possible reason for that refusal—to enable MGA to withhold documents based on spurious or hidden limitations or caveats—shows why this motion and the order it seeks were before and are still needed.

The narrow issue presented by Mattel's motion is whether the Discovery Master's order should be amended to include Larian's post-2005 communications with Mattel employees. The MGA parties did not dispute the relevance of these communications during the parties' meet and confer discussions prior to the filing of this motion. Now, to avoid an order, they misstate and selectively cite the allegations of Mattel's Counterclaims to argue that trade secret thefts after 2005 are not at issue. They are mistaken. Mattel's Counterclaims allege

that the MGA parties, including Larian, are engaged in a pattern of theft of Mattel's trade secrets that continues to this day. Indeed, the MGA parties themselves recently relied on such allegations to obtain discovery from Mattel. In granting an MGA motion last week, the Discovery Master expressly found that Mattel's theft of trade secret claims extend *beyond* the specific instances described in Mattel's counterclaims. Further confirming that Mattel is entitled to discovery on potential thefts not specified in Mattel's counterclaims, Judge Larson ruled in two separate orders that Mattel is entitled to take Jorge Castilla's deposition, even though Mattel has not specifically alleged his acts of trade secret theft for MGA in its counterclaims. For the same reasons, Mattel is entitled to an order for the discovery it seeks here.

## Argument

### I.  MATTEL'S MOTION IS NOT MOOT

The MGA parties argue that Mattel's motion is "needless" because Larian agreed to produce documents. The MGA parties have previously taken the exact opposite position. When Bryant and MGA brought a motion to compel Mattel to produce certain Rule 30(b)(6) witnesses, the MGA parties argued that Mattel's provision of dates and identification of designees did *not* obviate that motion absent a "binding stipulation."[1] Moreover, the MGA parties ignore their long history of making—and then breaking—promises to produce discoverable information in this

---

[1] MGA and Bryant's Reply in Support of Their Joint Motion to Compel the Production of Documents and the Deposition of 30(B)(6) Witnesses, filed January 23, 2007, at 7:21-23, 8:3-6, attached as Exhibit 6 to the Declaration of Cyrus S. Naim, filed concurrently herewith ("Naim Dec.") (asserting that "[h]aving witnessed months of delay, combined with Mattel's refusal to enter into a binding stipulation that would have prevented any further delay, Bryant and MGA rightly believed that at the very least, the threat of a court order was necessary to secure firm dates for these depositions.").

lawsuit.  This pattern of refusing to provide discovery after promising to do so—and on many occasions even after the Court has ordered them to do so—amply demonstrates the need for this motion.  Indeed, when the MGA parties have made this same argument in connection with prior discovery motions Mattel has been forced to bring—that their agreement to produce the documents renders the motion moot—the Discovery Master has rejected it and ordered the documents produced.[2]

The MGA parties also fail to account for the existing order which would otherwise allow them to withhold Larian's post-2005 communications with Mattel employees.  Even when there was no existing court order that the discovery need not be produced, the prior Discovery Master ruled that informal agreements to provide discovery would not be enforced or considered as a basis for a later ruling absent a binding stipulation between the parties.[3]  Mattel properly requested and is entitled to an *order* modifying the existing order.

The MGA parties also argue that Mattel's motion is now "indisputably" moot because Larian provided a supplemental response—after Mattel filed its motion—stating that no "responsive, non-privileged documents that post-date 2005" exist.  This supplemental response, however, seeks to improperly resurrect numerous general and specific objections that were previously rejected by Judge Infante in his December 31, 2007 Order.  The supplemental response states it is *"subject to"* a litany of objections and limitations that render illusory any

---

[2] See Motion at 5-7 and fns. 22-32 (noting issuance of order despite MGA's agreement to produce documents).

[3] Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at 10-11, Naim Dec., Exh. 1 ("Because the parties did not execute a binding stipulation, there is no legal basis to enforce the terms contained in the draft stipulation.  Therefore, Mattel's right to the discovery it seeks in the instant motion to compel is governed by the familiar guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure.").

suggestion by MGA that it is actually agreeing to produce the documents Mattel seeks:

> Larian incorporates by reference the above-stated general objections as if fully set forth herein.  Larian also specifically objects to this request on the grounds that it is overbroad and seeks information not relevant to the subject matter of this lawsuit or reasonably calculated to lead to the discovery of admissible evidence and is, thus, overbroad, unduly burdensome and oppressive, including, without limitation, in that it is not limited as to the individuals who participated in the communications or as to time.  Larian also objects to this request on the grounds that it seeks information in violation of the right of privacy.  Larian also objects to this request on the grounds that it seeks confidential, proprietary or commercially sensitive information, the disclosure of which would be inimical to the business interests of Larian and one or more third parties.  Larian further objects to this request to the extent it seeks information the disclosure of which would implicate the rights of third parties to protect private, confidential, proprietary or trade secret information.  Larian also objects to this request to the extent it calls for the disclosure of attorney-client privileged information or information protected from

disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege.[4]

The Discovery Master already found that the request is "reasonably tailored to the specific and numerous allegations in this case regarding alleged trade secret theft" and, with the exception of the *sua sponte* temporal limit at issue here, ordered Larian to produce all responsive documents.[5] Rather than resolving issues, as the MGA parties claim, the supplemental response attempts to raise old ones that have already been decided against them. The MGA parties even object on relevance grounds and then spend half their opposition arguing that the documents to be produced "subject to" that objection are not relevant.[6] Mattel's motion is not moot; if anything, the MGA parties' supplemental response simply further underscores why Mattel is entitled to an order compelling production.

The MGA parties accuse Mattel of "taking up everyone's time and money" with an unnecessary motion. If the MGA parties intended to produce Larian's post-2005 communications with Mattel employees without qualification, they could have avoided this motion by simply stipulating to an order to produce them. They offered no reason whatsoever, let alone a credible one, for refusing to do so. That they instead chose to engage in time consuming and costly motion practice speaks for itself.

---

[4] See Khan Dec., Exh. A.
[5] December 31, 2007 Order at 14-15, Kidman Dec., Exh. 2.
[6] As set forth above, the supplemental response includes an objection on the grounds that the request "calls for the disclosure of attorney-client privileged information or information protected from disclosure by the work-product doctrine, joint defense or common interest privilege, or other privilege," and states that there are no "responsive, non-privileged documents." The MGA parties fail to explain how communications between Larian and an individual while the individual was employed by Mattel could be subject to the attorney-client privilege or, for that matter, any other privilege.

## II. LARIAN'S POST-2005 COMMUNICATIONS WITH MATTEL EMPLOYEES ARE RELEVANT

The MGA parties argue that Larian's post-2005 communications with Mattel employees are not relevant because Mattel's Second Amended Answer and Counterclaims does not allege any acts of trade secret theft after 2005. This argument ignores the plain language of Mattel's pleading which, contrary to the MGA parties' assertion, alleges an ongoing conspiracy to steal Mattel's trade secrets. For example, paragraph 93 of Mattel's Second Amended Answer and Counterclaims identifies racketeering activities carried out by Larian and other members of the RICO criminal enterprises, including acts of mail fraud and wire fraud in furtherance of a scheme "to defraud Mattel of its confidential trade secret information." Paragraph 93 specifically alleges that "[t]his activity extends over a substantial period of time, *up to and beyond the date of this Second Amended Answer and Counterclaims.*"[7]

The MGA parties also incorrectly assert that "Mattel's RICO allegations are based entirely on the purported trade secret misappropriations by former Mattel employees Machado, Trueba, Vargas, Brawer and Brisbois" and that those allegations are "limited to pre-2006 conduct." (Opposition at 3:26-4:1.) In fact, paragraph 90 of Mattel's counterclaims explicitly states that "the scheme to improperly defraud Mattel and steal its trade secret and otherwise confidential and proprietary information" has been carried out by "MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado, *Does 4 through 10*, and

---

[7] Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims (Public Redacted Version; exhibits omitted), dated July 12, 2007, ¶ 93 (emphasis added), Kidman Dec., Exh. 3. In their opposition, the MGA parties cite to paragraph 92 of the Second Amended Answer and Counterclaims and incorrectly assert that the ongoing nature of the nature of the conspiracy is limited to the "use" of Mattel's stolen trade secrets. Yet they fail to include any reference to paragraph 93.

Brawer, Trueba, Vargas, Brisbois, and the ***Other Former Employees***."[8]  Likewise, paragraph 91 alleges that "MGA, MGA Entertainment (HK) Limited, MGA de Mexico, Larian, Bryant, Machado, ***Does 4 through 10***, and Brawer, Trueba, Vargas, Brisbois, and the ***Other Former Employees***, and each of them, shared the common purpose of enabling MGA to obtain confidential, proprietary and otherwise valuable Mattel property through improper means in order to assist MGA in illegally competing with Mattel domestically and throughout the world."[9]

In stark contrast to their current, unduly narrow reading of Mattel's counterclaims, the MGA parties recently took a different position in seeking trade secret discovery from Mattel.  In granting their motion, the Discovery Master expressly stated last week that Mattel's allegations extended beyond those specific instances of trade secret theft described in its complaint:

> Lastly, Mattel argues that both Requests are overbroad because they are not limited to misconduct expressly alleged in the SAAC . . . . In response, MGA points out that the SAAC includes a catch-all allegation stating that unidentified 'additional employees accessed, copied and took from Mattel confidential and proprietary information.' (SAAC, ¶ 77).  Mattel's apparent purpose in including such an allegation was to preserve its right to allege and prove other acts of misappropriation besides those expressly alleged in the SAAC.  Accordingly, since Mattel reserves the right to seek relief regarding additional, un-alleged acts, MGA should likewise be entitled to conduct

---

[8]  Id. at ¶ 90 (emphasis added).
[9]  Id. at ¶ 91 (emphasis added).  See also ¶ 89 (defining the MGA Criminal Enterprise Mattel to include Does 4 through 10).

<blockquote>
discovery to identify those additional acts and to determine what evidence Mattel may have to prove them.[10]
</blockquote>

As a matter of law and logic, relevance for discovery purposes cannot be a one-way street. Just as the Discovery Master found that MGA was permitted discovery beyond the specific instances of trade secret theft alleged in Mattel's counterclaims, so too Mattel is entitled to the same discovery here. The allegations of Mattel's counterclaims entitle it to Larian's communications with Mattel employees up to the present, not just through 2005. See Gonzalez v. City of Fresno, 2007 WL 2781149, *4, *6 (E.D. Cal. September 21, 2007) (documents reflecting misconduct post-dating alleged torts were discoverable where plaintiff alleged a "continuing pattern of wrongful misconduct").

The MGA parties also ignore the specific instances of post-2005 trade secret theft Mattel has been able to develop since that pleading was filed, including the theft by former Mattel employee Jorge Castilla in 2006. By the MGA parties' logic, even a smoking gun e-mail from Larian to Castilla directing him to steal Mattel's trade secrets would not be relevant because Mattel has not specifically identified Castilla in its counterclaims. That is not the law, and is contrary to prior rulings in this case. See Motion at 9-10. Indeed, Judge Larson twice ordered the deposition of Jorge Castilla notwithstanding that Mattel had not specifically identified him in its counterclaims. Mattel is equally entitled documents from Larian reflecting his post-2005 communications with Castilla and other Mattel employees while they were employed by Mattel.[11]

---

[10] Discovery Master's Order No. 6, dated March 13, 2009, at 12, Naim Dec., Exh. 5.

[11] See Order Granting in Part and Denying in Part Mattel's Motion for Leave to Take Additional Discovery, dated January 7, 2008, at 3, Naim Dec., Exh. 2; Order (footnote continued)

Even if Mattel had not alleged an ongoing course of conduct (which it has) or developed evidence specific instances of post-2005 trade secret theft (which it has), Larian's post-2005 communications with Mattel employees would still be reasonably calculated to lead to the discovery of admissible evidence.  For example, Larian's post-2005 communications would be relevant to show that Larian engaged in a broader pattern of contacts with Mattel employees who had access to Mattel's trade secrets which, in turn, would be relevant to proving that his conduct was deliberate and intentional, not merely coincidental or inadvertent, and to impeach denials of knowledge of trade secret theft.  Those communications also would be relevant to show whether or not Larian or MGA gave any warnings to Mattel employees they contacted or took other steps to protect against the disclosure or use of Mattel's trade secrets.  As the Discovery Master has recognized, Mattel has alleged that there was a pattern of trade secret theft by MGA,[12] and the existence or non-existence of protective measures is clearly relevant to Mattel's allegations of trade secret thefts.

Larian's post-2005 communications with Mattel employees are reasonably calculated to lead to the discovery of admissible evidence.  The Discovery Master's December 31, 2007 Order should be amended to include them.

---

Setting Various Briefing Schedules, dated September 2, 2008, at 2, Naim Dec., Exh. 3.

[12] Discovery Master's Order No. 6, dated March 13, 2009, at 4-6, Naim Dec., Exh. 5.

## **Conclusion**

For the foregoing reasons, Mattel respectfully requests that its motion be granted in its entirety.

DATED: March 16, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Scott B. Kidman
   Scott B. Kidman
   Attorneys for Mattel, Inc.