1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
2   johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
3   (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
4   (joncorey@quinnemanuel.com)
  865 South Figueroa Street, 10th Floor
5 Los Angeles, California  90017-2543
  Telephone:   (213) 443-3000
6 Facsimile:   (213) 443-3100

7 Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                         EASTERN DIVISION

| | |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with Case Nos. CV 04-09059 and CV 05-02727 |
| 14     vs. | **DISCOVERY MATTER** |
| 15 MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Robert O'Brien]** |
| 16          Defendant. | |
| 17 | MATTEL, INC.'S RESPONSE TO OBJECTIONS OF MGA |
| 18 AND CONSOLIDATED ACTIONS | ENTERTAINMENT, INC. TO DECLARATION OF SCOTT WATSON |
| 19 | IN SUPPORT OF MATTEL'S MOTION TO COMPEL RESPONSES TO |
| 20 | CONTENTION INTERROGATORIES |
| 21 | |
| 22 | Date:   TBD |
| 23 | Time:   TBD Place:  TBD |
| 24 | **Phase 2** |
| 25 | Discovery December 11: 2009 Pre-trial Conference:  March 1, 2010 |
| 26 | Trial Date:  March 23, 2010 |

Mattel, Inc. submits the following responses to MGA Entertainment, Inc.'s evidentiary objections to the Declaration of Scott Watson in support of Mattel, Inc.'s Motion to Compel Responses to Contention Interrogatories.

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| 1.  ¶18, pg. 4, lines 1-7: "The parties met and conferred regarding Mattel's discovery requests, including Interrogatory Nos. 43, 44, 51-55 and 64, on February 6, 2009 and times thereafter. MGA proposed that it would provide responses to these interrogatories no earlier than 21 days after | Lacks foundation and is not based on personal knowledge (FRE 602).  Mr. Watson does not state that he participated in the meet and confer.  Also, Mr. Watson does not identify any human being who purportedly acted on behalf of MGA, nor does he set forth any facts to establish that such | <u>Foundation/ Personal Knowledge</u> - Mr. Watson participated in the parties' meet and confer on February 6, 2009, as evidenced by the confirming letter he sent to counsel for MGA, Amman Khan on that date, and attached to his declaration as Exhibit 15.  The parties' meet and confer is also evidenced by the confirming letter Jon Corey, Mr. Watson's colleague, sent to Mr. Khan on February 8, 2009, which is attached to Mr. Watson's declaration as Exhibit 19.  <u>See</u> Watson Dec., Exhs. 15 and 19.  Notably, MGA does not deny the authenticity or the accuracy of these letters. <u>Vague/ Ambiguous</u> - This statement is not vague and | Sustained_____ Overruled_____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| the Court decides Mattel's contemplated partial summary judgment motion.  MGA, however, declined to discuss its specific objections to these interrogatories or whether it would be standing on its remaining objections when it did provide responses." | unidentified person had authority to act for MGA.  Vague, ambiguous and unintelligible as to "MGA proposed" and "MGA, however, declined to discuss."  MGA cannot propose or decline anything; only an authorized representative can do so.  Mr. Watson never identifies who on behalf of MGA participated in the meet and | ambiguous.  Discovery conferences are conducted by and through counsel, and this paragraph is clear that MGA, through its counsel, "proposed that it would provide responses to these interrogatories no earlier than 21 days after the Court decides Mattel's contemplated partial summary judgment motion," and that it "declined to discuss its specific objections to these interrogatories."  Hearsay - This statement is not hearsay because it is a statement by a party opponent.  Fed. R. Evid. 801(d)(2)(C) (a statement is not hearsay if "[t]he statement is offered against a party and is a statement by a person authorized by the party to make a statement concerning the subject."); Ortiz ex rel. |  |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | confer.<br><br>Hearsay (FRE 801 and 802).<br><br>Argumentative. | <u>Ortiz v. U.S.,</u> 2007 WL 404899, at *3, n.8 (E.D. Cal. Feb. 2, 2007) (letter from Plaintiff's counsel not hearsay under <u>Fed. R. Evid.</u> 801(d)(2)).<br><br><u>Argumentative</u> -This statement is not argumentative.  Mr. Watson merely states the facts of what transpired at the parties' meet and confer. | |
| 2.   ¶22, pg, 4, lines 7-8:<br>"Attached hereto as Exhibit 20 is a true and correct copy of relevant excerpts of the transcript of the February 11, 2009 hearing before Judge Larson," and | The exhibit is irrelevant (FRE 401 and 402). | <u>Relevance</u> - This exhibit shows that the District Court stated there is no stay on Phase 2 discovery and this exhibit is therefore relevant to establish the factual background for Mattel's claim that MGA is improperly withholding interrogatory responses. | Sustained____<br>Overruled____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| Exhibit 20. | | | |
| 3.  ¶28, pg. 5, lines 1-4: "Attached hereto as Exhibit 26 is a true and correct copy of Mattel, Inc.'s Motion to Compel Responses to Interrogatories and Production of Documents by MGA Entertainment, Inc., and Isaac Larian, dated February 10, 2009." | The exhibit is irrelevant (FRE 401 and 402) | <u>Relevance</u> - This exhibit is relevant to Mattel's argument that it has repeatedly moved to overrule the same MGA objections to Mattel's definitions.  Furthermore, it is relevant to show that previously MGA did not defend those objections. | Sustained____ Overruled____ |
| 4.  ¶29, pg. 5, lines 5-8: "Attached hereto as Exhibit 27 is a | The exhibit is irrelevant (FRE 401 and 402) | <u>Relevance</u> - This exhibit is relevant to Mattel's argument that it has repeatedly moved to overrule the same MGA objections to Mattel's | Sustained____ Overruled____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| true and correct copy of MGA Entertainment, Inc. and Isaac Larian's Opposition to Mattel, Inc.'s 2/10/09 Motion to Compel Responses to Interrogatories and Production of Documents, dated February 18, 2009." | | definitions.  Furthermore, it is relevant to show that previously MGA did not defend those objections. | |
| 5.  ¶30, pg. 5, lines 9-11: "Attached hereto as Exhibit 28 is a true and correct copy of relevant excerpts of Mattel, Inc.'s Sixth Set of Interrogatories, | The exhibit is irrelevant (FRE 401 and 402) | <u>Relevance</u> - This exhibit contains an interrogatory that MGA has claimed is duplicated or partially duplicated by Interrogatory 51.  The exhibit is therefore relevant to show that Interrogatory 51 does not duplicate the interrogatory in this exhibit. | Sustained____ Overruled____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| dated October 23, 2007." | | | |
| 6.   ¶31, pg. 5, lines 12-14: "Attached hereto as Exhibit 29 is a true and correct copy of relevant excerpts of MGA's Supplemental Responses to Mattel, Inc.'s Seventh Set of Interrogatories, dated November 30, 2007." | The exhibit is irrelevant (FRE 401 and 402) | <u>Relevance</u> - This exhibit is relevant to show whether MGA previously provided all of the information requested by Interrogatory 51, and is relevant to whether Interrogatory 51 duplicates Interrogatory 49. | Sustained____ Overruled____ |
| 7.   ¶34, pg. 5, lines 20-21: "Attached hereto as Exhibit 32 is a | The exhibit is irrelevant (FRE 401 and 402) The exhibit has | <u>Relevance</u> - This exhibit is relevant to show that MGA has previously produced the type of information requested in Interrogatory 52 and | Sustained____ Overruled____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | true and correct copy an e-mail from Ryan Weinstein to Mr. Corey, dated July 22, 2008, without exhibits." | not been properly authenticated (FRE 901)<br><br>Lacks foundation and is not based on personal knowledge (FRE 602)<br><br>Hearsay (FRE 801 and 802) | therefore cannot claim that producing the information is unduly burdensome.<br><br>Personal Knowledge/ Authentication/ Foundation - Mr. Watson is counsel for Mattel and a partner at the Quinn Emanuel firm.  In this capacity, he can properly authenticate the email based on its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," such as the fact that the email was sent to Mr. Watson's colleague, Jon Corey, and appears on its face to be a reply to Mr. Corey's email.  Moreover, MGA does not, and cannot, dispute the authenticity of correspondence between the attorneys in this case.  Anderson v. State Farm Mut. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | | | Auto Ins. Co., 2008 WL 2441086, at * 1, n. 1 (E.D. Cal. June 13, 2008) (citing Fed. R. Evid. 901(b)(4) (finding letters attached to declaration were properly authenticated even though declarant failed to declare the basis for her knowledge that letters were authentic). Hearsay - This exhibit is not hearsay because it is not asserted for the truth of the matter.  Instead, it shows MGA's ability to produce requested information.  Fed. R. Evid. 801(c); see e.g. Ortiz, 2007 WL 404899, at *3, n. 8  (letter to Plaintiff's counsel was not hearsay because the letter showed knowledge by Plaintiff of the facts asserted in the letter). Furthermore, the email is not hearsay because it is a statement by a party | |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | opponent.  Fed. R. Evid. 801(d)(2)(C) (a statement is not hearsay if "[t]he statement is offered against a party and is a statement by a person authorized by the party to make a statement concerning the subject."); Ortiz, 2007 WL 404899, at *3, n.8 (letter from Plaintiff's counsel not hearsay under Fed. R. Evid. 801(d)(2)).  To the extent that MGA is objecting that Mr. Watson's statement authenticating this exhibit is hearsay, that objection is also without merit.  As discussed above, Mr. Watson is a partner at the Quinn Emanuel firm and has personal knowledge of the authenticity of this exhibit. | |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| 8.   ¶35, pg. 5, lines 22-23: "Attached hereto as Exhibit 33 is a true and correct copy of a letter Mr. Weinstein sent to Mr. Corey, dated July 31, 2008." | The exhibit is irrelevant (FRE 401 and 402)<br><br>The exhibit has not been properly authenticated (FRE 901)<br><br>Lacks foundation and is not based on personal knowledge (FRE 602)<br><br>Hearsay (FRE 801 and 802) | <u>Relevance</u> - This exhibit is relevant to show that MGA has previously produced the type of information requested in Interrogatory 52 and therefore cannot claim that producing the information is unduly burdensome.<br><br><u>Personal Knowledge/ Authentication/ Foundation</u> - Mr. Watson is counsel for Mattel and a partner at the Quinn Emanuel firm.  In this capacity, he can properly authenticate the email based on its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," such as the fact that the email was sent to Mr. Watson's colleague and appears on the letterhead of Mr. Weinstein's firm. Moreover, MGA does not, | Sustained____<br><br>Overruled____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | | | and cannot, dispute the authenticity of correspondence between the attorneys in this case. <u>See</u> <u>Anderson</u>, 2008 WL 2441086, at * 1, n. 1 (finding letters attached to declaration were properly authenticated even though declarant failed to declare the basis for her knowledge that letters were authentic). <u>Hearsay</u> - This exhibit is not hearsay because it is not asserted for the truth of the matter.  Instead, it shows MGA's ability to produce requested information.  <u>Fed. R. Evid.</u> 801(c); <u>see e.g.</u> <u>Ortiz</u>, 2007 WL 404899, at *3, n. 8  (letter to Plaintiff's counsel was not hearsay because the letter showed knowledge by Plaintiff of the facts asserted in the letter). Furthermore, the letter is not | |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | hearsay because it is a statement by a party opponent.  Fed. R. Evid. 801(d)(2)(C) (a statement is not hearsay if "[t]he statement is offered against a party and is a statement by a person authorized by the party to make a statement concerning the subject."); Ortiz, 2007 WL 404899, at *3, n.8 (letter from Plaintiff's counsel not hearsay under Fed. R. Evid. 801(d)(2)).  To the extent that MGA is objecting that Mr. Watson's statement authenticating this exhibit is hearsay, that objection is also without merit.  As discussed above, Mr. Watson is a partner at the Quinn Emanuel firm and has personal knowledge of the authenticity of this exhibit. | |
| 9.   ¶36, pg. 5, lines 24-26: | The exhibit is irrelevant (FRE | Relevance - This exhibit shows that in the context of | Sustained____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| "Attached hereto as Exhibit 34 is a true and correct copy of the prior Discovery Master's Order Granting Mattel's Motion to Compel MGA to Answer Requests for Admission, dated August 20, 2008." | 401 and 402) | requests for admission, the prior Discovery Master overruled the objection that the RFAs requested the application of law to fact. This exhibit is relevant to Mattel's argument that Mattel is entitled to take discovery regarding the application of law to fact in the context of interrogatory responses. | Overruled____ |
| 10.  ¶37, pg. 6, lines 1-3: "Attached hereto as Exhibit 35 is a true and correct copy of relevant excerpts of MGA's First Set of | The exhibit is irrelevant (FRE 401 and 402) | <u>Relevance</u> - This exhibit is relevant to show that MGA has served interrogatories on Mattel comparable to those Mattel served on MGA.  This exhibit is relevant to support the conclusion that MGA does not view such interrogatories as being | Sustained____ Overruled____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| Interrogatories to Mattel, Inc., dated February 4, 2005." | | unduly burdensome. | |
| 11.  ¶38, pg. 6, lines 4-6: "Attached hereto as Exhibit 36 is a true and correct copy of relevant excerpts of Supplemental Responses to MGA's First Set of Interrogatories to Mattel, Inc., dated December 7, 2007." | The exhibit is irrelevant (FRE 401 and 402) | <u>Relevance</u> - This exhibit is relevant to show that Mattel answered interrogatories from MGA comparable to those Mattel served on MGA.  This exhibit is relevant to support the conclusion that such interrogatories are not unduly burdensome. | Sustained____ Overruled____ |
| 12.  ¶39, pg. 6, lines 7-9: "Attached hereto as | The exhibit is irrelevant (FRE 401 and 402) | <u>Relevance</u> - This exhibit is relevant to show that the prior Discovery Master required MGA to support its | Sustained____ Overruled____ |

| | MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|---|
| | Exhibit 37 is a true and correct copy of the prior Discovery Master's Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007." | | objections that interrogatories are unduly burdensome with supporting declarations and citations to legal authority or they would be overruled. | |
| | 13.  ¶41, pg. 6, lines 12-14: "Attached hereto as Exhibit 39 is a true and correct copy of the prior Discovery Master's Order Granting Mattel's Motion to Compel | The exhibit is irrelevant (FRE 401 and 402) | <u>Relevance</u> - This exhibit is relevant to show that the prior Discovery Master held that MGA conduct that is the subject of Mattel's claims is also relevant to Mattel's defenses against MGA's claims. | Sustained____ Overruled____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| Production of Documents, dated January 25, 2007." | | | |
| 14. ¶42, pg. 6, lines 15-17: "Attached hereto as Exhibit 40 is a true and correct copy of excerpts from the transcript from an episode of "Nightline," which first aired on December 22, 2006." | The exhibit is irrelevant (FRE 401 and 402) The exhibit has not been properly authenticated (FRE 901) Hearsay (FRE 801 and 802) | <u>Relevance</u> - This exhibit is relevant factual background to establish the value of the claims at issue. <u>Authentication</u> - This document can be authenticated based on its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances" (FRE 901(b)(4)), in this case, the Westlaw and NewsRoom insignia, the document's contents and the fact that it was printed by Quinn Emanuel personnel from the Westlaw database of newspaper, journal, and news | Sustained____ Overruled____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | wire articles.  See U.S. ex rel. Parikh v. Premera Blue Cross, 2006 WL 2841998, at *6, (W.D. Wash. September 29, 2006) (holding that the Court could authenticate a case that appeared to be printed from Westlaw). Furthermore, this exhibit is self-authenticating under FRE 902(6).  See In re Unumprovident Corp. Securities Litigation, 396 F.Supp.2d 858, 876 -877 (E.D. Tenn. 2005) (holding that press releases released on newswires were self-authenticating under FRE 902(6)); Nestle Co., Inc. v. Chester's Market, Inc., 571 F.Supp. 763, 776 (D.C. Conn. 1983) (holding that "media articles" were self-authenticating). Hearsay - This exhibit is not hearsay because it is a | |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | statement by a party opponent.  Fed. R. Evid. 801(d)(2)(C) (a statement is not hearsay if "[t]he statement is offered against a party and is a statement by a person authorized by the party to make a statement concerning the subject."); Ortiz, 2007 WL 404899, at *3, n.8 (letter from Plaintiff's counsel not hearsay under Fed. R. Evid. 801(d)(2)).  To the extent that MGA is objecting that Mr. Watson's statement authenticating this exhibit is hearsay, that objection is also without merit.  As discussed above, Mr. Watson is a partner at the Quinn Emanuel firm and has personal knowledge of the authenticity of this exhibit. | |
| 15.  ¶43, pg. 6, lines 18-19: "Attached | The exhibit is irrelevant (FRE | Relevance - This exhibit shows that Judge Larson held that factual information was | Sustained_____ Overruled_____ |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| hereto as Exhibit 41 is a true and correct copy of Judge Larson's Civil Minutes, dated July 2, 2007." | 401 and 402) | the proper subject of 30(b)(6) witness testimony even if it would also be the subject of expert witness testimony.  It is relevant to Mattel's argument that factual information may not be withheld during non-expert interrogatory discovery merely because the same information may be the subject of expert witness testimony. | |
| 16.  ¶44, pg. 6, lines 20-22: "Attached hereto as Exhibit 42 is a true and correct copy of a document bearing Bates number MGA 3896239, produced by MGA in this | The exhibit is irrelevant (FRE 401 and 402)<br><br>The exhibit has not been properly authenticated (FRE 901)<br><br>Hearsay (FRE 801 and 802) | <u>Relevance</u> - This exhibit is relevant to show that MGA has previously produced the type of information requested in Interrogatory 52 and therefore cannot claim that producing the information is unduly burdensome.<br><br><u>Authentication</u> - Mr. Watson has properly authenticated this exhibit as examples of documents produced by | Sustained____<br>Overruled____ |

-19-

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| action in the email attached as Exhibit 32." | | MGA in response to discovery requests in this action.  In re Homestore.com, Inc. Securities Litigation, 347 F. Supp. 2d 769, 781 (C.D. Cal. 2004) (document was authenticated because documents produced during the discovery process "are deemed authentic when offered by a party-opponent"); Federal Practice & Procedure: Evidence § 7105, at 39 ("Authentication can also be accomplished through judicial admissions such as . . . production of items in response to . . . . [a] discovery request.") (citations omitted). Hearsay - This exhibit is not hearsay because it is a statement by a party opponent.  Fed. R. Evid. 801(d)(2)(C) (a statement is not hearsay if "[t]he statement is offered against a party and | |

| MATTEL'S EVIDENCE | MGA'S OBJECTIONS | MATTEL'S RESPONSES | RULING |
|---|---|---|---|
| | | is a statement by a person authorized by the party to make a statement concerning the subject."); <u>Ortiz</u>, 2007 WL 404899, at *3, n.8 (letter from Plaintiff's counsel not hearsay under <u>Fed. R. Evid.</u>   To the extent that MGA is objecting that Mr. Watson's statement authenticating this exhibit is hearsay, that objection is also without merit.  As discussed above, Mr. Watson is a partner at the Quinn Emanuel firm and has personal knowledge of the authenticity of this exhibit. | |

DATED:  March 18, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Michael T. Zeller
   Michael T. Zeller
   Attorneys for Mattel, Inc.

RESPONSE TO MGA'S OBJECTIONS TO THE DECLARATION OF SCOTT WATSON