# Exhibit A

# LITI│NOMICS

## MICHAEL J. WAGNER
Managing Director

J.D., Loyola University School
of Law at Los Angeles

M.B.A., University of California
at Los Angeles

B.S. Engineering,
University of Santa Clara

Michael Wagner, a Managing Director with LitiNomics, has testified 110 times at trial. He has testified in federal courts in 17 different states and in state court in 10 different states. The most frequent subject matters of his expert testimony are the calculation of commercial damages or business value. He has also testified a number of times on the subject of alter ego. In addition, Mr. Wagner has testified 29 times in alternative dispute resolution forums.

### EXPERIENCE

| | |
|---|---|
| 2007-Present | *Managing Director*, LitiNomics |
| 2004–2007 | *Senior Advisor*, CRA International (successor to InteCap, Inc.) |
| 1999–2004 | *Managing Director*, InteCap, Inc. |
| 1999 | *Senior Vice President*, PHB Hagler Bailly, Inc. (successor to Putnam, Hayes & Bartlett, Inc.) |
| 1993–1999 | *Managing Director,*P utnam, Hayes & Bartlett, Inc. (successor to Dickenson, O'Brien & Associates) |
| 1985–1992 | *Partner*, Price Waterhouse |
| | *Senior Manager*, 1983–1985 |
| | *Manager*, 1979–1980 |
| | *Consultant*, 1976–1979 |
| 1981–1983 | *Principal*, Dickenson, O'Brien & Associates |
| | *Associate*, 1980–1981 |
| 1975–1976 | *Associate Cost Engineer*, Fluor Engineers & Constructors, Inc. |

## PROFESSIONAL AFFILIATIONS (CURRENT)

Member, American Institute of Certified Public Accountants

      Certified in Financial Forensics (2008 – current)

      CFF Credential Committee (2008 – current)

      AICPA Litigation Services Committee (1993–1995)

      AICPA Business Valuation Standards Task Force (1994–1995)

      AICPA and IBA combined Conference Steering Committee (1995)

      AICPA MAS Practice Standards and Administration Subcommittee (1988–1990)

      AICPA Auditing Standards Board Litigation Services Task Force (1989)

      AICPA 1990 through 1995 Litigation Services Conference Steering Committees

      Co-Editor, *CPA Expert* (1994–1996)

Certified Public Accountant, State of California

Member, California Society of Certified Public Accountants

      Litigation Services Committee (1985–1990), Chairman (1987–1989)

      Government Relations Committee (1989–1990)

      Contingent Fee Task Force (1988–1990)

Member, State Bar of California

## PROFESSIONAL AFFILIATIONS (PAST)

Member, American Bar Association

Member, State Bar of California (inactive status 1991–1995)

Member, Oregon Society of Certified Public Accountants

      Litigation Services Committee (1990–1994)

Certified Public Accountant, States of Hawaii (1980–1983), Washington (1990–1994), Oregon (1990–1994)

Member, Los Angeles County Bar Association

      Dispute Resolution Services, Sub-chair of Administration Committee (1987–1989)

NASD Board of Arbitrators

Hastings College of Advocacy, Faculty Expert

NITA, Faculty Member

Certified Management Consultant

American Arbitration Association's Panel of Arbitrators

EXHIBIT ___A___

PAGE ___10___

MICHAEL J. WAGNER
Page 3

Arbitration Services of Portland, Inc.

Academy of Experts

## PUBLICATIONS

"Response to One Man's Opinion, comments on 'A New Look at Expected Cash Flows and Present Value Discounts'," *CPA Expert,* spring 2004 (co-authored with Michael Crain and Bonnie Goldsmith)

"Differences between Economic Damages Analysis and Business Valuation," Chapter 13 in the *Handbook of Business Valuation and Intellectual Property Analysis,* McGraw-Hill, 2004 (co-authored with Michael Dunbar)

*Litigation Services Handbook* (4th Edition – 2007, 3rd Edition – 2001, 2nd Edition – 1995, 1st Edition – 1990), John Wiley & Sons, (co-edited with Peter B. Frank and Roman L. Weil).

### Chapters Co-Authored

4th Edition:

    Chapter 1 "The Role of the Financial Expert in Litigation Services"

    Chapter 8 "Ex Ante versus Ex Post Damages Calculations"

    Chapter 22 "Patent Infringement Damages"

    Chapter 29 "Alter Ego"

3rd Edition:

    Chapter 1 "The Role of the Financial Expert in Litigation Services"

    Chapter 5A "Ex Ante versus Ex Post Damages Calculations" (2003 Supplement)

    Chapter 24 "Patent Infringement Damages"

    Chapter 38 "Alter Ego"

2nd Edition:

    Chapter 1 "The Role of the CPA in Litigation Services"

    Chapter10 "Alter Ego"

    Chapter 34 "Patent Infringement Damages"

1st Edition:

    Chapter 1 "The Role of the CPA in Litigation Services"

    Chapter 17 "Patent Infringement Damages"

EXHIBIT _____ A _____

PAGE _____ 11 _____

MICHAEL J. WAGNER
Page 4

Chapter 31 "Securities Act Violations: Computation of Damages"

"Economic Damages: Use and Abuse of Business Valuation Concepts," Chapter 14 in *The Handbook of Advanced Business Valuation*, McGraw-Hill, 1999 (co-authored with John Phillips).

"Tax Effects of Discount Rates in Taxable Damage Awards," *CPA Expert*, winter 1999 (co-authored with Greg Hallman).

"Experience Enhances Objectivity of Damage Estimates," *CPA Expert*, winter 1997.

"Communicating in Litigation Services: Reports, A Nonauthoritative Guide," *AICPA Consulting Services Practice Aid No. 96-3*, 1996 (co-authored with Everett P. Harry III). Partially reprinted in *Recovery of Damages for Lost Profits*, Volume 2, (5th Edition) by Robert L. Dunn.

"Court Expands Lost Profits Damages From Patent Infringement," *CPA Expert*, summer 1996 (co-authored with Bruce L. McFarlane).

"The Implications of Changes in the Federal Rules of Civil Procedure for CPA-Expert Witnesses," *The CPA Management Consultant Newsletter* of the AICPA Management Consultant Division, spring 1994 (co-authored with Bruce L. McFarlane).

"The Revised Federal Rules of Civil Procedures That Apply to Expert Witnesses," *CPA Litigation Services Counselor*, Volume 1994, Issues 2 & 3. Harcourt Brace (February and March 1994).

"What Juries Look for in CPAs," *Journal of Accountancy* (November 1993).

"Litigation Services," *AICPA MAS Technical Consulting Practice Aid*, No. 7 1986 reprinted and updated as "Providing Litigation Services" *AICPA Consulting Services Practice AID 93-4* (co-authored with Peter B. Frank) (1993).

"Valuation of Intangible Assets," *Financial Valuation: Businesses and Business Interests*, Warren Gorham Lamont, 1993 Supplement (co-authored with Lee B. Shepard).

"Opportunities in Litigation Services," *Journal of Accountancy*, (June 1992) (co-authored with Bruce L. McFarlane).

"Economic Damages in Patent Infringement Cases," *Patent Litigation 1991*, Vol. II, Practicing Law Institute, Course Handbook Series No. 321 (co-authored with Peter B. Frank and Jeffrey H. Kinrich).

"Using CPAs In Your Law Practice," *Seattle-King County Bar Bulletin*, February 1991 (co-authored with Bruce L. McFarlane). Reprinted in *The Oregon Certified Public Accountant*, September 1991, as "The Role of the CPA in Commercial Litigation."

"The Accountant's Role in the Process of Damage Measurement," *The Practical Accountant* (July 1990).

"How do you Measure Damages?  Lost Income or Lost Cash Flow?" *Journal of Accountancy*
(February 1990).

"Expert Problems," *ABA Litigation Journal*, Volume 15, No. 2 (Winter 1989).

"How to Control Your Expert," *Association of Business Trial Lawyers Report*, Volume X, No. 2
(February 1988).

"Computing Lost Profits and Reasonable Royalties," *American Intellectual Property Law Association
Quarterly Journal*, Volume 15, No. 4 1987 (co-authored with Peter B. Frank).

"Breach of Duty by Directors, Officers and Principal Shareholders: Shareholder Derivative Actions,"
Chapter 63, *Commercial Damages*, Matthew Bender (1986).

"Computers Revolutionize Damage Claim Analysis," *The Recorder* (June 7, 1984).

"Analyzing Damage Claims—Discounted Cash Flow Method," *The National Law Journal*
(August 29, 1983).

"The Litigator's Ultimate Weapon," *Los Angeles Lawyer* (May/June 1983) (co-authored with Peter B.
Frank and Jeffrey H. Kinrich).

## Committee Publications

 "Communicating Understandings in Litigation Services: Engagement Letters," AICPA Consulting
Services Practice Aid 95-2 (1995).

Statement on Standards for Consulting Services No. 1, AICPA (October 1991).

## Selected Speeches

"Do's and Don'ts of Being and Expert Witness", 24th Annual Bankruptcy and Restructuring
Conference, Association of Insolvency and Restructuring Advisors, June 7, 2008, Las Vegas,
Nevada

"Enforcing the License Agreement, Royalty Audits, Collections, and Litigation" The Intellectual
Property Law Section of the State Bar of California, April 9, 2008, San Francisco, California

"Effective Presentations of Financial Information at Trial", 2007 Advanced Litigation Conference,
California Society of CPAs, May 3, 2007, Las Vegas, Nevada

"Discounting Damages to Present Value: Today's Hottest Issues," panelist, Business Valuation
Resources, July 20, 2005, Telephonic Conference

"Assessing and Proving Damages from Infringement," panelist, USC Law School 2004 Intellectual
Property Institute, May 25, 2004, Beverly Hills, California

EXHIBIT _____ *A* _____

PAGE _____ *13* _____

"Economic Damages," AICPA National Business Valuation Conference, November 17, 2003, Phoenix, Arizona

"Discovery of Expert Drafts and Notes, Panel Discussion," Advanced Workshop on Calculating & Proving Patent Damages, Law Seminars International, November 12, 2003, Seattle, Washington

"Calculating and Presenting Lost Profits: The Bread and Butter of Litigation Services" and "Mock Arbitration for Lost Profits", panelist on both presentations, AICPA National Conference on Advanced Litigation Services, October 1, 2003, Miami, Florida

"Discount Rates and Taxation Issues in Damages," 2003 Advanced Business Litigation Institute, California Society of CPAs, May 9, 2003, La Quinta, California

"Current Issues in Patent Damages," The Sedona Conference, November 10, 2000, Sedona, Arizona

"Tax Issues in Lost Profits Damage Calculations" and panelist for "Expert Shootout, or Shoot the Expert," 2000 AICPA National Advanced Litigation Services Conference, October 17, 2000, Beverly Hills, California

"IP Valuation: A Critical Component in Transactional and Litigation Strategy," Silicon Valley Intellectual Property Law Association, September 20, 2000, Palo Alto, California

"Damages, Damages, Damages: Business Damages In Commercial Litigation," 1999 AICPA National Advanced Litigation Services Conference, October 18, 1999, Atlanta, Georgia.

"Commercial Damages: A Case Study on Lost Profits," 1998 AICPA National Advanced Litigation Services Conference, October 14, 1998, Tempe, Arizona.

"Damages—What You Need to Know as Taught by the Experts," 1998 ABA Section of Litigation Annual Meeting, April 24, 1998, New York, New York.

"Expert Witnessing in a Fraud Case," 1997 AICPA National Conference on Fraud, December 8, 1997, San Antonio, Texas.

"Advanced Issues in Determining Discount and Growth Rates," 1997 AICPA National Advanced Litigation Services Conference, October 16, 1997, Las Vegas, Nevada (with Greg Hallman).

"Alter Ego" and "More Effective Testimony," EPA Third Annual Financial Analyst Workshop, May 7–8, 1997, Denver, Colorado.

"More Effective Testimony," 1996 AICPA National Advanced Litigation Services Conference, October 1, 1996, New Orleans, Louisiana.

"Expert Witness," The 1996 AICPA Practitioners' Symposium, June 10, 1996, Las Vegas, Nevada.

EXHIBIT _____ A
PAGE _____ 14

"Calculating Damages," 1996 Institute of Business Appraisers Conference on Appraising Closely Held Businesses, January 26, 1996, Orlando, Florida.

"Calculating Damages," 1995 Institute of Business Appraisers Conference on Appraising Closely Held Businesses, January 26, 1995, Las Vegas, Nevada.

"The Revised Federal Rules of Civil Procedure That Apply to Expert Witnesses," 1994 AICPA National Advanced Litigation Services. Conference, October 20, 1994, Phoenix, Arizona.

"Damages In Employment Litigation," Employment And Labor Law In Oregon, Lorman Education Services, April 29, 1994, Portland, Oregon.

"Damages, Time Value of Money" and panel participant on "Practical Problems of Federal Rule of Civil Procedure No. 26," 1994 Litigation Advanced Forum, California Society of CPAs, April 25, 1994, Monterey, California.

"Patent Infringement/Intellectual Property," 1993 Litigation Services Conference, California Society of CPA's, December 1, 1993, Los Angeles; December 2, 1993, San Francisco, California.

"Expert Witness Depositions," 1993 Oregon Society of CPA's Litigation Support Services Miniseries, November 17, 1993, Portland, Oregon.

"Panel: The Many Roads to Alternative Dispute Resolution" and "Basic Concepts in Litigation Services," Fifth Annual AICPA Conference on "The CPA's Role in Litigation Services," July 22–23, 1993, La Jolla, California.

"Professional Standards" and "Litigation Process/Role of Expert Witness" 1993 Litigation Services Conference, Washington Society of Certified Public Accountants, May 20, 1993, Bellevue, Washington.

"The Deposition of the Expert Witness," Fourth Annual AICPA Conference on "The CPA's Role in Litigation Services," July 17, 1992 Washington, DC; October 23, 1992, Las Vegas, Nevada.

"Litigation Services Standards," 1992 Litigation Services Conference, Washington Society of Certified Public Accountants, May 9, 1992, Silverdale, Washington.

"The Litigation Process Through Discovery," 1991 Litigation Services Conference, California Society of Certified Public Accountants, November 20, 1991, San Francisco; November 21, 1991, Los Angeles, California.

"Professional Standards and Work Papers," Oregon Society of CPAs, Litigation Support Services Conference, September 27, 1991, Portland, Oregon.

"Economic Analysis of Damages: Computing Lost Profits and Reasonable Royalties," IRR's Conference on Securing and Enforcing Intellectual Property Rights for Competitive Advantage, September 26, 1991, San Francisco, California.

EXHIBIT ____A____

PAGE ____15____

"How to be a Better Testifying Expert," the Third Annual AICPA Conference on "The CPA's Role in Litigation Services," July 11, 1991, Denver, Colorado; October 10, 1991, Atlanta, Georgia.

"Accounting Standards in Litigation Support—Current and Future," Colorado Society of CPAs 1990 Litigation Support Conference, December 3,1990, Denver, Colorado.

"Mini Trials—New Work for Experts" and "Issues in Forensic Accounting," National Forensic Center's 7th National Conference, December 8, 1990, Palm Springs, California.

"Deposition of the Expert," California Society of CPAs 1990 Litigation Services Conference, November 19, 1990—San Francisco; November 20, 1990, Los Angeles, California.

"Examining Damage Experts," PLI's Accountant's Liability: Trial Strategies Conference, August 10, 1990, San Francisco, California.

"Developing Damages: Mock Trial Demonstration, "AICPA's Conference on the CPA's Role in Litigation Services, July 13, 1990, Dallas, Texas; September 7, 1990, Washington, DC.

"Lost Profits, Business Interruptions" and "The Discovery Process," 1990 Litigation Consulting Conference, California Society of Certified Public Accountants, April 26, 1990, Los Angeles, California.

"Standards in Litigation Services Engagements" and "Expert Witness Strategy Tactics," Arizona Society of CPAs' Conference on the CPA as an Expert, September 25, 1989, Phoenix, Arizona.

"Damage Management," AICPA's Conference on the CPA's Role in Litigation Support Services, May 12, 1989, San Francisco; July 11, 1989, Boston; October 27, 1989, Chicago; December 8, 1989, Palm Beach, Florida.

"Litigation Services—Damage Studies," AICPA's 101st Annual Meeting, October 4, 1988, Los Angeles, California.

"Litigation Update," 1988 Marital Dissolution Conference, California Society of Certified Public Accountants, September 26, 1988, San Francisco; September 27, 1988, Los Angeles, California.

"The Mini-Trial Approach to Dispute Resolution," Los Angeles County Bar Association and the American Arbitration Association Conference on New Techniques in Dispute Resolution, February 4, 1988, Los Angeles, California.

"Damages Issues During Trial," Association of Business Trial Lawyers 14th Annual Seminar, October 17, 1987, Rancho Mirage, California.

"Litigation Services Committee Update," 1987 Marital Dissolution Conference, California Society of Certified Public Accountants, September 22, 1987, Los Angeles, California.

MICHAEL J. WAGNER
Page 9

"Using a CPA in Litigation," 1987 Annual Meeting of the Florida Bar, June 11, 1987, Orlando, Florida.

"Litigation Services," 12th Annual AICPA Small Business Management Advisory Services Conference, September 9–10, 1986, Dallas, Texas.

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 110. | Brea Imperial, Inc. v. Titan International, Inc. Case No. 05CC06828 (2008)*241 | Orange County Superior Court, California | Alter Ego | Law Offices of Michael Bononi | Alter ego analysis |
| 109. | epicRealm Licensing, L.P. v. Various, Inc. Civil Action 5:07-cv-135 (Consolidated) (2008)*246 | U.S. District Court, Eastern District of Texas | Patent Infringement | Baker Botts | Damages Analysis |
| 108. | Carter Bryant v. Mattel, Inc. Case NO. CV 07-9049 SGL (RNBx) Consolidated with Case No. 04-9059 and Case No. 05-2727 (2008)*240 | U.S. District Court, Central District of California | Copyright Infringement | Quinn Emanuel | Damages Analysis Business Valuation |
| 107. | Deep Nines, Inc. v. McAfee, Inc. Civil Action No. 9:06-cv174-RC (2008)*244 | U.S. District Court, Eastern District of Texas | Patent Infringement | Fish & Richardson | Damages Analysis |
| 106. | North American Title Company v. Liberty Title Company Case No. C 06-00187 (2008)*238 | Contra Costa County Court, California | Theft of Trade Secret | Weintraub Genshlea Chediak  Jackson Lewis  Seyfarth Shaw | Damages Analysis |
| 105. | Global Sign, LLC, et al v. Robert Merto, et al. Civil Action No. 05 CC 04088 (2008) | Orange County Superior Court, California | Unfair Competition | Bidna & Keys | Damages Analysis |
| 104. | Computer Acceleration Corporation v. Microsoft Corporation Case No. 9:06CV-140 (2007)*235 | U.S. District Court Eastern District of Texas Lufkin Division | Patent Infringement | McKool Smith | Damages Analysis |
| 103. | Cyberym Research LLC v. ICON Health & Fitness, Inc., Sears Roebuck & Co., Costco Wholesale Corp., The Sports Authority, Inc., & Dick's Sporting Goods, Inc. Case No. 2:05-cv-527-DF (2007)*230 | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 102. | Electromotive, Inc. v. Mercury Marine Case No. 1:06CV1139 (GBL/TRJ) (2007) | U.S. District Court, Eastern District of Virginia | Patent Infringement | Kaufman & Canoles | Damages Analysis |
| 101 | Broadcom Corporation v. Qualcomm Incorporated Case No. SACV05-467 JVS (RNBx) (2007) *224 | U.S. District Court Central District of California, Southern Division | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis & Irreparable Harm |

EXHIBIT ___A___

___18___

MICHAEL J. WAGNER
Page 11

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 100. | In re 3dfx Interactive, Inc. and William A. Brandt, Jr., Trustee v. nVidia Corporation and nVidia Investment Company Case No. 02-55795 RLE (2007) *213 | U.S. Bankruptcy Court Northern District of California San Jose Division | Fraudulent Transfer | Buchalter Nemer | Business Valuation |
| 99. | MAN Aktiengesellschaft, et al. v. Daimler-Chrysler AG, Freightliner LLC, et al. No. 0412-13050 (2006) | Multnomah Circuit Court, Oregon | Fraud | Ball Janik<br><br>Alston & Bird | Solvency analysis, Ordinary Course of Business, Reasonably Equivalent Value |
| 98. | In the Matter of the George L. Brichetto and Elizabeth M. Brichetto Living Trust Dated October 1, 1987, as Amended. Case No. 328789 (2006) | Stanislaus Superior Court, California | Breach of Fiduciary Duty | Damrell Nelson Schrimp Pallios Pacher & Silva | Trust Accounting and Damages Analysis |
| 97. | Christopher R. Harris v. San Jose Mercury News, Inc. Case No. C-04-05262 (CRB) (2006) *217 | U.S. District Court Northern District of California | Copyright Infringement | DLA Piper Rudnick Gray Cary; Sheppard Mullin | Damages Analysis |
| 96. | L.G. Philips LCD Co. Ltd. V. Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation. Civil Action No. 05-292 (JJF) (2006) *218 | U.S. District Court District of Delaware | Patent Infringement | Howrey LLP | Damages Analysis |
| 95. | PostX Corporation v. Secure Data In Motion, Inc., d/b/a Sigaba Case Nos. C02-04483 SI and C03-0521 SI (2006) *210 | U.S. District Court Northern District of California, San Francisco Division | Unfair Competition | Pillsbury Winthrop Shaw Pittman | Damages Analysis |
| 94. | Stephen M. Waltrip, et al. v. Kevin B. Kimberlin, et al. Case No. 01A504979 (2005) *211 | Sacramento Superior Court, California | Fraud and Breach of Fiduciary Relationship | Sedgewick Detert Moran & Arnold | Damages Analysis Alter Ego Analysis |
| 93. | Coleman (Parent) Holding v. Morgan Stanley Co., Inc. Case No. 2003 CA 005045 AI (2005) *206 | Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida | Breach of Fiduciary Duty | Jenner & Block | Punitive Damages |
| 92. | Tarik Omari, et al. v. Kindred Healthcare Operating, Inc. et al. Case No. BC280010 (2005) | Los Angeles Superior Court, California | Fraud | Law Offices of Victor L. George | Punitive Damages |

EXHIBIT ___A___
PAGE ___19___

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 91. | Coelho, et al. v. Coelho, et al. Case Nos. 591120-1, 595828-5, 588695-7, and 0537454-1 (2003) (2005) (2006) *176 | Fresno Superior Court, California | Breach of Fiduciary Duties | Darnell Nelson Schrimp Pallios Pacher & Silva Lange Richert & Patch Parish & Nelson | Damages Analysis |
| 90. | Billy Blanks, et al. v. Seyfarth Shaw LLP Case No. BC 306355 (2005) *205 | Los Angeles Superior Court, California | Legal Malpractice | Law Offices of James Rosen | Damages Analysis & Punitive Damages |
| 89. | Kalitta Air, LLC, as assignee of American International Airlines, Inc. v. Central Texas Airborne Systems, Inc. Case No. 95-2494CW & 97-0378CW (2005)) *191 | U.S. District Court Northern District of California | Breach of Contract | Sedgewick, Detert, Moran & Arnold | Damages Analysis |
| 88. | The Coleman Company, Inc. v. Fleetwood Enterprises, Inc. & Fleetwood Folding Trailers, Inc. Civil Action No. 03 CV 2029 (2004) *203 | Eighteenth Judicial Court, Sedgewick County, Kansas | Trademark Infringement & Interference with Contract | Foulston Siefkin LLP | Damages Analysis |
| 87. | St. Clair Intellectual Property Licensing, Inc. v. Fuji Photo Film Co. Ltd, Fuji Photo File USA, Inc., and Fujifilm America, Inc. Case No. 03-241-JJF (2004) *199 | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 86. | St. Clair Intellectual Property Licensing, Inc. v. Canon Inc. and Canon USA, Inc. Case No. 03-241-JJF (2004) *198 | U.S. District Court, District of Delaware | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 85. | Immersion Corporation v. Sony Computer Entertainment America, Inc., Sony Computer Entertainment, Inc. and Microsoft Corporation No. C 02-0710 CW (WDB) (2004) *189 | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 84. | Patrick Martin, Inc. and Patrick Walsh v. Ralph Clumeck & Associates, et al. Case No. 03CC06858 (2004) *196 | Orange County Superior Court, California | Breach of Fiduciary Duty. | Nordman Cormany Hair & Compton | Damages Analysis |
| 83. | Protocol Services, Inc. v. Evolve Tele-Services, et al. Case No. 5.03 CV 0174 (2004) | U.S. District Court Western District of Michigan Southern Division | Theft of Trade Secret | Jenner & Block | Damages Analysis |

EXHIBIT ___A___

PAGE ___20___

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 82. | Jerome Dahan and Michael Glasser v. L'Koral and Peter Koral Case No. BC 286577 (2004) *193 | Los Angeles County Superior Court, California | Fraud and Breach of Fiduciary Duty | Browne & Woods Law Offices of Gary Freedman | Business Valuation |
| 81. | Engineered Products Co. v. Donaldson Company, Inc. Civ. No. 98-2106 MJM (2004) *132 | U.S. District Court, Northern District of Iowa | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 80. | Mallinckrodt, Inc., et al. v. Masimo Corporation Case No. CV 00-6506 MRP (2004) | U.S. District Court Central District of California | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 79. | Meridian Enterprises Corporation v. Carlson Marketing Group, Inc. Case No. 4:01CV1955CDP (2004) *185 | U.S. District Court Eastern District of Missouri, Eastern Division | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 78. | Glaxo Group Ltd. and Glaxo Wellcome, Inc. V. Ranbaxy Pharmaceuticals Inc. Civil Action No. 00-5172 MLC (2003) *179 | U.S. District Court District of New Jersey | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 77. | Lyrick Studios, Inc. v. Big Idea Productions, Inc. Civil Action 3-02 CV-0034 M (2003) *173 | U.S. District Court Northern District of Texas, Dallas Division | Breach of Contract | Baker Botts L.L.P. O'Melveny & Myers | Damages Analysis |
| 76. | LASVN#2, et al. v. Van Ness and Sperry, et al., Case No. BC 206251 (2003) *163 | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Krane & Smith | Damages Analysis & Punitive Damages |
| 75. | Carver et al. v. Audio Products International Corp. Case No. CV00-1477L (2003) *164 | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 74. | Lowe's Home Centers, Inc. v. General Electric Company Case No. 4:98-CV 0028 (2002) *135 | U.S. District Court, Northern District of Georgia Rome Division | Environmental Contamination | Williams & Connolly | Damages Analysis |
| 73. | City of Hope National Medical Center v. Genentech, Inc. Case No. BC 215152 (2001) & (2002) *154 | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis & Punitive Damages |
| 72. | Perry v. Mellon Financial Corporation Case No. 997170 (2001) *157 | San Francisco Superior Court | Breach of Contract | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 71. | True North Composites LLC v. Trinity Industries Case No. 99-783 (2001) | U.S. District Court District of Delaware | Breach of Contract | Baker Botts L.L.P. | Damages Analysis |

MICHAEL J. WAGNER
Page 14

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 70. | MET-Rx Foundation for Health Enhancement, et al. v. MET-RX USA, INC., et al. Case No. 771551 (2000) *126 | Orange County Superior Court, California | Breach of Contract | Feldhake, August & Roquemore | Damages Analysis |
| 69. | Telecontrol Systems, Inc. v. Westec Security, Inc. Case No. BC 188264 (2000) *125 | Los Angeles Superior Court, California | Theft of Trade Secret | Howarth & Smith | Damages Analysis |
| 68. | Hameetman v. Schumann, et al., Case No. SC 049754 (2000) *124 | Los Angeles Superior Court, California | Breach of Contract | Hennigan, Bennett & Dorman | Damages Analysis |
| 67. | Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc. Case Nos. 95-03577 DLJ & 96-00942(DLJ) (1999) *121 | U.S. District Court Northern District of California, Oakland Division | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 66. | Trovan, Ltd. et al. v. Pfizer, Inc. Case No. 98-0094 (1999) *120 | U.S. District Court, Central District of California | Lanham Act | Levin & Hawes | Damages Analysis |
| 65. | Precor Incorporated v. Life Fitness Civil No. C94-1586C (1999) *117 | U.S. District Court Western District of Washington | Patent Infringement, Unfair Competition | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 64. | Surgin Surgical Instrumentation, Inc. v. Truck Insurance Exchange Case No. 66 2216 (1999) *114 | Orange County Superior Court, California | Breach of Contract | Stradling Yocca Carlson & Rauth | Damages Analysis |
| 63. | Airgas, Inc. v. Praxair, Inc. Case No. 115 (1999) | Common Pleas, First Judicial District of Pennsylvania | Breach of Contract | Cozen & O'Connor | Damages Analysis |
| 62. | Chesterfield Investments, et al. v. Stone Container Corporation Case No. BC 188858 (1999) *113 | Los Angeles Superior Court, California | Breach of Contract | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 61. | Lexecon, Inc. v. Milberg, Weiss, et al No. 92C7768 (1999) | U.S. District Court, Northern District of Illinois | Abuse of Process | Jenner & Block | Damages Analysis |
| 60. | Saremi, et al. v. Atara, et al. Case No. 387467 (1999) *111 | San Mateo Superior Court, California | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 59. | 9850 Meadowglen Properties v. A.G. Spanos Enterprises, Inc. Case No. BC 084216 (1998) and (1997) | Los Angeles Superior Court, California | Breach of Contract | Freeman & Brown | Damages analysis |

EXHIBIT ___A___

PAGE ___22___

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 58. | Evanite Fiber Corp. v. Lauschaer Glaswerk GmbH, et al. Civil No.2: 96-3525-18 (1998) *106 | U.S. District Court, District of South Carolina, Charleston Division | Theft of Trade Secret | Farleigh, Wada & Witt | Damages Analysis |
| 57. | Ayre, et al. V. Attwood Corp., et al. Case No. 96-5087-NP (1998) *103 | Circuit Court, County of Kent, Michigan | Wrongful Death | Kell & Lynch; Chakos, Jungerheld, Hahn & Washburn | Damages Analysis |
| 56. | AMETRON v. Entin, et al. Case No. BC160521 (1998) *101 | Los Angeles Superior Court, California | Usurpation of Corporate Opportunity | Mahoney, Coppenrath, Jaffe & Pearson | Damages Analysis |
| 55. | Koutney v. Exxon Corporation Case No. CV 748293 (1997) | Santa Clara Superior Court, California | Unfair Competition | McClintock, Weston, Benshoof, Rochefort, Rubalvaca & MacCuish | Damages Analysis |
| 54. | Galaxy Networks, Inc. v. Kenan Systems Corp. Civil Action No. CV-95-5568 DDP (1997) *95 | U.S. District Court, Central District of California | Unjust Enrichment, Quantum Meruit | Irell & Manella | Damages Analysis |
| 53. | Potlatch Corporation v. Beloit Corporation Case No. CV 95-01992 (1997) *92 | 2nd Judicial District State of Idaho | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 52. | The Samuel Goldwyn Co. v. MCEG Virgin Vision, Ltd. Case No. BC 016305 (1997) *91 | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 51. | Competitive Technology, Inc. v. AST Research, Inc. Case No. 74 82 37 (1996) *79 | Orange County Superior Court, California | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 50. | Medical Billing, Inc. v. Medical Management Services No.1:94-CV-1567 (1996) *77 | U.S. District Court Northern District of Ohio, Eastern Division | Breach of Contract | Donovan, Leisure, Newton & Irvine | Damages Analysis |
| 49. | Cook v. Carousel Mall Case No. SCV 07595 (1996) | San Bernardino Superior Court, California | Breach of Fiduciary Duty | Howarth & Smith | Damages Analysis |
| 48. | Forti v. General Dynamics No. KC 016871/017393 (1996) *73 | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith | Business Valuation |

EXHIBIT _____ A _____

PAGE _____ 23 _____

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 47. | Wilcox & Devine v. Wilkes-Barre General Hospital Case No. 5418-C-1990 (1996) | Court of Common Pleas, Lucerne County, Pennsylvania | Breach of Contract | Nash & Company | Damages Analysis |
| 46. | TLB, Inc. v. Platinum Software Civil No. 95WV621 (1996) *72 | U.S. District Court of Colorado | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 45. | In re: AST Research Securities Litigation CV-94-1370 SVW (1995) 66 | U.S. District Court, Central District of California | Class Action Securities Case | Prongay & Mikalajcyk; Greenfield & Rifkin | Damages Analysis |
| 44. | TRW, Inc. v. Talley Industries CIV 94-0350-PHX-PGR (1995) *64 | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvin; Cohen & Cotton | Damages Analysis |
| 43. | Supra Corporation v. D.L. Horton Enterprises, Inc. BC 093085 (1995) *61 | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 42. | Portland 76 v. UNOCAL, et al. Case No. 92-1635 (1995) | U.S. District Court District of Oregon | Breach of Contract | Ball, Janik & Novack | Damages Analysis |
| 41. | Mortoff v. Scotti Bros. Entertainment No. BC 022503 (1995) | Los Angeles Superior Court, California | Breach of Contract | Law Offices of James P. Tierney | Damages Analysis |
| 40. | Mahne v. Crown Roll Leaf No. BC069435 (1994) *59 | Los Angeles Superior Court, California | Breach of Contract | Quinn, Emanuel, Urquhart & Oliver | Damages Analysis |
| 39. | Castro v. Paine Webber, Inc. No. 1:94CV65 and No. 1:94CV256 (1994) | U.S. District Court, Eastern Division of Texas | Class Action Securities Case | Provost & Umphrey | Fairness of Settlement |
| 38. | Virgin Vision Ltd. v. The Samuel Goldwyn Co. No. BC-013701 (1994) *58 | Los Angeles Superior Court, California | Intellectual Property | Law Offices of James P. Tierney | Damages Analysis |
| 37. | Chaintool Company v. Workman, Nydegger & Jensen Civil No. 90090322‌6CV (1994) *55 | Third Judicial Court, Salt Lake City, Utah | Patent Attorney Malpractice | Wilkins, Oritt & Headman | Damages Analysis |
| 36. | In re: Information Resources, Inc. Civil No. 89C 3712 (1994) *53 | U.S. District Court, Northern District of Illinois | Class Action Securities Case | Freeborn & Peters; Katten, Muchin & Zavis | Budgeting |

EXHIBIT    A
PAGE    24

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 35. | Lawrence v. Equipment Denis (1993) | Circuit Court, Multnomah County, Oregon | Products Liability | Fairleigh, Wada & Witt | Damages Analysis |
| 34. | Georgia Pacific v. Corrugated Partitions, Inc. (1993) | Orange County Superior Court, California | Breach of Contract | Howarth & Smith | Alter Ego Analysis |
| 33. | Grice Industries v. Ingman (1993) | Circuit Court, Lane County, Oregon | Patent Attorney Malpractice | Williams & Troutwine | Damages Analysis |
| 32. | Boly v. Boly (1992) | Circuit Court, Multnomah County, Oregon | Marital Dissolution | Gevurtz, Menashe, Hergert, Larson & Kurshner | Business Valuation |
| 31. | Rexdahl v. Owens Illinois (1992) | Los Angeles Superior Court, California | Products Liability | Howarth & Smith | Punitive Damages |
| 30. | E.J. Bartells Co. v. A.P. Green Industries (1992) *42 | King County Superior Court, Washington | Securities Laws Violations | Thompson & Mitchell | Damages Analysis |
| 29. | Glock v. Owens Illinois (1991) | Philadelphia County Court, Pennsylvania | Products Liability | Howarth & Smith | Punitive Damages |
| 28. | Ixsys v. Stratagene (1991) *38 | San Diego Superior Court, California | Intellectual Property | Pillsbury, Madison & Sutro | Damages Analysis |
| 27. | WSI v. Port of Portland (1991) | Circuit Court, Multnomah County, Oregon | Breach of Contract | Bogle & Gates | Damages Analysis |
| 26. | Toppe v. Saint Joseph Medical Center (1991) | Los Angeles, Superior Court, California | Medical Malpractice | Gibson, Dunn & Crutcher | Damages Analysis |
| 25. | Keike v. Owens Illinois (1991) | Circuit Court, Hawaii | Asbestos | Greeley, Walker & Kowen | Punitive Damages |
| 24. | Gresham v. Warren Tool (1991) | Circuit Court, Multnomah County, Oregon | Product Liability | Fairleigh, Wada & Witt | Damages Analysis |
| 23. | Ingram v. Owens Illinois (1990) *36 | U.S. District Court, Oregon | Asbestos | Morgenstein & Jubelirer | Punitive Damages |
| 22. | First Interstate Bank of Washington v. AFC (1990) *33 | King County Superior Court, Washington | Lender Liability | Davis, Wright & Tremaine | Damages Analysis |
| 21. | Woodbridge Plaza v. Bank of Irvine (FDIC) (1990) *30 | Orange County Superior Court, California | Breach of Contract | Bidna & Keys | Real Estate Valuation |

EXHIBIT ___A___

PAGE ___25___

MICHAEL J. WAGNER
Page 18

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 20. | Hammersmith v. Taco Bell Corp. (1990) *27 | U.S. District Court, Oregon | Fraud | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 19. | Pioneer Hi-Bred v. Holden Foundation Seeds (1989) *26 | U.S. District Court, Iowa | Theft of Trade Secret | Grefe & Sidney | Damages Analysis |
| 18. | In re: Desert High Foods, Inc. (1989) | U.S. Bankruptcy Court, Eastern District of California | Bankruptcy | Gendel, Raskoff, Shapiro & Quittner | Business Valuation |
| 17. | ASD Ltd. v. Carolina Lanes, Inc. (1989) | Los Angeles Superior Court, California | Unlawful Detainer | Law Offices of Frank Whitehead | Revenue Analysis |
| 16. | Hideaway Productions v. Ampex Corp. (1989) *25 | Los Angeles Superior Court, California | Breach of Implied Warranties, Fraud | Rosenfeld, Meyer & Susman | Damages Analysis |
| 15. | Bernstein v. Delta Airlines (1989) *23 | U.S. District Court, Southern District of Florida | Wrongful Death | Steven Walker; Jenner & Block | Damages Analysis |
| 14. | Lippman v. Levy (1989) *22 | Los Angeles Superior Court, California | Breach of Contract, Fraud | Browne & Woods | Business Valuation |
| 13. | Kay Co. v. HCC Industries (1989) *20 | U.S. District Court, Southern District of Texas | Product Liability | Mayer, Day & Caldwell | Alter Ego Analysis |
| 12. | Challenge/Cook Brothers v. LCB Holdings (1989) | Federal District Court, Central District of California | Breach of Contract | Loeb & Loeb | Business Valuation |
| 11. | Gursey v. Landon (1988) | Los Angeles Superior Court, California | Accounting Malpractice | Haight, Brown & Bonesteel | Professional Standards |
| 10. | Redacted (1988) *17 | Los Angeles Superior Court | Professional Negligence | Riordan & Mckenzie | Professional Negligence & Damages Analysis |
| 9. | George W. Gaulding, Jr. v. River Downs Investments Co. (1988) | U.S. Bankruptcy Court, Central District of California | Bankruptcy, Breach of Fiduciary Duty | Lobel, Winthrop & Broker | Investigatory Accounting |
| 8. | Egilsson v. Polarknit (1987) | Federal District Court, Central District of California | Antitrust | Shea & Gould | Damages Analysis |
| 7. | Newman v. Stutman, Treister & Glatt (1986) | Los Angeles Superior Court, California | Legal Malpractice | Irell & Manella | Damages Analysis |



MICHAEL J. WAGNER
Page 19

EXPERT TESTIMONY—COURT (*Indicates number in deposition section if deposition testimony was given)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 6. | Stewart v. Stewart (1986) | Orange County Superior Court, California | Fraud to Set Aside Marital Dissolution Property Settlement | Hunt, Colaw & Roe, Inc. | Business Valuation |
| 5. | Prowizor v. City of Los Angeles (1986) | Los Angeles City Administrative Hearing, California | Wrongful Termination | Lowe & Marr | Damages Analysis |
| 4. | Asphalt Specialties, Inc. v. State of California (1986) | Riverside Superior Court, California | Breach of Contract | Legal Staff of California Department of Transportation | Damages Analysis |
| 3. | Cadillac Fairview/California, Inc. v. Atlantic Mutual Insurance Co. (1985) | Federal District Court, Northern District of California | Breach of Insurance Contract | Irell & Manella | Analysis of Reasonableness of Attorney Fees |
| 2. | Decorative Carpets v. Barkhordarian (1983 and 1988) *3 | San Francisco Superior Court, California | Constructive Eviction | Pillsbury, Madison & Sutro | Damages Analysis |
| 1. | Bernstein v. L.A. New Hospital (1983) | Los Angeles Superior Court, California | Breach of Contract | Gold, Herscher, Marks & Pepper | Damages Analysis |

EXHIBIT _A_
PAGE _27_

# EXPERT TESTIMONY—DEPOSITION (***If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 255. | Medtronic, Inc., et al. v. AGA Medical Corporation Case No. C 07 00567 MMC (2009)** | U.S. District Court, Northern District of California, San Francisco Division | Patent Intringement | Alston Bird | Damages Analysis |
| 254. | i4i, LP and i4i, Inc. v. Microsoft Corporation Civil Action No. 6:07-CV-113-LED (2009)** | U.S. District Court, Eastern District of Texas, Tyler Division | Patent Infringement | McKool Smith | Damages Analysis |
| 253. | Finmeccanica S.p.A. and Ansaldo Ricerche S.p.A. v. General Motors Case No. 07-08222 SJO (PJWx) and No. 07-07537 SJO (PJWx) (2009)** | U.S. District Court, Central District of California, Western Division | Trade Secret | Kirkland & Ellis | Damages Analysis |
| 252. | Ahcom, Ltd. V. Hendrick Smedling and Lettie Smedling Case No. 3:07 CV 1139 SC (2008) | U.S. District Court, Northern District of California, San Francisco Division | Alter ego | Parish & Small | Alter ego |
| 251. | Grocery Outlet, Inc. v. American Stores Company, LLC, New Albertson's, Inc., Albertson's LLC, and Save Mart Supermarkets, Civil Action No. C06-2173 JSW (2008)** | U.S. District Court, Northern District of California, San Francisco Division | Trademark Infringement | Craigie, McCarthy & Clow Pirkey Barber LLP | Damages Analysis |
| 250. | Convolve, Inc. and Massachusetts Institute of Technology v. Compaq Computer Corp. and Seagate Technology LLC Case No. 00 Civ. 5141 GBD (2008)** | U.S. District Court, Southern District of New York | Patent Infringement | Cadwalader, Wickersham and Taft | Damages Analysis |
| 249. | Intel Corporation and Dell, Inc. v. Commonwealth Scientific and Industrial Research Organisation Civil Action No. 6:06CV550 (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |
| 248. | Ainsworth Engineered (USA) LLC et al v. Advanced Manufacturing Corporation et al Case No. 1:07 CV 00909 CAB (2008)** | U.S. District Court, Northern District of Ohio | Product Liability | Dorsey & Whitney | Damages Analysis |
| 247. | Vanguard Products Group v. Merchandising Technologies, Inc. Case No. 07-1405-BR (2009)** | U.S. District Court, District of Oregon | Patent Infringement | Stoll Berne | Damages Analysis |

EXHIBIT ____A____

PAGE ____28____

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 246. | epicRealm Licensing, L.P. v. Various, Inc. and Herbalife International, Inc. Civil Action 5:07-cv-135 (Consolidated) (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Baker Botts | Damages Analysis |
| 245. | Oracle Corporation v. epicRealm Licensing, L.P. Civil Action No. 06-cv-414 SLR (2008)** | U.S. District Court, District of Delaware | Patent Infringement | Jenner & Block | Damages Analysis |
| 244. | Deep Nines, Inc. v. McAfee, Inc. Civil Action No. 9:06-cv174-RC (2008)** | U.S. District Court, Eastern District of Texas | Patent Infringement | Fish & Richardson | Damages Analysis |
| 243. | Brent Williams As Plan Trustee for Touch America Holdings, Inc. v. Robert P. Gannon, et al. Cause No. DV-2-201 (2008)** | Montana Second Judicial District Court, Silver Bow County | Breach of Fiduciary Duty | Winston & Strawn | Damages Analysis |
| 242. | Abbott Laboratories, Abbott Laboratories, Inc. and Abbott Pharmaceuticals PR Ltd. V. Sandoz, Inc. Civil Action No. 05 C 5373 (2008)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Munger Tolles & Olson | Damages Analysis |
| 241. | Brea Imperial, Inc. v. Titan International, Inc. Case No. 05CC06828 (2008) | Orange County Superior Court, California | Alter Ego | Law Offices of Michael Bononi | Alter ego analysis |
| 240. | Carter Bryant v. Mattel, Inc. Case NO. CV 07-9049 SGL (RNBx) Consolidated with Case No. 04-9059 and Case No. 05-2727 (2008)** | U.S. District Court, Central District of California | Copyright Infringement | Quinn Emanuel | Damages Analysis |
| 239. | Comcast Cable Communication Corporation, LLC v. Finisar Corporation Case No. C-06-04206-WHA (2008)** | U.S. District Court, Northern District of California, San Francisco Division | Patent Infringement | Morgan & Finnegan | Damages Analysis |
| 238. | North American Title Company v. Liberty Title Company Case No. C 06-00187 (2008)** | Contra Costa County Court, California | Theft of Trade Secret | Weintraub Genshlea Chediak Jackson Lewis Seyfarth Shaw | Damages Analysis |
| 237. | Eastman Kodak Company v. St. Clair Intellectual Property Licensing, Inc., et al. Case No. 1-05-CV-039164 (2008)** | Santa Clara County Court, California | Slander of Title | Robins Kaplan Miller & Ciresi | Damages Analysis |

EXHIBIT ___A___
PAGE ___29___

MICHAEL J. WAGNER
Page 22

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 236. | Diana Gabriel, et al. v. Verizon Communications Inc., et al. Case No. 04 CC 00591 (2007) | Orange County Superior Court, California | Breach of Contract | Paul Hastings Janofsky & Walker | Damages Analysis |
| 235. | Computer Acceleration Corporation v. Microsoft Corporation Case No. 9:06CV-140 (2007)** | U.S. District Court Eastern District of Texas Lufkin Division | Patent Infringement | McKool Smith | Damages Analysis |
| 234. | Hewlett-Packard Company v. Factory Mutual Insurance Company Case No. 04-CV-02791 (2007)** | U.S. District Court Southern District of New York | Business Interruption | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 233. | Veritas Operating Corporation v. Microsoft Corporation Case No. 2:06-cv-00703-JCC (2007)** | U.S. District Court Western District of Washington at Seattle | Patent Infringement | Latham & Watkins | Damages Analysis |
| 232. | Polycom, Inc. and Polycom Israel, Ltd. V. Codian Ltd. And Codian, Inc. Case No. 2-05CV-520 DF (2007)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 231. | ISP.NET LLC d/b/a IQuest Internet v. Qwest Communications International, Inc. Case No. IP01-0480 C B/S (2007)** | U.S. District Court Southern District of Indiana Indianapolis Division | Trademark Infringement | Reed Smith Sachnoff & Weaver | Damages Analysis |
| 230. | Cybergym Research LLC v. ICON Health & Fitness, Inc., Sears Roebuck & Co., Costco Wholesale Corp., The Sports Authority, Inc., & Dick's Sporting Goods, Inc. Case No. 2:05-cv-527-DF (2007)** | U.S. District Court Eastern District of Texas Marshall Division | Patent Infringement | Russo & Hale | Damages Analysis |
| 229. | Timeline, Inc. v. Prodarity Corporation and Microsoft Corporation Case No. CV05-1013JLR (2007)** | U.S. District Court Western District of Washington at Seattle | Patent Infringement | Susman Godfrey L.L.P. | Damages Analysis |
| 228. | David Gill, Post Confirmation Trustee for the Estate of Lyon & Lyon v. Orrick, Herrington & Sutcliffe, LLP, et al. Case No. LA-03-10365-VZ (2007)** | U.S. Bankruptcy Court Central District of California Los Angeles Division | Breach of Fiduciary Duty | Howard Rice Nemerovski, Canady, Falk & Rabkin | Damages Analysis |

EXHIBIT   A
PAGE   30

MICHAEL J. WAGNER
Page 23

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 227. | Cardiac Pacemakers, Inc., Guidant Sales Corporation, Mirowski Family Ventures, LLC, and Anna Mirowski v. St. Jude Medical, Inc. and Pacesetter, Inc. Civil No. 1:96-CV-1718-DFH/TAB (2007)** | U.S. District Court, Southern District of Indiana, Indianapolis Division | Patent Infringement | Finnigan Henderson Farabow Barrett & Dunner LLP | Damages Analysis |
| 226. | Creative Concepts Software, Inc. and ITEK Services, Inc. v. MobileTech Solutions, Inc. Case No. SA CV 05-00670 DOC (MLGx) (2007)** | U.S. District Court Central District of California, Southern Division | Breach of contract | The Feldhake Law Firm | Damages Analysis |
| 225. | Semiconductor Energy Laboratory Co., Ltd. v. Chi MEI Optoelectronics Corp., International Display Technology Co., Ltd., International Display Technology USA, Inc., Westinghouse Digital Electronics, LLC and CTX Technology Corp. C04-4675 RS (2007)** | U.S. District Court Northern District of California | Patent Infringement | Jenner & Block | Damages Analysis |
| 224. | Broadcom Corporation v. Qualcomm Incorporated Case No. SACV05-467 JVS (RNBx (2007)** | U.S. District Court Central District of California, Southern Division | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 223. | Semiconductor Energy Laboratory Co., Ltd. v. Toppoly Optoelectronics Corp.; Samsung Techwin Co., Ltd.; Samsung Optoelectronics America, Inc.; Matsunichi Hit-Tech Ltd.; and Matsunichi Hi-Tech (USA), Inc. Case No. CV 04-4783 TJH (2006)** | U.S. District Court Central District of California | Patent Infringement | Jenner & Block | Damages Analysis |
| 222. | Qualcomm Incorporated v. Broadcom Corporation Case No. 05 CV 1662 B (BLM) (2006)** | U.S. District Court Southern District of California | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 221. | Qualcomm Incorporated v. Broadcom Corporation Case No. 05 CV 1958 (2006)** | U.S. District Court Southern District of California | Patent Infringement | Wilmer Cutler Pickering Hale & Dorr | Damages Analysis |
| 220. | The Nautilus Group, Inc. v. ICON Health & Fitness, Inc., Case No. 02-1420 RSM (2006)** | U.S. District Court of Western District of Washington | Trademark Infringement | Jeffer, Mangels, Butler & Marmaro | Damages Analysis |

EXHIBIT ___A___
PAGE ___31___

MICHAEL J. WAGNER
Page 24

## EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 219. | Moss, et al. v. Veneco et al. Case No. 297063 (2006) | Los Angeles Superior Court, California | Mass Tort | Gallagher & Gallagher; Steptoe & Johnson | Alter Ego |
| 218. | L.G. Philips LCD Co. Ltd. V. Tatung Company, Tatung Company of America, Inc., Chunghwa Picture Tubes Ltd., and ViewSonic Corporation. Civil Action No. 05-292 (JJF) (2006)** | U.S. District Court District of Delaware | Patent Infringement | Howrey LLP | Damages Analysis |
| 217. | Christopher R. Harris v. San Jose Mercury News, Inc. Case No. C-04-05262 (CRB) (2006) | U.S. District Court Northern District of California | Copyright Infringement | DLA Piper Rudnick Gray Cary | Damages Analysis |
| 216. | Dey, L.P. v. IVAX Pharmaceuticals, Inc. and Eon Labs, Inc. Case Nos. SACV 04-00079 CJC (FMOx) and SACV 04-00243 CJC (FMOx) (2006)** | U.S. District Court Central District of California Southern District | Patent Infringement | Hennigan Bennett & Dorman | Commercial Success |
| 215. | McKesson Information Solutions LLC v. The Trizetto Group, Inc. Civil Action No. 04-1258 (2005)** | U.S. District Court Northern District of Delaware | Patent Infringement | Skadden Arps Slate Meagher & Flom | Damages Analysis |
| 214. | Advanced Neuromodulation Systems, Inc. v. Advanced Bionics Corporation Civil Action No. 4:04cv131 (Brown) (2005)** | U.S. District Court Eastern District of Texas Sherman Division | Patent Infringement | Baker Botts L.L.P. | Damages Analysis |
| 213 | Trustee in Bankruptcy for 3dfx v. NVIDIA Corp. Case No. 02-55795 JRG (2005) ** | U.S. Bankruptcy Court Northern District of California San Jose Division | Fraudulent Transfer | Buchalter Nemer Fields & Younger | Business Valuation |
| 212 | John R. Jamison v. Olin Corporation-Winchester Division; U.S. Repeating Arms Co., Inc.; Browning Arms Co.; and G.I. Joe's Case No. 3-03-01036-KI (2005)** | U.S. District Court District of Oregon | Patent Infringement | Stoll Stoll Berne Lokting & Shlachter | Damages Analysis |
| 211. | Stephen M. Waltrip, et al. v. Kevin B. Kimberlin, et al. Case No. 01AS04979 (2005) | Sacramento Superior Court, California | Fraud and Breach of Fiduciary Relationship | Sedgewick Detert Moran & Arnold | Damages Analysis Alter Ego Analysis |

EXHIBIT ___A___

PAGE ___32___

MICHAEL J. WAGNER
Page 25

EXPERT TESTIMONY—DEPOSITION (***If Protective Order in place)

| No. | Lawsuit | Type | Court | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 210. | PostX Corporation v. Secure Data In Motion, Inc., d/b/a Sigaba Case Nos. C02-04483 SI and C03-0521 SI (2005)** | Unfair Competition | U.S. District Court Northern District of California, San Francisco Division | Pillsbury Winthrop Shaw Pittman | Damages Analysis |
| 209. | Network Appliance, Inc. v. BlueArc Corporation Case No. C 03-05665 MHP (2005)** | Patent Infringement | U.S. District Court Northern District of California, San Francisco Division | Howrey Simon Arnold & White | Damages Analysis |
| 208. | Teri J. McDermott, CMI, et al. v. Advanstar Communications, Inc. Case No. 1:98 CV 515 (2005) | Copyright Infringement | U.S. District Court Northern District of Ohio, Eastern Division | Greenberg Traurig | Damages Analysis |
| 207. | Storage Technology Corporation v. Quantum Corporation Civil Action No. 03-M-0672 PAC (2005)** | Patent Infringement | U.S. District Court District of Colorado | Howrey Simon Arnold & White | Damages Analysis |
| 206. | Coleman (Parent) Holding v. Morgan Stanley Co., Inc. Case No. 2003 CA 005045 A1 (2005) | Breach of Fiduciary Duty | Circuit Court of the Fifteenth Judicial Circuit Palm Beach County, Florida | Jenner & Block | Business Valuation; Punitive Damages Analysis |
| 205. | Billy Blanks, et al. v. Seyfarth Shaw LLP Case No. BC 308355 (2005) | Legal Malpractice | Los Angeles Superior Court, California | Law Offices of James Rosen | Damages Analysis |
| 204. | Intergraph Hardware Technologies Company v. Hewlett Packard Civil Action No. 2-02CV-312 TJW (2004)** | Patent Infringement | U.S. District Court Eastern District of Texas Marshall Division | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 203. | The Coleman Company, Inc. v. Fleetwood Enterprises, Inc. & Fleetwood Folding Trailers, Inc. Civil Action No. 03 CV 2029 (2004)** | Trademark Infringement & Interference with Contract | Eighteenth Judicial Court, Sedgewick County, Kansas | Foulston Siefkin LLP | Damages Analysis & Alter Ego Analysis |
| 202. | LiveWorld, Inc. v. SocialNet, Inc., MatchNet PLC, et al. Case No. 1-01-CV799864 (2004)*** | Fraudulent Transfer | Santa Clara County Superior Court, California | Bergeson, LLP | Alter Ego Analysis |
| 201. | Comdisco, Inc. v. SocialNet, Inc., MatchNet, Inc., et al. Case No. CV 800 611 (2004)*** | Fraudulent Transfer | Santa Clara County Superior Court, California | Winston & Strawn | Alter Ego Analysis |

EXHIBIT A
PAGE 33

EXPERT TESTIMONY—DEPOSITION (**if Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|-----|---------|-------|------|--------------------|----------------|
| 200. | Everything For Love, Inc. v. Tender Loving Things, Inc., D/B/A The Happy Company Case No. CIV-02-2605-P-HX-EHC (2004)** | U.S. District Court District of Arizona | Patent Infringement | Law Offices of A. Peter Rausch | Damages Analysis |
| 199. | St. Clair Intellectual Property Licensing, Inc. v. Fuji Photo Film Co. Ltd, Fuji Photo Film USA, Inc., and Fujilim America, Inc. Case No. 03-241-JJF (2004) ** | U.S. District Court District of Arizona | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 198. | St. Clair Intellectual Property Licensing, Inc. v. Canon Inc. and Canon USA, Inc. Case No. 03-241-JJF (2004) ** | U.S. District Court District of Arizona | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 197. | Kathy Papale v. Pacific Bell Directory Company, Pacific Telesis, SBC Communications, et al. Case No. 2002055171 (2004) | Alameda County Superior Court, California | Sex and Age Discrimination | Pillsbury Winthrop | Damages Analysis |
| 196. | Patrick Martin, Inc. and Patrick Walsh v. Ralph Clumeck & Associates, et al. Case No. 03CC06868 (2004) | Orange County Superior Court, California | Breach of Fiduciary Duty | Nordman Cormany Hair & Compton | Damages Analysis |
| 195. | Marjorie Bright and Edward Bright v. The Bright Family Foundation, et al. Case No. 274513 (2004)** | Stanislaus County Superior Court, California | Breach of Fiduciary Duty | Darnell Nelson Schrimp Pallios Pacher & Silva | Damages Analysis |
| 194. | Misha Consulting Group, Inc. d/b/a eBusiness Design v. Source Medical Solutions, Inc. Case No. CO2 04908 JW (HRL) (2004) | U.S. District Court Northern District of California San Jose Division | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 193. | Jerome Dahan and Michael Glasser v. L'Koral and Peter Koral Case No. BC 286577 (2004) | Los Angeles County Superior Court, California | Fraud and Breach of Fiduciary Duty | Browne & Woods Law Offices of Gary Freedman | Business Valuation |
| 192. | Neoris de México, S.A. de C.V., v. Ariba, Inc. Case No. C 02 1670 JSW (2004)** | U.S. District Court Northern District of California San Francisco Division | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 191. | Kalitta Air, LLC, as assignee of American International Airlines, Inc. v. Central Texas Airborne Systems, Inc. Case No. 96-2494CW & 97-0378CW (2004) | U.S. District Court Northern District of California | Breach of Contract | Sedgewick, Detert, Moran & Arnold | Damages Analysis |

EXHIBIT ___A___

PAGE ___34___

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 190. | TV Interactive Corp. v. Microsoft Corp. Case No. 02 C 02385 (SBA) (2004)** | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Robins Kaplan Miller & Ciresi | Damages Analysis |
| 189. | Immersion Corporation v. Sony Computer Entertainment America, Inc., Sony Computer Entertainment, Inc. and Microsoft Corporation No. C 02-0710 CW (WDB) (2004)** | U.S. District Court Northern District of California Oakland Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 188. | Kelly-Moore Paint Company v. Union Carbide Corporation No. 19785-BH02 (2004)** | District Court of Brazoria County Texas 23rd Judicial District | Products Liability | Weil Gotshal & Manges | Business Valuation |
| 187. | Kaiser Aerospace Electronics v. Teledyne Industries, et al. Case No. 95-05288 CA 15 (2003) and (2005)** | 11th Circuit Court Miami-Dade County Florida | Breach of Contract | Weil Gotshal & Manges | Damages Analysis |
| 186. | The Profit Recovery Group, Inc. v. Neil Loder & Associates, et al. Case No CV 01-6200 AN (2003)** | U.S. District Court Central District of California, Western Division | Trademark & Theft of Trade Secret | Knobbe Martens Olson & Bear | Damages Analysis |
| 185. | Meridian Enterprises Corporation v. Carlson Marketing Group, Inc. Case No. 4:01CV1955CDP (2003)** | U.S. District Court Eastern District of Missouri, Eastern Division | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 184. | Hauselmann v. Hauselmann Case No. 307662 (2003) | Stanislaus County Superior Court, California | Breach of Contract | Damrell Nelson Schrimp Pallios Pacher & Silva | Business Valuation |
| 183. | Bell & Associates, Inc. v. Fidelity National Information Solutions, Inc. & Vista Information Solutions, Inc. Case No. 02CC02336 (2003) | Orange County Superior Court, California | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 182. | Winn Incorporated & Ben Huang v. Eaton Corporation. Case No: CV03-1568-SJO (2003)** | U.S. District Court Central District of California Western Division | Patent Infringement | Knobbe Martens Olson & Bear Ropers Majeski Kohn & Bentley | Damages Analysis |
| 181. | Semiconductor Energy Laboratory Co., Ltd. V. Acer Inc., Acer America Corp., and AU Optronics Corp.  Case No. C 02-02800 WHA (2003)** | U.S. District Court Northern District of California San Francisco Division | Patent Infringement | Jenner & Block | Damages Analysis |

EXHIBIT _____A_____
PAGE _____35_____

EXPERT TESTIMONY—DEPOSITION (**If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 180. | Cambrian Consultants, Inc. et al. v. <u>Stuart Lublitz & Hogan & Hartson LLP</u> Case No. BC 271707 (2003) | Los Angeles Superior Court, California | Patent Attorney Malpractice | Alschuler Grossman Stein & Kahan<br>Quinn Emanuel Urquhart Oliver & Hedges<br>Gibson Dunn & Crutcher | Damages Analysis |
| 179. | Glaxo Group Ltd. and Glaxo Wellcome, Inc. v. <u>Ranbaxy Pharmaceuticals Inc.</u> Civil Action No. 00-5172 MLC (2003) ** | U.S. District Court District of New Jersey | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |
| 178. | Deltakor Investments, Inc. v. <u>Carl Karcher, et al.</u> Case No. 01-CC13826 (2003) | Orange County Superior Court, California | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 177. | Fonovisa, Inc. v. MP3.com, Inc. Case No. 02 CV 8614 JSR (2003)**, Fonomusic, Inc. v. <u>MP3.com, Inc.</u> Case No. 02 CV 8617 JSR (2003)**, HMS Distributors, Inc. et al. v. <u>MP3.com, Inc.</u> Case No. 02 CV 8616 JSR (2003)**, Musical Productions, Inc. et al. v. <u>MP3.com, Inc.</u> Case No. 02 CV 8618 JSR (2003)** | U.S. District Court Southern District of New York | Copyright Infringement | Quinn Emanuel Urquhart Oliver & Hedges | Damages Analysis |
| 176. | Coelho, et al. v. <u>Coelho, et al.</u> Case Nos. 591120-1, 595828-5, 588695-7, and 0537454-1 (2003) (2005) | Fresno Superior Court, California | Breach of Fiduciary Duties | Damrell Nelson Schrimp Pallios Pacher & Silva<br>Lange Richert & Patch<br>Parish & Nelson | Damages Analysis |
| 175. | BCE Emergis, Inc. v. <u>Ariba, Inc.</u> Civil Action No. C01-21221 PVT (2003) ** | U.S. District Court Northern District of California, San Jose Division | Breach of Contract | Howard Rice Nemerovski Canady Falk & Rabkin | Damages Analysis |
| 174. | Bob Dylan, Billie Joel, James Taylor, et al. v. <u>MP3.com, Inc.</u> Case No. 02 CV 8006 (JSR) (2003) ** | U.S. District Court Southern District of New York | Copyright Infringement | Quinn Emanuel Urquhart Oliver & Hedges | Damages Analysis |
| 173. | Lyrick Studios, Inc. v. <u>Big Idea Productions, Inc.</u> Civil Action 3-02 CV-0034 M (2002)** | U.S. District Court Northern District of Texas, Dallas Division | Breach of Contract | Baker & Botts<br>O'Melveny & Myers | Damages Analysis |
| 172. | Robert Carver and <u>Diana Carver</u> v. Velodyne Acoustics, Inc. Civil Action No. C00-1194L (2002)** | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |

EXHIBIT ___A___
PAGE ___36___

MICHAEL J. WAGNER
Page 29

EXPERT TESTIMONY—DEPOSITION (***If <u>Protective Order</u> in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 171. | <u>Bayshore Ford Truck Sales, Inc. et al. v. Ford Motor Company</u> Civil Action No. 99 CV 741 (JCL) 2002 | U.S. District Court District of New Jersey | Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 170. | Fellheimer v. <u>Sony Corporation of America</u>, et al. Case No. BC-244836 (2002) | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 169. | <u>Booneville Convalescent Center, Inc.</u> v. Cloverleaf Healthcare Services, Inc., et al. Cause No. 32D01-0204-CC-38 (2002) | Superior Court of Hendricks, County, Indiana | Breach of Contract | Leeuw & Doyle | Alter Ego and Damages Analysis |
| 168. | Superior National Insurance Group v. <u>Foundation Health Corporation,</u> et al. Case No. 02 CV 5155 (2002) (2003) | U.S. District Court Central District of California, Western Division | Fraud | Skadden, Arps, Slate Meagher & Flom | Business Valuation and Damages Analysis |
| 167. | United States of America ex rel. William Gilliam v. <u>General Dynamics Corporation</u> Case No. 2:01-3023-18 (2002) | U.S. District Court District of South Carolina, Charleston Division | Qui Tam | Jenner & Block | Damages Analysis |
| 166. | Novartis Consumer Health, Inc. v. <u>Elan Transdermal Technologies, Inc.</u> Case No. 01-1120-CIV-MOORE (2002)** | U.S. District Court Southern District of Florida, Miami Division | Patent Infringement | Irell & Manella | Damages Analysis |
| 165. | <u>2learn2.com</u> v. San Diego State University, College of Extended Studies, et. Al., Case No. 80 Y 181 00138 01 VMD (2002)** | American Arbitration Association | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 164. | Carver et al. v. <u>Audio Products International</u> Corp. Case No. CV00-1477L (2002)** | U.S. District Court Western District of Washington | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 163. | <u>LASVN#2,</u> et. al. v. Van Ness and Sperry, et. al, Case No. BC 206251 (2002 and 2003) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Krane & Smith | Damages Analysis |
| 162. | <u>Cyberspace Headquarters, LLC</u> v. MacMillan USA, Inc. Case No. 00 CV 9764 CBM (JWJx) (2001)** | U.S. District Court Central District of California | Lanham Act | Mahoney Coppenrath Jaffe & Pearson | Damages Analysis |
| 161. | <u>Tri Valley Growers</u> v. Oracle Corporation (2001) | San Francisco Superior Court | Breach of Contract | Dorsey & Whitney | Damages Analysis |

EXHIBIT _A_
PAGE 37

MICHAEL J. WAGNER
Page 30

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 160. | PowerAgent, Inc. v. Electronic Data Systems Corporation No. 71 Y 117 00262 00 (2001) | American Arbitration Association | Breach of Fiduciary Duty | Baker & Botts; Townsend and Townsend and Crew | Damages Analysis; Due Diligence |
| 159. | Idea Man v. Silver & Freedman, Case No. BC235669 (2001) | Los Angeles Superior Court, California | Legal Malpractice | Krane & Smith | Damages Analysis |
| 158. | Intergraph Corporation v. Intel Corporation, CIV 97-N-3023-NE (2001)** | U.S. District Court Northern District of Alabama | Patent Infringement | Townsend and Townsend and Crew | Damages Analysis |
| 157. | Perry v. Mellon Financial Corporation Case No. 997170 (2001) | San Francisco Superior Court | Breach of Contract | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 156. | Berdain America Latina, S.A., et al. v. Baan Company, et al. Case No. 403080 (2001)** | San Mateo Superior Court, California | Intentional Interference with Contract | Townsend and Townsend and Crew | Damages Analysis |
| 155. | Modesto City Schools, Stockton Unified School District. V. Riso Kagaku Corporation CIV S-99-2214 FCD/GGH (2001)** | U.S. District Court Eastern District of California | Antitrust | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 154. | City of Hope National Medical Center v. Genentech, Inc. Case No. BC 215752 (2001) (2002)** | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 153. | Zomba v. MP3.com Case Nos. 00 CIV 6831 and 6833 (2001)** | U.S. District Court Southern District of New York | Copyright Infringement | Orrick Herrington & Sutcliffe | Damages Analysis |
| 152. | Marconi Communications, Inc. v. Vidar-SMS Co. Civil No. CV-1293-L (2001)** | U.D. District Court Northern District of Texas | Theft of Trade Secret Breach of Indemnity Agreement | Munger Tolles & Olson | Damages Analysis |
| 151. | In re: BankAmerica Corp. Securities Litigation MDL No. 1264 (2001)** | U.S. District Court Eastern District of Missouri | Class Action Securities Litigation | Green Schaaf & Jacobson | Damages Analysis |
| 150. | Clayton Industries v. SPX Corporation Case No. 72-18166200-SMY (2001) | American Arbitration Association | Breach of Contract | Jenner & Block | Damages Analysis |
| 149. | Electro Scientific Industries, Inc. v. Dynamic Details, Inc. and GSI Lumonics, Inc. Case No. SACV00-272 AH (2001) | U.S. District Court Central District of California Southern Division | Patent Infringement | Knobbe Martens Olson & Bear | Damages Analysis |

EXHIBIT _A_

PAGE _38_

MICHAEL J. WAGNER
Page 31

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 148. | Farallon Capital Partners, L.P. v. Gleacher & Co. Inc. Case No. BC 215260 (2001) | Los Angeles Superior Court, California | Misrepresentation | Hennigan Bennet & Dorman | Alter Ego Analysis |
| 147. | Flying J Inc. et al. v. Comdata Network, Inc. and Trendar Corporation  Civil No. 1:96CV0066K (2001)** | U.S. District Court District of Utah Northern Division | Antitrust | Bendinger Crockett Peterson & Casey Stokes Bartholomew Evans & Petree | Damages Analysis |
| 146. | Process Specialties, Inc. v. Sematech, Inc. Case No.: CIV-S-00-414 (2001 and 2002)** | U.S. District Court Eastern District of California | Antitrust | Herum, Crabtree, Brown, Dwyer, Zolezzi & Terpstra | Damages Analysis |
| 145. | Re/Max of California & Hawaii v. Robert Lesh, et al. No. BC186234 (2001) | Los Angeles Superior Court, California | Breach of Contract | Lewis, D'Amato, Brisbois & Bisgaard Murtaugh Miller Meyer & Nelson | Damages Analysis |
| 144. | True Fitness Technology, Inc. v. Precor Incorporated Case No. 4:99 CV1306-DJS (2001)** | U.S. District Court, Eastern District of Missouri | Patent Infringement | Christenson, O'Connor, Johnson & Kindness | Damages Analysis |
| 143. | TeeVee Toons, Inc, et al v. MP3.com Inc. Case No. 00 CIV. 3951 (JSR) (2000)** | U.S. District Court, Southern District of New York | Copyright Infringement | Orrick, Herrington & Sutcliffe | Damages Analysis |
| 142. | Marketel v. priceline.com Inc. Case No. C-99-0161 CAL (2000)** | U.S. District Court, Northern District of California | Theft of Trade Secret | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 141. | Venture Industries Corporation, et al. v. Masco Tech, et al. No. 99-07219-CK (2000) | Circuit Court For The County of Kent, Michigan | Breach of Contract | Jenner & Block | Damages Analysis |
| 140. | Perry v. Miller Wagner & Co.  Case No. CV 98-11591 (2000) | Superior Court, State of Arizona, County of Maricopa | Professional Malpractice | Mower, Koeller, Nebeker, Carlson & Haluck | Standard of Care and Damages Analysis |
| 139. | Lussier Subaru, et al. v. Subaru of New England, Inc., et al  Case No. C-99-109-B (2000) ** | U.S. District Court, District of New Hampshire | Class Action | Wiggin & Nourie Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 138. | Optical Solutions, Inc. v. Michael S. Hawes and Associates  Case No. 99AS05264 (2000) | Sacramento Superior Court, California | Professional Malpractice | Law Offices of Richard H. Hart | Damages Analysis |
| 137. | St Luke's Hospital v. California Pacific Medical Center No. 300518 (2000)** | San Francisco Superior Court, California | Unfair Competition Antitrust | Townsend and Townsend and Crew | Damages Analysis |

EXHIBIT ___A___

PAGE ___39___

MICHAEL J. WAGNER
Page 32

# EXPERT TESTIMONY—DEPOSITION (**if Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 136. | Pactiv Corporation v. S.C. Johnson, Inc. Case No. 98C-2679 (2000)** | U.S. District Court, Northern District of Illinois | Patent Infringement | Jenner & Block | Damages Analysis |
| 135. | Lowe's Home Centers, Inc. v. General Electric Company Case No. 4:98-CV 0028 (2000) & (2001)** | U.S. District Court, Northern District of Georgia Rome Division | Environmental Contamination | Williams &Connolly | Damages Analysis |
| 134. | MicroGuild, Inc. v. Netscape Communications Corporation No. CV774054 (2000)** | Santa Clara Superior Court, California | Fraud | Pillsbury, Madison & Sutro | Damages Analysis |
| 133. | Rush Hour Music, L.L.C. v. Magix Entertainment Corp. Case No. 2:99cv1003 (2000)** | U.S. District Court, Eastern District of Virginia Norfolk Division | Patent Infringement | Fellers, Snider, Blankenship, Bailey & Tippens | Damages Analysis |
| 132. | Engineered Products Co. v. Donaldson Company, Inc. Civ. No. 98-2106 MJM (2000)** | U.S. District Court, Northern District of Iowa | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 131. | Guzik Technical Enterprises v. KMY Instruments, Inc. Case No. CV762875 (2000)** | Santa Clara Superior Court, California | Theft of Trade Secret | Gray, Cary, Ware & Friedenrich | Damages Analysis |
| 130. | Merchandise Mart Owners, LLC v. Metropolitan Life Insurance, Co. Case No. 98 CH 3566 (2000)** | Circuit Court of Cook County, Illinois | Breach of Contract | Jenner & Block | Damages Analysis |
| 129. | Winkler Forming, Inc., PMC, Inc. v. Lewis Anten Case No. BC 194 364 (2000) | Los Angeles Superior Court, California | Patent Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 128. | Ardent Software, Inc. v. Pacific Unidata, Inc. (2000) | CPR Arbitration | Breach of Contract | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |
| 127. | Topanga and Victory Partners, L.P., et al. v. Jones, et al. Case No. LC 038853 (2000) | Los Angeles Superior Court, California | Breach of Contract | Hamburg, Hanover, Edward & Martin | Alter Ego Analysis |
| 126. | MET-Rx Foundation for Health Enhancement, et al. v. MET-RX USA, INC., et al. Case No. 771551 (2000) | Orange County Superior Court, California | Breach of Contract | Feldhake, August & Roquemore | Damages Analysis |
| 125. | Telecontrol Systems, Inc. v. Westec Security, Inc. Case No. BC 188264 (2000) | Los Angeles Superior Court, California | Theft of Trade Secret | Howarth & Smith | Damages Analysis |

EXHIBIT _____ A _____

PAGE _____ 40 _____

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 124. | Hametman v. Schumann, et al. Case No. SC 049754 (2000) | Los Angeles Superior Court, California | Breach of Contract | Hennigan, Bennett & Dorman | Damages Analysis |
| 123. | Placentia Oil Company, Inc. v. Berry Oil Trading & Transportation Co., et al. Case No. PC 017079 Z (1999) ** | Los Angeles Superior Court, California | Breach of Contract | Norman, Cormany, Hair & Compton | Damages Analysis |
| 122. | GATX/Air log Company, and GATX Capital v. Evergreen, Ellsinore, et al. Civil Action No. C 96-2494 WHO (1999) (2000) ** | U.S. District Court, Northern District of California | Breach of Contract | Murphy, Sheehan, Julian & Rogers | Alter Ego Analysis |
| 121. | Advanced Cardiovascular Systems, Inc. v. Medtronic, Inc. Case Nos. 95-03577 DLJ & 96-00942(DLJ) (1999) | U.S. District Court Northern District of California, Oakland Division | Patent Infringement | Robins, Kaplan, Miller & Ciresi | Damages Analysis |
| 120. | Troyan, Ltd. et al. v. Pfizer, Inc., Case No. 98-0094 (1999) | U.S. District Court, Central District of California | Lanham Act | Levin & Hawes | Damages Analysis |
| 119. | Norfolk Southern Railroad v. Flexivan & Dole Case No. 99 Civ. 055 WHP HBP (1999) | U.S. District Court, Southern District of New York | Breach of Contract | O'Melveny & Myers | Damages Analysis |
| 118. | Bitner, et al., v. Bayshore, et al. Case No. 771246 (1999) | Orange County Superior Court, California | Fraud, Breach of Fiduciary Duty | Law Offices of Jay Seltzer | Damages Analysis |
| 117. | Precor Incorporated v. Life Fitness Civil No. C94-1586C (1999) | U.S. District Court Western District of Washington | Patent Infringement, Unfair Competition | Christensen, O'Connor, Johnson, Kindness | Damages Analysis |
| 116. | Salant v. Spensley, Horn, Jubas & Lubitz Case No. SC033055 (1999) | Los Angeles Superior Court, California | Patent Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 115. | Susman v. GTE Information Services, Inc. Case No. 97-06677 (1999) ** | 44th Judicial District, Dallas County, Texas | Breach of Contract | Baker & Botts | Business Valuation |
| 114. | Surgin Surgical Instrumentation, Inc. v. Truck Insurance Exchange Case No. 66 2216 (1999) | Orange County Superior Court, California | Breach of Contract | Stradling Yocca Carlson & Rauth | Damages Analysis |
| 113. | Chesterfield Investments, et al. v. Stone Container Corporation Case No. BC 188858 (1999) | Los Angeles Superior Court, California | Breach of Contract | Orrick, Herrington & Sutcliffe | Damages Analysis |

EXHIBIT _____A_____

PAGE _____41_____

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 112. | Imatec, Ltd., et al. v. Apple Computer, Inc. Civil Action No. 98 CV 1058(JGK) (1999) ** | U.S. District Court, Northern District of California | Patent Infringement | Fenwick & West | Damages Analysis |
| 111. | Saremi, et al. v. Atara, et al. Case No. 387467 (1999) | San Mateo Superior Court, California | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 110. | ProCom Marketing v. Prestolite Wire Corp. Case No. C-96-20978 JF PVT (1998) ** | U.S District Court, Northern District of California | Theft of Trade Secret | Morrison & Forester | Damages Analysis |
| 109. | Irvine Ranch Water District v. Merrill Lynch & Co. Case No. 96-8932 (1998) | U.S. District Court, Central District of California | Intentional Misrepresentation | Irell & Manella | Damages Analysis |
| 108. | Zemco Manufacturing, Inc. v. Navistar Int'l Transportation Corp. Case No. 1:97CV0260 (1998) | U.S. District Court, Northern District of Indiana | Breach of Contract | Leeuw, Popper, Bee man & Doyle; Swift & Finlay son | Damages Analysis |
| 107. | Orlaford Limited, et al. v. BBC International, et al. Civil Action No. 97-C-0540-S (1998) | U.S. District Court Western District of Wisconsin | Patent Infringement | Foley & Lardner | Damages Analysis |
| 106. | Evanite Fiber Corp. v. Lauschaer Glaswerk GmbH, et al. Civil No. 2: 96-3525-18 (1998) | U.S. District Court, District of South Carolina, Charleston Division | Theft of Trade Secret | Farleigh, Wada & Witt | Damages Analysis |
| 105. | Livadas v. Graham & James Case No. BC 145386 (1998) | Los Angeles Superior Court, California | Legal Malpractice | Howard, Rice, Nemerovski, Canady, Robertson & Folk | Damages Analysis |
| 104. | Summa Four, Inc. v. Claircom Communications Group, Inc. d.b.a. AT&T Wireless Services Case No. 95-E-293 and 95-C-973 (1998) ** | Superior Court Northern District of Hillsborough County, New Hampshire | Breach of Contract | Hale & Dorr | Damages Analysis |
| 103. | Ayre, et al. v. Attwood Corp., et al. Case No. 96-5087-NP (1998) | Circuit Court, County of Kent, Michigan | Wrongful Death | Kell & Lynch; Chaklos, Jungerheld, Hahn & Washburn | Damages Analysis |
| 102. | AQC Holdings, L.P. v. Dynamic Circuits, Inc. CV760815 (1998) ** | Santa Clara Superior Court, California | Breach of Contract | Freeborn & Peters | Damages Analysis |
| 101. | AMETRON v. Entin, et al. Case No. BC160521 (1998) | Los Angeles Superior Court, California | Usurpation of Corporate Opportunity | Mahoney, Coppenrath, Jaffe & Pearson | Damages Analysis |

EXHIBIT ___A___
PAGE ___42___

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 100. | Mastercard Int'l, et al. v. Meridian Enterprises Corp. Case No. CA-94-4105 (DRD) 1997 ** | U.S. District Court, District of New Jersey | Patent Infringement | Woodard, Emhardt, Moriarty & McNett | Damages Analysis |
| 99. | Pitney Bowes, Inc. v. Hewlett Packard Company Case No. 395CV01764 (1997) ** | U.S. District Court, District of Connecticut | Patent Infringement | Pennie & Edmonds | Damages Analysis |
| 98. | McCaw v. McCaw Case No. 95-3-07235-0 SEA (1997) ** | King County Superior Court, Washington | Marital Dissolution | Perkins, Coie; Danielson, Harrigan & Tollefson; Kinzel, Allan, Skone & Searing; Law Offices of Gordon Wilcox | Investigatory Accounting |
| 97. | Foodmaker, Inc. v. The Vons Companies, Inc. Case No. BC085705 (1997) ** | Los Angels Superior Court, California | Defamation | Thorsnes, Bartolotta, McGuire & Padilla | Damages Analysis |
| 96. | JRS Products v. Network Office Systems Case No. 95 AS 04411 (1997) | Sacramento County Superior Court, California | Libel | Law Offices of Richard Hart | Damages Analysis |
| 95. | Galaxy Networks, Inc. v. Kenan Systems Corp. Civil Action No. CV-95-5568 DDP (1997) | U.S. District Court, Central District of California | Unjust Enrichment, Quantum Meruit | Irell & Manella | Damages Analysis |
| 94. | Rubin v. Southwest Leasing Corp. Case No. SC0322254 (1997) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Browne & Woods; Baker, Silberberg & Keenen | Damages Analysis |
| 93. | Tung Yuan Construction Co. v. Chao Case No. GC 012436 (1996) | Los Angeles Superior Court (Baseball Arbitration) | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Investigatory Accounting |
| 92. | Potlatch Corporation v. Beloit Corporation Case No. CV 95-01992 (1997) | 2nd Judicial District State of Idaho | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 91. | The Samuel Goldwyn Co. v. MCEG Virgin Vision, Ltd. Case No. BC 016305 (1997) | Los Angeles Superior Court, California | Breach of Contract | Irell & Manella | Damages Analysis |
| 90. | Ostex International, Inc. v. Boehringer Mannheim No. 79T184 00192 95 (1996) | American Arbitration Association | Breach of Contract | Mundt, MacGregor, Happel, Falconer, Zulauf & Hall | Damages Analysis |
| 89. | Cook Inc. v. Palmaz Case No. IP 94-1459C (TIG) (1996) | U.S. District Court, District of Indiana | Breach of Contract | Akin, Gump, Strauss, Hauer & Feld | Damages Analysis |

EXHIBIT A
PAGE 43

MICHAEL J. WAGNER
Page 36

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 88. | Cinnamon, et al. v. Reaz Shera, et al. No. 95AS01471 (1996) | Sacramento County Superior Court, California | Breach of Contract | Law Offices of Richard Hart | Damages Analysis |
| 87. | United Rock Products Corp. v. City of Ir-windale (1996) | Arbitration before the Honor-able Robert Wenke | Inverse Condemnation | Jeffer, Mangels, Butler & Mar-maro | Damages Analysis |
| 86. | Ferreira v. Virco Manufacturing Corp. No. L003894 (1996) | Solano County Superior Court, California | Product Defect | Howarth & Smith | Damages Analysis |
| 85. | In re: America Honda Motor Co., Dealer-ships Relations Litigation MDL Case No. 1069 (1996) ** | U.S. District Court, District of Maryland | RICO | Kronick, Moskovitz, Tiedemann & Gerard | Fairness of Settlement |
| 84. | Brooktree Corporation v. S3 Incorporated Civil Action No. 95-2388R (ATB) (1996) ** | U.S. District Court, Southern District of California | Patent Infringement | Howrey & Simon; Pillsbury, Madison & Sutro | Damages Analysis |
| 83. | Redacted v. Redacted (1996) | American Arbitration Associa-tion | Breach of Contract | Kirkland & Ellis | Damages Analysis |
| 82. | In re: Radica Games Limited CV-S-94-00653-DAE (LRL) (1996) | U.S. District Court, District of Nevada | Class Action Securities Case | Sullivan & Cromwell | Damages Analysis |
| 81. | Martin v. Sprint Case No. (IV-S-93-1731) (1996) | U.S. District Court, Eastern District of California | Breach of Contract | Law Offices of Lisa Wright | Damages Analysis |
| 80. | Thermodyne v. McDonald's Corp. Case No. 1:95 CV 0232 (1996) | U.S. District Court, Northern District of Illinois | Theft of Trade Secret | Swift & Finlayson; Leeuw & Doyle | Damages Analysis |
| 79. | Competitive Technology, Inc. v. AST Re-search, Inc. Case No. 74 82 37 (1996) | Orange County Superior Court, California | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 78. | Ah Young Industrial Co. v. Brunswick Corp. Case No. 2340 CA (1996) | U.S. District Court, Northern District of California | Breach of Contract | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 77. | Medical Billing, Inc. v. Medical Manage-ment Services No. 1:94-CV-1567 (1996) | U.S. District Court Northern District of Ohio, Eastern Divi-sion | Breach of Contract | Donovan, Leisure, Newton & Irvine | Damages Analysis |
| 76. | TRW, Inc. v. Talley Industries, Inc. Case No. 89-1920 (1996) | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvine; Cohen & Cotton | Damages Analysis |

EXHIBIT ___A___
PAGE ___44___

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 75. | Wadsworth Golf Construction Co. v. Castle Oak Investment Corp. Case No. 18250 (1996) | Amador County Superior Court, California | Breach of Contract | Mark Wieklinski, Ann Rankin | Alter Ego Analysis |
| 74. | Conte v. Kelly Case No. LC 018879 (1996) | Los Angeles Superior Court, California | Legal Malpractice | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 73. | Forti v. General Dynamics No. KC 016871/017393 (1996) | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith | Business Valuation |
| 72. | TLB, Inc. v. Platinum Software Civil No. 95WY621 (1996) | U.S. District Court of Colorado | Tortious Interference with Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 71. | Strand Home Video v. Affiliated Regional Communications SC028 190 (1995) | Los Angeles Superior Court, California | Breach of Contract | Browne & Woods | Damages Analysis |
| 70. | Schlessinger v. Safeco Insurance Co. of America Case No. SC027965 (1995) | Los Angeles Superior Court, California | Bad Faith | Schlessinger & Wheeler | Damages Analysis |
| 69. | J.H. Design v. The Walt Disney Company No. BC090 485 (1995) ** | Los Angeles Superior Court, California | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Damages Analysis |
| 68. | Hewlett-Packard Company v. GenRad, Inc. No. 94-10675 RCL (1995) ** | U.S. District Court, District of Massachusetts | Patent Infringement | Pennie & Edmonds | Damages Analysis |
| 67. | Licensing Funding Partners v. Biblioteca Apostolica Vaticana, et al. BC 059176 (1995) | Los Angeles Superior Court, California | Breach of Contract | Howarth & Smith, Blecher & Collins | Damages Analysis |
| 66. | In re: AST Research Securities Litigation CV-94-1370 SVW (1995) | U.S. District Court, Central District of California | Class Action Securities Case | Prongay & Mikolajcyk; Greenfield & Rifkin | Damages Analysis |
| 65. | AJR, et al. v. Exxon Corp. No. C-93 20830 RMW PVT (1995) | U.S. District Court Northern District of California | PMPA | McClintock, Weston, Benshoof, Rochefort, Rubalcava & MacCuish | Damages Analysis |
| 64. | TRW, Inc. v. Talley Industries CIV 94-0350-PHX-PGR (1995) | U.S. District Court, District of Arizona | Breach of Contract | Donovan, Leisure, Newton & Irvin; Cohen & Cotton | Damages Analysis |

EXHIBIT ___A___

PAGE ___45___

# EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 63. | Fordiani v. Siino, et al. No. C93-05885 (1995) | Contra Costa Superior Court, California | Misrepresentation | King, Shapiro, Mittelman & Buchman | Damages Analysis |
| 62. | Gonsalves v. Kaiser Sand & Gravel and SVAR Industries No. C92-3561 MHP (1995) | U.S. District Court Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 61. | Supra Corporation v. D.L. Horton Enterprises, Inc. BC 093085 (1995) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 60. | Adams v. Calif. State Automobile Assoc. No. 916163 (1994) | San Francisco Superior Court, California | Various Business Torts | Thelen, Marrin, Johnson & Bridges | Cost Allocation and Reasonableness of Commissions |
| 59. | Mahne v. Crown Roll Leaf No. BC069435 (1994) *58 | Los Angeles Superior Court, California | Breach of Contract | Quinn, Emanuel, Urquhart & Oliver | Damages Analysis |
| 58. | Virgin Vision Ltd. v. The Samuel Goldwyn Co. No. BC-013701 (1994) | Los Angeles Superior Court, California | Intellectual Property | Law Offices of James P. Tierney | Damages Analysis |
| 57. | Ethicon Endo-Surgery v. Richard-Allen Medical Industries No. C2940501 (1994) ** | U.S. District Court Southern District of Ohio | Patent Infringement | Sullivan & Cromwell | Damages Analysis |
| 56. | Knickerbocker v. Scudder Reality Advisors Inc. Case No. 200169 (1994) | Riverside Superior Court, California | Breach of Contract | Giles & Burkhalter | Damages Analysis |
| 55. | Chaintool Company v. Workman, Nydegger & Jensen Civil No. 900903226CV (1994) | Third Judicial Court, Salt Lake City, Utah | Patent Attorney Malpractice | Wilkins, Oritt & Headman | Damages Analysis |
| 54. | Southland Sod Farms v. Stover Seed Company, et al. Civil No. 92-4894-JMI (1994) ** | U.S. District Court, Central District of California | Lanham Act | Nordman, Cormany, Hair & Compton | Damages Analysis |
| 53. | In re: Information Resources, Inc. Civil No. 89C 3712 (1994) | U.S. District Court, Northern District of Illinois | Class Action Securities Case | Freeborn & Peters; Katten, Muchin & Zavis | Budgeting |
| 52. | Guy v. United Healthcare Corp. Case No. C2-92-397 (1993) | U.S. District Court, Southern District of Ohio | Breach of Contract | Robert J. Feldhake | Damages Analysis |

EXHIBIT ___A___
PAGE ___46___

# EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 51. | The Boulders on the River v. First Interstate Bank of California Civil No. 90-19MA (1993) | U.S. District Court, Oregon | Breach of Contract | Lane Powell Spears Lubersky | Damages Analysis |
| 50. | American Savings Bank v. MGM-Pathe Communications Corp. (1993) | Los Angeles Superior Court, California | Breach of Guarantee | Pircher, Nichols & Meeks | Alter Ego Analysis |
| 49. | Liebert Corp. v. North American Phillips Corp. (1993) | Orange County Superior Court, California | Breach of Warranty | Banchero & Lasater | Damages Analysis |
| 48. | Precoj v. Weider Civil No. C91-1743Z (1993) | U.S. District Court, Western District of Washington | Patent Infringement | Christensen, O'Connor, John-son & Kindness | Damages Analysis |
| 47. | Astec v. North American Phillips Corp. (1993) | Los Angeles Superior Court, California | Breach of Warranty | Banchero & Lasater | Damages Analysis |
| 46. | Gill v. American Savings Bank (1992) | U.S. Bankruptcy Court, Cen-tral District of California | Bankruptcy | Milbank, Tweed, Hadley & McCloy | Bankruptcy Analysis |
| 45. | Haro v. The Hahn Company (1992) | Los Angeles Superior Court, California | Breach of Fiduciary Duty | Howarth & Smith | Punitive Damages |
| 44. | Tube Forgings of America v. Weldbend (1992) | U.S. District Court, Oregon | Lanham Act | Mayer, Brown & Platt | Damages Analysis |
| 43. | State of California v. Bio-Rad (1992) | Alameda Superior Court, Cali-fornia | Eminent Domain | James Whittaker | Damages Analysis |
| 42. | E.J. Bartells Co. v. A.P. Green Industries (1992) | King County Superior Court, Washington | Securities Laws Violations | Thompson & Mitchell | Damages Analysis |
| 41. | Stafford v. Miller, Wagner & Co. (1991) | State Court, Phoenix, Arizona | Accounting Malpractice | Greengard & Finley | Professional Standards |
| 40. | Firnschild v. Wyandotte Hospital (1991) | State Court, Detroit, Michigan | Breach of Contract | Kitch, Saurbier, Drutchas, Wagner & Kenney | Damages Analysis |
| 39. | Bacchi v. Fireman's Fund Insurance Co. (1991) | JAMS, Los Angeles, Califor-nia | Breach of Contract | Kayajanian, Furay, Baker & Hill | Damages Analysis |
| 38. | Ixsys v. Stratagene (1991) | San Diego Superior Court, California | Intellectual Property | Pillsbury, Madison & Sutro | Damages Analysis |

Case 2:04-cv-09049-DOC-RNB   Document 5059-3   Filed 03/24/09   Page 40 of 83   Page ID #:161674

EXHIBIT _A_
47
PAGE

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 37. | Falcon Cable Media v. Booth American Co. (1990) | U.S. District Court, Central District of California | Tortious Interference with Contract | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 36. | Ingram v. Owens Illinois (1990) | U.S. District Court, Oregon | Asbestos | Morgenstein & Jubelirer | Punitive Damages |
| 35. | Superiority Corp. of California v. Shih (1990) | U.S. District Court, Central District of California | Breach of Contract | Fred & Lewin | Investigatory Accounting |
| 34. | Moreland v. Planet Insurance Company (1990) | Santa Barbara Superior Court, California | Breach of Contract | Rosenfeld, Meyer & Susman | Business Valuation |
| 33. | First Interstate Bank of Washington v. AFC (1990) | King County Superior Court, Washington | Lender Liability | Davis, Wright & Tremaine | Damages Analysis |
| 32. | El Torito v. La Mirada Redevelopment Agency (1990) | Orange County Superior Court, California | Condemnation | Bidna & Keys | Business Valuation |
| 31. | Moss v. Shepp (1990) | Los Angeles Superior Court, California | Legal Malpractice | Musick, Peeler & Garrett | Damages Analysis |
| 30. | Woodbridge Plaza v. Bank of Irvine (FDIC) (1990) | Orange County Superior Court, California | Breach of Contract | Bidna & Keys | Real Estate Valuation |
| 29. | Lines v. Bank of America (1990) | U.S. District Court, Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 28. | Major Projects, Inc. v. Hismeh (1990) | Riverside Superior Court, California | Breach of Contract | Bidna & Keys | Damages Analysis |
| 27. | Hammersmith v. Taco Bell Corp. (1990) | U.S. District Court, Oregon | Fraud | Skadden, Arps, Slate, Meagher & Flom | Damages Analysis |
| 26. | Pioneer Hi-Bred v. Holden Foundation Seeds (1989) | U.S. District Court, Iowa | Theft of Trade Secret | Grefe & Sidney | Damages Analysis |
| 25. | Hideaway Productions v. Ampex Corp. (1989) | Los Angeles Superior Court, California | Breach of Implied Warranties, Fraud | Rosenfeld, Meyer & Susman | Damages Analysis |
| 24. | Lim v. Lehman (1989) | Sacramento Superior Court, California | Breach of Contract | Wolf & Leo | Damages Analysis |
| 23. | Bernstein v. Delta Airlines (1989) | U.S. District Court, Southern District of Florida | Wrongful Death | Steven Walker, Jenner & Block | Damages Analysis |

MICHAEL J. WAGNER
Page 41

EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 22. | Lippman v. Levy (1989) | Los Angeles Superior Court, California | Breach of Contract, Fraud | Browne & Woods | Business Valuation |
| 21. | In re: Technical Equities Federal Securities Litigation (1989) | U.S. District Court, Northern District of California | Class Action Securities Case | Buchalter, Nemer, Fields & Younger | Damages Analysis |
| 20. | Kay Co. v. HCC Industries (1989) | U.S. District Court, Southern District of Texas | Product Liability | Mayer, Day & Caldwell | Alter Ego Analysis |
| 19. | Pacific Dataware Inc. v. Novell (1989) | U.S. District Court, Utah | Antitrust | Kirton, McConkie & Poleman | Damages Analysis |
| 18. | Cole v. Benventui (1989) | Sacramento Superior Court, California | Breach of Contract | Lovitt & Hannan | Damages Analysis |
| 17. | Redacted v. Redacted (1988) | Los Angeles Superior Court | Professional Negligence | Riordan & Mckenzie | Professional Negligence & Damages Analysis |
| 16. | Sunwest Bank v. Alec Sharp (1988) | U.S. District Court, Central District of California | Breach of Contract | Lewis, D'Amato, Brisbois & Bisgaard | Damages Analysis |
| 15. | Standard Wire & Cable v. Ameritrust (1988) | U.S. District Court, Central District of California | Lender Liability | Milbank, Tweed, Hadley & McCloy | Damages Analysis |
| 14. | Small v. Rogers (1988) | Los Angeles Superior Court, California | Breach of Contract and Fiduciary Duty | Loeb & Loeb | Business Valuation |
| 13. | Cleanmaster v. Fireman's Fund Insurance (1988) | Los Angeles Superior Court, California | Business Interruption | Crouch & Fern | Damages Analysis |
| 12. | Benventui v. Evans (1988) | Sacramento Superior Court, California | Fraud, Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Real Estate Valuation |
| 11. | In re: Technical Equities (1988) | Santa Clara Superior Court, California | Class Action Securities Case | Buchalter, Nemer, Fields & Younger | Damages Analysis |
| 10. | Avila v. Goeden (1988) | U.S. District Court, Central District of California | Fraud, Breach of Contract | Rogers & Wells | Damages Analysis |
| 9. | Skeen v. Wynn's International (1987) | Los Angeles Superior Court, California | Fraud, Breach of Contract | Gibson, Dunn & Crutcher | Business Valuation |

EXHIBIT _A_
PAGE _49_

MICHAEL J. WAGNER
Page 42

## EXPERT TESTIMONY—DEPOSITION (**If Protective Order in place)

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 8. | Dumke v. Buffalo Chips, Inc. (1987) | San Francisco Superior Court, California | Breach of Contract | Kronick, Moskovitz, Tiedemann & Girard | Damages Analysis |
| 7. | General Dynamics v. AT&T (1986) | U.S. District Court, Northern District of Illinois | Antitrust | Jenner & Block | Damages Analysis |
| 6. | Zelmans v. Tarzana Medical Partners (1985) | Los Angeles Superior Court, California | Breach of Contract | Fischer, Krane, & Jacobson | Damages Analysis |
| 5. | Ambassador Foods, Inc. v. State of California (1985) | Los Angeles Superior Court, California | Breach of Contract | Legal Staff of California Dept. of Transportation | Damages Analysis |
| 4. | Grizzard v. Western Kraft (1985) | Los Angeles Superior Court, California | Breach of Implied Warranties | Stern & Miller | Damages Analysis |
| 3. | Decorative Carpets v. Barkhordanian (1983 and 1988) | San Francisco Superior Court, California | Constructive Eviction | Pillsbury, Madison & Sutro | Damages Analysis |
| 2. | Morse Products v. AT&T (1983) | U.S. District Court, Central District of California | Antitrust | Blecher, Collins & Weinstein | Damages Analysis |
| 1. | Atherton Industries v. Sweda International (1982) | San Francisco Superior Court, California | Breach of Implied Warranties of Fitness and Merchantability | Cutler & Cutler | Damages Analysis |

EXHIBIT ___A___

PAGE ___50___

MICHAEL J. WAGNER
Page 43

# EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS
(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 29. | Redacted v. Redacted Case No. 74 180 Y 00729 06 DEAR (2007)** | American Arbitration Association | Breach of Contract | Howard Rice Nemerovski, Canady, Falk & Rabkin | Fairness of Partner Compensation |
| 28. | SilentAir Corporation v. Maytag Corporation, et al. Case No. 77133 0022205NADE (2006) | American Arbitration Association | Breach of Contract | Holland & Knight LLP | Damages Analysis |
| 27. | George Yardley Company, Inc. v. Johnson Controls, Inc. Case No. 72 11001086 02 (2005) | American Arbitration Association | Antitrust | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 26. | Anthony M. Trolio v. RemedyTemp, Inc. Case No. 72-114-305-02 MACR (2004) | American Arbitration Association | Breach of Contract | Lewis, Brisbois, Bisgaard & Smith | Damages Analysis |
| 25. | 911Notify.com v. Verizon Delaware, Inc. Case No: 71Y1810072202 (2003) | American Arbitration Association | Breach of Contract | Munger, Tolles & Olson | Damages Analysis |
| 24. | SPX Corporation v. Franklin Electric Corporation Case No. 51 Y 198 00469 01 (2002) | American Arbitration Association | Breach of Contract | Jenner & Block | Business Valuation |
| 23. | 2learn2.com v. San Diego State University, College of Extended Studies, et, Al., Case No. 80 Y 181 00138 01 VMD (2002)* 165 | American Arbitration Association | Breach of Contract | Stradling, Yocca, Carlson & Rauth | Damages Analysis |
| 22. | PowerAgent, Inc. v. Electronic Data Systems Corporation No. 71 Y 117 00262 00 (2002)*160 | American Arbitration Association | Breach of Fiduciary Duty | Baker & Botts Townsend and Townsend and Crew | Damages Analysis Due Diligence |
| 21. | Potlatch Corporation v. Beloit Corporation Case No. 99-2177 (PJW) (2002) | JAMS, San Francisco, California | Breach of Contract | Sacks Montgomery | Damages Analysis |
| 20. | Clayton Industries v. SPX Corporation Case No. 72-18166200-SMY (2001) *150 | American Arbitration Association | Breach of Contract | Jenner & Block | Damages Analysis |
| 19. | Fourthchannel, inc. v. Pivotal Corporation No. 50 T 133 00200 (2001) | American arbitration Association | Breach of Contract | Dorsey & Whitney LLP Bordon Ladner Gervais | Damages Analysis |
| 18. | Glass & Associates v. Factory Mutual Insurance Company Civil No. 99-6105-HO (2000) | U.S. District Court, District of Oregon | Breach of Contract | Ball Janik | Damages Analysis |
| 17. | Ardent Software, Inc. v. Pacific Unidata, Inc. (2000)*127 | CPR Arbitration | Breach of Contract | Christensen, O'Connor, Johnson & Kindness | Damages Analysis |

# EXPERT TESTIMONY—ALTERNATIVE DISPUTE RESOLUTION FORUMS
(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 16. | RAM Consulting, Inc. v. Adams Golf No. 74-Y181-0602-98 (1999) | American Arbitration Association | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 15. | Synnex Information Technologies v. Tandy Corp., et al. C97-3757 WHO (1999) | U.S. District Court, Northern District of California, Referral | Breach of Contract | Nelson, Greenberg & Cohen | Damages Analysis |
| 14. | The Ischemia Research & Educational Foundation v. UCB, S.A. No. 74 T181 0440 97 (1998) | American Arbitration Association | Breach of Contract | Howard, Rice, Nemerovski, Canady, Falk & Rabkin | Damages Analysis |
| 13. | Green Hills Software, Inc. v. Integrated Systems, Inc. No. 72 117 01213 97 (1998) | American Arbitration Association | Breach of Contract | Munger, Tolles & Olson | Damages Analysis |
| 12. | Prestige Card, Inc. v. Bank One, et al. (1998) | American Arbitration Association | Breach of Contract | Lane Powell Spears Lubersky | Damages Analysis |
| 11. | Tung Yuan Construction Co. v. Chao Case No. GC 012436 (1996) *93 | Los Angeles Superior Court (Baseball Arbitration) | Breach of Contract | Bird, Marella, Boxer, Wolpert & Matz | Investigatory Accounting |
| 10. | Polo Ralph Lauren L.P. v. The Magnin Company, Inc. (1997) | American Arbitration Association | Breach of Contract | Browne & Woods | Damages Analysis |
| 9. | Redacted v. Redacted (1996) | American Arbitration Association | Breach of Contract | Kirkland & Ellis | Damages Analysis |
| 8. | Ostex International, Inc. v. Boehinger Mannheim No. 79T184 00192 95 (1996) *88 | American Arbitration Association | Breach of Contract | Mundt, MacGregor, Happel, Falconer, Zulauf & Hall | Damages Analysis |
| 7. | Kenady v. Cooper, White & Cooper No. 940973151 (1995) | JAMS, San Francisco, California | Breach of Contract | Quinn, Kully and Morrow | Damages Analysis |
| 6. | Dahle v. Integrated Resource Equity Corp. (1991) | NASD Arbitration, Portland, Oregon | Securities Violations | Garvey, Schubert & Barer | Damages Analysis |
| 5. | Bacohi v. Fireman's Fund Insurance Co. (1991) *39 | JAMS, Los Angeles, California | Breach of Contract | Kayajanian, Furay, Baker & Hill | Damages Analysis |
| 4. | Kernohan v. Prudential Bache (1989) | American Arbitration Association | Breach of Fiduciary duty | Orrick, Herrington & Sutcliffe | Damages Analysis |

EXHIBIT ___A___

PAGE ___52___

## Expert Testimony—Alternative Dispute Resolution Forums
(*Indicates Number in Deposition Section if deposition testimony is given

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 3. | Scherick v. Taft Entertainment Co. (1989) | American Arbitration Association | Breach of Contract | Rosenfeld, Meyer & Susman | Damages Analysis |
| 2. | Nuvision Eyecare v. Southern California Glazers (1987) | American Arbitration Association | Breach of Contract | Gibson, Dunn & Crutcher | Damages Analysis |
| 1. | Pittsburgh/Des Moines Corp. v. Garden Grove Community Church (1984) | American Arbitration Association | Breach of Construction Contract | Irell & Manella | Damages Analysis |

EXHIBIT _A_
53
PAGE

MICHAEL J. WAGNER
Page 46

## EXPERT TESTIMONY—WRITTEN TESTIMONY ONLY

| No. | Lawsuit | Court | Type | Law Firm/Attorneys | Work Performed |
|---|---|---|---|---|---|
| 8. | In re Textile Rental Services Litigation Case No CV-05-19 (2006) | Circuit Court of Barbour County (Clayton Division), Alabama | Class Action Fraud and Breach of Contract | 14 different law firms | Fairness of Settlement |
| 7. | Castle & Cooke California, Inc. v. Waste Management of California, Inc. No. CV760322 (1997) | JAMS/ENDISPUTE | Breach of Contract | Crosby, Heafey, Roach & May | Business Valuation |
| 6. | IMACC Corporation v. Dorothy Myers Warburton, et al. Case No. C 93 114 CW (1996) | U.S. District Court Northern District of California | Environmental Cleanup | Morrison & Foerster Lane Powell Spears Lubersky Larson & Burnham | Alter Ego Analysis |
| 5. | Williams v. Kaiser Sand & Gravel & SYAR Case No. C92-3561 (1995) | U.S. District Court Northern District of California | Antitrust | Thelen, Marrin, Johnson & Bridges | Damages Analysis |
| 4. | State Farm, et al. v. Garmendi Case No. 918689 (1995) | Los Angeles Superior Court, California | Declaratory Relief | Heller, Ehrman, White & McAuliffe | Reasonableness of Fees |
| 3. | In re: Phar-Mor Inc. Securities Litigation Case No. 93-631 (1995) | U.S. District Court, Western District of Pennsylvania | Securities Litigation | Zelle & Larson | Damages Analysis |
| 2. | Reggie White, et al. v. N.F.L. Civil No. 4-92-906 (1993) | U.S. District Court, District of Minnesota, 4th Division | Antitrust | Howarth & Smith | Damages Analysis |
| 1. | McCarthy v. Pollet (1983) | State Court, Hawaii | Fraud | Goodsill, Anderson, Quinn & Stifell | Investigatory Accounting |

EXHIBIT ___A___

PAGE ___54___

# Exhibit B

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# Exhibit C

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# Exhibit D

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# Exhibit E

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

# Exhibit F

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
FRED MASHIAN
3102747UD1

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 850
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230630002
FILING NUMBER: 06-7170410109
FILING DATE: 08/28/2006 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1525 SOUTH BROADWAY | LOS ANGELES | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4588245 ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4SD | GBR |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200822610026.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS**
Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(s) on Debtor(s)**
[ADDITIONAL FEE]   [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

EXHIBIT ___F___

PAGE ___130___

# Exhibit G

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard, 18th Floor
Costa Mesa, CA  92626-1924
Telephone:  714.830.0600
Facsimile:  714.830.0700

Attorneys for Non-Parties
LEON NEMAN, FRED MASHIAN
and NEIL KADISHA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant. | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master Robert C. O'Brien**<br><br>**NOTICE OF MOTION AND MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER RE SUBPOENAS ISSUED BY MATTEL, INC. TO NON-PARTIES LEON NEMAN, FRED MASHIAN AND NEIL KADISHA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**[DECLARATION OF PETER N. VILLAR FILED CONCURRENTLY]**<br><br>Date:        TBD<br>Time:        TBD<br>Place:       Arent Fox LLP<br>             555 West Fifth Street<br>             48th Floor<br>             Los Angeles, CA  90013 |
| AND CONSOLIDATED ACTIONS. | |

A/72865234.2/3009108-0000337036

-1-

EXHIBIT _____G_____

PAGE _____131_____

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Non-parties Leon Neman, Fred Mashian and Neil Kadisha (collectively, "Non-party Deponents") will and hereby do move pursuant to Federal Rules of Civil Procedure 26(c) and 45 for a protective order and/or to quash the deposition subpoenas issued by Mattel, Inc.  The motion will be heard at a date and time to be determined before the Discovery Master, Robert C. O'Brien.

The motion is made on the grounds that the deposition subpoenas are objectionable on many grounds and that this Court should quash them and/or issue a protective order under Rules 26(c) and 45 of the Federal Rules of Civil Procedure because, among other things: (1) the subpoenas seek information that is not relevant and beyond the scope of the Discovery Master's Order No. 3 issued on March 10, 2009; (2) the subpoenas are duplicative of discovery already sought by Mattel and abusively drawn for the purpose of annoying, harassing and exerting pressure on the Non-party Deponents; (3) any information purportedly relevant to Phase 2 should be first sought from the parties before burdening non-parties; and (4) Mattel unilaterally set the deposition dates and times without consulting with the Non-party Deponents or their counsel.

This motion is based on the Notice of Motion and Motion to Quash and/or for Protective Order, the attached Memorandum of Points and Authorities in support thereof, the supporting Declaration of Peter N. Villar filed herewith, the pleadings and records on file in this action, any matters to which this Court may take judicial notice, and any further evidence and argument as may be presented on this motion.

A/72865234.2/3009108-0000337036

-2-

EXHIBIT 6

PAGE 132



1   DATED:  March 12, 2009                 Bingham McCutchen LLP

2

3                                    By: _____
                                          Peter N. Villar
4                                         Attorneys for Non-Parties
                                          LEON NEMAN, FRED MASHIAN
5                                         and NEIL KADISHA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72865234.2/3009108-0000337036                    -3-

EXHIBIT ___6___

PAGE ___133___

1

## TABLE OF CONTENTS

2                                                                                           Page

3   I.     INTRODUCTION ................................................................................ 1

4   II.    STATEMENT OF FACTS .................................................................. 4

5   III.   LEGAL ARGUMENT ........................................................................ 6

6          A.     The Court Has The Discretion To Quash The Subpoenas

7                 And/Or Issue A Protective Order ............................................... 6

8          B.     The Court's March 10, 2009 Order Affirms That Mattel's

9                 Subpoenas To The Non-party Deponents Should Be Quashed ........... 8

10                1.     Mattel's Deposition Subpoenas Are Improper And Seek

11                       Irrelevant Information ..................................................... 8

12                2.     Mattel's Document Requests To Mr. Kadisha Should Be

13                       Quashed Because It Is Overbroad And Seeks Documents

14                       Irrelevant To Phase 2 .................................................. 10

15         C.     Mattel's Subpoenas Should Be Quashed Because They Are

16                Duplicative, Overbroad And Abusively Drawn .......................... 12

17         D.     Mattel's Subpoenas Should Be Quashed Because Mattel Has

18                Made No Effort To Obtain The Information From The Parties

19                Before Burdening Non-Parties ................................................ 14

20         E.     The Court Should Quash The Subpoenas Because Mattel Failed

21                To Meet And Confer Before Scheduling The Depositions .............. 15

22  IV.    CONCLUSION ............................................................................... 16

23

24

25

26

27

28

-i-

EXHIBIT _____6_____

PAGE _____134_____

1
2

# TABLE OF AUTHORITIES

Page(s)

3    **FEDERAL CASES**

4
5    *Anderson v. Abercrombie & Fitch Stores, Inc.,*
        No. 06cv991-WQH (BLM), 2007 WL 1994059 (S.D. Cal. Jul. 2, 2007).......... 14

6    *Beinin v. Center for Study of Popular Culture,*
7        No. C 06-02298 JW, 2007 WL 1795693 (N.D. Cal. June 20, 2007) ................... 7

8    *Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.,*
9        649 F.2d 646 (9th Cir. 1980) ........................................................................ 7

10   *Exxon Shipping Co. v. U.S. Dept. of Interior, et al.,*
11       34 F.3d 774 (9th Cir.1994) ........................................................................... 6

12   *Fairview Development Corp. v. Aztex Custom Homebuilders, LLC,*
        No. CV-07-0337-PHX-SMM, 2008 WL 2113492 (D. Ariz. May 16,
13       2008) ......................................................................................................... 6

14   *Hackmann v. Auto Owners Ins. Co.,*
15       No. 2:05-cv-876, 2009 WL 330314 (S.D. Ohio Feb. 6, 2009) ........................... 6

16   *Jadwin v. County of Kern,*
17       No. CV-F-07-026 OWW/TAG, 2008 WL 2916386 (E.D. Cal. Jul. 28,
        2008) ......................................................................................................... 7
18
19   *Koninklike Philips Electronics N.V. v. KXD Technology, Inc.,*
        No. 2:05-cv-1532-RLH-GWF, 2007 WL 3101248 (D. Nev. Oct. 16,
20       2007) ....................................................................................................... 15

21   *Laxalt v. McClatchy,*
22       116 F.R.D. 455 (D. Nev. 1986) ..................................................................... 7

23   *Lizotte v. Praxair, Inc.,*
24       No. C07-1868RSL, 2009 WL 159249 (W.D. Wash. Jan. 22, 2009) ................... 7

25   *Mattel, Inc. v. Walking Mountain Productions,*
        353 F.3d 792 (9th Cir. 2003) ............................................................. 3, 12, 13
26
27   *Moon v. SCP Pool Corp.,*
        232 F.R.D. 633 (C.D. Cal. 2005) ................................................................. 14
28

EXHIBIT ___ 6 ___

PAGE ___ 135 ___

*Ray v. BlueHippo Funding, LLC,*
    No. C-06-1807 JSW (EMC), 2008 WL 3399392 (N.D. Cal. Aug. 11,
    2008) .................................................................................................................. 15

*Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.,*
    164 F.R.D. 232 (S.D. Ohio 1995) ...................................................................... 15

*Theofel v. Farey-Jones,*
    341 F.3d 978 (9th Cir. 2003) ................................................................................ 6

*Valvida v. Kmart Corp.,*
    2000 WL 1739215 (D. Virgin Islands 2000) ................................................... 15

**RULES**

Fed. R. Civ. P. 10.................................................................................................... 11

Fed. R. Civ. P. 26...................................................................................................... 7

Fed. R. Civ. P. 26(c)(1)............................................................................................. 7

Fed. R. Civ. P. 26(c)................................................................................................. 7

Fed. R. Civ. P. 26(c)(1)(A), (B) & (D)...................................................................... 7

Fed. R. Civ. P. 30(b)(6)........................................................................................... 13

Fed. R. Civ. P. 45...................................................................................................... 7

Fed. R. Civ. P. 45(c)(3)............................................................................................. 6

EXHIBIT ___6___

PAGE ___136___

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

In its latest effort to intimidate and harass non-parties in connection with this litigation, Mattel, Inc. ("Mattel") has issued three more deposition subpoenas to non-parties Leon Neman (principal of Vision Capital, LLC), Fred Mashian (outside attorney for Vision Capital, LLC) and Neil Kadisha (principal of Omninet Capital, LLC and Omni 808 Investors, LLC) (collectively, "Non-party Deponents"). The Discover Master already issued an Order dated March 10, 2009 finding that information relating to Vision Capital, LLC and Omninet Capital, LLC is not relevant to the issues in this case, and that only a limited category of documents relating to Omni 808 Investors, LLC is discoverable. Despite the Court's Order, however, Mattel issued these subpoenas to obtain the very information and documents from the Non-party Deponents that the Discovery Master determined could not be obtained from the non-party Finance Entities and is not relevant to the Phase 2 proceedings between Mattel and MGA Entertainment, Inc. ("MGA"). The time has come for this Court to put an end to Mattel's relentless assault on innocent non-parties.

The Court should quash theses subpoenas and/or issue a protective order prohibiting Mattel from taking the depositions of the Non-party Deponents or from obtaining the 44 categories of documents requested from Mr. Kadisha for the following reasons. First, this Court's March 10, 2009 Order relating to Mattel's document subpoenas directed to Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC (collectively, "Financing Entities") affirmed that the information Mattel is seeking from the Financing Entities, and the individuals related thereto, is irrelevant to the Phase 2 proceedings between Mattel and MGA. The Discovery Master held that "it does not appear that either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have an

A/72865234.2/3009108-0000337036                     -1-

EXHIBIT ____6____

PAGE ____137____

1   ownership interest in the Financing Entities." (March 10, 2009 Discovery Master

2   Order at 4.)  Furthermore, after rejecting each of Mattel's relevance arguments,

3   the Discovery Master held that "Mattel's Motion to Compel the Financing Entities

4   to produce documents responsive to the Subpoenas is **DENIED** with respect to

5   OmniNet Capital, LLC and Vision Capital, LLC." (March 10, 2009 Discovery

6   Master Order at 28.)  The Court specifically noted that "neither entity is alleged by

7   Mattel to be a creditor of MGA Entertainment, Inc." (March 10, 2009 Discovery

8   Master Order at 19 n. 17.)  The Court also denied Mattel's motion to compel all

9   but a narrow subset of the documents sought from Omni 808.  The only documents

10  that the Court ordered to be disclosed are "documents relating to (1) the existence

11  of any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC,

12  including any debt purchased from Wachovia Bank, and (2) any communications

13  between Omni 808 Investors, LLC and the MGA parties regarding any such

14  indebtedness." (March 10, 2009 Discovery Master Order at 29.)

15       In light of the Court's March 10, 2009 Order, the deposition subpoenas are

16  improper and should be quashed.  Mr. Neman is a principal of Vision Capital.

17  Thus, because this Court determined that the subpoena to Vision Capital is

18  improper, there is no reason to depose Mr. Neman.  Further, Mr. Mashian is a

19  business attorney that has provided legal services on occasion for Vision Capital,

20  LLC.  Thus, there are no grounds to depose Mr. Mashian.

21       There is also no basis on which to depose or obtain documents from Mr.

22  Kadisha, a principal of Omninet Capital and Omni 808.  The Discovery Master

23  already found that information relating to Omninet Capital is not relevant to this

24  action, and found that information relating to Omni 808 is not relevant except for a

25  narrow subset of documents relating to "MGA's net worth."  Because all

26  potentially relevant information will be produced by Omni 808 pursuant to the

27  Discovery Master's March 10 Order, there is no basis or need to depose Mr.

28  Kadisha.  Moreover, each of the 44 broad categories of documents requested by

A/72865234.2/3009108-0000337036                    -2-

EXHIBIT ___6___

PAGE ___136___

1   Mattel from Mr. Kadisha is either irrelevant or duplicative in light of the Court's

2   March 10 Order.

3       Second, Mattel's subpoenas are abusively drawn for the purpose of

4   annoying, harassing and exerting pressure on the Non-party Deponents. As this

5   Court is aware, these abusive litigation tactics are not new to either Mattel or its

6   counsel at Quinn Emanuel. Indeed, the leading Ninth Circuit Court of Appeals

7   opinion concerning abusive non-party discovery involves subpoenas served by

8   Mattel and Quinn Emanuel under similar (though less egregious) circumstances.

9   In that case, *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir.

10  2003), the Court found that Mattel served the subpoenas to "exert pressure" on

11  non-party witnesses and that "a pattern is clear in this case that [Mattel's counsel]

12  files these oppressive subpoena requests … for the purpose of annoying and

13  harassment and not really for the purpose of getting information." *Id.* at 814. The

14  Court quashed the subpoenas and sanctioned Mattel for abuse of the discovery

15  process. *Id.* The Court should do the same here.

16      Third, although it is now clear that the deposition subpoenas are improper

17  given this Court's March 10, 2009 Order, even if this Court were to determine that

18  any of the Non-party Deponents potentially have relevant information, the Court

19  should forbid the depositions from going forward until Mattel has exhausted its

20  ability to obtain the information from actual parties to the litigation. There is

21  ample authority for the proposition that parties are required to seek information

22  from actual parties to a case before burdening non-parties.

23      Fourth, the Court should quash the subpoenas because Mattel unilaterally

24  noticed the depositions without extending the most basic professional courtesy of

25  contacting counsel for MGA or the Non-party Deponents before scheduling the

26  depositions and refused to even respond to MGA's and the Non-party Deponents'

27  written requests to withdraw or reschedule the depositions. Furthermore, some of

28  the depositions conflict with hearings that are scheduled before this Court.

A/72865234.2/3009108-0000337036                    -3-

EXHIBIT ___6___

PAGE ___139___

1 | Mattel's failure to extend this basic professional courtesy and respond to the Non-
2 | party Deponents' written requests is an independent basis to quash the subpoenas.
3 |     Accordingly, the Non-party Deponents respectfully request that the Court
4 | quash the subpoenas and/or issue a protective order forbidding the depositions
5 | from going forward.
6 |
7 | **II.    STATEMENT OF FACTS**
8 |     On February 25 and 26, 2009, Mattel issued three deposition subpoenas on
9 | non-parties Leon Neman, Fred Mashian and Neil Kadisha ("Non-party
10 | Deponents"). (Exs. A, B, C to Villar Decl.) The subpoena directed to Mr. Kadisha
11 | also requests 44 broad categories of documents, which seek virtually the exact
12 | same information and documents contained in the subpoenas to the non-party
13 | Finance Entities that the Discovery Master found to be irrelevant pursuant to the
14 | March 10, 2009 Order.
15 |     On March 4, 2009, the Court held a hearing on Mattel's Motion to Compel
16 | the Production of Documents Responsive to Third-Party Subpoenas. The Court
17 | informed the parties it would issue an order on the motions the following week.
18 | The Court has also scheduled a hearing on Non-Party Bingham McCutchen LLP's
19 | Motion to Quash Mattel's Subpoena to Bingham McCutchen LLP for April 14,
20 | 2009.
21 |     On or about March 6, 2009, following Mattel's notice of the depositions,
22 | Amman A. Khan, attorney for MGA Entertainment, Inc., wrote a letter Jon Corey,
23 | attorney for Mattel. (Ex. D to Villar Decl.) Mr. Khan informed Mr. Corey that
24 | none of the dates were cleared by MGA before scheduling the depositions. (*Id.*)
25 | Further, Mr. Khan also informed Mr. Corey that some of non-party witness
26 | depositions conflict with hearings that are set before this Court. (*Id.*)
27 |     Shortly thereafter, on March 6, 2009, Peter Villar, attorney for the Non-party
28 | Deponents, sent a letter to Mr. Corey. (Ex. E to Villar Decl.) Mr. Villar told Mr.

A/72865234.2/3009108-0000337036                   -4-

EXHIBIT _____6_____

PAGE _____140_____

1  Corey that Mattel did not have the courtesy to clear any of the deposition dates

2  with Bingham or the Non-party Deponents either. (*Id.*) Mr. Villar also explained

3  that the deposition subpoenas are just as improper as the document subpoenas that

4  Mattel issued to other Non-party Finance Entities. (*Id.*) Mr. Villar requested that

5  the depositions be taken off-calendar because, at a minimum, they were premature

6  given the fact that the Court's rulings on the pending discovery motions would

7  necessarily impact the propriety, timing and scope of any third-party discovery.

8  (*Id.*) Mr. Villar also informed Mr. Corey that if Mattel does not take the

9  depositions off-calendar, the Non-party Deponents would have no choice but to

10  notify the Discovery Master so as to preserve their rights. (*Id.*) Mattel never

11  responded to either Mr. Khan's or Mr. Villar's letter. (Villar Decl., ¶ 7.)

12      On March 10, 2009, the Court issued its Order No. 3, Regarding: (1) Motion

13  of MGA Entertainment, Inc., Isaac Larian and MGA Entertainment (HK) Limited

14  to Quash Non-party Subpoenas; and (2) Motion of Mattel, Inc. to Compel

15  Production of Documents Responsive to the Same Non-party Subpoenas. Among

16  other things, the Court's Order specifically addressed Mattel's Motion to Compel

17  in relation to the subpoenas directed to Omni 808 Investors, LLC, Omninet

18  Capital, LLC and Vision Capital, LLC (collectively, "Financing Entities").

19      The Court held that "Mattel's Motion to Compel the Financing Entities to

20  produce documents responsive to the Subpoenas is **DENIED** with respect to

21  OmniNet Capital, LLC and Vision Capital, LLC." (March 10, 2009 Discovery

22  Master Order at 28.) The Court specifically noted that "neither entity is alleged by

23  Mattel to be a creditor of MGA Entertainment, Inc." (March 10, 2009 Discovery

24  Master Order at 19 n. 17.) Further, the Court also denied Mattel's Motion to

25  Compel for all but a narrow subset of the documents sought from Omni 808. The

26  Court held that a very limited number of documents are relevant to "MGA's Net

27  Worth." (March 10, 2009 Discovery Master Order at 19, 20.) Specifically, the

28  Court ordered only the production of "documents relating to (1) the existence of

EXHIBIT _____6_____

PAGE _____141_____

1   any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC,

2   including any debt purchased from Wachovia Bank, and (2) any communications

3   between Omni 808 Investors, LLC and the MGA parties regarding any such

4   indebtedness." (March 10, 2009 Discovery Master Order at 29.)  The Court

5   "denied" all other documents sought from Mattel's subpoenas to the Non-party

6   Finance Entities.  (*Id.*)

7          Despite the Court's March 10, 2009 Order, Mattel has not agreed to

8   withdraw its subpoenas to the Non-party Deponents.  Thus, the Non-party

9   Deponents had no alternative but to move to quash the subpoenas and for a

10  protective order.

11

12  **III.   LEGAL ARGUMENT**

13         **A.   The Court Has The Discretion To Quash The Subpoenas**

14              **And/Or Issue A Protective Order**

15         "The subpoena power is a substantial delegation of authority to private

16  parties, and those who invoke it have a grave responsibility to ensure it is not

17  abused." *Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003).  Rule 45(c),

18  which sets forth the procedures for quashing abusive subpoenas, "is intended to

19  protect nonparties to litigation from, in effect, suffering inconvenience or expense

20  from having to participate in someone else's quarrel." *Hackmann v. Auto Owners*

21  *Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009); *see*

22  *also Fairview Development Corp. v. Aztec Custom Homebuilders, LLC*, No. CV-

23  07-0337-PHX-SMM, 2008 WL 2113492, at *1 (D. Ariz. May 16, 2008) ("'A court

24  ***must*** quash or modify a subpoena that subjects a person to undue burden' . . . [and]

25  ***must*** quash a subpoena that 'requires disclosure of privileged or other protected

26  matter, if no exception or waiver applies.'") (emphasis added); *Exxon Shipping Co.*

27  *v. U.S. Dept. of Interior, et al.*, 34 F.3d 774, 779 (9th Cir.1994) ("Rule 26(c) and

28  Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas

EXHIBIT ___*6*___

PAGE ___*142*___

1   causing 'undue burden.'"").

2        Furthermore, under Federal Rule of Civil Procedure 26(c), "[t]he Court has

3   discretion to issue a protective order forbidding or limiting discovery." *Lizotte v.*

4   *Praxair, Inc.*, No. C07-1868RSL, 2009 WL 159249, at *1 (W.D. Wash. Jan. 22,

5   2009) (citing Fed. R. Civ. P. 26(c)(1)).  Rule 26(c) of the Federal Rules of Civil

6   Procedure provides, in pertinent part, that "[t]he court may, for good cause, issue

7   an order to protect a party or person from annoyance, embarrassment, oppression,

8   or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).  The Court's order may

9   include: (1) "forbidding the disclosure or discovery;" (2) "specifying terms,

10  including time and place, for the disclosure or discovery;" and (3) "forbidding

11  inquiry into certain matters, or limiting the scope of disclosure or discovery to

12  certain matters." Fed. R. Civ. P. 26(c)(1)(A), (B) & (D).

13       It is also well-recognized in the Ninth Circuit that the protections afforded

14  under the Federal Rules of Civil Procedure are heightened where a non-party is

15  moving to quash and/or for a protective order. *See, e.g., Dart Industries Co., Inc.*

16  *v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While

17  discovery is a valuable right and should not be unnecessarily restricted, the

18  'necessary' restriction may be broader when a nonparty is the target of discovery")

19  (citation omitted); *see also Laxalt v. McClatchy*, 116 F.R.D. 455, 457 (D. Nev.

20  1986) (it is "well established that nonparties to litigation enjoy greater protection

21  from discovery than normal parties"); *Jadwin v. County of Kern*, No. CV-F-07-026

22  OWW/TAG, 2008 WL 2916386, at *2 (E.D. Cal. Jul. 28, 2008) ("Discovery

23  restrictions may be even broader where the target is a non-party."); *Beinin v.*

24  *Center for Study of Popular Culture*, No. C 06-02298 JW, 2007 WL 1795693, at

25  *6 (N.D. Cal. June 20, 2007) ("necessary restrictions must be imposed on non-

26  party discovery to protect third parties from harassment, inconvenience, or

27  disclosure of confidential documents") (citation omitted).  Indeed, this Court has

28  specifically noted "[c]ourts applying Rules 26 and 45 have interpreted these rules

EXHIBIT ___6___

PAGE ___143___

1   to afford non-parties special heightened protection against burdensome discovery."

2   (March 10, 2009 Discovery Master Order at 14.)

3        As set forth below the Court should quash the subpoenas and/or issue

4   protective order because, among other things: (1) the subpoenas seek information

5   that is not relevant and beyond the scope of the Discovery Master's Order No. 3

6   issued on March 10, 2009; (2) the subpoenas are duplicative of discovery already

7   sought by Mattel and abusively drawn for the purpose of annoying, harassing and

8   exerting pressure on the Non-party Deponents; (3) any information purportedly

9   relevant to Phase 2 should be first sought from the parties before burdening non-

10  parties; and (4) Mattel unilaterally set the deposition dates and times without

11  consulting with the Non-party Deponents or their counsel.

12  **B.    The Court's March 10, 2009 Order Affirms That Mattel's**

13        **Subpoenas To The Non-party Deponents Should Be**

14        **Quashed**

15        **1.    Mattel's Deposition Subpoenas Are Improper**

16              **And Seek Irrelevant Information**

17        The Court's March 10, 2009 Order affirmed the Financing Entities'

18  contentions that Mattel's abusively drawn subpoenas are improper, harassing and

19  seek information that is wholly irrelevant to the Phase 2 proceedings between

20  Mattel and MGA.  Despite the fact that Mattel's subpoenas to the Non-party

21  Deponents seeks the exact same information that this Court deemed to be

22  irrelevant, Mattel refuses to withdraw its subpoenas.  Thus, the Court should quash

23  the deposition subpoenas.

24        In its March 10, 2009 Order, the Court affirmed that the information Mattel

25  is seeking from the Financing Entities, and the individuals related thereto, is

26  irrelevant to the Phase 2 proceedings between Mattel and MGA.  This Court

27  specifically rejected each and every argument that Mattel presented in support of

28  the purported relevance of the documents sought from Omninet Capital, LLC and

A/72865234.2/3009108-0000337036                    -8-

EXHIBIT        6

PAGE        144

1    Vision Capital, LLC.  Among other things, the Court specifically noted that

2    "neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc."

3    (March 10, 2009 Discovery Master Order at 28.)  Thus, the Court unequivocally

4    held that "Mattel's Motion to Compel the Financing Entities to produce documents

5    responsive to the Subpoenas is **DENIED** with respect to OmniNet Capital, LLC

6    and Vision Capital, LLC." (March 10, 2009 Discovery Master Order at 29.)

7        The Court also denied Mattel's Motion to Compel all but a very limited

8    subset of the documents sought from Omni 808. All of Mattel's relevance

9    arguments relating to Omni 808 were also rejected, except a very narrow category

10   of documents relating to "MGA's networth." (March 10, 2009 Discovery Master

11   Order at 19.)  Specifically, the only documents that this Court deemed to be

12   relevant at all are "documents relating to (1) the existence of any debt owed by

13   MGA Entertainment, Inc. to Omni 808 Investors, LLC, including any debt

14   purchased from Wachovia Bank, and (2) any communications between Omni 808

15   Investors, LLC and the MGA parties regarding any such indebtedness." (March

16   10, 2009 Discovery Master Order at 29.)

17       This Court's March 10, 2009 Order affirms that Mattel's deposition

18   subpoenas to the Non-party Deponents are improper and should be quashed. The

19   Court has made it abundantly clear that all of the information Mattel is seeking,

20   other than a very limited portion of documents sought from Omni 808 relating to

21   MGA's networth, is not relevant to the Phase 2 proceedings. The information

22   sought from Mattel's document subpoenas to the Financing Entities is inextricably

23   intertwined with the information Mattel is seeking to obtain from the Non-party

24   Deponents.

25       Given the Court's order, there is no reason that Mattel should be permitted

26   to harass the Non-party Deponents through a series of depositions. Mr. Neman is a

27   principal of Vision Capital. Significantly, this Court denied Mattel's Motion to

28   Compel against Vision Capital in its entirety because, among other reasons, the

A/72865234.2/3009108-0000337036                    -9-

EXHIBIT _____ 6 _____

PAGE _____ 145 _____

1   information sought is not relevant to the Phase 2 proceedings. Thus, the deposition

2   of Mr. Neman, seeking the exact same information Mattel was seeking in its

3   subpoena to Vision Capital, is improper and should be quashed.

4        Similarly, Mr. Mashian is an outside business attorney that has on occasion

5   provided legal services for Vision Capital. Thus, there are no grounds to depose

6   Mr. Mashian, and the deposition subpoena directed to him must be quashed.

7        There are also no grounds to depose Mr. Kadisha, a principal of Omninet

8   Capital and Omni 808. Although this Court deemed a very limited amount of

9   Omni 808 documents relevant to "MGA's net worth," that does not justify

10  harassing Mr. Kadisha with a deposition subpoena. It is clear that the "existence of

11  any debt" and the relevant "communications between Omni 808 Investors, LLC

12  and MGA parties regarding such indebtedness" will be contained within the

13  documents that Omni 808 will be producing pursuant to this Court's March 10,

14  2009 Order. There is simply no need to depose Mr. Kadisha given that the

15  information sought will be contained within the documents. At a minimum, the

16  Court should quash the subpoena to Mr. Kadisha and require Mattel to demonstrate

17  to this Court, after reviewing the documents, what additional information it needs

18  before subjecting Mr. Kadisha to a deposition.

19       Accordingly, the Non-party Deponents respectfully request that the Court

20  quash the deposition subpoenas in their entirety.

21       **2.    Mattel's Document Requests To Mr. Kadisha**

22            **Should Be Quashed Because It Is Overbroad**

23            **And Seeks Documents Irrelevant To Phase 2**

24       In addition to the testimony sought from the Non-party Deponents, Mattel's

25  subpoena to Mr. Kadisha also requests that he produce documents in response to

26  44 overbroad, duplicative and irrelevant document requests. The documents

27  sought are the exact same documents that Mattel sought from the Financing

28  Entities and which this Court concluded were not relevant to the Phase 2

A/72865234.2/3009108-0000337036                    -10-

EXHIBIT ___6___

PAGE ___146___

1  proceedings. Thus, this Court should quash the document subpoena to Mr.

2  Kadisha in its entirety.

3      In the Court's March 10, 2009 Order, it determined, among other things, that

4  Mattel's subpoenas to Vision Capital, LLC and OmniNet Capital, LLC were

5  overbroad and sought information irrelevant to the Phase 2 proceedings between

6  Mattel and MGA. The Court denied Mattel's motions to compel in response to

7  these subpoenas in their entirety. Furthermore, the Court determined that virtually

8  all of the documents sought from Omni 808 were also irrelevant and denied

9  Mattel's motion to compel to all but a limited portion of the documents relating to

10  "the existence of any debt owed by MGA Entertainment, Inc. to Omni 808

11  Investors" and "communications between Omni 808 Investors, LLC and the MGA

12  parties regarding any such indebtedness." (March 10, 2009 Discovery Master

13  Order at 29.)

14      In its 44 requests to Mr. Kadisha, Mattel seeks the exact same documents

15  that it sought from the Financing Entities and that the Court concluded were

16  irrelevant to the Phase 2 proceedings. (See Ex. A to Villar Decl.) As outlined in

17  Mr. Kadisha's objections, the Financing Entities' oppositions to Mattel's motions

18  to compel and the Court's March 10, 2009 Order, Mattel's document requests seek

19  irrelevant information and are grossly overbroad.[1] (See Ex. F to Villar Decl.)

20  Since the Court determined that the Financing Entities were not required to

21  produce the documents that Mattel is seeking from Mr. Kadisha, there is no basis

22  to require the individuals related to the entities to produce them. Furthermore,

23  based on the Court's March 10, 2009 Order, the only documents that could

24  plausibly be relevant to Phase 2 are documents evidencing "the existence of any

25

26  _____
[1] Pursuant to Rule 10 of the Federal Rule of Civil Procedure, Mr. Kadisha adopts

27  by reference the arguments set forth in the Financing Entities' oppositions to
   Mattel's motions to compel.

28

A/72865234.2/3009108-0000337036                   -11-

EXHIBIT ___6___

PAGE ___147___

1   debt" and "communications between Omni 808 Investors, LLC and the MGA

2   parties regarding any such indebtedness." (March 10, 2009 Discovery Master

3   Order at 29.) However, these documents are being produced by Omni 808, and

4   therefore the requests to Mr. Kadisha are duplicative. Thus, to the extent Mr.

5   Kadisha even has relevant documents in his possession, custody or control, there is

6   no basis to require him to produce these exact same documents. Accordingly, the

7   Court should quash the document subpoena to Mr. Kadisha.

8         **C.   Mattel's Subpoenas Should Be Quashed Because They Are**

9              **Duplicative, Overbroad And Abusively Drawn**

10             Independent of the fact that Mattel's subpoenas seek information that is

11  wholly irrelevant to the Phase 2 proceedings, the Court should quash Mattel's

12  subpoenas because they are duplicative of discovery already sought by Mattel and

13  abusively drawn for the purpose of annoying, harassing and exerting pressure on

14  the Non-party Deponents.

15             In *Mattel, Inc. v. Walking Mountain Productions*, Mattel and its counsel

16  Quinn Emanuel issued a subpoena to one of the defendant's expert's employers in

17  a purported attempt to obtain information to impeach the expert's testimony. *Id.* at

18  813. Judge Ronald Lew of the Central District of California found that Mattel's

19  subpoenas were "way too broad for the explanation given by [Mattel's counsel],"

20  "abusively drawn," and that "no attempt had been made to try to tailor the

21  information request to the immediate needs of the case." *Id.* at 813. The Court

22  found that Mattel served the subpoenas to "exert pressure" on non-party witnesses

23  and that "a pattern is clear in this case that [Mattel's counsel] files these oppressive

24  subpoena requests ... for the purpose of annoying and harassment and not really

25  for the purpose of getting information." *Id.* at 814. The Court quashed the

26  subpoenas and sanctioned Mattel for abuse of the discovery process. *Id.* The

27  Ninth Circuit affirmed the district court's order quashing the subpoena and issuing

28  sanctions against Mattel. *Id.*

A/72865234.2/3009108-0000337036                    -12-

EXHIBIT ___6___

PAGE ___148___

1    In affirming the district court's order quashing the subpoena, the Ninth

2  Circuit Court of Appeals made several findings that are instructive on the issues

3  presented in this motion. First, the court noted that "Mattel had served a virtually

4  identical Rule 30(b)(6) subpoena and document demand" on other nonparties,

5  which led such parties to withdraw as percipient witnesses. Similarly, the

6  deposition subpoenas to the Non-party Deponents and the document subpoena on

7  Mr. Kadisha seek the exact same information sought in the subpoenas that Mattel

8  has directed to the Financing Entities and other non-parties, including, without

9  limitation, those served upon Omni 808 Investors, LLC, Vision Capital, LLC,

10  Omninet Capital, LLC, Lexington Financial, LLC, and Bingham McCutchen LLP.

11  As the Ninth Circuit Court of Appeals noted, the pattern and practice of serving

12  identically overly broad and abusive subpoenas supports the notion that the

13  subpoenas were served for an improper purpose. *Id.* at 813-14.

14    Further, the court noted that the overbreadth of the subpoena and the tenuous

15  relationship that the subpoenaed parties had to the litigation demonstrated that the

16  subpoenas were "'served for the purpose of annoying and harassment and not

17  really for the purpose of getting information.'" *Id.* at 814. This is the exact same

18  tactic that Mattel and its attorneys are using in this litigation. The Discovery

19  Master's March 10, 2009 Order affirmed that the information sought from the

20  Financing Entities is not relevant to the Phase 2 proceedings. Furthermore, Mattel

21  has served virtually the exact same subpoena, seeking the same information, to a

22  plethora of non-parties. Thus, similar to its tactics in *Mattel, Inc. v. Walking*

23  *Mountain Productions*, the only conclusion that can possibly be drawn from

24  Mattel's subpoenas to the Non-party Deponents is that they were issued in order to

25  annoy, burden and harass.

26    Therefore, because Mattel's subpoenas to the Non-party Deponents are

27  duplicative, overbroad, harassing and abusively drawn, the Court should quash

28  them in their entirety.

A/72865234.2/3009108-0000337036

-13-

EXHIBIT __6__

PAGE __149__

**D.** **Mattel's Subpoenas Should Be Quashed Because Mattel Has Made No Effort To Obtain The Information From The Parties Before Burdening Non-Parties**

This Court has already determined that virtually all of the information Mattel is seeking is irrelevant to the Phase 2 proceedings. Nonetheless, if this Court somehow determines that the Non-party Deponents may have information that is relevant to the Phase 2 proceedings, the Court should issue a protective order forbidding the Non-party Deponents' depositions until Mattel has exhausted its ability to obtain the information sought from actual parties to the litigation. Mattel's attempt to burden non-parties with the expense of responding to discovery that may be obtained from parties to the litigation is wholly improper.

There is ample authority in the Ninth Circuit for the proposition that a party is required to seek information from parties before burdening non-parties. *See, e.g., Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (quashing non-party subpoena when the "requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty"); *Dibel v. Jenny Craig, Inc.*, Civil No. 06cv2533 BEN(AJB), 2007 WL 2220987, at *2 (S.D. Cal. Aug. 1, 2007) (granting motion to quash third party subpoena because request for documents "duplicative and overly burdensome" when the requested documents were available from defendants); *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06cv991-WQH (BLM), 2007 WL 1994059, at *1 (S.D. Cal. Jul. 2, 2007) ("District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that the discovery sought is 'unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.') (citing Fed. R. Civ. P. 26(b)(2)(C)).

Mattel is purportedly seeking information relating to Omni 808's acquisition

A/72865234.2/3009108-0000337036

-14-

EXHIBIT ___6___

PAGE ___150___

1   of debt in MGA. However, Mattel has not exhausted its ability to obtain this

2   information from MGA or other parties to the litigation. Rather, Mattel's pattern

3   and practice has been to send subpoenas seeking the exact same information to as

4   many non-party entities as possible. Mattel's duplicative discovery is improper,

5   especially considering that Mattel can seek this information from actual parties to

6   this litigation. Thus, at a minimum, the Court should require Mattel to seek the

7   information from MGA or other parties to this action before burdening non-parties.

8   **E.   The Court Should Quash The Subpoenas Because Mattel**

9   **Failed To Meet And Confer Before Scheduling The**

10   **Depositions**

11   Aside from the fact that the deposition subpoenas are abusively drawn and

12   seek information that is irrelevant to the Phase 2 proceedings, the deposition

13   subpoenas should be quashed and/or a protective order should be issued because

14   Mattel failed to meet and confer with counsel and the Non-Party Deponents before

15   scheduling the deposition dates.

16   "The failure to meet and confer in scheduling a deposition . . . is a factor in

17   deciding whether a protective order should be granted." *Koninklike Philips*

18   *Electronics N.V. v. KXD Technology, Inc.*, No. 2:05-cv-1532-RLH-GWF, 2007

19   WL 3101248, at *17 (D. Nev. Oct. 16, 2007); *Ray v. BlueHippo Funding, LLC*,

20   No. C-06-1807 JSW (EMC), 2008 WL 3399392, at *2-3 (N.D. Cal. Aug. 11, 2008)

21   (granting protective order preventing the deposition from taking place on the

22   scheduled date where the defendants' counsel was unavailable on the noticed

23   dates); *Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.*, 164 F.R.D.

24   232, 233 (S.D. Ohio 1995) (issuing protective order staying deposition of third

25   party when parties failed to "discuss and agree to a deposition date before the

26   issuance of the subpoena, not after"); *Valvida v. Kmart Corp.*, 2000 WL 1739215,

27   at *2 (D. Virgin Islands 2000) (ordering parties to confer and agree on dates for

28   depositions of witnesses).

A/72865234.2/3009108-0000337036

-15-

EXHIBIT ___6___

PAGE ___151___

1    Here, Mattel made no effort to meet and confer before scheduling the

2    depositions to determine the availability of counsel and the Non-Party Deponents.

3    On March 6, 2009, attorneys for MGA wrote a letter to Mattel informing them that

4    none of the deposition dates were cleared with them and, in fact, some of them

5    conflicted with hearings scheduled before this Court. (Ex. __ to Villar Decl.)

6    Similarly, counsel for the Non-party Deponents also sent a letter to Mattel's

7    attorney informing them that the depositions were premature, improper and that

8    none of the dates were cleared with the non-parties or their counsel. (Ex. E to

9    Villar Decl.)  Furthermore, even after the Court issued its March 10, 2009 ruling,

10    which essentially holds that the information Mattel is seeking is irrelevant to Phase

11    2, Mattel refused to withdraw its subpoenas or respond to either MGA's or the

12    Non-party Deponents' correspondence.  Given that the discovery cut-off date is

13    nine months away, there is no reason that Mattel could not have conferred with all

14    parties and counsel before noticing the depositions.

15    Because Mattel failed to meet and confer with the Non-party Deponents or

16    MGA regarding their availability for these depositions, the Non-party Deponents

17    respectfully request that the Court quash the subpoenas and/or issue a protective

18    forbidding the depositions from going forward.

19

20    **IV.     CONCLUSION**

21    For the forgoing reasons, the Non-party Deponents respectfully request that

22    the Court issue a protective order and/or quash the subpoeans in their entirety.

23

24

25

26

27

28

A/72865234.2/3009108-0000337036                                    -16-

EXHIBIT ___6___

PAGE ___152___

DATED:  March 12, 2009                    Bingham McCutchen LLP



By: _____
     Peter N. Villar
     Attorneys for Non-parties
     LEON NEMAN, FRED MASHIAN
     and NEIL KADISHA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A/72865234.2/3009108-0000337036                    -17-

EXHIBIT ___6___

PAGE ___153___

# Exhibit H

**THIS EXHIBIT IS FILED UNDER SEAL
PURSUANT TO PROTECTIVE ORDER**