EXHIBIT 1

AO 88 (Rev 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL      CALIFORNIA

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: ' CV 04-9049 SGL (RNBx)
Consolidated with cases 04-9059
and 05-2727

TO: Leon Neman
    308 Foothill Road
    Beverly Hills, CA 90210

  ☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 | February 23, 2009<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Michael T. Zeller /SH<br>Attorney for Plaintiff, Mattel, Inc. | February 6, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael T. Zeller, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

' If action is pending in district other than district of issuance, state district under case number

PAGE _____ 6

AO-88

## PROOF OF SERVICE

February 9, 2009 2:00 pm

Leon Neman
1525 South Broadway
Los Angeles, CA 90015

Cindy Lewis, personal assistant of Leon Neman

personal

WITNESS FEES
$0.00

David Antolin

PROCESS SERVER

## DECLARATION OF SERVER

February 10, 2009

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026

213-482-1567 Registered Los Angeles County #5426

**EXHIBIT** ___1___

**PAGE** ___7___

## ATTACHMENT A

1.      All documents referring or relating to agreements, contracts or transactions between Leon Neman, Firoozeh Neman, or any company, trust or business entity which Leon Neman or Firoozeh Neman owns, has an interest in or controls (hereinafter, collectively, "Neman"), and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA") in effect at any time after January 1, 2004, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.      All documents referring or relating to agreements, contracts or transactions relating to Vision Capital, LLC or any subsidiary or affiliate of Vision Capital, LLC (hereinafter, collectively, "Vision Capital"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.      All documents referring or relating to agreements, contracts or transactions relating to Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.      All documents referring or relating to agreements, contracts or transactions relating to Omni 808 Investors, LLC or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

5.      All documents referring or relating to agreements, contracts or transactions relating to OmniNet Capital, LLC or any subsidiary or affiliate of OmniNet Capital, LLC (hereinafter, collectively, "OmniNet"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

6.      All documents referring or relating to agreements, contracts or transactions relating to IGWT 826 Investments, LLC, IGWT Group, LLC or any subsidiary or affiliate of IGWT 826 Investments, LLC or IGWT Group, LLC (hereinafter, collectively, "IGWT"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

7.      All documents containing financial information, including but not limited to historical and prospective financial performance, relating to MGA since January 1, 2004.

8.      Documents sufficient to identify (a) each corporation, company, partnership, trust or other business entity in which Neman is or has been an officer, director,

EXHIBIT _____/_____

PAGE _____8_____

07209/2789654 1

member, managing member, shareholder, trustee or holder of any ownership interest at any time after January 1, 2004, and (b) the dates of such affiliation by Neman.

9.      All documents referring or relating to the formation, governance, ownership or capitalization of Vision Capital, OmniNet, Omni 808, Lexington Financial and/or IGWT.

10.      All documents referring or relating to Neman's control over, involvement with, role in, ownership of or other interest in Vision Capital, OmniNet, Omni 808, Lexington Financial and/or IGWT, whether direct or indirect.

11.      All documents detailing or setting forth the relationship between Neman and Vision Capital, OmniNet, Omni 808, Lexington Financial and/or IGWT, if any.

12.      All documents detailing or setting forth the relationship between Neman and MGA, if any, at any time after January 1, 2004.

13.      All documents referring or relating to the source of funding or credit to, for or from Vision Capital, Lexington Financial, Omni 808, OmniNet and/or IGWT.

14.      All documents referring or relating to the source of funding or credit to, for or from MGA at any time after January 1, 2004.

15.      All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to OmniNet, Omni 808, Vision Capital, Lexington Financial or IGWT.

16.      All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after January 1, 2004.

17.      All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid to, from or by OmniNet, Omni 808, Vision Capital, Lexington Financial or IGWT, whether directly or indirectly.

18.      All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by or to MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after January 1, 2004.

19.      All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid to Neman by MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after January 1, 2004.

EXHIBIT ____/____

PAGE ____9____

20.     All communications referring or relating to Mattel at any time after January 1, 2004.

21.     All communications referring or relating to Omni 808, OmniNet, Lexington Financial, Vision Capital, IGWT and/or Bratz.

22.     All communications to, from or by Fred Mashian referring or relating to Omni 808, OmniNet, Lexington Financial, Vision Capital, IGWT, Mattel, MGA, Isaac Larian, Angela Larian, Farhad Larian, Monia Neman (aka Monia Mashian) and/or Bratz.

23.     All documents, including communications, referring or relating to Delaware Corporations LLC and/or Robin Brooks.

24.     All documents, including communications, referring or relating to Trust Services (Nevis) Limited and/or Nicoya Hanley.

25.     All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein, including but not limited to any documents setting forth or detailing the reason for Vision Capital, LLC's use of the address 1525 South Broadway, Los Angeles, CA 90015.

26.     Documents sufficient to show, at any time after January 1, 2004, each and every entity or business in which Neman has an interest or role or over which Neman has control and in which Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi have any interest or role or over which any of them have control.

27.     All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi, or any entity or business which any of them control, own or have an interest in and that also involves Neman or any entity or business that Neman controls, owns or has an interest in.

EXHIBIT _____ *1* _____

PAGE _____ *10* _____

# EXHIBIT 1

EXHIBIT _____/_____

PAGE _____/)_____

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
FRED MASHIAN
3102747001

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230830002
FILING NUMBER: 08-7170410100
FILING DATE: 08/28/2008 14:30
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 1525 SOUTH BROADWAY | LOS ANGELES | | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4588295 ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 33-35 DAWS LANE | LONDON | | | NW7 4SD | KEIR |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200822610026.

| 5. ALT DESIGNATION: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING |
|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |
| 8. OPTIONAL FILER REFERENCE DATA |

FILING OFFICE COPY

EXHIBIT _____1_____

PAGE _____12_____

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL                          CALIFORNIA

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: ¹  CV 04-9049 SGL (RNBx)
Consolidated with cases 04-9059
and 05-2727

TO: Leon Neman
    803 Foothill Road
    Beverly Hills, CA 90210

   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | February 23, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 |  |

   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael T. Zeller* /sH  Attorney for Plaintiff, Mattel, Inc. | February 6, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael T. Zeller, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page) EXHIBIT

¹ If action is pending in district other than district of issuance, state district under case number

PAGE ___ /3 ___

AO-88

AO88 (Rev 12/07) Subpoena in a Civil Case (Page 2)

---

## PROOF OF SERVICE

| | DATE | | PLACE | |
|---|---|---|---|---|

**SERVED**

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA**

(1) Avoiding Undue Burden or Expense; Sanctions  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena  The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply

(2) Command to Produce Materials or Permit Inspection

(A) Appearance Not Required  A person commanded to produce documents, not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial

(B) Objections  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested  The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served  If an objection is made, the following rules apply

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

(3) Quashing or Modifying a Subpoena

(A) When Required  On timely motion, the issuing court must quash or modify a subpoena that

(i) fails to allow a reasonable time to comply,

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held,

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) When Permitted  To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires

(i) disclosing a trade secret or other confidential research, development, or commercial information,

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party, or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative  In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship, and

(ii) ensures that the subpoenaed person will be reasonably compensated

**(d) DUTIES IN RESPONDING TO A SUBPOENA**

(1) Producing Documents or Electronically Stored Information  These procedures apply to producing documents or electronically stored information

(A) Documents  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand

(B) Form for Producing Electronically Stored Information Not Specified  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms

(C) Electronically Stored Information Produced in Only One Form  The person responding need not produce the same electronically stored information in more than one form

(D) Inaccessible Electronically Stored Information  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost  On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C)  The court may specify conditions for the discovery

(2) Claiming Privilege or Protection

(A) Information Withheld  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must

(i) expressly make the claim, and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim

(B) Information Produced  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has, must not use or disclose the information until the claim is resolved, must take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to the court under seal for a determination of the claim  The person who produced the information must preserve the information until the claim is resolved

**(e) CONTEMPT**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena  A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii)



EXHIBIT ___1___

PAGE ___14___

## ATTACHMENT A

1.     All documents referring or relating to agreements, contracts or transactions between Leon Neman, Firoozeh Neman, or any company, trust or business entity which Leon Neman or Firoozeh Neman owns, has an interest in or controls (hereinafter, collectively, "Neman"), and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA") in effect at any time after January 1, 2004, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.     All documents referring or relating to agreements, contracts or transactions relating to Vision Capital, LLC or any subsidiary or affiliate of Vision Capital, LLC (hereinafter, collectively, "Vision Capital"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.     All documents referring or relating to agreements, contracts or transactions relating to Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.     All documents referring or relating to agreements, contracts or transactions relating to Omni 808 Investors, LLC or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

5.     All documents referring or relating to agreements, contracts or transactions relating to OmniNet Capital, LLC or any subsidiary or affiliate of OmniNet Capital, LLC (hereinafter, collectively, "OmniNet"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

6.     All documents referring or relating to agreements, contracts or transactions relating to IGWT 826 Investments, LLC, IGWT Group, LLC or any subsidiary or affiliate of IGWT 826 Investments, LLC or IGWT Group, LLC (hereinafter, collectively, "IGWT"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

7.     All documents containing financial information, including but not limited to historical and prospective financial performance, relating to MGA since January 1, 2004.

8.     Documents sufficient to identify (a) each corporation, company, partnership, trust or other business entity in which Neman is or has been an officer, director,

EXHIBIT _____1_____

PAGE _____15_____

07209/2789654 1

member, managing member, shareholder, trustee or holder of any ownership interest at any time
after January 1, 2004, and (b) the dates of such affiliation by Neman.

      9.     All documents referring or relating to the formation, governance,
ownership or capitalization of Vision Capital, OmniNet, Omni 808, Lexington Financial and/or
IGWT.

      10.    All documents referring or relating to Neman's control over, involvement
with, role in, ownership of or other interest in Vision Capital, OmniNet, Omni 808, Lexington
Financial and/or IGWT, whether direct or indirect.

      11.    All documents detailing or setting forth the relationship between Neman
and Vision Capital, OmniNet, Omni 808, Lexington Financial and/or IGWT, if any.

      12.    All documents detailing or setting forth the relationship between Neman
and MGA, if any, at any time after January 1, 2004.

      13.    All documents referring or relating to the source of funding or credit to,
for or from Vision Capital, Lexington Financial, Omni 808, OmniNet and/or IGWT.

      14.    All documents referring or relating to the source of funding or credit to,
for or from MGA at any time after January 1, 2004.

      15.    All documents showing detail of all loan facilities with an indication of
creditor and relevant terms referring or relating to OmniNet, Omni 808, Vision Capital,
Lexington Financial or IGWT.

      16.    All documents showing detail of all loan facilities with an indication of
creditor and relevant terms referring or relating to MGA, Isaac Larian, Angela Larian, Farhad
Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after
January 1, 2004.

      17.    All documents referring or relating to transactions involving any
compensation, loans, advances, payments, fees or any other form of consideration paid to, from
or by OmniNet, Omni 808, Vision Capital, Lexington Financial or IGWT, whether directly or
indirectly.

      18.    All documents referring or relating to transactions involving any
compensation, loans, advances, payments, fees or any other form of consideration paid by or to
MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia
Mashian) and/or Eli Makabi at any time after January 1, 2004.

      19.    All documents referring or relating to transactions involving any
compensation, loans, advances, payments, fees or any other form of consideration paid to Neman
by MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia
Mashian) and/or Eli Makabi at any time after January 1, 2004.

EXHIBIT _____1_____

PAGE _____16_____

20. All communications referring or relating to Mattel at any time after January 1, 2004.

21. All communications referring or relating to Omni 808, OmniNet, Lexington Financial, Vision Capital, IGWT and/or Bratz.

22. All communications to, from or by Fred Mashian referring or relating to Omni 808, OmniNet, Lexington Financial, Vision Capital, IGWT, Mattel, MGA, Isaac Larian, Angela Larian, Farhad Larian, Monia Neman (aka Monia Mashian) and/or Bratz.

23. All documents, including communications, referring or relating to Delaware Corporations LLC and/or Robin Brooks.

24. All documents, including communications, referring or relating to Trust Services (Nevis) Limited and/or Nicoya Hanley.

25. All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein, including but not limited to any documents setting forth or detailing the reason for Vision Capital, LLC's use of the address 1525 South Broadway, Los Angeles, CA 90015.

26. Documents sufficient to show, at any time after January 1, 2004, each and every entity or business in which Neman has an interest or role or over which Neman has control and in which Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi have any interest or role or over which any of them have control.

27. All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi, or any entity or business which any of them control, own or have an interest in and that also involves Neman or any entity or business that Neman controls, owns or has an interest in.

EXHIBIT ____1____

PAGE ____17____

# EXHIBIT 1

EXHIBIT _____ 1 _____

PAGE _____ 18 _____

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
FRED MASHIAN
3102747001

**B. SEND ACKNOWLEDGEMENT TO: (Name and Address)**
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230430002
FILING NUMBER: 08-7170410109
FILING DATE: 09/29/2008 14:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING

THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 1525 SOUTH BROADWAY | LOS ANGELES | CA | 90015 | USA |

| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | LLC | DE | 4588295   ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - Insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - Insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 33-35 DAWS LANE | LONDON | | NW7 4SD | KBZK |

**4. This FINANCING STATEMENT covers the following collateral:**
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200822610026.

**5. ALT DESIGNATION:** ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

**6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS**
Attach Addendum [if applicable]

**7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)**
[ADDITIONAL FEE]   [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY

EXHIBIT ___1___

PAGE ___19___

EXHIBIT 2

*λ AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____     _____CALIFORNIA_____

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]   CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Neil Kadisha
    9420 Wilshire Blvd. Suite 400
    Beverly Hills, CA 90212

    YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[X]   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | March 19, 2009 |
| 865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 | 9:00 a.m. |

X    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | March 12, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /Jon Corey/ /SH/ | |
| Attorney for Plaintiff, Mattel, Inc. | February 25, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT _____2_____    AO-88

PAGE _____20_____

AO 88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | February 26, 2009 11:42 am | BINGHAM MCCUTCHEN<br>600 Anton Boulevard, 18th Floor<br>Costa Mesa, CA 92626 |
| SUBPOENA RE DEPOSITION | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Julie Valenzuela, auth to accept | personal | $89.20 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Eddie Luna | REGISTERED PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    February 26, 2009
                      DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
ADDRESS OF SERVER

213-482-1567 Registered Orange County #1932

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:



EXHIBIT ___2___

PAGE ___21___

ATTACHMENT A

1.    All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and MGA Entertainment, Inc., or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.    All documents referring or relating to agreements, contracts or transactions between OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital, LLC (hereinafter, collectively, "OmniNet"), and MGA, and any amendments or modifications thereto, any alleged defaults thereunder and any communications referring or relating to any such agreements, contracts or transactions.

3.    All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.    All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and MGA, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

5.    All documents referring or relating to agreements, contracts or transactions between Vision Capital and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

6.    All documents referring or relating to agreements, contracts or transactions between Omni 808 and Lexington Financial and/or Vision Capital, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

7.    All documents referring or relating to agreements, contracts or transactions between OmniNet and Vision Capital and/or Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

1

EXHIBIT 2

PAGE 22

8.      All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808, Vision Capital or Lexington Financial and any amendments or modifications thereto, any alleged defaults thereunder and any communications referring or relating to any such agreements, contracts or transactions.

9.      All documents referring or relating to agreements, contracts or transactions between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet, and any amendments or modifications thereto, any alleged defaults thereunder and any communications referring or relating to any such agreements, contracts or transactions.

10.      All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA to Omni 808, OmniNet, Lexington Financial or Vision Capital since January 1, 2007.

11.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Omni 808 and (b) the dates of such person's affiliation with Omni 808.

12.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital and (b) the dates of such person's affiliation with Vision Capital.

13.      Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

14.      All documents referring or relating to the formation and governance of Omni 808.

15.      All documents referring or relating to the formation and governance of Vision Capital, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Delaware Corporations LLC, and (b) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a).

16.      All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

17.      All documents detailing or setting forth the relationship between Omni 808 and OmniNet, if any.

2



EXHIBIT   2

PAGE   23

18. All documents detailing or setting forth the relationship between Omni 808 and Vision Capital or Lexington Financial, if any.

19. All documents detailing or setting forth the relationship between OmniNet and Vision Capital or Lexington Financial, if any.

20. All documents detailing or setting forth the relationship between Omni 808 and MGA, if any.

21. All documents detailing or setting forth the relationship between OmniNet and MGA, if any.

22. All documents detailing or setting forth the relationship between MGA and Vision Capital or Lexington Financial, if any.

23. All documents detailing or setting forth the relationship between Lexington Financial and Vision Capital, if any.

24. All documents detailing or setting forth the relationship between Omni 808 and Isaac Larian or his family members, if any. As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities that any of the foregoing own, have an interest in or control.

25. All documents detailing or setting forth the relationship between OmniNet and Isaac Larian or his family members, if any.

26. All documents detailing or setting forth the relationship between Lexington Financial or Vision Capital and Isaac Larian or his family members, if any.

27. All documents referring or relating to the source of funding or credit for Lexington Financial or Vision Capital.

28. All documents referring or relating to the source of funding or credit for Omni 808.

29. All documents referring or relating to the source of funding or credit for MGA.

30. All documents referring or relating to all contributions, loans and any sources of funding or credit for Omni 808 during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

3



EXHIBIT __2__

PAGE __24__

31.   All documents showing detail of loan facilities for Omni 808 with an indication of creditor and relevant terms referring or relating to MGA, OmniNet, Omni 808, Vision Capital, Lexington Financial, Isaac Larian or his family members.

32.   All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Omni 808 to Isaac Larian, his family members, or affiliates, or any other related party, including MGA.

33.   All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by OmniNet to Isaac Larian, his family members, or affiliates, or any other related party, including MGA.

34.   All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Vision Capital to Omni 808, OmniNet, Lexington Capital, Isaac Larian, his family members, or affiliates, or any other related party, including MGA.

35.   All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington Financial to Vision Capital, Omni 808, OmniNet, Isaac Larian, his family members, or affiliates, or any other related party, including MGA.

36.   Any and all records that substantiate transfers of assets by Omni 808 to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

37.   Any and all records that substantiate transfers of assets by Vision Capital to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

38.   Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

39.   All communications referring or relating to Omni 808, OmniNet, Vision Capital, Lexington Financial, Mattel, MGA, Isaac Larian, any entity or business owned or controlled by Isaac Larian or his family members, Fred Mashian and/or Bratz.

40.   All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808, OmniNet, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

41.   All documents relating to the U.C.C. financing statements and amendments attached as Exhibit 1.

4



EXHIBIT _ 2

PAGE _ 25

42.   Documents sufficient to show each and every entity or business in which you have an interest or role or over which you have control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

43.   All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business which Isaac Larian or his family members own, have an interest in or control and that also involves you, or any entity or business that you own, have an interest in or control.

44.   To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of your relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

5

EXHIBIT ___2___

PAGE ___26___

# EXHIBIT 1

EXHIBIT ___2___

PAGE ___27___

06-7090318014

10/30/2006 16:46

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

10214830082        UCC 1 FILING

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563
B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System--
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

**3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)** - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

**4. This FINANCING STATEMENT covers the following collateral:**

All of the Debtor's right, title and interest in now owned or hereafter acquired accounts, inventory, related assets and proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State        MN(070PP45-3)

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/90)
Gardner 19513/315438

EXHIBIT ____2____

PAGE ____28____

102148303002

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest to and under all of the following property, whether now owned or hereafter acquired by Debtor or in which Debtor now has or at any time in the future may acquire any right, title or interest, and whether now existing or hereafter arising:

(i)      all Accounts;

(ii)     all Inventory;

(iii)    all Documents relating to Inventory;

(iv)     all books and records pertaining to any property described in this definition;

(v)      all Supporting Obligations pertaining to any property described in this definition; and

(vi)     to the extent not otherwise included, all Proceeds.

Terms used herein without definition that are defined in the UCC have the respective meanings given them in the UCC and if defined in more than one article of the UCC, such terms shall have the meaning defined in Article 9 of the UCC.

As used herein:

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (i) rights, benefits, distributions, premiums, profits, dividends, interest, cash, Instruments, Documents, Accounts, contract rights, Inventory, Equipment, General Intangibles, Payment Intangibles, Deposit Accounts, Chattel Paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof; (ii) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (iii) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (iv) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

"UCC" means the Uniform Commercial Code as from time to time in effect in the State of New York; provided, however, to the extent that, by reason of mandatory provisions of law, any of the attachment, perfection, or priority of, or remedies with respect to, the Secured Party's security interest in any Collateral is governed by the Uniform Commercial Code as in effect in a jurisdiction other than the State of New York, the term "UCC" shall mean the Uniform Commercial Code as in effect in such other jurisdiction solely for purposes of the provisions hereof relating to such attachment, perfection, priority or remedies and for purposes of definitions related to such provisions.

LEGAL02/30132896v1

EXHIBIT _____2_____

PAGE _____29_____

**08-71714105**
**09/09/2008 16:03**

**FILED**
CALIFORNIA
SECRETARY OF STATE
SOS

18335690003    UCC 3 FILING

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

N-0000-058-2

**CL@S**
INCORPORATION
SERVICES

WWW.CLOSINC.COM

account number  10316AM(RW)

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318014 | 10/30/06 | 1b. THIS FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
| --- | --- | --- |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR   **OMNI 808 Investors LLC, as Agent** | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| --- | --- | --- | --- | --- |
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
| --- | --- | --- | --- | --- |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
| --- | --- | --- | --- |
| OR   **Wachovia Bank, National Association, as Agent** | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
**Debtor: MGA Entertainment Inc.**                                                    CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

N/726469123.1/3001762-0000308275

EXHIBIT ___2___

PAGE ___30___

**06-7090318135**

**10/30/2006 16:48**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214848002   UCC 1 FILING

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| MGA Entertainment Inc. | | | | |

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 95-3726898 | | Corporation | California | CA C1068282 |  ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | | |

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany,GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and MGA International, Inc., (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION (if applicable): | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] | | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State                                      MN676895-5

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
   Gardner 19513/315438

EXHIBIT ___2___

PAGE ___31___

1021484 0002

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, in the case of an Issuer that is a Foreign Subsidiary, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of such Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of such Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

A - 1

LEGAL02/30133111v1

EXHIBIT 2

PAGE 32

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting; and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT ___2___

PAGE ___33___

1021484000022

## SCHEDULE 1

MGA Entertainment Inc
Pledged Equity Interest:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, BPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.I. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | 2 | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| MGA International, Inc. | California | Shares Common Stock | 1 | 100% |

EXHIBIT _ 2 _____

PAGE ____ 34 ___

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER** (optional)
Ann Jones, Paralegal (404) 881-7563

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD

07-71137423
05/14/2007 11:35

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

12649650004   UCC 3 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
06-7090318135 filed 10/30/06

**1b.** ☐ THIS FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor  or ☐ Secured Party of record.  Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) or ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #   SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGA Entertainment Sweden AB, MGA Entertainment Benelux, SPRL, MGA Entertainment Germany GmbH, MGA Entertainment UK, Limited, MGA Entertainment Iberia, S.L., MGA Entertainment (France) SARL and MGA Entertainment (Canada) Company, (b) equity interests in MGA Entertainment Music, Inc., MGA Entertainment Productions, Inc., MGA Entertainment (Mexico) Inc. and The Little Tikes Company, (c) related assets and (d) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
File with California Secretary of State; Debtor Name: MGA Entertainment Inc.   6926488 90   JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)
Gardner 19513/315438

EXHIBIT ___2___

PAGE ___235___

12649650004

## Exhibit A

Debtor:
MGA Entertainment Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

Secured Party:
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuers (each an "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(c)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)     all certificates and instruments representing or evidencing any of the foregoing;

(f)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

EXHIBIT _____2_____

PAGE _____36_____

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Foreign Subsidiary" means an Issuer that is not incorporated or organized under the laws of any state of the United States or the District of Columbia.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT __2__

PAGE __37__

SCHEDULE I

MGA Entertainment Inc
Pledged Equity Interests:

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGA Entertainment Sweden AB | Sweden | Shares | N/A | 65% |
| MGA Entertainment Benelux, SPRL | Belgium | Shares | N/A | 65% |
| MGA Entertainment Germany, GmbH | Germany | Shares | N/A | 65% |
| MGA Entertainment UK, Limited | United Kingdom | Shares | 2 | 65% |
| MGA Entertainment Iberia, S.L. | Spain | Shares Participaciones Sociales | N/A | 65% |
| MGA Entertainment (France) SARL | France | Shares Parts Sociales | N/A | 65% |
| MGA Entertainment (Canada) Company | Canada | Shares Common Stock | N/A | 65% |
| MGA Entertainment Music, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment Productions, Inc. | California | Shares Common Stock | 1 | 100% |
| MGA Entertainment (Mexico) Inc. | California | Shares Common Stock | 1 | 100% |
| The Little Tikes Company | Ohio | Shares Common Stock | 3 | 100% |

LEOA1.02/30236856v2

EXHIBIT ___2___

PAGE ___38___

## UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGEMENT TO: (Name and Address)**

PH-0000459-7

CL@S

www.classinco.com

Account number 1036AMIRW

08-71714106
09/09/2008 16:03

FILED
CALIFORNIA
SOS         SECRETARY OF STATE

18335690004   UCC 7 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # 06-7090318135 | 10/30/06 | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|---|

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ **ASSIGNMENT (full):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | OMNI 808 Investors LLC, as Agent | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment Inc.                    CA-SOS

FILING OFFICE COPY – NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72G16923.1/3001762-0000308275

EXHIBIT  2
PAGE  39

**06-7090317861**

**10/30/2006 16:46**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

10214J0002 UCC 1 FILING

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

CT Corporation System
2295 Gateway Oaks Drive
Ste 185
Sacramento CA 95833

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME
MGA Entertainment (Mexico), Inc.

| OR | 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16380 Roscoe Blvd., Suite 200 | Van Nuys | CA | 91406 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| 20-0998523 | | Corporation | California | CA C2643976 | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| OR | 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | |
|---|---|---|---|---|---|
| | | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
Wachovia Bank, National Association, as Agent

| OR | 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| One South Broad Street, PA 4830 | Philadelphia | PA | 19107 | USA |

4. This FINANCING STATEMENT covers the following collateral:

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

| 5. ALTERNATIVE DESIGNATION (if applicable) | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum   [if applicable]   7. Check to REQUEST SEARCH REPORT(S) on Debtor(s)   [ADDITIONAL FEE]   [optional]   ☐ All Debtors   ☐ Debtor 1   ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State          MN167688845-1

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)
Gardner 19513/3 15438

EXHIBIT    2

PAGE    40

10214810002

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)     all Equity Interests now or hereafter acquired or held by Debtor in the issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)     all payments due or to become due to Debtor in respect of any of the foregoing;

(d)     all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(e)     all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(f)     all certificates and instruments representing or evidencing any of the foregoing;

(g)     all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(h)     all Proceeds of any of the foregoing.

Notwithstanding the foregoing, Debtor has only granted a security interest in (x) 65% (or such greater percentage that, due to a change in an applicable law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of the Issuer as determined for United States federal income tax purposes to be treated as a deemed dividend to the Issuer's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of the Issuer entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) and (y) 100% of the issued and outstanding Equity Interest of the Issuer not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other

EXHIBIT _____ 2

PAGE _____ 41

acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT _2_

PAGE _42_

## SCHEDULE 1

### MGA Entertainment (Mexico), Inc.
### Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parte Social | N/A | 65% |

EXHIBIT 2,

PAGE 43

### FILING OFFICER STATEMENT

### INTERNAL USE ONLY

1. Identification of the Record to which this FILING OFFICER STATEMENT relates.

1a. INITIAL FINANCING STATEMENT #: 067090317861

1b. RECORD TO WHICH THIS STATEMENT RELATES:

DOCUMENT NUMBER: 1026819000 1
FILING NUMBER: 0670908369
FILE DATE/TIME: 11/3/2006 1:34:00 PM

THE ABOVE SPACE IS FOR THE CA FILING OFFICE USE ONLY

2. Describe the Inaccuracy or mistake on the part of the file office.

☒ Debtor　　☐ Secured Party
☐ Name and Address not indexed.
☒ Name Indexed Incorrectly
☐ Address Indexed Incorrectly

☐ File Date entered incorrectly
☐ Wrong Action type entered
☐ Wrong Filing Type entered
☐ Filed In Error
☐ Other

3. Describe filing office administrative action taken as a result of inaccuracy or mistake (including date of each action).

☐ Added Name:
☐ Address:
☒ Corrected Name from: MGA EMTERTAINMENT (MEXICO), INC.
☒ To: MGA ENTERTAINMENT (MEXICO), INC.
☐ Corrected Address from:
☐ To:
☐ Corrected File Date from　　　to
☐ Re-entered the UCC3　　　as a
☐ Changed the Filing Type from　　　to
☐ Document Deleted
☐ Other:

4. Additional Explanation (if applicable):

11/03/2006 13:34

EXHIBIT ___2___

PAGE ___44___

1

**UCC FINANCING STATEMENT AMENDMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Ann Jones, Paralegal (404) 881-7563

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

```
UCC Direct Services
1232 Q St
Sacramento CA 95814
Account 10010537
CDD
```

**07-71137422**

**05/14/2007  11:35**

**FILED**
CALIFORNIA
SECRETARY OF STATE

SOS

12648850003   UCC 2 FILING

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #
06-7090317861 filed 10/30/06

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ **ASSIGNMENT** (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Give current record name in item 6a or 6b and/or new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.  ☐ DELETE name: Give record name to be deleted in item 6a or 6b.  ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 7d. TAX ID #: SSN OR EIN   ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any   ☐ NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☒ restated collateral description, or describe collateral ☐ assigned.

All of the Debtor's right, title and interest in the following, whether now owned or hereafter acquired: (a) subject to the limitation set forth in Exhibit A attached hereto, equity interests in MGAE de Mexico SRL de CV, (b) related assets and (c) proceeds thereof, all as more particularly described on Exhibit A attached hereto.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the Authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Wachovia Bank, National Association, as Agent | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
File with California Secretary of State; Debtor Name: MGA Entertainment (Mexico), Inc.   *(handwritten)* 6926488 SO

*(handwritten)* JBM

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Gardner 19513/315438

EXHIBIT *(handwritten)* 2

PAGE *(handwritten)* 45

12549850083

## Exhibit A

**Debtor:**
MGA Entertainment (Mexico), Inc.
16380 Roscoe Blvd., Suite 200
Van Nuys, California 91406

**Secured Party:**
Wachovia Bank, National Association, as Agent
One South Broad Street, PA 4830
Philadelphia, Pennsylvania 19107

All of Debtor's right, title and interest in, to and under the following (collectively, the "Collateral"):

(a)    all Equity Interests now or hereafter acquired or held by Debtor in issuer (the "Issuer") described in Schedule 1 attached hereto;

(b)    all payments due or to become due to Debtor in respect of any of the foregoing;

(c)    all of Debtor's claims, rights, powers, privileges, authority, puts, calls, options, security interests, liens and remedies, if any, in respect of any of the foregoing;

(d)    all of Debtor's rights to exercise and enforce any and every right, power, remedy, authority, option and privilege of Debtor relating to any of the foregoing including, without limitation, any power to (i) terminate, cancel or modify any agreement, (ii) execute any instruments and to take any and all other action on behalf of and in the name of Debtor in respect of any of the foregoing and the applicable Issuer thereof, (iii) exercise voting rights or make determinations, (iv) exercise any election (including, but not limited to, election of remedies), (v) exercise any "put", right of first offer or first refusal, or other option, (vi) exercise any right of redemption or repurchase, (vii) give or receive any notice, consent, amendment, waiver or approval, (viii) demand, receive, enforce, collect or receipt for any of the foregoing, (ix) enforce or execute any checks, or other instruments or orders, and (x) file any claims and to take any action in connection with any of the foregoing;

(e)    all certificates and instruments representing or evidencing any of the foregoing;

(f)    all other rights, titles, interests, powers, privileges and preferences pertaining to any of the foregoing; and

(g)    all Proceeds of any of the foregoing.

Notwithstanding the foregoing, (x) in no event shall the Debtor be required to subject to the Lien of the Pledge Agreement or any other loan document more than 65% (or such greater percentage that, due to a change in an Applicable Law after October 27, 2006, (A) could not reasonably be expected to cause the undistributed earnings of such Foreign Subsidiary as determined for United States federal income tax purposes to be treated as a deemed dividend to such Foreign Subsidiary's United States parent and (B) could not reasonably be expected to cause any material adverse tax consequences) of the issued and outstanding Equity Interest of a Foreign Subsidiary entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)) determined on a collective basis, but (y) the Debtor shall be required to subject to the Lien of the Pledge Agreement 100% of the issued and outstanding Equity Interest of a Foreign Subsidiary not entitled to vote (within the meaning of Treas. Reg. Section 1.956-2(c)(2)).

EXHIBIT _2_

PAGE _46_

As used herein:

"Equity Interest" means, with respect to any Person, any share of capital stock of (or other ownership interests in) such Person, any warrant, option or other right for the purchase or other acquisition from such Person of any share of capital stock of (or other ownership interests in) such Person, any security convertible into or exchangeable for any share of capital stock of (or other ownership interests in) such Person or warrant, right or option for the purchase or other acquisition from such Person of such shares (or such other ownership interests), and any other ownership interest in such Person (including, without limitation, partnership, member or trust interests therein), whether voting or nonvoting, and whether or not such share, warrant, option, right or other interest is authorized or otherwise existing on any date of determination.

"Person" means an individual, corporation, partnership, limited liability company, association, trust or unincorporated organization, or a government or any agency or political subdivision thereof.

"Proceeds" means all proceeds (including proceeds of proceeds) of any of the Collateral including all: (a) rights, benefits, distributions, premiums, profits, dividends, interest, cash, instruments, documents of title, accounts, contract rights, inventory, equipment, general intangibles, payment intangibles, deposit accounts, chattel paper, and other property from time to time received, receivable, or otherwise distributed in respect of or in exchange for, or as a replacement of or a substitution for, any of the Collateral, or proceeds thereof (including any cash, Equity Interests, or other instruments issued after any recapitalization, readjustment, reclassification, merger or consolidation with respect to the Issuers and any security entitlements, as defined in Section 8-102(a)(17) of the UCC, with respect thereto); (b) "proceeds," as such term is defined in Section 9-102(a)(64) of the UCC; (c) proceeds of any insurance, indemnity, warranty, or guaranty (including guaranties of delivery) payable from time to time with respect to any of the Collateral, or proceeds thereof; and (d) payments (in any form whatsoever) made or due and payable to Debtor from time to time in connection with any requisition, confiscation, condemnation, seizure or forfeiture of all or any part of the Collateral, or proceeds thereof.

EXHIBIT ___2___

PAGE ___47___

SCHEDULE 1

MGA Entertainment (Mexico), Inc.
Pledged Equity Interests

| Issuer | Jurisdiction of Formation | Class of Equity Interest | Certificate Number (if any) | Percentage of Ownership |
|---|---|---|---|---|
| MGAE de Mexico SRL de CV | Mexico | Shares Parto Social | N/A | 100% |

LEGAL02/30237046v2

EXHIBIT __2__

PAGE __48__

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

08-71714107
09/09/2008 16:03

FILED
CALIFORNIA
SECRETARY OF STATE
SOS

18335690005   UCC 3 FILING

A. NAME & PHONE OF CONTACT AT FILER [optional]

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

76-0000-454-2

CL@S
Information Services

WWW.CLASINFO.COM
3445 Bullitt Rd, SUITE 150
GREENWICH, CA 91010
MI-110.354.1810/ 940.374.1010
610/915.910/910/919.910/910

record number  1036 AM/QW

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #  08-7090317861          10/30/06          1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the U. REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☒ ASSIGNMENT (full): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | OMNI 808 Investors LLC, as Agent | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 9420 Wilshire Blvd., Suite 400 | Beverly Hills | CA | 90212 | USA |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION Limited Liability Company | 7f. JURISDICTION OF ORGANIZATION California | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | Wachovia Bank, National Association, as Agent | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Debtor: MGA Entertainment (Mexico), Inc.          CA-SOS

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC 3) (REV. 07/29/98)

A/72646923.1/3001762.4000308275

EXHIBIT  2

PAGE  49

EXHIBIT 3

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| CENTRAL | CALIFORNIA |
|---|---|

CARTER BRYANT, an individual,

**SUBPOENA IN A CIVIL CASE**

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Fred Mashian
    9255 Sunset Blvd. Suite 630
    Los Angeles, CA 90069

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | February 16, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Jon Corey /s/ | |
| Attorney for Plaintiff, Mattel, Inc. | January 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017  (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] f action is pending in district other than district of issuance, state district under case number.

AO-88

EXHIBIT _____3_____

PAGE _____50_____

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 31, 2009 9:30 am | 2766 CasianoDrive |
| SUBPOENA RE DEPOSITION | | Los Angeles, CA 90077 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Fred Mashian | personal | $40.00 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark Shurlock | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    February 2, 2009

DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026

ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

2-2

EXHIBIT ___3___

PAGE ___51___

## ATTACHMENT A

1.     All documents referring or relating to agreements, contracts or transactions between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA Entertainment, Inc., and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

2.     All documents referring or relating to agreements, contracts or transactions between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

3.     All documents referring or relating to agreements, contracts or transactions between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial, and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

4.     All documents containing financial information, including but not limited to historical and prospective financial performance, provided by MGA Entertainment, Inc. to Lexington Financial or Vision Capital since January 1, 2007.

5.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the dates of such person's affiliation with Lexington Financial.

6.     Documents sufficient to identify (a) each member, managing member, holder of any ownership interest in, shareholder, officer and director of Vision Capital and (b) the dates of such person's affiliation with Vision Capital.

7.     All documents referring or relating to the formation and governance of Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

8.     All documents referring or relating to the formation and governance of Vision Capital, including documents identifying (a) each person involved in retaining, hiring or engaging or who otherwise communicated with Delaware Corporations LLC, and (b) any bank accounts, credit

1

EXHIBIT ____3____

PAGE ____52____

cards or other financial instruments used in connection with the activities set forth in (a).

9.    All documents detailing or setting forth the relationship between Lexington Financial and OmniNet Capital, LLC, if any.

10.    All documents detailing or setting forth the relationship between Lexington Financial and Omni 808 or Vision Capital, if any.

11.    All documents detailing or setting forth the relationship between Lexington Financial and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA Entertainment, Inc., if any.

12.    All documents detailing or setting forth the relationship between Lexington Financial and Isaac Larian or his family members, if any.  As used in these Requests, "family members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

13.    All documents referring or relating to the source of funding or credit for Vision Capital.

14.    All documents detailing or setting forth the relationship between Vision Capital and Isaac Larian or his family members.

15.    All documents referring or relating to the source of funding or credit for Omni 808.

16.    All documents detailing or setting forth the relationship between Omni 808 and Isaac Larian or his family members.

17.    All documents referring or relating to the source of funding or credit for MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

18.    All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

19.    All documents showing detail of all loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac Larian or his family members.

20.    All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington

EXHIBIT    3

PAGE    53

Financial to Isaac Larian, his family members, or any other related party, including MGA Entertainment, Inc.

21.    Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

22.    All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

23.    All communications referring or relating to Lexington Financial, Omni 808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

24.    All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest allegedly reflected therein.

25.    Documents sufficient to show each and every entity or business in which you have an interest or role or over which you have control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

26.    All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members and that also involves you, or any entity or business that you own or control.

27.    To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of your relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

EXHIBIT 3
PAGE 54

# EXHIBIT 1

EXHIBIT___3___

PAGE___55___

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
FRED MASHIAN
3102747001

B. SEND ACKNOWLEDGMENT TO: (Name and Address)
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 630
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230630002
FILING NUMBER: 06-7170410100
FILING DATE: 09/28/2006 14:23
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 1525 SOUTH BROADWAY | LOS ANGELES | | CA | 90015 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
| | | LLC | DE | 4583299 ☐NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any ☐NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 33-35 DAWS LANE | LONDON | | NW7 4SD | GBR |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200812610016.

5. ALT DESIGNATION: ☐ LESSEE/LESSOR ☐ CONSIGNEE/CONSIGNOR ☐ BAILEE/BAILOR ☐ SELLER/BUYER ☐ AG. LIEN ☐ NON-UCC FILING

6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]  [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY

EXHIBIT _____3_____

PAGE _____56_____

EXHIBIT 4

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

CARTER BRYANT, an individual,

V.

MATTEL, INC., a Delaware Corporation.

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]   CV 04-9049 SGL (RNBx)
Consolidated with Case Nos.
CV 04-9059 and CV 05-2727

TO: Leon Neman
     1525 Broadway
     Los Angeles, CA 90015

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

X   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | March 17, 2009 |
| 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Michael T. Zeller_  Attorneys for defendant Mattel, Inc. | February 26, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael T. Zeller, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017, (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT ___

PAGE ___ 57

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | February 26, 2009 2:06 pm | LEON NEMAN |
| SUBPOENA RE DEPOSITION | | 1525 South Broadway |
| | | Los Angeles, CA 90015 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Cynthia M. Lewis, auth to accept | personal | $49.02 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Miguel Leyva | REGISTERED PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     February 26, 2009
_____
DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
_____
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5717

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT     4

PAGE     58

EXHIBIT 5

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____CENTRAL_____                    _____CALIFORNIA_____

CARTER BRYANT, an Individual,

V.

MATTEL, INC., a Delaware Corporation.

**SUBPOENA IN A CIVIL CASE**

Case Number: ¹ CV 04-9049 SGL (RNB)x
Consolidated with cases
CV 04-9059 and CV 05-2727

TO: Fred Mashian
   9255 Sunset Blvd., Ste. 630
   Los Angeles, CA 90069

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP 865 S. Figueroa St., 10th Fl., Los Angeles, CA 90017 | March 13, 2009 9:30 a.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _Michael T. Zeller_  Attorney for Defendant Mattel, Inc. | February 25, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael T. Zeller, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 865 S. Figueroa St., 10th Fl., Los Angeles, CA, 90039, (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page.)

¹ If action is pending in district other than district of issuance, state district under case number.

EXHIBIT __5__

PAGE __59__

AO-88

AO 88 (Rev. 1/94) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | February 26, 2009 3:15 pm | 9255 Sunset Boulevard, Suite 630 |
| SUBPOENA FOR DEPOSITION | | Los Angeles, CA 90069 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Fred Mashian | personal | $50.00 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| David Tilson | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___February 26, 2009___
DATE

SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026

ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



EXHIBIT ___5,___

PAGE ___60___

EXHIBIT 6

1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   todd.gordinier@bingham.com
    PETER N. VILLAR (SBN 204038)
3   peter.villar@bingham.com
    JENNIFER A. LOPEZ (SBN 232320)
4   jennifer.lopez@bingham.com
    600 Anton Boulevard
5   18th Floor
    Costa Mesa, CA 92626-1924
6   Telephone: 714.830.0600
    Facsimile: 714.830.0700
7
8   Attorneys for Non-party
    LEON NEMAN
9                    UNITED STATES DISTRICT COURT
10                  CENTRAL DISTRICT OF CALIFORNIA
11                        EASTERN DIVISION
12
13   CARTER BRYANT, an individual,          Case No. CV 04-9049 SGL (RNBx)
14              Plaintiff,                   Consolidated with Case No.
                                             CV 04-09059 and Case No. CV 05-2727
15        v.
16   MATTEL, INC., a Delaware               **NON-PARTY LEON NEMAN'S
     Corporation,                           OBJECTIONS TO DEFENDANT
17                                          MATTEL, INC.'S SUBPOENA FOR
                Defendant.                  THE PRODUCTION OF
18                                          DOCUMENTS**
19
20
21   AND CONSOLIDATED ACTIONS.
22
23
24
25
26
27
28
     A/72852712.1

EXHIBIT _____ 6 _____

PAGE _____ 61 _____

1    Pursuant to Federal Rule of Civil Procedure 45, non-party Leon Neman

2    ("Neman") hereby responds to the Subpoena for the production of documents

3    (hereafter, "the Subpoena") served in this action by defendant Mattel, Inc., as

4    follows:

5

6                        **PRELIMINARY STATEMENT**

7        These responses are based solely on the facts, information and documents

8    presently known and available to Neman.  Neman's search for and review of

9    potentially responsive documents is ongoing and may disclose the existence of

10    additional facts, information or documents, or possibly lead to additions or changes

11    to these responses.  Neman reserves the right to revise or supplement these

12    responses if and when additional facts, information or documents are discovered.

13        The inadvertent production of proprietary, confidential, highly confidential,

14    or privileged documents or information by Neman does not and shall not constitute

15    waiver of any applicable privilege, rights under any protective order or trade

16    secret, nor should production of any document or information be construed to

17    waive any objection to the admission of such documents or information in

18    evidence, including without limitation that of relevancy.

19

20                        **GENERAL OBJECTIONS**

21        1.    Neman objects to the Subpoena, and each document request contained

22    therein, to the extent and on the ground that it seeks documents that are protected

23    by any applicable privilege, doctrine or immunity, including without limitation, the

24    attorney-client privilege and the attorney work product doctrine.

25        2.    Neman objects to the Subpoena, and each document request contained

26    therein, to the extent and on the ground that it seeks documents which contain

27    private, confidential or proprietary information of Neman or other non-parties, or

28    where disclosure would invade the privacy rights of Neman or other non-parties.

A/72852712.1                                    - 1 -

EXHIBIT    6

PAGE    62

1       3.    Neman objects to the Subpoena, and each document request contained

2   therein, to the extent and on the ground that it seeks documents that are not

3   relevant to the parties' claims or defenses asserted in the action.

4       4.    Neman objects to the Subpoena, and each document request contained

5   therein, to the extent and on the ground that the burden, expense or intrusiveness of

6   the discovery outweighs the likelihood that the documents sought will lead to the

7   discovery of relevant evidence.

8       5.    Neman objects to the Subpoena, and each document request contained

9   therein, to the extent and on the ground that it seeks documents from non-party

10  Neman that are equally or more readily available and attainable from parties to the

11  action.

12      6.    Neman objects to the Subpoena, and each document request contained

13  therein, to the extent and on the ground that the requests are duplicative of requests

14  made to other parties or non-parties.

15      7.    Neman objects to the Subpoena, and each document request contained

16  therein, to the extent and on the ground that it is vague, ambiguous or fails to

17  identify the documents sought with sufficient particularity.

18      8.    Neman objects to the Subpoena, and each document request contained

19  therein, to the extent and on the ground that it is overly broad, unduly burdensome,

20  oppressive or harassing.

21      9.    Neman objects to the Subpoena, and each document request contained

22  therein, to the extent and on the ground that it seeks documents from sources that

23  are not reasonably accessible and would subject the responding party to undue

24  burden and expense.

25      10.   Neman objects to the Subpoena, and each document request contained

26  therein, to the extent and on the ground that it requires the production of

27  documents that are subject to a confidentiality or nondisclosure agreement.

28

A/72852712.1

- 2 -

EXHIBIT ___6___

PAGE ___63___

1        11.    Neman objects to the Subpoena, and each document request contained

2    therein, on the ground that the place, date and time for compliance is not

3    reasonable or sufficient given the scope of the requests.

4        12.    Neman objects to the Subpoena, and each document request contained

5    therein, to the extent and on the ground that the Subpoena was not properly issued

6    or served, or otherwise fails to comply with the Federal Rules of Civil Procedure.

7        13.    Neman objects to the production of any documents under the

8    Subpoena unless and until there is an acceptable protective order issued by the

9    Court.

10        In addition to these general objections which are incorporated into each and

11    every response herein, Neman specifically responds to each individual document

12    request as follows:

13

14                     **SPECIFIC OBJECTIONS**

15    **REQUEST NO. 1:**

16        All documents referring or relating to agreements, contracts or transactions

17    between Leon Neman, Firoozeh Neman, or any company, trust or business entity

18    which Leon Neman or Firoozeh Neman owns, has an interest in or controls

19    (hereinafter, collectively, "Neman"), and MGA Entertainment, Inc. or any

20    subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter, collectively,

21    "MGA") in effect at any time after January 1, 2004, end any amendments or

22    modifications thereto, any alleged defaults thereunder, and any communications

23    referring or relating to any such agreements, contracts or transactions.

24    **RESPONSE TO REQUEST NO. 1:**

25        In addition to the general objections set forth above, Neman objects to this

26    request on the ground that it seeks private, confidential and proprietary information

27    of Neman and other non-parties.  Neman further objects to the request on the

28    ground that it is overly broad, unduly burdensome, oppressive and harassing.

A/72852712.1                     - 3 -

EXHIBIT ___6___

PAGE ___64___

1   Neman further objects to the request on the ground that it seeks documents that are

2   not relevant to Phase 2 of these proceedings.  Neman further objects to the request

3   on the ground that the burden, expense and intrusiveness of the discovery

4   outweighs the likelihood that the documents sought will lead to the discovery of

5   relevant evidence.  Neman further objects to the request on the ground that it seeks

6   documents that are protected by attorney-client privilege and attorney work

7   product doctrine.  Neman further objects to the request on the ground that it is

8   vague, ambiguous and fails to identify the documents with sufficient particularity.

9   **REQUEST NO. 2:**

10      All documents referring or relating to agreements, contracts or transactions

11  relating to Vision Capital, LLC or any subsidiary or affiliate of Vision Capital,

12  LLC (hereinafter, collectively, "Vision Capital"), and any amendments or

13  modifications thereto, any alleged defaults thereunder, and any communications

14  referring or relating to any such agreements, contracts or transactions.

15  **RESPONSE TO REQUEST NO. 2:**

16      In addition to the general objections set forth above, Neman objects to this

17  request on the ground that it seeks private, confidential and proprietary information

18  of Neman and other non-parties.  Neman further objects to the request on the

19  ground that it is overly broad, unduly burdensome, oppressive and harassing.

20  Neman further objects to the request on the ground that it seeks documents that are

21  not relevant to Phase 2 of these proceedings.  Neman further objects to the request

22  on the ground that the burden, expense and intrusiveness of the discovery

23  outweighs the likelihood that the documents sought will lead to the discovery of

24  relevant evidence.  Neman further objects to the request on the ground that it seeks

25  documents that are protected by attorney-client privilege and attorney work

26  product doctrine.  Neman further objects to the request on the ground that it is

27  vague, ambiguous and fails to identify the documents with sufficient particularity.

28

A/72852712.1

- 4 -

EXHIBIT _____6_____

PAGE _____65_____

**REQUEST NO. 3:**

All documents referring or relating to agreements, contracts or transactions relating to Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC (hereinafter, collectively, "Lexington Financial"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating 'to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 3:**

In addition to the general objections set forth above, Neman objects to this request on the ground that it seeks private, confidential and proprietary information of Neman and other non-parties. Neman further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Neman further objects to the request on the ground that it seeks documents that are not relevant to Phase 2 of these proceedings. Neman further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Neman further objects to the request on the ground that it seeks documents that are protected by attorney-client privilege and attorney work product doctrine. Neman further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 4:**

All documents referring or relating to agreements, contracts or transactions relating to Omni 808 Investors, LLC or any subsidiary or affiliate of Omni 808 Investors, LLC (hereinafter, collectively, "Omni 808"), and any amendments or modifications thereto, any alleged defaults thereunder, and any communications referring or relating to any such agreements, contracts or transactions.

**RESPONSE TO REQUEST NO. 4:**

In addition to the general objections set forth above, Neman objects to this

A/72852712.1

- 5 -

EXHIBIT  6

PAGE  66

1   request on the ground that it seeks private, confidential and proprietary information

2   of Neman and other non-parties.  Neman further objects to the request on the

3   ground that it is overly broad, unduly burdensome, oppressive and harassing.

4   Neman further objects to the request on the ground that it seeks documents that are

5   not relevant to Phase 2 of these proceedings.  Neman further objects to the request

6   on the ground that the burden, expense and intrusiveness of the discovery

7   outweighs the likelihood that the documents sought will lead to the discovery of

8   relevant evidence.  Neman further objects to the request on the ground that it seeks

9   documents that are protected by attorney-client privilege and attorney work

10  product doctrine.  Neman further objects to the request on the ground that it is

11  vague, ambiguous and fails to identify the documents with sufficient particularity.

12  **REQUEST NO. 5:**

13       All documents referring or relating to agreements, contracts or transactions

14  relating to OmniNet Capital, LLC or any subsidiary or affiliate of OmniNet

15  Capital, LLC (hereinafter, collectively, "OmniNet"), and any amendments or

16  modifications thereto, any alleged defaults thereunder, and any communications

17  referring or relating to any such agreements, contacts or transactions.

18  **RESPONSE TO REQUEST NO. 5:**

19       In addition to the general objections set forth above, Neman objects to this

20  request on the ground that it seeks private, confidential and proprietary information

21  of Neman and other non-parties.  Neman further objects to the request on the

22  ground that it is overly broad, unduly burdensome, oppressive and harassing.

23  Neman further objects to the request on the ground that it seeks documents that are

24  not relevant to Phase 2 of these proceedings.  Neman further objects to the request

25  on the ground that the burden, expense and intrusiveness of the discovery

26  outweighs the likelihood that the documents sought will lead to the discovery of

27  relevant evidence.  Neman further objects to the request on the ground that it seeks

28  documents that are protected by attorney-client privilege and attorney work

A/72852712.1                                   - 6 -

EXHIBIT _____ 6 _____

PAGE _____ 67 _____

1  product doctrine. Neman further objects to the request on the ground that it is

2  vague, ambiguous and fails to identify the documents with sufficient particularity.

3  **REQUEST NO. 6:**

4      All documents referring or relating to agreements, contracts or transactions

5  relating to IGWT 826 Investment, LLC, IGWT Group, LLC, or any subsidiary or

6  affiliate of IGWT 826 Investments, LLC or IGWT Group, LLC (hereinafter,

7  collectively, "IGWT"), and any amendment or modifications thereto, any alleged

8  defaults thereunder, and any communications referring or relating to any such

9  agreement, contracts or transactions.

10 **RESPONSE TO REQUEST NO. 6:**

11     In addition to the general objections set forth above, Neman objects to this

12 request on the ground that it seeks private, confidential and proprietary information

13 of Neman and other non-parties. Neman further objects to the request on the

14 ground that it is overly broad, unduly burdensome, oppressive and harassing.

15 Neman further objects to the request on the ground that it seeks documents that are

16 not relevant to Phase 2 of these proceedings. Neman further objects to the request

17 on the ground that the burden, expense and intrusiveness of the discovery

18 outweighs the likelihood that the documents sought will lead to the discovery of

19 relevant evidence. Neman further objects to the request on the ground that it seeks

20 documents that are protected by attorney-client privilege and attorney work

21 product doctrine. Neman further objects to the request on the ground that it is

22 vague, ambiguous and fails to identify the documents with sufficient particularity.

23 **REQUEST NO. 7:**

24     All documents containing financial information, including but not limited to

25 historical and prospective financial performance, relating to MGA since January 1,

26 2004.

27 **RESPONSE TO REQUEST NO. 7:**

28     In addition to the general objections set forth above, Neman objects to this

A/72852712.1

- 7 -

EXHIBIT ___6___

PAGE ___68___

1   request on the ground that it is overly broad, unduly burdensome, oppressive and

2   harassing.  Neman further objects to the request on the ground that it is.  Neman

3   further objects to the request on the ground that it seeks documents that are not

4   relevant to Phase 2 of these proceedings.  Neman further objects to the request on

5   the ground that the burden, expense and intrusiveness of the discovery outweighs

6   the likelihood that the documents sought will lead to the discovery of relevant

7   evidence.  Neman further objects to the request on the ground that it seeks

8   documents that are protected by attorney-client privilege and attorney work

9   product doctrine.  Neman further objects to the request on the ground that it seeks

10   private, confidential and proprietary information.  Neman further objects to the

11   request on the ground that it is vague, ambiguous and fails to identify the

12   documents with sufficient particularity.  Neman further objects to the request on

13   the ground that it seeks documents from a non-party that are equally or more

14   readily attainable from a party, MGA.

15   **REQUEST NO. 8:**

16        Documents sufficient to identify (a) each corporation, company, partnership,

17   trust or other business entity in which Neman is or has been an officer, director,

18   member, managing member, shareholder, trustee or holder of any ownership

19   interest at any time after January 1, 2004, and (b) the dates of such affiliation by

20   Neman.

21   **RESPONSE TO REQUEST NO. 8:**

22        In addition to the general objections set forth above, Neman objects to this

23   request on the ground that it seeks private, confidential and proprietary information

24   of Neman and other non-parties.  Neman further objects to the request on the

25   ground that it is overly broad, unduly burdensome, oppressive and harassing.

26   Neman further objects to the request on the ground that it seeks documents that are

27   not relevant to Phase 2 of these proceedings.  Neman further objects to the request

28   on the ground that the burden, expense and intrusiveness of the discovery

A/72852712.1                                         - 8 -

EXHIBIT ___6___

PAGE ___69___

1   outweighs the likelihood that the documents sought will lead to the discovery of

2   relevant evidence. Neman further objects to the request on the ground that it seeks

3   documents that are protected by attorney-client privilege and attorney work

4   product doctrine. Neman further objects to the request on the ground that it is

5   vague, ambiguous and fails to identify the documents with sufficient particularity.

6   **REQUEST NO. 9:**

7       All documents referring or relating to the formation, governance, ownership

8   or capitalization of Vision Capital, OmniNet, Omni 808, Lexington Financial

9   and/or IGWT.

10  **RESPONSE TO REQUEST NO. 9:**

11      In addition to the general objections set forth above, Neman objects to this

12  request on the ground that it seeks private, confidential and proprietary information

13  of Neman and other non-parties. Neman further objects to the request on the

14  ground that it is overly broad, unduly burdensome, oppressive and harassing.

15  Neman further objects to the request on the ground that it seeks documents that are

16  not relevant to Phase 2 of these proceedings. Neman further objects to the request

17  on the ground that the burden, expense and intrusiveness of the discovery

18  outweighs the likelihood that the documents sought will lead to the discovery of

19  relevant evidence. Neman further objects to the request on the ground that it seeks

20  documents that are protected by attorney-client privilege and attorney work

21  product doctrine. Neman further objects to the request on the ground that it is

22  vague, ambiguous and fails to identify the documents with sufficient particularity.

23  **REQUEST NO. 10:**

24      All documents referring or relating to Neman's control over, involvement

25  with, role in, ownership of or other interest in Vision Capital, OmniNet, Omni 808,

26  Lexington Financial and/or Iowa, whether direct or indirect.

27  **RESPONSE TO REQUEST NO. 10:**

28      In addition to the general objections set forth above, Neman objects to this

A/72852712.1

- 9 -

EXHIBIT 6

PAGE 70

1   request on the ground that it seeks private, confidential and proprietary information

2   of Neman and other non-parties. Neman further objects to the request on the

3   ground that it is overly broad, unduly burdensome, oppressive and harassing.

4   Neman further objects to the request on the ground that it seeks documents that are

5   not relevant to Phase 2 of these proceedings. Neman further objects to the request

6   on the ground that the burden, expense and intrusiveness of the discovery

7   outweighs the likelihood that the documents sought will lead to the discovery of

8   relevant evidence. Neman further objects to the request on the ground that it seeks

9   documents that are protected by attorney-client privilege and attorney work

10  product doctrine. Neman further objects to the request on the ground that it is

11  vague, ambiguous and fails to identify the documents with sufficient particularity.

12  **REQUEST NO. 11:**

13      All documents detailing or setting forth the relationship between Neman and

14  Vision Capital, OmniNet, Omni 808, Lexington Financial and/or IGWT, if any.

15  **RESPONSE TO REQUEST NO. 11:**

16      In addition to the general objections set forth above, Neman objects to this

17  request on the ground that it seeks private, confidential and proprietary information

18  of Neman and other non-parties. Neman further objects to the request on the

19  ground that it is overly broad, unduly burdensome, oppressive and harassing.

20  Neman further objects to the request on the ground that it seeks documents that are

21  not relevant to Phase 2 of these proceedings. Neman further objects to the request

22  on the ground that the burden, expense and intrusiveness of the discovery

23  outweighs the likelihood that the documents sought will lead to the discovery of

24  relevant evidence. Neman further objects to the request on the ground that it seeks

25  documents that are protected by attorney-client privilege and attorney work

26  product doctrine. Neman further objects to the request on the ground that it is

27  vague, ambiguous and fails to identify the documents with sufficient particularity.

28

A/72852712.1

- 10 -

EXHIBIT _____ 6

PAGE _____ 71

1  **REQUEST NO. 12:**

2       All documents detailing or setting forth the relationship between Neman and

3  MGA, if any, at any time after January 1, 2004.

4  **RESPONSE TO REQUEST NO. 12:**

5       In addition to the general objections set forth above, Neman objects to this

6  request on the ground that it is overly broad, unduly burdensome, oppressive and

7  harassing.  Neman further objects to the request on the ground that it is.  Neman

8  further objects to the request on the ground that it seeks documents that are not

9  relevant to Phase 2 of these proceedings.  Neman further objects to the request on

10  the ground that the burden, expense and intrusiveness of the discovery outweighs

11  the likelihood that the documents sought will lead to the discovery of relevant

12  evidence.  Neman further objects to the request on the ground that it seeks

13  documents that are protected by attorney-client privilege and attorney work

14  product doctrine.  Neman further objects to the request on the ground that it seeks

15  private, confidential and proprietary information.  Neman further objects to the

16  request on the ground that it is vague, ambiguous and fails to identify the

17  documents with sufficient particularity.  Neman further objects to the request on

18  the ground that it seeks documents from a non-party that are equally or more

19  readily attainable from a party, MGA.

20  **REQUEST NO. 13:**

21       All documents referring or relating to the source of funding or credit to, for

22  or from Vision Capital, Lexington Financial, Omni 808, OmniNet and/or IGWT.

23  **RESPONSE TO REQUEST NO. 13:**

24       In addition to the general objections set forth above, Neman objects to this

25  request on the ground that it seeks private, confidential and proprietary information

26  of Neman and other non-parties.  Neman further objects to the request on the

27  ground that it is overly broad, unduly burdensome, oppressive and harassing.

28  Neman further objects to the request on the ground that it seeks documents that are

A/72852712.1

- 11 -

EXHIBIT ____6____

PAGE ____72____

1   not relevant to Phase 2 of these proceedings.  Neman further objects to the request
2   on the ground that the burden, expense and intrusiveness of the discovery
3   outweighs the likelihood that the documents sought will lead to the discovery of
4   relevant evidence.  Neman further objects to the request on the ground that it seeks
5   documents that are protected by attorney-client privilege and attorney work
6   product doctrine.  Neman further objects to the request on the ground that it is
7   vague, ambiguous and fails to identify the documents with sufficient particularity.

8   **REQUEST NO. 14:**

9        All documents referring or relating to the source of funding or credit to, for
10  or from MGA at any time after January 1, 2004.

11  **RESPONSE TO REQUEST NO. 14:**

12       In addition to the general objections set forth above, Neman objects to this
13  request on the ground that it is overly broad, unduly burdensome, oppressive and
14  harassing.  Neman further objects to the request on the ground that it is.  Neman
15  further objects to the request on the ground that it seeks documents that are not
16  relevant to Phase 2 of these proceedings.  Neman further objects to the request on
17  the ground that the burden, expense and intrusiveness of the discovery outweighs
18  the likelihood that the documents sought will lead to the discovery of relevant
19  evidence.  Neman further objects to the request on the ground that it seeks
20  documents that are protected by attorney-client privilege and attorney work
21  product doctrine.  Neman further objects to the request on the ground that it seeks
22  private, confidential and proprietary information.  Neman further objects to the
23  request on the ground that it is vague, ambiguous and fails to identify the
24  documents with sufficient particularity.  Neman further objects to the request on
25  the ground that it seeks documents from a non-party that are equally or more
26  readily attainable from a party, MGA.

27  **REQUEST NO. 15:**

28       All documents showing detail of all loan facilities with an indication of

A/72852712.1                                    - 12 -

EXHIBIT ___6___

PAGE ___73___

1  creditor and relevant terms referring or relating to OmniNet, Omni 808, Vision
2  Capital, Lexington Financial or IGWT.

3  **RESPONSE TO REQUEST NO. 15:**

4    In addition to the general objections set forth above, Neman objects to this
5  request on the ground that it seeks private, confidential and proprietary information
6  of Neman and other non-parties.  Neman further objects to the request on the
7  ground that it is overly broad, unduly burdensome, oppressive and harassing.
8  Neman further objects to the request on the ground that it seeks documents that are
9  not relevant to Phase 2 of these proceedings.  Neman further objects to the request
10 on the ground that the burden, expense and intrusiveness of the discovery
11 outweighs the likelihood that the documents sought will lead to the discovery of
12 relevant evidence.  Neman further objects to the request on the ground that it seeks
13 documents that are protected by attorney-client privilege and attorney work
14 product doctrine.  Neman further objects to the request on the ground that it is
15 vague, ambiguous and fails to identify the documents with sufficient particularity.

16 **REQUEST NO. 16:**

17   All documents showing detail of all loan facilities with an indication of
18 creditor and relevant terms referring or relating to MGA, Isaac Larian, Angela
19 Larian, Farhad. Larian, Fred Mashian, Monia Neman (aka Monia Mashian) and/or
20 Eli Makabi at any time after January 1, 2004.

21 **RESPONSE TO REQUEST NO. 16:**

22   In addition to the general objections set forth above, Neman objects to this
23 request on the ground that it seeks private, confidential and proprietary information
24 of Neman and other non-parties.  Neman further objects to the request on the
25 ground that it is overly broad, unduly burdensome, oppressive and harassing.
26 Neman further objects to the request on the ground that it seeks documents that are
27 not relevant to Phase 2 of these proceedings.  Neman further objects to the request
28 on the ground that the burden, expense and intrusiveness of the discovery

A/72852712.1

- 13 -

EXHIBIT _6_

PAGE _74_

1   outweighs the likelihood that the documents sought will lead to the discovery of

2   relevant evidence. Neman further objects to the request on the ground that it seeks

3   documents that are protected by attorney-client privilege and attorney work

4   product doctrine. Neman further objects to the request on the ground that it is

5   vague, ambiguous and fails to identify the documents with sufficient particularity.

6   **REQUEST NO. 17:**

7        All documents referring or relating to transactions involving any

8   compensation, loans, advances, payments, fees or any other form of consideration

9   paid to, from or by OmniNet, Omni 808, Vision Capital, Lexington Financial or

10   IGWT, whether directly or indirectly.

11   **RESPONSE TO REQUEST NO. 17:**

12        In addition to the general objections set forth above, Neman objects to this

13   request on the ground that it seeks private, confidential and proprietary information

14   of Neman and other non-parties. Neman further objects to the request on the

15   ground that it is overly broad, unduly burdensome, oppressive and harassing.

16   Neman further objects to the request on the ground that it seeks documents that are

17   not relevant to Phase 2 of these proceedings. Neman further objects to the request

18   on the ground that the burden, expense and intrusiveness of the discovery

19   outweighs the likelihood that the documents sought will lead to the discovery of

20   relevant evidence. Neman further objects to the request on the ground that it seeks

21   documents that are protected by attorney-client privilege and attorney work

22   product doctrine. Neman further objects to the request on the ground that it is

23   vague, ambiguous and fails to identify the documents with sufficient particularity.

24   **REQUEST NO. 18:**

25        All documents referring or relating to transactions involving any

26   compensation, loans, advances, payments, fees or any other form of consideration

27   paid by or to MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred Mashian,

28   Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after January 1,

A/72852712.1        - 14 -

EXHIBIT _____ 6

PAGE _____ 75

1   2004.

2   **RESPONSE TO REQUEST NO. 18:**

3   In addition to the general objections set forth above, Neman objects to this

4   request on the ground that it seeks private, confidential and proprietary information

5   of Neman and other non-parties. Neman further objects to the request on the

6   ground that it is overly broad, unduly burdensome, oppressive and harassing.

7   Neman further objects to the request on the ground that it seeks documents that are

8   not relevant to Phase 2 of these proceedings. Neman further objects to the request

9   on the ground that the burden, expense and intrusiveness of the discovery

10  outweighs the likelihood that the documents sought will lead to the discovery of

11  relevant evidence. Neman further objects to the request on the ground that it seeks

12  documents that are protected by attorney-client privilege and attorney work

13  product doctrine. Neman further objects to the request on the ground that it is

14  vague, ambiguous and fails to identify the documents with sufficient particularity.

15  **REQUEST NO. 19:**

16  All documents referring or relating to transactions involving any

17  compensation, loans, advances, payments, fees or any other form of consideration

18  paid to Neman by MGA, Isaac Larian, Angela Larian, Farhad Larian, Fred

19  Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi at any time after

20  January 1, 2004.

21  **RESPONSE TO REQUEST NO. 19:**

22  In addition to the general objections set forth above, Neman objects to this

23  request on the ground that it seeks private, confidential and proprietary information

24  of Neman and other non-parties. Neman further objects to the request on the

25  ground that it is overly broad, unduly burdensome, oppressive and harassing.

26  Neman further objects to the request on the ground that it seeks documents that are

27  not relevant to Phase 2 of these proceedings. Neman further objects to the request

28  on the ground that the burden, expense and intrusiveness of the discovery

A/72852712.1

- 15 -

EXHIBIT _____ 6

PAGE _____ 76

1   outweighs the likelihood that the documents sought will lead to the discovery of

2   relevant evidence.  Neman further objects to the request on the ground that it seeks

3   documents that are protected by attorney-client privilege and attorney work

4   product doctrine.  Neman further objects to the request on the ground that it is

5   vague, ambiguous and fails to identify the documents with sufficient particularity.

6   **REQUEST NO. 20:**

7        All communications referring or relating to Mattel at any time after

8   January 1, 2004.

9   **RESPONSE TO REQUEST NO. 20:**

10        In addition to the general objections set forth above, Neman objects to this

11   request on the ground that it is overly broad, unduly burdensome, oppressive and

12   harassing.  Neman further objects to the request on the ground that it seeks

13   documents that are not relevant to Phase 2 of these proceedings.  Neman further

14   objects to the request on the ground that the burden, expense and intrusiveness of

15   the discovery outweighs the likelihood that the documents sought will lead to the

16   discovery of relevant evidence.  Neman further objects to the request on the ground

17   that it seeks documents that are protected by attorney-client privilege and attorney

18   work product doctrine.  Neman further objects to the request on the ground that it

19   is vague, ambiguous and fails to identify the documents with sufficient

20   particularity.

21   **REQUEST NO. 21:**

22        All communications referring or relating to Omni 808, OmniNet, Lexington

23   Financial, Vision Capital, IGWT and/or Bratz.

24   **RESPONSE TO REQUEST NO. 21:**

25        In addition to the general objections set forth above, Neman objects to this

26   request on the ground that it seeks private, confidential and proprietary information

27   of Neman and other non-parties.  Neman further objects to the request on the

28   ground that it is overly broad, unduly burdensome, oppressive and harassing.

A/72852712.1

- 16 -

EXHIBIT _____ 6 _____

PAGE _____ 77

1   Neman further objects to the request on the ground that it seeks documents that are
2   not relevant to Phase 2 of these proceedings. Neman further objects to the request
3   on the ground that the burden, expense and intrusiveness of the discovery
4   outweighs the likelihood that the documents sought will lead to the discovery of
5   relevant evidence. Neman further objects to the request on the ground that it seeks
6   documents that are protected by attorney-client privilege and attorney work
7   product doctrine. Neman further objects to the request on the ground that it is
8   vague, ambiguous and fails to identify the documents with sufficient particularity.
9   **REQUEST NO. 22:**

10       All communications to, from or by Fred Mashian referring or relating to
11   Omni 808, OmniNet, Lexington Financial, Vision Capital, IGWT, Mattel, MGA,
12   Isaac Larian, Angela Larian, Farhad Larian, Monia Neman (aka Monia Mashian)
13   and/or Bratz.
14   **RESPONSE TO REQUEST NO. 22:**

15       In addition to the general objections set forth above, Neman objects to this
16   request on the ground that it seeks private, confidential and proprietary information
17   of Neman and other non-parties. Neman further objects to the request on the
18   ground that it is overly broad, unduly burdensome, oppressive and harassing.
19   Neman further objects to the request on the ground that it seeks documents that are
20   not relevant to Phase 2 of these proceedings. Neman further objects to the request
21   on the ground that the burden, expense and intrusiveness of the discovery
22   outweighs the likelihood that the documents sought will lead to the discovery of
23   relevant evidence. Neman further objects to the request on the ground that it seeks
24   documents that are protected by attorney-client privilege and attorney work
25   product doctrine. Neman further objects to the request on the ground that it is
26   vague, ambiguous and fails to identify the documents with sufficient particularity.
27   **REQUEST NO. 23:**

28       All documents, including communications, referring or relating to Delaware

A/72852712.1                          - 17 -

EXHIBIT _____ 6

PAGE _____ 78

1   Corporations LLC and/or Robin Brooks.

2   **RESPONSE TO REQUEST NO. 23:**

3       In addition to the general objections set forth above, Neman objects to this

4   request on the ground that it seeks private, confidential and proprietary information

5   of Neman and other non-parties. Neman further objects to the request on the

6   ground that it is overly broad, unduly burdensome, oppressive and harassing.

7   Neman further objects to the request on the ground that it seeks documents that are

8   not relevant to Phase 2 of these proceedings. Neman further objects to the request

9   on the ground that the burden, expense and intrusiveness of the discovery

10  outweighs the likelihood that the documents sought will lead to the discovery of

11  relevant evidence. Neman further objects to the request on the ground that it seeks

12  documents that are protected by attorney-client privilege and attorney work

13  product doctrine. Neman further objects to the request on the ground that it is

14  vague, ambiguous and fails to identify the documents with sufficient particularity.

15  **REQUEST NO. 24:**

16      All documents, including communications, referring or relating to Trust

17  Services (Nevis) Limited and/or Nicoya Hanley.

18  **RESPONSE TO REQUEST NO. 24:**

19      In addition to the general objections set forth above, Neman objects to this

20  request on the ground that it seeks private, confidential and proprietary information

21  of Neman and other non-parties. Neman further objects to the request on the

22  ground that it is overly broad, unduly burdensome, oppressive and harassing.

23  Neman further objects to the request on the ground that it seeks documents that are

24  not relevant to Phase 2 of these proceedings. Neman further objects to the request

25  on the ground that the burden, expense and intrusiveness of the discovery

26  outweighs the likelihood that the documents sought will lead to the discovery of

27  relevant evidence. Neman further objects to the request on the ground that it seeks

28  documents that are protected by attorney-client privilege and attorney work

EXHIBIT _____ 6

PAGE _____ 79

1    product doctrine. Neman further objects to the request on the ground that it is

2    vague, ambiguous and fails to identify the documents with sufficient particularity.

3    **REQUEST NO. 25:**

4         All documents referring or relating to the U.C.C. financing statement

5    attached as Exhibit 1 and/or the security interest(s) allegedly reflected therein,

6    including but not limited to any documents setting forth or detailing the reason for

7    Vision Capital, LLC's use of the address 1525 South Broadway, Los Angeles, CA

8    90015.

9    **RESPONSE TO REQUEST NO. 25:**

10        In addition to the general objections set forth above, Neman objects to this

11   request on the ground that it seeks private, confidential and proprietary information

12   of Neman and other non-parties. Neman further objects to the request on the

13   ground that it is overly broad, unduly burdensome, oppressive and harassing.

14   Neman further objects to the request on the ground that it seeks documents that are

15   not relevant to Phase 2 of these proceedings. Neman further objects to the request

16   on the ground that the burden, expense and intrusiveness of the discovery

17   outweighs the likelihood that the documents sought will lead to the discovery of

18   relevant evidence. Neman further objects to the request on the ground that it seeks

19   documents that are protected by attorney-client privilege and attorney work

20   product doctrine. Neman further objects to the request on the ground that it is

21   vague, ambiguous and fails to identify the documents with sufficient particularity.

22   **REQUEST NO. 26:**

23        Documents sufficient to show, at any time after January 1, 2004, each and

24   every entity or business in which Neman has an interest or role or over which

25   Neman has control and in which Isaac Larian, Angela Larian, Farhad Larian, Fred

26   Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi have any interest

27   or role or over which any of them have control.

28

A/72852712.1                          - 19 -

EXHIBIT ____6____

PAGE ____80____

1  **RESPONSE TO REQUEST NO. 26:**

2          In addition to the general objections set forth above, Neman objects to this

3  request on the ground that it seeks private, confidential and proprietary information

4  of Neman and other non-parties.  Neman further objects to the request on the

5  ground that it is overly broad, unduly burdensome, oppressive and harassing.

6  Neman further objects to the request on the ground that it seeks documents that are

7  not relevant to Phase 2 of these proceedings.  Neman further objects to the request

8  on the ground that the burden, expense and intrusiveness of the discovery

9  outweighs the likelihood that the documents sought will lead to the discovery of

10  relevant evidence.  Neman further objects to the request on the ground that it seeks

11  documents that are protected by attorney-client privilege and attorney work

12  product doctrine.  Neman further objects to the request on the ground that it is

13  vague, ambiguous and fails to identify the documents with sufficient particularity.

14  **REQUEST NO. 27:**

15          An documents referring or relating to any transfer, payment, credit, loan or

16  indebtedness to, from or by Isaac Larian, Angela Larian, Farhad Larkin, Fred

17  Mashian, Monia Neman (aka Monia Mashian) and/or Eli Makabi, or any entity or

18  business which any of them control, own or have an interest in and that also

19  involves Neman or any entity or business that Neman controls, owns or has an

20  interest in.

21  **RESPONSE TO REQUEST NO. 27:**

22          In addition to the general objections set forth above, Neman objects to this

23  request on the ground that it seeks private, confidential and proprietary information

24  of Neman and other non-parties.  Neman further objects to the request on the

25  ground that it is overly broad, unduly burdensome, oppressive and harassing.

26  Neman further objects to the request on the ground that it seeks documents that are

27  not relevant to Phase 2 of these proceedings.  Neman further objects to the request

28  on the ground that the burden, expense and intrusiveness of the discovery

A/72852712.1                                           - 20 -

EXHIBIT _____ 6 _____

PAGE _____ 81 _____

1    outweighs the likelihood that the documents sought will lead to the discovery of

2    relevant evidence.  Neman further objects to the request on the ground that it seeks

3    documents that are protected by attorney-client privilege and attorney work

4    product doctrine.  Neman further objects to the request on the ground that it is

5    vague, ambiguous and fails to identify the documents with sufficient particularity.

6    DATED:  February 23, 2009          Bingham McCutchen LLP

7

8

9                                      By: _____
                                           Peter N. Villar
10                                         Attorneys for Non-party
                                           Leon Neman
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72852712.1

- 21 -

EXHIBIT _____6_____

PAGE _____82_____

1

## PROOF OF SERVICE

2  I am over 18 years of age, not a party to this action and employed in the

3  County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa,

4  California 92626-1924. I am readily familiar with the practice of this office for

5  collection and processing of correspondence for mailing with the United States

6  Postal Service and correspondence is deposited with the United States Postal

7  Service that same day in the ordinary course of business. On **February 13, 2009,** I

8  caused the attached to be served:

9

10  **NON-PARTY LEON NEMAN'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

11

12  ☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

13

14  ■ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with

15  postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for

16  mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and

17  processing in the ordinary course of business.

18  ☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct

19  copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

20

21  ■ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 7:00 p.m. PST to the person(s) at the email address(es) set forth

22  below.

23  **PLEASE SEE ATTACHED SERVICE LIST**

24  I declare that I am employed in the office of a member of the bar of this

25  court at whose direction the service was made and that this declaration was

26  executed on **February 13, 2009.**

27

28  _Brandy Nelson_
Brandy Nelson

A/72852712.1

EXHIBIT _____6_____

PAGE _____83_____

1

## SERVICE LIST

2

| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>Jon D. Corey, Esq.<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, CA 90017-2543<br>Tele. No. (213) 443-3000<br>Fax No. (213) 443-3100<br>Email: joncorey@quinnemanuel.com | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP<br>Thomas Nolan, Esq.<br>300 S. Grand Ave., Ste. 3400<br>Los Angeles, CA 90071<br>Tele. No. (213) 687-5250<br>Fax No. (213) 621-5250<br>Email: thomas.nolan@skadden.com |
| --- | --- |
| GLASER WEIL FINK JACOBS & SHAPIRO LLP<br>Patricia L. Glaser, Esq.<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA 90067<br>Tele. No. (310) 553-3000<br>Fax No. (310) 556-2920<br>Email: pglaser@glaserweil.com | MITCHELL SILBERBERG & KNUPP LLP<br>Russell J. Frackman, Esq.<br>11377 West Olympic Blvd.<br>Los Angeles, CA 90064<br>Tele: (310) 312-3119<br>Fax: (310) 231-8319<br>Email: rjf@msk.com |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A/72852712.1

EXHIBIT ___6___

PAGE ___84___

EXHIBIT 7

1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   todd.gordinier@bingham.com
    PETER N. VILLAR (SBN 204038)
3   peter.villar@bingham.com
    CRAIG A. TAGGART (SBN 239168)
4   craig.taggart@bingham.com
    600 Anton Boulevard
5   18th Floor
    Costa Mesa, CA  92626-1924
6   Telephone:  714.830.0600
    Facsimile:  714.830.0700
7
8   Attorneys for Non-party
    NEIL KADISHA
9
                    UNITED STATES DISTRICT COURT
10
                  CENTRAL DISTRICT OF CALIFORNIA
11
                        EASTERN DIVISION
12

13   CARTER BRYANT, an individual,       Case No. CV 04-9049 SGL (RNBx)
14              Plaintiff,                Consolidated with
                                          Case No. CV 04-09059 and
15         v.                             Case No. CV 05-2727
16   MATTEL, INC., a Delaware
17   Corporation,                         **NON-PARTY NEIL KADISHA'S
                                          OBJECTIONS TO DEFENDANT
18              Defendant.                MATTEL, INC.'S SUBPOENA FOR
                                          DEPOSITION AND THE
19                                        PRODUCTION OF DOCUMENTS**
20
21
22   AND CONSOLIDATED ACTIONS.
23
24
25
26
27
28
    A/72865707.1

EXHIBIT ___7___

PAGE ___85___

1         Pursuant to Federal Rule of Civil Procedure 45, non-party Neil Kadisha

2   ("Kadisha") hereby responds to the Subpoena for Deposition and for the

3   Production of Documents (hereafter, "the Subpoena") served in this action by

4   defendant Mattel, Inc., ("Mattel") as follows:

5

6            **GENERAL OBJECTIONS TO DEPOSITION SUBPOENA**

7       1.    Kadisha objects to the Subpoena on the ground that Mattel unilaterally

8   set the deposition date and time without consulting Kadisha or his counsel.

9       2.    Kadisha objects to the Subpoena on the ground that it seeks discovery

10  that is not relevant and beyond the scope of the Discovery Master's Order No. 3

11  issued on March 10, 2009.

12      3.    Kadisha objects to the Subpoena on the ground that it is abusively

13  drawn for the purpose of annoying, harassing and exerting pressure on a non-party

14  witness, and not for the purposes of obtaining relevant information.

15      4.    Kadisha objects to the Subpoena on the ground that it seeks discovery

16  that is cumulative and duplicative of discovery already obtained by Mattel in this

17  matter.

18      5.    Kadisha objects to the Subpoena on the ground that it is premature in

19  light of the discovery issues currently pending before the Court.

20      6.    Kadisha objects to the Subpoena to the extent and on the ground that

21  it fails to satisfy any requirement of the Federal Rules of Civil Procedure, or the

22  Locals Rules of the Central District Court of California.

23

24           **GENERAL OBJECTIONS TO DOCUMENT SUBPOENA**

25      1.    Kadisha objects to the Subpoena, and each document request

26  contained therein, on the ground that it seeks information that is not relevant to the

27  parties' claims or defenses asserted in the action and is beyond the scope of the

28  Discover Master's Order No. 3 issued on March 10, 2009.

A/72865707.1

- 1 -

EXHIBIT 7

PAGE 86

1      2.    Kadisha objects to the Subpoena, and each document request

2  contained therein, to the extent and on the ground that it seeks information that is

3  protected by any applicable privilege, doctrine or immunity, including without

4  limitation, the attorney-client privilege and the attorney work product doctrine.

5      3.    Kadisha objects to the Subpoena, and each document request

6  contained therein, on the ground that the subpoena is abusively drawn and not

7  tailored to the issues in this case.

8      4.    Kadisha objects to the Subpoena, and each document request

9  contained therein, to the extent and on the ground that it seeks documents which

10  contain private, confidential or proprietary information of Kadisha or others, or

11  where disclosure would invade the privacy rights of Kadisha or others.

12      5.    Kadisha objects to the Subpoena, and each document request

13  contained therein, to the extent and on the ground that the burden, expense or

14  intrusiveness of the discovery outweighs the likelihood that the documents sought

15  will lead to the discovery of relevant evidence.

16      6.    Kadisha objects to the Subpoena, and each document request

17  contained therein, to the extent and on the ground that it seeks documents from

18  non-party Kadisha that are equally or more readily available and attainable from

19  parties to the action.

20      7.    Kadisha objects to the Subpoena, and each document request

21  contained therein, to the extent and on the ground that it is vague, ambiguous or

22  fails to identify the documents sought with sufficient particularity.

23      8.    Kadisha objects to the Subpoena, and each document request

24  contained therein, to the extent and on the ground that it is overly broad, unduly

25  burdensome, oppressive and/or harassing.

26      9.    Kadisha objects to the Subpoena, and each document request

27  contained therein, to the extent and on the ground that it seeks documents from

28

A/72865707.1

1 sources that are not reasonably accessible and would subject Kadisha to undue

2 burden and expense.

3    10.   Kadisha objects to the Subpoena, and each document request

4 contained therein, to the extent and on the ground that it requires the production of

5 documents that are subject to a confidentiality or nondisclosure agreement.

6    11.   Kadisha objects to the Subpoena, and each document request

7 contained therein, on the ground that the place, date and time for compliance is not

8 reasonable or sufficient given the scope of the requests.

9    12.   Kadisha objects to the Subpoena, and each document request

10 contained therein, to the extent and on the ground that the Subpoena was not

11 properly issued or served, or otherwise fails to comply with the Federal Rules of

12 Civil Procedure.

13    In addition to these general objections which are incorporated into each and

14 every response herein, Kadisha specifically responds to each individual document

15 request as follows:

16

17    **SPECIFIC OBJECTIONS TO REQUESTS FOR DOCUMENTS**

18 **REQUEST NO. 1:**

19    All documents referring or relating to agreements, contracts or transactions

20 between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808

21 Investors, LLC (hereinafter, collectively, "Omni 808"), and MGA Entertainment,

22 Inc., or any subsidiary or affiliate of MGA Entertainment, Inc. (hereinafter,

23 collectively, "MGA"), and any amendments or modifications thereto, any alleged

24 defaults thereunder, and any communications referring or relating to any such

25 agreements, contracts or transactions.

26 **RESPONSE TO REQUEST NO. 1:**

27    In addition to the general objections set forth above, Kadisha objects to this

28 request on the ground that it seeks information that is not relevant to the parties'

A/72865707.1                              - 3 -

EXHIBIT ___7___

PAGE ___88___

1   claims or defenses asserted in the action and is beyond the scope of permissible

2   discovery. Kadisha further objects to this request on the ground that it seeks

3   private, confidential and proprietary information of Kadisha and other non-parties.

4   Kadisha further objects to the request on the grounds that it is overly broad, unduly

5   burdensome, oppressive and harassing. Kadisha further objects to the request on

6   the ground that the burden, expense and intrusiveness of the discovery outweighs

7   the likelihood that the documents sought will lead to the discovery of admissible

8   evidence. Kadisha further objects to the request on the grounds that it seeks

9   documents that are protected by attorney-client privilege and attorney work

10   product doctrine. Kadisha further objects to the request on the grounds that it is

11   vague, ambiguous and fails to identify the documents with sufficient particularity.

12

13   **REQUEST NO. 2:**

14       All documents referring or relating to agreements, contracts or transactions

15   between OmniNet Capital, LLC, or any subsidiary or affiliate of OmniNet Capital,

16   LLC (hereinafter, collectively, "OnmiNet"), and MGA, and any amendments or

17   modifications thereto, any alleged defaults thereunder and any communications

18   referring or relating to any such agreements, contracts or transactions.

19   **RESPONSE TO REQUEST NO. 2:**

20       In addition to the general objections set forth above, Kadisha objects to this

21   request on the ground that it seeks information that is not relevant to the parties'

22   claims or defenses asserted in the action and is beyond the scope of permissible

23   discovery. Kadisha further objects to this request on the ground that it seeks

24   private, confidential and proprietary information of Kadisha and other non-parties.

25   Kadisha further objects to the request on the grounds that it is overly broad, unduly

26   burdensome, oppressive and harassing. Kadisha further objects to the request on

27   the ground that the burden, expense and intrusiveness of the discovery outweighs

28   the likelihood that the documents sought will lead to the discovery of admissible

A/72865707.1                                              - 4 -

EXHIBIT __7__

89

1   evidence. Kadisha further objects to the request on the grounds that it seeks

2   documents that are protected by attorney-client privilege and attorney work

3   product doctrine. Kadisha further objects to the request on the grounds that it is

4   vague, ambiguous and fails to identify the documents with sufficient particularity.

5

6   **REQUEST NO. 3:**

7          All documents referring or relating to agreements, contracts or transactions

8   between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington

9   Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA, and

10  any amendments or modifications thereto, any alleged defaults thereunder, and any

11  communications referring or relating to any such agreements, contracts or

12  transactions.

13  **RESPONSE TO REQUEST NO. 3:**

14         In addition to the general objections set forth above, Kadisha objects to this

15  request on the ground that it seeks information that is not relevant to the parties'

16  claims or defenses asserted in the action and is beyond the scope of permissible

17  discovery. Kadisha further objects to this request on the ground that it seeks

18  private, confidential and proprietary information of Kadisha and other non-parties.

19  Kadisha further objects to the request on the grounds that it is overly broad, unduly

20  burdensome, oppressive and harassing. Kadisha further objects to the request on

21  the ground that the burden, expense and intrusiveness of the discovery outweighs

22  the likelihood that the documents sought will lead to the discovery of admissible

23  evidence. Kadisha further objects to the request on the grounds that it seeks

24  documents that are protected by attorney-client privilege and attorney work

25  product doctrine. Kadisha further objects to the request on the grounds that it is

26  vague, ambiguous and fails to identify the documents with sufficient particularity.

27

28

A/72865707.1                                          - 5 -

EXHIBIT 7
PAGE 90

1  **REQUEST NO. 4:**

2      All documents referring or relating to agreements, contracts or transactions

3  between Vision Capital, LLC, True Vision Capital Management, LLC, or any

4  subsidiary or affiliate of Vision, Capital, LLC and/or True Vision Capital

5  Management, LLC (hereinafter, collectively, "Vision Capital"); and MGA, and any

6  amendments or modifications thereto, any alleged defaults thereunder, and any

7  communications referring or relating to any such agreements, contracts or

8  transactions.

9  **RESPONSE TO REQUEST NO. 4:**

10      In addition to the general objections set forth above, Kadisha objects to this

11  request on the ground that it seeks information that is not relevant to the parties'

12  claims or defenses asserted in the action and is beyond the scope of permissible

13  discovery. Kadisha further objects to this request on the ground that it seeks

14  private, confidential and proprietary information of Kadisha and other non-parties.

15  Kadisha further objects to the request on the grounds that it is overly broad, unduly

16  burdensome, oppressive and harassing. Kadisha further objects to the request on

17  the ground that the burden, expense and intrusiveness of the discovery outweighs

18  the likelihood that the documents sought will lead to the discovery of admissible

19  evidence. Kadisha further objects to the request on the grounds that it seeks

20  documents that are protected by attorney-client privilege and attorney work

21  product doctrine. Kadisha further objects to the request on the grounds that it is

22  vague, ambiguous and fails to identify the documents with sufficient particularity.

23

24  **REQUEST NO. 5:**

25      All documents referring or relating to agreements, contracts or transactions

26  between Vision Capital and Lexington Financial, and any amendments or

27  modifications thereto, any alleged defaults thereunder, and any communications

28  referring or relating to any such agreements, contracts or transactions.

A/72865707.1      - 6 -

EXHIBIT ___7___

PAGE ___91___

1 **RESPONSE TO REQUEST NO. 5:**

2       In addition to the general objections set forth above, Kadisha objects to this

3 request on the ground that it seeks information that is not relevant to the parties'

4 claims or defenses asserted in the action and is beyond the scope of permissible

5 discovery. Kadisha further objects to this request on the ground that it seeks

6 private, confidential and proprietary information of Kadisha and other non-parties.

7 Kadisha further objects to the request on the grounds that it is overly broad, unduly

8 burdensome, oppressive and harassing. Kadisha further objects to the request on

9 the ground that the burden, expense and intrusiveness of the discovery outweighs

10 the likelihood that the documents sought will lead to the discovery of admissible

11 evidence. Kadisha further objects to the request on the grounds that it seeks

12 documents that are protected by attorney-client privilege and attorney work

13 product doctrine. Kadisha further objects to the request on the grounds that it is

14 vague, ambiguous and fails to identify the documents with sufficient particularity.

15

16 **REQUEST NO. 6:**

17       All documents referring or relating to agreements, contracts or transactions

18 between Omni 808 and Lexington Financial and/or Vision Capital, and any

19 amendments or modifications thereto, any alleged defaults thereunder, and any

20 communications referring or relating to any such agreements, contracts or

21 transactions.

22 **RESPONSE TO REQUEST NO. 6:**

23       In addition to the general objections set forth above, Kadisha objects to this

24 request on the ground that it seeks information that is not relevant to the parties'

25 claims or defenses asserted in the action and is beyond the scope of permissible

26 discovery. Kadisha further objects to this request on the ground that it seeks

27 private, confidential and proprietary information of Kadisha and other non-parties.

28 Kadisha further objects to the request on the grounds that it is overly broad, unduly

A/72865707.1                    - 7 -

EXHIBIT ___7___

PAGE ___9∂___

1  burdensome, oppressive and harassing. Kadisha further objects to the request on

2  the ground that the burden, expense and intrusiveness of the discovery outweighs

3  the likelihood that the documents sought will lead to the discovery of admissible

4  evidence. Kadisha further objects to the request on the grounds that it seeks

5  documents that are protected by attorney-client privilege and attorney work

6  product doctrine. Kadisha further objects to the request on the grounds that it is

7  vague, ambiguous and fails to identify the documents with sufficient particularity.

8

9  **REQUEST NO. 7:**

10      All documents referring or relating to agreements, contracts or transactions

11  between OmniNet and Vision Capital and/or Lexington Financial, and any

12  amendments or modifications thereto, any alleged defaults thereunder, and any

13  communications referring or relating to any such agreements, contracts or

14  transactions.

15  **RESPONSE TO REQUEST NO. 7:**

16      In addition to the general objections set forth above, Kadisha objects to this

17  request on the ground that it seeks information that is not relevant to the parties'

18  claims or defenses asserted in the action and is beyond the scope of permissible

19  discovery. Kadisha further objects to this request on the ground that it seeks

20  private, confidential and proprietary information of Kadisha and other non-parties.

21  Kadisha further objects to the request on the grounds that it is overly broad, unduly

22  burdensome, oppressive and harassing. Kadisha further objects to the request on

23  the ground that the burden, expense and intrusiveness of the discovery outweighs

24  the likelihood that the documents sought will lead to the discovery of admissible

25  evidence. Kadisha further objects to the request on the grounds that it seeks

26  documents that are protected by attorney-client privilege and attorney work

27  product doctrine. Kadisha further objects to the request on the grounds that it is

28  vague, ambiguous and fails to identify the documents with sufficient particularity.

A/72865707.1                    - 8 -

EXHIBIT 7

PAGE 93

1

2   **REQUEST NO. 8:**

3       All documents referring or relating to agreements, contracts or transactions

4   between Wachovia, or any subsidiary or affiliate of Wachovia, and Omni 808,

5   Vision Capital or Lexington Financial and any amendments or modifications

6   thereto, any alleged defaults thereunder and any communications referring or

7   relating to any such agreements, contracts or transactions.

8   **RESPONSE TO REQUEST NO. 8:**

9       In addition to the general objections set forth above, Kadisha objects to this

10  request on the ground that it seeks information that is not relevant to the parties'

11  claims or defenses asserted in the action and is beyond the scope of permissible

12  discovery. Kadisha further objects to this request on the ground that it seeks

13  private, confidential and proprietary information of Kadisha and other non-parties.

14  Kadisha further objects to the request on the grounds that it is overly broad, unduly

15  burdensome, oppressive and harassing. Kadisha further objects to the request on

16  the ground that the burden, expense and intrusiveness of the discovery outweighs

17  the likelihood that the documents sought will lead to the discovery of admissible

18  evidence. Kadisha further objects to the request on the grounds that it seeks

19  documents that are protected by attorney-client privilege and attorney work

20  product doctrine. Kadisha further objects to the request on the grounds that it is

21  vague, ambiguous and fails to identify the documents with sufficient particularity.

22

23  **REQUEST NO. 9:**

24      All documents referring or relating to agreements, contracts or transactions

25  between Wachovia, or any subsidiary or affiliate of Wachovia, and OmniNet, and

26  any amendments or modifications thereto, any alleged defaults thereunder and any

27  communications referring or relating to any such agreements, contracts or

28  transactions.

A/72865707.1                          - 9 -

EXHIBIT ___7___

PAGE _____94____

1  **RESPONSE TO REQUEST NO. 9:**

2      In addition to the general objections set forth above, Kadisha objects to this

3  request on the ground that it seeks information that is not relevant to the parties'

4  claims or defenses asserted in the action and is beyond the scope of permissible

5  discovery. Kadisha further objects to this request on the ground that it seeks

6  private, confidential and proprietary information of Kadisha and other non-parties.

7  Kadisha further objects to the request on the grounds that it is overly broad, unduly

8  burdensome, oppressive and harassing. Kadisha further objects to the request on

9  the ground that the burden, expense and intrusiveness of the discovery outweighs

10  the likelihood that the documents sought will lead to the discovery of admissible

11  evidence. Kadisha further objects to the request on the grounds that it seeks

12  documents that are protected by attorney-client privilege and attorney work

13  product doctrine. Kadisha further objects to the request on the grounds that it is

14  vague, ambiguous and fails to identify the documents with sufficient particularity.

15

16  **REQUEST NO. 10:**

17      All documents containing financial information, including but not limited to

18  historical and prospective financial performance, provided by MGA to Omni 808,

19  OmniNet, Lexington Financial or Vision Capital since January 1, 2007.

20  **RESPONSE TO REQUEST NO. 10:**

21      In addition to the general objections set forth above, Kadisha objects to this

22  request on the ground that it seeks information that is not relevant to the parties'

23  claims or defenses asserted in the action and is beyond the scope of permissible

24  discovery. Kadisha further objects to this request on the ground that it seeks

25  private, confidential and proprietary information of Kadisha and other non-parties.

26  Kadisha further objects to the request on the grounds that it is overly broad, unduly

27  burdensome, oppressive and harassing. Kadisha further objects to the request on

28  the ground that the burden, expense and intrusiveness of the discovery outweighs

A/72865707.1                                    - 10 -

EXHIBIT  7

95

PAGE

1  the likelihood that the documents sought will lead to the discovery of admissible

2  evidence. Kadisha further objects to the request on the grounds that it seeks

3  documents that are protected by attorney-client privilege and attorney work

4  product doctrine. Kadisha further objects to the request on the grounds that it is

5  vague, ambiguous and fails to identify the documents with sufficient particularity.

6

7  **REQUEST NO. 11:**

8      Documents sufficient to identify (a) each member, managing member,

9  holder of any ownership interest in, shareholder, officer and director of Omni 808

10  and (b) the dates of such person's affiliation with Omni 808.

11  **RESPONSE TO REQUEST NO. 11:**

12      In addition to the general objections set forth above, Kadisha objects to this

13  request on the ground that it seeks information that is not relevant to the parties'

14  claims or defenses asserted in the action and is beyond the scope of permissible

15  discovery. Kadisha further objects to this request on the ground that it seeks

16  private, confidential and proprietary information of Kadisha and other non-parties.

17  Kadisha further objects to the request on the grounds that it is overly broad, unduly

18  burdensome, oppressive and harassing. Kadisha further objects to the request on

19  the ground that the burden, expense and intrusiveness of the discovery outweighs

20  the likelihood that the documents sought will lead to the discovery of admissible

21  evidence. Kadisha further objects to the request on the grounds that it seeks

22  documents that are protected by attorney-client privilege and attorney work

23  product doctrine. Kadisha further objects to the request on the grounds that it is

24  vague, ambiguous and fails to identify the documents with sufficient particularity.

25

26  **REQUEST NO. 12:**

27      Documents sufficient to identify (a) each member, managing member,

28  holder of any ownership interest in, shareholder, officer and director of Vision

A/72865707.1          - 11 -

EXHIBIT _ 7

96

PAGE

1   Capital and (b) the dates of such person's affiliation with Vision Capital.

2   **RESPONSE TO REQUEST NO. 12:**

3        In addition to the general objections set forth above, Kadisha objects to this

4   request on the ground that it seeks information that is not relevant to the parties'

5   claims or defenses asserted in the action and is beyond the scope of permissible

6   discovery. Kadisha further objects to this request on the ground that it seeks

7   private, confidential and proprietary information of Kadisha and other non-parties.

8   Kadisha further objects to the request on the grounds that it is overly broad, unduly

9   burdensome, oppressive and harassing. Kadisha further objects to the request on

10  the ground that the burden, expense and intrusiveness of the discovery outweighs

11  the likelihood that the documents sought will lead to the discovery of admissible

12  evidence. Kadisha further objects to the request on the grounds that it seeks

13  documents that are protected by attorney-client privilege and attorney work

14  product doctrine. Kadisha further objects to the request on the grounds that it is

15  vague, ambiguous and fails to identify the documents with sufficient particularity.

16

17  **REQUEST NO. 13:**

18       Documents sufficient to identify (a) each member, managing member,

19  holder of any ownership interest in, shareholder, officer and director of Lexington

20  Financial and (b) the dates of such person's affiliation with Lexington Financial.

21  **RESPONSE TO REQUEST NO. 13:**

22        · In addition to the general objections set forth above, Kadisha objects to this

23  request on the ground that it seeks information that is not relevant to the parties'

24  claims or defenses asserted in the action and is beyond the scope of permissible

25  discovery. Kadisha further objects to this request on the ground that it seeks

26  private, confidential and proprietary information of Kadisha and other non-parties.

27  Kadisha further objects to the request on the grounds that it is overly broad, unduly

28  burdensome, oppressive and harassing. Kadisha further objects to the request on

A/72865707.1                                    - 12 -

EXHIBIT 7

PAGE 97

1    the ground that the burden, expense and intrusiveness of the discovery outweighs

2    the likelihood that the documents sought will lead to the discovery of admissible

3    evidence. Kadisha further objects to the request on the grounds that it seeks

4    documents that are protected by attorney-client privilege and attorney work

5    product doctrine. Kadisha further objects to the request on the grounds that it is

6    vague, ambiguous and fails to identify the documents with sufficient particularity.

7

8    **REQUEST NO. 14:**

9           All documents referring or relating to the formation and governance of Omni

10   808.

11   **RESPONSE TO REQUEST NO. 14:**

12          In addition to the general objections set forth above, Kadisha objects to this

13   request on the ground that it seeks information that is not relevant to the parties'

14   claims or defenses asserted in the action and is beyond the scope of permissible

15   discovery. Kadisha further objects to this request on the ground that it seeks

16   private, confidential and proprietary information of Kadisha and other non-parties.

17   Kadisha further objects to the request on the grounds that it is overly broad, unduly

18   burdensome, oppressive and harassing. Kadisha further objects to the request on

19   the ground that the burden, expense and intrusiveness of the discovery outweighs

20   the likelihood that the documents sought will lead to the discovery of admissible

21   evidence. Kadisha further objects to the request on the grounds that it seeks

22   documents that are protected by attorney-client privilege and attorney work

23   product doctrine. Kadisha further objects to the request on the grounds that it is

24   vague, ambiguous and fails to identify the documents with sufficient particularity.

25

26   **REQUEST NO. 15:**

27          All documents referring or relating to the formation and governance of

28   Vision Capital, including documents identifying (a) each person involved in

A/72865707.1                          - 13 -

EXHIBIT 7

PAGE 98

1   retaining, hiring or engaging or who otherwise communicated with Delaware

2   Corporations LLC, and (b) any bank accounts, credit cards or other financial

3   instruments used in connection with the activities set forth in (a).

4   **RESPONSE TO REQUEST NO. 15:**

5        In addition to the general objections set forth above, Kadisha objects to this

6   request on the ground that it seeks information that is not relevant to the parties'

7   claims or defenses asserted in the action and is beyond the scope of permissible

8   discovery. Kadisha further objects to this request on the ground that it seeks

9   private, confidential and proprietary information of Kadisha and other non-parties.

10   Kadisha further objects to the request on the grounds that it is overly broad, unduly

11   burdensome, oppressive and harassing. Kadisha further objects to the request on

12   the ground that the burden, expense and intrusiveness of the discovery outweighs

13   the likelihood that the documents sought will lead to the discovery of admissible

14   evidence. Kadisha further objects to the request on the grounds that it seeks

15   documents that are protected by attorney-client privilege and attorney work

16   product doctrine. Kadisha further objects to the request on the grounds that it is

17   vague, ambiguous and fails to identify the documents with sufficient particularity.

18

19   **REQUEST NO. 16:**

20        All documents referring or relating to the formation and governance of

21   Lexington Financial. including documents identifying (a) each person involved in

22   retaining, hiring or engaging or who otherwise communicated with Trust Services

23   (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or

24   engaging or who otherwise communicated with the office that Lexington

25   purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts,

26   credit cards or other financial instruments used in collection with the activities set

27   forth in (a) and/or (b).

28

A/72865707.1      - 14 -

EXHIBIT 7

PAGE 99

1   **RESPONSE TO REQUEST NO. 16:**

2         In addition to the general objections set forth above, Kadisha objects to this

3   request on the ground that it seeks information that is not relevant to the parties'

4   claims or defenses asserted in the action and is beyond the scope of permissible

5   discovery. Kadisha further objects to this request on the ground that it seeks

6   private, confidential and proprietary information of Kadisha and other non-parties.

7   Kadisha further objects to the request on the grounds that it is overly broad, unduly

8   burdensome, oppressive and harassing. Kadisha further objects to the request on

9   the ground that the burden, expense and intrusiveness of the discovery outweighs

10  the likelihood that the documents sought will lead to the discovery of admissible

11  evidence. Kadisha further objects to the request on the grounds that it seeks

12  documents that are protected by attorney-client privilege and attorney work

13  product doctrine. Kadisha further objects to the request on the grounds that it is

14  vague, ambiguous and fails to identify the documents with sufficient particularity.

15

16  **REQUEST NO. 17:**

17        All documents detailing or setting forth the relationship between Omni 808

18  and OmniNet, if any.

19  **RESPONSE TO REQUEST NO. 17:**

20        In addition to the general objections set forth above, Kadisha objects to this

21  request on the ground that it seeks information that is not relevant to the parties'

22  claims or defenses asserted in the action and is beyond the scope of permissible

23  discovery. Kadisha further objects to this request on the ground that it seeks

24  private, confidential and proprietary information of Kadisha and other non-parties.

25  Kadisha further objects to the request on the grounds that it is overly broad, unduly

26  burdensome, oppressive and harassing. Kadisha further objects to the request on

27  the ground that the burden, expense and intrusiveness of the discovery outweighs

28  the likelihood that the documents sought will lead to the discovery of admissible

EXHIBIT _____7_____

PAGE _____100_____

1   evidence. Kadisha further objects to the request on the grounds that it seeks

2   documents that are protected by attorney-client privilege and attorney work

3   product doctrine. Kadisha further objects to the request on the grounds that it is

4   vague, ambiguous and fails to identify the documents with sufficient particularity.

5

6   **REQUEST NO. 18:**

7         All documents detailing or setting forth the relationship between Omni 808

8   and Vision Capital or Lexington Financial, if any.

9   **RESPONSE TO REQUEST NO. 18:**

10         In addition to the general objections set forth above, Kadisha objects to this

11   request on the ground that it seeks information that is not relevant to the parties'

12   claims or defenses asserted in the action and is beyond the scope of permissible

13   discovery. Kadisha further objects to this request on the ground that it seeks

14   private, confidential and proprietary information of Kadisha and other non-parties.

15   Kadisha further objects to the request on the grounds that it is overly broad, unduly

16   burdensome, oppressive and harassing. Kadisha further objects to the request on

17   the ground that the burden, expense and intrusiveness of the discovery outweighs

18   the likelihood that the documents sought will lead to the discovery of admissible

19   evidence. Kadisha further objects to the request on the grounds that it seeks

20   documents that are protected by attorney-client privilege and attorney work

21   product doctrine. Kadisha further objects to the request on the grounds that it is

22   vague, ambiguous and fails to identify the documents with sufficient particularity.

23

24   **REQUEST NO. 19:**

25         All documents detailing or setting forth the relationship between OnmiNet

26   and Vision Capital Or Lexington Financial, if any.

27   **RESPONSE TO REQUEST NO. 19:**

28         In addition to the general objections set forth above, Kadisha objects to this

EXHIBIT ___7___

PAGE ___101___

1  request on the ground that it seeks information that is not relevant to the parties'
2  claims or defenses asserted in the action and is beyond the scope of permissible
3  discovery.  Kadisha further objects to this request on the ground that it seeks
4  private, confidential and proprietary information of Kadisha and other non-parties.
5  Kadisha further objects to the request on the grounds that it is overly broad, unduly
6  burdensome, oppressive and harassing.  Kadisha further objects to the request on
7  the ground that the burden, expense and intrusiveness of the discovery outweighs
8  the likelihood that the documents sought will lead to the discovery of admissible
9  evidence.  Kadisha further objects to the request on the grounds that it seeks
10  documents that are protected by attorney-client privilege and attorney work
11  product doctrine.  Kadisha further objects to the request on the grounds that it is
12  vague, ambiguous and fails to identify the documents with sufficient particularity.
13
14  **REQUEST NO. 20:**
15      All documents detailing or setting forth the relationship between Omni 808
16  and MGA, if any.
17  **RESPONSE TO REQUEST NO. 20:**
18      In addition to the general objections set forth above, Kadisha objects to this
19  request on the ground that it seeks information that is not relevant to the parties'
20  claims or defenses asserted in the action and is beyond the scope of permissible
21  discovery.  Kadisha further objects to this request on the ground that it seeks
22  private, confidential and proprietary information of Kadisha and other non-parties.
23  Kadisha further objects to the request on the grounds that it is overly broad, unduly
24  burdensome, oppressive and harassing.  Kadisha further objects to the request on
25  the ground that the burden, expense and intrusiveness of the discovery outweighs
26  the likelihood that the documents sought will lead to the discovery of admissible
27  evidence.  Kadisha further objects to the request on the grounds that it seeks
28  documents that are protected by attorney-client privilege and attorney work

A/72865707.1                                                              - 17 -

EXHIBIT ___7___
102

1  product doctrine. Kadisha further objects to the request on the grounds that it is

2  vague, ambiguous and fails to identify the documents with sufficient particularity.

3

4  **REQUEST NO. 21:**

5      All documents detailing or setting forth the relationship between OmniNet

6  and MGA, if any.

7  **RESPONSE TO REQUEST NO. 21:**

8      In addition to the general objections set forth above, Kadisha objects to this

9  request on the ground that it seeks information that is not relevant to the parties'

10  claims or defenses asserted in the action and is beyond the scope of permissible

11  discovery. Kadisha further objects to this request on the ground that it seeks

12  private, confidential and proprietary information of Kadisha and other non-parties.

13  Kadisha further objects to the request on the grounds that it is overly broad, unduly

14  burdensome, oppressive and harassing. Kadisha further objects to the request on

15  the ground that the burden, expense and intrusiveness of the discovery outweighs

16  the likelihood that the documents sought will lead to the discovery of admissible

17  evidence. Kadisha further objects to the request on the grounds that it seeks

18  documents that are protected by attorney-client privilege and attorney work

19  product doctrine. Kadisha further objects to the request on the grounds that it is.

20  vague, ambiguous and fails to identify the documents with sufficient particularity.

21

22  **REQUEST NO. 22:**

23      All documents detailing or setting forth the relationship between MGA and

24  Vision Capital or Lexington Financial, if any.

25  **RESPONSE TO REQUEST NO. 22:**

26      In addition to the general objections set forth above, Kadisha objects to this

27  request on the ground that it seeks information that is not relevant to the parties'

28  claims or defenses asserted in the action and is beyond the scope of permissible

EXHIBIT 7

103

1   discovery. Kadisha further objects to this request on the ground that it seeks

2   private, confidential and proprietary information of Kadisha and other non-parties.

3   Kadisha further objects to the request on the grounds that it is overly broad, unduly

4   burdensome, oppressive and harassing. Kadisha further objects to the request on

5   the ground that the burden, expense and intrusiveness of the discovery outweighs

6   the likelihood that the documents sought will lead to the discovery of admissible

7   evidence. Kadisha further objects to the request on the grounds that it seeks

8   documents that are protected by attorney-client privilege and attorney work

9   product doctrine. Kadisha further objects to the request on the grounds that it is

10  vague, ambiguous and fails to identify the documents with sufficient particularity.

11

12  **REQUEST NO. 23:**

13      All documents detailing or setting forth the relationship between Lexington

14  Financial and Vision Capital, if any.

15  **RESPONSE TO REQUEST NO. 23:**

16      In addition to the general objections set forth above, Kadisha objects to this

17  request on the ground that it seeks information that is not relevant to the parties'

18  claims or defenses asserted in the action and is beyond the scope of permissible

19  discovery. Kadisha further objects to this request on the ground that it seeks

20  private, confidential and proprietary information of Kadisha and other non-parties.

21  Kadisha further objects to the request on the grounds that it is overly broad, unduly

22  burdensome, oppressive and harassing. Kadisha further objects to the request on

23  the ground that the burden, expense and intrusiveness of the discovery outweighs

24  the likelihood that the documents sought will lead to the discovery of admissible

25  evidence. Kadisha further objects to the request on the grounds that it seeks

26  documents that are protected by attorney-client privilege and attorney work

27  product doctrine. Kadisha further objects to the request on the grounds that it is

28  vague, ambiguous and fails to identify the documents with sufficient particularity.

A/72865707.1                               - 19 -

EXHIBIT ___7___

PAGE ___104___

1

2 **REQUEST NO. 24:**

3      All documents detailing or setting forth the relationship between Omni 808

4 and Isaac Larian or his family members, if any. As used in these Requests, "family

5 members" of Isaac Larian include without limitation Farhad Larian, Angela Larian

6 (formerly Neman), Morad Zarabi, any other member of the Larian, Neman or

7 Zarabi families or any entities that any of the foregoing own, have an interest in or

8 control.

9 **RESPONSE TO REQUEST NO. 24:**

10      In addition to the general objections set forth above, Kadisha objects to this

11 request on the ground that it seeks information that is not relevant to the parties'

12 claims or defenses asserted in the action and is beyond the scope of permissible

13 discovery. Kadisha further objects to this request on the ground that it seeks

14 private, confidential and proprietary information of Kadisha and other non-parties.

15 Kadisha further objects to the request on the grounds that it is overly broad, unduly

16 burdensome, oppressive and harassing. Kadisha further objects to the request on

17 the ground that the burden, expense and intrusiveness of the discovery outweighs

18 the likelihood that the documents sought will lead to the discovery of admissible

19 evidence. Kadisha further objects to the request on the grounds that it seeks

20 documents that are protected by attorney-client privilege and attorney work

21 product doctrine. Kadisha further objects to the request on the grounds that it is

22 vague, ambiguous and fails to identify the documents with sufficient particularity.

23

24 **REQUEST NO. 25:**

25      All documents detailing or setting forth the relationship between OmniNet

26 and Isaac Larian or his family members, if any.

27 **RESPONSE TO REQUEST NO. 25:**

28      In addition to the general objections set forth above, Kadisha objects to this

A/72865707.1                                          - 20 -

EXHIBIT _7_

PAGE _105_

1   request on the ground that it seeks information that is not relevant to the parties'

2   claims or defenses asserted in the action and is beyond the scope of permissible

3   discovery. Kadisha further objects to this request on the ground that it seeks

4   private, confidential and proprietary information of Kadisha and other non-parties.

5   Kadisha further objects to the request on the grounds that it is overly broad, unduly

6   burdensome, oppressive and harassing. Kadisha further objects to the request on

7   the ground that the burden, expense and intrusiveness of the discovery outweighs

8   the likelihood that the documents sought will lead to the discovery of admissible

9   evidence. Kadisha further objects to the request on the grounds that it seeks

10  documents that are protected by attorney-client privilege and attorney work

11  product doctrine. Kadisha further objects to the request on the grounds that it is

12  vague, ambiguous and fails to identify the documents with sufficient particularity.

13

14  **REQUEST NO. 26:**

15      All documents detailing or setting forth the relationship between Lexington

16  Financial or Vision Capital and Isaac Larian or his family members, if any.

17  **RESPONSE TO REQUEST NO. 26:**

18      In addition to the general objections set forth above, Kadisha objects to this

19  request on the ground that it seeks information that is not relevant to the parties'

20  claims or defenses asserted in the action and is beyond the scope of permissible

21  discovery. Kadisha further objects to this request on the ground that it seeks

22  private, confidential and proprietary information of Kadisha and other non-parties.

23  Kadisha further objects to the request on the grounds that it is overly broad, unduly

24  burdensome, oppressive and harassing. Kadisha further objects to the request on

25  the ground that the burden, expense and intrusiveness of the discovery outweighs

26  the likelihood that the documents sought will lead to the discovery of admissible

27  evidence. Kadisha further objects to the request on the grounds that it seeks

28  documents that are protected by attorney-client privilege and attorney work

A/72865707.1                               - 21 -

EXHIBIT 7

PAGE 106

1   product doctrine. Kadisha further objects to the request on the grounds that it is

2   vague, ambiguous and fails to identify the documents with sufficient particularity.

3

4   **REQUEST NO. 27:**

5         All documents referring or relating to the source of funding or credit for

6   Lexington Financial or Vision Capital.

7   **RESPONSE TO REQUEST NO. 27:**

8         In addition to the general objections set forth above, Kadisha objects to this

9   request on the ground that it seeks information that is not relevant to the parties'

10  claims or defenses asserted in the action and is beyond the scope of permissible

11  discovery. Kadisha further objects to this request on the ground that it seeks

12  private, confidential and proprietary information of Kadisha and other non-parties.

13  Kadisha further objects to the request on the grounds that it is overly broad, unduly

14  burdensome, oppressive and harassing. Kadisha further objects to the request on

15  the ground that the burden, expense and intrusiveness of the discovery outweighs

16  the likelihood that the documents sought will lead to the discovery of admissible

17  evidence. Kadisha further objects to the request on the grounds that it seeks

18  documents that are protected by attorney-client privilege and attorney work

19  product doctrine. Kadisha further objects to the request on the grounds that it is

20  vague, ambiguous and fails to identify the documents with sufficient particularity.

21

22  **REQUEST NO. 28:**

23        All documents referring or relating to the source of funding or credit for

24  Omni 808.

25  **RESPONSE TO REQUEST NO. 28:**

26        In addition to the general objections set forth above, Kadisha objects to this

27  request on the ground that it seeks information that is not relevant to the parties'

28  claims or defenses asserted in the action and is beyond the scope of permissible

A/72865707.1                                   - 22 -

EXHIBIT    7

107

PAGE

1   discovery. Kadisha further objects to this request on the ground that it seeks
2   private, confidential and proprietary information of Kadisha and other non-parties.
3   Kadisha further objects to the request on the grounds that it is overly broad, unduly
4   burdensome, oppressive and harassing. Kadisha further objects to the request on
5   the ground that the burden, expense and intrusiveness of the discovery outweighs
6   the likelihood that the documents sought will lead to the discovery of admissible
7   evidence. Kadisha further objects to the request on the grounds that it seeks
8   documents that are protected by attorney-client privilege and attorney work
9   product doctrine. Kadisha further objects to the request on the grounds that it is
10  vague, ambiguous and fails to identify the documents with sufficient particularity.
11
12  **REQUEST NO. 29:**
13      All documents referring or relating to the source of funding or credit for
14  MGA.
15  **RESPONSE TO REQUEST NO. 29:**
16      In addition to the general objections set forth above, Kadisha objects to this
17  request on the ground that it seeks information that is not relevant to the parties'
18  claims or defenses asserted in the action and is beyond the scope of permissible
19  discovery. Kadisha further objects to this request on the ground that it seeks
20  private, confidential and proprietary information of Kadisha and other non-parties.
21  Kadisha further objects to the request on the grounds that it is overly broad, unduly
22  burdensome, oppressive and harassing. Kadisha further objects to the request on
23  the ground that the burden, expense and intrusiveness of the discovery outweighs
24  the likelihood that the documents sought will lead to the discovery of admissible
25  evidence. Kadisha further objects to the request on the grounds that it seeks
26  documents that are protected by attorney-client privilege and attorney work
27  product doctrine. Kadisha further objects to the request on the grounds that it is
28  vague, ambiguous and fails to identify the documents with sufficient particularity.

1

2   **REQUEST NO. 30:**

3        All documents referring or relating to all contributions, loans and any

4   sources of funding or credit for Omni 808 during the last twelve months, including

5   but not limited to agreements and/or contracts supporting these transactions.

6   **RESPONSE TO REQUEST NO. 30:**

7        In addition to the general objections set forth above, Kadisha objects to this

8   request on the ground that it seeks information that is not relevant to the parties'

9   claims or defenses asserted in the action and is beyond the scope of permissible

10  discovery.  Kadisha further objects to this request on the ground that it seeks

11  private, confidential and proprietary information of Kadisha and other non-parties.

12  Kadisha further objects to the request on the grounds that it is overly broad, unduly

13  burdensome, oppressive and harassing.  Kadisha further objects to the request on

14  the ground that the burden, expense and intrusiveness of the discovery outweighs

15  the likelihood that the documents sought will lead to the discovery of admissible

16  evidence.  Kadisha further objects to the request on the grounds that it seeks

17  documents that are protected by attorney-client privilege and attorney work

18  product doctrine.  Kadisha further objects to the request on the grounds that it is

19  vague, ambiguous and fails to identify the documents with sufficient particularity.

20

21  **REQUEST NO. 31:**

22       All documents showing detail of loan facilities for Omni 808 with an

23  indication of creditor and relevant terms referring or relating to MGA, OmniNet,

24  Omni 808, Vision Capital, Lexington Financial, Isaac Larian or his family

25  members.

26  **RESPONSE TO REQUEST NO. 31:**

27       In addition to the general objections set forth above, Kadisha objects to this

28  request on the ground that it seeks information that is not relevant to the parties'

A/72865707.1                                    - 24 -

EXHIBIT ___7___

169

1   claims or defenses asserted in the action and is beyond the scope of permissible

2   discovery. Kadisha further objects to this request on the ground that it seeks

3   private, confidential and proprietary information of Kadisha and other non-parties.

4   Kadisha further objects to the request on the grounds that it is overly broad, unduly

5   burdensome, oppressive and harassing. Kadisha further objects to the request on

6   the ground that the burden, expense and intrusiveness of the discovery outweighs

7   the likelihood that the documents sought will lead to the discovery of admissible

8   evidence. Kadisha further objects to the request on the grounds that it seeks

9   documents that are protected by attorney-client privilege and attorney work

10  product doctrine. Kadisha further objects to the request on the grounds that it is

11  vague, ambiguous and fails to identify the documents with sufficient particularity.

12

13  **REQUEST NO. 32:**

14      All documents referring or relating to transactions involving any

15  compensation, loans, advances, payments, fees or any other form of consideration

16  paid by Omni 808 to Isaac Larian, his family members, or affiliates, or any other

17  related party, including MGA.

18  **RESPONSE TO REQUEST NO. 32:**

19      In addition to the general objections set forth above, Kadisha objects to this

20  request on the ground that it seeks information that is not relevant to the parties'

21  claims or defenses asserted in the action and is beyond the scope of permissible

22  discovery. Kadisha further objects to this request on the ground that it seeks

23  private, confidential and proprietary information of Kadisha and other non-parties.

24  Kadisha further objects to the request on the grounds that it is overly broad, unduly

25  burdensome, oppressive and harassing. Kadisha further objects to the request on

26  the ground that the burden, expense and intrusiveness of the discovery outweighs

27  the likelihood that the documents sought will lead to the discovery of admissible

28  evidence. Kadisha further objects to the request on the grounds that it seeks

A/72865707.1                                                        - 25 -

EXHIBIT ___7___

110

1 documents that are protected by attorney-client privilege and attorney work
2 product doctrine. Kadisha further objects to the request on the grounds that it is
3 vague, ambiguous and fails to identify the documents with sufficient particularity.
4
5 **REQUEST NO. 33:**
6      All documents referring or relating to transactions involving any
7 compensation, loans, advances, payments, fees or any other form of consideration
8 paid by OmniNet to Isaac Larian, his family members, or affiliates, or any other
9 related party, including MGA.
10 **RESPONSE TO REQUEST NO. 33:**
11      In addition to the general objections set forth above, Kadisha objects to this
12 request on the ground that it seeks information that is not relevant to the parties'
13 claims or defenses asserted in the action and is beyond the scope of permissible
14 discovery. Kadisha further objects to this request on the ground that it seeks
15 private, confidential and proprietary information of Kadisha and other non-parties.
16 Kadisha further objects to the request on the grounds that it is overly broad, unduly
17 burdensome, oppressive and harassing. Kadisha further objects to the request on
18 the ground that the burden, expense and intrusiveness of the discovery outweighs
19 the likelihood that the documents sought will lead to the discovery of admissible
20 evidence. Kadisha further objects to the request on the grounds that it seeks
21 documents that are protected by attorney-client privilege and attorney work
22 product doctrine. Kadisha further objects to the request on the grounds that it is
23 vague, ambiguous and fails to identify the documents with sufficient particularity.
24
25 **REQUEST NO. 34:**
26      All documents referring or relating to transactions involving any
27 compensation, loans, advances, payments, fees or any other form of consideration
28 paid by Vision Capital to Omni 808, OmniNet, Lexington Capital, Isaac Larian, his

A/72865707.1          - 26 -

EXHIBIT 7
PAGE 111

1  family members, or affiliates, or any other related party, including MGA.

2  **RESPONSE TO REQUEST NO. 34:**

3  　　　In addition to the general objections set forth above, Kadisha objects to this

4  request on the ground that it seeks information that is not relevant to the parties'

5  claims or defenses asserted in the action and is beyond the scope of permissible

6  discovery. Kadisha further objects to this request on the ground that it seeks

7  private, confidential and proprietary information of Kadisha and other non-parties.

8  Kadisha further objects to the request on the grounds that it is overly broad, unduly

9  burdensome, oppressive and harassing. Kadisha further objects to the request on

10 the ground that the burden, expense and intrusiveness of the discovery outweighs

11 the likelihood that the documents sought will lead to the discovery of admissible

12 evidence. Kadisha further objects to the request on the grounds that it seeks

13 documents that are protected by attorney-client privilege and attorney work

14 product doctrine. Kadisha further objects to the request on the grounds that it is

15 vague, ambiguous and fails to identify the documents with sufficient particularity.

16

17 **REQUEST NO. 35:**

18 　　　All documents referring or relating to transactions involving any

19 compensation, loans, advances, payments, fees or any other form of consideration

20 paid by Lexington Financial to Vision Capital, Omni 808, OmniNet, Isaac Larian,

21 his family members, or affiliates, or any other related party, including MGA.

22 **RESPONSE TO REQUEST NO. 35:**

23 　　　In addition to the general objections set forth above, Kadisha objects to this

24 request on the ground that it seeks information that is not relevant to the parties'

25 claims or defenses asserted in the action and is beyond the scope of permissible

26 discovery. Kadisha further objects to this request on the ground that it seeks

27 private, confidential and proprietary information of Kadisha and other non-parties.

28 Kadisha further objects to the request on the grounds that it is overly broad, unduly

A/72865707.1                                    - 27 -

EXHIBIT __7__
PAGE __112__

1   burdensome, oppressive and harassing. Kadisha further objects to the request on
2   the ground that the burden, expense and intrusiveness of the discovery outweighs
3   the likelihood that the documents sought will lead to the discovery of admissible
4   evidence. Kadisha further objects to the request on the grounds that it seeks
5   documents that are protected by attorney-client privilege and attorney work
6   product doctrine. Kadisha further objects to the request on the grounds that it is
7   vague, ambiguous and fails to identify the documents with sufficient particularity.
8
9   **REQUEST NO. 36:**
10       Any and all records that substantiate transfers of assets by Omni 808 to other
11   entities, individuals, and/or parties, within the U.S. and outside of the U.S.
12   **RESPONSE TO REQUEST NO. 36:**
13       In addition to the general objections set forth above, Kadisha objects to this
14   request on the ground that it seeks information that is not relevant to the parties'
15   claims or defenses asserted in the action and is beyond the scope of permissible
16   discovery. Kadisha further objects to this request on the ground that it seeks
17   private, confidential and proprietary information of Kadisha and other non-parties.
18   Kadisha further objects to the request on the grounds that it is overly broad, unduly
19   burdensome, oppressive and harassing. Kadisha further objects to the request on
20   the ground that the burden, expense and intrusiveness of the discovery outweighs
21   the likelihood that the documents sought will lead to the discovery of admissible
22   evidence. Kadisha further objects to the request on the grounds that it seeks
23   documents that are protected by attorney-client privilege and attorney work
24   product doctrine. Kadisha further objects to the request on the grounds that it is
25   vague, ambiguous and fails to identify the documents with sufficient particularity.
26
27   **REQUEST NO. 37:**
28       Any and all records that substantiate transfers of assets by Vision Capital to

A/72865707.1                              - 28 -

EXHIBIT 7

1/3

1   other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

2   **RESPONSE TO REQUEST NO. 37:**

3        In addition to the general objections set forth above, Kadisha objects to this

4   request on the ground that it seeks information that is not relevant to the parties'

5   claims or defenses asserted in the action and is beyond the scope of permissible

6   discovery. Kadisha further objects to this request on the ground that it seeks

7   private, confidential and proprietary information of Kadisha and other non-parties.

8   Kadisha further objects to the request on the grounds that it is overly broad, unduly

9   burdensome, oppressive and harassing. Kadisha further objects to the request on

10  the ground that the burden, expense and intrusiveness of the discovery outweighs

11  the likelihood that the documents sought will lead to the discovery of admissible

12  evidence. Kadisha further objects to the request on the grounds that it seeks

13  documents that are protected by attorney-client privilege and attorney work

14  product doctrine. Kadisha further objects to the request on the grounds that it is

15  vague, ambiguous and fails to identify the documents with sufficient particularity.

16

17  **REQUEST NO. 38:**

18       Any and all records that substantiate transfers of assets by Lexington

19  Financial to other entities, individuals, and/or parties, within the U.S. and outside

20  of the U.S.

21  **RESPONSE TO REQUEST NO. 38:**

22       In addition to the general objections set forth above, Kadisha objects to this

23  request on the ground that it seeks information that is not relevant to the parties'

24  claims or defenses asserted in the action and is beyond the scope of permissible

25  discovery. Kadisha further objects to this request on the ground that it seeks

26  private, confidential and proprietary information of Kadisha and other non-parties.

27  Kadisha further objects to the request on the grounds that it is overly broad, unduly

28  burdensome, oppressive and harassing. Kadisha further objects to the request on

Exhibit 7
114

1 the ground that the burden, expense and intrusiveness of the discovery outweighs

2 the likelihood that the documents sought will lead to the discovery of admissible

3 evidence. Kadisha further objects to the request on the grounds that it seeks

4 documents that are protected by attorney-client privilege and attorney work

5 product doctrine. Kadisha further objects to the request on the grounds that it is

6 vague, ambiguous and fails to identify the documents with sufficient particularity.

7

8 **REQUEST NO. 39:**

9 All communications referring or relating to Omni 808, OmniNet, Vision

10 Capital, Lexington Financial, Mattel, MGA, Isaac Larian, any entity or business

11 owned or controlled by Isaac Larian or his family members, Fred Mashian and/or

12 Bratz.

13 **RESPONSE TO REQUEST NO. 39:**

14 In addition to the general objections set forth above, Kadisha objects to this

15 request on the ground that it seeks information that is not relevant to the parties'

16 claims or defenses asserted in the action and is beyond the scope of permissible

17 discovery. Kadisha further objects to this request on the ground that it seeks

18 private, confidential and proprietary information of Kadisha and other non-parties.

19 Kadisha further objects to the request on the grounds that it is overly broad, unduly

20 burdensome, oppressive and harassing. Kadisha further objects to the request on

21 the ground that the burden, expense and intrusiveness of the discovery outweighs

22 the likelihood that the documents sought will lead to the discovery of admissible

23 evidence. Kadisha further objects to the request on the grounds that it seeks

24 documents that are protected by attorney-client privilege and attorney work

25 product doctrine. Kadisha further objects to the request on the grounds that it is

26 vague, ambiguous and fails to identify the documents with sufficient particularity.

27

28

A/72865707.1

- 30 -

EXHIBIT 7

PAGE 115

1  **REQUEST NO. 40:**

2  ·        All documents referring or relating to any contract, transaction or

3  relationship between, on the one hand, Omni 808, OmniNet, Vision Capital and/or

4  Lexington Financial, and, on the other band, Isaac Larian or his family members.

5  **RESPONSE TO REQUEST NO. 40:**

6         In addition to the general objections set forth above, Kadisha objects to this

7  request on the ground that it seeks information that is not relevant to the parties'

8  claims or defenses asserted in the action and is beyond the scope of permissible

9  discovery. Kadisha further objects to this request on the ground that it seeks

10 private, confidential and proprietary information of Kadisha and other non-parties.

11 Kadisha further objects to the request on the grounds that it is overly broad, unduly

12 burdensome, oppressive and harassing.  Kadisha further objects to the request on

13 the ground that the burden, expense and intrusiveness of the discovery outweighs

14 the likelihood that the documents sought will lead to the discovery of admissible

15 evidence. Kadisha further objects to the request on the grounds that it seeks

16 documents that are protected by attorney-client privilege and attorney work

17 product doctrine.  Kadisha further objects to the request on the grounds that it is

18 vague, ambiguous and fails to identify the documents with sufficient particularity.

19

20 **REQUEST NO. 41:**

21        All documents relating to the U.C.C. financing statements and amendments

22 attached as Exhibit 1.

23 **RESPONSE TO REQUEST NO. 41:**

24        In addition to the general objections set forth above, Kadisha objects to this

25 request on the ground that it seeks information that is not relevant to the parties'

26 claims or defenses asserted in the action and is beyond the scope of permissible

27 discovery. Kadisha further objects to this request on the ground that it seeks

28 private, confidential and proprietary information of Kadisha and other non-parties.

A/72865707.1                                -31-

EXHIBIT  7

116

1    Kadisha further objects to the request on the grounds that it is overly broad, unduly

2    burdensome, oppressive and harassing. ·Kadisha further objects to the request on

3    the ground that the burden, expense and intrusiveness of the discovery outweighs

4    the likelihood that the documents sought will lead to the discovery of admissible

5    evidence. Kadisha further objects to the request on the grounds that it seeks

6    documents that are protected by attorney-client privilege and attorney work

7    product doctrine. Kadisha further objects to the request on the grounds that it is

8    vague, ambiguous and fails to identify the documents with sufficient particularity.

9

10   **REQUEST NO. 42:**

11         Documents sufficient to show each and every entity or business in which

12   you have an interest or role or over which you have control and in which Isaac

13   Larian, or his family members, have any interest or role or over which Isaac

14   Larian, or his family members, have control.

15   **RESPONSE TO REQUEST NO. 42:**

16         In addition to the general objections set forth above, Kadisha objects to this

17   request on the ground that it seeks information that is not relevant to the parties'

18   claims or defenses asserted in the action and is beyond the scope of permissible

19   discovery. Kadisha further objects to this request on the ground that it seeks

20   private, confidential and proprietary information of Kadisha and other non-parties.

21   Kadisha further objects to the request on the grounds that it is overly broad, unduly

22   burdensome, oppressive and harassing. Kadisha further objects to the request on

23   the ground that the burden, expense and intrusiveness of the discovery outweighs

24   the likelihood that the documents sought will lead to the discovery of admissible

25   evidence. Kadisha further objects to the request on the grounds that it seeks

26   documents that are protected by attorney-client privilege and attorney work

27   product doctrine. Kadisha further objects to the request on the grounds that it is

28   vague, ambiguous and fails to identify the documents with sufficient particularity.

A/72865707.1                                   - 32 -

EXHIBIT ____7____
117

**REQUEST NO. 43:**

All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business which Isaac Larian or his family members own, have an interest in or control and that also involves you, or any entity or business that you own, have an interest in or control.

**RESPONSE TO REQUEST NO. 43:**

In addition to the general objections set forth above, Kadisha objects to this request on the ground that it seeks information that is not relevant to the parties' claims or defenses asserted in the action and is beyond the scope of permissible discovery. Kadisha further objects to this request on the ground that it seeks private, confidential and proprietary information of Kadisha and other non-parties. Kadisha further objects to the request on the grounds that it is overly broad, unduly burdensome, oppressive and harassing. Kadisha further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of admissible evidence. Kadisha further objects to the request on the grounds that it seeks documents that are protected by attorney-client privilege and attorney work product doctrine. Kadisha further objects to the request on the grounds that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 44:**

To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of your relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

1 **RESPONSE TO REQUEST NO. 44:**

2       In addition to the general objections set forth above, Kadisha objects to this

3 request on the ground that it seeks information that is not relevant to the parties'

4 claims or defenses asserted in the action and is beyond the scope of permissible

5 discovery. Kadisha further objects to this request on the ground that it seeks

6 private, confidential and proprietary information of Kadisha and other non-parties.

7 Kadisha further objects to the request on the grounds that it is overly broad, unduly

8 burdensome, oppressive and harassing. Kadisha further objects to the request on

9 the ground that the burden, expense and intrusiveness of the discovery outweighs

10 the likelihood that the documents sought will lead to the discovery of admissible

11 evidence. Kadisha further objects to the request on the grounds that it seeks

12 documents that are protected by attorney-client privilege and attorney work

13 product doctrine. Kadisha further objects to the request on the grounds that it is

14 vague, ambiguous and fails to identify the documents with sufficient particularity.

15

16

17 DATED: March 11, 2009                Bingham McCutchen LLP

18

19                              By:_____

20                                 Peter N. Villar
                                Attorneys for Non-party Neil Kadisha

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **March 11, 2009**, I caused the attached to be served:

**NON-PARTY NEIL KADISHA'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR DEPOSITION AND THE PRODUCTION OF DOCUMENTS**

☒ (VIA EMAIL) by transmitting via email the document(s) listed above on this date to the person(s) at the email address(es) set forth below.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Jon D. Corey, Esq.
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017-2543
Tele. No. (213) 443-3000
Fax No. (213) 443-3100
Email: joncorey@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **March 11, 2009**.

_____
Lan H. Ly

A/72865707.1

EXHIBIT 7

PAGE 120