EXHIBIT 8

1  Bingham McCutchen LLP
   TODD E. GORDINIER (SBN 82200)
2  todd.gordinier@bingham.com
   PETER N. VILLAR (SBN 204038)
3  peter.villar@bingham.com
   JENNIFER A. LOPEZ (SBN 232320)
4  jennifer.lopez@bingham.com
   600 Anton Boulevard
5  18th Floor
   Costa Mesa, CA  92626-1924
6  Telephone:  714.830.0600
   Facsimile:  714.830.0700
7
8  Attorneys for Non-party
   FRED MASHIAN
9
                  UNITED STATES DISTRICT COURT
10
                 CENTRAL DISTRICT OF CALIFORNIA
11
                        EASTERN DIVISION
12
13  CARTER BRYANT, an individual,          Case No. CV 04-9049 SGL (RNBx)
14          Plaintiff,                      Consolidated with Case No.
                                            CV 04-09059 and Case No. CV 05-2727
15          v.
16  MATTEL, INC., a Delaware               **NON-PARTY FRED MASHIAN'S
    Corporation,                           OBJECTIONS TO DEFENDANT
17                                          MATTEL, INC.'S SUBPOENA FOR
            Defendant.                      THE PRODUCTION OF
18                                          DOCUMENTS**
19
20
21  AND CONSOLIDATED ACTIONS.
22
23
24
25
26
27
28
    A/72844921.1

EXHIBIT ___8___

PAGE ___121___

1    Pursuant to Federal Rule of Civil Procedure 45, non-party Fred Mashian
2    ("Mashian") hereby responds to the Subpoena for the production of documents
3    (hereafter, "the Subpoena") served in this action by defendant Mattel, Inc., as
4    follows:

5

6    ## PRELIMINARY STATEMENT

7    These responses are based solely on the facts, information and documents
8    presently known and available to Mashian. Mashian's search for and review of
9    potentially responsive documents is ongoing and may disclose the existence of
10   additional facts, information or documents, or possibly lead to additions or changes
11   to these responses. Mashian reserves the right to revise or supplement these
12   responses if and when additional facts, information or documents are discovered.

13   The inadvertent production of proprietary, confidential, highly confidential,
14   or privileged documents or information by Mashian does not and shall not
15   constitute waiver of any applicable privilege, rights under any protective order or
16   trade secret, nor should production of any document or information be construed to
17   waive any objection to the admission of such documents or information in
18   evidence, including without limitation that of relevancy.

19

20   ## GENERAL OBJECTIONS

21   1.    Mashian objects to the Subpoena, and each document request
22   contained therein, to the extent and on the ground that it seeks documents that are
23   protected by any applicable privilege, doctrine or immunity, including without
24   limitation, the attorney-client privilege and the attorney work product doctrine.

25   2.    Mashian objects to the Subpoena, and each document request
26   contained therein, to the extent and on the ground that it seeks documents which
27   contain private, confidential or proprietary information of Mashian or his clients,
28   or where disclosure would invade the privacy rights of Mashian or his clients.

A/72844921.1                                - 1 -

EXHIBIT _____ 8 _____

PAGE _____ 122 _____

3. Mashian objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents that are not relevant to the parties' claims or defenses asserted in the action.

4. Mashian objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the burden, expense or intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.

5. Mashian objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from non-party Mashian that are equally or more readily available and attainable from parties to the action.

6. Mashian objects to the Subpoena, and each document request contained therein, to the extent and on the ground that the requests are duplicative of requests made to other parties or non-parties.

7. Mashian objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is vague, ambiguous or fails to identify the documents sought with sufficient particularity.

8. Mashian objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it is overly broad, unduly burdensome, oppressive or harassing.

9. Mashian objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it seeks documents from sources that are not reasonably accessible and would subject the responding party to undue burden and expense.

10. Mashian objects to the Subpoena, and each document request contained therein, to the extent and on the ground that it requires the production of documents that are subject to a confidentiality or nondisclosure agreement.

A/72844921.1

EXHIBIT 8

PAGE 123

1    11.    Mashian objects to the Subpoena, and each document request

2    contained therein, on the ground that the place, date and time for compliance is not

3    reasonable or sufficient given the scope of the requests.

4    12.    Mashian objects to the Subpoena, and each document request

5    contained therein, to the extent and on the ground that the Subpoena was not

6    properly issued or served, or otherwise fails to comply with the Federal Rules of

7    Civil Procedure.

8    13.    Mashian objects to the production of any documents under the

9    Subpoena unless and until there is an acceptable protective order issued by the

10   Court.

11   In addition to these general objections which are incorporated into each and

12   every response herein, Mashian specifically responds to each individual document

13   request as follows:

14

15                              **SPECIFIC OBJECTIONS**

16   **REQUEST NO. 1:**

17   All documents referring or relating to agreements, contracts or transactions

18   between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington

19   Financial, LLC (hereinafter, collectively, "Lexington Financial"), and MGA

20   Entertainment, Inc., or any subsidiary or affiliate of MGA Entertainment, Inc.

21   (hereinafter, collectively, "MGA"), and any amendments or modifications thereto,

22   and any communications referring or relating to any such agreements, contracts or

23   transactions.

24   **RESPONSE TO REQUEST NO. 1:**

25   In addition to the general objections set forth above, Mashian objects to this

26   request on the ground that it seeks private, confidential and proprietary information

27   of Mashian and other non-parties.  Mashian further objects to the request on the

28   ground that it is overly broad, unduly burdensome, oppressive and harassing.

A/72844921.1                                    - 3 -

EXHIBIT ___8___

PAGE ___124___

1   Mashian further objects to the request on the ground that it seeks documents that

2   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

3   request on the ground that the burden, expense and intrusiveness of the discovery

4   outweighs the likelihood that the documents sought will lead to the discovery of

5   relevant evidence.  Mashian further objects to the request on the ground that it

6   seeks documents that are protected by attorney-client privilege and attorney work

7   product doctrine.  Mashian further objects to the request on the ground that it is

8   vague, ambiguous and fails to identify the documents with sufficient particularity.

9   **REQUEST NO. 2:**

10      All documents referring or relating to agreements, contracts or transactions

11   between Vision Capital, LLC, True Vision Capital Management, LLC, or any

12   subsidiary or affiliate of Vision Capital, LLC and/or True Vision Capital

13   Management, LLC (hereinafter, collectively, "Vision Capital"), and Lexington

14   Financial, and any amendments or modifications thereto, any alleged defaults

15   thereunder, and any communications referring or relating to any such agreements,

16   contracts or transactions.

17   **RESPONSE TO REQUEST NO. 2:**

18      In addition to the general objections set forth above, Mashian objects to this

19   request on the ground that it seeks private, confidential and proprietary information

20   of Mashian and other non-parties.  Mashian further objects to the request on the

21   ground that it is overly broad, unduly burdensome, oppressive and harassing.

22   Mashian further objects to the request on the ground that it seeks documents that

23   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

24   request on the ground that the burden, expense and intrusiveness of the discovery

25   outweighs the likelihood that the documents sought will lead to the discovery of

26   relevant evidence.  Mashian further objects to the request on the ground that it

27   seeks documents that are protected by attorney-client privilege and attorney work

28   product doctrine.  Mashian further objects to the request on the ground that it is

A/72844921.1                                          - 4 -

EXHIBIT ___8___

PAGE ___125___

1    vague, ambiguous and fails to identify the documents with sufficient particularity.

2    **REQUEST NO. 3:**

3        All documents referring or relating to agreements, contracts or transactions

4    between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808

5    Investors, LLC (hereinafter, collectively, "Omni 808"), and Lexington Financial,

6    and any amendments or modifications thereto, any alleged defaults thereunder, and

7    any communications referring or relating to any such agreements, contracts or

8    transactions.

9    **RESPONSE TO REQUEST NO. 3:**

10        In addition to the general objections set forth above, Mashian objects to this

11    request on the ground that it seeks private, confidential and proprietary information

12    of Mashian and other non-parties.  Mashian further objects to the request on the

13    ground that it is overly broad, unduly burdensome, oppressive and harassing.

14    Mashian further objects to the request on the ground that it seeks documents that

15    are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

16    request on the ground that the burden, expense and intrusiveness of the discovery

17    outweighs the likelihood that the documents sought will lead to the discovery of

18    relevant evidence.  Mashian further objects to the request on the ground that it

19    seeks documents that are protected by attorney-client privilege and attorney work

20    product doctrine.  Mashian further objects to the request on the ground that it is

21    vague, ambiguous and fails to identify the documents with sufficient particularity.

22    **REQUEST NO. 4:**

23        All documents containing financial information, including but not limited to

24    historical and prospective financial performance, provided by MGA Entertainment,

25    Inc. to Lexington Financial since January 1, 2007.

26    **RESPONSE TO REQUEST NO. 4:**

27        In addition to the general objections set forth above, Mashian objects to this

28    request on the ground that it is overly broad, unduly burdensome, oppressive and

A/72844921.1                                          - 5 -

EXHIBIT ___8___

PAGE ___126___

1    harassing. Mashian further objects to the request on the ground that it seeks

2    documents that are not relevant to Phase 2 of these proceedings. Mashian further

3    objects to the request on the ground that the burden, expense and intrusiveness of

4    the discovery outweighs the likelihood that the documents sought will lead to the

5    discovery of relevant evidence. Mashian further objects to the request on the

6    ground that it seeks documents that are protected by attorney-client privilege and

7    attorney work product doctrine. Mashian further objects to the request on the

8    ground that it seeks private, confidential and proprietary information. Mashian

9    further objects to the request on the ground that it is vague, ambiguous and fails to

10   identify the documents with sufficient particularity. Mashian further objects to the

11   request on the ground that it seeks documents from a non-party that are equally or

12   more readily attainable from a party, MGA.

13   **REQUEST NO. 5:**

14        Documents sufficient to identify (a) each member, managing member,

15   holder of any ownership interest in, shareholder, office and director of Lexington

16   Financial and (b) the dates of such person's affiliation with Lexington Financial.

17   **RESPONSE TO REQUEST NO. 5:**

18        In addition to the general objections set forth above, Mashian objects to this

19   request on the ground that it seeks private, confidential and proprietary information

20   of Mashian and other non-parties. Mashian further objects to the request on the

21   ground that it is overly broad, unduly burdensome, oppressive and harassing.

22   Mashian further objects to the request on the ground that it seeks documents that

23   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

24   request on the ground that the burden, expense and intrusiveness of the discovery

25   outweighs the likelihood that the documents sought will lead to the discovery of

26   relevant evidence. Mashian further objects to the request on the ground that it

27   seeks documents that are protected by attorney-client privilege and attorney work

28   product doctrine. Mashian further objects to the request on the ground that it is

EXHIBIT _____8_____

PAGE _____127_____

1    vague, ambiguous and fails to identify the documents with sufficient particularity.

2    **REQUEST NO. 6:**

3        Documents sufficient to identify (a) each member, managing member,

4    holder of any ownership interest in, shareholder, office and director of Vision

5    Capital and (b) the dates of such person's affiliation with Vision Capital.

6    **RESPONSE TO REQUEST NO. 6:**

7        In addition to the general objections set forth above, Mashian objects to this

8    request on the ground that it seeks private, confidential and proprietary information

9    of Mashian and other non-parties. Mashian further objects to the request on the

10    ground that it is overly broad, unduly burdensome, oppressive and harassing.

11    Mashian further objects to the request on the ground that it seeks documents that

12    are not relevant to Phase 2 of these proceedings. Mashian further objects to the

13    request on the ground that the burden, expense and intrusiveness of the discovery

14    outweighs the likelihood that the documents sought will lead to the discovery of

15    relevant evidence. Mashian further objects to the request on the ground that it

16    seeks documents that are protected by attorney-client privilege and attorney work

17    product doctrine. Mashian further objects to the request on the ground that it is

18    vague, ambiguous and fails to identify the documents with sufficient particularity.

19    **REQUEST NO. 7:**

20        All documents referring or relating to the formation and governance of

21    Lexington Financial, including documents identifying (a) each person involved in

22    retaining, hiring or engaging or who otherwise communicated with Trust Services

23    (Nevis) Limited, (b) each person involved in procuring, retaining, hiring or

24    engaging or who otherwise communicated with the office that Lexington

25    purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts,

26    credit cards or other financial instruments used in connection with the activities set

27    forth in (a) and/or (b).

28

EXHIBIT    8

PAGE    128

1    **RESPONSE TO REQUEST NO. 7:**

2        In addition to the general objections set forth above, Mashian objects to this

3    request on the ground that it seeks private, confidential and proprietary information

4    of Mashian and other non-parties. Mashian further objects to the request on the

5    ground that it is overly broad, unduly burdensome, oppressive and harassing.

6    Mashian further objects to the request on the ground that it seeks documents that

7    are not relevant to Phase 2 of these proceedings. Mashian further objects to the

8    request on the ground that the burden, expense and intrusiveness of the discovery

9    outweighs the likelihood that the documents sought will lead to the discovery of

10   relevant evidence. Mashian further objects to the request on the ground that it

11   seeks documents that are protected by attorney-client privilege and attorney work

12   product doctrine. Mashian further objects to the request on the ground that it is

13   vague, ambiguous and fails to identify the documents with sufficient particularity.

14   **REQUEST NO. 8:**

15       All documents referring or relating to the formation and governance of

16   Vision Capital, including documents identifying (a) each person involved in

17   retaining, hiring or engaging or who otherwise communicated with Delaware

18   Corporations LLC, and (b) any bank accounts, credit cards or otherwise financial

19   instruments used in connection with the activities set forth in (a).

20   **RESPONSE TO REQUEST NO. 8:**

21        In addition to the general objections set forth above, Mashian objects to this

22   request on the ground that it seeks private, confidential and proprietary information

23   of Mashian and other non-parties. Mashian further objects to the request on the

24   ground that it is overly broad, unduly burdensome, oppressive and harassing.

25   Mashian further objects to the request on the ground that it seeks documents that

26   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

27   request on the ground that the burden, expense and intrusiveness of the discovery

28   outweighs the likelihood that the documents sought will lead to the discovery of

EXHIBIT _____8_____

PAGE _____129_____

1  relevant evidence.  Mashian further objects to the request on the ground that it

2  seeks documents that are protected by attorney-client privilege and attorney work

3  product doctrine.  Mashian further objects to the request on the ground that it is

4  vague, ambiguous and fails to identify the documents with sufficient particularity.

5  **REQUEST NO. 9:**

6       All documents detailing or setting forth the relationship between Lexington

7  Financial and OmniNet Capital, LLC, if any.

8  **RESPONSE TO REQUEST NO. 9:**

9       In addition to the general objections set forth above, Mashian objects to this

10  request on the ground that it seeks private, confidential and proprietary information

11  of Mashian and other non-parties.  Mashian further objects to the request on the

12  ground that it is overly broad, unduly burdensome, oppressive and harassing.

13  Mashian further objects to the request on the ground that it seeks documents that

14  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

15  request on the ground that the burden, expense and intrusiveness of the discovery

16  outweighs the likelihood that the documents sought will lead to the discovery of

17  relevant evidence.  Mashian further objects to the request on the ground that it

18  seeks documents that are protected by attorney-client privilege and attorney work

19  product doctrine.  Mashian further objects to the request on the ground that it is

20  vague, ambiguous and fails to identify the documents with sufficient particularity.

21  **REQUEST NO. 10:**

22       All documents detailing or setting forth the relationship between Lexington

23  Financial and Omni 808 or Vision Capital, if any.

24  **RESPONSE TO REQUEST NO. 10:**

25       In addition to the general objections set forth above, Mashian objects to this

26  request on the ground that it seeks private, confidential and proprietary information

27  of Mashian and other non-parties.  Mashian further objects to the request on the

28  ground that it is overly broad, unduly burdensome, oppressive and harassing.

A/72844921.1                                    - 9 -

EXHIBIT ___8___

PAGE ___130___

1   Mashian further objects to the request on the ground that it seeks documents that
2   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the
3   request on the ground that the burden, expense and intrusiveness of the discovery
4   outweighs the likelihood that the documents sought will lead to the discovery of
5   relevant evidence.  Mashian further objects to the request on the ground that it
6   seeks documents that are protected by attorney-client privilege and attorney work
7   product doctrine.  Mashian further objects to the request on the ground that it is
8   vague, ambiguous and fails to identify the documents with sufficient particularity.
9   **REQUEST NO. 11:**
10      All documents detailing or setting forth the relationship between Lexington
11   Financial and MGA Entertainment, Inc. or any subsidiary or affiliate of MGA
12   Entertainment, Inc., if any.
13   **RESPONSE TO REQUEST NO. 11:**
14      In addition to the general objections set forth above, Mashian objects to this
15   request on the ground that it seeks private, confidential and proprietary information
16   of Mashian and other non-parties.  Mashian further objects to the request on the
17   ground that it is overly broad, unduly burdensome, oppressive and harassing.
18   Mashian further objects to the request on the ground that it seeks documents that
19   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the
20   request on the ground that the burden, expense and intrusiveness of the discovery
21   outweighs the likelihood that the documents sought will lead to the discovery of
22   relevant evidence.  Mashian further objects to the request on the ground that it
23   seeks documents that are protected by attorney-client privilege and attorney work
24   product doctrine.  Mashian further objects to the request on the ground that it is
25   vague, ambiguous and fails to identify the documents with sufficient particularity.
26   **REQUEST NO. 12:**
27      All documents detailing or setting forth the relationship between Lexington
28   Financial and Isaac Larian or his family members, if any.  As used in these

A/72844921.1                                    - 10 -

EXHIBIT ___8___

PAGE ___131___

1    Requests, "family members" of Isaac Larian include without limitation Farhad

2    Larian, Angela Larian (formerly Neman), Morad Zarabi, any other member of the

3    Larian, Neman or Zarabi families or any entities or businesses that any of the

4    foregoing own, have an interest in or control.

5    **RESPONSE TO REQUEST NO. 12:**

6         In addition to the general objections set forth above, Mashian objects to this

7    request on the ground that it seeks private, confidential and proprietary information

8    of Mashian and other non-parties.  Mashian further objects to the request on the

9    ground that it is overly broad, unduly burdensome, oppressive and harassing.

10   Mashian further objects to the request on the ground that it seeks documents that

11   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

12   request on the ground that the burden, expense and intrusiveness of the discovery

13   outweighs the likelihood that the documents sought will lead to the discovery of

14   relevant evidence.  Mashian further objects to the request on the ground that it

15   seeks documents that are protected by attorney-client privilege and attorney work

16   product doctrine.  Mashian further objects to the request on the ground that it is

17   vague, ambiguous and fails to identify the documents with sufficient particularity.

18   **REQUEST NO. 13:**

19        All documents referring or relating to the source of funding or credit for

20   Vision Capital.

21   **RESPONSE TO REQUEST NO. 13:**

22        In addition to the general objections set forth above, Mashian objects to this

23   request on the ground that it seeks private, confidential and proprietary information

24   of Mashian and other non-parties.  Mashian further objects to the request on the

25   ground that it is overly broad, unduly burdensome, oppressive and harassing.

26   Mashian further objects to the request on the ground that it seeks documents that

27   are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

28   request on the ground that the burden, expense and intrusiveness of the discovery

A/72844921.1                                    - 11 -

EXHIBIT ___8___

PAGE ___132___

1   outweighs the likelihood that the documents sought will lead to the discovery of

2   relevant evidence. Mashian further objects to the request on the ground that it

3   seeks documents that are protected by attorney-client privilege and attorney work

4   product doctrine. Mashian further objects to the request on the ground that it is

5   vague, ambiguous and fails to identify the documents with sufficient particularity.

6   **REQUEST NO. 14:**

7        All documents detailing or setting forth the relationship between Vision

8   Capital and Isaac Larian or is family members.

9   **RESPONSE TO REQUEST NO. 14:**

10        In addition to the general objections set forth above, Mashian objects to this

11  request on the ground that it seeks private, confidential and proprietary information

12  of Mashian and other non-parties. Mashian further objects to the request on the

13  ground that it is overly broad, unduly burdensome, oppressive and harassing.

14  Mashian further objects to the request on the ground that it seeks documents that

15  are not relevant to Phase 2 of these proceedings. Mashian further objects to the

16  request on the ground that the burden, expense and intrusiveness of the discovery

17  outweighs the likelihood that the documents sought will lead to the discovery of

18  relevant evidence. Mashian further objects to the request on the ground that it

19  seeks documents that are protected by attorney-client privilege and attorney work

20  product doctrine. Mashian further objects to the request on the ground that it is

21  vague, ambiguous and fails to identify the documents with sufficient particularity.

22  **REQUEST NO. 15:**

23        All documents referring or relating to the source of funding or credit for

24  Omni 808.

25  **RESPONSE TO REQUEST NO. 15:**

26        In addition to the general objections set forth above, Mashian objects to this

27  request on the ground that it seeks private, confidential and proprietary information

28  of Mashian and other non-parties. Mashian further objects to the request on the

A/72844921.1                                    - 12 -

EXHIBIT ___8___

PAGE ___133___

1   ground that it is overly broad, unduly burdensome, oppressive and harassing.

2   Mashian further objects to the request on the ground that it seeks documents that

3   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

4   request on the ground that the burden, expense and intrusiveness of the discovery

5   outweighs the likelihood that the documents sought will lead to the discovery of

6   relevant evidence. Mashian further objects to the request on the ground that it

7   seeks documents that are protected by attorney-client privilege and attorney work

8   product doctrine. Mashian further objects to the request on the ground that it is

9   vague, ambiguous and fails to identify the documents with sufficient particularity.

10  **REQUEST NO. 16:**

11       All documents detailing or setting forth the relationship between Omni 808

12  and Isaac Larian or his family members.

13  **RESPONSE TO REQUEST NO. 16:**

14       In addition to the general objections set forth above, Mashian objects to this

15  request on the ground that it seeks private, confidential and proprietary information

16  of Mashian and other non-parties. Mashian further objects to the request on the

17  ground that it is overly broad, unduly burdensome, oppressive and harassing.

18  Mashian further objects to the request on the ground that it seeks documents that

19  are not relevant to Phase 2 of these proceedings. Mashian further objects to the

20  request on the ground that the burden, expense and intrusiveness of the discovery

21  outweighs the likelihood that the documents sought will lead to the discovery of

22  relevant evidence. Mashian further objects to the request on the ground that it

23  seeks documents that are protected by attorney-client privilege and attorney work

24  product doctrine. Mashian further objects to the request on the ground that it is

25  vague, ambiguous and fails to identify the documents with sufficient particularity.

26  **REQUEST NO. 17:**

27       All documents referring or relating to the source of funding or credit for

28  MGA Entertainment, Inc. or any of its subsidiaries or affiliates.

EXHIBIT ____8____

PAGE ____134____

**RESPONSE TO REQUEST NO. 17:**

In addition to the general objections set forth above, Mashian objects to this request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Mashian further objects to the request on the ground that it seeks documents that are not relevant to Phase 2 of these proceedings. Mashian further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence. Mashian further objects to the request on the ground that it seeks documents that are protected by attorney-client privilege and attorney work product doctrine. Mashian further objects to the request on the ground that it seeks private, confidential and proprietary information. Mashian further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity. Mashian further objects to the request on the ground that it seeks documents from a non-party that are equally or more readily attainable from a party, MGA.

**REQUEST NO. 18:**

All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

**RESPONSE TO REQUEST NO. 18:**

In addition to the general objections set forth above, Mashian objects to this request on the ground that it seeks private, confidential and proprietary information of Mashian and other non-parties. Mashian further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Mashian further objects to the request on the ground that it seeks documents that are not relevant to Phase 2 of these proceedings. Mashian further objects to the request on the ground that the burden, expense and intrusiveness of the discovery

A/72844921.1

- 14 -

EXHIBIT 8
PAGE 135

1   outweighs the likelihood that the documents sought will lead to the discovery of

2   relevant evidence.  Mashian further objects to the request on the ground that it

3   seeks documents that are protected by attorney-client privilege and attorney work

4   product doctrine.  Mashian further objects to the request on the ground that it is

5   vague, ambiguous and fails to identify the documents with sufficient particularity.

6   **REQUEST NO. 19:**

7       All documents showing detail of loan facilities with an indication of creditor

8   and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet

9   Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac

10  Larian or his family members.

11  **RESPONSE TO REQUEST NO. 19:**

12      In addition to the general objections set forth above, Mashian objects to this

13  request on the ground that it seeks private, confidential and proprietary information

14  of Mashian and other non-parties.  Mashian further objects to the request on the

15  ground that it is overly broad, unduly burdensome, oppressive and harassing.

16  Mashian further objects to the request on the ground that it seeks documents that

17  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

18  request on the ground that the burden, expense and intrusiveness of the discovery

19  outweighs the likelihood that the documents sought will lead to the discovery of

20  relevant evidence.  Mashian further objects to the request on the ground that it

21  seeks documents that are protected by attorney-client privilege and attorney work

22  product doctrine.  Mashian further objects to the request on the ground that it is

23  vague, ambiguous and fails to identify the documents with sufficient particularity.

24  **REQUEST NO. 20:**

25      All documents referring or relating to transactions involving any

26  compensation, loans, advances, payments, fees or any other form of consideration

27  paid by Lexington Financial to Isaac Larian, his family members, or any other

28  related party, including MGA Entertainment, Inc.

A/72844921.1                                      - 15 -

EXHIBIT ____8____

PAGE ____136____

**RESPONSE TO REQUEST NO. 20:**

In addition to the general objections set forth above, Mashian objects to this request on the ground that it seeks private, confidential and proprietary information of Mashian and other non-parties.  Mashian further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Mashian further objects to the request on the ground that it seeks documents that are not relevant to Phase 2 of these proceedings.  Mashian further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Mashian further objects to the request on the ground that it seeks documents that are protected by attorney-client privilege and attorney work product doctrine.  Mashian further objects to the request on the ground that it is vague, ambiguous and fails to identify the documents with sufficient particularity.

**REQUEST NO. 21:**

Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

**RESPONSE TO REQUEST NO. 21:**

In addition to the general objections set forth above, Mashian objects to this request on the ground that it seeks private, confidential and proprietary information of Mashian and other non-parties.  Mashian further objects to the request on the ground that it is overly broad, unduly burdensome, oppressive and harassing. Mashian further objects to the request on the ground that it seeks documents that are not relevant to Phase 2 of these proceedings.  Mashian further objects to the request on the ground that the burden, expense and intrusiveness of the discovery outweighs the likelihood that the documents sought will lead to the discovery of relevant evidence.  Mashian further objects to the request on the ground that it seeks documents that are protected by attorney-client privilege and attorney work

A/72844921.1

- 16 -

EXHIBIT _____ 8

PAGE _____ 137

1  product doctrine. Mashian further objects to the request on the ground that it is
2  vague, ambiguous and fails to identify the documents with sufficient particularity.
3  **REQUEST NO. 22:**
4      All documents referring or relating to any contract, transaction or
5  relationship between, on the one hand, Omni 808 Investors, OmniNet Capital,
6  LLC, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac
7  Larian or his family members.
8  **RESPONSE TO REQUEST NO. 22:**
9      In addition to the general objections set forth above, Mashian objects to this
10  request on the ground that it seeks private, confidential and proprietary information
11  of Mashian and other non-parties. Mashian further objects to the request on the
12  ground that it is overly broad, unduly burdensome, oppressive and harassing.
13  Mashian further objects to the request on the ground that it seeks documents that
14  are not relevant to Phase 2 of these proceedings. Mashian further objects to the
15  request on the ground that the burden, expense and intrusiveness of the discovery
16  outweighs the likelihood that the documents sought will lead to the discovery of
17  relevant evidence. Mashian further objects to the request on the ground that it
18  seeks documents that are protected by attorney-client privilege and attorney work
19  product doctrine. Mashian further objects to the request on the ground that it is
20  vague, ambiguous and fails to identify the documents with sufficient particularity.
21  **REQUEST NO. 23:**
22      All communications referring or relating to Lexington Financial, Omni 808
23  Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.
24  **RESPONSE TO REQUEST NO. 23:**
25      In addition to the general objections set forth above, Mashian objects to this
26  request on the ground that it seeks private, confidential and proprietary information
27  of Mashian and other non-parties. Mashian further objects to the request on the
28  ground that it is overly broad, unduly burdensome, oppressive and harassing.

A/72844921.1                                    - 17 -

EXHIBIT ___8___

PAGE ___138___

1   Mashian further objects to the request on the ground that it seeks documents that

2   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

3   request on the ground that the burden, expense and intrusiveness of the discovery

4   outweighs the likelihood that the documents sought will lead to the discovery of

5   relevant evidence. Mashian further objects to the request on the ground that it

6   seeks documents that are protected by attorney-client privilege and attorney work

7   product doctrine. Mashian further objects to the request on the ground that it is

8   vague, ambiguous and fails to identify the documents with sufficient particularity.

9   **REQUEST NO. 24:**

10         All documents referring or relating to the U.C.C. financing statement

11   attached as Exhibit 1 and/or security interest allegedly reflected therein.

12   **RESPONSE TO REQUEST NO. 24:**

13         In addition to the general objections set forth above, Mashian objects to this

14   request on the ground that it seeks private, confidential and proprietary information

15   of Mashian and other non-parties. Mashian further objects to the request on the

16   ground that it is overly broad, unduly burdensome, oppressive and harassing.

17   Mashian further objects to the request on the ground that it seeks documents that

18   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

19   request on the ground that the burden, expense and intrusiveness of the discovery

20   outweighs the likelihood that the documents sought will lead to the discovery of

21   relevant evidence. Mashian further objects to the request on the ground that it

22   seeks documents that are protected by attorney-client privilege and attorney work

23   product doctrine. Mashian further objects to the request on the ground that it is

24   vague, ambiguous and fails to identify the documents with sufficient particularity.

25   **REQUEST NO. 25:**

26         Documents sufficient to show each and every entity or business in which

27   Lexington Financial has an interest or role or over which Lexington Financial has

28

EXHIBIT _____8_____

PAGE _____139_____

1   control and in which Isaac Larian, or his family members, have any interest or role

2   or over which Isaac Larian, or his family members, have control.

3   **RESPONSE TO REQUEST NO. 25:**

4       In addition to the general objections set forth above, Mashian objects to this

5   request on the ground that it seeks private, confidential and proprietary information

6   of Mashian and other non-parties. Mashian further objects to the request on the

7   ground that it is overly broad, unduly burdensome, oppressive and harassing.

8   Mashian further objects to the request on the ground that it seeks documents that

9   are not relevant to Phase 2 of these proceedings. Mashian further objects to the

10  request on the ground that the burden, expense and intrusiveness of the discovery

11  outweighs the likelihood that the documents sought will lead to the discovery of

12  relevant evidence. Mashian further objects to the request on the ground that it

13  seeks documents that are protected by attorney-client privilege and attorney work

14  product doctrine. Mashian further objects to the request on the ground that it is

15  vague, ambiguous and fails to identify the documents with sufficient particularity.

16  **REQUEST NO. 26:**

17      All documents referring or relating to any transfer, payment, credit, loan or

18  indebtedness to, from or by Isaac Larian, his family members, or any entity or

19  business owned or controlled by Isaac Larian or his family members and that also

20  involves you, or any entity or business that you own or controls.

21  **RESPONSE TO REQUEST NO. 26:**

22      In addition to the general objections set forth above, Mashian objects to this

23  request on the ground that it seeks private, confidential and proprietary information

24  of Mashian and other non-parties. Mashian further objects to the request on the

25  ground that it is overly broad, unduly burdensome, oppressive and harassing.

26  Mashian further objects to the request on the ground that it seeks documents that

27  are not relevant to Phase 2 of these proceedings. Mashian further objects to the

28  request on the ground that the burden, expense and intrusiveness of the discovery

A/72844921.1                                    - 19 -

EXHIBIT ____8____

PAGE ____140____

1  outweighs the likelihood that the documents sought will lead to the discovery of

2  relevant evidence.  Mashian further objects to the request on the ground that it

3  seeks documents that are protected by attorney-client privilege and attorney work

4  product doctrine.  Mashian further objects to the request on the ground that it is

5  vague, ambiguous and fails to identify the documents with sufficient particularity.

6  **REQUEST NO. 27:**

7      To the extent not produced in response to any other Request, documents

8  sufficient to show the nature, extent and timing of your relationship to or with

9  Isaac Larian, his family members, or any entity or business owned or controlled by

10  Isaac Larian or his family members.

11  **RESPONSE TO REQUEST NO. 27:**

12      In addition to the general objections set forth above, Mashian objects to this

13  request on the ground that it seeks private, confidential and proprietary information

14  of Mashian and other non-parties.  Mashian further objects to the request on the

15  ground that it is overly broad, unduly burdensome, oppressive and harassing.

16  Mashian further objects to the request on the ground that it seeks documents that

17  are not relevant to Phase 2 of these proceedings.  Mashian further objects to the

18  request on the ground that the burden, expense and intrusiveness of the discovery

19  outweighs the likelihood that the documents sought will lead to the discovery of

20  relevant evidence.  Mashian further objects to the request on the ground that it

21  seeks documents that are protected by attorney-client privilege and attorney work

22  product doctrine.  Mashian further objects to the request on the ground that it is

23  vague, ambiguous and fails to identify the documents with sufficient particularity.

24  DATED:  February 23, 2009          Bingham McCutchen LLP

25

26                                     By: _____

27                                         Peter N. Villar
                                           Attorneys for Non-party Fred Mashian

28

A/72844921.1                           - 20 -

EXHIBIT    8

PAGE    141

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **February 23, 2009**, I caused the attached to be served:

**NON-PARTY FRED MASHIAN'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR THE PRODUCTION OF DOCUMENTS**

☐ (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

■ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

☐ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by _____ in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

■ (VIA EMAIL) by transmitting via email the document(s) listed above on this date before 7:00 p.m. PST to the person(s) at the email address(es) set forth below.

### PLEASE SEE ATTACHED SERVICE LIST

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **February 23, 2009**.

_____
Brandy Nelson

A/72844921.1

EXHIBIT ___8___

PAGE ___142___

1

## SERVICE LIST

2

| | |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP<br>Jon D. Corey, Esq.<br>865 S. Figueroa St., 10th Fl.<br>Los Angeles, CA 90017-2543<br>Tele. No. (213) 443-3000<br>Fax No. (213) 443-3100<br>Email: joncorey@quinnemanuel.com | SKADDEN ARPS SLATE MEAGHER & FLOM, LLP<br>Thomas Nolan, Esq.<br>300 S. Grand Ave., Ste. 3400<br>Los Angeles, CA 90071<br>Tele. No. (213) 687-5250<br>Fax No. (213) 621-5250<br>Email: thomas.nolan@skadden.com |
| GLASER WEIL FINK JACOBS & SHAPIRO LLP<br>Patricia L. Glaser, Esq.<br>10250 Constellation Blvd., 19th Floor<br>Los Angeles, CA  90067<br>Tele. No. (310) 553-3000<br>Fax No. (310) 556-2920<br>Email: pglaser@glaserweil.com | MITCHELL SILBERBERG & KNUPP LLP<br>Russell J. Frackman, Esq.<br>11377 West Olympic Blvd.<br>Los Angeles, CA  90064<br>Tele: (310) 312-3119<br>Fax: (310) 231-8319<br>Email: rjf@msk.com |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

A/72844921.1

EXHIBIT _____ 8 _____

PAGE _____ 143 _____

EXHIBIT 9

Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA  92626-1924
Telephone:  714.830.0600
Facsimile:  714.830.0700

Attorneys for Non-party
LEON NEMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with Case No. CV 04-09059 and Case No. CV 05-2727 |
| v. | |
| MATTEL, INC., a Delaware Corporation, | **NON-PARTY LEON NEMAN'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR DEPOSITION** |
| Defendant. | |
| AND CONSOLIDATED ACTIONS. | |

EXHIBIT _____9_____

PAGE _____144_____

A/72865698.1

1     Pursuant to Federal Rule of Civil Procedure 45, non-party Leon Neman

2    ("Neman") hereby responds to the Subpoena for Deposition (hereafter, "the

3    Subpoena") served in this action by defendant Mattel, Inc., ("Mattel") as follows:

4

5                    **OBJECTIONS TO DEPOSITION SUBPOENA**

6

7         1.    Neman objects to the Subpoena on the ground that Mattel unilaterally

8    set the deposition date and time without consulting Neman or his counsel.

9         2.    Neman objects to the Subpoena on the ground that it seeks discovery

10   that is not relevant and beyond the scope of the Discovery Master's Order No. 3

11   issued on March 10, 2009.

12        3.    Neman objects to the Subpoena on the ground that it is abusively

13   drawn for the purpose of annoying, harassing and exerting pressure on a non-party

14   witness, and not for the purposes of obtaining relevant information.

15        4.    Neman objects to the Subpoena on the ground that it seeks discovery

16   that is cumulative and duplicative of discovery already obtained by Mattel in this

17   matter.

18        5.    Neman objects to the Subpoena on the ground that it is premature in

19   light of the discovery issues currently pending before the Court.

20        6.    Neman objects to the Subpoena to the extent and on the ground that it

21   fails to satisfy any requirement of the Federal Rules of Civil Procedure, or the

22   Locals Rules of the Central District Court of California.

23

24

25

26

27                              EXHIBIT ___9___

28                              PAGE ___145___
     A/72865698.1                        -1-

1    DATED:  March 11, 2009          Bingham McCutchen LLP

2

3

4                                   By: _____
                                        Peter N. Villar
5                                       Attorneys for Non-party
                                        Leon Neman
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                    EXHIBIT ___9___
27
                      PAGE ___146___
28   A/72865698.1                    - 2 -

# PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **March 11, 2009,** I caused the attached to be served:

**NON-PARTY LEON NEMAN'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR DEPOSITION**

☒ (VIA EMAIL) by transmitting via email the document(s) listed above on this date to the person(s) at the email address(es) set forth below.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Jon D. Corey, Esq.
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017-2543
Tele. No. (213) 443-3000
Fax No. (213) 443-3100
Email: joncorey@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **March 11, 2009.**

_____
Lan H. Ly

EXHIBIT ___9___

PAGE ___147___

A/72865707.1

EXHIBIT 10

1   Bingham McCutchen LLP
     TODD E. GORDINIER (SBN 82200)
2   todd.gordinier@bingham.com
     PETER N. VILLAR (SBN 204038)
3   peter.villar@bingham.com
     CRAIG A. TAGGART (SBN 239168)
4   craig.taggart@bingham.com
     600 Anton Boulevard
5   18th Floor
     Costa Mesa, CA  92626-1924
6   Telephone:  714.830.0600
     Facsimile:  714.830.0700

7

8   Attorneys for Non-party
     FRED MASHIAN

9             UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11               EASTERN DIVISION

12

13   CARTER BRYANT, an individual,    |  Case No. CV 04-9049 SGL (RNBx)

14          Plaintiff,            |  Consolidated with

15            v.              |  Case No. CV 04-09059 and
                                |  Case No. CV 05-2727

16   MATTEL, INC., a Delaware
     Corporation,

17                        |  **NON-PARTY FRED MASHIAN'S**
          Defendant.         |  **OBJECTIONS TO DEFENDANT**

18                        |  **MATTEL, INC.'S SUBPOENA FOR**
                                |  **DEPOSITION**

19

20

21   AND CONSOLIDATED ACTIONS.

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 45, non-party Fred Mashian ("Mashian") hereby responds to the Subpoena for Deposition (hereafter, "the Subpoena") served in this action by defendant Mattel, Inc., ("Mattel") as follows:

## OBJECTIONS TO DEPOSITION SUBPOENA

1.      Mashian objects to the Subpoena on the ground that Mattel unilaterally set the deposition date and time without consulting Mashian or his counsel.

2.      Mashian objects to the Subpoena on the ground that it seeks discovery that is not relevant and beyond the scope of the Discovery Master's Order No. 3 issued on March 10, 2009.

3.      Mashian objects to the Subpoena on the ground that it is abusively drawn for the purpose of annoying, harassing and exerting pressure on a non-party witness, and not for the purposes of obtaining relevant information.

4.      Mashian objects to the Subpoena on the ground that it seeks discovery that is cumulative and duplicative of discovery already obtained by Mattel in this matter.

5.      Mashian objects to the Subpoena on the ground that it is premature in light of the discovery issues currently pending before the Court.

6.      Mashian objects to the Subpoena to the extent and on the ground that it fails to satisfy any requirement of the Federal Rules of Civil Procedure, or the Locals Rules of the Central District Court of California.

1    DATED:  March 11, 2009                Bingham McCutchen LLP

2

3                                          By:_____

4                                             Peter N. Villar
                                              Attorneys for Non-party Fred Mashian
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72865689.1                                              - 2 -

EXHIBIT ___10___

PAGE ___150___

## PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of Orange, California at 600 Anton Boulevard, 18th Floor, Costa Mesa, California 92626-1924. I am readily familiar with the practice of this office for collection and processing of correspondence for mailing with the United States Postal Service and correspondence is deposited with the United States Postal Service that same day in the ordinary course of business. On **March 11, 2009**, I caused the attached to be served:

**NON-PARTY FRED MASHIAN'S OBJECTIONS TO DEFENDANT MATTEL, INC.'S SUBPOENA FOR DEPOSITION**

☒ (VIA EMAIL) by transmitting via email the document(s) listed above on this date to the person(s) at the email address(es) set forth below.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at Costa Mesa, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Jon D. Corey, Esq.
865 S. Figueroa St., 10th Fl.
Los Angeles, CA 90017-2543
Tele. No. (213) 443-3000
Fax No. (213) 443-3100
Email: joncorey@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on **March 11, 2009**.

Lan H. Ly

A/72865707.1

EXHIBIT _10_

PAGE _151_

EXHIBIT 11

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 6, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Todd E. Gordinier, Esq.
Peter N. Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:   <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Counsel:

I am writing to inquire whether you will agree to accept service of a subpoena on behalf of your client, Neil Kadisha. Mattel has repeatedly attempted to serve Mr. Kadisha, both at his home and his office, since January 23, 2009. On each occasion, however, service has been refused because Mr. Kadisha has allegedly been "out of town" over this entire time period.

Please let me know if you will accept service for Mr. Kadisha. If not, and if Mr. Kadisha's evasion of service continues, Mattel will raise this matter with the Court.

I look forward to hearing from you.

Best regards,

Jon Corey /SH

Jon Corey

EXHIBIT _11_

PAGE _152_

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07975/2789520.1

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, 107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**LONDON**
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:** February 6, 2009

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Todd E. Gordinier, Esq. Bingham McCutchen LLP | (714) 830-0622 | (714) 830-0717 |
| Peter N. Villar, Esq. Bingham McCutchen LLP | (714) 830-0640 | (714) 830-0719 |

**FROM:** Jon D. Corey, Esq.

**RE:** Mattel, Inc. v. MGA Entertainment, Inc.

**MESSAGE:**



FAXED
FEB ∧ 6 2009

| CLIENT # | 07975 | ROUTE/RETURN TO: | **Tiffany Garcia** | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

EXHIBIT _11_
153

Job number     : 922          *** SEND SUCCESSFUL *

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA. 90017
(213) 443-3000
Facsimile: (213) 443-3100

TOKYO
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku,   107-0052
+81 3 5561-1711
Facsimile: +81 3 5561-1712

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA. 94065
(650) 801-5000
Facsimile: (650) 801-5100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA. 94111
(415) 875-6600
Facsimile: (415) 875-6700

LONDON
16 Old Bailey
London United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

DATE:     February 6, 2009                    NUMBER OF PAGES, INCLUDING COVER: 2

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Todd E. Gordinier, Esq. Bingham McCutchen LLP | (714) 830-0622 | (714) 830-0717 |
| Peter N. Villar, Esq. Bingham McCutchen LLP | (714) 830-0640 | (714) 830-0719 |

FROM:     Jon D. Corey, Esq.

RE:       Mattel, Inc. v. MGA Entertainment, Inc.

MESSAGE:

| CLIENT # | 07975 | ROUTE/ RETURN TO: | Tiffany Garcia | ☒ CONFIRM FAX ☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | PRISCILLA | | CONFIRMED?   ☐ NO   ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___11___

PAGE ___154___

## Group Send Report

```
Page        : 001
Date & Time: 02-06-2009   16:30
Line 1      : 2134433100
Line 2      :
Machine ID  : QUINN EMANUEL
```

Job number          :   922

Date                :   02-06   16:28

Number of pages     :   002

Start time          :   02-06   16:28

End time            :   02-06   16:30

Successful nbrs.

  Fax numbers

      ☎1+17148300717
      ☎1+17148300719

Unsuccessful nbrs.                                          Pages sent

EXHIBIT ___11___

PAGE ___155___

EXHIBIT 12

Tiffany Garcia

Subject: FW Mattel, Inc. v. MGA Entertainment, Inc.

From: Gordinier, Todd E. [mailto:todd.gordinier@bingham.com]
Sent: Monday, February 09, 2009 8:45 AM
To: Stephen Hauss; Villar, Peter N.
Cc: Jon Corey; Michael T Zeller
Subject: RE: Mattel, Inc. v. MGA Entertainment, Inc.

I have your letter. Mr. Kadisha is, in fact, out of the country, but I have asked for authority to accept service on his behalf and will let you know when I hear back. Best, Todd


Todd E. Gordinier
T 714.830.0622
F 714.830.0717
todd.gordinier@bingham.com

B I N G H A M
Bingham McCutchen LLP
Plaza Tower
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924




From: Stephen Hauss [mailto:stephenhauss@quinnemanuel.com]
Sent: Friday, February 06, 2009 4:41 PM
To: Gordinier, Todd E.; Villar, Peter N.
Cc: Jon Corey; Michael T Zeller
Subject: Mattel, Inc. v. MGA Entertainment, Inc.

Counsel

Please see the attached correspondence from Jon Corey, dated February 6, 2009.

Best regards,

Stephen Hauss
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Direct: (213) 443-3436
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail  stephenhauss@quinnemanuel.com
Web: www.quinnemanuel.com




====================================================================================
Bingham McCutchen LLP Circular 230 Notice:   To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice cont
The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed a
====================================================================================


EXHIBIT ___12___

PAGE ___156___

2/9/2009

EXHIBIT 13

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

February 24, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Todd E. Gordinier, Esq.
Bingham McCutchen LLP
600 Anton Boulevard 18th Floor
Costa Mesa, California 92626-1924

Re:     <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Todd:

I write to request a meeting of counsel pursuant to Paragraph 5 of the Discovery Master Order. As you know, Mattel has attempted to serve Mr. Kadisha with a subpoena since last month. Mattel's process servers were variously told by persons at his business and home that he was out of town or out of the country. On February 9, 2009, you informed us that you represented Mr. Kadisha and that you would determine whether you were authorized to accept service of the subpoena on his behalf. We have received no response from you for two weeks. Mattel therefore requests that you confirm by close of business on Wednesday, February 25, 2009, that you are authorized to accept service of a subpoena for Mr. Kadisha. Alternatively, let me know when you are available to meet and confer in my office within the time permitted by the Discovery Master Order regarding Mattel's anticipated ex parte application for an order compelling Mr. Kadisha or an authorized person to appear at either the offices of Quinn Emanuel or at the Federal Courthouse on 312 North Spring Street in Los Angeles to accept service of the subpoena.

Best regards,

*Jon Corey*

Jon Corey

EXHIBIT __13__

PAGE __157__

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

# FACSIMILE TRANSMISSION

**DATE:** February 24, 2009

**NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0622 | 714.830.0717 |

**FROM:** Jon Corey

**RE:** *Bryant v. Mattel*

**MESSAGE:**

FAXED
FEB 2 4 2009

EXHIBIT _13_

PAGE _158_

07209/2783711.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: |  |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.**

# Confirmation Report – Memory Send

|  |  |
|---|---|
| Page | : 001 |
| Date & Time | : 02-24-2009   11:24 |
| Line 1 | : 2134433100 |
| Line 2 | : |
| Machine ID | : QUINN EMANUEL |

| | | |
|---|---|---|
| Job number | : | 126 |
| Date | : | 02-24  11:23 |
| To | : | ☎9414#07209#17148300717# |
| Number of pages | : | 002 |
| Start time | : | 02-24  11:23 |
| End time | : | 02-24  11:24 |
| Pages sent | : | 002 |
| Status | : | OK |

Job number      : 126                    **\*\*\* SEND SUCCESSFUL \*\*\***

---

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA  94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

**DATE:**     February 24, 2009                **NUMBER OF PAGES, INCLUDING COVER: 2**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Todd E. Gordinier, Esq.<br>Bingham McCutchen LLP<br>600 Anton Boulevard 18th Floor<br>Costa Mesa, California 92626-1924 | 714.830.0622 | 714.830.0717 |

**FROM:**     Jon Corey

**RE:**     *Bryant v. Mattel*

**MESSAGE:**
                EXHIBIT ___13___

                PAGE ___159___

07209/2783711.1

| CLIENT # | 7209 | ROUTE/<br>RETURN TO: | Johanna Lopez/10th Floor | ☑ CONFIRM FAX<br>☑ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?  ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 14

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

NEW YORK
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

LOS ANGELES
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

SAN FRANCISCO
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

**DATE:**   March 10, 2009          **NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Amman Kahn, Esq. <br> Glaser, Weil, Fink, Jacobs, & Shapiro, LLP | 310.553.3000 | 310.556.2920 |
| Peter N. Villar, Esq. <br> Bingham McCutchen LLP | 714.830.0640 | 714.830.0717 |

**FROM:**   Jon Corey

**RE:**   Mattel, Inc. v. Bryant

**MESSAGE:**

Please see attached.

07209/2780147.1

| CLIENT # | 7209 | ROUTE/ RETURN TO: | Johanna Lopez -10th | ☐ CONFIRM FAX <br> ☐ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED?   ☐ NO  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _19_

PAGE _160_

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 9, 2009

Amman Khan, Esq.                          Peter N. Villar
Glaser, Weil, Fink, Jacobs & Shapiro LLP   Bingham McCutchen LLP
10250 Constellation Boulevard, 19th Floor   600 Anton Boulevard, 18th Floor
Los Angeles, CA 90067                       Costa Mesa, California 92626-1924

Re:    Mattel v. MGA Entertainment, Inc., et al.

Dear Counsel:

I write pursuant to paragraph 5 of the Discovery Master Stipulation to request a meeting of counsel regarding the depositions of Neil Kadisha, Leon Neman and Fred Mashian.

I am in receipt of your respective letters dated March 6, 2008 rejecting the dates noticed for the depositions of these individuals. Your objections about the timing of the depositions are without merit and, in any event, do not explain or justify these witness's evident refusal to appear or even propose alternative dates. The fact that other proceedings may be occurring is not proper grounds to object to the scheduling of these depositions.

Please provide proposed dates for the depositions of Messrs. Kadisha, Neman and Mashian. Otherwise, please let me know when you are available within the next five days to meet and confer in advance of a Mattel motion to compel these depositions.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT ___14___

PAGE ___161___

I look forward to hearing from you.

Best regards,

Jon Corey

EXHIBIT __14__

PAGE __162__

---

**Fax Call Report**

HP Color LaserJet 4730mfp Series

Page 1

---

**Fax Header Information**

Quinn Emanuel
213-443-3100
10-Mar-2009 08:16 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 450 | 10-Mar-2009 08:14 PM | Send | 13105562920 | 1:19 | 3 | Success |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE

### FACSIMILE TRANSMISSION

**DATE:**    March 10, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|--------------|-----------|---------|
| **Amman Kahn, Esq.**<br>Glaser, Weil, Fink, Jacobs, & Shapiro, LLP | 310.553.3000 | 310.556.2920 |
| **Peter N. Villar, Esq.**<br>Bingham McCutchen LLP | 714.830.0640 | 714.830.0717 |

**FROM:**    Jon Corey

**RE:**    Mattel, Inc. v. Bryant

**MESSAGE:**

Please see attached.

| 07209/2760147.1 | | ROUTE/ | | ☐ CONFIRM FAX |
|---|---|---|---|---|
| CLIENT # | 7209 | RETURN TO: | Johanna Lopez -10th | ☐ INCLUDE CONF. REPORT |
| OPERATOR: | | CONFIRMED? | ☐ No  ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT ___14___

PAGE ___163___

| **Fax Call Report** | HP Color LaserJet 4730mfp Series |
| | Page 1 |

**Fax Header Information**

Quinn Emanuel
213-443-3100
10-Mar-2009 08:18 PM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 451 | 10-Mar-2009 08:16 PM | Send | 17148300717 | 1:38 | 0 | Modem Fail ( 0 ) |

## QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

| NEW YORK | LOS ANGELES | SAN FRANCISCO |
|----------|-------------|---------------|
| 61 Madison Avenue, 22nd Floor | 865 South Figueroa Street, 10th Floor | 50 California Street, 22nd Floor |
| New York, NY 10010 | Los Angeles, CA 90017 | San Francisco, CA 94111 |
| (212) 849-7000 | (213) 443-3000 | (415) 875-6600 |
| Facsimile: (212) 849-7100 | Facsimile: (213) 443-3100 | Facsimile: (415) 875-6700 |

SILICON VALLEY
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

### LOS ANGELES OFFICE
### FACSIMILE TRANSMISSION

DATE:     March 10, 2009

NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|--------------|-----------|---------|
| Amman Kahn, Esq. Glaser, Weil, Fink, Jacobs, & Shapiro, LLP | 310.553.3000 | 310.556.2920 |
| Peter N. Villar, Esq. Bingham McCutchen LLP | 714.830.0640 | 714.830.0717 |

FROM:     Jon Corey

RE:     Mattel, Inc. v. Bryant

MESSAGE:

Please see attached.

07209/2780147.1

| CLIENT #: | 7209 | ROUTE/ RETURN TO: | Johanna Lopez -10th | ☐ CONFIRM FAX ☐ INCLUDE CONF. REPORT |
|-----------|------|-------------------|---------------------|-------------------------------------|
| OPERATOR: | | | CONFIRMED? ☐ No ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT _ 14

PAGE _ 164

EXHIBIT 15

**THIS EXHIBIT IS FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

EXHIBIT 16

## State of California
### Secretary of State

#### CERTIFICATE OF STATUS

**ENTITY NAME:** OMNI 808 INVESTORS LLC

**FILE NUMBER:** 200822610026
**FORMATION DATE:** 08/12/2008
**TYPE:** DOMESTIC LIMITED LIABILITY COMPANY
**JURISDICTION:** CALIFORNIA
**STATUS:** ACTIVE (GOOD STANDING)

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

The records of this office indicate the entity is authorized to exercise all of its powers, rights and privileges in the State of California.

No information is available from this office regarding the financial condition, business activities or practices of the entity.



IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this day of December 13, 2008.

**DEBRA BOWEN**
**Secretary of State**

NP-25 (REV 1/2007)
**Exhibit 44**
**Page 692**

EXHIBIT ___16___

PAGE ___177___

MMS
OSP 08 99731



## State of California
### Secretary of State

I, DEBRA BOWEN, Secretary of State of the State of California, hereby certify:

That the attached transcript of _____ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF,** I execute this certificate and affix the Great Seal of the State of California this day of

DEC 1 3 2008

DEBRA BOWEN
Secretary of State

Sec/State Form CE 108 (REV 1/2007)
**Exhibit 44
Page 693**

EXHIBIT __16__

PAGE __178__

OSP 06 99733

LLC-1    File # _____

2008226100 26



**State of California**
Secretary of State

**LIMITED LIABILITY COMPANY
ARTICLES OF ORGANIZATION**

A $70.00 filing fee must accompany this form.

IMPORTANT – Read instructions before completing this form.

**FILED**
In the office of the Secretary of State
of the State of California

AUG 1 2 2008

This Space For Filing Use Only

ENTITY NAME (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME OF LIMITED LIABILITY COMPANY

OMNI 808 Investors LLC

PURPOSE (The following statement is required by statute and should not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

INITIAL AGENT FOR SERVICE OF PROCESS (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service

| 4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

MANAGEMENT (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

☐ ONE MANAGER

☑ MORE THAN ONE MANAGER

☐ ALL LIMITED LIABILITY COMPANY MEMBER(S)

ADDITIONAL INFORMATION

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

EXECUTION

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

August 12, 2008
DATE

_Tricia Chu~_
SIGNATURE OF ORGANIZER

Tricia A. Church
TYPE OR PRINT NAME OF ORGANIZER

LLC-1 (REV 04/2007)                                   APPROVED BY SECRETARY OF STATE

Exhibit 44
Page 694

EXHIBIT _16_

PAGE _179_

EXHIBIT 17

1    Hon. Edward A. Infante (Ret.)
2    JAMS
     Two Embarcadero Center
3    Suite 1500
     San Francisco, California  94111
4    Telephone:   (415) 774-2611
     Facsimile:    (415) 982-5287

5

6

7

8

9                 UNITED STATES DISTRICT COURT

               CENTRAL DISTRICT OF CALIFORNIA

10                     EASTERN DIVISION

11

12

13    CARTER BRYANT, an individual,

14             Plaintiff,

15        v.

16    MATTEL, INC., a Delaware corporation,

17             Defendant.

18

19

20    CONSOLIDATED WITH
     MATTEL, INC. v. BRYANT and
21    MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.

22

CASE NO. CV 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND
DENYING IN PART MATTEL'S
MOTION TO COMPEL DEPOSITION
AND PRODUCTION OF DOCUMENTS
OF CHRISTENSEN GLASER FINK
JACOBS WEIL & SHAPIRO LLP**

23

24                   I. INTRODUCTION

25      On February 29, 2008, Mattel, Inc. ("Mattel") submitted a Motion to Compel Deposition

26   and Production of Documents of Christensen, Glaser, Fink, Jacobs, Weil & Shapiro ("Christensen

27   Glaser").  Specifically, Mattel seeks an order compelling Christensen Glaser to appear for

28

EXHIBIT ___17___

PAGE ___180___

1   deposition on Topic Nos. 1-3, 5, and 7-13 and to produce documents responsive to Request for

2   Production Nos. 1-6, 8, and 10-22 pursuant to a subpoena served January 18, 2008.  On March 21,

3   2008, MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de

4   Mexico S.R.L. de C.V. (collectively "MGA") and Christensen Glaser submitted separate

5   oppositions.  On March 28, 2008, the parties submitted a joint report in which they advised the

6   court that despite further meet and confer efforts, the parties were unable to resolve or narrow the

7   instant motion.  On March 31, 2008, Mattel submitted a reply.  Pursuant to Paragraph 5 of the

8   Stipulation and Order for Appointment of a Discovery Master, the Discovery Master finds it

9   appropriate to take the motion under submission for decision without oral argument.

10                                  II. BACKGROUND

11           Christensen Glaser has served as legal counsel to MGA and Isaac Larian in connection

12   with this action and a variety of other matters since 1999.  Gizer Decl.¶2.  Christensen Glaser was

13   trial counsel of record for MGA and Isaac Larian in this very action from the filing of the case in

14   April 2004 until October 2007.  Id.  Although Christensen Glaser is no longer trial counsel of

15   record, the firm continues to provide legal advice to MGA and Isaac Larian in connection with

16   this action and still represents them in other matters.  Id.  Christensen Glaser also represents

17   Farhad Larian in connection with this action.  Christensen Glaser Opposition at p. 1.

18           On January 7, 2008, the district court granted Mattel leave to take Christensen Glaser's

19   deposition, along with approximately forty-five other individuals and entities.  The district court

20   held that Mattel had "shown good cause to grant additional discovery given the complexity of the

21   case, the number of parties, recent developments related to the substitution of counsel, the

22   concerns regarding retention and spoliation of evidence, and the delay in receiving discovery

23   caused by numerous discovery disputes and a Court imposed stay requested by MGA upon

24   substitution of counsel."  Albán Decl., Ex. 12.

25           Mattel served a subpoena on Christensen Glaser on January 18, 2008.  The subpoena

26   contains twenty-two document requests and seeks, *inter alia*, information related to the Carter

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                    2

EXHIBIT ___17___

PAGE ___181___

1   Bryant-MGA Agreement, the origination of Bratz, MGA's document preservation efforts, fee and

2   indemnity agreements entered into by MGA, and the documents that Farhad Larian's former

3   counsel showed to Mattel.  The subpoena contains fourteen deposition topics on the same subject

4   matters as the document requests.  On January 28, 2008, Christensen Glaser served objections to

5   Mattel's subpoena.

6          On January 28, 2008, Mattel filed an *ex parte* application with the district court requesting

7   leave to take third party depositions, including Christensen Glaser's deposition, after the discovery

8   cut-off.  During the hearing conducted on February 4, 2008, Christensen Glaser requested that the

9   Court clarify that the January 7, 2008 Order granted Mattel leave to depose Christensen Glaser on

10  only one issue.  The district court responded as follows:

11          That is not the case, and the request is DENIED.  Mattel has been granted relief
            from the numerical limitations that previously restricted its ability to depose those
12          individuals and entities addressed by the Court's January 7, 2008, Order,
            including its ability to depose Christensen, Glaser.  Unless otherwise restricted by
13          the Discovery Master upon proper presentation of the issue to him, Mattel may
            depose Christensen, Glaser on any relevant, non-privileged matter.

14

15  March Decl., Ex. A.

16          Mattel contends that the deposition topics and document requests in the subpoena are all

17  relevant to central issues in the case.  Mattel's motion, however, focuses on three general issues,

18  without reference to specific topics or document requests.  First, Victoria O'Connor testified that

19  Isaac Larian ("Larian") instructed her to redact a Mattel facsimile identifier on the Bratz

20  agreement between MGA and Bryant (the "Agreement") and to send the Agreement to Patricia

21  Glaser of Christensen Glaser.  Ms. O'Connor testified that she followed Larian's instructions and

22  sent the Agreement.  Larian denies ever giving that instruction to Ms. O'Connor.  Mattel seeks

23  documents and deposition testimony to explore Christensen Glaser's receipt of that Agreement,

24  which Mattel contends is relevant to show spoliation of evidence.

25          Second, Mattel seeks information about Farhad Larian, whom Christensen Glaser

26  represents in this action.  According to Mattel, Farhad Larian admitted in late November 2005,

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                              3

EXHIBIT __17__

PAGE __182__

1    while he was on MGA's payroll as a consultant and while Christensen Glaser represented MGA,

2    he destroyed evidence directly relevant to this action with the express intent of keeping such

3    evidence from Mattel.

4           Further, Mattel emphasizes that Christensen Glaser threatened to disqualify Mattel's

5    counsel based on counsel's purportedly improper and unethical contact with Farhad Larian and his

6    counsel in connection with Mattel's review of documents in Farhad Larian's possession in the fall

7    of 2005.  Farhad Larian destroyed most of the documents Mattel reviewed.  Mattel contends that

8    information in Christensen Glaser's possession is relevant to Bratz, Farhad Larian's alleged

9    spoliation of evidence, and Mattel's defense to Christensen Glaser's disqualification threat.

10          Third, Mattel seeks information from Christensen Glaser about payments from MGA to

11   Bryant and other witnesses in this action.  Mattel contends that evidence of payments is relevant

12   to bias and credibility of the witnesses.

13          Christensen Glaser contends that Mattel's subpoena does not satisfy the elements set forth

14   in Shelton v. American Motors Corp., 805 F.2d 1323 (8th Cir. 1986), which limits the depositions

15   of opposing counsel.  Rather, Christensen Glaser contends that all of the documents and

16   information requested by the subpoena are either privileged or available from another source, and

17   are not crucial to Mattel's preparation of its case.

18          MGA also opposes Mattel's motion, contending that the subpoena is overly broad, invades

19   privileged matters, unnecessarily disrupts the adversarial process, and unreasonably burdens and

20   harasses MGA and its counsel.  Moreover, MGA contends that Mattel fails to make the required

21   showing that there is no other means by which Mattel can obtain the information it seeks, or that

22   the information it seeks is crucial (or even necessary) to its case, as required under Shelton, supra.

23   MGA also contends that the information sought is duplicative and cumulative in view of prior

24   discovery Mattel has already sought and received in this case.

25   //

26   //

27

28   Bryant v. Mattel, Inc.,
     CV-04-09049 SGL (RNBx)                                                                          4

EXHIBIT ___17___

PAGE ___183___

### III. STANDARDS

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  All discovery, however, is subject to the limitations imposed by Rule 26(b)(2)(C), Fed.R.Civ.P., which provides that the court must limit the frequency or extent of discovery otherwise allowed by the Federal Rules of Civil Procedure or by local rule if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed.R.Civ.P. 30(a) provides that depositions may be taken of "any person."  There is no express prohibition against deposing opposing counsel. See Shelton, 805 F.2d at 1327.  Courts, however, have cautioned that depositions of opposing counsel should be allowed only in limited circumstances.  In Shelton, the Eighth Circuit Court of Appeals explained the judicial attitude toward such depositions as follows:

> We do not hold that opposing trial counsel is absolutely immune from being deposed. We recognize that circumstances may arise in which the court should order the taking of opposing counsel's deposition.  But those circumstances should be limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel, see e.g., Fireman's Fund Ins. Co. v. Superior Court, 72 Cal.App.3d 786, 140 Cal. Rptr. 677 (1977); (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

Shelton, 805 F.2d at 1327.[1]

---

[1]  In its reply, Mattel contends that Shelton is not the law of this circuit, and asserts that this court should instead follow the Second Circuit's reasoning in In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003). In Friedman, the court held that the following factors should be considered when deciding whether the deposition of a lawyer should take place:

(continued...)

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT ___17___

PAGE ___184___

## IV. DISCUSSION

A. Information re Carter Bryant's Agreement with MGA

The information Mattel seeks regarding the Agreement between MGA and Bryant is relevant, and indeed crucial, to the claims and defenses in the case.  The Agreement is at the heart of this case and is the very document by which Bryant purportedly assigned Bratz to MGA.  The date and circumstances under which the Agreement was transmitted to Christensen Glaser are relevant because they might disclose whether or not (a) Bryant and MGA finalized the Agreement while Bryant still worked for Mattel and (b) MGA believed in good faith that Bryant had the rights to Bratz – an affirmative defense MGA has raised.

Further, the information Mattel seeks is relevant and crucial to Mattel's counterclaims, which include a RICO claim that is predicated, in part, upon an allegation that defendants altered Bryant's Agreement to conceal evidence that Bryant faxed the Agreement from the Barbie Collectibles department of Mattel, using a fax machine owned by Mattel and while Bryant was employed by Mattel.  The information Mattel seeks is also relevant and crucial to Mattel's spoliation claim against MGA.[2]

---

(...continued)
the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted.... Under this approach, the fact that the proposed deponent is a lawyer does not automatically insulate him or her from a deposition nor automatically require prior resort to alternative discovery devices, but it is a circumstance to be considered.

Friedman, 350 F.3d at 72; see also Younger Mfg. Co. v. Kaenon, Inc., 247 F.R.D. 586, 588 (C.D. Cal. 2007) (finding Second Circuit's reasoning in Friedman to be more persuasive than Shelton).

The Ninth Circuit has not adopted Shelton, supra.  However, Shelton is generally regarded as the leading case on deposing opposing counsel.  In any event, Rule 26(b)(2)(C), Fed.R.Civ.P., ultimately dictates the appropriate limits of discovery.

[2] Arguably, Ms. O'Connor redacted the Agreement at a time when MGA was not under any duty to preserve evidence.  Whether Mattel will ultimately prevail on its spoliation claim, however, is not the test for determining whether information is discoverable under Rule 26, Fed.R.Civ.P.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

6

EXHIBIT _17_

PAGE _185_

1    Ms. O'Connor and Larian testified that Christensen Glaser received a version of the

2  Agreement. Only Christensen Glaser can verify the condition of the Agreement Ms. O'Connor

3  faxed to its office. Furthermore, MGA has failed to establish that the Agreement Ms. O'Connor

4  faxed to Christensen Glaser is privileged. There is no evidence that the Agreement itself – as

5  compared to any communication that might have accompanied the Agreement – is privileged.

6    MGA next contends that "merely disclosing the timing and other circumstances

7  surrounding MGA's transmittal of that contract to Christensen Glaser would divulge details about

8  a request by MGA for legal advice from its counsel, and would likely reveal legal strategies

9  surrounding one or more legal matters." MGA's Opposition at p.13. Mattel, however, represents

10  that it is not seeking privileged information from Christensen Glaser, but rather non-privileged

11  information regarding the date, time and manner of the Agreement's transmission, as well as the

12  form in which the Agreement was transmitted. In view of Mattel's representation regarding the

13  limited nature of its inquiry, MGA's concerns regarding potential privileged information are

14  unfounded, and in any event, premature until Mattel poses a specific question to Christensen

15  Glaser that calls for the disclosure of privileged information. If and when that occurs, MGA's

16  claims of privilege can be addressed on a question-by-question basis.

17    Therefore, Mattel's motion is granted to the extent Mattel seeks production of the

18  Agreement Ms. O'Connor faxed to Christensen Glaser. Mattel's motion is also granted to the

19  extent Mattel seeks testimony regarding the date, time and manner of the Agreement's

20  transmission and the condition of the Agreement when it arrived at Christensen Glaser's office.

21  The information Mattel seeks is relevant and crucial to both Phase 1 and Phase 2 issues, and

22  accordingly Christensen Glaser's deposition should proceed without delay.

23    To the extent Mattel's subpoena seeks documents and testimony beyond the Agreement

24  itself and the date, time and manner of the Agreement's transmission and the condition of the

25  Agreement when it arrived at Christensen Glaser's office, Mattel's subpoena exceeds the bounds

26  of relevant discovery under Rule 26(b)(1), Fed.R.Civ.P., and intrudes, without justification, upon

27

28

EXHIBIT __17__

PAGE __186__

1  MGA's attorney-client relationship and privileged communications with Christensen Glaser,

2  taking into consideration all of the factors in Rule 26(b)(2)(C), Fed.R.Civ.P.  Mattel has had

3  ample opportunity to take discovery regarding Bryant's Agreement with MGA from multiple

4  sources.  Other than the limited discovery of Christensen Glaser permitted by this Order, Mattel

5  has not shown that Christensen Glaser possesses non-privileged information beyond that which it

6  has already sought and obtained.  The requested discovery is also cumulative and unduly

7  burdensome.

8  B. Information re Farhad Larian's Alleged Spoliation and Mattel's Threatened Disqualification

9         The information Mattel seeks regarding Farhad Larian's alleged destruction of evidence is

10  relevant and crucial to Mattel's allegations of spoliation.  Farhad Larian has testified that he

11  destroyed documents and information related to Bratz with the express intent of keeping them

12  from Mattel.  The documents Farhad Larian destroyed included:  (1) MGA Bratz-related emails

13  from the 2000 and 2001 time period; (2) financial forecasts and shipping spreadsheets that

14  included Bratz; (3) signed and draft declarations of persons knowledgeable about Bratz during the

15  2000 time period; and (4) information from the Larian v. Larian matter.

16         Christensen Glaser was MGA's counsel and was involved in MGA's evidence preservation

17  efforts.  Further, Christensen Glaser has represented Farhad Larian with respect to the instant

18  lawsuit.  Given Christensen Glaser's involvement with MGA's evidence preservation efforts and

19  Christensen Glaser's representation of Farhad Larian, it is reasonable to infer that Christensen

20  Glaser possesses information potentially relevant to Mattel's allegations regarding spoliation of

21  evidence.[3]

22         Furthermore, the information Mattel is seeking about the documents Farhad Larian has

23  admitted he destroyed and regarding the factual bases for MGA's threatened disqualification of

24  Mattel's counsel appear to be uniquely within Christensen Glaser's possession.  Mattel has a list of

25  _____

26         [3] In its opposition papers, Christensen Glaser neither admits nor denies involvement with or knowledge of
MGA's efforts, if any, to preserve potential evidence in Farhad Larian's possession.

27

28  Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                                                      8

EXHIBIT __17__

PAGE __187__

1    the documents it inspected at the offices of Farhad Larian's attorneys in November 2005, but not

2    the documents themselves.  Farhad Larian no longer has the documents, and MGA has not

3    produced copies of those documents to date.

4         MGA and Christensen Glaser have asserted valid concerns regarding the potential

5    intrusion upon privileged information and work product.  These concerns do not automatically

6    insulate Christensen Glaser from Mattel's subpoena, particularly because of the gravity of the

7    spoliation allegations and the lack of alternative sources for the documents Farhad Larian has

8    admitted he destroyed.  Further, the privilege issues cannot be addressed in a vacuum but must

9    await the outcome of Christensen Glaser's document production and deposition.

10        However, to the extent Mattel's subpoena seeks documents and testimony beyond

11   document preservation efforts relating to Farhad Larian and Mattel's threatened disqualification,

12   the subpoena exceeds the bounds of relevant discovery under Rule 26(b)(1), Fed.R.Civ.P., and

13   intrudes, without justification, upon MGA's attorney-client relationship with Christensen Glaser

14   and privileged communications, taking into consideration all of the factors in Rule 26(b)(2)(C),

15   Fed.R.Civ.P.

16   C. Payments to Witnesses

17        Lastly, Mattel seeks information regarding payments made to witnesses to this lawsuit.

18   The information sought is clearly relevant to credibility and bias, but not crucial to Mattel's

19   preparation of its case.  Furthermore, Mattel has had ample opportunity to pursue such discovery,

20   and indeed has obtained such discovery from many other sources.  The requested information is

21   also duplicative and cumulative of other discovery Mattel has sought and received, and unduly

22   burdensome, taking into consideration all of the factors set forth in Rule 26(b)(2)(C)(iii),

23   Fed.R.Civ.P.

24                              V. CONCLUSION

25        For the reasons set forth above, Mattel's motion to compel the deposition of Christensen

26   Glaser and for documents is granted in part and denied in part as follows:

27

28                                                                                    9

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

EXHIBIT ___17___

PAGE ___188___

1.   No later than May 15, 2008, Christensen Glaser shall produce all non-privileged documents that are responsive to the following requests: Nos. 1 (limited to the Agreement that Ms. O'Connor testified she sent to Christensen Glaser), 17, 21(limited to documents sought by or the subject of Request Nos. 1(as limited above) and 17) and 22 (limited to documents sought by or the subject of Request No. 17).  Documents withheld on the basis of privilege must be identified on a privilege log, which shall be produced to Mattel no later than May 15, 2008.

2.   Christensen Glaser shall appear for deposition and testify regarding Topic Nos. 8 and 13.  Topic No. 13 is limited to the Agreement Ms. O'Connor testified she sent to Christensen Glaser, the date, time and manner of the Agreement's transmission, and the condition of the Agreement when it arrived at Christensen Glaser's office.  The deposition shall proceed at a place and time mutually convenient to all parties and witness(es), and shall be completed no later than May 20, 2008.

3.   All claims of privilege are preserved.  Nothing in this Order is intended to authorize or preclude any party from asserting claims of privilege with respect to specific documents and/or deposition questions, if appropriate.

4.   Pursuant to Rule 26(b)(2)(C), Fed.R.Civ.P., Mattel's motion is denied with respect to all topics and document requests set forth in the subpoena that are not specifically identified in paragraphs 1 and 2 above.

5.   Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, MGA shall file this Order with the Clerk of Court forthwith.

Dated: May 1, 2008                         _____/S/_____

                                           HON. EDWARD A. INFANTE (Ret.)
                                           Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

                                                                          10

EXHIBIT ___17___

PAGE ___189___

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 1, 2008, I served the attached ORDER GRANTING IN PART AND DENYING IN PARTMATTEL'S MOTION TO COMPEL DEPOSITION AND PRODUCTION OF DOCUMENTS OF CHRISTENSEN GLASER FINK JACOBS WEIL & SHAPIRO LLP in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| John Gordon | Quinn, Emanuel, Urquhart, Oliver & Hedges | johngordon@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Lance A. Etcheverry, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Lance.etcheverry@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |
| Mark Overland, Esq. | Overland, Borenstein, et al. | moverland@obsklaw.com |
| Alexander Cote, Esq. | Overland, Borenstein, et al. | acote@obsklaw.com |
| David C. Scheper, Esq. | Overland, Borenstein, et al. | dscheper@obsklaw.com |
| Patricia L. Glaser, Esq. | Christensen, Glaser, Fink, et al. | pglaser@chrisglase.com |
| Alisa Morgenthaler-Lever, Esq. | Christensen, Glaser, Fink, et al. | amorgenthaler@chrisglase.com |
| Scott E. Gizer, Esq. | Christensen, Glaser, Fink, et al. | sgizer@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 1, 2008, at San Francisco, California.

_____
Anthony Sales

EXHIBIT ___17___

PAGE ___140___

EXHIBIT 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                    Date: January 7, 2008
Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
==========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

                Jim Holmes                          Theresa Lanza
                Courtroom Deputy Clerk              Court Reporter

ATTORNEYS PRESENT FOR CARTER            ATTORNEYS PRESENT FOR MATTEL:
BRYANT:  **Christa Martine Anderson**       **John B. Quinn and Michael T. Zeller**

ATTORNEYS PRESENT FOR MGA:              ATTORNEY PRESENT FOR CARLOS
**Thomas J. Nolan**                         GUSTAVO MACHADO GOMEZ:
**Carl A. Roth**                            **Mark E. Overland**
**Anna Park**
                                        ATTORNEY PRESENT FOR NON-PARTY
ATTORNEY PRESENT FOR NON-               STERN & GOLDBERG: **Kien C. Tiet**
PARTIES ANA ELISE CLOONAN,
MARGARET HATCH-LEHY, AND                ATTORNEY PRESENT FOR NON-PARTY
VERONICA MARLOW: **Larry W.**               KAYE SCHOLER, LLP: **Bryant S. Delgadillo**
**McFarland**

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART
               MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL
               DISCOVERY (DOCKET #1134)**

               **ORDER GRANTING MOTION TO ENFORCE THE COURT'S
               ORDER OF AUGUST 27, 2007, AND DENYING REQUEST FOR
               SANCTIONS  (DOCKET #1143)**

MINUTES FORM 90                                     Initials of Deputy Clerk: jh
CIVIL -- GEN                    1                   Time: 1/30

EXHIBIT _____18_____

PAGE _____191_____

**ORDER GRANTING MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)**

**ORDER GRANTING CARTER BRYANT AND MGA DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)**

These matters were heard on January 7, 2008.  The Court rules as set forth below.

To the extent that this Order decides issues more properly decided by the Discovery Master and/or preempts issues currently pending before the Discovery Master, it does so only to resolve those issues in the most expeditious manner possible.  As the Court's order appointing the Discovery Master requires, any and all discovery disputes must be presented to the Discovery Master for his resolution.

**MATTEL'S MOTION FOR LEAVE TO TAKE ADDITIONAL DISCOVERY (DOCKET #1134)**

This motion is **GRANTED IN PART**.  Leave to take additional depositions and propound additional interrogatories are granted to the extent they are consistent with Fed. R. Civ. P. 26(b)(2).  See Fed. R. Civ. P. 30(a)(2)(A) (depositions), 33(a) (interrogatories).  Rule 26(b)(2) requires a Court to limit discovery where it is unreasonably cumulative or duplicative; where it can be obtained from a more convenient, less burdensome, or less expensive source; where a party has already had ample opportunity to obtain information from discovery; where the burden or expense of the requested discovery outweighs its likely benefit, taking into account the factors of the parties' resources, the importance of the issues at stake, and the importance of the requested discovery in resolving these issues.  Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Considering this standard, the Court concludes that Mattel has shown good cause to grant additional discovery given the complexity of this case, the number of parties, recent developments related to the substitution of counsel, the concerns regarding retention and spoliation of evidence, and the delay in receiving paper

MINUTES FORM 90
CIVIL -- GEN

2

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT ___18___

PAGE ___192___

discovery caused by numerous discovery disputes and a Court-imposed stay requested by MGA upon substitution of counsel.  Specifically, the Court grants Mattel's request to take the individual depositions relating to the Bratz claims (set forth in the moving papers at 9-11) and relating to the trade secret and RICO claims (set forth in the moving papers at 13).  Mattel may serve the notices of deposition and propound the interrogatories attached to the moving papers as Exs. A - C. Additionally, the parties must answer Mattel's previously propounded interrogatories to which the sole objection raised was that those interrogatories exceeded the allowable number of interrogatories.

The Court has heretofore refrained from bifurcating discovery relating to Phase 1 and Phase 2, believing that such an action is fraught with the potential of unnecessarily compounding discovery disputes in a case already predisposed to such disputes.  Nevertheless, in light of the additional discovery permitted by this Order, and to the extent that counsel for the parties who are asserting or defending against claims to be tried in Phase 2 of the trial are in agreement, the Court will consider a stipulation of those parties that designates certain depositions as "Phase 2" depositions that may be conducted during the month of February, if counsel can assure the Court that such depositions can be so conducted without altering the Court's pretrial schedule regarding Phase 1.

Conversely, in light of the standard of review employed regarding the Discovery Master's orders, the Court **DENIES** that portion of Mattel's motion that seeks additional time in which to depose Carter Bryant.  The Court cannot say that the Discovery Master's order allowing an additional nine hours to depose Carter Bryant is contrary to law based on the Discovery Master's unchallenged factual findings.

## MATTEL'S MOTION TO ENFORCE THE COURT'S ORDER OF AUGUST 27, 2007 AND REQUEST FOR SANCTIONS (DOCKET #1143)

This motion is **GRANTED**.  The Court's order clearly applied to "all parties." No party sought relief therefrom or clarification of the Court's order.

As prepared in purported compliance with the Court's order, the affidavit of Carlos Gustavo Machado Gomez is inadequate as it lacks facts and relies instead on conclusory language.  Machado must file an affidavit that complies with the

MINUTES FORM 90
CIVIL -- GEN

3

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT _____ 18 _____

PAGE _____ 193 _____

Court's order as set forth below.

Carter Bryant has refused to comply with the Court's order and has not filed the required affidavit.

Both these parties must file, on or before January 15, 2008, an affidavit setting forth a factual description of their preservation efforts, policies, customs, and/or practices with respect to potentially discoverable documents related to the present litigation. The failure of these parties to comply with this Order will result in the imposition of contempt sanctions to coerce their compliance.

The Court **DENIES** Mattel's request for costs and sanctions.

## MATTEL'S MOTION CLARIFYING COURT'S ORDER APPOINTING DISCOVERY MASTER (DOCKET #1244)

This motion is **DENIED**. The Court's order referred to the Discovery Master any and all discovery disputes, including those involving third parties.

Although the parties stipulated to the Discovery Master, that stipulation was entered as the Court's order, and as such, all parties are subject to that order unless relieved from it upon proper motion.

The order was entered as a valid Rule 53(a)(1)(C) order, not requiring the consent of any party or nonparty. Machado has not convinced the Court that, as a subsequently added party, he was required to be given the opportunity to object to the order before it could be applied to him. See Fed. R. Civ. P. 53(b)(1) (requiring notice and opportunity to be heard <u>prior to</u> the appointment of a special master). Importantly, Machado could have, but did not, seek relief from this order within a reasonable amount of time after he became a party to this case. Furthermore, the Court does not find any basis to exclude Machado from the reach of the Court's order appointing the Discovery Master pursuant to his present objections.

## DEFENDANTS' EX PARTE APPLICATION TO COMPEL DEPOSITIONS (DOCKET #1462)

Carter Bryant and the MGA defendants may depose the ten individuals set

MINUTES FORM 90
CIVIL -- GEN

4

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT _____ 18 _____

PAGE _____ 194 _____

forth in their moving papers.  The testimony of all Rule 30(b)(6) witnesses "count" as only one deposition for purposes of determining the total number of depositions conducted by each side.

Carter Bryant and the MGA defendants are not relieved of the requirement that they serve subpoenas on all these deponents other than the current officers of Mattel (represented to the Court to be Tim Kilpin, Kevin Farr, and Evelyn Viohl).  To the extent that Mattel has made prior written agreements to produce deponents who are under its control, it is expected to do so.

As to all the depositions permitted by this Order, all counsel are expected to coordinate their schedules with those of the deponents such that the depositions are held prior to the discovery cutoff date of January 28, 2008.  However, as set forth above in connection with Mattel's motion to take additional discovery, Phase 2 depositions may be taken in February pursuant to a Court-approved stipulation.

IT IS SO ORDERED.

MINUTES FORM 90
CIVIL -- GEN

5

Initials of Deputy Clerk: jh
Time: 1/30

EXHIBIT _____ 18 _____

PAGE _____ 195 _____

EXHIBIT 19

CONFORMED COPY

FILED

Hon. Edward A. Infante (Ret.)
JAMS
Two Embarcadero Center
Suite 1500
San Francisco, CA 94111
415-774-2611
415-982-5287 (fax)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>          Defendant. | CASE NO. C 04-09049 SGL (RNBx)<br>JAMS Reference No. 1100049530<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727<br><br>**ORDER GRANTING MATTEL'S<br>MOTION TO COMPEL PRODUCTION<br>OF DOCUMENTS** |
| CONSOLIDATED WITH<br>MATTEL, INC. v. BRYANT and<br>MGA ENTERTAINMENT, INC. v. MATTEL,<br>INC. | |

## I. INTRODUCTION

On January 3, 2007, Mattel, Inc. ("Mattel") submitted its Motion to Compel Production of Documents to the undersigned Discovery Master for disposition.[1]  On January 11, 2007, Carter Bryant ("Bryant") submitted his opposition brief, and on January 18, 2007, Mattel submitted a reply brief.  The matter was heard via telephonic conference call on January 24, 2007.  Having

---

[1] Pursuant to a stipulation and order filed December 6, 2006, the undersigned was designated Discovery Master in accordance with Rule 53 of the Federal Rules of Civil Procedure.

EXHIBIT ___19___

PAGE ___196___

1-26

considered the motion papers and comments of counsel at the hearing, Mattel's Motion to Compel

Production of Documents is GRANTED.

## II. BACKGROUND

At the heart of this lawsuit is a dispute over the rights to the "Bratz" dolls. This highly

lucrative line of dolls was first conceived by Bryant, a former Mattel employee, and made

commercially available by MGA Entertainment, Inc. ("MGA") in the summer of 2001. Sales of

Bratz dolls now rival Mattel's Barbie doll.

A. Mattel's Original Complaint

On April 27, 2004, Mattel, the world's largest manufacturer and marketer of toys, filed

suit against its former employee Bryant in state court asserting claims for breach of contract,

breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel

employed Bryant as a product designer from September 1995 through April 1998, and from

January 1999 through October 2000. Upon starting his second term, Bryant signed an Employee

Confidential Information and Inventions Agreement which required him not to engage in any

employment or business other than for Mattel, or invest or assist in any manner any business

competitive with the business or future business plans of Mattel. Bryant also assigned to Mattel

all rights, title, and interest in the "inventions" he conceived of, or reduced to practice, during his

employment.

In addition, Bryant completed Mattel's Conflict of Interest Questionnaire, certifying that

he had not worked for any of Mattel's competitors in the prior twelve months and had not

engaged in any business dealings creating a conflict of interest. Bryant agreed to notify Mattel of

any future events raising a conflict of interest.

Mattel alleges that during his employment, Bryant secretly aided, assisted and worked for

a Mattel competitor (later identified as MGA). Bryant entered into an agreement with MGA to

EXHIBIT _____19_____

PAGE _____197_____

provide product design services on a "top priority" basis.[2]  The agreement further provided that Bryant would receive royalties and other consideration for sales of products on which he provided aid or assistance; that all work and services furnished by Bryant to MGA under the agreement would be considered "works for hire"; and that all intellectual property rights to preexisting work by Bryant purportedly would be assigned to MGA.  Mattel further alleges that Bryant converted, misappropriated and misused Mattel property and resources while he was employed at Mattel.  In the complaint, Mattel claims ownership of all inventions and works created by Bryant during his Mattel employment and seeks to recover all benefits obtained as a result of his alleged breach of duties.

In May of 2004, Bryant removed the state court action to the U.S. District Court, asserting subject matter jurisdiction under both 28 U.S.C. §1331 (federal question jurisdiction) and 28 U.S.C. §1332 (diversity jurisdiction).  Mattel filed a motion to remand and submitted a copy of Bryant's agreement with Mattel's competitor, namely MGA.  The agreement was dated September 18, 2000 – a time when Bryant was still employed by Mattel — and required Bryant to provide MGA with design services for the Bratz dolls.  In return, MGA agreed to compensate Bryant at a monthly rate for a period of time and to pay Bryant a 3% royalty on sales of Bratz dolls.  In August of 2004, the district court remanded the action.

B.  Bryant's Cross-complaint

In September of 2004, after the case was returned to state court, Bryant filed a cross-complaint against Mattel to challenge the legality of Mattel's Employee Confidential Information and Inventions Agreement.  Bryant's cross-complaint included claims for unfair competition, rescission, declaratory relief, and fraud.

//

---

[2]  Bryant has already produced his agreement with MGA.  Therefore, the existence of the agreement does not appear to be in dispute.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

3

EXHIBIT ___19___

PAGE ___198___

C. Bryant's Second Notice of Removal (CV 04-9059)

In November of 2004, Bryant filed a second notice of removal, once again invoking federal question and diversity jurisdiction. Bryant asserted that Mattel's complaint presented a federal question because events occurring since the first removal and remand demonstrated that Mattel's conversion claim involved the rights to the Bratz dolls, and therefore was preempted by the Copyright Act. Bryant also contended that there was diversity jurisdiction because he and Mattel were citizens of different states and the amount in controversy exceeded the $75,000 jurisdictional limit because the rights to the Bratz dolls were at stake. After the second notice of removal, MGA intervened as a defendant pursuant to a stipulation and order.

D. Bryant's Declaratory Relief Action Against Mattel (CV 04-9049)

On the same day that Bryant filed his second notice of removal, he also filed a complaint in federal court seeking a declaratory judgment that the Bratz dolls do not infringe Mattel's copyrights in a project known as "Toon Teens."

E. MGA's Complaint Against Mattel (CV 05-2727)

In April of 2005, MGA filed suit against Mattel alleging essentially unfair competition claims. MGA alleged that Mattel engaged in "serial copycatting" of Bratz dolls, Bratz "pets" and other Bratz products, Bratz television commercials, and Bratz packaging.

F. Mattel's Second Motion to Remand its Complaint against Bryant

Mattel filed another motion to remand its suit against Bryant. In March of 2005, the district court issued an order denying the motion to remand and certifying the order for interlocutory review. Mattel filed an appeal, and the district court stayed discovery in May of 2005. Discovery did not resume until May 2006, when the Ninth Circuit affirmed the district court ruling. After the stay was lifted the district court consolidated all three actions for all purposes. There is no scheduling order currently in place.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT ___19___

PAGE ___199___

G. Court Dismisses Bryant's Cross-claims and Declaratory Relief Action

In July of 2006, the district court dismissed Bryant's cross-claims pursuant to Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim upon which relief may be granted. The district court also dismissed Bryant's declaratory relief action, finding there existed no reasonable apprehension of an imminent copyright infringement claim against him by Mattel based upon Mattel's Toon Teen intellectual property.

H. Mattel's Counterclaims against MGA

Mattel sought leave to file an amended complaint in case no. CV 05-9059 to add five defendants and nine new legal claims alleging a wide range of commercial disputes. For example, Mattel's proposed amended complaint contains RICO claims, a trade secret misappropriation claim, and aiding and abetting claims predicated on allegations that MGA cherry-picked certain high ranking Mattel executives or designers and then enticed them to steal Mattel's trade and proprietary secrets and deliver them to MGA before beginning work with MGA. Mattel also sought leave to add a copyright infringement claim. Mattel has recently filed copyright registrations with the U.S. Copyright Office claiming ownership in various Bratz doll designs created by Bryant.

On January 11, 2007, the district court granted Mattel leave to file its proposed amendments, but only insofar as they are pled in the form of an amended answer and counterclaim in the case MGA filed against Mattel, CV 05-2727. The next day, Mattel filed its amendments as ordered in case no. CV 05-2727.

I. Mattel's Requests for Production of Documents

Mattel served the requests for production of documents at issue in this motion on June 14, 2004. Bryant served objections and responses on July 16, 2004. The parties met and conferred, but ultimately Mattel moved to compel production in January of 2005. That motion, however,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5

EXHIBIT _19_

PAGE _200_

was not heard before the district court stayed all discovery pending resolution of Mattel's appeal to the Ninth Circuit on subject matter jurisdiction issues.

After the stay of discovery was lifted, the parties met and conferred on June 20, 2006, at the courthouse, and were able to achieve apparent agreement on the bulk of the present motion to compel.  The parties informed the court that they would submit a stipulation and order.  <u>See</u> Minutes dated June 20, 2006, Zeller Dec. Ex. 6 ("With respect to Mattel's Motion to Compel Production of Documents, counsel will be submitting a stipulation and order which will be dispositive of all the issues in dispute.").

Over the next several months, the parties exchanged draft stipulations and orders to memorialize the parties' meet and confer session, but were unable to reach final agreement because Bryant insisted upon including the following sentence in the stipulation:  "The stipulation resolves all issues raised in Mattel's motion to compel, which is hereby withdrawn."  Bryant's Opposition at 1:18-20.  By including this sentence, Bryant intended to prevent further law and motion regarding the requests at issue in Mattel's original motion to compel.  <u>Id.</u> at 1:21-23. From Mattel's perspective, however, the proposed sentence amounted to a demand that Mattel waive its right to all further discovery in connection with its requests.  Mattel proposed the following provision as an alternative:

> Except as, and only as set forth in the terms of Paragraph One above, nothing in this Stipulation shall preclude or limit Mattel from seeking further discovery on any matter, including as to matter on which the parties could not reach complete agreement, or preclude or limit any right of Bryant to object or resist to such discovery.

Bryant's Opposition at 7:5-11.  Apparently Mattel's alternative language was unacceptable to Bryant.  At the direction of the Discovery Master, the parties met and conferred again in late December 2006, but to no avail.

Despite the parties' inability to reach final agreement, Bryant produced approximately

EXHIBIT ___19___

PAGE ___201___

1,600 pages of documents to date. Mattel contends, however, that the production is inadequate and consistent with a pattern of stonewalling.[3] Accordingly, Mattel filed the instant motion to compel responsive documents, which includes a request for sanctions in the amount of $7,805.

    J.   Mattel's Motion to Compel Production of Documents

    Mattel's motion has three parts. First, Mattel seeks an order compelling Bryant to produce the following categories of requested documents: (a) documents relating to Bratz designs created by Bryant while employed by Mattel; (b) doll prototypes created by Bryant while working for Mattel; (c) documents that refer to the conception, creating or development of Bratz; (d) Mattel-related documents that Bryant disclosed to MGA; (e) communications between Bryant and MGA that relate to Mattel or Mattel employees; and (f) documents showing what dolls Bryant was exposed to while working at Mattel. Mattel's Motion at 6. Mattel asserts that these categories of documents are relevant to establish Bryant's liability and would reveal works rightfully owned by Mattel.

    Second, as to other categories of documents which Bryant has agreed to produce, Mattel contends that Bryant has imposed unjustified limitations. According to Mattel, Bryant will not produce any responsive documents that were created after the suit was filed; Bryant will not produce any communications with MGA "created" after the end of his Mattel employment; Bryant is limiting production of Bratz-related documents to designs that, in Bryant's view, "resulted in" the first line of Bratz dolls released in June 2001; Bryant has not produced known contracts between him and MGA and refuses to produce non-privileged communications relating to those contracts; and Bryant has withheld all but one category of financial documents relating to

---

[3] According to Mattel, Bryant evaded a deposition until Mattel obtained a court order compelling him to appear. Similarly, MGA allegedly refused to permit its CEO, Isaac Larian, from being deposed. Mattel again obtained a court order compelling the deposition and sanctions. To date, only Bryant and Larian have been deposed.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                    7

EXHIBIT ___19___

PAGE ___202___

his earnings from his work for MGA. Mattel's Motion at 7. Mattel seeks full production of responsive documents without any of the limitations described above.

Third, Mattel contends that the documents Bryant has produced are inadequate for a number of reasons: the financial documents are so heavily redacted they are useless; faxed documents are missing fax header information, including the sending and receiving parties[4]; e-mails and other electronic documents that are known to exist have not been produced; Bryant refuses to inspect, and refuses to permit Mattel to inspect, the hard drive of a computer he used during the relevant period; and Bryant's privilege log is facially incomplete and lists only four documents.

K. Bryant's Opposition to Mattel's Motion to Compel

Bryant opposes Mattel's motion to compel. He views the motion as nothing more than Mattel's unwillingness to allow closure on any discovery matter after a lengthy meet and confer process which began back in 2004. Bryant emphasizes that the document requests at issue were first propounded at a time when Mattel was attempting to remand the case, making the claim that it did not know whether $75,000 was in controversy and insisting that it was asserting solely state law claims. Bryant explains that given Mattel's view of the case in 2004, he took the position that discovery should be limited to what occurred in his last days at Mattel and shortly thereafter. See Bryant's Opposition at 4-5 ("Bryant's activities and earnings in connection with Bratz in later years could have no conceivable relevance to the case because if those activities and earnings were at stake, the case was worth millions, not pennies."). Accordingly, in the summer and fall of 2004, he produced the following categories of documents: documents evidencing the artwork used to create the "First Generation" of Bratz dolls – the first dolls sold to the public in the summer of 2001; hundreds of pieces of artwork he was permitted to retain from his employment

---

[4] There is evidence that MGA's CEO instructed an employee to obliterate the fax header on a fax Bryant sent to MGA from Mattel's Design Center. MGA denies the accusation.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 19

PAGE 203

at Mattel; MGA statements revealing his earnings connected with the sale of the First Generation Bratz dolls and his 2000 contract with MGA; personal phone records and bank records; and hundreds of three dimensional doll parts and toy accessories that came into his possession over the years, including a prototype of the First Generation "Jade" doll.

Bryant generally agrees with Mattel's description of the meet and confer session held at the courthouse on June 20, 2006 and the parties' exchange of draft stipulations. According to Bryant, all the requests addressed in Mattel's original motion to compel and the instant motion led to agreement on the following points: (a) Bryant would produce all agreements for work he performed with or on behalf of MGA prior to June 30, 2001 (the approximate date the First Generation Bratz dolls were released to the public); (b) Bryant would waive the attorney-client privilege with respect to communications with the attorney who assisted him in negotiating his contract with MGA, so long as that waiver would be limited and in no way waive the privilege with respect to litigation counsel; (c) Bryant would produce any documents relating to any payments he received from MGA while employed at Mattel, irrespective of the date of creation; (d) Bryant agreed to make a diligent search for all computers referenced in his deposition and search them for responsive documents; (e) Bryant agreed to produce all documents and tangible things obtained from Mattel during the course of his employment at Mattel; (f) Bryant agreed to conduct a search and produce any patent, trademark or copyright applications, registrations and other non-privileged documents in his possession in connection with his work with MGA prior to June 2001; (g) Bryant agreed to identify documents responsive to particular requests if Mattel could demonstrate that the requests asked for such identification of documents; (h) Bryant agreed to sign a verification that none of the information redacted from his phone records related to Bratz or his work for MGA prior to June 30, 2001; (i) Bryant agreed to supplement his privilege log; and (j) the parties agreed that the stipulation modified Bryant's prior response to the discovery

EXHIBIT __19__

PAGE __204__

requests and that the stipulation controlled to the extent they were inconsistent. Bryant's Opposition at 5:22-6:21.

Bryant emphasizes that the parties have engaged in an extensive meet and confer process and asks the Discovery Master to order the disposition of this motion in a manner consistent with the parties' draft stipulation. If the draft stipulation is not adopted, Bryant fears the parties will have no incentive to compromise in the future. Bryant's Opposition at 1:24-2:3. Bryant also asks the Discovery Master to order Mattel not to revisit any of the requests that were the subject of Mattel's original motion to compel or the instant motion to compel. Id. at 2:11-13 and 10:9-10.

Furthermore, Bryant asserts that Mattel's requests are overbroad in numerous respects. In particular, Bryant asserts that Mattel is not entitled to all communications with MGA relating to Mattel employees. Bryant also asserts that Mattel is not entitled to unredacted personal phone records and financial information because these records are protected by privacy rights. Lastly, Bryant asserts that Mattel is not entitled to all Bratz related documents created after the lawsuit was filed.

### III. DISCUSSION

A. The Parties Did Not Reach a Stipulation to Resolve the Instant Motion

The parties' extensive submissions make it clear that the parties did not resolve the issues raised in the instant motion. The parties met and conferred extensively and in good faith, reaching compromises on virtually all categories of documents in dispute. Despite their efforts, however, the parties were ultimately unable to execute a binding stipulation because they were unable to agree on any provision to govern Mattel's future right to pursue additional discovery from Bryant. It is clear that the parties deemed it necessary to include such a provision in the draft stipulation in order to protect their respective positions. Because the parties did not execute a binding stipulation, there is no legal basis to enforce the terms contained in the draft stipulation.

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT _____19_____

PAGE _____205_____

Therefore, Mattel's right to the discovery it seeks in the instant motion to compel is governed by the familiar guidelines set forth in Rule 26 of the Federal Rules of Civil Procedure.

Furthermore, because the parties met and conferred in good faith and because they had a legitimate dispute over language governing Mattel's future right to pursue additional discovery from Bryant, the Discovery Master denies Mattel's request for sanctions.

B. Rule 26 of the Federal Rules of Civil Procedure

Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P. 26(b)(2).

C. Mattel's Requests for Production

Request Nos. 2, 13, 48: Documents Relating to Bryant's Agreements with MGA

Mattel seeks documents relating to Bryant's agreements with MGA, including doll-related agreements. Bryant is withholding responsive documents, including (a) documents relating to his Bratz agreements with MGA other than final signed agreements, including communications exchanged by the parties and drafts of the agreements, (b) documents relating to doll-related

EXHIBIT  _19_

PAGE  _206_

agreements discussed or negotiated by Bryant and third parties while he was employed by Mattel other than signed agreements that were "reached" while Bryant was employed by Mattel, and (c) documents relating to Bryant's fee agreements with MGA or other indemnity agreements relating to this action.

The Discovery Master finds that the withheld documents are relevant to Mattel's claims. Among other things, the withheld documents could establish the timing, nature and scope of Bryant's work for MGA (or others), ongoing acts of copyright infringement, and damages. In addition, the withheld documents could be used for impeachment purposes. Further, documents relating to fee or indemnity agreements between MGA and Bryant are relevant to demonstrate bias and lack of credibility. Bryant has failed to establish that the requested discovery is barred by Rule 26(b)(2), Fed.R.Civ.P. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 2, 13, and 48.

Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, 55: Documents Relating to Bratz's Development and Other Projects that Bryant Worked on for MGA

Mattel seeks documents relating to the Bratz project and any other projects Bryant worked on for MGA. Bryant produced documents relating only to the First Generation Bratz dolls. Bryant is prepared to produce additional documents relating to work he performed for MGA prior to June 30, 2001, acknowledging that those documents are relevant to Mattel's claim that Bryant breached his employee agreement by allegedly performing services for Mattel and MGA at the same time. Bryant objects to the requests to the extent they seek any additional documents on relevancy and overbreadth grounds.

The Discovery Master finds that Mattel's requests seek relevant information and are not overbroad. The lawsuit is much broader than the First Generation Bratz dolls issued in June 30, 2001. For example, Mattel alleges that it is entitled all works created by Bryant during his Mattel

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT ___19___

PAGE ___207___

employment, regardless of whether they resulted in a Bratz doll released in June of 2001. Mattel also alleges that Bryant has breached his ongoing contractual duties not to use any of Mattel's confidential and proprietary information, not just information relating to the Bratz dolls released in June of 2001. Mattel also alleges that Bryant has infringed Mattel's alleged copyrights in Bratz works – works that are allegedly owned by Mattel because they were created while Bryant was employed by Mattel – through his ongoing conduct of reproducing and creating derivative works. Accordingly, Bryant is ordered to produce all non-privileged documents responsive to Request Nos. 11, 12, 19, 37, 40, 41, 42, 43, 53, 54, and 55.

Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, 46:  Documents Relating to Bryant's Payments from MGA

Mattel seeks documents relating to Bryant's payments from MGA. Bryant acknowledges that Mattel is entitled to know how much money Bryant has earned from MGA, and represents that he has produced, in redacted form, all royalty statements he has received related to the First Generation Bratz dolls and his 2000 contract with MGA. Bryant asserts that his redactions are justified as a means to avoid disclosing the breakdown of MGA's revenue by particular product, which information Bryant believes constitutes MGA's trade secret information. Bryant also objects to producing tax returns, asserting that Mattel cannot show a "compelling need" for the returns. Bryant's Opposition at 29:21-27.

The Discovery Master finds that documents relating to MGA's payments to Bryant, including royalty statements and other payment information, are relevant to several Mattel claims. First, Mattel's claims against Bryant include breach of contract, breach of fiduciary duty, breach of duty of loyalty, unjust enrichment, and conversion. Mattel seeks to recover all benefits Bryant received as a result of his alleged violations of duties to Mattel. Payments to Bryant from MGA and others might be traceable to work Bryant performed while employed by Mattel, regardless of

EXHIBIT ___19___

PAGE ___208___

when the payments were actually made.  Such payments might also lead to evidence to support Mattel's allegation that Bryant converted, misappropriated, or misused Mattel information.

Second, the payments are relevant to Mattel's recently added claim for copyright infringement.  Mattel alleges that Bryant, MGA, and others have infringed Mattel's rights in the Bratz drawings and works by copying and preparing derivative works from those works.  Under the Copyright Act, a plaintiff is entitled to recover profits from infringement as well as actual damages.  17 U.S.C. §504(b).  The works that potentially infringe Mattel's copyrights, therefore, include all Bratz doll products that MGA released to the market.  For this reason, and for reasons already discussed in the previous subsection, Bryant's limited production of documents relating to only the First Generation of Bratz dolls is inadequate.

Third, payments to Bryant are relevant to Mattel's recently added claims for trade secret misappropriation.  Payments could show when and what trade secret information Bryant and other defendants allegedly misappropriated from Mattel.  Any proof of trade secret theft is also relevant to Mattel's defense against MGA's unfair competition claims.

Lastly, the breakdown of gross royalty payments may be required to prove actual causation of damages.

The protective order filed on January 4, 2005, is sufficient to address any confidentiality concerns raised by Bryant.  Among other things, the protective order provides protection for confidential trade secret information.  It has two tiers of protection, allowing a party to designate documents as either "Confidential" or "Confidential – Attorney's Eyes Only."  The protective order also requires the parties to use information produced in discovery only for purposes of this litigation and not for any other purpose.

Accordingly, Bryant is ordered to produce, without redactions, all non-privileged documents responsive to Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.  Bryant,

EXHIBIT _____19_____

PAGE _____209_____

however, is not required to produce tax returns, provided that he otherwise fully complies with these requests as ordered.

Request Nos. 20, 23, 27, 28: Communications Between Bryant and MGA

Mattel seeks production of Bratz-related communications and communications with MGA. More specifically, Mattel seeks production of four categories of documents Bryant has refused to produce: (1) communications between Bryant and MGA or third parties that explicitly relate to designs Bryant created while employed by Mattel; (2) communications between Bryant and MGA that relate to Mattel employees; (3) communications between Bryant and MGA relating to Bryant's Mattel employment or work Bryant performed for Mattel, except those communications "created" prior to the close of Bryant's Mattel employment; and (4) communications between Bryant and MGA that post-date Bryant's Mattel employment. Bryant contends that the discovery requests for communications between Bryant and MGA are overbroad. Bryant asserts that there are many former Mattel employees and friends of his who have privacy rights that would be impinged upon if he were to disclose his communications. Bryant also asserts that he has his own confidentiality interest regarding any information that he shared with MGA. In particular, he objects to Mattel's discovery requests to the extent they would require him to reveal the identity of current Mattel employees seeking employment with MGA or Bryant.

The Discovery Master finds that Mattel's requests for all communications between Bryant and MGA unquestionably seek information relevant to Mattel's claims: they will reveal what Mattel information Bryant shared with MGA, if any, and when. The protective order is sufficient to address Bryant's confidentiality concerns. It allows parties to designate as "Confidential" private information about current or former employees, contractors or vendors (including employee, contractor and personnel records). Therefore, Bryant is ordered to produce all non-

EXHIBIT _____19_____

PAGE _____210_____

privileged documents responsive to Request Nos. 20, 23, 27, and 28.  However, Bryant may continue to redact his telephone records, and shall provide a signed verification that none of the telephone calls that were redacted relate or refer in any way to MGA, Bratz, or any other project that Bryant worked on, with, for, or on behalf of MGA.  Telephone calls that do not relate or refer in any way to MGA or Bratz are irrelevant.

Request Nos. 49, 51:  Mattel-Related Documents

Mattel seeks production of Mattel-related documents, and Bryant agrees to produce them. Accordingly, Bryant is ordered to produce all documents responsive to Request Nos. 49 and 51.

Request No. 9:  Documents re Registrations and Applications for Registrations

Lastly, in Request No. 9 Mattel seeks production of documents registrations and registrations and applications for registration.  Bryant deems the motion moot with respect to Request No. 9 because he agrees to produce any patent, copyright and trademark applications, registrations or other non-privileged documents in his possession, custody or control that constitute or relate to such applications and registrations obtained or applied in connection with (1) work on Bratz prior to January 1, 2001; (2) work related to the release of the First Generation Bratz dolls; and (3) work related to any work Bryant performed with, for or on behalf of MGA during the term of Bryant's employment with Mattel.

As discussed previously, the Discovery Master finds that the First Generation Bratz limitation is improper.  Therefore, Bryant is ordered to produce all non-privileged documents responsive to Request No. 9.

IV. CONCLUSION

For the reasons set forth above, the Discovery Master orders as follows:

1. Mattel's motion to compel production of documents responsive to its First Set of Requests for Production, Request Nos. 2, 9, 11, 12, 13, 19, 20, 23, 27, 28, 29, 30, 31, 32, 33, 34,

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

16

EXHIBIT _____19_____

PAGE _____211_____

35, 36, 37, 40, 41, 42. 43. 45, 46, 48, 49, 51, 53, 54, and 55, is GRANTED.  However, Bryant need not produce his tax returns, on the condition that he complies fully with Request Nos. 29, 30, 31, 32, 33, 34, 35, 36, 45, and 46.

2. Bryant shall produce all redacted documents in un-redacted form, except for redactions that are justified by the attorney-client privilege or work product doctrine or his telephone records pursuant to the terms of this Order.

3. Bryant shall serve a complete privilege log in conformity with Rule 26(b)(5), Fed.R.Civ.P.

4. Pursuant to Rule 34, Fed.R.Civ.P., Bryant shall produce the hard drives of his computers for forensic imaging.

5. Bryant shall complete his production by producing missing attachments, fax cover pages and all other missing responsive documents.

6. Mattel's request for an award of sanctions in the amount of $7,805 is DENIED.

7. Bryant shall comply with this Order no later than February 23, 2007.

Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master, Mattel shall file this Order with the Clerk of Court forthwith.

IT IS SO ORDERED.

Dated: January 25, 2007

HON. EDWARD A. INFANTE (Ret.)
Discovery Master

EXHIBIT _19_

PAGE _212_

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on January 25,

2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL

PRODUCTION OF DOCUMENTS in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Restagar Esq. | Littler Mendelson | drestagar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Valerie Nannery Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | valerienannery@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchjakian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchjakjian@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| Benjamin Kim Esq. | O'Melveny & Myers LLP | bjkim@omm.com |
| Hamid Jabbar Esq. | O'Melveny & Myers LLP | hjabbar@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrismill.com |

EXHIBIT ___19___

PAGE ___213___

EXHIBIT 20

CONFORMED COPY
LODGED                                        FILED

2007 MAY 16  PM 1:59   2007 MAY 16  PM 2:00

CLERK U.S. DISTRICT COURT   CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.   CENTRAL DIST. OF CALIF.
RIVERSIDE                 RIVERSIDE
BY _____

1 | Hon. Edward A. Infante (Ret.)
    JAMS
2 | Two Embarcadero Center
    Suite 1500
3 | San Francisco, California 94111
    Telephone:   (415) 774-2611
4 | Facsimile:   (415) 982-5287

5

6

7                    UNITED STATES DISTRICT COURT

8                    CENTRAL DISTRICT OF CALIFORNIA

9                          EASTERN DIVISION

10

11 | CARTER BRYANT, an individual,        CASE NO. C 04-09049 SGL (RNBx)
                                          JAMS Reference No. 1100049530
12 |          Plaintiff,

13 |     v.                               Consolidated with
                                          Case No. CV 04-09059
14 | MATTEL, INC., a Delaware corporation, Case No. CV 05-2727

15 |          Defendant.                  ORDER GRANTING MATTEL'S
                                          MOTION TO COMPEL PRODUCTION
16 |                                      OF DOCUMENTS AND
                                          INTERROGATORY RESPONSES BY
17 | CONSOLIDATED WITH                    MGA
     MATTEL, INC. v. BRYANT and
18 | MGA ENTERTAINMENT, INC. v. MATTEL,
     INC.
19 |

20

21                         I. INTRODUCTION

22       On February 2, 2007, Mattel, Inc. ("Mattel") submitted its Motion To Compel Production

23  of Documents and Interrogatory Answers by MGA Entertainment, Inc. ("MGA"). On February

24  20, 2007, MGA submitted its opposition brief, and on February 26, 2007, Mattel submitted a

25  reply brief. The matter was heard on March 5, 2007. Thereafter the motion was taken under

26  submission pending the parties' submission of a proposed protective order, which was received

27

28
    Bryant v. Mattel, Inc.,                                                1
    CV-04-09049 SGL (RNBx)

EXHIBIT ___20___

PAGE ___214___

1   on April 23, 2007.  Having considered the motion papers and comments of counsel at the hearing,

2   Mattel's motion to compel is granted.

3   ## II.  BACKGROUND

4      A. Requests for Documents

5       In June of 2004, two months after Mattel filed suit against Bryant, and before MGA

6   became a party to the action, Mattel served MGA with an eight-page subpoena for twenty-one

7   categories of documents, to be produced in ten days.  MGA filed a motion to quash, which the

8   court granted because of the short amount of time provided for compliance with the subpoena.

9   The parties met and conferred in July of 2004, and reached an agreement to limit the scope of

10  some of Mattel's requests.  In particular, the parties agreed to limit production to the "first

11  generation" Bratz dolls.  On August 12, 2004, MGA produced documents.

12      In 2005, the parties stipulated to supplementing their document productions on May 16,

13  2005.  Mattel agreed to continue limiting its discovery requests to "first generation" Bratz dolls.

14      In September of 2006, MGA made a supplemental production of documents.  On February

15  5, 2007, MGA produced about 2,300 pages of documents to replace earlier produced documents

16  with legibility problems.  On February 20, 2007, MGA produced an additional 224 pages of

17  documents to replace earlier produced documents with legibility problems.

18      Mattel now moves to compel MGA to produce documents responsive to its requests.  As a

19  preliminary matter, Mattel contends that MGA's production is deficient because it contains

20  redactions and cut-off text.  Further, Mattel contends that MGA's production is incomplete with

21  respect to essentially five categories of documents.  First, Mattel contends that MGA is

22  withholding documents relating to the origins of Bratz and Bryant's work for MGA.  Mattel

23  believes that MGA's production is incomplete based upon its review of documents that have been

24  produced by third party Steven Linker.  According to Mattel, Linker's documents from October

25  of 2000 show that Bratz was much farther along before Bryant left Mattel than MGA or Bryant

26  previously represented.  Mattel also contends that MGA's responses to the document requests

27

28

EXHIBIT _____20_____

PAGE _____215_____

1   contain inappropriate limitations, such as MGA's statement that it will produce "relevant and
2   responsive non-objectionable documents" or only that it will produce documents "sufficient" to
3   show when certain dates relating to Bratz occurred. Mattel contends that these "carve outs
4   purport to allow MGA to cherry-pick what it will and will not produce to Mattel." Mattel's
5   Separate Statement at 17:11-13. Mattel also contends that the carve-outs fail to provide notice of
6   what is or is not being withheld. Mattel also contends that MGA's objections based upon its
7   confidentiality concerns or the privacy rights of third parties are unwarranted in light of the
8   protective order in place. In addition, Mattel contends that MGA's objection to producing
9   documents relating to activities or conduct in foreign countries is wholly improper because those
10  documents may contain information relevant to Mattel's claims.
11         Second, Mattel seeks documents relating to the origins of Bratz, regardless of whether
12  such documents relate to the "first generation" Bratz dolls. Mattel argues that whether the work
13  ultimately resulted in Bratz dolls that were released at a particular time does not matter for
14  discovery purposes. Mattel contends that the works created by Bryant during his Mattel
15  employment are highly relevant because Mattel owns them, regardless of whether they resulted in
16  a Bratz doll released at a particular time.[1]
17         Mattel next contends that MGA is improperly withholding documents about designs
18  Bryant created on Bratz dolls that were released after June 2001, even though such designs may
19  be derivative of work he did when employed by Mattel. Mattel contends that it is entitled to
20  explore whether such works and the profits from Bratz dolls other than the "first generation"
21  Bratz dolls were derived from works owned by Mattel both for purposes of establishing liability
22  and damages. Furthermore, Mattel asserts that the "first generation" limitation on discovery is
23  improper in light of Bryant's continuing duty not to use Mattel's confidential and proprietary
24  information as well as MGA's unfair competition claims.

25  _____
26         [1]  Mattel also reiterates many of the arguments it made previously in connection with its earlier filed motion
    to compel Bryant to produce documents.
27
28  Bryant v. Mattel, Inc.,                                                                    3
    CV-04-09049 SGL (RNBx)

    EXHIBIT  20
    PAGE  216

1    Mattel also asserts that MGA is improperly withholding documents relating to products,

2    services and matters other than those relating to "dolls." According to Mattel, it has evidence that

3    Bryant conceived of marketing and advertising ideas for the Bratz line while he was employed by

4    Mattel. Mattel contends that any such ideas or contributions may belong to it pursuant to the

5    Inventions Agreement.

6    Third, Mattel seeks documents relating to all of MGA's payments to Bryant, and not just

7    payments for the "first generation" Bratz dolls. Mattel asserts that such information is relevant

8    because (1) Mattel seeks all benefits Bryant received as a result of violating his duties to Mattel;

9    (2) under the Copyright Act, Mattel is entitled to all profits from infringement as well as actual

10   damages; and (3) payments may show when and what trade secret information Bryant and other

11   defendants allegedly misappropriated from Mattel.

12   Fourth, Mattel seeks documents relating to MGA's agreements with Bryant. Mattel

13   contends that all agreements between Bryant and MGA are relevant, not just the original

14   September 18, 2000 agreement. In particular, Mattel contends that it is entitled to discover all

15   documents relating to MGA and Bryant's alleged joint defense agreement because such

16   information would be relevant to demonstrate bias and lack of credibility.

17   Fifth, Mattel seeks production of all declarations, affidavits and other sworn written

18   statements from other cases that refer or relate to Bratz or Angel. Mattel contends that such

19   information may reveal relevant information about the date of creation of Bryant's Bratz

20   drawings.

21   In response, MGA denies withholding responsive documents and asserts that it has

22   produced volumes of documents responsive to Mattel's requests. In particular, MGA represents

23   that it has produced all responsive and relevant documents that it was able to locate in response to

24   request nos. 6, 7, 9, 26, 27, 32, 33, 34, 35, 36, 55, 69, and 70. Further, MGA asserts that even

25   before the motion was filed, it had agreed to address the vast majority of the issues raised in this

26   motion. In particular, MGA represents that it is diligently working to produce documents related

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT _____20_____

PAGE _____217_____

1    to Bratz other than "first generation" Bratz in response to request nos. 1, 2, 8, 10, 11, 43, 45, 46,

2    49, 50, 51, 53, 57, 59, 61, 63, 64, 66, 96, 97, 98, 99 and 100.  MGA represents that it informed

3    Mattel that it would produce documents pertaining to subsequent generations of Bratz dolls that

4    have been released on the market.  In addition, MGA represents that it has agreed to produce

5    documents relevant to Bratz or Prayer Angels that it received from Union Bank.  More

6    specifically, MGA represents that it agreed to review and produce documents provided to it by

7    Union Bank for the years 1999 – 2001 concerning payments that it could identify as being for

8    Bratz or Prayer Angels.  MGA also represents that it has agreed to produce royalty statements.

9    Therefore, MGA views the motion as unnecessary.

10          MGA next contends that Mattel's motion should be denied for the following additional

11   reasons.  First, MGA contends that Mattel is not entitled to MGA's product design documents for

12   unreleased products.  MGA asserts that its product design documents for its unreleased toy

13   concepts are among its most highly valuable trade secrets.  Furthermore, MGA contends that

14   designs and drawings for products currently under development, over six years after Bryant first

15   created his original Bratz drawings, have no relevance to any of Mattel's claims.  In the event that

16   documents relating to unreleased products are ordered produced, MGA requests a protective order

17   under Rule 26(c), Fed.R.Civ.P., that limits the dissemination of its documents more drastically

18   than the current protective order provides.  In the alternative, MGA requests that any order

19   compelling production of documents relating to unreleased products should essentially be stayed

20   until after MGA's products are publicly released.

21          Second, MGA contends that Mattel is not entitled to information concerning Bryant's

22   attorneys' fees because the information is privileged.  Furthermore, MGA contends that the

23   information is not relevant to demonstrate bias because "there is no dispute that Bryant's interests

24

25

26

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                    5

EXHIBIT _____20_____

PAGE _____218_____

1  in this case are aligned with those of MGA, and that Bryant is 'biased' in that sense." MGA's

2  Opposition at 24:9-12.[2]

3      Third, MGA asserts that Mattel is not entitled to review all non-public witness statements

4  and litigation documents concerning Bratz for a variety of reasons, including because Mattel has

5  refused to produce similar types of documents. More significantly, MGA contends that Mattel's

6  requests for non-public witness statements are "a blatant attempt to avoid the discovery

7  limitations imposed by both the Federal Rules of Civil Procedure and those additional limitations

8  imposed by this Court." MGA's Opposition at 25:6-7. MGA explains its position as follows.

9  MGA is involved in litigation against a number of counterfeiters and infringers in Asia. In 2003,

10 Mattel allegedly began feeding documents concerning "Toon Teens" to those defendants in an

11 attempt to prove that Bryant created Bratz while working at Mattel, even though Mattel

12 abandoned its claims based upon "Toon Teens" in this court. Thereafter, those defendants took

13 the position that MGA did not own, and therefore could not enforce, the rights to Bratz. MGA

14 was thus forced to litigate the issue of ownership. MGA contends that "[i]n effect, by prompting

15 foreign counterfeiters to espouse a theory that Mattel now admits has no merit, Mattel has created

16 a situation in which MGA has been forced to give testimony and provide evidence related to

17 issues in this case that Mattel now seeks to obtain wholesale." MGA's Opposition at 25:5-24.

18      Fourth, MGA contends that Mattel is not entitled to documents concerning a family

19 dispute between MGA's chief executive officer and his brother because such documents are in no

20 way relevant to this lawsuit. MGA explains that the brothers were involved in an arbitration

21 proceeding relating to MGA's CEO's purchase of his brother's interest in MGA. Moreover,

22 MGA contends that the brothers were bound by a protective order prohibiting the use of any

23 documents or testimony for any purpose other than the arbitration.

24

25 _____

26   [2] Nevertheless, MGA represents that it has produced the only non-privileged document responsive to the
   request.

27

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                          6

EXHIBIT __20__

PAGE __219__

1         Fifth, MGA contends that Mattel is not entitled to its chief executive officer's personnel

2   files because they contain confidential information and are not relevant to the lawsuit.  Sixth,

3   MGA contends that Mattel is not entitled to obtain documents from MGA that belong to, and are

4   in the possession, custody and control of, its indirect foreign subsidiary, MGA HK Ltd.  Lastly,

5   MGA objects to producing documents relating to any testing performed to determine the date that

6   Bratz documents were created.  MGA contends that such discovery is premature and should not

7   proceed until experts are designated.

8         B.  Interrogatories

9         On April 28, 2005, Mattel served its Second Set of Interrogatories.  On May 20, 2005,

10  however, the district court stayed the action.  On May 17, 2006, the district court lifted the stay.

11  On May 30, 2006, MGA responded to the interrogatories.

12        Mattel contends that MGA's responses to the interrogatories were untimely.  Further,

13  Mattel contends that the interrogatory responses to numbers five through eleven are deficient

14  because they lack substantive information and consist almost entirely of objections.  MGA

15  responds that the motion is moot because it is prepared to provide supplemental responses to its

16  interrogatories.  MGA does not otherwise assert any additional grounds for opposing Mattel's

17  motion to compel responses to interrogatories.

18                     III. DISCUSSION

19        A.  Rule 26 of the Federal Rules of Civil Procedure

20        Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

21  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

22  party."  Fed.R.Civ.P. 26(b)(1).  "Relevant information need not be admissible at trial if the

23  discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id.

24  Discovery shall, however, be limited by the court if it determines that: "(i) the discovery sought is

25  unreasonably cumulative or duplicative, or is obtainable from some other source that is more

26  convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

27

28

EXHIBIT _____ 20

PAGE _____ 220

1   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

2   expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

3   the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

4   the litigation, and the importance of the proposed discovery in resolving the issues." Fed.R.Civ.P.

5   26(b)(2).

6       B.   Document Requests

7           1.   Requests re Origins of Bratz and Bryant's Work for MGA (Nos. 6, 26, 27, 32, 33,

8                34, 35, 51, 53, 55, 64, 69, 96, 97, 98, 99, 100

9       The requests above seek discoverable information regarding the origins of Bratz and

10  Bryant's work for MGA.  MGA represents that it has produced all responsive documents in

11  response to request nos. 6, 26, 27, 32, 33, 34, 35, 55,and  69 (MGA's Opposition at 13:4-5), and is

12  "diligently working to produce documents in response to" request nos. 51, 53, 64, 96, 97, 98, 99,

13  and 100, including documents related to Bratz other than "first generation" (MGA's Opposition at

14  14:1-4 and note 39).  MGA does, however, object to producing design documents for unreleased

15  products and documents from MGA Hong Kong.

16      As a threshold matter, MGA's responses are inadequate to the extent MGA has restricted

17  its production to "relevant and responsive non-objectionable documents" or documents

18  "sufficient" to show when events relating to Bratz occurred.  These restrictions suggest that MGA

19  might be excluding documents that are responsive to the request based upon its unilateral

20  determination of what is "relevant" or "sufficient."  Mattel shall provide the responses to

21  document requests ordered herein without these restrictions.

22                      Design Documents for Unreleased Products

23      MGA's design documents for unreleased products are relevant to Mattel's claims and

24  defenses and must be produced.  See Order Modifying Protective Order.  On April 23, 2007, the

25  parties submitted a stipulation to modify the existing protective order to limit the disclosure of

26  design documents for unreleased products that constitute trade secret information.  See Stipulation

27

28  Bryant v. Mattel, Inc.,                                                            8
    CV-04-09049 SGL (RNBx)

EXHIBIT ___20___

PAGE ___221___

1   to Modify Protective Order; And Proposed Order Thereon ("stipulation").  The parties' stipulation

2   has been approved and entered as an order of the court.  MGA is ordered to produce design

3   documents for unreleased products that are responsive to Mattel's document requests in

4   accordance with the terms of the stipulation and order.

5                                   Documents from MGA Hong Kong

6          Documents relating to activities or conduct in foreign countries are relevant and

7   discoverable because Mattel has evidence indicating that MGA Hong Kong was involved with

8   Bratz.  Nevertheless, MGA objects to producing documents from Hong Kong unless Mattel

9   provides reciprocal discovery from its subsidiaries.

10         Whether MGA is entitled to discovery from Mattel's subsidiaries has not been briefed in

11  the context of this motion, and therefore is not addressed herein.  MGA is ordered to produce

12  documents from MGA Hong Kong.

13         Mattel's motion is granted with respect to request nos. 6, 26, 27, 32, 33, 34, 35, 51, 53, 55,

14  64, 69, 96, 97, 98, 99, 100.

15              2. Additional Requests re Origins of Bratz (Nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57, 59,

16                 61, 63, 66, 67, 70, 88, 90, 91

17         Mattel contends that MGA is improperly limiting its document production to the "first

18  generation" Bratz dolls.  MGA represents, however, that it has agreed to produce subsequent

19  generations of Bratz products (MGA's Opposition at 9:20-25, 13:6-14:1), except design

20  documents for yet unreleased products.

21         As stated previously, design documents for yet unreleased products are relevant and

22  discoverable.  See Order Modifying Protective Order.  Accordingly, MGA is ordered to produce

23  all non-privileged documents that are responsive to request nos. 7, 8, 9, 10, 11, 12, 13, 36, 46, 57,

24  59, 61, 63, 66, 67, 70, 88, 90, and 91.

25         //

26         //

27

28
    Bryant v. Mattel, Inc.,                                                              9
    CV-04-09049 SGL (RNBx)

                        EXHIBIT _____20_____

                        PAGE _____222_____

1      3. <u>MGA's Payments to Bryant (Nos.43, 45)</u>

2      MGA represents that it has already agreed to produce documents related to Bratz, without

3   limiting its production to "first generation" Bratz. MGA's motion at 13:7-14:3. Nevertheless,

4   Mattel is entitled to an order compelling production of such documents by a date certain. Mattel's

5   motion is granted with respect to request nos. 43 and 45.

6      4. <u>MGA's Agreements with Bryant (Nos. 1, 2, 49, 50)</u>

7      MGA represents that it has already agreed to produce non-privileged documents

8   responsive to request nos. 1, 2, 49, and 50, even though it believes that such documents are not

9   relevant (MGA's motion at 13:7-14:3). These requests seek documents relating to fee or

10   indemnity agreements between MGA and Bryant .

11      Fee or indemnity agreements are relevant to demonstrate bias and lack of credibility.

12   Accordingly, Mattel's motion is granted with respect to request nos. 1, 2, 49, and 50. Any

13   responsive documents withheld on the basis of a privilege must be properly identified in a

14   privilege log.

15      5. <u>Declarations, Affidavits & Other Sworn Written Statements (Nos. 37, 38, 39, 40,</u>

16      <u>41,</u>

17      In request nos. 37, 38, 390, 40, and 41, Mattel seeks production of declarations, affidavits,

18   and other sworn written statements from cases that refer or relate to Bratz or Angel. Mattel

19   anticipates that these documents could provide evidence relating to the conception date for Bratz.

20      Request nos. 37, 38, 39, 40, and 41 seek relevant information regarding the conception

21   date for Bratz. MGA admits in its opposition brief that this issue was litigated in its suits against

22   alleged counterfeiters and infringers.[3] The issue also appears to have been raised in the

23   arbitration proceedings between MGA's chief executive officer, Isaac Larian, and his brother

24   Farhad Larian. In those proceedings, Farhad Larian alleged that Isaac Larian concealed from him

25

26     [3] Although MGA questions the propriety of Mattel providing assistance to the alleged counterfeiters and infringers in raising ownership of Bratz as a defense against MGA's claims, MGA has not cited to any legal authority that prohibits Mattel's conduct.

27

28   Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

10

EXHIBIT _____20_____

PAGE _____223_____

1   that MGA was developing Bratz by early 2000.  Nevertheless, MGA objects to producing

2   documents from the Larians' arbitration on the grounds that the arbitration was governed by a

3   protective order that prohibits the use of any documents or testimony for any purpose other than

4   the arbitration.  MGA, however, has not provided any evidence of the protective order.

5   Accordingly, Mattel's motion to compel is granted as to request nos. 37, 38, 39, 40 and 41.[4]

6          6. Documents Regarding Date-Testing (Request No. 92)

7          Mattel's request no. 92 seeks documents that refer or relate to "any testing of or sampling

8   from any documents that refer or relate to Bratz or Bryant, including without limitation any such

9   testing or sampling in connection with ink, paper or chemical analysis to date any such documents

10  and including without limitation all results and reports relating thereto."  MGA contends that the

11  request is premature, and should proceed in the course of expert discovery.

12         The request calls for relevant discovery and there is no basis for delaying production of

13  responsive documents, other than expert reports.  The timing of expert reports is governed by

14  Rule 26(a)(2)(C), Fed.R.Civ.P.  Accordingly, Mattel's motion is granted as to request no. 92.

15         C. Interrogatories

16         Mattel contends that MGA's responses to interrogatories were untimely, and therefore

17  MGA has waived its objections to the interrogatories.  Pursuant to Rule 33(b)(3), Fed.R.Civ.P.,

18  responses to interrogatories are due thirty days after service.  In this case, Mattel served its

19  interrogatories on April 28, 2005, and responses were initially due May 31, 2005.  The district

20  court, however, issued a stay on May 20, 2005, twenty-two days after the interrogatories were

21  served.  The district court lifted the stay on May 17, 2006.

22

23

24

25

26  [4]  In its discussion of the arbitration proceedings, MGA raises an objection to producing Isaac Larian's personnel file based upon privacy grounds.  The personnel file may have documents relevant to Bratz, and therefore should be produced.  The protective order is sufficient to alleviate Mr. Isaac Larian's privacy concerns.

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                          11

EXHIBIT _____20_____

PAGE _____224_____

1   Neither party has cited to any caselaw governing the calculation of the 30-day period

2   when there is an intervening stay in discovery.  In the absence of any caselaw, MGA's responses

3   will be treated as timely in order to preserve any valid objections MGA may have asserted.

4   Interrogatory No. 5 seeks the identity of each and every person who was involved in the

5   conception, origin, creation, design, development, sculpting, engineering, reduction to practice,

6   tooling or painting of, or who otherwise produced or contributed to any embodiment of Bratz

7   before December 31, 2001, including a description of each person's role and the start and end

8   dates of each person's involvement.  In response, MGA asserted numerous objections, but did

9   provide the names of five individuals.

10   The interrogatory clearly seeks information relevant to the claims at issue.  MGA's

11   objections are without merit.  The interrogatory is not vague, ambiguous, compound or overbroad.

12   Nor has MGA carried its burden of establishing that the interrogatory is unduly burdensome, calls

13   for confidential, proprietary or commercially sensitive information, or seeks information

14   protected by the attorney-client privilege.  Furthermore, MGA's response is incomplete insofar as

15   it fails to provide the description of each person's role and the start and end dates of each person's

16   involvement.  Accordingly, MGA is ordered to provide a complete response to Interrogatory No.

17   5 and identify documents in compliance with Rule 33(d), Fed.R.Civ.P.

18   Interrogatory No. 6 seeks the same information as Interrogatory No. 5 with respect to any

19   embodiment of Angel.  MGA is ordered to provide a complete response to Interrogatory No. 6 for

20   the reasons previously discussed in connection with Interrogatory No. 5.

21   Interrogatory No. 7 asks MGA to identify each and every embodiment of Bratz prior to

22   December 31, 2001.  In response, MGA asserted numerous objections and did not provide any

23   substantive information.

24   MGA's objections are without merit.  The interrogatory clearly seeks information relevant

25   to establishing when Bryant first conceived Bratz.  The interrogatory is not vague, ambiguous,

26   compound or overbroad.  Nor has MGA carried its burden of establishing that the interrogatory is

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

12

EXHIBIT ___20___

PAGE ___225___

1 unduly burdensome, calls for confidential, proprietary or commercially sensitive information, or

2 seeks information protected by the attorney-client privilege. Accordingly, MG is ordered to

3 provide a complete response to Interrogatory No. 7.

4   Interrogatory No.8 asks MGA to identify each and every embodiment of Angel. MGA is

5 ordered to provide a complete response to Interrogatory No. 8 for the reasons previously

6 discussed in connection with Interrogatory No. 7.

7   Interrogatory No. 9 requires MGA to identify each and every sworn statement that refers

8 or relates to the conception, origin, creation, design, development, sculpting, engineering, tooling

9 or painting of Bratz. In response, MGA asserted numerous objections and did not provide any

10 substantive information.

11   The interrogatory seeks information relevant to establishing when Bryant first conceived

12 Bratz. Furthermore, MGA's boiler-plate objections are unsubstantiated. Accordingly, MGA is

13 ordered to provide a complete response to Interrogatory No. 9.

14   Interrogatory No. 10 requires MGA to identify each and every instance in which Bratz

15 was shown, displayed, or exhibited prior to June 1, 2001, including by stating the date(s) on

16 which each such instance occurred, the location of each show or exhibit, and the identity of

17 persons with knowledge of the shows or exhibits. In response, MGA asserted numerous

18 objections and provided the following information: Hong Kong Toy Fair in Hong Kong in or

19 about January 2001 and New York Toy Fair, New York, in or about February 2001.

20   Once again, MGA's boiler-plate objections are unsubstantiated. The information is

21 potentially relevant to establish when Bryant conceived Bratz. Further, the response is

22 incomplete insofar as it fails to identify any persons with knowledge. Therefore, MGA is ordered

23 to provide a complete response to Interrogatory No. 10.

24   Interrogatory No. 11 requires MGA to state the "number for each and every telephone,

25 including without limitation each office, home and cell phone number, in the name of, for the

26 benefit of or for the account of Isaac Larian and any other telephone that Isaac Larian used from

27

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT _____ 20
PAGE _____ 226

1  January 1, 1998 through the present, and IDENTIFY each and every carrier (including without
2  limitation any long-distance carrier) for each such number.  In response, MGA asserted numerous
3  boiler-plate objections.

4          Once again, MGA has failed to substantiate any of its objections with supporting
5  declarations or legal authorities.  Accordingly, all objections are overruled and MGA is ordered to
6  provide a full response to Interrogatory No. 11.

7                                    IV.  CONCLUSION

8          For the reasons set forth above, Mattel's motion to compel production of documents is
9  granted.  MGA shall produce all non-privileged documents that are responsive to the requests
10 identified in this Order.  Further, MGA shall produce all documents in un-redacted form, except
11 for redactions that are justified by the attorney-client privilege or work product doctrine.  Mattel's
12 motion to compel interrogatory answers is also granted.  MGA shall produce documents and
13 provide responses to interrogatories consistent with this Order, and produce a privilege log in
14 compliance with Rule 26(b)(5), Fed.R.Civ.P., no later than May 31, 2007.  Mattel's request for
15 sanctions is denied.

16         Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery
17 Master, Mattel shall file this Order with the Clerk of Court forthwith.

18
19
20
21 Dated: May /5, 2007

                                    _____
                                    HON. EDWARD A. INFANTE (Ret.)
22                                  Discovery Master
23
24
25
26
27
28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                                              14

   EXHIBIT ___20___

   PAGE ___227___

## PROOF OF SERVICE BY E-MAIL

I, Anthony Sales, not a party to the within action, hereby declare that on May 15, 2007, I served the attached ORDER GRANTING MATTEL'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSES BY MGA in the within action by e-mail addressed as follows:

| | | |
|---|---|---|
| Robert Millman Esq. | Littler Mendelson | rfmillman@littler.com |
| Douglas Wickham Esq. | Littler Mendelson | dwickham@littler.com |
| Keith Jacoby Esq. | Littler Mendelson | kjacoby@littler.com |
| Dominic Messiha Esq | Littler Mendelson | dmessiha@littler.com |
| Diba Rastegar Esq. | Littler Mendelson | drastegar@littler.com |
| Michelle Park Esq. | Littler Mendelson | mpark@littler.com |
| Alaya B. Meyers, Esq. | Littler Mendelson | ameyers@littler.com |
| Brady Mitchell, Esq. | Littler Mendelson | bmitchell@littler.com |
| Carol Miller, Esq. | Littler Mendelson | cmiller@littler.com |
| Ryan P. Eskin, Esq. | Littler Mendelson | reskin@littler.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | jbq@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Morris Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgetmorris@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Dale Cendali Esq. | O'Melveny & Myers LLP | dcendali@omm.com |
| Diana Torres Esq. | O'Melveny & Myers LLP | dtorres@omm.com |
| James Jenal Esq. | O'Melveny & Myers LLP | jjenal@omm.com |
| Alicia Meyer Esq. | O'Melveny & Myers LLP | ameyer@omm.com |
| Jennifer Glad Esq. | O'Melveny & Myers LLP | jglad@omm.com |
| David Hurwitz, Esq. | O'Melveny & Myers LLP | dhurwitz@omm.com |
| Johanna Schmitt Esq. | O'Melveny & Myers LLP | jschmitt@omm.com |
| Patricia Glaser Esq. | Christensen, Glaser, Fink, Jacobs, Weil & Shapiro, LLP | pglaser@chrisglase.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above is true and correct.

Executed on May 15, 2007, at San Francisco, California.

Anthony Sales

EXHIBIT ___20___

PAGE ___228___