1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:   310-553-3000
6  Facsimile:   310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:   310-312-2000
10 Facsimile:   310-312-3100

11 Attorneys for the MGA Parties For Phase Two

12             UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14                    EASTERN DIVISION

15

16 CARTER BRYANT, an individual          )  Case No. CV 04-9049 SGL (RNBx)
                                         )  Consolidated with
17              Plaintiff,               )  Case No. 04-09059 and 05-02727
                                         )
18 v.                                    )  **DISCOVERY MATTER**
                                         )
19 MATTEL, INC., a Delaware             )  **[PUBLIC REDACTED]**
   Corporation                          )  **DECLARATION OF JOEL N.**
20                                       )  **KLEVENS IN SUPPORT OF MGA**
                Defendant.               )  **PARTIES' OPPOSITION TO**
21 _____       )  **MATTEL, INC.'S 3/13/09 MOTION**
                                         )  **FOR AN ORDER COMPELLING**
22 AND CONSOLIDATED ACTIONS            )  **PRODUCTION OF**
                                         )  **COMMUNICATIONS**
23                                       )  **PURPORTEDLY MADE IN**
                                         )  **FURTHERANCE OF CRIMES AND**
24                                       )  **FRAUDS AND AS TO WHICH MGA**
                                         )  **HAS ALLEGEDLY WAIVED**
25                                       )  **ATTORNEY-CLIENT PRIVILEGE**
                                         )
26                                       )  **Discovery Cut-off:  Dec. 11, 2009**
                                         )  **Pre-trial Conference:  Mar. 1, 2010**
27                                       )  **Trial Date:  Mar. 23, 2010**
                                         )
28                                       )

671262

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310/553-3000

## DECLARATION OF JOEL N. KLEVENS

I, Joel N. Klevens, hereby declare as follows:

1.      I am an attorney at law, duly licensed to practice before all Courts of the State of California, and am a partner of the law firm of Glaser, Weil, Fink, Jacobs & Shapiro, LLP, attorneys of record herein for MGA Entertainment, Inc., Isaac Larian, MGA Entertainment (HK) Limited, and MGAE de Mexico S.R.L. de C.V. (the "MGA Parties").  I have personal knowledge of all facts set forth in this Declaration and, if called as a witness, I could and would competently testify as follows:

2.      Attached hereto as Exhibit A is a true and correct copy of a portion of the Reporter's Transcript of Sealed In Chambers Proceedings from August 15, 2008.

3.      Attached hereto as Exhibit B is a true and correct copy of a portion of the Reporter's Transcript of Proceedings from the Afternoon Session of Day 36 of Trial, August 15, 2008.

4.      Attached hereto as Exhibit C is a true and correct copy of a portion of the Deposition of Carter Bryant, Volumes I and II, taken on November 4, 2004 and November 5, 2004, respectively.

5.      Attached hereto as Exhibit D is a true and correct copy of a portion of the Deposition of Isaac Larian, taken July 18, 2006.

6.      Attached hereto as Exhibit E is a true and correct copy of a portion of the Deposition of Paula Garcia, taken on May 24, 2007.

7.      Attached hereto as Exhibit F is a true and correct copy of a portion of the Deposition of Anne Wang, taken on January 28, 2008.

8.      Attached hereto as Exhibit G  is a true and correct copy of a portion of the Deposition of David Rosenbaum, taken on January 25, 2008.

9.      Attached hereto as Exhibit H is a true and correct copy of the MGA Consulting Agreement between MGA and Carter Bryant, dated September 18, 2000.

10.      Attached hereto as Exhibit I is a true and correct copy of an email from Isaac Larian to "All in Sales" regarding Bratz, dated June 29, 2001, 2:39 pm.

671262

11.     Attached hereto as Exhibit J is a true and correct copy of the MGA/Bryant Consulting Agreement, Bates labeled CG 0019 – CG 0024.

12.     Attached hereto as Exhibit K is a true and correct copy of a letter sent from Bryant S. Delgadillo at Kaye Scholer to Juan Pablo Alban at Quinn Emanuel, dated January 30, 2008.

13.     Attached hereto as Exhibit L is a true and correct copy of a letter sent from Amy S. Park at Skadden Arps to Timothy Alger at Quinn Emanuel, dated March 14, 2008.

14.     Attached hereto as Exhibit M is a true and correct copy of a letter sent from Bryant S. Delgadillo at Kaye Scholer to Juan Pablo Alban at Quinn Emanuel, dated March 17, 2008.

15.     Attached hereto as Exhibit N is a true and correct copy of the (In Chambers) Order re Motion to Compel Production of Communications Made in Furtherance of Crimes and Frauds, issued by Judge Larson on June 20, 2008.

16.     Attached hereto as Exhibit O is a true and correct copy of a portion of the Reporter's Transcript of Proceedings from the Morning Session of Day 16 of Trial, June 20, 2008.

17.     Attached hereto as Exhibit P is a true and correct copy of a portion of the Reporter's Transcript of Proceedings from the Afternoon Session of Day 16 of Trial, June 20, 2008.

18.     Attached hereto as Exhibit Q is a true and correct copy of a portion of the Phase B Verdict Form As Given, dated August 26, 2008.

19.     Attached hereto as Exhibit R is a true and correct copy of a portion of the Final Jury Instructions as Given, filed July 10, 2008.

20.     Attached hereto as Exhibit S is a true and correct copy of the Court's Phase B Jury Instructions As Given.

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310.553.3000

671262

21.     Attached hereto as Exhibit T is a true and correct copy of a portion of the Reporter's Transcript of Proceedings from the Afternoon Session of Day 19 of Trial, July 2, 2008.

22.     Attached hereto as Exhibit U is a true and correct copy of a portion of the Reporter's Transcript of Proceedings from the Morning Session of Day 15 of Trial, June 18, 2008.

23.     Attached hereto as Exhibit V is a true and correct copy of a portion of the Reporter's Transcript of Proceedings from the Morning Session of Day 7 of Trial, June 4, 2008.

24.     Attached hereto as Exhibit W is a true and correct copy of a portion of the Reporter's Transcript of Proceedings from the Afternoon Session of Day 10 of Trial, June 10, 2008.

I declare under penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct.

Executed this 25th day of March, 2009, at Los Angeles, California.

/s/ Joel N. Klevens
Joel N. Klevens

LAW OFFICES
GLASER, WEIL, FINK, JACOBS & SHAPIRO, LLP
10250 CONSTELLATION BOULEVARD
NINETEENTH FLOOR
LOS ANGELES, CALIFORNIA 90067
310-553-3000

671262

# Exhibit A

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit B

26

7652

1              UNITED STATES DISTRICT COURT

2              CENTRAL DISTRICT OF CALIFORNIA

3                        ---

4       HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                        ---

6    MATTEL, INC.,                :    PAGES 7652 - 7873
                                  :
7            PLAINTIFF,           :
                                  :
8       VS.                       :    NO. ED CV04-09049-SGL
                                  :    [CONSOLIDATED WITH
9    MGA ENTERTAINMENT, INC.,     :    CV04-9059 & CV05-2727]
     ET AL.,                      :
10                                :
            DEFENDANTS.           :
11   _____:

12

13

14

15           REPORTER'S TRANSCRIPT OF PROCEEDINGS

16              RIVERSIDE, CALIFORNIA

17            FRIDAY, AUGUST 15, 2008

18              JURY TRIAL - DAY 36

19               AFTERNOON SESSION

20

21

22                          MARK SCHWEITZER, CSR, RPR, CRR
                            OFFICIAL COURT REPORTER
23                          UNITED STATES DISTRICT COURT
                            181-H ROYBAL FEDERAL BUILDING
24                          255 EAST TEMPLE STREET
                            LOS ANGELES, CALIFORNIA 90012
25                          (213) 663-3494

CERTIFIED COPY

27

7653

**Appearances of Counsel:**

On Behalf of Mattel:

    Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
    By John B. Quinn, Esq.
       B. Dylan Proctor, Esq.
       Michael T. Zeller, Esq.
       Harry Olivar, Esq.
       John Corey, Esq.
       Diane Hutnyan, Esq.
       William Price, Esq.
    855 South Figueroa Street
    10th Floor
    Los Angeles, CA 90017
    (213) 624-7707

On Behalf of MGA Entertainment:

    Skadden, Arps, Slate, Meagher & Flom LLP
    By Thomas J. Nolan, Esq.
       Carl Alan Roth, Esq.
       Jason Russell, Esq.
       Lauren Aguiar, Esq.
       David Hansen, Esq.
       Matthew Sloan, Esq.
       Robert Herrington, Esq.
       Raoul D. Kennedy, Esq.
    300 South Grand Avenue
    Los Angeles, CA 90071-3144
    (213) 687-5000

28

7655

# E X H I B I T S

  (Exhibit 13861, Page 11, received.)................... 7781

(Exhibits 2502-A, 2504-A, 2514-A, and
  2517-A received.)....:............................... 7803

(Exhibits 18923, 1, 2, 4, 6, 7, 9, 10,
  11, 12, 13, 15, 16, 17, 18, 21, 24, 25,
  26, and 32 received.)................................ 7807

(Exhibit 13991 received.)............................ 7818

(Exhibit 14626 received.)............................ 7833

(Exhibit 14663 received.)............................ 7834

(Exhibit 14664 received.)............................ 7835

2⊼

7656

**Riverside, California; Friday, August 15, 2008**

**12:34 P.M.**

**(HEARING HELD OUTSIDE THE PRESENCE OF THE JURY.)**

THE COURT:  Okay.  There's a few issues the Court wanted to take up from this morning that we never got around to, but before I did that, I want to rule on --

Mr. Price, Mr. Zeller?  Mr. Price, is Mattel ready to proceed?

MR. PRICE:  Yes, your Honor.

THE COURT:  Very well.  Let me first resolve the issue that we discussed in chambers under seal.  The Court has explored in length the competing issues and concerns that it has with respect to the -- on the one hand, the testimony of Mr. Larian that we heard concerning what he, his attorneys at the time discussed and about the Carter Bryant's design and development of the works in question, as well as the e-mails that have been submitted to the Court in camera under seal involving attorney-client work product.

It's a close case, but the Court believes that the attorney-client privilege needs to be protected.  So the Court is going to reseal those e-mails.  The Court is not going to permit them to be introduced to the jury. Furthermore, the Court itself will strike them from its consideration of the evidence, both during the trial and, of course, in any third phase where the Court must consider the

30

7657

1    equitable defenses.  So they are not at issue.

2          However, some address or redress of the testimony

3    has to be made.  The Court is going to strike, pursuant to

4    Mr. Nolan's suggestion, Ms. Aguiar's suggestion.  The Court

5    is going to strike the testimony of Mr. Larian concerning his

6    conversations with his attorneys and instruct the jury that

7    they are not to consider that evidence for any purpose at

8    this point.  And leave it at that.  I think that strikes the

9    balance.

10          Given the whole host of issues that the Court needs

11   to weigh here, I think that strikes the balance.  And the

12   e-mails are resealed, and as indicated, they will be of no

13   moment to the jury.  They are no longer of any issue to the

14   Court.  And they will be disregarded.

15          Any questions concerning the Court's ruling,

16   Mr. Price?

17          MR. PRICE:  No questions, your Honor.  I'm

18   wondering whether, when the Court instructs the jury to

19   disregard Mr. Larian's testimony concerning any

20   communications he may have had with counsel, whether the

21   Court can say any testimony given in this phase or in the

22   prior phase.

23          THE COURT:  They are not to consider any evidence

24   of any of Mr. Larian's testimony regarding his communications

25   with counsel.  As I indicated in chambers, I probably should

31

7658

1  have kept all of that out to begin with, and this is the best

2  that I can do.  I mean, I have two ways to go.  I either let

3  it all come in, or I keep it out.  I think given where we are

4  right now, to leave it part in, part out is not appropriate.

5       MR. PRICE:  I just think unless you specifically

6  tell them any testimony, whether given in the first phase or

7  this phase.  Because going forward, they can consider

8  obviously anything that happened in the prior --

9       THE COURT:  Obviously, the prejudicial impact to

10  Mattel on the earlier testimony is diminished.  The testimony

11  won't be heard in closing regarding the communication between

12  the attorneys.  And that was at this point frankly, months

13  ago.

14       So I'm less concerned about that earlier testimony

15  than the testimony now.  But the way I intend to do the

16  instruction is simply I am striking the testimony by

17  Mr. Larian concerning his communications with counsel.  You

18  are to disregard it.  I'm sure the jury will be focused on

19  the testimony today.  That certainly applies to any testimony

20  concerning communication with counsel.  I'm not going to

21  bring up the previous testimony because I think that quite

22  frankly just highlights evidence that we are actually asking

23  the jury to disregard.

24       MR. NOLAN:  Your Honor, just would the Court

25  consider saying, you know, the testimony is stricken.  You

32

7659

1   are to disregard the comments with respect to the

2   communications with counsel.  And just say that MGA,

3   Mr. Larian, have asserted the attorney-client privilege, and

4   you are not to draw any adverse inference from the assertion

5   of the privilege?

6          THE COURT:  If I go down that road, to balance

7   that, I would have to say that all that is protected by the

8   attorney-client privilege, and you cannot -- and that

9   evidence one way or the other cannot be --

10          MR. NOLAN:  If the Court --

11          THE COURT:  I think it's better just to keep it

12   simple, Counsel.

13          MR. NOLAN:  Thank you.

14          THE COURT:  Thanks.  All right.  So that takes up

15   that issue.

16          Getting back to the jury instructions, the

17   substantial similarity instruction, I have two competing

18   instructions.  I have one from MGA and one from Mattel.  What

19   I wanted to hear is I have received also a trial brief

20   concerning unprotectable elements in the Bryant drawings from

21   MGA, which I'll review.

22          I guess I wanted to give -- I've held off in

23   issuing my order, which I tentatively announced several days

24   ago, concerning the Court's findings with respect to

25   protectable elements.  I've held off on that because I wanted

33

7873

```
 1

 2

 3

 4

 5

 6

 7                    C E R T I F I C A T E

 8

 9

10         I hereby certify that pursuant to Title 28,

11  Section 753 United States Code, the foregoing is a true and

12  correct transcript of the stenographically reported

13  proceedings in the above matter.

14         Certified on August 15, 2008.

15

16

17  MARK SCHWEITZER, CSR, RPR, CRR
    Official Court Reporter
18  License No. 10514

19

20

21

22

23

24

25
```

34

# Exhibit C

35

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit D

97

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit E

117

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit F

124

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit G

137

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit H

153

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit I

160

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit J

102

This Exhibit has been filed
under seal pursuant
to protective order.

# Exhibit K

169

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067–6048
310 788–1000
Fax 310 788–1200
www.kayescholer.com

Bryant S. Delgadillo
310 788–1341
Fax 310 788–1200
bdelgadillo@kayescholer.com

January 30, 2008

**VIA OVERNIGHT MAIL**
Juan Pablo Alban
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   **Mattel v. Bryant, et al. Case No.: CV 04-9049-SGL(RNBx)**

Dear  Mr. Alban:

Enclosed please find four (4) bankers boxes containing documents bates labeled KS00001-KS10824.  These documents are being produced in accordance with Judge Infante's January 25, 2008 Order.  I have also enclosed an invoice in the amount of $2,519.15 from LitiDOX, the copy service that bates labeled and made the copies of these documents for you. We ask that you repay Kaye Scholer LLP for this cost.

This letter also confirms our agreement that we can have until Friday, February 1, 2008 to produce a privilege log identifying the documents withheld from enclosed production.  We will fax over a privilege log before the close of business on Friday.

Lastly, please note the appropriate level of confidentiality indicated on the documents. These documents are being produced pursuant to the stipulated Protective Order entered by the Court in this case, and we trust that they will be treated accordingly.

Sincerely yours,

Bryant S. Delgadillo

BSD:vjh

cc:  Jose R. Allen (w/out enclosures)

23238174.DOC

170

# Exhibit L

170

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 UNIVERSITY AVENUE
PALO ALTO, CALIFORNIA 94301
───
TEL: (650) 470-4500
FAX: (650) 470-4570
www.skadden.com

FIRM/AFFILIATE OFFICES
───
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
───
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

DIRECT DIAL
650.470.4511
DIRECT FAX
888.329.6334
EMAIL ADDRESS
APARK@SKADDEN.COM

March 14, 2008

**By Email and U.S. Mail**

Timothy Alger, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017

RE:   *Carter Bryant v. Mattel, Inc.* (and consolidated cases)
Case No. CV 04-9049 SGL (RNBx) (consolidated with
Cases Nos. CV 04-09059 and CV 05-02727)

Dear Tim:

It has come to our attention that the document bearing Bates number KS 07831 was inadvertently produced by Kaye Scholer. Please be advised that this document reflects confidential MGA attorney-client privileged communications. Pursuant to paragraph 13 of the Stipulated Protective Order, please immediately destroy or return to us all hard copies and delete all electronic copies of this document in your or Mattel's possession, custody or control, and please certify in writing that you have done so.

Sincerely,

Amy S. Park

172

# Exhibit M

173

MAR-17-08   09:27AM   FROM-KayeSchola                         T-828   P.001/002   F-114

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
310 788-1000
Fax 310 788-1200

## FAX COVER SHEET

| | | |
|---|---|---|
| Date: | March 17, 2008 | Client No.: 36037-0007 |
| To: | Juan Pablo Alban | Phone No.: (213) 443-3000 Fax No.: (213) 443-3100 |
| From: | Bryant Delgadillo bdelgadillo@kayescholer.com | Direct Dial No.: (310) 788-1341 Direct Fax No.: (310) 788-1205 |
| Re: | Bryant v. Mattel, Case No. CV 04-9049 | |

Number of Pages: _____ (Including Cover Sheet)

Message:

IF ALL PAGES ARE NOT RECEIVED, CALL (310) 788-1230
(or Call Direct Dial Number Listed Above)

NOTE:  This facsimile transmission contains confidential and/or legally privileged information from the law firm Kaye Scholer LLP intended only for the use of the individual(s) named on the transmission sheet. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this facsimile transmission is strictly prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we can arrange for the return of the documents to us at no cost to you.

NEW YORK   CHICAGO   LOS ANGELES   WASHINGTON, D.C.   WEST PALM BEACH   FRANKFURT   LONDON   SHANGHAI

25330076.WPD

174

MAR-17-08   09:28AM   FROM-KayeScholer                          T-828   P.002/002   F-114

# KAYE SCHOLER LLP

1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067-6048
310 788-1000
Fax 310 788-1200
www.kayescholer.com

Bryant S. Delgadillo
310 788-1341
Fax 310 788-1200
bdelgadillo@kayescholer.com

March 17, 2008

VIA OVERNIGHT MAIL
Juan Pablo Alban
Quinn Emanuel
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

Re:   Mattel v. Bryant, et al. Case No.: CV 04-9049-SGL(RNBx)

Dear Mr. Alban:

We have recently discovered that a document bearing bates number KS07831 was inadvertently included in our initial production in this case. This document contains confidential attorney-client privileged communications and should have been included on the privilege log we provided to you. Pursuant to paragraph 13 of the Stipulated Protective Order, please immediately destroy or return to us all copies of this document, and delete all electronic copies of this document in your or Mattel's possession, custody or control.

Please confirm in writing when you have complied with this request.

Sincerely yours,

Bryant S. Delgadillo

BSD:vjh

cc:  Jose R. Allen (w/out enclosures)

23241350.DOC

NEW YORK    CHICAGO    LOS ANGELES    WASHINGTON, D.C.    WEST PALM BEACH    FRANKFURT    LONDON    SHANGHAI

175

# Exhibit N

170

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.    CV 04-09049 SGL(RNBx)                        Date:  June 20, 2008

Title:      CARTER BRYANT -v- MATTEL, INC.
            AND CONSOLIDATED ACTIONS
========================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

    Jim Holmes                                    None Present
    Courtroom Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:       ATTORNEYS PRESENT FOR DEFENDANTS:

None present                            None present

PROCEEDINGS:   (IN CHAMBERS) ORDER RE MOTION TO COMPEL PRODUCTION OF
               COMMUNICATIONS MADE IN FURTHERANCE OF CRIMES AND FRAUDS

    On June 20, 2008, the Court ordered MGA to submit documents, detailed on the record, for in camera inspection.  MGA did so, and the Court conducted its in camera review.  Based on its review of the clawed-back document, as well as the document submitted for in camera review, the preponderance of the evidence does not support a finding that the sought legal advice in order to further a crime or fraud.  Accordingly, the Court does not order the production of the privileged documents identified on the record.

    Nevertheless, the Court's review revealed that an email from Carter Bryant to Isaac Larian was withheld from production as privileged.  As acknowledged by counsel for MGA, this document, identified as privilege log number 0548, is not privileged and is to be produced to Mattel forthwith.

    IT IS SO ORDERED.

MINUTES FORM 90                                    Initials of Deputy Clerk:  jh
CIVIL -- GEN
                              1

177