Robert C. O'Brien (SBN 154372)
ARENT FOX LLP
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
obrien.robert@arentfox.com

Discovery Master

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | Case No. CV 04-09049 SGL (RNBx) |
| Plaintiff, | |
| v. | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-2727 |
| MATTEL, INC., a Delaware corporation, | **PHASE 2 DISCOVERY MATTER** |
| Defendant. | **ORDER NO. 10, REGARDING:** |
| | (1) **NON-PARTIES' REQUEST FOR AN EXTENSION OF TIME;** and |
| | (2) **DOCUMENT PRESERVATION** |
| CONSOLIDATED WITH MATTEL, INC. v. BRYANT and MGA ENTERTAINMENT, INC. v. MATTEL, INC. | |

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 10
[Case No. CV 04-09049 SGL (RNBx)]

## I.    INTRODUCTION

This Order sets forth the Discovery Master's ruling on the request by several non-parties for an extension of time in which to file (1) an Opposition to the Motion for Reconsideration of Phase II Discovery Matter Order No. 3 and (2) the Reply Brief in Support of the Motion to Quash Subpoenas Issued by Mattel, Inc. to Non-Parties Leon Neman, Fred Mashian, and Neil Kadisha.

Having reviewed and considered the March 25, 2009 letter filed in support of the request and Mattel, Inc.'s March 26, 2009 letter opposing the request, the Discovery Master hereby rules as set forth below.

## II.   EXTENSION GRANTED

Non-Parties Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision Capital, LLC's (collectively, the "Financing Entities") request for an extension of time to file an Opposition to the Motion for Reconsideration of Phase II Discovery Matter Order No. 3 is **GRANTED**, subject to the conditions set forth in Section III of this Order.  The Opposition is due to be filed on or before April 17, 2009.

Non-Parties Leon Neman, Fred Mashian, and Neil Kadisha (collectively, the "Individuals")[1] request for an extension of time to file a Reply Brief in Support of their Motion to Quash Subpoenas Issued by Mattel, Inc. to them is likewise **GRANTED**, subject to the conditions set forth in Section III of this Order.  The Reply is due to be filed on or before April 17, 2009.

## III.  PRESERVATION OF DOCUMENTS

### A.   Scope Of Potentially Relevant Information To Preserve

At least until a final, non-appealable order is entered regarding the subpoenas directed to them, the Non-Parties are hereby ordered to preserve all existing documents, records, correspondence, files, electronically stored information, emails, data, videotapes, audio recordings, and any other written or electronic

---

[1] The Individuals and Financing Entities are referred to collectively hereafter as the "Non-Parties."

information related to or responsive in any way to the document requests included in the subpoenas propounded on them by Mattel, Inc.

### B.    Types Of Information To Be Preserved

The Non-Parties shall preserve all potentially relevant documents in any format including, without limitation, hard copy format, handwritten format, and electronic format.  For example, and without limiting the foregoing sentence in any way, the Non-Parties must preserve all potentially relevant written documents and any revisions.  The types of electronically stored information that must be preserved similarly include, but are not limited to, the following:  (1)  email, text-messages, instant messages, and other electronic communications; (2)  word processing documents, correspondence, reports, and memoranda (including drafts and revisions); (3) spreadsheets, charts, images, presentations and slide shows, and graphs (including drafts and revisions); (4) audio, video and audiovisual recordings, MP3 players, and voicemail files; (5) databases; (6) telephone logs, Internet usage files, and network access information; (7) data generated by electronic calendaring, task management and personal information management software (such as Microsoft Outlook or Lotus Notes); and (8) data created with the use of personal data assistants ("PDAs"), such as a Blackberry.

The Non-Parties shall preserve all potentially relevant electronically stored information in (1) active data (i.e., data immediately and easily accessible on their computer or electronic systems today); and (2) archived data (i.e., data residing on backup tapes or other storage media); and (3) legacy data (i.e., data created on old or obsolete hardware or software).  Further, the Non-Parties shall preserve all paper and electronic logs of its computer system and its network activity that relate to storage of potentially relevant electronically stored information.

### C.    Sources Of Information To Be Preserved

The Non-Parties shall further preserve all potentially relevant written and electronically stored information from all sources, whether in their possession or in

1 the possession of a third party under the control of the Non-Parties (such as an
2 employee), including, without limitations, any potentially relevant electronically
3 stored information on work and personal equipment and work and personal email
4 accounts.

**D.  Suspension Of Document Destruction Policies And Data Recycling Policies**

Finally, the Non-Parties shall immediately suspend any document destruction policy and backup tape recycling policy in place that may destroy potentially relevant information.

Dated:      March 27, 2009

By:      /s/ Robert C. O'Brien
ROBERT C. O'BRIEN
Discovery Master