# EXHIBIT 15

1   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
      Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
      Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
      Timothy L. Alger (Bar No. 160303)
5     (timalger@quinnemanuel.com)
    865 South Figueroa Street, 10th Floor
6   Los Angeles, California 90017-2543
    Telephone:  (213) 443-3000
7   Facsimile:  (213) 443-3100

8   Attorneys for Mattel, Inc.

9

10                UNITED STATES DISTRICT COURT

11               CENTRAL DISTRICT OF CALIFORNIA

12                     EASTERN DIVISION

13  CARTER BRYANT, an individual,          CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,                  Consolidated with
                                            Case No. CV 04-09059
15       vs.                                Case No. CV 05-02727

16  MATTEL, INC., a Delaware               **DISCOVERY MATTER**
    corporation,
17                                         **[To Be Heard By Discovery Master**
                Defendant.                 **Hon. Edward Infante (Ret.) Pursuant**
18                                         **To The Court's Order of December 6,**
                                           **2006]**
19  AND CONSOLIDATED ACTIONS
                                           MATTEL, INC.'S NOTICE OF
20                                         MOTION AND MOTION TO
                                           COMPEL PRODUCTION OF
21                                         PREVIOUSLY WITHHELD
                                           DOCUMENTS ONLY PORTIONS OF
22                                         WHICH ARE ALLEGEDLY
                                           PRIVILEGED; AND
23                                         MEMORANDUM OF POINTS AND
                                           AUTHORITIES
24
                                           Date:   Feb. 8, 2008
25                                         Time:   9:30 a.m.
                                           Place:  TBA
26
                                           **Phase I**
27                                         Discovery Cut-off:  January 28, 2008
                                           Pre-trial Conference:  May 5, 2008
28                                         Trial Date: May 27, 2008

09/2353488.4

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 | PLEASE TAKE NOTICE that Mattel, Inc. will, and hereby does, move
3 the Court, pursuant to <u>Federal Rules of Civil Procedure</u> 26 and 37, for an order
4 compelling MGA Entertainment, Inc. and Isaac Larian to immediately (1) produce
5 all documents they have improperly withheld under a claim of privilege, either in
6 their entirety or in redacted form, and (2) provide amended privilege logs for any
7 documents or portions of documents they continue to withhold on a claim of
8 privilege to enable Mattel to assess their privilege claims and, if necessary, engage
9 in follow-up motion practice to obtain compliance. This Motion shall be heard by
10 the Honorable Edward Infante, Discovery Master, on February 8, 2007, at 9:30 a.m.,
11 or at another date and time set by Judge Infante.

12 | This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 26
13 and 37 on the grounds that MGA and Isaac Larian are withholding non-privileged
14 information that is relevant to Mattel's claims because MGA and Isaac Larian have,
15 as a consistent practice, improperly withheld documents in their entirety whenever
16 they allegedly contain some privileged information.

17 | This Motion is based on this Notice of Motion and Motion, the
18 accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan
19 Proctor filed concurrently herewith, the records and files of this Court, and all other
20 matters of which the Court may take judicial notice.

21 | **Statement of Rule 37-1 Compliance**

22 | The parties met and conferred on December 17, 2007, and times
23 thereafter, regarding the issues set forth in this motion.

24 | DATED: January 21, 2008     QUINN EMANUEL URQUHART OLIVER &
25      HEDGES, LLP

26 |      By  _B. Dylan Proctor /2DK_
27      B. Dylan Proctor
     Attorneys for Plaintiff
28      Mattel, Inc.

1          Case No. CV 04-9049 SGL (RNBx)
MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY
PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

EXHIBIT __15__

PAGE __312__

1           **MEMORANDUM OF POINTS AND AUTHORITIES**

2                   **Preliminary Statement**

3         For months, MGA took the position that it could withhold *entire*

4 documents because *portions* contained privileged communications.  Recognizing the

5 indefensibility of that position, MGA's new counsel has agreed to "produce in

6 redacted form any documents which we determine are capable of being redacted

7 without revealing privileged information" and also to prepare revised privilege logs.[1]

8 But MGA's newfound respect for this bedrock discovery obligation has turned out to

9 be illusory.  Once MGA finally agreed to correct its deficient logs in late December,

10 Mattel made the reasonable request that, given the approaching January 28, 2008 cut-

11 off date for Phase I discovery, MGA should make its belated production of the

12 redacted documents and revised privilege logs promptly.  MGA declined to so agree

13 and has been unwilling to make any commitment as to when the revised privilege

14 logs will be provided.  MGA also declined to enter into a stipulation to permit Mattel

15 to undertake necessary follow-up discovery, and to allow Mattel to assess MGA's

16 privilege claims, after properly revised logs are received and the redacted documents

17 are produced.[2]

18         Thus, MGA seeks to benefit from its delay by making production either

19 so close to or even after the January 28 cut-off that Mattel could be denied any

20 ———————————————————

21    [1]  Dec. 24, 2007 letter from Jose Allen to B.D. Proctor, attached at Exhibit 4 to
the concurrently filed Declaration of B. Dylan Proctor ("Proctor Decl.").

22    [2]  Mattel proposed to address the problem of MGA's delays and the looming

23 discovery cut-off by asking MGA to stipulate that any necessary follow-up relating to
the revised privilege logs and redacted documents could occur after the cut-off date.

24 But MGA, continuing its pattern of obduracy, refused on the grounds that "it is

25 important to bring the [discovery] process to a close and focus attention on the trial of
the case." Jan. 7, 2008 letter from J. Allen to B.D. Proctor, at 1 (Proctor Decl., Ex. 7).

26 Of course, if that were MGA's concern, it would have produced these documents --

27 which the Discovery Master has already compelled in prior Orders -- in properly
redacted form and provided its corrected privilege logs long ago.

28

EXHIBIT 5

PAGE 313

1  meaningful opportunity for relief. Mattel, in other words, would be left with only
2  MGA's word -- left with the blind hope that when MGA eventually produces its
3  withheld documents in redacted form it will do so properly, withholding only
4  information that truly is privileged. That is untenable. Accordingly, Mattel is left
5  with no option other than to file the instant motion to compel MGA to produce the
6  documents and redacted documents and amended privilege logs that, as MGA now
7  concedes, it should have produced long ago.

8  ## Statement of Facts

9  Mattel will not burden the Discovery Master with a lengthy description
10  of MGA's unjustified delay in producing privilege logs. This Court is already
11  familiar with that saga, having found that "the privilege logs submitted by MGA are
12  untimely" and expressed "disappoint[ment] [] in the way discovery has been
13  produced" by MGA.[3]

14  Unfortunately, the supplemental privilege logs that MGA finally
15  produced in August and September 2007 had numerous deficiencies.[4]  Most
16  significantly, MGA's prior counsel had taken the position that documents which
17  contained *any* privileged material could be withheld in their entirety rather than
18  produced in redacted form.[5]  The parties engaged in a lengthy meet-and-confer
19  process aimed at resolving the various inadequacies in MGA's logs.[6] Although MGA
20  initially opposed any substantial revision to the logs, it eventually conceded that its

21

22  [3] Tr. of Dec. 14, 2007 Hearing, at 27:24-25, 28:11-12 (Proctor Decl., Ex. 13).
23  [4] *See* MGA's Supplemental Privilege Log, dated August 14, 2007 ("August Log")
24  (Proctor Decl., Ex. 14); MGA's Supplemental Privilege Log, dated September 5, 2007 ("September Log") (Proctor Decl., Ex. 15).
25  [5] Proctor Decl. ¶ 2.
26  [6] *See* Dec. 7, 2007 letter from B.D. Proctor to T. Miller & M. Mumford (Proctor Decl., Ex. 1); Dec. 7, 2007 letter from R. Herrington to B.D. Proctor (Proctor Decl.,
27  Ex. 2); Dec. 21, 2007 letter from B.D. Proctor to J. Allen & R. Herrington (Proctor
28  Decl., Ex. 3).

19/2353488.4

EXHIBIT

PAGE

1   prior approach regarding the logs was problematic and agreed to (1) "conduct a
2   review of all the documents listed on those logs" and (2) produce those documents
3   which include non-privileged information, either in their entirety or in redacted form.[7]
4   Additionally, MGA agreed to update the logs, where necessary, with more detailed
5   descriptions to provide a sufficient basis for the claim of privilege.[8]   As MGA
6   acknowledged, the current descriptions are generally conclusory.[9]

7       On January 2, 2008, MGA indicated that these long overdue steps would
8   take approximately three weeks to complete.[10]   Given the fast-approaching January
9   28, 2008 cut-off date for Phase I discovery, Mattel proposed that the parties enter into
10  a stipulation that would allow any necessary follow-up regarding the revised logs,
11  including motion practice if necessary, to occur after the close of phase I discovery
12  (whether the entries or documents related to Phase I or II of this litigation).[11]

13      However, on January 7, 2008 MGA rejected Mattel's proposed
14  stipulation, stating that "it is important to bring the process to a close and focus
15  attention on the trial of the case."[12]   Thus, MGA proposed that Mattel should simply
16  accept whatever MGA decides to give Mattel when MGA finally corrects its logs and
17  produces documents in redacted form, whether it does so properly or not.
18  Additionally, retreating from its initial estimate, MGA claimed that rectifying the
19  deficiencies in its logs would "take considerably more time" than the three weeks it
20  had previously suggested.[13]   To this date, MGA has not stated when it will fulfill its
21  obligations to provide revised supplemental logs and produce documents, either in

22

23  [7]   *See* Dec. 24, 2007 letter from J. Allen to B.D. Proctor (Proctor Decl., Ex. 4).
    [8]   *See id.*
24  [9]   Proctor Decl. ¶ 4.
25  [10]  *See* Jan. 2, 2008 letter from B.D. Proctor to J. Allen (Proctor Decl., Ex. 6).
    [11]  *See* Dec. 27, 2007 letter from B.D. Proctor to J. Allen & R. Herrington
26  (Proctor Decl., Ex. 5).
27  [12]  Jan. 7, 2008 letter from J. Allen to B.D. Proctor, at 1 (Proctor Decl., Ex. 7).
    [13]  *See id.*
28

-3-

EXHIBIT ___5___

PAGE ___3/5___

1  full or in redacted form, that were improperly withheld as privileged.  Nor, to this
2  date, has MGA produced *any* of the improperly withheld documents in redacted form
3  (or in their entirety), notwithstanding its commitment to provide the documents and
4  amendments to its logs on a rolling basis to enable Mattel to assess its claims of
5  privilege.[14]  MGA is attempting to prejudice Mattel's ability to obtain non-privileged
6  information contained in the many, many thousands of documents it has withheld in
7  their entirety on privilege grounds.

8              Moreover, MGA's new counsel's initial representations to Mattel about
9  their claimed practice of producing documents in redacted form have turned out to be
10  incorrect.   When Mattel first broached this issue with MGA's new counsel, they
11  explained that, unlike MGA's prior counsel, they recognized the obligation to produce
12  non-privileged portions of documents and have done so in the productions and logs
13  they have provided.[15]  However, a review of the only substantial log produced by new
14  counsel to date -- a log produced on November 15, 2007, which purports to relate to
15  MGA's October 17 and 19, 2007 productions -- shows that MGA's new counsel has
16  substantially continued prior counsel's improper practice.[16]  In fact, MGA confirmed
17  for the first time on January 18, 2007, that it has withheld the *entirety* of each and
18  every document listed in the 3,427 entries on that log.[17]  Only after Mattel explained
19  that it had never received any other log relating to documents produced in redacted
20  form from these productions, and that Mattel intended to move to compel, did MGA
21  belatedly send a letter, on January 18, 2007, stating it was producing a "redactions

22
23
24

---

25  [14]  *See* Proctor Decl. ¶ 5.
26  [15]  *See* Dec. 24, 2007 letter from J. Allen to B.D. Proctor (Proctor Decl., Ex. 4).
   [16]  *See* Privilege Log for MGA's October 17 and October 19, 2007 Document
27  Productions ("October Log"), dated November 15, 2007 (Proctor Decl., Ex. 16).
   [17]  *See* Proctor Decl. ¶ 9.
28

1  log" relating to the October 17 and 19 productions.[18]  Mattel has not yet received that
2  log.[19]  Further, Mr. Larian's recently produced log appears prepared on the same basis
3  -- all the entries appear to have been withheld in their entirety.[20]

### Argument

5      The rule that documents privileged in part must be produced in redacted
6  form (rather than withheld entirely) is so well-settled that it barely requires citation.
7  *See, e.g., Linder v. National Security Agency*, 94 F.3d 693, 698 (D.C. Cir. 1996)
8  ("redaction may often be a proper and feasible technique in cases involving
9  privileged documents"); *Jesco Constr. Corp. v. Nationsbank Corp.*, No. 98-1657,
10  2000 WL 739297, at *3 (E.D. La. June 7, 2000) (ordering any privileged portions
11  "should be blacked-out, however no pages are to be withheld in their entirety");
12  *Leach v. Quality Health Servs.*, 162 F.R.D. 499, 502 (E.D. Pa. 1995) ("the Law Firm
13  should produce its actual billing records, but should redact any privileged information
14  appearing therein"); *Reich v. Local 1, American Postal Workers Union, AFL-CIO*,
15  No. 93 C 5167, 1994 WL 33971, *3 (N.D. Ill. Feb. 4, 1994) ("to the extent that
16  documents can be redacted to omit potentially compromising information, the
17  Secretary is directed to produce these documents"); *G-69 v. Degnan*, 130 F.R.D. 326,
18  328 (D.N.J. 1990) (discussing court's order that "redacted copies of [allegedly
19  privileged] documents shall be furnished to plaintiffs' counsel to the extent that such
20  redactions of privileged information are feasible").

21

22  [18]  *See* Jan. 18 letter from A. Park to B.D. Proctor (Proctor Decl., Ex. 9); *see also*
23  Proctor Decl. ¶ 13.
   [19]  *See* Proctor Decl. ¶ 9.
24  [20]  *See* Larian Privilege Log, dated January 15, 2008, Proctor Decl., Ex. 17.
25  Mattel is also concerned that it has not yet received all of the privilege logs the Court
   has compelled MGA to produce. Mattel is continuing the meet and confer process in
26  an effort to resolve this matter without burdening the Court with further motion
27  practice. *See* Jan. 19, 2008 letter from B.D. Proctor to A. Park (Proctor Decl., Ex.
   10).
28

09/2353488.4

1          MGA nonetheless initially took the remarkable position that documents
2  containing both privileged and non-privileged matter may be withheld in their
3  entirety. Although MGA's new counsel recently conceded that MGA's position was
4  not defensible, it has refused to provide a date certain for MGA's belated production
5  of these documents (and revised privilege logs) or to stipulate that any follow-up
6  discovery concerning these documents can be conducted. It would be unfair to allow
7  MGA's delay in fulfilling its plain discovery obligations to prejudice Mattel,
8  especially given the lack of merit to MGA's prior position, its poor track record on
9  discovery matters generally and its past improper conduct with respect to the logs
10  specifically.[21]

11          Further, although it has nominally abandoned it, MGA's new counsel
12  appears nonetheless to be standing by former counsel's concededly improper position
13  that MGA can withhold the entirety of documents. In the one substantial new log
14  MGA's new counsel has produced, MGA has withheld 3,427 documents in their
15  entirety, a great many of which are communications between non-lawyers.[22]
16  Moreover, MGA's new counsel recently confirmed that MGA intends to withhold the
17  entirety of numerous documents which clearly must contain some non-privileged
18  information.

19

20

21

22  [21]  *See, e.g.,* Dec. 14, 2007 Hearing, at 28:11-12 (Proctor Decl., Ex. 13) ("I am not satisfied, and indeed I'm disappointed, in the way discovery has been produced").
23  [22]  *See, e.g.,* October Log No. 267, at 19 (email between Isaac Larian and his
24  assistant) (Proctor Decl., Ex. 16); *see also* October Log Nos. 3, 8, 39, 71, 104, 134, 135, 175, 261, 539, 546, 824, 1036, 1046, 1047, 1068, 1123, 1124, 1406, 1462, 1463,
25  1466, 1467, 1481, 1506, 1514, 1780, 1781, 1782, 1784, 1941, 1942, 2063, 2073,
    2074, 2090, 2101, 2117, 2256, 2259, 2260, 2262, 2263, 2267, 2269, 2271, 2274,
26  2672, 2677, 2694, 2724, 2728, 2732, 2761, 2765, 2772, 2775, 2786, 2787, 2802,
27  2807, 2814, 2815, 2830, 2833, 2845, 2848, 2849, 2851, 2852, 2853, 3213, 3299,
28  3332, 2226, 2227, 2240, 3360, 3367, 3368 (Proctor Decl., Ex. 16).

1     For example, MGA recently confirmed, after discussion, that it will not

2   produce the document associated with August log entry 1058 even in redacted form.[23]

3   Entry 1058 is listed as an email "conveying legal advice received from counsel

4   regarding trademark use and registration for Prayer Angels," sent by Kerri Legg to

5   Paula Treantafelles and Isaac Larian -- none of whom is an attorney -- on August 18,

6   2000.[24]   While an email that is not sent to or from counsel certainly can contain some

7   privileged information, it is unlikely that the entirety of such a non-lawyer

8   communication will be privileged.   While on the one hand promising to produce

9   documents in redacted form as it recognizes it must, MGA steadfastly refuses to do

10   so as to this non-lawyer communication, and many others.[25]

11     To take another example, MGA has confirmed, after discussion, that it

12   will not produce the document associated with entry number 2857 on its September

13   log even in redacted form.[26]   The log describes this document as an email sent by

14   Lucy Arant, MGA's trademark prosecution lawyer at the time, to Kerri Legg, an

15   MGA employee, on August 17, 2000, "containing attorney-client communications

16   made for the purpose of rendering legal advice regarding potential US trademark

17   registration."[27]   While this is at least an attorney-client communication, and may

18   contain some privileged communications, MGA improperly refuses to even disclose

19   what "potential US trademark" the communications relate to.   Identifying the subject

20

21     [23]   *See* Proctor Decl. ¶ 10.

22     [24]   *See* August Log No. 1058, at 197 (Proctor Decl., Ex. 14).

23     [25]   *See* Proctor Decl. ¶ 10.   August Log Nos. 914, 916, and 931 represent some of

24   the other communications between non-lawyer MGA employees which, upon
reflection, MGA continues to refuse to produce even in redacted form. *See id.*;

25   August Log Nos. 914, 916, and 93, at 174, 176 (Proctor Decl., Ex. 14.) (Two of these
entries reflect that they were sent to "Dennis Medici, Esq." However, Mr. Medici is

26   and was not an attorney, as MGA has acknowledged. Proctor Decl. ¶ 10.)

27     [26]   Proctor Decl. ¶ 10.

28     [27]   *See* September Log No. 2857, at 374 (Proctor Decl., Ex. 15).

1  matter of the communication -- the mark at issue -- is obviously not privileged.
2  Given that MGA denies ever having even heard of Carter Bryant or Bratz before
3  September 1, 2000,[28] the name of the mark at issue in this communication could be
4  highly relevant, as it could further evidence that MGA was working on Bratz in
5  August 2000.  MGA is improperly concealing this information.  (The same is true of
6  numerous other entries in MGA's logs as well.  For example, entry 434 in MGA's
7  August log lists a "letter message for purposes of rendering legal advice regarding
8  trademark filing in US" that was sent by Alan Rose, one of MGA's intellectual
9  property prosecution lawyers, to Isaac Larian on August 28, *1998*.  MGA was willing
10  to confirm the accuracy of that date, but will not disclose what mark was discussed.[29])

11      The Discovery Master should order MGA to immediately produce all
12  non-privileged information in the documents it has withheld, along with amended
13  logs with adequate, non-conclusory descriptions.  Doing so will ensure that Mattel
14  will have an opportunity to review these important materials, assess MGA's ongoing
15  privilege claims and, if necessary, seek judicial intervention to obtain compliance if
16  MGA still does not produce all non-privileged information in its withheld documents
17  as required.  Absent relief, Mattel will be unfairly prejudiced by MGA's ongoing
18  gamesmanship regarding its privilege logs.

19
20
21
22
.23
24
25

26  [28]  *See* Isaac Larian Depo. Tr. 66:5-67:14 (Proctor Decl., Ex. 11); Paula Garcia
27  Depo Tr. 186:2-21 (Proctor Decl., Ex. 12).
28  [29]  *See* Proctor Decl. ¶ 10; August Log. No. 434, at 83 (Proctor Decl., Ex. 14).

9/2353488.4

EXHIBIT 5

PAGE 322

## Conclusion

For the foregoing reasons, Mattel respectfully requests that the Court order MGA and Larian to immediately (1) produce all documents they have improperly withheld under a claim of privilege, either in their entirety or in redacted form, and (2) provide amended privilege logs for any documents or portions of documents they continue to withhold on a claim of privilege to enable Mattel to assess their privilege claims and, if necessary, engage in follow-up motion practice to obtain compliance.

DATED: January 21, 2008

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By B. Dylan Proctor / 2DK

B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

9/2353488.4

MATTEL'S MOTION TO COMPEL PRODUCTION OF PREVIOUSLY WITHHELD DOCUMENTS ONLY PORTIONS OF WHICH ARE ALLEGEDLY PRIVILEGED

EXHIBIT 15

PAGE 32

# EXHIBIT 16

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

December 7, 2007

<u>VIA FACSIMILE AND ELECTRONIC MAIL</u>
**(888) 329-1836 & (213) 687-5600**

Timothy A. Miller, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94301

Marcus R. Mumford, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, California 90071

Re:     Mattel, Inc. v. Bryant

Dear Messrs. Miller and Mumford:

I write pursuant to section 5 of the Discovery Master Stipulation to request that MGA meet and
confer regarding the two supplemental privilege logs MGA produced on August 14, 2007 and
September 5, 2007. Those logs contain significant deficiencies and lack basic information
necessary for Mattel to assess the applicability of the claimed privilege as required by Fed. R.
Civ. P. 26(b)(5).

First, a number of entries do not include a date, including several documents that are described as
"email messages" for which a date should generally be available. See, e.g., August Log Nos. 89,
135, 218, 232, 389, 390, 393, 394, 407, 411; September Log Nos. 76, 121, 250, 251, 266, 273,
308, 501-505, 701, 703, 1660-1671, 2856. Also, August Log No. 340 and September Log Nos.
139, 506-508, list invalid dates. MGA should provide an accurate date for all documents for
which a date is ascertainable.

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2315866.1

EXHIBIT _____16_____

PAGE _____322_____

Second, a significant number of entries appear not to involve counsel. At least 90 entries in the supplemental logs do not appear to have any attorney listed in the "to," "from," or "cc" fields.[1] Although many of these documents include descriptions such as "email forwarding attorney-client communications for the purpose of rendering legal advice," see, e.g., August Log No. 716, these documents still should be produced. To the extent privileged information is included in parts of the email chain, that information should be redacted and the rest of the email produced. Indeed, MGA has agreed that it cannot withhold the entirety of a document on the basis of privilege unless the entire document is privileged, and MGA has agreed to produce redacted versions of documents listed on the its 2005 privilege log. MGA should do the same here with respect any documents that are not privileged in their entirety, whether they involve counsel or not. Indeed, Judge Infante has already held that the mere fact that a lawyer forwards an email, for example, does not render its contents privileged.

Third, there are many individuals listed as senders and/or recipients of allegedly privileged communications without any information provided as to the identity of the individuals. Attached is a list of individuals listed in the logs for which no identifying information was provided. Please identify each of the individuals on the attached list by stating (1) whether they are an attorney and (2) whether they are employed by MGA and, if not, by whom they are employed.

Fourth, a number of documents are withheld on the basis of attorney-client privilege but do not list both a sender and a recipient. See, e.g., August Log Nos. 11, 13, 34, 64, 80, 130 (listing no sender or recipient), 501, 571, 653; September Log Nos. 2122, 2825. Likewise, other documents have the same individual listed as both the sender and recipient. See, e.g., September Log Nos. 58, 181. A necessary element of the attorney-client communication privilege is that the document at issue in fact be a communication. MGA should explain its basis for claiming attorney-client privilege for documents that do not appear to be communications.

Fifth, the logs do not state whether the listed documents include attachments and, if so, whether such attachments have been produced or are also being withheld on the basis of privilege. This is a serious defect. All attachments to privileged documents must appear as a separate entry on a privilege log if the attachments are independently privileged, and must be produced if the attachments are not privileged. See O'Connor v. Boeing N. Am., Inc., 185 F.R.D. 272, 280 (C.D. Cal. 1999); Mold-Masters Ltd. v. Hold Injection Molding Sys. Ltd., 2001 WL 1558303, at *3 (N.D. Ill. 2001). It is not clear from the few entries that do reference attachments whether the attachments were produced or were withheld as privileged and entered separately on the logs. For example, August Log No. 663 is described as an email "attaching prior emails between counsel and client seeking and providing legal advice." MGA should identify whether those

---

[1]    See, e.g., August Log Nos. 64, 130, 521, 601, 621, 622, 623, 651, 664, 669, 696, 697, 699, 716, 733, 735, 764, 773, 775, 777, 790, 852, 853, 854, 855, 856, 857, 864, 865, 866, 867, 872, 874, 883, 898, 900, 912, 913, 931, 933, 934, 960, 961, 962, 963, 965, 966, 967, 968, 980, 981, 982, 983, 985, 990, 1037, 1040, 1042, 1043, 1047, 1055, 1056, 1057, 1058, 1062, 1070, 1082, 1083, 1084, 1088, 1089, 1090, 1091, 1095, 1097, 1098, 1101, 1105, 1110, 1112, 1113 and 1115; September Log Nos. 183, 184, 185, 186, 577, 597, 740, and 2868.

EXHIBIT __16__

PAGE __323__

attached emails were produced or where on the privilege logs those attached emails are listed. As another example, August Log No. 35 states that is a letter "enclosing draft trademark applications." MGA should identify whether those draft trademark applications were produced or were withheld as privileged and entered separately on the logs. In our view, this issue applies to every entry on the log. It simply is not clear whether the listed documents contain attachments or do not.

Sixth, numerous descriptions in the logs suggest that multiple documents have been included within each entry. See, e.g., September Log Nos. 497, 500, 525-534, 1037-1039, 1042, 1066, 1067, 1076, 1078, 1079, 1097, 1102, 1004, 1114, 1117, 1119, 1127, 1395, 1470, 2631-2640, 2644, 2655-2673, 2684-2694, 2731, 2732, 2733, 2737-2744, 2777, 2778, 2784. However, each individual document withheld under a claim of privilege should be described by separate entry so that Mattel can assess the claims of privilege.

Seventh, the descriptions provided for documents regarding trademark or other intellectual property matters are too broad and/or vague for Mattel to determine the nature of the communication. Some intellectual property communications with counsel are not privileged. For example, trademark or other intellectual property search results are not privileged, even if sent from an attorney to the attorney's client. See, e.g., CytoSport, Inc. v. Nature's Best, Inc., 2007 WL 1040993 (E.D. Cal. 2007); Fisons, Ltd. v. Capability Brown, Ltd., 209 U.S.P.Q. 167 (T.T.A.B. 1980); Miles Lab., Inc. v. Instrumentation Lab., Inc., 185 U.S.P.Q. 432 (T.T.A.B. 1975); Goodyear Tire & Rubber Co. v. Tyrco Indus., 186 U.S.P.Q. 207 (T.T.A.B. 1975); Amerace Corp. v. USM Corp., 183 U.S.P.Q. 506 (T.T.A.B. 1974).

Moreover, a number of documents listed on the logs appear to consist of the provision of information by MGA to attorneys for the purpose of trademark or other intellectual property filings. The transmission of such documentary information for use in public filings is not privileged. See, e.g., U.S. v. Frederick, 182 F.3d 496, 500-02 (7th Cir. 1999) (documents provided for tax filings not privileged); U.S. v. White, 950 F.2d 426, 430 (7th Cir. 1991) (documents provided to attorney to be disclosed in bankruptcy filings not privileged); Jack Winter v. Koratron, 50 F.R.D. 225 (N.D. Cal. 1970) (factual information conveyed for patent applications not privileged). MGA should produce all documents that constitute intellectual property search results or information transmitted to attorneys to include it in intellectual property filings or applications. Please confirm that such documents will be produced and that none of those documents withheld as privileged contain either intellectual property search results or the transmittal of information for the purpose of inclusion in an intellectual property filing or application.

Eighth, a number of documents are identified as containing the handwritten notes of an attorney. See, e.g., August Log Nos. 483, 520, 521, 563, 601, 621, 622, 623; September Log Nos. 181, 264, 608-611. However, many of the documents described as containing attorney notes do not appear to have been prepared in the anticipation of litigation. To the extent attorney notes were prepared in anticipation of litigation and properly constitute work product, the documents should at least be produced with any protected notes redacted.

3

EXHIBIT __16__

PAGE __324__

Ninth, several entries include incomplete information. For example, August Log No. 791 includes an individual identified only as "Stephen" in the "cc" field. August Log No. 521 does not identify any author, sender or recipient and does not even note the privilege claimed. Over one hundred entries on the September log alone appear to have incomplete lists of senders and recipients.[2] Sometimes, only a first or last name is listed, other times only what appear to be email nicknames. September Log No. 1822, for example, describes an email as being sent to "Mitch," while Nos. 1357 and 1358 are described as emails to a "legal temp." In numerous other entries the lists of recipients appears to have been truncated.[3] A complete list of every sender and recipient is required.

Further, many of the descriptions lack other crucial information. For example, August Log No. 601 is described as a "draft settlement agreement with attorney handwritten notes," but does not list an author of the notes. Similarly, August Log Nos. 621 and 622 are described as a "draft license agreement revision with attorney handwritten notes," but do not list an author of the notes. Finally, numerous entries do not indicate the type of document being withheld. See, e.g., September Log Nos. 729-731, 735, 736, 739, 746, 749, 1206, 1218, 2183. Please confirm that MGA will provide complete information for all of the entries on its logs.

Tenth, a number of documents appear to be clearly non-privileged based on the information provided in MGA's logs. For example, August Log No. 563 is described as an email message from Beth Cahill to Steve Stanley, who is identified as an employee of a third party, Disguise, Inc. That email is not privileged. Similarly, August Log No. 483 states that the document was sent to the Turkish Patent Institute. Numerous other entries describe communications with outside parties, including various corporations and trademark, patent and other government agencies. See, e.g., 788, 890, 1369, 1522, 2012. 2013, 2015, 2016, 2274, 2291, 2293, 2295,

---

[2]  See, e.g., September Log Nos. 1005, 1008, 1071, 1077, 1080, 1081, 1082, 1085, 1086, 1260, 1324-1327, 1331, 1357, 1358, 1365-1368, 1381-82, 1448, 1544, 1545, 1594-1598, 1624-1630, 1643-1645, 1647-1649, 1698, 1724, 1728-1731, 1733, 1737, 1738, 1741, 1742, 1781, 1785, 1786, 1801, 1804, 1805, 1815, 1822, 1830, 1833-1837, 2054, 2055, 2081, 2091, 2095, 2113, 2114, 2116,218-2121, 2124, 2142, 2181, 2548, 2551, 2556, 2561, 2572, 2573, 2575, 2576, 2577, 2579, 2582-85, 2586, 2587, 2588, 2589, 2594-96, 2599-2606, 2609-2612, 2614-2617, 2681, and 2798

[3]  See, e.g., September Log Nos. 71, 83, 110, 233, 234, 235, 240-250, 472, 479-481, 483, 496, 499, 537, 541, 555, 556, 561-53, 626, 650, 651, 655, 656, 658-60, 662-664, 666-667,669, 671, 673-677, 685-88, 691, 725, 726, 733, 737, 745, 751, 752, 776, 883, 887, 889, 1023, 1044,1119, 1130, 1146, 1157, 1167, 1176, 1179, 1190, 1192, 1193, 1195, 1196, 1197, 1292, 1309-1311, 1315, 1332, 1336, 1340, 1384, 1385, 1402, 1405-1408, 1420, 1468, 1474, 1493, 1495, 1673, 1674, 1684, 1745, 1765, 1813, 1824, 1826, 1827, 1835, 1898, 1899, 1916, 1959, 2012, 2015, 2016, 2021, 2056, 2066, 2070, 2110, 2124, 2142, 2169, 2192, 2194, 2195, 2196, 2207, 2278, 2308, 2347, 2374, 2430, 2431, 2436, 2452, 2485, 2486, 2489, 2490, 2502, 2504, 2505, 2406, 2508, 2510, 2511, 2515, 2516. 2520, 2521, 2522, 2523, 2569, 2573, 2574, 2597, 2599, 2600, 2601, 2640, 2644, 2654, 2657, 2659, 2660, 2661, 2662, 2663, 2666, 2667, 2668, 2675, 2676, 2711, 2716, 2720, 2741, 2777, 2799, 2806, 2860-2865.

EXHIBIT __14__

PAGE __325__

2326, 2518, 2519.  Other entries appear to describe categories of documents which are not generally privileged, such a telephone logs or billing information.  See, e.g., September Log Nos. 170, 197, 205, 1152, 1153, 1197, 2360.

Eleventh, certain documents have been withheld based on the assertion of the work-product privilege.  See, e.g., September Log Nos. 2185, 2189, 2190.  However, the descriptions for many of these documents offer no basis to judge whether the documents were made in anticipation of litigation.  For example, September Log No. 2185 is merely described as an email "conveying legal analysis regarding Bratz trademark applications."  This problem is compounded by the fact that the exact same description is used for documents where the work-product privilege is not being asserted.  See, e.g., September Log No. 2188.  MGA should clarify its basis for claiming the work-product privilege for documents that do not have any indication they were prepared in anticipation of litigation.

The examples cited above are merely illustrative.  MGA should undertake a comprehensive review of its logs to correct these and other deficiencies, and to provide Mattel with the information to which it is entitled.

Please let us know when MGA is available to meet and confer within the time required by the Discovery Master Stipulation.  Should the parties be unable to reach resolution on these issues, Mattel anticipates filing a motion to compel MGA to disclose complete information in connection with its logs to allow Mattel and the Court to ascertain the propriety of MGA's privilege assertions and to compel the production of withheld documents.  Mattel also may seek sanctions.

I look forward to hearing from you.


Very truly yours,


B. Dylan Proctor

BDP:BBS
07209/2315866.1

cc:     David Jin, Esq. (by electronic mail only)


07209/2315866.1                                          5

EXHIBIT _____ 14

PAGE _____ 326

# EXHIBIT 17

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

December 21, 2007

**VIA FACSIMILE & U.S. MAIL**

Mr. Jose Allen, Esq.                      Mr. Robert Herrington, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP  Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800          300 South Grand Avenue
San Francisco, CA 94111                   Los Angeles, CA 90071

Re:     Mattel, Inc. v. Bryant, et al.

Dear Jose and Robert:

I write further to our meet and confers of December 17 and 20, 2007, regarding the parties' privilege logs and the production of redacted documents.

First, as you know, MGA's prior counsel took the position that a document containing any privilege material—even a single sentence—should be withheld in its entirety rather than produced in redacted form. You acknowledged that this is a problem regarding the August and September 2007 logs produced by MGA, and stated you were attempting to develop a proposal for how to handle it. I stated Mattel's view that MGA should re-review all the documents it has withheld on privilege grounds and produce them in redacted form, with updated, and more detailed, privilege log descriptions. I look forward to your proposed resolution, which you said you would provide on Monday, December 24, 2007.

Second, you agreed that you would provide us with a proposal (although you did not commit to provide this by Monday) aimed at resolving several other issues in MGA's privilege logs, including whether MGA will produce all non-privileged material and factual information, including:

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-7000 FAX 858-812-3336

EXHIBIT 17

PAGE 327

- trademark search results (whether conveyed in an attorney-client communication or otherwise),

- dates of first use of trademarks or names,

- internal "docket sheets" reflecting factual information,

- any other factual information conveyed to counsel for disclosure or possible disclosure to government agencies, and

- fax cover sheets and other attorney-client communications that do not reveal or disclose the substance of a client's confidential communication or an attorney's legal advice in response to the same.

Additionally, you agreed to respond to our concern that many of the descriptions on the logs are too broad/and or vague to allow Mattel to determine the nature of the communication. This is especially a problem for documents regarding trademark or other intellectual property matters because, as we discussed (and the Court has found), not all communications between attorney in client in this arena are privileged.

Further, you agreed to respond to the balance of the matters set forth in our letter requesting a conference of counsel, including Mattel's concerns that certain documents appear to have been disclosed to outside parties, and are not privileged, certain documents describe categories of documents which are not privileged, such as telephone logs or billing information, etc. I note in this regard that you confirmed MGA would likely be producing at least some documents it has withheld on privilege grounds in their entirety because the privilege assertion made by prior counsel was not correct.

Third, you agreed to provide us with a list of MGA's counsel and to identify those individuals listed in our December 7, 2007 letter, including by stating whether they are MGA employees or not. Mattel agreed to the same, and we await your list of individuals which require further identification, which Mr. Herrington agreed to provide.

Fourth, both parties agreed that communications with attachments or multiple documents should be logged as separate entries. The parties also mutually agreed to review the entries on the logs that have been identified and confirm or correct, as needed, the name and date information.

Fifth, we discussed MGA's expressed concerns about certain categories of documents on Mattel's privilege logs. As we discussed, some of these issues were previously raised and resolved with MGA's prior counsel. As discussed, my partner Timothy Alger will provide further details on these issues.

Finally, we agreed to review entries listed in your December 13, 2007 letter, and to respond to MGA's concerns over the appropriate scope of those redactions. We agreed we would discuss this issue further on Thursday, December 27, 2007, at 3:00 p.m.

2

EXHIBIT ___*A*___

PAGE ___*32*___

We look forward to receiving MGA's proposals on the issues set forth above.  I remain hopeful
that we can resolve many of these issues, if not all, without the need for judicial intervention.

Very truly yours,

B. Dylan Proctor

BDP:ZDK
07209/2335132.1

3

EXHIBIT _17_

PAGE _329_

# **EXHIBIT 18**

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400
FAX: (415) 984-2698
www.skadden.com

DIRECT DIAL
(415) 984-5442
DIRECT FAX
(888) 329-1260
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

December 24, 2007

Via Email and Facsimile

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

RE:   *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx)
      (consolidated with Cases Nos. CV 04-09059 and CV 05-02727)

Dear Mr. Proctor:

I write in furtherance of our ongoing meet and confer discussions of December 17 and 20, 2007, and in response to your letter dated December 21, 2007, regarding the parties' privilege logs in this case.

During our telephone conversation on December 20 I told you that I would get back to you today with a proposal to address the concerns you raised with regard to the treatment of documents in the August and September 2007 privilege logs where only portions of documents are privileged. Without adopting your characterization of our conversation, it suffices to say that we have decided to conduct a review of all the documents listed on those logs and to prepare revised logs. We will also produce in redacted form any documents which we determine are capable of being redacted without revealing privileged information. Where appropriate, we will also provide revised descriptions where doing so will not result in divulging privileged information or compromise any privilege.

Our willingness to undertake this burdensome task is expressly conditioned on your representation that Mattel has treated or will treat in the same fashion documents that appear on its current and future privilege logs. Please confirm for me that, with respect to documents listed on Mattel's privilege log, Mattel has produced in redacted form all documents that contain unprivileged

EXHIBIT ___18___

PAGE ___330___

B. Dylan Proctor, Esq.
December 24, 2007
Page 2

information and will provide detailed descriptions for any vague entries on its log. In addition, please confirm that you will adhere to this practice in all logs that you produce in the future.

      With respect to the balance of the issues raised in your letter of December 21 that we have not already resolved, I will be prepared to address them during our follow-on meet and confer conference on Thursday, December 27, 2007 at 3:00 P.M., and I expect that you will be prepared to address any open issues relating to your log at the same time.

Very truly yours,

José R. Allen

cc:    Robert Herrington, Esq.

EXHIBIT _18_

PAGE _331_

# EXHIBIT 19

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
**(213) 443-3112**

WRITER'S INTERNET ADDRESS
**dylanproctor@quinnemanuel.com**

January 2, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Jose Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:    Mattel, Inc. v. Bryant, et al.

Dear Jose:

I write further to today's meet and confer regarding MGA's privilege logs.

As previously discussed, you have agreed to (1) review the documents on MGA's supplemental
privilege logs and produce any documents that include non-privileged information, either in their
entirety or in redacted form, and (2) update the privilege logs with more detailed information
where it is appropriate to do so. During today's conference, you indicated that this process
would likely take three weeks to be completed. Three weeks brings us very near the close of
Phase 1 discovery in this case.

As you know, our proposal that the parties enter into a stipulation to allow any necessary follow-
up relating to these privilege logs (including motion practice if necessary) to occur after the close
of Phase 1 discovery (whether the entries relate to Phase 1, Phase 2 or both) remains outstanding.
In our view, such a stipulation would permit the parties to attempt to resolve as many of their
differences as possible informally, without unnecessarily burdening the Court.

Second, our proposal that the parties enter into a separate stipulation which would preclude using
any revised and/or expanded privilege logs descriptions as the basis for arguing waiver of the
attorney client or work-product privileges also remains outstanding. Allowing more full,

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
SAN DIEGO | 4445 Eastgate Mall, Suite 200, San Diego, California 92121 | TEL 858-812-7100 FAX 858-812-3336

EXHIBIT 19

PAGE 332

accurate descriptions without fear of waiver could enable other parties to intelligently assess
whether a document truly is privileged, and would likely limit the number of issues that need to
be addressed to the Court.

Third, Mattel has requested that MGA provide the documents it will be producing or producing
in redacted form and its updated logs on a rolling basis, rather than all at once in three weeks'
time, to enable Mattel to review the information on a rolling basis as well. You stated that you
do not object to this in principle, but were not, as of our call, prepared to commit to it.

You promised to send an email responding to these issues as soon as possible, and in any case no
later than next Monday, January 7, 2008. I look forward to your prompt response.

Further, we agreed that given these outstanding issues, it was best to hold-off on a document-by-
document discussion of a number of specific entries on MGA's supplemental logs which are of
particular concern to Mattel based on the information on the logs MGA has provided to date.
These entries warrant specific discussion, on an item by item basis, just as recently occurred
regarding entries on Mattel's log that were challenged by MGA. We agreed to revisit this matter
once MGA has confirmed whether it will agree to the stipulations proposed by Mattel, on or
before Monday.

I look forward to speaking with you further on Monday.

Very truly yours,

Dylan Proctor / ZDK

B. Dylan Proctor

BDP:ZDK
2339420_priv ltr.DOC

2

EXHIBIT __19__

PAGE __333__

# EXHIBIT 20

W N I 2ₗ C₂

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400

FAX: (415) 984-2698

http://www.skadden.com

DIRECT DIAL
(415) 984-6442
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES
—
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEWARK
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
—
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 7, 2008

Via Email and Facsimile

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

> RE:   *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx)
> (Consolidated With Case Nos. CV 04-09059 and CV 05-02727)

Dear Dylan:

I write to follow up on our prior meet and confer conferences and your letters dated December 17 and 20, 2007 and January 2, 2008 regarding MGA's privilege logs that were produced to you on August 14 and September 5, 2007.

As I previously advised you in my letter dated December 24, 2007, MGA has decided to prepare supplemental privilege logs. Because of the large number of documents involved, it appears that it may take considerably more time than my original estimate of three weeks to complete the supplemental logs, but it is difficult to provide a firm end date at this time. I will let you know when I have a better sense of the completion date. However, we will be able to provide updated logs on a rolling basis which will enable Mattel to review them on a rolling basis as well rather than waiting until the logs have been completed in their entirety.

We are not inclined to enter into a stipulation to extend the time for Mattel to bring any motions with regard to the supplemental privilege logs after the Phase I discovery cutoff date. MGA has committed already to take extraordinary steps to address Mattel's concern with regard to the August and September 2007 logs by agreeing to prepare supplemental logs; it is important to bring the process to a close and focus attention on the trial of the case. With regard to your proposal that the parties stipulate that any revised or expanded document descriptions in the

EXHIBIT __20__

PAGE __334__

B. Dylan Proctor, Esq.
January 7, 2008
Page 2

privilege logs would not be used as a basis for arguing waiver of the attorney-client or attorney work product privileges, I am not convinced that there is any compelling need for such a stipulation. The issue of the adequacy of the document descriptions in the logs can be better addressed on an individual basis rather than attempting to do so in some global fashion.

Finally, as I informed you during our prior conferences, I do not agree that documents which fall into any of the five categories listed on page 2 of your letter dated December 21, 2007 are presumptively not privileged, nor do I believe that it would be productive to attempt to develop guidelines for determining the categories of documents that would be listed on the supplemental privilege logs.

Please feel free to give me a call if you have any questions about the foregoing.

Very truly yours,

José R. Allen

cc:     Robert Herrington

EXHIBIT __20__

PAGE __335__

# EXHIBIT 21

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

WRITER'S DIRECT DIAL NO.
(213) 443-3112

WRITER'S INTERNET ADDRESS
dylanproctor@quinnemanuel.com

January 16, 2008

**VIA FACSIMILE & U.S. MAIL**

Mr. Jose Allen, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
4 Embarcadero Center, Suite 3800
San Francisco, CA 94111

Re:    Mattel, Inc. v. Bryant, et al.

Dear Jose:

Yesterday we received a letter from Andrew Temkin providing "part one" of Isaac Larian's privilege log provided pursuant to Judge Infante's December 31, 2007 Order Granting in Part and Denying in Part Mattel's Motion to Compel Production of Documents by Isaac Larian.

This log exhibits many of the same problems which we have discussed in regards to MGA's logs.

Most troublesome, many of these entries do not appear to involve counsel. See, e.g., Nos. 29, 30, 32, 33, 34, 35, 38, 40, 41, 43, 44, 48, 51, 52, 53, 56, 57, 58, 59, 61, 62, 63, 64, 67, 68, 75, 76, 77, 79, 81, 82, 83, 84, 85, 86, 88, 98, 104, 105, 107, 120, 125, 209

While I understand that an attorney's advice could be included somewhere in the "email chain," the log entries do not identify the attorneys involved or to whom that advice is given. Without such details it is impossible to evaluate the claim of privilege. Further, even if there are privileged communications within a document, such documents should be produced in redacted form as you know. From the log it appears that Mr. Larian is withholding documents in their entirety, which, as you have agreed, is inappropriate.

quinn emanuel urquhart oliver & hedges, llp

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

07209/2354650.1

EXHIBIT  21

PAGE  336

Further, some of these entries appear to have been disclosed to outside parties. <u>See, e.g.</u>, Nos. 31, 90, 169, 188. For example, No. 31 appears to be a communication from Jose Antonio Vargas, a Bandai executive, and Isaac Larian, with various other MGA and Bandai employees listed as recipients. As none of the parties are attorneys, the description of the communication as an being made "for the purpose of requesting legal advice regarding trademark infringement" is difficult to fathom. Moreover, even if the communication contained some privileged material, this would seem to be a clear case of waiver by third-party disclosure.

I understand from our prior discussions that you have claimed some type of "common interest" privilege regarding some of the communications between Bandai and MGA listed on MGA's supplemental logs. As I noted in my January 11, 2008 letter, we dispute the doctrine's application in this context. Moreover, the common interest privilege has not been asserted here.

Please consider this letter a request to meet and confer in anticipation of a motion to compel the production of withheld documents, and possibly for sanctions. I look forward to hearing from you regarding your availability. When we confer, please be prepared to explain Mr. Larian's claims of privilege as to all entries identified in this letter.

Very truly yours,

B. Dylan Proctor

BDP:ZDK
07209/2354650.1

07209/2354650.1

2

EXHIBIT __21__

PAGE __337__

# EXHIBIT 22

# SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR EMBARCADERO CENTER

SUITE 3800

SAN FRANCISCO, CALIFORNIA 94111-4144

TEL: (415) 984-6400

FAX: (415) 984-2698

www.skadden.com

DIRECT DIAL
(415) 984-6442
EMAIL ADDRESS
JRALLEN@SKADDEN.COM

FIRM/AFFILIATE OFFICES

BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WASHINGTON, D.C.
WILMINGTON

BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

February 13, 2008

Via Facsimile and Electronic Mail

B. Dylan Proctor, Esq.
Quinn Emanuel Urquhart Oliver & Hedges LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017

> RE: *Carter Bryant v. Mattel, Inc.* Case No. CV 04-9049 SGL (RNBx) (Consolidated With Case Nos. CV 04-09059 and CV 05-02727)

Dear Dylan:

I write in response to your February 6, 2008 letter requesting to meet and confer regarding documents listed on the privilege logs produced by MGA and Isaac Larian on January 25, 28 and 30, 2008. As you state in the final paragraph of your letter, we take your request to meet and confer as a prelude to filing a motion to compel regarding the issues raised in your letter.

We understand that Mattel has taken the position (including in a filing made yesterday evening with the Discovery Master) that the Court established January 28, 2008 as a firm cut-off for the filing of Phase 1 discovery motions. Thus, any Phase 1 motions filed after January 28, 2008 are untimely and improper, including any motions related to the issues in your February 6 letter. Accordingly, your request to meet and confer in anticipation of filing such a motion would appear to be pointless.

Furthermore, after reviewing the privilege log entries you list in your letter, we note that many of the entries appear to have no bearing on any Phase 1 issues. As you are aware, all Phase 2 discovery has been stayed until further order from the Court. Thus, any meet and confer with respect to entries related to Phase 2 issues is premature. Please explain the relevance of the entries in question to Phase 1 issues.

EXHIBIT ___22___

PAGE ___338___

B. Dylan Proctor, Esq.
February 13, 2008
Page 2


       Next, you raise various issues regarding certain documents in the three privilege logs identified in your letter. We disagree with your contention that wholesale categories of documents are per se not privileged. We also disagree with your contention that because certain documents were disclosed to third parties they are no longer privileged.

       Finally, we disagree with your contention that many entries are "vague" or otherwise deficient. We believe the descriptions are adequate for purposes of the privilege logs and are consistent with the descriptions Mattel has used in its own logs.

                 Very truly yours,

                 José R. Allen

EXHIBIT __22__

PAGE __339__

# EXHIBIT 23

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2  johnquinn@quinnemanuel.com
   Michael T. Zeller (Bar No. 196417)
3  (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4  (joncorey@quinnemanuel.com)
   Timothy L. Alger (Bar No. 160303)
5  (timalger@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
6  Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Mattel, Inc.

9

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12                    EASTERN DIVISION

13  CARTER BRYANT, an individual,        CASE NO. CV 04-9049 SGL (RNBx)

14              Plaintiff,               Consolidated with
                                         Case No. CV 04-09059
15       vs.                             Case No. CV 05-02727

16  MATTEL, INC., a Delaware             **DISCOVERY MATTER**
    corporation,
17                                       **[To Be Heard By Discovery Master
                Defendant.               Hon. Edward Infante (Ret.) Pursuant
18                                       To The Court's Order of December 6,
                                         2006]**
19  AND CONSOLIDATED ACTIONS
                                         MATTEL, INC.'S NOTICE OF
20                                       MOTION AND MOTION TO
                                         COMPEL PRODUCTION OF
21                                       DOCUMENTS WITHHELD AS
                                         PRIVILEGED; AND
22
                                         MEMORANDUM OF POINTS AND
23                                       AUTHORITIES

24                                       Date:  TBA
                                         Time:  TBA
25                                       Place: Telephonic

26                                       Discovery Cut-off: January 14, 2008
                                         Pre-trial Conference: April 7, 2008
27                                       Trial Date: April 29, 2008

28                                       EXHIBIT __23__
                                         PAGE __310__

COPY

7209/2188112.3

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |      PLEASE TAKE NOTICE that, at a telephonic conference before
3 | Discovery Master Hon. Edward Infante (Ret.) that will occur on a date and at a time
4 | to be set by Judge Infante, plaintiff Mattel, Inc. ("Mattel") will, and hereby does,
5 | move the Court pursuant to Federal Rules of Civil Procedure 26 and 37 to compel
6 | MGA Entertainment, Inc. ("MGA") to produce all documents in response to Mattel's
7 | First Set of Requests for Production of Documents and Tangible Things that it has
8 | withheld on the purported basis of privilege, except those documents which were
9 | created after this lawsuit was filed and the documents which are listed on the
10 | privilege log served by MGA in May 2005.

11 |      This Motion is made on the grounds that Mattel seeks discoverable
12 | information and that MGA has waived its privilege objections by its failure to timely
13 | produce a complete privilege log, including in violation of Court Orders, and should
14 | be sanctioned therefor.

15 |      This Motion is based on this Notice of Motion and Motion, the
16 | accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan
17 | Proctor filed concurrently herewith, the records and files of this Court, and all other
18 | matters of which the Court may take judicial notice.

19 | **Statement of Rule 37-1 Compliance**

20 |      The parties met and conferred regarding the MGA's failure to produce a
21 | privilege log on August 3, 2007.

22 |

23 | DATED: August 9, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

24 |

25 |

26 | By_____
     B. Dylan Proctor
27 |      Attorneys for Plaintiff
     Mattel, Inc.

EXHIBIT **23**

28 | PAGE **541**

7209/2188112.3

MATTEL'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ...................................................................................... 2

ARGUMENT .......................................................................................................... 6

I.     MGA HAS WAIVED ITS RIGHT TO WITHHOLD DOCUMENTS
ON THE BASIS OF PRIVILEGE ................................................................ 6

II.    MGA'S FAILURE TO PRODUCE A PRIVILEGE LOG HAS
PREJUDICED AND WILL CONTINUE TO PREJUDICE MATTEL ........... 10

CONCLUSION ..................................................................................................... 11

EXHIBIT _23_

PAGE _342_

# TABLE OF AUTHORITIES

**Page**

## Cases

Applied Sys., Inc. v. N. Ins. Co. of N.Y.,
1997 WL 639235 (N.D. Ill. 1997)................................................................. 7

Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court,
408 F.3d 1142 (9th Cir. 2005) ........................................................ 6, 7, 10

Dapco Indus., Inc. v. Matex Corp.,
1998 WL 563847 (Fed. Cir. 1998) ............................................................. 10

Hurst v. F.W. Woolworth Co.,
1997 WL 61051 (S.D.N.Y. 1997) ............................................................... 7

Lopez v. City of New York,
2007 WL 869590 (E.D.N.Y. March 20, 2007) ........................................... 7

Marx v. Kelly, Hart & Hallman, P.C.,
929 F.2d 8 (1st Cir. 1991) ......................................................................... 7

N. Am. Watch Corp. v. Princess Ermine Jewels,
786 F.2d 1447 (9th Cir. 1986) ................................................................... 9

Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Council, Inc.,
727 F.2d 1470 (9th Cir. 1984) ................................................................... 9

Ritacca v. Abbott Lab.,
203 F.R.D. 332 (N.D. Ill. 2001) ................................................................ 7

Thelen Reid & Priest LLP v. Marland,
2007 WL 578989 (N.D. Cal. Feb. 21, 2007)............................................... 6

U.S. v. Construction Prods. Research, Inc.,
73 F.3d 464 (2d Cir. 1996) ........................................................................ 9

Universal City Dev. Partners Ltd. v. Ride & Show Engineering, Inc.,
230 F.R.D. 688 (M.D. Fla. 2005) ........................................................... 6, 7

Wyle v. R.J. Reynolds Indus.,
709 F.2d 585 (9th Cir. 1983) ................................................................... 10

## Statutes

Fed. R. Civ. P. § 26(b)(5) ...................................................................... 3, 6

Fed. R. Civ. P. § 37(b)(2) ...................................................................... 6, 9

EXHIBIT __23__

PAGE __543__

ii

1
2

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

3      More than two years after MGA was served with Mattel's First Set of
4 Requests for Production of Documents and Tangible Things, MGA has still failed to
5 produce a complete privilege log. Even in the face of Court Orders that it produce a
6 privilege log by a date certain -- a date that has now passed -- MGA refuses. MGA
7 has waived its right to withhold documents on the basis of privilege as a result of its
8 consistent disregard for the discovery rules and the Court's Orders.

9      The law in the Ninth Circuit is clear that the failure to timely produce a
10 privilege log may result in a waiver of privilege. MGA's delay here is far greater than
11 the delays courts have found warrant waiver. Further, the Discovery Master ordered
12 MGA to produce a complete privilege log no later than May 31, 2007. MGA did not,
13 even after its request for a stay of that Order pending appeal was denied. Judge
14 Larson then ordered MGA to produce its privilege log no later than July 31, 2007
15 (with the exception of Hong Kong documents). Despite that Court-imposed deadline,
16 and even though it has now had many months to prepare and provide the log, MGA
17 still refuses to comply. Indeed, MGA has represented that it will not produce the
18 compelled privilege log until *at least* mid-September, in clear violation of the Court's
19 Orders.

20      MGA's delay here is just another example of its repeated practice of
21 obstructing discovery and refusing to comply with its obligations. During the meet
22 and confer on this motion, MGA acknowledged that it is withholding *thousands* of
23 documents on claimed privilege grounds. MGA's delay in producing a log for those
24 documents has prejudiced, and continues to prejudice, Mattel. Mattel will need
25 substantial time to review privilege log entries for those documents in an attempt to
26 assess MGA's privilege claims and follow up regarding any improper privilege
27 assertions. MGA's delay, therefore, has a direct effect on Mattel's ability to prepare
28 its case.   MGA should not be permitted to benefit from its own misconduct,

EXHIBIT 23

1  particularly when that misconduct violates the Court's Orders.  Pursuant to Ninth
2  Circuit law, MGA has waived its privilege objections and should be compelled to
3  produce all documents responsive to Mattel's First Set of Requests that it is
4  withholding on that basis.

5                              **Statement of Facts**

6          On March 14, 2005, Mattel served MGA with its First Set of Requests
7  for Production of Documents and Tangible Things ("First Requests").[1]  MGA served
8  Mattel with its responses on April 13, 2005, making a boilerplate privilege objection
9  to each of Mattel's requests for production.[2]  In May 2005, MGA provided Mattel
10 with a limited privilege log, listing 62 documents that it withheld on privilege
11 grounds.[3]   At that time, MGA had produced approximately 7,340 pages of
12 documents.[4]

13         MGA refused to produce documents in response to a number of the
14 requests set forth in Mattel's First Requests.  After the discover stay was lifted and the
15 Discovery Master was appointed, Mattel moved to compel MGA to produce
16 documents in response to 48 requests.[5]   Mattel also moved to compel MGA to
17 produce a complete privilege log.[6]  At the hearing on March 5, 2007, the Discovery
18
19
20 _____

21 [1]   Mattel, Inc.'s First Set of Requests for Production of Documents and Tangible
   Things to MGA Entertainment, Inc., dated March 14, 2005, attached as Exhibit 4 to
22 the Declaration of B. Dylan Proctor ("Proctor Dec.") concurrently filed herewith.
   [2]   MGA Entertainment, Inc.'s Responses to Mattel, Inc.'s First Set of Requests for
23 Production of Documents and Tangible Things, dated April 13, 2005, Proctor Dec.,
24 Exh. 5.
   [3]   MGA's May 2005 Privilege Log, Proctor Dec., Exh. 1.
25 [4]   Proctor Dec., ¶ 2.
   [5]   Mattel, Inc.'s Notice of Motion and Motion to Compel Production of Documents
26 and Interrogatory Answers by MGA Entertainment, Inc., dated February 2, 2007,
27 Proctor Dec., Exh. 6.
   [6]   Id., at p. i.

EXHIBIT _23_

PAGE _345_

1    Master made it clear that he intended to grant Mattel's motion.[7]  On May 15, 2007,
2    the Discovery Master did so in writing.[8]  The Court ordered MGA to produce all
3    responsive documents and explicitly ordered MGA to "*produce a privilege log in*
4    *compliance with Rule 26(b)(5), Fed. R. Civ. P., no later than May 31, 2007.*"[9]  As
5    MGA has repeatedly pointed out, the Court's May 15, 2007 Order required it to
6    "complete its production of documents responsive to Mattel's First Set of Requests by
7    May 31, 2007."[10]

8         MGA appealed certain aspects of the Discovery Master's May 15 Order
9    to Judge Larson.[11]  MGA also sent a letter to the Discovery Master on May 31, 2007,
10   the day its documents and privilege log were due, seeking a stay of the time for
11   compliance with the May 15 Order pending its appeal or, in the alternative, a 60-day
12   extension to produce the documents.[12]  Except as to documents in Hong Kong, the
13   Discovery Master rejected MGA's request for a stay or extension on June 21, 2007.[13]
14   MGA then applied *ex parte* to Judge Larson to appeal the Discovery Master's denial

15   _____

16   [7]  June 19, 2007 Hearing on Ex Parte Application to Stay the May 15 Order, at
17   20:22-24 (The Court: "The Motion was heard on March 5th, and during that hearing I
     indicated that I would be granting the Motion."), Proctor Dec., Exh. 10.
18   [8]  Order Granting Mattel's Motion to Compel Production of Documents and
     Interrogatory Responses by MGA, dated May 15, 2007, Proctor Dec., Exh. 7.
19   [9]  Id. at p. 14 (italics added).
20   [10]  MGA's Emergency *Ex Parte* Application for Review of Special Master
     Infante's Order Denying MGA's Motion for Stay or Extension, dated June 22, 2007,
21   at p. 3, Proctor Dec., Exh. 12; see also MGA's *Ex Parte* Request for Stay or
22   Modification of Discovery Orders, dated May 31, 2007, at pp. 1-2, Proctor Dec.,
     Exh. 9.
23   [11]  MGA Entertainment Inc.'s Memorandum of Points and Authorities in Support
24   of Motion Objecting to Portions of the Discovery Master's May 15, 2007 Order
     Granting Mattel's Motion to Compel Production of Documents and Interrogatory
25   Responses by MGA, dated May 30, 2007, Proctor Dec., Exh. 8.
26   [12]  MGA's *Ex Parte* Request for Stay or Modification of Discovery Orders, dated
     May 31, 2007, Proctor Dec., Exh. 9.
27   [13]  Order Regarding MGA Entertainment, Inc.'s Request for Stay or Modification
28   of Discovery Orders, dated June 21, 2007, Proctor Dec., Exh. 11.  EXHIBIT 23

PAGE 346

1    of MGA's requested stay of the May 15 Order.[14]   On July 3, 2007, Judge Larson
2    rejected all of MGA's substantive objections to the May 15 Order but, based on
3    MGA's representations about how long it needed to comply with the Order, allowed
4    MGA a further extension to produce documents pursuant to the Order.[15]   Judge
5    Larson ordered MGA to complete its production pursuant to the May 15 Order by
6    July 31, 2007, with the exception of documents located in Hong Kong which were
7    ordered produced by August 14, 2007.[16]   Judge Larson also expressly confirmed that
8    MGA "must produce a privilege log."[17]   Nevertheless, MGA has not done so.[18]

9            Even the limited privilege log MGA produced in May 2005 was
10   deficient.[19]   For example, the log did not identify which individuals were attorneys
11   and which were not, making an assessment of MGA's privilege claims difficult.[20]
12   The log also included entries of communications that did not involve an attorney at
13   all.[21]   On July 25, 2007, Mattel wrote to MGA to request a meet and confer to discuss
14   these deficiencies, among others, and to discuss MGA's failure to produce any
15   updated or supplemental privilege log since May 2005.[22]

16           On August 3, 2007, the parties met and conferred on the issues identified
17   in Mattel's letter.[23]   MGA acknowledged certain deficiencies, including the fact that
18   at least one of the entries on the log was likely a document that was not in fact

19

20   _____

21   [14]   MGA's Emergency *Ex Parte* Application for Review of Special Master
       Infante's Order Denying MGA's Motion for Stay or Extension, dated June 22, 2007,
22   Proctor Dec., Exh. 12.
       [15]   Minute Order dated July 2, 2007, Proctor Dec., Exh. 13.
23   [16]   Id. at pp. 2-4.
       [17]   Id. at p. 2.
24   [18]   Proctor Dec., ¶ 5.
       [19]   Proctor Dec., ¶ 3.
25   [20]   Id.
26   [21]   Id.
       [22]   Letter from Proctor to Torres, dated July 25, 2007, Proctor Dec., Exh. 2.
27
28   [23]   Proctor Dec., ¶ 4.

EXHIBIT  **25**

1  privileged.[24]  MGA stated that it would reconsider its privilege assertions as to many
2  of its May 2005 privilege log entries and respond by August 9, 2007, with its final
3  position on these matters.[25]

4          For the first time, MGA also acknowledged during the meet and confer
5  that it was withholding "many thousands of documents" on the basis of privilege that
6  have never been logged.[26]  Though it is withholding thousands of documents, MGA
7  asserted that it would not produce any additional privilege log until mid-September at
8  the earliest.[27]  Mattel explained that such a significant delay in producing was not
9  acceptable, but MGA refused to budge.[28]  Mattel inquired whether MGA would at
10 least be willing to produce its privilege log in more than one stage so that Mattel
11 could begin reviewing and assessing MGA's claims of privilege for some of the
12 thousands of documents MGA is withholding.[29]  MGA refused this as well, and
13 reiterated its position that it did not intend to produce any privilege log identifying the
14 withheld documents before mid-September.[30]

15         As of the date of this Motion, MGA has produced a total of 154,185
16 pages of documents subsequent to providing Mattel with its May 2005 privilege log.[31]
17 However, despite the Discovery Master's and Judge Larson's Orders that it do so,
18 MGA still has not produced any updated or supplemental privilege log since
19 May 2005.

20
21
22
_____

23  [24]  Id.
24  [25]  Id.
     [26]  Id., ¶ 5.
25  [27]  Id.
26  [28]  Id.
     [29]  Id.
27  [30]  Id.
28  [31]  Id., ¶ 6.

EXHIBIT 23

PAGE 398

-5-

1 | **Argument**

2 | **I.  MGA HAS WAIVED ITS RIGHT TO WITHHOLD DOCUMENTS ON**
3 | **THE BASIS OF PRIVILEGE**

4 | It is well settled in the Ninth Circuit that the failure to timely produce a
5 | privilege log may be deemed a waiver of the privilege. See Burlington N. & Santa Fe
6 | Ry. Co. v. U.S. Dist. Court, 408 F.3d 1142 (9th Cir. 2005) (upholding waiver for
7 | eight-month delay in serving privilege log); Thelen Reid & Priest LLP v. Marland,
8 | 2007 WL 578989 (N.D. Cal. Feb. 21, 2007) (finding privilege waived where timely
9 | privilege log not provided); Universal City Dev. Partners Ltd. v. Ride & Show
10 | Engineering, Inc., 230 F.R.D. 688 (M.D. Fla. 2005) (finding waiver based on eight
11 | month delay in producing privilege log). The Advisory Committee notes to Rule
12 | 26(b)(5) specifically anticipate waiver of privilege as a remedy for the failure of a
13 | party to timely produce a privilege log. See Fed. R. Civ. P. § 26(5)(b) advisory
14 | committee's note (1993 Amendments) ("To withhold materials without such notice is
15 | contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be
16 | viewed as a waiver of the privilege or protection.").

17 | Under applicable Ninth Circuit law, courts are to make a case-by-case
18 | determination of whether the privilege was waived by a failure to timely produce a
19 | privilege log. Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149. The following
20 | factors are to be considered: (1) the degree to which the objection or assertion of
21 | privilege enables the litigant seeking discovery and the court to evaluate whether each
22 | of the withheld documents is privileged; (2) the timeliness of the objection and
23 | accompanying information about the withheld documents; (3) the magnitude of the
24 | document production; and (4) other particular circumstances of the litigation that
25 | make responding to the discovery unusually easy or unusually hard. Id.

26 | Here, MGA's failure to produce any log of any kind warrants a finding
27 | that MGA's privilege claims have been waived. The first factor strongly weighs in
28 | favor of a finding of waiver. MGA has provided only boilerplate privilege objections

EXHIBIT 23
349

209/2188112.3

1  without any additional information upon which Mattel or the Court can assess MGA's
2  privilege assertions regarding the thousands of documents it is withholding. Such
3  boilerplate objections "are presumptively insufficient." Id.

4          The second factor also weighs heavily in favor of a finding of waiver.
5  Even taking into account the discovery stay in this action, MGA has had more than
6  15 months to produce a privilege log, but has not. Courts have found delays of
7  substantially less time than that warrant a finding of waiver. See Universal City Dev.
8  Partners Ltd., 230 F.R.D. at 695-96 (finding a delay of eight months sufficient to find
9  waiver); Hurst v. F.W. Woolworth Co., 1997 WL 61051, *4-6 (S.D.N.Y. 1997)
10  (eight-month delay in producing privilege log waived privilege); Lopez v. City of
11  New York, 2007 WL 869590, at *4 (E.D.N.Y. March 20, 2007) (seven-month delay
12  in producing privilege log waived privilege).

13          In fact, the Ninth Circuit has found that a five-month delay in the
14  production of a privilege log itself warrants a finding that privilege has been waived,
15  in the absence of mitigating considerations. See Burlington N. & Santa Fe Ry. Co.,
16  408 F.3d at 1149. Here, MGA has not only delayed for far more time than that -- it
17  has known it was being *compelled* to produce a log for more time than that, since the
18  Court said as much at the hearing on Mattel's motion to compel in early March 2007.

19          There are no mitigating circumstances here. To the contrary, MGA's
20  failure to produce a log is compounded by the fact that MGA refuses to do so in the
21  face of Court Orders expressly requiring it. "[E]vidence of foot-dragging or a
22  cavalier attitude towards following court orders and the discovery rules supports
23  finding waiver." Ritacca v. Abbott Lab., 203 F.R.D. 332, 335 (N.D. Ill. 2001) (citing
24  Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991) and Applied
25  Sys., Inc. v. N. Ins. Co. of N.Y., 1997 WL 639235, at *2-3 (N.D. Ill. 1997)). There is
26  ample evidence of such foot dragging here. Mattel's February 2, 2007 motion to

27
28

EXHIBIT __23__

PAGE __356__

MATTEL'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED

1  compel specifically sought to "compel MGA to . . . serve a complete privilege log."[32]

2  As of the March 5, 2007 hearing on that motion, MGA knew that it would be

3  compelled to produce a complete privilege log regarding Mattel's First Requests.[33]

4  The Discovery Master issued a written Order reiterating that obligation on May 15,

5  2007. Nevertheless, even though the extended deadline for the log has now passed,

6  MGA still refuses to comply and instead asserts that it will not produce a privilege

7  log until at least mid-September.[34]

8       The third factor also supports a finding of waiver. MGA has produced a

9  total of 154,185 pages of documents since it produced its May 2005 privilege log.[35]

10  While that is a considerable number of documents, MGA has had ample time to

11  collect, review and determine whether it will claim privilege as to these documents.

12  It has known since March 5, 2007, that it was being *ordered* to finally comply with its

13  obligation to produce a complete privilege log. And on May 15, 2007, the Discovery

14  Master issued a written order expressly instructing MGA to serve a complete log. As

15  MGA knows, this Order requires MGA to complete its production relating to Mattel's

16

17

18

---

19  [32]  Mattel, Inc.'s Notice of Motion and Motion to Compel Production of

20  Documents and Interrogatory Answers by MGA Entertainment, Inc., dated

21  February 2, 2007, at p. i, Proctor Dec., Exh. 6.

    [33]  June 19, 2007 Hearing on Ex Parte Application to Stay the May 15 Order, at

22  20:22-24 (The Court: "The Motion was heard on March 5th, and during that hearing I

23  indicated that I would be granting the Motion."), Proctor Dec., Exh. 10.

    [34]  Any argument by MGA that the parties are engaging in a rolling production

24  would obviously lack merit. The <u>ordered</u> production and privilege log must complete

25  MGA's production of documents requested by Mattel in 2005, before MGA filed its

    unfair competition complaint. MGA's ongoing obligations to find and produce

26  documents dealing with the unfair competition aspect of this case does not relieve it

27  of the requirement to produce the <u>complete</u> log relating to Mattel's First Requests it

    has been ordered to produce now.

28  [35]  Proctor Dec., ¶ 6.

EXHIBIT 23

PAGE 351

1   First Requests and the Bryant/ownership aspect of this litigation.[36]  Yet, nearly three
2   months since that Order was issued and over five months since the hearing on
3   Mattel's motion to compel, MGA has not produced any additional privilege log of any
4   kind, and says that it will not do so for yet another month and a half.  The fact that it
5   has produced approximately 150,000 pages of documents (when compelled to do so)
6   does not excuse MGA's wholesale failure to produce the compelled log.

7          Last, the fourth factor also weighs in favor of a finding of waiver.  MGA
8   has had ample time to collect, review and log any documents responsive to Mattel's
9   First Requests that it is withholding on privilege grounds.  It has dozens of lawyers at
10  two law firms in four offices (O'Melveny & Myers in Los Angeles, Century City and
11  New York and the Christensen, Glaser firm) working daily on its behalf.  Given the
12  substantial period of time that has passed and the resources at MGA's disposal, MGA
13  has had an unusually easy opportunity to produce a privilege log.  It has not done so
14  by choice, not by necessity.  Indeed, that is abundantly clear in light of MGA's
15  expressed awareness of a party's obligation to promptly produce a proper privilege
16  log.  Notably, MGA itself has previously urged in this case that a failure to produce a
17  privilege log in a timely fashion yields a waiver.[37]

18         It is well established that when a party fails to comply with a discovery
19  order, the Court "may make such orders in regard to the failure as are just."  Fed. R.
20  Civ. P. § 37(b)(2); see also N. Am. Watch Corp. v. Princess Ermine Jewels, 786 F.2d
21  1447, 1450-51 (9th Cir. 1986) (upholding terminating sanctions where willful failure

22

23  [36] See, e.g., MGA's Emergency *Ex Parte* Application for Review of Special
24  Master Infante's Order Denying MGA's Motion for Stay or Extension, dated June 22,
    2007, at p. 3, Proctor Dec., Exh. 12.
25  [37] See MGA and Bryant's Joint Motion to Compel the Production of Documents
26  and the Deposition of 30(b)(6) Witnesses, dated January 5, 2007, at p. 11 (citing
    U.S. v. Construction Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996) for
27  proposition that failure to produce adequate privilege log may result in waiver),
28  Proctor Dec., Exh. 14.

EXHIBIT __83__

7209/2188112.3

1  to produce documents by date ordered by magistrate prejudiced requesting party);

2  Prof'l Seminar Consultants, Inc. v. Sino Am. Tech. Council, Inc., 727 F.2d 1470,

3  1473-74 (9th Cir. 1984) (upholding default judgment as sanction for failure to

4  comply with order to produce documents) (citing Wyle v. R.J. Reynolds Indus.,

5  709 F.2d 585, 589 (9th Cir. 1983)). A finding of waiver here is clearly just. Indeed,

6  courts have found sanctions more severe than waiver appropriate for the failure to

7  comply with a court order to produce a privilege log. See Dapco Indus., Inc. v.

8  Matex Corp., 1998 WL 563847 (Fed. Cir. 1998) (upholding dismissal as sanction for

9  failure to produce adequate privilege log in compliance with court order). MGA's

10  repeated disregard of the Court's Orders in this case independently justifies a finding

11  of waiver -- even putting aside its extraordinary delays, which are sufficient under

12  Burlington.

13  **II.   MGA'S FAILURE TO PRODUCE A PRIVILEGE LOG HAS**

14  **PREJUDICED AND WILL CONTINUE TO PREJUDICE MATTEL**

15  The sanction of waiver is particularly warranted here. MGA's failure to

16  produce a privilege log is not only contrary to Court Orders and the Rules and

17  applicable case law, but it is part of MGA's pattern and practice of delaying and

18  obstructing discovery at every turn in an effort to prejudice Mattel. MGA admits that

19  it is withholding thousands of documents. It will take Mattel a significant amount of

20  time to review any privilege log MGA ultimately produces to assess MGA's claims of

21  privilege. Given MGA's history in this case, Mattel will undoubtedly need time to

22  meet and confer with MGA regarding deficiencies in any such log and then need to

23  engage in motion practice to obtain documents MGA improperly withholds.[38] MGA

24  may then appeal any unfavorable rulings to Judge Larson.

25

26

27  [38]   Even the limited privilege log MGA produced in May 2005 contained enough deficiencies that Mattel was forced to request a meet and confer as to 52 of the 62

28  entries. Proctor Dec., ¶ 3.

EXHIBIT **83**

PAGE **353**

-10-

MATTEL'S MOTION TO COMPEL DOCUMENTS WITHHELD AS PRIVILEGED

1  Especially if hundreds or thousands of documents are at issue, all of this

2  will take a substantial amount of time, during which Mattel will be deprived of

3  potentially important responsive, compelled documents, including for use in

4  depositions scheduled in the next several months.  MGA should not be permitted to

5  benefit from its unexcused delay and refusal to comply with the Court's Orders.  A

6  finding that MGA has waived its privilege objections is appropriate.

### Conclusion

8  For the foregoing reasons, the Court should enter an order finding that

9  MGA has waived any privilege objection regarding documents responsive to Mattel's

10  First Set of Requests for Production of Documents and Tangible Things (except as to

11  documents created after the filing of this litigation and the 62 documents listed on

12  MGA's May 2005 log), and compelling MGA to produce any documents withheld on

13  such basis immediately.[39]

15  DATED: August 9, 2007       QUINN EMANUEL URQUHART OLIVER &
                               HEDGES, LLP

17                             By
                               B. Dylan Proctor
18                             Attorneys for Plaintiff
                               Mattel, Inc.

[39]  As the parties have previously advised the Court, the parties have previously
agreed that, in general, documents that postdate the filing of this lawsuit on April 27,
2004, need not be included on a privilege log.

EXHIBIT __23__

PAGE __354__

# EXHIBIT 24

1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 090378)
2 | (johnquinn@quinnemanuel.com)
   Michael T. Zeller (Bar No. 196417)
3 | (michaelzeller@quinnemanuel.com)
   Jon D. Corey (Bar No. 185066)
4 | (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5 | Los Angeles, California 90017-2543
   Telephone: (213) 443-3000
6 | Facsimile: (213) 443-3100

7 | Attorneys for Mattel, Inc.

8 |

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | EASTERN DIVISION

|  |  |
|---|---|
| 12 CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) Consolidated with |
| 13 Plaintiff, | Case No. CV 04-09059 Case No. CV 05-02727 |
| 14 vs. | **DISCOVERY MATTER** |
| 15 MATTEL, INC., a Delaware corporation, | **[To Be Heard By Discovery Master Hon. Edward Infante (Ret.) Pursuant To The Court's Order of December 6, 2006]** |
| 16 Defendant. | |
| 17 | |
| 18 AND CONSOLIDATED ACTIONS | NOTICE OF MOTION AND MOTION OF MATTEL, INC. FOR ORDER COMPELLING PRODUCTION OF WITHHELD MGA: (1) TRADEMARK SEARCH RESULTS, (2) DATE OF FIRST USE INFORMATION, AND (3) FACTUAL DATA COMMUNICATED FOR THE PURPOSE OF FILING TRADEMARK OR OTHER INTELLECTUAL PROPERTY APPLICATIONS |
| 19 | |
| 20 **CONFIDENTIAL -- FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER** | |
| 21 | |
| 22 | |
| 23 | |
| 24 | Hearing Date:   February 8, 2008 Time:   9:30 a.m. Place:   TBD |
| 25 | |
| 26 | Phase I Discovery Cut-off: January 28, 2008 Pre-trial Conference: May 5, 2008 Trial Date: May 27, 2008 |
| 27 | |
| 28 | |

1-23

EXHIBIT 29

PAGE 355

09/2361797.2

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that at a hearing or telephonic conference
3  before Discovery Master Hon. Edward Infante (Ret.) on February 8, 2008 at 9:30
4  a.m. or at another date and time to be set by Judge Infante, Mattel, Inc. ("Mattel")
5  will, and hereby does, move the Court pursuant to Federal Rules of Civil Procedure
6  26 and 37 to compel MGA Entertainment, Inc. ("MGA") and Isaac Larian
7  ("Larian") to immediately produce all documents withheld on privilege grounds
8  containing: (1) trademark search results and/or requests; (2) trademark dates of first
9  use; and (3) other factual data communicated for the purpose of filing trademark or
10  other intellectual property applications, including but not limited to Entry Nos. 1-2,
11  28-32, 50, and 52 on MGA's Supplemental Revised Privilege and Redaction Log for
12  MGA's 2005 Document Production, dated November 15, 2007; Entry Nos. 18, 19,
13  22, 35, 436, 437, 535, 537, and 982 on MGA's Supplemental Privilege Log, dated
14  August 14, 2007; and Entry Nos. 472-473, 489, 491-493, 521, 705, 727, 1022, 1520,
15  1609, 1957, and 2762 on MGA's Supplemental Privilege Log, dated September 5,
16  2007.

17      This Motion is made pursuant to Federal Rules of Civil Procedure 26 on
18  the grounds that MGA is withholding non-privileged information relevant to
19  Mattel's claims.

20      This Motion is based on this Notice of Motion and Motion, the
21  accompanying Memorandum of Points and Authorities, the Declaration of B. Dylan
22  Proctor filed herewith, the Declaration of B. Dylan Proctor in Support of Mattel's
23  Motion to Compel Production of Previously Withheld Documents Only Portions of
24  Which Are Allegedly Privileged filed on January 22, 2008, the records and files of
25  this Court, and all other matters of which the Court may take judicial notice.

26

27  EXHIBiT **24**

28  PAGE **356**

209/2361797.2

2

1

**Statement of Rule 37-1 Compliance**

2          The parties met and conferred regarding the subject matter of this motion on

3   December 17, 2007, times before, and times thereafter.

4

5   DATED:  January 23, 2008              QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP
6

7                                         By   B. Dylan Procter  /

8                                              B. Dylan Procter        / TJ
                                               Attorneys for Plaintiff
9                                              Mattel, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              EXHIBIT   24

28                                              PAGE   357

09/2361797.2

                                        3
                          MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

PRELIMINARY STATEMENT .............................................................................. 1

STATEMENT OF FACTS .................................................................................... 2

ARGUMENT ....................................................................................................... 6

I.   THE COURT SHOULD COMPEL MGA TO PRODUCE WITHHELD TRADEMARK SEARCH RESULTS AND REQUESTS ......... 6

   A.   Trademark Search Results And Requests Are Not Privileged .............. 6

   B.   Nor Are Trademark Search Results Protected Work Product ............... 7

   C.   MGA Has Improperly Withheld Trademark Search Results And Requests ........................................................................................ 9

II.  THE COURT SHOULD COMPEL MGA TO PRODUCE WITHHELD DATE OF FIRST USE INFORMATION FOR TRADEMARKS ................................................................................. 12

   A.   The Date of First Use For A Trademark Is Not Privileged ................. 12

   B.   MGA Is Withholding Documents Containing Dates of First Use ........ 13

III. THE COURT SHOULD COMPEL MGA TO PRODUCE FACTUAL DATA COMMUNICATED FOR THE PURPOSE OF SUBMITTING TRADEMARK OR OTHER INTELLECTUAL PROPERTY FILINGS ...... 17

   A.   Factual Data Communicated To Counsel For The Purpose Of Trademark Or Other Intellectual Property Applications Is Not Privileged ........................................................................................ 17

CONCLUSION ................................................................................................... 20

EXHIBIT __24__

PAGE __358__

-i-

# TABLE OF AUTHORITIES

**Page**

## Cases

Amerace Corporation v. USM Corporation,
 183 U.S.P.Q. 506 (T.T.A.B. 1974)................................................................ 6, 7

Brimley v. Hardee's Food Systems, Inc.,
 1995 WL 51177 (S.D.N.Y. 1995) ...................................................... 18

City of Philadelphia, Pa. v. Westinghouse Elec. Corp.,
 205 F. Supp. 830-31 (D.C. Pa. 1962)........................................... 7

CytoSport, Inc. v. Nature's Best, Inc.,
 2007 WL 1040993 (E.D. Cal. April 4, 2007)........................ 7, 8, 9, 12

Eastman V. Kodak Co. v. Bell & Howell Document
 Management Products Co.,
 994 F.2d 1569 (C.A. Fed. 1993)...................................... 13, 14

Feshbach v. S.E.C.,
 5 F. Supp. 2d 774 (N.D. Cal. 1997)................................... 8

Fisons Limited v. Capability Brown Limited,
 209 U.S.P.Q. 167 (T.T.A.B. 1980)............................... 6, 7

Gomez v. Vernon,
 255 F.3d 1118 (9th Cir. 2001) ............................... 17

Goodyear Tire & Rubber Co. v. Tyrco Industries,
 186 U.S.P.Q. 207 (T.T.A.B. 1975)................................. 6

Griffith v. Davis,
 161 F.R.D. 687 (C.D. Cal. 1995) ....................... 12

Hickman v. Taylor,
 329 U.S. 495 (1947) ................................................ 8

Jack Winter, Inc. v. Koratron,
 50 F.R.D. 225 (N.D. Cal. 1970) ......................... 17

Masterpiece of Pennsylvania, Inc. v. Consolidated Novelty Co.,
 183 U.S.P.Q. 344 (S.D.N.Y. 1974) ............................. 8

McCook Metals L.L.C. v. Alcoa, Inc.,
 192 F.R.D. 242 (N.D. Ill. 2000) ...................... 17

Miles Laboratories, Inc. v. Instrumentation Laboratory, Inc.,
 185 U.S.P.Q. 432 (T.T.A.B. 1975).................................. 6

National Union Fire Ins. v. Murray Sheet Metal,
 967 F.2d 980 (4th Cir. 1992)........................................... 8

EXHIBIT _24_

PAGE _359_

209/2361797.2

-ii-

Speaker ex rel. Speaker v. County of San Bernadino,
    82 F. Supp. 2d 1105 (C.D. Cal. 2000)........................................................ 12, 18

U.S. v. Bergonzi,
    216 F.R.D. 487 (N.D. Cal. 2003) .................................................... 17

U.S. v. Frederick,
    182 F.3d 496 (7th Cir. 1999)........................................................ 17

U.S. v. Martin,
    278 F.3d 988 (9th Cir. 2002)........................................................ 7, 12

United  States v. Lawless,
    709 F.2d 485 (7th Cir. 1983)........................................................ 17

United States v. Muscony,
    927 F.2d 742 (3rd Cir. 1991)........................................................ 18

United States v. Torf (In re Grand Jury Subpoena),
    350 F.3d 1010 (9th Cir. 2003)........................................................ 8

United States v. White,
    950 F.2d 426 (7th Cir. 1991)........................................................ 13, 17

Upjohn Co. v. U.S.,
    449 U.S. 383, 101 S. Ct. 677 (1981) .................................................... 7

Weil Ceramics & Glass, Inc. v. Work,
    110 F.R.D. 500 (E.D.N.Y. 1986) ........................................................ 13

## Statutes

15 U.S.C. § 1051(a)(2) ........................................................ 13

37 C.F.R. 1.71 - 1.72 ........................................................ 19

37 C.F.R. §2.32(a)(2), (4), and (6) ........................................................ 19

Fed. R. Civ. P. 26(b)(3) ........................................................ 8

## Miscellaneous

3 McCarthy on Trademarks and Unfair Competition § 20:112 (4th ed.).................... 6

Hawes and Dwight, 2 Trademark Registration Practice 2007 at § 18:5 ...................... 9

Trial and Appeal  Board Manual of Procedure, 2d edition ("TBMP")
    Ch. 414 (2004)........................................................ 6

EXHIBIT _24_

PAGE _360_

09/2361797.2

-iii-

MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## Preliminary Statement

MGA is refusing to produce important categories of relevant, non-privileged information contained in documents listed on its privilege logs. As set forth more fully in Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged, MGA and Larian have engaged in the improper practice of withholding the entirety of documents whenever they supposedly contain some privileged information.

Although MGA has now finally admitted that it needs to review its privilege logs and produce documents it withheld that contain non-privileged information at least in redacted form, MGA steadfastly refuses to produce trademark search results and requests, trademark dates of first use, or any other factual data communicated for the purpose of filing trademark and other intellectual property applications. None of this information is privileged, and the Court should order MGA to produce all documents that contain such information immediately, at least in redacted form so that the non-privileged information is not concealed.

Trademark search results are not privileged. MGA's prior counsel readily admitted as much. Trademark search results are merely compilations of publicly available facts, and do not by themselves reflect an attorney's mental impressions or advice. A client's request that a trademark search be run, therefore, is merely a request to gather facts, and not a request for legal advice. Neither the request for trademark searches nor the trademark search results are privileged.

Communications of trademark dates of first use are also not privileged. The Discovery Master recently explained in his Order Granting Mattel's Motion to Compel MGA to Produce Documents Bearing Bates Nos. MGA 0800973-0800974 and MGA 0829296-0829305 that MGA can have no reasonable expectation of confidentiality when it communicates a trademark's date of first use to its trademark prosecution counsel because date of first use information must be submitted to the

EXHIBIT 24

PAGE 31

1  Patent and Trademark Office to obtain full trademark protection.  Nevertheless,

2  MGA still refuses to produce date of first use information in other withheld

3  documents.  That position is untenable in light of the Court's rulings.

4          Other factual data communicated by MGA to counsel for the purpose

5  of filing trademark or other intellectual property applications likewise cannot be

6  privileged.  As with date of first use information, MGA can have no reasonable

7  expectation that other factual data it communicates to counsel for the purpose of

8  providing that information to a government agency will remain confidential.  For

9  example, in the copyright context, non-privileged factual data would include the title

10 of the work, the name of the author, the date the work was first published (if it has

11 been published), etc.  All of these facts must be submitted to the Copyright Office to

12 obtain a copyright, and, therefore, communication of such facts to copyright counsel

13 is not privileged.

14          The Court should order MGA to produce all documents that contain

15 trademark search results and requests, trademark dates of first use, and other factual

16 data communicated for intellectual property applications in a format such that this

17 non-privileged information is not concealed.

18                          **Statement of Facts**

19          As the Discovery Master knows, MGA failed to provide Mattel with

20 privilege logs for the bulk of its production until August and September 2007.[1]  In

21 addition to being belated, MGA's August and September Supplemental Privilege

22 Logs were also rife with problems.  As relevant here, MGA's privilege logs indicate

23  _____

24 [1]  Supplemental Privilege Log, dated August 14, 2007 ("August 14 Supplemental Privilege Log"), attached as Exhibit 14 to the Declaration of B. Dylan

25 Proctor in Support of Mattel's Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged, dated January 21,

26 2008 ("1/21/08 Proctor Dec."); Supplemental Privilege Log, dated September 5,

27 2007 ("September 5 Supplemental Privilege Log"), 1/21/08 Proctor Dec., Exh. 15.

EXHIBIT___2 9

28

1 that MGA is withholding a number of documents that pertain to trademark search

2 results and requests, which are not privileged:

3   <u>From the Supplemental Revised Redaction Log for MGA's 2005</u>

4   <u>Document Production</u>:

5    • No. 1: "Email message rendering legal advice regarding intellectual

6     property issues;"

7    • No. 2: "Email message rendering legal advice regarding intellectual

8     property issues;"[2]

9   <u>From the August Supplemental Privilege Log</u>:

10    • No. 436: "Letter message for purposes of rendering legal advice

11     regarding trademark searches in Venezuela;"

12    • No. 982: "E-mail forwarding attorney-client communications for the

13     purpose of rendering legal advice regarding trademark search;"[3] and

14   <u>From the September Supplemental Privilege Log</u>:

15    • No. 727: "E-mail rendering legal advice regarding search for Bratz

16     Trademark and schedule of Bratz Trademark in Australia;"

17    • No. 1957: "E-mail message for purposes of rendering legal advice

18     on Trademark searches;" and

19   [2] Nos. 1-2, 28-32, 50 and 53 on MGA's Supplemental Revised Privilege and

20 Redaction Log for MGA's 2005 Document Production, dated November 15, 2007

21 are each described as an "Email message rendering legal advice regarding

22 intellectual property issues." <u>See</u> MGA's Supplemental Revised Privilege and Redaction Log for MGA's 2005 Document Production, dated November 15, 2007

23 ("November 15 Revised Redaction Log for 2005 Production"), attached as Exhibit 4 to the Declaration of B. Dylan Proctor, dated January 22, 2008 ("Proctor Dec.").

24 Although MGA's descriptions do not so mention, the unredacted portions of the

25 emails make clear that these documents contain trademark search results. <u>See, e.g.</u>, MGA 3708206 - MGA 3709207, MGA 3708208 (Nos. 1-2 on November 15

26 Revised Redaction Log for 2005 Production), Proctor Dec., Exh. 5.

27           EXHIBIT __24__

28           PAGE __343__

09/2361797.2

MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

1          •   No. 2762: "E-mail containing legal advice re opposition deadline

2              and search report -- Sharmilah Adams."[4]

3       MGA's privilege logs also indicate that MGA is withholding trademark

4 dates of first use, as well as other factual data provided by MGA to attorneys for the

5 purpose of trademark or other intellectual property filings.[5]

6       Mattel raised these issues with MGA beginning in August 2007,

7 explaining that such information is not privileged and should be produced.[6] MGA's

8 prior counsel agreed that trademark search results were not privileged, but informed

9 Mattel that it withheld documents that contained trademark search results in their

10 entirety if the documents also contained privileged material.[7] Mattel requested that

11 MGA produce such documents in redacted form, so that only portions that are truly

12 privileged are redacted.[8] MGA eventually did produce some of its 2005 log

13 documents in redacted form, but did not produce its trademark search results.[9]

14           ────────────

15 [3]   Nos. 436 and 982, August 14 Supplemental Privilege Log, 1/21/08 Proctor

16 Dec., Exh. 14; see also id. at Document No. 437 (Letter message for purposes of
rendering legal advice regarding trademark watch in Venezuela).

17 [4]   Nos. 727, 1957, 2762, September 5 Supplemental Privilege Log, 1/21/08

18 Proctor Dec., Exh. 15; see also Nos. 61-62, 65, 74, 76 (E-mail chains requesting
and/or rendering legal advice regarding trademark registration), Privilege Log for

19 MGA's October 17 and October 19, 2007 Document Productions, dated November

20 15, 2007, 1/21/08 Proctor Dec., Exh. 16; Nos. 179-180, 186-187, 194 (E-mail chains
requesting and/or rendering legal advice regarding trademark registration), Larian

21 Privilege Log, dated January 15, 2008, 1/21/08 Proctor Dec., Exh. 17.

22 [5]   See, e.g., Letter from Dylan Proctor to James Jenal, dated August 30, 2007,
Proctor Dec., Exh. 2; Letter from Dylan Proctor to Timothy Miller and Marcus

23 Mumfurd, dated December 7, 2007, 1/21/08 Proctor Dec., Exh. 1.

24 [6]   Letter from Dylan Proctor to James Jenal, dated August 21, 2007, Proctor
Dec., Exh. 1.

25 [7]   Proctor Letter to Jenal, dated August 30, 2007, Proctor Dec., Exh. 2.

[8]   Id.

26 [9]   See MGA 3708206 - MGA 3709207; MGA 3708208; MGA 3708230 - MGA

27 3708231; MGA 3708232 - MGA 3708235; MGA 3708236 - MGA 3708238; MGA
3708239 - MGA 3708240; MGA 3708241; MGA 3708283 - MGA 3708284; MGA

28 (footnote continued)           EXHIBIT _24_

1        Beginning on December 7, 2007, Mattel engaged MGA's new counsel

2 in a lengthy meet and confer process regarding MGA's privilege logs.[10]  Mattel

3 informed MGA that its privilege logs are deficient for numerous reasons.[11]  As

4 relevant here, Mattel explained that the descriptions MGA provided for documents

5 regarding trademark or other intellectual property matters were too vague for Mattel

6 to determine the nature of the communication.[12]  Mattel further explained that MGA

7 appeared to be withholding several categories of non-privileged information, such as

8 trademark search results, dates of first use of trademarks, and other information

9 provided by MGA to attorneys for the purpose of trademark or other intellectual

10 property filings.[13]  Mattel explained that it did not take issue, as a general matter,

11 with MGA's withholding of advice based on search results and the like, but the

12 search reports themselves cannot be withheld.[14]

13        After several conferences, MGA's present counsel finally agreed that

14 the prior approach MGA had taken on its logs was problematic and in a December

15 24, 2007 letter agreed to "conduct a review of all the documents listed on those

16 logs" and produce those documents which include non-privileged information,

17 either in their entirety or in redacted form.  MGA also agreed to provide revised

18 descriptions for the log entries where appropriate.[15]

19        However, MGA also confirmed that it did not agree that date of first use

20 information, trademark search results, and other factual information conveyed to

21 ─────────────

3708287 (Nos. 1-2, 28-32, 50, and 53 on November 15 Revised Redaction Log for
22 2005 Production), Proctor Dec., Exh. 5.
[10]  1/21/08 Proctor Dec., ¶ 3; see also Proctor Letter to Miller and Mumfurd
23 dated December 7, 2007, 1/21/08 Proctor Dec., Exh. 1.
24 [11]  Id.
[12]  Id.
25 [13]  Id.; Letter from Dylan Proctor to Jose Allen and Robert Herrington, dated
26 December 21, 2007, 1/21/08 Proctor Dec., Exh. 3.
27 [14]  Proctor Dec., ¶ 3.

EXHIBIT __29__
PAGE __345__

209/2361797.2

-5-
MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

1   government agencies for the purpose of filing applications are categorically non-
2   privileged.[16]  Thus, MGA would not commit to provide such information when it re-
3   reviews the withheld documents and produces non-privileged information to Mattel,
4   whenever that eventually might happen.[17]  To date, Mattel has not received any of
5   MGA's documents from its August, September, or November logs in redacted
6   form.[18]

7                                    **Argument**

8   **I.      THE COURT SHOULD COMPEL MGA TO PRODUCE WITHHELD**
9   **         TRADEMARK SEARCH RESULTS AND REQUESTS**

10          **A.      Trademark Search Results And Requests Are Not Privileged**

11                 Trademark "search reports, per se do not fall within the attorney-client
12   privilege and must be furnished." Miles Laboratories, Inc. v. Instrumentation
13   Laboratory, Inc., 185 U.S.P.Q. 432, 434 (T.T.A.B. 1975); see Fisons Limited v.
14   Capability Brown Limited, 209 U.S.P.Q. 167, 171 (T.T.A.B. 1980) ("[w]hile a
15   search report is not privileged, any opinion by applicant's attorney relevant thereto is
16   protected by the attorney client privilege"); Amerace Corporation v. USM
17   Corporation, 183 U.S.P.Q. 506, 507 (T.T.A.B. 1974) (same); Goodyear Tire &
18   Rubber Co. v. Tyrco Industries, 186 U.S.P.Q. 207, 209 (T.T.A.B. 1975) (fact that an
19   opinion concerning trademark validity or possible conflicts regarding applicant's
20   adoption and use of mark was given to applicant is not privileged); 3 McCarthy on
21   Trademarks and Unfair Competition § 20:112 (4th ed.) ("[a]s to the discoverability
22   of trademark search reports, the Board has taken the position that . . . the contents of
23   a search report are not privileged from discovery"); Trademark Trial and Appeal

---

24   [15]   Letter from J. Allen to B. Dylan Proctor, dated December 24, 2007, 1/21/08
25   Proctor Dec., Exh. 4.
26   [16]   Id.
27   [17]   Id.; Letter from Jose Allen to Dylan Proctor, dated January 7, 2008, 1/21/08
     Proctor Dec., Exh. 7.
28   [18]   Proctor Dec., ¶ 5.

EXHIBIT ___2 4___

PAGE ___3 4 4___

209/2361797.2

-6-

1 | Board Manual of Procedure, 2d edition ("TBMP") Ch. 414 (2004) ("Search reports
2 | are discoverable, but the comments or opinions of attorneys relating thereto are
3 | privileged and not discoverable"). Because trademark "search reports, by
4 | themselves, contain factual information and not an attorney's mental impressions,"
5 | they do not become privileged simply because they are communicated to an
6 | attorney. CytoSport, Inc. v. Nature's Best, Inc., 2007 WL 1040993 at *6 (E.D. Cal.
7 | April 4, 2007) ("trademark watch service reports are not entitled to . . . attorney-
8 | client privilege"); see also Upjohn Co. v. U.S., 449 U.S. 383, 395-96, 101 S. Ct. 677
9 | (1981) ("The privilege only protects disclosure of communications; it does not
10 | protect disclosure of the underlying facts by those who communicated with the
11 | attorney."); City of Philadelphia, Pa. v. Westinghouse Elec. Corp., 205 F. Supp.
12 | 830-31 (D.C. Pa. 1962) ("[T]he protection of the privilege extends only to
13 | *communications* and not to facts. A fact is one thing and a communication
14 | concerning that fact is an entirely different thing.").

15 |         Client requests for trademark searches are similarly not privileged. The
16 | attorney-client privilege only extends to communications made in confidence by the
17 | client to an attorney *for the purpose of seeking legal advice*. U.S. v. Martin, 278 F.
18 | 3d 988, 999 (9th Cir. 2002). As discussed above, courts recognize that trademark
19 | search results do not themselves constitute legal advice. While an attorney's opinion
20 | or advice regarding a trademark search result may be privileged, the search result
21 | itself is not. See, e.g., Fisons, 209 U.S.P.Q. 167, 171 (T.T.A.B. 1980); Amerace,
22 | 183 U.S.P.Q. 506, 507 (T.T.A.B. 1974) (same). Thus, a client's request for a
23 | trademark search is not a request for legal advice; it is simply a request that the
24 | attorney gather factual information. Requests for trademark searches therefore do
25 | not qualify as protected attorney-client communications.

26 |    **B.    Nor Are Trademark Search Results Protected Work Product**
27 |         The work product privilege only protects from disclosure "'the mental
28 | impressions, conclusions, opinions, or legal theories of an attorney or other

EXHIBIT 24

PAGE 32

1  representative of a party concerning the litigation' as well as documents 'prepared in

2  anticipation of litigation.'" Feshbach v. S.E.C., 5 F. Supp. 2d 774, 781-782 (N.D.

3  Cal. 1997); Hickman v. Taylor, 329 U.S. 495 (1947); Fed. R. Civ. P. 26(b)(3);

4  United States v. Torf (In re Grand Jury Subpoena), 350 F.3d 1010, 1015-1016 (9th

5  Cir. 2003) ("A document should be deemed prepared 'in anticipation of litigation'

6  and thus eligible for work product protection under Rule 26(b)(3) if, in light of the

7  nature of the document and the factual situation in the particular case, the document

8  can be fairly said to have been prepared or obtained because of the prospect of

9  litigation.").

10          Trademark search results do not reflect attorney mental impressions.

11  They only contain factual information and are therefore not entitled to work product

12  protection. CytoSport, 2007 WL 1040993 at *6 ("trademark watch service reports

13  are not entitled to work product protection"); Masterpiece of Pennsylvania, Inc. v.

14  Consolidated Novelty Co., 183 U.S.P.Q. 344 (S.D.N.Y. 1974) (trademark searches

15  by date with the name of the trademark service were discoverable and were not

16  protected by work product).

17          Moreover, trademark search results are not prepared in anticipation of

18  litigation. Instead, they are generally prepared to determine whether a particular

19  mark is available for use, or to police an existing trademark. Neither purpose

20  constitutes "litigation" for the purpose of the work product doctrine. See National

21  Union Fire Ins. v. Murray Sheet Metal, 967 F.2d 980, 984 (4th Cir. 1992)

22  ("materials prepared in the ordinary course of business or pursuant to regulatory

23  requirements or for other non-litigation purposes are not documents prepared in

24  anticipation of litigation within the meaning of Rule 26(b)(3)"). The Court in

25  CytoSport explained: "The court acknowledges that trademark watch services are

26  used to police an owner's trademark, and as a result, may lead to litigation if a

27  potentially infringing mark is discovered. Although the motive in employing a

28

209/2361797.2                                    -8-

EXHIBIT 8

PAGE 363

1   watch service is to protect one's mark, the specter of litigation at the time a search

2   report is generated is abstract at best." CytoSport, 2007 WL 1040993 at *6.

3       **C.**    **MGA Has Improperly Withheld Trademark Search Results And**

4              **Requests**

5           Although MGA's prior counsel at least nominally agreed that trademark

6   search results are not privileged,[19] MGA currently refuses to produce them.[20]  Based

7   on the descriptions provided on MGA's August and September privilege logs, it is

8   clear that MGA has withheld a number of documents that pertain to trademark

9   searches.[21]  However, the descriptions on MGA's logs are so vague and conclusory

10  that it is impossible to know how many such documents are actually being withheld.

11  MGA describes hundreds of withheld documents as communications "for the

12  purpose of conveying legal advice regarding" various trademark registrations.[22]

13          Review of the redacted documents which MGA produced on November

14  15, 2007 with its Revised Redaction Log for 2005 Production suggests that the

---

15     [19]  Proctor Letter to Jenal, dated August 30, 2007, Proctor Dec., Exh. 2; Letter

16  from Dylan Proctor to William Charron, dated September 10, 2007, Proctor Dec.,

17  Exh. 3.
   [20]  Letter from Dylan Proctor to Jose Allen and Robert Herrington, dated

18  December 27, 2007, 1/21/08 Proctor Dec., Exh. 5; Allen Letter to Proctor, dated

19  January 7, 2008, 1/21/08 Proctor Dec., Exh. 7.
   [21]  See No. 436 (Letter message for purposes of rendering legal advice regarding

20  trademark searches in Venezuela); No. 437 (Letter message for purposes of

21  rendering legal advice regarding trademark watch in Venezuela); No. 982 (E-mail

22  forwarding attorney-client communications for the purpose of rendering legal advice regarding trademark search), August 14 Supplemental Privilege Log, 1/21/08

23  Proctor Dec., Exh. 14; see also No. 727 (E-mail rendering legal advice regarding

24  search for Bratz Trademark and schedule of Bratz Trademark in Australia); No. 1957 (E-mail message for purposes of rendering legal advice on Trademark

25  searches); No. 2762 (E-mail containing legal advice re opposition deadline and

26  search report - Sharmilah Adams), September 5 Supplemental Privilege Log, 1/21/08 Proctor Dec., Exh. 15.

27                                    EXHIBIT    **24**

28                                    PAGE    **369**

1   actual number of trademark search results or requests which MGA has withheld or
2   redacted is far higher than the number of documents that are actually described as
3   pertaining to trademark search results.

4               For example, MGA improperly redacted trademark search results and
5   requests from the E-mail chains listed as Document Nos. 1-2, 28-32, 50, and 53 on
6   the November 15 Revised Redaction Log for 2005 Production, even though the
7   results do not appear to be intertwined with attorney advice regarding the results.[23]

8               Document No. 1 is exemplary. It is an e-mail chain dated October 2,
9   2000 where Kerri Legg of MGA forwards to Isaac Larian and Paula Garcia an e-
10  mail she received from Lucy Arant (MGA's prior trademark prosecution counsel).[24]
11  MGA produced the portion of the e-mail chain in which Legg writes to Larian and
12  Garcia, "[h]ere is the trademark search results for Bratz," but it redacted the
13  forwarded message from Arant that lists the actual search result.[25] MGA also
14  redacted the portion of the e-mail chain that appears to include Legg's request that
15  Arant perform the trademark search.[26] Neither Arant's search results nor Legg's
16  request that Arant perform the search are privileged, and MGA's redaction of this
17  information is improper. Document No. 2 is similarly redacted. This document is
18  also an E-mail chain between Legg, Larian, Garica, and Arant where MGA

19  ─────────────
    [22]   See, e.g., Nos. 1-7, September 5 Supplemental Privilege Log, 1/21/08 Proctor
20  Dec., Exh. 15; Nos. 1-10, August 14 Supplemental Privilege Log, Proctor Dec.,
    Exh. 14.
21  [23]   See, e.g., MGA 3708206 - MGA 3709207; MGA 3708208; MGA 3708230 -
22  MGA 3708231; MGA3708232 - MGA 3708235; MGA 3708236 - MGA 3708238;
23  MGA 3708239 - MGA 3708240; MGA 3708241; MGA 3708283 - MGA 3708284;
    MGA 3708287 (Nos. 1-2, 28-32, 50, and 53 on November 15 Revised Redaction
24  Log for 2005 Production), Proctor Dec., Exh. 5.
25  [24]   MGA 3708206 - MGA 3709207 (No. 1 on November 15 Revised Redaction
    Log for 2005 Production), Proctor Dec., Exh. 5.
26  [25]   Id.
27  [26]   Id.

EXHIBIT ___ 24

PAGE ___ 370

28
209/2361797.2

MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

1   produced Ms. Legg's message forwarding the "search results for the newest name

2   for Bratz," but improperly redacted the actual search results from Ms. Arant.[27]

3           Although all these documents clearly contain trademark search results,

4   none is described on the privilege log as containing trademark search results.[28]

5   Instead, each document is described as an "E-mail message rendering legal advice

6   regarding intellectual property issues."[29]  However, MGA's privilege logs contain

7   hundreds of entries that are virtually indistinguishable from this description.  For

8   example, the first seven entries listed on MGA's September 5 Supplemental

9   Privilege Log and the first ten entries on MGA's August 14 Supplemental Privilege

10   Log are each described as an "E-mail for the for the purpose of conveying legal

11   advice regarding" various trademark registrations or applications.[30]  If every

12   document that is so described on MGA's privilege logs contains trademark search

13   results, then MGA has potentially improperly withheld hundreds of documents

14   containing trademark search results.

15           The Court should order MGA to produce all withheld trademark search

16   results and requests, including but not limited to Document Nos. 436, 347, 982 on

17   MGA's August 14 Supplemental Privilege Log, Nos. 727, 1957, 2762 on MGA's

18   September 5 Supplemental Privilege Log , and the redacted portions in Nos. 1-2, 28-

19   32, 50, and 53 on MGA's November 15 Revised Redaction Log for 2005

20   Production.  To the extent that any of the withheld documents also contain

21   privileged attorney-client communications, the Court should order MGA to provide

22   redacted copies of such reports and identify such redactions in a revised privilege

23

24   [27]   MGA 3708208 (No. 2 on November 15 Revised Redaction Log for 2005 Production), Proctor Dec., Exh. 5.

25   [28]   See Nos. 1-2, 28-32, 50, and 53 on November 15 Revised Redaction Log for 2005 Production, Proctor Dec., Exh. 4.

26   [29]   See, e.g., Nos. 1 and 2 on November 15 Revised Redaction Log for 2005

27   Production, Proctor Dec., Exh. 4.

EXHIBIT __29__

28

PAGE __371__

MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

1   log.  See CytoSport, 2007 WL 1040993 at *6 (ordering party to produce trademark
2   watch reports, and to provide redacted copies of the reports to the extent they an
3   attorney's opinion as to the legal significance of the reports).

4   **II.    THE COURT SHOULD COMPEL MGA TO PRODUCE WITHHELD**
5   **DATE OF FIRST USE INFORMATION FOR TRADEMARKS**

6          MGA has also refused to commit to produce all documents that contain
7   a trademark's date of first use because it disputes whether such information is
8   "presumptively not privileged."[31]  This refusal is contrary to principles set forth in
9   the Discovery Master's recent Order Granting Mattel's Motion to Compel MGA to
10  Produce Documents Bearing Bates Nos. MGA 0800973-0800974 and MGA
11  0829296-0829305.  See Order Granting Mattel's Motion to Compel MGA to
12  Produce Documents Bearing Bates Nos. MGA 0800973-0800974 and MGA
13  0829296-0829305 dated December 17, 2007 ("Order") at 11 (compelling MGA to
14  produce withheld documents containing trademark date of first use information).

15  **A.    The Date of First Use For A Trademark Is Not Privileged**

16         The attorney-client privilege protects only those communications made
17  *in confidence* by a client to an attorney for the purpose of seeking legal advice.
18  Martin, 278 F. 3d at 999 (emphasis added).  A client's subjective belief as to
19  whether a communication is privileged must be reasonable in order for the privilege
20  to attach.  See Order at 9-10 (citing Speaker ex rel. Speaker v. County of San
21  Bernadino, 82 F. Supp. 2d 1105, 1112-1113 (C.D. Cal. 2000) (client's subjective
22  belief "should be reasonable in order to lay claim to the protections of the
23  privilege"); Griffith v. Davis, 161 F.R.D. 687, 696 (C.D. Cal. 1995) (attorney-client
24  privilege not applicable to information communicated to attorney where client knew

25  ─────────────
    [30]  See Nos. 1-7, September 5 Supplemental Privilege Log, 1/21/08 Proctor Dec.,
26  Exh. 15; Nos. 1-10, August 14 Supplemental Privilege Log, Proctor Dec., Exh. 14.

27                                              EXHIBIT ___24___
28                                              PAGE ___372___
                          -12-
209/2361797.2                    MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

1 information would be used in his employer's administrative investigation)).  It is not

2 reasonable for MGA to claim its communication of a trademark's date of first use is

3 privileged because date of first use is merely factual information that <u>must</u> be

4 disclosed to the Patent and Trademark Office in order to secure a trademark

5 application.  Order at 9 (citing 15 U.S.C. § 1051(a)(2) (use-based application must

6 include date of first use of the mark)); <u>Eastman V. Kodak Co. v. Bell & Howell</u>

7 <u>Document Management Products Co.</u>, 994 F.2d 1569, 1570 (C.A. Fed. 1993)

8 ("intent to use" applicant must file a "statement that verifies . . . the date of first use

9 in commerce")).  Therefore, as the Discovery Master has held, the communication

10 of a trademark's date of first use cannot be privileged.  Order at 10 ("Because a

11 mark's date of first use is factual information that must be conveyed to the PTO to

12 secure a trademark application, communication of this information is not

13 privileged.") (citing <u>Weil Ceramics & Glass, Inc. v. Work</u>, 110 F.R.D. 500, 504

14 (E.D.N.Y. 1986) ("The party claiming the privilege must clearly show that a

15 document renders legal advice and does not, for example, merely contain facts later

16 disclosed in a patent or trademark application"); <u>United States v. White</u>, 950 F.2d

17 426, 430 (7th Cir. 1991) ("when information is disclosed for the purpose of

18 assembly into a bankruptcy petition and supporting schedules, there is no intent for

19 the information to be held in confidence because the information is to be disclosed

20 on documents publicly filed")).

21 **B.   <u>MGA Is Withholding Documents Containing Dates of First Use</u>**

22       MGA's vague privilege log descriptions, along with its refusals to

23 produce, suggest that MGA is withholding trademark dates of first use.[32]  For

24 example, the Court recently compelled MGA to produce two previously withheld

---

[31]   Proctor Letter to Allen and Herrington, dated December 27, 2007, 1/21/08 Proctor Dec., Exh. 5; Allen Letter to Proctor, dated January 7, 2008, 1/21/08 Proctor Dec., Exh. 7.

[32]   Proctor Dec., ¶ 4.

EXHIBIT __24__

PAGE __373__

MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

209/2361797.2

1  documents: an internal docket sheet listing facts regarding the Bratz mark, and a fax

2  from MGA's outside trademark counsel to Paula Garcia.[33]  Both of these documents

3  contained crucial date of first use information for the Bratz doll marks that are

4  seriously at odds with MGA's and Bryant's claims about the timing of Bratz

5  development.[34]  However, MGA's privilege log did not describe either document as

6  pertaining to trademarks or to date of first use information.  The log merely

7  described the docket sheet as an "internal record sheet containing attorney notes

8  reflecting an attorney communication with a client, wherein the confidential

9  information from the client is given to the attorney for the purpose of rendering legal

10  advice,"[35] and the fax as a "communication from attorney to client, wherein the

11  attorney requests information from the client for the purpose of rendering legal

12  advice."[36]  MGA uses comparable descriptions on thousands of entries on its logs.

13         Because a mark's date of first use <u>must</u> be communicated to the Patent

14  and Trademark Office in order to successfully register a trademark, date of first use

15  information is likely to be found in attorney docket sheets regarding trademarks,

16  draft trademark applications, and draft statements of use.  <u>See</u> Order at 9 (citing 15

17  U.S.C. § 1051(a)(2); <u>Eastman</u>, 994 F.2d at 1570 ("intent to use" applicant must file a

18  "statement that verifies . . . the date of first use in commerce")).  Thus, each of the

19  following withheld documents likely contains non-privileged date of first use

20  information.

21  _____

[33]  Order at 11.

22  [34]  <u>See</u> MGA 0829296 - MGA 0829305, Proctor Dec., Exh. 7; MGA 0800973 -

23  MGA 0800974, Proctor Dec., Exh. 6.

[35]  No. 653, August 14 Supplemental Privilege Log, 1/21/08 Proctor Dec., Exh.

24  14.

[36]  No. 654, August 14 Supplemental Privilege Log, 1/21/08 Proctor Dec., Exh.

25  14.

26

27

28

EXHIBIT  2 <u>4</u>

PAGE  <u>374</u>

From the September 5 Supplemental Privilege Log:

- No. 472: "E-mail containing drafts of Trademark applications for Hong Kong registration of 'JADE' and 'CLOE;'"

- No. 473: "E-mail containing drafts of Trademark applications for Hong Kong registration of 'SASHA,' 'JADE,' and 'CLOE;'"

- No. 489: "E-mails containing attorney-client communications made for the purposes of conveying information regarding Bratz Trademark applications in Hong Kong; also contains draft regarding a Trademark application;"

- No. 491: "E-mails containing attorney-client communications made for the purposes of conveying information regarding Bratz Trademark applications in Hong Kong; also contains draft regarding a Trademark application;"

- No. 492: "E-mails containing attorney-client communications made for the purposes of conveying information regarding Bratz Trademark applications in Hong Kong and proposed draft;"

- No. 493: "E-mails containing attorney-client communications made for the purposes of conveying information regarding Bratz Trademark applications in Hong Kong and proposed draft;"

- No. 521: "E-mail containing attorney-client communication made for the purposes of obtaining legal advice regarding Bratz Trademark applications in Hong Kong and attached draft;"

- No. 705: "Draft of docket sheet . . . regarding trademark registration;"

- No. 1022: "Attorney docket sheet for Bratz trademark applications in China;"

- No. 1520: "Draft application for Trademark of Bratz in Hong Kong containing attorney advice;" and

EXHIBIT __24__

PAGE __375__

-15-

1      • No. 1609: "Draft Trademark application for Bratz Hong Kong."[37]

2      <u>From the August 14 Supplemental Privilege Log</u>:

3      • No. 18: "Draft Trademark Application;"

4      • No. 19: "Draft Statement of Use;"

5      • No. 22: "Draft Statement of Use;" and

6      • No. 35: "Letter enclosing draft trademark applications for review

7         and revision."[38]

8      Moreover, MGA must have communicated a date of first use to its

9 outside trademark counsel for each of the trademarks it sought to register. For this

10 further reason, it is almost certain that a number of the withheld communications

11 between MGA, Larian, and MGA's outside trademark counsel contain date of first

12 use information.[39]

13      The Discovery Master has already ruled that the communication of a

14 trademark's date of first use is not privileged.[40] The Court should order MGA to

15 produce all remaining such documents forthwith.

---

16   [37] Nos. 472-473, 489, 491-493, 521, 705, 1022, 1520, 1609, September 5

17 Supplemental Privilege Log, 1/21/08 Proctor Dec., Exh. 15.

18   [38] Nos. 18-19, 22, 35, August 14 Supplemental Privilege Log, 1/21/08 Proctor
Dec., Exh. 14.

19   [39] <u>See, e.g.</u>, Nos. 4-9, 12, 20-21, 23-33 (communications "for purposes of

20 rendering legal advice regarding trademark" registrations and applications), August
14 Supplemental Privilege Log, 1/21/08 Proctor Dec., Exh. 14; <u>see also</u> No. 114

21 ("E-mail conveying information for legal analysis re Cloe registration"), September
5 Supplemental Privilege Log, 1/21/08 Proctor Dec., Exh. 15; Document Nos. 61-

22 62, 65, 74, 76 (E-mail chains requesting and/or rendering legal advice regarding

23 trademark registration), Privilege Log for MGA's October 17 and October 19, 2007
Document Productions, dated November 15, 2007, 1/21/08 Proctor Dec., Exh. 16;

24 <u>See, e.g.</u>, Nos. 53, 56-57, 61-62 (Email chains for purposes of requesting and

25 rendering legal advice regarding trademark and copyright issues), 1/21/08 Proctor
Dec., Exh. 17.

26   [40] Order at 10-11.

27                                       EXHIBIT **2 4**

28                                        PAGE **3 7 6**

1 **III.   THE COURT SHOULD COMPEL MGA TO PRODUCE FACTUAL**

2      **DATA COMMUNICATED FOR THE PURPOSE OF SUBMITTING**

3      **TRADEMARK OR OTHER INTELLECTUAL PROPERTY FILINGS**

4      **A.   Factual Data Communicated To Counsel For The Purpose Of**

5        **Trademark Or Other Intellectual Property Applications Is Not**

6        **Privileged**

7        Factual data communicated to counsel for the purpose of including such

8 information in public filings, such as trademark, patent, or copyright applications, is

9 not privileged.  See, e.g., U.S. v. Frederick, 182 F.3d 496, 500-502 (7th Cir. 1999)

10 (documents provided for tax filings not privileged): White, 950 F.2d at 430

11 (documents provided to attorney to be disclosed in bankruptcy filings not

12 privileged); Jack Winter, Inc. v. Koratron, 50 F.R.D. 225 (N.D. Cal. 1970) (factual

13 information conveyed for patent applications not privileged); McCook Metals

14 L.L.C. v. Alcoa, Inc., 192 F.R.D. 242, 252 (N.D. Ill. 2000) (privilege does not apply

15 to transmittal of business or technical information, or information that is intended to

16 be disclosed to a third party in unedited form"); Hawes and Dwight, 2 Trademark

17 Registration Practice 2007 at § 18:5 ("[N]ot everything that an attorney observes or

18 hears is privileged.  Information of a factual nature intended by the client to be

19 transmitted to the PTO is not privileged.").

20        This is because the client cannot have a reasonable expectation that data

21 it communicates to counsel for the purpose of conveying that data to a third party, in

22 this case, a government agency, will remain confidential.  See, e.g., Gomez v.

23 Vernon, 255 F.3d 1118, 1130 (9th Cir. 2001) ("Federal common law recognizes a

24 privilege for communications between client and attorney for purposes of obtaining

25 legal advice, provided such communications were *intended* to be confidential")

26 (emphasis added); U.S. v. Bergonzi, 216 F.R.D. 487, 493 (N.D. Cal. 2003)

27 ("communications between client and attorney for the purpose of relaying

28 communication to a third party is not confidential and not protected by the attorney

'209/2361797.2

-17-

1   client privilege"); <u>United States v. Lawless</u>, 709 F.2d. 485, 487 (7th Cir. 1983) ("[I]f

2   the client transmitted the information so that it *might* be used on the tax return, such

3   a transmission destroys any expectation of confidentiality") (emphasis added);

4   <u>United States v. Muscony</u>, 927 F.2d 742, 752 (3rd Cir. 1991) ("If the client intended

5   the matter to be made public, the requisite confidentiality is lacking."); <u>Brimley v.</u>

6   <u>Hardee's Food Systems, Inc.</u>, 1995 WL 51177 (S.D.N.Y. 1995) ("[I]f a client

7   employed an attorney both to advise the client and to communicate the client's

8   position to another party, the privilege does not extend to the portion of the client's

9   communication with the lawyer that constitutes the substance of what the client

10  intends the lawyer to communicate to the third party").

11          Moreover, there can be no reasonable expectation that factual data that

12  must be submitted to a government agency to obtain intellectual property protection

13  will remain confidential. <u>See</u> Order at 9-10 (citing <u>Speaker</u>, 82 F. Supp. 2d at 1112-

14  1113 (client's subjective belief "should be reasonable in order to lay claim to the

15  protections of the privilege"). Just as the communication of a trademark's date of

16  first use is not privileged, the communication of other factual data that must be

17  disclosed to a government agency to obtain trademark, patent, or copyright

18  protection is not privileged. <u>See</u> Order at 10 ("Because a mark's date of first use is

19  factual information that must be conveyed to the PTO to secure a trademark

20  application, communication of this information is not privileged.").

21          For copyright registrations, non-privileged factual data that must be

22  disclosed includes at least the following:

23          • the title of the work;

24          • the nature of the work;

25          • any previous or alternative titles for the work;

26          • the name of the author;

27          • the nature of authorship;

28          • the date of birth and death of the author;

EXHIBIT __24__

PAGE __328__

'209/2361797.2

-18-

MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

1       • the date of the work's creation; and

2       • the date and nation of first publication of the work (if the work has

3           been published).[41]

4     In the trademark context, such information includes at least:

5       • the name of the applicant;

6       • the applicant's mailing address;

7       • first use date; and

8       • the identification and classification of the particular goods or

9           services on or in connection with which the applicant uses or

10          intends to use the mark.[42]

11     In the patent context, such information includes at least:

12       • a detailed description and specification of the invention;

13       • the title of the invention;

14       • the name of each applicant;

15       • the citizenship of each applicant; and

16       • the residence of each applicant.[43]

17         The Court should compel MGA to produce all withheld documents that

18 contain such factual data, including, but not limited to, attorney docket or data

19 sheets, and draft trademark, patent, and copyright applications.[44] To the extent that

20 these documents also contain privileged information, MGA should provide redacted

21 copies of the documents and identify the redactions in a revised privilege log.

22 

[41] See Sample Form VA, Proctor Dec., Exh. 8.

23 [42] See 37 C.F.R. §2.32(a)(2), (4), and (6).

[43] See 37 C.F.R. 1.71 - 1.72.

24 [44] See, e.g., Nos. 705 and 1022 (docket sheet regarding trademark applications),

25 September 5 Supplemental Privilege Log, 1/21/08 Proctor Dec., Exh. 15; Nos. 535

and 537 ("Draft copyright application in Peoples Republic of China"), Nos. 18 and

26 35 (draft trademark applications), August 14 Supplemental Privilege Log, 1/21/08

27 Proctor Dec., Exh. 14.

28                            EXHIBIT 24

'209/2361797.2

PAGE 974

MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION

1

## Conclusion

2        For the foregoing reasons, the Court should compel MGA and Larian to

3  produce all withheld (1) trademark search results and requests, (2) trademark dates

4  of first use, and (3) other factual data communicated for the purpose of trademark or

5  other intellectual property applications and filings.

6

7  DATED:  January 23, 2008       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

8

9                          By  *B. Dylan Proctor /*

10                              B. Dylan Proctor
Attorneys for Plaintiff
Mattel, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                            EXHIBIT __24__

28                                            PAGE __380__

MOTION TO COMPEL RE NON-PRIVILEGED INFORMATION