PATRICIA L. GLASER (Bar No. 055668)
pglaser@glaserweil.com
GLASER WEIL FINK JACOBS & SHAPIRO
10250 Constellation Blvd., 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 557-9815

RUSSELL J. FRACKMAN (Bar No. 49087)
rjf@msk.com
PATRICIA H. BENSON (Bar No. 60565)
phb@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment
HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and
Isaac Larian

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTEL, INC., a Delaware corporation,<br><br>    Defendant.<br><br>AND CONSOLIDATED CASES | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727<br><br>DISCOVERY MATTER<br>[To Be Heard by Discovery Master Robert O'Brien pursuant to Order Entered March 16, 2009]<br><br>**OPPOSITION OF MGA PARTIES TO MATTEL'S RENEWED MOTION FOR LETTERS OF REQUEST**<br><br>Hearing Date: April, 27, 2009<br>Time: 10:00 a.m.<br>Place: Arent Fox LLP<br><br>**Phase 2**<br>Discovery Cut-off: Dec. 11, 2009<br>Pre-Trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

OPPOSITION OF MGA PARTIES TO MATTEL'S MOTION FOR LETTERS OF REQUEST

MGA Entertainment Inc., MGA Entertainment (HK) Limited, MGAE de Mexico S.R.L. De C.V. and Issac Larian (collectively, the "MGA Parties") hereby oppose and object to Mattel Inc.'s Renewed Motion for Issuance of Letter of Request. The MGA Parties oppose the motion and, in particular, object to the document requests and subject matter designations included in the letters of request proposed by Mattel on the following grounds:[1]

### A.   The Document Requests Are Overbroad

The MGA Parties object to the requests for documents included in Mattel's proposed letters of request, as follows:

1.   **Brisbois Document Request No. 7:** "*A copy of each personnel file maintained or created by MGA RELATING TO Brisbois.*" As Mattel concedes in its moving papers, in order to be enforceable in Canada, letters of request must seek evidence, which among other things, is relevant and necessary, and which will be presented at trial. *Friction Division Produces, Inc. v. E.I. DuPont de Nemours & Co. (No. 2)*, [1986] 56 O.R. (2d) 722 (H.C.J.) at 732. Request 7 is obviously overbroad and seeks private, confidential information with no conceivable relevance to this case, possibly including medical and insurance information. The Court should not issue a letter of request containing such an overbroad and improper document request.

2.   **Brisbois Document Request No. 9:** "*All DOCUMENTS RELATING TO COMMUNICATIONS between Brisbois, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005, and January 1, 2007, including but not limited to her COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions of MGA products.*" MGA has many products in addition to those at issue in this litigation. Such overbroad requests invade the realm of confidential business information and

---

[1] The objections set forth herein are made by the MGA Parties solely on their own behalf, and not on behalf of the proposed third party deponents.

trade secrets, concerning these other products. There is no conceivable justification for a request that would require disclosure of communications with Toys 'R Us or Wal-Mart concerning products other than those at issue herein. Even if limited to *products* at issue in this case, the request still would be impermissibly overbroad because it is not linked to any of the *legal or factual* issues in this case, and therefore does not meet the relevance and necessity requirements of Canadian law for enforcement of letters of request. *Friction Division Products, Inc., supra*. Accordingly, the Court should refuse to include Request 9 in any letters of request issued.

3. **Brisbois Document Request No. 10:** "*All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruiting or attempting to recruit Mattel's employees, or the theft of Mattel trade secrets, confidential or proprietary information.*" This request is impermissibly vague and overbroad. In some sense, every product of every toy manufacturer "competes" with every other product of every other toy manufacturer. This request thus seeks every document created by Brisbois relating to "marketing" of essentially any and all MGA products. Not every MGA product that may at some level "compete" with some Mattel product is at issue in this case. Purporting to require Brisbois and/or MGA Canada to produce such documents seeks information which is irrelevant and unnecessary, is unduly burdensome, and threatens to reveal confidential business information and trade secrets. Without substantial narrowing, Mattel's Request 10 thus goes far beyond any legitimate inquiry in this case, and should not be included in any letters of request.[2] *See Friction Division Products, Inc., supra*.

---

[2] Similarly, the request for every document regarding recruitment or attempts to recruit "Mattel employees" (apparently regardless of whether or not currently employed by Mattel or in what position they are or were employed) is vague and ambiguous, overbroad and seeks documents which are irrelevant and unnecessary.
(…continued)

4. **MGA Canada Document Request 7:** "*A copy of each personnel file maintained or created by YOU RELATING TO Brisbois.*" This request suffers from the same infirmities as does Document Request 7 to Ms. Brisbois. It is obviously overbroad and seeks private, confidential information with no conceivable relevance to this case, possibly including medical and insurance information. The Court should not issue a letter of request containing such a document demand.

5. **MGA Canada Document Request 9:** "*All DOCUMENTS RELATING TO COMMUNICATIONS between YOU, on the one hand, and Toys 'R Us or Wal-Mart on the other, or anyone acting on behalf of Toys 'R Us or Wal-Mart, between September 27, 2005 and January 1, 2007, regarding Ms. Brisbois or Ms. Brisbois' responsibility for the Toys'R Us and Wal-Mart accounts with MGA, and COMMUNICATIONS with Toys 'R Us or Wal-Mart about promotions or advertising for MGA products.*" This request suffers from the same infirmities as Documents Request 9 to Ms. Brisbois. MGA has many products in addition to those at issue in this litigation. Such overbroad requests invade the realm of confidential business information and trade secrets, concerning these other products. There is no conceivable justification for a request that would require MGA Canada to disclose communications with Toys 'R Us or Wal-Mart concerning products other than those at issue herein. Even if limited to ***products*** at issue in this case, the request still would be impermissibly overbroad because it is not linked to any of the ***legal and factual*** issues in this case, and is therefore does not meet the relevance and necessary requirements of Canadian law for

---

(…continued)
Moreover, the request for documents "related to" the alleged theft of Mattel trade secrets or confidential information is vague, ambiguous and requires non-parties to divine what allegedly protected information Mattel contends was "stolen." Such requests do not meet the requirement of Canadian law, acknowledged by Mattel, that the documents sought be identified with reasonable particularity. *Friction Division Products, Inc.*, *supra*.

enforcement of letters of request. *Friction Division Products, Inc.*, *supra*. Accordingly, the Court should refuse to include Request 9 in any letters of request issued.

      6.    **MGA Document Request No. 10:** "*All DOCUMENTS, including but not limited to all COMMUNICATIONS with any PERSON, created by Brisbois while employed by MGA RELATED TO MGA's marketing of products that compete with Mattel's products, recruitment or attempted recruitment of Mattel's employees, or the theft of Mattel trade secrets or confidential or proprietary information.*" This request suffers from the same infirmities as Document Request 10 to Ms. Brisbois. It is vague and overbroad. In some sense, every product of every toy manufacturer "competes" with every other product of every other toy manufacturer. This request seeks every document created by Brisbois relating to "marketing" of essentially any and all MGA products. Not every MGA product that may at some level "compete" with some Mattel product is at issue in this case. Purporting to require Brisbois and/or MGA Canada to produce such documents seeks information which is irrelevant and unnecessary, is unduly burdensome, and threatens to reveal confidential business information and trade secrets. Without substantial narrowing, Mattel's Request 10 thus goes far beyond any legitimate inquiry in this case and should not be included in any letters of request.[3] *Friction Division Products, Inc.*, *supra*.

---

[3] Similarly, the request for every document regarding recruitment or attempts to recruit "Mattel employees" (apparently regardless of whether or not currently employed by Mattel or in what position they are or were employed) is vague and ambiguous, overbroad and seeks documents which are irrelevant and unnecessary. Moreover, the request for documents "related to" the alleged theft of Mattel trade secrets or confidential information is vague, ambiguous and requires non-parties to divine what allegedly protected information Mattel contends was "stolen." Such requests do not meet the requirement of Canadian law, acknowledged by Mattel, that the documents sought be identified with reasonable particularity. *Friction Division Products, Inc.*, *supra*.

### B. The Subject Matter Designations for MGA Canada Are Incomprehensible and Particularly Inappropriate for a Third Party Discovery Request

Mattel seeks to depose MGA Canada's "person most knowledgeable" about the following subjects:

> "1.   Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer disclosure, retention, destruction, deletion or use of any documents, data and/or information, that were prepared, made, created, generated, assembled or compiled by or for MATTEL and that MGA received, directly or indirectly, from Janine Brisbois.
>
> 2.   Knowledge of MGA Entertainment Canada's methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion or use of any documents, data and/or information regarding MGA Entertainment Canada's advertising, project, sales, customer or strategy information related to any Bratz Product regardless of whether such information was received directly or indirectly from Janine Brisbois."

The first request is not limited to trade secrets that Mattel alleges Ms. Brisbois obtained during her employment with Mattel. Instead, it sweeps within its scope such amorphous concepts as "information…prepared, made created, generated, assembled or compiled by or for MATTEL," which could include such matters as advertising displays for or price tags on Mattel product that Ms. Brisbois observed when she visited a retail outlet, or an advertisement for a Mattel product

that she saw in a newspaper or on television.  Inasmuch as Mattel repeatedly complained during Phase 1 that MGA had not produced properly prepared 30(b)(6) witnesses, MGA Entertainment Canada should not be required to guess at the subjects about which Mattel wants testimony.

Further, both of these requests use the language "knowledge of . . . methods and procedures regarding the access, use, reproduction, copying, storage, transmission, transfer, disclosure, retention, destruction, deletion of any documents, data or information" as to something.  This language is extraordinarily vague, broad and complex, rendering each of the requests nearly incomprehensible.  For example, what is a "method or procedure for access?"  Does it encompass reading a document?  The complexity/incomprehensibility is heightened with respect to the second request, which asks for someone who can testify to the foregoing (whatever it may mean) "regarding MGA Entertainment Canada's advertising project, sales, customer or strategy information related to Bratz products."  Whatever it is that Mattel is asking about, it appears to relate to every document and piece of data that relates in any way to Bratz, no matter how much or how little, and no matter how irrelevant those documents are to the issues presented in this case.

No one should have to designate witnesses to testify on such improperly drawn "subject matters."  Federal Rule of Civil Procedure 30(b)(6) requires that a party seeking to depose an entity on various subjects "must describe with reasonable particularity the matters for examination."  Because the obligation to designate and prepare witnesses to testify as to specific subject matters "may be onerous, . . . to allow the Rule to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *Sprint Communications Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kans. 2006).  The incomprehensible "subject matters" set forth in Mattel's proposed letters of

request thus fail to meet the requirements of Rule 30(b)(6) or Canadian law requiring reasonable specificity. *See Friction Division Products, Inc., supra.*

## CONCLUSION

For all of the reasons set forth herein, the Discovery Master should decline to include Brisbois Document Requests 7, 9 and 10; MGA Canada Document Requests 7, 9, and 10; and MGA Canada subject matter description 1 and 2 in any Letters of Request issued for the depositions of Janine Brisbois and MGA Canada.

DATED: April 2, 2009

RUSSELL J. FRACKMAN
PATRICIA H. BENSON
MITCHELL SILBERBERG & KNUPP LLP

By::              /s/                              .
Patricia H. Benson
Attorneys for Defendants
MGA Entertainment, Inc., MGA Entertainment HK, Ltd., MGAE De Mexico, S.R.L. De C.V., and Isaac Larian