Bingham McCutchen LLP
TODD E. GORDINIER (SBN 82200)
todd.gordinier@bingham.com
PETER N. VILLAR (SBN 204038)
peter.villar@bingham.com
CRAIG A. TAGGART (SBN 239168)
craig.taggart@bingham.com
600 Anton Boulevard
18th Floor
Costa Mesa, CA 92626-1924
Telephone: 714.830.0600
Facsimile: 714.830.0700

Attorneys for Non-party
BINGHAM McCUTCHEN LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation,<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS. | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. CV 04-09059 and Case No. CV 05-2727<br><br>**DISCOVERY MATTER**<br>**To be heard by Discovery Master Robert C. O'Brien**<br><br>**BINGHAM MCCUTCHEN LLP'S OBJECTIONS TO AND MOTION TO STRIKE REPLY IN SUPPORT OF MATTEL INC.'S MOTION TO COMPEL BINGHAM MCCUTCHEN LLP TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA**<br><br>Date:        April 21, 2009<br>Time:        10:00 a.m.<br>Place:       Arent Fox LLP<br>               555 West Fifth Street<br>               48th Floor<br>               Los Angeles, CA 90013 |

A/72910736.6/3009108-0000337036

1

## TABLE OF CONTENTS

2                                                                                      Page

3   I.    INTRODUCTION ........................................................................1

4   II.   MATTEL'S NEW ARGUMENTS IN ITS REPLY BRIEF ARE
5         IMPROPER AND SHOULD NOT BE CONSIDERED ...............................5

6   III.  THE WACHOVIA DOCUMENTS ARE NOT INCONSISTENT
          WITH THE DISCOVERY MASTER'S PRIOR FINDINGS OR
7         BINGHAM'S PRIOR STATEMENTS...........................................................6

8   IV.   MATTEL'S NEW ARGUMENTS DO NOT MAKE THE
          BINGHAM SUBPOENA ANY LESS ABUSIVE OR IMPROPER.............9
9
    V.    CONCLUSION...........................................................................11

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10736.6/3009108-37036

## I.      INTRODUCTION

Mattel, Inc. ("Mattel") filed its Motion to Compel Bingham McCutchen LLP ("Bingham") to Produce Documents Responsive to Subpoena on March 5, 2009. In its opening brief, Mattel argued that the subpoenaed documents are relevant to Mattel's RICO claim, unfair competition claim, disgorgement remedy, unclean hands defense, and credibility issues.  The Discovery Master correctly rejected all of the arguments made in Mattel's motion in holding that the documents -- the same documents that Mattel sought from Bingham's non-party clients (the "Financing Entities") -- are not relevant to any Phase 2 claims, defenses or remedies, except for a narrow category of documents evidencing "MGA's indebtedness to Omni 808 Investors, LLC from the purchase of the alleged Wachovia debt" on the ground that they are potentially relevant to "MGA's net worth (and hence punitive damages)."  (Phase II Discovery Master Order No. 3, "Order No. 3," at 19:18-22.)

Faced with the Discovery Master's March 10 Order which, in addition to several other dispositive issues raised in Bingham's opposition, entirely disposes of Mattel's motion to compel, Mattel *for the first time* in its reply brief improperly presents new arguments based on purported "new evidence produced by Wachovia."  Mattel *erroneously* claims that the new evidence is inconsistent with prior statements made by Bingham and the Discovery Master's finding in his March 10 Order that "it does not appear that either MGA Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have an ownership interest in the Financing Entities."  (Order No. 3 at 4:2-4.)

These new arguments and purported new evidence should be disregarded entirely because they were not presented in Mattel's opening brief.  The Discovery Master, this Court, and other courts across the Ninth Circuit have uniformly refused to consider arguments or evidence that are first presented in a reply brief.  **"A party filing a motion is required to raise all of its arguments in its opening**

1   **brief to prevent 'sandbagging' of the non-moving party and to provide**
2   **opposing counsel a chance to respond. This rule is routinely adhered to by**
3   **courts in the Ninth Circuit.**" (Order No. 3 at 19:18-22.)

4       To the extent the Discovery Master considers these new arguments, they are
5   inaccurate, misleading and change nothing with regard to the Bingham subpoena.
6   They are, to the extent they can be discerned at all, nothing more than red herrings
7   contrived by Mattel to divert the Discovery Master's attention from the real issue --
8   i.e., whether Mattel's subpoena to Bingham is narrowly tailored to documents
9   relating to Phase 2 of this litigation and, if so, whether such documents have been
10  obtained (or should be obtained) from MGA or other parties.

11      Contrary to Mattel's assertions, the documents produced by Wachovia are
12  not inconsistent with Bingham's prior statements to the Court, nor with this
13  Court's prior finding, regarding the ownership of the Financing Entities. Indeed,
14  these appear to overlap with documents that Omni 808 repeatedly *volunteered* to
15  produce to Mattel prior to and during the March 4 hearing to satisfy Mattel that this
16  was a straightforward, arm's length transaction. It remains undisputed that **MGA**
17  **Entertainment, Inc., MGA Entertainment (HK) Limited, and Isaac Larian do**
18  **not have, and have never had, any ownership interest in, or control over, the**
19  **Financing Entities**.

20      In fact, the excerpts from the Wachovia documents that Mattel selectively
21  attaches to its reply brief out of context (as well as the thousands of other
22  documents that Mattel selectively chose not to attach to its reply brief) say *nothing*
23  about MGA's or Mr. Larian's ownership interest in the Financing Entities because
24  they have no such interest. The "non-voting limited interest" of Mr. Larian,
25  proposed in the initial June 29, 2008 offer letter to Wachovia, refers to a
26  *contemplated* non-voting, non-controlling interest that was <u>not employed</u> and <u>never</u>
27  <u>actually happened</u> (as Mattel knows from reviewing the actual Master Assignment
28  and Exchange Agreement presumably produced by Wachovia which Mattel

1    conveniently chose *not* to attach to its Reply).[1]

2       Perhaps more importantly, Mattel fails to explain how this purported new

3 information in any way changes the Discovery Master's analysis regarding the

4 document requests to Bingham at issue. The Discovery Master's March 10 Order

5 regarding these same requests was premised on Mattel's failure to demonstrate "a

6 nexus between the information sought by the Subpoenas, on the one hand, and the

7 Phase 2 claims and counterclaims set for trial in March 2010, on the other hand."

8 (Order No. 3 at 3:10-12.) The fact that Omni 808 acquired a MGA debt obligation

9 from Wachovia (*which Mattel admits was a perfectly legitimate loan from*

10 *Wachovia to MGA*) does not make Mattel's requests for documents relating to

11 Bingham's fee arrangements and relationships with its non-party clients any more

12 relevant to Phase 2 of the Bratz doll litigation between Mattel and MGA.

13       Indeed, in its reply brief, Mattel pointedly *avoids* trying to tie this purported

14 new evidence to any of the particular requests in the Bingham subpoena, or to any

15 claim or defense in Phase 2. That is because it cannot do so. Instead, Mattel

16 argues for the first time that several (misconstrued) excerpts from the Wachovia

17 documents raise a question "whether MGA is under an *actual* obligation to repay

18 the more than $300 million in debt," which Mattel claims is potentially relevant to

19 MGA's net worth. This is nonsense.

20       First, Mattel's purported theory -- that Omni 808 gifted Wachovia millions

21 of dollars to acquire a debt obligation from MGA with no expectation of

22 repayment -- is not only specious, irrational and contradicted by the evidence, but

23 it is entirely irrelevant to the motion before the Court. The Discovery Master

24 correctly ruled in his March 10 Order that "Mattel has failed to sufficiently

25

26 [1] Mattel also makes a reference to Omni 808 being "treated as an affiliate" of MGA. As discussed below, this reference has been intentionally distorted in

27 Mattel's reply brief and, properly understood, actually undermines Mattel's position.

28

1   articulate the necessary connection between most of the Financing Discovery and

2   any Phase 2 issue." (Order No. 3 at 25:5-6.)  Mattel's new arguments do not make

3   these document requests to Bingham any more relevant to Phase 2, and certainly

4   do not support Mattel's baseless contention that all fee agreements and information

5   between all law firms and their non-party clients are fair game for discovery so

6   long as Mattel issues a subpoena.

7        Second, the fact that Mattel claims to have concerns regarding the debt owed

8   by MGA to Omni 808 misses the point.  **Mattel already has obtained 10,000**

9   **documents from Wachovia and the Discovery Master already has ordered**

10  **Omni 808 to produce documents relating to any debt owed by MGA to Omni**

11  **808** (*including* the debt purchased from Wachovia), and all communications

12  between Omni 808 and the MGA parties (*including* Mr. Larian) regarding any such

13  indebtedness.  (Order No. 3 at 29-30.)  Thus, Mattel's new arguments, at best,

14  further *support* the Discovery Master's March 10 Order and in no way cure any of

15  the irrelevant and overly broad categories of documents rejected by the Discovery

16  Master.

17        Third, to the extent Mattel wishes to further explore its factually baseless

18  contention that MGA or Mr. Larian has any interest in Omni 808, beyond the

19  documents already produced by Wachovia, and to be produced by Omni 808 and

20  IGWT, the Discovery Master in his March 10 Order specifically left open that

21  "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, **seek to**

22  **obtain this information from MGA.**" (Order No. 3 at 4 fn 2.)  Therefore, as

23  previously explained, the documents requested in the Bingham subpoena are either

24  privileged, irrelevant or duplicative of documents already being produced by, or

25  that Mattel may request from MGA or others.

26        Bingham respectfully requests the Court strike all new arguments and

27  evidence presented in Mattel's reply and deny Mattel's motion to compel in its

28  entirety.

A/72910736.6/3009108-0000337036                    -4-

1    **II.    MATTEL'S NEW ARGUMENTS IN ITS REPLY BRIEF ARE**

2    **IMPROPER AND SHOULD NOT BE CONSIDERED**

3          Mattel filed its motion to compel Bingham to produce documents responsive

4    to the subpoena on March 5.  In its opening brief, Mattel argued that the

5    subpoenaed documents are relevant to Mattel's RICO claim, unfair competition

6    claim, disgorgement remedy, unclean hands defense, and credibility issues.

7    (Mattel Motion at 7-11.)  These are the identical arguments made by Mattel in its

8    motion to compel Bingham's non-party clients Omni 808 Investors, LLC, Omninet

9    Capital, LLC and Vision Capital, LLC (the Financing Entities), to produce the

10   same documents.  The Discovery Master rejected all of the arguments made in

11   Mattel's motion in holding that the requests are not relevant to Phase 2 except for a

12   narrow category of documents evidencing "MGA's indebtedness to Omni 808

13   Investors, LLC from the purchase of the alleged Wachovia debt" on the ground

14   that they are potentially relevant to "MGA's net worth (and hence punitive

15   damages)."  (Order No. 3 at 19:18-22.)

16         In light of the Discovery Master's March 10 Order (and other dispositive

17   issues raised in Bingham's opposition), Bingham asked Mattel to withdraw its

18   subpoena and its motion to compel.  Mattel ignored Bingham's request and,

19   instead, for the first time in its reply brief improperly presents new arguments

20   based on purported "new evidence produced by Wachovia."  (*See* Mattel Reply at

21   2:12-3:9; 7:13-10:14; 19:25-20:2 & Decl. Stephen Hauss Exs. 1-10.)

22         The well established rule in the Ninth Circuit is that "a party may not make

23   new arguments in the reply brief."  *United States v. Cox*, 7 F.3d 1458, 1463 (9th

24   Cir. 1993); *see Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990) ("It is

25   well established in this circuit that the general rule is that appellants cannot raise a

26   new issue for the first time in their reply briefs."); *United States v. Wright*, 215

27   F.3d 1020, 1030 n.3 (9th Cir. 2000) (declining to consider arguments raised for the

28   first time in respondents' reply brief); *see also United States v. Boyce*, 148 F. Supp.

1    2d 1069, 1085 (S.D. Cal. 2001) ("it is improper for a party to raise a new argument

2    in a reply brief."); *Grupo Gigante S.A. de C.V. v. Dallo & Co., Inc.*, 119 F. Supp.

3    2d 1083, 1003, n.15 (C.D. Cal. 2000) ("The Court need not, and does not, consider

4    arguments raised for the first time in a reply brief"); *Intrade Indus., Inc. v. Foreign*

5    *Cargo Management Corp., et. al.*, No. 07-CV-1893 AWI (GSA) 2008 U.S. Dist.

6    LEXIS 105911, at *5 (E.D. Cal. Dec. 23, 2008) ("it is improper for a party to raise

7    a new argument in a reply brief."); *Stewart v. Wachowski*, 2004 WL 2980783, at

8    *11 (E.D. Cal. 2007) ("Courts decline to consider arguments that are raised for the

9    first time in reply."); *Hamilton v. Willms*, 2007 WL 2558615, at *11 (E.D. Cal.

10   2007) ("The court cannot grant a motion on a new argument or new evidence

11   presented for the first time in a reply brief.").

12          Indeed, in this litigation the Court and the Discovery Master have repeatedly

13   refused to consider new arguments raised for the first time in a party's reply brief.

14   "A party filing a motion is **required to raise all of its arguments in its opening**

15   **brief** to prevent 'sandbagging' of the non-moving party and to provide opposing

16   counsel a chance to respond." (Order No. 3 at 6:3-6) (emphasis added).

17          Therefore, the Court should strike all new arguments and evidence presented

18   in Mattel's Reply including, without limitation, all allegations contained on page 2,

19   line 12 to page 3, line 9; page 7, line 13 to page 10, line 14; and page 19, line 25 to

20   page 20, line 2, as well as the entire Declaration of Stephen Hauss filed in support

21   of the Reply including Exhibits 1 through 10.

**III.   THE WACHOVIA DOCUMENTS ARE NOT INCONSISTENT**

**WITH THE DISCOVERY MASTER'S PRIOR FINDINGS OR**

**BINGHAM'S PRIOR STATEMENTS**

25          In its Reply, Mattel contends that certain documents produced by Wachovia

26   are inconsistent with statements made by Bingham regarding the ownership of the

27   Financing Entities (specifically Omni 808) and the Discovery Master's finding in

28   his March 10 Order that "it does not appear that either MGA Entertainment, Inc.,

1   MGA Entertainment (HK) Limited, or Larian have an ownership interest in the

2   Financing Entities." (Order No. 3 at 4:2-4.)  Mattel's contention is inaccurate and

3   its reliance on selective excerpts from certain documents taken out of context is, at

4   best, disingenuous.

5        Consistent with both Bingham's statements and the Discovery Master's

6   findings, **MGA Entertainment, Inc., MGA Entertainment (HK) Limited, and**

7   **Isaac Larian do not have, and have never had, any ownership interest in, or**

8   **control over, the Financing Entities**.  In fact, the excerpts from the Wachovia

9   documents that Mattel selectively attaches to its reply brief out of context (as well

10  as the thousands of other documents that Mattel selectively chose not to attach to

11  its reply brief) say *nothing* about MGA's or Mr. Larian's ownership interest in the

12  Financing Entities because they have no such interest.

13       Mattel references three excerpts from three documents, none of which show

14  that MGA or Mr. Larian have any ownership or control of the Financing Entities.

15  First, Mattel references a sentence in an initial offer letter to Wachovia dated June

16  29, 2008, which states that "Isaac Larian will have a non-voting limited interest in

17  the Loan Acquisition, but will not directly or indirectly control the acquired

18  Obligations." (Hauss Dec. Ex. 3.)  This says nothing about MGA's or Larian's

19  ownership of Omni 808.  This "non-voting limited interest" proposed in the initial

20  offer letter to Wachovia refers to a *contemplated* non-voting, non-controlling

21  interest that *was not employed* and *never actually happened*.  The actual agreement

22  between Omni 808 and Wachovia (the Master Assignment and Exchange

23  Agreement) and related documents presumably produced by Wachovia to Mattel

24  show that Mr. Larian has no such interest, but Mattel conveniently chose *not* to

25  attach any of these documents to its Reply.  Indeed, this initial offer was rejected.

26       Second, Mattel references a sentence in a "Secured Delayed Draw Demand

27  Note between MGA and Omni 808 dated October 16, 2008, which states that

28  "OMNI shall have previously received the proceeds … of a loan in the principal

1  amount of, and for the purpose of funding, such requested Draw made by IGWT

2  826 Investments, LLC … to OMNI 808 under that Senior Promissory Note dated

3  October 16, 2008 by and between OMNI 808, as maker, and IGWT." (Hauss Dec.

4  Ex. 5.)  This also says nothing about MGA's or Mr. Larian's ownership interest in,

5  or control over, Omni 808.  This relates to an unsecured loan from IGWT 826

6  Investments, LLC ("IGWT") to Omni 808 apart from and after the original

7  transaction.  Like MGA and Mr. Larian, **IGWT has no ownership interest in, or**

8  **control over, Omni 808, and no equity interest in, or right to make any**

9  **decisions, with respect to Omni 808's investment in MGA's debt obligation.**

10  In fact, the very nature and terms of the referenced agreements between Omni 808,

11  on the one hand, and MGA and IGWT, on the other hand, alone demonstrates that

12  Omni 808 is a separate, independent and unrelated entity.

13       Finally, Mattel references a provision in a Senior Promissory Note dated

14  September 3, 2008 between Wachovia and MGA that Mattel claims "treats Omni

15  as an 'affiliate' of MGA."  (Mattel Reply at 3:6.)  This also says nothing about

16  MGA's or Mr. Larian's ownership interest in, or control over, Omni 808, and, in

17  fact, is taken so completely out of context that it further demonstrates Mattel's

18  intention to confuse and mislead the Court.

19       The provision in paragraph 9(b) of the Senior Promissory Note provides that

20  "the Borrower [MGA] will not … enter into any transaction … with any Affiliate,

21  except transactions in the ordinary course of and pursuant to the reasonable

22  requirements of the business of the Borrower … and upon terms that are no less

23  favorable to the Borrower … than would be obtained in a comparable arm's length

24  transaction with a Person that is not an Affiliate.  **For purposes of this covenant,**

25  the Purchaser [Omni 808] and each of its Affiliates shall be considered Affiliates

26  of the Borrower [MGA] and its Subsidiaries."   (Hauss Dec. Ex. 7 at 12, emphasis

27  added.)  This clause was included in paragraph 9(b) precisely because **Omni 808 is**

28  **not, in fact, an affiliate of MGA** and thus did not satisfy the definition of

A/72910736.6/3009108-0000337036                    -8-

1  "Affiliate" on the first page of the Note.  If Omni *were an affiliate* of MGA, there

2  would be no need for the parties to add this caveat only for purposes of this

3  particular covenant in paragraph 9(b).  This is a standard covenant in virtually all

4  credit agreements to memorialize that any transactions between the Borrower [in

5  this case MGA] and the Purchaser [in this case Omni 808] would be at arm's

6  length -- which further supports the fact that Omni 808 is a separate, independent

7  and unrelated entity.[2]

8       Therefore, none of the references in the Wachovia documents are

9  inconsistent with or undermine, let alone contradict, Bingham's prior statements or

10  the Discovery Master's findings in the March 10 Order.

11  **IV.   MATTEL'S NEW ARGUMENTS DO NOT MAKE THE**

12         **BINGHAM SUBPOENA ANY LESS ABUSIVE OR IMPROPER**

13       Mattel's arguments regarding the ownership and control of Omni 808 are not

14  only inaccurate, but they also are entirely *irrelevant* to the motion before the Court.

15  Mattel fails to explain how the documents produced by Wachovia in any way

16  change the Discovery Master's analysis regarding the document requests to

17  Bingham at issue.

18       The Discovery Master's March 10 Order regarding these same requests was

19  premised on Mattel's failure to demonstrate "a nexus between the information

20  sought by the Subpoenas, on the one hand, and the Phase 2 claims and

21

---

22  [2] Mattel also cites to what purports to be an internal Wachovia memo that provides an "overview of the recent sale of our MGA loan to Omninet Capital" including a

23  summary of the covenants in the Senior Promissory Note (discussed above). Mattel specifically references an excerpt of the memo purporting to describe

24  paragraph 9(b) of the Senior Promissory Note (as discussed above) stating "Affiliate transactions are restricted (Omninet is considered an affiliate) except in

25  ordinary course with reasonable arm's length terms."  (Hauss Dec. Ex. Ex. 8 at 3.) This internal Wachovia memo has no legal significance, misstates the terms of the

26  agreement (i.e., the purchaser was Omni 808, not Omninet), and, as explained above, the only reason the parties agreed to treat Omni 808 as an affiliate only "for

27  purposes of this covenant" is because *Omni 808 is not, in fact, an affiliate of MGA.*

28

1    counterclaims set for trial in March 2010, on the other hand." (Order No. 3 at

2    3:10-12.) The fact that Omni 808 acquired a MGA debt obligation from Wachovia

3    *(which Mattel admits was a perfectly legitimate loan from Wachovia to MGA)* does

4    not make Mattel's requests for documents relating to Bingham's fee arrangements

5    and relationships with its non-party clients any more relevant to Phase 2 of the

6    Bratz doll litigation between Mattel and MGA.

7         Indeed, in its reply brief, Mattel pointedly avoids trying to tie this purported

8    new evidence to any of the particular requests in the Bingham subpoena, or to any

9    claim or defense in Phase 2. Instead, Mattel argues for the first time that several

10   (misconstrued) excerpts from the Wachovia documents raise a question "whether

11   MGA is under an *actual* obligation to repay the more than $300 million in debt,"

12   which Mattel claims is potentially relevant to MGA's net worth. (Mattel Reply at

13   2:8-9.) This is nonsense.

14        First, Mattel's purported theory -- that Omni 808 gifted Wachovia millions

15   of dollars to acquire a debt obligation from MGA with no expectation of

16   repayment -- is not only specious, irrational and contradicted by the evidence, but

17   it is entirely irrelevant to the motion before the Court. The Discovery Master

18   correctly ruled in his March 10 Order that "Mattel has failed to sufficiently

19   articulate the necessary connection between most of the Financing Discovery and

20   any Phase 2 issue." (Order No. 3 at 25:5-6.) Mattel's new arguments do not

21   address or change the fact that the document requests to Bingham seek privileged

22   and irrelevant information that is not narrowly tailored to Phase 2 issues. This

23   ground alone is sufficient to quash Mattel's subpoena. *See Mattel, Inc. v. Walking*

24   *Mountain Productions*, 353 F. 3d 792 (9th Cir. 2003).

25        Second, the fact that Mattel claims to have concerns regarding the debt owed

26   by MGA to Omni 808 misses the point. **Mattel already has obtained 10,000**

27   **documents from Wachovia and the Discovery Master already has ordered**

28   **Omni 808 to produce documents relating to any debt owed by MGA to Omni**

A/72910736.6/3009108-0000337036                    -10-

1   **808** (*including* the debt purchased from Wachovia), and all communications

2   between Omni 808 and the MGA parties (*including* Mr. Larian) regarding any such

3   indebtedness.  (Order No. 3 at 29-30.)  Thus, Mattel's new arguments, at best,

4   further support the Discovery Master's March 10 Order and in no way cure any of

5   the irrelevant and overly broad categories of documents rejected by the Discovery

6   Master.

7       <u>Third</u>, to the extent Mattel wishes to further explore its factually baseless

8   contention that MGA or Mr. Larian has any interest in Omni 808, beyond the

9   documents already produced or being produced by Wachovia, Omni 808 and

10  IGWT, the Discovery Master in his March 10 Order specifically left open that

11  "Mattel could, upon establishing a nexus to a legitimate Phase 2 issue, **seek to**

12  **obtain this information from MGA.**"[3]  Therefore, as previously explained, the

13  documents requested in the Bingham subpoena are either privileged, irrelevant or

14  duplicative of documents already produced or being produced by Omni 808,

15  Wachovia or others, or that Mattel may request from MGA.

16  **V.   CONCLUSION**

17      For the foregoing reasons, Bingham respectfully requests the Court strike all

18  new arguments and evidence presented in Mattel's Reply in Support of Motion to

19  Compel Bingham to Produce Documents Responsive to Subpoena including,

20  without limitation, all allegations contained on page 2, line 12 to page 3, line 9;

21  page 7, line 13 to page 10, line 14; and page 19, line 25 to page 20, line 2; and the

22  entire Declaration of Stephen Hauss filed in support of the Reply including

23

24  [3] The Discovery Master stated: "Of course, this [any alleged ownership interest of
25  MGA or Larian in the Financing Entities] is one of the facts Mattel seeks to
    investigate through the Subpoenas to the Financing Entities.  The Discovery
26  Master's ruling denying Mattel's Motion to Compel the Financing Parties to
    comply with the Subpoenas does not address -- and should not be construed as
27  deciding -- whether Mattel could, upon establishing a nexus to a legitimate Phase 2
    issue, seek to obtain this information from MGA." (Order No. 3 at 4 fn 2.)

28

1   Exhibits 1 through 10.  Bingham further requests that the Court deny Mattel's

2   Motion to Compel in its entirety.

3

4   DATED:  April 2, 2009                         Bingham McCutchen LLP

5

6                                                 By: _____

7                                                      Todd E. Gordinier

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28