# EXHIBIT 15

1   Bingham McCutchen LLP
    TODD E. GORDINIER (SBN 82200)
2   todd.gordinier@bingham.com
    PETER N. VILLAR (SBN 204038)
3   peter.villar@bingham.com
    CRAIG A. TAGGART (SBN 239168)
4   craig.taggart@bingham.com
    600 Anton Boulevard, 18th Floor
5   Costa Mesa, CA 92626-1924
    Telephone: 714.830.0600
6   Facsimile: 714.830.0700

7
    Attorneys for Non-Parties
8   LEON NEMAN, FRED MASHIAN
    and NEIL KADISHA

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                    EASTERN DIVISION

12

13   CARTER BRYANT, an individual,         Case No. CV 04-9049 SGL (RNBx)

14         Plaintiff,                      Consolidated with Case No.
                                           CV 04-09059 and Case No. CV 05-2727
15         v.
                                           **DISCOVERY MATTER**
16   MATTEL, INC., a Delaware              **To be heard by Discovery Master**
     Corporation,                          **Robert C. O'Brien**
17
           Defendant.                      **NOTICE OF MOTION AND**
18                                         **MOTION TO QUASH AND/OR FOR**
                                           **PROTECTIVE ORDER RE**
19                                         **SUBPOENAS ISSUED BY MATTEL,**
                                           **INC. TO NON-PARTIES LEON**
20                                         **NEMAN, FRED MASHIAN AND**
                                           **NEIL KADISHA; MEMORANDUM**
21                                         **OF POINTS AND AUTHORITIES IN**
                                           **SUPPORT**
22
                                           **[DECLARATION OF PETER N.**
23                                         **VILLAR FILED CONCURRENTLY]**

24                                         Date:    TBD
                                           Time:    TBD
25                                         Place:   Arent Fox LLP
                                                    555 West Fifth Street
26                                                  48th Floor
                                                    Los Angeles, CA 90013
27   AND CONSOLIDATED ACTIONS.

28

EXHIBIT      15

PAGE      123

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Non-parties Leon Neman, Fred Mashian and Neil Kadisha (collectively, "Non-party Deponents") will and hereby do move pursuant to Federal Rules of Civil Procedure 26(c) and 45 for a protective order and/or to quash the deposition subpoenas issued by Mattel, Inc. The motion will be heard at a date and time to be determined before the Discovery Master, Robert C. O'Brien.

The motion is made on the grounds that the deposition subpoenas are objectionable on many grounds and that this Court should quash them and/or issue a protective order under Rules 26(c) and 45 of the Federal Rules of Civil Procedure because, among other things: (1) the subpoenas seek information that is not relevant and beyond the scope of the Discovery Master's Order No. 3 issued on March 10, 2009; (2) the subpoenas are duplicative of discovery already sought by Mattel and abusively drawn for the purpose of annoying, harassing and exerting pressure on the Non-party Deponents; (3) any information purportedly relevant to Phase 2 should be first sought from the parties before burdening non-parties; and (4) Mattel unilaterally set the deposition dates and times without consulting with the Non-party Deponents or their counsel.

This motion is based on the Notice of Motion and Motion to Quash and/or for Protective Order, the attached Memorandum of Points and Authorities in support thereof, the supporting Declaration of Peter N. Villar filed herewith, the pleadings and records on file in this action, any matters to which this Court may take judicial notice, and any further evidence and argument as may be presented on this motion.

EXHIBIT ___15___

PAGE ___124___

1   DATED:  March 12, 2009                    Bingham McCutchen LLP

2

3                                        By:

4                                           Peter N. Villar
                                            Attorneys for Non-Parties
5                                           LEON NEMAN, FRED MASHIAN
                                            and NEIL KADISHA
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72865234.2/3009108-0000337036

-3-

EXHIBIT _____ 15

PAGE _____ 125

1

## TABLE OF CONTENTS

2

Page

3    I.   INTRODUCTION.................................................................................1

4    II.  STATEMENT OF FACTS.....................................................................4

5    III. LEGAL ARGUMENT ..........................................................................6

6         A.   The Court Has The Discretion To Quash The Subpoenas

7              And/Or Issue A Protective Order..................................................6

8         B.   The Court's March 10, 2009 Order Affirms That Mattel's

9              Subpoenas To The Non-party Deponents Should Be Quashed...........8

10             1.   Mattel's Deposition Subpoenas Are Improper And Seek

11                  Irrelevant Information................................................8

12             2.   Mattel's Document Requests To Mr. Kadisha Should Be

13                  Quashed Because It Is Overbroad And Seeks Documents

14                  Irrelevant To Phase 2 ...............................................10

15        C.   Mattel's Subpoenas Should Be Quashed Because They Are

16             Duplicative, Overbroad And Abusively Drawn.............................12

17        D.   Mattel's Subpoenas Should Be Quashed Because Mattel Has

18             Made No Effort To Obtain The Information From The Parties

19             Before Burdening Non-Parties...................................................14

20        E.   The Court Should Quash The Subpoenas Because Mattel Failed

21             To Meet And Confer Before Scheduling The Depositions ...............15

22   IV.  CONCLUSION .................................................................................16

23

24

25

26

27

28

EXHIBIT    15
PAGE       126

1

# TABLE OF AUTHORITIES

2

3 **Page(s)**

**FEDERAL CASES**

4

5 *Anderson v. Abercrombie & Fitch Stores, Inc.,*
No. 06cv991-WQH (BLM), 2007 WL 1994059 (S.D. Cal. Jul. 2, 2007)..........14

6

7 *Beinin v. Center for Study of Popular Culture,*
No. C 06-02298 JW, 2007 WL 1795693 (N.D. Cal. June 20, 2007)..................7

8 *Dart Industries Co., Inc. v. Westwood Chemical Co., Inc.,*
649 F.2d 646 (9th Cir. 1980).................................................................................7

9

10 *Exxon Shipping Co. v. U.S. Dept. of Interior, et al.,*
34 F.3d 774 (9th Cir.1994)...................................................................................6

11

12 *Fairview Development Corp. v. Aztex Custom Homebuilders, LLC,*
No. CV-07-0337-PHX-SMM, 2008 WL 2113492 (D. Ariz. May 16,
13 2008).......................................................................................................................6

14 *Hackmann v. Auto Owners Ins. Co.,*
No. 2:05-cv-876, 2009 WL 330314 (S.D. Ohio Feb. 6, 2009) ...........................6

15

16 *Jadwin v. County of Kern,*
No. CV-F-07-026 OWW/TAG, 2008 WL 2916386 (E.D. Cal. Jul. 28,
17 2008).......................................................................................................................7

18

19 *Koninklike Philips Electronics N.V. v. KXD Technology, Inc.,*
No. 2:05-cv-1532-RLH-GWF, 2007 WL 3101248 (D. Nev. Oct. 16,
20 2007).....................................................................................................................15

21 *Laxalt v. McClatchy,*
116 F.R.D. 455 (D. Nev. 1986)............................................................................7

22

23 *Lizotte v. Praxair, Inc.,*
No. C07-1868RSL, 2009 WL 159249 (W.D. Wash. Jan. 22, 2009)...................7

24

25 *Mattel, Inc. v. Walking Mountain Productions,*
353 F.3d 792 (9th Cir. 2003)..................................................................3, 12, 13

26

27 *Moon v. SCP Pool Corp.,*
232 F.R.D. 633 (C.D. Cal. 2005)........................................................................14

28

15

127

PAGE

*Ray v. BlueHippo Funding, LLC,*
   No. C-06-1807 JSW (EMC), 2008 WL 3399392 (N.D. Cal. Aug. 11,
   2008)...................................................................................................... 15

*Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.,*
   164 F.R.D. 232 (S.D. Ohio 1995)........................................................... 15

*Theofel v. Farey-Jones,*
   341 F.3d 978 (9th Cir. 2003)................................................................... 6

*Valvida v. Kmart Corp.,*
   2000 WL 1739215 (D. Virgin Islands 2000) ......................................... 15

**RULES**

Fed. R. Civ. P. 10.............................................................................................. 11

Fed. R. Civ. P. 26.............................................................................................. 7

Fed. R. Civ. P. 26(c)(1)..................................................................................... 7

Fed. R. Civ. P. 26(c) ........................................................................................ 7

Fed. R. Civ. P. 26(c)(1)(A), (B) & (D)............................................................. 7

Fed. R. Civ. P. 30(b)(6) .................................................................................... 13

Fed. R. Civ. P. 45.............................................................................................. 7

Fed. R. Civ. P. 45(c)(3)..................................................................................... 6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

# MEMORANDUM OF POINTS AND AUTHORITIES

3 **I.    INTRODUCTION**

4         In its latest effort to intimidate and harass non-parties in connection with this

5 litigation, Mattel, Inc. ("Mattel") has issued three more deposition subpoenas to

6 non-parties Leon Neman (principal of Vision Capital, LLC), Fred Mashian

7 (outside attorney for Vision Capital, LLC) and Neil Kadisha (principal of Omninet

8 Capital, LLC and Omni 808 Investors, LLC) (collectively, "Non-party

9 Deponents"). The Discover Master already issued an Order dated March 10, 2009

10 finding that information relating to Vision Capital, LLC and Omninet Capital, LLC

11 is not relevant to the issues in this case, and that only a limited category of

12 documents relating to Omni 808 Investors, LLC is discoverable. Despite the

13 Court's Order, however, Mattel issued these subpoenas to obtain the very

14 information and documents from the Non-party Deponents that the Discovery

15 Master determined <u>could not be obtained</u> from the non-party Finance Entities and

16 is <u>not relevant</u> to the Phase 2 proceedings between Mattel and MGA

17 Entertainment, Inc. ("MGA"). The time has come for this Court to put an end to

18 Mattel's relentless assault on innocent non-parties.

19         The Court should quash theses subpoenas and/or issue a protective order

20 prohibiting Mattel from taking the depositions of the Non-party Deponents or from

21 obtaining the 44 categories of documents requested from Mr. Kadisha for the

22 following reasons. <u>First</u>, this Court's March 10, 2009 Order relating to Mattel's

23 document subpoenas directed to Omni 808 Investors, LLC, OmniNet Capital, LLC

24 and Vision Capital, LLC (collectively, "Financing Entities") affirmed that the

25 information Mattel is seeking from the Financing Entities, and the individuals

26 related thereto, is irrelevant to the Phase 2 proceedings between Mattel and MGA.

27 The Discovery Master held that "it does not appear that either MGA

28 Entertainment, Inc., MGA Entertainment (HK) Limited, or Larian have an

A/72865234.2/3009108-0000337036

-1-

EXHIBIT ___15___

PAGE ___129___

1   ownership interest in the Financing Entities." (March 10, 2009 Discovery Master

2   Order at 4.)   Furthermore, after rejecting each of Mattel's relevance arguments,

3   the Discovery Master held that "Mattel's Motion to Compel the Financing Entities

4   to produce documents responsive to the Subpoenas is **DENIED** with respect to

5   OmniNet Capital, LLC and Vision Capital, LLC." (March 10, 2009 Discovery

6   Master Order at 28.) The Court specifically noted that "neither entity is alleged by

7   Mattel to be a creditor of MGA Entertainment, Inc." (March 10, 2009 Discovery

8   Master Order at 19 n. 17.) The Court also denied Mattel's motion to compel all

9   but a narrow subset of the documents sought from Omni 808. The only documents

10   that the Court ordered to be disclosed are "documents relating to (1) the existence

11   of any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC,

12   including any debt purchased from Wachovia Bank, and (2) any communications

13   between Omni 808 Investors, LLC and the MGA parties regarding any such

14   indebtedness." (March 10, 2009 Discovery Master Order at 29.)

15       In light of the Court's March 10, 2009 Order, the deposition subpoenas are

16   improper and should be quashed. Mr. Neman is a principal of Vision Capital.

17   Thus, because this Court determined that the subpoena to Vision Capital is

18   improper, there is no reason to depose Mr. Neman.  Further, Mr. Mashian is a

19   business attorney that has provided legal services on occasion for Vision Capital,

20   LLC.  Thus, there are no grounds to depose Mr. Mashian.

21       There is also no basis on which to depose or obtain documents from Mr.

22   Kadisha, a principal of Omninet Capital and Omni 808.  The Discovery Master

23   already found that information relating to Omninet Capital is not relevant to this

24   action, and found that information relating to Omni 808 is not relevant except for a

25   narrow subset of documents relating to "MGA's net worth."  Because all

26   potentially relevant information will be produced by Omni 808 pursuant to the

27   Discovery Master's March 10 Order, there is no basis or need to depose Mr.

28   Kadisha.  Moreover, each of the 44 broad categories of documents requested by

A/72865234.2/3009108-0000337036                -2-

EXHIBIT _____ 15

PAGE _____ 130

1   Mattel from Mr. Kadisha is either irrelevant or duplicative in light of the Court's

2   March 10 Order.

3          Second, Mattel's subpoenas are abusively drawn for the purpose of

4   annoying, harassing and exerting pressure on the Non-party Deponents.  As this

5   Court is aware, these abusive litigation tactics are not new to either Mattel or its

6   counsel at Quinn Emanuel.  Indeed, the leading Ninth Circuit Court of Appeals

7   opinion concerning abusive non-party discovery involves subpoenas served by

8   Mattel and Quinn Emanuel under similar (though less egregious) circumstances.

9   In that case, *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792 (9th Cir.

10  2003), the Court found that Mattel served the subpoenas to "exert pressure" on

11  non-party witnesses and that "a pattern is clear in this case that [Mattel's counsel]

12  files these oppressive subpoena requests ... for the purpose of annoying and

13  harassment and not really for the purpose of getting information." *Id.* at 814.  The

14  Court quashed the subpoenas and sanctioned Mattel for abuse of the discovery

15  process. *Id.*  The Court should do the same here.

16         Third, although it is now clear that the deposition subpoenas are improper

17  given this Court's March 10, 2009 Order, even if this Court were to determine that

18  any of the Non-party Deponents potentially have relevant information, the Court

19  should forbid the depositions from going forward until Mattel has exhausted its

20  ability to obtain the information from actual parties to the litigation.  There is

21  ample authority for the proposition that parties are required to seek information

22  from actual parties to a case before burdening non-parties.

23         Fourth, the Court should quash the subpoenas because Mattel unilaterally

24  noticed the depositions without extending the most basic professional courtesy of

25  contacting counsel for MGA or the Non-party Deponents before scheduling the

26  depositions and refused to even respond to MGA's and the Non-party Deponents'

27  written requests to withdraw or reschedule the depositions.  Furthermore, some of

28  the depositions conflict with hearings that are scheduled before this Court.

A/72865234.2/3009108-0000337036                    -3-

EXHIBIT _____ 15

PAGE _____ 131

1   Mattel's failure to extend this basic professional courtesy and respond to the Non-
2   party Deponents' written requests is an independent basis to quash the subpoenas.
3        Accordingly, the Non-party Deponents respectfully request that the Court
4   quash the subpoenas and/or issue a protective order forbidding the depositions
5   from going forward.
6
7   **II.   STATEMENT OF FACTS**
8        On February 25 and 26, 2009, Mattel issued three deposition subpoenas on
9   non-parties Leon Neman, Fred Mashian and Neil Kadisha ("Non-party
10  Deponents"). (Exs. A, B, C to Villar Decl.)  The subpoena directed to Mr. Kadisha
11  also requests 44 broad categories of documents, which seek virtually the exact
12  same information and documents contained in the subpoenas to the non-party
13  Finance Entities that the Discovery Master found to be irrelevant pursuant to the
14  March 10, 2009 Order.
15       On March 4, 2009, the Court held a hearing on Mattel's Motion to Compel
16  the Production of Documents Responsive to Third-Party Subpoenas. The Court
17  informed the parties it would issue an order on the motions the following week.
18  The Court has also scheduled a hearing on Non-Party Bingham McCutchen LLP's
19  Motion to Quash Mattel's Subpoena to Bingham McCutchen LLP for April 14,
20  2009.
21       On or about March 6, 2009, following Mattel's notice of the depositions,
22  Amman A. Khan, attorney for MGA Entertainment, Inc., wrote a letter Jon Corey,
23  attorney for Mattel. (Ex. D to Villar Decl.) Mr. Khan informed Mr. Corey that
24  none of the dates were cleared by MGA before scheduling the depositions. (Id.)
25  Further, Mr. Khan also informed Mr. Corey that some of non-party witness
26  depositions conflict with hearings that are set before this Court. (Id.)
27       Shortly thereafter, on March 6, 2009, Peter Villar, attorney for the Non-party
28  Deponents, sent a letter to Mr. Corey. (Ex. E to Villar Decl.) Mr. Villar told Mr.

A/72865234.2/3009108-0000337036          -4-

EXHIBIT 15
PAGE 132

1   Corey that Mattel did not have the courtesy to clear any of the deposition dates

2   with Bingham or the Non-party Deponents either. (*Id.*) Mr. Villar also explained

3   that the deposition subpoenas are just as improper as the document subpoenas that

4   Mattel issued to other Non-party Finance Entities. (*Id.*) Mr. Villar requested that

5   the depositions be taken off-calendar because, at a minimum, they were premature

6   given the fact that the Court's rulings on the pending discovery motions would

7   necessarily impact the propriety, timing and scope of any third-party discovery.

8   (*Id.*) Mr. Villar also informed Mr. Corey that if Mattel does not take the

9   depositions off-calendar, the Non-party Deponents would have no choice but to

10  notify the Discovery Master so as to preserve their rights. (*Id.*) Mattel never

11  responded to either Mr. Khan's or Mr. Villar's letter. (Villar Decl., ¶ 7.)

12       On March 10, 2009, the Court issued its Order No. 3, Regarding: (1) Motion

13  of MGA Entertainment, Inc., Isaac Larian and MGA Entertainment (HK) Limited

14  to Quash Non-party Subpoenas; and (2) Motion of Mattel, Inc. to Compel

15  Production of Documents Responsive to the Same Non-party Subpoenas. Among

16  other things, the Court's Order specifically addressed Mattel's Motion to Compel

17  in relation to the subpoenas directed to Omni 808 Investors, LLC, Omninet

18  Capital, LLC and Vision Capital, LLC (collectively, "Financing Entities").

19       The Court held that "Mattel's Motion to Compel the Financing Entities to

20  produce documents responsive to the Subpoenas is **DENIED** with respect to

21  OmniNet Capital, LLC and Vision Capital, LLC." (March 10, 2009 Discovery

22  Master Order at 28.) The Court specifically noted that "neither entity is alleged by

23  Mattel to be a creditor of MGA Entertainment, Inc." (March 10, 2009 Discovery

24  Master Order at 19 n. 17.) Further, the Court also denied Mattel's Motion to

25  Compel for all but a narrow subset of the documents sought from Omni 808. The

26  Court held that a very limited number of documents are relevant to "MGA's Net

27  Worth." (March 10, 2009 Discovery Master Order at 19, 20.) Specifically, the

28  Court ordered only the production of "documents relating to (1) the existence of

EXHIBIT _____ 15

PAGE _____ 133

1   any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC,

2   including any debt purchased from Wachovia Bank, and (2) any communications

3   between Omni 808 Investors, LLC and the MGA parties regarding any such

4   indebtedness." (March 10, 2009 Discovery Master Order at 29.)  The Court

5   "denied" all other documents sought from Mattel's subpoenas to the Non-party

6   Finance Entities.  (*Id.*)

7        Despite the Court's March 10, 2009 Order, Mattel has not agreed to

8   withdraw its subpoenas to the Non-party Deponents.  Thus, the Non-party

9   Deponents had no alternative but to move to quash the subpoenas and for a

10  protective order.

11

12  **III.    LEGAL ARGUMENT**

13       **A.    The Court Has The Discretion To Quash The Subpoenas**

14            **And/Or Issue A Protective Order**

15       "The subpoena power is a substantial delegation of authority to private

16  parties, and those who invoke it have a grave responsibility to ensure it is not

17  abused."  *Theofel v. Farey-Jones*, 341 F.3d 978, 984 (9th Cir. 2003).  Rule 45(c),

18  which sets forth the procedures for quashing abusive subpoenas, "is intended to

19  protect nonparties to litigation from, in effect, suffering inconvenience or expense

20  from having to participate in someone else's quarrel."  *Hackmann v. Auto Owners*

21  *Ins. Co.*, No. 2:05-cv-876, 2009 WL 330314, at *1 (S.D. Ohio Feb. 6, 2009); *see*

22  *also Fairview Development Corp. v. Aztex Custom Homebuilders, LLC*, No. CV-

23  07-0337-PHX-SMM, 2008 WL 2113492, at *1 (D. Ariz. May 16, 2008) ("'A court

24  *must* quash or modify a subpoena that subjects a person to undue burden' . . . [and]

25  *must* quash a subpoena that 'requires disclosure of privileged or other protected

26  matter, if no exception or waiver applies.'") (emphasis added); *Exxon Shipping Co.*

27  *v. U.S. Dept. of Interior, et al.*, 34 F.3d 774, 779 (9th Cir.1994) ("Rule 26(c) and

28  Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas

A/72865234.2/3009108-0000337036

-6-

EXHIBIT     -15

PAGE     134

1    causing 'undue burden.'").

2        Furthermore, under Federal Rule of Civil Procedure 26(c), "[t]he Court has

3    discretion to issue a protective order forbidding or limiting discovery." *Lizotte v.*

4    *Praxair, Inc.*, No. C07-1868RSL, 2009 WL 159249, at *1 (W.D. Wash. Jan. 22,

5    2009) (citing Fed. R. Civ. P. 26(c)(1)). Rule 26(c) of the Federal Rules of Civil

6    Procedure provides, in pertinent part, that "[t]he court may, for good cause, issue

7    an order to protect a party or person from annoyance, embarrassment, oppression,

8    or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). The Court's order may

9    include: (1) "forbidding the disclosure or discovery;" (2) "specifying terms,

10   including time and place, for the disclosure or discovery;" and (3) "forbidding

11   inquiry into certain matters, or limiting the scope of disclosure or discovery to

12   certain matters." Fed. R. Civ. P. 26(c)(1)(A), (B) & (D).

13       It is also well-recognized in the Ninth Circuit that the protections afforded

14   under the Federal Rules of Civil Procedure are heightened where a non-party is

15   moving to quash and/or for a protective order. *See, e.g., Dart Industries Co., Inc.*

16   *v. Westwood Chemical Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While

17   discovery is a valuable right and should not be unnecessarily restricted, the

18   'necessary' restriction may be broader when a nonparty is the target of discovery")

19   (citation omitted); *see also Laxalt v. McClatchy*, 116 F.R.D. 455, 457 (D. Nev.

20   1986) (it is "well established that nonparties to litigation enjoy greater protection

21   from discovery than normal parties"); *Jadwin v. County of Kern*, No. CV-F-07-026

22   OWW/TAG, 2008 WL 2916386, at *2 (E.D. Cal. Jul. 28, 2008) ("Discovery

23   restrictions may be even broader where the target is a non-party."); *Beinin v.*

24   *Center for Study of Popular Culture*, No. C 06-02298 JW, 2007 WL 1795693, at

25   *6 (N.D. Cal. June 20, 2007) ("necessary restrictions must be imposed on non-

26   party discovery to protect third parties from harassment, inconvenience, or

27   disclosure of confidential documents") (citation omitted). Indeed, this Court has

28   specifically noted "[c]ourts applying Rules 26 and 45 have interpreted these rules

EXHIBIT       15

PAGE       135

1   to afford non-parties special heightened protection against burdensome discovery."

2   (March 10, 2009 Discovery Master Order at 14.)

3       As set forth below the Court should quash the subpoenas and/or issue

4   protective order because, among other things: (1) the subpoenas seek information

5   that is not relevant and beyond the scope of the Discovery Master's Order No. 3

6   issued on March 10, 2009; (2) the subpoenas are duplicative of discovery already

7   sought by Mattel and abusively drawn for the purpose of annoying, harassing and

8   exerting pressure on the Non-party Deponents; (3) any information purportedly

9   relevant to Phase 2 should be sought from the parties before burdening non-

10  parties; and (4) Mattel unilaterally set the deposition dates and times without

11  consulting with the Non-party Deponents or their counsel.

**B.**   **The Court's March 10, 2009 Order Affirms That Mattel's**

**Subpoenas To The Non-party Deponents Should Be**

**Quashed**

   **1.**   **Mattel's Deposition Subpoenas Are Improper**

**And Seek Irrelevant Information**

17      The Court's March 10, 2009 Order affirmed the Financing Entities'

18  contentions that Mattel's abusively drawn subpoenas are improper, harassing and

19  seek information that is wholly irrelevant to the Phase 2 proceedings between

20  Mattel and MGA. Despite the fact that Mattel's subpoenas to the Non-party

21  Deponents seeks the exact same information that this Court deemed to be

22  irrelevant, Mattel refuses to withdraw its subpoenas. Thus, the Court should quash

23  the deposition subpoenas.

24      In its March 10, 2009 Order, the Court affirmed that the information Mattel

25  is seeking from the Financing Entities, and the individuals related thereto, is

26  irrelevant to the Phase 2 proceedings between Mattel and MGA. This Court

27  specifically rejected each and every argument that Mattel presented in support of

28  the purported relevance of the documents sought from Omninet Capital, LLC and

A/72865234.2/3009108-0000337036                    -8-

EXHIBIT _____ 15

PAGE _____ 136

1   Vision Capital, LLC.  Among other things, the Court specifically noted that

2   "neither entity is alleged by Mattel to be a creditor of MGA Entertainment, Inc."

3   (March 10, 2009 Discovery Master Order at 28.)  Thus, the Court unequivocally

4   held that "Mattel's Motion to Compel the Financing Entities to produce documents

5   responsive to the Subpoenas is **DENIED** with respect to OmniNet Capital, LLC

6   and Vision Capital, LLC." (March 10, 2009 Discovery Master Order at 29.)

7          The Court also denied Mattel's Motion to Compel all but a very limited

8   subset of the documents sought from Omni 808.  All of Mattel's relevance

9   arguments relating to Omni 808 were also rejected, except a very narrow category

10  of documents relating to "MGA's networth." (March 10, 2009 Discovery Master

11  Order at 19.)  Specifically, the only documents that this Court deemed to be

12  relevant at all are "documents relating to (1) the existence of any debt owed by

13  MGA Entertainment, Inc. to Omni 808 Investors, LLC, including any debt

14  purchased from Wachovia Bank, and (2) any communications between Omni 808

15  Investors, LLC and the MGA parties regarding any such indebtedness." (March

16  10, 2009 Discovery Master Order at 29.)

17         This Court's March 10, 2009 Order affirms that Mattel's deposition

18  subpoenas to the Non-party Deponents are improper and should be quashed.  The

19  Court has made it abundantly clear that all of the information Mattel is seeking,

20  other than a very limited portion of documents sought from Omni 808 relating to

21  MGA's networth, is not relevant to the Phase 2 proceedings.  The information

22  sought from Mattel's document subpoenas to the Financing Entities is inextricably

23  intertwined with the information Mattel is seeking to obtain from the Non-party

24  Deponents.

25         Given the Court's order, there is no reason that Mattel should be permitted

26  to harass the Non-party Deponents through a series of depositions.  Mr. Neman is a

27  principal of Vision Capital.  Significantly, this Court denied Mattel's Motion to

28  Compel against Vision Capital in its entirety because, among other reasons, the

A/72865234.2/3009108-0000337036

-9-

EXHIBIT _____ 15

PAGE          137

1   information sought is not relevant to the Phase 2 proceedings. Thus, the deposition

2   of Mr. Neman, seeking the exact same information Mattel was seeking in its

3   subpoena to Vision Capital, is improper and should be quashed.

4        Similarly, Mr. Mashian is an outside business attorney that has on occasion

5   provided legal services for Vision Capital. Thus, there are no grounds to depose

6   Mr. Mashian, and the deposition subpoena directed to him must be quashed.

7        There are also no grounds to depose Mr. Kadisha, a principal of Omninet

8   Capital and Omni 808. Although this Court deemed a very limited amount of

9   Omni 808 documents relevant to "MGA's net worth," that does not justify

10  harassing Mr. Kadisha with a deposition subpoena. It is clear that the "existence of

11  any debt" and the relevant "communications between Omni 808 Investors, LLC

12  and MGA parties regarding such indebtedness" will be contained within the

13  documents that Omni 808 will be producing pursuant to this Court's March 10,

14  2009 Order. There is simply no need to depose Mr. Kadisha given that the

15  information sought will be contained within the documents. At a minimum, the

16  Court should quash the subpoena to Mr. Kadisha and require Mattel to demonstrate

17  to this Court, after reviewing the documents, what additional information it needs

18  before subjecting Mr. Kadisha to a deposition.

19        Accordingly, the Non-party Deponents respectfully request that the Court

20  quash the deposition subpoenas in their entirety.

21        2.   **Mattel's Document Requests To Mr. Kadisha**

22             **Should Be Quashed Because It Is Overbroad**

23             **And Seeks Documents Irrelevant To Phase 2**

24        In addition to the testimony sought from the Non-party Deponents, Mattel's

25  subpoena to Mr. Kadisha also requests that he produce documents in response to

26  44 overbroad, duplicative and irrelevant document requests. The documents

27  sought are the exact same documents that Mattel sought from the Financing

28  Entities and which this Court concluded were not relevant to the Phase 2

A/72865234.2/3009108-0000337036                    -10-

EXHIBIT 15
PAGE 138

1  proceedings. Thus, this Court should quash the document subpoena to Mr.

2  Kadisha in its entirety.

3    In the Court's March 10, 2009 Order, it determined, among other things, that

4  Mattel's subpoenas to Vision Capital, LLC and OmniNet Capital, LLC were

5  overbroad and sought information irrelevant to the Phase 2 proceedings between

6  Mattel and MGA. The Court denied Mattel's motions to compel in response to

7  these subpoenas in their entirety. Furthermore, the Court determined that virtually

8  all of the documents sought from Omni 808 were also irrelevant and denied

9  Mattel's motion to compel to all but a limited portion of the documents relating to

10  "the existence of any debt owed by MGA Entertainment, Inc. to Omni 808

11  Investors" and "communications between Omni 808 Investors, LLC and the MGA

12  parties regarding any such indebtedness." (March 10, 2009 Discovery Master

13  Order at 29.)

14    In its 44 requests to Mr. Kadisha, Mattel seeks the exact same documents

15  that it sought from the Financing Entities and that the Court concluded were

16  irrelevant to the Phase 2 proceedings. (*See* Ex. A to Villar Decl.) As outlined in

17  Mr. Kadisha's objections, the Financing Entities' oppositions to Mattel's motions

18  to compel and the Court's March 10, 2009 Order, Mattel's document requests seek

19  irrelevant information and are grossly overbroad.[1] (*See* Ex. F to Villar Decl.)

20  Since the Court determined that the Financing Entities were not required to

21  produce the documents that Mattel is seeking from Mr. Kadisha, there is no basis

22  to require the individuals related to the entities to produce them. Furthermore,

23  based on the Court's March 10, 2009 Order, the only documents that could

24  plausibly be relevant to Phase 2 are documents evidencing "the existence of any

25

26  _____

27  [1] Pursuant to Rule 10 of the Federal Rule of Civil Procedure, Mr. Kadisha adopts
   by reference the arguments set forth in the Financing Entities' oppositions to
   Mattel's motions to compel.

28

A/72865234.2/3009108-0000337036                    -11-

EXHIBIT    15

PAGE    139

1   debt" and "communications between Omni 808 Investors, LLC and the MGA

2   parties regarding any such indebtedness." (March 10, 2009 Discovery Master

3   Order at 29.) However, these documents are being produced by Omni 808, and

4   therefore the requests to Mr. Kadisha are duplicative. Thus, to the extent Mr.

5   Kadisha even has relevant documents in his possession, custody or control, there is

6   no basis to require him to produce these exact same documents. Accordingly, the

7   Court should quash the document subpoena to Mr. Kadisha.

8       **C.**    <u>**Mattel's Subpoenas Should Be Quashed Because They Are**</u>

9           <u>**Duplicative, Overbroad And Abusively Drawn**</u>

10       Independent of the fact that Mattel's subpoenas seek information that is

11   wholly irrelevant to the Phase 2 proceedings, the Court should quash Mattel's

12   subpoenas because they are duplicative of discovery already sought by Mattel and

13   abusively drawn for the purpose of annoying, harassing and exerting pressure on

14   the Non-party Deponents.

15       In *Mattel, Inc. v. Walking Mountain Productions*, Mattel and its counsel

16   Quinn Emanuel issued a subpoena to one of the defendant's expert's employers in

17   a purported attempt to obtain information to impeach the expert's testimony. *Id.* at

18   813. Judge Ronald Lew of the Central District of California found that Mattel's

19   subpoenas were "way too broad for the explanation given by [Mattel's counsel],"

20   "abusively drawn," and that "no attempt had been made to try to tailor the

21   information request to the immediate needs of the case." *Id.* at 813. The Court

22   found that Mattel served the subpoenas to "exert pressure" on non-party witnesses

23   and that "a pattern is clear in this case that [Mattel's counsel] files these oppressive

24   subpoena requests … for the purpose of annoying and harassment and not really

25   for the purpose of getting information." *Id.* at 814. The Court quashed the

26   subpoenas and sanctioned Mattel for abuse of the discovery process. *Id.* The

27   Ninth Circuit affirmed the district court's order quashing the subpoena and issuing

28   sanctions against Mattel. *Id.*

EXHIBIT _____ 15

PAGE _____ 140

1     In affirming the district court's order quashing the subpoena, the Ninth

2   Circuit Court of Appeals made several findings that are instructive on the issues

3   presented in this motion.  First, the court noted that "Mattel had served a virtually

4   identical Rule 30(b)(6) subpoena and document demand" on other nonparties,

5   which led such parties to withdraw as percipient witnesses.  Similarly, the

6   deposition subpoenas to the Non-party Deponents and the document subpoena on

7   Mr. Kadisha seek the exact same information sought in the subpoenas that Mattel

8   has directed to the Financing Entities and other non-parties, including, without

9   limitation, those served upon Omni 808 Investors, LLC, Vision Capital, LLC,

10   Omninet Capital, LLC, Lexington Financial, LLC, and Bingham McCutchen LLP.

11   As the Ninth Circuit Court of Appeals noted, the pattern and practice of serving

12   identically overly broad and abusive subpoenas supports the notion that the

13   subpoenas were served for an improper purpose.  *Id.* at 813-14.

14     Further, the court noted that the overbreadth of the subpoena and the tenuous

15   relationship that the subpoenaed parties had to the litigation demonstrated that the

16   subpoenas were "'served for the purpose of annoying and harassment and not

17   really for the purpose of getting information.'"  *Id.* at 814.  This is the exact same

18   tactic that Mattel and its attorneys are using in this litigation.  The Discovery

19   Master's March 10, 2009 Order affirmed that the information sought from the

20   Financing Entities is not relevant to the Phase 2 proceedings.  Furthermore, Mattel

21   has served virtually the exact same subpoena, seeking the same information, to a

22   plethora of non-parties.  Thus, similar to its tactics in *Mattel, Inc. v. Walking*

23   *Mountain Productions*, the only conclusion that can possibly be drawn from

24   Mattel's subpoenas to the Non-party Deponents is that they were issued in order to

25   annoy, burden and harass.

26     Therefore, because Mattel's subpoenas to the Non-party Deponents are

27   duplicative, overbroad, harassing and abusively drawn, the Court should quash

28   them in their entirety.

A/72865234.2/3009108-0000337036

-13-

EXHIBIT     15

PAGE     141

**D.    Mattel's Subpoenas Should Be Quashed Because Mattel**
      **Has Made No Effort To Obtain The Information From The**
      **Parties Before Burdening Non-Parties**

This Court has already determined that virtually all of the information Mattel is seeking is irrelevant to the Phase 2 proceedings. Nonetheless, if this Court somehow determines that the Non-party Deponents may have information that is relevant to the Phase 2 proceedings, the Court should issue a protective order forbidding the Non-party Deponents' depositions until Mattel has exhausted its ability to obtain the information sought from actual parties to the litigation. Mattel's attempt to burden non-parties with the expense of responding to discovery that may be obtained from parties to the litigation is wholly improper.

There is ample authority in the Ninth Circuit for the proposition that a party is required to seek information from parties before burdening non-parties. *See, e.g., Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (quashing non-party subpoena when the "requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty"); *Dibel v. Jenny Craig, Inc.*, Civil No. 06cv2533 BEN(AJB), 2007 WL 2220987, at *2 (S.D. Cal. Aug. 1, 2007) (granting motion to quash third party subpoena because request for documents "duplicative and overly burdensome" when the requested documents were available from defendants); *Anderson v. Abercrombie & Fitch Stores, Inc.*, No. 06cv991-WQH (BLM), 2007 WL 1994059, at *1 (S.D. Cal. Jul. 2, 2007) ("District courts also have broad discretion to limit discovery. For example, a court may limit the scope of any discovery method if it determines that the discovery sought is 'unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive.') (citing Fed. R. Civ. P. 26(b)(2)(C)).

Mattel is purportedly seeking information relating to Omni 808's acquisition

EXHIBIT _____ 15

PAGE _____ 142

1  of debt in MGA. However, Mattel has not exhausted its ability to obtain this

2  information from MGA or other parties to the litigation. Rather, Mattel's pattern

3  and practice has been to send subpoenas seeking the exact same information to as

4  many non-party entities as possible. Mattel's duplicative discovery is improper,

5  especially considering that Mattel can seek this information from actual parties to

6  this litigation. Thus, at a minimum, the Court should require Mattel to seek the

7  information from MGA or other parties to this action before burdening non-parties.

8    **E.    The Court Should Quash The Subpoenas Because Mattel**

9          **Failed To Meet And Confer Before Scheduling The**

10          **Depositions**

11        Aside from the fact that the deposition subpoenas are abusively drawn and

12  seek information that is irrelevant to the Phase 2 proceedings, the deposition

13  subpoenas should be quashed and/or a protective order should be issued because

14  Mattel failed to meet and confer with counsel and the Non-Party Deponents before

15  scheduling the deposition dates.

16        "The failure to meet and confer in scheduling a deposition . . . is a factor in

17  deciding whether a protective order should be granted." *Koninklike Philips*

18  *Electronics N.V. v. KXD Technology, Inc.*, No. 2:05-cv-1532-RLH-GWF, 2007

19  WL 3101248, at \*17 (D. Nev. Oct. 16, 2007); *Ray v. BlueHippo Funding, LLC*,

20  No. C-06-1807 JSW (EMC), 2008 WL 3399392, at \*2-3 (N.D. Cal. Aug. 11, 2008)

21  (granting protective order preventing the deposition from taking place on the

22  scheduled date where the defendants' counsel was unavailable on the noticed

23  dates); *Seabrook Medical Systems, Inc. v. Baxter Healthcare Corp.*, 164 F.R.D.

24  232, 233 (S.D. Ohio 1995) (issuing protective order staying deposition of third

25  party when parties failed to "discuss and agree to a deposition date before the

26  issuance of the subpoena, not after"); *Valvida v. Kmart Corp.*, 2000 WL 1739215,

27  at \*2 (D. Virgin Islands 2000) (ordering parties to confer and agree on dates for

28  depositions of witnesses).

A/72865234.2/3009108-0000337036

-15-

EXHIBIT    15

PAGE    143

1    Here, Mattel made no effort to meet and confer before scheduling the

2    depositions to determine the availability of counsel and the Non-Party Deponents.

3    On March 6, 2009, attorneys for MGA wrote a letter to Mattel informing them that

4    none of the deposition dates were cleared with them and, in fact, some of them

5    conflicted with hearings scheduled before this Court. (Ex. __ to Villar Decl.)

6    Similarly, counsel for the Non-party Deponents also sent a letter to Mattel's

7    attorney informing them that the depositions were premature, improper and that

8    none of the dates were cleared with the non-parties or their counsel. (Ex. E to

9    Villar Decl.) Furthermore, even after the Court issued its March 10, 2009 ruling,

10   which essentially holds that the information Mattel is seeking is irrelevant to Phase

11   2, Mattel refused to withdraw its subpoenas or respond to either MGA's or the

12   Non-party Deponents' correspondence. Given that the discovery cut-off date is

13   nine months away, there is no reason that Mattel could not have conferred with all

14   parties and counsel before noticing the depositions.

15   Because Mattel failed to meet and confer with the Non-party Deponents or

16   MGA regarding their availability for these depositions, the Non-party Deponents

17   respectfully request that the Court quash the subpoenas and/or issue a protective

18   forbidding the depositions from going forward.

19

20   **IV.   CONCLUSION**

21   For the forgoing reasons, the Non-party Deponents respectfully request that

22   the Court issue a protective order and/or quash the subpoeans in their entirety.

23

24

25

26

27

28

A/72865234.2/3009108-0000337036

-16-

EXHIBIT _____ 15

PAGE _____ 144



1    DATED:  March 12, 2009                    Bingham McCutchen LLP

2

3                                              By:
4                                                  Peter N. Villar
                                                   Attorneys for Non-parties
5                                                  LEON NEMAN, FRED MASHIAN
                                                   and NEIL KADISHA
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72865234.2/3009108-0000337036                    -17-

EXHIBIT _____ 15

PAGE _____ 145

# EXHIBIT 16

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

CENTRAL _____ CALIFORNIA _____

CARTER BRYANT, an individual,

### SUBPOENA IN A CIVIL CASE

V.

MATTEL, INC., a Delaware corporation,

Case Number: [1]  CV 04-9049 SGL (RNBx)
Consolidated with cases CV 04-9059
and 05-2727

TO: Lexington Financial, LLC, Attn:  Fred Mashian
    2776 Casiano Drive
    Los Angeles, CA 90077

[ ]  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ ]  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

[X]  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| Quinn Emanuel Urquhart Oliver & Hedges, LLP | February 16, 2009 |
| 865 S. Figueroa Street, 10th Floor | 9:00 a.m. |
| Los Angeles, CA 90017 | |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jon Corey /s/*  Attorney for Plaintiff, Mattel, Inc. | January 30, 2009 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jon Corey, QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor, Los Angeles, CA 90017 (213) 443-3000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT _____ 16

PAGE _____ 146

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | January 31, 2009 9:30 am | 2766 CasianoDrive |
| SUBPOENA RE DEPOSITION | | Los Angeles, CA 90077 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE | WITNESS FEES |
|---|---|---|
| Fred Mashian, agent | personal | $40.00 |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark Shurlock | PROCESS SERVER |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on      February 2, 2009
_____
          DATE

_____
SIGNATURE OF SERVER

1301 West 2nd Street, Suite 101, Los Angeles, CA 90026
_____
ADDRESS OF SERVER

213-482-1567 Registered Los Angeles County #5426

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
   (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
   (2) Command to Produce Materials or Permit Inspection.
      (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
      (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
         (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
   (3) Quashing or Modifying a Subpoena.
      (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
         (i) fails to allow a reasonable time to comply;
         (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
         (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         (iv) subjects a person to undue burden.
      (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
         (i) disclosing a trade secret or other confidential research, development, or commercial information;
         (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
         (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
      (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
   (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
      (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
      (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
      (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
      (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
   (2) Claiming Privilege or Protection.
      (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
         (i) expressly make the claim; and
         (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
      (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
   The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

2-2

EXHIBIT      16

PAGE      147

## ATTACHMENT A

1.     All documents referring or relating to agreements, contracts or transactions
between Lexington Financial, LLC, or any subsidiary or affiliate of Lexington Financial, LLC
(hereinafter, collectively, "Lexington Financial"), and MGA Entertainment, Inc., or any subsidiary or
affiliate of MGA Entertainment, Inc. (hereinafter, collectively, "MGA"), and any amendments or
modifications thereto, and any communications referring or relating to any such agreements,
contracts or transactions.

2.     All documents referring or relating to agreements, contracts or transactions
between Vision Capital, LLC, True Vision Capital Management, LLC, or any subsidiary or affiliate
of Vision Capital, LLC and/or True Vision Capital Management, LLC (hereinafter, collectively,
"Vision Capital"), and Lexington Financial, and any amendments or modifications thereto, any
alleged defaults thereunder, and any communications referring or relating to any such agreements,
contracts or transactions.

3.     All documents referring or relating to agreements, contracts or transactions
between Omni 808 Investors, LLC, or any subsidiary or affiliate of Omni 808 Investors, LLC
(hereinafter, collectively, "Omni 808"), and Lexington Financial, and any amendments or
modifications thereto, any alleged defaults thereunder, and any communications referring or relating
to any such agreements, contracts or transactions.

4.     All documents containing financial information, including but not limited to
historical and prospective financial performance, provided by MGA Entertainment, Inc. to
Lexington Financial since January 1, 2007.

5.     Documents sufficient to identify (a) each member, managing member, holder
of any ownership interest in, shareholder, officer and director of Lexington Financial and (b) the
dates of such person's affiliation with Lexington Financial.

6.     All documents referring or relating to the formation and governance of
Lexington Financial, including documents identifying (a) each person involved in retaining, hiring or
engaging or who otherwise communicated with Trust Services (Nevis) Limited, (b) each person
involved in procuring, retaining, hiring or engaging or who otherwise communicated with the office
that Lexington purportedly set up at 33-35 Daws Lane in London and (c) any bank accounts, credit
cards or other financial instruments used in connection with the activities set forth in (a) and/or (b).

7.     All documents detailing or setting forth the relationship between Lexington
Financial and OmniNet Capital, LLC, Omni 808, Vision Capital and/or MGA, if any.

8.     All documents detailing or setting forth the relationship between Lexington
Financial and Isaac Larian or his family members, if any. As used in these Requests, "family
members" of Isaac Larian include without limitation Farhad Larian, Angela Larian (formerly

07209/2771172.1

1

EXHIBIT ___16___

PAGE ___148___

Neman), Morad Zarabi, any other member of the Larian, Neman or Zarabi families or any entities or businesses that any of the foregoing own, have an interest in or control.

9. All documents referring or relating to the source of funding or credit for Vision Capital, Omni 808 and/or MGA.

10. All documents detailing or setting forth the relationship between, on the one hand, Vision Capital or Omni 808, on the one hand, and Isaac Larian or his family members, on the other hand.

11. All documents referring or relating to all contributions, loans and any sources of funding for Lexington Financial during the last twelve months, including but not limited to agreements and/or contracts supporting these transactions.

12. All documents showing detail of loan facilities with an indication of creditor and relevant terms referring or relating to MGA Entertainment, Inc., OmniNet Capital, LLC, Omni 808 Investors, Vision Capital, Lexington Financial, Isaac Larian or his family members.

13. All documents referring or relating to transactions involving any compensation, loans, advances, payments, fees or any other form of consideration paid by Lexington Financial to Isaac Larian, his family members, or any other related party, including MGA Entertainment, Inc.

14. Any and all records that substantiate transfers of assets by Lexington Financial to other entities, individuals, and/or parties, within the U.S. and outside of the U.S.

15. All documents referring or relating to any contract, transaction or relationship between, on the one hand, Omni 808 Investors, OmniNet Capital, LLC, Vision Capital and/or Lexington Financial, and, on the other hand, Isaac Larian or his family members.

16. All communications referring or relating to Lexington Financial, Omni 808 Investors, Vision Capital, Mattel, MGA, Isaac Larian and/or Bratz.

17. All documents referring or relating to the U.C.C. financing statement attached as Exhibit 1 and/or the security interest allegedly reflected therein.

18. Documents sufficient to show each and every entity or business in which Lexington Financial has an interest or role or over which Lexington Financial has control and in which Isaac Larian, or his family members, have any interest or role or over which Isaac Larian, or his family members, have control.

19. All documents referring or relating to any transfer, payment, credit, loan or indebtedness to, from or by Isaac Larian, his family members, or any entity or business owned

07209/2771172.1

2

EXHIBIT     16

PAGE     149

or controlled by Isaac Larian or his family members and that also involves Lexington Financial, or any entity or business that Lexington Financial owns or controls.

      20.    To the extent not produced in response to any other Request, documents sufficient to show the nature, extent and timing of Lexington Financial's relationship to or with Isaac Larian, his family members, or any entity or business owned or controlled by Isaac Larian or his family members.

EXHIBIT _____ 16

PAGE _____ 150

# EXHIBIT 1

EXHIBIT ___16___

PAGE ___151___

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
FRED MASHIAN
310Z747500T

B. SEND ACKNOWLEDGMENT TO: (Name and Address)
FRED MASHIAN
9255 SUNSET BOULEVARD
SUITE 830
LOS ANGELES, CA 90069
USA

DOCUMENT NUMBER: 18230900092
FILING NUMBER: 00-7170410100
FILING DATE: 08/29/2006 16:33
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| VISION CAPITAL, LLC, A DELAWARE LIMITED LIABILITY COMPANY | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 1925 SOUTH BROADWAY | LOS ANGELES | | CA | 90015 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID#, if any |
| | | LLC | DB | 4589295 □NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L DEBTOR INFO | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID#, if any |
| | | | | □NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| LEXINGTON FINANCIAL LIMITED, A NEVIS COMPANY | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 33-35 DAWS LANE | LONDON | | NW7 4SD | UK |

4. This FINANCING STATEMENT covers the following collateral:
ALL OF DEBTOR'S RIGHT, TITLE AND INTEREST IN MEMBERSHIP INTERESTS OF OMNI 808 INVESTORS, LLC, A
CALIFORNIA LIMITED LIABILITY COMPANY,
SECRETARY OF STATE FILING #200812510016.

5. ALT DESIGNATION [if applicable]: ☐LESSEE/LESSOR ☐CONSIGNEE/CONSIGNOR ☐BAILEE/BAILOR ☐SELLER/BUYER ☐AG. LIEN ☐NON-UCC FILING

6. ☐ This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS Attach Addendum [if applicable]

7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐All Debtors ☐Debtor 1 ☐Debtor 2

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY

EXHIBIT ___16___

PAGE ___152___