# EXHIBIT 17

1  Robert C. O'Brien (SBN 154372)
   ARENT FOX LLP
2  555 West Fifth Street, 48th Floor
   Los Angeles, CA 90013-1065
3  Telephone: 213.629.7400
   Facsimile: 213.629.7401
4  obrien.robert@arentfox.com

5  Discovery Master

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

12  CARTER BRYANT, an individual,      |  Case No. CV 04-09049 SGL (RNBx)

13          Plaintiff,                  |
                                        |  Consolidated with
14          v.                          |  Case No. CV 04-09059
                                        |  Case No. CV 05-2727
15  MATTEL, INC., a Delaware            |
    corporation,                        |  **PHASE 2 DISCOVERY MATTER**
16                                      |
            Defendant.                  |  **ORDER NO. 8, REGARDING:**
17                                      |
                                        |  *EX PARTE* APPLICATION OF
18                                      |  MATTEL, INC. FOR AN ORDER
                                        |  DEEMING LEXINGTON
19                                      |  FINANCIAL, LLC SERVED OR,
                                        |  IN THE ALTERNATIVE, TO:
20                                      |  (1) COMPEL AN AUTHORIZED
                                        |  REPRESENTATIVE OF
21                                      |  LEXINGTON FINANCIAL, LLC
                                        |  TO APPEAR TO ACCEPT
22                                      |  SERVICE OF THE SUBPOENA;
                                        |  OR (2) ISSUE AN ORDER
23  CONSOLIDATED WITH                   |  AUTHORIZING LEXINGTON
    MATTEL, INC. v. BRYANT and          |  FINANCIAL, LLC TO BE
24  MGA ENTERTAINMENT, INC. v.          |  SERVED THROUGH THE
    MATTEL, INC.                        |  SECRETARY OF STATE
25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

ORDER NO. 8
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___17___

PAGE ___153___

1    This Order sets forth the Discovery Master's ruling on the *ex parte*

2    application of Mattel, Inc. ("Mattel") filed on or about March 3, 2009 (the

3    "Application") [Docket Number 4945].

4    The Discovery Master determines that it is not necessary to conduct a hearing

5    prior to issuing his ruling, and notes that the interested parties have provided

6    voluminous written submissions, including an Opposition brief and a Reply brief,

7    together with declarations attaching various items of documentary evidence.

8    Having considered all of the submitted papers, the Discovery Master rules as

9    follows.

10   **I.     RELIEF SOUGHT BY MATTEL**

11   In the Application, Mattel seeks an order deeming Lexington Financial, LLC

12   to have been validly served with a subpoena on the grounds that Mattel "personally

13   served a copy of the subpoena on [its] agent," (Application, p. 8), and "transmitted

14   a copy of the subpoena to Lexington, at Lexington's counsel's request," (*Id.*, p. 9).

15   In the event such service is deemed insufficient for any reason, Mattel

16   alternatively seeks an order (1) compelling "Lexington to produce an authorized

17   representative to appear on a date certain at the Federal Courthouse in Los Angeles

18   . . . to accept service of the subpoena on Lexington's behalf," (*Id.*, p. 11), or

19   (2) allowing Mattel to serve "Lexington via the California Secretary of State," (*Id.*,

20   p. 12).

21   Finally, Mattel argues in footnote 48 of the Application (and again in its

22   Reply) that if all of the foregoing requests are denied, then the Discovery Master

23   should order "Lexington to disclose a valid e-mail address for service purposes"

24   and permit service via email under Federal Rule of Civil Procedure 4(f)(3). (*Id.*,

25   p. 12; Reply, pp. 12 – 14).

26   **II.    OPPOSITION OF LEXINGTON FINANCIAL LIMITED**

27   In its Opposition, Lexington Financial Limited ("Lexington Limited") asserts

28   that the Application should be denied on various grounds. First, Lexington Limited

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT          17        - 1 -

PAGE              154

ORDER NO. 8
[Case No. CV 04-09049 SGL (RNBx)]

1   argues that Mattel "failed to provide the requisite notice [of the Application] under

2   Local Rules 7-19 and 7-19.1 and [the Court's] Standing Order." (Opposition, p.

3   10). Second, Lexington Limited argues that there is no "good cause" justifying a

4   departure from the regular noticed motion procedures. (*Id.*, pp. 6 – 9). Third,

5   Lexington Limited argues that the subpoena served by Mattel is invalid because it

6   is directed to "Lexington Financial, LLC" as opposed to Lexington Financial

7   Limited. (*Id.*, p. 12). Fourth, Lexington Limited argues that Mattel has not effected

8   service of the subpoena because the individual whom it claims to have personally

9   served (i.e., Fred Mashian) is not an authorized agent for service of process, and

10  Mattel's email transmission of the subpoena to Lexington Limited's counsel (i.e.,

11  Bingham McCutchen LLP) does not constitute proper service. (*Id.*, pp. 13 – 16).

12  Fifth, Lexington Limited argues that the alternative relief requested in the

13  Application should be denied because the Discovery Master does not have authority

14  to (1) compel an overseas entity to appear and accept service in California or

15  (2) permit Mattel to serve Lexington Limited via the California Secretary of State.

16  (*Id.*, pp. 16-19). Finally, Lexington Limited argues that Mattel's request that the

17  Discovery Master authorize service of the subpoena via e-mail is inconsistent with

18  the Federal Rules of Civil Procedure and conflicts with "the applicable international

19  laws and treaties." (*Id.*, p. 19 n. 3).

20  **III.   DISCUSSION**

21      **A.   Mattel's Compliance With The Applicable Procedures**

22      Because Lexington Limited's procedural arguments could dispose of all

23  outstanding issues, the Discovery Master addresses those arguments first.

24          **1.   Local Rule 7-19 And The Court's Standing Order**

25      Lexington Limited argues that Mattel failed to comply with Local Rule 7-19

26  and the Court's Standing Order by, among other things, failing to advise Lexington

27  Limited of the date, time and substance of the Application. (Opposition, pp. 9 –

28  10). However, Local Rule 7-19 and the Court's Standing Order do not apply to

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

17

-2-

PAGE 155

ORDER NO. 8
[Case No. CV 04-09049 SGL (RNBx)]

1    discovery disputes in this case.  As the Discovery Master has previously ruled, the

2    applicable procedure is the one adopted by the Court in its order appointing a

3    discovery master dated December 6, 2006 ("Discovery Master Order").[1]  Because

4    the Discovery Master Order provides, in relevant part, that a party[2] may seek

5    immediate "resolution of a dispute upon shortened time upon a showing of good

6    cause why a party would be prejudiced absent prompt resolution," (Discovery

7    Master Order, pp. 4 – 5), its procedures replace those set forth for *ex parte*

8    applications in Local Rule 7-19 and the Court's Standing Order.[3]  (*Id.*, p. 4).

9             **2.    The Discovery Master Order's Good Cause Requirement**

10   Under the Discovery Master Order, Mattel had an affirmative obligation to

11   demonstrate that "good cause" exists for hearing the pending matter "on shortened

12   time" and that it will "be prejudiced absent prompt resolution" of the issue.  (*Id.*,

13   pp. 4 – 5).  No such showing has been made here.

14   In the introductory section of its Application preceding the Memorandum of

15   Points and Authorities, Mattel states in a single paragraph that "good cause exists to

16   seek . . . relief on an ex parte basis" for three reasons.  (Application, p. 1 of the

17   notice section).  First, Mattel argues that emergency relief is necessary in light of

18   the "Phase 2 discovery [schedule] and trial [date] set by" the Court.  (*Id.*).  Second,

19   Mattel argues that exigent circumstances exist because it "has pending motions

20   seeking the appointment of a receiver."  (*Id.*).  Finally, Mattel claims that good

21   cause exists to seek the requested relief because "MGA will likely seek another

22   stay" of this case.  (*Id.*).

---

23   [1] The Discovery Master Order is incorporated by reference into the Court's January 6, 2009 Order appointing a
24   discovery master for Phase 2 of this litigation.  (*See* Court's Order dated January 6, 2009, p. 2 ["The Discovery
     Master will serve under the terms and conditions of the Stipulation and Order dated December 6, 2006"]).

25   [2] Because the Discovery Master Order provides that "[a]ll third parties subject to discovery requests . . . in this
26   litigation shall be bound by the terms of this Stipulation and Order," (Discovery Master Order, p. 6), that order
     applies to Lexington Financial Limited. (*Id.*, p. 4).

27   [3] The Discovery Master reaches this conclusion even though Mattel also apparently believed that Local Rule 7-19
28   applies to discovery disputes to be heard by the Discovery Master. (Application, p. 1of the notice section [stating
     that Mattel "respectfully applies *ex parte*, pursuant to Local Rule 7-19, for an order . . ."]).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT ____17____ - 3 -

PAGE ____156____

ORDER NO. 8
[Case No. CV 04-09049 SGL (RNBx)]

Case 2:04-cv-09049-DOC-RNB   Document 5110-8   Filed 04/02/09   Page 6 of 27   Page ID
#:164926
Case 2:04-cv-09049-SGL-RNB     Document 5030     Filed 03/16/2009     Page 5 of 12

1       That is the full extent of Mattel's attempt to satisfy its burden to establish

2  good cause.  The Memorandum of Points and Authorities contains no argument,

3  authority, or citation to evidence supporting these three grounds.

4       With respect to the first ground, Mattel does not adequately demonstrate why

5  a discovery cut-off date that looms 8 months away or a trial date that is more than

6  12 months in the future gives rise to an emergency requiring immediate resolution.

7  Mattel merely argues in its Reply that if it "is forced to go through the Hague

8  Convention to serve Lexington, that process could take months or longer." (Reply,

9  p. 8).  But the eight months between now and the discovery cut-off should provide

10  Mattel ample time to properly serve Lexington Limited in compliance with any

11  applicable international law.  Accordingly, there is no immediate concern — at

12  least at this stage of the litigation —-that Lexington Limited may "run out" the

13  discovery clock.  (*Cf. Mission Power Engineering Co. v. Continental Cas. Co.*, 883

14  F. Supp. 488, 492 (C.D. Cal. 1995).

15       Further, Mattel does not demonstrate any exigency that makes it imperative

16  for Mattel to obtain the information sought in the subpoena on an expedited basis.

17  For instance, Mattel does not explain how the information sought bears on its

18  pending motion for the appointment of a receiver, or the possibility that MGA may

19  seek a stay at some unknown point in the future.

20       In its Reply, Mattel argues for the first time that "ex parte relief is necessary

21  to prevent the destruction of documents." (*Id.*, p. 6 – 7).  However, Mattel submits

22  no evidence warranting such an assertion.  That *MGA-affiliated entities* may have

23  previously destroyed evidence in this case is an insufficient basis to conclude at this

24  point and on this record that *Lexington Limited* has engaged or may engage in

25  wrongdoing that necessitates emergency action now.  Central District of California

26  courts have held the reasons for filing an *ex parte* application "must be supported

27  by . . . affidavits or declarations whose contents would be admissible if the

28  deponents, affiants, or declarants were testifying in court." (*Mission Power*

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

17    - 4 -           ORDER NO. 8
[Case No. CV 04-09049 SGL (RNBx)]

PAGE  157

1  *Engineering Co.*, 883 F. Supp. at 492).

2  The Discovery Master, like the Court,[4] is not disposed to grant relief based

3  on new arguments raised for the first time at the reply stage, particularly when those

4  arguments could have been raised in the moving papers. Accordingly, Mattel's

5  "destruction of evidence" argument is also barred procedurally.[5] (*See, e.g., United*

6  *States v. Boyce*, 148 F.Supp.2d 1069, 1085 (S.D.Cal.2001); *Leick v. Hartford Life*

7  *and Acc. Ins. Co.*, 2007 WL 1847635 at *1, n. 1 (E.D.Cal. 2007); *Stewart v.*

8  *Wachowski*, 2004 WL 2980783, at *11 (C.D.Cal. Sept. 28, 2004); *Hamilton v.*

9  *Willms*, 2007 WL 2558615, *11 (E.D.Cal.2007); *see also United States v. Cox*, 7

10  F.3d 1458, 1463 (9th Cir.1993); *United States v. Wright*, 215 F.3d 1020, 1030 n. 3

11  (9th Cir.2000)).[6]

12  **B.   Defects On The Face Of The Subpoena**

13  Mattel's Application must be denied on the additional ground that the

14  subpoena Mattel seeks to enforce was not directed to the correct entity: Lexington

15  Financial Limited. Rather, the subpoena is addressed to *Lexington Financial, LLC.*

16  According to Lexington Limited, there is no entity by that name. (Opposition, p.

17  12).

18  The UCC Financing Statement Mattel cites throughout its brief (and which it

19

20  [4] In *Bryant v. Mattel, Inc.*, 573 F.Supp.2d 1254, 1273 n.7 (C.D. Cal. 2007), the Court noted that it "ordinarily would not consider" arguments made for the first time on reply but did so only "because [undertaking the analysis did] not change [its] ultimate conclusion."

22  [5] The Discovery Master acknowledges that Mattel raised its destruction of evidence argument when the good cause issue was briefly discussed at the hearing before him on March 4, 2009. However, that argument still came after Mattel filed its Ex Parte Application.

24  [6] Although the Discovery Master could deny the Application on the ground that no good cause exists, this ruling also addresses the merits of the application, for three reasons. First, the distinction between a regular noticed motion and an *ex parte* application is diminished in this case, because the Discovery Master Order only gives a party opposing a regular noticed motion five court days to respond, (Discovery Master Order, p. 4), and Lexington Limited was afforded four court days to file its Opposition to the Application, (Reply, p. 9). Thus, as a practical matter, Lexington Limited had only one less day to respond to the Application than it would have had in the event the motion been brought on a noticed basis. Second, denying the Application on procedural grounds would likely result in another application seeking the same relief, requiring the parties to re-state their positions in a new round of briefing on what is essentially the same subject matter. Third, addressing the merits of the Application does not alter the outcome of the ruling.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

17   - 5 -   ORDER NO. 8
[Case No. CV 04-09049 SGL (RNBx)]

PAGE   158

1    apparently used to locate Fred Mashian) states that the organization's name is

2    "Lexington Financial Limited, a Nevis company." (Declaration of Jon Corey,

3    Ex. 1). On that basis, Mattel knew or should have known the correct entity at the

4    time Mattel filled out the subpoena.

5        This defect is sufficient grounds for denying the Application. (See Fed. R.

6    Civ. P. 45(a)(1)(A)(iii) ["Every subpoena must . . . (iii) command each person to

7    whom it is directed . . ."]).

8        C.    **Defects In The Service Of The Subpoena**

9              1.    **Mattel's Attempted Service Of The Subpoena On Fred**

10                   **Mashian.**

11       In its Application, Mattel argues that it properly served Lexington Limited's

12   agent, Fred Mashian. (Application, pp. 8 – 9). But delivering a copy of the

13   subpoena to Mr. Mashian could not effect service on Lexington Limited unless he

14   were "an officer, managing or general agent, or any other agent authorized by

15   appointment or by law to receive service of process . . ." Fed. R. Civ. P. 4(h).

16       Here, Mattel concedes that it "does not know Mr. Mashian's specific position

17   at Lexington." (Application, p. 8). Mr. Mashian has submitted a declaration in

18   which he testifies as follows:

19       • "I am not, and never have been, an officer, director, partner, member

20          employee or agent of LEXINGTON FINANCIAL LIMITED,"

21          (Declaration of Fred Mashian, ¶ 3);

22       • "I am not, and never have been, the agent for service of process for

23          LEXINGTON FINANCIAL LIMITED," (*Id.*); and

24       • I was not authorized to accept service of the Subpoena on behalf of

25          LEXINGTON FINANCIAL LIMITED, nor have I ever been

26          authorized to accept service of a subpoena on behalf of LEXINGTON

27   //

28   //

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-6-

EXHIBIT    17
PAGE    159

Case 2:04-cv-09049-DOC-RNB    Document 5110-8    Filed 04/02/09    Page 9 of 27    Page ID
#:164929
Case 2:04-cv-09049-SGL-RNB    Document 5030    Filed 03/16/2009    Page 8 of 12

1    FINANCIAL LIMITED,"[7] (Id.)

2       In light of the foregoing testimony, which Mattel does not at this time

3    dispute, there is no showing that Mr. Mashian was (or is) an agent of Lexington

4    Limited authorized to accept service on its behalf.[8]

5           **2.    Mattel's Purported Service Of The Subpoena On Bingham**

6                   **McCutchen LLP.**

7       Mattel also argues that it effectuated service by electronically transmitting a

8    copy of the subpoena to Lexington Limited's counsel in this matter, Bingham

9    McCutchen LLP. (Application, pp. 9 – 10). Specifically, Mattel claims that, on or

10   about February 12, 2009, Peter "Villar noted his understanding that Mattel had

11   'served Mr. Mashian and Lexington Financial with subpoenas.'" However,

12   Mr. Villar "indicated that the copies which his clients had forwarded to him were

13   missing the attachments and therefore requested that Mattel's counsel send him

14   additional copies of the subpoenas." (Id., p. 7 [emphasis omitted]). Because

15   Mr. Villar requested and received copies of the subpoenas (Id.), Mattel argues that

16   his conduct should be construed as an admission that his client, Lexington Limited,

17   had been properly served.

18      There are two problems with this argument. First, contrary to Mattel's

19   assertions, Mr. Villar did not specifically admit in his February 12, 2009 e-mail that

20   service had been effectuated on Lexington Limited. Rather, in that e-mail, he stated

21   that he "*believe[d]* [Mattel's counsel] served Lexington Financial with subpoenas."

22   (Declaration of Jon Corey in Support of Ex Parte Application, Ex. 11 [emphasis

23   added]). Mr. Villar's February 12, 2009 e-mail to Mattel's counsel further clarified

24   that he was not conceding service had been accomplished on Lexington Limited

25

26   [7] Mr. Mashian further declared that he has "no knowledge of . . . Lexington Financial, LLC" and has "never been
     authorized to accept service [on behalf of] . . . any such entity." (Id., ¶ 4).

27   [8] Mattel filed evidentiary objections to two statements included in the Declaration of Fred Mashian. (See Objections
     to Declaration of Fred Mashian, p. 2). Because the disputed statements alone are unnecessary to the Discovery
28   Master's analysis, it is unnecessary to rule on the objections.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT    17
PAGE    160

- 7 -

1   since he requested, as the part of the final sentence of his e-mail, all "documents

2   you [i.e., Mattel's counsel] believe were served on Mr. Mashian and Lexington

3   Financial . . ." (*Id.*). Thus, Mr. Villar's request could reasonably be construed to

4   be seeking all of the relevant information from Mattel so that he could assess

5   whether service had in fact taken place. Mr. Villar subsequently advised Mattel's

6   counsel, on or about February 23, 2009, that the service of the subpoena on

7   Mr. Mashian was invalid to effectuate service on Lexington Limited. (*Id.*, Ex. 13

8   ["We understand that you also attempted to serve Mr. Mashian with a subpoena to

9   Lexington Financial, LLC. Mr. Mashian advised us that he is not the agent for

10  service of process for any such entity."]).

11       Based on the current record, it further appears that neither Bingham

12  McCutchen LLP nor Mr. Villar, in his individual capacity, is Lexington Limited's

13  authorized agent for service of process. Nor were they ever authorized to accept

14  service of the subpoena. (Declaration of Peter Villar, ¶ 6). Because these facts are

15  undisputed, sending the subpoena to Lexington Limited's attorneys could not, by

16  itself, effect service. (*See, e.g., Roofers Local 149 Sec. Benefit Trust Fund v.*

17  *Milbrand Roofing Group, Inc.,* 2007 WL 2421479, *1 ["Regarding the Rule 45

18  subpoena on [a] non-party . . . it was not properly served by mailing of the

19  subpoena to the person believed to be her attorney."]).

20       **D.    Alternative Relief Sought By Mattel**

21            **1.    Order Compelling Lexington Limited To Accept Service.**

22       Mattel argues that, in the event the Discovery Master finds that the subpoena

23  was not properly served on Lexington Limited, he should order an authorized

24  representative of Lexington Limited to appear in a Los Angeles courthouse at a

25  specified time and accept service. (Application, p. 11).

26       Mattel cites no authority supporting the proposition that a discovery master

27  can issue orders requiring foreign non-parties to appear in the United States and

28  accept service of process. Nor does Mattel establish that, under the facts and

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT _____ 17

PAGE _____ 161

- 8 -

ORDER NO. 8
[Case No. CV 04-09049 SGL (RNBx)]

1    circumstances here, the requested relief complies with Constitutional due process

2    protections afforded to foreign entities and individuals. Accordingly, the request is

3    denied.

4        **2.    Service of Lexington Limited Via The California Secretary**

5            **Of State.**

6        Mattel next requests an order permitting it to serve Lexington Limited via the

7    California Secretary of State. (*Id.*, p. 12). In support of that request, Mattel cites

8    various sections of the California Corporations Code which apply to foreign

9    corporations which transact intrastate business in California. However, Mattel fails

10    to show that Lexington Limited engages in such business activity.[9]

11        The only evidence in the record that Lexington Limited is transacting

12    intrastate business in California is a one-page UCC Financing Statement and the

13    Declaration of Fred Mashian. (Reply, pp. 11 – 12; Declaration of Fred Mashian,

14    ¶ 6). Relying on this evidence, Mattel claims that Lexington Limited:

15            has (1) agreed to do business with and extended a loan to Vision
16            Capital, LLC—a company purporting to have a Los Angeles
               business address and is tied to Larian family members here in
17            California; (2) took collateral in the assets of Vision Capital (a
               [Delaware] company with an ostensible California address) that
18            [h]as ownership in another California company, Omni 808; (3)
19            filed a UCC financing statement in California, purporting to
               perfect its secured interest in Omni 808 and thereby availing itself
20            of the protections of the California Commercial Code; (4) had the
21            loan documents drafted and prepared in California; and (5) hired
               California attorneys [i.e., Fred Mashian] [f]rom 'time to time' to
22            conduct business beyond merely resisting jurisdiction in this case.

23    (Reply, p. 11 [footnotes and citations omitted]).

24        As the quoted passage demonstrates, all of the purported evidence cited by

25    Mattel relates to a single business transaction (i.e., a loan from Lexington Limited

26    to Vision Capital, LLC). A single transaction, standing alone, is insufficient as a

27

28    ---
      [9] Mattel notes that Lexington Limited is not registered to transact business in California.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-9-

ORDER NO. 8
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT     17

PAGE     162

1    matter of law to establish that Lexington Limited transacts intrastate business in

2    California. Rather, as both Mattel and Lexington Limited acknowledge in their

3    respective papers, a company only transacts intrastate business if it enters into

4    "repeated and successive transactions" in this state. (Opposition, p. 18; Reply, pp.

5    11 – 12). Indeed, the parties cite the same case for this proposition (i.e., *LeVecke v.*

6    *Griesedieck Western Brewery Co.*, 233 F.2d 772 (9th Cir. 1956)), which holds that:

7         Sporadic and transient sales promotional activities of a corporate
8         officer such as occurred here do not constitute the conducting of
          intrastate business. . . . [T]he solicitation of orders can only be
9         sufficient to meet the requirements of 'doing business' where
10        there is a continuing and substantial course of business.

11   (*Id.*, at 776).

12        Because Mattel has not demonstrated that Lexington Limited has entered into

13   "repeated and successive transactions" of business in California,[10] California

14   Corporations Code § 2100 does not apply. Consequently, the Discovery Master

15   declines to order service upon Lexington Limited by effecting service upon the

16   California Secretary of State.

17             3.    **Service Of Lexington Limited Via E-mail.**

18        Mattel contends that Lexington Limited should be ordered to provide an e-

19   mail address for the purpose of allowing Mattel to serve Lexington Limited with

20   the subpoena electronically. (Application, p. 12; Reply, pp. 12 – 14). Mattel

21   supports this argument by citing Federal Rule of Civil Procedure 4(f)(3) and

22   asserting that it permits service of a subpoena in a foreign country "by other means

23   not prohibited by international agreement, as the court orders." (Application, p. 12,

24   n. 48; Reply, p. 12).

25        On its face, however, Rule 4(f)(3) requires that Mattel demonstrate that the

26   "other means" of service is "not prohibited by international agreement." Fed. R.

27

28   _____
     [10] Lexington Limited denies that it regularly transacts business in California. (Opposition, p. 18).

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EXHIBIT  17                - 10 -          ORDER NO. 8
PAGE  163                             [Case No. CV 04-09049 SGL (RNBx)]

1  Civ. P. 4(f)(3).   This Mattel has not done.  In fact, Mattel's Reply suggests that

2  Mattel could have an obligation "to go through the Hague Convention."  (Reply,

3  p. 8).  Accordingly, this case is unlike the case Mattel relies upon (i.e., *Rio*

4  *Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007, 1014 (9th Cir.2002),

5  and is instead analogous to the situation present in *Agha v. Jacobs*, 2008 WL

6  2051061, *1-*2 (N.D.Cal. May 13, 2008) (holding that "Agha has failed to meet his

7  burden of showing that the 'other means' of service he proposes to utilize are

8  permissible under an applicable 'international agreement'-- the Hague

9  Convention.").

10     Because Mattel does not demonstrate that service by e-mail is not prohibited

11  by international law in this instance, Mattel's request to pursue service by e-mail

12  under Rule 4(f)(3) is denied.

13  **IV.**   **DISPOSITION**

14     For all of the foregoing reasons, Mattel's *Ex Parte* Application is **DENIED**.

15

16

17  Dated:  March 16, 2009

18

19

20                    By:        /s/ Robert C. O'Brien

21                               ROBERT C. O'BRIEN
                                 Discovery Master

22

23

24

25

26

27

28

EXHIBIT  17

PAGE  164

# EXHIBIT 18

**quinn emanuel** trial lawyers | los angeles

865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

March 13, 2009

<u>VIA FACSIMILE AND U.S. MAIL</u>

Todd E. Gordinier, Esq.
Peter Villar, Esq.
Bingham McCutchen LLP
600 Anton Boulevard, 18th Floor
Costa Mesa, CA 92626-1924

Patricia L. Glaser, Esq.
Amman Khan, Esq.
Glaser, Weil, Fink, Jacobs, & Shapiro, LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, CA 90067

Jeffrey B. Valle, Esq.
Valle & Associates
11911 San Vicente Boulevard Suite 324
Los Angeles, CA 90049

Thomas Nolan, Esq.
Jason Russell, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Russell J. Frackman, Esq.
Mitchell, Silberberg, & Knupp, LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064

Re:     <u>Mattel, Inc. v. MGA Entertainment, Inc. et al.</u>

Dear Counsel:

I write pursuant to paragraph 5 of the Discovery Master Stipulation to request a meeting of counsel regarding Mattel's contemplated motion for reconsideration of the Discovery Master's Order No. 3. Specifically, Mattel will ask Discovery Master O'Brien to reconsider his Order as it pertains to Omni 808, OmniNet and Vision Capital (the "Entities").

As the Discovery Master's Order expressly recognizes, Isaac Larian's and MGA's net worth and financial condition are unquestionably at issue in Phase 2 of this case. Whether or not MGA is in fact under an obligation to pay back any of the more than $300 million in debt that it claims to owe to the Entities—and if so, how much—is a question that goes directly to the net worth of both MGA and Isaac Larian, and is thus squarely within the scope of discovery. It is of

**quinn emanuel urquhart oliver & hedges, llp**

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL 415-875-6600 FAX 415-875-6700

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

EXHIBIT _____ 18

PAGE _____ 165

particular importance given the evidence suggesting that the Entities' acquisition of this debt was a sham or related-party transaction.

Given MGA's long history of misrepresentations and obstruction—including MGA's fraudulent concealment of its wrongdoing as found by the Phase 1 jury and Mr. Larian's perjury at trial as found by the Court—Mattel is not required to seek this discovery from MGA in the first instance. See, e.g., Viacom Intern., Inc. v. YouTube, Inc., 2008 WL 3876142, at *3 (N.D. Cal. 2008) ("[T]here is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession."). Nor could it. As the Entities' counsel admitted at the March 4, 2009 hearing, the Financing Entities possess relevant documents and information which MGA does not. See March 4, 2009 Hearing Tr. at 55:22-56:2 ("Now, it's true MGA was not a party directly to the transaction between Omni 808 and Wachovia. They had to sign some guarantees, I think, or some indemnifications, I'm not sure exactly, I'm not a corporate guy. But that deal was negotiated between Omni 808 and Wachovia.").

Accordingly, the Discovery Master's Order No. 3, which only requires Omni 808 (and not OmniNet or Vision Capital) to produce documents showing (1) the existence of any debt owed by MGA to Omni 808 and (2) communications between MGA and Omni 808 regarding such debt, is unduly limited, and Mattel will ask the Discovery Master to reconsider it.

Please let me know when you are available to meet and confer in advance of a Mattel motion for reconsideration of the Discovery Master's Order.

Additionally, please confirm in writing by the close of business on Monday, March 16, 2009 that your respective clients continue to preserve all documents that could conceivably fall within the scope of the requests pending final resolution of the disputes arising from Mattel's subpoenas.

I look forward to hearing from you.

Best regards,

Jon Corey

EXHIBIT    16

PAGE    16

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
Facsimile: (213) 443-3100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**CHICAGO**
250 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE

## FACSIMILE TRANSMISSION

FAXED
MAR 13 2009

**DATE:** March 13, 2009

**NUMBER OF PAGES, INCLUDING COVER: 3**

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq.<br>Jason Russell, Esq.<br>*Skadden, Arps, Slate, Meagher & Flom LLP* | (213) 687-5000 | (213) 687-5600 |
| Patricia Glaser, Esq.<br>Amman Khan, Esq.<br>*Glaser, Weil, Fink, Jacobs & Shapiro, LLP* | (310) 553-3000 | (310) 556-2920 |
| Russell J. Frackman, Esq.<br>*Mitchell, Silberberg & Knupp, LLP* | (310) 312-2000 | (310) 312-3100 |
| Todd E. Gordinier, Esq.<br>Peter Villar, Esq.<br>*Bingham McCutchen LLP* | (714) 830-0622 | (714) 830-0717 |
| Jeffrey B. Valle, Esq.<br>*Valle & Associates* | (310) 476-0300 | (310) 476-0333 |

**FROM:** Jon D. Corey

**RE:** Mattel, Inc. v. MGA Entertainment, et al.

**MESSAGE: PLEASE SEE THE ATTACHED CORRESPONDENCE.**

07209/2835593.1

| CLIENT # | 07209 | ROUTE/<br>RETURN TO: | Suzanne Johnson -10 | ☒ CONFIRM FAX<br>☒ INCLUDE CONF. REPORT |
|---|---|---|---|---|
| OPERATOR: | | | CONFIRMED? ☐ NO ☐ YES: | |

The information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT 18

PAGE 167

Job number   : 404        *** SEND SUCCESSFUL *

# QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

**NEW YORK**
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
Facsimile: (212) 849-7100

**SILICON VALLEY**
555 Twin Dolphin Drive, Suite 500
Redwood Shores, CA 94065
(650) 801-5000
Facsimile: (650) 801-5100

**LOS ANGELES**
865 South Figueroa Street, 10th Floor
Los Angeles, CA. 90017
(213) 443-3000
Facsimile: (213) 443-3100

**CHICAGO**
230 South Wacker Drive, Suite 230
Chicago, IL 60606
(312) 463-2961
Facsimile: (312) 463-2962

**LONDON**
16 Old Bailey
London EC4M 7EG United Kingdom
+44(0) 20 7653 2000
Facsimile: +44(0) 20 7653 2100

**SAN FRANCISCO**
50 California Street, 22nd Floor
San Francisco, CA 94111
(415) 875-6600
Facsimile: (415) 875-6700

**TOKYO**
Akasaka Twin Tower Main Building, 6th Floor
17-22 Akasaka 2-Chome
Minato-ku, Tokyo 107-0052 Japan
+81 3 5561-1711
Facsimile: +81 3 5561-1712

## LOS ANGELES OFFICE
## FACSIMILE TRANSMISSION

DATE:   March 13, 2009

NUMBER OF PAGES, INCLUDING COVER: 3

| NAME/COMPANY | PHONE NO. | FAX NO. |
|---|---|---|
| Thomas Nolan, Esq. Jason Russell, Esq. *Skadden, Arps, Slate, Meagher & Flom LLP* | (213) 687-5000 | (213) 687-5600 |
| Patricia Glaser, Esq. Amman Khan, Esq. *Glaser, Weil, Fink, Jacoby & Shapiro, LLP* | (310) 553-3000 | (310) 556-2920 |
| Russell J. Frackman, Esq. *Mitchell, Silberberg & Knupp, LLP* | (310) 312-2000 | (310) 312-3100 |
| Todd E. Gordinier, Esq. Peter Villar, Esq. *Bingham McCutchen LLP* | (714) 830-0622 | (714) 830-0717 |
| Jeffrey B. Vallo, Esq. *Valle & Associates* | (310) 476-0300 | (310) 476-0333 |

FROM:   Jon D. Corey

RE:   Mattel, Inc. v. MGA Entertainment, et al.

MESSAGE: PLEASE SEE THE ATTACHED CORRESPONDENCE.

| 07209/2833393.1 | | | | | ☑ CONFIRM FAX |
|---|---|---|---|---|---|
| CLIENT # | 07209 | ROUTE/ RETURN TO: | Suzanne Johnson –10 | | ☑ INCLUDE CONF. REPORT |
| OPERATOR: | | | CONFIRMED? | ☐ NO   ☐ YES: | |

The Information contained in this facsimile is confidential and may also contain privileged attorney-client information or work product. The information is intended only for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received the facsimile in error, please immediately notify us by telephone, and return the original message to us at the address above via the U.S. Postal Service. Thank you.

IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE PHONE (213) 443-3000 AS SOON AS POSSIBLE.

EXHIBIT   18

PAGE   168

# EXHIBIT 19

**Tiffany Garcia**

| | |
|---|---|
| **From:** | Jon Corey |
| **Sent:** | Thursday, March 19, 2009 2:56 PM |
| **To:** | Gordinier, Todd E.; 'Russell, Jason D'; Villar, Peter N.; Amman Khan; Jeffrey B. Valle |
| **Cc:** | Stephen Hauss |
| **Subject:** | Mattel v. MGA Entertainment |

Counsel,

I write to follow up on the letter that I sent last week seeking a meeting of counsel in anticipation of a motion for reconsideration of the Discovery Master's order on Mattel's Motion to Compel Production of Documents responsive to certain third-party subpoenas. I have heard from Mr. Gordinier in this regard as well as Mr. Russell, but no other counsel. I am available to meet and confer this afternoon as well as tomorrow morning, which I understand are times that Mr. Gordinier is available. Please let me know when, during those times, counsel is available.

Further, Mattel will rely upon some of the information gained from the documents produced post-order by Wachovia, some of which are identified in the reply filed in connection with the Motion to Compel production of documents from Bingham McCutcheon, in its motion for reconsideration. These documents demonstrate MGA's and Isaac Larian's involvement in the Omni 808/Wachovia transaction, among other things. Mattel's review of that production is ongoing.

Best regards,


Jon Corey
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Main Phone: (213) 443-3000
Main Fax: (213) 443-3100
E-mail: joncorey@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

EXHIBIT ___19___

PAGE ___169___

3/19/2009

# EXHIBIT 20

1   Robert C. O'Brien (SBN 154372)
    ARENT FOX LLP
2   555 West Fifth Street, 48th Floor
    Los Angeles, CA 90013-1065
3   Telephone: 213.629.7400
    Facsimile: 213.629.7401
4   obrien.robert@arentfox.com

5   Discovery Master

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        Case No. CV 04-09049 SGL (RNBx)

13              Plaintiff,
                                         Consolidated with
14        v.                             Case No. CV 04-09059
                                         Case No. CV 05-2727
15  MATTEL, INC., a Delaware
    corporation,                         **PHASE 2 DISCOVERY MATTER**

16                                       **ORDER NO. 10, REGARDING:**
                Defendant.
17                                         **(1) NON-PARTIES' REQUEST
18                                         FOR AN EXTENSION OF TIME;
                                           and**
19
                                           **(2) DOCUMENT PRESERVATION**
20

21  ┌─────────────────────────────┐
    │ CONSOLIDATED WITH            │
22  │ MATTEL, INC. v. BRYANT and   │
    │ MGA ENTERTAINMENT, INC. v.   │
23  │ MATTEL, INC.                 │
    └─────────────────────────────┘
24

25

26

27

28
ARENT FOX LLP                                        ORDER NO. 10
ATTORNEYS AT LAW                          [Case No. CV 04-09049 SGL (RNBx)]
LOS ANGELES

                    EXHIBIT ____20____

                    PAGE ____170____

1  I.    **INTRODUCTION**

2          This Order sets forth the Discovery Master's ruling on the request by several

3  non-parties for an extension of time in which to file (1) an Opposition to the Motion

4  for Reconsideration of Phase II Discovery Matter Order No. 3 and (2) the Reply

5  Brief in Support of the Motion to Quash Subpoenas Issued by Mattel, Inc. to Non-

6  Parties Leon Neman, Fred Mashian, and Neil Kadisha.

7          Having reviewed and considered the March 25, 2009 letter filed in support of

8  the request and Mattel, Inc.'s March 26, 2009 letter opposing the request, the

9  Discovery Master hereby rules as set forth below.

10  II.    **EXTENSION GRANTED**

11         Non-Parties Omni 808 Investors, LLC, OmniNet Capital, LLC and Vision

12  Capital, LLC's (collectively, the "Financing Entities") request for an extension of

13  time to file an Opposition to the Motion for Reconsideration of Phase II Discovery

14  Matter Order No. 3 is **GRANTED**, subject to the conditions set forth in Section III

15  of this Order.  The Opposition is due to be filed on or before April 17, 2009.

16         Non-Parties Leon Neman, Fred Mashian, and Neil Kadisha (collectively, the

17  "Individuals")[1] request for an extension of time to file a Reply Brief in Support of

18  their Motion to Quash Subpoenas Issued by Mattel, Inc. to them is likewise

19  **GRANTED**, subject to the conditions set forth in Section III of this Order.  The

20  Reply is due to be filed on or before April 17, 2009.

21  III.   **PRESERVATION OF DOCUMENTS**

22         A.    **Scope Of Potentially Relevant Information To Preserve**

23         At least until a final, non-appealable order is entered regarding the subpoenas

24  directed to them, the Non-Parties are hereby ordered to preserve all existing

25  documents, records, correspondence, files, electronically stored information,

26  emails, data, videotapes, audio recordings, and any other written or electronic

27

28  [1] The Individuals and Financing Entities are referred to collectively hereafter as the "Non-Parties."

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

ORDER NO. 10
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ____20____

PAGE ____171____

1   information related to or responsive in any way to the document requests included

2   in the subpoenas propounded on them by Mattel, Inc.

3        **B.     Types Of Information To Be Preserved**

4        The Non-Parties shall preserve all potentially relevant documents in any

5   format including, without limitation, hard copy format, handwritten format, and

6   electronic format.  For example, and without limiting the foregoing sentence in any

7   way, the Non-Parties must preserve all potentially relevant written documents and

8   any revisions.  The types of electronically stored information that must be preserved

9   similarly include, but are not limited to, the following:  (1)  email, text-messages,

10  instant messages, and other electronic communications; (2)  word processing

11  documents, correspondence, reports, and memoranda (including drafts and

12  revisions); (3) spreadsheets, charts, images, presentations and slide shows, and

13  graphs (including drafts and revisions); (4) audio, video and audiovisual recordings,

14  MP3 players, and voicemail files; (5) databases; (6) telephone logs, Internet usage

15  files, and network access information; (7) data generated by electronic calendaring,

16  task management and personal information management software (such as

17  Microsoft Outlook or Lotus Notes); and (8) data created with the use of personal

18  data assistants ("PDAs"), such as a Blackberry.

19       The Non-Parties shall preserve all potentially relevant electronically stored

20  information in (1) active data (i.e., data immediately and easily accessible on their

21  computer or electronic systems today); and (2) archived data (i.e., data residing on

22  backup tapes or other storage media); and (3) legacy data (i.e., data created on old

23  or obsolete hardware or software).  Further, the Non-Parties shall preserve all paper

24  and electronic logs of its computer system and its network activity that relate to

25  storage of potentially relevant electronically stored information.

26       **C.     Sources Of Information To Be Preserved**

27       The Non-Parties shall further preserve all potentially relevant written and

28  electronically stored information from all sources, whether in their possession or in

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

-2-

ORDER NO. 10
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT _____ 20

PAGE _____ 172

1  the possession of a third party under the control of the Non-Parties (such as an

2  employee), including, without limitations, any potentially relevant electronically

3  stored information on work and personal equipment and work and personal email

4  accounts.

5  **D.    Suspension Of Document Destruction Policies And Data Recycling**

6  **Policies**

7  Finally, the Non-Parties shall immediately suspend any document destruction

8  policy and backup tape recycling policy in place that may destroy potentially

9  relevant information.

10

11  Dated:        March 27, 2009

12

13                                        By:_____/s/ Robert C. O'Brien_____

14                                                ROBERT C. O'BRIEN
                                                  Discovery Master
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

ORDER NO. 10
[Case No. CV 04-09049 SGL (RNBx)]

EXHIBIT ___20___

PAGE ___173___

# EXHIBIT 21



# NEVIS ISLAND ADMINISTRATION

*Ministry of Finance, Statistics & Economic Planning*
*REGULATION AND SUPERVISION DEPARTMENT*

December, 12th 2008

Austin Lescott
Clay Ghaut
St. John's Parish
Nevis

.Dear Sir

## RE: INFORMATION REQUESTED ON 12th December, 2008

In connection with the above, we advise as follows:

| | |
|---|---|
| Exact Company Name: | LEXINGTON FINANCIAL LIMITED |
| Date of Incorporation: | 03rd March, 2006 |
| Company Number: | C 29848 |
| Registered Agent & Address: | Trust Services Nevis Limited<br>Springates Building<br>Government Road, Charlestown, Nevis<br>Telephone Number: 1 (869) 469-7270/1<br>Fax Number: 1 (869) 469-7272 |
| Shares: | 100,000 shares with par value USD$1.00 |
| Status (standing, etc.): | The Company is in Good Standing |

Public Record Documents (Art. Of Inc./Org., Amendments, etc): *FILED*

There are no charges, liens, mortgages or encumbrances filed for or on behalf of the company and/or its shareholders. Also note that information on directors, shareholders, officers, beneficial owners, annual returns and financial statements are not required to be filed by law. Consequently, such information is not available.

Should you require any further information, please do not hesitate to contact us.

Yours sincerely,

Clevelan Williams (Mr).
REGISTRAR

NEVIS FINANCIAL
SERVICES DEPARTMENT

EXHIBIT ___21___

PAGE ___174___

P. O. Box 689, Main Street, Charlestown, Nevis, West Indies
Tel: 1(869) 469-1469 • 1(869) 469-5521 Ext. 2150 • Fax: 1(869) 469-7739
Website: www.nevisfinance.com • Email: nevfin@sisterisles.kn