# EXHIBIT 22

Case 2:04-cv-09049-DOC-RNB Document 5110 Filed 04/02/09 Page 2 of 34 Page ID #:164949





HOME
OUR SERVICES
WHO CAN BENEFIT
WHY USE US?
OUR PRICES
OBTAIN A QUOTE
ORDER ONLINE
CASE STUDIES
ARTICLES
NEWS
TESTIMONIALS
POST & FAX SERVICE
F.A.Q
HEAR OUR
OPERATORS
PARTNERS

Subscribe to our
**Newsletter**

Become an
**Affiliate**

Write articles for
**Officefront**

Become a
**Referral Agent**

Home

### "CREDIT CRUNCH SPECIAL" FOR NEW CLIENTS

FIRST THREE MONTHS FREE OF BASIC TELEPHONE SERVICE SUBSCRIP

A TOTAL VIRTUAL OFFICE OR TELEPHONE ANSWERING SERVICE

IMAGE - TIME - EFFICIENCY ...we do more for you than just answer pl

THREE RECEPTIONISTS LOOK AFTER EACH CLIENT

**OUR SERVICES**

- Telephone Answering
- Business Address with Mail Forwarding
- Registered Office Hosting
- Fax to Email Service
- Out of Area Telephone Numbers
- Foreign Numbers pointing to UK
- UK Numbers pointing Overseas
- Book-keeping Service
- UK Presence for Foreign Companies
- Outsourced Switchboard for larger companies

**OUR CLIENTS**

- Sole traders
- Legal & Accountancy Practices
- Start-up businesses
- Established businesses small & large
- Overseas companies
- Overflow service
- Absence cover
- Emergency cover

CREDIT CRUNCH SI
3 MONTHS FRE
*"PAY AS YOU GO"FREE
SERVICE CHARC

LETS WORK TOGETHER
THESE DIFFICULT 1



You can be operational **TODAY** or order for later activation

**Present a professional image**

### Call NOW for a NO OBLIGATION quote
### 08000 19 15 39 OR + 44 (0)20 8906 6666





EXHIBIT 22
PAGE 175

Case 2:04-cv-09049-DOC-RNB    Document 5110-9    Filed 04/02/09    Page 2 of 34    Page ID #:164950

OfficeFront Ltd | 33-35 Daws Lane | London NW7 4SD
Tel +44 20 8906 6666 | Fax +44 20 8906 6611 | Email sales@officefront.co.uk
Copyright © 2008 Officefront Limited. Registered in England & Wales Company number 04752787.

Sitemap

EXHIBIT _____ 22 _____

PAGE _____ 176 _____

# EXHIBIT 23

1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10             EASTERN DIVISION

11

| 12 | MATTEL, INC., | CASE NO. CV 04-9049 SGL (RNBx) |
|----|--------------|-------------------------------|
| 13 | Plaintiff, | Consolidated with |
| 14 | vs. | Case No. CV 04-09059 SGL (RNBx)<br>Case No. CV 05-02727 SGL (RNBx) |
| 15 | MGA ENTERTAINMENT, INC., et al., | Honorable Stephen G. Larson |
| 16 | Defendant. | **PHASE B VERDICT FORM AS GIVEN** |
| 17 | AND CONSOLIDATED ACTIONS | |
| 18 | | |

19

20

21

22

23

24

25

26

27

28

07209/2609529.2209/260
584.2

PHASE B VERDICT FORM AS GIVEN

EXHIBIT        23

PAGE           177

1             **VERDICT FORM - PHASE B**

2        We answer the questions submitted to us as follows:

3

4           **I.   Damages for Phase A Claims**

5          (Answer all four questions in this section.)

6

7      **Intentional Interference With Contractual Relations**

8       1.     In Phase A of this trial, you found that MGA Entertainment, Inc.

9 ("MGA") and Isaac Larian are liable to Mattel for intentional interference with

10 contractual relations. What amount of damages, if any, should be awarded to

11 Mattel?

12        As to MGA:      $    _20 MILLION_

13        As to Mr. Larian:   $     _10 MILLION_

14

15       **Aiding and Abetting Breach of Fiduciary Duty**

16       2.     In Phase A of this trial, you found that MGA and Isaac Larian are liable

17 to Mattel for aiding and abetting Carter Bryant's breach of fiduciary duty. What

18 amount of damages, if any, should be awarded to Mattel?

19        As to MGA:      $    _20 MILLION_

20        As to Mr. Larian:   $    _10 MILLION_

21

22       **Aiding and Abetting Breach of the Duty of Loyalty**

23       3.     In Phase A of this trial, you found that MGA and Isaac Larian are liable

24 to Mattel for aiding and abetting Carter Bryant's breach of the duty of loyalty. What

25 amount of damages, if any, should be awarded to Mattel?

26        As to MGA:      $    _20 MILLION_

27        As to Mr. Larian:   $    _10 MILLION_

28

07209/2609529.2608584

-2-

PHASE B VERDICT FORM AS GIVEN

EXHIBIT _23_

PAGE _178_

Case 2:04-cv-09049-SGL-RNB   Document 4279   Filed 08/08/08   Page 3 of 9

1

## Conversion

2    4.    In Phase A of this trial, you found that MGA, Isaac Larian and MGA

3    Entertainment (HK) Limited ("MGA Hong Kong") are liable to Mattel for

4    conversion.  What amount of damages, if any, should be awarded to Mattel?

5        As to MGA:                    $    31,500 PLUS 7% INTEREST

6        As to Mr. Larian:            $         0       CALCULATED FROM

7        As to MGA Hong Kong: $         0        THE DATE MATTEL'S

8                                                      PROPERTY WAS

9                                                      CONVERTED.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2609529.2608584

-3-

PHASE B VERDICT FORM AS GIVEN

EXHIBIT _____ 25
PAGE _____ 179

## II. Copyright Infringement

1

2    5.    Has Mattel proven by a preponderance of the evidence that MGA is

3    liable to Mattel for copyright infringement?

4              Yes         _X_

5              No          ____

6    If your answer is "yes," then answer Question 6.

7    If your answer is "no," then answer Question 7.

8

9    6.    Was MGA's copyright infringement willful?

10             Yes         ____

11             No          _X_

12   Answer Question 7.

13

14   7.    Has Mattel proven by a preponderance of the evidence that Isaac Larian

15   is liable to Mattel for copyright infringement?

16             Yes         _X_

17             No          ____

18   If your answer is "yes," then answer Question 8.

19   If your answer is "no," then answer Question 9.

20

21   8.    Was Mr. Larian's copyright infringement willful?

22             Yes         ____

23             No          _X_

24   Answer Question 9.

25

26   9.    Has Mattel proven by a preponderance of the evidence that MGA Hong

27   Kong is liable to Mattel for copyright infringement?

28             Yes         _X_

-4-

PHASE B VERDICT FORM AS GIVEN

EXHIBIT ____23____

PAGE ____180____

1    No _____

2    If your answer is "yes," then answer Question 10.

3    If your answer is "no," then answer Question 11.

4

5    10.   Was MGA Hong Kong's copyright infringement willful?

6          Yes _____

7          No   X

8    Answer Question 11.

9

10    11.   What amount of damages, if any, should be awarded to Mattel for the

11    defendants' copyright infringement?

12          (a)   Copyright Infringement by MGA

13                $   6 Million

14          (b)   Copyright Infringement by Isaac Larian

15                Distributions Mr. Larian received from MGA attributable to Bratz-

16                related works:

17                $   3 Million

18                Value of Mr. Larian's ownership percentage of MGA attributable to

19                Bratz-related works:

20                $   0

21          (c)   Copyright Infringement by MGA Hong Kong:

22                $   1 Million

23

24

25

26

27

28

-5-

EXHIBIT   23

PAGE   181

### III.  Punitive Damages

12.   Has Mattel proven by clear and convincing evidence that MGA acted with malice, oppression, or fraud?

Yes ____

No  X

If your answer is "yes," then answer Question 13.

If your answer is "no," then answer Question 14.

13.   What amount of punitive damages, if any, should be awarded against MGA?

$ _____~~0~~_____

Answer Question 14.

14.   Has Mattel proven by clear and convincing evidence that Isaac Larian acted with malice, oppression, or fraud?

Yes ____

No  X

If your answer is "yes," then answer Question 15.

If your answer is "no," then answer Question 16.

15.   What amount of punitive damages, if any, should be awarded against Mr. Larian?

$ _____~~0~~_____

Answer Question 16.

16.   Has Mattel proven by clear and convincing evidence that MGA Hong Kong acted with malice, oppression, or fraud?

Yes ____

PHASE B VERDICT FORM AS GIVEN

07209/2609529.2608584

EXHIBIT ____23____

PAGE ____182____

1      No    X

2          If your answer is "yes," then answer Question 17.

3          If your answer is "no," then answer Question 18.

4

5      17.   What amount of punitive damages, if any, should be awarded against

6  MGA Hong Kong?

7          $_____0_____

8      Answer Question 18.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2609529.2608584

-7-

EXHIBIT ___23___

PAGE _____183____

## IV.  Fraudulent Concealment

(Answer all five questions in this section.)

18.    Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed the bases for Mattel's claim of intentional interference with contract against it until at least April 27, 2002?

      Yes   _X_

      No    ___

19.    Has Mattel proven by a preponderance of the evidence that Isaac Larian fraudulently concealed the bases for Mattel's claim of intentional interference with contract against him until at least April 27, 2002?

      Yes   ___

      No    _X_

20.    Has Mattel proven by a preponderance of the evidence that MGA fraudulently concealed the bases for Mattel's claim of conversion against it until at least April 27, 2001?

      Yes   _X_

      No    ___

21.    Has Mattel proven by a preponderance of the evidence that Mr. Larian fraudulently concealed the bases for Mattel's claim of conversion against him until at least April 27, 2001?

      Yes   ___

      No    _X_

-8-

07209/2609529.2608584

EXHIBIT ___23___

PAGE ___184___

1    22.    Has Mattel proven by a preponderance of the evidence that MGA Hong

2  Kong fraudulently concealed the bases for Mattel's claim of conversion against it

3  until at least April 27, 2001?

4            Yes  _____

5            No   __X__

6

7        Once this verdict form is completed, the foreperson of the jury should sign

8  and date on the lines below.

9

10  DATED: *August 26, 2008*                    /s/

                                        Jury Foreperson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07209/2609529.2608584

PHASE B VERDICT FORM AS GIVEN

EXHIBIT ___23___

PAGE ___185___

# EXHIBIT 24

1                    UNITED STATES DISTRICT COURT

2                  CENTRAL DISTRICT OF CALIFORNIA

3                        EASTERN DIVISION

4                           - - -

5         HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

6                           - - -

7   Mattel, INC.,                      )
                                       )
8                        Plaintiff,    )
                                       )
9              vs.                     )    No. CV 04-09049
                                       )
10  MGA ENTERTAINMENT, inc., et. Al.,  )    Trial Day 40
                                       )
11                       Defendants.   )    Pages 8299-8320
                                       )
12  AND CONSOLIDATED ACTIONS,          )
                                       )
13  _____)

14

15        REPORTER'S TRANSCRIPT OF JURY TRIAL PROCEEDINGS

16                    RIVERSIDE, CALIFORNIA

17                  TUESDAY, AUGUST 26, 2008

18                        10:47 A.M.

19

20

21

22

23              THERESA A. LANZA, RPR, CSR
             Federal Official Court Reporter
24             3470 12th Street, Rm. 134
             RIVERSIDE, CALIFORNIA  92501
25                  951-274-0844
                WWW.THERESALANZA.COM

Tuesday, August 26, 2008   EXHIBIT   24   Trial Day 40

PAGE   186

8300

1   APPEARANCES:

2

On behalf of Mattel, INC.:

3

4                          QUINN EMANUEL
                           By:  JON COREY
5                               MICHAEL T. ZELLER
                                WILLIAM PRICE
6                          865 S. FIGUEROA STREET,
                           10TH FLOOR
7                          LOS ANGELES, California   90017
                           213-624-7707

8

9   ON BEHALF OF MGA ENTERTAINMENT:

10                         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                           BY:   THOMAS J. NOLAN
11                               JASON RUSSELL
                                 RAOUL KENNEDY
12                               LAUREN AGUIAR
                                 CARL ROTH
13                         300 SOUTH GRAND AVENUE
                           LOS ANGELES, CALIFORNIA   90071-3144
14                         213-687-5000

15

16

17

18

19

20

21

22

23

24

25

Tuesday, August 26, 2008        EXHIBIT    24

                                PAGE      187

Trial Day 40

8301

1                            I N D E X

2

3   Proceedings........................................ 8302

4   Verdict............................................ 8310

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Tuesday, August 26, 2008      EXHIBIT    24      Trial Day 40

PAGE    188

8302

1       RIVERSIDE, CALIFORNIA; TUESDAY, AUGUST 26, 2008; 10:47 A.M.

2                          -oOo-

3             THE CLERK:  Calling case number CV04-09049-SGL,

4       Mattel, INC., v. MGA, INC., et al., outside the presence of the

5       jury.                                                              10:47

6             May we have counsel please come forward and state

7       your appearances for the record.

8             MR. PRICE:  Bill Price Mike Zeller for Mattel.

9             MR. NOLAN:  Tom Nolan, Lauren Aguiar, Carl Roth on

10      behalf of MGA and Isaac Larian.                                    10:48

11            THE COURT:  Good morning, counsel.

12            The court received a request from Mattel this morning

13      to hold a brief hearing; they wish to submit a clarification of

14      its response to jury note number four which was received on the

15      22nd of August.                                                    10:48

16            The court has received and reviewed the

17      clarification.  I'll hear from counsel.

18            MR. PRICE:  This is probably one of those things that

19      is unnecessary, but when a bunch of lawyers get together, they

20      want to cover all of the basis.  And that is, obviously, we        10:48

21      have a JMOL which we filed, and given the state of that and the

22      jury note that we got on Friday, we said the answer to the

23      question, whether they can say the first four do infringe but

24      the remainders don't, that the answer they should be given,

25      given the state of play, was yes.                                  10:49

Tuesday, August 26, 2008        EXHIBIT    24           Trial Day 40

                                PAGE       189

8313

1   copyright infringement?

2          The jury answered "Yes."

3          Number 8:  Was Mr. Larian's copyright infringement

4   willful?

5          The jury answered "No."                              01:34

6          Number 9:  Has Mattel proven by a preponderance of

7   the evidence that MGA Hong Kong is liable to Mattel for

8   copyright infringement?

9          The jury answered "Yes."

10         Page 5, Number 10:                                   01:34

11         Was MGA Hong Kong's copyright infringement willful?

12         The jury answered "No."

13         Number 11:  What amount of damages, if any, should be

14  awarded to Mattel for defendants' copyright infringement?

15         A, Copyright Infringement by MGA:  The jury entered   01:35

16  the amount of $6 million.

17         B, Copyright Infringement by Isaac Larian.

18  Distributions Mr. Larian received from MGA attributable to

19  Bratz-related works:  The jury entered the amount of

20  $3 million.                                                  01:35

21         Value of Mr. Larian's ownership percentage of MGA

22  attributable to Bratz-related works:  The jury entered the

23  amount $0.

24         C, Copyright Infringement by MGA Hong Kong:  The jury

25  entered the amount of $1 million.                            01:35

Tuesday, August 26, 2008   EXHIBIT ____ 24 ____   Trial Day 40

PAGE ____ 190

8314

1          Page 6, Roman Numeral III.

2          Punitive Damages

3          Number 12:  Has Mattel proven by clear and convincing

4   evidence that MGA acted with malice, oppression, or fraud?

5          The jury answered "No."                                    01:36

6          Number 13:  What amount of punitive damages, if any,

7   should be awarded against MGA?

8          The jury entered the amount $0.

9          Number 14:  Has Mattel proven by clear and convincing

10  evidence that Isaac Larian acted with malice, oppression, or     01:36

11  fraud?

12         The jury answered "No."

13         Number 15:  What amount of punitive damages, if any,

14  should be awarded against Mr. Larian?

15         The jury entered the amount $0.                            01:36

16         Number 16:  Has Mattel proven by clear and convincing

17  evidence that MGA Hong Kong acted with malice, oppression, or

18  fraud?

19         The jury answered "No."

20         Number 17, Page 7:  What amount of punitive damages,       01:36

21  if any, should be awarded against MGA Hong Kong?

22         The jury entered the amount $0.

23         Page 8, Roman Number IV.

24         Fraudulent Concealment

25         Number 18:  Has Mattel proven by a preponderance of        01:37

Tuesday, August 26, 2008   EXHIBIT ____24____ Trial Day 40

PAGE ____191____

8315

1  the evidence that MGA fraudulently concealed the basis for

2  Mattel's claim of intentional interference with contract

3  against it until at least April 27, 2002?

4          The jury answered "Yes."

5          Number 19:  Has Mattel proven by a preponderance of          01:37

6  the evidence that Isaac Larian fraudulently concealed the basis

7  for Mattel's claim of intentional interference with contract

8  against him until at least April 27, 2002?

9          The jury answered "No."

10         Number 20:  Has Mattel proven by a preponderance of          01:37

11 the evidence that MGA fraudulently concealed the basis for

12 Mattel's claim of conversion against it until at least

13 April 27, 2001?

14         The jury answered "Yes."

15         Number 21:  Has Mattel proven by a preponderance of          01:37

16 the evidence that Mr. Larian fraudulently concealed the basis

17 for Mattel's claim of conversion against it until at least

18 April 27, 2001?

19         The jury answered "No."

20         Page 9, Number 22:                                          01:38

21         Has Mattel proven by a preponderance of the evidence

22 that MGA Hong Kong fraudulently concealed the basis for

23 Mattel's claim of conversion against it until at least

24 April 27, 2001?

25         The jury answered "No."                                     01:38

Tuesday, August 26, 2008   EXHIBIT ___24___   Trial Day 40

PAGE ___192___

8316

1           Dated August 26, 2008, signed by the jury foreperson.

2           Ladies and gentlemen of the jury, is the verdict as

3   presented and read into the record this afternoon the verdict

4   of each of you, so say you one, so say you all?

5           Please answer aloud.                                    01:38

6           JURORS:   Yes.

7           THE CLERK:   Thank you, Your Honor.

8           THE COURT:   Counsel, is there a request by either

9   side to poll the jury?

10          MR. PRICE:   Yes, Your Honor.                           01:38

11          THE COURT:   Very well.

12          Mr. Holmes?

13          THE CLERK:   Juror Number 1, is the verdict as

14  presented and read your verdict?

15          JUROR NUMBER 1:   Yes, it is.                           01:39

16          THE CLERK:   Juror Number 2, Judith Appleton, is the

17  verdict as presented and read your verdict?

18          JUROR NUMBER 2:   Yes, it is.

19          THE CLERK:   Juror Number 3, Rhonda Johnstone, is the

20  verdict as presented and read your verdict?                    01:39

21          JUROR NUMBER 3:   Yes, it is.

22          THE CLERK:   Juror Number 4, Christopher Blazer, is

23  the verdict as presented and read your verdict?

24          JUROR NUMBER 4:   Yes, sir.

25          THE CLERK:   Juror Number 5, Linda Clark, is the       01:39

8320

1          THE COURT:  Very well.

2          Anything from MGA?

3          MS. AGUIAR:  When you hear from the jury what they

4   want to do, will you be coming back down?

5          THE COURT:  Yes.  Why don't you go ahead and wait          01:43

6   here, and I'll have Mr. Holmes report back to you.  I'll go up

7   and talk to the jury right now.

8          Thank you, Counsel.

9          Court is in recess until 2:00 on the criminal matter.

10          (Whereupon, proceedings were concluded.)          01:43

11

12

13

14

15

16

17                              CERTIFICATE

18

19   I hereby certify that pursuant to section 753, title 28, united
     states code, the foregoing is a true and correct transcript of
20   the stenographically recorded proceedings held in the above-
     entitled matter and that the transcript page format is in
21   conformance with the regulations of the judicial conference of
     the united states.

22

23   _____          9-8-08
     THERESA A. LANZA, CSR, RPR                 _____
24   Federal Official Court Reporter                 Date

25

Tuesday, August 26, 2008     EXHIBIT    24     Trial Day 40

                             PAGE    194

# EXHIBIT 25

2610

1      UNITED STATES DISTRICT COURT

2      CENTRAL DISTRICT OF CALIFORNIA

3                  ---

4      HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

5                  ---

6   MATTEL, INC.,                    :    PAGES 2610 - 2707
                                     :
7            PLAINTIFF,              :
                                     :
8       VS.                         :    NO. ED CV04-09049-SGL
                                     :    [CONSOLIDATED WITH
9   MGA ENTERTAINMENT, INC.,         :    CV04-9059 & CV05-2727]
    ET AL.,                          :
10                                   :
             DEFENDANTS.             :
11  _____ :

12

13

14

15          REPORTER'S TRANSCRIPT OF PROCEEDINGS

16                RIVERSIDE, CALIFORNIA

17              FRIDAY, JUNE 13, 2008

18               JURY TRIAL - DAY 13

19                AFTERNOON SESSION

20

21

22                          MARK SCHWEITZER, CSR, RPR, CRR
                            OFFICIAL COURT REPORTER
23                          UNITED STATES DISTRICT COURT
                            181-H ROYBAL FEDERAL BUILDING
24                          255 EAST TEMPLE STREET
                            LOS ANGELES, CALIFORNIA 90012
25                          (213) 663-3494

CERTIFIED COPY

EXHIBIT _____ 25

PAGE _____ 195

2611

1   **Appearances of Counsel:**

2

3   On Behalf of Mattel:

4       Quinn, Emmanuel, Urquhart, Oliver & Hedges, LLP
        By John B. Quinn, Esq.
5           B. Dylan Proctor, Esq.
            Michael T. Zeller, Esq.
6           Harry Olivar, Esq.
            John Corey, Esq.
7           Diane Hutnyan, Esq.
            William Price, Esq.
8       855 South Figueroa Street
        10th Floor
9       Los Angeles, CA 90017
        (213) 624-7707

10

11

12   On Behalf of MGA Entertainment:

13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14           Carl Alan Roth, Esq.
             Jason Russell, Esq.
15           Lauren Aguiar, Esq.
             David Hansen, Esq.
16           Matthew Sloan, Esq.
             Robert Herrington, Esq.
17       300 South Grand Avenue
         Los Angeles, CA 90071-3144
18       (213) 687-5000

19

20   On Behalf of Carter Bryant:

21       Keker & Van Nest
         By Christa Anderson, Esq.
22           Michael H. Page, Esq.
         710 Sansome Street
23       San Francisco, CA 94111-1704
         (415) 391-5400

24

25   (Continued)

EXHIBIT ___25___

PAGE ___196___

2612

1  Appearances of Counsel (Continued):

2  On Behalf of Peter Marlow:

3      Keats McFarland & Wilson
       By Larry W. McFarland, Esq.
4      9720 Wilshire Boulevard
       Penthouse Suite
5      Beverly Hills, CA 90212
       (310) 777-3750

6

7      Law Office of Steven M. Goldsobel
       By Steven M. Goldsobel, Esq.
8      1900 Avenue of the Stars
       Suite 1800
9      Los Angeles, CA 90067
       (310) 552-9291

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT     25

PAGE     197

2613

1                    I N D E X

2

3   (HEARING HELD OUTSIDE THE PRESENCE OF THE JURY.) ...... 2614

4   CARTER BRYANT, PREVIOUSLY SWORN........................ 2625

5   DIRECT EXAMINATION (CONTINUED) BY MR. PRICE:........... 2625

6                    E X H I B I T S

7   (Exhibit 1155-C received.)............................ 2638

8   (Exhibit 13649 received.)............................. 2641

9   (Exhibit 13627 marked for identification.)........... 2663

10  (Exhibit 1313-C received.)............................ 2667

11  (Exhibit 60 received.)................................ 2675

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT ___25___

PAGE ___198___

1        Riverside, California; Friday, June 13, 2008

2                        1:47 P.M.

3        (HEARING HELD OUTSIDE THE PRESENCE OF THE JURY.)

4            THE COURT:  All right, Counsel, we're back on the

5    record outside the presence of the jury.  I understand there

6    are some issues.

7            MR. NOLAN:  Your Honor, I just wanted to point out

8    to Mr. Holmes that Larry McFarland and the other attorney,

9    Mr. Goldsobel, I believe it is, he is present now to raise

10   that issue if you wanted to at this time.

11           THE COURT:  Very well.  Mr. McFarland, please.

12           MR. McFARLAND:  Thank you, your Honor.  I sent an

13   e-mail to Mr. Zeller when he asked -- put Mr. Peter Marlow on

14   the list saying he would call him on Friday.  I responded

15   that he was unfortunately not available on Friday.  He would

16   be available Tuesday or Wednesday.  In addition, I responded

17   that he has obtained independent white collar criminal

18   counsel and is prepared to sit for a deposition and answer

19   the questions ahead of his trial testimony and not assert his

20   Fifth Amendment rights.  And we're prepared to make that

21   offer.  Mr. Marlow would be available late Monday afternoon.

22           He, unfortunately, has a last day patent filing

23   that day.  So he's not available until about 3:00.  But he

24   would make himself available at about 3:00 if Mattel and

25   Quinn would like to do that.

EXHIBIT _____ 25

PAGE _____ 199

1  Q.  When you say you guess it was, you know that a couple of

2  experts hired by both sides have determined that?

3  A.  Yes.

4  Q.  And you are familiar with this computer program called

5  Evidence Eliminator; right?

6  A.  Yes, sort of.

7  Q.  Well, you learned about it on the Internet; right?

8  A.  Yes, I think I got like a pop-up ad or something that

9  advertised it.

10  Q.  And what you did is you went onto the website that had

11  Evidence Eliminator; right?

12  A.  Yes.

13  Q.  And you looked at the Evidence Eliminator website;

14  correct?

15  A.  Yes.

16  Q.  You read through it to find out what is this thing which

17  is called Evidence Eliminator; right?

18  A.  I didn't really read it very thoroughly. But I did, you

19  know, kind of glance through it.

20  Q.  Well, had you some idea of what it did just by its name,

21  Evidence Eliminator; right?

22  A.  Yeah, I mean, I had some kind of an idea.

23  Q.  And it was a program which you downloaded; right?

24  A.  Yes.

25  Q.  And you had to pay to buy that program; right?

EXHIBIT ____25

PAGE ____200

2684

1          MR. NOLAN:   Your Honor, objection.   Foundation.

2    Temporal foundation.

3          THE COURT:   Sustained.

4    Q.   BY MR. PRICE:   Well, let's talk about when you first

5    downloaded the program.   Okay?   When you first downloaded

6    this Evidence Eliminator, was that in 2002?

7    A.   I believe so, yes.

8    Q.   Now, at that time frame, were you having discussions

9    with Mr. Larian about Mattel?

10   A.   I might have been.   I don't recall.

11   Q.   Did he share with you his view that there were rumors

12   that Mattel was going to sue about Bratz?

13   A.   It's possible, but I don't remember hearing -- I don't

14   remember that.

15   Q.   So in any event, you downloaded this program Evidence

16   Eliminator in about 2002; right?

17   A.   Right.

18   Q.   Now, the way this works is once you download it, you

19   actually have to activate the program to make it work; right?

20   A.   I seem to recall that, yes.

21   Q.   That is, just having it downloaded doesn't mean it's

22   going to do what it's supposed to do unless you push a

23   button; right?   Or an icon.

24   A.   Yeah, I don't remember exactly how it worked.

25   Q.   Well, you recall there's something called the safe

EXHIBIT ___25___

PAGE ___201___

2685

1   shutdown mode?

2   A.    Yes.

3   Q.    And normally when you turn off your computer, you use

4   regular logging off or whatever; right?

5   A.    Are you talking about then or now?

6   Q.    I'm talking about, let's say, in 2004.

7   A.    I don't remember exactly how you normally did it, but I

8   know the safe shutdown took a long time.

9   Q.    That is, if you actually wanted to run this Evidence

10  Eliminator, you had to press this button called safe

11  shutdown; right?

12  A.    I think so.

13  Q.    And from 2002 to 2004, you didn't use this Evidence

14  Eliminator frequently; right?

15  A.    No.

16  Q.    You didn't often push this safe shutdown feature; right?

17  A.    No, just occasionally.

18  Q.    But you did use it two days before you knew people were

19  coming to your house to image your computer to collect

20  evidence for this case.

21  A.    You know, that's possible.  I just don't remember doing

22  it.

23  Q.    Well, let's talk about your knowledge of Evidence

24  Eliminator.  You said that you went to the website; right?

25  A.    Yes.

EXHIBIT ___25___

PAGE ___202___

1  Q.   And in addition to reading what was on the website, once

2  Evidence Eliminator was downloaded, there were files that

3  kind of guided you through how to use it; correct?

4  A.   I don't remember exactly.

5  Q.   I mean, you recall something called a Help Me file which

6  kind of told you what it was that Evidence Eliminator would

7  do when you pushed that button for a safe shutdown?

8  A.   I don't remember that file.

9  Q.   Well, you recall that one thing Evidence Eliminator did

10  or would do is it would delete information from your computer

11  as the name suggests.

12          MR. NOLAN:   Objection.   Lack of foundation.

13          MR. PRICE:   It's a leading question.

14          THE COURT:   Overruled.   You may answer the

15  question.

16          THE WITNESS:   I'm sorry.   Can you ask me again?

17  Q.   BY MR. PRICE:   One thing you knew was that, when you

18  pushed the safe shutdown feature, that Evidence Eliminator

19  would delete information from your computer.

20  A.   Well, what I remember thinking that it was doing in safe

21  shutdown was basically kind of going through my Internet

22  search histories and things like that.

23  Q.   Was it your understanding that Evidence Eliminator

24  permanently erases computer files which you have selected for

25  deletion?

EXHIBIT _____25_____

PAGE _____203_____

2707

1

2

3

4

5

6

7                           C E R T I F I C A T E

8

9

10              I hereby certify that pursuant to Title 28,

11    Section 753 United States Code, the foregoing is a true and

12    correct transcript of the stenographically reported

13    proceedings in the above matter.

14              Certified on June 13, 2008.

15

16

17    _____
      MARK SCHWEITZER, CSR, RPR, CRR
18    Official Court Reporter
      License No. 10514

19

20

21

22

23

24

25

EXHIBIT ___ 25

PAGE ___ 204