**EXHIBIT 26**

```
            UNITED STATES DISTRICT COURT

            CENTRAL DISTRICT OF CALIFORNIA

                         ---

    HONORABLE STEPHEN G. LARSON, JUDGE PRESIDING

                         ---

MATTEL, INC.,                  :  PAGES 1976 - 2117
                               :
        PLAINTIFF,             :
                               :
    VS.                        :  NO. ED CV04-09049-SGL
                               :  [CONSOLIDATED WITH
MGA ENTERTAINMENT, INC.,       :  CV04-9059 & CV05-2727]
ET AL.,                        :
                               :
        DEFENDANTS.            :
```

REPORTER'S TRANSCRIPT OF PROCEEDINGS

RIVERSIDE, CALIFORNIA

TUESDAY, JUNE 10, 2008

JURY TRIAL - DAY 10

AFTERNOON SESSION

MARK SCHWEITZER, CSR, RPR, CRR
OFFICIAL COURT REPORTER
UNITED STATES DISTRICT COURT
181-H ROYBAL FEDERAL BUILDING
255 EAST TEMPLE STREET
LOS ANGELES, CALIFORNIA 90012
(213) ___-____

CERTIFIED COPY

EXHIBIT  26

205

```
 1  Appearances of Counsel:

 2

 3  On Behalf of Mattel:

 4       Quinn Emanuel
         By John B. Quinn, Esq.
 5          B. Dylan Proctor, Esq.
            Michael T. Zeller, Esq.
 6          Harry Olivar, Esq.
            John Corey, Esq.
 7          Diane Hutnyan, Esq.
            William Price, Esq.
 8       855 South Figueroa Street
         10th Floor
 9       Los Angeles, CA 90017
         (213) 624-7707
10

11


12  On Behalf of MGA Entertainment:

13       Skadden, Arps, Slate, Meagher & Flom LLP
         By Thomas J. Nolan, Esq.
14          Carl Alan Roth, Esq.
            Jason Russell, Esq.
15          Lauren Aguiar, Esq.
            David Hansen, Esq.
16          Matthew Sloan, Esq.
         300 South Grand Avenue
17       Los Angeles, CA 90071-3144
         (213) 687-5000

18

19

20

21

22

23

24

25
```

EXHIBIT  26

PAGE  206

1978

1    I N D E X

3    ISAAC LARIAN, PREVIOUSLY SWORN............................ 1992

4    CROSS-EXAMINATION (CONTINUED) BY MR. NOLAN:    ........... 1992

6                    E X H I B I T S

8    (Exhibit 16925 received.)................................. 2015
9    (Exhibit 4900 received.).................................. 2032
10   (exhibit 16911 received.)................................. 2045
11   (Exhibit 16788 received.)................................. 2074

EXHIBIT    26
PAGE       207

```
 1              Riverside, California; Tuesday, June 10, 2008
 2                              1:15 P.M.
 3            (HEARING HELD OUTSIDE THE PRESENCE OF THE JURY.)
 4            THE COURT:  For the record, we're going to be
 5   bringing into the courtroom Juror No. 3.
 6            (Whereupon Juror No. 3 enters.)
 7            THE COURT:  We're back on the record in the
 8   presence of Juror No. 3, Rhonda Johnstone.  We've received
 9   your letter, and I've shared it with counsel.  There's two
10   issues that you raise.  I'll deal with the easier one first.
11            Concerning your doctor appointments, make them
12   whenever you need to make them, and we will accommodate that.
13   Just let us know.  That's fine.
14            JUROR NO. 3   thank you.
15            THE COURT:  I'm a little bit more concerned about
16   the other one, though, concerning the representations that
17   were made to you and then changed.
18            It kind of puts us all in a bit of an awkward
19   position.  We certainly understand your financial position.
20   It's not clear why the school district would not have --
21   would have done what they did.  So what I'd like to do is
22   have the Court or court staff reach out to the appropriate
23   person and find out if that can't be reversed, because we
24   really need you.  And at the same time, I don't want to
25   submit anyone to a financial hardship.  So it puts me between
```

EXHIBIT  26
PAGE  208

1  a rock and a hard place. Is that all right with you?

2       JUROR NO. 3: Yeah, that's fine. I don't know why

3  they did it either. I thought I did my homework and

4  everything was cool. And now I'm feeling guilty because I

5  didn't speak out.

6       THE COURT: Don't you feel guilty at all. It

7  sounds from your letter like you did everything you were

8  supposed to do.

9       JUROR NO. 3: Well, I thought I did.

10      THE COURT: And they changed the rules of the game

11 on you. So what we're going to do is see if we can't bring

12 them back around to where they were previously and go from

13 there. What I'd ask you to do is provide appropriate contact

14 information to Mr. Holmes, and then I'll have my staff reach

15 out to whoever that is. You don't need to do so now. He'll

16 take that up with you back in the room; all right? Thank you

17 very much, ma'am.

18      (Whereupon the juror withdraws.)

19      THE COURT: The juror has left. The Court has

20 reached a decision -- a final decision with respect to Motion

21 in Limine No. 13, and I've written out my opinion, and I'll

22 want to have this included in the proposed order that's going

23 to be submitted to the Court.

24      The Court finds evidence that Carter Bryant

25 operated the safe exit feature of Evidence Eliminator on July

EXHIBIT 26

PAGE 209

1   12th, 2004, over two months after the filing of the lawsuit
2   by Mattel on April 27, 2004, and only two days prior to his
3   counsel's imaging.  Hard drive of his 2000 desktop, which
4   permanently eliminated the residue of previously deleted
5   files and rendered such deleted files unrecoverable is
6   relevant to his credibility as a witness and is admissible of
7   his consciousness of guilt, which in turn is relevant to
8   various elements of liability in this trial.
9               Moreover, the Court has carefully considered and
10  weighed whether the probative value of this clearly relevant
11  evidence is substantially outweighed by the danger of unfair
12  prejudice to MGA or undue delay in the trial and has found
13  that as limited by this order, it does not.
14              The Court will instruct the jury that this evidence
15  may only be considered for purposes of evaluating Carter
16  Bryant's credibility and his consciousness of guilt.
17              The Court further declines to give an adverse
18  inference instruction, believing that the issue was
19  adequately covered by instructions on credibility of
20  witnesses and circumstantial evidence that are already part
21  of the instructions given to the jury.
22              So that is the Court's ruling.  Accordingly,
23  evidence of the July 12th, 2004, use of Evidence Eliminator
24  is permitted not withstanding that MGA's Motion in Limine
25  No. 13 is otherwise granted in full.

EXHIBIT   26

PAGE   210

```
 1              I trust that Carter Bryant is going to be
 2   testifying tomorrow as scheduled, Mr. Nolan?
 3              MR. NOLAN:  Your Honor, I think so.  Although we've
 4   been told from time to time that witnesses are coming up, and
 5   then they are pulled off.
 6              THE COURT:  This is better asked, I suppose, to
 7   Mr. Price or Mr. Quinn.
 8              MR. QUINN:  That's what we anticipate.  Of course,
 9   it depends on how much longer we have Mr. Larian on the
10   stand, but we anticipate Mr. Bryant testifying tomorrow.
11              THE COURT:  Very well.  As discussed, and I know
12   you weren't back in the under seal discussion, but I'm sure
13   Mr. Zeller or Mr. Corey -- who will be doing the examination
14   of Mr. Carter?
15              MR. PRICE:  I will, your Honor.
16              THE COURT:  Mr. Bryant, I mean.  The Court is
17   really trying to limit this to exactly the one piece of
18   evidence that I do think is relevant.  And that's -- it's
19   largely because of the timing of the use of the safe exit
20   function that convinces the Court that for purposes of
21   credibility and consciousness of guilt, that it's admissible.
22              I do not believe the evidence is there for this
23   Court to find spoilation outright.  And that's not what this
24   is being admitted for.  This is simply going to the
25   credibility and for purposes of consciousness of guilt.  And
```

EXHIBIT ___26___

PAGE ___211___

1
2
3
4
5
6
7
                    C E R T I F I C A T E
8
9
10         I hereby certify that pursuant to Title 28,
11   Section 753 United States Code, the foregoing is a true and
12   correct transcript of the stenographically reported
13   proceedings in the above matter.
14         Certified on June 10, 2008.
15
16
17   _____
     MARK SCHWEITZER, CSR, RPR, CRR
18   Official Court Reporter
     License No. 10514
19
20
21
22
23
24
25

EXHIBIT    26

PAGE    212