QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
|---|---|
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | [To Be Heard By Discovery Master Robert C. O'Brien] |
| AND CONSOLIDATED ACTIONS | [PROPOSED] ORDER GRANTING MATTEL, INC.'S EX PARTE APPLICATION FOR AN ORDER FOR PRESERVATION OF DOCUMENTS |
| | Hearing Date: TBA<br>Time: TBA<br>Place: TBA |
| | **Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

07975/2848624.2

[PROPOSED] ORDER GRANTING ORDER REQUIRING PRESERVATION OF DOCUMENTS

# [PROPOSED] ORDER

For good cause shown, the Court hereby GRANTS Mattel, Inc.'s <u>Ex Parte</u> Application to for an Order for Preservation of Documents.

IT IS HEREBY ORDERED that: LEXINGTON FINANCIAL LIMITED ("LEXINGTON"), and all officers, directors, owners, counsels, and agents, will preserve documents responsive to Mattel, Inc.'s subpoena to LEXINGTON, and are barred from transporting all such documents out of this jurisdiction.

IT IS FURTHER ORDERED that:

1. At least until a final, non-appealable order is entered regarding all discovery directed to them, LEXINGTON will preserve all existing documents, records, correspondence, files, electronically stored information, emails, data, videotapes, audio recordings, and any other written or electronic information related to or responsive in any way to the document requests included in the discovery propounded on them.

2. LEXINGTON shall preserve all potentially relevant documents in any format, including, without limitation, hard copy format, handwritten format, and electronic format. For example, and without limiting the foregoing sentence in any way, LEXINGTON must preserve all potentially relevant written documents and any revisions.

3. The types of electronically stored information that must be preserved similarly include, but are not limited to, the following: (1) email, text-messages, instant messages, and other electronic communications; (2) word-processing documents, correspondence, reports, and memoranda (including drafts and revisions); (3) spreadsheets, charts, images, presentations and slide shows, and graphs (including drafts and revisions); (4) audio, video and audiovisual recordings, MP3 players, and voicemail files; (5) databases; (6) telephone logs, Internet usage files, and network access information; (7) data generated by electronic calendaring,

1  task management and personal information management software (such as
2  Microsoft Outlook or Lotus Notes); and (8) data created with the use of personal
3  data assistants (PDAs), such as a Blackberry.

4     4.   LEXINGTON shall preserve all potentially relevant
5  electronically stored information in (1) active data (i.e., data immediately and easily
6  accessible on their computer or electronic systems today); and (2) archived data
7  (i.e., data residing on backup tapes or other storage media); and (3) legacy data (i.e.,
8  data created on old or obsolete hardware or software). Further, LEXINGTON shall
9  preserve all paper and electronic logs of its computer system and its network activity
10 that relate to storage of potentially relevant electronically stored information.

11    5.   LEXINGTON shall further preserve all potentially relevant
12 written and electronically stored information from all sources, whether in their
13 possession or in the possession of an entity under the control of the parties or third-
14 parties (such as an employee), including, without limitations, any potentially
15 relevant electronically stored information on work and personal equipment and work
16 and personal email accounts.

17    6.   Finally, LEXINGTON shall immediately suspend any document
18 destruction policy and back-up tape recycling policy in place that may destroy
19 potentially relevant information.

20  /
21  /
22  /
23  /
24  /
25  /
26  /
27  /
28

07975/2848624.2

-2-
[PROPOSED] ORDER

1 |       IT IS FURTHER ORDERED that: counsel for LEXINGTON will
2 | provide a copy of this ORDER to all officers, directors, owners, counsel, and agents
3 | of LEXINGTON.
4 |       **IT IS SO ORDERED.**
5 |
6 | DATED: _____, 2009  _____
7 |
8 |
9 |                        Discovery Master Robert C. O'Brien