```
 1  THOMAS J. NOLAN (Bar No. 66992)
    (tnolan@skadden.com)
 2  JASON D. RUSSELL (Bar No. 169219)
    (jrussell@skadden.com)
 3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    300 South Grand Avenue, Suite 3400
 4  Los Angeles, CA  90071-3144
    Tel.: (213) 687-5000/Fax: (213) 687-5600
 5
    PATRICIA L. GLASER (Bar No. 55668)
 6  (pglaser@glaserweil.com)
    GLASER WEIL FINK JACOBS & SHAPIRO LLP
 7  10250 Constellation Blvd 19th Floor
    Los Angeles, CA, 90067
 8  Tel.: (310) 553-3000/Fax: (310) 556-2920

 9  RUSSELL J. FRACKMAN (Bar No. 49087)
    (rjf@msk.com)
10  MITCHELL SILBERBERG & KNUPP LLP
    11377 W. Olympic Blvd
11  Los Angeles, CA 90064
    Tel.: (310) 312-2000/Fax: (310) 312-3100
12
    Attorneys for Counter-Defendants,
13  MGA ENTERTAINMENT, INC., ISAAC LARIAN, and MGA ENTERTAINMENT
    (HK) LIMITED
14
```

UNITED STATED DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS.<br><br>**[PUBLIC REDACTED]** | CASE NO. CV 04-9049 SGL (RNBx)<br><br>Consolidated with Case No. 04-9059 and Case No. 05-2727<br><br>**DISCOVERY MATTER**<br><br>[To be heard by Discovery Master Robert C. O'Brien]<br><br>**MGA PARTIES' OPPOSITION TO MATTEL INC.'S MOTION FOR RECONSIDERATION OF PHASE II DISCOVERY MATTER ORDER NO. 3; and**<br><br>**DECLARATION OF JENNIFER K. DEL CASTILLO [FILED UNDER SEPARATE COVER].**<br><br>Date: May 5, 2009<br>Time: 10:00 AM<br>Place: Arent Fox LLP |

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT .............................................................................. 1

BACKGROUND ...................................................................................................... 3

ARGUMENT ............................................................................................................ 4

    I.    THE STANDARDS FOR MOTION FOR RECONSIDERATION ARE VERY HIGH AND MATTEL HAS NOT COME CLOSE TO MEETING THEM ............................................................................................ 4

    II.    MATTEL'S ACCUSATIONS REGARDING MGA'S PURPORTED "LACK OF TRUSTWORTHINESS" AND FAILURE TO COMPLY WITH DISCOVERY ARE NEITHER NEW NOR BASED IN FACT AND DO NOT JUSTIFY RECONSIDERATION OF THE PRIOR ADVERSE ORDER ................................................................................. 6

    III.    NOTHING IN MATTEL'S MOTION CHANGES THE FACT THAT, AS THE DISCOVERY MASTER ALREADY CONCLUDED, THE DISCOVERY SOUGHT IS OVERBROAD AND IRRELEVANT TO THE PHASE 2 CLAIMS .................................................................... 10

CONCLUSION ....................................................................................................... 12

i

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

# TABLE OF AUTHORITIES
TABLE OF AUTHORITIES

## CASES

Backlund v. Barnhart,
      778 F.2d 1386 (9th Cir. 1985) ............................................................................... 5

Collins v. D.R. Horton, Inc.,
      252 F. Supp. 2d 936 (D. Ariz. 2003) ..................................................................... 5

Jackson v. Woodford,
      Civil No. 05cv0513-L(NLS),
      2008 WL 2115121 (S.D. Cal. May 19, 2008) ....................................................... 5

Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,
      841 F.2d 918 (9th Cir. 1988) ................................................................................. 5

Slone v. Schriro,
      No. CV-05-3362-PHX-MHM,
      2008 WL 906827 (D. Ariz. Mar. 31, 2008) .......................................................... 5

Soil Solutions, Inc. v. Spraying Devices, Inc.,
      No. CV-95-6028-REC,
      1996 WL 784425 (E.D. Cal. June 19, 1996) ........................................................ 6

Stoll v. County of Kern,
      No. 1105CV-01059,
      2007 WL 2815032 (E.D. Cal. Sept. 25, 2007) ...................................................... 5

Swoopes v. Doctors Medical Center,
      No. C 07-0101 PJH,
      2007 WL 1518074 (N.D. Cal. May 21, 2007) ...................................................... 6

Target Tech. Co. v. Williams Advanced Materials, Inc.,
      No. SACV 04-1083 DOC (MLGx),
      2008 WL 5002935 (C.D. Cal. Nov. 21, 2008) ...................................................... 6

United States v. Navarro,
      972 F. Supp. 1296 (E.D. Cal. 1997),
      rev'd on other grounds, 160 F.3d 1254 (9th Cir. 1998) ....................................... 5

Welch v. Sisto,
      No. 2:06-cv-02338 ALA (HC),
      2008 WL 4455842 (E.D. Cal. Oct. 3, 2008) .......................................................... 5

## OTHER AUTHORITIES

C.A.C.D. L.R. 7-18 ......................................................................................... 1, 5, 6

11 Wright, Miller & Kane, Federal Practice & Procedure Civil 2d § 2810.1 (2008) ............. 5

ii

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

**PRELIMINARY STATEMENT**

The standards for reconsideration are onerous. Mattel has not satisfied them. Local Rule 7-18 requires a party filing a motion for reconsideration to show "a material difference in fact or law from that presented to the Court before such decision <u>that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision</u>." C.A.C.D. L.R. 7-18 (emphasis added). The rule is quite clear that "<u>[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion</u>." <u>Id.</u> Mattel ignores Local Rule 7-18 entirely, failing to provide facts that were not known or that could have been discovered before filing the motion and repeating almost entirely the very arguments that the Discovery Master expressly considered and <u>rejected</u>.

In Phase II Discovery Matter Order No. 3, the Discovery Master denied, in large part, Mattel's motion to compel discovery from OmniNet Capital, LLC, Omni 808 Investors, LLC and Vision Capital (the "Financing Entities"). In brief, Order No. 3 permitted Mattel to obtain "documents relating to (1) the existence of any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC and (2) any communications between Omni 808 Investors, LLC and the MGA parties regarding any such indebtedness." (<u>See</u> Phase II Discovery Matter Order No. 3 ("Order No. 3") (Dkt 4992) at 20.) All other discovery sought by Mattel from the Financing Entities, in particular the identities of the investors in the Financing Entities, was denied. (<u>Id.</u> at 25.)

Mattel seeks reconsideration of the adverse portions of Order No. 3 based on supposedly "new evidence" recently produced by Wachovia. (Mattel Inc.'s Notice of Motion and Motion for Reconsideration of Phase II Discovery Matter Order No. 3 (Dkt 5079) ("Mot.") at 1.) The vast majority of Mattel's brief, however, is devoted to rehashing the same accusations of supposed wrongdoing by MGA and Larian that Mattel raised (or could have raised) in its Motion to Compel, based on events that took place years in the past. Although MGA already demonstrated that these allegations were false, given Mattel's obvious awareness of MGA and Larian's purported past discovery malfeasance at the time

1

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

Mattel brought its motion, these tired allegations provide no basis for a motion for reconsideration because they were or could have been raised. (<u>See</u> Sections I and II, <u>infra</u>.)

The "new" evidence offered by Mattel consists of documents supposedly showing a relationship between Omni 808 and MGA and documents that purport to call into question the validity of the debt owed by MGA to the Financing Entities. Because the Financing Entities sought – and were granted – leave from the Discovery Master to obtain and review the entirety of the Wachovia production referred to by Mattel and further obtained an extension of time to prepare and file their opposition, rather than engage in a costly and unnecessary repetition of that effort, MGA will leave it to the Financing Parties to demonstrate that Mattel's rendition of the facts is completely inaccurate and belied by the very materials that Mattel purports to rely upon. However, even if one assumed for argument's sake that Mattel accurately represented the facts in its motion, those facts would not be sufficient to obtain reconsideration of Order No. 3.

As noted above, Mattel <u>already</u> has been given discovery to show the <u>validity</u> and <u>existence</u> of the debt (including all communications between Omni 808 and the MGA Parties relating to the debt) and so the "new" evidence does not give rise to any rights that Mattel has not already been granted. However, with respect to the other broad categories of documents seeking all information in the possession of the non-party investors in the Financing Entities regarding their identity, formation, operations, and history of transactions, nothing in the Wachovia production changes in any way the analysis undertaken by the Discovery Master in Order No. 3, which held that "Mattel has failed to sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue." (Order No. 3 at 20, 21, 25.) The fact remains now, as before, that the discovery sought by Mattel, and denied to it by the Discovery Master, is outside the scope of the pleadings filed by Mattel. Indeed, Order No. 3 repeatedly notes that the transactions and entities Mattel seeks discovery on here are removed in time and subject matter from Mattel's claims of trade secret misappropriation and other allegations of MGA wrongdoing years before. (<u>Id.</u> at 16-18, 24.) Mattel itself has all but conceded that this discovery is not

2

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

1  justified under its current claims by announcing its intention to amend its pleadings to
2  articulate a theory that would allow it to obtain this discovery, and admitting that the reason
3  it chose to do so was precisely because of Order No. 3.  (See Section III, infra.)
4       In sum, as the Wachovia-produced evidence relied on by Mattel does not justify any
5  discovery beyond that already permitted, Mattel's reconsideration motion should be denied.

## BACKGROUND

7       Mattel's motion to compel sought discovery from OmniNet Capital, LLC, Omni 808
8  Investors, LLC and Vision Capital LLC on a host of topics probing every aspect of the
9  entities' existence, including their "formation, operations, and history of transactions."
10 (Order No. 3 at 21 (citing requests for: "All records that 'substantiate transfers of assets' by
11 the Financing Entities 'to other entities, individuals, and/or parties, within the U.S. and
12 outside of the U.S.'; All documents 'detailing or setting forth the relationship' between each
13 of the Financing Entities and other non-parties; All documents referring or relating to the
14 'all contributions, loans and any sources of funding' for the Financing Entities; All
15 documents referring or relating to the 'source of funding' of other non-parties; All
16 documents showing detail of 'all loan facilities' referring or relating to the Financing
17 Entities and other non-parties; All documents referring or relating to 'transactions involving
18 any compensation, loans, advances, payments, fees or any other form of consideration' paid
19 to other non-parties; [and] All 'communications' referring or relating to the Financing
20 Entities and other non-parties").)
21      Mattel moved to compel production of these documents on the grounds that they
22 were relevant to Mattel's Phase 2 claims against the MGA Parties, and that the MGA
23 Parties' could not be relied upon to provide the same information because of their purported
24 history of untrustworthiness.  (See Mattel, Inc.'s Notice of Motion and Motion to Compel
25 Production of Documents Responsive to Third-Party Subpoenas (Dkt 4769) ("MTC") at 14-
26 25.)  Mattel's interest in the Financing Entities focused on the legitimacy of Omni 808's
27 loan to MGA and accused the Financing Entities of concealing their funding sources in an
28 effort to conceal Omni 808's status as a "sham creditor."  (Id. at 8-11; Mattel Inc.'s Reply

In Response to the MGA Parties' Opposition to Motion to Compel Production of Documents Responsive to Third-Party Subpoenas (Dkt 4939) ("MTC Reply") at 7-9, 15-16.)

Discovery Master Order No. 3 granted Mattel's motion to compel the Financing Entities to produce evidence in part, finding that "limited information" regarding "the purchase by Omni 808 Investors, LLC of the debt obligation previously held by Wachovia Bank, is reasonably calculated to lead to the discovery of admissible evidence concerning Phase 2 issues, including the calculation of MGA's net worth for purposes of calculating punitive damages" and ordering Omni 808 to produce "documents relating to (1) the existence of any debt owed by MGA Entertainment, Inc. to Omni 808 Investors, LLC and (2) any communications between Omni 808 Investors, LLC and the MGA parties regarding any such indebtedness." (Order No. 3 at 20.) However, for the remainder of Mattel's proposed discovery, the Discovery Master found that "Mattel has failed to sufficiently articulate the necessary connection between most of the Financing Discovery and any Phase 2 issue." (Id. at 25.)

## ARGUMENT

### I. THE STANDARDS FOR MOTION FOR RECONSIDERATION ARE VERY HIGH AND MATTEL HAS NOT COME CLOSE TO MEETING THEM

Central District Local Rule 7-18 sets out unambiguous standards for a motion for reconsideration with which Mattel has chosen not to comply:

> Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made **only** on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision **that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision**, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. **No motion for reconsideration**

4

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

**shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.**

C.A.C.D. L.R. 7-18 (emphasis added).

The case law is equally clear: "A motion for reconsideration may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment." Slone v. Schriro, 2008 WL 906827, at *1 (D. Ariz. Mar. 31, 2008) (citing Collins v. D.R. Horton, Inc., 252 F. Supp. 2d 936, 938 (D. Ariz. 2003)); Nw. Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir. 1988); 11 Wright, Miller, & Kane, Federal Practice & Procedure: Civil 2d § 2810.1 at 127-28 (2008). See also Stoll v. County of Kern, 2007 WL 2815032, at *2 (E.D. Cal. Sept. 25, 2007) (citing Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985); United States v. Navarro, 972 F. Supp. 1296, 1299 & n.1 (E.D. Cal. 1997), rev'd on other grounds, 160 F.3d 1254 (9th Cir. 1998).) It is "not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." Jackson v. Woodford, 2008 WL 2115121, at *1 (S.D. Cal. May 19, 2008).

Despite this unequivocal standard, Mattel's Motion for Reconsideration is filled with arguments it already made and facts it already knew. For example, Mattel devotes seven pages of its twenty-eight page brief to its attempts to show that the MGA Parties have a history of "lack of trustworthiness and repeated violations of court orders." (Mot. at 20; see Mot. at 19-26.) This argument – besides being meritless – is by definition based on facts that were well known to Mattel for months or years before it submitted its original motion, as discussed below. (See, e.g., Mot. at 21-22 (addressing events of January 2005 and September 2006).) Mattel also reiterates its speculation about the legitimacy of Omni 808's loan to MGA. (Mot. at 15-16.) As discussed below, this speculation justifies no more discovery now than it did the first time Mattel offered it.

Mattel's attempts to reargue issues it raised in its original Motion is patently improper. See Welch v. Sisto, 2008 WL 4455842, at *1 (E.D. Cal. Oct. 3, 2008) ("A motion for reconsideration is not intended to be used to reiterate arguments, facts and law already

5

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

presented to the court."); <u>Swoopes v. Doctors Med. Center</u>, 2007 WL 1518074, at *1 (N.D. Cal. May 21, 2007) ("A motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented."). Nor is it proper for Mattel to make new arguments based on information it already had. <u>See</u> <u>Target Tech. Co. v. Williams Advanced Materials, Inc.</u>, 2008 WL 5002935, at *21 (C.D. Cal. Nov. 21, 2008) (citing C.A.C.D. L.R. 7-18); <u>Soil Solutions, Inc. v. Spraying Devices, Inc.</u>, 1996 WL 784425, at *12 (E.D. Cal. June 19, 1996) ("Evidence which could have been presented at the original hearing is improper on a motion for reconsideration." (citing <u>Backlund</u>, 778 F.2d at 1388)). Mattel's outdated facts and recycled arguments are not entitled to any further consideration. As such, Mattel's Motion for Reconsideration should be denied.

## II. MATTEL'S ACCUSATIONS REGARDING MGA'S PURPORTED "LACK OF TRUSTWORTHINESS" AND FAILURE TO COMPLY WITH DISCOVERY ARE NEITHER NEW NOR BASED IN FACT AND DO NOT JUSTIFY RECONSIDERATION OF THE PRIOR ADVERSE ORDER

Dissatisfied with its loss on its Motion to Compel, Mattel seizes the opportunity to trot out (yet again) unfounded assertions of the MGA Parties' dishonesty. (Mot. at 20-25.) Indeed, Mattel made <u>identical</u> allegations to those it asserts here in its Motion to Compel and at the March 4, 2009 hearing before the Discovery Master more than once, accusing MGA and Larian of failing to make a "full, complete disclosure" of documents relating to their financial condition and net worth, something Mattel's counsel characterized as "basically a discovery issue because it was an incomplete production, they had failed to produce all the documents relating to that transaction." (Declaration of Jennifer K. del Castillo ("del Castillo Decl."), Ex. G (3/4/09 Tr.) at Tr. 20:21-21:5; <u>see also</u> <u>id.</u> at Tr. 71:25-72:14 (Mattel counsel complaining that MGA financial condition discovery from third parties was justified because "some of this stuff was produced for the first time ever by MGA mid-trial"); 74:25-75:8 (describing non-parties' participation in discovery as a "shell game" because it "force[s Mattel] to go and get [discovery] from MGA which meanwhile, there's no dispute, has produced nothing on this and has refused to produce anything on this"); <u>compare</u> MTC at 14-15 & MTC Reply at 19, <u>with</u> Mot. at 23-24

6

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

1 (identical descriptions of allegations regarding Moss Adams' MGA valuations).)

2    Indeed, the bulk of Mattel's accusations rehash issues and arguments that arose during Phase 1, based on events years in the past, well before Mattel brought its unsuccessful motion to compel. (Mot. at 20-25.) There is no question that Mattel had – and seized – the opportunity to argue that MGA and Larian had not complied with their discovery obligations in the past in the course of its motion to compel briefing and argument, and should not be heard to reiterate such rejected allegations again. Nonetheless, MGA is forced to again show Mattel's persistent assertions are baseless as well as untimely.[1]

Mattel claims that MGA "never disclosed" independent contractors Peter and Veronica Marlow's payment of three moonlighting Mattel seamstresses for years during discovery. (Mot. at 20-21.) Unfortunately for Mattel, there is simply no evidence MGA was remotely aware of the Marlows' activities in working with moonlighting Mattel seamstresses, let alone concealed such information from Mattel. Veronica Marlow was a fashion designer on the Bratz line for many years, working from the very beginning to flesh out Bryant's drawings into a recognizable and functional fashions; Peter Marlow also performed work for MGA. (See del Castillo Decl. Ex. A (Trial Transcript Excerpts) at Tr. 832:14-833:8, 3619:18-3621:3, 3664:7-12.) At various times between 2000 and 2005, Veronica Marlow used three moonlighting Mattel seamstresses to assist her in sewing and pattern making. (Id. at Tr. 3625:12-3626:24, 3629:23-3630:5, 3634:9-25, 3638:24-3639:22, 3670:5-18.) The seamstresses did the Marlows' work on nights and weekends in their homes, not at Mattel. (Id. at Tr. 3661:18-3662:16.) Peter Marlow testified that he never told MGA, Larian or even Carter Bryant that the Marlows were using Mattel employees for

---

[1] Mattel offers colorful accusations about "the defendants' lack of trustworthiness and repeated violations of court orders", citing [REDACTED] (Mot. at 20.) While, as Mattel well knows, [REDACTED], it is telling that even despite the instruction to disregard [REDACTED] testimony and myriad other Mattel attempts to portray Larian as dishonest, the jury considered and rejected this contention. (See del Castillo Decl. Ex. B (Phase 1b Verdict Form (Dkt 4279)) ¶¶ 19, 21 (finding no evidence of fraudulent concealment as to Isaac Larian).)

7

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

1  this work. (Id. at Tr. 3659:1-3660:1.) Isaac Larian confirmed this. (Id. at Tr. 1826:23-
2  1827:2.)
3      Nothing the Marlows submitted to MGA identified these women by name, let alone
4  as Mattel employees – at best, all MGA and Larian "knew" was that the Marlows
5  sometimes

[REDACTED]

6
7      [2] Mattel's only other "evidence" requires a hefty logical leap to
8  establish MGA's knowing use of Mattel employees: at trial, Mattel relied on a
9
10

[REDACTED]

11
12  (del Castillo Decl. Ex. A at Tr. 3950:21-3953:23;
13

[REDACTED]

14      Mattel hung its hat on the oblique reference to                    to
15  establish MGA "knew" that the Marlows were paying then-Mattel employees, but as Peter
16  Marlow and Larian explained, that reference could mean the women worked for any
17  number of Southern California toy companies. (del Castillo Decl. Ex. A at Tr. 3947:18-
18  3950:14, 3953:5-11, 1832:17-1838:9, 1839:7-15, 1840:10-12, 1842:15-21;
19

[REDACTED]

20      Undaunted by the dearth of evidence to support its claims that MGA knew and
21  concealed evidence of that knowledge from Mattel during discovery, Mattel's last resort is
22  describing MGA's paying the Marlows for services rendered <u>for more than seven years</u> and
23

---

[2] At trial Mattel tried in vain to establish MGA knowledge of the Marlows' use of Mattel employees by establishing that one of the seamstresses, Maria Salazar, went to work as a seamstress for MGA in 2003 and therefore someone (Ms. Salazar herself) knew she had previously worked for MGA while a Mattel employee, but Judge Larson agreed that her knowledge of her own activities could hardly be imputed to MGA as a whole – especially since Ms. Salazar testified she never informed anyone at MGA of her work for the Marlows while at Mattel. (del Castillo Decl. Ex. A at Tr. 3921:11-3926:7.)

8

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

1  reimbursing the Marlows for vendor payments (somewhere between $2 to 3 million since
2  2000) as "funnel[ing] millions of dollars" to the Marlows in an attempt to make the banal
3  nefarious. (Mot. at 20; del Castillo Decl. Ex. A at Tr. 3649:17-3650:1, 3666:2-5.)  Mattel
4  can point to no evidence that MGA and Larian knew that the Marlows employed
5  moonlighting Mattel employees, and certainly can point to nothing suggesting MGA
6  concealed such non-existent evidence during the discovery process.  And most importantly,
7  Mattel was well aware of this purported discovery "deception" before it brought its motion
8  to compel.

9      Mattel also levels spurious (and belated) charges that the MGA Parties deliberately
10 engaged in discovery malfeasance by waiting until they were "exposed" by freelance face
11 painter Anna Rhee's production of "invoices she submitted to MGA in June 2000 [that]
12 were invoices for work on Bratz dolls" to "suddenly produce[] the invoices in question and
13 their alleged internal backup." (Mot. at 21-22.)  As Mattel well knows, the explanation for
14 MGA's "delayed" production of the Anna Rhee invoices is simple: Anna Rhee was not
15 working on the Bratz line in the summer of 2000, so there was no reason for MGA to
16 produce invoices related to her work.  As all the testimony and evidence makes clear, Anna
17 Rhee was working on a MGA product line of talking baby dolls called "Prayer Angels" in
18 the summer and early fall of 2000– indeed, she even [REDACTED]
19 and was forced to concede at trial she worked on the Prayer Angels
20 dolls released in 2000, identifying her work on
21 [REDACTED] – work not related to the Bratz at all.
22 del Castillo Decl. Ex. A at Tr. 811:14-813:12, 1221:18-1223:1,
23 1227:11-1234:23; [REDACTED]
24     MGA was not obligated to produce the Rhee Prayer Angels invoices because they
25 were not relevant to any Mattel discovery requests – they were for work on an entirely
26 different product line performed months before Carter Bryant approached MGA with Bratz.
27 It was not until MGA learned Anna Rhee inexplicably confused, among other things, her
28 work on the Prayer Angels line in the summer of 2000 with her later work on the Bratz that

9

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

MGA produced the documents establishing Rhee was working on another project entirely. (del Castillo Decl. Ex. A at Tr. 1221:18-1223:1, 1227:11-1234:23.) Mattel's efforts to turn Anna Rhee's confused and false representations to the Court, representations completely undermined by the record and the witness herself, into allegations of discovery abuses by MGA is frivolous and misleading – not to mention stale.

Similarly, Mattel's claims that production from third parties Steven Linker and Moss Adams triggered belated responses from MGA similarly arise from events that occurred years before Mattel brought its ill-fated motion to compel – indeed, as described above, Mattel expressly pointed to MGA and Larian's failure to disclose documents bearing on MGA and Larian's financial condition and net worth as justification for granting its motion to compel. (See Mot. 22-25; del Castillo Decl. Ex. G at Tr. 20:21-21:5, 71:25-72:14, 74:25-75:8; MTC at 14-15 & MTC Reply at 19.)[3] Thus, Mattel's misleading recitation of MGA's past discovery transgressions, unsupported as they are, are wholly unavailing in the motion for reconsideration context.

### III. NOTHING IN MATTEL'S MOTION CHANGES THE FACT THAT, AS THE DISCOVERY MASTER ALREADY CONCLUDED, THE DISCOVERY SOUGHT IS OVERBROAD AND IRRELEVANT TO THE PHASE 2 CLAIMS

In its Motion, Mattel argues that "new" evidence proves that the discovery it seeks from the Financing Entities is relevant to MGA's net worth. (Mot. at 15-16.) Manifestly, Mattel could have (and did) make this argument already. Not only is this argument an impermissible repeat, but Mattel's rehashed argument is not actually based on any new facts, but purely on Mattel's continued speculation that perhaps this debt will not need to be

---

[3] Mattel attempts to dodge its flawed reliance on events of years past as justification for its motion for reconsideration by claiming that the Wachovia-produced documents show [REDACTED] but these sort of allegations are precisely what independent auditor Ronald Durkin is currently investigating – as Judge Larson has commented – with full compliance from MGA and the third parties. (del Castillo Decl. Ex. D (2/11/09 Tr.) at 79:19-80:9.) Mattel's interpretation of Wachovia's documents notwithstanding, these issues are best addressed by Mr. Durkin's impending report. Moreover, the Financing Parties have obtained leave to review these supposedly damning documents and will show that Mattel's construction of the facts is demonstrably wrong.

10

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)

1  repaid or will be readily forgiven, and thus does not constitute "legitimate" debt. (<u>Id.</u>) This
2  argument is not only too late, it is moot because Mattel already has been granted discovery
3  concerning the "legitimacy" of the debt and so there is no basis for reconsideration. (Order
4  No. 3 at 20.)

5        Mattel also reiterates its speculation that the transactions between MGA and the
6  Financing Entities were not at arms-length. (Mot. at 16.) Nothing in Mattel's motion for
7  reconsideration suggests that Mattel has any more basis for speculation now than it did
8  when it made the same allegations in its original briefing. (<u>See</u> MTC Reply at 15-16
9  ("Further, contrary to the MGA Parties; assertion, it is not just documents directly related to
10 their expenditures that is relevant. Documents related to the identity of the investors and
11 shareholders in the Omni Parties … are also relevant. Mattel expects that the requested
12 documents will show – as the present evidence suggests – that the transactions at issue were
13 not arms-length but fraudulent schemes designed to conceal the true financial condition of
14 the MGA Parties.").) <u>Moreover, Mattel has already been granted discovery of "any
15 communications between Omni 808 Investors, LLC and the MGA Parties" regarding the
16 debt, precisely so that it can explore this (meritless) theory.</u> (Order No. 3 at 20 (emphasis
17 added).)

18       The Discovery Master's analysis of the remainder of Mattel's requests continues to
19 apply:

> [T]he vast majority of the document requests set forth in the Subpoena propounded on Omni 808 Investors, LLC are not narrowly tailored to obtain information demonstrating the amount and nature of MGA's indebtedness (and hence net worth) or communications regarding any such debt, but instead would require the Financing Entities to produce virtually every document in their possession regarding their formation, operations, and history of transactions.

27 (<u>Id.</u> at 20-21.) Such discovery remains overbroad and improper and nothing in the
28 Wachovia production changes the manner in which Mattel drafted its overbroad discovery.

Case 2:04-cv-09049-DOC-RNB   Document 5113   Filed 04/03/09   Page 15 of 15   Page ID
#:165139

Mattel's arguments on disgorgement and unfair competition are equally specious. Mattel argues that because the Financing Entities appear to have received funding from one of the IGWT entities, discovery should be permitted to the same extent that it is permitted for the IGWT entities. (Mot. at 17-18.) However, the Discovery Master's Order as to the IGWT entities turned on the fact that the IGWT entities were buying and selling Bratz products – the subject of Mattel's unfair competition claim – and thereby generating Bratz profits – the subject of Mattel's disgorgement claim. (Order No. 3 at 26-27.) In contrast, the Financing Entities have not bought or sold any Bratz products. They acquired a loan from Wachovia to MGA, which Mattel cannot seriously contend has any relevance to its claims for disgorgement or unfair competition. Nor can Mattel argue that what MGA or Larian do with Bratz profits <u>after they receive them</u> is relevant to their claims.[4] Thus, the discovery Mattel seeks is still irrelevant to its Phase 2 claims, and should not be permitted.

## CONCLUSION

For the foregoing reasons, the Discovery Master should deny Mattel's Motion for Reconsideration.

DATED: April 3, 2009         SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _/s/ Thomas J. Nolan / JKdC_
Thomas J. Nolan
Attorneys for the MGA Parties

---

[4] It should be noted Mattel has embraced a misconception that slipped into DM Order No. 3, despite knowing full well that it is inaccurate. (Mot. at 17-18.) Neither the December 3, 2008 Orders nor the stay of those orders that is currently in place award Mattel any profits or constructive trust on profits from Bratz sales – they only transfer intellectual property rights. (See del Castillo Decl. Ex. E (Dec. 3, 2008 Orders); Ex. F (Order Modifying Stay Of Permanent Injunction).) Mattel's claims to Bratz profits is currently limited to the jury award in Phase 1, although in Phase 2 it likewise claims a right to disgorgement of profits from Bratz.

MGA Parties' Opposition To Mattel Inc.'s Motion For Reconsideration Of Phase II Discovery Matter Order No. 3
Case No. CV 04-9049 SGL (RNBx)