1  Patricia L. Glaser, State Bar No. 055668
   Pglaser@glaserweil.com
2  Joel N. Klevens, State Bar No. 045446
   Jklevens@glaserweil.com
3  GLASER, WEIL, FINK, JACOBS
    & SHAPIRO, LLP
4  10250 Constellation Boulevard, 19th Floor
   Los Angeles, California 90067
5  Telephone:  310-553-3000
6  Facsimile:   310-556-2920

7  Russell J. Frackman, State Bar No. 049087
   rjf@msk.com
8  MITCHELL, SILBERBERG & KNUPP, LLP
   11377 West Olympic Boulevard
9  Los Angeles, California 90064
   Telephone:  310-312-2000
10 Facsimile:   310-312-3100

11 Attorneys for the MGA Parties For Phase Two

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual<br><br>Plaintiff,<br><br>v.<br><br>MATTEL, INC., a Delaware Corporation<br><br>Defendant.<br><br>AND CONSOLIDATED ACTIONS | Case No. CV 04-9049 SGL (RNBx)<br><br>Consolidated with<br>Case No. 04-09059<br>Case No. 05-02727<br><br>**DISCOVERY MATTER**<br><br>**[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 3/27/09 MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION OF NON-ATTORNEY AND NON-LEGAL COMMUNICATIONS LISTED ON MGA'S PRIVILEGE LOGS**<br><br>[Declaration of Caroline H. Mankey filed and served concurrently herewith]<br><br>**Discovery Cut-off:  Dec. 11, 2009<br>Pre-trial Conference:  Mar. 1, 2010<br>Trial Date:  Mar. 23, 2010** |

672201

MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 3/27/09 MOTION TO COMPEL

# TABLE OF CONTENTS

|     |     |     | Page |
| --- | --- | --- | --- |
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | RELEVANT FACTUAL BACKGROUND | | 2 |
| | A. | The August and September 2007 Privilege Logs | 2 |
| | B. | The October 2007 Privilege Log | 4 |
| | C. | The January 2008 Privilege Logs | 4 |
| | D. | Mattel's Prior Motions to Compel Production of Withheld Documents On MGA's Privilege Logs. | 5 |
| | E. | On June 5, 2008, Judge Larson Denied Mattel's Motion to Compel Production of the Withheld Documents. | 6 |
| | F. | Mattel Now Re-Challenges the Same Privilege Logs and Seeks the Same Relief That Was Previously Denied by the Court in its June 5, 2008 Order. | 7 |
| III. | ARGUMENT | | 7 |
| | A. | Mattel's Motion Is An Improper Request That The Discovery Master Reconsider Judge Larson's Prior Rulings. | 7 |
| | | 1. The Discovery Master Does Not Have Authority To Reconsider Judge Larson's Rulings. | 7 |
| | | 2. Even If the Discovery Master Had The Authority To Reconsider, Mattel's Motion Fails To Meet The Standards Necessary For Reconsideration. | 8 |
| | B. | Judge Larson's Prior Ruling Rejecting Mattel's Arguments Is The Law Of The Case. | 9 |
| | C. | MGA Has Properly Withheld The Privileged Documents Identified On Its Privilege Logs. | 10 |
| | | 1. Non-Lawyer Communications | 10 |
| | | 2. Unidentified Author Or Recipients | 11 |
| | | 3. Author or Recipient Misidentified as an Attorney | 12 |
| | | 4. Non-Legal Communications | 12 |
| | | 5. Blind Carbon Copies | 13 |
| IV. | CONCLUSION | | 14 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

**Page**

*Cordoza v. Pacific States Steel Corp.*,
    320 F.3d 989 (9th Cir. 2003) ........................................................................... 8

*Kona Enterprises, Inc. v. Estate of Bishop*,
    229 F.3d 877 (9th Cir. 2000) ........................................................................... 8

*Milgard Tempering, Inc. v. Selas Corp. of America*,
    902 F.2d 703 (9th Cir. 1990) ........................................................................... 9

*Thomas v. Bible*,
    983 F.2d 152 (9th Cir. 1993) ........................................................................... 9

*Tice v. American Airlines*,
    373 F.3d 851 (7th Cir. 2004) ........................................................................... 9

*United States v. Alexander*,
    106 F.3d 874 (9th Cir. 1997) ........................................................................... 9

*United States v. Davis*,
    132 F.R.D. 12 (S.D.N.Y. 1990) ............................................................... 13, 14

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ...................................................................................... 11

## FEDERAL STATUTES AND RULES

Federal Rules of Civil Procedure
    Rule 53 .................................................................................................... 2, 7, 8

Central District of California Local Rule
    Rule 7-18 ......................................................................................................... 8

# OPPOSITION TO MATTEL, INC.'S MOTION TO COMPEL

## I. PRELIMINARY STATEMENT

Mattel's Motion to Compel *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed on MGA's Privilege Logs (the "Motion"), asks the Discovery Master to reconsider and reverse Judge Larson's Order dated June 5, 2008 ("June 2008 Order"). The June 2008 Order addressed, and ***denied***, a motion (and supplemental motion) Mattel previously filed, which sought to compel production of documents from identical or nearly identical privilege logs that are the subject of the instant Motion. In denying Mattel's prior motions, Judge Larson considered – ***and rejected*** – the same arguments that Mattel now asks the Discovery Master to revisit.

Mattel tries to obscure the fact that it is seeking reconsideration of a Court order by selectively quoting statements Judge Larson made at the ***hearing*** on Mattel's prior motion, and ignoring what Judge Larson stated in his June 2008 ***Order***. Using this sleight of hand, Mattel first pronounces that the selective quotations represent the "basis" of the June 2008 Order, and then disingenuously suggests that Judge Larson "left open" that which the June 2008 Order clearly foreclosed.

Mattel's poorly disguised motion for reconsideration of the June 2008 Order is also a subtle attack on the integrity of the Skadden lawyers who represented the MGA Parties during Phase 1 of this litigation. The June 2008 Order expressly states that Mattel's prior motion was denied "based on MGA's counsel's representation that the communications at issue: (1) have been individually reviewed by counsel; and (2) are privileged in their entirety or, to the extent they are only partially privileged, have already been produced in redacted form such that all non-privileged information is revealed." Mattel now asks the Discovery Master to disregard Skadden's prior representations to the Court and to review the documents himself.

Mattel's motion should be denied for any number of procedural reasons. As a preliminary matter, the Discovery Master cannot reconsider rulings made by the

Court. Under the Stipulation Appointing the Discovery Master, Federal Rule of Civil Procedure 53, and well-established law, a special master does not have the power to review the Court's rulings. However, even if the Discovery Master had the authority to reconsider the prior Order, Mattel's Motion does not meet the standards for a reconsideration motion because it repeats the same arguments, based on the same facts, set forth in its prior moving papers.

Further, under the law of the case doctrine, the Discovery Master may not grant the same relief that Judge Larson previously has denied, based on the same arguments to compel the production of withheld documents on nearly identical privilege logs (the only differences being some updates that MGA has made to the logs in the interim). Finally, even if the Discovery Master were authorized to revisit these matters, the documents at issue were properly withheld.

In sum, Mattel's Motion must be seen for what it is – an attempt to circumvent the Court's prior rulings in pursuit of Mattel's never-ending quest to invade the sanctity of the privilege that protects communications between the MGA Parties and their counsel. Mattel's Motion is without merit for the same reasons that led the Court to reject its arguments a year ago. Its request for a second bite at the apple must be rejected.

## II. RELEVANT FACTUAL BACKGROUND

As evidenced by the long history of Mattel's unnecessary (and improper) motion practice in connection with the privilege logs at issue here, the instant Motion is just the latest segment in Mattel's serial attacks on MGA's privilege logs.

### A. The August and September 2007 Privilege Logs

On August 14 and September 5, 2007, MGA's prior Phase 1 counsel, O'Melveny & Myers, LLP ("O'Melveny") prepared and produced privilege logs (the "August log" and "September log," respectively) listing documents that had been withheld from production on the grounds of privilege. [Declaration of Caroline H. Mankey in Support of MGA's Memorandum of Points and Authorities in Opposition

1  to Mattel's Motion to Compel *In Camera* Review and Production of Non-Attorney or
2  Non-Legal Communications Listed on MGA's Privilege Logs ("Mankey Decl."), ¶ 2,
3  Exh. A (January 21, 2008 Declaration of B. Dylan Proctor in Support of Mattel's
4  Motion to Compel and relevant exhibits attached thereto ("January 2008 Proctor
5  Decl."), ¶¶ 24-25, Exhs. 14-15).] Mattel subsequently moved to compel production
6  of the documents listed on the August and September logs on the ground that MGA's
7  production of those logs was untimely. Mattel also sought a ruling that MGA's
8  allegedly tardy production of the August and September logs had resulted in a
9  wholesale waiver of the attorney-client privilege. On December 19, 2007, the prior
10 Discovery Master denied Mattel's motion to compel and its request for a finding of
11 wholesale waiver of the attorney-client privilege. [Mankey Decl., ¶ 3, Exh. B.]

       On December 7, 2007, Mattel's counsel asked to meet and confer with MGA's new Phase 1 counsel, Skadden, Arps, Slate, Meagher & Flom, LLP ("Skadden") to discuss the August and September privilege logs. [Mankey Decl., ¶ 2, Exh. A, (January 2008 Proctor Decl., ¶ 11, Exh. 1).]

       In its meet and confer letter, Mattel raised a host of purported deficiencies with regard to both privilege logs. Among other things, Mattel's counsel complained that many of the documents listed on the logs did not appear to involve communications with counsel – the same argument that Mattel now raises in the instant Motion.

       On December 17, 2007, Skadden engaged in the first of several meet and confer conferences with Mattel's counsel to discuss Mattel's objections to the August and September privilege logs. [Mankey Decl., ¶ 2, Exh. A, (January 2008 Proctor Decl., ¶ 14, Exh. 4).] Because Skadden had not been involved in the preparation of those logs, and in the interest of avoiding needless motion practice, MGA agreed to undertake a massive effort to review approximately 4,000 entries on the August and September privilege logs. MGA also agreed to produce revised logs that would indicate which documents were being produced in redacted form and which were being withheld in their entirety. [See id.] Further, in response to concerns raised by

Mattel during the meet and confer process about specific documents listed on the August and September logs, *MGA and its counsel re-examined every document challenged by Mattel* and either re-affirmed the claim of privilege or withdrew the privilege claim and agreed to provide the document in full or redacted form when the revised privilege logs were completed. [Mankey Decl., ¶ 4, Exh. C, (Reporter's Transcript of Proceedings dated June 2, 2008 (the "June 2, 2008 Hearing Transcript"), pp. 27:19-28:7).]

### B. The October 2007 Privilege Log

On November 15, 2007, MGA prepared another privilege log in connection with documents that had been produced to Mattel in October 2007 (the "October log"). The October log listed various documents that MGA had determined should be withheld in their entirety. On January 11, 2008, Mattel raised concerns about the documents listed on the October log. [Mankey Decl., ¶ 2, Exh. A (January 2008 Proctor Decl., ¶ 18, Exh. 5).] Among other things, Mattel asserted that some of the entries listed on the October log did not appear to reflect confidential communications or legal advice – the same argument Mattel now asserts here. (Id.)

### C. The January 2008 Privilege Logs

On January 15, 23, 25[1], 28, and 30, 2008, Skadden prepared additional logs covering documents that had been produced by MGA and Isaac Larian (the "January logs"). The day after Mattel received the January 15 log, it sent yet another letter complaining about the entries on this log. [Mankey Decl., ¶ 5, Exh. D (Declaration of José R. Allen in support of MGA Entertainment, Inc.'s Memorandum of Points and Authorities in Opposition to Mattel, Inc.'s Motions to Compel ("Allen Decl."), ¶ 8, Exh. 5).] Among other things, Mattel complained that many of the entries on the log

---

[1] The January 25 log is a revised version of the January 23 log and thus supersedes the January 23 log.

did not appear to involve counsel – the same argument that Mattel makes in the instant Motion.

### D. Mattel's Prior Motions to Compel Production of Withheld Documents On MGA's Privilege Logs.

On January 22, 2008, Mattel filed its Motion to Compel Production of Previously Withheld Documents Only Portions of Which Are Allegedly Privileged (the "January 2008 Motion to Compel Production"). [See Declaration of B. Dylan Proctor In Support of Mattel's Motion to Compel *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed on MGA's Privilege Logs dated March 27, 2009 ("March 2009 Proctor Decl."), ¶ 25, Exh. 23.] That motion sought to compel production of documents listed on MGA's August, September and October privilege logs – which are nearly identical to the privilege logs that are now the subject of the instant Motion.[2]

On February 5, 2008, Mattel filed a Supplemental Motion to Compel Production of Previously Withheld Documents Only Portions of Which are Allegedly Privileged (the "February 2008 Supplemental Motion"), raising issues regarding hundreds of documents identified on the January logs.[3] [March 2009 Proctor Decl., ¶ 28, Exh. 26.]

---

[2] In the instant Motion, Mattel references the August 14, 2007 [March 2009 Proctor Decl., ¶ 2, Exh. 1], the September 5, 2007 [Id., ¶ 3, Exh. 2], the October 17 and 19, 2007 [Id., ¶ 4, Exh. 3] and the January 15, 2008 privilege logs [Id., ¶ 5, Exh. 4] – all of which were the subject of Mattel's January 2008 Motion to Compel Production. [Mankey Decl., ¶ 2, Exh. A (January 2008 Proctor Decl., ¶¶ 24-27, Exhs. 14-17).] Two of these logs were revised and supplemented after the January 2008 Motion to Compel was filed but before the motion was heard in June 2008.

[3] Mattel refers to the Rev. January 25, 2008 [March 2009 Proctor Decl., ¶ 7, Exh. 6], Rev. January 28, 2008 [Id., ¶ 9, Exh. 8] and January 30, 2008 (Id., ¶ 8, Exh. 7] privilege logs in the instant Motion – *all* of which were previously the subject of Mattel's February 2008 Supplemental Motion. [See e.g., Mankey Decl., ¶ 6, Exh. E (Supplemental Declaration of B. Dylan Proctor In Support Of Mattel's Motions to Compel dated February 5, 2008 ("February 2008 Proctor Decl."), ¶¶ 2-4, Exhs. 1-3).]

1     The arguments made by Mattel in its January 2008 Motion to Compel Production and its February 2008 Supplemental Motion concerning MGA's privilege logs are the same arguments it is re-asserting in its current Motion.

### E. On June 5, 2008, Judge Larson Denied Mattel's Motion to Compel Production of the Withheld Documents.

    By an Order dated June 5, 2008, Judge Larson denied Mattel's January 2008 Motion to Compel Production and February 2008 Supplemental Motion "based on MGA's counsel's representation that the communications at issue: (1) have been individually reviewed by counsel [Skadden]; and (2) are privileged in their entirety or, to the extent they are only partially privileged, have already been produced in redacted form such that all non-privileged information is revealed." [Mankey Decl., ¶ 7, Exh. F, (Joint Order Regarding Various Discovery Motions, Applications and Other Matters Upon Which the Court Ruled On June 2, 2008 (the "June 5, 2008 Order"), ¶ 3).]

    Of note, during the June 2, 2008 hearing that preceded the June 2008 Order, Judge Larson noted that "[i]t's a point well taken – that nonlawyers, nonlawyer employees in the company could be discussing, in an e-mail, legal advice received from counsel. And provided that doesn't get into a third-party's hands, that legal advice being discussed could be privileged." [Mankey Decl., ¶ 4, Exh. C (June 2, 2008 Hearing Transcript, p. 22:5-10).] Mattel's counsel expressly agreed with that statement. [Id. at 22:12.] Moreover, Judge Larson also observed that it is conceivable "that an entire e-mail or an entire document is devoted to a discussion of that opinion." [Id. at 22:16-18.] Based on MGA's counsel's certification that all of the communications at issue in Mattel's motions were indeed privileged, Judge Larson concluded that there was no basis to "turn over all of the documents," and that the Court (and Mattel) must instead "rely on MGA that they have found that these documents are privileged." [Id. at 22:1-5.]

F.  **Mattel Now Re-Challenges the Same Privilege Logs and Seeks the Same Relief That Was Previously Denied by the Court in its June 5, 2008 Order.**

In a letter dated February 8, 2009 to MGA's Phase 2 counsel, Glaser, Weil, Fink, Jacobs & Shapiro, LLP, Mattel once again questioned the privilege logs MGA and Mr. Larian had provided in August, September and October 2007 and January 2008. [March 2009 Proctor Decl., ¶ 35, Exh. 33.] In a subsequent meet and confer conference, MGA's counsel said they would not re-review documents that had been the subject of Mattel's previous motion, and that Judge Larson's June 5, 2008 Order precluded Mattel from demanding they do so. [Id., ¶¶ 14-15, Exhs. 12-13.][4]

## III.  ARGUMENT

### A.  MATTEL'S MOTION IS AN IMPROPER REQUEST THAT THE DISCOVERY MASTER RECONSIDER JUDGE LARSON'S PRIOR RULINGS.

#### 1.  The Discovery Master Does Not Have Authority To Reconsider Judge Larson's Rulings.

Mattel provides no support for the proposition that the Discovery Master may reconsider *Judge Larson's prior rulings*, because none exists. In the December 6, 2006 Stipulation for Appointment of a Discovery Master ("Stipulation"), the parties stipulated to the appointment of a discovery master pursuant to Federal Rule of Civil Procedure 53. Under both the Stipulation and Rule 53(f), *the Court* retains the power

---

[4]  In the instant Motion, Mattel makes the unintelligible argument that MGA "opposed Mattel's [prior] motion by demanding that the parties 'go back to fundamentals and examine each and every element of the attorney/client privilege' with respect to each alleged entry challenged, [and that] it now refuses to review those documents on the very basis it proposed." [Motion, 8:11-15.] To the extent Mattel is suggesting that the documents have not been "re-reviewed," Mattel is completely ignoring the fact that those documents were re-reviewed by Skadden and certified as privileged. There is no legitimate reason for Mattel to demand that Phase 2 counsel "double check" Skadden's work.

to review *the Discovery Master's* findings, rulings, and conclusions, not the other way around. "The district court's authority under Rule 53 to appoint the special master . . . necessarily includes the power—as well as the responsibility—to supervise the special master and to investigate and determine whether the special master is in fact carrying out his duties." Cordoza v. Pacific States Steel Corp., 320 F.3d 989, 999 (9th Cir. 2003). Under the Stipulation, Rule 53, and well-established federal law, a special master does not have the power to review the Court's rulings. See Fed. R. Civ. Proc. 53, Advisory Committee Notes to Rule 53 (too broad a delegation of responsibility to a special master can "run afoul of Article III").

### 2. **Even If the Discovery Master Had The Authority To Reconsider, Mattel's Motion Fails To Meet The Standards Necessary For Reconsideration.**

Even if the Discovery Master theoretically were authorized to reconsider rulings made by the Court (which he is not), Mattel's Motion does not meet the standards that allow reconsideration.[5] Local Rule 7-18 provides that "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Local Rule 7-18 of the Central District of California. Mattel's Motion seeks to compel production of documents listed on privilege logs that were the subject of its January 2008 Motion to Compel Production and February 2008 Supplemental Motion. Mattel repeats the same

---

[5] Reconsideration of a motion is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and "should not be granted, absent highly unusual circumstances." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration may be made only on grounds of: (1) "material difference in fact or law" from that presented to the court at the time of hearing that could not have been reasonably known to the party seeking reconsideration; (2) emergence of new material facts or a change of law occurring after the hearing; or (3) "a manifest showing of a failure to consider material facts" presented to the court at the hearing. Local Rule 7-18 of the Central District of California.

arguments that it raised in its prior motions, namely, that communications between non-lawyers are not privileged and that the privilege logs inadequately describe the privileged nature of the communications. Judge Larson rejected those arguments on June 5, 2008 and denied Mattel's prior motions. [Mankey Decl., ¶ 7, Exh. F (June 5, 2008 Order, ¶ 3).] No new material facts or law have emerged since that ruling. Thus, Mattel has not demonstrated (and cannot demonstrate) that it meets the standards necessary for reconsideration of its prior motions.

### B. JUDGE LARSON'S PRIOR RULING REJECTING MATTEL'S ARGUMENTS IS THE LAW OF THE CASE.

Under the law of the case doctrine, "a ruling made in an earlier phase of a litigation controls the later phases unless a good reason is shown to depart from it." Tice v. American Airlines, 373 F.3d 851, 853 (7th Cir. 2004); see also United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) ("Under the 'law of the case' doctrine, 'a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.'") (quoting Thomas v. Bible, 983 F.2d 152, 154 (9th Cir. 1993) (*cert. denied* 508 U.S. 951, 113 S.Ct. 243, 124 L.Ed.2d 661 (1993)).

"For the doctrine to apply, the issue in question must have been decided either expressly or by necessary implication in [the] previous disposition." Thomas, 983 F.2d at 154-55 (law of the case applied where issue was previously decided by necessary implication) (quoting Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 715 (9th Cir. 1990) (internal quotation marks omitted)).

Here, Mattel is asking the Discovery Master to grant the same relief that Judge Larson has already denied, based on the very same arguments in connection with entries on identical and near-identical privilege logs. There is no legal basis for Mattel's request that the Discovery Master reconsider rulings made *by the Court* over ten months ago.

### C. MGA HAS PROPERLY WITHHELD THE PRIVILEGED DOCUMENTS IDENTIFIED ON ITS PRIVILEGE LOGS.

#### 1. Non-Lawyer Communications

Mattel's argument that MGA is improperly withholding hundreds of communications between non-lawyers on the basis of privilege was expressly considered and rejected by Judge Larson during the June 2, 2008 hearing on its January 2008 Motion to Compel Production and February 2008 Supplemental Motion. In particular, Judge Larson recognized that "[i]t's a point well taken – that nonlawyers, nonlawyer employees in the company could be discussing, in an e-mail, legal advice received from counsel. And provided that doesn't get into a third-party's hands, that legal advice being discussed could be privileged." [Mankey Decl., ¶ 4, Exh. C (June 2, 2008 Hearing Transcript, p. 22:5-10).] Indeed, Mattel expressly agreed with the Court's statement. [Id. at 22:12.] Moreover, Judge Larson acknowledged that it is entirely conceivable "that an entire e-mail or an entire document is devoted to a discussion of that opinion." [Id. at 22:16-18.]

During the June 2, 2008 hearing, MGA's counsel represented to the Court that all of the documents on MGA's privilege logs had been individually re-reviewed by counsel and that "all of the documents that have been represented as communications between nonlawyers are, in fact, privileged." [Id. at 35:23-36:12.] That representation included all of the documents indicated in Mattel's motions – which are nearly identical to the documents at issue in the instant Motion. [Id. at 28:8-12.) Mattel expressly agreed that such "certification [is] appropriate." [Id. at 23:21-23.] Accordingly, Judge Larson accepted MGA's counsel's representation and denied Mattel's prior motions.

Mattel now regurgitates the same arguments that Judge Larson rejected. As a matter of law (and Judge Larson's prior ruling), Mattel's categorical attack on all communications between non-attorneys listed on MGA's privilege logs should once again be rejected. It is well-established that a communication between employees

1  discussing advice provided by their attorney is entirely privileged. See Upjohn Co. v.
2  United States, 449 U.S. 383, 390 (1981). Contrary to Mattel's contention, the mere
3  fact that an e-mail is addressed to non-lawyers does not mean that it is not a
4  privileged communication. Id. ("privilege exists to protect not only the giving of
5  professional advice to those who can act on it but also the giving of information to the
6  lawyer to enable them to give sound and informed advice" and includes
7  communications between managers and officers at the corporation or others who
8  possess the information the attorney needs to provide legal advice or who will act on
9  the attorney's advice).

10  Thus, there is no legitimate basis for Mattel to demand that MGA produce all
11  communications between non-lawyers for *in camera* inspection by the Discovery
12  Master.

### 2. Unidentified Author Or Recipients

14  Mattel complains that MGA's descriptions of documents on its logs are
15  inadequate because they fail to identify either an author or recipient of the privileged
16  communications, and as a result, "MGA has not substantiated its claims of privilege."
17  [Motion, p. 17:15-16.] However, Mattel's argument and the supporting cases it cites
18  are irrelevant because the adequacy of these privilege logs, and the privileged nature
19  of these documents, have already been addressed and ruled on by the Court. [Mankey
20  Decl., ¶ 7, Exh. F (June 5, 2008 Order, ¶ 3).] Mattel may not improperly challenge
21  the Court's prior ruling by asking the Discovery Master to review and reverse the
22  Court's prior decision. (See Sections A and B above.)

23  Moreover, Mattel produced similar logs which do not identify either an author
24  or recipient for documents they claim are privileged. [See e.g. Mankey Decl., ¶ 5, Ex.
25  D, (Allen Decl., ¶ 18, Exh. 15).) Therefore, Mattel has no basis to complain about the
26  adequacy of MGA's descriptions when its own descriptions suffer from the same
27  alleged deficiencies. If Mattel believes its descriptions are adequate for MGA, then
28  MGA's similar descriptions should be adequate for Mattel.

### 3. Author or Recipient Misidentified as an Attorney

Mattel's contention that MGA misidentified certain individuals as attorneys in the subject privilege logs is nothing more than a red herring. While it is true that MGA inadvertently identified Dennis Medici (MGA's former Chief Financial Officer) as an attorney in connection with a small handful of entries on the October log (which was the subject of Mattel's prior motions), the documents nevertheless contained privileged communications. As set forth above in Section C.1, Mr. Medici's discussions with other MGA employees about legal advice received from counsel were properly withheld.

### 4. Non-Legal Communications

Mattel mounts a categorical attack on entries in MGA's privilege logs which purportedly involve "non-legal communications." After singling out two "exemplar" entries, Mattel launches into abstract and speculative arguments about the contents of numerous entries listed in MGA's privilege logs (which Mattel relegates to a footnote referring to "[o]ther entries showing similar withheld non-legal communications") and contends that they are not privileged. [Motion, p. 20, fn. 81.] In particular, Mattel challenges Rev. Jan. 23 Log Nos. 1647 and 2074. However, as set forth above, the January 23, 2008 log was the subject of Mattel's prior February 2008 Supplemental Motion (referred to as the "January 25, 2008 Privilege Log") [Mankey Decl., ¶ 6, Exh. E (February 2008 Proctor Decl., ¶ 2, Exh. 1)], and that motion was denied by Judge Larson on June 5, 2008. For this reason alone, Mattel's motion to compel production of those documents should be rejected.

Mattel also challenges Rev. Jan. 23 Log No. 2074, but the description of that entry specifically states that the communication was for the purpose of ███████ ███████ [Motion, Appendix D, Rev. Jan. 23 Log No. 2074.] Accordingly, Mattel's argument that this communication is somehow "non-legal" is without merit. Moreover, a review of Mattel's own privilege logs demonstrates that Mattel used a similar description for many of its own allegedly privileged documents. [Mankey

1  Decl., ¶ 5 , Exh. D, Allen Decl., ¶ 18, Exh. 15 (See e.g., January 15, 2008 Privilege
2  Log Nos. 40(a)-(c), 59(a)-(c) (described as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).]
3  　　　Third, Mattel argues that a description that a privilege log entry stating that a
4  communication "reflects" legal advice does not provide a sufficient basis for
5  withholding that communication. [Motion, p. 21:4-5.] However, Mattel
6  disingenuously mischaracterizes MGA's descriptions, which actually state that the
7  communications at issue are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  [See e.g., Motion, Appendix D, Supp. Oct. Log Nos. 89, 90, 125-131 (emphasis
9  added).] MGA has properly withheld such communications because, as described in
10 the privilege logs, they contain legal advice.

### 5.　**Blind Carbon Copies**

12 　　　Mattel again mischaracterizes the descriptions on MGA's privilege logs as
13 "withholding documents based on nothing other than the fact that an attorney or
14 paralegal has been "blind carbon copied." [Motion, p. 21:15-17.] Not so. Almost all
15 of the documents on the logs specifically state that the communications were for the
16 purpose of ▮▮▮▮▮▮▮▮▮▮▮▮ [See e.g., Motion, Appendix E, Jan. 15 Log No.
17 188, Jan. 30 Log No. 65, Rev. Jan. 23 Log Nos. 670, 1087, 1096, 1099, 1103, 1988,
18 2031, 2090.] Additionally, as recognized by Judge Larson and set forth in Section
19 C.1 above, communications between nonlawyers discussing legal advice received
20 from counsel may be protected by the attorney-client privilege.
21 　　　Mattel's reliance on United States v. Davis, 132 F.R.D. 12, 17 (S.D.N.Y.
22 1990), is misplaced. That case does not stand for the proposition that "[d]ocuments or
23 communications transmitted to an attorney as 'blind carbon copies' typically are not
24 protected attorney-client communications." [Motion, p. 22:5-9.] The documents at
25 issue in Davis were withheld on the basis of attorney work product (and not attorney-
26 client privilege), did not reflect any thought processes, conclusions, or opinions of an
27 attorney, were not addressed to the attorney as represented (but blind carbon copied),
28 and were ultimately ordered to be produced because the opposing party had a

substantial need for the documents, even if they did constitute work product. Id. at 16-17.

## IV. CONCLUSION

For all of the foregoing reasons, the MGA Parties respectfully request that Mattel's March 27, 2009 Motion to Compel *In Camera* Review and Production of Non-Attorney or Non-Legal Communications Listed on MGA's Privilege Logs be denied in its entirety.

Dated: April 3, 2009

        Patricia L. Glaser
        Joel N. Klevens
        GLASER, WEIL, FINK, JACOBS
         & SHAPIRO, LLP

        Russell J. Frackman
        MITCHELL, SILBERBERG & KNUPP, LLP


        By: /s/ Joel N. Klevens
            Joel N. Klevens
            Attorneys for the MGA Parties
            for Phase Two

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Boulevard, Nineteenth Floor, Los Angeles, California 90067.

    On April 3, 2009, I served the foregoing document described as:

**[PUBLIC REDACTED] MGA PARTIES' OPPOSITION TO MATTEL, INC.'S 3/27/09 MOTION TO COMPEL *IN CAMERA* REVIEW AND PRODUCTION OF NON-ATTORNEY AND NON-LEGAL COMMUNICATIONS LISTED ON MGA'S PRIVILEGE LOGS**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

☐ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee.

☒ **(BY EMAIL)** I caused such documents to be delivered via email to the addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 3rd day of April, 2009, at Los Angeles, California.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
ADIL KHAN

672201

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | Robert C. O'Brien |
| | Discovery Master |
| 3 | Arent Fox LLP |
| | 555 West 5th St., Suite 4800 |
| 4 | Los Angeles, CA 90013 |
| | **[By Personal Service]** |
| 5 | |
| | John Quinn, Esq. |
| 6 | (johnquinn@quinnemanuel.com) |
| | Jon D. Corey, Esq. |
| 7 | (joncorey@quinnemanuel.com) |
| | Michael T. Zeller, Esq. |
| 8 | (michaelzeller@quinnemanuel.com) |
| | Quinn Emanuel Urquhart Oliver & Hedges, LLP |
| 9 | 865 South Figueroa Street, 10th Floor |
| | Los Angeles, CA 90017-2543 |
| 10 | **[By Email Service]** |
| 11 | Russell J. Frackman, Esq. |
| | (rjf@msk.com) |
| 12 | Patricia H. Benson, Esq. |
| | (phb@msk.com) |
| 13 | Mitchell, Silberberg & Knupp, LLP |
| | 11377 W. Olympic Blvd. |
| 14 | Los Angeles, CA 90067 |
| | (310) 312-2000 |
| 15 | **[By Email Service]** |
| 16 | Thomas J. Nolan, Esq. |
| | (tnolan@skadden.com) |
| 17 | Raoul D. Kennedy, Esq. |
| | (rkennedy@skadden.com) |
| 18 | Jason D. Russell, Esq. |
| | (Jason.russell@skadden.com) |
| 19 | Skadden, Arps, Slate, Meagher & Flom LLP |
| | 300 South Grand Avenue, Suite 3400 |
| 20 | Los Angeles, CA 90071-3144 |
| | (213) 687-5000 |
| 21 | **[By Email Service]** |
| 22 | Mark E. Overland, Esq. |
| | moverland@obsklaw.com |
| 23 | Alexander H. Cote, Esq. |
| | acote@obsklaw.com |
| 24 | Overland Borenstein Scheper & Kim LLP |
| | 601 W. 5th Street, 12th Floor |
| 25 | Los Angeles, CA 90017 |
| | **[By Email Service]** |
| 26 | |
| 27 | |
| 28 | |

672201

2

**PROOF OF SERVICE FOR MGA'S OPPOSITION TO MATTEL'S 3/27/09 MOTION TO COMPEL**