QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 090378)
  johnquinn@quinnemanuel.com
  Michael T. Zeller (Bar No. 196417)
  (michaelzeller@quinnemanuel.com)
  Jon D. Corey (Bar No. 185066)
  (joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09059<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | **DISCOVERY MATTER** |
| Defendant. | **[To Be Heard By Discovery Master Robert O'Brien]** |
| AND CONSOLIDATED ACTIONS | MATTEL, INC.'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RENEWED MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 ORDER REGARDING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY THE MGA PARTIES [INTERROGATORY NOS. 48-50] |
| | [Declaration of Jon Corey filed concurrently herewith] |
| | Hearing Date: April 27, 2009<br>Time:          10:00 a.m.<br>Place:         Arent Fox LLP |
| | **Phase 2**<br>Discovery Cut-off: December 11, 2009<br>Pre-trial Conference: March 1, 2010<br>Trial Date: March 23, 2010 |

1

# <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3

4   I.   MGA'S PRIOR RESPONSES TO INTERROGATORY NOS. 48-50
        ARE DEFICIENT ..................................................................................5

5
6   II.  THE DISCOVERY MASTER SHOULD OVERRULE MGA'S
        OBJECTIONS TO INTERROGATORY NOS. 48 THROUGH 50 ...............7

7        A.   The Discovery Master Should Overrule MGA's Boilerplate
              Privilege Objections ..................................................................7
8
9        B.   The Discovery Master Should Overrule MGA's Compound
              Objections ..................................................................................8

10       C.   The Discovery Master Should Overrule MGA's Objections That
              Mattel's Interrogatories Seek Information Already Produced Or
11            More Easily Obtainable Elsewhere ......................................... 12

12       D.   The Discovery Master Should Overrule MGA's Objections That
              Mattel's Interrogatories Seek Information That May Be Subject
13            To Expert Analysis ................................................................... 12

14       E.   The Discovery Master Should Overrule MGA's Undue Burden
              Objection to Interrogatory No. 50 ........................................... 13
15
    CONCLUSION ............................................................................................ 16
16

17

18

19

20

21

22

23

24

25

26

27

28

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

## **Cases**

4

Am. Oil Co. v. Penn. Petro. Co.,
    23 F.R.D. 680 (D.R.I. 1959) ........................................................................ 14

5

6

Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc.,
    1995 WL 625953 (D. Kan. 1995) ................................................................ 14

7

Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC,
    2006 WL 3253636 (N.D. Ill. 2006) ............................................................. 14

8

9

Burton Mechanical Contractors, Inc. v. Foreman,
    148 F.R.D. 230 (N.C. Inc. 1992) ................................................................ 14

10

11

Capacchione v. Charlotte-Mecklenburg Schools,
    182 F.R.D. 486 (W.D.N.C. 1998) ............................................................... 15

12

Convergent Business Systems, Inc. v. Diamond Reporting, Inc.,
    1989 WL 92038 (E.D.N.Y. 1989) ................................................................. 7

13

14

Dang v. Cross,
    2002 WL 432197 (C.D. Cal. 2002) ............................................................. 14

15

16

Eidukonis v. Southeastern Pennsylvania Transp. Authority,
    1987 WL 16321 (E.D. Pa. August 27, 1987) ............................................... 11

17

Fleet Systems, Inc. v. Federal Coach, LLC,
    2007 WL 2264618 (D. Neb. August 6, 2007) ............................................. 11

18

19

In re Heritage Bond Litigation,
    2004 WL 1970058 (C.D. Cal. 2004) ............................................................. 8

20

21

Jackson v. Montgomery Ward & Co., Inc.,
    173 F.R.D. 524 (D. Nev. 1997)................................................................... 14

22

King v. E.F. Hutton & Co., Inc.,
    117 F.R.D. 2 (D.D.C. 1987)..................................................... 7, 13, 14, 15

23

24

Montecatini Edison, S. p. A. v. Rexall Drug & Chemical Co.,
    288 F. Supp. 486 (D.Del. 1968) ................................................................... 4

25

26

Morgenstern v. Int'l Alliance of Theatrical Stage Empl.,
    2006 WL 2385233 (N.D. Cal. Aug. 17, 2006) ............................................ 11

27

Nagele v. Electronic Data Systems Corp.,
    193 F.R.D. 94 (W.D.N.Y. 2000).................................................................. 13

28

-ii-

Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh,
    2005 WL 318811 (N.D. Cal. January 5, 2005) ................................................... 9

Pension Ben. Guar. Corp v. Ziffer,
    1994 WL 11654 (N.D. Ill. 1994) ...................................................................... 15

Putnam v. Eli Lilly and Co.,
    508 F. Supp. 2d 812 (C.D. Cal. 2007) ............................................................... 8

Richmark Corp. v. Timber Falling Consultants,
    959 F.2d 1468 (9th Cir. 1992) ......................................................................... 11

Roberts v. Heim,
    130 F.R.D. 424 (N.D. Cal. 1989) ..................................................................... 13

Schaap v. Executive Indus., Inc.,
    130 F.R.D. 384 (N.D. Ill. 1990) ...................................................................... 15

Seff v. General Outdoor Advertising Co.,
    11 F.R.D. 597 (N.D. Ohio 1951) ..................................................................... 16

Swackhammer v. Sprint Corp. PCS,
    225 F.R.D. 658 (D. Kan. 2004) ......................................................................... 9

Tennison v. San Francisco,
    226 F.R.D. 615 (N.D. Cal. 2005) ..................................................................... 14

Twigg v. Pilgrim's Pride Corp.,
    2007 WL 676208 (N.D. W. Va. 2007) ............................................................. 14

Wal-Mart Stores, Inc. v. Samara Bros., Inc.,
    529 U.S. 205 (2000) ........................................................................................... 6

Williams v. The Art Inst. of Atl.,
    2006 WL 3694649 (N.D. Ga. 2006) ................................................................ 14

Zapata v. IBP, Inc.,
    1997 WL 122588 (D. Kan. 1997) .................................................................... 10

## Statutes

Fed. R. Civ. P. 33(a)(2) ........................................................................................ 7

Fed. R. Civ. P. 33(b)(4) ...................................................................................... 13

Fed. R. Civ. P. 33(b) ............................................................................................. 4

1

## **Other Authorities**

2

Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261..............................9

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-iv-

On March 12, 2009, Judge Larson issued an Order providing that the Discovery Master should consider *de novo* Mattel's objections to the prior Discovery Master's rulings on Mattel's motion for an order overruling objections and compelling full and complete responses to Interrogatory Nos. 48-50. Mattel respectfully submits this Supplemental Brief in light of the fact that Mattel's motion to Judge Larson that has now been referred to the Discovery Master applied a different (and more exacting) standard than *de novo* consideration.

## **Preliminary Statement**

Interrogatory Nos. 48 through 50 ask MGA to identify the trade dress that MGA contends Mattel has infringed or diluted, to specifically identify allegedly infringing Mattel products, and to provide facts supporting its claim that its trade dress is protectable. MGA acknowledged that its responses were deficient and represented to the prior Discovery Master that "*MGA will supplement these responses in the course of Phase 2 discovery*." Phase 2 discovery is here, and MGA has not supplemented the responses to these basic contention interrogatories.

By the time this motion is heard, these claims will be four-years old. MGA must have this information to prepare its own case for trial. Mattel is entitled to a clear statement of MGA's trade dress infringement contentions to adequately focus and conduct appropriate follow-up discovery, prepare its defenses to those claims and ensure that it is not surprised at trial.

MGA's interrogatory responses on these key points failed to identify either specific trade dress that it claims that Mattel infringes or the allegedly infringing products. MGA has refused to make good on its representation that it would supplement these deficient answers. Mattel has no choice but to seek an order overruling MGA's objections and compelling complete responses by a date certain.

## **Procedural Posture**

Interrogatory Nos. 48-50 are contention interrogatories requesting basic information regarding MGA's trade dress infringement and dilution claims. The interrogatories read as follows:

> Interrogatory No. 48: Separately IDENTIFY each trade dress that YOU contend MATTEL has copied, infringed or diluted or that is otherwise the subject of YOUR claims, defenses or allegations in THIS ACTION.

> Interrogatory No. 49: For each trade dress identified in response to Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL product, packaging or other matter that YOU contend copies, infringes or dilutes such trade dress, including without limitation by describing fully and separately, for each such MATTEL product, packaging or other matter, each and every element of the claimed trade dress that YOU contend MATTEL has copied, infringed or diluted.

> Interrogatory No. 50: For each trade dress identified in response to Interrogatory No. 48, separately and completely IDENTIFY all facts that support YOUR contention that such trade dress is protectable, all DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS with knowledge of the foregoing.[1]

MGA initially provided no responses to these interrogatories, just objections.[2] A few days later, MGA supplemented its responses,[3] but the supplemental responses were incomplete, evasive, and ignored specific questions.[4] Without withdrawing its objections, MGA agreed to supplement their responses during Phase 2 discovery.[5]

_____

[1] See Mattel's Seventh Set of Interrogatories, dated October 25, 2007, Declaration of Jon Corey ("Corey Dec.") filed concurrently herewith, Exh. 1.

[2] See MGA's Responses and Objections to Mattel's Seventh Set of Interrogatories, Corey Dec., Exh. 2.

[3] MGA's Supplemental Responses and Objections to Mattel's Seventh Set of Interrogatories, Corey Dec., Exh. 3.

[4] See Supplemental Responses and Objections to Mattel's Seventh Set of Interrogatories, Corey Dec., Exh. 3, at 8-11, 14-16, and 18-21.

[5] MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, (footnote continued)

00505.07975/2868281.2

On February 15, 2008, the prior Discovery Master entered an Order granting in part and denying in part Mattel's motion to compel responses to a number of interrogatories, including these.[6]   Notwithstanding the many problems with the responses to Nos. 48-50, and MGA's own recognition that they should be supplemented in Phase 2, the prior Discovery Master found they were "in substantial compliance with Rule 33."[7]   Mattel timely objected to that Order,[8] but because Phase 2 discovery had been stayed, the Court declined to rule on the adequacy of MGA's responses to these interrogatories.[9]

After the Court lifted the stay of Phase 2 discovery, Mattel renewed its motion objecting to the prior Discovery Master's February 15, 2008 Order.[10]   On

_____

40, 41, 42, 43, 44 and 46, 47, 48, 49, 50) by the MGA Parties, dated December 31, 2007, at p. 30, Corey Dec., Exh. 4.

[6]   Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interogatory Nos. 27-44 and 46-50 by the MGA Parties, dated February 15, 2008 (February 15 Order"), Corey Dec., Exh. 5.

[7]   February 15 Order, at p. 13.

[8]   Mattel, Inc.'s Notice of Motion and Motion Objecting to Portions of Discovery Master's (1) February 15, 2008 Order Regarding Mattel's Motion to Compel Responses to Interrogatories by the MGA Parties; and (2) February 20, 2008 Order Regarding Mattel's Motion to Compel Responses to Interrogatories by Carter Bryant; and Memorandum of Points and Authorities, dated March 3, 2008, Corey Dec., Exh. 6.

[9]   See March 31, 2008 Order at 3 ("The Court reserves ruling on Interrogatories 48-50, regarding MGA's trade dress claims against Mattel.  As recognized by the Parties, this is a Phase 2 issue, and the Court denies this part of Mattel's motion without prejudice.  Mattel may raise the issue again at an appropriate time after the Court lifts the stay on Phase 2 discovery."), Corey Dec., Exh. 7.

[10]   See Mattel, Inc.'s Notice of Renewed Motion and Renewed Motion Objecting to Portions of Discovery Master's (1) February 15, 2008 Order Regarding Mattel's Motion to Compel Responses to Interrogatories by the MGA Parties, dated January 20, 2009, Corey Dec., Exh. 8.

March 12, 2009, the Court referred Mattel's motion to the Discovery Master.[11]   The Court instructed the Discovery Master to "consider the issues presented by the motion for review as if presented to him in the first instance; he should not apply the 'clearly erroneous or contrary to law' standard that the Court would apply."[12]   Mattel respectfully submits this supplemental memorandum in light of the Court's direction that the Discovery Master consider Mattel's Motion *de novo*.

### Argument

Interrogatory Nos. 48-50 seek basic information regarding MGA's trade dress claims.  They ask MGA to identify (1) each trade dress that is the subject of MGA's claims, defenses or allegations, (2) each Mattel product that MGA claims infringes that trade dress, and (3) the facts that support MGA's contention that the trade dress that is the subject of its claims is protectable.[13]   Mattel has a right to such basic information.   It needs substantive responses to these interrogatories to develop further discovery, to narrow the issues for trial, to prepare and prosecute its own claims, and to defend against MGA's trade dress claims.[14]   MGA's prior responses to these interrogatories are deficient and its objections to them should be overruled.

---

[11]   See Order Referring (1) Motion for Review of Portions of Discovery Master's February 15, 2008, Order (Docket #4717) and (2) Motion for Issuance of Letter of Request (Docket #4721) to Discovery Master, dated March 12, 2009, Corey Dec., Exh. 9.

[12]   Id.

[13]   See Mattel's Seventh Set of Interrogatories, dated October 25, 2007, Corey Dec., Exh. 1.

[14]   Contention interrogatories such as Mattel's Interrogatories 48-50 "can be most useful in narrowing and sharpening the issues, which is a major purpose of discovery."  Fed. R. Civ. P. 33(b), Advisory Committee Notes.  See also Montecatini Edison, S. p. A. v. Rexall Drug & Chemical Co., 288 F.Supp. 486, 489 (D.Del. 1968) (contention interrogatories are useful and appropriate to "ferret out or narrow the issues").

# I.   MGA'S PRIOR RESPONSES TO INTERROGATORY NOS. 48-50 ARE DEFICIENT

In response to these requests, MGA has described only general categories of allegedly protected trade dress and allegedly infringing products and has offered only vague, conclusory assertions about the protectability of its claimed trade dress rather than the specific factual support sought by Mattel's interrogatories.[15]   In particular:

Interrogatory No. 48.  In response to Interrogatory No. 48, MGA provided a litany of baseless objections so that it is unclear whether it has provided a full and complete response to the interrogatory.  MGA has had over four years to determine what trade dress it alleges Mattel infringed.  MGA's meritless objections should be overruled, and MGA should confirm that it has provided a full and complete response to this interrogatory.

Interrogatory No. 49.  In response to Interrogatory No. 49, which seeks identification of each allegedly infringing Mattel product and the associated allegedly copied trade dress, MGA only generically identified Mattel MY SCENE dolls (which is an entire line consisting of dozens of dolls) and refused to specifically identify any particular Mattel product that allegedly infringes its purported trade dress.  Nor did MGA identify the elements of trade dress that any specific product allegedly infringed.

Interrogatory No. 50.  Interrogatory No. 50 seeks basic information, asking MGA to provide the factual basis for the contention that its own claimed trade dress is protectable and to identify persons with knowledge of such facts and supporting documents.  In response, MGA simply says that the "Bratz" and "Bratz Petz" lines

---

[15]   MGA's Supplemental Responses and Objections to Mattel's Seventh Set of Interrogatories, Corey Dec., Exh. 3.

-5-

1   "are aesthetic and non-functional is apparent from an examination of the Bratz

2   products and packaging, compared to other leading fashion dolls" and that MGA's

3   trade dress has acquired secondary meaning "as a result of the enormous success of

4   the Bratz dolls in the market" and because of MGA's "marketing and promotional

5   efforts."  Such conclusory, circular pronouncements that the trade dress that MGA

6   seeks to assert is protectable is not a factual response to a contention interrogatory.[16]

7        Responses like these provide Mattel and its experts with no guidance as to

8   how to prepare defenses to MGA's Phase 2 claims.  MGA itself recognized this.  In

9   its briefing before the prior Discovery Master, it represented that "*MGA will*

10  *supplement these responses in the course of Phase 2 discovery*."[17]  It should be

11  ordered to do so now so that Mattel can understand the alleged basis for MGA's

12  claims and proceed with the depositions and other follow-up discovery that will be

13  necessary once MGA's claims are defined.  "[A] certain amount of burdensome

14  labor is to be expected in complex [] cases, and where the party is simply being

15

16  [16]   The design elements of a product are only protectable trade dress if they are

17  not functional and they have "acquired distinctiveness," which is also known as a
    "secondary meaning."  Wal-Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205,

18  210, 216 (2000) (explaining that a plaintiff must prove a protectable product design

19  element is non-functional and holding that "a product's design is distinctive, and
    therefore protectible, only upon a showing of secondary meaning.").  Furthermore, a

20  design element "has acquired distinctiveness... if it has developed secondary
    meaning, which occurs when, 'in the minds of the public, the primary significance

21  of [the element] is to identify the source of the product rather than the product

22  itself.'"  Id. at 211.  Thus, MGA's response to Interrogatory No. 50 merely recites
    elements necessary for protectability without providing the facts to support its

23  claims.  MGA does not discharge its duty to explain the factual basis for its claims

24  by simply reciting such legal conclusions.

25  [17]   MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
    Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39,

26  40, 41, 42, 43, 44 and 46, 47, 48, 49, 50) by the MGA Parties, dated December 31,

27  2007, at p. 30, Corey Dec., Exh. 4.

28

asked to substantiate the claims that they alleged, they must accept that burden." Convergent Business Systems, Inc. v. Diamond Reporting, Inc., 1989 WL 92038, at *2 (E.D.N.Y. 1989).   "The plaintiffs brought [the] lawsuit and can not properly complain of the burden which would be imposed upon them to give as detailed and as complete answers as now possible." King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2, 7 (D.D.C. 1987).

**II.   THE   DISCOVERY   MASTER   SHOULD   OVERRULE   MGA'S OBJECTIONS TO INTERROGATORY NOS. 48 THROUGH 50**

**A.   The Discovery Master Should Overrule MGA's Boilerplate Privilege Objections**

MGA objects to Interrogatory Nos. 48-50 on the grounds that they "seek information that is not subject to disclosure under any applicable privilege, the work product doctrine, the right of privacy, and all other privileges recognized under the constitutional, statutory, or decisional law of the United States of America, the State of California, or any other applicable jurisdiction."[18]   Their blanket assertions of privilege in response to contention interrogatories should be overruled.   Parties are required to answer interrogatories that ask them to state their contentions about facts or the application of law to facts.   Fed. R. Civ. P. 33(a)(2).   Such inquiries do not violate the attorney-client privilege or the protections afforded work product.   See Convergent, 1989 WL 92038, at *1   ("Seeking the facts and documents which support a particular allegation in a complaint violates neither the attorney-client or work product privileges."); King, 117 F.R.D. at 5 n.3 (interrogatories seeking factual specifics which party contends supports a contention do not implicate the work product doctrine:   "If this elementary principle were not applicable, contention

---

[18]   MGA's Supplemental Objections and Responses to Mattel's Seventh Set of Interrogatories (Nos. 48-50), Corey Dec., Exh. 3.

interrogatories would not exist.  As the Advisory Committee Note reflects, as to requests for even opinions or contentions that call for the application of law to fact, they are permissible and can be most useful in narrowing and sharpening the issues, which is the major purpose of discovery.").  Mattel is entitled to learn the facts and identities of persons who know the facts that MGA believes support its claims.

MGA's assertion of other privileges is indefensible.  The information sought in these interrogatories is not protected by the "right of privacy" or other "privileges recognized under the constitutional, statutory, or decisional law of the United States of America, the State of California, or any other applicable jurisdiction."  MGA does not identify any other "recognized privilege" nor does it identify any other "applicable jurisdiction."  Furthermore, the Court and the former Discovery Master have previously recognized that (a) there is no right of privacy applicable in this federal case, and (b) the Protective Order entered by the Court in this litigation is sufficient to protect any confidentiality interests that may exist.[19]

**B.    The Discovery Master Should Overrule MGA's Compound Objections**

MGA objects that Interrogatory Nos. 48-50 are compound and contain "discrete subparts" because of Mattel's definitions of the terms IDENTITY and IDENTIFY.  MGA also complains that the definition of the terms IDENTITY AND

---

[19]   Order Dated May 15, 2007, at 11, n.4, Corey Dec., Exh. 14; Order Dated July 2, 2007, at 3, Corey Dec., Exh. 15.  See also Putnam v. Eli Lilly and Co., 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (finding that a protective order "can strike the appropriate balance between the need for the information and the privacy concerns" of the party opposing production); In re Heritage Bond Litigation, 2004 WL 1970058, at *5, n.12 (C.D. Cal. 2004) ("Any privacy concerns . . . defendants have in their bank records and related financial statements are adequately protected by the protective order, and are not sufficient to prevent production in this matter").

00505.07975/2868281.2

IDENTIFY are overbroad, unduly burdensome, vague and ambiguous and oppressive.

The interrogatories are not compound. Each refers to one common theme and thus counts as one interrogatory. See Phase 2 Discovery Matter, Amended Order No. 11, dated March 31, 2009, at 21, Corey Dec., Exh. 13 (explaining "[t]he fact that the interrogatories ask MGA to identify witnesses, facts and documents ... does not render the interrogatories compound because the questions in each interrogatory refer to one common theme and count as a single interrogatory."); Pacific Lumber Co. v. National Union Fire Ins. Co. of Pittsburgh, 2005 WL 318811, at *7 (N.D. Cal. January 5, 2005) (interrogatory that asked the "same question regarding a common group of people" was not compound) (citing Wright & Miller, 8A Fed. Prac. & Proc. Civ. 2d § 2168.1 at 261); Swackhammer v. Sprint Corp. PCS, 225 F.R.D. 658, 664 (D. Kan. 2004) ("[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question.").

Interrogatory No. 48 asks MGA to identify the trade dress Mattel allegedly infringed or diluted. Interrogatory No. 49 asks MGA to identify the Mattel products it accuses of infringement. Neither of these interrogatories is compound.

Interrogatory 50 asks MGA to explain why MGA believes that its trade dress is protectable and to identify documents relating to such assertions and persons with knowledge of the protectability of the claimed trade dress. Both Discovery Masters have ruled that such interrogatories with "subparts seeking facts supporting a contention, the identity of persons with knowledge, and documents are not counted

separately for the purposes of applying the. . . interrogatory limit."[20]   The interrogatories are not compound.

Furthermore, none of these interrogatories are made compound, burdensome or oppressive by Mattel's definitions of the words IDENTITY or IDENTIFY. Mattel has simply defined these terms precisely to make clear what is being sought about MGA's own claims and the level of precision with which MGA should respond to the interrogatories.  The definitions simply request enough detail to allow Mattel to understand, without confusion, exactly which trade dress elements, products and persons are referred to in MGA's responses.  As previously explained, "[t]he fact that the interrogatories ask MGA to identify witnesses, facts and documents ... does not render the interrogatories compound because the questions in each interrogatory refer to one common theme and count as a single interrogatory." Phase 2 Discovery Matter, Order No. 11, dated March 30, 2009, at 21, Corey Dec., Exh. 13.  Nor does that fact that Mattel requests different types of details make the interrogatories burdensome or oppressive.  See, e.g., Zapata v. IBP, Inc., 1997 WL 122588, at *1 (D. Kan. 1997) (ordering defendant to fully answer interrogatory asking for factual basis for each of defendant's defenses, as well as all witnesses with knowledge of and all documents relating to those facts).  Indeed, MGA has previously been compelled to answer interrogatories which used very similar definitions of IDENTITY or IDENTIFY.   See Mattel Inc.'s Second Set of Interrogatories to Defendant MGA Entertainment, Inc., Corey Dec., Exh. 16; Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory

---

[20]  Phase 2 Discovery Matter, Order No. 11, dated March 30, 2009, at 21, Corey Dec., Exh. 13; Order Granting Joint Motion for Protective Order Regarding Mattel's Interrogatories, dated September 5, 2007, at 5-7, Corey Dec., Exh. 11.

1  Responses by MGA, dated May 15, 2007, Corey Dec., Exh. 17 (ordering MGA to

2  respond to Mattel's Interrogatory Nos. 5, 7 and 8, among others).

3        Finally, in any event, MGA did not cite any objection to the definitions of

4  IDENTITY and IDENTIFY in its Opposition to Mattel's original motion to compel

5  further responses to these interrogatories.[21]  As such, the objection was waived.  See

6  Morgenstern v. Int'l Alliance of Theatrical Stage Empl., 2006 WL 2385233, at *2

7  n.5 (N.D. Cal. Aug. 17, 2006) ("These objections, however, are not raised in

8  defendant's opposition to plaintiff's current motion and are therefore waived."); Fleet

9  Systems, Inc. v. Federal Coach, LLC, 2007 WL 2264618, *3, n.2 (D. Neb. August

10  6, 2007) ("To the extent the defendant made other objections in its response, the

11  defendant did not argue such objections continued to be applicable in its brief in

12  opposition to the motion to compel. Accordingly, such objections are deemed

13  waived."); Eidukonis v. Southeastern Pennsylvania Transp. Authority, 1987 WL

14  16321, *5 (E.D. Pa. August 27, 1987) (holding that party's failure to raise an

15  objection in opposing a prior motion on the same documents "constitutes a waiver of

16  an objection" and compelling production).   See also Richmark Corp. v. Timber

17  Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) (holding that objection

18  was waived when not raised "at the very least" in response to a motion to compel.).

19

20

21

22

23  _____

24

25     [21]   See MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to
Compel Responses to Interrogatories (Nos. 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37,
26  38, 39, 40, 41, 42, 43, 44 and 46, 47, 48, 49, 50) by the MGA, dated December 31,
27  2007, Corey Dec., Exh. 4.

28

C.    **The Discovery Master Should Overrule MGA's Objections That Mattel's Interrogatories Seek Information Already Produced Or More Easily Obtainable Elsewhere**

MGA objects to Interrogatory Nos. 48-50 on the grounds that they seek information that can be derived from documents that have or will be produced. Mattel should not be forced to go to other sources for information from which it can divine the factual basis of MGA's *own* claims. The idea that there is an entity other than MGA that is a better, and more accessible, source for information about MGA's claims is absurd, and MGA does not even try to substantiate it.[22]   Nor can MGA avoid the interrogatories because it may, at some unspecified future time, produce documents containing an answer. These are contention interrogatories, going to the core of MGA's claims. Mattel is entitled to the information now, not at some uncertain and remote date.

D.    **The Discovery Master Should Overrule MGA's Objections That Mattel's Interrogatories Seek Information That May Be Subject To Expert Analysis**

MGA objects to the interrogatories as "premature" because they seek information that "may be the subject of expert witness analysis and testimony."[23] The Court has already rejected in this case the claim that because information may be subject to expert testimony, it is premature to seek discovery or that discovery may otherwise be withheld. See Civil Minutes, dated July 2, 2007, at 5 ("That net worth is generally the subject of expert testimony at trial -- a proposition disputed by

---

[22]   MGA's objection is especially puzzling given its repeated argument to the Discovery Master that discovery should first be directed to it, not third parties, as an alleged basis to quash subpoenas.

[23]   MGA's Supplemental Objections and Responses to Mattel's Seventh Set of Interrogatories (Nos. 48-50), Corey Dec., Exh. 3.

neither Mattel nor the Court -- does not render it an improper subject for a Rule 30(b)(6)"), Corey Dec., Exh. 12; see also Roberts v. Heim, 130 F.R.D. 424, 429-30 (N.D. Cal. 1989) (overruling objection on the ground that the response was dependent, in part, on expert testimony and compelling plaintiffs to answer the interrogatory);  King, 117 F.R.D. at 5 ("while an expert . . . may be necessary to refine the evidence of their losses, the plaintiffs must have had some factual basis for concluding they had sustained losses at the time the complaint was filed . . .  It is no answer for plaintiffs to assert that they will need . .. to consult with an expert to determine their losses.  They should have answered the interrogatories with such information as they then possessed").  MGA's objections should be overruled.

### E.   The Discovery Master Should Overrule MGA's Undue Burden Objection to Interrogatory No. 50

MGA claims that Interrogatory No. 50 is unduly burdensome because it requires MGA "to compile detailed financial reports of information not reasonably available solely for the purpose of responding to the interrogatory."  This objection must be overruled for several reasons.  First, burden objections must be specific and supported by evidence, as both the prior Discovery Master[24] and the current Discovery Master[25] have held.  Here, MGA fails to specify the burden involved, much less to submit proof of its substantiality.[26]   Second, this is a contention

_____

[24]   See, e.g., Order Granting Mattel's Motion to Compel Production of Documents and Interrogatory Responses by MGA, dated May 15, 2007, at 14 ("Once again, MGA has failed to substantiate any of its objections with supporting declarations or legal authorities.").

[25]   See Order No. 11, March 30, 2009, at 18 ("The MGA parties do not provide any supporting declaration or specific evidence to support their assertion of burden").

[26]   See Fed. R. Civ. P. 33(b)(4) (grounds for objecting to an interrogatory must be stated "with specificity"); Nagele v. Electronic Data Systems Corp., 193 F.R.D.
(footnote continued)

-13-

interrogatory that goes to the core of MGA's claims.  There can be no undue burden in requiring a party to identify its own claims and the factual basis for those claims. See Auto Meter Prods., Inc. v. Maxima Technologies & Sys., LLC, 2006 WL 3253636, at *2-5 (N.D. Ill. 2006) (compelling defendant to answer interrogatories requesting "all supporting facts, documents, exhibits, testimony and/or expert opinions" in support of contentions); Tennison v. San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005) (requiring plaintiff to answer interrogatory that requested "all facts" supporting denial of allegation); Dang v. Cross, 2002 WL 432197, at *4 (C.D. Cal. 2002) (affirming magistrate judge's holding that interrogatories requesting "all facts" in support of a denial of a statement were not unduly burdensome); King, 117 F.R.D. at  7 (holding that plaintiffs must undertake a "studied and diligent effort to gather the required data and information" to adequately respond to interrogatories with "concrete and detailed information"); Am. Oil Co. v. Penn. Petro. Co., 23 F.R.D. 680, 683 (D.R.I. 1959) ("Since the information sought here will undoubtedly be assembled by the defendant prior to trial in the preparation of its defenses, it cannot be said that these interrogatories are objectionable as being burdensome.").[27]

_____

94, 109 (W.D.N.Y. 2000) (overruling "burdensome" objections because objecting party failed to particularize basis for objection).  See also Jackson v. Montgomery Ward & Co., Inc., 173 F.R.D. 524, 528-9 (D. Nev. 1997) ("The party claiming that a discovery request is unduly burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence.") (citing Burton Mechanical Contractors, Inc. v. Foreman, 148 F.R.D. 230, 233 (N.D. Ind. 1992)).

[27]   See also Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at *11-12 (N.D. W. Va. 2007) (holding interrogatory asking party to state "each fact" in support of contention is proper); Williams v. The Art Inst. of Atl., 2006 WL 3694649, at *7 (N.D. Ga. 2006) (granting plaintiff's motion to compel as to interrogatories asking defendant to "[s]tate all facts that support defendant's contentions"); Audiotext Comm. Network, Inc. v. U.S. Telcomm., Inc., 1995 WL 625953, at *1 (D. Kan. (footnote continued)

1    Furthermore, as the Discovery Master has ruled, whether an undue burden

2  exists depends on the value of the information sought versus the burden alleged by

3  the responding party.[28]   Interrogatory No. 50 indisputably seeks information central

4  to MGA's claims against Mattel.   Isaac Larian has claimed that MGA will be

5  seeking "billions" of dollars in damages from Mattel.[29]   Thus, any burden of

6  compiling this information is **not** undue in light of the scale of claims in this

7  litigation and the importance this information holds to the claims at issue in Phase 2.

8  See Phase 2 Discovery Matter, Amended Order No. 11, dated March 31, 2009,

9  Corey Dec., Exh. 13, at 12-13 (explaining that given the importance of certain

10 information and in light of the wide-ranging extent of discovery, MGA should be

11 compelled to produce the information); Capacchione v. Charlotte-Mecklenburg

12 Schools, 182 F.R.D. 486, 491 (W.D.N.C. 1998) ("Requiring a responding party to

13 perform extensive research or to compile substantial amounts of data and

14 information does not automatically constitute an undue burden . . . Imposing such a

15 burden is particularly proper where, as here, the information sought is crucial to the

16 ultimate determination of a crucial issue and where the location of the documents is

17 best known by the responding party."); King, 50 F.R.D. at 136 (overruling

18 ───────────────

19

20 1995) (approving contention interrogatories seeking "all facts" because "parties 'are
entitled to know the factual basis' of the claims, defenses, or denials of their

21 opponents"); Pension Ben. Guar. Corp v. Ziffer, 1994 WL 11654, at *1 (N.D. Ill.
1994) (interrogatories asking for "all facts" supporting contentions "are

22 appropriately made"); Schaap v. Executive Indus., Inc., 130 F.R.D. 384, 388 (N.D.

23 Ill. 1990) (compelling responses to interrogatories seeking factual bases for
contentions because "for the litigation to proceed fairly and effectively, there must

24 be mutual access to all relevant facts.").

25 [28]   Phase 2 Discovery Matter, Amended Order No. 11, dated March 31, 2009,
Corey Dec., Exh. 13, at 16:9-11.

26 [29]   Transcript of ABC Nightline, dated December 23, 2006, at 6, Corey Dec.,

27 Exh. 18.

28

1   defendant's objection that interrogatory was burdensome and oppressive, even
2   though preparation of answer would be time-consuming and costly, because
3   information was crucial to the issues of the suit and in exclusive custody of
4   defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D.
5   Ohio 1951) (overruling "overly burdensome" objection because value of
6   information to plaintiff clearly outweighed any annoyance or expense involved in
7   disclosure by defendant).

8       MGA's burden objection to Interrogatory No. 50 should be overruled.

9                              **Conclusion**

10      For the foregoing reasons, the Discovery Master should overrule MGA's
11  objections and order MGA to provide complete responses to Mattel's Interrogatory
12  Nos. 48-50.

13

14  DATED:  April 3, 2009              QUINN EMANUEL URQUHART OLIVER &
                                       HEDGES, LLP
15

16                                     By /s/ Jon Corey
17                                        Jon Corey
                                          Attorneys for Mattel, Inc.
18

19

20

21

22

23

24

25

26

27

28