# EXHIBIT 5

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California 94111
    Telephone:    (415) 774-2611
4   Facsimile:    (415) 982-5287

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                        EASTERN DIVISION

11

12  | CARTER BRYANT, an individual, | CASE NO. CV 04-09049 SGL (RNBx) |

CARTER BRYANT, an individual,

     Plaintiff,

     v.

MATTEL, INC., a Delaware corporation,

     Defendant.

CASE NO. CV 04-09049 SGL (RNBx)
JAMS Reference No. 1100049530

Consolidated with
Case No. CV 04-09059
Case No. CV 05-2727

**ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA PARTIES**

CONSOLIDATED WITH
MATTEL, INC. v. BRYANT and
MGA ENTERTAINMENT, INC. v. MATTEL, INC.

## I. INTRODUCTION

On December 20, 2007, Mattel, Inc. ("Mattel") submitted a Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties. MGA Entertainment, Inc., MGA Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (collectively referred to as "MGA parties") submitted an opposition on December 31, 2007. Mattel submitted a reply on January 7, 2008. On February 8, 2008, the MGA parties submitted their second

2-15-08

EXHIBIT 5
PAGE 88

1  supplemental responses and third supplemental responses to the interrogatories at issue. The

2  matter was heard on February 11, 2008.

3  ## II. BACKGROUND

4  Mattel served its Revised Third Set of Interrogatories on the MGA parties on September

5  21, 2007, asking each of them the same fifteen questions (Nos. 27-41). Mattel served its Fourth

6  Set of Interrogatories on the MGA parties on October 12, 2007, propounding four additional

7  interrogatories (Nos. 42-45). Mattel served an Amended Fourth Set on October 23, 2007,

8  removing No. 45, but retaining Nos. 42-44. Mattel served its Fifth Set of Interrogatories on

9  October 19, 2007, which consisted of two additional questions (Nos. 46-47). On October 23,

10  2007, Mattel served its Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to

11  replace the previously withdrawn interrogatory. On October 25, 2007, Mattel served its Seventh

12  Set of Interrogatories, which consisted of Nos. 48-50.

13  In November of 2007, the MGA parties served responses and objections to Mattel's

14  interrogatories, and in some instances supplemental responses. For the most part, the answers of

15  each of the MGA parties are substantially similar. However, in several instances where MGA

16  Entertainment, Inc. provides a response, either MGA Entertainment (HK), MGAE de Mexico

17  S.R.L. de C.V. and/or Larian do not, asserting that the interrogatory "appears directed at another

18  party."

19  The parties met and conferred on December 10 and 12, 2007 regarding the supplemental

20  responses. The MGA parties offered to provide supplemental responses by January 7, 2008.

21  Mattel contends, however, that the scope of the MGA parties' proposed supplemental responses

22  was inadequate. Therefore, Mattel filed the instant motion on December 20, 2007.[1]

23  Mattel contends that the interrogatories at issue seek information relevant to central issues

24  in the case, such as: MGA's contentions regarding which Bratz inventions were created before,

25

26  _____

27  [1] One of the issues raised in the motions papers --whether the interrogatories exceed the 50 interrogatory per side limit -- has been rendered moot by Judge Larson's Order Granting in Part and Denying in Part Mattel's Motion for Leave to Take Additional Discovery, dated January 7, 2008.

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2


EXHIBIT  5
PAGE  89

1   during and after Carter Bryant's ("Bryant") employment with Mattel; the identity of electronic

2   storage devices MGA used prior to 2002 for digital information related to Bratz; the identity of

3   the sources of information from which MGA has collected documents in this litigation which

4   relate to Bratz and the time period prior to February 28, 2001; the facts allegedly supporting

5   MGA's contention that the Bratz dolls are not based on designs Bryant created while employed

6   by Mattel; MGA's contentions regarding Mattel's claims against MGA, Bryant and others,

7   including how Bryant's Inventions Agreement with Mattel and his assignment of rights to Bratz

8   inventions to MGA and services with or for MGA while employed by Mattel affect who owns the

9   rights to Bratz inventions, and the alleged basis for MGA's claims that it purportedly acted with

10  innocent intent; the identity of MGA's bank or financial accounts; the identity of former Mattel

11  employees that have been employed by MGA; non-privileged facts concerning the dispute

12  leading to the withdrawal of MGA's prior counsel that relate to MGA's handling of discovery in

13  this case; the facts supporting MGA's claims against Mattel, including MGA's contentions that

14  Mattel has copied, infringed or diluted MGA's trade dress; and the relevant dates regarding the

15  products MGA asserts MGA has copied or infringed.  Mattel's Motion at pp. 2-3.

16      Mattel contends that although it has received responses to all of the interrogatories except

17  Nos. 39, 46 and 47, all of the responses are deficient.  As an initial matter, Mattel contends that

18  the MGA parties' "boilerplate" objections – that the interrogatories are vague and ambiguous,

19  overbroad, unduly burdensome and oppressive, seek information not in the possession, custody or

20  control of MGA, seek information protected by the attorney-client privilege, work product or joint

21  defense privileges, and call for a legal conclusion – are without merit.  Mattel contends that the

22  MGA parties fail to specify how the questions are overbroad, unduly burdensome or oppressive.

23  Mattel also contends that its interrogatories do not require the disclosure of privileged information

24  or work product, but rather require the MGA parties to state their contentions about facts or the

25  application of law to facts.

26      Mattel further contends that some of the MGA parties' responses are deficient in that they

27  merely lay out the "basic facts" (instead of "all facts") on which they intend to rely, without any

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                3


EXHIBIT __5__
PAGE __90__

1   details.  Mattel contends that its contention interrogatories, including the purportedly "negative"

2   interrogatories asking for every fact which supports the denial of a statement or allegation, are

3   commonly used and well accepted to elucidate facts regarding a party's contentions, absent a

4   showing of undue burden.  Indeed, Mattel points to decisions by the district judge which it

5   contends supports its use of the contention interrogatories at issue.  Mattel also points out that it

6   provided the MGA parties with the details supporting its contentions in a one hundred-ten page

7   supplemental interrogatory response, and contends that the MGA parties ought to provide

8   comparable details to Mattel.

9         Mattel also contends that the MGA parties have unilaterally limited many of their

10   responses by disregarding Mattel's definitions of terms and phrases used in the interrogatories.

11   Further, Mattel contends that the MGA parties have failed to identify with specificity documents

12   they intend to rely upon, as requested by some of the interrogatories.

13         Mattel acknowledges that fully responding to the interrogatories will require some effort.

14   However, Mattel contends that the interrogatories are not unduly burdensome in this high stakes

15   litigation.  Mattel contends that its need to discover MGA's key contentions outweighs any effort

16   the MGA parties will be required to undertake to disclose the requested information.

17   Accordingly, Mattel seeks an order overruling all of the MGA parties' objections and compelling

18   the MGA parties to provide complete responses to Interrogatory Nos. 27-44 and 46-50.

19         The MGA parties contend that their current responses comply with Rule 33 of the Federal

20   Rules of Civil Procedure and that Mattel is not entitled to any additional information for a number

21   of reasons.  The MGA parties raise four main arguments in opposition to Mattel's motion.  First,

22   the MGA parties contend that Mattel is not entitled to information about MGA's substitution of

23   counsel because such information is protected by the attorney-client privilege or the work product

24   doctrine.  Second, the MGA parties contend that Mattel is not entitled to the sweeping financial

25   data that has been requested.  Third, the MGA parties contend that Mattel's contention

26   interrogatories contain misleading and unfair definitions and are unduly burdensome in that they

27   require a recitation of all facts supporting the MGA parties' contentions.  Fourth, the MGA parties

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

4

EXHIBIT ___5___
PAGE ___91___

1    contend that Rule 33 does not require a response to a contention interrogatory to set forth more

2    than the principal factual and legal bases for the response.

3                                           III. STANDARDS

4          Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

5    discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

6    party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

7    permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

8    2004) ("District courts need not condone the use of discovery to engage in 'fishing

9    expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

10   (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

11   (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

12   the phrase "subject matter involved in the pending action," were intended to prevent discovery

13   that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

14   litigate the issues presented by the pleadings but to develop new claims or defenses.).

15         Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

16   extent of use of the discovery methods if the court determines that (i) the discovery sought is

17   unreasonably cumulative or duplicative, or is obtainable from some other source that is more

18   convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

19   opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

20   expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

21   the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

22   the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

23   26(b)(2)(C).

24         Rule 33 of the Federal Rules of Civil Procedure allows a party to propound

25   interrogatories, for which the responding party is required to furnish such information as is

26   available to the party after conducting a reasonable inquiry. "Each interrogatory must, to the

27   extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                              5

EXHIBIT   5
PAGE   92

1   33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity."

2   Fed.R.Civ.P. 33(b)(4).

3   IV. DISCUSSION

4   A. Interrogatories About the Identity of Bratz Inventions (Nos. 27, 28 and 29)

5         Interrogatory Nos. 27-29 request information relating to Bratz inventions created during

6   three different time periods, namely before, during and after Bryant's employment with Mattel:

7   **Interrogatory No. 27:** IDENTIFY each and every BRATZ INVENTION YOU
8   contend was CREATED, in whole or in part, prior to January 4, 1999, and for
  each BRATZ INVENTION so identified state all FACTS that support YOUR
9   contention that such BRATZ INVENTION (or aspects or portions thereof) was
  CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with
10   knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO
  such facts.

11

12   **Interrogatory No. 28:** IDENTIFY each and every BRATZ INVENTION YOU
  contend was CREATED, in whole or in part, after October 19, 2000 and before
13   June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS
  that support YOUR contention that such BRATZ INVENTION (or aspects or
14   portions thereof) was CREATED after October 19, 2000 and before June 1, 2001,
  and IDENTIFY all PERSONS with knowledge of such facts and all
15   DOCUMENTS which REFER OR RELATE TO such facts.

16

17   **Interrogatory No. 29:** IDENTIFY each and every BRATZ INVENTION that
  was CREATED, in whole or in part, after January 3, 1999 and before October 21,
18   2000, and for each BRATZ INVENTION so identified state all FACTS that
  REFER OR RELATE TO the timing of the creating of such BRATZ
19   INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all
  DOCUMENTS which REFER OR RELATE TO such facts.

20

21   Mattel contends that these interrogatories seek information that is plainly relevant and

22   discoverable, and that the MGA parties do not contend otherwise. Mattel further contends that

23   the partial response given using the MGA parties' definition, not Mattel's definition, of BRATZ

24   INVENTION is inadequate. Mattel also contends that the MGA parties have failed to carry their

25   burden of showing that the interrogatories are burdensome or oppressive, particularly given the

26   importance of the information sought. Mattel emphasizes that the information sought will prove

27   liability as to a number of its claims. Moreover, Mattel contends that knowing which inventions

28

EXHIBIT 5
PAGE 93

1   MGA claims were created before and just after Bryant's second period of employment at Mattel

2   is essential so that Mattel can avoid unfair surprise at trial and impeach the defendants'

3   chronology of Bratz design and development.

4        The MGA parties contend that Mattel is using misleading and unfair definitions to create

5   jury confusion.  In particular, the MGA parties object to Mattel's definition of "BRATZ

6   INVENTION," which they contend contains separate component parts ("representation, idea,

7   concept, work, process, procedure, plan, improvement, DESIGN or other development"), and

8   Mattel's definition of "DESIGN," which they contend adds at least another 21 elements ("all

9   works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints,

10  schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

11  practice, developments, inventions and/or improvements").  The MGA parties contend that

12  including all of these concepts in the definition "improperly conflates distinct issues of patent law,

13  copyright protection, trade secret law and the common law protecting original ideas, many of

14  which have no place in the ordinary usage of the term 'invention.'"  MGA Parties' Opposition at

15  2:11-13.  The MGA parties emphasize that these distinctions are important because Mattel lays

16  claim to Bratz under a January 4, 1999 "Employee Confidential Information and Inventions

17  Agreement."  Further, the MGA parties accuse Mattel of using the contention interrogatories to

18  elicit a misleading "sound bite" it can read to the jury to argue that the MGA parties concede that

19  Bryant "invented" Bratz while employed by Mattel.  The MGA parties contend that they have

20  provided adequate responses to the interrogatories using the common and ordinary meaning of the

21  term "invention," and should not be required to provide anything further.

22        Next, the MGA parties contend that they have given Mattel the principal factual and legal

23  bases for their contentions, and Rule 33 does not require them to provide anything further.  The

24  MGA parties contend that requiring a narrative response setting forth all evidence in support of

25  their contentions would render the interrogatories unduly burdensome and "inherently improper."

26  See e.g. Clean Earth Remediation & Constr. Servs. v. Am. Int'l Group, 245 F.R.D. 137, 141 (S.D.

27  N.Y. 2007) ("[A] number of cases have held that interrogatories seeking identification of all facts

28

EXHIBIT ___5___
PAGE ___94___

1  supporting a particular allegation are *inherently improper*.").

2       Mattel's motion to compel further responses to Interrogatory Nos. 27-29 is denied because

3  the interrogatories are overbroad and unduly burdensome.  The definition of "Bratz Invention" is

4  extremely broad, encompassing numerous intellectual property concepts.  Mattel has not shown

5  how each and every concept embedded in its multi-faceted definition of "Bratz Invention" is

6  relevant to interpreting the term "invention" for purposes of enforcing the "Employee

7  Confidential Information and Inventions Agreement," signed by Bryant.  The breadth and undue

8  burden of Interrogatory Nos. 27-29 are also compounded by the fact that Mattel is employing an

9  extremely broad definition of "Bratz Invention" in a contention interrogatory seeking all facts

10  supporting the MGA parties' contentions, the identities of all persons knowledgeable, and all

11  supporting documents.  Not all contention interrogatories requiring a recitation of all facts,

12  documents and witness are objectionable.  See e.g. Tatum v. Schwartz, 2007 WL 2220977 at *1

13  (E.D. Cal. Aug. 2, 2007) (noting that contention interrogatories can impose undue burdens, but

14  that "courts have otherwise approved of them when they are limited to discrete, narrow factual

15  events"); Roberts v. Heim, 130 F.R.D. 424, 427 (N.D. Cal. 1989) (recognizing a broad spectrum

16  of contention interrogatories, and noting that it is not possible to announce a hard and fast rule as

17  to the exact amount of detail a party has to supply in response to a contention interrogatory).  In

18  the instant case, however, Mattel's contention interrogatories would force the MGA parties to

19  review the nearly 4 million pages of documents produced in this action and more than 50 days of

20  deposition testimony in search of information relating to "any representation, idea, concept, work,

21  process, procedure, plan, improvement, design or other development" that refers or relates to

22  Bratz, including "all works, designs, artwork, sketches, drawings, illustrations, representations,

23  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

24  rotocasts, reductions to practice, developments, inventions and/or improvements" that refer or

25  relate to Bratz.  It is not the MGA parties' responsibility to re-write the interrogatories in a

26  manner that will yield Mattel the most amount of information to support Mattel's claims and

27  defenses.  On balance, the burden of responding further to Interrogatory Nos. 27-29, as written,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT ___5___
PAGE ___95___

1   outweighs the likely benefit of the interrogatories, taking into account the needs of the case, the

2   amount in controversy, the parties' resources, the importance of the issues at stake in the

3   litigation, and the importance of the proposed discovery in resolving the issues.

4        In any event, the MGA parties' responses are adequate under the circumstances.  Faced

5   with overbroad and unduly burdensome interrogatories, the MGA parties provide facts supporting

6   the contentions identified in the interrogatories, identify persons with knowledge of those facts,

7   and identify the principal documents or categories of documents that support each contention.

8   See e.g. Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006).  For example, in response to

9   Interrogatory No. 27, the MGA parties set forth their contention that the concept for a new line of

10   fashion dolls envisioned by Bryant in August and/or September of 1998 could not have been

11   patented as a utility patent because fashion dolls were in the public domain for the purposes of

12   utility patent protection.  However, the MGA parties contend that Bryant's idea of a line of

13   fashion dolls he called Bratz was sufficiently novel and original to be protected under California

14   law as a confidential novel idea under Desny v. Wilder, 46 Cal.2d 715 (1956) and its progeny.

15        The MGA parties' supplemental responses to Interrogatory No. 27 also include the MGA

16   parties' contention that Bryant's pre-1999 drawings were never reduced to practice; that design

17   patents are not available for drawings or two-dimensional flat art of the sort that Bryant sketched

18   in 1998; that Bryant was not a sculptor and any effort to translate his pre-1999 two-dimensional

19   flat art into a three-dimensional form for use as a fashion doll sculpt would have produced shapes

20   that were different from the actual shape of the final three-dimensional Bratz sculpt used in

21   manufacturing the first generation of Bratz dolls released on the market by MGA in or about June

22   2001; that the final physical shape of the first generation of Bratz dolls released on the market by

23   MGA in or about June 2001 was conceived by Margaret Leahy; and that Bryant's drawings used

24   standard fashion model poses, and thus were not novel or original.  Further, the MGA parties'

25   supplemental responses to Interrogatory No. 27 include the MGA parties' contention that the

26   drawings Bryant completed in August and September of 1998 contained original expression

27   covered by copyright, but that subsequent modifications and versions of the drawings made by

28

EXHIBIT 5
PAGE 96

1    Bryant in 1999 and 2000 did not contain original expression. The MGA parties also identify

2    numerous individuals having knowledge of the facts supporting their contentions, and identify

3    documents that are relevant to the MGA parties' contentions.

4    B. Interrogatory About the Identity of Former Mattel Employees Hired by MGA (No. 41)

5        Interrogatory No. 41 asks the MGA parties to "IDENTIFY" all former Mattel employees

6    "who are now or have been employed" by MGA since January 1, 1999.  More specifically,

7    Interrogatory No. 41 asks the MGA parties to:

8        IDENTIFY all PERSONS who at any time have been employed by or under
         contract with MATTEL who are now or have been employed by or under contract
9       with YOU since January 1, 1999, and, for each such PERSON, state his or her
         name, date of hire or effective date of contract, the date on which YOU first had
10      contact with such PERSON regarding potential employment or contracting, the
         date(s) on which such PERSON was interviewed for possible employment or
11      contracting, each title (if any) such PERSON has held while employed by or
         under contract with YOU, and the date of termination (if applicable).

12
13    In their supplemental response, the MGA parties assert numerous objections, but also provide a

14    list of well over a hundred individuals with their position title and employment dates.

15        Mattel contends that the MGA parties' response is incomplete because it does not contain

16    the date of first contact regarding potential employment or contracting, as well as the interview

17    date for potential employment or contracting.

18        The MGA parties contend that during the meet and confer process, they agreed to

19    investigate whether the additional requested information was reasonably available.  The MGA

20    parties represent that they are in the process of looking for the requested information, and that

21    they will supplement their response if the information is reasonably available without undue

22    burden.

23        Mattel's motion to compel a further response to Interrogatory No. 41 is granted in part.

24    The requested information is clearly relevant to Mattel's claims, and the MGA parties do not

25    contend otherwise.  In particular, the date of first contact, interview date, start date and end date

26    for Bryant's employment are highly relevant, but are conspicuously absent from the MGA

27    parties' response.  The MGA parties shall provide the missing information for Bryant.  In

28

EXHIBIT 5
PAGE 97


1   addition, the MGA parties shall provide the interview dates for each of the individuals identified

2   in their supplemental responses.  The interview dates are potentially relevant to Mattel's claim

3   that the MGA parties induced former Mattel employees to abscond with Mattel's trade secrets.

4   However, the MGA parties are not required to provide the date of first contact for each individual

5   because the burden of producing such information outweighs its likely benefit, taking into

6   account the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

7   C. Interrogatories re Allegedly Copied or Infringed Products (Nos. 43-44)

8        Interrogatory Nos. 43 and 44 request dates on which each "concept, design, product,

9   product packaging or other matter that YOU contend Mattel copied or infringed" was (1)

10  "conceived" and (2) "first fixed in any tangible medium of expression," and the identity of

11  persons with knowledge and documents that refer or relate to the foregoing.  In the responses, the

12  MGA parties state numerous objections, but also refer Mattel to MGA's response to Interrogatory

13  No. 3 of Mattel's First Set of Interrogatories re Claims of Unfair Competition.  The MGA parties

14  also respond that, in general, at MGA, product development is completed 7-8 months before the

15  first invoice date, although that time period could be reduced in certain situations to 5-6 months.

16       Mattel contends that the information it seeks is relevant to its defense against MGA's

17  claims that Mattel copied or infringed MGA's products.  One of Mattel's defenses is that "Mattel

18  was the one who came up with relevant matters first – before MGA – and that MGA was the one

19  who copied or stole from Mattel." Mattel's Motion at p.23.  Mattel contends that the MGA

20  parties' responses to Interrogatory Nos. 43 and 44 are inadequate because the referenced

21  Interrogatory No. 3 requested different information, namely the dates on which the products were

22  first "disclosed to any PERSON not employed by MGA" and first "made available for sale."

23       In response to the instant motion to compel, the MGA parties represent that they are

24  assessing whether they can provide more specific information without undue hardship, and will

25  supplement their responses if such information is available.  MGA's Opposition at p.29.

26       Mattel's motion to compel further responses to Interrogatory Nos. 43 and 44 is granted.

27  The requested information is relevant to Mattel's defense against the MGA parties' claims that

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11

EXHIBIT 5
PAGE 98

1   their products have been copied or infringed by certain Mattel products.  Although the MGA

2   parties served supplemental responses after filing their opposition brief, the supplemental

3   responses do not include the requested information.  The MGA parties have failed to establish

4   that the interrogatories are unduly burdensome.

5   D. Interrogatories About the Trade Dress MGA Claims Mattel Products Infringe (Nos. 48-50)

6        Interrogatory Nos. 48-50 are directed to the MGA parties' trade dress claims:

7        **Interrogatory No. 48**:  Separately IDENTIFY each trade dress that YOU
        contend MATTEL has copied, infringed or diluted or that is otherwise the
8        subject of YOUR claims, defenses or allegations in THIS ACTION.

9        **Interrogatory No. 49**:  For each trade dress identified in response to
        Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL
10       product, packaging or other matter that YOU contend copies, infringes or dilutes
        such trade dress, including without limitation by describing fully and separately,
11       for each such MATTEL product, packaging or other matter, each and every
        element of the claimed trade dress that YOU contend MATTEL has copied,
12       infringed or diluted.

13       **Interrogatory No. 50**:  For each trade dress identified in response to
        Interrogatory No. 48, separately and completely IDENTIFY all facts that support
14       YOUR contention that such trade dress is protectible, all DOCUMENTS that
        REFER OR RELATE to the foregoing and all PERSONS with knowledge of the
15       foregoing.

16       Mattel contends that these interrogatories seek core contentions underlying the MGA

17   parties' trade dress infringement claims and that the partial responses provided are inadequate

18   because they set forth only the "basic facts" without identifying a single product that MGA

19   alleges was infringed or any other details.  Mattel also contends that the responses are improper

20   insofar as the MGA parties state that their responses "may be incomplete" as the subject matter of

21   this interrogatory will be the source of expert testimony and an expert may identify additional

22   facts that support MGA's contentions.  Mattel contends that such a limitation would allow MGA

23   to sandbag Mattel by introducing new products into the litigation after fact discovery has closed.

24       As a preliminary matter, the MGA parties contend that Interrogatory Nos. 48-50 are

25   directed to a Phase 2 issue, and therefore, they reserve their right to supplement the responses in

26   Phase 2.  Nevertheless, the MGA parties contend that their responses provide Mattel with the

27   principal facts supporting their contentions in compliance with Rule 33.

28

EXHIBIT   5
PAGE   99

1    Mattel's motion to compel further responses to Interrogatory Nos. 48-50 is denied.  The

2  MGA parties are in substantial compliance with Rule 33, having identified numerous elements of

3  trade dress they contend Mattel has infringed.  More specifically, the MGA parties' responses

4  identify Mattel's "My Scene" fashion dolls and pet dolls as the Mattel products that infringe their

5  trade dress.  The MGA parties also set forth the principal facts supporting their contention that

6  their trade dress is protectible under the applicable trade dress legal principles, including that the

7  trade dress is aesthetic and non-functional, inherently distinctive, and has acquired secondary

8  meaning.  That the interrogatory responses include a reservation of rights to supplement during

9  expert discovery does not render the responses inherently improper or inadequate.  Mattel does

10  not contest that the identification of the elements and products subject to trade dress infringement

11  will be a subject of expert testimony.

12  E. Interrogatory About the Identity of MGA's Bank Accounts (No. 39)

13    Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or financial

14  institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or

15  for YOUR benefit, since January 1, 1999."  The MGA parties objected to this interrogatory as

16  seeking information "not relevant to the claims or defenses of any party to the action and not

17  reasonably calculated to lead to the discovery of admissible evidence.

18    Mattel contends that the information sought is discoverable because it may lead to direct

19  evidence of liability regarding Mattel's allegations of commercial bribery against MGA and

20  Larian.  More specifically, Mattel contends that the timing and amounts of payments made to

21  Bryant and to other then-Mattel employees from MGA's bank accounts would establish

22  commercial bribery and other tortious conduct.  Mattel also contends that the timing of such

23  payments would also be indicative of the timing of Bryant's first involvement with MGA.

24  Further, Mattel contends that the requested information is relevant to establish net worth for

25  purposes of calculating punitive damages.  Mattel also contends that the MGA parties' objection

26  based upon Rule 69(a), Fed.R.Civ.P., is without merit because the requested information is

27  independently relevant to many issues in the liability phase of trial, and is not just directed at

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT __5__
PAGE ___100___

1   seeking discovery in aid of a judgment or execution.

2       The MGA parties contend that Mattel is not entitled to the sweeping financial data sought

3   in Interrogatory No. 39. The MGA parties are particularly concerned that Mattel will use the

4   information it obtains pursuant to Interrogatory No. 39 to launch abusive third-party discovery for

5   even more private financial information. Further, the MGA parties contend that Mattel has

6   already received substantial financial information from MGA Entertainment, Inc. directly, and

7   has not shown how that information is insufficient. More specifically, the MGA parties point out

8   that Mattel already has audited and unaudited quarterly and annual profit and loss statements;

9   audited and unaudited quarterly and annual statements; annual reports; various MGA financial

10  reports; various financial documents relating to Veronica Marlow; documents showing royalty

11  payments to Bryant; documents showing MGA's sales, returns and costs of good sold for each

12  month, by SKU, since 2001; documents showing MGA's promotional advertising and media

13  expenditures, including MGA's internal allocation of those expenditures by brand and/or product;

14  documents showing MGA's amortization and depreciation of certain capital assets and

15  expenditures; documents showing MGA's monthly general ledger entries aggregated by account,

16  including income and expense accounts, reserves and liabilities; and documents sufficient to

17  explain MGA's various accounts as presently and historically maintained in MGA's books and

18  records, as well as various nomenclature assigned to items, products, brands, sub-brands, and

19  profit centers. MGA's Opposition at pp. 10-11. Further, the MGA parties contend that MGA's

20  witness, Lisa Tonnu, has testified regarding payments to Mr. Bryant.

21      Mattel's motion to compel a further response to Interrogatory No. 39 is denied on the

22  grounds that the financial information sought is cumulative of other discovery already sought and

23  obtained by Mattel, as outlined above by the MGA parties. Mattel has also sought and obtained

24  documents sufficient to identify each of Mr. Larian's bank accounts or financial institutions and

25  other banking relationships since January 1, 1999. See Order Granting in Part and Denying in

26  Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for

27  Sanctions (Document Request No. 207). Further, as Mattel acknowledges, Mattel has sought and

28

EXHIBIT   5
PAGE   101

1    obtained deposition testimony regarding payments to Mr. Larian, including the account to which

2    such payments were made.  See Order Granting in Part and Denying in Part Mattel's Motion to

3    Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6).

4    In light of the financial information discovery Mattel has already obtained, Interrogatory No. 39 is

5    unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

6    F. Contention Interrogatories (Nos. 30-38 and 42)

7           Mattel served several contention interrogatories on several additional topics.  The

8    remaining contention interrogatories at issue are set forth below.

9           **Interrogatory No. 30:** State all facts that support YOUR contention, if YOU so
     contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION
10    to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to
     priority over and/or has superior rights to MATTEL as to such BRATZ
11    INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and
     all DOCUMENTS that REFER OR RELATE TO such facts.
12

13           **Interrogatory No. 31:** State all facts that support YOUR contention, if YOU so
     contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and
14    IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
     that REFER OR RELATE TO such facts.

15           **Interrogatory No. 32:** State all facts that support YOUR contention, if YOU so
     contend, that MATTEL is not or would not be entitled to injunctive relief as
16    requested in its COMPLAINT and/or COUNTERCLAIMS if it is not ultimately
     determined that MATTEL owns one or more BRATZ INVENTIONS, and
17    IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
     that REFER OR RELATE TO such facts.
18

19           **Interrogatory No. 33:** State all facts that support YOUR contention, if YOU so
     contend, that MATTEL is not entitled to an award of punitive or exemplary
20    damages against YOU, and IDENTIFY all PERSONS with knowledge of such
     facts and all DOCUMENTS that REFER OR RELATE TO such facts.

21           **Interrogatory No. 34:** State all facts that support YOUR contention, if YOU so
     contend, that YOU did not intentionally interfere with the INVENTIONS
22    AGREEMENT when BRYANT purported to TRANSFER and MGA purported
     to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge
23    of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

24           **Interrogatory No. 35:** State all facts that support YOUR contention, if YOU so
     contend, that YOU did not aid or abet any breach of fiduciary duty or duty of
25    loyalty owed by BRYANT to MATTEL when BRYANT performed work or
     services with or for MGA while BRYANT was employed by MATTEL, and
26    IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS
     that REFER OR RELATE TO such facts.
27

28           **Interrogatory No. 36:** State all facts that support YOUR contention, if YOU so

EXHIBIT  5
PAGE  102

1   contend, that YOU acted with an innocent state of mind or reasonably believed
2   that MATTEL did not own any rights in any BRATZ INVENTION when Bryant
    purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ,
    and IDENTIFY all PERSONS with knowledge of such facts and all
3   DOCUMENTS that REFER OR RELATE TO such facts.

4   **Interrogatory No. 37:** State all facts that support YOUR contention, if YOU so
    contend, that BRYANT did not breach the INVENTIONS AGREEMENT when
5   BRYANT purported to TRANSFER right to BRATZ to MGA, and IDENTIFY
    all PERSONS with knowledge of such facts and all DOCUMENTS that REFER
6   OR RELATE TO such facts.

7   **Interrogatory No. 38:** State all facts that support YOUR contention, if YOU so
    contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary
8   duties to MATTEL when BRYANT performed work or services with or for
    MGA while BRYANT was employed by MATTEL, and IDENTIFY all
9   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
    RELATE TO such facts.

10  **Interrogatory No. 42:** State all facts that support YOUR contention, if YOU so
11  contend, that any BRATZ DOLLS are not BASED ON BRATZ DESIGNS
    created by BRYANT on or before October 19, 2000, and IDENTIFY all
12  PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
    RELATE TO such facts.

13

14

15  Mattel contends that each of these interrogatories seeks facts relating to key issues in this case,

16  including MGA's contentions, if any, regarding the priority of Mattel's rights in Bratz vis-à-vis

17  MGA; how Bryant's Inventions Agreement with Mattel, Bryant's assignment of rights to Bratz

18  inventions to MGA, and Bryant's services with or for MGA while employed by Mattel affect who

19  owns the rights to Bratz inventions; Mattel's alleged entitlement to punitive damages and other

20  relief; MGA's purported innocent state of mind; MGA's alleged intentional interference with the

21  Inventions Agreement; MGA's alleged aiding and abetting of Bryant's breach of fiduciary duty

22  and duty of loyalty to Mattel; why the Bratz dolls purportedly are not based on designs Bryant

23  created during his Mattel employment; and why the trade dress MGA contends Mattel infringed is

24  protectible. Mattel contends that the MGA parties cannot show burden sufficient to outweigh

25  Mattel's need for the information sought.

        In addition to the objections discussed in connection with Interrogatory Nos. 27-29, the
26
27  MGA parties contend that they have given sufficient responses to Interrogatory Nos. 30 and 42.

28
    Bryant v. Mattel, Inc.,                                                          16
    CV-04-09049 SOL (RNBx)



EXHIBIT _____5_____
PAGE _____103_____

1   As for Interrogatory Nos. 31-38, the MGA parties contend that the interrogatories improperly

2   assume that Mattel owns Bryant's original idea for Bratz and ask the MGA parties to explain why

3   they should not be punished for developing Bryant's ideas. Nevertheless, the MGA parties

4   represent that they responded to the interrogatories in good faith by providing the principal facts

5   supporting their contentions, and therefore are in compliance with Rule 33.

6       Mattel's motion to compel a further response to Interrogatory No. 30 is denied. Like

7   Interrogatory Nos. 27-29, the definition of "Bratz Invention" in No. 30, combined with the

8   request for all facts, the identity of all persons and all supporting documents, render the

9   interrogatory overbroad and unduly burdensome. In any event, the MGA parties have provided a

10  reasonably sufficient response. The MGA parties' supplemental response includes their

11  contention that the "Inventions Agreement" did not apply to design patent rights. Further, the

12  MGA parties contend that (a) the pre-October 21, 2000 drawings of characters that Bryant named

13  Bratz were never reduced to practice; (b) under 35 U.S.C. §171, design patents are available for

14  three-dimensional objections, not drawings or two-dimensional flat art of the sort that Bryant

15  sketched in 1998; (c) Bryant was not a sculptor, and any direct translation of his pre-October 21,

16  2000 two-dimensional flat art into a three-dimensional form for use as a fashion doll sculpt would

17  have produced shapes that were different from the actual shape of the final three-dimensional

18  Bratz sculpt used in manufacturing the first generation of Bratz dolls released on the market by

19  MGA in or about June 2001; (d) the final physical shape of the first generation of Bratz dolls,

20  released on the market by MGA in or about June 2001 was "conceived of" and "reduced to

21  practice" by Margaret Leahy, working on behalf of MGA, after October 20, 2000 and before June

22  1, 2001, along with other MGA agents and employees; (e) Bryant's drawings used standard

23  fashion model poses, and thus were not novel or original; and (f) the "dummy" brought by Bryant

24  to his meeting with MGA on September 1, 2000, was merely an assemblage of random pre-

25  existing doll parts that was never intended to, and did not, provide an accurate representation of

26  what became the Bratz sculpt. Based on the foregoing, the MGA parties contend that, assuming

27  arguendo that both Bryant assigned his 1998 drawings to Mattel and that such drawings were the

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

17

EXHIBIT __5__
PAGE __104__

1    conception of what could have been developed into a tangible item that would have qualified for

2    protection under a design patent, such conception would not have covered the shape of the final

3    Bratz sculpt utilized in the first generation of Bratz dolls released to market in or about June 2001,

4    nor any subsequent three-dimensional Bratz shape.  The MGA parties' supplemental responses to

5    Interrogatory No. 30 also address copyright protection and trademark protection, and identify

6    persons with knowledge and documents relevant to the MGA parties' contentions.

7         Mattel's motion to compel further responses to Interrogatory Nos. 31-37 and 42 is denied.

8    The MGA parties are in substantial compliance with Rule 33, having set forth sufficient facts,

9    identified persons with knowledge, and identified documents to support their contentions.  To

10   require any further information would be unduly burdensome, taking into consideration all of the

11   factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

12        Mattel's motion to compel a further response to Interrogatory No. 38 is granted, however,

13   because the supplemental response does not identify supporting documents.

14   G. Interrogatories About MGA's Searches for Documents (40 and 47)

15        Mattel has propounded two interrogatories to the MGA parties about their searches for

16   documents and storage devices containing evidence of early work on Bratz:

17        **Interrogatory No. 40**:  IDENTIFY each and every STORAGE DEVICE that
     YOU have used for any purpose which contains or contained DIGITAL

18        INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior
     to January 1, 2002.

·19

20        **Interrogatory No. 47**:  IDENTIFY each and every SOURCE OF
     INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS

21        ACTION that REFER OR RELATE TO BRATZ and that also REFER OR
     RELATE TO the time period prior to February 28, 2001 (regardless of when such

22        DOCUMENT was, in whole or part, created, drafted, generated, sent, received or
     transmitted).

23   In response to Interrogatory No. 40, the MGA parties described the computer systems that existed

24   worldwide at MGA prior to January 1, 2002.  The MGA parties did not provide any substantive

25   response to No. 47.

26        Mattel contends that the interrogatories are designed to test MGA's productions in this

27   litigation and obtain additional responsive documents and information.  Further, Mattel contends

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

18



EXHIBIT __5__
PAGE ___105___

1   that there is legal precedent allowing access to a party's information storage systems where the

2   party is shown to have improperly withheld relevant documents or information. Mattel contends

3   that Interrogatory No. 40 seeks legitimate discovery regarding the identification of MGA's

4   storage devices because Mattel may have a right to access such storage devices. In particular,

5   Mattel contends that it is entitled to, but the MGA parties have failed to provide, an identification

6   of specific storage devices, the individuals who have used them, the persons who currently

7   possess them, and the dates on which they were destroyed or copied, if any. Mattel contends that

8   the information requested in Interrogatory No. 40 is necessary to determine whether MGA has

9   withheld responsive documents and to enable Mattel to obtain such documents.

10       Similarly, Mattel contends that Interrogatory No. 47 seeks relevant information regarding

11   the sources of information -- i.e. the media -- from which the MGA parties have collected

12   documents relating to Bratz and the period prior to February 28, 2001. Mattel contends that the

13   information it seeks will enable it to determine what sources the MGA parties have examined and

14   have not examined to produce documents in the case.

15       During the meet and confer process, the MGA parties proposed that the parties exchange

16   "source logs" regarding the entirety of their productions in lieu of MGA's responses to Nos. 40

17   and 47. The "source logs" would provide each document's Bates number, the identity of the

18   individual associated with or who maintained the document and the location where the document

19   was found. Mattel contends that the "source log" proposal is unnecessary because Mattel is only

20   seeking information about key early Bratz documents, not every document produced in the case.

21   Mattel also contends that the "source log" proposal is unacceptable because the "source log,"

22   would not reveal sources that contain early Bratz documents that MGA has not produced

23   documents from, or where MGA looked for documents, as well as where MGA failed to look.

24       The MGA parties contend that the interrogatories assume, without any factual support,

25   that the MGA parties are aware of the existence of Bratz documents on their computer systems

26   that relate to the time period prior to January 1, 2002, and have not produced those documents.

27   The MGA parties contend that Mattel's speculation is not a basis to compel further responses to

28



EXHIBIT 5
PAGE 106

1   Interrogatory Nos. 40 and 47.  The MGA parties emphasize that they have already produced more

2   than 3.7 million pages of documents, whereas Mattel has only produced a few hundred thousand

3   pages of documents.  Furthermore, the MGA parties contend that these interrogatories are

4   cumulative of deposition testimony Mattel has previously sought and obtained regarding the

5   collection of documents produced in this action.  The MGA parties also represent that they have

6   agreed to provide additional testimony on this topic.

7          Mattel's motion to compel further responses to Interrogatory Nos. 40 and 47 is granted.

8   The interrogatories seek relevant information about the identity of each storage device that

9   contains or contained information referring or relating to Bratz prior to January 1, 2002, and other

10  sources of information from which the MGA parties collected documents in this action that refer

11  or relate to Bratz and the time period prior to February 28, 2001.  The "source log" information is

12  not a reasonable substitute for the information requested in the interrogatories because it would

13  not necessarily identify all storage devices used by the MGA parties during the relevant period.

14  The interrogatories are narrowly tailored to a key subject, namely early Bratz documents and

15  other information.  The MGA parties have failed to establish that the interrogatories are unduly

16  burdensome.  Nor are the interrogatories cumulative of other discovery propounded by Mattel.

17  Interrogatory Nos. 40 and 47 have the potential of imparting more detailed information than a

18  witness might be able to recall in the course of a deposition.  Furthermore, the information sought

19  in Interrogatory Nos. 40 and 47 will enable Mattel to question MGA's witnesses more effectively.

20  H. Interrogatory Regarding MGA's Substitution of Counsel (No. 46)

21          Interrogatory No. 46 seeks facts regarding MGA's substitution of counsel as follows:

22      **Interrogatory No. 46:**  Without disclosing the content of communications which
        are protected by the attorney-client privilege, state fully and in detail all facts
23      which REFER OR RELATE TO any dispute regarding THIS ACTION between,
        on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the
24      other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to
        any and all disputes which were or have been asserted as a basis for, or which
25      underlie, contributed to or were a factor in, the withdrawal, termination and/or
        substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this
26      ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all
        DOCUMENTS that REFER OR RELATE TO such facts.

27

28
    Bryant v. Mattel, Inc.,                                                              - 20
    CV-04-09049 SGL (RNBx)



EXHIBIT _5_
PAGE _107_

1    Mattel contends that the interrogatory is limited to facts, and does not require the disclosure of

2    information protected by either the attorney-client privilege or the work product doctrine.

3    Further, Mattel contends that the requested facts are relevant and discoverable.  Mattel reasons

4    that O'Melveny cited to California Rule of Professional Conduct 3-700(c) as the basis for its

5    motion to withdraw, and that Rule 3-700(c) sets forth several grounds for withdrawal that could

6    be relevant to the case.  For example, Mattel contends that O'Melveny may have withdrawn

7    because MGA sought to provide false testimony, or was seeking "to pursue an illegal course of

8    conduct" or "insist[ed] that counsel pursue a course of conduct that is illegal or prohibited under

9    the State Bar Act."  Mattel's Motion at p. 38.

10        The MGA parties contend that Interrogatory No. 46 is predicated upon an imagined

11   "dispute" with former counsel, and moreover, that the information sought is protected by the

12   work product doctrine and/or attorney-client privilege.  The MGA parties reason that even if

13   Mattel is correct that there was some sort of dispute, either (1) the dispute does not relate to the

14   claims and defenses in this action, and therefore the requested information is irrelevant and

15   outside the proper scope of discovery, or (2) the dispute does relate to the claims or defenses in

16   this action, such that revelation of the substance of the dispute would necessarily reveal the

17   thought processes of trial counsel and the communication of those thought processes to the MGA

18   parties.

19        Mattel's motion to compel is denied as to Request No. 46.  The interrogatory is not

20   tethered to any particular claim or defense.  Nor is the interrogatory directed at uncovering the

21   factual events giving rise to any claim or defense.  Instead, the interrogatory assumes that there

22   was a "dispute" with former counsel involving false testimony, illegal conduct, or attorney

23   misconduct; that this "dispute" led to the withdrawal, termination and/or substitution of counsel;

24   and that this "dispute" potentially relates to a claim or defense in this suit.  There is no evidence,

25   however, to substantiate such a series of assumptions.  Although the publicly available

26   information suggests that there was a breakdown of the attorney-client relationship, this evidence,

27   without more, is insufficient to justify Interrogatory No. 46 because the burden or expense of the

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

21


EXHIBIT 5
PAGE 108

1  proposed discovery outweighs its likely benefit under Rule 26(b)(2)(C), Fed.R.Civ.P.

2  Furthermore, the interrogatory is grossly overbroad in seeking information about "any and all

3  disputes" with former counsel, regardless of whether such disputes relate to a claim or defense in

4  the case.

5        The interrogatory is also objectionable because it intrudes upon MGA's relationship with

6  former counsel, and thus necessarily intrudes upon the protections afforded by the attorney-client

7  privilege and work product doctrine. Mattel's rank speculation that there were attorney-client

8  discussions of wrongdoing is insufficient to vitiate the attorney-client privilege. See e.g. In re

9  Napster, Inc. Copyright Litig., 479 F.3d 1078, 1090 (9th Cir. 2007). Nor have the MGA parties

10 waived the attorney-client privilege. Although the MGA parties discussed the reasons for their

11 substitution of counsel with the press, there has been no showing that the information they

12 disclosed revealed the substance of an attorney-client privileged communication.

13                              V. CONCLUSION

14        For the reasons set forth above, it is hereby ordered as follows:

15        1. Mattel's motion to compel is granted as to Interrogatory Nos. 38, 40, 41 (as narrowed),

16 43-44 and 47. The MGA parties shall serve supplemental responses to said interrogatories no

17 later than February 26, 2008.

18        2. Mattel's motion to compel is denied as to Interrogatory Nos. 27-37, 39, 42, 46 and 48-

19 50.

20 Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

21 Mattel shall file this Order with the Clerk of Court forthwith.

22

23 Dated: February 15, 2008

24                              HON. EDWARD A. INFANTE (Ret.)
                                Discovery Master
25

26

27

28
   Bryant v. Mattel, Inc.,
   CV-04-09049 SGL (RNBx)                                              22

EXHIBIT  5
PAGE  109

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 15, 2008, I

served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION

TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA

PARTIES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above

is true and correct,

Executed on February 15, 2008, at San Francisco, California.

Sandra Chan

EXHIBIT   5
PAGE   110

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc
(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 2/19/2008 at 2:56 PM PST and filed on 2/19/2008

**Case Name:**        Carter Bryant v. Mattel Inc
**Case Number:**     2:04-cv-9049
**Filer:**                   Mattel Inc
**Document Number:** 2266

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties filed by Defendant Mattel Inc re: MOTION to Compel Responses to Interrogatories by the MGA Parties *(Nos. 27-44 and 46-50)*[1317] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Linda M Burrow    burrow@caldwell-leslie.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Melissa Grant    melissagrant@quinnemanuel.com

Emil W Herich    eherich@kmwlaw.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

EXHIBIT   5
PAGE   111

CM/ECF - California Central District                                          Page 2 of 2

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Motion to Compel.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/19/2008] [FileNumber=5381686-0]
[643f3427701adad1bfb3880576efb3c91150eb5f693240ae485529023da3f2864add
e9800830a44a4c86425534ead16e2d9b58cbceeb1aba019aa1836347bcbd]]

https://ecf.cacd.uscourts.gov/cgi-bin/Dispatch.pl?245598662032311                    2/19/2008

EXHIBIT ___5___
PAGE ___112___

# EXHIBIT 6



1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 090378)
2     johnquinn@quinnemanuel.com
     Michael T. Zeller (Bar No. 196417)
3     (michaelzeller@quinnemanuel.com)
     Jon D. Corey (Bar No. 185066)
4     (joncorey@quinnemanuel.com)
   865 South Figueroa Street, 10th Floor
5  Los Angeles, California  90017-2543
   Telephone:  (213) 443-3000
6  Facsimile:   (213) 443-3100

7  Attorneys for Mattel, Inc.

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        EASTERN DIVISION

| | |
|---|---|
| 12  CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| 13          Plaintiff, | Consolidated with Case No. CV 04-09039 |
| 14     vs. | Case No. CV 05-02727 |
| 15  MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S NOTICE OF MOTION AND MOTION |
| 16 | OBJECTING TO PORTIONS OF DISCOVERY MASTER'S (1) |
| 17          Defendant. | FEBRUARY 15, 2008 ORDER REGARDING MATTEL'S MOTION |
| 18  AND CONSOLIDATED ACTIONS | TO COMPEL RESPONSES TO INTERROGATORIES BY THE MGA |
| 19 | PARTIES; AND (2) FEBRUARY 20, 2008 ORDER REGARDING |
| 20 | MATTEL'S MOTION TO COMPEL RESPONSES TO |
| 21 | INTERROGATORIES BY CARTER BRYANT; AND MEMORANDUM OF |
| 22 | POINTS AND AUTHORITIES |
| 23 | [Notice of Lodging and Declaration of B. Dylan Proctor filed concurrently] |
| 24 | |
| 25 | Hearing Date:  March 24, 2008 |
| | Time:            10:00 a.m. |
| | Place:           Courtroom 1 |
| 26 | |
| 27 | **Phase 1** |
| | Discovery Cut-off:      January 28, 2008 |
| 28 | Pre-trial Conference:   April 21, 2008 |
| | Trial Date:               May 27, 2008 |

07209/2420393.1

────────────────────────────────────────────────
MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND
FEBRUARY 20, 2008 ORDERS

EXHIBIT _____ 6

PAGE _____ 113

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on March 24, 2008, at 10:00 a.m., or as soon

3  thereafter as counsel may be heard, in the Courtroom of The Honorable Stephen G.

4  Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and

5  counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, move the Court to

6  overrule portions of (1) the Discovery Master's February 15, 2008 Order Granting in

7  Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos.

8  27-44 and 46-50 by the MGA Parties; and (2) the Discovery Master's February 20,

9  2008 Order Denying Mattel's Motion to Compel Responses to Interrogatory Nos. 27-

10  33, 36-40, 42, 45 and 47 by Carter Bryant.

11      This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 72(a) on the

12  grounds that the Discovery Master's Orders were clearly erroneous and contrary to

13  law in its rulings denying Mattel's motions to compel the MGA parties to provide

14  responses to Interrogatory Nos. 27-39, 41 and 46-50 and to compel Carter Bryant to

15  provide responses to Interrogatory Nos. 27-33, 36-39, 42 and 47.

16      This Motion is based on this Notice of Motion and Motion, the accompanying

17  Memorandum of Points and Authorities, the Declaration of B. Dylan Proctor filed

18  concurrently herewith, the Notice of Lodging filed concurrently herewith, and all

19  other matters of which the Court may take judicial notice.

20                    **Statement of Rule 7-3 Compliance**

21      The parties met and conferred regarding this motion on February 26, 2008, and

22  dates thereafter.

23

24  DATED:  March 3, 2008            QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
25

26

27                                   By /s/ B. Dylan Proctor
                                         B. Dylan Proctor
28                                       Attorneys for Mattel, Inc.

07209/2420393.1
                                         -2-

**EXHIBIT** _____ 6

**PAGE** _____ 114

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................... 1

FACTUAL BACKGROUND.......................................................................... 4

ARGUMENT................................................................................................... 6

I.   THE DISCOVERY MASTER'S ORDERS ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW AS TO INTERROGATORY NOS. 27-29 BECAUSE DEFENDANTS IMPROPERLY LIMIT THEIR RESPONSES TO PATENTS ......................... 7

II.  THE DISCOVERY MASTER'S ORDERS AS TO INTERROGATORY NO. 39 ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW .......... 10

   A.   The Discovery Master's Order Denying Mattel's Motion to Compel the MGA Parties to Provide Responses to Interrogatory No. 39 Is Clearly Erroneous.................................................................. 11

   B.   The Discovery Master's Order Denying Mattel's Motion to Compel Carter Bryant to Provide a Response to Interrogatory No. 39 Is Clearly Erroneous.......................................................................... 13

III. THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY NO. 41 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW................ 15

IV.  THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY NO. 46 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW................ 17

V.   THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY NOS. 48-50 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW ........ 19

VI.  THE DISCOVERY MASTER'S ORDER AS TO BRYANT'S RESPONSE TO INTERROGATORY NO. 47 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW....................................................... 20

VII. THE DISCOVERY MASTER'S ORDERS ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW BECAUSE THEY DO NOT REQUIRE DEFENDANTS TO SPECIFICALLY IDENTIFY DOCUMENTS .................................................................................. 23

i

EXHIBIT _____ 6

PAGE _____ 115



CONCLUSION.................................................................................................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

07209/2420393.1

ii

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND FEBRUARY 20, 2008 ORDERS

EXHIBIT _____ 6

PAGE _____ 116

## TABLE OF AUTHORITIES

Page

### CASES

A. Farber and Partners, Inc. v. Garber,
234 F.R.D. 186 (C.D. Cal. 2006) ................................................... 14

Clean Earth Remediation and Const. Serv's, Inc. v. American Intern,
245 F.R.D. 137 (S.D.N.Y. 2007)................................................... 24

In re Heritage Bond Litigation,
2004 WL 1970058 (C.D. Cal. July 23, 2004) ................................. 14

In re Katrina Canal Breaches Consolidated Litig.,
2007 WL 1959193 (E.D. La. 2007) ............................................ 16

Johnson v. Kraft Foods North America, Inc.,
236 F.R.D. 535 (D. Kan. 2006)................................................... 25

King v. Georgia Power Co.,
50 F.R.D. 134 (N.D. Ga. 1970)................................................... 16

Miller v. Federal Express Corp.,
186 F.R.D. 376 (W.D. Tenn. 1999)............................................. 24

Morgan v. Woessner,
997 F.2d 1244 (9th Cir. 1993) ................................................... 13

Schaap v. Executive Indus., Inc.,
130 F.R.D. 384 (N.D. Ill. 1990) ................................................. 20

Seff v. General Outdoor Advertising Co.,
11 F.R.D. 597 (N.D. Ohio 1951)................................................. 16

U.S. Equal Employment Opportunity Comm'n v. Ian Schrager Hotels, Inc.,
2000 WL 307470, at *4 (C.D. Cal. 2000)..................................... 13

Ukiah Automotive Investments v. Mitsubishi Motors of North America,
2006 WL 1348562 (N.D. Cal. May 17, 2006) ............................... 24

Ultratech, Inc. v. Tamarach Scientific Co.,
2005 WL 40074 (N.D. Cal. Jan 05, 2005) ................................... 24

VNA Plus, Inc. v. Apria Healthcare Group, Inc.,
1999 WL 386949 (D. Kan 1999) ............................................... 24

Wright v. Touhy,
2003 WL 22439864, at *4 (N.D. Ill. 2003).................................... 8

EXHIBIT _____ 6

PAGE _____ 117

1

## STATUTES

2    Cal. Penal Code § 641.3 ........................................................................ 12

3    Fed R. Civ. P. 26(b)(2) ......................................................................... 16

4    Fed. R. Civ. P. 26(b)(1) ........................................................................ 18

5    Fed. R. Civ. P. 33(d) ............................................................................ 24

6    Fed. R. Civ. Proc. 72(a) ......................................................................... 6

7

8

## OTHER AUTHORITIES

9    California Rule of Professional Conduct 3-700(c) ........................................ 18

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

iv

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND FEBRUARY 20, 2008 ORDERS

EXHIBIT _____ 6

PAGE _____ 1/8

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

The Discovery Master's February 15, 2008 and February 20, 2008 Orders deny Mattel discovery of critical information. In response to interrogatories seeking information plainly relevant to the claims and defenses in this case, Defendants have responded either by providing no answers or by providing incomplete and evasive answers. Mattel is entitled to complete responses consistent with the <u>Federal Rules of Civil Procedure</u>. The Discovery Master's Orders denying Mattel such responses are clearly erroneous and/or contrary to law and should be overruled.

First, Defendants have failed to provide any legitimate response to interrogatories Mattel first served nine months ago seeking the identification of Bratz inventions created during critical time periods -- during Bryant's employment with Mattel, and the periods immediately prior to and after. Knowing precisely which Bratz designs and other inventions Defendants contend were created before or just after Bryant worked at Mattel, and which they admit were created while Bryant was employed by Mattel, is obviously crucial information. Yet in their responses, Defendants identify no Bratz inventions at all, instead limiting their responses to a definition of "inventions" "as used in patent law," which conflicts with the definition in Mattel's interrogatories and is simply bizarre since this is not a patent case. The Discovery Master failed to address that improper limitation in finding Defendants' non-responses "adequate."

Second, Defendants refuse to identify the financial accounts they have maintained since January 1, 1999. The Discovery Master previously compelled Isaac Larian to provide nearly identical information, recognizing that it is relevant to net worth and also "likely to lead to information regarding payments from Larian to Bryant, which is relevant to, among other things, the timing of the creation of Bratz." Yet, the Discovery Master found that to compel MGA and Bryant to provide similar information would be duplicative and cumulative. Not so. MGA and Bryant have

-1-

EXHIBIT _____ 6

PAGE _____ 119

1  only produced limited financial information.  The identity of MGA's and Bryant's
2  accounts, which may be the only accounts that reflect payments to Bryant or other
3  witnesses, or payments to other Mattel employees while employed by Mattel, are not
4  duplicative of the identity of Larian's accounts.

5        Third, MGA refuses to provide the date it first contacted former Mattel
6  employees who now work for MGA or have worked for MGA since January 1, 1999.
7  The Discovery Master recognized that such information was "clearly relevant to
8  Mattel's claims" and "conspicuously absent from the MGA parties' response," yet
9  nevertheless denied Mattel the information, finding that to compel it would pose an
10  undue burden.  MGA, however, failed to make any showing of burden at all.  Mattel
11  is entitled to the information, which is central to Mattel's claims that MGA poached
12  Mattel employees and encouraged them to abscond with Mattel's trade secrets.

13        Fourth, MGA refuses to provide any information regarding the facts
14  surrounding its dispute with its former counsel.  The Discovery Master found that
15  Mattel's interrogatory seeking that information was overbroad because it seeks facts
16  regarding "any and all" disputes.  But Mattel's interrogatory was narrowly tailored to
17  only those disputes relating to this case.  The Discovery Master also held that the
18  information was protected by the attorney-client privilege.  That finding ignores that
19  Mattel expressly carved out of its interrogatory "communications which are protected
20  by the attorney-client privilege."  In any event, the underlying facts are not privileged.
21  Indeed, MGA has already publicly discussed some facts regarding the dispute,
22  showing they are not privileged.

23        Fifth, MGA has failed to identify basic information regarding its trade dress
24  claims against Mattel.  Mattel's interrogatories ask MGA to identify the trade dress
25  that MGA contends Mattel has infringed.  Mattel also asks MGA to specifically
26  identify allegedly infringing Mattel products.  Mattel needs this information in order
27  to adequately prepare its defense.  Yet, MGA has provided only general responses,
28  without identifying specific trade dress or allegedly infringing products.  Even MGA

07209/2420393.1

-2-

EXHIBIT ___6___

PAGE ___120___

1  recognizes that its responses are inadequate; it represented to the Discovery Master

2  that it would supplement them in connection with Phase 2 discovery.

3  Notwithstanding MGA's admission, the Discovery Master ruled that MGA's

4  responses were "in substantial compliance," thus depriving Mattel of information

5  critical to its defense.

6      Sixth, Bryant refuses to provide an adequate response to Mattel's interrogatory

7  seeking the sources of information from which Bryant searched for and/or collected

8  key documents in this case -- documents that relate to Bratz and the period prior to

9  February 28, 2001.  Although the Discovery Master recognized the importance of this

10  information and compelled MGA to provide a complete response, the Discovery

11  Master found Bryant's response adequate even though Bryant provided only a broad,

12  useless description of where he searched for documents.  Mattel is entitled to a

13  complete, detailed response that will serve the purpose of the interrogatory -- to

14  enable Mattel to test Bryant's production.  That is especially important here, where

15  Bryant has misrepresented his document collection and production efforts and there is

16  substantial evidence that Bryant has spoliated evidence.

17      Last, as the Discovery Master has previously held, in responding to

18  interrogatories that seek the identification of documents, Defendants are required to

19  specifically identify the documents by Bates number where possible.  Defendants

20  have failed to identify documents by Bates number in nearly all of their responses.

21  Mattel raised this issue before the Discovery Master.  Despite the Discovery Master's

22  previous ruling on the issue, his February 15, 2008 and February 20, 2008 Orders do

23  not require Defendants to identify documents with specificity.  They are thus clearly

24  erroneous and contrary to the very law the Discovery Master has previously cited.

25      The Court should overrule the Discovery Master's Orders in part, and compel

26  (1) the MGA parties to provide further responses to Interrogatory Nos. 27-39, 41 and

27  46-50, and (2) Carter Bryant to provide further responses to Interrogatory Nos. 27-33,

28  36-39, 42 and 47.

07209/2420393.1

-3-

EXHIBIT _____ 6

PAGE _____ 121

**Factual Background**

1

2       Mattel's Interrogatories and Defendants' Responses.  Between September 21,

3   2007 and October 25, 2007, Mattel served five sets of interrogatories on defendants

4   Carter Bryant ("Bryant") and MGA, MGA Hong Kong, MGAE de Mexico S.R.L. de

5   C.V., Isaac Larian and Carlos Gustavo Machado Gomez (collectively "MGA" or "the

6   MGA parties").[1]  Those five sets of interrogatories ask each of the defendants the

7   same 24 questions (Interrogatory Nos. 27-50).[2]  These interrogatories were re-served

8   after a number of them were previously served in June 2007;[3] by Order dated

9   September 5, 2007, the Discovery Master instructed Mattel to re-serve the

10  interrogatories with his guidance on numerosity and counting issues.[4]

11      Defendants' initial responses to these interrogatories consisted almost entirely

12  of objections.[5]  On December 13, 2007, Mattel filed a motion to compel Carter

13  Bryant to provide further responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and

14

15

16  [1]   See Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
    attached as Exhibit 1 to the concurrently filed Declaration of B. Dylan Proctor, dated
17  March 3, 2007 ("March 3 Proctor Dec."); Mattel's Amended Fourth Set of
    Interrogatories, dated October 23, 2007, March 3 Proctor Dec., Exh. 2; Mattel's Fifth
18  Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec., Exh. 3; Mattel's
    Sixth Set of Interrogatories, dated October 23, 2007, attached as Exhibit 11 to the
19  Declaration of B. Dylan Proctor, dated December 20, 2007, Notice of Lodging, Exh.
    4 ("December 20 Proctor Dec."); Mattel's Seventh Set of Interrogatories, dated
20  October 25, 2007, March 3 Proctor Dec., Exh. 4.
    [2]   Id.
21  [3]   See Mattel's Third Set of Interrogatories, dated June 7, 2007, December 20
    Proctor Dec., Exh. 34.
22  [4]   See Order Granting Joint Motion for Protective Order, dated September 5,
    2007, at pp. 4-5, December 20 Proctor Dec., Exh. 33.
23  [5]   See MGA Parties' Responses and Objections to Mattel's Revised Third Set of
    Interrogatories, December 20 Proctor Dec., Exhs. 13, 21-24; MGA Parties' Responses
24  and Objections to Mattel's Amended Fourth Set of Interrogatories, December 20
    Proctor Dec., Exhs. 14, 25-28;  MGA Parties' Responses and Objections to Mattel's
25  Fifth Set of Interrogatories, December 20 Proctor Dec., Exhs. 15-18; MGA Parties'
    Responses and Objections to Mattel's Seventh Set of Interrogatories, December 20
26  Proctor Dec., Exhs. 20, 29-32; Bryant's Responses and Objections to Mattel's Revised
    Third Set of Interrogatories, dated November 15, 2007, attached as Exhibit 5 to the
27  Declaration of B. Dylan Proctor, dated December 13, 2007, Notice of Lodging, Exh.
    2 ("December 13 Proctor Dec."); Bryant's Responses and Objections to Mattel's
28  Amended Fourth Set of Interrogatories, dated November 15, 2007, December 13
    Proctor Dec., Exh. 6; Bryant's Responses and Objections to Mattel's Fifth Set of
    Interrogatories, dated November 21, 2007, December 13 Proctor Dec., Exh. 7.

-4-

EXHIBIT _____ 6

PAGE _____ 122

1   47.[6]  One week later, Mattel filed a motion to compel the MGA parties to provide

2   further responses to Interrogatory Nos. 27-44 and 46-50.[7]

3        After Mattel filed its motions to compel, Defendants supplemented their

4   responses.  Carter Bryant supplemented certain of his responses on December 17,

5   2007 and again on January 28, 2008.[8]  The MGA parties supplemented certain of

6   their responses on January 7, 2008 and again on January 28, 2008.[9]  However, many

7   of Defendants' responses remain deficient, consisting either of no answer, or

8   incomplete and evasive answers.

9        The Discovery Master's Orders.  On February 11, 2008, the parties had an

10   approximately one-hour hearing before the Discovery Master at which both of

11   Mattel's motions to compel were addressed along with five other discovery motions.[10]

12   On February 15, 2008, the Discovery Master entered an Order Granting in Part and

13   Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44

14

15

16

---

17   [6]  Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-33, 36-

18   40, 42, 45 and 47) by Carter Bryant, dated December 13, 2007, Notice of Lodging, Exh. 1.
          [7]  Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and

19   46-50) by the MGA Parties, dated December 20, 2007, Notice of Lodging, Exh. 3.
          [8]  See Supplemental Werdegar Declaration in Support of Carter Bryant's

20   Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories, dated February 6, 2008, Notice of Lodging, Exh. 17 ("Supp. Werdegar Dec."), ¶ 4; Bryant's

21   Second Supplemental Responses and Objections to Mattel's Revised Third Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5; Bryant's

22   Second Supplemental Responses and Objections to Mattel's Amended Fourth Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 6; Bryant's

23   Second Supplemental Responses and Objections to Mattel's Fifth Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 7.
          [9]  See Supplemental Declaration of Timothy A. Miller in Support of MGA

24   Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated February 8, 2008,

25   Notice of Lodging, Exh. 18 ("Supp. Miller Dec."), ¶ 2; MGA Parties' Third Supplemental Responses to Mattel's Revised Third Set of Interrogatories, dated

26   January 28, 2008, March 3 Proctor Dec., Exh. 8 and Supp. Miller Dec., Exhs. 1, 5, 7, 9; MGA Parties' Third Supplemental Responses to Mattel's Amended Fourth Set of

27   Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 9 and Supp. Miller Dec., Exhs. 3, 6, 8, 10.
          [10]  Transcript of February 11, 2008 Hearing before Discovery Master, March 3

28   Proctor Dec., Exh. 10.

07209/2420393.1

EXHIBIT _____6_____

PAGE _____123_____

1    and 46-50 by the MGA Parties.[11]  In that Order, the Discovery Master denied Mattel's

2    motion to compel as to Interrogatory Nos. 27-29, 39, 41 (in part), 46 and 48-50.[12]  On

3    February 20, 2008, the Discovery Master entered an Order Denying Mattel's Motion

4    to Compel Responses to Interrogatory Nos. 27-33, 36-40, 42, 45 and 47 by Carter

5    Bryant.[13]

6          The Parties' Meet and Confer.  On February 25, 2008, Mattel wrote to counsel

7    for MGA seeking to meet and confer regarding Mattel's intended appeal of portions

8    of the Discovery Master's February 15, 2008 Order.[14]  The parties met and conferred

9    on February 29, 2008, but were unable to come to an agreement regarding Mattel's

10   intended appeal.[15]

11         On February 27, 2008, Mattel wrote to counsel for Carter Bryant seeking to

12   meet and confer regarding Mattel's intended appeal of portions of the Discovery

13   Master's February 20, 2008 Order.[16]  On February 28, 2008, counsel for Carter Bryant

14   responded to Mattel's letter, reiterating Bryant's position and stating that further meet

15   and confer did not seem necessary.[17]

16                              **Argument**

17         By the stipulation and court order appointing a Discovery Master, the

18   Discovery Master's rulings are treated like those of a magistrate judge.  Such rulings

19   should be overruled if they are "clearly erroneous or [] contrary to law."  Fed. R. Civ.

20   Proc. 72(a).

21

22   [11]   Order Granting in Part and Denying in Part Mattel's Motion to Compel
      Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties, dated
23   February 15, 2008, March 3 Proctor Dec., Exh. 11 ("February 15 Order").
      [12]   Id.
24   [13]   Order Denying Mattel's Motion to Compel Responses to Interrogatory Nos.
      27-33, 36-40, 42, 45 and 47 by Carter Bryant, dated February 20, 2008, March 3
25   Proctor Dec., Exh. 12 ("February 20 Order").
      [14]   Letter from Proctor to Miller, dated February 25, 2008, March 3 Proctor Dec.,
26   Exh. 13.
      [15]   March 3 Proctor Dec., ¶ 14.
27   [16]   Letter from Proctor to Werdegar, dated February 27, 2008, March 3 Proctor
      Dec., Exh. 14.
28   [17]   Letter from Werdegar to Proctor, dated February 28, 2008, March 3 Proctor
      Dec., Exh. 15.

EXHIBIT _____ 6

PAGE _____ 124

I.   **THE DISCOVERY MASTER'S ORDERS ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW AS TO INTERROGATORY NOS. 27-29 BECAUSE DEFENDANTS IMPROPERLY LIMIT THEIR RESPONSES TO PATENTS**

    The Discovery Master based his denial of Mattel's motion to compel both the MGA parties and Bryant to provide responses to Interrogatory Nos. 27-29 on the grounds that the interrogatories are "overbroad and unduly burdensome," and that Mattel has not justified its definition of "Bratz Invention," which "encompass[es] numerous intellectual property concepts."[18] The Discovery Master found that the MGA parties' and Bryant's responses were thus "adequate under the circumstances."[19] That finding is clearly erroneous.

    Interrogatory Nos. 27-29 seek the identity of Bratz inventions created during key time periods -- during Bryant's employment at Mattel and shortly prior to or after Bryant's employment at Mattel.[20] This information is critical to Mattel's claims.

---

[18] February 15 Order, at pp. 8-9; February 20 Order, at pp. 3-4.
[19] Id.
[20] Interrogatory Nos. 27-29 read as follows:

Interrogatory No. 27: IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, prior to January 4, 1999 and for each BRATZ INVENTION so identified state all facts that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

Interrogatory No. 28: IDENTIFY each and every BRATZ INVENTION YOU contend was CREATED, in whole or in part, after October 19, 2000 and before June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS that support YOUR contention that such BRATZ INVENTION (or aspects or portions thereof) was CREATED after October 19, 2000 and before June 1, 2001, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

Interrogatory No. 29: IDENTIFY each and every BRATZ INVENTION that was CREATED, in whole or in part, after January 3, 1999 and before October 21, 2000, and for each BRATZ INVENTION so identified state all FACTS that REFER OR RELATE TO the timing of the creation of such BRATZ INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO such facts.

(footnote continued)

-7-

07209/2420393.1

EXHIBIT _____ 6

PAGE _____ 125

1   Whether Bryant invented Bratz while employed by Mattel, and thereby assigned the

2   rights to Bratz to Mattel pursuant to the terms of the Inventions Agreement, is at the

3   heart of this case.  In order for Mattel to prepare for trial, it must know Defendants'

4   positions regarding precisely which Bratz works were created or conceived during

5   these critical periods of time, as well as the facts supporting those positions.  See,

6   e.g., Wright v. Touhy, 2003 WL 22439864, at *4 (N.D. Ill. 2003) (the Federal Rules

7   "are designed to promote liberal discovery in an effort to narrow the issues for trial

8   and to prevent unfair surprise").

9        Defendants' responses provide no such information.  The MGA parties and

10  Bryant identified *no* Bratz inventions, unilaterally narrowing the scope of their

11  responses to their own definition of "invention," which they both limit to "as the term

12  is used in utility patent law" and "[w]ith respect to design patents."[21]  That limitation

13  makes no sense and cannot be "adequate."  This is not a patent case and Mattel did

14  not ask patent law interrogatories.

15       The reason for Defendants' arbitrary limitation is clear.  By limiting the

16  definition of "invention" to patents, Defendants avoid identifying key intellectual

17  property at issue in this case, including copyrightable Bratz works that Bryant created

18  while employed by Mattel.  Defendants have made clear they intend to argue that the

19  Inventions Agreement applies only to patents and not other types of inventions, such

20  as copyrightable designs.  Mattel disagrees with that position.  While Defendants are

21  free to argue at summary judgment that only patents are subject to the Inventions

22  Agreement, that position does not preclude Mattel from discovery regarding *other*

23  Bratz inventions created or conceived during the limited time periods at issue, like

24  copyrightable works and ideas.  That information is critical.  Indeed, the identity of

25  _____

26  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, March 3
    Proctor Dec., Exh. 1.
         [21]  MGA's Third Supplemental Responses to Mattel's Revised Third Set of
27  Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 8; Bryant's
    Second Supplemental Responses and Objections to Mattel's Revised Third Set of
28  Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5.

EXHIBIT _____ 6

PAGE _____ 126

1  those Bratz inventions could, in and of itself, prove liability as to a number of

2  Mattel's claims.  The Discovery Master's finding that Defendants' responses, limited

3  to patents, were "adequate" precludes discovery of this plainly critical information

4  and is thus clearly erroneous or contrary to law.

5      The Discovery Master's finding that the definition of "BRATZ INVENTION"

6  is overbroad is also clearly erroneous.[22]  Mattel's definition is necessarily

7  comprehensive because Defendants endlessly play games with definitions in

8  discovery.  For example, in response to a Mattel request for admission regarding

9  whether MGA believed it was lawful to market "BRATZ" at the time it entered into

10  its September 2000 agreement with Bryant, MGA repeatedly objected that "the term

11  'BRATZ' is vague and ambiguous and, as defined by Mattel, renders the RFA

12  nonsensical as no BRATZ then existed,"[23] based on MGA's contention that "Bratz"

13  just refers to "Bratz dolls," which had not yet been created.  However, Mattel had

14  defined the term "Bratz" more broadly, and indeed stated expressly in its definition

15  that "the term 'BRATZ' does not and shall not require that there be a doll existing at

16

17  [22]  The definitions of "BRATZ INVENTION" and "DESIGN" provided by Mattel
are comprehensive, but straightforward:

18

19      "BRATZ INVENTION" means any representation, idea, concept, work,
process, procedure, plan, improvement, design, or other development, whether
fixed in tangible form or not, that REFERS OR RELATES TO BRATZ,

20  including but not limited to any DESIGN that REFERS OR RELATES TO
BRATZ."

21      "DESIGN" or "DESIGNS" means any and all representations, whether two-
dimensional or three-dimensional, and whether in tangible, digital, electronic

22  or other form, including but not limited to all works, designs, artwork,
sketches, drawings, illustrations, representations, depictions, blueprints,

23  schematics, diagrams, images, sculptures, prototypes, models, samples,
rotocasts, reductions to practice, developments, inventions and/or

24  improvements, as well as all other items, things and DOCUMENTS in which
any of the foregoing are or have been expressed, embodied, contained, fixed

25  or reflected in any manner, whether in whole or in part.

26  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, at p. 4,
March 3 Proctor Dec., Exh. 1.

27  [23]  See MGA Entertainment, Inc.'s Supplemental Responses to Mattel, Inc.'s Fifth
Set of Requests for Admission, dated August 22, 2007, at pp. 3-6, attached as Exhibit

28  3 to the Supplemental Declaration of B. Dylan Proctor, dated January 7, 2008, Notice
of Lodging, Exh. 13 ("January 7 Proctor Dec.").

EXHIBIT _____ 6

PAGE _____ 127

1   the time of the event . . . that is the subject of, or otherwise relevant or responsive to

2   the Requests."[24]

3          Defendants' responses here demonstrate the same evasiveness and highlight the

4   reason the definition of "Bratz Invention" must be broad and comprehensive; if it

5   were not, and indeed even though it is, Defendants arbitrarily limit the scope of

6   "inventions" to patents. That limitation allows Defendants to shield from discovery

7   the identity of countless inventions that Mattel believes are subject to the Inventions

8   Agreement and are thus Mattel property. Mattel's definition is tailored to obtain the

9   identification of all Bratz creations or conceptions that Mattel believes are subject to

10  the Inventions Agreement and therefore Mattel's property -- information to which

11  Mattel is entitled.

12  **II.    THE DISCOVERY MASTER'S ORDERS AS TO INTERROGATORY**

13          **NO. 39 ARE CLEARLY ERRONEOUS OR CONTRARY TO LAW**

14          Interrogatory No. 39 asks the MGA parties and Bryant to identify financial

15  accounts they have maintained since January 1, 1999.[25] Defendants provided no

16  response at all. Nevertheless, the Discovery Master denied Mattel's motion to compel

17  responses to this interrogatory as to both the MGA parties and Bryant. The

18  Discovery Master's rulings are clearly erroneous or contrary to law.

19

20

21

22

23

24

25  [24]   Mattel, Inc.'s Fifth Set of Requests for Admission to MGA Entertainment, Inc.,
26  dated June 8, 2007, at p. 2, January 7 Proctor Dec., Exh. 4.
        [25]   Interrogatory No. 39 asks Defendants to "IDENTIFY each and every bank or
27  financial institution account that REFERS OR RELATES TO YOU, including
    accounts in YOUR name or for YOUR benefit, since January 1, 1999." Mattel's
28  Revised Third Set of Interrogatories, dated September 21, 2007, March 3 Proctor
    Dec., Exh. 1.

EXHIBIT _____ 6

PAGE _____ 128

A.   **The Discovery Master's Order Denying Mattel's Motion to Compel
the MGA Parties to Provide Responses to Interrogatory No. 39 Is
Clearly Erroneous**

With respect to the MGA parties, the Discovery Master found that "the
financial information sought is cumulative of other discovery already sought and
obtained by Mattel."[26] That is incorrect.

It is undisputed that the identity of financial accounts maintained by MGA are
relevant. In fact, the Discovery Master previously compelled Isaac Larian to produce
documents in response to a document request nearly identical to the interrogatory at
issue here.[27] In compelling Larian to produce documents sufficient to identify each
of his bank accounts, financial institutions or other banking relationships since
January 1, 1999, the Discovery Master held that "the requested information is likely
to lead to information regarding payments from Larian to Bryant, which is relevant
to, among other things, the timing of the creation of Bratz. The requested
information is also likely to show Larian's income and net worth, which are relevant
to damages."[28] The same is true here. It is not cumulative or duplicative to obtain the
same type of information from MGA. Larian's accounts provide no evidence of
MGA's net worth or evidence of payments made to Bryant from MGA accounts. For
the same reason the Discovery Master compelled Larian to produce documents
sufficient to identify his accounts, the MGA parties should be compelled to identify
their financial accounts.

Moreover, to the extent the Discovery Master based his ruling on the limited
financial information already produced by MGA, the Discovery Master's ruling is
also clearly erroneous. The limited financial information MGA has produced is

---

[26]  February 15 Order, at p. 14.
[27]  Order Granting in Part and Denying in Part Mattel's Motion to Compel
Production of Documents by Isaac Larian, dated December 31, 2007, at pp. 15-16,
March 3 Proctor Dec., Exh. 16.
[28]  Id.

07209/2420393.1

-11-

EXHIBIT _____ 6

PAGE _____ 129

1  clearly insufficient.  For example, the only payments to Bryant -- evidence relevant to
2  show the timing of the creation Bratz -- that MGA has acknowledged providing are
3  "[d]ocuments showing royalty payments to Carter Bryant."[29]  But all payments,
4  whether royalty payments or otherwise, are plainly relevant, especially payments that
5  predate the Bryant/MGA contract.

6      Moreover, the information requested may lead to direct evidence of liability
7  regarding Mattel's allegations of commercial bribery against MGA and Larian, which
8  are explicitly alleged as predicate acts for Mattel's RICO claims.[30]  Payments to
9  Mattel employees, including Carter Bryant and others, during the course of their
10 Mattel employment, would themselves establish commercial bribery and other
11 tortious conduct that are the subject of Mattel's claims, but MGA has failed to provide
12 such information.  See Cal. Penal Code § 641.3 (stating that any employee who
13 "solicits, accepts, or agrees to accept money or any thing of value from a person other
14 than his employer" without the employer's knowledge and in exchange for using his
15 position to benefit that other person is guilty of commercial bribery).  Mattel recently
16 learned of three additional Mattel employees who worked on Bratz while employed
17 by Mattel for years.[31]  Mattel is entitled to discovery that could show payments made
18 by MGA or Bryant to those individuals.  The Discovery Master's Order did not
19 address the clear relevance of payments to those other than Bryant.

20
21
22
23
24

---

25 [29]  MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated
26 December 31, 2007, at pp. 10-11, Notice of Lodging, Exh. 10.
[30]    Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and
Counterclaims, dated July 12, 2007, ¶¶ 94-97, Prayers ¶ 12, December 20 Proctor
27 Dec., Exh. 41.
[31]    See Deposition of Veronica Marlow at 306:8-25, 363:15-21, January 7 Proctor
28 Dec., Exh. 11.

EXHIBIT _____ 6
PAGE _____ 130

1   **B.**   **The Discovery Master's Order Denying Mattel's Motion to Compel**

2   **Carter Bryant to Provide a Response to Interrogatory No. 39 Is**

3   **Clearly Erroneous**

4   The Discovery Master also denied Mattel's motion to compel Carter Bryant to

5   respond to Interrogatory No. 39. That ruling was also clearly erroneous and contrary

6   to law.

7   First, the Discovery Master found the interrogatory to be overbroad.[32] But, as

8   described in Section II.B above, the Discovery Master compelled Isaac Larian to

9   produce documents in response to a document request nearly identical to

10  Interrogatory No. 39.[33] Mattel is likewise entitled to the identity of Bryant's accounts.

11  Those accounts are relevant to show, among other things, payments from MGA

12  and/or Larian to Bryant, payments by Bryant to others related to Bratz, and Bryant's

13  net worth. That information is directly relevant to the timing of the creation of Bratz

14  (secret payments to Bryant in 1999 or early 2000 would obviously be telling),

15  Mattel's commercial bribery claim, bias and damages. Mattel has punitive damages

16  claims against Bryant.[34] In assessing punitive damages, the jury is entitled to

17  consider Bryant's net worth. See, e.g., U.S. Equal Employment Opportunity Comm'n

18  v. Ian Schrager Hotels, Inc., 2000 WL 307470, at *4 (C.D. Cal. 2000) (information

19  about a party's net worth "is relevant under Rule 26(b) to plaintiff's claims for

20  damages and punitive damages"). Indeed, under California law Mattel is required to

21  introduce evidence of Bryant's financial condition to obtain an award of punitive

22  damages against him. See Morgan v. Woessner, 997 F.2d 1244, 1259 (9th Cir. 1993)

23  (citing Adams v. Murakami, 54 Cal. 3d 105 (1991)).

24

25  _____

26  [32] February 20 Order, at p. 5.
    [33] Order Granting in Part and Denying in Part Mattel's Motion to Compel

27  Production of Documents by Isaac Larian, dated December 31, 2007, at pp. 15-16, March 3 Proctor Dec., Exh. 16.

28  [34] Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and Counterclaims, Prayers ¶ 12, December 13 Proctor Dec., Exh. 22.

07209/2420393.1

-13-

EXHIBIT _____ 6

PAGE _____ 131

1   Second, the Discovery Master found that the interrogatory "implicates Bryant's
2   (and others) privacy interests, without reasonable justification."[35] However, the
3   Discovery Master's decision failed to address the fact that the protective order in this
4   case adequately prevents the use of confidential information outside of this litigation.
5   That protection sufficiently addresses any privacy concerns, as the Discovery Master
6   himself has previously found.[36] See, e.g., A. Farber and Partners, Inc. v. Garber, 234
7   F.R.D. 186, 191 (C.D. Cal. 2006) ("Resolution of a privacy objection . . . requires a
8   balancing of the need for the information sought against the privacy right asserted . . .
9   *Here, plaintiff's need for defendant Garber's financial documents outweighs*
10   *defendant Garber's claim of privacy, especially when the 'impact' of the disclosure of*
11   *the information can be protected by a 'carefully drafted' protective order*.") (citing In
12   re Heritage Bond Litigation, 2004 WL 1970058, *5 n.12 (C.D. Cal. July 23, 2004)
13   ("Any privacy concerns Kasirer defendants have in their bank records and related
14   financial statements are adequately protected by the protective order, and are not
15   sufficient to prevent production in this matter"). In any case, Mattel is not asking that
16   Bryant identify or produce a vast quantity of sensitive financial records. It is asking
17   only that he identify the institutions and accounts since January 1, 1999 that refer or
18   relate to him.

19   Last, the Discovery Master found that "to the extent Interrogatory No. 39 seeks
20   relevant information, that information is readily available through alternative less
21   intrusive sources."[37] Not so. It is hard to imagine what source other than an
22   interrogatory to Bryant could be less intrusive in obtaining the identity of Bryant's
23   accounts, and no alternatives have been identified. The Discovery Master's Order
24   denying Mattel this critical information is clearly erroneous or contrary to law.

[35] February 20 Order, at p. 5.
[36] Order Granting Mattel's Motion to Compel Production of Documents, dated January 25, 2007, at p. 14, December 20 Proctor Dec., Exh. 54.
[37] February 20 Order, at p. 5.

07209/2420393.1
-14-

EXHIBIT 6
PAGE 132

1   **III.   THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY**
2   **NO. 41 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW**

3         Interrogatory No. 41 seeks the identity of former Mattel employees who are
4   now or have been employed by MGA since January 1, 1999, including the date of
5   hire or effective date of contract, date of interview and the first date of contact with
6   MGA regarding potential employment or contracting.[38]   The Discovery Master
7   recognized that the date of interview and first contact "is clearly relevant to Mattel's
8   claims" but "conspicuously absent from the MGA parties' response."[39]   Yet, the
9   Discovery Master held that MGA need provide only the interview date, and could
10  conceal the earlier first date of contact for each individual identified.[40]   That decision
11  is clearly erroneous or contrary to law.

12        The date on which MGA first contacted former Mattel employees regarding
13  potential employment or contracting is critical evidence relevant to Mattel's claims
14  that MGA has, while poaching Mattel's employees, also induced them to abscond
15  with Mattel's trade secrets.[41]   The dates of first contact could show that Mattel
16  employees were involved with MGA for lengthy periods of time while still employed
17  by Mattel, in breach of their duties to Mattel.  That could lead to admissible evidence
18  of commercial bribery, among other things.  Date of first contact information could

19

20        [38]   Interrogatory No. 41 reads as follows:

21        IDENTIFY all PERSONS who at any time have been employed by or under
        contract with MATTEL who are now or have been employed by or under
22        contract with YOU since January 1, 1999, and, for each such PERSON, state
        his or her name, date of hire or effective date of contract, the date on which
23        YOU first had contact with such PERSON regarding potential employment or
        contracting, the date(s) on which such PERSON was interviewed for possible
24        employment or contracting, each title (if any) such PERSON has held while
        employed by or under contract with YOU, and the date of termination (if
25        applicable).

26  Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, March 3
    Proctor Dec., Exh. 1.
27     [39]   February 15 Order, at p. 10.
       [40]   Id. at p. 11.
28     [41]   See Mattel, Inc.'s Second Amended Answer in Case No. 05-2727 and
    Counterclaims, dated July 12, 2007, December 20 Proctor Dec., Exh. 41.

EXHIBIT _____ 6

PAGE _____ 133

1    also show when MGA first had access to sensitive Mattel trade secret information in

2    the possession of those Mattel employees who left for MGA. That showing is critical

3    because, as the Court has previously observed, one of Mattel's defenses and responses

4    to MGA's erroneous infringement and copying contentions is that MGA stole its

5    "innovations" from Mattel.[42] Mattel is entitled to learn precisely when MGA first

6    contacted the employees it poached from Mattel to discover when it first had access

7    to Mattel's information.

8        The Discovery Master's finding that "the burden of producing such information

9    outweighs its likely benefit"[43] is not supported by the record. MGA made no

10    showing before the Discovery Master that providing the date of first contact would

11    pose any burden at all.[44] Even were MGA able to show a burden, the critical

12    information sought and the amount in controversy clearly justifies any work

13    responding fully will require.  See, e.g., Fed R. Civ. P. 26(b)(2); In re Katrina Canal

14    Breaches Consolidated Litig., 2007 WL 1959193, at *6 (E.D. La. 2007) (overruling

15    "overly burdensome" objection and granting discovery request because "[a]lthough

16    the responsive materials are undoubtedly voluminous, considering the amount in

17    controversy, the parties' resources and the vital importance of these materials to the

18    litigation . . . the benefits of production outweigh the burden or expense of

19    production"); King v. Georgia Power Co., 50 F.R.D. 134, 136 (N.D. Ga. 1970)

20    (overruling defendant's objection that interrogatory was burdensome and oppressive,

21    even though preparation of answer would be time-consuming and costly, because

22    information was crucial to the issues of the suit and in exclusive custody of

23    defendant); Seff v. General Outdoor Advertising Co., 11 F.R.D. 597, 598 (N.D. Ohio

24    1951) (overruling "overly burdensome" objection because value of information to

25

26    [42] Order Regarding Mattel's Motion for Leave to Amend, dated January 12, 2007, at pp. 19-20, December 20 Proctor Dec., Exh. 57.

27    [43] February 15 Order, at p. 11.
     [44] MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel

28    Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated December 31, 2007, at pp. 31-33, Notice of Lodging, Exh. 10.

07209/2420393.1

-16-

EXHIBIT _____6_____

PAGE _____134_____

1  plaintiff clearly outweighed any annoyance or expense involved in disclosure by

2  defendant).

3  **IV.   THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY**

4  **NO. 46 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW**

5  The Discovery Master's denial of Mattel's motion to compel the MGA parties

6  to respond to Interrogatory No. 46 is also clearly erroneous or contrary to law.

7  Interrogatory No. 46 seeks the facts regarding MGA's dispute with its former counsel

8  related to this action.[45]  Those facts are not privileged and are reasonably likely to

9  lead to admissible evidence.

10  The Discovery Master found the interrogatory to be "overbroad in seeking

11  information about 'any and all disputes' with former counsel, regardless of whether

12  such disputes relate to a claim or defense in the case."[46]  Yet, Mattel limited the

13  interrogatory to disputes "relating to THIS ACTION."[47]  And, given the

14  circumstances surrounding the withdrawal of O'Melveny & Myers, MGA's former

15  counsel, it is reasonably likely that the dispute between MGA and its former counsel

16  was related to a claim or defense in this case.  In its application to the Court regarding

17  its withdrawal, the O'Melveny firm cited <u>California Rule of Professional Conduct</u> 3-

18

19

---

20  [45]   Interrogatory No. 46 reads as follows:

21  Without disclosing the content of communications which are protected by the
    attorney-client privilege, state fully and in detail all facts which REFER OR
22  RELATE TO any dispute relating to THIS ACTION between, on the one
    hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the other hand,
23  O'MELVENY and/or CHRISTENSEN, including but not limited to any and
    all disputes which were or have been asserted as a basis for, or which
24  underlie, contributed to or were a factor in, the withdrawal, termination and/or
    substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in
25  this ACTION, and IDENTIFY all PERSONS with knowledge of such facts
    and all DOCUMENTS that REFER OR RELATE TO such facts.

26  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec.,
    Exh. 3.
27  [46]
    [47]   February 15 Order, at p. 22.
28           Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor
    Dec., Exh. 3.

-17-

EXHIBIT _____ 6

PAGE _____ 135

1   700(c) as a basis for its withdrawal.[48]  Although it did not identify which of the

2   eleven prongs of that section applied, a number would relate directly to the claims

3   and defenses in this case.  As one example, if O'Melveny attempted to withdraw

4   because MGA was seeking "to pursue an illegal course of conduct" or "insist[ed] that

5   the members pursue a course of conduct that is illegal or that is prohibited under

6   these rules or the State Bar Act," such information would be both non-privileged and

7   highly relevant to Mattel's case.

8         The Discovery Master's finding that there "is no evidence . . . to substantiate"

9   that MGA's dispute with its counsel is relevant[49] puts the cart before the horse.

10  Mattel does not have substantial *evidence* of what the dispute was about because that

11  information is exclusively within MGA's possession.  But the information Mattel now

12  seeks will show this.  Mattel's interrogatory is certainly reasonably calculated to lead

13  to the discovery of admissible evidence, which is all that is required.  See Fed. R.

14  Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged,

15  that is relevant to the claim or defense of any party. . . .  Relevant information need

16  not be admissible at trial if the discovery appears reasonably calculated to lead to the

17  discovery of admissible evidence.").

18        The Discovery Master also found the interrogatory "objectionable because it

19  intrudes upon MGA's relationship with former counsel, and thus necessarily intrudes

20  upon the protections afforded by the attorney-client privilege and work product

21  doctrine."[50]  That ignores that Mattel limited the interrogatory solely to the

22  underlying facts and expressly requested a response that "[did not disclose] the

23  content of communications which are protected by the attorney-client privilege."[51]

24

25  [48]  *Ex Parte* Application of O'Melveny & Myers LLP for Order Shortening Time
    for Hearing its Motion to Withdraw and Requiring *In Camera* Inspection of
26  Supporting Documents, dated October 8, 2007, at p. 1, December 20 Proctor Dec.,
    Exh. 51.
27  [50]  February 20 Order, at p. 21.
    [50]  Id., at p. 22.
    [51]  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor
28  Dec., Exh. 3.

EXHIBIT _____ 6

PAGE _____ 136

1  Indeed, MGA has made public statements regarding some facts underlying its dispute

2  with its former counsel.[52] Therefore, non-privileged facts regarding the dispute

3  necessarily exist, or MGA has disclosed otherwise privileged information regarding

4  the dispute and thereby waived the privilege. In either case, Mattel is entitled to a

5  response detailing the facts of MGA's dispute with former counsel.

6  **V.   THE DISCOVERY MASTER'S ORDER AS TO INTERROGATORY**

7  **NOS. 48-50 IS CLEARLY ERRONEOUS OR CONTRARY TO LAW**

8       Interrogatory Nos. 48-50 ask MGA to identify (1) each trade dress that is

9  subject of MGA's claims, defenses or allegations, (2) each Mattel product that MGA

10  claims infringes that trade dress, and (3) all facts that support MGA's contention that

11  the trade dress that is the subject of its claims is protectible.[53] In response to these

12  requests, the MGA parties described only general categories of allegedly protected

13  trade dress and allegedly infringing products.[54] The MGA parties failed to identify

14  all the particular trade dress they claim is at issue or all the particular Mattel products

15

16  ────────────────────

17  [52] Article entitled Behind the Scenes, Bratz Doll Case Heats Up, published on
Law.com on November 11, 2007, December 20 Proctor Dec., Exh. 53.
[53] Interrogatory Nos. 48-50 read as follows:

18  

19  Interrogatory No. 48: Separately IDENTIFY each trade dress that YOU
contend MATTEL has copied, infringed or diluted or that is otherwise the
subject of YOUR claims, defenses or allegations in THIS ACTION.

20  Interrogatory No. 49: For each trade dress identified in response to
Interrogatory No. 48, separately and fully IDENTIFY each and every

21  MATTEL product, packaging or other matter that YOU contend copies,
infringes or dilutes such trade dress, including without limitation by describing

22  fully and separately, for each such MATTEL product, packaging or other
matter, each and every element of the claimed trade dress that YOU contend

23  MATTEL has copied, infringed or diluted.

24  Interrogatory No. 50: For each trade dress identified in response to
Interrogatory No. 48, separately and completely IDENTIFY all facts that

25  support YOUR contention that such trade dress is protectible, all
DOCUMENTS that REFER OR RELATE to the foregoing and all PERSONS

26  with knowledge of the foregoing.

27  Mattel's Seventh Set of Interrogatories, dated October 25, 2007, March 3 Proctor
Dec., Exh. 4.
[54] MGA Parties' Responses and Objections to Mattel's Seventh Set of

28  Interrogatories, December 20 Proctor Dec., Exhs. 20, 29-32.

EXHIBIT _____ 6

PAGE _____ 137

1   they claim infringe that trade dress.[55]   Indeed, recognizing this, MGA represented to

2   the Discovery Master that it would "supplement these responses in the course of

3   Phase 2 discovery."[56]   In spite of the admission that its responses were not complete,

4   the Discovery Master found the responses to be "in substantial compliance with Rule

5   33,"[57] effectively granting MGA license to sandbag Mattel with "new" infringement

6   contentions whenever it chooses.   That finding is clearly erroneous or contrary to law.

7   See, e.g., Schaap v. Executive Indus., Inc., 130 F.R.D. 384-88 (N.D. Ill. 1990)

8   (compelling responses to interrogatories seeking factual bases for contentions

9   because "for the litigation to proceed fairly and effectively, there must be mutual

10   access to all relevant facts.").

11         Without the identity of the specific trade dress MGA claims supports its

12   claims, Mattel cannot prepare its defense.   The same is true with the identity of the

13   specific Mattel products that MGA alleges infringe MGA's trade dress.   Mattel is

14   entitled to discovery of these MGA contentions.   MGA's responses describing its

15   contentions in general terms are insufficient.

16   **VI.   THE DISCOVERY MASTER'S ORDER AS TO BRYANT'S RESPONSE**

17         **TO INTERROGATORY NO. 47 IS CLEARLY ERRONEOUS OR**

18         **CONTRARY TO LAW**

19         The Discovery Master denied Mattel's motion to compel Carter Bryant to

20   provide responses to Interrogatory No. 47.   That interrogatory asks Bryant to identify

21   the sources of information from which he collected documents in this action that both

22   refer or relate to Bratz and refer or relate to the time period prior to February 28,

23   2001.[58]   It is undisputed that Interrogatory No. 47 seeks highly relevant information.

24

25   [55]   Id.
26   [56]   MGA Entertainment, Inc.'s Opposition to Mattel, Inc.'s Motion to Compel
     Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated
     December 31, 2007, at p. 30, Notice of Lodging, Exh. 10.
27   [57]   February 15 Order, at p. 13.
     [58]   Interrogatory No. 47 reads as follows:
28
     (footnote continued)

07209/2420393.1
                                          -20-

EXHIBIT _____ 6

PAGE _____ 138

1    Indeed, the Discovery Master compelled the MGA parties to provide responses to the

2    same interrogatory, finding it "narrowly tailored to a key subject, namely early Bratz

3    documents and other information."[59]  For the same reason Bryant should be

4    compelled to produce further responses.  The Discovery Master's denial of Mattel's

5    motion to compel further responses is clearly erroneous or contrary to law.

6         The Discovery Master held that Bryant's supplemental response to

7    Interrogatory No. 47 is "in substantial compliance with Rule 33."[60]  The Discovery

8    Master specifically identified Bryant's provision of "responsive information about an

9    HP desktop computer and a Compaq Presario Laptop" and identification of "portions

10   of [Bryant's] testimony by page and line number where he discusses the use of a

11   computer at his parents' home and his occasional use of Elise Cloonan's computer" as

12   a sufficient response.[61]  However, that information was responsive to Interrogatory

13   No. 40, which asked for the identity of every storage device used by Bryant that

14   contained information related to Bratz prior to January 1, 2002.[62]  The Discovery

15   Master's written Order does not address why Bryant's response to Interrogatory No.

16   47 is purportedly proper.[63]

17        It is not.  Bryant's response merely provides generalized information regarding

18   where he looked for information.  He does not identify the source of information for

19   any particular documents and does not identify, for example, which sources he

20

21

22   IDENTIFY each and every SOURCE OF INFORMATION from which YOU
     have COLLECTED DOCUMENTS in THIS ACTION that REFER OR
23   RELATE TO BRATZ and that also REFER OR RELATE TO the time period
     prior to February 28, 2001 (regardless of when such DOCUMENT was, in
24   whole or part, created, drafted, generated, sent, received or transmitted).

25   [59]  Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec.,
     Exh. 3.
26   [60]  February 15 Order, at p. 20.
     [61]  February 20 Order, at p. 7.
27   [62]  Id.
         Mattel's Revised Third Set of Interrogatories, dated September 21, 2007,
     March 3 Proctor Dec., Exh. 1.
28   [63]  February 20 Order, at p. 7.

EXHIBIT _____ 6

PAGE _____ 139

1   searched for early Bratz documents but did not find any.[64]  His responses therefore do

2   not allow Mattel to test the sufficiency of Bryant's searches and production, which is

3   the point of the interrogatory.  By identifying the source of this information, Mattel

4   will be able to discover what sources Bryant has examined to produce the key

5   documents in this case, and perhaps more important, the sources Bryant has *not*

6   examined.

7        That discovery is particularly important here, because Bryant has repeatedly

8   misrepresented his efforts to collect documents from his computers and there is

9   substantial evidence of spoliation.[65]  For example, early in this litigation Bryant and

10  his counsel repeatedly represented that Bryant had possession of a single desktop

11  computer that he had purchased the day after he resigned from Mattel.  Bryant

12  claimed to have searched for responsive documents on that desktop and said there

13  were none.[66]  After Mattel finally obtained access to that desktop, however, it learned

14  Bryant ran a program called "Evidence Eliminatory" on the drive.[67]  Years later

15  Bryant admitted to having imaged the hard drive of a laptop computer early in the

16  case as well.[68]  When Mattel finally received the hard drive of Bryant's laptop, Mattel

17  learned that "Evidence Eliminator" had been run on it both two days before it was

18  imaged by Bryant's counsel and on the same day its was imaged by Bryant's counsel,

19

20

21

22  _____
    [64]   Bryant's Second Supplemental Responses and Objections to Mattel's Revised
23  Third Set of Interrogatories, dated January 28, 2008, March 3 Proctor Dec., Exh. 5.
         [65]   See, e.g., Mattel's Motion Objecting to Portions of Discovery Master's
24  December 31, 2007 Order Regarding Hard Drives, dated January 16, 2008, at pp. 2-6,
    March 3 Proctor Dec., Exh. 17.
25       [66]   See, e.g., Letter from Jacoby to Quinn, dated November 1, 2004, at p. 2,
    attached as Exhibit 1 to the Declaration of Scott B. Kidman, dated January 16, 2007,
26  March 3 Proctor Dec., Exh. 18 ("Kidman Dec.").
         [67]   See Forensic Analysis Report No. 2 by Mark Menz, dated February 10, 2008,
    March 3 Proctor Dec., Exh. 21.
27       [68]   Letter from Zeller to Wickham, dated April 6, 2007, Kidman Dec., Exh. 15.

28

07209/2420393.1
                                           -22-

EXHIBIT ____6____

PAGE ____140____

1  after this lawsuit was filed.[69]  "Evidence Eliminator" deleted more than 9,400 files

2  from Bryant's laptop the first time it was run alone.[70]

3         Given this history, it is particularly important that Mattel obtain detailed

4  information regarding where Bryant searched for key documents, and where they

5  could and could not be found, not simply the general, incomplete descriptions he has

6  provided.  The Discovery Master's ruling denying Mattel further information is

7  clearly erroneous or contrary to law.

8  **VII.  THE DISCOVERY MASTER'S ORDERS ARE CLEARLY**

9  **ERRONEOUS OR CONTRARY TO LAW BECAUSE THEY DO NOT**

10  **REQUIRE DEFENDANTS TO SPECIFICALLY IDENTIFY**

11  **DOCUMENTS**

12         Nearly all the interrogatories at issue in Mattel's motions to compel seek the

13  identification of documents relating to the particular interrogatory.[71]  Mattel's

14  interrogatories define "IDENTIFY" with respect to documents as "to describe each

15  DOCUMENT by Bates number."[72]  Defendants' responses fail to do so.

16         In its papers before the Discovery Master and at the hearing on its motions to

17  compel, Mattel raised Defendants' failure to identify specific documents in response

18  to any of the interrogatories at issue.[73]  Although the Discovery Master's Orders

19

20

21

22  [69]  See Forensic Analysis Report No. 1 by Mark Menz, dated February 10, 2008, March 3 Proctor Dec., Exh. 20.

23  [70]  Forensic Analysis Report No. 1 by Mark Menz, dated February 10, 2008, March 3 Proctor Dec., Exh. 20.

24  [71]  See Interrogatory Nos. 27-38, 42, 46-47 and 50; Mattel's Revised Third Set of Interrogatories, dated September 21, 2007, March 3 Proctor Dec., Exh. 1; Mattel's Amended Fourth Set of Interrogatories, dated October 23, 2007, March 3 Proctor

25  Dec., Exh. 2; Mattel's Fifth Set of Interrogatories, dated October 19, 2007, March 3 Proctor Dec., Exh. 3; Mattel's Seventh Set of Interrogatories, dated October 25, 2007, March 3 Proctor Dec., Exh. 4.

26  [72]  Id.

27  [73]  See, e.g., Mattel, Inc.'s Motion to Compel Responses to Interrogatories (Nos. 27-44 and 46-50) by the MGA Parties, dated December 20, 2007, at p. 17, Notice of Lodging, Exh. 3; February 11, 2008 Hearing Transcript, at 31:14-18, March 3 Proctor

28  Dec., Exh. 10.

EXHIBIT ___6___

PAGE ___141___

1  acknowledge that Mattel raised the issue, the Orders do not compel Defendants to
2  specifically identify documents and do not otherwise address the subject.[74]

3      As the Discovery Master has previously held, interrogatory responses must
4  identify any referenced documents specifically and in detail, either by Bates numbers
5  or through a sufficiently detailed description that allows the interrogating party to
6  ascertain which specific documents are being referenced.  Order Granting Mattel's
7  Motion to Compel Response to Interrogatory No. 1, dated April 17, 2007 at p. 6,
8  March 3 Proctor Dec., Exh. 22 ("MGA is required, but has failed, to provide
9  sufficient detail to permit Mattel to locate and to identify, as readily as can MGA, the
10 records from which the answers may be ascertained. . . To comply with Rule 33(d),
11 Fed.R.Civ.P., MGA should, if possible, provide Bates numbers for the invoices")
12 (citing Ultratech, Inc. v. Tamarach Scientific Co., 2005 WL 40074 (N.D. Cal. Jan 05,
13 2005) (No. C 03-3235 CRB JL)); see also Ukiah Automotive Investments v.
14 Mitsubishi Motors of North America, 2006 WL 1348562 at *1 (N.D. Cal. May 17,
15 2006) (plaintiff's response to interrogatory, which requested identification of all
16 documents that support plaintiff's calculation of damages, was insufficient where
17 plaintiff merely referenced its financial statements and records and did not identify
18 the documents by Bates-number or file number); Clean Earth Remediation and Const.
19 Serv's, Inc. v. American Intern, 245 F.R.D. 137, 140 (S.D.N.Y. 2007) (plaintiff's
20 interrogatory response which referenced "correspondence demonstrating same in the
21 form of numerous letters and e-mails between and among [plaintiff] and Defendants"
22 did not adequately identify the documents and required supplemental response);
23 Miller v. Federal Express Corp., 186 F.R.D. 376, 385 (W.D. Tenn. 1999) ("[t]he
24 responding party must specify the documents from which the answer may be derived
25 with sufficient detail to permit the requesting party to locate it"); VNA Plus, Inc. v.
26 Apria Healthcare Group, Inc., 1999 WL 386949, at *5 (D. Kan 1999) (party may not

27

28   [74]   February 15 Order, at p. 4.

-24-

MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND FEBRUARY 20, 2008 ORDERS

EXHIBIT ___ 6

PAGE ___ 142

1   "simply refer generically" to documents produced in interrogatory response); <u>Johnson</u>

2   <u>v. Kraft Foods North America, Inc.</u>, 236 F.R.D. 535, 545 (D. Kan. 2006) ("A party

3   may answer an interrogatory by referring another party to documents attached to the

4   responsive pleadings or to documents previously produced or disclosed. With that

5   said, the reference shall be in sufficient detail to permit the interrogating party to

6   locate and to identify, as readily as can the party served, the records from which the

7   answer may be ascertained.").

8          Consistent with the Discovery Master's previous ruling and the law cited by the

9   Discovery Master, the MGA parties and Bryant should be required to identify

10  documents with sufficient particularity. Specifically, MGA should be required to

11  specifically identify documents in response to Interrogatory Nos. 27-38, 46-47 and

12  50, and Bryant should be required to specifically identify documents in response to

13  Interrogatory Nos. 27-33, 36-38, 42 and 47. The Discovery Master's ruling that

14  Defendants need not do so is contrary to law.

15                                  **Conclusion**

16         For the foregoing reasons, Mattel respectfully requests that the Discovery

17  Master's February 15, 2008 and February 20, 2008 Orders be overruled and that (1)

18  the MGA parties be ordered to provide full and complete responses to Interrogatory

19  Nos. 27-29, 39, 41, 46 and 48-50, (2) Carter Bryant be ordered to provide full and

20  complete responses to Interrogatory Nos. 27-29, 39 and 47, (3) the MGA parties be

21  ordered to identify documents with specificity (including by Bates number) in

22  response to Interrogatory Nos. 27-38, 46-47 and 50, and (4) Carter Bryant be ordered

23  to identify documents with specificity (including by Bates number) in response to

24  Interrogatory Nos. 27-33, 36-38, 42 and 47.

25  DATED:  March 3, 2008          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
26

27                                 By /s/ B. Dylan Proctor
28                                    B. Dylan Proctor
                                      Attorneys for Mattel, Inc.
07209/2420393.1                              -25-
                MATTEL'S MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S FEBRUARY 15, 2008 AND
                                                              FEBRUARY 20, 2008 ORDERS

EXHIBIT_____6

PAGE_____143

# EXHIBIT 7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA 92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.   CV 04-09049 SGL(RNBx)                    Date: March 31, 2008
Title:     CARTER BRYANT -v- MATTEL, INC.
           AND CONSOLIDATED ACTIONS
========================================================================

PRESENT:   HONORABLE STEPHEN G. LARSON, UNITED STATES DISTRICT JUDGE

          Jim Holmes                         Theresa Lanza
          Courtroom Deputy Clerk             Court Reporter

ATTORNEYS PRESENT FOR CARTER          ATTORNEYS PRESENT FOR MATTEL:
BRYANT: Matthew M. Werdegar           Jon D. Corey

ATTORNEYS PRESENT FOR MGA:
Thomas J. Nolan

PROCEEDINGS:   **ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION
               (DOCKET #2386) FOR REVIEW OF DISCOVERY MASTER'S FEBRUARY
               15, 2008, AND FEBRUARY 20, 2008, ORDERS**

               **ORDER RE USE OF "ATTORNEY EYES ONLY" DOCUMENTS IN
               SETTLEMENT DISCUSSIONS**

               **ORDER RE UNDER SEAL DOCUMENTS**

EXHIBIT _____ 7

PAGE _____ 144

## I. Discovery Motion

The Court **GRANTS IN PART AND DENIES IN PART** Mattel's Motion Objecting to Portions of the Discovery Master's February 15 and February 20 Orders.

As to Interrogatories 27-29, the Court leaves undisturbed the Discovery Master's findings regarding burdensomeness. The Court notes, however, that the Discovery Master's conclusion that the interrogatories are overly broad appears to have been based on an erroneous standard of relevancy. By requiring that Mattel "show[] how each and every concept embedded in its multi-faceted definition of 'Bratz invention' is relevant to interpreting the term 'invention' for purposes of enforcing the 'Employee Confidential Information and Inventions Agreement' signed by Bryant," the Discovery Master appears to have applied a higher standard of relevancy than that which should be applied in discovery.  See Fed. R. Civ. P. 26(b)(1) (setting forth the discovery relevancy standard). The parties' competing legal arguments regarding the proper interpretation of the Inventions Agreement are yet to be resolved and therefore should not be used to limit discovery on relevant issues.

However, the Court also recognizes that, as the Discovery Master accurately found, responding to these interrogatories is no small undertaking. The interrogatories ask for identification of all Bratz inventions in three different distinct periods of time. The interrogatories themselves broadly define their relevant terms. The interrogatories are made no less burdensome by the requirement that the responding party "identify all personal with knowledge" and identify "all documents which refer or relate to" such facts.

Mattel's offer to limit these interrogatories to alleviate the attendant burden comes too late in the process to be given serious consideration by the Court; the Court's duty at this juncture is to determine whether the Discovery Master's ruling on the interrogatories -- as propounded -- is clearly erroneous or contrary to law.

In the Court's view, the Discovery Master underestimated the weight on the Rule 26(b)(2)(C)(iii) "benefit" side of the scale by applying an inappropriate relevancy standard, but he nevertheless correctly determined that the "burden" side of the scale bears a heavy load. After a re-evaluation by the Court of the benefit of the discovery sought under the discovery relevance standard, seeking to strike the required balance, the Court is led to the same conclusion as was the Discovery Master, and thus finds that the ruling on Interrogatories 27-29 was neither clearly erroneous nor contrary to law.

In light of the financial discovery already produced in these consolidated actions, the Discovery Master's ruling that Interrogatory 39 is cumulative is neither clearly erroneous nor contrary to law.

As to Interrogatory 41, in light of the possibility that casual interactions between MGA and Mattel employees may have constituted "first contact" between former Mattel employees and MGA, the Discovery Master's ruling, which sought to strike a balance between the burden and likely

EXHIBIT ____7____

PAGE ____145____

benefit of such discovery, is neither clearly erroneous nor contrary to law.

The Discovery Master's ruling regarding interrogatory 46 is neither clearly erroneous nor contrary to law. With that interrogatory, Mattel seeks discovery regarding MGA's dispute with its former counsel related to this action. Mattel's supposition that such discovery may prove to be relevant is, as counsel conceded at oral argument, speculation.

The Court reserves ruling on Interrogatories 48-50, regarding MGA's trade dress claims against Mattel. As recognized by the parties, this is a Phase 2 issue, and the Court denies this part of Mattel's motion without prejudice. Mattel may raise the issue again at an appropriate time after the Court lifts the stay on Phase 2 discovery.

Based on the discovery provided by Carter Bryant, the Discovery Master concluded that Carter Bryant was in substantial compliance with Interrogatory 47. Upon review, the Court is unable to conclude that the Discovery Master's ruling on this issue is clearly erroneous or contrary to law.

The Court **GRANTS** Mattel's motion as to one issue: That MGA be required to identify documents by Bates number. The Court recognizes that this imposes a significant burden, but in striking the balance between burden and benefit, the Court considers, *inter alia*, "the needs of the case." Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, identification by Bates number the documents in response to any party's contention interrogatory is imperative to narrowing the potential for dispute between the parties at trial as to whether a particular document falls into those "identified" in response to a given contention interrogatory. Accordingly, the Court **GRANTS** Mattel's motion on this limited issue. The remainder of Mattel's motion is **DENIED**.

## II. Use of "Attorney Eyes Only" Documents in Mediation

At the request of the Settlement Officer, the Court invited the parties' comments regarding the use of "Attorney Eyes Only" documents during settlement conference. The Court has reviewed the position statements, and makes the following ruling:

With the exception of forward-looking documents (including documents related to future product development, future marketing strategies, and financial projections) and documents related to Isaac Larian's personal family finances, the Settlement Officer shall have the discretion to use documents previously designated as "Confidential" and/or "Attorney Eyes Only" to further settlement discussions. Absent further Order of the Court, anyone participating in settlement discussions with the Settlement Officer are prohibited from taking notes regarding such documents or removing such documents, in any form, from any settlement discussions, or otherwise disclosing the contents of such documents outside the settlement discussions.

The Settlement Officer shall provide all participants of settlement discussions with notice of this order. A failure to comply with this Order shall be punishable as contempt of court.

EXHIBIT _____ 7
PAGE _____ 146

### III. Under Seal Filings

As the Court has noted on a number of occasions, an inordinate amount of documents have been filed under seal in this case.  It is the Court's intention, consistent with its duties under the First Amendment, to order that the entire record in this case be unsealed, subject only to certain exceptions identified by the parties and supported by a showing of good cause.

The parties are ordered to prepare a joint report identifying all documents within the Court record that any party contends should remain under seal following the hearing on the parties' motions for partial summary judgment.  The report shall set forth all parties' respective positions regarding all identified documents and shall itself be filed under seal no later than April 18, 2008.

Should the Court order that any document remain under seal, in order to prevent inadvertent disclosure, the party requesting that the document remain sealed will be required to file a notice that provides to the Court all locations of such document in the Court's record by providing the date of filing, the docket number of the filing, any relevant exhibit number, and any relevant page number(s).

**IT IS SO ORDERED.**

EXHIBIT ___7___

PAGE ___147___

## NOTICE PARTY SERVICE LIST

**Case No.**   CV 04-09049 SGL(RNBx)   **Case Title**  Carter Bryant v. Mattel, Inc.

**Title of Document**   Minute Order of March 31, 2008

| | |
|---|---|
| | Atty Sttlmnt Officer Panel Coordinator |
| | BAP (Bankruptcy Appellate Panel) |
| | Beck, Michael J (Clerk, MDL Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Catterson, Cathy (9th Circuit Court of Appeal) |
| | Chief Deputy Admin |
| | Chief Deputy Ops |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep In Chg E Div |
| | Dep In Chg So  Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Schnack, Randall (CJA Supervising Attorney) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division -L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division -L.A. |
| | US Attorneys Office - Criminal Division -S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service -  Riverside (USMED) |
| | US Marshal Service -Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| ✓ | ***ADD NEW NOTICE PARTY*** (if sending by fax, mailing address must also be provided) |
|---|---|

Name: Ambassador Pierre-Richard Prosper

Firm:

Address (include suite or floor):  P.O. Box 581103

Salt Lake City, UT  84158

*E-mail: Prosper.Pierre@Arentfox.com

*Fax No.:

\* For CIVIL cases only.

| ***JUDGE / MAGISTRATE JUDGE (list below):*** |
|---|
| |
| |
| |
| |

**Initials of Deputy Clerk** jh

NOTICE PARTY SERVICE LIST

EXHIBIT _____ 7

PAGE _____ 148

# EXHIBIT 8

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
John B. Quinn (Bar No. 090378)
johnquinn@quinnemanuel.com
Michael T. Zeller (Bar No. 196417)
(michaelzeller@quinnemanuel.com)
Jon D. Corey (Bar No. 185066)
(joncorey@quinnemanuel.com)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CARTER BRYANT, an individual, | CASE NO. CV 04-9049 SGL (RNBx) |
| Plaintiff, | Consolidated with<br>Case No. CV 04-09039<br>Case No. CV 05-02727 |
| vs. | |
| MATTEL, INC., a Delaware corporation, | MATTEL, INC.'S NOTICE OF RENEWED MOTION AND RENEWED MOTION OBJECTING TO PORTIONS OF DISCOVERY MASTER'S (1) FEBRUARY 15, 2008 ORDER REGARDING MATTEL'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES BY THE MGA PARTIES |
| Defendant. | |
| AND CONSOLIDATED ACTIONS | |
| | [Notice of Lodging to be filed on or before March 9, 2009] |
| | Date:   March 23, 2009<br>Time:   10:00 a.m.<br>Place:  Courtroom 1 |
| | **Phase 2**<br>Pre-Trial Conference:   Not Set<br>Trial Date:                   Not Set |

EXHIBIT 8
PAGE 149

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2      PLEASE TAKE NOTICE that on March 23, 2009, at 10:00 a.m., or as soon

3  thereafter as counsel may be heard, in the Courtroom of The Honorable Stephen G.

4  Larson, located at 3470 Twelfth Street, Riverside, California 92501, plaintiff and

5  counter-defendant Mattel, Inc. ("Mattel") will, and hereby does, make a renewed

6  motion for the Court to overrule portions of the Discovery Master's February 15,

7  2008 Order Granting in Part and Denying in Part Mattel's Motion to Compel

8  Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties.

9      This Motion is made pursuant to <u>Federal Rules of Civil Procedure</u> 72(a) and

10  pursuant to the Court's Order Granting In Part and Denying In Part Mattel's Motion

11  for Review of Discovery Master's February 15, 2008, and February 20, 2008 Orders.

12  By Motion dated March 3, 2008, Mattel timely objected to the Discovery Master's

13  February 15, 2008 Order, in part.  Because the Court had stayed Phase 2 discovery

14  at that time, the Court declined to rule on the portion of Mattel's Motion as it related

15  to Interrogatory Nos. 48-50 regarding MGA's trade dress claims against Mattel.  The

16  Court granted Mattel leave to re-raise the issue with the Court.  <u>See</u> March 31, 2008

17  Order at 3 ("The Court reserves ruling on Interrogatories 48-50, regarding MGA's

18  trade dress claims against Mattel.  As recognized by the Parties, this is a Phase 2

19  issue, and the Court denies this part of Mattel's motion without prejudice.  Mattel

20  may raise the issue again at an appropriate time after the Court lifts the stay on

21  Phase 2 discovery.").

22      In light of the Court's decision to lift Phase 2 discovery, Mattel renews its

23  motion objecting to the February 15, 2008 order as it relates to Interrogatory Nos.

24  48-50 on the grounds that the Discovery Master's Orders were clearly erroneous and

25  contrary to law.

26      This Motion is based on:

27   •  this Notice of Motion and Motion,

28

EXHIBIT 8

PAGE 150

07975/2766292.1

1    • the previously filed Memorandum of Points and Authorities dated March 3,
2        2008, Part V (Docket No. 2386);

3    • the March 3, 2008 Declaration of B. Dylan Proctor In Support of Mattel, Inc.'s
4        Motion Objecting to Portions of Discovery Master's (1) February 15, 2008
5        Order Regarding Mattel's Motion to Compel Responses to Interrogatories by
6        the MGA Parties; and (2) February 20, 2008 Order Regarding Mattel's Motion
7        to Compel Responses to Interrogatories by Carter Bryant (Docket Nos. 2528-
8        2529);

9    • Mattel, Inc.'s Notice Of Lodging In Support Of Motion Objecting To Portions
10       Of Discovery Master's (1) February 15, 2008 Order Regarding Mattel's
11       Motion To Compel Response To Interrogatories By The MGA Parties; And
12       (2) February 20, 2008 Order Regarding Mattel's Motion To Compel
13       Responses To Interrogatories By Carter Bryant (Docket Nos. 2561-2562 and
14       2565-2569) dated March 3, 2008;

15   • Mattel, Inc's Reply Memorandum Of Point And Authorities In Support Of
16       Motion Objecting To Portions Of Discovery Master's (1) February 15, 2008
17       Order Regarding Mattel's Motion To Compel Response To Interrogatories By
18       The MGA Parties; And (2) February 20,2008 Order Regarding Mattel 'S
19       Motion To Compel Responses To Interrogatories By Carter Bryant (Part V)
20       (Docket No. 2760-1) dated March 24, 2008); and

21   • Declaration Of Bernard B. Smyth In Support  Of Motion Objecting To
22       Portions Of Discovery Master's (1) February 15, 2008 Order Regarding
23       Mattel's Motion To Compel Response To Interrogatories By The MGA
24       Parties; And (2) February 20,2008 Order Regarding Mattel 'S Motion To
25       Compel Responses To Interrogatories By Carter Bryant dated March 24, 2008
26       (Docket No. 2760-2);

27   • and all other matters of which the Court may take judicial notice.

EXHIBIT 8
PAGE 151

1      For the convenience of the Court, Mattel has attached as Exhibit A to

2  this Notice a copy of the Court's March 31, 2008 Order.  For the further convenience

3  of the Court, Mattel identifies the following documents as those submitted by the

4  MGA Parties in opposition to the original motion:

5  • The MGA Parties' Opposition to Mattel, Inc.'s Motion Objecting to Portions

6      of Discovery Master's February 15, 2008 Order Regarding Mattel's Motion to

7      Compel Responses to Interrogatories by the MGA Parties, with Appendix 1,

8      dated March 17, 2008 (Docket Nos. 2685-1-2); and

9  • Declaration of Timothy Miller in Support of MGA Entertainments, Inc.'s

10     Opposition to Mattel, Inc.'s Motion Objecting to Portions of Discovery

11     Master's February 18, 2008 Order Regarding Mattel's Motion to Compel

12     Responses to Interrogatories by the MGA Parties dated March 17, 2008

13     (Docket No. 2685-3).

14     For the further convenience of the Court, Mattel will also lodge copies of the

15  relevant portions of papers filed in connection with Mattel's motion, which Mattel

16  hereby respectfully renews.

17                    **Statement of Rule 7-3 Compliance**

18     The parties met and conferred regarding this motion on February 26, 2008

19  and dates thereafter.

20

21  DATED:  January 20, 2009          QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
22

23

24                                    By /s/ Jon Corey
                                         Jon Corey
25                                       Attorneys for Mattel, Inc.

26

27

28

EXHIBIT __8__

PAGE __152__

-4-

# EXHIBIT A

EXHIBIT 8
PAGE 153

1   Hon. Edward A. Infante (Ret.)
    JAMS
2   Two Embarcadero Center
    Suite 1500
3   San Francisco, California  94111
    Telephone:     (415) 774-2611
4   Facsimile:     (415) 982-5287

5

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11

12  CARTER BRYANT, an individual,        | CASE NO. CV 04-09049 SGL (RNBx)
                                          | JAMS Reference No. 1100049530
13         Plaintiff,

14      v.                                | Consolidated with
                                          | Case No. CV 04-09059
15  MATTEL, INC., a Delaware corporation, | Case No. CV 05-2727

16         Defendant.                     | **ORDER GRANTING IN PART AND**
                                          | **DENYING IN PART MATTEL'S**
17                                        | **MOTION TO COMPEL RESPONSES**
                                          | **TO INTERROGATORY NOS. 27-44**
18                                        | **AND 46-50 BY THE MGA PARTIES**

19

20  CONSOLIDATED WITH
    MATTEL, INC. v. BRYANT and
21  MGA ENTERTAINMENT, INC. v. MATTEL,
    INC.

22                        I. INTRODUCTION

23        On December 20, 2007, Mattel, Inc. ("Mattel") submitted a Motion to Compel Responses

24  to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties.  MGA Entertainment, Inc., MGA

25  Entertainment (HK) Limited, MGAE De Mexico, S.R.L. De C.V., and Isaac Larian (collectively

26  referred to as "MGA parties") submitted an opposition on December 31, 2007.  Mattel submitted

27  a reply on January 7, 2008.  On February 8, 2008, the MGA parties submitted their second

28  Bryant v. Mattel, Inc.,
    CV-04-09049 SGL (RNBx)                                                          1

                              2·15·08

EXHIBIT __8__
PAGE __154__

1  supplemental responses and third supplemental responses to the interrogatories at issue.  The

2  matter was heard on February 11, 2008.

3  ## II. BACKGROUND

4      Mattel served its Revised Third Set of Interrogatories on the MGA parties on September

5  21, 2007, asking each of them the same fifteen questions (Nos. 27-41).  Mattel served its Fourth

6  Set of Interrogatories on the MGA parties on October 12, 2007, propounding four additional

7  interrogatories (Nos. 42-45).  Mattel served an Amended Fourth Set on October 23, 2007,

8  removing No. 45, but retaining Nos. 42-44.  Mattel served its Fifth Set of Interrogatories on

9  October 19, 2007, which consisted of two additional questions (Nos. 46-47).  On October 23,

10  2007, Mattel served its Sixth Set of Interrogatories, which consisted of Interrogatory No. 45 to

11  replace the previously withdrawn interrogatory.  On October 25, 2007, Mattel served its Seventh

12  Set of Interrogatories, which consisted of Nos. 48-50.

13      In November of 2007, the MGA parties served responses and objections to Mattel's

14  interrogatories, and in some instances supplemental responses.  For the most part, the answers of

15  each of the MGA parties are substantially similar.  However, in several instances where MGA

16  Entertainment, Inc. provides a response, either MGA Entertainment (HK), MGAE de Mexico

17  S.R.L. de C.V. and/or Larian do not, asserting that the interrogatory "appears directed at another

18  party."

19      The parties met and conferred on December 10 and 12, 2007 regarding the supplemental

20  responses.  The MGA parties offered to provide supplemental responses by January 7, 2008.

21  Mattel contends, however, that the scope of the MGA parties' proposed supplemental responses

22  was inadequate.  Therefore, Mattel filed the instant motion on December 20, 2007.[1]

23      Mattel contends that the interrogatories at issue seek information relevant to central issues

24  in the case, such as:  MGA's contentions regarding which Bratz inventions were created before,

25

26  _____

27  [1] One of the issues raised in the motions papers –whether the interrogatories exceed the 50 interrogatory
per side limit -- has been rendered moot by Judge Larson's Order Granting in Part and Denying in Part Mattel's
Motion for Leave to Take Additional Discovery, dated January 7, 2008.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

2

EXHIBIT  8
PAGE  155

1   during and after Carter Bryant's ("Bryant") employment with Mattel; the identity of electronic

2   storage devices MGA used prior to 2002 for digital information related to Bratz; the identity of

3   the sources of information from which MGA has collected documents in this litigation which

4   relate to Bratz and the time period prior to February 28, 2001; the facts allegedly supporting

5   MGA's contention that the Bratz dolls are not based on designs Bryant created while employed

6   by Mattel; MGA's contentions regarding Mattel's claims against MGA, Bryant and others,

7   including how Bryant's Inventions Agreement with Mattel and his assignment of rights to Bratz

8   inventions to MGA and services with or for MGA while employed by Mattel affect who owns the

9   rights to Bratz inventions, and the alleged basis for MGA's claims that it purportedly acted with

10  innocent intent; the identity of MGA's bank or financial accounts; the identity of former Mattel

11  employees that have been employed by MGA; non-privileged facts concerning the dispute

12  leading to the withdrawal of MGA's prior counsel that relate to MGA's handling of discovery in

13  this case; the facts supporting MGA's claims against Mattel, including MGA's contentions that

14  Mattel has copied, infringed or diluted MGA's trade dress; and the relevant dates regarding the

15  products MGA asserts MGA has copied or infringed.  Mattel's Motion at pp. 2-3.

16          Mattel contends that although it has received responses to all of the interrogatories except

17  Nos. 39, 46 and 47, all of the responses are deficient.  As an initial matter, Mattel contends that

18  the MGA parties' "boilerplate" objections – that the interrogatories are vague and ambiguous,

19  overbroad, unduly burdensome and oppressive, seek information not in the possession, custody or

20  control of MGA, seek information protected by the attorney-client privilege, work product or joint

21  defense privileges, and call for a legal conclusion – are without merit.  Mattel contends that the

22  MGA parties fail to specify how the questions are overbroad, unduly burdensome or oppressive.

23  Mattel also contends that its interrogatories do not require the disclosure of privileged information

24  or work product, but rather require the MGA parties to state their contentions about facts or the

25  application of law to facts.

26          Mattel further contends that some of the MGA parties' responses are deficient in that they

27  merely lay out the "basic facts" (instead of "all facts") on which they intend to rely, without any

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                                              3



EXHIBIT 8
PAGE 156

1    details. Mattel contends that its contention interrogatories, including the purportedly "negative"

2    interrogatories asking for every fact which supports the denial of a statement or allegation, are

3    commonly used and well accepted to elucidate facts regarding a party's contentions, absent a

4    showing of undue burden. Indeed, Mattel points to decisions by the district judge which it

5    contends supports its use of the contention interrogatories at issue. Mattel also points out that it

6    provided the MGA parties with the details supporting its contentions in a one hundred-ten page

7    supplemental interrogatory response, and contends that the MGA parties ought to provide

8    comparable details to Mattel.

9        Mattel also contends that the MGA parties have unilaterally limited many of their

10   responses by disregarding Mattel's definitions of terms and phrases used in the interrogatories.

11   Further, Mattel contends that the MGA parties have failed to identify with specificity documents

12   they intend to rely upon, as requested by some of the interrogatories.

13        Mattel acknowledges that fully responding to the interrogatories will require some effort.

14   However, Mattel contends that the interrogatories are not unduly burdensome in this high stakes

15   litigation. Mattel contends that its need to discover MGA's key contentions outweighs any effort

16   the MGA parties will be required to undertake to disclose the requested information.

17   Accordingly, Mattel seeks an order overruling all of the MGA parties' objections and compelling

18   the MGA parties to provide complete responses to Interrogatory Nos. 27-44 and 46-50.

19        The MGA parties contend that their current responses comply with Rule 33 of the Federal

20   Rules of Civil Procedure and that Mattel is not entitled to any additional information for a number

21   of reasons. The MGA parties raise four main arguments in opposition to Mattel's motion. First,

22   the MGA parties contend that Mattel is not entitled to information about MGA's substitution of

23   counsel because such information is protected by the attorney-client privilege or the work product

24   doctrine. Second, the MGA parties contend that Mattel is not entitled to the sweeping financial

25   data that has been requested. Third, the MGA parties contend that Mattel's contention

26   interrogatories contain misleading and unfair definitions and are unduly burdensome in that they

27   require a recitation of all facts supporting the MGA parties' contentions. Fourth, the MGA parties

28

EXHIBIT ___8___
PAGE ___157___

1  contend that Rule 33 does not require a response to a contention interrogatory to set forth more

2  than the principal factual and legal bases for the response.

3  ### III. STANDARDS

4  Rule 26 of the Federal Rules of Civil Procedure provides that "[p]arties may obtain

5  discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

6  party." Fed.R.Civ.P. 26(b)(1). Fishing expeditions to discover new claims, however, are not

7  permitted. See Fed.R.Civ.P. 26(b)(1); Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir.

8  2004) ("District courts need not condone the use of discovery to engage in 'fishing

9  expeditions.'"); Bernstein v. Travelers Ins. Co., 447 F.Supp.2d 1100, 1102 (N.D. Cal. 2006)

10 (citing Rule 26(b), Advisory Committee's Note to Amendments Effective December 1, 2000)

11 (Congress' changes in the language of Rule 26(c), substituting the words "claim or defense" for

12 the phrase "subject matter involved in the pending action," were intended to prevent discovery

13 that swept far beyond the claims and defenses of the parties and that seemed designed not to fairly

14 litigate the issues presented by the pleadings but to develop new claims or defenses.).

15 Further, pursuant to Rule 26(b)(2), Fed.R.Civ.P., the court shall limit the frequency or

16 extent of use of the discovery methods if the court determines that (i) the discovery sought is

17 unreasonably cumulative or duplicative, or is obtainable from some other source that is more

18 convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

19 opportunity by discovery in the action to obtain the information sought; or (iii) the burden or

20 expense of the proposed discovery outweighs its likely benefit, taking into account the needs of

21 the case, the amount in controversy, the parties' resources, the importance of the issues at stake in

22 the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

23 26(b)(2)(C).

24 Rule 33 of the Federal Rules of Civil Procedure allows a party to propound

25 interrogatories, for which the responding party is required to furnish such information as is

26 available to the party after conducting a reasonable inquiry. "Each interrogatory must, to the

27 extent it is not objected to, be answered separately and fully in writing under oath." Fed.R.Civ.P.

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

5



EXHIBIT 8
PAGE 158

1  33(b)(3).  "The grounds for objecting to an interrogatory must be stated with specificity."

2  Fed.R.Civ.P. 33(b)(4).

3  IV. DISCUSSION

4  A. Interrogatories About the Identity of Bratz Inventions (Nos. 27, 28 and 29)

5    Interrogatory Nos. 27-29 request information relating to Bratz inventions created during

6  three different time periods, namely before, during and after Bryant's employment with Mattel:

7    **Interrogatory No. 27:** IDENTIFY each and every BRATZ INVENTION YOU
   contend was CREATED, in whole or in part, prior to January 4, 1999, and for
8  each BRATZ INVENTION so identified state all FACTS that support YOUR
   contention that such BRATZ INVENTION (or aspects or portions thereof) was
9  CREATED prior to January 4, 1999, and IDENTIFY all PERSONS with
   knowledge of such facts and all DOCUMENTS which REFER OR RELATE TO
10  such facts.

11

12    **Interrogatory No. 28:** IDENTIFY each and every BRATZ INVENTION YOU
   contend was CREATED, in whole or in part, after October 19, 2000 and before
13  June 1, 2001, and for each BRATZ INVENTION so identified state all FACTS
   that support YOUR contention that such BRATZ INVENTION (or aspects or
14  portions thereof) was CREATED after October 19, 2000 and before June 1, 2001,
   and IDENTIFY all PERSONS with knowledge of such facts and all
15  DOCUMENTS which REFER OR RELATE TO such facts.

16

17    **Interrogatory No. 29:** IDENTIFY each and every BRATZ INVENTION that
   was CREATED, in whole or in part, after January 3, 1999 and before October 21,
18  2000, and for each BRATZ INVENTION so identified state all FACTS that
   REFER OR RELATE TO the timing of the creating of such BRATZ
19  INVENTION and IDENTIFY all PERSONS with knowledge of such facts and all
   DOCUMENTS which REFER OR RELATE TO such facts.

20

21  Mattel contends that these interrogatories seek information that is plainly relevant and

22  discoverable, and that the MGA parties do not contend otherwise.  Mattel further contends that

23  the partial response given using the MGA parties' definition, not Mattel's definition, of BRATZ

24  INVENTION is inadequate.  Mattel also contends that the MGA parties have failed to carry their

25  burden of showing that the interrogatories are burdensome or oppressive, particularly given the

26  importance of the information sought.  Mattel emphasizes that the information sought will prove

27  liability as to a number of its claims.  Moreover, Mattel contends that knowing which inventions

28
       6



EXHIBIT  8
PAGE  159

1   MGA claims were created before and just after Bryant's second period of employment at Mattel

2   is essential so that Mattel can avoid unfair surprise at trial and impeach the defendants'

3   chronology of Bratz design and development.

4          The MGA parties contend that Mattel is using misleading and unfair definitions to create

5   jury confusion.  In particular, the MGA parties object to Mattel's definition of "BRATZ

6   INVENTION," which they contend contains separate component parts ("representation, idea,

7   concept, work, process, procedure, plan, improvement, DESIGN or other development"), and

8   Mattel's definition of "DESIGN," which they contend adds at least another 21 elements ("all

9   works, designs, artwork, sketches, drawings, illustrations, representations, depictions, blueprints,

10  schematics, diagrams, images, sculptures, prototypes, models, samples, rotocasts, reductions to

11  practice, developments, inventions and/or improvements").  The MGA parties contend that

12  including all of these concepts in the definition "improperly conflates distinct issues of patent law,

13  copyright protection, trade secret law and the common law protecting original ideas, many of

14  which have no place in the ordinary usage of the term 'invention.'"  MGA Parties' Opposition at

15  2:11-13.  The MGA parties emphasize that these distinctions are important because Mattel lays

16  claim to Bratz under a January 4, 1999 "Employee Confidential Information and Inventions

17  Agreement."  Further, the MGA parties accuse Mattel of using the contention interrogatories to

18  elicit a misleading "sound bite" it can read to the jury to argue that the MGA parties concede that

19  Bryant "invented" Bratz while employed by Mattel.  The MGA parties contend that they have

20  provided adequate responses to the interrogatories using the common and ordinary meaning of the

21  term "invention," and should not be required to provide anything further.

22          Next, the MGA parties contend that they have given Mattel the principal factual and legal

23  bases for their contentions, and Rule 33 does not require them to provide anything further.  The

24  MGA parties contend that requiring a narrative response setting forth all evidence in support of

25  their contentions would render the interrogatories unduly burdensome and "inherently improper."

26  See e.g. Clean Earth Remediation & Constr. Servs. v. Am. Int'l Group, 245 F.R.D. 137, 141 (S.D.

27  N.Y. 2007) ("[A] number of cases have held that interrogatories seeking identification of all facts

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

7

EXHIBIT __8__
PAGE __160__

1   supporting a particular allegation are *inherently improper*.").

2       Mattel's motion to compel further responses to Interrogatory Nos. 27-29 is denied because

3   the interrogatories are overbroad and unduly burdensome.  The definition of "Bratz Invention" is

4   extremely broad, encompassing numerous intellectual property concepts.  Mattel has not shown

5   how each and every concept embedded in its multi-faceted definition of "Bratz Invention" is

6   relevant to interpreting the term "invention" for purposes of enforcing the "Employee

7   Confidential Information and Inventions Agreement," signed by Bryant.  The breadth and undue

8   burden of Interrogatory Nos. 27-29 are also compounded by the fact that Mattel is employing an

9   extremely broad definition of "Bratz Invention" in a contention interrogatory seeking all facts

10  supporting the MGA parties' contentions, the identities of all persons knowledgeable, and all

11  supporting documents.  Not all contention interrogatories requiring a recitation of all facts,

12  documents and witness are objectionable.  See e.g. Tatum v. Schwartz, 2007 WL 2220977 at *1

13  (E.D. Cal. Aug. 2, 2007) (noting that contention interrogatories can impose undue burdens, but

14  that "courts have otherwise approved of them when they are limited to discrete, narrow factual

15  events"); Roberts v. Heim, 130 F.R.D. 424, 427 (N.D. Cal. 1989) (recognizing a broad spectrum

16  of contention interrogatories, and noting that it is not possible to announce a hard and fast rule as

17  to the exact amount of detail a party has to supply in response to a contention interrogatory).  In

18  the instant case, however, Mattel's contention interrogatories would force the MGA parties to

19  review the nearly 4 million pages of documents produced in this action and more than 50 days of

20  deposition testimony in search of information relating to "any representation, idea, concept, work,

21  process, procedure, plan, improvement, design or other development" that refers or relates to

22  Bratz, including "all works, designs, artwork, sketches, drawings, illustrations, representations,

23  depictions, blueprints, schematics, diagrams, images, sculptures, prototypes, models, samples,

24  rotocasts, reductions to practice, developments, inventions and/or improvements" that refer or

25  relate to Bratz.  It is not the MGA parties' responsibility to re-write the interrogatories in a

26  manner that will yield Mattel the most amount of information to support Mattel's claims and

27  defenses.  On balance, the burden of responding further to Interrogatory Nos. 27-29, as written,

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

8

EXHIBIT 8
PAGE 161

1   outweighs the likely benefit of the interrogatories, taking into account the needs of the case, the

2   amount in controversy, the parties' resources, the importance of the issues at stake in the

3   litigation, and the importance of the proposed discovery in resolving the issues.

4          In any event, the MGA parties' responses are adequate under the circumstances.  Faced

5   with overbroad and unduly burdensome interrogatories, the MGA parties provide facts supporting

6   the contentions identified in the interrogatories, identify persons with knowledge of those facts,

7   and identify the principal documents or categories of documents that support each contention.

8   See e.g. Moses v. Halstead, 236 F.R.D. 667, 674 (D. Kan. 2006).  For example, in response to

9   Interrogatory No. 27, the MGA parties set forth their contention that the concept for a new line of

10  fashion dolls envisioned by Bryant in August and/or September of 1998 could not have been

11  patented as a utility patent because fashion dolls were in the public domain for the purposes of

12  utility patent protection.  However, the MGA parties contend that Bryant's idea of a line of

13  fashion dolls he called Bratz was sufficiently novel and original to be protected under California

14  law as a confidential novel idea under Desny v. Wilder, 46 Cal.2d 715 (1956) and its progeny.

15         The MGA parties' supplemental responses to Interrogatory No. 27 also include the MGA

16  parties' contention that Bryant's pre-1999 drawings were never reduced to practice; that design

17  patents are not available for drawings or two-dimensional flat art of the sort that Bryant sketched

18  in 1998; that Bryant was not a sculptor and any effort to translate his pre-1999 two-dimensional

19  flat art into a three-dimensional form for use as a fashion doll sculpt would have produced shapes

20  that were different from the actual shape of the final three-dimensional Bratz sculpt used in

21  manufacturing the first generation of Bratz dolls released on the market by MGA in or about June

22  2001; that the final physical shape of the first generation of Bratz dolls released on the market by

23  MGA in or about June 2001 was conceived by Margaret Leahy; and that Bryant's drawings used

24  standard fashion model poses, and thus were not novel or original.  Further, the MGA parties'

25  supplemental responses to Interrogatory No. 27 include the MGA parties' contention that the

26  drawings Bryant completed in August and September of 1998 contained original expression

27  covered by copyright, but that subsequent modifications and versions of the drawings made by

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)                                                                                9



EXHIBIT __8__
PAGE __162__

1   Bryant in 1999 and 2000 did not contain original expression. The MGA parties also identify

2   numerous individuals having knowledge of the facts supporting their contentions, and identify

3   documents that are relevant to the MGA parties' contentions.

4   B. Interrogatory About the Identity of Former Mattel Employees Hired by MGA (No. 41)

5         Interrogatory No. 41 asks the MGA parties to "IDENTIFY" all former Mattel employees

6   "who are now or have been employed" by MGA since January 1, 1999.  More specifically,

7   Interrogatory No. 41 asks the MGA parties to:

> IDENTIFY all PERSONS who at any time have been employed by or under
> contract with MATTEL who are now or have been employed by or under contract
> with YOU since January 1, 1999, and, for each such PERSON, state his or her
> name, date of hire or effective date of contract, the date on which YOU first had
> contact with such PERSON regarding potential employment or contracting, the
> date(s) on which such PERSON was interviewed for possible employment or
> contracting, each title (if any) such PERSON has held while employed by or
> under contract with YOU, and the date of termination (if applicable).

In their supplemental response, the MGA parties assert numerous objections, but also provide a

list of well over a hundred individuals with their position title and employment dates.

        Mattel contends that the MGA parties' response is incomplete because it does not contain

the date of first contact regarding potential employment or contracting, as well as the interview

date for potential employment or contracting.

        The MGA parties contend that during the meet and confer process, they agreed to

investigate whether the additional requested information was reasonably available.  The MGA

parties represent that they are in the process of looking for the requested information, and that

they will supplement their response if the information is reasonably available without undue

burden.

        Mattel's motion to compel a further response to Interrogatory No. 41 is granted in part.

The requested information is clearly relevant to Mattel's claims, and the MGA parties do not

contend otherwise.  In particular, the date of first contact, interview date, start date and end date

for Bryant's employment are highly relevant, but are conspicuously absent from the MGA

parties' response.  The MGA parties shall provide the missing information for Bryant.  In

EXHIBIT 8
PAGE 163

1    addition, the MGA parties shall provide the interview dates for each of the individuals identified

2    in their supplemental responses.  The interview dates are potentially relevant to Mattel's claim

3    that the MGA parties induced former Mattel employees to abscond with Mattel's trade secrets.

4    However, the MGA parties are not required to provide the date of first contact for each individual

5    because the burden of producing such information outweighs its likely benefit, taking into

6    account the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

7    C. Interrogatories re Allegedly Copied or Infringed Products (Nos. 43-44)

8         Interrogatory Nos. 43 and 44 request dates on which each "concept, design, product,

9    product packaging or other matter that YOU contend Mattel copied or infringed" was (1)

10   "conceived" and (2) "first fixed in any tangible medium of expression," and the identity of

11   persons with knowledge and documents that refer or relate to the foregoing.  In the responses, the

12   MGA parties state numerous objections, but also refer Mattel to MGA's response to Interrogatory

13   No. 3 of Mattel's First Set of Interrogatories re Claims of Unfair Competition.  The MGA parties

14   also respond that, in general, at MGA, product development is completed 7-8 months before the

15   first invoice date, although that time period could be reduced in certain situations to 5-6 months.

16        Mattel contends that the information it seeks is relevant to its defense against MGA's

17   claims that Mattel copied or infringed MGA's products.  One of Mattel's defenses is that "Mattel

18   was the one who came up with relevant matters first – before MGA – and that MGA was the one

19   who copied or stole from Mattel."  Mattel's Motion at p.23.  Mattel contends that the MGA

20   parties' responses to Interrogatory Nos. 43 and 44 are inadequate because the referenced

21   Interrogatory No. 3 requested different information, namely the dates on which the products were

22   first "disclosed to any PERSON not employed by MGA" and first "made available for sale."

23        In response to the instant motion to compel, the MGA parties represent that they are

24   assessing whether they can provide more specific information without undue hardship, and will

25   supplement their responses if such information is available.  MGA's Opposition at p.29.

26        Mattel's motion to compel further responses to Interrogatory Nos. 43 and 44 is granted.

27   The requested information is relevant to Mattel's defense against the MGA parties' claims that

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

11



EXHIBIT  8
PAGE  164

1    their products have been copied or infringed by certain Mattel products.  Although the MGA

2    parties served supplemental responses after filing their opposition brief, the supplemental

3    responses do not include the requested information.  The MGA parties have failed to establish

4    that the interrogatories are unduly burdensome.

5    D. Interrogatories About the Trade Dress MGA Claims Mattel Products Infringe (Nos. 48-50)

6        Interrogatory Nos. 48-50 are directed to the MGA parties' trade dress claims:

7        **Interrogatory No. 48:**  Separately IDENTIFY each trade dress that YOU
         contend MATTEL has copied, infringed or diluted or that is otherwise the
8        subject of YOUR claims, defenses or allegations in THIS ACTION.

9        **Interrogatory No. 49:**  For each trade dress identified in response to
         Interrogatory No. 48, separately and fully IDENTIFY each and every MATTEL
10       product, packaging or other matter that YOU contend copies, infringes or dilutes
         such trade dress, including without limitation by describing fully and separately,
11       for each such MATTEL product, packaging or other matter, each and every
         element of the claimed trade dress that YOU contend MATTEL has copied,
12       infringed or diluted.

13       **Interrogatory No. 50:**  For each trade dress identified in response to
         Interrogatory No. 48, separately and completely IDENTIFY all facts that support
14       YOUR contention that such trade dress is protectible, all DOCUMENTS that
         REFER OR RELATE to the foregoing and all PERSONS with knowledge of the
15       foregoing.

16       Mattel contends that these interrogatories seek core contentions underlying the MGA

17   parties' trade dress infringement claims and that the partial responses provided are inadequate

18   because they set forth only the "basic facts" without identifying a single product that MGA

19   alleges was infringed or any other details.  Mattel also contends that the responses are improper

20   insofar as the MGA parties state that their responses "may be incomplete" as the subject matter of

21   this interrogatory will be the source of expert testimony and an expert may identify additional

22   facts that support MGA's contentions.  Mattel contends that such a limitation would allow MGA

23   to sandbag Mattel by introducing new products into the litigation after fact discovery has closed.

24       As a preliminary matter, the MGA parties contend that Interrogatory Nos. 48-50 are

25   directed to a Phase 2 issue, and therefore, they reserve their right to supplement the responses in

26   Phase 2.  Nevertheless, the MGA parties contend that their responses provide Mattel with the

27   principal facts supporting their contentions in compliance with Rule 33.

28



EXHIBIT ___8___
PAGE ___165___

1   Mattel's motion to compel further responses to Interrogatory Nos. 48-50 is denied.  The

2   MGA parties are in substantial compliance with Rule 33, having identified numerous elements of

3   trade dress they contend Mattel has infringed.  More specifically, the MGA parties' responses

4   identify Mattel's "My Scene" fashion dolls and pet dolls as the Mattel products that infringe their

5   trade dress.  The MGA parties also set forth the principal facts supporting their contention that

6   their trade dress is protectible under the applicable trade dress legal principles, including that the

7   trade dress is aesthetic and non-functional, inherently distinctive, and has acquired secondary

8   meaning.  That the interrogatory responses include a reservation of rights to supplement during

9   expert discovery does not render the responses inherently improper or inadequate.  Mattel does

10  not contest that the identification of the elements and products subject to trade dress infringement

11  will be a subject of expert testimony.

12  E. Interrogatory About the Identity of MGA's Bank Accounts (No. 39)

13      Interrogatory No. 39 asks MGA to "IDENTIFY each and every bank or financial

14  institution account that REFERS OR RELATES TO YOU, including accounts in YOUR name or

15  for YOUR benefit, since January 1, 1999."  The MGA parties objected to this interrogatory as

16  seeking information "not relevant to the claims or defenses of any party to the action and not

17  reasonably calculated to lead to the discovery of admissible evidence.

18      Mattel contends that the information sought is discoverable because it may lead to direct

19  evidence of liability regarding Mattel's allegations of commercial bribery against MGA and

20  Larian.  More specifically, Mattel contends that the timing and amounts of payments made to

21  Bryant and to other then-Mattel employees from MGA's bank accounts would establish

22  commercial bribery and other tortious conduct.  Mattel also contends that the timing of such

23  payments would also be indicative of the timing of Bryant's first involvement with MGA.

24  Further, Mattel contends that the requested information is relevant to establish net worth for

25  purposes of calculating punitive damages.  Mattel also contends that the MGA parties' objection

26  based upon Rule 69(a), Fed.R.Civ.P., is without merit because the requested information is

27  independently relevant to many issues in the liability phase of trial, and is not just directed at

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

13

EXHIBIT ___8___
PAGE ___166___

1   seeking discovery in aid of a judgment or execution.

2        The MGA parties contend that Mattel is not entitled to the sweeping financial data sought

3   in Interrogatory No. 39. The MGA parties are particularly concerned that Mattel will use the

4   information it obtains pursuant to Interrogatory No. 39 to launch abusive third-party discovery for

5   even more private financial information. Further, the MGA parties contend that Mattel has

6   already received substantial financial information from MGA Entertainment, Inc. directly, and

7   has not shown how that information is insufficient. More specifically, the MGA parties point out

8   that Mattel already has audited and unaudited quarterly and annual profit and loss statements;

9   audited and unaudited quarterly and annual statements; annual reports; various MGA financial

10   reports; various financial documents relating to Veronica Marlow; documents showing royalty

11   payments to Bryant; documents showing MGA's sales, returns and costs of good sold for each

12   month, by SKU, since 2001; documents showing MGA's promotional advertising and media

13   expenditures, including MGA's internal allocation of those expenditures by brand and/or product;

14   documents showing MGA's amortization and depreciation of certain capital assets and

15   expenditures; documents showing MGA's monthly general ledger entries aggregated by account,

16   including income and expense accounts, reserves and liabilities; and documents sufficient to

17   explain MGA's various accounts as presently and historically maintained in MGA's books and

18   records, as well as various nomenclature assigned to items, products, brands, sub-brands, and

19   profit centers. MGA's Opposition at pp. 10-11. Further, the MGA parties contend that MGA's

20   witness, Lisa Tonnu, has testified regarding payments to Mr. Bryant.

21        Mattel's motion to compel a further response to Interrogatory No. 39 is denied on the

22   grounds that the financial information sought is cumulative of other discovery already sought and

23   obtained by Mattel, as outlined above by the MGA parties. Mattel has also sought and obtained

24   documents sufficient to identify each of Mr. Larian's bank accounts or financial institutions and

25   other banking relationships since January 1, 1999. See Order Granting in Part and Denying in

26   Part Mattel's Motion to Compel Production of Documents by Isaac Larian; Denying Request for

27   Sanctions (Document Request No. 207). Further, as Mattel acknowledges, Mattel has sought and

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

14


EXHIBIT 8
PAGE 167

1    obtained deposition testimony regarding payments to Mr. Larian, including the account to which

2    such payments were made. See Order Granting in Part and Denying in Part Mattel's Motion to

3    Compel MGA to Produce Witnesses Pursuant to Third Notice of Deposition Under Rule 30(b)(6).

4    In light of the financial information discovery Mattel has already obtained, Interrogatory No. 39 is

5    unjustified, taking into consideration all of the factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

6    F. Contention Interrogatories (Nos. 30-38 and 42)

7        Mattel served several contention interrogatories on several additional topics. The

8    remaining contention interrogatories at issue are set forth below.

9
10      **Interrogatory No. 30:** State all facts that support YOUR contention, if YOU so contend, that, assuming BRYANT assigned rights in any BRATZ INVENTION to MATTEL pursuant to the INVENTIONS AGREEMENT, MGA is entitled to priority over and/or has superior rights to MATTEL as to such BRATZ

11      INVENTION, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

12
13      **Interrogatory No. 31:** State all facts that support YOUR contention, if YOU so contend, that the INVENTIONS AGREEMENT is not valid and enforceable, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS

14      that REFER OR RELATE TO such facts.

15      **Interrogatory No. 32:** State all facts that support YOUR contention, if YOU so contend, that MATTEL is not or would not be entitled to injunctive relief as

16      requested in its COMPLAINT and/or COUNTERCLAIMS if it is not ultimately determined that MATTEL owns one or more BRATZ INVENTIONS, and

17      IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

18
19      **Interrogatory No. 33:** State all facts that support YOUR contention, if YOU so contend, that MATTEL is not entitled to an award of punitive or exemplary

20      damages against YOU, and IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

21      **Interrogatory No. 34:** State all facts that support YOUR contention, if YOU so contend, that YOU did not intentionally interfere with the INVENTIONS

22      AGREEMENT when BRYANT purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ, and IDENTIFY all PERSONS with knowledge

23      of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

24      **Interrogatory No. 35:** State all facts that support YOUR contention, if YOU so contend, that YOU did not aid or abet any breach of fiduciary duty or duty of

25      loyalty owed by BRYANT to MATTEL when BRYANT performed work or services with or for MGA while BRYANT was employed by MATTEL, and

26      IDENTIFY all PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR RELATE TO such facts.

27
28      **Interrogatory No. 36:** State all facts that support YOUR contention, if YOU so

EXHIBIT _8_
PAGE _168_

1    contend, that YOU acted with an innocent state of mind or reasonably believed
     that MATTEL did not own any rights in any BRATZ INVENTION when Bryant
2    purported to TRANSFER and MGA purported to ACQUIRE rights to BRATZ,
     and IDENTIFY all PERSONS with knowledge of such facts and all
3    DOCUMENTS that REFER OR RELATE TO such facts.

4    **Interrogatory No. 37:** State all facts that support YOUR contention, if YOU so
     contend, that BRYANT did not breach the INVENTIONS AGREEMENT when
5    BRYANT purported to TRANSFER right to BRATZ to MGA, and IDENTIFY
     all PERSONS with knowledge of such facts and all DOCUMENTS that REFER
6    OR RELATE TO such facts.

7    **Interrogatory No. 38:** State all facts that support YOUR contention, if YOU so
     contend, that BRYANT did not breach BRYANT's duty of loyalty or fiduciary
8    duties to MATTEL when BRYANT performed work or services with or for
     MGA while BRYANT was employed by MATTEL, and IDENTIFY all
9    PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
     RELATE TO such facts.

10
     **Interrogatory No. 42:** State all facts that support YOUR contention, if YOU so
11   contend, that any BRATZ DOLLS are not BASED ON BRATZ DESIGNS
     created by BRYANT on or before October 19, 2000, and IDENTIFY all
12   PERSONS with knowledge of such facts and all DOCUMENTS that REFER OR
     RELATE TO such facts.

13

14
     Mattel contends that each of these interrogatories seeks facts relating to key issues in this case,
15
     including MGA's contentions, if any, regarding the priority of Mattel's rights in Bratz vis-à-vis
16
     MGA; how Bryant's Inventions Agreement with Mattel, Bryant's assignment of rights to Bratz
17
     inventions to MGA, and Bryant's services with or for MGA while employed by Mattel affect who
18
     owns the rights to Bratz inventions; Mattel's alleged entitlement to punitive damages and other
19
     relief; MGA's purported innocent state of mind; MGA's alleged intentional interference with the
20
     Inventions Agreement; MGA's alleged aiding and abetting of Bryant's breach of fiduciary duty
21
     and duty of loyalty to Mattel; why the Bratz dolls purportedly are not based on designs Bryant
22
     created during his Mattel employment; and why the trade dress MGA contends Mattel infringed is
23
     protectible. Mattel contends that the MGA parties cannot show burden sufficient to outweigh
24
     Mattel's need for the information sought.
25
         In addition to the objections discussed in connection with Interrogatory Nos. 27-29, the
26
     MGA parties contend that they have given sufficient responses to Interrogatory Nos. 30 and 42.
27

28   Bryant v. Mattel, Inc.,                                                                    16
     CV-04-09049 SGL (RNBx)



EXHIBIT 8
PAGE 169

1  As for Interrogatory Nos. 31-38, the MGA parties contend that the interrogatories improperly
2  assume that Mattel owns Bryant's original idea for Bratz and ask the MGA parties to explain why
3  they should not be punished for developing Bryant's ideas. Nevertheless, the MGA parties
4  represent that they responded to the interrogatories in good faith by providing the principal facts
5  supporting their contentions, and therefore are in compliance with Rule 33.

6       Mattel's motion to compel a further response to Interrogatory No. 30 is denied. Like
7  Interrogatory Nos. 27-29, the definition of "Bratz Invention" in No. 30, combined with the
8  request for all facts, the identity of all persons and all supporting documents, render the
9  interrogatory overbroad and unduly burdensome. In any event, the MGA parties have provided a
10  reasonably sufficient response. The MGA parties' supplemental response includes their
11  contention that the "Inventions Agreement" did not apply to design patent rights. Further, the
12  MGA parties contend that (a) the pre-October 21, 2000 drawings of characters that Bryant named
13  Bratz were never reduced to practice; (b) under 35 U.S.C. §171, design patents are available for
14  three-dimensional objections, not drawings or two-dimensional flat art of the sort that Bryant
15  sketched in 1998; (c) Bryant was not a sculptor, and any direct translation of his pre-October 21,
16  2000 two-dimensional flat art into a three-dimensional form for use as a fashion doll sculpt would
17  have produced shapes that were different from the actual shape of the final three-dimensional
18  Bratz sculpt used in manufacturing the first generation of Bratz dolls released on the market by
19  MGA in or about June 2001; (d) the final physical shape of the first generation of Bratz dolls,
20  released on the market by MGA in or about June 2001 was "conceived of" and "reduced to
21  practice" by Margaret Leahy, working on behalf of MGA, after October 20, 2000 and before June
22  1, 2001, along with other MGA agents and employees; (e) Bryant's drawings used standard
23  fashion model poses, and thus were not novel or original; and (f) the "dummy" brought by Bryant
24  to his meeting with MGA on September 1, 2000, was merely an assemblage of random pre-
25  existing doll parts that was never intended to, and did not, provide an accurate representation of
26  what became the Bratz sculpt. Based on the foregoing, the MGA parties contend that, assuming
27  arguendo that both Bryant assigned his 1998 drawings to Mattel and that such drawings were the
28

EXHIBIT  8
PAGE  170

1    conception of what could have been developed into a tangible item that would have qualified for

2    protection under a design patent, such conception would not have covered the shape of the final

3    Bratz sculpt utilized in the first generation of Bratz dolls released to market in or about June 2001,

4    nor any subsequent three-dimensional Bratz shape.  The MGA parties' supplemental responses to

5    Interrogatory No. 30 also address copyright protection and trademark protection, and identify

6    persons with knowledge and documents relevant to the MGA parties' contentions.

7        Mattel's motion to compel further responses to Interrogatory Nos. 31-37 and 42 is denied.

8    The MGA parties are in substantial compliance with Rule 33, having set forth sufficient facts,

9    identified persons with knowledge, and identified documents to support their contentions.  To

10    require any further information would be unduly burdensome, taking into consideration all of the

11    factors set forth in Rule 26(b)(2)(C), Fed.R.Civ.P.

12        Mattel's motion to compel a further response to Interrogatory No. 38 is granted, however,

13    because the supplemental response does not identify supporting documents.

14    G. Interrogatories About MGA's Searches for Documents (40 and 47)

15        Mattel has propounded two interrogatories to the MGA parties about their searches for

16    documents and storage devices containing evidence of early work on Bratz:

17        **Interrogatory No. 40:**  IDENTIFY each and every STORAGE DEVICE that
18        YOU have used for any purpose which contains or contained DIGITAL
         INFORMATION that REFERS OR RELATES TO BRATZ and/or ANGEL prior
·19       to January 1, 2002.

20        **Interrogatory No. 47:**  IDENTIFY each and every SOURCE OF
         INFORMATION from which YOU have COLLECTED DOCUMENTS in THIS
21        ACTION that REFER OR RELATE TO BRATZ and that also REFER OR
         RELATE TO the time period prior to February 28, 2001 (regardless of when such
22        DOCUMENT was, in whole or part, created, drafted, generated, sent, received or
         transmitted).

23    In response to Interrogatory No. 40, the MGA parties described the computer systems that existed

24    worldwide at MGA prior to January 1, 2002.  The MGA parties did not provide any substantive

25    response to No. 47.

26        Mattel contends that the interrogatories are designed to test MGA's productions in this

27    litigation and obtain additional responsive documents and information.  Further, Mattel contends

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

18

EXHIBIT 8
PAGE 171



1  that there is legal precedent allowing access to a party's information storage systems where the

2  party is shown to have improperly withheld relevant documents or information.  Mattel contends

3  that Interrogatory No. 40 seeks legitimate discovery regarding the identification of MGA's

4  storage devices because Mattel may have a right to access such storage devices.  In particular,

5  Mattel contends that it is entitled to, but the MGA parties have failed to provide, an identification

6  of specific storage devices, the individuals who have used them, the persons who currently

7  possess them, and the dates on which they were destroyed or copied, if any.  Mattel contends that

8  the information requested in Interrogatory No. 40 is necessary to determine whether MGA has

9  withheld responsive documents and to enable Mattel to obtain such documents.

10        Similarly, Mattel contends that Interrogatory No. 47 seeks relevant information regarding

11  the sources of information – i.e. the media – from which the MGA parties have collected

12  documents relating to Bratz and the period prior to February 28, 2001.  Mattel contends that the

13  information it seeks will enable it to determine what sources the MGA parties have examined and

14  have not examined to produce documents in the case.

15        During the meet and confer process, the MGA parties proposed that the parties exchange

16  "source logs" regarding the entirety of their productions in lieu of MGA's responses to Nos. 40

17  and 47.  The "source logs" would provide each document's Bates number, the identity of the

18  individual associated with or who maintained the document and the location where the document

19  was found.  Mattel contends that the "source log" proposal is unnecessary because Mattel is only

20  seeking information about key early Bratz documents, not every document produced in the case.

21  Mattel also contends that the "source log" proposal is unacceptable because the "source log,"

22  would not reveal sources that contain early Bratz documents that MGA has not produced

23  documents from, or where MGA looked for documents, as well as where MGA failed to look.

24        The MGA parties contend that the interrogatories assume, without any factual support,

25  that the MGA parties are aware of the existence of Bratz documents on their computer systems

26  that relate to the time period prior to January 1, 2002, and have not produced those documents.

27  The MGA parties contend that Mattel's speculation is not a basis to compel further responses to

28

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

19



EXHIBIT  8
PAGE  172

1  Interrogatory Nos. 40 and 47.  The MGA parties emphasize that they have already produced more

2  than 3.7 million pages of documents, whereas Mattel has only produced a few hundred thousand

3  pages of documents.  Furthermore, the MGA parties contend that these interrogatories are

4  cumulative of deposition testimony Mattel has previously sought and obtained regarding the

5  collection of documents produced in this action.  The MGA parties also represent that they have

6  agreed to provide additional testimony on this topic.

7          Mattel's motion to compel further responses to Interrogatory Nos. 40 and 47 is granted.

8  The interrogatories seek relevant information about the identity of each storage device that

9  contains or contained information referring or relating to Bratz prior to January 1, 2002, and other

10  sources of information from which the MGA parties collected documents in this action that refer

11  or relate to Bratz and the time period prior to February 28, 2001.  The "source log" information is

12  not a reasonable substitute for the information requested in the interrogatories because it would

13  not necessarily identify all storage devices used by the MGA parties during the relevant period.

14  The interrogatories are narrowly tailored to a key subject, namely early Bratz documents and

15  other information.  The MGA parties have failed to establish that the interrogatories are unduly

16  burdensome.  Nor are the interrogatories cumulative of other discovery propounded by Mattel.

17  Interrogatory Nos. 40 and 47 have the potential of imparting more detailed information than a

18  witness might be able to recall in the course of a deposition.  Furthermore, the information sought

19  in Interrogatory Nos. 40 and 47 will enable Mattel to question MGA's witnesses more effectively.

20  H. Interrogatory Regarding MGA's Substitution of Counsel (No. 46)

21          Interrogatory No. 46 seeks facts regarding MGA's substitution of counsel as follows:

22  **Interrogatory No. 46:**  Without disclosing the content of communications which
   are protected by the attorney-client privilege, state fully and in detail all facts
23  which REFER OR RELATE TO any dispute regarding THIS ACTION between,
   on the one hand, MGA, LARIAN, BRYANT and/or MACHADO and, on the
24  other hand, O'MELVENY and/or CHRISTENSEN, including but not limited to
   any and all disputes which were or have been asserted as a basis for, or which
25  underlie, contributed to or were a factor in, the withdrawal, termination and/or
   substitution of O'MELVENY and/or CHRISTENSEN as counsel of record in this
26  ACTION, and IDENTIFY all PERSONS with knowledge of such facts and all
   DOCUMENTS that REFER OR RELATE TO such facts.

27

28



EXHIBIT ___8___
PAGE ___173___

1  Mattel contends that the interrogatory is limited to facts, and does not require the disclosure of

2  information protected by either the attorney-client privilege or the work product doctrine.

3  Further, Mattel contends that the requested facts are relevant and discoverable.  Mattel reasons

4  that O'Melveny cited to California Rule of Professional Conduct 3-700(c) as the basis for its

5  motion to withdraw, and that Rule 3-700(c) sets forth several grounds for withdrawal that could

6  be relevant to the case.  For example, Mattel contends that O'Melveny may have withdrawn

7  because MGA sought to provide false testimony, or was seeking "to pursue an illegal course of

8  conduct" or "insist[ed] that counsel pursue a course of conduct that is illegal or prohibited under

9  the State Bar Act."  Mattel's Motion at p. 38.

10       The MGA parties contend that Interrogatory No. 46 is predicated upon an imagined

11  "dispute" with former counsel, and moreover, that the information sought is protected by the

12  work product doctrine and/or attorney-client privilege.  The MGA parties reason that even if

13  Mattel is correct that there was some sort of dispute, either (1) the dispute does not relate to the

14  claims and defenses in this action, and therefore the requested information is irrelevant and

15  outside the proper scope of discovery, or (2) the dispute does relate to the claims or defenses in

16  this action, such that revelation of the substance of the dispute would necessarily reveal the

17  thought processes of trial counsel and the communication of those thought processes to the MGA

18  parties.

19       Mattel's motion to compel is denied as to Request No. 46.  The interrogatory is not

20  tethered to any particular claim or defense.  Nor is the interrogatory directed at uncovering the

21  factual events giving rise to any claim or defense.  Instead, the interrogatory assumes that there

22  was a "dispute" with former counsel involving false testimony, illegal conduct, or attorney

23  misconduct; that this "dispute" led to the withdrawal, termination and/or substitution of counsel;

24  and that this "dispute" potentially relates to a claim or defense in this suit.  There is no evidence,

25  however, to substantiate such a series of assumptions.  Although the publicly available

26  information suggests that there was a breakdown of the attorney-client relationship, this evidence,

27  without more, is insufficient to justify Interrogatory No. 46 because the burden or expense of the

28
Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

21

EXHIBIT ___8___
PAGE ___174___

1   proposed discovery outweighs its likely benefit under Rule 26(b)(2)(C), Fed.R.Civ.P.

2   Furthermore, the interrogatory is grossly overbroad in seeking information about "any and all

3   disputes" with former counsel, regardless of whether such disputes relate to a claim or defense in

4   the case.

5        The interrogatory is also objectionable because it intrudes upon MGA's relationship with

6   former counsel, and thus necessarily intrudes upon the protections afforded by the attorney-client

7   privilege and work product doctrine.  Mattel's rank speculation that there were attorney-client

8   discussions of wrongdoing is insufficient to vitiate the attorney-client privilege.  See e.g. In re

9   Napster, Inc. Copyright Litig., 479 F.3d 1078, 1090 (9th Cir. 2007).  Nor have the MGA parties

10  waived the attorney-client privilege.  Although the MGA parties discussed the reasons for their

11  substitution of counsel with the press, there has been no showing that the information they

12  disclosed revealed the substance of an attorney-client privileged communication.

### V. CONCLUSION

14       For the reasons set forth above, it is hereby ordered as follows:

15       1. Mattel's motion to compel is granted as to Interrogatory Nos. 38, 40, 41 (as narrowed),

16  43-44 and 47.  The MGA parties shall serve supplemental responses to said interrogatories no

17  later than February 26, 2008.

18       2. Mattel's motion to compel is denied as to Interrogatory Nos. 27-37, 39, 42, 46 and 48-

19  50.

20  Pursuant to Paragraph 6 of the Stipulation and Order for Appointment of a Discovery Master,

21  Mattel shall file this Order with the Clerk of Court forthwith.

23  Dated: February 15, 2008

    HON. EDWARD A. INFANTE (Ret.)
    Discovery Master

Bryant v. Mattel, Inc.,
CV-04-09049 SGL (RNBx)

22


EXHIBIT __8__
PAGE __175__

## PROOF OF SERVICE BY E-MAIL

I, Sandra Chan, not a party to the within action, hereby declare that on February 15, 2008, I

served the attached ORDER GRANTING IN PART AND DENYING IN PART MATTEL'S MOTION

TO COMPEL RESPONSES TO INTERROGATORY NOS. 27-44 AND 46-50 BY THE MGA

PARTIES in the within action by email addressed as follows:

| | | |
|---|---|---|
| John W. Keker, Esq. | Keker & Van Nest | jkeker@kvn.com |
| Michael H. Page, Esq. | Keker & Van Nest | mhp@kvn.com |
| Christa Anderson, Esq. | Keker & Van Nest | cma@kvn.com |
| Matthew M. Werdegar, Esq. | Keker & Van Nest | mwerdegar@kvn.com |
| John E. Trinidad, Esq. | Keker & Van Nest | jtrinidad@kvn.com |
| Audrey Walton-Hadlock, Esq. | Keker & Van Nest | awalton-hadlock@kvn.com |
| John Quinn Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | johnquinn@quinnemanuel.com |
| Michael Zeller Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | michaelzeller@quinnemanuel.com |
| Jon Corey Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | joncorey@quinnemanuel.com |
| Duane Lyons Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | duanelyons@quinnemanuel.com |
| Timothy Alger Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | timalger@quinnemanuel.com |
| Dominic Surprenant Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | DominicSurprenant@QuinnEmanuel.com |
| B. Dylan Proctor Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | dylanproctor@quinnemanuel.com |
| Shane McKenzie Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | shanemckenzie@quinnemanuel.com |
| Bridget Hauler Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | bridgethauler@quinnemanuel.com |
| Tamar Buchakjian Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | tamarbuchakjian@quinnemanuel.com |
| Juan Pablo Alban, Esq. | Quinn, Emanuel, Urquhart, Oliver & Hedges | juanpabloalban@quinnemanuel.com |
| Thomas J. Nolan, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tnolan@skadden.com |
| Raoul D. Kennedy, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | rkennedy@skadden.com |
| Amy S. Park, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | apark@skadden.com |
| Harriet S. Posner, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | hposner@skadden.com |
| Carl Alan Roth, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | croth@skadden.com |
| Timothy A. Miller, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | tmiller@skadden.com |
| Marcus R. Mumford, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Mmumford@skadden.com |
| Paul M. Eckles, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Paul.eckles@skadden.com |
| Robert J. Herrington, Esq. | Skadden, Arps, Slate, Meagher & Flom LLP | Robert.herrington@skadden.com |

I declare under penalty of perjury under the laws of the Untied States of America that the above

is true and correct.

Executed on February 15, 2008, at San Francisco, California.

_Sandra Chan_

Sandra Chan

EXHIBIT ___8___
PAGE ___176___

# Miscellaneous Filings (Other Documents)

2:04-cv-09049-SGL-RNB Carter Bryant v. Mattel Inc

(RNBx), AO279, DISCOVERY, PROTORD, RELATED-G

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**

The following transaction was entered by Proctor, Brett on 2/19/2008 at 2:56 PM PST and filed on 2/19/2008

**Case Name:**      Carter Bryant v. Mattel Inc
**Case Number:**    2:04-cv-9049
**Filer:**          Mattel Inc
**Document Number:** 2266

**Docket Text:**
Order Granting in Part and Denying in Part Mattel's Motion to Compel Responses to Interrogatory Nos. 27-44 and 46-50 by the MGA Parties filed by Defendant Mattel Inc re: MOTION to Compel Responses to Interrogatories by the MGA Parties *(Nos. 27-44 and 46-50)*[1317] (Proctor, Brett)

**2:04-cv-9049 Notice has been electronically mailed to:**

Juan Pablo Alban    juanpabloalban@quinnemanuel.com

Timothy L Alger    timalger@quinnemanuel.com

Christa M Anderson    canderson@kvn.com

Linda M Burrow    burrow@caldwell-leslie.com

Michelle M Campana    michelle.campana@skadden.com

Jon D Corey    joncorey@quinnemanuel.com

Alexander H Cote    acote@obsklaw.com

Leah Chava Gershon    leah@spertuslaw.com

Alan Neil Goldberg    agoldberg@sgattys.com

Melissa Grant    melissagrant@quinnemanuel.com

Emil W Herich    eherich@kmwlaw.com

Diane C Hutnyan    dianehutnyan@quinnemanuel.com, andreahoeven@quinnemanuel.com

2/19/2008

EXHIBIT     8
PAGE     177

John W Keker    jkeker@kvn.com, DRoberts@kvn.com, efiling@kvn.com

Raoul D Kennedy    rkennedy@skadden.com

Alisa Morgenthaler Lever    amorgenthaler@chrisglase.com

Larry W McFarland    lmcfarland@kmwlaw.com

Nathan Meyer    nmeyer@kayescholer.com, dclow@kayescholer.com

Cyrus S Naim    cyrusnaim@quinnemanuel.com

Thomas J Nolan    tnolan@skadden.com, carl.roth@skadden.com, marcus.mumford@skadden.com

Mark E Overland    moverland@obsklaw.com

Michael H Page    mhp@kvn.com

Kenneth A Plevan    kenneth.plevan@skadden.com, drogosa@skadden.com, sumclaug@skadden.com

Brett Dylan Proctor    dylanproctor@quinnemanuel.com

John B Quinn    johnquinn@quinnemanuel.com

David C Scheper    dscheper@obsklaw.com, feseroma@obsklaw.com

Oleg Stolyar    alexstolyar@quinnemanuel.com

John Elliot Trinidad    jtrinidad@kvn.com, efiling@kvn.com, yjayasuriya@kvn.com

Audrey Walton-Hadlock    awaltonhadlock@kvn.com

Matthew M Werdegar    mmw@kvn.com

Michael T Zeller    michaelzeller@quinnemanuel.com

**2:04-cv-9049 Notice has been delivered by First Class U. S. Mail or by fax to: :**

Kien C Tiet
Stern and Goldberg
6345 Balboa Boulevard, Suite 200
Encino, CA 91316

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**C:\Documents and Settings\laurakinsey\Desktop\Order re Motion to Compel.pdf
**Electronic document Stamp:**
[STAMP cacdStamp_ID=1020290914 [Date=2/19/2008] [FileNumber=5381686-0]
[643f3427701adad1bfb3880576efb3c91150eb5f693240ae485529023da3f2864add
e9800830a44a4c86425534ead16e2d9b58cbceeb1aba019aa1836347bcbd]]

EXHIBIT ___8___
PAGE ___178___